# EXHIBIT 4

ny-1073925

IN THE SUPERIOR COURT OF COBB COUNTY

STATE OF GEORGIA

COBB COUNTY GA.
FILED IN OFFICE

2012 JUL 16 PM 3: 55

Jay C. Stephenson
COBB SUPERIOR COURT CLERK

| | |
|---|---|
| MICHAEL WHEELER,<br>    Plaintiff, | *<br>* Civil Action File Number:<br>* 05-1-10429-34 |
| vs. | *<br>* |
| HOMECOMINGS FINANCIAL,<br>    Defendant. | *<br>* |

### ORDER

The above-styled case came before this Court on Defendant Homecomings Financial Network, Inc's (hereinafter "Homecomings") Motion for Summary Judgment, filed January 17th, 2012. Plaintiff filed his Response to Defendant's Motion for Summary Judgment on February 16th, 2012. Defendant filed its Reply Brief in Support of its Motion for Summary Judgment on March 16th, 2012. Plaintiff, acting pro se, and Defendant, through counsel, appeared before this Court for oral argument on Defendant's Motion for Summary Judgment on June 18th, 2012.

### Findings of Fact

The Court refers to and hereby adopts the Findings of Fact set forth in its February 10th, 2009 Order granting Defendant's previous Motion for Partial Summary Judgment. Defendant now moves for summary judgment on Plaintiff's remaining claims arising out of the insurance payment from the London Court escrow account and the alleged trespass on London Court by Homecoming's agent.

## Conclusions of Law

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue." Lau's Corp., Inc., v. Haskins, 261 Ga. 491 (1991).

In his amended complaint, Plaintiff asserts that Homecomings is liable for trespass because Defendant's agent allegedly entered London Court without permission and left the property unsecured, resulting in a theft of personal property from the premises. Defendant contends that the security deed authorized Homecomings to enter London Court in the event of Plaintiff's default under the deed. More specifically, Defendant assets that Plaintiff's decision to withhold

2

escrow payments for multiple months amounted to a default under the deed, thus giving Homecomings the right to access the property.

Upon consideration of the arguments of the parties, and pertinent statutory and case law, most notably Tacon v. Equity One, et al, 280 Ga.App. 183 (2006), the Court finds that, as a matter of law, Defendant's Motion for Summary Judgment as to Plaintiff's claims for trespass is hereby **GRANTED**. As to all remaining claims, the Court finds that a genuine issue of material fact exists such that a grant of summary judgment on those claims would be inappropriate at this time. To that end, Defendant's Motion for Summary Judgment as to all other claims is hereby **DENIED**.

**SO ORDERED**, this ___16___ day of July, 2012.

_____
JUDGE S. LARK INGRAM
COBB SUPERIOR COURT
COBB JUDICIAL CIRCUIT

3

## CERTIFICATE OF SERVICE

This is to certify that I have this day mailed (through the United States Postal System) a copy of the foregoing document to the following, to wit:

Michael Wheeler
1728 Victoria Way
Kennesaw, Georgia 30152

A. William Loeffler
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street NE
Atlanta, Georgia 30308-2216

This __16__ day of __July__, 2012.

_MCBegnaud_
Mary Catherine Begnaud
Staff Attorney
to Judge S. Lark Ingram

4