# EXHIBIT 7

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING LIMITED RELIEF**
**FROM THE AUTOMATIC STAY**

Upon the *Motion of Michael Wheeler for Relief from Automatic Stay* [Docket No. 2251], dated November 14, 2012 (the "**Motion**") for entry of an order granting relief from the automatic stay; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and the Court having reviewed the Motion and *Debtors' Response to Motion of Michael Wheeler for Relief from Automatic Stay*, dated January 31, 2013;[4] and the Court having determined that the relief granted herein is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor,

      1.    The automatic stay shall be modified solely to the extent set forth herein.

      2.    The Movant may proceed with the trial against the Debtors in the Action, and the parties may pursue any appeal therefrom, solely for the purpose of determining the extent, if any, of the Debtors' liability to Movant in connection with the Action.

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Response.

ny-1057904

      3.      Notwithstanding anything in this Order or the Motion to the contrary, absent further order of this Court, the Movant shall not enforce as against the Debtors, their assets, or their estates, any judgment obtained in the Action or take any other action against the Debtors with respect to the Action.

      4.      The Action shall be the sole proceeding in which to resolve any and all claims the Movant may have arising in connection with the Action, and the proofs of claim filed by the Movant in the Debtors' Chapter 11 cases arising from the facts and circumstances relating to the Action shall should (x) be amended to reflect the amount of the final judgment, if any, obtained in the Action within 10 business days following the entry thereof, and (y) be deemed disallowed and expunged without further order of the Court to the extent the Debtors are found to have no liability to the Movant by a final order or judgment entered in the Action.

      5.      Nothing in this Order or the Motion shall impact the ability of (i) the Debtors (or the Debtors' successors in interest) to foreclose on the Properties, and (ii) the Movant to defend against any such foreclosure.

      6.      The Debtors are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Order.

      7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated:   New York, New York
           _____, 2013

                                                        THE HONORABLE MARTIN GLENN
                                                        UNITED STATES BANKRUPTCY JUDGE

ny-1057904