**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, *et al.* | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) |

### STIPULATION AND ORDER RESOLVING OBJECTIONS OF
### DIGITAL LEWISVILLE, LLC TO THE SALE MOTION AND ASSUMPTION NOTICE
### FILED BY DEBTOR GMAC MORTGAGE, LLC.

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") and Digital Lewisville, LLC ("Digital"), as successor landlord and the assignee of original landlord's rights and claims against debtor GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation ("GMAC") under the terms of the Lease (as defined below), do hereby stipulate as follows:[1]

### RECITALS

A.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Committee") in the Debtors' cases.  No trustee has been appointed in these Chapter 11 cases.  On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner.

B.      Prior to the commencement of the above-captioned cases, on or about July 30, 2002, Lewisville LSF, L.P., predecessor-in-interest to BREOF Convergence LP, a Delaware

---

[1]      Capitalized terms not otherwise defined herein shall be used in the same sense and with the same meaning as in the Sale Motion and the Assumption Notice (as such terms are defined below).

limited partnership ("BREOF"), as original landlord, and GMAC, as tenant, entered into that

certain Lease Agreement (the "Original Lease"), covering approximately 19,112 square feet of

Rentable Space designated as Suite 300 within Building 3 of the project commonly referred to as

Convergence Office Center, Lewisville, Texas (the "Original Premises").

   C.  The Original Lease was amended by that certain (i) First Amendment to Lease

Agreement dated as of March 23, 2004 (the "First Amendment"), (ii) Second Amendment to Lease

Agreement dated as of November 4, 2005 (the "Second Amendment"), and (iii) Third Amendment

to Lease Agreement dated as of August 25, 2011 (the "Third Amendment").  The Original Lease,

as amended by the First Amendment, Second Amendment, and Third Amendment, is referred to

herein as the "Lease."  As detailed in the Lease, the Original Premises were expanded to a total of

approximately 78,413 square feet of Rentable Space (the "Premises").

   D.  On or about December 29, 2011, Digital, as buyer, and BREOF, as seller, entered

into that certain Agreement of Purchase and Sale, pursuant to which Digital agreed to acquire

BREOF's ownership interest in the buildings (the "Buildings") located at such parcel commonly

known as Convergence Business Park, Lewisville, Texas and BREOF's interest in certain leases

related thereto, including the Lease.  On or about February 22, 2012, Digital, as assignee, and

BREOF, as assignor, entered into that certain Assignment and Assumption of Leases, pursuant to

which BREOF transferred and assigned to Digital all of BREOF's right, title and interest, in, to

and under the Lease.  GMAC also signed that certain Estoppel Certificate affirming its obligations

to Digital under the Lease.

   E.  On or about May 9, 2012, GMAC, as assignor, and Ally Financial Inc. ("Ally

Financial"), as assignee, entered into that certain Assignment of Leasehold Interest (the

"Assignment Agreement") by which GMAC purported to transfer and assign an undivided fifty-

one percent (51%) leasehold interest in the Lease to Ally Financial.

   F.  On May 14, 2012, the Debtors filed their Motion for Orders: (A)(I) Authorizing

and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement;

(II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice

Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free

and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61] (the "Sale Motion").

      G.      On June 11, 2012, Digital filed its Limited Objection to Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 278] (the "Limited Objection").  In its Order Under 11 U.S.C. §§ 105, 363(b) and 365(I) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538] (the "Sale Procedures Order"), the Court left unimpaired Digital's objections to the Sale Motion set forth in the Limited Objection (subject to certain exceptions set forth in the Sale Procedures Order).

      H.      On July 26, 2012, the Debtors filed their Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924] (the "Assumption Notice").  In the Assumption Notice, the Debtors identified the Lease as one of the unexpired leases the Debtors may assume and assign to the Purchaser.

      I.      On September 28, 2012, Digital filed its Objection to: (I) Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of

Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests;
(II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the
Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related
Thereto; and (IV) Granting Related Relief [Docket No. 61]; and (II) Notice of (I) Debtors' Intent
to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and
Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto
[Docket No. 924] (the "Assumption Objection").

J.      On October 23, 2012, pursuant to the Sales Procedures Order, the Debtors
conducted the Auction for the Platform Assets.

K.      On October 29, 2012, Digital filed its Supplemental Limited Objection to Debtors'
Sale Motion, in particular, Debtors' Proposed Order [Docket No. 1990] (the "Supplemental
Objection") (collectively, the Limited Objection, the Assumption Objection, and the Supplemental
Objection, shall be referred to as the "DL Objections"). The Supplemental Objection objected to
the Sale Transactions to the extent the Proposed Order, in any way, modifies the Purchaser's
obligations under the Lease or provides for the sale free and clear of any obligations under the
Lease.

L.      On November 3, 2012, the Debtors filed the Amended Notice of Successful
Bidders at the Auctions and Sales of (A) the Platform Assets to Ocwen Loan Servicing, LLC and
(B) the Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and
(B) Amended and Restated BH Legacy APA [Docket No. 2050].

M.      On November 21, 2012, the Court entered an Order Under 11 U.S.C. §§ 105, 363,
and 365 and Fed Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets
Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased
Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and
Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related
Agreements; and (II) Granting Related Relief [Docket No.2246] (the "Sale Order"). The Sale
Order did not resolve the DL Objections, or modify any of Digital's legal, contractual, and or
equitable objections, rights, or defenses relating to either the proposed sale free and clear or

assumption and assignment of the Lease, or any obligations thereunder.  Pursuant to paragraph 51 of the Sale Order, the hearing on the Sale Motion as it pertains to the proposed assumption and assignment of the Lease, including with respect to the proposed sale of such Lease free and clear of Liens, Claims, Encumbrances, and other Interests with respect to the Lease (the "Assignment Hearing"), was continued to January 10, 2013, at 2:00 p.m.

