**Presentment Date and Time:  February 7, 2013 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  February 6, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                             )
In re:                                                        )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                             )    Chapter 11
                                                             )
                                          Debtors.            )    Jointly Administered
                                                             )
------------------------------------------------------------ )

**NOTICE OF PRESENTMENT OF ORDER PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(ii)**
**APPROVING CONSENSUAL EXTENSION OF TIME TO ASSUME OR REJECT**
**AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**

    **PLEASE TAKE NOTICE** that the undersigned will present the attached proposed order

(the "Order") approving the attached motion, dated January 31, 2013 (the "Motion") pursuant to

section 365(d)(4)(B)(ii) of title 11 of the United States Code (the "Bankruptcy Code"), approving

a consensual extension of the time to assume or reject an unexpired lease of nonresidential real

property, to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander

Hamilton Custom House, One Bowling Green, New York, NY 10004, Room 501, for signature

on **February 7, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **February 6, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Lorenzo Marinuzzi and Samantha Martin); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Ray Schrock and Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and

Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Order are timely

filed, served and received in accordance with this Notice, the Court may enter the Order without

further notice or hearing.


Dated:  January 31, 2013                         Respectfully submitted,
        New York, New York


                                                 /s/ Gary S. Lee
                                                 Gary S. Lee
                                                 Lorenzo Marinuzzi
                                                 Samantha Martin
                                                 MORRISON & FOERSTER LLP
                                                 1290 Avenue of the Americas
                                                 New York, New York 10104
                                                 Telephone: (212) 468-8000
                                                 Facsimile: (212) 468-7900

                                                 *Counsel for the Debtors and
                                                 Debtors in Possession*

**Presentment Date and Time:  February 7, 2013 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  Feburary 6, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------ ) | |
| In re:                                                                      ) | Case No. 12-12020 (MG) |
|                                                                               ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,        ) | Chapter 11 |
|                                                                               ) | |
|                                                        Debtors.    ) | Jointly Administered |
| ------------------------------------------------------------ ) | |

**DEBTORS' MOTION FOR ENTRY OF ORDER PURSUANT TO**
**11 U.S.C. § 365(d)(4)(B)(ii) APPROVING CONSENSUAL EXTENSION OF TIME**
**TO ASSUME OR REJECT AN UNEXPIRED LEASE OF**
**<u>NONRESIDENTIAL REAL PROPERTY</u>**

---

**This Motion seeks to extend the deadline to assume or reject
an unexpired lease of nonresidential real property.  If you have received this
Motion and are a counterparty to a lease or agreement with the Debtors, please
review <u>Exhibit 2</u> annexed hereto, to determine if this Motion affects your
lease or agreement and your rights thereunder.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

       The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"),[1] hereby move (the "Motion") for the entry of an order substantially in the form annexed hereto as Exhibit 1, approving a consensual extension of time to assume or reject the unexpired lease of nonresidential real property identified on Exhibit 2 annexed hereto (the "Lease"). In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 365(d)(4)(B)(ii) of the Bankruptcy Code.

## BACKGROUND

2.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee has been appointed in these Chapter 11 cases.

3.    On May 16, 2012, the Office of the United States Trustee (the "U.S. Trustee") appointed the nine-member statutory creditors' committee (the "Committee").

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Whitlinger Affidavit") [Docket No. 6].

2

4.    On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].[2]

5.    The Debtors held two auctions for the sale of their assets on October 23-25, 2012. Following the auctions, the Debtors declared Ocwen Loan Servicing, LLC ("Ocwen") and Walter Investment Management Corp. ("Walter") as the winning bidders for the Debtors' mortgage loan origination and servicing platform (the "Platform Assets") at a price of $3 billion, and Berkshire Hathaway Inc. as the winning bidder for the legacy loan portfolio (the "Legacy Assets") at a price of $1.5 billion.

