# EXHIBIT E

## Outlook E-mail

Confidential

| | |
|---|---|
| **From:** | Crost, Katharine I. |
| **Sent:** | 5/13/2012 9:10:57 PM |
| **To:** | Levitt, Jamie A.; 'John.Ruckdaschel@ally.com'; 'lipps@CarpenterLipps.com' |
| **Cc:** | 'Timothy.Devine@ally.com'; Lee, Gary S.; Princi, Anthony |
| **Subject:** | Re: Settlement documents -- confidential |

My thoughts - I'm sure you have thought of many of these points already.

Para 1 - Allocating the Allowed Claim on a pro rata basis in accordance with losses in each trust does not attempt to allocate the Allowed Claim based on harm to the respective trusts based on possible breaches of reps and warranties by ResCap.

Other holders and monolines could object that their deals had a greater concentration of harm from breaches of reps and warranties.
In addition, the various trustees could make a similar objection (in the BofA settlement, only BNY was a trustee, I believe).

I would delete para 1(iii). The distribution rules that they mandate under para 2 might be inconsistent.

Para 2 -

There would be a potential REMIC issue if you deposit into the trust and distribute more than the actual amount of losses incurred by that trust to date. The Allowed Claim may not be large enough for that to occur, but if substantial losses are projected in the future for certain trusts, this might be a possibility. If any trust receives more than losses incurred to date, the solution would be to deposit the excess in a reserve account to be drawn upon as losses are incurred.

Para 2 - 4. Some provisions in this agreement are or may be inconsistent with the documents. I realize there are trade offs between trying to get a settlement with KP and tracking the documents as closely as possible to try to avoid objections by trustees, monolines, etc. Examples of possible inconsistencies are: holding money that would otherwise go to REMIC residuals, [treating the Credit Support Depletion Date as having occurred notwithstanding these payments - this may be consistent with deals - I will check a sample], last sentence in para 4, and para 6. I think most of the terms in para 4 conform to the document provisions with the Subsequent Recovery term, but we don't have any concept of writing up principal balances of securities when there is not such a term. It makes sense to write up balances as we did when we added the Subsequent Recovery concept, but it wasn't contemplated in the earlier deals.

Para 3 - some deals with no REMIC residuals have another subordinate interest (usually called SB) that KP may not want $ going to. Maybe not our issue.

Para -4 5th line "previously allocated AND UNREIMBURSED Realized Losses" if this language stays in the agreement.

Last sentence is not clear. I think the intent is that the distribution of Claims will be made before giving effect to the balance increase.

Para 5 - is this intended to offset any amount of this recovery the monoline receives against their fraudulent inducement claims? If not, it might be worth clarifying what it is intended.

Para 6 - could be written more clearly. I think they are trying to say that any triggers that are determined by the amount of losses will not be recalculated as a result of these payments.

Please let me know if you have any questions or would like additional information.

Kathy
Katharine I. Crost
Attorney at Law
ORRICK, HERRINGTON & SUTCLIFFE LLP
tel 212-506-5070
fax 212-506-5151
Kcrost@orrick.com
www.orrick.com



----- Original Message -----
From: Levitt, Jamie A. [mailto:JLevitt@mofo.com]
Sent: Sunday, May 13, 2012 05:50 PM
To: John.Ruckdaschel@ally.com ; Crost, Katharine I.; lipps@CarpenterLipps.com
Cc: Timothy.Devine@ally.com ; Lee, Gary S. ; Princi, Anthony
Subject: FW: Settlement documents -- confidential

CONFIDENTIAL – PROFESSIONALS' EYES ONLY          Confidential                    RC-9019_00051166

John, Kathy and Jeff,                                         Confidential

Attached is Kathy Patrick's proposed allocation methodology -- she said it comes largely from BoA.  Can you give us your thoughts asap.

Thanks.

-----Original Message-----
From: Scott A. Humphries [mailto:SHumphries@gibbsbruns.com]
Sent: May 13, 2012 6:16 PM
To: Kathy D. Patrick; Princi, Anthony; Levitt, Jamie A.
Cc: Lee, Gary S.; Clark, Daniel E.; Newton, James A.; nornstein@kirkland.com; Timothy.Devine@ally.com; Ross.Martin@ropesgray.com; Keith.Wofford@ropesgray.com; Scott A. Humphries
Subject: RE: Settlement documents -- confidential

This is the allocation methodology revised.  Paras 2-6 are new.



------------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

================================================================================

This message contains information which may be confidential and privileged.  Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

------------------------------------------------------------------------

============================================================
IRS Circular 230 disclosure: To ensure compliance with requirements
imposed by the IRS, we inform you that any tax advice contained in this
communication, unless expressly stated otherwise, was not intended or
written to be used, and cannot be used, for the purpose of (i) avoiding
tax-related penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another party any tax-related matter(s)
addressed herein.
============================================================
NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY
THE INTENDED RECIPIENT OF THE TRANSMISSION, AND
MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU
RECEIVED THIS E- MAIL IN ERROR, ANY REVIEW, USE,
DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS
E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US
IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND
PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM.
THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/
============================================================

                                                Confidential