# EXHIBIT DD

**Outlook E-mail**

**From:** David A. Beck
**Sent:** 5/10/2012 1:39:53 PM
**To:** Clark, Daniel E.; Cieri, Richard M.; Schrock, Ray C.; Ornstein, Noah; Timothy.Devine@ally.com; William.b.Solomon@ally.com; Jeffrey A. Lipps; Jennifer A.L. Battle; Ruckdaschel, John; Hamzehpour, Tammy
**Cc:** Newton, James A.; Lee, Gary S.; Levitt, Jamie A.
**Subject:** RE: Kathy Patrick PSA and Settlement Agreement - Privileged and Confidential

---

In addition to a few minor changes listed below, we'd note that the drafting raises the following issues which the group may want to discuss the appropriate approach on.

1. <u>Extent of Kathy Patrick's Group's obligations to support the settlement</u>. The Ropes version of both drafts appears to be designed to limit their obligation to support the settlement to providing the initial direction to the trustees to approve, but not require them to take any subsequent actions. While it may not be possible to force them to provide an indemnity to the trustees, it would seem reasonable to require them to actively oppose any attempt by the trustees to act in an inconsistent manner with the Settlement Agreement. There may also be some value in explicitly requiring them, if requested, to file pleadings with the court in favor of all of the activities in Section 3.1 of the PSA and to make statements supporting those items in open court.

2. <u>Treatment of Monoline Claims</u>. The allowance of claim provision in Section 5.01 of the Settlement Agreement is currently drafted to include the claims by monolines under the securitization in the "Allowed Claim" for Kathy Patrick's group. This is inconsistent with the carveout of the monolines from the release in Section 8.02 of the Settlement Agreement, which would preserve claims under the Governing Documents. We need to decide what approach to take with regards to the monolines.

3. <u>Subordination of securities claims</u>. We note that rather than release the securities claims, Ropes took the approach of both wanting to retain their securities claims and to have a termination event if securities claims aren't subordinated. A possible response would be to allow them to retain the claims, but delete the termination right if claims are not subordinated and add to the list of actions they need to support in section 3.1 of the Plan Support Agreement that the securities claims be subordinated?

Our more literal comments/questions are as follows:

Settlement Agreement:

Section 2.01 is incorrect as drafted. The approval order will only become final once the appeal period has run without an appeal or an appeal has been finally resolved and not on entry of the order. The effective date needs to be defined as the date on which the appeal period runs or the final resolution of any appeal of the order.

Section 3.01. - The second sentence needs to have the word into inserted so that it reads "Each of the Institutional Investors represents, that as of May 11, 2012: (i) it is the holder, and/or advisor of holders, with power to enter <u>into</u> this Agreement . . . ."

Section 3.03. - Is the intent to use the same date for the authority rep as the holdings rep in Section 3.01 or a different date?

Section 4.02 – We believe the deleted introductory clause stating that except for issuing the directions under Section 4.01, they shall take no act should go back in, together with a cross reference to any acts they are to take as part of their support of the items listed in Section 3.1 of the Plan Support Agreement.

Section 5.02 – Shouldn't the adjustment to the Allowed Claim be based on the percentage of the total outstanding principal of the trusts for the trusts which accept the deal and not just the percentage of the total number of trusts which accept the deal?

Section 7.01 – The first sentence on the release by the institutional investors is missing the language contained at the end of the first sentence in section 7.02 about "or brought in any other capacity that the Precluded Persons may now or may hereafter have against ResCap." We think the language should be parallel in the two provisions.

CONFIDENTIAL – PROFESSIONALS' EYES ONLY                                                                                                      RC-9019_00049668

Section 7.04 – There is a typo in the fifth line about "SectionsSection 7.01."

Plan Support Agreement:

Section 2.2(b) – The Settlement Agreement has a deadline of 21 days to file the motion while the PSA reference is to 30 days. Should the deadline to take these actions be the same?

Section 3.2 – The comment made here was to only allow de minimis transfers on account of automated asset reallocations. This is narrower than the carveout provided in the settlement agreement for transfers at client direction in accounts where Kathy's clients only have advisory powers.


David A. Beck
Carpenter Lipps & Leland LLP
280 North High Street, Suite 1300
Columbus, Ohio 43215
Direct Dial: (614) 365-4142
Firm Fax Number: (614) 365-9145
Email: beck@carpenterlipps.com
Download vCard

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

---

**From:** Clark, Daniel E. [mailto:DClark@mofo.com]
**Sent:** Thursday, May 10, 2012 11:49 AM
**To:** Cieri, Richard M.; Schrock, Ray C.; Ornstein, Noah; Timothy.Devine@ally.com; William.b.Solomon@ally.com; Jeffrey A. Lipps; Jennifer A.L. Battle; David A. Beck; Ruckdaschel, John; Hamzehpour, Tammy
**Cc:** Newton, James A.; Lee, Gary S.; Levitt, Jamie A.
**Subject:** Kathy Patrick PSA and Settlement Agreement - Privileged and Confidential

<u>Privileged and Confidential Attorney Work Product</u>

All -
Attached please find our Settlement Agreement and PSA for Kathy Patrick's group. The settlement agreement has been redlined against the version sent yesterday by Ropes & Gray, and the PSA is a hand mark-up of the document sent yesterday by Ropes & Gray (from which they will turn a new draft). Please note that there are additional changes in a rider on the final page of the PSA attachment.

**Please provide any final comments by 1:30pm EST today.**

Thanks,
Dan Clark

Daniel E. Clark
Associate
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
(212)336-4386


---------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments),

CONFIDENTIAL – PROFESSIONALS' EYES ONLY

RC-9019_00049669

such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

----------------------------------------------------------------------

CONFIDENTIAL – PROFESSIONALS' EYES ONLY          Confidential          RC-9019_00049670