# EXHIBIT UU.1

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

In Re:                                Case No.

RESIDENTIAL CAPITAL, LLC, et. al,     12-12020(MG)

        Debtors.

------------------------------------x

VIDEOTAPE DEPOSITION OF JOHN MACK

New York, New York

November 14, 2012

9:53 a.m.

Reported by:
ERICA L. RUGGIERI, RPR
JOB NO: 27647-A

```
                                    106
 1              JOHN MACK
 2   that wasn't approved, that was just an
 3   assumption?
 4       A.   That's correct.
 5       Q.   Okay. What about the
 6   allocation, 10 percent allocated to
 7   Holdco. How was that figured out, that it
 8   should be allocated 10 percent to Holdco?
 9          MR. PRINCI: Objection as to
10       form.
11       A.   I actually don't know.
12       Q.   Were you involved in negotiating
13   the allocation?
14       A.   No.
15       Q.   Who negotiated the allocation?
16          MR. PRINCI: Objection as to
17       form.
18       A.   I don't know.
19       Q.   Has that been approved by the
20   board, the allocation?
21       A.   Well, are you talking about
22   subsequent to the filing of the petition?
23       Q.   Well, at this point in time
24   let's say was it approved?
25       A.   No.
```

```
                                    107
 1              JOHN MACK
 2       Q.   At any point in time did they,
 3
 
 
 6   to the Holdco, the company you were a
 7   director of?
 8       A.   No.
 9       Q.   So you don't think that
10   allocation has ever been approved by the
11   board as we are sitting here today?
12          MR. PRINCI: Objection. Asked
13       and answered.
14          You can answer again.
15       A.   There have been two amendments
16   to the agreement with the RMBS trustees.
17   The first agreement, which was deemed to
18   be administerial and therefore not
19   approved by the board, did have an
20   allocation to Holdco.
21          The second agreement, which is
22   the one that is currently in place,
23   specifically excludes an allocation to
24   Holdco.
25       Q.   I think we are talking about
```

```
                                    108
 1              JOHN MACK
 2   apples and oranges. Let's see if we can
 3
 
 
 
 7       A.   Okay.
 8       Q.   So just kind of retrace it.
 9       A.   To my knowledge, no part of the
10   Ally settlement has been allocated to
11   anybody.
12       Q.   You certainly as a board didn't
13   make a judgment that -- that weighing the
14   relative merits of the claims of -- that
15   belonged to ResCap LLC versus other claims
16   that might belong to other entities that
17
 
 
20          MR. PRINCI: Objection as to
21       form.
22       Q.   You didn't make that judgment,
23   right?
24       A.   We did not make that judgment.
25       Q.   Now, did you understand that as
```

```
                                    109
 1              JOHN MACK
 2   part of the settlement that was approved,
 3   the $8.7 million settlement, that you were
 4   also settling securities claims?
 5       A.   Yes, it was reps and warranties
 6   and securities claims.
 7       Q.   At any point in time did you
 8   ever learn that securities claims were not
 9   being picked up by this $8.7 billion
10   settlement?
11       A.   No.
12       Q.   So as far as you are concerned,
13   the board has not approved the deal that
14   does not resolve securities claims as part
15   of the $8.7 billion payment?
16          MR. PRINCI: Objection as to
17       form.
18       A.   This is a slightly technical
19   matter. I don't know.
20       Q.   Okay.
21          (9019 Exhibit 100, e-mail with
22       attachment, Bates RC 40088324-337,
23       marked for identification, as of this
24       date.)
25       Q.   Please look at Exhibit 100 in
```

28 (Pages 106 to 109)