# Exhibit 1

12-12020-mg    Doc 2813-1    Filed 02/01/13    Entered 02/01/13 16:43:05    Exhibit 1
Pg 1 of 9

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.*

*September 19, 2012*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



**Min-U-Script® with Word Index**

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 12-12020-mg

- - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:


RESIDENTIAL CAPITAL, LLC, et al.,


        Debtors.


- - - - - - - - - - - - - - - - - - - - - -x


        United States Bankruptcy Court

        One Bowling Green

        New York, New York


        September 19, 2012

        10:10 AM



B E F O R E:

HON. MARTIN GLENN

U.S. BANKRUPTCY JUDGE

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                                67

1     MR. ECKSTEIN:  Happy New Year, Judge.

2     THE COURT:  Thank you, you too.

3     MR. ECKSTEIN:  I'm trying to sort out where I think it
4  makes the most sense to go.  I think I'd like to first deal
5  with Ms. Patrick's comments, because I view those, in some
6  respects, as threshold issues.

7     I am -- the committee respects the goal that Ms.
8  Patrick has in moving this forward swiftly; and the committee
9  understands the Court's intention to move this hearing forward
10 as quickly as possible.  And this is not an attempt to delay or
11 derail the consideration of the settlement.  That said --

12    THE COURT:  Well, that's a theme that's been echoed
13 for quite some time, including in some of the status reports.

14    MR. ECKSTEIN:  Your Honor, that doesn't change our
15 view that this is such a pervasive settlement, and it has such
16 overwhelming implications for the outcome of the case and a
17 plan, that it would be preferable if this was dealt with in a
18 plan.

19    I understand Your Honor's observations that that's not
20 going to be the way this is going to be considered, and so be
21 it.  But it's correct that our view is that this should ideally
22 be folded into a plan.  And in fact, if you go back to the way
23 this was structured by the debtor initially, they contemplated
24 that this would be done in conjunction with a plan.  And I
25 think there's a lot of merit to that.  But if that's not the

**RESIDENTIAL CAPITAL, LLC, ET AL.** 68

1  way the case is going to proceed now, we understand that.

2           The question -- the threshold question, however, that
3  I think Your Honor raised and discussed with Ms. Patrick is, is
4  there an absolute requirement that this proceed on November
5  5th.  I believe that there's no question on all sides of this
6  case, parties have been working very diligently to deal with
7  these issues.

8           As Mr. Princi knows, as Ms. Levitt knows, and as Ms.
9  Patrick knows, we have been talking about, for example,
10 discovery going back prior to the entry of the scheduling
11 order.  And each of those individuals have personally requested
12 me and my partners that we defer the filing of formal discovery
13 with respect to the settlement process until we could:
14 A, consider the substance of the settlement; B, deal with it
15 informally.  And we accommodated those requests.

16          And the reason that the discovery was served at the
17 end of August was in response to requests by the debtors'
18 counsel and by Ms. Patrick that we not proceed precipitously
19 with those discovery requests.  I was personally implored on
20 multiple occasions to do that.  I discussed this issue with the
21 parties going back in July, whether or not this was or was not
22 proper discovery.  So to now suggest that we delayed --

23          THE COURT:  Let me just stop you for a second.  Okay?
24 Let's assume that I conclude it's proper discovery.  Okay?  But
25 so where does that take us now?

**RESIDENTIAL CAPITAL, LLC, ET AL.**                                91

1    I think the debtor was concerned that they had a PSA
2    agreement with Kathy and not with our group, and that,
3    therefore, if they accommodated that request, they would create
4    a voting block at the parent-company level that would support
5    their plan.  So I think, putting it another way, it's
6    collusion; putting it another way, we want to put some sunshine
7    on something that doesn't look good, doesn't smell right, and
8    it's hard to explain.
9            THE COURT:  Okay.  Make it really simple for me.  What
10   is it that you're seeking in discovery that you believe you
11   have not received so far?
12           MR. MOLONEY:  We would like them to produce discovery
13   related to the HoldCo election, how it was arrived at and why
14   it was changed, and why it's changed again, including the names
15   of the people who were involved in the most recent change, who
16   approved it and who negotiated it.  We would like discovery as
17   to the basis for the claim which they are now preserving and
18   which they have now set an amount of at 8.7 billion dollars.
19   And we would like to be sure that the e-mail productions they
20   produce include the e-mails of all the people who they've
21   identified in these interrogatories as having been involved in
22   negotiation or approval of this deal, which is about thirteen.
23           THE COURT:  Okay; thank you, Mr. Moloney.
24           MR. MOLONEY:  Thank you.
25           THE COURT:  Who else wants to be heard?

