# Exhibit 95

# CLEARY GOTTLIEB STEEN & HAMILTON LLP

ONE LIBERTY PLAZA
NEW YORK, NY 10006-1470
(212) 225-2000
FACSIMILE (212) 225-3999
WWW.CLEARYGOTTLIEB.COM

WASHINGTON, DC · PARIS · BRUSSELS · LONDON
MOSCOW · FRANKFURT · COLOGNE · ROME · MILAN
HONG KONG · BEIJING · BUENOS AIRES · SÃO PAULO

Writer's Direct Dial +1 212 225 2416
E-Mail soneal@cgsh.com

LESLIE B SAMUELS, LAURENT ALPERT, VICTOR I LEWKOW, LESLIE N SILVERMAN, ROBERT L TORTORIELLO, A RICHARD SUSKO, LEE C BUCHHEIT, JAMES M PEASLEE, ALAN L BELLER, THOMAS J MOLONEY, JONATHAN I BLACKMAN, WILLIAM F GORIN, MICHAEL L RYAN, ROBERT P DAVIS, YARON Z REICH, RICHARD S LINCER, JAIME A EL KOURY, STEVEN G HOROWITZ, JAMES A DUNCAN, STEVEN M LOEB, DONALD A STERN, CRAIG B BROD, SHELDON H ALSTER, WANDA J OLSON, MITCHELL A LOWENTHAL, EDWARD J ROSEN, JORN PALENBERG, LAWRENCE B FRIEDMAN, NICOLAS GRABAR, CHRISTOPHER E AUSTIN, SETH GROSSHANDLER, WILLIAM A GROLL, JANET L FISHER, DAVID L SUGERMAN, HOWARD S ZELBO, DAVID E BRODSKY, MICHAEL R LAZERWITZ, ARTHUR H KOHN, RICHARD J COOPER

JEFFREY S LEWIS, FILIP MOERMAN, PAUL J SHIM, STEVEN L WILNER, ERIKA W NIJENHUIS, LINDSEE P GRANFIELD, ANDRES DE LA CRUZ, DAVID C LOPEZ, CARMEN A CORRALES, JAMES L BROMLEY, MICHAEL A GERSTENZANG, LEWIS J LIMAN, LEV L DASSIN, NEIL Q WHORISKEY, JORGE U JUANTORENA, MICHAEL D WEINBERGER, DAVID LEINWAND, JEFFREY A ROSENTHAL, ETHAN A KLINGSBERG, MICHAEL J VOLKOVITSCH, MICHAEL D DAYAN, CARMINE D BOCCUZZI JR, JEFFREY D KARPF, KIMBERLY BROWN BLACKLOW, ROBERT J RAYMOND, LEONARD C JACOBY, SANDRA L FLOW, FRANCISCO L CESTERO, FRANCESCA L ODELL, WILLIAM L MCRAE, JASON FACTOR, MARGARET S PEPONIS, LISA M SCHWEITZER, KRISTOFER W HESS, JUAN G GIRALDEZ, DUANE MCLAUGHLIN, BREON S PEACE, MEREDITH E KOTLER, CHANTAL E KORDULA

BENET J O'REILLY, DAVID AMAN, ADAM E FLEISHER, SEAN A O'NEAL, GLENN P MCGRORY, CHRISTOPHER P MOORE, JOON H KIM, MATTHEW P SALERNO, MICHAEL J ALBANO, VICTOR L HOU, ROGER A COOPER, AMY R SHAPIRO, JENNIFER KENNEDY PARK
RESIDENT PARTNERS

SANDRA M ROCKS, S DOUGLAS BORISKY, JUDITH KASSEL, DAVID E WEBB, PENELOPE L CHRISTOPHOROU, BOAZ S MORAG, MARY E ALCOCK, DAVID H HERRINGTON, HEIDE H ILGENFRITZ, JONATHAN S KOLODNER, HUGH C CONROY JR, KATHLEEN M EMBERGER, WALLACE L LARSON JR, JAMES D SMALL, AVRAM E LUFT, ELIZABETH LENAS, DANIEL ILAN, ANDREW WEAVER, HELENA K GRANNIS, GRANT M BINDER
RESIDENT COUNSEL

August 21, 2012

**VIA E-MAIL**

Larren M. Nashelsky
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

Re: <u>Residential Capital, LLC (12-12020 *et al.*)</u>

Dear Larren:

As you know, we represent certain holders (the "<u>Noteholders</u>") of the senior unsecured notes (the "<u>Notes</u>") issued by Residential Capital, LLC ("<u>Residential Capital</u>," and with its affiliated debtors, the "<u>Debtors</u>"). As discussed at the last hearing, we are in the process of becoming engaged as special counsel to Wilmington Trust, National Association, as Indenture Trustee for the Notes. We were extraordinarily surprised to see in the recent *Supplemental Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval of the RMBS Trust Settlement Agreements* (Doc. No. 1176) filed on August 15, 2012 a new "<u>HoldCo Election</u>," which would permit settling trustees to allocate up to 20% of their proposed allowed claim against Residential Capital, which, as you know, is the obligor on the Notes.

