MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Anthony Princi
Darryl P. Rains

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

---------------------------------------------------------------- x

**JOINT APPLICATION OF THE DEBTORS, AFI, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CERTAIN OBJECTING COMMITTEE MEMBERS, IN THEIR INDIVIDUAL CAPACITY, PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018, TO FILE OBJECTIONS TO THE DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF THE RMBS TRUST SETTLEMENT AGREEMENTS, AND REPLIES TO SUCH OBJECTIONS, UNDER SEAL**

Residential Capital, LLC, and its affiliated Debtors in the above captioned case (the "**Debtors**"), Ally Financial, Inc. ("**AFI**"), the Official Committee of Unsecured Creditors (the "**Committee**"), and certain objecting Committee members, including FGIC, MBIA, and Wilmington Trust (each as defined below), in their individual capacity, (the "**Objecting Committee Members**"), submit this application ("**Application**") pursuant to section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. ("**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for leave to file Objections to the Debtors' motion pursuant to Bankruptcy Rule 9019 for approval of the RMBS Trust

Settlement Agreements [Docket Nos. 320, 1176, 1887] (the "**9019 Motion**"),[1] and Replies to such Objections, together with any supporting declarations and exhibits, under seal, pending further order of this Court. In support of this Application, the Debtors, AFI, the Committee and the Objecting Committee Members respectfully represent as follows:

## JURISDICTION

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code, and Bankruptcy Rule 9018.

## BACKGROUND

2.  On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.  On May 16, 2012, the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases. The United States Trustee selected the following nine parties to serve as members of the Committee: (a) Wilmington Trust, N.A. ("**Wilmington Trust**"); (b) Deutsche Bank Trust Company Americas; (c) The Bank of New York Mellon Trust Company, N.A.; (d) MBIA Insurance Corporation ("**MBIA**"); (e) Rowena L. Drennen; (f) AIG Asset Management (U.S.), LLC;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the 9019 Motion.

2

ny-1075921

(g) U.S. Bank National Association; (h) Allstate Life Insurance Company; and (i) Financial Guaranty Insurance Company ("**FGIC**").

4. On June 20, 2012, the Court directed that an examiner be appointed (the "**Examiner**"). On July 3, 2012, the Court approved the Honorable Arthur J. Gonzalez as the Examiner.

5. On June 11, 2012, the Debtors filed the 9019 Motion. On August 15, 2012 the Debtors filed the Supplemental 9019 Motion [Docket No. 1176]. And on October 19, 2012 the Debtors filed the Second Supplemental 9019 Motion [Docket No. 1887].

6. Together with the 9019 Motion, the Debtors filed, among other exhibits, the Supplemental Declaration of Jeffrey A. Lipps (the "**Lipps Declaration**"), and the Supplemental Declaration of Frank Sillman in Support of Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements, with accompanying exhibits (the "**Sillman Declaration**").

7. On October 5, 2012, the Steering Committee Group filed the Statement of Steering Committee Investors in Support of Settlement and Response to Settlement Objections filed by Keith Wofford on behalf of Steering Committee Group of RMBS Holders (the "**Steering Committee Brief**") [Docket No. 1739], and the Declaration of Kathy D. Patrick in Support of Steering Committee Investors Statement in Support of Settlement and Response to Settlement Objections, with accompanying exhibits [Docket No. 1740].

8. In connection with the 9019 Motion, the Committee and the Objecting Committee Members have undertaken significant document discovery as well as depositions of ten (10) fact witnesses from the Debtors and two (2) of the Debtors' proposed expert witnesses. To facilitate this discovery, the Committee and the Objecting Committee Members entered into

3

confidentiality agreements and/or stipulations adopting the Uniform Protective Order for Examiner Discovery [Docket No. 1223-1] with the Debtors, AFI, the Steering Committee Group, and the Talcott Franklin Group (the "**Confidentiality Agreements**"). Pursuant to those Confidentiality Agreements, the Committee and the Objecting Committee Members are prohibited from publicly disclosing certain confidential information received from those parties through the discovery process.

