IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------- x
                                                        )
In re:                                                  )   Case No. 12-12020 (MG)
                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,                       )   Chapter 11
                                                        )
         Debtors.                                       )   Jointly Administered
                                                        )
                                                        )
------------------------------------------------------- x
```

# DECLARATION OF ERIN N. BRADY

I, Erin N. Brady, make this declaration based on my personal knowledge and pursuant to 28 U.S.C. § 1746. I hereby state as follows:

1. I am Of Counsel with the law firm Jones Day, and I am admitted in the state of California.

2. I respectfully submit this declaration in connection with the Objection of Financial Guaranty Insurance Company to the Debtors' Second Supplemental Motion Pursuant to Fed. R. Bank. P. 9019 for Approval of the RMBS Trust Settlement Agreements.

3. I supervised the review of the electronic metadata fields that were produced to Financial Guaranty Insurance Company from the Debtors and Ally ("Produced Metadata").

4. I caused a search of the Produced Metadata using the electronic discovery platform DocuMatrix, the proprietary document hosting platform maintained by Epiq Systems, Inc.

5. Attached hereto as Exhibit A is a group of charts summarizing the results of the database searches. Attached hereto as Exhibits B to J are spreadsheets listing, in chronological order, each email located, including the "To, "CC," "From," and "Subject" fields.

6. I caused a search to be conducted for the following individuals in the "To" and "CC" Produced Metadata fields: Tammy Hamzehpour ("Hamzehpour"), Timothy Devine ("Devine") and Gary Lee ("Lee").[1] I reviewed a summary of the Produced Metadata search results, and determined the following:

(a) Hamzehpour received 607 unique emails during the period of July 12, 2011 through May 13, 2012.[2] On May 13, 2012, the day the proposed settlement was finalized, Hamzehpour received 22 emails.

(b) Devine received 1,034 unique emails during the period of June 8, 2011 through May 13, 2012.[2] On May 13, 2012, Devine received 216 emails.

(c) Lee received 1,012 unique emails during the period of April 5, 2012 through May 13, 2012.[2] On May 13, 2012, Lee received 351 emails.

7. I caused a search be conducted for the following individuals in the "From" Produced Metadata field: Hamzehpour, Devine and Lee.[3] I reviewed a summary of the Produced Metadata search results, and determined the following:

(a) Hamzehpour authored 65 unique emails during the period of June 29, 2011 through May 13, 2012.[2] Of these emails, three pre-dated October, 2011, and were not related to the RMBS settlement negotiations with the institutional investors. Those emails are attached hereto as Exhibit K. On May 13, 2012, Hamzehpour sent three emails.

(b) Devine authored 401 unique emails during the period of August 18, 2011 through May 13, 2012.[2] On May 13, 2012, Devine sent 76 emails.

---

[1] See Exhibit L for a list of the metadata fields used to populate this search.

[2] This is the date range of emails produced that (i) hit on the search term and (ii) relate to the RMBS Trust Settlement Agreements and/or the negotiations concerning them, up until signing of the agreements.

[3] See Exhibits M and N for a list of the metadata fields used to populate these searches.

(c) Lee authored 135 unique emails during the period of April 16, 2012 through May 13, 2012.[2] On May 13, 2012, Lee sent 10 emails.

8. I supervised a further review of the "To" and "CC" Produced Metadata fields within the 65 unique emails authored by Hamzehpour, the results of which are reflected in the group of charts attached as Exhibit A, and the spreadsheets attached as Exhibits B to J, and determined that:

(a) 47 emails were sent to Devine, of which two were sent solely to Devine and 22 were sent to Devine as the first recipient of the email when addressed to multiple recipients;

(b) 16 emails were sent to Lee, of which nine were sent solely to Lee and five were sent to Lee as the first recipient of the email when addressed to multiple recipients;

(c) Four emails were sent to individuals at Gibbs & Brun LLP ("Steering Committee Group"), of which three were sent to Kathy Patrick as the first recipient of the email; and

(d) Two emails were sent to individuals at Talcott Franklin, P.C. ("Talcott Franklin Group"), of which none were sent to Mr. Talcott Franklin.

(e) Ms. Hamzehpour's emails that were produced and not withheld as privileged are largely process oriented, arranging meetings, transmitting signatures or documents. Attached hereto as Exhibit O is a complete copy of the 65 emails that Ms. Hamzehpour sent between July 12, 2011 through May 13, 2012.

9. I supervised the review of the "To" and "CC" Produced Metadata fields within the 401 unique emails authored by Devine and determined that:

    (a)    148 emails were sent to Hamzehpour, of which four were sent solely to Hamzehpour and 41 were sent to Hamzehpour as the first recipient of the email when addressed to multiple recipients;

    (b)    105 emails were sent to Lee, of which one was sent solely to Lee and 49 were sent to Lee as the first recipient of the email when addressed to multiple recipients;

    (c)    67 emails were sent to the Steering Committee Group, of which 31 were sent solely to Kathy Patrick and 12 were sent to Kathy Patrick as the first recipient of the email when addressed to multiple recipients; and

    (d)    27 emails were sent to the Talcott Franklin Group, of which 13 were sent solely to Mr. Talcott Franklin and 10 were sent to Mr. Franklin as the first recipient of the email when addressed to multiple recipients.

10.    I supervised the review of the "To" and "CC" Produced Metadata fields within the 135 unique emails authored by Lee and determined that:

    (a)    65 emails were sent to Hamzehpour, of which six were sent solely to Hamzehpour and nine emails were sent to Hamzehpour as the first recipient of the email when addressed to multiple recipients;

    (b)    85 emails were sent to Devine, none of which were sent solely to Devine and 38 of which were sent to Devine as the first recipient of the email when addressed to multiple recipients;

    (c)    28 emails were sent to the Steering Committee Group, of which four were sent solely to Kathy Patrick and 17 were sent to Kathy Patrick as the first recipient of the email when addressed to multiple recipients; and

NYI-4488122v6

4

   (d) Eight emails were sent to the Talcott Franklin Group, of which none were sent to Mr. Franklin.

11. I supervised the review of the privilege logs of Debtors and Ally Financial, Inc. ("Ally") submitted to Financial Guaranty Insurance Company, which indicate that of those emails that were withheld based on a purported privilege, Tammy Hamzehpour ("Hamzehpour") authored 80 emails, Timothy Devine ("Devine") authored 149 emails, and Gary Lee ("Lee") authored 197 emails.

Executed on November 29, 2012  
Los Angeles, California

                    _____  
                    Erin N. Brady

NYI-4488122v6

5