WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile:  (212) 354-8113
J. Christopher Shore (JCS – 6031)
Harrison L. Denman (HD – 1945)

    - and -

MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
Gerard Uzzi (GU – 2297)

Attorneys for the Ad Hoc Group
of Junior Secured Noteholders

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Case No. 12-12020 (MG) |
| Debtors. | ) (Jointly Administered) |

**MOTION OF AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND CASE MANAGEMENT ORDER FOR AUTHORITY TO FILE OBJECTION AND <u>SUPPORTING EXHIBITS UNDER SEAL</u>**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

      The Ad Hoc Group of Junior Secured Noteholders (the "<u>Ad Hoc Group</u>")[1], by and through its undersigned counsel, hereby submits this motion (the "<u>Motion</u>") pursuant to section

---

[1] The Ad Hoc Group is comprised of certain holders of 9.625% Junior Secured Guaranteed Notes due 2015 (the "<u>Junior Secured Noteholders</u>") issued under that certain Indenture dated as of June 6, 2008.

107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Case Management Order[2] for authority (i) to file in partially redacted form the Ad Hoc Group's objection to the Debtors' motion for approval of the RMBS Trust Settlement[3] (the "Objection") and certain exhibits to the Declaration of Harrison Denman in Support of the Objection (the "Denman Declaration"); and (ii) to file unredacted copies under seal. The Ad Hoc Group respectfully states as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The predicates for the relief requested herein are Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

### Relevant Factual Background

2. On February 17, 2012 White & Case LLP as counsel to the Ad Hoc Group (together with Milbank Tweed Hadley & McCloy LLP,[4] "Counsel") entered into a nondisclosure agreement with the Debtors (the "NDA") under which the Debtors agreed to furnish certain information (the "Evaluation Material") to Counsel. The NDA imposes certain restrictions on the disclosure of any such Evaluation Material.

3. The Debtors have stated that they believe certain documents and deposition testimony produced during discovery in connection with the motion for approval of the RMBS

---

[2] Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [ECF No. 141] (the "Case Management Order").

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

[4] Milbank Tweed Hadley & McCloy LLP is co-counsel to the Ad Hoc Group.

Trust Settlement constitute Evaluation Material subject to the NDA (the "<u>Purported Evaluation Material</u>"). The Objection and certain exhibits to the Denman Declaration refer to and/or include certain Purported Evaluation Material. The Debtors have waived any applicable confidentiality restrictions with respect to some, but not all, of the Purported Evaluation Material.

### Relief Requested

4.  By this Motion, the Ad Hoc Group requests entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to Section 107(b) of Bankruptcy Code, Bankruptcy Rule 9018, and the Case Management Order authorizing the Ad Hoc Group (i) to file in partially redacted form the Objection and certain exhibits to the Denman Declaration and (ii) to file unredacted copies under seal.

### Basis for Relief

5.  Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b). In addition, Bankruptcy Rule 9018 provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information." Fed. R. Bankr. P. 9018(1).

6.  Paragraph 22 of the Case Management Procedures provides:

> If a party seeks to file any document (including any Filing) or part thereof under seal, such party shall file either (a) a motion with the Court seeking such relief (a "Motion to File Under Seal"), with notice thereof to parties entitled to such notice under the Bankruptcy Rules, and shall schedule a hearing on such motion at the next Omnibus Hearing in accordance with the provisions of this Order or (b) a notice of presentment of an order granting such relief (a "Seal Order") pursuant to Local Bankruptcy Rule 9074-1(b) (a "Notice of Presentment of Seal Order"), with notice thereof to parties entitled to such notice under Local

        Bankruptcy Rule 9074-1(b). Contemporaneously with the filing of a Motion to File Under Seal or a Notice of Presentment of Seal Order, the party shall transmit to the Court's chambers a copy of such Motion to File Under Seal or Seal Order and, if the movant determines it is necessary or appropriate, the document(s) sought to be sealed. The party may seek to shorten the notice period for a Motion to File Under Seal or a Notice of Presentment of Seal Order upon proper motion (which may be made as part of the Motion to File Under Seal).

7.     The Debtors have stated that disclosure by the Ad Hoc Group of any Purported Evaluation Material excluded from the Debtors' waiver of confidentiality restrictions would violate the NDA. The Ad Hoc Group disagrees. Nonetheless, out of an abundance of caution, the Ad Hoc Group seeks authority (i) to file in partially redacted form the Objection and certain exhibits to the Denman Declaration and (ii) to file unredacted copies under seal.

8.     No party in interest will be prejudiced by the relief requested.

9.     For the foregoing reasons, the Ad Hoc Group respectfully requests that this Court grant the relief requested herein.

## Notice

10.     Notice of this Motion has been given to all parties that are entitled to service of the Objection pursuant to the Case Management Order. The Ad Hoc Group respectfully submits that no other or further notice is necessary under the circumstances.

## Prior Requests

11.     No prior request for the relief sought in this Motion has been made to this or any other court.

## Conclusion

12. WHEREFORE, the Ad Hoc Group respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A, authorizing the Ad Hoc Group (i) to file in partially redacted form the Objection and certain exhibits to the Denman Declaration, (ii) to file unredacted copies under seal, and (iii) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: February 1, 2013<br>New York, New York | Respectfully submitted,<br><br>By: /s/ J. Christopher Shore<br>J. Christopher Shore<br><br>WHITE & CASE LLP<br>1155 Avenue of the Americas<br>New York, New York 10036-2787<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113<br>J. Christopher Shore (JCS – 6031)<br>Harrison L. Denman (HD – 1945)<br><br>- and -<br><br>MILBANK, TWEED, HADLEY & MCCLOY LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219<br>Gerard Uzzi (GU – 2297)<br><br>Attorneys for the Ad Hoc Group of Junior Secured Noteholders |