# EXHIBIT A

**In Re:**

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020-mg*

*October 10, 2012*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*

Min-U-Script® with Word Index

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 12-12020-mg

- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors.

- - - - - - - - - - - - - - - - - - - - -x

United States Bankruptcy Court

One Bowling Green

New York, New York

October 10, 2012

10:04 AM

B E F O R E:

HON. MARTIN GLENN

U.S. BANKRUPTCY JUDGE

reasonableness, the Court is required to approve the settlement, I don't read Iridium that way. I don't read TMT Trailer Ferry that way. I don't read the other cases regarding approval of 9019 settlements that way.

It is -- that isn't to say that I would conclude it can't be approved. You seem to be arguing that the Court has no alternative at that point, but to approve it. I don't agree with that statement.

MR. PRINCI: Understood, Your Honor. I think the way we -- what the debtors would argue, Your Honor, Iridium stands for, is that --

THE COURT: Because -- wait a second --

MR. PRINCI: Yes.

THE COURT: -- Mr. Princi. 8.7 could be a dollar value within the range of reasonableness, but the other settlement terms may be such that the settlement should not be approved. Okay? I don't know whether that's the case. I'm not making any determination. The parties will lay out their positions. But you shouldn't think you're going to come into the hearing and simply -- because you've asserted this position and you can carry forward with it, if you wish. But it's not my understanding of the law.

You've been consistent in articulating the view that the only issue for the Court at the settlement hearing is whether the 8.7 billion dollars is above the lowest point in

the range of reasonableness. I will have an open mind at the hearing. But, you know, I can't count the number of times I have applied the Iridium factors in 9019 motions, and I -- if your argument is that the Court must approve a settlement any time it is above the lowest point in the range of reasonableness, that's not my understanding of the law.

That is certainly a very, very important factor, maybe the most important factor. We'll have to see. But if the remaining terms of the settlement are such, for example, if the -- any party that objects were to establish that the range of reasonableness was 3 billion to 12 billion, we settled on 8.7 billion, probably higher than we otherwise would have, because of the benefits it confers on AFI, that's going to be an argument I'm going to hear and consider.

So I don't doubt, it's a very complex matter. But I just -- the reason I take the time to go through this now is, you've been consistent at every hearing when you've opposed discovery about the negotiations that the only thing that matters at this hearing is whether 8.7 billion is in the range of reasonableness. It's not.

MR. PRINCI: Judge, I think I've been consistent, but perhaps not clear. We appreciate the fact that that is one of the factors.

THE COURT: We'll both agree on that.

MR. PRINCI: Judge, we appreciate that it is a factor.