MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Stefan W. Engelhardt
Alexandra Steinberg Barrage

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' AMENDED JOINDER TO MOTION BY ALLY FINANCIAL INC. AND ALLY BANK FOR AN ORDER ENFORCING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(a)(3) BY (1) ENJOINING PROSECUTION OF ALTER EGO AND VEIL PIERCING CLAIMS IN THE CLASS ACTION ENTITLED *LANDON ROTHSTEIN, ET AL. V. GMAC MORTGAGE, LLC, ET AL.,* AND <u>(2) DECLARING SUCH CLAIMS VOID *AB INITIO*</u>**

ny-1076410

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................2

JURISDICTION ..............................................................................................................................3

BACKGROUND ............................................................................................................................3

    A.    General Background of These Chapter 11 Cases. ...................................................3

    B.    The Allegations Contained in the Amended Complaint..........................................4

ARGUMENT ..................................................................................................................................6

    A.    This Court Should Enjoin the Alter-Ego Claims, the Prosecution of Which Would Interfere With The Debtors' Ability to Pursue Recoveries for the Benefit of All Creditors. ........................................................................................6

CONCLUSION ..............................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Enron Corp. v. California ex rel. Lockyer (In re Enron Corp.),*
   314 B.R. 524 (Bankr. S.D.N.Y. 2004) ........................................................................... 6, 8

*In re Alper Holdings,*
   398 B.R. ........................................................................................................................ 7, 8, 9

*In re Enron*,
   No. 01 B 16034 (AJG), 2003 WL 1889040 (Bankr. S.D.N.Y. Apr. 17, 2003) ................ 7, 8, 9

*In re Keene Corp.*,
   164 B.R. 844 (Bankr. S.D.N.Y. 1994) ................................................................................. 9

*In re Madoff,*
   848 F. Supp. 2d 469 (S.D.N.Y. 2012) ............................................................................... 10

*Kalb, Voorhis & Co. v. Am. Fin. Corp.*,
   8 F.3d 130 (2d Cir. 1993) ................................................................................................ 7, 9

*Koch Ref. v. Farmers Union Cent. Exch., Inc.*,
   831 F.2d 1339 (7th Cir. 1987) (cited by *In re Cabrini Med. Ctr*., No. 09-14398
   (ALG), 2012 Bankr. LEXIS 2747, at *29 (Bankr. S.D.N.Y. June 15, 2012)) ...................... 8

*SEC v. Brennan*,
   230 F.3d 65 (2d Cir. 2000) .................................................................................................. 6

*St. Paul Fire & Marine Ins. Co. v. Pepsico, Inc.*,
   884 F.2d 688 (2d Cir. 1989) ........................................................................................ 7, 8, 9

**STATUTES**

11 U.S.C. § 362(a)(3) ................................................................................................................. 6

12 U.S.C. § 2602(2) ................................................................................................................... 4

28 U.S.C. §§ 157 and 1334 ........................................................................................................ 3

28 U.S.C. §157(b) (2) ................................................................................................................ 3

28 U.S.C. §§ 1408 and 1409 ...................................................................................................... 3

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Stefan W. Engelhardt
Alexandra Steinberg Barrage

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' JOINDER TO MOTION BY ALLY FINANCIAL INC. AND ALLY BANK FOR AN ORDER ENFORCING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(a)(3) BY (1) ENJOINING PROSECUTION OF ALTER EGO AND VEIL PIERCING CLAIMS IN THE CLASS ACTION ENTITLED *LANDON ROTHSTEIN, ET AL. V. GMAC MORTGAGE, LLC, ET AL.*, AND (2) DECLARING SUCH CLAIMS VOID *AB INITIO***

Debtor Residential Capital, LLC and its affiliated debtors in these chapter 11 cases (collectively, the "Debtors") respectfully submit this joinder (the "Joinder") to the Motion (the "Motion") by Ally Financial Inc. ("Ally Financial") and Ally Bank (together with Ally Financial, "AFI") for an Order Enforcing the Automatic Stay Pursuant to 11. U.S.C. § 362(a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled

ny-1076410

*Landon Rothstein, et al v. GMAC Mortgage, LLC, et al.,*[1] and (2) Declaring Such Claims Void *Ab Initio*. In support of the Joinder, the Debtors respectfully state as follows (Docket No. 2511).

## PRELIMINARY STATEMENT

1.  The first amended complaint brought by the plaintiffs (the "Plaintiffs") in the *Rothstein et al. v. Ally Financial Inc. et al.* class action (the "Action") improperly asserts alter ego and veil-piercing claims against AFI. Those claims are property of the Debtors' estate and subject to the automatic stay, and therefore cannot be pursued by the Rothstein Plaintiffs. The Debtors therefore join the Motion to enforce the automatic stay and prosecution of such claims.

