**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

In re                                                  :          **Chapter 11**
                                                       :
**RESIDENTIAL CAPITAL, LLC, et al.,** [1]              :          **Case No. 12-12020 (MG)**
                                                       :
                                                       :
                                                       :          **(Jointly Administered)**
                Debtors.                               :
-------------------------------------------------------x

<u>**AFFIDAVIT OF SERVICE**</u>

I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On January 30, 2013, at my direction and under my supervision, employees of KCC caused the following document to be served via Electronic mail upon the Monthly Service list attached hereto as **Exhibit A**, via First Class mail upon the parties on the Special Service List attached hereto as **Exhibit B**, and via Overnight mail upon the parties on the service list attached hereto as **Exhibit C**:

1. **Notice of Presentment of Stipulation and Order Between the Debtors and Ocwen Loan Servicing, LLC Approving Amendment No. 2 to the Ocwen APA**, attached hereto as **Exhibit D**

Dated:  February 4, 2013

_____
                                                       Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 4th of February, 2013, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

AIMEE M. PAREL
Commission # 1866499
Notary Public - California
Los Angeles County
My Comm. Expires Sep 27, 2013

1 The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Service, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (0869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2977); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc (8240); Residential Asset Mortgage Products, Inc (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0815); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc (6294); Residential Funding Mortgage Securities II, Inc (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

# EXHIBIT A

Exhibit A
Monthly Service List
Served via Electronic Mail

| NAME | NOTICE NAME | EMAIL | DESCRIPTION |
|---|---|---|---|
| Akerman Senterfitt LLP | Andrea S Hartley | andrea.hartley@akerman.com | Counsel to EverBank |
| Akerman Senterfitt LLP | Susan F Balaschak & Hadi Khatib | susan.balaschak@akerman.com; hadi.khatib@akerman.com | Counsel to EverBank |
| Alcantar Law PLLC | Jose Raul Alcantar Villagran | rajohnson@akingump.com; raul.alcantar@alcantarlaw.com | Counsel to Neighborhood Assistance Corporation of America |
| Akin Gump Strauss Hauer & Feld LLP | Fred S Hodara & Robert A Johnson & Christopher W Carty | ccarty@akingump.com; fhodara@akingump.com | Counsel to Aurelius Capital Management LP |
| Aldine Independent School District | Courtney F Harris, Pamela H Walters | bnkatty@aldine.k12.tx.us | Attorneys for the Aldine Independent School District |
| Aldridge Connors LLP | Bankruptcy Department | ecfmail@aclawllp.com | PennyMac Loan Services, LLC |
| Allen & Overy LLP | Ken Coleman & John Kibler | ken.coleman@allenovery.com; john.kibler@allenovery.com | Counsel to HSBC Bank USA, NA as Trustee of Certain Mortgage Backed Securities |
| Ally Financial Inc | Jeffrey Brown Corporate Treasurer | jeff.brown@gmacfs.com; william.b.solomon@ally.com | Secured Lender under the Secured Revolver and Line of Credit |
| Alston & Bird LLP | John C Weitnauer Esq | kit.weitnauer@alston.com | Counsel to Wells Fargo Bank, N.A. in its capacity as trustee, indenture trustee or master servicer of certain RMBS trusts |
| Alston & Bird LLP | Martin G Bunin Esq & William Hao Esq | marty.bunin@alston.com; william.hao@alston.com | Counsel to Wells Fargo Bank, N.A. in its capacity as trustee, indenture trustee or master servicer of certain RMBS trusts |
| Alston & Bird LLP | William B Macurda | bill.macurda@alston.com | Counsel to Wells Fargo Bank, N.A. in its capacity as trustee, indenture trustee or master servicer of certain RMBS trusts |
| Assistant Attorney General | John Mark Stern bankruptcy & Collections Division | john.stern@texasattorneygeneral.gov | Counsel to the Texas Comptroller of Public Accounts |
| Attorney General of the State of Michigan Bill Schuette | Juandisha M Harris Asst Attorney General | harris12@michigan.gov | Attorney General for the State of Michigan |
| Ballard Spahr LLP | Sarah Schindler-Williams, Esquire | Schindlerwilliamss@ballardspahr.com | Counsel to PNC Bank NA |
| Bank of New York Mellon | Sarah Stout & Jennifer J Provenzano | Sarah.Stout@BNYMellon.com; Jennifer.Provenzano@BNYMellon.com; Mageshwaran.Ramasamy@BNYMellon.com | Securitization/HELOC Trustee |
| Barclays Bank PLC | Alicia Borys & Patrick Kerner | alicia.borys@barclays.com;patrick.kerner@barclays.com | Barclays Bank PLC, as administrative agent under the Pre-Petition GSAP Facility |
| Barclays Bank PLC | Joe Tricamo & May Wong | xrausloanops5@barclays.com | Barclays Bank PLC, as administrative agent under the Pre-Petition GSAP Facility |
| Barnes & Thornburg LLP | David M Powlen | david.powlen@btlaw.com | Counsel to USAA Federal Savings Bank |
| Barry B Eskanos JD MPA & Ami B Eskanos | | bbeskanos@aol.com | Creditor |
| Bernstein Litowitz Berger & Grossmann LLP | David R Stickney & Jonathan D Uslaner & Matthew P Jubenville | davids@blbglaw.com; jonathanu@blbglaw.com; matthewj@blbglaw.com | Counsel to Cambridge Place Investments Management Inc. |
| Bernstein Litowitz Berger & Grossmann LLP | Jai K Chandrasekhar | jai@blbglaw.com | Counsel to Cambridge Place Investments Management Inc. |
| Blank Rome LLP | Michael B Schaedle | schaedle@blankrome.com | Counsel to PNC Mortgage a Division of PNC Bank NA |
| Blank Rome LLP | Stanley B Tarr & Alan M Root | tarr@blankrome.com; root@blankrome.com | Counsel to PNC Mortgage a Division of PNC Bank NA |
| BMMZ Holding LLC | c/o Ally Financial Inc, Attn Courtney Lowman | courtney.lowman@ally.com | Buyer under the Pre-Petition Ally Repo Facility |
| Brian Kessler, et al | c/o Walters Bender Strohbehn & Vaughan, P.C. | jhaske@wbsvlaw.com | Top 50 Creditors |
| Brown Rudnick LLP | Jeffrey Jonas & Jeremy Coffy & Jonathan Marshall | jcoffey@brownrudnick.com; jjonas@brownrudnick.com; jdmarshall@brownrudnick.com | Counsel to Walter Investment Management Corp. |
| Brown Rudnick LLP | Sigmund S Wissner Gross | swissnergross@brownrudnick.com | Counsel to Paulson & Co. Inc. |
| Cadwalader Wickersham & Taft LLP | Gregory M Petrick & Ingrid Bagby | gregory.petrick@cwt.com;ingrid.bagby@cwt.com | Counsel to MBIA Insurance Corporation |
| Cadwalader Wickersham & Taft LLP | Mark C Ellenberg Esq | mark.ellenberg@cwt.com | Counsel to MBIA Insurance Corporation |
| Caley Dekhhoda & Quadri dba Wong Fleming | Dianna J Caley | dcaley@wongfleming.com | Counsel to Caley Dekhhoda & Qadri |
| Carter Ledyard & Milburn LLP | Aaron R Cahn & Leonardo Trivigno | bankruptcy@clm.com | Counsel to an Ad Hoc Consortium of RMBS holders |
| Chadbourne & Parke LLP | Attn Howard Seife & David M LeMay & Robert J Gayda & Marc B Roitman | hseife@chadbourne.com;dlemay@chadbourne.com; rgayda@chadbourne.com; mroitman@chadbourne.com | Counsel to the Examiner, Arthur J Gonzalez |
| Citibank NA | Attn Bobbie Theivakumaran | bobbie.theivakumaran@citi.com | Secured lender under the Mortgage Servicing Rights Facility |
| Cleary Gottlieb Steen & Hamilton LLP | Sean A O Neal and Thomas J Moloney | maofiling@cgsh.com; tmoloney@cgsh.com; soneal@cgsh.com; | Special Counsel to Wilmington Trust National Association as Indenture Trustee for Various Series of Unsecured Notes |
| Clifford Chance US LLP | Jennifer C DeMarco & Adam Lesman | jennifer.demarco@cliffordchance.com; adam.lesman@cliffordchance.com | Counsel to Ocwen Loan Servicing LLC |
| Cohen Milstein Sellers & Toll PLLC | Joel P Laitman, Christopher Lometti, Michael B Eisenkraft, Daniel B Rehns & Kenneth M Rehns | jlaitman@cohenmilstein.com;clometti@cohenmilstein.com; meisenkraft@cohenmilstein.com;drehns@cohenmilstein.com;krehns@cohenmilstein.com | Counsel to Lead Plaintiff |
| Cole Schotz Meisel Forman & Leonard PA | Michael D Warner & Emily S Chou | mwarner@coleschotz.com;echou@coleschotz.com | Counsel to HP Enterprise Services LLC |
| Commonwealth of Pennsylvania, Department of Labor and Industry | Joseph Kots | ra-li-ucts-bankrupt@state.pa.us | Commonwealth of Pennsylvania, Department of Labor and Industry, Office of Unemployment Compensation Tax Services (UCTS) |
| County Attorney for Broward County | Joni Armstrong Coffey | Hhawn@broward.org; Ckitchner@broward.org; swufekuhle@broward.org | County Attorney for Broward County |
| Crowe & Dunlevy PC | William H. Hoch | will.hoch@crowedunlevy.com | Counsel to MidFirst Bank |
| Curtis Mallet-Prevost Colt & Mosle LLP | Maryann Gallagher Esq | mgallagher@curtis.com | Proposed Conflicts Counsel to the Debtors |
| Curtis Mallet-Prevost Colt & Mosle LLP | Michael A Cohen Esq | macohen@curtis.com | Proposed Conflicts Counsel to the Debtors |
| Curtis Mallet-Prevost Colt & Mosle LLP | Steven J Reisman Esq | sreisman@curtis.com | Proposed Conflicts Counsel to the Debtors |
| Day Pitney LLP | Herbert K Ryder | hryder@daypitney.com | Counsel to Connecticut Housing Finance Authority |
| Day Pitney LLP | James J Tancredi | jjtancredi@daypitney.com | Counsel to Connecticut Housing Finance Authority |
| Day Pitney LLP | Joshua W. Cohen | jwcohen@daypitney.com | Counsel to Connecticut Housing Finance Authority |
| Dechert LLP | Glenn E Siegel, Hector Gonzalez, Brian E Greer & Mauricio A Espana | glenn.siegel@dechert.com;hector.gonzalez@dechert.com;brian.greer@dechert.com ;mauricio.espana@dechert.com; craig.druehl@dechert.com | Counsel to Bank of New York Mellon Trust Company NA |
| Deutsche Bank | Rosa Mendez | rosa.mendez@db.com | Securitization Trustee |
| Deutsche Bank Trust Company Americas | Attn Brendan Meyer | Brendan.meyer@db.com | Member of Official Committee of Unsecured Creditors |
| Deutsche Bank Trust Company Americas | c/o Kelvin Vargas | kelvin.vargas@db.com | Indenture Trustee to Unsecured Notes / Top 50 Creditor |
| Diem T Nguyen | | diem.home@gmail.com | Interested Party, Diem T Nguyen |
| Duane Morris LLP | Gerald S Catalanello Esq & james J Vinceguerra Esq | gcatalanello@duanemorris.com;jvinceguerra@duanemorris.com | Counsel to Green Planet Servicing LLC |
| Fannie Mae | Attn Peter McGonigle | peter_mcgonigle@fanniemae.com | Prepetition Lender - Fannie EAF |
| Fannie Mae | Catherine Lasher | catherine_lasher@fanniemae.com | GSE - Fannie Mae |
| Fein Such & Crane LLP | Joshua Sherer | jsherer@feinsuch.com | Counsel to GMAC Mortgage LLC; Counsel to Rushmore Loan Management Services, as servicer for Wells Fargo Bank, NA, Not in Its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2011-1T |
| Fein Such & Crane LLP | Joshua Sherer & Tammy L Terrell | jsherer@feinsuch.com; tterrell@feinsuch.com | Counsel to GMAC Mortgage LLC; Counsel to Rushmore Loan Management Services, as servicer for Wells Fargo Bank, NA, Not in Its Individual Capacity but Solely as Trustee for the RMAC Trust, Series 2011-1T |
| Fein Such & Crane LLP | Mark K Broyles Esq | broylesmk@fgcattys.com | Counsel to Bank of America NA, Aurora Loan Services & Residential Capital LLC, Residential Capital LLC |
| Felderstein Fitzgerald Willoughby & Pascuzzi LLP | Paul J Pascuzzi | ppascuzzi@ffwplaw.com | Counsel to California Housing Finance Agency |
| FDIC | Dennis J Early | dearly@fdic.gov | Counsel to the FDIC |
| Foley & Mansfield PLLP | Thomas J Lallier | tlallier@foleymansfield.com | Counsel to TCF National Bank |
| Freddie Mac | Kenton W Hambrick Associate General Counsel | kenton_hambrick@freddiemac.com | Counsel to Freddie Mac |
| Freeborn & Peters LLP | Devon J Eggert Esq | deggert@freebornpeters.com | Counsel to Mercer (US) Inc. |

