MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
In re:                                                           )   Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )   Chapter 11
                                                                 )
                              Debtors.                           )   Jointly Administered
                                                                 )
---------------------------------------------------------------- )

**AMENDED[1] PROPOSED AGENDA FOR MATTERS SCHEDULED
TO BE HEARD ON FEBRUARY 7, 2013 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY 10004-1408

**I.    ADJOURNED MATTERS**

**1.**    Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2044]

   **Related Documents**:

   **a.**    Memorandum of Law in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2045]

   **b.**    Declaration of R. Fredrick Walters, David M. Skeens and R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2047]

---

[1] Amended items appear in **bold**.

ny-1075528

    **c.**    Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims to February 7, 2013 at 10:00 a.m. [Docket No. 2399]

    **d.**    Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims to February 28, 2013 at 2:00 p.m. [Docket No. 2730]

**Responses**:

    **a.**    Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2337]

    **b.**    Declaration of K. Lee Marshall in Support of Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2338]

    **c.**    Response and Reservation of Rights of PNC Bank, N.A. to Motion of Rowena Drennan, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2343]

**Status**:    The hearing on this matter has been adjourned to February 28, 2013.

**2.**    MED&G Group LP's Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 [Docket No. 2274]

**Related Documents**:

    **a.**    Notice of Adjournment of Hearing on Med&G Group LP's Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 to February 7, 2013 at 10:00 a.m. [Docket No. 2723]

    **b.**    Notice of Adjournment of Hearing on MED&G Group LP's Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 to February 28, 2013 at 2:00 p.m. [Docket No. 2831]

**Responses**:

    **a.**    Debtors' Objection to Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 by MED&G Group, LP [Docket No. 2680]

**Status**:    This matter has been adjourned to February 28, 2013.

**3.**    Debtors' Objection to Proof of Claim Number 3545 Filed by Nicole Bradbury, *et al*. Against GMAC Mortgage, LLC Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 [Docket No. 2584]

ny-1075528    2

**Related Documents**:

a.      Notice of Adjournment of Hearing on Debtors' Objection to Proof of Claim Number 3545 Filed by Nicole Bradbury, et al. Against GMAC Mortgage, LLC Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 to February 28, 2013 at 2:00 p.m. [Docket No. 2731]

**Responses**:      None.

**Status**:      The hearing on this matter has been adjourned to February 28, 2013.

4.      Motion of Antoinette Aribal for Clarification of Order Modifying Automatic Stay Provisions of 11 U.S.C. § 362 [Docket No. 2596]

**Related Documents**:

a.      Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 774]

b.      Notice of Hearing on Motion Made by Antoinette Aribal [Docket No. 2610]

c.      Notice of Adjournment of Hearing on Antoinette Aribal's Motion for Clarification of Order Modifying Automatic Stay Provisions of 11 U.S.C. § 362 to February 28, 2013 at 2:00 p.m. [Docket No. 2776]

**Responses**:      None.

**Status**:      The hearing on this matter has been adjourned to February 28, 2013.

5.      Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation [Docket No. 2604]

**Related Documents**:

a.      Notice of Hearing on Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation [Docket No. 2605]

    **b.**    Notice of Adjournment of Hearing on Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation to March 5, 2013 at 10:00 a.m. [Docket No. 2774]

    **Responses**:    None.

    **Status**:    The hearing on this matter has been adjourned to March 5, 2013.

**6.**    Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2401]

    **Related Documents**:

    **a.**    Notice of Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2421]

    **b.**    [Proposed] Order Granting Connecticut Housing Finance Authority ("CHFA") Relief from the Automatic Stay, for Cause, Pursuant to 11 U.S.C. §§ 105 & 362(d) [Docket No. 2422]

    **c.**    Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to January 29, 2013 at 10:00 a.m. [Docket No. 2624]

    **d.**    Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 7, 2013 at 10:00 a.m. [Docket No. 2729]

    **e.**    **Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2848]**

    **Responses**:

    **a.**    Debtors' Response and Reservation of Rights to Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2623]

ny-1075528    4

**Status**: The hearing on this matter has been adjourned to February 28, 2013.

II. **RESOLVED MATTERS**

1. Motion of J.P. Morgan Mortgage Acquisition Corporation for Relief from Stay [Docket No. 2646]

   **Related Documents**: None.

   **Responses**: None.

   **Status**: The parties have resolved the motion by stipulation. The Debtors will present the stipulation at the hearing.

