Presentment Date and Time: **February 13, 2013 at 12:00 p.m. (ET)**
Objection Deadline: **February 12, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER RELATING
TO THE ASSUMPTION AND ASSIGNMENT OF CERTAIN AGREEMENTS
OF FREDDIE MAC PURSUANT TO SECTION 365 OF THE BANKRUPTCY
<u>CODE AND RELATED RELIEF</u>**

**PLEASE TAKE NOTICE** that in connection with the (i) *Motion Pursuant to* 11 *U.S.C.* §§ *105, 363 (b), (j), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related*

*Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion") and the Court's *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246], the undersigned will present the attached *Stipulation and Order Relating to the Assumption and Assignment of Certain Agreements of Freddie Mac Pursuant to Section 365 of the Bankruptcy Code and Related Relief* (the "Stipulation and Order") to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **February 13, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **February 12, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee and Todd M. Goren); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S.

Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord and Enid N. Stuart); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman and Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Douglas Mannal); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Stipulation and Order without further notice or hearing.

Dated: February 6, 2013　　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　*/s/* Todd M. Goren
　　　　　　　　　　　　　　　　　　　　　　Gary S. Lee
　　　　　　　　　　　　　　　　　　　　　　Todd M. Goren

　　　　　　　　　　　　　　　　　　　　　　MORRISON & FOERSTER LLP
　　　　　　　　　　　　　　　　　　　　　　1290 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10104
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 468-8000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 468-7900

　　　　　　　　　　　　　　　　　　　　　　*Counsel for the Debtors and*
　　　　　　　　　　　　　　　　　　　　　　*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- x
                                                        :
In re:                                                  :   Case No. 12-12020 (MG)
                                                        :
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                :   Chapter 11
                                                        :
                                    Debtors.            :   Jointly Administered
                                                        :
------------------------------------------------------- x

**STIPULATION AND ORDER RELATING TO
THE ASSUMPTION AND ASSIGNMENT OF CERTAIN
AGREEMENTS OF FREDDIE MAC PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE AND RELATED RELIEF**

Subject to the approval of this Court, this Stipulation (the "Stipulation") is made and entered into by each of the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned, jointly-administered bankruptcy cases (the "Bankruptcy Cases") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

WHEREAS, GMAC Mortgage, LLC ("GMACM"), Residential Funding Company, LLC ("RFC"), Ally Bank N.A. ("Ally Bank"), and Freddie Mac entered into that certain Master Agreement, dated as of July 22, 2011, and prior master agreements, each of which incorporates the provisions of the Freddie Mac Single-Family Seller/Servicer Guide (the "Guide") and the Purchase Documents (as defined by the Guide), as well as certain interim servicing agreements between the parties, and a Tri-Party Agreement dated August 10, 2011 (collectively, as amended, supplemented or otherwise modified from time to time, all such agreements are hereinafter referred to as the "Freddie Mac Agreements");

WHEREAS, GMACM, RFC, and Freddie Mac entered into a Partial Release of Liability Agreement dated as of March 17, 2010 that resolved certain claims, but preserved other claims, of Freddie Mac against GMACM and RFC (the "2010 Settlement");

ny-1076237

WHEREAS, on May 14, 2012 (the "Petition Date"), the Debtors commenced the Bankruptcy Cases by filing voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on May 14, 2012, the Debtors filed a (i) *Motion Pursuant to* 11 *U.S.C. §§ 105, 363 (b), (j), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61], and (ii) an accompanying Memorandum of Law [Docket No. 62] (the "Sale Motion");

WHEREAS, Freddie Mac has filed certain objections to the Sale Motion, including Docket Nos. 1690, 2101, and 2196 objecting to the assumption and assignment of the Freddie Mac Agreements, asserting cure amounts for the Debtors' obligations to cure defaults, and objecting to the lack of adequate assurance of future performance;

WHEREAS on November 21, 2012, the Court approved the sale of the Debtors' platform servicing assets and entered the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and*

2

ny-1076237

*Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246] (the "<u>Ocwen Sale Approval Order</u>");[1]

