**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |   |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND OCWEN**
**LOAN SERVICING, LLC APPROVING AMENDMENT NO. 2 TO THE OCWEN APA**

Subject to the approval of the Court, this stipulation and order (the "**Stipulation**") is made and entered into on January 30, 2013 by, between, and among the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") and Ocwen Loan Servicing, LLC ("**Ocwen**" and together with the Debtors, the "**Parties**").

**WHEREAS**, on May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**");

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Since the Petition Date, the Debtors have operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on the Petition Date, the Debtors filed the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including*

*Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "**Sale Motion**");

**WHEREAS**, on May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine-member official committee of unsecured creditors [Docket No. 102] (the "**Creditors' Committee**");

**WHEREAS**, on June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674];

**WHEREAS**, on October 23, 2012, the Debtors, pursuant to the Sales Procedures Order,[1] conducted an auction with respect to the Servicing Platform assets at the conclusion of which it was determined that Ocwen offered the highest and best bid for the purchase of the Servicing Platform assets and, accordingly, Ocwen was deemed the successful bidder [Docket No. 2050];

**WHEREAS**, certain Debtors and Ocwen entered into an asset purchase agreement, dated as of November 2, 2012 and amended on November 20, 2012, for the sale of substantially all of the Debtors' loan origination and servicing platform assets (the "**Ocwen**

---

[1] The "Sale Procedures Order" refers to the Court's *Order Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice* [Docket No. 538], entered on June 28, 2012.

**APA**");[2]

WHEREAS, on November 21, 2012, after the occurrence of a hearing to consider the Debtors' proposed order approving the sale, asset purchase agreement, and assumption and assignment of certain contracts for the proposed sale transaction, the Court entered the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) (A) Sale Of Debtors' Assets Pursuant to Asset Purchase Agreement With Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] (the "**Ocwen Sale Approval Order**");

WHEREAS, the Ocwen Sale Approval Order, among other things, contemplated the transfer of the Debtors' rights in respect of governmental agency loans owned or guaranteed by Fannie Mae,[3] Freddie Mac, or Ginnie Mae that are serviced by the Debtors (collectively, the "**Agency Loans**"). Specifically, in connection with Ginnie Mae Loans, the Ocwen Sale Approval Order required that Ginnie Mae provide express written consent, in its sole and absolute discretion, before the Debtors could take the following actions: (i) transfer the Mortgage Servicing relating to the Agency Loans of Ginnie Mae to Ocwen; (ii) assume and assign any agreements between any of the Debtors and Ginnie Mae; (iii) propose modification of any agreement between any of the Debtors and Ginnie Mae; and (iv) apply the Ocwen Sale Approval Order to any agreements among the Debtors and Ginnie Mae. *See* Ocwen Sale Approval Order at ¶ 48;

---

[2]  The Ocwen APA is attached as <u>Exhibit 1</u> to the Ocwen Sale Approval Order (defined herein).

[3]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Ocwen APA.

WHEREAS, subsequent to the Court's entry of the Ocwen Sale Approval Order, Ginnie Mae provided the Debtors with a consent letter, dated January 16, 2013 (the "**Consent Letter**") and attached hereto as Exhibit 1, whereby Ginnie Mae conferred continued Ginnie Mae Issuer[4] status to GMAC Mortgage, LLC ("**GMACM**"), one of the Debtors, for a limited time post-Closing, and authorized GMACM to securitize certain loans that are eligible to be pooled under the Pool Issuance and Immediate Transfer program (the "**PIIT Program**") administered by Ginnie Mae. Ginnie Mae's consent to GMACM's continued existence as a Ginnie Mae Issuer is contingent on GMACM's (i) immediate transfer to another Ginnie Mae Issuer of the servicing obligations and "Issuer responsibility" ) for the Mortgage Loans included in each Ginnie Mae Pool, and (ii) successful implementation of the PIIT Program. The Consent Letter thus serves to facilitate GMACM's disposition of Ginnie Mae Loans -by permitting GMACM to sell such loans into Ginnie Mae sponsored securitizations, while simultaneously selling the associated Mortgage Servicing Rights ("**MSRs**") to another Ginnie Mae Issuer, who, in turn, will assume all repurchase, servicing, and Issuer responsibilities in connection with the purchase of the MSRs;

