**Presentment Date and Time:  February 14, 2013 at 12:00 p.m. (ET)**
**Objection Deadline:  February 13, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------ ) | |
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ------------------------------------------------------ ) | |

**NOTICE OF PRESENTMENT OF DEBTORS' THIRD MOTION FOR ORDER UNDER**
**11 U.S.C. §§ 105(A) AND 365(A) AND (F), FED. R. BANKR. P. 6006 AND 9014 AND**
**LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND**
**ASSIGNMENT OF EXECUTORY CONTRACTS IN CONNECTION WITH**
<u>**THE SALE OF THE DEBTORS' PLATFORM ASSETS**</u>

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Debtors' Third*

*Motion for Order Under 11 U.S.C. §§ 105(a) and 365(a) and (f), Fed. R. Bankr. P. 6006 and*

*9014 and Local Bankruptcy Rule 6006-1 Authorizing Assumption and Assignment of Executory*

*Contracts In Connection with the Sale of the Debtors' Platform Assets*(the "<u>Motion</u>"), to the

Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court

for the Southern District of New York (the "<u>Bankruptcy Court</u>"), Alexander Hamilton Custom

House, One Bowling Green, New York, New York 10004, Room 501, for signature on
**February 14, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

     **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be
made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy
Rules for the Southern District of New York, and the Notice, Case Management, and
Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed
electronically by registered users of the Bankruptcy Court's electronic case filing system, and be
served, so as to be received no later than **February 13, 2013 at 4:00 p.m. (Prevailing Eastern
Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the
Americas, New York, NY 10104 (Attn:  Gary S. Lee and Todd M. Goren); (b) the Office of the
United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor,
New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S. Masumoto);
(c) the Office of the United States Attorney General, U.S. Department of Justice, 950
Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H.
Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY
12224-0341 (Attn: Nancy Lord and Enid N. Stuart); (e) Office of the U.S. Attorney for the
Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N.
Cordaro); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New
York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative
agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New
York, NY 10036 (Attn: Ken Ziman and Jonathan H. Hofer)**;**  (h) counsel for the committee of
unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New
York, NY 10036 (Attn: Kenneth Eckstein and Greg Horowitz); (i) counsel for Ocwen Loan

Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn:

Jennifer C. DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box 7346,

Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133,

Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional

Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S.

Canellos, Regional Director).

      **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Motion are timely

filed, served and received in accordance with this Notice, the Court may enter the Order without

further notice or hearing.

Dated: February 7, 2013               Respectfully submitted,
     New York, New York

                                    */s/* Gary S. Lee
                                    Gary S. Lee
                                    Todd M. Goren
                                    Alexandra Steinberg Barrage
                                    Melissa M. Crespo
                                    MORRISON & FOERSTER LLP
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    Telephone: (212) 468-8000
                                    Facsimile: (212) 468-7900

                                    *Counsel for the Debtors and*
                                    *Debtors in Possession*

**Presentment Date and Time:  February 14, 2013 at 12:00 p.m. (ET)**
**Objection Deadline:  February 13, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Melissa M. Crespo

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' THIRD MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS IN CONNECTION WITH THE SALE OF THE DEBTORS' PLATFORM ASSETS**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors")[1], hereby move (the "Motion") for entry of an order under sections 105(a) and

365(a) and (f) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), rules

6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule

6006-1 of the Local Bankruptcy Rules for the Southern District of New York, authorizing the

assumption and assignment of the executory contracts set forth on Exhibit 1, annexed hereto (the

"Supplemental Schedule"), (each an "Executory Contract" and collectively, the "Executory

Contracts") and reserving the Debtors' right to remove any Executory Contract up to two

business days prior to the Closing Date (as defined below) of the Debtors' sale of their Platform

Assets (as defined below) to Ocwen Loan Servicing, LLC ("Ocwen").

In support of this Motion, the Debtors represent as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion

in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are Bankruptcy

Code sections 105(a) and 365(a) and (f), and Bankruptcy Rules 6006 and 9014.

---

[1]  The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1
to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter
11 Petitions and First Day Motions* [Docket No. 6].

**BACKGROUND**

3.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary

petition with the Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy

Rule 1015(b).  No trustee has been appointed in these chapter 11 cases.

4.    On the Petition Date, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105,*

*363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders:*

*(I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses*

*Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and*

*Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of*

*Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests;*

*(II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the*

*Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related*

*Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion").  By the Sale

Motion, the Debtors sought Court approval of the sales of the Debtors' mortgage loan servicing

and origination platform (the "Platform Assets") and the Debtors' legacy whole loan portfolio

(the "Whole Loan Assets").

5.    On May 16, 2012, the United States Trustee for the Southern District of New

York appointed a nine-member official committee of unsecured creditors.

6.    On June 20, 2012, the Court directed that an examiner be appointed, and on

July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

7.    On June 28, 2012, the Court approved the Debtors' proposed sale procedures, as

requested by the Sale Motion, including procedures by which the Debtors would assume and

2

assign certain contracts and fix cure amounts related thereto [Docket No. 538] (the "Sale

Procedures Order").

8.    In connection with the Sale Procedures and the Platform Sale, the Debtors filed

the following notices (collectively, the "Assumption and Assignment Notices") which listed

executory contracts or unexpired leases that may be assumed by the Debtors and assigned to

Ocwen:

    (a)    On July 26, 2012, the Debtors filed the *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Property and (II) Cure Amounts Related Thereto* [Docket No. 924];

    (b)    On September 14, 2012, the Debtors filed the *First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1459];

    (c)    On September 18, 2012, the Debtors filed *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1484]; and

    (d)    On November 5, 2012, the Debtors filed the *First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto* [Docket No. 2076].

9.    The Assumption and Assignment Notices provided that the purchaser of the

Platform Assets "may, subject to certain limitations . . . designate additional contracts or leases

as Assumed Contracts to be assumed and assigned by providing notice to the affected non-debtor

counterparties indicating that the Debtors intend to assume and assign additional Assumed

Contracts" until two business days prior to the Closing Date (the "Contract Designation

Deadline").

10.     On November 21, 2012, the Court entered orders approving the sale of (i) the

Platform Assets (the "Platform Sale") to Ocwen [Docket No.  2246], and (ii) the sale of the

Whole Loan Assets (the "Whole Loan Sale") to Berkshire Hathaway Inc. [Docket No.  2247], in

each case subject to the respective sale orders.[2]

11.     In connection with the Assumption and Assignment Notices, the Debtors devoted

substantial effort to prepare a full and complete list of executory contracts and unexpired leases

that were likely to be assumed and assigned to the purchaser of the Platform Assets, subject to

the terms of the Sale Procedures Order.  Since the filing of the Assumption and Assignment

Notices, the Debtors have identified additional executory contracts, set forth on the Supplemental

Schedule, that were inadvertently omitted from the Assumption and Assignment Notices.

12.     The Debtors believe that they are authorized to furnish notice of assumption and

assignment to counterparties to the Executory Contracts in accordance with the Sale Procedures

Order.  However, the Debtors have elected to file this Motion out of an abundance of caution.

The Debtors seek to assume and assign to Ocwen the Executory Contracts on the closing date of

the Platform Sale (the "Closing Date"), reserving their right to remove any Executory Contract

from the Supplemental Schedule, in which case the Executory Contract shall cease to be an

Executory Contract, no later than two business days prior to the Closing Date (the "Contract

Designation Deadline").  The counterparty to such removed Executory Contract shall receive

prompt notice of such removal.

13.     The Debtors have confirmed through correspondence with counsel to the

counterparties to the Executory Contracts listed on Exhibit 1 that 1) the counterparties do not

object to the assumption and assignment of their respective Executory Contracts and 2) either

---

[2] The order approving the Platform Sale shall be referred to as the "Sale Order" herein.

there is no cure amount owing, or to the counterparties' knowledge, no cure amount is owed under their respective Executory Contracts.

## RELIEF REQUESTED

14.     By this Motion, the Debtors respectfully request, pursuant to Bankruptcy Code sections 105(a) and 365(a) and (f), and Bankruptcy Rules 6006 and 9014, and Rule 6006-1 of the Local Bankruptcy Rules for the Southern District of New York, that this Court enter an order, substantially in the form annexed hereto as Exhibit 2, pursuant to sections 365(a) and (f) of the Bankruptcy Code, authorizing the assumption and assignment of the Executory Contracts identified on the Supplemental Schedule.  The Debtors respectfully request that any subsequent assumption and assignment remain subject to the terms of the Sale Order.  The Debtors submit that the assumption and assignment of the Executory Contracts is in furtherance of and required by the terms of the Platform Sale and thus represents an appropriate exercise of sound business judgment.

## BASIS FOR RELIEF

15.     The Debtors have determined that the Executory Contracts identified on the Supplemental Schedule may be necessary to Ocwen's ongoing business operations.  Accordingly, the Debtors have determined through the exercise of their business judgment that the proposed assumption and assignment of the Executory Contracts, subject to the Debtors right to remove any Executory Contract from the Supplemental Schedule, in which case the Executory Contract shall cease to be an Executory Contract, no later than two business days prior to the Closing Date, is in the best interests of the Debtors' estates, their creditors and other parties in interest.

## APPLICABLE AUTHORITY

16.     Section 365 of the Bankruptcy Code provides that a debtor in possession may assume, assign, or reject any executory contract or unexpired lease of the debtor, provided that

5

any defaults under such contracts and leases are cured and adequate assurance of future

performance is provided.  *See* 11 U.S.C. § 365(a) and (f).  *See also NLRB v. Bildisco & Bildisco*,

465 U.S. 513, 521 (1984); *Med. Malpractice Ins. Ass'n v. Hirsch (In re Lavigne)*, 114 F.3d 379,

386 (2d Cir. 1997).  "The purpose behind allowing the assumption or rejection of executory

contracts is to permit the trustee or debtor-in-possession to use valuable property of the estate

and to renounce title to and abandon burdensome property."  *Orion Pictures Corp. v. Showtime*

*Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (internal quotation

marks and reference omitted).  Bankruptcy Code section 365(f) provides that, notwithstanding

language in an executory contract or unexpired lease to the contrary, the trustee may assign a

contract or lease, provided first that the trustee assume the contract or lease, and second that

adequate assurance of future performance by the assignee be provided, whether or not the

contract or lease is in default.  *See* 11 U.S.C. § 365(f).  *See also* 4 ALAN A. RESNICK & HENRY J.

SOMMER, COLLIER BANKRUPTCY PRACTICE GUIDE ¶ 68.08 (4th ed. 2011).

       17.    Courts defer to a debtor's business judgment in assuming an executory contract or

unexpired lease.  *In re Orion Pictures Corp.*, 4 F.3d at 1098 (noting that section 365 "permits the

[debtor], subject to the approval of the bankruptcy court, to go through the inventory of

executory contracts of the debtor and decide which ones it would be beneficial to adhere to and

which ones it would be beneficial to reject.").

       18.    Courts generally will not second-guess a debtor's business judgment concerning

whether the assumption or rejection of an executory contract or unexpired lease would benefit

the debtor's estate.  *See Phar-Mor, Inc. v. Strouss Bldg. Assocs.*, 204 B.R. 948, 951-52 (N.D.

Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound

business judgment of the debtor.") (internal citations omitted).  If the debtor's business judgment

has been exercised reasonably, a court should approve the assumption or rejection of an

executory contract.  *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. at 523; *In re Ionosphere*

*Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 1989); *see also In re Orion Pictures Corp.*, 4

F.3d at 1098-99.  The Debtors respectfully submit that in connection with the Platform Sale, the

Debtors have established that the assumption and assignment of the Executory Contracts reflects

a sound exercise of their business judgment as reflected in the findings set forth in the Sale Order

and record at the Sale Hearing.

19.     The assumption and assignment of the Executory Contracts satisfies the

provisions of Bankruptcy Code section 365.  First, the Court previously found in connection with

the Sale Order that the adequate assurance of future performance standard has been  satisfied.

*See Sale Order*, at ¶T ("The Purchaser's promise to perform the obligations under the Assumed

Contracts after the Closing Date shall constitute adequate assurance of its future performance of

and under the Assumed Contracts, within the meaning of sections 365(b)(1) and 365(f)(2) of the

Bankruptcy Code.").  The meaning of "adequate assurance of future performance" depends on

the facts and circumstances of each case, but should be given "practical, pragmatic construction."

*See Carlisle Homes. Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524, 538 (Bankr. D.N.J.

1989).  Among other things, adequate assurance may be given by demonstrating the assignee's

financial health and experience in managing the type of enterprise or property assigned.  *See In*

*re Bygaph Inc.*, 56 B.R. 596, 605-06 (Bankr. S.D.N.Y. 1986).  Ocwen clearly satisfies this

criteria.

20.     Second, the Debtors believe there are no cure costs associated with the

assumption of the Executory Contracts.  However, if there are any cure costs associated with

such Executory Contracts, the Debtors will promptly cure any default arising under any

7

Executory Contract.  Further, should Ocwen determine that it wishes to take assignment of the

Contracts upon the Closing Date, Ocwen has demonstrated adequate assurance of future

performance.

21.    Accordingly, the Debtors submit that their request to assume and assign to Ocwen

the Executory Contracts on the Closing Date, subject to the Debtors' right to remove any

Executory Contract from the Supplemental Schedule no later than two business days prior to the

Closing Date, should be approved because it is in accordance with the Ocwen asset purchase

agreement and thus is in the best interests of the Debtors' estates and represents a proper exercise

of the Debtors' business judgment.

## NOTICE

22.    The Debtors have provided notice of this Motion in accordance with the Case

Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that this Court enter an order,

substantially in the form annexed hereto as <u>Exhibit 2</u>, granting the relief requested in this Motion

and such other and further relief as may be just and proper.


Dated: February 7, 2013
      New York, New York

                      /s/ Gary S. Lee
                      Gary S. Lee
                      Todd M. Goren
                      Alexandra Steinberg Barrage
                      Melissa M. Crespo
                      MORRISON & FOERSTER LLP
                      1290 Avenue of the Americas
                      New York, New York 10104
                      Telephone: (212) 468-8000
                      Facsimile: (212) 468-7900

                      *Counsel to the Debtors*
                      *and Debtors in Possession*

## **Exhibit 1 to Motion**

Supplemental Schedule of Executory Contracts

| Debtor Entity | Contract Description | Counterparty | Cure Amount | Address 1 |
|---|---|---|---|---|
| GMAC Mortgage, LLC | UBS Real Estate Securities, Inc. Assignment, Assumption and Recognition Agreement - January 30, 2006 | Everbank | $0.00 | 8100 Nations Way, Jacksonville, FL 32256 |
| GMAC Mortgage, LLC | DLJ Mortgage Capital, Inc. Assignment, Assumption and Recognition Agreement - January 2, 2008 | Everbank | $0.00 | 8100 Nations Way, Jacksonville, FL 32256 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0002 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0004 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0005 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | REO Policy 6043-0006 (Underwriter: Balboa Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0008 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0012 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0013 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0014 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0015 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0016 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | REO Policy 6043-0018 (Underwriter: Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0020 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0021 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0022 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0023 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0024 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Wind Only Policy 13987103 (Underwriter: Various Underwriters at Lloyd's) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Wind Only Policy 12986103 (Underwriter: Various Underwriters at Lloyd's) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Software License Agreement, dated  September 27, 2001, between Wall Street Analytics, Inc. (now MA) and GMAC Mortgage Corporation | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage Corp. | Appendix A-1 to Software License Agreement, executed by GMAC Mortgage Corporation on May 4, 2005, and executed by Wall Street Analytics, Inc. on April 25, 2005; | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage Corp. | Appendix A-2 to Software License Agreement, executed by GMAC Mortgage Corporation on October 16, 2006 and executed by Wall Street Analytics, Inc. on October 17, 2006; | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| Residential Funding Company, LLC | Appendix A-3 to Software License AgreementAmendment 1 (not listed on 7/26 schedule) | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage, LLC | Amendment 1 to Software License Agreement | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage, LLC | Amendment 2 to Software License Agreement, February 2010 | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| Residential Capital, LLC | Moody's Application & Fee Schedule for Financial Institution Issuers | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage Corp. | Sub-agreement to Software License Agreement, March 26, 2002 | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |

* Neither the Debtors nor Moody's Analytics, Inc. believe that a cure amount is due and owing under the Moody's Analytics Inc. agreements.  However, if it is determined that a cure amount is due and owing under these agreements, the Debtors will promptly cure such default.

**Exhibit 2 to Motion**

Proposed Order

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
)
In re:                                          )        Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,               )        Chapter 11
                                                )
                          Debtors.              )        Jointly Administered
-------------------------------------------------------------
)

### ORDER UNDER 11 U.S.C. §§ 105(a) AND 365(a) AND (f), FED. R. BANKR. P. 6006 AND 9014 AND LOCAL BANKRUPTCY RULE 6006-1 AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS

Upon the motion (the "Motion") of the Debtors[1] for entry of an order (the

"Order"), pursuant to sections 105(a) and 365(a) and (f), of title 11 of the United States

Code, as amended (the "Bankruptcy Code") and rules 6006 and 9014 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the assumption

and assignment of the contracts identified on Exhibit 1 annexed hereto (the "Executory

Contracts") as more fully described in the Motion; and the Court having jurisdiction to

consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157

and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409; and the Court having determined that the relief requested in the Motion is in the

best interests of the Debtors, their estates, their creditors, and all parties in interest; and it

appearing that proper and adequate notice of the Motion has been given and that no other

or further notice is necessary; and the legal and factual bases set forth in the Motion

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

establish just and sufficient cause to grant the requested relief herein; and upon the record

herein; and after due deliberation thereon; and good and sufficient cause appearing

therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

1.    The Motion is GRANTED.

2.    Pursuant to Sections 365(a) and (f) of the Bankruptcy Code and

Bankruptcy Rules 6006 and 9014, the Debtors' assumption and assignment of the

Executory Contracts identified on Exhibit 1 annexed hereto is approved.

3.    The assumption and assignment of any Executory Contracts is subject to

the Debtors' right to remove any Executory Contract from Exhibit 1, no later than two

business days prior to the Closing Date (the "Contract Designation Deadline"), in which

case the Executory Contract shall cease to be an Executory Contract,.  The counterparty

to such removed Executory Contract shall be promptly furnished with notice of such

removal.

4.    Removal of any Executory Contract on or before the Contract Designation

Deadline will not constitute a rejection of such Executory Contract and neither the

Debtors nor Ocwen will be liable for rejection damages.

5.    The assumption and assignment of any Executory Contract not removed

by the Debtors as of the Contract Designation Deadline shall be effective as of the

Closing Date of the Platform Sale.

6.    The assumption and assignment of any Executory Contract on the Closing

Date shall be subject to and governed by the terms of the *Order Under 11 U.S.C. §§ 105,*

*363, and 365 and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of*

*Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;*

*(B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other*

*Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired*

*Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No.

2246].

7.      The Debtors are hereby authorized to execute and deliver all instruments

and documents, and take all other actions, as may be necessary or appropriate to

implement and effectuate the relief granted in this Order.

8.      Entry of this Order is without prejudice to the rights of the Debtors,

including, but not limited to, the right to seek further, other, or different relief regarding

the Debtors' executory contracts and unexpired leases pursuant to, among other things,

section 365 of the Bankruptcy Code.  Notwithstanding the relief granted herein and any

actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it

intended to constitute: (i) an admission as to the validity or priority of any claim against

the Debtors; (ii) a waiver of the Debtors' rights to dispute any claim; or (iii) an

assumption or adoption of any executory contract or unexpired lease pursuant to section

365 of the Bankruptcy Code.

9.      This Court shall retain jurisdiction with respect to all matters arising from

or related to the implementation or interpretation of this Order.

Dated:    _____, 2013
          New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## **<u>Exhibit 1 to Order</u>**

Schedule of Executory Contracts

| Debtor Entity | Contract Description | Counterparty | Cure Amount | Address 1 |
|---|---|---|---|---|
| GMAC Mortgage, LLC | UBS Real Estate Securities, Inc. Assignment, Assumption and Recognition Agreement - January 30, 2006 | Everbank | $0.00 | 8100 Nations Way, Jacksonville, FL 32256 |
| GMAC Mortgage, LLC | DLJ Mortgage Capital, Inc. Assignment, Assumption and Recognition Agreement - January 2, 2008 | Everbank | $0.00 | 8100 Nations Way, Jacksonville, FL 32256 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0002 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0004 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0005 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | REO Policy 6043-0006 (Underwriter: Balboa Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0008 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0012 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0013 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0014 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Hazard/REO Policy 6043-0015 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0016 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | REO Policy 6043-0018 (Underwriter: Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0020 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0021 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0022 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0023 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Hazard/REO Policy 6043-0024 (Underwriter: Balboa Insurance Co./Meritplan Insurance Co.) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Wind Only Policy 13987103 (Underwriter: Various Underwriters at Lloyd's) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage, LLC | Wind Only Policy 12986103 (Underwriter: Various Underwriters at Lloyd's) | QBE First Insurance Agency, Inc. | $0.00 | 210 Interstate North Parkway Atlanta, GA 30339 |
| GMAC Mortgage Corp. | Software License Agreement, dated  September 27, 2001, between Wall Street Analytics, Inc. (now MA) and GMAC Mortgage Corporation | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage Corp. | Appendix A-1 to Software License Agreement, executed by GMAC Mortgage Corporation on May 4, 2005, and executed by Wall Street Analytics, Inc. on April 25, 2005; | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage Corp. | Appendix A-2 to Software License Agreement, executed by GMAC Mortgage Corporation on October 16, 2006 and executed by Wall Street Analytics, Inc. on October 17, 2006; | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| Residential Funding Company, LLC | Appendix A-3 to Software License AgreementAmendment 1 (not listed on 7/26 schedule) | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage, LLC | Amendment 1 to Software License Agreement | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage, LLC | Amendment 2 to Software License Agreement, February 2010 | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| Residential Capital, LLC | Moody's Application & Fee Schedule for Financial Institution Issuers | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |
| GMAC Mortgage Corp. | Sub-agreement to Software License Agreement, March 26, 2002 | Moody's Analytics, Inc. | $0.00* | Po Box 102597, Atlanta, GA 30368-0597 |

\* Neither the Debtors nor Moody's Analytics, Inc. believe that a cure amount is due and owing under the Moody's Analytics Inc. agreements.  However, if it is determined that a cure amount is due and owing under these agreements, the Debtors will promptly cure such default.