Presentment Date and Time: February 15, 2013 at 12:00 p.m. (ET)
Objection Deadline: February 14, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Meryl L. Rothchild

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
                                                                 )
In re:                                                           )    Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, et al.,                                )    Chapter 11
                                                                 )
                                      Debtors.                   )    Jointly Administered
                                                                 )
---------------------------------------------------------------- )

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
RESOLVING WELLS FARGO BANK, N.A.'S OBJECTIONS TO
THE DEBTORS' SALE MOTION AND CURE AMOUNTS**

**PLEASE TAKE NOTICE** that in connection with the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired*

NY-1077232

*Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] and the Court's orders approving the sales of the Debtors mortgage loan servicing and origination platform[1] and whole loan portfolio,[2] the undersigned will present the attached *Stipulation and Order Resolving Wells Fargo Bank, N.A.'s Objections to the Debtors' Sale Motion and Cure Amounts* (the "Stipulation and Order") to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **February 15, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **February 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee and Todd M. Goren); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian S.

---

[1] *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246].

[2] *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief* [Docket No. 2247].

NY-1077232

Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Douglas Mannal); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco & Adam Lesman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Stipulation and Order without further notice or hearing.

Dated: February 8, 2013
      New York, New York

Respectfully submitted,

/s/ Gary S. Lee
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

NY-1077232

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION RESOLVING WELLS FARGO BANK, N.A.'s OBJECTIONS TO THE DEBTORS' SALE MOTION AND CURE AMOUNTS**

Subject to the approval of the Court, this stipulation and order (the "**Stipulation**") is made and entered into by, between, and among the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "**Debtors**") and Wells Fargo Bank, N.A.[1] ("**Wells Fargo**," and collectively with the Debtors, the "**Parties**"), in connection with the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "**Sale Motion**").

WHEREAS, venue of this proceeding and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] Solely in its capacity as servicer in connection with the loans transferred pursuant to the Sale Motion.

ny-1076821

WHEREAS, Wells Fargo, solely in its capacity as servicer with respect to certain mortgage or home equity lines of credit on behalf of Debtors, is a party to certain servicing agreements with certain of the Debtors (the "**Wells Fargo Servicing Agreements**"[2]);

WHEREAS, Wells Fargo filed Limited Objections [Docket Nos. 1648, 1979, and 2209] to the Sale Motion and to cure amounts proposed in connection with the related assumption and assignment of the Wells Fargo Servicing Agreements (collectively, the "**Wells Fargo Objections**");

WHEREAS on November 21, 2012, the Court approved the sale of the Debtors' platform servicing assets and entered *the Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246] (the "**Ocwen Sale Approval Order**") approving the sale of, among other things, certain Wells Fargo Servicing Agreements, to Ocwen Loan Servicing, LLC ("**Ocwen**");

WHEREAS on November 21, 2012, the Court approved the sale of the Debtors' whole loan assets and entered the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; and (C) Related*

---

[2] For the avoidance of doubt, the Wells Fargo Servicing Agreements do not include any agreements between the Debtors and the corporate trust services division of Wells Fargo ("Wells Fargo Corporate Trust Services") and this Stipulation and Order shall not affect any objections of Wells Fargo Corporate Trust Services as master servicer, trustee, securities administrator, custodian, or other capacity.

ny-1076821

*Agreements; and (II) Granting Related Relief* [Docket No. 2247] (the "**BH Sale Approval Order**," and together with the Ocwen Sale Approval Order, the "**Sale Orders**") approving the sale of, amongst other things, certain Wells Fargo Servicing Agreements to Berkshire Hathaway Inc. ("**BH**," and together with Ocwen, the "**Purchasers**"[3]);

WHEREAS, the Purchasers have agreed to assume the Debtors' obligations under the Wells Fargo Servicing Agreements as set forth in the applicable asset purchase agreements and the Sale Orders;

WHEREAS, while certain aspects of the Wells Fargo Objections to the Sale Motion were resolved by language included in the Sale Orders, Wells Fargo reserved its rights with respect to cure objections asserted in the Wells Fargo Objections;

WHEREAS, Wells Fargo acts as servicer for the Debtors for a portfolio of loans with an unpaid principal balance of over $4 billion;

WHEREAS, Wells Fargo filed secured claims in the aggregate amount of over $300,054,374 for unpaid servicing advances ("**Servicing Advances**") and principal and interest advances ("**P&I Advances**") [Claim Nos. 5704, 5709, 5721];

WHEREAS, Wells Fargo has submitted claims for approximately $11 million in P&I Advances under the Wells Fargo Servicing Agreements, which are not yet due and payable under the Wells Fargo Servicing Agreements;

WHEREAS, Wells Fargo and the Debtors are in the process of reconciling approximately $3 million in unreimbursed Servicing Advances,[4] including approximately

---

[3] Capitalized terms not otherwise defined herein have the meaning ascribed in the Sale Orders.

[4] For clarification, the term Servicing Advances as used herein includes, but is not limited to (i) advances made by Wells Fargo in connection with ordinary course and default servicing, including all tax and escrow advances; and (ii) claims resubmitted with additional documentation or at final claims review at REO sale as allowed under the Wells Fargo Servicing Agreements.

ny-1076821

$1.4 million in unreimbursed Servicing Advances that are currently due and owing. Such known unreimbursed Servicing Advances and any additional Servicing Advances that may be identified and/or incurred prior to the closing date for each of the Ocwen and BH sales are hereafter collectively referred to as the "**Pending Servicing Advances**;"

WHEREAS, the sale to BH was consummated on February 5, 2013;

WHEREAS, the Debtors seek to complete the transfer under the Ocwen Sale Order on February 15, 2013 (the "**Closing Dates**[5]");

WHEREAS, the Parties have engaged in good-faith negotiations with the objective of resolving the cure objections remaining from the Wells Fargo Objections, and have agreed to resolve the Wells Fargo Objections, subject to the terms and conditions set forth in this Stipulation; and

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1.  Upon entry of this Stipulation, the Debtors shall promptly reimburse Wells Fargo for all Pending Servicing Advances that are currently due and owing. The Debtorswill reimburse Wells Fargo for all Pending Servicing Advances that are not currently due and owing as they become due in the ordinary course, unless such obligation is the responsibility of the Puchasers pursuant to the Sales Orders.

2.  The Debtors shall place in a segregated account an amount of $1 million for payment of any Pending Servicing Advances that are the obligation of the Debtors pursuant to the Sales Orders and are due but not paid by the date that is 60 days following the Ocwen Closing Date. The Debtors shall reimburse Wells Fargo for any Pending Servicing Advances that are then due and payable from the segregated account as agreed to

---

[5] The Closing Dates as used herein are subject to change, and all references to the Closing Dates shall reflect any such change in date.

ny-1076821

by the parties or as otherwise ordered by the Court. If the segregated account is insufficient to reimburse any Pending Servicing Advances, any such Pending Servicing Advances that remain unpaid shall be administrative expense claims as provided by the Bankruptcy Code.

3. All P&I Advances shall be paid to Wells Fargo in accordance with the Sales Orders and the applicable Wells Fargo Servicing Agreements. All other unmatured claims shall be governed by the Wells Fargo Servicing Agreements, Servicing Guide, and Sale Orders.

4. This Stipulation shall settle and resolve the Wells Fargo Objections in their entirety and, upon entry of this Stipulation by the Court, the terms of this Stipulation shall govern the Parties' rights and obligations and Wells Fargo shall be deemed to have withdrawn the Wells Fargo Objections and consented to the Sale Orders to the extent they relate to the Wells Fargo Servicing Agreements.

5. On or after the Closing Date upon payment of all due and payable Servicing Advances as provided in this Stipulation, Wells Fargo, solely in its capacity as servicer, agrees to withdraw or amend its proofs of claim asserting claims duplicative of those asserted in the Wells Fargo Objections, and not to contest any efforts by the Debtors to object to any such proofs of claim that may not be withdrawn or amended as to the duplicative claims; provided, however, that nothing herein shall govern any proof of claim filed by Wells Fargo unless and until such Wells Fargo Servicing Agreements are assumed and assigned to the Purchasers in connection with the Sales.

6. This Stipulation shall be binding on the Parties upon execution and approval by this Court, and any prior agreements between or among the Parties shall not in any way alter, modify, or affect the terms of this Stipulation.

ny-1076821

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation, including all disputes over claims arising pursuant to the Wells Fargo Servicing Agreements.

8. Notwithstanding, anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System/Federal Deposit Insurance Corporation Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, ResCap, GMAC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012. The foregoing sentence shall not modify or amend the terms or provisions of, nor the rights and obligations, under the Berkshire APA and/or the Berkshire Sale Approval Order.

9. The relief granted herein shall be binding upon any chapter 11 trustee appointed in these chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.

[*Remainder of Page Intentionally Left Blank*]

ny-1076821

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

Dated:  February 8, 2013

/s/ Gary S. Lee
Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York  10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*


Dated:  February 8, 2013

/s/ Karen A. Giannelli
Karen A. Giannelli
Christopher A. Albanese
Jeffrey S. Berkowitz

**GIBBONS P.C.**
One Pennsylvania Plaza
250 W. 34th St.
New York, New York, 10119-3701
Telephone:  (212) 613-2000
Facsimile:  (212) 290-2018

*Counsel to Wells Fargo Bank, N.A. as Servicer and Subserviceer*

**IT IS SO ORDERED**

New York, New York
Dated:  _____, 2013

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1076821