# EXHIBIT A

# In Re:

## RESIDENTIAL CAPITAL, LLC, et al.

Case No. 12-12020-mg; 12-12019-mg; Adv. Proc. 12-01935-mg

February 7, 2013

eScribers, LLC

(973) 406-2250

operations@escribers.net

www.escribers.net

To purchase copies of this transcript, please contact us.



Min-U-Script® with Word Index

1

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - -x
In the Matter of:                        Case No. 12-12020-mg
RESIDENTIAL CAPITAL, LLC, et al.,
          Debtors.
- - - - - - - - - - - - - - - - - - - - - -x
In the Matter of:                        Case No. 12-12019-mg
RESIDENTIAL CAPITAL FUNDING COMPANY, LLC, et al.,
          Debtors.
- - - - - - - - - - - - - - - - - - - - - -x
JENKINS, ET AL.,
                    Plaintiffs,
     -against-                           Adv. Proc. No. 12-01935-mg
RESIDENTIAL FUNDING COMPANY, LLC, ET, AL.,
                    Defendants.
- - - - - - - - - - - - - - - - - - - - - -x
                    United States Bankruptcy Court
                    One Bowling Green
                    New York, New York
                    February 7, 2013
                    10:14 AM

B E F O R E:
HON. MARTIN GLENN
U.S. BANKRUPTCY JUDGE
```

```
 1   12-12019-mg    Residential Funding Company, LLC    Ch. 11
 2   Adversary proceeding: 12-01935-mg    Jenkins et al v.
 3   Residential Funding Company, LLC et al
 4   (CC: Doc no. 1)   Adjourned Pre-trial Conference
 5
 6   12-12020-mg    Residential Capital, LLC    Ch. 11
 7   (CC: Doc# 2648)   Debtors Motion for Order Under 11 U.S.C.
 8   105(a) and 365(a), Fed. R. Bankr. P. 6006 and 9014 and Local
 9   Bankruptcy Rule 6006-1 Authorizing Assumption of Unexpired
10   Lease Between DeVry Inc. and GMAC Mortgage, LLC.
11
12   Adj. Hearing Re: Cure Objections.   (Related Document no. 61)
13
14   (Doc no. 1649)   Status Update on Hearing Re: Cure Objection of
15   Digital Lewisville LLC to: (I) Debtors' Motion for Orders:
16
17   (A)(I) Authorizing and Approving Sale Procedures, Including
     Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid
18   Deadline and Sale Hearing; etc.
19
20
21   (CC: Doc no. 1979)   Adjourned Hearing RE: Objection of Wells
     Fargo Bank, N.A. to Debtors' Sale Motion [Docket No. 1979]
22
23
24
25
```

1  (CC: Doc no. 2069)   Adjourned Hearing RE: Limited Objection of
2  Ally Financial Inc. and Ally Bank to the Debtors' Proposed
3  Platform Sale Motion [Docket No. 2069]
4
5  (CC: Doc# 2251)   Motion for Relief from Stay filed by Michael
6  Wheeler.
7
8  (CC: Doc# 2646)   Motion for Relief from Stay
9  Moot Motion has been resolved by stipulation.  The Debtors will
10 present the stipulation at the hearing.
11
12
13
14
15
16
17
18
19 Transcribed by:   Sharona Shapiro
20 eScribers, LLC
21 700 West 192nd Street, Suite #607
22 New York, NY 10040
23 (973)406-2250
24 operations@escribers.net
25

```
 1  A P P E A R A N C E S :
 2  MORRISON & FOERSTER LLP
 3          Attorneys for Debtors
 4          1290 Avenue of the Americas
 5          New York, NY 10104
 6
 7  BY:     TODD M. GOREN, ESQ.
 8          STEFAN W. ENGELHARDT, ESQ.
 9          NORMAN S. ROSENBAUM, ESQ.
10          JAMES A. NEWTON, ESQ.
11          JAMIE A. LEVITT, ESQ.
12          SAMANTHA MARTIN, ESQ.
13
14
15  CHADBOURNE & PARKE LLP
16          Attorneys for the Examiner
17          30 Rockefeller Plaza
18          New York, NY 10112
19
20  BY:     HOWARD SEIFE, ESQ.
21
22
23
24
25
```

5

```
 1  CLIFFORD CHANCE US LLP
 2          Attorneys for Ocwen Loan Servicing, LLC
 3          31 West 52nd Street
 4          New York, NY 10019
 5
 6  BY:     JENNIFER C. DEMARCO, ESQ.
 7
 8
 9  HOGAN LOVELLS US LLP
10          Attorneys for U.S. Bank as trustee and
11           America's Servicing Company
12          875 Third Avenue
13          New York, NY 10022
14
15  BY:     BRIAN J. GRIECO, ESQ.
16
17
18  KRAMER, LEVIN, NAFTALIS & FRANKEL, LLP
19          Attorneys for Official Creditors' Committee
20          1177 Avenue of the Americas
21          New York, NY 10036
22
23  BY:     STEPHEN D. ZIDE, ESQ.
24          ELISE S. FREJKA, ESQ.
25
```

```
 1  WEIL, GOTSHAL & MANGES LLP
 2       Attorneys for Syncora Guarantee, Inc.
 3       767 Fifth Avenue
 4       New York, NY 10153
 5
 6  BY:  SARA COELHO, ESQ.
 7
 8
 9  CLEARY GOTTLIEB STEEN & HAMILTON LLP
10       Attorneys for Wilmington Trust
11       One Liberty Plaza
12       New York, NY 10006
13
14  BY:  JEREMY R. OPOLSKY, ESQ.
15
16
17  SILVERMANACAMPORA LLP
18       Special Counsel to the Committee
19       100 Jericho Quadrangle
20       Suite 300
21       Jericho, NY 11753
22
23  BY:  JUSTIN S. KRELL, ESQ.
24
25
```

```
 1   WHITE & CASE LLP
 2        Attorneys for Ad Hoc Group Of Junior Secured Noteholders
 3        1155 Avenue of the Americas
 4        New York, NY 10036
 5
 6   BY:  HARRISON DENMAN, ESQ.
 7
 8
 9   GIBBONS P.C.
10        Attorneys for Wells Fargo as Servicer/Subservicer
11        One Pennsylvania Plaza, 37th Floor
12        New York, NY 10119
13
14   BY:  CHRISTOPHER A. ALBANESE, ESQ.
15
16
17   KELLEY DRYE & WARREN LLP
18        Attorneys for UMB Bank
19        101 Park Avenue
20        New York, NY 10178
21
22   BY:  CATHERINE L. THOMPSON, ESQ.
23
24
25
```

8

1  PATTERSON BELKNAP WEBB & TYLER LLP
2       Attorneys for Ambac Assurance Corporation
3       1133 Avenue of the Americas
4       New York, NY 10036
5
6  BY:   DAVID W. DYKHOUSE, ESQ.
7
8
9  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
10       Attorneys for Barclays Bank PLC
11       Four Times Square
12       New York, NY 10036
13
14 BY:   JONATHAN H. HOFER, ESQ.
15
16
17 ALLEN MATKINS LECK GAMBLE MALLORY & NATSIS LLP
18       Attorneys for Digital Lewisville
19       1900 Main Street
20       5th Floor
21       Irvine, CA 92614
22
23 BY:   IVAN GOLD, ESQ.
24
25

```
 1  KIRKLAND & ELLIS LLP
 2       Attorneys for Ally Financial Inc. and Ally Bank
 3       601 Lexington Avenue
 4       New York, NY 10022
 5
 6  BY:  ANTHONY GROSSI, ESQ.
 7
 8
 9
10  FELDERSTEIN FITZGERALD WILLOUGHBY & PASCUZZI LLP
11       Attorneys for Creditor, CHFA
12       The Wells Fargo Center
13       400 Capitol Mall, Suite 1450
14       Sacramento, CA 95814
15
16  BY:  PAUL PASCUZZI, ESQ. (TELEPHONICALLY)
17
18
19  MUNGER, TOLLES & OLSON LLP
20       Attorneys for Berkshire Hathaway Inc.
21       355 South Grand Avenue, 35th Floor
22       Los Angeles, CA 90071
23
24  BY:  THOMAS B. WALPER, ESQ. (TELEPHONICALLY)
25
```

```
 1   BRADLEY, ARANT, BOULT & CUMMINGS, LLP
 2         Attorneys for Defendant Judy Faber
 3         One Federal Place
 4         1819 Fifth Avenue North
 5         Birmingham, AL 35203
 6
 7   BY:   CHRISTOPHER L. HAWKINS, ESQ. (TELEPHONICALLY)
 8
 9   TROUTMAN SANDERS LLP
10         Attorneys for Troutman Sanders LLP
11         222 Central Park Avenue
12         Suite 2000
13         Virginia Beach, VA 23462
14
15   BY:   JASON E. MANNING, ESQ.   (TELEPHONICALLY)
16
17   WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
18         Attorneys for JPMorgan Mortgage Acquisition
19         222 Delaware Avenue
20         Wilmington, DE 19801
21
22   BY:   THOMAS HORAN, ESQ. (TELEPHONICALLY)
23
24   ALSO PRESENT:   (TELEPHONICALLY)
25         MICHAEL WHEELER, Pro Se
```

P R O C E E D I N G S

THE COURT: Please be seated. We're here on Residential Capital, number 12-12020. We're going to begin with a report from the examiner's counsel.

Mr. Seife?

MR. SEIFE: Thank you, Your Honor. Howard Seife, Chadbourne & Parke, counsel for the examiner.

We'd like to give the Court an update, a status report on our activities. To date, we've received, through production, approximately 1.1 million documents, which amount to more than seven and a half million pages, and they come from twenty producing parties.

We have, to date, completed fifty interviews, and we have seventeen additional scheduled, and perhaps an additional twenty-five or so that remain to be scheduled.

When we were last here in court to give you a status report, we at that time anticipated delivery of the report by early April. And as we discussed on the record, that date, however, was contingent upon the production of documents from parties on a timely basis and on a rolling basis, such that we could review them in a timely fashion and use them, as appropriate, for interviews and for incorporation in the report.

As we reported to Your Honor in chambers, unfortunately, there's been an enormous delivery of documents

1  at the end of January and early February, far in excess of what
2  we anticipated and what would have complied with a rolling
3  production.  Faced with this additional two million-plus pages
4  of recently produced documents from the debtors, it will
5  require reassessment of the ability to complete the report as
6  we had previously hoped.
7           So given all of the elements which would be required
8  to review this new and very substantial document production, to
9  incorporate it into interviews, to perhaps recall some of the
10 parties already interviewed for additional questioning, we now
11 anticipate a delay and rescheduling for an anticipated time of
12 filing the report to early May, so that would be an additional
13 month.
14          The examiner certainly regrets the inability to
15 produce a report, as anticipated, in early April, but this
16 unanticipated production no longer makes that a feasible date.
17 So with Your Honor's permission, we're suggesting a later
18 delivery of the report.
19          THE COURT:  Just if you could, tell me what, if any,
20 additional document requests are outstanding, not the specific
21 request, but what additional production are you anticipating?
22 Is there a schedule for that to occur?
23          MR. SEIFE:  We have requested that all parties finish
24 their production of documents, substantial finish them, by the
25 end of January.  Most parties have complied with that.  Of

1  course there are always additional follow-ups and
2  clarifications and issues that are dealt with.  However, there
3  are some parties that have not finished production.  You may
4  recall we have conflicts counsel that came into the case; they
5  are seeking production from four financial institutions.  Those
6  four have not finished their production.  We feel at least
7  three of them are substantially advanced; a fourth has produced
8  a voluminous amount of documents, but there remains more that
9  we anticipate we should have by the middle of February.
10          As to other third parties -- and my colleagues can
11 correct me if I'm wrong -- I believe we have substantially all
12 productions, but let me just verify that.
13          THE COURT:  Okay.
14          MR. SEIFE:  Ally has produced substantial amounts of
15 documents.  There remain some issues in dispute that we are
16 working through with Ally.  Without getting into the details,
17 because the parties are trying to resolve it, there are some
18 what we refer to as clawback requests.  Parties have produced
19 documents, reserving their right on privilege issues to
20 clawback some documents that were either inadvertently produced
21 or improperly produced, and we're trying to work through those,
22 particularly on some regulatory privileges.  And if we cannot
23 resolve that, we may be before Your Honor on an expedited basis
24 to resolve those.
25          So that's a long way of saying we have substantially

1  received documents that we've requested, but there remain some
2  open issues with some of the parties.
3          THE COURT: Have you had to issue subpoenas for
4  documents, or has it all been through informal requests?
5          MR. SEIFE: We've been issuing subpoenas.
6          THE COURT: And you talked about interviews; have they
7  been under oath or not?
8          MR. SEIFE: The interviews are recorded and
9  transcribed; they're not under oath.
10         THE COURT: Have any of the people that you want to
11 interview declined to be interviewed?
12         MR. SEIFE: No. Everyone we've requested, to date,
13 has appeared. There are still some remaining, as I said, a
14 substantial number of interviews, but to date, everyone has
15 appeared and spoken on our recorded interviews.
16         THE COURT: Okay. I have no doubt that you and your
17 colleagues and the examiner are working diligently to complete
18 a very large task. I certainly believe that the completion of
19 the examiner report is very important to progress in this case
20 with respect to development of a plan, negotiating a consensual
21 plan, hopefully. So getting a report completed as soon as
22 possible, I think, is important. I have no doubt that the
23 examiner and his professionals want to assure that the report
24 is of the highest quality, and I really don't have any question
25 about that. If you and your colleagues are meeting with any

15

1  resistance with respect to parties producing documents in a
2  timely fashion, I want to hear about it sooner rather than
3  later.
4      It's important, and I'm committed to do everything I
5  can -- and the power of the pen on orders sometimes has that
6  effect -- to enable you and your colleagues and the examiner to
7  get everything you need so that you can complete the report as
8  quickly as possible.  So I can't emphasize enough that yes, I
9  hope you will be able to consensually resolve issues, things --
10 you know, you raised the issue about clawback and privileges,
11 and in any substantial production those issues always arise,
12 and virtually always they get worked out, where the lawyers are
13 capable lawyers.  And I'm not trying to get into the middle of
14 that process at all, but it has to happen quickly, so that if
15 you need a hearing with respect to a discovery dispute, you
16 call chambers, and you'll -- in virtually all instances, you'll
17 have a hearing that day or the next day, usually, in the first
18 instance, by telephone.  I don't want letter briefs or anything
19 unless and until I've heard the parties out; I'm usually able
20 to resolve it.  But just in all matters, any kinds of discovery
21 disputes, they get heard very, very promptly.  So I just
22 encourage you, if you need to -- I mean, in the first instance,
23 I hope you'll resolve things as they're usually done,
24 consensually.
25     It's very important, in my view, to the progress in

1  this case, that the report be done in early May.  And if things
2  occur that you think raise questions about it, I want to hear
3  about it immediately and not in April.  Okay.  And we have to
4  see if there's anything that can be done to keep the process
5  moving to make sure it's done.  But I appreciate your report,
6  Mr. Seife, and I certainly appreciate the work of you and your
7  colleagues and of the examiner.
8              MR. SEIFE:  I would just add, Your Honor, the examiner
9  is fully cognizant of the importance of the report to this case
10 and progress in the case, and he and his professionals are
11 fully committed to working as hard as we can and in an
12 expedited fashion as possible to get it done, and --
13             THE COURT:  Thank you very much.
14             MR. SEIFE:  -- we appreciate your offer of assistance.
15             THE COURT:  All right, thank you.
16             MR. SEIFE:  Thank you, Your Honor.
17             THE COURT:  Does anybody else want to be heard on the
18 subject of the examiner report?
19             All right.  Let's go on to the agenda, Mr. Rosenbaum.
20 And anyone who was for this is certainly excused.
21             MR. ROSENBAUM:  Good morning, Your Honor.  Norm
22 Rosenbaum, Morrison & Foerster for the debtors.
23             Your Honor, it's a relatively short calendar this
24 morning.  We've noted all the adjourned matters, and the first
25 matters on for today are on page 5 under resolved matters.