SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Justin S. Krell

*Special Counsel for the Official Committee*
*of Unsecured Creditors of*
*Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                                  Chapter 11
                                                                                            Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC a/k/a
RESIDENTIAL CAPITAL CORPORATION, et al.        (Jointly Administered)

                                                    Debtors.
-------------------------------------------------------------------x

### STATEMENT AND RESERVATION OF RIGHTS OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS WITH RESPECT TO THE MOTION TO APPLY BANKRUPTCY RULE 7023 AND TO CERTIFY CLASS CLAIMS FILED BY ROWENA DRENNEN

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby files this statement and reservation of rights (the "**Statement**") with respect to the Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims filed by Rowena Drennen (the "**Motion**"). The Committee respectfully states as follows:

### STATEMENT

1. The Committee takes no position as to the merits of the Motion and believes that the issues have been sufficiently briefed in the Motion and the Debtors' objection to the Motion.

2. To the extent the Motion is granted, the Committee reserves its rights to challenge the extent, validity, nature, or priority of the Class Claims[1] and nothing herein shall be deemed a waiver of those rights or an admission by the Committee regarding the extent, validity, nature, or priority of the Class Claims.

3. Although the Committee takes no position as to the relief requested in the Motion, the Committee recognizes that the Putative Class members did not receive actual notice of the original claims bar date.[2] To the extent the Motion is granted, any due process issue arising from the failure to provide actual notice of the original claims bar date can be remedied by certification of the claims of the Putative Class Members as Class Claims and the related noticing process. If the Motion is denied, the Committee believes that, to ensure that the due process rights of the Putative Class members are preserved, proper notice and an opportunity to file a timely proof of claim should be granted, together with such other, further, and different relief as the Court deems just and proper.

Dated: Jericho, New York
February 8, 2013

**SILVERMANACAMPORA LLP**

By:   s/ Ronald J. Friedman
Ronald J. Friedman
Member of the Firm
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
RFriedman@SilvermanAcampora.com

*Special Counsel for the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al.*

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them in the Motion.

[2] On August 29, 2012, the Court entered an order setting November 9, 2012 as the claims bar date (the "**Bar Date Order**"). The claims bar date was later extended by order of this Court, entered on November 7, 2012, until November 16, 2012 (the "**Bar Date Extension Order**"). It is the Committee's understanding that the Bar Date Order and the Bar Date Extension Order were served on proposed counsel to the Putative Class members but not on each individual class member.

JSK/1269687.1/062429