12-12020-mg Doc 2871-6 Filed 02/08/13 Entered 02/08/13 15:14:18 Exhibit E.
Case: 3:10-cv-00748-wmc Document #: 4-6 Filed: 03/06/15 Page 1 of 6
Forged second version of mortgage note and allonge allowed to be cre   Pg 1 of 6

Loan No: 046100106582
Borrower: WENDY ALISON NORA

Data ID: 826

## ADJUSTABLE RATE NOTE
(LIBOR Six-Month Index (As Published In The Wall Street Journal)—Rate Caps)

MIN: 100014704611065821

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

June 5, 2002

MADISON
[City]

WISCONSIN
[State]

6931 OLD SAUK RD
MADISON, WISCONSIN 53717
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 135,900.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is AEGIS MORTGAGE CORPORATION. I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 8.610 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

Solely for the purpose of computing interest, a monthly payment received by the Note Holder within 30 days prior to or after the date it is due will be deemed to be paid on such due date.

**3. PAYMENTS**

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on August 1, 2002. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied to interest before Principal. If, on July 1, 2032, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 5208 WEST RENO, SUITE 255, OKLAHOMA CITY, OK  73127, or at a different place if required by the Note Holder.

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)
Single Family-Fannie Mae UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna

Form 3520  1/01    (Page 1 of 5 Pages)


0461001065822180

INITIALS: WAN

12-12020-mg Doc 2871-6 Filed 02/08/13 Entered 02/08/13 15:14:18 Exhibit E.
Forged second version of mortgage note and allonge allowed to be cre    Pg 2 of 6
Case: 3:10-cv-00748-wmc Document #: 76 Filed: 03/06/15 Page 2 of 6

Data ID: 826

Loan No: 046100106582

**(B) Amount of My Initial Monthly Payments**
Each of my initial monthly payments will be in the amount of U.S. $ 1,055.57. This amount may change.

**(C) Monthly Payment Changes**
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**
The interest rate I will pay may change on the first day of July, 2004, and on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**
Before each Change Date, the Note Holder will calculate my new interest rate by adding SEVEN and 485/1000 percentage points ( 7.485 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**
The interest rate I am required to pay at the first Change Date will not be greater than 11.6100 % or less than 8.6100 %. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than ONE percentage point (1.00 %) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 14.6100 %, or less than 8.6100 %.

**(E) Effective Date of Changes**
My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**
The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)-
Single Family-Fannie Mae UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna                    Form 3520  1/01    (Page 2 of 5 Pages)

INITIALS: WRN

12-12020-mg  Doc 2871-6  Filed 02/08/13  Entered 02/08/13 15:14:18  Exhibit E.
Case: 3:10-cv-00748-wmc  Document #: 4-6  Filed: 03/06/15  Page 3 of 6
Forged second version of mortgage note and allonge allowed to be cre    Pg 3 of 6

Data ID: 826

Loan No: 046100106582

### 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. If this Note is not in default, the Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

### 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 7. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Acceleration**

If I am in default, the Note Holder may without notice or demand, unless otherwise required by applicable law, require me to pay immediately the full amount of Principal that has not been paid and all interest that I owe on that amount.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees of 15.00% of the sums due under this Note or the amount allowable under applicable state law.

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)-
Single Family-Fannie Mae UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna

Form 3520  1/01   (Page 3 of 5 Pages)

INITIALS: _UATV_ _____

12-12020-mg Doc 2871-6 Filed 02/08/13 Entered 02/08/13 15:14:18 Exhibit E.
Forged second version of mortgage note and allonge allowed to be cre   Pg 4 of 6
Case: 3:10-cv-00748-wmc   Document #: 7-6   Filed: 03/06/15   Page 4 of 6

Loan No: 046100106582

Data ID: 826

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of notice of acceleration, Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)-
Single Family-Fannie Mae UNIFORM INSTRUMENT
Modified by Middleberg, Riddle & Gianna

Form 3520  1/01   (Page 4 of 5 Pages)

INITIALS: WAN _____

12-12020-mg    Doc 2871-6    Filed 02/08/13    Entered 02/08/13 15:14:18    Exhibit E.
Forged second version of mortgage note and allonge allowed to be cre    Pg 5 of 6
Case: 3:10-cv-00748-wmc    Document #: 7-6    Filed: 03/30/15    Page 5 of 6

Data ID: 826

Loan No: 046100106582

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

................................................(Seal)
WENDY ALISON NORA —Borrower

[Sign Original Only]

PAY TO THE ORDER OF
RESIDENTIAL FUNDING CORPORATION
WITHOUT RECOURSE
AEGIS MORTGAGE CORPORATION
BY ...............................
TRYMEKA McCOY
ASSISTANT SECRETARY

PAY TO THE ORDER OF
JP MORGAN CHASE BANK, AS TRUSTEE
WITHOUT RECOURSE
Residential Funding Corporation
BY ...............................
Judy Faber, Vice President

MULTISTATE ADJUSTABLE RATE NOTE-LIBOR SIX-MONTH INDEX (AS PUBLISHED IN THE WALL STREET JOURNAL)-
Single Family-Fannie Mae UNIFORM INSTRUMENT                                                         Form 3520  1/01    (Page 5 of 5 Pages)
Modified by Middleberg, Riddle & Gianna

12-12020-mg    Doc 2871-6    Filed 02/08/13    Entered 02/08/13 15:14:18    Exhibit E.
Forged second version of mortgage note and allonge allowed to be cre    Pg 6 of 6

Case: 3:10-cv-00743-wmc    Document #: 7-6    Filed: 03/06/15    Page 6 of 6

ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL: 0    LOAN ID: 7762925

NOTE DATE: 6/5/2002    LOAN AMOUNT: $135,900.00

BORROWER NAME: WENDY A NORA

PROPERTY ADDRESS: 6931 OLD SAUK RD, MADISON, WI 53717

PAY TO THE ORDER OF

Residential Funding Company, LLC fka Residential Funding Corporation

WITHOUT RECOURSE

The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee, Residential Funding Company, LLC fka Residential Funding Corporation, Attorney-In-Fact

By: _____

Name: Amy Nelson

Title: Assistant Vice President