# Exhibit 11

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1674 |
| | Case No. 03-0425 |
| | Hon. Gary L. Lancaster |
| | Filed Electronically |

THIS MOTION RELATES TO ALL ACTIONS

### PLAINTIFFS' MOTION FOR MULTIDISTRICT CASE MANAGEMENT ORDER

The Plaintiffs who were parties to Modification No. 1 to Settlement Agreement and Release [Doc. No. 225, Ex. 1]("Modification Plaintiffs"), respectfully request the Court to enter a proposed *Multidistrict Case Management Order* governing all pretrial proceedings in this multidistrict litigation, consistent with 28 U.S.C. § 1407 and the *Manual for Complex Litigation, Fourth*, at, *e.g.,* §§ 20.13, 21.1, 21.63, 22.36, 22.6 (4th ed. 2004), and in support thereof state as follows:

1. On September 22, 2010, the Third Circuit issued an Opinion and Order vacating this Court's final approval of the proposed Modified Settlement of these actions, thereby nullifying the Modified Settlement.

2. To the extent that the Third Circuit's Opinion and Order did not nullify the Modified Settlement, the Modification Plaintiffs have notified Defendants that they are invoking Paragraph 7 of the Modification Agreement, which states as follows:

> Plaintiffs' Counsel agree that they shall make all reasonable, good faith efforts to seek and obtain Court approval of the Settlement Agreement as modified, provided, however, that Plaintiffs' Counsel shall be free at all times to use their independent judgment to take such action as in the best interest of the Class. Plaintiffs' Counsel further agree, however, that if in their independent judgment the Settlement Agreement as modified is no longer in the best interest of the Class, they shall so notify Defendants prior to taking any action to notify the

Court.  Defendants shall, in that case, have the right to, within a reasonable amount of time under the circumstances then in existence, require Plaintiffs' Counsel to enter into non-binding mediation regarding that issue and the issue of the manner of any notification to the Court of Plaintiffs' Counsel's determination, before the Hon. Timothy K. Lewis or such other mediator mutually acceptable to the Settling Parties.

3.     Plaintiffs wish to propose a Case Management Order with sets forth a reasonable schedule to complete the process contemplated by Paragraph 7 of the Modification Agreement, quoted above, and, if such process does not result in an agreement to present a settlement for further approval proceedings to this Court, provides for a Plaintiffs' counsel leadership structure for the prosecution of all actions in this MDL proceeding.  Accordingly, the Modification Plaintiffs request the Court to enter the proposed Case Management Order being filed concurrently with this Motion.

Dated:  February 22nd, 2011                Respectfully Submitted,

*/s/ Bruce Carlson*
R. Bruce Carlson (PA ID #56657)
bcarlson@carlsonlynch.com
Gary Lynch (PA ID #56887)
glynch@carlsonlynch.com
CARLSON LYNCH LTD.
P.O. Box 367
231 Melville Lane
Sewickley, PA  15143
Tel: 412.749.1677

*and*

A. Hoyt Rowell, III
Daniel Myers
RICHARDSON, PATRICK, WESTBROOK & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC 29464

*Counsel for the Named Plaintiffs and the Class*

2

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the United States District Court for the Western District of Pennsylvania with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this **22nd** day of February 2011.

*/s/ R. Bruce Carlson*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1674<br><br>Case No. 03-0425 |

## MULTIDISTRICT CASE MANAGEMENT ORDER

1.  Defendants shall have fifteen (15) days from the date of this Order to require mediation as set forth in Paragraph 7 of Modification No. 1 to Settlement Agreement and Release [Doc. No. 225, Ex. 1]("Modification Agreement").

2.  If Defendants elect to proceed with mediation pursuant to Paragraph 7 of the Modification Agreement, the parties shall schedule and conduct such mediation on or before May 1, 2011. All parties - expressly including the objectors - may, and are encouraged to, participate in the mediation process.

3.  If Defendants elect not to proceed with mediation pursuant to Paragraph 7 of the Modification Agreement, or if such mediation does not result in an agreement to present a settlement for further approval proceedings to this Court, the parties shall promptly so inform the Court and the following provisions shall apply for purposes of proceeding with the litigation of these matters:

4.  Organization of Plaintiffs' Counsel

    a.  Co-Lead Counsel

        (1)  Plaintiffs' Counsel in the referenced cases in MDL 1674 shall be represented by two attorneys who will serve as Co-Lead counsel. The Co-

Lead Counsel shall be: R. Bruce Carlson of Carlson Lynch, Ltd., and R. Frederick Walters of Walters, Bender, Strohbehn & Vaughan, P.C.

(2)    The Court being familiar with the procedural history of this litigation shall also appoint the Co-Lead Counsel as interim Class Counsel on behalf of the putative class(es) pursuant to Fed R. Civ. P. 23(g)(3).

b.    Duties of Co-Lead Counsel

(1)    Co-Lead Counsel shall coordinate with each other as required by the course of pretrial proceedings. Co-Lead Counsel shall be expected to act cooperatively and to make all reasonable efforts to ensure that communication among the parties is as open and frequent as possible and that the interests of all parties be considered in all planning and pretrial matters.

(2)    Co-Lead Counsel shall be generally responsible for coordinating the activities of all plaintiffs during pretrial proceedings and shall:

(a)    Determine, after such consultation with other members of Plaintiffs' counsel as may be appropriate, and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

(b)    coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of Fed.R.Civ.P. 26(b)(1), 26(2), and 26(g), including the preparation of joint

2

interrogatories and requests for production of documents and the examination of witnesses in depositions;

(c)   Jointly conduct settlement negotiations on behalf of Plaintiffs, but shall not enter binding agreements unless there is unanimity of agreement between Co-Lead Counsel,

(d)   delegate specific tasks to other counsel or committees of counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted efficiently and effectively;

(e)   enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

(f)   prepare and distribute periodic status reports to the parties;

(g)   maintain adequate time and disbursement records covering services as Co-Lead counsel and ensure that adequate time and disbursement records are maintained by all counsel for Plaintiffs;

(h)   monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided; and

(i)   perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the court.

c.   Additional Matters Pertaining to Organization of Plaintiff's Counsel

(1) No papers shall be served or filed, and no process, discovery, or other procedure shall be commenced by any counsel other than Co-Lead Counsel, except as follows:

(a) Other plaintiffs' counsel may file entries or withdrawals of appearance, motions to remand to state court and motions to dismiss parties or claims, and briefs responding to defense motions filed in the individual cases.

(b) Counsel for plaintiffs who have individual or divergent positions may file papers with the Court, present written and oral arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate provided that in doing so they do not repeat arguments, questions, or actions of Co-lead counsel.

5. Master Case

a. Master Docket and File. The clerk will maintain a master docket and case file under the style "In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation," MDL No. 1674, under master file number Case No. 03-0425.

b. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable. Orders, pleadings, motions and other documents which are generally applicable to all coordinated actions shall include in their caption the notation that they relate to "all cases".

    c.    Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and shall be filed and docketed in only the specified individual case files.

6.    Consolidated Amended Class Action Complaint

The various named Plaintiffs in the class actions shall file a Consolidated Amended Class Action Complaint with respect to the class actions within 30 days of the conclusion of the mediation contemplated in this Order, or, to the extent that no mediation is requested by Defendants, within 60 days of the Court's entry of the proposed Case Management Order. The Consolidated Amended Class Action Complaint shall apply to and supersede all pending class actions and to those subsequently filed, removed, or transferred to this Court as part of this proceeding.

IT IS SO ORDERED.

BY THE COURT:

_____
Gary L. Lancaster
United States District Judge

Cc:    All Counsel of Record