# Exhibit 12

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1674 <br><br> Case No. 02-cv-01201 <br><br> Case No. 05-0589, Case No. 05-0590, Case No. 05-0688, Case No. 05-1386, and Case No. 03-0425. <br><br> Hon. Gary L. Lancaster |
| THIS MOTION RELATES TO ALL ACTIONS | |

### OBJECTOR PLAINTIFFS' MOTION FOR MULTIDISTRICT CASE MANAGEMENT ORDER NUMBER ONE

The Plaintiffs in *Hobson v. Irwin Union Bank and Trust*, Case No. 05-0688, and *Drennen v. Community Bank of Northern Virginia*, Case No. 05-1386 all of whom are parties to the multidistrict proceeding *"In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation,"* MDL Case No. 1674, consolidated under W.D. Pa. Case No. 02-1201 (herein the "Objector Plaintiffs") respectfully request the Court to enter a *Multidistrict Case Management Order* governing all pretrial proceedings in this multidistrict litigation, as is anticipated by 28 U.S.C. § 1407 and the *Manual for Complex Litigation, Fourth*, at, e.g., §§ 20.13, 21.1, 21.63, 22.36, 22.6 (4th ed. 2004), a copy of which proposed Order is attached. In support of this request the Objector Plaintiffs state as follows:

1.    Counsel for plaintiffs in *Kessler v. Residential Funding Corporation*, Case No. 03-0425, have filed a Motion for Multidistrict Case Managmement Order [ECF No. 471] in which they suggest that Defendants may wish to immediately mediate this matter and that if such mediation is not successful, then they alternatively request that the Court enter a Case Management Order which, among other things and primarily, names as co-lead counsel for all

1

plaintiffs R. Bruce Carlson (counsel for the *Kessler* Plaintiffs) and R. Fredrick Walters (counsel for the *Hobson* and *Drennen* Plaintiffs).

2. The Objector Plaintiffs disagree that any attempt at further mediation should precede the entry of a Case Management Order. Instead, the Objector Plaintiffs believe that the interests of all MDL Plaintiffs and the putative classes they represent and even the Defendants will all best be served by the immediate entry of a Case Management Order, in the form attached (which form is identical to that proposed by the Kessler Plaintiffs in regard to the appointment of co-lead plaintiffs' counsel). The Objector Plaintiffs and Kessler Plaintiffs are in complete agreement as to the appointment of co-lead plaintiffs' counsel and interim class counsel for the MDL. Objector Plaintiffs respectfully believe that immediate entry of the Case Management Order and appointment of co-lead counsel is necessary to avoid the adequacy of representation issues that underlie the Third Circuit's rejection of the two previous attempts to settle these matters and creates a structure that is necessary for any successful resolution of these matters. As such, the immediate entry of the Case Management Order and appointment of co-lead plaintiffs' counsel best serves any future attempts to resolve this matter through mediation or litigation and no parties would be prejudiced by the immediate entry of the Case Management Order.

Dated: February 23, 2011                                Respectfully Submitted,


By    /s/ R. Frederick Walters
R. Frederick Walters
J. Michael Vaughan
David M. Skeens
Garrett M. Hodes
WALTERS BENDER STROHBEHN &
 VAUGHAN, P.C. 2500 City Center Square
12th & Baltimore
P.O. Box 26188
Kansas City, MO  64196
(816) 421-6620
(816) 421-4747 (Facsimile)
*Counsel for Missouri and Illinois Objectors*

Scott C. Borison, Esq.
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016
(301) 620-1018 (Facsimile)
*Counsel for Maryland and Florida Objectors*

Franklin R. Nix, Esq.
LAW OFFICES OF FRANKLIN NIX
1020 Foxcroft Road, N.W.
Atlanta, GA 30327-2624
(404) 261-9759
(404) 261-1458 (Facsimile)
*Counsel for Alabama and Georgia Objectors*


Knox McLaney, Esq.
MCLANEY & ASSOCIATES, P.C.
P. O. Box 4276
Montgomery, AL 36104
*Counsel for Alabama Objectors*

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the United States District Court for the Western District of Pennsylvania with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this 23rd day of February 2011.

/s/ R. Frederick Walters

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1674<br><br>Case No. 02-cv-01201<br><br>Case No. 05-0589, Case No. 05-0590, Case No. 05-0688, Case No. 05-1386, and Case No. 03-0425.<br><br>Hon. Gary L. Lancaster |

### [PROPOSED] CASE MANAGEMENT ORDER NUMBER ONE

1.  **Organization of Plaintiffs' Counsel**

    a.  <u>Co-Lead Counsel</u>

    (1) Counsel for Plaintiffs in MDL 1674 have come to an agreement as to the organization of Plaintiffs' Counsel and in connection with such agreement the Court orders that plaintiffs shall be represented by two attorneys who will serve as Co-Lead counsel. The Co-Lead Counsel shall be: R. Bruce Carlson of Carlson Lynch, Ltd., and R. Frederick Walters of Walters, Bender, Strohbehn & Vaughan, P.C.

    (2) The Court being familiar with the procedural history of this litigation also appoints the Co-Lead Counsel as interim Class Counsel on behalf of the putative class(es) pursuant to Fed R. Civ. P. 23(g)(3).

    b.  <u>Duties of Co-Lead Counsel</u>

    (1) Co-Lead Counsel shall coordinate with each other as required by the course of pretrial proceedings. Co-Lead Counsel shall be expected to act

1

cooperatively and to make all reasonable efforts to ensure that communication among the parties is as open and frequent as possible and that the interests of all parties be considered in all planning and pretrial matters.

(2)    Co-Lead Counsel shall be generally responsible for coordinating the activities of all plaintiffs during pretrial proceedings and shall:

(a)    Determine, after such consultation with other members of Plaintiffs' counsel (including an Executive Committee of Additional Counsel) as may be appropriate, and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

(b)    Coordinate the initiation and conduct of discovery on behalf of Plaintiffs consistent with the requirements of Fed.R.Civ.P. 26(b)(1), 26(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(c)    Jointly conduct settlement negotiations on behalf of Plaintiffs, but shall not enter binding agreements unless there is unanimity of agreement between Co-Lead Counsel,

(d)    Delegate specific tasks to other counsel or committees of counsel in a manner to ensure that pretrial preparation for the Plaintiffs is conducted efficiently and effectively;

2

(e) Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

(f) Prepare and distribute periodic status reports to the parties;

(g) Maintain adequate time and disbursement records covering services as Co-Lead counsel;

(h) Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

(i) Perform such other duties as may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the court; and

(j) Establish and maintain a web site dedicated to this litigation.

c. <u>Additional Matters pertaining to Organization of Plaintiff's Counsel</u>

(1) No papers shall be served or filed, and no process, discovery, or other procedure shall be commenced by any counsel other than Co-Lead Counsel, except as follows:

(a) Other plaintiffs' counsel may file entries or withdrawals of appearance, motions to remand to state court and motions to dismiss parties or claims, and briefs responding to defense motions filed in the individual cases.

(b) Counsel for plaintiffs who have individual or divergent positions may file papers with the Court, present written and oral

3

arguments, conduct examinations of deponents, and otherwise act separately on behalf of their clients as appropriate provided that in doing so they do not repeat arguments, questions, or actions of Co-lead counsel.

d.  Executive Committee of Additional Counsel

All other counsel having entered their appearance in this matter shall be members of an Executive Committee of Additional Counsel, who shall consult with Co-Lead Counsel in coordinating the Plaintiffs' pretrial activities and in planning for trial.

e.  Privileges Preserved

No communication among Plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which they would otherwise be entitled. The communication of information among and between Plaintiffs' counsel and among and between Defendants' counsel shall not be deemed a waiver of attorney client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against Plaintiffs by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this paragraph shall be construed to limit the rights of any party or counsel to assert the attorney-client or joint defense privilege or the attorney work-product doctrine.

f.  Time Records and Reimbursement of Expenses

(1)  Time Records. Counsel who anticipate seeking an award of attorney fees from the court shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with

specificity the hours, location, and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records may be grounds for denying court-awarded attorney fees.

2. **Master Case**

    a. <u>Master Docket and File</u>

    The clerk will maintain a master docket and case file under the style "In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation," MDL No. 1674, under master file number Case No. 02-cv-01201.

    (1)    All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable. Orders, pleadings, motions and other documents which are generally applicable to all coordinated actions shall include in their caption the notation that they relate to "all cases."

    (2)    Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and shall be filed and docketed in only the specified individual case files.

3. **Motion Practice**

    Unless a specific briefing schedule has been established for any particular motion, briefs in opposition to motions shall be filed within twenty-one (21) days of filing the motion and any reply briefs must be filed fourteen (14) days thereafter.

4. **Consolidated Amended Class Action Complaint**

5

      a.      The various named plaintiffs in the class actions shall file a Consolidated Amended Class Action Complaint with respect to the class actions within 30 days of the Court's entry of the proposed Case Management Order. The Consolidated Amended Class Action Complaint shall apply to and supersede all pending class actions and to those subsequently filed, removed, or transferred to this Court as part of this proceeding.

      b.      Defendants shall respond to the Consolidated Class Action Complaint within 30 days of the filing of that Consolidated Class Action Compliant.

5.    **Discovery**

      a.      Timing of the Rule 26(f) Conference: The Rule 26(f) Conference should commence within 30 days after appointment of Co-Lead Counsel.

      b.      Discovery shall commence upon the entry of this Order.

      c.      Initial Disclosures. All Initial disclosures under Rule 26(a) not previously made by a party shall be made within 14 days of the entry of this Order.

      d.      Prior Discovery: all prior written discovery to which responses have not yet been served are deemed withdrawn.

      e.      No disclosure or discovery documents should be filed with the Court unless they are needed as exhibits to a motion.

      f.      Discovery shall not be bifurcated; the parties may pursue class and merits discovery at the same time.

      g.      All previously issued confidentiality orders shall remain in effect.

6.    **Future Case Management Orders**

The Court will in future case management orders provide guidance with respect to further procedures including but not limited to class certification briefing schedules, procedures governing aspects of discovery, document preservation, document production, document depositories, if any, and other matters necessary for the preparation of this matter for trial.

IT IS SO ORDERED.

                                                BY THE COURT

                                                Gary L. Lancaster
                                                District Court Judge

Cc: All Counsel of Record