# Exhibit 16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA MORTGAGE LENDING PRACTICES LITIGATION | MDL No. 1674<br><br>Case No. 03-0425<br>Case No. 02-01201<br>Case No. 05-0688<br>Case No. 05-1386<br><br>Hon. Gary L. Lancaster<br><br>Filed Electronically |

THIS DOCUMENT RELATES TO ALL ACTIONS

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## JOINT CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Plaintiffs[1] move the Court for its Order granting them leave to file a *Joint Consolidated Amended Class Action Complaint* (sometimes the "MDL Complaint") in each of the actions in this multidistrict proceeding. A copy of the proposed MDL Complaint is attached as **Exhibit 1.** In support of the instant *Motion*, Plaintiffs state the following:

### I.    Background

This multidistrict proceeding consists of the following matters:[2]

---

[1] The named plaintiffs from all of the consolidated cases are Ruth J. Davis, Philip F. Kossler and Jeannie C. Kossler, Brian W. and Carla M. Kessler, Patrice Porco, Thomas T. Mathis, Stephen R. Haney and Amy L. Haney, John and Rebecca Picard, William and Ellen Sabo, Russell and Kathleen Ulrich, Nora H. Miller, Robert and Rebecca Clark, Edward R. Kruszka Jr., Gary and Rosemary Olive, Martin Baratz, Clell L. Hobson, Rosa Kelly Parkinson, John and Kathy Nixon, Mack and Robin Dorman, Jerome and Charretta Roberts, Melba Brown, Flora A. Gaskin, Roy Lee and Ruthie Mae Logan, Shawn and Lorene Starkey, and John and Rowena Drennen (collectively, "Plaintiffs"). By the proposed MDL Compliant, Plaintiffs seek to add 5 additional named plaintiffs (Gary and Rosemary Olive, Martin Baratz, Richard Montgomery and David and Tammy Wasem).

[2] The listed case/case numbers do not fully match the case numbers in the caption because the cases listed at numbers 1-6 were consolidated in the this Court as the *Kessler* matter at Case No. 03-0425. The original *Davis* case was re-captioned as the *Kossler v. Irwin*, Case No. 02-1201 to deal with parties represented by Carlson Lynch and Richardson Patrick whose loans were not acquired by RFC.

1. *Davis v. Community Bank of Northern Virginia, et al.*, No. 02-1201

2. *Sabo v. Community Bank of Northern Virginia, et al.*, No. 02-1563

3. *Ulrich v. Guaranty National Bank of Tallahassee, et al.*, No. 02-1616

4. *Mathis v. Guaranty National Bank of Tallahassee, et al.*, No. 02-1999

5. *Picard v. Community Bank of Northern Virginia, et al.*, No. 02-2000

6. *Kessler v. GMAC-Residential Funding Corporation*, No. 03-042

7. *Hobson v. Irwin Union Bank & Trust Co.*, No. 05-00688

8. *Drennen v. Community Bank of Northern Virginia*, No. 05-01386

Each of these suits asserts class action claims brought by and on behalf of homeowners nationwide who were victimized by a predatory lending scheme perpetrated by Community Bank of Northern Virginia ("CBNV") now owned by PNC Bank, N.A., and Guaranty National Bank of Tallahassee ("GNBT") (collectively the "Banks") and the entities that purchased these predatory second mortgage loans, including and primarily, GMAC-Residential Funding Corporation n/k/a Residential Funding Company, LLC ("RFC").[3] The class members in these collective cases consist of over 50,000 consumer-borrowers.

Previously there have been two attempts at class settlements relating to class members whose loans were originated by the Banks and acquired by RFC. The Third Circuit rejected both settlements. *See In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation*, 418 F.3d 277 (3rd Cir. 2005) (*Community Bank I*); *In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation*, 622 F.3d 275 (3rd Cir. 2010) (*Community Bank II*). In the course of its

---

[3] RFC purchased the bulk of the second mortgage loans at issue. A number of other entities, however, also purchased second mortgage loans originated by the Banks, including, Irwin Union Bank and Trust Company, Household Finance, Inc., Wilshire Funding Corporation, Fairbanks Capital Corporation and Morequity, Inc. (collectively the "Other Investor Defendants"). The Other Investor Defendants were all sued (and served) in the *Hobson* matter,

2

review of this litigation, the Third Circuit recognized that the class claims asserted in these cases all arise from a common factual scheme. *Community Bank I*, 481 F.3d at 303, 308; *Community Bank II*, 622 F.3d at 298. The Third Circuit also recognized that such class claims could properly be certified as a class action under Federal Rule of Civil Procedure 23 save concerns about the adequacy of representation element under Rule 23(a) as to certain of the named plaintiffs relating to their loan dates in relation to statute of limitations issues. *Community Bank I*, 481 F.3d at 309; *see also Community Bank II*, 622 F.3d at 284 (repeating the findings from *Community Bank I* relating to certification). Now, upon this second remand from the Third Circuit, those class members and their counsel that previously sought settlement and those class members and their counsel that previously objected to the settlements seek to collaboratively litigate the class claims, which joint effort moots the noted adequacy of representation concerns.

Accordingly, in order to so jointly proceed, and to present a pleading to act as a framework for the upcoming mediation, all Plaintiffs collectively seek leave to file a *Joint Consolidated Amended Class Action Complaint* which will serve as the operative complaint in this multidistrict proceeding.

## II.    Applicable Legal Standards and Argument

Federal Rule of Civil Procedure 15(a) provides that "leave to amend shall be freely given when justice so requires." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3rd Cir. 1997). The decision to grant or deny a motion for leave to amend is committed to the sound discretion of the Court. *See Cureton v. NCAA*, 252 F.3d 267, 272 (3rd Cir. 2001); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962)("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court,... outright refusal to grant the leave without any

3

justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules.").

Here, leave to amend is not only appropriate under a general Rule 15(a) analysis but also procedurally necessary to advance this multi district litigation. *See In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.*, 489 F. Supp.2d 932, 936 (D. Minn. 2007)("Consolidation of a master complaint is merely a procedural device designed to promote judicial economy, and, as such, it does not affect the rights of the parties in separate suits."); *In re Vioxx Products Liab. Litig.*, 239 F.R.D. 450, 453 (E.D. La. 2006)("Master complaints help the Court and the parties focus on common issues in an efficient and effective manner and they apply to all pending class actions and to those subsequently filed, removed, or transferred to this Court as part of MDL 1657."). The proposed MDL Complaint will simply provide a master pleading from which to litigate these longstanding claims. To this end, it should be noted that the MDL Complaint raises no new claims[4] nor does it present any new factual or legal issues with respect to the Class members' claims. The proposed MDL Complaint lays out the common factual scheme underlying the class claims and joins in one complaint the Real Estate Settlement Procedures Act ("RESPA") claims that the settling plaintiff parties have focused on as well as the Truth in Lending Act ("TILA") and Home Ownership and Equity Protection Act ("HOEPA") claims that were the focus of the objections to the previous settlement attempts. The Racketeer Influenced and Corrupt Organization Act ("RICO') claims that had been asserted by both plaintiff factions are also repeated in the MDL Complaint.

The MDL Complaint does seek to add five (5) additional named plaintiff parties in an effort to perhaps anticipate potential subclass issues. As the Third Circuit noted, the addition or substitution of named plaintiff/class representatives in a class action is an appropriate and

---

[4] Indeed, the MDL Complaint does not repeat a number of previously asserted state law claims.

4

sometimes necessary practice. *In re Community Bank II*, 622 at 298. Moreover, any claims asserted by these new and additional named plaintiffs (or by existing named plaintiffs) would relate back to the original filing under Rule 15(c)(1)(B) as long as such claims arise from the same "conduct, transaction, or occurrence set out – or attempted to be set out—in the original pleading." In that regard, the Third Circuit has stated that the fact that the TILA and HOEPA claims of the class arise from the same transactions as the originally asserted RESPA claims "strikes us as straightforward." *Id.*

Plaintiffs do not believe that there is a proper basis to oppose this Motion or the filing of the MDL Complaint. The Third Circuit has mandated the remand and litigation of the consolidated actions and the filing of this MDL Complaint is simply the mechanism to do so. Further, none of the factors upon which a denial of a request for leave to amend – undue delay, bad faith, dilatory motive, prejudice or futility – are present. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.") There is no undue delay, bad faith or dilatory behavior on the part of Plaintiffs or any party relating to the timing of the requested leave. Quite simply, the Community Bank and Guaranty National Bank litigation has for years been tied up in the efforts to approve and uphold the attempted class action settlements and the objections and appeals relating thereto.

In any event, delay is an insufficient ground upon which to deny a motion to amend as the "touchstone" issue is prejudice to the non-moving party. *Howze v. Jones & Laughlin Steel Corp.*, 750 F.2d 1208, 1212 (3rd Cir. 1984). To demonstrate prejudice, the non-moving party must show that they will be unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it could have offered had the amendment been made earlier. *See*

5

*Azarbal v. Medical Center of Delaware*, Inc., 724 F. Supp. 279, 285 (D. Del. 1989). In this case, no such prejudice could be shown. Each defendant was already an existing defendant in one or more of the underlying cases. The nature and extent of the claims asserted in the proposed MDL Complaint are the same RESPA, TILA, HOEPA and RICO claims that have been known and discussed for years, which claims, as the Third Circuit recognized, all arise from the same transactions, conduct and occurrences that were originally asserted in the first filed actions. *Community Bank I*, 481 F.3d at 303, 308; *Community Bank II*, 622 F.3d at 298. And while these actions are long pending, neither the nature of the claims nor the evidence necessary to prosecute or defend them has changed. In short, the proposed MDL Complaint in no way limits the ability of any defendant to present a defense.

The issue of futility is inapplicable in that there has been no dispositive or other finding that impacts the class claims from which any defendant could argue futility. The Third Circuit rejected the viability finding on the statute of limitations relating to the TILA and HOEPA claims (which analysis necessarily goes also to the RESPA claims). *In re Community Bank II*, 622 at 300-01. To this end, Plaintiffs also note that this Court previously concluded, as noted by the Third Circuit, that Plaintiffs could state a TILA and HOEPA claim that would withstand a Rule 12(b)(6) attack. *See id.* at 287. The Defendants' substantial willingness to settle the RESPA and RICO claims demonstrates the merit of those claims. As such, there can be no "futility" argument that would bar the filing of the MDL Complaint.

WHEREFORE, for these reasons, Plaintiffs respectfully request leave of Court to file the attached *Joint Consolidated Amended Class Action Complaint.*

Respectfully submitted this 13th day of May, 2011:

By  /s/ R. Bruce Carlson
R. Bruce Carlson (PA ID #56657)
Gary Lynch (PA ID # 56887)
Stephanie K. Goldin (PA ID # 202865)
CARLSON LYNCH LTD.
– *Proposed Co-Lead Counsel*
P.O. Box 367
231 Melville Lane
Sewickley, PA 15143
(412) 749-1677
(412) 749-1686 (Facsimile)

-*and*-

Daniel O. Myers
LAW OFFFICES OF DANIEL O. MYERS
1127 Queensborough Blvd., Suite 105
Mt. Pleasant, SC 29464
(843) 654-7440
(843) 654-7441

-*and*-

A. Hoyt Rowell, III
RICHARDSON, PATRICK, WESTBROOK
  & BRICKMAN, LLC
1037 Chuck Dawley Blvd., Bldg. A
Mt. Pleasant, SC  29464
(843) 727-6550

By  /s/ David M. Skeens
J. Michael Vaughan
R. Frederick Walters
David M. Skeens
Kip D. Richards
Garrett M. Hodes
WALTERS BENDER STROHBEHN &
  VAUGHAN, P.C.
– *Proposed Co-Lead Counsel*
2500 City Center Square
12th & Baltimore
P.O. Box 26188
Kansas City, MO  64196
(816) 421-6620
(816) 421-4747 (Facsimile)

-*and*-

Scott C. Borison
LEGG LAW FIRM, LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016
(301) 620-1018 (Facsimile)

-*and*-

Franklin R. Nix
LAW OFFICES OF FRANKLIN NIX
1020 Foxcroft Road, N.W.
Atlanta, GA 30327-2624
(404) 261-9759
(404) 261-1458 (Facsimile)

-*and*-

Knox McLaney
MCLANEY & ASSOCIATES, P.C.
P. O. Box 4276
Montgomery, AL 36104
(334) 265-1282
(334) 265-2319 (Facsimile)

**<u>ATTORNEYS FOR PLAINTIFFS</u>**

7

## CERTIFICATE OF SERVICE

I hereby certify that I filed this document electronically with the United States District Court for the Western District of Pennsylvania with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this 13th day of May 2011:

/s/ R. Bruce Carlson
Attorneys for Plaintiffs