UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 12-12020 (MG)<br><br>Jointly Administered |

### DECLARATION OF DAVID M. SKEENS AND R. KEITH JOHNSTON IN SUPPORT OF MOTION TO APPLY FED. R. BANKR. P. 7023 AND TO CERTIFY CLASS CLAIM AGAINST RESIDENTIAL FUNDING COMPANY, LLC

David M. Skeens and R. Keith Johnston, pursuant to 28 U.S.C. §1746, hereby declare as follows:

1. We are both attorneys and members of the law firm of Walters, Bender, Strohbehn & Vaughan, P.C. Our firm represents Rowena Drennen,[1] Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard, the homeowner borrowers ("Class Claimants") on whose behalf our firm, among others, filed the *Motion To Apply Fed. R. Bankr. P. 7023 And To Certify Class Claim Against Residential Funding Company, LLC* (Doc. No. 2044).

2. We submit this Declaration to state facts known to us which we believe to be relevant to certain issues raised in the Debtors' Opposition to *Motion To Apply Fed. R. Bankr. P. 7023 And To Certify Class Claims* (Doc. No. 2337) (the "Opposition Brief"). We make these statements based upon our personal knowledge and a review of the documents and records described below, and if called and sworn as a witness, we could and would testify competently to the matters set forth herein.

---

[1] Rowena Drennen is also a member of the Official Committee of Unsecured Creditors. *See* Appointment of Official Committee of Unsecured Creditors, filed May 16, 2012 (Doc. No. 102).

**Facts Indicating Insufficient Service of Bar Date Notices on All Known Members of Class Action Lawsuits**

3.     On August 29, 2012, the Court established the procedures for filing proofs of claim in this case and the form and manner of notice thereof. *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (Doc. No. 1309), at p. 9 (the "Bar Date Order").

4.     With respect to the manner of notice, the Court expressly stated in the Bar Date Order that the approved notice of the claims bar date (the "Bar Date Notice") "shall be adequate and sufficient if a copy is served by first-class mail at least thirty-five (35) days prior to the applicable Bar Date on: … (h) *all known members of potential class action lawsuits*." *See* Bar Date Order, at p. 9 (emphasis added).

5.     The Debtors' Claims and Noticing Agent, Kurtzman Carson Consultants LLC "KCC"), filed a number of affidavits with the Court verifying all of the creditors and potential creditors it served with the Bar Date Notice (the "KKC Affidavits").

6.     To the best of our knowledge, our firm has received and reviewed every KCC Affidavit filed with the Court. The KCC Affidavits contain over 12,000 pages of exhibits listing the names and addresses of each creditor or potential creditor KKC served via First Class Mail, Overnight or electronic mail. The last Supplemental Affidavit of Service filed with the Court did not, however, attach a list of the persons served by KCC on October 5, 2012, "[d]ue to the voluminous and confidential nature of the list." *See* Supplemental Affidavit of Service, filed on November 14, 2012, at p. 1 [Doc. No. 2179].

7.     One of our paralegals, acting under our direction and oversight, reviewed all of the KCC Affidavits filed with the Court for the specific purpose of comparing the names listed on the KCC Affidavit exhibits with our records to determine whether KKC served the Bar Date

Notice on any of the 448 individual borrowers we know to be potential class members in the pre-petition MDL class action lawsuit styled *In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation*, MDL No. 1674, pending in the United States District Court for the Western District of Pennsylvania (the "MDL Class Action"). All such known potential class members in the MDL Class Action are also potential members of the class defined in the Class Claim Motion (the "Potential Class Members").

8.  As a result of our reviews of these records, we determined that none of the individual borrowers we know to be Potential Class Members were listed on the disclosed lists attached to the KCC Affidavits as having been served with the Bar Date Notice via First-Class mail, Overnight mail or electronic mail.

9.  On February 5, 6 and 7, 2013, our paralegals, acting under our direction and oversight, reviewed our records relating to the 448 individual borrowers we know to be Potential Class Members and then contacted a sampling of those borrowers in order to determine whether or not any of them had received a Bar Date Notice.

10. Based on this additional independent investigation, we determined, and reasonably believe, that at least fifty-two (52) individual borrowers known to be Potential Class Members were not served with the Bar Date Notice, including nineteen (19) individual borrowers who are not named plaintiffs in the MDL Class Action.

11. We also determined that one individual borrower known to be a Potential Class Member, Jeannette Brown, was served with the Bar Date Notice in October of 2012. However, the Bar Date Notice she received expressly states that she was served because she had been "identified as a current customer, or [was] at one time considering completing a loan application

3

with GMAC Mortgage." *See* Bar Date Notice received by Jeannette Brown, at p. 1, a true and correct copy of which is attached hereto as **Exhibit A**.

### Prior Chapter 7 Bankruptcies of Class Claimant Rowena Drennen

12. The Debtor's assert in their Opposition Brief that Rowena Drennen may no longer have a claim because she "twice declared Chapter 7 personal bankruptcy without identifying her claim against RFC as an 'asset' in her schedules, much less receiving an exemption of the asset from being administered in the bankruptcy." *See* Opposition Brief, at p. 14.

13. In support of this assertion, the Debtors rely on the Declaration of K. Lee Marshall filed in support of the Opposition Brief (the "Marshall Declaration"). Mr. Marshall in turn relies on "Copies of Rowena Drennen's Bankruptcy records, filed in the Bankruptcy Court for the Western District of Missouri, Case Nos. 04-46476 and 05-45391," which are attached to the Marshall Declaration as Exhibits 22 and 23. *See* Marshall Declaration, at ¶ 23 and referenced exhibits.

14. The documents attached to the Marshall Declaration as Exhibit 22 consist of a number of ECF records relating to a Chapter 7 bankruptcy case that Rowena Drennen and her husband, John Drennen, filed in the Bankruptcy Court for the Western District of Missouri on October 29, 2004 (Case No. 04-46476). Marshall Declaration, Exhibit 22 (Doc. No. 2338-6, "Pg 16 of 144" through "Pg. 56 of 144"). A cursory review of these records establishes that the Bankruptcy Court for the Western District of Missouri entered an Order dismissing that case without prejudice on January 31, 2005, thereby revesting all of the Drennens' prepetition property back to the Drennens. *See* Marshall Declaration, Exhibit 22, docket entry 14 (Doc. No. 2338-6, "Pg 18 of 144") and Order of Dismissal (Doc. No. 2338-6, "Pg 55 of 144"). *See also* 11 U.S.C. § 349(b)(3).

15. The documents attached to the Marshall Declaration as Exhibit 23 consist of a number of ECF records relating to a Chapter 7 bankruptcy case that Rowena Drennen filed in the Bankruptcy Court for the Western District of Missouri on August 4, 2005 (Case No. 05-45391). *See* Marshall Declaration, Exhibit 23 (Doc. No. 2338-6, "Pg 58 of 144" through "Pg. 98 of 144"). These records, however, are incomplete and not up to date.

16. Of specific relevance here, Exhibit 23 does not include the ECF records relating to this bankruptcy case which show that it was reopened by the Chapter 7 trustee on January 13, 2012. True and correct copies of the ECF docket sheet for Case No. 05-45391 and related court documents are attached hereto as **Exhibit B**. The omitted records also establish that upon reopening, Ms. Drennen amended her schedules to identify her class claims and to assert a related exemption. *Id.* Those records further show that this Chapter 7 case was then re-closed on May 30, 2012, after the Chapter 7 trustee abandoned the class claim based on her finding that no estate property existed as a result of the exemption. *Id.* (*see* Chapter 7 Trustee's Report of No Distribution, dated May 29, 2012, set out in the text of Docket Entry 27). *See also* 11 U.S.C. § 554(c) ("Unless the court orders otherwise, any property scheduled under section 521(a)(1) of this title not administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.").

Pursuant to 28 U.S.C. §, we declare under penalty of perjury that the foregoing is true and correct to the best of our knowledge and belief.

Dated: February 7, 2013

_____
David M. Skeens

_____
R. Keith Johnston

5