**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No.: 12-12020 (MG)<br><br>Jointly Administered |

**SECOND SUPPLEMENTAL DECLARATION OF BRUCE CARLSON IN SUPPORT OF MOTION TO APPLY FED. R. BANKR. P. 7023 AND TO CERTIFY CLASS CLAIM AGAINST RESIDENTIAL FUNDING COMPANY, LLC—NOTICE ISSUE**

**Direct Mail Notice to the Entire Class in Pre-Petition MDL Class Action**

1. The six Class Claimants are also named plaintiffs and putative class representatives in a consolidated MDL class action lawsuit pending against GMAC Residential Funding Corporation n/k/a Residential Funding Company, LLC ("RFC") and others in the United States District Court for the Western District of Pennsylvania (the "District Court"), styled *In Re: Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation,* MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 05-1386 (the "MDL Class Action").

2. The MDL Class Action is listed as "General Litigation-Origination-Mortgage" and as a contingent, unliquidated and disputed claim of an undetermined amount in RFC's Schedules of Assets and Liabilities. *See* RFC's Schedule F-3, (Dkt. No. 548), at p. 9.

3. On or about July 11, 2003, the plaintiffs and defendants in the MDL Class Action, including RFC, entered into an agreement in which the parties agreed upon a settlement of the class action subject to the approval of the District Court (the "First Settlement Agreement"). *See* Findings and Order Conditionally Certifying a Class for Settlement Purposes, Preliminarily

Approving the Class Settlement, Directing the Issuance of Class Notice to the Class and Scheduling a Settlement Hearing (the "July 2003 Order"), dated July at p. 1. A true and correct copy of the July 2003 Order is attached hereto as **Exhibit 1**.

      4.     On July 17, 2003, the District Court preliminarily approved the First Settlement Agreement and further ordered that the "Defendants or their designee(s) shall cause the [Notice of Class Action Settlement and Hearing] to be mailed to each Class Member by first-class mail, postage prepaid, to his or her last known address no later than August 1, 2003." *See* Exh. 1 at p. 4 ¶ 11.

      5.     Pursuant to the terms of the First Settlement Agreement and the July 2003 Order, the defendants, including RFC, agreed to use reasonable efforts to develop a mailing list for the express purpose of serving all "Class Members," who were defined in the Settlement Agreement, as any person:

    (i) Who entered into a mortgage loan agreement with CBNV and/or GBNV;

    (ii) Whose loan was secured by a second mortgage or deed of trust on property located in the United States;

    (iii) Whose loan was purchased by RFC; and

    (iv) Who was not a member of the class certified in the action captioned <u>Baxter v. Guaranty National Bank, et al.</u>, Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

Exh. 1 at p. 2 ¶ 2.

      6.     Pursuant to the terms of the First Settlement Agreement and the July 2003 Order, the defendants, including RFC, developed a mailing list for all known Class Members on the 44,535 loans at issue (the "Mailing List") and provided this list (via two electronic files) to their designated Settlement Administrator, Tilghman & Co., Inc. ("Tilghman"). *See* Declaration of L. Stephens Tilghman, filed in the MDL Class Action as an exhibit on or about November 12, 2003

(the "First Tilghman Declaration"), at p. 1 ¶ 4.  A true and correct copy of the First Tilghman Declaration is attached hereto as **Exhibit 2**.  The Defendants further agreed that Tilghman would update all addresses of the Class Members on the Mailing List who have fully prepaid their loans by use of the United States Postal Service's national Change of Address database and another database known as the "TransUnion database." *See* Exh. 1, p. 3 ¶¶ 8-9; Exh. 2, at ¶¶5-11.

7.      Although plaintiffs' counsel requested access to the Mailing List developed by the defendants, including RFC, the defendants refused to provide it to them.  Through information and documents, including loan files, independently obtained from those Class Members who objected to the First Settlement Agreement and searches of certain public land records, plaintiff's counsel have been able to obtain the names and contact information for the borrowers on only 448 of the loans at issue.

8.      Tilghman completed the process of serving the Class Members on the 44,535 loans on or about September 4, 2003.  *See* Exh. 2, at ¶ 11(c).

9.      Based on certain objections as to the fairness of the First Settlement Agreement and certain Orders of the District Court related thereto, appeals were taken to the United States Court of Appeals for the Third Circuit in October of 2003.  On or about August 11, 2005, the Third Circuit Court of Appeals reversed the District Court's Order approving the First Settlement Agreement and remanded the MDL Class Action back to the District Court for further proceedings.

10.     On or about August 11, 2008, plaintiffs and the defendants in the MDL Class Action, including RFC, filed joint motion in the District Court for approval of a second, modified agreement in which the parties agreed upon a settlement of the action subject to the approval of the District Court (the "Second Settlement Agreement").  *See* Joint Motion for Approval of

Modified and Enhanced Settlement Agreement and Request for Briefing Schedule Regarding Fairness of the Modified Settlement, a true and correct copy of which is attached hereto as **Exhibit 3**.

11. By Order dated March 18, 2008, the District Court approved a revised plan to provide notice of the Second Settlement Agreement to the Class Members. *See* Order of Court, filed March 18, 2008 (the "March 2008 Order). A true and correct copy of the March 2008 Order is attached hereto as **Exhibit 4**.

12. The notice plan approved by the March 2008 Order (the "Notice Plan") provided that the principal means of notifying the Class shall be direct mail notice to the Class Member's identified in the Mailing List previously supplied to Tilghman, as updated via the U.S. Postal Service's National Change of Address Database and by means of the Trans Union database. A true and correct copy of the Notice Plan is attached hereto as **Exhibit 5**.

13. Tilghman completed the process of serving the Class Members on the 44,535 loans on or before June 27, 2008. *See* Declaration of L. Stephens Tilghman, filed in the MDL Class Action as an exhibit on or about June 27, 2008 (the "Second Tilghman Declaration"), p. 3. A true and correct copy of the Second Tilghman Declaration is attached hereto as **Exhibit 6**.

14. Although plaintiffs' counsel have requested access to the Mailing List the defendants, including RFC, have refused to provide it to them.

Under penalty of perjury, I declare that the above statements, are true and correct to the best of my knowledge.

Executed at Pittsburgh, Pennsylvania this 8th day of February, 2013.

*(signature)*
R. Bruce Carlson