# Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:        COMMUNITY BANK OF            )
              NORTHERN VIRGINIA AND        )
              GUARANTY NATIONAL BANK       )    CASE NO.: 03-0425
              OF TALLAHASSEE SECOND        )    Honorable Gary L. Lancaster
              MORTGAGE LOAN LITIGATION     )

## FINDINGS AND ORDER CONDITIONALLY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING THE CLASS SETTLEMENT, DIRECTING THE ISSUANCE OF A CLASS NOTICE TO THE CLASS AND SCHEDULING A SETTLEMENT HEARING

WHEREAS, various Class Action Complaints have been filed with, (or removed to), this Court on behalf of the following representative plaintiffs: Brian and Carla Kessler, Ruth J. Davis, John and Rebecca Picard, Nora Miller, Ellen Sabo, Robert and Rebecca Clark, Edward Kruska, Russell and Kathleen Ulrich, Thomas Mathis, Stephen and Amy Haney, and Patrice Porco, at the following docket numbers: 03-0425; 02-1201; 02-2000; 02-1563; 02-1616; and 02-1999.

WHEREAS, the parties and their attorneys have entered into a Settlement Agreement and Release, dated as of July 11, 2003, in which the parties have agreed upon a settlement of the Action, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the settlement which, if approved, will result in dismissal of the Action with prejudice;

NOW, THEREFORE, upon reviewing the Settlement Agreement and Release, including the exhibits attached thereto (together, the "Settlement Agreement"), and upon reviewing all prior proceedings herein, and the matter having come before the Court for a Status Conference on June 6, 2003, and the plaintiffs having appeared by R. Bruce Carlson and Daniel O. Myers and the defendants having appeared by Thomas L. Allen, Roy W. Arnold,

Richard Tucker, F. Douglas Ross, David G. Oberdick, and Thomas P. Oldweiler, on application of the parties and based on the record,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. These actions are all hereby consolidated at Case No. 03-0425 (the "Action"), the lead case. All pleadings hereafter shall be filed at this number. The Clerk of Court shall close Civil Actions Nos. 02-1201, 02-1563, 02-1616, 02-1999 and 02-2000.

2. The Action is preliminarily certified as a Class Action for settlement purposes only pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(c)(2). Defendants retain all rights to assert that this Action may not be certified as a class action except for settlement purposes. The Class consists of all persons ("Class Members") who: (a) entered into a loan agreement with Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB"); (b) whose loan was secured by a second mortgage or deed of trust on property located in the United States; (c) whose loan was purchased by Residential Funding Corporation ("RFC"); and, (d) who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

3. Brian and Carla Kessler, Ruth J. Davis, John and Rebecca Picard, Nora Miller, Ellen Sabo, Robert and Rebecca Clark, Edward Kruska, Russell and Kathleen Ulrich, Thomas Mathis, Stephen and Amy Haney are hereby designated as representatives of the conditionally certified class.

4. R. Bruce Carlson, (of the law firm Specter Specter Evans and Manogue, P.C.) and A. Hoyt Rowell, III and Daniel O. Myers, (of the law firm Richardson, Patrick, Westbrook and Brickman), are hereby designated as Counsel for the conditionally certified Class.

5. The Court has subject-matter jurisdiction over this Action pursuant to 28 U.S.C. Section 1331, 1332 and 1367, and personal jurisdiction over the parties before it.

6. The Settlement Agreement falls "within the range of possible approval" (Manual for Complex Litigation 3d Section 30.41), and therefore is preliminarily approved as being sufficient to warrant sending notice to the Class and scheduling a formal Settlement Hearing.

7. A Settlement Hearing shall be held on November 14, 2003, at 10:00 a.m., or at such later date as the Court may direct, at the United States District Court for the Western District of Pennsylvania, U.S. Post Office and Courthouse, 7th Avenue and Grant Street, Pittsburgh, Pennsylvania, in Courtroom 911, to consider whether the Class meets the requirements for final certification under Fed. R. Civ. P. 23(a), (b)(3), (c)(2) and the United States Constitution, to evaluate the fairness, reasonableness and adequacy of the proposed settlement and whether it should be finally approved by the Court pursuant to Fed. R. Civ. P. 23(e), and to consider whether the application of plaintiffs' counsel for an award of attorneys' fees and costs, and any incentive awards that may be sought by representative plaintiffs, should be approved.

8. The Proposed Class Notices (Exhibits C and D of the Settlement Agreement), the notice methodology described in the Settlement Agreement and the Settlement Administrator's Notice Plan (Exhibit E to the Settlement Agreement) are hereby approved.

9. The Settlement Agreement contemplates a notice methodology that is the best practicable notice, is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and of their right to object or exclude themselves from the proposed settlement, is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, and meets all applicable requirements of law, including, but not limited to, Fed. R. Civ. P. 23(c) and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

10. Subject to the terms of the Settlement Agreement, Defendant is authorized to retain one or more third-party administrators to implement the terms of the Settlement Agreement.

DOCSLA-15377078.4-BSCHILDER

11.     Defendants or their designee(s) shall cause the Class Mail Notice to be mailed to each Class Member by first-class mail, postage prepaid, to his or her last known address no later than August 1, 2003.

12.     Defendants or their designee(s) shall publish the Class Publication Notice as provided in the Settlement Agreement and the Notice Plan no later than August 15, 2003.

13.     Defendants or their designee(s) shall: (i) remail any Class Mail Notice returned by the Postal Service with a forwarding address received by the Settlement Administrator; and (ii) attempt to find an address for any returned Class Notice that does not include a forwarding address consistent with the terms of the Settlement Agreement and the Notice Plan.

14.     Defendants or their designee(s) shall file proof of the mailing of the Class Mail Notice and publication of the Class Publication Notice consistent with the terms of the Settlement Agreement.

15.     Each Class Member who wishes to exclude himself or herself from the Class shall submit a written request for exclusion to the Settlement Administrator. The request for exclusion must (a) contain a reference to "In re Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, Case No. 03-0425"; (b) include the name, address and telephone number of the person seeking to be excluded; (c) include a statement that the person wishes to be excluded from the Class; (d) be signed personally by the person who seeks to be excluded from the Class; and (e) be received by the Settlement Administrator by October 1, 2003. No Class Member may opt out by having a request to opt out submitted by an actual or purported agent or attorney acting on behalf of a class member. No opt out request may be made on behalf of a group of Class Members.

16.     Any Class Member who does not submit a timely, written request for exclusion from the Class, consistent with the terms of the Settlement Agreement and paragraph 15 hereof, shall be bound by all proceedings, orders and judgments in this Action, even if such Class Member has previously initiated or subsequently initiates individual litigation against the

Defendants or other proceedings encompassed by the Settled Claims defined in the Settlement Agreement.

17. Each Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement or the proposed settlement, or to the award of Attorneys' Fees and Expenses or any incentive awards to representative plaintiffs, shall provide to Co-Counsel for Plaintiffs and Defendants' Counsel and file with the Court, so as to be received no later than October 1, 2003, at the address listed in the Class Mail Notice, a written statement of the objection, as well as the specific reasons, if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his or her objections.

18. All written objections must be signed by the Class Member and must include: (1) the Class member's name, address and telephone number; (2) a statement of the objection(s) and any supporting evidence the Class Member wishes to introduce; and (3) the case name and number of this Action.

19. Any attorney hired by a Class Member at the Class Member's expense for the purpose of objecting to the Settlement, or to the award of Attorneys' Fees and Expenses, shall file with the Clerk of Court and provide Co-Plaintiffs' Counsel and Defendants' Counsel a written notice of appearance so as to be received no later than October 1, 2003.

20. Any Class Member who files and serves a written objection and who intends to make an appearance at the Settlement Hearing, either in person or through personal counsel hired at the Class Member's expense, shall provide Co-Plaintiffs' counsel and Defendants' Counsel and file with the Court so as to be received no later than October 1, 2003, a written notice of intention to appear. The notice of intention to appear must include an identification of witnesses the Class Member intends to call at the Settlement Hearing and any exhibits the Class Member intends to introduce into evidence at the Settlement Hearing.

DOCSLA-15377078.4-BSCHILDER

21.    Plaintiffs' Counsel and Defense Counsel shall promptly furnish each other with copies of any and all objections or written requests for exclusion that come into their possession.

22.    Any Class Member who does not make his or her objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed settlement.

IT IS SO ORDERED.

_____
HONORABLE GARY L. LANCASTER,
UNITED STATES DISTRICT JUDGE

7/17/03