# Exhibit 2

11/10/03    14:20    TILGHMAN & CO., P.C. → 14122883063    NO.567    P02

IN THE UNITED STATES DISTRICT COURT OF THE
WESTERN DISTRICT OF PENNSYLVANIA

IN RE:  COMMUNITY BANK OF           )
        NORTHERN VIRGINIA AND        )   Civil Action No. 03-0425
        GUARANTY NATIONAL BANK       )   Honorable Gary L. Lancaster
        OF TALLAHASSEE SECOND        )
        MORTGAGE LOAN LITIGATION     )
                                     )

### DECLARATION OF L. STEPHENS TILGHMAN

I, L. Stephens Tilghman do hereby declare and state as follows:

1.     My name is L. Stephens Tilghman and have personal knowledge of the facts set forth below.

2.     I am President of Tilghman & Co., P.C. ("Tilghman & Co."). Tilghman & Co. has provided settlement administration services for class action settlements since 1994. Since then, we have served as the settlement or claims administrator for over one hundred fifty (150) class action settlements, in both federal and state courts.

3.     Tilghman & Co. has served as the settlement administrator in *In Re Community Bank Of Northern Virginia And Guaranty National Bank Of Tallahassee Second Mortgage Loan Litigation*, Civil Action No. 03-0425, in which Community Bank of Northern Virginia, Guaranty National Bank of Tallahassee, and Residential Funding Corporation are the defendants (hereinafter referred to as "Defendants").

4.     Defendants provided Tilghman & Co. with two electronic files containing the names and addresses of the loans made to class members. Tilghman & Co. combined the files to create a list, excluding borrowers within the *Baxter v. Guaranty National Bank of Tallahassee* settlement, with 44,535 loans within the class.

PGHLIB-1243264.01-RWARNOLD

5. For loans fully prepaid Tilghman & Co. update the last known address for Class Members by use of the United States Postal Service's National Change of Address (NCOA) database.

6. An example of this procedure involved Mr. and Mrs. Cross. On July 31, 2003, a Notice was mailed via Presorted First Class Mail to Mr. and Mrs. Cross at the address of 3405 Northridge Drive, Sanford, NC 27330. This address was obtained from the U.S. Postal Service's NCOA database described above in accordance with the Notice Plan regarding fully prepaid loans. The address matches the address set forth in Mr. Hartzell's October 6, 2003 letter. The Notice was not returned as undeliverable.

7. Tilghman & Co. handled the printing and mailing of notices to settlement class members using the settlement class member lists provided by Defendant. Tilghman & Co. mailed 44,535 notices of a form approved by the Court to class members with first class postage on July 31, 2003. A copy of the notice mailed to class members is attached as Exhibit A.

8. Tilghman & Co. oversaw the mailing of the Court approved Notice of Class Action Settlement and Hearing (the "Notice") to 44,535 members of the settlement class via Presorted First Class U.S. Mail postage paid ("Presorted First Class Mail").

9. Presorted First Class Mail is First Class in its delivery and return characteristics.

10. If a Notice was undeliverable by the U.S. Postal Service, the U.S. Postal Service returned such mail to the settlement administrator and in some instances included updated address information.

11. Notices returned as undeliverable by the Post Office were recorded as undeliverable. When the Post Office provided a newer address, the name and address data files were updated to reflect the newer address. Notices returned by the Post Office without a newer address were recorded as undeliverable. The names and old addresses of the persons whose notices were returned as undeliverable were sent electronically to Trans Union Corporation. In those situations where Trans Union Corporation indicated a newer address, the data files were updated to reflect the newer address. Notices were subsequently mailed to class members at the newer address supplied by the Post Office and Trans Union Corporation.

    a. On August 19, 2003, Tilghman & Co. re-mailed 1,380 notices to updated addresses.

    b. On September 2, 2003, Tilghman & Co. re-mailed 545 notices to updated addresses.

    c. On September 4, 2003, Tilghman & Co. re-mailed 15 notices to updated addresses.

12. Tilghman & Co. caused the Summary Notice to be published pursuant to the Notice Plan on August 7, 2003 and August 14, 2003 in the national edition of the *USA Today* newspaper. A true and correct copy of each published Summary Notice is attached as Exhibit B and Exhibit C.

13. Tilghman & Co. obtained a Post Office Box and has received opt-out requests and other correspondence from class members at this Post Office box.

14. Through October 1, 2003, there were 435 total opt-out requests submitted by class members to Tilghman & Co.

12-12020-mg    Doc 2880-2    Filed 02/08/13    Entered 02/08/13 20:16:41    Exhibit 2
Pg 5 of 15
Case 2:03-cv-00425-GLL    Document 244-29    Filed 01/16/2007    Page 38 of 41

11/10/03    14:21    TILGHMAN & CO., P.C. → 14122883063                    NO.567    P05

15.    Of these, 419 opt-outs were tendered as part of the opt-out campaign being conducted by various law firms, including more than 320 opt-outs submitted by Georgia class members on opt-out forms supplied by attorney Franklin R. Nix.

16.    The vast majority of class members who opt-ed out (more than 400 of the 435 total opt-outs) did so using opt-out forms that appear to have been prepared by the attorneys conducting the opt-out campaign.

17.    There were only 10 opt-outs received by Tilghman & Co. on or before September 22, 2003.

18.    Only 16 of the total opt-outs received on or before October 1, 2003 did not appear to be part of any opt-out campaign.

19.    On October 14, 2003, the Court issued an Order invalidating the solicited opt-outs, directing that curative notices be distributed promptly and establishing a second opt-out period for borrowers in Georgia, Missouri, Illinois, Maryland, Florida and Alabama (the "Solicited Opt-Out States") who had submitted opt-out requests on or before October 1, 2003. The second opt-out period expired November 3, 2003.

20.    On October 14 and October 15, 2003, Tilghman & Co. mailed the Court's letter, the curative notice and the original Court-approved Notice via First Class Mail to the class member's last known address.

21.    Tilghman & Co. received 94 opt-outs from class members on or before November 3, 2003 as a result of the "curative" notice and the second opt-out period.

22.    When these 94 "curative" opt-outs are combined with the 16 unsolicited opt-outs, there are a total of 110 opt-outs.

I declare the foregoing to be true and correct under penalty of perjury pursuant to the laws of the United States.

EXECUTED THIS 10th day of November, 2003 at Birmingham, Alabama.

L. Stephens Tilghman

## NOTICE OF CLASS ACTION SETTLEMENT AND HEARING

### In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation
U.S. District Court for the Western District of Pennsylvania, Case No. 03-0425

**THIS IS *NOT* A NOTICE OF A LAWSUIT AGAINST YOU.
YOU HAVE A RIGHT TO RECEIVE A PAYMENT UNDER THIS SETTLEMENT.
PLEASE READ THIS NOTICE CAREFULLY.
YOUR LEGAL RIGHTS WILL BE AFFECTED.**

This notice is sent to inform you about the settlement of a proposed class action lawsuit (the lawsuit will be referred to as "the Litigation" in this Notice). The Litigation was brought on behalf of those persons, like you, (i) who entered into a loan agreement with Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB"); (ii) whose loan was secured by a second mortgage or deed of trust on property located in the United States; (iii) whose loan was purchased by Residential Funding Corporation ("RFC"); and (iv) who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina (this group of people will be referred to as the "Class" or "Class Members" in this Notice).

The Litigation involves claims related to fees and interest charged on second mortgage loans. Defendants in the Litigation have denied that they engaged in any wrongful conduct or that they violated the law in any way in making a loan to you. Defendants contend that the claims asserted in the Litigation have no merit and that they would prevail in the Litigation. Defendants are settling this matter to avoid the uncertainty and high cost of litigation.

The Court has conditionally approved a settlement, and your name appears on the list of persons who are qualified to receive money under the settlement. In other words, you are a member of the Class. If you and any co-borrowers on your loan participate in this settlement, you will also be called a "Participating Plaintiff" in this notice. You can review what your share of the settlement will be under the section below called "What You Will Receive Under The Proposed Settlement And How To Obtain Your Share." You can review what other choices you have under the section below called "Other Alternatives to Accepting the Settlement."

**YOU SHOULD READ THE REST OF THIS NOTICE TO FIND OUT ABOUT YOUR BENEFITS UNDER THE SETTLEMENT AND WHAT RIGHTS YOU HAVE.**

I.    **The Litigation.** The Litigation is titled In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, Case No. 03-0425. It is pending in the U.S. District Court for the Western District of Pennsylvania. A group of CBNV and GNB borrowers, who are referred to as the "Named Plaintiffs" in this Notice, claim in the Litigation that CBNV and GNB violated certain federal and state laws in connection with the fees and interest charged on second mortgage loans. These claims are asserted against the Defendants CBNV, GNB and RFC. (Together CBNV, GNB and RFC will be referred to as the "Defendants" in this Notice.) CBNV and GNB are named as defendants in the Litigation because they originated or made a second mortgage loan to you and other Class Members. RFC is named because it allegedly purchased the loans from CBNV and GNB.

II.   **What You Will Receive Under The Proposed Settlement And How To Obtain Your Share.** Defendants have agreed to pay money to settle the Litigation. The money they are going to pay is called the "Settlement Funds". If you and any co-borrowers on your loan participate in the settlement, you will receive your share of the Settlement Funds based upon a formula developed with the Named Plaintiffs' attorneys.

*TILGHMAN EXHIBIT A*

12-12020-mg    Doc 2880-2    Filed 02/08/13    Entered 02/08/13 20:16:41    Exhibit 2
Pg 8 of 15
Case 2:03-cv-00425-GLL    Document 244-29    Filed 01/16/2007    Page 41 of 41

11/10/03    17:39    TILGHMAN & CO., P.C. → 4126422309    NO.570    003

As a member of the Class, you are automatically entitled to a share in the Settlement Funds. If you and your co-borrowers, if any, accept your share of the funds, you will be bound by the terms of the Settlement Agreement. You may also choose not to accept your share of the Settlement Funds. To do so, you must submit a timely notice to opt out of, or request to be excluded from, the Class. In other words, **you do not need to do anything to participate in the settlement and receive a share of the Settlement Funds. If you and your co-borrowers do not opt out (that is, if you and your co-borrowers do nothing in response to this Notice), then you and your co-borrowers will receive a payment under the terms of the settlement between $250 and $925.** The amount to be paid to you was determined using a formula developed with the Named Plaintiffs' attorneys.

The specific amounts to be paid under the settlement are as follows:

(1) If you (and any co-borrowers) obtained a second mortgage loan from CBNV on or after May 1, 2000, you (and any co-borrowers) are eligible to receive a single payment in the amount of $600.

(2) If you (and any co-borrowers) obtained a second mortgage loan from CBNV prior to May 1, 2000, you (and any co-borrowers) are eligible to receive a single payment in the amount of $250.

(3) If you (and any co-borrowers) obtained a loan from CBNV secured by a second mortgage on property located in Colorado, Idaho, Illinois, Indiana, Iowa, Kansas, Maine, Maryland, Missouri, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Utah, Washington, Wisconsin or Wyoming, you (and any co-borrowers) are eligible to receive a single payment in the amount of $325, in addition to any amounts you may receive under (1) or (2) above.

(4) If you (and any co-borrowers) obtained a second mortgage loan from GNB on or after September 19, 2001, you (and any co-borrowers) are eligible to receive a single payment in the amount of $600.

(5) If you (and any co-borrowers) obtained a second mortgage loan from GNB prior to September 19, 2001, you (and any co-borrowers) are eligible to receive a single payment in the amount of $250.

(6) If you (and any co-borrowers) obtained a loan from GNB secured by a second mortgage on property located in Colorado, Idaho, Illinois, Indiana, Iowa, Kansas, Maine, Maryland, Missouri, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Utah, Virginia, Washington, Wisconsin or Wyoming, you (and any co-borrowers) are eligible to receive a single payment in the amount of $325, in addition to any amounts you may receive under (4) or (5) above.

(7) If you (and any co-borrowers) obtained a second mortgage loan from CBNV prior to May 1, 2000, or if you (and any co-borrowers) obtained a second mortgage loan from GNB prior to September 19, 2001, you (and any co-borrowers) may be eligible to receive a single payment in the amount of $302, in addition to any amounts you may receive under (1) – (6) above. To do so, you must submit sufficient evidence that Defendants fraudulently concealed from you certain information. If you (and any co-borrowers) decide to stay within the Class, you will receive a separate mailing describing the evidence you need to submit to qualify for this additional payment. You will receive this mailing at the time you receive payment of any amounts you may receive under (1)-(6) above.

Each of the amounts set forth above will only be paid once for any given loan. That is, if you entered into your loan with any co-borrowers, you and your co-borrowers will share the payment, provided that neither you nor any of your co-borrowers opt out of the settlement. Any Participating Plaintiff who receives a payment under the proposed settlement shall be solely responsible for distributing or allocating such payment between or among any co-borrowers, regardless of whether a payment check has been made out to all or only some of the Participating Plaintiff's co-borrowers.

-2-

# Exhibit 17
# (Part 6)

You should consult with your own tax advisor concerning the tax effects of any money you receive as part of this settlement.

**III.    Agreements With Defendants Which May Affect Your Rights.** In exchange for the money to be paid by Defendants under the settlement, the Named Plaintiffs, on their own behalf and on behalf of each Participating Plaintiff, have entered into certain agreements with Defendants. These agreements will affect the rights of any Participating Plaintiff. Under the settlement, the Named Plaintiffs and any Participating Plaintiff enter into the following agreements with Defendants:

(A) **Release of All Settled Claims.** Under the Settlement, the Named Plaintiffs and any Participating Plaintiff agree to: (1) DISMISS WITH PREJUDICE THE "SETTLED CLAIMS" (AS DEFINED BELOW); (2) RELEASE AND FOREVER DISCHARGE THE DEFENDANTS FROM LIABILITY ON THE SETTLED CLAIMS; (3) BE FOREVER BARRED AND ENJOINED FROM INSTITUTING OR FURTHER PROSECUTING, IN ANY FORUM WHATSOEVER, INCLUDING BUT NOT LIMITED TO ANY STATE, FEDERAL OR FOREIGN COURT OR REGULATORY AGENCY, ANY OF THE SETTLED CLAIMS. More specifically, the Named Plaintiffs and any Participating Plaintiff agree to fully, finally and forever release, settle, compromise, relinquish, and discharge Defendants and any entities or persons in any way involved in the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program, including but not limited to, Title America, LLC, Homecomings Financial Network, Inc., Equity Plus, LLC, Equity Guaranty, LLC, JP Morgan Chase Bank as Indenture Trustee, any closing agents, servicers, trustees, or assignees of any loans provided to Class Members pursuant to the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program and each of their affiliated, subsidiary, and parent companies, doing business in their own names, and doing business under any other names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, accountants, attorneys, predecessors, successors and assigns ("Released Persons") of and from any and all Settled Claims.

"Settled Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive or declaratory relief, or for reimbursement of attorneys' fees, costs or expenses, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, which the Named Plaintiffs or any member of the Class has had, now has, or may have in the future which were or could have been raised in the Litigation and which arise out of or are related in any way with the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program, including but not limited to, any claims arising out of the fees or interest rates charged in connection with the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program, alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, acts of illegality, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, or violations of any consumer protection statute, any applicable state unfair trade practice statute, or any other body of case or statutory law or regulation, federal, state or local, and all claims for rescission or for general, special, and punitive damages, as well as any and all claims for treble damages, penalties, attorneys' fees, and costs of suit. **Any claims arising out of future conduct, such as failure to credit a future payment, are not released.** The "CBNV Second Mortgage Loan Program" means the program pursuant to which CBNV entered into loan agreements with individuals secured by second mortgages or deeds of trust. The "GNB Second Mortgage Loan Program" means the program pursuant to which GNB entered into loan agreements with individuals secured by second mortgages or deeds of trust. This includes any activity connected with the loan, including but not limited to, solicitation, taking of the application, underwriting, document preparation, closing, collection of payments or fees, and servicing, sale and/or assignment of the loans entered into as part of this program.

This release means that you could not bring a lawsuit against the Defendants, or any of the Released Persons, for any reason whatsoever relating to the origination of your second

-3-

mortgage loan. You would still be able to enforce your rights under the Settlement Agreement, if necessary, and you would be able to bring an action for any claims arising out of future conduct which may affect your loan.

(B) **You Must Continue To Pay Your Loan If You Have Not Yet Fully Prepaid Your Loan.** The Settlement Agreement does not affect your obligation to re-pay your loan if your loan is still outstanding. The Named Plaintiffs, on their behalf and on behalf of each Participating Plaintiff who has not yet fully prepaid his or her loan, have acknowledged and agreed that (i) his or her loan obtained pursuant to the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program is not rendered invalid because of any of the Settled Claims; (ii) the Settled Claims shall not constitute a defense to repayment of a loan obtained from CBNV and/or GNB pursuant to the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program; and (iii) nothing in the settlement shall affect the Named Plaintiffs and the Participating Plaintiffs' obligation to repay the loans obtained from CBNV and/or GNB pursuant to the terms of those loans.

(C) **Dismissal of Other Lawsuits.** If you and all your co-borrowers participate in the settlement, any lawsuit you have filed or any claim you may have against the Released Persons involving the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program must be dismissed with prejudice.

(D) **You Cannot Raise a Settled Claim as a Defense to a Collection or Foreclosure Action.** If you and all your co-borrowers participate in the settlement, you cannot raise any Settled Claim as a defense to any action brought by a Released Person seeking repayment of your loan obligation originally entered into with CBNV and/or GNB.

IV. **Recommendation Of And Counsel Fees For Plaintiffs' Counsel.** The Named Plaintiffs' counsel believe that the settlement is fair and in the best interests of the Class. The Named Plaintiffs' counsel have investigated the facts relating to the claims made in the Litigation. That investigation has included reviewing and analyzing the law and many documents. The Named Plaintiffs' counsel recommends this proposed settlement based upon: (1) the settlement benefits to be provided the Class; (2) their investigation; (3) having assessed the likelihood of prevailing at trial and the range of money damages which ultimately might be established and recovered, or other relief obtained; and (4) after taking into account the likelihood that this Litigation, if not now settled by voluntary agreement among the parties, would be further protracted and involve complex issues of fact and law, as well as other issues relating both to liability and to damages, and the other uncertainties and risks inherent in litigation.

At the Final Hearing, or at such other time as the Court may direct, the Named Plaintiffs' attorneys intend to apply to the Court for an award of attorneys' fees and reimbursement for expenses in the amount of $8,100,000. Defendants have agreed to pay this amount. This payment is in addition to the Settlement Funds to be paid to Class Members. It will not be deducted from the Settlement Funds.

V. **Other Alternatives To Accepting The Settlement.** To protect your legal rights, you may do any of the following:

(1) You may **EXAMINE THE COURT'S FILE** in the clerk's office at the U.S. District Court for the Western District of Pennsylvania, on the 8th Floor of the U. S. Courthouse in Pittsburgh, Pennsylvania 15219.

(2) For more complete details about the Litigation and the proposed settlement, you may **WRITE to, E-MAIL OR TELEPHONE** the Named Plaintiffs' counsel: R. Bruce Carlson, Specter Specter Evans and Manogue, P.C., 26th Floor, Koppers Building, Pittsburgh, PA 15219; e-mail: bcarlson@ssem.com; or Daniel O. Myers, Richardson Patrick Westbrook & Brickman, LLC, 1037 Chuck Dawley Blvd., Mt. Pleasant, SC 29464; e-mail: dmyers@rpwb.com; telephone: 888-577-6537.

-4-

(3)    You may **CHOOSE NOT TO BE A MEMBER** of the Class by "opting out" of the Class. To do this you must follow the procedure below to exclude yourself from the Class, that is "opt-out." ("OPT OUT"). If you opt-out, you will not receive any of the benefits under the settlement, but your rights, if any, to sue the Released Persons will not be barred by the settlement. If you decide to opt-out, you must send a letter saying so to CBNV-GNB Settlement Administrator, P. O. Box 12983, Birmingham, AL 35202-2983. You must send a copy of the letter to Plaintiffs' Counsel, R. Bruce Carlson, Specter Specter Evans and Manogue, P.C., 26th Floor, Koppers Building, Pittsburgh, PA 15219.

The Opt Out letter must (a) be received by the Settlement Administrator no later than October 1, 2003, (b) be personally signed by you; (c) contain your name, address and telephone number and a statement that you wish to be excluded from the settlement; and (d) reference "In re Community Bank of Northern Virginia and Guaranty National Bank Second Mortgage Loan Litigation, Case No. 03-0425".

(4)    You may **OPPOSE OR OBJECT** to the proposed settlement of the Litigation or any aspect of it that you think is unfair. **The Court will hold a hearing on November 14, 2003, at 10:00 a.m. to determine whether the proposed settlement of the Litigation should be approved.** If you wish to oppose or object to all or any part of the proposed settlement, you must file a written objection with the Clerk of the U.S. District Court for the Western District of Pennsylvania, 829 U.S. Courthouse, Pittsburgh, Pennsylvania 15219, which must be received by the Court no later than October 1, 2003. Any written objections must be signed by you and must include: (1) your name, address and telephone number; (2) a statement of the objection(s) and any supporting evidence you wish the Court to consider; and (3) a reference to "In re Community Bank of Northern Virginia and Guaranty National Bank Second Mortgage Loan Litigation, Case No. 03-0425." If you wish to appear at the hearing, either in person or through your own personal counsel, and oppose the settlement, you must file a notice of your intention to appear with the Clerk of the U.S. District Court at the above address, which must be received by the Court no later than October 1, 2003. If you wish to call witnesses or present other evidence at the hearing, you must state the identity of the witnesses and identify any documents or other evidence you intend to present in your notice of intention to appear. Copies of written objections and notices of intention to appear at the hearing must also be mailed to R. Bruce Carlson, Specter Specter Evans and Manogue, P.C., 26th Floor, Koppers Building, Pittsburgh, PA 15219 and to Thomas L. Allen, Reed Smith, LLP, 435 Sixth Avenue, Pittsburgh, PA 15219.

Any Class Member who does not make his or her objection in the manner provided shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement.

(5)    You may **DISCUSS THIS WITH YOUR OWN ATTORNEY** or appear through your own attorney. If you have filed bankruptcy, or you are involved in any other lawsuits with the Released Persons, you should consult your attorney concerning how the proposed settlement will affect your rights.

VI.    **Further Information.** This Notice is only a summary of the Litigation and the proposed settlement and is not comprehensive. For more details, you may review the Settlement Agreement, the Orders entered by the Court and other papers on file at the Clerk's Office for the U.S. District Court for the Western District of Pennsylvania during regular business hours. If you have questions, **do not call the court or the clerk.** Instead, please write or send an e-mail to or call the Named Plaintiffs' Counsel: R. Bruce Carlson, Specter Specter Evans and Manogue, P.C., 26th Floor, Koppers Building, Pittsburgh, PA 15219, e-mail: bcarlson@ssem.com; or Daniel O. Myers, Richardson Patrick Westbrook & Brickman, LLC, 1037 Chuck Dawley Blvd., Mt. Pleasant, SC 29464; e-mail: dmyers@rpwb.com; telephone: 888-577-6537.

11/10/03   17:42   TILGHMAN & CO., P.C. → 4126422309                    NO.570    P07

CBNV-GNB Settlement Administrator
P. O. Box 12983
Birmingham, AL 35202-2983

```
PRESORTED
FIRST CLASS
US POSTAGE
PAID
PERMIT #2
BIRMINGHAM, AL
```

USA TODAY · THURSDAY, AUGUST 7, 2003 · 9D

## LEGAL NOTICE

### IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Community Bank of Northern Virginia And Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation )  C. A. No. 03-0425

### SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND HEARING

To: Certain Persons Who Obtained Second Mortgage Loans From Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB").

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of this Court. The purpose of this Notice is to inform you of this class action and its proposed settlement.

Plaintiffs in this case allege that CBNV and GNB violated certain federal and state laws in connection with the fees and interest charged on second mortgage loans. These claims are asserted against the Defendants CBNV, GNB and Residential Funding Corporation ("RFC"). (CBNV, GNB and RFC shall be referred to as "Defendants" in this Notice.) CBNV and GNB are named as defendants in the litigation because they originated and/or made the challenged second mortgage loans. RFC is named because it allegedly purchased the loans from CBNV and GNB.

The settlement of this class action, if approved by the Court, will cover a Class of persons defined as:

Any person: (i) who entered into a loan agreement with CBNV and/or GNB; (ii) whose loan was secured by a second mortgage or deed of trust on property located in the United States; (iii) whose loan was purchased by RFC; and (iv) who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

Each qualifying Class Member will be entitled to receive a settlement payment in amounts ranging from $250 to $925. If the settlement is approved, Class Members who do not exclude themselves (as described below) will release CBNV, GNB, RFC and certain other parties in connection with loans covered by the settlement.

On or about August 1, 2003, Class Mail Notices describing the settlement in more detail were mailed to those persons whom Defendants could identify as members of the Class eligible to receive settlement payments. These Class Mail Notices contain important information regarding the rights of all Class Members and set forth deadlines that must be met to preserve certain rights.

To request a free copy of the Class Mail Notice, please send a written request including your name, current address and social security number to: CBNV-GNB Settlement Administrator, P. O. Box 12983, Birmingham, Alabama 35202-2983.

If you are a Class Member, you have the right to exclude yourself from the class action and the settlement by mailing a written notice that you intend to opt-out or request exclusion from the settlement. Such a request for exclusion must: (1) be personally signed by you; (2) contain your name, address and telephone number and a statement that you wish to be excluded from the settlement; (3) contain a reference to "In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, Case No. 03-0425", and (4) be mailed to: CBNV-GNB Settlement Administrator, P.O. Box 12983, Birmingham, Alabama 35202-2983, and received by October 1, 2003.

A final settlement hearing will be held on November 14, 2003, at 10:00 a.m., at the United States District Court for the Western District of Pennsylvania, Seventh and Grant Streets, in Pittsburgh, Pennsylvania. At that hearing the Court will consider whether the settlement will be finally approved and whether to award attorneys fees and other amounts to class counsel and to the Named Plaintiffs as provided in the settlement agreement. If you are a member of the Class, you have a right to appear at the hearing if you comply with the requirements in the Class Mail Notice for stating an intention to appear. You also have a right to file objections to any aspect of the settlement, and those objections will be considered at the final settlement hearing. To object to all or part of the settlement, you must file a written objection, with reasons, with the Court and serve objections on the attorneys for the parties so that it is received by them by October 1, 2003, all as directed in the Class Mail Notice.

Do not telephone the clerk of the court regarding this matter. You may obtain further information by calling the toll-free information line set up for Class Members by Plaintiffs' Counsel at 1-888-577-6537.

BY ORDER OF THE UNITED STATES DISTRICT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, HONORABLE GARY L. LANCASTER.

*Tilghman Decl. Ex. B*

USA TODAY · THURSDAY, AUGUST 14, 2003 · 7D

## LEGAL NOTICE

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

In re: Community Bank of Northern
Virginia And Guaranty National Bank of Tallahassee    )    C. A. No. 03-0425
Second Mortgage Loan Litigation                        )

### SUMMARY NOTICE OF PENDENCY AND PROPOSED
### SETTLEMENT OF CLASS ACTION AND HEARING

To:    Certain Persons Who Obtained Second Mortgage Loans From Community Bank of Northern
Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB").

This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order of this Court. The purpose of this Notice is to inform you of this class action and its proposed settlement.

Plaintiffs in this case allege that CBNV and GNB violated certain federal and state laws in connection with the fees and interest charged on second mortgage loans. These claims are asserted against the Defendants CBNV, GNB and Residential Funding Corporation ("RFC"). (CBNV, GNB and RFC shall be referred to as "Defendants" in this Notice.) CBNV and GNB are named as defendants in the litigation because they originated and/or made the challenged second mortgage loans. RFC is named because it allegedly purchased the loans from CBNV and GNB.

The settlement of this class action, if approved by the Court, will cover a Class of persons defined as:

Any person: (i) who entered into a loan agreement with CBNV and/or GNB; (ii) whose loan was secured by a second mortgage or deed of trust on property located in the United States; (iii) whose loan was purchased by RFC; and (iv) who was not a member of the class certified in the action captioned Baxter v. Guaranty National Bank, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

Each qualifying Class Member will be entitled to receive a settlement payment in amounts ranging from $250 to $925. If the settlement is approved, Class Members who do not exclude themselves (as described below) will release CBNV, GNB, RFC and certain other parties in connection with loans covered by the settlement.

On or about August 1, 2003, Class Mail Notices describing the settlement in more detail were mailed to those persons whom Defendants could identify as members of the Class eligible to receive settlement payments. These Class Mail Notices contain important information regarding the rights of all Class Members and set forth deadlines that must be met to preserve certain rights.

To request a free copy of the Class Mail Notice, please send a written request including your name, current address and social security number to: CBNV-GNB Settlement Administrator, P. O. Box 12983, Birmingham, Alabama 35202-2983.

If you are a Class Member, you have the right to exclude yourself from the class action and the settlement by mailing a written notice that you intend to opt-out or request exclusion from the settlement. Such a request for exclusion must: (1) be personally signed by you; (2) contain your name, address and telephone number and a statement that you wish to be excluded from the settlement; (3) contain a reference to "In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, Case No. 03-0425"; and (4) be mailed to: CBNV-GNB Settlement Administrator, P.O. Box 12983, Birmingham, Alabama 35202-2983, and received by October 1, 2003.

A final settlement hearing will be held on November 14, 2003, at 10:00 a.m., at the United States District Court for the Western District of Pennsylvania, Seventh and Grant Streets, in Pittsburgh, Pennsylvania. At that hearing the Court will consider whether the settlement will be finally approved and whether to award attorneys fees and other amounts to class counsel and to the Named Plaintiffs as provided in the settlement agreement. If you are a member of the Class, you have a right to appear at the hearing if you comply with the requirements in the Class Mail Notice for stating an intention to appear. You also have a right to file objections to any aspect of the settlement, and those objections will be considered at the final settlement hearing. To object to all or part of the settlement, you must file a written objection, with reasons, with the Court and serve objections on the attorneys for the parties so that it is received by them by October 1, 2003, all as directed in the Class Mail Notice.

Do not telephone the clerk of the court regarding this matter. You may obtain further information by calling the toll-free information line set up for Class Members by Plaintiffs' Counsel at 1-888-577-6587.

BY ORDER OF THE UNITED STATES DISTRICT FOR THE WESTERN DISTRICT OF PENNSYLVANIA, HONORABLE GARY L. LANCASTER.

*Tilghman Decl. Ex. C*