# Exhibit 6

IN THE UNITED STATES DISTRICT COURT OF THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA AND GUARANTY NATIONAL BANK SECOND MORTGAGE LITIGATION | MDL No. 1674<br><br>Case No. 03-0425<br><br>Honorable Gary L. Lancaster |

## DECLARATION OF L. STEPHENS TILGHMAN

I, L. Stephens Tilghman do hereby declare and state as follows:

1.  My name is L. StephensTilghman and I have personal knowledge of the facts set forth below.

2.  I am President of Tilghman & Co., P.C. ("Tilghman & Co."). Tilghman & Co. has provided settlement administration services for class action settlements since 1994. Since then, we have served as the settlement or claims administrator for over two hundred twenty five (225) class action settlements, in both federal and state courts.

3.  Tilghman & Co. has served as the settlement administrator in *In Re Community Bank Of Northern Virginia And Guaranty National Bank Of Tallahassee Second Mortgage Loan Litigation*, Civil Action No. 03-0425, in which Community Bank of Northern Virginia, Guaranty National Bank of Tallahassee, and Residential Funding Corporation are the defendants (hereinafter referred to as "Defendants").

4.  Defendants provided Tilghman & Co. with two electronic files containing the names and addresses of the loans made to class members. Tilghman & Co. combined the files, then excluded borrowers within the Baxter v. Guaranty National Bank of Tallahassee settlement class. The result was a list of 44,535 loans.

EXHIBIT 1

5. Tilghman & Co. attempted to update the last known addresses of all borrowers on this list by use of the United States Postal Service's National Change of Address (NCOA) database. In addition to updating mailing addresses through the NCOA process, the following U.S. Postal Service tools were used as standard procedure: "Address Element Correction," "Delivery Point Validation," and "Delivery Sequence Files."

6. If the NCOA database did not have an updated address for a class member, Tilghman & Co. submitted those names and addresses to the Trans Union database for updated address information.

7. On April 1, 2008, after this updating process was complete, Tilghman & Co. oversaw the mailing of the Court-approved Notice of Class Action Settlement and Hearing (the "Class Mail Notice") to the updated addresses. The Class Mail Notice was sent via Presorted First Class U.S. Mail postage paid ("Presorted First Class Mail"). Presorted First Class Mail is First Class in its delivery and return characteristics.

8. A copy of the Class Mail Notice is attached as Exhibit A. As shown on Exhibit A, the Class Mail Notices bore the legends on the front and back that are described in the Revised Notice Plan.

9. If the U.S. Postal Service could not deliver a Class Mail Notice, it returned it to the Settlement Administrator. In some instances, the U.S. Postal Service included updated address information on the returned mail. Tilghman & Co. recorded as undeliverable any Class Mail Notices that were returned by the Postal Service.

10. When the Postal Service provided a newer address, Tilghman & Co. updated its data files to reflect the newer address. The names and old addresses of persons whose notices were returned as undeliverable were sent electronically to Trans Union Corporation for

additional address information. In those situations where Trans Union Corporation indicated a newer address, Tilghman & Co. updated its data files to reflect the newer address.

11. Notices were subsequently mailed on an ongoing basis to class members at any newer address supplied by the Post Office or by Trans Union Corporation.

12. Of the 44,535 Class Mail Notices mailed by Tilghman & Co., 3,048 of them could not be delivered even after Tilghman & Co. made the efforts to update addresses that are described above.

13. Tilghman & Co. caused the Publication Notice to be published pursuant to the Revised Notice Plan on April 15, 2008, and April 16, 2008, in the national edition of the *USA Today* newspaper. A true and correct copy of the Publication Notice and the Verification of Publication from a representative of *USA Today* are attached as Exhibit B.

14. Tilghman & Co. also arranged for the creation of a Internet website with the URL www.cbnv-gnbtsettlement.com.

I declare the foregoing to be true and correct under penalty of perjury pursuant to the laws of the United States.

EXECUTED THIS 27th day of June, 2008, at Birmingham, Alabama.

_____
L. Stephens Tilghman

IF YOU OBTAINED A SECOND MORTGAGE FROM
COMMUNITY BANK OF NORTHERN VIRGINIA AND/OR
GUARANTY NATIONAL BANK OF TALLAHASSEE, YOU
COULD GET PAYMENT FROM A CLASS ACTION SETTLEMENT.

CBNV-GNB Settlement Administrator
P.O. Box 12983
Birmingham, AL 35202-2983

NOTICE TO THOSE WHO OBTAINED A SECOND MORTGAGE FROM
COMMUNITY BANK OF NORTHERN VIRGINIA AND/OR
GUARANTY NATIONAL BANK OF TALLAHASSEE

PRESORTED
FIRST CLASS
US POSTAGE
PAID
PERMIT #2
BIRMINGHAM, AL


EXHIBIT A

<u>UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA</u>

IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA AND GUARANTY NATIONAL BANK OF TALLAHASSEE SECOND MORTGAGE LOAN LITIGATION
CASE NO.: 03-0425

NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

- All persons: (i) who entered into a loan agreement with Community Bank of Northern Virginia and/or Guaranty National Bank of Tallahassee; (ii) whose loan was secured by a second mortgage or deed of trust on property located in the United States; (iii) whose loan was purchased by Residential Funding Corporation ("RFC"); and (iv) who was **not** a member of the class certified in the action titled <u>Baxter v. Guaranty National Bank</u>, Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina, may be eligible to receive payments under the class action settlement.

- A modified settlement has been proposed in the above-identified class action lawsuit related to fees and interest charged on certain second mortgage loans. The Court has entered an order and opinion preliminarily approving the modified settlement. This modified settlement makes available additional cash relief for eligible class members, beyond the proposed cash relief that was to be made available in a prior proposed settlement of this lawsuit. Certain mortgage borrowers who entered into second mortgage loan agreements with Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB") **ARE ELIGIBLE TO RECEIVE MONEY** once the settlement is approved, as described below. If you qualify, you will receive an automatic cash payment, and you might be eligible to receive additional cash payments if you satisfy certain requirements. You can also elect to exclude yourself from the settlement, or object to it.

- Court-appointed lawyers for the class will ask the Court for attorneys' fees, expenses and costs, not to exceed the amount of $7,500,000 to be paid separately by the Defendants. If so ordered by the Court, the Defendants may also pay up to an additional $2,000,000 in attorneys' fees and costs to other attorneys.

- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

<u>YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:</u>

| | |
|---|---|
| **DO NOTHING AT THIS TIME.** | If you do nothing, you are agreeing to participate in the settlement. A check (and a claim form you can fill out to claim an additional payment) will be mailed to you once the settlement is approved. By selecting this option, you are giving up your rights to sue CBNV, GNB, RFC, and certain other persons and companies. |
| **EXCLUDE YOURSELF** | If you ask to be excluded from the settlement, **you will not receive any cash payments from the settlement.** By selecting this option, you keep any rights to sue CBNV, GNB, RFC, and the other persons and companies about the banks' second mortgage programs. |
| **OBJECT** | Participate in the settlement, but write to the Court about why you do not like it. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

- These rights and options – and the deadlines to exercise them – are explained in this notice.

- The Court still has to decide whether to grant final approval of the settlement. Payments will be made once the Court grants final approval and any appeals from that order are resolved. No payments will be made if the Court does not grant final approval to the settlement, or if the settlement is reversed or undone on appeal.

### 1. Why did I get this notice?
Mortgage records show that CBNV and/or GNB originated or made a second mortgage loan to you.

### 2. What is this lawsuit about?
The Named Plaintiffs, on behalf of all members of the class, have asserted that **COMMUNITY BANK OF NORTHERN VIRGINIA and GUARANTY NATIONAL BANK OF TALLAHASSEE** violated certain federal and state laws in connection with the fees and interest charged on second mortgage loans, as specifically set forth in the Consolidated Amended Class Action Complaint on file and available at the Court at 700 Grant Street, Suite 3100, Pittsburgh, PA 15219. CBNV and GNB are named as Defendants because they allegedly originated and/or made the loans at issue. RFC is named as a Defendant because it allegedly purchased the loans from CBNV and GNB. CBNV, GNB (through its receiver, Federal Deposit Insurance Corporation), and RFC all deny any liability or wrongdoing.

### 3. What is a class action and who is involved?
In a class action, one or more people called "Class Representatives," sue on behalf of people who have similar claims. All these people are a "Class" or "Class Members." The Named Plaintiffs who sued – and all the Class Members like them – are called the Plaintiffs. The companies the Named Plaintiffs sued are called the Defendants. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. U.S. District Judge Gary L. Lancaster is in charge of this class action. The Court decided that this lawsuit can be settled on a class-wide basis.

### 4. What does the lawsuit complain about? What are the Defendants' responses?
In the lawsuit, the Plaintiffs allege that CBNV and GNB violated federal and state laws in connection with the fees and interest charged on second mortgage loans. Specifically, the Plaintiffs allege that CBNV and GNB violated the Real Estate Settlement Procedures Act (12 U.S.C. § 2607) ("RESPA"), the Racketeering Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1962(c), (d) ("RICO"), and the laws of various states in connection with the fees and interest rates disclosed and charged on certain second mortgage loans. The Plaintiffs allege that RFC is liable for some or all of those alleged violations of the law because it purchased the loans from CBNV and RFC.

CBNV, GNB, and RFC all deny that they violated any federal or state law in connection with the banks' second mortgage loan programs.

### 5. Why is there a settlement?
The Court did not decide in favor of the Plaintiffs or the Defendants. The Plaintiffs think they could have prevailed at a trial. The Defendants think the Plaintiffs would not have prevailed at trial. But there was no trial. Instead, both sides agreed to a settlement. That way, they avoid the risk and expense of a trial, and the people affected will receive cash payments. The Class Representatives and the attorneys for the Class think the settlement is best for all Class Members.

### 6. How do I know if I am part of the settlement?
Judge Lancaster decided that everyone who fits this description is a Class Member:

All persons:

(i) who entered into a loan agreement with Community Bank of Northern Virginia and/or Guaranty National Bank of Tallahassee;

(ii) whose loan was secured by a second mortgage deed or trust on property located in the United States;

(iii) whose loan was purchased by Residential Funding Corporation; and

(iv) who were **not** members of the class certified in the action captioned <u>Baxter v. Guaranty National Bank</u>, et al., Case No. 01-CVS-009168, in the General Court of Justice, Superior Court Division of Wake County, North Carolina.

**7.    I'm still not sure if I am included.**

If you are still not sure whether you are included, you can ask for free help. You can call 1-888-577-6537.

**8.    What does the settlement provide?**

The settlement provides for payments to Class Members as follows:

The Defendants have agreed to pay money to settle the litigation. The money they are going to pay is called the "Settlement Funds." If you (and any co-borrowers on your loan) participate in the settlement, you will receive your share of the Settlement Funds based upon a formula developed with the Plaintiffs' attorneys. The specific amounts to be paid are as follows:

(1)    If you (and any co-borrowers) obtained a second mortgage loan from CBNV on or after May 1, 2000, you (and any co-borrowers) are eligible to receive a single payment in the amount of $600.00.

(2)    If you (and any co-borrowers) obtained a second mortgage loan from CBNV prior to May 1, 2000, you (and any co-borrowers) are eligible to receive a single payment in the amount of $250.00.

(3)    If you (and any co-borrowers) obtained a loan from CBNV secured by a second mortgage on property located in Colorado, Idaho, Illinois, Indiana, Iowa, Kansas, Maine, Maryland, Missouri, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Utah, Washington, Wisconsin or Wyoming, you (and any co-borrowers) are eligible to receive a single payment in the amount of $325.00, in addition to any amounts you may receive under (1) or (2) above.

(4)    If you (and any co-borrowers) obtained a second mortgage loan from GNB on or after September 19, 2001, you (and any co-borrowers) are eligible to receive a single payment in the amount of $600.00.

(5)    If you (and any co-borrowers) obtained a second mortgage loan from GNB prior to September 19, 2001, you (and any co-borrowers) are eligible to receive a single payment in the amount of $250.00.

(6)    If you (and any co-borrowers) obtained a loan from GNB secured by a second mortgage on property located in Colorado, Idaho, Illinois, Indiana, Iowa, Kansas, Maine, Maryland, Missouri, New Jersey, North Carolina, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Utah, Virginia, Washington, Wisconsin or Wyoming, you (and any co-borrowers) are eligible to receive a single payment in the amount of $325.00, in addition to any amounts you may receive under (4) or (5) above.

(7)    If you (and any co-borrowers) obtained a second mortgage loan from CBNV prior to May 1, 2000, or if you (and any co-borrowers) obtained a second mortgage loan from GNB prior to September 19, 2001, you (and any co-borrowers) may be eligible to receive an additional payment in the amount of $302.00, in addition to any amounts you may receive under (1) – (6) above. If you (and any co-borrowers) decide to stay with the Class, you will receive a separate mailing describing the evidence you need to submit to qualify for this additional payment. You will receive this mailing at the time you receive payment of any amounts you may receive under (1) – (6) above.

(8) If you (and any co-borrowers) satisfy the criteria listed below, you (and any co-borrowers) may be eligible to receive an additional payment in the amount of $332.00. If you (and any co-borrowers) decide to stay with the Class, you will receive a separate mailing describing the evidence you need to submit to qualify for this additional payment. You will receive this mailing at the time you receive payment of any amounts you may receive under (1) – (7) above.

### 9. How do I participate in the settlement?

If you want to participate in the settlement, you do not need to do anything now. If the settlement is approved, a check will be mailed to you. That mailing will also include a Proof of Claim Form that you can complete and mail back by the deadline on the Form to be eligible for one or more additional payments (those described in paragraphs (7) and (8) above). Failure to fully follow the procedures will result in a class member not receiving all relief to which he would be entitled, but nonetheless being bound by any judgments, orders and releases in this case.

### 10. When would I get my payment(s)?

The Court will hold a hearing on **June 30, 2008, at 9:30 a.m.** to decide whether to finally approve the settlement. If Judge Lancaster approves the settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient. If you change addresses in the interim, please inform the Settlement Administrator or Class Counsel, at the addresses listed in paragraphs 12 and 22 below.

### 11. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself from the Class, you are staying in the Class. That means that you cannot sue, continue to sue, or be part of any other lawsuit against CBNV, GNB, RFC, and certain other persons and companies about the banks' second mortgage programs, including, but not limited to, the fees and interests charged on second mortgage loans. Specifically, you will be releasing all "Released Persons" from all "Settled Claims." Settled Claims are defined as:

> [A]ny and all claims, demands, actions, causes of action, rights, offsets, suits, damages, lawsuits, liens, costs, losses, expenses or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive or declaratory relief, or for reimbursement of attorneys' fees, costs or expenses, whether known or unknown alleged or not alleged in the Litigation, suspected or unsuspected, contingent or vested, which the Named Plaintiffs or any member of the Plaintiff Class has had, now has, or may have in the future which were or could have been raised in the Litigation and which arise out of or are related in any way with CBNV's Second Mortgage Loan Program and/or GNB's Second Mortgage Loan Program, including, but not limited to, any claims arising out of the fees or interest rates charged in connection with CBNV's Second Mortgage Loan Program and/or GNB's Second Mortgage Loan Program, alleged representations, misrepresentations, disclosures, incorrect disclosures, failures to disclose, acts (legal or illegal), omissions, failures to act, deceptions, acts of unconscionability, acts of illegality, unfair business practices, breaches of contract, usury, unfulfilled promises, breaches of warranty or fiduciary duty, conspiracy, excessive fees collected, or violations of any consumer protection statute, any state unfair trade practice statute, or any other body of case or statutory law or regulation, federal or state, including but not limited to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and its implementing regulation, 12 C.F.R. part 226; the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 *et seq.*, and its implementing regulation, 12 C.F.R. part 226.31-32; the Real Estate Settlement Procedures Act 12 U.S.C. § 2601, and its implementing regulation, 24 C.F.R. part 3500; the Equal Credit Opportunity Act, 15 U.S.C. §1691 *et seq.*, and its implementing regulation, 12 C.F.R. part 202; the Home Mortgage Disclosure Act, 12 U.S.C. § 2801, et seq., and its implementing regulation, 12 C.F.R. part 203; the Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*; the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*; the Fair Debt Collection Practices Act, §§ 1691, *et seq.*; and the Federal Trade Commission Act, 15 U.S.C. §§ 45, *et seq.*, and all claims for rescission or for general, special, and punitive damages, as well as any and all claims for treble damages, penalties, attorneys' fees, and costs of suit.

Among other things, you would be releasing the Released Persons from Settled Claims, even if you later discover facts in addition to or different from the facts you now know or believe to be true with respect to the

subject matter of the release. You would also be giving up any right you may have had to assert the Settled Claims as a defense in any other action, or in defense of efforts or proceedings that seek to require you to repay your loan.

Any claims arising out of future conduct, such as failure to credit a future payment are **not** released.

"Released Persons" are defined to include:

> Defendants and any entities or persons in any way involved in the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program, including but not limited to: Title America, LLC; Equity Plus, LLC; Equity Guaranty, LLC; Homecomings Financial Network, Inc.; J.P. Morgan Chase Bank as Indenture Trustee; any closing agents or other providers of services in connection with Class Members' CBNV or GNB loans; any servicers of Class Members' CBNV and GNB loans; any assignees of Class Members' CBNV or GNB loans and any trustees or trusts which hold or have held any loans provided to Class Members pursuant to the CBNV Second Mortgage Loan Program and/or the GNB Second Mortgage Loan Program; and each of their affiliated, subsidiary, and parent companies, doing business in their own names, and all of their respective officers, directors, partners, insurers, employees, associates, trustees, agents, accountants, attorneys, predecessors, successors and assigns.

If you want more information about the scope of the Settled Claims you would be releasing if you participate in the Settlement, you should consult the Settlement Agreement, which is available at www.CBNV-GNBTsettlement.com.

In addition, if you stay in the Class, all of the Court's orders will apply to you and legally bind you.

### 12.    Can I exclude myself from the Class?

If you do not wish to participate in this settlement, you must notify Class Counsel and Counsel for the Defendants in writing that you wish to be excluded from the Class. Your request to be excluded from the settlement Class must contain the following information: (1) the name of class member; (2) the current address of the class member; and (3) the date signed. No request for exclusion can be made on behalf of a group of class members. If you are represented by an attorney, your attorney may submit a request for exclusion on your behalf, provided that the attorney includes with the filing a power of attorney signed by you.

**You must file your request for exclusion with the Clerk of Courts no later than June 17, 2008, at:**

> Clerk of Court
> U.S. District Court for the Western District of Pennsylvania
> U.S. Courthouse, 3d Floor
> Pittsburgh, PA 15219

You must ask the Clerk to file your request in the Court's official records of the case. **You also must mail your exclusion request postmarked no later than June 17, 2008, to the Settlement Administrator at:**

> CBNV-GNB Settlement Administrator
> P.O. Box 12983
> Birmingham, AL 35202-2983

If you ask to be excluded from the Settlement Class, you will not receive a payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendants in the future. A request by one borrower to exclude himself/herself from the settlement will also exclude any other co-borrowers on the same loan.

### 13.    If I don't exclude myself, can I sue the Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for all Settled Claims (the definition of which appears in paragraph 11 above). If you have a pending lawsuit involving any claim that

might fall within the definition of Settled Claims, speak to your lawyer in that case immediately, because you must exclude yourself from *this* Class to continue your own lawsuit. If you have a pending lawsuit on matters that are not within the definition of Settled Claims, you may continue that lawsuit even if you do not exclude yourself from this Class.

### 14. If I exclude myself, can I get a payment from this Settlement?
No. If you exclude yourself, you will not receive any payment from this Settlement.

### 15. Do I have a lawyer in this case?
The Court designated R. Bruce Carlson and Gary Lynch from the law firm of Carlson Lynch Ltd., and Daniel Myers and A. Hoyt Rowell, III of Richardson, Patrick, Westbrook & Brickman, LLC, to represent you and other Class Members. These lawyers are called Class Counsel. These lawyers will be paid as set forth in the following paragraph. If you want to be represented by your own lawyer, you may hire one at your own expense. If you have your own lawyer, he or she can enter an appearance in this case.

### 16. How will these lawyers be paid?
Class Counsel will ask the Court to approve payment of attorneys' fees and expenses not to exceed the amount of $7,500,000. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. In addition, Class Counsel will ask for payment of $1,500 to each of the Named Plaintiffs for their services as Class Representatives. The Defendants will separately pay these fees and expenses. Any payments that the Court awards to the Named Plaintiffs will be paid out of the attorney's fees award. The Defendants have agreed not to oppose these fees and expenses. If so ordered by the Court, the Defendants will pay up to an additional $2,000,000 in attorneys' fees and costs to other attorneys. These payments will be separate and apart from the amount of money being made available to the Class, and will not reduce the amount of money paid to the Class in any way.

### 17. How can I object to the Settlement?
If you are a Class Member, you can object to any part of the settlement that you don't like. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter that you object to *In re: Community Bank of Northern Virginia and Guaranty National Bank Second Mortgage Litigation*, Case No. 03-425. Be sure to include your name, address, telephone number, **your signature**, and the reasons you object to the settlement. If you are represented by an attorney, your attorney may submit an objection on your behalf, provided that the attorney includes with the filing a power of attorney signed by you. **You must file your objection with the Clerk not later than June 17, 2008 (at the address below). You must also mail your objection, postmarked not later than June 17, 2008, to each of the other addresses listed below:**

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>U.S. District Court for the<br>Western District of Pennsylvania<br>U.S. Courthouse, 3d Floor<br>Pittsburgh, PA 15219<br><br>**You must ask the Clerk to file your Objection in the Court's official records of the case.** | R. Bruce Carlson<br>Gary F. Lynch<br>Carlson Lynch Ltd.<br>36 N. Jefferson Street<br>P.O. Box 7635<br>New Castle, PA 16107<br><br>A. Hoyt Rowell, III<br>Daniel O. Myers<br>Richardson, Patrick, Westbrook & Brickman, LLC<br>1037 Chuck Dawley Blvd. Bldg. A<br>P.O. Box 1007<br>Mount Pleasant, SC 29465 | Thomas L. Allen<br>Roy W. Arnold<br>Reed Smith LLP<br>435 Sixth Avenue<br>Pittsburgh, PA 15219<br><br>F. Douglas Ross<br>Odin Feldman & Pittleman P.C.<br>9302 Lee Highway, Suite 1100<br>Fairfax, VA 22031<br><br>Wendy Kloner<br>Federal Deposit Insurance Corporation<br>3501 Fairfax Drive<br>Room D7118<br>Arlington, VA 22226 |

If you do not follow these instructions, the Court may not consider your objections.

**18.    What's the difference between objecting and excluding?**
Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

**19.    When and where will the Court decide whether to approve the Settlement?**
The District Court will hold a hearing to decide whether to approve the settlement. This "Fairness Hearing" will be held on **June 30, 2008, at 9:30 a.m.**, at the Court, 700 Grant Street, Pittsburgh, PA 15219. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections or requests to be heard, the Court may consider them at the hearing. The Court may also decide the amount of attorneys' fees and costs to be paid to Class Counsel.

**20.    Do I have to come to the Hearing?**
No. Class Counsel will answer any questions Judge Lancaster may have. But, you are welcome to come at your own expense. If you file an objection with the Court, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time to all of the addresses listed in paragraph 17 above, the Court will consider it. You may also pay your own lawyer to attend at your own expense, but it's not necessary.

**21.    May I speak at the hearing?**
You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *In re: Community Bank of Northern Virginia and Guaranty National Bank Second Mortgage Litigation*." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be filed with the Clerk of the Court no later than June 23, 2008. You must also mail your Notice of Intention to Appear, postmarked not later than June 23, 2008, to Class Counsel, and Defense Counsel at the addresses in paragraph 17 above. You cannot speak at the hearing if you excluded yourself from the settlement.

**22.    How do I get more information?**
The foregoing is only a summary of the circumstances surrounding the litigation, the claims asserted, the class, the settlement, and related matters. You may seek the advice and guidance of your own private attorney, at your own expense, if you desire. For more detailed information, you may review the pleadings, records, and other papers on file in this litigation, which may be inspected during regular business hours at the Court, 700 Grant Street, Pittsburgh, PA, 15219. If you wish to communicate with Class Counsel, you may do so by writing to R. Bruce Carlson of Carlson Lynch Ltd., 36 N. Jefferson Street, P.O. Box 7635, New Castle, PA, 16107 or Daniel O. Myers of Richardson, Patrick, Westbrook & Brickman, LLC, 1037 Chuck Dawley Blvd., Bldg. A, P.O. Box 1007, Mount Pleasant, SC 29465. Alternatively, you may call the offices of the firm at its toll free number 1-888-577-6537, or go to its website, www.rpwb.com. You may also consult www.CBNV-GNBTsettlement.com.

So Ordered.

/s/The Honorable Gary L. Lancaster
United States District Court Judge



7950 Jones Branch Drive • McLean, Virginia 22108
(703) 854-3400



## VERIFICATION OF PUBLICATION

COMMONWEALTH OF VIRGINIA
COUNTY OF FAIRFAX

Being duly sworn, Marcus Edmonds says that he is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: April 15th and 16th 2008 on the following legal advertisement- **IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA and GUARANTY NATIONAL BANK OF TALLAHASSEE SECOND MORTGAGE LITIGATION**  published in the national edition of USA Today.

Principal Clerk of USA TODAY
April 16 2008

This 16th day of April month
2008 year.

Notary Public

Commonwealth of Virginia
Karen R. Levy - Notary Public
Commission No. 287084
My Commission Expires 02/29/2012

EXHIBIT
B

**LEGAL NOTICES**

This notice may affect your rights.
Please read carefully.

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE: COMMUNITY BANK OF NORTHERN VIRGINIA and GUARANTY NATIONAL BANK OF TALLAHASSEE SECOND
MORTGAGE LITIGATION
Case No.: 03-0425

IF YOU OBTAINED A SECOND MORTGAGE FROM COMMUNITY BANK OF NORTHERN VIRGINIA
AND/OR GUARANTY NATIONAL BANK OF TALLAHASSEE, YOU COULD GET PAYMENT
FROM A CLASS ACTION SETTLEMENT.

SUMMARY NOTICE OF CERTIFIED CLASS ACTION SETTLEMENT

A modified settlement has been proposed in the above-identified class action lawsuit related to fees and interest charged on certain second mortgage loans. The Court has entered an order and opinion preliminarily approving the modified settlement. This settlement makes available additional cash relief for eligible class members, beyond the proposed cash relief that was to be made available in a prior proposed settlement of this lawsuit. Certain mortgage borrowers who entered into second mortgage loan agreements with Community Bank of Northern Virginia ("CBNV") and/or Guaranty National Bank of Tallahassee ("GNB") ARE ELIGIBLE TO RECEIVE MONEY, as set forth below. If you qualify, you will receive some cash relief automatically, and you might be eligible to receive additional cash relief if you satisfy certain requirements. You can also elect to exclude yourself from the settlement, or object to it.

**WHO IS INCLUDED?**
You are a class member and you will qualify for cash relief if: (i) you entered into a loan agreement with CBNV and/or GNB; (ii) your loan was secured by a second mortgage or deed of trust on property located in the United States; (iii) your loan was purchased by Residential Funding Corporation ("RFC"); and (iv) you were not a member of the class certified in the action titled Baxter v. Guaranty National Bank, Case No. 01-CVS-009168, in the General Court of Justice, Superior Court of Wake County, North Carolina.

To see and print the Full Notice that provides more detailed information about the modified settlement, go to www.CBNV-GNBTsettlement.com.

**WHAT IS THIS ABOUT?**
The Named Plaintiffs, on behalf of all members of the class, have asserted that COMMUNITY BANK OF NORTHERN VIRGINIA and GUARANTY NATIONAL BANK OF TALLAHASSEE violated certain federal and state laws in connection with the fees and interest charged on second mortgage loans, as specifically set forth in the Consolidated Amended Class Action Complaint on file and available at the Court at 700 Grant Street, Suite 3100, Pittsburgh, PA 15219. CBNV and GNB are named as defendants in the lawsuit because they originated and/or made the challenged second mortgage loans. RFC is named because it allegedly purchased the loans from CBNV and GNB. CBNV, GNB (through its receiver, the Federal Deposit Insurance Corporation), and RFC all deny any liability or wrongdoing.

**WHAT DOES THE SETTLEMENT PROVIDE?**
Under the terms of the original settlement, all class members will receive an automatic cash payment ranging from $250.00 to $925.00. The specific amount any class member is entitled to receive automatically will depend on: (1) whether the loan was with CBNV or GNB; (2) the date of the loan; and (3) the state in which the class member resided at the time he or she obtained the loan. Certain class members also will be eligible to receive an additional payment of $302.00 if they properly complete and timely return a claim form that will be sent to them with the automatic payment.

In addition, under the terms of the modified settlement, all class members who properly complete and timely return the claim form also will be eligible to receive an additional payment of $332.00.

If the settlement is approved, class members who do not exclude themselves (as described below) will release CBNV, GNB, RFC and certain other persons and companies from a broad range of claims relating to CBNV's and GNB's second mortgage loan programs.

**HOW DO YOU RECEIVE PAYMENT?**
If you would like to participate in the settlement and receive payment(s) as described above, you do not need to do anything now. If the settlement is approved, a check will be mailed to you. That mailing will also contain instructions telling you what you need to do (and when) to be eligible for potential additional payments.

**WHAT ARE YOUR OTHER OPTIONS?**
If you do not want to receive the benefits of this settlement and be legally bound by the settlement, you must exclude yourself by June 17, 2008, or you will not be able to sue, or continue to sue, CBNV, GNB, RFC, and certain others about the banks' second mortgage loan programs, including, but not limited to, any claims arising out of the fees or interest rates disclosed or charged on second mortgage loans. To exclude yourself, you must submit a personally signed request, including your name, address and telephone number stating that you do not wish to be part of the Class. No request for exclusion can be made on behalf of a group of class members. If you are represented by an attorney, your attorney may submit a request for exclusion on your behalf, provided that the attorney includes with the filing a power of attorney signed by you. If you exclude yourself, you won't receive any payment from the settlement. If you stay in the settlement, but have objections to it, you must file those objections with the Court by June 17, 2008.

A notice of the original proposed settlement of this lawsuit was originally given in 2003. If you objected to the settlement at that time, you must renew your objection by the deadlines set forth above in order to preserve them. If you do not do so, the Court will conclude that you want to participate in the modified settlement, without objection.

The Full Notice contains important information regarding the rights, obligations, requirements, and deadlines for class members to participate in the settlement, to be excluded from the settlement, or to object.

The Court will hold a hearing in this case (In re: Community Bank of Northern Virginia and Guaranty National Bank of Tallahassee Second Mortgage Loan Litigation, Case No. 03-0425), at the U.S. Courthouse at 700 Grant Street, Pittsburgh, PA 15219, on June 30, 2008, at 9:30 a.m., to consider whether to approve the settlement, and to consider a request from the lawyers representing all class members for attorneys' fees, expenses and costs, not to exceed $7,500,000. If so ordered by the Court, the Defendants may also pay up to an additional $2,000,000 in attorneys' fees and costs to other attorneys. Any fee the Court approves will be separate and apart from the amount of money being made available to the class, and will not reduce the amount of money paid to the class in any way. You may ask to appear at the hearing, but you do not have to.

YOU CAN OBTAIN MORE INFORMATION REGARDING THE MODIFIED SETTLEMENT BY CALLING THE TOLL-FREE INFORMATION LINE SET UP FOR CLASS MEMBERS BY CLASS COUNSEL AT 1-888-577-6537. YOU CAN ALSO OBTAIN MORE INFORMATION AT WWW.CBNV-GNBTSETTLEMENT.COM OR WWW.RPWB.COM.

This notice is not to be construed as an expression of any opinion by the District Court with respect to the merits of the respective claims or defenses of the parties.

So Ordered.
/s/The Honorable Gary L. Lancaster
United States District Court Judge

IF YOU HAVE ANY QUESTIONS OR CONCERNS, ADDRESS ALL INQUIRIES IN THE MANNER SET FORTH ABOVE. THE COURT AND THE CLERK WILL NOT ANSWER LEGAL QUESTIONS FROM INDIVIDUAL CLAIMANTS. BY ISSUING THIS NOTICE, THE COURT EXPRESSES NO OPINION AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED IN THIS CIVIL ACTION. PLEASE DO NOT CONTACT THE COURT.