## **EXHIBIT 2**

West Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF PAMELA E. WEST IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO APPOINT LEWIS KRUGER AS CHIEF RESTRUCTURING OFFICER**

I, Pamela E. West, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am a member of the Board of Directors (the "Board") of Residential Capital, LLC ("ResCap"), the parent debtor in the above-captioned Chapter 11 cases commenced on May 14, 2012 (the "Petition Date"). I have been a director and served on the Board of ResCap and its committees in various capacities since May 2009. I received a BA in Political Science/History from Hiram College in 1967. Beginning in 1975 and continuing through January 2005, I worked in the financial services industry and held senior executive positions at major financial institutions, including Bank of America and its predecessor banks, in which I oversaw teams of personnel charged with risk management, asset/liability planning, and cash management. Since then, I have served as a director for financial service companies.

2. Based on my service on the ResCap Board and in connection with my responsibilities as member of the Board's compensation committee and Chair of the audit

1

ny-1076152

committee, I am familiar with the businesses of ResCap and the other above-captioned debtors (collectively, the "Debtors").

3. I submit this declaration to support the relief requested in *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for an Order Authorizing the Debtors to Appoint Lewis Kruger as Chief Restructuring Officer* (the "Motion"). Unless otherwise indicated, all facts set forth in this declaration are based upon (i) my personal knowledge of the Debtors' current operations, (ii) information learned from my review of relevant documents, and (iii) information that I received from the Debtors' management or advisors. I am authorized to submit this declaration on behalf of the Debtors, and if I were called upon to testify, I could and would testify competently to the facts set forth herein.

4. At various points over the course of these Chapter 11 cases, the Board considered whether the retention of a chief restructuring officer to assist senior management in the Debtors' restructuring efforts was in the best interests of the Debtors and their estates. Following an extensive diligence and interview process, on February 7, 2013, the Board, by unanimous vote and in its business judgment, selected Mr. Kruger as the chief restructuring officer of ResCap to perform the CRO Duties.[1] The Board believes that it is in the best interests of the Debtors and their estates to appoint Mr. Kruger as chief restructuring officer to the Debtors at this juncture.

5. The Board believes that Mr. Kruger's efforts will complement and not duplicate, the efforts of the remaining members of the Debtors' management team. As described in the Motion, after the Asset Sales are fully consummated, a critical group of management with the institutional knowledge necessary to wind down the Debtors' estates, including to manage and monetize remaining assets and to reconcile and resolve claims, will remain with the estate. However, the Board believes that a business level leader with significant restructuring

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

ny-1076152

experience to spearhead the plan negotiations process, including representing the Debtors in mediation, is necessary to reaching a consensual Chapter 11 plan.

6. The Board selected Mr. Kruger because of his substantial restructuring experience. Mr. Kruger will provide restructuring expertise and experience to lead the Debtors in the plan negotiations process. The Board believes that Mr. Kruger's expertise will be beneficial at this stage of the case and will hopefully lead to a consensual resolution of these cases.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: February 11, 2013　　　　　　　　　　/s/ Pamela E. West  
　　　　　Charlotte, North Carolina　　　　　　Pamela E. West