**Presentment Date and Time:  February 15, 2013 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline:  February 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### NOTICE OF PRESENTMENT OF PROPOSED STIPULATION AND ORDER AMENDING THE AFI DIP AND CASH COLLATERAL ORDER

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Second Stipulation and Order Amending the AFI DIP and Cash Collateral Order* (the "Stipulation and Order") to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, Room 501, for signature on **February 15, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

ny-1077077

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **February 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Todd M. Goren, and Samantha Martin); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Richard M. Cieri and Ray Schrock); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) co-counsel to the Ad Hoc Group of Junior Secured Noteholders, White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (Attn: J. Christopher Shore and Harrison

ny-1077077

Denman); (k) co-counsel to the Ad Hoc Group of Junior Secured Noteholders, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Gerard Uzzi); (l) counsel to UMB Bank, N.A., as Trustee for the Junior Secured Notes, Kelley Drye & Warren LLP, 101 Park Avenue, New York, New York 10178 (Attn: Eric R. Wilson and Jason Adams); (m) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (n) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Stipulation and Order without further notice or hearing.

| | |
|---|---|
| Dated: February 12, 2013<br>New York, New York | Respectfully submitted,<br><br>/s/ Gary S. Lee<br>Gary S. Lee<br>Todd M. Goren<br>Samantha Martin<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors and Debtors in Possession* |

**EXECUTION COPY**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>. | ) Case No. 12-12020 (MG) |
| Debtors. | ) Jointly Administered |

**PROPOSED SECOND STIPULATION AND ORDER
AMENDING THE AFI DIP AND CASH COLLATERAL ORDER**

Subject to the approval of the Court, this stipulation and order (this "***Stipulation***") is made and entered into by and between the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "***Debtors***"), Ally Financial Inc. ("***AFI***") and holders of the Junior Secured Notes[1] (the Junior Secured Notes, AFI, and the Debtors, collectively the "***Parties***") under the *Final Order Under Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014 (I) Authorizing the Debtors to Obtain Postpetition Financing on a Secured Superpriority Basis, (II) Authorizing the Debtors to Use Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties* [ECF No. 491] (the "***AFI DIP and Cash Collateral Order***") entered by the Court on June 25, 2012.

WHEREAS, the AFI DIP and Cash Collateral Order approved, among other things, the use of Cash Collateral of the Adequate Protection Parties and a debtor-in-possession financing facility of up to $220 million from AFI to the Debtors (the "***AFI DIP***"), attached as **Exhibit C** to the AFI DIP and Cash Collateral Order;

WHEREAS, paragraph 18(a)(ix) of the AFI DIP and Cash Collateral Order originally contained a covenant that required the effective date of the Debtors' chapter 11 plan to have

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the AFI DIP and Cash Collateral Order.

ny-1077077

occurred by December 15, 2012 (the "**Chapter 11 Plan Covenant**");

WHEREAS, paragraph 20(g) of the AFI DIP and Cash Collateral Order provides that, subject to a five business day grace period, failure by the Debtors to comply with the covenants contained therein results in a Termination Event;

WHEREAS, on October 23-25, 2012, the Debtors held two auctions for the sale of their assets. Following the auctions, the Debtors declared Ocwen Loan Servicing, LLC ("**Ocwen**") and Walter Investment Management Corp. ("**Walter**") as the winning bidders for the Debtors' mortgage loan origination and servicing platform at a price of $3 billion (the "**Platform Sale**"), and Berkshire Hathaway Inc. as the winning bidder for the legacy loan portfolio at a price of $1.5 billion (the "**Legacy Sale**," and together with the Platform Sale, the "**Sales**");

WHEREAS, on November 21, 2012, the Court entered orders approving each of the Sales [ECF Nos. 2246 and 2247];

WHEREAS, on February 5, 2013, the Legacy Sale closed, and the AFI DIP Facility was repaid in full from the proceeds of the Legacy Sale;

WHEREAS, the portion of the Platform Sale that was purchased by Walter closed on January 31, 2013, and the portion of the Platform Sale that was purchased by Ocwen is expected to close on or about February 15, 2013;

WHEREAS, on December 20, 2012, the Bankruptcy Court entered the *Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 2495] (the "***Original Stipulation***"), which revised the AFI DIP and Cash Collateral Order to remove the Chapter 11 Plan Covenant and established a Termination Date for the use of Cash Collateral as of the closing of the Platform Sale [ECF No. 2246];

WHEREAS, the Parties intend to engage in discussions regarding the terms governing

the ongoing use of Cash Collateral following the closing of the Platform Sale;

WHEREAS, the Parties have agreed to consensually amend the AFI DIP and Cash Collateral Order pursuant to the terms of this Stipulation in advance of the closing of the Platform Sale so that the parties can attempt to reach a mutually satisfactory agreement;

WHEREAS, the Parties reserve all rights with respect to adequate protection under the AFI DIP and Cash Collateral Order, including with respect to the Debtors' allocation of expenses and whether such allocation is consistent with such Order;

WHEREAS, the AFI DIP and Cash Collateral Order is to remain in full force and effect as amended hereby, and the consent of the AFI Lender and the Junior Secured Parties to the continued use of Cash Collateral pursuant to this Stipulation shall not prejudice in any way the rights of any party, including the AFI Lender and the Junior Secured Parties, with respect to that final order;

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1.     All commitments related to the AFI DIP are terminated and the AFI DIP and Cash Collateral Order is hereby amended by replacing paragraph 7(a) with the following: "The Debtors are no longer authorized to borrow money pursuant to the AFI DIP Loan."

2.     The AFI DIP and Cash Collateral Order is hereby amended by replacing paragraph 18(a)(x) with the following: "(x) the Debtors, the Junior Secured Parties, the AFI Lender, and the Creditors' Committee shall continue to negotiate in good faith to enter in an agreement, to be subject to Court approval, by March 18, 2013 or as soon as practicable thereafter on a revised expense allocation methodology that will become effective following March 18, 2013."

3. The AFI DIP and Cash Collateral Order is hereby amended by replacing the first full paragraph in paragraph 20 with the following: "20. *Termination*. The Borrowers' right to use Prepetition Collateral, including Cash Collateral, pursuant to this Final Order shall automatically terminate (the date of any such termination, the "***Termination Date***") without further notice or order of the Court (i) on the effective date of a Plan for any Debtor, (ii) March 18, 2013, or (iii) upon written notice (the "***Termination Notice***") by the AFI Lender (or, if the AFI Revolver has been paid in full, by the Junior Secured Parties) to the Borrowers (with a copy to counsel to the Creditors' Committee, the Administrative Agent and the Collateral Agent under the Barclays DIP Facility, and the United States Trustee) after the occurrence and during the continuance of any of the following events (unless waived by the Adequate Protection Parties, "***Termination Events***") beyond any applicable grace period set forth below:".

4. The AFI DIP and Cash Collateral Order is hereby amended by inserting an "(a)" before the existing paragraph 14: "*Reporting*" and inserting a new paragraph (b) as follows:

(b) Following the closing of the Platform Sale (as defined herein), in lieu of the reporting requirements set forth in paragraph 14(a) hereof, the Debtors shall deliver to the Adequate Protection Parties and the Creditors' Committee: (i) beginning on the first month immediately following the closing of the Platform Sale, as soon as available, but not later than the tenth (10th) business day following each one-month period, a 6-month monthly forecast (also referred to herein as an "***Updated Forecast***") for the following 6-month period (each such subsequent forecast delivered after the initial Updated Monthly Forecast shall be, for the period of its applicability, also referred to herein as the "***Forecast***") that is in form satisfactory to the AFI Lender and a monthly variance report for each prior month setting forth, for such one-month period (x) actual results noting

therein aggregate variances from amounts set forth for the one-month period in the relevant Forecast, (y) with respect to the AFI LOC, a report, in form and detail satisfactory to the AFI Lender, of all deposits into and withdrawals from the concentration account established and maintained pursuant to the AFI LOC, and (z) with respect to the AFI Revolver, a report, in form and detail satisfactory to the AFI Lender, of all deposits into and withdrawals from the concentration account established and maintained pursuant to the AFI Revolver; and (iii) no later than the fifteenth (15) business day of each calendar month, a collateral report that reflects updated values as of the end of the prior calendar month (each such revised report, for the period of its applicability, to be referred to herein as the "***Collateral Report***").  Thereafter, promptly following request by the AFI Lender, the Creditors' Committee, or the Trustee, the Debtors shall make themselves reasonably available to discuss such Forecast and the details thereof."

5.  All rights and provisions under the AFI DIP and Cash Collateral Order, including the Debtors' obligation to provide Adequate Protection to the AFI Lender and the Junior Secured Parties, remain in full force and effect, except as specifically set forth herein.

6.  The entry of this Stipulation shall not prejudice any Party's rights, except as specifically set forth herein.

7.  This Stipulation shall be binding on the Parties upon execution and approval by this Court.

8.  The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

*[Signature Pages Follow]*

**EXECUTION COPY**

Dated: February 12, 2013

/s/ Todd M. Goren
Gary S. Lee
Todd M. Goren

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*

Dated: February 12, 2013

/s/ J. Christopher Shore
J. Christopher Shore
Harrison Denman

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Counsel to the Ad Hoc Group of Holders of Junior Secured Notes*

New York, New York
Dated: _____, 2013

Dated: February 12, 2013

/s/ Ray C. Schrock
Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: 212-446-4800
Facsimile: 212-446-4900

*Counsel to Ally Financial Inc. and Ally Bank*

Dated: February 12, 2013

/s/ Gerard Uzzi
Gerard Uzzi

MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel to the Ad Hoc Group of Holders of Junior Secured Notes*

**IT IS SO ORDERED**

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1077077