KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Philip S. Kaufman
Adina C. Levine
Arielle Warshall Katz
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

----------------------------------------------------------- x

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS PURSUANT TO 11 U.S.C. § 107(b) AND RULE 9018 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE TO FILE MOTION
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
PRECLUDE THE DEBTORS FROM OFFERING ANY EVIDENCE OF THEIR
RELIANCE ON COUNSEL FOR ADVICE CONCERNING THE EVALUATION,
NEGOTIATION OR APPROVAL OF THE RMBS SETTLEMENT UNDER SEAL**

The Official Committee of Unsecured Creditors (the "**Committee**") of the above debtors and debtors-in-possession (collectively, the "**Debtors**") submits this application (the "**Application**") pursuant to section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for leave to file its motion (the "**Preclusion Motion**") to preclude the Debtors from offering at the hearing of their Rule 9019 motion (as supplemented, the "**9019 Motion**") [Docket Nos. 320, 1176, 1887] for approval of proposed RMBS Trust Settlement Agreements (the "**RMBS Settlement**" or "**Settlement**") any evidence of their reliance on

counsel for advice concerning the evaluation, negotiation, or approval of the Settlement,[1] under seal pending further order of this Court. In support of this Application, the Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code, and Bankruptcy Rule 9018.

## BACKGROUND

2. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On May 16, 2012, the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.

4. On June 20, 2012, the Court directed that an examiner be appointed (the "**Examiner**"). On July 3, 2012, the Court approved the Honorable Arthur J. Gonzalez as the Examiner.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the 9019 Motion.

5. On June 11, 2012, the Debtors filed the 9019 Motion [Docket No. 320], on August 15, 2012 the Debtors filed the Supplemental 9019 Motion [Docket No. 1176], and on October 19, 2012 the Debtors filed the Second Supplemental 9019 Motion [Docket No. 1887].

6. Together with the 9019 Motion, the Debtors filed, among other exhibits, the Supplemental Declaration of Jeffrey A. Lipps (the "**Lipps Declaration**"), and the Supplemental Declaration of Frank Sillman in Support of Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements, with accompanying exhibits (the "**Sillman Declaration**").

7. On October 5, 2012, the Steering Committee also filed the Statement of Steering Committee Investors in Support of Settlement and Response to Settlement Objections filed by Keith Wofford on behalf of Steering Committee Group of RMBS Holders (the "**Steering Committee Brief**")[Docket No. 1739], and the Declaration of Kathy D. Patrick in Support of Steering Committee Investors Statement in Support of Settlement and Response to Settlement Objections, with accompanying exhibits [Docket No. 1740].

8. In connection with the 9019 Motion, the Committee has undertaken significant and lengthy document discovery as well as depositions of the Debtors' proposed fact witnesses and proposed expert witnesses. To facilitate this discovery, the Committee entered into confidentiality agreements with the Debtors, Ally Financial, Inc. ("**AFI**"), the Steering Committee Group, and the Talcott Franklin Group (the "**Confidentiality Agreements**"). Pursuant to those Confidentiality Agreements, the Committee is prohibited from publicly disclosing certain confidential information received from those parties through the discovery process.

9. On February 13, 2013, the Committee filed a redacted version of the Preclusion Motion that contained certain information received pursuant to the discovery undertaken in connection with the 9019 Motion that the Committee was prohibited from disclosing publicly pursuant to the Confidentiality Agreements entered into with parties-in-interest in these Chapter 11 Cases.

### RELIEF REQUESTED

10. The Committee requests entry of an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting it leave to file an unredacted copy of the Preclusion Motion and accompanying exhibits under seal, and ordering that the full contents of the Preclusion Motion be made available only to: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to AFI; (d) counsel to the Steering Committee Group; (e) counsel to the Talcott Franklin Group; (f) counsel to the RMBS Trustees; (g) counsel to the Objecting Committee Members; (h) counsel to the Junior Secured Noteholders; (i) the Examiner and his counsel; (j) the United States Trustee, and (k) subject to the terms of the Confidentiality Agreements, the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee, and as further directed by the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee. Parties receiving a sealed copy of the Preclusion Motion shall treat it as Confidential as defined by the Confidentiality Agreements so long as the Preclusion Motion, or any portion thereof, remains under seal by Order of this Court.

**BASIS FOR RELIEF REQUESTED**

11.     Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12.     In addition, section 107(b) of the Bankruptcy Code authorizes the Bankruptcy Court to issue orders that will protect entities from potential harm caused by the disclosure of certain confidential information. Section 107(b) specifically provides that upon the "request of a party in interest" the bankruptcy court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

13.     Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b). In particular, Bankruptcy Rule 9018 states that the Bankruptcy Court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

14.     Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See, e.g.*, *In re Global Crossing Ltd.*, 295 B.R. at 725; *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the Bankruptcy Court determines

5

that filed documents are covered by section 107(b), the court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

15. The Committee recognizes its obligation to abide by the Confidentiality Agreements, and seeks to file the Preclusion Motion under seal because it contains certain information designated as "confidential" that the Committee is prohibited from disclosing publicly pursuant to the Confidentiality Agreements to which they are a party. Confidentiality concerns of those parties-in-interest that are party to the Confidentiality Agreements constitute good cause to file the Preclusion Motion under seal, and the Committee respectfully requests leave to do so. The Committee hereby reserves all of its rights to challenge the confidential and/or professional eyes only designation for any document filed under seal pursuant to this Motion.

## NOTICE

16. In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9008 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "**Case Management Order**"), notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order) (collectively, the "**Notice Parties**"). Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no other or further notice need be given.

## NO PRIOR REQUEST

17. No previous Application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that this Court enter an order, a form of which is attached hereto as **Exhibit A** pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: February 13, 2013
       New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Philip S. Kaufman
Adina C. Levine
Arielle Warshall Katz
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re: : Chapter 11
:
Residential Capital, LLC, et al., : Case No. 12-12020 (MG)
:
                Debtors. : Jointly Administered
:
------------------------------------------------------------ x

**ORDER GRANTING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 107(b) AND RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO FILE THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PRECLUDE THE DEBTORS FROM OFFERING ANY EVIDENCE OF THEIR RELIANCE ON COUNSEL FOR ADVICE CONCERNING THE EVALUATION, NEGOTIATION OR APPROVAL OF THE RMBS SETTLEMENT UNDER SEAL**

Upon the Application,[1] dated February 13, 2013, of the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Committee to file its Preclusion Motion under seal, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Committee having provided notice of the Application to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Application establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Committee is authorized to file the Preclusion Motion and any accompanying exhibits under seal.

3. The full contents of the Preclusion Motion shall not be disclosed to any parties in these cases other than: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to AFI; (d) counsel to the Steering Committee Group; (e) counsel to the Talcott Franklin Group; (f) counsel to the RMBS Trustees; (g) counsel to the Objecting Committee Members; (h) counsel to the Junior Secured Noteholders; (i) the Examiner and his counsel; (j) the United States Trustee, and (k) subject to the terms of the Confidentiality Agreements, the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee, and as further directed by the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee.

4. The rights of the Committee to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order are hereby preserved.

5. Parties receiving a sealed copy of the Preclusion Motion shall treat it as Confidential as defined by the Confidentiality Agreements so long as the Preclusion Motion, or any portion thereof, remains under seal by Order of this Court.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:_____, 2013
    New York, New York

                                            UNITED STATES BANKRUPTCY JUDGE

3