**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.* ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |
| ) | |

**STIPULATION AND ORDER RESOLVING OBJECTIONS OF**
**DIGITAL LEWISVILLE, LLC TO PROPOSED ASSUMPTION AND ASSIGNMENT OF**
**NONRESIDENTIAL LEASE TO OCWEN FINANCIAL CORPORATION**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), Digital Lewisville, LLC ("Digital"), as successor landlord and the assignee of original landlord's rights and claims against debtor GMAC Mortgage LLC f/k/a GMAC Mortgage Corporation ("GMAC") under the terms of the Lease (as defined below), and Ocwen Financial Corporation, a Florida corporation ("Ocwen") do hereby stipulate as follows:[1]

**RECITALS**

A.  On May 14, 2012 (the "Petition Date"), each of the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Committee") in the Debtors' cases. No trustee has been appointed in these Chapter 11 cases. On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner.

---

[1] Capitalized terms not otherwise defined herein shall be used in the same sense and with the same meaning as in the Sale Motion and the Assumption Notice (as such terms are defined below).

872974.06/SF

ny-1078005

B. Prior to the commencement of the above-captioned cases, on or about July 30, 2002, Lewisville LSF, L.P., predecessor-in-interest to BREOF Convergence LP, a Delaware limited partnership ("BREOF"), as original landlord, and GMAC, as tenant, entered into that certain Lease Agreement (the "Original Lease"), covering approximately 19,112 square feet of Rentable Space designated as Suite 300 within Building 3 of the project commonly referred to as Convergence Office Center, Lewisville, Texas (the "Original Premises").

C. The Original Lease was amended by that certain (i) First Amendment to Lease Agreement dated as of March 23, 2004 (the "First Amendment"), (ii) Second Amendment to Lease Agreement dated as of November 4, 2005 (the "Second Amendment"), and (iii) Third Amendment to Lease Agreement dated as of August 25, 2011 (the "Third Amendment"). The Original Lease, as amended by the First Amendment, Second Amendment, and Third Amendment, is referred to herein as the "Lease." As detailed in the Lease, the Original Premises were expanded to a total of approximately 78,413 square feet of Rentable Space (the "Premises").

D. On or about December 29, 2011, Digital, as buyer, and BREOF, as seller, entered into that certain Agreement of Purchase and Sale, pursuant to which Digital agreed to acquire BREOF's ownership interest in the buildings (the "Buildings") located at such parcel commonly known as Convergence Business Park, Lewisville, Texas and BREOF's interest in certain leases related thereto, including the Lease. On or about February 22, 2012, Digital, as assignee, and BREOF, as assignor, entered into that certain Assignment and Assumption of Leases, pursuant to which BREOF transferred and assigned to Digital all of BREOF's right, title and interest, in, to and under the Lease. GMAC also signed that certain Estoppel Certificate affirming its obligations to Digital under the Lease.

E. On or about May 9, 2012, GMAC, as assignor, and Ally Financial Inc. ("Ally Financial"), as assignee, entered into that certain Assignment of Leasehold Interest (the "Assignment Agreement") by which GMAC purported to transfer and assign an undivided fifty-one percent (51%) leasehold interest in the Lease to Ally Financial.

F. On May 14, 2012, the Debtors filed their Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement;

(II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61] (the "Sale Motion").

G.      On June 11, 2012, Digital filed its Limited Objection to Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 278] (the "Limited Objection").  In its Order Under 11 U.S.C. §§ 105, 363(b) and 365(I) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538] (the "Sale Procedures Order"), the Court left unimpaired Digital's objections to the Sale Motion set forth in the Limited Objection (subject to certain exceptions set forth in the Sale Procedures Order).

H.      On July 26, 2012, the Debtors filed their Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924] (the "Assumption Notice").  In the Assumption Notice, the Debtors identified the Lease as one of the unexpired leases the Debtors may assume and assign to the Purchaser.

I.      On September 28, 2012, Digital filed its Objection to: (I) Debtors' Motion for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense

Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]; and (II) Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924] (the "Assumption Objection").

   J. On October 23, 2012, pursuant to the Sales Procedures Order, the Debtors conducted the Auction for the Platform Assets.

   K. On October 29, 2012, Digital filed its Supplemental Limited Objection to Debtors' Sale Motion, in particular, Debtors' Proposed Order [Docket No. 1990] (the "Supplemental Objection") (collectively, the Limited Objection, the Assumption Objection, and the Supplemental Objection, shall be referred to as the "DL Objections"). The Supplemental Objection objected to the Sale Transactions to the extent the Proposed Order, in any way, modifies the Purchaser's obligations under the Lease or provides for the sale free and clear of any obligations under the Lease.

   L. On November 3, 2012, the Debtors filed the Amended Notice of Successful Bidders at the Auctions and Sales of (A) the Platform Assets to Ocwen Loan Servicing, LLC and (B) the Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA [Docket No. 2050].

   M. On November 21, 2012, the Court entered an Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief [Docket No. 2246] (the "Sale Order"). As agreed to

by the parties, the Sale Order did not resolve the DL Objections, or modify any of Digital's legal, contractual, and or equitable objections, rights, or defenses relating to either the proposed sale free and clear or assumption and assignment of the Lease, or any obligations thereunder. Pursuant to paragraph 51 of the Sale Order, the hearing on the Sale Motion as it pertains to the proposed assumption and assignment of the Lease, including with respect to the proposed sale of such Lease free and clear of Liens, Claims, Encumbrances, and other Interests with respect to the Lease (the "Assignment Hearing"), was originally continued to January 10, 2013 and has since been continued to February 7, 2013.

N.  The proposed assignee of the Lease was subsequently identified as Ocwen Financial Corporation, a Florida corporation ("Ocwen"). The closing of the sale of the Platform Assets (the "Closing"), including the proposed assumption and assignment of the Lease, is currently scheduled for February 15, 2013 (as it may be extended, the "Closing Date").

O.  Digital and the Debtors have entered into their Stipulation Resolving Objections of Digital Lewisville, LLC To The Sale Motion and Assumption Notice Filed By Debtor GMAC Mortgage LLC, filed January 23, 2013, [Docket No. 2697] (the "Cure Stipulation"), which Stipulation, among other things, reserves for separate resolution Digital's remaining objections to the proposed assignment of the Lease to Ocwen as asserted in the DL Objections, including those relating to adequate assurance of future performance by Ocwen (including, without limitation, the scope of liabilities under the Lease proposed to be assumed by Ocwen and the proposed Transition Services Agreement or other occupancy arrangement between Ocwen and Ally Financial, or an affiliate thereof) (the "Reserved Ocwen Issues").

P.  Digital, Ocwen and the Debtors have engaged in extensive discussions and negotiations with respect to the Reserved Ocwen Issues. In accordance with the terms set forth below, Digital and the Debtors have resolved the Reserved Ocwen Issues, which constitute the remaining DL Objections.

## AGREEMENT

**IT IS HEREBY STIPULATED** as follows:

1. Effective upon the occurrence of both of the following: (a) the Closing, <u>and</u> (b) the effectiveness of any agreement effectuating the re-assignment of the Lease under Paragraph 4 of the Cure Stipulation (the "<u>Effective Date</u>"), GMAC assigns to Ocwen all of its right, title and interest in, to and under the Lease and the Premises and Ocwen accepts such assignment, assumes all of the obligations under the Lease, and agrees to be bound by and to perform all of the obligations of the "Tenant" under the Lease.  Notwithstanding the terms of the Asset Purchase Agreement between Ocwen Loan Servicing, LLC and Debtors, dated as of November 2, 2012 (the "<u>Asset Purchase Agreement</u>"), or any provision or term of the Sale Order, upon the Effective Date, Ocwen agrees to assume and be responsible for, and Digital shall have the right to enforce, all terms, covenants, conditions, liabilities and obligations of the Lease, whether arising before or after the Closing Date.

//

//

2 GMAC shall remain fully liable for the payment and for performance of all of the terms, covenants, conditions, liabilities and obligations of the Tenant under the Lease until the Effective Date, whereupon the liabilities and obligations of GMAC under the Lease shall be pursuant to Paragraphs 6 and 7, below.

3. Subject to the terms and conditions of the Cure Stipulation and this Stipulation, Digital consents to the assignment and assumption of the Lease as set forth in Paragraph 1, above.

4. Digital represents and warrants that, as of the date of this Stipulation, that:

(a) to the actual knowledge of Digital, the Lease has not been modified, supplemented or amended in any way except as described in this Stipulation;

(b) other than the prior defaults described in, and resolved by, the Cure Stipulation, Digital is not aware of any defaults by GMAC under the terms of the Lease; and

(c) Digital has not received any written notice from any federal, state or local governmental entity or regulatory agency stating or asserting that either Digital or GMAC is not in compliance with any laws, ordinances or regulations with respect to the Premises, including, but

not limited to, those laws, ordinances or regulations relating to the use of hazardous or toxic materials.

    5.    GMAC represents and warrants, as of the date of this Stipulation, that:

    (a)    the Lease has not been modified, supplemented or amended in any way except as described in this Stipulation;

    (b)    other than the prior defaults described in, and resolved by, the Cure Stipulation, GMAC is not aware of any defaults by GMAC under the terms of the Lease;

    (c)    there are no existing defenses or offsets, or to GMAC's knowledge, claims or the basis for a claim, that GMAC has against Digital; and

    (d)    GMAC has not received any written notice from any federal, state or local governmental entity or regulatory agency stating or asserting that either Digital or GMAC is not in compliance with any laws, ordinances or regulations with respect to the Premises, including, but not limited to, those laws, ordinances or regulations relating to the use of hazardous or toxic materials.

    6.    Conditioned upon and subject to the payment to Digital of the sums due under the Cure Stipulation, pursuant to 11 U.S.C. §365(k), GMAC and its affiliated debtors are released and discharged from any all claims, liabilities, demands and causes of action relating to or arising under the Lease after the Closing Date, to the fullest extent contemplated by 11 U.S.C. §365(k), however, for the avoidance of any doubt, such release shall not extend to those claims, liabilities, demands and causes of action asserted by third parties arising from or relating to events or occurrences prior to the Closing Date that are the subject of insurance coverage maintained by GMAC or its affiliates under the terms of the Lease and, in that event, only to the extent of available coverage.

    7.    To the extent there are any claims, liabilities, demands, and causes of action asserted against Ocwen under the Lease following the Effective Date which relate to or arise from conditions that existed prior to or as of the Effective Date, the Debtors shall immediately indemnify and hold Ocwen harmless for any amounts, including any losses or reasonable costs and expenses, incurred in connection with such indemnified claims. As consideration for Ocwen

entering into this Stipulation and to secure the Debtors' obligations in connection with this paragraph, Debtors shall establish a reserve in the amount of Fifty Thousand Dollars ($50,000.00), which reserve shall be maintained for two (2) years following the Effective Date, and from which any and all indemnified claims shall be paid.  Nothing herein shall be construed as a limitation of liability for such indemnified claims but, rather, as security for the Debtor's obligations to Ocwen hereunder.

8. Digital agrees to consent to a commercially reasonable form of proposed Sublease between Ocwen and Ally (the "Ocwen-Ally Sublease"), for a term not to exceed eighteen (18) months in order to facilitate the Ocwen-Ally Transition Services Agreement, and agrees to execute a commercially reasonable form of consent to sublease in connection therewith.

9. Any rights to use and/or occupy the Premises, or any portion thereof, that may have been granted to Ally under that certain Shared Services Agreement between Debtors and Ally, referred to in Section 2 of the Assignment Agreement, shall be terminated and of no further force and effect as of the Effective Date, such rights, if any, to be superseded, as of the Closing, by the Ocwen-Ally Sublease.

10 This Stipulation shall not constitute consent by Digital to any subsequent subletting or assignment of the Lease or the Premises and shall not relieve Ocwen or any other person or entity claiming under or through Ocwen of the obligation to obtain the requisite consent of Digital, in accordance with the Lease, with respect to any future assignments or subleases.

11. Except as otherwise provided in the Cure Stipulation with respect to the "Cure Settlement Payment" by Debtors and this Stipulation (including, expressly, Paragraph 1 above), Digital agrees not to make, and relinquishes, any claim against Debtors or Ocwen for Profit (as such term is defined in Paragraph 11 of the Original Lease) or attorneys' fees under the Lease, including under Paragraph 11 of the Original Lease, arising out of either the assignment of the Lease pursuant to this Stipulation or the Ocwen-Ally Sublease.

12. Except as explicitly set forth herein, nothing contained herein shall be deemed or construed to modify, waive, impair or affect any of the covenants, agreements, terms, provisions

or conditions contained in the Lease or the rights and remedies of Digital under the Lease with respect to parties other than Debtors.

13. Debtors and Ocwen agree to provide Digital with written notice of the Closing and Effective Date promptly following the occurrence thereof, but in no event no more than five (5) business days after the Effective Date.

14. Upon and following the Effective Date, notwithstanding any contrary provisions of the Lease, the address for notices to "Tenant" under Paragraph 32 of the Lease shall be as follows, subject to any further changes or supplements as provided by the terms of the Lease:

> Ocwen Financial Corporation
> 1661 Worthington Road, Suite 100
> West Palm Beach, FL  33409
> Attention: General Counsel
> Contractmanagement@Altisource.com
> FacilityNotices@Altisource.com

15. The time for Debtors to assume and/or assume and assign the Lease under Bankruptcy Code section 365(d)(4)(B) is further extended to February 15, 2013.

16. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

17. This Stipulation is solely for the benefit of the parties hereto and no provision of this Stipulation, or any Order thereon, shall be deemed to confer any remedy, claim or right upon any third party that is not a signatory to this Stipulation.

18. This Stipulation may be executed in counterparts, one or more of which may contain facsimile or electronic (in .pdf format) signatures, and all of which shall constitute an agreement.

19. The parties jointly request entry of an order approving this Stipulation and approving its terms.  This Stipulation shall be filed and presented to the Court for approval no later than the scheduled Assignment Hearing.

**SO STIPULATED**:

Dated: February 7, 2013     MORRISON & FOERSTER LLP

By: /s/ Stefan W. Engelhardt
    Stefan W. Engelhardt
    Attorneys for Debtors

Dated: February 7, 2013     ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP

By: /s/ Ivan M. Gold
    Ivan M. Gold
    Attorneys for Digital Lewisville, LLC

Dated: February 7, 2013     CLIFFORD CHANCE US LLP

By: /s/ Jennifer C. DeMarco
    Jennifer C. DeMarco
    Attorneys for Ocwen Financial Corporation

**ORDER**

**IT IS SO ORDERED.**

Dated: February 14, 2013
      New York, New York

           **/s/Martin Glenn**
          MARTIN GLENN
     United States Bankruptcy Judge