**Presentment Date and Time: February 15, 2013 at 9:30 a.m. (ET)**
**Objection Deadline: February 14, 2013 at 10:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd M. Goren
Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                        )    Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )    Chapter 11
                                              )
                            Debtors.          )    Jointly Administered
                                              )
---------------------------------------------------------------

**NOTICE OF FILING OF AMENDED STIPULATION AND ORDER BETWEEN THE
DEBTORS AND OCWEN LOAN SERVICING, LLC RESOLVING OCWEN LOAN
SERVICING, LLC'S RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS'
PROPOSED STIPULATION AND ORDER RELATING TO THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN AGREEMENTS OF FREDDIE MAC
PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE,
APPROVING AN AMENDMENT TO THE ASSET PURCHASE
AGREEMENT AS CONTEMPLATED HEREBY,
<u>AND RELATED RELIEF</u>**

        **PLEASE TAKE NOTICE** that in connection with the *Debtors' Motion Pursuant*

*to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006,*

*and 9014 for Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up*

*Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing;*

*(III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and*

*(B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances,*

NY-1078080

*and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] and the Court's *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246], the undersigned filed the *Notice of Presentment of Stipulation and Order Resolving Ocwen Loan Servicing, LLC's Reservation of Rights with Respect to the Debtors' Proposed Stipulation and Order Relating to the Assumption and Assignment of Certain Agreements of Freddie Mac Pursuant to Section 365 of the Bankruptcy Code, Approving an Amendment to the Asset Purchase Agreement as Contemplated Hereby, and Related Relief* (the "Stipulation and Order") [Docket No. 2907] on February 14, 2013.

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit an amended proposed Stipulation and Order (the "Amended Stipulation and Order"), attached hereto as Exhibit 1.  A comparison of the Stipulation and Order and the Amended Stipulation and Order is attached hereto as Exhibit 2.

[*Remainder of Page Intentionally Left Blank*]

Dated: February 14, 2013                    Respectfully submitted,
      New York, New York

                                              /s/ Todd M. Goren
                                              Gary S. Lee
                                              Todd M. Goren
                                              Meryl L. Rothchild
                                              MORRISON & FOERSTER LLP
                                              1290 Avenue of the Americas
                                              New York, New York 10104
                                              Telephone: (212) 468-8000
                                              Facsimile: (212) 468-7900

                                              *Counsel for the Debtors and*
                                              *Debtors in Possession*

## Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------------------

**STIPULATION AND ORDER RESOLVING OCWEN LOAN SERVICING, LLC'S
RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' PROPOSED
STIPULATION AND ORDER RELATING TO THE ASSUMPTION AND
ASSIGNMENT OF CERTAIN AGREEMENTS OF FREDDIE MAC
PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE,
APPROVING AN AMENDMENT TO THE ASSET PURCHASE
AGREEMENT AS CONTEMPLATED HEREBY,
<u>AND RELATED RELIEF</u>**

Subject to the approval of the Court, this stipulation and order (the "**<u>Stipulation and Order</u>**") is made and entered into by, between, and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "**<u>Debtors</u>**") and Ocwen Loan Servicing, LLC ("**<u>Ocwen</u>**," and collectively with the Debtors, the "**<u>Parties</u>**").

**WHEREAS**, on May 14, 2012 (the "**<u>Petition Date</u>**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**<u>Bankruptcy Code</u>**") in the United States Bankruptcy Court for the Southern District of New York (the "**<u>Court</u>**");

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Since the Petition Date, the Debtors have operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code;

WHEREAS, on the Petition Date, the Debtors filed the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "**Sale Motion**");

WHEREAS, on May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine-member official committee of unsecured creditors [Docket No. 102] (the "**Creditors' Committee**");

WHEREAS, following an auction, certain Debtors and Ocwen entered into an asset purchase agreement, dated as of November 2, 2012, for the sale of substantially all of the Debtors' loan origination and servicing platform assets (as amended from time to time, the "**Ocwen APA**").[1]

I.     **Servicing Transfer Agreement**

WHEREAS, the Federal Home Loan Mortgage Corporation ("**Freddie Mac**") filed certain objections to the Sale Motion, including Docket Nos. 1690, 2101, and

---

[1]    The Ocwen APA is attached as <u>Exhibit 1</u> to the Ocwen Sale Approval Order (defined herein).  The Ocwen APA has been amended from time to time in accordance with the terms of the Ocwen Sale Approval Order (as defined below) or as approved by order of this Court.

2196, objecting to the assumption and assignment of (i) a certain Master Agreement between GMAC Mortgage, LLC ("**GMACM**"), Residential Funding Company, LLC, Ally Bank N.A. ("**Ally Bank**"), and Freddie Mac, dated as of July 22, 2011, and prior master agreements, each of which incorporates the provisions of the Freddie Mac Single-Family Seller/Servicer Guide (the "**Guide**") and the related purchase documents, (ii) certain interim servicing agreements between these parties, and (iii) a Tri-Party Agreement, dated August 10, 2011 (collectively, the "**Freddie Mac Agreements**"), and asserting cure claims and objecting to the lack of adequate assurance of future performance;

WHEREAS, on November 21, 2012, the Court approved the sale of the Debtors' platform servicing assets and entered the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) (A) Sale Of Debtors' Assets Pursuant to Asset Purchase Agreement With Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] (the "**Ocwen Sale Approval Order**"), approving the sale of, among other things, certain Freddie Mac Agreements to Ocwen;

WHEREAS, on February 6, 2013, the Debtors and Freddie Mac entered into a *Stipulation and Order Relating to the Assumption and Assignment of Certain Agreements of Freddie Mac Pursuant to Section 365 of the Bankruptcy Code and Related Relief* [Docket No. 2856] (the "**Freddie Mac Stipulation**") to resolve Freddie Mac's outstanding cure claims and objections to the Sale Motion upon the execution of a

3

proposed servicing transfer agreement (the "**Servicing Transfer Agreement**"), attached hereto as Exhibit A;

> **WHEREAS**, on February 12, 2013, Ocwen filed the *Ocwen Loan Servicing, LLC's Reservation of Rights with Respect to Debtors' Proposed Stipulation and Order Relating to the Assumption and Assignment of Certain Agreements of Freddie Mac Pursuant to Section 365 of the Bankruptcy Code and Related Relief* [Docket No. 2888] (the "**Ocwen RoR**") in connection with Ocwen's concern that the Freddie Mac Stipulation was predicated upon the execution of the proposed form of Servicing Transfer Agreement which required Ocwen to assume certain potential obligations and liabilities associated with the Freddie Mac Agreements to be assumed and assigned by Ocwen that Ocwen was not required to assume under the Ocwen APA, including liabilities that could arise as the result of pre-closing acts or omissions of the Debtors. Specifically, the form of Servicing Transfer Agreement provided for Ocwen's assumption of liability related to (i) certain compensatory fees[2] for loans completing foreclosure after the Closing Date (defined below), which raised issues as to the potential magnitude of such fees; and (ii) certain foreclosure timeline penalties raising issues as to whether and to what extent certain Debtors or Ocwen would be responsible for such foreclosure timeline penalties, and the potential magnitude of such penalties. In the Ocwen RoR, Ocwen asserted its belief that it is not required to assume these liabilities pursuant to the Ocwen APA or to execute the form of Servicing Transfer Agreement upon which Freddie Mac's consent to the transfer of

---

[2]     The Ocwen APA provides that the Debtors are responsible for all compensatory fees related to a failure to adhere to the standard foreclosure timeline required by the Guide for Freddie Mac loans for which the date occurring ninety (90) days prior to the expiration of the applicable standard foreclosure timelines occurs on or before the Closing Date. In recent discussions with Freddie Mac, the Parties learned that Freddie Mac was requiring Ocwen to assume in the Servicing Transfer Agreement all compensatory fees accruing post-closing, which exceeded the liabilities Ocwen would have otherwise been required to assume under the Ocwen APA.

the Freddie Mac Agreements was predicated without a clarification regarding the protections afforded to Ocwen with respect to such liabilities and obligations.

## II.    Ally Bank Servicing Agreement

**WHEREAS**, prior to the Petition Date, GMACM entered into a subservicing agreement with Ally Bank (the "**Ally Bank Servicing Agreement**") in connection with the servicing of certain loans.  Under the Ally Bank Servicing Agreement, the Debtors are obligated to continue servicing these loans until such Agreement ends by its terms, which is on May 16, 2013;

**WHEREAS**, the Ocwen APA contains a form of estate subservicing agreement (the "**Estate Subservicing Agreement**") which sets forth the terms under which Ocwen would subservice certain servicing obligations remaining in the estate post-Closing Date;

**WHEREAS**, pursuant to Section 2.15 of the Ocwen APA, Ocwen has the right to exclude certain contracts from those being assumed and assigned under the Ocwen APA, and Ocwen opted to exercise that right to exclude the Ally Bank Servicing Agreement from those it intended to assume and assign in connection with the sale;

**WHEREAS**, the pricing the Debtors received from Ally to continue the subservicing of these loans under the Ally Bank Servicing Agreement was lower than that which the Debtors would have to pay Ocwen to subservice these loans under the Estate Subservicing Agreement, and the Debtors requested that Ocwen agree to subservice the Ally Bank Subservicing Agreement at the price the Debtors received from Ally (*i.e.*, $8.00 per loan);

**WHEREAS**, absent Ocwen's agreement to reduce the pricing associated with the subservicing the loans under the Ally Bank Subservicing Agreement and the entry into this Stipulation and Order, this subservicing pricing differential would have resulted in a loss to the estates of approximately $7.5 million, assuming a February 15, 2013 Closing Date;

**WHEREAS**, the Debtors seek to complete the transfer under the Ocwen Sale Approval Order as set forth in the Ocwen APA on February 15, 2013 (the "**Closing Date**"[3]);

**WHEREAS**, the Parties have engaged in good-faith negotiations with the objective of resolving outstanding issues set forth herein on the terms and conditions set forth in this Stipulation and Order;

**WHEREAS**, the Debtors have discussed with the Creditors' Committee the Stipulation and Order and resolutions contained herein;

**WHEREAS**, the Ocwen Sale Approval Order provides, in pertinent part, that the Ocwen APA and related documents may be modified, amended, or supplanted by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement dot not have any adverse effect on the Debtors' estates (Ocwen Sale Approval Order ¶ 30);

**WHEREAS**, the Debtors do not believe that the resolution upon the terms set forth in  this Stipulation and Order and an amendment to the Ocwen APA embodying

---

[3]    The Closing Date as used herein is subject to change, and all references to the Closing Date shall reflect any such change in date.  Additionally, pursuant to the Ocwen Sale Approval Order and the Ocwen APA, certain assets are subject to transfer at a later date pursuant to the agreement of the Parties.

6

the terms hereof would have any adverse effect on the Debtors' estates but seek entry of this Stipulation and Order out of an abundance of caution;

**WHEREAS**, the Debtors and the Creditors Committee believe that entry into this Stipulation and Order is in the best interests of the estates;

**WHEREAS**, venue of this proceeding and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1.    The recitals form an integral part of this Stipulation and Order and are fully incorporated herein.

2.    In connection with the transfer of the Freddie Mac Agreements and conditioned upon the approval of the terms set forth in this Stipulation and Order, prior to the Closing Date, certain Debtors, Ocwen and Freddie Mac will execute the Servicing Transfer Agreement to memorialize and effectuate the transfer of the Freddie Mac Agreements from the Debtors to Ocwen.

3.    The Parties hereby agree that the Debtors shall reduce the portion of the Purchase Price (as defined in and determined by the Ocwen APA) which Owcen is to pay in respect of the assets relating to the Freddie Mac Agreements by $49.5 million.  In exchange for this reduction in the Purchase Price, Ocwen agrees to enter into the Servicing Transfer Agreement and assume (i) any and all foreclosure delay-related costs, fees and penalties of any kind (including, without limitation, compensatory fees) for loans completing foreclosure after the Closing Date, and (ii) any and all additional costs and penalties of any kind assessed by Freddie Mac after the Closing Date in connection with

7

foreclosure (including, without limitation, foreclosure penalties and repurchase claims).

Ocwen shall have no liability for (i) any and all foreclosure delay-related costs, fees and

penalties of any kind (including, without limitation, compensatory fees) for loans

completing foreclosure on or before the Closing Date, and (ii) any and all additional costs

and penalties of any kind assessed by Freddie Mac on or before the Closing Date in

connection with foreclosure (including, without limitation, foreclosure penalties and

repurchase claims), as the costs, fees and penalties described in the foregoing clauses (i)

and (ii) shall be Retained Liabilities pursuant to the Ocwen APA, which such liabilities the

Debtors assert have been settled pursuant to the Freddie Mac Stipulation.

4.      Additionally, Ocwen agrees that (i) Ocwen shall not be entitled to

any Purchase Price reduction with respect to expenses incurred in connection with any

PSA Amendment, provided that Ocwen reserves all rights under the Ocwen APA with

respect thereto, and (ii) there will be no further reduction in the Purchase Price in

connection with the consummation of the transactions contemplated by the Ocwen APA on

the Closing Date, except as previously provided for in the Ocwen APA or as otherwise

agreed to by the Parties.

5.      Ocwen agrees to modify the Estate Subservicing Agreement with

respect to the Ally Bank portfolio of loans to be serviced pursuant to the Ally Bank

Servicing Agreement, and will subservice these loans on behalf of the estate at the same

pricing levels set forth in the Ally Bank Servicing Agreement (*i.e.*, $8.00 per loan).

6.      The Stipulation and Order constitutes the entire agreement and

understanding between the Parties with regard to the matters addressed herein, and

supersede all prior and contemporaneous discussions, negotiations, understandings and

8

agreements, whether oral or written, express or implied, between and among the Parties
hereto regarding the subject matter of the Stipulation and Order.

7.      The Debtors are authorized to execute any other necessary
documents with Ocwen to memorialize and/or effectuate the resolution provided for in this
Stipulation and Order, including an amendment to the Ocwen APA.

8.      The Parties shall use their good faith efforts to hold the Closing Date
of the sale of assets to Ocwen on February 15, 2013.

9.      The Court retains exclusive jurisdiction with respect to all matters
arising from or related to the implementation of this Stipulation and Order.

10.     Notwithstanding, anything herein to the contrary, this Stipulation
and Order shall not modify or affect the terms and provisions of, nor the rights and
obligations under, (a) the Board of Governors of the Federal Reserve System/Federal
Deposit Insurance Corporation Consent Order, dated April 13, 2011, by and among Ally
Financial Inc., Ally Bank, ResCap, GMACM, the Board of Governors of the Federal
Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment
entered April 5, 2012 by the United States District Court for the District of Columbia,
dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued
Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February
10, 2012.

11.     Except as expressly provided herein, nothing in this Stipulation and
Order is intended or shall be construed to modify or affect the terms and provisions of, or
Ocwen's rights pursuant to, the Ocwen Sale Approval Order.

12.     This Stipulation and Order is not intended to and shall not modify

the terms of the Servicing Transfer Agreement between Ocwen and Freddie Mac or between Freddie Mac and the Debtors, and to the extent of any conflict between the Stipulation and Order and the Servicing Transfer Agreement, the terms of the Servicing Transfer Agreement shall govern the rights and obligations between Freddie Mac and the Debtors and between Freddie Mac and Ocwen after the Closing Date; *provided, however*, solely as between the Debtors and Ocwen, to the extent of an inconsistency between the Servicing Transfer Agreement and any of the Stipulation and Order, the Ocwen APA, and the Ocwen Sale Approval Order, the Stipulation and Order, the Ocwen APA, and the Ocwen Sale Approval Order, as applicable, shall govern.

13.    Nothing in this Stipulation and Order is intended or shall be construed to modify or affect the terms and provisions of the *Stipulation and Order Reserving Rights with Respect to Debtors' Motion for Interim and Final Orders Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreement in the Ordinary Course of Business* [Docket No. 1420].

14.    The Stipulation and Order may not be altered, modified, changed or vacated without the prior written consent of the Parties.

15.    This Stipulation and Order shall be binding upon the Parties as well as any successor, trustee or receiver appointed in these chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11 cases to cases under chapter 7.  No provision in any plan of reorganization or liquidation subsequently confirmed in these chapter 11 cases shall contain any provisions inconsistent with the terms of this Stipulation and Order.

16.      This Stipulation and Order may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

17.      The Stipulation and Order is subject to the approval of the Court, and shall become effective upon the Court's entry of this Stipulation and Order.  The terms of this Stipulation and Order specifically remain subject to the approval of the Boards of Directors of the applicable Debtors.   No other or further notice to creditors or parties-in-interest is required to effectuate the Stipulation and Order.


[*Remainder of Page Intentionally Left Blank*]

18.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation and Order.

Dated:  February 14, 2013

/s/ Todd M. Goren
Gary S. Lee
Todd M. Goren
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

Dated:  February 14, 2013

/s/ Jennifer C. DeMarco
Jennifer C. DeMarco
Adam Lesman
**CLIFFORD CHANCE US LLP**
31 West 52nd Street
New York, New York  10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

*Counsel to Ocwen Loan Servicing, LLC*

Dated:  February 14, 2013

**ACKNOWLEDGEMENT AND CONSENT:**
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS

/s/ Stephen Zide
Kenneth Eckstein
Douglas Mannal
Stephen Zide
**Kramer Levin Naftallis & Frankel LLP**
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel to the Official Committee of Unsecured
Creditors*

**IT IS SO ORDERED**

New York, New York
Dated: _____, 2013

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

Servicing Transfer Agreement

## Exhibit 2

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )    Chapter 11
                                                    )
                                      Debtors.      )    Jointly Administered
                                                    )
-------------------------------------------------------------------------

**STIPULATION AND ORDER RESOLVING OCWEN LOAN SERVICING, LLC'S**
**RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' PROPOSED**
**STIPULATION AND ORDER RELATING TO THE ASSUMPTION AND**
**ASSIGNMENT OF CERTAIN AGREEMENTS OF FREDDIE MAC**
**PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE,**
**APPROVING AN AMENDMENT TO THE ASSET PURCHASE**
**AGREEMENT AS CONTEMPLATED HEREBY,**
**AND RELATED RELIEF**

Subject to the approval of the Court, this stipulation and order (the
"**Stipulation and Order**") is made and entered into by, between, and among the debtors

and debtors in possession in the above-captioned bankruptcy cases (collectively, the

"**Debtors**") and Ocwen Loan Servicing, LLC ("**Ocwen**," and collectively with the

Debtors, the "**Parties**").

**WHEREAS**, on May 14, 2012 (the "**Petition Date**"), each of the Debtors

filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code

(the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District

of New York (the "**Court**");

**WHEREAS**, on the Petition Date, the Court entered an order jointly

administering the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of

Bankruptcy Procedure.  Since the Petition Date, the Debtors have operated and managed

their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the
Bankruptcy Code;

   **WHEREAS**, on the Petition Date, the Debtors filed the *Debtors' Motion
Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P.
2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale
Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid
Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV)
Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear
of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving
Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of
Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting
Related Relief* [Docket No. 61] (the "**Sale Motion**");

   **WHEREAS**, on May 16, 2012, the United States Trustee for the Southern
District of New York appointed a nine-member official committee of unsecured creditors
[Docket No. 102] (the "**Creditors' Committee**");

   **WHEREAS**, following an auction, certain Debtors and Ocwen entered into
an asset purchase agreement, dated as of November 2, 2012, for the sale of substantially all
of the Debtors' loan origination and servicing platform assets (as amended from time to
time, the "**Ocwen APA**").[1]

  **I.**  **Servicing Transfer Agreement**

---

[1] The Ocwen APA is attached as <u>Exhibit 1</u> to the Ocwen Sale Approval Order (defined herein).  The
Ocwen APA has been amended from time to time in accordance with the terms of the Ocwen Sale
Approval Order (as defined below) or as approved by order of this Court.

**WHEREAS**, the Federal Home Loan Mortgage Corporation ("**Freddie Mac**") filed certain objections to the Sale Motion, including Docket Nos. 1690, 2101, and 2196, objecting to the assumption and assignment of (i) a certain Master Agreement between GMAC Mortgage, LLC ("**GMACM**"), Residential Funding Company, LLC, Ally Bank N.A. ("**Ally Bank**"), and Freddie Mac, dated as of July 22, 2011, and prior master agreements, each of which incorporates the provisions of the Freddie Mac Single-Family Seller/Servicer Guide (the "**Guide**") and the related purchase documents, (ii) certain interim servicing agreements between these parties, and (iii) a Tri-Party Agreement, dated August 10, 2011 (collectively, the "**Freddie Mac Agreements**"), and asserting cure claims and objecting to the lack of adequate assurance of future performance;

**WHEREAS**, on November 21, 2012, the Court approved the sale of the Debtors' platform servicing assets and entered the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) (A) Sale Of Debtors' Assets Pursuant to Asset Purchase Agreement With Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] (the "**Ocwen Sale Approval Order**"), approving the sale of, among other things, certain Freddie Mac Agreements to Ocwen;

**WHEREAS**, on February 6, 2013, the Debtors and Freddie Mac entered into a *Stipulation and Order Relating to the Assumption and Assignment of Certain Agreements of Freddie Mac Pursuant to Section 365 of the Bankruptcy Code and Related Relief* [Docket No. 2856] (the "**Freddie Mac Stipulation**") to resolve Freddie Mac's

3

outstanding cure claims and objections to the Sale Motion upon the execution of a proposed servicing transfer agreement (the "**Servicing Transfer Agreement**"), attached hereto as Exhibit A;

      **WHEREAS**, on February 12, 2013, Ocwen filed the *Ocwen Loan Servicing, LLC's Reservation of Rights with Respect to Debtors' Proposed Stipulation and Order Relating to the Assumption and Assignment of Certain Agreements of Freddie Mac Pursuant to Section 365 of the Bankruptcy Code and Related Relief* [Docket No. 2888] (the "**Ocwen RoR**") in connection with Ocwen's concern that the Freddie Mac Stipulation was predicated upon the execution of the proposed form of Servicing Transfer Agreement which required Ocwen to assume certain potential obligations and liabilities associated with the Freddie Mac Agreements to be assumed and assigned by Ocwen that Ocwen was not required to assume under the Ocwen APA, including liabilities that could arise as the result of pre-closing acts or omissions of the Debtors.  Specifically, the form of Servicing Transfer Agreement provided for Ocwen's assumption of liability related to (i) certain compensatory fees[2] for loans completing foreclosure after the Closing Date (defined below), which raised issues as to the potential magnitude of such fees; and (ii) certain foreclosure timeline penalties raising issues as to whether and to what extent certain Debtors or Ocwen would be responsible for such foreclosure timeline penalties, and the potential magnitude of such penalties.  In the Ocwen RoR, Ocwen asserted its belief that it is not required to assume these liabilities pursuant to the Ocwen APA or to execute the

---

[2]    The Ocwen APA provides that the Debtors are responsible for all compensatory fees related to a failure to adhere to the standard foreclosure timeline required by the Guide for Freddie Mac loans for which the date occurring ninety (90) days prior to the expiration of the applicable standard foreclosure timelines occurs on or before the Closing Date.  In recent discussions with Freddie Mac, the Parties learned that Freddie Mac was requiring Ocwen to assume in the Servicing Transfer Agreement all compensatory

form of Servicing Transfer Agreement upon which Freddie Mac's consent to the transfer of the Freddie Mac Agreements was predicated without a clarification regarding the protections afforded to Ocwen with respect to such liabilities and obligations.

## II.    Ally Bank Servicing Agreement

WHEREAS, prior to the Petition Date, GMACM entered into a subservicing agreement with Ally Bank (the "**Ally Bank Servicing Agreement**") in connection with the servicing of certain loans.  Under the Ally Bank Servicing Agreement, the Debtors are obligated to continue servicing these loans until such Agreement ends by its terms, which is on May 16, 2013;

WHEREAS, the Ocwen APA contains a form of estate subservicing agreement (the "**Estate Subservicing Agreement**") which sets forth the terms under which Ocwen would subservice certain servicing obligations remaining in the estate post-Closing Date;

WHEREAS, pursuant to Section 2.15 of the Ocwen APA, Ocwen has the right to exclude certain contracts from those being assumed and assigned under the Ocwen APA, and Ocwen opted to exercise that right to exclude the Ally Bank Servicing Agreement from those it intended to assume and assign in connection with the sale;

WHEREAS, the pricing the Debtors received from Ally to continue the subservicing of these loans under the Ally Bank Servicing Agreement was lower than that which the Debtors would have to pay Ocwen to subservice these loans under the Estate Subservicing Agreement, and the Debtors requested that Ocwen agree to subservice the

---

fees accruing post-closing, which exceeded the liabilities Ocwen would have otherwise been required to assume under the Ocwen APA.

Ally Bank Subservicing Agreement at the price the Debtors received from Ally (*i.e.*, $8.00 per loan);

WHEREAS, absent Ocwen's agreement to reduce the pricing associated with the subservicing the loans under the Ally Bank Subservicing Agreement and the entry into this Stipulation and Order, this subservicing pricing differential would have resulted in a loss to the estates of approximately $7.5 million, assuming a February 15, 2013 Closing Date;

WHEREAS, the Debtors seek to complete the transfer under the Ocwen Sale Approval Order as set forth in the Ocwen APA on February 15, 2013 (the "**Closing Date**"[3]);

WHEREAS, the Parties have engaged in good-faith negotiations with the objective of resolving outstanding issues set forth herein on the terms and conditions set forth in this Stipulation and Order;

WHEREAS, the Debtors have discussed with the Creditors' Committee the Stipulation and Order and resolutions contained herein;

WHEREAS, the Ocwen Sale Approval Order provides, in pertinent part, that the Ocwen APA and related documents may be modified, amended, or supplanted by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement dot not have any adverse effect on the Debtors' estates (Ocwen Sale Approval Order ¶ 30);

---

[3]    The Closing Date as used herein is subject to change, and all references to the Closing Date shall reflect any such change in date.  Additionally, pursuant to the Ocwen Sale Approval Order and the Ocwen APA, certain assets are subject to transfer at a later date pursuant to the agreement of the Parties.

**WHEREAS**, the Debtors do not believe that the resolution upon the terms set forth in this Stipulation and Order and an amendment to the Ocwen APA embodying the terms hereof would have any adverse effect on the Debtors' estates but seek entry of this Stipulation and Order out of an abundance of caution;

**WHEREAS**, the Debtors and the Creditors Committee believe that entry into this Stipulation and Order is in the best interests of the estates;

**WHEREAS**, venue of this proceeding and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1.    The recitals form an integral part of this Stipulation and Order and are fully incorporated herein.

2.    In connection with the transfer of the Freddie Mac Agreements and conditioned upon the approval of the terms set forth in this Stipulation and Order, prior to the Closing Date, certain Debtors, Ocwen and Freddie Mac will execute the Servicing Transfer Agreement to memorialize and effectuate the transfer of the Freddie Mac Agreements from the Debtors to Ocwen.

3.    The Parties hereby agree that the Debtors shall reduce the portion of the Purchase Price (as defined in and determined by the Ocwen APA) which Owcen is to pay in respect of the assets relating to the Freddie Mac Agreements by $49.5 million. In exchange for this reduction in the Purchase Price, Ocwen agrees to enter into the Servicing Transfer Agreement and assume (i) any and all foreclosure delay-related costs, fees and penalties of any kind (including, without limitation, compensatory fees) for loans

7

completing foreclosure after the Closing Date, and (ii) any and all additional costs and penalties of any kind assessed by Freddie Mac after the Closing Date in connection with foreclosure (including, without limitation, foreclosure penalties and repurchase claims). Ocwen shall have no liability for (i) any and all foreclosure delay-related costs, fees and penalties of any kind (including, without limitation, compensatory fees) for loans completing foreclosure on or before the Closing Date, and (ii) any and all additional costs and penalties of any kind assessed by Freddie Mac on or before the Closing Date in connection with foreclosure (including, without limitation, foreclosure penalties and repurchase claims), as the costs, fees and penalties described in the foregoing clauses (i) and (ii) shall be Retained Liabilities pursuant to the Ocwen APA, which such liabilities the Debtors assert have been settled pursuant to the Freddie Mac Stipulation.

4.      Additionally, Ocwen agrees that (i) Ocwen shall not be entitled to any Purchase Price reduction with respect to expenses incurred in connection with any PSA Amendment, provided that Ocwen reserves all rights under the Ocwen APA with respect thereto, and (ii) there will be no further reduction in the Purchase Price in connection with the consummation of the transactions contemplated by the Ocwen APA on the Closing Date, except as previously provided for in the Ocwen APA or as otherwise agreed to by the Parties.

5.      Ocwen agrees to modify the Estate Subservicing Agreement with respect to the Ally Bank portfolio of loans to be serviced pursuant to the Ally Bank Servicing Agreement, and will subservice these loans on behalf of the estate at the same pricing levels set forth in the Ally Bank Servicing Agreement (*i.e.*, $8.00 per loan).

6.      The Stipulation and Order constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersede all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of the Stipulation and Order.

7.      The Debtors are authorized to execute any other necessary documents with Ocwen to memorialize and/or effectuate the resolution provided for in this Stipulation and Order, including an amendment to the Ocwen APA.

8.      The Parties shall use their good faith efforts to hold the Closing Date of the sale of assets to Ocwen on February 15, 2013.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order, including all disputes over claims arising pursuant to the Servicing Transfer Agreement.

10.     Notwithstanding, anything herein to the contrary, this Stipulation and Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System/Federal Deposit Insurance Corporation Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, ResCap, GMACGMACM, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012.

11.    Except as expressly provided herein, nothing in this Stipulation and Order is intended or shall be construed to modify or affect the terms and provisions of, or Ocwen's rights pursuant to, the Ocwen Sale Approval Order.

12.    This Stipulation and Order is not intended to and shall not modify the terms of the Servicing Transfer Agreement between Ocwen and Freddie Mac or between Freddie Mac and the Debtors, and to the extent of any conflict between the Stipulation and Order and the Servicing Transfer Agreement, the terms of the Servicing Transfer Agreement shall govern the rights and obligations between Freddie Mac and the Debtors and between Freddie Mac and Ocwen after the Closing Date; *provided, however,* solely as between the Debtors and Ocwen, to the extent of an inconsistency between the Servicing Transfer Agreement and any of the Stipulation and Order, the Ocwen APA, and the Ocwen Sale Approval Order, the Stipulation and Order, the Ocwen APA, and the Ocwen Sale Approval Order, as applicable, shall govern.

13.    Nothing in this Stipulation and Order is intended or shall be construed to modify or affect the terms and provisions of the *Stipulation and Order Reserving Rights with Respect to Debtors' Motion for Interim and Final Orders Authorizing the Debtors to Continue to Perform Under the Ally Bank Servicing Agreement in the Ordinary Course of Business* [Docket No. 1420].

14.    12. The Stipulation and Order may not be altered, modified, changed or vacated without the prior written consent of the Parties.

15.    13. This Stipulation and Order shall be binding upon the Parties as well as any successor, trustee or receiver appointed in these chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of these chapter 11

10

cases to cases under chapter 7.  No provision in any plan of reorganization or liquidation subsequently confirmed in these chapter 11 cases shall contain any provisions inconsistent with the terms of this Stipulation and Order.

16. ~~14.~~ This Stipulation and Order may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement.  Any of the Parties may execute this Stipulation and Order by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

17. ~~15.~~ The Stipulation and Order is subject to the approval of the Court, and shall become effective upon the Court's entry of this Stipulation and Order.  The terms of this Stipulation and Order specifically remain subject to the approval of the Boards of Directors of the applicable Debtors.   No other or further notice to creditors or parties-in-interest is required to effectuate the Stipulation and Order.

[*Remainder of Page Intentionally Left Blank*]

18. ~~16.~~

The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation and Order.

Dated:  February 13,14, 2013            /s/ Todd M. Goren
                                        Gary S. Lee
                                        Todd M. Goren
                                        Meryl L. Rothchild
                                        **MORRISON & FOERSTER LLP**
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone:  (212) 468-8000
                                        Facsimile:  (212) 468-7900

                                        *Counsel to the Debtors and*
                                        *Debtors in Possession*

Dated:  February 13,14, 2013            /s/ Jennifer C. DeMarco
                                        Jennifer C. DeMarco
                                        Adam Lesman
                                        **CLIFFORD CHANCE US LLP**
                                        31 West 52nd Street
                                        New York, New York  10019
                                        Telephone: (212) 878-8000
                                        Facsimile: (212) 878-8375

                                        *Counsel to Ocwen Loan Servicing, LLC*

12

Dated:  February 13,14, 2013

**ACKNOWLEDGEMENT AND CONSENT:**
OFFICIAL COMMITTEE OF UNSECURED
CREDITORS

/s/ Stephen Zide
Kenneth Eckstein
Douglas Mannal
Stephen Zide
**Kramer Levin Naftallis & Frankel LLP**
1177 Avenue of the Americas
New York, New York  10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel to the Official Committee of Unsecured
Creditors*

**IT IS SO ORDERED**

New York, New York
Dated:  _____, 2013

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT A</u>**

Servicing Transfer Agreement

Document comparison by Workshare Professional on Thursday, February 14, 2013 5:33:13 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NEW YORK/1077928/7 |
| Description | NEW YORK-#1077928-v7-ResCap_-_Stipulation_Resolving_Ocwen_RoR_Re:_Debtors'_Stipulation_Relating_to_Assumption_and_Assignment_of_Certain_Freddie_Mac_Agreements |
| Document 2 ID | PowerDocs://NEW YORK/1077928/8 |
| Description | NEW YORK-#1077928-v8-ResCap_-_Stipulation_Resolving_Ocwen_RoR_Re:_Debtors'_Stipulation_Relating_to_Assumption_and_Assignment_of_Certain_Freddie_Mac_Agreements |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 9 |
| Deletions | 10 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |

| Format changed | 0 |
|----------------|---:|
| Total changes | 19 |