Presentment Date and Time: February 22, 2013 at 12:00 p.m. (ET)
Objection Deadline: February 21, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER REGARDING
THE SALE OBJECTION OF AMBAC ASSURANCE CORPORATION AND
THE SEGREGATED ACCOUNT OF AMBAC ASSURANCE CORPORATION**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Order Regarding the Sale Objection of Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation* (the "**Stipulation and Order**"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **February 22, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

ny-1078392                                    1

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **February 21, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Esq. and Norman S. Rosenbaum, Esq.); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Esq. Linda A. Riffkin, Esq. and Brian S. Masumoto, Esq.); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr. , Esq.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri, Esq.); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention: Ken Ziman, Esq. & Jonathan H. Hofer, Esq.); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein, Esq. & Greg Horowitz, Esq.); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco, Esq. and Adam Lesman, Esq.); (j) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper, Esq. and Seth Goldman, Esq.); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970

Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (l) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (m) counsel to Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation, Patterson Belknap Webb & Tyler LLP, 1133 Avenue of the Americas, New York, NY 10036-6710 (Attention: David W. Dykhouse, Esq.).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: February 15, 2013  
       New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re: : Chapter 11
:
RESIDENTIAL CAPITAL, LLC, *et al.*, : Case No. 12-12020 (MG)
:
Debtors. : Jointly Administered
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**STIPULATION AND ORDER REGARDING THE SALE
OBJECTION OF AMBAC ASSURANCE CORPORATION AND
THE SEGREGATED ACCOUNT OF AMBAC ASSURANCE CORPORATION**

WHEREAS, on May 14, 2012 ("Petition Date"), the above-captioned debtors ("Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code");

WHEREAS, also on the Petition Date, the Debtors filed the *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief*, Dkt. No. 61 ("Sale Motion");

WHEREAS, the Sale Motion sought approval of the sale of the Debtors' mortgage loan origination and servicing platforms ("Sale") to the highest or otherwise best bidder,

which the Debtors later determined to be Ocwen Loan Servicing, LLC (including its affiliates and any of its assignees or designees in connection with the Sale, "<u>Ocwen</u>");

WHEREAS, on October 12, 2012, Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation (together, "<u>Ambac</u>") timely filed the *Objection and Reservation of Rights of Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation to Proposed Assumption and Assignment of Certain Executory Contracts*, Dkt. No. 1810 ("<u>Ambac</u> <u>Objection</u>");

WHEREAS, as set forth more fully in the Ambac Objection, Ambac provides financial guarantee insurance in connection with certain of the Debtors' securitization transactions ("<u>RMBS</u> <u>Transactions</u>");

WHEREAS, as set forth more fully in the Ambac Objection, before agreeing to insure securities issued in connection with any of the RMBS Transactions, Ambac contends that it negotiated a variety of rights and remedies related to servicing, including the right to terminate the servicers under certain circumstances (collectively, "<u>Servicing-Related</u> <u>Rights</u>").  Pursuant to the Ambac Objection, Ambac objected to the proposed assumption and assignment of certain contracts in connection with the Sale (the "<u>Servicing Transaction Contracts</u>")  because Ambac contends that the proposed order approving the Sale and the assumption and assignment of the Servicing Transaction Contracts appeared to diminish or eliminate certain of the Servicing-Related Rights;

WHEREAS, pursuant to the Ambac Objection, Ambac also objected to the assumption and assignment of the contracts associated with the RMBS Transactions identified on <u>Exhibit A</u> hereto ("<u>Terminated</u> <u>Servicing</u> <u>Transactions</u>") alleging that the Debtors did not have the right to assume and assign servicing rights related to the Terminated Servicing Transactions;

WHEREAS, Ambac and the Debtors have agreed, subject to the approval of this Court, to the transfer of the loan servicing related to the Terminated Servicing Transactions on mutually acceptable terms, and that such transfer shall be the subject of a separate proposed stipulation and order or motion to be submitted to the Court on appropriate notice to parties in interest;

WHEREAS, pursuant to the Ambac Objection, Ambac asserted a cure claim in an amount not less than $15,516,745 with respect to the RMBS Transactions and related Servicing Transaction Contracts identified on Exhibit B (the "Exhibit B RMBS Transactions"). Ambac subsequently agreed that the amount required to cure defaults under the Exhibit B RMBS Transactions to be assumed and assigned to Ocwen ("Cure Amount") is not more than $12,358,651;

WHEREAS with respect to the remaining RMBS Transactions that are the subject of the Ambac Objection (exclusive of the Terminated Servicing Transactions), Ambac does not assert a cure claim;

WHEREAS, prior to the hearing to consider approval of the Sale, the Debtors requested that Ambac agree to defer this Court's consideration of the Ambac Objection so that the parties could engage in good-faith negotiations aimed at resolving the Ambac Objection, and Ambac agreed;

WHEREAS, on November 21, 2012, this Court entered the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale Of Debtors' Assets Pursuant to Asset Purchase Agreement With Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases*

*Thereto; (D) Related Agreements; and (II) Granting Related Relief*, Dkt. No. 2246 ("Sale Order");

WHEREAS, the Sale Order expressly carved out the Ambac Objection from its scope and included a provision that that "[n]o findings of fact or conclusions of law contained in this Order or rulings at the Sale Hearing shall be binding on, prejudice the arguments of, prejudice the ability to make arguments of, be considered law of the case with respect to, or otherwise estop . . . Ambac Assurance Corp. at any future hearing or proceedings"; and

WHEREAS, Ambac and the Debtors have conferred regarding the Ambac Objection, have reached a partial resolution of the issues it raises and have agreed to a schedule for this Court to adjudicate one of the remaining disputed issues;

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between Ambac and the Debtors as follows:

1. **Cure Claim**. The Debtors and Ambac shall continue to negotiate in good faith regarding the Cure Amount. The Debtors shall reserve $12,358,651 in cash on account of the Cure Amount from any sale and assignment of Exhibit B RMBS Transactions until such time as either (a) the Debtors and Ambac have agreed in writing to a different amount and such amount is paid to Ambac or (b) this Court enters an order fixing the Cure Amount and the Cure Amount is paid to Ambac. If the Debtors and Ambac agree on a Cure Amount that is equal to or less than $12,358,651, the Debtors are hereby authorized, subject to receipt of the approval of the Official Committee of Unsecured Creditors ("UCC"), to pay such amount to Ambac without further order of this Court. If the Debtors and Ambac are unable to agree upon the Cure Amount, they shall jointly petition this Court for a determination of the proper Cure Amount on notice to

all parties. For the avoidance of doubt, however, the Cure Amount will not be addressed at the March 28 Hearing (as defined below).

    2.    **Servicing-Related Rights**. A hearing on the Ambac Objection as it pertains to the Servicing-Related Rights, and the positions of the Debtors and other parties in interest with respect thereto, will be held on **March 28, 2013 at 2:00 p.m.** ("March 28 Hearing"). The March 28 Hearing will be an evidentiary hearing. The following deadlines apply to the March 28 Hearing:

    a.    The Debtors and Ambac shall attempt in good-faith to agree upon a joint statement of stipulated facts on or before **February 28, 2013**. If the parties do not agree upon stipulated facts on or before that date, the parties shall (ii) be entitled to submit declarations in lieu of direct testimony in accordance with the schedule set forth herein and present the declarants as witnesses at the March 28 Hearing for *voir dire* and cross-examination and (ii) continue to attempt to agree upon a joint statement of stipulated facts. If the parties succeed in agreeing upon stipulated facts after February 28 and before March 21, 2013, each party that has theretofore served and filed a declaration may, in its discretion, withdraw any such declaration or file a notice that designated portions of any such declaration have been superseded.

    b.    The Debtors shall file their reply to the Ambac Objection (solely as it pertains to the Servicing Related Rights) and any declaration(s) in support thereof on or before **March 4, 2013**. The UCC and Ocwen shall each file their replies, if any, to the Ambac Objection on or before March 4, 2013

    c.    Ambac may file an omnibus sur-reply to any reply filed by the Debtors, Ocwen or the UCC, and any declaration in support of the Ambac Objection (solely as it pertains to the Servicing-Related Rights), on or before **March 11, 2013**.

    d.    The Debtors and Ambac shall submit a joint status report to the Bankruptcy Court on or before **March 14, 2013 at 5:00 p.m.**, regarding the status of their efforts to resolve their dispute regarding the Servicing-Related Rights and whether the parties intend to proceed with the hearing scheduled for March 28, 2013.

  e. If a party files a declaration that has not been withdrawn, the opposing party may take the declarant's deposition during the week of **March 18, 2013** at a mutually agreeable time and place.

  f. Each party shall submit two copies of all exhibits that it intends to rely on at the March 28 Hearing, together with a copy of all of its declarations, designations and other submissions, to chambers no later than **March 21, 2013 at 2:00 p.m.** All exhibits must be pre-marked. The Debtors' exhibits must be identified by numbers and Ambac's by letters.

3. **Additional Terms**.

  a. This Stipulation and Order may not be modified other than by a signed writing executed by the parties hereto and further order of this Court.

  b. Each person who executes this Stipulation and Order on behalf of a party hereto represents that he is duly authorized to execute this Stipulation and Order on behalf of such party.

  c. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

  d. This Stipulation and Order shall be immediately effective upon its entry.

e. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

Dated: New York, New York
February 15, 2013

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>*Attorneys for Debtors and Debtors in Possession* | PATTERSON BELKNAP WEBB & TYLER LLP<br>*Attorneys for Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation* |
| By: /s/ Norman S. Rosenbaum<br>    Norman S. Rosenbaum<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Fax: (212) 468-7900 | By: /s/ David W. Dykhouse<br>    David W. Dykhouse<br>1133 Avenue of the Americas<br>New York, New York 10036-6710<br>Telephone:  (212) 336-2000<br>Fax:  (212) 336-2222 |

APPROVED AND SO ORDERED
this __ day of _____, 2013
in New York, New York

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

- 7 -

ny-1078428

## **EXHIBIT A**

## Terminated Servicer Transactions

Residential Asset Mtge. Products 2001-RS1
Residential Asset Mtge. Products 2001-RS3
Residential Asset Mtge. Products 2002-RP2
Residential Asset Mtge. Products 2002-RS6
Residential Asset Mtge. Products 2002-RS7
Residential Asset Mtge. Products 2003-RS1
Residential Asset Mtge. Products 2003-RS2
Residential Asset Mtge. Products 2003-RS3
Residential Asset Mtge. Products 2003-RS4
Residential Asset Mtge. Products 2003-RS5
Residential Asset Securities Corp 2002-KS1
Residential Asset Securities Corp. 2004-KS4
Residential Funding Corporation 2004-RS9

ny-1078428

# **EXHIBIT B**

ny-1078428

## Exhibit B RMBS Transactions

Impac CMB Trust Series 2005-6
Residential Asset Mtge. Products 2002-RP1
Residential Asset Mtge. Products 2002-RS4
Residential Asset Mtge. Products 2003-RS6
Residential Asset Mtge. Products 2004-RS5 Trust
Residential Asset Securities Corp. 2003-KS4
Residential Asset Securities Corp. 2003-KS5
Residential Asset Securities Corp. 2003-KS9
Residential Funding Corp 2002-KS4
Residential Funding Corp 2002-KS6
Residential Funding Corp. 2002-KS8