**Hearing Date and Time: March 5, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  February 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------ ) | |
| In re:                                              ) | Case No. 12-12020 (MG) |
|                                                     ) | |
| RESIDENTIAL CAPITAL, LLC, et al.,    ) | Chapter 11 |
|                                                     ) | |
|                                   Debtors.    ) | Jointly Administered |
| ------------------------------------------------------ ) | |

**NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) IMPOSING SANCTIONS AGAINST KENNETH J. TAGGART**
**FOR VIOLATIONS OF BANKRUPTCY RULE 9011 AND (II)**
**IMPLEMENTING INJUNCTIVE PROCEDURES BARRING**
**ADDITIONAL FILINGS WITHOUT PRIOR LEAVE OF THE COURT**

   **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion*

*for Entry of an Order (i) Imposing Sanctions Against Kenneth J. Taggart for Violations*

*of Bankruptcy Rule 9011 and (ii) Implementing Injunctive Procedures Barring Additional*

*Filings Without Prior Leave of the Court* (the "**Motion**").

   **PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take

place on **March 5, 2013 at 10:00 a.m. (prevailing Eastern time)** before the Honorable

Martin Glenn, at the United States Bankruptcy Court for the Southern District of New

York, Alexander Hamilton Custom House, One Bowling Green, New York, New York

10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic

case filing system, and be served, so as to be received no later than **February 26, 2013 at**

**4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison &

Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee,

Lorenzo Marinuzzi, Norman S. Rosenbaum and James Newton); (b) the Office of the

United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st

Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S.

Masumoto); (c) the Office of the United States Attorney General, U.S. Department of

Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US Attorney

General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The

Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.);

(e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews

Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro, Esq.); (f) counsel for Ally

Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn:

Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP

lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York,

NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (h) counsel for the committee of

unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the

Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (i) counsel

for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New

York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); (j) counsel for

Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los

Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman); (k) Internal

Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to

2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (l) Securities

and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite

400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director); and

(m) Kenneth J. Taggart, 45 Heron Road, Holland, PA 18966.

     **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written objection to the relief requested in the Motion, the Bankruptcy Court may deem

any opposition waived, treat the Motion as conceded, and enter an order granting the

relief requested in the Motion without further notice or hearing.

Dated: February 16, 2013
      New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**Hearing Date and Time: March 3, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: February 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

—————————————————————————
|   |   |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

—————————————————————————

|   |   |
|---|---|
| KENNETH J. TAGGART and others similarly situated, | |
| Plaintiffs, | Adv. No. 12-01945 (MG) |
| v. | |
| RESIDENTIAL CAPITAL, LLC, et al., | |
| Defendants. | |

-------------------------------------------------------------------------------

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) IMPOSING SANCTIONS AGAINST KENNETH J. TAGGART FOR VIOLATIONS OF BANKRUPTCY RULE 9011 AND (II) IMPLEMENTING INJUNCTIVE PROCEDURES BARRING ADDITIONAL FILINGS WITHOUT PRIOR LEAVE OF THE COURT

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

JURISDICTION .................................................................................................................. 4

BACKGROUND ................................................................................................................ 4

    A.    General Background ......................................................................................... 4

    B.    The Serial Taggart Filings ............................................................................... 5

RELIEF REQUESTED ....................................................................................................... 10

APPLICABLE AUTHORITY ............................................................................................. 11

    A.    Sanctions Are Warranted Pursuant to Bankruptcy Rule 9011 and the
           Court's Inherent Power ..................................................................................... 11

        1.    Bankruptcy Rule 9011 Standards ............................................................ 11

        2.    The Court's Inherent Powers .................................................................. 12

BASIS FOR RELIEF .......................................................................................................... 14

    A.    Taggart Should be Required to Withdraw the Complaint ................................... 15

    B.    Taggart Should Be Enjoined from Making Any Further Filings in These
           Cases Without Prior Court Approval or, in the Alternative, Sanctioned an
           Appropriate Amount in Excess of $1,000 ......................................................... 17

    C.    The Sanctions Requested are Also Appropriate Pursuant to Bankruptcy
           Code Section 105(a) and 28 U.S.C.A. § 1651(a) ............................................... 21

    D.    Taggart Has Received Proper Notice of the Request for Sanctions ..................... 22

NOTICE .............................................................................................................................. 22

CONCLUSION ................................................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Armstrong v. Rushton (In re Armstrong),
    309 B.R. 799 (B.A.P. 10th Cir. 2004)......................................................................................21

Carman v. Treat,
    7 F.3d 1379 (8th Cir. 1993) ..................................................................................................16

Deep v. Danaher,
    393 B.R. 51 (N.D.N.Y. 2008) ................................................................................................21

Dodson v. Runyon,
    86 F.3d 37 (2d Cir. 1996).......................................................................................................16

Erti v. Paine Webber Jackson v. Curtis, Inc. (In re Baldwin-United Corp. Litig.),
    765 F.2d 343 (2d Cir. 1985)...................................................................................................21

Gilpin v. Philip Morris Int'l, Inc.,
    No. 01 Civ. 5960 (RLC), 2002 WL 1461433 (S.D.N.Y. July 8, 2002) ..................................16

In re Ionosphere Clubs, Inc.,
    98 B.R. 174 (Bankr. S.D.N.Y. 1989) .....................................................................................21

Kristan v. Turner (In re Kristan),
    395 B.R. 500 (1st Cir. 2008)..................................................................................................21

Martin v. Key Bank (In re Martin),
    208 B.R. 807 (N.D.N.Y. 1997), aff'd sub nom., Martin v. Schapp Moving Sys., Inc.,
    152 F.3d 919 (2d Cir. 1998)...................................................................................................12

In re Martin-Trigona,
    9 F.3d 226 (2d Cir. 1993)......................................................................................................12

Martin-Trigona v. Lavien (In re Martin-Trigona),
    737 F.2d 1254 (2d Cir. 1984).................................................................................................13

In re NASDAQ Market-Makers Antitrust Litig.,
    187 F.R.D. 124 (S.D.N.Y. 1999) ......................................................................................12, 13

Rhinehart v. Stauffer,
    638 F.2d 1169 (9th Cir. 1979) ...............................................................................................16

Safir v. U.S. Lines, Inc.,
    792 F.2d 19 (2d Cir. 1986).................................................................................................13, 14

# TABLE OF AUTHORITIES
(continued)

**Page**

In re Schuessler,
    386 B.R. 458 (Bankr. S.D.N.Y. 2008) ....................................................................21

Shuffman v. Hartford Textile Corp. (In Re Hartford Textile Corp.),
    659 F.2d 299 (2d Cir. 1981) ..........................................................................................12

Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.),
    681 F.2d 895 (2d Cir. 1982) ..........................................................................................13

In re Solis,
    137 B.R. 121 (Bankr. S.D.N.Y. 1992) ..........................................................................16

In re Truoug,
    No. 09-11047, 2009 Bankr. LEXIS 2440 (Bankr. S.D.N.Y. Sept. 3, 2009) ...........................13

STATUTES

11 U.S.C. § 105(a) ..................................................................................................... passim

OTHER AUTHORITIES

Fed. R. Bankr. P. 9011(c) .............................................................................10, 15, 20, 22

Memorandum Decision Denying Trustee's Motion for Sanctions Under 28 U.S.C. §
    1927, In re Truong, Case No. 07-12194 (Bankr. S.D.N.Y. Apr. 14, 2008) [Docket No.
    34] ...................................................................................................................................22

EXHIBITS

Exhibit 1: Proposed Order

Exhibit 2: Foreclosure Proceeding Docket

Exhibit 3: Taggart Proof of Claim

Exhibit 4: Taggart Letter Requesting Summons

GMAC Mortgage, LLC ("**GMAC Mortgage**" or the "**Defendant**") and its affiliated debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**" and each, a "**Debtor**") submit this motion (the "**Motion**") for entry of an order, substantially in the form annexed hereto as <u>Exhibit 1</u> (the "**Proposed Order**"), pursuant to section 105 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9011 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), (i) assessing sanctions against Kenneth J. Taggart ("**Taggart**") for violations of Bankruptcy Rule 9011 by filing his Adversary Complaint Against Debtors & Others filed in *Kenneth J. Taggart and others similarly situated v. Residential Capital, LLC, et al.*, [Docket No. 1] (the "**Complaint**"), initiating Adversary Proceeding No. 12-01945 (MG) (the "**Adversary Proceeding**"), and (ii) implementing injunctive procedures to prevent Taggart from filing additional pleadings without first obtaining this Court's leave to do so.  In support of this Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.     The Debtors are once again before the Court faced with another attempt by Taggart—his fifth—to delay or otherwise remove GMAC Mortgage's state court foreclosure proceeding (the "**Foreclosure Proceeding**") from the Court of Common Pleas of Montgomery County, Pennsylvania (the "**State Court**") to this Court.  Despite the Debtors' agreement to relief from the automatic stay (at Taggart's request) so that Taggart could pursue all of his counterclaims in the state court foreclosure proceeding up to and through dispositive motions,[1] the Debtors have been required to respond to at least four additional motions filed by Taggart in these chapter 11 cases.  After several hearings and a warning by this Court that Taggart's continued pleadings were frivolous and could lead to sanctions, Taggart has now filed the

---

[1]     The Debtors continue to contend that substantially all of the counterclaims were stayed and/or impermissible attempts to pursue damages in an *in rem* proceeding.

Complaint, seeking adjudication of essentially the same issues raised by Taggart in the motions

he filed in this Court (that are also currently subject to an appeal filed by Taggart), in numerous

motions filed in the Foreclosure Proceeding, and in two actions in the United States District

Court for the Eastern District of Pennsylvania, including an action filed on July 18, 2012,

captioned Taggart v. GMAC Mortgage LLC, Case No. CV-12-4077 (the "**Postpetition Federal**

**Action**").[2]

2.      Taggart has a long history with GMAC Mortgage, reaching back to 2009

and the initiation of the Foreclosure Proceeding in connection with an investment property

owned by Taggart.  Since then, Taggart has embarked on a strategy of vexatious litigation,

asserting meritless claims, filing frivolous appeals of any decision not in his favor and/or running

to another forum to file the same claims in the hope that one forum will rule in his favor on

matters already decided by a prior court.  Indeed, in addition to needlessly expanding the

pleadings in the Foreclosure Proceedings (a copy of the docket text in the Foreclosure

Proceeding is attached hereto as Exhibit 2), Taggart has (i) initiated at least four lawsuits

(including the Adversary Proceeding) and has named as defendants not only GMAC Mortgage,

but its employees, attorneys, and law firms, the United States government, and local courts and

governmental agencies; (ii) filed five motions in the Debtors' jointly administered chapter 11

cases; and (iii) filed an appeal of the Court's order entered November 7, 2012 denying four of

Taggart's five motions.[3]

---

[2]      The Complaint is identical to the complaint in the Postpetition Federal Action in many regards, and the Complaint even recites that "Some of the claims asserted were originally made by Taggart in a complaint filed in Federal Court, E.D.PA 12-CV-4077 filed in July 2012."

[3]      The five motions are:  *Motion for Leave to File Motion Pursuant [sic] Stay and Relief (and Clarification from Bankruptcy Court)* [Docket No. 263]; *Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code* [Docket No. 1114]; *Motion for Stay to Order Regarding Limited Relief from Stay Until Order on "Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code" is Issued by the Court*  [Docket No. 1397];

(Footnote continues on next page.)

3.       In addition to the resources expended by the Debtors in defending all of those law suits, after the filing of Taggart's *Motion for Leave to File Motion Pursuant [sic] Stay and Relief (and Clarification from Bankruptcy Court)* [Docket No. 263] (the "**First Taggart Motion**"), GMAC Mortgage, its outside litigation counsel, and undersigned counsel made painstaking efforts to address Taggart's initial concerns that he should be able to prosecute all of his counterclaims in the Foreclosure Proceeding as defenses to foreclosure, despite the Debtors' belief that none of the counterclaims may appropriately seek damages in the pending *in rem* foreclosure, and few if any of the counterclaims can be construed to represent valid defenses to foreclosure under Pennsylvania law.  Despite these efforts, Taggart rejected a proposal that would provide him with just that right – the right to prosecute of all of his counterclaims through dispositive motion practice – and proceeded to file four more motions in this Court seeking contradictory relief – generally, a stay of the Foreclosure Proceeding and sanctions against GMAC Mortgage.

4.       Taggart has demonstrated indifference to the Court's admonition.[4] Accordingly, the Debtors seek the imposition of sanctions against Taggart under Bankruptcy Rule 9011 with respect to his filing of the Complaint and initiation of this Adversary Proceeding. In particular, the Debtors seek entry of an order imposing non-monetary sanctions in the form of (i) an order directing that Taggart dismiss the Complaint and (ii) an injunction preventing

---

(Footnote continued from previous page.)

*Amended "Motion for Stay Order regarding Limited Relief from Stay" until Order on Motion to Void Pleadings & Sanctions due to violation of Bankruptcy Code is Issued by the court* [Docket No. 1585]; and *Motion to Remove Mortgage Loan alleged by Kenneth Taggart from Assets of GMAC Mortgage, LLC & Motion to Prove Ownership of Mortgage Assets (Mortgages & Notes) Kenneth Taggart Dispute Asset(s) of GMAC Mortgage, LLC* [Docket No. 1586].

[4]       Taggart also brazenly ignored the authority of this Court and the automatic stay by filing the Postpetition Federal Action without first seeking leave of the Court.

Taggart from making additional filings in the Debtors' chapter 11 cases without prior leave from the Court or, in the alternative, imposing monetary sanctions as outlined below.

## JURISDICTION

5.       This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.  The contested matter initiated by this Motion is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.       The statutory predicates for the relief requested herein are Bankruptcy Code section 105(a) and Bankruptcy Rule 9011.

## BACKGROUND

**A.       General Background**

7.       On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these chapter 11 cases.  On July 3, 2012, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York as examiner.

8.       On May 16, 2012, the U.S. Trustee appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

9.       On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (i) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (ii) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action;*

4

*(iii) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower*

*Bankruptcy Cases, and Title Disputes to Proceed; and (iv) Authorizing and Directing the*

*Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental**

**Servicing Order**").[5]

### B.    The Serial Taggart Filings

10.    On June 6, 2012, GMAC Mortgage filed a Notice of Bankruptcy and

Effect of Automatic Stay & Interim Order Granting Limited Relief to Borrowers in Foreclosure

Proceedings in the Foreclosure Proceeding – the proceeding in which GMAC Mortgage seeks to

foreclose upon an investment property owned by Taggart.  The Foreclosure Proceeding is

pending in the State Court under the caption *GMAC Mortgage, LLC v. Taggart*, Case No. 09-

25338.

11.    On June 8, 2012, Taggart, appearing *pro se*, filed the First Taggart

Motion, seeking clarification of the application of the automatic stay to the Foreclosure

Proceeding.  In the Foreclosure Proceeding, Taggart alleges thirty-two (32) counterclaims

against GMAC Mortgage.  The First Taggart Motion sought clarification regarding which of

Taggart's counterclaims could proceed in the Foreclosure Proceeding under the Interim

Supplemental Servicing Order.

12.    The Court held a hearing on the First Taggart Motion on July 10, 2012,

during which the Court directed the parties to confer and attempt to reach a resolution regarding

the First Taggart Motion.  In the absence of a consensual resolution, the Court directed the

---

[5]    The Supplemental Servicing Order superseded the *Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (i) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (ii) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (iii) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (iv) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 391] (the "**Interim Supplemental Servicing Order**").

Debtors to submit a brief outlining which of Taggart's counterclaims in the Foreclosure

Proceeding could proceed under the Supplemental Servicing Order.  The Court continued the

matter to July 24, 2012.  The hearing on the First Taggart Motion was subsequently adjourned to

the August 14, 2012 omnibus hearing.

13.    On July 18, 2012, Taggart filed the Postpetition Federal Action in

violation of the automatic stay.

14.    In addition, on July 18, 2012, the State Court entered its *Order Granting

Extension of Pending Deadlines Due to Outstanding Bankruptcy Matter* staying any pending

deadlines in the Foreclosure Proceeding until further order of the State Court.  No such further

order has yet been entered, although the State Court did hold a case management conference on

Friday, September 21, 2012[6] and, as described below, has heard additional motions filed by

Taggart.

15.    On July 23, 2012, Taggart filed his *Motion for Leave to File Motion

Pursuant Stay & Relief Oral Argument & Hearing Request* [Docket No. 882] (the "**Second

Taggart Motion**").  The Second Taggart Motion sought relief from the automatic stay to pursue

two of three pending civil actions brought by Taggart in the United States District Court for the

Eastern District of Pennsylvania,[7] including the Postpetition Federal Action.

16.    Prior to the continued hearing on the First Taggart Motion, the Debtors

reached out to Taggart by telephone and email in an effort to consensually resolve the First

---

[6]    Taggart did not appear at the case management conference at the noticed time.  After waiting for Taggart,
the Discovery Master proceeded with the case management conference and ultimately indicated that he would
recommend an additional 90 days for discovery.  However, that same day, Taggart filed a document opposing the
entry of a case management order pending the resolution of newly filed motions in this Court.  A case management
order has not yet been entered although a request was made by the Third-Party Defendant in that case to do so.
[7]    Taggart's motion did not address the third federal court action, captioned Taggart v. Court of Common
Pleas of Montgomery County – State of Pennsylvania, Case No. 12-cv-01913-WD, which names the Montgomery
County Court of Common Pleas and the Prothonotary of Montgomery County as defendants, with GMAC Mortgage
named as a third-party defendant.

Taggart Motion.  Despite the Debtors' proposal to permit Taggart to proceed with all of his counterclaims through dispositive motion practice and attempts to address any other concerns that Taggart had, the parties were unable to reach a resolution.

17.    On August 14, 2012, the Court held a hearing on the continued First Taggart Motion and the Second Taggart Motion.  At the August 14 hearing, Taggart, with the consent of the Debtors, withdrew the Second Taggart Motion.  The Court also took the First Taggart Motion under advisement, issuing its *Memorandum Opinion Granting in Part and Denying in Part the Taggart Motion to Lift the Automatic Stay* [Docket No. 1148] in connection with the First Taggart Motion later that day, by which the Court directed the Debtors to prepare a form of order consistent with the opinion.

18.    Also on August 14, 2012, Taggart filed his *Motion to Withdraw Document Filed on July 23, 2012 for Motion for Leave to file Motion Pursuant Stay & Relief Oral Argument & Hearing Requested* [Docket No. 1113], the *Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code* [Docket No. 1114] (the "**Sanctions Motion**"), and *Supplemental Brief in Support of "Motion to Clarification of Stay and Relief from Stay"* [Docket No. 1115].

19.    On September 7, 2012, in connection with the First Taggart Motion, the Court entered its *Order Granting in Part and Denying in Part the Taggart Motion to Lift the Automatic Stay* [Docket No. 1367] (the "**First Taggart Order**").  Pursuant to the First Taggart Order, Taggart may proceed with all of his counterclaims in the Foreclosure Proceeding through dispositive motion practice, and may request a reasonable extension of the discovery period in that proceeding if necessary.

20.     On September 10, 2012, Taggart filed the *"Motion for Stay to Order Regarding Limited Relief from Stay" Until Order on "Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code" is Issued by the Court* [Docket No. 1397] (the "**Reconsideration Motion**"), including with the Reconsideration Motion an additional copy of the Sanctions Motion.

21.     On September 11, 2012, Taggart filed in the Foreclosure Proceeding a similar *"Motion for Stay" Pending ruling on "Motion to Void Pleadings & Sanctions" Pending in United States Bankruptcy Court & Motion for Summary Judgment against GMAC Mortgage, LLC*, which also requested summary judgment against GMAC Mortgage.

22.     On September 26, 2012, Taggart filed his *Motion for Stay Order regarding Limited Relief from Stay until Order on Motion to Void Pleadings & Sanctions due to violation of Bankruptcy Code is Issued by the court* [Docket No. 1585] (the "**Amended Sanctions Motion**"), his *Motion to Remove Mortgage Loan alleged by Kenneth Taggart from Assets of GMAC Mortgage, LLC & Motion to Prove Ownership of Mortgage Assets (Mortgages & Notes) Kenneth Taggart Dispute Asset(s) of GMAC Mortgage, LLC* [Docket No. 1586] (the "**Foreclosure Defense Motion**"), and his *Memorandum of Law in Support of Motions* [Docket No. 1587] (collectively with the Sanctions Motion, the Amended Sanctions Motion, the Reconsideration Motion, and the Foreclosure Defense Motion, the "**October Hearing Motions**").  In these motions, Taggart alleged that GMAC Mortgage's failure to file a notice of bankruptcy in two unstayed interlocutory appeals he initiated in the Foreclosure Proceeding constituted violations of the automatic stay.  Based upon these alleged violations of the automatic stay, Taggart requested, once again, that this Court assess sanctions against GMAC Mortgage and void all pleadings in the two appeals.  In the Foreclosure Defense Motion, Taggart

asserted arguments substantially similar to the arguments he asserts in the Complaint, and

requested that this Court render decisions regarding defenses to GMAC Mortgage's foreclosure

by determining that GMAC Mortgage lacked an interest in the mortgage or note related to

Taggart's investment property at 521 Cowpath Rd, Telford, PA 18969.

23.    On October 3, 2012, the Debtors filed the *Debtors' Omnibus Objection to

*Kenneth Taggart's (i) Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy*

*Code (ii) "Motion for Stay to Order Regarding Limited Relief from Stay" Until Order on*

*"Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code" is Issued by the*

*Court (iii) Amended Motion to Void Pleadings & Sanctions Due to Violation of Bankruptcy Code*

*and (iv) Motion to Remove Mortgage Loan Alleged by Kenneth Taggart from Assets of GMAC*

*Mortgage, LLC & Motion to Prove Ownership of Mortgage Assets (Mortgages & Notes)*

*Kenneth Taggart Dispute Asset(s) of GMAC Mortgage, LLC* [Docket No. 1707].

24.    A hearing was held on the October Hearing Motions on October 10, 2012.

The October 10 hearing was the third hearing on Taggart's serial requests for relief and, by that

time, Taggart had filed in this Court the following pleadings:

- The First Taggart Motion;
- The Second Taggart Motion;
- The Sanctions Motion;
- The Reconsideration Motion;
- The Amended Sanctions Motion; and
- The Foreclosure Defense Motion and associated memorandum of law.

25.    On November 7, 2012, the Court entered its *Memorandum Opinion and*

*Order Denying the Taggart Motions* [Docket No. 2098] (the "**Second Taggart Order**"), denying

the October Hearing Motions.  The Second Taggart Order, in addition to disposing of the

October Hearing Motions, noted that "Taggart's repeat filings in this Court are frivolous" and

"[a]ny additional frivolous motions made by Taggart could result in the imposition of sanctions."
Second Taggart Order at 8.

26.    On November 14, 2012, Taggart filed in the Foreclosure Proceeding a
motion seeking a stay pending the outcome of an adversary proceeding he intended to file in this
Court no later than November 16, 2012.

27.    On November 14, 2012, the State Court held a hearing on Taggart's
(i) September 11, 2012 motion seeking to stay the Foreclosure Proceeding and to obtain
summary judgment against GMAC Mortgage; (ii) *Motion to Stay and Opposition to Discovery
Schedule*; and (iii) *Defendant's Motion to Stay Pending Ruling on Motion to Void Pleadings and
Sanctions*, and issued an order denying all three motions later that day.

28.    On November 15, 2012, Taggart filed in this Court (i) the Complaint;
(ii) his *Notice of Appeal from Order (Docket #2098) Dated 11/7/12* [Docket No. 2212], noticing
his intent to appeal the Second Taggart Order; and (iii) a proof of claim asserting a priority,
secured claim in the amount of $450 million.[8]

29.    Despite Taggart's initial request in these chapter 11 cases to permit him to
assert each of his thirty-two counterclaims as defenses to the Foreclosure Proceeding, the
Complaint, among other relief, now requests that the Court order GMAC Mortgage to withdraw
its foreclosure complaint in the State Court.

## RELIEF REQUESTED

30.    Pursuant to Bankruptcy Code section 105(a), Bankruptcy Rule 9011(c),
and the Court's inherent power, the Debtors seek entry of an order, substantially in the form
attached hereto as <u>Exhibit 1</u>, imposing sanctions (i) requiring Taggart to withdraw the Complaint

---

[8]    A copy of Taggart's proof of claim is attached hereto as <u>Exhibit 3</u>

as to all defendants so that the defendants may avoid the unnecessary costs associated with

answering or otherwise responding to this frivolous lawsuit and (ii) enjoining Taggart from filing

additional pleadings in this Court unless Taggart has first obtained leave of this Court to do so in

order to prevent Taggart's continued abuse of this Court's jurisdiction in the form of frivolous,

duplicative filings or, in the alternative, imposing monetary sanctions in an amount the Court

deems appropriate, but in excess of $1,000.

## APPLICABLE AUTHORITY

**A.    Sanctions Are Warranted Pursuant to Bankruptcy Rule 9011 and the Court's Inherent Power**

31.    The Debtors respectfully submit that sanctions against Taggart are

appropriate pursuant to Bankruptcy Rule 9011, Bankruptcy Code section 105(a), and the Court's

inherent power, as a result of his continued and frivolous filings in this Court.

**1.    Bankruptcy Rule 9011 Standards**

32.    Bankruptcy Rule 9011 provides, in pertinent part:

(b) By presenting to the court . . . [a] pleading . . . an attorney or unrepresented
party is certifying that to the best of the person's knowledge, information, and
belief, formed after an inquiry reasonable under the circumstances,—
    (1) it is not being presented for any improper purpose, such as to harass or
    to cause unnecessary delay or needless increase in the cost of litigation;
    (2) the claims, defenses, and other legal contentions therein are warranted
    by existing law or by a nonfrivolous argument for the extension,
    modification, or reversal of existing law or the establishment of new
    law . . .
(c) If, after notice and a reasonable opportunity to respond, the court determines
that subdivision (b) has been violated, the court may, subject to the conditions
stated below, impose an appropriate sanction upon the attorneys, law firms, or
parties that have violated subdivision (b) or are responsible for the violation . . .
    (2) *Nature of Sanction; Limitations*.  A sanction imposed for violation of
    this rule shall be limited to what is sufficient to deter repetition of such
    conduct or comparable conduct by others similarly situated.  Subject to the
    limitations in subparagraphs (A) and (B), the sanction may consist of, or
    include, directives of a nonmonetary nature, an order to pay a penalty into
    court, or, if imposed on motion and warranted for effective deterrence, an
    order directing payment to the movant of some or all of the reasonable

11

attorneys' fees and other expenses incurred as a direct result of the
violation.

Fed. R. Bankr. P. 9011.

33.     Courts may sanction both attorneys and pro se parties who violate Rule

9011. See, e.g., In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. 124, 131 (S.D.N.Y.

1999) (setting a hearing to determine the proper monetary amount of Rule 11 sanctions against a

pro se party, and holding that "[t]he continued assertion of a factual or legal argument long after

that argument has proven to be completely baseless is sanctionable conduct, as is 'the waste of

judicial resources and resulting inefficiencies and delays that affect all actual and potential

litigants in the federal courts.'") (internal citations and quotations omitted); Martin v. Key Bank

(In re Martin), 208 B.R. 807, 811 (N.D.N.Y. 1997), aff'd sub nom., Martin v. Schapp Moving

Sys., Inc., 152 F.3d 919 (2d Cir. 1998) (sanctioning a pro se party, and holding that "[w]hile *pro*

*se* litigants are not necessarily expected to have as sophisticated an understanding of the law as a

bankruptcy attorney, they are still held to the same standards of conduct in Rule 9011.").

## 2.     The Court's Inherent Powers

34.     As recognized by the Second Circuit, "the United States Courts are not

powerless to protect the public, including litigants . . . from the depredations of those . . . who

abuse the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or

repetitive . . . proceedings." Shuffman v. Hartford Textile Corp. (In Re Hartford Textile Corp.),

659 F.2d 299, 305 (2d Cir. 1981). If needed, "courts may resort to restrictive measures that

except from normally available procedures litigants who have abused their litigation

opportunities." In re Martin-Trigona, 9 F.3d 226, 228 (2d Cir. 1993). Examples of such

restrictions include: (i) prohibiting a plaintiff from obtaining in forma pauperis status,

(ii) foreclosing the ability of a plaintiff from filing designated categories of cases, and

(iii) requiring a plaintiff to seek "leave of the court" with respect to future filings.  Id. (collecting

cases).  "In limiting a plaintiff's ability to litigate, a court should take care to ensure that the

restrictions placed on the party 'are, taken together, not so burdensome as to deny the litigant

meaningful access to the courts.'"  In re NASDAQ Market-Makers Antitrust Litig., 187 F.R.D. at

132 (citation omitted).

      35.    Moreover, the traditional standards for injunctive relief, i.e. irreparable

injury and inadequate remedy at law, do not apply to the issuance of an injunction against a

vexatious litigant.  Martin-Trigona v. Lavien (In re Martin-Trigona), 737 F.2d 1254, 1262 (2d

Cir. 1984).  "A history of litigation entailing 'vexation, harassment and needless expense to

[other parties]' and 'an unnecessary burden on the courts and their supporting personnel' is thus

enough."  Id. (citing Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.), 681 F.2d

895, 897 (2d Cir. 1982)).

      36.    Instead, the inquiry regarding whether filing restrictions are appropriate

requires that courts consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed
> vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing
> the litigation, e.g., does the litigant have an objective good faith expectation of
> prevailing?; (3) whether the litigant is represented by counsel; (4) whether the
> litigant has caused needless expense to other parties or has posed an unnecessary
> burden on the courts and their personnel; and (5) whether other sanctions would
> be adequate to protect the courts and other parties. Ultimately, the question the
> court must answer is whether a litigant who has a history of vexatious litigation is
> likely to continue to abuse the judicial process and harass other parties.

Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986).  See also In re Truoug, No. 09-11047,

2009 Bankr. LEXIS 2440, at *24 (Bankr. S.D.N.Y. Sept. 3, 2009) ("In deciding whether to issue

a filing injunction, a court must determine 'whether a litigant who has a history of vexatious

litigation is likely to continue to abuse the judicial process and harass other parties.'" (quoting

<u>Safir v. U.S. Lines, Inc.</u>, 792 F.2d at 24)).

**BASIS FOR RELIEF**

37.    In its Second Taggart Order, this Court explained that "Taggart's repeat

filings in this Court are frivolous."  Second Taggart Order at 8.  The Court also indicated that

"[a]ny additional frivolous motions made by Taggart could result in the imposition of sanctions."

Second Taggart Order at 8.  The Complaint is nothing more than another attempt by Taggart to

delay the Foreclosure Proceeding.  While Taggart's initial filing in this Court requested stay

relief to permit Taggart to assert all of his counterclaims as defenses to the pending Foreclosure

Proceeding, since then, Taggart has raised numerous issues in this Court in an attempt to forestall

the Foreclosure Proceeding, which the Court, at the Debtors' suggestion, permitted to proceed

through dispositive motion practice.  <u>See</u> <u>generally</u> First Taggart Order.

38.    Taggart's conduct before this Court illustrates that Taggart is engaged in a

thinly-veiled and non-stop effort to harass the Debtors and delay the disposition of the

Foreclosure Proceeding.  In light of Taggart's history before this Court and others, he cannot

possibly come to the Court in good faith seeking the relief he requested by the Complaint.

39.    Notwithstanding Taggart's serial filings and appearances before this

Court, Taggart has a more than sufficient avenue for recourse in (i) the currently unstayed

Foreclosure Proceeding, and (ii) the claims resolution process in these chapter 11 cases, during

which Taggart's $450 million claim will be addressed by the Debtors through the claims

reconciliation process.  Given Taggart's pro se status, and the Debtors' recognition that all

parties in interest are entitled to have their legitimate concerns addressed in a full and fair

manner, the Debtors' internal and external counsel have devoted significant time to fully address

Taggart's filings in this Court on their merits.  Indeed, despite having the grounds to do so, the

14

Debtors refrained from seeking any relief following Taggart's willful violation of the automatic

stay. However, notwithstanding Taggart's pro se status, he has shown an unabashed proclivity to

misuse and abuse the chapter 11 process, and the time has come to impose appropriate

restrictions and sanctions on Taggart. Accordingly, the Debtors request that the Court, pursuant

to Bankruptcy Rule 9011(c)(2) and its inherent powers, enter an order (i) directing Taggart to

withdraw his complaint and (ii) enjoin Taggart from making any future filings (subject to the

exceptions set forth below) in these chapter 11 cases or, in the alternative, imposing appropriate

monetary sanctions in an amount in excess of $1,000.

### A.    Taggart Should be Required to Withdraw the Complaint

40.    In the first instance, it is appropriate to require Taggart to withdraw his

Complaint, pursuant to Bankruptcy Rule 9011. The Debtors, as well as various of the other

twenty-two (22) named defendants,[9] have already been named as defendants in numerous other

courts in actions commenced by Taggart and they likely have no choice but to respond to what

are likely similar frivolous complaints. They should not be forced to respond to a lawsuit once

again asserting the same or similar claims arising from the same set of facts.

41.    Bankruptcy Rule 9011 provides a list of examples of sanctions that may be

appropriate, including issuance of "directives of a nonmonetary nature." Bankruptcy Rule

9011(c)(2). The Debtors submit that a directive to withdraw the Complaint, pursuant to

Bankruptcy Rule 9011, is appropriate in this case, where Taggart has had every opportunity to

raise all claims and defenses he may have during the more than three year pendency of the

Foreclosure Proceeding, in four motions before this Court, and in connection with any contested

matters concerning his $450 million proof of claim, if and when the Debtors determine that such

---

[9]    The named defendants include, among others, current and former employees of the Debtors, as well as the
Debtors' current and former law firms, in addition to attorneys at those firms.

an objection is appropriate. Carman v. Treat, 7 F.3d 1379, 1382 (8th Cir. 1993) (affirming

district court order, pursuant to Rule 11 of the Federal Rules Civil Procedure ("**FRCP**"),

dismissing complaint with prejudice as a sanction); Rhinehart v. Stauffer, 638 F.2d 1169, 1171

(9th Cir. 1979) (stating, in affirming dismissal of complaint pursuant to FRCP 11, "[a] district

court has the power to dismiss a complaint if it is frivolous or brought for some ulterior

purpose."); see also Dodson v. Runyon, 86 F.3d 37, 39 (2d Cir. 1996) (dismissal is appropriate

sanction for dilatory tactics and failure to prosecute, but is a harsh remedy that a judge "should

employ…only when he is sure of the impotence of lesser sanctions." (citation omitted)); Gilpin

v. Philip Morris Int'l, Inc., No. 01 Civ. 5960 (RLC), 2002 WL 1461433, at *3 (S.D.N.Y. July 8,

2002) (although recognizing that "[d]ismissal is the harshest sanction available to a district court,

and should thus 'be imposed only in extreme circumstances,'" the court dismissed a complaint

pursuant to Fed. R. Civ. Proc. 37(b)(2) for plaintiff's willful and dilatory actions in connection

with discovery).

        42.     Apparently, Taggart's purpose in continuing to file motions and the

Complaint in the Debtors' bankruptcy cases is to delay the Foreclosure Proceeding. In fact,

nearly every time Taggart files a motion or other pleading in the Bankruptcy Court (and most

recently, even before making such filings in this Court), he files another motion in the State

Court requesting that the Foreclosure Proceeding be stayed pending disposition of the newly

filed matters in this Court. Taggart's filings in these cases are clearly interposed for an improper

and dilatory purpose. Taggart has already done everything he needs to do in order to preserve

his rights, by raising all defenses he believes are meritorious in the Foreclosure Proceeding, and

filing a proof of claim in these chapter 11 cases. Additionally, the Debtors have cooperated in

ensuring that he may do so. The additional motions and Adversary Proceeding are simply delay

16

tactics and Taggart should not be permitted to continue this course of conduct in this Court.

Accordingly, the Debtors submit that the extreme sanction of dismissal, coupled with a filing

restriction (as described below) are appropriate, and will permit the Foreclosure Proceeding to

run its course in a timely manner.

**B.    Taggart Should Be Enjoined from Making Any Further Filings in These Cases Without Prior Court Approval or, in the Alternative, Sanctioned an Appropriate Amount in Excess of $1,000.**

43.    The Debtors request that the Court enjoin Taggart from interposing any

future filings in these chapter 11 cases that seek affirmative relief without prior approval from

this Court, other than the notice of renewal referred to in paragraph 5 of the First Taggart

Order.[10]  Taggart would, of course, be permitted to defend any objection to his proof of claim as

well.  However, Taggart should be required to seek leave from this Court prior to filing any other

motions, complaints, or any other pleadings seeking affirmative relief in these chapter 11 cases.[11]

In the alternative, the Debtors respectfully request that the Court impose monetary sanctions

against Taggart in an amount in excess of $1,000, which the Debtors hope will slow Taggart

from filing additional frivolous motions and pleadings.  Taggart's actions meet all five factors

described by the Second Circuit in Safir, and a filing restriction is warranted in this

circumstance.

***Taggart's History of Vexatious, Harassing and Duplicative Lawsuits***

44.    As the Debtors have described in their responses to Taggart's four motions

up to this point, Taggart has filed no less than three lawsuits against the GMAC Mortgage, in

addition to (i) a lawsuit against the Prothonotary and Court of Common Pleas of Montgomery

---

[10]    The First Taggart Order permits Taggart to file a notice of renewal of the First Taggart Motion to the extent one or more of his counterclaims remains at the conclusion of dispositive motion practice in the Foreclosure Proceeding.  First Taggart Order ¶ 5.
[11]    The Debtors reserve the right to seek a more restrictive order, preventing Taggart from making other filings to the extent they deem such request appropriate.

County, in which GMAC Mortgage is named as a third party defendant, and (ii) a thirty-two

count counterclaim in the Foreclosure Proceeding.  Taggart's complaints have progressed from

naming GMAC Mortgage and a small number of other defendants to his most recent lawsuit, the

Adversary Proceeding, which names GMAC Mortgage and twenty-two (22) other defendants.

Taggart's progression, filing numerous lawsuits (including a lawsuit filed in direct violation of

the automatic stay), motions, and appeals, naming parties as diverse as the Debtors' employees,

their attorneys, and local governmental offices shows a history of vexatious, harassing, and

duplicative lawsuits.  The first <u>Safir</u> factor is met in this case.

### Taggart's Motive in Filing the Adversary Proceeding Is Improper

45.    As described above, Taggart's filing of the Adversary Proceeding and

other motions in this Court have been with the intent to delay the Foreclosure Proceeding.  *See*

*supra.* ¶ 39.  Accordingly, the Debtors submit that the second <u>Safir</u> factor weighs in favor of a

filing restriction.

### Taggart is Pro Se, but has been Warned Against Filing Additional Frivolous Filings

46.    The Debtors are sensitive to Taggart's pro se status (as they are with all

pro se plaintiffs) and have gone to great lengths to treat him fairly.  This Court has similarly

granted wide latitude to Taggart at several hearings; however, the Court previously warned

Taggart that he should refrain from making additional frivolous filings or he could be faced with

sanctions.  Despite the Court's warning, and the Debtors' service of their letter indicating that

they intended to seek sanctions if Taggart did not withdraw the Complaint, Taggart's December

10, 2012 letter, [12] requesting from the Clerk of the Court a copy of the summons for the

Adversary Proceeding so that he could serve the defendants and proceed with his lawsuit,

---

[12]    A copy of this letter is attached hereto as <u>Exhibit 4</u>.

18

demonstrated Taggart's intention to move forward with his frivolous Adversary Proceeding.  For these reasons, the Debtor submit that the third <u>Safir</u> factor weighs in favor of filing restrictions despite Taggart's pro se status.

***Taggart has Caused Needless Expense and Posed an Unnecessary Burden on this Court, its Personnel, and the Defendants***

47.    Pursuant to this Court's Order, Taggart is not prevented from asserting any defenses to the foreclosure of his investment property in the Foreclosure Proceeding.  Nor has Taggart been prevented from vindicating any rights to damages he believes he may have against the Debtors despite the *in rem* nature of the Foreclosure Proceeding, which precludes a damages award on his counterclaims in that action – in fact, Taggart has filed a $450 million proof of claim asserting those alleged rights.  At this point, all other efforts to assert monetary damages against the Debtors or assert that the Debtors do not have the right to foreclose are duplicative. In a case that already has an immense amount of litigation pending, this Court and its personnel have been forced to expend valuable time and resources preparing for hearings and issuing decisions in connection with the serial motions filed by Taggart.  Despite the Court's warning, Taggart continues to waste the Court's resources, now filing the Adversary Proceeding and forcing the Court to wade through more pleadings and prepare for more hearings on the same issues.

48.    Similarly, GMAC Mortgage and its co-defendants have been required to incur substantial expenses in connection with Taggart's actions in this Court and in other courts. These expenses have been compounded by the fact that Taggart has initiated at least three lawsuits to which GMAC Mortgage and various of the other defendants are party (including the instant Adversary Proceeding), and continues to file motions in each of those cases.

49.     For these reasons, the Debtors submit that the third <u>Safir</u> factor weighs in favor if imposing filing restrictions in this case.

***Taggart has Demonstrated that Nothing Short of Sanctions Will Protect the Court and the Parties from Additional Expense and Unnecessary Burden***

50.     In light of Taggart's blatant disregard for this Court's warning in the Second Taggart Order and the plethora of appeals and lawsuits Taggart currently has pending against the Debtors, the Debtors are justifiably concerned that Taggart will not stop until he is sanctioned.  Taggart's resolve to continue to prosecute frivolous motions and lawsuits was further exhibited by his December 10, 2012 letter.  The Debtors believe that an appropriate remedy is to require Taggart to seek leave from the Court before filing any motion or pleadings other than those described above.  This will have little if any impact on Taggart's ability to vindicate any rights he believes he may have against the Debtors.

51.     Based on the foregoing, the Debtors submit that a restriction on Taggart's ability to file any motions or pleadings seeking affirmative relief, other than the notice of renewal permitted by paragraph 5 of the First Taggart Order, is appropriate under the circumstance.  In the alternative, should the Court conclude that a filing restriction is not warranted, the Debtors seek imposition of an appropriate monetary sanction in an effort deter Taggart from continuing his pattern of harassing filings.  The Debtors have spent well in excess of $1,000 preparing this motion, attempting to obtain Taggart's withdrawal of the Complaint, and in responding to the prior motions, and in the absence of the injunctive relief requested, feel that monetary sanctions in an amount in excess of $1,000 are appropriate.  <u>See</u> Fed. R. Bankr. P. 9011(c)(1)(A) & (c)(2) (permitting imposition of attorney's fees as a sanction)

ny-1066786

### C.    The Sanctions Requested are Also Appropriate Pursuant to Bankruptcy Code Section 105(a) and 28 U.S.C.A. § 1651(a)

52.    "In order to effectuate the policies and provisions of the Bankruptcy Code, the Bankruptcy Court is . . . empowered pursuant to 11 U.S.C. § 105(a) to 'issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title.'" In re Ionosphere Clubs, Inc., 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (quoting 11 U.S.C. § 105(a)).  To that end, the Bankruptcy Court has "broad" authority under section 105(a) to "use its equitable powers to *assure the orderly conduct* of the reorganization proceedings." Erti v. Paine Webber Jackson v. Curtis, Inc. (In re Baldwin-United Corp. Litig.), 765 F.2d 343, 348 (2d Cir. 1985) (emphasis added); Ionosphere, 98 B.R. at 177 (same).  This section grants broad equitable powers to the bankruptcy courts.  See Deep v. Danaher, 393 B.R. 51, 54 (N.D.N.Y. 2008).  Likewise, 28 U.S.C. § 1651 empowers "[t]he Supreme Court and all courts established by Act of Congress to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651.

53.    The Debtors submit that the filing restrictions and monetary sanctions requested are also appropriate under Bankruptcy Code section 105(a) and 28 U.S.C. § 1651(a) to prevent future misconduct.  In re Schuessler, 386 B.R. 458, 493 (Bankr. S.D.N.Y. 2008); In re Solis, 137 B.R. 121, 131 (Bankr. S.D.N.Y. 1992) (recognizing appropriateness of sanctions under Bankruptcy Code section 105(a) for violating the automatic stay); Kristan v. Turner (In re Kristan), 395 B.R. 500, 511 (1st Cir. 2008) (bankruptcy court did not abuse discretion in imposing filing restriction on pro se debtor pursuant to 28 U.S.C. § 1651(a) and Bankruptcy Code section 105(a)); Armstrong v. Rushton (In re Armstrong), 309 B.R. 799, 808 (B.A.P. 10th Cir. 2004) (imposing pro se appellate filing restriction pursuant to 28 U.S.C. § 1651(a) and Bankruptcy Code section 105(a)).

D.      **Taggart Has Received Proper Notice of the Request for Sanctions**

54.    Prior to imposing sanctions, "the target of those sanctions is entitled to notice of the behavior the court finds actionable and the specific authority under which the court intends to impose those sanctions." *Memorandum Decision Denying Trustee's Motion for Sanctions Under 28 U.S.C. § 1927* at 3, In re Truong, Case No. 07-12194 (Bankr. S.D.N.Y. Apr. 14, 2008) [Docket No. 34]; Fed. R. Bankr. P. 9011(c)(1)(A).  On January 25, 2013, the Debtors served a final draft of this Motion on Taggart in accordance with the safe-harbor contained in Bankruptcy Rule 9011(c)(1)(A) prior to filing it with the Court.  No substantive changes have been made to the version of the Motion served on Taggart.  The Debtors submit that such service provided Taggart with sufficient notice of the potential for sanctions and the specific authority therefor.

## NOTICE

55.    The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## CONCLUSION

**WHEREFORE**, the Debtors respectfully request the entry of an order, substantially in

the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and such other and

further relief as the Court may deem just and proper.

Dated: February 15, 2013
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

23

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— )
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,      )    Chapter 11
                                                          )
                                    Debtors.        )    Jointly Administered
———————————————————————— )
                                                          )
KENNETH J. TAGGART and others        )
similarly situated,                                  )
                                                          )
               Plaintiffs,                           )    Adv. No. 12-01945 (MG)
                                                          )
               v.                                       )
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,      )
                                                          )
               Defendants.                         )
----------------------------------------------------------- )

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) IMPOSING SANCTIONS AGAINST KENNETH J. TAGGART FOR**
**VIOLATIONS OF BANKRUPTCY RULE 9011 AND**
**(II) IMPLEMENTING INJUNCTIVE PROCEDURES BARRING ADDITIONAL**
**FILINGS WITHOUT PRIOR LEAVE OF THE COURT**

Upon consideration of the *Debtors' Motion for Entry of an Order (i) Imposing Sanctions*

*Against Kenneth J. Taggart for Violations of Bankruptcy Rule 9011 and (ii) Implementing*

*Injunctive Procedures Barring Additional Filings Without Prior Leave of the Court* (the

"**Motion**"),[1] dated January 11, 2012; and the Court having jurisdiction to consider the Motion

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief

requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1066786

parties in interest; and the Debtors having provided adequate and appropriate notice of the

Motion under the circumstances and no other or further notice need be given; and after due

deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is **GRANTED** to the extent provided herein.

2.      Taggart is directed to withdraw the Complaint or otherwise seek dismissal of the

Adversary Proceeding with prejudice on or before _____, 2013.

3.      Taggart is hereby enjoined from making any future filings or initiating any

adversary proceeding in these chapter 11 cases without prior leave of the Court.  Any such

filings may result in the imposition of additional sanctions.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief

granted pursuant to this order.

5.      This Court retains jurisdiction with respect to all matters arising from or related to

the implementation, interpretation, and enforcement of this Order.


Dated:  New York, New York
        March __, 2013              _____
                                    The Honorable Martin Glenn
                                    United States Bankruptcy Judge

ny-1066786

# EXHIBIT 2

**Foreclosure Proceeding Docket**

## EXHIBIT 3

**Taggart Proof of Claim**

## **EXHIBIT 4**

**Taggart Letter Requesting Summons**