**Hearing Date and Time:  March 5, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline:  February 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------
|                                        |   )   |                                  |
| In re:                                 |   )   | Case No. 12-12020 (MG)           |
|                                        |   )   |                                  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, |   )   | Chapter 11                       |
|                                        |   )   |                                  |
|                            Debtors.    |   )   | Jointly Administered             |
|                                        |   )   |                                  |
-----------------------------------------------------------------

**NOTICE OF DEBTORS' APPLICATION UNDER BANKRUPTCY CODE**
**SECTIONS 327(a), 328(a) AND 363 FOR THE ENTRY OF AN**
**ORDER MODIFYING THE RETENTION AND EMPLOYMENT**
**OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR**
**TO THE DEBTORS PURSUANT TO SECOND ADDENDUM,**
***NUNC PRO TUNC* TO DECEMBER 5, 2012, AND FOR RELATED RELIEF**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Application Under Bankruptcy Code Section 327(a), 328(a) And 363 For The Entry Of*

*An Order Modifying The Retention And Employment Of FTI Consulting Inc. As Financial*

*Advisor To The Debtors Pursuant To Second Addendum, Nunc Pro Tunc to December 5,*

*2012, And For Related Relief* (the "<u>Application</u>").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Application will
take place on **March 5, 2013 at 10:00 a.m. (prevailing Eastern time)** before the
Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District
of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New
York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application
must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the
Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case
Management, and Administrative Procedures approved by the Bankruptcy Court [Docket
No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic
case filing system, and be served, so as to be received no later than **February 26, 2013 at
4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison &
Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S.
Lee, Lorenzo Marinuzzi, and Erica J. Richards); (b) the Office of the United States
Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New
York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S.
Masumoto); (c) the Office of the United States Attorney General, U.S. Department of
Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US
Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney
General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N.
Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One
St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.);
(f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New

York, NY 10022 (Attention: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as

administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP,

Four Times Square, New York, NY 10036 (Attention: Ken Ziman & Jonathan H. Hofer);

(h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel

LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein

& Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP,

31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam

Lesman); (j) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355

South Grand Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth

Goldman); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346

(if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA

19104-5016); and (l) Securities and Exchange Commission, New York Regional Office,

3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S.

Canellos, Regional Director).

  **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written objection to the relief requested in the Application, the Bankruptcy Court may

deem any opposition waived, treat the Application as conceded, and enter an order

granting the relief requested in the Application without further notice or hearing.

Dated:  February 18, 2013
       New York, New York

Respectfully submitted,

/s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**Hearing Date and Time: March 5, 2013 at 10:00 a.m. EST**
**Objection Deadline: February 26, 2013 at 4:00 p.m. EST**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica Richards

*Counsel for the Debtors and*
 *Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                                      )
In re:                                              )
                                                      )          Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.,      )
                                                      )          Chapter 11
                              Debtors.           )
                                                      )          Jointly Administered
_____)

**DEBTORS' APPLICATION UNDER BANKRUPTCY CODE**
**SECTIONS 327(a), 328(a) AND 363 FOR THE ENTRY OF AN**
**ORDER MODIFYING THE RETENTION AND EMPLOYMENT**
**OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR**
**TO THE DEBTORS PURSUANT TO SECOND ADDENDUM,**
***NUNC PRO TUNC* TO DECEMBER 5, 2012, AND FOR RELATED RELIEF**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors")[1] hereby apply (the "Application") for entry of an order,  substantially in the form

attached hereto as Exhibit A, under sections 327(a), 328(a) and 363 of title 11 of the United

_____
[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No.6] (the "Whitlinger Affidavit").

States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local

Rules"), approving, *nunc pro tunc* to December 5, 2012, a second addendum (the "Second

Addendum") to the Engagement Agreement (as defined below) with FTI Consulting, Inc.

("FTI"), the previously retained financial advisor to the Debtors, a copy of which Second

Addendum is attached as Exhibit 1 to the Nolan Declaration (as defined below), which Nolan

Declaration is attached hereto as Exhibit B, and seeking related relief.  In support of this

Application, the Debtors rely on (a) the supplemental declaration of William J. Nolan (the

"Nolan Declaration") dated February 18, 2013, attached hereto as Exhibit B; and (b) the

declaration of James Whitlinger, Chief Financial Officer of the Debtor, Residential Capital, LLC

( the " Whitlinger Declaration") dated February 15, 2013, attached hereto as Exhibit C.  In

further support of this Application, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

      1.      As is more fully discussed below, by this Application the Debtors are requesting

approval of a modification to the previously approved retention of FTI as their financial advisor.

Except as modified, the previously approved terms of employment will otherwise remain the

same.  If approved the scope of services will be supplemented to include certain additional

services, for which FTI will be entitled to additional compensation and reimbursement of

expenses.  As discussed below, Walter Investment Management Corp. ("Walter Investment"),

has agreed to be responsible for all such compensation and expenses.  Accordingly, if this

Application is approved, the additional compensation and expense reimbursement to be paid to

FTI, for the services which were provided at the request of the Debtors and were of substantial

benefit to the Debtors, their estates and creditors, will be without cost to the Debtors or their estates.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction to consider the Application under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a), 328 and 363, as supplemented by Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## BACKGROUND

### A.      General Background

3.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015 (b).  No trustee has been appointed in these Chapter 11 cases.

4.      On the Petition Date, the Debtors filed the Sale Motion[2], and on June 28, 2012, the Court entered an order approving the sale and bid procedures for the sale of the Debtors' assets (the "Sale Procedures Order") [Docket No. 62].

---

[2]   *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123 and Fed R. Bank. P. 2002, 6004, 6006 and 9014 for Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Hearing and Sale Deadline; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "Sale Motion") [Docket No. 61].

5.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

6.      On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

7.      Prior to the auction on October 23, 2012 (discussed below), Ocwen Loan Servicing, LLC ("Ocwen") submitted a qualified bid in accordance with the Sale Procedures Order.  After two days and 28 rounds of bidding, Ocwen submitted a winning bid of $3 billion for the sale of the Debtors' mortgage loan origination and servicing platform assets (the "Platform Assets" or "Originations and Capital Markets Platforms").

8.      On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of the Platform Assets to Ocwen for $3 billion.

9.      On November 2, 2012, certain of the Debtors entered into an asset purchase agreement for the Platform Assets, by and among Ocwen, ResCap, Residential Funding Company, LLC, and GMAC Mortgage, LLC, Executive Trustee Services, LLC, ETS of Washington, Inc., EPRE LLC, GMACM Borrower LLC, and RFC Borrower LLC [Docket No. 2050] (the "Ocwen APA").

10.     At a hearing held on November 19, 2012, the Court approved the Sale Motion on the record.  On November 21, 2012, the Court entered an order approving the sale to Ocwen (the "Approved Sale") [Docket No. 2246].

11.    Although Ocwen was the bidder of record for the Platform Assets, the Ocwen APA provides for the assignment of the Debtors' Platform Assets to Walter Investment, or one of Walter Investment's affiliates.

12.    A closing on the Approved Sale to Walter Investment (the "Sale") was conducted on January 31, 2013 (the "Closing").

**B.    The Retention of FTI**

13.    On June 27, 2012, the Debtors filed the *Debtors' Application for Order Under Bankruptcy Code Sections 327(a) and 328(a) Authorizing Employment and Retention of FTI Consulting, Inc. as Financial Advisor* [Docket No. 526] (the "Retention Application").  Attached as Exhibit 5 to the Retention Application was an engagement letter and Standard Terms and Conditions between the Debtors and FTI dated August 25, 2011 (collectively, the "Engagement Agreement"), and the Addendum to the Engagement Agreement between FTI and the Debtors dated June 26, 2012 was attached as Exhibit 6 to the Retention Application (the "June 26, 2012 Addendum").

14.    On July 20, 2012, the Debtors filed the *Supplemental Affidavit in Support of the Debtors' Application for Authorization to Employ and Retain FTI Consulting, Inc. as Financial Advisor to the Debtors* (the "Supplemental Affidavit") [Docket No. 850].  Attached as Exhibit 2 to the Supplemental Affidavit was an Addendum to the Engagement Agreement dated July 18, 2012 (the "First Addendum" or "Prior Addendum").  The First Addendum superseded the June 26, 2012 Addendum in its entirety.

15.    On July 25, 2012, the Court approved the retention of FTI as financial advisor to the Debtors [Docket No. 902] (the "Original Retention Order").

16.     As provided for under the First Addendum as approved by the Original Retention

Order, FTI is entitled to seek payment for compensation on an hourly basis, subject to certain

monthly caps as provided for under the First Addendum as approved by the Original Retention

Order (the "Monthly Cap" or taken together, the "Monthly Caps" or "Monthly Cap

Compensation".)  In addition, FTI is entitled to (a) bill for any fees which, on a cumulative basis,

are in excess of the previous Monthly Caps, calculated on a cumulative basis, in subsequent

months provided that the total monthly fee amount billed for any given month does not exceed

the Monthly Cap in any given month (i.e. the "Rollover Provision")[3], and (b) a Completion Fee

(as defined in and provided for under the First Addendum).

17.     Among other things, under the terms of the Original Retention Order FTI shall

file fee applications for interim and final allowance of compensation and reimbursement of

expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the

Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of

New York, dated November 25, 2009, the United States Trustee Fee Guidelines and any other

orders of the Court.

## C.    The Walter Project Services

18.     In addition to the services contemplated pursuant to the First Addendum and the

Original Retention Order, and for the period commencing December 5, 2012, through

---

[3] As provided for under the First Addendum as approved by the Original Retention Order, the
Monthly Caps do not reflect fees associated with extensive litigation, contested matters and related expert
testimony requirements as these issues are unpredictable and, at least in part, out of the control of the
Debtors and FTI.  FTI has reserved the right to request additional compensation for such services on an
hourly basis pursuant to further application should FTI be required to support the Debtors in litigation
and/or contested matters, as a testifying expert, consulting expert or otherwise.  Similarly, the Monthly
Caps do not reflect extensive tax analyses or preparation of tax returns or defense thereof, and FTI has
reserved the right to request additional compensation for such services on an hourly basis pursuant to
further application.

January 31, 2013, the Debtors requested that FTI provide additional services on behalf of the

Debtors by way of project management services ("Walter Project Services") in connection with

the Sale and transfer of the Debtors' Originations and Capital Markets Platforms to Walter

Investment, as previously approved by this Court.  Subsequent to the approval of the Sale, it

became apparent to the Debtors and to Walter Investment that if the sale was to close without

undue delay, it would require the assistance of professionals with the requisite experience to

provide certain project management services.  Although outside the scope of FTI's retention, in

view of both FTI's general expertise as project managers of the nature necessary for this

transaction, and its base of knowledge as the Debtor's financial advisors, it was uniquely

qualified to step in and provide the required services so that the Sale could close without undue

delay.  Walter Investment has agreed to be responsible, or to the extent previously paid to FTI by

the Debtors, to reimburse the Debtors, for all fees and expenses incurred by the Debtors with

respect to the Walter Project Services provided by FTI.[4]  The additional services provided by FTI

were on behalf and at the direction of the Debtors.

---

[4] The form of writing memorializing Walter Investment's agreement to be responsible, or to reimburse the Debtors (or to cause such payment to be made), for all fees and expenses incurred by the Debtors with respect to the Walter Project Services provided by FTI is currently being finalized, and will be filed as Exhibit "D" to this Application in the form of a supplement prior to the hearing on this Application (the "Walter Investment Letter Agreement").  Essentially, Walter Investment has agreed to make payment (or to cause such payment to be made) to the Debtors for all reasonable documented fees and expenses of FTI incurred in providing the Walter Project Services upon presentation of evidence of the approval of such fees and expenses by the Bankruptcy Court.  The proposed order attached hereto as Exhibit A provides, in part, that (a) the Debtors' obligations for payment to FTI on account of any amounts as may be awarded by the Court with respect to the Walter Project Work (the "Walter Project Work Award") shall be specifically conditioned upon payment being received by the Debtors or its counsel from or on behalf of Walter Investment; and (b) if for any reason Walter Investment fails to make such payment, or to cause such payment to be made, FTI will be authorized, but not obligated, to commence and pursue, in its own name or in the name of the Debtors, such actions, including litigation, as may be necessary to recover by way of judgment, collection and or settlement any amounts due from Walter Investment, or for which Walter Investment is responsible, in connection with the Walter Project Services by FTI, with any amounts recovered to be paid to, and retained by, FTI up to the amount of the Walter Project Work Award, and fees and expenses, including legal fees and expenses, incurred by FTI in

19.     As is more fully set forth in the Second Addendum, these additional project

management services included the following:

> a.      identifying, escalating and facilitating critical project management issues regarding the transaction close and day one operations to the Debtors' leadership for resolution, including:
>
>> i.      hosting and coordinating daily conference call with over 50 people to review and discuss issues and progress to date;
>>
>> ii.      providing regular updates to the project leads and weekly updates to Debtors and Walter Investment's leadership;
>>
>> iii.      maintaining a critical issues log;
>>
>> iv.      facilitating the completion of the closing checklist;
>>
>> v.      assisting in coordinating transition of human  capital including requirements for the transfer of personnel, their compensation, and related communication plan;
>
> b.      coordinating and facilitating the preparation of Transition Service Agreements ("TSA") and Statements of Work ("SOW") between the Debtors, Walter Investment, Ocwen and Ally Financial, Inc. specifically related to the Walter Sale transaction including:
>
>> i.      preparing and facilitating business input into base Transition Services Agreements;
>>
>> ii.      coordinating and assisting in drafting SOWs; and
>>
>> iii.      reviewing and coordinating pricing proposals for SOWs;
>
> c.      coordinating and facilitating due diligence efforts related to the potential financing of the operations to be purchased by Walter Investment, including:
>
>> i.      gathering documents and responding to information requests; and
>>
>> ii.      gathering, maintaining and facilitating the review and update of start-up costs for reimbursed by Walter Investment to the Debtors; and

---

connection therewith, as payment on account of the Walter Project Services and reimbursement of such costs and expenses.

      d.      organizing and facilitating the Finance Project Management Office including:

          i.      maintaining and updating finance weekly status reports; and

          ii.      assisting and facilitating with the resolution of finance issues related to the transaction close.

20.      The Second Addendum provides that FTI will be compensated on an hourly basis, plus actual and necessary expenses, for all services provided in connection with the Walter Project Services. As set forth in the Walter Letter Agreement, such fees and expenses incurred by FTI in connection with the Walter Project Services will be reimbursed by Walter Investment.

### RELIEF REQUESTED

21.      By this Motion, the Debtors seek entry of an order approving the Second Addendum, which seeks to amend the Engagement Agreement (as previously amended by the First Addendum), to include the Walter Project Services and reflect the related fee arrangements, *nunc pro tunc* to December 5, 2012. Although by this Application the Debtors are requesting approval of a modification of the scope of services and increase of compensation to be paid, as set forth above, Walter Investment has agreed to reimburse the Debtors for all fees and expenses incurred by FTI with respect to the Walter Project Services, and as are awarded by the Court. For the fees and expenses incurred by FTI in connection with the Walter Project Services, in addition to the compensation provided for under the Prior Addendum and as approved pursuant to the Original Retention Order, FTI will be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred.

9

22.     No other changes to the terms and conditions of employment or compensation as approved pursuant to the Original Retention Order are being sought at this time.[5]

## **BASIS FOR RELIEF**

23.     <u>Walter Project Services</u>. As is more fully set forth in the Whitlinger Declaration, the Debtors believe that it was in their best interests to have FTI provide the necessary project management services. Absent FTI's willingness to provide such services and to commit the necessary resources would likely have resulted in a delay of the Closing and significant additional expense to the estates.  Due in significant part to FTI's efforts, the Debtors and their estates realized the significant benefits of the Approved Sale on a timely basis.

24.     As set forth above, when it became apparent on the heels of Thanksgiving and running into the Christmas and New Year holiday period that that FTI's assistance was necessary, on or about December 5, 2012, at the request of the Debtors, FTI began providing the Walter Project Services.  The scope, extent and term of such services expanded over the approximately 57 day period in which the services were rendered, which included the Christmas and New Year holiday period.  By example, what started as a two-person project of limited duration expanded such that, by the date of the Closing, five FTI professionals were required full time to provide services in connection with the Walter Project Services.  In light of the exigencies of providing such services so that the Closing would not be delayed, FTI continued to provide such services with the understanding that an application would be filed as soon as

---

[5]     FTI is in discussions with the Debtors and the Creditors' Committee with respect to certain other modifications to its retention.  FTI is reserving the right to seek such other or further modifications to the terms of the First Addendum as approved pursuant to the Original Retention Order, and as sought pursuant to the Modification Application, as may be reasonable and appropriate, including without limitation, due to any changes to the scope of services requested, or due to a change in circumstances with respect to the chapter 11 cases of the Debtors.  To the extent additional modifications are sought, relief related thereto will be sought by separate application and documentation.

practicable seeking to modify the retention to provide for payment to FTI on account of such

services, which compensation and reimbursement of expenses will be in addition to any

compensation and reimbursement of expenses, including without limitation, the Monthly Cap

Compensation to which FTI may be entitled under the First Addendum.

25.    The approximate amount of the services provided by FTI in connection with the

Walter Project Services is $890,000, of which approximately $250,000 was incurred in

December 2012, and approximately $640,000 was incurred in January 2013, in addition to

reimbursable expenses estimated at approximately $70,000.  No additional services will be

provided by FTI with respect to the Walter Project Services.  In light of Walter Investment's

agreement to be responsible, or to the extent previously paid to FTI by the Debtors, to reimburse

the Debtors, for all fees and expenses incurred by the Debtors with respect to the Walter Project

Services provided by FTI, there will be no harm or cost to the Debtors or their estates as part of

the proposed modification to the Engagement Agreement.  The only party who would be harmed

if such modification is not approved would be FTI.

26.    FTI has and will continue to apply for compensation for professional services

rendered and reimbursement of expenses incurred in connection with these Chapter 11 cases,

subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy

Code, the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals* [Docket No. 797] and consistent

with the proposed terms of compensation set forth in the Engagement Agreement (as amended

by the First Addendum).

27.    Notwithstanding anything herein to the contrary, the U.S. Trustee shall retain all

rights to respond or object to FTI's interim and final applications for compensation and

reimbursement of expenses on all grounds including, but not limited to, reasonableness, pursuant to section 330 of the Bankruptcy Code, and in the event the U.S. Trustee objects, the Court retains the right to review such interim and final applications pursuant to section 330 of the Bankruptcy Code.

28.     In the light of the foregoing, the Debtors believe that the terms and conditions of the Second Addendum are fair and reasonable under the standards set forth in Bankruptcy Code section 328(a).

## NOTICE

29.     The Debtors have provided notice of this Application in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) substantially in the form attached hereto as Exhibit A, granting the relief requested in the Application, (ii) approving the Second Addendum, *nunc pro tunc* to December 5, 2012 and (iii) granting such other and further relief to the Debtors as the Court may deem just and proper.

New York, New York
Dated: February 18, 2013

/s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Erica Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors*
*and Debtors in Possession*

# **EXHIBIT A**

(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____
                                        )
In re:                                  )        Case No. 12-12020 (MG)
                                        )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,   )        Chapter 11
                                        )
                         Debtors.       )        Jointly Administered
_____)

### ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a), 328(a) AND 363 APPROVING SECOND ADDENDUM TO ENGAGEMENT AGREEMENT WITH FTI CONSULTING, INC., *NUNC PRO TUNC* TO DECEMBER 5, 2012, AND GRANTING RELATED RELIEF

Upon the application, (the "<u>Application</u>"),[1] of the above-captioned debtors and debtors in

possession (collectively, the "<u>Debtors</u>") for entry of an order (the "<u>Order</u>"), pursuant to sections

327(a), 328(a) and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rules

2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and

Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the

Southern District of New York (the "<u>Local Rules</u>"), approving the Second Addendum to the

Engagement Letter with FTI Consulting, Inc., financial advisor to the Debtors; as more fully set

forth in the Application; and upon consideration of the declaration of William J. Nolan a Senior

Managing Director with FTI Consulting, Inc, in support of the Application; the declaration of

James Whitlinger, Chief Financial Officer of the Debtor, Residential Capital, LLC, in support of

the Application; and the Walter Investment Letter Agreement, and the Court having jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.

Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Application

and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that the relief requested herein is in the best interests of the Debtors' estates, their

creditors and other parties in interest; and due and proper notice of the Application having been

provided, and it appearing that no other or further notice need be provided; and an opportunity

for a hearing having been provided and a hearing having been held to consider the relief

requested in the Application; and upon the record of the hearing, and of all of the proceedings

had before the Court; and any objections to the Application having been withdrawn, resolved or

overruled; and the Court having found and determined that the legal and factual bases set forth in

the Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is granted as set forth herein.

2.      In accordance with Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy

Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Second Addendum is approved,

*nunc pro tunc* to December 5, 2012.

3.      The Debtors' employment and retention of FTI pursuant to the Engagement

Agreement, First Addendum, and the Original Retention Order is hereby amended in accordance

with the Second Addendum, *nunc pro tunc* to December 5, 2012.

4.      Subject to paragraphs 5 and 6 below, the fees and expenses incurred by FTI in

connection with the Walter Project Services, and to which FTI shall be entitled, and for which

FTI will be compensated on an hourly basis, plus reimbursement of actual and necessary

expenses incurred, shall be in addition to the compensation as provided for under the First

Addendum as approved pursuant to the Original Retention Order,

5.    FTI shall file fee applications for interim and final allowance of compensation and

reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy

Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern

District of New York, dated November 25, 2009, the Unites States Trustee Fee Guidelines and

any other orders of the Court.  Notwithstanding the entry of a further order approving or

awarding any fees or expenses, and authorizing payment, to FTI on account of the Walter Project

Work (the "Walter Project Work Fee Order"), the Debtors' obligations under this Order, the

Second Addendum, and such Walter Project Work Fee Order, are conditioned upon the Debtors'

actual receipt of payment on account of such awarded fees and expenses from, or on behalf of,

Walter Investment (the "Walter Payment Obligation") as provided for under the Walter

Investment Letter Agreement, the terms of which are hereby authorized and approved, provided

that upon the Debtors' or their counsel's receipt of such funds, such funds shall be deemed held

in trust for the benefit of FTI to the extent of any amounts as were awarded under the Walter

Project Work Fee Order, and promptly paid to FTI.

6.    If for any reason Walter Investment fails to make such payment, or to cause such

payment to be made, FTI is hereby authorized, but not obligated, to commence and pursue, in its

own name or in the name of the Debtors, such actions, including litigation, as may be necessary

to recover by way of judgment, collection and or settlement any amounts due from Walter

Investment, or for which Walter Investment is responsible, in connection with the Walter Project

Services by FTI, with any amounts recovered to be paid to, and retained by, FTI up to the

amount of the Walter Project Work Award, plus fees and expenses, including legal fees and

3

expenses, incurred by FTI in connection therewith, as payment on account of the Walter Project

Services and reimbursement of such costs and expenses.

7.      In all other respects, the provisions of the Original Retention Order remain

unchanged and in full force and effect.

8.      To the extent that there may be any inconsistency between the terms of this Order

and the Original Retention Order, the terms of this Order shall govern.

9.      The Debtors are authorized and empowered to take all actions necessary to

implement the relief granted in this Order.

10.      This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

Dated: _____, 2013
       New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

4

# **EXHIBIT B**

(Nolan Declaration, including Exhibit 1 thereto ( Second Addendum))

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### SUPPLEMENTAL DECLARATION RELATED TO THE PROPOSED MODIFICATION OF THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISORS FOR THE DEBTORS PURSUANT TO A SECOND ADDENDUM, *NUNC PRO TUNC* TO DECEMBER 5, 2012

I, William J. Nolan, being duly sworn, hereby depose and say:

1.     I am a Senior Managing Director with FTI Consulting, Inc., which together with its wholly owned subsidiaries, agents, independent contractors and employees, is an international consulting firm ("FTI"). I submit this Supplemental Declaration on behalf of FTI (the "Supplemental Declaration") in accordance with sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York ("Bankruptcy Court" and the "Local Rules"), and in support of the Debtors' Application Under Sections 327(a), 328(a) and 363 of the Bankruptcy For The Entry of An Order Modifying the Retention and Employment of FTI Consulting, Inc. as Financial Advisor To the Debtors Pursuant Second Addendum *Nunc Pro Tunc* To December 5,

1

44627/0071-9261912v3

2012, and For Related Relief (the "Modification Application") [1]. Except as otherwise noted, I have personal knowledge of the matters set forth herein[2].

2.        Pursuant to a prior application dated June 27, 2012 [Doc. No 526] (the "Prior Application"), my prior affidavit sworn to June 27, 2012 [Doc. No 526] ( the "Nolan Affidavit), and my prior supplemental affidavit sworn to July 20, 2012 [Doc.No 850] (the "Supplemental Nolan Affidavit"), an order of the Bankruptcy Court dated July 25, 2012 was entered (the "Original Retention Order") authorizing the employment and retention of FTI as financial advisors to Residential Capital LLC, et al., the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), *nunc pro tunc* to May 14, 2102, under the terms and conditions set forth in the Prior Application, that certain engagement letter and Standard Terms and Conditions between FTI and the Debtors dated August 25, 2011 (collectively, the "Engagement Agreement") a copy of which was attached as Exhibit 5 to the Prior Application,  the Addendum to the Engagement Agreement dated July 18, 2012 (the "First Addendum"), a copy of which was attached to the Supplemental Nolan Affidavit,  and as provided for in the Original Retention Order (the "Original Engagement").

3.        As is more fully set forth in the Modification Application and below, due to circumstances not contemplated under the Original Engagement, and the request by the Debtors that FTI provide services not contemplated under the Original Engagement, pursuant to the Modification Application, the Debtor's seek to modify the terms of the Original Engagement in accordance with the terms of that certain Second Addendum to the Engagement Agreement

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Modification Application.

[2]    Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

2

dated as of February 11, 2013, *nunc pro tunc* to December 5, 2012 attached hereto as Exhibit 1

(the "Second Addendum"). Because of the exigencies of the circumstances, FTI commenced

providing certain of the additional services, with the understanding that an application would be

submitted for an order authorizing such modifications *nunc pro tunc* to December 5, 2012.

### Modification of Terms of FTI's Retention

4.     <u>Walter Project Management Services</u>.  In addition to the services contemplated

pursuant to the First Addendum and the Original Retention Order, for the period commencing

December 5, 2012 through January 31, 2013, the Debtors requested that FTI provide additional

services on behalf of the Debtors by way of project management services in connection with the

sale (the "Sale") and transfer of the Debtors' Originations and Capital Markets Platforms to

Walter Investment Management Corp ("Walter Investment " and the "Walter Project Services" ).

It is FTI's understanding that Walter Investment has agreed to be responsible, or to the extent

previously paid to FTI by the Debtors, to reimburse the Debtors, for all fees and expenses

incurred by the Debtors with respect to the Walter Project Services provided by FTI..  The

additional services provided by FTI  were on behalf and at the direction of the Debtors.

Reference is made to the Second Addendum for a further description of the services provided by

FTI in connection with the Walter  Project Services.

5.     Subsequent to the approval of the Sale, the Debtors advised FTI that it became

apparent to the Debtors and to Walter Investment that if the Sale was to close on time it would

require the assistance of professionals with the requisite experience, and knowledge of the

Debtors' operations, to provide certain project management services.  Although outside the scope

of FTI's retention, in view of both FTI's general expertise as project managers of the nature

necessary for this transaction, and its base of knowledge as the Debtor's financial advisors, as

3

recognized by the Debtors, it was uniquely qualified to step in and provide the required services. However, initially, the scope and extent of services that FTI was required to perform in connection with the Walter Project Services was not anticipated to be as extensive as was ultimately necessary. The scope, extent and term of such services expanded over the approximately 57 day period in which the services were rendered, which included the Christmas and New Years holiday period. By example, what started as a two person limited duration project grew to the point that by the date of the Closing, five FTI professionals were required full time to provide services in connection with the Walter Project Services. In view of the exigencies of providing such services so that the closing of the transaction with Walter Investment would not be delayed, FTI continued to provide such services with the understanding that an application would be filed as soon as practicable seeking to modify the retention to provide for payment to FTI on account of such services, which compensation and reimbursement of expenses will be in addition to any compensation and reimbursement of expenses, including without limitation, the Monthly Cap Compensation to which FTI may be entitled under the First Addendum.

6.      The approximate amount of the services provided by FTI in connection with the Walter Transaction Services is $890,000, of which approximately $250,000 was incurred in December, 2012, and approximately $640,000 was incurred in January, in addition to estimated reimbursable expenses of approximately $70,000. In view of Walter's agreement to reimburse the Debtors for the fees and expenses paid to FTI on account of the Walter Transaction Services, it should be a cash neutral result to the Debtors. The only one who would be harmed if such modification is not approved, would be FTI.

44627/0071-9261912v3

7.      Accordingly, the Debtors requested that FTI provide these additional services. FTI has requested and the Debtors have agreed that, subject to Court approval, the terms of FTI's retention will be amended, *nunc pro tunc* to December 5, 2012, to reflect this additional scope of services, and compensation to be paid therefore, all as set forth herein, and in the Second Addendum, which is incorporated herein by this reference thereto.

8.      Although not the subject of this declaration or the Modification Application, FTI is in discussions with the Debtors and the Creditors' Committee with respect to certain other modifications to its retention. FTI is reserving the right to seek such other or further modifications to the terms of the First Addendum as approved pursuant to the Original Retention Order, and as sought pursuant to the Modification Application, as may be reasonable and appropriate. To the extent additional modifications are sought, relief related thereto will be sought by separate application and documentation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18 day of February, 2013.

_____
William J. Nolan

44627/0071-9261912v3

**EXHIBIT 1**



February 15, 2013
*nunc pro tunc* to December 5, 2012

Mr. James Whitlinger
Chief Financial Officer
Residential Capital, LLC
1100 Virginia Drive
Fort Washington, PA 19034

**Re: Second Addendum to Letter of Engagement dated August 25, 2011 and Amended as of July 18, 2012 by and between FTI Consulting, Inc., and Residential Capital, LLC.**

Dear Jim:

    1.    **Introduction**

    This Second Addendum (the "Second Addendum") to the Letter of Engagement, including the related Standard Terms and Conditions included therein, by and among FTI Consulting, Inc., together with its wholly owned subsidiaries, agents, independent contractors, and employees (collectively "FTI") and Residential Capital, LLC (the "Client" or together with the administratively consolidated debtors in the jointly administered chapter 11 case under case No 12-12020 (mg), the "Debtors") dated August 25, 2011 and amended by addendum dated July 18, 2012 ( the "First Addendum" and together with the Letter of Engagement, the "LOE"), hereby supplements the LOE with respect to the below terms and revises the payment terms accordingly. This Second Addendum is in connection with the Debtors' Application Under Sections 327(a) and 328(a) of the Bankruptcy For The Entry of An Order Modifying the Retention and Employment of FTI Consulting, Inc. as Financial Advisor To the Debtors (the "Modification Application *Nunc Pro Tunc* to December 5, 2012"). Reference is made to the prior application by the Debtors dated June 27,2012 [Doc. No. 526] (the "Prior Application") for entry of an order under sections 327(a) and 328(a) of title 11 of the United States Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure ,and Rule 2014-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "Court" and "Local Rules"), authorizing the employment and retention of FTI Consulting, Inc, as financial advisor for the Debtors *nunc pro tunc* to May 14, 2012 (the "Petition Date"), pursuant to which on July 25, 2012, the Court entered the Order Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Nunc Pro Tunc to May 14, 2012 [Doc. No. 902] (the "Original Retention Order"), approving FTI's retention. Reference is also made to the supplemental declaration of William J. Nolan, Senior Managing Director of FTI, filed in support of this Second Addendum and the Modification Application (the " Supplemental Declaration"). Unless otherwise specified, capitalized terms used in this Second Addendum shall have the meaning given to them in the LOE.

    2.    **Modifications to the LOE**

    This Second Addendum is meant to amend the terms of the LOE and as set forth in the First Addendum as approved pursuant to the Original Retention Order, to reflect the revised scope of services and fee arrangements within the LOE and to supplement and support the Debtors'

Mr. James Whitlinger
February 15, 2013

ongoing retention of FTI. Unless specifically indicated within this Second Addendum, all terms and conditions of the LOE and as set forth in the First Addendum as approved pursuant to the Original Retention Order shall remain in full force and effect.

**3.    Additional Services**

Walter Project Management Services  ("Walter Project Services").

In addition to the services contemplated pursuant to the First Addendum and the Original Retention Order, and for the period commencing December 5, 2012, through January 31, 2013, the Debtors requested that FTI provide additional services on behalf of the Debtors by way of project management services in connection with the transfer of the Debtors' Originations and Capital Markets Platforms to Walter Investment Management Corp ("Walter Investment").  It is FTI's understanding that Walter Investment has agreed to reimburse the Debtors for all fees and expenses incurred by the Debtors with respect to the Walter Project Services provided by FTI.   These additional project management services included the following:

      a.    Identifying, escalating and facilitating critical project management issues regarding the transaction close and day one operations to the Debtors' leadership for resolution, including:
            i.    hosting and coordinating daily conference call with over 50 people to review and discuss issues and progress to date,
            ii.    Providing regular updates to the project leads and weekly updates to Debtors and Walter Investment's leadership,
            iii.    maintaining a critical issues log,
            iv.    facilitating the completion of the closing checklist,
            v.    assisting in coordinating transition of human  capital including requirements for the transfer of personnel, their compensation, and related communication plan, and

      b.    Coordinating and facilitating the preparation of Transition Service Agreements ("TSA") and Statements of Work ("SOW") between the Debtors, Walter Investment, Ocwen and Ally Financial, Inc. specifically related to the Walter project including:
            i.    preparing and facilitating business input into base Transition Services Agreements,
            ii.    coordinating and assisting in drafting SOWs, and
            iii.    reviewing and coordinating pricing proposals for SOWs.

      c.    Coordinating and facilitating due diligence efforts related to the potential financing of the operations to be purchased by Walter Investment, including:
            i.    gathering documents and responding to information requests, and
            ii.    gathering, maintaining and facilitating the review and update of start-up costs for reimbursed by Walter Investment to the Debtors.

      d.    Organizing and facilitating the Finance Project Management Office including:
            i.    maintaining and updating finance weekly status reports, and



Mr. James Whitlinger
February 15, 2013

        ii.     assisting and facilitating with the resolution of finance issues related to the transaction close

Accordingly, the Debtors requested that FTI provide these additional services. FTI requested and the Debtors agreed that, subject to Court approval, the terms of FTI's retention will be amended, *nunc pro tunc to December 5, 2012,* to reflect this additional scope of services, and compensation to be paid therefore, as set forth in this Second Addendum.

4.      **Fees**

The Fee provisions as set forth in the First Addendum and as approved pursuant to the Original Retention Order are supplemented by this Second Addendum as follows, and except as specifically modified herein, the terms of the  First Addendum and as approved pursuant to the Original Retention Order, including without limitation, the Monthly Cap compensation as defined and referred to in the First Addendum,  shall remain in full force and effect.
(A) For the fees and expenses incurred by FTI in connection with the Walter Project Services, in addition to the compensation provided for under the First Addendum and as approved pursuant to the Original Retention Order, FTI will be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred;
(B) FTI shall have the right to seek such other or further modifications to the terms of the First Addendum as approved pursuant to the Original Retention Order, and as modified herein, as may be reasonable and appropriate due to any changes to the scope of services requested, or due to a change in circumstances with respect to the chapter 11 cases of the Debtors.

5.      **Standard Hourly Rates**

The customary hourly rates, as of January 1, 2013, subject to periodic adjustments, charged by FTI professionals anticipated to be assigned to this case are as follows:

**United States**

| | Per Hour (USD) |
|---|---|
| Senior Managing Directors | 790-895 |
| Directors / Managing Directors | 570-755 |
| Consultants / Senior Consultants | 290-540 |
| Administrative / Paraprofessionals | 120-250 |



44627/0071-9261822v2

Mr. James Whitlinger
February 15, 2013

**Canada**

|  | Per Hour (USD/CAD) |
|---|---|
| Senior Managing Directors | 805-875 |
| Directors / Managing Directors | 525-710 |
| Consultants / Senior Consultants | 295-460 |
| Administrative | 115 |

**Mexico**

|  | Per Hour (USD) |
|---|---|
| Senior Managing Directors | 750 |
| Directors | 650 |

**United Kingdom**

|  | Per Hour (GBP) |
|---|---|
| Senior Managing Directors | 695 |
| Managing Directors | 595 |
| Director / Tax Director | 535-615 |
| Consultants / Senior Consultants | 385-440 |
| Administrative / Analyst | 125-235 |

6.      **Other Terms and Conditions**

This Second Addendum shall not be effective unless approved pursuant to an order of the United States Bankruptcy Court for the Southern District of New York in which the chapter 11 cases of the Debtors is as of the date hereof currently pending. Unless specifically indicated within this Second Addendum, all terms and conditions of the LOE , shall remain in full force and effect.

7.      **Acknowledgement and Acceptance**

Please acknowledge your acceptance of the terms of this Second Addendum by signing below.

If you have any questions regarding this letter, please do not hesitate to contact William Nolan at (704) 972-4101.

Very truly yours,

FTI CONSULTING, INC.
By: _____
William J. Nolan
Senior Managing Director

44627/0071-9261822v2                                        -4-                                        

Mr. James Whitlinger
February 15, 2013

ACKNOWLEDGED AND AGREED:

RESIDENTIAL CAPITAL, LLC

By: _____

Name:   James Whitlinger
Title:    Chief Financial Officer

FTI CONSULTING

# **EXHIBIT C**

(Whitlinger Declaration)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------  )
                                                                         )
In re:                                                                   )        Case No. 12-12020 (MG)
                                                                         )
RESIDENTIAL CAPITAL, LLC, et al.,                                        )        Chapter 11
                                                                         )
                                          Debtors.                       )        Jointly Administered
                                                                         )
                                                                         )
                                                                         )
-----------------------------------------------------------------------  )

**SUPPLEMENTAL DECLARATION OF JAMES WHITLINGER IN SUPPORT OF
DEBTORS' APPLICATION UNDER BANKRUPTCY CODE SECTIONS 327(a),
328(a) AND 363 FOR THE ENTRY OF AN ORDER MODIFYING THE RETENTION
AND EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO
THE DEBTORS PURSUANT TO A SECOND ADDENDUM, *NUNC PRO TUNC* TO
DECEMBER 5, 2012, AND FOR RELATED RELIEF**

I, James Whitlinger, being duly sworn, depose and say:

       1.      I am the Chief Financial Officer of Residential Capital, LLC ("ResCap"), a

limited liability company organized under the laws of the state of Delaware and the parent of the

other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively,

the "Debtors"). I have held this position since May 2011. I joined ResCap in 1992, and before

becoming its Chief Financial Officer, I served in a number of positions, including Chief

Accounting Officer for a significant subsidiary of ResCap, Senior Vice President of mergers and

acquisitions and Executive Director of Finance. In my role as Chief Financial Officer of ResCap,

I am responsible for financial oversight, analysis, controls, accounting, reporting and business

planning for the mortgage-related operations of the Debtors and their non-debtor subsidiaries. I

am authorized to submit this declaration (the "Declaration") in support of the *Debtors'*

*Application Under Sections 327(a), 328(a) And 363 Of The Bankruptcy For The Entry Of An*

*Order Modifying The Retention And Employment Of FTI Consulting, Inc. As Financial Advisor*

*To The Debtors Pursuant To Second Addendum, Nunc Pro Tunc To December 5, 2012, And For Related Relief* (the "Modification Application").[1]

2.      In my capacity as Chief Financial Officer, I am familiar with the Debtors' day-to-day operations, financial condition, business affairs, and books and records.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' books and records as well as other relevant documents; my discussions with other members of the Debtors' management team; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' operations, financial condition and history.  In making my statements based on my review of the Debtors' books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

3.      On or about December 5, 2012, for the period commencing on that date through January 31, 2013, the Debtors requested that FTI provide the Walter Project Services.  Although such services were not previously contemplated, and were not provided for under FTI's terms of employment, in my opinion, the provision by FTI of the Walter Project Services was necessary in order to achieve a timely closing of the Approved Sale and provided a substantial benefit to the Debtors' estates.  In my view, absent FTI's willingness and ability to provide such services

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Modification Application.

ny-1076514

on the expedited timetable requested, the closing of the sale of the Debtor's Originations and

Capital Markets Platforms to Walter Investments would not have been completed by the

necessary deadline, and significant additional expense would have been incurred by the estates.

Furthermore, Walter agreed to reimburse the estate for FTI's fees and expenses incurred in

connection with such services. Because time was of the essence, a significant portion of the

Walter Project Services took place shortly before the closing, including during the Christmas and

New Year holiday period. Accordingly, the Debtors requested that FTI provide those services on

an expedited basis and agreed to seek approval of the modification of FTI's retention to be

supplemented by the Walter Project Services and the payment of compensation and

reimbursement of expenses in connection therewith on a *nunc pro tunc* basis.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and

correct.


Dated:  February 15, 2013

/s/

James Whitlinger
Chief Financial Officer of
Residential Capital, LLC

3

## **<u>EXHIBIT D</u>**

(Walter Investment Letter Agreement – to be filed as a supplement)