Hearing Date and Time: March 5, 2013 at 10:00 a.m. (prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Joel C. Haims
*Counsel to the Debtors and Debtors in Possession*
*With Respect to Allstate Insurance Company and affiliated entities,*
*and National Credit Union Administration Board*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
*Conflicts Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF BRYAN M. KOTLIAR IN SUPPORT OF THE DEBTORS'
OPPOSITION TO MOTION OF AIG ASSET MANAGEMENT (U.S.), LLC, THE
ALLSTATE ENTITIES, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,
AND THE PRUDENTIAL ENTITIES FOR AN ORDER UNDER BANKRUPTCY RULE
3013 CONCERNING SUBORDINATION OF INVESTORS' SECURITIES CLAIMS**

Bryan M. Kotliar, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:

1. I am an associate (admission pending) with the law firm Curtis, Mallet-Prevost, Colt & Mosle LLP, conflicts counsel for the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned jointly administered chapter 11 cases (these "Chapter 11 Cases").

2. I submit this declaration in support of the Debtors' memorandum in opposition (the "Opposition") to the motion brought by AIG,[1] Allstate, Mass Mutual, and Prudential, and joined by the National Credit Union Administration Board (the "NCUAB" and, collectively with the moving parties, the "Investors"), for an order under Bankruptcy Rule 3013 concerning subordination of their securities claims [Docket No. 2284] (the "Motion").[2]

3. I submit this declaration upon personal knowledge and the review of the proofs of claims and supporting documentation filed by the Investors in connection with these Chapter 11 Cases, as well as the lists of Trusts that have agreed to the Trust Settlement.

4. Pursuant to the Investors' proofs of claim filed in these Chapter 11 Cases, the Investors have asserted claims relating to their purchases of securities for securities ranging in seniority from Class A to Class M9, from 104 different securitizations of the Debtors, including 88 securitizations that have agreed to the Trust Settlement. Not every proof of claim filed by the Investors identifies the specific tranche from which its claim arises.

---

[1] Capitalized but undefined terms used herein shall have the meanings ascribed to them in the Opposition.

[2] The NCUAB filed its joinder to the Motion on January 4, 2013 [Docket No. 2555].

14204997

5.     Attached hereto as **Exhibit 6** is a true and correct copy of the First Amended Complaint from *Allstate Ins. Co. v. GMAC Mortg., LLC*, No. 27-cv-11-3480 (Minn. Dist. Ct. Apr. 15, 2011).

6.     Attached hereto as **Exhibit 7** is a true and correct copy of the Amended Complaint from *Mass Mutual Life Ins. Co. v. Residential Funding Co.*, No. 3:11-cv-30035-MAP (D. Mass. May 17, 2012) [Docket No. 86].

7.     Attached hereto as **Exhibit 8** is a true and correct copy of the hearing transcript from *In re Washington Mutual, Inc.*, No. 08-12229 (MFW) (Bankr. D. Del. May 7, 2012) [Docket No. 10154].

8.     Attached hereto as **Exhibit 9** is a true and correct copy of the Order Approving Stipulation and Agreement from *In re Washington Mutual, Inc.*, No. 08-12229 (MFW) (Bankr. D. Del. Feb. 16, 2012) [Docket No. 9698].

9.     Attached hereto as **Exhibit 10** is a true and correct copy of the Order Denying Classification from *In re Washington Mutual, Inc.*, No. 08-12229 (MFW) (Bankr. D. Del. May 16, 2012) [Docket No. 10182].

10.    Attached hereto as **Exhibit 11** is a true and correct copy of the Order Granting Motion for Summary Judgment from *In re Commercial Financial Services Inc.*, Case No. 98-05162-R, Adv. Case No. 98-0356-R (Bankr. N.D. Okla. July 11, 2003) [Docket No. 174].

11.    Attached hereto as **Exhibit 12** is a true and correct copy of the John J. Slain and Homer Kripke law review article titled *The Interface Between Securities Regulation and Bankruptcy – Allocating the Risk of Illegal Securities Issuance Between Securityholders and the Issuer's Creditors*.  48 N.Y.U. L. Rev. 261 (1973).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2013.

                                                   /s/ Bryan M. Kotliar
                                                    Bryan M. Kotliar

14204997