# Exhibit A

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WASHINGTON MUTUAL, INC., <u>et al.</u>,[1] | ) | Case No. 08-12229 (MJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date :       Feb. 1, 2012, 10:30 a.m. |
| | ) | Objection Deadline :  Jan. 20, 2012, 4:00 p.m. |
| | ) | Related Docket Nos.  9224, 9225 |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ALTER OR AMEND THE COURT'S OPINION AND ORDER REGARDING SUBORDINATION OF THE CLAIM OF TRANQUILITY MASTER FUND, LTD.

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Washington Mutual, Inc., <u>et al.</u> (the "<u>Debtors</u>"), by and through its undersigned counsel, hereby moves this Court (the "<u>Motion</u>"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure as made applicable by Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), to alter or amend that portion of the Court's Opinion and Order (D.I. 9224, 9225) (the "<u>Opinion</u>" and the "<u>Order</u>," respectively) in which the Court ruled that the Debtors have not stated a basis for subordination of the claim asserted by Tranquility Master Fund, Ltd. ("<u>Tranquility</u>") in proof of claim number 2206 as amended by proof of claim number 3925 (the "<u>Claim</u>").  In support of this Motion, the Committee respectfully represents as follows:

## PRELIMINARY STATEMENT

1.    A motion to alter or amend a judgment under Bankruptcy Rule 9023 is a request for extraordinary relief, and the Committee does not bring this Motion lightly.  The Committee will not rehash prior arguments.  The Opinion and Order must be altered or amended,

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

however, to correct a clear error of law and prevent manifest injustice to the unsecured creditors of the Debtors' estates.

2.      With respect to subordination, the Court stated in the Opinion that the WaMu and WMALT Trusts (the "Trusts") "issued" the securities purchased by Tranquility (the "Certificates") that are the subject of the Claim.[2]  The Court said:  "Neither the Debtors nor their affiliates are the issuers of the Certificates."  Op. at 20.  This ruling, coupled with the Court's implicit determination that the phrase "securities of the debtor or an affiliate of the debtor" in section 510(b) means securities *issued by* a debtor or its affiliates, *id.* at 18-20, brings into sharp focus the question of *who* exactly is the "issuer" of the Certificates.

3.      The statutory and regulatory authorities under which Tranquility brings its claim provide the answer to this question, and the answer is contrary both to the Court's Opinion and to what Tranquility represented in its final brief to the Court.[3]  With respect to asset-backed securities such as the Certificates, the "issuer" is the "depositor", not the issuing Trust.  The statutes are all explicit and clear on this point, as will be discussed below.  Securities Act of 1933, § 2(a)(4) (the "Securities Act"), 15 U.S.C. § 77b(2)(a)(4); Securities Exchange Act of 1934 (the "Exchange Act"), § 3(a)(8), 15 U.S.C. § 78c(a)(8); Cal. Corp. Code § 25010(a).  The applicable federal regulations are in accord.  Securities and Exchange Commission ("SEC") Rule 191, 17 C.F.R. § 220.191; SEC Rule 3b-19, 17 C.F.R. § 240.3b-19; SEC Regulation AB, 17 C.F.R. § 229.1101(e) & (f).  Here, although the Trusts were "issuing entities," they were not the "issuers" of the securities *as a matter of law*.  The "issuers" were the depositors, WaMu Asset Acceptance Corp. ("WAAC") and Washington Mutual Mortgage Securities Corp. ("WMMSC"),

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Opinion.

[3] Tranquility Master Fund, Ltd.'s Response to the Official Committee of Unsecured Creditors' Supplemental Brief Objecting To Tranquility's Amended Proof of Claim ("Tranquility's Supp. Response") (D.I. 8265) (filed July 18, 2011).

both wholly-owned subsidiaries of Washington Mutual Bank ("<u>WMB</u>").  Accordingly, the "issuers" of the securities were indeed affiliates of the Debtors.  The correction of this error of law will lead to the proper subordination of Tranquility's claim.

4.      Unfortunately, none of the parties clearly and concisely referenced for the Court these explicit definitional sections of the Securities Act, the Exchange Act, SEC Rule 191, SEC Rule 3b-19, SEC Regulation AB, or the California Corporations Code.  The Committee regrets that this was not done.  Nevertheless, the Third Circuit has said that reconsideration under Fed. R. Civ. P. 59(e) is "the appropriate means of bringing to the court's attention manifest errors of fact or law," and that it is an abuse of discretion for a court to refuse to consider a new argument in a motion to alter or amend a judgment when that argument addresses a clear error of law.  *Max's Seafood Cafe ex. Rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 678 (3d Cir. 1999).

5.      Correction of this error of law will also prevent manifest injustice to unsecured creditors, by causing the subordination of this securities fraud claim as Congress intended.

## <u>RELEVANT BACKGROUND</u>

6.      The facts and the procedural history of this dispute are well known to the Court and will not be repeated here except as relevant to this Motion.

7.      Tranquility claims to have purchased Certificates from 56 tranches of securities in 21 separate series.  Of these, five of the tranches were registered with the SEC; the other 51 tranches were unregistered and sold pursuant to private placement memoranda ("<u>PPMs</u>").  The tranches sold under PPMs were all lower-rated tranches from the same Trusts as those of the registered tranches.  As Tranquility itself noted, "Each PPM attached and incorporated a Prospectus and a Prospectus Supplement that had been filed with the securities and Exchange Commission as part of the registration statements for WaMu's mortgage-backed

securities. … And each PPM contained numerous terms that were defined in the Prospectus Supplement." Tranquility Response to Debtors' Objection to Proof of Claim No. 2206 (D.I. 3641) (filed May 4, 2010), Ex. 1, ¶ 5. Attached as Exhibit A is a summary (based on existing exhibits already before the Court) of the 56 tranches, referencing the applicable exhibits containing the pertinent prospective supplements and PPMs where applicable. In 52 of the 56 tranches, WAAC was the "depositor"; in the remaining four, WMMSC was the "depositor". *See* Ex. A.

## JURISDICTION

8.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The statutory predicate for the relief requested herein is Fed. R. Civ. P. 59(e) as made applicable by Bankruptcy Rule 9023.

## RELIEF REQUESTED

9.      The Committee seeks to alter or amend that portion of the Court's Opinion and Order in which the Court ruled that the Debtors have not stated a basis for subordination of the Claim. The Committee requests entry of an order finding that WAAC and WMMSC were the issuers of the Certificates, and that because WAAC and WMMSC were affiliates of the Debtors under section 101(2)(B) of the Bankruptcy Code, section 510(b) applies to subordinate the Claim.

## ARGUMENT

### A.   STANDARD

10.     A motion to alter or amend a judgment may be filed pursuant to Bankruptcy Rule 9023, which incorporates Fed. R. Civ. P. 59(e). To prevail on a motion to alter or amend the judgment, the movant must show, in pertinent part: "the need to correct a clear

error of law or fact or to prevent manifest injustice." *Max's Seafood*, 176 F.3d at 677; *see also*

*Maymi v. Phelps*, No. 10-638, 2011 WL 6034480, at *1 (D. Del. Dec. 5, 2011) (same). While a

motion for reconsideration should not be used to rehash arguments that were already argued and

that the Court already decided, *In re Edison Bros., Inc.*, 268 B.R. 409, 412 (Bankr. D. Del.

2001), "reconsideration is the appropriate means of bringing to the court's attention manifest

errors of fact or law," *Max's Seafood*, 176 F.3d at 678 (holding that district court abused its

discretion when it failed to address clear error of law raised in motion for reconsideration).

### B.   BASIS FOR RELIEF

11.     The first applicable federal statute is the "Definitions" section of the

Securities Act.  Tranquility brings Count III of its claim under the Securities Act.  Section 2(a)(4)

provides, in pertinent part:

> When used in this title, unless the context otherwise requires--
>
> (4) The term "issuer" means every person who issues or proposes to issue any security; except that with respect to . . . collateral-trust certificates, or with respect to certificates of interest . . . , **the term "issuer" means the person or persons performing the acts and assuming the duties of depositor** or manager pursuant to the provisions of the trust or other agreement or instrument under which such securities are issued . . . .

15 U.S.C. § 77b(2)(a)(4) (emphasis added).

12.     This definition applies to control person liability under Section 15 of the

Securities Act, 15 U.S.C. § 77o.

13.     Exactly the identical definition appears in the analogous portion of the

Exchange Act.  Specifically, Section 3(a)(8) provides, in pertinent part:

> When used in this title, unless the context otherwise requires--
>
> (8) The term "issuer" means every person who issues or proposes to issue any security; except that with respect to . . . collateral-trust certificates, or with respect to certificates of interest . . . , **the term**

> "**issuer**" **means the person or persons performing the acts and
> assuming the duties of depositor** or manager pursuant to the
> provisions of the trust or other agreement or instrument under which
> such securities are issued . . . .

15 U.S.C. § 78c(3)(a)(8) (emphasis added).

14.    The applicable federal regulation promulgated under the Securities Act  is

SEC Rule 191, which states quite clearly:

> Rule 191 -- Definition of "issuer" in Section 2(a)(4) of the Act in
> Relation to Asset-Backed Securities.
>
> The following applies with respect to asset-backed securities under the
> Act.  Terms used in this section have the same meaning as in Item
> 1101 of Regulation AB (Rule 229.1101 of this chapter).
>
> **a.  The depositor for the asset-backed securities acting solely in its
> capacity as depositor to the issuing entity is the "issuer" for
> purposes of the asset-backed securities of that issuing entity.**

17 C.F.R. § 230.191 (emphasis added).

15.    The applicable federal regulation under the Exchange Act, SEC Rule

3b-19, is substantively identical.  (It omits the citation for Regulation AB.)

> Rule 3b-19 -- Definition of "issuer" in Section 3(a)(8) of the Act in
> Relation to Asset-Backed Securities.
>
> The following applies with respect to asset-backed securities under the
> Act.  Terms used in this section have the same meaning as in Item
> 1101 of Regulation AB.
>
> **a.  The depositor for the asset-backed securities acting solely in its
> capacity as depositor to the issuing entity is the "issuer" for
> purposes of the asset-backed securities of that issuing entity.**

17 C.F.R. § 240.3b-19 (emphasis added).

16.    The applicable California statute under which Tranquility brings Counts I

and II of its claim is the California Corporations Code, specifically sections 25504 and 25504.1.

The applicable definition is set forth in Section 25010(a), in words identical to those of both the

Securities Act and the Exchange Act:

> With respect to . . . collateral-trust certificates, or with respect to certificates of interest . . . " **issuer" means the person or persons performing the acts and assuming the duties of depositor** or manager pursuant to the provisions of the trust or other agreement or instrument under which the security is issued.

Calif. Corp. Code § 25010(a).

17.     The statutes and regulations regarding asset-backed securities accordingly draw a very clear distinction between an "issuer" and an "issuing entity." The "issuer" is the "depositor," and "*Depositor* means the depositor who receives or purchases and transfers or sells the pool assets to the issuing entity." Item 1101 of Regulation AB, 17 C.F.R. § 229.1101(e) (italics in original). The "issuing entity," by contrast, "means "the trust or other entity created at the direction of the sponsor or depositor that owns or holds the pool assets and in whose name the asset-backed securities supported or serviced by the pool assets are issued"—here, the Trusts. 17 C.F.R. § 229.1101(f). *See also* Talcott J. Franklin & Thomas F. Nealon III, *Mortgage and Asset Backed Securities Litigation Handbook* Appendix A (2011) (stating in definition of "Depositor" that "the Depositor is considered the statutory issuer of CMBS, although technically CMBS are issued by the Trust"). Here, WAAC and WMMSC are the "issuers" and the Trusts are merely passive "issuing entities".

18.     The legislative history explains this structure, clarifying that "although the actual issuer is the trustee, the depositor is the person responsible for the flotation of the issue," so "information relative to the depositor and to the basic securities is what chiefly concerns the investor—information respecting the assets and liabilities of the trust rather than of the trustee." H.R. Rep. No. 85, 73 Cong., 1st Sess. 13 (1933). "For these reasons the duty of furnishing this information is placed upon the actual manager of the trust and not the passive trustee, and this purpose is accomplished by defining 'issuer' as in such instances referring to the depositor or manager." *Id.* This depositor-as-issuer structure was not an accident or anomaly, but rather part

of a larger legislative and regulatory scheme, as evidenced by the fact that the SEC

simultaneously promulgated Rule 191 and "an identical rule for purposes of the Exchange Act,"

which it codified at 17 C.F.R. § 240.3b-19. *Asset-Backed Securities*, 70 Fed. Reg. 1506, 1526

n.155 (Jan. 7, 2005); *see also id.* at 1526 ("We are clarifying that the depositor for the asset-

backed securities, acting solely in its capacity as depositor to the issuing entity, is the 'issuer' for

purposes of the asset-backed securities of that issuing entity").[4]

   19. All of the above authority applies to tranches sold pursuant to PPMs as

well as to tranches that were registered with the SEC.  The California Corporate Code, under

which Tranquility pursues its claims under Counts I and II, uses the exact same language as

appears in the Securities Act and the Exchange Act.  Furthermore, the PPMs explicitly "attached

and incorporated a Prospectus and a Prospectus Supplement that had been filed with the

Securities and Exchange Commission as part of the registration statements for WaMu's

mortgage-backed securities," as Tranquility itself acknowledged.[5]  These lower-rated tranches

sold under PPMs involved the same "depositor"/ "issuer" as the registered offered certificates,

involved the same "issuing entity" as the registered offered certificates, were issued pursuant to

and are held subject to the same pooling and servicing agreement as the registered offered

securities, were backed by the same pool of mortgage loans as the registered offered certificates,

and were an integral part of the same securitization transaction (their issuance and existence is

---

[4] In analyzing who is the "issuer" of a security under the Exchange Act, the Seventh Circuit held that it "need not look beyond" the definition of "issuer" in that statute even though colorable policy reasons existed for expanding that definition. *Portnoy v. Kawecki Berylco Indus., Inc.*, 607 F.2d 765, 767-68 (7th Cir. 1979) (plaintiff did not have standing to sue under section 16(b) of Exchange Act because he did not own securities of "issuer" as defined by Exchange Act).  Given the identical language defining "issuer" in the Securities Act and the Exchange Act, no reason exists to believe that the Securities Act's definition should be treated any less dispositively.  And given that the California statute uses exactly the same language in defining "issuer," no reason exists to treat Tranquility's California claims any differently from its federal claim.

[5] Tranquility Response to Debtors' Objection to Proof of Claim No. 2206 (D.I. 3641) (filed May 4, 2010), Ex. 1, ¶5.

necessary for the overall securitization transaction structure as they provide the subordination required for the creation of senior classes and the desired ratings on such senior classes).

20.    The Debtors in their argument mistakenly implied that the Trusts – which the Court held are not affiliates of the Debtors – issued the Certificates that Tranquility purchased.  But in accordance with the law cited above, Tranquility's own admissions identify the depositor – WAAC or WMMSC—as the "issuer" of the Certificates that Tranquility purchased.[6]  Tranquility also makes much of a statement that Debtors made in a footnote which was based on an erroneous assumption that the Trusts were the issuers.  *See* Tranquility Supp. Response at 6.  However, Tranquility cannot bypass an error of law by admission or purported estoppel.  What the Debtor erroneously said does not determine what is the law.  *See In re SemCrude , L.P.,* 436 B.R. 317, 322 (Bankr. D. Del. 2010) (citation omitted) ("There is also support in this Circuit for the principle that 'judicial admissions are restricted in scope to matters of fact....  A legal conclusion—e.g., that a party was negligent or caused an injury—does not qualify [as] a judicial admission' ").  For instance, what if the Debtor had said in a footnote that the federal statute of limitations for fraudulent conveyance under section 548 of the Bankruptcy Code were three years?  The erroneous statement would not change the law that the correct statute of limitations is two years.  Nor could the admission justify applying the error as if it were the law.[7]

---

[6] It is undisputed that WAAC and WMMSC were the "depositors" for the securities issuances that form the basis of the Claim.  *See, e.g.,* WAAC Form S-3 filed February 28, 2005, at ii (identifying WAAC as "depositor" and stating that "WAAC, as depositor, will sell the securities, which may be in the form of mortgage pass-through certificates, mortgage-backed notes or mortgage trust certificates.").  Tranquility, in its proofs of claim, also acknowledges that WAAC is the depositor.  *See* Tranquility Amended Proof of Claim (No. 3925) at 12 ("WaMu Asset Acceptance participated in the securitization of the underlying mortgages at issue. In particular, it served as the 'Depositor' of the certificates . . . .").

[7] Tranquility's own proof of claim acknowledges that WAAC was the issuer of the Certificates.  Although Tranquility's allegation is not determinative of the law, it is notable that Tranquility's proof of claim alleges that "WaMu Inc. authorized and designed WaMu's strategy to finance WaMu's operations and earn profits from the

21.     In short, the Trusts were not the issuers of the Certificates.  Rather, WAAC and WMMSC, as depositors, were the issuers of the Certificates.  The Court has already determined that WAAC was an affiliate of the Debtors, *see* Op. at 18, n.4, and WMMSC was as well.  Therefore, the Certificates were issued by "affiliates" of the Debtors, and Tranquility's Claim must be subordinated under section 510(b) of the Bankruptcy Code.

## NOTICE

22.     Notice of this Motion is being given to:  (i) the Office of the United States Trustee; (ii) counsel to the Debtors; (iii) counsel to Tranquility; (iv) counsel to the Equity Committee; and (v)  parties that have requested service pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Committee respectfully requests that the Court (i) alter or amend that portion of the Opinion and Order in which the Court ruled that the Debtors have not stated a basis for subordination of the Claim; (ii) enter an order finding that WAAC and WMMSC, which are both affiliates of the Debtors pursuant to section 101(2)(B) of the Bankruptcy Code, were the issuers of the securities underlying Tranquility's Claim, and that accordingly section 510(b) applies to subordinate the Claim; and (iii) grant the Committee such other and further relief as the Court deems just, proper and equitable.

---

sale of the Certificates, including by . . . causing WaMu Asset Acceptance, which served as the issuer of the Certificates, to file, and/or provide, in conjunction with other WaMu entities, materially false and misleading Offering Documents to the market and to investors such as Tranquility . . . ."  Amended Proof of Claim (No. 3925) at 43 (emphasis added).  Tranquility also acknowledges that the Certificates were issued through the Trusts, and not by the Trusts themselves.  *Id.* at 52.

Dated:    January 3, 2012
          Wilmington, Delaware          Respectfully submitted,


                                        **PEPPER HAMILTON LLP**

                                        By:  /s/ John H. Schanne, II
                                        David B. Stratton (DE No. 960)
                                        John H. Schanne, II (DE No. 5260)
                                        Hercules Plaza, Suite 5100
                                        1313 Market Street
                                        P.O. Box 1709
                                        Wilmington, DE 19801
                                        Tel. (302) 777-6500
                                        Fax (302) 421-8390

                                        – and –

                                        **AKIN GUMP STRAUSS HAUER & FELD LLP**

                                        Fred S. Hodara (admitted *pro hac vice*)
                                        Robert A. Johnson (admitted *pro hac vice*)
                                        One Bryant Park
                                        New York, NY 10036
                                        Tel. (212) 872-1000
                                        Fax (212) 872-1002

                                        Attorneys for the Official Committee of Unsecured
                                        Creditors of Washington Mutual, Inc., *et al.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| WASHINGTON MUTUAL, INC., et al.,[1] | ) | Case No. 08-12229 (MJW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | Hearing Date : Feb. 1, 2012, 10:30 a.m. |
| | ) | Objection Deadline : Jan. 20, 2012, 4:00 p.m. |
| | ) | Related Docket Nos.: 9224, 9225 |

### NOTICE OF MOTION OF THE OFFICIAL COMMITTEE
### OF UNSECURED CREDITORS TO ALTER OR AMEND THE COURT'S
### OPINION AND ORDER REGARDING SUBORDINATION OF THE CLAIM
### OF TRANQUILITY MASTER FUND, LTD.

**PLEASE TAKE NOTICE** that counsel to the Official Committee of Unsecured Creditors (the "Committee") has filed the attached **Motion of the Official Committee of Unsecured Creditors to Alter or Amend the Court's Opinion and Order Regarding Subordination of the Claim of Tranquility Master Fund, Ltd.** (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that if you oppose the relief, you are required to file an objection to the Motion on or before **January 20, 2012 at 4:00 p.m. Prevailing Eastern Time.** At the same time, you must also serve a copy of the objection upon the attorneys for Committee as follows:

| | |
|---|---|
| AKIN GUMP STRAUSS HAUER & FELD LLP | PEPPER HAMILTON LLP |
| Fred S. Hodara, Esq. | David B. Stratton, Esq. |
| Robert A. Johnson, Esq. | John H. Schanne, II, Esq. |
| One Bryant Park | Evelyn J. Meltzer, Esq. |
| New York, NY 10036 | 1313 Market Street, P.O. Box 1709 |
| | Wilmington, DE 19899-1709 |

A hearing on the Motion is scheduled to take place before the Honorable Mary F. Walrath, United States District Bankruptcy Judge, 5th Floor, Courtroom #4, Wilmington, Delaware, on **February 1, 2012 at 11:30 a.m. Prevailing Eastern Time.**

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Seattle, Washington 98104.

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: January 3, 2012
      Wilmington, DE

Respectfully submitted,

PEPPER HAMILTON LLP

/s/ John H. Schanne, II
David B. Stratton (DE No. 960)
John H. Schanne, II (DE No. 5260)
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
Telephone:  (302) 777-6500
Facsimile:  (302) 421-8390

-and-

AKIN GUMP STRAUSS HAUER & FELD LLP

Fred S. Hodara (admitted *pro hac vice)*
Robert A. Johnson (admitted *pro hac vice)*
One Bryant Park
New York, NY 10036
Tel.: (212) 872-1000
Fax: (212) 872-1002

Attorneys for the Official Committee of Unsecured Creditors of Washington Mutual, Inc*., et al.*

#15372981 v1

# Exhibit A

### Tranches of Securities at Issue in Tranquility POC # 2206

| | **SECURITY** | **DEPOSITOR** | **REGISTERED OR PRIVATE PLACEMENT** | **PROSPECTUS SUPPLEMENT CITATION** | **PPM CITATION** |
|---|---|---|---|---|---|
| 1 | WAMU 2005-AR08, Class B11 | Washington Mutual Mortgage Securities Corp. ("WMMSC") | Private Placement | Obj.[1], Ex. 2 | Tranq. Resp.[2], Ex. 2 |
| 2 | WAMU 2005-AR15, Class B13 | WaMu Asset Acceptance Corp. ("WAAC") | Private Placement | Obj., Ex. 3 | Tranq. Resp., Ex. 3 |
| 3 | WAMU 2006-AR01, Class B13 | WAAC | Private Placement | Obj., Ex. 4 | Tranq. Resp., Ex. 4 |
| 4 | WAMU 2006-AR07, Class B13 | WAAC | Private Placement | Obj., Ex. 5 | Tranq. Resp., Ex. 5 |
| 5 | WAMU 2006-AR07, Class B13[3] | WAAC | Private Placement | Obj., Ex. 5 | Tranq. Resp., Ex. 5 |
| 6 | WAMU 2006-AR07, Class B14 | WAAC | Private Placement | Obj., Ex. 5 | Tranq. Resp., Ex. 5 |
| 7 | WAMU 2006-AR07, Class B14[4] | WAAC | Private Placement | Obj., Ex. 5 | Tranq. Resp., Ex. 5 |
| 8 | WAMU 2006-AR09, Class B11 | WAAC | Private Placement | Obj., Ex. 6 | Tranq. Resp., Ex. 6 |
| 9 | WAMU 2006-AR09, Class B12 | WAAC | Private Placement | Obj., Ex. 6 | Tranq. Resp., Ex. 6 |
| 10 | WAMU 2006-AR09, Class B13 | WAAC | Private Placement | Obj., Ex. 6 | Tranq. Resp., Ex. 6 |
| 11 | WAMU 2006-AR09, Class B14 | WAAC | Private Placement | Obj., Ex. 6 | Tranq. Resp., Ex. 6 |
| 12 | WAMU 2006-AR11, Class LB13 | WAAC | Private Placement | Obj., Ex. 7 | Tranq. Resp., Ex. 7 |
| 13 | WAMU 2006-AR11, Class LB14 | WAAC | Private Placement | Obj., Ex. 7 | Tranq. Resp., Ex. 7 |
| 14 | WAMU 2006-AR13, Class B13 | WAAC | Private Placement | Obj., Ex. 8 | Tranq. Resp., Ex. 8 |

[1] All references to "Obj." in this Exhibit A refer to the Debtors' "Objection to Proof of Claim of Tranquility Master Fund, Ltd. (Claim No. 2206)," (D.I. 2531) (filed March 10, 2010).

[2] All references to "Tranq. Resp." in this Exhibit A refer to Tranquility's "Response to Debtors' Objection to Proof of Claim No. 2206," (D.I. 3641) (filed May 4, 2010).

[3] Tranquility indicated that it purchased this tranche of security twice, both as an initial issue and on the secondary market. *See* "Summary In Support Of Tranquility Master Fund, Ltd's Proof of Claim" (Claim #2206), Ex. 1.

[4] Tranquility indicated that it purchased this tranche of security twice, both as an initial issue and on the secondary market. *See* "Summary In Support Of Tranquility Master Fund, Ltd's Proof of Claim" (Claim #2206), Ex. 1.

| | SECURITY | DEPOSITOR | REGISTERED OR PRIVATE PLACEMENT | PROSPECTUS SUPPLEMENT CITATION | PPM CITATION |
|---|---|---|---|---|---|
| 15 | WAMU 2006-AR13, Class B14 | WAAC | Private Placement | Obj., Ex. 8 | Tranq. Resp., Ex. 8 |
| 16 | WAMU 2006-AR15, Class B12 | WAAC | Private Placement | Obj., Ex. 9 | Tranq. Resp., Ex. 9 |
| 17 | WAMU 2006-AR15, Class B13 | WAAC | Private Placement | Obj., Ex. 9 | Tranq. Resp., Ex. 9 |
| 18 | WAMU 2006-AR15, Class B14 | WAAC | Private Placement | Obj., Ex. 9 | Tranq. Resp., Ex. 9 |
| 19 | WAMU 2006-AR17, Class B12 | WAAC | Private Placement | Obj., Ex. 10 | Tranq. Resp., Ex. 10 |
| 20 | WAMU 2006-AR17, Class B13 | WAAC | Private Placement | Obj., Ex. 10 | Tranq. Resp., Ex. 10 |
| 21 | WAMU 2006-AR17, Class B14 | WAAC | Private Placement | Obj., Ex. 10 | Tranq. Resp., Ex. 10 |
| 22 | WAMU 2006-AR19, Class B13 | WAAC | Private Placement | Obj., Ex. 11 | Tranq. Resp., Ex. 11 |
| 23 | WAMU 2006-AR19, Class B14 | WAAC | Private Placement | Obj., Ex. 11 | Tranq. Resp., Ex. 11 |
| 24 | WAMU 2007-OA01, Class B12 | WAAC | Private Placement | Obj., Ex. 12 | Tranq. Resp., Ex. 12 |
| 25 | WAMU 2007-OA01, Class B13 | WAAC | Private Placement | Obj., Ex. 12 | Tranq. Resp., Ex. 12 |
| 26 | WAMU 2007-OA01, Class B14 | WAAC | Private Placement | Obj., Ex. 12 | Tranq. Resp., Ex. 12 |
| 27 | WAMU 2007-OA02, Class B12 | WAAC | Private Placement | Obj., Ex. 13 | Tranq. Resp., Ex. 13 |
| 28 | WAMU 2007-OA02, Class B13 | WAAC | Private Placement | Obj., Ex. 13 | Tranq. Resp., Ex. 13 |
| 29 | WAMU 2007-OA02, Class B14 | WAAC | Private Placement | Obj., Ex. 13 | Tranq. Resp., Ex. 13 |
| 30 | WAMU 2007-OA05, Class B9 | WAAC | Private Placement | Obj., Ex. 14 | Tranq. Resp., Ex. 14 |
| 31 | WAMU 2007-OA05, Class B10 | WAAC | Private Placement | Obj., Ex. 14 | Tranq. Resp., Ex. 14 |
| 32 | WAMU 2007-OA05, Class B11 | WAAC | Private Placement | Obj., Ex. 14 | Tranq. Resp., Ex. 14 |
| 33 | WMALT 2005-AR1, Class B4 | WMMSC | Private Placement | Obj., Ex. 15 | Tranq. Resp., Ex. 15 |
| 34 | WMALT 2005-AR1, Class B5 | WMMSC | Private Placement | Obj., Ex. 15 | Tranq. Resp., Ex. 15 |
| 35 | WMALT 2005-AR1, Class B6 | WMMSC | Private Placement | Obj., Ex. 15 | Tranq. Resp., Ex. 15 |
| 36 | WMALT 2006-AR1, Class B5 | WAAC | Private Placement | Obj., Ex. 16 | Tranq. Resp., Ex. 16 |
| 37 | WMALT 2006-AR1, Class B6 | WAAC | Private Placement | Obj., Ex. 16 | Tranq. Resp. Ex. 16 |
| 38 | WMALT 2006-AR2, Class B13 | WAAC | Private Placement | Obj., Ex. 17 | Tranq. Resp., Ex. 17 |

| | SECURITY | DEPOSITOR | REGISTERED OR PRIVATE PLACEMENT | PROSPECTUS SUPPLEMENT CITATION | PPM CITATION |
|---|---|---|---|---|---|
| 39 | WMALT 2006-AR2, Class B14 | WAAC | Private Placement | Obj., Ex. 17 | Tranq. Resp., Ex. 17 |
| 40 | WMALT 2006-AR4, Class B9 | WAAC | Registered | Obj., Ex. 18 | N/A |
| 41 | WMALT 2006-AR4, Class B13 | WAAC | Private Placement | Obj., Ex. 18 | Tranq. Resp., Ex. 18 |
| 42 | WMALT 2006-AR4, Class B14 | WAAC | Private Placement | Obj., Ex. 18 | Tranq. Resp., Ex. 18 |
| 43 | WMALT 2006-AR5, Class LB13 | WAAC | Private Placement | Obj., Ex. 19 | Tranq. Resp., Ex. 19 |
| 44 | WMALT 2006-AR5, Class LB14 | WAAC | Private Placement | Obj., Ex. 19 | Tranq. Resp., Ex. 19 |
| 45 | WMALT 2006-AR6, Class B13 | WAAC | Private Placement | Obj., Ex. 20 | Tranq. Resp., Ex. 20 |
| 46 | WMALT 2006-AR6, Class B14 | WAAC | Private Placement | Obj., Ex. 20 | Tranq. Resp., Ex. 20 |
| 47 | WMALT 2006-AR7, Class B10 | WAAC | Registered | Obj., Ex. 21 | N/A |
| 48 | WMALT 2006-AR7, Class B11 | WAAC | Registered | Obj., Ex. 21 | N/A |
| 49 | WMALT 2006-AR7, Class B12 | WAAC | Private Placement | Obj., Ex. 21 | Tranq. Resp., Ex. 21 |
| 50 | WMALT 2006-AR7, Class B13 | WAAC | Private Placement | Obj., Ex. 21 | Tranq. Resp., Ex. 21 |
| 51 | WMALT 2006-AR7, Class B14 | WAAC | Private Placement | Obj., Ex. 21 | Tranq. Resp., Ex. 21 |
| 52 | WMALT 2007-OA2, Class B10 | WAAC | Registered | Obj., Ex. 22 | N/A |
| 53 | WMALT 2007-OA2, Class B11 | WAAC | Registered | Obj., Ex. 22 | N/A |
| 54 | WMALT 2007-OA2, Class B12 | WAAC | Private Placement | Obj., Ex. 22 | Tranq. Resp., Ex. 22 |
| 55 | WMALT 2007-OA2, Class B13 | WAAC | Private Placement | Obj., Ex. 22 | Tranq. Resp., Ex. 22 |
| 56 | WMALT 2007-OA2, Class B14 | WAAC | Private Placement | Obj.,  Ex. 22 | Tranq. Resp., Ex. 22 |

# CERTIFICATE OF SERVICE

I, John H. Schanne, II, hereby certify that on the 3rd day of January, 2012, I did serve the foregoing by causing a copy of the **Motion of the Official Committee of Unsecured Creditors to Alter or Amend the Court's Opinion and Order Regarding Subordination of the Claim of Tranquility Master Fund, Ltd.** to be served via United States mail, first class, postage pre-paid, or as indicated, upon those parties listed on the attached service list.

/s/ John H. Schanne, II
John H. Schanne, II (DE No. 5260)

#15373009 v1

CB Blackard III
Acxiom Corporation
301 E Dave Ward Dr
PO Box 2000
Conway, AR  72033-2000

David P Simonds, Esq.
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park E Ste 2400
Los Angeles, CA  90067-3012

Fred S Hodara, Esq.
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY  10036

Scott L Alberino, Esq.
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Ave NW
Washington, DC  20036

Frederick B. Rosner, Esq.
Scott J. Leonhardt, Esq.
The Rosner Law Group LLC
824 Market Street
Suite 810
Wilmington, DE 19801

J. William Boone, Esq.
Alston & Brid LLP
1201 W Peachtree St
Atlanta, GA  30309-3424

Attn Paul Silverstein, Esq.
Andrews Kurth LLP
450 Lexington Ave 15th Fl
New York, NY  10017

Edward W Kressler, Esq.
Angelo Gordon & Co
245 Park Ave 26th Fl
New York, NY  10167

George Rosenberg, Esq.
Arapahoe County Attorneys Office
5334 S Prince St
Littleton, CO  80166

Charles J Brown III, Esq.
Archer & Greiner PC
300 Delaware Ave Ste 1370
Wilmington, DE  19801

Andrew Silfen, Esq.
Arent Fox LLP
1675 Broadway
New York, NY 10019

Jeffrey N Rothleder, Esq.
Arent Fox LLP
1050 Connecticut Ave NW
Washington, DC 20036

Darryl S Laddin, Esq.
Michael F Holbein, Esq.
Arnall Golden Gregory LLP
171 17th St NW Ste 2100
Atlanta, GA 30363-1031

Don A Beskrone, Esq.
William P Bowden, Esq.
Amanda M Winfree, Esq.
Ashby & Geddes PA
500 Delaware Ave 8th Fl
PO Box 1150
Wilmington, DE 19899

David F Heroy, Esq.
Ethan Ostrow, Esq.
Baker & McKenzie LLP
One Prudential Plaza Ste 3600
Chicago, IL 60601

Joseph R Biden, III, Esq.
Attorney Generals Office
Carvel State Office Bldg
820 N French St 8th Fl
Wilmington, DE 19801

Attn Gary S Bush
Bank of New York Mellon
Global Corporate Trust
101 Barclay St
New York, NY 10286

Frank F McGinn, Esq.
Bartlett Hackett Feinberg PC
155 Federal St 9th Fl
Boston, MA 02110

Jennifer R Hoover, Esq.
Benesch Friedlander Coplan & Aronoff LLP
222 Delaware Ave Ste 801
Wilmington, DE 19801

Chad Johnson, Esq.
Hannah Ross, Esq.
Bernstein Litowitz Berger & Grossmann LLP
1285 Avenue of the Americas 38th Fl
New York, NY 10019

Stephen H Meyer
Board of Governors of the Federal Reserve System
Assistant General Counsel
20th & C Sts NW
Washington, DE  20551

Michael DeBaecke, Esq.
Blank Rome LLP
1201 Market St Ste 800
Wilmington, DE  19801

Gail B Price, Esq.
Bronwen Price
2600 Mission St Ste 206
San Marion, CA  91108

Andre G. Bouchard, Esq.
Sean M Brennecke, Esq.
Bouchard Margules & Friedlander PA
222 Delaware Ave Ste 1400
Wilmington, DE  19801

Donald K Ludman, Esq.
Brown & Connery LLP
6 N Broad St Ste 100
Woodbury, NJ  08096

Jeremy B Coffey, Esq.
Brown Rudnick LLP
One Financial Ctr
Boston, MA  02111

Sigmund S Wissner-Gross, Esq.
Brown Rudnick LLP
Seven Times Sq
New York, NY  10036

Shawn M Christianson, Esq.
Buchalter Nemer PC
333 Market St 25th Fl
San Francisco, CA  94105-2126

John R Knapp, Jr., Esq.
Cairncross & Hempelmann PS
542 2nd Ave Ste 500
Seattle, WA  98104-2323

Bernard G Conaway, Esq.
Campbell & Levine LLC
800 N King St Ste 300
Wilmington, DE  19809

William G Wright, Esq.
Capehart & Scatchard PA
8000 Midlantic Dr Ste 300S
Mt Laurel, NJ  08054

Vivek Melwani
Centerbridge Capital Partners LP
375 Park Ave 12th Fl
New York, NY  10152-0002

Christopher B Mosley
City of Fort Worth
1000 Throckmorton St
Fort Worth, TX  76102

Kenneth Rehns, Esq.
Cohen Milstein Seller & Toll PLLC
150 E 52nd St
New York, NY  10022

J. Kate Stickles, Esq.
Patrick J. Reilley, Esq.
Cole Schotz Meisel Forman & Leonard PA
500 Delaware Ave Ste 1410
Wilmington, DE  19801

Jeffrey C. Wisler, Esq.
Marc J. Phillips, Esq.
Connolly Bove Lodge & Hutz LLP
1007 N Orange St
PO Box 2207
Wilmington, DE  19899

Patrick L. Huffstickler, Esq.
Cox Smith Matthew Inc
112 E Pecan Ste 1800
San Antonio, TX  78205

Christopher P. Simon, Esq.
Cross & Simon LLC
913 N Market St 11th Fl
Wilmington, DE  19801

Steven J. Reisman, Esq.
Curtis Mallet Prevost Colt & Mosle LLP
101 Park Ave
New York, NY  10178-0061

David D. Lennon, Esq.
Asst Attorney General
Revenue Section
PO Box 629
Raleigh, NC  27602-0629

Attn Bankruptcy Dept
Delaware Dept of Justice
820 N French St 6th Fl
Wilmington, DE  19801

Division of Corporations
Delaware Secretary of the State
PO Box 898
Franchise Tax Division
Dover, DE  19903

Delaware Secretary of the Treasury
PO Box 7040
Dover, DE  19903

Division of Unemployment Ins.
Department of Labor
4425 N Market St
Wilmington, DE  19802

Thomas R. Califano, Esq.
Jeremy R. Johnson, Esq.
DLA Piper LLP
1251 Avenue of the Americas
New York, NY  10020-1104

Peter A Ivanick, Esq.
Dewey & LeBoeuf LLP
1301 Avenue of the Americas
New York, NY  10019

Stuart M. Brown, Esq.
Craig R. Martin, Esq.
Edwards Angell Palmer & Dodge LLP
919 N Market St 15th Fl
Wilmington, DE  19801

Ayala A. Hassell
Electronic Data Systems LLC
5400 Legacy Dr
MS H3 3A 05
Plano, TX  75024

Andrew J. Entwistle, Esq.
Johnston de F. Whitman Jr., Esq.
Joshua K. Porter, Esq.
Entwistle & Cappucci LLP
280 Park Ave 26th Fl
New York, NY  10017

Robyn B. Sokol, Esq.
Ezra Brutzkus Gubner LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

Daniel H Kurtenbach
Federal Deposit Insuance Corp
550 17th St NW
Washington, DC  20429

Donald McKinley
Federal Deposit Insuance Corp
1601 Bryan St
PAC 04024
Dallas, TX  75201

Stephen J Pruss
Federal Deposit Insuance Corp
1601 Bryan St
PAC 04024
Dallas, TX  75201

James Burgess
First Pacific Bank of California
9333 Genesee Ave Ste 300
San Diego, CA  92121

Margaret Peg M. Anderson, Esq.
Fox Hefter Swibel Levin & Carroll LLP
200 W Madison St Ste 3000
Chicago, IL  60606

Jeffrey M. Schlerf, Esq.
Eric M. Sutty, Esq.
Fox Rothschild LLP
919 N Market St Ste 1600
Citizens Bank Center
Wilmington, DE  19801

Matthew M. Roose, Esq.
Fried Frank Harris Shriver & Jacobson LLP
One New York Plaza
New York, NY  10004-1980

David Russo, Esq.
Freshfields Bruckhaus Deringer LLP
520 Madison Ave 34th Fl
New York, NY  10022

Robert E. Greenberg, Esq.
Friedlander Misler
1101 17th St NW Ste 700
Washington, DC  20036-4704

David McCall, Esq.
Gay McCall Isaacks Gordon & Roberts
777 E 15th St
Plano, TX  75074

Christine D. Lynch, Esq.
Goulston & Storrs PC
400 Atlantic Ave
Boston, MA  02110-333

Frederick Black, Esq.
Tara B. Annweiler, Esq.
Greer Herz & Adams LLP
One Moody Plz 18th Fl
Galveston, TX  77550

Andrew M. Volk, Esq.
Hagens Berman Sobol Shapiro LLP
1301 Fifth Ave Ste 2900
Seattle, WA  98101

Beatriz Agramonte
Gulf Group Holdings Acquisitions & Applications
18305 Biscayne Blvd Ste 400
Aventura, FL  33160

Bennett J. Murphy, Esq.
Michael C. Schneidereit, Esq.
Hennigan Bennet Dorman LLP
865 S Figueroa St Ste 2900
Los Angeles, CA  90017

Paul M. O'Connor, III, Esq.
David S. Rosner, Esq.
Trevor J. Welch, Esq.
Daniel A. Fliman, Esq.
Kasowitz Benson Torres & Friedman
1633 Broadway
New York, NY  10019

Ken Higman
Hewlett Packard Company
2125 E Katella Ave Ste 400
Anaheim, CA  92806

A. Clifton Hodges, Esq.
Hodges and Associates
4 E Holly St Ste 202
Pasadena, CA  91103-3900

Vicky Namken
IBM Corporation
13800 Diplomat Dr
Dallas, TX  75234

Bill Dimos
IBM Credit LLC
North Castle Dr
MD 320
Armonk, NY  10504

Centralized Insolvency Operation
Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114-0326

Centralized Insolvency Operation
Internal Revenue Service
11601 Roosevelt Blvd
Mail Drop N781
Philadelphia, PA  19255-0002

John Malone
1838 N Valley Mills Dr
Waco, TX  76710

Angelina E. Lim, Esq.
Johnson Pope Bokor Ruppel & Burns LLP
PO Box 1368
Clearwater, FL  33757

Gary A. Gotto, Esq.
Lynn L. Sarko, Esq.
Derek W. Loeser, Esq.
Karin B. Swope, Esq.
Keller Rohrback LLP
1201 Third Ave Ste 3200
Seattle, WA  98101

Eric R. Wilson, Esq.
Kelley Drye & Warren LLP
101 Park Ave
New York, NY  10178

Adam G. Landis, Esq.
Matthew B. McGuire, Esq.
Landis Rath & Cobb LLP
919 Market St Ste 1800
Wilmington, DE  19801-3033

Arthur J. Steinberg, Esq.
King & Spalding LLP
1185 Avenue of the Americas
New York, NY  10036-4003

James Heaney, Esq.
Law Debenture Trust Company of New York
400 Madison Ave 4th Fl
New York, NY  10017

Emil Lippe, Jr., Esq.
Law Offices of Lippe & Associates
600 N Pearl St Ste S2460
Plaza of the Americas South Tower
Dallas, TX  75201

Michael J Bennett, Esq.
Kathleen R. Dahlgren, Esq.
Lichtsinn & Haensel
111 E Wisconsin Ave Ste 1800
Milwaukee, WI  53202

Maria Douvas, Esq.
Paul Hastings LLP
75 East 66th Street
New York, NY 10022

Elizabeth Weller, Esq.
Linebarger Goggan Blair & Sampson LLP
2323 Bryan St Ste 1600
Dallas, TX  75201

Daniel B. Besikof, Esq.
Loeb & Loeb LLP
345 Park Ave
New York, NY  10154

Walter H. Curchack, Esq.
Vadim J. Rubinstein, Esq.
Loeb & Loeb LLP
345 Park Ave
New York, NY  10154

Ira M. Levee, Esq.
Michael S. Etkin, Esq.
Vincent A. D'Agostino, Esq.
Joseph M. Yar, Esq.
Lowenstein Sandler PC
65 Livingston Ave
Roseland, NJ  07068

Michael Reed, Esq.
McCreary Veselka Bragg & Allen
PO Box 1269
Round Rock, TX  78680

Ken Burton
Manatee County Tax Collector
Attn: Michelle Leeson
PO Box 25300
Bradenton, FL  34206-5300

Sally E. Edison, Esq.
McGuire Woods LLP
625 Liberty Ave 23rd Fl
Pittsburgh, PA  15222

Nava Hazan, Esq.
McDermott Will & Emery LLP
340 Madison Ave
New York, NY  10173-1922

Daniel J. Carrigan, Esq.
McKenna Long & Aldridge LLP
1900 K St NW
Washington, DC  20006-1108

J. Michael Levengood, Esq.
Henry F. Sewell, Jr., Esq.
David E. Gordon, Esq.
McKenna Long & Aldridge LLP
303 Peachtree St NE Ste 5300
Atlanta, GA  30308-3265

Alberto Burnstein, Esq.
Miami Dade Bankruptcy Unit
140 W Flagler St Ste 1403
Miami, FL  33130-1575

Brett D. Fallon, Esq.
Morris James LLP
500 Delaware Ave Ste 1500
PO Box 2306
Wilmington, DE  19899-2306

Brett H. Miller, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104

Nationstar Mortgage
350 Highland Dr
Lewisville, TX  75067

Michael J. Sage, Esq.
Jason Alderson, Esq.
O'Melveny & Myers LLP
Time Square Tower
7 Times Square
New York, NY  10036

Carolyn G. Wade, Esq.
Oregon Dept of Justice
Senior Asst Attorney General
1162 Court St NE
Salem, OR  97301-4096

Deputy Attorney General
Office of the Attorney General
Attn: James Potter, Esq.
300 S Spring St Ste 1702
Los Angeles, CA  90013

Jane M. Leamy, Esq.
Office of the United States Trustee Delaware
844 King St Ste 2207
Lockbox 35
Wilmington, DE  19899-0035

Christopher A. Sterbenz
Martin Jefferson Davis
Office of Thrift Supervision
Trial Counsel Litigation Div
1700 G St NW
Washington, DC  20552

Darrell W. Dochow
Office of Thrift Supervision
Pacific Plaza
2001 Junipero Serra Blvd Ste 650
Daly City, CA  94014-1976

Daniel A. Lowenthal, Esq.
Brian P. Guiney, Esq.
Patterson Belknap Webb & Tyler
1133 Avenue of the Americas
New York, NY  10036-6710

Jeffrey Isaacs, Esq.
Procopio Cory Hargreaves & Savitch LLP
530 B St Ste 2100
San Diego, CA  92101

Joel W Ruderman
Pension Benefit Guaranty Corp
Office of the Chief Counsel
1200 K St NW
Washington, DC  20005-4026

Elizabeth Banda, Esq.
Perdue Brandon Fielder Collins & Mott LLP
P.O. Box 13430
Arlington, TX  76094-0430

Ronald L. Berenstain, Esq.
Brian A. Jennings, Esq.
Alan D. Smith, Esq.
Perkins Coie LLP
1201 Third Ave 48th Fl
Seattle, WA  98101

Stephen W. Spence, Esq.
Phillips Goldman & Spence PA
1200 N Broom St
Wilmington, DE  19806

Richard Epling, Esq.
Leo T. Crowley, Esq.
Margot P. Erlich, Esq.
Pillsbury Winthrop Shaw Pittman LLP
1540 Broadway
New York, NY  10036-4039

Donna L. Harris, Esq.
Pinckney Harris Weidinger LLC
1220 N Market St Ste 950
Wilmington, DE  19801

Michael S. Mitchell
Plains Capital Bank Building
18111 N Preston Rd Ste 810
Dallas, TX  75252

Sydney G. Platzer, Esq.
Platzer Sergold Karlin Levine Goldberg Jaslow LLP
1065 Avenue of the Americas 18th Fl
New York, NY  10018

Kurt F. Gwynne, Esq.
Reed Smith LLP
1201 Market St Ste 1500
Wilmington, DE  19801

J Andrew Rahl, Esq.
Reed Smith LLP
599 Lexington Ave
New York, NY  10022

J. Cory Falgowski, Esq.
Reed Smith LLP
1201 Market St Ste 1500
Wilmington, DE  19801

James C. McCarroll, Esq.
Reed Smith LLP
599 Lexington Ave 30th Fl
New York, NY  10022

Mark D. Collins, Esq.
Chun I. Jang, Esq.
Richards Layton & Finger PA
One Rodney Square
920 N King St
Wilmington, DE  19899

Joseph E. Shickich, Jr.
Riddell Williams PS
1001 4th Ave Ste 4500
Seattle, WA  98154-1192

Robert M. Menar
700 S Lake Ave Ste 325
Pasadena, CA  91106

Norman M. Monhait, Esq.
Carmella P. Keener, Esq.
Rosenthal Monhait & Goddess PA
919 N Market St Ste 1401
P.O. Box 1070
Wilmington, DE  19899-1070

Christine M. Babb
San Joaquin County Treasurer & Tax Collector Office
of Shabbir A Khan
44 N San Joaquin St Ste 150
PO Box 2169
Stockton, CA  95201

Bankruptcy Desk
San Diego Treasurer Tax Collector of California
Dan McAllister
1600 Pacific Hwy Rm 162
San Diego, CA  92101

Christopher R. Belmonte, Esq.
Pamela A. Bosswick, Esq.
Satterlee Stephens Burke & Burke LLP
230 Park Ave
New York, NY  10169

Mark Minuti, Esq.
Saul Ewing LLP
222 Delaware Ave Ste 1200
PO Box 1266
Wilmington, DE  19899

Jonathan L. Hochman, Esq.
Daniel E. Shaw, Esq.
Schindler Cohen & Hochman LLP
100 Wall St 15th Fl
New York, NY  10005

Javier Schiffrin, Esq.
Schiffrin & Partners PC
55 West 26th St 15th Fl
New York, NY  10010-1012

Joseph P Guglielmo, Esq.
Scott and Scott LLP
29 W 57th St
New York, NY  10019

Allen Maiza
Securities & Exchange Commission
Northeast Regional Office
3 World Financial Center Rm 4300
New York, NY  10281

Daniel M. Hawke
Securities & Exchange Commission
The Mellon Independence Ctr
701 Market St
Philadelphia, PA  19106-1532

Securities & Exchange Commission
15th & Pennsylvania Ave NW
Washington, DC  20020

Patricia P. McGonigle, Esq.
Seitz Van Ogtrop & Green PA
222 Delaware Ave Ste 1500
Wilmington, DE  19899

Duane M. Geck, Esq.
Severson & Werson PC
One Embarcadero Center 26th Fl
San Francisco, CA  94111

Michelle E. Shriro, Esq.
Singer & Levick PC
16200 Addison Rd Ste 140
Addison, TX  75001

Julie A. Manning, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT  06103-1919

Randy R Weller MS No 25
State of Delaware Division of Revenue
820 N French St 8th Fl
Wilmington, DE  19801-0820

Ross Spence, Esq.
Snow Fogel Spence LLP
2929 Allen Pkwy Ste 4100
Houston, TX  77019

Barry S. Glaser, Esq.
Steckbauer Weinhart Jaffe LLP
333 S Hope St Ste 3600
Los Angeles, CA  90071

Zachary Mosner Asst Attorney General
State of Washington Dept of Revenue
800 Fifth Ave Ste 2000
Seattle, WA  98104-3188

Hydee R. Feldstein, Esq.
Sullivan & Cromwell LLP
1888 Century Park E
Los Angeles, CA  90067-1725

Sabrina L Streusand
Streusand & Landon LLP
811 Barton Springs Road
Suite 811
Austin, TX  78704

Stephen D. Susman, Esq.
Seth D. Ard, Esq.
560 Lexington Avenue, 15th Floor
New York, New York 10022-6828

Parker C. Folse III, Esq.
Edgar Sargent, Esq.
Justin A. Nelson, Esq.
Susman Godfrey LLP
1201 Third Ave Ste 3800
Seattle, WA  98101

TN Attorney Generals Office Bankruptcy Div
Tennessee Dept of Revenue
P.O. Box 20207
Nashville, TN  37202-0207

Roy H. Carlin, Esq.
Tannenbaum Helpern Syracuse & Hirchtritt
900 Third Ave 13th Fl
New York, NY  10022

Melissa Quinn
Tulare County Tax Collector
221 S Mooney Blvd Rm 104 E
Visalia, CA  93291-4593

Dan McAllister Bankruptcy Desk
Treasurer Tax Collector
1600 Pacific Hwy Room 162
San Diego, CA  92101

Eric H. Holder, Jr. , Esq.
US Attorney General US Department of Justice
950 Pennsylvania Ave NW
Washington, DC  20530-0001

Janet Fitzpatrick Legal Asst
Unisys Corporation
Unisys Way
PO Box 500 MS E8 108
Blue Bell, PA  19424

Jan M. Geht, Esq.
Trial Attorney Tax Division
US Department of Justice
PO Box 227
Washington, DC  20044

Charles M. Oberly, III, Esq.
US Attorneys Office
1007 N Orange St Ste 700
P.O. Box 2046
Wilmington, DE  19899-2046

William M. Vermette
Verizon Services Corp
22001 Loudon County Parkway
Room E1 3 113
Ashburn, VA  20147

Douglas J. Lipke, Esq.
Vedder Price PC
222 N LaSalle St Ste 2600
Chicago, IL  60601

Washington Mutual Claims Processing
c/o Kurtzman Carson Consultants
2335 Alaska Ave
El Segundo, CA  90245

Walter R. Holly, Jr
10853 Garland Ave
Culver City, CA  90232

Douglas R. Gonzales, Esq.
Weiss Serota Helfman
200 E Broward Blvd Ste 1900
Fort Lauderdale, FL  33301

Marcia L. Goldstein, Esq.
Michael F. Walsh, Esq.
Brian S. Rosen, Esq.
Weil Gotshal & Manges LLP
767 Fifth Ave
New York, NY  10153

Thomas E. Lauria, Esq.
White & Case LLP
Wachovia Financial Center
200 S Biscayne Blvd Ste 4900
Miami, FL  33131

Thomas M. Korsman, Esq.
Wells Fargo Bank NA
625 Marquette Ave
Minneapolis, MN  55479

Robert S. Brady, Esq.
M. Blake Cleary, Esq.
Young Conaway Stargatt & Taylor LLP
1000 West St 17th Fl
Wilmington, DE  19801

James McGinley
Wilmington Trust Company
520 Madison Ave 33rd Fl
New York, NY  10022

Charles R. Eckberg, Esq.
Mary J Heston, Esq.
1420 Fifth Avenue
Suite 4100
Seattle, WA 98101-2338

Rachel B. Mersky, Esq.
Monzack Mersky McLaughlin and Browder, P.A.
1201 North Orange Street
Suite 400
Wilmington, DE 19801

Chad Smith
WASHINGTON MUTUAL, INC.
925 Fourth Avenue, Suite 2500
Seattle, Washington 98104

Donna L. Culver, Esq.
Morris, Nichols ARsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

**Hand Deliver**

Scott A. Meyers, Esq.
Ulmer & Berne LLP
One North Franklin Street
Suite 1205 Chicago, IL 60606-3401

**Overnight Delivery**