# Exhibit C

ORIGINAL

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re* : Chapter 11
: Case No. 08-12229 (MFW)
WASHINGTON MUTUAL, INC., et al.,[1] :
:
Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x Re: Docket No. 9521

### ORDER PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 APPROVING STIPULATION AND AGREEMENT BETWEEN THE DEBTORS AND TRANQUILITY MASTER FUND, LTD.

Upon the motion, dated January 30, 2012 (the "Motion"),[2] of Washington Mutual, Inc. ("WMI") and WMI Investment Corp., as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving that *Stipulation and Agreement Between the Debtors and Tranquility Master Fund, Ltd. (A) Resolving Amended Proof of Claim Number 3925 and (B) Allowing Claims for Voting Purposes*, dated January 27, 2012 (the "Stipulation"), between the Debtors and Tranquility Master Fund, Ltd. ("Tranquility") (now known as Spectrum Master Fund, Ltd.), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 1201 Third Avenue, Suite 3000, Seattle, Washington 98101.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to all parties entitled to receive notice thereof, and no other or further notice being required; and the Court having determined that the relief sought in the Motion is in the best interest of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Motion is GRANTED; and it is further

ORDERED that the Stipulation, a copy of which is attached hereto as <u>Exhibit 1</u>, and the settlement embodied therein is fair, reasonable, and adequate, and the Parties are authorized to take all steps necessary to consummate the Stipulation; and it is further

ORDERED that, because the Motion to Alter or Amend is still pending, and the portion of the December Order relating to subordination under 510(b) of the Bankruptcy Code is not a final order, the withdrawal of the Supplemental Objection and adjournment of the Motion to Alter or Amend shall be without prejudice to the Debtors' and the Creditors' Committee's right to object on any ground to any other claims filed against the Debtors' chapter 11 estates; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: February 16, 2012
      Wilmington, Delaware

                                      THE HONORABLE MARY F. WALRATH
                                      UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

## Stipulation

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
*In re* : Chapter 11
:
WASHINGTON MUTUAL, INC., et al.,[1] : Case No. 08-12229 (MFW)
:
Debtors. : (Jointly Administered)
:
:
:
---------------------------------------------------------------x

STIPULATION AND AGREEMENT BETWEEN
THE DEBTORS AND TRANQUILITY MASTER FUND, LTD.
(A) RESOLVING AMENDED PROOF OF CLAIM
NUMBER 3925 AND (B) ALLOWING CLAIMS FOR VOTING PURPOSES

Washington Mutual, Inc. ("WMI") and WMI Investment Corporation ("WMI Investment"), as debtors and debtors in possession (collectively, the "Debtors"), and Tranquility Master Fund, Ltd. ("Tranquility") (now known as Spectrum Master Fund, Ltd.), by and through their respective counsel, enter into this stipulation and agreement (the "Stipulation"), and hereby stipulate as follows:

RECITALS

Bankruptcy Background

A. Prior to September 25, 2008, WMI was a savings and loan holding company that owned Washington Mutual Bank ("WMB") and such bank's subsidiaries, including Washington Mutual Bank fsb.

---

[1] The Debtors in these chapter 11 cases along with the last four digits of each Debtor's federal tax identification number are: (i) Washington Mutual, Inc. (3725); and (ii) WMI Investment Corp. (5395). The Debtors' principal offices are located at 925 Fourth Avenue, Suite 2500, Seattle, Washington 98104.

B.      On September 25, 2008, the Office of Thrift Supervision, by order number 2008-36, closed WMB, appointed Federal Deposit Insurance Corporation ("FDIC") as receiver for WMB (the "FDIC Receiver") and advised that the FDIC Receiver was immediately taking possession of WMB's assets.

C.      On or about September 25, 2008, the FDIC, in its corporate capacity and as receiver of WMB, and JPMorgan Chase Bank, N.A. ("JPMC") entered into that certain *Purchase and Assumption Agreement, Whole Bank*, dated as of September 25, 2008.

D.      On September 26, 2008, each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). As of the date hereof, the Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On October 3, 2008, the Bankruptcy Court entered an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only as Chapter 11 Case No. 08-12229 (MFW).

E.      On December 12, 2011, the Debtors filed the *Seventh Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code*, dated December 12, 2011 [D.I. 9178], as it has been and may be amended from time to time (the "Seventh Amended Plan"), and a related disclosure statement (the "Disclosure Statement").

F. By order, dated January 13, 2012 [D. I. 9414] (the "Solicitation Order"), the Bankruptcy Court (1) approved the adequacy of the information contained in the Disclosure Statement in accordance with section 1125 of the Bankruptcy Code, (2) established solicitation procedures with respect to acceptances and rejections of, as well as elections in connection with, the Seventh Amended Plan and (3) set February 16, 2012, at 9:30 a.m., as the commencement of the hearing to consider confirmation of the Seventh Amended Plan.

G. Tranquility has received a copy of the Disclosure Statement and the Seventh Amended Plan.

**The Tranquility Claim and the Claims Process**

H. By order, dated January 30, 2009 (the "Bar Date Order"), the Bankruptcy Court established March 31, 2009 (the "Bar Date") as the deadline for filing proofs of claim against the Debtors in these chapter 11 cases. Pursuant to the Bar Date Order, each creditor, subject to certain limited exceptions, was required to file a proof of claim on or before the Bar Date.

I. On March 27, 2009, Tranquility filed proof of claim number 2206 against WMI in these chapter 11 cases in the amount of $49,603,057.24 (the "Original Tranquility Claim"). Tranquility alleged that, from 2006 through 2007, it purchased approximately $71 million in certain mortgage backed securities issued by certain special-purpose trusts created by WMB. Tranquility further alleged that WMI was liable under California Corp. Code §§ 25401, 25501, 25504, and 25504.1 and Sections 11 and 15 of the Securities Act of 1933, related to material misrepresentations and omissions in the offer and sale of certain mortgage-backed securities. The Original Tranquility Claim

alleged that the mortgage-backed securities were issued and sold by WaMu Capital Corp., in conjunction with WMB, WaMu Asset Acceptance Corp., Washington Mutual Mortgage Securities Corp., Washington Mutual Bank, fsb, and certain special purpose trusts. The Original Tranquility Claim further alleged that such entities were engaged in a scheme with two appraiser companies, Lender Services, Inc. and First American eAppraiseIT, LLC, to artificially inflate the appraised value of the homes serving as collateral for the loans originated by WMB and its subsidiaries that underlie the mortgage backed securities at issue. The Original Tranquility Claim allegations asserted that the various related entities and trusts were either owned or controlled by WMI.

J. On March 15, 2010, the Debtors filed the *Debtors' Objection to Proof of Claim of Tranquility Master Fund, Ltd. (Claim No. 2206)* (D.I. 2531) (the "Objection"), asserting, among other objections, that the Original Tranquility Claim failed to assert a claim against those securities issued pursuant to the private placement exemption, that Tranquility failed to plead fraud with particularity, that Tranquility's claims lack jurisdiction and should be dismissed, that the Original Tranquility Claim failed to establish that WMI was a controlling person or materially assisted in an alleged securities violation, that Tranquility failed to allege loss causation, and that there were no underlying securities law violations of either federal or California law.

K. The parties agreed to bifurcate the proceedings involving the Objection, proceeding initially with only Sections II(A)-(C)(1) of the Objection (the "Initial Issues"), while deferring discovery and argument on the remaining portions of the Objection.

L. Upon completion of briefing, a hearing was held on October 22, 2010 before the Bankruptcy Court on the Initial Issues. On November 12, 2010, the

Bankruptcy Court entered its *Order Sustaining in Part and Overruling in Part Debtors' Objection to Proof of Claim of Tranquility Master Fund, Ltd.* (Claim 2206) (D.I. 5882) (the "Initial Order"). In the Initial Order, the Bankruptcy Court sustained the Debtors' Objection in part and disallowed Tranquility's federal claims as to those securities that were not issued pursuant to a registration statement. Additionally, the Bankruptcy Court sustained the Objection in part based on failure to allege facts sufficient to plead control person or material assistance liability against WMI, but granted Tranquility leave to file an amended proof of claim.

M. On November 30, 2010, Tranquility filed an amended proof of claim (No. 3925) (the "Amended Tranquility Claim") in the amount of $49,603,057.24. The Amended Tranquility Claim also contains allegations that WMI is liable under California Corp. Code §§ 25401, 25501, 25504, and 25504.1 and Sections 11 and 15 of the Securities Act of 1933, for rescission and damages related to Tranquility's purchases in 2006 and 2007 of mortgage-backed securities based on material misrepresentations and omissions in the offer and sale thereof. The substantive allegations in the Amended Tranquility Claim also relate in part to the third-party appraisal vendor practices described in the Original Tranquility Claim.

N. On December 16, 2010, the Debtors filed their *Supplemental Objection to Proof of Claim of Tranquility Master Fund Ltd. (Claim No. 2206)* (D.I. 6426) (the "Supplemental Objection"). In the Supplemental Objection, the Debtors objected to the Amended Tranquility Claim, incorporating, by reference, the original Objection and also asserting that Amended Tranquility Claim should be subordinated pursuant to section 510(b) of the Bankruptcy Code.

O.   On January 21, 2011, Tranquility filed its *Response to Debtors' Supplemental Objection to Proof of Claim of Tranquility Master Fund, Ltd.* (D.I. 6606).

P.   On January 31, 2011, the Debtors filed their *Reply to Tranquility Master Fund, Ltd's Response to Debtors' Supplemental Objection to Proof of Claim of Tranquility Master Fund, Ltd.* (D.I. 6647).

Q.   On June 22, 2011 Tranquility filed its *Notice of Supplemental Authority in Opposition to Debtors' Supplemental Objection to Proof of Claim of Tranquility (Claim No. 2206)* (D.I. 7964).

R.   On June 28, 2011, a hearing was held before the Bankruptcy Court concerning certain issues in the Supplemental Objection, including whether Tranquility's claims were subject to subordination and whether Tranquility had properly pled control person liability. At the conclusion of the hearing, the Bankruptcy Court granted the request of the Official Committee of Unsecured Creditors (the "Creditors' Committee") to submit additional briefing on the subordination issue.

S.   On July 8, 2011 and July 18, 2011, the Creditors' Committee filed its *Supplemental Brief in Support of Debtors' Supplemental Objection to the Amended Proof of Claim of Tranquility Master Fund Ltd. (Claim No. 3925)* (D.I. 8116) and Tranquility filed its *Response to the Official Committee of Unsecured Creditors Supplemental Brief Objecting to Tranquility's Amended Proof of Claim* (D.I. 8265), respectively.

T.   On December 20, 2011, the Bankruptcy Court entered its *Order Regarding Tranquility Claim* (D.I. 9225) and corresponding *Memorandum Opinion Regarding Tranquility Claim* (D.I. 9224) (collectively, the "December Order"), which found that Tranquility had sufficiently stated a claim against the Debtors, and that the

Debtors had not stated a basis for subordinating Tranquility's claim under section 510(b) of the Bankruptcy Code.

U. The portions of the Supplemental Objection not previously decided in the Initial Order and the December Order are currently pending discovery, further motion practice, and an evidentiary hearing if not otherwise resolved.

V. On January 3, 2012, (1) the Creditor's Committee filed the *Motion of the Official Committee of Unsecured Creditors to Alter or Amend the Court's Opinion and Order Regarding Subordination of the Claim of Tranquility Master Fund, Ltd.* (D.I. 9301) (the "Motion to Alter or Amend"), asserting that, in light of the Bankruptcy Court's ruling in the December Order that "[n]either the Debtors nor their affiliates are the issuers of the Certificates", and, therefore, "subordination under section 510(b) is not available", (December Op., 20-21), the Bankruptcy Court should consider (1) the definition of "issuer" under both federal and California securities laws, which both provide that the issuer of asset backed securities (like those at issue in the Amended Tranquility Claim;) is the securities' depositor, and (2) that for each of the securities purchased by Tranquility, the depositor is an affiliate of the Debtor. Also on January 3, 2012, the Debtors' filed a *Joinder to the Motion of the Official Committee of Unsecured Creditors to Alter or Amend the Court's Opinion and Order Regarding Subordination of the Claim of Tranquility Master Fund, LTD.* (D.I. 9302). By agreement of the parties, Tranquility's deadline to respond to the Motion to Alter or Amend has been extended, Tranquility has not yet filed such a response, and no final order has been entered regarding the Supplemental Objection or regarding subordination of the Amended Tranquility Claim.

W.  The parties desire to compromise their disputes and avoid the uncertainty of continued litigation regarding the Amended Tranquility Claim, the Supplemental Objection, and the Motion to Alter or Amend.

X.  Upon consideration of the December Order, the Motion to Alter or Amend, the Amended Tranquility Claim and the Supplemental Objection, and in order to avoid the needless incurrence of additional fees and expenses, the Debtors and Tranquility have agreed to compromise and settle the Amended Tranquility Claim in accordance with the terms and provisions of this Stipulation.

NOW, THEREFORE, IT IS HEREBY AGREED by the parties, by and through their counsel, as follows:

### AGREEMENT

1.  This Stipulation shall become effective and binding (the "Effective Date") upon entry of a Final Order (as defined in the Seventh Amended Plan) by the Bankruptcy Court approving the Stipulation; provided however, that, upon approval of this Stipulation by the Bankruptcy Court, the condition that such order be a "Final Order" may be jointly waived by the Debtors and Tranquility, in their collective and absolute discretion, and the waiver thereof may be effected by filing a notice thereof with the Bankruptcy Court executed by the Debtors and Tranquility, and, provided, further, that, in accordance with Rule 3018 of the Federal Rules of Bankruptcy Procedure, Tranquility shall be permitted to vote the Allowed GUC Claim and the Allowed Subordinated Claim, each as defined below, with respect to the Seventh Amended Plan pursuant to the terms of the Solicitation Order.

2. Within two (2) business days of execution of this Stipulation, the Debtors shall file a motion with the Bankruptcy Court seeking entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, approving the compromise and settlement set forth herein.

3. Upon the Effective Date, on account of the claims and causes of action asserted by Tranquility in the Amended Tranquility Claim, Tranquility shall receive, in the aggregate, the following:

   a. On account of the claims asserted in the Amended Tranquility Claim relating to alleged violations of the California Corporations Code, an Allowed General Unsecured Claim (as such term is defined in the Seventh Amended Plan) in Class 12 in the amount of Nine Million Dollars ($9,000,000.00) (the "Allowed GUC Claim"); and

   b. On account of the claims asserted in the Amended Tranquility Claim relating to alleged violations of the federal Securities Act of 1933, an Allowed Subordinated Claim (as such term is defined in the Seventh Amended Plan) in Class 18 in the amount of One Million Dollars ($1,000,000.00) (the "Allowed Subordinated Claim").

4. Tranquility shall receive distributions with respect to the Allowed GUC Claim and the Allowed Subordinated Claim pursuant to the terms and conditions of the Seventh Amended Plan (or such other chapter 11 plan as is ultimately confirmed by the Bankruptcy Court), including, without limitation, the elections permitted thereunder and the execution and delivery of releases in accordance with Section 41.6 of the Seventh Amended Plan.

5. Upon the Effective Date, Kurtzman Carson Consultants, LLC, the Debtors' court-appointed claims and noticing agent, shall be authorized and directed to take such action as is necessary to record the Amended Tranquility Claim as allowed in the amounts set forth herein, including, without limitation, reflecting on the official

claims register in these chapter 11 cases the Allowed GUC Claim and the Allowed Subordinated Claim. In addition, Kurtzman Carson Consultants, LLC shall be authorized and directed to take such action as is necessary to record as removed and expunged any portion of the Amended Tranquility Claim currently listed on the official claims register in these chapter 11 cases that does not reflect and conform to this Stipulation and the amounts specified in the Allowed GUC Claim and the Allowed Subordinated Claim.

6. Upon the Effective Date, Tranquility unconditionally, fully, finally, and forever waives and releases the Debtors, each of the Debtors' chapter 11 estates, the Reorganized Debtors (as defined in the Seventh Amended Plan), and their respective past or present parent entities and directors and officers, from any and all claims, demands, rights, liabilities, or causes of action of any and every kind, character or nature whatsoever, in law or in equity, known or unknown, whether asserted or unasserted, which Tranquility or anyone claiming through Tranquility, on their behalf or for their benefit have or may have or claim to have, now or in the future, against the Debtors, or any of them, that are based upon, related to, or arise out of or in connection with the Amended Tranquility Claim, or any claim, act, fact, transaction, occurrence, statement, or omission in connection with, or alleged or that could have been alleged in connection with the Amended Tranquility Claim; <u>provided, however,</u> that Tranquility may assert any such claims defensively in connection with any action brought against it; and <u>provided, further,</u> that Tranquility shall be entitled to any and all distributions pursuant to the Seventh Amended Plan (or such other chapter 11 plan as is ultimately confirmed by the Bankruptcy Court) relating to the Allowed GUC Claim and the Allowed

Subordinated Claim; and <u>provided, further</u>, that the foregoing release shall not preclude Tranquility from protecting, preserving, or enforcing any and all of its rights under this Stipulation.

7. Upon the Effective Date, Tranquility shall be deemed to have withdrawn, to the extent filed, any objections to the Disclosure Statement and the Seventh Amended Plan.

8. Any and all payments or distributions to be made in respect of the Allowed GUC Claim and the Allowed Subordinated Claim shall be made by the Debtors pursuant to the Seventh Amended Plan (or such other chapter 11 plan as is ultimately confirmed by the Bankruptcy Court) and be delivered to the address set forth in the Amended Tranquility Claim.

9. On the Effective Date, the Supplemental Objection shall be deemed withdrawn and the Motion to Alter or Amend shall be deemed adjourned *sine die*; <u>provided, however</u>, such withdrawal or adjournment shall be without prejudice to the Debtors' and the Creditors' Committee's right to object on any ground to any other claims filed against the Debtors' chapter 11 estates.

10. From and after the date hereof, Tranquility shall (i) not oppose and shall otherwise support, and take any and all actions reasonably requested by the Debtors to support confirmation of the Seventh Amended Plan, or any other chapter 11 plan proposed by the Debtors that does not materially reduce recovery to the general unsecured creditors class, in accordance with section 1129 of the Bankruptcy Code, including, without limitation, voting to accept the Seventh Amended Plan in the amounts of the Allowed GUC Claim and the Allowed Subordinated Claim; (ii) not vote for or

support any chapter 11 plan not proposed or supported by the Debtors; and (iii) otherwise take no action to impede or preclude the administration of the Debtors' chapter 11 cases, the approval of any disclosure statement offered by the Debtors, the entry of a confirmation order confirming, or the consummation, implementation and administration of, the Seventh Amended Plan, or any other chapter 11 plan proposed by the Debtors that does not materially reduce recovery to the general unsecured creditors class.

11. Neither Tranquility nor any professionals retained by or on Tranquility's behalf shall file an application or motion with the Bankruptcy Court seeking compensation or reimbursement of expenses incurred, including, without limitation, as substantial contribution pursuant to section 503(b) of the Bankruptcy Code. Each of the parties hereto shall be responsible for the payment of their own fees and costs in connection herewith.

12. This Stipulation shall be binding upon the and inure to the benefit of the Debtors, their chapter 11 estates, Tranquility, and their respective successors and assigns, including, without limitation, any liquidating trustee, or any other successor in interest to the Debtors or their chapter 11 estates. Nothing herein shall confer any rights on any other claimant in these chapter 11 cases and withdrawal of the Supplemental Objection is without prejudice to the rights of the Debtors and the Creditors Committee to object, on any ground, to any other claim that has been or may be asserted in these chapter 11 cases.

13. This Stipulation contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

14. Each person who executes this Stipulation represents that he or she is duly authorized to execute this Stipulation on behalf of the party on whose account such signature appears for the purpose of binding such party to the terms of this Stipulation, and that each such party has full knowledge and has consented to this Stipulation.

15. This Stipulation may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Bankruptcy Court, after notice to each of the parties hereto. This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

16. The Bankruptcy Court shall have sole and exclusive jurisdiction to hear disputes arising out of or related to this Stipulation.

17. In the event that this Stipulation is not approved by the Bankruptcy Court, or is subsequently invalidated on appeal, it is the parties' express understanding and intent that they will revert to the *status quo ante* as though the Stipulation were never executed in the first instance. This includes the following: (a) the agreements contained herein shall be void *ab initio*; (b) the parties shall be returned to the status quo prior to entry into this Stipulation; (c) the Stipulation and all statements contained therein shall be deemed to be inadmissible for any and all purposes, including but not limited to those purposes set forth in Federal Rule of Evidence 408(b) (as applicable pursuant to Bankruptcy Rule 9017); and (d) nothing contained herein shall be deemed to be an

admission of liability, invalidity, or amount with respect to any matters asserted in the Amended Tranquility Claim or any proceedings in connection therewith.

Dated: January 27, 2012
       Wilmington, Delaware

| | |
|---|---|
| By:<br>/s/ Travis A. McRoberts | By:<br>/s/ Donna L. Culver |
| Mark D. Collins, Esq. (No. 2981)<br>Michael J. Merchant, Esq. (No. 3854)<br>Travis A. McRoberts, Esq. (No. 5274)<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 651-7700<br>Facsimile: (302) 651-7701 | Donna L. Culver (No. 2983)<br>MORRIS, NICHOLS, ARSHT &<br>TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989 |
| – and – | – and – |
| Brian S. Rosen, Esq.<br>Adam P. Strochak, Esq.<br>WEIL, GOTSHAL & MANGES LLP<br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>*Attorneys for the Debtors and Debtors in Possession* | Scott A. Meyers, Esq.<br>ULMER & BERNE, LLP<br>500 West Madison Street, Suite 3600<br>Chicago, IL 60661<br>Telephone: (312) 658-6500<br><br>*Counsel for Tranquility Master Fund, Ltd* |