Presentment Date and Time:  February 27, 2013 at 12:00 p.m. (ET)
Objection Deadline:  February 26, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd Goren
Alexandra Steinberg Barrage

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
BETWEEN THE DEBTORS AND MBIA INSURANCE CORPORATION**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Order Between the Debtors and MBIA Insurance Corporation* (the "Stipulation and Order"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **February 26, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No.

ny-1078712                                    1

141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **February 25, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Todd M. Goren, and Alexandra Steinberg Barrage); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord and Enid N. Stuart); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention: Ken Ziman and Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) counsel to MBIA Insurance Company, Cadwalader, Wickersham &

Taft LLP, One World Financial Center, New York, NY 10281 (Attention: Gregory Petrick and Ingrid Bagby).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: February 20, 2013　　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　/s/ Gary S. Lee
　　　　　　　　　　　　　　　　　　　　　　Gary S. Lee
　　　　　　　　　　　　　　　　　　　　　　Todd Goren
　　　　　　　　　　　　　　　　　　　　　　Alexandra Steinberg Barrage
　　　　　　　　　　　　　　　　　　　　　　MORRISON & FOERSTER LLP
　　　　　　　　　　　　　　　　　　　　　　1290 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10104
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 468-8000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 468-7900

　　　　　　　　　　　　　　　　　　　　　　*Counsel for the Debtors and*
　　　　　　　　　　　　　　　　　　　　　　*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER BETWEEN**
**THE DEBTORS AND MBIA INSURANCE CORPORATION**

Subject to the approval of the Court, this stipulation and order (the "<u>Stipulation</u>") is made and entered into by, between, and among the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "<u>Debtors</u>") and MBIA Insurance Corporation ("<u>MBIA</u>"), in connection with the (i) *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "<u>Sale Motion</u>") and (ii) the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims,*

ny-1075892

*Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246] (the "Ocwen Sale Approval Order");[1]

WHEREAS, on May 14, 2012 (the "Petition Date"), the Debtors commenced the Bankruptcy Cases by filing voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on the Petition Date, the Debtors filed the Sale Motion;

WHEREAS, on September 26, 2012, the Debtors filed the *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1484] (the "Notice of Assumption").

WHEREAS, on October 5, 2012, MBIA filed an objection to the Notice of Assumption [Docket No. 1736] (the "MBIA Objection"), objecting to the proposed assumption and assignment of certain agreements by and among the Debtors and MBIA (the "Agreements") and asserting a cure amount for the Debtors' obligation to cure defaults under the Agreements;

WHEREAS, the Debtors and MBIA have resolved MBIA's Objection pursuant to a letter agreement (the "Letter Agreement") entered into by and among the Debtors and MBIA on January 31, 2013;

WHEREAS, the Debtors have consulted with the Creditors' Committee and have

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Ocwen Sale Approval Order or Sale Motion, as applicable.

determined that entry into the Letter Agreement and the foregoing Stipulation is in the best interest of the Debtors' estates;

WHEREAS, venue of this proceeding and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

NOW THEREFORE, in consideration of the promises contained herein and in the Letter Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtors and MBIA hereby STIPULATE and AGREE as follows:

1.  This Stipulation shall be binding on the Debtors and MBIA upon execution and approval by this Court, and no prior agreements between or among the parties, except for the Letter Agreement, shall in any way alter, modify, or affect the terms of this Stipulation. In the event of any inconsistency between this Stipulation and the Letter Agreement, the terms of the Letter Agreement shall govern.

2.  Nothing in the Letter Agreement nor this Stipulation shall affect or alter MBIA's right to be reimbursed for any unreimbursed policy amounts arising under the Agreements or the policies referred to therein out of the trust waterfalls pursuant to the trust payment priorities set forth in, or incorporated by reference into, the Agreements, provided that any such reimbursement shall not exceed (1) the aggregate amount then due and payable to MBIA <u>less</u> (2) the Agreed Cure Amount (as defined in the Letter Agreement), with respect to reimbursement amounts due and payable to MBIA as of the Closing Date (as defined in the Letter Agreement). MBIA shall be entitled to reimbursement pursuant to the Agreements and the policies referred to therein with respect to any claims for reimbursement that become due and payable after the Closing Date.

3

3. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and the Letter Agreement.

4. Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMACM, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

Dated: February 20, 2013

/s/ Gary S. Lee
Gary S. Lee
Todd Goren
Alexandra Steinberg Barrage

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-800
Facsimile:  (212) 468-7900

*Counsel to the Debtors and*
*Debtors-in-Possession*

ny-1075892

Dated: February 20, 2013

/s/ Ingrid Bagby
Gregory Petrick
Ingrid Bagby
**CADWALADER, WICKERSHAM & TAFT LLP**
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6670
Facsimile: (212) 504-6666

*Counsel for MBIA Insurance Corporation*

**IT IS SO ORDERED**

New York, New York
Dated: _____, 2013

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1075892