# Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re	:
	:	Chapter 11
RESIDENTIAL CAPITAL, LLC, *et al*.	:
	:	Case No. 12-12020 (MG)
	Debtors.	:
	:	(Jointly Administered)
------------------------------------------------------x

## STIPULATION FOR LIMITED WAIVER AND PROTECTIVE ORDER

WHEREAS, on May 14, 2012 (the "Commencement Date"), Residential Capital, LLC and its direct and indirect subsidiaries ("Debtors") filed Chapter 11 bankruptcy petitions in this Court;

WHEREAS, Ally Financial ("AFI") asserts that, prior to the Commencement Date, certain in-house attorneys of AFI performed services for the Debtors, including the provision of legal advice;

WHEREAS, certain in-house attorneys of AFI, external legal counsel representing AFI, in-house attorneys of the Debtors, and external legal counsel representing the Debtors, have had communications regarding litigation and potential litigation that the Debtors and/or AFI assert are protected by the attorney-client privilege, the work product doctrine, and/or the common interest doctrine;

WHEREAS, on June 5, 2012, AFI and the Debtors assert that they entered into a Joint Defense, Common Interest, and Information Sharing Agreement which memorialized their agreement regarding confidential information protected against disclosure by the attorney-client privilege, the work product doctrine, and the common interest doctrine;

WHEREAS, various parties in this proceeding seek discovery from the Debtors and AFI of certain materials relating to the motion by the Debtors pursuant to Rule 9019 for approval of a settlement permitting an allowed claim in favor of certain securitization trusts, including but not limited to all amendments to the settlement (the "RMBS Trust Settlement") and the RMBS Plan Support Agreements with the Steering Committee Group and theTalcott Franklin Group (the "Plan Support Agreements");

WHEREAS, among the documents and materials sought by parties in this proceeding are certain communications, presentations, and documents exchanged between legal counsel and the Board of Directors of Residential Capital LLC ("ResCap") in connection with its approval of the RMBS Trust Settlement and Plan Support Agreements;

WHEREAS, the Debtors and/or AFI assert that the communications, presentations, and documents exchanged between legal counsel and ResCap's Board of Directors in connection with its approval of the RMBS Trust Settlement and Plan Support Agreements are protected by the attorney-client privilege, the work product doctrine, and/or the common interest doctrine;

WHEREAS, the Committee of Unsecured Creditors and various parties dispute the Debtors' and/or AFI's assertion of attorney-client privilege, the work product doctrine, and/or the common interest doctrine regarding certain communications, presentations, and documents;

WHEREAS, pursuant to Federal Rule of Evidence 502, the Debtors have engaged in discussions with various parties, including the Committee of Unsecured Creditors, concerning their request for disclosure of communications, presentations, and documents between legal counsel and ResCap's Board of Directors;

WHEREAS, the Debtors have consented to disclose the communications, presentations, and documents exchanged between legal counsel and ResCap's Board of Directors in connection

with the board's approval of the RMBS Trust Settlement so long as such disclosures are not deemed to constitute a broader subject matter waiver pursuant to Federal Rule of Evidence 502(a);

WHEREAS, the Debtors assert that they have not waived any privilege with respect to any other communications, documents or communications other than those covered by this stiplation;

WHEREAS, the Committee of Unsecured Creditors has agreed not to argue that the production of documents pursuant to this stipulation would constitute a broader subject matter waiver of the attorney-client privilege, attorney work product doctrine, or common interest doctrine with regard to any other undisclosed communications;

WHEREAS, the Debtors agree that the Committee of Unsecured Creditors may disclose the documents produced pursuant to this stipulation to other members of the Creditors' Committee;

WHEREAS, the Committee of Unsecured Creditors reserves all rights to contest the Debtors' and/or AFI's assertion of the attorney-client privilege, the work product doctrine, and/or the common interest doctrine concerning the documents produced by the Debtors and/or AFI in this action, including the documents produced pursuant to this stipulation;

NOW THEREFORE, upon consideration of the record and proceedings in this matter, the stipulation of the parties, and good cause appearing:

IT IS HEREBY ORDERED AND DECREED, pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Rules 502(a), (e), (f), and (g) of the Federal rules of Evidence, as follows:

1. The Debtors shall be deemed to have waived the attorney-client privilege, the work product doctrine, and the common interest doctrine, solely with respect to communications, presentations, and documents exchanged between legal counsel and the Board of Directors of ResCap in connection with its approval of the RMBS Trust Settlement and the Plan Support Agreements. The limited waiver extends to:

    a. Legal advice, presentations of counsel, and communications at the May 9, 2012, meeting of the Board of Directors of ResCap in connection with its approval of the RMBS Trust Settlement and Plan Support Agreements;

    b. Estimates of damages exposures and presentation materials prepared by Jeff Cancelliere and/or FTI Consulting in April 2012 for use by counsel in negotiating the RMBS Trust Settlement, the contents of which were summarized by counsel in oral communications and presentations to members of the ResCap Board of Directors;

    c. Legal advice and communications of counsel to the ResCap Board of Directors in connection with amendments to the RMBS Trust Settlement.

2. The disclosure of communications, presentations, and/or documents exchanged between legal counsel and ResCap's Board of Directors in connection its the approval of the RMBS Trust Settlement and Plan Support Agreements shall not be deemed to be a waiver in this or any other federal or state proceeding of any applicable privilege or doctrine protecting any other undisclosed communications.

3. This Order shall not constitute an admission or agreement by any party with respect to any other undisclosed communications.

4

    4.       This Order shall be without prejudice to the rights of the Committee of Unsecured Creditors to contest the Debtors' and/or AFI's assertion of the attorney-client privilege, the work product doctrine, and/or the common interest doctrine concerning the documents produced by the Debtors and/or AFI in this action, including the documents produced pursuant to this Order.

    5.       The Committee of Unsecured Creditors shall be permitted to disclose the documents produced pursuant to this Order to other members of the Creditors' Committee.

SO STIPULATED.

| | |
|---|---|
| By: /s/ Darryl P. Rains | By: /s/ Kenneth H. Eckstein |
| Gary S. Lee | Kenneth H. Eckstein |
| Anthony Princi | Douglas H. Mannal |
| Darryl P. Rains | Kramer Levin Naftallis & Frankel LLP |
| Morrison & Foerster LLP | 1177 Avenue of the Americas |
| 1290 Avenue of the Americas | New York, NY 10036 |
| New York, New York 10104 | T: 212-715-9100 |
| Telephone: (212) 468-8000 | F: 212-715-8000 |
| Facsimile: (212) 468-7900 | |
| | *Counsel to the Official Committee of* |
| *Counsel for Debtors* | *Unsecured Creditors* |
| *and Debtors in Possession* | |

APPROVED AND SO ORDERED
This 5th day of November in New York

                                       /s/Martin Glenn
                                     **MARTIN GLENN**
                                     **UNITED STATES BANKRUPTCY JUDGE**