**Hearing Date and Time:  March 21, 2013 at 10:00 a.m. (ET)**
**Objection Deadline:  March 8, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards
Meryl L. Rothchild

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ----------------------------------------------------------------) | |
| In re:                                                          ) | Case No. 12-12020 (MG) |
|                                                                 ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,       ) | Chapter 11 |
|                                                                 ) | |
|                                              Debtors.        ) | Jointly Administered |
|                                                                 ) | |
| ----------------------------------------------------------------) | |

**NOTICE OF DEBTORS' MOTION PURSUANT TO 11.U.S.C. §§ 105(a)**
**AND (d), BANKRUPTCY RULES 1015(c), 2002(m), 7016, AND 9007 AND**
**LOCAL BANKRUPTCY RULE 2002-2 FOR ENTRY OF AN ORDER**
**APPROVING (A) SUPPLEMENT TO CASE MANAGEMENT ORDER**
**ESTABLISHING MANDATORY PROCEDURES FOR MANAGEMENT**
**OF ADVERSARY PROCEEDINGS COMMENCED BY BORROWERS**
**AND FORMER BORROWERS AND (B) RELATED RELIEF**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion*

*Pursuant to 11 U.S.C. §§ 105(a) and (d), Bankruptcy Rules 1015(c), 2002(m), 7016, and*

*9007 and Local Bankruptcy Rule 2002-2 for Entry of an Order Approving (A)*

*Supplement to Case Management Order Establishing Mandatory Procedures for*

*Management of Adversary Proceedings Commenced by Borrowers and Former*

*Borrowers and (B) Related Relief* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take

place on **March 21, 2013 at 10:00 a.m. (prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic

case filing system, and be served, so as to be received no later than **March 8, 2013 at**

**4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel to the Debtors, Morrison &

Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention:  Gary S.

Lee, Norman S. Rosenbaum, Erica J. Richards and Meryl L. Rothchild); (b) the Office of

the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, NY 10004 (Attention:  Tracy Hope Davis, Linda A. Riffkin, and

Brian S. Masumoto);  (c) the Office of the United States Attorney General, U.S.

Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

(Attention:  US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State

Attorney General, The Capitol, Albany, NY 12224-0341 (Attention:  Nancy Lord, Esq.

and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of

New York, One St. Andrews Plaza, New York, NY 10007 (Attention:  Joseph N. Cordaro,

Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street,

New York, NY 10022 (Attention:  Richard M. Cieri); (g) counsel to Barclays Bank PLC,

as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP,

Four Times Square, New York, NY 10036 (Attention:  Ken Ziman & Jonathan H. Hofer);

(h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel

LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention:  Kenneth Eckstein

& Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP,

31 West 52nd Street, New York, NY 10019 (Attention:  Jennifer C. DeMarco and Adam

Lesman); (j) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355

South Grand Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth

Goldman); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346

(if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA

19104-5016); (l) Securities and Exchange Commission, New York Regional Office, 3

World Financial Center, Suite 400, New York, NY 10281-1022 (Attention:  George S.

Canellos, Regional Director); and (m) special counsel to the Committee,

SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753

(Attention:  Ronald J. Friedman).

> **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a
written objection to the relief requested in the Motion, the Bankruptcy Court may deem
any opposition waived, treat the Motion as conceded, and enter an order granting the
relief requested in the Motion without further notice or hearing.

Dated: February 21, 2013    Respectfully submitted,
   New York, New York

          /s/ Norman S. Rosenbaum
          Gary S. Lee
          Norman S. Rosenbaum
          Erica J. Richards
          Meryl L. Rothchild
          MORRISON & FOERSTER LLP
          1290 Avenue of the Americas
          New York, New York 10104
          Telephone: (212) 468-8000
          Facsimile: (212) 468-7900

          *Counsel to the Debtors and
          Debtors in Possession*

MORRISON & FOERSTER LLP

1290 Avenue of the Americas

New York, New York 10104

Telephone:  (212) 468-8000

Facsimile:  (212) 468-7900

Gary S. Lee

Norman S. Rosenbaum

Erica J. Richards

Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                       )
In re:                                 )     Case No. 12-12020 (MG)
                                       )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,   )     Chapter 11
                                       )
                             Debtors.    )     Jointly Administered
------------------------------------------------------------ )

**DEBTORS' MOTION PURSUANT TO 11.U.S.C. §§ 105(a) AND (d), BANKRUPTCY RULES 1015(c), 2002(m), 7016, AND 9007 AND LOCAL BANKRUPTCY RULE 2002-2 FOR ENTRY OF AN ORDER APPROVING (A) SUPPLEMENT TO CASE MANAGEMENT ORDER ESTABLISHING MANDATORY PROCEDURES FOR MANAGEMENT OF ADVERSARY PROCEEDINGS COMMENCED BY <u>BORROWERS AND FORMER BORROWERS AND (B) RELATED RELIEF</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

JURISDICTION .........................................................................................................................2

BACKGROUND .........................................................................................................................3

    A.    Chapter 11 Cases Background...........................................................................3

    B.    The Need For Supplemental Case Management
        Procedures .......................................................................................................6

RELIEF REQUESTED ...............................................................................................................7

BASIS FOR RELIEF .................................................................................................................11

    A.    The Bankruptcy Code Provides The Court With
        Authority To Implement The Supplemental
        AP Procedures ...............................................................................................11

    B.    The Bankruptcy Rules Provide The Court With Authority To Implement The
        Supplemental AP Procedures ........................................................................12

NOTICE ...................................................................................................................................14

i

# TABLE OF AUTHORITIES

Page(s)

CASES

*Chambers v. NASCO, Inc.*,
  501 U.S. 32 (1991) ................................................................................................ 12

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .............................................................................................. 12

*Link v. Wabash R.R. Co.*,
  370 U.S. 626 (1962) .............................................................................................. 12

*Richter v. Webster Hall Entm't Corp.*,
  No. 04-cv-2748, 2006 WL 2935797 (S.D.N.Y. Oct. 12, 2006) ........................... 12

*Smalls v. Bank of N.Y.*,
  No. 05-cv-8474, 2008 WL 1883998 (S.D.N.Y. Apr. 29, 2008)............................ 12

STATUTES

11 U.S.C. § 105(a)................................................................................................... 11

11 U.S.C. § 105(d)(1).............................................................................................. 12

11 U.S.C. § 105(d)(2).............................................................................................. 12

OTHER AUTHORITIES

Fed. R. Bankr. P. 1015(c) ....................................................................................... 13

Fed. R. Bankr. P. 7016(a) ....................................................................................... 12

ny-1069425

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

        1.      The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move (the "Motion") for entry of an order, substantially in the form annexed hereto as Exhibit 1 (the "Proposed Order"), pursuant to sections 105(a) and (d) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1015(c), 2002(m), 7016, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2002-2 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "Local Rules"), authorizing and approving a supplement to the Case Management Order (defined below) establishing notice, case management, and administrative procedures (collectively, the "Supplemental AP Procedures") for the management and administration of adversary proceedings that have been filed or will be filed in the Debtors' chapter 11 cases (the "Chapter 11 Cases") by third party borrowers and former borrowers related to current or former residential mortgage loans (collectively, the "AP Actions," and each an "AP Action").[2]  In support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## PRELIMINARY STATEMENT

        2.      To date, managing and responding to the ever-growing number of AP Actions filed in these Chapter 11 Cases by current and former borrowers has significantly taxed the Debtors' time, efforts, and resources.  And, given the otherwise full docket in these Chapter 11 Cases, the AP Actions have increased the demands on the Office of the Clerk, this Court, and the Court's staff.  The Debtors recognize that parties in interest have the right to assert valid

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], filed on May 14, 2012.

[2]    Creditors and parties in interest with questions or concerns regarding the Debtors' Chapter 11 Cases or the relief requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

ny-1069425

claims and to seek appropriate remedies for demonstrated wrongs and injuries relating to such claims. However, given the volume of AP Actions filed in these Chapter 11 Cases in a relatively short period of time and the nature of the AP Actions, the Debtors respectfully submit that it is in the best interest of the Debtors, their estates, and their creditor constituents to establish uniform procedures for the administration of the AP Actions. The proposed Supplemental AP Procedures establish mechanisms for the efficient intake and review of the AP Actions, to be followed by an informal meeting with the AP Plaintiffs (defined below) and a pre-trial status conference before this Court, all to take place before any of the parties to the AP Action are required to devote time and resources to litigation. The Debtors are optimistic that the process will provide for the efficient resolution of the AP Actions in a manner that preserves the rights of all parties without the need to engage in unnecessary litigation.

3.    As described in detail below, the proposed Supplemental AP Procedures would hold each AP Action that is pending as of the date hereof, or is subsequently commenced, in abeyance for a fixed period until (i) counsel to the Debtors and special counsel to the Committee, SilvermanAcampora LLP ("Special Borrowers' Counsel"), have the opportunity to review and evaluate the underlying complaint, (ii) Debtors' counsel and Special Borrowers' Counsel meet and confer with each AP Plaintiff for each AP Action, and (iii) the Court, to the extent necessary, conducts a pre-trial status conference at which the AP Plaintiff will be required to participate either by telephone or in person.

## JURISDICTION

4.    This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

ny-1069425

## BACKGROUND

A.    **Chapter 11 Cases Background**

5.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.   These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 Cases.

6.    The Debtors were formerly a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor.  The Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.

7.    On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Committee").

8.    On May 23, 2012, the Court entered an order establishing certain notice, case management, and administrative procedures applicable to these Chapter 11 Cases [Docket No. 141] (the "Case Management Order").

9.    On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

10.    On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action;*

3

*(III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order") approving the Supplemental Servicing Motion.[3]

11.    On August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").  The Court subsequently entered an *Order Extending Deadline for Filing Proof of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

12.    Pursuant to the Bar Date Order, written notice of the Bar Date was (i) served by first-class mail on all creditors and other known holders of claims against the Debtors as of the date of the Bar Date Order (including all persons or entities listed in the Schedules as holding claims) at their last known address, as well as certain other parties in interest, and (ii) published in the *Wall Street Journal* (National Edition) and *USA Today* (National Edition).  *See* Bar Date Order ¶¶ 12, 15.  A copy of the Bar Date Order was also made available publicly on the case website of the Debtors' Claims and Noticing Agent (as defined herein) at http://www.kccllc.net/rescap.

13.    The Debtors estimate that approximately 2,600 borrowers and former borrowers have filed proofs of claim in these Chapter 11 Cases.

---

[3]    The term "Supplemental Servicing Motion" refers to the *Debtors' Motion for Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors To Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief To Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes To Proceed; and (IV) Authorizing and Directing the Debtors To Pay Securitization Trustee Fees and Expenses* [Docket No. 181].

4

14.     On November 30, 2012, the Court entered an order approving the retention of SilvermanAcampora LLP as special counsel to the Committee to represent the Committee, among other things, in connection with issues and matters relating to the Debtors' current and former borrowers [Docket No. 2315].

15.     The Supplemental Servicing Order, among other relief, granted borrowers expansive stay relief to allow them to defend against, and/or raise claims and counter-claims relating to, foreclosure actions on property that is the subject of a loan owned or serviced by a Debtor.   *See* Supplemental Servicing Order ¶ 14.   The relief granted by the Supplemental Servicing Order, however, prevents parties from pursuing direct claims or counter-claims for damages in the form of monetary relief from the Debtors in connection with the defense of a foreclosure (unless asserting such claim is required to defend against the foreclosure at issue). Under no circumstances may a party enforce any such claim against a Debtor.   Rather, borrowers, former borrowers, and/or other third parties who assert monetary claims against the Debtors must do so by filing a proof of claim.

16.     Under the Supplemental Servicing Order, parties are not precluded from seeking stay relief, and since entry of this Order, several borrowers, former borrowers, and/or other parties in interest have done so in an effort to proceed with their litigation against the Debtors in which they assert monetary damages and other relief.   Where efficient and practical, the Debtors have consented to stay relief.   However, the Debtors have opposed several of the requests for stay relief, and for the most part, the Court has denied these motions.[4]   Yet, notwithstanding the opportunity to file proofs of claim or seek stay relief, several borrowers,

---

[4]     *See, e.g.*, *Order Denying Motion for Relief from Stay Filed by M. Nawaz Raja and Neelum Nawaz Raja* [Docket No. 2573], dated Jan. 8, 2013; *Order Denying Pichardo Motion to Lift the Automatic Stay* [Docket No. 1307], dated Aug. 29, 2012; *Memorandum Opinion and Order Denying the Jackson Motion to Lift the Automatic Stay* [Docket No. 1184], dated Aug. 16, 2012.

ny-1069425

former borrowers, and/or other parties in interest have sought instead to assert their claims by filing the AP Actions. While case law in this Circuit generally provides that the automatic stay does not enjoin a party from asserting a claim enumerated in Bankruptcy Rule 7001 through the commencement of an adversary proceeding, the number of AP Actions filed in these Chapter 11 Cases has grown significantly.

**B.      The Need For Supplemental Case Management Procedures**

17.      To date, approximately thirteen AP Actions have been filed. The vast majority of the AP Plaintiffs appear pro se. To a large degree, borrowers and former borrowers who have commenced the AP Actions (each an "AP Plaintiff"): (i) fail, in the Debtors' judgment, to bring claims upon which any relief can be granted; (ii) bring claims that are duplicative of actions currently pending in other jurisdictions and should either remain in or be removed to such jurisdictions; and/or (iii) seek damages in the form of monetary relief that should be dealt with through the claims administration process rather than through an adversary proceeding. Generally, the AP Actions are not "new" actions, but rather are preceded by a substantial history of litigation of similar, if not identical, issues. The Debtors believe that in many instances, the AP Plaintiffs, particularly those appearing pro se, do not fully understand the limits of this Court's jurisdiction, the relief available to them under the Supplemental Servicing Order, and the claims objection and allowance process.

18.      The AP Actions are for the most part in their preliminary stages, though the Debtors, where faced with pending deadlines, have in certain instances filed motions to dismiss certain of the AP Actions. To date, the Court has heard and determined two motions to dismiss. Discovery has not yet commenced in any of the AP Actions.

19.     Where possible, the Debtors have made efforts to adjourn the dates by which they must submit their response to AP Actions either on consent or by Court order in order to allow the Debtors to manage the AP Actions and to afford Special Borrowers' Counsel an opportunity to engage the AP Plaintiffs.  Communication is, however, complicated in many instances because the Debtors and Special Borrowers' Counsel are often forced to rely solely on the AP Plaintiff's mailing address as the means by which to engage.  Nonetheless, and despite these efforts, the Debtors, their retained professionals, and the Committee's professionals have had no choice but to devote significant resources to evaluate, address, and where necessary, respond to the AP Actions.  In addressing the AP Actions, the Debtors face the potential for an exponential increase in administrative costs, as the AP Actions demand the attention of bankruptcy counsel and input from the Debtors' local litigation counsel since many AP Actions involve state-specific causes of action and a lengthy history of prior litigation.  At the same time, the AP Actions have increased the demands on the Debtors' already over-taxed in-house legal department, a department that is expected to decrease in size following the closing of the platform sale.

20.     The existing Case Management Order does not provide for or include appropriate procedures to manage this unanticipated influx of adversary proceedings.  Thus, it is essential for the Supplemental AP Procedures to be implemented.

**RELIEF REQUESTED**

21.     Pursuant to sections 105(a) and (d) of the Bankruptcy Code and applicable Bankruptcy Rules and Local Rules, the Debtors seek entry, with the consent of the Committee, of the Proposed Order authorizing and approving the following Supplemental AP Procedures.

## Proposed Supplemental AP Procedures

1. **Notice of Applicability**.  The Supplemental AP Procedures shall apply to (a) all AP Actions commenced on or after the date hereof and (b) all AP Actions pending as of the date hereof for which a dispositive motion has not been fully briefed and argued before the Court.  Within five (5) days of the filing of the AP Action, the Debtors shall file in each AP Action a "Notice of Applicability" of these Supplemental AP Procedures (the form of which is annexed to the Proposed Order as Exhibit A), which will include a copy of these Supplemental AP Procedures appended to such notice.  The Notice of Applicability will also include a form schedule that will clearly set forth (i) certain dates by which the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, if applicable, must complete the tasks outlined in these Supplemental AP Procedures, with such dates being subject to change upon the agreement of these parties and/or Court order, and (ii) the Debtors' and Special Borrowers' Counsel's detailed contact information.  The filing of a Notice of Applicability immediately obligates the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel for the AP Plaintiff, as applicable, to comply with the Supplemental AP Procedures.  The Notice of Applicability will be served on the AP Plaintiff, if pro se, or AP Plaintiff's counsel, if applicable, and all other named defendants (to the extent the Debtors have or are reasonably able to access valid addresses for such parties) by first class overnight mail and email where an email address has been provided.

2. **AP Plaintiff Contact Information**.  Upon receipt of the Notice of Applicability, the AP Plaintiff, if appearing pro se, will have seven (7) days to provide the Debtors with valid contact information, including a telephone number and email address, if available (the "AP Plaintiff Contact Information").  Upon receipt of the AP Plaintiff Contact Information, the Debtors shall promptly notify the Clerk of the Court of the AP Plaintiff Contact Information for inclusion in the official docket of the AP Action.

3. **Extension of Answer or Response Deadlines**.  The following extensions will apply notwithstanding any other date fixed by order of the Court, by agreement among the parties, or the Bankruptcy Rules or Local Rules: The date by which the Debtors and other named defendants will be required to answer or otherwise respond to the complaint filed in the AP Action or any motion filed in the AP Action shall be extended to and including the date that is thirty (30) days following the Pre-Trial Status Conference (defined below).  In addition, no party to the AP Action may file any motion or answer, or respond in respect to the complaint filed in the AP Action during this period.  To the extent the Debtors or any other named defendant has answered or otherwise responded to the complaint filed in the AP Action, the AP Plaintiff's deadline to respond shall be extended to and including the date that is thirty (30) days following the Pre-Trial Status Conference, each subject to

8

further extensions as may be agreed upon by the parties or ordered by the Court.

4.  **Intake, Initial Conference and Reporting**:

   (i)  Review and Evaluation by Debtors and Special Borrowers' Counsel. Within forty-five (45) days after service of the Notice of Applicability (the "Evaluation Period"), counsel to the Debtors and Special Borrowers' Counsel shall review and evaluate the AP Action, and shall meet and confer, either telephonically or in-person, with the AP Plaintiff (or where applicable, AP Plaintiff's counsel) to discuss the claims and causes of action set forth in the AP Action and the nature of the relief requested therein (the "Initial Conference").[5] Counsel to the Debtors, in consultation with Special Borrowers' Counsel, shall promptly furnish to the AP Plaintiff, or AP Plaintiff's counsel, as applicable, by overnight mail or email a request for an Initial Conference proposing dates and times for the Initial Conference. A determination of whether the Initial Conference will be held in-person or telephonically shall be within the sole discretion of the Debtors.

   (ii)  Initial Conference. Within five (5) days after receipt of a request for an Initial Conference, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, must respond to the request for an Initial Conference by (a) accepting a proposed date and time, or (b) requesting that the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, be contacted to schedule a mutually convenient alternative date and time. The Debtors and Special Borrowers' Counsel shall endeavor to schedule the Initial Conference, whether telephonic or in-person, when convenient for the AP Plaintiff, if pro se (including before or after regular business hours and on non-traditional work days), and the AP Plaintiff's counsel, as applicable. The Initial Conference specified in this paragraph, together with any continuations or rescheduled calls or meetings related to the AP Action arising from that Initial Conference, will be subject to Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions. The Initial Conference and all communications related thereto do not fall within the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 *et seq.*, or any state equivalent debt collection act, and shall not be deemed to be an effort to collect on a debt of any AP Plaintiff.

   (iii)  Failure to Comply. Failure to timely act in response to a request for an Initial Conference and meet and confer with the Debtors and Special Borrowers' Counsel in good faith, as described in paragraph 2(ii) above,

---

[5]    At this initial stage, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, is not required to have Initial Conferences with other non-Debtor defendants to the AP Action.

may result, at the option of the Debtors, in an application to the Bankruptcy Court (on notice to the impacted AP Plaintiff, AP Plaintiff's counsel, if applicable, and Special Borrowers' Counsel) for an order dismissing the AP Action for failure to prosecute and comply with the Supplemental AP Procedures.    Such motion to dismiss shall not preclude the Debtors from filing other and further motions to dismiss the AP Action to the extent the AP Plaintiff, or AP Plaintiff's counsel, if applicable, subsequently complies with the Supplemental AP Procedures and such original motion is withdrawn by the Debtors or denied by the Court.

(iv)    <u>Progress Report</u>.  No later than sixty (60) days after the filing of a Notice of Applicability, the Debtors, Special Borrowers' Counsel, the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, will file a "<u>Joint Progress Report</u>" to document the extent of the progress, if any, the parties have made in connection with the Initial Conference and state whether the parties have come to a mutual resolution of the AP Action, or that the AP Plaintiff wishes to proceed with the AP Action.  The Joint Progress Report must be filed prior to the scheduling of the Pre-Trial Status Conference (defined below). If the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, are unable to agree, in good faith, on the Joint Progress Report, each party may file a separate progress report (the Joint Progress Report and other progress reports are collectively referred to as a "<u>Progress Report</u>").

4.    **Omnibus Hearing**.  At the regularly scheduled omnibus hearings for these Chapter 11 Cases (each an "<u>Omnibus Hearing</u>"), the Bankruptcy Court shall conduct an initial AP Action status conference (the "<u>Pre-Trial Status Conference</u>") during which the parties shall furnish a status update for any AP Action for which the Progress Reports relating to such AP Action were filed at least one (1) week prior to the next scheduled Omnibus Hearing date. Any AP Action where the Progress Report was filed less than one (1) week prior to the next scheduled Omnibus Hearing date shall be scheduled to be heard on the next subsequent Omnibus Hearing date.  The Debtors shall provide notice of the date and time of the Pre-Trial Status Conference to the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, and all other defendants named in the AP Action (to the extent the Debtors have or are reasonably able to access valid addresses for such parties) as soon as practicable by overnight mail or email.  Once the Court determines the next steps to be taken in connection with an AP Action (*e.g.*, the AP Action should be dismissed or fully litigated), the Debtors shall provide notice to all parties to the AP Action, including named defendants, of such determination and whether the AP Action shall be dismissed or proceed and be governed by the Case Management Order.

ny-1069425

5. **Participation Mandatory**.    Compliance with the Supplemental AP Procedures is mandatory.  Each party in interest must serve the required responses, engage in the specified communications, including the Initial Conference and Pre-Trial Status Conference, and otherwise comply with the Supplemental AP Procedures specified herein for all AP Actions covered by such Supplemental AP Procedures.    To the extent the Debtors, the AP Plaintiff, or any other non-Debtor defendant seeks to be relieved from compliance with the Supplemental AP Procedures, such party must make a specific request and demonstrate cause to the Court for such relief.

6. **Deadlines**.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (a) mutual consent of the parties; or (b) the Court, for cause shown.

7. **Effectiveness of the Case Management Order**.  To the extent an AP Action proceeds subsequent to the Pre-Trial Status Conference, the procedures set forth in the Case Management Order shall apply to the AP Action. In addition, counsel to the Debtors will coordinate with the Court to schedule separate regular omnibus hearing dates for hearing conferences and motions related to the AP Proceeding subject to the Court's availability.

8. **Confidentiality**.  Pursuant to Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications by, between, and among the parties in connection with proposed settlement of any AP Action shall remain confidential, unless all parties consent to disclosing all or part of any discussions and communications.

9. **Discovery**.  No discovery requests shall be served or requested in any AP Action pending the conclusion of the Pre-Trial Status Conference and in accordance with the Case Management Order.

10. **Reservations of Rights**.    All parties' rights, claims, counter-claims and defenses of any kind whatsoever with respect to the AP Actions shall be preserved pending the parties' compliance with the Supplemental AP Procedures, and a party's participation shall not be deemed to be nor construed as a waiver of any of such rights.

## BASIS FOR RELIEF

### A.    The Bankruptcy Code Provides The Court With Authority To Implement The Supplemental AP Procedures

22.    Section 105(a) of the Bankruptcy Code provides, in relevant part, that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  11 U.S.C. § 105(a).  Pursuant to section

105(a) of the Bankruptcy Code, the Court has the "inherent power" to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (reaffirming these principles established in *Link*); *Smalls v. Bank of N.Y.*, No. 05-cv-8474, 2008 WL 1883998, at *3 (S.D.N.Y. Apr. 29, 2008) (same); *Richter v. Webster Hall Entm't Corp.*, No. 04-cv-2748, 2006 WL 2935797, at *2 (S.D.N.Y. Oct. 12, 2006) (same); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting the "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants"). Additionally, section 105(d) of the Bankruptcy Code permits the Court, *sua sponte* or on the request of a party in interest, to "issue an order . . . prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically" and further, to hold "status conferences as are necessary to further the expeditious and economical resolution of the case." 11 U.S.C. § 105(d)(1) and (2).

**B.     The Bankruptcy Rules Provide The Court With Authority To Implement The Supplemental AP Procedures**

23.     In furtherance of the broad authority provided by section 105 of the Bankruptcy Code, Bankruptcy Rule 7016 grants the Court considerable discretion to adopt and implement procedures that it deems useful in administering adversary proceedings. Importantly, this rule authorizes the Court to enter orders for the purposes of: "(1) expediting disposition of the action (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; . . . and (5) facilitating settlement." Fed. R. Bankr. P. 7016(a). In addition, Bankruptcy Rule 9007 grants the Court general authority to regulate notices, and Bankruptcy Rule 1015(c) provides that the Court

"may enter orders as may tend to avoid unnecessary costs and delay" in cases that are jointly administered. Fed. R. Bankr. P. 1015(c).

24.    The Debtors respectfully submit that the approval and implementation of the Supplemental AP Procedures is well within the Court's equitable powers provided by section 105 of the Bankruptcy Code and in accordance with the applicable Bankruptcy Rules.

25.    Given the number of AP Actions already filed in these Chapter 11 Cases, the Debtors and their professionals have had no choice but to devote substantial resources in addressing these adversary proceedings (even on a preliminary basis) at a cost to these estates that is not insignificant.  The Debtors anticipate that additional AP Actions will continue to be commenced on a regular basis during the pendency of the Chapter 11 Cases, and as a result, this administrative burden will continue to grow as the Debtors respond to new AP Actions and engage in more substantive litigation in connection with the existing AP Actions. The Debtors acknowledge that borrowers and former borrowers have the right, in good faith, to invoke the jurisdiction of this Court through the commencement of otherwise valid adversary proceedings, and any additional burdens imposed on their estates by such actions is simply a function of operating as a debtor in possession.  However, based on the Debtors' review and analysis of the AP Actions, the Debtors respectfully submit that such actions are for the most part misguided and improper efforts to seek redress from this Court under a variety of theories.

26.    Before embarking on expensive and time-consuming litigation with individual AP Plaintiffs, the Supplemental AP Procedures will afford the Debtors and Special Borrowers' Counsel a full and fair opportunity to evaluate each AP Action, engage in a constructive dialogue with the AP Plaintiffs in which they will attempt to explain the rights and remedies available to the AP Plaintiffs, and address their concerns.  Ideally, these efforts will not

only prove to be a better use of the estates' resources, but they will also lead to a resolution and consensual dismissal of the AP Actions without resort to further litigation. In addition, if the parties are unable to reach a consensus following the Initial Conference, the Debtors believe that all parties would benefit by appearing before this Court at the Pre-Trial Status Conference prior to proceeding with the underlying litigation.

27.    For these reasons, the Court's approval of the Supplemental AP Procedures is in the best interests of the Debtors, their estates, and their creditors.

## **NOTICE**

28.    Notice of this Motion will be given to the following parties, or in lieu thereof, to their counsel: (a) the U.S. Trustee; (b) the Office of the United States Attorney General; (c) the Office of the New York Attorney General; (d) the Office of the United States Attorney for the Southern District of New York; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) each of the Debtors' prepetition lenders, or their agents, if applicable; (h) each of the indenture trustees for the Debtors' outstanding notes issuances; (i) Ally Financial Inc.; (j) Barclays Bank PLC, as administrative agent for the lenders under the debtor in possession financing facility; (k) Kramer Levin, Naftalis & Frankel, LLP, lead counsel for the Committee; (l) SilvermanAcampora LLP, Special Counsel to the Committee; (m) Ocwen Servicing Loan, LLC and its counsel; (n) Berkshire Hathaway Inc. and their counsel; (o) the parties included on the Debtors' list of fifty (50) largest unsecured creditors; (p) all parties requesting notice pursuant to Bankruptcy Rule 2002; (q) each of the AP Plaintiffs or, where applicable, to the AP Plaintiff's counsel; and (r) all non-Debtor parties named as defendants in the AP Actions to the extent the Debtors have or are reasonably able to

access valid addresses for such parties. The Debtors submit that, in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

29.    Any objections to the relief requested in the Motion must be filed with the Court and served on the following parties: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn:  Gary S. Lee, Lorenzo Marinuzzi, and Norman S. Rosenbaum); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto, Esq.); (c) counsel to the administrative agent for the Debtors' providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Kenneth S. Ziman and Jonathan H. Hofer); (d) lead counsel for the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (e) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attn: Ronald J. Friedman); (f) counsel to Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C. DeMarco and Adam Lesman); and (g) counsel to Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth Goldman and Thomas Walper), by no later than **March 8, 2013 at 4:00 p.m. (Eastern Time)** (the "Motion Objection Deadline").   If no objections to the Motion are filed and served by the Motion Objection Deadline, the Court may enter the Proposed Order on a final basis without further notice or hearing.

[*Remainder of this page is intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed

Order, substantially in the form annexed hereto as <u>Exhibit 1</u>, granting the relief requested in the

Motion and such other and further relief as may be just and proper.

Dated:  February 21, 2013
        New York, New York

                                    Respectfully submitted,

                                    /s/ Norman S. Rosenbaum
                                    Gary S. Lee
                                    Norman S. Rosenbaum
                                    Erica J. Richards
                                    Meryl L. Rothchild
                                    **MORRISON & FOERSTER LLP**
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    Telephone: (212) 468-8000
                                    Facsimile: (212) 468-7900

                                    *Counsel for the Debtors and*
                                    *Debtors in Possession*

16

**<u>Exhibit 1</u>**

ny-1069425

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                                    )          Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,        )          Chapter 11
                                                          )
                                          Debtors.     )          Jointly Administered
                                                          )
---------------------------------------------------------------

**ORDER APPROVING DEBTORS' MOTION PURSUANT TO 11.U.S.C. §§ 105(a)
AND (d), BANKRUPTCY RULES 1015(c), 2002(m), 7016, AND 9007 AND
LOCAL BANKRUPTCY RULE 2002-2 FOR ENTRY OF AN ORDER
APPROVING (A) SUPPLEMENT TO CASE MANAGEMENT ORDER
ESTABLISHING MANDATORY PROCEDURES FOR MANAGEMENT
OF ADVERSARY PROCEEDINGS COMMENCED BY BORROWERS
AND FORMER BORROWERS AND (B) RELATED RELIEF**

Upon the motion (the "Motion"),[1] dated February 21, 2013, of the above-
captioned debtors and debtors in possession (the "Debtors") for entry of an order, pursuant to

sections 105(a) and (d) of the Bankruptcy Code, Bankruptcy Rules 1015(c), 2002(m), 7016, and

9007, and Local Rule 2002-2, approving and implementing a supplement to the Case

Management Order so as to establish notice, case management, and administrative procedures to

assist the Debtors in the management and administration of adversary proceedings filed in the

Chapter 11 Cases (the "Supplemental AP Procedures"), stated herein; and the Court having

previously entered a Case Management Order [Docket No. 141 in these Chapter 11 Cases; and

the Court having reviewed the Motion; and it appearing that this Court has jurisdiction to

consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these

Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given

and that no other or further notice is necessary; and it appearing that the relief requested by the

Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest;

and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Motion is GRANTED as provided herein.

2.      The Case Management Order continues to be in full force and effect, and

shall apply to any adversary proceeding should the Court determine that such adversary

proceeding should remain on the docket for the Chapter 11 Cases.

3.      The form of Notice of Applicability of the Supplemental AP Procedures,

attached hereto as <u>Exhibit A</u>, is hereby approved.

4.      The Supplemental AP Procedures are approved as follows:

**<u>Supplemental AP Procedures</u>**

1.      **<u>Notice of Applicability</u>**.  The Supplemental AP Procedures shall apply to (a) all AP Actions commenced on or after the date hereof and (b) all AP Actions pending as of the date hereof for which a dispositive motion has not been fully briefed and argued before the Court.  Within five (5) days of the filing of the AP Action, the Debtors shall file in each AP Action a "<u>Notice of Applicability</u>" of these Supplemental AP Procedures (the form of which is annexed to the Proposed Order as <u>Exhibit A</u>), which will include a copy of these Supplemental AP Procedures appended to such notice.  The Notice of Applicability will also include a form schedule that will clearly set forth (i) certain dates by which the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, if applicable, must complete the tasks outlined in these Supplemental AP Procedures, with such dates being subject to change upon the agreement of these parties and/or Court order, and (ii) the Debtors' and Special Borrowers' Counsel's detailed contact information.  The filing of a Notice of Applicability immediately obligates the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel for the AP Plaintiff, as applicable, to comply with the Supplemental AP Procedures.  The Notice of Applicability will be served on the AP Plaintiff, if pro se, or AP Plaintiff's counsel, if applicable, and all other named defendants (to the extent the Debtors have or are

ny-1069425

reasonably able to access valid addresses for such parties) by first class overnight mail and email where an email address has been provided.

2. **AP Plaintiff Contact Information**.   Upon receipt of the Notice of Applicability, the AP Plaintiff, if appearing pro se, will have seven (7) days to provide the Debtors with valid contact information, including a telephone number and email address, if available (the "AP Plaintiff Contact Information").   Upon receipt of the AP Plaintiff Contact Information, the Debtors shall promptly notify the Clerk of the Court of the AP Plaintiff Contact Information for inclusion in the official docket of the AP Action.

3. **Extension of Answer or Response Deadlines**.   The following extensions will apply notwithstanding any other date fixed by order of the Court, by agreement among the parties, or the Bankruptcy Rules or Local Rules: The date by which the Debtors and other named defendants will be required to answer or otherwise respond to the complaint filed in the AP Action or any motion filed in the AP Action shall be extended to and including the date that is thirty (30) days following the Pre-Trial Status Conference (defined below). In addition, no party to the AP Action may file any motion or answer, or respond in respect to the complaint filed in the AP Action during this period. To the extent the Debtors or any other defendant has answered or otherwise responded to the complaint filed in the AP Action, the AP Plaintiff's deadline to respond shall be extended to and including the date that is thirty (30) days following the Pre-Trial Status Conference, each subject to further extensions as may be agreed upon by the parties or ordered by the Court.

4. **Intake, Initial Conference and Reporting**:

   (i)   Review and Evaluation by Debtors and Special Borrowers' Counsel. Within forty-five (45) days after service of the Notice of Applicability (the "Evaluation Period"), counsel to the Debtors and Special Borrowers' Counsel shall review and evaluate the AP Action, and shall meet and confer, either telephonically or in-person, with the AP Plaintiff (or where applicable AP Plaintiff's counsel) to discuss the claims and causes of action set forth in the AP Action and the nature of the relief requested therein (the "Initial Conference").[2] Counsel to the Debtors, in consultation with Special Borrowers' Counsel, shall promptly furnish to the AP Plaintiff, or AP Plaintiff's counsel, as applicable, by overnight mail or email a request for an Initial Conference proposing dates and times for the Initial Conference.   A determination of whether the Initial Conference will be held in-person or telephonically shall be within the sole discretion of the Debtors.

---

[2]   At this initial stage, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, is not required to have Initial Conferences with other non-Debtor defendants to the AP Action.

3

(ii)  Initial Conference.  Within five (5) days after receipt of a request for an Initial Conference, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, must respond by (a) accepting a proposed date and time, or (b) requesting that the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, be contacted to schedule a mutually convenient alternative date and time.  The Debtors and Special Borrowers' Counsel shall endeavor to schedule the Initial Conference, whether telephonic or in-person, when convenient for the AP Plaintiff, if pro se (including before or after regular business hours and on non-traditional work days), and the AP Plaintiff's counsel, as applicable. The Initial Conference specified in this paragraph, together with any continuations or rescheduled calls or meetings related to the AP Action arising from that Initial Conference, will be subject to Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions. The Initial Conference and all communications related thereto do not fall within the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 *et seq.*, or any state equivalent debt collection act, and shall not be deemed to be an effort to collect on a debt of any AP Plaintiff.

(iii)  Failure to Comply.  Failure to timely act in response to a request for an Initial Conference and meet and confer with the Debtors and Special Borrowers' Counsel in good faith, as described in paragraph 2(ii) above, may result, at the option of the Debtors, in an application to the Bankruptcy Court (on notice to the impacted AP Plaintiff, AP Plaintiff's counsel, if applicable, and Special Borrowers' Counsel) for an order dismissing the AP Action for failure to prosecute and comply with the Supplemental AP Procedures.  Such motion to dismiss shall not preclude the Debtors from filing other and further motions to dismiss the AP Action to the extent the AP Plaintiff, or AP Plaintiff's counsel, if applicable, subsequently complies with the Supplemental AP Procedures and such original motion is withdrawn by the Debtors or denied by the Court.

(iv)  Progress Report.  No later than sixty (60) days after the filing of a Notice of Applicability, the Debtors, Special Borrowers' Counsel, the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, will file a "Joint Progress Report" to document the extent of the progress, if any, the parties have made in connection with the Initial Conference and state whether the parties have come to a mutual resolution of the AP Action, or that the AP Plaintiff wishes to proceed with the AP Action.  The Joint Progress Report must be filed prior to the scheduling of the Pre-Trial Status Conference (defined below). If the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, are unable to agree, in good faith, on the Joint Progress Report, each party may file a separate progress report (the Joint Progress Report and other progress

reports are collectively referred to as a "Progress Report").

4.  **Omnibus Hearing**.  At the regularly scheduled omnibus hearings for these Chapter 11 Cases (each an "Omnibus Hearing"), the Bankruptcy Court shall conduct an initial AP Action status conference (the "Pre-Trial Status Conference") during which the parties shall furnish a status update for any AP Action for which the Progress Reports relating to such AP Action were filed at least one (1) week prior to the next scheduled Omnibus Hearing date. Any AP Action where the Progress Report was filed less than one (1) week prior to the next scheduled Omnibus Hearing date shall be scheduled to be heard on the next subsequent Omnibus Hearing date.  The Debtors shall provide notice of the date and time of the Pre-Trial Status Conference to the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, and all other defendants named in the AP Action (to the extent the Debtors have or are reasonably able to access valid addresses for such parties) as soon as practicable by overnight mail or email.  Once the Court determines the next steps to be taken in connection with an AP Action (*e.g.*, the AP Action should be dismissed or fully litigated), the Debtors shall provide notice to all parties to the AP Action, including named defendants, of such determination and whether the AP Action shall be dismissed or proceed and be governed by the Case Management Order.

5.  **Participation Mandatory**.  Compliance with the Supplemental AP Procedures is mandatory.  Each party in interest must serve the required responses, engage in the specified communications, including the Initial Conference and Pre-Trial Status Conference, and otherwise comply with the Supplemental AP Procedures specified herein for all AP Actions covered by such Supplemental AP Procedures.  To the extent the Debtors, the AP Plaintiff, or any other non-Debtor defendant seeks to be relieved from compliance with the Supplemental AP Procedures, such party must make a specific request and demonstrate cause to the Court for such relief.

6.  **Deadlines**.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (a) mutual consent of the parties; or (b) the Court, for cause shown.

7.  **Effectiveness of the Case Management Order**.  To the extent an AP Action proceeds subsequent to the Pre-Trial Status Conference, the procedures set forth in the Case Management Order shall apply to the AP Action. In addition, counsel to the Debtors will coordinate with the Court to schedule separate regular omnibus hearing dates for hearing conferences and motions related to the AP Proceeding subject to the Court's availability.

8.  **Confidentiality**.  Pursuant to Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications by, between, and among the parties in connection with proposed settlement of any AP Action shall remain

confidential, unless all parties consent to disclosing all or part of any discussions and communications.

9.  **Discovery**.  No discovery requests shall be served or requested in any AP Action pending the conclusion of the Pre-Trial Status Conference and in accordance with the Case Management Order.

10.  **Reservations of Rights**.  All parties' rights, claims, counter-claims and defenses of any kind whatsoever with respect to the AP Actions shall be preserved pending the parties' compliance with the Supplemental AP Procedures, and a party's participation shall not be deemed to be nor construed as a waiver of any of such rights.

**Miscellaneous**

5.      To the extent applicable, the 14-day stay of Bankruptcy Rule 6004(h) is hereby waived, and this Order shall be effective immediately.

6.      The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

7.      Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____ __, 2013
            New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

ny-1069425

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- )
In re:                                                        )        Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                      )        Chapter 11
                                                              )
                                        Debtors.              )        Jointly Administered
-------------------------------------------------------------------- )


### NOTICE OF APPLICABILITY OF THE ORDER APPROVING
### MANDATORY SUPPLEMENTAL AP PROCEDURES FOR AP ACTIONS

     **PLEASE TAKE NOTICE**, that the Order Approving Mandatory Supplemental AP

Procedures for AP Actions entered by the Bankruptcy Court in the above-captioned chapter 11

cases on [_____ __], 2013 is hereby made applicable to and governs this adversary

proceeding.


Dated: [_____ __], 2013                    /s/ Norman S. Rosenbaum
       New York, New York                       Gary S. Lee
                                                   Norman S. Rosenbaum
                                                   Erica J. Richards
                                                   Meryl L. Rothchild
                                                   **MORRISON & FOERSTER LLP**
                                                   1290 Avenue of the Americas
                                                   New York, New York 10104
                                                   Telephone: (212) 468-8000
                                                   Facsimile: (212) 468-7900

                                                   *Counsel for the Debtors and Debtors in*
                                                   *Possession*

## Supplemental AP Procedures

1. **Notice of Applicability**. The Supplemental AP Procedures shall apply to (a) all AP Actions commenced on or after the date hereof and (b) all AP Actions pending as of the date hereof for which a dispositive motion has not been fully briefed and argued before the Court. Within five (5) days of the filing of the AP Action, the Debtors shall file in each AP Action a "Notice of Applicability" of these Supplemental AP Procedures (the form of which is annexed to the Proposed Order as <u>Exhibit A</u>), which will include a copy of these Supplemental AP Procedures appended to such notice. The Notice of Applicability will also include a form schedule that will clearly set forth (i) certain dates by which the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, if applicable, must complete the tasks outlined in these Supplemental AP Procedures, with such dates being subject to change upon the agreement of these parties and/or Court order, and (ii) the Debtors' and Special Borrowers' Counsel's detailed contact information. The filing of a Notice of Applicability immediately obligates the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel for the AP Plaintiff, as applicable, to comply with the Supplemental AP Procedures. The Notice of Applicability will be served on the AP Plaintiff, if pro se, or AP Plaintiff's counsel, if applicable, and all other named defendants (to the extent the Debtors have or are reasonably able to access valid addresses for such parties) by first class overnight mail and email where an email address has been provided.

2. **AP Plaintiff Contact Information**. Upon receipt of the Notice of Applicability, the AP Plaintiff, if appearing pro se, will have seven (7) days to provide the Debtors with valid contact information, including a telephone number and email address, if available (the "<u>AP Plaintiff Contact Information</u>"). Upon receipt of the AP Plaintiff Contact Information, the Debtors shall promptly notify the Clerk of the Court of the AP Plaintiff Contact Information for inclusion in the official docket of the AP Action.

3. **Extension of Answer or Response Deadlines**. The following extensions will apply notwithstanding any other date fixed by order of the Court, by agreement among the parties, or the Bankruptcy Rules or Local Rules: The date by which the Debtors and other named defendants will be required to answer or otherwise respond to the complaint filed in the AP Action or any motion filed in the AP Action shall be extended to and including the date that is thirty (30) days following the Pre-Trial Status Conference (defined below). In addition, no party to the AP Action may file any motion or answer, or respond or in respect to the complaint filed in the AP Action during this period. To the extent the Debtors or any other defendant has answered or otherwise responded to the complaint filed in the AP Action, the AP Plaintiff's deadline to respond shall be extended to and including the date that is thirty (30) days following the Pre-Trial Status Conference, each subject to

2

further extensions as may be agreed upon by the parties or ordered by the Court.

4.   **Intake, Initial Conference and Reporting**:

(i)   <u>Review and Evaluation by Debtors and Special Borrowers' Counsel</u>. Within forty-five (45) days after service of the Notice of Applicability (the "<u>Evaluation Period</u>"), counsel to the Debtors and Special Borrowers' Counsel shall review and evaluate the AP Action, and shall meet and confer, either telephonically or in-person, with the AP Plaintiff (or where applicable AP Plaintiff's counsel) to discuss the claims and causes of action set forth in the AP Action and the nature of the relief requested therein (the "<u>Initial Conference</u>").[1] Counsel to the Debtors, in consultation with Special Borrowers' Counsel, shall promptly furnish to the AP Plaintiff, or AP Plaintiff's counsel, as applicable, by overnight mail or email a request for an Initial Conference proposing dates and times for the Initial Conference. A determination of whether the Initial Conference will be held in-person or telephonically shall be within the sole discretion of the Debtors.

(ii)   <u>Initial Conference</u>. Within five (5) days after receipt of a request for an Initial Conference, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, must respond by (a) accepting a proposed date and time, or (b) requesting that the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, be contacted to schedule a mutually convenient alternative date and time. The Debtors and Special Borrowers' Counsel shall endeavor to schedule the Initial Conference, whether telephonic or in-person, when convenient for the AP Plaintiff, if pro se (including before or after regular business hours and on non-traditional work days), and the AP Plaintiff's counsel, as applicable. The Initial Conference specified in this paragraph, together with any continuations or rescheduled calls or meetings related to the AP Action arising from that Initial Conference, will be subject to Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions. The Initial Conference and all communications related thereto do not fall within the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 *et seq.*, or any state equivalent debt collection act, and shall not be deemed to be an effort to collect on a debt of any AP Plaintiff.

(iii)   <u>Failure to Comply</u>. Failure to timely act in response to a request for an Initial Conference and meet and confer with the Debtors and Special Borrowers' Counsel in good faith, as described in paragraph 2(ii) above, may result, at the option of the Debtors, in an application to the

---

[1]   At this initial stage, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, is not required to have Initial Conferences with other non-Debtor defendants to the AP Action.

ny-1069425

Bankruptcy Court (on notice to the impacted AP Plaintiff, AP Plaintiff's counsel, if applicable, and Special Borrowers' Counsel) for an order dismissing the AP Action for failure to prosecute and comply with the Supplemental AP Procedures. Such motion to dismiss shall not preclude the Debtors from filing other and further motions to dismiss the AP Action to the extent the AP Plaintiff, or AP Plaintiff's counsel, if applicable, subsequently complies with the Supplemental AP Procedures and such original motion is withdrawn by the Debtors or denied by the Court.

(iv) Progress Report: No later than sixty (60) days after the filing of a Notice of Applicability, the Debtors, Special Borrowers' Counsel, the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, will file a "Joint Progress Report" to document the extent of the progress, if any, the parties have made in connection with the Initial Conference and state whether the parties have come to a mutual resolution of the AP Action, or that the AP Plaintiff wishes to proceed with the AP Action. The Joint Progress Report must be filed prior to the scheduling of the Pre-Trial Status Conference (defined below). If the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, are unable to agree, in good faith, on the Joint Progress Report, each party may file a separate progress report (the Joint Progress Report and other progress reports are collectively referred to as a "Progress Report").

4. **Omnibus Hearing**. At the regularly scheduled omnibus hearings for these Chapter 11 Cases (each an "Omnibus Hearing"), the Bankruptcy Court shall conduct an initial AP Action status conference (the "Pre-Trial Status Conference") during which the parties shall furnish a status update for any AP Action for which the Progress Reports relating to such AP Action were filed at least one (1) week prior to the next scheduled Omnibus Hearing date. Any AP Action where the Progress Report was filed less than one (1) week prior to the next scheduled Omnibus Hearing date shall be scheduled to be heard on the next subsequent Omnibus Hearing date. The Debtors shall provide notice of the date and time of the Pre-Trial Status Conference to the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, and all other defendants named in the AP Action (to the extent the Debtors have or are reasonably able to access valid addresses for such parties) as soon as practicable by overnight mail or email. Once the Court determines the next steps to be taken in connection with an AP Action (*e.g.*, the AP Action should be dismissed or fully litigated), the Debtors shall provide notice to all parties to the AP Action, including named defendants, of such determination and whether the AP Action shall be dismissed or proceed and be governed by the Case Management Order.

5. **Participation Mandatory**. Compliance with the Supplemental AP Procedures is mandatory. Each party in interest must serve the required

4

responses, engage in the specified communications, including the Initial Conference and Pre-Trial Status Conference, and otherwise comply with the Supplemental AP Procedures specified herein for all AP Actions covered by such Supplemental AP Procedures.   To the extent the Debtors, the AP Plaintiff, or any other non-Debtor defendant seeks to be relieved from compliance with the Supplemental AP Procedures, such party must make a specific request and demonstrate cause to the Court for such relief.

6.    **Deadlines**.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (a) mutual consent of the parties; or (b) the Court, for cause shown.

7.    **Effectiveness of the Case Management Order**.  To the extent an AP Action proceeds subsequent to the Pre-Trial Status Conference, the procedures set forth in the Case Management Order shall apply to the AP Action. In addition, counsel to the Debtors will coordinate with the Court to schedule separate regular omnibus hearing dates for hearing conferences and motions related to the AP Proceeding subject to the Court's availability.

8.    **Confidentiality**.  Pursuant to Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications by, between, and among the parties in connection with proposed settlement of any AP Action shall remain confidential, unless all parties consent to disclosing all or part of any discussions and communications.

9.    **Discovery**.  No discovery requests shall be served or requested in any AP Action pending the conclusion of the Pre-Trial Status Conference and in accordance with the Case Management Order.

10.   **Reservations of Rights**.  All parties' rights, claims, counter-claims and defenses of any kind whatsoever with respect to the AP Actions shall be preserved pending the parties' compliance with the Supplemental AP Procedures, and a party's participation shall not be deemed to be nor construed as a waiver of any of such rights.

ny-1069425

## <u>SCHEDULE FOR MANDATORY SUPPLEMENTAL AP PROCEDURES</u>

1. Debtors will file and serve the Notice of Applicability by _____ (or if that date falls on a weekend or holiday, by the next business day).

2. AP Plaintiff to provide AP Plaintiff Contact Information by _____.

3. Parties to schedule an Initial Conference by _____.

4. Progress Reports to be filed by _____.

5. Debtors to schedule Pre-Trial Status Conference by _____ Omnibus Hearing date.

6. Deadline to file and serve an answer or response to the AP Action complaint is extended to no earlier than _____.

**PLEASE TAKE NOTICE** that the dates listed above are subject to change upon the agreement of the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable. The timing of items (5) and (6) above will likely depend on the date of the Initial Conference, and any scheduled follow-up conferences.

**Debtors' contact information:**

Norman S. Rosenbaum (nrosenbaum@mofo.com)
Stefan W. Engelhardt (sengelhardt@mofo.com)
Paul Galante (pgalante@mofo.com)
Erica J. Richards (erichards@mofo.com)
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

**Special Borrowers' Counsel's contact information:**

Ronald J. Friedman (rfriedman@silvermanacampora.com)
Justin S. Krell (jkrell@silvermanacampora.com)
**SilvermanAcampora LLP**
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753
Telephone:  (516) 479-6300
Facsimile:  (516) 479-6301