**Hearing Date: February 28, 2013 at 2:00 p.m. (ET)**
**Objection Deadline: February 21, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION TO MOTION FOR CLARIFICATION OF ORDER
MODIFYING AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362**

ny-1074931

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ................................................................................................1

II. BACKGROUND .........................................................................................................................2

    A. General Chapter 11 Case Background.................................................................................2

    B. Movant's Loan History.........................................................................................................3

    C. The Illinois Action................................................................................................................3

III. OBJECTION ...............................................................................................................................5

    A. Applicable Authority ...........................................................................................................5

        (i) Scope of the Automatic Stay .......................................................................................5

        (ii) Application of Stay to Continuous Conduct................................................................7

    B. The Claims Are Based On Alleged Prepetition Conduct And Are Subject To The Automatic Stay ................................................................................................................................8

    C. The Commencement Of The Illinois Action Against GMACM Violated The Automatic Stay And The Claims Should Be Withdrawn................................9

IV. CONCLUSION .........................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Advanced Computer Services of Michigan, Inc. v. MAI Sys. Corp.,
   161 B.R. 771 (E.D. Va. 1993) ................................................................................................7

Alloc, Inc. v. Unilin Decor N.V.,
   No. 02-C-1266, 2005 U.S. Dist. LEXIS 38066 (E.D. Wis. Dec. 15, 2005) .............................7

Hearst Magazines v. Stephen L. Geller, Inc.,
   No. 08 Civ. 11312(LLS), 2009 WL 812039 (S.D.N.Y. Mar. 25, 2009) ................................10

In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.,
   140 B.R. 969 (N.D. Ill. 1992) .................................................................................................7

In re 48th Street Steakhouse, Inc.,
   835 F.2d 427 (2d Cir.1987) ...................................................................................................10

In re Coated Sales, Inc.,
   147 B.R. 842 (S.D.N.Y.1992) ...............................................................................................10

In re Spansion, Inc.,
   418 B.R. 84 (Bankr. D. Del. 2009) .........................................................................................7

Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection,
   474 U.S. 494 (1986) ................................................................................................................6

Rexnord Holdings, Inc. v. Bidermann,
   21 F.3d 522 (2d Cir.1994) .....................................................................................................10

Rockefeller Grp., Inc. v. 48th Street Steakhouse, Inc.,
   485 U.S. 1035 (1988) ............................................................................................................10

Serio v. DiLoreto,
   No. 00 CIV 8651 (LTS)(HB), 2002 WL 426165 (S.D.N.Y. Mar. 19, 2002) ........................10

Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.),
   922 F.2d 984 (2d Cir. 1990) ....................................................................................................6

Teachers Ins. & Annuity Ass'n of Am. v. Butler,
   803 F.2d 61 (2d Cir. 1986) ......................................................................................................6

**STATUTES**

11 U.S.C. § 362(a)(1) ....................................................................................................................6

Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this objection (the "**Objection**") to the *Motion for Clarification of Order Modifying Automatic Stay Provisions of 11 U.S.C. § 362* [Docket No. 2596] (the "**Motion**"), filed on behalf of Antoinette Aribal ("**Movant**"). In support hereof, the Debtors submit the Declaration of Lauren Graham Delehey, dated February 21, 2013 (the "**Delehey Decl.**"), attached hereto as <u>Exhibit 1</u>, and respectfully represent:

**I.     Preliminary Statement**

1.     Movant seeks entry of an order finding that the claims she asserts on her own behalf and, apparently on behalf of a putative class, against Debtor GMAC Mortgage, LLC ("**GMACM**") in a putative class action (the "**Illinois Action**") filed post-petition in United States District Court for the Northern District of Illinois (the "**District Court**") are not subject to the automatic stay imposed by section 362(a) of title 11 of the United States Code (the "**Bankruptcy Code**"). Notwithstanding Movants' self-serving characterizations to the contrary, the claims asserted against GMACM are not outside the scope of the automatic stay.

2.     As set forth in more detail herein, each of the claims asserted against GMACM in the Initial Complaint and Amended Complaint (each defined below) filed in the Illinois Action (the "**Claims**") is substantially based on, and arises out of, the alleged continuation post-petition by GMACM of conduct that began prepetition. As such, the Illinois Action asserts Claims against GMACM that arose prior to the commencement of the Debtors' chapter 11 cases. Accordingly, Movant's commencement, and continuation, of the Illinois Action violates the automatic stay. Movant cannot circumvent the stay by purporting to limit her request for relief to damages incurred on account of alleged post-petition conduct that is, even by Movant's own

1

allegations, a continuation of pre-petition acts. The Motion should be denied and Movant directed to withdraw the Claims.[1]

## II.    Background

### A.    General Chapter 11 Case Background

3. On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). No trustee has been appointed in the Chapter 11 Cases.

4. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors.

5. On July 3, 2012, the U.S. Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of this Court, as examiner.

6. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the*

---

[1] Movant has not requested relief from the automatic stay in the event the Bankruptcy Court finds that the Claims are subject to section 362. Movant has not satisfied her burden of establishing sufficient cause as to why her case should be permitted to proceed notwithstanding the automatic stay. The Debtors reserve all rights to the extent such arguments are raised by Movant.

2

*Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").

### B. Movant's Loan History

7. On September 7, 2005, Movant executed a promissory note (the "**Note**") in favor of Wilmington Finance, a division of AIG Federal Savings Bank, in the amount of $79,400.00 (the "**Loan**"). (Delehey Decl., ¶ 3.) The Note was secured by real property located at 2000 Newton Avenue, Park Ridge, Illinois 60068 (the "**Property**") pursuant to a Mortgage (the "**Mortgage**") executed contemporaneously with the Note. (Id.) On October 1, 2005, the Note was transferred to GMACM. Id.

8. GMACM's records reflect that Movant had been in default at various times over the life of the Loan. (Delehey Decl., ¶ 4.)

9. As a result of Movant's continuing default under the Loan, on or around July 26, 2012, GMACM, acting in its capacity as servicer, charged off the Loan and sold it to Partners for Payment Relief DE III LLC ("**Partners for Payment**"). (Delehey Decl., ¶ 5.)

### C. The Illinois Action

10. On December 6, 2012, Movant filed a complaint on behalf of herself and the People of the State of Illinois, thereby commencing the Illinois Action, styled as <u>Aribal, *et al.* v. GMAC Mortgage LLC, *et al.*</u>, No. 1:12-cv-09735 (N.D. Ill.) against GMACM, Partners for Payment, and Potestivo & Associates PC ("**Postestivo**" and, together with GMACM and Partners for Payment, the "**Defendants**"). <u>See</u> Complaint-Class Action (the "**Initial Complaint**"), attached as Exhibit D to Delehey Decl. By the Initial Complaint, Movant sought unspecified damages (statutory, actual, compensatory, punitive, and attorneys' fees, litigation expense and costs of suit) on account of alleged violations of the Fair Debt Collection Practices Act ("**FDCPA**") and the Real Estate Settlement Procedures Act ("**RESPA**"), and state law. Id.

3

Although styled as a class action, the Initial Complaint did not assert any class claims against GMACM.

11.    On January 2, 2013, GMACM filed a notice of bankruptcy in the Illinois Action, advising Movant and the District Court that the prosecution of the Claims in the Illinois Action was stayed.  (Delehey Decl., ¶ 7.)  On that same date, GMACM's counsel, Locke Lord LLP, sent Movant's counsel a letter advising that the Claims asserted in the Initial Complaint filed in the Illinois Action were subject to the automatic stay and did not fall within the purview of the stay relief granted pursuant to the Supplemental Servicing Order.  See Letter, attached as Exhibit F to Delehey Decl.  The letter further stated that the filing of the Initial Complaint and continued prosecution of the Claims constituted a violation of the automatic stay and requested that the Illinois Action be withdrawn as to GMACM.  Id.

12.    On January 3, 2013, Movant's counsel sent a reply letter disagreeing with GMACM's position and indicating that Movant would likely seek relief from this Court. (Delehey Decl., ¶ 8.)

13.    On January 10, 2013, Movant filed the Motion.

14.    Notwithstanding that Movant filed the Motion on January 10, 2013, remarkably, and apparently in total disregard of this Court's jurisdiction invoked by Movant, on January 29, 2013, Movant filed an amended complaint with the District Court.  See Amended Complaint – Class Action, attached as Exhibit H to Delehey Decl. (the "**Amended Complaint**").  In the Amended Complaint, Movant compounded her violation of the automatic stay by asserting class action claims against GMACM.  For ease of reference, the various Counts pled in each of the Initial Complaint and the Amended Complaint are summarized in the table below:

4

ny-1074931

| Initial Complaint | Amended Complaint | Basis of Claim | Subject Defendant |
|---|---|---|---|
| I – Class Claim | I – Class Claim | FDCPA | Potestivo |
| II – Class Claim | II – Class Claim | FDCPA | Partners for Payment; Potestivo |
| III – Individual Claim | N/A | RESPA | Partners for Payment |
| IV – Individual Claim | III – Class Claim | Breach of Contract | GMACM |
| V – Individual Claim | IV – Individual Claim | Defamation | GMACM |
| VI – Individual Claim | V – Class Claim | Consumer Fraud Act | GMACM |
| VII – Private Attorney General Claim | VI – Private Attorney General Claim | Illinois Collection Agency Act | Partners for Payment |
| VIII – Individual Claim | VI – Individual Claim | Breach of Contract | Partners for Payment |
| IX – Class Claim | VIII – Class Claim | Consumer Fraud Act | Partners for Payment |
| X – Individual Claim | IX – Individual Claim | FDCPA | Partners for Payment; Potestivo |

15. With respect to the Claims asserted against GMACM, the Amended Complaint is substantially similar to the Initial Complaint; however, the Claims for breach of contract (Initial Complaint - Count III; Amended Complaint - Count V) and violations of the Consumer Fraud Act (Initial Complaint - Count IV; Amended Complaint - Count V) are now pled as class claims, rather than as individual claims.

**III.    OBJECTION**

    **A.    Applicable Authority**

        **(i)    Scope of the Automatic Stay**

16. The automatic stay imposed by section 362(a) of the Bankruptcy Code is a core provision of bankruptcy law that promotes the reorganization process by providing the debtor

5

ny-1074931

with "a breathing spell from [its] creditors."[2] <u>Teachers Ins. & Annuity Ass'n of Am. v. Butler</u>, 803 F.2d 61, 65 (2d Cir. 1986) (holding that the automatic stay applied to an appeal that otherwise would "distract . . . debtor's attention from its primary goal of reorganizing"). It affords "one of the fundamental debtor protections provided by the bankruptcy laws." <u>Midlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection</u>, 474 U.S. 494, 503 (1986) (citation and internal quotation marks omitted). Likewise, it allows the debtor to manage and, where appropriate, centralize all creditor actions against property of the estate, "so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas." <u>Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)</u>, 922 F.2d 984, 989 (2d Cir. 1990).

   17. Section 362(a) operates as a stay, applicable to all entities of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that <u>was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title</u>; . . .

11 U.S.C. § 362(a)(1) (emphasis added).

   18. In a wholly transparent and self-serving attempt to evade the automatic stay's injunction against the pursuit of claims based on prepetition conduct, Movant seeks to immunize the Amended Complaint by limiting the relief sought to alleged conduct by GMACM that

---

[2] Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part, that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of –
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

occurred post-petition. See, e.g., Amended Complaint, ¶ 98 ("Plaintiff only seeks relief for conduct occurring after May 15, 2012."). See also Amended Complaint, ¶¶ 100, 108, 111, 114. This characterization is an improper attempt to arbitrarily sever prepetition and post-petition claims where both arise from the same alleged continuous conduct, and fails as a matter of law.

### (ii)    Application of Stay to Continuous Conduct

19.    Although section 362(a) does not apply to post-petition events, "when a plaintiff brings suit against a debtor concerning a continuing course of conduct which began pre-petition, the answer is not so clear." Alloc, Inc. v. Unilin Decor N.V., No. 02-C-1266, 2005 U.S. Dist. LEXIS 38066, at *17 (E.D. Wis. Dec. 15, 2005). Courts faced with this issue in analogous contexts have uniformly rejected attempts to bifurcate actions based on pre- and post-petition conduct. For example, In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig., 140 B.R. 969 (N.D. Ill. 1992), plaintiff Mahurkar sought a ruling that the automatic stay arising from an opponent's bankruptcy filing would not prevent Mahurkar from pressing its injunction claim to prevent post-petition patent infringement activities. The Illinois District Court held that, notwithstanding Mahurkar's attempt to bifurcate ongoing patent infringement claims from pre-petition claims, the entire litigation was stayed by the bankruptcy filing, writing:

> [T]he continuation during bankruptcy of conduct (such as the sale of catheters) begun beforehand is most certainly one in which an action "was or could have been commenced before the commencement of a case under this title." This action could have been, and was, commenced before [the debtor] filed its petition in bankruptcy.

Mahurkar, 140 B.R. at 976 (emphasis in original). See also In re Spansion, Inc., 418 B.R. 84, 91 (Bankr. D. Del. 2009) (rejecting arguments that where plaintiff sought only to prevent the debtors' post-petition patent infringement activities, it was not subject to the automatic stay, and citing Mahurkar); Advanced Computer Services of Michigan, Inc. v. MAI Sys. Corp., 161 B.R.

7

771 (E.D. Va. 1993) (holding that the automatic stay barred a suit for injunctive relief to prevent post-petition antitrust violations). That rationale applies equally to Movant's Claims against GMACM, which, as set forth below, are each based on alleged conduct that began well prior to the Petition Date.

### B. The Claims Are Based On Alleged Prepetition Conduct And Are Subject To The Automatic Stay

20. Movant's Breach of Contract Claim (Count III) and Consumer Fraud Act Claim (Count V) are based on allegations that GMACM misapplied Movant's mortgage payments. In support of those allegations, Movant relies on her loan payment history beginning in 2007 (see Exhibit B to Amended Complaint), and on notices of default sent to Movant by GMACM dated November 30, 2011 (see Exhibit C to Amended Complaint), February 29, 2012 (see Exhibit D to Amended Complaint), and April 30, 2012 (see Exhibit E to Amended Complaint). Movant also relies on monthly statements sent by GMACM dated April 19, 2010 through March 19, 2012 (see Exhibits G through N to Amended Complaint). Movant further alleges that GMACM has engaged in a "pattern and practice of irresponsible mortgage servicing," and cites to the consent decree entered into by Ally Financial Inc. prior to the Petition Date. See Amended Complaint, ¶ 31. Movant's attempt to rely on an alleged long-running "pattern and practice" of misapplying mortgage payments for the purpose of establishing GMACM's liability, while disclaiming such history for purposes of commencing the litigation post-petition is, at best, disingenuous. At worst, Movant's actions evidence an intentional violation of the stay that was compounded by the filing of the Amended Complaint.

21. Movant's Defamation Claim (Count IV) is based on allegations that GMACM falsely represented to Partners for Payment that Movant was in default. See Amended Complaint, ¶ 107. In support of this Claim, Movant repeats the allegations made in connection

8

with the Breach of Contract Claim and Consumer Fraud Act Claim.  Movant further contends that GMACM improperly reported Movant's Loan as delinquent to credit reporting agencies both before and after the Petition Date, and "[h]ad defendant GMAC Mortgage examined the payment records relating to the loan, it would have been apparent that the loan was not delinquent."  See Amended Complaint, ¶¶ 27, 30.  Presumably, such a review of Movant's payment records would entail a review of the loan history beginning in 2007, when Movant alleges the misapplication of payments began.  Thus, although GMACM's sale of the Loan to Partners for Payment occurred post-petition, the defamation Claim is also a direct product of an alleged pattern of prepetition conduct by GMACM.

22. Based on Movant's own papers, it is apparent that the Illinois Action could have been commenced against GMACM prior to the Petition Date.  Accordingly, under the clear language of section 362(a) of the Bankruptcy Court and applicable case law, the Claims are subject to the automatic stay.

23. For similar reasons, it is impossible for Movant to assert that, with respect to the putative class, the relief requested in the Amended Complaint is not founded on pre-Petition Date conduct.  Indeed, the implication is that the bases for the class claims are the same alleged conduct that form the bases for the Claims asserted by Movant on her behalf.  See Amended Complaint, ¶¶ 103, 117 ("Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.").

    **C.**    **The Commencement Of The Illinois Action Against GMACM Violated The Automatic Stay And The Claims Should Be Withdrawn**

24. As set forth above, the filing by Movant of the Initial Complaint constituted the commencement of a judicial action or proceeding against a Debtor that could have been commenced before the Petition Date and/or seeks to recover a claim against the Debtor that arose

before the Petition Date, in violation of Bankruptcy Code section 362(a).  Therefore, the continuation of the Illinois Action against GMACM is void and without any effect.  <u>Rexnord Holdings, Inc. v. Bidermann</u>, 21 F.3d 522, 527 (2d Cir.1994); <u>In re 48th Street Steakhouse, Inc.</u>, 835 F.2d 427, 431 (2d Cir.1987), <u>Rockefeller Grp., Inc. v. 48th Street Steakhouse, Inc.</u>, 485 U.S. 1035 (1988); <u>In re Coated Sales, Inc.</u>, 147 B.R. 842, 845 (S.D.N.Y.1992).  The initial stay violation is particularly egregious in light of the fact that Movant filed the Amended Complaint only <u>after</u> filing the Motion, which expressly seeks clarification regarding the scope of the automatic stay.  Thus, Movant apparently considers it appropriate to both expressly invoke and ignore this Court's jurisdiction.

25.     The appropriate remedy is to dismiss the Claims.  See <u>Hearst Magazines v. Stephen L. Geller, Inc.</u>, No. 08 Civ. 11312(LLS), 2009 WL 812039, at *2 (S.D.N.Y. Mar. 25, 2009) (holding action in violation of the section 362(a) was "void from its commencement, and . . . will be dismissed without prejudice"); <u>Serio v. DiLoreto</u>, No. 00 CIV 8651 (LTS)(HB), 2002 WL 426165, at *1 (S.D.N.Y. Mar. 19, 2002) (granting defendant's motion to dismiss action that violated the automatic stay as void).  Accordingly, the Debtors request that Movant be directed to withdraw the Claims and dismiss the Illinois Action with respect to GMACM.

26.     The Debtors expressly reserve all rights to seek costs and other sanctions in connection with Movant's conduct.

**IV.     Conclusion**

27.     Based on the weight of settled authority and its application to the Motion as described above, the Debtors respectfully submit that each of the Claims are subject to the automatic stay.  As such, the Court should deny the Motion.

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order denying the Motion and directing withdrawal of the Claims, and grant such other relief as the Court deems proper.

New York, New York  
Dated: February 21, 2013

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Erica J. Richards  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*