# **EXHIBIT 1**

## **Delehey Declaration**

ny-1074931

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------------------

**DECLARATION OF LAUREN GRAHAM DELEHEY,
IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC,
IN SUPPORT OF DEBTORS' OBJECTION TO MOTION FOR CLARIFICATION OF
<u>ORDER MODIFYING AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362</u>**

I, Lauren Graham Delehey, declare as follows:

**A.    Background and Qualifications**

1.    I serve as In-House Litigation Counsel in the legal department (the "**Legal Department**") at Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**"). I have held this position since I joined ResCap on August 1, 2011. In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions and multi-district litigation. I am authorized to

ny-1073589

submit this declaration (the "**Declaration**") in support of the *Debtors' Objection To Plaintiff's Motion for Clarification of Order Modifying Automatic Stay Provisions of 11 U.S.C. § 362* (the "**Objection**").[3]

2. In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the Illinois Action. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records as well as other relevant documents; my discussions with other members of the Legal Department; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making my statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

### B. Movant's Loan History

3. On September 7, 2005, Movant executed a promissory note (the "**Note**") in favor of Wilmington Finance, a division of AIG Federal Savings Bank, in the amount of $79,400.00 (the "**Loan**"). See Note, annexed hereto as **Exhibit A**. The Note was secured by real property located at 2000 Newton Avenue, Park Ridge, Illinois 60068 (the "**Property**") pursuant to a Mortgage (the "**Mortgage**") executed contemporaneously with the Note. See Mortgage,

---

[3] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Objection.

annexed hereto as **Exhibit B**.  On October 1, 2005, the Note was transferred to GMACM.  See Allonge, annexed hereto as **Exhibit C**.

4. GMACM's records reflect that Movant had been in default at various times over the life of the Loan.

5. As a result of Movant's continuing default under the Loan, on or around July 26, 2012, GMACM, acting in its capacity as servicer, charged off the Loan and sold it to Partners for Payment Relief DE III LLC.  See Allonge, annexed hereto as **Exhibit C**.

### C. The Illinois Action

6. On December 6, 2012, Movant filed a Complaint-Class Action on behalf of herself and the People of the State of Illinois, thereby commencing the Illinois Action, styled as Aribal v. GMAC Mortgage LLC et al., No. 1:12-cv-09735 (N.D. Ill.) (the "**Initial Complaint**") against GMACM, Partners for Payment, and Potestivo & Associates PC.  See Initial Complaint, annexed hereto as **Exhibit D**.

7. On January 2, 2013, GMACM filed a notice of bankruptcy in the Illinois Action, advising Movant and the District Court that the Claims were stayed.  See GMAC Mortgage, LLC's Notice Of Bankruptcy And Effect Of Automatic Stay, annexed hereto as **Exhibit E**.  On that same date, GMACM's counsel, Locke Lord LLP, sent Movant's counsel a letter advising that the Claims asserted in the Initial Complaint filed in the Illinois Action were subject to the automatic stay and did not fall within the purview of the stay relief granted pursuant to the Supplemental Servicing Order.  See Letter, dated January 2, 2013, annexed hereto as **Exhibit F**.

8. On January 3, 2013, Movant's counsel sent a reply letter disagreeing with GMACM's position and indicating that Movant would likely seek relief from this Court.  See Letter, dated January 3, 2013, annexed hereto as **Exhibit G**.

9. On January 29, 2013, Movant filed an amended complaint with the District Court. See Amended Complaint – Class Action, annexed hereto as **Exhibit H**. (the "**Amended Complaint**").

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 21, 2013

       /s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC

ny-1073589        5