# **Exhibit G**

LAW OFFICES OF
# EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 SOUTH LASALLE STREET
SUITE 1800
CHICAGO, ILLINOIS 60603
312-739-4200
FAX 312-419-0379
WEBSITE: www.edcombs.com
EMAIL: info@edcombs.com

January 3, 2013

J. Matthew Goodin
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
jmgoodin@lockelord.com

    Re:    *Aribal v. GMAC Mortgage LLC et al (1 : 12 CV 9735 (N.D.Ill.))*

Dear Matt:

    In reviewing the motion to dismiss brought by Potestivo & Associates, and your client's suggestion of bankruptcy (both filed yesterday in the above-entitled case), it appears that the note held by GMAC Mortgage was sold Partners For Payment Relief DE III LLC in July 2012. By this action – taken *after* the filing of the bankruptcy petition on May 14, 2012 – it was represented that the loan was in default, when it was not. This caused damage to our client; further, the injuries our client suffered thereafter, on account of the conduct of the other defendants, stem from your client's misconduct.

    Given that, could you please explain why your client's Chapter 11 petition operates as a stay as to an "action or proceeding against the debtor that was or could have been commenced before the commencement" of the bankruptcy case? The breach of contract, defamation and unfair commercial practices took part after the bankruptcy case was filed; thus, the automatic stay provisions of 11 U.S.C. §362(a) are inapplicable, in my view. If you have authority to the contrary, please provide it to me.

    In any event, we are inclined to seek relief from the Bankruptcy Court. Naturally, if you are willing to withdraw the suggestion of bankruptcy, and to jointly apply with our client for a modification of the Bankruptcy Court's order with the same effect, we would be interested in working together to resolve the issue efficiently.

                                 Sincerely,

                                 Thomas E. Soule