# **Exhibit H**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINETTE ARIBAL and | ) | |
| PEOPLE OF THE STATE OF ILLINOIS | ) | |
| EX REL. ANTOINETTE ARIBAL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:12CV9735 |
| | ) | Judge St. Eve |
| GMAC MORTGAGE LLC, | ) | |
| PARTNERS FOR PAYMENT RELIEF DE III LLC, and | ) | |
| POTESTIVO & ASSOCIATES PC, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT  – CLASS ACTION

## INTRODUCTION

1.    Plaintiffs Antoinette Aribal, and People of the State of Illinois *ex rel.*
Antoinette Aribal, bring this action to secure redress from unlawful collection practices engaged
in by defendants GMAC Mortgage LLC ("GMAC Mortgage"), Partners for Payment Relief DE
III LLC ("Partners for Payment"), and Potestivo & Associates PC ("Potestivo")  Plaintiff alleges
violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and
state law.

## VENUE AND JURISDICTION

2.    This Court has jurisdiction under 15 U.S.C. §1692k, and 28 U.S.C.
§§1331, 1332(d), 1337 and 1367.

3.    Venue and personal jurisdiction in this District are proper because the
conduct complained of occurred within this District.  In addition, Potestivo is located in Chicago,
Illinois.

## PARTIES

4.    Plaintiff Antoinette Aribal is an individual who resides in Cook County,
Illinois.

1

12-12020-mg    Doc 2986-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 3 of 67
Case 1:12-cv-09738 Document #: 46 Filed: 01/29/13 Page 2 of 21 PageID #:303

5.      Defendant GMAC Mortgage is a limited liability company organized under Delaware law with offices at 3451 Hammond Avenue, Waterloo, Iowa.

6.      GMAC Mortgage is a major servicer of residential mortgages, with a portfolio of over $1 million in such loans and over 1 million borrowers.

7.      Defendant Partners for Payment is a limited liability company chartered under Delaware law with its principal office at 3748 West Chester Pike, Suite 103, Newtown Square, Pennsylvania.  It does or transacts business in Illinois.

8.      Partners for Payment regularly collects allegedly defaulted consumer debts originally owed to others.  It has stated on its web site that it is "a private company that specializes in the Acquisition, Management and Liquidation of defaulted residential mortgages nationwide."

9.      Partners for Payment invites "investors" to invest in such loans.  It seeks out such investors through the Internet, "workshops," and real estate conferences. (www.pprnoteacademy.com and www.pprnoteco.com)

10.     Partners for Payment uses the mails and telephone system in conducting its business.

11.     Partners for Payment is a debt collector as defined in the FDCPA.

12.     Partners for Payment services more than $1 million in residential mortgages.

13.     Partners for Payment is  a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA").

14.     At no time has Partners for Payment held a collection agency license from the State of Illinois.   (Exhibit A.)

15.     Defendant Potestivo is a law firm organized as an Illinois professional corporation.  Its registered agent and office is Keith H. Werwas, 223 West Jackson Boulevard, Suite 601, Chicago, Illinois.

2

12-12020-mg    Doc 2386-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 4 of 67
Case 1:12-cv-09739 Document #: 46 Filed: 01/29/13 Page 3 of 25 PageID #:304

16.    Potestivo regularly collects allegedly defaulted consumer debts originally
owed to others. It holds itself out as "providing comprehensive default management legal
solutions in Michigan and Illinois." It has filed over 300 residential mortgage foreclosures in
Illinois during the year prior to the filing of this action.

17.    Potestivo uses the mails and telephone system in conducting its business.

18.    Potestivo is a debt collector as defined in the FDCPA.

## FACTS

19.    This action concerns attempts by defendants to collect from plaintiff a
consumer debt, consisting of an allegedly delinquent second mortgage loan.  The note and
mortgage were executed in about 2005 to purchase a single-family residence.

20.    Prior to July 2012, the mortgage was serviced by GMAC Mortgage.  The
monthly payments were about $696.21.

### Misapplication of payments

21.    Plaintiff made monthly payments to GMAC Mortgage, often in amounts
slightly larger than required.  GMAC Mortgage did not properly credit many payments to
plaintiff's account.  GMAC Mortgage treated the payments as an additional payment, and
applied the entire amount to principal.  GMAC Mortgage then did not show a regular payment
for that month and treated plaintiff as in default.

22.    For example, on Exhibit B, a series of $700 payments (about $5 more than
required) were designated as "addl prin" or "misc receipt" and "unapplied."  Sometimes this was
done even when the exact amount of a monthly payment was remitted.

23.    GMAC Mortgage repeatedly sent plaintiff notices claiming that her
mortgage was in default.  Examples of such statements are in Exhibits C-F.

24.    GMAC Mortgage continued sending such statements after May 14, 2012,
such as Exhibit F.

25.    GMAC Mortgage also sent plaintiff statements showing that plaintiff was

3

12-12020-mg    Doc 2386-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 5 of 67
Case 1:12-cv-09739    Document #: 46    Filed: 01/29/13    Page 4 of 25 PageID #:305

making payments but that the loan was not being treated as current.  Examples of such
statements are in Exhibits G-P.

26.     GMAC Mortgage continued sending such statements after May 14, 2012,
such as Exhibits O-P.

27.     On information and belief, GMAC Mortgage also improperly reported
plaintiff's loan as delinquent to credit reporting agencies, and did so after May 14, 2012.

28.     In about July 2012, GMAC Mortgage transferred the purportedly
delinquent mortgage to Partners for Payment.

29.     GMAC Mortgage represented to Partners for Payment that the loan was
delinquent.

30.     Had defendant GMAC Mortgage examined the payment records relating
to the loan, it would have been apparent that the loan was not delinquent.

31.     GMAC Mortgage has engaged in a pattern and practice of irresponsible
mortgage servicing, as evidenced by the fact that its parent Ally Financial entered into a consent
decree restraining improper mortgage servicing practices in *United States v. Bank of America et
al.*, 1:12CV361 (D.D.C.), in April 2012.

32.     The conduct of GMAC Mortgage set forth herein was reckless or
malicious.

33.     Had Partners for Payment examined the payment records relating to the
loan, the true status of the loan would have been apparent.

34.     Plaintiff sought to continue making $700 monthly payments to Partners
for Payment.

35.     Partners for Payment refused to accept such payments.

36.     On or about July 6, 2012, Partners for Payment, sent plaintiff the
document attached as Exhibit Q.

37.     On  July 6, 2012, Partners for Payment, considered, and asserted, that

4

12-12020-mg    Doc 2986-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 6 of 67
Case 1:12-cv-09735    Document #: 46    Filed: 01/29/13    Page 6 of 25    PageID #:000

plaintiff's second mortgage loan was in default.

38.    Exhibit Q does not contain the notices required by 15 U.S.C. §1692g.

39.    On information and belief, no other document sent by Partners for
Payment, before or within 5 days after July 6, 2012 contained the notices required by 15 U.S.C.
§1692g.

40.    On or about September 12, 2012, Partners for Payment, sent plaintiff the
documents attached as Exhibits R and S, again claiming that plaintiff was in default.

41.    Exhibit R claims that plaintiff was 43 payments behind.

42.    This statement was false.

43.    Exhibit S claims that plaintiff was behind $29,971.82.

44.    This statement was false.

**Improper collection letters from attorneys**

45.    On or about November 15, 2012, Potestivo, acting on behalf of Partners
for Payment, sent plaintiff the letters attached as Exhibits T and U.

46.    Exhibits T and U were the first letters sent by Potestivo to plaintiff
regarding the debt described therein.

47.    Exhibits T and U are form letters which Potestivo uses as the initial
communications it sends to a consumer.

48.    Exhibits T and U state that plaintiff's loan was in default.

49.    Such statements were false.

50.    Exhibits T and U threaten plaintiff with foreclosure.

51.    Because Partners for Payment was not licensed as a collection agency in
Illinois, it had no right to take any legal action against plaintiff.

**Illinois Collection Agency Act**

52.    The ICAA creates a licensing regime.  225 ILCS 425/4 provides:

**No collection agency shall operate in this State, directly or indirectly engage
in the business of collecting, solicit claims for others, have a sales office, a**

5

12-12020-mg   Doc 2986-9   Filed 02/26/13   Entered 02/21/13 15:45:05   Exhibit H to
Declaration   Pg 7 of 67
Case 1:12-cv-09738 Document #: 46 Filed: 01/29/19 Page 6 of 21 PageID #:307

client, or solicit a client in this State, exercise the right to collect, or receive
payment for another of any account, bill or other indebtedness, without
registering under this Act except that no collection agency shall be required
to be licensed or maintain an established business address in this State if the
agency's activities in this State are limited to collecting debts from debtors
located in this State by means of interstate communication, including
telephone, mail, or facsimile transmission from the agency's location in
another state provided they are licensed in that state and these same
privileges are permitted in that licensed state to agencies licensed in Illinois.

53.     The licensing requirements of the ICAA were imposed to protect the

public.  The  public policy represented by the ICAA is stated 225 ILCS 425/1a:

The practice as a collection agency by any entity in the State of Illinois is
hereby declared to affect the public health, safety and welfare and to be
subject to regulation and control in the public interest. It is further declared
to be a matter of public interest and concern that the collection agency
profession merit and receive the confidence of the public and that only
qualified entities be permitted to practice as a collection agency in the State
of Illinois. This Act shall be liberally construed to carry out these objects and
purposes.

It is further declared to be the public policy of this State to protect
consumers against debt collection abuse.

54.     225 ILCS 425/14 and 425/14b make it a crime to engage in the business of

a collection agency without a license.

55.     225 ILCS 425/14a provides:

The practice as a collection agency by any entity not holding a valid and
current license under this Act is declared to be inimical to the public welfare,
to constitute a public nuisance, and to cause irreparable harm to the public
welfare. The Director, the Attorney General, the State's Attorney of any
county in the State, or any person may maintain an action in the name of the
People of the State of Illinois, and may apply for injunctive relief in any
circuit court to enjoin such entity from engaging in such practice. Upon the
filing of a verified petition in such court, the court, if satisfied by affidavit or
otherwise that such entity has been engaged in such practice without a valid
and current license, may enter a temporary restraining order without notice
or bond, enjoining the defendant from such further practice. Only the
showing of nonlicensure, by affidavit or otherwise, is necessary in order for a
temporary injunction to issue. A copy of the verified complaint shall be
served upon the defendant and the proceedings shall thereafter be conducted
as in other civil cases except as modified by this Section. If it is established
that the defendant has been or is engaged in such unlawful practice, the
court may enter an order or judgment perpetually enjoining the defendant
from further practice. In all proceedings hereunder, the court, in its
discretion, may apportion the costs among the parties interested in the
action, including cost of filing the complaint, service of process, witness fees

6

12-12020-mg    Doc 2986-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 8 of 67
Case 1:12-cv-09738    Document #: 46    Filed: 01/29/13    Page 7 of 25    PageID #:308

and expenses, court reporter charges and reasonable attorneys' fees. In case
of violation of any injunctive order entered under the provisions of this
Section, the court may summarily try and punish the offender for contempt
of court. Such injunction proceedings shall be in addition to, and not in lieu
of, all penalties and other remedies provided in this Act.

56.    *LVNV Funding LLC v. Trice*, 2011 IL App (1st) 092773, 952 N.E.2d 1232
(1st Dist. 2011), leave to appeal denied, 962 N.E.2d 483 (2011), held that legal actions filed by a
collection agency that did not have the requisite license are illegal and void, and are not cured by
the subsequent obtaining of a license.

### Failure to identify current creditor

57.    Exhibit U does not clearly state the present creditor or owner of the debt.
It states that "The debt is owed to Partners for Payment Relief DE III, LLC which is authorized
to receive payment on your loan but which may not be the recorded holder of the security deed."

58.    "Authorized to receive payment" suggests that Partners for Payment has
been authorized by a principal (an investor) to receive payment.  The language is not consistent
with  Partners for Payment being the owner of the loan.

59.    The fact that Partners for Payment may "not be the recorded holder of the
security deed" also indicates that it is acting for another.

60.    Even if Partners for Payment is the nominal holder of a note, it is common
practice in the mortgage business (as recognized by the Truth in Lending Act, 15 U.S.C. §1601
*et seq.*) to take title to loans for "administrative convenience" in servicing them for an
"investor."  15 U.S.C. §1641.

61.    15 U.S.C. §1692g requires disclosure of the current creditor, not a
servicing agent or other party collecting a debt for another. *Bourff v. Rubin Lublin, LLC*, 674
F.3d 1238 (11th Cir. 2012); *Shoup v. McCurdy & Candler,* 465 Fed. Appx. 882, 2012 WL
1071196 (11th Cir. Mar. 30, 2012); *Wallace v. Washington Mutual Bank, F.A.,* 683 F.3d 323
(6th Cir. 2012).

7

## Payment allocation practices

62.    The manner in which GMAC Mortgage applied plaintiff's payments
through July 2012 was contrary to the mortgage, which expressly provided that "Unless
applicable law provides otherwise, all payments received by Lender under the Note and
paragraphs 1 and 2 hereof [paragraph 1 deals with payment of principal and interest and
paragraph 2 funds for taxes and insurance] shall be applied by Lender first in payment of
amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on
the Note, and then to the principal of the Note."   A copy of the mortgage is attached as Exhibit
V.

63.    Exhibit V is a standard form mortgage.

64.    GMAC Mortgage services thousands of mortgages with the quoted
language.

65.    GMAC Mortgage uses standardized, computerized systems for applying
payments.

## Damages

66.    The conduct of Potestivo and Partners for Payment, in threatening
foreclosure on plaintiff's home when plaintiff had provided evidence that she was not even in
default, and in refusing to accept monthly payments for the purpose of manufacturing a default,
was intentionally malicious, oppressive and dishonest.

67.    Further, the website for Partners for Payment shows that investors, and not
Partners for Payment, are likely the actual creditors on the debt, and that investors can purchase
and sell mortgages through Partners for Payment.  (Exhibit W (available online, as of January
29, 2013, at http://www.pprnoteco.com/how-it-works).)  The attempts to collect made by
Potestivo and Partners for Payment, without clearly disclosing the actual identity of the creditor
(through, for example, the statement that Partners for Payment might not be "the recorded holder
of the security deed"), were inherently confusing and misleading.

8

12-12020-mg   Doc 2986-9   Filed 02/21/13   Entered 02/21/13 15:45:05   Exhibit H to
Declaration   Pg 10 of 67
Case 1:12-cv-09739   Document #: 46   Filed: 01/29/13   Page 9 of 25   PageID #:010

68.     Plaintiff has been injured by defendants' improper conduct, in that:

(1)     Her credit has been injured;

(2)     She has suffered great aggravation and mental distress; and

(3)     She had been forced to spend time and money dealing with
defendants' wrongful conduct.

## COUNT I – FDCPA – CLASS CLAIM

69.     Plaintiff Antoinette Aribal incorporates paragraphs 1-68.

70.     This claim is against Potestivo.

71.     The form initial communications used by Potestivo (Exhibits T and U) fail
to clearly and conspicuously disclose the current creditor, as required by 15 U.S.C. §1692g.

72.     15 U.S.C. §1692g provides:

**(a)     Within five days after the initial communication with a consumer in
connection with the collection of any debt, a debt collector shall,
unless the following information is contained in the initial
communication or the consumer has paid the debt, send the consumer
a written notice containing –**

**(1)     the amount of the debt [and]**

**(2)     the name of the creditor to whom the debt is owed . . .**

73.     For the same reason, the letter is confusing and misleading, in violation of
15 U.S.C. §§1692e and 1692e(2).

## CLASS ALLEGATIONS

74.     Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P.
23(a) and 23(b)(3).

75.     The class consists of all individuals to whom Potestivo sent an initial letter
stating that "The debt is owed to [name] which is authorized to receive payment on your loan but
which may not be the recorded holder of the security deed . . ." on or after a date one year prior
to the filing of this action and on or before a date 20 days after the filing of this action.

76.     On information and belief, the class is so numerous that joinder of all

9

12-42020-mig-cv-00739 Doc 2996-9 Filed 02/21/13 Entered 02/21/13 15:45:05 Exhibit H to
Case: 1:12-cv-00739 Document #: 46-1 Filed: 01/29/13 Page 10 of 25 PageID #:311
Declaration    Pg 11 of 67

members is not practicable.   Based on a computer search of court records, there are at least 300
class members.

77.    On information and belief, the letter at issue is sent to all persons against
whom Postestivo files a foreclosure suit and many other persons as well.

78.    There are questions of law and fact common to the class members, which
predominate over any questions relating to individual class members.  The predominant common
question is whether Potestivo's form letter complies with the FDCPA.

79.    Plaintiff's claim is typical of the claims of the class members.  All are
based on the same factual and legal theories.

80.    Plaintiff will fairly and adequately represent the class members.  Plaintiff
has retained counsel experienced in class actions and collection abuse litigation.

81.    A class action is superior  for the fair and efficient adjudication of this
matter. Individual actions are not economically feasible.  Members of the class are likely to be
unaware of their rights.  There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class
members and against defendant for:

(1)    Statutory damages;

(2)    Attorney's fees, litigation expenses and costs of suit; and

(3)    Such other or further relief as the Court deems proper.

### COUNT II – FDCPA – CLASS CLAIM

82.    Plaintiff Antoinette Aribal incorporates paragraphs 1-68.

83.    This claim is against Partners for Payment, and Potestivo.

84.    Defendants, by representing that  Partners for Payment was entitled to
enforce a note and mortgage against plaintiff, when this was not true, because Partners for
Payment was prohibited from engaging in any collection activity directed at an Illinois resident,
violated 15 U.S.C. §§1692e, 1692e(2), 1692e(4), 1692e(5) and 1692e(10).

12-42020-mc- Doc 2906-9 Filed 02/21/13 Entered 02/21/13 15:45:05 Exhibit H to
Case 1:12-cv-09739 Document #: 46 Filed: 01/29/13 Page 11 of 23 PageID #:312
Declaration   Pg 12 of 67

85.    15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

    **(2)    The false representation of –**

        **(A)    the character, amount, or legal status of any debt; or**

        **(B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt....**

    **(4)    The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action....**

    **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken.... [or]**

    **(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

## CLASS ALLEGATIONS

86.    Plaintiff brings this action on behalf of two classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

87.    Class A consists of all individuals with Illinois addresses from whom Partners for Payment attempted to collect money, where any collection activity occurred on or after a date one year prior to the filing of this action.

88.    Class B  consists of all individuals with Illinois addresses from whom Potestivo attempted to collect money on behalf of Partners for Payment, or any other entity whose principal business is the acquisition of delinquent residential mortgage loans but which did not have a collection agency license, where any collection activity occurred on or after a date one year prior to the filing of this action.  Plaintiff also defines a subclass of Class B, consisting of class members where the collection activity occurred on behalf of Partners for Payment.

12-12020-mg    Doc 2996-8    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 13 of 67
Case 1:12-cv-09735 Document #: 46 Filed: 01/29/13 Page 12 of 21 PageID #:313

89.    On information and belief, the class is so numerous that joinder of all members is not practicable.

90.    There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members.  The predominant common questions are:

    (a)    Whether  Partners for Payment operated as an unlicensed collection agency; and

    (b)    Whether attempted collection of debts by or on behalf of an entity which commits a crime by engaging in such activity involves false representations or illegal threats, and violates the FDCPA.

91.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

92.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

93.    A class action is superior  for the fair and efficient adjudication of this matter. Individual actions are not economically feasible.  Members of the class are likely to be unaware of their rights.  There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

    (1)    Statutory damages;

    (2)    Actual damages;

    (3)    Attorney's fees, litigation expenses and costs of suit; and

    (4)    Such other or further relief as the Court deems proper.

## COUNT III  – BREACH OF CONTRACT  – CLASS CLAIM

94.    Plaintiff Antoinette Aribal  incorporates paragraphs 1-68.

95.    This claim is against GMAC Mortgage.

12

12-12020-mg   Doc 2996-9   Filed 02/21/13   Entered 02/21/13 15:45:05   Exhibit H to
Declaration   Pg 14 of 67
Case 1:12-cv-00739 Document #: 46 Filed: 01/29/13 Page 13 of 21 PageID #:314

96.     GMAC Mortgage breached plaintiff's contract (note and mortgage) by misapplying plaintiff's payments,  treating plaintiff's loan as being in default and selling plaintiff's loan as such.

97.     Plaintiff complied with all conditions precedent under the contract.

98.     Plaintiff only seeks relief for conduct occurring after May 15, 2012.

## CLASS ALLEGATIONS

99.     Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

100.    The class consists of all individuals whose mortgage loans were serviced by GMAC Mortgage at any time after May 15, 2012 – whose mortgages contained language providing that "Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof [paragraph 1 deals with payment of principal and interest and paragraph 2 funds for taxes and insurance] shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note" – and where one or more payments was not applied first to any escrow items, then to interest, and then to principal.

101.    On information and belief, the class is so numerous that joinder of all members is not practicable.

102.    There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members.  The predominant common questions are

(a)     whether GMAC Mortgage has standard payment allocation procedures,

(b)     whether those procedures are consistent with the provisions of the mortgage, and

(c)     whether any inconsistency is a breach of contract.

13

103.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

104.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

105.    A class action is superior  for the fair and efficient adjudication of this matter. Individual actions are not economically feasible.  Members of the class are likely to be unaware of their rights.  There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against GMAC Mortgage for:

        (1)      Actual damages;

        (2)      Costs of suit; and

        (3)      Such other or further relief as the Court deems proper.

## COUNT IV  – DEFAMATION  – INDIVIDUAL CLAIM

106.    Plaintiff incorporates paragraphs 1-68.

107.    GMAC Mortgage defamed plaintiff by representing to Partners for Payment that plaintiff was in default, when this was not true.

108.    Plaintiff only seeks relief for conduct occurring after May 15, 2012.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against GMAC Mortgage for:

        (1)      Actual damages;

        (2)      Punitive damages;

        (3)      Costs of suit; and

        (4)      Such other or further relief as the Court deems proper.

## COUNT V – CONSUMER FRAUD ACT  – CLASS CLAIM

109.    Plaintiff Antoinette Aribal  incorporates paragraphs 1-68.

110.    Contrary to the Consumer Fraud and Deceptive Business Practices Act,

12-12020-mg    Doc 2996-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 16 of 67
Case: 1:12-cv-09739 Document #: 46 Filed: 01/29/13 Page 15 of 25 PageID #:316

815 ILCS 505/1 *et seq*. ("CFA"), GMAC Mortgage engaged in unfair and deceptive acts and practices. 815 ILCS 505/2. It specifically violated the CFA by

      (a)    misapplying plaintiff's payments,

      (b)    treating plaintiff's loan as in default,

      (c)    selling plaintiff's loan to Partners for Payment or its principal (or principals) as one in default when this was not true, and

      (d)    doing so as part of a pattern and practice of improper mortgage servicing practices.

111.    Plaintiff only seeks relief for conduct occurring after May 15, 2012.

112.    GMAC Mortgage was engaged in trade or commerce when it serviced loans, as it did with plaintiff's loan.

## CLASS ALLEGATIONS

113.    Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

114.    The class consists of all individuals with Illinois addresses whose mortgage loans were serviced by GMAC Mortgage at any time after May 15, 2012 – whose mortgages contained language providing that "Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof [paragraph 1 deals with payment of principal and interest and paragraph 2 funds for taxes and insurance] shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note" – and where one or more payments was not applied first to any escrow items, then to interest, and then to principal.

115.    On information and belief, the class is so numerous that joinder of all members is not practicable.

116.    There are questions of law and fact common to the class members, which

12-12020-mg    Doc 2996-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 17 of 67
Case 1:12-cv-09739 Document #: 46 Filed: 01/29/13 Page 16 of 25 PageID #:317

predominate over any questions relating to individual class members.  The predominant common
questions are

      (a)      whether GMAC Mortgage has standard payment allocation
             procedures,

      (b)      whether those procedures are consistent with the provisions of the
             mortgage, and

      (c)      whether any inconsistency is an unfair or deceptive practice in the
             course of trade or commerce.

117.    Plaintiff's claim is typical of the claims of the class members.  All are
based on the same factual and legal theories.

118.    Plaintiff will fairly and adequately represent the class members.  Plaintiff
has retained counsel experienced in class actions and collection abuse litigation.

119.    A class action is superior  for the fair and efficient adjudication of this
matter. Individual actions are not economically feasible.  Members of the class are likely to be
unaware of their rights.  There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class
members and against defendant GMAC Mortgage for:

      (1)      Actual damages;

      (2)      Punitive damages;

      (3)      Attorney's fees, litigation expenses and costs of suit; and

      (4)      Such other or further relief as the Court deems proper.

### COUNT VI – ILLINOIS COLLECTION AGENCY
### ACT  – PRIVATE ATTORNEY GENERAL CLAIM

120.    Plaintiff People of the State of Illinois ex rel. Antoinette Aribal
incorporates paragraphs 1-68.

121.    This claim is against Partners for Payment.

122.    The communications sent to plaintiff by or on behalf of Partners for

12-12020-mg    Doc 2996-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 18 of 67
Case 1:12-cv-00735 Document #: 46 Filed: 01/29/13 Page 17 of 21 PageID #:318

Payment amount to an "exercise [of] the right to collect" under 225 ILCS 425/4.  The
communications directly from this defendant (Exhibits Q, R & S) all claimed that money was
owed to it.  The communications from Potestivo that were sent on behalf of  Partners for
Payment (Exhibits T & U) claimed that money was owed to it, and threatened legal action if
payment was not forthcoming.

123.    Partners for Payment engaged "in the business of collecting" without a
license, contrary to 225 ILCS 425/4, through the same communications (Exhibits Q-U), and
through other actions described in this complaint.

124.    Plaintiff is entitled to relief against Partners for Payment under 225 ILCS
425/14a.

WHEREFORE, plaintiff  requests that the Court enter judgment in favor of
plaintiff and against defendant  Partners for Payment for:

(1)    Injunctive relief;

(2)    Attorney's fees, litigation expenses and costs of suit; and

(3)    Such other or further relief as the Court deems proper.

## COUNT VII  – BREACH OF CONTRACT  – INDIVIDUAL CLAIM

125.    Plaintiff Antoinette Aribal  incorporates paragraphs 1-68.

126.    This claim is against Partners for Payment.

127.    Defendant breached plaintiff's contract (note and mortgage) by treating
plaintiff's loan as being in default.

128.    Plaintiff complied with all conditions precedent under the contract.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of
plaintiff and against defendant for:

(1)    Actual damages;

(2)    Costs of suit; and

(3)    Such other or further relief as the Court deems proper.

12-42020-mp  Doc 2996-9  Filed 02/21/18  Entered 02/21/18 15:45:05  Exhibit H to
Case: 1:12-cv-09739 Document #: 46 Filed: 01/29/13 Page 18 of 25  PageID #:319
Declaration  Pg 19 of 67

## COUNT VIII – CONSUMER FRAUD ACT – CLASS CLAIM

129.   Plaintiff Antoinette Aribal incorporates paragraphs 1-68.

130.   This claim is against Partners for Payment.

131.   Defendant, in the course of trade and commerce, engaged in unfair and
deceptive acts and practices, in violation of 815 ILCS 505/2, by demanding and collecting
money to which it had no legal right, by means described throughout this complaint.

132.   By sending collection letters to plaintiff directly (Exhibits Q, R & S)
which asserted a right to collect, which did not exist because defendant did not have the right to
collect any money from any Illinois resident on account of its lack of a license, Partners for
Payment committed fraud contrary to 815 ILCS 505/2.

133.   By permitting Potestivo & Associates P.C., its agent, to send letters on its
behalf which (a) threatened litigation that it had no right to pursue, and (b) not clearly identifying
the actual owner of the debt (Exhibits T & U), Partners for Payment committed fraud contrary to
815 ILCS 505/2.

134.   Partners for Payment violated the public policy of Illinois, by engaging in
the business of an unlicensed collection agency.

135.   Partners for Payment inflicted substantial injury on consumers, by taking
their money and homes, and threatening them with loss of money and homes.

136.   The conduct of Partners for Payment was unethical and unscrupulous, and
indeed criminal.

## CLASS ALLEGATIONS

137.   Plaintiff brings this action on behalf of a class pursuant to Fed.R.Civ.P.
23(a) and 23(b)(3).

138.   The class consists of all individuals with Illinois addresses from whom
Partners for Payment sought to collect money, on or after a date 3 years prior to the filing of this
action.

18

12-12020-mg   Doc 2996-9   Filed 02/21/13   Entered 02/21/13 15:45:05   Exhibit H to
Case 1:12-cv-09739 Document #: 46 Filed: 01/29/13 Page 19 of 21 PageID #:320
                        Declaration    Pg 20 of 67

139.    On information and belief, the class is so numerous that joinder of all members is not practicable.

140.    There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members.  The predominant common question is whether Partners for Payment, by conducting an unlicensed and illegal collection agency business, violated the CFA.

141.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

142.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and collection abuse litigation.

143.    A class action is superior  for the fair and efficient adjudication of this matter.  Individual actions are not economically feasible.  Members of the class are likely to be unaware of their rights.  There is no reason for numerous individual cases, all identical.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

(1)    Compensatory and punitive damages;

(2)    Attorney's fees, litigation expenses and costs of suit; and

(3)    Such other or further relief as the Court deems proper.

## COUNT IX – FDCPA  – INDIVIDUAL CLAIM

144.    Plaintiff Antoinette Aribal incorporates paragraphs 1-68.

145.    This claim is against Partners for Payment, and Potestivo.

146.    Defendants misrepresented the amount due on and status of plaintiff's loan, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5) and 1692e(10).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1)    Actual damages;

19

12-12020-mg    Doc 9969-9    Filed 02/21/18    Entered 02/21/18 15:45:05    Exhibit H to
Declaration    Pg 21 of 67
Case 1:12-cv-00739 Document #: 46 Filed: 01/29/13 Page 20 of 21 PageID #:321

(2)     Attorney's fees, litigation expenses and costs of suit; and

(3)     Such other or further relief as the Court deems proper.

/s/ Thomas E. Soule
Thomas E. Soule

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## JURY DEMAND

Plaintiffs respectfully demand trial by jury.

/s/ Thomas E. Soule
Thomas E. Soule

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.

/s/ Thomas E. Soule
Thomas E. Soule

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

12-12020-mg    Doc 2996-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 22 of 67
Case 1:12-cv-00739    Document #: 46    Filed: 01/29/13 Page 21 of 21 PageID #:322

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2013, the preceding document was served by operation of the electronic filing system upon the following attorneys of record –

| | |
|---|---|
| Barbara A Farrell | (bfarrell@illinoistitlelaw.com) |
| Beverly M Weber | (bmw@mllfpc.com) |
| Chantelle R Neumann | (cneumann@potestivolaw.com) |
| David F Pustilnik | (dpustilnik@potestivolaw.com) |
| David G Marowske | (dmarowske@potestivolaw.com) |
| Keith Hwerwas | (kwerwas@potestivolaw.com) |
| Shawn T. Briner | (stb@mllfpc.com) |

and was also served by U.S. mail upon –

GMAC Mortgage LLC
3451 Hammond Avenue
Waterloo, Iowa 50704

and was also served by electronic mail (as a courtesy) upon

J. Matthew Goodin        (jmgoodin@lockelord.com)

together with all exhibits and attachments to that document.

/s/ Thomas E. Soule
Thomas E. Soule

21

12-12020-mg   Doc 2986-9   Filed 02/21/13   Entered 02/21/13 15:45:05   Exhibit H to
Declaration   Pg 23 of 67
Case: 1:12-cv-09735 Document #: 1-1 Filed: 12/06/12 Page 2 of 34 PageID #:20

2/4/12                    State of Illinois : Department of Financial and Professional Regulation

 **Illinois Department of Financial & Professional Regulation**

Manuel Flores, Acting Secretary                                              Pat Quinn, Governor

Agency Quick Links    Start a New Search                                    Printer Friendly View
IDFPR Home Page
Información Disponible                          SEARCH FOR LICENSEE BY PROFESSION:
En Español                                          Collection Agency, Licensed
License Look Up                          THERE ARE 1 RECORDS WHOSE NAME CONTAINS: partners
"Debtors' Prison"
Physician Profile
License Renewals                                        License  License           Original  Current  Ever
Latest News                Licensee's Name      DBA/AKA   Number  Status  City, State  Issue Date  Exp'tn  Disciplined?
Discipline Information
Consumers             PARTNERS IN COLLECTIONS INC          017000935 REVOKED CHICAGO, IL 06/11/1988 05/31/2000  Y
Professionals
Information About
IDFPR                                                      [1]
Banking
Non-banking Financial    Express Access License Look-Up has been approved for use as a primary source for verification by The Joint Commission and
Institutions                                      the National Committee for Quality Assurance.
Professional
Regulation             NEW FEATURE: If the licensee has multiple licenses with the agency, "Multiple Licenses" will appear below the license number and
  About IDFPR          information about their other licenses is available by clicking on the words "Multiple Licenses".
Contact Information
General FAQs           PLEASE NOTE: If the phrase "Chaperone Required" appears below the license status, the licensee can only practice with a chaperone
Boards & Committees    present. You can click on the words "Chaperone Required" for more information.
Search IDFPR.com
                       If the "Ever Disciplined" column contains a "Y," there has been disciplinary action taken against this license. Click on the "Y" to view details
   of the disciplinary action. The Department regulates various professions and issues many licenses and registrations. As such it is possible
                       that an individual could have a license in more than one profession. License Look-Up is limited to the specific profession you have inquired
                       about. If you wish to view comprehensive reports in Adobe Acrobat format for disciplines that occurred after September 1996, click HERE.
                       The Illinois Department of Professional Regulation publishes a monthly report detailing disciplinary action taken by the Department. Each
                       Disciplinary Report is a listing of all licenses disciplined by the Department within a given month. The information includes the licensee's
                       name, the discipline imposed and a brief description of the reason for the discipline. All Monthly Disciplinary Reports are accurate on the
                       date of issuance or initial date of publication. However, disciplinary actions may be subject to further court orders that may stay, affirm,
                       reverse, remand or otherwise alter Department disciplinary orders. Please note that discipline which has been reversed by court order will
                       not appear in this summary of discipline.

                       Click here for definitions of the different types of disciplinary actions the Department may impose.

                       Click here for license status definitions.

                       NOTE: This license look-up is accurate for the current license status, but due to computer conversions, the original issuance date may be in
                       error. If the issuance date shown is 01/01/1997, this is a computer generated date, not the original issuance date. For original issuance
                       dates, please contact the Department.

Financial & Professional Regulation              | State of Illinois | Illinois Privacy Information | Privacy Statement | Accessibility | Contact IDFPR



# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

09/26/12

ANTONETTE ARIBAL

▬▬▬▬▬

PARK RIDGE    IL ▬▬▬

RE:    Account Number    ▬▬523
       Property Address    ▬▬▬▬
                      PARK RIDGE    IL ▬▬▬ 

Dear   ANTONETTE ARIBAL

In response to your inquiry, a copy of your payment history is enclosed.

If you have any further questions, please contact Customer Care at 800-766-4622 between
the hours of 6:00 a.m. and 10:00 p.m. CT Monday through Friday and 9:00 a.m. to 1:00 p.m.
CT on Saturday.

Customer Care
Loan Servicing

Enclosure(s)

2:05

If this is a mortgage loan and the property is located in the state of Texas:
COMPLAINTS REGARDING THE SERVICING OF YOUR MORTGAGE SHOULD BE
SENT TO THE DEPARTMENT OF SAVINGS AND MORTGAGE LENDING, 2601 NORTH
LAMAR, SUITE 201, AUSTIN, TX 78705. A TOLL-FREE CONSUMER HOTLINE IS
AVAILABLE AT 877-276-5550.

A complaint form and instructions may be downloaded and printed from the Department's
website located at www.sml.texas.gov or obtained from the Department upon request by mail at
the address above, by telephone at its toll-free consumer hotline listed above, or by email at
smlinfo@sml.texas.gov.



PLAINTIFF'S
EXHIBIT

2007 HISTORY STATEMENT OF MORTGAGE ACCOUNT

GMAC MORTGAGE, LLC
PO BOX 780
WATERLOO, IA 50704-0780

ANTONETTE ARIBAL
PARK RIDGE          IL

LOAN TYPE 1-0   CONVENTIONAL
ACCOUNT NUM       523

2007 DETAIL BY TRANSACTION

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST PAID | POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID | CR LIFE/ DISAB | LT CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MISC RECEIPT | 1402.42 | 02/07 | 04/16 | | | | | | | | 1,402.42 |
| FEE BILLED | 10.00 | 02/07 | 04/16 | | | | | 10.00 | 78,775.14 | | 1,402.42 |
| REVERSAL | -1402.42 | 02/07 | 04/17 | | | | | | 78,775.14 | | |
| PAYMENT | 696.21 | 03/07 | 04/17 | 40.41 | 655.80 | | | | 78,734.73 | | |
| PAYMENT | 696.21 | 04/07 | 04/17 | 40.74 | 655.47 | | | | 78,693.99 | | |
| FEE PAID | 10.00 | 04/07 | 04/17 | | | | | 10.00 | 78,693.99 | | |
| PAYMENT | 696.21 | 05/07 | 05/16 | 41.08 | 655.13 | | | | 78,652.91 | | |
| FEE BILLED | 12.50 | 05/07 | 05/16 | | | | | 12.50 | 78,652.91 | | |
| FEE PAID | 12.50 | 05/07 | 05/16 | | | | | 12.50 | 78,652.91 | | |
| PAYMENT | 696.21 | 06/07 | 06/14 | 41.42 | 654.79 | | | | 78,611.49 | | |
| FEE BILLED | 12.50 | 06/07 | 06/14 | | | | | 12.50 | 78,611.49 | | |
| FEE PAID | 12.50 | 06/07 | 06/14 | | | | | 12.50 | 78,611.49 | | |
| PAYMENT | 696.21 | 07/07 | 07/13 | 41.77 | 654.44 | | | | 78,569.72 | | |
| FEE BILLED | 12.50 | 07/07 | 07/13 | | | | | 12.50 | 78,569.72 | | |
| FEE PAID | 12.50 | 07/07 | 07/13 | | | | | 12.50 | 78,569.72 | | |
| PAYMENT | 696.21 | 08/07 | 08/15 | 42.12 | 654.09 | | | | 78,527.60 | | |
| FEE BILLED | 12.50 | 08/07 | 08/15 | | | | | 12.50 | 78,527.60 | | |
| FEE PAID | 12.50 | 08/07 | 08/15 | | | | | 12.50 | 78,527.60 | | |
| PAYMENT | 696.21 | 09/07 | 09/14 | 42.47 | 653.74 | | | | 78,485.13 | | |
| FEE BILLED | 12.50 | 09/07 | 09/14 | | | | | 12.50 | 78,485.13 | | |
| FEE PAID | 12.50 | 09/07 | 09/14 | | | | | 12.50 | 78,485.13 | | |
| PAYMENT | 696.21 | 10/07 | 10/15 | 42.82 | 653.39 | | | | 78,442.31 | | |
| FEE BILLED | 12.50 | 10/07 | 10/15 | | | | | 12.50 | 78,442.31 | | |
| FEE PAID | 12.50 | 10/07 | 10/15 | | | | | 12.50 | 78,442.31 | | |
| PAYMENT | 696.21 | 11/07 | 11/16 | 43.18 | 653.03 | | | | 78,399.13 | | |
| FEE BILLED | 12.50 | 11/07 | 11/16 | | | | | 12.50 | 78,399.13 | | |
| FEE PAID | 12.50 | 11/07 | 11/16 | | | | | 12.50 | 78,399.13 | | |
| PAYMENT | 696.21 | 12/07 | 12/14 | 43.54 | 652.67 | | | | 78,355.59 | | |
| FEE BILLED | 12.50 | 12/07 | 12/14 | | | | | 12.50 | 78,355.59 | | |
| FEE PAID | 12.50 | 12/07 | 12/14 | | | | | 12.50 | 78,355.59 | | |

2007 DETAIL BY TRANSACTION

SUMMARY TOTALS

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID | CR LIFE/ DISAB | IT CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|
| PRINCIPAL BALANCE START OF PERIOD | | | | | | | | | | |
| PRINCIPAL PAID DURING PERIOD | | | | | | | | | | |
| PRINCIPAL BALANCE END OF PERIOD | | | | | | | | | | |
| ESCROW BALANCE START OF PERIOD | | | | | | | | | | |
| ESCROW PAID DURING PERIOD | | | | | | | | | | |
| ESCROW DISBURSEMENTS | | | | | | | | | | |
| ESCROW BALANCE END OF PERIOD | | | | | | | | | | |
| REFUND OF OVERPAID INTEREST | | | | | | | | | | |
| INTEREST REPORTABLE DURING PERIOD | | | | | | | | | | |
| PROPERTY TAXES PAID DURING PERIOD | | | | | | | | | | |
| POINTS PAID | | | | | | | | | | |

P & I PAYMENT .523

TOTAL PAYMENT 696.21 696.21

Entity03Org00000

12-12020-mg   Doc 2996-9   Filed 02/21/13   Entered 02/21/13 45505   Exhibit H to
Declaration   Pg 27 of 67
Case: 1:12-cv-09735 Document #: 1-1 Filed: 12/06/12 Page 7 of 34 PageID #:25

2008 HISTORY STATEMENT OF MORTGAGE ACCOUNT

GMAC MORTGAGE, LLC
PO BOX 780
WATERLOO, IA 50704-0780

ANTOINETTE ARIBAL
PARK RIDGE                    IL

LOAN TYPE 1-0   CONVENTIONAL
ACCOUNT NUM ...523

2008 DETAIL BY TRANSACTION

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW CR PAID | CR LIFE/ DISAB | LT CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|
| PAYMENT | 696.21 | 01/16 | 43.90 | 652.31 | | | | 78,311.69 | | |
| SPEEDPAY FEE | 12.50 | 01/16 | | | | | 12.50 | 78,311.69 | | |
| SPEEDPAY FEE | 12.50 | 01/16 | | | | | 12.50 | 78,311.69 | | |
| SPEEDPAY FEE | 12.50 | 02/15 | | | | | 12.50 | 78,267.42 | | |
| PAYMENT | 696.21 | 02/08 02/15 | 44.27 | 651.94 | | | | 78,267.42 | | |
| SPEEDPAY FEE | 12.50 | 02/08 02/15 | | | | | 12.50 | 78,267.42 | | |
| PAYMENT | 696.21 | 03/08 02/15 | 44.63 | 651.58 | | | | 78,222.79 | | |
| MISC RECEIPT | 20.00 | 03/08 04/24 | | | | | | 78,222.79 | | |
| SPEEDPAY FEE | 12.50 | 03/08 04/24 | | | | | 12.50 | 78,222.79 | | |
| SPEEDPAY FEE | 12.50 | 03/08 04/24 | | | | | | 78,222.79 | | |
| PAYMENT | 696.21 | 04/08 04/24 | 45.01 | 651.20 | | | | 78,177.78 | | |
| SPEEDPAY FEE | 12.50 | 04/08 05/19 | | | | | 20.00 | 78,132.40 | | |
| PAYMENT | 676.21 | 05/08 05/19 | 45.38 | 650.83 | | | | 78,132.40 | | |
| SPEEDPAY FEE | 12.50 | 05/08 05/19 | | | | | 12.50 | 78,132.40 | | |
| SPEEDPAY FEE | 716.21 | 05/08 05/19 | | | | | 12.50 | 78,132.40 | | |
| MISC RECEIPT | 40.00 | 05/08 05/19 | | | | | 40.00 | 78,132.40 | | |
| SPEEDPAY FEE | 12.50 | 05/08 05/19 | | | | | 12.50 | 78,132.40 | | |
| PAYMENT | 696.21 | 06/08 06/16 | 45.76 | 650.45 | | | | 78,086.64 | | |
| SPEEDPAY FEE | 7.50 | 06/08 06/16 | | | | | 7.50 | 78,086.64 | | |
| SPEEDPAY FEE | 7.50 | 06/08 06/16 | | | | | 7.50 | 78,086.64 | | |
| PAYMENT | 696.21 | 07/08 07/16 | 46.14 | 650.07 | | | | 78,040.50 | | |
| SPEEDPAY FEE | 12.50 | 07/08 07/16 | | | | | 12.50 | 78,040.50 | | |
| PAYMENT | 696.21 | 08/08 09/22 | 46.52 | 649.69 | | | | 77,993.98 | | |
| SPEEDPAY FEE | 7.50 | 08/08 09/22 | | | | | 7.50 | 77,993.98 | | |
| PAYMENT | 696.21 | 08/08 09/22 | 46.91 | 649.30 | | | | 77,947.07 | | |
| SPEEDPAY FEE | 7.50 | 09/08 10/15 | | | | | 7.50 | 77,947.07 | | |
| SPEEDPAY FEE | 12.50 | 09/08 10/15 | | | | | 12.50 | 77,947.07 | | 20.00 |
| PAYMENT | 696.21 | 09/08 10/15 | 47.30 | 648.91 | | | | 77,899.77 | | 20.00 |
| SPEEDPAY FEE | 7.50 | 10/08 12/09 | | | | | 7.50 | 77,899.77 | | 20.00 |
| PAYMENT | 12.50 | 10/08 12/09 | | | | | 12.50 | 77,899.77 | | |
| SPEEDPAY FEE | 12.50 | 10/08 12/09 | | | | | 12.50 | 77,899.77 | | |

2008 DETAIL BY TRANSACTION

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID | ER LIFE/ DISAB | LT CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|
| SUMMARY TOTALS | | | | | | | | | | |
| PRINCIPAL BALANCE START OF PERIOD | | | 78,355.59 | | | | | | | |
| PRINCIPAL PAID DURING PERIOD | | | 455.82 | | | | | | | |
| PRINCIPAL BALANCE END OF PERIOD | | | 77,899.77 | | | | | | | |
| ESCROW BALANCE START OF PERIOD | | | 0.00 | | | | | | | |
| ESCROW PAID DURING PERIOD | | | 0.00 | | | | | | | |
| ESCROW DISBURSEMENTS | | | 0.00 | | | | | | | |
| ESCROW BALANCE END OF PERIOD | | | 0.00 | | | | | | | |
| REFUND OF OVERPAID INTEREST | | | 0.00 | | | | | | | |
| INTEREST REPORTABLE DURING PERIOD | | | 650.06.28 | | | | 696.21 | | | |
| PROPERTY TAXES PAID DURING PERIOD | | | 0.00 | | | | 60.00 | | | |
| POINTS PAID | | | 0.00 | | | | | | | |

P & I PAYMENT .523

TOTAL PAYMENT
ACCUM LATE CHRG    696.21

Entity0330cg000000

2009 HISTORY STATEMENT OF MORTGAGE ACCOUNT

GMAC MORTGAGE
PO BOX 780
WATERLOO, IA 50704-0780

ANTONETTE ARIBAL
PARK RIDGE                                    IL

LOAN TYPE 1-0   CONVENTIONAL
ACCOUNT NUMBER   5521

2009 DETAIL BY TRANSACTION

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID | CR LIFE/ DISABL | IF CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|
| CORP ADV 3 D | 83.00 | 10/08 01/20 | | | | | 83.00 | 77,899.77 | | |
| PAYMENT | 696.21 | 11/08 02/23 | 47.69 | 648.52 | | | | 77,852.08 | | |
| SPEEDPAY FEE | 12.50 | 11/08 02/23 | | | | | 12.50 | 77,852.08 | | |
| SPEEDPAY FEE | 12.50 | 11/08 02/23 | | | | | 12.50 | 77,852.08 | | |
| MISC RECEIPT | 696.21 | 11/08 07/17 | | | 696.21 | | | 77,852.08 | | 696.21 |
| CORP ADV 3 D | 83.00 | 11/08 07/21 | | | | | 83.00 | 77,155.87 | | |
| ADDL PRIN | 716.21 | 11/08 07/21 | 716.21 | | | | | 77,155.87 | | 716.21 |
| MISC RECEIPT | 716.21 | 11/08 09/10 | | | 716.21 | | | 76,439.66 | | 716.21 |
| ADDL PRIN | | 11/08 09/11 | | | | | | 76,439.66 | | |
| MISC RECEIPT | 770.00 | 11/08 10/20 | | | 770.00 | | | 76,439.66 | | 770.00 |
| ADDL PRIN | 696.21 | 11/08 10/22 | | | | | | 75,669.66 | | |
| MISC RECEIPT | 696.21 | 11/08 11/13 | 629.95 | | | | | 75,669.66 | | 696.21 |
| PAYMENT | 696.21 | 11/08 11/16 | | | | | | 75,603.40 | | 696.21 |
| MISC RECEIPT | 696.21 | 12/08 12/31 | 66.26 | | | | | 75,603.40 | | 696.21 |

SUMMARY TOTALS

| | | P & I PAYMENT |
|---|---|---|
| PRINCIPAL BALANCE START OF PERIOD | 77,899.77 | |
| PRINCIPAL PAID DURING PERIOD | 2,296.37 | |
| PRINCIPAL BALANCE END OF PERIOD | 75,603.40 | |
| ESCROW BALANCE START OF PERIOD | 0.00 | |
| ESCROW PAID DURING PERIOD | 0.00 | |
| ESCROW DISBURSEMENTS | 0.00 | |
| ESCROW BALANCE END OF PERIOD | 0.00 | |
| REFUND OF OVERPAID INTEREST | 0.00 | |
| INTEREST REPORTABLE DURING PERIOD | 1278.47 | |
| PROPERTY TAXES PAID DURING PERIOD | 0.00 | |
| POINTS PAID | 0.00 | |

| | |
|---|---|
| TOTAL PAYMENT | 696.21 |
| ACCUM LATE CHRG | 100.00 |

Entity03!0cg00000

GMAC Mortgage, LLC                    DATE:   09/26/12
PO Box 780
3451 Hammond Avenue
Waterloo       IA 50704-0780


ANTONETTE ARIBAL



PARK RIDGE          IL


PROPERTY ADDRESS:                  ACCOUNT:          523
                                   TELLER ID:
                                   TELLER DEPT:

PARK RIDGE        IL


| PAYMENT INFORMATION | | ORIGINAL INFORMATION | | YEAR-TO-DATE | |
|---|---|---|---|---|---|
| P&I PAYMENT | 696.21 | ORIG BAL | 79,400.00 | INTEREST PAID | 0.00 |
| ESCROW | 0.00 | ORIGINAL RT | 9.9900 | TAX PAID | 0.00 |
| OPT. INS | 0.00 | LOAN TERM | 360 | POINTS PAID | 0.00 |
| BUYDOWN | 0.00 | FIRST DUE DT | 11/01/05 | POINTS PAID | 0.00 |
| ASSIST AMT | 0.00 | LOAN TYPE | CONVENTIONAL | IOE WITHHOLDING | 0.00 |
| ANCILLARY | 0.00 | | | | |
| TOTAL PMT | 696.21 | | | | |

| DATES | | CURRENT BALANCES | | UNCOLLECTED AMOUNTS | |
|---|---|---|---|---|---|
| PAID TO | 02/01/09 | PRINCIPAL | 0.00 | LATE CHARGES | 0.00 |
| NEXT DUE | 03/01/09 | ESCROW | 0.00 | OPTIONAL INS | 0.00 |
| LAST PMT | 09/26/11 | UNAP FUNDS | 0.00 | INTEREST | 0.00 |
| | | | | NSF FEES | 0.00 |
| | | | | OTHER FEES | 0.00 |

------------------------------------------------------------------------
                          DETAIL BY TRANSACTION
------------------------------------------------------------------------

| PD TO DT DESCRIPTION | TOTAL AMT | PRIN AMT | INT AMT | ESC AMT |
| POST DT | FEE AMT | UNAP AMT | LT CHG AMT | OPT AMT |
| EFF DATE | UNAP BAL | PRIN BAL | UNCOL ITEMS | ESC BAL |
|---|---|---|---|---|
| 02/01/09 SERV REL | 0.00 | 58596.94 | 0.00 | 0.00 |
| 07/16/12 | 0.00 | 0.00 | 140.00 | 0.00 |
| 07/16/12 | 0.00 | 0.00 | 0.00 | 0.00 |
| 02/01/09 LCHG/UNC INT | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/16/12 | 0.00 | 0.00 | 140.00 | 0.00 |
| 07/16/12 | 0.00 | 0.00 | 0.00 | 0.00 |
| 02/01/09 SER RLS CLR | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/16/12 | 0.00 | 0.00 | 0.00 | 0.00 |

| Date | | | | |
|---|---|---|---|---|
| 07/16/12 | 0.00 | 58596.94 | 0.00 | 0.00 |
| 02/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 06/25/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 06/22/12 | 0.00 | 58596.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 06/25/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 06/25/12 | 0.00 | 58596.94 | 0.00 | 0.00 |
| 02/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 06/22/12 | 0.00 | 700.00 | 0.00 | 0.00 |
| 06/22/12 | 700.00 | 59296.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 06/22/12 | 0.00 | 700.00 | 0.00 | 0.00 |
| 06/22/12 | 700.00 | 59296.94 | 0.00 | 0.00 |
| 02/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/19/12 | 0.00 | 0.00 | 20.00 | 0.00 |
| 06/19/12 | 0.00 | 59296.94 | 0.00 | 0.00 |
| 02/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 05/31/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 05/30/12 | 0.00 | 59296.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 05/31/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 05/31/12 | 0.00 | 59296.94 | 0.00 | 0.00 |
| 02/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 05/30/12 | 0.00 | 700.00 | 0.00 | 0.00 |
| 05/30/12 | 700.00 | 59996.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 05/30/12 | 0.00 | 700.00 | 0.00 | 0.00 |
| 05/30/12 | 700.00 | 59996.94 | 0.00 | 0.00 |
| 02/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 05/17/12 | 0.00 | 0.00 | 20.00 | 0.00 |
| 05/17/12 | 0.00 | 59996.94 | 0.00 | 0.00 |
| 02/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 04/25/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 04/24/12 | 0.00 | 59996.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 04/25/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 04/25/12 | 0.00 | 59996.94 | 0.00 | 0.00 |
| 02/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 04/24/12 | 0.00 | 700.00 | 0.00 | 0.00 |
| 04/24/12 | 700.00 | 60696.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 04/24/12 | 0.00 | 700.00 | 0.00 | 0.00 |
| 04/24/12 | 700.00 | 60696.94 | 0.00 | 0.00 |
| 02/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 04/17/12 | 0.00 | 0.00 | 20.00 | 0.00 |
| 04/17/12 | 0.00 | 60696.94 | 0.00 | 0.00 |
| 02/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 03/17/12 | 0.00 | 0.00 | 20.00 | 0.00 |
| 03/17/12 | 0.00 | 60696.94 | 0.00 | 0.00 |
| 02/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 03/08/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 03/07/12 | 0.00 | 60696.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 03/08/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 03/08/12 | 0.00 | 60696.94 | 0.00 | 0.00 |
| 02/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 03/07/12 | 0.00 | 700.00 | 0.00 | 0.00 |
| 03/07/12 | 700.00 | 61396.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 03/07/12 | 0.00 | 700.00 | 0.00 | 0.00 |

Case: 1:12-cv-09735 Document #: 1-1 Filed: 12/06/12 Page 12 of 34 PageID #:30

| | | | | |
|---|---|---|---|---|
| 03/07/12 | 700.00 | 61396.94 | 0.00 | 0.00 |
| 02/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 02/17/12 | 0.00 | 0.00 | 20.00 | 0.00 |
| 02/17/12 | 0.00 | 61396.94 | 0.00 | 0.00 |
| 02/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 02/10/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 02/09/12 | 0.00 | 61396.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 02/10/12 | 0.00 | 700.00- | 0.00 | 0.00 |
| 02/10/12 | 0.00 | 61396.94 | 0.00 | 0.00 |
| 02/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 02/09/12 | 0.00 | 700.00 | 0.00 | 0.00 |
| 02/09/12 | 700.00 | 62096.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 02/09/12 | 0.00 | 700.00 | 0.00 | 0.00 |
| 02/09/12 | 700.00 | 62096.94 | 0.00 | 0.00 |
| 02/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 01/18/12 | 0.00 | 0.00 | 20.00 | 0.00 |
| 01/18/12 | 0.00 | 62096.94 | 0.00 | 0.00 |
| 02/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 12/28/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 12/27/11 | 0.00 | 62096.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 12/28/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 12/28/11 | 0.00 | 62096.94 | 0.00 | 0.00 |
| 02/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.30 | 0.00 |
| 12/27/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 12/27/11 | 700.00 | 62796.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 12/27/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 12/27/11 | 700.00 | 62796.94 | 0.00 | 0.00 |
| 02/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 12/17/11 | 0.00 | 0.00 | 20.00 | 0.00 |
| 12/17/11 | 0.00 | 62796.94 | 0.00 | 0.00 |
| 02/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 11/17/11 | 0.00 | 0.00 | 20.00 | 0.00 |
| 11/17/11 | 0.00 | 62796.94 | 0.00 | 0.00 |
| 02/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 11/02/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 11/01/11 | 0.00 | 62796.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 11/02/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 11/02/11 | 0.00 | 62796.94 | 0.00 | 0.00 |
| 02/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 11/01/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 11/01/11 | 700.00 | 63496.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 11/01/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 11/01/11 | 700.00 | 63496.94 | 0.00 | 0.00 |
| 02/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 10/18/11 | 0.00 | 0.00 | 20.00 | 0.00 |
| 10/18/11 | 0.00 | 63496.94 | 0.00 | 0.00 |
| 02/01/09 ADDL PRIN | 0.00 | 3.79 | 0.00 | 0.00 |
| 09/27/11 | 0.00 | 3.79- | 0.00 | 0.00 |
| 09/26/11 | 0.00 | 63496.94 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 3.79- | 0.00 | 0.00 | 0.00 |
| 09/27/11 | 0.00 | 3.79- | 0.00 | 0.00 |
| 09/27/11 | 0.00 | 63496.94 | 0.00 | 0.00 |
| 02/01/09 PAYMENT | 0.00 | 166.18 | 530.03 | 0.00 |
| 09/27/11 | 0.00 | 696.21- | 0.00 | 0.00 |

| Date | Date | Amount | Amount | Amount | Amount |
|---|---|---|---|---|---|
| 09/26/11 | | 3.79 | 63500.73 | 0.00 | 0.00 |
| 02/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 | |
| 09/27/11 | | 0.00 | 696.21- | 0.00 | 0.00 |
| 09/27/11 | | 3.79 | 63500.73 | 0.00 | 0.00 |
| 02/01/09 LCHG/UNC INT | 0.00 | 0.00 | 0.00 | 0.00 | |
| 09/27/11 | | 0.00 | 0.00 | 20.00- | 0.00 |
| 09/27/11 | | 700.00 | 0.00 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 | |
| 09/26/11 | | 0.00 | 700.00 | 0.00 | 0.00 |
| 09/26/11 | | 700.00 | 63666.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 | |
| 09/26/11 | | 0.00 | 700.00 | 0.00 | 0.00 |
| 09/26/11 | | 700.00 | 63666.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 | |
| 09/17/11 | | 0.00 | 0.00 | 20.00 | 0.00 |
| 09/17/11 | | 0.00 | 63666.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 | |
| 08/17/11 | | 0.00 | 0.00 | 20.00 | 0.00 |
| 08/17/11 | | 0.00 | 63666.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 | |
| 08/09/11 | | 0.00 | 700.00- | 0.00 | 0.00 |
| 08/08/11 | | 0.00 | 63666.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 | |
| 08/09/11 | | 0.00 | 700.00- | 0.00 | 0.00 |
| 08/08/11 | | 0.00 | 63666.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 | |
| 08/08/11 | | 0.00 | 700.00 | 0.00 | 0.00 |
| 08/08/11 | | 700.00 | 64366.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 | |
| 08/08/11 | | 0.00 | 700.00 | 0.00 | 0.00 |
| 08/08/11 | | 700.00 | 64366.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 | |
| 07/19/11 | | 0.00 | 0.00 | 20.00 | 0.00 |
| 07/19/11 | | 0.00 | 64366.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 | |
| 06/28/11 | | 0.00 | 700.00- | 0.00 | 0.00 |
| 06/27/11 | | 0.00 | 64366.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 | |
| 06/28/11 | | 0.00 | 700.00- | 0.00 | 0.00 |
| 06/28/11 | | 0.00 | 64366.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 | |
| 06/27/11 | | 0.00 | 700.00 | 0.00 | 0.00 |
| 06/27/11 | | 700.00 | 65066.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 | |
| 06/27/11 | | 0.00 | 700.00 | 0.00 | 0.00 |
| 06/27/11 | | 700.00 | 65066.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 | |
| 06/17/11 | | 0.00 | 0.00 | 20.00 | 0.00 |
| 06/17/11 | | 0.00 | 65066.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 700.00 | 700.00 | 0.00 | 0.00 | |
| 05/31/11 | | 0.00 | 0.00 | 0.00 | 0.00 |
| 05/31/11 | | 0.00 | 65066.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00- | 0.00 | 0.00 | 0.00 | |
| 05/31/11 | | 0.00 | 700.00- | 0.00 | 0.00 |
| 05/31/11 | | 0.00 | 65766.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 | |
| 05/31/11 | | 0.00 | 700.00- | 0.00 | 0.00 |
| 05/31/11 | | 0.00 | 65766.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 | |
| 05/31/11 | | 0.00 | 700.00 | 0.00 | 0.00 |

| Date | | | | |
|---|---|---|---|---|
| 05/31/11 | 700.00 | 65766.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 05/31/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 05/31/11 | 700.00 | 65766.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 05/17/11 | 0.00 | 0.00 | 20.00 | 0.00 |
| 05/17/11 | 0.00 | 65766.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 05/03/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 05/02/11 | 0.00 | 65766.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 05/03/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 05/03/11 | 0.00 | 65766.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 05/02/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 05/02/11 | 700.00 | 66466.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 05/02/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 05/02/11 | 700.00 | 66466.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 04/19/11 | 0.00 | 0.00 | 20.00 | 0.00 |
| 04/19/11 | 0.00 | 66466.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 04/07/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 04/06/11 | 0.00 | 66466.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 04/07/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 04/07/11 | 0.00 | 66466.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 04/06/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 04/06/11 | 700.00 | 67166.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 04/06/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 04/06/11 | 700.00 | 67166.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 03/17/11 | 0.00 | 0.00 | 20.00 | 0.00 |
| 03/17/11 | 0.00 | 67166.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 03/02/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 03/01/11 | 0.00 | 67166.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 03/02/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 03/02/11 | 0.00 | 67166.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 03/01/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 03/01/11 | 700.00 | 67866.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 03/01/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 03/01/11 | 700.00 | 67866.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 02/17/11 | 0.00 | 0.00 | 20.00 | 0.00 |
| 02/17/11 | 0.00 | 67866.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 01/31/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 01/28/11 | 0.00 | 67866.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 01/31/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 01/31/11 | 0.00 | 67866.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 01/28/11 | 0.00 | 700.00 | 0.00 | 0.00 |

| Date / Description | | | | |
|---|---|---|---|---|
| 01/27/11 | 700.00 | 68566.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 01/28/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 01/28/11 | 700.00 | 68566.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 01/21/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 01/20/11 | 0.00 | 68566.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 01/21/11 | 0.00 | 700.00- | 0.00 | 0.00 |
| 01/21/11 | 0.00 | 68566.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 01/20/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 01/20/11 | 700.00 | 69266.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 01/20/11 | 0.00 | 700.00 | 0.00 | 0.00 |
| 01/20/11 | 700.00 | 69266.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 01/19/11 | 0.00 | 0.00 | 20.00 | 0.00 |
| 01/19/11 | 0.00 | 69266.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 01/18/11 | 0.00 | 0.00 | 20.00 | 0.00 |
| 01/18/11 | 0.00 | 69266.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 12/17/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 12/17/10 | 0.00 | 69266.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 700.00 | 0.00 | 0.00 |
| 11/23/10 | 0.00 | 700.00- | 0.00 | 0.00 |
| 11/22/10 | 0.00 | 69266.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00- | 0.00 | 0.00 | 0.00 |
| 11/23/10 | 0.00 | 700.00- | 0.00 | 0.00 |
| 11/23/10 | 0.00 | 69266.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 700.00 | 0.00 | 0.00 | 0.00 |
| 11/22/10 | 0.00 | 700.00 | 0.00 | 0.00 |
| 11/22/10 | 700.00 | 69966.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 700.00 | 0.00 | 0.00 | 0.00 |
| 11/22/10 | 0.00 | 700.00 | 0.00 | 0.00 |
| 11/22/10 | 700.00 | 69966.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 11/17/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 11/17/10 | 0.00 | 69966.91 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 10/19/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 10/19/10 | 0.00 | 69966.91 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 696.21 | 0.00 | 0.00 |
| 10/08/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 10/07/10 | 0.00 | 69966.91 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 10/08/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 10/08/10 | 0.00 | 69966.91 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 10/07/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 10/07/10 | 696.21 | 70663.12 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 10/07/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 10/07/10 | 696.21 | 70663.12 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 09/17/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 09/17/10 | 0.00 | 70663.12 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 696.21 | 0.00 | 0.00 |
| 09/01/10 | 0.00 | 696.21- | 0.00 | 0.00 |

| | | | | |
|---|---|---|---|---|
| 08/31/10 | 0.00 | 70663.12 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 09/01/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 09/01/10 | 0.00 | 70663.12 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 08/31/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 08/31/10 | 696.21 | 71359.33 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 08/31/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 08/31/10 | 696.21 | 71359.33 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 08/17/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 08/17/10 | 0.00 | 71359.33 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 696.21 | 0.00 | 0.00 |
| 07/28/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 07/27/10 | 0.00 | 71359.33 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 07/28/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 07/28/10 | 0.00 | 71359.33 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 07/27/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 07/27/10 | 696.21 | 72055.54 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 07/27/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 07/27/10 | 696.21 | 72055.54 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/17/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 07/17/10 | 0.00 | 72055.54 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/17/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 06/17/10 | 0.00 | 72055.54 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 696.21 | 0.00 | 0.00 |
| 06/03/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 06/02/10 | 0.00 | 72055.54 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 06/03/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 06/03/10 | 0.00 | 72055.54 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 06/02/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 06/02/10 | 696.21 | 72751.75 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 06/02/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 06/02/10 | 696.21 | 72751.75 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 05/18/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 05/18/10 | 0.00 | 72751.75 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 696.21 | 0.00 | 0.00 |
| 05/03/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 04/30/10 | 0.00 | 72751.75 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 05/03/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 05/03/10 | 0.00 | 72751.75 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 04/30/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 04/30/10 | 696.21 | 73447.96 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 04/30/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 04/30/10 | 696.21 | 73447.96 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 04/17/10 | 0.00 | 0.00 | 20.00 | 0.00 |

| Date | | | | |
|---|---|---|---|---|
| 04/17/10 | 0.00 | 73447.96 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 696.21 | 0.00 | 0.00 |
| 03/26/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 03/25/10 | 0.00 | 73447.96 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 03/26/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 03/26/10 | 0.00 | 73447.96 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 03/25/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 03/25/10 | 696.21 | 74144.17 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 03/25/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 03/25/10 | 696.21 | 74144.17 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 03/17/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 03/17/10 | 0.00 | 74144.17 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 696.21 | 0.00 | 0.00 |
| 03/08/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 03/05/10 | 0.00 | 74144.17 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 03/08/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 03/08/10 | 0.00 | 74144.17 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 03/05/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 03/05/10 | 696.21 | 74840.38 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 03/05/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 03/05/10 | 696.21 | 74840.38 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 02/17/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 02/17/10 | 0.00 | 74840.38 | 0.00 | 0.00 |
| 01/01/09 ADDL PRIN | 0.00 | 696.21 | 0.00 | 0.00 |
| 01/29/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 01/28/10 | 0.00 | 74840.38 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 01/29/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 01/29/10 | 0.00 | 74840.38 | 0.00 | 0.00 |
| 01/01/09 MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 01/28/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 01/28/10 | 696.21 | 75536.59 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 01/28/10 | 0.00 | 696.21 | 0.00 | 0.00 |
| 01/28/10 | 696.21 | 75536.59 | 0.00 | 0.00 |
| 01/01/09 ADJUSTMENT | 0.00 | 0.00 | 629.40- | 0.00 |
| 01/25/10 | 0.00 | 0.00 | 0.00 | 0.00 |
| 01/25/10 | 0.00 | 75536.59 | 0.00 | 0.00 |
| 01/01/09 STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 01/19/10 | 0.00 | 0.00 | 20.00 | 0.00 |
| 01/19/10 | 0.00 | 75536.59 | 0.00 | 0.00 |
| 01/01/09 PAYMENT | 0.00 | 66.81 | 629.40 | 0.00 |
| 01/04/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 12/31/09 | 0.00 | 75536.59 | 0.00 | 0.00 |
| 01/01/09 UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 01/04/10 | 0.00 | 696.21- | 0.00 | 0.00 |
| 01/04/10 | 0.00 | 75536.59 | 0.00 | 0.00 |
| 01/01/09 LCHG/UNC INT | 0.00 | 0.00 | 0.00 | 0.00 |
| 01/04/10 | 0.00 | 0.00 | 20.00- | 0.00 |
| 01/04/10 | 696.21 | 0.00 | 0.00 | 0.00 |
| 12/01/08 MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 12/31/09 | 0.00 | 696.21 | 0.00 | 0.00 |

| Date | Description | | | | |
|---|---|---|---|---|---|
| 12/31/09 | | 696.21 | 75603.40 | 0.00 | 0.00 |
| 12/01/08 | UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 12/31/09 | | 0.00 | 696.21 | 0.00 | 0.00 |
| 12/31/09 | | 696.21 | 75603.40 | 0.00 | 0.00 |
| 12/01/08 | STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 12/17/09 | | 0.00 | 0.00 | 20.00 | 0.00 |
| 12/17/09 | | 0.00 | 75603.40 | 0.00 | 0.00 |
| 12/01/08 | STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 11/17/09 | | 0.00 | 0.00 | 20.00 | 0.00 |
| 11/17/09 | | 0.00 | 75603.40 | 0.00 | 0.00 |
| 12/01/08 | PAYMENT | 0.00 | 66.26 | 629.95 | 0.00 |
| 11/16/09 | | 0.00 | 696.21- | 0.00 | 0.00 |
| 11/13/09 | | 0.00 | 75603.40 | 0.00 | 0.00 |
| 12/01/08 | UNAPPLIED | 696.21- | 0.00 | 0.00 | 0.00 |
| 11/16/09 | | 0.00 | 696.21- | 0.00 | 0.00 |
| 11/16/09 | | 0.00 | 75603.40 | 0.00 | 0.00 |
| 12/01/08 | LCHG/UNC INT | 0.00 | 0.00 | 0.00 | 0.00 |
| 11/16/09 | | 0.00 | 0.00 | 20.00- | 0.00 |
| 11/16/09 | | 696.21 | 0.00 | 0.00 | 0.00 |
| 11/01/08 | MISC RECEIPT | 696.21 | 0.00 | 0.00 | 0.00 |
| 11/13/09 | | 0.00 | 696.21 | 0.00 | 0.00 |
| 11/13/09 | | 696.21 | 75669.66 | 0.00 | 0.00 |
| 11/01/08 | UNAPPLIED | 696.21 | 0.00 | 0.00 | 0.00 |
| 11/13/09 | | 0.00 | 696.21 | 0.00 | 0.00 |
| 11/13/09 | | 696.21 | 75669.66 | 0.00 | 0.00 |
| 11/01/08 | ADDL PRIN | 0.00 | 770.00 | 0.00 | 0.00 |
| 10/22/09 | | 0.00 | 770.00- | 0.00 | 0.00 |
| 10/20/09 | | 0.00 | 75669.66 | 0.00 | 0.00 |
| 11/01/08 | UNAPPLIED | 770.00- | 0.00 | 0.00 | 0.00 |
| 10/22/09 | | 0.00 | 770.00- | 0.00 | 0.00 |
| 10/22/09 | | 0.00 | 75669.66 | 0.00 | 0.00 |
| 11/01/08 | MISC RECEIPT | 770.00 | 0.00 | 0.00 | 0.00 |
| 10/20/09 | | 0.00 | 770.00 | 0.00 | 0.00 |
| 10/20/09 | | 770.00 | 76439.66 | 0.00 | 0.00 |
| 11/01/08 | UNAPPLIED | 770.00 | 0.00 | 0.00 | 0.00 |
| 10/20/09 | | 0.00 | 770.00 | 0.00 | 0.00 |
| 10/20/09 | | 770.00 | 76439.66 | 0.00 | 0.00 |
| 11/01/08 | STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 10/19/09 | | 0.00 | 0.00 | 20.00 | 0.00 |
| 10/19/09 | | 0.00 | 76439.66 | 0.00 | 0.00 |
| 11/01/08 | STD LATE CHG | 0.00 | 0.00 | 0.00 | 0.00 |
| 09/17/09 | | 0.00 | 0.00 | 20.00 | 0.00 |
| 09/17/09 | | 0.00 | 76439.66 | 0.00 | 0.00 |
| 11/01/08 | ADDL PRIN | 0.00 | 716.21 | 0.00 | 0.00 |
| 09/11/09 | | 0.00 | 716.21- | 0.00 | 0.00 |
| 09/10/09 | | 0.00 | 76439.66 | 0.00 | 0.00 |
| 11/01/08 | UNAPPLIED | 716.21- | 0.00 | 0.00 | 0.00 |
| 09/11/09 | | 0.00 | 716.21- | 0.00 | 0.00 |
| 09/11/09 | | 0.00 | 76439.66 | 0.00 | 0.00 |
| 11/01/08 | MISC RECEIPT | 716.21 | 0.00 | 0.00 | 0.00 |
| 09/10/09 | | 0.00 | 716.21 | 0.00 | 0.00 |
| 09/10/09 | | 716.21 | 77155.87 | 0.00 | 0.00 |
| 11/01/08 | UNAPPLIED | 716.21 | 0.00 | 0.00 | 0.00 |
| 09/10/09 | | 0.00 | 716.21 | 0.00 | 0.00 |
| 09/10/09 | | 716.21 | 77155.87 | 0.00 | 0.00 |

## GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

11/30/11



ANTONETTE ARIBAL

PARK RIDGE IL

ldldldlldlldllllldllldllldlllllllll

RE: Account Number ████████523
    Property Address

              PARK RIDGE IL ██████████



Dear ANTONETTE ARIBAL,

We are writing to follow up on a letter we sent you recently
about your past-due account.

        It is important that you call us right away at
        800-850-4622 ext 7348543 from 8:00 a.m. - 10:00 p.m ET
        Monday - Thursday and 8:00 a.m. - 4:30 p.m ET on Friday,
        to discuss this matter.  It we do not hear from you,
        alternative collection efforts may be pursued.

Thank you in advance for your prompt response.

Recovery Department

Please Note:
This is an attempt to collect a debt and any information obtained
will be used for that purpose.

If you have filed for bankruptcy, or if you have been discharged
of your personal liability for repayment of this debt, please
note that this letter is being provided for informational
purposes only and any rights that we may choose to pursue will be
exercised against the property only and not against you
personally.

5002



PLAINTIFF'S
EXHIBIT
C
Blumberg No. 5113

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

02/29/12

ANTONETTE ARIBAL

PARK RIDGE IL



RE: Account Number                    523
    Property Address

                    PARK RIDGE IL

Dear ANTONETTE ARIBAL:

We are writing to follow up on a letter we sent you recently
about your past-due account.

It is important that you call us right away at
800-850-4622 ext 7348543 from 8:00 a.m. - 10:00 p.m ET
Monday - Thursday and 8:00 a.m. - 4:30 p.m ET on Friday,
to discuss this matter.  It we do not hear from you,
alternative collection efforts may be pursued.

Thank you in advance for your prompt response.

Recovery Department

Please Note:
This is an attempt to collect a debt and any information obtained
will be used for that purpose.

If you have filed for bankruptcy, or if you have been discharged
of your personal liability for repayment of this debt, please
note that this letter is being provided for informational
purposes only and any rights that we may choose to pursue will be
exercised against the property only and not against you
personally.

5002



PLAINTIFF'S
EXHIBIT

## GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

04/30/12



ANTONETTE ARIBAL

PARK RIDGE IL

RE:  Account Number          523
     Property Address

                    PARK RIDGE IL

Dear ANTONETTE ARIBAL

We are writing to follow up on a letter we sent you recently
about your past-due account.

     It is important that you call us right away at
     800-850-4622 ext 7348543 from 8:00 a.m. - 10:00 p.m ET
     Monday - Thursday and 8:00 a.m. - 4:30 p.m ET on Friday,
     to discuss this matter.  It we do not hear from you,
     alternative collection efforts may be pursued.

Thank you in advance for your prompt response.

Recovery Department

Please Note:
This is an attempt to collect a debt and any information obtained
will be used for that purpose.

If you have filed for bankruptcy, or if you have been discharged
of your personal liability for repayment of this debt, please
note that this letter is being provided for informational
purposes only and any rights that we may choose to pursue will be
exercised against the property only and not against you
personally.

5002



PLAINTIFF'S
EXHIBIT

12-12020-mg    Doc 2906-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 42 of 67
Case: 1:12-cv-09735 Document #: 1-1 Filed: 12/06/12 Page 26 of 34 PageID #:44

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

07/06/12

ANTONETTE ARIBAL

PARK RIDGE IL



| | |
|---|---|
| GMAC Mortgage, LLC | Acct Number: ▆▆▆523 |
| PARTNERS FOR PAYMENT RELIEF DE III | Acct Number: ▆▆▆000 |

Property Address: ▆▆▆▆▆▆▆▆▆

PARK RIDGE IL ▆▆▆▆▆▆

Dear ANTONETTE ARIBAL

Effective 07/16/12, the servicing of the above referenced
account, that is, the right to collect payments from you, is
being assigned, sold, or transferred from
GMAC Mortgage, LLC                          to
PARTNERS FOR PAYMENT RELIEF DE III . The assignment, sale, or
transfer of servicing does not affect the terms or conditions of
your mortgage documents/security instruments, other than the
terms directly related to the servicing of your account.

Your present servicer is GMAC Mortgage, LLC
Prior to 07/16/12, any questions regarding your account should be
directed to our Customer Care Department at 800-766-4622.

Your new servicer will be PARTNERS FOR PAYMENT RELIEF DE III .
Beginning 07/16/12, any questions you have regarding your account
should be directed to PARTNERS FOR PAYMENT RELIEF DE III . You
can contact their Customer Service Department at 888-879-4997.
Also beginning 07/16/12, written inquiries regarding your account
should be directed to PARTNERS FOR PAYMENT RELIEF DE III 's
Customer Service Department at the address below.

PARTNERS FOR PAYMENT RELIEF DE III
3748 WEST CHESTER PIKE, SUITE 103
NEWTOWN SQUARE          PA 19073



PLAINTIFF'S
EXHIBIT



**GMAC Mortgage Account Statement**

**GMAC Mortgage**

CUSTOMER INFORMATION
Name:                    Antonette Aribal
Account Number:                          523
Home Phone #:

PROPERTY ADDRESS
PARK RIDGE        IL

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

ANTONETTE ARIBAL
PARK RIDGE IL

For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side

| Account Information | | Details of Amount Due/Paid | |
|---|---|---|---|
| Account Number | 523 | Principal and Interest | $696.21 |
| Current Statement Date | April 19, 2010 | Subsidy/Buydown | $0.00 |
| Maturity Date | October 01, 2035 | Escrow | $0.00 |
| Interest Rate | 9.99000 | Amount Past Due | $10,443.15 |
| Current Principal Balance* | $73,447.96 | Outstanding Late Charges | $420.00 |
| Current Escrow Balance | $0.00 | Other | $0.00 |
| Interest Paid Year-to-Date | $0.00 | Total Amount Due | $11,559.36 |
| Taxes Paid Year-to-Date | $0.00 | Account Due Date | February 01, 2009 |

For Customer Care Inquiries call: 1-800-766-4622
For Insurance Inquiries call:    1-800-256-9962
For Payment Arrangements call:   1-800-850-4622

**Account Activity Since Last Statement**

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Principal Curtailment | 01/01/09 | 03/26/10 | $696.21 | $696.21 | | | | | $696.21 |
| Receipt | 01/01/09 | 03/25/10 | $696.21 | | | | | | $696.21 |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

**Important News**

Have you considered refinancing to an FHA loan? You can borrow up to 97.5% of the current value of
your home and reduce your mortgage payment with a low, fixed rate loan. Learn more at 877-528-3817.

Ally has a new 2 Year CD. With the Raise Your Rate CD, you lock in a great rate with the option of a
1-time rate increase if you notice the rate goes up. Call 877-247-ALLY (2559) or visit allybank.com

See Reverse Side For Important Information

**Mail This Portion With Your Payment**

**Mortgage Payment Coupon**

| Account Number | Due Date | Mortgage Payment | Total Amount Due | Amount Due With Late Fee If Received 15 Days AFTER Due Date | GMAC Mortgage |
|---|---|---|---|---|---|
| 523 ANTONETTE ARIBAL | 02/01/09 | $696.21 | $11,559.36 | $716.21 | |

Please assist GMAC Mortgage
in applying your payment

| | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details)

GMAC MORTGAGE
PO BOX 9001719
LOUISVILLE KY 40290-1719

**PLAINTIFF'S EXHIBIT**
G



## GMAC Mortgage Account Statement

**GMAC** Mortgage

**CUSTOMER INFORMATION**
Name: Antonette Aribal
Account Number: 523
Home Phone #:

**PROPERTY ADDRESS**
PARK RIDGE  IL

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

ANTONETTE ARIBAL
PARK RIDGE IL

For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-680-8322

Please verify your mailing address, borrower and co-borrower information. If the necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

### Account Information

| | |
|---|---|
| Account Number | 523 |
| Current Statement Date | July 19, 2010 |
| Maturity Date | October 01, 2020 |
| Interest Rate | 9.99000 |
| Current Principal Balance* | $72,055.54 |
| Current Escrow Balance | 30.00 |
| Interest Paid Year-to-Date | $0.00 |
| Taxes Paid Year-to-Date | $0.00 |

For Customer Care Inquiries call: 1-800-766-4622
For Insurance Inquiries call: 1-800-256-9962
For Payment Arrangements call: 1-800-850-4622

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $696.21 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Amount Past Due | $12,531.78 |
| Outstanding Late Charges | $480.00 |
| Other | $0.00 |
| Total Amount Due | $13,707.99 |
| Account Due Date | February 01, 2009 |

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week). See back for automatic payment sign-up information and other payment options.

### Important News

Have you considered refinancing your loan? With rates near historic lows, now may be the perfect time. Call 877-528-3817 today to have a refinancing specialist review your account.

The Ally Online Savings Account — No monthly fees, no minimum deposits and no minimum balance. Call us 24/7 at 1-877-247-2559 (ALLY) or visit www.allybank.com to open yours today.

### See Reverse Side For Important Information

### Mail This Portion With Your Payment
#### Mortgage Payment Coupon

| Account Number | Due Date | Mortgage Payment | Total Amount Due | Amount Due With Late Fee if Received 15 Days AFTER Due Date | GMAC Mortgage |
|---|---|---|---|---|---|
| 523 | 02/01/09 | $696.21 | $13,707.99 | $716.21 | |
ANTONETTE ARIBAL

Please assist GMAC Mortgage in applying your payment
Full Payment(s) $
ADDITIONAL Principal $
ADDITIONAL Escrow $
Late Charge $
Other Fees (please specify) $
Total Amount Enclosed $

Sign here to enroll in monthly ACH. (See back for details.)

GMAC MORTGAGE
PO BOX 9001719
LOUISVILLE KY 40290-1719

PLAINTIFF'S EXHIBIT
H



12-12020-mg   Doc 2900-9   Filed 02/21/13   Entered 02/21/13 15:45:05   Exhibit H to
Declaration   Pg 45 of 67
Case: 1:12-cv-09735 Document #: 1-1 Filed: 12/06/12 Page 32 of 34 PageID #:50



12-12020-mg    Doc 2996-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 46 of 67
Case: 1:12-cv-09735 Document #: 1-1 Filed: 12/06/12 Page 34 of 34 PageID #:52



## GMAC Mortgage Account Statement

**GMAC** Mortgage

**CUSTOMER INFORMATION**
Name:            Antonette Aribal
Account Number:          ...7523
Home Phone #:

**PROPERTY ADDRESS**
PARK RIDGE    IL

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

ANTONETTE ARIBAL
PARK RIDGE IL

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquires on the reverse side

### Account Information

| | |
|---|---|
| Account Number | ...523 |
| Statement Date | October 18, 2011 |
| Maturity Date | October 01, 2020 |
| Interest Rate | 9.99000 |
| Interest Paid Year-to-Date | $530.03 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $0.00 |
| Principal Balance(PB)* | $63,496.94 |

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $696.21 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Amount Past Due | $22,278.72 |
| Outstanding Late Charges | $780.00 |
| Other | $0.00 |
| Total Amount Due | $23,754.93 |
| Account Due Date | March 01, 2009 |

For Customer Care inquiries call: 1-800-766-4622
For Insurance inquiries call: 1-800-256-9962
For Payment Arrangements call: 1-800-850-4622

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | $3.79- |
| Principal Curtailment | 02/01/09 | 09/27/11 | $3.79 | | | | | | $696.21- |
| Payment | 02/01/09 | 09/27/11 | $696.21 | $166.18 | $530.03 | | | | $700.00- |
| Receipt | 01/03/09 | 09/26/11 | $700.00 | | | | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Considering a refinance or the purchase of a new home? We're here to help – call a loan
specialist today at 877-528-3817 to review all of the financing options available to you.

The Ally Bank High Yield 12-Month CD was named one of MONEY Magazine's "Best Money Moves" of 2011,
MONEY® Magazine, May 2011, Visit ally.bank.com  or call 877-247-2559 for more details. Member FDIC.

See Reverse Side For Important Information And State Specific Disclosures

### Mail This Portion With Your Payment

| Account Number | Due Date | Mortgage Payment | Total Amount Due | Amount Due With Late Fee If Received 15 Days AFTER Due Date |
|---|---|---|---|---|
| ...523 ANTONETTE ARIBAL | 03/01/09 | $696.21 | $23,754.93 | $716.21 |

**GMAC** Mortgage

| Please assist GMAC Mortgage in applying your payment | |
|---|---|
| Full Payment(•) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details)

GMAC MORTGAGE
PO BOX 9001719
LOUISVILLE KY 40290-1719

**PLAINTIFF'S EXHIBIT**



PLAINTIFF'S
EXHIBIT



## GMAC Mortgage Account Statement

**GMAC Mortgage**

**CUSTOMER INFORMATION**
Name: Antonette Aribal
Account Number:                523
Home Phone #:

**PROPERTY ADDRESS**
PARK RIDGE    IL

Visit us at www.gmacmortgage.com for account information or to apply on-line.

ANTONETTE ARIBAL
PARK RIDGE IL

For information about your existing account, please call: 1-800-766-4622.

For information about refinancing or obtaining a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side

### Account Information

| | |
|---|---|
| Account Number | 523 |
| Statement Date | December 19, 2011 |
| Maturity Date | October 01, 2020 |
| Interest Rate | 9.99000 |
| Interest Paid Year-to-Date | $530.03 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $0.00 |
| Principal Balance(PB)* | $62,796.94 |

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $696.21 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Amount Past Due | $23,671.14 |
| Outstanding Late Charges | $820.00 |
| Other | $0.00 |
| Total Amount Due | $25,187.35 |
| Account Due Date | March 01, 2009 |

For Customer Care inquiries call:    1-800-766-4622
For Insurance inquiries call:       1-800-256-9962
For Payment Arrangements call:      1-800-850-4622

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Happy Holidays! Your Annual Loan Statement (Form 1098) information will be mailed with your mortgage account statement in January to the address above. In addition, you can obtain year-end tax information at www.gmacmortgage.com as early as 1/5/2012. Our office hours for customer service and payment processing on Saturday, 12/31/2011 will be 9:00AM - 5:00PM CT. Payments received after 5:00PM CT on 12/31 will be posted in 2012 for tax purposes.

See Reverse Side For Important Information And State Specific Disclosures

### Mail This Portion With Your Payment

**Mortgage Payment Coupon**

| Account Number | Due Date | Mortgage Payment | Total Amount Due | Amount Due With Late Fee if Received 15 Days AFTER Due Date | GMAC Mortgage |
|---|---|---|---|---|---|
| 523 | 03/01/09 | $696.21 | $25,187.35 | $718.21 | |

ANTONETTE ARIBAL

**Please assist GMAC Mortgage in applying your payment**

| | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details.)

GMAC MORTGAGE
PO BOX 9001719
LOUISVILLE KY 40290-1719

**PLAINTIFF'S EXHIBIT**



# GMAC Mortgage Account Statement

**GMAC Mortgage**

CUSTOMER INFORMATION
Name: Antonette Aribal
Account Number: 523
Home Phone #:

PROPERTY ADDRESS
PARK RIDGE    IL

Visit us at www.gmacmortgage.com for account information or to apply on-line.

For information about your existing account, please call: 1-800-766-4622.

For information about refinancing or obtaining a new loan, please call: 1-866-690-8322

ANTONETTE ARIBAL
PARK RIDGE IL

## Account Information
| | |
|---|---|
| Account Number | 523 |
| Statement Date | February 20, 2012 |
| Maturity Date | October 01, 2020 |
| Interest Rate | 9.99000 |
| Interest Paid Year-to-Date | $0.00 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $0.00 |
| Principal Balance(PB)* | $61,396.94 |

## Details of Amount Due/Paid
| | |
|---|---|
| Principal and Interest | $696.21 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Amount Past Due | $25,063.56 |
| Outstanding Late Charges | $860.00 |
| Other | $0.00 |
| Total Amount Due | $26,619.77 |
| Account Due Date | March 01, 2009 |

For Customer Care inquiries call: 1-800-766-4622
For Insurance inquiries call: 1-800-256-9962
For Payment Arrangements call: 1-800-850-4622

## Account Activity Since Last Statement
| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Additional Principal Receipt | 02/03/09 02/01/09 | 02/09/12 02/09/12 | $700.00 $700.00 | $700.00 | | | | | $700.00- $700.00 |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week). See back for automatic payment sign-up information and other payment options.

## Important News
Considering a refinance or the purchase of a new home? We're here to help - call a loan specialist today at 877-528-3817 to review all of the financing options available to you.

Ally Bank offers IRA CDs and an IRA Online Savings Account with rates that are consistently among the most competitive in the country. Call 1-877-247-ALLY (2559) or visit allybank.com. Member FDIC.

See Reverse Side For Important Information And State Specific Disclosures

## Mail This Portion With Your Payment
| Account Number | Due Date | Mortgage Payment | Total Amount Due | Amount Due With Late Fee if Received 15 Days AFTER Due Date | GMAC Mortgage |
|---|---|---|---|---|---|
| 523 | 03/01/09 | $696.21 | $26,619.77 | $716.21 | |

ANTONETTE ARIBAL

Please assist GMAC Mortgage in applying your payment
| | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other fees (please specify) | $ |
| Total Amount Enclose | $ |

Sign here to enroll in monthly ACH. (See back for details.)

GMAC MORTGAGE
PO BOX 9001719
LOUISVILLE KY 40290-1719

PLAINTIFF'S EXHIBIT



PLAINTIFF'S
EXHIBIT
N

12-12020-mg    Doc 2996-9    Filed 02/21/13    Entered 02/26/13 15:45:05    Exhibit I to
Case: 1:12-cv-09735 Document #: 46-15    Filed 01/29/13 Page 1 of 15 PageID #:851
Declaration    Pg 51 of 67

Case: 1:12-cv-09735 Document #: 1-2 Filed: 12/06/12 Page 10 of 16 PageID #:62



Case: 1:12-cv-09735 Document #: 46-1 Filed: 01/29/13 Page 1 of 1 PageID #:852
12-12020-mg    Doc 2896-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit 1 to
Declaration    Pg 52 of 67
Case: 1:12-cv-09735 Document #: 1-2 Filed: 12/06/12 Page 12 of 16 PageID #:64



## GMAC Mortgage Account Statement

### GMAC Mortgage

**CUSTOMER INFORMATION**
Name:                    Antonette Aribal
Account Number:          ____523
Home Phone #:

**PROPERTY ADDRESS**
PARK RIDGE      IL

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

ANTONETTE ARIBAL
PARK RIDGE IL

For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side

### Account Information

| | |
|---|---|
| Account Number | ____523 |
| Statement Date | June 18, 2012 |
| Maturity Date | October 01, 2020 |
| Interest Rate | 9.99000 |
| Interest Paid Year-to-Date | $0.00 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $0.00 |
| Principal Balance(PB)* | $59,296.94 |

For Customer Care inquiries call: 1-800-766-4622
For Insurance inquiries call:      1-800-256-9962
For Payment Arrangements call:     1-800-850-4622

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $696.21 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Amount Past Due | $27,848.40 |
| Outstanding Late Charges | $940.00 |
| Other | $0.00 |
| Total Amount Due | $29,484.61 |
| Account Due Date | March 01, 2009 |

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | $700.00 |
| Additional Principal | 02/01/09 | 05/31/12 | $700.00 | $700.00 | | | | | $700.00 |
| Receipt | 02/01/09 | 05/30/12 | $700.00 | | | | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Now is a great time to buy a home! If you're in the market for your next home, our trained loan
agents will help you review all of the financing options available to you — call 877-528-3817 today!

**See Reverse Side For Important Information And State Specific Disclosures**

## Mail This Portion With Your Payment

| Account Number | Due Date | Mortgage Payment | Total Amount Due | Amount Due With Late Fee If Received 15 Days AFTER Due Date |
|---|---|---|---|---|
| ____523 ANTONETTE ARIBAL | 03/01/09 | | $29,484.61 | $716.21 |

### GMAC Mortgage

Please assist GMAC Mortgage
in applying your payment

| | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
[See back for details.]

GMAC MORTGAGE
PO BOX 9001719
LOUISVILLE KY 40290-1719

PLAINTIFF'S
EXHIBIT



3748 West Chester Pike, Suite 103
Newtown Square, PA 19073

p: 888.879.4997
f: 888.700.4988
e: info@partnersforpaymentrelief.com

July 6, 2012

Antonette Aribal
▮▮▮▮▮▮▮▮▮▮▮▮▮
Park Ridge, IL ▮▮▮▮▮

RE: Partners For Payment Relief DE III Loan Number: ▮▮▮▮020

Dear Antonette:

Effective 7/16/2012, the servicing of your loan, that is, the right to collect payments from you is being assigned, sold, or transferred from GMAC Mortgage, LLC to Partners For Payment Relief, DE III, LLC.

The assignment, sale or transfer of the servicing of your loan does not affect any term or condition of the mortgage documents or security instruments, other than the terms directly related to the servicing of your loan. Except in limited circumstances, the law requires that your current servicer send you this notice no later than 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your new servicer is Partners For Payment Relief DE III, LLC. The address for correspondence and payments is: Partners For Payment Relief DEIII, LLC, 3748 West Chester Pike, Suite 103, Newtown Square, PA 19073. If you have any questions relating to the transfer of servicing, please contact Partners For Payment Relief DE III, LLC, toll-free at 1-888-879-4997 between the hours of 9:00 am - 7:00 pm Eastern Standard Time Monday through Friday and 9:00 am – 4:00 pm Eastern Standard Time on Saturday.

The last date that GMAC Mortgage, LLC will accept payments from you is 7/16/2012. *Send all payments due on or after 7/16/2012 to your new servicer at:*

Partners For Payment Relief DE III, LLC
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073

The due date of your next payment will remain the same. If your monthly payment is currently being automatically drafted from your bank account, Partners For Payment Relief DE III LLC, will discontinue this service. You must mail your payments directly to Partners For Payment Relief DE III LLC, until you have made new drafting arrangements with them.

GMAC Mortgage, LLC will send you a year-end statement for the time your loan was serviced by GMAC Mortgage, LLC. This is for use in income tax reporting. Your new servicer will send you a statement for the remainder of the year.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 business days of receipt of your request. A "qualified written request" is written correspondence, other than notice on a payment coupon or other medium supplied by the servicer, which includes your name and account number, and your reasons for the request.

Not later than 60 business days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or "qualified written request." However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage document/security instruments. A business day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

Sincerely,
Partners For Payment Relief DE III, LLC



---

**Partners for Pmt Relief, DIII**
3748 West Chester Pike Ste.1( 3
Newtown Square, PA 19073

888-879-4997 paymentrelief4@gmail.com

**Invoice**

Send to

Antonette Aribal

Park Ridge, IL

Dates

Invoice date: 09/12/12
Due date : 03/01/09

Reference

Loan number:        020-RC
Collateral:
Rate:   9.990

| | |
|---|---|
| Below you will find your invoice and a coupon for the coming payment including any past due balance. We understand this payment may be difficult for you to pay in full. Please contact us when you receive this notice so we can discuss your options. Partners for Payment Relief DE III, LLC is a private mortgage investment company dedicated to helping homeowners "one at a time." Call immediately: 888.879.4997. | |

| | | | |
|---|---|---|---|
| Payments to bring current (43) | Regular : | $ | 29937.03 |
| | Late/Svc : | + | 1462.02 |
| Last payment 09/07/05 was due 02/01/09 | Accrued : | - | 0.00 |
| ) | Total late : | $ | 31399.05 |
| Next payment due 10/01/12 | Payment : | $ | 696.21 |
| Balance (est) : $ 58596.94 | **Invoice :** | **$** | **32095.26** |
| After 10/16/12 | Late fee: | | 34.81 |
| Grace days: 15 | Invoice : | $ | 32130.07 |

Financial counseling is available at www.HUD.gov. Choose Resources, then HUD Approved Housing Counseling Agencies.

---

Return this portion with your payment.

From

Antonette Aribal

Park Ridge, IL

PLAINTIFF'S
EXHIBIT
R
Blumberg No. 5113

Return to

**Partners for Pmt Relief, DIII**
3748 West Chester Pike Ste.103
Newtown Square, PA 19073

Reference

020-RC, 2000 NEWTON

Payment

Next payment due 10/01/12

| | | |
|---|---|---|
| Total late : | $ | 31399.05 |
| Payment : | $ | 696.21 |
| **Invoice :** | **$** | **32095.26** |
| After 10/16/12 | | 34.81 |
| Invoice : | $ | 32130.07 |



**Partners _for_ Payment Relief**
3748 West Chester Pike, Suite 103
Newtown Square, PA 19073

p: 888.879.4997
f: 888.700.4988
e: info@partnersforpaymentrelief.co

September 12, 2012

Antonette Aribal
▓▓▓▓▓▓
PARK RIDGE, IL 60068-0000

RE:    Billing Statement – PPR Note-▓▓▓020
       c/o
       ▓▓▓▓▓▓
       PARK RIDGE, IL ▓▓▓▓▓.

Dear Antonette:

We are again notifying you that Partners for Payment Relief DE III, LLC (PPR) has recently completed the purchase of your second mortgage originally executed on 9/6/2005. To date we have sent the required RESPA letter, notifying you of the change of ownership, and a Notification of Assignment with Homeowner Options letter. By law we cannot change the terms of your mortgage in any way, unless we hear from you and agree to a new payment structure. It is in your best interest to contact us immediately – we are here to help.

The Cook County Clerk's Office has determined this loan has not been satisfied. If you believe your mortgage has been paid and satisfied, contact us immediately at 1-888-879-4997 x103. PPR understands how life can throw unexpected curves, sometimes causing financial challenges. We've built our business on successfully and respectfully working in partnership with homeowners to help get them back on track. Unlike larger financial institutions, we are able to provide creative options that they are unable or are unwilling to offer. But we cannot begin to help without your communication and cooperation.

Enclosed is your Billing Statement through 7/25/2012. Your reinstatement amount, the back payments plus late fees is $29971.82. If you believe there is a discrepancy or if you have paid some or all of this mortgage contact us immediately.

If you have any questions at all, please do not hesitate to contact me direct at 1-888-879-4997x 103. I cannot emphasize enough, I am here to help.

Sincerely,

_Bob Paulus_

Bob Paulus
Workout Specialist
Partners for Payment Relief DE III, LLC
_Helping Homeowners One at a Time_
888-879-4997 X103



PLAINTIFF'S
EXHIBIT
S



A PROFESSIONAL CORPORATION
## POTESTIVO & ASSOCIATES
ATTORNEYS AT LAW

Legal Solutions for the Real Estate Finance and Credit Industry

Rochester Hills | Grand Rapids | Chicago

November 15, 2012

Antonette Aribal

Park Ridge, IL

Re:    Loan No. ██████020-RC
Property Address: ████████████, Park Ridge, IL ████

## GRACE PERIOD NOTICE

**DEAR BORROWER:**

YOUR LOAN IS MORE THAN 30 DAYS PAST DUE. YOU MAY BE EXPERIENCING FINANCIAL DIFFICULTY. IT MAY BE IN YOUR BEST INTEREST TO SEEK APPROVED HOUSING COUNSELING. YOU HAVE A GRACE PERIOD OF 30 DAYS FROM THE DATE OF THIS NOTICE TO OBTAIN APPROVED HOUSING COUNSELING. DURING THE GRACE PERIOD, THE LAW PROHIBITS US FROM TAKING ANY LEGAL ACTION AGAINST YOU. YOU MAY BE ENTITLED TO AN ADDITIONAL 30 DAY GRACE PERIOD IF YOU OBTAIN HOUSING COUNSELING FROM AN APPROVED HOUSING COUNSELING AGENCY. A LIST OF APPROVED COUNSELING AGENCIES MAY BE OBTAINED FROM THE ILLINOIS DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION.

For purposes of this Notice, and in accordance with Illinois statute, please consider the following information.

1. You may contact the Illinois Department of Financial and Professional Regulation at (800) 532-8785
2. The website for the Illinois Department of Financial and Professional Regulation is www.idfpr.com.
3. An approved mortgage counselor may contact us, in writing, at the following address:

Partners for Payment Relief, DE III, LLC
C/O Potestivo & Associates, P.C.
223 W. Jackson Boulevard, Ste. 610
Chicago, IL 60606
(312) 263-0003 TEL
(312) 263-0002 FAX

PLAINTIFF'S EXHIBIT
Blumberg No. 5113

Sincerely,

Partners for Payment Relief, DE III, LLC

Chicago Office • 223 W. Jackson Boulevard, Suite 610 • Chicago, IL 60606 • p: (312) 263-0003 f: (312) 263-0002 • www.PotestivoLaw.com

12/12/2020 tmo   Doc 2896-9   Filed 02/21/13   Entered 02/21/13 15:45:05   Exhibit H to
Case: 1:12-cv-09735 Document #: 1-3 Filed: 01/29/13 Page 5 of 2 PageID #:857
                            Declaration   Pg 57 of 67

Case: 1:12-cv-09735 Document #: 1-3 Filed: 12/06/12 Page 37 of 45 PageID #:105



A PROFESSIONAL CORPORATION

# POTESTIVO
# &ASSOCIATES
### ATTORNEYS AT LAW

**Legal Solutions for the Real Estate Finance and Credit Industry**

Rochester Hills | Grand Rapids | Chicago

November 15, 2012

Antonette Aribal
Park Ridge, IL

VIA CERTIFIED MAIL

Re:      Loan No.       020-RC
Property Address:           , Park Ridge, IL



PLAINTIFF'S
EXHIBIT

Dear Mortgagor(s):

PLEASE BE ADVISED THAT THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

Be advised that your loan is in default as a result of your failure to pay in accordance with the terms of your Note
and Security Deed. We are now authorized to take action against you and the referenced property, if necessary.

"Consumer Notices"

1.   The amount of the delinquency is $33,557.30 and the total amount of the debt is $81,817.17 plus
     allowable advances, fees and costs, if any, at this time. (The amount of Delinquency and total
     debt changes due to additional payments, late charges, and other authorized expenses that come
     due after the date of this letter; therefore, you must contact Partners for Payment Relief DE III,
     LLC for updated figures.) If the default is not cured and your loan is referred to a law firm for
     foreclosure proceedings, additional fees and costs will accrue.

2.   The debt is owed to Partners for Payment Relief DE III, LLC which is authorized to receive
     payment on your loan but which may not be the recorded holder of the security deed.

3.   Unless you dispute the validity of the debt or any portion thereto within thirty (30) days after
     receipt of this Notice, we will assume that the debt is valid. If you notify our office in writing
     during the 30-day period that the debt, or any portion thereof, is disputed, we will obtain
     verification of the debt, and a copy of such verification will be mailed to you. Also, upon your
     written request within the 30-day period, we will provide you with the name and address of the
     original creditor, if different from the current creditor. We are not automatically required,
     however, to postpone our collection efforts for said 30 day period, but upon your written notice of
     dispute within said period, we must cease collection efforts until verification is mailed to you.

Nothing contained hereafter in this letter will in any way affect your rights as described in Paragraph (3) above.

The Security Deed provides that the Lender must give certain notices to the borrower and that Lender shall be
entitled to collect all reasonable costs incurred in pursuing the remedies provided. Lender hereby gives you notice
of the following:

Said Note and Security Deed are in default as a result of your failure to timely make the payments on this
or a prior mortgage. Our records indicate that your account is past due for February 1, 2009 and subsequent
payments.

Chicago Office · 223 W. Jackson Boulevard, Suite 610 · Chicago, IL 60606 · p: (312) 263-0003 f: (312) 263-0002 · www.PotestivoLaw.com

Please be advised that the amount required to cure this default is subject to change because of additional payments, late fees and other authorized expensed; Therefore, your must contact **Partners for Payment Relief DE III, LLC** for updated figures.

You must cure the default on or before December 15, 2012 (30 days from the date of this letter) or if this date falls on a Saturday, Sunday or national holiday, by the next business day.

Your failure to cure the default on or before the date specified may result in acceleration of the sums secured by said Security Deed, and a foreclosure sale of your property, as well as other remedies available to the Lender.

You have the right to reinstate the loan after acceleration, in accordance with the terms of the Note and Security Deed, and the right to bring a court action to assert the nonexistence of default or any other legal defense to acceleration and sale.

**Partners for Payment Relief DE III, LLC** has the right to advance funds to cure the default for any related liens which may affect their interest in said property. **Partners for Payment Relief DE III, LLC** also has certain rights to inspect and repair said property as defined within the terms of the Security Deed. The advancement of funds by **Partners for Payment Relief DE III, LLC** to cure defaults relating to liens which may affect their interest in said property, or repairs to said property, will be charged to the Security Deed and are payable upon demand.

All funds must be in the form of a cashier's check or certified funds. The figures contained in the letter are subject to change. Please call to obtain updated information prior to submitting payment.

Homeownership counseling is available through government approved counseling agencies.

For more information contact Partners for Payment Relief DE III, LLC, Attn: Bob Paulus, 3748 West Chester Pike, Suite 103, Newton Square, PA 19073, (888) 879-4997 x 103.

Very truly yours,

Potestivo & Associates, P.C.

David F. Pustilnik
Attorney at Law

DFP/crw



Return To:
Wilmington Finance, a division of AIG Federal Savings Bank
401 Plymouth Road, Suite 400
Plymouth Meeting, PA  19462

Doc#: ██████031 Fee: $34.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 12/05/2005 11:30 AM Pg: 1 of 6

Prepared By:
Wilmington Finance, a division of AIG Federal Savings Bank
3030 Warrenville Rd., Suite 600
Lisle, IL  60532

Mail to
**Prime Title Agency**
**156 E. Main Street**
Lake Zurich, IL  800--

Loan Number: ████████

## MORTGAGE

MIN 1█████████673

THIS MORTGAGE is made this    7th    day of    September, 2005    , between the Mortgagor,
ANTONETTE  ARIBAL



(herein "Borrower"), and the Mortgagee,
Mortgage Electronic Registration Systems, Inc. ("MERS"), (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
Wilmington Finance, a division of AIG Federal Savings Bank,
Federal Savings Bank
("Lender") is organized and existing under the laws of United States of America
and has an address of 401 Plymouth Road, Suite 400
Plymouth Meeting, PA  19462

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $79,400.00    , which indebtedness is evidenced by Borrower's note dated    September 07, 2005    and extensions and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of indebtedness, if not sooner paid, due and payable on October 01, 2020    ;

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in the County of  COOK
State of Illinois:
Legal Description attached hereto and made part hereof as Exhibit 'A'

PLAINTIFF'S EXHIBIT
Blumberg No. 5113
✓

**ILLINOIS** - SECOND MORTGAGE - 1/80 - FNMA/FHLMC UNIFORM INSTRUMENT WITH MERS

-76N(IL) (0204)    Form 3814
Amended 2/01
Page 1 of 5    Initials: ___
VMP MORTGAGE FORMS - (800)521-7291

DDS-5IL



Parcel ID #: ███████-015

which has the address of ████████████ [Street],
PARK RIDGE                         [City], Illinois       ██████    [ZIP Code] (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Mortgage; but, if necessary to comply with law or custom, MERS, (as nominee for Lender and Lender's successors and assigns), has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Mortgage.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

Initials: _AA_

LMP-76N(IL) (0204)                        Page 2 of 5                                    Form 3814
DDS-5IL

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to

Initials: AA

this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, foreclosure by judicial proceeding, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default or any other defense of Borrower to acceleration and foreclosure. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may foreclose this Mortgage by judicial proceeding. Lender shall be entitled to collect in such proceeding all expenses of foreclosure, including, but not limited to, reasonable attorneys' fees and costs of documentary evidence, abstracts and title reports.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to have a receiver appointed by a court to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Mortgage. The receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Mortgage, Lender shall release this Mortgage without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

Initials: *AA*



Case: 1:12-cv-09735 Document #: 1-3 Filed: 01/29/13 Page 5 of 67 PageID #:863
12-12020-mg    Doc 2996-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 63 of 67

Case: 1:12-cv-09735 Document #: 1-3 Filed: 12/06/12 Page 43 of 45 PageID #:112

## REQUEST FOR NOTICE OF DEFAULT
## AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

    Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

    IN WITNESS WHEREOF, Borrower has executed this Mortgage.

_____ (Seal)      _____ (Seal)
ANTONETTE ARIBAL      -Borrower                 -Borrower

_____ (Seal)      _____ (Seal)
               -Borrower                  -Borrower

*(Sign Original Only)*

STATE OF ILLINOIS,
    I, Michele L. Cook Baker      County ss:
a Notary Public in and for said county and state do hereby certify that
    Antonette Aribal

, personally known to me to be the same person(s) whose name(s) subscribed to the foregoing instrument, appeared before me this day in person, and acknowledged that he/she/they signed and delivered the said instruments as his/her/their free and voluntary act, for the uses and purposes therein set forth.

    Given under my hand and official seal, this 7th day of Sept 2005.

My Commission Expires: 4-4-07

_____
Notary Public

```
OFFICIAL SEAL
MICHELE L BAKER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 04-04-07
```

VMP-76N(IL) (0204)
DDS-8IL

Page 5 of 5

Form 3814

## EXHIBIT A

## Legal Description

SEE COMPLETE LEGAL DESCRIPTION DESCRIBED IN EXHIBIT "A" ATTACHED
HERETO AND MADE A PART HEREOF



EAST OF THE THIRD PRINCIPAL MERIDIAN IN COOK
COUNTY, ILLINOIS.

PIN #

DDS-51L                                                            02/03

12-12020-mg    Doc 2996-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 65 of 67
Case: 1:12-cv-09735 Document #: 46-23 Filed: 01/29/13 Page 1 of 3 PageID #:865

Purchase Performing & Non Performing Notes
Access Free Training, Courses, and Workshops

# PPR — Offering Performing and Non-performing Notes for Sale to Note Investors

enter your user name            enter your password

[ Login Now ]

OR J HO tNR tSX U FK D V Ht Q R WHV

search site by keyword(s) [ .. ]

- Home
- How It Works
- Notes For Sale
- Pool Buyer Info
- FAQs
- Events
- About Us
  - Testimonials
- Contact Us

**Access the Note Vault**

enter your email address

[ Get Started Today ]

# How It Works

See the infographic below for a discussion of the Note Buying process.


PLAINTIFF'S EXHIBIT
W
Blumberg No. 5113

12-12020-mg    Doc 2996-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit H to
Declaration    Pg 66 of 67
Case: 1:12-cv-09738 Document #: 46-29 Filed: 01/29/13 Page 2 of 3 PageID #:866



# PPR Note Purchase Process

**Step 1: Indication of Interest:** Buyer opens "Deal Request" indicating:

- Notes in which buyer is interested
- Available capital

**Step 2: PPR Response:** PPR responds to buyer within 72 hrs.confirming:

- Availability of note(s)
- BPO, credit, Note and Mortgage on note(s)

12-12020-mg    Doc 2896-9    Filed 02/21/13    Entered 02/21/13 15:45:05    Exhibit 7 to
Declaration    Pg 67 of 67
Case: 1:12-cv-09739 Document #: 46-23 Filed: 01/29/13 Page 15 of 34 PageID #:867

**Step 3: Buyer Confirmation: Buyer responds through "Deal Request" to "Purchase Note" as soon as possible.**

Notes will be sold on a first come, first serve basis. Confirmation includes:

- Intention to purchase note(s)
- Review and agreement to the terms of the PPR note sale contract (posted on PPR website in note sale section under 'documents')
- Ability and intention to fund within 3 business days from PPR response date.
- The data required to complete the contract, including:
    - Formal name of the entity purchasing the note(s)
    - Entity structure (i.e., LLC, Corporation)
    - State in which registered
    - Name and title of signatory

**Step 4: Contract Execution: PPR drafts the note purchase agreement, and both parties sign prior to funding deadline.**

**Step 5: Funds wired to PPR**

**Step 6: PPR sends file collateral to Buyer**

- How It Works
- For Performing Note Investors
- For Non-Performing Note Investors
- For a Pool Buyer
- For Brokers & Syndicators

**Looking for bigger discounts?**

# Start Here.

Buying customized packages (pools) of non-performing notes gives you deeper discounts.

Learn More

## What Our Notebuyers Say

"PPR took a lot of time to explain things and to give a lot of context about what the nature of doing and investing in notes is, it's such a different aspect of real estate........... This was the first major investment that I made with the company, and they really took the time to explain what I was getting into and really made sure that I fully understood what they were doing, and it was really that kind of TLC that they put into it that's most impressive. Don't you wish the places we invest in stock would do that?"

- Karean Eissler

read more testimonials »

- How It Works
- Notes For Sale
- Pool Buyer Info
- FAQs
- Events
- About Us
- Contact Us

Copyright © PPR.    Website Design & Development by Kaptiv8 Marketing.    Site Map

