Hearing Date and Time:  March 5, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  February 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF SUPPLEMENT TO DEBTORS' APPLICATION**
**UNDER BANKRUPTCY CODE SECTIONS 327(a), 328(a) AND 363 FOR**
**THE ENTRY OF AN ORDER MODIFYING THE RETENTION AND**
**EMPLOYMENT OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR**
**TO THE DEBTORS PURSUANT TO SECOND ADDENDUM,**
***NUNC PRO TUNC* TO DECEMBER 5, 2012, AND FOR RELATED RELIEF**

**PLEASE TAKE NOTICE** that on February 18, 2013, the undersigned filed the *Debtors' Application Under Bankruptcy Code Section 327(a), 328(a) And 363 For The Entry Of An Order Modifying The Retention And Employment Of FTI Consulting Inc. As Financial Advisor To The Debtors Pursuant To Second Addendum, Nunc Pro Tunc to December 5, 2012, And For Related Relief* (the "Application")

ny-1079167

**PLEASE TAKE FURTHER NOTICE** that attached hereto is "Exhibit D" to the Application, consisting of the "Walter Investment Letter Agreement" (as referred to and defined in footnote 4 of the Application).

| | |
|---|---|
| Dated: February 21, 2013<br>New York, New York | Respectfully submitted,<br><br>/s/ Lorenzo Marinuzzi<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>Erica J. Richards<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors and*<br>*Debtors in Possession* |

ny-1079167

**<u>Exhibit D</u>**



February 20, 2013

Residential Capital, LLC
1100 Virginia Drive
Fort Washington, PA 19034
Attn: Tammy Hamzehpour, General Counsel

RE: Reimbursement for Certain Expenses

Dear Sirs and Madams:

With reference to the sale (the "Sale") to Walter Investment Management Corp. ("Walter Investment") and/or its affiliate of that certain loan originations business (the "Business") of Residential Capital, LLC, debtor and debtor in possession, and its debtor-affiliates and subsidiaries (collectively, "ResCap"), which sale was approved pursuant to an order of the Unites States Bankruptcy Court for the Southern District of New York in case No. 12-12020 (mg) (the "Bankruptcy Court"), ResCap requested that FTI Consulting, Inc., a financial advisor to ResCap ("FTI"), provide certain project management services in connection with the Sale of the Business to Walter Investment. Such services (the "Services") were provided to maintain the continuous operations of the Business, to assist in the transition of operations to a new management team of Walter Investment or its affiliate, and to assist in the closing of the Sale. The Services have been provided and have been completed.

By this side letter agreement (the "Agreement"), Walter Investment confirms its prior agreement to be responsible for and to pay, or to the extent previously paid to FTI by ResCap, to reimburse ResCap, for all reasonable documented fees and expenses of FTI incurred in providing the Services for the period of December 5, 2012 through and including the closing of the Sale on January 31, 2013 (the "FTI Fees and Expenses "), and agrees to make payment to ResCap on account of such FTI Fees and Expenses by wire transfer not later than five (5) business days following presentation to counsel for Walter Investment of evidence of the approval of such FTI Fees and Expenses by the Bankruptcy Court. In connection with its obligations under this Agreement, Walter Investment waives all right of offset or recoupment with respect to any amounts now or hereafter claimed by Walter Investment or any of its affiliates as being owed by ResCap to Walter Investment or any of its affiliates.

This Agreement shall be binding upon and inure to the benefit of the parties named herein and their respective successors and assigns. Walter Investment shall have the right upon written notice to ResCap to assign this Agreement to any affiliate of Walter Investment, provided, however, that such assignment shall not relieve Walter Investment of its obligations hereunder and Walter Investment shall remain primarily liable hereunder until all obligations



3000 Bayport Drive, Suite 1100, Tampa, Florida 33607
813.421.7600    www.walterinvestment.com

hereunder shall have been fully paid.

All notices under this Agreement shall be made to parties at the addresses set forth in this Agreement, except as may be changed or modified by written notice of a party to the other.

**if to ResCap, to:**

Residential Capital, LLC
1100 Virginia Drive
Fort Washington, PA 19034
Attn: Tammy Hamzehpour, General Counsel
Facsimile: 215-682-1307
E-mail: tammy.hamzehpour@gmacrescap.com

**if to Walter Investment, to:**

Walter Investment Management Corp.
3000 Bayport Drive
Suite 1100
Tampa, Florida 33607
Attention: Stuart D. Boyd
Facsimile: 813.286.2154
E-mail: sboyd@walterinvestment.com

The parties hereto agree that unless the Bankruptcy Court declines to exercise such jurisdiction, the Bankruptcy Court shall have exclusive jurisdiction to consider all disputes relating to this Agreement, and all parties hereto submit to the jurisdiction of the Bankruptcy court with respect to any disputes under this Agreement.

This Agreement shall be governed by, and construed in accordance with, the domestic laws of the State of New York.

This Agreement may be executed in any number of counterparts and by the parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement. Facsimile or PDF transmissions of any executed original document and/or retransmission of any executed facsimile or PDF transmission shall be deemed to be the same as the delivery of an executed original.

Sincerely,

WALTER INVESTMENT MANAGEMENT CORP.

By: _____
Stuart D. Boyd
Vice President and General Counsel


Accepted by:

RESIDENTIAL CAPITAL, LLC

By: _____
Tammy Hamzehpour
General Counsel