UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

### BRIDGE ORDER FURTHER EXTENDING THE EXCLUSIVE PERIOD DURING WHICH ONLY THE DEBTORS MAY FILE A CHAPTER 11 PLAN

Whereas the above-captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "Debtors"), has filed a motion[1] (the "Motion") for entry of an order extending (a) the exclusive period of time during which only the Debtors may file a plan of reorganization (the "Exclusive Plan Period") through and including May 29, 2013, and (b) the period of time during which only the Debtors may solicit acceptances of a plan of reorganization (the "Solicitation Period," and, together with the Exclusive Plan Period, the "Exclusive Periods") through and including July 28, 2013; which Motion was filed prior to the expiration of the Debtors' Exclusive Plan Period; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest until the Court has made a final determination on the Motion to preserve the rights of the

---

[1] On February 14, 2013, the Debtors filed the *Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 2918].

parties; entry of this bridge Order without a hearing being proper in light of the limited relief provided herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Debtors' Exclusive Plan Period is hereby extended through and including March 5, 2013, *provided, however,* that in the event the hearing on the Motion is adjourned, the Exclusive Plan Period shall be automatically extended through any such adjourned dates, unless the Court orders otherwise.

3. This Order is without prejudice to (x) the Debtors' ability to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code and (y) the ability of parties in interest to seek to shorten the Exclusive Periods or object to further extensions.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

6. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

Dated: February 22, 2013
      New York, New York

                                     **/s/Martin Glenn**
                                      MARTIN GLENN
                            United States Bankruptcy Judge