STAGG, TERENZI, CONFUSIONE & WABNIK, LLP
*Attorneys for Michael F. Sheehan, II,*
*Koren M. Sheehan and Wells Fargo Bank, N.A.*
401 Franklin Avenue, Suite 301
Garden City, New York 11530
Telephone:   (516) 812-4500
Facsimile:    (516) 812-4600
Ronald M. Terenzi (RMT-6416)
Michael Kwiatkowski (MK-7365)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

                               Debtors.
------------------------------------------------------------X

Hearing Date: April 11, 2013
10:00 AM

Case No. 12-12020

Chapter 11

Jointly Administered

### NOTICE OF HEARING ON MOTION OF MICHAEL F. SHEEHAN, II, KOREN M. SHEEHAN AND WELLS FARGO BANK, N.A. FOR AN ORDER PURSUANT TO 11 U.S.C. § 362(d) AND BANKRUPTCY RULE 4001 AND LOCAL BANKRUPTCY RULE 4001-1 MODIFYING THE AUTOMATIC STAY TO ALLOW COMMENCEMENT OF STATE-COURT LITIGATION INVOLVING REAL PROPERTY LOCATED AT 46 FAWN LANE, QUEENSBURY, NEW YORK

**PLEASE TAKE NOTICE**, that upon the motion (the "Motion") of Michael F. Sheehan, II, Koren M. Sheehan (together, "Sheehans") and Wells Fargo Bank, N.A. ("Wells Fargo" and together with Sheehans, the "Movants"), by their attorneys, Stagg, Terenzi, Confusione & Wabnik, LLP, the Movants shall move before the Honorable Martin Glenn, United States Bankruptcy Judge in the Courtroom located at the United States Bankruptcy Court for the Southern District of New York, located at One Bowling Green, New York, New York 10004, on April 11, 2013 at 10:00 a.m., or as soon thereafter as counsel may be heard, for an Order (i) granting relief from the automatic stay so that the Movants can commence a state-court action to compel the determination of claims to certain real property and for reformation of certain deeds

and mortgages, and (ii) granting such other and further relief as is just and proper.

**PLEASE TAKE FURTHER NOTICE**, that opposition, if any, to the relief herein requested shall be in writing, shall state with particularity the grounds for the opposition, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Movants by 5:00 p.m. seven (7) days prior to the return date and upon any other person whose interests would be affected if the objection is sustained.

Dated: Garden City, New York
       February 22, 2013

Yours, etc.,

Stagg, Terenzi, Confusione & Wabnik, LLP

By: _____
    Ronald M. Terenzi (RMT-6416)
    Michael Kwiatkowski (MK-7365)
*Attorneys for Michael F. Sheehan, II, Koren M. Sheehan and Wells Fargo Bank, N.A.*
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500

STAGG, TERENZI, CONFUSIONE & WABNIK, LLP
*Attorneys for Michael F. Sheehan, II,*
*Koren M. Sheehan and Wells Fargo Bank, N.A.*
401 Franklin Avenue, Suite 301
Garden City, New York 11530
Telephone:   (516) 812-4500
Facsimile:    (516) 812-4600
Ronald M. Terenzi, Esq.
Michael Kwiatkowski, Esq.


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                              Case No. 12-12020

RESIDENTIAL CAPITAL, LLC, et al.,                   Chapter 11

                        Debtors.                              Jointly Administered
------------------------------------------------------------X

**MOTION OF MICHAEL F. SHEEHAN, II, KOREN M. SHEEHAN
AND WELLS FARGO BANK, N.A. FOR AN ORDER PURSUANT
TO 11 U.S.C. § 362(d) AND BANKRUPTCY RULE 4001 AND
LOCAL BANKRUPTCY RULE 4001-1 MODIFYING THE AUTOMATIC
STAY TO ALLOW COMMENCEMENT OF STATE-COURT
LITIGATION INVOLVING REAL PROPERTY LOCATED
AT 46 FAWN LANE, QUEENSBURY, NEW YORK**

Michael F. Sheehan, II, Koren M. Sheehan (together, "Sheehans") and Wells Fargo Bank, N.A. ("Wells Fargo" and together with Sheehans, the "Movants"), by and through their attorneys Stagg, Terenzi, Confusione & Wabnik, LLP, bring this motion (the "Motion") pursuant to sections 362(a) and (d) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 4001, 9013 and 9014 of the Bankruptcy Rules of Federal Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules for an order modifying the automatic stay to allow commencement of state-court litigation involving real property located at 46 Fawn Lawn, Queensbury, New York (the "Premises").

## JURISDICTION

1.   This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 362(d) of the Bankruptcy Code and Bankruptcy Rules 4001, 9013 and 9014.

## PRELIMINARY STATEMENT

2.   Good cause exists to modify the automatic stay to permit the Movants to commence an action in state court involving the Premises and naming the debtor, GMAC Mortgage, LLC, as a nominal defendant. A review of the balance of harms between the Movants and the Debtors demonstrates that allowing the state court litigation to be commenced and proceed in state court is proper.

## BACKGROUND

3.   On May 14, 2012 (the "Petition Date"), each of the Debtors, including GMAC Mortgage, LLC ("GMAC Mortgage"), filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).[1] No trustee or examiner has been appointed in these Chapter 11 cases.

4.   GMAC Mortgage acquired title to the Premises through a foreclosure proceeding and subsequently sold the Premises to the Movants.

---

[1] The petition of GMAC Mortgage was filed under Case No. 12-12032 (MG).

2

5. The Movants seek to bring a state court action pursuant to the New York Real Property Actions and Proceedings Law Article 15 to compel the reformation of certain deeds and mortgages based on an incorrect designation of lot number in the property description of the Premises ("State-Court Action"). A draft copy of the complaint to be filed in the State-Court Action is attached as Exhibit "A". While GMAC Mortgage no longer has any pecuniary interest in the Premises, the Movants are required to name GMAC Mortgage as a party to the State-Court Action because it is listed within the chain of title to the Premises.

6. As set forth in detail in the attached draft complaint to be filed in the State-Court Action, the Sheehans are owners of the Premises. They acquired their interest in the Premises from GMAC Mortgage by a bargain and sale deed dated January 15, 2009 and recorded on January 30, 2009. At the same time, the Sheehans granted a mortgage to Wells Fargo which was also recorded on January 30, 2009.

7. The Sheehans' deed and the Wells Fargo mortgage each correctly identifies the address for the Premises as 46 Fawn Lane, Queensbury, New York but reference the wrong subdivision lot number in the property descriptions. Each document erroneously identifies the Premises as being Lot 44 rather than Lot 75.

8. This erroneous lot number reference appears to have originated in a mortgage granted by prior owners of the Premises to EquiCredit Corp. in 2000. That mortgage contained the erroneous lot number reference in the legal description of the Premises and this mistake has since been carried forward in the subsequent deeds and mortgages of the Premises. The EquiCredit mortgage was eventually foreclosed and GMAC Mortgage purchased the Premises in foreclosure with the Premises conveyed to GMAC Mortgage pursuant to a referee's deed dated November 5, 2008 and recorded on November 20, 2008. The referee's deed erroneously

3

describes the property as Lot 44 rather than Lot 75. Thereafter, GMAC Mortgage conveyed the Premises to the Sheehans by the Sheehans' deed, which also contains the incorrect reference to Lot 44 rather than Lot 75.

9. Accordingly, the Movants seek to commence the State-Court Action to compel the reformation of certain deeds and mortgages based on an incorrect designation of lot number in the property description of the Premises.

10. Under New York property law, by virtue of the mutual mistake of the parties to each of the underlying instruments, the Movants are entitled to reformation of the EquiCredit mortgage, the referee's deed, Sheehans' deed, and the Wells Fargo mortgage to express the intention of the parties thereto to correctly describe the lot number of the Premises.

## ARGUMENT

11. By this Motion, the Movants seek entry of an order modifying the automatic stay to allow the commencement of the State-Court Action. Under the Bankruptcy Code, a stay is both temporary in duration and subject to being modified and terminated. The Court should enter an order modifying the automatic stay pursuant to section 362(d) of the Bankruptcy Code to allow the State-Court Action to be commenced by the Movants against GMAC Mortgage as a nominal defendant, for a number of reasons.

12. Section 362(d) of the Bankruptcy Code provides this Court with broad discretion to grant relief from the automatic stay, including terminating, annulling, modifying or conditioning the automatic stay for cause. 11 U.S.C. § 362(d)(1).

13. The claims to be raised in the State-Court Action involve New York real property law. The state court will need to determine the claims to the Premises and reform deeds and mortgages on the Premises. Such claims should be adjudicated by a state court.

14.  If this Court does not modify the automatic stay, the Movants will have to wait to reform deeds and mortgages on the Premises. Moreover, permitting the State-Court Action to be commenced and proceed will have minimal impact upon the Debtors and their estates.

15.  Section 362(d)(1) of the Bankruptcy Code provides that the automatic stay shall be modified "for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "for cause," Schneiderman v. Bogdanovich (In re Bogdanovich), 292 F.3d 104, 110 (2d Cir. 2002), but it is well-settled in the Second Circuit that a court should examine the factors set forth in Sonnax Indus. Inc. v. TRI Component Products Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990) to determine whether relief from the automatic stay is warranted.

16.  The Sonnax factors are:

   (1)  whether relief would result in a partial or complete resolution of the issues;

   (2)  lack of any connection with or interference with the bankruptcy case;

   (3)  whether the other proceedings involves the debtor as a fiduciary;

   (4)  whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;

   (5)  whether the debtor's insurer has assumed bull responsibility for defending it;

   (6)  whether the action primarily involves third parties;

   (7)  whether litigation in another forum would prejudice the interests of other creditors;

   (8)  whether the judgment claim arising from the other action is subject to equitable subordination;

   (9)  whether Movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

   (10) the interests of judicial economy and the expeditious and economical resolution of litigation;

5

(11) whether the parties are ready for trial in the other proceedings; and

(12) impact of the stay on other parties and the balance of the harms.

Sonnax, 907 F.2d at 1286. See also In re Godt, 282 B.R. 577 (E.D.N.Y. 2002). Not all of the Sonnax factors are relevant in each case, and the Court need not assign equal weight to each factor. See Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 143 (2d Cir. 1990); In re N.Y. Med. Group, P.C., 265 B.R. 408, 413 (Bankr. S.D.N.Y 2001).

17. Consideration of the relevant factors under Sonnax mandates modification of the automatic stay to permit the Movants to commence the State-Court Action. First, granting relief from the automatic stay will allow a complete resolution of the issues to be raised in the State-Court Action and this Court should allow a New York court to decide issues of New York real property law. Second, the State-Court Action has a very limited connection to this bankruptcy case and primarily involves third parties. As noted above, GMAC Mortgage is a nominal party to the State-Court Action which lacks a pecuniary interest in the Premises and is named as a defendant merely because it is listed within the chain of title to the Premises. Third, severe prejudice to the Movants may result if the stay is not modified. In contrast, the Debtors and the Chapter 11 estates will not be prejudiced in any significant degree and no material burdens will be imposed on the Debtors if the Court permits the State-Court Action to be commenced and proceed in the state court.

18. Moreover, allowing the State-Court Action to be commenced in state court would benefit judicial economy and will allow the most expeditious and economical resolution of the Movants' claims. In similar circumstances, courts have frequently modified the automatic stay to allow litigation to be commenced or to continue in state court. See e.g., In re Cicale, 2007 Bankr. LEXIS 2252; 2007 WL 1893301 (Bankr. S.D.N.Y. 2007) (granting motion to vacate the

automatic stay to allow a creditor to commence a state court action against the debtor); In re Rexene Prods. Co., 141 B.R. 574 (D. Del. 1992). For these reasons, judicial economy and the interest in expediting complete resolution of the issues raised by the Movants requires that the Movants' claims be brought and resolved in state court. See In re Larkhamm 31 B.R. 273, 276 (D. Vt. 1983).

**NO PRIOR REQUEST**

19.     No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Movant respectfully requests that this Court issue an Order (i) granting relief from the automatic stay so that the Movants can commence a state-court action to compel the determination of claims to certain real property and for reformation of certain deeds and mortgages, and (ii) granting such other and further relief as is just and proper.

Dated: Garden City, New York
       February 22, 2013

Yours, etc.,

Stagg, Terenzi, Confusione & Wabnik, LLP

By: _____
    Ronald M. Terenzi (RMT-6416)
    Michael Kwiatkowski (MK-7365)
    *Attorneys for Michael F. Sheehan, II, Koren*
    *M. Sheehan and Wells Fargo Bank, N.A.*
    401 Franklin Avenue, Suite 300
    Garden City, New York 11530
    (516) 812-4500

7

# Exhibit A

STATE OF NEW YORK
SUPREME COURT            COUNTY OF WARREN

MICHAEL F. SHEEHAN, II, KOREN M. SHEEHAN
and WELLS FARGO BANK, N.A.,

                                  COMPLAINT

                       Plaintiffs,

- against -                             Index No.

EQUICREDIT CORP.; GMAC MORTGAGE, LLC,
as successor by merger to GMAC MORTGAGE
CORPORATION; BARRY J. JONES, as Referee;
MICHAEL PITTS, individually and as an heir and
distributee of ELAINE PURVIS-PITTS;
MARVIN A. WILLIAMS, III; RAEKIKO JOHNSON;
JARAE DEANGELO, as the known heirs and
distributees of Elaine Purvis-Pitts; and SHERMAN
PINES HOMEOWNERS' ASSOCIATION, INC.

                       Defendants.

The Plaintiffs, Michael F. Sheehan, II, Koren M. Sheehan, and Wells Fargo Bank, N.A., complaining of the Defendants, by their attorneys, Bartlett, Pontiff, Stewart & Rhodes, P.C., alleges the following:

1. This action is brought pursuant to New York Real Property Actions and Proceedings Law Article 15 to compel the determination of claims to certain real property described herein and for reformation of certain deeds and mortgages.

2. The Plaintiffs Michael F. Sheehan, II and Koren M. Sheehan (hereinafter the "Sheehan's") reside at 46 Fawn Lane, Queensbury, New York.

3. The Plaintiff Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") has a principal place of business at PO Box 5137, Des Moines, Iowa 50306-5137.

4. Upon information and belief, the Defendant GMAC Mortgage, LLC has a principal place of business at 2711 North Haskell Avenue, Suite 100, 15th Floor, Dallas, Texas 75204.

5. Upon information and belief, the defendant Barry J. Jones maintains a principal office at 10 LaCross Street, Hudson Falls, New York 12839.

6. Upon information and belief, the Defendant Elaine Purvis-Pitts died on April 26, 2008, a resident of the Town of Queensbury, Warren County, New York, leaving her husband, Defendant Michael Pitts, and three children, Defendants Marvin A. Williams, III, Raekiko Johnson and JaRae DeAngelo, as her sole heirs and distributees surviving her.

## CAUSE OF ACTION TO QUIET TITLE

7. The Plaintiffs repeat and reallege each and every allegation hereinabove as if each were set forth more fully herein.

8. The Sheehan's at all times since January 15, 2009 were and now are the owners in fee simple of certain real property, located at 46 Fawn Lane in the Town of Queensbury, County of Warren, State of New York, having a tax map parcel number 301.18-1-57 (the "Premises").

9. Wells Fargo at all times since January 15, 2009 was and now is the holder of a mortgage made by the Sheehan's upon the Premises.

10. The Premises is also known as Lot 75 on a map entitled "Sherman Pines Subdivision Site Plan" prepared by Morse Engineering, P.C. dated April 21, 1992 and filed in the Warren County Clerk's Office on January 29, 1993 in Plat Cabinet A, Slide 197.

11. The Sheehan's acquired their estate in the Premises by virtue of a Bargain and Sale Deed With Covenant Against Grantor's Acts (hereinafter "Sheehan's Bargain and Sale Deed") made and delivered on or about January 15, 2009 by GMAC Mortgage, LLC to the Sheehan's and recorded in the Warren County Clerk's Office on January 30, 2009 in Liber 3700 at Page 24 of Deeds.

12. Wells Fargo acquired its estate in the Premises by virtue of a mortgage (hereinafter the "Wells Fargo Mortgage") made and delivered on or about January 15, 2009 by the Sheehan's to Wells Fargo and recorded in the Warren County Clerk's office on January 30, 2009 in Liber 3700 of Mortgages at Page 28.

13. The Sheehan's Bargain and Sale Deed and the Wells Fargo Mortgage each specifically identifies the subject property as being 46 Fawn Lane, Town of Queensbury, New York and the Deed further identifies the subject property as being Tax Account No. 301.18-1-57.

14. Notwithstanding that the Sheehan's Bargain and Sale Deed and Wells Fargo Mortgage both correctly identify the Premises by street address and the deed also correctly identifies the Premises by tax map number, both the deed and the mortgage erroneously reference the wrong subdivision lot number in their respective property descriptions.

15. The legal descriptions contained in the Sheehan's Bargain and Sale Deed and in the Wells Fargo Mortgage each erroneously identify the Premises as being Lot 44 rather than Lot 75.

16. Upon information and belief, this erroneous lot number reference contained in the legal description of the Premises has its origin in the mortgage made by the Defendants Michael Pitts and Elaine Purvis-Pitts to the Defendant EquiCredit Corp. upon their purchase of the Premises from the developer in the year 2000.

17. Michael Pitts and Elaine Purvis-Pitts received a conveyance of the Premises from Schermerhorn Construction Corp. by the delivery of a Warranty Deed with Lien Covenant From a Corporation dated January 17, 2000 and recorded in the Warren County Clerk's Office on August 9, 2000 in Liber 1176 at Page 165 of Deeds. This deed

contained the correct legal description of the Premises which read, in pertinent part, as follows:

> ALL THAT PIECE OR PARCEL OF LAND, situate, lying and being in the Town of Queensbury, County of Warren, State of New York lying southerly of Sherman Avenue, being Lot #75 as shown on a map entitled "Sherman Pines Subdivision - Site Plan", prepared by Morse Engineering, P.C., and filed in the Warren County Clerk's Office on January 29, 1993, in Plat Cabinet A, Slide 197.

18. Thereafter, the Pitts mortgaged the Premises to EquiCredit Corp. on July 17, 2000. The mortgage was recorded in the Warren County Clerk's Office on August 9, 2000 in Liber 1595 at Page 113 of Mortgages (hereinafter the "EquiCredit Mortgage"). The EquiCredit Mortgage contained the erroneous lot number reference in the legal description of the Premises which has since been carried forward in the subsequent Deeds and Mortgages of the Premises.

19. The EquiCredit Mortgage was assigned to the predecessor by merger of Defendant GMAC Mortgage, LLC sometime after its making and the EquiCredit Mortgage was then foreclosed resulting in a conveyance of the Premises to Defendant GMAC Mortgage, LLC by Referee's Deed from Defendant Barry J. Jones, as referee, dated November 5, 2008 and recorded in the Warren County Clerk's Office on November 20, 2008 in Liber 3671 at Page 203 of Deeds (hereinafter the "Referee's Deed"). The Referee's Deed also erroneously describes the property as Lot 44 rather than Lot 75.

20. Thereafter, GMAC Mortgage, LLC made a conveyance of the Premises to the Sheehan's by the Sheehan's Bargain and Sale Deed, which also contains the incorrect reference to Lot 44 rather than Lot 75.

21. Based upon the foregoing, it is clear that (i) it was the intention of the Defendants Pitts to

mortgage the Premises to the Defendant EquiCredit and the intention of the Defendant EquiCredit to obtain a mortgage on the Premises; (ii) it was the intention of the Defendant GMAC Mortgage, LLC to foreclose upon the Premises and to obtain a conveyance of the Premises from Barry J. Jones, as referee, and the intention of Barry J. Jones, as referee, to convey the correctly described mortgaged premises to the Defendant GMAC Mortgage, LLC; (iii) it was the intention of GMAC Mortgage, LLC to make a conveyance of the Premises to the Plaintiffs Sheehan's and the intention of the Plaintiffs Sheehan to obtain a conveyance of a fee title interest in the Premises from the Defendant GMAC Mortgage, LLC; and (iv) it was the intention of the Plaintiffs Sheehan to mortgage the Premises to the Plaintiff Wells Fargo and the intention of the Plaintiff Wells Fargo to obtain a mortgage on the Premises from the Plaintiffs Sheehan.

22. Any estate or interest that the Defendants claim in the Premises is invalid and ineffective against the fee and mortgage interests therein now held by the Plaintiffs, and the Plaintiffs now own and hold said Premises free and clear of any interest of the Defendants.

23. All the Defendants are known, and none are infants, mentally ill, or alcohol or drug abusers.

24. Any judgment granted herein will not affect any person or persons not in being or ascertained at the commencement of this action, who by any contingency contained in a devise or grant or otherwise, could afterward become entitled to a beneficial estate or interest in the aforesaid premises. In addition, every person in being who would have been entitled to such estate or interest, if such event has happened immediately before the commencement of the action is named as a party to this action.

25. No personal claim is made against any Defendant except such Defendants as may defend

this action.

## CAUSE OF ACTION FOR REFORMATION

26. The Plaintiffs repeat and reallege each and every allegation hereinabove as if each were set forth more fully herein.

27. As set forth above in detail, the EquiCredit Mortgage, Referee's Deed, Sheehan's Bargain and Sale Deed and the Wells Fargo Mortgage contain an error in the description of the Premises in that the legal description contained in these instruments reference Lot 44 rather than Lot 75 on the map entitled "Sherman Pines Subdivision Site Plan" prepared by Morse Engineering, P.C. dated April 21, 1992 and filed in the Warren County Clerk's Office on January 29, 1993 in Plat Cabinet A, Slide 197.

28. That by virtue of the mutual mistake of the parties to each of the foregoing instruments the Plaintiffs are entitled to reformation of the EquiCredit Mortgage, Referee's Deed, Sheehan's Bargain and Sale Deed, and the Wells Fargo Mortgage to correctly express the intention of the parties thereto to describe the Premises as being Lot 75 on the map entitled "Sherman Pines Subdivision Site Plan" prepared by Morse Engineering, P.C. dated April 21, 1992 and filed in the Warren County Clerk's Office on January 29, 1993 in Plat Cabinet A, Slide 197.

29. The Plaintiffs have no adequate remedy at law.

WHEREFORE, Plaintiffs demand judgment as follows:

A. That the Defendants and every person claiming under them be barred from all claim to an estate or interest in the Premises.

B. That it be adjudged and finally determined that the Plaintiffs, Michael F. Sheehan, II and Koren M. Sheehan, are the lawful owners and are vested with an absolute

and unencumbered title in fee to the Premises.

C. That the sole and complete possession of the Premises be awarded to the Plaintiffs, Michael F. Sheehan, II and Koren M. Sheehan, and that said Plaintiffs remain in possession of the Premises.

D. That the Plaintiffs recover the costs, disbursements and allowances of this action against any and all the Defendants answering herein;

E. That the legal descriptions contained in the EquiCredit Mortgage recorded in the Warren County Clerk's Office on August 9, 2000 in Liber 1595 at Page 113 of Mortgages, the Referee's Deed in Foreclosure dated November 5, 2008 and recorded in the Warren County Clerk's Office on November 20, 2008 in Liber 3671 at Page 203 of Deeds, the Sheehan's Bargain and Sale Deed, recorded in the Warren County Clerk's Office on January 30, 2009 in Liber 3700 at Page 24 of Deeds, and the Wells Fargo Mortgage recorded in the Warren County Clerk's Office on January 30, 2009 in Liber 3700 at Page 28 of Mortgages be reformed to describe the Premises in the following manner:

> ALL THAT PIECE OR PARCE OF LAND, situate, lying and being in the Town of Queensbury, County of Warren and State of New York lying southerly of Sherman Avenue, being Lot #75 as shown on a map entitled "Sherman Pines Subdivision Site Plan", prepared by Morse Engineering, P.C., and filed in the Warren County Clerk's Office on January 29, 1993, in Plat Cabinet A, Slide 197.
>
> TOGETHER with the benefits of and subject to the Declaration of Protective Covenants, Conditions, Restrictions, Easements, Charges and Liens of the Sherman Pines Homeowners' Association, Inc. recorded in the Warren County Clerk's Office on May 25, 1994, in Book 915 of Deeds at Page 199 as

amended by Amendment No. 1 to Declaration of Protective Covenants, Conditions, Restrictions, Easements, Charges and Liens recorded in Warren County Clerk's Office on February 18, 1997 in Book 1011 of Deeds at page 271 and the Declaration of Covenants, Conditions, Restrictions set forth between Charles A. Diehl and the Town of Queensbury recorded in the Warren County Clerk's Office at Book 839 of Deeds at Page 232.

TOGETHER with the benefits of and subject to the Supplemental Declaration of Protective Covenants, Conditions, Restrictions, Easements, Charges and Liens of the Sherman Pines Homeowners' Association, Inc. recorded in the Warren County Clerk's Office on May 22, 1996, in Book 980 of Deeds at Page 253, and the Supplemental Declaration of Protective Covenants, Conditions, Restrictions, Easements, Charges and Liens of the Sherman Pines Homeowners' Association, Inc. recorded in the Warren County Clerk's Office dated February 26, 1999 and recorded March 5, 1999 in Book 1106 of Deeds at Page 118.

SUBJECT to a general utility easement in favor of Niagara Mohawk Power Corporation.

F.  That the Plaintiffs have such other and further relief as the Court may deem just, equitable and proper.

Dated: January 18, 2013

BARTLETT, PONTIFF, STEWART
& RHODES, P.C.

Mark A. Lebowitz, Esq., of counsel
Attorneys for Plaintiff
One Washington Street, P.O. Box 2168
Glens Falls, New York 12801-2168
(518) 792-2117

Doc. #326092.1

**VERIFICATION**

STATE OF NEW YORK    )
                                             )SS.:
COUNTY OF WARREN  )

    I, the undersigned, am an attorney admitted to practice in the Court of New York State and say that I am the attorney of record for the Plaintiffs in the within action. I have read the annexed Complaint and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: books and records of Plaintiffs.

    The reason I make this affirmation instead of the Plaintiffs herein is that because the Plaintiffs are located outside the county in which my offices are located.

    I affirm that the foregoing statements are true under penalties of perjury.

Dated:  January 18, 2013

                                                        Mark A. Lebowitz

Doc # 326092

STATE OF NEW YORK
SUPREME COURT          COUNTY OF WARREN

MICHAEL F. SHEEHAN, II, KOREN M. SHEEHAN
and WELLS FARGO BANK, N.A.,

                              **Plaintiffs,**

- against -

EQUICREDIT CORP.; GMAC MORTGAGE, LLC,
as successor by merger to GMAC MORTGAGE
CORPORATION; BARRY J. JONES, as Referee;
MICHAEL PITTS, individually and as an heir and
distributee of ELAINE PURVIS-PITTS;
MARVIN A. WILLIAMS, III; RAEKIKO JOHNSON;
JARAE DEANGELO, as the known heirs and
distributees of Elaine Purvis-Pitts; and SHERMAN
PINES HOMEOWNERS' ASSOCIATION, INC.

                              **Defendants.**

**SUMMONS**

Index No.

**TO THE ABOVE NAMED DEFENDANTS:**

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff attorney within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      Trial to be held in the County of Warren
      The basis of the venue is location of the real property which is the subject of this action.

Dated: January 18, 2013                    Bartlett, Pontiff, Stewart & Rhodes, P.C.

                                                Mark A. Lebowitz, Esq., of counsel
                                                Attorneys for Plaintiff
                                                One Washington St., PO Box 2168
                                                Glens Falls, NY 12801-2168
                                                (518) 792-2117

To the above named Defendants:

The nature of the action is to quiet title and the reformation of deeds and mortgages to the real property which is the subject of this action. The relief sought is judgment (i) determining the Plaintiffs Michael F. Sheehan, II and Koren M. Sheehan to be the lawful owners of the real property which is the subject of this action, (ii) determining Wells Fargo Bank N.A. to be the lawful holder of a mortgage upon such real property, and (iii) barring all other claims and reforming the Plaintiffs' deed and mortgage.