OBJECTION DEADLINE: FEBRUARY 26, 2013 AT 4:00 PM*

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National
Association, as Indenture Trustee for the Senior
Unsecured Notes Issued by Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------X
: 
**In re** : 
:     **Chapter 11 Case No.**
: 
**RESIDENTIAL CAPITAL, LLC, et al.,** : 
:     **12-12020 (MG)**
**Debtors.** : 
:     **(Jointly Administered)**
: 
: 
------------------------------------------------X

**STATEMENT OF WILMINGTON TRUST, NATIONAL ASSOCIATION IN RESPECT**
**OF THE DEBTORS' MOTIONS FOR ENTRY OF AN ORDER FURTHER EXTENDING**
**THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND**
**SOLICIT ACCEPTANCES THEREOF AND FOR APPOINTMENT OF**
<u>**LEWIS KRUGER AS CHIEF RESTRUCTURING OFFICER**</u>

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

        Wilmington Trust, National Association (the "<u>Trustee</u>"), solely in its capacity as

indenture trustee for various series of senior unsecured notes (the "<u>Notes</u>" and the holders

thereof, the "<u>Noteholders</u>") in the outstanding aggregate principal amount of approximately $1

billion issued by Residential Capital, LLC ("<u>Residential Capital</u>," and with its debtor-affiliates,

the "<u>Debtors</u>"), under that certain indenture dated as of June 24, 2005, respectfully submits this

statement regarding the *Debtors' Motion For The Entry Of An Order Further Extending Their*

---

*The objection deadline was extended by the Debtors.

*Exclusive Periods To File A Chapter 11 Plan And Solicit Acceptance Thereof* (the "Exclusivity

Motion") (Doc. No. 2918) and the *Debtors' Motion Pursuant To Sections 105(a) And 363(b) Of

The Bankruptcy Code For An Order Authorizing The Debtors To Appoint Lewis Kruger As Chief

Restructuring Officer* (the "CRO Motion," and together with the Exclusivity Motion, the

"Motions") (Doc. No. 2887).  In respect of the Motions, the Trustee states as follows:

## STATEMENT

1.      The Trustee does not object to the relief sought in the Motions in light of the

agreement reached with the Official Committee of Unsecured Creditors (the "Committee"),

including the Trustee.  By this agreement, the Debtors have agreed to, among other things,

(i) allow the Ally Financial Inc. ("AFI") plan support agreement (the "AFI Settlement

Agreement") to expire, (ii) refrain from filing a nonconsensual plan during a 60-day extension of

the Debtors' exclusive right to file a plan, (iii) consent to any motion by the Committee seeking

standing to bring estate causes of action against AFI, (iv) adjourn for 30-45 days the hearing on the

RMBS trust settlement to facilitate negotiations with the objectors, and (v) revise the scope of the

duties and responsibilities of the proposed Chief Restructuring Officer (the "CRO").

2.      The Trustee remains concerned about the status of these cases, particularly the

stalled mediation, and the multiple positions the Debtors have taken to the detriment of Residential

Capital's creditors.  To date, the Debtors have failed to recognize that they are not the true

stakeholders in these cases.  The sole purpose of these cases is to liquidate remaining assets, wind

down the Debtors' businesses, and pursue (through litigation or otherwise) estate claims against

AFI and other third parties.

3.      There is no question that the AFI Settlement Agreement, which was negotiated

before the petition date, cannot form the basis of a consensual plan.  There is no support among the

2

creditor constituencies for the proposed amount of the AFI contribution because the amount is far too small in comparison to the value of the claims that have been and may be asserted against AFI and its non-debtor subsidiaries.  Moreover, the allocation of the contribution to Residential Capital that underlies the AFI Settlement Agreement is far too low and does not remotely reflect the value of the substantial claims the Noteholders and the Residential Capital estate have against AFI. Discovery thus far obtained in the chapter 11 proceedings reveals a compelling record that the process of negotiating and approving the AFI Settlement Agreement was rife with conflicts and information gaps and that the interests of Residential Capital and its creditors were not adequately considered as part of that process.  Under the agreement reached with the Committee, the Debtors have agreed to allow the AFI Settlement Agreement to expire on February 28, 2013.  This is a critical step forward and is long overdue.

4.    The Trustee believes there are significant claims against AFI belonging solely to Residential Capital, as well as significant claims belonging solely to the Trustee and the Noteholders based on breaches of the Noteholders' indenture, including claims based on alter ego theories of liability that are unique to the Noteholders, as a result of the transfer of Ally Bank and other pre-petition transactions.[1]  The mediation ordered by the Court in December 2012 was intended to seek a consensual resolution of such claims, as well as other estate and third-party claims against AFI.  Despite the efforts of the Committee and the Trustee to engage in a constructive dialogue, AFI is not engaging in dialogue.  As a result, the mediation is stalled. Absent significant progress in the mediation over the next 60 days, litigation against AFI and other third parties will be the clearest path toward a resolution of these cases.

---

[1]    *See Limited Objection Of Wilmington Trust, National Association To Motion By Ally Financial Inc. And Ally Bank for An Order Enforcing The Automatic Stay Pursuant To 11 U.S.C. § 362(a)(3) By (1) Enjoining Prosecution Of Alter Ego And Veil Piercing Claims In The Class Action Entitled* Landon Rothstein, Et Al. V. GMAC Mortgage, LLC, Et Al*., And (2) Declaring Such Claims Void Ab Initio* (Doc. No. 2809).

5.      Following the same approach they took in proposing the AFI Settlement

Agreement, the Debtors proposed the appointment of a CRO without involvement of the Trustee or

other key creditor constituencies.  This action was all the more troubling because it breached the

Debtors' promise to involve the Trustee in the process.  The appointment of a CRO does nothing to

alleviate the inherent conflicts facing the Debtors, as well as their officers, directors and

professionals, each of whom are fiduciaries of different estates with duties to different creditors.  A

CRO will not make these conflicts disappear or justify any deference to the Debtors' handling of

matters involving conflicts among the various Debtor estates.  The CRO is a creature of the

Debtors, appointed with no creditor input and is not authorized by any provision of the Bankruptcy

Code (unlike an examiner or a trustee).  In light of the agreements reached with the Committee,

however, the Trustee is not objecting to the appointment of the CRO.

6.      The Trustee hopes to use the next 60 days to engage in a constructive dialogue, to

the extent possible, but will also use this time to prepare for other alternatives.  Failing significant

progress during this time, the clearest path to resolution is likely to be the development of a plan

that does not release estate claims and third-party claims and instead establishes a litigation trust to

pursue estate claims to judgment or other resolution.  Although this alternative would likely lead to

costly and prolonged litigation, it may be the only realistic option to maximize recoveries for the

estates.  The Trustee therefore reserves all rights, including without limitation, the rights to seek a

termination of exclusivity, to commence litigation against AFI, and to seek the appointment of a

trustee and all other rights at law or equity.

Dated: New York, New York
       February 26, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP


By:  /s/ Sean A. O'Neal
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
A Member of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National*
*Association, as Indenture Trustee for the Senior*
*Unsecured Notes Issued by Residential Capital, LLC*