PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
John A. Morris
Jason H. Rosell
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Co-Counsel to the*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Chapter 11<br>Case No. 12-12020 (MG)<br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors,<br><br>Plaintiff,<br><br>v.<br><br>UMB BANK, N.A., as successor indenture trustee under that certain Indenture, dated as of June 6, 2008; and WELLS FARGO BANK, N.A., third priority collateral agent and collateral control agent under that certain Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009,<br><br>Defendants. | Adversary Proceeding<br>No. 13-01277-mg |

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO 11 U.S.C. § 107(b) AND RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO FILE UNDER SEAL CERTAIN EXHIBITS AND SCHEDULES TO ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT, AVOIDANCE OF LIENS, <u>AND DISALLOWANCE OF CLAIMS</u>**

DOCS_NY:29179.2

The Official Committee of Unsecured Creditors (the "**Committee**") of the above debtors and debtors in possession (collectively, the "**Debtors**") submits this application (the "**Application**") pursuant to section 107(b) of Title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for leave to file under seal, pending further order of this Court, certain exhibits and schedules to the *Adversary Complaint for Declaratory Judgment, Avoidance of Liens, and Disallowance of Claims* (the "**Complaint**")[1] filed by the Committee, on behalf of the Debtors' estates, against UMB Bank, N.A. and Wells Fargo Bank, N.A. on February 28, 2013. In support of this Application, the Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

2. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Complaint.

3. On May 16, 2012, the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases.

4. On June 20, 2012, the Court directed that an examiner be appointed (the "**Examiner**"). On July 3, 2012, the Court approved the Honorable Arthur J. Gonzalez as the Examiner.

5. On the Petition Date, the Debtors filed a motion seeking authority to enter into a postpetition financing facility with Ally Financial, Inc. (f/k/a GMAC, LLC) ("**AFI**") and to use the cash collateral of AFI and the Secured Parties (the "**AFI DIP Motion**").

6. On June 25, 2012, the Court entered an Order [Docket No. 491] granting final approval of the AFI DIP Motion (the "**AFI DIP Order**"). The AFI DIP Order provides that certain stipulations concerning the liens and security interests granted under the Notes Security Agreement became binding on the Debtors, and become binding on all parties in interest, including the Committee, unless objected to by September 24, 2012 (the "**Challenge Deadline**"), which deadline was tolled pending the adjudication of a motion seeking standing to bring causes of action against the Secured Parties. *See* AFI DIP Order ¶ 28.

7. By order dated December 26, 2012, the Court granted the Committee's motion seeking standing to commence, prosecute, and settle the claims set forth in this Complaint [Docket No. 2518] (the "**Standing Order**"). Pursuant to the Standing Order, the deadline for the Committee to file the Complaint is February 28, 2012.

8. Following entry of the AFI DIP Order, the Committee commenced an

9. investigation of the claims and liens of the Secured Parties, including whether the Debtors waived any valid estate claims against the Secured Parties. In connection

with its investigation, the Committee undertook significant and lengthy document discovery. To facilitate this discovery, the Committee entered into confidentiality agreements with the Debtors and AFI, among others (the "**Confidentiality Agreements**"). Pursuant to those Confidentiality Agreements, the Committee is prohibited from publicly disclosing certain confidential information received from those parties through the discovery process.

10. On February 28, 2013, the Committee filed the Complaint excluding certain exhibits, or portions thereof, and certain schedules thereto that contain information received pursuant to the discovery undertaken in connection with the Committee's investigation that the Committee was prohibited from disclosing publicly pursuant to the Confidentiality Agreements. Specifically, the Committee omitted: (a) Schedules I-XI and Attachments I and II to the Notes Security Agreement attached as Exhibit C to the Complaint; (b) Exhibit F (Pledge Release); (c) Schedule 1 (Released Bilateral Facilities Collateral); (d) Schedule 3 (Released Mortgage Loans); (e) Schedule 4 (BMMZ Mortgage Loans); (f) Schedule 5 (Deposit Accounts); and (g) Schedule 6 (Preference Assets) (collectively, the "**Confidential Exhibits/Schedules**").

## RELIEF REQUESTED

11. The Committee requests entry of an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting it leave to file the Confidential Exhibits/Schedules under seal, and ordering that the full contents of the Complaint be made available only to: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to AFI; (d) counsel to the Junior Secured Noteholders; (e) the Examiner and his counsel; (f) the United States Trustee, and (g) subject to the terms of the Confidentiality Agreements, members of the Committee, counsel to Wells Fargo Bank, N.A., as collateral agent and/or counsel to UMB Bank,

N.A., as successor indenture trustee, and as further directed by the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors, AFI, and members of the Committee. Parties receiving the Complaint containing the sealed Confidential Exhibits/Schedules shall treat it as Confidential as defined by the Confidentiality Agreements so long as the Confidential Exhibits/Schedules, or any portion thereof, remain under seal by Order of this Court.

## BASIS FOR RELIEF REQUESTED

12.     Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13.     In addition, section 107(b) of the Bankruptcy Code authorizes the Bankruptcy Court to issue orders that will protect entities from potential harm caused by the disclosure of certain confidential information. Section 107(b) specifically provides that upon the "request of a party in interest" the bankruptcy court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

14.     Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code. In particular, Bankruptcy Rule 9018 states that the Bankruptcy Court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to

cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

15. Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See*, *e.g.*, *In re Global Crossing Ltd.*, 295 B.R. at 725; *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) of the Bankruptcy Code is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the Bankruptcy Court determines that filed documents are covered by section 107(b), the court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

16. The Committee recognizes its obligation to abide by the Confidentiality Agreements, and seeks to file the Confidential Exhibits/Schedules under seal because they contain certain information designated as "confidential" that the Committee is prohibited from disclosing publicly pursuant to the Confidentiality Agreements to which it is a party. Confidentiality concerns of those parties to the Confidentiality Agreements constitute good cause to file the foregoing documents under seal, and the Committee respectfully requests leave to do so. The Committee hereby reserves all of its rights to challenge the confidential and/or professional eyes only designation for any document filed under seal pursuant to this Application.

## NOTICE

17. In accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9008 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket

No. 141] (the "**Case Management Order**"), notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order) (collectively, the "**Notice Parties**"). Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no other or further notice need be given.

## NO PRIOR REQUEST

18.     No previous Application for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that this Court enter an order, a form of which is attached hereto as **Exhibit A**, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated:   February 28, 2013         PACHULSKI STANG ZIEHL & JONES LLP

By     */s/ Robert J. Feinstein*
         Robert J. Feinstein
         John A. Morris
         Jason H. Rosell
         780 Third Avenue, 36th Floor
         New York, NY 10017
         Telephone: (212) 561-7700
         Facsimile:  (212) 561-7777

# **EXHIBIT A**

## **Proposed Order**

PACHULSKI STANG ZIEHL & JONES LLP
Robert J. Feinstein
John A. Morris
Jason H. Rosell
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Co-Counsel to the*
*Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Chapter 11<br>Case No. 12-12020 (MG)<br>Jointly Administered |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS, on behalf of the estates of the Debtors,<br><br>Plaintiff,<br><br>v.<br><br>UMB BANK, N.A., as successor indenture trustee under that certain Indenture, dated as of June 6, 2008; and WELLS FARGO BANK, N.A., third priority collateral agent and collateral control agent under that certain Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy, dated as of December 30, 2009,<br><br>Defendants. | Adversary Proceeding<br>No. 13-01277-mg |

**ORDER GRANTING APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 107(b) AND RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO FILE UNDER SEAL CERTAIN EXHIBITS AND SCHEDULES TO ADVERSARY COMPLAINT FOR DECLARATORY JUDGMENT, AVOIDANCE OF LIENS, <u>AND DISALLOWANCE OF CLAIMS</u>**

DOCS_NY:29179.2

Upon the Application,[2] dated February 28, 2013, of the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Committee to file under seal certain exhibits, or portions thereof, and certain schedules to the Complaint, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Committee having provided notice of the Application to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Application establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Committee is authorized to file under seal the Confidential Exhibits/Schedules.

3. The Confidential Exhibits/Schedules shall not be disclosed to any parties in these cases other than: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to AFI; (d) counsel to the Junior Secured Noteholders; (e) the Examiner and his counsel; (f) the United States Trustee, and (g) subject to the terms of the Confidentiality Agreements, members of the Committee, counsel to Wells Fargo Bank, N.A., as collateral agent and/or counsel to UMB

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Bank, N.A., as successor indenture trustee, and as further directed by the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors, AFI, and members of the Committee.

4. The rights of the Committee to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order are hereby preserved.

5. Parties receiving a sealed copy of the Confidential Exhibits/Schedules shall treat it as Confidential as defined by the Confidentiality Agreements so long as the Confidential Exhibits/Schedules, or any portion thereof, remain under seal by Order of this Court.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March __, 2013
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE