# Exhibit 1

## Amendment No. 1 to Engagement Letter

# AMENDMENT NO. 1 TO ENGAGEMENT LETTER

1. **Scope of Services**

    In connection with this engagement, Mr. Kruger shall serve as the Chief Restructuring Officer (the "CRO") of the Debtors.  During the term of this engagement, Mr. Kruger will not take on any new engagement without the express prior written consent of the Company.  The Services to be performed by the CRO are as follows:

    a. The CRO shall report directly to the Board Directors of Residential Capital, LLC (the "Board");

    b. Subject to subsection (a) above, the CRO shall be vested with the Debtors' powers to oversee, manage, and direct the acts, conduct, assets, liabilities and financial conditions of the Debtors, the operation of the Debtors' business any matters relevant to the case, including, without limitation, the authority to:

        i. direct the Debtors' respective management teams and professionals in connection with the Debtors' efforts to negotiate and settle the Claims against the Debtors, and propose a schedule and process for the litigation of disputed claims, including, but not limited to, those held by the monolines, junior secured bonds, the RMBS Trustees, and securities claimants;

        ii. direct the Debtors' executive management teams and professionals in developing and implementing an efficient liquidation of the Debtors' assets for the benefits of the Debtors' unsecured creditors;

        iii. direct the litigation strategy of the Debtors including the investigation, prosecution, settlement and compromise of claims filed against the Debtors and of estate causes of action;

        iv. direct the Debtors' executive management team and professionals in formulating a chapter 11 plan;

        v. communicate and negotiate with the Debtors' creditors and key stakeholders, including the official committee of unsecured creditors (the "Creditors' Committee"), and assist such parties in working towards a consensual chapter 11 plan;

        vi. make decisions on behalf of each Debtor with respect to chapter 11 plan negotiations and formulation, in such a manner as is consistent with the business judgment rule, the provision of applicable law, taking into account the respective fiduciary duties of the CRO to each Debtor's respective estate;

        vii. cooperate with the Creditors' Committee in negotiations with Ally Financial Inc. ("AFI") to attempt to pursue a global settlement of the Debtors' claims against AFI that is acceptable to all major stakeholders;

        viii. represent the Debtors' interests through counsel before this Court;

        ix. select and retain professionals and advisors for the Debtors pursuant to Court approval if and as required by the Bankruptcy Code.

**AMENDMENT NO. 1 TO ENGAGEMENT LETTER**

    c.   The CRO shall provide testimony in Bankruptcy Court as required or appropriate during the Chapter 11 Cases;

    d.   The CRO shall participate in meetings internally or with outside constituencies; and

    e.   The CRO shall provide such other services, advice, or assistance as may be requested by the Board from time to time in connection with this engagement.

ny-1080093

## AMENDMENT NO. 1 TO ENGAGEMENT LETTER

1. **Scope of Services**

    In connection with this engagement, Mr. Kruger shall serve as the Chief Restructuring Officer (the "CRO") of the Debtors. During the term of this engagement, Mr. Kruger will not take on any new engagement without the express prior written consent of the Company. The Services to be performed by the CRO are as follows:

    a. ~~Duties:~~ The CRO shall report directly to the Board Directors of Residential Capital, LLC (the "Board");

    b. Subject to subsection (a) above, the CRO shall be vested with the Debtors' powers to oversee, manage, and direct the acts, conduct, assets, liabilities and financial conditions of the Debtors, the operation of the Debtors' business any matters relevant to the case, including, without limitation, the authority to:

        i. direct the Debtors' respective management teams and professionals in connection with the Debtors' efforts to negotiate and settle the Claims against the Debtors, and propose a schedule and process for the litigation of disputed claims, including, but not limited to, those held by the monolines, junior secured bonds, the RMBS Trustees, and securities claimants;

        ii. direct the Debtors' executive management teams and professionals in developing and implementing an efficient liquidation of the Debtors' assets for the benefits of the Debtors' unsecured creditors;

        iii. direct the litigation strategy of the Debtors including the investigation, prosecution, settlement and compromise of claims filed against the Debtors and of estate causes of action;

        iv. ~~i. The CRO, in cooperation with the Company's~~ direct the Debtors' executive management team, ~~shall assist in developing and implementing a confirmable Chapter 11 plan to go effective in these Chapter 11 Cases;~~ and professionals in formulating a chapter 11 plan;

        v. ~~ii. The CRO shall~~ communicate and negotiate with the Debtors' ~~lenders~~creditors and key stakeholders, including the official committee of unsecured creditors (the "Creditors' Committee"), and assist ~~all participating~~such parties ~~to work~~in working towards a consensual chapter 11 plan ~~of reorganization~~;

        ~~iii. The CRO shall participate in plan mediation efforts;~~

        vi. ~~iv. The CRO shall be authorized by the Company's Board of Directors to~~ make decisions on ~~the Debtors' behalf, consistent with the Board's overall direction,~~ behalf of each Debtor with respect to ~~all aspects of~~chapter 11 plan negotiations and ~~formation~~formulation, in such a manner as is consistent with the business judgment rule, the ~~provisions of local law, and the Bankruptcy Code~~provision of applicable law, taking into account the respective fiduciary duties of the CRO to each Debtor's respective estate;

ny-1080093

**AMENDMENT NO. 1 TO ENGAGEMENT LETTER**

v. ~~The CRO shall oversee and direct the implementation of a confirmed Chapter 11 plan so as to assist in efforts leading to and achieving plan effectiveness, to the extent necessary or appropriate;~~

vi. ~~The CRO shall assist the Company's management team with the resolution, settlement, and/or litigation of large disputed claims against the Debtors in connection with achieving a confirmed Chapter 11 plan;~~

vii. ~~The CRO shall work with creditors to resolve inter-Debtor and intercreditor disputes;~~

vii. ~~viii.~~ The CRO shall ~~participate~~ cooperate with the Creditors' Committee in negotiations with Ally Financial Inc. ("AFI") ~~and the Debtors' major stakeholders~~ to attempt to pursue a global settlement of the Debtors' claims against AFI that is acceptable to all ~~key parties (the "AFI Settlement") to the extent any issue concerning the interpretation or implementation of the AFI Settlement arises~~ major stakeholders;

viii. represent the Debtors' interests through counsel before this Court;

ix. ~~The CRO shall provide advice regarding the allocation of any AFI Settlement proceeds amongst the Debtors' creditors;~~ select and retain professionals and advisors for the Debtors pursuant to Court approval if and as required by the Bankruptcy Code.

x. ~~The CRO shall assist in the allocation of assets among the Debtors;~~

c. ~~xi.~~ The CRO shall provide testimony in Bankruptcy Court as required or appropriate during the Chapter 11 Cases;

d. ~~xii.~~ The CRO shall participate in meetings internally or with outside constituencies ~~as requested by the Company~~; and

e. ~~xiii.~~ The CRO shall provide such other services, advice, or assistance as may be requested by the ~~Company~~ Board from time to time in connection with this engagement.

b. ~~Additional Responsibilities: While Mr. Kruger's engagement does not extend to representing the Company's individual directors, officers, employees, or shareholders, upon the mutual agreement of the Company and Mr. Kruger, Mr. Kruger may provide information or advice to directors, officers, or employees in their corporate capacities.~~

~~The CRO shall not be obligated to be available to perform Services hereunder for any specific minimum number of hours or at any specific location during any period, it being understood that Mr. Kruger shall be obligated to furnish such hours of Services as he deems necessary to perform his duties as CRO.~~

~~The Services, as outlined above, are subject to change as mutually agreed between the Company and Mr. Kruger, and at all times shall encompass those consistent with the parties' ethical and fiduciary obligations.~~

c. ~~Reporting: The CRO shall report to the Board of Directors of the Company.~~

ny-1080093