**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11    No. 12-12032 |
| | ) | |
| GMAC MORTGAGE, LLC, | ) | Jointly Administered under No. |
| | ) | 12-12020 |
| Debtor, | ) | |
| | ) | Adversary No. _____ |
| | ) | |

**UNIVERSAL RESTORATION SERVICES, INC.'S**
**ADVERSARY COMPLAINT TO RECOVER MONEY PURSUANT TO**
**RULE 7001(1) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Plaintiff, Universal Restoration Services, Inc. ("Universal"), brings this action against Debtor/Defendant, GMAC Mortgage, LLC ("GMAC") pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure to recover money being held in trust for Universal by GMAC, and in support thereof, Universal states as follows:

**PRELIMINARY STATEMENT**

Universal is the plaintiff in a suit presently pending in the Circuit Court of Cook County, Illinois, Law Division (No. 11 L 004635) in which GMAC is a named defendant. The state court complaint against GMAC alleges (i) breach of fiduciary duty; (ii) breach of contract; (iii) fraud; and (iv) constructive trust (Counts I-IV, respectively). The state court action against GMAC has been moved to the "bankruptcy stay calendar" pending resolution of Universal's position in GMAC's bankruptcy. Through this adversary proceeding, Universal seeks a determination that monies GMAC holds for Universal in trust or escrow for the benefit of Universal (which is the basis for the state court complaint) are not "property of the estate" under § 541 of the United States Bankruptcy Code (the "Code").

## JURISDICTION AND VENUE

1. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §157 and 1334 and 11 U.S.C §541. This is an adversary proceeding pursuant to Fed. R. Bankr. P. 7001(1) and a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

2. Venue is proper in this district pursuant to 28 U.S.C. §1409(a).

## PARTIES

3. Plaintiff, Universal, is an Illinois corporation, located in Cook County, Illinois.

4. Defendant, GMAC, is a mortgage provider and servicer and is an indirect, wholly owned subsidiary of Ally Financial Inc.

## STATEMENT OF FACTS

5. Universal's claims against GMAC arise out of a foreclosure action GMAC filed against Jorge Escobar ("Escobar"), No. 09 CH 07418 in the Circuit Court of Cook County, Illinois, Chancery Division ("Foreclosure Action").

6. Before GMAC filed the Foreclosure Action, Universal had filed and recorded its claim for mechanic's lien ("Mechanic's Lien") against Escobar's residential property which was the subject of the Foreclosure Action in the amount of $54,936.32.

7. Universal was not named as a party in the Foreclosure Action, and therefore, it filed a motion to intervene and seeking leave to file its proposed answer and counterclaim to foreclose Mechanic's Lien, wherein Universal asserted the priority of its lien ahead of GMAC's mortgage.

8. The Mechanic's Lien was later resolved in the Foreclosure Action as part of a global agreement between Escobar, GMAC and Universal, pursuant to which Universal received

payment for that work from GMAC who had received funds from the Escobar's insurer to pay for work Universal performed at the property.

9. However, prior to the global agreement and prior to Universal's receipt of payment for the work, a fire occurred at Escobar's property causing new and additional damages.

10. Escobar and Universal thereupon entered into a written contract dated October 2, 2009 ("October 2, Contract"), whereby they agreed Universal would perform new and additional work on the property to repair the fire damage. A copy of the October 2, 2009 Contract is attached hereto as **Exhibit A**.

11. Universal prepared an estimate of $109,410.52 for fire damage repair work to be performed on the mortgaged property.

12. As a result of the contract between Escobar and Universal, an insurance claim was submitted to Auto Club Insurance Association ("ACIA"), the insurer insuring the property for fire damage. ACIA accepted its coverage obligation, and approved Universal's $109,410.52 initial estimate.

13. On or about August 21, 2009, ACIA insurance adjuster Karl Meinhardt communicated with Racquel Flores of GMAC regarding the initially approved $109,410.52 Universal estimate.

14. At all relevant times GMAC knew and was aware of the scope of the property damage, knew that Universal was performing the work at the property pursuant to the October 2, 2009 Contract , and knew that Escobar and ACIA had agreed to Universal performing the work to repair the fire damage pursuant to the estimate.

15. On August 24, 2009, ACIA issued check no. 30709708 payable to the Escobars, GMAC *and Universal* in the amount of $108,910.52, to pay Universal for the initial additional

3

repair work. A true and correct copy of the check is attached hereto as **Exhibit B**. The amount of the payment was based solely on Universal's estimate to repair the property, and it was mailed to Universal's home office.

16. To ensure timely payment to Universal, an oral agreement (subsequently incorporated into a court order in the Foreclosure Action) was made among counsel for the parties at a scheduled hearing in the Foreclosure Action whereby GMAC agreed to hold in escrow the $108,910.57 of insurance proceeds to pay Universal for fire repair damage work it had contracted to perform.

17. Counsel for Universal, GMAC and Escobar orally agreed at the hearing in the Foreclosure Action that GMAC, in the capacity of an escrowee, would hold the said $108,910.57 of insurance proceeds solely for the benefit of Universal ("Escrow Agreement"), and drafted an order reflecting that agreement.

18. Further, in connection with the Foreclosure Action, Universal, GMAC and Escobar entered into successive agreements whereby Universal would be paid for its earlier work and, that GMAC would receive the $108,910.57 of insurance proceeds pursuant to the Escrow Agreement to pay Universal for fire damage repair work it had contracted to perform.

19. Accordingly, as stated above, on September 22, 2009, the Circuit Court of Cook County entered an agreed order in the foreclosure proceeding ("September 2009 Order"), drafted and agreed to by attorneys for Escobar, GMAC and Universal, stating that: "GMAC is receiving a fully negotiable check for $108,910.52 for portion of prospective fire repair, to be held in escrow by GMAC & paid to Universal Restoration Services with customary draws as work proceeds." The foregoing September 2009 Order contemplated that the $108,910.52 was only a portion of the cost of the prospective fire damage repair work to be performed by Universal. The Escrow

4

Agreement and the September 2009 Order also contemplated that GMAC would pay Universal customary construction draws as its fire damage repair work progressed. A true and correct copy of the Order is attached hereto as **Exhibit C**.

20.     At the time the September 22, 2009 order was entered, Universal agreed that GMAC could take possession of the check for the insurance proceeds based on representations made at the hearing by counsel for GMAC that the funds would be held in escrow for Universal and based on the inclusion of that language in the order.

21.     Therefore, it stands to reason that GMAC knew Universal expected to be paid from the escrow funds when it agreed to the entry of the September 2009 Order, and the language of the September 2009 Order constituted an express promise by GMAC to pay Universal for its work from the escrowed funds.

22.     GMAC accepted the $108,910.52 check issued by ACIA and on information and belief, negotiated the check and deposited the $108,910.57 of insurance proceeds in GMAC's own operating or other account.

23.     While the initial October 2, 2009 Contract was for the sum of $109,410.52, on or about October 22, 2009, the October 2, 2009 Contract was amended by Universal and Escobar and increased to the amount of $151,691.04 ("Amended October 22, 2009 Contract") for necessary repair of additional fire damage to the property that had been identified. A true and correct copy of the Amended October 22, 2009 Contract is attached hereto as **Exhibit D**.

24.     <u>In reliance on the aforesaid representations</u>, agreements and the September 2009 Order, Universal began performing fire damage repair work at the property pursuant to the Amended October 22, 2009 Contract. Universal initially completed work for the amount of $10,986.80, and sought payment from escrowed insurance proceeds being held by GMAC.

25. Despite Universal's foregoing request for payment, in violation of the Escrow Agreement, GMAC failed and refused to pay Universal the $10,986.80 progress payment due and owing to Universal.

26. At some point, due to the Foreclosure Action, Escobar vacated the property and surrendered possession thereof to GMAC, thereby requiring that GMAC cooperate with Universal to coordinate the remaining work, which included giving Universal access to the property in addition to paying Universal pursuant to the Escrow Agreement and September 2009 Order.

27. In conformity with the Escrow Agreement and the September 2009 Order, Universal submitted its progress payment requests to GMAC upon completing a portion of fire damage repair work.

28. GMAC failed to make payments to Universal from the funds it held in escrow, despite repeated requests by Universal. Such requests and communications about payment included, but were not limited to, communications from Universal with Racquel Flores, an employee of GMAC, on the following dates: September 28, 2009; October 2, 2009; October 19, 2009; October 26, 2009; November 5, 2009; December 14, 2009; and December 15, 2009.

29. Beginning on December 29, 2009, Universal also began communicating with GMAC employee Susan Turner about payments due for the work completed and about remaining fire damage repair work to be performed.

30. On December 30, 2009, Susan Turner confirmed with Universal the scope of the work to be performed and completed by Universal.

31. Thereafter, Universal continued to communicate and/or attempt to communicate with GMAC through March 31, 2010. GMAC failed to make any payments to Universal despite the repeated demands.

6

32. Thereafter, counsel for Universal contacted counsel for GMAC regarding the outstanding payment and to obtain GMAC's cooperation to allow the balance of the work to proceed.

33. GMAC failed to cooperate or communicate with Universal thereby preventing Universal from completing the remaining work under the Amended October 22, 2009 Contract and failed to pay Universal from escrowed insurance proceeds for fire damage repair work already completed pursuant to said agreement.

34. On information and belief, GMAC has retained for its own benefit all of the insurance proceeds it received as escrowee and is obligated to pay Universal pursuant to the Escrow agreement and the September 2009 Order.

## CLAIMS FOR RELIEF

## COUNT I

**(Determination that Funds are not "Property of the Estate" under §541)**

35. Plaintiff re-alleges and fully incorporates the allegations pleaded above as paragraphs 1-33 as if fully set forth herein.

36. Federal Rule of Bankruptcy Procedure 7001(1) states:

"An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:

> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017 or Rule 6002."

37. Plaintiff, Universal brings this action pursuant to Rule 7001(1) to recover the funds being held in escrow by GMAC, as such funds are being held in trust for Universal and not "property of the estate" under § 541 of the Code.

38. The funds being held by GMAC are and at all relevant times have been held in trust for the benefit of Universal as re-affirmed and established as a matter of law by means of the September 2009 Order attached hereto as **Exhibit C**, and thus, such funds are not and never were property of GMAC's bankruptcy estate.

39. Universal is entitled to a turnover of said funds being held in trust by GMAC for its benefit in the amount of $108,910.52.

## COUNT II

### (Promissory Estoppel)

40. Plaintiff re-alleges and fully incorporates the allegations pleaded above as paragraphs 1-33 as if fully set forth herein.

41. GMAC made a clear and unambiguous promise to hold the funds in escrow and pay Universal as work on the original October 2, 2009 Contract and work on the Amended October 22, 2009 Contract progressed.

42. Plaintiff relied on GMAC's promise to make payments from the funds held in escrow when it entered into the October 2, 2009 Contract and the Amended October 22, 2009 Contract, agreed to the entry of the September 2009 Order in the Foreclosure Action, and agreed to surrender possession of the check to GMAC.

43. Plaintiff's reliance on GMAC's promise was foreseeable; especially in light of the entry of the September 2009 Order and the express language contained therein.

44. Plaintiff's reliance on GMAC's promise was to its detriment; as of the current date, Plaintiff has yet to be paid for the work already performed on the property or to realize the expectancy of the Amended October 22, 2009 contract, for which GMAC promised payment was to be made from the escrowed funds.

## PRAYER

WHEREFORE, Plaintiff, Universal Restoration Services, Inc., respectfully requests that the Court enter an order:

(a) Declaring that the funds being held in escrow by GMAC are being held in trust for Universal and thus not property of the estate under § 541 of the Code;

(b) Determining that GMAC is estopped from claiming said funds are property of the estate pursuant to the doctrine of promissory estoppel;

(c) Directing GMAC to turn over said funds to Universal in the amount of $108,910.52;

(d) Granting Universal any other and further relief to which it may be entitled.

**Dated: March 1, 2013**

**LEVENFELD PEARLSTEIN, LLC,**

By: ___/s/__Jonathan P. Friedland_____

Jonathan P. Friedland [IL ARDC # 6257902]
Mitchell Bryan [IL ARDC # 6183011]
Jamie L. Burns [IL ARDC #6300120]
LEVENFELD PEARLSTEIN, LLC
2 N. LaSalle St., Ste. 1300
Chicago, Illinois 60602
Phone: (312) 346-8380
Facsimile: (312) 346-8434

*Counsel for Universal Restoration Services, Inc.*