MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**PROPOSED AGENDA FOR MATTERS SCHEDULED
TO BE HEARD ON MARCH 5, 2013 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY 10004-1408

**I.    WITHDRAWN MATTERS**

**1.**     Debtors' Motion for Entry of an Order (I) Imposing Sanctions Against Kenneth J. Taggart for Violations of Bankruptcy Rule 9011 and (II) Implementing Injunctive Procedures Barring Additional Filings Without Prior Leave of The Court [Docket No. 2942]

**Related Documents**:

**a.**     Notice of Withdrawal of Debtors' Motion for Entry of an Order (I) Imposing Sanctions Against Kenneth J. Taggart for Violations of Bankruptcy Rule 9011 and (II) Implementing Injunctive Procedures Barring Additional Filings Without Prior Leave of The Court [Docket No. 3081]

**Responses**:    None.

ny-1079403

  **Status**:  This matter has been withdrawn.  No hearing is required.

**II.**  **ADJOURNED MATTERS**

**1.**  Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts Claims for Purposes of any Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2284]

  **Related Documents**:

   **a.**  Declaration of Eric D. Winston in Support of Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts Claims for Purposes of any Chapter 11 Plan for the Debtors [Docket No. 2285]

   **b.**  Notice of Hearing in Respect of Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts Claims for Purposes of any Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2286]

   **c.**  Request for Judicial Notice in Support of Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts Claims for Purposes of any Chapter 11 Plan for the Debtors [Docket No. 2287]

   **d.**  Notice of Adjournment of Hearing and Extension of Objection Deadline Concerning Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts Claims for Purposes of any Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class that Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2504]

   **e.**  So-Ordered Stipulation [Docket No. 2537]

    **f.**    Declaration of Tammy Hamzehpour In Support of the Debtors' Opposition to Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company and the Prudential Entities for an Order Under Bankruptcy Rule 3013 Concerning Subordination of Investors' Securities Claims [Docket No. 2956]

    **g.**    Declaration of Bryan M. Kotliar in Support of the Debtors' Opposition to Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company and the Prudential Entities for an Order Under Bankruptcy Rule 3013 Concerning Subordination of Investors' Securities Claims [Docket No. 2958]

    **h.**    Declaration of Walter H. Curchack in Support of the Objection of Wilmington Trust, National Association to the Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts' Claims for Purposes of any Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2961]

    **i.**    Notice of Adjournment of Hearing with Respect to Motion Under Bankruptcy Rule 3013 [Docket No. 3058]

**Responses**:

    **a.**    Debtors' Opposition to Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company and the Prudential Entities for an Order Under Bankruptcy Rule 3013 Concerning Subordination of Investors' Securities Claims [Docket No. 2953]

    **b.**    Joinder of the Steering Committee Group of RMBS Holders to RMBS Trustees' Objection to Motion Of AIG Asset Management (U.S.), LLC, The Allstate Entities, Massachusetts Mutual Life Insurance Company, And The Prudential Entities For An Order Under Bankruptcy Rule 3013 (I) Classifying RMBS Fraud Claims In The Same Class As The Securitization Trusts' Claims For Purposes Of Any Chapter 11 Plan For The Debtors And (II) Directing That Misrepresentation Claims Cannot Be Placed In A Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2954]

    **c.**    Objection of MBIA Insurance Corporation to Motion of AIG Asset Management (U.S.), L.L.C., The Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013(i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts' Claims for Purposes of any Chapter 11

| | |
|---|---|
| | Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot be Placed in a Plan Class That Will be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2955] |
| **d.** | Limited Objection of the Ad Hoc Group of Junior Secured Noteholders to the Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts' Claims for Purposes of any Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2957] |
| **e.** | Objection of Wilmington Trust, National Association to the Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts' Claims for Purposes of any Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2959] |
| **f.** | Joinder of Lead Plaintiff New Jersey Carpenters Health Fund on Behalf of Itself and the Certified Class It Represents to Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts Claims for Purposes of any Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2962] |
| **g.** | Joinder of Cambridge Place Investment Management Inc. to Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts Claims for Purposes of any Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2964] |
| **h.** | Joinder of Union Central Life Insurance Company, Ameritas Life Insurance Corp., and Acacia Life Insurance Company to Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts Claims for Purposes of any |

        Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class That Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2966]

    **i.**    RMBS Trustees Objection To Motion Of AIG Asset Management (U.S.), LLC, The Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for an Order Under Bankruptcy Rule 3013 (i) Classifying RMBS Fraud Claims in the Same Class as the Securitization Trusts Claims for Purposes of Any Chapter 11 Plan for the Debtors and (ii) Directing that Misrepresentation Claims Cannot Be Placed in a Plan Class that Will Be Subordinated Under Bankruptcy Code Section 510(b) [Docket No. 2967]

    **j.**    Objection of Assured Guaranty Municipal Corp. and Certain Affiliates to Investors' Motion for Order Classifying Investors' Securities Claims in Same Class as Securitization Trusts' Contract Claims and Directing That Such Securities Claims Cannot Be Subordinated Pursuant to Bankruptcy Code Section 510(b) [Docket No. 2968]

    **Status**:    The hearing on this matter has been adjourned to a date to be determined.

**2.**    Motion of Masayo Richardson Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order [Docket No. 2849]

    **Related Documents**:

    **a.**    Notice of Adjournment of Hearing on Motion of Masayo Richardson Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to March 21, 2013 at 10:00 a.m. [Docket No. 3036]

    **Status**:    The hearing on this matter has been adjourned to March 21, 2013.

**3.**    Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation [Docket No. 2604]

    **Related Documents**:

    **a.**    Notice of Adjournment of Hearing on Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation to March 21, 2013 at 10:00 a.m. [Docket No. 2974]

    **Status**:    The hearing on this matter has been adjourned to March 21, 2013.

**4.**     Motion to Extend Time for Julio Solano to File Proof of Claim [Docket No. 2935]

    **Related Documents**:

    **a.**     Notice of Hearing on Motion to Extend Time for Julio Solano to File Proof of Claim [Docket No. 2934]

    **b.**     Declaration of Richard Sax in Support of Motion for Permission to Extend Deadline for Julio Solano to File Proof of Claim [Docket No. 2936]

    **c.**     Notice of Adjournment o Hearing on Motion to Extend Time for Julio Solano to File Proof of Claim [Docket No. 3046]

    **Status**:     The hearing on this matter has been adjourned to March 21, 2013.

## III.     ADJOURNED ADVERSARY PROCEEDING MATTERS

**American Residential Equities, LLC v. GMAC Mortgage, LLC (Adv. Proc. No. 12-01934)**

**1.**     Debtors' Motion for Dismissal of Adversary Proceeding [Docket No. 18]

    **Related Documents**:     None.

    **Responses**:     None.

    **Status**:     The hearing on this matter has been adjourned by mutual agreement of the parties to April 11, 2013.  A stipulation has been submitted to Chambers.

## IV.     UNCONTESTED MATTERS

**1.**     Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for an Order Authorizing the Debtors to Appoint Lewis Kruger as Chief Restructuring Officer [Docket No. 2887]

    **Related Documents**:     None.

    **Responses**:

    **a.**     Response Of The Official Committee Of Unsecured Creditors To Debtors' Motions For (I) Appointment Of A Chief Restructuring Officer And (II) Entry Of An Order Further Extending Their Exclusive Periods To File A Chapter 11 Plan And Solicit Acceptances Thereof [Docket No. 3042]

    **b.**     Statement of Wilmington Trust, National Association in Respect of the Debtors Motions for Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and for Appointment of Lewis Kruger as Chief Restructuring Officer, dated February 26, 2013 [Docket No. 3043]

**Replies:**

- **a.** Debtors' Omnibus Reply to Responses to (I) Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for an Order Authorizing the Debtors to Appoint Lewis Kruger as Chief Restructuring Officer and (II) Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof [Docket No. 3074]

**Status**: The hearing on this matter will be going forward.

**2.** Debtors' Application Under Bankruptcy Code Section 327(a), 328(a) And 363 For The Entry Of An Order Modifying The Retention And Employment Of FTI Consulting Inc. As Financial Advisor To The Debtors Pursuant To Second Addendum, *Nunc Pro Tunc* to December 5, 2012, And For Related Relief [Docket No. 2943]

**Related Documents**:

- **a.** Notice of Supplement to Debtors' Application Under Bankruptcy Code Section 327(a), 328(a) and 363 for the Entry of an Order Modifying the Retention and Employment of FTI Consulting Inc. as Financial Advisor to the Debtors Pursuant to Second Addendum, *Nunc Pro Tunc* to December 5, 2012, and for Related Relief [Docket No. 2998]

- **b.** Certificate of No Objection Regarding Debtors' Application Under Bankruptcy Code Section 327(a), 328(a) And 363 For The Entry Of An Order Modifying The Retention And Employment Of FTI Consulting Inc. As Financial Advisor To The Debtors Pursuant To Second Addendum, Nunc Pro Tunc to December 5, 2012, And For Related Relief [Docket No. 3073]

**Responses**: None.

**Status**: A certificate of no objection has been filed with the Court. The Court may determine that no hearing is required.

### V. CONTESTED MATTERS

**1.** Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof [Docket No. 2918]

**Related Documents**:

- **a.** Bridge Order Further Extending the Exclusive Period During Which Only the Debtors May File a Chapter 11 Plan [Docket No. 3007]

**b.**	Notice of Adjournment of Hearing on Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof to March 5, 2013 at 10:00 a.m. [Docket No. 3023]

**Responses**:

**a.**	Objection of Ad Hoc Group of Junior Secured Noteholders to Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof [Docket No. 2997]

**b.**	Response Of The Official Committee Of Unsecured Creditors To Debtors' Motions For (I) Appointment Of A Chief Restructuring Officer And (II) Entry Of An Order Further Extending Their Exclusive Periods To File A Chapter 11 Plan And Solicit Acceptances Thereof [Docket No. 3042]

**c.**	Statement of Wilmington Trust, National Association in Respect of the Debtors Motions for Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and for Appointment of Lewis Kruger as Chief Restructuring Officer, dated February 26, 2013 [Docket No. 3043]

**Replies**:

**a.**	Debtors' Omnibus Reply to Responses to (I) Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for an Order Authorizing the Debtors to Appoint Lewis Kruger as Chief Restructuring Officer and (II) Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof [Docket No. 3074]

**Status**:	The hearing on this matter will be going forward.

## VI. ADVERSARY PROCEEDING MATTERS

### Jenkins v. Residential Funding Co., LLC (Adv. Proc. No. 12-01935)

**1.**	Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

**a.**	Complaint [Docket No. 1]

**b.**	Summons with Notice of Pre-Trial Conference [Docket No. 5]

    **c.**    Agreed to Letter to Judge Glenn from Norman S. Rosenbaum Requesting an Extension of Deadline to Respond in Adversary Proceeding [Docket No. 7]

    **d.**    Memorandum Endorsed, So Ordered, Letter signed on December 14, 2012 Extending the Defendants' Deadline to Answer or Otherwise Respond to the Complaint until January 21, 2013 and Rescheduling the Pre-trial Conference to January 29, 2013 at 10:00 AM. [Docket No. 8]

    **e.**    Defendant Judy Faber's Motion for Dismissal of Adversary Proceeding Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 9]

    **f.**    Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement [Docket No. 10]

    **g.**    Debtor's Notice of Litigation Hold Notification, filed by Marion L. Jenkins [Docket No. 13]

    **h.**    Notice of Continued Pre-Trial Conference Scheduled for February 7, 2013 at 10:00 a.m. [Docket No. 14]

    **i.**    Notice of Adjournment of Continued Pre-Trial Conference and Hearing on Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement to March 5, 2013 at 10:00 a.m. [Docket No. 18]

    **Status**:    The pre-trial conference on this matter will be going forward.

**2.**    Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement [Docket No. 10]

    **Related Documents**:

    **a.**    Notice of Adjournment of Continued Pre-Trial Conference and Hearing on Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement to March 5, 2013 at 10:00 a.m. [Docket No. 18]

    **Responses**:    None.

    **Status**:    The hearing on this matter will be going forward.

| | |
|---|---|
| Dated: March 1, 2013<br>New York, New York | /s/ Gary S. Lee<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors and*<br>*Debtors in Possession* |