Hearing Date: March 15, 2013 at 10:00 a.m. (ET)
Objection Deadline: March 13, 2013 at 4:00 p.m. (ET)

**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
Thomas J. McCormack
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
Residential Capital, LLC, et al.,[1]                         :    Case No. 12-12020 (MG)
                                                             :
                                    Debtors.                 :    Jointly Administered
------------------------------------------------------------ x

### MOTION OF THE EXAMINER FOR ENTRY OF AN ORDER MODIFYING THE UNIFORM PROTECTIVE ORDER FOR EXAMINER DISCOVERY

Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases, hereby moves (the "Motion") for an order substantially in the form attached hereto as Exhibit 1, modifying certain provisions in the Uniform Protective Order for Examiner Discovery (the "Protective Order") (Dkt. No. 1223-1), which is Exhibit A to the Order (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

of Persons and Entities, (II) Establishing Procedures for Responding to Those Subpoenas, (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (IV) Approving Protective Order, dated August 20, 2012 (the "Examiner Discovery Order") (Dkt. No. 1223), a copy of which is attached as Exhibit 2, to impose certain deadlines with respect to the issuance of "clawback" requests under Paragraph 26 of the Protective Order. In support thereof, the Examiner respectfully states as follows:

## PRELIMINARY STATEMENT

1. On August 20, 2012, the Court issued the Examiner Discovery Order, in order to facilitate the diligent performance of the Examiner's investigation and discharge of the Examiner's duties in this matter. The Examiner Discovery Order included as Exhibit A thereto the Protective Order. Paragraph 26 of the Protective Order contained a "clawback" provision which provides in pertinent part:

> "If a Disclosing Party inadvertently or mistakenly produces information that is protected or prohibited from disclosure, upon written request ['Clawback Request'] by the Disclosing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall use all commercially reasonable efforts to return or destroy the information for which a claim of inadvertent production is made and all copies of it, including any work product containing, identifying, or referencing such information, within five business days of such request, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information. If the Receiving Party returns such information, it may then move the Court for an order compelling production of the information, but that motion shall not assert as a ground for entering such an order the fact or circumstance of the inadvertent production of the information."

2. To date, more than 1.1 million documents, amounting to more than 8 million pages, have been produced to the Examiner as part of the Examiner's investigation.

3. Since the beginning of this year, the Examiner has received from various parties numerous Clawback Requests under Paragraph 26 of the Protective Order. These

2

Clawback Requests have covered more than a thousand documents, amounting to many thousands of pages.  Many of these Clawback Requests have been based on the so-called "bank examination privilege."  Others have been based on the attorney-client privilege and/or the work product doctrine.

    4. In addition, further Clawback Requests of substantial size have continued to arrive in recent days.  On the evening of February 28, 2013, the Examiner received a Clawback Request from the Debtors covering more than 14,000 documents from the Debtors' recent production and received a second request from the Debtors on March 4, 2013 covering 5 additional documents.  These requests seek to "claw back" what is estimated to be more than one hundred thousand pages of material.  Then, on the afternoon of Sunday, March 3, 2013, the Examiner received a Clawback Request from Cerberus Capital Management, L.P. ("<u>Cerberus</u>"), covering approximately 950 documents.  This request seeks to "claw back" what is estimated to be thousands of pages of material.  This request was represented to be based upon attorney-client privilege grounds (which Cerberus's counsel stated had been brought to their attention by counsel for Ally Financial, Inc. ("<u>Ally</u>")).  The Examiner has not yet had the opportunity to fully assess the basis of these latest requests or the level of resources that will have to be devoted to their review and resolution.

    5. The impact of these Clawback Requests on the Examiner's investigation and report preparation process has been significant, because many of the documents that have been the subject of the Clawback Requests have become deeply embedded in the work streams of the Examiner's professionals since the time of their production to the Examiner.  Responding to the Clawback Requests requires surveying all the various teams involved in the Examiner's investigation to determine if such documents are being used by them in their work product, and

3

then taking necessary steps to modify or adjust their work product in light of the Clawback Requests.

6. As the Examiner moves toward completion of the investigation and issuance of his report, the receipt of further Clawback Requests — particularly given the volume of requests received to date — creates the risk of greater complication and potential disruption to the orderly completion of the Examiner's task.

7. Accordingly, the Examiner seeks to modify Paragraph 26 of the Protective Order to impose certain time deadlines on the issuance of further Clawback Requests to the Examiner by any "Disclosing Party" (as that term is defined in the Protective Order). The Examiner seeks to have deadlines that are fair and reasonable in the circumstances, and which take into account legitimate concerns as to the bank examination privilege. Thus, the Examiner seeks to have the clawback provision modified to provide that:

> (a) other than as to documents produced to the Examiner after March 15, 2013, no Disclosing Party shall make a Clawback Request to the Examiner after March 22, 2013, and the Examiner shall not be obligated to take any action, or to refrain from taking any action, in response to any Clawback Request made to the Examiner after March 22, 2013;
>
> (b) as to any document produced to the Examiner after March 15, 2013, no Disclosing Party shall make a Clawback Request to the Examiner more than 14 days after the production of such document, and the Examiner shall not be obligated to take any action, or to refrain from taking any action, in response to any Clawback Request that was made to the Examiner more than 14 days after the production of such document;
>
> (c) the foregoing provisions in paragraphs (a) and (b) above are qualified to the extent that a party may make a Clawback Request to the Examiner after the relevant deadlines set forth in paragraph (a) or paragraph (b) above (as may be appropriate) if and only if such Clawback Request is based upon bank regulatory privilege and is strictly confined to just those specific portions of the subject document which are claimed to be subject to such bank regulatory privilege; and
>
> (d) if a Clawback Request is made pursuant to paragraph (c) above, the Examiner may reject such Clawback Request by giving written notice of such rejection to the party making such Clawback Request, with such rejection being deemed final

and binding unless the party making such Clawback Request files a motion with the Court to challenge the rejection within 7 days after the rejection, and there will be a presumption in favor of the Examiner in regard to any such challenge.

8. The Examiner respectfully submits that the above modification to Paragraph 26 of the Protective Order would provide the Examiner with necessary relief to help ensure the orderly completion of the investigation and the timely issuance of the Examiner's report, while fairly balancing the legitimate interests of parties who have produced and will produce documents to the Examiner in connection with his investigation. Accordingly, the Examiner respectfully requests that the Motion be granted.

9. Counsel for Ally has advised the Examiner that Ally opposes the Examiner's proposed order.

## **NOTICE**

10. Notice of this Motion has been provided in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered by this Court on May 23, 2012 [Docket No. 141] (the "Case Management Order"), and notice has been given to (i) the Office of the U.S. Trustee, (ii) the Debtors, (iii) the Official Committee of Unsecured Creditors, (iv) the parties identified on the Monthly Service List (as defined in the Case Management Order), and (v) all parties whom the Examiner has served with a subpoena pursuant to the Examiner Discovery Order. The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

11. No prior application for the relief requested herein has been made by the Examiner to this or any other court.

WHEREFORE, the Examiner respectfully requests that this Court grant the Motion and enter an order, substantially in the form attached hereto as Exhibit 1, modifying paragraph 26 of the Protective Order to impose the requested deadlines with respect to the issuance of Clawback Requests thereunder, and granting the Examiner such other and further relief as the Court deems just and proper.

Dated: March 4, 2013
      New York, New York

**CHADBOURNE & PARKE LLP**

By:     */s/ Howard Seife*
Howard Seife
David M. LeMay
Thomas J. McCormack
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Examiner*