**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x
In re:                                                    :    Chapter 11
                                                          :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                      :    Case No. 12-12020 (MG)
                                                          :
                    Debtors.                              :    Jointly Administered
--------------------------------------------------------- x

## ORDER (I) GRANTING EXAMINER AUTHORITY TO ISSUE SUBPOENAS FOR THE PRODUCTION OF DOCUMENTS AND AUTHORIZING THE EXAMINATION OF PERSONS AND ENTITIES, (II) ESTABLISHING PROCEDURES FOR RESPONDING TO THOSE SUBPOENAS (III) APPROVING ESTABLISHMENT OF A DOCUMENT DEPOSITORY AND PROCEDURES TO GOVERN USE, AND (IV) APPROVING <u>PROTECTIVE ORDER</u>

Upon the motion (the "<u>Motion</u>") of Arthur J. Gonzalez, the Court-appointed Examiner (the "<u>Examiner</u>") for Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>"), pursuant to 11 U.S.C. §§ 105(a), 1106(a)(3)-(4), 1106(b), 1109(b), and Fed. R. Bankr. P. 2004 ("<u>Bankruptcy Rule 2004</u>") for the entry of an order (i) authorizing the Examiner to issue subpoenas for the production of documents and the examination of persons and entities determined by the Examiner to have information relevant to the issues the Court has, or may, direct the Examiner to investigate (ii) establishing procedures governing responses to those subpoenas and the exhibits thereto submitted in support thereof (iii) approving the establishment of a central document depository

---

[1]   The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

and procedures to govern its use, and (iv) approving a uniform protective order; the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

and 1334; and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant

to 28 U.S.C. §§ 1408 and 1409; and after due deliberation, and good and sufficient cause

appearing therefor; it is hereby:

ORDERED, that the Motion is granted as set forth herein; and it is further

ORDERED, that the Examiner is authorized, but not directed, pursuant to Bankruptcy

Rule 2004, to issue such subpoenas as may be necessary to compel the production of documents

and the testimony of witnesses in connection with the Examiner's investigation; and it is further

ORDERED, that the Examiner shall serve each subpoena and a copy of this Order on

the target of the subpoena, with copy to (i) the Debtors; (ii) the Official Committee of Unsecured

Creditors; and (iii) the United States Trustee; and it is further

ORDERED, that the Examiner shall file with the Court an affidavit or declaration of

service for each subpoena he serves; and it is further

ORDERED, that unless otherwise agreed to by the Examiner, witnesses shall have ten

days from the service of the subpoena to either (1) produce to the Examiner all responsive

documents requested in the Examiner's subpoena (except as otherwise provided herein) or (2)

file with the Bankruptcy Court an objection or response to the subpoena, with a hearing promptly

scheduled; provided, however, witnesses shall not be subject to the ten day time limitation set

forth herein with respect to the production of electronic documents, but witnesses shall use their

reasonable best efforts to produce such electronic documents to the Examiner as soon as is

reasonably practicable, including on a rolling basis; and it is further

ORDERED, that, unless otherwise agreed by the Examiner, if a witness withholds any documents from the production based upon a claim of privilege, such witness is directed to provide the Examiner with a privilege log, containing the information required under Bankruptcy Rule 7026 within ten days of the service of the subpoena upon the witness; provided, however, witnesses shall not be subject to the ten day time limitation set forth herein with respect to a privilege log solely reflecting electronic documents, but witnesses shall use their reasonable best efforts to provide the Examiner with such a privilege log as soon as is reasonably practicable; and it is further

ORDERED, that absent other agreement with the Examiner, each witness is directed to submit to oral examination upon reasonable notice and, absent other agreement with the Examiner, in no event more than fifteen days from the date of service of a deposition subpoena upon such witness, which deposition counsel to the Debtors, the Official Committee of Unsecured Creditors, Ally Financial Inc., Cerberus Capital Management L.P., Wilmington Trust, as Indenture Trustee to the Senior Unsecured Notes, and the United States Trustee may attend; and it is further

ORDERED, that nothing herein limits the substantive rights of witnesses or other parties under applicable law to object to or oppose any subpoena the Examiner may serve, or to seek an extension of time to respond to any such subpoena; and it is further

ORDERED, that the Examiner is authorized to establish and maintain a centralized document depository (the "Document Depository"), subject to the protocols and procedures set forth herein:

    a.   The Examiner shall establish and maintain a Document Depository to permit access by the persons and entities identified herein to all documents and other information (the "Discovery Material") produced to the Examiner by any individual or entity (a "Disclosing Party")

3

other than Discovery Material that is designated "Highly Confidential" under the terms of the Protective Order (as defined below) by the Disclosing Party and which continue to retain such designation. The Document Depository shall be an electronic resource accessible through the Internet to those persons who are given an account and password therefor by the Examiner.

b.  The Debtors, the Official Committee of Unsecured Creditors, Ally Financial Inc., the United States Trustee, Wilmington Trust, as Indenture Trustee to the Senior Unsecured Notes, and the Ad Hoc Group of Junior Secured Noteholders, and those persons or entities who may in the future be granted access to the Document Depository pursuant to paragraph "h" below or by order of the Court as more particularly provided herein, and each of their Advisors (as defined in the Protective Order), shall be entitled to access to the Document Depository ("Depository Designees").

c.  The Document Depository shall hold Discovery Material in the form in which it was produced to the Examiner. The Examiner shall not be responsible for loading such Discovery Material onto any other electronic platform or application, or for processing or formatting the Discovery Material in any way.

d.  The Document Depository shall store all Discovery Material that is produced to the Examiner by a Disclosing Party in connection with the Examiner's investigation other than that which has been properly segregated and identified as "Highly Confidential" Discovery Material ("Depositable Material"). Disclosing Parties shall be responsible for clearly electronically segregating and identifying any "Highly Confidential" Discovery Material that they may produce to the Examiner separate from all other Discovery Material that they produce to the Examiner, at the time of such production. If "Highly Confidential" Discovery Material is produced to the Examiner without being clearly electronically segregated and identified as "Highly Confidential," the Examiner shall not be responsible for identifying or electronically separating and removing such "Highly Confidential" Discovery Material from the productions of Discovery Material in which they were commingled before depositing such productions into the Document Depository.

e.  Discovery Material that has been properly segregated and identified as "Professionals' Eyes Only" shall be stored in the Document Depository in a manner such that it is accessible only to those duly authorized representatives of Depository Designees to whom "Professionals' Eyes Only" Discovery Material may be disclosed under the terms of the Protective Order. Disclosing Parties, however, shall be responsible for clearly electronically segregating and identifying any "Professionals'

Eyes Only" Discovery Material that they may produce to the Examiner separate from all other Discovery Material that they produce to the Examiner, at the time of such production.  If "Professionals' Eyes Only" Discovery Material is produced to the Examiner without being clearly electronically segregated and identified as "Professionals' Eyes Only," the Examiner shall not be responsible for identifying or electronically separating and removing such "Professionals' Eyes Only" Discovery Material from the productions of Discovery Material in which they were commingled before depositing such productions into the Document Depository, or before making such Discovery Material accessible to all duly authorized representatives of Depository Designees.

f.   The Examiner shall deposit into the Document Depository all Depositable Material that has been produced to him to date.  When the Examiner receives additional Depositable Material thereafter, he shall deposit all such additional Depositable Material into the Document Depository.  The Examiner shall send notification to the Depository Designees of the receipt of each new production of Discovery Material, indicating that the material is, or soon will be, available for download.

g.   Those persons who have identified themselves in writing as duly authorized representatives of the Depository Designees to the satisfaction of the Examiner shall be given an account and password by the Examiner that will enable them to have access to all of the Discovery Material in the Document Depository to which they are permitted access under the terms of the Protective Order, provided that such representative of such Depository Designee signs or already has signed the acknowledgment attached to the Protective Order as Schedule 1 (the "Acknowledgment"), subject to the provisions of this Order.

h.   Any party to these Chapter 11 Cases who is not currently a Depository Designee and wishes to have access to the contents of the Document Depository (a "Requesting Party") shall provide written notice by e-mail of such request to the Examiner, the Depository Designees and the Disclosing Parties.  If, within five (5) business days after such notice is given by a Requesting Party, no Disclosing Party and no existing Depository Designee gives written notice by e-mail to the Examiner, the Depository Designees and the Disclosing Parties, that it objects to the Requesting Party being given access to the contents of the Document Depository generally, or to the Discovery Material of one or more specifically identified Disclosing Parties, then the Requesting Party (and its Advisors, as defined in the Protective Order) shall become a Depository Designee upon signing the Acknowledgment, subject to the provisions of this Order.  Those

5

persons who have identified themselves in writing as duly authorized representatives of such Requesting Party to the satisfaction of the Examiner shall be given an account and password by the Examiner that will enable them to have access to all of the Discovery Material in the Document Depository to which they are permitted access under the terms of the Protective Order.

i.   If any Disclosing Party or any existing Depository Designee gives written notice by e-mail to the Examiner, the Depository Designees and the Disclosing Parties that it objects to a Requesting Party being given access to the contents of the Document Depository generally, or to the Discovery Material of one or more specifically identified Disclosing Parties, then the Court shall resolve whether or not the Requesting Party shall be allowed access to the Document Depository, or the Discovery Documents of the specifically identified Disclosing Parties, on expedited motion to be made by the Requesting Party.  The Requesting Party shall not become a Depository Designee, or be given access to the Document Depository or to the Discovery Material of such specifically identified Disclosing Parties, unless and until a Court order allows such access and the representatives of the Requesting Party sign the Acknowledgment.  Within three business days after such Court order and such signing of the Acknowledgment, those persons who have identified themselves in writing as duly authorized representatives of the Requesting Party to the satisfaction of the Examiner shall be given an account and password by the Examiner that will enable them to have access to all or such portion of the Discovery Material in the Document Depository to which they are permitted access under the terms of the Protective Order and as the Court order may permit.

j.   The Examiner shall promptly notify the Depository Designees by e-mail of the addition of any Discovery Material to the Document Depository, which notification shall include the identification of the Disclosing Party and any transmittal information provided by the Disclosing Party with respect to such added Discovery Material; and it is further

ORDERED, that the Uniform Protective Order for Examiner Discovery (the "Protective Order") attached hereto as Exhibit A is approved; and it is further

ORDERED, that the Depository Designees and any person who has been given an account and password for the Document Depository by the Examiner shall be bound by the terms of this Order, and of the Protective Order, and shall be deemed to have submitted to and to be

subject to the jurisdiction of the Court to address any issues regarding access to, use of, or

operation of the Document Depository and/or its contents, or otherwise relating to the Document

Depository and/or its contents or to the Protective Order.

ORDERED, that the Protective Order shall govern the disclosure, discovery,

production and use of all Discovery Material provided to the Examiner in these Chapter 11

Cases, including that which is placed into the Document Depository; and it is further

ORDERED, that the Protective Order shall supersede any confidentiality agreements

entered into by the Examiner with any parties in interest; and it is further

ORDERED, that this Court shall have exclusive jurisdiction to hear and determine all

matters arising from or relating to this Order and its implementation.

Dated:    August 20, 2012
          New York, New York

                              _____/s/Martin Glenn_____
                                  MARTIN GLENN
                           United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- X
                                       :

In re:                               :         Chapter 11
                                         :

RESIDENTIAL CAPITAL, LLC, et al.,    :         Case No. 12-12020 (MG)
                                       :

                Debtors.     :         Jointly Administered
                                         :

-------------------------------------------------------- X

## UNIFORM PROTECTIVE ORDER FOR EXAMINER DISCOVERY

        The terms and conditions of this uniform protective order (the "Protective Order") shall govern the disclosure, discovery, production and use of documents and other information provided to Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") and/or made available through a central document depository (the "Document Depository") to other parties in interest who have been granted access to such Document Depository (the "Depository Designees") in the Chapter 11 Cases.

        1.     For purposes of this Protective Order, the following terms shall have the following indicated meanings:

        "Advisors" shall include counsel, consultants, accountants, experts, auditors, examiners, financial advisors, appraisers or other agents or professionals.

        "Confidential Information" means any and all proprietary and confidential nonpublic information (whether in writing or orally or in any other format) produced, provided, given or exchanged by a Disclosing Party (defined below) that is marked or designated by such

Disclosing Party as being "Confidential," including, without limitation, information concerning the Disclosing Party's assets, liabilities, business operations, business practices, business plans, financial projections, financial and business analyses, corporate governance, intellectual property, trade secrets and compilations and studies relating to the foregoing. Confidential Information includes, but is not limited to, all analyses, compilations, forecasts, studies or other documents prepared by a Receiving Party in connection with its review of, or interest in, the Chapter 11 Cases, which contain or reflect or are based upon any such Confidential Information provided by the Disclosing Party.

The term Confidential Information will not include information that:

(i) is or becomes publicly available other than as a result of a disclosure by any Receiving Party or any of its Representatives or Advisors in breach of this Protective Order,

(ii) a Receiving Party or its Representatives or Advisors obtains independently, not pursuant to this Protective Order,

(iii) is or becomes available to the Receiving Party or any of its Representatives or Advisors on a non-confidential basis from a source (other than a Disclosing Party), which source is not known to the Receiving Party (who shall have no duty of investigation in this regard) to be subject to any prohibition from disclosing such information to the Receiving Party,

(iv) is independently developed by such Receiving Party or any of its Representatives or Advisors without violating its obligations hereunder and without using any Confidential Information,

(v) is disclosed or is required to be disclosed by law, rule, regulation or legal process, subject to the requirements of paragraph 12 below,

(vi) is obtained by the Receiving Party through subpoena, formal discovery or other process as contemplated by paragraph 14 below, or

(vii) is determined by a court of competent jurisdiction not to be Confidential Information.

"Disclosing Party" means any person or entity producing Discovery Material to the Examiner.

"Discovery Material" refers to all discovery documents, deposition testimony, interrogatory answers, and other information produced, given, provided or exchanged in connection with discovery to the Examiner in these Chapter 11 Cases.

"or" shall not be construed as exclusive.

"Receiving Party" means the Examiner and any party receiving or that may be granted access to Discovery Material subject to this Protective Order, including Depository Designees.

"Representatives" shall include affiliates, directors, officers, partners, members, and employees.

2.    This Protective Order shall govern the disclosure, discovery, production and use of all Discovery Material provided to the Examiner, including all Discovery Material placed into the Document Depository.  The Examiner's obligations with respect to Discovery

- 3 -

Material and the Document Depository shall not be understood or construed to extend beyond the express terms of this Protective Order.

      3.    Each Receiving Party hereby agrees that it will:

      (a)    keep the Confidential Information confidential and will not (except as required by applicable law, rule, regulation or legal process, and only after compliance with paragraph 12 below), without the Disclosing Party's prior written consent, disclose any Confidential Information to any other person or entity, except as provided for in this Protective Order;

      (b)    not use or allow any Confidential Information to be used for any purpose other than in connection with these Chapter 11 Cases; and

      (c)    use reasonable efforts to safeguard the Confidential Information and to protect the Confidential Information against disclosure, misuse, espionage, loss, and theft by any corporation, company, partnership or individual.

      4.    Notwithstanding the foregoing, Confidential Information may be disclosed by the Receiving Party to (i) its Representatives and Advisors who are involved with these Chapter 11 Cases, and, except for Confidential Information designated as "Professionals' Eyes Only" as defined below, (ii) any other Receiving Party, including persons noticed for depositions or interviews or designated as trial witnesses and their counsel to the extent deemed necessary by counsel to the Receiving Party in order to prepare such witnesses. The Receiving Party represents that each of its Representatives and Advisors who receives Confidential Information pursuant to this Protective Order will be advised (i) of the confidentiality and use restrictions of

this Protective Order, (ii) that upon receipt of any Confidential Information such party shall be deemed bound by the terms of this Protective Order, and (iii) of such party's obligations concerning the confidentiality of all such Confidential Information and the proper use thereof. The Disclosing Party may agree in writing to greater or lesser restrictions on the use of certain Confidential Information.

5.      The Disclosing Party shall be permitted to designate certain items of Confidential Information as "Professionals' Eyes Only" only if the Disclosing Party in good faith reasonably believes (i) that the items contain proprietary information related to the Disclosing Party's previous, existing or ongoing business operations for which restricted access is necessary to prevent a risk of competitive harm to the Disclosing Party in the ongoing operation of its business, or (ii) that the items contain non-privileged internal analyses regarding the treatment and/or valuation of existing or potential claims in connection with the sale of mortgages or mortgage backed securities; provided, however, that the Committee's Advisors may advise the Committee on Professionals' Eyes Only information solely in order to permit the Committee to exercise its fiduciary duties (which advice may not disclose material terms in the Professionals' Eyes Only documents).

6.      The Receiving Party agrees that information designated as Professionals' Eyes Only may not be disclosed to any Representatives of the Receiving Party and may be reviewed only by the following persons:

(a)      The Examiner and his Advisors;

(b)    Advisors who represent or work for the Receiving Party in matters related to the Chapter 11 Cases, as well as clerical, paralegal, other staff and agents of those Advisors whose functions require access to Professionals' Eyes Only information;

(c)    A Committee member's legal or financial advisor if that advisor is not (a) currently assisting and will not later assist the member or any party in any mortgage related litigation against the Debtors, Ally Financial Inc., or their affiliates, and (b) is not itself a party nor does it intend to be a party in any mortgage related litigation against the Debtors, Ally Financial Inc. or their affiliates; provided, however, that the legal or financial advisor will not share the Professionals' Eyes Only information with the Committee member;

(d)    Any person indicated on the face of a document to be the author, addressee, or an actual or intended recipient of the document;

(e)    Professional vendors to whom disclosure is reasonably necessary for the Chapter 11 Cases, provided they are informed that the material is Professionals' Eyes Only information;

(f)    The Court and its authorized staff, including official and freelance court reporters and videotape operators hired by the Receiving Party in connection with these Chapter 11 Cases; and

(g)    Any other person, only upon order of the Court or agreement of the Disclosing Party.

7.    A Disclosing Party may designate certain Discovery Material as "Highly Confidential" if the Discovery Material contains attorney work product or privileged

- 6 -

information.  The Highly Confidential designation is intended to be used by Disclosing Parties

sparingly, reasonably and in good faith.  Discovery Material designated as Highly Confidential

will be disclosed only to the Examiner and the Examiner's Advisors and will not be deposited in

the Document Depository or otherwise shared with Depository Designees or disclosed in any

manner in these Chapter 11 Cases or otherwise.

8.    The Disclosing Party may designate the specific testimony during a

deposition or proceeding as Confidential or Professionals' Eyes Only either on the record at the

deposition or other proceeding, or in writing no later than three calendar days following the date

on which counsel for the Disclosing Party has received the final version of the transcript of the

deposition or other proceeding (the "<u>Transcript Designation Period</u>"); provided that testimony

designated as Confidential or Professionals' Eyes Only shall remain subject to such designation

during the Transcript Designation Period.

9.    Notwithstanding the foregoing, should the Receiving Party disagree with

the Disclosing Party's designation of information as Confidential or Professionals' Eyes Only,

counsel for the Disclosing Party and the Receiving Party shall confer in good faith to resolve the

issue on an expedited basis.  Absent a consensual resolution, the Receiving Party may request,

upon written notice to the Disclosing Party and on an expedited basis, that the Bankruptcy Court

resolve the issue (subject to the Court's availability).  The material in question shall be treated as

it was initially designated by the Disclosing Party pending resolution of the issue.  If challenged

pursuant to this paragraph 9, the Disclosing Party shall bear the burden of establishing that any

such material challenged by the Receiving Party is entitled to the designation of Confidential or

Professionals' Eyes Only assigned by the Disclosing Party.

10.    Notwithstanding the foregoing, should the Examiner disagree with the Disclosing Party's designation of information as Highly Confidential, counsel for the Disclosing Party and the Examiner shall confer in good faith to resolve the issue on an expedited basis. After the meet-and-confer is held as to any challenged Highly Confidential designation, such designation will be deemed automatically downgraded to Professionals' Eyes Only, without the need for any further action by any party or the Court, unless the Disclosing Party shall have immediately after the meet-and-confer requested a telephonic conference with the Court to determine that its use of the Highly Confidential designation was appropriate. At any such telephonic conference, the Disclosing Party shall bear the burden of establishing that any such material challenged by the Examiner is entitled to the designation of Highly Confidential assigned by the Disclosing Party. If the Disclosing Party has timely requested such a telephonic conference with the Court as to a Highly Confidential designation, then until the Court rules, the Examiner shall continue to afford the material in question the level of protection provided herein for material bearing a Highly Confidential designation.

11.    In the event that a Receiving Party, other than the Examiner and his Advisors, intends to offer into evidence or otherwise use Discovery Material designated Confidential or Professionals' Eyes Only in the Chapter 11 Cases, then such Receiving Party shall (i) obtain the advance written consent of Disclosing Party (through the Disclosing Party's counsel) to such offer or use; (ii) file under seal the Discovery Material in question or any substantive references thereto; or (iii) obtain an order of the Bankruptcy Court permitting the disclosure after advance written notice and a reasonable opportunity for the Disclosing Party to be heard on such proposed relief. Any such request for relief from the Bankruptcy Court may be heard on expedited notice, subject to the Bankruptcy Court's calendar. Notwithstanding any

other provision in this Protective Order, the Examiner shall not be prohibited or otherwise
constrained from using or disclosing in a public report of his investigation any Discovery
Material other than Discovery Material designated as Highly Confidential; provided, however,
that prior to the publication or filing of any report, the Examiner shall give notice to the
Disclosing Party of his intent to disclose in the Examiner's report information that is designated
Professionals' Eyes Only.  If the Disclosing Party objects (by email to the Examiner) to such
disclosure, the Disclosing Party shall, after a meet-and-confer with the Examiner, immediately
schedule a telephonic conference with the Court to request a protective order concerning
disclosure of materials designated Professionals' Eyes Only and shall bear the burden of
establishing that such material should not be disclosed in a public report.  Failure to timely seek a
telephonic conference with the Court will permit the Examiner to use or disclose the Discovery
Material as set forth above.  If such a telephonic conference to request a protective order is
timely sought, the Discovery Material in question shall not be publicly disclosed pending
resolution of the issue.

12.    Notwithstanding anything to the contrary herein, if a Receiving Party or
any of the Receiving Party's Representatives is requested pursuant to, or becomes legally
compelled by, applicable law, rule, regulation, regulatory authority, or legal process to make any
disclosure that is otherwise prohibited or constrained by this Protective Order, the Receiving
Party or such Representative, as the case may be, shall provide written notice of such legal
proceedings or compelled disclosure (unless such notice is prohibited by applicable law) to the
Disclosing Party and the Disclosing Party's counsel pursuant to the notice provisions set forth
herein promptly upon receiving such notice and, unless such required disclosure by its terms
compels the Receiving Party to disclose such Confidential Information in a shorter period, at

least three business days prior to compliance by the Receiving Party with the request for disclosure of Confidential Information, so that the Disclosing Party may seek an appropriate protective order or other appropriate relief, or, in the Disclosing Party's sole discretion, waive compliance with the terms of this Protective Order.  In the absence of a protective order or the Receiving Party's receiving such a waiver from disclosure, the Receiving Party or its Representative shall be permitted (with the Disclosing Party's cooperation) to disclose only that portion of the Confidential Information that the Receiving Party or the Representative is advised by the Receiving Party's counsel is legally required to be disclosed and shall inform (in writing) any person to whom any Confidential Information is so disclosed of the confidential nature of such Confidential Information.

13.    Each Receiving Party acknowledges that none of the Disclosing Parties makes any express or implied representation or warranty as to the accuracy or completeness of the Confidential Information, and each Receiving Party agrees that no Disclosing Party shall have any liability arising from disclosure of the Confidential Information or for any errors therein or omissions therefrom.

14.    Nothing in this Protective Order shall prevent or limit any right of any Receiving Party from seeking any information through subpoena, formal discovery or other process, or prevent or limit any right of a Disclosing Party to object on any basis to any such subpoena, formal discovery or other process.

15.    This Protective Order shall be retroactively effective as of July 3, 2012. Upon the date that is the earliest of one year following (a) the effective date of a chapter 11 plan, (b) the dismissal of the Chapter 11 Cases, or (c) the conversion of the Chapter 11 Cases to cases

under chapter 7, and upon the written request of the Disclosing Party or any of its Representatives, each Receiving Party shall either (at the Receiving Party's election) (i) promptly destroy all copies of the Confidential Information in its possession, or (ii) promptly deliver to the Disclosing Party all copies of the Confidential Information in its possession; provided, however, that the Receiving Parties may retain all analyses, compilations, forecasts, studies or other documents prepared by the Receiving Parties, including those reflecting Confidential Information, and such other information that such Receiving Party is required to retain by law or reasonable and customary internal document retention policies (including any internal document retention policies in effect as of the date of this Protective Order) (collectively the "Retained Information"); provided, further, however, that the Receiving Party shall not be required to return or destroy any Confidential Information if the Disclosing Party agrees in writing that the Receiving Party may retain such Confidential Information or the Receiving Party obtains an order of the Bankruptcy Court authorizing it to retain such Confidential Information; provided, further, however, that backup copies of electronic communications containing Confidential Information which are automatically generated through Receiving Party's data backup and/or archiving systems and which are not readily accessible by Receiving Party's business personnel (the "electronic copies") shall not be deemed to violate this Protective Order, so long as such electronic copies are not disclosed or used in violation of the terms of this Protective Order.  If requested by a Disclosing Party, a Receiving Party shall provide a certification as to the destruction of any materials in accordance with the foregoing.  Any Receiving Party that retains any Retained Information or other Confidential Information pursuant to this paragraph will continue to be subject to the terms of this Protective Order in respect of all such information.

16.    Subject to further Court order, after the date that is ninety days from the date of the issuance of the Examiner's report of his investigation, the Examiner may deactivate and terminate the Document Depository, and the Examiner and his Advisors shall have no duty to maintain or retain or make available to any other person any Discovery Material.

17.    Each Receiving Party acknowledges that remedies at law would be inadequate to protect the Disclosing Party against any breach of this Protective Order and, without prejudice to any other rights and remedies otherwise available to the Disclosing Party, each of the Receiving Parties agrees that the Disclosing Party may seek injunctive relief restricting the further release of Confidential Information, or the specific performance of the terms of this Protective Order restricting the further release of Confidential Information, for any breach of this Protective Order by one or more of the Receiving Parties without proof of actual damages and without the requirement of obtaining any bond or giving any security in connection with the granting of any such relief.  In the absence of willful misconduct or bad faith, injunctive relief and specific performance of the terms of this Protective Order, as provided for in this paragraph, will be the exclusive remedies available to Disclosing Parties for any alleged breach of this Protective Order by the Examiner and his Advisors.

18.    The Receiving Parties and the Disclosing Parties hereby (a) submit to the jurisdiction of the Bankruptcy Court with respect to all disputes, actions, suits and proceedings arising out of or relating to this Protective Order, (b) agree that all claims with respect to any such dispute, action, suit or proceeding may be heard and determined in such court, (c) waive the defense of an inconvenient forum, (d) agree that service of any process, summons, notice or document by United States registered mail or as otherwise provided in this Protective Order shall be effective service of process for any action, suit or proceeding brought in any such court by

either Party with respect to any such dispute, action, suit or proceeding, (e) agree that a final judgment in any such action, suit or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law and (f) waive a right to trial by jury of any dispute, action, suit or proceeding related to this Protective Order.

19.    In addition to the conditions on use of Discovery Material designated Confidential, Professionals' Eyes Only and Highly Confidential set forth in this Protective Order, which apply with equal force to Non-Party Borrower Information ("NPBI"), NPBI may not be used by the Receiving Party or its experts, consultants, professional vendors, counsel or other secondary recipients or affiliates for the purpose of contacting borrowers or their employers or accountants, whether through formal process or otherwise, or for the purpose of re-verifying borrower credit information, including, but not limited to, obtaining credit reports and/or verifying employment, income, place of residence, citizenship, debts or assets, except pursuant to an order from this court or a competent authority authorizing the specific request to seek such information.

20.    Each party agrees that no failure or delay by the other party in exercising any right, power or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

21.    This Protective Order will be governed by and construed in accordance with the laws of the State of New York applicable to contracts between residents of that State and executed in and to be performed in that State.

22.     This Protective Order supersedes any confidentiality agreements entered into by the Examiner with any parties in interest, and except as provided herein, no modifications of this Protective Order or waiver of the terms and conditions hereof will be binding upon the parties, except by order of the Bankruptcy Court.  The Examiner and all parties and persons subject to the Protective Order retain the right to seek relief from the Bankruptcy Court with respect to the terms and conditions of this Protective Order.

23.     All notices and other communications to the parties required or permitted under this Protective Order shall be in writing and shall become effective when delivered by electronic mail, overnight courier service, registered or certified mail (postage prepaid) or hand delivery, addressed as follows or as provided on the Special Service List as set forth in the Case Management Order in these Chapter 11 Cases:

> <u>If to the Examiner:</u>
>
> Arthur J. Gonzalez, Esq.
> New York University School of Law
> 40 Washington Square South, Room 314A
> New York, NY 10012-1099
> arthur.gonzalez@nyu.edu
>
> With a copy to:
>
> Chadbourne & Parke LLP
> 30 Rockefeller Plaza
> New York,  NY 10112
> Attn: Howard Seife, Esq.
> hseife@chadbourne.com

24.     This Protective Order shall be binding upon and inure to the benefit of all parties hereto and their respective successors and permitted assigns.

25.     If any Disclosing Party produces to the Examiner any Highly Confidential Discovery Material that contains attorney work product or privileged information, it is

understood that those items were produced by the Disclosing Party pursuant to the Court's Orders, including the Examiner Order and the Court's Order (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, (II) Establishing Procedures for Responding to those Subpoenas, (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (IV) Approving Protective Order, dated _____, and such production to the Examiner is not intended to be and shall not be construed in any way as a waiver by the Disclosing Party of any attorney-client, work product, or other applicable privilege or immunity in this or any other action or proceeding.

26.    Subject to the Examiner's right to challenge any assertion of privilege or prohibition from disclosure, nothing in this Protective Order shall require disclosure of information by a Disclosing Party that the Disclosing Party's Advisors contends is protected or prohibited from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection, including without limitation any applicable data privacy laws.  If information protected or prohibited from disclosure is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product immunity, or any other legally cognizable privilege or other protection.  If a Disclosing Party inadvertently or mistakenly produces information that is protected or prohibited from disclosure, upon written request by the Disclosing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall use all commercially reasonable efforts to return or destroy the information for which a claim of inadvertent production is made and all copies of it, including any work product containing, identifying, or referencing such

information, within five business days of such request, and the Receiving Party shall not use

such information for any purpose other than in connection with a motion to compel production of

the information.  If the Receiving Party returns such information, it may then move the Court for

an order compelling production of the information, but that motion shall not assert as a ground

for entering such an order the fact or circumstance of the inadvertent production of the

information.

## SCHEDULE 1

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I,_____ [print or type full name], of_____

[print or type full address], pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that I

have read in its entirety and understand the Protective Order that was approved by the United

States Bankruptcy Court for the Southern District of New York on August __, 2012 in the case of

In re Residential Capital, LLC, et al., No. 12-12020 (MG).  I agree to comply with and to be

bound by all the terms of this Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Protective Order to any person or entity except in strict compliance with the provisions of this

Protective Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the

Southern District of New York for the purpose of enforcing the terms of this Protective Order,

even if such enforcement proceedings occur after termination of the Chapter 11 Cases.

Date: _____

City and State where signed: _____

Printed name: _____
                        [printed name]

Signature: _____
                   [signature]

- 17 -