Hearing Date and Time: March 28, 2013 at 2:00 p.m. (prevailing Eastern Time)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**JOINDER OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' REPLY TO OBJECTION AND RESERVATIONS OF RIGHTS OF AMBAC ASSURANCE CORPORATION AND THE SEGREGATED ACCOUNT OF AMBAC ASSURANCE CORPORATION TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") submits this joinder (the "**Joinder**") to the *Debtors' Reply to Objection and Reservations of Rights of Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation to the*

*Proposed Assumption and Assignment of Certain Executory Contracts* [Docket No. 3098] (the "**Debtors' Reply**").[1] The Committee respectfully represents as follows:

## JOINDER

1. The Committee files this Joinder to the Debtors' Reply and requests that the Objection be overruled. Through the Objection, Ambac asserted that the provisions of the Sale Order relating to the assumption and assignment of certain non-terminated Ambac Agreements were overbroad and had the effect of impermissibly altering the terms of those Ambac Agreements.[2] The only specific issue Ambac identified, however, is that some of the Ambac Agreements contain provisions that allow Ambac to terminate the master servicer thereunder based upon the accumulation of certain delinquency rates (collectively, the "**Servicing Triggers**"). Ambac is concerned that the Sale Order, which provides that Ocwen will not be responsible for, among other things, any defaults under the Ambac Agreements related to the Debtors' acts or omissions, will act to reset the Servicing Triggers. *See* Sale Order ¶6.

2. As an initial matter, the Committee believes it is important to point out that based on discussions with the Debtors, only approximately 17 of the approximately 64 Ambac Agreements to be assigned to Ocwen contain the Servicing Triggers. Significantly, Ambac failed to raise any specific issue with approximately 47 of the remaining, non-terminated Ambac Agreements, nor has Ambac asserted a cure claim in connection with all but one of these

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Reply.

[2] In addition, Ambac identified approximately 13 Ambac Agreements as having been terminated prior to the Petition Date. Pursuant to the *Stipulation and Order Regarding the Sale Objection of Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation* [Docket No. 2993], the Debtors and Ambac agreed that the terminated agreements will not be assigned to Ocwen, but will transfer servicing on mutually acceptable terms subject to a further stipulation and order.

agreements. There is no reason to further delay assumption and assignment of these agreements pursuant to the Sale Order.

3. With respect to the approximately 17 agreements that contain the Servicing Triggers, Ambac's objection should be overruled. The Servicing Triggers are not defaults under the Ambac Agreements, they are merely provisions in the Ambac Agreements that provide Ambac with certain contractual rights based on historical circumstances. Nothing in the Sale Order operates to modify any of the contractual provisions of the Ambac Agreements. To the extent the Service Triggers or any other contractual provision has resulted in a default or other loss to Ambac as the result of the Debtors' misconduct, Ambac was required to assert such amounts as part of its cure claim.[3]

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court overrule the Objection, and grant such other and further relief as the Court deems just and proper.

Dated: March 4, 2013
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Stephen D. Zide
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

---

[3] The Committee notes that Ambac asserted approximately $15,516,745 in cure claims with respect to the non-terminated Ambac Agreements. Pursuant to the Scheduling Order, the allowance and amount of the cure claims are not being addressed at this time. Accordingly, the Committee reserves all its rights with respect to the allowance and amount of the cure claims.