UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY CODE FOR AN ORDER AUTHORIZING THE DEBTORS TO APPOINT LEWIS KRUGER AS CHIEF RESTRUCTURING OFFICER

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "Debtors"), for entry of an order (this "Order") for an order, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code,[1] authorizing the Debtors to appoint Lewis Kruger as CRO, pursuant to the terms of the Engagement Letter, as amended,[2] all as more fully described in the Motion and the Reply; and upon consideration of the West Declaration and the Kruger Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Motion.
[2] On March 1, 2013, the Debtors and Mr. Kruger amended the scope of Mr. Kruger's authority and entered into Amendment No. 1 to the Engagement Letter (the "Amendment"), a copy of which was attached as Exhibit 1 to the *Debtors' Omnibus Reply to Responses to* (i) *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for an Order Authorizing the Debtors to Appoint Lewis Kruger as Chief Restructuring Officer* and (ii) *Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 3074] (the "Reply"). The terms set forth in the Amendment shall be incorporated fully into the executed engagement letter dated February 11, 2013

ny-1079245 v2

Rules, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion (the "Hearing"); and upon the record of the Hearing and all of the proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. In accordance with sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are authorized to appoint Mr. Kruger as Chief Restructuring Officer, effective as of February 7, 2013.

3. The terms of the Engagement Letter, as amended, including, without limitation, the fee provisions and the indemnification provisions, are reasonable terms and conditions of employment and are approved.

4. The Debtors are authorized to pay Mr. Kruger in such amounts and at such times as is provided in the Engagement Letter.

5. Notwithstanding the previous provision, any Success Fee shall not be pre-approved under section 328(a) of the Bankruptcy Code, and the Debtors shall separately seek Court approval of the Success Fee.

6. Mr. Kruger shall not be required to submit fee applications pursuant to sections 330 and 331 of the Bankruptcy Code. Mr. Kruger will, however, file with the Court, and provide notice to the U.S. Trustee and the Creditors' Committee, reports of compensation

ny-1079245 v2

earned and expenses incurred on at least a quarterly basis, and parties in interest in these Chapter 11 cases shall have the right to object to fees paid and expenses reimbursed to Mr. Kruger within 20 days after Mr. Kruger files such reports.

7.  Such reports shall summarize the services provided, identify the compensation earned and itemize the expenses incurred. Such compensation and expenses will be subject to Court review in the event an objection is filed.

8.  Mr. Kruger shall maintain contemporaneous records setting forth the number of hours worked each day, with a description of the general tasks and issues on which he was engaged that day, and an estimate of the approximate time devoted to such tasks and issues.

9.  Notwithstanding anything in the Engagement Letter to the contrary, the Debtors shall indemnify Mr. Kruger in the exact same manner as the officers and directors of ResCap receive indemnification.

10. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

[ *Remainder of This Page Intentionally Left Blank* ]

12. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

Dated: March 5, 2013
      New York, New York

                                            /s/Martin Glenn
                                            MARTIN GLENN
                                 United States Bankruptcy Judge