**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a), 328(a)
AND 363 APPROVING SECOND ADDENDUM TO ENGAGEMENT
AGREEMENT WITH FTI CONSULTING, INC.,** *NUNC PRO TUNC*
**TO DECEMBER 5, 2012, AND GRANTING RELATED RELIEF**

Upon the application, (the "<u>Application</u>"),[1] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (the "<u>Order</u>"), pursuant to sections 327(a), 328(a) and 363 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "<u>Local Rules</u>"), approving the Second Addendum to the Engagement Letter with FTI Consulting, Inc., financial advisor to the Debtors; as more fully set forth in the Application; and upon consideration of the declaration of William J. Nolan a Senior Managing Director with FTI Consulting, Inc, in support of the Application; the declaration of James Whitlinger, Chief Financial Officer of the Debtor, Residential Capital, LLC, in support of the Application; and the Walter Investment Letter

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

ny-1079918

Agreement, and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested herein is in the best interests of the Debtors' estates, their creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and an opportunity for a hearing having been provided and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing, and of all of the proceedings had before the Court; and any objections to the Application having been withdrawn, resolved or overruled; and the Court having found and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Second Addendum is approved, *nunc pro tunc* to December 5, 2012.

3. The Debtors' employment and retention of FTI pursuant to the Engagement Agreement, First Addendum, and the Original Retention Order is hereby amended in accordance with the Second Addendum, *nunc pro tunc* to December 5, 2012.

4.  Subject to paragraphs 5 and 6 below, the fees and expenses incurred by FTI in connection with the Walter Project Services, and to which FTI shall be entitled, and for which FTI will be compensated on an hourly basis, plus reimbursement of actual and necessary expenses incurred, shall be in addition to the compensation as provided for under the First Addendum as approved pursuant to the Original Retention Order,

5.  FTI shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York, dated November 25, 2009, the Unites States Trustee Fee Guidelines and any other orders of the Court.  Notwithstanding the entry of a further order approving or awarding any fees or expenses, and authorizing payment, to FTI on account of the Walter Project Work (the "Walter Project Work Fee Order"), the Debtors' obligations under this Order, the Second Addendum, and such Walter Project Work Fee Order, are conditioned upon the Debtors' actual receipt of payment on account of such awarded fees and expenses from, or on behalf of, Walter Investment (the "Walter Payment Obligation") as provided for under the Walter Investment Letter Agreement, the terms of which are hereby authorized and approved, provided that upon the Debtors' or their counsel's receipt of such funds, such funds shall be deemed held in trust for the benefit of FTI to the extent of any amounts as were awarded under the Walter Project Work Fee Order, and promptly paid to FTI.

6.  If for any reason Walter Investment fails to make such payment, or to cause such payment to be made, FTI is hereby authorized, but not obligated, to commence and pursue, in its own name or in the name of the Debtors, such actions,

ny-1079918                              3

including litigation, as may be necessary to recover by way of judgment, collection and or settlement any amounts due from Walter Investment, or for which Walter Investment is responsible, in connection with the Walter Project Services by FTI, with any amounts recovered to be paid to, and retained by, FTI up to the amount of the Walter Project Work Award, plus fees and expenses, including legal fees and expenses, incurred by FTI in connection therewith, as payment on account of the Walter Project Services and reimbursement of such costs and expenses.

7. In all other respects, the provisions of the Original Retention Order remain unchanged and in full force and effect.

8. To the extent that there may be any inconsistency between the terms of this Order and the Original Retention Order, the terms of this Order shall govern.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: March 5, 2013
      New York, New York

                                                          /s/Martin Glenn
                                                       MARTIN GLENN
                                    United States Bankruptcy Judge