Doc ID: 001376080008 Type: LAN
Book 1054 Page 677 - 684
File# 2010-00000868

| Document Prepared By: | When Recorded Return To: |
|---|---|
| Amanda Brinkerhoff, 888-818-6032 | Docx |
| Recording Requested By: | 1111 Alderman Dr. |
| Select Portfolio Servicing | Suite 350 |
| | Alpharetta, GA 30005 |
| | PRef#:T0J6-Print Batch ID 103793-0009525817 |
| | SPSHAMPLgHr-eR2.0   02/04/10   2010(c) |
| | by DOCX LLC |

## HOME AFFORDABLE MODIFICATION AGREEMENT
(Step Two of Two-Step Documentation Process)

Borrower("I")[1]: **MARIA GARGANO**

Lender: U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-6 Home Equity Pass Through Certificates, Series 2006-6 by Select Portfolio Servicing, Inc. as attorney in fact

Date of Mortgage: 3/7/2006

Original Borrower Vesting: **MARIA GARGANO AND DONALD GARGANO**
Original Mortgagee: **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ENCORE CREDIT CORP.**
Original Loan Amount: $522,750.00
Recording Date: 3/15/2006    Book: 944    Page: 617    Document #: 2006-00001509

Property Address:  **23 HICKORY HILL ROAD**
**BRANFORD, CT 06405**

Comments: LEGAL DESCRIPTION: SEE ATTACHED

ASSIGNMENT DATED: 06/27/2008
ASSIGNOR: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ENCORE CREDIT CORP.
ASSIGNEE: U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-6 Home Equity Pass Through Certificates, Series 2006-6
RECORDED ON: 07/10/2008
BOOK/PAGE: 1016 / 556
FILE #: 2008-00003492

Recorded in the official records of the **Town of Branford**, State of **Connecticut** affecting Real Property and more particularly described on said Mortgage referred to herein.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3157    3/09 (Page 1 of 7) (rev. 8/09)

Deferred Principal Balance

If my representations in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations.** I certify, represent to Lender and agree:

   A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

   B. I live in the Property as my principal residence, and the Property has not been condemned;

   C. There has been no change in the ownership of the Property since I signed the Loan Documents;

   D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification program ("Program"));

   E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

   F. If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

   G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   B. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 3/1/2010 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on 3/1/2010.

---

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT   Form 3157                                                    3/09 (Page 2 of 7) (rev. 8/09)

Deferred Principal Balance

A. The new Maturity Date will be: 11/1/2036.
B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $631,507.64 (the "New Principal Balance"). The New Principal Balance will consist of two (2) parts: (i) an amount which will accrue interest at the Note rate shown below, and on my monthly statement as "Interest Bearing Principal Balance" and (ii) an amount which will not accrue interest, shown below, and on my monthly statement as "Deferred Principal Balance."

C. Interest at the rate of 8.090% will begin to accrue on the Interest Bearing Principal Balance as of and the first new monthly payment on the Interest Bearing Principal Balance will due on 3/1/2010. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1-27 | 8.090% | 3/1/2010 | $1,270.75 | $1,102.94, may adjust periodically | $2,373.69, may adjust periodically | 3/1/2010 | 321 |
| | | | | May adjust periodically | May adjust periodically | | |
| | | | | May adjust periodically | May adjust periodically | | |
| | | | | May adjust periodically | May adjust periodically | | |
| | | | | May adjust periodically | May adjust periodically | | |

A final balloon payment on the Interest Bearing Principal Balance of $123,734.82 is due on the Maturity Date.

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified loan will be the minimum payment that will be due each month for the remaining term of the loan. My modified loan will not have a negative amortization feature that would allow me to pay less than the interest

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT    Form 3157                                                     3/09 (Page 3 of 7) (rev. 8/09)

Deferred Principal Balance

due resulting in any unpaid interest to be added to the outstanding principal balance.

In addition, the Deferred Principal Balance of $450,507.64 will be due as a balloon payment on the earlier of, payoff of the Interest Bearing Principal Balance, transfer of the property or on the Modified Maturity Date.

D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.
E. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that may be due will be the rate set forth in Section 3.C.
F. If I make a partial prepayment in an amount greater than or equal to the Interest Bearing Principal Balance, I acknowledge that such partial prepayment may be applied first to the Deferred Principal Balance and if that is paid in full by the partial prepayment, any excess funds may then be applied to the Interest Bearing Principal Balance.

4. **Additional Agreements.** I agree to the following:
   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.
   B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.
   C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.
   D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.
   E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.
   F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.
   G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period,

---

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT   Form 3157                                       3/09 (Page 4 of 7) (rev. 6/09)

Deferred Principal Balance

Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Plan if an error is detected after execution of this Agreement. I understand that a corrected Agreement will be provided to me and this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrected Agreement, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the Trial Period Plan and this Modification Agreement by Lender to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; (e) any HUD certified housing counselor.

---

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT    Form 3157                                                      3/09 (Page 5 of 7)  (rev. 8/09)

Deferred Principal Balance

N. I agree that if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the original promissory note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the original note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

BALLOON NOTICE. THE TERM OF THE LOAN IS 321 MONTHS. AS A RESULT, YOU WILL BE REQUIRED TO REPAY THE ENTIRE PRINCIPAL BALANCE AND ANY ACCRUED INTEREST THEN OWING ON THE MODIFIED MATURITY DATE. THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN INCLUDING THE DEFERRED PRINCIPAL BALANCE AT THE END OF THE TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN. ASSUMING ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. YOU MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

In Witness Whereof, the Lender and I have executed this Agreement.

U.S. Bank National Association, as trustee,
on behalf of the holders of the Home Equity
Asset Trust 2006-6 Home Equity Pass
Through Certificates, Series 2006-6 by Select
Portfolio Servicing, Inc. as attorney in fact

By: _Brent J Vance_
Name: _Brent F Vance_
Title: _VP_

Date: _2/18/10_

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT    Form 3157                     3/09 (Page 6 of 7) (rev. 8/09)

Deferred Principal Balance

State of FL
County of DUVAL

The foregoing instrument was acknowledged before me this 2/18/10 by (Name) Scott F Vance as (Title) VP of U.S. Bank National Association, as trustee, on behalf of the holders of the Home Equity Asset Trust 2006-6 Home Equity Pass Through Certificates, Series 2006-6 by Select Portfolio Servicing, Inc. as attorney in fact, a state of corporation, on behalf of the corporation. He/she is (check one) ✓ Personally known to me or ___ Has produced or proved to me through satisfactory evidence of identification, Type of Identification: _____.
and acknowledged that he/she, being duly authorized, has executed the same in his/her capacity, the foregoing instrument for the purposes therein mentioned, for and in the name of the corporation.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public: Donna M. Vickers
My Commission Expires: 2/03/14

DONNA M. VICKERS
MY COMMISSION # DD958181
EXPIRES February 03, 2014

_____ (Seal)
MARIA GARGANO

2-16-10
DATE

State of Maine
County of Somerset

On this (date) 2/16/10, before me the undersigned authority, personally appeared MARIA GARGANO, personally known to me to be the person whose name is subscribed to the within instrument, and being by me affirmed, acknowledged to me that he/she executed the within instrument for the stated consideration, uses and purposes therein contained.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public: Diane St. Hilaire
My Commission Expires:

Diane M. St. Hilaire
Notary Public, Maine
My Commission Expires February 23, 2016

---

MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT - Single Family - Fannie Mae/Freddie Mac
UNIFORM INSTRUMENT   Form 3157                                        3/09 (Page 7 of 7) (rev. 8/09)

Deferred Principal Balance

(Page 14 of 15)

## CHICAGO TITLE INSURANCE COMPANY
## COMMITMENT FOR TITLE INSURANCE
## SCHEDULE A - LEGAL DESCRIPTION

All that certain piece or parcel of land known as Lot #6 on a certain map entitled "Resubdivision of Hickory Hill Section Two–Branford, Conn." Scale 1" = 100', April 23, 1978, revised to May 8, 1978, Certified by Alphonse E. Savarese, Registered Land Surveyor, L.S. 7647, on file in the Branford Town Clerk's Office and bounded:

EAST: by Hickory Hill Lane, as shown on said map, 232.44 feet;

SOUTHEAST: by Lot #6, as shown on said map, 162.40 feet;

SOUTHWEST: by Lot #5, as shown on said map, 125.00 feet;

WEST: by Open Space, as shown on said map, 301.93 feet; and

NORTH: by a 20 foot right of way, as shown on said map, 154.99 feet.

Commitment (Schedule A Legal Description)   (000046-CT/PG/000046-CT76)

Book: 944, Page: 61

Received for Record at Branford, CT
On 03/01/2010 At 1:38:41 pm