**EXHIBIT 3**

(Nolan Declaration)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

**DECLARATION OF WILLIAM J. NOLAN IN SUPPORT OF**
**DEBTORS' APPLICATION UNDER BANKRUPTCY CODE**
**SECTIONS 327(a), 328(a) AND 363 FOR ENTRY OF AN ORDER APPROVING**
**THIRD ADDENDUM TO ENGAGEMENT AGREEMENT WITH**
**FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE DEBTORS**

I, William J. Nolan, being duly sworn, hereby depose and say:

**A.      Background and Qualifications**

1.      I am a Senior Managing Director with FTI Consulting, Inc., which together with

its wholly owned subsidiaries, agents, independent contractors and employees (collectively,

"FTI"), is an international consulting firm.  I submit this declaration (the "Declaration") on

behalf of FTI in accordance with sections 327, 328  and 363  of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the Bankruptcy Court for the

Southern District of New York ("Bankruptcy Court" and the "Local Rules"), in support of the

*Debtors' Application Under Bankruptcy Code Sections 327(a), 328(a) and 363 For Entry of An*

*Order Approving Third Addendum to Engagement Agreement with FTI Consulting, Inc., as*

1

*Financial Advisor To the Debtors* (the "Application")[1], filed contemporaneously herewith.

Except as otherwise noted, I have personal knowledge of the matters set forth herein[2].

**B.      Modification of FTI's Retention**

2.      Due in significant part to changes in circumstances in these chapter 11 cases that are beyond FTI's control, FTI has been required to provide additional services resulting in the incurring of fees in excess of the amount Monthly Caps.  The factors that have affected, and may continue to affect, the timeline and the extent of services required of FTI beyond those anticipated at the outset of these cases include:

(a) The appointment of the Examiner and the timeline of the Examiner's report, which has been further extended through early May 2013, was not anticipated at the time the chapter 11 cases were commenced;

(b) Additional support and services were required to be provided by FTI in connection with the closing of three separate asset sale transactions (*i.e.*, the Walter Sale, the Berkshire Hathaway Sale, and the Ocwen Sale), which were further increased due to delays in the expected closing dates of such sales from December 31, 2012 to, respectively, January 31, 2013, February 5, 2013, and February 15, 2013;

(c) The timing for the Debtors' chapter 11 plan has been significantly delayed from the original projected case timeline, which assumed that a plan would be confirmed in the first quarter of 2013;

(d) The advisory work regarding establishment and implementation of the estates'

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[2]    Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

44627/0071-9284930v3
ny-1080771

wind-down structure has taken more resources than initially expected;

(e) Additional work was required by FTI in connection with preparation of the estate's KEIP analysis;

(f) Significant challenges remain with respect to the Debtors' proposed $8.7 billion settlement with RMBS investors, which will require continuing support from FTI, including: responding to information requests; providing ongoing alternative return and claims analyses; and participating in additional calls and meetings attendant thereto; and

(g) The termination of the plan support agreement with junior secured noteholders has significantly affected the plan confirmation expectations and timeline, and has resulted in, and is anticipated to continue to require, additional support from FTI, including: responding to numerous information requests; developing financial models and scenarios, including of, and with respect to, alternative return and claims analyses; and participating in additional calls and meetings attendant thereto.

3.        Absent an extension of the Rollover Period it is unlikely that FTI will be able to realize the protections contemplated by the Rollover Provision.  On the other hand, if the Rollover Period is extended through the Effective Date, and absent any further modifications, the Debtors will not be obligated to pay FTI any more in the aggregate than is already provided for under the Monthly Caps.  Accordingly, in recognition of the foregoing, FTI has requested that the terms of its retention be modified to extend the Rollover Period through and including the effective date of a confirmed chapter 11 plan of the Debtors.

44627/0071-9284930v3
ny-1080771

I declare under penalty of perjury that the foregoing is true and correct.


Executed on this ___6th___ day of March, 2013.


_____
William J. Nolan

44627/0071-9284930v3
ny-1080771