# **EXHIBIT 4**

(Whitlinger Declaration)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION OF JAMES WHITLINGER IN SUPPORT OF**
**DEBTORS' APPLICATION UNDER BANKRUPTCY CODE**
**SECTIONS 327(a), 328(a) AND 363 FOR ENTRY OF AN ORDER APPROVING**
**THIRD ADDENDUM TO ENGAGEMENT AGREEMENT WITH**
**FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE DEBTORS**

I, James Whitlinger, being duly sworn, depose and say:

**A.    Background and Qualifications**

1.    I am the Chief Financial Officer of Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "<u>Debtors</u>").  I have held this position since May 2011.  I joined ResCap in 1992, and before becoming its Chief Financial Officer, I served in a number of positions, including Chief Accounting Officer for a significant subsidiary of ResCap, Senior Vice President of mergers and acquisitions and Executive Director of Finance.  In my role as Chief Financial Officer of ResCap, I am responsible for financial oversight, analysis, controls, accounting, reporting and business planning for the mortgage-related operations of the Debtors and their non-debtor subsidiaries.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Debtors' Application Under Bankruptcy Code Sections 327(a), 328(a) and 363 For Entry of An Order*

49873/0001-9309375v2
ny-1080776

*Approving Third Addendum to Engagement Agreement with FTI Consulting, Inc., as Financial Advisor To the Debtors* (the "Application"),[1] filed contemporaneously herewith.

2. In my capacity as Chief Financial Officer, I am familiar with the Debtors' day-to-day operations, financial condition, business affairs, and books and records. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' books and records as well as other relevant documents; my discussions with other members of the Debtors' management team; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' operations, financial condition and history. In making my statements based on my review of the Debtors' books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

**B.    Modification of FTI's Retention**

3. Due in significant part to changes in circumstances in these chapter 11 cases that are beyond the control of the Debtors, FTI has been required to provide additional services resulting in the incurring of fees in excess of the amount Monthly Caps. The factors that have affected, and may continue to affect, the timeline and the extent of services required of FTI beyond those anticipated at the outset of these cases include:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2

(a) The appointment of the Examiner and the timeline of the Examiner's report, which has been further extended through early May 2013, was not anticipated at the time the chapter 11 cases were commenced;

(b) Additional support and services were required to be provided by FTI in connection with the closing of three separate asset sale transactions (*i.e.*, the Walter Sale, the Berkshire Hathaway Sale, and the Ocwen Sale), which were further increased due to delays in the expected closing dates of such sales from December 31, 2012 to, respectively, January 31, 2013, February 5, 2013, and February 15, 2013;

(c) The timing for the Debtors' chapter 11 plan has been significantly delayed from the original projected case timeline, which assumed that a plan would be confirmed in the first quarter of 2013;

(d) The advisory work regarding establishment and implementation of the estates' wind-down structure has taken more resources than initially expected;

(e) Additional work was required by FTI in connection with preparation of the estate's KEIP analysis;

(f) Significant challenges remain with respect to the Debtors' proposed $8.7 billion settlement with RMBS investors, which will require continuing support from FTI, including: responding to information requests; providing ongoing alternative return and claims analyses; and participating in additional calls and meetings attendant thereto; and

(g) The termination of the plan support agreement with junior secured noteholders has significantly affected the plan confirmation expectations and timeline, and has resulted in, and is anticipated to continue to require, additional support from FTI,

3

including: responding to numerous information requests; developing financial models and scenarios, including of, and with respect to, alternative return and claims analyses; and participating in additional calls and meetings attendant thereto.

4.    Absent an extension of the Rollover Period it is unlikely that FTI will be able to realize the protections contemplated by the Rollover Provision. On the other hand, if the Rollover Period is extended through the Effective Date, and absent any further modifications, the Debtors will not be obligated to pay FTI any more in the aggregate than is already provided for under the Monthly Caps. Accordingly, in recognition of the foregoing, the Debtors have requested that the terms of FTI's retention be modified to extend the Rollover Period through and including the effective date of a confirmed chapter 11 plan of the Debtors.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: March 6, 2013

/s/ James Whitlinger
James Whitlinger
Chief Financial Officer of
Residential Capital, LLC

4