## Curtis, Mallet-Prevost, Colt & Mosle llp

| | | | |
|---|---|---|---|
| Almaty | Kuwait City | | |
| Ashgabat | London | | |
| Astana | Mexico City | **Attorneys and Counsellors at Law** | Telephone 212-696-6000 |
| Buenos Aires | Milan | | Facsimile 212-697-1559 |
| Dubai | Muscat | 101 Park Avenue | www.curtis.com |
| Frankfurt | Paris | New York, New York 10178–0061 | |
| Houston | Washington, D.C. | | |
| Istanbul | | | |

Writer's Direct:
Tel.: 212-696-8860
E-Mail tfoudy@curtis.com

March 6, 2013

**By E-mail to Chambers**

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004

> Re:  ***In re Residential Capital, LLC, et al.***,
> **Bankruptcy Case No. 12-12020 (MG) (Bankr. S.D.N.Y.)**
> ***Residential Capital LLC, et al. v. Allstate Insurance Company, et al.***,
> **Adv. Pro. Case No. 13-01262 (MG) (Bankr. S.D.N.Y.)**

Dear Judge Glenn:

The undersigned counsel represent:  (i) the debtors and debtors in possession (collectively, the "Debtors") in the above-referenced Chapter 11 cases (the "Chapter 11 Cases") and the plaintiffs in the above-referenced adversary proceeding (the "Adversary Proceeding"); and (ii) defendants/movants AIG Asset Management (U.S.), LLC and its affiliated entities ("AIG"), Allstate Insurance Company and its affiliated entities ("Allstate"), Massachusetts Mutual Life Insurance Company ("Mass Mutual"), Prudential Insurance Company of America and its affiliated entities ("Prudential"), and the National Credit Union Administration Board ("NCUAB" and collectively, with AIG, Allstate, Mass Mutual and Prudential, the "Investors").

On November 27, 2012, the Investors (except NCUAB) filed a motion in the Chapter 11 Cases seeking entry of an order declaring:  (i) that their securities claims (the "Investor Claims") arising from the purchase of residential mortgage-backed securities ("RMBS") are not subject to subordination under Section 510(b) of title 11 of the United States Code (the "Bankruptcy Code"); and (ii) that the Investor Claims should be classified together with certain other claims in any plan of reorganization approved by the Court [Docket No. 2284] (the "Rule 3013 Motion").  Defendant NCUAB later filed a joinder to the Rule 3013 Motion [Docket No. 2555].[1]

---

[1] The following parties also filed joinders:  (i) Lead Plaintiff New Jersey Carpenters Health Fund on behalf of itself and a certified class [Docket No. 2962]; (ii) Cambridge Place Investment Management Inc. [Docket No. 2964]; and (iii) Union Central Life Insurance Co., Ameritas Life Insurance Corp., and Acacia Life Insurance Co. [Docket No. 2966]

On February 19, 2013, the Debtors filed their opposition to the Rule 3013 Motion, together with an adversary complaint (the "Complaint") and a request for permission to file a motion for summary judgment on the Complaint.  The Complaint seeks an order:  (i) declaring that the Investor Claims, to the extent allowed, are subordinated, pursuant to Section 510 of the Bankruptcy Code, to all general unsecured claims asserted against the Debtors' estates; and/or (ii) granting subordination of the Investor Claims to the extent allowed.

During a subsequent telephonic conference with the Court held on February 20, 2013, the Court directed the parties to confer regarding the following issues and to submit this joint status report on the parties' positions by March 6, 2013.  The issues that the Court requested we address are as follows:

    (1)    whether the parties consent to the consolidation of the Adversary Proceeding and the contested matter (the "Contested Matter") arising from the Rule 3013 Motion;

    (2)    whether the Debtors and the Investors agree to proceed by cross-motions for summary judgment;

    (3)    whether the parties take the position that discovery is necessary, and, if so, the nature of that discovery;

    (4)    whether the parties intend to submit a joint stipulation of undisputed facts with agreed-upon exhibits, including an agreement on the universe of securitization documents that the Court can rely upon; and

    (5)    a proposed timeline.

Pursuant to the Court's direction, the parties have conferred in an effort to come to an agreement with respect to the above issues identified by the Court.  Below please find a summary of the Debtors' and the Investors' views regarding these issues.

**1.**    **Consolidation**

The parties consent to the consolidation of the Adversary Proceeding and the Contested Matter so that they can be heard and decided at the same time.

---

(the "Joining Parties").  In preparing this joint status report, the Debtors conferred on the issues addressed in this report with counsel to the Defendants and circulated a draft of this letter to other parties in interest, including those who filed responses or joinders to the Rule 3013 Motion, to solicit their views.  In response, Mr. Etkin, counsel to the Joining Parties, requested the insertion of the following language into this letter:  "These parties were not contacted with respect to the discussions between the Debtors and the Investors referenced in this letter and their views on the issues raised at the February 20, 2013 conference were not solicited."  Counsel to the Joining Parties further informed the Debtors that his clients concur with the Investors concerning discovery, do not yet have a position as to whether they are willing to rely on the governing documents for the RALI Series 2006-QO3 as a suitable exemplar for all the securitizations in which the Investors invested, and suggested that the schedule proposed herein be extended by a few weeks.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

The Honorable Martin Glenn
March 6, 2013

2.    **Cross-Motions for Summary Judgment**

The parties agree that the issues raised may be resolved by cross-motions for summary judgment, but disagree as to whether discovery is necessary in advance (see below).

3.    **Discovery**

The parties agree that discovery is unnecessary *except* that the Investors seek discovery with respect to the duties that actually were performed by the Debtors, as servicers, to service the loans held by the securitization trusts.

The Debtors' Position

The Debtors believe that no discovery is necessary, because the issues raised are legal ones that can be decided based upon the governing documents for the RMBS securitizations, together with a limited number of other documents and undisputed facts.  The Debtors' position is that the discovery suggested by the Investors is both irrelevant to the legal issues and likely to be unduly burdensome.

Specifically, the Debtors believe that it is a legal question whether their roles as sponsor, depositor, and servicer in respect of the securitizations establish that the Trusts were "affiliates" of the Debtors within the meaning of Section 101(2)(C) of the Bankruptcy Code.  The Debtors believe that there is no meaningful factual dispute that, at the time the claims arose, the Debtors did in fact perform the role of servicer with respect to securitizations for which they were designated as servicer in the governing documents (*e.g.*, Allstate Complaint ¶ 64 ("the defendants controlled every aspect of originating and servicing the underlying Mortgage Loans")), and that any variation in the particular allocation of duties between the servicers and any subservicers under their control is irrelevant to the legal determination of whether the servicing relationship establishes that the Trusts were affiliates of the Debtors.

The Investors' Position

Unlike the Debtors, the Investors have limited visibility into what services or actions one or more of the Debtors actually may have provided or undertaken with respect to the Trusts and the businesses and property of the Trusts.  The Investors seek limited discovery to ascertain the identity of the Debtors that allegedly performed these services or took these actions, whether these services or actions were actually provided or undertaken by the Debtors, and whether other aspects of the businesses or property of the Trusts were not operated by any Debtors.

4.    **Stipulated Facts and Agreed-to Exhibits**

The parties believe that they will be able to stipulate to most of the relevant facts and agreed-to exhibits.  However, the parties wish to reserve their rights to submit a limited amount of proposed undisputed facts and documents in the event that the parties cannot reach agreement on a fixed universe of stipulated facts and agreed-to exhibits.  The parties believe that the Adversary Proceeding can be decided based upon the governing documents for the RALI Series 2006-QO3 as

14322700

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

The Honorable Martin Glenn
March 6, 2013

Page 4

a suitable exemplar for all the securitizations in which the Investors invested, provided that the parties shall not be precluded from relying on governing documents from other securitizations. To the extent further review of governing documents from the Debtors' other securitizations uncovers material differences with the documents from the sample securitization, the parties agree to disclose and consult with each other about such differences prior to the use of any such document in connection with the motions contemplated by this joint status report.

5.    **Timing**

The parties propose the following timeline (subject to the Debtors' prompt compliance with any discovery permitted by the Court):

- April 2, 2013 as the deadline for filing of cross-motions for summary judgment, together with stipulated facts and agreed-to exhibits;

- April 23, 2013 as the deadline for filing of oppositions;

- May 7, 2013 as the deadline for filing of replies; and

- the May 14, 2013 omnibus hearing date for a hearing (depending upon the Court's schedule and availability).

*[Remainder of Page Intentionally Left Blank.]*

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

The Honorable Martin Glenn

Page 5                                                                    March 6, 2013

## Conclusion

The Debtors and the Investors will make themselves available at the Court's convenience to discuss the contents of this joint status report.

Thank you for your consideration.

Respectfully submitted,

/s/ Theresa A. Foudy                          /s/ Eric D. Winston
Theresa A. Foudy, Esq.                        Eric D. Winston, Esq. (admitted *pro hac vice*)
Steven J. Reisman, Esq.                       Jeremy D. Andersen, Esq. (admitted *pro hac vice*)
Maryann Gallagher, Esq.
                                              Quinn Emanuel Urquhart & Sullivan, LLP
Curtis, Mallet-Prevost, Colt & Mosle LLP      865 South Figueroa Street
101 Park Avenue                               Los Angeles, California 90017
New York, New York 10178-0061
                                              Susheel Kirpalani, Esq.
*Conflicts Counsel to the Debtors*            Daniel L. Brockett, Esq.
                                              Jennifer Barrett, Esq.
                                              Maria Ginzburg, Esq.
                                              Scott C. Shelley, Esq.
                                              51 Madison Avenue, 22nd Floor
                                              New York, New York 10010

                                              *Counsel for AIG, Allstate, Mass Mutual, and
                                              Prudential*

/s/ Joel C. Haims                             /s/ Laura Neish
Joel C. Haims, Esq.                           Laura Neish, Esq.
Gary S. Lee, Esq.
                                              Zuckerman Spaeder LLP
Morrison & Foerster LLP                       1185 Avenue of the Americas, 31st Floor
1290 Avenue of the Americas                   New York, New York 10036-2603
New York, New York 10104
                                              Nelson C. Cohen, Esq. (admitted *pro hac vice*)
*Counsel to the Debtors With Respect to*      Graeme Bush, Esq. (admitted *pro hac vice*)
*Defendants Allstate and NCUAB*               1800 M Street, NW
                                              Washington, DC 20036

                                              *Counsel for NCUAB*

cc:    Tammy Hamzehpour, Esq. (*via* e-mail:  tammy.hamzehpour@gmacrfc.com)
           (Residential Capital, LLC)

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 6

The Honorable Martin Glenn
March 6, 2013

Kenneth H. Eckstein, Esq. (*via* e-mail:  keckstein@kramerlevin.com)
Greg Horowitz, Esq. (*via* e-mail:  ghorowitz@kramerlevin.com)
   (Kramer Levin Naftalis & Frankel LLP)
Brian Masumoto, Esq. (via e-mail:  Brian.Masumoto@usdoj.gov)
   (Office of the United States Trustee)
Kathy D. Patrick, Esq. (*via* e-mail:  kpatrick@gibbsbruns.com)
Robert J. Madden, Esq. (*via* e-mail:  rmadden@gibbsbruns.com)
   (Gibbs & Bruns LLP)
Keith H. Wofford, Esq. (*via* e-mail:  keith.wofford@ropesgray.com)
D. Ross Martin, Esq. (*via* e-mail:  ross.martin@ropesgray.com)
   (Ropes & Gray LLP)
Gregory M. Petrick, Esq. (*via* e-mail:  gregory.petrick@cwt.com)
Ingrid Bagby, Esq. (*via* e-mail:  ingrid.bagby@cwt.com)
Mark C. Ellenberg, Esq. (*via* e-mail:  mark.ellenberg@cwt.com)
   (Cadwalader, Wickersham & Taft LLP)
J. Christopher Shore, Esq. (*via* e-mail:  cshore@whitecase.com)
Harrison L. Denman, Esq. (*via* e-mail:  hdenman@whitecase.com)
   (White & Case LLP)
Gerard Uzzi, Esq. (*via* e-mail:  guzzi@milbank.com)
   (Milbank, Tweed, Hadley & McCloy LLP)
Thomas J. Moloney, Esq. (*via* e-mail:  tmoloney@cgsh.com)
Sean A. O'Neal, Esq. (*via* e-mail:  soneal@cgsh.com)
   (Cleary Gottlieb Steen & Hamilton LLP)
Walter H. Curchack, Esq. (*via* e-mail:  wcurchack@loeb.com)
Vadim J. Rubinstein, Esq. (*via* e-mail:  vrubinstein@loeb.com)
   (Loeb & Loeb LLP)
Michael S. Etkin, Esq. (*via* e-mail:  metkin@lowenstein.com)
Ira M. Levee, Esq. (*via* e-mail:  ilevee@lowenstein.com)
Andrew Behlmann, Esq. (*via* e-mail:  abehlmann@lowenstein.com)
   (Lowenstein Sandler LLP)
Glenn E. Siegel, Esq. (*via* e-mail:  glenn.siegel@dechert.com)
Craig Druehl, Esq. (*via* e-mail:  craig.druehl@dechert.com)
   (Dechert LLP)
Martin G. Bunin, Esq. (*via* e-mail:  marty.bunin@alston.com)
John C. Weitnauer, Esq. (*via* e-mail:  kit.weitnauer@alston.com)
William Hao, Esq. (*via* e-mail:  william.hao@alston.com)
   (Alston & Bird LLP)
Dale C. Christensen, Jr., Esq. (*via* e-mail:  christensen@sewkis.com)
Mark D. Kotwick, Esq. (*via* e-mail:  kotwick@sewkis.com)
Ronald L. Cohen, Esq. (*via* e-mail:  cohen@sewkis.com)
Arlene R. Alves, Esq. (*via* e-mail:  alves@sewkis.com)
   (Seward & Kissel LLP)
James L. Garrity, Jr., Esq. (*via* e-mail:  jgarrity@morganlewis.com)
John C. Goodchild, III, Esq. (*via* e-mail:  jgoodchild@morganlewis.com)
   (Morgan, Lewis & Bockius LLP)
Irena M. Goldstein, Esq. (*via* e-mail:  igoldstein@proskauer.com)

14322700

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

The Honorable Martin Glenn
Page 7                                                                                March 6, 2013

Jeffrey Chubak, Esq. (*via* e-mail:  jchubak@proskauer.com)
   (Proskauer Rose LLP)
All Parties on the Special and General Service Lists in the Debtors' Chapter 11 Cases