# Lowenstein Sandler LLP

**Michael S. Etkin**
Partner

**65 Livingston Avenue**
**Roseland, NJ 07068**
T    973 597 2312
F    973 597 2313
metkin@lowenstein.com

March 7, 2013

**VIA ECF AND ELECTRONIC MAIL**

Honorable Martin Glenn, U.S.B.J.
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

**Re:    In re Residential Capital, LLC, *et al.*,**
**Bankruptcy Case No. 12-12020 (MG)**
**Residential Capital, LLC, et al. v. Allstate Insurance Co., et al.,**
**Adv. Pro. No. 13-01262 (MG)**

Dear Judge Glenn:

This firm is bankruptcy counsel in the above-referenced Chapter 11 cases to (a) New Jersey Carpenters Health Fund, on behalf of itself and the certified class that it represents; (b) Cambridge Place Investment Management Inc.; and (c) Union Central Life Insurance Co., Ameritas Life Insurance Corp., and Acacia Life Insurance Co. (collectively, the Joining Parties, as defined in the Joint Status Report referenced below). We write to clarify certain points raised in the joint status report submitted to Your Honor last night (the "Joint Status Report") by counsel to (a) the debtors and debtors-in-possession in the above-styled chapter 11 cases (the "Debtors"), (b) defendants/movants AIG Asset Management (U.S.), LLC and its affiliated entities, Allstate Insurance Company and its affiliated entities, Massachusetts Mutual Life Insurance Company, and Prudential Insurance Company of America and its affiliated entities (collectively, the "Movants"), and (c) the National Credit Union Administration Board ("NCUAB" and collectively with the Debtors and the Movants, the "Joint Status Report Parties") [Case No. 12-12020, Docket No. 3117; Adv. Pro. No. 13-01262, Docket No. 6].

As noted in the Joint Status Report, the Joining Parties were not contacted by the Joint Status Report Parties to participate in the discussions leading up to the preparation of the Joint Status Report. We were first made aware of such discussions when we received a copy of the proposed Joint Status Report at 7:05 p.m. on March 5, 2013 and were requested to provide comments by 3:00 p.m. the next day, although the proposed Joint Status Report was described as being "close

Honorable Martin Glenn, U.S.B.J.  March 7, 2013
Page 2

to final." We thereafter requested that certain language be added to the Joint Status Report to reflect this fact.  See Joint Status Report at 2 n.1.

Upon receipt of the proposed Joint Status Report, and without much time to discuss its contents with our clients, we advised the Joint Status Report Parties that the Joining Parties do not oppose consolidation of the 3013 Motion and the above-referenced adversary proceeding.  However, as we advised the Joint Status Report Parties, we believe that limited discovery of documents relating not only to the issues identified by the Investors (as defined in the Joint Status Report) but also to the formation of the RMBS securitization trusts is appropriate and, in fact, necessary to the full briefing of the issues before the Court.  In light of the need for such discovery, albeit limited, we suggested that the briefing schedule with respect to the cross-motions for summary judgment should be extended by several weeks, with the initial cross-motions due in mid-to-late April.

Moreover, the Joining Parties have not yet had the opportunity to confirm that the RALI Series 2006-QO3 securitization is an appropriate exemplar for all securitizations that are in issue with respect to the Joining Parties' claims.

The Joining Parties respectfully submit that the supplemental information provided above should help the Court obtain a more complete picture of the position of the Joining Parties in connection with the process leading up to the filing of the Joint Status Report and any scheduling order with respect to this matter.

Respectfully submitted,

*/s/ Michael S. Etkin*

Michael S. Etkin

26963/2
3/7/13 23846037.2

CC:    All parties listed as copy recipients of the Joint Status Report (via e-mail only)