**Hearing Date and Time: March 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: March 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

----------------------------------------------------------------

**NOTICE OF DEBTORS' MOTION PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1009, 3007**
**AND 9019(b) FOR APPROVAL OF (I) CLAIM OBJECTION PROCEDURES,**
**(II) BORROWER CLAIM PROCEDURES, (III) SETTLEMENT PROCEDURES,**
**AND (IV) SCHEDULE AMENDMENT PROCEDURES**

**PLEASE TAKE NOTICE** that the debtors and debtors in possession in the above-captioned case have filed the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b) for Approval of (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, and (IV) Schedule Amendment Procedures* (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that a hearing will take place on **March 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein, if any, must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), shall set forth the basis for the objection and the specific grounds therefore, and shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399, by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at http://www.nysb.uscourts.gov, the official website for the Bankruptcy Court), with a hard copy delivered directly to Chambers and served by first-class mail upon: (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Norman S. Rosenbaum and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Brian S. Masumoto); (c) counsel for Ally Financial, Inc., Kirkland & Ellis, LLP, Citigroup Center, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard Cieri); (d) counsel for Official Committee of Unsecured Creditors, Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (e) special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attn: Ronald J. Friedman); and (f) counsel to the administrative agent for the Debtors' providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, New York 10036 (Attention: Kenneth S. Ziman and Jonathan H. Hofer), so as to be received no later than **4:00 p.m. (Prevailing Eastern Time) on March 14, 2013**, or such shorter time as the Bankruptcy Court may hereafter order and of which you will receive subsequent notice.

ny-1065040

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motion may be obtained at via PACER at http://www.nysb.uscourts.gov.

Dated:  March 7, 2013
             New York, New York

                                        /s/  Norman S. Rosenbaum
                                        Gary S. Lee
                                        Norman S. Rosenbaum
                                        Jordan A. Wishnew
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone:  (212) 468-8000
                                        Facsimile:  (212) 468-7900

                                        *Counsel for the Debtors and
                                        Debtors in Possession*

**Hearing Date and Time: March 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: March 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- )
                                                         )
In re:                                                   )    Case No. 12-12020 (MG)
                                                         )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                  )    Chapter 11
                                                         )
                                Debtors.                 )    Jointly Administered
                                                         )
-------------------------------------------------------- )

**DEBTORS' MOTION PURSUANT TO SECTION 105(a) OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULES 1009, 3007 AND**
**9019(b) FOR APPROVAL OF (I) CLAIM OBJECTION PROCEDURES,**
**(II) BORROWER CLAIM PROCEDURES, (III) SETTLEMENT PROCEDURES,**
<u>**AND (IV) SCHEDULE AMENDMENT PROCEDURES**</u>

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1

JURISDICTION ....................................................................................................................2

BACKGROUND ....................................................................................................................2

    A.    General Background ...........................................................................................2

    B.    Schedules and Proofs of Claim.........................................................................2

RELIEF REQUESTED .........................................................................................................3

    A.    Claim Objection Procedures ..............................................................................3

    B.    Borrower Claim Procedures ...............................................................................9

    C.    Settlement Procedures .......................................................................................13

    D.    Schedule Amendment Procedures ....................................................................17

BASIS FOR RELIEF ...........................................................................................................19

    A.    The Claim Objection Procedures Are Appropriate and Should Be
Approved ...........................................................................................................19

    B.    The Borrower Claim Procedures Are Appropriate and Should Be
Approved ...........................................................................................................22

    C.    The Settlement Procedures Are Appropriate and Should Be Approved .............23

    D.    The Schedule Amendment Procedures Should Be Approved.............................26

NOTICE ..............................................................................................................................28

NO PRIOR REQUEST .........................................................................................................28

CONCLUSION ....................................................................................................................29

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Adelphia Commc'ns Corp. v. Am. Channel, LLC (In re Adelphia Commc'ns Corp.),*
345 B.R. 69 (Bankr. S.D.N.Y. 2006) .................................................................................26

*Am. Home Mortg. Corp.,*
Case No. 07-11047 (CSS) (Bankr. D. Del. Feb. 23, 2009) ...................................................22

*Chinichian v. Campolongo (In re Chinichian),*
784 F.2d 1440 (9th Cir. 1986) ............................................................................................19

*Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),*
722 F.2d 1063 (2d Cir. 1983) .............................................................................................19

*Cosoff v. Rodman (In re W.T. Grant Co.),*
699 F.2d 599 (2d Cir. 1983) ...............................................................................................24

*Fisher v. Pereira (In re 47-49 Charles St., Inc.),*
209 B.R. 618 (S.D.N.Y. 1997) ............................................................................................23

*In re BearingPoint Grp., Inc., et al.,*
Case No. 09-10691 (REG) (Bankr. S.D.N.Y. Oct. 2, 2009) ......................................26, 27, 28

*In re Borders Grp., Inc., et al.,*
Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Aug. 11, 2011)....................................20, 25, 26

*In re Calpine Corp., et al.,*
Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Aug. 15, 2006) ...............................................27

*In re Gen. Maritime Corp., et al.,*
Case No. 11-15285 (MG) (Bankr. S.D.N.Y. Mar. 15, 2012) ................................................20

*In re Grubb & Ellis Co., et al.,*
Case No. 12-10685 (MG) (Bankr. S.D.N.Y. July 31, 2012) .................................................20

*In re Ionosphere Clubs, Inc.,*
156 B.R. 414 (S.D.N.Y. 1993), *aff'd,* 17 F.3d 600 (2d Cir. 1994).........................................23

*In re Lehman Bros. Holdings Inc.,*
Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Mar. 31, 2010) ...............................................20

*In re Lenox Sales Inc., et al.,*
Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Sept. 3, 2009).................................................25

*In re Lyondell Chem. Co., et al.*,
   Case No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 6, 2009) .................................................... 25

*In re MF Global Holdings Ltd., et al.*,
   Case No. 11-15059 (MG) (Bankr. S.D.N.Y. Nov. 13, 2012) ................................................... 20

*In re Mesa Air Grp., Inc.*,
   Case No. 10-10018 (MG) (Bankr. S.D.N.Y. July 7, 2010) ..................................................... 20

*In re Motors Liquidation Co., et al. (f/k/a General Motors Corp., et al.,)*,
   Case No. 09- 50026 (REG) (Bankr. S.D.N.Y. Oct. 6, 2009) ......................................... 20, 25

*In re Spielfogel*,
   211 B.R. 133 (Bankr. E.D.N.Y. 1997) .................................................................................. 24

*Keene Corp. v. Coleman (In re Keene Corp.)*,
   164 B.R. 844 (Bankr. S.D.N.Y. 1994) .................................................................................. 26

*Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*,
   478 F.3d 452 (2d Cir. 2007) ................................................................................................. 24

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*,
   390 U.S. 414 (1968) ............................................................................................................. 24

*Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.)*,
   134 B.R. 499 (Bankr. S.D.N.Y. 1991) .................................................................................. 23


STATUTES

11 U.S.C. § 105 .................................................................................................................... passim

11 U.S.C. § 502 .............................................................................................................................. 3


OTHER AUTHORITIES

Fed. R. Bankr. P. 1009 ............................................................................................................ 19, 26

Fed. R. Bankr. P. 3007 ........................................................................................................... passim

Fed. R. Bankr. P. 9019 ........................................................................................................... passim

iii

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**")[1] hereby move for entry of an order, a proposed form of which is attached hereto as Exhibit 1 (the "**Order**"), under section 105(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rules 1009, 3007 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for approval of (i) claim objection procedures, (ii) borrower claim procedures, (iii) settlement procedures, and (iv) procedures for amending the Debtors' schedules (the "**Motion**"). In support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

## PRELIMINARY STATEMENT

1.      In the interest of expediting the process of reconciling more than 6,400 claims filed against the Debtors (the "**Filed Claims**") as well as more than 1,000 claims scheduled[2] by the Debtors (the "**Scheduled Claims**," and together with the Filed Claims, the "**Claims**"), and reducing the administrative burden imposed on the Court and the administrative and financial burden on the Debtors' estates, the Debtors seek approval of procedures to: (i) object to Filed Claims (the "**Claim Objection Procedures**"); (ii) object to Borrower Claims (defined below) (the "**Borrower Claim Procedures**"); (iii) settle certain Claims without further Court approval (the "**Settlement Procedures**"); and (iv) amend their Schedules (defined below) to resolve any discrepancies that may be discovered with respect to Scheduled Claims as part of the claims reconciliation process (the "**Schedule Amendment Procedures**"). The Debtors fully vetted the procedures set forth in this Motion with the Creditors' Committee (defined below) and

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

[2]     These liabilities were not marked as contingent, unliquidated, or disputed.

Special Borrowers' Counsel to the Committee (defined below), and the final product incorporates their substantial feedback and has received their approval.

## JURISDICTION

2.        This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### A.        General Background

3.        On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.        On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "**Creditors' Committee**").

5.        On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

### B.        Schedules and Proofs of Claim

6.        On June 30, 2012, the Debtors filed their schedules of assets and liabilities and schedules of executory contracts and unexpired leases (the "**Schedules**").  On July 3, 2012, the Debtors filed amendments to the Schedules.

7.        On August 29, 2012, the Court entered an order establishing: (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim (each a "**Proof of Claim**") by virtually all creditors against the Debtors (the "**General Bar**

Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim [Docket No. 1309]. On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].

8.      To date, in excess of 6,400 Filed Claims have been asserted against the Debtors in these chapter 11 cases in a face amount in excess of $97 billion. The Debtors and their professional advisors are engaged in a comprehensive review and reconciliation of all Claims. As part of the claims review process, the Debtors have identified certain broad categories of objections they have to a large number of the Filed Claims.

### RELIEF REQUESTED

9.      Pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b), the Debtors request approval of (i) Claim Objection Procedures, (ii) Borrower Claim Procedures, (iii) Settlement Procedures, and (iv) Schedule Amendment Procedures, each as more fully described below.

### A.      Claim Objection Procedures

10.      In connection with the administration of the chapter 11 cases, each Filed Claim must be reviewed for possible objections. *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."); *see also id*. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated.").

11.      Bankruptcy Rule 3007(c) prohibits the filing of a single objection to multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)." Fed.

R. Bankr. P. 3007(c).   Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection

when the basis for the objection is that the claims subject to objection:

> (1)    duplicate other claims;
>
> (2)    have been filed in the wrong debtor case;
>
> (3)    have been amended by subsequently filed proofs of claim;
>
> (4)    were not timely filed;
>
> (5)    have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order;
>
> (6)    were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
>
> (7)    are interests, rather than claims; or
>
> (8)    assert priority in an amount that exceeds the maximum amount under section 507 of the Bankruptcy Code.

*See id*. at 3007(d).   Moreover, Bankruptcy Rule 3007(e) provides that a debtor may file an

omnibus objection on these grounds for up to 100 claims at a time.  *See id*. at 3007(e).

12.    The Debtors anticipate that, although they will object to a number of the

Claims on the grounds set forth in Bankruptcy Rule 3007(d), they will also object to many

Claims on additional grounds not set forth in Bankruptcy Rule 3007(d).   As such, the Debtors

believe that objecting to multiple Claims in an omnibus fashion on grounds other than those set

forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the

administrative and financial burden on the Debtors' estates during the claims reconciliation

process.

13.    Accordingly, the Debtors request that they be permitted to file a single

omnibus objection to no more than 150 claims at a time ("**Omnibus Claims Objection**")

seeking reduction, reclassification and/or disallowance of Claims on the grounds enumerated in

4

Bankruptcy Rule 3007(d) and/or one or more of the following additional grounds (collectively,

the "**Additional Permitted Grounds**"):

(1)    the amount claimed contradicts the Debtors' books and records;

(2)    the Claims were incorrectly classified;

(3)    the Claims seek recovery of amounts for which the Debtors' estates are not liable;

(4)    the Claims do not include sufficient documentation to ascertain the validity of the Claims;

(5)    the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code;

(6)    the Claims are filed against more than one Debtor entity;

(7)    the Claims have not specified the Debtor against whom the Claim has been filed;

(8)    the Claims do not specify any amount of Claim (other than Claims explicitly asserted as "unliquidated"); and

(9)    the Claims are facially defective.

14.    The Debtors will comply with Bankruptcy Rule 3007 in all other respects,

including that each Omnibus Claims Objection will:

(1)    state in a conspicuous place that claimants receiving the objection should locate their names and Claims in the objection;

(2)    list claimants alphabetically, provide a cross-reference to Claim numbers, and, if appropriate, list claimants by category of Claims;

(3)    state the grounds of the objection to each Claim and provide a cross-reference to the pages in the Omnibus Claims Objection pertinent to the stated grounds;

(4)    state in the title the identity of the objector and the grounds for the objections; and

(5)    be numbered consecutively with other Omnibus Claims Objections filed by the same objector.

*See* Fed. R. Bankr. P. 3007(e).

15.     Bankruptcy Rule 3007 also requires that a copy of a claim objection, with notice of the hearing, be served on the affected claimant.  In an effort to reduce service costs and enable claimants to more readily identify an objection to their respective Claims, the Debtors propose to serve a notice of the Omnibus Claims Objection, rather than the entire Omnibus Claims Objection, on each of the claimants whose Claims are the subject of the applicable Omnibus Claims Objection and, if known, their counsel.  The proposed notice (the "**Claim Objection Notice**") would be in a form substantially similar to the notice attached to the Order as Exhibit A.  The proposed Claim Objection Notice would be personalized for each claimant and would include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection and the proposed treatment of the Claim, information regarding the response deadline and hearing date, and identification of the Claim that is the subject of the Omnibus Claims Objection.  The proposed Claim Objection Notice attached to the Order as Exhibit A is for illustrative purposes only and will be modified to account for the nature of each Omnibus Claims Objection.  In addition, the Claim Objection Notice will include information on how the claimant might obtain a copy of the full Omnibus Claims Objection, including (i) electronically on the Court's docket for the Debtors' chapter 11 cases with a PACER login and password, (ii) for free on the Debtors' approved notice and claim agent's website at http://www.kccllc.net/rescap, or (iii) by calling a designated toll-free telephone number to request a hard copy.

16.     Use of the Claim Objection Notice will substantially reduce the service costs related to the claim objection process without depriving the claimants of any information they would require to understand and respond to any Claim objection.  In fact, the Claim Objection Notice would provide greater clarity to each claimant as to the existence and basis of

6

any objection and the procedures for responding. Accordingly, the Debtors request that the Court approve the Debtors' use of the Claim Objection Notice in a form substantially similar to Exhibit A to the Order.

17.    In addition, to further conserve the estates' resources, the Debtors seek authorization to limit notice of claim objections as follows:  (a) service of a complete copy of each claim objection (whether an omnibus or an individual objection) will only be served on the following parties (the "**Notice Parties**"): (i) the U.S. Trustee, (ii) lead counsel to the Creditors' Committee, and (iii) SilvermanAcampora LLP as special counsel to the Creditors' Committee ("**Special Counsel to the Committee**"); (b) with respect to Omnibus Claims Objections, service of a personalized Claim Objection Notice on each claimant whose Claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose Claim is the subject of the applicable individual claim objection and its counsel, if known.  In addition, a complete copy of each omnibus and individual claim objection will be filed with this Court and publicly available on the Court's electronic docket, PACER, and the website of the Debtors' approved notice and claim agent, Kurtzman Carson Consultants, LLC, at http://www.kccllc.net/rescap.  The Debtors submit that no additional service or notice should be required for claim objections.

18.    Bankruptcy Rule 3007 also requires that the parties receive notice of a claim objection and the hearing thereon at least thirty (30) days prior to the hearing on the objection.  It does not specify the period within which responses to the objection must be filed. To further simplify the claim objection process, the Debtors request that the Court establish that responses to the Debtors' Omnibus Claims Objections and specific claim objections shall be

filed with the Court and served on the requisite parties on or before 4:00 p.m. (Prevailing Eastern Time) on the date that is either (i) twenty-one (21) calendar days after mailing of the objection or Claim Objection Notice, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day, or (ii) with respect to an Omnibus Claims Objection to Borrower Claims (defined below), thirty (30) calendar days after mailing of the objection or Claim Objection Notice, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day (the "**Claim Objection Response Deadline**").[3]  The Debtors further request that they be permitted to file a reply to any such response (including by submitting evidence in opposition to such response and the related Claims by declaration or otherwise) by 12:00 p.m. prevailing Eastern Time on the date that is two (2) business days prior to the hearing scheduled on such Omnibus Claim Objections (the "**Claim Objection Reply Deadline**").[4]

19.    The Claim Objection Notice and the Omnibus Claims Objections and individual claim objections, in each case, will specify the time and date that responses are due.  If no response to a Claim Objection Notice is timely filed and served by the established deadline with respect to a particular Claim, the Debtors may submit a form of order sustaining the Omnibus Claims Objection with respect to such Claim for presentment at the hearing that has been scheduled for such Claim.

20.    Upon receipt of a timely response to an Omnibus Claims Objection, if the Debtors determine that discovery is necessary in advance of a hearing on the matter, the Debtors

---

[3]    The Debtors reserve the right to request that the Court impose an alternative Claim Objection Response date with respect to certain objections, if the circumstances so require.

[4]    However, the Debtors reserve all rights to request that, if the circumstances so require with respect to certain Omnibus Claim Objections, the Court impose expedited Claim Objection Response Deadlines and/or extended Claim Objection Reply Deadlines.

ny-1065040

will serve notice on the affected claimant and its counsel of record and the Notice Parties that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate discovery and resolution of the Claim. Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.

### B.    Borrower Claim Procedures

21.    The Debtors estimate that approximately 2,800[5] Filed Claims have been filed by current or former borrowers (collectively, the "**Borrower Claims**", and each a "**Borrower Claim**"). As used in this Motion, the term "Borrower" shall mean a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors. In addition to the other procedures provided in this Motion, the implementation of specific procedures for Borrower Claims will facilitate the claims review and reconciliation process for such Claims:

(i)    Omnibus Claims Objections for Borrower Claims will exclusively address Borrower Claims and not Filed Claims. Similarly, Omnibus Claims Objections to Filed Claims will not include objections to Borrower Claims. Furthermore, Omnibus Claims Objections to Borrower Claims that are based on the grounds enumerated in Bankruptcy Rule 3007(d)(1), (3), (4), (5), (7) or (8) or items (2) and (5) of the Additional Permitted Grounds shall not be subject to the requirements under either subsection (iii) or (iv) below. However, Omnibus Claims Objections to Borrower Claims that are based on the grounds enumerated in Bankruptcy Rule 3007(d)(2) and (6), or items (1), (3), (4), (6), (7), (8), or (9) of the Additional Permitted Grounds (the "**Special Objection Grounds**") shall be subject to the requirements under either subsection (iii) or (iv) below.

(ii)    Prior to filing any objection to a Borrower Claim and Omnibus Claims Objection to Borrower Claims based on one or more of the

---

[5]    This number includes approximately 200 Claims filed after the General Bar Date.

Special Objection Grounds, the Debtors shall (a) provide Special Counsel to the Committee with a list of the Borrower Claims proposed to be included in such omnibus objection (each, a "**Borrower Claim List**"), and Special Counsel to the Committee shall have two (2) weeks from the date of receipt of a Borrower Claim List to advise the Debtors whether it believes that any amendments to a Borrower Claim List should be made, and meet and confer with the Debtors thereafter regarding such recommended amendment, if any; and (b) review their books and records maintained in the ordinary course to determine whether any amounts are owed to the Borrower, and provide the results of that review to Special Counsel to the Committee subject to an appropriate Confidentiality Agreement.

(iii)    For those Claims on a final Borrower Claim List that were filed with insufficient or no supporting documentation to determine the amount, priority, or validity of such Claim, the Debtors shall, prior to filing an objection to a Borrower Claim and/or an Omnibus Claims Objection to Borrower Claims based on one or more of the Special Objection Grounds, with notice to the Special Counsel to the Committee, contact the holders of such Claims by mailing a document request letter, in a form mutually acceptable to the Debtors and Special Counsel to the Committee (the "**Request Letter**"), to such Borrower, or counsel thereto if known, in an attempt to obtain information regarding the factual and legal basis of the respective asserted Borrower Claim, with those efforts to commence promptly but, in any event, within two (2) weeks after finalizing a Borrower Claim List.  Where the Borrower has provided an email address on its Proof(s) of Claim, the Debtors may email the Borrower the Request Letter from their Borrower Claim administration email account (the "**Borrower Claim Account**"), and shall copy the Special Counsel to the Committee on such email.  If the Borrower does not provide an email address by which the Debtors may contact such Borrower, the Debtors shall mail to the Borrower, via First Class U.S. Mail, a hard copy of the Request Letter, and send a copy by email of such letter to the Special Counsel to the Committee.  In the hard copy Request Letter, the Debtors shall provide the Borrower with the Debtors' Borrower Claim Account to allow the Borrower to respond electronically if the Borrower so chooses.  The Debtors, in their discretion or at the request of Special Counsel to the Committee, may attempt to contact a Borrower by phone as a follow up to the written request, or with Debtors' prior consent, Special Counsel to the Committee may do so in order to facilitate the analysis and resolution of Borrower Claims.

ny-1065040

(iv)  With regard to those Claims on a final Borrower Claim List that were filed with supporting documentation, to the extent the Debtors deem it useful to conduct further analysis of any such Borrower Claim or at the request of Special Counsel to the Committee, the Debtors shall, prior to filing an objection to a Borrower Claim and/or an Omnibus Claims Objection to Borrower Claims based on one or more of the Special Objection Grounds, after notice to and consultation with the Special Counsel to the Committee, use reasonable efforts to contact the holders of such claims, including the mailing, or emailing, where appropriate, of a Request Letter to such Borrower, or counsel thereto if known, in an attempt to obtain additional information regarding the factual and legal basis of the asserted Borrower Claim.

The Debtors shall copy the Special Counsel to the Committee on the Request Letter issued under subsections (iii) or (iv), whether mailed or emailed, and, among other things, shall inform the Borrower in the Request Letter that the Borrower may contact the Special Counsel to the Committee for consultation, if desired, to assist the Borrower in his or her efforts to provide additional information to be used by the Debtors in their analysis of the Borrower Claim.  Such consultation, however, shall not include any legal advice.  Moreover, the Debtors, in their discretion, may attempt to contact a claimant by phone as a follow up to the written request, or with Debtors' prior consent, Special Counsel to the Committee may do so.

(v)  The Debtors shall notify the Special Counsel to the Committee if they are unable to obtain supporting documentation from a Borrower within thirty (30) days of requesting same under either subsection (iii) or (iv) above.

(vi)  The Debtors, in their sole discretion but after consulting with Special Counsel to the Committee (or, the Special Counsel to the Committee, as requested by and with the consent of the Debtors), may make an offer of settlement to the Borrower as to the allowed amount of the Borrower Claim in accordance with subsections (vii), (viii), and (ix) herein.  If a Borrower rejects, or does not accept, the offer within fourteen (14) days after being offered the settlement, then the Debtors, in accordance with subsection (x) herein, may include such Borrower Claims in an Omnibus Claims Objection filed by the Debtors pursuant to the applicable Bankruptcy Rules and this Motion, and shall notify Special Counsel to the Committee that such Borrower has not accepted the proposed settlement.

11

(vii)    The Debtors will be authorized to settle any and all Borrower Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Borrower Claim, including, but not limited to, Borrower Claims marked as contingent, disputed or unliquidated on the Schedules is less than or equal to $50,000.

(viii)   The Debtors will be authorized to settle any and all Borrower Claims asserted against the Debtors without prior approval of the Court whenever (a) the aggregate amount to be allowed for an individual Borrower Claim, including, but not limited to, Borrower Claims marked as contingent, disputed or unliquidated on the Schedules is greater than $50,000 but less than $250,000, *provided however*, that the Debtors will submit the proposed borrower settlement (the "**Borrower Settlement**") to the Creditors' Committee and Special Counsel to the Committee, together with (1) the names of the parties with whom the Debtors have settled, (2) the relevant Proofs of Claim numbers, (3) the types of Borrower Claims asserted by each borrower, (4) the amounts for which such Borrower Claims have been settled and (5) copies of any proposed settlement agreement or other documents supporting the proposed settlement (collectively, the "**Borrower Settlement Summary**").

Within fourteen (14) days[6] of receiving the proposed Borrower Settlement Summary, or such period of time as otherwise agreed to by the Debtors, the Creditors' Committee, and Special Counsel to the Committee (the "**Borrower Objection Deadline**"), the Creditors' Committee and/or Special Counsel to the Committee may submit a written objection to the Borrower Settlement reflected in the Borrower Settlement Summary to counsel to the Debtors (which may be in the form of an email); *provided, however*, that if the Creditors' Committee and/or Special Counsel to the Committee requests additional information regarding a Borrower Settlement prior to the expiration of the Borrower Objection Deadline, the Borrower Objection Deadline shall be suspended until the requested information has been provided. If a timely objection is made by the Creditors' Committee and/or Special Counsel to the Committee, the Debtors may either (a) renegotiate the Borrower Settlement and submit a revised Borrower Settlement Summary to the Creditors' Committee and

---

[6]    Any deadline set in this Motion that falls on a weekend or federal holiday shall be extended to the next business day.

Special Counsel to the Committee if such revised Borrower Settlement is not less than or equal to $50,000 or (b) file a motion with this Court seeking approval of the Borrower Settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

If no timely objection is made by the Creditors' Committee and/or Special Counsel to the Committee, or if the Debtors receive written approval from the Creditors' Committee and/or Special Counsel to the Committee of the Borrower Settlement prior to the Borrower Objection Deadline (which approval may be in the form of an email from counsel to the Creditors' Committee and/or Special Counsel to the Committee), then the Debtors may proceed with the Borrower Settlement.

(ix)   If a proposed settlement of a Borrower Claim exceeds $250,000, then the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

(x)    Any objection to a Borrower Claim, including, without limitation, any Omnibus Claims Objection to Borrower Claims filed pursuant to the applicable Bankruptcy Rules and this Motion, shall be accompanied by a certification of counsel to the Debtors and Special Counsel to the Committee that, to the extent applicable, the foregoing steps, which were required to be performed by the Debtors and Special Counsel to the Committee, respectively, have been taken, and the notice of such objection shall (a) apprise the Borrower of his or her right to appear telephonically at the hearing on such objection, and (b) be accompanied by a copy of the Court's procedures regarding telephonic appearances. The Debtors shall make reasonable efforts to notify Borrowers as soon as practicable concerning any adjournment of the hearing to consider the objection to their Borrower Claims.

## C.   Settlement Procedures

22.    In addition to the Borrower Claims, the Debtors anticipate that a large number of objections to the Claims can be settled for relatively small allowed claim amounts (whether total or incremental) when compared with the overall value of the Debtors' estates. Absent the relief requested in this Motion, the Debtors would be required to seek specific Court approval for each individual compromise and settlement of a Claim. The Debtors believe that it

would be far more efficient and cost effective for their estates and creditors if they were

authorized to settle certain Claims under the terms and conditions outlined below.

23.    Pursuant to the proposed Settlement Procedures:

(i)    The Debtors will be authorized to settle any and all Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Claim, including, but not limited to, Claims marked as contingent, disputed or unliquidated on the Schedules (the "**Settlement Amount**") is less than or equal to $500,000 or (b) the difference (the "**Claim Difference**") between the Settlement Amount and the amount of the Scheduled Claim, to the extent such Claim has not been designated as contingent, disputed, or unliquidated on the Schedules and without giving effect to any modification to the Schedules pursuant to an Omnibus Amendment Motion (defined below), does not exceed $500,000 without regard to any unliquidated amounts asserted by such claimant (any settlement amount within (a) or (b) being a "**De Minimis Settlement Amount**" and such settlement being a "**De Minimis Settlement**"); *provided, however,* that if a Settlement Amount or Claim Difference contains any administrative expense, priority, or secured amounts in an aggregate amount greater or equal to $50,000, then such settlement shall not be a De Minimis Settlement Amount, and shall be subject to the procedures set forth in subparagraph (iii) below.

(ii)    Notwithstanding subparagraph (i) above, if the Settlement Amount and Claim Difference are $1 million or less, but the claimant with whom the Debtors wish to settle is an insider of the Debtors within the meaning of section 101(31) of the Bankruptcy Code, or an affiliate of the Debtors within the meaning of section 101(2) of the Bankruptcy Code, the Debtors shall either (i) file a motion with the Court seeking approval of the proposed settlement under Bankruptcy Rule 9019 on twenty-one (21) days' notice, or (ii) submit a Settlement Summary (as defined below) to the Creditors' Committee and, if the Creditors' Committee approves the proposed settlement pursuant to the Committee Approval Procedures (as defined below), seek approval of the proposed settlement from the Court by notice of presentment.

(iii)    If the Settlement Amount or Claim Difference is not a De Minimis Settlement Amount but is to be allowed either (i) as a prepetition general unsecured, nonpriority claim less than $15 million, or (ii) a secured claim, an administrative expense claim, or a priority claim greater than $50,000 but less than $250,000 without regard to any

unliquidated amounts asserted by such claimant, then the Debtors will submit the proposed settlement to the Creditors' Committee, together with (1) the names of the parties with whom the Debtors have settled, (2) the relevant Proofs of Claim numbers, (3) the types of Claims asserted by each such party, (4) the amounts for which such Claims have been settled and (5) copies of any proposed settlement agreement or other documents supporting the proposed settlement (collectively, the "**Settlement Summary**").

Within fourteen (14) days of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee (the "**Objection Deadline**"), the Creditors' Committee may submit a written objection to the proposed Settlement reflected in the Settlement Summary to counsel to the Debtors (which may be in the form of an email); *provided, however*, that if the Creditors' Committee requests additional information regarding a proposed Settlement prior to the expiration of the Objection Deadline, the Objection Deadline shall be suspended until the requested information has been provided.  If a timely objection is made by the Creditors' Committee, the Debtors may either (x) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee if such revised settlement is not a De Minimis Settlement Amount or (y) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice (the "**Committee Approval Procedures**").

If no timely objection is made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the Objection Deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

(iv)    If the Settlement Amount or Claim Difference is not a De Minimis Settlement Amount but is to be allowed either (i) as a prepetition general unsecured, nonpriority claim greater than or equal to $15 million, or (ii) a secured claim, an administrative expense claim, or a priority claim greater than or equal to $250,000, then the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice; *provided, however*, the Debtors shall consult with the Creditors' Committee as soon as practicable upon the commencement of any negotiation process that the Debtors expect will culminate in a settlement in a Settlement Amount or Claim Difference equal or greater to $15 million with respect to a

prepetition general unsecured, nonpriority claim, or equal or greater to $250,000 with respect to a secured claim, an administrative expense claim, or a priority claim.

(v)     The types of Claims that may be settled pursuant to these Settlement Procedures include: (a) secured claims; (b) administrative expense claims under section 503(b) of the Bankruptcy Code; (c) other priority claims under section 507(a) of the Bankruptcy Code; and (d) general unsecured claims.

(vi)    The Debtors may issue releases to settling claimants and/or creditors as a part of any settlements entered into pursuant to the Settlement Procedures, without prior approval of the Court or any party in interest in these cases, if such release is limited in (a) scope to matters arising from or related to the Claim(s) being settled, and (b) applicability to the settling claimant(s) and or creditor(s), and does not apply to such settling claimants' or settling creditors' non-settling affiliates, insiders, employees, directors, officers, representatives, or agents, or any other parties. If the release which the Debtors wish to issue is broader than as described in either (a) or (b), the Debtors shall submit a Settlement Summary to the Creditors' Committee and the Committee Approval Procedures shall apply.

(vii)   On a quarterly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will file with the Court and serve, in accordance with the procedures set forth in the order entered May 23, 2012 governing case management and administrative procedures [Docket No. 141] (the "**Case Management Order**"), a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, the amounts for which such Claims have been settled, and whether the Claim was settled as a secured claim; administrative expense claim under section 503(b) of the Bankruptcy Code; priority claim under section 507(a) of the Bankruptcy Code; or general unsecured claim.

(viii)  On a monthly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will provide to counsel to the Creditors' Committee a report of all De Minimis Settlements into which the Debtors have entered during the previous month pursuant to these Settlement Procedures. Such reports will set

16

forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, the terms and amounts for which such Claims have been settled, and whether the Claim was settled as a secured claim; administrative expense claim under section 503(b) of the Bankruptcy Code; priority claim under section 507(a) of the Bankruptcy Code; or general unsecured claim.

(ix)    Under the Settlement Procedures, the Debtors may settle Claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties provided that the Debtors follow the Committee Approval Procedures when seeking to effectuate such a release.

24.    For the avoidance of doubt, nothing herein shall affect, impair, impede, or otherwise alter the rights of the Debtors to settle or pursue settlement of Claims pursuant to any other order of the Court.  The Debtors reserve the right to seek modification of the Settlement Procedures and the Claim Objection Procedures as they deem appropriate.

D.    **Schedule Amendment Procedures**

25.    The Debtors anticipate that, as the claims reconciliation process proceeds, the Debtors will discover discrepancies in the Schedules filed several months ago, including the listing of various liabilities that exceed what they actually owe.  Such errors must be corrected for the benefit of the estates and all stakeholders in these cases.  However, the Debtors respectfully submit that the cost to their estates, in terms of both time and money, of further amending the Schedules, requesting the affected creditors to file a proof of claim within thirty (30) calendar days from the date of the notice of such amendment, and delaying the claims reconciliation process pending receipt of such claims would be significant.  Accordingly, the Debtors propose the following Schedule Amendment Procedures.

26.    The Debtors propose to file omnibus motions to amend their Schedules in order to adjust the amounts listed therein to accurately reflect the Debtors' actual liabilities as

revealed by the claims reconciliation process ("**Omnibus Amendment Motions**").  In an effort

to reduce service costs, the Debtors propose to serve the Omnibus Amendment Motions on all

affected claimants and, if known, their counsel, at least thirty (30) days in advance of the hearing

to be held thereon.  The proposed notice (the "**Schedule Amendment Notice**") would be in a

form substantially similar to that reflected in Exhibit B to the Order.  The proposed Schedule

Amendment Notice would be personalized for each claimant and would include an explanation

of (i) the claims administration process, (ii) the request for a deemed amendment of Schedules

(including identifying the originally scheduled Claim amount and the proposed amended

scheduled Claim amount), and (iii) information regarding the response deadline and hearing date.

The proposed Schedule Amendment Notice attached to the Order as Exhibit B is for illustrative

purposes only and will be modified to account for the nature of each amendment to the

Schedules.  At least fourteen (14) days prior to filing any Omnibus Amendment Motions, the

Debtors shall consult with the Creditors' Committee regarding the Debtors' proposed

amendments to the Schedules that will be contained in such Omnibus Amendment Motions.

27.    Additionally, to further establish cost-effective procedures, the Debtors

seek entry of an order limiting notice of Omnibus Amendment Motions to: (a) service of a

complete copy of each Omnibus Amendment Motion to (i) the U.S. Trustee, and (ii) Creditors'

Committee's counsel; and (b) service of such motion on the claimants whose Scheduled Claims

are the subject of the applicable motion and their counsel, if known.  The Debtors submit that

such service is sufficient and no additional notice or service should be required.  To the extent a

party in interest requests a copy of any of the aforementioned documents, the Debtors will

provide that party with a complete copy.

28.     Moreover, as with the Claim Objection Procedures, the Debtors propose that claimants as to whose Scheduled Claims the Debtors seek to amend be required to respond, if at all, to Omnibus Amendment Motions by no later than 4:00 p.m. Prevailing Eastern Time on the date that is twenty-one (21) days after the date the Debtors file and serve the relevant Omnibus Amendment Motion, unless such date falls on a Saturday, Sunday or federal holiday, in which case the deadline would be 4:00 p.m. Prevailing Eastern Time on the subsequent business day (the "**Amendment Response Deadline**").   The Debtors further request that they be permitted to file a reply to any such response by 12:00 p.m. Prevailing Eastern Time on the date that is two (2) business days prior to the hearing scheduled on such Omnibus Amendment Motion (the "**Amendment Reply Deadline**," and together with the Amendment Response Deadline, the "**Amendment Deadlines**").[7]  Alternatively, in the event a response is filed, the Debtors may adjourn the hearing on such Omnibus Amendment Motion, or may adjourn the hearing solely with respect to such responding claimant(s).

## BASIS FOR RELIEF

### A.     The Claim Objection Procedures Are Appropriate and Should Be Approved

29.     Bankruptcy Rule 3007(c) provides that this Court can modify the requirements for filing omnibus objections.  In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable

---

[7]     The Debtors reserve all rights to request that, if the circumstances so require with respect to certain Omnibus Amendment Motions, the Court impose expedited Amendment Response Deadlines and/or extended Amendment Reply Deadlines.  The Debtors also reserve their rights, pursuant to Bankruptcy Rule 1009, to further amend their Schedules "as a matter of course at any time before the case[s] [are] closed." Fed. R. Bankr. P. 1009(a).

19

power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets.  *See, e.g.*, *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

30.    Authorizing the Debtors to file Omnibus Claims Objections to no more than 150 Claims at a time on the Additional Permitted Grounds as well as on the grounds provided under Bankruptcy Rule 3007(d) is an appropriate use of the Court's power under section 105 of the Bankruptcy Code and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases.  Similar relief has been granted in other cases in this District.[8] Furthermore, the proposed Claim Objection Notice will provide each claimant with clear notice of an objection to their Claim, more guidance as to the basis of the objection and the procedures for responding than is actually required under Bankruptcy Rule 3007(e), and, in turn, will enhance the claimant's due process protections afforded under the Bankruptcy Rules. Specifically, rather than receiving the actual Omnibus Claims Objection containing hundreds of pages of documentation relating to other claimants, as is permitted under Bankruptcy Rule 3007,

---

[8]    *See, e.g.*, *In re MF Global Holdings Ltd., et al.*, Case No. 11-15059 (MG) (Bankr. S.D.N.Y. Nov. 13, 2012); *In re Grubb & Ellis Co., et al.*, Case No. 12-10685 (MG) (Bankr. S.D.N.Y. July 31, 2012); *In re Gen. Maritime Corp., et al.*, Case No. 11-15285 (MG) (Bankr. S.D.N.Y. Mar. 15, 2012); *In re Borders Grp., Inc., et al.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Aug. 11, 2011); *In re Mesa Air Grp., Inc.*, Case No. 10-10018 (MG) (Bankr. S.D.N.Y. Jul. 7, 2010); *In re Lehman Bros. Holdings Inc.*, Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. Mar. 31, 2010); *In re Motors Liquidation Co., et al., (f/k/a General Motors Corp., et al.)*, Case No. 09- 50026 (REG) (Bankr. S.D.N.Y. Oct. 6, 2009).

the Debtors will serve a personalized notice to each claimant identifying its Claim that is subject to the Omnibus Claims Objection, the basis of the objection, and the required response deadline and hearing date. Therefore, under the proposed Claim Objection Procedures, allowing the Debtors to file Omnibus Claims Objections with no more than 150 Claims is congruent with the rationale behind Bankruptcy Rule 3007(e).

31.     Moreover, authorizing the Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds will not prejudice the rights of creditors. Bankruptcy Rule 3007(d)-(e) already allows the Debtors to file Omnibus Claims Objections, albeit on other grounds, and the Debtors will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each creditor. In addition, granting the Debtors authority to file Omnibus Claims Objections on the Additional Permitted Grounds will not only allow them to complete the claims administration process in a timely, cost-effective, and efficient manner, but will ideally obviate the need for the Debtors to prepare and file, and for the Court to review, potentially thousands of individual objections—a time consuming, expensive, and potentially duplicative endeavor for the Debtors and an unnecessarily burdensome task for the Court.

32.     Further, due to the increased time and expense that would be required to file numerous individual claim objections, such course of action could delay the claims resolution process, and, ultimately, the distribution to the estates' creditors. Therefore, allowing the Debtors to file Omnibus Claims Objections as proposed herein may in fact enhance the rights of creditors by not only preserving the value of the Debtors' estates ultimately available for distribution but also expediting when creditors will be paid. Accordingly, the Court should authorize the Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds.

ny-1065040

B.     **The Borrower Claim Procedures Are Appropriate and Should Be Approved**

33.     The Debtors are mindful that Borrowers may be unfamiliar with the bankruptcy process in general, and the claims administration process specifically, and that many Borrowers may be acting pro se.   Accordingly, the Debtors propose to implement specific objection procedures that would serve to facilitate the Debtors' understanding of the filed Borrower Claims to which the Debtors are considering filing an objection.   The Debtors assert that these Borrower-specific procedures would minimize litigation costs to the Borrower and minimize the number of contested Claim objections before the Court.   For example, based on the Debtors' and their professionals' review of several Filed Claims, Borrowers may have filed Claims for the principal balance of their mortgage note or have simply attached a copy of their note or monthly mortgage statement to their Proof of Claim.   While the Debtors submit that such claimants have not satisfied their *prima facie* burden, the Debtors are prepared to offer such Borrowers the opportunity to provide additional information that may assist the Debtors in evaluating their Claims.   By first reaching out to the Borrower before a Claim objection is filed and attempting to confirm the basis for the Borrower's belief that he or she has a right to payment by a Debtor, the Debtors could save both the time and expense of preparing and litigating what may ultimately be an unnecessary Claim objection that can be resolved consensually and, at the same time, save the Borrower the time and expense of defending their Claim before the Court.

34.     Similar procedures were utilized in *American Home Mortgage*, whereby the debtors established in their confirmed plan of liquidation (which was the product of extensive negotiations between the debtors, the creditors' committee, certain creditors, and a number of other parties in interest, including a borrowers' committee) specific procedures for the debtors to follow prior to objecting to any borrower claims. *See Am. Home Mortg. Corp.*, Case No. 07-

11047 (CSS) [Docket No. 7042] (Bankr. D. Del. Feb. 23, 2009).   By including specific

provisions applicable to borrowers and borrower claims, the *American Home Mortgage* debtors

sought, among other things, to address borrower-related issues and avoid potential confusion

arising from the debtors' treatment of, and potential objection to, asserted borrower claims.  *See*

*Amended Chapter 11 Plan of Liquidation of the Debtors Dated as of February 18, 2009* at Art.

17.F  [Docket No. 7030] (Bankr. D. Del. Feb. 18, 2009).  As stated above, the Debtors propose

to incorporate somewhat similar procedures into this Motion.

        35.    The Borrower Claim Procedures will afford Borrowers an opportunity to

substantiate their Claims against one or more of the Debtors prior to having such Claims be the

subject of an objection.  The Debtors are not acknowledging or admitting the validity of any

Borrower Claims, but will work with Special Counsel to the Committee to ensure the Borrowers

have a sufficient opportunity to prove the validity of their Claims to the Debtors.  The Debtors,

together with the Creditors' Committee, have developed a fair and equitable diligence process

for the Borrowers' benefit.  The procedures contemplate that the Debtors and Borrowers share

information surrounding each Borrower Claim so that the Debtors may determine whether part

or all of a given Borrower Claim should be allowed or the subject of an objection.  The Debtors

submit that these procedures are in the best interests of their estates, Borrowers' interests, impose

minimal cost to the Borrowers, and will limit litigation before this Court.

### C.     The Settlement Procedures Are Appropriate and Should Be Approved

        36.    Allowing the Debtors to settle certain Claims without further Court

approval is an appropriate use of the Court's power under Bankruptcy Rule 9019(b).  Bankruptcy

Rule 9019(b) permits a court, after a hearing on such notice as the court may direct, to "fix a

class or classes of controversies and authorize the trustee to compromise or settle controversies

within such class or classes without further hearing or notice."  Fed. R. Bankr. P. 9019(b).

ny-1065040

37.     Bankruptcy Rule 9019 empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). The settlement need not result in the best possible outcome for the debtor, but must not "fall beneath the lowest point in the range of reasonableness." *Drexel Burnham Lambert Grp.*, 134 B.R. at 505; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

38.     In the event the Settlement Procedures are approved, the Debtors will continue to exercise their reasonable business judgment in negotiating compromises and settlements and will continue to be guided by the factors relevant to a determination of the reasonableness of such settlements, including:

> (1)     the balance between the litigation's possibility of success and the settlement's future benefits;
>
> (2)     the complexity, expense and likely duration of the litigation;
>
> (3)     the paramount interests of the creditors;
>
> (4)     whether other parties in interest support the settlement;
>
> (5)     all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and
>
> (6)     whether the proposed compromise is fair and equitable to the Debtors, their creditors and other interested parties.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Motorola, Inc. v. Official Comm. of Unsecured Creditors (In re Iridium Operating LLC)*, 478 F.3d 452, 462 (2d Cir. 2007). Basic to the process of evaluating proposed settlements

is "the need to compare the terms of the compromise with the likely rewards of litigation."
*Anderson*, 390 U.S. at 425.

39.    The Debtors, in their reasonable business judgment, believe that the
proposed Settlement Procedures constitute a cost-effective method for resolving outstanding
Claims and for avoiding the expense and risk inherent in litigating those Claims.  Given the
number of Claims that the Debtors believe can be settled for relatively moderate allowed Claims,
filing individual pleadings for each proposed settlement that would be required in the absence of
the approval of the Settlement Procedures would impose significant additional administrative
expenses upon the estates.  Further, noticing each compromise and settlement to every one of the
217 parties in interest on the master service list on file with the Court would be exorbitant and
overly burdensome.  Lastly, holding individual hearings would be an expensive, cumbersome,
and highly inefficient way to resolve many of the Claims.  Instead, the proposed Settlement
Procedures will spare the Debtors' estates the administrative costs associated with appearances
for seeking separate Court approval of each Claim settlement.

40.    Additionally, the Debtors submit that the settlements entered into pursuant
to the Settlement Procedures would meet the standards set forth in *TMT Trailer* and followed by
the *Iridium* court.  Specifically, no settlement will be agreed upon unless it is reasonable in the
Debtors' judgment upon consideration of all the relevant factors and falls within the
requirements of types of Claims to be settled under the Settlement Procedures.  Moreover, the
Creditors' Committee, which has fiduciary duties to all unsecured creditors in these cases, will
have the opportunity to review and approve or object to proposed settlements (a) involving
Settlement Amounts or Claim amount differences between $500,000 and $15 million (with a
lower threshold of $50,000 and $250,000 for Borrower Claims), (b) with insiders or affiliates, or

(c) containing releases that are not limited in scope to matters arising from or related to the Claim(s) being settled, or that purport to apply to a settling claimant's or creditor's affiliates, insiders or agents. Indeed, similar settlement procedures have been approved in other cases in this District.[9]

41.    Accordingly, because the Settlement Procedures will benefit the Debtors' estates without prejudice to any creditors, the requested relief satisfies the requirements of Bankruptcy Rule 9019 and should be granted.

## D.    The Schedule Amendment Procedures Should Be Approved

42.    Bankruptcy Rule 1009 provides that "[a] . . . schedule[] or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any . . . schedule[] or statement to be amended[.]" Fed. R. Bankr. P. 1009(a).

43.    As set forth above, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a). The Court's power under this provision is broad. *See, e.g.*, *Keene Corp. v. Coleman (In re Keene Corp.)*, 164 B.R. 844, 849 (Bankr. S.D.N.Y. 1994); *Adelphia Commc'ns Corp. v. Am. Channel, LLC (In re Adelphia Commc'ns Corp.)*, 345 B.R. 69, 85 (Bankr. S.D.N.Y. 2006). Indeed, courts in this district have employed section 105(a) to approve procedures for deemed schedule amendment motions. *See, e.g.*, *In re Borders Grp., Inc., et al.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Aug. 11, 2011)

---

[9]    *See, e.g.*, *In re Borders Grp., Inc., et al.*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Aug. 11, 2011); *In re Motors Liquidation Co., et al., (f/k/a General Motors Corp., et al.,)*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Oct. 6, 2009); *In re Lenox Sales Inc., et al.*, Case No. 08-14679 (ALG) (Bankr. S.D.N.Y. Sept. 3, 2009); *In re Lyondell Chem. Co., et al.*, Case No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 6, 2009).

[Docket No. 1518] (approving schedule amendment procedures pursuant to section 105(a) and authorizing Debtors to file omnibus motions to amend their schedules);[10] *In re BearingPoint, Inc.*, Case No. 09-10691 (REG) (Bankr. S.D.N.Y. Oct. 14, 2009) [Docket No. 1353] (approving schedule amendment procedures that included amending schedules by omnibus motion);[11] *In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Aug. 15, 2006) [Docket No. 2464][12] (authorizing debtors "to file omnibus motions . . . seeking entry of an order deeming the Debtors' Schedules of Liabilities . . . amended to reduce the originally scheduled and noticed claim amount to the amount reflecting the Debtors' actual liability to the creditors[.]").

44.      The Debtors are expressly authorized by the Bankruptcy Rules to amend the Schedules, but are seeking authority from the Court to do so by Omnibus Amendment Motions and to employ the Amendment Deadlines in connection therewith. The Debtors submit that the Schedule Amendment Procedures would greatly reduce the expense, administrative burden, and delay to the claim reconciliation process that would otherwise be inflicted on the estates by amending the Schedules, for the benefit all of the Debtors' stakeholders. Moreover, claimants subject to Schedule amendments would not be prejudiced by the Schedule Amendment Procedures, because, much like with the Claim Objection Procedures, claimants will be served

---

[10]   No objections were filed on the *Borders* docket to omnibus amendment motions. *See Debtors' Motion Pursuant to 11 U.S.C. 105(a) and Rules 1009(a), 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure Requesting Approval of Procedures for (I) Filing Claim Objections, (II) Settling Claims, and (III) Amending the Debtors' Schedules*, Ch. 11 Case No. 11-10614 (MG) (Bankr. S.D.N.Y. July 27, 2011) (Docket No. 1396], ¶¶ 21-22.

[11]   No objections were filed on the *BearingPoint* docket. *See Debtors' Motion for an Order Pursuant to Bankruptcy Code Section 105 Approving Notice Procedures for Claims Objections and Deemed Schedule Amendment Motions*, Case No. 09-10691 (REG) (Bankr. S.D.N.Y. Oct. 2, 2009) [Docket No. 1318], ¶¶ 9-10, for a full description of the schedule amendment procedures approved in the cited order.

[12]   No objection was filed on the *Calpine* docket to omnibus amendment motions. One objection filed, while not taking issue with the omnibus amendment motions, argued that the entire procedures motion should be denied due to the objector's issues with the claim objection procedures [Docket No. 2443], but was subsequently withdrawn based on agreement with the debtors [Docket No. 2458].

with notice of a motion to amend their Scheduled Claim at least thirty (30) days prior to the hearing thereon, and would have approximately twenty-one (21) days to object to the amendment. The proposed notice procedures requested herein would substantially reduce the service costs related to these motions without depriving the creditors of any information needed to understand and respond to a motion if so desired. *See, e.g.*, *In re BearingPoint, Inc.*, Case No. 09-10691 (REG) (Bankr. S.D.N.Y. Oct. 2, 2009) [Docket No. 1318].

## **NOTICE**

45.    The Debtors have served notice of this Motion in accordance with Case Management Order. The Debtors submit that no other or further notice need be provided.

## **NO PRIOR REQUEST**

46.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank.*]

28

## **<u>CONCLUSION</u>**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  March 7, 2013
      New York, New York

/s/  Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

## **Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- )
                                                              )
In re:                                                        )    Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, et al.,                             )    Chapter 11
                                                              )
                                   Debtors.                   )    Jointly Administered
                                                              )
------------------------------------------------------------- )

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 1009, 3007 AND 9019(b) APPROVING (I) CLAIM OBJECTION PROCEDURES, (II) BORROWER CLAIM PROCEDURES, (III) SETTLEMENT PROCEDURES, AND (IV) SCHEDULE AMENDMENT PROCEDURES

Upon the motion, dated March 7, 2013 (the "**Motion**"),[1] of Residential Capital, LLC and its and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b), for approval of Omnibus Claims Objections Procedures, Borrower Claim Procedures, Settlement Procedures, and Schedule Amendment Procedures, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered May 23, 2012 governing case management and administrative procedures [Docket No. 141] (the "**Case Management Order**") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and

all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule

3007, the Debtors, and any successor-in-interest, are hereby authorized, in addition to those

grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims

seeking reduction, reclassification and/or disallowance of claims on one or more of the following

grounds (the "**Additional Permitted Grounds**"):

a)     the amount claimed contradicts the Debtors' books and records;

b)     the Claims were incorrectly classified;

c)     the Claims seek recovery of amounts for which the Debtors' estates are not liable;

d)     the Claims do not include sufficient documentation to ascertain the validity of the Claims;

e)     the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code;

f)     the Claims are filed against more than one Debtor entity;

g)     the Claims have not specified the Debtor against whom the Claim has been filed;

ny-1065040

h)      the Claims do not specify any amount of Claim (other than Claims explicitly asserted as "unliquidated"); and

i)      the Claims are facially defective.

(collectively with the grounds specified in Bankruptcy Rule 3007(d), the "**Permitted Grounds**"); and it is further

ORDERED that the Debtors are authorized to implement the following Borrower Claim Procedures:

(i)      Omnibus Claims Objections for Borrower Claims will exclusively address Borrower Claims and not Filed Claims. Similarly, Omnibus Claims Objections to Filed Claims will not include objections to Borrower Claims. Furthermore, Omnibus Claims Objections to Borrower Claims that are based on the grounds enumerated in Bankruptcy Rule 3007(d)(1), (3), (4), (5), (7) or (8) or items (2) and (5) of the Additional Permitted Grounds shall not be subject to the requirements under either subsection (iii) or (iv) below. However, Omnibus Claims Objections to Borrower Claims that are based on the grounds enumerated in Bankruptcy Rule 3007(d)(2) and (6), or items (1), (3), (4), (6), (7), (8), or (9) of the Additional Permitted Grounds (the "**Special Objection Grounds**") shall be subject to the requirements under either subsection (iii) or (iv) below.

(ii)     Prior to filing any objection to a Borrower Claim and Omnibus Claims Objection to Borrower Claims based on one or more of the Special Objection Grounds, the Debtors shall (a) provide Special Counsel to the Committee with a list of the Borrower Claims proposed to be included in such omnibus objection (each, a "**Borrower Claim List**"), and Special Counsel to the Committee shall have two (2) weeks from the date of receipt of a Borrower Claim List to advise the Debtors whether it believes that any amendments to a Borrower Claim List should be made, and meet and confer with the Debtors thereafter regarding such recommended amendment, if any; and (b) review their books and records maintained in the ordinary course to determine whether any amounts are owed to the Borrower, and provide the results of that review to Special Counsel to the Committee subject to an appropriate Confidentiality Agreement.

(iii)    For those Claims on a final Borrower Claim List that were filed with insufficient or no supporting documentation to determine the amount, priority, or validity of such Claim, the Debtors shall, prior

4

to filing an objection to a Borrower Claim and/or an Omnibus Claims Objection to Borrower Claims based on one or more of the Special Objection Grounds, with notice to the Special Counsel to the Committee, contact the holders of such Claims by mailing a document request letter, in a form mutually acceptable to the Debtors and Special Counsel to the Committee (the "**Request Letter**"), to such Borrower, or counsel thereto if known, in an attempt to obtain information regarding the factual and legal basis of the respective asserted Borrower Claim, with those efforts to commence promptly but, in any event, within two (2) weeks after finalizing a Borrower Claim List. Where the Borrower has provided an email address on its Proof(s) of Claim, the Debtors may email the Borrower the Request Letter from their Borrower Claim administration email account (the "**Borrower Claim Account**"), and shall copy the Special Counsel to the Committee on such email. If the Borrower does not provide an email address by which the Debtors may contact such Borrower, the Debtors shall mail to the Borrower, via First Class U.S. Mail, a hard copy of the Request Letter, and send a copy by email of such letter to the Special Counsel to the Committee. In the hard copy Request Letter, the Debtors shall provide the Borrower with the Debtors' Borrower Claim Account to allow the Borrower to respond electronically if the Borrower so chooses. The Debtors, in their discretion or at the request of Special Counsel to the Committee, may attempt to contact a Borrower by phone as a follow up to the written request, or with Debtors' prior consent, Special Counsel to the Committee may do so in order to facilitate the analysis and resolution of Borrower Claims.

(iv)    With regard to those Claims on a final Borrower Claim List that were filed with supporting documentation, to the extent the Debtors deem it useful to conduct further analysis of any such Borrower Claim or at the request of Special Counsel to the Committee, the Debtors shall, prior to filing an objection to a Borrower Claim and/or an Omnibus Claims Objection to Borrower Claims based on one or more of the Special Objection Grounds, after notice to and consultation with the Special Counsel to the Committee, use reasonable efforts to contact the holders of such claims, including the mailing, or emailing, where appropriate, of a Request Letter to such Borrower, or counsel thereto if known, in an attempt to obtain additional information regarding the factual and legal basis of the asserted Borrower Claim.

The Debtors shall copy the Special Counsel to the Committee on the Request Letter issued under subsections (iii) or (iv), whether mailed or emailed, and, among other things, shall inform the Borrower in the Request Letter that the Borrower may contact the

Special Counsel to the Committee for consultation, if desired, to assist the Borrower in his or her efforts to provide additional information to be used by the Debtors in their analysis of the Borrower Claim.  Such consultation, however, shall not include any legal advice.  Moreover, the Debtors, in their discretion, may attempt to contact a claimant by phone as a follow up to the written request, or with Debtors' prior consent, Special Counsel to the Committee may do so.

(v)     The Debtors shall notify the Special Counsel to the Committee if they are unable to obtain supporting documentation from a Borrower within thirty (30) days of requesting same under either subsection (iii) or (iv) above.

(vi)    The Debtors, in their sole discretion but after consulting with Special Counsel to the Committee (or, the Special Counsel to the Committee, as requested by and with the consent of the Debtors), may make an offer of settlement to the Borrower as to the allowed amount of the Borrower Claim in accordance with subsections (vii), (viii), and (ix) herein.  If a Borrower rejects, or does not accept, the offer within fourteen (14) days after being offered the settlement, then the Debtors, in accordance with subsection (x) herein, may include such Borrower Claims in an Omnibus Claims Objection filed by the Debtors pursuant to the applicable Bankruptcy Rules and this Motion, and shall notify Special Counsel to the Committee that such Borrower has not accepted the proposed settlement.

(vii)   The Debtors will be authorized to settle any and all Borrower Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Borrower Claim, including, but not limited to, Borrower Claims marked as contingent, disputed or unliquidated on the Schedules is less than or equal to $50,000.

(viii)  The Debtors will be authorized to settle any and all Borrower Claims asserted against the Debtors without prior approval of the Court whenever (a) the aggregate amount to be allowed for an individual Borrower Claim, including, but not limited to, Borrower Claims marked as contingent, disputed or unliquidated on the Schedules is greater than $50,000 but less than $250,000, *provided however*, that the Debtors will submit the proposed borrower settlement (the "**Borrower Settlement**") to the Creditors' Committee and Special Counsel to the Committee, together with (1) the names of the parties with whom the Debtors have settled, (2) the relevant Proofs of Claim numbers, (3) the types of

Borrower Claims asserted by each borrower, (4) the amounts for which such Borrower Claims have been settled and (5) copies of any proposed settlement agreement or other documents supporting the proposed settlement (collectively, the "**Borrower Settlement Summary**").

Within fourteen (14) days[2] of receiving the proposed Borrower Settlement Summary, or such period of time as otherwise agreed to by the Debtors, the Creditors' Committee, and Special Counsel to the Committee (the "**Borrower Objection Deadline**"), the Creditors' Committee and/or Special Counsel to the Committee may submit a written objection to the Borrower Settlement reflected in the Borrower Settlement Summary to counsel to the Debtors (which may be in the form of an email); *provided, however*, that if the Creditors' Committee and/or Special Counsel to the Committee requests additional information regarding a Borrower Settlement prior to the expiration of the Borrower Objection Deadline, the Borrower Objection Deadline shall be suspended until the requested information has been provided.  If a timely objection is made by the Creditors' Committee and/or Special Counsel to the Committee, the Debtors may either (a) renegotiate the Borrower Settlement and submit a revised Borrower Settlement Summary to the Creditors' Committee and Special Counsel to the Committee if such revised Borrower Settlement is not less than or equal to $50,000 or (b) file a motion with this Court seeking approval of the Borrower Settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

If no timely objection is made by the Creditors' Committee and/or Special Counsel to the Committee, or if the Debtors receive written approval from the Creditors' Committee and/or Special Counsel to the Committee of the Borrower Settlement prior to the Borrower Objection Deadline (which approval may be in the form of an email from counsel to the Creditors' Committee and/or Special Counsel to the Committee), then the Debtors may proceed with the Borrower Settlement.

(ix)    If a proposed settlement of a Borrower Claim exceeds $250,000, then the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

---

[2]    Any deadline set in this Motion that falls on a weekend or federal holiday shall be extended to the next business day.

(x)    Any objection to a Borrower Claim, including, without limitation, any Omnibus Claims Objection to Borrower Claims filed pursuant to the applicable Bankruptcy Rules and this Motion, shall be accompanied by a certification of counsel to the Debtors and Special Counsel to the Committee that, to the extent applicable, the foregoing steps, which were required to be performed by the Debtors and Special Counsel to the Committee, respectively, have been taken, and the notice of such objection shall (a) apprise the Borrower of his or her right to appear telephonically at the hearing on such objection, and (b) be accompanied by a copy of the Court's procedures regarding telephonic appearances. The Debtors shall make reasonable efforts to notify Borrowers as soon as practicable concerning any adjournment of the hearing to consider the objection to their Borrower Claims.

ORDERED that the Debtors, and other parties in interest, are authorized to file Omnibus Claims Objections to no more than 150 Claims at a time on the Permitted Grounds; and it is further

ORDERED that, except as expressly provided herein, the Debtors, and other parties in interest, shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each Claim; and it is further

ORDERED that the Debtors are authorized to serve a Claim Objection Notice, rather than the entire Omnibus Claims Objection, on each claimant whose Claim is the subject of the applicable Omnibus Claims Objection and, if known, its counsel. The Claim Objection Notice shall be in a form substantially similar to the notice attached hereto as Exhibit A, shall be personalized for each claimant, and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response

8

deadline and hearing date, identification of the Claim that is the subject of the Omnibus Claims Objection, and information on how the claimant might obtain a complete copy of the Omnibus Claims Objection.  The Debtors retain the right to serve Omnibus Claims Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion; and it is further

ORDERED that the Debtors shall file all individual claim objections and Omnibus Claims Objections with this Court to be made publicly available on the docket through PACER and for free on the website of Kurtzman Carson Consultants, LLC, the Debtors' approved notice and claims agent.  Notice of such objections shall be limited to:  (a) service of a complete copy of each claim objection (whether an Omnibus Claims Objection or an individual claim objection) on the Notice Parties; (b) with respect to Omnibus Claims Objections, service of a Claim Objection Notice on the claimant whose Claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known; and it is further

ORDERED that responses to the Debtors' individual claim objections and Omnibus Claims Objections shall be filed with the Court and served on the requisite parties on or before 4:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) calendar days after mailing of the Claim objection, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day, and the Debtors shall be permitted to file a reply to any such response (including by submitting evidence in opposition to such response and the related Claims(s)) by 12:00 p.m. (Prevailing Eastern Time) on the date that is two (2) business days prior to the hearing scheduled on such Omnibus Claims

9

Objection; *provided, however*, that the Debtors reserve the right to request that the Court impose

an alternative response date or grant expedited consideration with respect to certain objections, if

the circumstances so require for good cause shown, which may result in shortened notice of both

the hearing date and the response deadline provided further, however, that with respect to an

Omnibus Claims Objection to Borrower Claims responses shall be due thirty (30) calendar days

after mailing of the objection or Claim Notice, unless such date falls on a Saturday, Sunday or

federal holiday, in which case responses will be due on the subsequent business day; and it is

further

ORDERED that if a claimant whose Claim is subject of an Omnibus Claims

Objection or an individual Claim objection is properly served and does not file and serve a

timely response in compliance with the Claim Objection Procedures, the Court may sustain the

Omnibus Claims Objection with respect to such Claim without further notice or a hearing; and it

is further

ORDERED that upon receipt of a timely response to an Omnibus Claims

Objection, if the Debtors determine that discovery is necessary in advance of a hearing on the

matter, the Debtors will serve notice on the affected claimant and its counsel of record and the

Notice Parties that the scheduled hearing will be treated as a status conference during which the

parties will request that the Court issue a scheduling order to facilitate discovery and resolution

of the Claim.  Such notice may be incorporated into the initial agenda letter for the hearing, or

may be provided by separate notice; and it is further

ORDERED that the filing of an individual claim objection or an Omnibus Claims

Objection shall be without prejudice to the right of the Debtors or other party in interest to object

to any of the Claims addressed therein (or to any other Claims filed by the same claimants) on

other grounds; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019(b), the following Settlement

Procedures are approved:

(i)    The Debtors will be authorized to settle any and all Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Claim, including, but not limited to, Claims marked as contingent, disputed or unliquidated on the Schedules (the "**Settlement Amount**") is less than or equal to $500,000 or (b) the difference (the "**Claim Difference**") between the Settlement Amount and the amount of the Scheduled Claim, to the extent such Claim has not been designated as contingent, disputed, or unliquidated on the Schedules and without giving effect to any modification to the Schedules pursuant to an Omnibus Amendment Motion (defined below), does not exceed $500,000 without regard to any unliquidated amounts asserted by such claimant (any settlement amount within (a) or (b) being a "**De Minimis Settlement Amount**" and such settlement being a "**De Minimis Settlement**"); *provided*, *however*, that if a Settlement Amount or Claim Difference contains any administrative expense, priority, or secured amounts in an aggregate amount greater or equal to $50,000, then such settlement shall not be a De Minimis Settlement Amount, and shall be subject to the procedures set forth in subparagraph (iii) below.

(ii)   Notwithstanding subparagraph (i) above, if the Settlement Amount and Claim Difference are $1 million or less, but the claimant with whom the Debtors wish to settle is an insider of the Debtors within the meaning of section 101(31) of the Bankruptcy Code, or an affiliate of the Debtors within the meaning of section 101(2) of the Bankruptcy Code, the Debtors shall either (i) file a motion with the Court seeking approval of the proposed settlement under Bankruptcy Rule 9019 on twenty-one (21) days' notice, or (ii) submit a Settlement Summary (as defined below) to the Creditors' Committee and, if the Creditors' Committee approves the proposed settlement pursuant to the Committee Approval Procedures (as defined below), seek approval of the proposed settlement from the Court by notice of presentment.

(iii)  If the Settlement Amount or Claim Difference is not a De Minimis Settlement Amount but is to be allowed either (i) as a prepetition general unsecured, nonpriority claim less than $15 million, or (ii) a

11

secured claim, an administrative expense claim, or a priority claim greater than $50,000 but less than $250,000 without regard to any unliquidated amounts asserted by such claimant, then the Debtors will submit the proposed settlement to the Creditors' Committee, together with (1) the names of the parties with whom the Debtors have settled, (2) the relevant Proofs of Claim numbers, (3) the types of Claims asserted by each such party, (4) the amounts for which such Claims have been settled and (5) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**").

Within fourteen (14) days[3] of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee (the "**Objection Deadline**"), the Creditors' Committee may submit a written objection to the proposed Settlement reflected in the Settlement Summary to counsel to the Debtors (which may be in the form of an email); *provided, however*, that if the Creditors' Committee requests additional information regarding a proposed Settlement prior to the expiration of the Objection Deadline, the Objection Deadline shall be suspended until the requested information has been provided. If a timely objection is made by the Creditors' Committee, the Debtors may either (x) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee if such revised settlement is not a De Minimis Settlement Amount or (y) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice (the "**Committee Approval Procedures**"). If no timely objection is made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the Objection Deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

(iv)    If the Settlement Amount or Claim Difference is not a De Minimis Settlement Amount but is to be allowed either (i) as a prepetition general unsecured, nonpriority claim greater than or equal to $15 million, or (ii) a secured claim, an administrative expense claim, or a priority claim greater than or equal to $250,000, then the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than twenty-

---

[3]    Any deadline set in this Order that falls on a weekend or federal holiday shall be extended to the next business day.

one (21) days' notice; *provided*, *however*, the Debtors shall consult with the Creditors' Committee as soon as practicable upon the commencement of any negotiation process that the Debtors expect will culminate in a settlement in a Settlement Amount or Claim Difference equal or greater to $15 million with respect to a prepetition general unsecured, nonpriority claim, or equal or greater to $250,000 with respect to a secured claim, an administrative expense claim, or a priority claim.

(v)     The types of Claims that may be settled pursuant to these Settlement Procedures include: (a) secured claims; (b) administrative expense claims under section 503(b) of the Bankruptcy Code; (c) other priority claims under section 507(a) of the Bankruptcy Code; and (d) general unsecured claims.

(vi)    The Debtors may issue releases to settling claimants and/or creditors as a part of any settlements entered into pursuant to the Settlement Procedures, without prior approval of the Court or any party in interest in these cases, if such release is limited in (a) scope to matters arising from or related to the Claim(s) being settled, and (b) applicability to the settling claimant(s) and or creditor(s), and does not apply to such settling claimants' or settling creditors' non-settling affiliates, insiders, employees, directors, officers, representatives, or agents, or any other parties. If the release which the Debtors wish to issue is broader than as described in either (a) or (b), the Debtors shall submit a Settlement Summary to the Creditors' Committee and the Committee Approval Procedures shall apply.

(vii)   On a quarterly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will file with the Court and serve, in accordance with the procedures set forth in the order entered May 23, 2012 governing case management and administrative procedures [Docket No. 141] (the "**Case Management Order**"), a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, the amounts for which such Claims have been settled, and whether the Claim was settled as a secured claim; administrative expense claim under section 503(b) of the Bankruptcy Code; priority claim under section 507(a) of the Bankruptcy Code; or general unsecured claim.

ny-1065040

(viii)   On a monthly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will provide to counsel to the Creditors' Committee a report of all De Minimis Settlements into which the Debtors have entered during the previous month pursuant to these Settlement Procedures.  Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, the terms and amounts for which such Claims have been settled, and whether the Claim was settled as a secured claim; administrative expense claim under section 503(b) of the Bankruptcy Code; priority claim under section 507(a) of the Bankruptcy Code; or general unsecured claim.

(ix)   Under the Settlement Procedures, the Debtors may settle Claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties provided that the Debtors follow the Committee Approval Procedures when seeking to effectuate such a release; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1009(a), the Schedule Amendment Procedures are approved; and it is further

ORDERED that, the Debtors are hereby authorized, but not directed, to file omnibus motions to amend their Schedules; *provided*, *however*, at least fourteen (14) days prior to filing any Omnibus Amendment Motions, the Debtors shall consult with the Creditors' Committee regarding the Debtors' proposed amendments to the Schedules that will be contained in such Omnibus Amendment Motions; and it is further

ORDERED that the Debtors shall be authorized to serve notice on each claimant whose Claim is the subject of the applicable Omnibus Amendment Motion and, if known, its counsel.  This Schedule Amendment Notice shall be in a form substantially similar to the notice attached hereto as Exhibit B, would be personalized for each claimant, and would include an explanation of (i) the claims administration process, (ii) the request for a deemed amendment of Schedules (including identifying the originally scheduled Claim amount and the proposed amended scheduled Claim amount), and (iii) information regarding the response deadline and

14

hearing date.  The Debtors shall serve the Schedule Amendment Notice on all affected claimants and, if known, their counsel, at least thirty (30) days in advance of the hearing to be held thereon, and claimants as to whose scheduled amounts the Debtors seek to amend shall respond, if at all, to Omnibus Amendment Motions by no later than 4:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days after the date the Debtors file and serve the relevant Omnibus Amendment Motion, unless such date falls on a Saturday, Sunday or federal holiday, in which case the deadline would be 4:00 p.m. (Prevailing Eastern Time) on the subsequent business day. The Debtors shall be permitted to file a reply to any such response by 12:00 p.m. (Prevailing Eastern Time) on the date that is two (2) business days prior to the hearing scheduled on such Omnibus Amendment Motion.  Alternatively, the Debtors may adjourn the hearing thereon, or may adjourn the hearing solely with respect to such responding claimant(s); and it is further

ORDERED that, the Debtors are authorized to provide notice of Omnibus Amendment Motions: (a) by service of a complete copy upon (i) the U.S. Trustee, and (ii) Creditors' Committee's counsel; and (b) by service of such motion on the claimants whose claims are the subject of the applicable motion and their counsel, if known.  The Court finds that such service is sufficient and no additional notice or service is required.  To the extent a party in interest requests a copy of any of the aforementioned documents, the Debtors and their notice and claims agent will provide that party with a complete copy of the documents; and it is further

ORDERED that, absent further order of the Court, any Claims filed by (i) the RMBS Trustees (as defined in the *Stipulation And Order Permitting Certain Parties To File Proofs Of Claim After The Bar Date* [Docket No. 2095] or (ii) or on behalf of a putative class of claimants shall not be subject to the Omnibus Claims Objections Procedures but shall be subject to the Settlement Procedures; <u>provided</u>, that this Order is without prejudice to the right of the

15

Debtors to seek approval of additional omnibus claims objection procedures with respect to any such Claims; and it is further

ORDERED that, the Debtors expressly reserve the right to seek approval of procedures supplementing the relief granted in this Order or any other applicable order of the Court and the Bankruptcy Rules, including, but not limited to, additional procedures governing discovery or the conduct of contested matters with respect to any disputed Omnibus Claims Objection; and it is further

ORDERED that, the Debtors and their notice and claims agent, as well as the Clerk of the Court, are authorized to take all such actions as are necessary and appropriate to implement and effectuate the terms of this Order, including updating the official claims register to provide a record of the settlement of any Claims effected pursuant to the Settlement Procedures approved by this Order; and it is further

ORDERED that nothing in this Order shall obligate the Debtors to settle, or pursue settlement, of any particular Claim or Claims.  All settlements of claims may be negotiated and compromised by the Debtors within their sole discretion, subject to the Settlement Amount and Claim Difference set forth herein; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claim asserted against any of the Debtors in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that this Order shall be enforceable and effective immediately upon its entry; and it is further

16

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from the interpretation and/or implementation of this Order.

Dated:    New York, New York
          March __, 2013


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

17

## **Exhibit A**

**Notice of Omnibus Objection**

ny-1065040

**THIS IS A NOTICE REGARDING YOUR CLAIM.  YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|  |  |
| --- | --- |
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
---------------------------------------------------------------

**NOTICE OF HEARING ON DEBTORS' [insert ordinal]
OMNIBUS CLAIMS OBJECTION TO PROOFS OF CLAIM
[insert basis for objection]**

**[Claimant Name]**

| Filed Claim(s) | | | | | Basis For Objection | Proposed Claim(s) to be Expunged, Reduced, Reclassified, and/or Disallowed | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Date | Claim # | Debtor | Classification | Amount | | Claim # | Debtor | Classification | Amount |
|  |  |  |  |  |  |  |  |  |  |

        PLEASE TAKE NOTICE that, on _____, 201_, Residential Capital, LLC and certain of its affiliates (collectively, the "**Debtors**") filed their [insert ordinal] Omnibus Objection to Proofs of Claim [insert basis for objection] (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").[1] The category of claim objection applicable to you is identified in the table above in the column entitled "**Basis for Objection**".

        The Objection requests that the Bankruptcy Court expunge, reduce, reclassify, and/or disallow one or more of your claims listed above under PROPOSED CLAIM(S) TO BE EXPUNGED, REDUCED, RECLASSIFIED, AND/OR DISALLOWED on the ground that [insert basis for expungement, reduction, reclassification and/or disallowance].  **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

        If you do NOT oppose the expungement, reduction, reclassification and/or disallowance of your claim(s) listed above under PROPOSED CLAIM(S) TO BE EXPUNGED, REDUCED, RECLASSIFIED, AND/OR DISALLOWED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

---

[1]     A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

If you DO oppose the expungement, reduction, reclassification and/or disallowance of your claim(s) listed above under PROPOSED CLAIM(S) TO BE EXPUNGED, REDUCED, RECLASSIFIED, AND/OR DISALLOWED, then you MUST file with the Bankruptcy Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on _____, 201_ (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, expunged, reduced, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Gary S. Lee, Esq., Norman S. Rosenbaum, Esq. and Jordan A. Wishnew, Esq., attorneys for the Debtors; and (iii) Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036, Attn: Kenneth H. Eckstein, Esq. and Douglas H. Mannal, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

A hearing will be held on _____, 201_ to consider the Objection. The hearing will be held at _____ Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

Whether or not the Bankruptcy Court disallows, expunges, reduces or reclassifies your claim(s) listed above under PROPOSED CLAIM(S) TO BE EXPUNGED, REDUCED, RECLASSIFIED, AND/OR DISALLOWED, the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Bankruptcy Court's instructions, which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.kccllc.net/rescap.  If you have any questions about this notice or the Objection, or if you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Kurtzman Carson Consultants, LLC at (888) 926-3479.  CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:        [        ], 201_
              New York, New York

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

## **Exhibit B**

### **Schedule Amendment Notice**

**THIS IS A NOTICE REGARDING YOUR CLAIM.  YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE AMENDMENT.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
---------------------------------------------------------------- )

**NOTICE OF HEARING ON DEBTORS' [insert ordinal] MOTION FOR
ENTRY OF AN ORDER DEEMING THE DEBTORS' SCHEDULES
AMENDED TO REDUCE CERTAIN SCHEDULED CLAIMS**

**[Claimant Name]**

| Scheduled Claim(s) To Be Reduced | | | |
|---|---|---|---|
| Debtor | Schedule | Original Scheduled Amount | Reduced Amount |
|  |  |  |  |

PLEASE TAKE NOTICE that, on _____, 201_, Residential Capital, LLC and certain of its affiliates (collectively, the "**Debtors**") filed their [insert ordinal] Motion for Entry of an Order Deeming the Debtors' Schedules Amended to Reduce Certain Scheduled Claims (the "**Motion**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").[1] The Motion requests that the Bankruptcy Court reduce your originally scheduled and noticed claim amount(s) listed above under ORIGINAL SCHEDULED AMOUNT to the lower amount(s) listed above under REDUCED AMOUNT.

If you do NOT oppose the reduction or reclassification of your claim(s) listed above under REDUCED AMOUNT, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the reduction of your claim(s) listed above under REDUCED AMOUNT, then you MUST file with the Bankruptcy Court and serve on the parties listed below a written response to the Motion that is received on or before 4:00 p.m. Prevailing Eastern Time on _____, 201_ (the "**Response Deadline**").

---

[1]    A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Motion to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be reduced for the reasons set forth in the Motion, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Motion; (iv) all documentation or other evidence of the claim upon which you will rely in opposing the Motion; (v) the address(es) to which the Debtors must return any reply to your response; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the response on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Gary S. Lee, Esq., Norman S. Rosenbaum, Esq. and Jordan A. Wishnew, Esq., attorneys for the Debtors; and (iii) Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036, Attn: Kenneth H. Eckstein, Esq. and Douglas H. Mannal, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

A hearing will be held on _____, 201_ to consider the Motion. The hearing will be held at _____ Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501. If you file a written response to the Motion, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Motion with respect to your response. If the Debtors do continue the hearing with respect to the Motion, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to the Motion, then a hearing on your response will be conducted on the above date.

Whether or not the Bankruptcy Court reduces your claim(s) listed above, the Debtors have the right to object on other grounds to the scheduled amount of your claim(s) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Bankruptcy Court's instructions, which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Motion, you can do so on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.kccllc.net/rescap. If you have any questions about this notice or the Motion, or if you would like to request a complete copy of the Motion at the Debtors' expense, please contact the Debtors' approved claims agent Kurtzman Carson Consultants, LLC at (888) 926-3479. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

2

DATED:        [         ], 201_
                     New York, New York

MORRISON & FOERSTER LLP

1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

3