**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**AMENDED STIPULATION AND ORDER BETWEEN
THE DEBTORS AND MBIA INSURANCE CORPORATION**

Subject to the approval of the Court, this stipulation and order (the "<u>Stipulation</u>") is made and entered into by, between, and among the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "<u>Debtors</u>") and MBIA Insurance Corporation ("<u>MBIA</u>"), in connection with the (i) *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "<u>Sale Motion</u>") and (ii) the *Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims,*

ny-1075892

*Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Related Relief* [Docket No. 2246] (the "Ocwen Sale Approval Order");[1]

WHEREAS, on May 14, 2012 (the "Petition Date"), the Debtors commenced the Bankruptcy Cases by filing voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code") and the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule(s)") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court");

WHEREAS, on the Petition Date, the Debtors filed the Sale Motion;

WHEREAS, on September 26, 2012, the Debtors filed the *First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* [Docket No. 1484] (the "Notice of Assumption").

WHEREAS, on October 5, 2012, MBIA filed an objection to the Notice of Assumption [Docket No. 1736] (the "MBIA Objection"), objecting to the proposed assumption and assignment of certain agreements by and among the Debtors and MBIA (the "Agreements") and asserting a cure amount for the Debtors' obligation to cure defaults under the Agreements;

WHEREAS, the Debtors and MBIA have resolved MBIA's Objection pursuant to a letter agreement (the "Letter Agreement") entered into by and among the Debtors and MBIA on January 31, 2013;

WHEREAS, the Debtors have consulted with the Creditors' Committee and have

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Ocwen Sale Approval Order or Sale Motion, as applicable.

determined that entry into the Letter Agreement and the foregoing Stipulation is in the best interest of the Debtors' estates;

WHEREAS, venue of this proceeding and the Sale Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

NOW THEREFORE, in consideration of the promises contained herein and in the Letter Agreement and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Debtors and MBIA hereby STIPULATE and AGREE as follows:

1. This Stipulation shall be binding on the Debtors and MBIA upon execution and approval by this Court, and no prior agreements between or among the parties, except for the Letter Agreement, shall in any way alter, modify, or affect the terms of this Stipulation. In the event of any inconsistency between this Stipulation and the Letter Agreement, the terms of the Letter Agreement shall govern.

2. Nothing in the Letter Agreement nor this Stipulation shall affect or alter MBIA's right to be reimbursed for any unreimbursed policy amounts arising under the Agreements or the policies referred to therein out of the trust waterfalls pursuant to the trust payment priorities set forth in, or incorporated by reference into, the Agreements, provided that any such reimbursement shall not exceed (1) the aggregate amount then due and payable to MBIA <u>less</u> (2) the Agreed Cure Amount (as defined in the Letter Agreement), with respect to reimbursement amounts due and payable to MBIA as of the Closing Date (as defined in the Letter Agreement). MBIA shall be entitled to reimbursement pursuant to the Agreements and the policies referred to therein with respect to any claims for reimbursement that become due and payable after the Closing Date.

ny-1075892

3. Nothing contained herein shall modify any provision of the Ocwen Sale Approval Order including, but not limited to, any rights and obligations set forth in paragraphs 6 and 7 of the Ocwen Sale Approval Order. To the extent of any inconsistencies between the Ocwen Sale Approval Order and this Stipulation, the Ocwen Sale Approval Order shall govern.

4. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and the Letter Agreement.

5. Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMACM, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Stipulation.

Dated: February 25, 2013
/s/ Gary S. Lee
Gary S. Lee
Todd Goren
Alexandra Steinberg Barrage


**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-800
Facsimile:  (212) 468-7900
*Counsel to the Debtors and*
*Debtors-in-Possession*

Dated: February 25, 2013

/s/ Ingrid Bagby
Gregory Petrick
Ingrid Bagby
**CADWALADER, WICKERSHAM & TAFT LLP**
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6670
Facsimile: (212) 504-6666

*Counsel for MBIA Insurance Corporation*

## IT IS SO ORDERED

Dated:  March 8, 2013
       New York, New York

                                **/s/Martin Glenn**
                                MARTIN GLENN
United States Bankruptcy Judge