**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: § | Case No. 12-12020 |
| § | |
| RESIDENTIAL CAPITAL, LLC, et al. § | Chapter 11 |
| § | |
| Debtors. § | Assigned to: Hon. Martin Glenn |
| § | Bankruptcy Judge |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

**PHILIP ROGER FLINN, II** (hereinafter, "Movant") by and through the undersigned attorney, Judith P. Kenney of Judith P. Kenney & Associates, P.C., *pro hace viche*, moves for an order granting relief from the automatic stay in order to proceed with counterclaims and affirmative defenses referencing a post petition lawsuit filed by debtors, Residential Capital, LLC and GMAC Mortgage, LLC (case no. 12- 12032 (MG)) in Texas and to proceed with any claims or counterclaims in any Texas or federal court of competent jurisdiction.

On or about May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

On September 21, 2012, Debtors and a non-debtor sued Movant and, subsequently, other defendants, in the United States District Court, Eastern District of Texas, in case no. 4:12-CV-00600 (the "Action") related to Movant's employment by Plaintiff GMAC Mortgage, LLC. Movant wishes to file claims and counterclaims and affirmative defenses in that case.

On November 5, 2012, Movant sought to appeal a denial of unemployment compensation by the Texas Workforce Commission, a state administrative proceeding.

Plaintiffs opposed Movant's appeal of such denial. Movant subsequently lost his appeal. After exhausting his administrative appeals, it is likely that very shortly Movant will be required to file an appeal in the Texas District Court.

Pursuant to section 362 of the Bankruptcy Code, the commencement of the Debtors' Chapter 11 cases automatically stayed any and all claims, counterclaims, rights, and interests that Movant may assert directly or indirectly against the Debtors, their assets or their estates (the "Claims").

The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

On October 9, 2012, Debtors orally advised the District Court Judge, Judge Amos L. Mazzant that the parties would file a stipulation agreeing to lift the automatic stay in this Court to permit Movant to file counterclaims. Norman S. Rosenbaurm, a lawyer with Morrison & Foerster LLP, Debtors' counsel in this case, participated in the hearing, to advise the court of the status of the bankruptcy stay order as applying only to Movant. The last communication with Morrison & Foerster LLP, counsel for Debtors, was on November 14, 2012, attaching Movant's final revision to the proposed stipulation to which Mr. Aaron Klein had orally agreed. To date, Debtors have not approved nor signed a stipulation. Therefore, Movant has no choice but to proceed without the stipulation and with some urgency.

Movant's counterclaims arise out of Movant's employment relationship with Debtors, including tortious interference with Movant's business relationships. Such interference has resulted in monetary damages to Movant.

The Texas proceeding is a non-core case. It is anticipated that any other causes of action asserted by Movant will also be non-core.

If the stay is lifted, Movant would seek to determine liability but would not pursue collection efforts against Debtors without specific permission of this Court.

Section 362(d)(1) of the Bankruptcy Code provides this Court with broad discretion to grant relief from the automatic stay, including "terminating, annulling, modifying, or conditioning" the stay for cause. In considering whether there is "cause" for relief from the automatic stay, bankruptcy courts will "take into account the particular circumstances of the case and ascertain what is just to the claimants, the debtor and the estate." *In re Keene Corp.*, 171 B.R. 180, 183 (Bankr.S.D.N.&. 1994). In this case, Movant has been sued by Debtors in the United States Eastern District of Texas on or about September 21, 2012, and Debtors opposed Movant's entitlement to unemployment compensation. Thus, Movant should be permitted to file his counterclaims, affirmative defenses, and damages in response to that lawsuit as well as to pursue his unemployment claim.

Moreover, because of the urgency of the unemployment claim, Movant requests that the Court consider this matter as urgent pursuant to section 362(f) of the Bankruptcy Code.

Allowing Movant to file and pursue his claims and counterclaims in the United States District Court for the Eastern District of Texas, Sherman Division, where the case is pending (or any other applicable Texas or federal court) will also prevent the need for this Court to take action regarding this case which would be best decided by the Court where the case is pending. Similarly, based on the Eastern District Court's involvement in the

case, the Eastern District Court is best positioned to decide whether that case could have any significant impact on the cases pending in this Court.

Allowing Creditor Movant to assert all defenses, claims and counterclaims permits the Court to balance the interests and equities of the Bankruptcy Code with respect to both the Debtors and the Defendant, Movant.

The Movant respectfully submits that, for the reasons set forth herein, there is sufficient cause to grant Movant relief from the automatic stay to assert all claims, counterclaims and defenses in the Action and in any other Texas court or federal court of competent jurisdiction.

Notice of this Motion will be given to each of the entities or individuals listed on the Monthly Service List as of January 2, 2013 (Document 2542) filed by Residential Capital, LLC in this Cause, in accordance with the Case Management Procedures in place in this action. The Movant submits that in view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE, Movant, Philip Roger Flinn, II, requests that the Court set a hearing and/or enter an order with or without a hearing (pursuant to section 362(f)) substantially, in the form attached hereto as **Exhibit 1**, together with such other and further relief as this Court deems just and proper.

Dated:   February 12, 2013.

                                                   Respectfully submitted,

                                                   _____
                                                   Judith P. Kenney
                                                   Texas Bar No. 11311600

> Judith P. Kenney & Associates, P.C.
> 16475 Dallas Parkway, Suite 330
> Addison, Texas 75001-6863
> Telephone: (972) 713-6133
> Fax: (972) 818-0388
> judith@judithkenneylaw.com
>
> ***PRO HACE VICE* COUNSEL FOR PHILIP ROGER FLINN, II**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day, the 12th day of February, 2013, that electronic copies of the *Notice of Motion for Relief from Automatic Stay, Motion for Relief from Automatic Stay and proposed order* thereto were sent to each of the parties identified on the Special Service List, as indicated on the Monthly Service List of January 2, 2013 (Docket No. 2542), specifically page 1, pursuant to Order Establishing Certain Notice, Case Management and Administrative Procedures, via electronic mail (if available) and US mail.

I further certify that copies of the same papers identified above were sent on this, the 11th day of February, 2013, to each of the parties identified on the General Service List in the Monthly Service List dated as of January 2, 2012 (Docket No. 2542), specifically pages 2-7, pursuant to Order Establishing Certain Notice, Case Management and Administrative Procedures, via electronic mail, or regular mail if no email address is provided.

I further certify that paper copies of the same papers identified above were mailed on this the 12th day of February, 2013 by prepaid first class mail to each of the following parties in the Action including the following:

Gary S. Lee
Lorenzo Marinuzzi
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:    (212) 468-7900
Counsel for the Debtors and Debtors in Possession


William L. Davis
davisw@jacksonlewis.com
Talley R. Parker, Esq.
talley.parker@jacksonlewis.com
Jackson Lewis LLP
500 N. Akard, Suite 2500
Dallas, Texas 75201
Telephone: (214 520-2400
Fax: (214) 520-2008
**Attorneys for Plaintiffs Ally financial inc.,
Residential Capital, LLC, and GMAC Mortgage, LLC**

William J. Dunleavy
State Bar No. 00787404
825 Market Street
Building M, Suite 250
Allen, Texas 75013
Telephone: 972/247-9200
Telecopier No.  972/247-9201
**Attorney for Defendant Ralph ("Rusty") Caves**

Ryan K. Geddie
Martin, Disiere, Jefferson & Wisdom
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248
Telephone:  214/420-5500
Telecopier No.  214/420-5501
**Attorney for Defendants John W. Sandstrom
and Sandstrom Electrical Company**


                              By: _____
                              Judith P. Kenney