CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National
Association, as Indenture Trustee for the Senior
Unsecured Notes Issued by Residential Capital, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————X
:
In re                                                              :
:   Chapter 11 Case No.
RESIDENTIAL CAPITAL, LLC, et al.,       :
:   12-12020 (MG)
Debtors.                        :
:   (Jointly Administered)
:
————————————————————————X

**STATEMENT IN SUPPORT OF AND LIMITED OBJECTION TO DEBTORS'
MOTION PURSUANT TO BANKRUPTCY RULE 3013 AND
BANKRUPTCY CODE SECTION 362(A) FOR A DETERMINATION THAT
(I) GMAC MORTGAGE'S FRB FORECLOSURE REVIEW OBLIGATION
IS A GENERAL UNSECURED CLAIM AND (II) THE AUTOMATIC STAY
PREVENTS ENFORCEMENT OF THE FRB FORECLOSURE REVIEW OBLIGATION**

TO THE HONORABLE JUDGE GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Wilmington Trust, National Association (the "Trustee"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion (the "Notes," and the holders thereof, the "Noteholders") issued by Residential Capital, LLC ("Residential Capital," and with its debtor-

affiliates, the "Debtors"), under that certain indenture dated as of June 24, 2005 (as supplemented, the "Indenture"), respectfully submits this statement in support of and limited objection to the *Debtors' Motion Pursuant To Bankruptcy Rule 3013 And Bankruptcy Code Section 362(a) For A Determination That (I) GMAC Mortgage's FRB Foreclosure Review Obligation Is A General Unsecured Claim And (II) The Automatic Stay Prevents Enforcement Of The FRB Foreclosure Review Obligation* (Doc. No. 3055) (the "Motion"). In support of this statement and limited objection, the Trustee represents as follows:

**STATEMENT IN SUPPORT AND LIMITED OBJECTION**

1. The Trustee supports a determination that the FRB Foreclosure Review[1] obligation and any subsequent remediation is an unsecured prepetition claim against GMAC Mortgage LLC ("GMAC Mortgage"). As described in the Motion, there is no basis, under the Bankruptcy Code or case law, for these obligations—which may balloon to almost $460 million, *see* Motion ¶ 26—to qualify as an administrative expense under § 503(b) or otherwise be entitled to priority under § 507. The obligations consist of nothing more than an unsecured claim against GMAC Mortgage. Importantly, granting the Motion should have no negative impact on borrowers participating in the FRB Foreclosure Review and remediation programs because Ally Financial, Inc. ("AFI") has already agreed to pay for such costs in the event that GMAC Mortgage and the other Debtors that are involved in servicing mortgages do not pay in full. *See Supplemental Agreement By And Between AFI And Federal Reserve Bank Of Chicago* (Doc. No. 1527, at 57-62) (the "Supplemental Agreement") ("If ResCap commences cases or is otherwise subject to protection under the Code, Ally will be secondarily liable for the obligations to timely pay any portions of . . . (b) the

---

[1] Terms not otherwise defined herein shall have the same meaning as in the Motion.

2

monetary reimbursement or remediation payments under a remediation plan approved by the Federal Reserve under paragraphs 3(c) and 3(d) of the Consent Order . . . .").[2]

2. The Trustee requests a clarification in the proposed order providing that any claim for the FRB Foreclosure Review or remediation shall not be allowed against Residential Capital, the obligor of the Notes. While the Motion appropriately characterizes the FRB Foreclosure Review and remediation obligations as the responsibility of GMAC Mortgage, the proposed order accompanying the Motion is not so clear. *See* Motion, Ex. 1(Proposed Order) ("For purposes of any plan proposed in the *Debtors'* chapter 11 cases, the *Debtors'* FRB Foreclosure Review obligation shall be classified as a general unsecured claim in an amount to be determined at a future date." (emphases added)). As discussed below, there is no legal basis to impose responsibility on Residential Capital for the obligations arising under the Consent Order that are the subject of the Motion.

3. The Consent Order places the FRB Foreclosure Review obligation solely on GMAC Mortgage, *see* Motion, Ex. 3 (Consent Order) ¶ 3(a), and it is GMAC Mortgage's obligation to submit a remediation plan to the Federal Reserve Bank of Chicago (the "<u>FRB-Chicago</u>") after the review is complete, *id.* ¶ 3(c). The FRB-Chicago has 60 days to accept the remediation plan, and then the "the *Mortgage Servicing Companies* shall make all reimbursement and remediation payments and provide all credits required by such plan . . . ." *Id.* ¶ 3(d) (emphasis added).

4. The definition of "Mortgage Servicing Companies" set forth in the Consent Order does not include Residential Capital. *Id.* at 2 ("WHEREAS, Ally Financial engages in the business

---

[2]  As articulated in the *Limited Objection of Wilmington Trust, National Association To Debtors' Motion For Entry Of An Order (I) Authorizing Debtors To Compensate PricewaterhouseCoopers, LLP For Foreclosure Review Services And (II) Reaffirming Relief Granted In the GA Servicing Order* (Doc. No. 1465), the Trustee also maintains that AFI bears responsibility to pay for the FRB Foreclosure Review because it is jointly liable for the cost pursuant to an engagement letter between PricewaterhouseCoopers, LLP, GMAC Mortgage, and AFI.

of servicing residential mortgage loans through various indirect subsidiaries, including GMAC Mortgage and its subsidiaries (collectively, the 'Mortgage Servicing Companies').").  Residential Capital does not fall within the definition because (1) Residential Capital is a holding company that was not involved in servicing residential mortgage loans, (2) the Consent Order throughout makes clear distinctions between Residential Capital and the Mortgage Servicing Companies as separate and distinct, *see, e.g.*, *id.* ¶ 2 ("[AFI] and [Residential Capital], for itself and on behalf of the Mortgage Servicing Companies . . ."), and (3) other writings confirm that Residential Capital is not responsible for the FRB Foreclosure Review or any subsequent remediation, *see, e.g.*, Supplemental Agreement, at 1 ("[P]aragraphs 3 and 4 of the Consent Order require GMAC Mortgage to conduct an independent review of certain residential mortgage foreclosure actions and provide monetary reimbursement or remediation as appropriate."); Motion at 23 ("GMAC Mortgage's obligation to complete the FRB Foreclosure Review is a general unsecured claim for purposes of any plan proposed in these chapter 11 cases.").

5.      In sum, any relief granted in connection with the Motion should make clear that no claim is being allowed against Residential Capital absent substantive consolidation.  The Trustee reserves all its rights in that regard as it is now actively reviewing whether substantive consolidation of the Debtors' estates would be appropriate.

*[The remainder of this page has been intentionally left blank.]*

Dated: New York, New York
March 11, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Thomas J. Moloney
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
Members of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*