**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------------

**THIRD SUPPLEMENTAL DECLARATION OF ROBERT R. MADDOX IN SUPPORT OF DEBTORS' APPLICATION UNDER SECTIONS 327(e) AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a) AND LOCAL RULE 2014-1 FOR AUTHORIZATION (I) TO EMPLOY AND RETAIN BRADLEY ARANT BOULT CUMMINGS LLP AS SPECIAL LITIGATION AND COMPLIANCE COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MAY 14, 2012, AND <u>(II) TO APPROVE ALTERNATIVE BILLING ARRANGEMENT</u>**

Pursuant to sections 327, 328 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, Robert R. Maddox declares:

1.     I am a partner of the firm of Bradley Arant Boult Cummings LLP ("BABC"), One Federal Place, 1819 Fifth Avenue North, Birmingham, Alabama 35203 and am admitted to practice law before the Courts of the States of Alabama, Georgia, New York, Oklahoma, Tennessee, Texas, and the District of Columbia, and before the U.S. District Courts for the Middle, Northern, and Southern Districts of Alabama, the Middle District of Georgia, and the Eastern, Northern, and Southern Districts of Texas, and before the U.S. Court of Appeals for the Fifth Circuit.

2.     I am authorized to submit this third supplemental declaration (the "Third Supplemental Declaration") on behalf of BABC.

1

3.        On July 9, 2012, I submitted my declaration (the "Original Declaration")[1] in support of the application filed by Residential Capital, LLC ("ResCap") and its affiliated debtors (collectively, the "Debtors") seeking authorization to employ BABC as special litigation and compliance counsel to the Debtors *nunc pro tunc* to May 14, 2012, and to approve BABC's alternative billing arrangement with the Debtors (the "Retention Application") [Dkt. No. 721].  I submitted my first supplemental declaration on July 21, 2012 [Dkt. No. 866], and my second supplemental declaration on August 6, 2012 [Dkt. No. 1008] (these supplemental declarations together with the Original Declaration being defined herein as the "Declaration").

4.        On August 9, 2012, the Court held a duly-noticed hearing on the Retention Application.  On August 10, 2012, the Court issued its Memorandum Opinion [Docket No. 1077] approving the Retention Application and overruling certain limited objections thereto.   On August 20, 2012, the Court entered that certain Order Under Sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing (I) the Employment and Retention of Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012, and (II) Approving the Alternative Billing Arrangement [Docket No. 1221] (the "Retention Order"), thereby approving BABC's employment pursuant to the Retention Application.

5.        Facts set forth in this Third Supplemental Declaration are based upon my personal knowledge and upon information from, and discussions I or other BABC personnel reporting to me have had with, certain of my colleagues and the personnel at BABC.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Declaration.

6.      I make this Third Supplemental Declaration out of an abundance of caution, and not because I believe the matters set forth herein are within the scope of Rules 2014 or 5002.

7.      If I were called upon to testify, I could and would testify competently to the facts set forth herein based, among other things, upon the aforesaid review and input.

## NOTICE OF HOURLY RATE INCREASES EFFECTIVE JANUARY 1, 2013

8.      Effective January 1, 2013, subject to the satisfaction of the terms and conditions set forth in the Retention Order, BABC's hourly rates for services to be performed on behalf of the Debtors will range as follows:

(a)      The hourly rates for partners will range from $273 per hour to $559 per hour, based upon, among factors, the seniority, area of practice, distinction, and expertise of such partner in his or her field;

(b)      The hourly rates for "of counsel" and "senior attorneys" will range from $299 per hour to $541 per hour;

(c)      The hourly rates for associates will range from $198 to $343 per hour based upon, among other things, the years such associate has been practicing law; and

(d)      The hourly rates for paraprofessionals will range from $97 per hour to $185 per hour.

9.      Listed on Exhibit A attached hereto are BABC's professionals and paraprofessionals that are expected to have primary responsibility for providing services to the Debtors subsequent to January 1, 2013, along with each person's position with the firm and their hourly rates for both 2012 and 2013.

10.     The hourly rates charged by BABC to the Debtors in calendar year 2011 were discounted off of BABC's then standard hourly rates for the professionals and paraprofessionals working on the Debtors' matters. The 2011 rates charged by BABC to the Debtors were continued generally without increase during calendar year 2012. The hourly rates BABC proposes to charge the Debtors for calendar year 2013 are less than the standard 2013 hourly rates BABC charges other clients for comparable services.

11.     In accordance with section 330(a)(3)(F) of the Bankruptcy Code, I believe that BABC's proposed 2013 hourly rates (a) reflect economic and other conditions, (b) are consistent with rates charged elsewhere, and (c) are reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

12.     The Debtors have received notice of and approved BABC's 2013 hourly rate increases as set forth herein.

13.     In accordance with the terms and conditions of the Retention Order, BABC hereby provides ten (10) business days' notice to the Debtors, the United States Trustee, and the Committee prior to BABC giving effect to the rate increases described herein.

## EXPIRATION OF ALTERNATIVE BILLING ARRANGEMENT

14.     As more fully set forth in the Retention Application, prior to the Petition Date, the Debtors and Applicant had negotiated the terms of an Alternative Billing Arrangement pursuant to which Applicant agreed to handle certain litigation and pre-litigation matters for the Debtors. The Retention Application disclosed that the Alternative Billing Arrangement extended only through December 31, 2012.

15.     After substantial discussions, the Debtors and Applicant have mutually agreed not to extend further the Alternative Billing Arrangement beyond December 31, 2012, and instead, to bill all matters handled by Applicant on behalf of the Debtors on an hourly-rate basis effective as of January 1, 2013.    As the Debtors have sold substantially all of their mortgage servicing portfolio, the volume of work that Applicant will be performing for the Debtors on matters that once were Alternative Billing Arrangement Matters will decrease dramatically, as the buyers of the Debtors' mortgage servicing portfolio have assumed responsibility for defending and/or prosecuting the vast majority of such litigation and pre-litigation matters pursuant to their respective asset purchase agreements.    Given the substantial decrease in the amount of litigation work that Applicant expects to perform for the Debtors going forward and the resources that have been required to administer the parties' Alternative Billing Arrangement, the switch to a straight hourly billing arrangements will be beneficial for all parties involved, including the Debtors and the Debtors' estates.

16.     The Debtors and Applicant have agreed to certain terms regarding the transition of the Alternative Billing Arrangement Matters to hourly-rate billing.    With respect to any Alternative Billing Arrangement Matter for which Applicant received the initial $7,300 up-front payment from the Debtors prior to December 31, 2012, but did not incur $7,300 of billable time and expenses on such matter through December 31, 2012, Applicant agrees that the Debtors shall not be liable to pay any fees or reimburse any expensse incurred on or after January 1, 2013 unless and until the sum of the total hourly fees and expenses incurred on such matter from the time such matter was opened exceeds $7,300.

## SUPPLEMENTAL DISCLOSURES

17.     On January 31, 2013, Walter Investment Management Corp. ("Walter") closed on its purchase of the Fannie Mae mortgage servicing rights portion of the Debtors' mortgage servicing portfolio and related assets (the "Walter Acquired Servicing Rights").

18.     On February 15, 2013, Ocwen Loan Servicing, LLC, the mortgage servicing arm of Ocwen Financial Corporation (collectively, "Ocwen"), closed on its purchase of certain other servicing rights with respect to the Debtors' mortgage servicing platform (the "Ocwen Acquired Servicing Rights").

19.     Prior to the closing of these sales, and pursuant to the Retention Order, BABC represented the Debtors in scores of lawsuits arising out of or relating to the Debtors' obligations under or with respect to the Walter Acquired Servicing Rights and the Ocwen Acquired Servicing Rights.

20.     Both Walter and Ocwen have separately retained BABC to represent them after the closing of their sales.  Walter, through its affiliate Green Tree, has engaged BABC to represent it in pending and future lawsuits and pre-litigation disputes arising out of or relating to the Walter Acquired Servicing Rights.  In these lawsuits and pre-litigation disputes, BABC will generally be performing the same range of services that it provided to the Debtors with respect to these matters prior to the closing of the Debtors' sale to Walter.  Ocwen has engaged BABC to represent it in pending and future lawsuits and pre-litigation disputes arising out of or relating to the Ocwen Acquired Servicing Rights and also to provide general compliance and regulatory advice to Ocwen and its affiliates regarding its mortgage servicing operations.

21.     As the sales have closed and the Debtors have sold and assigned the Walter Acquired Servicing Rights and the Ocwen Acquired Servicing Rights, BABC does not

anticipate that the Debtors generally will continue to be materially involved in the matters upon which Walter/Green Tree and Ocwen are respectively retaining BABC.   To the extent the Debtors may have any continued involvement in these matters, the interests of the Debtors are anticipated to be aligned with those of Walter/Green Tree and Ocwen.   BABC's performance of these services for Walter/Green Tree and Ocwen will not impose any liabilities or obligations on the Debtors (though the Debtors will remain liable to BABC for any fees and expenses incurred with respect to these matters prior to the closing of the Sale), and Walter/Green Tree and Ocwen will be responsible for paying all of the fees and expenses incurred by BABC after the closing of the respective sales.

22.    I understand that the Debtors have consented to BABC's retention by both Ocwen and Walter.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


Dated:  March 12, 2013                        /s/ Robert R. Maddox
                                              Robert R. Maddox, Esq.
                                              Bradley Arant Boult Cummings LLP
                                              1819 Fifth Avenue North
                                              Birmingham, Alabama 35243

**EXHIBIT A**

**Schedule of 2013 Hourly Rates Compared to 2012 Hourly Rates**

|  | GMAC 2012 Rate | GMAC 2013 Rate |
|---|---|---|
| **Partner** |  |  |
| Allen, Wendell | $345 | $378 |
| Ayers, Marc J. | $297 | $317 |
| Bender, Jay R. | $372 | $409 |
| Blossom, Rashad L. | $266 | $299 |
| Boshell, Paige M. | $345 | $352 |
| Brown, T. Michael | $371 | $374 |
| Campbell, Robert | $293 | $312 |
| Cannon, Hope | $315 | $334 |
| Cargile, Ann | $380 | $387 |
| Compton, Jr., J. Paul | $390 | $409 |
| Eady, Hall | $266 | $286 |
| Frechtel, Eric A. | $358 | $356 |
| Gerhardt, Graham W. | $263 | $312 |
| Glover, Glenn E. | $335 | $352 |
| Golden, Daniel P. | $354 | $352 |
| Griffin, Michael C. | $323 | $348 |
| Hancock, Christian W. | $330 | $361 |
| Hawkins, Christopher L. | $345 | $365 |
| Knapp, Michael W. | $360 | $387 |
| Lumsden, Dana C. | $376 | $422 |
| Maddox, Robert R. | $345 | $400 |
| Minor, J. Douglas | $336 | $348 |
| O'Dell, D. Brian | $345 | $383 |
| Pennington, Michael R. | $424 | $475 |
| Rose, Jonathan | $293 | $304 |
| Roth, David E. | $360 | $392 |
| Smith T, John | $345 | $356 |
| Smith, Eric | $266 | $273 |
| Smith, Rusha | $336 | $343 |
| Smith, Scott B. | $355 | $378 |
| Thorsen, Christopher E. | $293 | $312 |
| Vinson, Jr., Laurence D. | $406 | $418 |
| Wahl, Brian | $320 | $334 |
| Wiginton, Christopher | $315 | $321 |

|  | GMAC 2012 Rate | GMAC 2013 Rate |
|---|---|---|
| **Counsel / Senior Attorneys** |  |  |
| Anderson, Jeff | $295 | $299 |
| DeRamus, Lesley Smith | $350 | $352 |
| Lovoy, Elena | $337 | $352 |

|  | GMAC 2012 Rate | GMAC 2013 Rate |
|---|---|---|
| **Associate** |  |  |
| Anderson, Keith S. | $223 | $268 |
| Averitt, Anne | $184 | $207 |
| Avery, C. Jason | $210 | $255 |
| Bailey, James | $190 | $229 |
| Bushby, Jason R. | $228 | $273 |
| Chastain, Aaron | $193 | $216 |
| Cobb, Jonathan | $195 | $224 |
| Cole, John W. | n/a | $211 |
| Combest, Chandler | $190 | $220 |
| Couch, Mary Ann | $195 | $198 |
| Craft, Ann | $195 | $198 |
| Dugan, Alex | $185 | $216 |
| Eason, Joycelyn J. | $197 | $290 |
| Gilley, Lee | $185 | $207 |
| Goodsell, Blake | $190 | $207 |
| Griffin, Jr., T. Parker | $200 | $242 |
| Hendrix, W. Justin | n/a | $224 |
| Hightower, Ashlee | $185 | $198 |
| Hill, Rudy | $220 | $216 |
| Hooks, Jonathan | $241 | $282 |
| Johnson, Josh | $200 | $246 |
| Jones, Jessica L. | $193 | $224 |
| Kahlon, Aman S. | $195 | $242 |
| Key, Riley | $185 | $207 |
| Kloldzieg, Jonathan | $190 | $198 |
| Lynch, Thomas Ryan | $293 | $304 |
| Menees, Cory S. | $300 | $295 |
| Mobley, Spencer | $195 | $198 |
| Neel, Preston H. | $200 | $233 |
| Patterson, Jon H. | $245 | $290 |
| Phelps, Ann | $185 | $207 |
| Phillips, Joshua J. | $250 | $264 |
| Pozefsky, Steven A. | $323 | $339 |
| Premo, Grant | $185 | $207 |
| Puckett, Amy | n/a | $255 |
| Raja, Nader | $280 | $282 |
| Robichaux, Ryan | $215 | $224 |
| Saltaformaggio, Erin | $185 | $207 |
| Sauer, Edmund | n/a | $277 |

| Shields O'Beirne, Kathleen R. | $210 | $255 |
|---|---|---|
| Sibley, Jessica J. | $254 | $299 |
| Simmons, Avery | $249 | $304 |
| Smith, Alison | $195 | $198 |
| Smith, P. Max | $206 | $255 |
| Spero, Frankie | $210 | $220 |
| Suttle Weinert, Katherine M. | $236 | $282 |
| Taylor, Ann T. | $228 | $273 |
| Todd, C. Samuel | $200 | $233 |
| Tucker, Darrell Clay | $223 | $268 |
| Vann, Richard | $184 | $220 |
| Vega, Jose D. | $219 | $264 |
| Voelker, Nicholas J. | $258 | $304 |
| Warmoth, James | $241 | $282 |
| Watkins, Jay | $195 | $207 |
| Wierman, Mark S. | $254 | $304 |
| Wilcox, Kristi | $185 | $207 |
| Wilson, Monica | $263 | $282 |
| Wright, Heather | $263 | $238 |
| Wright, Jay | $190 | $220 |

|  | GMAC 2012 Rate | GMAC 2013 Rate |
|---|---|---|
| **Paralegal** |  |  |
| Burke, Allison | $150 | $158 |
| Cockrell, Alecia H. | $145 | $158 |
| Cooper, Chad L. | $100 | $97 |
| Eaton, Elizabeth B. | $145 | $158 |
| Keane, Kerry | $91 | $158 |
| Kish, Lucinda | $65 | $158 |
| Mathews, Jamie | $145 | $150 |
| Palmer, Melisa P. | $149 | $167 |
| Palmer, Molly M. | $149 | $167 |
| Powell, Emily R. | $150 | $163 |
| Thompson, Melanie | $150 | $158 |
| Wiggins, Judd J. | $145 | $145 |