Zeichner Ellman & Krause LLP
575 Lexington Avenue – 10th Floor
New York, New York 10022
Telephone: (212) 223-0400
Facsimile: (212) 753-0396
Jantra Van Roy, Esq

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**FIRST QUARTERLY FEE APPLICATION OF
ZEICHNER ELLMAN & KRAUSE LLP FOR AN AWARD OF
COMPENSATION FOR SERVICES AND REIMBURSEMENT OF EXPENSES
RENDERED AS AN ORDINARY COURSE PROFESSIONAL FOR THE DEBTORS
FOR THE PERIOD MAY 14, 2012 THROUGH NOVEMBER 30, 2012**

By this application (the "**Application**") pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), the Order Under Bankruptcy Code Sections 105(a), 327 and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date [Docket No. 799], dated July 17, 2012 (the "**OCP Order**"), Zeichner Ellman & Krause LLP ("**ZEK**"), an ordinary course professional for the above-captioned debtors (the "Debtors"), hereby seeks reasonable compensation for professional legal services in

the amount of $213,616.20,[1] together with reimbursement for actual and necessary expenses incurred in the amount of $3,884.79 for the period May 14, 2012 through November 30, 2012 (the "**Fee Period**"). In support of this Application, ZEK respectfully represents as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Application has been prepared by ZEK in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (General Order M-447, effective February 5, 2013) (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the OCP Order. Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as Exhibit 1. Pursuant to the UST Guidelines, the Debtors reviewed this Application and approved of the entire amount requested by ZEK for services performed and expenses incurred during this Fee Period.

## BACKGROUND

3. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

---

[1] ZEK's fees totaled $638,616.20, but, because under the OCP Order, $50,000 per month to August 31, 2012 and $75,000 per month beginning September 1, 2012 is payable by the Debtors upon the Debtors' approval without Court approval, ZEK seeks approval of the $213,616.20 of fees that exceed the OCP Order's $50,000 monthly cap.

#704228v1/JVR/10029.999                     2

4. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine-member official committee of unsecured creditors (the "**Creditors' Committee**").

5. On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

6. The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("**AFI**"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

7. On August 14, 2012, pursuant to paragraph 3(b) of the OCP Order, the Debtors filed the Affidavit of Disinterestedness sworn to by Jantra Van Roy, a partner of ZEK, on August 8, 2012 (the "Van Roy Affidavit"), along with the accompanying Retention Questionnaire [Docket No. 1137]. Pursuant to the Van Roy Affidavit, the Debtors sought to retain ZEK as an ordinary course professional under the OCP Order to provide legal services to the Debtors, including regarding litigated residential foreclosure matters, *nunc pro tunc* to the Petition Date. Because no objections to the employment of ZEK as an ordinary course professional were filed, under the OCP Order, the retention of ZEK was deemed approved on September 4, 2012.

8. Pursuant to paragraph 3(c) of the OCP Order, the Debtors may pay ZEK without prior application to the Court 100% of its fees and disbursements incurred, upon submission to,

and approval by, the Debtors of invoices setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred up to $50,000 per month for the period May 14 to August 31, 2012 and up to $75,000 per month thereafter ("**OCP Monthly Limit**").

9. Paragraph 3(c) of the OCP Order also provides that if an ordinary course professional's monthly invoice exceeds the OCP Monthly Limit, then payments to such ordinary course professional for any such excess amounts shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code as well as the applicable provisions of the Bankruptcy Rules and the Local Rules.

### RELIEF REQUESTED

10. ZEK's invoices for May 14 – May 31, 2012, June 2012, July 2012 and August 2012 totaled $50,850.80, $86,858.30, $103,378.90 and $111,244.85, respectively, exceeding the $50,000 OCP Monthly Limit by $850.80, $36,858.30, $53,378.90 and $61,244.85 respectively. ZEK's invoices for September 2012, October 2012 and November 2012 totaled $110,267.05, $94,706.50 and $81,309.80, respectively, exceeding the $75,000 OCP Monthly Limit by $35,267.05, $19,706.50 and $6,309.80. Accordingly, ZEK submits this Application in accordance with the OCP Order. All services for which ZEK requests compensation were performed for, or on behalf of, the Debtors.

11. This Application is the first application filed by ZEK in these Chapter 11 cases. In connection with the professional services rendered, by this Application ZEK seeks approval for interim compensation in the amount of $213,616.20 and reimbursement of expenses in the amount of $3,884.79 for a total of $217,500.99. Per the OCP Order, ZEK has submitted invoices to the Debtors for payment of $50,000 per month to August 31, 2012 and $75,000 per month beginning September 1, 2012, the OCP Monthly Limit, which has been approved by the Debtors.

#704228v1/JVR/10029.999                4

12. Redacted copies of all invoices for the Fee Period are attached as Exhibit 2 and were served on the Notice Parties in accordance with the OCP Order. Each invoice contains a detailed statement of hours spent rendering legal services to the Debtors in support of ZEK's request of compensation for fees incurred during the Fee Period. The Debtors were provided an unredacted version of all invoices. The monthly fee invoice summarized in the cover sheet of this Application identifies the professionals who rendered services, (ii) describes each service such professional or paraprofessional performed; and (iii) sets forth the number of hours in increments of one-tenth of an hour spent by each individual providing the services. ZEK maintains computerized records of the time spent by all ZEK professionals in connection with its representation of the Debtors. The rates described in the invoices served on the Notice Parties pursuant to the OCP Order are lower than ZEK's customary hourly rates for services of this type, reflecting a substantial discount ZEK extended to the Debtors.

### SERVICES RENDERED BY ZEK

13. During the Fee Period, ZEK continuously performed work for the Debtors consists generally of litigating complex (non-routine) contested residential foreclosure cases including actions concerning straw purchasers, coverage disputes with title insurers, escrow disputes, disputes regarding application of HAMP waterfalls, note purchase issues including repurchase claims and challenges to the standings of Trusts served by the Debtors. Specific tasks performed are detailed in the Monthly Invoices served upon the Notice Parties pursuant to the OCP Order and attached as Exhibit 2.

14. The cover sheet to this Application provides information regarding ZEK's billing attorneys, paralegals and law clerks and a summary of the hours and services rendered by each attorney, paralegal and law clerk and the hourly rates of each individual during the Fee Period.

15. The rates charged by ZEK for services rendered by attorneys, paralegals and law clerks in this case are lower than rates charged by ZEK attorneys and law clerks on similar matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved. Accordingly, and based on such rates, the value of the professional services rendered during the Fee Period by ZEK for the Debtors totals $638,616.20. Seventeen (17) attorneys expended a total of 1,966.5 hours during the Fee Period at an averaged rate of $324.75.

16. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given: (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code. See e.g., In re Borders Group, Inc., 456 B.R. 195, 211 (Bankr. S.D.N.Y. 2011); In re Mesa Air Group, Inc., 449 B.R. 441, 444 (Bankr. S.D.N.Y. 2011); In re Moss, 320 B.R. 143, 156-57 (Bankr. E.D. Mich. 2005); In re Ray, 314 B.R. 643, 662-63 (Bankr. M.D. Tenn. 2004).

## AMQUNTS REQUESTED

17. ZEK seeks 100% of its compensation for the Fee Period in the amount of $213,616.20, representing the excess amounts over the OCP Monthly Limit, in connection with the professional services detailed in the Monthly Invoices served upon the Notice Parties.

18. By this Application, ZEK also seeks expense reimbursement of $3,884.79 for the Fee Period. A detailed list of disbursements made by ZEK, in support of ZEK's request for expense reimbursement for the Fee Period, are contained in the cover sheet of this Application and in the Monthly Invoices.

19. It is ZEK's policy to charge its clients in all areas of practice the amounts incurred by ZEK for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. Examples of

#704228v1/JVR/10029.999                    6

such expenses are postage, overnight mail, courier delivery, computer assisted legal research, photocopying, out-going facsimile transmissions, transportation and secretarial overtime. As a courtesy to the Debtors, ZEK has <u>not</u> included such expense charges in its monthly invoices and does <u>not</u> seek reimbursement for such expenses by this application <u>except</u> for payment of out-of-pocket court filing fees, transcript fees, process service fees, and foreclosure sale and advertising fees actually incurred.

## CONCLUSION

### Representations and Certifications

20. Although every effort has been made to include all fees and expenses incurred during the Compensation Period, some fees and expenses might not be included in this Application due to delays caused by accounting during the Fee Period. ZEK reserves the right to make further application to this Court for allowance of such fees and expenses not contained therein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, standing General Order M-447, and the OCP Order.

21. Pursuant to standing General Order M-447, the undersigned hereby attests that: (a) she has read the Application; (b) to the best of her knowledge, information and belief formed after reasonable inquiry, the fees and expenses sought herein fall within the Amended Guidelines provided by standing General Order M-447, as well as the guidelines promulgated by the United States Trustee, except as specifically noted in the certification and described in the Application; (c) the fees and expenses sought herein are billed at rates and in accordance with practices customarily employed by ZEK and generally accepted by ZEK's clients; and (d) ZEK does not make a profit on any of the expenses for which it seeks reimbursement herein.

22. WHEREFORE, ZEK hereby requests the entry of an order allowing compensation in the amount of $213,616.20 for the professional services rendered, and the sum

#704228v1/JVR/10029.999                              7

of $3,884.79 for reimbursement of actual and necessary costs expended for the Debtors for the period from May 14, 2012 through November 30, 2012.

## NOTICE

23.    The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

WHEREFORE, ZEK respectfully requests the entry of an order (a) allowing an administrative expense claim for ZEK's compensation and reimbursement for its fees and expenses incurred during the Fee Period in the amount of $217,500.99, (b) authorizing and directing payment of such amounts and (c) granting such other and further relief as is just and proper.

Dated:  New York, New York
        March 12, 2013

                            Respectfully Submitted,

                            By: /s/ _____
                                Jantra Van Roy
                                Zeichner Ellman & Krause LLP
                                575 Lexington Avenue – 10th Floor
                                New York, New York  10022
                                Telephone:  (212) 223-0400
                                Facsimile:   (212) 753-0396 / 0646
                                    Email:    jvanroy@zeklaw.com

                            **Ordinary Course Professional For The Debtors**

#704228v1/JVR/10029.999                   8