Michael Luskin
Stephan E. Hornung
LUSKIN, STERN & EISLER LLP
Eleven Times Square
New York, New York 10036
Telephone:  (212) 597-8200
Facsimile:  (212) 974-3205

*Attorneys for Goldin Associates L.L.C.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
RESIDENTIAL CAPITAL, LLC et al.,                    :    Case No. 12-12020 (MG)
                                                    :
                         Debtor.                    :
                                                    :    Jointly Administered
---------------------------------------------------------------x

**GOLDIN ASSOCIATES L.L.C.'S OBJECTION TO THE EXAMINER'S MOTION FOR ENTRY OF AN ORDER MODIFYING THE UNIFORM PROTECTIVE ORDER**

        Goldin Associates, L.L.C. ("Goldin"), by and through its undersigned counsel, Luskin, Stern & Eisler LLP, hereby objects to the Motion of the Examiner for Entry of an Order Modifying the Uniform Protective Order for Examiner Discovery [Docket No. 3092], stating as follows:

**Preliminary Statement**

        1.    Goldin understands the Examiner's desire for finality with respect to the potential "claw back" of privileged documents, but objects to the Examiner's motion insofar as it imposes undue burden on producing parties, especially smaller parties like Goldin who are not actively participating in these proceedings. Goldin believes most of its objections could be addressed (and eliminated) with a few simple modifications to the Examiner's proposed order – modifications which would not compromise the Examiner's ability to draft his report.

2.   In its current form, the Examiner's proposed order would require Goldin and other producing parties to re-review all of the documents they produced for privilege within an unreasonably short period of time (seven days).  Goldin proposes instead that the order provide that the Examiner give notice to producing parties of the documents he intends to use in his report and provide the producing party a short period of time (two business days) to assert privilege or waive the right to do so.

3.   If the Court does not adopt this suggestion, then the proposed order should be modified to:  (a) provide for a cutoff date 21 days from the entry of any revised order; (b) make clear that the passing of the cutoff date will not operate as a waiver as to the particular document or as to the subject matter of the document; (c) require the Examiner to turn over any documents that he determines to be privileged through his own investigations; and (d) provide a mechanism whereby a producing party can petition the Court for good cause shown to claw back a document after the cutoff date.  These protections would not undermine the Examiner's interest in finality, and would avoid creating an undue burden on the producing parties.

**Factual Background**

4.   Between September 2008 and December 2011, the Committee of the Independent Members of the Board of Directors (the "Committee") of Residential Capital, LLC ("Residential Capital") retained Goldin to analyze certain transactions between Residential Capital and certain affiliates and provide opinions as to the fairness of those transactions (if Goldin found the relevant transactions to be fair).  Over the course of that three-year period, the Committee retained Goldin 13 separate times, and Goldin provided 13 opinions concerning transactions related to, among other things, the Residential Capital's sale of certain assets and the terms of its lending arrangements.

5. On or about August 29, 2012, the Examiner served a Rule 2004 subpoena (the "Subpoena") on Goldin requesting all documents related to those engagements. The Subpoena was accompanied by a copy of the Uniform Protective Order for Examiner Discovery (the "Protective Order"), which provided, among things, that Goldin would be entitled to "claw back" any inadvertently produced privileged documents.

6. In reliance on the Protective Order, Goldin collected, reviewed and ultimately produced 5,659 documents. It withheld from production approximately 580 documents on the grounds that they were protected from production by the attorney-client privilege and provided a privilege log to the Examiner.

7. To date, Goldin has not attempted to claw back any documents from the Examiner.

**Argument**

8. The Examiner's motion should be denied because the proposed order would be patently unfair to Goldin and the other producing parties who produced documents in reliance on the Protective Order, which provided that each could seek to claw back inadvertently produced documents. The Examiner should not be allowed the change the rules of the game long after Goldin has fulfilled its obligations under the Subpoena.

9. The proposed order imposes an undue burden on Goldin and the other producing parties. It undermines the purpose of the claw back agreement, which protects parties from inadvertent waiver and does not require a party to take action unless and until an inadvertent disclosure is discovered. Claw back agreements, including the one approved by this Court, do not generally require a party to conduct an after-the-fact review to ensure that no documents were inadvertently produced. But that is exactly what Goldin would be required to

do if the Court were to grant the Examiner's motion. Under the proposed order, the only way for Goldin to ensure it has not inadvertently produced any privileged documents would be to re-review every one of the document it produced. Such a review would be time consuming and costly and likely be fruitless. This review would be especially burdensome to a party such as Goldin, which is not actively involved in the proceedings and whose involvement in these proceedings is limited to being the target of one of the Examiner's subpoenas.

10. Goldin proposes instead that the Court enter an order directing the Examiner to provide the producing party with a list of documents (or range of documents) he intends to use in his report. The producing party should then be given a short period of time (two business days) to decide whether to assert privilege or to waive its right to do so. This proposal balances the Examiner's legitimate interest in completing his report with the producing parties' interest in not conducting an unnecessary re-review of all documents, irrespective of whether those documents have any prospect of ending up in the Examiner's report.

11. If the Court does not adopt this suggestion, then the proposed order should nevertheless be modified as follows: <u>First</u>, any revised order should provide producing parties more time to re-review their documents to determine if they want to make a claw back request. Even assuming the cost of reviewing every document were not unduly burdensome, the proposed amount of time to act (seven days) is entirely too short. It took Goldin weeks to review and produce documents the first time around, yet the Examiner now seeks to require Goldin (and others who had produced significantly more documents) to repeat that review on an unreasonably expedited basis.

12. <u>Second</u>, any revised order should make clear that notwithstanding any cutoff, no party (in this case or in another proceeding) may argue waiver (either as to the

-4-

particular document or as to the subject matter of the document) based upon the passing of the cutoff date. Providing this protection would not undermine the Examiner's purported interest in completing his report, but would protect producing parties from inadvertently waiving privilege.

13.  **Third**, any revised order should require the Examiner to immediately turn over any document (a) that appears on its face to be protected from disclosure by any applicable privilege, or (b) that the Examiner determines through his or his attorneys' investigations to be privileged. The Examiner should not be able to use the cutoff date as both a sword and a shield. Requiring the Examiner to turn over any such documents would not undercut the Examiner's concerns, but would ensure that inadvertently produced documents are afforded protection from use and dissemination.

14.  **Finally**, any revised order should provide that a producing party may petition the Court, upon a showing of good cause, for the return of an inadvertently produced document after the cutoff date has passed.

**Conclusion**

15.  For the foregoing reasons, (a) the Court should enter an or order requiring the Examiner to provide notice to the producing party of his intent to use the producing party's documents in his report and allow the producing party two business days to assert privilege or waive the right to do so, or alternatively, (b) the Court should enter an order (i) providing for a cutoff date 21 days from the entry of any revised order, (ii) making clear that the passing of the cutoff date shall not operate as a waiver as to the particular document or as to the subject matter of the document, (iii) requiring the Examiner to turn over any documents that he determines to be privileged through his own investigations, (iv) providing a mechanism whereby a producing

-6-

party can petition the Court for good cause shown to claw back a document after the cutoff date has passed, and (v) granting such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>March 12, 2013 | LUSKIN, STERN & EISLER LLP<br><br>By:   /s/ Michael Luskin<br>        Michael Luskin<br><br>Eleven Times Square<br>New York, New York 10036<br>Telephone: (212) 597-8200<br>Facsimile:  (212) 974-3205<br><br>*Attorneys for Goldin Associates L.L.C.* |