**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**[PROPOSED] ORDER MODIFYING THE UNIFORM**
**PROTECTIVE ORDER FOR EXAMINER DISCOVERY**

Upon the motion of Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") to modify certain provisions in the Uniform Protective Order for Examiner Discovery (the "Protective Order") (Dkt. No. 1223-1), which is Exhibit A to the Order (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, (II) Establishing Procedures for Responding to Those Subpoenas, (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (IV) Approving Protective Order, dated August 20, 2012 (the "Examiner Discovery Order") (Dkt. No. 1223), and after considering the objections thereto, it is hereby

ORDERED that the provisions of ¶ 26 of the Protective Order permitting a "Disclosing Party" (as defined in the Protective Order) to make a written request, upon discovery of having inadvertently or mistakenly produced information that is protected or prohibited from disclosure, for return or destruction of such information ("Clawback Request"), are hereby modified solely to the extent of providing that:

(a) other than as to documents produced to the Examiner after March 15, 2013, no Disclosing Party shall make a Clawback Request to the Examiner after March 22, 2013 **or 14 days after such document is made available to all parties in the Examiner's document depository (whichever is later)**, and the Examiner shall not be obligated to take any action, or to refrain from taking any action, in response to any Clawback Request made to the Examiner after ~~March 22, 2013~~ **such date**;

(b) as to any document produced to the Examiner after March 15, 2013, no Disclosing Party shall make a Clawback Request to the Examiner more than 14 days after such document is made available to all parties in the Examiner's document depository, and the Examiner shall not be obligated to take any action, or to refrain from taking any action, in response to any Clawback Request that was made to the Examiner more than 14 days after such document is made available to all parties in the Examiner's document depository;

**(c) nothing in paragraphs (a) or (b) prevents a Disclosing Party from seeking leave of Court, by motion or otherwise, to make a Clawback Request, or relieves any party from their obligations under applicable laws and/or ethical requirements regarding privileged documents;**

~~(c)~~ **(d)** the foregoing provisions in paragraphs (a) and (b) above are qualified to the extent that a party may make a Clawback Request to the Examiner after the relevant deadlines set forth in paragraph (a) or paragraph (b) above (as may be appropriate) if and only if such Clawback Request is based upon bank regulatory privilege ~~and is strictly confined to just those specific portions of the subject document which are claimed to be subject to such bank regulatory privilege~~; and

2

~~(d) if a Clawback Request is made pursuant to paragraph (c) above, the Examiner may reject such Clawback Request by giving written notice of such rejection to the party making such Clawback Request, with such rejection being deemed final and binding unless the party making such Clawback Request files a motion with the Court to challenge the rejection within 7 days after the rejection, and there will be a presumption in favor of the Examiner in regard to any such challenge.~~

**(e) the foregoing provisions in paragraphs (a) and (b) apply only to material produced to the Examiner and for use by the Examiner. All other parties shall be governed by and shall comply with Paragraph 26 without respect to paragraphs (a) and (b).**

Dated: _____, 2013
       New York, New York

                              _____
                              THE HONORABLE MARTIN GLENN
                              UNITED STATES BANKRUPTCY JUDGE