Pg 1 of 3

**MORRISON | FOERSTER**

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

March 14, 2013

Writer's Direct Contact
212.336.4325
TGoren@mofo.com

**Via E-Mail**

Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

Re:    *In re Residential Capital, LLC, et al.*, Chapter 11 Case No. 12-12020 (MG)

Dear Judge Glenn:

We are counsel to Residential Capital, LLC and its debtor affiliates in the above-captioned bankruptcy case. We would like to request a status conference on March 21, 2013 in connection with the *Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice*, Dkt. No. 1746 (the "FGIC Objection"). The FGIC Objection is currently scheduled to be heard during the March 21, 2013 Omnibus Hearing at 10:00 a.m.

At the sale hearing on November 19, 2012, the Debtors and FGIC agreed to continue FGIC's cure amount and adequate assurance of future performance objections, and the Debtors confirmed that none of the mortgage servicing agreements subject of the FGIC Objection would be assumed and assigned to Ocwen Loan Servicing, LLC ("Ocwen") until resolution of those matters. The Debtors, FGIC, and Ocwen have been engaged in ongoing discussions regarding resolution of the FGIC Objection since the sale hearing, and through that process have been able to more narrowly define the issues subject of FGIC's Objection.

The Debtors request a status conference as a means of efficiently resolving the FGIC Objection and promptly maximizing value to the Debtors' estate. In short, FGIC takes issue with the assumption and assignment to Ocwen of approximately twenty mortgage servicing agreements, seven of which (collectively, the "Non Term-to-Term Deals") the Debtors maintain cover issues that can be fully resolved in the short term, either through mutual consent with FGIC or by court order. FGIC's asserted cure amount on the Non Term-to-Term Deals is approximately $1.4 million, which represents .5% of its total asserted cure amount of approximately $282 million. The anticipated value to the Debtors' estate if the

ny-1081728

MORRISON | FOERSTER

Honorable Judge Glenn
March 14, 2013
Page Two

Debtors were able to assume and assign only the Non Term-to-Term Deals to Ocwen is approximately $18 million.

The other thirteen servicing agreements (collectively, the "Term-to-Term Deals") raise issues which (with the exception of adequate assurance of future performance) the Debtors do not believe can be resolved on as short a time frame as that necessary to resolve the issues on the Non-Term to Term Deals. In addition, both FGIC and Ocwen have taken the position that because the Term-to-Term Deals expire by their terms on March 31, 2013, unless the underlying agreements are extended further, by their consent, the Debtors cannot assume and assign the Term-to-Term Deals. Under this view, if FGIC and Ocwen do not consent on their own terms, the Debtors' estate would effectively be prevented from realizing millions of dollars in value associated with the assumption and assignment of the Term-to-Term Deals. Moreover, even if the Debtors were to litigate the alleged $281 million cure amount related to the Term-to-Term Deals, it is unclear, given FGIC and Ocwen's current posture, what the Debtors would ultimately accomplish.

There is no reason why any and all issues related to adequate assurance of future performance cannot be promptly resolved. Thus, to move this process forward, the Debtors believe that any adequate assurance of future performance issues relating to Ocwen should be resolved on all mortgage servicing agreements in conjunction with the resolution of the cure issues on the Non Term-to-Term Deals so that such deals can be assumed and assigned to Ocwen. In the interim, the Debtors understand the need to seek consensual resolution of the issues surrounding the Term-to-Term Deals, and may at a later time seek this Court's assistance in furthering that process.

To date, the Debtors have been unsuccessful in persuading FGIC to bifurcate the Non Term-to-Term Deals and adequate assurance of future performance issues under the framework described above. Given the various issues subject of the FGIC Objection (not including those applicable to the Non Term-to-Term Deals), a wholesale resolution of FGIC's Objection, on one timetable, is neither practical nor an efficient use of estate resources.

For the foregoing reasons, the Debtors respectfully request that the Court schedule a status conference on the FGIC Objection on March 21, 2013 during the Omnibus Hearing.

Respectfully submitted,

/s/ Todd M. Goren

Todd M. Goren

ny-1081728

**MORRISON | FOERSTER**

Honorable Judge Glenn
March 14, 2013
Page Three

cc: Alexandra Steinberg Barrage
    Jennifer DeMarco (Jennifer.DeMarco@cliffordchance.com)
    Richard Wynne (rwynne@jonesday.com)
    Lori Sinyanan (lsinyanan@jonesday.com)
    Kenneth Eckstein (keckstein@kramerlevin.com)
    Douglas Mannal (dmannal@kramerlevin.com)

ny-1081728