Katharine I. Crost (New York Bar No. 1391523)
Lorraine S. McGowen (New York Bar No. 2137727)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Special Securitization Transactional*
*and Litigation Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUMMARY OF SECOND INTERIM APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP AS SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL FOR THE DEBTORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD <u>SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012</u>**

| | | | | |
|---|---|---|---|---|
| This is a(n): | ___ monthly | _X_ interim | ___ final application. | |

| | |
|---|---|
| Name of Applicant: | Orrick, Herrington & Sutcliffe LLP ("**Applicant**") |
| Authorized to Provide Professional Services to: | Residential Capital, LLC, *et al.* (collectively, the "**Debtors**") |
| Date of Retention: | Order entered on July 27, 2012 retaining Applicant *nunc pro tunc* to May 14, 2012 |
| Period for which Compensation and Reimbursement is sought: | September 1, 2012 through December 31, 2012 (the "**Application Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $674,764.98 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $    611.43 |
| Total Fees & Expenses: | $675,376.41 |
| Prior Interim Applications: | First Quarterly for the Time Period of May 14 - August 31, 2012 in the amount of fees of $733,357.07 and expenses of $678.12 |

**SUMMARY OF MONTHLY FEE STATEMENTS FOR THE APPLICATION PERIOD**

| Date Filed | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 10/25/12 | 9/1/12-9/30/12 | $198,762.14 | $193.43 | $159,009.63 | $193.43 | $39,752.43 |
| 12/4/12 | 10/1/12-10/31/12 | $305,468.57 | $381.00 | $244,374.78 | $381.00 | $61,093.72 |
| 1/15/13 | 11/1/12-11/30/12 | $100,071.80 | $37.00 | $79,958.62 | $37.00 | $20,014.36 |
| 1/24/13 | 12/1/12-12/31/12 | $70,462.47 | $0.00 | Pending | Pending | $14,092.49 |
| **TOTAL** | **9/1/12 – 12/31/12** | **$674,764.98** | **$611.43** | **$483,343.03** | **$611.43** | **$134,953.00** |

**SUMMARY OF PROFESSIONAL SERVICES RENDERED
BY PROFESSIONAL FOR THE APPLICATION PERIOD**

| Name of Professional | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **Partners/Of Counsel** | | | | |
| Katharine I. Crost | Structured Finance 1978 | $874.00 | 29.50 | $25,783.00 |
| Robert J. Gloistein | Corporate 1966 | $736.00 | 3.80 | $2,796.80 |
| Martin B. Howard | Structured Finance 1986 | $731.50 | 140.10 | $102,483.15 |
| Stephen J. Jackson | Tax 1996 | $736.25 | 32.20 | $23,707.27 |

2

| Name of Professional | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Dora Y. Mao | Structured Finance 1987 | $660.25 | 1.20 | $792.30 |
| Lorraine S. McGowen | Restructuring 1986 | $875.00 | 5.50 | $4,812.50 |
| Thomas C. Mitchell | Restructuring 1985 | $790.00 | 6.60 | $5,214.00 |
| Thomas J. Welsh | Insurance 1989 | $703.00 | 1.40 | $984.20 |
| Kenneth Whyburn | Tax 1980 | $755.24 | 0.50 | $377.62 |
| **Associates** | | | | |
| Spencer C. Barrowes | Banking & Debt Capital Markets 2005 | $451.25 | 19.30 | $8,709.14 |
| Duane K. Beasley | Structured Finance 2000 | $612.75 | 344.20 | $210,908.74 |
| Dennis M. Bent | Structured Finance 2005 | $451.25 | 177.50 | $80,097.10 |
| Sarah R. Briesinger | Litigation 2008 | $247.00 | 4.40 | $1,086.80 |
| Paul E. Clancy III | Structured Finance 2011 | $165.00 | 12.70 | $2,095.50 |
| Amie Davis | Structured Finance 2005 | $530.00 | 10.30 | $5,459.00 |
| James Duff | Structured Finance 2006 | $517.75 | 22.10 | $11,442.29 |
| John A. Farmer | Banking & Debt Capital Markets 2004 | $342.00 | 153.50 | $52,497.00 |

| Name of Professional | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Debra L. Felder | Restructuring 2002 | $617.50 | 84.90 | $52,425.75 |
| Njoki Gatimu | Structured Finance 2008 | $495.00 | 18.00 | $8,910.00 |
| Christopher R. Giles | Practice & Client Services 2006 | $152.00 | 37.50 | $5,700.00 |
| Mary E. Knutsen | Practice & Client Services 1999 | $152.00 | 2.50 | $380.00 |
| James M. Larkin | Tax 2002 | $641.25 | 9.10 | $5,835.39 |
| Stephen C. Lessard | Tax 2007 | $546.25 | 6.10 | $3,332.13 |
| S. Chris Min | Structured Finance 2006 | $510.00 | 37.80 | $19,278.00 |
| Kara F. Moskowitz | Structured Finance 2005 | $530.00 | 3.20 | $1,696.00 |
| Scott M. Pearsall | Restructuring 2009 | $451.24 | 1.80 | $812.23 |
| Brandon D. Skosnik | Emerging Companies 2007 | $209.00 | 2.90 | $606.10 |
| Lyndsay M. Sullivan | Global Corporate Solutions 2002 | $90.25 | 4.30 | $388.08 |
| Benita J. Sumey | Practice & Client Services 1992 | $237.50 | 0.60 | $142.50 |
| Sarah R. Weissman | Emerging Companies 2009 | $190.00 | 8.00 | $1,520.00 |

| **Paralegals/Paraprofessionals** | | | | |
|---|---|---|---|---|
| Norman A. Coliane | Document Review Specialist | $76.00 | 31.00 | $2,356.00 |
| Michael DiBartolomeo | Document Review Specialist | $76.00 | 17.60 | $1,337.60 |
| Michael J. Fillinger | Senior Research Specialist | $232.75 | 3.50 | $814.63 |
| Debra O. Fullem | Bankruptcy Research Specialist | $256.50 | 33.00 | $8,464.50 |
| Margaret A. Goetz | Paralegal | $242.25 | 52.00 | $12,597.04 |
| Renee L. Gray | Document Reviewer | $76.00 | 1.00 | $76.00 |
| Caitlin Jonassen | Paralegal | $76.00 | 1.50 | $114.00 |
| Bala Kumar | Document Review Specialist | $76.00 | 20.00 | $1,520.00 |
| Colin W. Lounsberry | Paralegal | $152.00 | 0.30 | $45.60 |
| Frances McKeown | Research Specialist | $232.75 | 0.30 | $69.82 |
| Hannah R. Rizor | Paralegal | $76.00 | 0.70 | $53.20 |
| Christina A. Rose | Legal Paralegal – Document Review | $80.00 | 22.50 | $1,800.00 |
| Nicholas Schafer | Document Review Specialist | $76.00 | 22.50 | $1,710.00 |
| Jaime Updegraff | Document Review Specialist | $76.00 | 27.00 | $2,052.00 |
| Gerald L. Willey | Senior Paralegal | $285.00 | 5.20 | $1,482.00 |
| **Total Professional Hours and Fees** | | | **1,419.60** | **$674,764.98** |
| **Total Hourly Blended Rate (excluding paralegals/paraprofessionals)** | | | | **$541.92**  **($640,272.59/ 1181.50 hrs = $541.92)** |

5

**SUMMARY OF EXPENSES INCURRED DURING THE APPLICATION PERIOD**

| Expense Category | Amount |
|---|---|
| CourtCall | $37.00 |
| Court Filing Fee – Pro Hac Vice Application Fee | $200.00 |
| Hand Delivery | $107.50 |
| Pacer | $84.00 |
| Taxi | $182.93 |
| **Total** | **$611.43** |

**Detail Regarding Taxi Expense**

As noted above, Orrick seeks reimbursement of $182.93 for taxi transportation expenses incurred during the Application Period. As shown in the chart below, these taxi expenses comply with the Local Guidelines and the procedures articulated by the Bankruptcy Court during the December 20, 2012 hearing.

| Name and Position of Person Incurring Expense | Date/Time Incurred | Trip Origin | Trip Destination | Amount Incurred |
|---|---|---|---|---|
| Spencer C. Barrowes (Associate) | 7/4/12 (Federal holiday) 7:14pm | Orrick NY Office | Attorneys' Home | $12.12 |
| Spencer C. Barrowes (Associate) | 7/12/12 Approx. 9pm | Orrick NY Office | Attorneys' Home | $11.87 |
| Spencer C. Barrowes (Associate) | 7/24/12 Approx. 9pm | Orrick NY Office | Attorneys' Home | $13.25 |
| Spencer C. Barrowes (Associate) | 8/7/12 Approx. 9pm | Orrick NY Office | Attorneys' Home | $12.75 |
| Spencer C. Barrowes (Associate) | 8/8/12 Approx. 9pm | Orrick NY Office | Attorneys' Home | $12.75 |

| Name and Position of Person Incurring Expense | Date/Time Incurred | Trip Origin | Trip Destination | Amount Incurred |
|---|---|---|---|---|
| Spencer C. Barrowes (Associate) | 8/20/12 Approx. 9pm | Orrick NY Office | Attorneys' Home | $14.00 |
| Spencer C. Barrowes (Associate) | 8/27/12 Approx. 9pm | Orrick NY Office | Attorneys' Home | $13.37 |
| Spencer C. Barrowes (Associate) | 9/5/12 9:14pm | Orrick NY Office | Attorneys' Home | $18.62 |
| Spencer C. Barrowes (Associate) | 9/6/12 9:14pm | Orrick NY Office | Attorneys' Home | $11.87 |
| S. Chris Min (Associate) | 9/4/12 8:50pm | Orrick NY Office | Attorneys' Home | $30.13 |
| S. Chris Min (Associate) | 9/5/12 8:15pm | Orrick NY Office | Attorneys' Home | $32.20 |
| **TOTAL:** | | | | **$182.93** |

### SUMMARY OF PROFESSIONAL SERVICES RENDERED
### BY PROJECT CATEGORY DURING THE APPLICATION PERIOD

| Task Code | Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|---|
| 141 | PSA Amendments | 1,168.10 | $530,727.15 |
| 142 | General Bankruptcy Administration | 8.50 | $3,401.93 |
| 143 | Retention | 17.70 | $7,570.37 |
| 144 | Compensation | 104.10 | $56,743.20[1] |
| 146 | Securitization Questions | 43.60 | $31,827.26 |
| 148 | Resolution of Pre-Bankruptcy Transactions | 76.70 | $43,708.47 |
| 151 | Termination of Servicing Contracts | 0.90 | $786.60 |
| **Total Hours & Fees Incurred** | | **1,419.60** | **$674,764.98** |

---

[1] During the Application Period, Orrick voluntarily reduced its hours in connection with reviewing, revising and finalizing its monthly time records by 33.60 hours resulting in a voluntary reduction of fees in the amount of $22,555.50. Those totals are calculated as follows: a voluntary reduction of 5.50 hours resulting in fees of $3,396.25 for September 1-30, 2012; a voluntary reduction of 4.60 hours resulting in fees of $2,840.50 for October 1-31, 2012; a voluntary reduction of 19.00 hours resulting in fees of $13,540.00 for November 1-30, 2012; and a voluntary reduction of 4.50 hours resulting in fees of $2,778.75 for December 1-31, 2012. Orrick also voluntarily reduced its hours in connection with defending its first interim fee application in response to the U.S. Trustee's objections by 40.90 hours resulting in fees of $24,393.60. Orrick is aware of Judge Bernstein's August 24, 2010 decision in *In re CCT Communications, Inc.*, Case No. 07-10210, which held that reviewing and editing time records is not compensable. Judge Bernstein also stated that fees incurred in connection with defending against an objection to a fee application are, in some instances, not compensable from a debtor's estate. Accordingly, Orrick is not seeking compensation from the Debtors' estates for any of these fees.

Katharine I. Crost (New York Bar No. 1391523)
Lorraine S. McGowen (New York Bar No. 2137727)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

*Special Securitization Transactional
and Litigation Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

**SECOND INTERIM APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP
AS SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL
FOR THE DEBTORS FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE PERIOD
SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

For its second interim application for compensation and reimbursement of expenses (the "**Application**") for the period September 1, 2012 through December 31, 2012 (the "**Application Period**"), Orrick, Herrington & Sutcliffe LLP ("**Applicant**"), Special Securitization Transactional and Litigation Counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). This Application has been prepared in accordance with General Order M-446, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, entered January 23, 2013 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, effective January 30, 1996 (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**"). Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as **Exhibit A**.

**BACKGROUND**

A. **The Chapter 11 Cases**

3. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

2

sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

4. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

B.   **Applicant's Retention and Interim Compensation**

6. On July 27, 2012, the Court entered the *Order Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* ("**Orrick Retention Order**") [Docket No. 930], approving Applicant's retention.

7. On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 797]. Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to file and submit monthly fee statements to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice Parties**").

8. On October 25, 2012, Applicant served its fourth monthly fee statement covering the period from September 1, 2012 through September 30, 2012 (the "**Fourth Monthly Fee Statement**") on the Notice Parties. On December 4, 2012, Applicant served its fifth monthly fee

3

statement covering the period from October 1, 2012 through October 31, 2012 (the "**Fifth Monthly Fee Statement**") on the Notice Parties. On January 15, 2013, Applicant served its sixth monthly fee statement covering the period from November 1, 2012 through November 30, 2012 (the "**Sixth Monthly Fee Statement**"). On January 24, 2013, Applicant served its seventh monthly fee statement covering the period December 1, 2012 through December 31, 2012 (the "**Seventh Monthly Fee Statement**" and together with the Fourth, Fifth, and Sixth Monthly Fee Statements, the "**Monthly Fee Statements**") on the Notice Parties. Applicant did not receive any objections to the Monthly Fee Statements.

9.  For the convenience of this Court and all parties in interest, attached hereto as **Exhibit B** is a schedule of the total amount of fees incurred under each of Applicant's internal task codes during the Application Period.

10. The following payments have been received to date and applied to the invoices as follows: $262,737.21 (May 14-June 30 2012 invoice); $186,457.67 (July 2012 invoice); $147,309.81 (August 2012 invoice); $159,203.06 (September 2012 invoice); $244,755.78 (October 2012 invoice); and $79,995.62 (November 2012 invoice).

11. Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors. These records are maintained in the ordinary course of Applicant's practice. For the convenience of this Court and all parties in interest, attached hereto as **Exhibit C** is a billing summary for the Application Period, setting forth the name of each attorney and paraprofessional who rendered services during the Application Period, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for

4

each attorney and each paraprofessional at Applicant's current billing rates,[2] and the individual amounts requested for each professional. The compensation requested by Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

12. Applicant also maintains computerized records of all expenses incurred in connection with the performance of professional services. A detailed summary of the amounts and categories of expenses for which reimbursement is sought is attached hereto as **Exhibit D**.

13. Copies of Applicant's computerized records of fees and expenses in the format specified by the Guidelines have been served on the Notice Parties with each of the Monthly Fee Statements and are attached hereto as **Exhibit E**.

14. There is no agreement or understanding between Applicant and any other person, other than partners or associates of the firm, for the sharing of compensation to be received for services rendered in the Chapter 11 cases.

15. The Monthly Fee Statements submitted by Applicant are subject to a 20% holdback (as is customary in this District) imposed by the Court on the allowance of fees. The aggregate amount of Applicant's holdback during the Application Period is $134,953.00 Applicant respectfully requests, in connection with the relief requested herein, that the Court allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.

---

[2] Orrick began representing certain of the Debtors more than twenty years ago. In connection with its longstanding representation, Orrick has historically billed the company at a discounted hourly rate for legal services rendered to the company. Orrick has agreed to continue to bill at its discounted hourly rates (subject to annual rate increases) during these Chapter 11 cases. Accordingly, the fees included in Orrick's Monthly Fee Statements reflect Orrick's discounted hourly rates.

5

**DESCRIPTION OF SERVICES AND
EXPENSES AND RELIEF REQUESTED**

16. In general, Applicant has represented the Debtors in connection with the following aspects of the Chapter 11 cases:

   (a) provide advice to the Debtors and Morrison & Foerster (Debtors' lead bankruptcy counsel) regarding contractual provisions in securitization documents and servicing contracts, including with respect to document requirements relating to termination demands and other claims or rights asserted by parties to such operative documents as well as other interested parties;

   (b) provide advice to the Debtors and Morrison & Foerster regarding the Debtors' rights and obligations relating to their securitization and servicing agreements, including matters that have arisen in connection with amendments to, or notifications required under the securitization and servicing agreements;

   (c) obtain and analyze securitization documents and other relevant documentation regarding the Debtors' securitization and servicing assets and obligations; and

   (d) assist the Debtors in the preparation of amendments to securitization documents and servicing agreements with third parties, and in the preparation of documentation related to such amendments, including negotiations with parties to such amendments, rating agencies, and other interested parties.

17. To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Debtors during the Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the Chapter 11 cases. The following is a summary of the most significant professional services rendered by Applicant during the Application Period organized in accordance with Applicant's internal system of task codes:

(a) **PSA Amendments (Matter 141)**

**Fees: $530,727.15; Expenses: $586.43; Hours: 1,168.10**

Orrick reviewed and analyzed various pooling and servicing agreements and responded to comments and questions from rating agencies and various whole loan counterparties regarding servicing agreement amendments and related consent. Orrick also reviewed various GMAC mortgage securitizations to determine if no-downgrade letters were necessary to amend the servicing agreements. In addition, Orrick reviewed various whole loan deals and securitization documents to determine who must consent to an amendment to add servicer advance language. Orrick analyzed certain tax issues, drafted a tax opinion, and participated in telephone conferences with the Debtors and their counsel regarding the same. Orrick participated in numerous telephone conferences with the Debtors, their counsel, and other parties regarding the trustee's revised term sheet, due diligence issues, and pooling and servicing agreements. Orrick also reviewed various ResCap REMIC deal documents. Orrick reviewed and drafted amendments for various entities, including, for example, Bayview, Fannie Mae, Belco Community Credit Union and HIS Asset Securitization Corporation. Orrick analyzed certain private label securitization servicing agreements related to advance facilities to see if they contained the applicable provisions from the asset purchase agreement and certain underlying documents in order to prepare deal-specific amendments. Orrick also responded to questions from Debtors' counsel regarding FGIC and Ambac contracts and responded to questions from Ocwen and others in connection with securitization items in the asset purchase agreement. Orrick coordinated and conducted a review of various securitization offering documents and operative documents in order to determine whether an insurer was a transaction party, and if so, Orrick reviewed the insurance agreement to determine the requirements for amending operative documents. In addition, Orrick reviewed and responded to questions from Impac regarding mortgage loan purchase agreements and servicing agreements. Orrick also reviewed and summarized provisions relating to the assignability of servicing agreements. Orrick communicated with Debtors' counsel regarding payment of servicing fees under DBALT securitizations and responded to inquiries from the Debtors regarding the status of negotiations with whole loan counterparties.

(b) **General Bankruptcy Administration (Matter 142)**

**Fees: $3,401.93; Expenses: $0.00; Hours: 8.50**

Orrick reviewed proof of claim forms and bar date notices sent to Orrick and the Debtors' schedules of claims in connection with the same. Orrick also prepared and filed a pro hac vice application and participated in a telephonic hearing in the Bankruptcy Court.

    (c)    **Retention (Matter 143)**

    **Fees: $7,570.37; Expenses: $0.00; Hours: 17.70**

Orrick corresponded internally regarding an application to expand the scope of its employment and reviewed the order approving Orrick's retention in these Chapter 11 cases. Orrick also began drafting an application to expand the scope of its employment as requested by, and at the direction of, the Debtors. Orrick corresponded with the Debtors and Morrison & Foerster regarding the same.

    (d)    **Compensation (Matter 144)**[3]

    **Fees: $56,743.20; Expenses: $14.50; Hours: 104.10**

Orrick corresponded with Morrison & Foerster regarding various compensation issues and procedures for retained professionals. Orrick also prepared its monthly fee statements for August, September, October, and November 2012. In addition, Orrick prepared its first interim fee application for the time period May 14, 2012 through August 31, 2012. Orrick corresponded internally regarding the Debtors' e-billing system and the process for obtaining payments from the Debtors during the pre and post-petition periods. Orrick reviewed the notice regarding the deadline to file its first interim fee application and communicated internally regarding the same. Orrick also participated telephonically in the December 20, 2012 hearing regarding its first interim fee application and reviewed and revised the proposed order and schedule approving the same.

---

[3] During the Application Period, Orrick voluntarily reduced its hours in connection with reviewing, revising and finalizing its monthly time records by 33.60 hours resulting in a voluntary reduction of fees in the amount of $22,555.50. Those totals are calculated as follows: a voluntary reduction of 5.50 hours resulting in fees of $3,396.25 for September 1-30, 2012; a voluntary reduction of 4.60 hours resulting in fees of $2,840.50 for October 1-31, 2012; a voluntary reduction of 19.00 hours resulting in fees of $13,540.00 for November 1-30, 2012; and a voluntary reduction of 4.50 hours resulting in fees of $2,778.75 for December 1-31, 2012. Orrick also voluntarily reduced its hours in connection with defending its first interim fee application in response to the U.S. Trustee's objections by 40.90 hours resulting in fees of $24,393.60. Orrick is aware of Judge Bernstein's August 24, 2010 decision in *In re CCT Communications, Inc.*, Case No. 07-10210, which held that reviewing and editing time records is not compensable. Judge Bernstein also stated that fees incurred in connection with defending against an objection to a fee application are, in some instances, not compensable from a debtor's estate. Accordingly, Orrick is not seeking compensation from the Debtors' estates for any of these fees.

8

(e) **Securitization Questions (Matter 146)**

**Fees: $31,827.26; Expenses: $10.50; Hours: 43.60**

Orrick researched New York trust law to determine the applicability to certain pooling and service agreement questions, responded to questions regarding precedent RALI and RAMP securitizations, and participated in telephone conferences with the Debtors regarding pooling agreements. Orrick also reviewed certain securitization structures that include certificate insurers and transaction documents related to the securitizations and noted the voting rights provisions related to the insurer and insured certificates. In addition, Orrick researched certain voting rights issues. Orrick also reviewed various documents relating to mortgage loan loss mitigations and responded to inquiries from the Debtors regarding the Ambac payments and Ambac's potential rights to reimbursement. In addition, Orrick reviewed and analyzed a GMAC GMEN deal in connection with various issues. Orrick also communicated with Wells Fargo regarding the GMAC GMEN lost note affidavit. In addition, Orrick prepared and distributed a notice to Wells Fargo Bondholder Communications regarding GMAC Mortgage, LLC's lost equity certificate.

(f) **Resolution of Pre-Bankruptcy Transactions (Matter 148)**

**Fees: $43,708.47; Expenses: $0.00; Hours 76.70**

Orrick reviewed various Ally/ResCap swap agreements and responded to inquiries regarding REO advances on legacy ResCap loans. Orrick also advised the Debtors and Morrison & Foerster regarding verification agent fees under the GSAP facility and cash flows of subordinate certificates in the GMEN transaction. Orrick advised the Debtors regarding various legacy securitizations and advance reimbursement mechanisms in ResCap sponsored securitizations. In addition, Orrick reviewed and provided comments on a MetLife and Credit Suisse Assignment, Assumption and Recognition Agreement. Orrick advised the Debtors regarding a securitization with various counterparties and a November 2010 residual sale. Orrick also reviewed certain securitization documents to advise as to certificate holdings.

(g) **Termination of Servicing Contracts (Matter 151)**

**Fees: $786.60; Expenses: $0.00; Hours 0.90**

Orrick had discussions with Debtors' counsel regarding certain termination questions and researched various issues regarding the same.

18. The foregoing descriptions of services rendered by Applicant in the specific project categories are not intended to be exhaustive of the scope of Applicant's activities in the Chapter 11 cases. The time records attached hereto as Exhibit E present more completely the work performed by Applicant in each project category during the Application Period.

9

# CONCLUSION

19. Applicant believes that the services rendered during the Application Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330. Further, the expenses requested were actual and necessary to the performance of Applicant's services.

20. Applicant therefore requests an order (i) approving interim compensation in the amount of $674,764.98 and interim reimbursement of expenses in the amount of $611.43,[4] (ii) directing payment of all compensation held back in connection with the Monthly Fee Statements in the aggregate amount of $134,953.00, and (iii) granting such other and further relief as may be just and proper.

Dated: March 14, 2013　　　　　　　　*/s/ Katharine I. Crost*
　　　　New York, NY　　　　　　　　Katharine I. Crost (New York Bar No. 1391523)
　　　　　　　　　　　　　　　　　　Lorraine S. McGowen (New York Bar No. 2137727)
　　　　　　　　　　　　　　　　　　ORRICK HERRINGTON & SUTCLIFFE LLP
　　　　　　　　　　　　　　　　　　51 W. 52nd Street
　　　　　　　　　　　　　　　　　　New York, NY  10019-6142
　　　　　　　　　　　　　　　　　　Telephone:  (212) 506-5000
　　　　　　　　　　　　　　　　　　Facsimile:   (212) 506-5151

　　　　　　　　　　　　　　　　　　*Special Securitization Transactional*
　　　　　　　　　　　　　　　　　　*and Litigation Counsel to the Debtors*
　　　　　　　　　　　　　　　　　　*and Debtors in Possession*

---

[4] The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.