Hearing Date and Time: April 11, 2013 at 10:00 a.m.
Objection Deadline: March 25, 2013 at 4:00 p.m.

**WOLF HALDENSTEIN ADLER FREEMAN &
HERZ LLP**
Eric B. Levine
Daniel Tepper
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4794

*Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |
| | Objections Due: March 25, 2013 4 PM |

**FIRST INTERIM FEE APPLICATION OF WOLF HALDENSTEIN
ADLER FREEMAN & HERZ LLP, CONFLICTS COUNSEL
TO THE EXAMINER, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD
<u>FROM OCTOBER 15, 2012 THROUGH AND INCLUDING DECEMBER 31, 2012</u>**

| | |
|---|---|
| Name of Applicant: | Wolf Haldenstein Adler Freeman & Herz LLP |
| Authorized to Provide Professional Services To: | The Examiner (as conflicts counsel) |
| Date of Retention: | December 27, 2012, *nunc pro tunc* to October 15, 2012 |
| Period for Which Compensation and Reimbursement is Sought: | October 15, 2012 through December 31, 2012 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $9,529.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 47.50 |

This is a(n): ____ Monthly          <u>x</u> Interim          ____ Final Application

Prior Monthly Fee Statements:

| Date Served | Period Covered | Fees Requested | Expenses Requested | Fees Approved/ Paid (80%) | Expenses Approved/ Paid |
|---|---|---|---|---|---|
| 1/30/2013 | Inception – 12/31/12 | 9,529.50 | $47.50 | 7,623.60 | $47.50 |

Hearing Date and Time: April 11, 2013 at 10:00 a.m.
Objection Deadline: March 25, 2013 at 4:00 p.m.

**WOLF HALDENSTEIN ADLER FREEMAN &**
**HERZ LLP**
Eric B. Levine
Daniel Tepper
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4794

*Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**FIRST INTERIM FEE APPLICATION OF WOLF HALDENSTEIN**
**ADLER FREEMAN & HERZ LLP, CONFLICTS COUNSEL**
**TO THE EXAMINER, FOR ALLOWANCE OF COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 15, 2012**
**THROUGH AND INCLUDING DECEMBER 31, 2012**

Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), as conflicts counsel

to the Court-appointed Examiner (the "<u>Examiner</u>") in the Chapter 11 cases (the "<u>Chapter 11</u>

<u>Cases</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"),

hereby submits this First Interim Fee Application (the "<u>Application</u>") for allowance of

compensation and reimbursement of expenses for the period from inception of services,

December 27, 2012, nunc pro tunc to October 15, 2012, through December 31, 2012 (the

"<u>Application Period</u>"). This Application is submitted pursuant to sections 330, 331 and 503(b) of

title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), and Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Order Establishing Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals, dated July 17, 2012

(the "Interim Compensation Order"). In support of the Application, Wolf Haldenstein

respectfully represents as follows:

## BACKGROUND

1.      The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on

May 14, 2012, and the Court authorized joint administration of the cases. The Debtors continue

to operate their businesses and manage their properties as debtors-in-possession pursuant to

sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On June 4, 2012, Berkshire Hathaway, Inc. filed a motion (the "Examiner

Motion") for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c). On June 20, 2012,

the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the

"Memorandum Decision"). On June 28, 2012, the Court entered the Order Directing the

Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the

"Examiner Order").

3.      On July 3, 2012, the United States Trustee for the Southern District of New York

appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval.

On that same date, the Court entered an order approving the appointment.

4.      By order of the Court August 9, 2012, Chadbourne & Parke LLP ("Chadbourne")

was appointed as counsel to the Examiner.

5.      On November 21, 2012, the Examiner, by Chadbourne, filed an application for an

order authorizing the Examiner to employ and retain Wolf Haldenstein as conflicts counsel. In

particular, that application sought to retain Wolf Haldenstein in connection with aspects of the

Examiner's investigation (the "Investigation") involving obtaining information from third parties

2

as to which Chadbourne potentially had a potential conflict of interest. At the time of the application, the known third parties as to which Chadbourne had a conflict of interest were J.P. Morgan Securities, LLC, Morgan Stanley & Co. LLC, Goldman Sachs & Co., Citibank and/or their respective affiliates.

6.      By order entered December 27, 2012, Wolf Haldenstein's retention was approved, nunc pro tunc to October 15, 2012.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## COMPLIANCE WITH GUIDELINES AND ORDER GOVERNING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

8.      This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases effective as of February 5, 2013 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines").

## SUMMARY OF APPLICATION

9.      Wolf Haldenstein seeks compensation for professional services rendered to the Examiner during the Application Period in the aggregate amount of $9,529.50 and reimbursement of actual and necessary expenses incurred in connection with the rendering of services during the Application Period in the aggregate amount of $47.50. During the

3

Application Period, Wolf Haldenstein attorneys and paraprofessionals expended a total of 18.3 hours for which compensation is requested.

10.     Pursuant to the Guidelines, a schedule setting forth a description of the project categories utilized in this case, the number of hours expended by Wolf Haldenstein partners, associates and paraprofessionals by project category, and the aggregate fees associated with each project category is attached hereto as Exhibit A.

11.     A summary of the hours spent, the names of each professional and paraprofessional rendering services to the Examiner during the Application Period, the regular customary billing rates and the total value of time incurred by each of Wolf Haldenstein's professionals and paraprofessionals rendering services to the Examiner is attached hereto as Exhibit B.

12.     Wolf Haldenstein maintains computerized records of the time spent by all professionals and paraprofessionals rendering services to the Examiner during the Application Period. Redacted copies of these computerized records are attached hereto as Exhibit C.

13.     A summary of the actual and necessary expenses incurred by Wolf Haldenstein is attached as Exhibit D, which provides itemized expense detail.

14.     Pursuant to the Guidelines, a certification regarding compliance with same is attached hereto as Exhibit E.

### SUMMARY OF SERVICES
### DURING THE APPLICATION PERIOD

15.     As set forth in the detailed computerized records attached hereto as Exhibit C, fees incurred by Wolf Haldenstein during the Application Period total $9,529.50.

16.     The services rendered by Wolf Haldenstein during the Application Period are grouped into specific project categories as set forth in Exhibit A, and the total compensation

4

sought for each category is set forth in that exhibit. The attorneys and paraprofessionals who
rendered services are identified on <u>Exhibit B</u>, along with the number of hours for each
individual.

17.     The following is a summary of the activities performed by Wolf Haldenstein
attorneys and paraprofessionals during the Application Period, organized by project category.

A.     **Project 1: Witness Subpoenas and Discovery**

    Fees: $4,615.50          Total Hours: 9.2

18.     As noted above, Wolf Haldenstein's retention is primarily for the purpose of
obtaining information from third parties as to which Chadbourne has a potential conflict of
interest.

19.     During the Application Period, Wolf Haldenstein attorneys spent time on the
preparation of subpoenas to be served on each of the witnesses for which Wolf Haldenstein was
handling: *i.e.*, J.P. Morgan Securities, LLC, Morgan Stanley & Co. LLC, Goldman Sachs & Co.,
Citibank, and/or their respective affiliates. Wolf Haldenstein additionally spent time on the
preparation of the various attendant forms relating to those subpoenas and cover letters
accompanying each of them.

20.     Also during the Application Period, Wolf Haldenstein arranged and attended to
the service of the subpoenas.

21.     In addition, as counsel for the subpoenaed parties began to contact Wolf
Haldenstein, Wolf Haldenstein communicated with those counsel, explained the objective and
high urgency of the subpoenas and began the process of entering into "meet and confer"
discussions with counsel, with a view to obtaining prompt compliance of the subpoenas.

**B.**  <u>Fee/Retention Applications</u>

  Fees: $4,914.00   Total Hours: 9.10

  22.  During the Application Period, Wolf Haldenstein prepared its application for retention in this case, working with the Chadbourne firm in connection therewith. Wolf Haldenstein also appeared in court to obtain approval of the application for its retention.

<u>ACTUAL AND NECESSARY EXPENSES</u>

  23.  As set forth in <u>Exhibit D</u> hereto, Wolf Haldenstein has incurred $47.50 in actual, necessary expenses in providing professional services to the Examiner during the Application Period. Only a single item of expense was charged, for one messenger service.

  24.  These disbursements are not included in Wolf Haldenstein's overhead for the purpose of setting billing rates. In seeking reimbursement for outside professional services, Wolf Haldenstein requests reimbursement for the actual costs incurred. Wolf Haldenstein has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Examiner.

**DETERMINATION OF WOLF HALDENSTEIN'S REQUESTED FEE**

25.   In seeking compensation in these Chapter 11 Cases, Wolf Haldenstein has utilized its 2012 hourly rate structure in accordance with the Guidelines. For purposes of this Application, Wolf Haldenstein has calculated its request for compensation by multiplying: (a) the hours of time spent on services rendered on behalf of the Examiner, by (b) the 2012 hourly rate assigned to each attorney or paraprofessional rendering such services. The compensation sought herein is requested without prejudice to Wolf Haldenstein's right to seek such additional and reasonable compensation for any additional services rendered in these Chapter 11 Cases at the conclusion thereof upon the filing of an appropriate application therefor.

26.   Wolf Haldenstein's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity and size of these Chapter 11 Cases. Wolf Haldenstein's fees are commensurate with fees that other attorneys of comparable experience and expertise have charged and been awarded in similar chapter 11 cases. Accordingly, Wolf Haldenstein's fees are reasonable pursuant to section 330 of the Bankruptcy Code.

27.   Section 330(a)(1)(B) of the Bankruptcy Code permits for reimbursement for actual, necessary expenses. Wolf Haldenstein's legal services and expenses incurred during the Application Period constitute only those necessary expenses that were incurred for the benefit of the Debtors' estates. Wolf Haldenstein has properly requested reimbursement of only actual, necessary and appropriate legal expenses.

28.   Except as permitted by rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or undertaking exists between Wolf Haldenstein and/or any third person for the

7

sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered at the request of and solely on behalf of the Examiner.

29.  Pursuant to the standards set forth in sections 330 and 331 of the Bankruptcy Code, Wolf Haldenstein submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

**NOTICE AND NO PRIOR APPLICATION**

30.  Pursuant to the Interim Compensation Order, notice of this Application has been served upon the following parties (collectively, as further defined in the Interim Compensation Order, the "Notice Parties"): (i) counsel for the Debtors; (ii) the Office of the United States Trustee for the Southern District of New York; (iii) counsel for the Official Committee of Unsecured Creditors; (iv) counsel for Ally Financial Inc.; and (v) counsel for Barclays Bank PLC. In light of the nature of the relief requested herein, Wolf Haldenstein submits that no further or other notice is required.

31.  No previous application for relief sought herein has been made to this or any other court.

32.  As set forth in the attached certification, the Examiner has had the opportunity to review, and has approved, the amounts requested in the Application.

**WHEREFORE**, Wolf Haldenstein respectfully requests that this Court issue and enter

an order (i) authorizing compensation in the amount of $9,529.50 for professional services

rendered and reimbursement of actual and necessary expenses incurred in connection therewith

in the amount of $47.50, for a total fee and expense request for the Application Period of

$9,577.00; (ii) authorizing and directing the Debtors to remit payment to Wolf Haldenstein as set

forth herein, less all amounts previously paid on account of such fees and expenses; and

(ii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
      March 6, 2013

                    WOLF HALDENSTEIN ADLER FREEMAN
                      & HERZ LLP

                    By: ___/s/_____
                        Eric B. Levine
                        A Member of the Firm
                    Conflicts Counsel for the Examiner
                    270 Madison Avenue
                    New York, NY 10016
                    (212) 545-4600

/711716

## Exhibit A

### Residential Capital, LLC et al.

### Summary of Services By Project Category

### October 15, 2012 through December 31, 2012

| Project Category | Hours | Fees Requested |
|---|---|---|
| Witness Subpoenas and Discovery | 9.20 | 4,615.50 |
| Fee/Retention Applications | 9.10 | 4,914.00 |
| | | |
| | | |
| | | |
| | | |
| | | |
| Total | 18.30 | 9,529.50 |

## Exhibit B

### Residential Capital, LLC et al.

### Summary of Hours

**October 15, 2012     through     December 31, 2012**

| Name | Department | Year of Admission | 2012 Hourly Rate | Total Hours | Total |
|---|---|---|---|---|---|
| Partner | | | | | |
| Eric B Levine (since 1986) | Corporate and Commercial Litigation | 1987 (NY) | $ 540.00 | 16.80 | $ 9,072.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| Paraprofessional | | | | | |
| James A Cirigliano | Litigation | N/A | $ 305.00 | 1.50 | $ 457.50 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | Total | | 18.30 | $ 9,529.50 |

Blended Rate:     $     520.74

## **EXHIBIT C**

**RESIDENTIAL CAPITAL, LLC, et al**

**DAILY TIME RECORDS**

**October 15, 2012 through December 31, 2012**

GR

# Tabs3 Detail Work-In-Process Report
Wolf Haldenstein Adler Freeman & Herz LLP

Page: 1

Client: 19127 001M ResCap Examiner
Date: 01/31/2013

**Witness Subpoenas and Discovery**

Primary Timekeeper:        7 EBL          Category:      1 Commercial Litigation
Secondary Timekeeper:      7 EBL          Draft Template:        EBL
Originating Timekeeper:    7 EBL          Final Template:        EBL
Previous Balance:          0.00           Rate Code: 1
                                          Date Opened:      12/06/2012

RESCAP                                                              Contact:

## Fees

| Date | Tmkr | Cat | Src | H P X C | T B C | R C | Tcode | Ref # | Rate | Units | Hours Worked | Hours to Bill | Amount | Write-Up/Down Hrs | Write-Up/Down Amt | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/05/2012 | 7 EBL | 1 | | | | | 499 | 1 | 540.00 | | 3.80 | 3.80 | 2,052.00 | | | Telephone calls with Schwinger re preparation of subpoenas and attendent forms (.3); review of entities to be subpoenaed (.3); drafting of transmittal letter (.2); drafting of subpoenas (3.0) |
| 12/06/2012 | 7 EBL | 1 | | | | | 499 | 2 | 540.00 | | 0.50 | 0.50 | 270.00 | | | Finalized subpoenas and cover letters and sent out |
| 12/10/2012 | 7 EBL | 1 | | | | | 499 | 3 | 540.00 | | 0.10 | 0.10 | 54.00 | | | Telephone call with Schwinger re subpoena status |
| 12/11/2012 | 7 EBL | 1 | | | | | 499 | 4 | 540.00 | | 0.20 | 0.20 | 108.00 | | | Arranged service of subpoenas |
| 12/13/2012 | 7 EBL | 1 | | | | | 499 | 5 | 540.00 | | 0.40 | 0.40 | 216.00 | | | Telephone call with ▮▮▮▮ representing ▮▮▮ re response to subpoena (.2); email to ▮▮▮ re same (.2) |
| 12/19/2012 | 7 EBL | 1 | | | | | 499 | 6 | 540.00 | | 0.30 | 0.30 | 162.00 | | | Telephone call and emails to ▮▮▮▮ re response to subpoenas (.2); emails to her re same (.1) |
| 12/20/2012 | 7 EBL | 1 | | | | | 499 | 7 | 540.00 | | 0.60 | 0.60 | 324.00 | | | Telephone call with ▮▮▮▮ re response to subpoena (.2); email to Schwinger re identification of deals applicable to each bank (.2); telephone call with ▮▮▮▮ re subpoena response (.02) |
| 12/24/2012 | 7 EBL | 1 | | | | | 499 | 8 | 540.00 | | 0.50 | 0.50 | 270.00 | | | Reviewed ▮▮▮ response to subpoena (.3); email to counsel for ▮▮▮ re same (.2) |
| 12/26/2012 | 7 EBL | 1 | | | | | 499 | 9 | 540.00 | | 1.00 | 1.00 | 540.00 | | | Drafted and sent response to objections of ▮▮▮▮ to subpoenas |
| 12/27/2012 | 7 EBL | 1 | | | | | 499 | 10 | 540.00 | | 0.30 | 0.30 | 162.00 | | | Attention to and analysis of ▮▮▮▮ response to subpoena (.2); email to ▮▮▮ attorney for ▮▮▮ re responses to subpoena (.1) |

Billable Total:                                     7.70    7.70    4,158.00

| 12/17/2012 | 205 JAC | 1 | | | | | 499 | 11 | 305.00 | | 1.50 | 1.50 | 457.50 | | | Electronic filing of eight affidavits of service for EBL (1.0); conf with EBL (.5) |

Billable Total:                                     1.50    1.50    457.50

**Total Billable Fees**                             9.20    9.20    4,615.50

## Expenses

| Date | Tmkr | | | | | | Tcode | Ref # | Rate | Units | | | Amount | | | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/28/2012 | 7 EBL | | | | | | 710 | 1 | | | | | 47.50 | | | NYC Messenger #13755 |

Billable Total:                                                     47.50

Tcode 710 NYC Messenger

Billable Total:                                                     47.50

205 James A.Cirigliano

7 Eric B. Levine

Date: 01/31/2013

**Tabs3 Detail Work-In-Process Report**
Wolf Haldenstein Adler Freeman & Herz LLP

Page: 2

Client: 19127.001M ResCap Examiner *(Continued)*

| Date | Tmkr | Cat | Src | H P X | T B R | R C | Tcode | Ref # | Rate | Units | Hours Worked | Hours to Bill | Write-Up/ Down Hrs | Amount | Write-Up/ Down Amt | Description |
|------|------|-----|-----|-------|-------|-----|-------|-------|------|-------|--------------|---------------|--------------------|--------|--------------------|-------------|

**Total Billable Expenses**                                                                47.50

R E C A P

| Fees: | 4,615.50 | Previous Balance: | 0.00 |
| Expenses: | 47.50 | Payments/Credits: | 0.00 |
| Advances: | 0.00 | | |
| **Total WIP:** | **4,663.00** | **Balance Due:** | **0.00** |

Other WIP:  Hours: 14.30   Fees: 7,763.00   Exps: 828.95   **Total:** **4,663.00**

| A/R: | Hours: | Fees: | Advs: 0.00 |
|------|--------|-------|------------|
| | 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

# Tabs3 Detail Work-In-Process Report
## Wolf Haldenstein Adler Freeman & Herz LLP

Page: 1

Client: 19127.002M ResCap Examiner
Fee/Retention Applications

| | | |
|---|---|---|
| Primary Timekeeper: | 7 EBL | Category: | 1 Commercial Litigation |
| Secondary Timekeeper: | 7 EBL | Draft Template: | EBL | Rate Code: 1 |
| Originating Timekeeper: | 7 EBL | Final Template: | EBL | Date Opened: | 01/31/2013 |
| Previous Balance: | 0.00 | | |

RESCAP

Contact:

## Fees

| Date | Tmkr | Cat | Src | H P | T X | B C | R C | Tcode | Ref # | Rate | Units | Hours Worked | Hours to Bill | Write-Up/Down Hrs | Amount | Write-Up/Down Amt | Description |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/15/2012 | 7 EBL | 1 | | | | | | 499 | 2 | 540.00 | | 3.00 | 3.00 | | 1,620.00 | | Prepared application for retention in ResCap |
| 10/23/2012 | 7 EBL | 1 | | | | | | 499 | 3 | 540.00 | | 1.00 | 1.00 | | 540.00 | | Continued drafting of retention papers re ResCap |
| 10/24/2012 | 7 EBL | 1 | | | | | | 499 | 4 | 540.00 | | 1.00 | 1.00 | | 540.00 | | Revisions to ResCap retention papers |
| 10/25/2012 | 7 EBL | 1 | | | | | | 499 | 5 | 540.00 | | 0.30 | 0.30 | | 162.00 | | Telephone call with LaMay and Gay4a re ResCap application (.1); telephone call with Smith re same (.2) |
| 11/08/2012 | 7 EBL | 1 | | | | | | 499 | 6 | 540.00 | | 0.30 | 0.30 | | 162.00 | | Revisions to papers |
| 11/21/2012 | 7 EBL | 1 | | | | | | 499 | 7 | 540.00 | | 1.50 | 1.50 | | 810.00 | | ResCap - continued work on and finalizing affidavit retention |
| 12/20/2012 | 7 EBL | 1 | | | | | | 499 | 1 | 540.00 | | 2.00 | 2.00 | | 1,080.00 | | Appeared in court on application for retention (2.0); |

Billable Total: 9.10 9.10 4,914.00

Total Billable Fees

7 Eric B. Levine  9.10  9.10  4,914.00

Total WIP: 4,914.00

### R E C A P

| | | | |
|---|---|---|---|
| Fees: | 4,914.00 | Previous Balance: | 0.00 |
| Expenses: | 0.00 | Payments/Credits: | 0.00 |
| Advances: | 0.00 | Balance Due: | |
| Total WIP: | 4,914.00 | | |

| | 0-30 | 31-60 | 61-90 | 91-120 | 121-180 | 181+ | Total: |
|---|---|---|---|---|---|---|---|
| A/R: | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,914.00 |

## Exhibit D

**Residential Capital, LLC et al**

**Summary of Expenses Incurred**

October 15, 2012  through  December 31, 2012

| Disbursement | Amount |
|---|---|
| Messenger Service | 47.50 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| Total | 47.50 |

# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**CERTIFICATION UNDER GUIDELINES FOR FEES
AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT FIRST
INTERIM FEE APPLICATION OF WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP, CONFLICTS COUNSEL TO THE EXAMINER, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF
EXPENSES FOR THE PERIOD FROM OCTOBER 15, 2012 THROUGH AND
INCLUDING DECEMBER 31, 2012**

Eric B. Levine, on behalf of Wolf Haldenstein Adler Freeman & Herz LLP,

conflicts counsel to the Court-appointed Examiner in the Chapter 11 cases of the above-

captioned debtors and debtors in possession (collectively, the Debtors), hereby certifies, pursuant

to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases effective as of February 5, 2013  (the "<u>Local Guidelines</u>") and the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the

"<u>UST Guidelines</u>" and, together with the Local Guidelines, the "<u>Guidelines</u>"), that:

1.      I am partner with Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), counsel for Arthur J. Gonzalez, the Court-appointed examiner (the "Examiner") in the Debtors' Chapter 11 cases, and am the professional designated by the applicant, Wolf Haldenstein, for compliance with these Guidelines.

2.      This certification is made in respect of the first interim fee application of Wolf Haldenstein for an allowance of compensation and reimbursement of expenses for the period from October 15, 2012  through and including December 31, 2012 (the "Application") in accordance with the Guidelines.

3.      In respect of the Guidelines, I certify that:

(a)    I have read the Application;

(b)    to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines

(c)    the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Wolf Haldenstein and generally accepted by Wolf Haldenstein's clients; and

(d)    in providing a reimbursable service, Wolf Haldenstein does not make a profit on that service, whether the service is performed by Wolf Haldenstein in-house or through a third party.

4.      I certify that Wolf Haldenstein has complied with the Guidelines that the Examiner has reviewed and approved the Application.

5.      I certify that Wolf Haldenstein has provided to counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") with, on a monthly basis, a statement of Wolf Haldenstein's fees and disbursements accrued during the previous month.

2

6.      In respect of the Guidelines, I certify that the Debtors, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the U.S. Trustee, are each being provided with a copy of the Application at least fourteen (14) days before the hearing on the Application.

7.      To the best of my knowledge, information and belief, with respect to the disbursements for which reimbursement is sought: (i) Wolf Haldenstein does not make a profit on such disbursement; (ii) Wolf Haldenstein does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment or capital layout; and (iii) Wolf Haldenstein requests reimbursement only for the amount billed to Wolf Haldenstein by the third-party vendor and paid by it to such vendor.

8.      With respect to photocopying and facsimile transmission expenses, Wolf Haldenstein's charges do not exceed the maximum rate set by the Guidelines (there is no charge for incoming facsimile transmissions). These charges are intended to cover Wolf Haldenstein's direct operating costs for photocopying and facsimile facilities, which costs are not incorporated into Wolf Haldenstein's hourly billing rates. Only clients who actually use photocopying, facsimile, and other such office services are separately charged for the same. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying, facsimile, and document production facilities and services.

9.      In addition, same day and overnight delivery of documents and other materials are sometimes required as a result of deadlines necessitating the use of such express services. These disbursements are not included in Wolf Haldenstein's overhead for the purpose of setting billing rates.

3

10.     In seeking reimbursement for all services billed by a third party such as outside professional services, Wolf Haldenstein bills its clients at the actual costs incurred.

11.     In providing reimbursable services, Wolf Haldenstein bills at rates which are in accordance with the practices customarily employed by Wolf Haldenstein and generally accepted by its clients. In providing these services, Wolf Haldenstein bills out the charges at rates which are determined by Wolf Haldenstein in good faith to be sufficient only to cover its costs and does not provide a profit from these services.

12.     Wolf Haldenstein has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Examiner.

13.     By this certification Wolf Haldenstein does not waive or release any rights or entitlements it has under the order of this Court entered December 27, 2012, approving, under section 327(a) of title 11, United States Code, Wolf Haldenstein's retention by the Examiner pursuant to Wolf Haldenstein's normal billing rates and customary reimbursement and disbursement practices.

Dated:     New York, New York
           March 6, 2013

                                        _____/s/_____
                                           Eric B. Levine


/711768

4