|  |  |
|---|---|
| Hearing Date: | April 11, 2013 at 10:00 a.m. (ET) |
| Objection Deadline: | March 25, 2013 at 4:00 p.m. (ET) |

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Justin S. Krell

*Special Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                              Chapter 11
                                                                                         Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC a/k/a
RESIDENTIAL CAPITAL CORPORATION, et al.      (Jointly Administered)

                                      Debtors.
-------------------------------------------------------------------x

**FIRST INTERIM APPLICATION OF SILVERMANACAMPORA LLP, SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 25, 2012 THROUGH DECEMBER 31, 2012**

**SUMMARY SHEET PURSUANT TO THE UNITED STATES TRUSTEE GUIDELINES**

| | |
|---|---|
| Name of Applicant: | SilvermanAcampora LLP |
| Role in Case: | Special Counsel to Official Committee of Unsecured Creditors |
| Retainer Paid: | None |
| Application Period: | October 25, 2012 to December 31, 2012 |
| Fees Requested: | $59,525.00 |
| Expenses Requested: | $129.32 |
| Total Amount Requested: | $59,654.32 |

**FEE APPLICATION:**

BPOWERS/1276786.1/062429

| Names of Professionals and Paraprofessionals | Year Admitted | Hours | Rate | Total for Application |
|---|---|---|---|---|
| Anthony C. Acampora, Esq., Partner | 1984 | 1.50 | $595.00 | $892.50 |
| Ronald J. Friedman, Esq., Partner | 1997 | 26.60<br>14.20 | $525.00<br>$550.00 | $13,965.00<br>$7,810.00 |
| Peter Marullo, Esq., Partner | 1987 | 1.00 | $525.00 | $525.00 |
| Justin Krell, Esq., Associate | 2007 | 10.60 | $310.00 | $3,286.00 |
| Brian Powers, Law Clerk | N/A | 121.50 | $150.00 | $17,100.00 |
| Sara Greenberg, Paralegal | N/A | 10.50 | $150.00 | $1575.00 |
| Lynne M. Manzolillo, Paralegal | N/A | 11.40 | $195.00 | $2,223.00 |
| Berlinda Pierre-Louis, Paralegal | N/A | 59.30 | $195.00 | $11,563.50 |
| Christine M. Wittneben, Paralegal | N/A | 3.00 | $195.00 | $585.00 |
| | | | | |
| ATTORNEY TOTALS WITH BLENDED HOURLY RATE | | 53.90 | $491.25 | $26,478.50 |
| ALL TIMEKEEPER TOTALS WITH BLENDED HOURLY RATE | | 259.60 | $229.30 | $59,525.00 |
| **TOTAL FEES REQUESTED TO BE AWARDED** | | | | **$59,525.00** |
| **TOTAL EXPENSES REQUESTED TO BE AWARDED** | | | | **$129.32** |
| **TOTAL FEES AND EXPENSES REQUESTED TO BE AWARDED** | | | | **$59,654.32** |

|  |  |
|---|---|
| Hearing Date: | April 11, 2013 at 10:00 a.m. (ET) |
| Objection Deadline: | March 25, 2013 at 4:00 p.m. (ET) |

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Justin S. Krell

*Special Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In re:                                                                                      Chapter 11
                                                                                                  Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC a/k/a
RESIDENTIAL CAPITAL CORPORATION, et al.        (Jointly Administered)

                                                 Debtors.
----------------------------------------------------------------------x

**FIRST INTERIM APPLICATION OF SILVERMANACAMPORA LLP, SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM OCTOBER 25, 2012 THROUGH DECEMBER 31, 2012**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

SilvermanAcampora LLP ("**Applicant**"), special counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**") in the above-referenced chapter 11 cases, (these "**Chapter 11 Cases**"), respectfully submits its first application for an interim allowance of compensation and reimbursement of expenses (this "**Application**") pursuant to the provisions of sections 330(a) and 331 of Title 11, United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 797] entered in these Chapter 11 Cases (the "**Interim Compensation Order**"), and respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## BACKGROUOND

3. On May 14, 2012 (the "**Petition Date**"), the Debtors filed separate voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Committee by selecting the following nine parties to serve as members of the Committee: (i) Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The Bank of New York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena L. Drennen; (vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association; (viii) Allstate Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

5. On November 16, 2012, Applicant filed an Application of the Official Committee of Unsecured Creditors for Order Authorizing and Approving the Retention of SilvermanAcampora LLP as Special Counsel to the Official Committee of Unsecured Creditors

*Nunc Pro Tunc* to October 25, 2012 [Docket No. 2216] (the "**Retention Application**"). On November 30, 2012, this Court entered the Order Authorizing and Approving the Retention of SilvermanAcampora LLP as Special Counsel to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to October 25, 2012 [Docket No. 2315] (the "**Retention Order**"). Pursuant to the Retention Order, Applicant represents the Committee in connection with issues and matters relating to the Debtors' current and former borrowers (collectively, the "**Borrowers**").

6. The statutory predicate for the relief requested herein is Bankruptcy Code sections 330 and 331, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Bankruptcy Rules.

## APPLICANT'S FEE STATEMENTS

7. Applicant maintains computerized records of the time spent by all of Applicant's attorneys and paraprofessionals in connection with the representation of the Committee. Subject to redaction for attorney-client privilege, Applicant has submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the UST Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.[1]

8. During the Application Period, Applicant provided the Notice Parties with the following Monthly Fee Statements:

- For October 25, 2012 through November 30, 2012 – fees of $45,622.50 and expenses of $22.82 (the "**November Statement**").

- For December 1, 2012 through December 31, 2012 – fees of $13,902.50 and expenses of $106.50 (the "**December Statement**").

9. At the time of this Application, Applicant has not received payments on account of either the November or December Monthly Fee Statement.

---

[1] To date, Applicant has not received any objections to the Monthly Fee Statements.

## SUMMARY OF THE REQUESTED COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

10. This Application covers the period from October 25, 2012 through and including December 31, 2012 (the "**Application Period**") for services rendered on behalf of the Committee, and seeks an allowance of (a) compensation for professional services rendered in the amount of $59,525.00 for 259.60 professional hours devoted to representation of the Committee in these Chapter 11 Cases and (b) reimbursement of all expenses incurred during the Application Period in connection with the rendition of such services in the aggregate amount of $129.32,[2] for a total interim payment of $59,654.32.

11. Applicant is a firm of twenty-six (26) attorneys, concentrating in the practice of, among other areas, bankruptcy and insolvency related matters. In this regard, Applicant has extensive experience in representing creditors' committees, debtors, creditors, and trustees in bankruptcy proceedings before the Bankruptcy Courts in both the Southern and Eastern Districts of New York. As a result of Applicant's extensive experience, Applicant submits that the services it rendered in these Chapter 11 Cases, as set forth below, were efficient, economical and effective.

12. All services for which compensation and reimbursement of expenses are requested by Applicant were performed for, and on behalf of, the Committee. Applicant has annexed to this Application as **Exhibit A**, a printout of the actual time recorded, the services rendered, the date the services were rendered, and the names of the individuals performing the services by Applicant during the Application Period on behalf of the Committee (the "**Time Records**").[3] The Time Records list the services performed by Applicant's members, associates,

---

[2] Applicant's standard practice is to treat certain expenses as having been incurred when such obligations are recorded and reflected as payable in Applicant's accounting system. Accordingly, Applicant reserves its right to seek at a later date reimbursement of expenses incurred during the Current Period that are not included in this Application.

[3] A schedule specifying the categories of fees reflecting all time entries and fees during the Application Period and

legal assistants and paraprofessionals. The Time Records also set forth the dates when such services were rendered, the nature of the services performed and the party who performed the services, the time expended for such services, and the amount billed for such services. The Time Records are created contemporaneously with the rendition of the services and reflect the Applicant's recorded time for the legal services rendered on behalf of the Committee.

13. The billing rate for each of the persons referenced in the Time Records is equal to the billing rate for such persons' time for similar services rendered to clients in connection with bankruptcy and non-bankruptcy matters. Such hourly rates range from $225 to $650 for attorneys and $110 to $195 for paraprofessionals.

14. Allowance of compensation in the amount requested herein would result in a blended hourly billing rate of approximately $229.30 for the Application Period (based on 259.60 recorded hours at Applicant's regular billing rates in effect at the time of performance of such services). Applicant believes that these rates constitute market rates and are equal to or less than the rates charged by professionals with similar experience. No premium or bonus is sought by this Application.

15. There is no agreement or understanding between Applicant and any other person, other than the Firm's partners, for the sharing of compensation to be received for the services rendered in this case.

## COMPLIANCE WITH THE UST GUIDELINES

16. The Application complies with the UST Guidelines as set forth in the Certification of Ronald J. Friedman, annexed hereto as **Exhibit C**.

17. In accordance with the Guidelines, Applicant has divided its time records and

---

the total amount for such category is included with **Exhibit B**. A schedule specifying the categories of expenses for which Applicant is seeking reimbursement and the total amount for each such expense category is included with **Exhibit A**.

expenditures into separate categories.

### PROFESSIONAL SERVICES RENDERED DURING APPLICATION PERIOD

18.     In this Application, Applicant seeks an interim award of (a) compensation for professional services rendered in the amount of $59,525.00 for 259.60 professional hours devoted to its representation of the Committee in these Chapter 11 Cases and (b) reimbursement of all expenses incurred during the Application Period in connection with the rendition of such services in the aggregate amount of $129.32, for a total interim award for compensation and expenses for the Application Period of $59,654.32.  During the Application Period, Applicant represented the Committee by: (i) communicating with Borrowers, regarding specific Borrower concerns in relation to the Debtors' cases, through the creation and operation of a dedicated Borrower inquiry hotline (the "**Borrower Hotline**"); (ii) analyzing the allegations contained in adversary proceedings filed by Borrowers against the Debtors (the "**Borrower Adversary Proceedings**") in connection with facilitating resolutions to the Borrower Adversary Proceedings; and (iii) appearing on behalf of the Committee at several hearings on Borrower Adversary Proceedings and other Borrower-related matters.

19.     The summary that follows does not constitute a complete recitation of all services which were performed by Applicant during the Application Period and serves only to summarize those services of major importance which required Applicant's special attention, efforts, and skill.

**Borrower Hotline**

20.     Since its retention, Applicant has created and operated a dedicated, toll-free hotline for Borrower inquiries related to the Debtors' bankruptcy cases.  The phone number for the Borrower Hotline is prominently published on the website of the Debtors' claims agent, as well as Applicant's website, and has been included in several notices sent to Borrowers.  In

addition, Borrower inquiries to numerous parties related to the Debtors' cases are referred to the Borrower Hotline. During the Application Period, Applicant responded to more than 300 inquiries from Borrowers.

21.     While Applicant did not provide Borrowers with legal advice, Applicant provided Borrowers with information regarding the Debtors' bankruptcy proceedings and other related information. During the Application Period, Borrower inquiries consisted of, among other things, questions regarding the procedure and necessity of filing of a proof of claim in the Debtors cases, concerns relating to the sale of the Debtors' loan portfolios, and requests for clarification regarding general bankruptcy procedures. In addition, Applicant provided Borrowers with contact information for the Debtors' loan hotline in order to facilitate communication regarding specific loans.

**Borrower Adversary Proceedings**

22.     As part of its representation of the Committee, and to assist in the streamlining of the general administration of these Chapter 11 Cases, Applicant has endeavored to communicate with the plaintiffs in the Borrower Adversary Proceedings in order to facilitate amicable resolutions to the Borrower Adversary Proceedings.

23.     During the Application Period, in preparation for its initial communications with Borrowers, Applicant reviewed the pleadings filed in each Borrower Adversary Proceeding. Applicant additionally began communicating with both counsel to the Debtors and counsel to the Committee regarding potential resolutions to the Borrower Adversary Proceedings. During the Application Period, Applicant was only in the beginning stages of its analysis of Borrower Adversary Proceedings and communications with plaintiff Borrowers, and Applicant's efforts relating to the resolution of Borrower Adversary Proceedings are ongoing.

24. In addition, during the Application Period, Applicant attended a hearing on two motions to dismiss filed in Borrower Adversary Proceedings, at which time the Court directed Applicant to intervene in these matters.

## **LEGAL STANDARD**

25. The allowance of interim compensation for services rendered and reimbursement of expenses incurred in bankruptcy cases is provided for in Bankruptcy Code §331:

> [A] debtor's attorney, or any professional person…may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered…as is provided under section 330 of this title.

11 U.S.C. §331.

26. Bankruptcy Code §330 provides that a court may award a professional employed under Bankruptcy Code §327 "reasonable compensation for actual necessary services rendered…and reimbursement for actual, necessary expenses." 11 U.S.C. §330(a)(1). Bankruptcy Code §330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)  the time spent on such services;
> (B)  the rates charged for such services;
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. §330(a)(3). The Congressional intent and policy expressed in Bankruptcy Code §330 is to provide for adequate compensation to continue to attract qualified and competent practitioners to bankruptcy cases.

27.    The "lodestar" method of fee calculation developed by the Third Circuit is the method used to determine a "reasonable" attorney fee in all the federal courts, including the bankruptcy courts in this Circuit. *In re Cena's Fine Furniture, Inc.*, 109 B.R. 575, 581 (E.D.N.Y. 1990)(*citing, Lindy Bros. Builders Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)). *Accord, In re Poseidon Pools of America, Inc.*, 216 B.R. 98, 100 (E.D.N.Y. 1997); *In re Drexel Burnham Lambert Group, Inc.*, 133 B.R. 13, 21-22 (Bankr. S.D.N.Y. 1991).

28.    In determining the reasonableness of the services for which compensation is sought, the Court should note "that the appropriate perspective for determining the necessity of the activity should be prospective: hours for an activity or project should be disallowed only where a Court is convinced it is readily apparent that no reasonable attorney should have undertaken the activity or project or where the time devoted was excessive." *Id.* at 23; *In re Cenargo Int'l PLC*, 294 B.R. 571, 595-96 (Bankr. S.D.N.Y. 2003).

29.    The Applicant is retained in these Chapter 11 Cases pursuant to Bankruptcy Code §327(a), on terms and conditions providing that Applicant shall be compensated in accordance with its normal hourly rates and reimbursed in accordance with its normal reimbursement policies, subject to guidelines established by this Court and the U.S. Trustee. The reasonableness of the terms of Applicant's retention is evident in comparison to the terms of comparable firms practicing in the Southern District of New York.

30. Applicant respectfully submits that the services for which it seeks allowance of compensation are necessary for and beneficial to the Committee's supervision of the Debtors' cases, and that the requested fees and charges are reasonable in light of the intricacies of these Chapter 11 Cases and the nature, extent, and value of Applicant's services and expenses to the Committee, the Debtors' estates, and all parties in interest. Thus, approval of the compensation sought in this Application is warranted.

31. No previous application or motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** Applicant seeks the entry of an order: (i) approving its first interim fee application, and awarding and authorizing an interim payment of $59,654.32, as follows (a) compensation for professional services rendered in the amount of $59,525.00 for 259.60 professional hours devoted to representation of the Committee in these cases and (b) reimbursement of all expenses incurred during the Application Period in connection with the rendition of such services in the aggregate amount of $129.32, for a total interim payment of $59,654.32; and (ii) granting Applicant such further relief as this Court may deem proper.

Dated: Jericho, New York
      March 11, 2013                                 **SILVERMANACAMPORA LLP**

                                              By:   _s/ Ronald J. Friedman_____
                                                     Ronald J. Friedman
                                                     Member of the Firm
                                                     100 Jericho Quadrangle, Suite 300
                                                     Jericho, New York 11753
                                                     (516) 479-6300
                                                     RFriedman@SilvermanAcampora.com

                                                     *Special Counsel for the Official Committee*
                                                     *of Unsecured Creditors of*
                                                     *Residential Capital, LLC, et al*