MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**DEBTORS' OBJECTION TO MOTION FOR PERMISSION TO EXTEND
DEADLINE FOR JULIO SOLANO TO FILE PROOF OF CLAIM**

ny-1078498

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ........................................................................................................................ 1

    A.    Movant has Failed to Demonstrate Excusable Neglect ......................................... 5

        1.    The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant ............................................................. 6

        2.    The Danger of Prejudice to the Debtors ..................................................... 8

        3.    Whether the Movant Acted in Good Faith ............................................... 10

        4.    The Length of Delay and its Potential Impact on Judicial Proceedings ................................................................................................ 10

EXHIBITS:

Exhibit 1 – Excerpt of Bar Date Notice Affidavit of Service

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

In re BGI, Inc.,
   476 B.R. 812 (Bankr. S.D.N.Y. 2012) (Glenn, J.) ................................................................. 5, 9

In re BH S & B Holdings LLC,
   435 B.R. 153 (Bankr. S.D.N.Y. 2010) (Glenn, J.) ................................................................. 6, 7

In re Enron Corp.,
   419 F.3d 115 (2d Cir. 2005) ............................................................................................ 5, 6, 9, 10

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,
   507 U.S. 380 (1993) .......................................................................................................... 5, 6, 10

Solano v. GMAC Mortgage Corp.,
   Case No.: SCV 249801 (Cal. Sup. Ct.) ........................................................................... 2, 4, 11

**STATUTES**

Bankruptcy Code Section 101(5) ..................................................................................................... 7

Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 ............................................ 2

Bankruptcy Code Section 362(d) ..................................................................................................... 4

Bankruptcy Code Section 362(d)b ................................................................................................... 4

Bankruptcy Code Sections 1107(a) and 1108 ................................................................................. 1

**OTHER AUTHORITIES**

Bankruptcy Rule 1015(b) ................................................................................................................ 2

Bankruptcy Rule 3003(c)(2) ............................................................................................................ 7

Bankruptcy Rule 4001 ................................................................................................................. 4, 5

Bankruptcy Rule 4001-1 .............................................................................................................. 4, 5

Bankruptcy Rule 9019 (i) ................................................................................................................ 2

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), including GMAC Mortgage, LLC ("**GMAC Mortgage**") hereby submit this objection (the "**Objection**") to the *Motion for Permission to Extend Deadline for Julio Solano to File Proof of Claim* [Docket No. 2935] (the "**Motion**"). In support hereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. Movant contends that he should be permitted to file a late proof of claim due to his counsel's misunderstanding of the Supplemental Servicing Order (as defined below), despite the clear directions requiring the filing of a proof of claim in the Bar Date Order, the Bar Date Notice (each as defined below), and the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). Counsel's purported misunderstanding or mistake does not constitute excusable neglect. The Motion should be denied.

2. Moreover, even if the Court concludes that counsel's misreading of the Supplemental Servicing Order does constitute excusable neglect, the Court should exercise its discretion to deny the Motion. A ruling that a party's misunderstanding of the Supplemental Servicing Order constitutes excusable neglect would potentially open the door for any party to litigation against the Debtors that is subject to the Supplemental Servicing Order to seek similar relief from the Bar Date Order (as defined below) on similar grounds.

## BACKGROUND

3. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 20, 2012, the Court directed

ny-1078498

that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

4. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors.

5. The Debtors were formerly a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. Prior to the closing of the Debtors' court-approved asset sales, the Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

6. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (i) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (ii) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (iii) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (iv) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**"). Neither the motion seeking entry of [Docket No. 181], nor the Supplemental Servicing Order, addresses in any manner the proof of claim process.

ny-1078498

7. On August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**"), establishing November 9, 2012 as the general claims bar date (the "**Bar Date**"). The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

8. Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "**Bar Date Notice**"). The Bar Date Notice states that, subject to certain exceptions not applicable here "You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date . . . even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date." Bar Date Notice ¶ 1. The Bar Date Notice further states:

> **ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

Bar Date Notice ¶ 6.

9. Although served with the Bar Date Notice[1], Movant did not file a proof of claim prior to the Bar Date.

---

[1] Movant was served with the Bar Date Notice through his counsel, Richard Sax. See *Affidavit of Service* [Docket No. 1412], Exhibit I at 5663. An excerpt of the Affidavit of Service of the Bar Date Notice is attached hereto as Exhibit 1.

10. On January 10, 2013, Movant filed his *Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation* [Docket No. 2604] (the "**Solano MFR**"). The Solano MFR seeks relief from the automatic stay to pursue claims against GMAC Mortgage in a state court lawsuit captioned *Solano v. GMAC Mortgage Corp.,* Case No.: SCV 249801 (Cal. Sup. Ct.) (the "**Action**"). In the Action, Movant seeks damages and to set aside a February 15, 2011 trustee sale conducted by ETS. Solano MFR at 5. Movant asserts that he is entitled to relief from the automatic stay to permit him to proceed with both legal and equitable claims against the Debtors. See, generally, Solano MFR.

11. On January 31, 2013, the Debtors filed the *Notice of Adjournment of Hearing on Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation* [Docket No. 2774], adjourning the hearing on the Solano MFR, on consent, to March 5, 2013 to allow the parties to explore a potential consensual resolution of the dispute.

12. On February 15, 2013, without any further attempts to discuss a consensual resolution of the Solano MFR, Movant filed the Motion. On February 15, 2013, Movant also filed an adversary proceeding (the "**Adversary Proceeding**") seeking to determine the dischargeability of any award Movant may be entitled to in connection with the Action. The Adversary Proceeding is docketed at Adv. Proc. 13-01255.

13. On February 20, 2013, the Debtors filed the *Notice of Adjournment of Hearing on Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the*

4

ny-1078498

*Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation to March 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)* [Docket No. 2974].

### A.     Movant has Failed to Demonstrate Excusable Neglect

14.     The Supreme Court considered the test for determining whether a creditor may be permitted to file a late proof of claim in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993).  In <u>Pioneer</u>, the Court explained that Congress, in empowering "the courts to accept late filings 'where the failure to act was the result of excusable neglect,' plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control."  <u>Id.</u> at 388.  The Court explained that "the determination [regarding whether a failure to act constitutes excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (i) "the reason for the delay, including whether it was within the reasonable control of the movant," (ii) "the danger of prejudice to the debtor," (iii) "whether the movant acted in good faith." and (iv) "the length of delay and its potential impact on judicial proceedings."  <u>Id.</u> at 395.

15.     The Court, however, declined to consider a fifth factor considered by the circuit court – whether the creditor should be penalized for the omissions of counsel.  <u>Id.</u> at 396. In this regard, the Court explained that in other contexts, a client may be prejudiced by the failure of chosen counsel to act or preserve important rights, and failure to file a proof of claim by the bar date should be no different.  <u>See</u> <u>Id.</u>

16.     The Second Circuit takes a "hard line" approach in applying the <u>Pioneer</u> test. <u>In re Enron Corp.</u>, 419 F.3d 115, 122 (2d Cir. 2005); <u>see also</u> <u>In re BGI, Inc.</u>, 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (Glenn, J.).  The Second Circuit has observed that three of the

5

Pioneer factors typically will weigh in favor of the movant – the length of the delay, the danger of prejudice, and the movant's good faith. Id. at 122; see also In re BH S & B Holdings LLC, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (Glenn, J.). As a result, the Second Circuit has focused on the final factor, "the reason for the delay, including whether it was within the reasonable control of the movant." Id. at 123 (internal quotations omitted). Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Id. at 123 (internal quotations omitted). Instead, "[O]nly in unusual instances would inadvertence, ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." In re BH S & B Holdings LLC, 435 B.R. at 168 (quoting In re Nw. Airlines Corp., 2007 WL 498285, *3 Bankr. S.D.N.Y. Feb. 9, 2007) (internal quotations omitted).

17. Here, Mr. Solano has failed to meet his burden of showing excusable neglect. See In re BH S & B Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on the movant). Failure by counsel to understand an unambiguous Court order or heed the clear warnings of the Bar Date Notice does not qualify as excusable neglect under Second Circuit law.

   **1. The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant**

18. Movant contends that counsel's misunderstanding of the Supplemental Servicing Order constitutes excusable neglect. Motion at 12. As the Second Circuit has explained, "where [a court] rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." In re Enron Corp., 419 F.3d at 123. The Bankruptcy Rules, the Bar Date Order, and Bar Date Notice are clear and,

6

ny-1078498

accordingly, the Motion should be denied. See In re BH S & B Holdings LLC, 435 B.R. at 169 (refusing late filed proof of claim by tax authorities who had provided no "reason for the delay other than the fact that they did not believe that they were required to file a proof of claim under the rules" and they were waiting for completion of the tax rolls).

19. Bankruptcy Rule 3003(c)(2) states "Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, continent, or unliquidated shall file a proof of claim or interest within the time prescribed . . ." and "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purpose of voting and distribution." Mr. Solano was identified on GMAC Mortgage's schedules of assets and liabilities as a creditor holding a contingent, unliquidated, and disputed claim and was, therefore, required to file a proof of claim prior to the Bar Date.[2] Moreover, the Bar Date Notice explains that all creditors "**MUST** file a proof of claim to . . . share in distributions from the Debtors' bankruptcy estates" or "**BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, [OR] THEIR CHAPTER 11 ESTATES.**" Bar Date Notice ¶¶ 1 & 6. Finally, the Bar Date Order states that "except as otherwise provided herein, all persons . . . that assert a claim, as defined in section 101(5) of the Bankruptcy Code, against any Debtor that arose prior to the filing of the Debtors' Chapter 11 petitions on May 14, 2012 . . . shall file a proof of such claim in writing so that it is actually received at the ResCap Claims Processing Center or by the U.S. Bankruptcy Court on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time**) . . . .**" Bar Date Order at ¶ 2.

---

[2] See *Amended Schedules of Assets and Liabilities for GMAC Mortgage, LLC* (Case No. 12-12032) [Docket No. 685], Schedule F-3 at 129.

20.     Here, Movant's counsel admits that his offices "reviewed the [Supplemental Servicing] Order dated July 13, 2013" and that he "considered filing a Proof of Claim but did not think it was required since the July 13, 2013 [Supplemental Servicing] Order provided for relief from the automatic stay." *Declaration of Richard Sax in Support of Motion for Permission to Extend Deadline for Julio Solano to File Proof of Claim* [Docket No. 2936] ("**Sax Decl.**") ¶¶ 4 & 6. Yet counsel apparently failed to heed the clear mandate of the Bankruptcy Rules, the Bar Date Order, and the Bar Date Notice and for this reason, alone, the Motion should be denied.

21.     Nor may Movant rely on counsel's purported misunderstanding of the Supplemental Servicing Order. Movant's argument is based on the fundamentally flawed premise that litigants need not file a Proof of Claim if the Supplemental Servicing Order provides them with relief from the automatic stay to continue their actions in non-bankruptcy forums. See Sax Decl. ¶ 6. However, Movant cites to no provision in the Bankruptcy Code and no case to suggest that a litigant who receives relief from the automatic stay to liquidate a prepetition claim is absolved from its responsibility to file a proof of claim.

22.     Additionally, the Supplemental Servicing Order simply does not address the proof of claim process or related procedures. And the Supplemental Servicing Order does not absolve parties from the requirement of filing proofs of claim. Those requirements are clearly addressed in the Bar Date Order, of which Movant's counsel received notice.[3]

---

[3] Movant's argument that counsel believed that the there was no need to file a proof of claim because of the settlement authority granted in the Supplemental Servicing Order, likewise, is misguided. The settlement authority granted in the Supplemental Servicing Order is entirely within the Debtors' discretion and offers no assurance that any claim would in fact be settled.

8

ny-1078498

### 2. The Danger of Prejudice to the Debtors

23. Although the size of Movant's purported claim is relatively small in comparison to the billions of dollars in claims filed in the Debtors' chapter 11 cases, the Debtors submit that they would be prejudiced if the Court grants the relief requested by Movant on the bases set forth in the Motion. In particular, granting leave to file a proof of claim based on counsel's failure to comprehend fully the impact of the Supplemental Servicing Order and Bar Date Order would negate the goal of finality that claims' bar dates are intended to instill. See In re Enron Corp., 419 F.3d at 123, 128. Instead, granting the Motion on this basis would open the door to a late filed claim by any entity with prepetition litigation against the Debtors, where the litigation was affected by the Supplemental Servicing Order. On this basis as well, the Motion should be denied. See In re Enron Corp., 419 F.3d at 131-32 (affirming bankruptcy court's denial of late filed proof of claim and noting that permitting the first claim could invite late claims from many other potential claimants with similar claims).

24. The Debtors concern that granting the Motion could open the floodgates to other similar requests is not unfounded. As this Court is aware, the Debtors are involved in thousands of lawsuits involving many active *pro se* and represented litigants. See, e.g., *Declaration of Lauren Graham Delehey, In-House Litigation Counsel at Residential Capital, LLC, in Support of Debtors' Objection to Plaintiffs' Motion to Lift Stay filed by Richard D. Rode [Docket Nos. 2153, 2154, and 2157]* [Docket No. 2682], Exhibit 1, ¶ 3 (describing pending litigation involving the Debtors, as of January 21, 2013, including "tens of thousands of foreclosure actions and borrower bankruptcies").

25. Similarly, creating uncertainty regarding the ability of other borrowers to file late proofs of claim could impede the Debtors' already difficult task of formulating a chapter 11 plan. The Debtors' ability to efficiently move forward with the process of negotiating,

9

ny-1078498

proposing, and confirming a plan is predicated, in part, on a claims pool with an identifiable size limitation. For this reason as well, the Court should not open the door to untimely proofs of claim. See In re BGI, Inc., 476 B.R. at 824 (factors to consider in assessing the danger of prejudice include "the disruptive effect permitting the late claim would have on plan formation." (internal citations and quotations omitted)).

### 3. Whether the Movant Acted in Good Faith

26. The Debtors do not contend that Movant has acted other than in good faith and, therefore, concede that this factor weighs in Movant's favor.

### 4. The Length of Delay and its Potential Impact on Judicial Proceedings

27. Although the delay between the Bar Date and the Motion was only about ninety days, the Debtors note that Movant was apparently only prompted to seek to file a late proof of claim when the Debtors reached out to counsel ahead of filing an objection to the Solano MFR, and informed counsel of the issue. See Sax Decl. ¶ 6. Rather than pursue further discussions, Movant filed the Motion without any further contact with the Debtors. Thus, although the Debtors do not contend that the delay was unduly long in absolute terms, the Debtors submit that as a result of the reason for the delay and the circumstances surrounding the delay, this Pioneer factor is at best neutral to the Movant. See In re Enron Corp., 419 F.3d at 128 (length of the delay "must be considered in the context of the proceeding as a whole" and, in some instances, courts have rejected claims filed just one day late) (citing In re Kmart Corp., 381 F.3d 709, 714-15 (7th Cir. 2004), cert. denied sub nom. Simmons v. Kmart Corp., 543 U.S. 1056 (2005)).

10

ny-1078498

WHEREFORE, the Debtors respectfully submit that the Motion should be denied and Movant be barred from asserting any monetary claims against the estates.  The Debtors remain willing to stipulate to limited relief from the automatic stay to permit Movant to proceed in the Action solely with his claims seeking to set aside the trustee's sale and cancel the trustee's deed upon sale, but will not consent to continuation of those claims to the extent that they seek monetary damages.

New York, New York
Dated: March 14, 2013

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*