# Weil, Gotshal & Manges LLP

BY HAND AND ELECTRONIC MAIL

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

Gary T. Holtzer

March 13, 2013

In re:  Residential Capital, LLC, et al.

To the Honorable Martin Glenn,

We are counsel to Syncora Guarantee Inc. ("Syncora"), and we write to apprise the Court of the status of Syncora's limited objections to the above-named Debtors' sale of their mortgage servicing platform to Ocwen Loan Servicing, LLC ("Ocwen"), given the pendency of similar outstanding sale objections.

On September 28, 2012 and October 29, 2012, we filed limited objections to the sale on Syncora's behalf [Docket Nos. 1657, 1996]. Syncora's objections were not decided because the Debtors removed from the sale the contracts that were the subject of Syncora's objections (the "Syncora-Related Servicing Agreements"). The order approving the platform sale expressly preserved Syncora's objections [Docket No. 2246 at ¶ 61]. Similar objections by Ambac Assurance Corporation ("Ambac") and Financial Guaranty Insurance Company ("FGIC") were also reserved and deferred. On March 4-5, 2013, the Debtors, Ambac and the Official Committee of Unsecured Creditors in these cases filed pleadings defining some of the issues to be determined by the Court in deciding Ambac's objection, which is scheduled to be heard on March 28, 2013 [Docket Nos. 3094, 3098, 3099].

While the Syncora-Related Servicing Agreements have been removed from the platform sale, the Debtors have reserved the right to ask the Court to hear Syncora's objections at a future date and to include the Syncora-Related Servicing Agreements in the platform sale pursuant to the terms of the existing sale order. We previously raised with the Court and the Debtors our concern that Syncora's interests may be prejudiced if the Court rules on objections that raise the same questions raised in Syncora's objections, without hearing Syncora. We write here to ensure that the Court is aware that Syncora's objections remain outstanding and that the Court may be asked to make future determinations on those objections, including determinations interpreting the effect of the platform sale order on Ocwen's future performance obligations. Accordingly, Syncora respectfully requests permission to be heard at the hearings on Ambac's and FGIC's objections, including to reserve future litigation rights, address how any requested ruling might affect a determination of the Syncora objections and advocate regarding the proper legal standards applicable to assumption and assignment of executory contracts in



RECEIVED MAR 14 2013 U.S. BANKRUPTCY COURT, SDNY

US_ACTIVE:\44211555\3\73317.0005

To The Honorable Martin Glenn  
March 13, 2013  
Page 2

**Weil, Gotshal & Manges LLP**

bankruptcy cases. The concerns expressed here could also be resolved by a stipulation on the record from the Debtors that the Syncora-Related Servicing Agreements will not be subjected to any of the terms of the platform sale order without Syncora's consent. Syncora has contacted the Debtors and requested the Debtors' agreement to such a stipulation, but the Debtors have declined this request.

Very truly yours,

*[signature]*

Gary T. Holtzer

cc:    Alexandra Steinberg Barrage (by email)  
       Todd M. Goren, Esq. (by email)

---

*The Court will determine during any hearing on the Ambac and FGIC objections whether to permit Syncora's counsel to be heard as well.*

*MEMORANDUM ENDORSED.*

*SO ORDERED:*

*March 14, 2013*

/s/Martin Glenn  
UNITED STATES BANKRUPTCY JUDGE