**Hearing Date: April 11, 2013 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: March 25, 2013 at 4:00 p.m. (Eastern Time)**

SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Duane M. Geck (Admitted *Pro Hac Vice*)
dmg@severson.com
Donald H. Cram (Admitted *Pro Hac Vice*)
dhc@severson.com

*Special California Litigation Counsel to the*
*Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUMMARY OF SECOND INTERIM APPLICATION OF SEVERSON & WERSON, P.C.
AS SPECIAL CALIFORNIA LITIGATION COUNSEL FOR DEBTORS FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
TIME PERIOD BETWEEN SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012
AND FOR REIMBURSEMENT OF EXPENSES INCURRED FOR THE TIME PERIOD
BETWEEN  MAY 15, 2012 THROUGH AUGUST 31, 2012**

This is a(n):      ___ monthly      _X_ interim      ___ final application.


Name of Applicant:                            Severson & Werson, P.C. ("**Applicant**")

Authorized to Provide Professional           Residential Capital, LLC, *et al*. (collectively,
Services to:                                  the "**Debtors**")

Date of Retention:                            Order entered on July 25, 2012 retaining
                                              Applicant *nunc pro tunc* to May 14, 2012

Period for which Compensation and            September 1, 2012 through December 31, 2012
Reimbursement is sought:                      (the "**Second Application Period**")

Period for which additional Reimbursement is May 15, 2012 through December 31, 2012
sought:                                       (the "**First Application Period**")

Amount of Compensation Sought as             $1,144,734.04
Actual, Reasonable and Necessary:

Amount of Expense Reimbursement              $218,413.27 (representing $101,798.87 for the
Sought as Actual, Reasonable and             First Application Period and $116,614.40 for
Necessary:                                    the Second Application Period)

19000.9997/2587992.1

**Summary of Monthly Applications for Second Application Period:**

| Date Served | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 10/25/12 | 09/01/12 – 09/30/12 | $223,715.25 | $27,557.87 | $180,332.28 | $26,337.94 | $44,743.05 |
| 11/19/12 | 10/01/12 – 10/31/12 | $406,380.17 | $33,134.16 | $321,276.12 | $32,342.35 | $81,276.03 |
| 12/20/12 | 11/01/12 – 11/30/12 | $254,771.37 | $24,148.50 | $178,263.99 | $21,641.57 | $50,954.27 |
| 01/31/13 | 12/01/12 – 12/31/12 | $259,867.25 | $35,291.77 | $102,193.38 | $12,237.60 | $51,973.45 |
| **TOTAL** | 09/1/12 – 12/31/12 | $1,144,734.04 | $120,132.30[1] | $782,065.77 | $92,559.46 | $228,946.80 |

---

[1]   This was the total expenses set forth in the Monthly Statements during the Second Application Period.  Applicant is seeking reimbursement for expenses totaling $116,614.40 as set forth in Exhibit D.

**Summary of Previous Interim Applications:**

| Interim Application | Application Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | Fees and Expenses Awarded by the Court | Fees Remaining Unpaid | Expenses Remaining Unpaid |
|---|---|---|---|---|---|---|---|---|
| First | 05/15/12 – 08/31/12 | $1,242,804.45 | $124,486.44 | $994,037.57 | $0 | $994,037.57 | $248,766.88 | $101,798.87[2] |

**Summary of Monthly Expenses Requested for First Application Period:**

| Date Served | Compensation Period | Requested Expenses | Expenses Paid |
|---|---|---|---|
| 08/10/12 | 05/15/12 – 06/30/12 | $59,430.36 | $0 |
| 09/05/12 | 07/01/12 – 07/31/12 | $27,897.88 | $0 |
| 09/27/12 | 08/01/12 – 08/31/12 | $37,158.20 | $0 |
| **TOTAL** | 05/15/12 – 08/31/12 | $124,486.44[3] | $0 |

---

[2]    This represents the expense amount for which Applicant seeks reimbursement for the First Application Period.

[3]    This was the total expenses set forth in the Monthly Statements during the First Application Period.  Applicant is seeking reimbursement for expenses totaling $101,798.87 as set forth in Exhibit E.

SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Duane M. Geck (Admitted *Pro Hac Vice*)
dmg@severson.com
Donald H. Cram (Admitted *Pro Hac Vice*)
dhc@severson.com

*Special California Litigation Counsel to the
Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al.,, | Chapter 11 |
| Debtors. | Jointly Administered |

**SECOND INTERIM APPLICATION OF SEVERSON & WERSON, P.C. AS SPECIAL
CALIFORNIA LITIGATION COUNSEL FOR DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE TIME PERIOD
BETWEEN SEPTEMBER 1, 2012 AND DECEMBER 31, 2012 AND FOR
REIMBURSEMENT OF EXPENSES INCURRED FOR THE TIME PERIOD BETWEEN
<u>MAY 15, 2012 THROUGH AUGUST 31, 2012</u>**

For its second interim application for compensation and reimbursement of

expenses (the "**Second Application**") for the period September 1, 2012 through December 31,

2012 (the "**Second Application Period**") and for reimbursement of expenses incurred for the

time period between May 15, 2012 through August 31, 2012 (the "**First Application Period**"),

Severson & Werson, P.C. ("**Applicant**"), Special California Litigation Counsel to Residential

Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**"),

respectfully represents as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this Second Application pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Second Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). This Second Application has been prepared in accordance with General Order M-447, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, entered January 29, 2013 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective January 30, 1996  (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").  Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

## BACKGROUND

### A.      The Chapter 11 Cases

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

4.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

**B.      Applicant's Retention and Interim Compensation**

6.      On July 25, 2012, the Court entered the *Order Under Section 327(c) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Severson & Werson PC as Special California Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* [Docket No. 905], approving Applicant's retention.

7.      On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 797].  Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to file and submit monthly fee applications to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice Parties**").

8.      On October 17, 2012, Applicant filed its *First Interim Fee Application of Severson & Werson, P.C. as Special California Litigation Counsel for Debtors for Compensation and Reimbursement of Expenses Incurred for the Time Period May 15, 2012 through August 31, 2012* (the "**First Interim Fee Application**") [Docket No. 1850].

9.      On December 28, 2012, the Court entered the *Order Granting Applications for Allowance of Interim Compensation and Reimbursement of Expenses* (the "**Order Granting First Interim Fee Application**") [Docket No. 2530].

10.     Under the terms of the Order Granting First Interim Fee Application, the Court allowed the interim compensation requested in the First Interim Fee Application in the total amount of $1,242,804.45.  However, the Court deferred ruling on the interim expenses requested in the amount of $124,486.44 to the hearing on this Second Application. Pursuant to the terms of the Order Granting First Interim Fee Application, Applicant has been paid $994,037.57 representing the interim compensation allowed, less 10% holdback, less the expenses sought in the First Interim Fee Application.

11.     On October 25, 2012, Applicant served its fourth monthly fee application covering the period from September 1, 2012 through September 30, 2012 (the "**Fourth Monthly Fee Application**") on the Notice Parties.  On November 19, 2012, Applicant served its fifth monthly fee application covering the period from October 1, 2012 through October 31, 2012 (the "**Fifth Monthly Fee Application**") on the Notice Parties.  On December 20, 2012, Applicant served its sixth monthly fee application covering the period from November 1, 2012 through November 30, 2012 (the "**Sixth Monthly Fee Application**") on the Notice Parties.  On January 31, 2013, Applicant served its seventh monthly fee application covering the period from December 1, 2012 through December 31, 2012 (the "**Seventh Monthly Fee Application**" and together with the Fourth Monthly Fee Application, the Fifth Monthly Fee Application and the Sixth Monthly Fee Application, the "**Monthly Fee Applications**") on the Notice Parties. Applicant did not receive any objections to the Monthly Fee Applications.

12.     For the convenience of this Court and all parties in interest, attached hereto as

Exhibit B is a schedule of the total amount of fees incurred under each of Applicant's internal

task codes during the Second Application Period.

13.     The total payments authorized by the terms of the Interim Compensation Order as

of the date hereof are equal to: (i) 80% of requested compensation from the Monthly Fee

Applications ($915,787.23) and (ii) 100% of requested expenses ($116,614.40) from the

Monthly Fee Applications.  To date, the Applicant has received payments totaling $874,625.23,

representing $782,065.77 in fees and $92,559.46 in expenses for the Second Application Period.

14.     Applicant maintains computerized records of the time expended in the rendering

of the professional services required by the Committee.  These records are maintained in the

ordinary course of Applicant's practice.  For the convenience of this Court and all parties in

interest, attached hereto as Exhibit C is a billing summary for the Second Application Period,

setting forth the name of each attorney and paraprofessional who rendered services during the

Second Application Period, each attorney's year of bar admission and area of practice

concentration, the aggregate time expended by each attorney and each paraprofessional, the

hourly billing rate for each attorney and each paraprofessional at Applicant's current billing

rates, and the individual amounts requested for each professional.  The compensation requested

by Applicant is based on the customary compensation charged by comparably skilled

practitioners in other similar cases.

15.     Applicant also maintains computerized records of all expenses incurred in

connection with the performance of professional services.  A summary of the amounts and

categories of expenses for which reimbursement is sought for the Second Application Period is

attached hereto as <u>Exhibit D</u>.[1]  A summary of the amounts and categories of expenses for which

reimbursement is sought for the First Application Period is attached hereto as <u>Exhibit E</u>.[2]

      16.     Copies of Applicant's computerized records of fees and expenses in the format

specified by the Guidelines have been served on the Notice Parties with each of the Monthly Fee

Applications and are attached hereto as <u>Exhibit F</u>.[3]

      17.     There is no agreement or understanding between Applicant and any other person,

other than members of the firm, for the sharing of compensation to be received for services

rendered to the Debtors.

      18.     The Monthly Fee Applications submitted by Applicant are subject to a 20%

holdback (as is customary in this District) imposed by the Court on the allowance of fees.  The

aggregate amount of Applicant's holdback during the Second Application Period is $228,946.81.

Applicant respectfully requests, in connection with the relief requested herein, that the Court

allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the

Bankruptcy Code and authorize the Debtors to satisfy such amounts.

**DESCRIPTION OF SERVICES AND
EXPENSES AND RELIEF REQUESTED**

      19.     In general, Applicant has represented the Debtors in connection with litigation in

California where Applicant:

---

[1]     A spreadsheet of all expenses requested for the Second Application Period, categorized by invoice number, is also part of Exhibit D.

[2]     A spreadsheet of all expenses requested for the First Application Period, categorized by invoice number, is also part of Exhibit E.

[3]     On average, Applicant performed services on behalf of one or more of the Debtor entities with respect to 198 different litigation matters in California for each Monthly Fee Application period.  Thus, approximately 198 invoices were attached to each Monthly Fee Application (total 792 invoices for the four month period).

(a)      defended claims brought in California by individual borrowers pertaining to consumer lending issues, including, but not limited to, allegations of wrongful foreclosure, irregularities in the foreclosure process, violation of applicable statutes related to pre-foreclosure requirements, breach of alleged oral modification, breach of promises to forebear from foreclosing, quiet title and partition actions, unfair business practices act claims and other mortgage lending issues;

(b)      defended class action claims regarding alleging improprieties with loan origination and/or servicing;

(c)      defended mass tort actions and qui tam actions raising document recording issues and relating to the utilization of Mortgage Electronic Registration Systems services;

(d)      defended claims objections, contested relief from stay motions and adversary proceedings related to consumer lending issues brought by individual borrowers in their respective bankruptcy cases pending in California; and

20.      To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Debtors during the Second Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the litigation matters it defended in California.  The following is a summary of the most significant professional services rendered by Applicant on behalf of one or more of the Debtor entities with respect to numerous litigation matters in California during the Second Application Period organized in accordance with Applicant's internal system of task codes:[4]

(a)      Fact Investigation/Development – Task Code L110.

**Fees:  $54,998.00; Total Hours:  286.7**

---

[4]      On average, Applicant performed services on behalf of one or more of the Debtor entities with respect to 198 different litigation matters in California for each Monthly Fee Application period.

(b)    Analysis/Strategy – Task Code L120.

**Fees:  $194,909.25; Total Hours:  677.0**

(c)    Document/File Management – Task Code L140.

**Fees:  $6,209.47; Total Hours:  26.1**

(d)    Settlement/Non-Binding ADR – Task Code L160.

**Fees:  $79,108.60; Total Hours:  275.6**

(e)    Other Case Assessment – Task Code L190.

**Fees:  $131,676.12; Total Hours:  552.4**

(f)    Pleadings – Task Code L210.

**Fees:  $242,982.45; Total Hours:  943.3**

(g)    Preliminary Injunctions – Task Code L220.

**Fees:  $35,120.50; Total Hours:  119.4**

(h)    Court Mandated Conferences – Task Code L230.

**Fees:  $59,517.00; Total Hours:  236.90**

(i)    Dispositive Motions – Task Code L240.

**Fees:  $121,755.90; Total Hours:  460.6**

(j)    Other Written Motions – Task Code L250.

**Fees:  $55,723.00; Total Hours:  197.5**

(k)      Written Discovery – Task Code L310.

**Fees:  \$33,114.85; Total Hours:  127.1**

(l)      Document Production – Task Code L320.

**Fees:  \$1,097.55; Total Hours:  4.2**

(m)      Depositions – Task Code L330.

**Fees:  \$9,837.10; Total Hours:  45.9**

(n)      Discovery Motions – Task Code L350.

**Fees:  \$4,131.90; Total Hours:  14.6**

(o)      Other Discovery – Task Code L390.

**Fees:  \$446.40; Total Hours:  1.6**

(p)      Written Motions/Submission – Task Code L430.

**Fees:  \$51,259.05; Total Hours:  172.4**

(q)      Other Trial Preparation – Task Code L440.

**Fees:  \$333.45; Total Hours:  1.3**

(r)      Trial and Hearing Attendance – Task Code L450.

**Fees:  \$19,002.80; Total Hours:  78.5**

(s)      Post-Trial Motions and Submissions – Task Code L460.

**Fees:  \$5,766.15; Total Hours:  32.5**

(t)      Appellate Motions and Submissions – Task Code L510.

**Fees:  $15,030.00; Total Hours:  62.6**

(u)     Appellate Briefs – Task Code L520.

**Fees:  $19,827.45; Total Hours:  72.5**

(v)     Oral Argument – Task Code L530.

**Fees:  $2,267.55; Total Hours:  9.3**

21.     The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the various California litigation matters for which Applicant performed services on behalf of one or more of the Debtor entities during the Second Application Period.  Applicant's time records which have been served on the Notice Parties and are attached hereto as Exhibit F present more completely the work performed by Applicant in each billing category during the Second Application Period.

## CONCLUSION

22.     Applicant believes that the services rendered during the Second Application Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330.  Further, the expenses requested for both the First Application Period and the Second Application Period were actual and necessary to the performance of Applicant's services.

23.     Applicant therefore requests an order (i) approving interim compensation in the amount of $1,144,734.04, interim reimbursement of expenses for the Second Application Period in the amount of $116614.40, and interim reimbursement of expenses in the amount of

$101,798.87 for the First Application Period,[5] (ii) directing payment of all compensation held

back in connection with the Monthly Fee Applications, and (iii) granting such other and further

relief as may be just and proper.

DATED: March 14, 2013    SEVERSON & WERSON
          A Professional Corporation


By: /s/ Donald H. Cram
   Donald H. Cram
   *Special California Litigation Counsel for*
   *Residential Capital, LLC, et al.*

---

[5] The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.