Hearing Date:    April 11, 2013 at 10:00 a.m. (ET)
Objection Deadline:    March 25, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------ ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ------------------------------------------------ ) | | |

**COVERSHEET FOR SECOND INTERIM APPLICATION OF
MORRISON & FOERSTER LLP AS BANKRUPTCY
COUNSEL FOR THE DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
<u>SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012</u>**

This is a(n):    ___  monthly    _x_  interim    ___  final application.

| | |
|---|---|
| Name of Applicant: | Morrison & Foerster LLP ("**Applicant**") |
| Authorized to Provide Professional Services to: | Residential Capital, LLC, *et al*. (collectively, the "**Debtors**") |
| Date of Retention: | Order entered on July 16, 2012 retaining Applicant *nunc pro tunc* to May 14, 2012 |
| Period for which Compensation and Reimbursement is sought: | September 1, 2012 through December 31, 2012 (the "**Application Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $20,712,177.25 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $418,544.90 |

ii

## Summary of Monthly Applications for Application Period:

| Date Submitted | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 11/28/12 | 9/1/12 – 9/30/12 | $4,031,814.75[1] | $59,392.99[2] | $3,228,325.00 | $59,576.99 | $803,305.50[3] |
| 12/3/12 | 10/1/12- 10/31/12 | $5,485,604.75[4] | $44,219.18[5] | $4,391,253.20 | $46,716.68 | $1,091,854.05[6] |
| 3/1/13 | 11/1/12- 11/30/12 | $6,213,778.75 | $260,621.67 | $0[7] | $0[8] | $1,242,755.75 |
| 3/7/13 | 12/1/12- 12/31/12 | $4,980,979.00 | $54,311.06 | $0[9] | $0[10] | $996,195.80 |
| **TOTAL** | | **$20,712,177.25** | **$418,544.90** | **$7,619,578.20[11]** | **$106,293.67[12]** | **$4,134,111.10** |

---

[1]   Applicant has reduced the amount of fees originally requested in this monthly fee statement (the "**September Invoice**") by $3,591.50 (i.e., the remaining 50% of $7,183.00 in relevant fees) in connection with time incurred for non-working travel within New York City, which amounts will be credited against the holdback.

[2]   Applicant has reduced the amount of expenses originally requested in the September Invoice by $184.00 in order to ensure compliance with the Guidelines (defined below), which amounts will be credited against the holdback.

[3]   The holdback has been reduced from $807,081.25 on account of a reduction of $3,591.50 in fees and $184.00 in expenses for which the Debtors have already received payment.

[4]   Applicant has reduced the amount of fees originally requested in this monthly fee statement (the "**October Invoice**") by $3,461.75 (i.e., the remaining 50% of $6,923.50 in relevant fees) in connection with time incurred for non-working travel within New York City, which amounts will be credited against the holdback.

[5]   Applicant has reduced the amount of expenses originally requested in the October Invoice by $2,497.50 in order to ensure compliance with the Guidelines.

[6]   The holdback has been reduced from $1,097,813.30 on account of a reduction of $3,461.75 in fees and $2,497.50 in expenses for which the Debtors have already received payment.

[7]   The objection period for this monthly fee statement (the "**November Invoice**") expires on March 21, 2013.

[8]   The objection period for the November Invoice expires on March 21, 2013.

[9]   The objection period for this monthly fee statement (the "**December Invoice**") expires on March 27, 2013.

[10]   The objection period for the December Invoice expires on March 27, 2013.

[11]   In the event that no objections to the November Invoice and December Invoice are timely served, Applicant will request, and expects to receive prior to the hearing on this Application, payment of 80% of fees for the applicable compensation periods, which will bring the total fees paid for the Application Period to $16,575,384.40.

[12]   In the event that no objections to the November Invoice and December Invoice are timely served, Applicant will request, and expects to receive prior to the hearing on this Application, payment of 100% of expenses for the applicable compensation periods, which will bring the total expenses paid for the Application Period to $421,226.40.

**Summary of Previous Interim Applications:**

| Date and Docket Number of Application | Period Covered by Application | Date of Order on Application | Interim Fees Requested | Interim Fees Allowed | Interim Fees Paid | Interim Expenses Requested | Interim Expenses Allowed | Interim Expenses Paid |
|---|---|---|---|---|---|---|---|---|
| 10/11/12 (Dkt. No. 1885) | 5/14/12-8/31/12 | 12/28/12 (Dkt. No. 2530) | $14,667,747.50 | $14,273,523.50 | $12,834,991.15 | $598,549.72 | $587,369.72 | $587,369.72 |
| **TOTAL** | | | **$14,667,747.50** | **$14,273,523.50** | **$12,834,991.15** | **$598,549.72** | **$587,369.72** | **$587,369.72** |

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------- ) | | |
| In re: ) | | Case No. 12-12020 (MG) |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | | Chapter 11 |
| ) | | |
| Debtors. ) | | Jointly Administered |
| ------------------------------------------------- ) | | |

**SECOND INTERIM APPLICATION OF**
**MORRISON & FOERSTER LLP AS BANKRUPTCY**
**COUNSEL FOR THE DEBTORS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD**
<u>**SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012**</u>

For its second interim application for compensation and reimbursement of

expenses (the "**Application**") for the period September 1, 2012 through December 31, 2012 (the

"**Application Period**"), Morrison & Foerster LLP ("**Applicant**"), bankruptcy counsel to

Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the

"**Debtors**"), respectfully represents as follows:

<u>**JURISDICTION, VENUE AND STATUTORY PREDICATES**</u>

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue

of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). This Application has been prepared in accordance with General Order M-447, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective as of January 29, 2013 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective January 30, 1996 (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**"). Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as <u>Exhibit A</u>.

## BACKGROUND

A.      <u>**The Chapter 11 Cases**</u>

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases (the "**Chapter 11 Cases**").

ny-1081098

4.      On May 16, 2012, the United States Trustee for the Southern District of New

York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors

(the "**Creditors' Committee**").

5.      On June 20, 2012, the Court directed that an examiner be appointed, and on

July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "**Examiner**") [Docket

Nos. 454, 674]. On July 27, 2012, the Court entered an *Order Approving Scope of Investigation*

*of Arthur J. Gonzalez, Examiner* [Docket No. 925], including the issuance of a report (the

"**Examiner's Report**"). On November 26, 2012, the Examiner filed the *Second Supplement to*

*Work Plan of Arthur J. Gonzalez, Examiner* [Docket No. 2263]. On February 8, 2013, the

Examiner filed the *Third Supplement to Work Plan of Arthur J. Gonzalez, Examiner* (the "**Third**

**Examiner Supplement**") [Docket No. 2868].

6.      On October 23, 2012 and October 24, 2012, the Debtors successfully conducted

an auction for the sale of the servicing and origination platform (the "**Platform Assets**") to

Ocwen Loan Servicing, LLC ("**Ocwen**") for $3 billion. On October 25, 2012, the Debtors

conducted an auction for the sale of their whole loan portfolio assets (the "**Whole Loan Assets**")

to Berkshire Hathaway Inc. ("**Berkshire**") for $1.5 billion.

7.      At a hearing held on November 19, 2012, the Court approved the Sale Motion[1] on

the record. On November 21, 2012, the Court entered orders approving the sales to Ocwen

(which incorporated the sale and assignment of certain of the Platform Assets to Walter

---

[1]   *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123 and Fed R. Bankr. P. 2002,*
    *6004, 6006 and 9014 for Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee*
    *and Expense Reimbursement; (II) Scheduling Bid Hearing and Sale Deadline; (III) Approving Form and*
    *Manner of Notice Thereof and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets*
    *Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset*
    *Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts*
    *and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "**Sale Motion**") [Docket No. 61].

Investment Corp. ("**Walter**")) and Berkshire (collectively, the "**Asset Sales**") [Docket Nos. 2246 and 2247].

8.      On December 26, 2012, the Court entered an order approving the appointment of the Honorable Judge James M. Peck as mediator (the "**Mediator**") to assist the plan negotiations process for an initial term through and including February 28, 2013.  [Docket No. 2519]. Mediation commenced shortly after the Mediator was appointed.

9.      On March 5, 2013, the Court entered an *Order Granting Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for an Order Authorizing the Debtors to Appoint Lewis Kruger as Chief Restructuring Officer* [Docket No. 3103], pursuant to which Lewis Kruger was appointed as the Debtors' Chief Restructuring Officer.

10.     On March 5, 2013, the Court entered an *Order Further Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 2530], extending the period in which the Debtors have the exclusive right to file a plan through and including April 30, 2013, and extending the period in which the Debtors have the exclusive right to solicit votes on a plan through and including July 1, 2013.  A plan and disclosure statement have not yet been filed in the Chapter 11 Cases.

11.     All quarterly fees have been paid to the U.S. Trustee and all required monthly operating reports have been filed.

12.     As of the date of this Application, the Debtors have approximately $3,450,000 in cash on hand or on deposit, of which approximately $670,000 is unencumbered.  The Debtors estimate that, to date, the estates have accrued approximately $400,000 in administrative expenses on account of operating expenses, employee liabilities (including compensation), professional fees, and other miscellaneous liabilities.

ny-1081098

**B.**     <u>Applicant's Retention and Interim Compensation</u>

13.      On July 16, 2012, the Court entered the *Order Authorizing the Retention and Employment of Morrison & Foerster LLP as Bankruptcy Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 786], approving Applicant's retention.

14.      On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 797]. Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to submit monthly invoices to the Debtors, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the U.S. Trustee (collectively, the "**Notice Parties**").

15.      On October 11, 2012, Applicant filed its first interim fee application covering the period from May 14, 2012 through August 31, 2012 (the "**First Interim Fee Application**"). The First Interim Fee Application was granted pursuant to, and to the extent set forth in, the *Order Granting Applications For Allowance Of Interim Compensation And Reimbursement Of Expenses* [Docket No. 2530], which provided, among other things, that the fees allowed thereunder remained subject to a 10% holdback.

16.      On November 28, 2012, Applicant served its monthly invoice covering the period from September 1, 2012 through September 30, 2012 (the "**September Invoice**") on the Notice Parties. On December 3, 2012, Applicant served its monthly invoice covering the period from October 1, 2012 through October 30, 2012 (the "**October Invoice**") on the Notice Parties. On March 1, 2013, Applicant served its monthly invoice covering the period from November 1, 2012 through November 30, 2012 (the "**November Invoice**"). On March 7, 2013, Applicant served its monthly invoice covering the period from December 1, 2012 through December 31, 2012 (the "**December Invoice**" and together with the September Invoice, the October Invoice,

5

and the November Invoice, the "**Monthly Invoices**") on the Notice Parties.  As of the date

hereof, Applicant had not received any objection to the Monthly Invoices.[2]

17.    For the convenience of this Court and all parties in interest, attached hereto as

Exhibit B is a schedule of the total amount of fees incurred under each of Applicant's internal

task codes during the Application Period.

18.    The total payments received by Applicant on account of the Monthly Invoices as

of the date hereof are equal to: (i) 80% of requested compensation from the September Invoice

and October Invoice and (ii) 100% of requested expenses from the September Invoice and

October Invoice.  Specifically, to date, the Applicant has received payments totaling

$7,725,871.87, representing $7,619,578.20 in fees and $106,293.67 in expenses.[3]  The Monthly

Statements reflect voluntary aggregate deductions of $378,496.25 in fees during the Application

Period incurred for non-working travel ($158,832.25, reflecting a 100% reduction of non-

working travel within New York City included in the September Invoice and October Invoice

($14,106.50) and a 50% reduction of other non-working travel $(144,725.75)), review of the

Monthly Statements for privilege and compliance with compensation guidelines ($92,488.00),

and time billed by individuals who billed less than five hours total during any given month

($127,176.00).

---

[2]    The objection periods for the November Invoice and December Invoice expire on March 21, 2013 and
March 27, 2013, respectively.

[3]    The objection periods for the November Invoice and December Invoice expire on March 21, 2013 and
March 27, 2013, respectively.  In the event no timely objections to the November Invoice and December
Invoice are received, Applicant will request, and expects to receive prior to the hearing on this Application,
payment of 80% of fees and 100% of expenses for the applicable compensation periods, which will bring the
total fees paid for the Application Period to $16,575,384.40 and total expenses paid for the Application Period
to $421,226.40, bringing the aggregate amount of payments received by Applicant for the Application Period to
$16,996,610.80.

19.    Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors. These records are maintained in the ordinary course of Applicant's practice. For the convenience of this Court and all parties in interest, attached hereto as Exhibit C is a billing summary for the Application Period, setting forth the name of each attorney and paraprofessional who rendered services during the Application Period, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for each attorney and each paraprofessional at Applicant's current billing rates, and the individual amounts requested for each professional. The compensation requested by Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

20.    Applicant also maintains computerized records of all expenses incurred in connection with the performance of professional services. A summary of the amounts and categories of expenses for which reimbursement are sought is attached hereto as Exhibit D. The Monthly Statements reflect aggregate deductions of $55,293.58 in expenses incurred during the Application Period. Additionally, as an accommodation to the Debtors made in accordance with prepetition practices, Applicant does not charge the Debtors for expenses incurred by applicant for Lexis or Westlaw research, overtime meals, in-house document preparation fees, or secretarial overtime. These expenses are in addition to the deductions described above.

21.    Copies of Applicant's computerized records of fees and expenses in the format specified by the Guidelines have been served on the Notice Parties with each of the Monthly Invoices and are attached hereto collectively as Exhibit E.

7

22.     There is no agreement or understanding between Applicant and any other person, other than partners of the firm, for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

23.     The Monthly Invoices submitted by Applicant are subject to a 20% holdback (as is customary in this District) imposed by the Court on the allowance of fees.  The aggregate amount of Applicant's holdback during the Application Period is $4,134,111.10.  Applicant respectfully requests, in connection with the relief requested herein, that the Court allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.  Applicant further requests that the Court allow the remaining 10% holdback with respect to the First Interim Fee Application on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.

**DESCRIPTION OF SERVICES AND
EXPENSES AND RELIEF REQUESTED**

24.     In general, Applicant has represented the Debtors in connection with the following aspects of the Chapter 11 Cases:

(a)     advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

(b)     attending meetings and negotiating with creditors and parties in interest;

(c)     advising the Debtors in connection with any sale of assets in these Chapter 11 cases;

(d)     taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors are involved, including, but not limited to, objections to claims filed against the Debtors or their estates;

ny-1081098

    (e)        preparing all motions, applications, answers, orders, reports, and papers necessary to the administration of the Chapter 11 cases;

    (f)        taking any necessary action on behalf of the Debtors to obtain approval of solicitation procedures, a disclosure statement and confirmation of a Chapter 11 plan, including engaging in plan mediation under the direction of the Mediator;

    (g)        providing U.S. tax advice to the Debtors regarding restructuring matters;

    (h)        appearing before this Court, any appellate courts, and the United States Trustee to protect the interests of the Debtors' estates before such Courts and the United States Trustee;

    (i)        performing other necessary legal services for the Debtors in connection with the Chapter 11 cases, including (i) analyzing the Debtors' leases and executory contracts and the assumption or assignment thereof, (ii) analyzing the validity of liens against the Debtors, and (iii) advising on corporate, litigation, and other legal matters;

    (j)        facilitating and cooperating with the Examiner's investigation, including preparing written submissions in response to Examiner inquiries and responding to voluminous discovery requests;

    (k)        taking all steps necessary and appropriate to bring the Chapter 11 cases to conclusion.

25.    To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Debtors during the Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the Chapter 11 Cases. The following is a summary of the most significant professional services rendered by Applicant during the Application Period organized in accordance with Applicant's internal system of task codes:

    (a)        Asset Analysis and Recovery – 001.

    Fees: $42,268.50; Total Hours: 61.10

26.    This category includes time spent by Applicant's professionals reviewing and analyzing materials regarding the Debtors' assets and liabilities, including: analysis of strategies for liquidating certain non-Debtor affiliates incorporated under the laws of the United Kingdom;

9

analysis of the Debtors' loan repurchase recovery efforts with respect to charged off loans; and

research and analysis of issues related to unclaimed borrower funds.

> (b)    Asset Dispositions/Sales – 002.

> Fees:  $3,380,569.00; Total Hours:  4,866.10

27.    This category includes all matters related to the sale of the Debtors' assets,

including the sale of the asset sales to Ocwen, Walter, and Berkshire, which generated

approximately $4.5 billion in sale proceeds for the Debtors' estates, as well as various *de

minimus* asset sales.  This category includes time billed to:  preparing for and participating in

numerous meetings and calls with the various parties in interest regarding sale issues, including

the Debtors, the stalking horse bidders, other potential third party bidders, the Creditors'

Committee, AFI and Ally Bank, and governmental entities; researching, drafting, and revising

the asset purchase agreements, and the schedules, disclosure memoranda and proposed sale

orders related thereto; reviewing and analyzing competing bids; conducting the auctions for the

Platform Assets and Whole Loan Assets, which spanned three days; reviewing, analyzing, and

responding to numerous pre- and post-auction objections to the Asset Sales and researching

issues in connection therewith; engaging in extensive negotiations with various parties objecting

to the Asset Sales regarding the potential resolution of such objections; preparing for contested

hearings to approve the Asset Sales; preparing forms of subservicing agreements and transition

services agreements in connection with the Asset Sales; and preparing for and participating in

numerous meetings and calls with Ocwen, Walter, Berkshire, and the Creditors' Committee

regarding closing requirements and mechanics.

(c)      Business Operations and Advice – 003.

Fees:  $758,966.00; Total Hours:  940.50

28.      This category includes matters related to advising the Debtors with respect to their operations, in connection with both day-to-day matters and longer-term planning, including:  preparation for and participation in board meetings and providing advice to the Debtors' directors regarding, among other things, their fiduciary duties, estate operations, and management and the status of the Chapter 11 Cases; correspondence with the Debtors and default/foreclosure counsel regarding the impact of the bankruptcy filing on pending foreclosures and loss mitigation activities, analysis of cash management and servicing issues; assisting the Debtors with resolving various operational issues including those related to the preparation of monthly operating reports and other required periodic reporting; the potential retention of a chief restructuring officer, and the mechanics for transitioning employees and separation of intellectual property and services following the closing of the Asset Sales.

(d)      Case Administration – 004.

Fees:  $285,836.00; Total Hours:  502.00

29.      This category includes matters related to the administration of the Debtors' cases, including:  reviewing and monitoring the case docket, managing task lists, and tracking deadlines; assisting the Debtors with tracking and payment of invoices for retained professionals, ordinary course professionals, and RMBS trustees; and preparation for and participation in various working group meetings to discuss case strategy and status, and allocation and coordination of tasks.

ny-1081098

(e)    Claims Administration and Objections – 005.

Fees: $774,148.00; Total Hours: 1,253.40

30.    This category includes time spent by Applicant's professionals in connection with the review and analysis of claims asserted against the Debtors, including: researching and analyzing equitable subordination issues; corresponding with various parties in interest regarding the bar date notice and cure claims deadlines; researching and analyzing issues related to class claims and certification, monoline proofs of claim, administrative claims, indemnification claims, and intercompany claims; negotiating and drafting various bar date stipulations with parties in interest; researching, drafting and revising motions seeking approval of omnibus claims objection procedures and extending the general bar date; preparing for and participating in meetings with Debtors' personnel regarding claim reconciliation process and strategy; and reviewing and analyzing issues concerning the classification of securities claims and researching issues in connection with same.

(f)    Executory Contracts – 006.

Fees: $700,248.50; Total Hours: 1,137.10

31.    This category includes time spent by Applicant's professionals related to the review, analysis and assumption/rejection of executory contracts and unexpired leases, including:  researching and analyzing issues relating to the severing of origination and servicing obligations under the Debtors' pooling and servicing agreements; identifying and analyzing provisions relating to requirements for assumption and assignment of pooling and servicing agreements and intellectual property licenses as part of the Asset Sales; researching, analyzing, and preparing objections to cure claims asserted in connection with the Asset Sales, and negotiating with counterparties to resolve same; corresponding and negotiating with counterparties in connection with the consensual extension of certain lease agreements.

12

(g)     Fee/Employment Applications – 007.

Fees:  $96,742.50; Total Hours:  178.80

32.     This category includes matters related to the review and analysis of retention

applications and associated exhibits, affidavits, and conflicts reports filed by various retained

professionals in the Chapter 11 Cases including Moelis and Wilmer Hale, and providing advice

and assistance to the Debtors and the Debtors' other professionals retained in connection with

their retention in these cases, including Pepper Hamilton, Bradley Arant Boult Cummings,

Hudson Cook, Deloitte & Touche, Ernst & Young, Locke Lord, and various ordinary course

professionals utilized by the Debtors.  This category also includes time spent preparing

Applicant's first interim fee application, advising various retained professionals and the Debtors

regarding the process for applying for, and obtaining, payment in accordance with the Interim

Compensation Order, reviewing and analyzing monthly fee statements and interim fee

applications for retained professionals in the Chapter 11 Cases, and preparing and revising the

omnibus order approving first interim fee applications.

(h)     Fee/Employment Objections – 008.

Fees:  $30,552.50; Total Hours:  46.10

33.     This category includes time spent by Applicant's professionals in connection with

the review, analysis, response to, and resolution of objections to retention and fee applications,

including the U.S. Trustee's omnibus formal objection to Applicant's first interim fee

application.  This category also includes time spent assisting and advising various retained

professionals regarding the process for resolving objections to fee applications in advance of the

hearing on first interim fee applications, and corresponding with the U.S. Trustee and chambers

regarding the status of same.

13

(i)    Financing – 009.

Fees:  $112,131.00; Total Hours:  180.50

34.    This category includes matters related to the Debtors' financing arrangements,

including:  correspondence with and respond to inquiries regarding lien investigation by

Creditors' Committee; drafting of and negotiations regarding amendment of Citibank DIP

facility and AFI DIP facility, and correspondence with parties in interest regarding same;

analysis of and research regarding adequate protection and surcharge issues.

(j)    Plan, Disclosure Statement and Confirmation Matters – 010.

Fees:  $844,517.50; Total Hours:  1,204.80

35.    This category includes time spent by Applicant's professionals in connection with

the preparation, review, analysis, and negotiation of the Debtors' chapter 11 plan structure,

including correspondence with parties to plan support agreements, AFI, the Creditors'

Committee, and various governmental entities, and research regarding various plan issues

including third party releases, and claims subordination.  This category also includes time spent

drafting and revising the motion to extend exclusivity and the reply to objections regarding

same; reviewing, analyzing and revising materials regarding various recovery scenarios;

reviewing and analyzing third party discovery requests in connection with plan negotiations and

research issues related to same; researching and analysis of issues related to retention of chief

restructuring officer to facilitate plan negotiations and implementation; and drafting and revising

the motion seeking appointment of Mediator and researching issues in connection with same.

(k)    Relief from Stay Proceedings – 012.

Fees:  $644,503.50; Total Hours:  1,120.70

36.    This category includes time spent by Applicant's professionals in connection with

the review and analysis of dozens of motions for stay relief filed in the Chapter 11 Cases,

14

correspondence with the Debtors and outside counsel in connection with such motions, and preparation of responses to such motions. This category also includes time spent negotiating with certain movants regarding stipulated stay relief, discussions with counsel for the Creditors' Committee regarding the same, and appeals of decisions regarding motions for stay relief.

        (l)      Hearings – 013.

        Fees: $477,978.00; Total Hours: 820.40

        37.     This category includes all matters related to preparation for and attendance at hearings in the Chapter 11 Cases, including: preparation of agendas, scripts, binders and outlines; meetings with potential witnesses to prepare for hearings and correspondence with various of the Debtors' retained professionals in advance of hearings; coordination with chambers, the Creditors' Committee, and other parties in regarding scheduling issues; attendance at the omnibus hearings held on September 11, 2012, September 27, 2012, October 10, 2012, October 17, 2012, October 29, 2012, October 31, 2012, November 5, 2012, November 19, 2012, November 20, 2012, and December 20; and preparation for and attendance at numerous telephonic and in-person status conferences.

        (m)    Tax Matters – 014.

        Fees: $53,626.50; Total Hours: 78.00

        38.     This category includes time spent by Applicant's professionals in connection with analyzing various tax issues related to the chapter 11 cases and the Debtors' operations, including those arising with respect to the Asset Sales and potential chapter 11 plan structures, reviewing and analyzing the Debtors' obligations under their tax sharing agreement with AFI, analysis of tax consequences in connection with the liquidation of United Kingdom subsidiaries, and correspondence with counsel for the Creditors' Committee regarding the foregoing.

(n)    Plan Support Agreement Matters – 016.

Fees:  $5,709.00; Total Hours: 7.00

39.    This category includes time spent by Applicant's professionals in connection with

the amendment and termination of plan support agreements with AFI, the Debtors' junior

secured bondholders, and various groups of RMBS litigation plaintiffs; and correspondence and

meetings with various parties in interest including counsel for the trustees, the insurers, and the

Creditors' Committee regarding the foregoing.

(o)    PLS Litigation - 017.

Fees:  $1,957,164.50; Total Hours:  2,907.20

40.    This category includes time spent by Applicant's professionals in connection

with: the Debtors' preparation, analysis, negotiation and revision of settlement agreements with

the RMBS litigation plaintiffs represented by Gibbs & Brun LLP/Ropes & Gray LLP and Talcott

Franklin; extensive discussions with counsel for AFI, the Creditors' Committee, insurers, and the

trustees for the respective RMBS trusts regarding the settlements; research and analysis of

precedent with respect to various settlement issues; preparation of responses to objections

regarding the settlements; the negotiation and preparation of multiple scheduling orders in

connection with the foregoing; review and analysis of expert reports and disclosures regarding

the settlements; and preparations for trial regarding Debtors' Rule 9019 motion seeking approval

of the settlements.

(p)    Litigation (Other) – 018.

Fees:  $904,563.50; Total Hours:  1,550.40

41.    This category includes time spent by Applicant's professionals in connection

with: participation in various adversary proceedings and appeals relating to the foregoing,

including the Debtors' proceedings to extend the automatic stay to third parties and FHFA's

16

appeal of discovery order; research and analysis of issues in connection with the Debtors'

pending litigation in other jurisdictions, and correspondence with the Debtors' in-house legal

department and outside counsel regarding the same.

      (q)    Government/Regulatory – 019.

      Fees:  $789,447.50; Total Hours:  1,191.50

    42.    This category includes time spent by Applicant's professionals with respect to

matters related to the Debtors' interactions with various state and federal governmental or

regulatory bodies, including, but not limited to:  correspondence with Ginnie Mae, Freddie Mac,

and Fannie Mae and analysis of issues related to the Debtors' relationships with and obligations

to each of the foregoing; correspondence with the Federal Reserve Board ("**FRB**"), the

Department of Justice ("**DOJ**") and various state attorneys general and other regulators

regarding the Debtors' continued compliance with the FRB and DOJ consent orders; extensive

negotiations related to the employment of third party professionals and payment of costs in

connection with the foreclosure review being conducted in connection with the FRB consent

order; review and analysis of issues and strategies in connection with the pending investigations

being conducted by governmental agencies; review, analysis, and research in connection with

compliance with the Hart-Scott-Rodino Act.

      (r)    Customer and Vendor Matters – 020.

      Fees:  $24,829.00; Total Hours:  44.60

    43.    This category includes time spent by Applicant's professionals in connection with

matters related to the Debtors' customers and vendors, including responding to borrower and

vendor inquiries regarding the Debtors' chapter 11 cases, correspondence with vendors

regarding impact of the Asset Sales and payment issues.

ny-1081098

(s)    Insurance Matters – 021.

Fees: $47,754.00; Total Hours: 56.40

44.    This category includes matters related to insurance issues, including
correspondence and analysis regarding insurance coverage for pending litigation, the scope of
D&O and E&O insurance policies, and review and analysis of issues in connection with
monoline claims and issues, and the potential insolvency/rehabilitation of the Debtors captive
insurer, CapRe Vermont.

(t)    Communication with Creditors – 022.

Fees: $35,706.50; Total Hours: 53.40

45.    This category includes time spent by Applicant's professionals communicating
with Creditors' Committee members, general unsecured creditors and other parties in interest
regarding the status of the Debtors' bankruptcy proceedings, including providing updates to the
Creditors' Committee regarding various case issues and responding to requests from the
Creditors' Committee and other parties in interest for information regarding the foregoing; the
negotiation and preparation of confidentiality agreements with creditors; and the preparation of
materials and presentations for the Creditors' Committee professionals.

(u)    Meetings of Creditors – 023.

Fees: $93,294.00; Total Hours: 115.00

46.    This category includes time spent by Applicant's professionals preparing for and
participating in meetings with the Creditors' Committee and/or its professionals to discuss the
status of the case, new developments, and other matters of significance to general unsecured
creditors, held on September 6, 2012, September 12, 2012, October 3, 2012, October 11, 2012,
November 14, 2012, and December 13, 2012, and preparing for and participating in meetings

18

with other creditor constituents including counsel for senior unsecured noteholders, junior

secured noteholders, and RMBS plaintiffs.

(v)    Employee Matters – 024.

Fees:  $545,290.00; Total Hours:  747.90

47.    This category includes time spent by Applicant addressing issues related to

employee matters, including:  review and analysis of key employee lists; analysis of TARP

restrictions on executive compensation; review and analysis of employment agreements with the

Debtors' key executives; preparation and revision of employee reimbursement protocol motion

and annual incentive plan motion and correspondence with U.S. Trustee and Creditors'

Committee regarding same; research, analysis, preparation and revisions regarding the Debtors'

proposed key employee incentive program ("**KEIP**"), preparation of a motions seeking approval

of the revised KEIP and declarations in support thereof; review, analysis, and research regarding

objections to the revised KEIP, and preparation of responses to the same; and review and

analysis of potential estate severance and indemnification obligations.

(w)    Discovery or Rule 2004 Requests – 025.

Fees:  $5,133,887.00; Total Hours:  10,166.90

48.    This category includes time spent by Applicant analyzing and responding to

numerous document and information requests from the Creditors' Committee and the Examiner

and subpoena requests issued pursuant to Bankruptcy Rule 2004 on various topics, including, but

not limited to the lien investigation by the Creditors' Committee, the PLS and Ally settlements,

and the Debtors' prepetition transactions with AFI and Ally Bank; preparing for, attending, and

defending examinations and depositions of various of the Debtors' management and personnel;

compiling responsive materials, reviewing them for relevance and privilege, preparing privilege

19

logs, transmitting materials; and negotiating non-disclosure agreements with parties seeking

discovery or access to confidential materials.

> (x)     Schedules and Statements – 026.
>
> Fees:  $6,871.50; Total Hours:  11.30

49.     This category includes time spent by Applicant's professionals advising the

Debtors and working with the Debtors' employees and other professionals to prepare and amend

the Debtors' schedules and statements of financial affairs to ensure that, when filed, they would

represent the most accurate and complete data available, and reviewing and analyzing the

foregoing.

> (y)     First Day Motions and Hearings – 027.
>
> Fees:  $12,127.00; Total Hours:  16.40

50.     This category includes time spent by Applicant regarding the motions filed on the

Petition Date (including, among others, the Debtors' motion for authority to continue performing

under their subservicing agreement with Ally Bank), and negotiating with potential objecting

parties including the U.S. Trustee, the Creditors' Committee, and Ally regarding related relief.

> (z)     Other Motions and Applications – 028.
>
> Fees:  $355,036.00; Total Hours:  594.60

51.     This category includes matters related to the review, analysis, research, and

preparation of motions, applications and objections filed in these chapter 11 cases to the extent

not addressed specifically under other task codes (*i.e.*, fee and employment applications (007,

008), first day motions (027), motions for stay relief (012) and other general litigation (018))

with respect to the Debtors' cases, including, among others, the motion to appoint a borrowers'

committee, the motion to reimburse Morrison Cohen pursuant to section 363 of the Bankruptcy

Code, the Creditors' Committee motion for standing to prosecute certain claims and causes of

action, borrower motions to convert or dismiss the Chapter 11 Cases, the Debtors' motion for

authority to perform remediation activities with respect to certain real estate owned, motions for

approval of settlements pursuant to Bankruptcy Rule 9019, and the motion filed by Rowena

Drennan and others seeking class certification pursuant to Bankruptcy Rule 7023.

> (aa)    Non-Working Travel – 029.
>
> Fees: $289,451.50; Total Hours: 420.80

52.    This category includes time spent by Applicant's professionals in non-working

travel while representing the Debtors, excluding time spent traveling within New York City.[4]

Applicant billed one-half of the total time that such professionals spent on non-working travel.

> (bb)    Monthly Fee Statements – 030.
>
> Fees: $92,488.00; Total Hours: 148.90

53.    This category includes all time spent by Applicant's professionals reviewing

Applicant's monthly invoices to ensure that the time detail and expenses complied with

applicable compensation guidelines, as well as to ensure that no privileged or confidential

information was disclosed therein.  As an accommodation to the Debtors, Applicant has

deducted 100% of the time within this task code.

> (cc)    Ally Settlement – 032.
>
> Fees: $298.50; Total Hours: 0.30

54.    This category contains time spent by Applicant's professionals in connection with

the potential termination of the Debtors' proposed settlement with AFI.

---

[4]    Applicant has taken additional reductions totaling $14,106.50 on account of time incurred in connection with non-working travel within New York City that was initially included in the September Invoice and November Invoice.

21

      (dd)    Examiner – 033.

      Fees:  $2,417,247.00; Total Hours:  4,094.10

    55.    This category contains time spent by Applicant's professionals related to the appointment of the Examiner and the Debtors' cooperation with the Examiner's investigation, including review and analysis of the proposed examiner order and work plan, research regarding the scope of the Examiner's duties and advising the Debtors regarding compliance with same; facilitating Debtors' cooperation with the Examiner's investigation, including identification of relevant materials, assisting with and responding to requests for information pursuant to the uniform protective order for Examiner discovery, and assisting the Debtors' employees and directors with the preparation and participation in Examiner interviews; and the preparation, review, and analysis of written submissions in response to Examiner inquiries.

      (ee)    Insurer Termination – 034.

      Fees:  $5,008.00; Total Hours:  7.50

    56.    This category includes time spent by Applicant's professionals related to the termination of certain servicing agreements insured by monolines, including the review and analysis of proposals by Ambac relating to same.

      (ff)    Minimal Hours – 035.

      Fees:  $127,176.00; Total Hours:  245.40

    57.    This category includes all time spent by Applicant's professionals that billed less than five hours in total during any given month.  As an accommodation to the Debtors, Applicant has deducted 100% of the time within this task code.

(gg)    Mediation Issues– 037.

Fees:  $31,131.00; Total Hours:  39.80

58.    This category includes time spent by Applicant's professionals in connection with the plan mediation, including review and analysis of the scope of the mediation, preparation for and participation in the mediation, and discussions with the Creditors' Committee and the Mediator regarding the foregoing.

59.    The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the Chapter 11 Cases.  The time records attached hereto as <u>Exhibit E</u> present more completely the work performed by Applicant in each billing category during the Application Period.

## CONCLUSION

60.    Applicant believes that the services rendered during the Application Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330.  Further, the expenses requested were actual and necessary to the performance of Applicant's services.

61.    Applicant therefore requests an order (i) approving interim compensation in the amount of $20,712,177.25 and interim reimbursement of expenses in the amount of $418,544.90,[5] (ii) directing payment of all compensation held back in connection with the Monthly Invoices, (iii) directing payment of all compensation held back in connection with allowed fees under the First Interim Fee Application, and (iv) granting such other and further relief as may be just and proper.

---

[5]    The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.

ny-1081098

New York, New York
Dated: March 14, 2013

/s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

24

**EXHIBIT A**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
|  |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
|  |  |
| Debtors. | Jointly Administered |
------------------------------------------------------------

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF THE SECOND INTERIM
APPLICATION OF MORRISON & FOERSTER LLP AS BANKRUPTCY
COUNSEL FOR THE DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
<u>SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012</u>**

I, Lorenzo Marinuzzi, hereby certify that:

1.      I am a partner with the applicant firm, Morrison & Foerster LLP (the "**Firm**"),

which serves as bankruptcy counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in

possession (collectively, the "**Debtors**").

2.      This certification is made in respect of the Firm's compliance with *General Order*

*M-447, Amended Guidelines for Fees and Disbursements for Professionals in Southern District*

*of New York Bankruptcy Cases, effective as of January 29, 2013* (the "**Local Guidelines**"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

A-1

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 effective January 30, 1996 (the "**UST**

**Guidelines**" and, together with the Amended Local Guidelines, the "**Guidelines**"), and the

*Order to Establish Procedures for Interim Monthly Compensation and Reimbursement of*

*Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 172], in

connection with the Firm's application, dated March 14, 2013 (the "**Application**"), for interim

compensation and reimbursement of expenses for the period commencing September 1, 2012

through and including December 31, 2012, in accordance with the Guidelines.

3.    In respect of Section B.1 of the Local Guidelines, I certify that:

(a)    I have read the Application;

(b)    to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

(c)    the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Firm and generally accepted by the Firm's clients; and

(d)    in providing the reimbursable services reflected in the Application, the Firm did not make a profit on those services, whether performed by the Firm in-house or through a third party.

4.    In respect of Section B.2 of the Local Guidelines and as required by the Interim

Compensation Order, I certify that the Firm has complied with the provisions requiring it to

provide the United States Trustee for the Southern District of New York and the Debtors and

their attorneys with a statement of the Firm's fees and expenses accrued during the previous

month although, due to administrative limitations, such statements were not always provided

within the timetables set forth in the Local Guidelines and the Interim Compensation Order.

A-2

5.      In respect of Section B.3 of the Amended Local Guidelines, I certify that the

Debtors, their attorneys, and the United States Trustee for the Southern District of New York are

each being provided with a copy of the Application.

6.      I certify that any airfare for which reimbursement is sought under this Application

was for a coach class or economy fare.


Dated: March 14, 2013                    /s/ Lorenzo Marinuzzi
                                         Lorenzo Marinuzzi
                                         MORRISON & FOERSTER LLP
                                         1290 Avenue of the Americas
                                         New York, New York 10104
                                         Telephone: (212) 468-8000
                                         Facsimile: (212) 468-7900

                                         *Counsel to the Debtors and
                                         Debtors in Possession*

A-3

**EXHIBIT B**

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROJECT CATEGORY
BY MORRISON & FOERSTER LLP ON BEHALF OF THE DEBTORS FOR THE
PERIOD SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

| Task Code | Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|---|
| 001 | Asset Analysis and Recovery | 61.1 | $42,268.50 |
| 002 | Asset Disposition/Sales | 4866.1 | $3,380,569.00 |
| 003 | Business Operations and Advice | 940.5 | $758,966.00 |
| 004 | Case Administration | 502 | $285,836.00 |
| 005 | Claims Administration and Objection | 1253.4 | $774,148.00 |
| 006 | Executory Contracts | 1137.1 | $700,248.50 |
| 007 | Fee/Employment Applications | 178.8 | $96,742.50 |
| 008 | Fee/Employment Objections | 46.1 | $30,552.50 |
| 009 | Financing | 180.5 | $112,131.00 |
| 010 | Plan, Disclosure Statement and Confirmation Matters | 1204.8 | $844,517.50 |
| 012 | Relief from Stay Proceedings | 1120.7 | $644,503.50 |
| 013 | Hearings | 820.4 | $477,978.00 |
| 014 | Tax Matters | 78 | $53,626.50 |
| 016 | Plan Support Agreement Matters | 7 | $5,709.00 |
| 017 | PLS Litigation | 2907.2 | $1,957,164.50 |
| 018 | Litigation (Other) | 1550.4 | $904,563.50 |
| 019 | Government/Regulatory | 1191.5 | $789,447.50 |
| 020 | Customer and Vendor Matters | 44.6 | $24,829.00 |
| 021 | Insurance Matters | 56.4 | $47,754.00 |
| 022 | Communication with Creditors | 53.4 | $35,706.50 |
| 023 | Meetings of Creditors | 115 | $93,294.00 |
| 024 | Employee Matters | 747.9 | $545,290.00 |
| 025 | Discovery or Rule 2004 Requests | 10166.9 | $5,133,887.00 |
| 026 | Schedules and Statements | 11.3 | $6,871.50 |
| 027 | First Day Motions and Hearings | 16.4 | $12,127.00 |
| 028 | Other Motions and Applications | 594.6 | $355,036.00 |
| 029 | Non-Working Travel | 420.8 | $289,451.50[18] |
| 030 | Monthly Fee Statements (Non-Billable) | 148.9 | $92,488.00 |
| 032 | Ally Settlement | 0.3 | $298.50 |

---

[18]    This amount has been reduced by $14,106.50 from $303,558.00 on account of time incurred in connection with non-working travel within New York City that was initially included in the September Invoice and November Invoice.

| 033 | Examiner | 4094.1 | $2,417,247.00 |
|-----|----------|--------|---------------|
| 034 | Insurer Termination | 7.5 | $5,008.00 |
| 035 | Minimal Hours | 245.4 | $127,176.00 |
| 037 | Mediation | 39.8 | $31,131.00 |
| **Fees Incurred** | | **34,808.90** | **$21,076,567.00** |
| Less client accommodations for | | | |
| 029 | Non-Working Travel (50%) | | $(144,725.75) |
| 030 | Monthly Fee Statements (100%) | | $(92,488.00) |
| 035 | Minimal Hours (100%) | | $(127,176.00) |
| **Total Fees Incurred** | | | **$20,712,177.25** |

B-2

**EXHIBIT C**

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROFESSIONAL BY MORRISON & FOERSTER LLP ON BEHALF OF THE DEBTORS FOR THE PERIOD SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners** | | | | | |
| Jennings-Mares, Jeremy | Department: | Capital Markets | $1,195.00 | 24.5 | $29,277.50 |
| | Licensure: | England/Wales (1993) | | | |
| Humphreys, Thomas A. | Department: | Tax | $1,125.00 | 9.9 | $11,137.50 |
| | Licensure: | CA (1977) | | | |
| | | NY (1980) | | | |
| James, Trevor L. | Department: | Tax | $1,040.00 | 2.5 | $2,600.00 |
| | Licensure: | England/Wales (1989) | | | |
| Tanenbaum, James R. | Department: | Capital Markets | $995.00 | 885.2 | $880,774.00 |
| | Licensure: | NY (1977) | | | |
| Cole, Charles M. | Department: | Financial Transactions Group | $975.00 | 0.6 | $585.00 |
| | Licensure: | DC (1995) | | | |
| | | MD (1994) | | | |
| | | NY(1994) | | | |
| | | PA (1994) | | | |
| Lee, Gary S. | Department: | Business Restructuring & Insolvency | $975.00 | 1,023.8 | $998,205.00 |
| | Licensure: | NY (1991) | | | |
| | | England/Wales (1995) | | | |
| Miller, Brett H. | Department: | Business Restructuring & Insolvency | $975.00 | 0.9 | $877.50 |
| | Licensure: | NY (1992) | | | |
| Nashelsky, Larren M. | Department: | Business Restructuring & Insolvency | $975.00 | 60.8 | $59,280.00 |
| | Licensure: | NY (1992) | | | |
| | | CT (1991) | | | |
| Princi, Anthony | Department: | Business Restructuring & Insolvency | $975.00 | 507.9 | $495,202.50 |
| | Licensure: | NY (1983) | | | |
| | | FL (1985) | | | |
| Rains, Darryl P. | Department: | Litigation | $975.00 | 1,068.1 | $1,041,397.50 |
| | Licensure: | CA (1982) | | | |
| Pinedo, Anna T. | Department: | Capital Markets | 930.00 | 8.0 | $7,440.00 |
| | Licensure: | NY (1994) | | | |
| Hempill, John R. | Department: | Corporate | $925.00 | 14.5 | $13,412.50 |
| | Licensure: | NY (1983) | | | |
| Wugmeister, Miriam H. | Department: | Litigation | $900.00 | 1.0 | $900.00 |
| | Licensure: | CA (1995) | | | |
| | | CT (1992) | | | |

C-1

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Hoffinger, Adam S. | Department: | Litigation | $895.00 | 0.3 | $268.50 |
| | Licensure: | DC (1992) | | | |
| | | NY (1983) | | | |
| Borden, Paul C. | Department: | Tax | $875.00 | 13.9 | $12,162.50 |
| | Licensure: | CA (1983) | | | |
| Bozzetti, Domnick | Department: | Tax | $875.00 | 5.6 | $4,900.00 |
| | Licensure: | NY (2012) | | | |
| | | DC (2012) | | | |
| | | FL (1997) | | | |
| Frank, Michael T. | Department: | Tax | $875.00 | 11.6 | $10,150.00 |
| | Licensure: | CA (1998) | | | |
| Harris, George C. | Department: | Litigation | $875.00 | 290.4 | $254,100.00 |
| | Licensure: | CA (1983) | | | |
| | | UT (1997) | | | |
| Ireland, Oliver I. | Department: | Financial Services | $875.00 | 20.0 | $17,500.00 |
| | Licensure: | DC (2002) | | | |
| | | IL (1980) | | | |
| | | MA (1974) | | | |
| Levitt, Jamie A. | Department: | Litigation | $875.00 | 951.1 | $832,212.50 |
| | Licensure: | NY (1993) | | | |
| | | NJ (1992) | | | |
| Maynard, Deanne E. | Department: | Litigation | $875.00 | 11.7 | $10,237.50 |
| | Licensure: | DC (1992) | | | |
| | | VA (1991) | | | |
| Illovsky, Eugene G. | Department: | Litigation | $865.00 | 324.3 | $280,519.50 |
| | Licensure: | CA (1985) | | | |
| | | DC (1984) | | | |
| | | PA (1990) | | | |
| Marinuzzi, Lorenzo | Department: | Business Restructuring & Insolvency | $865.00 | 837.6 | $724,524.00 |
| | Licensure: | NY (1996) | | | |
| | | NJ (1997) | | | |
| Dopsch, Peter C. | Department: | Financial Transactions | $850.00 | 3.8 | $3,230.00 |
| | Licensure: | MA (1983) | | | |
| | | NY (1987) | | | |
| Engelhardt, Stefan W. | Department: | Business Restructuring & Insolvency | $850.00 | 645.6 | $548,760.00 |
| | Licensure: | CA (1990) | | | |
| Haims, Joel C. | Department: | Litigation | $850.00 | 413.0 | $351,050.00 |
| | Licensure: | NY (1994) | | | |
| Parella, Sharon A. | Department: | Financial Services | $850.00 | 2.7 | $2,295.00 |
| | Licensure: | NY (1989) | | | |
| Prosser, Sean T. | Department: | Litigation | $850.00 | 28.9 | $24,565.00 |
| | Licensure: | CA (1993) | | | |
| Chanin, Leonard N. | Department: | Financial Services | $835.00 | 0.8 | $668.00 |
| | Licensure: | DC (2000) | | | |
| | | GA (1984) | | | |

C-2

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Fons, Randall J. | Department: | Litigation | $835.00 | 205.7 | $171,759.50 |
| | Licensure: | CO (2006) | | | |
| | | IL (1989) | | | |
| Lawrence, J. Alexander | Department: | Litigation | $825.00 | 60.5 | $49,912.50 |
| | Licensure: | CA (2000) | | | |
| | | DC (2001) | | | |
| | | GA (1996) | | | |
| | | NY (2002) | | | |
| Gowdy, Jonathan S. | Department: | Litigation | $800.00 | 11.3 | $9,040.00 |
| | Licensure: | DC (1998) | | | |
| | | FL (1997) | | | |
| Noto, Thomas J. | Department: | Litigation | $800.00 | 1.0 | $800.00 |
| | Licensure: | DC (1990) | | | |
| | | MD (1986) | | | |
| Rosenbaum, Norman S. | Department: | Business Restructuring & Insolvency | $800.00 | 822.5 | $658,000.00 |
| | Licensure: | NY (1990) | | | |
| Weiss, Russell G. | Department: | Technology Transactions | $795.00 | 91.1 | $72,424.50 |
| | Licensure: | CA (1994) | | | |
| Salerno, Robert A. | Department: | Litigation | $775.00 | 98.6 | $76,415.00 |
| | Licensure: | DC (1991) | | | |
| | | VA (1990) | | | |
| Smith, Andrew M. | Department: | Financial Services | $750.00 | 2.7 | $2,025.00 |
| | Licensure: | DC (1997) | | | |
| Goren, Todd M. | Department: | Business Restructuring & Insolvency | $725.00 | 766.9 | $556,002.50 |
| | Licensure: | NY (2003) | | | |
| Reigersman, Remmelt A. | Department: | Tax | $725.00 | 16.0 | $11,600.00 |
| | Licensure: | NY (2007) | | | |
| Thorpe, Andy D. | Department: | Corporate | $725.00 | 13.6 | $9,860.00 |
| | Licensure: | CA (2006) | | | |
| | | IL (1999) | | | |
| Poindexter, Obrea O. | Department: | Financial Services | $695.00 | 0.3 | $208.50 |
| | Licensure: | DC (2005) | | | |
| | | PA (1995) | | | |
| Peck, Geoffrey R. | Department: | Financial Transactions | $685.00 | 41.0 | $28,085.00 |
| | Licensure: | NY (1999) | | | |
| **Associates and Of Counsel** | | | | | |
| Marlatt, Jerry R. | Department: | Capital Markets | $900.00 | 5.4 | $4,860.00 |
| | Licensure: | CA (1997) | | | |
| | | DC (1980) | | | |
| | | NY (1985) | | | |
| Mattson Jr, Robert M. | Department: | Corporate | $875.00 | 11.7 | $10,237.50 |
| | Licensure: | CA (1975) | | | |
| Gabai, Joseph | Department: | Financial Services | $850.00 | 0.7 | $595.00 |
| | Licensure: | CA (1976) | | | |

C-3

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Smith, Dwight C. | Department: | Financial Services DC (1982) | $850.00 | 87.4 | $74,290.00 |
| | Licensure: | NY (!982) | | | |
| Lewis, Adam A. | Department: | Business Restructuring & Insolvency | $815.00 | 39.0 | $31,785.00 |
| | Licensure: | CA (1979) | | | |
| Schaaf, Kathleen E. | Department: | Business Restructuring & Insolvency | $790.00 | 25.3 | $19,987.00 |
| | Licensure: | NY (1978) | | | |
| Evans, Nilene R. | Department: | Capital Markets | $760.00 | 259.3 | $197,068.00 |
| | Licensure: | NY (1980) | | | |
| Kohler, Kenneth E. | Department: | Corporate | $760.00 | 617.8 | $469,528.00 |
| | Licensure: | CA (1981) | | | |
| Hager, Melissa A. | Department: | Business Restructuring & Insolvency | $735.00 | 6.4 | $4,704.00 |
| | Licensure: | NY (1993) CT (1992) | | | |
| Damast, Craig A. | Department: | Business Restructuring & Insolvency | $700.00 | 1.0 | $700.00 |
| | Licensure: | NY (1992) | | | |
| Barrage, Alexandra S. | Department: | Business Restructuring & Insolvency | $695.00 | 778.1 | $540,779.50 |
| | Licensure: | NY (2002) DC (2003) | | | |
| Bayz, Panagiotis C. | Department: | Project Finance | $695.00 | 4.8 | $3,336.00 |
| | Licensure: | DC (1992) MD (1991) | | | |
| Brown, David S. | Department: | Litigation | $685.00 | 372.4 | $255,094.00 |
| | Licensure: | NY (2002) | | | |
| DeArcy, LaShann M. | Department: | Litigation | $685.00 | 508.4 | $348,254.00 |
| | Licensure: | NY (2001) | | | |
| Whitney, Craig B. | Department: | Litigation | $685.00 | 58.0 | $39,730.00 |
| | Licensure: | CA (2001) NY (2006) | | | |
| Wishnew, Jordan A. | Department: | Business Restructuring & Insolvency | $680.00 | 617.5 | $419,900.00 |
| | Licensure: | NY (2002) NJ (2003) | | | |
| Tymann, Lisa D. | Department: | Financial Transactions | $675.00 | 17.0 | $11,475.00 |
| | Licensure: | NY (1997) | | | |
| Sadeghi, Kayvan B. | Department: | Litigation | $670.00 | 95.8 | $64,186.00 |
| | Licensure: | NY (2004) | | | |
| Beck, Melissa D. | Department: | Capital Markets | $665.00 | 820.8 | $545,832.00 |
| | Licensure: | NY (2004) | | | |
| Borho, Ryan W. | Department: | Litigation | $665.00 | 15.3 | $10,174.50 |
| | Licensure: | CA (2011) NY (2004) | | | |

C-4

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Powers, Ted | Department: | Corporate | $665.00 | 0.7 | $465.50 |
| | Licensure: | DE (2004) | | | |
| | | NY (2003) | | | |
| Girgis, Sonia | Department: | Tax | $660.00 | 10.4 | $6,864.00 |
| | Licensure: | England/Wales (2009) | | | |
| | | New South Wales (2003) | | | |
| Hoffman, Brian N. | Department: | Litigation | $660.00 | 361.4 | $238,524.00 |
| | Licensure: | CO (2001) | | | |
| Johnson, Yana S. | Department: | Tax | $660.00 | 1.0 | $660.00 |
| | Licensure: | CA (1999) | | | |
| Kim, Mee Jung | Department: | Real Estate | $660.00 | 1.5 | $990.00 |
| | Licensure: | NY (1992) | | | |
| Klein, Aaron M. | Department: | Business Restructuring & Insolvency | $655.00 | 600.9 | $393,589.50 |
| | Licensure: | NY (2006) | | | |
| Marines, Jennifer L. | Department: | Business Restructuring & Insolvency | $655.00 | 918.4 | $601,552.00 |
| | Licensure: | NY (2005) | | | |
| Pintarelli, John A. | Department: | Business Restructuring & Insolvency | $655.00 | 192.2 | $125,891.00 |
| | Licensure: | NY (2007) | | | |
| | | NY (2006) | | | |
| Welch, Edward M. | Department: | Capital Markets | $655.00 | 143.9 | $94,254.50 |
| | Licensure: | NY (2006) | | | |
| Cheng, Calvin Z. | Department: | Corporate | $640.00 | 16.9 | $10,816.00 |
| | Licensure: | CA (2004) | | | |
| Hearron, Marc A. | Department: | Litigation | $635.00 | 175.7 | $111,569.50 |
| | Licensure: | DC (2008) | | | |
| | | TX (2005) | | | |
| Serfoss, Nicole K. | Department: | Litigation | $635.00 | 127.9 | $81,216.50 |
| | Licensure: | CO (2005) | | | |
| Viswanathan, Anand | Department: | Litigation | $635.00 | 24.9 | $15,811.50 |
| | Licensure: | DC (2006) | | | |
| | | NY (2006) | | | |
| Wolf, Shiri Bilik | Department: | Litigation | $630.00 | 45.2 | $28,476.00 |
| | Licensure: | NY (2007) | | | |
| Coleman, Danielle | Department: | Litigation | $620.00 | 160.4 | $99,448.00 |
| | Licensure: | CA (2007) | | | |
| dos Santos, Mathew W. | Department: | Litigation | $620.00 | 136.5 | $84,630.00 |
| | Licensure: | CA (2006) | | | |
| Hiensch, Kristin A. | Department: | Business Restructuring & Insolvency | $620.00 | 14.9 | $9,238.00 |
| | Licensure: | CA (2011) | | | |
| | | NY (2007) | | | |
| Clark, Daniel E. | Department: | Litigation | $595.00 | 600.7 | $357,416.50 |
| | Licensure: | NY (2007) | | | |

C-5

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Huters, Emily E. | Department: | Litigation | $595.00 | 3.1 | $1,844.50 |
| | Licensure: | NY (2008) | | | |
| Martin, Samantha | Department: | Business Restructuring & Insolvency | $595.00 | 604.5 | $359,677.50 |
| | Licensure: | NY (2008) | | | |
| Matza-Brown, Daniel | Department: | Litigation | $595.00 | 40.8 | $24,276.00 |
| | Licensure: | NY (2008) | | | |
| Richards, Erica J. | Department: | Business Restructuring & Insolvency | $595.00 | 729.2 | $433,874.00 |
| | Licensure: | NY (2007) | | | |
| Rothberg, Jonathan C. | Department: | Litigation | $595.00 | 418.9 | $249,245.50 |
| | Licensure: | NY (2008) | | | |
| Lunier, Samuel J.B. | Department: | Litigation | $570.00 | 171.0 | $97,470.00 |
| | Licensure: | CA (2007) | | | |
| Svilik, Patricia | Department: | Litigation | $570.00 | 57.9 | $33,003.00 |
| | Licensure: | CA (2006) | | | |
| Fasman, David I. | Department: | Capital Markets | $565.00 | 188.3 | $106,389.50 |
| | Licensure: | NY (2009) | | | |
| Ma, Tiffany | Department: | Financial Services | $565.00 | 8.0 | $4,520.00 |
| | Licensure: | MA (2008) | | | |
| | | NY (2008) | | | |
| Molison, Stacy L. | Department: | Business Restructuring & Insolvency | $565.00 | 299.8 | $169,387.00 |
| | Licensure: | NY (2009) | | | |
| Sur, Joanne M. | Department: | Capital Markets | $565.00 | 4.5 | $2,542.50 |
| | Licensure: | NY (2009) | | | |
| Cooper, Nathan | Department: | Litigation | $530.00 | 286.0 | $151,580.00 |
| | Licensure: | CA (2008) | | | |
| Keen, Jonathan T. | Department: | Corporate | $530.00 | 13.3 | $7,049.00 |
| | Licensure: | CA (2008) | | | |
| Ram, Natalie R. | Department: | Litigation | $530.00 | 1.1 | $583.00 |
| | Licensure: | MD (2010) | | | |
| | | DC (2012) | | | |
| Wiesner, Eric J. | Department: | Litigation | $530.00 | 5.9 | $3,127.00 |
| | Licensure: | CA (2008) | | | |
| Bagley, Luke T. | Department: | Corporate | $505.00 | 8.2 | $4,141.00 |
| | Licensure: | NY (2010) | | | |
| Herlihy, Erin I. | Department: | Litigation | $505.00 | 327.2 | $165,236.00 |
| | Licensure: | NY (2010) | | | |
| Moloff, Leda A. | Department: | Litigation | $505.00 | 437.2 | $220,786.00 |
| | Licensure: | NY (2010) | | | |
| | | NJ (2009) | | | |
| Moss, Naomi | Department: | Business Restructuring & Insolvency | $505.00 | 797.8 | $402,889.00 |
| | Licensure: | NY (2009) | | | |

C-6

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Pierce, Joshua C. | Department:<br>Licensure: | Financial Transactions<br>NY (2010)<br>MA (2010) | $505.00 | 27.9 | $14,089.50 |
| Prutzman, Sarah L. | Department:<br>Licensure: | Litigation<br>NY (2010) | $505.00 | 9.2 | $4,646.00 |
| Rosenberg, Michael J. | Department:<br>Licensure: | Capital Markets<br>NY (2010) | $505.00 | 189.0 | $95,445.00 |
| Rothchild, Meryl L. | Department:<br><br>Licensure: | Business Restructuring<br>& Insolvency<br>NY (2010) | $505.00 | 206.2 | $104,131.00 |
| Ruiz, Ariel F. | Department:<br>Licensure: | Litigation<br>NY (2010) | $505.00 | 483.4 | $244,117.00 |
| Viggiani, Katie L. | Department:<br>Licensure: | Litigation<br>NY (2010) | $505.00 | 238.0 | $120,190.00 |
| Christie, Nimesh | Department:<br>Licensure: | Capital Markets<br>England/Wales (2010) | $480.00 | 10.9 | $5,232.00 |
| Dalton, Chris | Department:<br>Licensure: | Litigation<br>CA (2009) | $465.00 | 288.2 | $134,013.00 |
| Kapadia, Huzefa N. | Department:<br>Licensure: | Litigation<br>CA (2009)<br>DC (2010) | $465.00 | 188.0 | $87,420.00 |
| Kitano, Jamie Haruko | Department:<br>Licensure: | Litigation<br>CA (2009) | $465.00 | 105.0 | $48,825.00 |
| Mash, Stephanie R. | Department:<br>Licensure: | Tax<br>NY (2010) | $465.00 | 3.0 | $1,395.00 |
| Petraglia, Robert Travis | Department:<br>Licensure: | Litigation<br>DC (2009) | $465.00 | 238.1 | $110,716.50 |
| Serrano, Javier | Department:<br>Licensure: | Litigation<br>CA (2007) | $465.00 | 571.3 | $265,654.50 |
| Sheehe, Johanna E. | Department:<br>Licensure: | Litigation<br>CA (2012)<br>IL (2009) | $465.00 | 21.2 | $9,858.00 |
| Sousa, Christopher | Department:<br>Licensure: | Litigation<br>CA (2009) | $465.00 | 86.3 | $40,129.50 |
| Baehr, Robert J. | Department:<br>Licensure: | Litigation<br>NY (2011) | $445.00 | 321.0 | $142,845.00 |
| Bakale, Amanda M. F. | Department:<br>Licensure: | Litigation<br>CA (2011) | $445.00 | 8.0 | $3,560.00 |
| Bleiberg, Steven J. | Department:<br>Licensure: | Capital Markets<br>NY (2009) | $445.00 | 61.6 | $27,412.00 |
| Hildbold, William M. | Department:<br><br>Licensure: | Business Restructuring<br>& Insolvency<br>NY (2009) | $445.00 | 1.0 | $445.00 |
| Kumar, Neeraj | Department:<br>Licensure: | Capital Markets<br>NY (2010) | $445.00 | 274.0 | $121,930.00 |
| Law, Meimay L. | Department:<br>Licensure: | Tax<br>NY (2010) | $445.00 | 6.0 | $2,670.00 |

C-7

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Newton, James A. | Department: | Business Restructuring & Insolvency | $445.00 | 744.5 | $331,302.50 |
| | Licensure: | NY (2011) FL (2009) | | | |
| Seligson, Peter | Department: | Capital Markets | $445.00 | 169.9 | $75,605.50 |
| | Licensure: | NY (2012) | | | |
| Smiley, Benjamin | Department: | Litigation | $445.00 | 16.2 | $7,209.00 |
| | Licensure: | NY (2011) TX (2010) | | | |
| Wang, Jenny | Department: | Corporate | $445.00 | 5.6 | $2,492.00 |
| | Licensure: | NY (2011) | | | |
| Ziegler, David A. | Department: | Litigation | $445.00 | 697.5 | $310,387.50 |
| | Licensure: | NY (2011) | | | |
| Andrews, Lindsay | Department: | Litigation | $415.00 | 32.9 | $13,653.50 |
| | Licensure: | CA (2010) | | | |
| Chang, Annabel R. | Department: | Litigation | $415.00 | 225.9 | $93,748.50 |
| | Licensure: | CA (2009) | | | |
| Coles, Kevin M. | Department: | Litigation | $415.00 | 108.7 | $45,110.50 |
| | Licensure: | CA (2010) | | | |
| Datlowe, Nicholas A. | Department: | Litigation | $415.00 | 180.9 | $75,073.50 |
| | Licensure: | DC (2011) VA (2010) | | | |
| David, Jeffrey M. | Department: | Litigation | $415.00 | 29.1 | $12,076.50 |
| | Licensure: | CA (2009) DC (2011) | | | |
| Day, Peter H. | Department: | Litigation | $415.00 | 757.1 | $314,196.50 |
| | Licensure: | CA (2010) | | | |
| Gilbert, Felicia Marian | Department: | Litigation | $415.00 | 368.1 | $152,761.50 |
| | Licensure: | CA (2011) | | | |
| Jahann, Sai | Department: | Litigation | $415.00 | 5.1 | $2,116.50 |
| | Licensure: | CA (2010) DC (2011) | | | |
| Kaiser, Aurora V. | Department: | Litigation | $415.00 | 117.4 | $48,721.00 |
| | Licensure: | CA (2010) | | | |
| Kiefer, Megan Chauffe | Department: | Litigation | $415.00 | 0.4 | $166.00 |
| | Licensure: | CA (2010) | | | |
| Korman, Hailly T.N. | Department: | Litigation | $415.00 | 20.3 | $8,424.50 |
| | Licensure: | CA (2010) | | | |
| Lowenberg, Kelly | Department: | Litigation | $415.00 | 200.5 | $83,207.50 |
| | Licensure: | CA (2009) | | | |
| Rowe, Tiffany A. | Department: | Litigation | $415.00 | 187.0 | $77,605.00 |
| | Licensure: | NY (2011) NY (2010) DC (2011) | | | |
| Simon, Joanna L. | Department: | Litigation | $415.00 | 90.9 | $37,723.50 |
| | Licensure: | CA (2010) | | | |

C-8

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Washington, Ashley M. | Department: | Litigation | $415.00 | 57.2 | $23,738.00 |
| | Licensure: | CA (2011) | | | |
| Camacho, Toni | Department: | Corporate | $380.00 | 4.3 | $1,634.00 |
| | Licensure: | NY (2012) | | | |
| Castro, Monica K. | Department: | Litigation | $380.00 | 335.4 | $127,452.00 |
| | Licensure: | Awaiting Admission | | | |
| Crespo, Melissa M. | Department: | Business Restructuring & Insolvency | $380.00 | 738.4 | $280,592.00 |
| | Licensure: | NY (2012) | | | |
| de Ruig, David N. | Department: | Tax | $380.00 | 18.6 | $7,068.00 |
| | Licensure: | AZ (2007) CA (2008) | | | |
| Fernandes, Rachelle A. | Department: | Real Estate | $380.00 | 23.5 | $8,930.00 |
| | Licensure: | NY (2012) NJ (2012) | | | |
| Galeotti, Matthew R. | Department: | Litigation | $380.00 | 51.9 | $19,722.00 |
| | Licensure: | NY (2012) | | | |
| Goett, David J. | Department: | Tax | $380.00 | 16.4 | $6,232.00 |
| | Licensure: | NY (2012) | | | |
| Hannon, Daniel E. | Department: | Corporate | $380.00 | 9.8 | $3,724.00 |
| | Licensure: | NJ (2011) NY (2012) | | | |
| Kamen, Justin B. | Department: | Capital Markets | $380.00 | 81.1 | $30,818.00 |
| | Licensure: | Awaiting Admission | | | |
| Vasiliu, Andreea R. | Department: | Litigation | $380.00 | 130.3 | $49,514.00 |
| | Licensure: | Awaiting Admission | | | |
| Williams, Ryan D. | Department: | Capital Markets | $380.00 | 35.2 | $13,376.00 |
| | Licensure: | Awaiting Admission | | | |
| Chandhok, Shruti | Department: | Corporate | $355.00 | 24.3 | $8,626.50 |
| | Licensure: | Awaiting Admission | | | |
| Baldock, Michael T. | Department: | Litigation | $350.00 | 9.7 | $3,395.00 |
| | Licensure: | CA (2012) | | | |
| Contreras, Andrea | Department: | Litigation | $350.00 | 17.5 | $6,125.00 |
| | Licensure: | CA (2012) | | | |
| Heiman, Laura | Department: | Litigation | $350.00 | 5.3 | $1,855.00 |
| | Licensure: | DC (2012) | | | |
| Holburt, Gabrielle R. | Department: | Litigation | $350.00 | 69.2 | $24,220.00 |
| | Licensure: | CA (2011) NY (2012) | | | |
| Levine, Jeremiah Michael | Department: | Litigation | $350.00 | 31.5 | $11,025.00 |
| | Licensure: | CA (2012) | | | |
| Wheatfall, Natalie Elizabeth | Department: | Litigation | $350.00 | 520.6 | $182,210.00 |
| | Licensure: | CA (2011) | | | |
| Al Najjab, Muhannad R. | Department: | Capital Markets | $295.00 | 56.4 | $17,326.50 |
| | Licensure: | Awaiting Admission | | | |

C-9

| Name of Professional Individual | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **Temporary Attorneys[1]** | | | | |
| Connor Mocsny | Temp Attorney | $195.00 | 158.3 | $30,868.50 |
| Lackey, Marissa H. | Temp Attorney | $195.00 | 153.5 | $29,932.50 |
| Sherrod, Lisa H. | Temp Attorney | $195.00 | 150.5 | $29,347.50 |
| Traster, Marshall P. | Temp Attorney | $195.00 | 145.5 | $28,372.50 |
| **Total Attorneys' Fees Incurred** | | | **31,718.20** | **$20,238,321.50** |
| | | | | |
| **Paraprofessionals** | | | | |
| Roberts, Eric R. | Dir Frnsic Actg | $800.00 | 27.5 | $22,000.00 |
| Wineberg, Nora N. | Snr Paralegal | $310.00 | 1.8 | $558.00 |
| Kline, John T. | Snr Paralegal | $295.00 | 147.9 | $43,630.50 |
| Tice, Susan A.T. | Snr Paralegal | $290.00 | 750.0 | $217,500.00 |
| Bergelson, Vadim | eDisc Proj Mgr | $285.00 | 407.8 | $116,223.00 |
| Beyer, Thomas E. | Snr Paralegal | $285.00 | 4.6 | $1,311.00 |
| Ferrario, Cathy G. | eDisc Proj Mgr | $285.00 | 16.6 | $4,731.00 |
| Hurley, Teresa M. | Snr Paralegal | $285.00 | 32.5 | $9,262.50 |
| Nguyen, Thuan H. | eDisc Proj Mgr | $285.00 | 28.0 | $7,980.00 |
| Sandler, Joel | eDisc Proj Mgr | $285.00 | 0.3 | $85.50 |
| Silverman, Robert N. | eDisc Proj Mgr | $285.00 | 2.0 | $570.00 |
| Quevedo, Daniel | Snr Paralegal | $285.00 | 1.8 | $513.00 |
| Guido, Laura A. | Paralegal | $280.00 | 480.9 | $134,652.00 |
| Roy, Joshua A. | Docketing | $280.00 | 5.0 | $1,400.00 |
| Lenkey, Stephanie A. | Snr Paralegal | $275.00 | 17.5 | $4,812.50 |
| Smoot, Mark T. | Snr Paralegal | $275.00 | 133.6 | $36,740.00 |
| Chan, David | eDisc Analyst | $260.00 | 39.0 | $10,140.00 |
| Gehrke, Janell E. | Paralegal | $260.00 | 33.7 | $8,762.00 |
| Maccardle, Kenneth L. | Paralegal | $260.00 | 143.0 | $37,180.00 |
| Grossman, Ruby R. | Paralegal | $255.00 | 393.4 | $100,317.00 |
| Russ, Corey J. | Paralegal | $255.00 | 1.5 | $382.50 |
| Gaston, Joseph L. | eDisc Analyst | $250.00 | 4.6 | $1,150.00 |
| Hasman, Ronald D. | eDisc Analyst | $250.00 | 6.6 | $1,650.00 |
| Vergara, Ryan D. | eDisc Analyst | $240.00 | 23.3 | $5,592.00 |
| Glidden, Madeline E. | Temporary Info Services | $230.00 | 115.0 | $26,450.00 |
| Johnson, Alonzo | Paralegal | $230.00 | 154.6 | $35,558.00 |
| Lau, Sherry C. | eDisc Analyst | $230.00 | 1.8 | $414.00 |
| Soo, Jason | eDisc Analyst | $230.00 | 4.3 | $989.00 |
| Vajpayee, Abhishek | eDisc Analyst | $230.00 | 18.8 | $4,324.00 |
| Coppola, Laura M. | Docketing | $225.00 | 7.1 | $1,597.50 |
| Chessler, Mary E. | Research Analyst | $205.00 | 2.0 | $410.00 |
| Dietrich, Amy Ruth | Research Analyst | $205.00 | 1.3 | $266.50 |
| Kaiser, Rita A. | Information Resources Manager | $205.00 | 7.0 | $1,435.00 |

---

[1]    Applicant bills temporary attorneys at an hourly rate no greater than those billed by the applicable placement agency.

C-10

| Name of Professional Individual | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Loftus, Joan D. | Research Analyst s | $205.00 | 0.8 | $164.00 |
| Seiden, Lisa B. | Research Analyst | $205.00 | 3.6 | $738.00 |
| Shackleton, Mary E. | Research Analyst | $205.00 | 4.9 | $1,004.50 |
| Willens, Michael E. | Research Analyst | $205.00 | 2.0 | $410.00 |
| Oropeza, Priscilla R. | Paralegal | $190.00 | 20.5 | $3,895.00 |
| Blackwell, Yumiko | Associate Research Analyst | $185.00 | 0.3 | $55.50 |
| Friedman, Krista | Associate Research Analyst | $185.00 | 1.5 | $277.50 |
| Mahmoud, Karim | Docketing | $180.00 | 3.0 | $540.00 |
| Belisario, Christina M. | Research Analyst | $170.00 | 0.1 | $17.00 |
| Chow, York | Docketing | $170.00 | 39.2 | $6,664.00 |
| | | | | |
| **Total Fees Incurred (All Professionals)** | | | **34,808.90** | **$21,076,567.00**[2] |

---

[2]    This amount has been reduced by $14,106.50 from $21,090,673.50 on account of time incurred in connection with non-working travel within New York City that was initially included in the September Invoice and November Invoice.

ny-1081098

## EXHIBIT D

### SUMMARY OF EXPENSES INCURRED BY
### MORRISON & FOERSTER LLP ON BEHALF OF THE DEBTORS
### FOR THE PERIOD SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012[1]

| Expense Category | Amount |
|---|---|
| Air Freight | $4,024.71 |
| Business Meals | $19,671.87 |
| Color Copies (17,107 pages @ $0.10 per page) | $1,710.70 |
| Court Filing Service | $359.00 |
| Court Messenger Service | $22.07 |
| Delivery Fees | $618.15 |
| Document Retrieval Service | $2,949.96 |
| E-Discovery Fees | $94,665.54 |
| Filing Fees | $1,655.50 |
| Long Distance Telephone | $44.00 |
| Messenger Service | $2,568.28 |
| Miscellaneous Disbursement | $65,988.13 |
| On-line Research - OTHER DATABASE | $38.84 |
| Outside Copying Service | $29,439.75 |
| Outside Copying Svcs-Merrill | $19.60 |
| Outside Temp. Services | $203.50 |
| Photocopies (249,191 pages @ $0.07 per page) | $17,443.37 |
| Postage | $133.82 |
| Reporting Fees | $61,807.19 |
| Transportation | $74.52 |
| Travel | $112,455.42 |
| Travel Meals | $2,650.98 |
| **Total** | **$418,544.90** |

---

[1]    Applicant has reduced the amount of reimbursement sought for expenses incurred during the Application Period in the aggregate amount of $55,293.58.  Additionally, as an accommodation to the Debtors made in accordance with prepetition practices, Applicant does not charge the Debtors for expenses incurred by Applicant for Lexis or Westlaw research, overtime meals, in-house document preparation fees, or secretarial overtime.