Hearing Date:  March 15, 2013 at 10:00 a.m. (Eastern Time)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Kenneth H. Eckstein
Jennifer Rochon
Norman C. Simon
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Attorneys for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- x

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | : Case No. 12-12020 (MG) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

----------------------------------------------------------- x

**STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN RESPONSE TO ALLY FINANCIAL INC.'S OBJECTION TO MOTION OF THE EXAMINER FOR ENTRY OF AN ORDER MODIFYING THE UNIFORM PROTECTIVE ORDER FOR EXAMINER DISCOVERY, THE JOINDERS OF CERBERUS CAPITAL MANAGEMENT AND THE DEBTORS TO ALLY FINANCIAL INC.'S OBJECTION, AND THE EXAMINER'S RESPONSE TO THE OBJECTIONS**

The Official Committee of Unsecured Creditors (the "Committee") hereby submits this statement responding to the Objection to Motion of the Examiner for Entry of an Order Modifying the Uniform Protective Order for Examiner Discovery filed by Ally Financial Inc. ("AFI") (Dkt. No. 3155), the respective Joinders of Cerberus Capital Management ("Cerberus") (Dkt. No. 3156) and the Debtors (Dkt. No. 3158) to AFI's Objection, and the Examiner's Response to the Objections (Dkt. No. 3180) to his Motion (Dkt. No. 3092) seeking to modify certain provisions of the Uniform Protective Order for Examiner Discovery (Dkt. No. 1223-1).  The Committee respectfully states as follows:

1.    The Examiner's Motion seeks "to modify Paragraph 26 of the Protective Order to impose certain time deadlines on the issuance of further Clawback Requests to the Examiner." (Dkt. No. 3092 at ¶ 7).  Among other requested changes to the Examiner's proposal, AFI contends that any modification of the Uniform Protective Order that "imposes a deadline or other limitations on the rights of parties to clawback privileged material" should apply "only to material produced to the Examiner, and for use exclusively by the Examiner." (Dkt. No. 3155 at ¶¶ 23, 25).  AFI reasons that the Examiner's proffered basis for a clawback request deadline — to avoid "the risk of greater complication and potential disruption to the orderly completion of the Examiner's task" and "to help ensure the orderly completion of the investigation and the timely issuance of the Examiner's report" (Dkt. No. 3092 at ¶¶ 6, 8) — "does not apply to any other party with access to the Examiner's depository." (Dkt. No. 3155 at ¶ 24).  In his Response to the Objections, the Examiner raises "no objection to including in the order the express paragraph to this effect proposed by [AFI]." (Dkt. No. 3180 at n.5 & Exh. 1).  The Committee respectfully submits that AFI's reasoning is flawed, and that any modification made to the Uniform Protective Order should apply evenhandedly to all parties with access to the depository.

2.    Simultaneous with the Examiner's efforts, the Committee has been conducting its own independent investigation consistent with its fiduciary duties. Indeed, as the Court recognized when it decided to appoint an examiner, the Committee has a responsibility to conduct such an investigation. *See* June 18, 2012 Hearing Tr. at 122 (Dkt. No. 472) ("I think that close cooperation between the examiner and the committee is required. Duplication of effort is certainly to be avoided. . . . [But] [t]here may be some areas where the same subjects will be examined by the committee and by an examiner."). Consistent with that understanding, the Court subsequently ruled in its Examiner Discovery Order that the Committee and certain other parties independently "shall be entitled to access the Document Depository" established and maintained by the Examiner which "shall store all Discovery Material that is produced to the Examiner by a Disclosing Party in connection with the Examiner's investigation other than that which has been properly segregated and identified as 'Highly Confidential' Discovery Material" (Dkt. No. 1223 at 3-5). As Committee counsel represented to the Court shortly before it issued that Order, the Committee "carefully worked this [arrangement] out with the examiner" so that it could "work with the documents simultaneously with the examiner." *See* August 16, 2012 Hearing Tr. at 36 (Dkt. No. 1216).

3.    In conjunction with its ongoing investigation, the Committee has in fact been working closely with the Examiner. The Committee has met with the Examiner and his counsel to make substantive presentations on multiple occasions; shared information from Committee professionals with the Examiner and his advisors; and responded to information requests from the Examiner's counsel. On March 7, 2013, the Committee made two submissions to the Examiner: one that comprehensively marshaled the documentary evidence and legal

authorities in support of the Committee's estate cause of action for veil-piercing against AFI, and another addressed to the impropriety of AFI's proposed nonconsensual releases.

4.      The Committee only recently gained access to over three million pages of additional material produced by AFI, the Debtors and other parties, which it now is in the process of reviewing and expects to use to supplement its submissions to the Examiner.  The Committee respectfully submits that it should have simultaneous access to all of these and other documents produced to the Examiner so that it may continue to apprise him of the Committee's views of the evidence in advance of the issuance of his report.  The time concerns expressed by the Examiner as a justification for a clawback deadline therefore apply with equal force to the Committee.

5.      In addition, AFI's, Cerberus' and the Debtors' belated clawbacks have placed significant burdens on the Committee in carrying out its investigative efforts to date, and the distraction that such continuing clawbacks may cause is significant.  The Committee expended considerable effort revising and thus delaying the delivery of its recent submissions to the Examiner in light of at least twelve separate clawback requests received from AFI, Cerberus and the Debtors in January, February and March — nearly all of which came after the Committee, as well as AFI, made substantive presentations that used certain of the clawed back material.  Upon receipt of each of these requests, the Committee had to undertake to remove many thousands of pages from its databases; find and destroy references in its work product — including, most significantly, its draft submissions — to any clawed back material; and scour the parties' productions for suitable alternate sources of important information.  In several instances, the Committee was unable to find such alternatives, and had to incur additional time and resources making formal requests to bank regulators for their discretionary disclosure of certain

purportedly privileged materials.  Having to reach out to such regulators on a piecemeal basis if and when additional documents belatedly are clawed back increases the burden on the Committee, and reduces the likelihood that the Committee will obtain any waiver in time to share its views of such material with the Examiner before he issues his report.

6.       Finally, the Committee submits that all parties have an interest in the uniform application of the Protective Order.  As the Examiner noted in his August 10, 2012 Motion for entry of the Examiner Discovery Order, the objective of the Uniform Protective Order is "to streamline the discovery process" and in a "situation where there are multiple parties both producing and receiving documents, it is critical to the efficient conduct of the Investigation that there be a single uniform protocol governing the disclosure and use of the Discovery Material and any Confidential Information." (Dkt. No. 1093 at ¶ 30).

7.       AFI itself previously has stressed the importance of the uniform application of the Protective Order to all parties.  In its August 16, 2012 Limited Objection to the Examiner's Motion for entry of the Examiner Discovery Order, AFI argued — in contradiction of its position here — that "for efficiency and predictability, third parties such as [AFI] should be able to disclose information with the understanding that it will be subject to one, and only one, set of restrictions on confidentiality and subsequent disclosure." (Dkt. No. 1160 at ¶ 9).  In that same submission, AFI argued that the Uniform Protective Order should apply to *all* discovery because "a separate protective order for Committee and Examiner related discovery would — if not identical — require producing parties to potentially produce the same documents to the Committee and Examiner with differing confidentiality designations and subject to differing obligations.  This would impose unnecessary burdens on producing parties and add unneeded confusion and complexity to a constantly evolving discovery landscape." (*Id.* at ¶ 11).

8.      AFI's position now — that different clawback obligations should apply to the Examiner and to other parties receiving discovery material — is inconsistent with its prior position.   Having differing standards for the Committee and the Examiner could create a situation in which he has possession and access to material that the Committee does not.   This will prejudice the Committee's ability to evaluate and discuss with the Examiner such material, including its potential relevance and impact on other subject matter and produced documents. Further, the Committee may be denied access to or use of documents that the Examiner deems significant enough to rely upon in form or substance in his report.   Finally, the differing clawback obligations requested by AFI would result in the "unneeded confusion and complexity" that AFI previously asked this Court to avoid.

\*      \*      \*

For these reasons, the Committee respectfully requests that any modification to provisions of the Uniform Protective Order setting a deadline for clawback requests applies equally to the Examiner and the Committee.

Dated:  New York, New York
       March 14, 2013

Respectfully submitted,

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By:  */s/  Kenneth H. Eckstein*
        Kenneth H. Eckstein
        Jennifer Rochon
        Norman C. Simon

       1177 Avenue of the Americas
       New York, New York  10036
       (212) 715-9100

       *Attorneys for the Official Committee of*
        *Unsecured Creditors*