# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,[1] | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF SECOND INTERIM FEE APPLICATION OF CHADBOURNE & PARKE LLP, COUNSEL TO THE EXAMINER, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2012 THROUGH AND INCLUDING DECEMBER 31, 2012**

Howard Seife, on behalf of Chadbourne & Parke LLP, as counsel to the Court-appointed Examiner in the Chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the Debtors), hereby certifies, pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases effective as of February 5, 2013 (the "<u>Local Guidelines</u>") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>" and, together with the Local Guidelines, the "<u>Guidelines</u>"), that:

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

1.      I am a partner at Chadbourne & Park LLP ("Chadbourne"), counsel for

Arthur J. Gonzalez, the Court-appointed examiner (the "Examiner") in the Debtors' Chapter 11

cases, and am the professional designated by the applicant, Chadbourne, for compliance with

these Guidelines.

2.      This certification is made in respect of the Second Interim Application of

Chadbourne & Parke LLP, Counsel to the Examiner, for Allowance of Compensation and

Reimbursement of Expenses for the Period September 1, 2012 Through and Including

December 31, 2012 (the "Application") in accordance with the Guidelines.

3.      In respect of the Guidelines, I certify that:

(a)     I have read the Application;

(b)     to the best of my knowledge, information, and belief formed after
        reasonable inquiry, the fees and disbursements sought fall within the
        Guidelines;

(c)     the fees and disbursements sought are billed at rates and in accordance
        with practices customarily employed by Chadbourne and generally
        accepted by Chadbourne's clients; and

(d)     in providing a reimbursable service, Chadbourne does not make a profit on
        that service, whether the service is performed by Chadbourne in-house or
        through a third party.

4.      I certify that Chadbourne has complied with the Guidelines and that the

Examiner has reviewed and approved the Application.

5.      I certify that Chadbourne has provided to counsel to the Debtors, counsel

to the Official Committee of Unsecured Creditors and the Office of the United States Trustee for

the Southern District of New York (the "U.S. Trustee"), on a monthly basis, a statement of

Chadbourne's fees and disbursements accrued during the previous month.

6.     In respect of the Guidelines, I certify that the Debtors, counsel to the

Debtors, counsel to the Official Committee of Unsecured Creditors and the U.S. Trustee, are

each being provided with a copy of the Application at least fourteen days before the hearing on

the Application.

7.     To the best of my knowledge, information and belief, with respect to the

disbursements for which reimbursement is sought: (i) Chadbourne does not make a profit on

such disbursement; (ii) Chadbourne does not include in the amount for which reimbursement is

sought the amortization of the cost of any investment, equipment or capital layout; and

(iii) Chadbourne requests reimbursement only for the amount billed to Chadbourne by the third-

party vendor and paid by Chadbourne to such vendor.

8.     With respect to photocopying and facsimile transmission expenses,

Chadbourne's charges do not exceed the maximum rate set by the Guidelines (there is no charge

for incoming facsimile transmissions).  These charges are intended to cover Chadbourne's direct

operating costs for photocopying and facsimile facilities, which costs are not incorporated into

Chadbourne's hourly billing rates.  Only clients who actually use photocopying, facsimile, and

other such office services are separately charged for the same.  The effect of including such

expenses as part of the hourly billing rates would impose that cost upon clients who do not

require extensive photocopying, facsimile, and document production facilities and services.

9.     The time constraints frequently imposed by the circumstances of these

cases have required Chadbourne's attorneys and other employees at times to devote substantial

amounts of time during the evenings and on weekends to the performance of legal services on

behalf of the Examiner.  Consistent with firm policy, attorneys and other employees of

Chadbourne who worked late into the evenings were reimbursed for their reasonable meal costs and their cost for transportation home.  Chadbourne's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.  The reimbursement of these requested disbursements are consistent with the provisions set forth in the Guidelines.

10.     In addition, on some occasions, same day and overnight delivery of documents and other materials was required as a result of deadlines necessitating the use of such express services.  These disbursements are not included in Chadbourne's overhead for the purpose of setting billing rates.

11.     With respect to long-distance travel expenses, reimbursement for airfare is sought at "coach class" rates which is in accordance with the Guidelines.

12.     With respect to proofreading, Chadbourne does not seek reimbursement for proofreading charges in this Application, nor are any such charges included in Chadbourne's overhead for the purpose of setting billing rates.

13.     In accordance with the Guidelines, in seeking reimbursement for long distance telephone charges, Chadbourne currently charges clients its approximate actual cost paid to its long distance carriers.

14.     With respect to legal research expenses, Chadbourne has entered into flat-fee contracts with Lexis/Nexis and Westlaw for the provision of online research services.  In order to determine charges to individual clients, the flat fees charged to Chadbourne by

Lexis/Nexis and Westlaw are allocated among those clients based on the actual number and scope of searches conducted on behalf of those clients.

15.     In seeking reimbursement for all services billed by a third party such as outside professional services, Chadbourne bills its clients at the actual costs incurred.

16.     In providing reimbursable services, Chadbourne bills at rates which are in accordance with the practices customarily employed by Chadbourne and generally accepted by its clients.  In providing these services, Chadbourne bills out the charges at rates which are determined by Chadbourne in good faith to be sufficient only to cover its costs and does not provide a profit from these services.

17.     Chadbourne has made every effort to minimize its disbursements in these cases.  The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Examiner.

18.     By this certification Chadbourne does not waive or release any rights or entitlements it has under the order of this Court dated August 9, 2012, approving, under section 327(a) of title 11, United States Code, Chadbourne's retention by the Examiner pursuant to Chadbourne's normal billing rates and customary reimbursement and disbursement practices.

Dated:     New York, New York
           March 14, 2013

                            ___/s/ Howard Seife_____
                                Howard Seife