Hearing Date and Time: April 11, 2013 at 10:00 a.m.
Objection Deadline: March 25, 2013 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**SECOND INTERIM FEE APPLICATION OF ARTHUR J. GONZALEZ, AS CHAPTER 11 EXAMINER, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 1, 2012 THROUGH AND INCLUDING DECEMBER 31, 2012**

| | |
|---|---|
| Name of Applicant: | Arthur J. Gonzalez, Examiner |
| Authorized to Provide Professional Services To: | As Chapter 11 Examiner |
| Date of Appointment: | July 3, 2012 |
| Period for Which Compensation and Reimbursement is Sought: | September 1, 2012 through December 31, 2012 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $114,750.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $         .00 |
| This is a(n):    ___ Monthly | x   Interim        ____ Final Application |

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

Prior Monthly Fee Statements:

| Date Served | Period Covered | Fees Requested | Expenses Requested | Fees Approved/ Paid (80%) | Expenses Approved/ Paid |
|---|---|---|---|---|---|
| 9/28/2012 | 7/3/2012 - 8/31/2012 | $86,137.50 | .00 | $68,910.00 | .00 |
| 11/2/2012 | 9/1/2012 - 9/30/2012 | $24,525.00 | .00 | $19,620.00 | .00 |
| 11/30/2012 | 10/1/2012 - 10/31/2012 | $35,400.00 | .00 | $28,320.00 | .00 |
| 1/02/2013 | 11/1/2012 - 11/30/2012 | $20,250.00 | .00 | $16,200.00 | .00 |
| 1/31/2013 | 12/1/2012 - 12/31/2012 | $34,575.00 | .00 | $27,660.00 | .00 |

Interim Fee Application Summary

| Interim Fee Application | Dates Covered by Interim Fee Period | Bankruptcy Court Approval Date | Amount Requested | Total Amount Approved/ Paid | Holdback Amount Due (10%) |
|---|---|---|---|---|---|
| 1 (Docket No. 1900) | July 3, 2012 - August 31, 2012 | December 28, 2012 (Docket No. 2530) | $86,137.50 | $77,523.75 | $8,613.75 |

                                                 **Hearing Date and Time: April 11, 2013 at 10:00 a.m.**
                                                       **Objection Deadline: March 25, 2013 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**SECOND INTERIM FEE APPLICATION OF ARTHUR J. GONZALEZ,
AS CHAPTER 11 EXAMINER, FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE
PERIOD SEPTEMBER 1, 2012 THROUGH AND INCLUDING DECEMBER 31, 2012**

Arthur J. Gonzalez, as the Court-appointed Examiner (the "Examiner") in the Chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits this Second Interim Fee Application (the "Application") for Allowance of Compensation and Reimbursement of Expenses For the Period September 1, 2012 Through December 31, 2012 (the "Application Period"). This Application is submitted pursuant to sections 330, 331 and 503(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals, dated July 17, 2012 (the "Interim Compensation Order"). In support of the Application, the Examiner respectfully represents as follows:

## BACKGROUND

1. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 4, 2012, Berkshire Hathaway, Inc. filed a motion (the "Examiner Motion") for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c). On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "Memorandum Decision"). On June 28, 2012, the Court entered the Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Examiner Order").

3. On July 3, 2012, the United States Trustee for the Southern District of New York appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval. On that same date, the Court entered an order approving the appointment.

4. On July 17, 2012, Arthur J. Gonzalez filed the Application of the Examiner for Order Authorizing the Retention and Employment of Chadbourne & Parke LLP ("Chadbourne") as Counsel to the Examiner *Nunc Pro Tunc* to July 11, 2012. On August 9, 2012, the Court entered an order approving Chadbourne's retention.

5. Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner was directed to conduct an investigation of a scope and timing to be set by the Court after the Examiner had conferred with other parties in interest. Examiner Order at p. 2. After the requisite consultations, the Court mandated that the Examiner conduct an

2

investigation covering the topics set forth in the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner, dated July 27, 2012 (the "Scope Order").

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## COMPLIANCE WITH GUIDELINES AND ORDER GOVERNING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

7. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases effective as of February 5, 2013 (the "Local Guidelines") and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines" and, together with the Local Guidelines, the "Guidelines"). Pursuant to the Guidelines, a certification regarding compliance with same is attached hereto as Exhibit A.

## SUMMARY OF APPLICATION

8. The Examiner seeks compensation for services rendered as Examiner during the Application Period in the aggregate amount of $114,750.00. During the Application Period, the Examiner expended a total of 153.00 hours for which compensation is requested.

9. A summary of the hours spent by the Examiner, his regular customary billing rate and the total value of time incurred rendering services during the Application Period is attached hereto as Exhibit B.

3

10. Pursuant to the Guidelines, a schedule setting forth a description of the project categories utilized in this case, the number of hours expended by the Examiner by project category, and the aggregate fees associated with each project category is attached hereto as Exhibit C.

11. The Examiner maintains computerized records of the time spent rendering services during the Application Period. Redacted copies of these computerized records are attached hereto as Exhibit D.

## SUMMARY OF SERVICES DURING THE APPLICATION PERIOD

12. As set forth in the detailed computerized records attached hereto as Exhibit D, fees incurred by the Examiner during the Application Period total $114,750.00. The services rendered by the Examiner during the Application Period are grouped into specific project categories as set forth in Exhibit C. The following is a summary of the activities performed by the Examiner during the Application Period

- Participation in weekly general planning sessions with Chadbourne and Mesirow to discuss all areas of the investigation and coordinate future steps in the investigation.

- Attend various meetings with the Examiner's professionals and with interested parties to discuss a variety of different topics. The Examiner and his professionals continue to meet with interested parties on an ongoing basis and have open dialogues with various case professionals, including various parties' financial advisors. Meetings included those with representatives of the Debtors, the Committee, Ally Financial, the Steering Committee of RMBS holders represented by Kathy Patrick, the RMBS Trustees, the Junior Secured Notes, the Unsecured Notes, MBIA, AIG, and Triaxx.

- Review and analysis of various transaction summaries prepared by Chadbourne and related legal analyses of causes of action that may be implicated by the transactions.

4

- Review and analysis of witness interview transcripts and related summary analyses prepared by Chadbourne.

- Discussions with Chadbourne regarding conflicts counsel to represent the Examiner with aspects of the investigation concerning certain discovery subjects. Review retention application of Wolf Haldenstein Adler Freeman & Herz as conflicts counsel.

- Review and comment on Examiner's and Examiner's professionals first interim fee applications. Review U.S. Trustee's objections to Examiner's professionals first interim fee applications and review related responses.

- Review of pleadings filed in the Chapter 11 Cases and related analyses prepared by Chadbourne to keep apprised of case developments.

- Attend Chambers conferences on November 5, 19 and 20, 2012 to discuss various factors among the discovery parties contributing to the need to extend the projected date for completion of the Examiner's report. Worked on certain additions for incorporation into the Second Supplement to Examiner Work Plan (as filed with the Bankruptcy Court on November 26, 2012).

- Attend omnibus hearing at the Bankruptcy Court on December 20, 2012 with Chadbourne to provide report on status of investigation.

## DETERMINATION OF THE EXAMINER'S REQUESTED FEE

13.  The compensation sought herein is requested without prejudice to the Examiner's entitlement to seek such additional and reasonable compensation for any additional services rendered in these Chapter 11 Cases at the conclusion thereof upon the filing of an appropriate application therefor.

14.  The Examiner's fees during the Application Period are also reasonable under the prevailing legal standard and should be allowed. The amount of these fees is not unusual given the complexity and size of these Chapter 11 Cases. The Examiner's fees are commensurate with fees that other Examiners of comparable experience and expertise have charged and been

5

awarded in similar chapter 11 cases. Accordingly, the Examiner's fees are reasonable pursuant to section 330 of the Bankruptcy Code.[2]

15. Section 330(a)(1)(B) of the Bankruptcy Code permits reimbursement for actual, necessary expenses. The Examiner does not seek reimbursement for expenses during the Application Period.

16. Except as permitted by rule 2016 of the Federal Rules of Bankruptcy Procedure, no agreement or undertaking exists between the Examiner and/or any third person for the sharing or division of compensation. All of the services for which compensation is requested in this Application were rendered by the Examiner solely in furtherance of his duties and functions as the Examiner.

17. Pursuant to the standards set forth in sections 330 and 331 of the Bankruptcy Code, the Examiner submits that the compensation requested is for actual and necessary services and expenses, and is reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in a case under the Bankruptcy Code.

## NOTICE AND NO PRIOR APPLICATION

18. Pursuant to the Interim Compensation Order, notice of this Application has been served upon the following parties (collectively, as further defined in the Interim Compensation

---

[2] Section 330(a)(1) of the Bankruptcy Code allows the payment of:

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

11 U.S.C. §330(a)(1). Reasonableness of compensation is driven by the "market-driven approach" which considers the nature, extent and value of services provided by the professional and the cost of comparable services in non-bankruptcy contexts. See Zolfo Cooper & Co. v. Sunbeam-Oster Co., 50 F.3d 253, 258 (3d Cir. 1995); In re Busy Beaver Bldg. Ctr., Inc., 19 F.3d 833, 849 (3d Cir. 1994). Thus, the "baseline rule is for firms to receive their customary rates." Zolfo Cooper, 50 F.3d at 259.

6

Order, the "Notice Parties"):  (i) counsel for the Debtors; (ii) the Office of the United States Trustee for the Southern District of New York; (iii) counsel for the Official Committee of Unsecured Creditors; (iv) counsel for Ally Financial Inc.; and (v) counsel for Barclays Bank PLC.  In light of the nature of the relief requested herein, the Examiner submits that no further or other notice is required.

19. No previous application for relief sought herein has been made to this or any other court.

WHEREFORE, the Examiner respectfully requests that this Court issue and enter an order (i) authorizing compensation in the amount of $114,750.00 for services rendered during the Application Period; (ii) authorizing and directing the Debtors to remit payment to the Examiner as set forth herein, less all amounts previously paid on account of such fees; and (ii) granting such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        March 14, 2013

By: */s/ Arthur J. Gonzalez*
    Arthur J. Gonzalez
    *The Examiner*