Hearing Date and Time: April 11, 2013 at 10:00 a.m. (ET)
Objection deadline: March 25, 2013 at 4:00 p.m. (EST)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re:                                          :    Chapter 11
                                                :
Residential Capital, LLC, <u>et al.</u>,        :    Case No. 12-12020 (MG)
                                                :
            Debtors.                            :    Jointly Administered
                                                :
---------------------------------------------------------- x

**FIRST APPLICATION OF J F. MORROW, CONSULTANT TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM SEPTEMBER 5, 2012 THROUGH DECEMBER 31, 2012**

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**

| | |
|---|---|
| Name of Applicant: | J F. Morrow |
| Authorized to Provide Professional Services to: | Consultant to the Official Committee of Unsecured Creditors |
| First Interim Fee Period: | September 5, 2012 to December 31, 2012 |
| Fees Requested: | $ 135,140.00[1] |
| Expenses Requested: | $ 1,345.61 |
| Total Amount Requested: | $ 136,485.61 |

This is an/a   X Interim       __ Final Application

**SUMMARY OF FIRST APPLICATION OF J F. MORROW
FOR SERVICES RENDERED FOR THE PERIOD
SEPTEMBER 5, 2012 THROUGH DECEMBER 31, 2012**

| Name of Individual | Title | Hourly Billing Rate | Totals Hours Billed | Total Compensation |
|---|---|---|---|---|
| J F. Morrow | Consultant | $400.00 | 346.1 | $135,140.00 |
| **Total Fees Incurred** | | | **346.1** | **$135,140.00** |

Blended hourly rate for all professionals is $400.00.

---

[1] Reflects a voluntary write-off of 1 hour in fees, totaling $400.00.

### SUMMARY OF FIRST APPLICATION OF J F. MORROW
### FOR SERVICES RENDERED FOR THE PERIOD
### SEPTEMBER 5, 2012 THROUGH DECEMBER 31, 2012

| Matter Description | Total Billed Hours | Total Compensation |
|---|---:|---:|
| Project Code 300: Expert Report | 130.8 | $52,320.00 |
| Project Code 301: Loan Files | 112.5 | $45,000.00 |
| Project Code 302: Survey | 46.8 | $18,720.00 |
| Project Code 303: Deposition | 26.5 | $10,600.00 |
| Project Code 304: Travel (Billed at 50%) | 16.5 | $6,600.00 |
| Project Code 305: Telephonic Conference Calls | 13.0 | $5,200.00 |
| **Total Fees Incurred** | 346.1 | $138,440.00 |
| Less 50% Reduction for Non-Working Travel | | $3,300.00 |
| **TOTAL** | | $135,140.00 |

Hearing Date and Time: April 11, 2012 at 10:00 a.m. (ET)
Objection deadline: March 25, 2013 at 4:00 p.m. (EST)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
Residential Capital, LLC, et al.,                            :   Case No. 12-12020 (MG)
                                                             :
            Debtors.                                :   Jointly Administered
                                                             :
------------------------------------------------------------ x

**FIRST APPLICATION OF J F. MORROW, CONSULTANT TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM SEPTEMBER 5, 2012 THROUGH DECEMBER 31, 2012**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

J F. Morrow, Consultant to the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-referenced Chapter 11 cases (the "**Chapter 11 Cases**"), hereby files its first application (the "**Application**") pursuant to section 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for the interim allowance of compensation for professional services performed by Mr. Morrow for the period commencing September 5, 2012 through and including December 31, 2012 (the "**First Interim Fee Period**"), and for reimbursement of its actual and necessary expenses incurred during the First Interim Fee Period. In support of his Application, Mr. Morrow respectfully represents as follows:

**JURISDICTION AND VENUE**

1.     The Court has jurisdiction over this Application pursuant to 28 U.S.C.

§§ 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. The statutory predicate for the relief requested herein is sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Bankruptcy Rules.

**SUMMARY OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

4. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on January 23, 2103 (the "**Local Guidelines**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**"), and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 797] entered in these Chapter 11 Cases (the "**Interim Compensation Order**,") and together with the Local Guidelines and the UST Guidelines, (the "**Guidelines**"). Pursuant to the Guidelines, a certification of J F. Morrow, regarding compliance with the Guidelines is attached hereto as **Exhibit 1**.

5. Mr. Morrow seeks interim allowance of fees for professional services rendered during the First Interim Fee Period in the aggregate amount of $135,140.00 (the "**First Interim Fee**") and reimbursement of expenses incurred in connection with rendition of those services in the aggregate amount of $1,345.61(the "**First Interim Expenses**").

6. During the First Interim Period, Mr. Morrow expended a total of 346.1 hours for which compensation is requested. Mr. Morrow was the only professional billing

during this period, and his hourly rate is $400.00, for total fees incurred of $135,140.00.

7. There is no agreement or understanding between Mr. Morrow and any other person for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.

8. The fees charged by Mr. Morrow in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures set forth in the Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment and Retention of J F. Morrow as Consultant to the Committee, *Nunc Pro Tunc* to September 5, 2012 (the "**Application**") [Docket No. 1419]. These fees were agreed to in accordance with the engagement letter ("**Engagement Letter**") between Mr. Morrow and the Committee dated September 5, 2012, which was attached to the Application..

9. The rates Mr. Morrow charges for his services rendered in these Chapter 11 Cases are reasonable relative to the rates charged by Mr. Morrow to non-bankruptcy clients and to the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy and bankruptcy cases in a competitive national market.

10. Annexed hereto as **Exhibit 2** is a schedule specifying the expenses for which Mr. Morrow is seeking reimbursement and the total amount for these expenses. In addition, attached hereto as **Exhibit 3** is a copy of all of the expenses incurred during the First Interim Fee Period.

11. Pursuant to Section II.D of the UST Guidelines, annexed hereto as **Exhibit 4** is a summary of Mr. Morrow's time billed during the First Interim Fee Period.

12. Annexed hereto as **Exhibit 5** is Mr. Morrow's time detail by month for the First Interim Fee Period.

## BACKGROUND

13. On May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

14. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Committee. The United States Trustee selected the following nine parties to serve as members of the Committee: (i) Wilmington Trust, N.A.; (ii) Deutsche Bank Trust Company Americas; (iii) The Bank of New York Mellon Trust Company, N.A.; (iv) MBIA Insurance Corporation; (v) Rowena L. Drennen; (vi) AIG Asset Management (U.S.), LLC; (vii) U.S. Bank National Association; (viii) Allstate Life Insurance Company; and (ix) Financial Guaranty Insurance Corporation.

15. On September 11, 2012, Mr. Morrow filed the Application [Docket No. 1418]. On September 27, 2012, the Court entered the Order Approving Retention of J F. Morrow as Consultant to the Official Committee of Unsecured Creditors *Nunc Pro Tunc* to September 5, 2012 (the "**Retention Order**").

## MR. MORROW'S FEE STATEMENTS

16. Mr. Morrow maintains computerized records of the time spent in connection with the representation of the Committee. Mr. Morrow submitted monthly fee statements (the "**Monthly Fee Statements**") to the Notice Parties (as that term is defined in the Interim Compensation Order) in the format specified by the UST Guidelines, allowing each of the Notice Parties an opportunity to review and object to the Monthly Fee Statements.[1] During the First Interim Fee Period, Mr. Morrow provided the Notice Parties with the following

---

[1] To date, Mr. Morrow has not received any objections to his Monthly Fee Statements.

Monthly Fee Statements:

- For September 5, 2012 through October 31, 2012 – fees of $62,316.00 and expenses of $0 (the "**September/October Statement Period**");

- For November 1, 2012 through November 30, 2012 – fees of $51,520.00 and expenses of $0.00 (the "**November Statement Period**");

- For December 1, 2012 through December 31, 2012 – fees of $21,300.00 and expenses of $1,345.61 (the "**December Statement Period**").

17.     In total, Mr. Morrow submitted Statements during the First Interim Fee Period for fees of $135,140.00 and expenses of $1,345.61.

18.     In accordance with the Interim Compensation Order, Mr. Morrow sought payment for 80% of fees and 100% of expenses incurred pursuant to each Statement. With respect to the September/October Statement Period, Mr. Morrow received a payment of $49,852.80, representing 80% of fees requested ($62,320.00) and 100% of expenses requested ($0.00). With respect to the November Statement Period, Mr. Morrow received a payment of $41,216.00, representing 80% of fees requested ($51,520.00) and 100% of expenses requested ($0.00). With respect to the December Statement Period, Mr. Morrow requested payment of $17,040, representing 80% of fees requested ($21,300.00) and 100% of expenses requested ($1,345.61).

19.     Therefore, pursuant to this Application, Mr. Morrow respectfully requests that the Court enter an order awarding Mr. Morrow on an interim basis fees in an aggregate amount of $135,140.00, and the reimbursement of actual and necessary expenses Mr. Morrow incurred during the First Interim Fee Period in the aggregate amount of $1,345.61. Mr. Morrow is requesting payment of the balance of his unpaid fees.

20.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the First Interim Fee Period but were not processed prior to the

preparation of this Application, Mr. Morrow reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

## SUMMARY OF SERVICES RENDERED

21.    The services rendered by Mr. Morrow during the First Interim Fee Period are summarized below.  The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in **Exhibit 6**.  Rather, in compliance with the UST Guidelines, the following summary highlights certain areas in which services were rendered to the Committee and identifies some of the issues to which Mr. Morrow devoted significant time and effort during the First Interim Fee Period.

**A.    Expert Report**
(Fees: $52,720.00/Hours Billed: 130.8)

22.    During the First Interim Fee Period, Mr. Morrow spent time drafting, editing and revising his 100-page expert witness report, which was served on the Debtors and other parties in interest on December 3, 2012 (and ultimately filed with the Court on February 1, 2013).  Areas covered by the expert report include, among others, a description of the industry background (types of mortgage loans; the mortgage loan process; securitization process), the securitizations, underwriting guidelines and process, a description of the loans files and loan documentation types, a description of the re-underwriting process (process itself, personnel, information captured), along with a thorough discussion of the Mr. Morrow's expert opinions regarding RMBS issues and the proposed RMBS Settlement drawn from his analysis. The preparation of the expert report also included the preparation of all exhibits and attachments.

**B.    Loan Files**
(Fees: $45,000.00/Hours Billed: 112.5)

23.    The loan file analysis during the First Interim Fee Period included a

review and analysis of over 22,000 pages of ResCap underwriting guidelines covering a specified time period. This also required Mr. Morrow to review and extract portions of the prospectus supplements regarding underwriting for each of the securitizations. Ultimately, during the First Interim Fee Period, Mr. Morrow also (i) designed a survey for the sample loans, (ii) reviewed all 1500 loans in the loan sample pool, (iii) performed a reunderwriting process on a sample of those loans, and (iv) performed re-underwriting as a separate audit review. In this process, Mr. Morrow compared the results of his analysis with those of the Committee's other RMBS experts, and re-underwrote additional loans to conduct quality control.

**C.    Survey**
(Fees: $18,700.00/Hours Billed: 46.8)

24.    During the First Interim Fee Period, Mr. Morrow also analyzed the data and results from the survey for the sample loans. This involved the preparation of tables exemplifying the results of the survey, the securitizations, and the classification of the various loan categories.

**D.    Deposition**
(Fees: $10,600.00/Hours Billed: 26.5)

25.    On December 17, 2012, Mr. Morrow was deposed in connection with his expert opinions regarding the Debtors' proposed RMBS Settlement. Prior to this deposition, Mr. Morrow prepared for the deposition and reviewed relevant documents and reports. Following the deposition, Mr. Morrow reviewed his testimony for accuracy.

**E.    Travel**
(Fees: $3,300.00/Hours Billed: 16.5)

26.    During the First Interim Fee Period, a total of 16.5 hours were spent on non-working travel in connection with attending a deposition session on December 17, 2012 in New York, New York. Any time billed in this category is billed at 50% of the regular hourly

rate.

**F.   Telephonic Conference Calls**
(Fees: $5,200.00/Hours Billed: 13.0)

27.   During the First Interim Fee Period, in connection with the services provided above, Mr. Morrow held numerous telephonic conference calls with the Committee's other RMBS experts (including San Marino Business Partners, Coherent economics, and Analytic Focus), and Committee counsel, to discuss issues and analysis of the proposed RMBS Settlement.

28.   The foregoing services performed by Mr. Morrow were appropriate and necessary to the effective administration of these cases. They were in the best interests of creditors, the Debtors' estate and other parties-in-interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The services were performed in an appropriately expeditious and efficient manner.

**ACTUAL AND NECESSARY DISBURSEMENTS OF MR. MORROW**

29.   As set forth in **Exhibit 3** hereto, Mr. Morrow incurred $1,345.61 in expenses during the First Interim Fee Period. Mr. Morrow has billed all flights at the coach rate, and has capped expenses for each meal at $20.00.

30.   Mr. Morrow has made every effort to minimize his expenses in these cases. The actual expenses incurred in providing services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Committee.

**RELIEF REQUESTED**

31.   Pursuant to the Interim Compensation Order, Mr. Morrow is hereby requesting payment of 100% of his fees earned of $135,140.00, and 100% of his expenses

incurred of $1,345.61, for a total of $136,481.61. Mr. Morrow respectfully submits that the amount of compensation requested during the First Interim Fee Period is reasonable considering the nature, extent and value of the professional services performed during the Chapter 11 Cases. The fees sought in this Application reflect an aggregate of 346.1 hours expended by Mr. Morrow performing necessary services. As discussed above, the rates charged by Mr. Morrow for these services are reasonable relative to rates charged by Mr. Morrow to non-bankruptcy clients and other professionals of comparable skill and competence. Mr. Morrow has undertaken efforts to minimize costs to the Debtors' estates while ensuring that the Committee receives the highest quality representation.

32. The services for which Mr. Morrow seeks compensation in this Application were, at the time rendered, necessary for, beneficial to, and in the best interests of, the Committee and the Debtors' estates. The services rendered by Mr. Morrow were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved.

### NOTICE

33. Pursuant to the Interim Compensation Order, notice of this Application has been given to the Notice Parties and the Committee submits that no other or further notice need be provided.

### NO PRIOR REQUEST

34. No prior request for the relief sought in this Application has been made to this or any other court.

**WHEREFORE**, Mr. Morrow respectfully requests that the Court enter an order (i) awarding Mr. Morrow the interim allowance of (a) fees for the First Interim Fee Period in the amount of $135,140.00, and (b) reimbursement for actual and necessary expenses Mr. Morrow

incurred during the First Interim Fee Period in the amount of $1,345.61; (ii) authorizing and directing the Debtors to pay Mr. Morrow all unpaid fees and expenses for the First Interim Period; and (iii) granting such other relief as is just and proper.

Dated: San Antonio, Texas
March 14, 2013

By: _____
J F. Morrow
5514 Darmondale Blvd.
San Antonio, Texas 78261
Telephone: (210) 651-3749
Facsimile: (210) 651-4076

*Consultant to the Official Committee of Unsecured Creditors*

- 10 -