UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                         :    Case No. 12-12020 (MG)
                                                             :
            Debtors.                                         :    Jointly Administered
------------------------------------------------------------ x

## ORDER MODIFYING THE UNIFORM
## PROTECTIVE ORDER FOR EXAMINER DISCOVERY

Upon the motion of Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") to modify certain provisions in the Uniform Protective Order for Examiner Discovery (the "Protective Order") (Dkt. No. 1223-1), which is Exhibit A to the Order (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, (II) Establishing Procedures for Responding to Those Subpoenas, (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (IV) Approving Protective Order, dated August 20, 2012 (the "Examiner Discovery Order") (Dkt. No. 1223), it is hereby

ORDERED, that the provisions of ¶ 26 of the Protective Order permitting a "Disclosing Party" (as defined in the Protective Order) to make a written request, upon discovery of having inadvertently or mistakenly produced information that is protected or prohibited from

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

disclosure, for return or destruction of such information ("Clawback Request"), are hereby modified solely to the extent of providing that:

(a) other than as to documents produced to the Examiner after March 15, 2013, no Disclosing Party shall make a Clawback Request to the Examiner after March 22, 2013, and the Examiner shall not be obligated to take any action, or to refrain from taking any action, in response to any Clawback Request made to the Examiner after March 22, 2013;

(b) as to any document produced to the Examiner after March 15, 2013, no Disclosing Party shall make a Clawback Request to the Examiner more than 14 days after the production of such document, and the Examiner shall not be obligated to take any action, or to refrain from taking any action, in response to any Clawback Request that was made to the Examiner more than 14 days after the production of such document;

(c) the foregoing provisions in paragraphs (a) and (b) above are qualified to the extent that a party may make a Clawback Request to the Examiner after the relevant deadlines set forth in paragraph (a) or paragraph (b) above (as may be appropriate) if and only if such Clawback Request is based upon bank regulatory privilege and is strictly confined to just those specific portions of the subject document which are claimed to be subject to such bank regulatory privilege;

(d) if a Clawback Request is made pursuant to paragraph (c) above, the Examiner may reject such Clawback Request by giving written notice of such rejection to the party making such Clawback Request, with such rejection being deemed final and binding unless the party making such Clawback Request files a motion with the Court to challenge the rejection within 7 days after the rejection, and there will be a presumption in favor of the Examiner in regard to any such challenge; and

(e) pursuant to Fed. R. Evid. 502(d), no party shall be deemed to have waived privilege for the purposes of any proceeding (state or federal) as to any document (i) that was produced to the Examiner in this bankruptcy case (ii) as to which a Clawback Request was not made to the Examiner within the deadlines specified in this Order (iii) where the claim of waiver is based solely upon such party's not having made a Clawback Request to the Examiner within the deadlines specified in this Order.

Dated: March 15, 2013
      New York, New York

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                 United States Bankruptcy Judge