Prince Lobel Tye LLP
100 Cambridge Street, Suite 2200, Boston, MA 02114
Telephone:  (617) 456-8044
Facsimile:  (617) 456-8100
Richard Briansky, Esquire

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SECOND APPLICATION OF PRINCE LOBEL TYE LLP FOR AN AWARD OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES
RENDERED AS AN ORDINARY COURSE PROFESSIONAL FOR THE DEBTORS
FOR THE PERIOD OF
NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

| | |
|---|---|
| Name of Applicant: | Prince Lobel Tye LLP ("Prince Lobel") |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession, as ordinary course professional |
| Date of Retention: | *Nunc Pro Tunc* to May 14, 2012 (the "**Petition Date**") |
| Application Period: | November 1, 2012 through November 30, 2012 |
| Amount of Compensation Sought: | $5,546.92 a total of $57,158.72 less $51,611.80 previously paid at approximately $75,000 per month for November 2012 as permitted by the OCP Order defined below. |
| Amount of Expense Reimbursement Sought: | $1,802.00 |
| Total Amount of Compensation and Expense Sought: | $7,348.92 |

1674427.1                                             1

X Monthly X Interim __ Final Application

This is the November 2012 fee application filed by Prince Lobel in these cases. A summary of the Monthly Fee Statements submitted by Prince Lobel during the Compensation Period is as follows:

| Date Submitted | Period Covered | Requested Fees | Requested Expenses | Amount of Fees Authorized to be Paid[1] | Amount of Expenses Authorized to be Paid | 20% Fee Holdback |
|---|---|---|---|---|---|---|
| 11/19/12 | 10/1/12 - 10/31/12 - | $70,220.80 | $12,128.12 | $51,611.80 | $10,326.12 | $14,044.16 |
| **Interim Totals** | 10/1/12 – 10/31/12 | $70,220.80 | $12,128.12 | $51,611.80 | $10,326.12 | $14,044.16 |

The Prince Lobel Professionals rendering services in these cases during this Compensation Period were:

| Name of Professional | Position | Bar Adm Date | Department | Hourly Billing Rate | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|---|
| Andrew Baldwin | Associate | 2011 | Litigation | 170.00 | 102.6 | $17,306.00 |
| Julie Brennan | Associate | 2009 | Litigation | 220.00 | 67.5 | 14,638.77 |
| Richard Briansky | Partner | 1996 | Litigation | 300.00 | 24.2 | 7,260.00 |
| Adam Doherty | Associate | 2007 | Reinsurance | 235.00 | 5.8 | 432.80 |
| Thomas Elcock | Partner | 1986 | Reinsurance | 265.00 | 3.6 | 954.00 |
| Brian Grossman | Partner | 1998 | Real Estate | 240.00 | 6.0 | 1,440.00 |
| Amy Hackett | Associate | 2009 | Litigation | 215.00 | 105.4 | 22,609.23 |
| Tavares Brewington | Partner | 2004 | Litigation | 265.00 | 2.8 | 742.00 |
| Jeffrey Pyle | Partner | 2000 | Media | 240.00 | 4.6 | 1,120.00 |
| Janine Sheehan | Paralegal | n/a | Litigation | 90.00 | 12.7 | 1,143.00 |
| Joseph Steinfield | Partner | 1964 | Litigation | 475.00 | 5.0 | 2,375.00 |
| William Worth | Partner | 1984 | Litigation | 250.00 | 0.8 | 200.00 |
| **Total** | | | | | 341.0 | **$70,220.80** |
| | | | | **Blended Rate** | | $205.93 |

---

[1] Pursuant to the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 797] (the "Interim Compensation Procedures Order"), if no Objection to a Monthly Fee Statement is submitted prior to the Objection Deadline, the Debtors must properly pay 80% of the fees and 100% of the expenses requested therein. As of this filing, the Objection Deadlines have not expired for the June, July, or August Monthly Fee Statement.

## SUMMARY OF REQUESTED COMPENSATION BY CASE[2]

**INVOICES PAID OUT OF RETAINER PURSUANT TO $75,000 MONTHLY OCP LIMIT**

| Case Name/PLT File No. | Total Hours | Total Fees | Total Costs | Total Paid |
|---|---|---|---|---|
| 101903.037 O'Hern | 6.6 | $1,531.50 | $240.00 | $1,771.50 |
| 101903.038 Harrington | 0.7 | $107.50 | $0.00 | $107.50 |
| 101903.043 DeSimone | 10.7 | $2,598.00 | $0.00 | $2,598.00 |
| 101903.049 Fonseca | 6.6 | $1,478.00 | $239.00 | $1,717.00 |
| 101903.054 Ciolfi | 0.3 | $90.00 | $0.00 | $90.00 |
| 101903.057 Hoeuy | 6.5 | $1,456.50 | $120.00 | $1,576.50 |
| 101903.068 Jeffreys | 3.6 | $476.00 | $0.00 | $476.00 |
| 101903.077 Sullivan | 0.2 | $53.00 | $0.00 | $53.00 |
| 101903.081 Cavanaugh | 4.5 | $1,350.00 | $0.00 | $1,350.00 |
| 101903.084 Orozco | 2.9 | $638.00 | $0.00 | $638.00 |
| 101903.088 Sullivan | 6.4 | $1,424.00 | $240.00 | $1,664.00 |
| 101903.089 Adams | 0.3 | $72.00 | $0.00 | $72.00 |
| 101903.091 Currier | 6.2 | $1,356.50 | $240.00 | $1,596.50 |
| 101903.095 Muscatelli | 3.9 | $918.50 | $0.00 | $918.50 |
| 101903.096 Nowling | 6.5 | $1,456.50 | $359.00 | $1,815.50 |
| 101903.097 Vargas | 6.5 | $1,455.50 | $240.00 | $1,695.50 |
| 101903.099 Mercier | 0.0 | $0.00 | $33.00 | $33.00 |
| 101903.105 Perry | 0.7 | $150.50 | $0.00 | $150.50 |
| 101903.113 Osgood | 5.4 | $1,188.00 | $0.00 | $1,188.00 |
| 101903.118 Grassia | 5.6 | $1,227.00 | $0.00 | $1,227.00 |
| 101903.121 Williams | 1.0 | $170.00 | $0.00 | $170.00 |
| 101903.122 LaCasse | 0.0 | $0.00 | $1,386.00 | $1,386.00 |
| 101903.123 Eldorado | 1.7 | $374.00 | $0.00 | $374.00 |
| 101903.124 Willems | 2.2 | $374.00 | $0.00 | $374.00 |
| 101903.131 Dumont | 6.7 | $1,478.50 | $240.00 | $1,718.50 |
| 101903.132 McVey | 7.8 | $1,701.00 | $0.00 | $1,701.00 |
| 101903.134 Chase | 0.4 | $96.00 | $0.00 | $96.00 |
| 101903.140 Jamrog | 6.4 | $1,425.50 | $240.00 | $1,665.50 |
| 101903.142 Seta | 0.8 | $200.00 | $0.00 | $200.00 |
| 101903.143 Boswell | 2.8 | $742.00 | $0.00 | $742.00 |
| 101903.146 Butler | 0.7 | $150.50 | $0.00 | $150.50 |
| 101903.147 Armand | 0.6 | $129.00 | $0.00 | $129.00 |

---

[2] Invoices setting forth the detailed time spent on each matter are attached to this Fee Petition as Exhibit B. Each invoice sets forth detailed information about the work performed and results obtained, including detailed time entries by timekeeper, hours billed and rates by timekeeper and by task code.

| | | | | |
|---|---|---|---|---|
| 101903.150 Horner | 6.3 | $1,404.00 | $480.00 | $1,884.00 |
| 101903.151 Deninno | 6.1 | $1,336.00 | $479.00 | $1,815.00 |
| 101903.153 Flores | 6.1 | $1,310.00 | $479.00 | $1,789.00 |
| 101903.154 Brown | 5.3 | $901.00 | $0.00 | $901.00 |
| 101903.160 Estrada | 0.1 | $21.50 | $720.00 | $741.50 |
| 101903.162 Ogilvie | 0.1 | $21.50 | $480.00 | $501.50 |
| 101903.163 Baptista | 0.1 | $21.50 | $480.00 | $501.50 |
| 101903.167 Fonseca | 6.5 | $1,421.00 | $360.00 | $1,781.00 |
| 101903.168 Sarcia | 4.4 | $968.00 | $0.00 | $968.00 |
| 101903.171 Pollock | 2.1 | $504.00 | $0.00 | $504.00 |
| 101903.172 St. John | 6.2 | $1,054.00 | $0.00 | $1,054.00 |
| 101903.178 Castillo | 0.1 | $17.00 | $0.00 | $17.00 |
| 101903.179 Duff | 2.2 | $484.00 | $0.00 | $484.00 |
| 101903.180 Fitzpatrick | 6.5 | $1,421.00 | $240.00 | $1,661.00 |
| 101903.181 Towner | 0.1 | $21.50 | $240.00 | $261.50 |
| 101903.183 Silber | 3.3 | $561.00 | $990.50 | $1,551.50 |
| 101903.184 Elakareh | 7.7 | $1,694.00 | $88.80 | $1,782.80 |
| 101903.185 Ford | 39.8 | $6,892.00 | $683.81 | $7,575.81 |
| 101903.186 Shaddock | 0.4 | $94.00 | $0.00 | $94.00 |
| 101903.187 Duffy | 0.4 | $68.00 | $36.07 | $104.07 |
| 101903.190 Iula | 0.1 | $21.50 | $240.00 | $261.50 |
| 101903.191 Almeida | 0.1 | $21.50 | $0.00 | $21.50 |
| 101903.192 Bjorklund | 0.1 | $21.50 | $240.00 | $261.50 |
| 101903.193 Louro | 0.1 | $21.50 | $240.00 | $261.50 |
| 101903.195 Dionisio | 2.2 | $473.00 | $0.00 | $473.00 |
| 101903.197 Fiske | 1.4 | $308.00 | $0.00 | $308.00 |
| 101903.203 Stephens | 8.6 | $1,778.50 | $0.00 | $1,778.50 |
| 101903.206 Watley | 3.4 | $482.00 | $82.50 | $564.50 |
| 101903.207 Kessel | 1.6 | $344.00 | $0.00 | $344.00 |
| 101903.209 Whitney | 5.4 | $338.80 | $0.00 | $338.80 |
| 101903.211 Williams | 6.7 | $1,139.00 | $189.44 | $1,328.44 |
| 101903.212 Limosani | 3.6 | $580.00 | $0.00 | $580.00 |
| **Total** | **252.3** | **$51,611.80** | **$10,326.12** | **$61,937.92** |

**INVOICES NOT PAID - APPROVAL BEING REQUESTED OF COURT**

| Case Name/PLT File No. | Total Hours | Total Fees | Total Costs | Total Requested |
|---|---|---|---|---|
| 101903.036 Beaudoin | 10.0 | $2,268.50 | $240.00 | $2,508.50 |

| | | | | |
|---|---|---|---|---|
| 101903.116 Demustchine | 10.9 | $2,654.00 | $455.00 | $3,109.00 |
| 101903.144 Wallace | 12.6 | $2,506.00 | $27.00 | $2,533.00 |
| 101903.155 D'Alessandro | 21.3 | $3,751.00 | $0.00 | $3,751.00 |
| 101903.159 Miozzi | 6.2 | $1,357.50 | $480.00 | $1,837.50 |
| 101903.166 Gammino | 6.7 | $1,482.00 | $360.00 | $1,842.00 |
| 101903.174 Barionnette | 7.6 | $1,737.00 | $240.00 | $1,977.00 |
| 101903.188 Ramlow/Anderson | 0.5 | $125.00 | $0.00 | $125.00 |
| 101903.203 Stephens | 12.9 | $2,728.00 | $0.00 | $2,728.00 |
| **Totals** | **88.70** | **$18,609.00** | **$1,802.00** | **$20,411.00** |

## EXPENSE SUMMARY

| EXPENSE CATEGORY | SERVICE PROVIDER (if applicable) | TOTAL EXPENSES |
|---|---|---|
| Special Master | | $1,320.00 |
| Local Counsel | | $455.00 |
| Outsourced Copies | | $27.00 |
| **Total:** | | **$1,802.00** |

Prince Lobel Tye LLP
100 Cambridge Street, Suite 2200, Boston, MA 02114
Telephone: (617)456-8044
Facsimile: 617-456-8100
Richard Briansky, Esquire

*Ordinary Course Professional for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SECOND APPLICATION OF PRINCE LOBEL TYE LLP FOR AN AWARD OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR SERVICES
RENDERED AS AN ORDINARY COURSE PROFESSIONAL FOR THE DEBTORS
FOR THE PERIOD NOVEMBER 1, 2012 THROUGH NOVEMBER 30, 2012**

By this application (the "**Application**") pursuant to sections 327, 330 and 331 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), the Order Under Bankruptcy Code Sections 105(a), 327 and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date [Docket No. 799], dated July 17, 2012 (the "**OCP Order**"), Prince Lobel Tye LLP ("Prince Lobel"), an ordinary course professional for the above-captioned debtors (the "Debtors"), hereby seeks compensation in the amount of $5,546.92 for reasonable and necessary legal services Prince Lobel rendered to Debtors during the Compensation Period and reimbursement for actual and necessary expenses incurred in the amount of $1,802.00 but, because under the OCP Order, $75,000 is payable by the Debtors upon the Debtors' approval

1674427.1                                                    6

without Court approval, Prince Lobel seeks approval of the $5,546.92 of fees that exceed the OCP Order's $75,000 monthly cap), together with reimbursement for actual and necessary expenses incurred in the amount of $1,802.00 for the period November 1, 2012 to November 30, 2012 (the "**Fee Period**"). In support of this Application, Prince Lobel LLP respectfully represents as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This Application has been prepared by Prince Lobel in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the OCP Order. Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as Exhibit 1. Pursuant to the UST Guidelines, the Debtors reviewed this Application and approved of the entire amount requested by Prince Lobel for services performed and expenses incurred during this Fee Period.

## BACKGROUND

3. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

1674427.1                                7

4. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine-member official committee of unsecured creditors (the "**Creditors' Committee**").

5. On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

6. The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("**AFI**"), which is not a Debtor. The Debtors and their non-debtor affiliates operate the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

7. On August 14, 2012, pursuant to paragraph 3(b) of the OCP Order, the Debtors filed the Affidavit of Disinterestedness sworn to by Richard Briansky, a partner of Prince Lobel on August 7, 2012 (the "Briansky Affidavit"), along with the accompanying Retention Questionnaire - Docket No. 1121. Pursuant to the Briansky Affidavit, the Debtors sought to retain Prince Lobel as an ordinary course professional under the OCP Order to provide legal services to the Debtors in a number of cases including cases listed in the preceding summary and invoices. Because no objections to the employment of Prince Lobel as an ordinary course professional were filed, under the OCP Order, the retention of Prince Lobel was deemed approved on May 14, 2012.

8. Pursuant to paragraph 3(c) of the OCP Order, the Debtors may pay Prince Lobel without prior application to the Court 100% of its fees and disbursements incurred, upon

submission to, and approval by, the Debtors of invoices setting forth in reasonable detail the nature of the services rendered and disbursements actually incurred up to $75,000 per month ("**OCP Monthly Limit**"). To date, the Debtors have paid the following amounts for November 2012 $61,937.92.

9.  Paragraph 3(c) of the OCP Order also provides that if an ordinary course professional's monthly invoice exceeds the OCP Monthly Limit, then payments to such ordinary course professional for any such excess amounts shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code as well as the applicable provisions of the Bankruptcy Rules and the Local Rules.

## RELIEF REQUESTED

10. Prince Lobel's invoices from November 1, 2012 to November 30, 2012 totaled $82,348.92 exceeding the $75,000 OCP Monthly Limit by $7,348.92. Accordingly, Prince Lobel submits this Application in accordance with the OCP Order. All services for which Prince Lobel requests compensation were performed for, or on behalf of, the Debtors.

11. This Application is the second application filed by Prince Lobel in these chapter 11 cases. In connection with the professional services rendered, by this Application Prince Lobel seeks approval for interim compensation in the amount of $5,546.92 and reimbursement of expenses in the amount of $1,802.00 for a total of $7,348.92. Per the OCP Order, Prince Lobel has submitted its invoice to the Debtors for payment of $75,000 the OCP Monthly Limit, which has been approved by the Debtors.

12. The invoices that comprises the Fee Period is attached hereto as Exhibit 2. The invoice contains a detailed statement of hours spent rendering legal services to the Debtors in support of Prince Lobel's request of compensation for fees incurred during the Fee Period. Due to privilege and confidentiality, certain time entries have been redacted. The Debtors were

provided an unredacted version of the invoice.  The monthly fee invoices contained in Exhibit 2 (i) identifies the professionals who rendered services, (ii) describes each service such professional or paraprofessional performed; and (iii) sets forth the number of hours in increments of one-tenth of an hour spent by each individual providing the services.  Prince Lobel maintains computerized records of the time spent by all Prince Lobel professionals in connection with its representation of the Debtors.  The rates described in the invoices contained in Exhibit 2 are Prince Lobel's customary hourly rates for services of this type.

## SERVICES RENDERED BY PRINCE LOBEL

13.     During the Fee Period, Prince Lobel continuously rendered services on behalf of the Debtors totaling 341 hours of professional time for an average hourly rate of approximately $205.93 for the legal services rendered.  Prince Lobel's representation included the defense of statutory and common law lender liability claims and approximately 40 cases consolidated in the State of Rhode Island.  The total sum due is $82,348.92  By this Application, Prince Lobel is seeking court approval and allowance of $7,348.92 of this total.

14.     The cover sheet to this Application provides information regarding Prince Lobel's billing attorneys and law clerks and a summary of the hours and services rendered by each attorney and law clerk and the hourly rates of each individual during the Fee Period.

15.     The rates charged by Prince Lobel for services rendered by attorneys and law clerks in this case are reduced rates charged by Prince Lobel attorneys and law clerks and less than those rates charged on similar matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved.

16.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given:  (i) the complexity of these cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such

services; and (v) the costs of comparable services other than in a case under the Bankruptcy Code.  See e.g., In re Borders Group, Inc., 456 B.R. 195, 211 (Bankr. S.D.N.Y. 2011); In re Mesa Air Group, Inc., 449 B.R. 441, 444 (Bankr. S.D.N.Y. 2011); In re Moss, 320 B.R. 143, 156-57 (Bankr. E.D. Mich. 2005); In re Ray, 314 B.R. 643, 662-63 (Bankr. M.D. Tenn. 2004).

**AMOUNTS REQUESTED**

17. Prince Lobel seeks 100% of its compensation for the Fee Period in the amount of $5,546.92 representing the excess amounts over the OCP Monthly Limit, in connection with the professional services detailed in Exhibit 2.

18. By this Application, Prince Lobel also seeks expense reimbursement of $1,802.00 for the Fee Period.  A detailed list of disbursements made by Prince Lobel, in support of Prince Lobel's request for expense reimbursement for the Fee Period, are contained in the cover sheet of this Application and in the invoice attached hereto as Exhibit 2.

19. It is Prince Lobel's policy to charge its clients in all areas of practice the amounts incurred by Prince Lobel for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. Examples of such expenses are postage, overnight mail, courier delivery, computer assisted legal research, photocopying, out-going facsimile transmissions, local transportation and secretarial overtime.

**CONCLUSION**

20. By this Application, Prince Lobel requests allowance and payment of fees and expenses for services performed from November 1, 2012 to November 30, 2012 in the total amount of $7,348.92 representing the difference between the OCP Monthly Limit, which amount has been approved by the Debtors and does not require Court approval in order to be paid, and total fees of $5,546.92 plus $1,802.00 for actual and necessary costs and expenses.

## NOTICE

21. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on [May 23, 2012] [Docket No. 141].

*[Remainder of page intentionally left blank.]*

WHEREFORE, Prince Lobel respectfully requests the entry of an order (a) allowing an administrative expense claim for Prince Lobel's compensation and reimbursement for its fees and expenses incurred during the Fee Period, (b) authorizing and directing payment of such amounts and (c) granting such other and further relief as is just and proper.

Dated:  Boston, MA
        March 15, 2013

                    PRINCE LOBEL TYE LLP


                    By: /s/ Richard E. Briansky
                        Richard E. Briansky

                        100 Cambridge Street, Boston, MA 02114
                        Telephone:   (617) 456-8000
                        Facsimile:   (617) 456-8100
                        Email: rbriansky@princelobel.com


                        **Ordinary Course Professional For The Debtors**