# Exhibit 7

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors

-------------------------------------------------

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

-------------------------------------------------

DEPOSITION OF CHRISTOPHER JOHN BROWN

DATE: December 18, 2012

HUDSON REPORTING & VIDEO, INC.

124 West 30th Street, 2nd Fl.

New York, New York 10001

Tel: 212-273-9911  Fax: 212-273-9915

TRANSCRIPT of the deposition, said deposition being conducted pursuant to Rules Governing Civil Practice in the Superior Court of New Jersey, by and before MARK IUZZOLINO, Certified Shorthand Reporter, License No. X101103, at the offices of Morrison Foerster, LLP, 1290 6th Avenue, New York, NY, on December 18, 2012, commencing at 9:34 a.m.

1  losses."

2          Are you familiar with that term?

3      A.  Yes.

4      Q.  What do you understand it to mean?

5      A.  I assume the word "aggregate losses"

6  refers to both losses incurred to date and

7  projected future losses for the trusts.  And by

8  "losses," that would be collateral losses.

9      Q.  Right.  And you recall that his range

10 of losses, depending on which of his two

11 reports you looked at, ranges from about

12 43 billion up to $48 billion?  Sound about

13 right?

14     A.  That sounds about right.

15     Q.  Do you have any opinion to offer us

16 as to whether that calculation of aggregate

17 losses is correct?

18         MR. JURGENS:  Objection to form.

19     A.  No.

20     Q.  I note that you applied discounts,

21 for example, for statute of limitations, but

22 you applied it to those numbers that he

23 calculated.  Right?

24     A.  Correct.

25     Q.  So you used his aggregate loss number

1   in performing your work.  Right?

2       A.   Correct.  As a critique of his

3   analysis, I assumed some things about his

4   analysis that may be correct.

5       Q.   In any event, you didn't embark as

6   part of your work on reevaluating or

7   criticizing his aggregate loss calculation?

8       A.   That's correct.

9       Q.   What you did is applied discounts to

10  it based on assumptions you were given by

11  counsel?

12      A.   Correct.

13      Q.   Could I ask you to turn to paragraph

14  6 of Exhibit 1?  This is where you introduce

15  your work.  And the last sentence says,

16  "Mr. Sillman used several incorrect inputs in a

17  formula he used in his analysis."

18           If I read your report correctly,

19  you've identified two incorrect inputs.

20  Correct?

21      A.   Correct.

22      Q.   I mean, you say several, but in

23  paragraph 7 you talk about the agree rate.  In

24  paragraph 8 you talk about statute of

25  limitations.