# Exhibit 4

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

In Re:                                Case No.

RESIDENTIAL CAPITAL, LLC, et. al,      12-12020(MG)

            Debtors.

-----------------------------------x

VIDEOTAPE DEPOSITION OF THOMAS MARANO

New York, New York

November 12, 2012

9:56 a.m.

Reported by:
ERICA L. RUGGIERI, RPR
JOB NO: 27645

143

1          THOMAS MARANO

2     on getting a settlement for all of

3     ResCap's subsidiaries with Kathy.  I was

4     not focused on, you know, how it would be

5     allocated.

6          Q.    Well, you knew that Ms. Patrick

7     represented one constituency of creditors,

8     didn't you?

9          A.    Yeah.

10         Q.    And you knew she didn't

11    represent all the creditors of ResCap,

12    right?

13              MR. PRINCI:  Objection.  Asked

14         and answered.  You can answer again.

15         A.    Yes.

16         Q.    So didn't you understand that

17    the larger the settlement amount with

18    Ms. Patrick and her constituency, the less

19    would be available for distribution to

20    ResCap's other creditor groups?

21         A.    We tried to get the best deal we

22    could for all parties concerned.

23         Q.    That was nonresponsive.

24              Can you please answer my

25    question.

205

1                          THOMAS MARANO

2         advised as to your fiduciary duties in the

3         context of a potential insolvency?

4              A.    Yes.

5              Q.    And when was that?  In relation

6         to the ResCap fund.

7              A.    Within the past year or so.

8              Q.    Drawing your attention to the

9         May 9th board meeting, which is 9019

10        Exhibit 61.  You can look at the minutes

11        if you want.

12             A.    You said 61, right?

13             Q.    61, yes.  I'm not asking you for

14        your legal advice but rather your state of

15        mind as an officer of ResCap LLC.  What

16        was the understanding of your fiduciary

17        duties at the time of this meeting?

18             A.    At this point in time my

19        fiduciary obligations were to the

20        creditors of ResCap.

21             Q.    And when you say ResCap, do you

22        mean ResCap LLC?

23             A.    ResCap and its subsidiaries.

24             Q.    Did you understand that you owed

25        a fiduciary duty to Ally?

206

1                    THOMAS MARANO

2        A.     At this point in time I believe

3    my obligations to Ally were not there.

4        Q.     And what's your basis for

5    understanding that you, as an officer and

6    director of ResCap LLC, owed fiduciary

7    duties to creditors' entities other than

8    ResCap LLC?

9        A.     My understanding was that I was

10   responsible for the ResCap legal entity

11   and all of its subsidiaries.  And so that

12   would have included RFC and GMAC.  And

13   again, I felt at this point in time I

14   really had no obligation to Ally

15   whatsoever.

16       Q.     And if there were a conflict

17   between what would benefit creditors of

18   ResCap LLC versus what would benefit

19   creditors of RFC, what was your

20   understanding as to how you were to

21   resolve that conflict?

22       A.     Well, I feel like the deals we

23   struck were for everybody.  And all of us,

24   not only ResCap, but all of its

25   subsidiaries got the same deal.  So I was

207

                    THOMAS MARANO

1

2     focused on getting the same deal for

3     everybody.

4          Q.    Okay.  Can you answer my

5     question.  And maybe you just did.  But

6     just to make clear, what was your

7     understanding of what you were supposed to

8     do in the event of a conflict between what

9     would benefit creditors of ResCap LLC

10    versus what would benefit creditors, for

11    example, of RFC?

12         A.    I -- I never thought about it in

13    the context of a conflict.

14         Q.    Did you understand at the time

15    of the May 9th board meeting that there

16    were certain structures that might benefit

17    one group of creditors over another group

18    of creditors?

19              MR. PRINCI:  Objection.

20         References facts not in evidence but

21         you can answer if you understand the

22         question.

23         A.    I'm not sure I do follow.

24         Q.    Okay.  At the time of the

25    May 9th board meeting did you understand