# Exhibit 5

1

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x

In Re: Case No:

RESIDENTIAL CAPITAL, LLC, et. al,      12-12020(MG)

        Debtors.

-----------------------------------x

    VIDEOTAPE DEPOSITION OF JAMES WHITLINGER

        New York, New York

        November 15, 2012

          9:39 a.m.

Reported by:
ERICA L. RUGGIERI, RPR
JOB NO:  27649

56

1          JAMES WHITLINGER

2      Q.    But you don't have a specific

3    recollection of discussing the board's

4    fiduciary duties during the half an hour

5    or so that the board discussed the

6    settlement agreement on May 9th?

7      A.    Yeah, I -- I don't recall

8    specific to that.

9      Q.    And on May 9th as a board member

10   when you were considering the settlement,

11   in your own words what was your

12   understanding of your fiduciary duty as a

13   ResCap board member in deciding whether to

14   approve the settlement agreement?

15     A.    Generally speaking, you know, as

16   a director we have a duty of care and duty

17   of loyalty to ResCap and all its

18   affiliates or subsidiaries.  And we needed

19   to consider all creditors when making any

20   decision that we would make at all, you

21   know, that that's part of that -- that

22   process.  So.

23     Q.    So you understood on May 9th

24   that you had a fiduciary duty of care and

25   loyalty -- loyalty to ResCap and all of

57

1        JAMES WHITLINGER

2   its creditors during that meeting?

3        A.   Yes.  And to ResCap's

4   subsidiaries.

5        Q.   Just to be clear, your answer to

6   the question was "Yes.  And to ResCap's

7   subsidiaries"?

8        A.   Yes.

9        Q.   And did that fiduciary duty

10  extend to the creditors of not just ResCap

11  but also ResCap's subsidiaries?

12       A.   Yes.

13       Q.   If a conflict arose during the

14  May 9th board meeting between the best

15  interests of ResCap's different

16  subsidiaries or the different creditors of

17  those different subsidiaries, what was

18  your understanding of how the board was

19  supposed to resolve that conflict?

20            MR. RAINS:  I object to the

21       question on the grounds that it's a

22       hypothetical and it assumes facts not

23       in evidence and so it will cause you

24       to speculate.

25            If you can answer the question,