ALFREDIA PRUITT
    Creditor pro se



GMAC
RESIDENTIAL CAPITAL, LLC, ET AL.,
    Debtor

Case No. 12-12020(MG)

Chapter 11

## MOTION FOR RELIEF FROM STAY

### A. Motion

COMES NOW ALFREDIA PRUITT, Plaintiff in the above-captioned matter, and respectfully files this motion against RESIDENTIAL CAPITAL and GMAC as follows:

### B. JURISDICTION AND VENUE

1. ~~Plaintiff~~ Creditor, Alfredia Pruitt, is an individual who resides in Gwinnett County, Georgia.

2. Residential Capital( Representing GMAC) is a corporation doing business in El Segundo, CA 90245, address is 2335 Alaska Ave, El Segundo, CA 90245, Attorneys are MORRISSON & FORESTER LLP, 1290 Avenue of the Americas, New York, New York 10104.

### C. FACTUAL ALLEGATIONS

3. ALFREDIA PRUITT owned property located at 2360 Hickory Station Circle, Snellville, Georgia 30078.

4. Alfredia Pruitt signed a contract with USAA Federal Savings Bank on August 6, 2006 which was recorded in the office of the clerk of Superior Court of Gwinnett County. (note and warranty Deed Exhibit A), Ms. Pruitt failed to pay the debt and started negotiating the payment with USAA Federal Savings Bank, for a loan modification, all payments were made to USAA Federal Savings Bank, not one to GMAC.

5. There is no assignment recorded in Gwinnett records from USAA Federal Savings to no-one, USAA sent plaintiff a letter stating there are no assignments, the loan is registered to MERS the only recording of an assignment showing is from **MERS(MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.(not a person)to GMAC MORTGAGE signed by JEFFREY STEPHAN A KNOWN ROBO-SIGNER,** there is no seal affixed on the assignment(Exhibit B).



**GMAC DOES NOT HAVE THE ORIGINAL LOAN DOCUMENTS(EXHIBIT MISCELLANEOUS), USAA FEDERAL SAVINGS FILED PAPERS STATING USAA FSB sold the mortgage in question before any foreclosure action took place, there is nothing in the county records showing USAA has a contractual assignment to anyone, USAA states there is no assignment, even if GMAC hold the SECURED INSTRUMENT(which there is no evidence showing they do), they violated the September 7, 2010 chapter 13 bankruptcy filing at 8:32a.m. the sale wasn't held until 10;00 a.m., on September 7, 2010, the evidence shows GMAC and their attorney willingly violated the bankruptcy petition.**

**USSAA FSB STATE THEY SOLD THE MORTGAGE, THE CONCERN IS TO WHOM AND WHY WASN'T THERE AN ASSIGNMENT AND WHY DID USAA FEDERAL SAVINGS STILL COLLECT MY MORTGAGE PAYMENTS. HOW CAN GMAC HOLD THE SECURED INSTRUMENT IF THERE IS NO ASSIGNMENT FROM USAA STATED IN A LETTER TO ME ON March 28,2011, HOWEVER THE BANKRUPTCY PETITION HAS BEEN VIOLATED WILLINGLY.** (Enclosed)

All Letters are enclosed

6. GMAC foreclosed on Alfredia Pruitt property on September 7, 2010 @ 10:00 a.m.

7. Ms. Pruitt was in the process of a loan modification,(Notices A & B) verify the creditors and their attorney were notified and had time to rescind the foreclosure, instead the foreclosure was carried out.

(B). Alfredia Pruitt filed a chapter 13 case in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 10-86533-mgd.(Exhibit C) on September 7, 2010 at 8:32 a.m. before the 10:00 a.m. sale, creditors were notified and they willingly violated the automatic stay. **Code 11 U.S.C. 362; the stay begins at the moment the bankruptcy petition is filed. GMAC VIOLATED THE AUTOMATIC STAY, DID NOT RESTART FORECLOSURE PRECEEDING nor ADVERTISEMENT OF THE FORECLOSURE SALE. BANKRUPTCY CASE WAS DISMISSED ON 11/17/2010, CREDITORS DID NOT START FORECLOSURE OVER FROM THE SEPTEMBER 7 2010 8:32A.M. BANKRUPTCY FILING, THEY CONTINUED BANKRUPTCY VIOLATION WITH FORECLOSURE AND EVICTION.**

8. On September 21, 2010, after foreclosure Alfredia Pruitt received a letter offering assistance, which Ms. Pruitt called to try and stay in her home and asked how can they just foreclose, and evict her, ignoring the automatic stay that was filed prior to the 10:00 a.m. sale(Exhibit D)

9. On September 23, 2010, McCurdy Candler whom represent GMAC sent Alfredia Pruitt a (exhibit D), **ACKNOWLEDGING THE BANKRUPTCY FILING**, offering assistance, the attorneys (McCurdy Candler), nor GMAC rescinded the foreclosure, knowing there was an automatic stay in affect, and they had enough time to rescind the foreclosure and start foreclosure procedure over if needed, they were aware of a workout being in process while ignoring the bankruptcy filing, the attorney nor GMAC wanted to hear nothing at all in reference to my bankruptcy filing.

10. On October 10, 2010 Alfredia Pruitt appealed the foreclosure eviction(exhibit E)

11. On October 01,2010(after sale date) Alfredia Pruitt received a letter from USAA federal mortgage stating they service my loan, my account is in review for another workout(Exhibit F)

12. On December 17, 2010, Alfredia Pruitt received a letter **from USAA FEDERAL SAVINGS BANK STATING THE OWNER OF HER LOAN WAS FANNIE MAE and USAA FEDERAL SAVINGS BANK is currently servicing my account(Exhibit G), nothing was mentioned of GMAC.**

13. On March 28, 2011 Alfredia Pruitt received a letter from USAA FEDERAL SAVINGS BANK STATING THERE ARE NO ASSIGNMENTS, GMAC IS currently

servicing the account on behalf of USAA FEDERAL SAVINGS BANK, however and all inquiries should be directed to our office(Exhibit H).

14. On November 4, 2010, USAA Federal sent Ms Pruitt a letter stating they are servicing my loan(Exhibit I)

15. On November 1, 2010 after receiving notice of bankruptcy filing and acknowledging knowing, McCurdy Candler(GMAC attorney continued foreclosure and eviction actions(Exhibit J).

16. November 5, 2010, Alfredia Pruitt filed a dispossessory proceeding(exhibit K).

15. On December 1, 2010 the lower court ruled in favor of GMAC and Federal National Mortgage to evict Alfredia Pruitt from her home.

16. Subsequently, Alfredia Pruitt filed a lawsuit and appeal against the Defendants for unlawful foreclosure on December 6, 2010(Exhibit F)

17. Alfredia Pruitt was required to pay $5500.00 into the court registry until case was heard, Ms Pruitt was unable to pay required amount, therefore the case wasn't heard.

### D. CAUSE OF ACTION(UNLAWFUL FORECLOSURE)

18. Cause of action against Residential Capital and GMAC is because GMAC illegal foreclosed on my property while being protected under bankruptcy law **Code 11 U.S.C. 362; STATES THE STAY BEGINS AT THE MOMENT THE BANKRUPTCY PETITION IS FILED** creditors and their attorneys were aware of the filing and did absolutely nothing to rescind the foreclosure, Ms Pruitt and her family was put out on the streets. After the September 7, 2010 8:32a.m. bankruptcy filing, creditors and their attorney being notified, the foreclosure was not rescinded nor foreclosure proceeding started over.

19. GMAC and their attorneys filed a **SPECIAL WARRANTY DEED** while MS Pruitt was protected under bankruptcy, **case wasn't dismissed** until November 17, 2010, 2011(Exhibit 1 and 2).    GMAC and Federal National Mortgage attorneys requested that the court reopen the instant proceedings, and allow them to execute the writ of possession, knowing the creditor violated the September 2010 bankruptcy filing before the sale at 10:00a.m.

20. Alfredia Pruitt requested information from GMAC, MERS Mortgage Electronic Registration to prove that the person signing all affidavits for foreclosure had personal knowledge of the information contained in the affidavit.

21. In addition, Alfredia Pruitt requested that the GMAC, MERS and their attorney provide evidence of the true legal holder of the note to violate the bankruptcy petition and

foreclose, **<u>to date I have not received the requested information.</u>**

22. GMAC, MERS, or no others involved in my eviction and foreclosure has produced ownership of the **SECURED INSTRUMENT.**

23. GMAC has not provided any evidence it owns or has the right to enforce the promissory note secured by the property, GMAC had no standing to foreclose on my property, GMAC did not, does not hold the **Secured Instrument** even though GMAC and their attorney **WILLINGLY** ignored the automatic stay and foreclosed on my property.

24. GMAC were not the "**HOLDER IN DUE COURSE**".

25. GMAC nor MERS(Mortgage Electronic Registration) had standings to foreclose on property at 2360 Hickory Station Ci., Snellville, GA. 30078.

26. Carpenter v. Longan, 83 U.S.271, 274, 21 L.ED. 313 (1872) states: The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity.

27. On August 6, 2010 plaintiff received notice of foreclosure sale(Exhibit G).

28. Only a Secured Creditor has a right to conduct a non-judicial foreclosure sale in the state of Georgia OCGA 44-14-162. GMAC was not the Secured Creditor.

29. Alfredia Pruitt filed a **REQUEST TO WITHDRAW PROOF OF CLAIM** on October 2, 2012(Exhibit H).

30. **Georgia is a non-judicial state, the required documents to show who has standing to foreclose in Georgia is not needed, the courts base their granting of a foreclosure on the attorneys Oath(honesty), GMAC not only ignored the bankruptcy filings, they does not hold the "Secured Instrument",(Mortgage Note).**

31. **All** mortgage **payments were made to USAA Federal** Savings not one payment made to GMAC.

32.. Under the Contract of the deed of trust and Civil Code Statue, only the lender or the Holder may initiate a foreclosing proceeding, who is entitled to the payment, GMAC was not the lender nor Holder of the note.

33.. Only the Servicing agent may have standing if acting as an agent for the Holder assuming that the agent can both show agency status and the principle is the holder, e.g.re Vargas 396 B.R. (Banker, C.D.Cal.2008)at 520. If the owner is unknown MERS cannot show that it is an authorized agent of the owner. The servicing agent must show that the

last entity to communicate instructions to the debtor is still holder of the note HSBC Bank, N.A. v Valetin, 21 N.Y.Mis.3d1123(A), 2008 WL4764816(Table)(n.Y.Sup.), Nov.3, 2008.   USAA Federasl Savings states they sold the mortgage in question before any foreclosure action took place. It has no interest whatsoever in any foreclosure action maintained against me(Exhibit Miscellaneous).  If USAA does not hold the note, not the owner, MERS cannot show it is an authorized agent to assign a note to GMAC in order to foreclose on my property, your honor the Holder of the note need to be established, if GMAC had standing to foreclose and resale my home they need to PROVE IT!

### Request for Stay Lift

**34.  ALFREDIA PRUITT HAS A HEARING DATE ON THE ABOVE MOTION SET FOR APRIL 11,                   , COURT CALL.**

### Prayer

35. Alfredia Pruitt **asks the court to grant the automatic stay lift because of the violation of the bankruptcy filing and violation of the FDCPA(Fair Debt Collection Practices Act, 15 U.S.C. 1692e., in order for her to have her wrongful foreclosure case heard in a lower court and jurisdiction.**

**(B) Irregularity in the conduct of the auction: ON September 7, 2010 chapter 13 was filed, wasn't dismissed until November 17, 2010, title 44 Chapter 14 Section 162(44-14-162) states, no sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriffs sales in the county which such real estate or part there of is located and unless notice of the sale shall have been given as required by code section 44-14-162.2. McCurdy and Candler(GMAC attorneys) foreclosure sale notice was not in accordance with notice provisions involving foreclosure proceedings as required under Georgia Law specifically. O.C.G.A. 44-14-162.2(the property was never readvertisied after the bankruptcy filing nor any notices sent out). in order for her to have her wrongful foreclosure   case heard in a lower court and jurisdiction.**

**(C ) At the time of foreclosure it was unknown who held and owned the actual "wet ink", original promissory note. Based upon my belief the promissory note had been pledged, hypothecated, and or assigned as collateral security to an unknown entity, or foreign trust.**

**(D) The law reference to the Doctrine of Privity of contract requires that only parties to a contract may bring suit to enforce it (A) A party may assign to another a contractual right to collect payment, including the right to sue to enforce the right, but the assignment must be in writing in order for the contractual right to be**

enforceable by the assignee, further the writing must identify the assignor and assignee. [Cit]Scott v. Cushman & Wakefield of Ga., Inc. App. 264, 265 (547 SE 2d 794) (2001); OCGA 9-2-10.

(E) Improper Mortgage Securitization, A Special Rule of UCC(Uniform Commercial Code) implies that a Holder of a mortgage note must be a Holder in Due Course.

I PRAY THIS COURT WILL LIFT THE AUTOMATIC STAY AND ALLOW THE CORRECT OWNER TO BE PROVEN(IF POSSIBLE)COME FORWARD AND PRODUCE THE ORIGINAL NOTE(WET INK). To Foreclose GMAC listed me as the Debtor, now they are foreclosing I'm listed as the creditor, I feel the reason is because GMAC doesn't know who I am to them or who they are to me because they lack standing to foreclose and does not have the paper work to prove they had standings to put me and my family on the street.

Respectfully submitted,

Alfredia Pruitt
4574 Creek Forest Ct
Lilburn, GA 30047
Phone(770)-668-3915