## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by depositing true and correct copy of same in FED-Ex mail, with proper postage prepaid, addressed to counsel of record as follows:

MORRISON 7 FOERSTER LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone:   (212) 468-8000
Facsimile:   (212)468-7900

Gary S. Lee
Todd M.  Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and
Debtors in Possessions*

RESIDENTIAL CAPITAL,LLC, <u>et</u> <u>al</u>
2335 Alaska Ave.
El Segundo, CA  90245

This twelfth day of March 2013

ALFREDIA PRUITT
4574 Creek Forest Ct
Lilburn, GA   30047
Phone(770)-668-3915

# FedEx Express
## NEW Package US Airbill

FedEx Tracking Number **8025 1894 8175**

Sender's Copy

**From** *Please print and press hard.*

Date **5-13-13**

Sender's FedEx Account Number    SENDER'S FEDEX ACCOUNT NUMBER ONLY

Sender's Name **Afredia Pruitt**    Phone ( )

Company

Address **4574 Creek Forest Ct**    Dept/Floor/Suite/Room

City **Lilburn**    State **GA**    ZIP **30047**

**Your Internal Billing Reference**    OPTIONAL
First 24 characters will appear on invoice.

**To**

Recipient's Name **Clerk Office**    Phone ( )

Company **United States Bankruptcy Southern Dist**

Address **1 Bowling Green**    Dept/Floor/Suite/Room
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
Use this line for the HOLD location address or for continuation of your shipping address.

City **New York**    State **NY**    ZIP **10004**

☐ **HOLD Weekday** FedEx location address REQUIRED. NOT available for FedEx First Overnight.

☐ **HOLD Saturday** FedEx location address REQUIRED. Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

### 4 Express Package Service *To most locations.*
NOTE: Service order has changed. Please select carefully.

Packages up to 150 lbs.
*For packages over 150 lbs., use the new FedEx Express Freight US Airbill.*

**Next Business Day**

☐ FedEx First Overnight
Earliest next business morning delivery to select locations. Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx Standard Overnight
Next business afternoon.* Saturday Delivery NOT available.

**2 or 3 Business Days**

☐ FedEx 2Day A.M.
Second business morning.* Saturday Delivery NOT available.

☐ FedEx 2Day
Second business afternoon.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx Express Saver
Third business day.* Saturday Delivery NOT available.

### 5 Packaging *Declared value limit $500.*

☑ FedEx Envelope*    ☐ FedEx Pak*    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

### 6 Special Handling and Delivery Signature Options

☐ SATURDAY Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required
Package may be left without obtaining a signature for delivery.

☒ Direct Signature
Someone at recipient's address may sign for delivery. *Fee applies.*

☐ Indirect Signature
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only. *Fee applies.*

Does this shipment contain dangerous goods?
One box must be checked.

☒ No    ☐ Yes As per attached Shipper's Declaration.    ☐ Yes Shipper's Declaration not required.    ☐ Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging or placed in a FedEx Express Drop Box.

☐ Cargo Aircraft Only

### 7 Payment *Bill to:*

Enter FedEx Acct. No. or Credit Card No. below.

☐ Sender Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☒ Cash/Check

FedEx Acct. No.
Credit Card No.    Exp. Date

Total Packages    Total Weight ___ lbs.    Total Declared Value† $ ___ .00

†Our liability is limited to US$100 unless you declare a higher value. See back for details. By using this Airbill you agree to the service conditions on the back of this Airbill and in the current FedEx Service Guide, including terms that limit our liability.

**644**

! **Easy new Peel-and-Stick airbill. No pouch needed.**
Apply airbill directly to your package. See directions on back.

Rev. Date 1/12 • Part #167002 • ©2012 FedEx • PRINTED IN U.S.A. SRF

Certificates of Service

**FedEx Express** **NEW** *Package* **US Airbill**

12-12020-mg    Doc 3223-1    Filed... ... Sender's Copy

Fedex Tracking Number **8993 7405 8043**

Sender's Copy

**From** *Please print and press hard.*

Date 3/12/2013    Sender's FedEx Account Number    SENDER'S FEDEX ACCOUNT NUMBER ONLY

Sender's Name Alfredia Pruitt    Phone ( )

Company

Address 4874 Creek Forest Ct

City Lilburn    State GA    ZIP 30047

**Your Internal Billing Reference**
*First 24 characters will appear on invoice.*    OPTIONAL

**To**

Recipient's Name Residential Capital    Phone ( )

Company Morrison + Foerster LLP

Address 1290 Avenue of the Americas

We cannot deliver to P.O. boxes or P.O. ZIP codes.

HOLD Weekday
FedEx location address
REQUIRED NOT available for
FedEx First Overnight.

HOLD Saturday
FedEx location address
REQUIRED Available ONLY for
FedEx Priority Overnight and
FedEx 2Day in select locations.

Address
Use this line for the HOLD location address or for continuation of your shipping address.

City New York    State NY    ZIP 10104

---

**!** **The FedEx US Airbill has changed. See Section 4.**
For shipments over 150 lbs., order the new FedEx Express Freight US Airbill.

---

**4** **Express Package Service** *To most locations.*
NOTE: Service order may change. Please select carefully.

Packages up to 150 lbs.
For packages over 150 lbs., use the new FedEx Express Freight US Airbill.

**Next Business Day**

☐ FedEx First Overnight
Earliest next business morning delivery to select locations. Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx Priority Overnight
Next business morning.* Friday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☒ FedEx Standard Overnight
Next business afternoon.*
Saturday Delivery NOT available.

**2 or 3 Business Days**

☐ NEW FedEx 2Day A.M.
Second business morning.*
Saturday Delivery NOT available.

☐ FedEx 2Day
Second business afternoon.* Thursday shipments will be delivered on Monday unless SATURDAY Delivery is selected.

☐ FedEx Express Saver
Third business day.*
Saturday Delivery NOT available.

**5** **Packaging** *Declared value limit $500.*

☒ FedEx Envelope*    ☐ FedEx Pak*    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

**6** **Special Handling and Delivery Signature Options**

☐ SATURDAY Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required
Package may be left without obtaining a signature for delivery.

☐ Direct Signature
Someone at recipient's address may sign for delivery. *Fee applies.*

☐ Indirect Signature
If no one is available at recipient's address, someone at a neighboring address may sign for delivery. For residential deliveries only. *Fee applies.*

Does this shipment contain dangerous goods?
One box must be checked.

☒ No    ☐ Yes As per attached Shipper's Declaration    ☐ Yes Shipper's Declaration not required.    ☐ Dry Ice Dry Ice, 9, UN 1845 ___ x ___ kg    ☐ Cargo Aircraft Only

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging or placed in a FedEx Express Drop Box.

**7** **Payment** *Bill to:*

Enter FedEx Acct. No. or Credit Card No. below.

☐ Sender Acct. No. in Section 1 will be billed.    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☐ Cash/Check

FedEx Acct. No.
Credit Card No.    Exp. Date

Total Packages    Total Weight ___ lbs.    Total Declared Value† $ ___ .00

†Our liability is limited to $100 unless you declare a higher value. See back for details. By using this Airbill you agree to the service conditions on the back of this Airbill and in the current FedEx Service Guide, including terms that limit our liability.

**612**

Rev. Date 11/10 • Part #153136 • ©1994–2010 FedEx • PRINTED IN U.S.A. SRY

RETAIN THIS COPY FOR YOUR RECORDS.

**FedEx Express**
**NEW Package**
**US Airbill**

FedEx Tracking Number **8993 7405 8075**

**Sender's Copy**

## From  Please print and press hard.

Date **3/12/2013**
Sender's FedEx Account Number **SENDER'S FEDEX ACCOUNT NUMBER ONLY**

Sender's Name **Alfredia Pruitt**    Phone ( **770** ) **668-3915**

Company

Address **4574 Creek Forest Ct**

City **Lilburn**    State **GA**    ZIP **30047**

## Your Internal Billing Reference
First 24 characters will appear on invoice.    OPTIONAL

## To

Recipient's Name **Residentia Capital**    Phone ( )

Company

Address **2335 Alaska Ave**

We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
Use this line for the HOLD location address or for continuation of your shipping address.

City **EL Segundo**    State **CA**    ZIP **90245**

**HOLD Weekday**
FedEx location address
REQUIRED. NOT available for FedEx First Overnight.

**HOLD Saturday**
FedEx location address
REQUIRED. Available ONLY for FedEx Priority Overnight and FedEx 2Day to select locations.

> **!** The FedEx US Airbill has changed. See Section 4.
> For shipments over 150 lbs., order the new FedEx Express Freight US Airbill.

## 4  Express Package Service    *To most locations.*
NOTE: Service order has changed. Please select one.

Packages up to 150 lbs.
For packages over 150 lbs., use the new FedEx Express Freight US Airbill.

**Next Business Day**
☐ FedEx First Overnight
☐ FedEx Priority Overnight
☐ FedEx Standard Overnight

**2 or 3 Business Days**
☐ NEW FedEx 2Day A.M.
☐ FedEx 2Day
☐ FedEx Express Saver

## 5  Packaging    *Declared value limit $500.*
☐ FedEx Envelope*    ☐ FedEx Pak*    ☐ FedEx Box    ☐ FedEx Tube    ☐ Other

## 6  Special Handling and Delivery Signature Options
☐ SATURDAY Delivery
NOT available for FedEx Standard Overnight, FedEx 2Day A.M., or FedEx Express Saver.

☐ No Signature Required
☒ Direct Signature
☐ Indirect Signature

**Does this shipment contain dangerous goods?**
One box must be checked.
☐ No    ☐ Yes As per attached Shipper's Declaration.    ☐ Yes Shipper's Declaration not required.    ☐ Dry Ice

Dangerous goods (including dry ice) cannot be shipped in FedEx packaging or placed in a FedEx Express Drop Box.    ☐ Cargo Aircraft Only

## 7  Payment  Bill to:
Enter FedEx Acct. No. or Credit Card No. below.

☐ Sender    ☐ Recipient    ☐ Third Party    ☐ Credit Card    ☒ Cash/Check

Total Packages **1**    Total Weight ___ lbs.    Total Declared Value $ ___ .00

**612**  **35**

Rev. Date 11/10 • Part #163138 • ©1994–2010 FedEx • PRINTED IN U.S.A. SKY

RETAIN THIS COPY FOR YOUR RECORDS.

United States Bankruptcy Court
Northern District of Georgia

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United States
Bankruptcy Code, entered on 09/07/2010 at 08:52 AM
and filed on 09/07/2010.



**Alfredia Pruitt**
2360 Hickory Station Circle
Snellville, GA 30078
SSN / ITIN: xxx-xx-3328

The case was assigned case number 10-86533-.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.ganb.uscourts.gov/index.html or at the Clerk's Office,
1340 Russell Federal Building, 75 Spring Street, SW, Atlanta, GA 30303.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

**M. Regina Thomas**
**Clerk, U.S. Bankruptcy**
**Court**

ntifier 9702113416      Doc Type NOTE

*Exhibit (A)*

# NOTE

August 30, 2006            Norcross                    GEORGIA
[Date]                     [City]                      [State]

2360 Hickory Station Circle, Snellville, GA  30078

[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 271,330.00           (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is USAA Federal Savings Bank

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of        6.750 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of
this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the 1st      day of each month beginning on October 01, 2006       . I will
make these payments every month until I have paid all of the principal and interest and any other charges described below that I
may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before
Principal. If, on September 01, 2036        , I still owe amounts under this Note, I will pay those amounts in full on
that date, which is called the "Maturity Date."

I will make my monthly payments at Attn: Payment Processing, P.O. Box 205, Waterloo, IA
50704-0205                              or at a different place if required by the Note Holder.

### (B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $       1,759.84 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment
to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of
the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless
the Note Holder agrees in writing to those changes.

702113416                                                              608146252

MULTISTATE FIXED RATE NOTE-Single Family

US5N @10G
        VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3                          Initials

Identifier:0702113416        Doc Type:NOTE

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15              calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be              5.000% of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

702113416                                                                                                          6081462

atifiex:0702113416        Doc Type:NOTE

## 10. APPLICABLE LAW

Lender is a federally chartered savings bank governed, in part, by the Home Owner's Loan Act of 1933 and the rules and regulations promulgated pursuant thereto (the "Act"). To the extent permitted by the Act, this Note will be governed by applicable federal law and by the interest rate and usury provisions of the state of Texas.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
Alfredia Pruitt                   -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

_____ (Seal)
                                  -Borrower

Pay to the Order of

without recourse

USAA Federal Savings Bank

By _____ (Seal)
                                   -Borrower

Name  Heather Parida
Title  Processing Supervisor

_____ (Seal)
                                  -Borrower

[Sign Original Only]

702113416

608146252

US5N (0104)                Page 3 of 3

Exhibit C

BK46975 PG0421

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2006 SEP -5  PM 2: 00

TOM LAWLER, CLERK

PT-61 #067-2006-034785
GWINNETT CO. GEORGIA
REAL ESTATE TRANSFER TAX
$ 271.40
TOM LAWLER CLERK OF
SUPERIOR COURT

Return to: S. Alan Cohn
Hudnall, Cohn & Abrams, P.C
3550 Engineering Drive, Suite 100
Norcross, Georgia  30092

File #06A-7371/Pruitt

## WARRANTY DEED

State of Georgia
County of Gwinnett

This Indenture made this 30th day of August, in the year Two Thousand Six, between

**Lowell Pratt Residential, LLC**

of the State of Georgia, as party or parties of the first part, hereinafter called Grantor, and

**Alfredia Pruitt**

of the County of Gwinnett, and State of GA, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors, and assigns where the context requires or permits).

WITNESSETH that:  Grantor, for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveys and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee:

All that tract or parcel of land lying and being in Land Lot 59 of the 5th District, Gwinnett County, Georgia, being Lot 158, Olde Hickory Village, Phase 2C, as per plat recorded in Plat Book 115, Pages 115 and 116, Gwinnett County, Georgia Records;  which plat is incorporated herein by reference and made a part hereof.

Subject to all easements and restrictions of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, Grantor has signed and sealed this deed, the day and year first above written.

Signed, sealed and delivered
in presence of:

Lowell Pratt Residential, LLC

Unofficial Witness

By:_____(SEAL)
Kenneth Biggerstaff, Manager

Notary Public
my commission expires:

0146480

10

**EXHIBIT C**

BK 46975 PG 0422

Return To:

USAA Federal Savings Bank
10750 McDermott Freeway
San Antonio, TX 78288

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2006 SEP -5 PM 2:00

TOM LAWLER, CLERK

Prepared By:

Thomas Goode
10750 McDermott Freeway
San Antonio, TX 78288

GEORGIA INTANGIBLE TAX PAID
$ 814.50
TOM LAWLER
SUPERIOR COURT GWINNETT
COUNTY, GEORGIA

Return to: S. Alan Cohn
Hudnall Cohn & Abrams, PC
3550 Engineering Drive Suite 100
Norcross, GA 30092

[Space Above This Line For Recording Data]

## SECURITY DEED

MIN 100105600020422779

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated August 30, 2006
together with all Riders to this document.
(B) "Borrower" is Alfredia Pruitt, a single person

Borrower is the grantor under this Security Instrument.
(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the grantee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel: (888) 679-MERS.

702113416                                                                      608146252

GEORGIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS      Form 3011 1/01

-6A(GA) (0009).05
Page 1 of 14

VMP Mortgage Solutions, Inc.

0146481

46

12-12020-mg    Doc 3223-1    Filed 03/14/13    Entered 03/15/13 16:15:30    Certificate
of Service and Exhibits    Pg 11 of 41

46975
00423    Case 11-52442-mgd    Doc 27    Filed 03/15/11    Entered 03/16/11 12:28:26    Desc Main
Document    Page 6 of 35

BK 46975 PG 0423

(D) "Lender" is USAA Federal Savings Bank

Lender is a Federally Chartered Savings Bank
organized and existing under the laws of the United States of America
Lender's address is 10750 McDermott Freeway, San Antonio, TX 78288

(E) "Note" means the promissory note signed by Borrower and dated August 30, 2006
The Note states that Borrower owes Lender Two Hundred Seventy One Thousand Three
Hundred Thirty And Zero/100                                                    Dollars
(U.S. $271,330.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than September 01, 2036
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☐ Balloon Rider | ☒ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☐ Other(s) [specify] |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used

702113616                                                                        606146252

-6A(GA) (0008).03                         Page 2 of 14                         Form 3011 1/01

46975
00424

in this Security Instrument. "RESPA" refers to all requirements and restrictions that are imposed in regard
to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage
loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or
not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and
modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note. For this purpose, Borrower does hereby grant and convey to MERS
(solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of
MERS, with power of sale, the following described property located in the County

of
                                                                [Type of Recording Jurisdiction]
                                                                [Name of Recording Jurisdiction]:

See Exhibit 'A' Legal Description attached hereto and made a part
hereof.

Parcel ID Number:                                      which currently has the address of
2360 Hickory Station Circle                                    [Street]
Snellville                          [City], Georgia 30078       [Zip Code]
("Property Address"):

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's
successors and assigns) and to the successors and assigns of MERS, forever, together with all the
improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures
now or hereafter a part of the property. All replacements and additions shall also be covered by this
Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in
this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender
and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but
not limited to, the right to foreclose and sell the Property; and to take any action required of Lender
including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has
the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances
of record. Borrower warrants and will defend generally the title to the Property against all claims and
demands, subject to any encumbrances of record.

70211341

GA(0011)           Page 3 of 16                                  6081162252
                                                                 Form 3011 1/01

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time.

46975
00426 Case 11-52442-mgd    Doc 27    Filed 03/16/11    Entered 03/16/11 12:28:26    Desc Main
Document    Page 9 of 35
BK16975PG0426

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

45975
00429 Case 11-52442-mgd    Doc 27    Filed 03/16/11 12:28:26    Desc Main

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

46975
00431 Case 11-52442-mgd    Doc 27    Document    Entered 03/16/11 12:28:26    Desc Main
Page 14 of 35

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

GEORGIA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

702113416
600144252
Page 10 of 16    Form 3011 1/01

00432 Case 11-52442-mgd    Doc 27    Filed 03/14/11    Entered 03/16/11 12:28:26    Desc Main Document    Page 15 of 35

BORROWER ACCEPTS AND AGREES to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

IN WITNESS WHEREOF, Borrower has signed and sealed this Security Instrument.

_____ (Seal)     _____ (Seal)
Alfredia Pruitt          -Borrower                            -Borrower

_____ (Seal)     _____ (Seal)
                         -Borrower                            -Borrower

_____ (Seal)     _____ (Seal)
                         -Borrower                            -Borrower

_____ (Seal)     _____ (Seal)
                         -Borrower                            -Borrower

STATE OF GEORGIA,                                County ss:

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public,
State of Georgia

SUSAN F SMEGAL
NOTARY
GEORGIA
Expires February 1, 2005
PUBLIC
DEKALB COUNTY
000146252

702113416

-6A(GA) (0008).01                Page 14 of 14              Form 3011 1/01

BK66975PG0436

## EXHIBIT "A"

All that tract or parcel of land lying and being in Land Lot 59 of the
5th District, Gwinnett County, Georgia, being Lot 158, Olde Hickory
Village, Phase 2C, as per plat recorded in Plat Book 115, Pages 115
and 116, Gwinnett County, Georgia Records; which plat is
incorporated herein by reference and made a part hereof.

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

BK66975PG0437

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this 30th                                    day of
August, 2006                          , and is incorporated into and shall be
deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the
"Security Instrument") of the same date, given by the undersigned (the "Borrower") to
secure Borrower's Note to UBAA Federal Savings Bank

(the "Lender") of the same date and covering the Property described in the Security
Instrument and located at: 2360 Hickory Station Circle, Snellville, GA  30078

[Property Address]
The Property includes, but is not limited to, a parcel of land improved with a dwelling,
together with other such parcels and certain common areas and facilities, as described in
The Deed, The Declaration of Covenants, Conditions and Restrictions.

(the "Declaration"). The Property is a part of a planned unit development known as
OLDE HICKORY VILLAGE

[Name of Planned Unit Development]
(the "PUD"). The Property also includes Borrower's interest in the homeowners association or
equivalent entity owning or managing the common areas and facilities of the PUD (the
"Owners Association") and the uses, benefits and proceeds of Borrower's interest.

PUD COVENANTS. In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's
Constituent Documents. The "Constituent Documents" are the (i) Declaration; (ii) articles of
incorporation, trust instrument or any equivalent document which creates the Owners
Association; and (iii) any by-laws or other rules or regulations of the Owners Association.
Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the
Constituent Documents.

702113416                                                                              608146252

MULTISTATE PUD RIDER - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3150 1/01
                                        Page 1 of 3                    Initials: _____
-7R (0411)            VMP Mortgage Solutions, Inc. (800)521-7291

46975
00434 Case 11-52442-mgd    Doc 27    Filed 03/16/11 12:28:26    Desc Main
Document    Page 17 of 38

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Borrower appoints Lender the agent and attorney-in-fact for Borrower to exercise the power of sale. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give a copy of a notice of sale by public advertisement for the time and in the manner prescribed by Applicable Law. Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Lender determines. Lender or its designee may purchase the Property at any sale.

Lender shall convey to the purchaser indefeasible title to the Property, and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in the Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it. The power and agency granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of debt as provided by Applicable Law.

If the Property is sold pursuant to this Section 22, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with Applicable Law.

23. Release. Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Waiver of Homestead. Borrower waives all rights of homestead exemption in the Property.

25. Assumption Not a Novation. Lender's acceptance of an assumption of the obligations of this Security Instrument and the Note, shall not constitute a novation.

26. Security Deed. This conveyance is to be construed under the existing laws of the State of Georgia as a deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

7021130416

MA(GA) (0010.01)

Page 13 of 14

Initials: _____

60814CZ52
Form 3011 1/01

[Exhibit D]

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA.

2008 DEC 11 PM 2:28

TOM LAWLER, CLERK

*— Recorded just b4 the sale Date*

314383

Our File No.: 52607708-FYI
Debtor: Alfredia Pruitt
Sale Date: 01/06/2009

Return to
Prommis Solutions, LLC
1544 Old Alabama Road
Roswell, GA 30076

**ASSIGNMENT**

STATE OF Pennsylvania

COUNTY OF Montgomery

For value received, Mortgage Electronic Registration Systems, Inc. has this day transferred, sold, assigned, conveyed and set over to GMAC Mortgage, LLC, whose address is 1100 Virginia Drive, Fort Washington, PA 19034, as Assignee, its successors, representatives and assigns, all its right, title and interest in and to a certain Security Deed (or Deed to Secure Debt) executed by Alfredia Pruitt to Mortgage Electronic Registration Systems, Inc., dated August 30, 2006, recorded in Deed Book 46975, Page 422, Gwinnett County, Georgia Records.

Property Address: 2360 Hickory Station Circle, Snellville, Georgia 30078

The Assignor herein specifically transfers, sells, conveys and assigns to the above Assignee, its successors, representatives and assigns, the aforesaid Security Deed, the property described therein, the indebtedness secured thereby together with all the powers, options, privileges and immunities therein contained.

The Assignor herein has this day sold and assigned to the Assignee herein the note secured by the aforesaid Security Deed and this transfer is made to secure the Assignee, its successors, representatives and assigns, in the payment of said note.

IN WITNESS WHEREOF, the Assignor has hereunto set its hand and seal this Nov. 25th, 2008.

Signed, sealed and delivered
in the presence of:

Unofficial Witness

Notary Public
My Commission Expires:

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

By: _____
Title: _____
**Jeffrey Stephan**
**Vice President**

By: _____
Title: _____
(Corporate Seal)
**Kristine Wilson**
**Assistant Secretary**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Susan Turner, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 9, 2011
Member: Pennsylvania Association of Notaries

0117739

*No Seal*

*Signature different than one found on numerous assignment*

*No co-operates, Seal*

*How can Jeffrey Stephan sign for MERS and he does not work for MERS, solely for the purpose of foreclosing on my home. Particularly*

*Susan Turner*

*right b4 foreclosing on me!*

United States Bankruptcy Court
Northern District of Georgia

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed
below was filed under Chapter 13 of the United States
Bankruptcy Code, entered on 09/07/2010 at 08:52 AM
and filed on 09/07/2010.



**Alfredia Pruitt**
2360 Hickory Station Circle
Snellville, GA 30078
SSN / ITIN: xxx-xx-3328

The case was assigned case number 10-86533-.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other
actions against the debtor and the debtor's property. Under certain circumstances, the stay may be
limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.
If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be
penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are
available at our *Internet* home page http://ecf.ganb.uscourts.gov/index.html or at the Clerk's Office,
1340 Russell Federal Building, 75 Spring Street, SW, Atlanta, GA 30303.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting
forth important deadlines.

M. Regina Thomas
Clerk, U.S. Bankruptcy
Court

B1 (Official Form 1) (4/10)

| UNITED STATES BANKRUPTCY COURT | |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): Pruitt Alfredia | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 3308 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 3300 Hickory Station Circle Snellville Ga 30078    ZIP CODE | Street Address of Joint Debtor (No. and Street, City, and State):    ZIP CODE |
| County of Residence or of the Principal Place of Business: Gwinnett | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE | |

**11-52442**

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7     ☐ Chapter 15 Petition for<br>☐ Chapter 9        Recognition of a Foreign<br>☐ Chapter 11       Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for<br>☐ Chapter 13       Recognition of a Foreign<br>                          Nonmain Proceeding |
| | **Tax-Exempt Entity** (Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts** (Check one box.)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☐ Full Filing Fee attached.<br>☑ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ More than 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☑ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☑ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

JAN 28 2011 PM 04:43

FILED IN CLERK'S OFFICE U.S. BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA M. REGINA THOMAS, BY: ____ DEPUTY CLERK

*Please Read*

LAW OFFICES
# McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 . 1994)
J. ROBIN HARRIS (1925 . 1989)

| | |
|---|---|
| JOHN WALTER DRAKE | FRANK R. OLSON* |
| ALAN E. RAUBER | A. BRETT VERNER |
| JOHN C. SAMMON | PATRICK N. TAGGART* |
| ANTHONY DEMARLO | JOHN D. ANDRLE |
| SCOTT CANDLER, III | C. ERIC BURKETT |
| CLARK E. CANDLER | JESSICA A. PRICE |
| EDNA E. HAWES | CHRISTINA J. SOLOHUB |
| SIDNEY A. GELERNTER* | TENNIELLE B. BAILEY |
| DONALD C. SUESSMITH, JR. | ROBERT J. WILKINSON* |
| J. MICHAEL DUGAN* | DANIEL K. BARBAGELATA |
| DEBORAH Y. CHEEK | ANDREW M. O'CONNELL |
| CHRISTIE B. HENNINGS | ANTHONY E. MASELLI |
| | BIANCA K. DAVIS |
| | TODD H. SURDEN |

OF COUNSEL:
REBECCA A. HOELTING          FRANK J. RHODES, JR.
MARGARET C. COURTRIGHT     H. RAIFORD HODGES, JR. (RETIRED)

*ALSO ADMITTED IN TENNESSEE

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

September 23, 2010

*Acknowledging the foreclosure*

RE:   Alfredia Pruitt
       Bankruptcy Case No. 10-86533-MGD
       Property Address: 2360 Hickory Station Circle
       Snellville, GA 30078
       Loan Number XXXXXX3416
       Our File No. 08-00987

Dear Alfredia,

   My firm represents GMAC Mortgage, LLC regarding the above referenced property.  According to our records, you represent the above referenced Debtor in relation to a bankruptcy filing.

   This letter is to inform you that your client(s) may be eligible for loss mitigation alternatives. To facilitate an effective loss mitigation arrangement we are contacting your office to see if your clients would like to discuss opportunities that may ease their hardship.

   If your clients are interested in seeing if they qualify for any loss mitigation options, please advise immediately by calling Angie McDade at McCurdy & Candler, LLC at (678) 891-1859 or Sidney Gelernter at (678) 891-1855 and a financial information form will be supplied in order to start the process.

   Sincerely,

   *Sidney Gelernter*
   Attorney for GMAC Mortgage, LLC

SAG/AM

September 21, 2010

*Correct*

Alfredia Pruitt
2360 Hickory Station Circle
Snellville, GA 30078

*After foreclosure offering assistance*

I.I.II.I..II..I..II..I.I.II....IIII.I..I.I.II.I..I.I.I

RE:     Account Number     0702113416
        Debtor             ALFREDIA PRUITT
        Property Address   2360 HICKORY STATION CIRCLE
                           SNELLVILLE, GA 30078

Dear Alfredia Pruitt:

Your client(s) recently contacted our offices to discuss the above-referenced loan. In our current economy we understand and sympathize with families who may be experiencing unfortunate financial difficulties. Understanding this, we are committed to working with our customers toward identifying possible solutions to their situation.

One such option is the Obama administration's Making Home Affordable Refinance and Modification plan (the "Plan"). To learn more about this Plan and its eligibility requirements, visit www.financialstability.gov. To be considered for the Plan now, please have your client(s) review, complete and return the requested documentation to our office by 10/11/2010*. Upon receipt, we will review the information to determine if your client(s) will qualify for the Plan. It is important that the information is returned as soon as possible so that in the event your client(s) does not qualify for the Plan, we have time to evaluate other options that may be available to your client.

Additionally, we recommend home owners call 1.800.CALL.FHA to find a HUD-certified housing counseling agency to discuss their needs.

### IMPORTANT NOTICE

We understand that your client(s) have filed for bankruptcy and have not yet received a discharge. None of the information requested in the documents enclosed herein will be used for the collection of any debts or for purposes prohibited by the Bankruptcy Code or other applicable Federal or state law. The information requested is necessary to determine the eligibility of your client(s) for a loan modification or repayment agreement under both government and non-government loan modification and repayment programs, and should your client(s) be eligible, to enable us to best serve your client(s) in modifying the loan.

If you have any questions about the Plan or how to complete enclosed documents, please contact our office at 1-877-569-4632, Monday-Friday from 8:00AM-5:00PM, Central Time.

Customer Care
Loan Servicing

Enclosures                                          v10 PRJ205518 ACT
M002                                                221754-00818

* Documentation must be received no later than 7 business days prior to the scheduled foreclosure sale date. If your property is in the state of Florida, a complete package must be received 30 business days prior to the scheduled foreclosure sale date.

Alfredia Pruitt
2360 Hickory Station C.
Snellville GA 30078
(770) 668-3915

(Plaintiff(s) Name, Address and Daytime Phone No.)

vs.

GMAC / Federal National
Mortgage Association

(Defendant(s) Name, Address and Daytime Phone No.)

# GWINNETT MAGISTRATE COURT

---

# NOTICE OF APPEAL

---

CASE NO. 11-A-10675-3

**INFO & FORMS ON THE INTERNET**
http://www.gwinnettcourts.com
E-mail: mag@gwinnettcounty.com

**(Check applicable sections.)** Notice is hereby given that the [✓] Plaintiff(s) [ ] Defendant(s), hereby appeal(s) a judgment entered in the ~~Magistrate~~ Court of Gwinnett County to the [ ] State Court; [✓] Superior Court; of Gwinnett County.

**[✓] CIVIL CASES**

The judgment of the civil case appealed herein was entered on the 10 day of October, 200 11. (This appeal **MUST BE** filed within **thirty (30) days** of the foregoing date of judgment.)

**[ ] DISPOSSESSORY CASES**

The judgment of the dispossessory case appealed herein was entered on the _____ day of _____, 200____. (This appeal **MUST BE** filed within seven (7) days of the date of judgment set forth above.)

**APPEALS BY TENANTS – PAST DUE & FUTURE RENT REQUIRED TO BE PAID INTO THE REGISTRY OF THE COURT(S) IN ORDER TO REMAIN IN POSSESSION OF PREMISES:**

I/We [ ] have; [ ] have not; paid into the registry of the Magistrate Court the sum(s) found by the Magistrate Court to be due as past due rent, to-wit, the sum of $_____. *(See section J of judgment form.)* This sum of past due rent MUST be paid into the registry of the trial court in order for a tenant who is appealing a dispossessory judgment to remain in possession of the property. Furthermore, after the case is appealed, the tenant is required to pay all future rent as it becomes due into the registry of the trial court, which, on appeal, will then be either the State or Superior Court depending on which court the appealing party selected the appeal to be filed. Failure to abide by these provisions shall cause a writ of possession to be issued instanter by a court of competent jurisdiction. *(See O.C.G.A. 44-7-56.)*

**General Information**

Computing times for appeal: O.C.G.A. 1-3-1(d)(3): The day the judgment was entered shall not be counted, but the last day shall be counted. If the last day falls on a Saturday, Sunday or public and legal holiday, the appeal shall be considered timely filed if filed on the next business day.

It is hereby certified that the above judgment is **not** a default judgment for which no appeal can be made. Appellate review of a default judgment shall be by certiorari to the State Court of Gwinnett County or to the Superior Court of Gwinnett County. (See O.C.G.A. 15-10-41.)

This 11 day of October, 20 11 .

[✓] Plaintiff(s) [ ] Defendant(s)

**CERTIFICATE OF SERVICE**

A copy of this Notice of Appeal shall be served on all parties. If an opposing party is represented by an attorney, the service shall be made upon the attorney. I hereby certify that I have served the opposing party with a copy of this appeal by mailing a copy of this document to the opposing party at the address set forth above.

This 10 day of October, 20 11 .

[✓] Plaintiff(s) [ ] Defendant(s)

USAA FEDERAL SAVINGS BANK    10750 McDermott Fwy, Waterloo, IA 50704-0205

**USAA**®

Servicing

*After Sale Oak*

10/01/10

ALFREDIA PRUITT

2360 HICKORY STATION CIRCLE

SNELLVILLE        GA 30078

RE:   Account Number        0702113416
      Property Address       2360 HICKORY STATION CIRCLE

                            SNELLVILLE        GA 30078

Dear    ALFREDIA PRUITT

In connection with your request for a Loan Modification, we regret to inform you that your
request has been denied for the following reason(s):

[]    The financial information provided shows you have insufficient income to support your
request. We recommend you consider selling your property. If the value of your property has
declined and would not result in a full payoff of the mortgage please contact our office when an
offer is received so we can review for a possible short sale.

[]    The financial information provided shows that your income is sufficient to cover your
existing mortgage obligation; therefore, we are unable to modify your existing obligation.

[]    While you do not have sufficient income to support all of your monthly expenses, some of
your expenses could be reduced. We recommend you contact your other creditors to lower
their monthly payments before workout solutions can be considered on your mortgage.

[]    We previously requested additional information from you which has not been received;
therefore, we are unable to continue our review for workout solutions.

[X]   We service your loan on behalf of an investor or group of investors that has not given us
authority to modify your loan under the program requested.

10/01/10
Account Number 0702113416
Page Two


[] The payment we received does not represent the correct amount as specified in the agreement.

[] The required payment was not received by the payment due date as specified in the agreement.

[] We have not received the properly signed and executed agreement.

[] You did not meet the requirement(s) for the Home Affordable Unemployment Program.

[] We have been unable to clear/resolve outstanding title issues in order to meet recording requirements.

[X] Our records indicate this loan has gone to foreclosure sale.

[X] HAMP Program denied. Account is in review for another workout.


At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs. You can also call the HOPE hotline number (888-995-HOPE) to seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding this borrower notice letter by asking for MHA HELP.

We will continue to work with you to explore other options that may be available for your circumstances. If you have any questions regarding the above decision, please contact our office at 866-899-5308, between the hours of 7:00 a.m. and 9:00 p.m. Monday through Thursday Central Standard time, 7:00 a.m. to 6:00 p.m. Central Standard time Friday, and 8:00 a.m. to 12:00 p.m. Central Standard time on Saturday.

Loss Mitigation Department
Loan Servicing

*Exhibit D*

## USAA FEDERAL SAVINGS BANK

PO BOX 205, Waterloo, IA 50704-0205

**USAA®**

December 17, 2010

*After foreclosure*

Alfredia Pruitt
2360 Hickory Station Circle
Snellville GA  30078

RE:     Account Number:        0702113416
        Property Address        2360 Hickory Station Circle
                                Snellville GA  30078

Dear Alfredia Pruitt:

This is in response to your recent letter received in our offices on December 15, 2010 in which you requested your mortgage Note and the identity of the owner of your loan.

USAA Federal Savings Bank disputes the claims made in your letter relating to our foreclosure process. We are committed to preserving the integrity of the foreclosure process and have taken all steps necessary to ensure that all applicable foreclosure requirements are being met.

The requirements for enforcement of a mortgage loan agreement depend on state law and possession of an original note is not necessarily a requirement. Nevertheless, we are providing you a copy of the original Note as a courtesy (see enclosed). Failure to provide you with the original Note does not relinquish your responsibility for repayment of the debt or our rights to collect payment.

The current owner of your loan is Fannie Mae, 3900 Wisconsin Avenue NW, Washington, DC 20016-2892, phone number 1-800-732-6643. USAA Federal Savings Bank is currently servicing your account, however, and all inquiries should be directed to our office.

Please be aware failure to remit payments can have serious consequences including damage to your credit and possible foreclosure. We understand that no one enters into a loan agreement expecting to have difficulty making payments. Life changes and unexpected hardships can suddenly, and without warning, impact even those who are generally always prepared. We are committed to working with you to identify solutions and find innovative ways to address your particular situation. If you need assistance with your payments, please complete the financial analysis forms available on our website at https://usaa.mortgagebanksite.com, to determine your eligibility for assistance.

If you have any further questions, please contact Customer Care at 1-877-569-4632 between the hours of 7:00 am to 8:00 pm CT Monday through Friday.

Customer Care
Loan Servicing
Enclosure
KB

## USAA FEDERAL SAVINGS BANK

**USAA®**

PO BOX 205, Waterloo, IA 50704-0205

March 28, 2011

*All this after foreclosure*

Alfredia Pruitt
2360 Hickory Station Circle
Snellville GA  30078

RE:    Account Number:      0702113416
       Property Address     2360 Hickory Station Circle
                            Snellville GA  30078

Dear Alfredia Pruitt:

This letter is in response to your inquiry regarding the above-referenced account.

Per your request, enclosed you will find a copy of the Note. This loan is registered with MERS, MIN # 100105600020422779; therefore there are no assignments. The loan originated August 30, 2006 with USAA Federal Savings Bank.

The current owner of the loan is Fannie Mae, 3900 Wisconsin Avenue NW, Washington, DC 20016-2892, phone number 1-800-732-6643.   GMAC Mortgage is currently servicing the account on behalf of USAA Federal Savings Bank, however, and all inquiries should be directed to our office.

If you have any further questions, please contact Customer Care at 1-877-569-4632 between the hours of 7:00 am to 8:00 pm CT Monday through Friday.

Customer Care
Loan Servicing

KB

*ON November 4, 2010 letter State USAA is servicing my account "all inquires should be directed to them" exhibit ON March 28, 2011 letter State GMAC is servicing / owner is Fannie Mae*

USAA FEDERAL SAVINGS BANK                    P.O. Box 205 Waterloo, IA 50704-0205

USAA®                                                              Servicing

November 4, 2010

*[handwritten: After foreclosure Offering assistance    wed. 2]*

Alfredia Pruitt
2360 Hickory Station Circle
Snellville GA  30078

*[handwritten: No Mention of GMAC]*

RE:    Account Number:        0702113416
       Property Address        2360 Hickory Station Circle
                               Snellville GA  30078

Dear Alfredia Pruitt:

This is in response to your recent letter received in our offices on November 3, 2010   in which you
requested your mortgage Note and the identity of the owner of your loan.

USAA Federal Savings Bank disputes the claims made in your letter relating to our foreclosure
process.  We are committed to preserving the integrity of the foreclosure process and have taken all
steps necessary to ensure that all applicable foreclosure requirements are being met.

The requirements for enforcement of a mortgage loan agreement depend on state law and possession
of an original note is not necessarily a requirement.  Nevertheless, we are providing you a copy of the
original Note as a courtesy (see enclosed).  Failure to provide you with the original Note does not
relinquish your responsibility for repayment of the debt or our rights to collect payment.

The current owner of your loan is Fannie Mae, 3900 Wisconsin Avenue NW, Washington, DC
20016-2892 and phone number 1-800-732-6643.  USAA Federal Savings Bank is currently servicing
your account, however, and all inquiries should be directed to our office.

Please be aware failure to remit payments can have serious consequences including damage to your
credit and possible foreclosure.  We understand that no one enters into a loan agreement expecting to
have difficulty making payments. Life changes and unexpected hardships can suddenly, and without
warning, impact even those who are generally always prepared.  We are committed to working with
you to identify solutions and find innovative ways to address your particular situation. If you need
assistance with your payments, please complete the financial analysis forms available on our website
at https://usaa.mortgagebanksite.com, to determine your eligibility for assistance.

If you have any further questions, please contact Customer Care at 1-877-569-4632 between the hours
of 7:00 am to 8:00 pm CT Monday through Friday.

Customer Care
Loan Servicing
Enclosure
KB

LAW OFFICES

3525 Piedmont Road, NE
Atlanta, GA 30305

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 - 1994)
J. ROBIN HARRIS (1925 - 1989)

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA E. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
DEBORAH Y. CHEEK
CHRISTIE B. HENNINGS

FRANK R. OLSON*
A. BRETT VERNER
PATRICK N. TAGGART*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. FRICE
CHRISTINA J. SOLOHUB
TENNIELLE B. BAILEY
ROBERT J. WILKINSON*
DANIEL K. BARBAGELATA
ANDREW M. O'CONNELL
ANTHONY E. MASELLI
BIANCA K. DAVIS
TODD H. SURDEN

OF COUNSEL:

REBECCA A. HOELTING
MARGARET C. COURTRIGHT

FRANK J. RHODES, JR.
H. RAIFORD HODGES, JR. (RETIRED)

*ALSO ADMITTED IN TENNESSEE

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

November 1, 2010

Alfredia Pruitt
**and/or All Other Residents**
2360 Hickory Station Circle
Snellville, GA 30078

Re:   **DEMAND FOR PREMISES**
Our File No.:     08-00987
Loan No.:     0702113416
Borrower Name:   Alfredia Pruitt
Property Address:   2360 Hickory Station Circle
Snellville, GA 30078

Dear Alfredia Pruitt and/or All Other Residents:

Please be advised that I am attorney for Federal National Mortgage Association and as such, I am advising you that Federal National Mortgage Association, as the owner of the premises, desires that you immediately vacate the premises located at and known as **2360 Hickory Station Circle, Snellville, GA 30078 Gwinnett County.**

This property was the subject of foreclosure on September 7, 2010, by reason of which Federal National Mortgage Association became the owner thereof.

This is a formal demand for possession of the above-referenced premises. You are considered to be occupying the premises as a tenant at sufferance.

Should you fail and refuse to vacate the premises **immediately**, Federal National Mortgage Association will file a dispossessory action against you.

Please contact **Shelley Bilbrey** at **678-891-4832** should you have any questions.

Sincerely,

Attorney for Federal National Mortgage Association

SAG/JNE

Daniel K. Barbagelata, GA Bar #714563
Tel. 678-891-1862

LAW OFFICES

# McCurdy & Candler, LLC

Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 . 1994)
J. ROBIN HARRIS (1925 . 1989)

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

| | |
|---|---|
| JOHN WALTER DRAKE | FRANK R. OLSON* |
| ALAN E. RAUBER | A. BRETT VERNER |
| JOHN C. SAMMON | PATRICK N. TAGGART* |
| ANTHONY DEMARLO | JOHN D. ANDRLE |
| SCOTT CANDLER, III | C. ERIC BURKETT |
| CLARK E. CANDLER | JESSICA A. PRICE |
| EDNA E. HAWES | CHRISTINA J. SOLOHUB |
| SIDNEY A. GELERNTER* | TENNIELLE B. BAILEY |
| DONALD C. SUESSMITH, JR. | ROBERT J. WILKINSON* |
| J. MICHAEL DUGAN* | DANIEL K. BARBAGELATA |
| DEBORAH Y. CHEEK | ANDREW M. O'CONNELL |
| CHRISTIE B. HENNINGS | ANTHONY E. MASELLI |
| | BIANCA K. DAVIS |
| | TODD H. SURDEN |

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

OF COUNSEL:

| | |
|---|---|
| REBECCA A. HOELTING | FRANK J. RHODES, JR. |
| MARGARET C. COURTRIGHT | H. RAIFORD HODGES, JR. (RETIRED) |

*ALSO ADMITTED IN TENNESSEE

August 6, 2010

Certified Mail
Return Requested 7009 2820 0003 2740 5540
and Regular Mail

Alfredia Pruitt
2360 Hickory Station Circle
Snellville, GA  30078

        RE:    NOTICE OF FORECLOSURE SALE ENCLOSED
               Our File No.:        08-00987
               Loan No.:            0702113416
               Borrower Name:    Alfredia Pruitt
               Property Address:  2360 Hickory Station Circle
                                  Snellville, GA  30078

***Pursuant to O.C.G.A. Section 44-14-162.2, the following is the entity who has full authority to discuss, negotiate, or change all terms of the mortgage with you concerning the foreclosure alternatives described later in this letter.***

*Servicer:*      **GMAC Mortgage, LLC**
*Address:*       **Two Ravinia Dr. , Suite 500**
                 **Atlanta, GA 30346**
**Phone Number: 678-855-7067**

**Creditor: GMAC Mortgage Corporation, LLC**

Dear Sir or Madam:

        By letter dated August 6, 2010, (the "Initial Communication Letter"), I notified you that the above-referenced creditor has referred the referenced loan to this law firm for handling.  That letter also advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter.  Nothing in this letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication Letter.

A failure to comply with the terms of the above loan with GMAC Mortgage Corporation, LLC has created a default. As a result, the entire amount of the outstanding balance of the loan has been, and is hereby, declared immediately due and payable. This letter is a formal demand for immediate payment of the total indebtedness. Any partial payment received by GMAC Mortgage Corporation, LLC on the subject debt after the date of this letter will be applied to the reduction of the aforesaid debt and will not result in a reinstatement or a deceleration of the loan.

Advertisement of foreclosure will be inserted, as provided by law, providing for public sale to be held on September 7, 2010 , before the courthouse door of Gwinnett County, Georgia.

Please be advised that the provisions in the loan documents relative to payment of attorney's fees, in addition to principal and interest, will be enforced. Unless the entire balance is paid within ten (10) days from the date you receive this notice, such attorney's fees as allowed by Official Code of Georgia, §13-1-11, as amended, will be owed.

If you are currently in the military service AND joined after signing the mortgage (Security Deed) now in foreclosure, please so notify this office immediately. You may be entitled to relief under the Soldiers and Sailors Relief Act. When contacting this office as to your military service you must provide us with positive proof as to your military status. The name, address and telephone number of your Base Commander is essential. If you do not provide this information we will assume that you are not entitled to protection under the above mentioned act.

If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Georgia law.

The Servicer may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the Servicer may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, repay plan, loan modification or some other mutual agreement. The Servicer is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the Servicer will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact the Servicer at 678-855-7067 immediately regarding your situation You may also contact our office at our toll free number of 1-866-303-0517 to assist with your communications with the Servicer.

The enclosed "Notice of Sale Under Power" is a copy of the advertisement sent to Gwinnett Daily Post for publication.

BE GOVERNED ACCORDINGLY.

McCurdy & Candler, L.L.C.

*Anthony DeMarlo*

Anthony DeMarlo
Attorney for GMAC Mortgage Corporation, LLC

AD/kandrade
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## NOTICE OF SALE UNDER POWER

GEORGIA, GWINNETT COUNTY

Because of default in the payment of the indebtedness, secured by a Security Deed executed by Alfredia Pruitt to Mortgage Electronic Registration Systems Inc., dated August 30, 2006 in the amount of $271,330.00, and recorded in Deed Book 46975, Page 422, Gwinnett County, Georgia Records; as last transferred to GMAC Mortgage Corporation, LLC by assignment; the undersigned, GMAC Mortgage Corporation, LLC pursuant to said deed and the note thereby secured, has declared the entire amount of said indebtedness due and payable and pursuant to the power of sale contained in said deed, will on the first Tuesday in September, 2010 , during the legal hours of sale, at the Courthouse door in Gwinnett County, sell at public outcry to the highest bidder for cash, the property described in said deed to-wit:

All that tract or parcel of land lying and being in Land Lot 59 of the 5th District, Gwinnett County, Georgia, being Lot 158, Old Hickory Village, Phase 2C, as per plat recorded in Plat Book 115, Pages 115 and 116, Gwinnett County, Georgia Records; which plat is incorporated herein by reference and made a part hereof.

which has the property address of 2360 Hickory Station Circle, Snellville, Georgia., together with all fixtures and other personal property conveyed by said deed.

The sale will be held subject to any unpaid taxes, assessments, rights-of-way, easements, protective covenants or restrictions, liens, and other superior matters of record which may affect said property.

The sale will be conducted subject (1) to confirmation that the sale is not prohibited under the U.S. Bankruptcy Code and (2) to final confirmation and audit of the status of the loan with the holder of the security deed.

Notice has been given of intention to collect attorneys' fees in accordance with the terms of the note secured by said deed.

Said property will be sold as the property of Alfredia Pruitt and the proceeds of said sale will be applied to the payment of said indebtedness, the expense of said sale, all as provided in said deed, and the undersigned will execute a deed to the purchaser as provided in the aforementioned Security Deed.

> GMAC Mortgage Corporation, LLC
> Attorney in Fact for
> Alfredia Pruitt

Anthony DeMarlo, Attorney/kandrade
McCurdy & Candler, L.L.C.
(404) 373-1612
www.mccurdycandler.com
File No. 08-00987 /FNMA
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

*This was done while under Bankruptcy Protection.*

FILED & RECORDED
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2011 FEB 14  PM 2: 00

TOM LAWLER, CLERK

When Recorded, Return to:
Mr. Anthony DeMarlo/File No. 08-00987
scurry /FNMA
McCurdy & Candler, L.L.C.
3525 Piedmont Road NE, Six Piedmont Center, Suite 700
Atlanta, GA 30305

PT-61# 067.2011.002688
GWINNETT CO. GEORGIA
REAL ESTATE TRANSFER TAX
$   none
TOM LAWLER CLERK OF
SUPERIOR COURT

## SPECIAL WARRANTY DEED

STATE OF  Pennsylvania
COUNTY OF  Montgomery

THIS INDENTURE made September 7, 2010, between **GMAC Mortgage, LLC,** as Grantor and **Federal National Mortgage Association its successors and assigns,**  whose address is P.O. Box 650043, Dallas, TX 75265-0043, as Grantee.

WITNESSETH:  That Grantor for and in consideration of TEN DOLLARS AND OTHER VALUABLE CONSIDERATIONS, in hand paid at and before the sealing and delivery of these presents, the receipt of which is hereby acknowledged, has bargained and sold, and by these presents does grant, bargain, sell and convey unto Grantee the following described property:

**All that tract or parcel of land lying and being in Land Lot 59 of the 5th District, Gwinnett County, Georgia, being Lot 158, Old Hickory Village, Phase 2C, as per plat recorded in Plat Book 115, Pages 115 and 116, Gwinnett County, Georgia Records; which plat is incorporated herein by reference and made a part hereof.**

0012659

File No. 08-00987

TO HAVE AND TO HOLD the said tract of land, with all and singular the rights, members and appurtenances thereof, to the same being belonging, or in any wise appertaining, to the only proper use, benefit and behoof of the said Grantee, Grantee's heirs and assigns, forever, in Fee Simple.

AND THE SAID Grantor, for Grantor, Grantor's heirs, executors, administrators, successors and assigns will warrant and forever defend the right and title to the above-described property, unto the said Grantee, Grantee's heirs, successors and assigns, against the lawful claim of all persons claiming by, through or under the Grantor.

IN WITNESS WHEREOF, the said Grantor has executed the indenture under seal this _18th_ day of _January_ , 2011; effective as of the day and year first above written.

*Protected in bankruptcy*

GMAC Mortgage, LLC

BY: _____
Name:  Susan Turner
Title:   Authorized Officer

BY: _____
Name:  Matthew Ferragama
Title:   Authorized Officer

Signed, Sealed and Delivered
in the presence of:

Witness _Anthony Bellavicini_

Notary Public

My Commission Expires: _____
     [Notarial Seal]

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Trina Willbank, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Sept. 10, 2013
Member, Pennsylvania Association of Notaries



October 2, 2012

RE:  **REQUEST TO WITHDRAW PROOF OF CLAIM**
     Case No. **12-12020(MG)**

To Whom It May Concern:

I Alfredia Pruitt, is requesting to **WITHDRAW** the **PROOF of CLAIM**
mailed to your office on September 26, 2012 in the above case, in reference
to **RESIDENTIAL CAPITAL, LLC.**

**I am providing a self stamped envelope.**  I've tried reaching your office by
phone and left several voice mails and no response, however the courts
advised me to send you a letter.

Thank you,

Alfredia Pruitt

Cc:  Lorraine Mills

Claim # _835_
Initials _____

RECEIVED

OCT 0 9 2012

KURTZMAN CARSON CONSULTANTS



1212020121009000000000034