MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Anthony Princi
Darryl P. Rains

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**THE DEBTORS' MOTION, PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018, TO FILE A REPY TO THE OBJECTION OF THE JUNIOR SECURED NOTEHOLDERS TO MOTION FOR APPROVAL OF RMBS SETTLEMENT AGREEMENTS, UNDER SEAL**

Residential Capital, LLC, and its affiliated Debtors in the above captioned case (the "**Debtors**"), submit this motion ("**Motion**") pursuant to section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. ("**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for leave to file a Reply to the Objection of the Junior Secured Noteholders ("**JSNs**") to the Debtors' motion pursuant to Bankruptcy Rule 9019 for approval of the RMBS Trust Settlement Agreements [Docket Nos. 320, 1176, 1887] (the "**9019 Motion**"),[1] together with any supporting declaration and exhibits, under seal, pending

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the 9019 Motion.

ny-1079929

further order of this Court.  In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The basis for the relief sought herein is section 107 of the Bankruptcy Code, and Bankruptcy Rule 9018.

## BACKGROUND

2.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.     On May 16, 2012, the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors ("**Committee**") in these Chapter 11 Cases.  The United States Trustee selected the following nine parties to serve as members of the Committee: (a) Wilmington Trust, N.A. ("**Wilmington Trust**"); (b) Deutsche Bank Trust Company Americas; (c) The Bank of New York Mellon Trust Company, N.A.; (d) MBIA Insurance Corporation ("**MBIA**"); (e) Rowena L. Drennen; (f) AIG Asset Management (U.S.), LLC; (g) U.S. Bank National Association; (h) Allstate Life Insurance Company; and (i) Financial Guaranty Insurance Company ("**FGIC**").

2

ny-1079929

4. On June 11, 2012, the Debtors filed the 9019 Motion. On August 15, 2012 the Debtors filed the Supplemental 9019 Motion [Docket No. 1176]. And on October 19, 2012 the Debtors filed the Second Supplemental 9019 Motion [Docket No. 1887].

5. In connection with the 9019 Motion, the Debtors have undertaken significant document discovery, including the production of certain confidential information. In order to facilitate this document discovery, the Debtors entered into confidentiality agreements (the "**Confidentiality Agreements**"), prohibiting the receiving party from publicly disclosing certain confidential information obtained from the Debtors through the discovery process.

## RELIEF REQUESTED

6. The Debtors request entry of an order pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting leave to file an unredacted Reply to the Objection of the JSNs, and accompanying declaration and exhibits, under seal, (the "**Sealed Documents**") and ordering that the Sealed Documents be made available only to (a) the Bankruptcy Court; (b) counsel to AFI; (c) counsel to the Steering Committee Group; (d) counsel to the Talcott Franklin Group; (e) counsel to the RMBS Trustees; (f) counsel to the Committee; (g) counsel to each Wilmington Trust, FGIC, and MBIA; (h) counsel to Assured Guaranty; (i) counsel to the JSNs; and (j) the Examiner and his counsel; (k) the United States Trustee; and parties receiving Sealed Documents shall treat them as Confidential pursuant to the Confidentiality Agreements, so long as the Sealed Documents, or any portions thereof, remain under seal by Order of this Court.

## BASIS FOR RELIEF REQUESTED

7. Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. In addition, Bankruptcy Code section 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b):

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

10. Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See, e.g.*, *In re Global Crossing Ltd.*, 295 B.R. at 725; *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). Once the Bankruptcy Court

4

determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original) (affirming bankruptcy court's order to seal licensing agreement because release of any information pertaining to agreement's overall structure or terms and conditions would adversely affect movant's ability to negotiate favorable promotional agreements).

11. The Debtors believe cause exists to file the Reply to the Objection of the JSNs, and accompanying declaration and exhibits under seal, because they contain confidential information, the disclosure of which would be potentially harmful. Confidentiality concerns asserted by the Debtors constitute good cause to file the Reply, and accompanying declaration and exhibits to the Bankruptcy Court under seal, and the Debtors respectfully request leave to do so.

## NOTICE

12. In accordance with the Case Management Order, notice of this Motion has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order) (collectively, the "**Notice Parties**"). Because of the nature of the relief requested, the Parties submit that such notice is sufficient and that no other or further notice need be given.

## NO PRIOR REQUEST

13. No previous Motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors request that this Court enter an order, a form of which is attached hereto as **Exhibit A** pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated:  March 15, 2013
        New York, New York

        MORRISON & FOERSTER LLP

        By: /s/ Darryl P. Rains
        Gary S. Lee
        Anthony Princi
        Darryl P. Rains
        MORRISON & FOERSTER LLP
        1290 Avenue of the Americas
        New York, New York 10104
        Telephone:  (212) 468-8000
        Facsimile:  (212) 468-7900

        *Counsel to the Debtors and*
        *Debtors in Possession*

# EXHIBIT A

# **PROPOSED ORDER**

ny-1079929

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                              :    Chapter 11
                                                    :
Residential Capital, LLC, et al.,                   :    Case No. 12-12020 (MG)
                                                    :
                    Debtors.                        :    Jointly Administered
                                                    :
------------------------------------------------------------ x

**ORDER GRANTING THE DEBTORS' MOTION, PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018, TO FILE A REPY TO THE OBJECTION OF THE JUNIOR SECURED NOTEHOLDERS TO MOTION FOR APPROVAL OF RMBS SETTLEMENT AGREEMENTS, UNDER SEAL**

Upon the Motion,[1] dated February 28, 2013, of Residential Capital, LLC and its affiliated Debtors in the above captioned case (the "**Debtors**"), for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to file a Reply to the Objection of the Junior Secured Noteholders ("**JSNs**") and accompanying declaration and exhibits to the Bankruptcy Court under seal, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Motion establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1079929

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtors are authorized to file a Reply to the Objection of the JSNs, and accompanying declaration and exhibits, under seal.

3. The filing of a redacted Reply, and accompanying declaration and exhibits, and delivery of the unredacted Reply, and accompanying declaration and exhibits, to the Bankruptcy Court, under seal, shall constitute compliance with paragraph 8 of the Fourth Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding Debtors' Motion for Approval of RMBS Trust Settlement Agreements [Docket No. 2528] (the "**Scheduling Order**").

4. The unredacted Reply, and accompanying declaration and exhibits (the "**Sealed Documents**") shall not be disclosed to any parties in these cases other than (a) the Bankruptcy Court; (b) counsel to AFI; (c) counsel to the Steering Committee Group; (d) counsel to the Talcott Franklin Group; (e) counsel to the RMBS Trustees; (f) counsel to the Committee; (g) counsel to each Wilmington Trust, FGIC, and MBIA; (h) counsel to Assured Guaranty; (i) counsel to the JSNs; (j) the Examiner and his counsel; and (k) the United States Trustee.

5. Parties receiving Sealed Documents shall treat them as Confidential pursuant to the Confidentiality Agreements, so long as the Sealed Documents, or any portions thereof, remain under seal by Order of this Court.

ny-1079929

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:_____, 2013
   New York, New York

    _____
    UNITED STATES BANKRUPTCY JUDGE

ny-1079929