Presentment Date: March 25, 2013 at 12:00 p.m. (ET)
Objection Deadline: March 22, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew

*Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., ) | |
| ) | Chapter 11 |
| Debtors. ) | |
| ) | Jointly Administered |
| ) | |

----

**DEBTORS' MOTION FOR ORDER UNDER
BANKRUPTCY CODE SECTIONS 327(a) AND 328(a) APPROVING ADDITIONAL
ENGAGEMENT LETTERS WITH DELOITTE & TOUCHE LLP**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move (the "Motion") for entry of an order, the proposed form of which is attached as Exhibit 1, under sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local

----

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6] (the "Whitlinger Affidavit").

ny-1079429

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), approving the additional Engagement Letters (each an "Engagement Letter," collectively, the "Additional Engagement Letters"), attached hereto as Exhibit 2, with Deloitte & Touche LLP ("Deloitte & Touche"), independent auditor and attest service provider for the Debtors.  In support of this Motion, the Debtors rely on the Declaration of Tom A. Robinson (the "Robinson Declaration"), a partner of Deloitte & Touche, attached hereto as Exhibit 3.  In further support of this Motion, the Debtors respectfully state as follows:

## INTRODUCTION

1.    As is more fully discussed below, by this Motion the Debtors are requesting approval of the Additional Engagement Letters.  The previously approved terms of employment will otherwise remain the same.  If approved, the scope of services will be supplemented to include certain additional services, for which Deloitte & Touche will be entitled to additional compensation and reimbursement of expenses.  As discussed below, Walter Investment Management Corp. ("Walter") and Ocwen Loan Servicing, LLC ("Ocwen") have agreed to be responsible for certain of the additional compensation and expenses.  The remaining compensation and expenses were contemplated in the Original Engagement Letters (defined below).  Accordingly, if this Motion is approved, the additional compensation and reimbursement to be paid to Deloitte & Touche for the services which were provided at the request of the Debtors and are of substantial benefit to the Debtors, their estates and creditors, will be without additional cost to the Debtors or their estates.

ny-1079429

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328 as supplemented by Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## BACKGROUND

3. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

4. On the Petition Date, the Debtors filed the Sale Motion,[2] and on June 28, 2012, the Court entered an order approving the sale and bid procedures for the sale of the Debtors' assets [Docket No. 62].

5. On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

---

[2] *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123 and Fed R. Bank. P. 2002, 6004, 6006 and 9014 for Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Hearing and Sale Deadline; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "Sale Motion") [Docket No. 61].

6. On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674] (the "Examiner").

7. On July 25, 2012, the Debtors filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Deloitte & Touche LLP as Independent Auditor and Attest Service Provider to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 911] (the "Retention Application"). On August 10, 2012, the Court approved the Retention Application [Docket No. 1078] (the "Retention Order").

8. On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of the Debtors' mortgage loan origination and servicing businesses to Ocwen and Walter for $3 billion.

9. On October 25, 2012, the Debtors successfully conducted an auction for the sale of the Debtors' "legacy" portfolio consisting mainly of mortgage loans and other residual financial assets to Berkshire Hathaway Inc. ("Berkshire") for $1.5 billion.

10. At a hearing held on November 19, 2012, the Court approved the Sale Motion on the record. On November 21, 2012, the Court entered orders approving the sales to Ocwen, Walter and Berkshire [Docket Nos. 2246 and 2247].

11. The Debtors closed the sale to Berkshire on February 5, 2013. The Debtors closed the sale to Walter on February 5, 2013. The Debtors closed the sale to Ocwen on February 15, 2013.

**RELIEF REQUESTED**

12. By this Motion, the Debtors seek entry of an order approving the Additional Engagement Letters, which seek to expand the scope of Deloitte & Touche's retention to

4

ny-1079429

include additional auditing and compliance related services. Although by this Motion, the Debtors are requesting approval of an expanded scope of services and increase of compensation to be paid, (i) any compliance related amounts were included in the estimate provided in the Original Engagement Letters (defined below), which were approved under the Retention Order and (ii) Ocwen and Walter have agreed to pay or reimburse the Debtors with respect auditing services provided in connection with those assets sold to Ocwen and Walter. Accordingly, the Debtors do not expect to compensate Deloitte & Touche beyond the sums contemplated under the Original Engagement Letters (defined below).

## **BASIS FOR RELIEF**

13. Deloitte & Touche's services, as independent auditor and attest service provider to the Debtors, have been rendered upon the terms and conditions of four engagement letters dated April 23, 2012, April 23, 2013, July 9, 2012, and July 9, 2012, by and between Deloitte & Touche and the Debtors (the "Original Engagement Letters"), copies of which were attached to the Retention Application and incorporated by reference herein.

### A.   The Additional Scope of Services

14. Since the Petition Date, and prior to the bankruptcy, the Debtors have employed Deloitte & Touche to provide audit and review and attest services because Deloitte & Touche is familiar with the Debtors' businesses, operations, capital structure and business practices. The Debtors believe that Deloitte & Touche will provide effective and efficient audit services and are the best choice of attest service provider to perform those services contemplated under the Additional Engagement Letters, because they relate to those services that Deloitte & Touche has been providing throughout these cases.

15. The Additional Engagement Letters seek to expand the scope of services performed by Deloitte & Touche on behalf of the Debtors. In particular, Deloitte & Touche is anticipated to provide the following services:

**Servicing Compliance (Services Performed Under the December 21, 2012 Engagement Letter)**

- perform an examination of GMAC Mortgage, LLC's ("GMAC") internal controls related to its mortgage servicing activities, in accordance with its contractual reporting requirements. Such services are performed in conjunction with certain of the other services for which Deloitte & Touche was previously engaged, pursuant to the Original Engagement Letters,[3] as described in the Retention Application. GMAC has determined that it is required to obtain a separate service auditors report from Deloitte & Touche, which requires a separate engagement letter.

- These services are not expected to result in the incurrence of additional fees to be paid by GMAC. The fees for these services were included in the servicing compliance fees amount included in the Retention Application.

**Financial Statement Audit (Services Performed Under the January 7, 2013, January 11, 2013 and February 11, 2013 Additional Engagement Letters)**

- **January 7, 2013 Engagement Letter** - serve as independent auditors as it relates to Residential Capital, LLC's ("ResCap") abbreviated financial statements for its Federal National Mortgage Association Servicing and Certain Related Loan Origination operations. These services are being provided in connection with Walter's acquisition of such assets and operations, and Walter's filing obligations with the Securities and Exchange Commission. The fees for these services will be billed on an hourly basis and are estimated to total between $500,000 and $1 million. Pursuant to the asset purchase agreement to which Walter is purchasing these assets, Walter will be reimbursing the Debtors for these fees and expenses.

- **February 11, 2013 Engagement Letter** – serve as independent auditors for Residential Capital, LLC as it relates to ResCap's carve-out financial statements, as of December 31, 2012 and December 31, 2011 and for the three years ended December 31, 2012, for certain of its servicing operations. These services are being provided in connection with ResCap's facilitation of

---

[3] These services relate to the services contemplated under the April 23, 2012 Engagement Letters and the RFC/GMAC Audit Services Letter, as defined in the Retention Application.

- Ocwen's acquisition of such operations, and Ocwen's filing obligations with the Securities and Exchange Commission. As set forth in the Engagement Letter, Deloitte & Touche's fees for these services will be billed on an hourly basis. Deloitte & Touche expects that the fees for the audits of the carve-out financial statements will approximate between $750,000 and $1.25 million. Pursuant to the asset purchase agreement to which Ocwen is purchasing these assets, Ocwen will be reimbursing the Debtors for these fees and expenses.

- **February 11, 2013 Engagement Letter** – serve as independent auditors for Walter as it related to certain assets acquired by Walter. The Debtors are also signatories to the Engagement Letter because they will be required to provide Deloitte & Touche will the information necessary to complete the audit. The Debtors are not responsible for payment of the compensation in connection with these services. As a signatory, and out of an abundance of caution, the Debtors have decided to seek Court approval of this Engagement Letter.

16. The services provided under the Additional Engagement Letter are necessary for the administration of these estates. Because the compensation to be paid in connection with the Additional Engagement Letters was either (i) previously considered pursuant to the Retention Application or (ii) will be reimbursed or paid by Ocwen and/or Walter, the Debtors believe that such services will be without cost to the Debtors.

17. The terms and conditions of the Additional Engagement Letters were negotiated at arm's-length and in good faith. The Debtors respectfully submit that the professional services provided by Deloitte & Touche are important and request that the Court approve the retention of Deloitte & Touche and the terms and conditions of the Additional Engagement Letters in substantially the forms attached hereto.

18. Deloitte & Touche has and will continue to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of*

*Professionals* [Docket No. 797] and consistent with the proposed terms of compensation set forth in the Additional Engagement Letters. Notwithstanding anything herein to the contrary, the United States Trustee for the Southern District of New York shall retain all rights to respond or object to Deloitte & Touche's interim and final applications for compensation and reimbursement of expenses on all grounds including, but not limited to, reasonableness, pursuant to section 330 of the Bankruptcy Code, and in the event the U.S. Trustee objects, the Court retains the right to review such interim and final applications pursuant to section 330 of the Bankruptcy Code.

19. In light of the foregoing, the Debtors believe that the terms and conditions of the Additional Engagement Letters are fair and reasonable and should be approved.

## NOTICE

20. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order (i) substantially in the form attached hereto as Exhibit 1, granting the relief requested in the Motion, (ii) approving the Additional Engagement Letters and (iii) granting such other and further relief to the Debtors as the Court may deem just and proper.

| | |
|---|---|
| New York, New York<br>Dated: March 18, 2013 | /s/ Gary S. Lee<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors*<br>*and Debtors in Possession* |

ny-1079429