# Exhibit 1

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>                Debtors. | ) Chapter 11<br>)<br>) Case No. 12-12020 (MG)<br>)<br>) Jointly Administered<br>) |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a) AND 328(a) APPROVING ADDITIONAL ENGAGEMENT LETTERS WITH DELOITTE & TOUCHE LLP**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order (the "Order") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014(a) of the Bankruptcy Rules and Rules 2014-1 and 2016-1 of the Local Rules, approving the Additional Engagement Letters with Deloitte & Touche LLP ("Deloitte & Touche"), independent auditor and attest service provider for the Debtors, and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and upon consideration of the Motion, the Robinson Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest, and that the legal and factual bases set forth in the

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Motion and the Robinson Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, the Debtors are authorized to enter into Additional Engagement Letters with Deloitte & Touche as their independent auditor and attest service provider, in accordance with the terms and conditions set forth in the Additional Engagement Letters and to pay fees to Deloitte & Touche on the terms specified in the Original Retention Order and the Additional Engagement Letters.

3. Deloitte & Touche is authorized to perform all actions and services set forth in the Additional Engagement Letters. The Debtors' employment and retention of Deloitte & Touche pursuant to the Original Retention Order is hereby expanded in accordance with the Additional Engagement Letters.

4. In all other respects, the provisions of the Retention Order remain unchanged and in full force and effect.

5. To the extent the Motion is inconsistent with this Order, the terms of this Order shall govern.

6. The Debtors are authorized to take all actions necessary to comply with all the duties set forth in the Motion.

7. To the extent that there may be any inconsistency between the terms of the Motion, the Retention Agreement, or this Order, the terms of this Order shall govern.

8. This Order shall be immediately effective and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

10. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

Dated: New York, New York
_____, 2013

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE