## Exhibit 3

**Robinson Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF TOM A. ROBINSON IN SUPPORT OF THE
DEBTORS' MOTION FOR ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a)
AND 328(a) APPROVING ADDITIONAL ENGAGEMENT LETTERS WITH
<u>DELOITTE & TOUCHE LLP</u>**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Tom A. Robinson, under penalty of perjury, declares as follows:

1. I am a partner of the firm of Deloitte & Touche LLP ("<u>Deloitte & Touche</u>"), which has an office at 200 Renaissance Center, Suite 3900, Detroit, Michigan. I am duly authorized to make and submit this declaration (the "<u>Declaration</u>") on behalf of Deloitte & Touche in accordance with section 327(a) of title 11 of the United States Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure in further support of the motion (the "<u>Motion</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for entry of an order approving the Additional Engagement Letters[1] with Deloitte & Touche. On July 25, 2012, the Debtors filed authorizing the employment and retention of Deloitte and Touche as independent auditor of and attest service provider to the Debtors (the "<u>Application</u>"), *nunc pro tunc* to May 14, 2012 [Docket No. 911]. The Application was approved by the Court on August 10, 2012 [Docket No. 1078] (the "<u>Retention Order</u>").

---

[1] Capitalized terms otherwise not defined herein shall have the meanings ascribed to them in the Motion.

ny-1078554

2. The statements set forth in this Declaration are based upon my personal knowledge, upon information and belief, and upon client matter records kept in the ordinary course of business that were reviewed by me or other personnel of Deloitte & Touche or its affiliates.

3. As provided in paragraph 12 of the Application, in the event the Debtors sought to expand the scope of Deloitte & Touche's retention, Deloitte & Touche agreed to file a supplemental affidavit with the Court and serve such affidavit on the Creditors' Committee and the U.S. Trustee.

4. The Debtors have requested that the Deloitte & Touche provide the Debtors with additional financial statement audit and servicing compliance services. Attached to the Motion are the Additional Engagement Letters for the provision of such services. The services to be provided are described more fully below.

## ADDITIONAL SERVICES

**Service Auditors for GMAC Mortgage, LLC**

5. Pursuant to the Engagement Letter, dated December 21, 2012, the Debtors engaged Deloitte & Touche to serve as service auditors for GMAC Mortgage, LLC ("GMAC"). Deloitte & Touche will perform an examination of GMAC's internal control over its mortgage servicing activities, in accordance with its contractual reporting requirements. Such services are performed in conjunction with certain of the other services for which Deloitte & Touche was previously engaged, as described in the Application. GMAC has determined that it is required to obtain a separate service auditors report from Deloitte & Touche, which requires a separate engagement letter.

6. These services are not expected to result in the incurrence of additional fees to be paid by GMAC. The fees for these services were included in the servicing compliance fees amount included in the Application.

7. The services provided for in paragraph 5 were contemplated but not confirmed by GMAC at the time the Debtors filed the Application. The requirement to obtain a separate service auditors report has since been confirmed by GMAC and requires a separate engagement letter.

**Independent Auditors for Residential Capital, LLC Abbreviated Financial Statements**

8. Pursuant to the Engagement Letter, dated January 7, 2013, the Debtors engaged Deloitte & Touche to serve as independent auditors as it relates to Residential Capital, LLC's ("ResCap") abbreviated financial statements for its Federal National Mortgage Association Servicing and Certain Related Loan Origination Operations, as of September 30, 2012 and December 31, 2011 and for the nine-months ended September 30, 2012 and the two years ended December 31, 2011. These services are being provided in connection with ResCap's facilitation of Walter Investment Management Corp.'s ("Walter") acquisition of such assets and operations, and Walter's filing obligations with the Securities and Exchange Commission.

9. The fees for these services will be billed on an hourly basis and are estimated to total between $500,000 and $1 million. I understand that ResCap expects that the fees and expenses for these services to be reimbursed by Walter.

10. Additionally, Deloitte & Touche has entered into an Engagement Letter with Walter, and will serve as independent auditors in connection with the Statement of Assets to be Acquired and Liabilities Assumed as of December 31, 2012 and the Statement of Revenues and Direct Operating Expenses for the year ended December 31, 2012 for the Certain Servicing and

3

ny-1078554

Origination Operations of ResCap, which were acquired by Walter. The Debtors are co-signatories to this Engagement Letter. It is my understanding that Walter will be paying for these services and out of an abundance of caution the Debtors are seeking Court approval of this Engagement Letter.

**Independent Auditors for Residential Capital, LLC Financial Statements**

11.   Pursuant to the Engagement Letter, dated January 11, 2013, Deloitte & Touche has agreed to serve as independent auditors for Residential Capital, LLC as it relates to ResCap's carve-out financial statements, as of December 31, 2012 and December 31, 2011 and for the three years ended December 31, 2012, for certain of its servicing operations. These services are being provided in connection with ResCap's facilitation of Ocwen Loan Servicing, LLC's ("Ocwen") acquisition of such operations, and Ocwen's filing obligations with the Securities and Exchange Commission.

12.   As set forth in the Engagement Letter, Deloitte & Touche's fees for these services will be billed on an hourly basis. Deloitte & Touche expects that the fees for the audits of the carve-out financial statements will approximate between $750,000 and $1.25 million. I understand that ResCap expects that the fees and expenses for these services to be reimbursed by Ocwen.

13.   The services described in paragraphs 8, 10, and 11 were not contemplated at the time the Debtors filed the Application because the outcome of the auctions and the related reporting requirements of the potential acquirers were unknown by ResCap.

14.   Nothing in this Declaration is intended to affect the terms of the Retention Order, which shall continue to govern all aspects of Deloitte & Touche's retention in these cases. Consistent with the Retention Order, Deloitte & Touche will continue to file fee applications in

4

ny-1078554

connection with its requests for compensation, including for the services provided pursuant to the Additional Engagement Letters.

15.  In accordance with the Application, counsel for the Debtors has advised the Creditors' Committee and the U.S. Trustee of the additional services to be provided pursuant to the Additional Engagement Letters.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  March 18, 2013                /s/ Tom A. Robinson
        New York, New York            Tom A. Robinson