HEARING DATE: April 30, 2013
OBJECTION DATE: April 23, 2013

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X
                                          :        Case No: 12-12020 (MG)
IN RE                                     :
                                          :        Chapter 11
        RESIDENTIAL CAPITAL LLC, et al.   :
                                          :        (Jointly Administered)
                              Debtors.    :
                                          :
-------------------------------------------------------- X

## MOTION FOR ORDER PERMITTING MED&G GROUP LP TO FILE A LATE PROOF OF CLAIM

William E. Baney, Esq.
WENIG SALTIEL LLP
26 Court Street, Suite 1200
Telephone: (718) 797-5700
Facsimile: (718) 522-0356
E-mail: wbaney@LTattorneys.com

COUNSEL TO MOVANT MED&G GROUP LP

# TABLE OF CONTENTS

Page

I.      Table of Authorities...........................................................................ii

II.     Jurisdiction and Venue.......................................................................2

III.    Backrground.....................................................................................2

        1.   Movant's Business Structure.......................................................4

IV.     Argument.........................................................................................6

        1.   Movant Should Be Granted Leave to File Late Proof of Claim under
             Bankruptcy Rule 9006(b)(1)....................................................6

             A.    Danger of Prejudice to the Debtor......................................7

             B.    The Length of Delay and its Potential Impact on Judicial
                   Proceedings.................................................................8

             C.    The Reason for Delay, Including Whether it Was Within the
                   Reasonable Control of the Movant....................................8

             D.    Whether Movant Acted in Good Faith...............................10

V.      Conclusion.......................................................................................10

# TABLE OF AUTHORITIES

Page(s)

Cases

Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.,
    507 U.S. 380, 388 (1993)……………………………..…………………6, 7, 10

In re Keene Corp.,
    188 B.R. 903, 909 (Bankr. S.D.N.Y. 1995)……………………………………7

Statutes

28 U.S.C. §157 …………………………………………………………………2

28 U.S.C. § 1334 ………………………………………………………………...2

28 U.S.C. §1408 ………………………………………………………………….2

28 U.S.C. §1409 ………………………………………………………………….2

Federal Rule of Bankruptcy Procedure 9006 …………………………………....6

HEARING DATE: April 30, 2013
OBJECTION DATE: April 23, 2013

William E. Baney, Esq.
WENIG SALTIEL LLP
26 Court Street, Suite 1200
Telephone: (718) 797-5700
Facsimile: (718) 522-0356
E-mail: wbaney@LTattorneys.com

COUNSEL TO MOVANT MED&G GROUP LP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

IN RE:

      RESIDENTIAL CAPITAL LLC, et al.

              Debtors.

------------------------------------------------------- X

Case No: 12-12020 (MG)

Chapter 11

(Jointly Administered)

Med&G Group LP ("Movant" or "MED&G"), by and through its undersigned counsel, hereby moves (the "Motion") this Court for an Order pursuant to Section 502 of chapter 11 of the United States Code, 11 U.S.C. § § 101 *et seq.* (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9006(b), authorizing it to file a late proof of claim against the estate of Residential Capital LLC, et al. (collectively, the "Debtors"), debtors and debtors-in-possession in the above-captioned jointly administered case; and in support thereof, respectfully states as follows:

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), and (O). No previous request for the relief sought herein has been made to this Court or any other Court.

## BACKGROUND

2.      The facts in support of this Motion are set forth in the accompanying affidavit of Brian Burke ("Burke").

3.      MED&G purchased the property located at 3735 Coffey Lane, Santa Rosa, CA 95403, Sonoma County (the "Subject Premises") from Debtors on or about September 13, 2010. Movant purchased the Subject Premises for $244,144.84, the amount of unpaid debt outstanding from the underlying mortgage. Movant recorded the Trustee's Deed upon Sale ("Trustee's Deed") in the Official Records of Sonoma County on or about September 21, 2010.  A true copy of the Trustee's Deed Upon Sale is annexed hereto as **Exhibit "A"**. See also the Affidavit of Brian Burke ("Burke Affidavit") at ¶3.

4.      The Trustee's Deed prominently displays Movant's address as P.O. Box 5844, Santa Rosa, CA 95402 in the top left corner of the first page. See **Exhibit "A"**, See also the Burke Affidavit at ¶4.

2

5.      Hitoshi and Wakana Inoue, plaintiffs in a civil action against, *inter alia*, GMAC

Mortgage, LLC, Executive Trustee Services, LLC, and Movant, commenced in the

Superior Court of California, County of Sonoma, Case No. SCV248256 ("Inoue Action"),

filed a motion in this Court for relief from the automatic stay imposed under 11 U.S.C. §

362, in order to proceed to trial in the Inoue Action on July 17, 2012 (Doc. No. 0801).

6.      The Inoues' motion for relief from the automatic stay was settled by stipulation

allowing the Inoues to proceed to trial in the Inoue Action filed on August 17, 2012 (Doc.

No. 1206).

7.      In order to enable Movant to proceed to trial in the Inoue Action, Movant,

without knowledge of the Bar Date, filed a motion for relief from the automatic stay

imposed pursuant to 11 U.S.C. §362 on November 27, 2012 (Doc. No. 2274).

8.      Movant and Movant's counsel were first made aware of the Bar Date on

January 22, 2013, when Debtors filed opposition to Movant's motion for relief from the

automatic stay, stating that Movant was barred from seeking monetary damages

against Debtors as Movant had not filed a proof of claim prior to the Bar Date (Doc. No.

2680). This is because Movant did not receive any Bar Date Notice in this bankruptcy

proceeding. See Burke Affidavit at ¶7.

9.      The affidavit of service for the Notice of Deadlines for Filing Proofs of Claim

("Bar Date Notice"), dated August 29, 2012 (Doc. No. 1412) avers that the notice

was sent to, *inter alia*, (i) MED AND G GROUP LP- 3104 O Street, #109,

Sacramento, CA 95816 ("O Street Address"); (ii) MED & BASE GROUP LP- 2900

3

Mendocino Ave, Suite 101, Santa Rosa, CA 95402 ("2900 Mendocino Address");

and (iii) Praxis Capital LLC- 2801 T. Street Sacramento, CA 95816 ("T Street

Address").

10.      Significantly, the Late Claim Notice was **not** served upon Praxis Capital

LLC or MED&G Group LP at 3333 Mendocino Avenue, Suite 110, Santa Rosa,

California 95403, the main office of Movant. Burke Affidavit at ¶8.

11.      Similarly, Debtors were well aware that Movant was represented by counsel in

the action of Hitoshi Inoue v. GMAC Mortgage Corp., Case No. SCV245256, as the

action was commenced against Debtors and Movant on or about September 20, 2010.

However, Debtors failed to serve Movant's counsel, Zyromski Konicek LLP.

**MOVANT'S BUSINESS STRUCTURE**

12.      MED&G is a California limited partnership with its principle place of business

located in Santa Rosa, California. Praxis Capital, LLC ("Praxis Capital") has assumed the

responsibility of general partner of MED&G.

13.      Praxis Capital is headquartered in Santa Rosa with an address of 3333

Mendocino Avenue, Suite 110, Santa Rosa, CA 95403 ("Santa Rosa Office"). All of the

administrative staff for both Praxis Capital and MED&G are located in the Santa Rosa

Office. Brian Burke works solely out of the Santa Rosa Office, and is the only individual

at MED&G or Praxis Capital who has knowledge of the facts and circumstances

concerning the Inoue Action. Mr. Burke is the only person in any of the MED&G or Praxis

4

Capital offices who has been involved in that litigation, and the only person in any

offices with knowledge of the Debtors' bankruptcy filing insofar as it affects the Inoue

Action.

14.    Praxis Capital does maintain a satellite office at 2801 T Street, Sacramento CA

95816 ("T Street Address"). Ten of Praxis Capital's twenty-five employees are located at

the T Street Address. The city of Sacramento is located approximately 100 miles from the

Santa Rosa Office, where the other fifteen Praxis employees are located.  The T Street

office is maintained solely for acquisitions of property in the Sacramento area.  There is

no legal counsel or any member of the staff at the T Street office who is familiar with, or

experienced in dealing with litigation or litigation documents.  They currently do not

conduct business on behalf of MED&G Group. The office rarely receives mail, and only

occasionally checks the post office box at 3104 O Street, #109. *Id.* at ¶14. In the event

that the Bar Date Notice was received at the T Street Office, the acquisitions staff had

no knowledge of the pending bankruptcy proceeding, and would not have

understood the significance of the Bar Date Notice, and thus not sent the Bar Date

Notice to the Santa Rosa Office. *Id.* at ¶14.

15.    The T Street Office address is rarely used for mailings and is not listed on any

corporate charters or locations for service of process for Praxis or any of its

subsidiaries. All addresses used for mailings and process are the Santa Rosa office. *Id.* at

¶15.

## ARGUMENT

### MOVANT SHOULD BE GRANTED LEAVE TO FILE A LATE PROOF OF CLAIM UNDER BANKRUPTCY RULE 9006(b)(1)

16.    Bankruptcy Rule 9006(b)(1) empowers the Court to permit a claimant to file a

late proof of claim. Rule 9006(b)(10 states, in pertinent part, that:

> when an act is required or allowed to be done at or within
> a specified period by these rules or by a notice given
> thereunder or by order of court, the court for cause shown
> may at any time in its discretion... on motion made after
> the expiration of the specified period permit the act to be
> done where the failure to act was the result of excusable
> neglect.

Fed. R. Bankr. P. 9006(b)(1).

17.    The U.S. Supreme Court, in Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P., 507

U.S. 380, 388 (1993), held that, "by empowering the courts to accept late filings where

the failure to act was the result of excusable neglect, *Rule 9006(b)(1)*, Congress plainly

contemplated that the courts would be permitted, where appropriate, to accept late

filings caused by inadvertence, mistake, or carelessness, as well as by intervening

circumstances beyond the party's control" (internal quotations omitted).

18.    The Supreme Court in Pioneer held determination of whether the neglect is

excusable "is at bottom an equitable one, taking account of all relevant circumstances

surrounding the party's omission, including [1] the danger of prejudice to the debtor, [2]

the length of delay and its potential impact on judicial proceedings, [3] the reason for

the delay, including whether it was within the reasonable control of the movant, and [4]
whether the movant acted in good faith" *id.* at 395.

19.     Since <u>Pioneer</u>, Courts including the Second Circuit Court of Appeals, have
"focused on the third factor: the reason for the delay, including whether it was within
the reasonable control of movant" (internal quotations omitted) <u>Midland Cogeneration
Venture L.P. v. Enron Corp. (In re Enron Corp.)</u>, 419 F.3d 115, 122 (2d Cir. N.Y. 2005).

### A. DANGER OF PREJUDICE TO THE DEBTOR

20.     This factor weighs heavily in favor of Movant as there is no prejudice to the
Debtor in allowing Movant to file a late proof of claim.

21.     The progeny of <u>Pioneer</u> has set forth factors to consider in determining whether
there may be prejudice. The factors include "the size of the late claim in relation to the
estate, whether a disclosure statement or plan has been filed or confirmed with
knowledge of the existence of the claim, the disruptive effect that the late filing would
have on a plan close to completion or upon the economic model upon which the plan
was formulated and negotiated." <u>In re Keene Corp.</u>, 188 B.R. 903, 909 (Bankr. S.D.N.Y.
1995).

22.     Here, the claim, although currently unascertainable, is less than $500,000.00 and
the value of Debtors' bankruptcy estate exceeds **$15,000,000,000.00.** Therefore,
Movant's claim is less than .003% of the value of the Debtors' bankruptcy estate.

7

Accordingly, no prejudice will befall Debtors, as this claim consists of such a small portion of the Debtors' bankruptcy estate.

23.     Also, no reorganization plan has been filed or confirmed, and thus it will not be prejudicial to Debtors to allow Movant to file a late proof of claim at this time.

### B. THE LENGTH OF DELAY AND ITS POTENTIAL IMPACT ON JUDICIAL PROCEEDINGS

24.     This factor weighs in favor of allowing Movant to file a late proof of claim. This motion was filed less than four months after the Bar Date, and less than two months after Movant learned of the Bar Date. The delay is insignificant given the current state of the case.

### C. THE REASON FOR THE DELAY, INCLUDING WHETHER IT WAS WITHIN THE REASONABLE CONTROL OF THE MOVANT

25.     This factor weighs in favor of Movant as service of the Bar Date Notice was not sent directly to Movant or Movant's counsel.

26.     The affidavit of service for the Bar Date Notice avers that the notice was sent to three locations:

> a.  MED AND G GROUP LP- 3104 O Street, #109, Sacramento, CA 95816;
>
> b.  MED & BASE GROUP LP- 2900 Mendocino Ave, Suite 101, Santa Rosa, CA 95402; and
>
> c.  Praxis Capital LLC- 2801 T. Street Sacramento, CA 95816

8

27.     First, MED&G Group, LP was allegedly served at 3104 O Street, #109, Sacramento, CA 95816. However, this address is a private mailbox and MED&G Group, LP does not conduct business using this address. Burke Affidavit at ¶13.

28.     Second, the affidavit of service of the Bar Date Notice avers that "MED & Base Group LP" was served at the 2900 Mendocino Ave. Address. This averment is problematic for two reasons. First, the entity "MED & Base Group LP" does not exist. Furthermore, MED&G Group and Praxis Capital moved from this location to the Santa Rosa Office nearly one and a half years prior to the alleged mailings of the Bar Date Notice. Debtors thus served a non-existent entity at an invalid address. *Id.* at ¶12.

29.     Third, the T Street Office is solely maintained for acquisitions of property in the Sacramento, California area. There is no legal counsel, nor any member of the staff at the T Street Office who is familiar with, or experienced in dealing with litigation or litigation documents. Additionally, only Brian Burke has dealt with the litigation surrounding the Subject Premises. Burke Affidavit at ¶14. Any staff member at the T Street Office who may have received the Bar Date Notice would be unaware of what to do with such a notice in light of their position solely as an employee of the acquisitions arm of Praxis Capital. No one at the T Street Office has any relation to, or involvement with, either the Inoue Action or Debtors' bankruptcy filing.

30.     The Bar Date Notice was not served upon Movant, Praxis Capital or any of its subsidiaries at 3333 Mendocino Avenue, Suite 110 Santa Rosa, CA 95403, nor was the

Bar Date Notice served upon Zyromski Konicek LLC, the attorneys for Movant in the Inoue Action.

31.    Finally, the Trustee's Deed unequivocally shows the address of Movant as P.O. Box 5844, Santa Rosa, CA 95402. Yet, Debtors failed to serve this address.

32.    The fact that the Bar Date Notices were purportedly sent to the wrong addresses is the Debtors' error- not Movant's error. Therefore, Movant should not be penalized for Debtors' error, and should be allowed to file a late proof of claim.

### D.  WHETHER MOVANT ACTED IN GOOD FAITH

33.    Movant submits it acted in good faith in this matter. Upon learning of the Bar Date, Movant expeditiously moved to file a late proof of claim by filing this motion.

### CONCLUSION

34.    Based on the foregoing, the factors set forth in Pioneer weigh heavily in favor of granting Movant leave to file a late proof of claim.

35.    No prior request for the relief requested herein has been made to this Court or any other Court.

**WHEREFORE**, Movant respectfully requests the Court grant Movant (i) leave to file a late proof of claim, in substantially the form of order attached hereto as **Exhibit "B"**, and (ii) for such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
March 18, 2013

Respectfully submitted,

/s/ William E. Baney
William E. Baney
Wenig Saltiel LLP
26 Court Street, Suite 1200
Brooklyn, New York 11242
Tel: (718) 797-5700
Fax: (718) 522-0356

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------- X
                                                    :    Case No: 12-12020 (MG)
IN RE:                                              :
                                                    :    Chapter 11
        RESIDENTIAL CAPITAL LLC, et al.    :
                                                    :    (Jointly Administered)
                                Debtors.    :
                                                    :
-------------------------------------------------- X

### AFFIDAVIT OF BRIAN BURKE IN SUPPORT OF MED&G GROUP LP'S MOTION FOR ORDER PERMITTING MED&G GROUP TO FILE A LATE PROOF OF CLAIM

State of California    )
                       ) ss.:
County of Sonoma    )

Brian Burke, being duly sworn, hereby deposes and says:

1.    I am the managing director of Praxis Capital LLC, a general partner of Movant MED&G Group LP ("Movant" or "MED&G"). I submit this affidavit in support of Movant's MOTION FOR ORDER PERMITTING MED&G GROUP LP TO FILE LATE PROOF OF CLAIM (the "Late Claim Motion").

2.    Except as otherwise indicated, the facts set forth herein are based upon my personal knowledge, my review of relevant documents in the possession of Movant, and information provided to me or verified by other officers and employees of Movant. I am authorized by Movant to make this declaration on its behalf and if called upon to testify as to the facts set forth in this declaration, I could and would competently testify to the facts set forth herein.

3.      Movant purchased the property located at 3735 Coffey Lane, Santa Rosa 95403
(the "Subject Premises") from Debtors on September 13, 2010 by trustee's deed
upon sale ("Trustee's Deed"). A true and correct copy of the Original Trustee's
Deed Upon Sale is annexed hereto as **Exhibit "A"**.

4.      The address for Movant was prominently displayed on the top of the first page of
the Trustee's Deed, and stated that Movant's address was P.O. Box 5844, Santa
Rosa, CA 95402. See **Exhibit "A"**. No other addresses for the Movant were given
in the Trustee's Deed.

5.      Hitoshi and Wakana Inoue, former owners of the Subject Premises commenced a
civil action against, *inter alia*, GMAC Mortgage, LLC and Executive Trustee
Services, LLC, and Movant, filed in the Superior Court of California, County of
Sonoma, Case No. SCV248256 ("Inoue Action").

6.      Thereafter, Movant, without knowledge of the Bar Date, filed a motion for relief
from the automatic stay imposed pursuant to 11 U.S.C. §362 on November 27,
2012, so that Movant could proceed to trial in the Inoue Action.

7.      Movant and Movant's counsel were first made aware of the Bar Date on
January 22, 2013, when Debtors filed opposition to Movant's motion for relief
from the automatic stay, stating that Movant was barred from seeking monetary
damages against Debtors as Movant had not filed a proof of claim prior to the
Bar Date.

8.    The affidavit of service for the Notice of Deadlines for Filing Proofs of Claim ("Bar

Date Notice"), dated August 29, 2012 avers that the notice was sent to, among

others, (i) MED AND G GROUP LP- 3104 O Street, #109, Sacramento, CA 95816

("O Street Address"); (ii) MED & BASE GROUP LP- 2900 Mendocino Ave, Suite 101,

Santa Rosa, CA 95402 ("2900 Mendocino Ave. Address"); and (iii) Praxis Capital

LLC- 2801 T Street Sacramento, CA 95816 ("T Street Address").  Critically for

purposes of this Late Claim Motion, the Notice was not sent to my correct

address of 3333 Mendocino Avenue, Suite 110, Santa Rosa, California 95403.

9.    As explained below, the addresses listed in the affidavit of service are neither

correct addresses for Movant nor are they addresses on record with the

California Secretary of State for Movant.

10.    MED&G is a California limited partnership with its principle place of business

located in Santa Rosa, California. Praxis Capital, LLC has assumed the

responsibility of general partner of MED&G.

11.    Praxis Capital, LLC is headquartered in Santa Rosa with an address of 3333

Mendocino Avenue, Suite 110, Santa Rosa, CA 95403 ("Santa Rosa Office").  All

of the administrative staff for both Praxis Capital and MED&G are located in the

Santa Rosa Office.  I myself work out of the Santa Rosa Office, and am the only

individual at MED&G or Praxis who has knowledge of the facts and

circumstances concerning the Inoue Action.  I have been the only person in this

office who has been involved in that litigation, and the only person in our office

who has knowledge of the Debtors' bankruptcy filing insofar as it affects the Inoue Action.

12.    The affidavit of service of the Bar Date Notice avers that "MED& Base Group LP" was served at the 2900 Mendocino Ave. Address. This averment is problematic for two reasons. First, the entity "MED & Base Group" does not exist. Furthermore, MED&G Group and Praxis Capital moved from this location to the Santa Rosa Office nearly one and a half years prior to the alleged mailings of the Bar Date Notice. Debtors thus served a non-existent entity at an invalid address.

13.    MED&G Group, LP was allegedly served at 3104 O Street, #109, Sacramento, CA 95816. This address is a private mailbox and MED&G Group, LP does not conduct business using this address.

14.    Praxis Capital does maintain a satellite office at 2801 T Street, Sacramento CA 95816 ("T Street Address"). Ten of Praxis Capital's twenty-five employees are located at the T Street Address. The city of Sacramento is located approximately 100 miles from our office in Santa Rosa, where the other fifteen Praxis employees are located. The T Street office is maintained solely for acquisitions of property in the Sacramento area. There is no legal counsel or any member of the staff at the T Street office who Is familiar with, or experienced in dealing with litigation or litigation documents. They currently do not conduct business on behalf of MED&G Group. The office rarely receives mail, and only occasionally checks the post office box at 3104 O Street, #109. Any staff member who may have

received the Bar Date Notice would be unaware of what to do with such a notice in light of their position solely as an employee of the acquisitions arm of Praxis Capital. No one at the T Street Address has any relation to, or involvement with, either the Inoue Action or Debtors' bankruptcy filing. Thus, even if the Bar Date Notice was received at the T Street Office, the acquisitions staff had no knowledge of the pending bankruptcy proceeding, and would not have understood the significance of the Bar Date Notice, and thus not sent the Bar Date Notice to the Santa Rosa Office.

15.    The T Street Office address is rarely used, and is not listed on any corporate charters or locations for service of process for Praxis or any of its subsidiaries. All of those functions are handled in the Santa Rosa office.

16.    No proof of claim notice was served on either of MED&G Group's valid addresses, either 3333 Mendocino Avenue, Suite 110, Santa Rosa, California 95403 address or P.O. Box 5844, Santa Rosa, California 95402.

17.    My counsel has informed me that the danger of prejudice to the Debtors is minimal as the claim is less than $500,000.00, and the estate of the debtors exceeds **$15,000,000,000.00**; thus Movant's claim is less than .003% of Debtors' bankruptcy estate.

18.    Similarly, I have been informed that no reorganization plan has been filed or confirmed, and there would be no disruptive effect of allowing the filing of a late proof of claim on behalf of MED&G.

19.     As stated above, the reason for the delay was not within the reasonable control

of MED&G. Service of the Notice of Deadline for Filing Proof of Claim was not

mailed to MED&G, or to counsel for MED&G (Zyromski Konicek LLP, counsel in the

Inoue Action). The Sacramento T Street location where the mailing was allegedly

sent is a satellite office 100 miles away that deals solely with acquisitions and has

no knowledge or experience with litigation, much less bankruptcy, and therefore

cannot be faulted for any failure to forward the notice to our main office.

20.     Lastly, there is no bad faith in making this motion. Rather, MED&G has

expeditiously moved for leave to file a late proof of claim after learning of the

deadline.

        WHEREFORE, based on the foregoing, it is respectfully requested that the Court

grant MED&G's Late Claim Motion in its entirety, together with such other and further

relief as this Court may deem just and proper in the circumstances.

                                                _____
                                                BRIAN BURKE

Sworn before me on this _18_
Day of March, 2013

_____
        Notary Public

please see attached

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1 _____

2 _____

3 _____

4 _____

5 _____

6 _____

Signature of Document Signer No. 1            Signature of Document Signer No. 2 (if any)

State of California

County of __Sonoma__

Subscribed and sworn to (or affirmed) before me on this

__19__ day of __March__ , 20 __13__ , by
Date            Month                Year

(1) __Brian Burke__ ,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me (.) (,)

(and)

(2) _____ ,
Name of Signer

proved to me on the basis of satisfactory evidence
to be the person who appeared before me,)

Signature __Heather A Gonzalez__
Signature of Notary Public

**HEATHER A. GONZALEZ**
Commission # 1973024
Notary Public - California
Sonoma County
My Comm. Expires Apr 20, 2016

Place Notary Seal Above

—————— **OPTIONAL** ——————

*Though the information below is not required by law, it may prove
valuable to persons relying on the document and could prevent
fraudulent removal and reattachment of this form to another document.*

## Further Description of Any Attached Document

Title or Type of Document: _____

Document Date: _____ Number of Pages: _____

Signer(s) Other Than Named Above: _____

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org    Item #5910    Reorder: Call Toll-Free 1-800-876-6827