# Exhibit "A"

RECORDING REQUESTED BY:

AND WHEN RECORDED TO:
MED&G Group, LP
PO Box 5844
Santa Rosa, CA 95402

Forward Tax Statements to
the address given above



2010080367

GENERAL PUBLIC
08/21/2010 10:43 TDEED
RECORDING FEE: $19.00
COUNTY TAX: $268.95
CITY TAX: $490.00
PAID

OFFICIAL RECORDS OF
SONOMA COUNTY
JANICE ATKINSON
3 PGS



SPACE ABOVE LINE FOR RECORDER'S USE

TS # GM-248260-C
LOAN # 0654401924       INVESTOR #: 0000000000000
TITLE ORDER # 33-80138339

## TRUSTEE'S DEED UPON SALE

APN 058-032-016         TRANSFER TAX: $ 268.95 County    $490.00 City
The Grantee Herein Was Not The Foreclosing Beneficiary.
The Amount Of The Unpaid Debt was $244,144.83
The Amount Paid By The Grantee Was $244,144.84
Said Property Is In The City Of SANTA ROSA, County of Sonoma

Executive Trustee Services, LLC dba ETS Services, LLC, as Trustee, (whereas so designated in the Deed of Trust hereunder
more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

### MED&G Group, LP

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Sonoma, State of
California, described as follows:

See exhibit "A" attached hereto and made a part hereof

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by HITOSHI INOUE
as Trustor, dated 4/19/2003 of the Official Records in the office of the Recorder of Sonoma, California under the authority
and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having
occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded
on 5/7/2003, Instrument number 2003092480 (or Book, Page )
of Official records. Trustee having complied with all applicable statutory requirements of the State of California and
performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days
after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to
each person entitled to notice in compliance with California Civil Code 2924b.

[Page 1 of 2]

*3735 Coffey Ln.*

# Exhibit "B"

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor and Case Number:** GMAC Mortgage, LLC, Case No. 12-12032

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
MED&G Group, LP

**Name and address where notices should be sent:**

MED&G Group, LP
3333 Mendocino Ave, STE 110
Santa Rosa, CA  95403

Telephone number: 707-525-1300       email: brian@PraxCap.com

**Name and address where payment should be sent (if different from above):**

Telephone number:       email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 500,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Damages arising from 9/13/10 non-judicial foreclosure sale of 3735 Coffey Lane, Santa Rosa, CA 95403
*(See instruction #2)*

**3. Last four digits of any number by which creditor identifies debtor:** __ __ __ __

**3a. Debtor may have scheduled account as:** _____ *(See instruction #3a)*

**3b. Uniform Claim Identifier (optional):** _____ *(See instruction #3b)*

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**
**Value of Property:** $_____  **Annual Interest Rate** _____% ☐ Fixed ☐ Variable
*(when case was filed)*

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____       **Amount Unsecured:** $ 500,000.00

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ *(See instruction #6)*

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
■ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent.   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Brian Burke
Title: Managing Member
Company: MED&G Group, LP
Address and telephone number (if different from notice address above):

(Signature) *[signed]*       (Date) 3/18/13

Telephone number:       Email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

\* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**COURT USE ONLY**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

ENDORSED
FILED

MAY 11 2011

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

1  THOMAS KEVIN KONICEK (SBN 110744)
   MICHELLE V. ZYROMSKI (SBN 191606)
2  ZYROMSKI KONICEK LLP
   Attorneys at Law
3  645 Fourth Street, Suite 200
   Santa Rosa, California 95404
4  Telephone: (707) 542-1393
   Facsimile: (707) 542-7697
5
   Attorneys for Defendant/Cross-Complainant
6  MED&G GROUP, a California Limited Partnership
7

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
9

10 HITOSHI INOUE, WAKANA ANNA INOUE,          CASE NO.: SCV 248256
                                              (Unlimited Civil)
11          Plaintiffs,
                                              **VERIFIED FIRST AMENDED CROSS-
12     v.                                     COMPLAINT OF MED&G GROUP,
                                              A CALIFORNIA LIMITED
13 GMAC Mortgage Corporation, a Delaware      PARTNERSHIP**
   Corporation, et al.,
14                                            Dept.:          19
            Defendants.                       Judge:          Hon. Patrick Broderick
15                                            Complaint Filed: September 20, 2010
   MED&G GROUP, a California Limited
16 Partnership,

17          Cross-Complainant,

18     v.

19 HITOSHI INOUE, WAKANA ANNA INOUE,
   GMAC Mortgage Corporation, a Delaware
20 Corporation, ETS SERVICES LLC, a Delaware
   Limited Liability Company and ROES 25
21 through 50, Inclusive,

22          Cross-Defendants.

23

24      COMES NOW Defendant/Cross-Complainant MED&G GROUP, a California Limited

25 Partnership, and alleges as follows:

26                              **GENERAL ALLEGATIONS**

27      1.   Defendant/Cross-Complainant MED&G GROUP, ("Cross-Complainant") is and

28 was at all times herein mentioned a California Limited Partnership, formed under the laws of the

-1-

**VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP**

1  State of California, is qualified to do business in the State of California, and has its principal place of business in Santa Rosa, County of Sonoma, California.

2. Cross-Complainant is informed and believes and thereon alleges that Cross-Defendants HITOSHI INOUE and WAKANA ANNA INOUE are father and daughter and at all times herein mentioned, residents of Sonoma County, California.

3. Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant GMAC MORTGAGE CORPORATION ("GMAC") is a corporation formed and existing under the laws of the State of Delaware and qualified to and is doing business in the State of California and has its principal place of business in Detroit, Michigan.

4. Cross-Complainant is informed and believes and thereon alleges that Cross-Defendant ETS SERVICES LLC ("ETS") is a Limited Liability Company formed and existing under the laws of the State of Delaware, and is qualified to and is doing business in the State of California, and has its principal place of business in Burbank, California. Cross-Defendant is informed and believes and thereon alleges that ETS was at all times herein the agent of GMAC.

5. Cross-Complainant does not know the true names and capacities of those Cross-Defendants sued herein as Roes 25 through 50, and therefore sues these Cross-Defendants by such fictitious names. Cross-Complainant will amend this Cross-Complaint to allege their true names and capacities when ascertained.

6. On September 13, 2010, MED&G Group, LP purchased the property at 3735 Coffey Lane, Santa Rosa, California 95403 ("the Property") at a trustee's sale following a non-judicial foreclosure of the Property. The Trustee's Deed Upon Sale was recorded in the Official Records of Sonoma County on September 21, 2010 as document number 2010080367. A copy of the Trustee's Deed Upon Sale is attached as Exhibit A.

7. On September 21, 2010, MED&G served a Three-Day Notice to Quit pursuant to Code of Civil Procedure section 1161a(b)(3). On September 28, 2010, MED&G filed an Unlawful Detainer Complaint based on the expiration of the Three-Day Notice to Quit (Sonoma County Superior Court Case No. MCV-213082).

8. On September 29, 2010, Plaintiffs applied ex parte for a Temporary Restraining

-2-

VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP

1 Order and Order to Show Cause why a preliminary injunction should not issue enjoining MED&G
2 from any action to take possession of the Property. MED&G opposed the application, which was
3 denied by the Court. The unlawful detainer action proceeded and MED&G obtained possession of
4 the Property on October 18, 2010.

5     9. MED&G first learned of the existence of the Property when Brian Burke of
6 MED&G read the Notice of Trustee's Sale published in a local newspaper. Prior to the sale, Mr.
7 Burke arranged for Jim Cates, an auction bidder, to drive by the Property and determine what the
8 physical condition of the Property was and whether it was occupied. They then reviewed the public
9 records to check for liens on title and to investigate the chain of title. They looked at the Notice of
10 Default and Notice of Trustee's Sale to determine the condition of the title. They checked the
11 property tax collector's office tax records to determine whether there were any outstanding
12 delinquent property taxes. They also conducted a market study to determine the fair market value
13 of the property.

14     10. On the morning of the sale, they looked on the foreclosure trustee's website and
15 learned the opening bid. This is the only piece of information that was posted on the website. Jim
16 Cates physically attended the trustee's sale and Brian Burke attended via telephone talking to Mr.
17 Cates. They submitted a bid, which was accepted, and they immediately tendered a cashier's check
18 for the full amount of the purchase price. The Deed was recorded on September 21, 2010 in the
19 Official Records of Sonoma County as document number 2010080367.

20     11. Prior to the trustee's sale, neither Brian Burke nor anyone at MED&G Group, LP
21 contacted the trustee or the lender regarding the sale of this property. Neither Mr. Burke nor
22 anyone at MED&G Group, LP contacted the borrowers Hitoshi Inoue or Wakana Anna Inoue prior
23 to the trustee's sale.

24     12. Neither Brian Burke nor anyone on behalf of MED&G had any knowledge prior to
25 the trustee's sale of any modification agreement between the lender and the borrowers.

26     13. As stated in the Trustee's Deed Upon Sale, the amount of the unpaid debt was
27 $244,144.83. MED&G Group purchased the property for $244,144.84.

28     14. At the time of the Trustee's Sale, neither Brian Burke nor anyone at MED&G had

-3-

**VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP**

any notice of any adverse interest or of any irregularity in the sale proceedings.

15. MED&G was a bona fide purchaser for value at the trustee's sale.

16. Because of the lis pendens recorded by Plaintiffs, title to the property has been clouded and MED&G is unable to transfer the property. MED&G has had to hire attorneys to defend itself against the Complaint and prosecute this Cross-Complaint, thus incurring attorney's fees and litigation costs. MED&G has also suffered daily damages due to its inability to transfer the property, in an amount to be proven at trial.

## FIRST CAUSE OF ACTION
### (Quiet Title Against All Cross-Defendants)

17. MED&G incorporates the allegations in the foregoing paragraphs as though set forth herein.

18. MED&G purchased the property at 3735 Coffey Lane, Santa Rosa, California, 95403 as a bona fide purchaser for value at the trustee's sale. Therefore, MED&G is the rightful owner of the property. MED&G is currently in possession of the property, as Plaintiffs vacated the premises during the unlawful detainer action.

19. Plaintiffs have alleged that the Trustee's Deed Upon Sale and the trustee's sale were invalid, and therefore, MED&G has no right, title, estate, lien, or interests whatsoever in the property.

20. MED&G seeks to quiet title to the property in the name of MED&G as of September 13, 2010.

WHEREFORE, MED&G prays for relief as set forth below.

## SECOND CAUSE OF ACTION
### (Declaratory Relief Against All Defendants)

21. MED&G incorporates the allegations in the foregoing paragraphs as though set forth herein.

22. An actual controversy now exists between the parties concerning their respective rights and duties in that Plaintiffs allege that the Trustee's Deed Upon Sale and the trustee's sale were invalid, and as a result, the trustee's sale should be set aside.

-4-

VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP

23.    GMAC, ETS SERVICES; and MED&G contend that the sale and deed were properly conducted and recorded and in accordance with all applicable statutory requirements.

24.    MED&G contends that it is a bona fide purchaser for value, and as a result, the trustee's sale and trustee's deed were valid as to it.

25.    A judicial determination is necessary and appropriate at this time under the circumstances that MED&G was a bona fide purchaser for value at the trustee's sale, and, therefore, the trustee's sale and trustee's deed were valid and MED&G is the rightful owner of free and clear title to the Property.

WHEREFORE, MED&G prays for relief as set forth below.

### THIRD CAUSE OF ACTION

(Monetary Damages Against GMAC and ETS)

26.    MED&G incorporates the allegations in the foregoing paragraphs as though set forth herein.

27.    When MED&G purchased the Property, it did so for value and with no knowledge of any adverse claim. Therefore, MED&G was an innocent bona fide purchaser for value at the trustee's sale.

28.    MED&G alleges that, as a matter of law, the trustee's sale is valid as to it, because it is a bona fide purchaser. Plaintiffs/Cross-Defendants do not dispute that MED&G was a bona fide purchaser, but allege that the sale was invalid due to conduct on the part of GMAC and ETS, as set forth in Plaintiffs' First Amended Complaint.

29.    Since its purchase of the Property on September 13, 2010, MED&G has been unable to transfer the property. Because of the cloud on title resulting from this lawsuit, MED&G is being deprived of its ownership rights and benefits on a daily basis. MED&G owns the Property and is paying property taxes, insurance, and utilities for the Property out-of-pocket. Each day that passes results in increased expenses that MED&G is unable to recover. MED&G intends to make repairs and upgrades to the Property so that it can be resold, yet are prohibited from doing this while the title to the Property is still in flux and the lis pendens is on record. MED&G is also concerned

-5-

VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP

1 about the vacant property becoming a magnet for vandals or squatters, who could cause further
2 significant property damage that it will have to expend money to repair.

3   30.   In the event that judgment is entered in favor of Plaintiffs and against Defendants in
4 this action, awarding the real property in question to Plaintiffs, as a direct and proximate result
5 thereof, MED&G has been damaged by the loss of the Property which MED&G purchased in good
6 faith for value at the foreclosure sale upon the belief that said foreclosure sale was conducted
7 according to the laws of the State of California and the terms of the Deed of Trust of the Inoues.

8   31.   Cross-Complainant is informed and believes that the current market value of the
9 Property is in excess of the amount paid at the Trustee's Sale, the exact value of which will be
10 established at trial.

11   WHEREFORE, MED&G prays for relief as set forth below.

## FOURTH CAUSE OF ACTION
### (Breach of Warranty Against GMAC and ETS)

32.   MED&G incorporates the allegations in the foregoing paragraphs as though set forth below.

33.   When Cross-Defendants conducted the foreclosure sale on September 13, 2010, as aforesaid, Cross-Defendants impliedly warranted that the sale was being conducted in conformity with the laws of the State of California and at that time would convey all right, title, and interest then held by the trustee to the real property in question to the highest bidder as provided in the Notice of Trustee's Sale.

34.   Brian Burke of MED&G saw a copy of the Notice of Trustee's Sale published in the newspaper, and pursuant thereto, arranged for a representative of MED&G to attend the foreclosure sale at the time, date and place advertised, and make the highest bid to purchase the Property. In so doing, MED&G relied on the warranties, express and implied, and representations of Cross-Defendants concerning the regularity of said foreclosure sale and paid to Cross-Defendants the sum of $244,144.84 for the Property. In so doing, MED&G's representatives believed that MED&G was becoming the bona fide purchaser of the Property, taking the Property for fair value and without notice.

-6-

VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP

35. MED&G is informed and believes, and thereon alleges, that in the event the sale is deemed to be invalid, that Cross-Defendants breached their warranties contained in the Trustee's Deed Upon Sale that all statutory notice requirements and procedures required by law for the conduct of the foreclosure sale had been satisfied.

36. As a proximate result of this breach of warranty, MED&G will have been damaged by the loss of the fair market value of the Property.

WHEREFORE, Cross-Complainant MED&G prays for judgment as follows:

1. For a determination that the trustee's sale was validly conducted, such that the trustee's deed was properly delivered and recorded, and that MED&G is the rightful owner of the Property, with free and clear title.

2. In the event that Plaintiffs become the prevailing party in this lawsuit, for a monetary judgment against ETS and GMAC for the fair market value of the Property, including attorney's fees and costs, plus interest on the value of the Property from September 13, 2010 to date of judgment, and daily losses according to proof.

3. For costs of suit.

4. For such other and further relief as the court deems just and proper under the circumstances.

Dated: May 11, 2011

ZYROMSKI KONICEK LLP

By ___Michelle V. Zyromski___
MICHELLE V. ZYROMSKI
Attorneys for Defendant/
Cross-Complainant MED&G GROUP,
a California Limited Partnership

-7-
VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP,
A CALIFORNIA LIMITED PARTNERSHIP

## VERIFICATION

I, BRIAN BURKE certify and declare that I have read the foregoing VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP, A CALIFORNIA LIMITED PARTNERSHIP and know its contents.

I am the Authorized Agent for Defendant/Cross-Complainant MED&G GROUP, A CALIFORNIA LIMITED PARTNERSHIP and am authorized to make this verification for and on its behalf. Additionally, I make this verification because I am more familiar with the facts than the Defendant/Cross-Complainant in this action. To the extent that I do not have particular knowledge of a fact contained therein, I am informed of such fact. On the above grounds I hereby allege that the facts stated in the document described above are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 31, 2011 at Santa Rosa, California.

_____
Brian Burke, Authorized Agent for
Med&G Group, a California Limited
Partnership

# EXHIBIT "A"

RECORDING REQUESTED BY:

AND WHEN RECORDED TO:
MED&G Group, LP
PO Box 5844
Santa Rosa, CA 95402

Forward Tax Statements to
the address given above



GENERAL PUBLIC
09/21/2010 10:43 TDEED
RECORDING FEE: $19.00
COUNTY TAX:    $268.95
CITY TAX:      $490.00
PAID

**2010080367**

OFFICIAL RECORDS OF
SONOMA COUNTY
JANICE ATKINSON

**3** PGS



SPACE ABOVE LINE FOR RECORDER'S USE

TS # GM-248260-C
LOAN # 0654401924          INVESTOR #: 0000000000000
TITLE ORDER # 33-80138339

## TRUSTEE'S DEED UPON SALE

APN 058-032-016            TRANSFER TAX: $ 268.95 COUNTY   $490.00 CITY
The Grantee Herein Was Not The Foreclosing Beneficiary.
The Amount Of The Unpaid Debt was $244,144.83
The Amount Paid By The Grantee Was $244,144.84
Said Property Is In The City Of SANTA ROSA, County of Sonoma

Executive Trustee Services, LLC dba ETS Services, LLC, as Trustee, (whereas so designated in the Deed of Trust hereunder
more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

**MED&G Group, LP**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Sonoma, State of
California, described as follows:

See exhibit "A" attached hereto and made a part hereof

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by HITOSHI INOUE
as Trustor, dated 4/19/2003 of the Official Records in the office of the Recorder of Sonoma, California under the authority
and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having
occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded
on 5/7/2003 , Instrument number 2003092480 (or Book , Page )
of Official records. Trustee having complied with all applicable statutory requirements of the State of California and
performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days
after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to
each person entitled to notice in compliance with California Civil Code 2924b.

[Page 1 of 2]

*3735 Coffey LN.*

# PROOF OF SERVICE

I am a citizen of the United States. I am employed in the county of Sonoma where this service occurs. I am over the age of 18 years and not a party to the within cause.

On May 11, 2011, I served the following documents(s) described as:

**VERIFIED FIRST AMENDED CROSS-COMPLAINT OF MED&G GROUP, A CALIFORNIA LIMITED PARTNERSHIP**

☒ **BY MAIL:** I am readily familiar with my employer's normal business practice of collection and processing of correspondence for mailing. Under that practice, correspondence is deposited with the U.S. Postal Service that same day in a sealed envelope(s) with postage thereon fully prepaid at Santa Rosa, California, in the ordinary course of business.

☐ **BY FAX:** I served said document(s) by transmitting via facsimile from facsimile number (707) 542-7697 to the facsimile numbers as stated on the attached service list, on this date.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s).

☐ **BY OVERNIGHT DELIVERY:** I caused such envelope(s) to be delivered on the same day to an authorized courier or driver or to a regular box or other facility regularly maintained by **FEDERAL EXPRESS** with delivery fees provided for, addressed to the person(s) on whom it is to be served.

on the interested parties in this action addressed as follows:

Thomas P. Kelly, III, Esq.                     Attorney for Plaintiffs
Law Offices of Thomas P. Kelly III
50 Old Courthouse Square, Suite 609
Santa Rosa, CA 95404

Alex C. Sears, Esq.                            Attorney for Defendant GMAC
Severson & Werson                              Mortgage and Defendant ETS Services
1 Embarcadero Center, Suite 2600
San Francisco, CA 94111

☒ **STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 11, 2011, at Santa Rosa, California.

*Kathy L. Engelstad*
Kathy L. Engelstad

-1-