Objection Deadline: March 20, 2013 at 12:00 p.m. (prevailing Eastern Time)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
P. Bradley O'Neill
Gregory A. Horowitz
Craig L. Siegel
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
------------------------------------------------------------ x

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS PURSUANT TO 11 U.S.C. § 107(b) AND RULE 9018 OF THE
FEDERAL RULES OF BANKRUPTCY PROCEDURE TO FILE THE REPLY
OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO
THE DEBTORS' MOTION FOR A DETERMINATION THAT (I) GMAC
MORTGAGE'S FRB FORECLOSURE REVIEW IS A GENERAL UNSECURED
CLAIM AND (II) THE AUTOMATIC STAY PREVENTS ENFORCEMENT
OF THE FRB FORECLOSURE REVIEW OBLIGATION UNDER SEAL**

The Official Committee of Unsecured Creditors (the "**Committee**") of the above debtors and debtors-in-possession (collectively, the "**Debtors**") submits this application (the "**Application**") pursuant to section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for leave to file its reply (the "**Reply**") to the objections of both Ally Financial Inc. ("**AFI**") [Docket No. 3150], and the Board of Governors of The Federal Reserve System (the "**FRB**") [Docket No. 3149], to the Debtors' motion for a determination that for the

purposes of a chapter 11 plan GMAC Mortgage's FRB Foreclosure Review obligations give rise to a general unsecured claim, and the automatic stay prevents enforcement of that claim [Docket No. 3055] (the "**Motion**") under seal pending further order of this Court.[1] In support of this Application, the Committee respectfully represents as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code, and Bankruptcy Rule 9018.

## BACKGROUND

2. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On May 16, 2012, the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors in these Chapter 11 Cases.

4. On June 20, 2012, the Court directed that an examiner be appointed (the "**Examiner**"). On July 3, 2012, the Court approved the Honorable Arthur J. Gonzalez as the Examiner.

5. On February 27, 2013, the Debtors filed the Motion. On March 13, 2013, Ally Financial Inc. filed an Objection to Debtors' Motion for a Determination that (I) GMAC

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2

Mortgage's FRB Foreclosure Review Obligation is a General Unsecured Claim and (II) the Automatic Stay Prevents Enforcement of the FRB Foreclosure Review Obligations [Docket No. 3150]. On March 13, 2013, the Board of Governors of the Federal Reserve System filed an Objection to Debtors' Motion for a Determination that (I) GMAC Mortgage's Independent Foreclosure Review Obligation is a General Unsecured Claim and (II) the Automatic Stay Prevents Enforcement of the Independent Foreclosure Review Obligation [Docket No. 3149].

6.  In connection with the discovery being conducted in these chapter 11 cases, the Court entered *Order Signed on 8/20/2012 (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, (II) Establishing Procedures for Responding to Those Subpoenas (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (IV) Approving Protective Order* [Docket No. 1223] (the "**Uniform Protective Order**"). Pursuant to the Uniform Protective Order, the Committee is prohibited from publicly disclosing certain confidential information received from those parties through the Examiner's Document Depository (as defined in the Uniform Protective Order).

7.  On March 19, 2013, the Committee filed a redacted version of the Reply that contained certain information and exhibits received from the Examiner's Document Depository that the Committee was prohibited from disclosing publicly pursuant to the Uniform Protective Order entered into in these Chapter 11 Cases.

**RELIEF REQUESTED**

8.  The Committee requests entry of an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting it leave to file an unredacted copy of the Reply and accompanying exhibits under seal, and ordering that the full contents of the Reply be

3

made available only to: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to AFI; (d) the Examiner and his counsel; (e) the United States Trustee, and (f) subject to the terms of the Uniform Protective Order, those parties who have executed stipulations adopting the Uniform Protective Order and been granted access to the Examiner's Document Depository, and as further directed by the Court after notice and hearing. Parties receiving a sealed copy of the Reply shall treat it as Confidential as defined by the Uniform Protective Order so long as the Reply, or any portion thereof, remains under seal by Order of this Court.

## BASIS FOR RELIEF REQUESTED

9. Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. In addition, section 107(b) of the Bankruptcy Code authorizes the Bankruptcy Court to issue orders that will protect entities from potential harm caused by the disclosure of certain confidential information. Section 107(b) specifically provides that upon the "request of a party in interest" the bankruptcy court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).

11. Bankruptcy Rule 9018 sets forth the procedure by which a party may move for relief under section 107(b). In particular, Bankruptcy Rule 9018 states that the Bankruptcy Court "may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the

4

entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

12. Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See, e.g.*, *In re Global Crossing Ltd.*, 295 B.R. at 725; *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the Bankruptcy Court determines that filed documents are covered by section 107(b), the court must issue a remedy that will protect the interested party and "has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

13. The Committee recognizes its obligation to abide by the Uniform Protective Order, and seeks to file the Reply under seal because it contains certain information designated as "confidential" that the Committee is prohibited from disclosing publicly pursuant to the Uniform Protective Order. Confidentiality concerns of the producing parties constitute good cause to file the Reply under seal, and the Committee respectfully requests leave to do so. The Committee hereby reserves all of its rights to challenge the confidential and/or professional eyes only designation for any document filed under seal pursuant to this Application.

## NOTICE

14. In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9008 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "**Case Management Order**"), notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order)

5

(collectively, the "**Notice Parties**").  Because of the nature of the relief requested, the Committee submits that such notice is sufficient and that no other or further notice need be given.

## NO PRIOR REQUEST

15. No previous Application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Committee respectfully requests that this Court enter an order, a form of which is attached hereto as **Exhibit A** pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated:   March 19, 2013
         New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Kenneth H. Eckstein
Kenneth H. Eckstein
P. Bradley O'Neill
Gregory A. Horowitz
Craig L. Siegel
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       :    Chapter 11
                                                             :
Residential Capital, LLC, <u>et</u> <u>al.</u>,              :    Case No. 12-12020 (MG)
                                                             :
                    Debtors.                                 :    Jointly Administered
                                                             :
------------------------------------------------------------ x

**ORDER GRANTING APPLICATION OF THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. § 107(b) AND RULE 9018
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO FILE THE
REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO THE DEBTORS' MOTION FOR A DETERMINATION THAT (I) GMAC
MORTGAGE'S FRB FORECLOSURE REVIEW IS A GENERAL UNSECURED
CLAIM AND (II) THE AUTOMATIC STAY PREVENTS ENFORCEMENT OF THE
<u>FRB FORECLOSURE REVIEW OBLIGATION UNDER SEAL</u>**

Upon the Application,[1] dated March 19, 2013, of the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**"), for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Committee to file its Reply under seal, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Committee having provided notice of the Application to the Notice Parties and no further notice is necessary; and the legal

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

and factual bases set forth in the Application establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Committee is authorized to file the Reply and any accompanying exhibits under seal.

3. The full contents of the Reply shall not be disclosed to any parties in these cases other than: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to AFI; (d) the Examiner and his counsel; (e) the United States Trustee, and (f) subject to the terms of the Uniform Protective Order, those parties who have executed stipulations adopting the Uniform Protective Order and been granted access to the Examiner's Document Depository, and as further directed by the Court after notice and hearing.

4. The rights of the Committee to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order are hereby preserved.

5. Parties receiving a sealed copy of the Reply shall treat it as Confidential as defined by the Uniform Protective Order so long as the Reply, or any portion thereof, remains under seal by Order of this Court.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:_____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE