UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                              :        Chapter 11
                                                    :
Residential Capital, LLC, et al.,                   :        Case No. 12-12020 (MG)
                                                    :
                    Debtors.                        :        Jointly Administered
                                                    :
------------------------------------------------------------ x

**ORDER GRANTING JOINT APPLICATION OF THE DEBTORS, AFI, THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND CERTAIN OBJECTING COMMITTEE MEMBERS, IN THEIR INDIVIDUAL CAPACITY, PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018, TO FILE OBJECTIONS TO THE DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF THE RMBS TRUST SETTLEMENT AGREEMENTS, AND REPLIES TO SUCH OBJECTIONS, UNDER SEAL**

Upon the Application,[1] dated January 31, 2013, of Residential Capital, LLC and its affiliated Debtors in the above captioned case (the "**Debtors**"), Ally Financial, Inc. ("**AFI**"), the Official Committee of Unsecured Creditors (the "**Committee**"), and certain objecting Committee members, including FGIC, MBIA, and Wilmington Trust, in their individual capacity, (the "**Objecting Committee Members**"), for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors, AFI, the Committee and the Objecting Committee Members to file Objections, Replies, and accompanying declarations and exhibits to the Bankruptcy Court under seal, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

AFI, the Committee and the Objecting Committee Members having provided notice of the Application to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Application establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Committee and Objecting Committee Members are authorized to file Objections to the Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements, and accompanying declarations and exhibits, under seal.

3. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtors and AFI are authorized to file Replies to such Objections, and accompanying declarations and exhibits, under seal.

4. The rights of the Committee and the Objecting Committee Members to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order are hereby preserved.

5. The filing of the redacted Objections, Replies, and accompanying declarations and exhibits, and delivery of unredacted Objections, Replies, and accompanying declarations and exhibits, to the Bankruptcy Court, under seal, by February 1, 2013, shall constitute compliance with paragraph 10 of the Fourth Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding Debtors' Motion for Approval of RMBS Trust Settlement Agreements [Docket No. 2528] (the "**Scheduling Order**").

6. The unredacted Objections, Replies, and accompanying declarations and exhibits (the "**Sealed Documents**") shall not be disclosed to any parties in these cases other than (a) the Bankruptcy Court (b) counsel to the Debtors; (c) counsel to AFI; (d) counsel to the Steering Committee Group; (e) counsel to the Talcott Franklin Group; (f) counsel to the RMBS Trustees; (g) counsel to the Committee; (h) counsel to the Objecting Committee Members; (i) counsel to the Junior Secured Noteholders; (j) the Examiner and his counsel; (k) the United States Trustee, and (l) subject to the terms of the Confidentiality Agreements, the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee, and as further directed by the Court after notice and hearing, and, in each case, under appropriate confidentiality agreements reasonably satisfactory to the Debtors, AFI, the Steering Committee Group, the Talcott Franklin Group, and members of the Committee.

7. Parties receiving Sealed Documents shall treat them as Confidential as defined by the Confidentiality Agreements so long as the Sealed Documents, or any portions thereof, remain under seal.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 20, 2013
New York, New York

                                                                                   **/s/Martin Glenn**
                                                                                     MARTIN GLENN
                                                          United States Bankruptcy Judge