# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071.2300

TELEPHONE: +1.213.489.3939 • FACSIMILE: +1.213.243.2539

Direct Number: (213) 243-2548
rlwynne@JonesDay.com

March 20, 2013

VIA ELECTRONIC MAIL

Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004

Re:   *In re Residential Capital, LLC, et al.*, Chapter 11 Case No. 12-12020 (the "**Debtors**") and the Debtors' letter to the Court dated March 14, 2013 (the "**Debtors' Letter**")

Dear Judge Glenn:

We are counsel to Financial Guaranty Insurance Company ("**FGIC**") in the Debtors' Chapter 11 Cases. On October 5, 2012, FGIC filed an objection ("**Objection**") to the proposed assumption and assignment by the Debtors of certain executory contracts in connection with the proposed sale ("**Sale**") of their loan servicing platform (Dkt. No. 1746). On November 21, 2012, this Court entered an Order (Dkt. No. 2246; "**Sale Order**") approving the Sale to Ocwen Loan Servicing, LLC ("**Ocwen**"). FGIC's Objection was carved out of the Sale Order, and, by the mutual agreement between the parties, was preserved for later resolution. *See* Sale Order ¶ T.

Like the Debtors, FGIC too is concerned with the delay in concluding its Objection to the Sale. Currently, through the Transition Services Agreement in place between the Debtors and Ocwen, Ocwen is enjoying the benefits of servicing the FGIC related Pooling and Servicing Agreements ("**PSAs**"), while assuming no liability for any of the requirements of the related PSAs, and without meeting the requirements of the Bankruptcy Code regarding assumption and assignment of such executory contracts. For months, FGIC has tried to actively engage Ocwen in discussions regarding adequate assurance of future performance and amendments necessary to those PSAs that are on a term-to-term basis (the "**Term-to-Term Deals**"). Most recently, after the close of the sale to Ocwen on February 15, FGIC was promised that Ocwen would work on amending the underlying PSAs to address both the term-to-term issues and FGIC's adequate assurance concerns. However, FGIC was not contacted regarding any such amendments.

On March 12, 2013, counsel for FGIC provided to counsel for Ocwen a list of 25 outstanding diligence items and our timeline of events that have transpired over the last several months. Ocwen's counsel has informed us that she is not in agreement with the timeline, but did not provide specific comments. Counsel did, however, forward the diligence list to Ocwen for

LAI-3186877v2

further analysis and response. We are scheduled to speak today at 4:00 p.m. in advance of tomorrow's status conference. We hope to be provided with the outstanding diligence items and reach a consensual agreement as to a timeline to negotiate amendments to the PSA that will resolve all of FGIC's concerns. For this very reason, we do not agree with the Debtors that bifurcation of the Non Term-to-Term Deals from the Term-to-Term Deals is appropriate. Adequate assurance is at the root of FGIC's concern for all of the relevant deals. We believe it inefficient and imprudent to burden this Court with an adequate assurance trial when we hope we can reach a consensual resolution with Ocwen.

FGIC desires to bring a conclusion to its Sale Objection and requests that this Court enter a scheduling order requiring that Ocwen and FGIC engage in good faith negotiations on amendments to the PSAs that will resolve FGIC's adequate assurance concerns. If an agreement cannot be reached within two weeks from the date hereof, FGIC will be prepared to move forward with its adequate assurance objections.

Respectfully submitted,

/s/ *Richard L. Wynne*

Richard L. Wynne