UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**ORDER GRANTING THE DEBTORS' MOTION, PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018, TO FILE A REPLY TO THE OBJECTION OF THE JUNIOR SECURED NOTEHOLDERS TO MOTION FOR APPROVAL OF RMBS SETTLEMENT AGREEMENTS, UNDER SEAL**

Upon the Motion,[1] dated February 28, 2013, of Residential Capital, LLC and its affiliated Debtors in the above captioned case (the "**Debtors**"), for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to file a Reply to the Objection of the Junior Secured Noteholders ("**JSNs**") and accompanying declaration and exhibits to the Bankruptcy Court under seal, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Motion establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtors are authorized to file a Reply to the Objection of the JSNs, and accompanying declaration and exhibits, under seal.

3. The filing of a redacted Reply, and accompanying declaration and exhibits, and delivery of the unredacted Reply, and accompanying declaration and exhibits, to the Bankruptcy Court, under seal, shall constitute compliance with paragraph 8 of the Fourth Revised Joint Omnibus Scheduling Order and Provisions for Other Relief Regarding Debtors' Motion for Approval of RMBS Trust Settlement Agreements [Docket No. 2528] (the "**Scheduling Order**").

4. The unredacted Reply, and accompanying declaration and exhibits (the "**Sealed Documents**") shall not be disclosed to any parties in these cases other than (a) the Bankruptcy Court; (b) counsel to AFI; (c) counsel to the Steering Committee Group; (d) counsel to the Talcott Franklin Group; (e) counsel to the RMBS Trustees; (f) counsel to the Committee; (g) counsel to each Wilmington Trust, FGIC, and MBIA; (h) counsel to Assured Guaranty; (i) counsel to the JSNs; (j) the Examiner and his counsel; and (k) the United States Trustee.

5. Parties receiving Sealed Documents shall treat them as Confidential pursuant to the Confidentiality Agreements, so long as the Sealed Documents, or any portions thereof, remain under seal by Order of this Court.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: March 20, 2013
      New York, New York

                           **/s/Martin Glenn**
                          MARTIN GLENN
               United States Bankruptcy Judge