**MEYNER AND LANDIS LLP**
**One Gateway Center, Suite 2500**
**Newark, New Jersey 07102**
**(973) 602-3427**
Attorneys for PNC Bank, National Association
Meredith I. Friedman (MF 9495)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br><br>RESIDENTIAL CAPITAL, LLC, et.al,<br><br>Debtor. | Case No. 12-12020<br><br>Chapter 11<br><br>Jointly Administered |

## CERTIFICATION OF MATTHEW BEATTY IN SUPPORT OF MOTION BY PNC BANK, NATIONAL ASSOCIATION FOR RELIEF FROM THE AUTOMATIC STAY

**MATTHEW BEATTY** of full age, does hereby certify as follows:

1. I am an asset manager at PNC Bank, National Association (the "**Bank**"), and am responsible for handling this loan. I have knowledge of the facts set forth in this Certification based on my responsibility for this loan and my review of the bank records.

2. I am making this Certification in support of the Bank's motion for relief from the automatic stay in connection with real property owned by Steven T. Weingartner ("**Weingartner**") and Susan Weingartner (collectively the "**Owners**"), commonly known as 76 Clove Road, Montague, New Jersey 07827 (the "**Property**").

3. The Bank wishes to pursue a foreclosure action against Owners and GMAC Mortgage LLC ("**GMAC**"), an affiliate of Residential Capital, LLC ("**Debtor**") as a defendant as Debtor is a junior lienholder on the Property.

I. <u>Background</u>

A. <u>The Loan</u>

4.  The Bank and STS Contracting Company, Inc. ("**Borrower**"), entered into a $100,000 Note (the "**Note**") on January 20, 2006 (the "**Loan**"). A true and correct copy of the Note is attached as **Exhibit "A."**

5.  Weingartner signed a guaranty (the "**Guaranty**") on the Loan on January 20, 2006. A true and correct copy of the Guaranty is attached as **Exhibit "B."**

6.  To further secure payment of the Note and the Guaranty, Weingartner executed and delivered to the Bank a Mortgage (the "**Mortgage**") in the amount of $100,000 dated January 20, 2006, covering the Property. A true and correct copy of the Mortgage is attached as **Exhibit "C."**

7.  The Mortgage was duly recorded in the Sussex County Clerk's Office in Book 07395, Page 00001 on January 21, 2006.

8.  The Borrower defaulted on the Loan on November 11, 2010 for nonpayment.

9.  There is due the following balance on the loan as of March 20, 2013:

Principal:................................................................................................$97,285.22
Accrued interest:......................................................................................$9,404.89
Late fees..................................................................................................$1,135.28
Total:.................................................................................................**$107,825.39**

### B. GMAC's Second Mortgage

10. GMAC[1] has a second mortgage on the Property ("**Second Mortgage**") dated March 22, 2005 and recorded on April 07, 2007 with the Sussex County Clerk's Office, Book 7498, Page 236. A true and correct copy of the Second Mortgage is attached as **Exhibit "D."**

11. GMAC is a junior lienholder by virtue of the fact that the mortgage was recorded with the Sussex County Clerk after the Mortgage was recorded.

### C. Owners' Bankruptcy

12. Owners filed a joint chapter 7 bankruptcy in the District of New Jersey (Docket No. 10-45119) on November 11, 2010.

13. GMAC received relief from the automatic stay on December 10, 2010 to pursue a foreclosure action, but GMAC has not instituted any foreclosure action against Owners.

14. Owners were granted a discharge in the bankruptcy on February 10, 2011.

### D. No Equity in Property

15. Based upon the appraisal dated September 10, 2012 (the "**Appraisal**"), showing a value of $125,000, there is no equity in the Property. A true and correct copy of the Appraisal is attached as **Exhibit "E."**

16. In addition to the Bank's mortgage, GMAC was owed $119,018.28, as of November 17, 2010. A true and correct copy of the Certification in Support of Notice of Motion to Vacate Automatic Stay filed by GMAC in Owner's Bankruptcy is attached as **Exhibit "F."** Exhibit F provides a payoff as of November 17, 2010.

---

[1] GMAC is a jointly administered Debtors under this case no.

3

## II. Relief Requested

17. Under N.J.S.A. 4:64-1, a plaintiff in a foreclosure action must name subordinate lienholders in order to foreclose their subordinate lienholders' interests.

18. The Bank's counsel has applied for relief from the stay through formal bankruptcy procedures, but Debtor's counsel has not consented to stay relief and advised the Bank to file a motion for relief from the stay.

19. In light of the foregoing, the Bank seeks immediate relief from the automatic stay to proceed with filing a foreclosure complaint against Owners and GMAC as subordinate lienholder.

## CERTIFICATION

I certify that the foregoing statements made by me are true. If any of the foregoing statements are willfully false, I am subject to punishment.

_____
MATTHEW BEATTY

DATED: March 20, 2013