**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**DECLARATION OF PAMELA E. WEST IN SUPPORT OF DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTIONS 363(b) AND 503(c)(3) OF THE BANKRUPTCY CODE AUTHORIZING (I) IMPLEMENTATION OF (A) A KEY EMPLOYEE RETENTION PLAN FOR CERTAIN NON-INSIDERS AND (B) KEY EMPLOYEE INCENTIVE PLANS FOR CERTAIN INSIDERS, AND (II) PAYMENT OF ANY OBLIGATIONS ARISING THEREUNDER AS ADMINISTRATIVE EXPENSES**

I, Pamela E. West, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

**A. Background and Qualifications**

1. I am a member of the Board of Directors (the "**Board**") of Residential Capital, LLC ("**ResCap**"), the parent debtor in the above-captioned Chapter 11 cases commenced on May 14, 2012 (the "**Petition Date**"). I have been a director and served on the Board of ResCap and its committees in various capacities since May 2009. I received a BA in Political Science/History from Hiram College in 1967. Beginning in 1975 and continuing through January 2005, I worked in the financial services industry and held senior executive positions at major financial institutions, including Bank of America and its predecessor banks, in which I oversaw teams of personnel charged with risk management, asset/liability planning, and cash management. Since then, I have served as a director for financial service companies.

2. Based on my service on the ResCap Board and in connection with my responsibilities as member of the Board's compensation committee and Chair of the audit

committee, I am familiar with the businesses of ResCap and the other above-captioned debtors (collectively, the "**Debtors**").

3. I submit this declaration (the "**Declaration**") in support of the *Debtors' Motion for an Order pursuant to Sections 363(b) And 503(c)(3) of the Bankruptcy Code Authorizing (I) Implementation of (A) a Key Employee Retention Plan for Certain Non-Insiders and (B) Key Employee Incentive Plans for Certain Insiders, and (II) Payment of Any Obligations Arising Thereunder as Administrative Expenses* (the "**Motion**").[1] Unless otherwise indicated, all facts set forth in this declaration are based upon (i) my personal knowledge of the Debtors' current operations, (ii) information learned from my review of relevant documents, and (iii) information that I received from the Debtors' management or advisors. I am authorized to submit this declaration on behalf of the Debtors, and if I were called upon to testify, I could and would testify competently to the facts set forth herein.

**B. The Proposed Plans**

4. I understand that, as a result of the ongoing bankruptcy proceedings and the recently completed sales of a substantial portion of the Debtors' assets, employees of the Debtors have assumed responsibilities above their normal duties, and have been subjected to extraordinary stress and pressure. Moreover, employees of the Debtors remaining with the Estate are aware that their jobs will be eliminated at some point as Estate assets are monetized. Based upon my knowledge and experience, I believe that a loss of key talent at this juncture would jeopardize the ability of the Estate to function effectively. Furthermore, given the company's transition into an estate management role, it would be difficult, if not impossible, to recruit a similar caliber of talent to replace any lost employees, especially with knowledge of the inherently limited nature of these positions. In sum, based on my knowledge and experience, I

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

believe that the proposed incentive and retention plans are necessary to maintain the Debtors' workforce, thereby preserving and enhancing the value of the remaining assets and facilitating the operation of the Estate.

5. In recognition of the foregoing, the Debtors, in coordination with counsel and their restructuring advisors, have designed and propose to put in place three key employee plans aimed at retaining and incentivizing the Debtors' remaining employees (collectively referred to as the "**Proposed Plans**"). The Debtors' management team and outside advisors, which also included Mercer (US) Inc. (who was retained to confirm the market reasonableness of the award levels and structure of the plans), presented proposed plan structures to the Compensation Committee.

6. The Debtors have also engaged in lengthy discussions with the Official Committee of Unsecured Creditors (the "**Committee**") about the details of the Proposed Plans. As a result of such discussions, the Compensation Committee, upon the recommendation of the Debtors' advisors, approved certain modifications to the Proposed Plans suggested by the Committee. Specifically, the Debtors have reached an understanding with the Committee regarding the terms of the Proposed Plans, and have agreed to include negotiated award level and metrics that are acceptable to both parties.

7. The Compensation Committee evaluated whether the Proposed Plans, as modified, were structured in a manner that would sufficiently incentivize the employees to work to preserve, enhance, and monetize asset value. Based on this evaluation and the advice of the Debtors' advisors, the Compensation Committee is satisfied that the Proposed Plans will accomplish such goals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2013
Miltenberg, Germany

Pamela E. West

