UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## SECOND SUPPLEMENTAL DECLARATION OF JEFFREY A. LIPPS IN SUPPORT OF THE RETENTION AND EMPLOYMENT OF CARPENTER LIPPS & LELAND LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS

Pursuant to 28 U.S.C. § 1746, Jeffrey A. Lipps declares:

1. I am an attorney at law admitted and in good standing to practice in the State of Ohio and in the United States District Court for the Southern District of Ohio. I have also been admitted *pro hac vice* in the above-captioned cases.

2. I am a partner of the law firm of Carpenter Lipps & Leland LLP ("CLL") and am duly authorized to make this Declaration on behalf of CLL. On June 26, 2006, I submitted a Declaration (Docket No. 508) in support of CLL's retention as special litigation counsel to the above-captioned debtors and debtors in possession in these cases (the "Debtors"). On July 25, 2012, the Court entered an order (Docket No. 907) (the "Retention Order") authorizing the retention of CLL as special counsel.

3. On January 31, 2013, Walter Investment Management Corporation ("Walter") closed on its purchase of the Debtors' servicing rights for Fannie Mae mortgage servicing and certain other assets. On February 15, 2013, Ocwen Loan Servicing, LLC closed on its purchase of certain of the Debtors' other servicing rights.

4. Prior to the filing of these cases CLL represented the Debtors in a variety of litigation matters, including litigation arising out of their servicing of mortgage loans in the state

of Ohio. Pursuant to the Retention Order, CLL has continued to represent the Debtors in a range of matters including litigation in Oho related to the Debtors' servicing of mortgage loans.

5. Since the closing of their respective purchases, both Walter, through its affiliate Green Tree, and Ocwen have retained CLL to representing them in litigation in Ohio related to the mortgage servicing operations they purchased from the Debtors. CLL is not currently aware of any adverse interests between the Debtors and Green Tree or Ocwen in these matters and does not anticipate any such adverse interest. CLL is segregating its bills and expenses for the matters based on the closing dates of the respective sales and will be billing Green Tree and Ocwen separately for services rendered for them after the closing of their respective purchases. CLL is continuing to represent the Debtors in a variety of matters under the Retention Order, including litigation matters in Ohio which relate to servicing assets which were not transferred to Walter and Ocwen.

6. CLL understands that the Debtors have consented to CLL's representation of Green Tree and Ocwen.

7. On March 18, 2013 Amber Merl started work at CLL as an associate. Prior to joining CLL, Ms. Merl worked as an associate in Jones Day's Columbus Ohio office. Jones Day currently represents Financial Guaranty Insurance Corporation ("FGIC") in these cases. Ms. Meryl did not perform any services for FGIC while she was at Jones Day. CLL believes there is no requirement under either Ohio or New York's ethical rules to screen Ms. Meryl because she never performed legal services for FGIC. Nevertheless, out of an abundance of caution, CLL will not have Ms. Merl perform any services adverse to FGIC in these cases.

{00339986-1}                                                    2

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  March 21, 2013                                 /s/ Jeffrey A. Lipps_____
                                                                    Jeffrey A. Lipps, Esq.