**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER APPROVING DEBTORS' MOTION PURSUANT TO 11 U.S.C. §§ 105(a) AND (d), BANKRUPTCY RULES 1015(c), 2002(m), 7016, AND 9007 AND LOCAL BANKRUPTCY RULE 2002-2 FOR ENTRY OF AN ORDER APPROVING (A) SUPPLEMENT TO CASE MANAGEMENT ORDER ESTABLISHING MANDATORY PROCEDURES FOR MANAGEMENT OF ADVERSARY PROCEEDINGS COMMENCED BY BORROWERS AND FORMER BORROWERS AND (B) RELATED RELIEF**

Upon the motion (the "Motion"),[1] dated February 21, 2013, of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order, pursuant to sections 105(a) and (d) of the Bankruptcy Code, Bankruptcy Rules 1015(c), 2002(m), 7016, and 9007, and Local Rule 2002-2, approving and implementing a supplement to the Case Management Order so as to establish notice, case management, and administrative procedures to assist the Debtors in the management and administration of adversary proceedings filed in the Chapter 11 Cases (the "Supplemental AP Procedures"), stated herein; and the Court having previously entered a Case Management Order [Docket No. 141 in these Chapter 11 Cases; and the Court having reviewed the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28

---

[1]   Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

U.S.C. § 157(b); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and it appearing that the relief requested by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Motion is GRANTED as provided herein.

2. The Case Management Order continues to be in full force and effect, and shall apply to any adversary proceeding should the Court determine that such adversary proceeding should remain on the docket for the Chapter 11 Cases.

3. The form of Notice of Applicability of the Supplemental AP Procedures, attached hereto as Exhibit A, is hereby approved.

4. The Supplemental AP Procedures are approved as follows:

**Supplemental AP Procedures**

1. **Notice of Applicability**. The Supplemental AP Procedures shall apply to (a) all AP Actions commenced on or after the date hereof and (b) all AP Actions pending as of the date hereof for which a dispositive motion has not been fully briefed and argued before the Court. Within five (5) days of the filing of the AP Action, the Debtors shall file in each AP Action a "Notice of Applicability" of these Supplemental AP Procedures (the form of which is annexed to the Proposed Order as Exhibit A), which will include a copy of these Supplemental AP Procedures appended to such notice. The Notice of Applicability will also include a form schedule that will clearly set forth (i) certain dates by which the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, if applicable, must complete the tasks outlined in these Supplemental AP Procedures, with such dates being subject to change upon the agreement of these parties and/or Court order, and (ii) the Debtors' and Special Borrowers' Counsel's detailed contact information. The filing of a Notice of Applicability immediately obligates the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel for the AP Plaintiff, as applicable, to comply with the Supplemental AP Procedures. The Notice of Applicability will be served on the AP Plaintiff, if pro se, or AP Plaintiff's counsel, if applicable, and all other named defendants (to the extent the Debtors have or are

2

    reasonably able to access valid addresses for such parties) by first class overnight mail and email where an email address has been provided.

2. **AP Plaintiff Contact Information**. Upon receipt of the Notice of Applicability, the AP Plaintiff, if appearing pro se, will have seven (7) days to provide the Debtors with valid contact information, including a telephone number and email address, if available (the "AP Plaintiff Contact Information"). Upon receipt of the AP Plaintiff Contact Information, the Debtors shall promptly notify the Clerk of the Court of the AP Plaintiff Contact Information for inclusion in the official docket of the AP Action.

3. **Extension of Answer or Response Deadlines**. The following extensions will apply except for any other date fixed by order of the Court, by agreement among the parties, or the Bankruptcy Rules or Local Rules: The date by which the Debtors and other named defendants will be required to answer or otherwise respond to the complaint filed in the AP Action or any motion filed in the AP Action shall be extended to and including the date that is thirty (30) days following the Pre-Trial Status Conference (defined below). In addition, no party to the AP Action may file any motion or answer, or respond in respect to the complaint filed in the AP Action during this period. To the extent the Debtors or any other defendant has answered or otherwise responded to the complaint filed in the AP Action, the AP Plaintiff's deadline to respond shall be extended to and including the date that is thirty (30) days following the Pre-Trial Status Conference, each subject to further extensions as may be agreed upon by the parties or ordered by the Court.

4. **Intake, Initial Conference and Reporting**:

   (i) Review and Evaluation by Debtors and Special Borrowers' Counsel. Within forty-five (45) days after service of the Notice of Applicability (the "Evaluation Period"), counsel to the Debtors and Special Borrowers' Counsel shall review and evaluate the AP Action, and shall meet and confer, either telephonically or in-person, with the AP Plaintiff (or where applicable AP Plaintiff's counsel) to discuss the claims and causes of action set forth in the AP Action and the nature of the relief requested therein (the "Initial Conference").[2] Counsel to the Debtors, in consultation with Special Borrowers' Counsel, shall promptly furnish to the AP Plaintiff, or AP Plaintiff's counsel, as applicable, by overnight mail or email a request for an Initial Conference proposing dates and times for the Initial Conference. A determination of whether the Initial Conference will be held in-person or telephonically shall be within the sole discretion of the Debtors.

---

[2] At this initial stage, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, is not required to have Initial Conferences with other non-Debtor defendants to the AP Action.

3

(ii) <u>Initial Conference</u>. Within five (5) days after receipt of a request for an Initial Conference, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, must respond by (a) accepting a proposed date and time, or (b) requesting that the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, be contacted to schedule a mutually convenient alternative date and time. The Debtors and Special Borrowers' Counsel shall endeavor to schedule the Initial Conference, whether telephonic or in-person, when convenient for the AP Plaintiff, if pro se (including before or after regular business hours and on non-traditional work days), and the AP Plaintiff's counsel, as applicable. The Initial Conference specified in this paragraph, together with any continuations or rescheduled calls or meetings related to the AP Action arising from that Initial Conference, will be subject to Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions. The Initial Conference and all communications related thereto do not fall within the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 *et seq.*, or any state equivalent debt collection act, and shall not be deemed to be an effort to collect on a debt of any AP Plaintiff.

(iii) <u>Failure to Comply</u>. Failure to timely act in response to a request for an Initial Conference and meet and confer with the Debtors and Special Borrowers' Counsel in good faith, as described in paragraph 2(ii) above, may result, at the option of the Debtors, in an application to the Bankruptcy Court (on notice to the impacted AP Plaintiff, AP Plaintiff's counsel, if applicable, and Special Borrowers' Counsel) for an order dismissing the AP Action for failure to prosecute and comply with the Supplemental AP Procedures. Such motion to dismiss shall not preclude the Debtors from filing other and further motions to dismiss the AP Action to the extent the AP Plaintiff, or AP Plaintiff's counsel, if applicable, subsequently complies with the Supplemental AP Procedures and such original motion is withdrawn by the Debtors or denied by the Court.

(iv) <u>Progress Report</u>. No later than sixty (60) days after the filing of a Notice of Applicability, the Debtors, Special Borrowers' Counsel, the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, will file a "<u>Joint Progress Report</u>" to document the extent of the progress, if any, the parties have made in connection with the Initial Conference and state whether the parties have come to a mutual resolution of the AP Action, or that the AP Plaintiff wishes to proceed with the AP Action. The Joint Progress Report must be filed prior to the scheduling of the Pre-Trial Status Conference (defined below). If the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, are unable to agree, in good faith, on the Joint Progress Report, each party may file a separate progress report (the Joint Progress Report and other progress

4

reports are collectively referred to as a "Progress Report").

4. **Omnibus Hearing**. At the regularly scheduled omnibus hearings for these Chapter 11 Cases (each an "Omnibus Hearing"), the Bankruptcy Court shall conduct an initial AP Action status conference (the "Pre-Trial Status Conference") during which the parties shall furnish a status update for any AP Action for which the Progress Reports relating to such AP Action were filed at least one (1) week prior to the next scheduled Omnibus Hearing date. Any AP Action where the Progress Report was filed less than one (1) week prior to the next scheduled Omnibus Hearing date shall be scheduled to be heard on the next subsequent Omnibus Hearing date. The Debtors shall provide notice of the date and time of the Pre-Trial Status Conference to the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, and all other defendants named in the AP Action (to the extent the Debtors have or are reasonably able to access valid addresses for such parties) as soon as practicable by overnight mail or email. Once the Court determines the next steps to be taken in connection with an AP Action (*e.g.*, the AP Action should be dismissed or fully litigated), the Debtors shall provide notice to all parties to the AP Action, including named defendants, of such determination and whether the AP Action shall be dismissed or proceed and be governed by the Case Management Order.

5. **Participation Mandatory**. Compliance with the Supplemental AP Procedures is mandatory. Each party in interest must serve the required responses, engage in the specified communications, including the Initial Conference and Pre-Trial Status Conference, and otherwise comply with the Supplemental AP Procedures specified herein for all AP Actions covered by such Supplemental AP Procedures. To the extent the Debtors, the AP Plaintiff, or any other non-Debtor defendant seeks to be relieved from compliance with the Supplemental AP Procedures, such party must make a specific request and demonstrate cause to the Court for such relief.

6. **Deadlines**. Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (a) mutual consent of the parties; or (b) the Court, for cause shown.

7. **Effectiveness of the Case Management Order**. To the extent an AP Action proceeds subsequent to the Pre-Trial Status Conference, the procedures set forth in the Case Management Order shall apply to the AP Action. In addition, counsel to the Debtors will coordinate with the Court to schedule separate regular omnibus hearing dates for hearing conferences and motions related to the AP Proceeding subject to the Court's availability.

8. **Confidentiality**. Pursuant to Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications by, between, and among the parties in connection with proposed settlement of any AP Action shall remain

5

ny-1083161

    confidential, unless all parties consent to disclosing all or part of any discussions and communications.

9. **Discovery**.  No discovery requests shall be served or requested in any AP Action pending the conclusion of the Pre-Trial Status Conference and in accordance with the Case Management Order.

10. **Reservations of Rights**.  All parties' rights, claims, counter-claims and defenses of any kind whatsoever with respect to the AP Actions shall be preserved pending the parties' compliance with the Supplemental AP Procedures, and a party's participation shall not be deemed to be nor construed as a waiver of any of such rights.

**Miscellaneous**

    5.  To the extent applicable, the 14-day stay of Bankruptcy Rule 6004(h) is hereby waived, and this Order shall be effective immediately.

    6.  The Debtors are authorized to execute and deliver all instruments and documents, and take such other action as may be necessary or appropriate to implement and effectuate the transactions contemplated by this Order.

    7.  Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

ny-1083161

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: March 21, 2013
      New York, New York

                                             **/s/Martin Glenn**
                                            MARTIN GLENN
                               United States Bankruptcy Judge

**Exhibit A**

12-12020-mg    Doc 3293    Filed 03/21/13    Entered 03/21/13 16:27:59    Main Document
Pg 8 of 14

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF APPLICABILITY OF THE ORDER APPROVING**
**MANDATORY SUPPLEMENTAL AP PROCEDURES FOR AP ACTIONS**

**PLEASE TAKE NOTICE**, that the Order Approving Mandatory Supplemental AP Procedures for AP Actions entered by the Bankruptcy Court in the above-captioned chapter 11 cases on [_____ __], 2013 is hereby made applicable to and governs this adversary proceeding.

Dated: [_____ __], 2013
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

ny-1083161

## Supplemental AP Procedures

1. **Notice of Applicability**. The Supplemental AP Procedures shall apply to (a) all AP Actions commenced on or after the date hereof and (b) all AP Actions pending as of the date hereof for which a dispositive motion has not been fully briefed and argued before the Court. Within five (5) days of the filing of the AP Action, the Debtors shall file in each AP Action a "Notice of Applicability" of these Supplemental AP Procedures (the form of which is annexed to the Proposed Order as Exhibit A), which will include a copy of these Supplemental AP Procedures appended to such notice. The Notice of Applicability will also include a form schedule that will clearly set forth (i) certain dates by which the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, if applicable, must complete the tasks outlined in these Supplemental AP Procedures, with such dates being subject to change upon the agreement of these parties and/or Court order, and (ii) the Debtors' and Special Borrowers' Counsel's detailed contact information. The filing of a Notice of Applicability immediately obligates the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel for the AP Plaintiff, as applicable, to comply with the Supplemental AP Procedures. The Notice of Applicability will be served on the AP Plaintiff, if pro se, or AP Plaintiff's counsel, if applicable, and all other named defendants (to the extent the Debtors have or are reasonably able to access valid addresses for such parties) by first class overnight mail and email where an email address has been provided.

2. **AP Plaintiff Contact Information**. Upon receipt of the Notice of Applicability, the AP Plaintiff, if appearing pro se, will have seven (7) days to provide the Debtors with valid contact information, including a telephone number and email address, if available (the "AP Plaintiff Contact Information"). Upon receipt of the AP Plaintiff Contact Information, the Debtors shall promptly notify the Clerk of the Court of the AP Plaintiff Contact Information for inclusion in the official docket of the AP Action.

3. **Extension of Answer or Response Deadlines**. The following extensions will apply except for any other date fixed by order of the Court, by agreement among the parties, or the Bankruptcy Rules or Local Rules: The date by which the Debtors and other named defendants will be required to answer or otherwise respond to the complaint filed in the AP Action or any motion filed in the AP Action shall be extended to and including the date that is thirty (30) days following the Pre-Trial Status Conference (defined below). In addition, no party to the AP Action may file any motion or answer, or respond or in respect to the complaint filed in the AP Action during this period. To the extent the Debtors or any other defendant has answered or otherwise responded to the complaint filed in the AP Action, the AP Plaintiff's deadline to respond shall be extended to and including the date that is thirty (30) days

2

following the Pre-Trial Status Conference, each subject to further extensions as may be agreed upon by the parties or ordered by the Court.

4. **Intake, Initial Conference and Reporting**:

   (i) <u>Review and Evaluation by Debtors and Special Borrowers' Counsel</u>. Within forty-five (45) days after service of the Notice of Applicability (the "<u>Evaluation Period</u>"), counsel to the Debtors and Special Borrowers' Counsel shall review and evaluate the AP Action, and shall meet and confer, either telephonically or in-person, with the AP Plaintiff (or where applicable AP Plaintiff's counsel) to discuss the claims and causes of action set forth in the AP Action and the nature of the relief requested therein (the "<u>Initial Conference</u>").[1] Counsel to the Debtors, in consultation with Special Borrowers' Counsel, shall promptly furnish to the AP Plaintiff, or AP Plaintiff's counsel, as applicable, by overnight mail or email a request for an Initial Conference proposing dates and times for the Initial Conference. A determination of whether the Initial Conference will be held in-person or telephonically shall be within the sole discretion of the Debtors.

   (ii) <u>Initial Conference</u>. Within five (5) days after receipt of a request for an Initial Conference, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, must respond by (a) accepting a proposed date and time, or (b) requesting that the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, be contacted to schedule a mutually convenient alternative date and time. The Debtors and Special Borrowers' Counsel shall endeavor to schedule the Initial Conference, whether telephonic or in-person, when convenient for the AP Plaintiff, if pro se (including before or after regular business hours and on non-traditional work days), and the AP Plaintiff's counsel, as applicable. The Initial Conference specified in this paragraph, together with any continuations or rescheduled calls or meetings related to the AP Action arising from that Initial Conference, will be subject to Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions. The Initial Conference and all communications related thereto do not fall within the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1601 *et seq.*, or any state equivalent debt collection act, and shall not be deemed to be an effort to collect on a debt of any AP Plaintiff.

   (iii) <u>Failure to Comply</u>. Failure to timely act in response to a request for an Initial Conference and meet and confer with the Debtors and Special Borrowers' Counsel in good faith, as described in paragraph 2(ii) above, may result, at the option of the Debtors, in an application to the

---

[1] At this initial stage, the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable, is not required to have Initial Conferences with other non-Debtor defendants to the AP Action.

3

ny-1083161

        Bankruptcy Court (on notice to the impacted AP Plaintiff, AP Plaintiff's counsel, if applicable, and Special Borrowers' Counsel) for an order dismissing the AP Action for failure to prosecute and comply with the Supplemental AP Procedures. Such motion to dismiss shall not preclude the Debtors from filing other and further motions to dismiss the AP Action to the extent the AP Plaintiff, or AP Plaintiff's counsel, if applicable, subsequently complies with the Supplemental AP Procedures and such original motion is withdrawn by the Debtors or denied by the Court.

    (iv)  <u>Progress Report</u>: No later than sixty (60) days after the filing of a Notice of Applicability, the Debtors, Special Borrowers' Counsel, the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, will file a "<u>Joint Progress Report</u>" to document the extent of the progress, if any, the parties have made in connection with the Initial Conference and state whether the parties have come to a mutual resolution of the AP Action, or that the AP Plaintiff wishes to proceed with the AP Action. The Joint Progress Report must be filed prior to the scheduling of the Pre-Trial Status Conference (defined below). If the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or counsel to the AP Plaintiff, as applicable, are unable to agree, in good faith, on the Joint Progress Report, each party may file a separate progress report (the Joint Progress Report and other progress reports are collectively referred to as a "<u>Progress Report</u>").

4. **Omnibus Hearing**. At the regularly scheduled omnibus hearings for these Chapter 11 Cases (each an "<u>Omnibus Hearing</u>"), the Bankruptcy Court shall conduct an initial AP Action status conference (the "<u>Pre-Trial Status Conference</u>") during which the parties shall furnish a status update for any AP Action for which the Progress Reports relating to such AP Action were filed at least one (1) week prior to the next scheduled Omnibus Hearing date. Any AP Action where the Progress Report was filed less than one (1) week prior to the next scheduled Omnibus Hearing date shall be scheduled to be heard on the next subsequent Omnibus Hearing date. The Debtors shall provide notice of the date and time of the Pre-Trial Status Conference to the AP Plaintiff, if pro se, or the AP Plaintiff's counsel, as applicable, and all other defendants named in the AP Action (to the extent the Debtors have or are reasonably able to access valid addresses for such parties) as soon as practicable by overnight mail or email. Once the Court determines the next steps to be taken in connection with an AP Action (*e.g.*, the AP Action should be dismissed or fully litigated), the Debtors shall provide notice to all parties to the AP Action, including named defendants, of such determination and whether the AP Action shall be dismissed or proceed and be governed by the Case Management Order.

5. **Participation Mandatory**. Compliance with the Supplemental AP Procedures is mandatory. Each party in interest must serve the required

4

ny-1083161

responses, engage in the specified communications, including the Initial Conference and Pre-Trial Status Conference, and otherwise comply with the Supplemental AP Procedures specified herein for all AP Actions covered by such Supplemental AP Procedures.  To the extent the Debtors, the AP Plaintiff, or any other non-Debtor defendant seeks to be relieved from compliance with the Supplemental AP Procedures, such party must make a specific request and demonstrate cause to the Court for such relief.

6. **Deadlines**.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by: (a) mutual consent of the parties; or (b) the Court, for cause shown.

7. **Effectiveness of the Case Management Order**.  To the extent an AP Action proceeds subsequent to the Pre-Trial Status Conference, the procedures set forth in the Case Management Order shall apply to the AP Action. In addition, counsel to the Debtors will coordinate with the Court to schedule separate regular omnibus hearing dates for hearing conferences and motions related to the AP Proceeding subject to the Court's availability.

8. **Confidentiality**.  Pursuant to Rule 408 of the Federal Rules of Evidence, all settlement discussions and communications by, between, and among the parties in connection with proposed settlement of any AP Action shall remain confidential, unless all parties consent to disclosing all or part of any discussions and communications.

9. **Discovery**.  No discovery requests shall be served or requested in any AP Action pending the conclusion of the Pre-Trial Status Conference and in accordance with the Case Management Order.

10. **Reservations of Rights**.  All parties' rights, claims, counter-claims and defenses of any kind whatsoever with respect to the AP Actions shall be preserved pending the parties' compliance with the Supplemental AP Procedures, and a party's participation shall not be deemed to be nor construed as a waiver of any of such rights.

## **SCHEDULE FOR MANDATORY SUPPLEMENTAL AP PROCEDURES**

1. Debtors will file and serve the Notice of Applicability by _____ (or if that date falls on a weekend or holiday, by the next business day).

2. AP Plaintiff to provide AP Plaintiff Contact Information by _____.

3. Parties to schedule an Initial Conference by _____.

4. Progress Reports to be filed by _____.

5. Debtors to schedule Pre-Trial Status Conference by _____ Omnibus Hearing date.

6. Deadline to file and serve an answer or response to the AP Action complaint is extended to no earlier than _____.

**PLEASE TAKE NOTICE** that the dates listed above are subject to change upon the agreement of the Debtors, Special Borrowers' Counsel, and the AP Plaintiff, if appearing pro se, or the AP Plaintiff's counsel, as applicable. The timing of items (5) and (6) above will likely depend on the date of the Initial Conference, and any scheduled follow-up conferences.

**Debtors' contact information:**

Norman S. Rosenbaum (nrosenbaum@mofo.com)
Stefan W. Engelhardt (sengelhardt@mofo.com)
Paul Galante (pgalante@mofo.com)
Erica J. Richards (erichards@mofo.com)
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, NY 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

**Special Borrowers' Counsel's contact information:**

Ronald J. Friedman (rfriedman@silvermanacampora.com)
Justin S. Krell (jkrell@silvermanacampora.com)
**SilvermanAcampora LLP**
100 Jericho Quadrangle
Suite 300
Jericho, NY 11753
Telephone:  (516) 479-6300
Facsimile:  (516) 479-6301

ny-1083161