**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULES 1009, 3007
AND 9019(b) APPROVING (I) CLAIM OBJECTION PROCEDURES,
(II) BORROWER CLAIM PROCEDURES, (III) SETTLEMENT PROCEDURES,
AND (IV) SCHEDULE AMENDMENT PROCEDURES**

Upon the motion, dated March 7, 2013 (the "**Motion**"),[1] of Residential Capital, LLC and its and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "**Debtors**"), pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b), for approval of Omnibus Claims Objections Procedures, Borrower Claim Procedures, Settlement Procedures, and Schedule Amendment Procedures, all as more fully described in the Motion; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the order entered May 23, 2012 governing case management and administrative procedures [Docket No. 141] (the "**Case Management Order**") to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, notwithstanding anything to the contrary in Bankruptcy Rule 3007, the Debtors, and any successor-in-interest, are hereby authorized, in addition to those grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections to claims seeking reduction, reclassification and/or disallowance of claims on one or more of the following grounds (the "**Additional Permitted Grounds**"):

a) the amount claimed contradicts the Debtors' books and records;

b) the Claims were incorrectly classified;

c) the Claims seek recovery of amounts for which the Debtors' estates are not liable;

d) the Claims do not include sufficient documentation to ascertain the validity of the Claims;

e) the Claims are objectionable under section 502(e)(1) of the Bankruptcy Code;

f) the Claims are filed against more than one Debtor entity;

g) the Claims have not specified the Debtor against whom the Claim has been filed;

      h)      the Claims do not specify any amount of Claim (other than Claims explicitly asserted as "unliquidated"); and

      j)      the Claims are facially defective.

(collectively with the grounds specified in Bankruptcy Rule 3007(d), the "**Permitted Grounds**"); and it is further

ORDERED that the Debtors are authorized to implement the following Borrower Claim Procedures:

    (i)    Omnibus Claims Objections for Borrower Claims will exclusively address Borrower Claims and not Filed Claims. Similarly, Omnibus Claims Objections to Filed Claims will not include objections to Borrower Claims. Furthermore, Omnibus Claims Objections to Borrower Claims that are based on the grounds enumerated in Bankruptcy Rule 3007(d)(1), (3), (4), (5), (7) or (8) or items (2) and (5) of the Additional Permitted Grounds shall not be subject to the requirements under either subsection (iii) or (iv) below. However, Omnibus Claims Objections to Borrower Claims that are based on the grounds enumerated in Bankruptcy Rule 3007(d)(2) and (6), or items (1), (3), (4), (6), (7), (8), or (9) of the Additional Permitted Grounds (the "**Special Objection Grounds**") shall be subject to the requirements under either subsection (iii) or (iv) below.

    (ii)    Prior to filing any objection to a Borrower Claim and Omnibus Claims Objection to Borrower Claims based on one or more of the Special Objection Grounds, the Debtors shall (a) provide Special Counsel to the Committee with a list of the Borrower Claims proposed to be included in such omnibus objection (each, a "**Borrower Claim List**"), and Special Counsel to the Committee shall have two (2) weeks from the date of receipt of a Borrower Claim List to advise the Debtors whether it believes that any amendments to a Borrower Claim List should be made, and meet and confer with the Debtors thereafter regarding such recommended amendment, if any; and (b) review their books and records maintained in the ordinary course to determine whether any amounts are owed to the Borrower, and provide the results of that review to Special Counsel to the Committee subject to an appropriate Confidentiality Agreement.

    (iii)    For those Claims on a final Borrower Claim List that were filed with insufficient or no supporting documentation to determine the amount, priority, or validity of such Claim, the Debtors shall, prior

to filing an objection to a Borrower Claim and/or an Omnibus Claims Objection to Borrower Claims based on one or more of the Special Objection Grounds, with notice to the Special Counsel to the Committee, contact the holders of such Claims by mailing a document request letter, in a form mutually acceptable to the Debtors and Special Counsel to the Committee (the "**Request Letter**"), to such Borrower, or counsel thereto if known, in an attempt to obtain information regarding the factual and legal basis of the respective asserted Borrower Claim, with those efforts to commence promptly but, in any event, within two (2) weeks after finalizing a Borrower Claim List.  Where the Borrower has provided an email address on its Proof(s) of Claim, the Debtors may email the Borrower the Request Letter from their Borrower Claim administration email account (the "**Borrower Claim Account**"), and shall copy the Special Counsel to the Committee on such email.  If the Borrower does not provide an email address by which the Debtors may contact such Borrower, the Debtors shall mail to the Borrower, via First Class U.S. Mail, a hard copy of the Request Letter, and send a copy by email of such letter to the Special Counsel to the Committee.  In the hard copy Request Letter, the Debtors shall provide the Borrower with the Debtors' Borrower Claim Account to allow the Borrower to respond electronically if the Borrower so chooses.  The Debtors, in their discretion or at the request of Special Counsel to the Committee, may attempt to contact a Borrower by phone as a follow up to the written request, or with Debtors' prior consent, Special Counsel to the Committee may do so in order to facilitate the analysis and resolution of Borrower Claims.

(iv) With regard to those Claims on a final Borrower Claim List that were filed with supporting documentation, to the extent the Debtors deem it useful to conduct further analysis of any such Borrower Claim or at the request of Special Counsel to the Committee, the Debtors shall, prior to filing an objection to a Borrower Claim and/or an Omnibus Claims Objection to Borrower Claims based on one or more of the Special Objection Grounds, after notice to and consultation with the Special Counsel to the Committee, use reasonable efforts to contact the holders of such claims, including the mailing, or emailing, where appropriate, of a Request Letter to such Borrower, or counsel thereto if known, in an attempt to obtain additional information regarding the factual and legal basis of the asserted Borrower Claim.

The Debtors shall copy the Special Counsel to the Committee on the Request Letter issued under subsections (iii) or (iv), whether mailed or emailed, and, among other things, shall inform the Borrower in the Request Letter that the Borrower may contact the

Special Counsel to the Committee for consultation, if desired, to assist the Borrower in his or her efforts to provide additional information to be used by the Debtors in their analysis of the Borrower Claim. Such consultation, however, shall not include any legal advice. Moreover, the Debtors, in their discretion, may attempt to contact a claimant by phone as a follow up to the written request, or with Debtors' prior consent, Special Counsel to the Committee may do so.

(v)  The Debtors shall notify the Special Counsel to the Committee if they are unable to obtain supporting documentation from a Borrower within thirty (30) days of requesting same under either subsection (iii) or (iv) above.

(vi)  The Debtors, in their sole discretion but after consulting with Special Counsel to the Committee (or, the Special Counsel to the Committee, as requested by and with the consent of the Debtors), may make an offer of settlement to the Borrower as to the allowed amount of the Borrower Claim in accordance with subsections (vii), (viii), and (ix) herein. If a Borrower rejects, or does not accept, the offer within fourteen (14) days after being offered the settlement, then the Debtors, in accordance with subsection (x) herein, may include such Borrower Claims in an Omnibus Claims Objection filed by the Debtors pursuant to the applicable Bankruptcy Rules and this Motion, and shall notify Special Counsel to the Committee that such Borrower has not accepted the proposed settlement.

(vii)  The Debtors will be authorized to settle any and all Borrower Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Borrower Claim, including, but not limited to, Borrower Claims marked as contingent, disputed or unliquidated on the Schedules is less than or equal to $50,000.

(viii)  The Debtors will be authorized to settle any and all Borrower Claims asserted against the Debtors without prior approval of the Court whenever (a) the aggregate amount to be allowed for an individual Borrower Claim, including, but not limited to, Borrower Claims marked as contingent, disputed or unliquidated on the Schedules is greater than $50,000 but less than $250,000, *provided however*, that the Debtors will submit the proposed borrower settlement (the "**Borrower Settlement**") to the Creditors' Committee and Special Counsel to the Committee, together with (1) the names of the parties with whom the Debtors have settled, (2) the relevant Proofs of Claim numbers, (3) the types of

5

Borrower Claims asserted by each borrower, (4) the amounts for which such Borrower Claims have been settled and (5) copies of any proposed settlement agreement or other documents supporting the proposed settlement (collectively, the "**Borrower Settlement Summary**").

Within fourteen (14) days[2] of receiving the proposed Borrower Settlement Summary, or such period of time as otherwise agreed to by the Debtors, the Creditors' Committee, and Special Counsel to the Committee (the "**Borrower Objection Deadline**"), the Creditors' Committee and/or Special Counsel to the Committee may submit a written objection to the Borrower Settlement reflected in the Borrower Settlement Summary to counsel to the Debtors (which may be in the form of an email); *provided, however*, that if the Creditors' Committee and/or Special Counsel to the Committee requests additional information regarding a Borrower Settlement prior to the expiration of the Borrower Objection Deadline, the Borrower Objection Deadline shall be suspended until the requested information has been provided. If a timely objection is made by the Creditors' Committee and/or Special Counsel to the Committee, the Debtors may either (a) renegotiate the Borrower Settlement and submit a revised Borrower Settlement Summary to the Creditors' Committee and Special Counsel to the Committee if such revised Borrower Settlement is not less than or equal to $50,000 or (b) file a motion with this Court seeking approval of the Borrower Settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

If no timely objection is made by the Creditors' Committee and/or Special Counsel to the Committee, or if the Debtors receive written approval from the Creditors' Committee and/or Special Counsel to the Committee of the Borrower Settlement prior to the Borrower Objection Deadline (which approval may be in the form of an email from counsel to the Creditors' Committee and/or Special Counsel to the Committee), then the Debtors may proceed with the Borrower Settlement.

(ix)    If a proposed settlement of a Borrower Claim exceeds $250,000, then the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice.

---

[2] Any deadline set in this Motion that falls on a weekend or federal holiday shall be extended to the next business day.

     (x)  Any objection to a Borrower Claim, including, without limitation, any Omnibus Claims Objection to Borrower Claims filed pursuant to the applicable Bankruptcy Rules and this Motion, shall be accompanied by a certification of counsel to the Debtors and Special Counsel to the Committee that, to the extent applicable, the foregoing steps, which were required to be performed by the Debtors and Special Counsel to the Committee, respectively, have been taken, and the notice of such objection shall (a) apprise the Borrower of his or her right to appear telephonically at the hearing on such objection, and (b) be accompanied by a copy of the Court's procedures regarding telephonic appearances. The Debtors shall make reasonable efforts to notify Borrowers as soon as practicable concerning any adjournment of the hearing to consider the objection to their Borrower Claims.

ORDERED that the Debtors, and other parties in interest, are authorized to file Omnibus Claims Objections to no more than 150 Claims at a time on the Permitted Grounds; and it is further

ORDERED that, except as expressly provided herein, the Debtors, and other parties in interest, shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e); and it is further;

ORDERED that any order sustaining an Omnibus Claims Objection shall be a final order with respect to each Claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each Claim; and it is further

ORDERED that the Debtors are authorized to serve a Claim Objection Notice, rather than the entire Omnibus Claims Objection, on each claimant whose Claim is the subject of the applicable Omnibus Claims Objection and, if known, its counsel. The Claim Objection Notice shall be in a form substantially similar to the notice attached hereto as Exhibit A, shall be personalized for each claimant, and shall include an explanation of the claim objection process, a description of the basis of the Omnibus Claims Objection, information regarding the response deadline and hearing date, identification of the Claim that is the subject of the Omnibus Claims

Objection, and information on how the claimant might obtain a complete copy of the Omnibus Claims Objection. The Debtors retain the right to serve Omnibus Claims Objections in their entirety in appropriate circumstances as determined in the Debtors' sole discretion; and it is further

ORDERED that the Debtors shall file all individual claim objections and Omnibus Claims Objections with this Court to be made publicly available on the docket through PACER and for free on the website of Kurtzman Carson Consultants, LLC, the Debtors' approved notice and claims agent. Notice of such objections shall be limited to: (a) service of a complete copy of each claim objection (whether an Omnibus Claims Objection or an individual claim objection) on the Notice Parties; (b) with respect to Omnibus Claims Objections, service of a Claim Objection Notice on the claimant whose Claim is the subject of the applicable Omnibus Claims Objection and its counsel, if known; and (c) with respect to individual claim objections, service of a complete copy of each individual objection on the claimant whose claim is the subject of the applicable individual claim objection and its counsel, if known; and it is further

ORDERED that responses to the Debtors' individual claim objections and Omnibus Claims Objections shall be filed with the Court and served on the requisite parties on or before 4:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) calendar days after mailing of the Claim objection, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day, and the Debtors shall be permitted to file a reply to any such response (including by submitting evidence in opposition to such response and the related Claims(s)) by 12:00 p.m. (Prevailing Eastern Time) on the date that is two (2) business days prior to the hearing scheduled on such Omnibus Claims Objection; *provided, however*, that the Debtors reserve the right to request that the Court impose

an alternative response date or grant expedited consideration with respect to certain objections, if the circumstances so require for good cause shown, which may result in shortened notice of both the hearing date and the response deadline provided further, however, that with respect to an Omnibus Claims Objection to Borrower Claims responses shall be due thirty (30) calendar days after mailing of the objection or Claim Notice, unless such date falls on a Saturday, Sunday or federal holiday, in which case responses will be due on the subsequent business day; and it is further

ORDERED that if a claimant whose Claim is subject of an Omnibus Claims Objection or an individual Claim objection is properly served and does not file and serve a timely response in compliance with the Claim Objection Procedures, the Court may sustain the Omnibus Claims Objection with respect to such Claim without further notice or a hearing; and it is further

ORDERED that upon receipt of a timely response to an Omnibus Claims Objection, if the Debtors determine that discovery is necessary in advance of a hearing on the matter, the Debtors will serve notice on the affected claimant and its counsel of record and the Notice Parties that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate discovery and resolution of the Claim.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice; and it is further

ORDERED that the filing of an individual claim objection or an Omnibus Claims Objection shall be without prejudice to the right of the Debtors or other party in interest to object to any of the Claims addressed therein (or to any other Claims filed by the same claimants) on other grounds; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019(b), the following Settlement Procedures are approved:

(i) The Debtors will be authorized to settle any and all Claims asserted against the Debtors without prior approval of the Court or any other party in interest whenever (a) the aggregate amount to be allowed for an individual Claim, including, but not limited to, Claims marked as contingent, disputed or unliquidated on the Schedules (the "**Settlement Amount**") is less than or equal to $500,000 or (b) the difference (the "**Claim Difference**") between the Settlement Amount and the amount of the Scheduled Claim, to the extent such Claim has not been designated as contingent, disputed, or unliquidated on the Schedules and without giving effect to any modification to the Schedules pursuant to an Omnibus Amendment Motion (defined below), does not exceed $500,000 without regard to any unliquidated amounts asserted by such claimant (any settlement amount within (a) or (b) being a "**De Minimis Settlement Amount**" and such settlement being a "**De Minimis Settlement**"); *provided*, *however*, that if a Settlement Amount or Claim Difference contains any administrative expense, priority, or secured amounts in an aggregate amount greater or equal to $50,000, then such settlement shall not be a De Minimis Settlement Amount, and shall be subject to the procedures set forth in subparagraph (iii) below.

(ii) Notwithstanding subparagraph (i) above, if the Settlement Amount and Claim Difference are $1 million or less, but the claimant with whom the Debtors wish to settle is an insider of the Debtors within the meaning of section 101(31) of the Bankruptcy Code, or an affiliate of the Debtors within the meaning of section 101(2) of the Bankruptcy Code, the Debtors shall either (i) file a motion with the Court seeking approval of the proposed settlement under Bankruptcy Rule 9019 on twenty-one (21) days' notice, or (ii) submit a Settlement Summary (as defined below) to the Creditors' Committee and, if the Creditors' Committee approves the proposed settlement pursuant to the Committee Approval Procedures (as defined below), seek approval of the proposed settlement from the Court by notice of presentment.

(iii) If the Settlement Amount or Claim Difference is not a De Minimis Settlement Amount but is to be allowed either (i) as a prepetition general unsecured, nonpriority claim less than $15 million, or (ii) a secured claim, an administrative expense claim, or a priority claim greater than $50,000 but less than $250,000 without regard to any unliquidated amounts asserted by such claimant, then the Debtors will submit the proposed settlement to the Creditors' Committee,

10

together with (1) the names of the parties with whom the Debtors have settled, (2) the relevant Proofs of Claim numbers, (3) the types of Claims asserted by each such party, (4) the amounts for which such Claims have been settled and (5) copies of any proposed settlement agreement or other documents supporting the proposed settlement (the "**Settlement Summary**").

Within fourteen (14) days[3] of receiving the proposed Settlement Summary, or such period of time as otherwise agreed to by the Debtors and the Creditors' Committee (the "**Objection Deadline**"), the Creditors' Committee may submit a written objection to the proposed Settlement reflected in the Settlement Summary to counsel to the Debtors (which may be in the form of an email); *provided, however*, that if the Creditors' Committee requests additional information regarding a proposed Settlement prior to the expiration of the Objection Deadline, the Objection Deadline shall be suspended until the requested information has been provided. If a timely objection is made by the Creditors' Committee, the Debtors may either (x) renegotiate the settlement and submit a revised Settlement Summary to the Creditors' Committee if such revised settlement is not a De Minimis Settlement Amount or (y) file a motion with the Court seeking approval of the existing settlement under Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice (the "**Committee Approval Procedures**"). If no timely objection is made by the Creditors' Committee or if the Debtors receive written approval from the Creditors' Committee of the proposed settlement prior to the Objection Deadline (which approval may be in the form of an email from counsel to the Creditors' Committee), then the Debtors may proceed with the settlement.

(iv)     If the Settlement Amount or Claim Difference is not a De Minimis Settlement Amount but is to be allowed either (i) as a prepetition general unsecured, nonpriority claim greater than or equal to $15 million, or (ii) a secured claim, an administrative expense claim, or a priority claim greater than or equal to $250,000, then the Debtors will be required to seek the approval of this Court by way of a motion pursuant to Bankruptcy Rule 9019 on no less than twenty-one (21) days' notice; *provided*, *however*, the Debtors shall consult with the Creditors' Committee as soon as practicable upon the commencement of any negotiation process that the Debtors expect will culminate in a settlement in a Settlement Amount or Claim Difference equal or greater to $15 million with respect to a prepetition general unsecured, nonpriority claim, or equal or

---

[3] Any deadline set in this Order that falls on a weekend or federal holiday shall be extended to the next business day.

11

greater to $250,000 with respect to a secured claim, an administrative expense claim, or a priority claim.

(v) The types of Claims that may be settled pursuant to these Settlement Procedures include: (a) secured claims; (b) administrative expense claims under section 503(b) of the Bankruptcy Code; (c) other priority claims under section 507(a) of the Bankruptcy Code; and (d) general unsecured claims.

(vi) The Debtors may issue releases to settling claimants and/or creditors as a part of any settlements entered into pursuant to the Settlement Procedures, without prior approval of the Court or any party in interest in these cases, if such release is limited in (a) scope to matters arising from or related to the Claim(s) being settled, and (b) applicability to the settling claimant(s) and or creditor(s), and does not apply to such settling claimants' or settling creditors' non-settling affiliates, insiders, employees, directors, officers, representatives, or agents, or any other parties. If the release which the Debtors wish to issue is broader than as described in either (a) or (b), the Debtors shall submit a Settlement Summary to the Creditors' Committee and the Committee Approval Procedures shall apply.

(vii) On a quarterly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will file with the Court and serve, in accordance with the procedures set forth in the order entered May 23, 2012 governing case management and administrative procedures [Docket No. 141] (the "**Case Management Order**"), a report of all settlements of Claims into which the Debtors have entered during the previous quarter pursuant to the Settlement Procedures, but will not report settlements if they are the subject of a separate motion pursuant to Bankruptcy Rule 9019. Such reports will set forth the names of the parties with whom the Debtors have settled, the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, the amounts for which such Claims have been settled, and whether the Claim was settled as a secured claim; administrative expense claim under section 503(b) of the Bankruptcy Code; priority claim under section 507(a) of the Bankruptcy Code; or general unsecured claim.

(viii) On a monthly basis, beginning 105 days after approval of these Settlement Procedures, the Debtors will provide to counsel to the Creditors' Committee a report of all De Minimis Settlements into which the Debtors have entered during the previous month pursuant to these Settlement Procedures. Such reports will set forth the names of the parties with whom the Debtors have settled,

12

        the relevant Proofs of Claim numbers, the types of Claims asserted by each such party, the terms and amounts for which such Claims have been settled, and whether the Claim was settled as a secured claim; administrative expense claim under section 503(b) of the Bankruptcy Code; priority claim under section 507(a) of the Bankruptcy Code; or general unsecured claim.

  (ix)    Under the Settlement Procedures, the Debtors may settle Claims where some or all of the consideration is being provided by a third party and/or where the Debtors are releasing claims against creditors or third parties provided that the Debtors follow the Committee Approval Procedures when seeking to effectuate such a release; and it is further

ORDERED that, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1009(a), the Schedule Amendment Procedures are approved; and it is further

ORDERED that, the Debtors are hereby authorized, but not directed, to file omnibus motions to amend their Schedules; *provided*, *however*, at least fourteen (14) days prior to filing any Omnibus Amendment Motions, the Debtors shall consult with the Creditors' Committee regarding the Debtors' proposed amendments to the Schedules that will be contained in such Omnibus Amendment Motions; and it is further

ORDERED that the Debtors shall be authorized to serve notice on each claimant whose Claim is the subject of the applicable Omnibus Amendment Motion and, if known, its counsel. This Schedule Amendment Notice shall be in a form substantially similar to the notice attached hereto as <u>Exhibit B</u>, would be personalized for each claimant, and would include an explanation of (i) the claims administration process, (ii) the request for a deemed amendment of Schedules (including identifying the originally scheduled Claim amount and the proposed amended scheduled Claim amount), and (iii) information regarding the response deadline and hearing date. The Debtors shall serve the Schedule Amendment Notice on all affected claimants and, if known, their counsel, at least thirty (30) days in advance of the hearing to be held thereon, and claimants as to whose scheduled amounts the Debtors seek to amend shall respond, if at all,

to Omnibus Amendment Motions by no later than 4:00 p.m. (Prevailing Eastern Time) on the date that is twenty-one (21) days after the date the Debtors file and serve the relevant Omnibus Amendment Motion, unless such date falls on a Saturday, Sunday or federal holiday, in which case the deadline would be 4:00 p.m. (Prevailing Eastern Time) on the subsequent business day. The Debtors shall be permitted to file a reply to any such response by 12:00 p.m. (Prevailing Eastern Time) on the date that is two (2) business days prior to the hearing scheduled on such Omnibus Amendment Motion. Alternatively, the Debtors may adjourn the hearing thereon, or may adjourn the hearing solely with respect to such responding claimant(s); and it is further

ORDERED that, the Debtors are authorized to provide notice of Omnibus Amendment Motions: (a) by service of a complete copy upon (i) the U.S. Trustee, and (ii) Creditors' Committee's counsel; and (b) by service of such motion on the claimants whose claims are the subject of the applicable motion and their counsel, if known. The Court finds that such service is sufficient and no additional notice or service is required. To the extent a party in interest requests a copy of any of the aforementioned documents, the Debtors and their notice and claims agent will provide that party with a complete copy of the documents; and it is further

ORDERED that, absent further order of the Court, any Claims filed by (i) the RMBS Trustees (as defined in the *Stipulation And Order Permitting Certain Parties To File Proofs Of Claim After The Bar Date* [Docket No. 2095] or (ii) or on behalf of a putative class of claimants shall not be subject to the Omnibus Claims Objections Procedures but shall be subject to the Settlement Procedures; <u>provided</u>, that this Order is without prejudice to the right of the Debtors to seek approval of additional omnibus claims objection procedures with respect to any such Claims; and it is further

14

ORDERED that nothing in this Order or the procedures approved herein shall apply to the Claims of Ally Financial Inc. and its non-Debtor subsidiaries and affiliates, including Ally Bank; <u>provided</u>, <u>however</u>, that nothing herein restricts in any manner the right of the Debtors and other parties in interest to object to such Claims, and any resolution of such Claims shall be brought before the Court on notice pursuant to Bankruptcy Rule 9019 or pursuant to a chapter 11 plan; and it is further

ORDERED that, the Debtors expressly reserve the right to seek approval of procedures supplementing the relief granted in this Order or any other applicable order of the Court and the Bankruptcy Rules, including, but not limited to, additional procedures governing discovery or the conduct of contested matters with respect to any disputed Omnibus Claims Objection; and it is further

ORDERED that, the Debtors and their notice and claims agent, as well as the Clerk of the Court, are authorized to take all such actions as are necessary and appropriate to implement and effectuate the terms of this Order, including updating the official claims register to provide a record of the settlement of any Claims effected pursuant to the Settlement Procedures approved by this Order; and it is further

ORDERED that nothing in this Order shall obligate the Debtors to settle, or pursue settlement, of any particular Claim or Claims.  All settlements of claims may be negotiated and compromised by the Debtors within their sole discretion, subject to the Settlement Amount and Claim Difference set forth herein; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claim asserted against any of the Debtors in these cases; and it is further

ORDERED that entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that this Order shall be enforceable and effective immediately upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: March 21, 2013
      New York, New York

                                                /s/Martin Glenn
                                                MARTIN GLENN
                                    United States Bankruptcy Judge