## Exhibit 3

## WAREHOUSE CLAIM SETTLEMENT AGREEMENT

### In re: People's Choice Home Loan, Inc., et al (2:12-bk-15811-RK jointly administered with 2:12-bk-16200-RK and 2:12-bk-16201-RK formerly 8:07-10765-RK jointly administered with 8:07-10767-RK and 8:07-10772-RK)

This Settlement Agreement (the "Settlement Agreement") is entered into by and between Ronald F. Greenspan, in his representative capacity as the Trustee (the "Liquidating Trustee") of the Liquidating Trust (the "PCHLI Trust") of People's Choice Home Loan, Inc ("PCHLI"), the Liquidating Trust (the "PCFI Trust") of People's Choice Funding, Inc. ("PCFI") and the Liquidating Trust (the "PCFC Trust") of People's Choice Financial Corporation ("PCFC") (the PCHLI Trust, the PCFI Trust and the PCFC Trust, collectively, the "PC Trusts"), on the one hand, and Residential Funding Company, LLC (formerly known as Residential Funding Corporation) ("Claimant" or "RFC"), on the other hand, by and through those parties or their counsel, and is based on the following recitals:

## RECITALS

A.      On or about March 20, 2007 (the "Petition Date"), each of PCHLI, PCFI and PCFC (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Cases") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "PC Bankruptcy Court").

B.      On May 14, 2012, RFC and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "RFC Bankruptcy Court"). RFC's bankruptcy case, which was assigned case number 12-12019, is jointly administered under the bankruptcy case of Residential Capital, LLC, which was assigned case number 12-12020 (the "RFC Bankruptcy Case").

C.      On or about August 6, 2008, the PC Bankruptcy Court entered an order (the "Confirmation Order") confirming the Committee's First Amended Liquidating Plan under Chapter 11 of the Bankruptcy Code (the "Plan"). The Plan became effective on or about August 12, 2008. On the effective date of the Plan, and subject to the terms and conditions of the Plan and Confirmation Order, among other things, the Liquidating Trust Agreement for each of the PC Trusts (collectively, "Liquidating Trust Agreement") became effective, and the Liquidating Trustee began to manage and administer the PC Trusts subject to the terms and conditions of the Liquidating Trust Agreements.

D.      Pursuant to the Plan, and subject to the terms and conditions of the Plan, the Confirmation Order and the Liquidating Trust Agreements, the Liquidating Trustee is directed to administer the PC Trusts by, among other things, (i) reducing remaining property to cash, (ii) evaluating claims against the Debtors and objecting to, allowing or otherwise resolving such claims, (iii) evaluating and pursuing, releasing or otherwise resolving affirmative relief against third-parties, and (iv) making distributions of cash to Beneficiaries under and as defined in the Liquidating Trust Agreements.

E.      RFC made loans, advances or otherwise extended financial accommodations to
PCHLI and PCFI pursuant to the Second Amended and Restated Warehousing Credit and
Security Agreement dated as of December 28, 2004 (as amended, modified or otherwise
supplemented, the "Warehouse Credit Agreement") by and among RFC, PCHLI and PCFI.
PCFC guaranteed the indebtedness of PCHLI and PCFI under the Warehouse Credit Agreement,
pursuant to the Guaranty dated as of December 28, 2004 (the "Guaranty").  To secure payment
of the obligations under the Warehouse Credit Agreement, PCHLI and PCFI granted RFC a
security interest in, among other collateral, certain mortgage loans (the "Pledged Loans").

F.      On May 22, 2007, RFC conducted a public sale (the "Public Sale") of the Pledged
Loans.  At the Public Sale, the Pledge Loans were sold for $210,552,049.48, resulting in a
deficiency (per RFC) of $48,086,878.67.

G.      On March 25, 2008, the PC Bankruptcy Court entered an order approving a
Settlement Agreement dated as of February 4, 2008 (the "Secured Claim Settlement
Agreement") between the Debtors and RFC and its affiliate Homecomings Financial, LLC
("Homecomings") in which the parties, for an agreed upon payment of $725,000.00 from the
Debtors to RFC (the "Settlement Payment"), settled certain secured claims of RFC and
Homecomings against the Debtors and certain rights and obligations of RFC and Homecomings
under the *Stipulation re Adequate Protection Pursuant to Sections 361 and 363 of the
Bankruptcy Code; Final Order Thereon entered April 30, 2007* (the "Adequate Protection
Stipulation"), in which RFC, Homecomings and other Adequate Protection Parties, as such term
is defined in the Adequate Protection Stipulation, had been granted replacement liens to the
extent they each could establish that the Debtors' cash on hand as of the Petition Date constitutes
an "interest of an entity in property" pursuant to section 361 and/or "cash collateral" pursuant to
section 363 of the Bankruptcy Code.

H.      PCHLI as Seller and RFC as Purchaser entered into (i) a "Client Contract" dated
July 19, 2000, (ii) a Mortgage Loan Purchase and Sale Agreement dated as of September 1, 2006
and (iii) other related documents (collectively, the "Purchase Agreements").

I.      On April 7, 2008, Claimant filed an amended proof of claim (the "PCHLI Proof
of Claim") in PCHLI's chapter 11 case against PCHLI identified as Claim No. 508 (the "PCHLI
Claim") in the amount of $90,312,824.79, comprised of (i) $48,086,878.67 relating to certain
alleged obligations of PCHLI and PCFI under the Warehouse Credit Agreement (the
"Warehouse Claim"), (ii) $42,079,121.08 for damages suffered as a result of alleged breaches
and mortgage loan repurchase obligations of PCHLI under the Purchase Agreements (the
"Repurchase Obligations Claim"), and (iii) an additional $146,825.04 in costs in connection with
mortgage loan sales to RFC (the "Additional Costs Claim").  Claimant asserted that $725,000
was a secured claim (the "RFC Secured Claim") for the unpaid Settlement Payment (in the
PCHLI Claim, Claimant states that at the time it filed such claim Claimant had not received the
Settlement Payment of $725,000 from PCHLI pursuant to the Secured Claim Settlement
Agreement, although, as discussed in paragraph K below, such payment was made by PCHLI on
the date such claim was filed).  Claim No. 508 amended and superseded Claim No. 404 filed by
RFC in the PCHLI Case on August 30, 2007.

J.      Also on April 7, 2008, Claimant filed an amended proof of claim (the "PCFI
Proof of Claim") in PCFI's chapter 11 case identified as Claim No. 119 (the "PCFI Claim")

2

asserting the RFC Secured Claim and Warehouse Unsecured Claim. Claim No. 119 amended and superseded Claim No. 103 filed by RFC in the PCFI Case on August 30, 2007.

K.    Additionally on April 7, 2008, Claimant filed an amended proof of claim (the "PCFC Proof of Claim," and collectively with the PCHLI Proof of Claim and the PCFI Proof of Claim, the "Proofs of Claim") in PCFC's chapter 11 case identified as Claim No. 127 (the "PCFC Claim," and collectively with the PCHLI Claim and the PCFI Claim, the "Claims") claiming under the Guaranty (the "Guaranty Claim") unsecured amounts equal to the RFC Secured Claim and Warehouse Unsecured Claim collectively. Claim No. 127 amended and superseded Claim No. 112 filed by RFC in the PCFC Case on August 30, 2007.

L.    Further on April 7, 2008, PCHLI paid the Settlement Payment of $725,000.00 to RFC pursuant to the Secured Claim Settlement Agreement and the Court order approving the Settlement Agreement to settle the secured obligations of the Debtors to RFC and Homecomings set forth in the Secured Claim Settlement Agreement. Such Settlement Payment satisfied the RFC Secured Claim asserted in each of PCHLI Proof of Claim and PCFI Proof of Claim and reduced the claimed amount under the PCFC Proof of Claim by the amount of such payment. As a result of the Settlement Payment, the remaining general unsecured Warehouse Claim was $47,361,878.67.

M.    The Debtors and subsequently the Liquidating Trustee requested additional information and documents in support of the Proofs of Claim, including *inter alia* the Warehouse Unsecured Claim, and the parties have negotiated in good faith to resolve the Claims and objections of the Liquidating Trustee thereto. The terms of the parties' agreement with respect to the Warehouse Unsecured Claim are memorialized below. As discussed above, the RFC Secured Claim was previously settled. The Repurchase Obligation Claim and Additional Cost Claim are not addressed in this Settlement Agreement, and are the subject of an entirely separate settlement agreement between the PC Trusts and RFC.

N.    The parties hereto acknowledge that the Claimant shall not be entitled to interest on its Warehouse Unsecured Claim from and after the Petition Date, which interest totals $3,279,320.12.

## TERMS

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.    Recitals Acknowledged. The foregoing recitals are true and correct to the best of the parties' knowledge, and are hereby adopted by the parties.

2.    Allowance of General Unsecured Claim. The PC Trusts and Claimant hereby agree that Claim No. 119 against PCFI, Claim No. 127 against PCFC and the Warehouse Unsecured Claim portion of Claim No. 508 against PCHLI shall each be reduced and each allowed as general, unsecured, non-priority claims under the Debtors' Plan each in the amount of $44,082,558.55 (the "Allowed Warehouse Unsecured Claim"). For the avoidance of doubt, the Claimant shall have three such separate allowed claims under the Plan.

3.      Amendment to Proofs of Claim. This Settlement Agreement serves as Claimant's "Amended Claim" with respect to each of the PCFI Proof of Claim, the PCFC Proof of Claim and the Warehouse Unsecured Claim portion of the PCHLI Proof of Claim. After the Effective Date, the Trustee will update the claims management database to reflect the allowance of the Amended Claims and will provide a copy of the Settlement Agreement to Kurtzman Carson Consultants LLC, the Debtors' Claims Agent. No further action need be taken by Claimant with respect to its Proofs of Claim or the Amended Claims. By signing this Settlement Agreement, Claimant agrees and warrants that the Amended Claims, deemed allowed by this Settlement Agreement, are the sole claim that Claimant has, could assert, and will assert against the Liquidating Trustee, the Debtors, and/or the PC Trusts with respect to the PCFI Claim, the PCFC Claim and the Warehouse Unsecured Claim portion of the PCHLI Claim.

4.      Effective Date of this Settlement Agreement. This Settlement Agreement shall become effective and binding upon approval by both the PC Bankruptcy Court in the Debtors' Cases and the RFC Bankruptcy Court in the RFC Bankruptcy Case (the "Effective Date"). This Settlement Agreement shall be of no force and effect until both such approvals are obtained.

5.      Authority. By signing this Settlement Agreement, each of the parties hereto represents that, subject to the PC Bankruptcy Court and the RFC Bankruptcy Court approval, as applicable, it has the full authority and power to enter into this Settlement Agreement and this Settlement Agreement is the legal, valid and binding obligation thereof.

6.      Ownership of Claims, No Conflicts. Each Party represents that it is the sole and exclusive owner of all rights, interests, and claims being transferred, conveyed, released or compromised by it pursuant to this Settlement Agreement, subject to any lien (a "Lien") on such rights, interests or claims, if any, that may heretofore have been granted by such Party. Neither the execution and delivery of this Agreement by such Party nor the transfer, conveyance, release or compromise of such Party's rights, interests, and claims in accordance herewith shall require the approval or consent of the holder of any Lien or violate, conflict with, or constitute a default under or breach of any obligation of such Party with respect to such Lien. Each Party shall indemnify the other Party from and against any losses, claims or liabilities arising out of the breach of the representations by such Party in this Section..

7.      Binding on Successors. This Settlement Agreement is intended by the parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary or affiliated entity of each party.

8.      Negotiation of Agreement. Each of the parties and their respective counsel has participated in the negotiation of the terms of this Settlement Agreement. All parties hereto represent and warrant that they have carefully read and fully understand all of the provisions of this Settlement Agreement and that they have voluntarily and knowingly signed this Settlement Agreement. This Settlement Agreement shall not be construed for or against either party based on the extent of either party's involvement with its drafting.

9.      Entire Agreement. This Settlement Agreement is the entire agreement between the parties with respect to the subject matter hereof. This Settlement Agreement supersedes all prior and contemporaneous oral and written agreements and discussions among the parties concerning the subject matter of this Settlement Agreement.

DOCS_LA:254016.9 30395/005

10.    Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the law of the State of California, without regard to the principles thereof regarding conflicts of laws. The parties agree that the PC Bankruptcy Court shall have exclusive jurisdiction to determine all matters relating to this Settlement Agreement, other than any matters related to the RFC Bankruptcy Court's consideration and approval of this Settlement Agreement, and consent to venue in such Court.

11.    Counterparts and Signatures. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument. Facsimile signatures, or signatures transferred in PDF format, shall be treated as original signatures for all purposes.

12.    Attorneys' Fees. Each party shall bear its or their own attorneys' fees, court costs and related expenses incurred by or on behalf of said party in connection with this Settlement Agreement.

13.    Headings. Headings within this Settlement Agreement are for convenient reference only and have no effect in limiting or extending the language of the provisions to which they refer.

Dated: November 14, 2012

_Ronald F. Greenspan_
Ronald F. Greenspan
as Trustee of the PCHLI, PCFI and PCFC
Liquidating Trusts

Dated: November ___, 2012

_____

as _____ of Residential Funding Company, LLC

Approved as to form:
This 19th day of November 2012:

Pachulski Stang Ziehl & Jones LLP

By _____
    Stanley E. Goldich
Attorneys for the Liquidating Trustee

Approved as to form:
This _____ day of November 2012:

Faegre Baker Daniels LLP

DOCS_LA:254016.9 30395/005

10.    Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the law of the State of California, without regard to the principles thereof regarding conflicts of laws. The parties agree that the PC Bankruptcy Court shall have exclusive jurisdiction to determine all matters relating to this Settlement Agreement, other than any matters related to the RFC Bankruptcy Court's consideration and approval of this Settlement Agreement, and consent to venue in such Court.

11.    Counterparts and Signatures. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument. Facsimile signatures, or signatures transferred in PDF format, shall be treated as original signatures for all purposes.

12.    Attorneys' Fees. Each party shall bear its or their own attorneys' fees, court costs and related expenses incurred by or on behalf of said party in connection with this Settlement Agreement.

13.    Headings. Headings within this Settlement Agreement are for convenient reference only and have no effect in limiting or extending the language of the provisions to which they refer.

Dated: November ___, 2012

_____
Ronald F. Greenspan
as Trustee of the PCHLI, PCFI and PCFC
Liquidating Trusts

Dated: November _14_, 2012

_Deanna Horst_____

as _SVP_____ of Residential Funding Company, LLC

Approved as to form:
This _____ day of November 2012:

Pachulski Stang Ziehl & Jones LLP

By _____

_____
Attorneys for the Liquidating Trustee

Approved as to form:
This _16th_ day of November 2012:

Faegre Baker Daniels LLP

5

By _____

Attorneys for Claimant

DOCS_LA:254016.9 30395/005

## REPURCHASE CLAIM SETTLEMENT AGREEMENT

In re: People's Choice Home Loan, Inc., et al (8:07-10765-RK jointly administered with
8:07-10767-RK and 8:07-10772-RK)

This Settlement Agreement (the "Settlement Agreement") is entered into by and between Ronald F. Greenspan, in his representative capacity as the Trustee (the "Liquidating Trustee") of the Liquidating Trust (the "PCHLI Trust") of People's Choice Home Loan, Inc ("PCHLI"), the Liquidating Trust (the "PCFI Trust") of People's Choice Funding, Inc. ("PCFI") and the Liquidating Trust (the "PCFC Trust") of People's Choice Financial Corporation ("PCFC") (the PCHLI Trust, the PCFI Trust and the PCFC Trust, collectively, the "PC Trusts"), on the one hand, and Residential Funding Company, LLC (formerly known as Residential Funding Corporation) ("Claimant" or "RFC"), on the other hand, by and through those parties or their counsel, and is based on the following recitals:

### RECITALS

A.    On or about March 20, 2007, each of PCHLI, PCFI. and PCFC (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Cases") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "PC Bankruptcy Court").

B.    On May 14, 2012, RFC and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "RFC Bankruptcy Court"). RFC's bankruptcy case, which was assigned case number 12-12019, is jointly administered under the bankruptcy case of Residential Capital, LLC, which was assigned case number 12-12020 (the "RFC Bankruptcy Case").

C.    On or about August 6, 2008, the PC Bankruptcy Court entered an order (the "Confirmation Order") confirming the Committee's First Amended Liquidating Plan under Chapter 11 of the Bankruptcy Code (the "Plan"). The Plan became effective on or about August 12, 2008. On the effective date of the Plan, and subject to the terms and conditions of the Plan and Confirmation Order, among other things, the "Liquidating Trust Agreement" for each of the PC Trusts became effective, and the Liquidating Trustee began to manage and administer the PC Trusts subject to the terms and conditions of the Liquidating Trust Agreements.

D.    Pursuant to the Plan, and subject to the terms and conditions of the Plan, the Confirmation Order and the Liquidating Trust Agreement, the Liquidating Trustee is directed to administer the PC Trusts by, among other things, (i) reducing remaining property to cash, (ii) evaluating claims against the Debtors and objecting to, allowing or otherwise resolving such claims, (iii) evaluating and pursuing, releasing or otherwise resolving affirmative relief against third-parties, and (iv) making distributions of cash to Beneficiaries under and as defined in the Liquidating Trust Agreements.

E.    PCHLI as Seller and RFC as Purchaser entered into (i) a "Client Contract" dated July 19, 2000, (ii) a Mortgage Loan Purchase and Sale Agreement dated as of September 1, 2006 and (iii) other related documents (collectively, the "Purchase Agreements"). Pursuant to the Purchase Agreements, RFC agreed to purchase certain mortgage loans (the "Mortgage Loans")

from PCHLI, subject to repurchase obligations (the "Repurchase Obligations"). The Purchase Agreements set forth various conditions, i.e. an early payment default ("EPD"), under which PCHLI is required to repurchase the Mortgage Loans from RFC. PCHLI also made other representations, warranties and covenants to RFC pertaining to the Mortgage Loans sold by PCHLI to RFC where a breach required PCHLI to repurchase the Mortgage Loans (a "Representation or Warranty Breach").

F.    On April 7, 2008, Claimant filed an amended proof of claim in PCHLI's chapter 11 case (the "Proof of Claim") identified as Claim No. 508 in the total amount of $90,312,824.79 asserting a secured claim against PCHLI in the amount of $725,000 (the "RFC Secured Claim") and a general unsecured claim against PCHLI in the amount of $89,587,824.79, comprised of (i) $47,361,878.67 relating to certain alleged Credit Agreement Obligations of PCHLI (the "Warehouse Unsecured Claim"), (ii) $42,079,121.08 for damages suffered as a result of alleged breaches and Repurchase Obligations of PCHLI under the Purchase Agreements (the "Repurchase Obligations Claim"), and (iii) an additional $146,825.04 in costs in connection with Mortgage Loan sales to RFC (the "Additional Costs Claim"). Claim No. 508 amended and superseded Claim No. 404 filed by RFC on August 30, 2007.

G.    The Debtors and subsequently the Liquidating Trustee requested additional information and documents in support of the Proof of Claim, including *inter alia* the validity of the asserted breaches and the appropriateness and amount of the asserted losses and claims with respect to Repurchase Obligations Claim, and the parties have negotiated in good faith to resolve the Proof of Claim and objections of the Liquidating Trustee thereto. The terms of the parties' agreement with respect to the Repurchase Obligations Claim and the Additional Costs Claim are memorialized below. The RFC Secured Claim was previously settled and the Warehouse Unsecured Claim is not addressed in this Settlement Agreement and is the subject of an entirely separate settlement agreement between the PC Trusts and RFC that also involves Claim Nos. 119 and 127 filed by RFC against PCFI and PCFC respectively.

H.    Based on the Liquidating Trustee's review of the Proof of Claim and information and documentation provided by Claimant in support of the asserted Representation and Warranty Breaches and EPDs and the amount of damages incurred by Claimant relating thereto, the Liquidating Trustee determined that the Allowed RFC Repurchase Claim (defined below) should be allocated to the Mortgage Loans and in the amounts as set forth below and in **Exhibit A** hereto.

## TERMS

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.    Recitals Acknowledged. The foregoing recitals are true and correct to the best of the parties' knowledge, and are hereby adopted by the parties.

2.    Allowance of General Unsecured Claim. The PC Trusts and Claimant hereby agree that the Repurchase Obligations Claim and Additional Costs Claim portions of Claim No. 508 shall be reduced and allowed as a general, unsecured, non-priority claim against PCHLI under the Debtors' Plan in the total amount of $21,321,618 (the "Allowed RFC Repurchase Claim"), $21,174,793 for the Repurchase Obligations Claim and $146,825 for the Additional

2

Costs Claim. The Repurchase Obligations Claim portion of the Allowed RFC Repurchase Claim shall be allocated to the Mortgage Loans and in the amounts set forth in **Exhibit A** hereto which sets forth the agreed amount of the Claimant's damages for each of the identified Mortgage Loans.

      3.     <u>Amendment to Proof of Claim</u>. This Settlement Agreement serves as Claimant's "Amended Claim" with respect to the Repurchase Obligations Claim and the Additional Costs Claim. After the Effective Date, the Trustee will update the claims management database to reflect the allowance of the Amended Claim against PCHLI in the amount of $21,321,618 and will provide a copy of the Settlement Agreement to Kurtzman Carson Consultants LLC, the Debtors' Claims Agent. No further action need be taken by Claimant with respect to its Proof of Claim or the Amended Claim with respect to the Repurchase Obligations Claim and the Additional Costs Claim portions of Claim No. 508. By signing this Settlement Agreement, Claimant agrees and warrants that the Amended Claim, deemed allowed by this Settlement Agreement, is the sole claim that Claimant has, could assert, and will assert against the Liquidating Trustee, the Debtors, and/or the PC Trusts with respect to the Repurchase Obligations Claim and the Additional Costs Claim.

      4.     <u>Effective Date of this Settlement Agreement</u>. This Settlement Agreement shall become effective and binding upon approval by both the PC Bankruptcy Court in the Debtors' Cases and the RFC Bankruptcy Court in the RFC Bankruptcy Case (the "<u>Effective Date</u>"). This Settlement Agreement shall be of no force or effect until both such approvals are obtained.

      5.     <u>Authority</u>. By signing this Settlement Agreement, each of the parties hereto represents that, subject to PC Bankruptcy Court and RFC Bankruptcy Court approval, as applicable, it has the full authority and power to enter into this Settlement Agreement and this Settlement Agreement is the legal, valid and binding obligation thereof.

      6.     <u>Ownership of Claims, No Conflicts</u>. Each Party represents that it is the sole and exclusive owner of all rights, interests, and claims being transferred, conveyed, released or compromised by it pursuant to this Settlement Agreement, subject to any lien (a "Lien") on such rights, interests or claims, if any, that may heretofore have been granted by such Party. Neither the execution and delivery of this Agreement by such Party nor the transfer, conveyance, release or compromise of such Party's rights, interests, and claims in accordance herewith shall require the approval or consent of the holder of any Lien or violate, conflict with, or constitute a default under or breach of any obligation of such Party with respect to such Lien. Each Party shall indemnify the other Party from and against any losses, claims or liabilities arising out of the breach of the representations by such Party in this Section.

      7.     <u>Binding on Successors</u>. This Settlement Agreement is intended by the parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary or affiliated entity of each party.

      8.     <u>Negotiation of Agreement</u>. Each of the parties and their respective counsel has participated in the negotiation of the terms of this Settlement Agreement. All parties hereto represent and warrant that they have carefully read and fully understand all of the provisions of this Settlement Agreement and that they have voluntarily and knowingly signed this Settlement Agreement. This Settlement Agreement shall not be construed for or against either party based

DOCS_LA:253699.13 30395/005

on the extent of either party's involvement with its drafting.

9.    Entire Agreement.  This Settlement Agreement is the entire agreement between the parties with respect to the subject matter hereof.  This Settlement Agreement supersedes all prior and contemporaneous oral and written agreements and discussions among the parties concerning the subject matter of this Settlement Agreement.

10.    Governing Law.  This Settlement Agreement shall be governed by and construed in accordance with the law of the State of California, without regard to the principles thereof regarding conflicts of laws.  The parties agree that the PC Bankruptcy Court shall have exclusive jurisdiction to determine all matters relating to this Settlement Agreement, other than any matters related to the RFC Bankruptcy Court's consideration and approval of this Settlement Agreement, and consent to venue in such Court.

11.    Counterparts and Signatures.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.  Facsimile signatures, or signatures transferred in PDF format, shall be treated as original signatures for all purposes.

12.    Attorneys' Fees.  Each party shall bear its or their own attorneys' fees, court costs and related expenses incurred by or on behalf of said party in connection with this Settlement Agreement.

13.    Headings.  Headings within this Settlement Agreement are for convenient reference only and have no effect in limiting or extending the language of the provisions to which they refer.

Dated: November 14, 2012

_Ronald F. Greenspan_
Ronald F. Greenspan
as Trustee of the PCHLI, PCFI and PCFC
Liquidating Trusts

Dated: November ___, 2012

_____

as _____ of Residential Funding Company, LLC

Approved as to form:
This 17th day of November 2012:

Pachulski Stang Ziehl & Jones LLP

By _____
Stanley E. Goldich
Attorneys for the Liquidating Trustee

4                                    DOCS_LA:253699.13 30395/005

on the extent of either party's involvement with its drafting.

9.    <u>Entire Agreement</u>.  This Settlement Agreement is the entire agreement between the parties with respect to the subject matter hereof.  This Settlement Agreement supersedes all prior and contemporaneous oral and written agreements and discussions among the parties concerning the subject matter of this Settlement Agreement.

10.    <u>Governing Law</u>.  This Settlement Agreement shall be governed by and construed in accordance with the law of the State of California, without regard to the principles thereof regarding conflicts of laws.  The parties agree that the PC Bankruptcy Court shall have exclusive jurisdiction to determine all matters relating to this Settlement Agreement, other than any matters related to the RFC Bankruptcy Court's consideration and approval of this Settlement Agreement, and consent to venue in such Court.

11.    <u>Counterparts and Signatures</u>.  This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument.  Facsimile signatures, or signatures transferred in PDF format, shall be treated as original signatures for all purposes.

12.    <u>Attorneys' Fees</u>.  Each party shall bear its or their own attorneys' fees, court costs and related expenses incurred by or on behalf of said party in connection with this Settlement Agreement.

13.    <u>Headings</u>.    Headings within this Settlement Agreement are for convenient reference only and have no effect in limiting or extending the language of the provisions to which they refer.

Dated: November ___, 2012        _____
                                 Ronald F. Greenspan
                                 as Trustee of the PCHLI, PCFI and PCFC
                                 Liquidating Trusts

Dated: November _14_, 2012       _Deanna Horst_____

                                 as _SVP_ of Residential Funding Company, LLC

Approved as to form:
This _____ day of November 2012:

Pachulski Stang Ziehl & Jones LLP

By _____
Stanley E. Goldich
Attorneys for the Liquidating Trustee

4            DOCS_LA:253699.13 30395/005

Approved as to form:
This _16th_ day of November 2012:

Faegre Baker Daniels LLP

By _____

Attorneys for Claimant

DOCS_LA:253699.13 30395/005

**People's Choice Home Loan, Inc.**
**Residential Funding Company LLC**

| PC Loan # (Truncated) | RFC Loan # (Truncated) | Repurchase Reason 1 | Repurchase Reason 2 | Governing Document(s) | Repurch Reason 1 Breached Term(s) Sections | Repurch Reason 2 Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|---|---|
| XXXX1646 | XXXX6299 | Apprl/Value Misrep | Undisclosed Non-arms Length Transaction | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting; Appraisal]; A202(KK) [Fraud/Misrep]; A203(I) [Property Value]; A206 [Integrity of Info] | B300(B) [Non-Arm's Length Transaction] | $ 317,361 |
| XXXX1641 | XXXX5351 | Apprl/Value Misrep | Occupancy | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting; Appraisal]; A202(KK) [Fraud; Misrep]; A203(I) [Property Value] | A202(A); A202(KK); 301(A) [Primary Resid] | 207,663 |
| XXXX3299 | XXXX7969 | Apprl/Value Misrep | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(t) [Appraisal Compliance]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | | 128,311 |
| XXXX8062 | XXXX6157 | Apprl/Value Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting; Appraisal]; A202(KK) [Fraud/Misrep]; A203(I) [Property Value]; A206 [Integrity of Info] | | 155,524 |
| XXXX3306 | XXXX7971 | Apprl/Value Misrep | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(t) [Appraisal Compliance]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | | 82,658 |
| XXXX9667 | XXXX4713 | Apprl/Value Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud; Misrep]; A203(I) [Property Value] | | 71,227 |
| XXXX5128 | XXXX2831 | Apprl/Value Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting; Appraisal]; A202(KK) [Fraud; Misrep]; A203(I) [Property Value] | | 36,639 |
| XXXX7486 | XXXX1173 | Apprl/Value Misrep | Ineligible Property & Property Issue | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting; Appraisal]; A202(KK) [Fraud; Misrep] | A202(Q) [Adverse Circumst]; 322 [Ineligible Property] | 65,761 |
| XXXX5285 | XXXX6051 | Apprl/Value Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting; Appraisal]; A202(KK) [Fraud; Misrep]; A203(I) [Property Value] | | 70,210 |
| XXXX4272 | XXXX3105 | Apprl/Value Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting; Appraisal]; A202(KK) [Fraud; Misrep]; A203(I) [Property Value] | | 57,462 |
| XXXX6828 | XXXX1855 | Asset/Value Misrep | Undisclosed Debt | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting; Appraisal]; A202(KK) [Fraud; Misrep]; A203(I) [Property Value] | A202(A); A202(T); A202(KK) | 89,209 |
| XXXX2879 | XXXX5597 | Asset/Value Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Appraisal]; A202(KK) [Fraud; Misrep]; A203(I) [Property Value] | | 43,790 |
| XXXX5613 | XXXX2729 | Compliance Issue (balloon payment information and calculation missing) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 230,718 |
| XXXX2492 | XXXX2709 | Compliance Issue (balloon payment information incorrect) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 359,815 |
| XXXX5844 | XXXX2499 | Compliance Issue (balloon payment information incorrect) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 118,173 |

| PC Loan # (Truncated) | RFC Loan # (Truncated) | Repurchase Reason 1 | Repurchase Reason 2 | Governing Document(s) | Repurch Reason 1 Breached Term(s) Sections | Repurch Reason 2 Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|---|---|
| XXXX1836 | XXXX2703 | Compliance Issue (balloon payment information missing; TILA violation) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 237,813 |
| XXXX1923 | XXXX8465 | Compliance Issue (erroneous amort. Calc) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 57,458 |
| XXXX2773 | XXXX2605 | Compliance Issue (Georgia high cost loan) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(z) [High Cost Loan]; 3.3(aa) [GA high cost]; 3.3(oo) [Underwriting Standards]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 42,001 |
| XXXX9584 | XXXX1147 | Compliance Issue (MA high cost loan) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(z) [High Cost Loan]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 135,019 |
| XXXX3653 | XXXX9479 | Compliance Issue (New York high cost loan) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(z) [High Cost Loan]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 14,962 |
| XXXX2542 | XXXX697 | Compliance Issue (nondisclosure of balloon payment) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 107,590 |
| XXXX7861 | XXXX2503 | Compliance Issue (nondisclosure of balloon payment) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 274,312 |
| XXXX5909 | XXXX2539 | Compliance Issue (nondisclosure of balloon payment) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 59,559 |
| XXXX0691 | XXXX2697 | Compliance Issue (nondisclosure of balloon payment) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 34,796 |
| XXXX5500 | XXXX6939 | Compliance Issue (understated finance charge) | Bankruptcy of PCHL | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(k) [Compliance]; 3.3(tt) [No Fraud] | 3.4(a)-(b) [Repurchase]; 4.1 [Indemnification] | 160,365 |
| XXXX2141 | XXXX9031 | Employ/Inc Misrep | Undisclosed Debt | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | 3.1(m); 3.3(a); 3.3(oo); 3.3(tt) | 271,599 |
| XXXX0244 | XXXX187 | Employ/Inc Misrep | Undisclosed Debt | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | 3.1(m); 3.3(a); 3.3(oo); 3.3(tt) | 253,324 |
| XXXX3525 | XXXX5813 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep]; A202(T) [Underwriting] | | 301,566 |
| XXXX0939 | XXXX6073 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | | 298,295 |
| XXXX2499 | XXXX5845 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | | 231,859 |
| XXXX9805 | XXXX6159 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud/Misrep]; A202(T) [Underwriting]; A206 [Integrity of Info] | | 159,811 |

| PC Loan # (Truncated) | RFC Loan # (Truncated) | Repurchase Reason 1 | Repurchase Reason 2 | Governing Document(s) | Repurch Reason 1 Breached Term(s) Sections | Repurch Reason 2 Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|---|---|
| XXXX6432 | XXXX5953 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | | 201,967 |
| XXXX8614 | XXXX7087 | Employ/Inc Misrep | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | | 133,027 |
| XXXX4460 | XXXX1289 | Employ/Inc Misrep | Undisclosed Debt | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep] | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep] | 139,962 |
| XXXX7695 | XXXX1183 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud, Misrep] | | 142,484 |
| XXXX1772 | XXXX609 | Employ/Inc Misrep | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | | 116,145 |
| XXXX3440 | XXXX3307 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud, Misrep] | | 108,755 |
| XXXX5586 | XXXX9539 | Employ/Inc Misrep | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | | 100,100 |
| XXXX0881 | XXXX291 | Employ/Inc Misrep | Undisclosed Debt | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | 3.1(m); 3.3(a); 3.3(oo); 3.3(tt) | 94,236 |
| XXXX0516 | XXXX1217 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep] | | 100,448 |
| XXXX9014 | XXXX3791 | Employ/Inc Misrep | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | | 65,941 |
| XXXX2023 | XXXX5983 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | | 67,274 |
| XXXX3149 | XXXX5827 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | | 15,865 |
| XXXX3842 | XXXX5841 | Employ/Inc Misrep | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud, Misrep] | | 16,373 |
| XXXX2985 | XXXX5515 | EPD Repurchase | Occupancy | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 438,303 |
| XXXX8298 | XXXX9793 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 196,578 |
| XXXX2864 | XXXX5879 | EPD Repurchase | Undisclosed Credit Issue | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo); 3.3(tt) [No Fraud] | 369,054 |
| XXXX3978 | XXXX6865 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 361,488 |
| XXXX0461 | XXXX7695 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 329,100 |
| XXXX2751 | XXXX9145 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 289,348 |
| XXXX6776 | XXXX4851 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 284,621 |
| XXXX5681 | XXXX103 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 281,818 |

| PC Loan # (Truncated) | RFC Loan # (Truncated) | Repurchase Reason 1 | Repurchase Reason 2 | Governing Document(s) | Repurch Reason 1 Breached Term(s) Sections | Repurch Reason 2 Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|---|---|
| XXXX0455 | XXXX4509 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 293,137 |
| XXXX3318 | XXXX4129 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 278,626 |
| XXXX5838 | XXXX4181 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 211,064 |
| XXXX7844 | XXXX8875 | EPD Repurchase | Undisclosed Debt | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | 276,671 |
| XXXX2325 | XXXX663 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 265,454 |
| XXXX3552 | XXXX5931 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 231,466 |
| XXXX7223 | XXXX5205 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 245,232 |
| XXXX2352 | XXXX3939 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 241,110 |
| XXXX6714 | XXXX4843 | EPD Repurchase | Occupancy | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 161,247 |
| XXXX4270 | XXXX8291 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 234,609 |
| XXXX5455 | XXXX3739 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 166,025 |
| XXXX2998 | XXXX2719 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 182,692 |
| XXXX5817 | XXXX6949 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 194,070 |
| XXXX7112 | XXXX4209 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 181,187 |
| XXXX1708 | XXXX7229 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 166,707 |
| XXXX9901 | XXXX5691 | EPD Repurchase | Occupancy | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 155,195 |
| XXXX8277 | XXXX9447 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 64,787 |
| XXXX7083 | XXXX7437 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 139,448 |
| XXXX6728 | XXXX4845 | EPD Repurchase | Occupancy | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 151,618 |
| XXXX4722 | XXXX8331 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 125,889 |
| XXXX5912 | XXXX9635 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 146,947 |
| XXXX4317 | XXXX4149 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 129,978 |
| XXXX6876 | XXXX5139 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 120,010 |
| XXXX6026 | XXXX4777 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 80,645 |

| PC Loan # (Truncated) | RFC Loan # (Truncated) | Repurchase Reason 1 | Repurchase Reason 2 | Governing Document(s) | Repurch Reason 1 Breached Term(s) Sections | Repurch Reason 2 Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|---|---|
| XXXX5461 | XXXX8553 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 129,310 |
| XXXX4181 | XXXX9687 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 108,194 |
| XXXX5141 | XXXX6921 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 121,250 |
| XXXX2833 | XXXX9151 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 112,661 |
| XXXX2829 | XXXX8565 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 117,242 |
| XXXX2327 | XXXX6797 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 108,955 |
| XXXX0190 | XXXX4469 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 79,679 |
| XXXX0471 | XXXX4513 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 102,839 |
| XXXX8052 | XXXX4107 | EPD Repurchase | Employ/Inc Misrep | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | 100,878 |
| XXXX5070 | XXXX6915 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 102,413 |
| XXXX7570 | XXXX5245 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 81,253 |
| XXXX8913 | XXXX9911 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 92,641 |
| XXXX1158 | XXXX7207 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 88,185 |
| XXXX7404 | XXXX7455 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 14,001 |
| XXXX0102 | XXXX3911 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 84,788 |
| XXXX6803 | XXXX8665 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 84,847 |
| XXXX8099 | XXXX7057 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 87,124 |
| XXXX8776 | XXXX267 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 66,004 |
| XXXX1202 | XXXX7773 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 77,572 |
| XXXX6615 | XXXX6997 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 75,585 |
| XXXX6721 | XXXX737 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 82,509 |
| XXXX5211 | XXXX6923 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 76,776 |
| XXXX9838 | XXXX393 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 67,320 |
| XXXX0130 | XXXX9357 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 57,709 |
| XXXX4070 | XXXX4589 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 49,408 |

| PC Loan # (Truncated) | RFC Loan # (Truncated) | Repurchase Reason 1 | Repurchase Reason 2 | Governing Document(s) | Repurch Reason 1 Breached Term(s) Sections | Repurch Reason 2 Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|---|---|
| XXXX6601 | XXXX8625 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 46,243 |
| XXXX8126 | XXXX7059 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 59,540 |
| XXXX6275 | XXXX9243 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 57,428 |
| XXXX3953 | XXXX3963 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 55,157 |
| XXXX7034 | XXXX5327 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 38,947 |
| XXXX5500 | XXXX5389 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 35,337 |
| XXXX6830 | XXXX8671 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 22,346 |
| XXXX4500 | XXXX6893 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 17,324 |
| XXXX1348 | XXXX7783 | EPD Repurchase | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.3(oo) [PPTL compliance]; PPTL 30-day EPD | | 13,175 |
| XXXX7767 | XXXX2563 | Non-Investment Quality | Citizenship | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(ww) [Investment Quality] | 3.1(m); 3.3(tt) [No Fraud]; 3.3(yy) [Citizenship Status] | 168,287 |
| XXXX8502 | XXXX4023 | Occupancy | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | | 482,974 |
| XXXX8371 | XXXX9811 | Occupancy | Straw Buyer | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 3.1(m); 3.3(a); 3.3(tt) | 242,314 |
| XXXX6834 | XXXX2647 | Occupancy | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | | 223,118 |
| XXXX3371 | XXXX5697 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud; Misrep]; A300(A) [Occupancy] | | 210,565 |
| XXXX4066 | XXXX6439 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Information] and A300 [Occupancy] | | 226,105 |
| XXXX8543 | XXXX6201 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Information] and A300 [Occupancy] | | 203,480 |
| XXXX2507 | XXXX5523 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep]; A300(A) [Primary Resid] | | 135,324 |
| XXXX2965 | XXXX8599 | Occupancy | Employ/Inc Misrep | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 3.1(m); 3.3(a); 3.3(oo) [Underwriting]; 3.3(tt) | 125,779 |
| XXXX9784 | XXXX4799 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep]; A300(A) [Primary Resid] | | 136,915 |
| XXXX9790 | XXXX377 | Occupancy | Undisclosed Debt | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | 119,711 |
| XXXX8224 | XXXX4161 | Occupancy | Validity of Documentation | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud; Misrep]; A300(A) [Occupancy] | A202(D) [Documents]; A202(KK); 302/303 [Required Signatures] | 121,164 |
| XXXX2580 | XXXX841 | Occupancy | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | | 104,603 |

| PC Loan # (Truncated) | RFC Loan # (Truncated) | Repurchase Reason 1 | Repurchase Reason 2 | Governing Document(s) | Repurch Reason 1 Breached Term(s) Sections | Repurch Reason 2 Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|---|---|
| XXXX3609 | XXXX6401 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Information] and A300 [Occupancy] | | 101,560 |
| XXXX7947 | XXXX6143 | Occupancy | Asset Misrep | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud; Misrep]; A300(A) [Occupancy] | A202(A); A202(T) [Appraisal]; A202(KK); A203(I) [Property Value] | 81,063 |
| XXXX8453 | XXXX9829 | Occupancy | Undisclosed Non-arms Length Transaction | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 73,145 |
| XXXX2684 | XXXX5849 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Information] and A300 [Occupancy] | | 76,960 |
| XXXX8601 | XXXX5753 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Information] and A300 [Occupancy] | | 70,818 |
| XXXX9794 | XXXX4801 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep]; A300(A) [Primary Resid] | | 64,771 |
| XXXX2512 | XXXX5527 | Occupancy | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep]; A300(A) [Primary Resid] | | 59,876 |
| XXXX4830 | XXXX6485 | Occupancy | Employ/Inc Misrep | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Information] and A300 [Occupancy] | A202(A); A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | 59,004 |
| XXXX7345 | XXXX3869 | Occupancy | Undisclosed Debt | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep]; A300(A) [Primary Resid] | A202(A); A202(T) [Underwriting]; A202(KK) | 36,825 |
| XXXX7330 | XXXX3865 | Occupancy | Undisclosed Debt | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud, Misrep]; 301(A) [Primary Resid] | A202(A); A202(T) [Underwriting]; A202(KK) | 6,699 |
| XXXX1334 | XXXX539 | Occupancy; Strawbuyer | Employ/Inc Misrep | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | 117,758 |
| XXXX4412 | XXXX6461 | Transaction Misrep | Undisclosed Non-arms Length Transaction | Client Contract, 7/19/00 and applicable Client Guides | A202(KK) [Fraud/Misrep] | B300(B) [Non-Arm's Length Transaction] | 326,763 |
| XXXX2360 | XXXX6341 | Transaction Misrep | Value Misrep | Client Contract, 7/19/00 and applicable Client Guides | A202(KK) [Fraud/Misrep] | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK); A203(I) [Property Value]; A206 [Integrity of Info] | 258,838 |
| XXXX5270 | XXXX9995 | Transaction Misrep | Undisclosed Non-arms Length Transaction | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud] | 3.1(m); 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) | 229,624 |
| XXXX0517 | XXXX5979 | Transaction Misrep | Occupancy | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(KK) [Fraud; Misrep] | A202(A); A202(KK); 301(A) [Primary Resid] | 168,840 |
| XXXX9238 | XXXX313 | Undisclosed Debt | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | | 237,017 |
| XXXX9591 | XXXX1149 | Undisclosed Debt | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | | 141,504 |
| XXXX4547 | XXXX9891 | Undisclosed Debt | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | | 164,953 |

| PC Loan # (Truncated) | RFC Loan # (Truncated) | Repurchase Reason 1 | Repurchase Reason 2 | Governing Document(s) | Repurch Reason 1 Breached Term(s) Sections | Repurch Reason 2 Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|---|---|
| XXXX6426 | XXXX5951 | Undisclosed Debt | Occupancy | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | A202(A); A300 [Occupancy] | 173,413 |
| XXXX0667 | XXXX1229 | Undisclosed Debt | Compliance Issue (prepayment penalty in excess of state maximum) | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | 3.3(k) [Compliance] | 154,660 |
| XXXX1425 | XXXX6195 | Undisclosed Debt | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | | 124,748 |
| XXXX2500 | XXXX6221 | Undisclosed Debt | | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | | 120,924 |
| XXXX0356 | XXXX9249 | Undisclosed Debt | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(tt) [No Fraud]; 3.3(oo) [Underwriting] | | 101,407 |
| XXXX3676 | XXXX5883 | Undisclosed Debt | Value Misrep | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | A202(A); A202(T); A202(KK); A203(I) [Property Value]; A206 [Integrity of Info] | 98,204 |
| XXXX5699 | XXXX8481 | Undisclosed Debt | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | | 45,829 |
| XXXX0976 | XXXX335 | Undisclosed Debt | | Mortgage Loan Purchase and Sale Agreement, 9/1/06 | 3.1(m) [Documentation]; 3.3(a) [Mortgage Loan Schedule]; 3.3(oo) [Underwriting]; 3.3(tt) [No Fraud] | | 49,604 |
| XXXX6546 | XXXX6009 | Undisclosed Debt | Occupancy | Client Contract, 7/19/00 and applicable Client Guides | A202(A) [Accuracy of Info]; A202(T) [Underwriting]; A202(KK) [Fraud/Misrep]; A206 [Integrity of Info] | A202(A) and A300 [Occupancy] | 43,454 |
| Total | | | | | | $ | 21,174,793 |

## REPURCHASE CLAIM SETTLEMENT AGREEMENT

### In re: People's Choice Home Loan, Inc., et al (8:07-10765-RK jointly administered with 8:07-10767-RK and 8:07-10772-RK)

This Settlement Agreement (the "Settlement Agreement") is entered into by and between Ronald F. Greenspan, in his representative capacity as the Trustee (the "Liquidating Trustee") of the Liquidating Trust (the "PCHLI Trust") of People's Choice Home Loan, Inc ("PCHLI"), the Liquidating Trust (the "PCFI Trust") of People's Choice Funding, Inc. ("PCFI") and the Liquidating Trust (the "PCFC Trust") of People's Choice Financial Corporation ("PCFC") (the PCHLI Trust, the PCFI Trust and the PCFC Trust, collectively, the "PC Trusts"), on the one hand, and HomeComings Financial, LLC f/k/a HomeComings Financial Network, Inc. ("Claimant" or "HomeComings"), on the other hand, by and through those parties or their counsel, and is based on the following recitals:

## RECITALS

A.    On or about March 20, 2007, each of PCHLI, PCFI, and PCFC (collectively, the "Debtors") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Cases") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "PC Bankruptcy Court").

B.    On May 14, 2012, HomeComings and certain of its affiliates filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "HomeComings Bankruptcy Court"). HomeComings' bankruptcy case, which was assigned case number 12-12042, is jointly administered under the bankruptcy case of Residential Capital, LLC, which was assigned case number 12-12020 (the "HomeComings Bankruptcy Case").

C.    On or about August 6, 2008, the PC Bankruptcy Court entered an order (the "Confirmation Order") confirming the Committee's First Amended Liquidating Plan under Chapter 11 of the Bankruptcy Code (the "Plan"). The Plan became effective on or about August 12, 2008. On the effective date of the Plan, and subject to the terms and conditions of the Plan and Confirmation Order, among other things, the "Liquidating Trust Agreement" for each of the PC Trusts became effective, and the Liquidating Trustee began to manage and administer the PC Trusts subject to the terms and conditions of the Liquidating Trust Agreements.

D.    Pursuant to the Plan, and subject to the terms and conditions of the Plan, the Confirmation Order and the Liquidating Trust Agreement, the Liquidating Trustee is directed to administer the PC Trusts by, among other things, (i) reducing remaining property to cash, (ii) evaluating claims against the Debtors and objecting to, allowing or otherwise resolving such claims, (iii) evaluating and pursuing, releasing or otherwise resolving affirmative relief against third-parties, and (iv) making distributions of cash to Beneficiaries under and as defined in the Liquidating Trust Agreements.

E.    Pursuant to a certain Asset Purchase Agreement for Mortgage Loans and/or REO Properties sold by PCHLI to HomeComings Financial Network, Inc., dated November 27, 2002 (as amended or modified by various Addenda, the "HomeComings APA"), HomeComings agreed to purchase certain loans (the "Mortgage Loans") from PCHLI, subject to repurchase or

cure obligations. Section 7.1 of the HomeComings APA states that, absent cure of a breach of representation or warranty (a "Representation or Warranty Breach"), PCHLI shall be required to repurchase the Mortgage Loans at the repurchase price (the "Repurchase Obligations").

F.      On August 31, 2007, Claimant filed a proof of claim in PCHLI's chapter 11 case (the "Proof of Claim") identified as Claim No. 442 asserting a general unsecured claim against PCHLI in the amount of $266,591.89 for damages suffered as a result of alleged breaches and Repurchase Obligations or cure obligations.

G.      The Debtors and subsequently the Liquidating Trustee requested additional information and documents in support of the Proof of Claim, including *inter alia* the validity of the asserted breaches and the appropriateness and amount of the asserted losses and claims with respect to Repurchase Obligations or cure obligations, and the parties have negotiated in good faith to resolve the Proof of Claim and objections of the Liquidating Trustee thereto. The terms of the parties' agreement with respect to the Proof of Claim are memorialized below. .

H.      Based on the Liquidating Trustee's review of the Proof of Claim and information and documentation provided by Claimant in support of the asserted Representation and Warranty Breaches and the amount of damages incurred by Claimant relating thereto, the Liquidating Trustee determined that the Allowed HomeComings Claim (defined below) should be allocated to the Mortgage Loans and in the amounts as set forth below and in **Exhibit A** hereto.

## TERMS

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is hereby acknowledged, the parties agree as follows:

1.      Recitals Acknowledged. The foregoing recitals are true and correct to the best of the parties' knowledge, and are hereby adopted by the parties.

2.      Allowance of General Unsecured Claim. The PC Trusts and Claimant hereby agree that Claim No. 442 shall be reduced and allowed as a general, unsecured, non-priority claim against PCHLI under the Debtors' Plan in the total amount of $157,644 (the "Allowed HomeComings Claim"). The Allowed HomeComings Claim shall be allocated to the Mortgage Loans and in the amounts set forth in **Exhibit A** hereto which sets forth the agreed amount of the Claimant's damages for each of the identified Mortgage Loans.

3.      Amendment to Proof of Claim. This Settlement Agreement serves as Claimant's "Amended Claim." After the Effective Date, the Trustee will update the claims management database to reflect the allowance of the Amended Claim against PCHLI in the amount of $157,644 and will provide a copy of this Settlement Agreement to Kurtzman Carson Consultants LLC, the Debtors' Claims Agent. No further action need be taken by Claimant with respect to its Proof of Claim or the Amended Claim. By signing this Settlement Agreement, Claimant agrees and warrants that the Amended Claim is the sole claim that Claimant has, could assert, and will assert against the Liquidating Trustee, the Debtors, and/or the PC Trusts.

4.      Effective Date of this Settlement Agreement. This Settlement Agreement shall become effective and binding upon execution of the Settlement Agreement by all of the parties hereto (the "Effective Date") and approval by the HomeComings Bankruptcy Court in the

HomeComings Bankruptcy Case. This Settlement Agreement shall be of no force or effect until it is executed by both parties and approval of the Homecomings Bankruptcy Court is obtained.

5.     Authority. By signing this Settlement Agreement, each of the parties hereto represents that, subject to HomeComings Bankruptcy Court approval as to Homecomings, it has the full authority and power to enter into this Settlement Agreement and this Settlement Agreement is the legal, valid and binding obligation thereof.

6.     Ownership of Claims, No Conflicts. Each Party represents that it is the sole and exclusive owner of all rights, interests, and claims being transferred, conveyed, released or compromised by it pursuant to this Settlement Agreement, subject to any lien (a "Lien") on such rights, interests or claims, if any, that may heretofore have been granted by such Party. Neither the execution and delivery of this Agreement by such Party nor the transfer, conveyance, release or compromise of such Party's rights, interests, and claims in accordance herewith shall require the approval or consent of the holder of any Lien or violate, conflict with, or constitute a default under or breach of any obligation of such Party with respect to such Lien. Each Party shall indemnify the other Party from and against any losses, claims or liabilities arising out of the breach of the representations by such Party in this Section.

7.     Binding on Successors. This Settlement Agreement is intended by the parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary or affiliated entity of each party.

8.     Negotiation of Agreement. Each of the parties and their respective counsel has participated in the negotiation of the terms of this Settlement Agreement. All parties hereto represent and warrant that they have carefully read and fully understand all of the provisions of this Settlement Agreement and that they have voluntarily and knowingly signed this Settlement Agreement. This Settlement Agreement shall not be construed for or against either party based on the extent of either party's involvement with its drafting.

9.     Entire Agreement. This Settlement Agreement is the entire agreement between the parties with respect to the subject matter hereof. This Settlement Agreement supersedes all prior and contemporaneous oral and written agreements and discussions among the parties concerning the subject matter of this Settlement Agreement.

10.     Governing Law. This Settlement Agreement shall be governed by and construed in accordance with the law of the State of California, without regard to the principles thereof regarding conflicts of laws. The parties agree that the PC Bankruptcy Court shall have exclusive jurisdiction to determine all matters relating to this Settlement Agreement, other than any matters related to the HomeComings Bankruptcy Court's consideration and approval of this Settlement Agreement, and consent to venue in such Court.

11.     Counterparts and Signatures. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same instrument. Facsimile signatures, or signatures transferred in PDF format, shall be treated as original signatures for all purposes.

12.     Attorneys' Fees. Each party shall bear its or their own attorneys' fees, court costs

DOCS_LA:258278.4 30395/005

and related expenses incurred by or on behalf of said party in connection with this Settlement Agreement.

13.    Headings.    Headings within this Settlement Agreement are for convenient reference only and have no effect in limiting or extending the language of the provisions to which they refer.

Dated: November 14, 2012

Ronald F. Greenspan
as Trustee of the PCHLI, PCFI and PCFC
Liquidating Trusts

Dated: November ___, 2012

_____

as _____ of HomeComings Financial, LLC

Approved as to form:
This 19th day of November 2012:

Pachulski Stang Ziehl & Jones LLP

By _____

Stanley E. Goldich
Attorneys for the Liquidating Trustee

Approved as to form:
This _____ day of November 2012:

Faegre Baker Daniels LLP

By _____

Michael R. Stewart
Attorneys for Claimant

4

and related expenses incurred by or on behalf of said party in connection with this Settlement Agreement.

    13.   <u>Headings</u>.   Headings within this Settlement Agreement are for convenient reference only and have no effect in limiting or extending the language of the provisions to which they refer.

Dated: November ___, 2012

                      _____
                      Ronald F. Greenspan
                      as Trustee of the PCHLI, PCFI and PCFC
                      Liquidating Trusts

Dated: November ___, 2012

                      *Deanna Horst*

                      as _____SVP_____ of HomeComings Financial, LLC

Approved as to form:
This _____ day of November 2012:

Pachulski Stang Ziehl & Jones LLP

By _____
Stanley E. Goldich
Attorneys for the Liquidating Trustee

Approved as to form:
This 16th day of November 2012:

Faegre Baker Daniels LLP

By _____
Michael R. Stewart
Attorneys for Claimant

DOCS_LA:258278.4 30395/005

**People's Choice Home Loan, Inc.**
**HomeComings Financial LLC**

| PC Loan # (Truncated) | Homecomings Loan No. (Truncated) | Repurchase Reason | Governing Document(s) | Repurch Reason Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|
| XXXX3326 | XXX5936 | Title claim | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 6.1(g), 6.3 (e) | $ 22,179.77 |
| XXXX8271 | XXX7453 | Violation TX law | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | Indemnification | 15,300.86 |
| XXXX8122 | XXXX1299 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,072.30 |
| XXXX1878 | XXXX1083 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 454.60 |
| XXXX5637 | XXXX2655 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,005.56 |
| XXXX9964 | XXXX2643 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,476.80 |
| XXXX0972 | XXXX8613 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,460.67 |
| XXXX1969 | XXXX2645 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 164.64 |
| XXXX1878 | XXXX1083 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 412.02 |
| XXXX8122 | XXXX1299 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 237.79 |

| PC Loan # (Truncated) | Homecomings Loan No. (Truncated) | Repurchase Reason | Governing Document(s) | Repurch Reason Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|
| XXXX1138 | XXXX1351 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 637.27 |
| XXXX5039 | XXXX1393 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 524.92 |
| XXXX3443 | XXXX1861 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 342.39 |
| XXXX4445 | XXXX2639 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 471.71 |
| XXXX7144 | XXXX2433 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 544.78 |
| XXXX4445 | XXXX2639 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 428.83 |
| XXXX7144 | XXXX2433 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 546.58 |
| XXXX1965 | XXXX2627 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,870.11 |
| XXXX2006 | XXXX2399 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 671.65 |
| XXXX1878 | XXXX1083 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 381.33 |
| XXXX8122 | XXXX1299 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 224.01 |

| PC Loan # (Truncated) | Homecomings Loan No. (Truncated) | Repurchase Reason | Governing Document(s) | Repurch Reason Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|
| XXXX1138 | XXXX1351 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 605.34 |
| XXXX3443 | XXXX1861 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 295.83 |
| XXXX4735 | XXXX1875 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,757.88 |
| XXXX5802 | XXXX1109 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 926.82 |
| XXXX0972 | XXXX8613 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,446.93 |
| XXXX7410 | XXXX1323 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 311.46 |
| XXXX5039 | XXXX1393 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 454.86 |
| XXXX5239 | XXXX1073 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,702.35 |
| XXXX7626 | XXXX1863 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,277.99 |
| XXXX4772 | XXXX8629 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 933.40 |
| XXXX7273 | XXXX1339 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 5,012.28 |

| PC Loan # (Truncated) | Homecomings Loan No. (Truncated) | Repurchase Reason | Governing Document(s) | Repurch Reason Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|
| XXXX7144 | XXXX2433 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 188.48 |
| XXXX2006 | XXXX2399 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 214.52 |
| XXXX8488 | XXXX1125 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 174.11 |
| XXXX8488 | XXXX1125 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 184.11 |
| XXXX1543 | XXXX1363 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 6,600.39 |
| XXXX4490 | XXXX1865 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,065.15 |
| XXXX5705 | XXXX1095 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 881.56 |
| XXXX8697 | XXXX1107 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,045.51 |
| XXXX8681 | XXXX1113 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,442.44 |
| XXXX8488 | XXXX1125 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,015.98 |
| XXXX5260 | XXXX1185 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,371.87 |

| PC Loan # (Truncated) | Homecomings Loan No. (Truncated) | Repurchase Reason | Governing Document(s) | Repurch Reason Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|
| XXXX2100 | XXXX1335 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,293.91 |
| XXXX1572 | XXXX1355 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,509.86 |
| XXXX0609 | XXXX1369 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 719.63 |
| XXXX2727 | XXXX1373 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 181.30 |
| XXXX7900 | XXXX1379 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,092.31 |
| XXXX0764 | XXXX1443 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,206.19 |
| XXXX9062 | XXXX1887 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,896.74 |
| XXXX9083 | XXXX1889 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,684.06 |
| XXXX5959 | XXXX1939 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 3,310.75 |
| XXXX9668 | XXXX1953 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 3,090.35 |
| XXXX2105 | XXXX8623 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,530.33 |

| PC Loan # (Truncated) | Homecomings Loan No. (Truncated) | Repurchase Reason | Governing Document(s) | Repurch Reason Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|
| XXXX5577 | XXXX1365 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,321.92 |
| XXXX8697 | XXXX1107 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,158.81 |
| XXXX2115 | XXXX1105 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,562.94 |
| XXXX1572 | XXXX1355 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,202.13 |
| XXXX5705 | XXXX1095 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 998.64 |
| XXXX8488 | XXXX1125 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 4,227.12 |
| XXXX5260 | XXXX1185 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,229.84 |
| XXXX7900 | XXXX1379 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 706.23 |
| XXXX6394 | XXXX2509 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 583.42 |
| XXXX3384 | XXXX1291 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,878.22 |
| XXXX5033 | XXXX1367 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 453.92 |

| PC Loan # (Truncated) | Homecomings Loan No. (Truncated) | Repurchase Reason | Governing Document(s) | Repurch Reason Breached Term(s) Sections | Settlement Amount |
|---|---|---|---|---|---|
| XXXX1993 | XXXX1201 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 507.31 |
| XXXX0450 | XXXX1245 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,463.55 |
| XXXX2921 | XXXX8625 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,196.60 |
| XXXX7537 | XXXX2571 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 823.33 |
| XXXX0077 | XXXX2593 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 1,395.12 |
| XXXX3025 | XXXX2423 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 4,851.29 |
| XXXX1912 | XXXX2537 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,791.40 |
| XXXX4042 | XXXX2559 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 10,919.15 |
| XXXX9471 | XXXX2597 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,785.73 |
| XXXX0032 | XXXX2599 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 560.47 |
| XXXX6738 | XXXX2567 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 2,550.18 |

| PC Loan #<br>(Truncated) | Homecomings<br>Loan No.<br>(Truncated) | Repurchase Reason | Governing<br>Document(s) | Repurch Reason<br>Breached Term(s)<br>Sections | Settlement Amount |
|---|---|---|---|---|---|
| XXXX6606 | XXXX2429 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 611.32 |
| XXXX7289 | XXXX2569 | Delinquent Taxes | Asset Purchase Agreement for Mortgage Loans and/or REO Properties, 11/27/02 | 3.9 (a), 6.2(a) | 3,031.58 |
| Total | | | | | $    157,643.50 |