**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**STIPULATION AND ORDER WITH RESPECT TO TRANSFER OF**
**EQUIPMENT BY CSI LEASING, INC. TO GMAC MORTGAGE, LLC**

Subject to the approval of the Court, this stipulation (the "**Stipulation**") is made and into entered by and between debtor GMAC Mortgage, LLC ("**GMACM**") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Debtors**"), and CSI Leasing, Inc. ("**CSI**" and together with the Debtors, the "**Parties**").

WHEREAS, GMACM and CSI were parties (the "**Parties**") to a certain Master Lease Agreement dated as of July 31, 2002, (the "**Master Lease**"), whereby CSI agreed leased to GMACM equipment pursuant to "Equipment Schedules," which were executed from time to time and subject to the terms of the Master Lease;

WHEREAS, on May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief with the United States Bankruptcy Court for the Southern District of New York (the "**Court**");

WHEREAS, Equipment Schedules 48, 49, 50, and 51 are the only active leases between CSI and the Debtors as of January 31, 2013.

ny-1073200

WHEREAS, CSI has agreed to transfer title of the real property detailed in Equipment Schedules 48, 49, 50, 51 (the "Equipment") in consideration of all payments that have been made to CSI with respect to all Equipment Schedules.

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties, and upon approval by the Bankruptcy Court it shall be SO ORDERED:

1. Title to the Equipment is transferred from CSI to the Debtors on the date hereof in consideration of all payments previously made by the Debtors to CSI.

2. All amounts owed by the Debtors under any Equipment Schedule shall be deemed paid in full as of January 31, 2013.

3. CSI shall be liable for all 2013 personal property taxes owed on the Equipment.

4. The Equipment is transferred on an "as is, where is" basis, without any warranties, express or implied.

5. The transfer described herein shall be void if CSI is required to refund, disgorge, or return any payments of any nature previously paid by the Debtors to CSI pursuant to the Master Lease or any Equipment Schedule.

6. This Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7. This Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8. This Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Stipulation.

9. This Stipulation shall be binding on the Parties upon execution and approval by this Court, and any prior agreements between the Debtors and CSI shall not in any way alter, modify, or affect the terms of this Stipulation.

10. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry by the Bankruptcy Court.

| | |
|---|---|
| Dated: February 11, 2013 | Dated: February 11, 2013 |
| /s/ Todd M. Goren | /s/ Jeffrey Rousseau |
| Gary S. Lee | Jeffrey Rousseau |
| Todd M. Goren | Senior Vice President & Associate General |
| Melissa M. Crespo | Counsel |
| MORRISON & FOERSTER LLP | CSI Leasing, Inc. |
| 1290 Avenue of the Americas | 9990 Old Olive Street Road |
| New York, New York 10104 | St. Louis, Missouri 63141 |
| Telephone: (212) 468-8000 | Telephone: (314) 810-8858 |
| Facsimile: (212) 468-7900 | Facsimile: (314) 997-7844 |
| *Counsel to the Debtors and Debtors in Possession* | |

Dated: March 25, 2013
       New York, New York

**IT IS SO ORDERED**

     /s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge

3

ny-1073200