UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER UNDER BANKRUPTCY CODE SECTIONS 327(a), 328(a)
AND 363 APPROVING THIRD ADDENDUM TO ENGAGEMENT AGREEMENT
WITH FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE DEBTORS**

Upon the application, (the "Application"),[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (the "Order"), pursuant to sections 327(a), 328(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), approving the Third Addendum to the Engagement Letter with FTI Consulting, Inc., financial advisor to the Debtors as more fully set forth in the Application; and upon consideration of the declaration of William J. Nolan, a Senior Managing Director with FTI Consulting, Inc., in support of the Application (the "Nolan Declaration"); and upon consideration of the declaration of James Whitlinger, Chief Financial Officer of the Debtor, Residential Capital, LLC, in support of the Application (the "Whitlinger Declaration"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

ny-1082058

and 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested herein is in the best interests of the Debtors' estates, their creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing, and of all of the proceedings held before the Court; and any objections to the Application having been withdrawn, resolved or overruled; and the Court having found and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted as set forth herein.

2. In accordance with Bankruptcy Code sections 327(a), 328(a) and 363 and Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1, the Third Addendum is approved as set forth herein.

3. The Debtors' employment and retention of FTI pursuant to the Engagement Agreement, First Addendum, and the Retention Order is hereby amended in accordance with the Third Addendum; provided however, (a) that the Rollover Period shall be extended from March 31, 2013 through and including December 31, 2013, subject to (i) further extension upon the written consent of the Creditors' Committee, notice of which shall be filed with the Court and served upon the United States Trustee and any other party in interest who filed a response to the Application, in which event no further order shall be necessary, or (i) in the absence of such

consent, without prejudice to the Debtors and FTI seeking a further extension of the Rollover Period pursuant to a further application on notice to the attorneys for Creditors' Committee, the United States Trustee, and any other party in interest who filed a response to the Application; and (b) without limiting FTI's rights with respect to the application of the Rollover Provision (including as extended herein), and to seek and obtain payment on account of the Walter Transaction Services or the Completion Fee, FTI shall not be paid in excess of the Monthly Cap amounts (on a cumulative basis) for any time expended prior to March 1, 2013, and shall not seek to increase the Monthly Caps for any time expended prior to March 1, 2013.

4. For the avoidance of doubt, the relief provided for herein is in addition to the relief provided under that prior order of this Court dated March 5, 2013 [Docket No. 3104], pursuant which this Court approved, *inter alia*, that certain Second Addendum with respect to the employment of FTI.

5. FTI shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, General Order M-447 regarding Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, dated January 29, 2013, the United States Trustee Fee Guidelines and any other orders of the Court.

6. In all other respects, the provisions of the Retention Order remain unchanged and in full force and effect.

7. To the extent that there is any inconsistency between the terms of this Order and the Retention Order, the terms of this Order shall govern.

8. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

ny-1082058

9. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: March 25, 2013
       New York, New York

                                                          _____/s/Martin Glenn_____
                                                              MARTIN GLENN
                                              United States Bankruptcy Judge

ny-1082058