**HEARING DATE: APRIL 30, 2013**
**TIME: 10:00 A.M.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                               :
                                                    :     Chapter 11
                                                    :
**RESIDENTIAL CAPITAL, LLC, et al.,**               :     Case No. 12-12020 (MG)
                                                    :
            Debtors.                                :     NOTICE OF MOTION
                                                    :
------------------------------------------------------------x

---

**NOTICE OF MOTION FOR RELIEF OR MODIFICATION OF THE AUTOMATIC STAY**

---

**PLEASE TAKE NOTICE**, that upon the annexed Request for Relief of Brian McCaffrey Attorney at Law, P.C. attorneys for Marc and Myschelle Combs ("*Claimants*"), the undersigned will move this Court for an order, pursuant to § 362 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.* as amended, the "Bankruptcy Code"), for modification of the automatic stay solely to permit Claimants to continue prosecuting their claims against RFC and RASC under a Quiet Title action filed in New York State Supreme Court, County of Queens.

**PLEASE TAKE FURTHER NOTICE**, that this Motion shall be returnable on the **30th day of April, 2013 at 10:00 a.m. in the forenoon of that day**, before the Honorable Judge Martin Glenn, or as soon thereafter as counsel can be heard, at One Bowling Green New York, NY 10004.

Dated: March 26, 2013

/s/ *Brian McCaffrey*
_____
Brian McCaffrey, Esq.
Attorneys for Claimant/Movant
88-18 Sutphin Blvd., 1st Floor
Jamaica, NY 11435
718-480-8280

HEARING DATE: **APRIL 30, 2013**
TIME: **10:00 A.M.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :
                                                               :     Chapter 11
                                                               :
RESIDENTIAL CAPITAL, LLC, et al.,                              :     Case No. 12-12020 (MG)
                                                               :
    Debtors.                                                   :     MOTION
                                                               :
---------------------------------------------------------------x

## MOTION FOR RELIEF OR MODIFICATION OF THE AUTOMATIC STAY

Marc and Myschelle Combs ("*Claimants*"), by and through their undersigned attorneys, hereby moves (the "Motion"), pursuant to § 362 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.* as amended, the "Bankruptcy Code"), for modification of the automatic stay solely to permit Claimants to continue prosecuting their claims against RFC and RASC under a Quiet Title action filed in New York State Supreme Court, County of Queens. In support hereof, Claimants respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. The statutory predicates for the stay relief sought herein are §§ 105(a) and 362(d) of the Bankruptcy Code, and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*").

### FACTUAL BACKGROUND

3. Briefly, Claimants had a foreclosure action filed against them in April, 2010. Following prolonged litigation, the Supreme Court ruled in Claimants (Defendants in that action) favor and dismissed the case pursuant to lack of standing.

4. Claimants filed a Quiet Title Action on January 25, 2013 (Index No. 1664/13) naming all Defendants involved in the securitization of their real property located at 213-37 39th Ave. Bayside, New York

5. Defendants in the Quiet Title Action include: MORTGAGE LENDER'S NETWORK USA, INC, the party who originated their loan.

6. RFC was named as the Sponsor in the securitization process that helped create a Trust known as HOME EQUITY MORTGAGE ASSET-BACKED PASS-THROUGH SERIES 2006-EMX8. RFC and RASC acted pursuant to a valid Pooling and Servicing Agreement and formed the above name Trust pursuant to the laws of New York State.

7. RASC was named as the Depositor and Seller involved in the securitization process. RASC was supposed to transfer and deposit Claimant-Plaintiff's Note and mortgage secured by the above referenced real property into the Trust.

8. Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereinafter "MERS") acted as the mortgagee for recording purposes in the underlining transactions.

9. Defendant, U.S. BANK NATIONAL ASSOCIATION (hereinafter "US Bank" a/k/a the "Trustee") is named in its capacity as Trustee for the Trust which presently claims a security interest in the Property as the entity which holds ownership of the Mortgage and Note.

10. WELLS FARGO BANK, N.A., (hereinafter "Wells Fargo") was named as the Trust's Custodian as well as the purported assignee of the Mortgage from assignor, MERS.

11. All above referenced parties took part in the securitization of Claimant's property and are necessary parties in any action to quiet the title to Claimants' property.

# RELIEF REQUESTED

## CLAIMANTS ARE AUTHORIZED TO SEEK RELIEF
## UNDER THE FINAL SUPPLEMENTAL ORDER

12. Claimants seek relief under this Court's July 13, 2012 Order signed by Judge Martin Glenn. This Order, titled "Final Supplemental Order" outlines the extent of Debtors' ability to settle outstanding claims and prescribes the limited relief from an automatic stay.

13. Paragraphs 14, 15, 16, and 17 of the Final Supplemental Order describe the stay imposed by USC § 362(a) of the Bankruptcy Code.

14. Specifically, Paragraph 17, under the subheading "Actions Involving Amount, Validity Or Priority Of Liens," addresses exceptions to the stay such as third party claims "with respect to properties that are subject to mortgages owned or serviced by the Debtors ("Title Disputes").

15. Paragraph 17(g) states that: "nothing set forth herein shall preclude or limit any Third Party Claimant from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code." Claimants, for purposes of this Motion, qualify as Third Part Claimants and, as such, are entitled to seek the relief prayed for herein.

16. Claimant's premise their request for relief on Final Supplemental Order, Paragraph 17. Paragraph 17 (a) specifies that Conditions of the stay are to be modified to allow: a third party claimant who "**shall be entitled to assert and prosecute direct claims** and counter-claims relating exclusively to the property that is the subject of the loan owned or **serviced by a Debtor in connection with any Title Dispute**" (emphasis added).

17. Claimants in this Motion are Plaintiffs in a state court title dispute (Quiet Title Action). The property at the center of the title dispute is purportedly secured by a mortgage that was securitized by Co-debtor RFC, acting as Sponsor, with Co-debtor RASC acting as the Depositor and Seller. These are essential functions in the securitization process; if either party was not named in the Quiet Title Action the

complaint would be deficient for failure to name necessary parties. See NY CPLR § 3211(a)(10)

18. The activities performed by co-debtors RFC and RASC fall within the meaning of Paragraph 17 and its language referring to a loan "serviced by a debtor." RFC as Sponsor played an essential role in organizing the pooling of assets (mortgages and notes) to be securitized and placed in a Trust and submitted the necessary registration statements to the Securities and Exchange Commission (the "SEC").

19. RASC as Depositor and Seller purports to have transferred/deposited the actual assets into the trust via the trustee and/or the custodian of the trustee.

20. Both RFC and RASC serviced Claimants' loan that is purportedly secured by real property. Claimants now seek to challenge Debtors' violation of NY Trust Law in a state court Quiet Title Action. Claimant's attack Debtors' actions regarding Claimants' Mortgage and Note challenging any claim that Debtors might have against Claimants' property. Therefore, Paragraph 17(a) of the Final Supplemental Order allows Claimants to continue prosecuting their claims against co-debtors RFC and RASC.

## IN THE ALTERNATIVE, CLAIMANTS ARE ENTITLED TO RELIEF PURSUANT TO TITLE 11 OF THE BANKRUPTCY CODE AND FEDERAL CASELAW

21. §362(d) affords a party in interest relief from the automatic stay provisions of §362(a) "with respect to a stay of an act against property under subsection (a) of this section, if (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization" 11 U.S.C. §362(d) (1988).

22. The moving party must show "cause" as to why they should be granted relief *Id.* The burden then shift to the debtor to show how they would be prejudiced if the stay is modified. In re Sonnax Industires, Inc. v. Tri Component Products, 907 F.2d 1280, 1285 (1990).

23. Federal Bankruptcy Courts in New York examine four factors, referred to as the *Curtis* Factors, when weighing whether the "cause" is great than the Debtor's prejudice. (*See In re Curtis,* 40 B.R. 795

(Bankr.D.Utah 1984).

24. The four factors are:

   1) Whether the New York proceeding is connected to or might interfere with the bankruptcy case; 2) whether the bankruptcy petition was filed in bad faith; 3) the balance of harms; and 4) the interests of judicial economy and the expeditious and economical resolution of litigation. In re Sonnax Industires, Inc. 907 F.2d at. 1286.

25. In the instant case, Debtors do not have any equity in the Claimant's property and the subject property is not necessary for an effective reorganization. While Debtors played a significant role in the securitization of the subject property, the property is not in their Chapter 11 bankruptcy estate. 11 U.S.C. §362(d) (1988).

26. Applying the four *Curtis* factors also mitigates in Claimants' favor: First, the Quiet Title case in Queens Supreme Court will not affect the bankruptcy case. Claimants do not seek a money judgment against Debtors. They merely seek declaratory relief that Debtors posses no legal interest in Claimant's property In re Cinnabar 2000 Haircutters, Inc., 20 B.R. 575 (Bankr. S.D.N.Y. 1982). This will not reshape the bankruptcy estate, affect the priority of creditors or change the. Amounts owed to creditors or other third party claimants.

27. The issue of whether the bankruptcy petition was filed in bad faith is inapplicable here as Claimants have no evidence to suggest bad faith surrounding the bankruptcy.

28. Next, the "balance of harms" tips in Claimants' favor. Certain cases require a stay to be lifted to protect a creditor's interests where those interests are deemed more important than potential debtor harm In re Rudaw/Empirical Software Prods. Ltd, 83 B.R. 241 (Bankr. S.D.N.Y. 1988). While Claimants are not creditors they have significant interests in reclaiming full legal title to their home. The current state of limbo and uncertainty Claimants are experiencing overshadows any harm that RFC or RASC may experience in defending the instant action. Debtors are not being pulled into protracted litigation but merely are necessary parties due to their intermediary participation in the securitization

process. In short, RFC and RASC can simply answer Claimant's summons and disavow any legal title to Claimants' property. Therefore, the harm Debtors RFC and RASC might experience pails in comparison to the inconvenience and uncertainty Claimants would experience if this relief is denied.

29. Finally, judicial economy and expeditious litigation favor granting Claimants relief. Debtors' Counsel already drafted a two page letter and entered a Notice of Bankruptcy in Queens Supreme Court. In the time spent and delay already caused to Claimants' litigation, Debtors could have simply answered the Summons and disavowed legal interest in Claimants' property. Impeding Claimants' right to continue prosecuting their case clogs the New York State Court System, hinders the alienation of Claimants' property and grants Creditors no substantive relief.

30. Based on the aforementioned Rules of Bankruptcy, prevailing federal case law and the well-recognized *Curtis* factors, Claimants should be allowed to continue prosecuting their Quiet Title action in Queens Supreme Court against RFC and RASC.

## CONCLUSION

31. Claimants seek the entry of an order allowing Claimants to continue prosecuting their claims against Debtors pursuant to Paragraph 17 of this Court's Final Supplemental Order entered on July 13, 2012. In the alternative, Claimant's seek and order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code solely to permit Claimants to maintain there state court action to Quiet Title.

32. This Court should issue an Order allowing Claimants to continue their Quiet Title Action based on the Final Supplemental Order. Documents associated with Claimants' property were "**serviced by a Debtor in connection with any Title Dispute.**" Paragraph 17 specifically authorizes claims arising out of title disputes. Claimants' New York State cause of action is nothing more than a complaint to challenge a cloud of title on their property.

33. Furthermore, in the alternative, the Rules of Bankruptcy and the well-established *Curtis* factors, provide for Claimants' relief. §362(d) allows for an automatic stay to be lifted "for cause." As

discussed, Claimants' have good cause and would be prejudiced if the stay is not modified. Debtors, on the other hand, would experience negligible harm as their bankruptcy case would barely be affected.

**WHEREFORE**, Claimants seek the entry of an order allowing Claimants to continue prosecuting their claims against Debtors pursuant to Paragraph 17 of this Court's Final Supplemental Order entered on July 13, 2012. In the alternative, Claimant's seek and order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code solely to permit Claimants to maintain there state court action to Quiet Title.

Dated: March 25, 2013

/s/ Brian McCaffrey
_____
Brian McCaffrey, Esq.
Attorney for Claimant/Movant
88-18 Sutphin Blvd., 1st Floor
Jamaica, NY 11435
718-480-8280