UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

Re:

Residential Capital, LLC, et.al (Debtors)

Case no: 12-12020

The Honorable Judge Glenn
United States Bankruptcy Judge



LETTER TO JUDGE

To: The Honorable Judge Glenn

Dear Judge Glenn:

I'm a secured Creditor against the above Debtors. My claim is an Unsecured Equity Interest under section 362 (A). I have provided a Statement and attached exhibits, (A-E); the supporting evidence for this claim.

The purpose for this letter, is that this claim, that is tardy, will be accepted as timely. The Action arose with the above Debtors prior to their Bankruptcy Petition dated May 14, 2012. I have outlined the reasons for this delayed claim, in the Statement, attached to the Exhibits and proof of claim.

March 18, 2013

Respectfully Submitted,

Donna Chinloy
Secured Creditor
Pro-Se/HomeOwner
9000 Nw 28TH, Unit 1-306
Coral Springs, Fl. 33065
954-899-1961
Chinloy0422@gmail.com

NOTICE
The United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, NY 10004 T: 212-668-2870
http://www.nysb.uscourts.gov

Office of the United States Trustee
Attn: Tracy Hope Davis, Esq.
33 Whitehall Street
21st Floor
New York, NY 10004

Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001
Attn: US Attorney General, Eric H. Holder, Jr.
Phone: (202) 514-2063
Facsimile: (202)307-6777
Email: AskDOJ@usdoj.com

Counsel to the Official Committee of Unsecured Creditors
Kenneth H. Eckstein
Thomas Moers Mayer
Douglas H. Mannal
Kramer Levin Natallis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
T: 212-715-9100
F: 212-715-8000

Morrison & Foerster LLP
Attn: Gary S. Lee, Esq.
1290 Avenue of the Americas
New York, NY 10104
Email: Glee@mofo.com
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
For the Debtors and Debtors in Possession

ResCap Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

Kirkland & Ellis, LLP,
Citigroup Center,

601 Lexington Avenue, New York, NY 10022
(Attn: Richard Cieri)
Counsel for Ally Financial

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Telecopier: (212) 541-5369
Attn.: Howard Seife, Esq.
email: hseife@chadbourne.com
David M. LeMay, Esq.
email: dlemay@chadbourne.com
Counsel to Arthur J. Gonzalez, (Examiner)

UNITED STATES BANKRUPTCY COURT FOR THE

SOUTHERN DISTRICT OF NEW YORK

Re:

Residential Capital, LLC,et.al (Debtors)

Case no: 12-12020

The Honorable Judge Glenn

United States Bankruptcy Judge

# EXHIBIT A

NOTICE OF FILING PROOF OF CLAIM, STATEMENT, EXHIBITS (A-E) OF A PRIORITY UNSECURED EQUITY INTEREST UNLIQUIDATED CLAIM AND REQUEST FOR ADEQUATE (EQUITABLE) PROTECTION, PURSUANT TO 11 USC § 507, 362(A), 501 (A)(B)

(1) Donna Chinloy,(pro-se) a Secured Creditor ("Creditor") files this Proof of claim, statement and exhibits (A-E), against Residential Capital LLC, et.al (Debtors), pursuant to 11 USC § 507,362 (A) and 501 (A)(B) of the Bankruptcy code.

(2) Creditor seeks timely, (tardy) filing of this Unsecured Equity Interest Claim, of a Real Residential Property, ("property"). Creditor did not receive a notice of Commencement of Debtors Bankruptcy Petition dated May 14,2012. It does not appear that Creditor is listed on Debtors schedules.

(3) Within days of this Court's cut-off date of November 9th, 2012 for filing claims, Debtors willfully scheduled their first (1) State Court hearing on September 25, 2012, seeking enforcement of a Final Judgment of Foreclosure.

1.

(4) Debtors affiliated Third Parties, false claim of interest in the property, upon a Foreclosure Action that was legally insufficient. The affiliated Third Parties of the Foreclosure Action does not have equitable interest in the Property. An interest First Adjustable Rate Note, expired on May 1, 2011; Debtors Counsel(s) giving Court Notices of Dropping all Parties in the Foreclosure Action and Dismissing the Action without Prejudice. The Action filed without the Note and Mortgage,...alleging the Note and Mortgage were Lost ...destroyed...or...stolen; a faulty Assignment of Mortgage; of a so called Robo-Signer Assignment, unverified and endorsed by Debtors very own Employee.

(5) Debtors attachment of Two (2) Liens on the Property, secured by a Mortgage and recorded in the Land records of Broward County, Florida on April 18,2006, book #41844, pages 1082-1105, and the Foreclosure Lien (lis pendens), recorded in the Land records of Broward County, Florida on August 14, 2009, in Book #41844, pages 1082-1105.

(6) Also, recorded in the Land Record on October 1, 2009, is an Assignment of Mortgage, book 46558, page 655. (see exhibits B/C).

(7) Debtors further knew, that Creditor was entitled to a Stay of Action, under code 362 (A), pursuant to this Court's Order dated June 15, 2012, docket#0391, Pages 1-18.
(A) On p.7, *Borrower Foreclosure and Eviction Proceedings..."The Stay imposed by Section 362(a) of the Bankruptcy code applicable to (a) pending and future actions initiated by Debtors and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or pending...The Stay imposed by section 362(a) of the Bankruptcy code applicable to pending and future foreclosure actions initiated by the Debtors in cases where they act as Servicer for senior loan and also own (or for which the applicable public land recorders reflect that Debtors hold an interest).... "The Stay imposed by section 362(a) of the Bankruptcy Code applicable to actions involving the amount, validity, and or priority of liens commenced by Third Parties purporting to have Lien interest or other claim ("Third Party Claimants") with respect to properties that are subject to Mortgages owned or serviced by the Debtors ("Title Disputes"*

2.

On [page 16]. *"Nothing herein shall be deemed to limit the rights of the Debtors operate their business in the Ordinary Course"*...

CREDITOR SEEKS ADEQUATE (EQUITABLE) PROTECTION

(8) Debtors have violated Creditor's Automatic Stay under 362(A).

(9) Creditor received numerous pieces of mail from GMAC MORTGAGE, alleging the property is vacant, here are a few dates: January 13,2013;November 1, 2012; November 12,2013; November 27, 2012,etc. Creditor has informed Debtors several times that the **property is not vacant**.

(10) On January 23, 2013, GMAC BANK, LLC, through , a company out of Texas, dispatched (Third Parties) to the Property to change the Locks on the front door.... Third Parties informed Creditor (creditor also review document) *"we were sent here by GMAC BANK, LLC to change the locks..'a field inspector inspected the Property on January 14, 2013* and reported that the *property is vacant.....*Creditor contacted Core logic Field Services and informed them that the property is not vacant.

(11) There were no filed inspector that inspected the property on January 14, 2013, and such misrepresentation, harassment and invasion of privacy could have been of great harm to the Creditor's (family Occupants) at the Property. The property is jointly owned (recorded Deed) as Joint Tenants with Rights to Survivorship. On December 14, 2012, Creditor suffered (an unforeseen) exigent circumstances.

(12) Debtors harassment and invasion of privacy, has not only violated State and Federal Laws, Debtors have also violated Title 11 of the American with Disabilities Act of 1990.

(A) "To be protected by the ADA, one must have a disability or have a relationship or association with an individual with a disability. An individual with a disability is defined by the..

3.

ADA as a person who has a physical or mental impairment that substantially limits one or more major life activities, a person who has a history or record of such an impairment, or a person who is perceived by others as having such an impairment. The ADA does not specifically name all of the impairments that are covered".

(13) Creditor has not waived any rights to the Order below:
(a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates…

Further, along with the above, attached exhibits (A-E) and substantive evidence, and numerous violations by Debtors, an unconscionable loan contract giving an (non-existence) affiliated Party priority Property interest rights, and it appears that Lender subordinated its rights of the Mortgage to M.E.R.S (Mortgage Electronic Services Registration Systems, Inc), Creditor should be entitled to have this claim as one of Super Priority.

(14) Creditor asserts a claim of equitable Unsecured interest [interest inserted by hand], for **Adequate Equitable Protection, Equitable Remedy and Equitable Liability,** under 11 USC § 507 under 362; **11 USC 501 (a), (b),(c)** during the pendency of this claim.
(b) If the trustee, under section 362, 363, or 364 of this title, provides adequate protection of the interest of a holder of a claim secured by a lien on property of the debtor and if, notwithstanding such protection, such creditor has a claim allowable under subsection (a)(2) of this section arising from the stay of action against such property under section 362 of this title, from the use, sale, or lease of such property under section 363....**11 USC 501 (a)** A creditor or an indenture

4.

trustee may file a proof of claim. An equity security holder may file a proof of interest.**(b)** If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor..

<u>(15) Creditor has listed the specific Debtors for purposes of this Statement and attached exhibits (A-E.)</u>

GMAC BANK (financial Institution) along with M.ER.S;

GMAC MORTGAGE, LLC, a purported Plaintiff to the Foreclosure Action along with M.E.R.S.

GMAC MORTGAGE (Insurance Service Centers/mortgagee to Insurance Department) and insurance coverage to the Property, (unknown to Creditor).

GMAC Mortgage DBA, DITECH (certificate holder to property insurance) to the Property.

<u>(16) GMAC BANK</u>

The Bankruptcy Code defines a claim as: (1) a right to payment; (2) or a right to an equitable remedy for a failure of performance if the breach gives rise to a right to payment.

On April 12, 2006, Creditor purchased a condominium Conversion. A broker for the Seller/Buyer initiated the loan and the closing, etc. The selling price for the Property was $196,100.00, Creditors down payment and closing cost exceeded $44,000.00. A financed amount for $156,800.00 was with <u>GMAC BANK</u> of a Fannie Mae/Freddie Mac loan. This Property was not Creditor's Primary Residence.

(17) There are several discrepancies, not inclusive of the ambiguous Contracts, as follows:

The financed amount of $156,800.00, shows $6,800.00 less on T.I.L.A/R.E.S.P.A disclosure and various fees apparently through GMAC BANK or its Affiliated Parties, such as: Gmac Home Connects; Home Connects;

(18) The Mortgage shows: **GMAC BANK** as lender.

On page 1 of the Mortgage: <u>M.E.R.S is the Mortgagee.</u> <u>M.E.R.S holds legal Title to the Interest</u>.... MERS is a separate Corporation and is acting solely as a nominee for Lender and Lender's successors and assigns... MERS is the Mortgagee under this Security...

5.

Agreement…MERS is organized and existing under the laws of Delaware…<u>Borrower, understands and agrees that MERS holds only Legal Title to the interest granted by Borrower in this Security,</u> but if necessary to comply with Law or custom,

MERS (as nominee for Lender and Lender's successors and assigns) has right to exercise any and or all of those interest, including, but not limited to the right to foreclose and sell the property.

(19) GMAC BANK, drafting of this Mortgage was unconscionable, unfair, giving false statement of fact, thus, inducing Creditor to the Contract, e.g …"M.E.R.S is Mortgagee.. ***Borrower, understands and agrees that MERS holds only Legal Title to the interest*** …Creditor became aware of M.E.R.S in 2009, upon a Foreclosure Lawsuit, and more detailed information regarding <u>M.E.R.S Consent Agreed Order</u>.

<u>(20) Creditor has not waived any rights to the Order below:</u>
"UNITED STATES OF AMERICA DEPARTMENT OF THE TREASURY, COMPTROLLER OF THE CURRENCY, BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, FEDERAL DEPOSIT CORPORATION, OFFICE OF THRIFT SUPERVISION, FEDERAL HOUSING FINANCE AGENCY" …"In the matter of. MERSCORP, Inc., and the Mortgage Electronic Registration Systems, Inc., Reston, Virginia……….. MERS and MERSCORP, by and through their duly elected and acting Boards of Directors (collectively the "Boards"), have executed a "Stipulation and Consent to the Issuance of a Consent Order," dated April 13, 2011 ("Stipulation and Consent"), that is accepted by the Agencies. By this Stipulation and Consent, which is incorporated by reference, <u>MERS and MERSCORP have consented to the</u> issuance of this Consent Cease and Desist Order ("Order"),…

"The Agencies have identified certain deficiencies and unsafe or unsound practices by MERS and MERSCORP that present financial, operational, compliance, legal and reputational risks to MERSCORP and MERS, and to the participating Members"…"MERSCORP operates a national electronic registry that tracks beneficial ownership interests and servicing rights associated with residential mortgage loans and any changes in those interests or rights"….

6.

"MERS serves as mortgagee of record and nominee for the participating Members in local land records"..."By virtue of these designations, the certifying officers execute legal documents in the name of MERS, such as mortgage assignments and lien releases"....

INTEREST FIRST ADJUSTABLE RATE NOTE:

(21) Every contract or duty within the Uniform Commercial Code imposes *an obligation of good faith in its performance and enforcement.* ..... The Interest First Adjustable Rate Cease to Deist, expired... on May 1, 2011, and during the pendency of the Foreclosure Action filed on August 14, 2009.... On page 5 of the Note: "PAY TO THE ORDER OF... WITHOUT RECOURSE: stamped by GMAC BANK....and...GMAC MORTGAGE..... undated and unsigned.

ADJUDTABLE RIDER

(22) On page 1 (A), (adjustable rider). The Note provides for an initial fixed interest rate of 6.875%. On page 2,(B) TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER"...until Borrower's initial fixed interest rate changes to an adjustable interest rate...uniform covenant 18 of the security will read as follows: if all or any part of the property or any interest in the property is sold or transferred...without Lenders prior written consent, lender may require immediate payment if full all sums secured by this security instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by law.

THE DEPARTMENT OF JUSTICE

(23) The U.S. Justice Department has unveiled a record mortgage settlement with the nation's five largest banks to resolve claims over faulty foreclosures and mortgage practices that have indebted and displaced homeowners and sunk the nation's economy"..." The settlement follows ten months of intensive negotiations between the five banks and a coalition of state attorneys general and federal agencies, including the Departments of Justice, Treasury, and Housing and Urban Development. The investigation began in October 2010 following revelations of widespread use of "robo-signed" affidavits in foreclosure proceedings across the country".

7.

(24) Correction Agreement disclosure...."Borrower does hereby agree and covenant in order to assure that the loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department Of Housing and Urban Development (HUD) OR Department of FNMA...FHLMC.. GNMA...

(25) Letter from "GMACM (parent company of Rescap) dated November 15, 2012 ..this account [foreclosure lawsuit] was referred to foreclosure on August 4th, 2009. At the time of the Foreclosure referral, the account was past due for May 1,2009. On the other hand, the foreclosure action was filed in the State Court of Florida on August 14,2009.

(26) THE FORECLOSURE ACTION

On August 14, 2009, Creditor was served a Foreclosure Action (Complaint") by GMAC MORTGAGE, LLC ("servicer"). As stated above, a Judicial Lien was recorded **after** the Foreclosure Action. An Assignment of Mortgage was also recorded **after** the Foreclosure Action...The Complaint **admitted** that the Note and Mortgage were... **lost**... or ... **destroyed**... or .. **stolen.**

(A) CORRECTION AGREEMENT DISCLOURE:

If any documents is lost, misplaced, omitted misstated or inaccurately reflects the true and correct terms and conditions of the loan ....If the Original Note is replaced, Lender hereby indemnifies Borrower against any lost associated with a demand on the Original Note

(27) The Complaint alleged, that Creditor defaulted on payments due May 1, 2009, and further stated that all conditions precedent to the acceleration have been fulfilled or occurred.

(28) The complaint alleged that GMAC MORTGAGE, LLC.. "as Servicer for the Owner and acting on behalf of the owner with authority to do so, is the present designated holder of the Note and Mortgage with authority to pursue the present action.. (29) On Count 11 of the same Complaint, ... This is an action to enforce a... **lost**... **destroyed**... or **stolen**... Promissory Note and Mortgage ....

8.

(30) Florida is a Judicial State, and Foreclosures are in Court of Equity. An action by a Party must have standing, capacity, must prove ownership, (Holder) of the Note and Mortgage, must comply with the F.D.C.P.A (Fair Debt collections Practices Act); the Consumer Protection Act, must comply with T.I.L.A Act, must prove the Debt owing, must prove the person endorsing the Assignment, notaries are based on personal knowledge.

(31) With regards to the allegation of Creditor's default above, and pursuant to the **interest first** adjustable Rate Loan, **there were no default on the loan**..coming due on May 1, 2009.
§ 3-304. OVERDUE INSTRUMENT. If a due date with respect to principal has been accelerated, the instrument becomes overdue on the day after the accelerated due date....(c) Unless the due date of principal has been accelerated,... **an instrument does not become overdue**... if there is **default in payment of interest** ...but ... no default in payment of principal.

## ADJUSTABLE RIDER

(32) On page 1 (A), (adjustable rider) The Note provides for an initial fixed interest rate of 6.875%. On page 2,(B) TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER"...**until Borrower's initial fixed interest rate changes** to an adjustable interest rate...uniform covenant 18 of the security will read as follows: **if all or any part of the property or any interest in the property is sold or transferred**...without Lenders prior written consent, lender may require immediate payment if full all sums secured by this security instrument. However, this option shall not be exercised by Lender if such exercise is **prohibited by law....**through lender's own words ...

## ASSIGNMNET OF MORTGAGE

(33) MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC (a/k/a MERS)" residing or located at c/o GMAC MORTGAGE, LLC.... As the (**ASSIGNOR**), for and in consideration of the sum of $1.00 dollar and other good and value **grant**, bargain, sell, **assign, transfer** and set **over unto**... GMAC MORTGAGE LLC....(ASSIGNEE),.... The **MORTGAGE** encumbering the Property"...together, with the **NOTE**.....

9.

The expired Adjustable interest First Rate Note...<u>M.E.R.S name is not listed</u>.

(A) The Assignment was **endorsed** by Jeffrey Stephan an employee to Debtors on behalf of Mortgage Electronic Systems, Inc, (M.E.R.S). Jeffrey Stephan had a deposition in December 2009, here are sections of the deposition, in a Foreclosure case in West palm Beach Florida...GMAC Mortgage LLC vs.xxxx

(JEFFREY STEPHAN)

having been first duly sworn or affirmed, was examined

and testified as follows:

A.My name is Jeffrey Stephan

Q. Okay. And who do you work for?

GMAC, LLC.

Q. And so what type of documents do you

ordinarily execute?

I execute on a daily basis assignments of

15 mortgage, affidavits of any type that might be needed,

16 deeds. Any type of the document that would need a

17 signature of an officer of GMAC.

responsibilities, **you execute assignments as a vice**

**2 president of MERS?**

Yes, that's correct.

Q. Okay. How many documents would you say you

10 sign on an average week as far as executing affidavits

11 and things of that nature?

Q. In a given month, would that be easier to say

in a month, my team brings to me

19 approximately, I'd say a **round number of 10,000**. That's

20 just an estimate, of course.

Q. Can you name what entities you sign --

10.

13 A. I sign presently as MERS.

14 Q. Okay.

15 A. And under MERS as vice president or an

16 assistant secretary. Also, I sign for GMAC Mortgage.

Q. Okay. Would it be accurate to say that when

7 these documents have been presented to you by your team

8 --

9 A. Uh-huh.

10 Q. -- you take the face value that they are --

11 they have been checked by your team?

12 A. That would be a correct statement, yes.

13 Q. **So these documents wouldn't be actually**

14 **executed on your own personal knowledge?**

15 A. Right

### (34) INCONSISTENCIES OF THE DEBT

Foreclosure Action on August 14, 2009, the alleged debt owing $156,759.13 (property value listed as $159,741.66).

(35) Debtors Motion For Final Judgment dated September 25, 2012, the alleged debt owing $200,000.00....

(36) GMACM ...Letter from GMACM dated November 15, 2012, the alleged debt owing $186,332.00; past due of $59,392.00....On page 2, "this account was referred to foreclosure on August 4th, 2009. At the time of the Foreclosure referral, the account was past due for May 1, 2009 and subsequent payments.

### (37) EQUIFAX

Creditor's Equifax report on September 28, 2012, the alleged debt of $185,515.00; past due of $56,625.00. However, the Debt is listed as "closed account"

### OWCEN

(38) Notice from **Owcen** dated February 7, 2013, the alleged debt owing $156,759.13... (here the alleged debt is the same amount as the Foreclosure filing in 2009.)

(39) Further, the purchase of the property (Condominium) in 2006 was not Primary Property. Due to inconsistencies in the documents showing" investment property" and "owner occupied". The Borrower's Closing Affidavit disclosure is checked as "Investment Property, and the Sellers disclosure is checked "owner occupied".

### ESCROW SURPLUS CHECK

(40) Creditor is requesting that Debtors release the Escrow Surplus Check that they holding, thus, are in violation pursuant to:..... Real Estate Settlement Procedures Act of 1974, 12 U.S.C. 2601 et seq. Violations of section 9 of RESPA (12 U.S.C. 2608) or § 3500.16).. 1976 the RESPA statute has allowed lenders to maintain a cushion equal to one-sixth of the total amount of items paid out of the account, or approximately **two months** of escrow payments.

(41) Creditor received a letter GMAC MORTGAGE regarding an Escrow Analysis, and there is a Surplus in the amount of **$10,771.04**. However, and further misleading violations of RESPA...GMAC MORTGAGE decided to give 4 Options in regards to the Surplus .**(A)**. cash the check... **(B)**. apply the surplus to the escrow account. **(C)**. Apply the surplus to the mortgage payments. **(D)**. Apply the surplus to the principal balance.

(42) Attached to Exhibits are several documents with regards to Property Insurance, Flood Insurance and Association fees. As stated above, Creditor purchased a Condominium Conversion in 2006 through a Broker for Seller/Buyer. Seller agreed to pay association fees for potential Buyers for the first Year, apparently, the Buyers were not active members of the Association during the first year and it is whether or not association members existed. A letter dated in 2011, " a turnover of Association Properties". C̶r̶e̶d̶i̶t̶o̶r̶ March 2013, a demand for Association fees of $19,000.00 (without statements) or Lien and Foreclosure on the Property.

12.

(43) Creditor's good name was disclosed for purposes of Debtors/ Seller/Broker business deal, for Property Insurance purposes, and should be deemed Fraud in itself. The Certificate of property Insurance shows: GMAC MORTGAGE d/b/a Ditech.

(A) AFFILIATED BUSINESS ARRANGEMENT DISCLOSURE.....**GMAC BANK**.

"In connection with either the purchase of this property or obtaining mortgage loan financing secured by a mortgage/deed of trust against this property, you may need to obtain certain settlement services. We recommend the companies listed below who provide quality service at competitive rates"....In addition, Creditor's Tax Records for 2007 shows: Gmac Mortgage, LLC

(44) FLOOD INSURANCE

The Flood Insurance statements are from GMAC MORTGAGE and endorsed by GMAC MORTGAGE, LLC. On the Correction Agreement disclosure...."Borrower does hereby agree and covenant in order to assure that the loan documentation executed this date will enable Lender to seek insurance or guaranty from the Department Of Housing and Urban Development (HUD) OR Department of FNMA...FHLMC.. GNMA...

Secured Creditor gives notice of filing a Proof Of Claim and attached Exhibits (A-E) with the Clerk of The United States Bankruptcy Court for the Southern District of New York, and gives notice to Parties on the list below.

Dated, March 18, 2013.

Donna Chinloy
Secured Creditor
pro-se/homeowner
9000 NW 28TH Drive 1-306
Coral Springs, Fl. 33065
Email: chinloy0422@gmail.com
954-899-1961

13.

NOTICE
The United States Bankruptcy Court for the Southern
District of New York
One Bowling Green, Room 534
New York, NY 10004T: 212-668-2870
http://www.nysb.uscourts.gov

Office of the United States Trustee
Attn: Tracy Hope Davis, Esq.
33 Whitehall Street
21st Floor
New York, NY 10004

Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001
Attn: US Attorney General, Eric H. Holder, Jr.
Phone: (202) 514-2063
Facsimile: (202)307-6777
Email: AskDOJ@usdoj.com

Counsel to the Official Committee of Unsecured Creditors
Kenneth H. Eckstein
Thomas Moers Mayer
Douglas H. Mannal
Kramer Levin Natallis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
T: 212-715-9100
F: 212-715-8000

Morrison & Foerster LLP
Attn: Gary S. Lee, Esq.
1290 Avenue of the Americas
New York, NY 10104
Email: Glee@mofo.com
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
For the Debtors and Debtors in Possession

ResCap Claims Processing Center
c/o Kurtzman Carson Consultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

Kirkland & Ellis, LLP,
Citigroup Center,

601 Lexington Avenue, New York, NY 10022
(Attn: Richard Cieri)
Counsel for Ally Financial

Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Telecopier: (212) 541-5369
Attn.: Howard Seife, Esq.
email: hseife@chadbourne.com
David M. LeMay, Esq.
email: dlemay@chadbourne.com
Counsel to Arthur J. Gonzalez, (Examiner)

14.