UNITED STATES BANKRUPTCY COURT
Southern DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Residential Capital, LLC aka Residential<br>Capital Corporation<br><br>                          Debtor(s) | Affirmation in Support of Motion for<br>Relief From Automatic Stay Under<br>11 U.S.C. 362<br><br>Chapter 11<br>Case Number 12-12020<br><br>Property 2041 Grey Ridge., Maryville, TN<br>37801 |

DLJ Mortgage Capital, Inc, its assignees and/or successors in interest (the "Movant")
alleges as follows:

1.      That the Debtor, Residential Capital, LLC aka Residential Capital Corporation, (the
"Debtor") and/or its subsidiaries filed petitions for Chapter 11 bankruptcy relief before this
Court. At this time, the various cases have been administratively and substantively consolidated.

2.      The Movant is a first mortgagee, and the current payee of a promissory note dated
January 9, 2004 in the principal amount of $161,500.00 (the "Note"), secured by a first mortgage
of same date (the "First Mortgage"), encumbering real property commonly known as 2041 Grey
Ridge., Maryville, TN 37801 (the "Property"). Copies of the Note and Mortgage are attached
hereto as **Exhibit "A and B".** The Movant acquired an interest in the Mortgage by way of an
Assignment(s) of Mortgage.   A copy of that Assignment(s) of Mortgage is attached hereto as
**Exhibit "C.**

3.      The Property is owed by Michael W. Summerfield and Cynthia D. Summerfield (the
"Summerfields") who are the makers of the First Mortgage.

4.      Movant respectfully requests that this Court take judicial notice, pursuant to Federal Rule
of Evidence 201, of the value of the Property and the amounts identified as due and owing under
the First Mortgage.

5.      As indicated in the accompanying affidavit, a person attesting to have personal
knowledge of the amounts due under the First Mortgage, a payoff letter reflecting the sums due.
**See Exhibit "D".**

6.      In addition, the Movant has not been provided with evidence that the Property is
currently insured, as required under the terms of the applicable loan documents. As a result, the

Movant has been forced to advance funds to insure the Property.

7.      Although the Movant believes it has a basis to commence/continue foreclosure proceedings against the Summerfields in connection with the Property with respect to in rights in, and to, the First Mortgage, Movant is prevented from doing so by virtue of the automatic stay which took effect upon the commencement of the Debtor's filing.

8.      Based upon the foregoing, Movant alleges that Movant is not adequately protected, that the Property is not necessary to effectuate Debtor's reorganization, and that it would be unfair and inequitable to delay Movant in the foreclosure of Movant's interest. Movant urges this Court to issue an Order granting it relief from the automatic stay to permit Movant to enforce its rights in connection with the First Mortgage, including any necessary action to obtain possession of the Property.

9.      Movant has incurred attorneys' fees in bringing this Motion and is entitled to reimbursement for these fees pursuant to the terms of the First Mortgage and in accordance with 11 U.S.C. § 506(b).

10.     It is respectfully submitted that the commercially reasonable value of the Property is approximately $150,000.00, as evidenced by the schedules set forth in the Summerfield Bankruptcy. **See Exhibit "E"**

11.     This Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 362(d).

        **WHEREFORE,** Movant prays for judgment as follows:

1.      For an Order granting relief from the automatic stay as to the Property, permitting Movant to enforce its rights pursuant to the First Mortgage, including any actions necessary to obtain possession of the Property;

2.      For an Order regarding adequate protection of Movant's interest as this Court deems proper;

3.      For attorneys' fees and costs for suit incurred herein;

4.      For an Order waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3); and

For such other relief as this Court deems appropriate.


Dated: March 29, 2013
       Rockville Centre, New York

/S/Ted Eric May, Esq.
By: Ted Eric May, Esquire
Sheldon May & Associates, P.C.
Attorneys for Secured Creditor
255  Merrick Road
Rockville Centre, New York 11570
(516) 763-3200 Extension 264
(516) 763-3243 Facsimile
Ted.May@MayLawFirm.Com