**Hearing Date: April 11, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: March 25, 2013 at 4:00 p.m. (ET)**

SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439
Duane M. Geck (Admitted *Pro Hac Vice*)
dmg@severson.com
Donald H. Cram (Admitted *Pro Hac Vice*)
dhc@severson.com

*Special California Litigation Counsel to the
Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al.,, | Chapter 11 |
| Debtors. | Jointly Administered |

**ERRATA AND REPLY OF SEVERSON & WERSON, P.C. AS SPECIAL CALIFORNIA LITIGATION COUNSEL FOR DEBTORS TO THE OMNIBUS OBJECTION OF THE UNITED STATES TRUSTEE REGARDING SECOND APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE TIME PERIOD SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

Severson & Werson, P.C. ("**Applicant**"), Special California Litigation Counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**"), submits this errata to the fee applications for second interim compensation attaching to correct Exhibit F and reply to the omnibus objection of the United States Trustee ("**UST**") regarding the fee applications for second interim compensation and reimbursement of expenses, including the application submitted by Applicant, respectfully showing as follows:

19000.9997/2633578.1

**RELEVANT BACKGROUND**

1. On July 25, 2012, the Court entered the *Order Under Section 327(c) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Severson & Werson PC as Special California Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* [Docket No. 905], approving Applicant's retention.

2. In general, Applicant has represented the Debtors in connection with litigation in California where Applicant:

   (a) defended claims brought in California by individual borrowers pertaining to consumer lending issues, including, but not limited to, allegations of wrongful foreclosure, irregularities in the foreclosure process, violation of applicable statutes related to pre-foreclosure requirements, breach of alleged oral modification, breach of promises to forebear from foreclosing, quiet title and partition actions, unfair business practices act claims and other mortgage lending issues;

   (b) defended class action claims regarding alleging improprieties with loan origination and/or servicing;

   (c) defended mass tort actions and qui tam actions raising document recording issues and relating to the utilization of Mortgage Electronic Registration Systems services; and

   (d) defended claims objections, contested relief from stay motions and adversary proceedings related to consumer lending issues brought by individual borrowers in their respective bankruptcy cases pending in California;

On average, Applicant performed services on behalf of one or more of the Debtor entities with respect to 198 different litigation matters in California for each month of the Application period.

3. Pursuant to the terms of the Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* entered July 17, 2012 (the "**Interim Compensation Order**") [Docket No. 797], Applicant, among others, filed its second application for compensation and reimbursement of expenses incurred for the time period

between September 1, 2012 and December 31, 2012 (the "**Application**") [Docket No. 3192] on March 14, 2013.  By way of its Application, Applicant seeks compensation of $1,144,734.04 and reimbursement of expenses in the amount of $120,132.30.[1]  This Application inadvertently attached an incorrect Exhibit F.

4. On March 18, 2013, the Debtors filed a *Notice of Hearing on Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period between September 1, 2012 and December 31, 2012* (the "**Notice of Hearing**") [Docket No. 3232].  The Notice of Hearing provided interested parties notice of the hearing date on the Application of April 11, 2013 and also provided interested parties with notice of the deadline within which to object to the Application of March 25, 2013.

5. On March 25, 2013, the UST filed its Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses ("**Objection**") [Docket No. 3310].  In its Objection, the UST objects to the allowance of $329,851.85 in fees Applicant requests in its Application and $224.25 in expenses.  The basis for the UST's objections are: 1) $6,484.50 are fees charged by 9 attorneys that have billed fewer than 5 hours; 2) $322,305.35 are for services rendered during July – August, 2012 which may be duplicative of fees sought in the first interim application (based upon the incorrect Exhibit F); 3) $2,124 in fees consisting of 2 duplicate invoices for in identical amounts of $1,062 each; and 4) expenses of $224.25 that may be duplicate entries.

## ERRATA – EXHIBIT F

---

[1] This was the total expenses set forth in the Monthly Statements during the Second Application Period.  Applicant is seeking reimbursement for expenses totaling $116,614.40 from its First Application Period.

The UST objected to $322,305.35 of Applicants fees because Exhibits F1-1 through F1-6 attached to the Application represent invoices for service rendered in July and August, 2012 giving rise to a concern that Applicant was seeking compensation for fees sought in the First Interim Application.  UST's Objection at p. 36.  Upon review, Exhibit F attached to the Application is incorrect.  Exhibit F attached to the Application incorrectly includes invoices for work performed from August, 2012 through November, 2012.  These invoices were attached in error.  Attached is the correct Exhibit F which are copies of the invoices billed for the time period between September 1, 2012 through December 31, 2012.[2]  Applicant is not seeking compensation for fees previously sought in the First Interim Application.  Based upon the correct Exhibit F attached hereto, Applicant would request that the Court overrule the UST's objection based upon possible duplicative fees from the First Interim Period.

## RESPONSE TO OTHER OBJECTIONS

A.   **Transitory Timekeepers**

The UST's objection to fees of $6,484.50 on the grounds that nine of Applicant's timekeepers billed less than 5 hours during the relevant time period (September 1, 2012 through December 31, 2012).  UST's Objection at p. 36.  On that basis, and without further explanation or detail, the UST concludes that the services provided by these timekeepers is "transitory" and therefore had questionable value to the estate.  In support of this argument, the UST relies on *In re Jefsaba*, 172 B.R. 786, 806 (Bankr. E.D. Pa. 1994) as supporting the proposition that "it is inappropriate for each new addition to the team to bill for time spent reviewing the file or otherwise familiarizing him or herself with the matter." UST Objection, p. 16.  *In re Jefsaba*

---

[2]   The attached Exhibit F represents copies of invoices that were attached to the Monthly Statements during the Second Application Period.

does not support the contention that the limited number of hours spent on a matter by a timekeeper is per se correlated to the benefit conferred (or lack thereof) on the bankruptcy estate by that timekeeper. Rather, the decision explains that the bankruptcy estate should not bear the "learning curve" costs associated with repeatedly changing the staffing of a matter. *Id.*, at 801.

In fact, the principles set forth in *In re Jefsaba* provide support for Applicants recovery of the fees billed by these timekeepers. The *In re Jefsaba* opinion explains that timekeepers must be prudent in the number of hours spent on a matter because "excessive or unnecessary time is not compensable." *In re Jefsaba*, 172 B.R. at 798 (citing 11 U.S.C. § 330(a)). In addition, the court explained that it had "no particular objection to one professional performing the work and a second professional reviewing the work product and offering comments and suggestions, especially where that second person brings a different expertise to the matter. Such an exchange of experience and knowledge between professionals within the same firm or company makes best use of each professional's abilities and is one of the benefits of multi-person firms." *Id.* at 800. As set forth above and evidenced in the invoices attached to the Application, Applicant defends various Debtor entities in multiple litigation matters in California on a monthly basis.[3] There is no indication in the UST's opposition that services provided by the nine timekeepers was for reviewing a file or for any other work that would be considered "learning curve" costs. There is no indication that the services provided by the nine timekeepers was duplicative of other efforts or otherwise excessive or unnecessary. Applicant believes that the services provided by the nine timekeepers was reasonable, necessary and therefore valuable to the estate.

---

[3] On average, Applicant performed services on behalf of one or more of the Debtor entities with respect to 198 different litigation matters in California for each Monthly Fee Application period. Thus, approximately 198 invoices were attached to each Monthly Fee Application (total 792 invoices for the four month period).

Accordingly, Applicant requests that the fees associated with the services performed by these timekeepers be approved.

### B.     Duplicate Invoice

The UST's objection to fees of $1,062.00 on the grounds that two invoices on pages 92-94 of Exhibit F1-3 are duplicate invoices. UST's Objection at p. 37. Pages 92-94 of Exhibit F1-3 are part of the incorrect Exhibit F. Applicant is not seeking compensation based upon these invoices.

### C.     Duplicate Expense Entry

The UST's objection to expenses of $224.25 on the grounds of duplicate expense entries. UST's Objection at p. 37. Applicant concedes these amounts and agrees to have the expenses for which it seeks reimbursement reduced by $224.25.

### CONCLUSION

For the reasons stated above, Applicant respectfully requests that the UST's Objection to the Application be overruled except as to the agreed upon reduction in expenses for which it seeks reimbursement reduced by $224.25.

DATED: April 1, 2013                SEVERSON & WERSON
                                    A Professional Corporation


                                    By:   /s/ Donald H. Cram
                                          Donald H. Cram
                                          *Special California Litigation Counsel for Residential Capital, LLC, et al.*