Page 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                                CASE NO. 10-11746-AJC

STEPHANIE HARRIS,

   Debtor.
_____/

**CERTIFIED COPY**

CONTINUED HEARING RE: MOTION FOR RELIEF FROM STAY (44)

August 31, 2010

   The above-entitled cause came on for hearing before the Honorable A. Jay Cristol, one of the Judges in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 51 SW 1st Avenue, Miami, Miami-Dade County, Florida on August 31, 2010, commencing at or about 10:30 a.m., and the following proceedings were had.

Reported By:
Cheryl L. Jenkins, RPR

```
 1                    APPEARANCES:
 2
 3   SIEGFRIED RIVERA LERNER DE LA TORRE & SOBEL, by
            JEFFREY BERLOWITZ, Esquire
 4           On behalf of the Debtor

 5           STACY BRESSLER, Esquire
             On behalf of Deutsche Bank
 6
 7           STEPHANIE HARRIS, Debtor
 8
 9                    - - - - - - -
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1       THE COURT:  Stephanie Harris.

2       MR. BERLOWITZ:  Good morning, Judge.

3       THE COURT:  Good morning.

4       MS. BRESSLER:  Good morning, your Honor.
5  Stacy Bressler on behalf of Deutsche Bank.

6       MR. BERLOWITZ:  Jeffrey Berlowitz on behalf
7  of Stephanie Harris, who is with us this morning as well.

8       THE COURT:  Good morning.

9       MS. BRESSLER:  Your Honor, we're here on
10 Deutsche Bank's amended motion for relief from stay.

11      The debtor has been residing -- excuse me,
12 the debtor had defaulted on this loan in 2008, and the
13 bank is seeking stay relief.  Specifically they have an
14 indebtedness in excess of $350,000.  According to the tax
15 assessor's records, the value of the property is $188,000,
16 and there was opposition to the motion for relief that was
17 filed which raised some issues and concerns as to
18 standing, complicated arguments with regard to notes and
19 assignments of mortgages.  In an effort of eliminating the
20 need for any future evidentiary hearing on this, I had
21 asked my client to provide me with a copy of the original
22 note that I would like to present to your Honor now.

23      THE COURT:  Counsel?

24      MR. BERLOWITZ:  Well, Judge, as my argument,
25 I'll lay out, I am requesting an evidentiary hearing.

```
 1   There are issues with regard to standing that we believe
 2   render the movant's efforts fatal this morning.  I can get
 3   into that, we can allow Ms. Bressler to proceed.
 4               THE COURT:  Well, I mean, if you want an
 5   evidentiary hearing, you're entitled to an evidentiary
 6   hearing.
 7               My question, however, is, if the property is
 8   valued at 188, it probably has a market of somewhere of
 9   maybe 210 or something like that.  Your client wants to
10   pay 350 for a 210 property?
11               MR. BERLOWITZ:  Ms. Harris is interested in
12   the property, and to keep the property, Judge.  She is
13   very interested in modifying the loan and maintaining
14   ownership of it.  This is a unit that's important to her.
15   She lives here on the premises.  It's a small condominium
16   complex on Miami Beach, but certainly, Judge, and we can
17   get into it, or we can set it down, we believe there is
18   significant standing issues.  There is just a break in the
19   chain of title, and while Ms. Bressler may have the
20   original note, the case law, the research that I've
21   discovered, and Deutsche Bank, who is the movant this
22   morning, is in the midst of the cases that I discovered,
23   when there is no endorsement of the note to the party
24   seeking to collect and enforce the note, it's fatal, and
25   that is found directly under the Florida Statutes, under
```

1  bankruptcy case law, and stay relief motions have been
2  denied where the movant was Deutsche Bank, and I can
3  provide the Court with those cites, but getting back
4  to ---
5          THE COURT: This is not the time for an
6  evidentiary hearing, but you are entitled to one if you
7  want one, and is there any possibility that your client
8  and the bank can work out some sort of a modification that
9  will make you both happy?
10         MS. BRESSLER: May I?
11         Your Honor, as recently as April a
12 modification was offered the borrower, that she declined
13 and said she couldn't afford based on the value of the
14 property.
15         The issue here really is that this is a
16 Chapter 7, and while the debtor's counsel had indicated
17 that she lives on the premises, to clarify, there are six
18 units on the premises, and this particular unit is not her
19 homestead.
20         THE COURT: Well, is this her homestead?
21         MR. BERLOWITZ: No, it is not, your Honor.
22         THE COURT: Well, then why doesn't she go
23 into Chapter 13 and modify it?
24         MR. BERLOWITZ: Well ---
25         THE COURT: Does your client want to fire

1  you?  I think she wants to discharge you and take over.
2  Is that what she has in mind?  She can let you go and take
3  over.
4             MR. BERLOWITZ:  Well, hopefully not, Judge.
5             THE COURT:  Okay.
6             MR. BERLOWITZ:  But she's very astute and
7  well versed in these issues, and she's been well engaged
8  in disputes with regard to the property.
9             We would like a modification.  We would like
10 to discuss a modification, and what we need ---
11            THE COURT:  Well, I just heard that you had
12 one and turned it down.
13            MS. HARRIS:  No.
14            THE COURT:  Would you like to be discharged
15 from the courtroom, or would you like to discharge your
16 lawyer and you can take over, either way.
17            MR. BERLOWITZ:  Judge, what we're seeking is
18 an in-house modification, because the Obama plan, if you
19 will, does not fit here with this loan, and that's why
20 she's been rejected.  So, we'd request ---
21            THE COURT:  Well, she's not rejected.  She
22 said they were accepted and she rejected.  That's what
23 Ms. Bressler just said.
24            In any event, here is where we're at, she's
25 entitled to an evidentiary hearing.  If she goes to an

1   evidentiary hearing and she loses, she's going to be out
2   of there shortly.
3           On the other hand, if you can make a
4   modification, bless you.  If you can go to Chapter 13, and
5   this is not a homestead, it's subject to modification
6   through the Court.  So, I mean, you've got several
7   options, but right now we'll direct that you and
8   Ms. Bressler get together and determine when you want to
9   have the evidentiary hearing, and -- but your client needs
10  to be aware that she's taking a big risk if she goes
11  through that hearing and they prove the ownership with a
12  note, it may be to her detriment.
13          MS. BRESSLER:  Your Honor, before we go to
14  evidentiary hearing on this matter, if I may for a minute?
15  Under Florida law the owner and the holder of the original
16  note has standing to proceed on it, and I have, rather
17  than the Court having to take the word of the affiant that
18  filed an affidavit of an original note in this case, I
19  actually physically have the original note, which would be
20  all that is required at any evidentiary hearing for it to
21  get back to state court.
22          THE COURT:  Well ---
23          MS. BRESSLER:  The foreclosure that was
24  filed, and, your Honor, it was filed shortly before this
25  bankruptcy, it hasn't proceeded along, there is a motion

1  to dismiss raising all of these issues in the state court
2  action.  None of the debtor's rights would at all be
3  infringed upon by this going back to state court.
4             THE COURT:  Mr. Berlowitz, what about it?
5  What is it that you want to have the evidentiary hearing
6  on?
7             MR. BERLOWITZ:  We want the evidentiary
8  hearing on -- your Honor, the movant here has not
9  evidenced their right and standing to enforce the note.
10 Under Florida law the note ---
11            THE COURT:  Well, all right, tell me why.
12            MR. BERLOWITZ:  People's Choice was the
13 original lender.
14            THE COURT:  Yes.
15            MR. BERLOWITZ:  People's Choice -- excuse
16 me, Mers assigned the mortgage to Deutsche Bank, not
17 People's Choice.  There is no assignment of the note, and
18 there is no endorsement on the note to Deutsch Bank which
19 would entitle Deutsch Bank to enforce collection under the
20 note, and under the case law, Judge, that is fatal to the
21 lender's efforts, or the movant's efforts, I should
22 say ---
23            THE COURT:  Well, there have been some cases
24 where notes have been discharged, I would suggest that you
25 and Ms. Bressler get together and prepare a pre-hearing

1  order in which you determine what are the issues that
2  you're raising in your defense to this motion, and their
3  position, and what you're going to prove at trial, and
4  give them an opportunity to respond, and we'll have the
5  trial.
6           As I say, if you prevail, maybe they're out
7  of luck, and if you don't prevail, maybe your client will
8  be out of luck.
9           MR. BERLOWITZ: Understood, your Honor.
10          THE COURT: So that's why I'm suggesting to
11 you that it seems -- I mean, a safer route to go would be
12 to convert to a 13, but that's a matter for you and your
13 client.
14          MR. BERLOWITZ: Thank you, Judge.
15          THE COURT: Thank you both.
16          MS. BRESSLER: Thank you, your Honor.
17          THE COURT: Okay.
18
19
20
21          (Thereupon, the hearing was concluded.)
22
23
24
25

```
 1
 2
 3                      CERTIFICATION
 4
 5   STATE OF FLORIDA     :
 6   COUNTY OF MIAMI-DADE  :
 7
 8              I, Cheryl L. Jenkins, RPR, Shorthand
 9   Reporter and Notary Public in and for the State of Florida
10   at Large, do hereby certify that the foregoing proceedings
11   were taken before me at the date and place as stated in
12   the caption hereto on page 1; that the foregoing
13   computer-aided transcription is a true record of my
14   stenographic notes taken at said proceedings.
15              WITNESS my hand this 1st day of November,
16   2012.
17
18
19              _____
20              CHERYL L. JENKINS, RPR,
21              Court Reporter and Notary Public
                in and for the State of Florida at Large
22                    Commission #DD 920461
                      December 27, 2013
23
24
25
```

SERVICE LIST:

Mail Box of Judge Grin   U.S. BK Court.

Council for the Debtors

Morrision and Forester LLc.

1290 Avenue of the Americas

New York,N.Y

Council to the unofficial Committeeof the Unsecured Creditors

Thomas Eckstein

Kramer Levin Nattailis and Franklel LLp

1177 AVENUE OF THE Americas

New York, N.Y. 10036

OFFICE OF THE U.S. Trustees

Tracey Hope Davis

33 Whitehall St.

31 Floor Region 2

N.Y., N.Y. 10004

Council to the Examiner

Howard Seife ect all

Chadbourne & Parker LLp

30 Rockafeller Plaza

N.Y., N.Y.