MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION TO MOTION FOR RELIEF FROM STAY
[DOCKET NO. 3223] AND AMENDED MOTION FOR RELIEF FROM
STAY [DOCKET NO. 3273] FILED BY ALFREDIA PRUITT**

ny-1083420

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ........................................................................................................................... 2

    I.     THE DEBTORS' BANKRUPTCY CASES.................................................................... 2

    II.    THE PROPERTY AND THE FORECLOSURE ............................................................ 3

    III.   MOVANT'S NUMEROUS PRIOR LAWSUITS RELATED TO THE
          FORECLOSURE OF THE PROPERTY........................................................................ 3

    IV.   MOVANT'S PROOF OF CLAIM AND THE MOTIONS ............................................. 5

OBJECTION.................................................................................................................................. 6

CONCLUSION.............................................................................................................................. 8

ny-1083420

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow),
   126 F.3d 43 (2d Cir. 1997)..................................................................................................6

Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.),
   907 F.2d 1280 (2d Cir. 1990)..............................................................................................6

Teletronics Servs. Inc. v. L M Ericsson Telecom., Inc.,
   642 F.2d 31 (2d Cir. 1981)..................................................................................................7

**STATUTES**

11 U.S.C. § 362(c)(3)(A) ...............................................................................................................3

11 U.S.C. § 1107(a) .......................................................................................................................2

11 U.S.C. § 1108............................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 1015(b) ..............................................................................................................2

Fed. R. Civ P. 12(b)(6)...................................................................................................................7

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), including GMAC Mortgage, LLC ("**GMAC Mortgage**") hereby submit this objection (the "**Objection**") to (i) the motion [Docket No. 3223] (the "**Initial Motion**") of Alfredia Pruitt (appearing *pro se*) (the "**Movant**"), filed on March 14, 2013, seeking relief from the automatic stay and (ii) Movant's amended motion [Docket No. 3273] (the "**Amended Motion**" and, together with the Initial Motion, the "**Motions**") for relief from the automatic stay, filed on March 15, 2013. In support hereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.  Although unclear, the Motions appear to seek relief from the automatic stay to assert monetary damages against GMAC Mortgage.[1]  Movant has filed four lawsuits in the Superior Court of Gwinnett County, State of Georgia (the "**State Court**") and an adversary proceeding in her most recent bankruptcy case seeking relief in connection with the allegedly wrongful foreclosure of Movant's property. Movant has been rebuffed each time, ultimately leading to the State Court's issuance of a Bill of Peace preventing Movant from filing or serving any pleadings or suit *in any court* related to the property located at 2360 Hickory Station Circle, Snellville, Georgia 30078 (the "**Property**") without prior order of the State Court. Now, having exhausted all recourse in the State Court, Movant seeks relief from the automatic stay to pursue another frivolous lawsuit.

2.  The Motion should be denied for at least two reasons. ***First***, while Movant filed a proof of claim prior to the claims bar date, she subsequently withdrew her proof of claim. As a result, Movant is forever barred from asserting any monetary claims against the Debtors.

---

[1] See Initial Motion at 6 (asserting violations of the Fair Debt Collection Practices Act and wrongful foreclosure); Amended Motion at 3 ("Your honor I'm asking the court to allow me a **jury trial** for damages or damages this court deem fair.")

ny-1083420

*Second*, any action Movant could seek to bring in connection with the Property would be res judicata. Movant has initiated no less than five law suits in connection with the foreclosure of the Property, and each has been dismissed or decided against Movant. Indeed, the State Court has already directed Movant not to file any pleadings in any court connection with the Property without its prior approval.

## BACKGROUND

### I.     The Debtors' Bankruptcy Cases

3. On May 14, 2012, (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these chapter 11 cases. On July 3, 2012, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York as examiner (the "**Examiner**").

4. On May 16, 2012, the U.S. Trustee appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5. On August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**"), establishing November 9, 2012 as the general claims bar date (the "**Bar Date**"). The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

2

ny-1083420

## II. The Property and the Foreclosure

6.  On September 7, 2010, the Property was sold at foreclosure.[2] On that same day, Movant filed a petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia (the "**Georgia Bankruptcy Court**").[3]

7.  On September 21, 2010, GMAC Mortgage filed a motion in Movant's bankruptcy case seeking an order confirming that due to dismissal of two prior bankruptcy cases filed by Movant in the preceding year, the automatic stay did not arise upon the September 7, 2010 filing of Movant's third bankruptcy case. Exhibit 1-C. On September 22, 2010, the Georgia Bankruptcy Court entered an order confirming that "the automatic stay under §362(a) did not go into effect upon or since the filing of [the] case and, as of the date [t]hereof, no order has been entered imposing a stay to the extent provided in 11 U.S.C. § 362(c)(3)(A)." See Exhibit 1-D. Movant's chapter 13 case was subsequently dismissed on November 17, 2010. See Exhibit 1-E.

## III. Movant's Numerous Prior Lawsuits Related to the Foreclosure of the Property

8.  On December 8, 2010, Movant filed a Motion for Preliminary Injunction in the State Court, initiating an action (the "**First Action**") captioned *Pruitt v. Federal National Mortgage Association et. al.*, Case No. 10-A-10972-3.[4] In the First Action, Movant asserted that the foreclosure of the Property was unlawful and requested a preliminary injunction preventing GMAC Mortgage from proceeding with eviction despite GMAC Mortgage's obtaining a dispossessory order on December 1, 2010 on behalf of Federal National Mortgage Association ("**Fannie Mae**"). See Exhibit 1-F at 2-4. On January 31, 2011, the State Court entered an order

---

[2] See *Order Denying and Dismissing the Above Styled Action for Failure to State a Claim upon which Relief May be Granted and Entry of Bill of Peace* at 1, Case No. 12-A-01388-3 (Sup. Ct. Gwinnett Cty, State of Georgia Mar. 12, 2012), attached hereto as Exhibit 1-A.
[3] *See* Voluntary Petition, Case No. 10-86533 (MGD) (Bankr. N.D. Ga. Sept. 7, 2010), attached hereto as Exhibit 1-B.
[4] Although not styled as a complaint, Movant's motion was the initiating document in the First Action. See Exhibit 1-F. GMAC Mortgage was named as a defendant in the First Action.

denying Movant's request for a restraining order and injunctive relief, affirming the dispossessory order, and granting final judgment in favor of the Defendants, including GMAC Mortgage and Fannie Mae.  See Exhibit 1-G.

9. On September 21, 2011, Movant filed in the State Court a Motion to Set Aside Foreclosure Sale and Temporary Restraining Order, commencing an action (the "**Second Action**") captioned *Pruitt v. Federal National Mortgage Association et. al.*, Case No. 11-A-10084-3[5] asserting that the foreclosure of the Property was unlawful and requesting that the State Court prevent eviction of Movant from the Property.  Exhibit 1-H.  On September 22, 2011, the State Court entered an order denying Movant's request for a temporary restraining order and denying Movant's request to set aside the foreclosure sale for failure to state a claim upon which relief could be granted.  Exhibit 1-I.

10. On October 7, 2011, Movant filed an Application, initiating an action in the State Court (the "**Third Action**")[6] captioned *Pruitt v. Federal National Mortgage Association, et. al.*, Case No. 11-A-10675-3.  In the Third Action, Movant sought, among other things, that the State Court deem the mortgage on the Property void, quiet title in Movant's favor, and issue a temporary restraining order preventing Movant's eviction.  Exhibit 1-J.  On October 10, 2011, the State Court entered an order denying Movant's request for a temporary restraining order and dismissing the Third Action for failure to state a claim upon which relief could be granted. Exhibit 1-K.  Additionally, on January 26, 2012, the State Court entered an order directing the clerk of the court to cancel two lis pendens which had previously been recorded by Movant in connection with the Property.  Exhibit 1-L.

---

[5] As with the prior action, Movant's application was not captioned a complaint but was the initiating document in the Second Action.  GMAC Mortgage was also named as a defendant in the Second Action although referred to only as GMAC.

[6] GMAC Mortgage was once again named as a defendant.

11.     On February 15, 2012, Movant filed in the State Court a fourth action (the "**Fourth Action**," and together with the First Action, the Second Action, and the Third Action, the "**State Court Actions**"),[7] captioned *Pruitt v. MERS/GMAC et. al.*, Case No. 12-A-01388-3. See Exhibit 1-O.  In the Fourth Action, Movant once again asserted that the foreclosure of the Property was wrongful, sought to quiet title, and requested compensatory and punitive damages against the defendants, including GMAC Mortgage and Fannie Mae.  See Exhibit 1-O.

12.     On March 12, 2012, the State Court entered an order dismissing the Fourth Action.  See Exhibit 1-A.  Additionally, having presided over three prior lawsuits involving the same allegations in connection with the foreclosure of the Property, the State Court judge also entered a Bill of Peace.  The Bill of Peace provides:

> [A]s this is the fourth suit in addition to an appeal from Magistrate Court that Plaintiff has filed with respect to the property located at 2360 Hickory Station Circle, Snellville, Georgia 30078 and the claims having been previously adjudicated in the three prior actions between the same parties, Plaintiff Alfredia Pruitt is hereby permanently enjoined from filing or serving in the above-styled case or filing or serving in any other case in any court any pleadings or suits related to the property located at 2360 Hickory Station Circle, Snellville, Georgia 30078 without further Order of this Court, with the exception of notices of appeal from this Order. *See* O.C.G.A. § 23-3-110 (a)(2).

Exhibit 1-A at 3.[8]

### IV.   Movant's Proof of Claim and the Motions

13.     On September 27, 2012, Movant filed a proof of claim [Claim No. 835] in the Debtors' chapter 11 cases.  See Exhibit 1-P.  Thereafter, on October 9, 2012, Movant withdrew her proof of claim.  See Exhibit 1-Q.

---

[7] In addition to the State Court Actions, Movant also filed an adversary proceeding, Adv. Proc. No. 11-05116 (MGD), in the fourth of her bankruptcy cases, Case No. 11-52442 (MGD) making substantially identical allegations and requesting substantially identical relief.  See Exhibit 1-M.  This matter as well, was subsequently dismissed as a result of the dismissal of Movant's bankruptcy case.  See Exhibit 1-N

[8] The Debtors expressly reserve all right with respect to the Bill of Peace, including the right to enforce the terms thereof.

5

14. On March 14, 2013, Movant filed the Initial Motion, seeking relief from the automatic stay apparently for the purposes of initiating another action arising out of the same facts and circumstances as each of the State Court Actions and Movant's adversary proceeding. On March 15, 2013, Movant filed the Amended Motion, seemingly requesting the same relief, but attaching additional documentation.

### OBJECTION

15. Initially, the Debtors object to the Motions because Movant withdrew her proof of claim in these chapter 11 cases, and is therefore barred from asserting any monetary claims against the Debtors.[9] The claims bar date in this case occurred on November 16, 2012. Having withdrawn her proof of claim, Movant is now "forever barred, estopped and enjoined" from asserting any prepetition claims against the Debtors. *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* ¶ 11. Accordingly, granting Movant relief from the automatic stay to pursue any additional actions against GMAC Mortgage or the other Debtors would be futile because Movant would not be entitled to assert against the Debtors any money judgment arising from such actions.

16. Additionally, Movant has made the allegations raised in the Motions in no less than five prior lawsuits naming GMAC Mortgage, all of which, with the exception of the adversary proceeding in her fourth bankruptcy case, were resolved on the merits against Movant. The First Action was resolved by judgment and order in favor of the defendants, including GMAC Mortgage, and the three subsequent State Court Actions were dismissed for failure to state a claim upon which relief could be granted. Each of these dismissals, alone, would result in

---

[9] The Debtors also note that Movant has failed to meet her initial burden of showing cause for relief from the automatic stay. She has not attempted to address any of the factors set forth by the Second Circuit in Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990). For that reason as well, the Motions should be denied. See Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (quotation omitted); Sonnax, 907 F.2d at, 1285.

a bar on any action arising from the issues raised in the State Court Actions or that could have been raised in the State Court Actions. See Teletronics Servs. Inc. v. L M Ericsson Telecom., Inc., 642 F.2d 31, 34 (2d Cir. 1981) (judgments under Rule 12(b)(6), including for failure to state a claim upon which relief can be granted, are judgments on the merits with res judicata effects). Accordingly, relief from the automatic stay would be futile for this reason as well.

17. Finally, in the State Court Actions, the State Court, apparently in recognition of the frivolous nature of Movant's duplicative lawsuits, the State Court entered a Bill of Peace, permanently enjoining Movant from "filing or serving in the above-styled case or filing or serving in any other case in any court any pleadings or suits related to the" Property. See Exhibit 1-A at 3. Thus, even were this Court to grant Movant stay relief, Movant faces a seemingly insurmountable obstacle in commencing another case before the State Court.

## CONCLUSION

18.     Because Movant has failed to provide any basis for relief from the automatic stay and any further action in connection with the Property would be barred by res judicata, the Motion should be denied.

19.     WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order denying the Motion and granting such other relief as the Court deems proper.

New York, New York  
Dated: April 4, 2013

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Lorenzo Marinuzzi  
Norman S. Rosenbaum  
James A. Newton  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the Debtors and*  
*Debtors in Possession*