# <u>APPENDIX OF EXHIBITS</u>

| Exhibit | Court | Case No. | Case Name | ECF No. | Date Filed | Title of Pleading |
|---------|-------|----------|-----------|---------|-----------|-------------------|
| 1-A | Superior Court, Gwinnett County, Georgia | 12-A-01388-3 | *Pruitt v. MERA/GMAC* | --- | 3/12/12 | Order Denying and Dismissing the Above-Styled Action for Failure to State a Claim upon which Relief May Be Granted and Entry of Bill of Peace |
| 1-B | United States Bankruptcy Court, Northern District of Georgia | 10-86533 (MGD) | *In re Pruitt* | 1 | 9/7/10 | Voluntary Petition |
| 1-C | United States Bankruptcy Court, Northern District of Georgia | 10-86533 (MGD) | *In re Pruitt* | 11 | 9/21/10 | Motion for Order Under § 362(c)(4)(A)(ii) Confirming No Automatic Stay Is In Effect |
| 1-D | United States Bankruptcy Court, Northern District of Georgia | 10-86533 (MGD) | *In re Pruitt* | 13 | 9/22/10 | Order Under § 362(c)(4)(A)(ii) Confirming No Automatic Stay Is In Effect |
| 1-E | United States Bankruptcy Court, Northern District of Georgia | 10-86533 (MGD) | *In re Pruitt* | 16 | 11/17/10 | Order of Dismissal |
| 1-F | Superior Court, Gwinnett County, Georgia | 10-A-109723-3 | *Pruitt v. Federal National Mortgage Association, et al.* | --- | 12/8/10 | Plaintiff's Motion for Preliminary Injunction |
| 1-G | Superior Court, Gwinnett County, Georgia | 10-A-109723-3 | *Pruitt v. Federal National Mortgage Association, et al.* | --- | 1/31/11 | Final Order and Judgment |
| 1-H | Superior Court, Gwinnett County, Georgia | 11-A-10084-3 | *Pruitt v. Federal National Mortgage Association, et al.* | --- | 9/21/11 | Plaintiff's Motion to Set Aside Foreclosure Sale and Temporary Restraining Order |

| Exhibit | Court | Case No. | Case Name | ECF No. | Date Filed | Title of Pleading |
|---------|-------|----------|-----------|---------|------------|-------------------|
| 1-I | Superior Court, Gwinnett County, Georgia | 11-A-10084-3 | *Pruitt v. Federal National Mortgage Association, et al.* | --- | 9/22/11 | Order Denying Plaintiff's *Pro Se* Application and Request for Temporary Restraining Order and Order Denying and Dismissing Plaintiff's *Pro Se* Motion to Set Aside Foreclosure Sale and the Above-Styled Action for Failure to State a Claim Upon Which Relief May Be Granted |
| 1-J | Superior Court, Gwinnett County, Georgia | 11-A-10675-3 | *Pruitt v. Federal National Mortgage Association, et al.* | --- | 10/7/11 | Complaint |
| 1-K | Superior Court, Gwinnett County, Georgia | 11-A-10675-3 | *Pruitt v. Federal National Mortgage Association, et al.* | --- | 10/10/11 | Order Denying Plaintiff's Pro Se Motion/Application for Temporary Restraining Order and Order Denying and Dismissing the Above-styled Action for Failure to State a Claim upon which Relief may be Granted |
| 1-L | Superior Court, Gwinnett County, Georgia | 11-A-10675-3 | *Pruitt v. Federal National Mortgage Association, et al.* | --- | 1/26/12 | Order Directing Clerk to Cancel Two (2) Lis Pendens |
| 1-M | United States Bankruptcy Court, Northern District of Georgia | Adv. Proc. No. 11-05116 (MGD) | *Pruitt v. MERS/GMAC, et al.* | 1 | 3/2/11 | Adversary Complaint |
| 1-N | United States Bankruptcy Court, Northern District of Georgia | Adv. Proc. No. 11-05116 (MGD) | *Pruitt v. MERS/GMAC, et al.* | 26 | 8/26/11 | Order Dismissing Adversary Proceeding |
| 1-O | Superior Court, Gwinnett County, Georgia | 12-A-01388-3 | *Pruitt v. MERS/GMAC, et al.* | --- | 2/15/12 | Complaint for Wrongful Foreclosure, Declaratory Relief and Judgment, Assignment and Title Fraud/Slander of Title, Violation of Duty of Good Faith and Fair Dealing, Claim for Litigation Fees and Costs and Punitive Damages |
| 1-P | United States Bankruptcy Court, Southern District of New York | 12-12020 (MG) | *In re Residential Capital, LLC, et al.* | Claim No. 835 | KCC Date Stamped 9/27/12 | Alfredia Pruitt Proof of Claim |

| Exhibit | Court | Case No. | Case Name | ECF No. | Date Filed | Title of Pleading |
|---------|-------|----------|-----------|---------|------------|-------------------|
| 1-Q | United States Bankruptcy Court, Southern District of New York | 12-12020 (MG) | *In re Residential Capital, LLC, et al.* | --- | KCC Date Stamped 10/9/12 | Request to Withdraw Proof of Claim |

## Exhibit 1-A

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

2012 MAR 12  PM 2: 27

_____ ALEXANDER, CLERK

|  |  |  |
|---|---|---|
| ALFREDIA PRUITT, | * | Civil Action File No. 12-A-01388-3 |
| Plaintiff, | * |  |
| | * | Plaintiff's *pro se* Complaint for |
| v. | * | Wrongful Foreclosure, Declaratory |
| | * | Relief and Judgement, Assignment |
| MERS/GMAC, USAA FEDERAL | * | and Title Fraud/Slander of Title, |
| SAVINGS BANK, FEDERAL | * | Violation of Duty of Good Faith and |
| NATIONAL MORTGAGE | * | Fair Dealing; Claim for Litigation Fees |
| ASSOCIATION, FANNIE MAE, | * | and Costs and Punitive Damages filed |
| Defendants. | * | 2/15/2012 |
| | * | |

ORDER DENYING AND DISMISSING
THE ABOVE-STYLED ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH
RELIEF MAY BE GRANTED
AND
ENTRY OF BILL OF PEACE

Whereas on February 15, 2012, the Plaintiff filed the above-styled action, Civil

Action File no. 12-A-01388-3, asserting claims for wrongful foreclosure, declaratory

relief and judgment, title fraud/slander of title, violation of duty of good faith and fair

dealing, litigation fees and costs, and punitive damages in connection with the

foreclosure of a home located at 2360 Hickory Station Circle, Snellville, Georgia 30078

(*see* Plaintiff's Complaint at ¶ 1);

Whereas the home was sold at foreclosure on September 7, 2010 (*see* Plaintiff's

Complaint at ¶ 2);

Whereas the Plaintiff previously filed Civil Action File No. 10-A-10972-3, an

appeal from Magistrate Court, which addressed the same issues involved and the same

parties in the above-styled Civil Action File No. 12-A-01388-3;

Whereas in Civil Action File No. 10-A-10972-3, the Court entered a Final Order

and Judgment filed on January 31, 2011 and issued a Writ of Possession filed on

January 31, 2011; on February 1, 2011, the Court filed an Order Terminating Action

1

Pending Bankruptcy and Order Staying Previously Entered Writ of Possession filed on

January 31, 2011; on September 12, 2011, the Court filed an Order Reopening Case

and Lifting Stay and Order Reinstating Writ of Possession filed on January 31, 2011;

Whereas in Civil Action File No. 10-A-10972-3, following a show cause hearing,

the Court entered an Order Dismissing Alfredia Pruitt's Notice of Appeal and Amended

Notices of Appeal pursuant to O.C.G.A. § 5-6-48(c) for failure to pay costs (*see* Order

filed January 26, 2012);

Whereas on September 21, 2011, Plaintiff filed Civil Action File No. 11-A-10084-

3, which addressed the same issues involved and the same parties in Civil Action File

No. 10-A-10972-3 and the above-styled Civil Action File No. 12-A-01388-3;

Whereas in Civil Action File No. 11-A-10084-3, the Court entered an Order

dismissing the action for failure to state a claim upon which relief may be granted (*see*

Order filed September 22, 2011);

Whereas in Civil Action File No. 11-A-10084-3, following a show cause hearing,

the Court entered an Order Dismissing Alfredia Pruitt's Notice of Appeal and Amended

Notices of Appeal pursuant to O.C.G.A. § 5-6-48(c) for failure to pay costs (*see* Order

filed January 26, 2012);

Whereas on October 7, 2011, Plaintiff filed Civil Action File No. 11-A-10675-3,

which addressed the same issues involved and the same parties in Civil Action File

Nos. 10-A-10972-3 and 11-A-10084-3 and the above-styled Civil Action File No. 12-A-

01388-3;

Whereas in Civil Action File No. 11-A-10675-3, the Court entered an Order

dismissing the action for failure to state a claim upon which relief may be granted (*see*

Order filed on October 10, 2011);

2

Whereas in Civil Action File No. 11-A-10675-3, following a show cause hearing, the Court entered an Order Dismissing Alfredia Pruitt's Notice of Appeal pursuant to O.C.G.A. § 5-6-48(c) for failure to pay costs (*see* Order filed January 26, 2012);

Wherefore the Court, having read and considered the Complaint in Civil Action 12-A-01388-3, as well as the entire record, hereby **DISMISSES** the above-styled action for failure to state a claim upon which relief may be granted, as the same has been previously adjudicated by Final Orders Civil Action File Nos. 10-A-10972-3, 11-A-10084-3, and 11-A-10675-3.

Additionally, as this is the fourth suit in addition to an appeal from Magistrate Court that Plaintiff has filed with respect to the property located at 2360 Hickory Station Circle, Snellville, Georgia 30078 and the claims having been previously adjudicated in the three prior actions between the same parties, Plaintiff Alfredia Pruitt is hereby permanently enjoined from filing or serving in the above-styled case or filing or serving in any other case in any court any pleadings or suits related to the property located at 2360 Hickory Station Circle, Snellville, Georgia 30078 without further Order of this Court, with the exception of notices of appeal from this Order. *See* O.C.G.A. § 23-3-110 (a)(2).

The Court notes that the Georgia Court of Appeals denied an emergency motion that Plaintiff filed in connection with one of her previously filed actions, finding the Plaintiff was not entitled to maintain possession of the premises pending appeal and that said appeal was not timely filed. *See* Court of Appeals No. MD-12-04, October 6, 2011.

SO ORDERED, this ___9th___ day of March, 2012.

DAWSON JACKSON, Judge
Gwinnett Superior Court

3

Copies to:

Alfredia Pruitt, *pro se*
P.O. Box 1312
Norcross, GA 30071

A.William Loeffler, Esq.
Teah N. Glenn, Esq.
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree St., NE
Suite 5200
Atlanta, GA 30308-2216

# Exhibit 1-B

B1 (Official Form 1) (4/10)

FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2010 SEP -7 AM 8:32

M. REGINA THOMAS
CLERK
BY _____ 
DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): Pruitt N/bra | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 3328 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 2368 Hickory Station Cr. Snellville GA  ZIP CODE 30078 | Street Address of Joint Debtor (No. and Street, City, and State):  ZIP CODE |
| County of Residence or of the Principal Place of Business: Gwinnett | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):  ZIP CODE | Mailing Address of Joint Debtor (if different from street address):  ZIP CODE |

10-86533

| | |
|---|---|
| Location of Principal Assets of Business Debtor (if different from street address above): | ZIP CODE |

| Type of Debtor (Form of Organization) (Check one box.) | Nature of Business (Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7  ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12  ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☑ Chapter 13 |
| | **Tax-Exempt Entity** (Check box, if applicable.) | **Nature of Debts** (Check one box.) |
| | ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."  ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors
| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☑ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities
| ☐ $0 to $50,000 | ☑ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (4/10)  Page 2

| **Voluntary Petition** | Name of Debtor(s) *Afredia Prit* |
|---|---|
| *(This page must be completed and filed in every case.)* | |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.)

| Location Where Filed: *Northern* | Case Number: *D-18992* | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br><br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ <br> Signature of Attorney for Debtor(s)    (Date) |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form) 1 (4/10)                                                                                                      Page 3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | |

| **Signatures** |

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _Sandra Paul_<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>Telephone Number (if not represented by attorney)<br>_770-820-3988_<br>Date   _9-7-10_ | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only one box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>_____<br>    (Printed Name of Foreign Representative)<br><br>_____<br>    Date |
| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X _____<br>    Signature of Attorney for Debtor(s)<br><br>    Printed Name of Attorney for Debtor(s)<br><br>    Firm Name<br><br>    Address<br><br>    Telephone Number<br><br>    Date<br><br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(c); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>    Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>    Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _Sandra Paul_<br>    Signature of Authorized Individual<br><br>    Printed Name of Authorized Individual<br><br>    Title of Authorized Individual<br><br>    Date |     Address<br>X _____<br><br>    Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# UNITED STATES BANKRUPTCY COURT

Northern District of Georgia

In re Alfreda Piatt
_____
Debtor

Case No._____
(if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

❏ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☑ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

Consumer Credit Counseling

_____

_____

_____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Alfredia Pruitt_

Date: _9/7/10_

WARNING: Effective December 1, 2009, the 15-day deadline to file ...
Bankruptcy Rule 1007(c) is shortened to 14 days. For further information, see note at bottom of page 2
Case 10-06533 Doc 1 Filed 09/07/10 Entered 09/07/10 03:52:01 Appendix Page 2
Exhibits A through 1-G Page 15 of 40

# UNITED STATES BANKRUPTCY COURT

# NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
# OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total fee $299)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are

found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Case 10-00833-hb9 Doc 1 Filed 04/04/10 Entered 04/05/10 15:33:52 Desc Main Document Page 16 of 40

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:** **Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:** **Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:** **Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

**Many filing deadlines change on December 1, 2009. Of special note, 12 rules that set 15 days to act are amended to require action within 14 days, including Rule 1007(c), filing the initial case papers; Rule 3015(b), filing a chapter 13 plan; Rule 8009(a), filing appellate briefs; and Rules 1019, 1020, 2015, 2015.1, 2016, 4001, 4002, 6004, and 6007.**

United States Bankruptcy Court

12-12020-mg Doc 33 Page 35 Doc 11 Filed 09/03/10 Entered 09/18/10 33:52:01 Appendix Exhibit Voluntary Petition Page 17 of 40

In re _____          Case No. _____
                **Debtor**

                                            Chapter _____

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of [Non-Attorney] Bankruptcy Petition Preparer

I, the [non-attorney] bankruptcy petition preparer signing the debtor's petition, hereby certify that I delivered to the debtor the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____
Printed name and title, if any, of Bankruptcy Petition Preparer
Address:

_____

X_____

Signature of Bankruptcy Petition Preparer or officer,
principal, responsible person, or partner whose Social
Security number is provided above.

Social Security number (If the bankruptcy petition
preparer is not an individual, state the Social Security
number of the officer, principal, responsible person, or
partner of the bankruptcy petition preparer.) (Required
by 11 U.S.C. § 110.)

### Certification of the Debtor

I (We), the debtor(s) affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

_____
Printed Name(s) of Debtor(s)

Case No. (if known) _____

          Date

X_____
Signature of Debtor          Date

X_____
Signature of Joint Debtor (if any)

---

**Instructions:** Attach a copy of Form B 201A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

| McCurdy + Candler | |
| Six Piedmont Road NE | |
| Atlanta GA 30305 | |

Case 10-86533-mgd   Doc 1   Filed 09/07/10   Entered 09/07/10 03:52:01   Desc
Voluntary Petition   Page 19 of 40

U. S. BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

\# 01145839 - JD
September 7, 2010


| Code | Case No | Qty | Amount | By |
|------|---------|-----|--------|-----|
| 13I  | 10-86533 | 1  | $0.00 | CA |

Judge  - Not Assigned []
Debtor - A. PRUITT


TOTAL:                          $0.00


FROM: Alfredia Pruitt
      2360 Hickory Station Circle
      Snellville, GA 30078

CASE NUMBER: **10 - 86533**

( ✓ ) Paid $ 0
( ) IFP filed (Ch.7 Individuals Only)

( ✓ ) Non-Business
( ) Business

( ) Complete
( ✓ ) Incomplete

**Orders on Fee Application**      ( ✓ ) Order Issued      ( ) Application NOT filed

| | |
|---|---|
| **Chapter 7** (Individuals Only)<br>( ) 02g - Chapter 7 Order Granting | |

**Chapter 13** (Individuals Only)
( ) 02g - Chapter 13 Order Granting: 2 Installments of $_____ each
( ) 03g - Chapter 13 Order Granting - 10 day (3 Installments of $75.00, $99.50 & $99.50)
( ✓ ) 02d - Chapter 13 Order Denying $ 274.00 due

**Chapter 11** (Individuals Only)
( ) 02g - Chapter 11 Order Granting: 2 Installments of $_____ each
( ) 03g - Chapter 11 Order Granting - 10 day (3 Installments of $339.00, $350.00 & $350.00)
( ) 02d - Chapter 11 Order Denying $ _____ due

**Missing Documents:**
( ) Matrix - **Requires separate Order**
( ) Pro se Affidavit
( ) Form B21

( ) Voluntary Petition not on Official Form One (4/10)
( ) Exhibit D - Individuals only (12/09)
( ✓ ) Statement of Financial Affairs (4/10)
( ✓ ) Schedules: A B D F G H I J (12/07) C E (4/10)
( ✓ ) Summary of Schedules (12/07)
( ✓ ) Statistical Summary (12/07)
( ✓ ) Declaration Page for Summary & Schedules (12/07)
( ) Statement of Intent - Ch. 7 individual only (12/08)
( ) Attorney Disclosure Statement (12/94)
( ) Petition Preparer Disclosure Statement Fm280 (10/05)
( ) Declaration & Notice: Non-Atty Pet. Preparer B19 (12/07)
( ) Certification of Notice 342- Form 201B (12/09)
( ✓ ) Statement of Current Monthly Income/Means Test
    Ch.7/13 (4/10); Ch.11 (1/08)
( ✓ ) Chapter 13 Plan, complete with signatures (4/08)
( ✓ ) Certificate of Credit Counseling
( ✓ ) Pay Advices
( ) Corporate Resolution (Business Ch. 7 & 11)

**Ch.11 Business**
( ) 20 Largest Unsecured Creditors
( ) List of Equity Security Holders
( ) Small Business - Balance Sheet
( ) Small Business - Statement of Operations
( ) Small Business - Cash Flow Statement
( ) Small Business - Federal Tax Returns

**Petition Deficiencies:**
( ) Name
( ) Last 4 digits of SSN
( ) Address      ( ) County
( ) Type of Debtor
( ) Chapter
( ) Nature of Debts
( ) Statistical Estimates
( ) Signatures
( ) Attorney Bar Number

| **Case filed via:** |
|---|
| ( ✓ ) Intake Counter by:<br>   ( ) Attorney<br>   ( ✓ ) Debtor - verified ID<br>   ( ) Other - verified ID of:<br><br>( ) Mailed by:<br>   ( ) Attorney<br>   ( ) Debtor<br>   ( ) Other: _____ |

| **History of Case Association** |
|---|
| Prior cases within 2 years: 10-66283 jem,<br>10-78992 mgd<br><br>Related case within years: _____ |

| | | | |
|---|---|---|---|
| Intake Clerk: | Jackie Dukes | Date: | 9/7/10 |
| Case Opener: | | Date: | |

## Exhibit 1-C

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| ALFREDIA PRUITT, | ) | CASE NO.  10-86533-MGD |
| | ) | |
| | ) | |
| Debtor. | ) | |
| - - - - - - - - - - - - - - - - - - - - - - - | ) | - - - - - - - - - - - - - - - - - - - - - |
| GMAC MORTGAGE, LLC, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Movant, | ) | |
| | ) | CONTESTED MATTER |
| vs. | ) | |
| | ) | |
| ALFREDIA PRUITT, Debtor, | ) | |
| MARY IDA TOWNSON, Trustee, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**MOTION FOR ORDER UNDER § 362(c)(4)(A)(ii) CONFIRMING
NO AUTOMATIC STAY IS IN EFFECT**

COMES NOW GMAC Mortgage, LLC (hereinafter referred to as "Movant"), and files this
Motion under 11 U.S.C. § 362(c)(4)(A)(ii), for an order confirming that no automatic stay is in effect,
showing the Court as follows:

1.  Movant holds a security interest on property of Debtor commonly known as 2360 Hickory
Station Circle, Snellville, Gwinnett County, Georgia.

2.  This Chapter 13 case was filed on September 7, 2010.  During the one-year period preceding
the filing of this case, Debtor was in two prior cases that were pending but were dismissed.  Case No.
10-66283-MGD was filed on March 2, 2010, immediately prior to Movant's scheduled March 2, 2010
foreclosure sale, and was dismissed on March 18, 2010.  Debtor's second case within the past year,
Case No. 10-78992-MGD, was filed on July 1, 2010, immediately prior to Movant's scheduled July 6,
2010 foreclosure sale, and was dismissed on July 20, 2010.  Neither of the prior cases was a Chapter 7
case dismissed pursuant to 11 U.S.C. §707(b).  Therefore, this current case is not a case refiled under a

*M&C File No. 08-00987*

chapter other than Chapter 7 following a prior case that was dismissed pursuant to 11 U.S.C. § 707(b).
See 11 U.S.C. § 362(c)(3).

     3.  No order has been issued under 11 U.S.C. § 362(c)(4)(B) imposing the stay.

     4.  Movant therefore shows that upon and since the filing of this case, the automatic stay did not
go into effect.

     WHEREFORE, Movant respectfully requests that the Court enter an Order confirming that the
automatic stay is not in effect.

McCURDY & CANDLER, L.L.C.


BY: __/s/  Anthony Maselli
Anthony Maselli
Attorney for GMAC Mortgage, LLC
GA. State Bar No. 558670

3525 Piedmont Road, NE
Building 6, Suite 700
Atlanta, GA  30305
(404) 373-1612

*M&C File No. 08-00987*

RE:    **ALFREDIA PRUITT,**                      **CASE NO.  10-86533-MGD**
                                                 **CHAPTER 13**


### CERTIFICATE OF SERVICE

      That on the 21st day of September, 2010, I served a copy of the **"MOTION FOR ORDER UNDER § 362(c)(4)(A)(ii) CONFIRMING NO AUTOMATIC STAY IS IN EFFECT"** to be filed in this bankruptcy matter by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties at:

Alfredia Pruitt
2360 Hickory Station Circle
Snellville, GA 30078


Mary Ida Townson
Chapter 13 Trustee
100 Peachtree Street, N.W.
Suite 2700 Equitable Bldg.
Atlanta, GA 30303

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 9/21/2010                      By:__/s/Anthony Maselli
                                              Anthony Maselli

*M&C File No. 08-00987*

# **Exhibit 1-D**

**IT IS ORDERED as set forth below:**

**Date: September 21, 2010**

_Mary Grace Diehl_
_____
**Mary Grace Diehl**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| ALFREDIA PRUITT, | ) CASE NO.  10-86533-MGD |
| | ) |
| | ) |
| Debtor. | ) |
| - - - - - - - - - - - - - - - - - - - - - - - | ) - - - - - - - - - - - - - - - - - - - |
| GMAC MORTGAGE, LLC, | ) |
| | ) |
| | ) |
| | ) |
| Movant, | ) |
| | ) CONTESTED MATTER |
| vs. | ) |
| | ) |
| ALFREDIA PRUITT, Debtor, | ) |
| MARY IDA TOWNSON, Trustee, | ) |
| | ) |
| | ) |
| Respondents. | ) |

**ORDER UNDER § 362(c)(4)(A)(ii) CONFIRMING THE**
**AUTOMATIC STAY IS NOT IN EFFECT**

Movant seeks an order under 11 U.S.C. §362(c)(4)(A)(ii) confirming that the automatic stay is

not in effect.

_M&C File No. 08-00987_

The Debtor was a debtor in two prior cases that were both dismissed within the one-year period preceding the filing of this case. Neither of the prior cases was a Chapter 7 case dismissed pursuant to 11 U.S.C. §707(b), and no order has been entered pursuant to 11 U.S.C. § 362(c)(4)(B) imposing the stay. Accordingly, the automatic stay under §362(a) did not go into effect upon or since the filing of this case and, as of the date hereof, no order has been entered imposing a stay to the extent provided in 11 U.S.C. § 362(c)(3)(A).

**[END OF DOCUMENT]**

Prepared and Submitted by:

_____ /s/ Anthony Maselli_____
Anthony Maselli
Georgia Bar No.: 558670
McCurdy & Candler, L.L.C.
3525 Piedmont Road, NE
Building 6, Suite 700
Atlanta, GA  30305
(404) 373-1612 Telephone
(404) 370-7237 Facsimile
amaselli@mccurdycandler.com

<u>DISTRIBUTION LIST</u>

Alfredia Pruitt
2360 Hickory Station Circle
Snellville, GA 30078

Mary Ida Townson
Chapter 13 Trustee
100 Peachtree Street, N.W.
Suite 2700 Equitable Bldg.
Atlanta, GA 30303

Anthony Maselli
McCurdy & Candler, LLC
3525 Piedmont Road, NE
Building 6, Suite 700
Atlanta, GA  30305

# **Exhibit 1-E**

# UNITED STATES BANKRUPTCY COURT

## Northern District of Georgia

In Re: Debtor(s)
**Alfredia Pruitt**
2360 Hickory Station Circle
Snellville, GA 30078

**xxx–xx–3328**

Case No.: **10–86533–mgd**
Chapter: **13**
Judge: **Mary Grace Diehl**

## ORDER OF DISMISSAL

The Chapter 13 Trustee's objection(s) to confirmation came before the Court and

After hearing and for good cause shown, confirmation is denied, and

**IT IS ORDERED THAT THIS CASE IS DISMISSED.**

Any unpaid filing fees must be paid by the Debtor(s) to the Clerk of the United States Bankruptcy Court within fourteen (14) days of the date of the entry of this Order.

The Clerk is directed to serve a copy of this Order on the Debtor(s), the Attorney for the Debtor(s), the Chapter 13 Trustee, all creditors and other parties in interest. The Attorney for the Debtor(s) shall serve a copy of this Order upon any employer of the Debtor(s) who is subject to an employer deduction order.

_Mary Grace Diehl_

Mary Grace Diehl
United States Bankruptcy Judge

Dated: November 17, 2010

Form 155

# **Exhibit 1-F**

Superior

FILED IN OFFICE
CLERK SUPERIOR COURT

IN THE ~~MAGISTRATE~~ COURT OF GWINNETT COUNTY, GA

STATE OF GEORGIA

2010 DEC -8  PM 3: 11

TOM LAWLER, CLERK

ALFREDIA PRUITT,
Plaintiff,

VS.

FEDERAL NATIONAL
MORTGAGE ASSOCIATION,
GMAC,
FANNIE MAE,
USAA FEDERAL SERVICING BANK
Defendant

CASE NO. 10M40065

CIVIL CASE

**10A  10972    3**

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

### A. Motion

COMES NOW ALFREDIA PRUITT, Plaintiff in the above-captioned matter, and respectfully files this motion against Defendants **FEDERAL NATIONAL MORTGAGE ASSOCIATION, GMAC, FANNIE MAE,** and **USAA FEDERAL SAVINGS BANK** as follows:

### B. JURISDICTION AND VENUE

1.    Plaintiff, Alfredia Pruitt, is an individual who resides in Gwinnett County, Georgia.

2.    Defendant, Federal National Mortgage Association is a Georgia corporation, may be served with process at, c/o 3525 Piedmont Road NE building 6 ste. 700, Atlanta, GA 30305.

3.    Defendant GMAC a corporation doing business in Georgia and may be served with process at 3 Ravinia Drive Atlanta, GA 30346,

4.    Defendant Fannie Mae a corporation doing business in Georgia and may be served with process at 950 E Paces Ferry Rd NE, Atlanta, GA, 30326

5.    Defendant USAA Federal Savings Bank a corporation doing business in Georgia and may be served with process at Terminus 200 Building, 3333 Piedmont Rd, Ste 2050, Atlanta, GA 30305.

6.    Jurisdiction is proper in this Court.

7.    Venue is proper in this Court.

## C. FACTUAL ALLEGATIONS

8.    Plaintiff owned property located at 2360 Hickory Station Circle, Snellville, Georgia 30078.

9.    The Plaintiff became indebted to USAA Federal Savings Bank. Plaintiff failed to pay the debt and started negotiating the payment with USAA Federal Savings Bank.

10.    Defendant GMAC, Federal National Mortgage Association purchased Plaintiff's property at a sale in which GMAC was not the beneficiary or holder of the note. Federal National Mortgage Association filed a dispossessory proceeding complaint for eviction of Plaintiff from her property.

11.    On December 1, 2010 the lower court ruled in favor of the Defendants to evict the plaintiff from her property.

12.    Subsequently, the Plaintiff filed a lawsuit and appeal against the Defendants for unlawful foreclosure on December 6, 2010.

## D. Cause of Action (UNLAWFUL FORECLOSURE)

13.    Plaintiff's cause of action against FEDERAL NATIONAL MORTGAGE ASSOCIATION, GMAC, FANNIE MAE, USAA FEDERAL SERVICING BANK is because the Defendants illegally assisted GMAC, Federal National Mortgage Association with the unlawful foreclosure of the plaintiff's property.

14.    Plaintiff requested information from Defendants to prove that the person signing all affidavits for foreclosure had personal knowledge of the information contained in the affidavit.

15.    In addition, Plaintiff requested that the Defendants provide evidence of the true legal holder of the note

16.    Defendants have yet to produce any documents requested.

17.    Plaintiff filed suit against the Defendants seeking to set aside the sale of her property by GMAC and stop the eviction.

## E. Motion for PRELIMINARY INJUNCTION

18.    "A motion for interlocutory injunction or a TRO is an extraordinary motion, which is time sensitive, unlike other motions, because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm." Focus Entertainment International, Inc., v. Partridge Greene, Inc. (253 Ga. App. 121) (558 SE2d 440) (2001).

19.    Plaintiff is seeking an emergency preliminary injunction order to prevent the defendants from evicting the Plaintiff from the property which is the subject of the land and title lawsuit.

20.    Defendant is not the owner of the mortgage and note.

21.    The trustee is not properly authorized to post the sale notice and they did so illegally and with intention to deceive the borrower and the court causing the borrower and the court to reasonably rely ~~upon~~ upon the statements of facts and procedures used by the lender.

22.    Allowing the sale and eviction will result in Plaintiff being possible a victim of predatory lending and unlawful foreclosure.

23.    It is probable that the Plaintiff will prevail in this lawsuit.

24.    Also, the Plaintiff's claim against the Defendants is filed to preserve the status quo of the parties until the issue of title is resolved.

25.    In the event this Court does not grant the Plaintiff's Motion for preliminary injunction, she will suffer irreparable harm because the real estate which is the subject of this lawsuit is unique in character and cannot be replaced with money damages only. Applicant has no other adequate remedy at law.

26.    In addition, allowing the Sale and eviction to be completed, would not only expose Plaintiff to potentially ruinous financial liability, but would also be a direct violation of The Due Process Clause, and numerous Constitutional guarantees concerning property.

## F. Request for Preliminary Injunction

27.    Plaintiff asks the court to set her preliminary injunction order for a hearing, and

after hearing the motion, issue a preliminary injunction order against Defendants and stop the eviction until or after the lawsuit has been resolved.

G. Prayer

28. For these reasons, Plaintiff asks the court to grant the preliminary injunction order stopping the eviction and enforcement of her rights.

Respectfully submitted,

Alfredia Pruitt
2360 Hickory Station Circle
Snellville, Georgia 30078
(770) 668-3915 Phone

VERIFICATION

I, Plaintiff Alfredia Pruitt, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify in this matter. My person and my property are in danger of immediate and irreparable injury, and loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition; and I hereby Certify, that the facts set forth regarding all matters stated in the above paragraphs are true and correct, therefore since this is an Emergency Petition further notice should not be required. I have read the foregoing pleading, the facts stated therein are from firsthand knowledge and are true and correct to the best of my knowledge and belief.
This 8th day of December, 2010

Alfredia Pruitt
Subscribed and sworn to before me,
this 8th day of December, 210.
Seal

Notary Public
My Commission Expires:

Q BADWAN
NOTARY PUBLIC, GWINNETT COUNTY, GEORGIA
MY COMMISSION EXPIRES OCTOBER 7, 2011

## **Exhibit 1-G**

FILED IN OFFICE
CLERK SUPERIOR COURT
GWINNETT COUNTY, GA

TOM LAWLER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY 2011 JAN 31 AM 10: 13
STATE OF GEORGIA

| | | |
|---|---|---|
| ALFREDIA PRUITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 10-A-10972-3 |
| FEDERAL NATIONAL | ) | |
| MORTGAGE ASSOCIATION, | ) | |
| GMAC, | ) | |
| FANNIE MAE, | ) | |
| USAA FEDERAL SERVICING | ) | |
| BANK, | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL ORDER AND JUDGMENT

On December 1, 2010, the Magistrate Court of Gwinnett County entered a dispossessory

order in the action styled *Federal National Mortgage Association v. Alfredia Pruitt*, Case No.

10M40065 (the "December 1, 2010 Order") following the foreclosure sale of certain real

property located at 2360 Hickory Station Circle, Snellville, Georgia. Plaintiff filed this action on

December 6, 2010, seeking to appeal the December 1, 2010 Order pursuant to O.C.G.A § 15-10-

41(b)(1). At the same time Plaintiff filed a proposed Complaint and application and for a

temporary restraining order, adding additional Defendants USAA Federal Servicing Bank and

GMAC Mortgage, LLC to the appellate action.

After hearing argument from the parties on January 24, 2011 and having read and

considered the entire record, including all submissions with respect to Plaintiff's appeal of the

December 1, 2010 Order, her motion for a preliminary injunction and temporary restraining

order, and her Complaint, the Court finds that Plaintiff has failed to proffer any evidence or

authority to suggest that the December 1, 2010 Order is in error in any respect, nor has she

presented any law or facts that would support entry of a restraining order or injunction against

any Defendant. Further, Plaintiff has failed to tender to Defendants past due amounts

undisputedly owed under her mortgage loan, and she has failed to pay $5,100.00 into the registry

of the Court, as required by the December 1, 2010 Order. Accordingly, under established

Georgia law, Plaintiff is not entitled to any equitable injunctive relief against any of the named

defendants. *See R.R.R. Limited Partnership v. Recreational Services, Inc.*, 264 Ga. 494, 497

(1994); *Crockett v. Oliver*, 218 Ga. 620, 621 (1963). Therefore, it is hereby,

**ORDERED** (i) that the December 1, 2010 Order is AFFIRMED; (ii) that a Writ of

Possession shall immediately issue to Defendant Federal National Mortgage Association; (iii)

that Plaintiff's motions for a restraining order and injunctive relief are DENIED, and (iv) that

FINAL JUDGMENT be and is hereby entered in favor of all DEFENDANTS as to all claims

asserted by Plaintiff in this proceeding.

SO ORDERED this 28th day of JANUARY, 2011.

K. DAWSON JACKSON
CHIEF JUDGE
Superior Court Gwinnett County, Georgia

Submitted by:

Kelly L. Atkinson
*kelly.atkinson@troutmansanders.com*
Georgia Bar No. 431204
TROUTMAN SANDERS LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia 30308-2216
(404) 885-3000
Counsel for Defendants

Copies to:

Kelly L. Atkinson, Esq.
Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA 30308-2216

Alfredia Pruitt, *pro se*
2360 Hickory Station Circle
Snellville, GA 30078