Jeffrey A. Lipps (admitted pro hac vice)
Jennifer A.L. Battle (admitted pro hac vice)
David A. Beck (admitted pro hac vice)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Phone:  (614) 365-4100
Fax:  (614) 365-9145

*Special Litigation Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STATEMENT REGARDING RESOLUTION OF THE UNITED STATES TRUSTEE'S OBJECTION TO THE SECOND INTERIM APPLICATION OF CARPENTER LIPPS & LELAND LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD SEPTEMBER 1, 2012 THROUGH DECEMBER 31, 2012**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

　　　　　Carpenter Lipps & Leland LLP ("**CLL**"), special litigation counsel to the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), respectfully submits this notice of resolution of the portion of the United States Trustee's (the "**UST**")'s omnibus objection (Docket No. 3310) (the "**Objection**") objecting to CLL's second interim fee application (Docket No. 3174).  CLL respectfully represents that the UST's objection has been resolved as follows:

{00349074-1}

1.      The UST has accepted the additional supporting documentation submitted to it as adequately supporting all of the expense reimbursement it initially questioned in the Objection.[1] Based on the instructions of the Court at the December fee hearing, CLL has been subsequently specifying in its invoices that all airfares are for coach or economy travel and certified to that in the Application. CLL has discussed with the UST the supporting documentation it needs for contract attorney invoices as part of future fee applications in these cases.

2.      CLL has agreed to a reduction of $828.00 for the time of Ms. Reiss, who was one of the two transitory timekeepers identified by the UST.

3.      Based on the additional documentation CLL provided showing that Ms. George, who was the other timekeeper the UST was concerned was transitory, performed in excess of 50 hours of services for the Debtors in January, the UST withdraws its objection to the $64 in fees for her time requested by CLL for December.

4.      CLL has agreed to the reduction of $353.00 for the one time entry on October 1, 2012 where the increments did not match the total time entry.

5.      CLL has voluntarily agreed to reduce its fees for all but three of the time entries the UST challenged as vague. The total fee reduction on account of these entries is $3,694.50.

6.      The UST has agreed that the time entries on page 10 of Exhibit B on 12/5/2012 for Mr. Lipps of 2.00 hours and for Mr. Beck of 1.30 and 2.80 hours are not vague. The total fees associated with these entries is $1,663.

In aggregate, CLL has voluntarily agreed to a fee reduction of $4,875.50 to resolve the objection of the UST.

---

[1] A copy of this documentation was provided to the Court and filed as docket number 3358.

| | |
|---|---|
| Dated: April 8, 2013 | /s/ David A. Beck |

                                            Jeffrey A. Lipps (admitted pro hac vice)
lipps@carpenterlipps.com
Jennifer A.L. Battle (admitted pro hac vice)
battle@carpenterlipps.com
David A. Beck (admitted pro hac vice)
beck@carpenterlipps.com
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Phone:  (614) 365-4100
Fax:  (614) 365-9145

*Special Litigation Counsel to the Debtors and Debtors in Possession*