MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF WITHDRAWAL OF PROOF OF CLAIM NUMBER 3545 FILED BY
NICOLE BRADBURY, *ET AL.* AGAINST GMAC MORTGAGE, LLC AND
NOTICE OF WITHDRAWAL OF THE DEBTORS' OBJECTION
TO PROOF OF CLAIM NUMBER 3545**

**PLEASE TAKE NOTICE** that, upon mutual agreement, as documented in the stipulation (the "Stipulation") annexed hereto as Exhibit 1, between the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Debtors") and Nicole Bradbury, Thomas True, Shawn Morrissette, Joseph Phillips, and Michael Holmes (together, the "Named Plaintiffs" and together with the Debtors, the "Parties"), on behalf of themselves and others similarly situated (collectively, the "Putative Bradbury Class"), the Proof of Claim[1] shall be withdrawn with prejudice against GMACM and the Debtors' estates, and each Individual

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Stipulation.

ny-1084903

Proof of Claim filed by the Named Plaintiffs shall be allowed as a general unsecured claim in the reduced amount set forth in the Stipulation.

**PLEASE TAKE FURTHER NOTICE THAT** the *Debtors' Objection to Proof of Claim Number 3545 Filed by Nicole Bradbury, et al. Against GMAC Mortgage, LLC Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* [Docket No. 2584] is hereby withdrawn as moot.

Dated: April 9, 2013
      New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

ny-1084903

Pg 3 of 10


**Exhibit 1**

ny-1084903

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION RESOLVING THE DEBTORS' OBJECTION TO
PROOF OF CLAIM NUMBER 3545 FILED BY NICOLE BRADBURY, *ET AL.*
AGAINST GMAC MORTGAGE, LLC**

This Stipulation (the "Stipulation") is made and entered into by, between, and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Debtors") and Nicole Bradbury, Thomas True, Shawn Morrissette, Joseph Phillips, and Michael Holmes (together, the "Named Plaintiffs" and together with the Debtors, the "Parties"), on behalf of themselves and others similarly situated (collectively, the "Putative Bradbury Class"), through their respective counsel, to resolve the Debtors' objection to the Proof of Claim (defined below) that was filed on behalf of the Putative Bradbury Class in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), as well as to fix and allow in a modified amount the Individual Proofs of Claim (defined below).

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court");

**WHEREAS**, on the Petition Date, the Court entered an order jointly

ny-1078784

administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Since the Petition Date, the Debtors have operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date"). The Court subsequently entered an *Order Extending Deadline for Filing Proof of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012;

**WHEREAS**, pursuant to the Bar Date Order, written notice of the Bar Date was (i) served by first-class mail on all creditors and other known holders of claims against the Debtors as of the date of the Bar Date Order (including all persons or entities listed in the Schedules as holding claims) at their last known address, as well as certain other parties in interest, and (ii) published in the *Wall Street Journal* (National Edition) and *USA Today* (National Edition). See Bar Date Order ¶¶ 12, 15. A copy of the Bar Date Order was also made available publicly on the case website maintained by Kurtzman Carson Consultants, LLC, the Debtors' claims and noticing agent (the "Claims and Noticing Agent") at http://www.kccllc.net/rescap;

**WHEREAS**, on or about November 9, 2012, the Named Plaintiffs purported to act on behalf of the Putative Bradbury Class and filed a proof of claim designated as Claim No. 3545 (the "Proof of Claim") in GMAC Mortgage, LLC's ("GMACM") claims register. The Named Plaintiffs assert in the Proof of Claim that GMACM is liable in an amount "less than $4,999,999.00 (to the class)" in connection with the claims alleged in their class action complaint filed on October 1, 2010 against GMACM in Maine Superior Court, Cumberland County, which

ny-1078784

was subsequently transferred to the United States District Court for the District of Maine, Case No. 10-cv-00458 (the "Bradbury Class Action"). Each of the Named Plaintiffs also filed individual proofs of claim against GMACM (each an "Individual Proof of Claim" and collectively, the "Individual Proofs of Claim"), which have been designated as Claim Nos. 3546, 3548, 3552, 3549 and 3544, respectively, on the GMACM claims register. Each Individual Proof of Claim also asserts that GMACM is liable in an amount "less than $4,999,999.00 (to the class)";

WHEREAS, on January 8, 2013, the Debtors filed the *Debtors' Objection to Proof of Claim 3545 Filed by Nicole Bradbury, et al. Against GMAC Mortgage, LLC Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* [Docket No. 2584] (the "Objection"), asserting that the Putative Bradbury Class's Proof of Claim was improperly filed and should be disallowed;

WHEREAS, the Parties dispute the validity of the Proof of Claim;

WHEREAS, on March 7, 2013, the Debtors filed the *Debtors' Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b) for Approval of (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, and (IV) Schedule Amendment Procedures* [Docket No. 3123] (the "Claims Procedure Motion");

WHEREAS, on March 21, 2013, the Court entered an order approving the Claims Procedure Motion [Docket No. 3294]. Pursuant to the Borrower Claim[1] procedures set forth therein, the Debtors are authorized to settle any and all Borrower Claims without prior approval of the Court or any other party in interest if the allowed amount for an individual

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such term in the Claims Procedure Motion.

ny-1078784

Borrower Claim, including, but not limited to, Borrower Claims marked as contingent, disputed or unliquidated on the Schedules, is less than or equal to $50,000. Claims Procedure Motion ¶ 21.

**WHEREAS**, subsequent to the filing of the Objection, the Parties' respective counsel conferred and, in an effort to amicably resolve the Objection to the Proof of Claim, the Parties negotiated the terms of an agreement in good faith and at arms' length and agreed to enter into this Stipulation;

**WHEREAS**, the Parties anticipate that resolving the Objection to the Proof of Claim without entry into this Stipulation would involve substantial cost, risk, and delay to the Debtors' estates. Accordingly, the Debtors have determined that entering into this Stipulation is in the best interest of the Debtors, their estates, the Debtors' creditors, and other parties in interest.

NOW, THEREFORE, in consideration of the foregoing, the Parties to this Stipulation hereby stipulate and agree as follows:

1. The Recitals form an integral part of this Stipulation and are incorporated fully herein.

2. Upon the Parties' entry into this Stipulation, the Proof of Claim shall be deemed to be withdrawn with prejudice against GMACM and the Debtors' estates. The Claims and Noticing Agent is hereby authorized and directed to expunge the Proof of Claim from the GMACM claims register.

3. Upon the Parties' entry into this Stipulation, each Individual Proof of Claim filed by the Named Plaintiffs shall be allowed as a general unsecured claim in the amount

12-12020-mg    Doc 3377    Filed 04/09/13    Entered 04/09/13 11:06:47    Main Document
    Pg 8 of 10

of $3,135.00. As such, the aggregate amount of allowed Individual Proofs of Claim in these Chapter 11 Cases equals $15,675.00.

        4. The Named Plaintiffs hereby agree to withdraw the complaint filed on behalf of themselves and the Putative Bradbury Class, and the Bradbury Class Action shall be deemed to be dismissed with prejudice. The Named Plaintiffs, on behalf of the Putative Bradbury Class, shall file for dismissal of the Bradbury Class Action within ten (10) business days of the Parties each executing this Stipulation.

        5. Notwithstanding anything herein to the contrary, this Stipulation shall not affect the rights of GMACM and/or its successors and/or assigns from continuing to prosecute foreclosure actions against the Named Plaintiffs or the members of the Bradbury Putative Class in the underlying Bradbury Class Action.

        6. This Stipulation is the result of a compromise and shall not to be construed as an admission by any of the Debtors or their estates of any liability or wrongdoing.

        7. The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation.

        8. This Stipulation constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation.

        9. This Stipulation may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart,

including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

10. This Stipulation shall be binding on the Parties upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel.

11. This Stipulation shall be binding upon the Parties as well as any successor, trustee or receiver appointed in the Chapter 11 Cases. No provision in any plan of liquidation or reorganization subsequently confirmed in the Chapter 11 Cases shall contain any provisions inconsistent with the terms of this Stipulation.

12. No other or further notice to creditors or parties in interest, or further approval by the Court is required to effectuate the terms and conditions of this Stipulation.

13. The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the relief granted pursuant to this Stipulation.

14. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed and delivered this Stipulation as of the date set out below.

[*Remainder of Page Intentionally Left Blank.*]

ny-1078784

| | |
|---|---|
| Dated:  April 9, 2013 | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Meryl L. Rothchild<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel to the Debtors and Debtors in Possession* |
| Dated:  April 9, 2013 | /s/ Andrea Bopp Stark<br>Andrea Bopp Stark<br>**MOLLEUR LAW OFFICE**<br>419 Alfred Street<br>Biddeford, Maine  04005<br>Telephone: (207) 283-3777<br>Facsimile: (207) 283-4558<br><br>*Counsel to Nicole Bradbury, Thomas True, Shawn Morrissette, Joseph Phillips, and Michael Holmes and the Putative Bradbury Class* |

ny-1078784