MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| Residential Capital, LLC, et al., | : Case No. 12-12020 (MG) |
| | : |
| Debtors. | : Jointly Administered |
| | : |

------------------------------------------------------------ x

**DEBTORS' MOTION, PURSUANT TO 11 U.S.C. § 107(B) AND FED. R. BANKR. P. 9018, TO FILE A REPLY TO THE OBJECTION OF THE OFFICE OF THE U.S. TRUSTEE TO MOTION FOR APPROVAL OF KEY EMPLOYEE RETENTION AND INCENTIVE PLANS, UNDER SEAL**

Residential Capital, LLC, and its affiliated Debtors in the above captioned case (the "**Debtors**"), submit this motion ("**Motion**") pursuant to section 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. ("**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**") for leave to file a reply (the "**Reply**") to the Objection of the Office of the U.S. Trustee ("**UST**") to the Debtors' Motion Pursuant To Sections 363(b) And 503(c)(3) Of The Bankruptcy Code Authorizing (I) Implementation Of (A) A Key Employee Retention Plan For Certain Non-Insiders And (B) Key Employee Incentive Plans For Certain Insiders, And (II) Payment Of Any Obligations Arising Thereunder

ny-1085343

As Administrative Expenses [Docket No. 3280] (the "**KEIP/KERP Motion**"),[1] together with any supporting declaration and exhibits, under seal, pending further order of this Court. In support of this Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code, and Bankruptcy Rule 9018.

## BACKGROUND

2. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On May 16, 2012, the United States Trustee for the Southern District of New York, pursuant to section 1102 of the Bankruptcy Code, appointed the Committee to represent the interests of all unsecured creditors ("**Committee**") in these Chapter 11 Cases.

4. On March 20, 2013, the Debtors filed the KEIP/KERP Motion. [Docket No. 3280] On April 3, 2013, the UST filed its objection to the KEIP/KERP Motion, which, in part, questioned whether the performance metrics set forth in the incentive plans were sufficiently challenging to achieve as opposed to simply "lay ups" (the "**Objection**") [Docket No. 3347].

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1085343

5. As part of the Debtors' Reply to the Objection, the Debtors respond in kind to the UST by providing details about certain vulnerabilities and challenges that they face when negotiating commercial terms with specific third parties. Were such details to be publicly revealed, it would put the Debtors at a tactical disadvantage with these parties and potentially impair the value to be recovered by the estate.

### RELIEF REQUESTED

6. The Debtors request entry of an order pursuant to Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting leave to file a partially redacted Reply to the Objection of the UST, and accompanying declaration under seal, (the "**Sealed Documents**") and ordering that the Sealed Documents be made available only to: (a) the Bankruptcy Court; (b) counsel to the Committee; and (c) the United States Trustee; and parties receiving Sealed Documents shall treat them as confidential and not available for public dissemination so long as the Sealed Documents, or any portions thereof, remain under seal by Order of this Court.

### BASIS FOR RELIEF REQUESTED

7. Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

8. In addition, Bankruptcy Code section 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

9. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b):

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018. The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

10. Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See, e.g.*, *In re Global Crossing Ltd.*, 295 B.R. at 725; *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). Once the Bankruptcy Court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original) (affirming bankruptcy court's order to seal licensing agreement because release of any information pertaining to agreement's overall structure or terms and conditions would adversely affect movant's ability to negotiate favorable promotional agreements).

11. The Debtors believe cause exists to file partially redacted versions of the Reply to the Objection of the UST, and accompanying declaration under seal, because they contain confidential information, the disclosure of which would be potentially harmful.

4

ny-1085343

Confidentiality concerns asserted by the Debtors constitute good cause to file the Reply and accompanying declaration to the Bankruptcy Court under seal, and the Debtors respectfully request leave to do so.

## NOTICE

12. In accordance with the Case Management Order, notice of this Motion has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order) (collectively, the "**Notice Parties**"). Because of the nature of the relief requested, the Parties submit that such notice is sufficient and that no other or further notice need be given.

## NO PRIOR REQUEST

13. No previous Motion for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Debtors request that this Court enter an order, a form of which is attached hereto as **Exhibit 1** pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: April 9, 2013
       New York, New York

MORRISON & FOERSTER LLP

By: /s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

ny-1085343

# EXHIBIT 1

# **PROPOSED ORDER**

ny-1085343

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et al.</u>, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------ x

**ORDER GRANTING THE DEBTORS' MOTION, PURSUANT TO 11 U.S.C. § 107(b) AND FED. R. BANKR. P. 9018, TO FILE A REPLY TO THE OBJECTION OF THE OFFICE OF THE U.S. TRUSTEE TO MOTION FOR APPROVAL OF KEY EMPLOYEE RETENTION AND INCENTIVE PLANS, UNDER SEAL**

Upon the Motion,[1] dated April 9, 2013, of Residential Capital, LLC and its affiliated Debtors in the above captioned case (the "**Debtors**"), for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing the Debtors to file a Reply to the Objection of the Office of the U.S. Trustee ("**UST**") and accompanying declaration to the Bankruptcy Court under seal, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Debtors having provided notice of the Motion to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Motion establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1085343

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Debtors are authorized to file a Reply to the Objection of the UST, and accompanying declaration and exhibits, under seal.

3. The unredacted Reply, and accompanying declaration and exhibits (the "**Sealed Documents**") shall not be disclosed to any parties in these cases other than (a) the Bankruptcy Court; (b) counsel to the Committee; and (c) the United States Trustee.

4. Parties receiving Sealed Documents shall treat them as confidential and not for public dissemination so long as the Sealed Documents, or any portions thereof, remain under seal by Order of this Court.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:_____, 2013
    New York, New York

                                                    UNITED STATES BANKRUPTCY JUDGE

ny-1085343