**<u>EXHIBIT 1</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*In re:*

    AMBAC FINANCIAL GROUP, INC.

                       *Debtor.*

Case No. 10-15973-scc
New York, New York
November 27, 2012
10:13 a.m. - 10:30 a.m.

TRANSCRIPT - CASE 10-15973-SCC - CHAPTER 11
FIRST APPLICATION OF HOGAN LOVELLS US LLP AS ATTORNEYS FOR
THE DEBTOR FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD APRIL 18, 2012 THROUGH AUGUST 31, 2012
[DOCKET NO. 1106];
FIRST APPLICATION OF SHEARMAN & STERLING LLP AS ATTORNEYS FOR
THE DEBTOR FOR ALLOWANCE OF INTERIM COMPENSATION FOR SERVICES
RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE
PERIOD MAY 29,2012 THROUGH AUGUST 31, 2012
[DOCKET NO. 1121];
FIRST INTERIM APPLICATION OF MAYER BROWN LLP, AS SPECIAL
CORPORATE COUNSEL TO THE DEBTOR, FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD FROM APRIL
12, 2012 THROUGH AUGUST 31,2012 [DOCKET NO. 1108];
THIRD INTERIM APPLICATION OF WHYTE HIRSCHBOECK DUDEK S.C. AS
SPECIAL COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED FOR THE PERIOD APRIL 1, 2012 THROUGH AUGUST 31,2012
[DOCKET NO. 1105];
FIFTH INTERIM APPLICATION OF LAZARD FRERES & CO. LLC AS
FINANCIAL ADVISOR AND INVESTMENT BANKER FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD APRIL 1,
2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1104];

1

(Agenda Continued)

2

FIFTH INTERIM APPLICATION OF MORRISON & FOERSTER LLP AS

3

COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR

COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED FOR THE

4

PERIOD APRIL 1, 2012 THROUGH AUGUST 31, 2012

5

[DOCKET NO. 1103];

6

FIFTH INTERIM FEE APPLICATION OF WACHTELL, LIPTON, ROSEN &

KATZ AS SPECIAL COUNSEL TO THE DEBTOR FOR INTERIM ALLOWANCE

7

FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED

8

FROM APRIL 1, 2012 THROUGH AUGUST 31, 2012

9

[DOCKET NO. 1102]

10

FIRST APPLICATION OF WINSTON & STRAWN LLP, AS SPECIAL COUNSEL

TO THE DEBTOR, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

11

FOR THE PERIOD MAY 9, 2012 THROUGH AUGUST 31, 2012

12

[DOCKET NO. 1096];

13

THIRD INTERIM FEE STATEMENT OF PRICEWATERHOUSECOOPERS LLP,

ACCOUNTING AND VALUATION ADVISORS TO THE DEBTOR, FOR

14

COMPENSATION FOR SERVICES AND FOR REIMBURSEMENT OF EXPENSES

15

[DOCKET NO. 1101];

16

FIFTH FEE APPLICATION OF KPMG LLP, AS AUDITORS, TAX

17

CONSULTANTS AND BANKRUPTCY ADMINISTRATION CONSULTANTS TO THE

DEBTOR AND DEBTOR IN POSSESSION, FOR INTERIM ALLOWANCE AND

18

COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND

19

REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM

20

APRIL 1, 2012 THROUGH AUGUST 31, 2012 [DOCKET NO. 1098];

21

THIRD INTERIM FEE APPLICATION OF BUTTNER HAMMOCK & CO. P.A.

AS LITIGATION CONSULTANTS FOR THE DEBTOR FOR INTERIM

22

ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES

23

RENDERED AND EXPENSES INCURRED FROM APRIL 1, 2012

24

THROUGH AUGUST 31, 2012 [DOCKET NO. 1099]; AND

25

(Agenda Continued)

FIFTH APPLICATION OF BLACKSTONE ADVISORY PARTNERS L.P. AS

FINANCIAL ADVISOR TO THE DEBTORS FOR INTERIM ALLOWANCE OF

COMPENSATION FOR ACTUAL AND NECESSARY SERVICES RENDERED AND

REIMBURSEMENT OF ACTUAL AND NECESSARY OUT-OF-POCKET EXPENSES

INCURRED FOR THE PERIOD OF APRIL 1, 2012 THROUGH

AUGUST 31, 2012 [DOCKET NO. 1100].

APPEARANCES ON BEHALF OF

| | |
|---|---|
| *The Debtor:* | ALLISON H. WEISS, ESQ. |
| | Hogan Lovells US, LLP |
| | (212) 918-3000; (212) 918-3100 fax |
| | |
| *Unsecured Creditor's* | AARON KLEIN, ESQ. |
| *Committee:* | Morrison & Foerster LLP |
| | (212) 468-8000; (212) 468-7900 fax |
| | |
| *The U.S. Trustee:* | BRIAN S. MASUMOTO, ESQ. |
| | (212) 510-0500; (212) 668-2255 fax |
| | |
| *The U.S. Attorney:* | CARINA H. SCHOENBERGER, ESQ. |
| | (212) 637-2822; (212) 637-2717 fax |
| | |
| *Unsecured Creditor's* | BRUCE ARNOLD, ESQ. |
| *Committee:* | Whyte Hirschboeck Dudek S.C. |
| *(via telephone)* | (414) 978-5501; (414) 223-5000 fax |
| | |
| *Interested party:* | TIMOTHY BASS |
| *(via telephone)* | Barclays Capital, Inc. |
| | (212) 412-3606 |
| | |
| *Interested party:* | MICHAEL B. CUNNINGHAM |
| *(via telephone)* | Avenue Capital |
| | (310) 882-3012 |
| | |
| *Interested party:* | LUKE KWIATKOWSKI |
| *(via telephone)* | KPMG LLP |
| | (212) 954-6273 |
| | |
| *Transcribed by:* | AAA ELECTRONIC SOUND REPORTERS |
| | (888) 866-5135; (888) 677-6131 fax |
| | electronicsound@court-transcripts.net |

*(Proceedings recorded by electronic sound recording)*

In re Ambac Financial Group - 11/27/12                    6

1      I'm sorry, Your Honor, we did have one other

2  application with respect to Shearman & Sterling.  With respect

3  to those objections, that begins on page 20, paragraph 40.  They

4  agreed to reduce their transitory timekeepers by $750.50.  And

5  they provided time records to review, and that's acceptable.

6  They're also taking a further reduction for the $40 in word

7  processing, and $123.75 for word processing and proofreading

8  expenses.

9      THE COURT:  Okay.  Thank you.

10      MR. KLEIN:  Good morning, Your Honor --

11      THE COURT:  Good morning.

12      MR. KLEIN:  -- Aaron Klein.  Morrison & Foerster for

13  the Committee.

14      Your Honor, we did have some substantive discussions

15  earlier with the Office of the United States Trustee regarding

16  our fee application.  I think the issues that are still on the

17  table are the objection to the so-called transitory timekeepers.

18      THE COURT:  Mm-hm.

19      MR. KLEIN:  Those timekeepers that throughout the fee

20  period billed less than five hours.  And also we have still some

21  open items with respect to review of our retained professionals'

22  fee applications.

23      If I can address the timekeepers' issue first; we

24  acknowledge the position of the United States Trustee with

25  respect to writing off time billed by those timekeepers that are

In re Ambac Financial Group - 11/27/12                    7

1  less than five hours.  We understand that's written into the

2  proposed rules for the United States Trustee fee guidelines that

3  are not yet in affect.  Our position is this -- and we're

4  definitely willing to be reasonable about who we can write off

5  and who we don't wrote off.

6          Our position is there were certain issues in this case

7  which required us to consult certain professionals who were not

8  regular timekeepers on this case.  The U.S. Trustee has

9  identified I think five of them, and I can go through each one

10 of them and say why they made a valuable contribution to the

11 case.

12         I think, taking it down the line, they mention Barbara

13 Mendelson who's a partner in our Corporate Department at

14 Morrison & Foerster.  We had an issue with a Bermuda entity.  We

15 wanted -- the Debtor wanted to liquidate.

16         THE COURT:  Let me stop you because this is a topic on

17 which I have an opinion that Mr. Masumoto may or may not have

18 had the pleasure of hearing from me before.  A transitory

19 timekeeper generally, as it's come to be called, is someone that

20 as you say bills fewer than -- I don't know what the particular

21 cutoff is -- ten hours/five hours; some small amount of hours.

22         There are two kinds of such timekeepers.  One, the

23 kind that you're describing, which is you have a discreet issue

24 that only requires someone to think about it for an hour; some

25 arcane issue of the law, a foreign jurisdiction, a tax issue,

In re Ambac Financial Group - 11/27/12                    8

1    something of that sort.  So somebody who works full time on the

2    case goes to that person and says, hey, I want to pick your

3    brain on this issue, and you talk.  And then you say to the

4    person, bill .5 to Ambac.  Here's the number and that's it.

5    That's compensable.  Whether it's .5 or whether it's five,

6    that's compensable because that person's given their expertise.

7            What's not compensable is junior associate is on

8    vacation so another junior associate gets asked to do some task,

9    or a paralegal is on vacation, and another paralegal gets asked

10   to do a task.  And part of that person's time is spent making up

11   for the fact that the other person really isn't there.  Those

12   are the kinds of transitory timekeepers that frankly

13   professionals should bill off by themselves without having to be

14   prompted by the U.S. Trustee.

15           So the only thing that I'm interested in is which is

16   which and that's the way it needs to be resolved.  So if you

17   want to go through each of them we're rapidly getting to the

18   point that this is going to cost more than what you're writing

19   off, which is another one of my pet peeves.

20           MR. KLEIN:  Agreed, Your Honor.  I can represent to

21   the Court that each of these are senior level people, where we

22   went to them with discreet issues of law for the very purpose of

23   picking their brain, as opposed to a junior associate --

24           THE COURT:  All right.  So to the extent that the U.S.

25   Trustee has a continuing objection to those timekeepers, it's

1   overruled.  Okay?  And then what's the other category?

2          MR. KLEIN:  The other category, Your Honor, is review

3   of our own fee applications, billing for the time taken for our

4   fee applications, and also the fee applications of our retained

5   professionals, Lazard and Whyte Hirschboeck.  The United States

6   Trustee noted in his objection that you can't -- it's

7   impermissible to bill for manipulation of time records or review

8   of time records.

9          THE COURT:  Not manipulation.  That's an unfortunate

10  choice of words.

11         MR. KLEIN:  Sorry.  Pardon me, Your Honor.  For

12  revision or review of time records.

13         THE COURT:  Right.

14         MR. KLEIN:  Verses a fee application.  Now, you

15  understand, Your Honor, when you go to build a fee application,

16  we're talking about a six month fee period; you have to review

17  the actual time records --

18         THE COURT:  Right.

19         MR. KLEIN:  -- in order to build out the narratives.

20         THE COURT:  Sure.

21         MR. KLEIN:  And so that's what we've had.  And I can

22  represent to the Court that in each of the line items that the

23  United States Trustee has highlighted in the objection that is

24  what was going on here, which is we were reviewing the time

25  records, and then we were building out, and reviewing and