IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

IN RE:  SYLVIA ESSIE DADZIE                CASE NO: 11-10822 SHL

        Debtor.
_____

# EXHIBIT "H"

DAVID B. SHAEV (dbs6994)
Shaev & Fleischman, LLP
Counsel for Debtor
350 Fifth Avenue
Suite 7210
New York, New York 10118
(646) 722-8649 Tel. No.
(646) 349-7622 Fax No.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

In re:

Adoption of *Relief from Stay/ Worksheet for
Real Estate and Cooperative Apartments*

AMENDED
GENERAL ORDER  M-346

M - 347

------------------------------------------------------------- x

    By resolution of the Board of Judges for the Southern District of New York, it is hereby

    ORDERED that all motions filed on or after February 7, 2008, in the United States Bankruptcy Court for the Southern District of New York seeking relief from the automatic stay pursuant to 11 U.S.C. § 362 in cases filed by individuals concerning real property and cooperative apartments shall include, as an exhibit to the motion, a completed copy of the annexed *Relief from Stay – Real Estate and Cooperative Apartments (*the "Worksheet"); and it is further

    ORDERED that the submission of a properly completed Worksheet shall constitute compliance with Local Bankruptcy Rule 4001-1 and 4001-2; and it is further

    ORDERED that any judge of the Court may direct the submission of the Worksheet in connection with other motions, including motions for adequate protection.


Dated: New York, New York
       January 23, 2008

                                          /s/ Stuart M. Bernstein
                                          STUART M. BERNSTEIN
                                          Chief Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X
<CASE CAPTION>       CASE NO.___-____(____)

---------------------------------------------------X

---

RELIEF FROM STAY – REAL ESTATE AND
COOPERATIVE APARTMENTS

---

I _____ <NAME AND TITLE> OF _____ <NAME OF ORGANIZATION/CORPORATION/MOVING PARTY> (HEREINAFTER, "MOVANT") HEREBY DECLARE (OR CERTIFY, VERIFY, OR STATE):

## BACKGROUND INFORMATION

1. REAL PROPERTY OR COOPERATIVE APARTMENT ADDRESS WHICH IS THE SUBJECT OF THIS MOTION:_____

2. LENDER NAME: _____

3. DATE OF MORTGAGE <MM/DD/YYYY>: _____

4. POST-PETITION PAYMENT ADDRESS:
_____
_____

## DEBT/VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AT THE TIME OF FILING THE MOTION: $_____
(Note: this amount may not to be relied on as a "payoff" quotation.)

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT: $_____

7. SOURCE OF ESTIMATED VALUATION:
_____

1

## STATUS OF DEBT AS OF
## THE PETITION DATE

8. TOTAL PRE-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AS OF PETITION FILING DATE: $_____

    A. AMOUNT OF PRINCIPAL: $_____

    B. AMOUNT OF INTEREST: $_____

    C. AMOUNT OF ESCROW (taxes and insurance): $_____

    D. AMOUNT OF FORCED PLACED INSURANCE EXPENDED BY MOVANT:

    $_____

    E. AMOUNT OF ATTORNEYS' FEES BILLED TO DEBTOR(S) PRE-PETITION:

    $_____

    F. AMOUNT OF PRE-PETITION LATE FEES, IF ANY, BILLED TO DEBTOR(S):

    $_____

9. CONTRACTUAL INTEREST RATE: _____ (If interest rate is (or was) adjustable, please list the rate(s) and date(s) the rate(s) was/were in effect on a separate sheet and attach the sheet as an exhibit to this form; please list the exhibit number here:\_\_\_\_.)

10. PLEASE EXPLAIN ANY ADDITIONAL PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR'S/DEBTORS' ACCOUNT AND NOT LISTED ABOVE:
_____

(If additional space is needed, please list the amounts on a separate sheet and attach the sheet as an exhibit to this form; please list the exhibit number here: _____.)

## AMOUNT OF ALLEGED POST-PETITION DEFAULT
## (AS OF _____<MM/DD/YYYY>)

11. DATE LAST PAYMENT WAS RECEIVED: _____
<MM/DD/YYYY>

2

12. ALLEGED TOTAL NUMBER OF PAYMENTS DUE POST-PETITION FROM FILING OF PETITION THROUGH PAYMENT DUE ON _____ <mm/dd/yyyy>: _____.

13. PLEASE LIST ALL POST-PETITION PAYMENTS ALLEGED TO BE IN DEFAULT:

| ALLEGED PAYMENT DUE DATE | ALLEGED AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED (IF ANY) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
| TOTALS: | $ | $ | $ | $ | $ | $ |

14. AMOUNT OF MOVANT'S ATTORNEYS FEES BILLED TO DEBTOR FOR THE PREPARATION, FILING AND PROSECUTION OF THIS MOTION: $_____

15. AMOUNT OF MOVANT'S FILING FEE FOR THIS MOTION: $_____

16. OTHER ATTORNEYS' FEES BILLED TO DEBTOR POST-PETITION: $_____

17. AMOUNT OF MOVANT'S POST-PETITION- INSPECTION FEES: $_____

18. AMOUNT OF MOVANT'S POST-PETITION APPRAISAL/BROKER'S PRICE OPINION: $_____

19. AMOUNT OF FORCED PLACED INSURANCE OR INSURANCE PROVIDED BY THE MOVANT POST-PETITION: $_____

20. SUM HELD IN SUSPENSE BY MOVANT IN CONNECTION WITH THIS CONTRACT, IF APPLICABLE: $_____

21. AMOUNT OF OTHER POST-PETITION ADVANCES OR CHARGES, FOR EXAMPLE TAXES, INSURANCE INCURRED BY DEBTOR ETC.: $_____

3

## REQUIRED ATTACHMENTS TO MOTION

Please attach the following documents to this motion and indicate the exhibit number associated with the documents.

(1) Copies of documents that indicate Movant's interest in the subject property. For purposes of example only, a complete and legible copy of the promissory note or other debt instrument together with a complete and legible copy of the mortgage and any assignments in the chain from the original mortgagee to the current moving party. (Exhibit _____.)

(2) Copies of documents establishing proof of standing to bring this Motion. (Exhibit _____.)

(3) Copies of documents establishing that Movant's interest in the real property or cooperative apartment was perfected. For the purposes of example only, a complete and legible copy of the Financing Statement (UCC-1) filed with either the Clerk's Office or the Register of the county the property or cooperative apartment is located in. (Exhibit _____.)

4

## CERTIFICATION FOR BUSINESS RECORDS

I CERTIFY THAT THE INFORMATION PROVIDED IN THIS WORKSHEET AND/OR ANY EXHIBITS ATTACHED TO THIS WORKSHEET (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, IMMEDIATELY ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS, WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND WERE MADE BY THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER CERTIFY THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS WORKSHEET AS REQUIRED BY PARAGRAPHS 1, 2 AND 3, IMMEDIATELY ABOVE, ARE TRUE AND ACCURATE COPIES OF THE ORIGINAL DOCUMENTS.

## DECLARATION

I _____ <NAME AND TITLE> OF _____ <NAME OF MOVANT> HEREBY DECLARE (OR CERTIFY, VERIFY, OR STATE) PURSUANT 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF THE MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT _____ <CITY/TOWN>, _____ <STATE> ON THIS \_\_\_\_ DAY OF <MONTH>, 20\_\_\_ <YEAR>.

_____
<PRINT NAME>
<TITLE>
<MOVANT>
<STREET ADDRESS>
<CITY, STATE AND ZIP CODE>

5

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

IN RE:  SYLVIA ESSIE DADZIE                     CASE NO: 11-10822 SHL

           Debtor.
_____

# EXHIBIT "I"

DAVID B. SHAEV (dbs6994)
Shaev & Fleischman, LLP
Counsel for Debtor
350 Fifth Avenue
Suite 7210
New York, New York 10118
(646) 722-8649 Tel. No.
(646) 349-7622 Fax No.

25

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

SYLVIA ESSIE DADZIE

Debtor

**OBJECTION TO**
**CONFIRMATION**
Chapter 13
Case No. 11-10822-SHL

David A. Haefner, Esq., an attorney duly licensed to practice law in the State of New York and admitted in the Southern District of New York, affirms the following to be true, under penalty of perjury:

1. I am an associate with the firm of Steven J. Baum, P.C., attorneys for the Secured Creditor, GMAC Mortgage, LLC.

2. GMAC Mortgage, LLC is the Holder of a Note and Mortgage secured by real property commonly known as 3695 Secor Ave., Bronx, NY, 10466; which is identified by GMAC Mortgage, LLC with a loan number bearing the last four digits of 8590.

3. This Affirmation is submitted for the purpose of objecting to confirmation of the Chapter 13 Plan proposed by Sylvia Essie Dadzie (the "Debtor").

4. The Debtor's proposed Plan provides for payment of pre-petition arrears in the amount of $14,700.00. However, the Proof of Claim filed on behalf of GMAC Mortgage, LLC asserts pre-petition arrears in the amount of $17,259.33. A copy of said Proof of Claim is attached hereto as Exhibit 'A'. Accordingly, Debtor's proposed plan lists incorrect pre-petition arrears.

5. The Debtor's proposed Plan provides for payment of post-petition mortgage payments in the amount of $2,061.73. However, GMAC Mortgage, LLC asserts post-petition mortgage payments in the amount of $2,305.78. Accordingly, Debtor's proposed plan provides for an incorrect post-petition payment amount.

6. By virtue of the foregoing, confirmation of the Debtor's proposed Chapter 13 Plan must be denied pursuant to 11 U.S.C. §1325.

Dated: Buffalo, New York
August 31, 2011

*David A. Haefner* (signature)
David A. Haefner, Esq.
Steven J. Baum, P.C.
Attorneys for
GMAC Mortgage, LLC
P.O. Box 1291
Amherst, New York 14240-1291
(716) 204-2400

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor:
Sylvia Essie Dadzie

Case Number:
11-10822

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
GMAC Mortgage, LLC

Name and address where notices should be sent:
GMAC Mortgage, LLC – Attn: Bankruptcy Department
1100 Virginia Drive
Fort Washington, PA 19034

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):
GMAC Mortgage, LLC – Attn: Payment Processing
3451 Hammond Ave.
Waterloo, IA 50702

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 323,407.06

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☑ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** MONEY LOANED
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 8590

   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: 3695 Secor Ave., Bronx, NY 10466

**Value of Property:** $_____    **Annual Interest Rate** 6.500 %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $ 17,259.33    **Basis for perfection:** Mortgage

**Amount of Secured Claim:** $ 323,407.06    **Amount Unsecured:** $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

FOR COURT USE ONLY

Date:
08/05/2011

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
David A. Haefner, Esq.
Steven J. Baum, P.C. as attorney for Creditor    *(signature)*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Sylvia Essie Dadzie  
Case No.   11-10822  
Loan No.   ******8590  

**Arrearage:**

| | | |
|---|---:|---:|
| Mortgage Payments | 14,152.49 | |
|   2  Payments at $2054.  (09/10-10/1/10) | | |
| P&I $ 2054.23 and escrow $0.00  =  $2054.23 | | |
|   1  Payments at $2525.  (11/10) | | |
| P&I $ 2054.23 and escrow $470.93  =  $2525.16 | | |
|   3  Payments at $2506.  (12/10-2/10) | | |
| P&I $ 2054.23 and escrow $452.06  =  $2506.29 | | |
| Escrow Shortage | 1,915.11 | |
| Foreclosure Attorney Fees | 600.00 | |
|     Foreclosure Fees | | 600.00 |
| Foreclosure Attorney Costs | 275.00 | |
|     Title Search | | 275.00 |
| Property Inspections | 70.25 | |
|     $ 16.50   assessed on 10/25/2010 | | |
|     $ 14.75   assessed on 11/24/2010 | | |
|     $ 16.50   assessed on 12/27/2010 | | |
|     $ 11.25   assessed on 01/21/2011 | | |
|     $ 11.25   assessed on 02/24/2011 | | |
| Accrued Late Fees | 246.48 | |
| TOTAL | $ 17,259.33 | |

**Total Debt:**

| | | |
|---|---:|---:|
| Principal Balance as of filing (2/25/2011) | $ 308,359.63 | |
| Interest | 10,113.54 | |
| Escrow Advance | 3,742.16 | |
| Foreclosure Attorney Fees | 600.00 | |
|     Foreclosure Fees | | 600.00 |
| Foreclosure Attorney Costs | 275.00 | |
|     Title Search | | 275.00 |
| Property Inspections | 70.25 | |
|     $16.50  assessed on 10/25/2010 | | |
|     $14.75  assessed on 11/24/2010 | | |
|     $16.50  assessed on 12/27/2010 | | |
|     $11.25  assessed on 01/21/2011 | | |
|     $11.25  assessed on 02/24/2011 | | |
| Accrued Late Fees | 246.48 | |
| | | |
| TOTAL | $ 323,407.06 | |

\*\*\*This proof of claim is filed without waiving any and all rights the
  Secured Creditor may have under 11 U.S.C. Section 362, if applicable.

\*\*\*Post Petition Payment $2305.78, effective 3/1/11
  (Principal and Interest) $2054.23 + (Escrow) $251.55

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

SYLVIA ESSIE DADZIE

Debtor.

**AFFIDAVIT OF MAILING**

Case No.: 11-10822-scc
(Chapter 13)

Assigned to:
Hon. SHELLEY C. CHAPMAN
Bankruptcy Judge

STATE OF NEW YORK )
COUNTY OF ERIE ) SS:
CITY OF BUFFALO )

Kari Jo Lopez, being duly sworn, deposes and says that he/she is over eighteen years of age and resides in the City of Buffalo, New York.

That on the 31st day of August, 2011, deponent served the within Objection to Confirmation by depositing a true copy thereof, properly enclosed in a securely closed and duly post paid wrapper in a depository regularly maintained by the United States Postal Service in the City of Buffalo, New York, directed as follows:

SYLVIA ESSIE DADZIE                  Debtor
3695 Secor Ave
Bronx, NY 10466

DAVID B. SHAEV, ESQ.                 Attorney for Debtor
350 Fifth Avenue
Suite 7210
New York, NY 10118

KENNETH P. SILVERMAN, ESQ.           Chapter 13 Trustee
Silverman Acampora, LLP
100 Jericho Quadrangle, Suite 300
Jericho, NY 11753

_____
Kari Jo Lopez

Sworn to before me this 31st day
of August, 2011.

_____
Notary Public

TERI L BASS
NOTARY PUBLIC STATE OF NEW YORK
QUALIFIED IN NIAGARA COUNTY
My Commission Expires June 5, 2014

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

IN RE: SYLVIA ESSIE DADZIE           CASE NO: 11-10822 SHL

        Debtor.
_____

# EXHIBIT "J"

DAVID B. SHAEV (dbs6994)
Shaev & Fleischman, LLP
Counsel for Debtor
350 Fifth Avenue
Suite 7210
New York, New York 10118
(646) 722-8649 Tel. No.
(646) 349-7622 Fax No.

**Deutsche Bank National Trust Company as Trustee under the Pooling and Servicing Agreement Dated as of February 1, 2007, GSAMP TRUST 2007-FM2, Plaintiff,**

v.

**Walter Francis a/k/a Walter J. Francis, et. al., Defendants**

**No. 2011-50423**

**Supreme Court, Kings County**

**March 25, 2011**

Unpublished Opinion

Plaintiff: Jordan S. Katz, PC.

Schack, J.

In this residential mortgage foreclosure action, for the premises located at 2155 Troy Avenue, Brooklyn, New York (Block 7842, Lot 11, County of Kings) plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-FM2 (DEUTSCHE BANK) moved for an order of reference alleging that defendant WALTER T. FRANCIS (FRANCIS) failed to file a timely answer. Plaintiff DEUTSCHE BANK and defendant FRANCIS appeared for oral argument on DEUTSCHE BANK'S motion on September 21, 2010. In a short form order issued that day I held that FRANCIS filed a timely answer and also denied plaintiff's motion for an order of reference because plaintiff DEUTSCHE BANK failed to serve defendant FRANCIS with its motion for an order of reference. I ordered the parties to appear before me on October 29, 2010 for a preliminary conference.

The parties appeared on October 29, 2010. Plaintiff's counsel agreed to try to work with defendant FRANCIS on a loan modification agreement if defendant FRANCIS provided DEUTSCHE BANK with numerous documents. Defendant FRANCIS provided plaintiff with the required documentation. The Court conducted several settlement conferences. The last settlement conference was scheduled for March 14, 2011. Plaintiff DEUTSCHE BANK defaulted in appearing, while defendant FRANCIS was present. Plaintiff's counsel did not contact my Part or file an affirmation of actual engagement. I then checked the file for this case maintained by the Kings County Clerk and the Automated City Register Information System (ACRIS). I discovered that there is no record of plaintiff DEUTSCHE BANK ever owning the subject mortgage and note. Therefore, with plaintiff DEUTSCHE BANK lacking standing, the instant action is dismissed with prejudice and the notice of pendency cancelled.

Background.

According to the verified complaint and confirmed by my ACRIS check, defendant FRANCIS borrowed $445, 500.00 from FREMONT INVESTMENT AND LOAN (FREMONT) on October 20, 2006. The mortgage to secure the note was recorded by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS), "acting solely as a nominee for Lender [FREMONT]" and "FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE MORTGAGEE OF RECORD, " in the Office of the City Register of the City of New York, New York City Department of Finance, on November 21, 2006, at City Register File Number (CRFN) 2006000645448.

Plaintiff alleges in its verified complaint that FRANCIS executed a loan modification agreement on February 22, 2008 with FREMONT. This was never recorded with ACRIS. Further, the verified complaint alleges, in ¶ 6, that MERS, as nominee for FREMONT assigned the mortgage and note to plaintiff "by way of an assignment dated April 21, 2009 to be recorded in the Office of the Clerk of the County of Kings." It is almost two years since April 21, 2009 and this alleged assignment has not been recorded in ACRIS. Plaintiff should learn that mortgage assignments are not recorded in the Office of the Clerk of the County of Kings, but with the City Register of the New York City Department of Finance.

Defendant FRANCIS allegedly defaulted in his mortgage loan payments with his January 1, 2009 payment. Subsequently, plaintiff DEUTSCHE BANK commenced the instant action, on April 29, 2009, alleging in ¶ 7 of the verified complaint, that "Plaintiff [DEUTSCHE BANK] is the holder and owner of the aforesaid NOTE and MORTGAGE."

However, according to ACRIS, plaintiff DEUTSCHE BANK was not the holder of the note and mortgage on the day that the instant foreclosure action commenced. Thus, DEUTSCHE BANK lacks standing. The action is dismissed with prejudice. The notice of pendency cancelled. Plaintiff's lack of standing is enough to dismiss this action. The Court does not need to address MERS' probable lack of authority to assign the subject mortgage and note to DEUTSCHE BANK, if it was ever assigned.

Discussion.

In the instant action, it is clear that plaintiff DEUTSCHE BANK lacks "standing." Therefore, the Court lacks jurisdiction. "Standing to sue is critical to the proper functioning of the judicial system. It is a threshold issue. If standing is denied, the pathway to the courthouse is blocked. The plaintiff who has standing, however, may cross the threshold and seek judicial redress." (*Saratoga County Chamber of Commerce, Inc. v Pataki*, 100 N.Y.2d 801 812 [2003], cert denied 540 U.S. 1017 [2003]). Professor Siegel (NY Prac, § 136, at 232 [4d ed]), instructs that:

[i]t is the law's policy to allow only an aggrieved person to bring a lawsuit... A want of "standing to sue, " in other words, is just another way of saying that this particular plaintiff is not involved in a genuine controversy, and a simple syllogism takes us from there to a "jurisdictional" dismissal: (1) the courts have jurisdiction only over controversies; (2) a plaintiff found to lack "standing" is not involved in a controversy; and (3) the courts therefore have no jurisdiction of the case when such a plaintiff purports to bring it.

"Standing to sue requires an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request." (*Caprer v Nussbaum* (36 A.D.3d 176, 181 [2d Dept 2006]). If a plaintiff lacks standing to sue, the plaintiff may not proceed in the action. (*Stark v Goldberg*, 297 A.D.2d 203 [1st Dept 2002]).

Plaintiff DEUTSCHE BANK lacked standing to foreclose on the instant mortgage and note when this action commenced on April 29, 2009, the day that DEUTSCHE BANK filed the summons, verified complaint and notice of pendency with the Kings County Clerk, because it can not demonstrate that it owned the mortgage and note that day. Plaintiff alleges that the April 21, 2009 assignment from MERS, as nominee for FREMONT, to plaintiff DEUTSCHE BANK was to be recorded. As of today it has not been recorded. The Court, in *Campaign v Barba* (23 A.D.3d 327 [2d Dept 2005]), instructed that "[t]o establish a prima facie case in an action to foreclose a mortgage, the plaintiff must establish the existence of the mortgage and the mortgage note, ownership of the mortgage, and the defendant's default in payment [ Emphasis added ]." (*See Witelson v Jamaica Estates Holding Corp.* I, 40 A.D.3d 284 [1st Dept 2007]; *Household Finance Realty Corp. of New York v Wynn*, 19 A.D.3d 545 [2d Dept 2005]; *Sears Mortgage Corp. v Yahhobi*, 19 A.D.3d 402 [2d Dept 2005]; *Ocwen Federal Bank FSB v Miller*, 18 A.D.3d 527 [2d Dept 2005]; *U.S. Bank Trust Nat. Ass'n Trustee v Butti*, 16 A.D.3d 408 [2d Dept 2005]; *First Union*

*Mortgage Corp. v Fern*, 298 A.D.2d 490 [2d Dept 2002]; *Village Bank v Wild Oaks, Holding, Inc.*, 196 A.D.2d 812 [2d Dept 1993]).

Assignments of mortgages and notes are made by either written instrument or the assignor physically delivering the mortgage and note to the assignee. "Our courts have repeatedly held that a bond and mortgage may be transferred by delivery without a written instrument of assignment." (*Flyer v Sullivan,* 284 AD 697, 699 [1d Dept 1954]). Plaintiff DEUTSCHE BANK has no evidence that it had physical possession of the note and mortgage on April 29, 2009 and admitted, in ¶ 6 of the instant verified complaint complaint, that the April 21, 2009 assignment is "to be recorded."

The Appellate Division, First Department, citing *Kluge v Fugazy, in Katz v East-Ville Realty Co.*, (249 A.D.2d 243 [1d Dept 1998]), instructed that "[p]laintiff's attempt to foreclose upon a mortgage in which he had no legal or equitable interest was without foundation in law or fact." Therefore, plaintiff DEUTSCHE BANK lacks standing and the Court lacks jurisdiction in this foreclosure action. The instant action is dismissed with prejudice.

The dismissal with prejudice of the instant foreclosure action requires the cancellation of the notice of pendency. CPLR § 6501 provides that the filing of a notice of pendency against a property is to give constructive notice to any purchaser of real property or encumbrancer against real property of an action that "would affect the title to, or the possession, use or enjoyment of real property, except in a summary proceeding brought to recover the possession of real property." The Court of Appeals, in 5308 *Realty Corp. v O & Y Equity Corp.* (64 N.Y.2d 313, 319 [1984]), commented that "[t]he purpose of the doctrine was to assure that a court retained its ability to effect justice by preserving its power over the property, regardless of whether a purchaser had any notice of the pending suit, " and, at 320, that "the statutory scheme permits a party to effectively retard the alienability of real property without any prior judicial review."

CPLR § 6514 (a) provides for the mandatory cancellation of a notice of pendency by:

The Court, upon motion of any person aggrieved and upon such notice as it may require, shall direct any county clerk to cancel a notice of pendency, if service of a summons has not been completed within the time limited by section 6512; or if the action has been settled, discontinued or abated; or if the time to appeal from a final judgment against the plaintiff has expired; or if enforcement of a final judgment against the plaintiff has not been stayed pursuant to section 551. [ emphasis added ]

The plain meaning of the word "abated, " as used in CPLR § 6514 (a) is the ending of an action. "Abatement" is defined as "the act of eliminating or nullifying." (Black's Law Dictionary 3 [7th ed 1999]). "An action which has been abated is dead, and any further enforcement of the cause of action requires the bringing of a new action, provided that a cause of action remains (2A Carmody-Wait 2d § 11.1)." (*Nastasi v Natassi,* 26 A.D.3d 32, 40 [2d Dept 2005]). Further, Nastasi at 36, held that the "[c]ancellation of a notice of pendency can be granted in the exercise of the inherent power of the court where its filing fails to comply with CPLR § 6501 (see 5303 *Realty Corp. v O & Y Equity Corp.*, supra at 320-321; *Rose v Montt Assets,* 250 A.D.2d 451, 451-452 [1d Dept 1998]; Siegel, NY Prac § 336 [4th ed])." Thus, the dismissal of the instant complaint must result in the mandatory cancellation of plaintiff DEUTSCHE BANKS's notice of pendency against the property "in the exercise of the inherent power of the court."

Conclusion

Accordingly, it is

ORDERED, that the instant action, Index Number 10441/09, is dismissed with prejudice; and it is further

   ORDERED that the Notice of Pendency in this action, filed with the Kings County Clerk on April 29, 2009, by plaintiff, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2007, GSAMP TRUST 2007-FM2, to foreclose on a mortgagefor real property located at 2155 Troy Avenue, Brooklyn, New York (Block 7842, Lot 11, County of Kings), is cancelled.

   This constitutes the Decision and Order of the Court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

## CASE NO. 11-10822 SHL

IN RE: SYLVIA ESSIE DADZIE
ssn: ***-**-5360

Debtor.

---

**OBJECTION TO PROOF OF CLAIM #8 FILED BY GMAC MORTGAGE, LLC**

---

SHAEV & FLEISCHMAN
ATTORNEY FOR DEBTOR
350 FIFTH AVENUE
SUITE 7210
NEW YORK, NEW YORK 10118
TELEPHONE NO. (646) 722-8649
TELECOPIER NO. (646) 349-7622

---

16