IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

CHAPTER 11

_____

CASE NO. 12-12020

IN RE:  RESIDENTIAL CAPITAL, LLC, ET AL


Debtors.

_____


# EXHIBIT "F"

DAVID B.  SHAEV, ESQ.
SHAEV & FLEISCHMAN, LLP
COUNSEL FOR DEBTOR
350 FIFTH AVENUE, SUITE 7210
NEW YORK, NY 10118
PH(646)722-8649

LINDA TIRELLI, ESQ
COUNSEL FOR DEBTOR
Garvey Tirelli & Cushner, Ltd.
50 Main Street, Suite 390
White Plains, NY 10606
Phone: (914)946-2200
Fax: (914)946-1300

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE:  SYLVIA DADZIE
      Ch. 13 Case No: 11-10822(SHL)
DEBTOR
_____
SYLVIA DADZIE
          PLAINTIFF             Adv. Pro._____

v.

GMAC MORTGAGE, LLC/Residential Capital, LLC, and
 FANNIE MAE
          DEFENDANTS
------------------------------------------------------------------X

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

### I. COMPLAINT

1. This is an action for actual and punitive damages filed by  Sylvia Dadzie
   ("Plaintiff") pursuant to Sections 105, 362, 501, 502, 503 and 506 of
   the Bankruptcy Code, and Rules 2016(a) and 3001(a),(b),(c),(d) and(e) of
   the Federal Rules of Bankruptcy.

2. This Complaint focuses on the  fraud perpetrated on the Court and the
   Plaintiff by Defendants, (a) after-the-fact fabrication of documents in
   support of  its claims and pleadings in Plaintiff's Chapter 7 case,
   subsequently converted to a Chapter 13 bankruptcy case, (b)
   Defendant's  fraudulent misrepresentation of the identity and authority
   of the individuals who signed the fraudulent documents;  (c) the
   fraudulent misrepresentation of the owner and real party in interest;
   and (d) the fraudulent, illegal and unauthorized fees and charges
   applied to Plaintiff's mortgage account and included by Defendant in its
   Motion for Relief of Stay and Proof of Claim filed in Plaintiff's Chapter
   13 case.

## II. JURISDICTION AND VENUE

3. Jurisdiction is conferred on this Court pursuant to the provisions of 28
   U.S.C. § 1334 in that this Proceeding arises in and is related to the
   above-captioned Chapter 13 case under Title 11 and concerns property
   of the debtor in that case.
4. This Court has both personal and subject matter jurisdiction to hear
   this case pursuant to 28 U.S.C §§ 157(b)(2), 1334.
5. This matter is a core proceeding and therefore the Bankruptcy Court
   has jurisdiction to enter a final order. However, in the event this case is
   determined to be a non-core proceeding then and in that event the
   Plaintiff consents to the entry of a final order by the Bankruptcy Judge.
6. Venue lies in this District pursuant to of 28 U.S.C. § 1391(b).

## III. PARTIES

7. The Plaintiff, Ms. Sylvia Dadzie, is a natural person residing in Bronx,
   New York and the debtor in the underlying Chapter 13 case.

8. Defendant, GMAC Mortgage, LLC ("GMAC") operates as a home mortgage originator and provides mortgage services, operating as a subsidiary of GMAC Residential Holding Company, LLC. and has appeared through counsel in the instant bankruptcy case, with a business address of 1100 Virginia drive, Fort Washington, PA 19034.

9. Defendant Fannie Mae is a government-sponsored enterprise chartered by Congress to support affordable homeownership, formed pursuant to Federal National Mortgage Association Charter Act, with corporate headquarters located at 3900 Wisconsin Ave, NW Washington, DC 20016-2892.

10. Nothing in these pleadings shall serve as an admission that either Defendant GMAC or Fannie Mae has the right to service Plaintiff's mortgage loan, actually owns Plaintiff's mortgage loan or has a secured interest in Plaintiff's real property.

## IV.    FACTUAL ALLEGATIONS

11. Plaintiff purchased her homestead located at 3695 Secor Avenue, Bronx, New York ( the "residence" or "home") in a transaction that closed on June 28, 2006 and maintains the premises as her primary residence.

12. Advanced Financial Services, Inc. ("Advanced Financial"), located at 25 Enterprise Dr., Middletown. RI 02842 was the primary lender for the Plaintiff's purchase money mortgage loan for the property in the original amount of $325,000.00 as evidenced by a Note dated June 28, 2006 and a Mortgage dated June 28, 2006 executed by the Plaintiff.

13. Prior to the filing of the Plaintiff's Chapter 7 bankruptcy petition, GMAC  was allegedly acting as servicer for the Plaintiff's loan.

15.The Debtor commenced this action by the filing of a Chapter 7 Petition on February 25, 2011.

16.On May 4, 2011, GMAC Mortgage, LLC ("GMAC") filed a Motion to Lift Stay seeking to foreclose on Debtor's home, located at 3695 Secor Avenue, Bronx, New York. A copy of the Motion To Lift Stay with exhibits is annexed hereto as **Exh. "A."**

17.The Motion to Lift Stay annexed the following documents:
   a. Letter from Steven J Baum, P.C., counsel for GMAC  dated May 4, 2011;
   b. Notice of Presentment to Vacate Automatic Stay and Application naming GMAC as a secured creditor;
   c.  Relief From Stay form;
   d.  A Note dated June 28, 2006 naming Advanced Financial as Lender;
   e. NYC Department of Finance Recording Statement;
   f. Mortgage dated June 28, 2006 naming MERS as nominee and Advanced Financial as Lender;
   g. An Assignment of Mortgage, dated April 11, 2011, executed almost 2 months *after* the filing of the bankruptcy petition, and less than one month prior to the filing of the Motion to Lift Stay, alleging an assignment of mortgage from Advanced Financial through Mortgage Electronic Registration Systems, Inc. ("MERS")to GMAC Mortgage, LLC, executed by Evette Arrington,

Assistant Secretary, and  notarized by Zahirah Y. Sweet in
Pennsylvania.


18. By Order signed June 6, 2011 by the Honorable Allan L. Gropper, the case
was converted to a Chapter 13 proceeding and the Court directed that the
application of the creditor for Relief of Stay, if moving forward,  be re-noticed
before the Chapter 13  Judge.


19.On July 22, 2011, Debtor's Chapter 13 Plan was filed calling for retention of
the home.


20.Schedule D of Debtor's petition, as amended, lists GMAC Mortgage as a
disputed creditor on this home.


21.Proof of Claim # 8 dated August 5, 2011 and  filed on August 16, 2011
states that GMAC Mortgage, LLC is the secured creditor on the premises. As of
the date of this Complaint, Proof of Claim # 8 has not been amended. A copy of
the Proof of Claim with exhibits is annexed hereto as **Exh. "B."**


22.As evidence of the alleged indebtedness, and chain of title /transfers, GMAC
attached to the proof of claim the identical documents set forth in its Motion
for Relief of Stay, with the exception of the Relief of Stay form required in the
Southern District of New York Bankruptcy Court.


23.On August 12, 2011, the Debtor's counsel sent a letter to attorney for
GMAC listed on the Proof of Claim demanding proof that it had the authority to
file the proof of claim and demanding documentation of the alleged creditor's
standing in this case.  In addition, a Qualified Written Request ("QWR") under

RESPA was served.  Copies of the demand letter and QWR are annexed hereto as **Exh. "C."**

24.A response to the QWR was received from GMAC Mortgage, dated August 22, 2011, a copy of which is annexed hereto as **Exh. "D".**  The QWR response states that Fannie Mae as opposed to GMAC Mortgage, LLC is the ***owner of the loan and master servicer*** and that GMAC Mortgage, LLC is the servicer.

25.The endorsements at the end of the copy of the Note provided in response to the QWR is dramatically different than the Note attached to the Motion to Lift Stay and Proof of Claim # 8, in that the QWR Note has 1 endorsement and the Proof of Claim Note has 3 endorsements.   The endorsements on the 2 Notes are set forth hereinbelow:

    a.  **QWR REPONSE/NOTE/ENDORSEMENTS PROVIDED BY GMAC:**

Pay to the order of

GMAC BANK

Without recourse
Advanced Financial Services, Inc.

Brian R. Gilpin
Assistant Vice President

**b) MOTION TO LIFT STAY/PROOF OF CLAIM/NOTE ENDORSEMENTS    FILED BY GMAC:**

Pay to the Order of
GMAC Mortgage Corporation
Without Recourse

Joanne Wight, Vice President
Acting Agent for GMAC Bank

-5N(NY) (0005)

PAY TO THE ORDER OF
WITHOUT RECOURSE
GMAC MORTGAGE CORPORATION

Page 3 of 3                                    Form 3233 1/01

J. Vollmer
Limited Signing Officer

PAY TO THE ORDER OF
WITHOUT RECOURSE
GMAC MORTGAGE CORPORATION

Page 3 of 3                                    Form 3233 1/01

J. Vollmer
Limited Signing Officer

26.No explanation or evidence has been provided for the material difference in endorsements on the Note(s) annexed to the QWR and Proof of Claim # 8.   The additional endorsements on the Note annexed to the Proof of Claim could have been added at any time before the filing of the claim, contradicting the purported chain of title.  In addition, there is no endorsement on either document version of the Note naming Fannie Mae in any capacity.

27.A search of MERS Servicer ID online source set forth **Fannie Mae as the Investor on Debtor's mortgage and GMAC Mortgage, LLC as the Servicer.** A copy of this online MERS Servicer ID source is annexed hereto as **Exh. "E."**

28.By Notice of Motion dated Nov. 2, 2011, Debtor filed an Objection to Proof of Claim # 8, returnable before the Court on December 8, 2011. A copy of this Motion without exhibits is annexed hereto as **Exh. "F."** (Exhibits omitted due to copies submitted elsewhere in this Complaint)

29.Plaintiff filed a Supplemental Objection to Proof of Claim # 8, dated November 14, 2011, alleging overstated  escrow charges  in the proof of claim as well as other accounting overcharges to Debtor's loan transaction history. A copy of the Supplemental Objection is annexed hereto as **Exh. "G."**

30.A Declaration In Opposition and Memorandum of Law In Opposition to Debtor's Objection to Proof of Claim was filed on Dec. 16, 2011. (A copy of

the Declaration in Opposition and Memorandum is annexed hereto as
**Exh. "H."**

31.There has been no response to the Supplemental Objection to Proof of
Claim #8 by GMAC or any representative of GMAC.

32.Upon information and belief, the Plaintiff avers that the purported
Assignment of Mortgage  annexed to GMAC's  proof of claim is signed by
Evette Arrington Assistant Secretary of Mortgage Electronic Registration
Systems, Inc. as Nominee for Advanced Financial,  on April  14, 2011,
without any supporting documentation to substantiate her authorization
to do so.

33.Upon information and belief, the Plaintiff avers that said Assignment of
Mortgage attached to GMAC's proof of claim, is of fraudulent nature and of
questionable origin. Based upon information and belief, Evette Arrington is
not an appropriate party to sign and/or authorize such assignments on
behalf of Mortgage Electronic Registration Systems, Inc. ( "MERS") as
nominee for Advanced Financial.  It  appears that the Assignment of
Mortgage, dated *after* the filing of the bankruptcy petition, was prepared
for the sole purpose of filing a Motion to Lift Stay.

34.The Plaintiff is informed and therefore believes, Ms. Arrington  had no
personal knowledge of the purported transfer alleged in the Assignment of
Mortgage nor was she employed  by the alleged assignor or even had
contact with the respective parties at the time of the assignment on the
date of the assignment.

35.Based upon information and belief, the Plaintiff avers that under the
rules of MERS membership, Ms. Arrington may not be an appropriate
person to serve as a certifying officer. Pursuant to MERS membership
rules, a party offered up to become certifying officers is supposed to be a

corporate officers of the member with authority sufficient to bind the member.

36. The Plaintiff is informed and therefore believes that Ms. Arrington was not a corporate officer of the Advanced Financial. with authority to bind said company.

37. Purported creditor, GMAC, fails to explain let alone provide adequate documentation to evidence how, when and from whom it derived its rights to bring a claim in this court. Instead, it has provided documents alleging that Fannie Mae is the owner and that GMAC is a servicer. However, the Proof of Claim was not filed *"as servicer for"* or *"as agent for"* Fannie Mae; nor is Fannie Mae identified anywhere on the proof of claim.

38. Based upon information and belief, the Note – regardless of which version is referenced - in the instant case was separated from the Mortgage in that the two documents have taken different paths and did not transfer together.   The note separated from the mortgage is unenforceable as a secured instrument.

39. Based upon information and belief,  Ms. Arnett is not who she purports to be in the instant Assignment of Mortgage and said document was manufactured for the purpose of fooling the court into believing GMAC is a real party in interest.

40. GMAC  does not represent itself to the court to be acting as mortgage servicer on behalf of a secured creditor and instead is holding out GMAC to be the real party in interest. There has been no defense nor answer to the simple question of why GMAC fails to properly identify itself, its alleged relationship to Fannie Mae, or to name Fannie Mae on the Proof of Claim.

41. GMAC, in the proof of claim. is holding itself out with a bogus assignment  - purporting to assign  the mortgage  - to make it appear that GMAC is actually the owner of the debtor's loan.

42. Based upon information and belief, as well as admission by counsel on behalf of GMAC, the owner of the Plaintiff's mortgage and note is Fannie Mae.

43. GMAC did not provide any chain of transfers attached to the proof of claim to explain how, when  or whether Fannie Mae came to own the Plaintiff's loan.

44. GMAC  did not admit to counsel for Debtor that Fannie Mae was the owner of the loan until more than 1 year had passed since the filing of the Objection to Proof of Claim # 8, despite having been demanded to respond to this line of inquiry through discovery.

45. Nothing attached to the proof of claim indicates the identity of Fannie Mae as the real party in interest or any agency relationship existing between GMAC and Fannie Mae.

## V. FIRST CLAIM FOR RELIEF: FRAUD/ASSIGNMENT OF MORTGAGE

46. Plaintiff repeats and realleges the allegations in paragraphs 1 through 45 as if fully set forth herein.

47. The assignment of mortgage executed by Evette Arrington constitutes an express, willful and knowing fraud by Defendants perpetrated individually and collectively by Defendants on both the Court and on the Plaintiff.

48. Upon information and belief,  Evette Arrington lacks authority to execute any document on behalf of Advanced Financial Services, Inc.  ( the named payee on the Plaintiff's promissory note).

49. Upon information and belief, Evette Arrington is not an employee of Mortgage Electronic Registration Systems, Inc.

50. Mortgage Electronic Registration Systems, Inc. has never had any legal interest in the Plaintiff's Note.

51. The claim that the loan was transferred in this manner therefore represents a fraud upon the Court.

52. The Assignment of Mortgage was and remains a false document and was used and filed with this Court with the expectation that Plaintiff and the Court would rely upon the fraudulent document.

## VI. SECOND CLAIM FOR RELIEF: FRAUD BY GMAC

53. The allegations set forth in paragraphs 1 through 52 are  realleged and incorporated as if fully set forth herein.

54. Proof of Claim # 8 fraudulently stated that GMAC was the creditor and owner of the Note, when in fact Defendant now alleges that Fannie Mae is the creditor and owner of the Note.
56. The Defendant fraudulently failed to disclose on the Proof of Claim that it was acting as servicer for  or in any other manner on behalf of Fannie Mae.

57. The Proof of Claim has not been amended and remains a fraudulent document filed by GMAC with the Court with the reasonable expectation that Plaintiff and the Court would rely on the false document.

## VII: THIRD CLAIM FOR RELIEF: FRAUD BY FANNIE MAE

58**.** The allegations set forth in paragraphs 1 through 57 are realleged and incorporated herein by this reference.

59. Defendant Fannie Mae was fully aware and complicit in Defendant GMAC's fraudulent filing of Proof of Claim # 8 and GMAC's fraudulently complicit in stating in said Proof of Claim that GMAC is the creditor and owner of Plaintiff's debt and had full knowledge that GMAC was filing the proof of Claim and
Assignment of Mortgage to induce the Plaintiff and the Court and with reasonable expectation that Plaintiff and the Court would rely on the fraudulent Proof of Claim and the fraudulent statements set for therein.

## VIII.  FOURTH CLAIM FOR RELIEF:
## LACK OF STANDING / REAL PARTY IN INTEREST

60. The allegations in paragraphs 1 through 59 of this complaint are realleged and incorporated herein by this reference.

61. The originator of the mortgage loan at issue is "Advanced Financial Services, Inc."

62.There is no documentation provided in Proof of Claim #8 proving a complete chain of title from Advanced Financial to GMAC.

63.There is no documentation provided in Proof of Claim #8 proving a complete chain of title from Advanced Financial to Fannie Mae.

64.The creditor must prove that it is the real party in interest as the rightful owner and holder of both the Note and the Mortgage and that it has the legal right to enforce the same; GMAC. has failed to meet this burden and Fannie Mae has been mute in this case.

65.There was no writing filed with the Proof of Claim demonstrating GMAC's interest on the property securing such claim in violation of B.R. 3001(c).

66.The Note attached to the Proof of Claim names Advanced Financial as "Lender" and the endorsements at the end of one copy of the note the Note annexed to the Proof of Claim differs from the endorsements provided in response to the QWR without explanation.  And, as held by the Honorable Martin Glenn , *In re Mims, 438 B.R. 52 (S.D.N.Y. 2010),* an assignment of mortgage immediately prior to a motion to lift stay, as here, raises serious issues concerning whether the full  chain of title was completed and shifts the burden of proof to the claimant to prove that the chain of title is complete and proper.  GMAC has failed to prove a complete and proper chain of title nor explain why it has not amended the proof of claim to name Fannie Mae as creditor/owner, or GMAC as agent of Fannie Mae. Instead, the documents before the Court are contradictory as to ownership/chain of title with no effort whatsoever to eliminate the conflicting issues raised by GMAC's very own documents.

67. To the extent only servicing rights to the Plaintiff's loan was acquired by GMAC, it cannot be the real party in interest and must prove itself an agent ( servicer) of a third party with a valid claim. Certainly, such agency must be disclosed in documents filed with the Court.

68. To the extent GMAC claims it actually owns the Plaintiff's loan, its admission that Fannie Mae is the owner contradicts such allegation. The court may take judicial notice that there is no endorsement from Fannie Mae on the Note attached to the proof of claim, nor the copy provided in response to the QWR, to indicate a complete chain of transfers.

69. There is no indication in the Proof of Claim that GMAC acquired Plaintiff's loan from Fannie Mae. The so-called "Assignment of Mortgage" purports a direct transfer of the mortgage from the originator, Advanced Financial to GMAC. GMAC's response to Debtor's Objection concerning this inconsistency is: never mind, it doesn't need the Assignment of Mortgage anyway. Such response does not answer the question of whether the assignment of Mortgage entered into after the filing of the bankruptcy petition andjust prior to the Motion To Lift Stay was in fact valid/appropriate or whether such Assignment of Mortgage is in fact bogus and a fraud on the Debtor and the Court?

70. The Mortgage attached to the Proof of Claim, represents an alleged lien on Debtor's property and, again, is in the name of Advanced Financial. It may well have created a lien on the property as collateral for a debt (the "Note"), but does not in and of itself create a debt. A Mortgage is transferred by assignment or delivery, and there is no proof of delivery attached to the Proof of Claim. Had the "story" been proof of delivery, it would have been easy enough to attach documentation of such delivery to the proof of claim.

71. The Plaintiff fully anticipates the tired argument from GMAC that "we don't need an assignment" yet there has been no explanation for the submission of the instant bogus assignment to this Court causing the Plaintiff to go to great lengths to confirm the validity of the same.

72. According to the public records of Fannie Mae available at www.FannieMae.com, Fannie Mae claims to own the Plaintiff's loan. This begs the question of why, GMAC in a Proof of Claim is holding itself out with a bogus assignment to make it appear that GMAC is actually the real party in interest and has the right to file a claim and seek payment as the rightful owner of the debtor's loan?

73. There is no apparent chain of transfers attached to the Proof of Claim to explain how or when Fannie Mae came to own the Plaintiff's loan. The Fannie Mae records of this loan contradicts the documents provided by the claimant GMAC as aforesaid.

74. A Federal Court cannot have jurisdiction unless a party has constitutional standing. The claimant fails to provide any credible evidence as to if and when a negotiation of the Note to GMAC or its principle actually occurred. The endorsement in blank leaves the court and the Plaintiff to guess when any negotiation of the note occurred. And, the various Notes produced leaves the Court to guess which Note is currently in effect and when the "additional endorsements" occurred, by whom and for what reason?

75. GMAC, if a servicer, is not a creditor and has provided contradictory evidence as to whether it currently owns the Plaintiff's note or is acting as an authorized agent of Fannie Mae or any other real party in interest.

76. GMAC therefore, cannot prove that it is a creditor or the real party in interest and had no standing to file the Motion to Lift Stay in the Chapter 7 case or Proof of Claim # 8. Therefore, GMAC has no constitutional standing to file its sworn proof of claim in the Plaintiff's Chapter 13 case.

77. In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure, which impacts the issue of who can assert a claim as a holder, because pleading and standing issues arise in the context of our federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest**."* (emphasis added)

78. A Proof of Claim is subject to Fed.Rules Bankr. Pro. 7017 which is a restatement of F. R. Civ. P. 17.

79. The Plaintiff avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note owner is not stated , GMAC's very claim is defective.

80. In a recent decision by the Honorable Martin Glenn, *In re John Idicula*, Case No. 12-12120 (S.D.N.Y. 1/30/2013); 484 B.R. 284 (2013), the Court *sua sponte* held that the servicer had failed to establish that it owns or has the right to enforce the promissory note secured by the property, citing *In re Mims, 438 B.R. 52* (Bankr. S.D.N.Y. 2010). Judge Glenn noted that the discrepancy in documentation provided imposed a requirement on the party attempting to enforce the note to prove the legal basis for such authority, *despite possession of the Note*:

> "…because under applicable New York law, delivery of the original Note endorsed in blank is effective to transfer ownership of the

Note, it is    possible that U.S.Bank does own the Note, or that is
has the authority to        exercise the rights of ownership as Trustee
of the securitization trust that purports to hold the Note. At this
state, however, the Court can only speculate, because no evidence
(indeed, no argument) has been presented to the Court in support
of the Motion that delivery and possession of the original note
endorsed in blank is the legal basis for the authority of U.S. Bank
(and Select Portfolio Servicing on its behalf) to move to lift the
automatic Stay". At. P. 5

In referencing *Mims* Judge Glenn proceeded to find:
"Wells Fargo could not show that the note was either physically
delivered or assigned pursuant to a written agreement…Since
Wells Fargo failed to prove that it owned the note, it 'failed to
establish that it (had) standing to pursue its state law remedies
with regard to the Mortgage and Property.'" At p. 7

81. In the instant action, the creditor has submitted an Assignment of
Mortgage which is questionable, and 2 copies of Notes with different
endorsements.   Certainly, the documentation submitted on behalf of
creditor to purportedly prove its ownership of the Note and right to
proceed against this Debtor under New York State Law has raised
sufficient inference to require proof of a complete chain of title from
originator or to the party attempting to enforce the Note in this Court.  A
complete chain of title of the Note and Mortgage has not been provided
under any interpretation of the documents submitted to this Court.

82. In a decision on March 10, 2009, the Honorable Philip H. Brandt, US
Bankruptcy Judge for the Western District of Washington cited the matter
of *In Re Jacobson* , 19 CBN 522 (Bankr. W.D. Wash. 2009) and denied a
motion filed by a servicing agent for lack of standing because it was not
brought in the name of the party who had the right to enforce a deed of
trust and did not establish that the movant was authorized to act on
behalf of the party who had such right.

83. In the case at bar, the claimant, GMAC, through the filing of Proof of Claim # 8, as well as a Motion to Lift Stay, establishes only that it is neither the holder nor the owner of the note. GMAC neither asserts that it has a beneficial interest in the Note affixed to its proof of claim or Motion to Lift Stay and further offered no viable explanation for the "convenient" assignment of mortgage purporting to transfer the loan, while *now admitting* that Fannie Mae is the owner of the loan. Insofar as GMAC is a mortgage loan servicer, it cannot enforce the note in its own right in that according to the information in the attached documents and the information available through MERS, the loan is owned by Fannie Mae with which GMAC has not established an agency relationship in its claim.

84. The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Controversies." Justice Powell delivered the Opinion of the Supreme Court in the case of *Warth* v. *Seldin* addressing the question of standing in a federal court as follows:

> In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its            constitutional dimension, standing imports judiciability: whether the plaintiff has made out a ―case or controversy‖ between himself and the defendant within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the plaintiff has ―alleged such a personal stake in the outcome of the controversy‖ as to warrant his invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the plaintiff himself has suffered ―some threat or actual injury resulting from the putatively illegal action…‖ *Linda R.S. v. Richard*

D., 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536
(1973). *Warth v. Seldin* 422U.S.490, 498 (1975)

Apart from this minimum constitutional mandate, this Court has
recognized other limits on the class of persons who may invoke the
courts' decisional and remedial powers. ... even when the plaintiff
has alleged injury sufficient to meet the —case or controversy‖
requirement, this Court has held that the **plaintiff generally must
assert his own legal rights and interests and cannot rest his
claim to relief on the legal rights or interests of third parties**.
E.g., *Tilestion v. Ullman*, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603
(1943). *Warth v. Seldin*, 422U.S.490, 499 (1975) (emphasis added)

86.The Plaintiff in the instant case reiterates that a party seeking relief in
any Federal Court "bears the burden of demonstrating standing and must
plead its components with specificity." *Coyne v American Tobacco
Company*, 183 F.3d 488, 494 (*6th Cir. 1999*). Again, the minimum
constitutional requirements for standing are: proof of injury in fact,
causation, and redressability. *Valley Forge Christian College v Americans
United for Separation of Church & State, Inc., 454 U.S. 464, 473 (1982).*
Furthermore, in order to satisfy the requirements of Article III of the
United States Constitution, any claimant asserting rights in a Federal
Court must show he has personally suffered some actual injury as a result
of the conduct of the adverse party. *Coyne*, 183 F.3d at 494; *Valley Forge*,
454 U.S. at 472.

87.GMAC may only be a servicer and while a servicer may be able to bring
a claim on behalf of its principle, it must disclose the identity of its
principle to the court and set forth a valid claim of its principle.   A
servicer cannot be permitted to file false documents with the court and
hold itself out to be a real party in interest if in fact, it is not.

88. As set forth hereinabove, the claimant can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does claimant make any mention of any perceived injury to itself.

89. GMAC as claimant presumably seeks to redress an alleged wrong to what is presumed to be a third party or parties, (i.e., the owner of the Plaintiff 's Note and Mortgage) and thus the claimant in the case at bar lacks standing in a federal court. GMAC cannot bring this claim without properly either identifying direct injury or threat of injury to itself or by joining a real party in interest.

90. The minimum constitutional requirements for standing in a federal court are: proof of injury in fact, causation and redressability. *Valley Forge Christian College vs. Americans United for Separation of Church & State, Inc.* 454 U.S. 464, 472 (1982).

91. It is well anticipated that GMAC will respond to this complaint by asserting that the assignment of mortgage, regardless of validity, is unnecessary.

92. This phenomenon of submitting written assignments and then arguing they are of no consequence or otherwise unnecessary, is not unique to the documents submitted in this Federal Court .

93. As one Court described the bank's burden to show standing:

> "If the claimant is the original lender, the claimant can meet its
> burden by introducing evidence as to the original loan. If the
> claimant acquired the note and mortgage from the original lender
> or from another party who acquired it from the original lender, the
> claimant can meet its burden through evidence that traces the

loan from the original lender to the claimant. *A claimant who is the servicer must, in addition to establishing the rights of the holder, identify itself as an authorized agent for the holder.* Maisel, 378 B.R. at 22 (quoting *In re Parrish*, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)). (emphasis added)

*94. In re Tandala Mims*, the Hon. Judge Martin Glen denied Wells Fargo's first attempted Motion for Relief from Stay on the Court's own motion in a written opinion dated October 27, 2010.  Thereafter, Wells Fargo renewed its motion a second time, claiming, in part, possession of the original note endorsed in blank.  The Court was not convinced, stating in its December 9, 2010 Order denying Wells Fargo's Renewed Motion for Relief From Stay as follows:

> "With respect to the assignment of the note and mortgage, the October 27 Opinion stated: 'An assignment in anticipation of bringing a lift-stay motion does not in and of itself indicate bad faith. However, in the absence of a credible explanation, *describing how, when and from whom Wells Fargo derived its rights, relief from the stay will not be granted.'* Mims, 438 B.R. at 57 (emphasis added). The Renewed Motion provides some but not all of this information."

95.In the instant case as in the *Mims* and *Idicula* cases, there is a complete lack of any credible explanation describing how, when and from whom GMAC derived its rights.  There is a clear question of fact as to the issue of GMAC's standing to bring a claim and the MERS Assignment of Mortgage presented does not play in the claimant's favor.

96. As of the date of this pleading, the Plaintiff has not received notice of the purported assignment of her mortgage to GMAC, despite GMAC's statutory obligation to provide such to the debtor. The Debtor avers that the fact this obligation was not met by GMAC in the face of statutory

damages, further evidences the likelihood that the Assignment of Mortgage is a false document and does not effectuate an actual valid assignment.

97. To the extent the purported Assignment of Mortgage in the Proof of Claim and Motion to Lift Stay in this case is deemed an  invalid assignment, the Plaintiff is entitled to  statutory damages, costs and an award of legal fees from GMAC.

## IX. FIFTH CLAIM FOR RELIEF: TILA VIOLATION

98.  The allegations in paragraphs 1 through 97 of this complaint are realleged and incorporated herein by this reference.

99.The Assignment affixed to the Motion to Lift Stay and Proof of Claim offered by GMAC is dated April 1, 2011, *after*  the Plaintiff filed her Chapter 7 petition.

100. The Plaintiff requests the Court to take judicial notice that the date of this instant pleading is well past the 30 days required for notice under §131 of the Truth in Lending Act.

101. Plaintiff is entitled to statutory damages due to violation of Sec. 131 of the Truth in Lending Act.

## X. SIXTH CLAIM FOR RELIEF:  VIOLATION OF THE AUTOMATIC STAY

102. The allegations in paragraphs 1 through 101 of this complaint are realleged and incorporated herein by reference.

104. The Assignment affixed to the Motion to Lift Stay and Proof of Claim offered by GMAC is dated April 1, 2011, *after* the Plaintiff filed her Chapter 7 petition.

105. The Assignment of Mortgage was filed in this Court was  to create, perfect, or enforce  a lien against the Plaintiff, in violation of Sec. 362(a)(4) of the Bankruptcy Code.

106. a)The Assignment of Mortgage was filed in this Court to obtain possession of property of the estate or to exercise control over property of the estate in violation of Sec. 362(a)(3) of the Bankruptcy Code.

    b) GMAC's actions in filing the Motion to Lift Stay and the POC in this case when it is not the real party in interest with standing to do so, constitutes  gross and willful violations of the Automatic Stay pursuant to 11 U.S.C. section 362(a)(3).


107. The Assignment of Mortgage and the filing of the Proof of Claim were acts to create, perfect, or enforce against the property of the Plaintiff a lien that allegedly secures a claim that arose before the commencement of the petition filed by Plaintiff, in violation of Sec. 362(a)(5).


108. The Assignment of Mortgage and the filing of the Proof of Claim were acts to collect or recover a claim against Plaintiff that arose prior to the filing of the petition by Plaintiff, in violation of Sec. 362 (a)(6).


109. The actions by GMAC in the filing of the Assignment of Mortgage and the filing of the Proof of Claim in this case were willful violations of the Automatic Stay.


110. Plaintiff is entitled to actual damages, including costs and attorneys' fees  and punitive damages for Defendant's GMAC's willful violations set forth above, pursuant to Sec. 362(k)(1) of the Bankruptcy Code.

## XII.   SEVENTH CLAIM FOR RELIEF:  OBJECTION TO PROOF OF CLAIM

111.The allegations in paragraphs 1 through110 of this complaint are realleged and incorporated herein by this reference.

112.Defendant  GMAC's filed Proof of Claimlacks prima facie validity in that it fails to comply with Bankruptcy Rule 3001, which requires that a proof of claim conform substantially to the Official Bankruptcy Form ( ie., Official Form B10) to be executed by the creditor or an authorized agent of the creditor, and when a proof of claim is based upon a writing, the original or a duplicate of the writing shall be filed with the proof of claim. ( See Bankruptcy Rule 3001(a), (b) and (c).

113.The party identified as "creditor" in the Proof of Claim, GMAC, was disputed in the scheduled by the Plaintiff as a creditor.

114.No power of attorney or evidence of an agency relationship between GMAC and the real party in interest is attached to the Proof of Claim.

115.The documents attached to the Proof of Claim do not support or otherwise evidence GMAC's alleged secured claim.  The Notes produced are contradictory.  To the extent the second version of the note attached to the Proof of Claimis indorsed in blank via rubber stamped endorsement the same is unverified as a genuine endorsement.  The note does not have an

endorsement stamp from the Fannie Mae.  There is no clear chain of transfer from the originating lender to the creditor GMAC or Fannie Mae.

116. The Assignment of Mortgage signed by Evette Arrington attached to the Proof of Claim constitutes an affirmative fraud on the Court and Plaintiff insofar as it is a document fabricated by the claimant and/or its agent specifically to deceive the Court and the Plaintiff regarding the ownership of the loan.

117. The fees and charges added to the Proof of Claim were neither reasonable nor authorized by law or the mortgage loan documents.

118. Accordingly, the Proof of Claim filed by GMAC should be disallowed pursuant to the Bankruptcy Code and Rules.

119. The debt/claim alleged by GMAC in Proof of Claim # 8 should be declared void.

### XIII. EIGHTH CLAIM FOR RELIEF:  ESCROW OVERCHARGES

120. The allegations set forth in paragraphs 1 through 120 of the Complaint are realleged and incorporated herein.

121. The second page of Proof of Claim # 8 states:

**" ARREARAGE:**
**Mortgage payment $14,152.49**
**P&I $2054.23 and escrow $470.93 = $2,525.16**
**3 Payments**
**\*\*\***
**P&I $2054.23 and escrow $452.06 = $2506.29**
**Escrow Shortage $1,915.11"**

122. Therefore, the creditor is charging :

1 Escrow incl. in payment @$470.93 **$ 470.93**
3 Escrow incl. in payment @ $452.06 **$1,356.18**
Escrow Shortage on POC **$1,915.11**
**TOTAL ESCROW SHORTAGE ON POC: $3,742.22**


123.Page 9 of GMAC's Response to Qualifed Written Request ("QWR"), dated August 22, 2011 and annexed hereto as Exh. "x" states that the Escrow Shortage as of 2/25/11 (date of filing of the bankruptcy petition), as follows:

**$2984.79**

124. Therefore, the Proof of Claim # 8  filed Aug. 8, 2011overcharges Debtor for escrow shortage as follows:

Shortage on POC: $3,742.22
Actual Escrow Shortage 2/25/11 -$2984.70
**Amount of Escrow Overstated on POC: $757.43.**


125.In addition to the escrow overcharges on the Proof of Claim, it is apparent that this Debtor is being charged post petition legal or other fees which have not been authorized by this Court, as follows:

a.)Page 10 of Response to QWR:
**"5/13/11 $42.00 Expense Advances "**

b.) Page 12 of Response to QWR:
**"7/28/11 $150.00 Expense Advances"**
**"8/10/11 $150.00 Expense Advances"**
**"8/17/11 $150.00 Expense Advances**" (apparently a removal of an expense)
**"8/18/11 $500.00 Expense Advances"**


126.It is believed that the above charges are legal fees charged to Plaintiff' account, **totaling $692.00, post-petition**. Although these fees do not appear on Proof of Claim # 8, it is likely that creditor will seek payment of these fees sometime before the loan is satisfied


127.Although such overcharges may be "minor" to the creditor, they are certainly not minor to a Plaintiff struggling to maintain her home,

especially considering the interest and penalties that would be associated with such charges during the life of the loan.

128. The identical allegations set forth in Claim Sixth of this Complaint , was served upon the defendant GMAC as a Supplement to the Objection to Proof of Claim on xxxx, 201x, as set forth on Certificate of Service, ECF Docket # xxx.  The allegations  in the Supplement to Objection have never been responded to by GMAC in any manner as of the date of the filing of this Complaint.

**WHEREFORE**, the Plaintiff, having set forth her claims for relief against Defendants respectfully pray of the Court as follows:

A. That Proof of Claim 8 be expunged and disallowed;

B. That the debt set forth in Proof of Claim # 8 be declared void;

C. That this Court direct the Chapter 13 Trustee to strike the Proof of Claim of GMAC;

D. That GMAC and its agents, servicers, and the like be precluded from filing any amended, modified or substitute claim in this case;

E. That the Plaintiff have and recover against GMAC a sum to be determined by the Court in the form of actual damages;

F. That the Plaintiff have and recover against GMAC a sum to be determined by the Court as statutory damages.;

G. That the Plaintiff have and recover against Fannie Mae a sum to be determined by the Court in the form of actual damages;

H. That the Plaintiff have and recover against Fannie Mae a sum to be determined by the Court in the form of punitive damages.

I.  That the Debtor have and recover against Fannie Mae a sum to be
    determined by the Court in the form of statutory damages;

J.  That the Plaintiff  have and recover against GMAC a sum to be
    determined by the Court for punitive damages;

K.  That the Plaintiff  have and recover against Fannie Mae a sum to be
    determined by the Court all legal fees and expenses incurred by her
    attorneys;

L.  That the Plaintiff have and recover against GMAC a sum to be
    determined by the Court for all legal fees and expenses incurred by her
    attorneys;

M.  That the Plaintiff be granted all Declaratory Relief as requested in the
    claims asserted in this complaint; and

N.  That the Plaintiff have such other and further relief as the Court may
    deem just and proper.

This    Day of April, 2013

_____
LINDA TIRELLI, ESQ
COUNSEL FOR DEBTOR
Garvey Tirelli & Cushner, Ltd.
50 Main Street, Suite 390
White Plains, NY 10606
Phone: (914)946-2200
Fax: (914)946-1300

This     Day of April, 2013


_____
DAVID B.  SHAEV, ESQ.
SHAEV & FLEISCHMAN, LLP
COUNSEL FOR DEBTOR
350 FIFTH AVENUE, SUITE 7210
NEW YORK, NY 10118
PH(646)722-8649

.