MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

---

**SECOND AMENDED[1] PROPOSED AGENDA FOR MATTERS SCHEDULED
TO BE HEARD ON APRIL 11, 2013 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY
10004-1408

**I.**        **WITHDRAWN MATTERS**

**1.**        Debtors' Objection to Proof of Claim Number 3545 Filed by Nicole Bradbury, *et al.*
Against GMAC Mortgage, LLC Pursuant to Section 502(b) of the Bankruptcy Code
and Bankruptcy Rule 3007 [Docket No. 2584]

        **Related Documents:**

        **a.**        Notice of Adjournment of Hearing on Debtors' Objection to Proof of
                Claim Number 3545 Filed by Nicole Bradbury, et al. Against GMAC
                Mortgage, LLC Pursuant to Section 502(b) of the Bankruptcy Code and
                Bankruptcy Rule 3007 to February 28, 2013 at 2:00 p.m. [Docket No.
                2731]

---

[1] Amended items appear in **bold**.

    **b.**        Notice of Adjournment of Hearing on Debtors' Objection to Proof of Claim Number 3545 Filed by Nicole Bradbury, et al. Against GMAC Mortgage, LLC Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 to March 21, 2013 at 10:00 a.m. [Docket No. 2979]

    **c.**        Notice of Adjournment of Hearing on Debtors' Objection to Proof of Claim Number 3545 Filed by Nicole Bradbury, et al. Against GMAC Mortgage, LLC Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 to April 11, 2013 at 10:00 a.m. [Docket No. 3231]

    **d.**        Notice of Withdrawal of Proof of Claim Number 3545 Filed by Nicole Bradbury, et al. Against GMAC Mortgage, LLC and Notice of Withdrawal of the Debtors' Objection to Proof of Claim Number 3545 [Docket No. 3377]

**Responses**:        None.

**Status**:        This matter has been withdrawn. No hearing is required.

## II.    <u>WITHDRAWN ADVERSARY PROCEEDING MATTERS</u>

### <u>Dixon v. GMAC Mortgage Corp. (Adv. Proc. No. 12-02088)</u>

**1.**    Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b), FRCP 12(b)(6) and FRCP 9(b) [Docket No. 4]

    **<u>Related Documents</u>**:

    **a.**        Plaintiff's Notice of Dismissal of Adversary Proceeding [Docket No. 15]

    **Responses**:        None.

    **Status**:        This adversary proceeding has been closed. No hearing is required.

### <u>Taggart v. GMAC Mortgage, LLC (Adv. Proc. No. 12-01945)</u>

**1.**    Pre-Trial Conference in Adversary Proceeding

    **<u>Related Documents</u>**:

    **a.**        Adversary Complaint [Docket No. 1]

    **b.**        Summons and Notice of Pretrial Conference [Docket No. 2]

    **c.**        Memorandum Endorsed Letter So Ordered on 11/30/2012 Regarding Request of an Extension of the Date by Which the Defendants in the Adversary Proceeding must Answer or Otherwise Respond to the Complaint [Docket No. 3]

**d.**     Notice of Rescheduling of Pretrial Conference to February 28, 2013 at 2:00
p.m. [Docket No. 5]

**e.**     Letter from Norman S. Rosenbaum to Judge Glenn Requesting an
Extension of the Deadline to Answer Adversary Complaint [Docket No. 7]

**f.**     Memorandum Endorsed Letter So Ordered on 2/6/2013 Regarding Request
for an Extension of the Date by Which the Defendants in the Adversary
Proceeding must Answer or Otherwise Respond to the Complaint, and
Rescheduling the Pre-trial Hearing to a Subsequent Date [Docket No. 8]

**g.**     Notice of Adjournment of Pre-Trial Conference to April 11, 2013 at 10:00
a.m. [Docket No. 10]

**h.**     Praecipe to Withdraw Adversary Complaint [Docket No. 12]

**i.**     Notice of Withdrawal of Debtors' Motion for Entry of an Order (I)
Imposing Sanctions Against Kenneth J. Taggart for Violations of
Bankruptcy Rule 9011 and (II) Implementing Injunctive Procedures
Barring Additional Filings Without Prior Leave of The Court [Docket No.
13]

**Responses**:     None.

**Status**:     This adversary proceeding has been closed.  No hearing is required.

**Matthews v. GMAC Mortgage Company (Adv. Proc. No. 12-01933)**

**1.**     Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

**a.**     Complaint and Jury Demand [Docket No. 1]

**b.**     Summons and Notice of Pre-Trial Conference [Docket No. 2]

**c.**     Stipulation and Order Between Kevin J. Matthews and GMAC Mortgage,
LLC [Docket No. 3]

**d.**     Notice of Adjournment of Pre-Trial Conference [Docket No. 4]

**e.**     Plaintiff's Motion for Partial Summary Judgment as to Liability Only
Against Defendant GMAC Mortgage Co., LLC [Docket No. 5]

**f.**     Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to
Bankruptcy Rules 7009 and 7012(b) and FRCP 9, 12(b)(5), and 12(b)(6)
[Docket No. 6]

**g.**     Objection and Request for Extension of Time for Plaintiff to File a
Complete Opposition and Response to the Motion [Docket No. 10]

**h.**     Plaintiff's Further Objection and Opposition to Defendant's Motion to
Dismiss [Docket No. 11]

**i.**     Debtors' Response in Opposition to Plaintiffs Motion for Partial Summary
Judgment [Docket No. 12]

**j.**     Notice of Applicability of the Order Approving Mandatory Supplemental
AP Procedures for AP Actions [Docket No. 14]

**k.**     Joint Progress Report Pursuant to Order Approving Mandatory
Supplemental AP Procedures for AP Actions [Docket No. 16]

**l.**     Notice of Dismissal Without Prejudice [Docket No. 17]

**Status**:     This matter has been withdrawn.  No hearing is required.

**2.**     Plaintiff's Motion for Partial Summary Judgment as to Liability Only Against
Defendant GMAC Mortgage Co., LLC [Docket No. 5]

**Related Documents**:     None.

**Responses**:

**a.**     Debtors' Response in Opposition to Plaintiffs Motion for Partial Summary
Judgment [Docket No. 12]

**b.**     Notice of Dismissal Without Prejudice [Docket No. 17]

**Status**:     This matter has been withdrawn.  No hearing is required.

**3.**     Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rules
7009 and 7012(b) and FRCP 9, 12(b)(5), and 12(b)(6) [Docket No. 6]

**Related Documents**:     None.

**Responses**:

**a.**     Objection and Request for Extension of Time for Plaintiff to File a
Complete Opposition and Response to the Motion [Docket No. 10]

**b.**     Plaintiff's Further Objection and Opposition to Defendant's Motion to
Dismiss [Docket No. 11]

**c.**     Notice of Dismissal Without Prejudice [Docket No. 17]

**Status**:     This matter has been withdrawn.  No hearing is required.

III.    **SETTLED MATTERS**

1.    Motion of Michael F. Sheehan, II, Koren M. Sheehan and Wells Fargo Bank, N.A. for an Order Pursuant to 11 U.S.C. § 362(d) and Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Commencement of State-Court Litigation Involving Real Property Located at 46 Fawn Lane, Queensbury, New York [Docket No. 3012]

**Responses**:        None.

**Status**:    This matter has been resolved.  A stipulation will be presented to the Court at the hearing.

IV.    **ADJOURNED MATTERS**

1.    Scheduled Creditor Shane M. Haffey's Motion for the Clarification/Enforcement of the Automatic Stay Against The Debtors, Co-Creditor Deutsche Bank Americas and Counsel [Docket No. 1227]

**Related Documents**:

a.    Notice of Adjournment and Formal Notice of Hearing on Scheduled Creditor's Motion for the Clarification/Enforcement of the Automatic Stay Against the Debtors, Co-Creditor Deutsche Bank Americas and Counsel [Docket No. 2701]

b.    Notice of Adjournment of Hearing on Scheduled Creditor Shane M. Haffey's Motion for the Clarification/Enforcement of the Automatic Stay Against The Debtors, Co-Creditor Deutsche Bank Americas and Counsel to April 30, 2013 at 10:00 a.m. [Docket No. 3386]

**Responses**:

a.    Debtors' Objection to Scheduled Creditors Motion for the Clarification of the Automatic Stay Against the Debtors, Co-Creditor Deutsche Bank Americas and Counsel, Filed by Shane M. Haffey [Docket No. 2679]

**Status**:    The hearing on this matter has been adjourned to April 30, 2013.

2.    Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2044]

**Related Documents**:

a.    Memorandum of Law in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2045]

b.      Declaration of R. Fredrick Walters, David M. Skeens and R. Bruce Carlson
        in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class
        Claims [Docket No. 2047]

c.      Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule
        7023 and to Certify Class Claims to February 7, 2013 at 10:00 a.m.
        [Docket No. 2399]

d.      Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule
        7023 and to Certify Class Claims to February 28, 2013 at 2:00 p.m.
        [Docket No. 2730]

e.      Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the
        Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims
        [Docket No. 3029]

f.      Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the
        Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims
        to May 30, 2013 at 10:00 a.m. [Docket No. 3299]

g.      Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the
        Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims
        to June 12, 2013 at 10:00 a.m. [Docket No. 3660]

**Responses**:

a.      Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to
        Certify Class Claims [Docket No. 2337]

b.      Declaration of K. Lee Marshall in Support of Debtors' Opposition to
        Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims
        [Docket No. 2338]

c.      Response and Reservation of Rights of PNC Bank, N.A. to Motion of
        Rowena Drennan, Flora Gaskin, Roger Turner, Christie Turner, John
        Picard and Rebecca Picard to Apply Bankruptcy Rule 7023 and to Certify
        Class Claims [Docket No. 2343]

d.      Statement and Reservation of Rights of the Official Committee of
        Unsecured Creditors with Respect to the Motion to Apply Bankruptcy Rule
        7023 and to Certify Class Claims Filed by Rowena Drennen [Docket No.
        2869]

**Replies**:

a.      Reply to Debtors' Objection to Class Certification Motion to Apply
        Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2874]

      **b.**        Supplemental Declaration of R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2875]

      **c.**        Declaration of David M. Skeens and R. Keith Johnston in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2876]

      **d.**        Declaration of Roy Fredrick Walters in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2877]

      **e.**        Second Supplemental Declaration of R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2880]

      **Status**:    The hearing on this matter has been adjourned to June 12, 2013.

**3.**      Motion of Jacques and Deirdre Raphael for Relief from Stay [Docket No. 2156]

      **Related Documents**:

      **a.**        Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to February 28, 2013 at 2:00 p.m. [Docket No. 2654]

      **b.**        Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to April 11, 2013 at 10:00 a.m. [Docket No. 3024]

      **c.**        Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to April 30, 2013 at 10:00 a.m. [Docket No. 3356]

      **Responses**:    None.

      **Status**:    The hearing on this matter has been adjourned to April 30, 2013.

**4.**      Motion of Jacques and Deirdre Raphael for Relief from Stay [Docket No. 2463] (requesting the same relief as Docket No. 2156)

      **Related Documents**:

      **a.**        Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to February 28, 2013 at 2:00 p.m. [Docket No. 2722]

       **b.**         Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to April 11, 2013 at 10:00 a.m. [Docket No. 2948]

       **c.**         Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to April 30, 2013 at 10:00 a.m. [Docket No. 3356]

**Responses**:      None.

**Status**:    The hearing on this matter has been adjourned to April 30, 2013.

**5.**    Motion of Albina Tikhonov for Contempt of Bankruptcy [Docket No. 2627]

**Related Documents**:

       **a.**         Notice of Hearing on Motion of Albina Tikhonov for Contempt of Bankruptcy [Docket No. 2784]

       **b.**         Notice of Adjournment of Hearing on Motion of Albina Tikhonov for Contempt of Bankruptcy to April 11, 2013 at 10:00 a.m. [Docket No. 3166]

       **c.**         Notice of Adjournment of Hearing on Motion of Albina Tikhonov for Contempt of Bankruptcy to April 30, 2013 at 10:00 a.m. [Docket No. 3355]

**Responses**:      None.

**Status**:    The hearing on this matter has been adjourned to April 30, 2013.

**6.**    Motion of David and Leslie Kinworthy Requesting Relief from the Automatic Stay [Docket No. 2660]

**Related Documents**:

       **a.**         Notice of Hearing on Motion of David and Leslie Kinworthy Requesting Relief from the Automatic Stay [Docket No. 2783]

       **b.**         Notice of Adjournment of Hearing on Motion of David and Leslie Kinworthy Requesting Relief from the Automatic Stay to April 11, 2013 at 10:00 a.m. [Docket No. 3169]

       **c.**         Notice of Adjournment of Hearing on Motion of David and Leslie Kinworthy Requesting Relief from the Automatic Stay to April 30, 2013 at 10:00 a.m. [Docket No. 3333]

**Responses**:      None.

**Status**:    The hearing on this matter has been adjourned to April 30, 2013.

## V.    ADJOURNED ADVERSARY PROCEEDING MATTERS

### Nora v. Residential Capital, LLC *et al.* (Adv. Proc. No. 13-01208)

**1.**    Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

**a.**    Complaint [Docket No. 1]

**b.**    Summons and Notice of Pre-Trial Conference [Docket No. 2]

**c.**    First Amended Complaint [Docket No. 3]

**d.**    Amended Summons and Notice of Pre-Trial Conference [Docket No. 4]

**e.**    Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 5]

**Status**:    The pre-trial conference on this matter has been adjourned to June 12, 2013.

### Solano v. GMAC Mortgage, LLC, *et al*. (Adv. Proc. No. 13-01255)

**1.**    Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

**a.**    Complaint to Determine Dischargeability of Debt [Docket No. 1]

**b.**    Summons and Notice of Pre-Trial Conference [Docket No. 2]

**c.**    Letter from Norman S. Rosenbaum to Judge Glenn Requesting an Extension of Deadline to Respond in Adversary Proceeding [Docket No. 3]

**d.**    Stipulation and Order Between Julio Solano and GMAC Mortgage, LLC [Docket No. 4]

**Status**:    The pre-trial conference on this matter has been adjourned to May 14, 2013.

### Universal Restoration Services, Inc. v. GMAC Mortgage, LLC (Adv. Proc. No. 13-01278)

**1.**    Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

a.      Universal Restoration Services, Inc.'s Adversary Complaint to Recover Money Pursuant to Rule 7001(a) of the Federal Rules of Bankruptcy Procedure [Docket No. 1]

b.      Summons and Notice of Pre-Trial Conference [Docket No. 2]

c.      Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 3]

**Status**:      The pre-trial conference on this matter has been adjourned to May 14, 2013.

## Hawthorne v. GMAC Mortgage, LLC (Adv. Proc. No. 12-02050)

1.      Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

a.      Complaint to Determine Nature and Extent of Liens Pursuant to 11 U.S.C. § 506(a) [Docket No. 1]

b.      Application for Request to Proceed in Forma Pauperis in the Adversary Proceeding [Docket No. 2]

c.      Summons and Notice of Pre-Trial Conference [Docket No. 3]

d.      Order Extending Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 4]

e.      Letter from N. Rosenbaum to Judge Glenn Requesting Extension of Time by Which All Defendants Must Answer or Otherwise Respond to the Complaint [Docket No. 6]

f.      Second Order Extending Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 7]

g.      Order Directing the Applicability of Borrower Adversary Proceeding Procedures [Docket No. 9]

h.      Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 10]

**Status**:      The pre-trial conference on this matter has been adjourned to June 12, 2013.

**American Residential Equities, LLC v. GMAC Mortgage, LLC, _et al_. (Adv. Proc. No. 12-01934)**

1.    Pre-Trial Conference in Adversary Proceeding

      **Related Documents**:

          a.      Adversary Complaint [Docket No. 1]

          b.      Summons and Notice of Pre-Trial Conference [Docket No. 2]

          c.      Stipulation and Order Between American Residential Equities, LLC and GMAC Mortgage, LLC [Docket No. 7]

          d.      Exhibits A and B to Adversary Complaint [Docket No. 9]

          e.      Second Summons and Notice of Pre-Trial Conference [Docket No. 11]

          f.      Stipulation and Order Between American Residential Equities, LLC and Balboa Insurance Company [Docket No. 17]

          g.      Debtors' Motion for Dismissal of Adversary Proceeding [Docket No. 18]

          h.      Corporate Ownership Statement of Balboa Insurance Company [Docket No. 21]

          i.      Balboa Insurance Company's Motion for Dismissal of Adversary Proceeding [Docket No. 22]

          j.      Stipulation and Order Regarding Briefing and Hearing Schedules [Docket No. 23]

          k.      Plaintiff's Memorandum of Law in Opposition to Debtors' Motion for Dismissal [Docket No. 25]

          l.      First Amended Complaint [Docket No. 26]

          m.      Amended Summons and Notice of Pre-Trial Conference [Docket No. 27]

      **Status**:      The parties have submitted a proposed stipulation and order to the Court extending GMAC's and Balboa's deadlines to respond to the amended complaint and fixing a date for the pre-trial conference of June 12, 2013.

2.    Debtors' Motion for Dismissal of Adversary Proceeding [Docket No. 18]

      **Related Documents**:      None.

**Responses**:

a.    Plaintiff's Memorandum of Law in Opposition to Debtors' Motion for Dismissal [Docket No. 25]

**Status**:    The parties have submitted a proposed stipulation and order extending deadlines to respond to the amended complaint and withdrawing the pending motion to dismiss without prejudice.

3.    Defendant Balboa Insurance Company's Motion and Memorandum of Law in Support of its Motion to Dismiss the Adversary Proceeding Complaint [Docket No. 22]

**Related Documents**:    None.

**Responses**:    None.

**Status**:    The parties have submitted a proposed stipulation and order extending deadlines to respond to the amended complaint and withdrawing the pending motion to dismiss without prejudice.

## Residential Capital, LLC, *et al.* v. AllState Insurance Company, *et al.* (Adv. Proc. No. 13-01262)

1.    Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

a.    Complaint [Docket No. 1]

b.    Debtor-Defendants' Letter Requesting Permission to File a Motion for Summary Judgment [Docket No. 2]

c.    Summons and Notice of Pre-Trial Conference [Docket No. 3]

d.    Defendant NCUAB's Waiver of the Service of Summon [Docket No. 4]

e.    Joint Status Report Regarding Potential Consolidation of Rule 3013 Motion and Adversary Proceeding, Cross-Motions for Summary Judgment, Discovery, Stipulated Facts and Agreed-to Exhibits, and Timing [Docket No. 6]

f.    Letter from New Jersey Carpenters Health Fund Regarding Joint Status Report [Docket No. 7]

g.    Waiver of the Service of Summons by Defendants AIG, Allstate, Mass Mutual, and Prudential [Docket No. 9]

h.    Order Scheduling Oral Argument on Cross-Motions [Docket No. 18]

**i.**      Statement of the RMBS Trustees with Respect to the Above-Captioned Adversary Proceeding [Docket No. 22]

**j.**      Statement of Stipulated Undisputed Facts and Agreed-To Exhibits [Docket No. 23]

**k.**      Notice of Debtors' Motion for Summary Judgment [Docket No. 24]

**l.**      Debtors' Motion for Summary Judgment [Docket No. 25]

**m.**     Memorandum of Law in Support of Debtors' Motion for Summary Judgment [Docket No. 26]

**n.**     Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for Summary Judgment [Docket No. 27]

**o.**     Notice of Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for Summary Judgment [Docket No. 28]

**p.**     Motion of Lead Plaintiff, for Itself and on Behalf of the Certified Class, for Summary Judgment [Docket No. 29]

**q.**     Notice of Motion of Lead Plaintiff, for Itself and on Behalf of the Certified Class, for Summary Judgment [Docket No. 30]

**r.**     Motion of Cambridge Place Investment Management Inc. for Summary Judgment [Docket No. 31]

**s.**     Notice of Motion of Cambridge Place Investment Management Inc. for Summary Judgment [Docket No. 32]

**t.**     Motion of Union Central Life Insurance Company, Ameritas Life Insurance Corp., and Acacia Life Insurance Company for Summary Judgment [Docket No. 33]

**u.**     Motion of the National Credit Union Administration Board as Liquidating Agent for Western Corp. Federal Credit Union and U.S. Central Federal Credit Union for Summary Judgment [Docket No. 34]

**v.**     Notice of Motion of Union Central Life Insurance Company, Ameritas Life Insurance Corp., and Acacia Life Insurance Company for Summary Judgment [Docket No. 35]

**w.**     Amended Notice of Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for Summary Judgment [Docket No. 36]

    **x.**        Notice of Adjournment of Pre-Trial Conference [Docket No. 39]

    <u>**Status**</u>:    The pre-trial conference on this matter has been adjourned to May 14, 2013.

## <u>Sealink Funding Limited v. Deutsche Bank AG, *et al*. (Adv. Proc. No. 12-02051)</u>

**1.**        Defendants' Motion to Dismiss the Amended Complaint [Docket No. 16]

    <u>**Related Documents**</u>:

    **a.**        Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint [Docket No. 17]

    **b.**        So-Ordered Letter Regarding Submission of a Renewed Briefing on Defendants' Motion to Dismiss [Docket No. 26]

    <u>**Status**</u>:    **The status conference on this matter has been adjourned to a date to be determined.**

## VI.      <u>INTERIM FEE APPLICATIONS</u>[2]

### <u>**Debtors' Professionals**</u>

**1.**        Second Interim Application of Bradley Arant Boult Cummings LLP as Special Litigation and Compliance Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2012 through December 31, 2012 [Docket No. 3151]

    <u>**Responses**</u>:

    **a.**        U.S. Trustee's Omnibus Objection

    <u>**Status**</u>:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

**2.**        Second Interim Application of Carpenter Lipps & Leland LLP as Special Litigation Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2012 through December 31, 2012 [Docket No. 3174]

    <u>**Responses**</u>:

    **a.**        U.S. Trustee's Omnibus Objection

---

[2] As used in this Section VI, the "U.S. Trustee's Omnibus Objection" refers to the *Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim Awards of Compensation and Reimbursement of Out-Of-Pocket Expenses* [Docket No. 3310].

**Replies**:

a.      Letter from Carpenter Lipps & Leland LLP Providing Copy of
        Documentation Given to United States Trustee [Docket No. 3358]

b.      Statement Regarding Resolution of the United States Trustee's Objection
        to the Second Interim Application of Carpenter Lipps & Leland LLP as
        Special Litigation Counsel for the Debtors for Compensation and
        Reimbursement of Expenses Incurred for the Period September 1, 2012
        through December 31, 2012 [Docket No. 3370]

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been
               resolved.  The hearing on this application will be going forward.

3.      Second Interim Application of Centerview Partners LLC as Investment Banker for the
        Debtors for Compensation and Reimbursement of Expenses Incurred for the Period
        September 1, 2012 through December 31, 2012 [Docket No. 3176]

        **Responses**:

        a.      U.S.  Trustee's Omnibus Objection

        **Status**:    The U.S. Trustee's Omnibus Objection to this application has been
                       resolved.  The hearing on this application will be going forward.

4.      Second Interim Application of Curtis, Mallet-Prevost, Colt & Mosle LLP, as Conflicts
        Counsel to the Debtors and Debtors in Possession, for Allowance and Payment of
        Compensation for Professional Services Rendered and for Reimbursement of Actual
        and Necessary Expenses Incurred from September 1, 2012 Through and Including
        December 31, 2012 [Docket No. 3209]

        **Responses**:

        a.      U.S.  Trustee's Omnibus Objection

        **Replies**:

        a.      Notice of Supplemental Materials in Support of Second Interim Fee
                Application of Curtis, Mallet-Prevost, Colt & Mosle LLP, as Conflicts
                Counsel to the Debtors and Debtors in Possession [Docket No. 3387]

        **Status**:    The U.S. Trustee's Omnibus Objection to this application has been
                       resolved.  The hearing on this application will be going forward.

5.      Second Interim Fee Application of Deloitte & Touche for Compensation for Services
        Rendered and Reimbursement of Expenses as Independent Auditor and Attest Service
        Provider to the Debtors for the Period from September 1, 2012 through December 31,
        2012 [Docket No. 3181]

**Responses**:

a.          U.S.  Trustee's Omnibus Objection

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

6.      Second Interim Application of Dorsey & Whitney LLP as Special Securitization and Investigatory Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2012 through December 31, 2012 [Docket No. 3153]

**Responses**:

a.          U.S.  Trustee's Omnibus Objection

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

7.      Second Interim Application of Fortace LLC as Consultant for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2012 through December 31, 2012 [Docket No. 3167]

**Responses**:

a.          U.S.  Trustee's Omnibus Objection

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

8.      Second Interim Application of FTI Consulting, Inc. as Financial Advisor for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2012 through December 31, 2012 [Docket No. 3208]

**Responses**:

a.          U.S.  Trustee's Omnibus Objection

**Replies**:

a.          FTI Consulting, Inc.'s Reply to Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses with Partial Joinder [Docket No. 3385]

**Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

9.      First Application for Interim Professional Compensation of FTI Consulting, Inc. as
        Financial Advisor for the Debtors for Compensation and Reimbursement of Expenses
        Incurred for the Period May 14, 2012 through August 31, 2012 [Docket No. 1905]

        **Responses**:

        a.      Omnibus Objection of the United States Trustee Regarding Fee
                Applications for First Interim Compensation and Reimbursement of
                Expenses [Docket No. 2361]

        **Replies**:

        a.      FTI Consulting, Inc.'s Reply to Omnibus Objection of the United States
                Trustee Regarding Fee Applications for First Interim Compensation and
                Reimbursement of Expenses [Docket No. 2475]

        **Status**:     **The U.S. Trustee's First Omnibus Objection to this application with
                respect to fees not yet allowed has been resolved.**  The hearing on this
                application will be going forward.

10.     First Interim Application of Hudson Cook, LLP as Special Counsel to the Debtors for
        Compensation and Reimbursement of Expenses Incurred for the Period 5/15/2012
        through 12/31/2012 [Docket No. 3189]

        **Responses**:

        a.      U.S.  Trustee's Omnibus Objection

        **Status**:     The U.S. Trustee's Omnibus Objection to this application has not been
                resolved.  The hearing on this application is being adjourned **to a date to
                be determined**.

11.     Second Fee Application of KPMG LLP, as Tax Compliance Professionals and
        Information Technology Advisors to the Debtors and Debtors in Possession, for
        Interim Allowance and Compensation for Professional Services Rendered and
        Reimbursement of Actual and Necessary Expenses Incurred from September 1, 2012
        through December 31, 2012 [Docket No. 3170]

        **Responses**:     None

        **Status**:     This application is uncontested.  The hearing on this application will be
                going forward.

12.     Second Interim Fee Application of Locke Lord LLP for Compensation and
        Reimbursement of Expenses for the Period from September 1, 2012 through
        December 31, 2012 as Litigation Counsel for the Debtors [Docket No. 3190]

**Responses**:

a.          U.S. Trustee's Omnibus Objection

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been
resolved.  The hearing on this application will be going forward.

13.    Second Interim Application of Mercer (US) Inc. as Compensation Consultant to the
Debtors for the Period from September 1, 2012 through December 31, 2012 [Docket
No. 3196]

**Responses**:          None

**Status**:     This application is uncontested.  The hearing on this application will be
going forward.

14.    First Interim Application of Mercer (US) Inc. as Compensation Consultant to the
Debtors for the Period from May 14, 2012 through August 31, 2012 [Docket No.
1888]

**Responses**:

a.          Omnibus Objection of the United States Trustee Regarding Fee
Applications for First Interim Compensation and Reimbursement of
Expenses [Docket No. 2361]

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been
resolved.  The hearing on this application will be going forward.

15.    Second Interim Application of Morrison Cohen LLP for Allowance of Interim
Compensation for Professional Services Rendered and Expenses Incurred During the
Period September 1, 2012 through December 31, 2012 [Docket No. 3173]

**Responses**:

a.          U.S. Trustee's Omnibus Objection

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been
resolved.  The hearing on this application will be going forward.

16.    Second Interim Application of Morrison & Foerster LLP as Bankruptcy Counsel for
the Debtors for Compensation and Reimbursement of Expenses Incurred for the
Period September 1, 2012 through December 31, 2012 [Docket No. 3200]

**Responses**:

a.          U.S. Trustee's Omnibus Objection

**Replies**:

    a.          Morrison & Foerster LLPs Reply to Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim Awards of Compensation and Reimbursement of Out-of-Pocket Expenses [Docket No. 3382]

    **Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

17.      First Interim Application of Morrison & Foerster LLP as Bankruptcy Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 14, 2012 through August 31, 2012 [Docket No. 1885]

    **Responses**:

    a.          Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2361]

    **Replies**:

    a.          Morrison & Foerster LLP's Reply to Omnibus Objection of the United States Trustee Regarding Fee Applications for First Interim Compensation and Reimbursement of Expenses [Docket No. 2476]

    **Status**:    **The U.S. Trustee's First Omnibus Objection to this application with respect to fees not yet allowed has been resolved.**  The hearing on this application will be going forward.

18.      Second Interim Application of Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period September 1, 2012 through December 31, 2012 [Docket No. 3175]

    **Responses**:

    a.          U.S.  Trustee's Omnibus Objection

    **Status**:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

19.      First Interim Application of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 15, 2012 through December 31, 2012 [Docket No. 3187]

**Responses**:

a.        The U.S. Trustee's Omnibus Objection

**Related Documents**:

a.        Notice of Adjournment of Hearing On First Interim Application Of Pepper
           Hamilton LLP As Special Foreclosure Review Counsel For Bankruptcy
           Issues For The Debtors For Compensation And Reimbursement Of
           Expenses Incurred For The Period May 15, 2012 Through December 31,
           2012 [Docket No. 3384]

**Status**:    The U.S. Trustee's Omnibus Objection to this application has not been
           resolved.  The hearing on this application is being adjourned to June 12,
           2013.

20.     Second Application of Prince Lobel Tye LLP for an Award of Compensation and
        Reimbursement of Expenses for Services Rendered as an Ordinary Course
        Professional for the Debtors for the Period of November 1, 2012 through November
        30, 2012 [Docket No. 3217]

**Responses**:        None

**Status**:    This application is uncontested.  The hearing on this application will be
           going forward.

21.     Second Interim Application of Rubenstein Associates, Inc. as Corporate
        Communications Consultant for the Debtors for Compensation and Reimbursement of
        Expenses Incurred for the Period September 1, 2012 through December 31, 2012
        [Docket No. 3171]

**Responses**:        None

**Status**:    This application is uncontested.  The hearing on this application will be
           going forward.

22.     Second Interim Application of Severson & Werson, P.C. as Special California
        Litigation Counsel for Debtors for Compensation and Reimbursement of Expenses
        Incurred for the Time Period Between September 1, 2012 and December 31, 2012 and
        for Reimbursement of Expenses Incurred for the Time Period Between May 15, 2012
        through August 31, 2012 [Docket No. 3192]

**Responses**:

a.        U.S.  Trustee's Omnibus Objection

**Replies**:

a.        Errata and Reply of Severson & Werson, P.C. as Special California
          Litigation Counsel for Debtors to the Omnibus Objection of the United
          States Trustee Regarding Second Application for Compensation and
          Reimbursement of Expenses Incurred for the Time Period September 1,
          2012 through December 31, 2012 [Docket No. 3338]

**Status**:   The U.S. Trustee's Omnibus Objection to this application has been
              resolved.  The hearing on this application will be going forward.

23.    Second Interim Application of Towers Watson Delaware Inc. as Human Resources
       Consultant for the Debtors for Compensation and Reimbursement of Expenses
       Incurred for the Period August 30, 2012 through December 31, 2012 [Docket No.
       3143]

       **Responses**:

       a.        U.S.  Trustee's Omnibus Objection

       **Replies**:

       a.        Response of Towers Watson to U.S. Trustee's Objection to Second Interim
                 Fee Application [Docket No. 3357]

       **Status**:   The U.S. Trustee's Omnibus Objection to this application has been
                     resolved.  The hearing on this application will be going forward.

24.    Second Interim Fee Application:  Application of Troutman Sanders LLP for an Award
       of Compensation and Reimbursement of Expenses for Services Rendered as an
       Ordinary Course Professional for the Debtors for the Following Periods:  October 1 –
       31, 2012, November 1 – 30, 2012, and December 1 – 31, 2012 *and* Second Interim
       Application of Troutman Sanders LLP for an Award of Compensation and
       Reimbursement of Expenses for Services Rendered as an Ordinary Course
       Professional for the Debtors for the Period of September 1, 2012 through December
       31, 2012 [Docket No. 3195]

       **Responses**:

       a.        U.S.  Trustee's Omnibus Objection

       **Status**:   The U.S. Trustee's Omnibus Objection to this application has been
                     resolved.  The hearing on this application will be going forward.

25.    First Quarterly application of Zeichner Ellman & Krause for services rendered as an
       ordinary Course professional for the Debtors for the period May 14, 2012 to
       November 30, 2012 [Docket No. 3145]

**Responses**:

a.        U.S.  Trustee's Omnibus Objection

**Replies**:

a.        Letter to Judge Glenn Regarding Fee Application of Zeichner Ellman &
          Krause LLP [Docket No. 3348]

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been
               resolved.  The hearing on this application will be going forward.

## Committee's Professionals

26.    Second Interim Application of AlixPartners, LLP, Financial Advisor to the Official
       Committee of Unsecured Creditors, for Compensation and Reimbursement of
       Expenses for the Period September 1, 2012 Through December 31, 2012 [Docket No.
       3206]

       **Responses**:        None

       **Status**:    This application is uncontested.  The hearing on this application will be
                      going forward.

27.    First Application of Analytic Focus, LLC, Consultant to the Official Committee of
       Unsecured Creditors, for Interim Allowance of Compensation for Professional
       Services Rendered and for Reimbursement of Actual and Necessary Expenses
       Incurred from August 28, 2012 Through December 31, 2012 [Docket No. 3211]

       **Responses**:

       a.        U.S.  Trustee's Omnibus Objection

       **Replies**:

       a.        **Omnibus Response of Kramer Levin Naftalis & Frankel LLP, Analytic
                 Focus, LLC, Coherent Economics, LLC, J F. Morrow, Moelis &
                 Company LLC, Pachulski Stang Ziehl & Jones LLP, and San Marino
                 Business Partners LLC with Respect to the U.S. Trustee's Objection to
                 the Second Interim Applications for Compensation and
                 Reimbursement of Expenses [Docket No. 3395]**

       **Status**:    **The U.S.  Trustee's Omnibus Objection to this application has been
                      resolved.**  The hearing on this application will be going forward.

28.    First Interim Application of Coherent Economics, LLC as Consultant to the Official
       Committee of Unsecured Creditors for Compensation and Reimbursement of

Expenses Incurred for the Period August 11, 2012 Through December 31, 2012 [Docket No. 3205]

**Responses**:

a.          U.S.  Trustee's Omnibus Objection

**Replies**:

a.          **Omnibus Response of Kramer Levin Naftalis & Frankel LLP, Analytic Focus, LLC, Coherent Economics, LLC, J F. Morrow, Moelis & Company LLC, Pachulski Stang Ziehl & Jones LLP, and San Marino Business Partners LLC with Respect to the U.S. Trustee's Objection to the Second Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 3395]**

**Status**:      **The U.S.  Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

29.      First Interim Application of Epiq Bankruptcy Solutions, LLC, as Information Agent for the Official Committee of Unsecured Creditors, for Allowance and Payment of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from May 22, 2012 Through December 31, 2012 [Docket No. 3199]

**Responses**:          None

**Status**:      This application is uncontested.  The hearing on this application will be going forward.

30.      First Application of J F. Morrow, Consultant to the Official Committee of Unsecured Creditors, for Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from September 5th, 2012 Through December 31, 2012 [Docket No. 3210]

**Responses**:

a.          U.S.  Trustee's Omnibus Objection

**Replies**:

a.          **Omnibus Response of Kramer Levin Naftalis & Frankel LLP, Analytic Focus, LLC, Coherent Economics, LLC, J F. Morrow, Moelis & Company LLC, Pachulski Stang Ziehl & Jones LLP, and San Marino Business Partners LLC with Respect to the U.S. Trustee's Objection to the Second Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 3395]**

**Status**:    **The U.S. Trustee's Omnibus Objection to this application has been resolved.** The hearing on this application will be going forward.

31.    Second Application of Kramer Levin Naftalis & Frankel LLP, Counsel for the Official Committee of Unsecured Creditors, For Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from September 1, 2012 Through December 31, 2012 [Docket No. 3212]

**Responses**:

a.        U.S.  Trustee's Omnibus Objection

**Replies**:

a.        **Omnibus Response of Kramer Levin Naftalis & Frankel LLP, Analytic Focus, LLC, Coherent Economics, LLC, J F. Morrow, Moelis & Company LLC, Pachulski Stang Ziehl & Jones LLP, and San Marino Business Partners LLC with Respect to the U.S. Trustee's Objection to the Second Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 3395]**

**Status**:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

32.    Second Interim Application of Moelis & Company LLC for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred as Investment Banker to the Official Committee of Unsecured Creditors for the Period from September 1, 2012 Through December 31, 2012 [Docket No. 3198]

**Responses**:

a.        U.S.  Trustee's Omnibus Objection

**Replies**:

a.        **Omnibus Response of Kramer Levin Naftalis & Frankel LLP, Analytic Focus, LLC, Coherent Economics, LLC, J F. Morrow, Moelis & Company LLC, Pachulski Stang Ziehl & Jones LLP, and San Marino Business Partners LLC with Respect to the U.S. Trustee's Objection to the Second Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 3395]**

**Status**:    **The U.S.  Trustee's Omnibus Objection to this application has been resolved.** The hearing on this application will be going forward.

33.     First Interim Application of Pachulski Stang Ziehl & Jones LLP for Compensation for Services Rendered and Reimbursement of Expenses as Co-Counsel for the Official Committee of Unsecured Creditors for the Period from September 19, 2012 through December 31, 2012 [Docket No. 3162]

    **Responses**:

    **a.**          U.S.  Trustee's Omnibus Objection

    **Replies**:

    **a.**          **Omnibus Response of Kramer Levin Naftalis & Frankel LLP, Analytic Focus, LLC, Coherent Economics, LLC, J F. Morrow, Moelis & Company LLC, Pachulski Stang Ziehl & Jones LLP, and San Marino Business Partners LLC with Respect to the U.S. Trustee's Objection to the Second Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 3395]**

    **Status**:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

34.     First Interim Application of San Marino Business Partners LLC as Consultant to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses Incurred for the Period August 11, 2012 Through December 31, 2012 [Docket No. 3207]

    **Responses**:

    **a.**          U.S.  Trustee's Omnibus Objection

    **Replies**:

    **a.**          **Omnibus Response of Kramer Levin Naftalis & Frankel LLP, Analytic Focus, LLC, Coherent Economics, LLC, J F. Morrow, Moelis & Company LLC, Pachulski Stang Ziehl & Jones LLP, and San Marino Business Partners LLC with Respect to the U.S. Trustee's Objection to the Second Interim Applications for Compensation and Reimbursement of Expenses [Docket No. 3395]**

    **Status**:    **The U.S.  Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

35.     First Interim Application of SilvermanAcampora LLP, Special Counsel to Official Committee of Unsecured Creditors, for Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses incurred from October 25, 2012 through December 31, 2012 [Docket No. 3182]

**Responses**:         None

**Status**:    This application is uncontested.  The hearing on this application will be going forward.

## Examiner's Professionals

36.    Second Interim Fee Application of Chadbourne & Parke LLP, Counsel to the Examiner, for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2012 Through and Including December 31, 2012 [Docket No. 3203]

    **Responses**:

    a.         U.S.  Trustee's Omnibus Objection

    **Status**:    The U.S. Trustee's Omnibus Objection to this application has been resolved.  The hearing on this application will be going forward.

37.    Second Interim Fee Application of Arthur J. Gonzalez, as Chapter 11 Examiner, for Allowance of Compensation and Reimbursement of Expenses for the Period September 1, 2012 Through and Including December 31, 2012 [Docket No. 3204]

    **Responses**:         None

    **Status**:    This application is uncontested.  The hearing on this application will be going forward.

38.    Second Interim Fee Application of Mesirow Financial Consulting, LLC for Compensation and Reimbursement of Expenses as Financial Advisor to the Examiner for the Period September 1, 2012 through December 31, 2012 [Docket No. 3193]

    **Responses**:

    a.         U.S.  Trustee's Omnibus Objection

    **Replies**:

    a.         Response of Mesirow Financial Consulting to Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim Awards of Compensation and Reimbursement of Out-Of-Pocket Expenses [Docket No. 3381]

    **Status**:    **The U.S.  Trustee's Omnibus Objection to this application has been resolved.**  The hearing on this application will be going forward.

39.    First Interim Fee Application of Wolf Haldenstein Adler Freeman & Herz LLP, Conflicts Counsel to the Examiner, for Allowance of Compensation and

Reimbursement of Expenses for the Period From October 15, 2012 Through and Including December 31, 2012 [Docket No. 3178]

**Responses**:          None

**Status**:          This application is uncontested.  The hearing on this application will be going forward.

**Related Documents**:

a.          Notice of Hearing on Interim Applications for Allowance of Compensation and Reimbursement of Expenses for the Period Between September 1, 2012 and December 31, 2012 [Docket No. 3232]

## VII.    **CONTESTED MATTERS**

1.          Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1357]

**Related Documents**:

a.          Notice of Filing Supplemental Exhibits to Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1527]

b.          Notice of Adjournment of Hearing [Docket No. 1556]

c.          Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1799]

d.          Second Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewatehouseCoopers LLP, for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 2622]

e.          Third Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate

PricewaterhouseCoopers, LLP for Compensation for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3062]

**f.**     Fourth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3290]

**<u>Responses</u>**:

**a.**     Limited Objection of Wilmington Trust, National Association to Debtors' Motion for Entry of an Order (I) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1465]

**b.**     Omnibus Objection of the Official Committee of Unsecured Creditors to (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

**c.**     Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

**d.**     Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**<u>Replies</u>**:

**a.**     Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as

Special Counsel, and (C) Debtors' Application to Employ and Retain
Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues [Docket No. 1749]

**Status**: The final hearing on this motion will not be going forward. The Debtors
intend to submit to the Court a fifth interim order authorizing continued
interim approval.

2. Debtors' Application for an Order Under Section 327(e) of the Bankruptcy Code,
Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Debtors to Employ
and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 1426]

**Related Documents**:

a. Notice of Adjournment of Hearing [Docket No. 1556]

b. Interim Order Authorizing the Retention and Employment of Pepper
Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
Issues to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No.
1797]

c. Second Interim Order Authorizing the Retention and Employment of
Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date
[Docket No. 2621]

d. Third Interim Order Authorizing the Retention and Employment of Pepper
Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No.
3061]

e. Fourth interim Order Authorizing the Retention and Employment of Pepper
Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No.
3291]

**Responses**:

a. Omnibus Objection of the Official Committee of Unsecured Creditors to
(A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code
Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services in Furtherance of the Debtors' Compliance Obligations Under
Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
and (C) Hudson Cook Retention Application [Docket No. 1493]

      **b.**      Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

      **c.**      Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

      **a.**      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket No. 1749]

    **Status**:      The final hearing on this motion will not be going forward.  The Debtors intend to submit to the Court a fifth interim order authorizing continued interim approval.

**3.**      Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Hudson Cook, LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 1427]

**Related Documents**:

      **a.**      Notice of Adjournment of Hearing [Docket No. 1556]

      **b.**      Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 1798]

      **c.**      Second Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tun*c to the Petition Date [Docket No. 2620]

      **d.**      Third Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3063]

   e.      Fourth Interim Order Authorizing the Retention and Employment of
           Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to
           the Petition Date [Docket No. 3292]

   **Responses**:

   a.      Omnibus Objection of the Official Committee of Unsecured Creditors to
           (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code
           Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
           Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
           Services in Furtherance of the Debtors' Compliance Obligations Under
           Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
           in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
           and (C) Hudson Cook Retention Application [Docket No. 1493]

   b.      Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I)
           PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson
           Cook Retention Applications and (B) Status Report Regarding the
           Committee's Related Discovery Requests [Docket No. 1573]

   c.      Supplemental Objection of the Official Committee of Unsecured Creditors
           to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code
           Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
           Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
           Services in Furtherance of the Debtors' Compliance Obligations Under
           Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
           in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
           and (C) Hudson Cook Retention Application [Docket No. 1725]

   **Replies**:

   a.      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order
           (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
           Services and (II) Reaffirming Relief Granting in the GA Servicing Order
           (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as
           Special Counsel, and (C) Debtors' Application to Employ and Retain
           Pepper Hamilton LLP as Special Foreclosure Review Counsel for
           Bankruptcy Issues [Docket No. 1749]

   **Status**:   The final hearing on this motion will not be going forward.  The Debtors
                 intend to submit to the Court a fifth interim order authorizing continued
                 interim approval.

4.    Motion of Alfredia Pruitt for Relief from Stay [Docket No. 3223]

**Related Documents**:

a.     Amended Motion of Alfredia Pruitt for Relief from Stay and Added
       Documents [Docket No. 3273]

**Responses**:

a.     Debtors' Objection to Motion for Relief from Stay [Docket No. 3223] and
       Amended Motion for Relief form Stay [Docket No. 3273] Filed by
       Alfredia Pruitt [Docket No. 3354]

**Replies**:

a.     Alfredia Pruitt's Response to Objection to Motion for Relief from Stay
       filed by Residential Capital [Docket No. 3376]

**Status**:   The hearing on this matter will be going forward.

## VIII.   ADVERSARY PROCEEDING MATTERS

**Official Committee of Unsecured Creditors v. UMB Bank, N.A., _et al_. (Adv. Proc. No. 13-1277)**

1.     Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

a.     Adversary Complaint for Declaratory Judgment, Avoidance of Liens, and
       Disallowance of Claims [Docket No. 1]

b.     Application of the Official Committee of Unsecured Creditors, Pursuant to
       11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy
       Procedure, to File Under Seal Certain Exhibits and Schedules to Adversary
       Complaint for Declaratory Judgment, Avoidance of Liens, and
       Disallowance of Claims [Docket No. 2]

c.     Summons and Notice of Pre-Trial Conference [Docket No. 3]

d.     Notice of (I) Filing of Certain Exhibits and Redacted Schedules to
       Adversary Complaint for Declaratory Judgment, Avoidance of Liens, and
       Disallowance of Claims and (II) Modification of Relief Requested in
       Application of the Official Committee of Unsecured Creditors, Pursuant to
       11 U.S.C. § 107(B) and Rule 9018 of the Federal Rules of Bankruptcy
       Procedure, to File Under Seal Certain Exhibits and Schedules [Docket No.
       8]

**Status**:   The pre-trial conference on this matter will be going forward.

**DeMustchine v. RAHI Real Estate Holdings, LLC (Adv. Proc. No. 12-02065)**

1.         Pre-Trial Status Conference

           **Related Documents**:

           a.         Complaint [Docket No. 1]

           b.         Summons and Notice of Pre-Trial Conference [Docket No. 3]

           c.         Notice of Adjournment of Hearing of Pre-Trial Conference to February 28,
                      2013 at 2:00 p.m. [Docket No. 4]

           d.         Defendant's Answer to Plaintiff's Complaint [Docket No. 6]

           e.         Notice of Applicability of the Order Approving Mandatory Supplemental
                      AP Procedures for AP Actions [Docket No. 9]

           f.         Joint Progress Report Pursuant to Order Approving Mandatory
                      Supplemental AP Procedures for AP Actions [Docket No. 11]

           **Status**:     The pre-trial status conference on this matter will be going forward.

Dated:  April 10, 2013                    /s/ Gary S. Lee
        New York, New York                Gary S. Lee
                                          Lorenzo Marinuzzi
                                          Norman S. Rosenbaum
                                          MORRISON & FOERSTER LLP
                                          1290 Avenue of the Americas
                                          New York, New York 10104
                                          Telephone: (212) 468-8000
                                          Facsimile: (212) 468-7900

                                          *Counsel for the Debtors and*
                                          *Debtors in Possession*