**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ---------------------------------------------------------------- | ) | |

### STIPULATION AND ORDER BETWEEN THE DEBTORS AND JASON D. EMERT REGARDING PROOFS OF CLAIM NUMBERED 5996 AND 5997 TO RECOGNIZE AS TIMELY-FILED EMERT'S LATE-FILED <u>PROOFS OF CLAIM</u>

This Stipulation and order (the "<u>Stipulation</u>") is made and entered into by, between, and among the debtors and debtors in possession (collectively, the "<u>Debtors</u>") in the above-captioned bankruptcy cases (the "<u>Chapter 11 Cases</u>") and Jason D. Emert ("<u>Mr. Emert</u>" and together with the Debtors, the "<u>Parties</u>").

**WHEREAS**, on May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>");

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  Since the Petition Date, the Debtors have operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, on August 29, 2012, the Court entered its *Order Establishing Deadline for*

1

*Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").  The Court subsequently entered an *Order Extending Deadline for Filing Proof of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012;

**WHEREAS**, pursuant to the Bar Date Order, written notice of the Bar Date was (i) served by first-class mail on all creditors and other known holders of claims against the Debtors as of the date of the Bar Date Order (including all persons or entities listed in the Schedules as holding claims) at their last known address, as well as certain other parties in interest, and (ii) published in the *Wall Street Journal* (National Edition) and *USA Today* (National Edition).  See Bar Date Order ¶¶ 12, 15.  A copy of the Bar Date Order was also made available publicly on the case website of the Debtors' Claims and Noticing Agent (as defined herein) at http://www.kccllc.net/rescap;

**WHEREAS**, Mr. Emert did not file a proof of claim before the Bar Date;

**WHEREAS**, on November 19, 2012, Mr. Emert filed a motion with the Court in the form of a letter regarding his late-filed Proofs of Claim and requesting permission to file such Proofs of Claim after the Bar Date [Docket No. 2329].  Mr. Emert's letter further provided, among other things, explanations for his late filing and allegations as to why he is a claimant of the Debtors;

**WHEREAS**, on November 20, 2012, Mr. Emert filed proofs of claim against Residential Capital, LLC, which have been designated as Claim Nos. 5996 and 5997, respectively, (each a "Proof of Claim" and together, the "Proofs of Claim") on the Residential Capital, LLC claims register maintained by Kurtzman Carson Consultants, LLC, the Debtors' claims and noticing agent.  Proof of Claim number 5996 asserted $143,428.88 as a secured claim, and $143,428.88 as an administrative priority claim, totaling $286,857.76, against Residential Capital, LLC.  Proof

2

of Claim number 5997 asserted $136,518.00 as an administrative priority claim against Residential Capital, LLC;

**WHEREAS**, the Parties have conferred and the Debtors have agreed, in consultation with the Creditors' Committee, to enter into this Stipulation subject to Mr. Emert's furnishing of the Declaration, annexed hereto as Exhibit 1;

NOW, THEREFORE, in consideration of the foregoing, the Parties to this Stipulation hereby stipulate and agree as follows:

1.      The Proofs of Claim shall be deemed timely filed in these Chapter 11 Cases, and not subject to disallowance and expungement on the basis that they were filed after the Bar Date.

2.      This Stipulation shall not in any way limit or affect the Debtors' rights to seek to disallow, expunge, modify, reclassify, or otherwise object to the Proofs of Claim on any other grounds, and shall further in no way limit or affect the Debtors' rights with respect to any counterclaims, offsets and avoidance, subordination or causes of actions under chapter 5 of the Bankruptcy Code regarding Mr. Emert or such claims in these Chapter 11 Cases.

3.      This Stipulation is the result of a compromise and shall not to be construed as (i) an admission by any of the Debtors or their estates of any liability or wrongdoing, or (ii) the Debtors' admission or acknowledgement of, or concurrence with, any statements made by Mr. Emert in the Declaration.

4.      The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation.

5.      This Stipulation shall be binding on the Parties upon execution and approval by this Court.

6.      This Stipulation may be executed in any number of counterparts by the Parties, all

3

of which taken together shall constitute one and the same agreement.  Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

7.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Stipulation.

8.    The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the relief granted pursuant to this Stipulation.

[*Remainder of this page is intentionally left blank.*]

IN WITNESS WHEREOF, and in agreement herewith, the Parties have executed

and delivered this Stipulation as of the date set out below.

Dated:  March 28, 2013

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*


Dated:  March 28, 2013

/s/ Jason D. Emert
Jason D. Emert
882 Castleman Branch Road
Shepherdsville, Kentucky  40165
Telephone: (502) 439-3607


**IT IS SO ORDERED**

Dated:  April 12, 2013
        New York, New York

**/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge

5

## Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- )
                             )
In re:                              )     Case No. 12-12020 (MG)
                             )
RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11
                             )
                   Debtors.   )     Jointly Administered
----------------------------------------------------------------- )

**DECLARATION OF JASON D. EMERT IN SUPPORT OF THE**
**REQUEST TO RECOGNIZE LATE-FILED PROOFS OF CLAIM**
**NUMBERED 5996 AND 5997 AS TIMELY-FILED**

I, Jason D. Emert, of full age, hereby certify and state:

      1.     I am a creditor in the above-captioned bankruptcy cases of Residential Capital,

LLC ("ResCap") and its affiliates (collectively, the "Debtors"). I am not represented by

counsel. I have filed two proofs of claim against ResCap. I am advised that they have been

designated as Claim Numbers 5996 and 5997 on the ResCap claims register (the "Proofs of

Claim"). I did not file these Proofs of Claim before November 16, 2012, the date on which all

proofs of claim for general claims against the Debtors were due. The Proofs of Claim were filed

on or approximately November 20, 2012.

      2.     I submit this declaration (the "Declaration") in support of my request that my late-

filed Proofs of Claim be recognized as timely-filed, and that the *Stipulation and Order Between*

*the Debtors and Jason D. Emert Regarding Proofs of Claim Numbered 5996 and 5997 to*

*Recognize as Timely-Filed Emert's Late-Filed Proofs of Claim* be approved by this Court. As

stated in my motion to allow for the late-filing of a proof of claim (the "Motion"), I previously

made numerous attempts to contact someone from ResCap and ResCap's claims processing

center seeking assistance with filing my Proofs of Claim, but was unable to reach someone to

help me fill out the proof of claim form.  I am advised by counsel to the Debtors that they have

been unable to independently verify that I was not afforded assistance by the claims processing

center.  I also attempted, among other things, to contact many attorneys in my home state of

Kentucky for such assistance, but to no avail.  Accordingly, the above contributed to my filing

of the Proofs of Claim after the Bar Date.

3.    I spoke with counsel to the Debtors on or about February 15, 2013, and

they agreed, subject to the submission of this Declaration, to enter into the Stipulation.

4.    I hereby certify that the foregoing statements made by me are true.  I am

aware that if any of the foregoing statements made by me either in this Affidavit or the Motion

are willfully false, I am subject to punishment.


Dated:  March 28, 2013                     /s/ Jason D. Emert
        New York, New York            Jason D. Emert

3