UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*,

Debtors.

NOT FOR PUBLICATION

Case No. 12-12020 (MG)
Jointly Administered

# MEMORANDUM OPINION AND ORDER
# DENYING ALFREIDA PRUITT'S MOTION TO LIFT STAY

*A P P E A R A N C E S:*

ALFREIDA PRUITT
*Pro Se*
4571 Creek Forest Ct
Lilburn, GA 30047

MORRISON & FOERSTER LLP
*Counsel for the Debtors*
1290 Avenue of the Americas
New York, New York 10104
By:    Norman S. Rosenbaum, Esq.
       Lorenzo Marinuzzi, Esq.
       Norman S. Rosenbaum, Esq.
       James A. Newton, Esq.

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Pending before the Court is Alfreida Pruitt's *Motion for Relief from Stay* ("Motion," ECF Doc. # 3223), as supplemented by the filing styled *Amended Motion for Relief from Stay and Add Documents*. ("Motion," ECF Doc. # 3273.)

GMAC Mortgage, LLC ("GMACM"), a debtor and debtor in possession in the above-captioned chapter 11 cases (collectively with all affiliated debtors and debtors in possession, the "Debtors"), opposes the Motion. (ECF Doc. # 3354.) Alfreida Pruitt ("Pruitt") filed a reply on

1

April 8, 2013. (ECF Doc. # 3376.) The Court held a hearing in consideration of the Motion on April 11, 2013.

For the following reasons, the Motion is **DENIED**.

## I.    BACKGROUND

### A.    The Foreclosure Proceeding

On August 30, 2006, USAA Federal Savings Bank ("USAA") originated Pruitt's mortgage loan in the amount of $271,330. Opp. Ex. 1-P at 2. The loan is evidenced by a promissory note (the "Note") secured by real property located at 2360 Hickory Station Circle, Snellville, Georgia 30078 (the "Property") pursuant to a security deed (the "Security Deed") granted to Mortgage Electronic Registration Systems ("MERS") executed contemporaneously with the Note. *Id.* at 7-16. On or about November 25, 2008, MERS assigned the Security Deed to GMACM. *See id.* at 6. Pruitt defaulted on the Note and, after GMACM initiated a non-judicial foreclosure proceeding the Property was sold at a foreclosure sale on September 7, 2010. *See* Mot. at 3.

### B.    Pruitt's Legal Actions

Pruitt initiated numerous actions against GMACM and other non-debtor entities related to the foreclosure of the Property. Four actions were filed in state court and one adversary proceeding was filed in the Bankruptcy Court for the Northern District of Georgia ("Georgia Bankruptcy Court"). In short, through the Motion, Pruitt continues to seek relief that has been denied in these prior cases.

On September 7, 2010 at 8:52 a.m., Pruitt filed a chapter 13 petition in the Georgia Bankruptcy Court. The foreclosure sale of the Property, which took place only hours after Pruitt filed her petition, was not impeded by the automatic stay because Pruitt had at least two

2

bankruptcy cases pending and dismissed within the prior year. *See Order Under §
362(c)(4)(A)(ii) Confirming No Automatic Stay Is in Effect*, Opp. Ex. 1-D; 11 U.S.C. §
362(c)(4)(A)(ii).

Pruitt initiated her First Action[1] against GMACM in the Superior Court of Gwinnett County, Georgia ("Superior Court") on December 8, 2010 by filing a motion for a preliminary injunction. On January 31, 2011, the Superior Court denied Pruitt's motion and dismissed all Pruitt's claims.

Pruitt then initiated an adversary proceeding[2] against GMACM and other defendants on March 2, 2011. On August 26, 2011, the Georgia Bankruptcy Court dismissed this action. The District Court for the Northern District of Georgia also dismissed a related appeal filed by Pruitt.

On September 21, 2011, in her Second Action,[3] Pruitt requested a temporary restraining order ("TRO") against GMACM and other parties. On the following day, the Superior Court entered an order denying the TRO and dismissing the complaint for failure to state a claim upon which relief may be granted. On October 7, 2011, Pruitt filed a Third Action[4] against GMACM and other parties which, again, sought a TRO and damages. The Superior Court dismissed the Third Action on October 10, 2011. Additionally, on January 26, 2012, the Superior Court directed the clerk to cancel two *lis pendens* which Pruitt had previously recorded against the Property.

---

[1]   Pruitt v. Fed. Nat'l Mortg. Ass'n, et al., No. 10-A-109723-3 (Sup. Ct. Ga. 2010).

[2]   Pruitt v. MERS/GMAC, et al., Adv. Proc. No. 11-05116 (Bankr. N.D. Ga. 2011).

[3]   Pruitt v. Fed. Nat'l Mortg. Ass'n, et al., No. 11-A-10084-3 (Sup. Ct. Ga. 2011).

[4]   Pruitt v. Fed. Nat'l Mortg. Ass'n, et al., No. 11-A-10675-3 (Sup. Ct. Ga. 2011).

Pruitt filed the Fourth Action[5] on February 15, 2012, and the Superior Court dismissed the action on March 12, 2012. In addition to dismissing the complaint, the Superior Court entered a "Bill of Peace," which permanently enjoins Pruitt from "filing or serving in the above-styled case or filing or serving in any other case in any court any pleadings or suits related to the property . . . ." Opp. Ex. 1-A at 7.

### C.    The Debtors' Bankruptcy Case

On May 14, 2012 (the "Petition Date"), GMACM and each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Their chapter 11 cases (collectively, the "Bankruptcy Case") are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). (Case. No. 12-12020 (MG), ECF Doc. # 59.) On July 13, 2012, this Court entered the Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses (the "Supplemental Servicing Order"). (ECF Doc. #774.) The Supplemental Servicing Order allows borrowers to assert claims or counterclaims against Debtors "for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure . . . ." Supplemental Servicing Order ¶ 14(a).

---

[5]    Pruitt v. MERS/GMAC, et al., No. 12-A-01388-3 (Sup. Ct. Ga. 2012).

4

On August 29, 2012, the Court entered an *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (ECF Doc. # 1309) (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").  The Court subsequently entered an Order Extending Deadline for Filing Proofs of Claim (ECF Doc. # 2093), extending the Bar Date to November 16, 2012.  Pruitt filed her proof of claim in the Debtors' chapter 11 case on September 27, 2012.  Opp. Ex. 1-P.  However, on October 9, 2012, Pruitt withdrew her proof of claim.  Opp. Ex. 1-Q.

### A. The Motion

On March 14, 2013, Pruitt filed the Motion which, although styled as a lift stay motion, makes many disjointed allegations and demands for relief.  The Motion seems to seek stay relief in order to pursue claims against GMACM under the Fair Debt Collection Practices Act, the Uniform Commercial Code, and/or claims under the Bankruptcy Code for violation of the automatic stay.

In its Opposition to the Motion, GMACM states that Pruitt should be denied relief because she withdrew her claim in the Debtors' case and the Bar Date has since passed.  GMACM also asserts that Pruitt has raised these same claims in at least 5 previous lawsuits.  As described above, all these actions have been dismissed, and the Georgia Superior Court went so far as to grant *in rem* relief to GMACM and other non-debtor defendants.  Pruitt filed a reply to GMACM on April 8, 2013.

## II.    DISCUSSION

### A.    Legal Standard

A bankruptcy petition initiates an automatic stay of actions, including "a judicial, administrative, or other action or proceeding against the debtor that was or could have been

5

commenced before the commencement of the case." 11 U.S.C. § 362(a)(1).  Under section 362(d) of the Bankruptcy Code, a creditor can request relief from the stay, either (1) "for cause, including the lack of adequate protection."  11 U.S.C. § 362(d).  In determining cause to lift the stay in order to pursue a state court litigation, courts consider the following factors:

(1) whether relief would result in a partial or complete resolution of the issues;
(2) lack of any connection with or interference with the bankruptcy case;
(3) whether the other proceeding involves the debtor as a fiduciary;
(4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
(5) whether the debtor's insurer has assumed full responsibility for defending it;
(6) whether the action primarily involves third parties;
(7) whether litigation in another forum would prejudice the interest of other creditors;
(8) whether the judgment claim arising from the other action is subject to equitable subordination;
(9) whether movant's succession to other proceeding would result in a judicial lien avoidable by the debtor;
(10) the interests of judicial economy and the expeditious and economical resolution of litigation;
(11) whether the parties are ready for trial in the other proceeding; and
(12) the impact of the stay on the parties and the balance of the harms.

*Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med.Grp., PC*, 265 B.R. 408 (Bankr. S.D.N.Y. 2001).  Not all of the factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case basis.  *In re M.J.&K Co., Inc.*, 161 B.R. 586 (Bankr. S.D.N.Y. 1993).  In a request for stay relief, the moving party bears the initial burden to demonstrate that good cause exists for lifting the stay, using the *Sonnax* factors, and the court may deny the motion if the movant fails to make an initial showing of cause.  *See Sonnax*, 907 F.2d at 1285; *Capital Comm. Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 48 (2d Cir. 1997)

("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (quotation omitted).

### B. Stay Relief Is Not Appropriate in this Matter

Pruitt failed to meet her burden to lift the automatic stay. First, there is no section of the Supplemental Servicing Order that allows Pruitt to proceed with actions for monetary damages. The Property was foreclosed upon, sold, and repossessed prior to the Debtors' petition date. As a result, Pruitt is not currently a defendant in a foreclosure action brought by one of the Debtors, so there is no safe harbor created by the Supplemental Servicing Order.

The *Sonnax* factors do not support lifting the stay. First, stay relief would not result in a complete resolution of the issues, since the claims raised in Pruitt's Motion have already been dismissed at least five times. Allowing stay relief will not help resolve issues that are already effectively settled by multiple judicial orders. Second, there is no underlying action waiting to proceed and, even if Pruitt were to commence a new action, any future action may be barred by the Superior Court's Bill of Peace order. Third, judicial economy also does not favor allowing Pruitt to proceed with claims that have been dismissed. Fourth, Pruitt's claims are also primarily against MERS for its failure to properly transfer the mortgage to GMACM. Through her various lawsuits, Pruitt has claimed that MERS' ineffective transfer voids GMACM's holder in due course status. Although Pruitt lists MERS and GMACM as the same entity in many complaint captions, MERS is actually a separate entity and third party to the chapter 11 proceedings, which is a factor that further weighs against stay relief.

### III. CONCLUSION

Having considered the arguments of the parties and for the reasons stated above, the Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:   April 12, 2013
         New York, New York

_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge