UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENTS BETWEEN THE DEBTORS AND THE TRUSTEE OF THE LIQUIDATING TRUSTS OF THE PC DEBTORS

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "Debtors"), for the entry of an order pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the (i) Settlement Agreements entered into by and between Residential Funding Company, LLC ("RFC") and Ronald F. Greenspan, in his representative capacity as the Trustee (the "Trustee") of the Liquidating Trusts (the "Trusts") of People's Choice Home Loan, Inc. ("PCHLI"), People's Choice Funding, Inc. ("PCFI"), and People's Choice Financial Corporation ("PCFC," and collectively with PCHL and PCFI, the "PC Debtors"), and (ii) the Settlement Agreement entered into by and between Homecomings Financial, LLC and the Trustee; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-1-

ny-1076355

Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules, and the Case Management Procedures Order [Docket No. 141] for these Chapter 11 cases, and that no other or further notice is necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

    IT IS HEREBY ORDERED THAT:

    1.    The Motion is GRANTED as set forth herein.

    2.    The Warehouse Settlement Agreement, the Repurchase Settlement Agreement, and the Homecomings Settlement Agreement, between the Debtors and the Trustee are hereby approved pursuant to Federal Rule of Bankruptcy Procedure 9019(a) and the applicable decisional case law, and the Debtors are hereby authorized and ordered to take any and all actions as may be necessary to effectuate and implement the settlements embodied therein, subject to the terms thereof.

    3.    The Settlements meet the standards established by the Second Circuit for the approval of a compromise and settlement in bankruptcy, and are fair and reasonable to, and in the best interest of, all interested parties, including but not limited to the Debtors and their respective creditors.

    4.    Notice of the Settlement Agreements and the Motion given by the Debtors in these bankruptcy cases was sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the parties in interest in this bankruptcy proceeding on notice of the Settlement Agreements, the Motion and the relief requested therein.

ny-1076355

5. The terms and conditions of this Order shall be effective and enforceable immediately upon entry of this Order.

6. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: April 12, 2013
      New York, New York

                                                               /s/Martin Glenn
                                                              MARTIN GLENN
                                      United States Bankruptcy Judge

ny-1076355