UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BRIDGE ORDER FURTHER EXTENDING THE
EXCLUSIVE PERIOD DURING WHICH ONLY THE
DEBTORS MAY FILE A CHAPTER 11 PLAN**

Whereas on March 5, 2013, the Court entered an Order[1] extending (a) the exclusive period of time during which only the above captioned debtors and debtors in possession (collectively, the "Debtors") may file a plan of reorganization (the "Exclusive Plan Period") through and including April 30, 2013, and (b) the period of time during which only the Debtors may solicit acceptances of a plan of reorganization (the "Solicitation Period," and, together with the Exclusive Plan Period, the "Exclusive Periods") through and including July 1, 2013; and upon the request of the Debtors; and Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; and that entry of this bridge Order without a hearing is appropriate in light of the limited relief provided herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

---

[1] *Order Further Extending the Exclusive Periods During Which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 3102].

ny-1086368

1. The Debtors' Exclusive Plan Period is hereby extended through and including May 7, 2013.

3. This Order is without prejudice to (a) the Debtors' ability to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code and (b) the ability of parties in interest to seek to shorten the Exclusive Periods or object to further extensions.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

6. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

Dated: April 15, 2013
      New York, New York

                                                          /s/Martin Glenn
                                                          MARTIN GLENN
                                      United States Bankruptcy Judge

ny-1086368