Hearing Date:  To Be Scheduled Only If Required by the Court

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' RESPONSE TO LETTERS
FILED BY JULIO PICHARDO [DOCKET NOS. 3241, 3346]**

Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this response (the "**Response**") to the *"Objection of Sale for Free & Clear Proceeds"* [Docket No. 3241] (the "**First Letter**"), filed on March 15, 2013 by *pro se* movant Julio Pichardo ("**Mr. Pichardo**") and the *"Request for Order to Be Entered to GMAC/Ocwen to Subordinate to Document Shown on Docket #3241"* [Docket No. 3346] (the "**Second Letter**" and, together with the First Letter, the "**Letters**"), filed on March 22, 2013 by Mr. Pichardo.

ny-1082772

**I.      PRELIMINARY STATEMENT**

1.     By the First Letter, Mr. Pichardo purports to object to the sale of the Debtors' mortgage loan servicing platform to Ocwen Loan Servicing, LLC ("**Ocwen**") pursuant to Bankruptcy Code section 363.  Putting aside the fact that the deadline to object to the sale is well past, Mr. Pichardo appears to take issue with the fact that he has not been provided assurances that Ocwen is assuming liability for the proof of claim filed by Mr. Pichardo against the Debtors' estates.  Mr. Pichardo also raises various concerns regarding the servicing of his mortgage loan, which was transferred to Ocwen as of February 15, 2013.  Finally, by the Second Letter, Mr. Pichardo appears to be asserting that there is an inconsistency between the terms of his note and security deed, on the one hand, and his loan modification on the other, and seeks to have this Court enter an order reconciling such inconsistency.

2.     The Debtors, through their own counsel and with the assistance of SilvermanAcampora LLP ("**SilvermanAcampora**") as special counsel to the official committee of unsecured creditors (the "**Creditors' Committee**") for borrower issues, have endeavored on numerous occasions, both via e-mail and telephonically, to understand and respond to Mr. Pichardo's inquiries and concerns, as the attachments to Mr. Pichardo's First Letter attest.  Among other things, the Debtors have referred Mr. Pichardo to Ocwen in connection with any servicing questions following the transfer of servicing of Mr. Pichardo's mortgage loan to Ocwen, and confirmed that Mr. Pichardo's proof of claim against the Debtors is unaffected by the sale to Ocwen and will be addressed in the ordinary course through the claims reconciliation process.

3.     Despite extensive efforts by both Debtors' counsel and SilvermanAcampora to be responsive and to educate Mr. Pichardo about the bankruptcy process, Mr. Pichardo remains unsatisfied.  Although the precise nature of his claims is somewhat unclear, they seem to stem

from a fundamental misunderstanding of the claims process. The Debtors, both directly and through their counsel, have also investigated each of Mr. Pichardo's allegations, including reviewing a loan file and fact package that dates back to 2004 and runs to many hundreds of pages. Based on that review, the Debtors have determined that the allegations raised by Mr. Pichardo in the Letters appear to be baseless and/or the product of Mr. Pichardo's repeated failure to understand the explanations that the Debtors have previously provided to him. In fact, Mr. Pichardo's allegations of servicer misconduct are contradicted by the fact that Mr. Pichardo successfully obtained a loan modification in December 2009, and, as of the date that servicing was transferred to Ocwen, was current on his payments under the modified mortgage loan.[1]

4.    In any event, Mr. Pichardo's Letters fail to state a cognizable claim for relief. To the extent there was any mishandling of the servicing of Mr. Pichardo's loan (a fact the Debtors dispute) that may give rise to a claim for damages, Mr. Pichardo has filed a proof of claim against the Debtors' estates, and that claim will be addressed in the ordinary course. To the extent Mr. Pichardo has complaints or concerns regarding the current servicing of his loan, or disputes the terms of his mortgage documents, those issues must be raised with Ocwen as the successor servicer. To the extent Mr. Pichardo is seeking reformation or modification of the documents governing his loan, the Debtors respectfully assert that the power to grant such relief is not within this Court's jurisdiction. Accordingly, any request for relief within the Letters should be overruled.

---

[1] See Campbell Declaration filed in support of *Debtors' Objection To Motion For Relief From The Automatic Stay Filed By Julio Pichardo [Docket Nos. 1026 And 1212]* [Docket No. 1233] (the "**Objection to Stay Relief**"), at ¶ 6.

## II. BACKGROUND

### A. General Chapter 11 Case Background

5.  On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. No trustee has been appointed in the Chapter 11 Cases.

6.  On May 16, 2012, the United States Trustee for the Southern District of New York appointed the nine member Creditors' Committee.

7.  On September 14, 2012, the Debtors filed a notice of public auction and sale hearing in connection with the proposed sale of their servicing and origination platform (the "**Platform Assets**"), which set October 29, 2012 the deadline to file an objection to the sale.[2] Due to the closure of the Court on October 29, 30 and 31, 2012, that deadline was extended by operation of Rule 9006(a)(3)(A) of the Federal Rules of Bankruptcy Procedure to November 1, 2012.

8.  On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of the Platform Assets to Ocwen.

9.  At a hearing held on November 19, 2012, the Court approved the Debtors' motion to sell the Platform Assets to Ocwen[3] on the record. On November 21, 2012, the Court entered

---

[2] *Amended Notice Of Public Auctions And Sale Hearing To Sell Certain Of Debtors' Assets Pursuant To Asset Purchase Agreements With Nationstar Mortgage LLC And Berkshire Hathaway Inc. And Related Relief And Dates* [Docket No. 1446]

[3] *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123 and Fed R. Bankr. P. 2002, 6004, 6006 and 9014 for Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Hearing and Sale Deadline; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset*

an order approving the sale to Ocwen (the "**Ocwen Sale**") [Docket No. 2246] (the "**Ocwen Sale Order**").

10. On November 30, 2012, the Court entered an order approving the retention of SilvermanAcampora as special counsel to the Creditors' Committee [Dkt. No. 2315].

11. The Ocwen Sale closed on February 15, 2013.

### B. Events Giving Rise to the Letters

12. As of the Petition Date, Mr. Pichardo was a borrower under a mortgage loan serviced by Debtor GMAC Mortgage, LLC ("**GMAC Mortgage**").[4] Following the closing of the Ocwen Sale on February 15, 2013, servicing of Mr. Pichardo's loan was transferred to Ocwen.

13. On July 6, 2012, without leave of this Court, Mr. Pichardo, represented by counsel, commenced an action against Debtor GMAC Mortgage in the Superior Court of California, captioned <u>Julio Pichardo v. GMAC Mortgage; Does 1 to 10</u>, Case No. CIV581642 (Ca. Sup.) (the "**California Action**"). The California Action sought the imposition of monetary damages against GMAC Mortgage.

14. On July 30, 2012, the Debtors caused a notice of bankruptcy and suggestion of automatic stay to be served on Mr. Pichardo's counsel in the California Action.

15. On August 6, 2012, Mr. Pichardo, appearing *pro se*, filed a letter requesting relief from the automatic stay [Docket No. 1026] (the "**Letter Request**"), as amended and supplemented by Mr. Pichardo's motion for relief from stay filed on August 17, 2012 (the

---

*Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "**Sale Motion**") [Docket No. 61].

[4] <u>See</u> Campbell Declaration in support of Objection to Stay Relief, at ¶ 6.

ny-1082772                                    5

"**Supplement**" and, together with the Letter Request, the "**Motion for Stay Relief**"), pursuant to which Mr. Pichardo sought relief from the automatic stay to proceed with the California Action.

16. The Debtors filed the Objection to Stay Relief opposing the Motion for Stay Relief and, following a hearing held on August 29, 2012, the Court entered an order denying the Motion for Stay Relief [Docket No. 1307] (the "**Order Denying Stay Relief**"). Among other things, the Order Denying Stay Relief states that "Pichardo may file a proof of claim in these cases and pursue recovery through the claims allowance process." *Order Denying Stay Relief* at 2.

17. On September 4, 2012, Mr. Pichardo filed a proof of claim against the Debtors' estates, which was assigned Claim Number 452 (the "**Proof of Claim**").

18. Beginning in February 2013, Mr. Pichardo initiated contact with Debtors' counsel via e-mail and telephone raising various concerns regarding, among other things, the impact of the Ocwen Sale on his Proof of Claim, as well as various allegations regarding ongoing servicing errors with respect to Mr. Pichardo's mortgage loan.

19. At Mr. Pichardo's prompting, Debtors' counsel obtained and reviewed copies of Mr. Pichardo's entire loan file and payment history from the Debtors. In addition, at the request of the Debtors, SilvermanAcampora reached out to Mr. Pichardo to discuss his concerns. Following a review of Mr. Pichardo's loan files, as well as of various materials forwarded by Mr. Pichardo, Debtors' counsel confirmed that, as was the case in August 2012 when Mr. Pichardo filed the Motion for Stay Relief, Mr. Pichardo remained current on his loan through the date that servicing of his loan was transferred to Ocwen, and no foreclosure proceedings were pending.

20. Debtors' counsel notified Mr. Pichardo of this fact, reiterated that his Proof of Claim would be addressed in the ordinary course as part of the claims reconciliation process, and

indicated that future inquiries regarding the servicing of Mr. Pichardo's loan should be directed to Ocwen.

21. On March 15, 2013, the First Letter was docketed and assigned Docket Number 3241.

22. On March 22, 2013, the Second Letter was docketed and assigned Docket Number 3346.

### III. OBJECTION

23. It is well established that *pro se* papers are to be held "to less stringent standards than formal pleadings drafted by lawyers." See Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984) (instructing that "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he [or she] has a valid claim"). Even under this flexible standard, however, Mr. Pichardo's Letters fail to state a claim upon which relief can be granted and should be overruled.

24. As an initial matter, the November 1, 2012 deadline to object to the Ocwen Sale expired months ago. The Ocwen Sale was approved by this Court following an extensive evidentiary hearing in November, and has already closed. On that basis alone, to the extent the Letters constitute an objection to the Ocwen Sale, they should be overruled.

25. Furthermore, even if Mr. Pichardo's objection to the sale was timely, it lacks merit. Mr. Pichardo seems to contend that Ocwen should assume liability for his Proof of Claim. As the Debtors have repeatedly attempted to explain to Mr. Pichardo, there is no basis for this position under the Bankruptcy Code or under the Ocwen Sale Order.[5] Rather, the Proof of Claim

---

[5] See Ocwen Sale Order, ¶ O (providing that the "transfer of the Purchased Assets to [Ocwen] will be . . . free and clear of all Interests, including . . . Claims or Liabilities relating to any act or omission of any originator, holder or servicer of Mortgage Loans prior to the Closing Date. . . .").

ny-1082772                                        7

is a claim against the Debtors, and will be addressed in the ordinary course as part of the claims reconciliation process. To the extent Mr. Pichardo's Letters are deemed to encompass a request for some additional form of relief, including relief relating to any allegations regarding errors in the current servicing of his loan or errors in the loan documents themselves, those concerns are properly addressed to Ocwen as the successor servicer.

26. As set forth above, Mr. Pichardo has failed to adequately articulate the nature of the relief he is seeking, much less establish any facts or authority demonstrating that he is entitled to such relief. Accordingly, the Court should overrule any request for relief in the Letters.

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order overruling any request for relief set forth in the Letters, and grant such other relief as the Court deems proper.

New York, New York  
Dated: April 16, 2013

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Erica J. Richards  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*