N.      The proposed assignee of the Lease was subsequently identified as Ocwen Financial Corporation, a Florida corporation ("Ocwen").  The closing of the sale of the Platform Assets, including the proposed assumption and assignment of the Lease, is currently scheduled for January 31, 2013 (as it may be extended, the "Closing Date").

O.      The Assignment Hearing as it pertains to the Lease has been adjourned and is currently scheduled for January 29, 2013 at 10:00 a.m.

P.      Digital and the Debtors have engaged in extensive discussions and negotiations over any disputes they may have concerning the Sale Motion and the Assumption Notice, including the Debtors' cure and compensation obligations under the Lease and applicable law.  In accordance with the terms set forth below, Digital and the Debtors have resolved certain of the DL Objections.

## AGREEMENT

**IT IS HEREBY STIPULATED** as follows:

1.      Solely in compromise and settlement, and full satisfaction, of Digital's claims against the Debtors with respect to (i) Debtors' entry into the Assignment Agreement, and any consideration that might be allegedly due to Digital under Paragraph 11 of the Lease related thereto, (ii) Debtors' alleged unauthorized post-petition use of portions of the Common Areas of the Building (as those terms are defined in the Lease), and (iii) attorneys' fees incurred by Digital in connection with the matters identified in subparagraphs (i) and (ii), above, and conditioned on the Court's approval of the assumption and assignment of the Lease, Debtors agree to pay to Digital the sum of Four Hundred Ninety-Five Thousand Dollars ($495,000.00) (the "Cure Settlement Payment").

2.      Any assumption and assignment of the Lease to Ocwen under the Sale Motion, Sale Order, Bankruptcy Code section 365 and other applicable law shall be conditioned on, and subject to, Debtors' payment to Digital of the Cure Settlement Payment pursuant to the terms of this Stipulation.

3.      The Cure Settlement Payment shall be paid, by wire transfer or other immediately available funds, pursuant to written instructions delivered to Debtors' counsel promptly following execution of this Stipulation, by no later than five (5) business days following the Closing of the sale of Debtors' Platform Assets.

4.      On or before the earlier of (i) the Closing Date or (ii) the effective date of any assignment of the Lease to Ocwen by the Debtors, Debtors shall exercise their re-assignment right pursuant to Section 6 of the Assignment Agreement.  The documentation implementing such re-assignment shall be in the form contemplated by the Assignment Agreement.  Debtors shall use reasonable efforts to transmit the proposed documentation implementing such re-assignment to Digital (through its counsel) by January 22, 2013.  Should Digital have any objections with respect to the re-assignment documentation, including its proposed form or content or the lack of timely delivery of such documentation, any such objection shall be filed with the Court on or before January 25, 2013 and heard at the scheduled omnibus hearing in the above-captioned cases on January 29, 2013 at 10:00 a.m.

5.      The time for Debtors to assume and/or assume and assign the Lease under Bankruptcy Code section 365(d)(4)(B) is extended to February 7, 2013.

6.      Except as explicitly set forth herein, nothing contained herein shall be deemed or construed to modify, waive, impair or affect any of the covenants, agreements, terms, provisions or conditions contained in the Lease.

7.      This Stipulation is limited to resolution of the matters between Digital and Debtors identified in Paragraph 1, above, and does not, and is not intended to, resolve the remaining objections that Digital has to the proposed assignment of the Lease to Ocwen as asserted in the DL Objections, including those relating to adequate assurance of future performance by Ocwen (including, without limitation, the scope of liabilities under the Lease proposed to be assumed by

Ocwen and the proposed Transition Services Agreement or other occupancy arrangement between Ocwen and Ally Financial, or an affiliate thereof) (the "<u>Reserved Ocwen Issues</u>").  The Reserved Ocwen Issues shall either be resolved by consent of the parties through a subsequent stipulation between the parties in interest or resolved at the Assignment Hearing by the Court (as currently scheduled or as it may be continued).

8.    This Stipulation may be executed in counterparts, one or more of which may contain facsimile or electronic (in .pdf format) signatures, and all of which shall constitute an agreement.

9.    The parties jointly request entry of an order approving this Stipulation and approving its terms.  This Stipulation shall be filed and presented to the Court for approval no later than the scheduled Assignment Hearing.

**SO STIPULATED**:


Dated: <u>January 23, 2013</u>                    MORRISON & FOERSTER LLP


                                  By: <u> /s/ Stefan W. Engelhardt</u>
                                      Stefan W. Engelhardt
                                      Attorneys for Debtors


Dated: <u>January 23, 2013</u>                    ALLEN MATKINS LECK GAMBLE
                                  MALLORY & NATSIS LLP


                                  By: <u> /s/ Ivan M. Gold</u>
                                      Ivan M. Gold
                                      Attorneys for Digital Lewisville, LLC


**IT IS SO ORDERED.**


Dated: January 31, 2013
       New York, New York

                                  <u>    **/s/Martin Glenn**    </u>
                                        MARTIN GLENN
                                  United States Bankruptcy Judge