6.    On November 21, 2012, the Court entered orders approving each of the sales [Docket Nos. 2246 and 2247].

7.    Pursuant to section 365(d)(4)(A) of the Bankruptcy Code, the initial deadline for the Debtors to assume or reject the Lease was September 11, 2012 (the "Assumption/Rejection Date").

8.    On September 12, 2012, the Court entered the *Order Pursuant to Section 365(d)(4) of the Bankruptcy Code Extending the Time Within Which Unexpired Leases of Nonresidential Property May Be Assumed or Rejected* [Docket No. 1423] (the "First Extension Order"), by which the Assumption/Rejection Date was extended to December 10, 2012, without prejudice to the right of the Debtors to seek further extensions pursuant to section 365(d)(4) of the Bankruptcy Code.

---

[2] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage loan servicing business and the tenth largest residential mortgage loan origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

ny-1071757

9.    On December 11, 2012, the Court entered the *Amended Order Pursuant to 11 U.S.C. §365(d)(4)(B)(ii) Approving Consensual Extensions of Time to Assume or Reject Certain Unexpired Leases of Nonresidential Real Property* [Docket No. 2381] (the "Second Extension Order"), by which the Assumption/Rejection Date for the Lease was extended to December 31, 2012, without prejudice to the right of the Debtors to seek further extensions pursuant to section 365(d)(4) of the Bankruptcy Code.

10.    On January 8, 2013, the Court entered the *Order Pursuant to 11 U.S.C. §365(d)(4)(B)(ii) Approving Consensual Extensions of Time to Assume or Reject Certain Unexpired Leases of Nonresidential Real Property* [Docket No. 2572] (the "Third Extension Order"), by which the Assumption/Rejection Date for the Lease was extended to January 31, 2013, without prejudice to the right of the Debtors to seek further extensions pursuant to section 365(d)(4) of the Bankruptcy Code.

## RELIEF REQUESTED

11.    The Debtors request entry of an order, substantially in the form annexed hereto as Exhibit 1, approving the consensual extension of the Assumption/Rejection Date for the Lease set forth on Exhibit 2 annexed hereto,[3] without prejudice to the Debtors' right to request further extensions in accordance with section 365(d)(4) of the Bankruptcy Code.

## BASIS FOR RELIEF

12.    Pursuant to section 365 of the Bankruptcy Code, a debtor has an initial period of 120 days after the commencement of a chapter 11 case during which it may assume or reject

---

[3] The inclusion of any lease, contract, or agreement on Exhibit 2 does not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement), and the Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on Exhibit 2.

unexpired leases of nonresidential real property under which the debtor is the lessee. 11 U.S.C.

§ 365(d)(4)(A). Section 365(d)(4)(B) further provides:

> (i)  The court may extend the period determined under subparagraph (A),
> prior to the expiration of the 120-day period, for 90 days on the motion
> of the trustee or lessor for cause.

> (ii) If the court grants an extension under clause (i), the court may grant a
> subsequent extension only *upon prior written consent of the lessor in
> each instance*.

Id. § 365(d)(4)(B) (emphasis added).

13.    Thus, the Court may further extend the Assumption/Rejection Date if the Debtors

obtain the prior written consent of the lessor for the Lease.

14.    Since the Petition Date, the Debtors and their professionals have expended

significant time and effort on a multitude of critical matters, including, among others, obtaining

Court approval of the Debtors' postpetition financing facilities, responding to and litigating

various contested matters, preparing and filing schedules of assets and liabilities and statements

of financial affairs, negotiating the terms of the RMBS settlement, and successfully conducting

auctions for the sales of the Debtors' Platform Assets and Legacy Assets, which upon closing

are expected to yield approximately $4.5 billion in cash for the Debtors' estates and creditors.

These efforts, in conjunction with continuing business operations in the ordinary course, have

required significant time commitments from the Debtors and their professionals.

15.    In order to make informed decisions regarding whether to assume or reject the

Lease, the Debtors require more time to adequately evaluate the potential value of the Lease in

the context of their restructuring efforts.    Additionally, Ocwen and Walter are still determining

which leases they intend to acquire as necessary to continue the Debtors' mortgage loan

origination and servicing business.  Rather than prematurely assume the Lease or risk

ny-1071757

inadvertent rejection of the Lease, the Debtors have contacted the lessor under the Lease

requesting an extension of the Assumption/Rejection Date.  The Debtors received consent from

the lessor identified on <u>Exhibit 2</u> annexed hereto to further extend the Assumption/Rejection

Date for the Lease through the date reflected in the column labeled "Extension Date" as set forth

on <u>Exhibit 2</u> (the "<u>Extended Deadline</u>").[4]

16.     The Debtors have entered into the extension agreement with the lessor in the

exercise of their business judgment and the ordinary course of their business.  The form of

consent complies with the provisions of the Bankruptcy Code and enables the Debtors to

efficiently obtain an extension of time under section 365(d)(4)(B)(ii) of the Bankruptcy Code

without the necessity of litigating over whether the Lease constitutes an unexpired lease of

nonresidential real property.  The Lease directly affects the Debtors' business operations and

reorganization efforts, and the Debtors submit that the relief requested in this Motion is

appropriate to preserve value for all stakeholders.

17.     Prior to the expiration of the Extended Deadline, the Debtors intend to seek

authorization to assume or reject the Lease, subject to the Debtors' right to request further

extensions of the deadline to assume or reject the Lease in accordance with section 365(d)(4) of

the Bankruptcy Code.

18.     Pending the Debtors' election to assume or reject the Lease, the Debtors will

continue to perform all of their obligations arising under the Lease from and after the Petition

Date in a timely fashion, including the payment of all postpetition rent due, as required by

section 365(d)(3) of the Bankruptcy Code.  Thus, the requested extension does not adversely

affect the lessor identified on <u>Exhibit 2</u>.  The Debtors will continue to evaluate their leases on an

---

[4] The Debtors and the Landlord have agreed to extend the Assumption/Rejection Date to February 28, 2013 in connection with a lease amendment substantially in the form annexed hereto as <u>Exhibit 3</u>.

6

ongoing basis as expeditiously as practicable and will file appropriate motions as soon as informed decisions can be made.

19.    The Debtors submit that the relief requested herein will (1) promote the Debtors' ability to maximize the value of their chapter 11 estates and position the Debtors for a successful restructuring, and (2) avoid the incurrence of needless administrative expenses by minimizing the premature assumption of what may turn out to be a burdensome lease.

20.    In light of the foregoing, the Debtors submit that the extension of the Assumption/Rejection Date by which the Debtors may assume or reject the Lease set forth on Exhibit 2 is in the best interests of the Debtors, their estates, their creditors, and all parties in interest.

## NOTICE

21.    The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting such other relief as is just and proper.

ny-1071757

Dated:  January 31, 2013
        New York, New York

Respectfully submitted,


/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Samantha Martin
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

8

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------   )
                                                                )
In re:                                                          )    Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                        )    Chapter 11
                                                                )
                                        Debtors.                )    Jointly Administered
                                                                )
-------------------------------------------------------------   )

**ORDER PURSUANT TO 11 U.S.C. § 365(d)(4)(B)(ii) APPROVING**
**CONSENSUAL EXTENSION OF TIME TO ASSUME OR REJECT**
<u>**AN UNEXPIRED LEASE OF NONRESIDENTIAL REAL PROPERTY**</u>

Upon the Motion, dated January 31, 2013 (the "<u>Motion</u>"),[1] of the debtors and debtors in

possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), pursuant to section

365(d)(4)(B)(ii) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), for entry of an

order approving a consensual extension of the time to assume or reject an unexpired lease of

nonresidential real property, all as more fully described in the Motion; and the Court having

jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C.

§§ 157 and 1334 and Amended Standing Order of Reference M-431, dated January 31, 2012

(Preska, C.J.); and consideration of the Motion and the relief requested therein being a

proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Motion is in the best interests of the Debtors,

their estates, creditors, and all parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor; it is hereby ORDERED THAT:

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1071757

1.      The Motion is granted as set forth herein.

2.      The time by which the Debtors may assume or reject the Lease identified on Exhibit 1 annexed hereto is extended to and including the date reflected in the column labeled "Extension Date" as set forth on Exhibit 1.

3.      The listing of a lease or agreement on Exhibit 1 does not constitute a finding by the Court or an admission by the Debtors or any other party in interest that such lease or agreement is an unexpired lease of nonresidential real property or that it is eligible for assumption or rejection pursuant to section 365 of the Bankruptcy Code.

4.      The Lease Amendment, substantially in the form annexed as Exhibit 3 to the Motion, is approved.

5.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6.      Entry of this Order is without prejudice to the Debtors' right to request further extensions of the time to assume or reject the Leases in accordance with section 365(d)(4) of the Bankruptcy Code.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

New York, New York
Date: _____, 2013

                               _____
                               THE HONORABLE MARTIN GLENN
                               UNITED STATES BANKRUPTCY JUDGE

## **Exhibit 1 to Proposed Order**

**List of Consensual Lease Extensions**

**Exhibit 1 to Proposed Order**

**List of Consensual Lease Extensions[1]**

| Contract Type | Counterparties to the Contracts and Leases to be Assumed | Debtor Parties to the Contracts and Leases to be Assumed | Date of Contract or Lease | Location of Real Property that is the Subject of a Lease to be Assumed | Extension Date |
|---|---|---|---|---|---|
| Lease[2] | Liberty Property Limited Partnership | GMAC Mortgage, LLC | January 31, 2006, as amended | 1100 Virginia Drive Fort Washington, PA 19034--3200 | February 28, 2013 |

---

[1] Inclusion of any lease, contract, or agreement on this Exhibit 1 shall not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement). The Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on this Exhibit 1.

[2] As a condition to agreeing to the extension, the landlord is requiring the Debtors to enter into a lease amendment substantially in the form annexed to the Motion as Exhibit 3.

## **Exhibit 2 to Motion**

**List of Consensual Lease Extensions**

**Exhibit 2 to Motion**

**List of Consensual Lease Extensions[1]**

| Contract Type | Counterparties to the Contracts and Leases to be Assumed | Debtor Parties to the Contracts and Leases to be Assumed | Date of Contract or Lease | Location of Real Property that is the Subject of a Lease to be Assumed | Extension Date |
|---|---|---|---|---|---|
| Lease[2] | Liberty Property Limited Partnership | GMAC Mortgage, LLC | January 31, 2006, as amended | 1100 Virginia Drive Fort Washington, PA 19034--3200 | February 28, 2013 |

---

[1] Inclusion of any lease, contract, or agreement on this Exhibit 2 shall not constitute an admission as to the determination of the legal status of any lease, contract, or agreement (including whether any lease, contract, or agreement is an unexpired lease of nonresidential real property, a true lease, or a financing arrangement). The Debtors reserve all of their rights to reclassify or recharacterize any lease, contract, or agreement listed on this Exhibit 2.

[2] As a condition to agreeing to the extension, the landlord is requiring the Debtors to enter into a lease amendment substantially in the form annexed to the Motion as Exhibit 3.

## **Exhibit 3 to Motion**

**Lease Amendment**

## FOURTH AMENDMENT TO LEASE AGREEMENT

**THIS FOURTH AMENDMENT** is made as of the 31st day of January, 2013, by and between **LIBERTY PROPERTY LIMITED PARTNERSHIP**, a Pennsylvania limited partnership ("Landlord"), and **GMAC MORTGAGE, LLC**, a Delaware limited liability company ("Tenant").

## BACKGROUND:

A.     Landlord and Tenant (then known as GMAC Mortgage Corporation) entered into a Lease Agreement dated January 31, 2006 (the "Original Lease"), covering premises containing approximately 450,000 rentable square feet (the "Premises"), located in Landlord's building (the "Building") at 1100 Virginia Drive, Fort Washington, Pennsylvania, as more fully described in the Lease.

B.     Landlord and Tenant entered into a First Amendment to Lease Agreement, dated November 18, 2009 (the "First Amendment"), modifying the Original Lease in certain respects.

C.     On May 14, 2012, Tenant and numerous related debtors filed voluntary petitions under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§101, et. seq., in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") and Tenant is one of the debtors in In re: Residential Capital, LLC, et al., Case No. 12-12020 (MG) (the "Bankruptcy Case").

D.     Landlord and Tenant entered into a Second Amendment to Lease Agreement dated December 7, 2012 and a Third Amendment to Lease Agreement dated December 28, 2012, each of which were approved by Order of the Bankruptcy Court (the "Second Amendment" and "Third Amendment", respectively, and together with the Original Lease and the First Amendment, collectively, the "Lease"), modifying the Original Lease in certain respects.

E.     The time for Tenant to assume or reject the Lease in the Bankruptcy Case currently expires on January 31, 2013 and Tenant has requested that Landlord agree, subject to this Fourth Amendment being executed and approved by the Bankruptcy Court, to further extend the time for Tenant to assume or reject the Lease.

F.     Landlord is currently negotiating (i) a lease with Walter (as defined below) (the "Walter Lease") for a portion of the Premises estimated to contain approximately 215,000 rentable square feet (as shown in green on the attached plan labeled **Exhibit "A"**, the "Walter Space"), and (ii) a lease with Ocwen (as defined below) (the "Ocwen Lease") for a portion of the Premises estimated to contain approximately 128,000 rentable square feet (as shown in blue on the attached plan labeled **Exhibit "A"**, the "Ocwen Space").  If the Walter Lease and/or the Ocwen Lease is executed, then Landlord desires Tenant to vacate and surrender the space pertaining to any such lease so executed.  Tenant is willing to vacate and surrender the Walter Space and the Ocwen Space, provided that Base Rent and Tenant's Pro Rata Share are proportionately reduced and that Landlord waives any right to rejection damages in the Bankruptcy Case with respect to the portion of the Lease applicable to the space so vacated and surrendered by Tenant.

**NOW, THEREFORE,** the parties hereto, in consideration of the mutual promises and covenants contained herein and in the Lease, and intending to be legally bound hereby, agree that the Lease is amended as follows:

1.      All capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to them in the Lease.

2.      Landlord agrees that the time for Tenant to assume or reject the Lease in the Bankruptcy Case is hereby extended to February 28, 2013.  For the avoidance of doubt, Tenant's execution of this Fourth Amendment, and any request for Court approval hereof, shall in no way be construed as an assumption of the Lease.

3.      Landlord acknowledges and agrees that during the period beginning on February 1, 2013 through the date that the Lease is either assumed or rejected, Walter Investment Management Corp., a Maryland corporation ("Walter"), Ally Financial Inc., a Delaware corporation, and/or (c) Ocwen Financial Corporation, a Florida corporation ("Ocwen"), shall have the right to use and occupy the Premises and the Common Areas in accordance with the terms and conditions of the Lease. Notwithstanding each Occupant's right to use and occupy the Premises and the Common Areas, as set forth above, Landlord agrees that it shall have no recourse against the Occupants, or each of them, for the performance of Tenant's obligations under the Lease and Tenant shall be solely responsible for the performance of all of the Tenant's obligations under the Lease including, without limitation, the payment of Rent and any other charges, costs and expenses payable by Tenant under the Lease. Prior to occupying any portion of the Premises, each Occupant shall provide Landlord with a certificate of insurance listing Landlord as an additional insured.

4.      Each of Walter, Ocwen and Ally shall have the right to use Tenant's generator located at the Property as of the date hereof and the Common Service Areas and all of the property located in the Common Service Areas, including all furniture, fixtures and equipment, in the same manner as it is currently used.  For purposes hereof, the "Common Service Areas" shall include the cafeteria, fitness center, loading dock, corridors and conference center areas.

5.      Tenant has requested and Landlord has agreed that Landlord shall remove all of Tenant's signage located on (a) the exterior of the Building, and (b) the Building monuments, promptly after the full execution of this Fourth Amendment by Landlord and Tenant, at Tenant's sole cost and expense.

6.      Section 17 of the Original Lease, entitled "<u>Signs</u>", is hereby deleted in its entirety.

7.      In the event Landlord and Walter enter into the Walter Lease, Landlord shall notify Tenant thereof in writing ("Walter's Notice"), and

(a)      The Lease shall be deemed automatically amended to reflect the following:

(i)      Walter's Notice will confirm the actual rentable square feet of the Walter Space and the Walter Space will be contained materially within the green space on the

2

attached plan labeled **Exhibit "A"**, which is incorporated herein.

(ii)    Tenant shall vacate and surrender the Walter Space to Landlord or Walter, at Landlord's direction, within thirty (30) days after the date of Walter's Notice (the "Walter Surrender Date"), leaving the Walter Space in "as is" condition. This will supersede and fulfill all surrender obligations of Tenant under the Lease related to such Walter Space. Landlord and Tenant both acknowledge that the Premises are currently fully occupied and there will need to be coordination between Walter and Tenant in moving personnel related to such surrender, both with respect to logistics and timing.

(iii)    Effective on the Walter Surrender Date, the number of rentable square feet in the Premises shall be reduced by the number of rentable square feet in the Walter Space and Base Rent and Tenant's Pro Rata Share under the Lease shall be reduced proportionately to reflect the remaining number of rentable square feet in the Premises.

(iv)    Landlord shall, at its sole expense, demise the Walter Space from the remainder of the Premises within a commercially reasonable time after the Walter Surrender Date and, if necessary, separate utility services thereto.

(b)    Landlord shall be deemed to have waived any lease rejection claim it may have in the Bankruptcy Case with respect to the Walter Space or the proportionate part of the Rent payable under the Lease with respect to the Walter Space on or after the Walter Surrender Date, it being expressly agreed and understood that Landlord does not waive and shall not be deemed to have waived any lease rejection claim with respect to the remainder of the Premises (unless otherwise expressly agreed in writing by Landlord) or the Rent payable under the Lease for the remainder of the Premises on and after the Walter Surrender Date.

(c)    On or prior to the Walter Surrender Date, Landlord shall confirm in writing to Tenant the revised boundaries of the Premises, the revised Base Rent and the revised Tenant's Pro Rata Share, all of which shall be binding on Tenant absent error.

(d)    Effective at any time after Tenant's receipt of the Walter Notice, Tenant shall, upon Landlord's request, permit Landlord reasonable access to the Premises in order to demise the Walter Space. Landlord and Tenant agree to reasonably coordinate in the performance of such work in order to complete such work as expeditiously as possible. Any personnel used by Landlord to demise the Walter Space shall comply with Tenant's building security requirements for contractors. Landlord shall provide Tenant with a daily roster of such contractors.

8.    In the event Landlord and Ocwen enter into the Ocwen Lease, Landlord shall notify Tenant thereof in writing ("Ocwen's Notice"), and

(a)    The Lease shall be deemed automatically amended to reflect the following:

(i)    Ocwen's Notice will confirm the actual rentable square feet of the Ocwen Space and the Ocwen Space will be contained materially within the blue space on the

ny-1076097

attached plan labeled **Exhibit "A"**.

(ii)    Tenant shall vacate and surrender the Ocwen Space to Landlord or Ocwen, at Landlord's direction, within thirty (30) days after the date of Ocwen's Notice (the "Ocwen Surrender Date"), leaving the Ocwen Space in "as is" condition.  This will supersede and fulfill all surrender obligations of Tenant under the Lease related to such Ocwen Space.  Landlord and Tenant both acknowledge that the Premises are currently fully occupied and there will need to be coordination between Ocwen and Tenant in moving personnel related to such surrender, both with respect to logistics and timing.

(iii)    Effective on the Ocwen Surrender Date, the number of rentable square feet in the Premises shall be reduced by the number of rentable square feet in the Ocwen Space and Base Rent and Tenant's Pro Rata Share under the Lease shall be reduced proportionately to reflect the remaining number of rentable square feet in the Premises.

(iv)    Landlord shall, at its sole expense, demise the Ocwen Space from the remainder of the Premises within a commercially reasonable time after the Ocwen Surrender Date and, if necessary, separate utility services thereto.

(b)    Landlord shall be deemed to have waived any lease rejection claim it may have in the Bankruptcy Case with respect to the Ocwen Space or the proportionate part of the Rent payable under the Lease with respect to the Ocwen Space on or after the Ocwen Surrender Date, it being expressly agreed and understood that Landlord does not waive and shall not be deemed to have waived any lease rejection claim with respect to the remainder of the Premises (unless otherwise expressly agreed in writing by Landlord) or the Rent payable under the Lease for the remainder of the Premises on and after the Ocwen Surrender Date.

(c)    On or prior to the Ocwen Surrender Date, Landlord shall confirm in writing to Tenant the revised boundaries of the Premises, the revised Base Rent and the revised Tenant's Pro Rata Share, all of which shall be binding on Tenant absent error.

(d)    Effective at any time after Tenant's receipt of the Ocwen Notice, Tenant shall, upon Landlord's request, permit Landlord reasonable access to the Premises in order to demise the Ocwen Space.   Landlord and Tenant agree to reasonably coordinate in the performance of such work in order to complete such work as expeditiously as possible.  Any personnel used by Landlord to demise the Ocwen Space shall comply with Tenant's building security requirements for contractors. Landlord shall provide Tenant with a daily roster of such contractors.

9.    Tenant acknowledges and agrees that the Lease is in full force and effect and Tenant has no claims or offsets against Rent due or to become due hereunder, subject to any rights pursuant to the Bankruptcy Code.

10.    Except as expressly modified herein, the terms and conditions of the Lease shall remain unchanged and in full force and effect.  Specifically, without limitation, in the event of any default by Tenant of any of its obligations under the Lease, as hereby amended, Landlord shall be entitled to pursue all remedies available under the Lease, as hereby amended, or

4

otherwise at law or in equity.

11.     This Fourth Amendment shall be binding upon and inure to the benefit of the parties and their respective successors and permitted assigns.

12.     The obligations of the parties hereunder are contingent upon the entry of a final Order by the Bankruptcy Court approving this Fourth Amendment.

13.     This Fourth Amendment may be executed in counterparts, each of which shall be an original and all of which counterparts taken together shall constitute one and the same document. Signatures to this Fourth Amendment transmitted by e-mail in PDF format shall be valid and effective to bind the party so signing.  Each party agrees to promptly deliver an execution original of this Fourth Amendment with its actual signature to the other party by overnight courier, but a failure to do so shall not affect the enforceability of this Fourth Amendment.

[*Remainder of page intentionally left blank*]

**IN WITNESS WHEREOF,** Landlord and Tenant have executed this Fourth Amendment as of the day and year first above written.

**LANDLORD:**
**LIBERTY PROPERTY LIMITED PARTNERSHIP**
By:    Liberty Property Trust, Sole General Partner

By:_____
Name: James J. Mazzarelli, Jr.
Title:   Senior Vice President,
Regional Director

**TENANT:**
**GMAC MORTGAGE, LLC**

By:_____
Name:
Title:

6

## EXHIBIT "A"

### PLAN SHOWING
### WALTER SPACE AND OCWEN SPACE