**RESIDENTIAL CAPITAL, LLC, ET AL.** 114

1  of the settlement.  And what I'm hearing from Mr. Moloney and
2  Mr. Shore is exactly this is why it's relevant.
3          MR. PRINCI:  Judge --
4          THE COURT:  Okay.  Why don't you go confer with Mr.
5  Wofford and Ms. Patrick?
6          MR. PRINCI:  Okay, Judge.  I'm sorry, but I need to be
7  able to address to the Court the underlying fact --
8          THE COURT:  No, you need to --
9          MR. PRINCI:  -- that you accept --
10         THE COURT:  -- go talk to them.  I'm taking a ten-
11 minute recess.
12     (Recess from 12:31 p.m. until 12:44 p.m.)
13         THE COURT:  Please be seated.
14         Mr. Princi?
15         MR. PRINCI:  Your Honor, what a difference a recess
16 can make.
17         So we have some good news.  And first, I do want to
18 clarify, Judge.  I was misunderstanding you, as my colleagues
19 immediately yelled at me when we took the recess.  So what I do
20 understand and what Ms. Patrick understands the Court was
21 asking to consider, we do think is in the best interests of the
22 ResCap LLC estate.  And so -- but I don't get -- what we've now
23 agreed to -- what we're going to further amend the agreement to
24 reflect, so I don't get that potentially wrong, I'm going to
25 let Ms. Patrick put that on the record.

| | **RESIDENTIAL CAPITAL, LLC, ET AL.** 115 |
|---|---|
| 1 | MS. PATRICK:  Mr. Wofford walked away with my notepad, |
| 2 | so I'll do it from memory. |
| 3 | THE COURT:  You want to wait for Mr. Wofford to come |
| 4 | back? |
| 5 | MS. PATRICK:  Well, yeah.  I have it. |
| 6 | THE COURT:  We can wait for him to come back. |
| 7 | MS. PATRICK:  Thank you, because I wrote it down very |
| 8 | carefully -- |
| 9 | THE COURT:  Let's make sure we get it -- |
| 10 | MS. PATRICK:  -- to address the Court's concerns. |
| 11 | Thank you, sir. |
| 12 | THE COURT:  -- make sure we get it right. |
| 13 | MS. PATRICK:  Thank you. |
| 14 | THE COURT:  Go ahead -- |
| 15 | MS. PATRICK:  All right. |
| 16 | THE COURT:  -- Ms. Patrick. |
| 17 | MS. PATRICK:  On behalf of the steering committee |
| 18 | investors, we will agree to take out the fixed amount of the |
| 19 | claim against the holding company.  All parties will reserve |
| 20 | all rights with regard to the amount and substance of the RMBS |
| 21 | trust's claims against the holding company.  They file their |
| 22 | proofs of claim.  People can object to them on that basis. |
| 23 | But we will also agree that while we must prove the |
| 24 | amount of the claim, any liability proved will be capped |
| 25 | regardless of the evidence at 8.7 billion dollars, which I |

**RESIDENTIAL CAPITAL, LLC, ET AL.**  116

1  believe was what the Court suggested.  We think it was fine.
2  It was always fine with us, so --
3         THE COURT:  That's what I was trying to suggest.
4         MS. PATRICK:  Yes.  Well, we heard you, And I hope we
5  got it right.  I think that, in that event, Your Honor, should
6  take the issue of needing to prove alter ego or anything off
7  the table, because it reserves everything for another day, but
8  gives the senior unsecured holders the benefit knowing that
9  the --
10        THE COURT:  All right.
11        MS. PATRICK:  -- claim is capped at not more than.
12        THE COURT:  Thank you, Ms. Patrick.
13        MR. MOLONEY:  Your Honor, can I respond?
14        THE COURT:  Come on, Mr. Moloney.  What can you object
15 to?
16        MR. MOLONEY:  I don't.  I think --
17        THE COURT:  Oh, how about that?
18        MR. MOLONEY:  Your Honor, I think this --
19        THE COURT:  I'm sorry, I don't mean to tease.  This is
20 an important issue.
21        MR. MOLONEY:  No, it is important, and I think Your
22 Honor got us to the right place to take --
23        THE COURT:  Just identify yourself for the record.
24        MR. MOLONEY:  Tom Moloney for the record, for
25 Wilmington Trust.