The Supplemental Motion raises very serious concerns about the conduct of Residential Capital and its advisors. Based on our conversations with you and the Debtors' other advisors, we justifiably expected to be informed before Residential Capital purported to make any commitments that could materially affect the Noteholders' recovery. Our concern grew when we learned that the Official Committee of Unsecured Creditors was not at the table and

CLEARY GOTTLIEB STEEN & HAMILTON LLP OR AN AFFILIATED ENTITY HAS AN OFFICE IN EACH OF THE CITIES LISTED ABOVE

CONFIDENTIAL – PROFESSIONALS' EYES ONLY

RC-9019_00070186

Larren M. Nashelsky
Morrison & Foerster LLP, p. 2

was completely blindsided by the proposed HoldCo Election. We doubt that the proposed HoldCo Election was approved by independent fiduciaries of Residential Capital truly focused on the interests and perspectives of Residential Capital and its creditors. If there was, in fact, an independent and informed review, we request a prompt and complete explanation by the end of this week.

Our need for an explanation is amplified because the Debtors have stymied each of our requests for information on the status of the RMBS settlement and its potential impact on our debtor, and have even told us that it does not impact us at all. As you recall, on July 25, 2012, we requested from you inter alia (1) information concerning the RMBS settlement agreement, including valuations, appraisals, and fairness opinions, and any tolling agreements in connection therewith; and (2) copies of the "Executive Summaries" dated May 9, 2012 and May 12, 2012, as described in certain plan support agreements and/or settlement agreements with parties in interest, which purportedly describe the methodology of allocation of sale proceeds, settlement proceeds, and all other matters that determine distribution to creditors. On a July 26, 2012 conference call with attorneys from your firm and FTI Consulting, we were promised access to meaningful information that would answer our diligence questions. Notably during that call, Mr. Mark Renzi of FTI Consulting stated that the RMBS settlements did not concern the Noteholders (and he specifically questioned the need for us to receive such information in the first instance). On August 3, 2012, after receiving no meaningful information, we again asked for information, including the information identified under (1) and (2), above. On August 10, 2012, Ms. Jamie Levitt at your firm denied our request ostensibly because producing information would be administratively burdensome as those documents would be available through the examiner's document depository at some unspecified point in the future.

There is no substantive or rational basis for purporting to compromise an alter ego or single enterprise claim at the Residential Capital level (assuming it has any merit as to which we do not yet express a view) as opposed to further up the corporate chain to Ally Financial Inc. Nor is there any basis for the Debtors to purport to settle substantive consolidation issues without providing information to, and receiving input from, the Noteholders, especially where the Debtors are making settlement proposals in advance of a Chapter 11 plan process and prior to the publication of the report of the Examiner who has been charged to look at those issues. Moreover, we do not understand how the Debtors and you, as counsel, could even take sides on these inter-debtor issues that involve inherent conflicts of interest without actively involving the creditors of Residential Capital. *See In re Adelphia Commc'ns Corp.*, 336 B.R. 610 (Bankr. S.D.N.Y. 2006).

The Debtors' conduct in these cases demonstrates repeated attempts to stonewall our legitimate requests for information and to abdicate their fiduciary responsibilities to Residential Capital and its creditors. You are hereby on notice (as surely you are already) that the Debtors and their counsel should preserve all documents and communications related to this

CONFIDENTIAL – PROFESSIONALS' EYES ONLY

RC-9019_00070187

Larren M. Nashelsky
Morrison & Foerster LLP, p. 3

settlement, including, without limitation, documents relating to who negotiated or approved the settlement and what information they were given prior to or as part of such negotiation or approval.

Sincerely,

*Sean O'Neal*

Sean O'Neal

cc:    Mr. Todd Gorren, Morrison & Foerster LLP (via email)
        Mr. Howard Seife, Chadbourne & Parke LLP (via email)
        Mr. Kenneth Eckstein, Kramer Levin Naftalis & Frankel LLP (via email)

CONFIDENTIAL – PROFESSIONALS' EYES ONLY                                         RC-9019_00070188