9. Pursuant to paragraph 10 of the Fourth Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding Debtors' Motion for Approval of RMBS Trust Settlement Agreements [Docket No. 2528] (the "**Scheduling Order**"), the parties were required to meet and confer to discuss appropriate redactions to the Objections, Replies, and other documents to ensure that the confidential and/or professional eyes only information is properly protected. Accordingly, the Debtors, AFI, the Steering Committee Group, the Committee and the Objecting Committee Members engaged in a series of conferences to come to agreement with regard to redactions. An agreement (the "**Agreement**") for the purposes of the February 1, 2013 filing deadline has been reached as of the date of this motion. In connection with those discussions, the Debtors and AFI waived confidentiality with respect to the overwhelming majority of the documents and exhibits at issue. The Committee and Objecting Committee Members have reserved their rights to challenge at a later date a confidential and/or professional eyes only designation for any document filed under seal.

10. The Committee and Objecting Committee Members intend to file redacted Objections and accompanying declarations and exhibits on February 1, 2013. Concomitantly, the Committee and Objecting Committee Members intend to deliver to the Court Objections and accompanying declarations and exhibits, under seal, pending further order of this Court, that

4

ny-1075921

Debtors assert contain certain confidential and/or professional eyes only information received pursuant to the discovery undertaken in connection with the 9019 Motion. The Committee and Objecting Committee Members recognize that they are prohibited from publicly disclosing confidential and/or professional eyes only information pursuant to the Confidentiality Agreements entered into with parties-in-interest in these Chapter 11 Cases.

11. The Debtors and AFI intend to file redacted Replies to such Objections on February 1, 2013. Concomitantly, the Debtors and AFI intend to deliver to the Bankruptcy Court Replies to such Objections and accompanying declarations and exhibits, under seal, pending further order of this Court, that they assert contain certain confidential and/or professional eyes only information.

### RELIEF REQUESTED

12. The Debtors, AFI, the Committee and the Objecting Committee Members request entry of an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting leave to file unredacted Objections, Replies to such Objections, and accompanying declarations and exhibits, under seal, (the "**Sealed Documents**") and ordering that the Sealed Documents be made available only to (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to AFI; (d) counsel to the Steering Committee Group; (e) counsel to the Talcott Franklin Group; (f) counsel to the RMBS Trustees; (g) counsel to the Committee; (h) counsel to the Objecting Committee Members; (i) counsel to the Junior Secured Noteholders; (j) the Examiner and his counsel; (k) the United States Trustee; and (l) subject to the terms of the Confidentiality Agreements, the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee, and as further directed by the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably

satisfactory to the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee. Parties receiving Sealed Documents shall treat them as Confidential as defined by the Confidentiality Agreements so long as the Sealed Documents, or any portions thereof, remain under seal by Order of this Court.

## BASIS FOR RELIEF REQUESTED

13. Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

14. In addition, Bankruptcy Code section 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

15. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b):

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

16. Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See, e.g.*, *In re Global Crossing Ltd.*, 295 B.R. at 725; *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). Once the Bankruptcy Court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original) (affirming bankruptcy court's order to seal licensing agreement because release of any information pertaining to agreement's overall structure or terms and conditions would adversely affect movant's ability to negotiate favorable promotional agreements).

17. The Debtors and AFI believe cause exists to file Objections, Replies and accompanying declarations and exhibits under seal, because they contain confidential information, the disclosure of which would be potentially harmful. Confidentiality concerns asserted by the Debtors and AFI constitute good cause to file the Objections, Replies and accompanying declarations and exhibits to the Bankruptcy Court under seal, and the Debtors, AFI, the Committee and the Objecting Committee Members respectfully request leave to do so.

18. The Committee and the Objecting Committee Members take no position whether cause exists as set forth in paragraph 17 above to file the Objections, Replies and accompanying declarations and exhibits under seal. The Committee and the Objecting Committee Members join in this Application solely because they recognize their obligation to abide by the Confidentiality Agreements. The Committee and the Objecting Committee

Members hereby reserve all of their rights to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order.

## NOTICE

19. In accordance with the Case Management Order, notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order) (collectively, the "**Notice Parties**"). Because of the nature of the relief requested, the Parties submit that such notice is sufficient and that no other or further notice need be given.

## NO PRIOR REQUEST

20. No previous Application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors, AFI, the Committee and the Objecting Committee Members respectfully request that this Court enter an order, a form of which is attached hereto as **Exhibit A** pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: February 1, 2013
New York, New York

MORRISON & FOERSTER LLP

By: /s/ Darryl P. Rains
Gary S. Lee
Anthony Princi
Darryl P. Rains
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

KIRKLAND & ELLIS LLP

/s/  Daniel T. Donovan
Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

-and-

Jeffrey S. Powell
Daniel T. Donovan
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Ste. 1200
Washington, D.C. 20005
Telephone:  (202) 879-5000
Facsimile:  (202) 879-5200

*Counsel for Ally Financial, Inc.*


KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Philip Bentley
Kenneth H. Eckstein
Philip Bentley
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

ny-1075921

CADWALADER, WICKERSHAM & TAFT LLP

/s/  Jonathan M. Hoff
Gregory M. Petrick
Ingrid Bagby
Jonathan M. Hoff
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666

-and-

Mark C. Ellenberg
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, N.W.
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

*Counsel for MBIA Insurance Corporation*


JONES DAY

/s/  Richard L. Wynne
Richard L. Wynne
Howard F. Sidman
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

-and-

Carl E. Black
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

*Counsel for Financial Guaranty Insurance Company*

10

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/  Sean A. O'Neal
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, NY 10006
(212) 225-2000

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*

11

ny-1075921

# EXHIBIT A

## **PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                              :     Chapter 11
                                                    :
Residential Capital, LLC, et al.,                   :     Case No. 12-12020 (MG)
                                                    :
                          Debtors.                  :     Jointly Administered
                                                    :
------------------------------------------------------------ x

**ORDER GRANTING JOINT APPLICATION OF THE DEBTORS, AFI, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CERTAIN OBJECTING COMMITTEE MEMBERS, IN THEIR INDIVIDUAL CAPACITY, PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018, TO FILE OBJECTIONS TO THE DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF THE RMBS TRUST SETTLEMENT AGREEMENTS, AND REPLIES TO SUCH OBJECTIONS, UNDER SEAL**

Upon the Application,[1] dated January 31, 2013, of Residential Capital, LLC and its affiliated Debtors in the above captioned case (the "**Debtors**"), Ally Financial, Inc. ("**AFI**"), the Official Committee of Unsecured Creditors (the "**Committee**"), and certain objecting Committee members, including FGIC, MBIA, and Wilmington Trust, in their individual capacity, (the "**Objecting Committee Members**"), for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors, AFI, the Committee and the Objecting Committee Members to file Objections, Replies, and accompanying declarations and exhibits to the Bankruptcy Court under seal, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

AFI, the Committee and the Objecting Committee Members having provided notice of the Application to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Application establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Committee and Objecting Committee Members are authorized to file Objections to the Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements, and accompanying declarations and exhibits, under seal.

3. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtors and AFI are authorized to file Replies to such Objections, and accompanying declarations and exhibits, under seal.

4. The rights of the Committee and the Objecting Committee Members to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order are hereby preserved.

5. The filing of the redacted Objections, Replies, and accompanying declarations and exhibits, and delivery of unredacted Objections, Replies, and accompanying declarations and exhibits, to the Bankruptcy Court, under seal, by February 1, 2013, shall constitute compliance with paragraph 10 of the Fourth Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding Debtors' Motion for Approval of RMBS Trust Settlement Agreements [Docket No. 2528] (the "**Scheduling Order**").

6. The unredacted Objections, Replies, and accompanying declarations and exhibits (the "**Sealed Documents**") shall not be disclosed to any parties in these cases other than (a) the Bankruptcy Court (b) counsel to the Debtors; (c) counsel to AFI; (d) counsel to the Steering Committee Group; (e) counsel to the Talcott Franklin Group; (f) counsel to the RMBS Trustees; (g) counsel to the Committee; (h) counsel to the Objecting Committee Members; (i) counsel to the Junior Secured Noteholders; (j) the Examiner and his counsel; (k) the United States Trustee, and (l) subject to the terms of the Confidentiality Agreements, the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee, and as further directed by the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee.

7. Parties receiving Sealed Documents shall treat them as Confidential as defined by the Confidentiality Agreements so long as the Sealed Documents, or any portions thereof, remain under seal.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:_____, 2013

    New York, New York

                                    UNITED STATES BANKRUPTCY JUDGE