2.  The Action was originally commenced pre-petition against GMAC Mortgage, LLC ("GMACM") and other defendants, and later amended post-petition to remove GMACM and add Ally Financial and Ally Bank as co-defendants. As described in the Motion, the Plaintiffs seek to hold AFI liable for various causes of action on an alter-ego theory of liability. Their argument is premised, among other things, on AFI's "complete dominion and control over the affairs, activities, and operations of its subsidiaries, including GMACM . . ." *Amended Complaint* ¶ 13. As demonstrated below, bankruptcy courts uniformly hold that alter-ego claims alleging generalized injury are quintessentially estate claims that may only be brought by the estate. None of the causes of action raised in the Amended Complaint allege particularized injury to the Rothstein Plaintiffs, and therefore the underlying claims — even if they had merit — belong exclusively to the Debtors.

3.  Accordingly, for all the reasons described herein, the Debtors respectfully request that the Court grant the Motion.

---

[1] As discussed below, the operative complaint is the *First Amended Class Action Complaint*, filed September 28, 2012 in the United States District Court for the Southern District of New York, Civ. Action No.: 1:12-CV-3412 (AJN), which is referred to herein as the "Amended Complaint".

**JURISDICTION**

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b) (2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested by the Motion are sections 362 and 541 of the Bankruptcy Code.

**BACKGROUND**

A. **General Background of These Chapter 11 Cases.**

5. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court. The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. As of the Petition Date, the Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.

6. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. Their chapter 11 cases (collectively, the "Bankruptcy Case") are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). No trustee has been appointed in the Bankruptcy Case.

7. On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors.

8. On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner.

3

B.  **The Allegations Contained in the Amended Complaint**.

9. The Amended Complaint brings seven causes of action against Ally Financial, Inc., Ally Bank, Balboa Insurance Company, Meritplan Insurance Company, Newport Management Corporation, and a "John Doe Corporation." GMACM was named as a defendant in the initial complaint filed in the Action; the Amended Complaint removed GMACM as a defendant and added AFI as defendants.

10. The seven causes of action asserted by the Plaintiffs in the Amended Complaint are:

- Count I: Violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO");

- Count II: Conspiracy to commit RICO violations;

- Count III: Violation of RESPA;

- Count IV: Breach of Contract;

- Count V: Breach of the implied covenant of good faith and fair dealing;

- Count VI: Common law restitution/unjust enrichment/disgorgement; and

- Count VII: Breach of fiduciary duty/misappropriation of funds held in trust.

11. A review of the Amended Complaint reveals that each of these causes of action is based exclusively on the alleged conduct of GMACM. Counts III through VII, moreover, require an alter ego claim to attribute liability to AFI. For example, the lynchpin of Count III, a claim for alleged violations of RESPA, is the Plaintiffs' allegation that the "Balboa Defendants unlawfully gave and GMACM unlawfully received 'kickbacks' within the meaning of RESPA, 12 U.S.C. § 2602(2), in connection with the referral of bogus 'commissions.'" *Amended Complaint* ¶ 277. The Plaintiffs, however, do not allege that AFI committed any violations of RESPA, but rather premise liability upon AFI through an alter-ego theory of liability:

4

ny-1076410

> Ally Financial is vicariously liable *for GMAC's violations of RESPA* by virtue of the fact that, as alleged above, GMACM and its parent, ResCap, operated as mere instrumentalities or alter-egos of Ally Financial at all times relevant hereto.

*Amended Complaint* ¶ 282 (emphasis added).[2]

12. Similarly, Count IV of the Amended Complaint brings a breach of contract claim against AFI, but again purports to base liability against AFI on the basis of an alter-ego theory of liability:

> Ally Financial is vicariously liable *for GMACM's breaches of contract* by virtue of the fact that, as alleged above, GMACM and its parent, ResCap, operated as mere instrumentalities or alter-egos of Ally Financial at all times relevant hereto.

*Amended Complaint* ¶ 290 (emphasis added). Indeed, the Plaintiffs do not allege any breaches of any alleged contract by Ally Financial.

13. Counts V through VII premise liability on an identical alter-ego theory of liability:

- Count V sets forth a count for the breach of implied covenant of good faith and fair dealing based upon Ally Financial's "vicarious liab[ility] for GMACM's breaches of contract . . . ." *Amended Complaint ¶ 300*.

- Count VI similarly sets forth a claim for common law restitution, unjust enrichment, and disgorgement again based upon allegations that Ally Financial is "vicariously liable for GMACM's unjust enrichment . . . ." *Amended Complaint* ¶ 308.

- Count VII also uses an identical theory of "vicarious liability" to allege a breach of fiduciary duty and misappropriation of fund claim against Ally Financial. *Amended Complaint* ¶ 320.

14. None of the counts alleges any independent direct "wrongdoing" of AFI. Rather, liability against AFI on Counts III through VII is premised solely upon an alter-ego theory of liability. In essence, the Plaintiffs have collected an amalgam of alleged wrongdoing undertaken

---

[2] The Plaintiffs also separately allege for Counts III through VII that Ally Bank is "vicariously liable" for GMACM's alleged violations of RESPA on a principal/agent theory. *See, e.g., Amended Complaint* ¶283

5
ny-1076410

by GMACM, and have, through the Amended Complaint, attempted to circumvent application of the automatic stay.

## ARGUMENT

17. The Debtors respectfully submit that the Court should exercise its jurisdiction to enforce the automatic stay. "The scope of the automatic stay is broad." *Enron Corp. v. California ex rel. Lockyer (In re Enron Corp.),* 314 B.R. 524, 533 (Bankr. S.D.N.Y. 2004) (citation omitted). The automatic stay is designed to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." *SEC v. Brennan*, 230 F.3d 65, 71 (2d Cir. 2000) (internal quotation omitted). The Amended Complaint, however, and the alter-ego claims it asserts seek "to exercise control over property of the estate" (Bankruptcy Code § 362(a)(3)) and, accordingly, may be properly enjoined by this Court.

**A.    This Court Should Enjoin the Alter-Ego Claims, the Prosecution of Which Would Interfere With The Debtors' Ability to Pursue Recoveries for the Benefit of All Creditors.**

18. No creditor of the Debtors' estates, including the Plaintiffs, has the right to pursue alter ego claims, which would effectively allow any such creditor, if successful, to pierce the corporate veil of any of the Debtors and shield any recoveries received from AFI from all other unsecured creditors who have common claims. If proven, the conduct underlying any of the alleged harm to the Plaintiffs could be said equally to harm all creditors of the Debtors. Indeed, the same veil-piercing allegations advanced by the Plaintiffs are a common vein throughout the Debtors' various creditor constituencies. The veil-piercing allegations raised in the Amended Complaint are precisely the types of claims that courts routinely have held to be "general" in nature and the exclusive property of a debtor's estate. At best, the allegations describe "general"

6

conduct that would have affected all creditors alike and could not have resulted in any particularized injury to the Plaintiffs.

19.  A cause of action "belongs to the bankruptcy trustee and is considered property of the estate" when two conditions are met: "(1) the claim must be one that the trustee has a right to assert under the applicable state law; and (2) the claim must be general to the corporation rather than personal to the creditors." *In re Alper Holdings,* 398 B.R. at 759 (citing *Kalb, Voorhis & Co. v. Am. Fin. Corp.*, 8 F.3d 130, 132 (2d Cir. 1993)); *St. Paul Fire & Marine Ins. Co. v. Pepsico, Inc.*, 884 F.2d 688, 700-02 (2d Cir. 1989) (holding that alter ego claim was property of the estate and therefore creditor had no standing to assert it)). Where a debtor has a right to assert an alter ego claim, that claim is the exclusive property of the debtor's estate and the claim may be asserted only by the trustee or debtor-in-possession. *Kalb*, 8 F.3d at 132.

20.  The first element — that the claim be one that "the trustee has a right to assert under applicable state law," *Alper Holdings*, 398 B.R. at 759 — is satisfied. Delaware law determines whether the Debtors have the right to assert a claim to pierce their own corporate veils to make claims against AFI. That is because GMACM, whose corporate veil would be pierced, is a limited liability company formed under Delaware law. That law is clear that alter ego claims are properly prosecuted by a trustee or a debtor-in-possession. *Kalb*, 8 F.3d at 132; see also *In re Enron*, No. 01 B 16034 (AJG), 2003 WL 1889040, at *3 (Bankr. S.D.N.Y. Apr. 17, 2003) ("the trustee or debtor-in-possession would have exclusive standing to maintain a Delaware corporation's alter ego claim of a general nature.").

21.  Because Delaware law allows a subsidiary to maintain an action against a corporate parent, courts have found that a Delaware court would permit a debtor corporation to assert a claim to pierce its own corporate veil. See, e.g., *In re Enron*, 2003 WL 1889040, at *3. Typically, "the trustee or debtor-in-possession would have exclusive standing to maintain a

7

Delaware corporation's alter ego claim of a general nature." *Id*. at *3. As the *Enron* court explained:

> The trustee or debtor-in-possession is given [the] exclusive right to assert alter ego claims to ensure fair and equitable treatment of all similarly situated creditors. This is because if alter ego allegations are proven, more assets are available to that debtor to meet creditor claims. Allowing the trustee or debtor-in-possession to pursue the claim avoids the prospect of creditors seeking to gain advantage over other creditors by pursuing the alter ego claims on a first-come, first-serve basis. Those creditors asserting them first would be preferred to others. Where claims are property of a debtor's estate, an individual creditor may not assert it until the trustee abandons the claim.

*Id*. at *4 (citations omitted) (emphasis added).

22. The second element — that the claim be "general to the corporation rather than personal to the creditors," *In re Alper Holdings*, 398 B.R. at 759 — is also satisfied. *In re Enron*, 2003 WL 1889040, at *4 ("Where a claim is generalized with no particularized injury stemming from it and where the claim may be brought by any creditor, the trustee or debtor-in-possession is the appropriate party to assert the claim and creditors are subject to the outcome of the action brought by the trustee or debtor-in-possession."). A cause of action is considered "personal" if there is injury only to one or a select group of specific creditors, and other creditors have no interest in the action. *Koch Ref. v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1348-49 (7th Cir. 1987) (cited by *In re Cabrini Med. Ctr.*, No. 09-14398 (ALG), 2012 Bankr. LEXIS 2747, at *29 (Bankr. S.D.N.Y. June 15, 2012)). If the direct injury stemming from the alleged misuse of the corporate form and misappropriation of corporate assets is to the controlled entity, and merely reduces assets available to pay creditors, the cause of action belongs to the corporation. *St. Paul*, 884 F.2d at 805; *Koch*, 831 F.2d at 1350. The injury cannot be "a secondary effect from the harm done to [the corporation]." *St. Paul*, 884 F.2d at 704.

8

23.     The allegations in the Amended Complaint fail to identify any particularized injury suffered by the Plaintiffs. The Motion collects the allegations advanced by the Plaintiffs in support of their alter-ego claims and correctly notes that each of the allegations are typical of allegations that can be (and have been) advanced by many of the creditor constituencies in these chapter 11 cases.[3] Those allegations include, among others: the exercise of complete dominion and control by AFI over the operations of its subsidiaries; shared management and employees among AFI and certain of the Debtors; overlapping boards of directors; undercapitalization of the Debtors; and referring to certain of its subsidiaries as business units.[4]

24.     These allegations are of the type of "general" allegations that courts hold are insufficient to render an alter-ego claim "personal" to one or a select group of creditors. *See, e.g., Kalb* 8 F.3d at 132; *St. Paul,* 884 F.2d at 700-702; *Alper Holdings,* 398 B.R. at 760. The purported harms suffered by the Plaintiffs are no different than the putative harms suffered by the Debtors' creditors generally, and accordingly any purported alter-ego claims belong to the Debtors in order to "ensure fair and equitable treatment of all similarly situated creditors." *In re Enron,* 2003 WL 1889040, at *4.

25.     Indeed, enforcing the automatic stay to enjoin prosecution of the estate claims furthers sound bankruptcy policy. Absent the Bankruptcy Court's power to enjoin the Plaintiffs from pursuing the estate claims advanced in the Amended Complaint, the Debtors' ability to pursue settlement recoveries for the benefit of <u>all</u> creditors of the estates would be significantly hampered. *See In re Keene Corp.*, 164 B.R. 844, 853 (Bankr. S.D.N.Y. 1994) ("The Court cannot sanction a practice which permits creditors to assert general, indirect claims in order to

---

[3] For example, Financial Guaranty Insurance Company commenced a variety of actions against AFI and certain Debtor entities in advance of Debtors' chapter 11 filings. The complaints in those actions are replete with allegations of alter-ego and veil piercing claims. *See, e.g., FGIC v. Ally Financial, Inc. et al.,* 12-CV-01818 (PAC); *FGIC v. Ally Financial, Inc. et al,* 12-CV-01860.
[4] The various veil-piercing allegations advanced by Plaintiffs in the Amended Complaint are set forth in Paragraph 21 of the Motion.

achieve a greater distribution on a first come, first serve basis from assets which the trustee has standing to recover, and which, if recovered, will be available to satisfy the claims of all creditors."); *cf. In re Madoff*, 848 F. Supp. 2d 469, 489-90 (S.D.N.Y. 2012) (noting that third-party state law claims subject of class action, which sought to redress a "common harm," were duplicative of claims owned by the estate, and therefore the estate was entitled to enjoin them).

26. The Amended Complaint, therefore, sets forth alter-ego claims that properly belong to the Debtors' estates. This Court should grant the Motion and enjoin the prosecution of those claims.

## CONCLUSION

27. For the foregoing reasons, the Debtors respectfully request that this Court grant the Motion and enjoin the prosecution of the estate claims asserted in the Amended Complaint.

Dated: February 1, 2013

                              Respectfully submitted,

                              /s/ Gary S. Lee
                              MORRISON & FOERSTER LLP
                              1290 Avenue of the Americas
                              New York, New York 10104
                              Telephone: (212) 468-8000
                              Facsimile: (212) 468-7900
                              Gary S. Lee
                              Stefan W. Engelhardt
                              Alexandra Steinberg Barrage

                              *Counsel for the Debtors and Debtors-in Possession*