Exhibit A
Monthly Service List
Served via Electronic Mail

| NAME | NOTICE NAME | EMAIL | DESCRIPTION |
|---|---|---|---|
| Freeborn & Peters LLP | Thomas R Fawkes Esq | tfawkes@freebornpeters.com | Counsel to Mercer (US) Inc. |
| Frenkel Lambert Weiss Weisman & Gordon LLP | Karen M Sheehan Esq | ksheehan@flwlaw.com | Wells Fargo Bank, N.A., as Trustee on Behalf of the certificate holders of HSI Asset Loan Obligation Trustee 2007-ARI, Mortgage Pass Through Certificates, Series 2007-AR c/o Select Portfolio Servicing; Counsel to MidFirst Bank |
| Gibbons PC | Attn Jeffrey S Berkowitz Esq | jberkowitz@gibbonslaw.com | Counsel to Wells Fargo Bank, NA |
| Gibbons PC | Attn Karen A Giannelli Esq | kgiannelli@gibbonslaw.com | Counsel to Wells Fargo Bank, NA |
| Gibbs & Bruns LLP | Kathy D Patrick Esq & Scott A Humphries Esq | kpatrick@gibbsbruns.com;shumphries@gi bbsbruns.com | Counsel to Ad Hoc RMBS Holder Group |
| Gibbs & Bruns, L.L.P. | Kathy D. Patrick | kpatrick@gibbsbruns.com | Counsel to the Institutional Investors |
| Ginnie Mae | Ted Tozer | theodore.w.tozer@hud.gov | GSE - Ginnie Mae |
| Grant & Eisenhofer PA | Geoffrey C Jarvis Matthew P Morris & Deborah A Elman | gjarvis@gelaw.com;mpmorris@gelaw.co m;delman@gelaw.com | Counsel to Stichting Pensioenfunds ABP, huntington Bancshares Inc, John Hancock Life Insurance Company (U.S.A.), John Hancock Life Insurance Company (U.S.A.) Separate Account 6A & John Hancock Life Insurance Company (U.S.A.) Separate Account 131 |
| Guttleman Muhlstock Chewcaskie | Brian Chewcaskie | brian@gmcnjlaw.com | Counsel to the Township of Saddle Brook |
| Hodgson Russ LLP | Garry M Graber Esq | ggraber@hodgsonruss.com | Counsel to Manufacturers and Traders Trust Company |
| HP Enterprise Services LLC | Ayala Hassell Esq | ayala.hassell@hp.com | Counsel to HP Enterprise Services LLC |
| Hunton & Williams LLP | Richard P Norton & Robert A Rich | morton@hunton.com;rrich2@hunton.com | Counsel to Newport Management Corporation |
| Imperial County Tax Collector | | floraoropeza@co.imperial.ca.us | County of Imperial California |
| Iron Mountain Information  Management Inc | Joseph Corrigan | bankruptcy2@ironmountain.com | Counsel to Iron Mountain Information Management Inc |
| Jones Day | Carl E Black | ceblack@jonesday.com | Counsel to Financial Guaranty Insurance Company |
| Jones Day | Corinne Ball, Richard L Wynne & Lance E Miller | cball@jonesday.com;rlwynne@jonesday.c om;lemiller@jonesday.com; ceblack@jonesday.com | Counsel to Financial Guaranty Insurance Company |
| Kasowitz, Benson, Torres & Friedman LLP | Andrew K Glenn, Matthew B Stein, Daniel A Fliman & Nii Amar Amamoo | aglenn@kasowitz.com;mstein@kasowitz. com;dfliman@kasowitz.com;namamoo@k asowitz.com | Counsel to the Federal Housing Finance Agency as Conservator of the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation |
| Kelley Drye & Warren LLP | James S Carr & Eric R Wilson | kdwbankruptcydepartment@kelleydrye.co m | Counsel to UMB Bank N.A. as Successor Indenture Trustee to the Debtors' Prepetition Junior Secured Notes |
| Kessler Topaz Meltzer & Check LLP | Edward W. Ciolko Donna Siegel Moffa | eciolko@ktmc.com; dmoffa@ktmc.com | Counsel to Plaintiffs and the Putative Class |
| Kilpatrick & Associates PC | Richardo I Kilpatrick | ecf@kaalaw.com | Counsel to Oakland County Treasurer; Counsel to Wayne County Treasurer |
| King & Spalding LLP | W. Austin Jowers & Paul K. Ferdinands & Thaddeus D. Wilson | thadwilson@kslaw.com; ajowers@kslaw.com; pferdinands@kslaw.com | Counsel to Lone Star U.S. Acquisitions, LLC |
| Kirkland & Ellis | Richard M Cieri | richard.cieri@kirkland.com | Counsel to the Equity Security Holders (Ally Financial and Ally Bank) |
| Kirkland & Ellis LLP | Attn Ray C Schrock & Stephen E Hessler | ray.schrock@kirkland.com;richard.cieri@k irkland.com;stephen.hessler@kirkland.co m;projectrodeo@kirkland.com;William.b. Solomon@ally.com;Timothy.Devine@ally .com;john.bellaver@ally.com | Counsel to the Ally Financial Inc. & Ally Bank |
| Klestadt & Winters LLP | Attn Tracy L Klestadt & Joseph C Corneau | tklestadt@klestadt.com;jcorneau@klestad t.com | Counsel to Tracy L Klestadt, in his Capacity as Chapter 7 Trustee of Alliance Mortgage Investments, Inc. and Alliance Bancorp |
| Kramer Levin Naftallis & Frankel LLP | Kenneth H Eckstein, Thomas Moers Mayer & Douglas H Mannal & Jeffrey Trachtman | keckstein@kramerlevin.com;tmayer@kra merlevin.com;dmannal@kramerlevin.com ; jtrachtman@kramerlevin.com; pbentley@kramerlevin.com; dmannal@kramerlevin.com; szide@kramerlevin.com | Counsel to the Official Committee of Unsecured Creditors |
| Kriss & Feuerstein LLP | Jason S Leibowitz | jleibowitz@kandfllp.com | Counsel to Wachovia Bank NA as Trustee for the Security National Mortgage Loan Trust 2004-2 |
| Lapp Libra Thomson Stoebner & Pusch | David A Libra Esq | dlibra@lapplibra.com | Counsel to Normandale Holdings LLC |
| La Debenture Trust Company of New York | James D Heaney Managing Director | james.heaney@lawdeb.com | Law Debenture Trust Company of New York |
| Law Office of Thomas P Cate PC | PO Box 216 | tcate@sbcglobal.net; tgarrison.lawofc@sbcglobal.net | Counsel to the Altacosa County Tax Collector |
| Law Offices of Richard Sax | Richard Sax | richard@rsaxlaw.com | Counsel to Creditor Julio Solano |
| Law Offices of Robert E Luna PC | Andrea Sheehan | sheehan@txschoollaw.com | Counsel to Carrollton-Farmers Branch Independent School District and Lewisville Independent School District |
| Leopold & Associates PLLC | Saul Leopold | Dcaponnetto@leopoldassociates.com | Counsel to Bank of America NA; Deutsche Bank National Trust Company, as Trustee for Saxon Asset Securities Trust 2007-2 Mortgage Loan Asset Backed Certificates, Series 2007-2; and Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2007-HE3 Mortgage Pass through Certificates. Series 2007-H3; Deutsche Bank National Trust Company, as Trustee under Pooling and Servicing Agreement dated 1/2006 Morgan Stanley ABS Capital I Inc. Trust 2006-NC1; U.S. Bank NA as Trustee under Pooling and Service Agreement dated 3/1/2007, GSAMP Trust 2007-HE2, Mortgage Pass-Through Certificates, Series 2007-HE2; and Green Tree Loan Servicing, LLC |
| Linebarger Goggan Blair & Sampson LLP | Diana W Sanders | austin.bankruptcy@publicans.com | Counsel to City of McAllen, South Texas ISD, South Texas College & Cameron County |
| Linebarger Goggan Blair & Sampson LLP | Elizabeth Weller | dallas.bankruptcy@publicans.com | Counsel to Dallas County |
| Linebarger Goggan Blair & Sampson LLP | John P Dillman Esq | houston_bankruptcy@lgbs.com | Counsel to Texas Taxing Authorities - Katy ISD, Matagorda County, Cypress-Fairbanks ISD, Tyler County, Cleveland ISD, Fort Bend County, Montgomery County, Harris County, Galveston County, Orange County; Counsel to Taxing Authorities |
| Locke Lord LLP | Casey B Howard | choward@lockelord.com | Interested Party |
| Loeb & Loeb LLP | Walter H Curchack, Vadim J Rubinstein & Debra W Minoff | wcurchack@loeb.com;vrubinstein@loeb.c om;dminoff@loeb.com | Counsel to Wilmington Trust NA as Indenture Trustee |
| Lowenstein Sandler PC | Andrew Behlmann | abehlmann@lowenstein.com | Counsel to The Union Central Life Insurance Company, Ameritas Life Insurance Corp. and Acacia Life Insurance Company ; and Cambridge Place Investments Management Inc. |
| Lowenstein Sandler PC | Andrew Behlmann | abehlmann@lowenstein.com | Counsel to The Union Central Life Insurance Company, Ameritas Life Insurance Corp. and Acacia Life Insurance Company ; and Cambridge Place Investments Management Inc. |
| Lowenstein Sandler PC | Michael S Etkin & Ira M Levee | metkin@lowenstein.com;ilevee@lowenste in.com | Counsel to Lead Plaintiff; o The Union Central Life Insurance Company, Ameritas Life Insurance Corp. and Acacia Life Insurance Company ; and Cambridge Place Investments Management Inc. o  Counsel to Plaintiffs and the Putative Class |
| Lowenstein Sandler PC | Michael S Etkin & Ira M Levee | metkin@lowenstein.com;ilevee@lowenste in.com | Counsel to Lead Plaintiff; o The Union Central Life Insurance Company, Ameritas Life Insurance Corp. and Acacia Life Insurance Company ; and Cambridge Place Investments Management Inc. o  Counsel to Plaintiffs and the Putative Class |
| Magnozzi & Kye LLP | Amish R Doshi Esq | adoshi@magnozzikye.com | Counsel to Oracle America Inc |
| Manatee County Tax Collector | Susan D Profant & Ken Burton Jr | susanp@taxcollector.com | Counsel to Manatee County Tax Collector |
| Marino Tortorella & Boyle PC | Kevin H Marino & John A Boyle | kmarino@khmarino.com; jboyle@khmarino.com | Counsel to Morgan Stanley & Co. Incorporated, n/k/a Morgan Stanley & Co., LLC |
| Mathis, Riggs & Prather PSC | Donald T Prather | dprather@iglou.com | Counsel to Donald T Prather, Trustee |
| MCCREARY, VESELKA, BRAGG & ALLEN, P.C. | Lee Gordon | lgordon@mvbalaw.com | Counsel to Texas Ad Valorem Taxing Jurisdictions |
| McKool Smith | Attn: Paul D. Moak | pmoak@mckoolsmith.com | Counsel to GSE - Freddie Mac |
| McKool Smith PC | Michael R Carney | mcarney@mckoolsmith.com | Counsel to Freddie Mac |
| McKool Smith PC | Paul D Moak | pmoak@McKoolSmith.com | Counsel to Freddie Mac |
| Milbank, Tweed, Hadley & McCloy LLP | Gerard Uzzi | guzzi@milbank.com | Co-Counsel to Ad Hoc Group of Junior Secured Noteholders |
| Missouri Department of Revenue | Attn Steven A Ginther Esq | sdnyecf@dor.mo.gov | Counsel to Missouri Department of Revenue |

Exhibit A
Monthly Service List
Served via Electronic Mail

| NAME | NOTICE NAME | EMAIL | DESCRIPTION |
|---|---|---|---|
| Morgan Lewis & Bockius LLP | James L Garrity Jr | jgarrity@morganlewis.com | Counsel to Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company, as trustees of certain mortgage backed securities trust |
| Morgan Lewis & Bockius LLP | Michael S Kraut | mkraut@morganlewis.com | Counsel to Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company, as trustees of certain mortgage backed securities trust |
| Morgan Lewis & Bockius LLP | Patrick D Fleming | pfleming@morganlewis.com | Counsel to Deutsche Bank Trust Company Americas and Deutsche Bank National Trust Company, as trustees of certain mortgage backed securities trust |
| Morganroth & Morganroth PLLC | Mayer Morganroth & Jeffrey B Morganroth | jmorganroth@morganrothlaw.com; mmorganroth@morganrothlaw.com | Counsel to Mary Critchley |
| Moritt Hock & Hamroff LLP | Leslie Ann Berkoff | lberkoff@moritthock.com | Counsel to Cal-Western Reconveyance Corporation |
| Morrison & Foerster LLP | Attn Tammy Hamzehpour | Tammy.Hamzehpour@macrescap.com; diane.citron@ally.com | Residential Capital LLC |
| Morrison Cohen LLP | Joseph T Moldovan Esq | jmoldovan@morrisoncohen.com;bankruptcy@morrisoncohen.com; rdakis@morrisoncohen.com | Counsel to the Independent Directors of the Residential Capital, LLC |
| Munger Tolles & Olson LLP | Seth Goldman | seth.goldman@mto.com | Counsel to Berkshire Hathaway Inc |
| Munger Tolles & Olson LLP | Thomas B Walper | Thomas.walper@mto.com | Counsel to Berkshire Hathaway Inc |
| Office of Attorney General | Carol E. Momjian | cmomjian@attorneygeneral.gov | Counsel to Commonwealth of Pennsylvania, Department of Revenue, Bureau of Compliance |
| Office of Shabbir A Khan | Phonxay Keokham | almeyers@sjgov.org | County of San Joaquin |
| Office of the NY State Attorney General | Nancy Lord & Enid M Stuart | Nancy.Lord@OAG.State.NY.US;enid.stuart@OAG.State.NY.US | Office of the New York Attorney General |
| Office of the US Attorney for the Southern District of NY | United States Attorney Preet Bharara | joseph.cordaro@usdoj.gov | Office of the United States Attorney for the Southern District of New York |
| Patterson Belknap Webb & Tyler LLP | David W Dykhouse & Brian P Guiney | dwdykhouse@pbwt.com;bguiney@pbwt.com | Counsel to Ambac Assurance Corporation |
| Paul N Papas II | Mylegalhelpusa.com | Paul_Papas@mylegalhelpusa.com | Counsel to Paul N Papas II |
| Perdue Brandon Fielder Collins & Mott LLP | c/o Elizabeth Banda Calvo | ebcalvo@pbfcm.com | Counsel to Johnson County et al, Richardson ISD |
| Pillsbury Winthrop Shaw Pittman LLP | Brandon Johnson | brandon.johnson@pillsburylaw.com | Counsel to 2255 Partners LP |
| Placer County Office of the Treasurer-Tax Collector | Jenny McMurtry Deputy Tax Collector | jmcmurtr@placer.ca.gov | Placer County Tax Collector |
| Polsinelli Shughart PC | Daniel J Flanigan & Jason A Nagi | dflanigan@polsinelli.com;jnagi@polsinelli.com | Counsel to Representative Plaintiffs and the Putative Class |
| Proskauer Rose LLP | Irena M Goldstein | igoldstein@proskauer.com | Counsel to Assured Guaranty Municipal Corp |
| Proskauer Rose LLP | Scott K Rutsky & Jared D Zajac | srutsky@proskauer.com;jzajac@proskauer.com | Counsel to Dallas CPT Fee Owner LP |
| Quinn Emanuel Urquhart & Sullivan LLP | Daniel L Brockett & David D Burnett | danbrockett@quinnemanuel.com;davebunett@quinnemanuel.com;jeremyandersen@quinnemanuel.com | Counsel to The Prudential Insurance Companu of America, The Gibraltar Life Insurance Company, Ltd., Park Place Commerce Investments, LLC, Prudential Retirement Insurance and Annuity Company, Prudential Annuities Life Insurance Corporation, Pruco Life Insurance Company of New Jersey, Commerce Street Investments, LLC, Institutional Core Bond Fund of the Prudential Trust Company Master Commingled Investment Fund for Tax Exempt Trusts, Institutional Core Plus Bond Fund of the Prudential Trust Company Master Commingled Investment Fund for Tax Exempt Trusts, Pru Alpha Fixed Income Opportunity Master Fund I, L.P., Pruco Life Insurance Company, Prudential Annuities Life Assurance Corporation, Prudential Investment Portfolios 2, Prudential Core Short-Term Bond Fund, Prudetnial Total Return Bond Fund, Inc., Prudential Trust Company, as Trustee for Prudential Merged Retirement Plan, The Prudential Life Insurance Company, Ltd., and The Prudential Series Fund, Diversified Bond Portfolio |
| Quinn Emanuel Urquhart & Sullivan LLP | Eric D Winston & Jeremy D Anderson | jeremyandersen@quinnemanuel.com;ericwinston@quinnemanuel.com | Counsel to The Prudential Insurance Companu of America, The Gibraltar Life Insurance Company, Ltd., Park Place Commerce Investments, LLC, Prudential Retirement Insurance and Annuity Company, Prudential Annuities Life Insurance Corporation, Pruco Life Insurance Company of New Jersey, Commerce Street Investments, LLC, Institutional Core Bond Fund of the Prudential Trust Company Master Commingled Investment Fund for Tax Exempt Trusts, Institutional Core Plus Bond Fund of the Prudential Trust Company Master Commingled Investment Fund for Tax Exempt Trusts, Pru Alpha Fixed Income Opportunity Master Fund I, L.P., Pruco Life Insurance Company, Prudential Annuities Life Assurance Corporation, Prudential Investment Portfolios 2, Prudential Core Short-Term Bond Fund, Prudetnial Total Return Bond Fund, Inc., Prudential Trust Company, as Trustee for Prudential Merged Retirement Plan, The Prudential Life Insurance Company, Ltd., and The Prudential Series Fund, Diversified Bond Portfolio |
| Quinn Emanuel Urquhart & Sullivan LLP | Susheel Kirpalani & Scott C Shelley | susheelkirpalani@quinnemanuel.com;scottshelley@quinnemanuel.com | Counsel to AIG Asset Management (US) LLC |
| Reilly Pozner LLP | Michael A Rollin | mrollin@rplaw.com | Counsel to Lehman Brothers Holdings Inc |
| Robbins Gellar Rudman & Dowd LLP | Christopher M Wood | cwood@rgrdlaw.com | Counsel to The Union Central Life Insurance Company, Ameritas Life Insurance Corp. and Acacia Life Insurance Company |
| Robbins Gellar Rudman & Dowd LLP | Steven W Pepich | stevep@rgrdlaw.com | Counsel to The Union Central Life Insurance Company, Ameritas Life Insurance Corp. and Acacia Life Insurance Company |
| Robert E Brown PC | | rbrown@brownlawllc.com | Counsel to Certain Homeowners Claimants |
| Romero Law Firm | Martha E Romero | romero@mromerolawfirm.com | Counsel to Secured Creditor County of San Bernardino, California, a California Taxing Authority |
| Ropes & Gray LLP | D Ross Martin Esq & Keith H Wofford Esq | Ross.martin@ropesgray.com;keith.wofford@ropesgray.com | Counsel to Ad Hoc RMBS Holder Group |
| Ropes & Gray LLP | D. Ross Martin | Ross.martin@ropesgray.com | Counsel to the Institutional Investors |
| Samuel I White PC | D Carol Sasser Esq | dsasser@siwpc.com | Counsel to Samuel I White PC |
| Samuel I White PC | Donna J Hall Esq | dhall@siwpc.com | Counsel to Samuel I White PC |
| Saul Ewing | Mark Minuti | mminuti@saul.com | Counsel to American Residential Equities LLC, in its own individual capacity and its capacity as Trustee under that certain American Residential Equities, LLC Master Trust Agreement dated August 8, 2005 |
| Saul Ewing | Nicolas J Nastasi | nnastasi@saul.com | Counsel to American Residential Equities LLC, in its own individual capacity and its capacity as Trustee under that certain American Residential Equities, LLC Master Trust Agreement dated August 8, 2005 |
| Saul Ewing | Stephen B Ravin & Dipesh Patel | sravin@saul.com; dpatel@saul.com | Counsel to American Residential Equities LLC, in its own individual capacity and its capacity as Trustee under that certain American Residential Equities, LLC Master Trust Agreement dated August 8, 2005 |
| Scarinci & Hollenbeck LLC | Joel R Glucksman Esq | jglucksman@scarincihollenbeck.com | Counsel to the City of Union City, New Jersey; and Counsel to Township of Wall |
| Schlam Stone & Dolan LLP | Bennette D. Kramer | bdk@slamstone.com | Counsel to Certain Homeowners Claimants |
| Schnader Harrison Segal & Lewis LLP | Barry Bressler & Richard A Barkasy | bbressler@schnader.com;rbarkasy@schnader.com | Counsel to Liberty Property Limited Partnership |
| Schnader Harrison Segal & Lewis LLP | Eric B Borden | eboden@schnader.com | Counsel to Liberty Property Limited Partnership |
| Schulte Roth & Zabel LLP | Adam C Harris | adam.harris@srz.com | Counsel to Cerberus Capital Management LP |
| Schulte Roth & Zabel LLP | Howard O Godnick | howard.godnick@srz.com | Counsel to Cerberus Capital Management LP |
| Schulte Roth & Zabel LLP | Marguerite Gardiner | marguerite.gardiner@srz.com | Counsel to Cerberus Capital Management LP |

Exhibit A
Monthly Service List
Served via Electronic Mail

| NAME | NOTICE NAME | EMAIL | DESCRIPTION |
|---|---|---|---|
| Schulte Roth & Zabel LLP | Michael G Cutini | michael.cutini@srz.com | Counsel to Cerberus Capital Management LP |
| Securities & Exchange Commission | Secretary of the Treasury | secbankruptcy@sec.gov | Securities and Exchange Commission - Headquarters |
| Securities & Exchange Commission NY Regional Office | George S Canellos Regional Director | secbankruptcy@sec.gov;newyork@sec.gov; bankruptcynoticeschr@sec.gov | Securities and Exchange Commission - New York Regional Office |
| Seward & Kissell LLP | Greg S Bateman & Dale C Christensen Jr & Sagar Patel & Thomas Ross Hopper | bateman@sewkis.com; christensen@sewkis.com; patel@sewkis.com; hooper@sewkis.com; josselson@sewkis.com | Wells Fargo Bank, N.A., as collateral agent for the Prepetition Junior Secured Notes, as collateral agent for the Prepetition Ally Revolver, and as collateral control agent under the Intercreditor Agreement, dated as June 6, 2008; Counsel to Law Debenture Trust Company of New York as Separate Trustee |
| Seward & Kissell LLP | Ronald L Cohen Kalyan Das Mark D Kotwick Arlene R Alves & Laurie R Binder | cohen@sewkis.com;das@sewkis.com; binder@sewkis.com; kotwick@sewkis.com; alves@sewkis.com | Counsel to US Bank National Association as Securitization Trustee; Counsel to US Bank as Master Servicer; & Counsel to US Bank NA as Trustee of Certain Mortgage Backed Securities Trusts |
| Shafferman & Feldman LLP | Joel M Shafferman Esq | joel@shafeldlaw.com | Counsel to NYCTL 2011-A Trust |
| Shapiro Blasi Wasserman & Gora PA | Thomas A Conrad Esq | taconrad@sbwlawfirm.com | Counsel to Petra Finance LLC |
| Shearman & Sterling LLP | Fredric Sosnick & Susan A Fennessey | fsosnick@shearman.com;sfennessey@shearman.com | Counsel to Citibank NA |
| Skadden Arps Slate Meagher & Flom LLP | Jonathan H. Hofer | jhofer@skadden.com;nikolay.kodes@skadden.com | Counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing |
| Skadden Arps Slate Meagher & Flom LLP | Ken Ziman | ken.ziman@skadden.com | Counsel to Barclays Bank PLC |
| Skadden Arps Slate Meagher & Flom LLP | Sarah M Ward | sarah.ward@skadden.com | Counsel to the administrative agent for the Debtors' proposed providers of debtor in possession financing |
| Skadden Arps Slate Meagher & Flom LLP | Suzanne D T Lovett | suzanne.lovett@skadden.com | Counsel to Barclays Bank PLC |
| Stein Wiener & Roth LLP | Attn Pranali Datta | pdatta@hhstein.com | Counsel to OneWest Bank FSB; US Bank NA as Trustee for Credit Suisse First Boston Mortgage Acceptance Corp. Mortgage Pass-Through Certificates, Series 2006-1; Sun Trust Mortgage, Inc. |
| Stinson Morrison Hecker LLP | Andrew W. Muller | amuller@stinson.com | Counsel to Bank of the West |
| Sullivan Hazeltine Allinson LLC | William A Hazeltine Esq | whazeltine@sha-llc.com | Counsel to Mortgage Electronic Registration Systems Inc and MERSCOPR Inc ("MERS") |
| Talcott Franklin P.C. | Attn: Talcott J. Franklin | tal@talcottfranklin.com | Counsel to Institutional Investors & an Ad Hoc Consortium of RMBS holders |
| Talcott Franklin P.C. | Derek S Witte | derek@talcottfranklin.com | Counsel to an Ad Hoc Consortium of RMBS holders |
| TCF National Bank | Janella J Miller Senior Vice President & Senior Counsel | jmiller@tcfbank.com | Counsel to TCF National Bank |
| Teitelbaum & Baskin LLP | Jay Teitelbaum Esq | jteitelbaum@tblawllp.com | Counsel to JPMorgan Chase Bank, NA |
| Tennessee Depatment of Revenue | c o TN Attorney General | AGBankNewYork@ag.tn.gov | Tennessee Attorneys Office |
| The Bank of New York Mellon | Attn Robert H Major Vice President | robert.major@bnymellon.com | Member of Official Committee of Unsecured Creditors |
| The Canada Trust Company | Susan Khoshoe | Adam.Parkin@tdsecurities.com; Christopher.stevens@tdsecurities.com | Securitization Trustee |
| Travis County Attorney | Kay D Brock Assistant Travis County Atty | kay.brock@co.travis.tx.us | Counsel to Tina Morton Travis County Tax Assessor Collector |
| U.S. Bank National Association | Attn: Mamta K Scott & David A Jason | mamta.scott@usbank.com; david.jason@usbank.com | Member of Official Committee of Unsecured Creditors |
| U.S. Bank National Association | Michelle Moeller | michelle.moeller@usbank.com | Securitization/HELOC Trustee |
| U.S. Department of Justice | Tanver Ashraf, Corporate Trust Services | tanveer.ashraf@usbank.com | Securitization/HELOC Trustee |
| U.S. Department of Justice | Attn: Glenn D. Gillette | Glenn.Gillett@usdoj.gov | Counsel to GSE - Ginnie Mae |
| U.S. Department of Justice | US Attorney General, Eric H. Holder, Jr. | AskDOJ@usdoj.gov | Office of the United States Attorney General |
| UMB Bank NA | Mark B Flannagan | Mark.Flannagan@umb.com | Successor Indenture Trustee to the Debtors' Prepetition Junior Secured Notes |
| United States Attorney's Office for the Southern District of New York civil Division | Attn Joseph Cordaro | joseph.cordaro@usdoj.gov | Counsel to the United State of America |
| US Bank Global Corporate Trust Services | James H Byrnes | james.byrnes@usbank.com | US Bank as Trustee for Certain Mortgage-Backed Securities Trusts |
| US Bank NA Corporate Trust Services Division | Laura L Moran | laura.moran@usbank.com | US Bank as Trustee for Certain Mortgage-Backed Securities Trusts |
| US Trustee for the Southern District of NY | Tracey Hope Davis, Linda A. Riffkin and Brian S. Masumoto | Tracy.Davis2@usdoj.gov; Linda.Riffkin@usdoj.gov; Brian.Masumoto@usdoj.gov | Office of the United States Trustee for the Southern District of New York |
| Walters Bender Stohbehn & Vaughan PC | J Michael Vaughan & David M Skeens | mvaughan@wbsvlaw.com;dskeens@wbsvlaw.com | Counsel to Representative Plaintiffs and the Putative Class |
| Weil Gotschal & Manges LLP | Gary T Holtzer | gary.holtzer@weil.com | Counsel to Syncora Guarantee Inc |
| Wells Fargo Bank, N.A. | Kelly Rentz | kelly.j.rentz@wellsfargo.com; Sharon.Squillario@wellsfargo.com; .mary.l.sohlberg@wellsfargo.com | Securitization/HELOC Trustee |
| Wells Fargo Law Department | Kristi Garcia Esq Senior Counsel | kristi.garcia@wellsfargo.com | Counsel to Wells Fargo Bank, NA |
| Wendy Alison Nora | | accesslegalservices@gmail.com | Claimant, Counsel to Prospective Claimant Ray Elliott & Claimant Paul Papas |
| White & Case LLP | J Christopher Shore & Ian J Silverbrand | cshore@whitecase.com; isilverbrand@whitecase.com; dthatch@whitecase.com | Counsel to Wells Fargo as collateral agent for the Prepetition Junior Secured Notes |
| Willkie Farr & Gallagher LLP | Marc Abrams & Richard Choi & Jennifer J Hardy | mabrams@willkie.com; rchoi1@willkie.com; jhardy2@willkie.com | Counsel to Monarch Alternative Capital LP |
| Wilmington Trust | Roseline Maney | rmaney@wilmingtontrust.com | Securitization Trustee |
| Wilson Elser Moskowitz Edelman & Dicker LLP | Attn David L Tillem | david.tillem@wilsonelser.com | Counsel to the County of Putnam, Department of Finance |
| Winston & Strawn LLP | Attn: David Neier | dneier@winston.com | Counsel to GSE - Fannie Mae |
| Winston & Strawn LLP | David Neier & Carey D Schreiber | dneier@winston.com; cschreiber@winston.com | Counsel to Federal National Mortgage Association |
| Wollmuth Maher & Deutsch LLP | Attn James N Lawlor | jlawlor@wmd-law.com | Counsel to The Western and Southern Life Insurance Company et al |
| Wollmuth Maher & Deutsch LLP | Attn Paul R DeFilippo & Steven S Fitzgerald | pdefilippo@wmd-law.com;sfitzgerald@wmd-law.com | Counsel to The Western and Southern Life Insurance Company et al |
| Zuckerman Spaeder LLP | Graeme W. Bush & Nelson C. Cohen & Laura E. Neish | gbush@zuckerman.com; ncohen@zuckerman.com; lneish@zuckerman.com | Counsel to National Credit Union Administration Board, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, Southwest Corporate Federal Credit Union and Constitution Corporate Federal Credit Union |
| Zuckerman Spaeder LLP | Graeme W. Bush & Nelson C. Cohen & Laura E. Neish | gbush@zuckerman.com; ncohen@zuckerman.com; lneish@zuckerman.com | Counsel to National Credit Union Administration Board, as Liquidating Agent of U.S. Central Federal Credit Union, Western Corporate Federal Credit Union, Members United Corporate Federal Credit Union, Southwest Corporate Federal Credit Union and Constitution Corporate Federal Credit Union |

# EXHIBIT B

Exhibit B
Special Service List
Served via First Class Mail

| NAME | NOTICE NAME | ADDRESS1 | CITY | ST | ZIP |
|------|-------------|----------|------|----|----|
| Chadbourne & Parke LLP | Howard Seife David M LeMay Robert J Gayda & Marc B Roitman | 30 Rockefeller Plaza | New York | NY | 10112 |
| Citibank NA | Attn Bobbie Theivakumaran | 390 Greenwich St 6th Fl | New York | NY | 10013 |
| Clifford Chance US LLP | Jennifer C DeMarco & Adam Lesman | 31 West 52nd St | New York | NY | 10019 |
| Deutsche Bank Trust Company Americas | c/o Kelvin Vargas | 25 De Forest Ave | Summit | NJ | 07901 |
| Fannie Mae | Attn Peter McGonigle | 1835 Market St Ste 2300 | Philadelphia | PA | 19103 |
| Kelley Drye & Warren LLP | James S Carr & Eric R Wilson | 101 Park Ave | New York | NY | 10178 |
| Kirkland & Ellis | Richard M Cieri | 601 Lexington Ave | New York | NY | 10022 |
| Kirkland & Ellis LLP | Attn Ray C Schrock & Stephen E Hessler | 601 Lexington Ave | New York | NY | 10022-4611 |
| Kramer Levin Naftallis & Frankel LLP | Ken H Eckstein Thomas Moers Mayer & Doug H Mannal & Jeffrey Trachtman | 1177 Avenue of the Americas | New York | NY | 10036 |
| Milbank, Tweed, Hadley & McCloy LLP | Gerard Uzzi | 1 Chase Manhattan Plaza | New York | NY | 10005 |
| Office of the NY State Attorney General | Nancy Lord & Enid M Stuart | The Capitol | Albany | NY | 12224-0341 |
| Office of the US Attorney for the Southern District of NY | United States Attorney Preet Bharara | One St Andrews Plaza | New York | NY | 10007 |
| Securities & Exchange Commission | Secretary of the Treasury | 100 F St NE | Washington | DC | 20549 |
| Securities & Exchange Commission NY Regional Office | George S Canellos Regional Director | 3 World Financial Center Ste 400 | New York | NY | 10281-1022 |
| Skadden Arps Slate Meagher & Flom LLP | Jonathan H. Hofer & Sarah M. Ward | Four Times Square | New York | NY | 10036 |
| Skadden Arps Slate Meagher & Flom LLP | Ken Ziman & Suzanne D T Lovett | Four Times Square | New York | NY | 10036 |
| U.S. Department of Justice | US Attorney General, Eric H. Holder, Jr. | 950 Pennsylvania Ave NW | Washington | DC | 20530-0001 |
| United States Attorney's Office for the SDNY Civil Division | Attn Joseph Cordaro | 86 Chambers St 3rd Fl | New York | NY | 10007 |
| US Trustee for the Southern District of NY | Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto | 33 Whitehall St 21st Fl, Region 2 | New York | NY | 10004 |

# EXHIBIT C

Exhibit C
Served via Overnight Mail

| NAME | NOTICE NAME | ADDRESS1 | ADDRESS | CITY | ST | ZIP | COUNTRY |
|------|-------------|----------|---------|------|----|----|---------|
| AIG Asset Management US LLC | Attn Russell Lipman | 80 Pine St | | New York | NY | 10038 | |
| Allstate Life Insurance Company | Attn Peter A McElvain | 3075 Sanders Rd Ste G5A | | Northbrook | IL | 60062 | |
| Atty Gen State NY Eric Schneiderman | Victoria L Safran | 200 Old Country Rd Ste 240 | Nassau Regional Office | Mineola | NY | 11501 | |
| David P Stich Esq | | 521 Fifth Ave 17th Fl | | New York | NY | 10175 | |
| Fedelina Roybal DeAguero 2008 Trust | | 42265 Little Lake Rd | | Medocino | CA | 94560 | |
| Financial Guaranty Insurance Co | Attn John Dubel | 125 Park Ave | | New York | NY | 10017 | |
| IBM Corporation | Attn Shawn Konig | 1360 Rene Levesque W Ste 400 | | Montreal | QC | H3G 2W6 | Canada |
| Internal Revenue Service | Centralized Insolvency Operation | 2970 Market St | | Philadelphia | PA | 19104 | |
| Internal Revenue Service | Centralized Insolvency Operation | PO Box 7346 | | Philadelphia | PA | 19101-7346 | |
| Internal Revenue Service | Insolvency Section | 31 Hopkins Plz Rm 1150 | | Baltimore | MD | 21201 | |
| Law Offices of Christopher Green | Christopher E Green | 2 Union Square Ste 4285 | 601 Union St | Seattle | WA | 98101 | |
| M and TCC | | 1 M and T Plz 7th Fl | | Buffalo | NY | 14203 | |
| MBIA Insurance Corporation | Attn Mitchell Sonkin | 113 King St | | Armonk | NY | 10504 | |
| Rowen L Drenne as Representative | Plaintiffs Brian Kessler et al | 3725 N Indiana | | Kansas City | MO | 64117 | |
| Secretary of State | | 123 William St | | New York | NY | 10038-3804 | |
| Secretary of State Div of Corps | 99 Washington Ave Ste 600 | 1 Commerce Plz | | Albany | NY | 12231-0001 | |
| The Bank of New York Mellon | Asset Backed Securities Group | 101 Barclay St 4W | | New York | NY | 10286 | |
| Wells Fargo Bank NA Attn Corporate Trust Services | GMACM HomeEquity Nts 2004 Var Fund Trust | PO Box 98 | | Columbia | MD | 21046 | |
| Wilmington Trust NA | Julie J Becker Vice President | 50 S Sixth St Ste 1290 | | Minneapolis | MN | 55402-1544 | |

# EXHIBIT D

**Presentment Date and Time:  February 6, 2013 at 12:00 p.m. (ET)**
**Objection Deadline:  February 5, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
| | )
| In re: | )
| | )
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | )
| | )
| Debtors. | )
| | )
-------------------------------------------------------------

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**NOTICE OF PRESENTMENT OF STIPULATION AND**
**ORDER BETWEEN THE DEBTORS AND OCWEN LOAN SERVICING, LLC**
<u>**APPROVING AMENDMENT NO. 2 TO THE OCWEN APA**</u>

   **PLEASE TAKE NOTICE** that in connection with the *Debtors' Motion Pursuant*
*to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006,*
*and 9014 For Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up*
*Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing;*
*(III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and*
*(B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances,*
*and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto;*
*(III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired*

NY-1074838

*Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] and the Court's

*Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014*

*(I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen*

*Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims,*

*Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory*

*Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief*

[Docket No. 2246], the undersigned will present the attached *Stipulation and Order Between the*

*Debtors and Ocwen Loan Servicing, LLC Approving Amendment No. 2 to the Ocwen APA* (the

"Stipulation and Order") to the Honorable Martin Glenn, United States Bankruptcy Judge, at the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004,

Room 501, for signature on **February 6, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

   **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation

and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case

filing system, and be served, so as to be received no later than **February 5, 2013 at 4:00 p.m.**

**(Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP,

1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee and Todd M. Goren);

(b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S.

Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice,

950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer)**;**  (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Douglas Mannal); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco & Adam Lesman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if a party-in-interest timely files and serves an objection to the Stipulation and Order in accordance with this Notice, a hearing on the Stipulation and Order will take place before this Court on **February 7, 2013 at 10:00 a.m. (prevailing Eastern Time)**.  If no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Stipulation and Order without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE** that, due to a power outage, ECF is currently unavailable as of approximately 9:20 a.m. Wednesday, January 30, 2013.  Until ECF resumes functionality, the Debtors are unable to electronically file the Stipulation and Order.  So as to provide due and proper notice of this Stipulation and Order, the Debtors have provided their claims and noticing agent, Kurtzman Carson Consultants, LLC, with the Stipulation and Order so that they may effectuate service and post the filing on the website maintained in these chapter 11 cases.

Dated: January 30, 2013                         Respectfully submitted,
      New York, New York

                                          */s/* Gary S. Lee
                                          Gary S. Lee
                                          Todd M. Goren
                                          Alexandra Steinberg Barrage
                                          Meryl L. Rothchild
                                          MORRISON & FOERSTER LLP
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Telephone: (212) 468-8000
                                          Facsimile: (212) 468-7900

                                          *Counsel for the Debtors and*
                                          *Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------  )
                                                                 )
In re:                                                           )      Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,       )      Chapter 11
                                                                 )
                                         Debtors.      )      Jointly Administered
---------------------------------------------------------------  )

### STIPULATION AND ORDER BETWEEN THE DEBTORS AND OCWEN LOAN SERVICING, LLC APPROVING AMENDMENT NO. 2 TO THE OCWEN APA

Subject to the approval of the Court, this stipulation and order (the "**Stipulation**")

is made and entered into on January 30, 2013 by, between, and among the debtors and debtors in

possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Ocwen

Loan Servicing, LLC ("**Ocwen**" and together with the Debtors, the "**Parties**").

**WHEREAS**, on May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of title 11 of the United States Code (the

"**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New

York (the "**Court**");

**WHEREAS**, on the Petition Date, the Court entered an order jointly

administering the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure.  Since the Petition Date, the Debtors have operated and managed their businesses as

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on the Petition Date, the Debtors filed the *Debtors' Motion*

*Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002,*

*6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including*

*Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "**Sale Motion**");

**WHEREAS**, on May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine-member official committee of unsecured creditors [Docket No. 102] (the "**Creditors' Committee**");

**WHEREAS**, on June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674];

**WHEREAS**, on October 23, 2012, the Debtors, pursuant to the Sales Procedures Order,[1] conducted an auction with respect to the Servicing Platform assets at the conclusion of which it was determined that Ocwen offered the highest and best bid for the purchase of the Servicing Platform assets and, accordingly, Ocwen was deemed the successful bidder [Docket No. 2050];

**WHEREAS**, certain Debtors and Ocwen entered into an asset purchase agreement, dated as of November 2, 2012 and amended on November 20, 2012, for the sale of substantially all of the Debtors' loan origination and servicing platform assets (the "**Ocwen**

---

[1]    The "Sale Procedures Order" refers to the Court's *Order Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice* [Docket No. 538], entered on June 28, 2012.

2

**APA**");[2]

**WHEREAS**, on November 21, 2012, after the occurrence of a hearing to consider the Debtors' proposed order approving the sale, asset purchase agreement, and assumption and assignment of certain contracts for the proposed sale transaction, the Court entered the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) (A) Sale Of Debtors' Assets Pursuant to Asset Purchase Agreement With Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] (the "**Ocwen Sale Approval Order**");

**WHEREAS**, the Ocwen Sale Approval Order, among other things, contemplated the transfer of the Debtors' rights in respect of governmental agency loans owned or guaranteed by Fannie Mae,[3] Freddie Mac, or Ginnie Mae that are serviced by the Debtors (collectively, the "**Agency Loans**").    Specifically, in connection with Ginnie Mae Loans, the Ocwen Sale Approval Order required that Ginnie Mae provide express written consent, in its sole and absolute discretion, before the Debtors could take the following actions: (i) transfer the Mortgage Servicing relating to the Agency Loans of Ginnie Mae to Ocwen; (ii) assume and assign any agreements between any of the Debtors and Ginnie Mae; (iii) propose modification of any agreement between any of the Debtors and Ginnie Mae; and (iv) apply the Ocwen Sale Approval Order to any agreements among the Debtors and Ginnie Mae.  *See* Ocwen Sale Approval Order at ¶ 48;

---

[2]    The Ocwen APA is attached as Exhibit 1 to the Ocwen Sale Approval Order (defined herein).

[3]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Ocwen APA.

WHEREAS, subsequent to the Court's entry of the Ocwen Sale Approval Order, Ginnie Mae provided the Debtors with a consent letter, dated January 16, 2013 (the "**Consent Letter**") and attached hereto as <u>Exhibit 1</u>, whereby Ginnie Mae conferred continued Ginnie Mae Issuer[4] status to GMAC Mortgage, LLC ("**GMACM**"), one of the Debtors, for a limited time post-Closing, and authorized GMACM to securitize certain loans that are eligible to be pooled under the Pool Issuance and Immediate Transfer program (the "**PIIT Program**") administered by Ginnie Mae.  Ginnie Mae's consent to GMACM's continued existence as a Ginnie Mae Issuer is contingent on GMACM's (i) immediate transfer to another Ginnie Mae Issuer of the servicing obligations and "Issuer responsibility" ) for the Mortgage Loans included in each Ginnie Mae Pool, and (ii) successful implementation of the PIIT Program.  The Consent Letter thus serves to facilitate GMACM's disposition of Ginnie Mae Loans -by permitting GMACM to sell such loans into Ginnie Mae sponsored securitizations, while simultaneously selling the associated Mortgage Servicing Rights ("**MSRs**") to another Ginnie Mae Issuer, who, in turn, will assume all repurchase, servicing, and Issuer responsibilities in connection with the purchase of the MSRs;

WHEREAS, pursuant to discussions amongst the Parties, the Creditors' Committee, Ginnie Mae, and other third parties, the Debtors determined that it would be in their estates' best interests to facilitate the Debtors' liquidation and disposition of their remaining portfolio of Ginnie Mae Loans;

WHEREAS, the Amendment generally provides that Ocwen, a Ginnie Mae Issuer, would (i) facilitate GMACM's securitization of Mortgage Loans eligible for Ginnie Mae pooling and securitization, (ii) assume the servicing obligations and Issuer responsibility for such

---

[4]    Capitalized and quoted terms used but not defined in this paragraph shall be used and have the meanings ascribed to such terms as provided in the Amendment (as defined below).

4

Mortgage Loans, and (iii) purchase the resulting MSRs in accordance with the PIIT Program at the approximately same purchase price Ocwen agreed to pay in the Ocwen APA for existing Ginnie Mae MSRs on the Closing Date, and the Debtors will now be able to sell the Ginnie Mae Loans into Ginnie Mae securitizations;

WHEREAS, subsequent to the Debtors' receipt of the Consent Letter and the Debtors' discussions with the Creditors' Committee, Ocwen, and Ginnie Mae, the Parties negotiated a second amendment to the Ocwen APA (the "**Amendment**"), attached hereto as Exhibit 2.  The Amendment outlines the structure and the terms and conditions by which (i) the Debtors will pool Mortgage Loans and create Ginnie Mae securities, and (ii) Ocwen will purchase the resulting MSRs and assume the related servicing obligations post-Closing.  The Debtors believe that the structure for the disposition of the Ginnie Mae Loans as provided for by the Amendment is expected to result in material additional proceeds for the estates;

WHEREAS, the Debtors have determined that executing the Amendment is an exercise of their reasonable business judgment and entering into this Stipulation is in the best interests of the Debtors, their estates, and their creditors; and

WHEREAS, venue of this Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1.    The Debtors are authorized to enter into the Amendment with Ocwen and take all other actions necessary to effectuate the Amendment pursuant to this Stipulation.

2.    The Amendment, together with the APA (as may be further amended as provided pursuant the terms of the Sale Order) shall be governed by the Sale Order.

5

3.      The Stipulation and Amendment constitute the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersede all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of the Stipulation and Amendment.

4.      To the extent there is any inconsistency between the terms of this Stipulation and the Amendment, the terms of the Amendment shall control.

5.      Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMACM, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012.

6.      Neither the Stipulation nor the Amendment may be altered, modified, changed or vacated without the prior written consent of the Parties.

7.      This Stipulation shall be binding upon the Parties as well as any successor, trustee or receiver appointed in these chapter 11 cases.   No provision in any plan of reorganization or liquidation subsequently confirmed in these chapter 11 cases shall contain any provisions inconsistent with the terms of this Stipulation.

8.      This Stipulation may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one

6

and the same agreement.  Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

9.      The Amendment and Stipulation are both subject to the approval of the Court, and each shall become effective upon the Court's entry of this Stipulation.  No other or further notice to creditors or parties-in-interest is required to effectuate the Stipulation or Amendment.

10.     The Parties represent and warrant that each has full power and authority to enter into and perform under the Stipulation, and each of the undersigned counsel represents that he or she is authorized to execute this Stipulation on behalf of his or her respective client.

*[ Remainder of Page Intentionally Left Blank ]*

7

Dated: January 30, 2013                    /s/ Gary S. Lee
                                           Gary S. Lee
                                           Todd M. Goren
                                           Alexandra Steinberg Barrage
                                           **MORRISON & FOERSTER LLP**
                                           1290 Avenue of the Americas
                                           New York, New York 10104
                                           Telephone:  (212) 468-8000
                                           Facsimile:  (212) 468-7900

                                           *Counsel to the Debtors and*
                                           *Debtors in Possession*


Dated: January 30, 2013                    /s/ Jennifer C. DeMarco
                                           Jennifer C. DeMarco
                                           Adam Lesman
                                           **CLIFFORD CHANCE US LLP**
                                           31 West 52nd Street
                                           New York, New York  10019
                                           Telephone: (212) 878-8000
                                           Facsimile: (212) 878-8375

                                           *Counsel to Ocwen Loan Servicing, LLC*


**IT IS SO ORDERED**

Dated: _____, 2013
        New York, New York


                                           _____
                                           HONORABLE MARTIN GLENN
                                           UNITED STATES BANKRUPTCY JUDGE


8

## Exhibit 1

**CONSENT LETTER**

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
WASHINGTON, DC  20410-9000

GOVERNMENT NATIONAL
MORTGAGE ASSOCIATION

**VIA FACSIMILE (PDF) AND CERTIFIED MAIL**          70100780000198465532

Mr. Thomas Marano
Chief Capital Markets Officer
CEO Mortgage Operations
CEO Residential Capital, LLC
1100 Virginia Drive
Ft. Washington, PA  19034

Re:  GMAC Mortgage, LLC - Issuer ID # 1463

Dear Mr. Marano:

This letter concerns the transfer of Issuer responsibility from GMAC Mortgage LLC (GMACM) to Ocwen Financial Corporation (Ocwen), in connection with the bankruptcy court sale of GMACM's assets, which will take place on January 31, 2013.  Ginnie Mae hereby approves and consents to the transfer subject to, and based on our understanding of, the conditions discussed below.

Discussions between GMACM, Ocwen, and Ginnie Mae staff about the structure of the proposed transfer have been ongoing.  We appreciate, and hereby incorporate, the letter of understanding sent to Ginnie Mae jointly by Ocwen and GMACM on December 20, 2012.  Ginnie Mae's primary understanding is that Ocwen will continue GMACM operations on a virtually "as is" basis for approximately one year from the sale date, to allow for a successful inclusion of the GMACM technology and portfolio into existing Ocwen systems.  All key areas, including, but not limited to, loan administration, customer care, home retention, foreclosure, bankruptcy and REO, will proceed to function under Ocwen as those areas are currently managed by GMACM.  Ocwen's primary data center, located in Norcross, GA with Denver, Co as the back-up, will continue to be the repository of all FHA, VA and Ginnie Mae loan/pool level information.

Any planned operational deviation by Ocwen from GMACM's current servicing approach to Ginnie Mae loans will require prior notification to Ginnie Mae and subsequent approval for implementation.  Ocwen will assume full Issuer responsibility for GMACM's Ginnie Mae portfolio on the effective date of the Ginnie Mae Assignment Agreement, scheduled to coincide with the bankruptcy sale date of January 31, 2013.  Per the transfer obligations stated in Chapter 21 of Ginnie Mae's Mortgage Backed Securities Guide, Ocwen will continue to utilize GMACM's existing custodial accounts and Issuer reporting number for the month of February, leading up to the systems effective date of March 1, 2013.

GMACM will continue to exist as a Ginnie Mae Issuer for a limited time after the transfer date, solely for the purpose of winding down the Ally bank and GMACM modification pipeline. Ginnie Mae's approval of this limited Issuer status is contingent upon GMACM's successful implementation of PIIT pooling, and will be discussed under separate cover addressed to GMACM. However, if Ginnie Mae acquires additional information that, in Ginnie Mae's sole discretion, causes Ginnie Mae to determine that further forbearance increases Ginnie Mae's risk, Ginnie Mae may at any time effect the termination and extinguishment of GMACM. GMACM's obligations to Ginnie Mae under existing Guaranty Agreements survive the transfer of its Issuer responsibility and portfolio until all conditions under the Guaranty Agreements are satisfied.

If you have any questions, please contact Roy Hormuth, Director, Single Family Division, at (202) 708-1535.

Sincerely,

Michael R. Drayne
Senior Vice President
Office of Issuer and Portfolio Management

## **Exhibit 2**

**EXECUTED AMENDMENT NO. 2**

EXECUTION COPY

## AMENDMENT NO. 2 TO ASSET PURCHASE AGREEMENT

This AMENDMENT NO. 2 (this "Amendment No. 2" or this "Agreement"), dated as of January 29, 2013, to the Asset Purchase Agreement, dated as of November 2, 2012 and amended as of November 20, 2012 (the "Asset Purchase Agreement"), is made by and among Ocwen Loan Servicing, LLC, a Delaware limited liability company ("Purchaser"), and Residential Capital, LLC ("ResCap"), Residential Funding Company, LLC ("RFC"), GMAC Mortgage, LLC ("GMAC Mortgage"), each of which is a Delaware limited liability company, Executive Trustee Services, LLC, a Delaware limited liability company ("ETS LLC"), ETS of Washington, Inc., a Washington corporation ("ETS WA" and together with ETS LLC, "ETS"), EPRE LLC, a Delaware limited liability company ("EPRE"), GMACM Borrower LLC, a Delaware limited liability company ("GMACM Borrower"), and RFC Borrower LLC, a Delaware limited liability company ("RFC Borrower" and together with ResCap, RFC, GMAC Mortgage, ETS, EPRE and GMACM Borrower, the "Sellers").

WHEREAS, the Asset Purchase Agreement, as in effect immediately prior to giving effect to this Amendment No. 2 (the "Current APA") provides in Section 2.1(c) thereof that, subject to the terms and conditions of the Current APA, Sellers shall sell, and Purchaser shall purchase, the "Ginnie Mae Loans" (as defined in the Current APA), consisting of certain recently originated mortgage loans eligible for inclusion in pools underlying Ginnie Mae-guaranteed securities (the "Ginnie Mae Buy-Sell Obligation");

WHEREAS, notwithstanding the terms of the Current APA, Sellers now desire to retain such recently originated mortgage loans and to pool such mortgage loans, together with other mortgage loans owned or acquired by Sellers which are also eligible for inclusion in pools underlying Ginnie Mae-guaranteed securities but which are not subject to the Ginnie Mae Buy-Sell Obligation, in order to create and sell Ginnie Mae-guaranteed securities into the capital markets;

WHEREAS, Ginnie Mae has authorized GMAC Mortgage to retain its status as an issuer approved by Ginnie Mae (a "Ginnie Mae Issuer") for a limited time after the Closing Date for the purpose of winding down GMAC Mortgage's portfolio of mortgage loans eligible for inclusion in pools underlying Ginnie Mae securities so long as GMACM immediately transfers the servicing obligations and "Issuer responsibility" (as defined by Ginnie Mae) to another Ginnie Mae Issuer;

WHEREAS, Purchaser is a Ginnie Mae Issuer and has agreed to facilitate GMAC Mortgage's securitization of mortgage loans eligible for Ginnie Mae pooling and securitization, to assume the servicing obligations and Issuer responsibility for such mortgage loans, and to purchase the resulting Mortgage Servicing Rights from Sellers at the same price it has agreed to pay for existing Ginnie Mae Mortgage Servicing Rights at the Closing; and

WHEREAS, based on the foregoing, Sellers and Purchaser have agreed to amend the Current APA to remove the Ginnie Mae Buy-Sell Obligation and to set forth the terms on which Sellers shall pool and create Ginnie Mae securities and Purchaser shall purchase the resulting Mortgage Servicing Rights and assume the related servicing obligations.

**NOW**, **THEREFORE**, in consideration of the foregoing and intending to be legally bound hereby, the parties hereto agree as follows:

1.    <u>Defined Terms</u>.  Except as otherwise specified herein or as the context may otherwise require, capitalized terms used in this Amendment No. 2 shall have the respective meanings set forth in the Asset Purchase Agreement.

2.    <u>Amendments to Section 1.1</u>.

(a)    The following definitions are added to Section 1.1 of the Asset Purchase Agreement, to be included in the appropriate alphabetical locations:

" "<u>Ginnie Mae Guide</u>" has the meaning specified in <u>Section 2.16</u>."

" "<u>Ginnie Mae MBS</u>" has the meaning specified in <u>Section 2.16</u>."

" "<u>Ginnie Mae Pool</u>" has the meaning specified in <u>Section 2.16</u>."

" "<u>Ginnie Mae Transfer</u>" has the meaning specified in <u>Section 2.16</u>."

" "<u>Ginnie Mae Transfer Date</u>" has the meaning specified in <u>Section 2.16</u>."

" "<u>Ginnie Mae Transfer Liabilities</u>" means the Assumed Liabilities specified in clause (vi) of the definition of Assumed Liabilities."

" "<u>Holdback Amount</u>" has the meaning specified in <u>Section 3.1(c)</u>."

" "<u>Issue Date</u>" means, with respect to any Ginnie Mae MBS, or Ginnie Mae Pool underlying such Ginnie Mae MBS, the date on which such Ginnie Mae MBS is issued in accordance with the Ginnie Mae Guide."

" "<u>Modified Eligible Loan</u>" means a Ginnie Mae Loan previously repurchased by a Seller from a Ginnie Mae Pool and subsequently modified or otherwise remedied such that it is acceptable for inclusion in a Ginnie Mae Pool in accordance with the Ginnie Mae Guide."

" "<u>New Eligible Loan</u>" means a Ginnie Mae Loan originated by Ally Bank and acquired by a Seller on or after May 1, 2012, which has not previously been included in a Ginnie Mae Pool."

" "<u>PIIT Program</u>" has the meaning specified in <u>Section 2.16</u>."

NY2-714014

" "Transfer Date Loans" has the meaning specified in Section 4.17."

" "USDA" means the United States Department of Agriculture, or any successor thereof.

(b)    The definition of "Ginnie Mae Loans" in Section 1.1 of the Asset Purchase Agreement is hereby amended and restated in its entirety to read as follows:

" "Ginnie Mae Loan" means a Mortgage Loan that (i) has been originated or is in the pipeline as of the Closing Date and (ii) is acceptable for inclusion in a Ginnie Mae Pool in accordance with the Ginnie Mae Guide, and as to which, in the case of an FHA Loan, an electronic Mortgage Insurance Certificate (MIC) has been issued by the FHA."

3.    Amendment to Section 2.1(c).  Subsection (c) of Section 2.1 of the Asset Purchase Agreement is hereby amended to read as follows:

" (c) [Reserved],".

4.    Amendment to Section 2.7.  Section 2.7 of the Asset Purchase Agreement is hereby amended by adding the following proviso at the end of the first sentence: ", provided, however, that with respect to the Ginnie Mae Transfer Liabilities: (i) on the Closing Date, Purchaser shall assume and be responsible for only those Ginnie Mae Transfer Liabilities that relate to the applicable Mortgage Servicing Rights transferred and sold to Purchaser on the Closing Date, and Sellers shall have no further obligations with respect thereto; and (ii) thereafter, on each Ginnie Mae Transfer Date, Purchaser shall assume and be responsible for only those Ginnie Mae Transfer Liabilities that relate to the applicable Mortgage Servicing Rights transferred and sold to Purchaser on such Ginnie Mae Transfer Date, and Sellers shall have no further obligations with respect thereto."

5.    Amendment to Section 2.12.  Subsection (a)(ii) of Section 2.12 of the Asset Purchase Agreement is hereby amended by deleting the words "payable in accordance with Section 3.1(c)".

6.    Amendment to Section 2.16.  Section 2.16 of the Asset Purchase Agreement is hereby amended and restated in its entirety to read as follows:

**"Section 2.16 Post-Closing Sale of Ginnie Mae Mortgage Servicing Rights.**

From time to time following the Closing Date, in order to facilitate the liquidation of their remaining Ginnie Mae Loan portfolio, Sellers may pool Ginnie Mae Loans and submit the resulting pools (each, a "Ginnie Mae Pool") for inclusion in Ginnie Mae Mortgage-Backed Securities ("Ginnie Mae MBS") pursuant to the Pool Issuance and Immediate Transfer program (the "PIIT Program") administered by Ginnie Mae pursuant to Section 10-10 of the Ginnie Mae MBS Guide (the "Ginnie Mae Guide").  Purchaser agrees to accept Sellers' transfer  of Issuer responsibility (as defined for purposes of the Ginnie Mae Guide), with respect to each Ginnie

NY2-714014

Mae Pool immediately upon the issuance of the related Ginnie Mae MBS in accordance with the requirements of the PIIT Program, whereupon Purchaser shall automatically become responsible for servicing the Mortgage Loans included in such Ginnie Mae Pool.  Sellers and Purchaser shall comply with all applicable requirements of the PIIT Program and the Ginnie Mae Guide in connection with the creation of Ginnie Mae Pools and the issuance of the Ginnie Mae MBS under this Section 2.16.

Simultaneously with the issuance of each Ginnie Mae MBS by Sellers under the PIIT Program, Sellers shall sell, convey, transfer, assign and deliver to Purchaser, and Purchaser shall purchase from Sellers, all of Sellers' right, title and interest in, to and under the Mortgage Servicing Rights with respect to the Mortgage Loans included in the Ginnie Mae Pool underlying such Ginnie Mae MBS (each such simultaneous transfer and sale transaction, a "Ginnie Mae Transfer" and each date such a transaction is effective, the "Ginnie Mae Transfer Date").

The obligation of Purchaser to consummate each Ginnie Mae Transfer shall be subject to the condition that Purchaser shall have received a certificate, signed by duly authorized officers of the applicable Seller or Sellers and dated the applicable Ginnie Mae Transfer Date, to the effect that (i) the representations and warranties of Sellers or any Affiliate Seller contained in Section 4.17 that are qualified by materiality are accurate, true and correct in all respects as of the date of such Ginnie Mae Transfer Date with respect to the related Transfer Date Loans as though made at and as of such date, and (ii) all other representations and warranties of Sellers or any Affiliate Seller contained in Section 4.17 are accurate, true and correct in all material respects as of such Ginnie Mae Transfer Date with respect to the related Transfer Date Loans as though made at and as of such date.

7.    Amendment to Section 3.1.  Section 3.1 of the Asset Purchase Agreement is amended to add subsection (c) as follows:

> "(c)    (i) The Purchase Price for the Mortgage Servicing Rights relating to any Ginnie Mae Pool created in accordance with Section 2.16 shall be determined on a loan-level basis based on the composition of such Ginnie Mae Pool on the related Issue Date.  The portion of the Purchase Price allocable to any New Eligible Loan shall be the servicing value ascribed to such loan as determined by the matrix set forth in Annex A to Schedule 3.1(a).  The portion of the Purchase Price allocable to any Modified Eligible Loan shall be determined in accordance with the pricing for "Ginnie Mae MSRs" set forth in Section 1 of Schedule 3.1(a), substituting the "Issue Date" for the term "Closing Date" where such term appears in such section.
>
> (ii) No later than two (2) Business Days following the Issue Date of any Ginnie Mae MBS issued pursuant to Section 2.16, Sellers shall deliver to Purchaser a statement setting forth Sellers' good faith calculation of the Purchase Price due for the related Mortgage Servicing Rights

determined in accordance with Section 3.1(c)(i) above. No later than two (2) Business Days following Sellers' delivery of such statement, Purchaser shall pay the Purchase Price for such Mortgage Servicing Rights, less ten percent (10%) of such amount (the "Holdback Amount"), to Sellers by wire transfer in immediately available funds to the account designated by Sellers.

(iii) Within fifteen (15) Business Days of delivery of the statement setting forth Sellers' calculation of the Purchase Price for such Mortgage Servicing Rights, Purchaser shall either (A) pay the Holdback Amount to Sellers by wire transfer in immediately available funds to the account designated by Sellers; or (B) in the event Purchaser disagrees in good faith with Sellers' calculation of the Purchase Price delivered pursuant to Section 3.1(c)(ii) above, it shall notify Sellers of its disagreement and the basis therefor, including its calculation of the Purchase Price. The parties shall thereupon attempt in good faith to reconcile and agree on the correct Purchase Price. If Sellers and Purchaser cannot agree on the correct Purchase Price within ten (10) days of Purchaser's notice of disagreement, Sellers and Purchaser shall submit the calculations to an Independent Accounting Firm for resolution in accordance with Section 3.2(d). Within three (3) Business Days of the final determination of the Purchase Price for such Mortgage Servicing Rights pursuant to this Section 3.1(c)(iii) or Section 3.2(d), appropriate remittance shall be made (i) in the event the final Purchase Price exceeds the amount paid pursuant to Section 3.1(c)(ii), by Purchaser or (ii) in the event the amount paid pursuant to Section 3.1(c)(ii) exceeds the final Purchase Price, from the Holdback Amount and, if the adjustment exceeds the Holdback Amount, by Sellers (it being understood and agreed that if the adjustment does not exceed the Holdback Amount then Purchaser shall promptly release the balance of the Holdback Amount to Sellers).

8.    Amendment to Article IV. The introductory paragraph to Article IV of the Asset Purchase Agreement is hereby amended to add the following language immediately after the parenthetical in such paragraph: "and, with respect to Section 4.17, as of each Ginnie Mae Transfer Date".

9.    Amendment to Section 4.17. Section 4.17 of the Asset Purchase Agreement is hereby amended by adding the words "and as of each Ginnie Mae Transfer Date as to the Ginnie Mae Loans underlying the Mortgage Servicing Rights transferred and sold to Purchaser on such

5

Ginnie Mae Transfer Date (the "Transfer Date Loans")," immediately following the words "Closing Date".

10.    Amendment to Section 6.29.    The entire text of Section 6.29 of the Asset Purchase Agreement following the Section number is hereby deleted and replaced with "[Reserved]."

11.    Deletion of Schedule M.    Schedule M to the Asset Purchase Agreement is hereby deleted.

12.    Conditions to Effectiveness; Reference to and Effect on the Asset Purchase Agreement.

(a)    This Amendment No. 2 shall be effective upon (i) the execution and delivery hereof by each of Purchaser and Sellers and (ii) entry of a Final Order of the Bankruptcy Court authorizing the effectiveness hereof.

(b)    Each reference in the Asset Purchase Agreement to "this Agreement", "hereunder", "hereof" or words of like import shall mean and be a reference to the Asset Purchase Agreement as amended and supplemented by this Amendment No. 2.

(c)    Except to the extent specifically set forth herein, the provisions of the Asset Purchase Agreement shall not be amended, modified, waived, impaired or otherwise affected hereby, and the Asset Purchase Agreement and the obligations thereunder are hereby confirmed as being in full force and effect.

13.    Governing Law.    This Amendment No. 2 shall be governed by and construed in accordance with the Laws of the State of New York without regard to any conflicts of law principles thereof or any other jurisdiction that would apply the law of another jurisdiction and, to the extent applicable, the Bankruptcy Code.

14.    Counterparts.    This Amendment No. 2 may be signed upon any number of counterparts with the same effect as if the signatures on all counterparts are upon the same instrument.

*[Signature Page Follows]*

NY2-714014

        IN WITNESS WHEREOF, the parties hereto have executed this Amendment No. 2 to the
Asset Purchase Agreement as of the day and year first above written.

                              **OCWEN LOAN SERVICING, LLC**


                         By  /s/ John V. Britti
                              Name:  John V. Britti
                              Title:  Authorized Signatory

                              **RESIDENTIAL CAPITAL, LLC**


                         By  /s/ James Whitlinger
                              Name:  James Whitlinger
                              Title:  Chief Financial Officer

                              **RESIDENTIAL FUNDING COMPANY, LLC**


                         By  /s/ James Whitlinger
                              Name:  James Whitlinger
                              Title:  Chief Financial Officer

                              **GMAC MORTGAGE, LLC**


                         By  /s/ James Whitlinger
                              Name:  James Whitlinger
                              Title:  Chief Financial Officer

                              **EXECUTIVE TRUSTEE SERVICES, LLC**


                         By  /s/ James Whitlinger
                              Name:  James Whitlinger
                              Title:  Chief Financial Officer

                              **ETS OF WASHINGTON, INC.**


                         By  /s/ James Whitlinger
                              Name:  James Whitlinger
                              Title:  Chief Financial Officer

NY2-714014

**EPRE LLC**

By  /s/ James Whitlinger
     Name:  James Whitlinger
     Title:  Chief Financial Officer

**GMACM BORROWER LLC**

By /s/ James Whitlinger
     Name:  James Whitlinger
     Title:  Chief Financial Officer

**RFC BORROWER LLC**

By  /s/ James Whitlinger
     Name:  James Whitlinger
     Title:  Chief Financial Officer

NY2-714014