III. **UNCONTESTED MATTERS**

1. Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption of Unexpired Lease Between DeVry Inc. and GMAC Mortgage, LLC [Docket No. 2648]

   **Related Documents**:

   a. Certificate of No Objection Regarding Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption of Unexpired Lease Between DeVry Inc. and GMAC Mortgage, LLC [Docket No. 2840]

   **Responses**: None.

   **Status**: A certificate of no objection has been filed. No hearing is required.

IV. **CURE OBJECTIONS HEARING**:

1. **Sale Motion**: Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto: (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]

   **Related Documents**:

   a. **Sale Procedures Order**: Order Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of

ny-1075528                                    5

       Break-up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538]

       **Cure Notices**

           **(i)**    Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924]

           **(ii)**    First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1459]

           **(iii)**    First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1484]

           **(iv)**    First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2076]

           **(v)**    Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2077]

   **b.**    **Ocwen Sale Order**: Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;, (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief [Docket No. 2246]

   **c.**    **Ocwen APA**: Ocwen Loan Servicing, LLC Asset Purchase Agreement (as attached as <u>Exhibit 1</u> to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

ny-1075528       6

**d.** **Berkshire Hathaway Sale Order**: Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway, Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief [Docket No. 2247]

**e.** **Berkshire Hathaway APA**: Berkshire Hathaway Inc. Amended and Restated Asset Purchase Agreement (as attached as <u>Exhibit 4</u> to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

**<u>Adjourned Cure Objections</u>**:

**a.** Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors' Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 1623]

**(i)** Supplemental Objection of DB Structured Products, Inc. and MortgageIt Holdings, Inc. to Debtors' Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 2037]

**<u>Status</u>**:   The hearing on this matter has been adjourned to February 28, 2013.

**b.** Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice Docket No. 1746]

**(i)** Declaration of Lori Sinanyan in Support of the Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice] [Docket No 1748]

**<u>Status</u>**:   The hearing on this matter has been adjourned to February 28, 2013.

**c.** Statement and Reservation of Rights of Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation with Respect to Debtors' Motion for Order (I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 2015]

    **(i)**    Objection and Reservation of Rights of Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation to Proposed Assumption and Assignment of Certain Executory Contracts [Docket No. 1810]

    **(ii)**    Letter from David W. Dykhouse, counsel to Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation, to Judge Martin Glenn, dated January 28, 2013 [Docket No. 2728]

**Status**:    The hearing on this matter has been adjourned to February 28, 2013.

### Scheduled Cure Objections:

**a.**    Digital Lewisville LLC's Objection to: (I) Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; (II) Authorizing and Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]; and (II) Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1649]

    **(i)**    Limited Objection of Digital Lewisville, LLC to Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 278]

    **(ii)**    Digital Lewisville LLC's Supplemental Limited Objection to Debtors' Sale Motion, in Particular, Debtors' Proposed Order [Docket No. 1990]

      **(iii)**    Notice of Adjournment of Hearing [Docket No. 2570]

      **(iv)**    Debtors' Reply to Digital Lewisville, LLC's (I) Objection to the Debtors' (A) Sale Motion, and (B) Notice of Intent to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Supplemental Limited Objection to the Debtors' Sale Motion, and in Particular, the Debtors' Proposed Order [Docket No. 2136]

      **(v)**    Notice of Presentment of Stipulation and Order Resolving Objections of Digital Lewisville, LLC to the Sale Motion and Assumption Notice Filed by Debtor GMAC Mortgage, LLC [Docket No. 2697]

      **(vi)**    Stipulation and Order Resolving Objections of Digital Lewisville, LLC to the Sale Motion and Assumption Notice filed by Debtor GMAC Mortgage, LLC [Docket No. 2779]

    **Status**:    The hearing on Digital Lewisville's objection to the assumption and assignment will be going forward as a status update. The parties have resolved Digital Lewisville's objection to the cure pursuant to the stipulation that was entered on January 31, 2013 [Docket No. 2779].

**b.**    Objection of Wells Fargo Bank, N.A. to Debtors' Sale Motion [Docket No. 1979]

      **(i)**    Limited Objection of Wells Fargo Bank, N.A. to Debtors' Motion to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and Cure Amounts Related Thereto [Docket No. 1648]

      **(ii)**    Wells Fargo Bank, N.A.'s Objection to the Proposed Sale Orders and Response to Debtors' Omnibus Reply to Objections to Debtors' Sale Motion [Docket No. 2209][2]

    **Status**:    **This matter has been resolved in principal, and the parties are finalizing a stipulation documenting the resolution.**

---

[2] Alston & Bird LLP filed the *Objection and Reservation of Rights of Wells Fargo Bank, N.A. to (A) First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto and (B) Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Docket No. 2203]. This objection will be addressed and resolved through the resolution of Docket Nos. 1648, 1979, 2209.

ny-1075528         9

    **c.**    Limited Objection of Ally Financial Inc. and Ally Bank to the Debtors' Proposed Platform Sale Motion [Docket No. 2069]

        **(i)**    Notice of Filing of Ally Financial Inc. Support Letter in Relation to the Debtors' Proposed Sale of Assets [Docket No. 1845]

        **(ii)**    Limited Objection and Reservation of Rights of Ally Financial Inc. and Ally Bank Regarding Assumption and Assignment of Certain Executory Contracts to Nationstar Mortgage LLC [Docket No. 1659]

    **Status**:    The hearing on this matter will be going forward.

**Replies**:

    **a.**    Debtors' Omnibus Reply to Objections to Debtors' Sale Motion [Docket No. 2135]

    **b.**    Debtors' Omnibus Reply to Objections to the (A) Assumption and Assignment of Certain Agreements and (B) Related Cure Amounts [Docket No. 2574]

**V.**    **CONTESTED MATTERS**

**1.**    Motion of Michael Wheeler for Relief from Stay [Docket No. 2251]

    **Related Documents**:

    **a.**    Notice of Adjournment of Hearing on Motion of Michael Wheeler for Relief from Stay to February 7, 2013 at 10:00 a.m. [Docket No. 2673]

    **Responses**:

    **a.**    Debtors' Response to Motion of Michael Wheeler for Relief from Automatic Stay [Docket No. 2777]

    **Status**:    The hearing on this matter will be going forward.

**VI.**    **ADVERSARY PROCEEDING MATTERS**

**Jenkins v. Residential Funding Co., LLC (Adv. Proc. No. 12-01935)**

**1.**    Pre-Trial Conference in Adversary Proceeding

    **Related Documents**:

    **a.**    Complaint [Docket No. 1]

|     |     |
| --- | --- |
| **b.** | Summons with Notice of Pre-Trial Conference [Docket No. 5] |
| **c.** | Agreed to Letter to Judge Glenn from Norman S. Rosenbaum Requesting an Extension of Deadline to Respond in Adversary Proceeding [Docket No. 7] |
| **d.** | Memorandum Endorsed, So Ordered, Letter signed on December 14, 2012 Extending the Defendants' Deadline to Answer or Otherwise Respond to the Complaint until January 21, 2013 and Rescheduling the Pre-trial Conference to January 29, 2013 at 10:00 AM. [Docket No. 8] |
| **e.** | Defendant Judy Faber's Motion for Dismissal of Adversary Proceeding Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 9] |
| **f.** | Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement [Docket No. 10] |
| **g.** | Debtor's Notice of Litigation Hold Notification, filed by Marion L. Jenkins [Docket No. 13] |
| **h.** | Notice of Continued Pre-Trial Conference Scheduled for February 7, 2013 at 10:00 a.m. [Docket No. 14] |
| **Status**: | The pre-trial conference on this matter will be going forward. |

**Residential Capital, LLC v. Allstate Ins. Co. (Adv. Proc. No. 12-01671)**

**1.**  Debtors' Motion to Extend the Stay and Enjoin Prosecution of the Western and Southern Action Against Debtors' Non-Debtor Affiliates [Docket No. 93]

**Related Documents**:

|     |     |
| --- | --- |
| **a.** | Motion Pursuant to Fed. R. Bankr. P. 9006 and Local Rules 9006-1 and 9077 for Entry of an Order Shortening the Time for Notice of and Scheduling a Hearing to Consider the Debtors' Motion to Extend the Stay and Enjoin Prosecution of the Western & Southern Action Against Debtors' Non-Debtor Affiliates [Docket No. 91] |
| **b.** | Notice of Debtors' Motion to Extend the Stay and Enjoin Prosecution of the Western & Southern Action Against Debtors' Non-Debtor Affiliates [Docket No. 92] |
| **c.** | Declaration of Sarah P. Herlihy [Docket No. 94] |
| **d.** | Declaration of Tammy Hamzehpour [Docket No. 95] |
| **e.** | Order Pursuant to Fed. R. Bankr. P. 9006 and Local Rules 9006-1 and 9077 for Entry of an Order Shortening the Time for Notice of and |

|     |     |
| --- | --- |
|     | Scheduling a Hearing to Consider the Debtors' Motion to extend the Stay and Enjoin Prosecution of the Western & Southern Action Against Debtors' Non-Debtor Affiliates [Docket No. 96] |
| f.  | Debtors' Motion to Extend Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Pending Litigation Against Debtors' Directors and Officers and Non-Debtor Corporate Affiliates, May 25, 2012 [Docket No. 4] |
| g.  | Declaration of Joel C. Haims and Exhibit 15 thereto [Docket No. 5] |
| h.  | Declaration of Jeffrey A. Lipps [Docket No. 6] |
| i.  | Declaration of James Whitlinger [Docket No. 7] |
| j.  | Declaration of Anne Janiczek [Docket No. 8] |
| k.  | Debtors' Omnibus Reply in Further Support of Their Motion to Extend the Automatic Stay or, in the Alternative, for Injunctive Relief Enjoining Prosecution of Certain Litigation Against Debtors' Directors and Officers and Non-Debtor Corporate Affiliates, July 6, 2012 [Docket No. 57] |
| l.  | Supplemental Declaration of Jeffrey A. Lipps [Docket No. 59] |
| m.  | Supplemental Declaration of Joel C. Haims and Exhibits 1 through 8 thereto [Docket No. 60] |
| n.  | **Stipulation and Order with Respect to Debtors' Motion to Extend the Automatic Stay Or, in the Alternative, for Injunctive Relief [Docket No. 101]** |

**Responses**:   None.

**Status**:   **This matter has been settled.  No hearing is required.**

Dated: February 6, 2013
      New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*