WHEREAS, Paragraph 20 of the Ocwen Sale Approval Order provides, in pertinent part, that "[t]he Debtors, in consultation with the Creditors' Committee and the Purchaser, and the relevant non-debtor counterparty shall have authority to compromise, settle, or otherwise resolve any objections to proposed Cure Amounts without further order of the Bankruptcy Court; provided, however, the consent of the Creditors' Committee (which consent shall not be unreasonably withheld) shall be required with respect to the allowance of any Cure Amount in excess of $1 million";

WHEREAS, the Debtors have consulted with the Creditors' Committee and the Purchaser and have determined that entry into this Stipulation is in the best interest of the Debtors' estates;

WHEREAS, Freddie Mac has timely filed proofs of claim against certain of the Debtors, including Claim Nos. 4875 and 4899 (collectively, the "<u>Proofs of Claim</u>");

NOW THEREFORE, in consideration of the promises contained and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtors and Freddie Mac (where applicable the Debtors and Freddie Mac are each referred to as a "<u>Party</u>" and collectively as the "<u>Parties</u>") hereby agree as follows:

1. On the day (the "<u>Closing Date</u>") that the Debtors close the sale of the Servicing Platform to Ocwen Loan Servicing LLC ("<u>Ocwen</u>"), the applicable Debtors shall pay to Freddie Mac via federal funds wire transfer to an account designated by Freddie Mac $39.4 million (the

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Ocwen Sale Approval Order or Sale Motion, as applicable.

"Freddie Mac Payment"). In addition to the Freddie Mac Payment, after the Closing Date, the applicable Debtors shall continue making payments (the "Repurchase Payments") to Freddie Mac in the ordinary course pursuant to the Origination Order[2] and in accordance with the Freddie Mac Agreements on account of the loan repurchase demands made by Freddie Mac to the Debtors on or before the Closing Date. Such payments shall be made consistent with the *Final Order Under Bankruptcy Code Sections 105(A), 345, 363, 364, And 503(B)(1) and Bankruptcy Rules 6003 and 6004 Authorizing (i) Continued Use of Cash Management Services and Practices, (ii) Continued Use of Existing Bank Accounts, Checks, and Business Forms, (iii) Implementation of Modified Cash Management Procedures and Use of Certain Bank Accounts Established in Connection with Use of Pre- and Post-Petition Lenders' Financing Facilities and Cash Collateral, (iv) Waiver of the Investment and Deposit Requirements of Bankruptcy Code Section 345, (v) Debtors to Honor Specified Outstanding Prepetition Payment Obligations, and (vi) Continuation of Intercompany Transactions and Granting Administrative Expense Status to Intercompany Claims* [Docket No. 393].

2. All payments made by the Debtors to Freddie Mac in connection with the Freddie Mac Agreements and the 2010 Settlement whether prior or subsequent to the Petition Date, including, without limitation, the Freddie Mac Payment and the Repurchase Payments, shall be indefeasible, without recourse, setoff, defense or counterclaim, and shall not be subject to any reduction, claims, disgorgement, disputes, or litigation that challenges Freddie Mac's rights to retain any such payments, including any claims that such payments are subject to avoidance

---

[2] "Origination Order" means the Final Order under Sections 105(a), 363, 364, 503(b), 1107(a), and 1108 of the Bankruptcy Code Authorizing the Debtors to (i) Process and Where Applicable Fund Prepetition Mortgage Loan Commitments, (ii) Continue Brokerage, Origination and Sale Activities Related to Loan Securitization, (iii) Continue to Perform, and Incur Postpetition Secured Indebtedness under the Mortgage Loan Purchase And Sale Agreement With Ally Bank and Related Agreements, (iv) Pay Certain Prepetition Amounts Due to Critical Origination Vendors, and (v) Continue Honoring Mortgage Loan Repurchase Obligations Arising in Connection with Loan Sales and Servicing, each in the Ordinary Course of Business, entered on July 25, 2012 [Docket No. 898].

under chapter 5 of the Bankruptcy Code or state and federal laws of similar type or import, or any similar claims seeking disgorgement of the Freddie Mac Payment, the Repurchase Payments, or any prior payments made to Freddie Mac.

3. Except as set forth in this paragraph and in paragraph 7 below, (i) the Freddie Mac Payment and the Repurchase Payments shall constitute the allowed aggregate amount of the Proofs of Claim, and (ii) upon receipt of the Freddie Mac Payment by Freddie Mac, the Sale Objections filed by Freddie Mac shall be deemed fully and finally resolved. Upon receipt of the Freddie Mac Payment, other than as set forth in the proviso to paragraph 7, Freddie Mac fully and finally waives any rights preserved in the Proofs of Claim to assert any future claims or setoff against the Debtors. The Freddie Mac Payment and the Repurchase Payments do not affect in any way the proofs of claim filed by The Federal Housing Finance Agency ("FHFA"), including Claim Nos. 6296, 6297, 6298, 6299, 6300, and 6301 (the "FHFA Proofs of Claim"), nor do they affect any other pending matter or issue concerning FHFA.

4. Upon entry of this Stipulation by the Court and the receipt by Freddie Mac of the Freddie Mac Payment, Freddie Mac consents to the transfer of the Freddie Mac Agreements and related servicing rights to Ocwen, pursuant to the terms of this Stipulation and the Servicing Transfer Agreement among Residential Capital, LLC, RFC, GMACM, Ocwen, and Freddie Mac (the "Servicing Transfer Agreement").

5. The Debtors and Freddie Mac shall use commercially reasonable efforts to close the sale of the Servicing Platform no later than February 15, 2013. Unless Freddie Mac, the Debtors, and the Creditors Committee expressly consent in writing to an extension of the Expiration Date, this Stipulation shall be null and void and of no further force and effect if the

5

ny-1076237

Closing Date shall not have occurred on or prior to February 28, 2013 (the "Expiration Date"), and all parties shall be restored to their prior positions without prejudice.

6. Effective as of the Closing Date and the assumption and assignment of the Freddie Mac Agreements as provided in the Servicing Transfer Agreement, each of the Debtors on behalf of itself and any other party, person, or entity claiming under or through it, including the Creditors' Committee, hereby releases, discharges and acquits Freddie Mac and its respective current and former agents, servants, officers, directors, employees, conservators, subsidiaries, divisions, branches, units, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "Freddie Mac Released Party"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute (including, without limitation, all claims under Chapter 5 of the Bankruptcy Code or any similar state or federal laws), regulation, tort (including, without limitation, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that each Debtor ever had or claimed to have or now has or claims to have presently or at any future date, against any Freddie Mac Released Party arising under or related to the matters set forth in the Proofs of Claim, the Freddie Mac Agreements, or the 2010 Settlement; provided, however, nothing in this paragraph shall be deemed to release (i) Freddie Mac from its obligations under this Stipulation, (ii) Freddie Mac or the FHFA from any claims or causes of action arising out of or relating to non-agency residential mortgage backed securities purchased by Freddie Mac ("Private Label Securities Claims") that the Debtors

6

may have or the FHFA Proofs of Claims, (iii) the right of the Debtors to enforce the terms of this Stipulation or the Servicing Transfer Agreement; or (iv) any legal or equitable defense, counterclaim or set-off against any claims by a Freddie Mac Released Party other than Freddie Mac against the Debtors arising under or related to the matters set forth in the Proofs of Claim, the Freddie Mac Agreements, or the 2010 Settlement.

7. Effective as of the Closing Date and Freddie Mac's receipt of the Freddie Mac Payment, Freddie Mac, on behalf of itself and any other party, person, or entity claiming under or through it, hereby releases, discharges and acquits each of the Debtors and each of their respective current and former agents, servants, officers, directors, employees, subsidiaries, divisions, branches, units, attorneys, successors, predecessors, heirs, personal representatives, and assigns (each of the foregoing, a "<u>Debtor Released Party</u>"), from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses and claims of every kind, nature, and character whatsoever, whether in law or in equity, whether based on contract (including, without limitation, quasi-contract or estoppel), statute, regulation, tort (including, without limitation, fraud, misrepresentation, defamation, breaches of alleged fiduciary duty, recklessness, gross negligence, or negligence) or otherwise, accrued or unaccrued, known or unknown, matured, unmatured, liquidated or unliquidated, certain or contingent, that Freddie Mac ever had or claimed to have or now has or claims to have presently or at any future date, against any Debtor Released Party arising under or related to the matters set forth in the Proofs of Claim (except for the Private Label Securities claims that are also part of the FHFA Proofs of Claim), the Freddie Mac Agreements, or the 2010 Settlement; <u>provided</u>, <u>however</u>, nothing in this paragraph or this Stipulation shall be deemed to limit, release, or waive (i) Freddie Mac's claims or rights as a holder of certificates in securitization trusts ("<u>Trusts</u>") for

7

which certain of the Debtors act or acted as issuers, depositors, sponsors, sellers, servicers, originators, purchasers, assignees, assignors, or underwriters, including without limitation Freddie Mac's interests in and rights with respect to the Trusts' claims against the Debtors, and Freddie Mac's right to receive payments, distributions, or recoveries from the Trusts; (ii) any Private Label Securities Claims that FHFA may have against the Debtors and any claims asserted by FHFA in the FHFA Proofs of Claim; (iii) the Debtors' obligations under this Stipulation, including, without limitation, the obligation to make the Repurchase Payments, (iv) the Debtors' obligations under the Freddie Mac Agreements and the Servicing Transfer Agreement as a transferor servicer to cooperate with the transferee and to transfer all files, records, data, funds, and other documents and materials related to servicing of the mortgages as may be required for an orderly transfer of servicing, (v) the Debtors' obligation under the Servicing Transfer Agreement; (vi) Freddie Mac's right to enforce the terms of this Stipulation or the Servicing Transfer Agreement; or (vii) any legal or equitable defense, counterclaim or set-off against any claims by a Debtor Released Party other than the Debtors against Freddie Mac arising under or related to the matters set forth in the Proofs of Claim, the Freddie Mac Agreements, or the 2010 Settlement.  For purposes of this Stipulation and Order, FHFA shall not be a party, person, or entity claiming under or through Freddie Mac.

8.     Notwithstanding anything herein to the contrary, in no event shall FHFA be entitled to bring any claims against the Debtors released by Freddie Mac pursuant to paragraph 7 hereof, nor shall the Debtors be permitted to bring any claims against FHFA that were released against Freddie Mac pursuant to paragraph 6 hereof.

9.     Notwithstanding anything contained in this Stipulation to the contrary, this Stipulation does not, and shall not be construed to, limit, waive, or release any claims, rights,

8

ny-1076237

causes of action or demands that FHFA has or may have against Ally Financial Inc. ("AFI") and/or any affiliates of AFI, including Ally Securities, LLC, Ally Bank, the Debtors, or any other entity or individual in *Federal Housing Finance Agency, as Conservator for the Federal Home Loan Mortgage Corp. v. Ally Financial, Inc., et al.,* No. 11-civ-7010 (S.D.N.Y.).

10. Notwithstanding anything contained in this Stipulation to the contrary, this Stipulation does not, and shall not be construed to, limit, waive, or release any claims, rights, causes of action or demands that Freddie Mac, FHFA, the Debtors or any other party in interest (including the Creditors Committee) has or may have against AFI and/or any affiliates of AFI, including Ally Securities, LLC, Ally Bank, or any entity or individual that is not a Debtor Released Party, including, without limitation, all claims (i) relating to, or arising out of, the Freddie Mac Agreements or the 2010 Settlement; (ii) relating to, or arising out of, the Guaranty, dated as of March 17, 2010, by GMAC Inc. in favor of Freddie Mac; (iii) relating to, or arising out of, the Guaranty by and between AFI and Freddie Mac pursuant to which AFI guaranteed certain obligations of Ally Bank to Freddie Mac; or (iv) relating to, or arising out of, the payment of the Freddie Mac Payment or Repurchase Payments.

11. This Stipulation constitutes the entire understanding of the Parties in connection with the subject matter of this Stipulation, and supersedes any previous agreements or understandings in connection with the subject matter in this Stipulation between the parties, except for the Servicing Transfer Agreement.

12. The persons executing this Stipulation represent and warrant that they have the corporate power and authority to execute this Stipulation and that this Stipulation has been duly authorized by the Parties.

ny-1076237

13. This Stipulation may be executed in any number of counterparts and by each Party hereto on separate counterparts, each of which when so executed and delivered will be an original, but all of which together will constitute one and the same instrument. For purposes of this Stipulation, signatures obtained by facsimile or other electronic means will constitute original signatures.

14. This Stipulation and the Parties' respective rights and obligations are binding upon their respective successors and assigns, and together with the rights and remedies of the Parties under this Stipulation, inure to the benefit of the Parties and their respective successors and assigns including, without limitation, Ocwen. Notwithstanding the foregoing, this Stipulation is subject to the approval of the applicable Debtors' Boards of Directors, Freddie Mac's Board of Directors and FHFA, and this Stipulation shall be null and void and shall not become effective until it is approved by all such parties.

15. This Stipulation may not be amended, modified, or terminated unless such amendments, modifications, or termination are in writing signed by the Parties and approved by FHFA, with notice of such amendment, modification, or termination provided to counsel for the Creditors' Committee.

16. The Parties to this Stipulation acknowledge and agree that the rights and interests of the Parties under this Stipulation are intended to benefit solely the Parties to this Stipulation and their respective successors and assigns (including, without limitation, Ocwen) and that there are otherwise no intended third-party beneficiaries of this Stipulation.

17. No delay or failure of the parties to exercise any respective right, power or privilege under this Stipulation will affect such right, power or privilege, nor will any single or

ny-1076237

partial exercise thereof preclude any further exercise thereof, nor the exercise of any other right, power or privilege.

18. This Stipulation is entered into among competent persons who are experienced in business and represented by counsel, and the Parties and their respective counsel have carefully reviewed this Stipulation. Any ambiguous language in this agreement will not be construed against either party as the drafter of this Stipulation.

19. This Stipulation is made in the State of New York and is governed by, and construed and enforced in accordance with, the internal laws of the State of New York, without regard to conflicts of laws principles.

[Stipulation and Order continues on following page]

20. The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

| | |
|---|---|
| Dated: February 6, 2013 | Dated: February 6, 2013 |
| /s/ Todd M. Goren | /s/ Kenton W. Hambrick |
| Gary S. Lee | Kenton W. Hambrick |
| Todd M. Goren | Associate General Counsel |
| | Freddie Mac, M/S202 |
| MORRISON & FOERSTER LLP | 8200 Jones Branch Drive |
| 1290 Avenue of the Americas | McLean, Virginia 22102 |
| New York, New York 10104 | Telephone: (703) 903-2473 |
| Telephone: (212) 468-8000 | Facsimile: (703) 903-3692 |
| Facsimile: (212) 468-7900 | |
| | and |
| *Counsel to the Debtors and Debtors in Possession* | Paul D. Moak |
| | McKOOL SMITH PC |
| | 600 Travis St., Suite 7000 |
| | Houston, Texas 77002 |
| | Telephone: (713) 485-7300 |
| | Facsimile: (713) 485-7344 |
| | *Counsel to Freddie Mac* |

**ACKNOWLEDGEMENT AND CONSENT:**
OFFICIAL COMMITTEE OF UNSECURED CREDITORS

/s/ Douglas Mannal
Kenneth Eckstein
Douglas Mannal

**Kramer Levin Naftallis & Frankel LLP**
1177 Avenue of the Americas
New York, NY 10036
T: 212-715-9100
F: 212-715-8000

*Counsel for the Official Committee of Unsecured Creditors*

**SO ORDERED:**

Dated: _____, 2013
       New York, New York

                                            _____
                                            HON. MARTIN GLENN
                                            United States Bankruptcy Judge

13

ny-1076237