WHEREAS, pursuant to discussions amongst the Parties, the Creditors' Committee, Ginnie Mae, and other third parties, the Debtors determined that it would be in their estates' best interests to facilitate the Debtors' liquidation and disposition of their remaining portfolio of Ginnie Mae Loans;

WHEREAS, the Amendment generally provides that Ocwen, a Ginnie Mae Issuer, would (i) facilitate GMACM's securitization of Mortgage Loans eligible for Ginnie Mae pooling and securitization, (ii) assume the servicing obligations and Issuer responsibility for such

---

[4] Capitalized and quoted terms used but not defined in this paragraph shall be used and have the meanings ascribed to such terms as provided in the Amendment (as defined below).

Mortgage Loans, and (iii) purchase the resulting MSRs in accordance with the PIIT Program at the approximately same purchase price Ocwen agreed to pay in the Ocwen APA for existing Ginnie Mae MSRs on the Closing Date, and the Debtors will now be able to sell the Ginnie Mae Loans into Ginnie Mae securitizations;

**WHEREAS**, subsequent to the Debtors' receipt of the Consent Letter and the Debtors' discussions with the Creditors' Committee, Ocwen, and Ginnie Mae, the Parties negotiated a second amendment to the Ocwen APA (the "**Amendment**"), attached hereto as Exhibit 2. The Amendment outlines the structure and the terms and conditions by which (i) the Debtors will pool Mortgage Loans and create Ginnie Mae securities, and (ii) Ocwen will purchase the resulting MSRs and assume the related servicing obligations post-Closing. The Debtors believe that the structure for the disposition of the Ginnie Mae Loans as provided for by the Amendment is expected to result in material additional proceeds for the estates;

**WHEREAS**, the Debtors have determined that executing the Amendment is an exercise of their reasonable business judgment and entering into this Stipulation is in the best interests of the Debtors, their estates, and their creditors; and

**WHEREAS**, venue of this Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1. The Debtors are authorized to enter into the Amendment with Ocwen and take all other actions necessary to effectuate the Amendment pursuant to this Stipulation.

2. The Amendment, together with the APA (as may be further amended as provided pursuant the terms of the Sale Order) shall be governed by the Sale Order.

3. The Stipulation and Amendment constitute the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersede all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of the Stipulation and Amendment.

4. To the extent there is any inconsistency between the terms of this Stipulation and the Amendment, the terms of the Amendment shall control.

5. Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMACM, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012.

6. Neither the Stipulation nor the Amendment may be altered, modified, changed or vacated without the prior written consent of the Parties.

7. This Stipulation shall be binding upon the Parties as well as any successor, trustee or receiver appointed in these chapter 11 cases. No provision in any plan of reorganization or liquidation subsequently confirmed in these chapter 11 cases shall contain any provisions inconsistent with the terms of this Stipulation.

8. This Stipulation may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one

and the same agreement. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

9. The Amendment and Stipulation are both subject to the approval of the Court, and each shall become effective upon the Court's entry of this Stipulation. No other or further notice to creditors or parties-in-interest is required to effectuate the Stipulation or Amendment.

10. The Parties represent and warrant that each has full power and authority to enter into and perform under the Stipulation, and each of the undersigned counsel represents that he or she is authorized to execute this Stipulation on behalf of his or her respective client.

[ *Remainder of Page Intentionally Left Blank* ]

Dated: January 30, 2013

/s/ Gary S. Lee
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*

Dated: January 30, 2013

/s/ Jennifer C. DeMarco
Jennifer C. DeMarco
Adam Lesman
**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Counsel to Ocwen Loan Servicing, LLC*

**IT IS SO ORDERED**

Dated: February 7, 2013
New York, New York

/s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge