UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | :|
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**JOINT SCHEDULING ORDER REGARDING
LIMITED OBJECTION OF FINANCIAL GUARANTY INSURANCE COMPANY
TO DEBTORS' SALE MOTION AND ASSUMPTION NOTICE**

WHEREAS, on May 14, 2012 ("Petition Date"), the above-captioned debtors ("Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code");

WHEREAS, also on the Petition Date, the Debtors filed the *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief*, Dkt. No. 61 ("Sale Motion");

WHEREAS, the Sale Motion sought approval of the sale of the Debtors' mortgage loan origination and servicing platforms ("Sale") to the highest or otherwise best bidder,

which the Debtors later determined to be Ocwen Loan Servicing, LLC (including its affiliates and any of its assignees or designees in connection with the Sale, "Ocwen");

WHEREAS, on October 5, 2012, Financial Guaranty Insurance Company ("FGIC") filed the *Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice*, Dkt. No. 1746 (the "FGIC Objection");

WHEREAS, as set forth more fully in the FGIC Objection, FGIC, a monoline financial guaranty insurance company, provided financial guarantee insurance in connection with certain of the Debtors' securitization transactions ("RMBS Transactions");

WHEREAS, pursuant to the FGIC Objection, FGIC objected to the assumption and assignment of certain contracts associated with the RMBS Transactions identified on Exhibit A hereto (collectively, the "Non Term-to-Term Transactions");

WHEREAS, pursuant to the FGIC Objection, FGIC objected to the assumption and assignment of certain contracts associated with the RMBS Transactions identified on Exhibit B hereto (the "Term-to-Term Transactions" and together with the Non Term-to-Term Transactions, the "FGIC Transactions");

WHEREAS, pursuant to the FGIC Objection, FGIC asserted a cure claim in the amount of at least $281,013,254 with respect to the Term-to-Term Transactions;

WHEREAS, pursuant to the FGIC Objection, FGIC asserted a cure claim in the amount of at least $1,403,987 with respect to the Non Term-to-Term Transactions;

WHEREAS, prior to the hearing to consider approval of the Sale, the Debtors and FGIC agreed to defer this Court's consideration of the FGIC Objection solely with respect to the cure claims asserted by FGIC and FGIC's adequate assurance objection, so that the parties could engage in good-faith negotiations aimed at resolving the FGIC Objection;

WHEREAS, on November 21, 2012, this Court entered the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale Of Debtors' Assets Pursuant to Asset Purchase Agreement With Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief*, Dkt. No. 2246 ("Sale Order");

WHEREAS, on February 15, 2013, the Sale to Ocwen closed;

WHEREAS, the FGIC Transactions were not assumed and assigned to Ocwen at the time of the closing of the Sale;

WHEREAS, FGIC has required amendments to the Term-to-Term Transactions as a condition to its consent to the assumption and assignment of such Transaction and in order for it to agree to extend such Transactions on a longer-term basis;

WHEREAS, FGIC has requested that resolution of the FGIC Transactions be addressed in their entirety;

WHEREAS, Ocwen and FGIC have agreed to negotiate for a period of no less than four weeks with respect to potential amendments to the FGIC Transactions;

WHEREAS, the Parties have agreed, subject to the approval of this Court, to a briefing schedule regarding (i) the cure claims asserted by FGIC with respect to the Non Term-to-Term Transactions and (ii) FGIC's adequate assurance objection; and

WHEREAS, with respect to the remaining Term-to-Term Transactions, the Debtors and FGIC have agreed to cap FGIC's cure claim with respect to such transaction and continuing working towards consensual resolution of the cure amounts asserted with respect thereto.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties as follows:

1. **Good Faith Negotiations between the Debtors and FGIC**.  The Debtors and FGIC, in consultation with the Unsecured Creditors' Committee ("UCC") shall negotiate in good faith regarding an agreed upon Cure Amount for the FGIC Transactions that resolves the FGIC Objection, subject to the UCC's consent rights as set forth as the Sale Order.

2. **FGIC Transactions Briefing Schedule**.  A hearing on the FGIC Objection as it pertains to the assumption and assignment of the FGIC Transactions, including (a) FGIC's adequate assurance objection and (b) the cure amounts with respect to the Non Term-to-Term Transactions (but not the cure amounts with respect Term-to-Term Transactions), and the positions of the Debtors and other parties in interest with respect thereto will be held, subject to this Court's availability, on **June 12, 2013 at 10:00 a.m. (ET)** (the "June 12 Hearing").  The June 12 Hearing will be an evidentiary hearing.  The following deadlines apply to the June 12 Hearing:

   a. The Debtors, FGIC and Ocwen shall attempt in good-faith to agree upon a joint statement of stipulated facts on or before **May 10, 2013**.  If the parties do not agree to stipulate all relevant facts on or before that date, the parties shall (i) submit a stipulation with respect the facts they are able to stipulate to, (ii) be entitled to submit declarations in lieu of direct testimony in accordance with the schedule set forth herein and present the declarants as witnesses at the June 12 Hearing for *voir dire* and cross-examination and (ii) continue to attempt to agree upon a joint statement of stipulated facts.  If the parties succeed in agreeing upon stipulated facts after May 11 and before June 4, 2013, each party that has theretofore served and filed a declaration may, in its discretion, withdraw any such declaration or file a notice that designated portions of any such declaration have been superseded.

   b. The Debtors and the UCC shall file their reply to the FGIC Objection (solely as it pertains to the cure amounts for the Non Term-to-Term Transactions and FGIC's adequate assurance objection) and any declaration(s) in support thereof on or before **May 14, 2013**.  Ocwen shall also file its brief, if any, on the adequate assurance issue and any declaration(s) in support thereof on or before May 14, 2013.

   c. FGIC may file an omnibus sur-reply to any reply filed by the Debtors, Ocwen or the UCC, and any declaration in support of the FGIC Objection (solely as it pertains to the cure amounts for the Non Term-to-Term Transactions and FGIC's adequate assurance objection), on or before **May 23, 2013**.

   d. The Debtors, FGIC and Ocwen shall submit a joint status report to the Bankruptcy Court on or before **May 29, 2013 at 5:00 p.m.**, regarding the status of their efforts to resolve their dispute regarding the FGIC Transactions and whether the parties intend to proceed with the June 12 Hearing.

   e. If a party files a declaration that has not been withdrawn, the opposing party may take the declarant's deposition during the week of **June 3, 2013** at a mutually agreeable time and place.

   f. Each party shall submit two copies of all exhibits that it intends to rely on at the June 12 Hearing, together with a copy of all of its declarations, designations and other submissions, to chambers no later than **June 4, 2013 at 2:00 p.m.** All exhibits must be pre-marked. The Debtors' exhibits must be identified by numbers and FGIC's by letters.

3. **Cap on Cure on Term-to-Term Transactions**. FGIC hereby agrees to cap its cure claim on the Term-to-Term Transactions at the purchase price to be received by the Debtors from Ocwen with respect to the primary and master servicing rights for such Transactions at $14 million. The Debtors and FGIC may separately request a briefing schedule in connection with a hearing on the FGIC Objection as it pertains to the cure amounts on the Term-to-Term Transactions in the event a consensual resolution cannot be reached with respect thereto.

4. **Reservation of Rights**. All rights of Ocwen and the Debtors under the asset purchase agreement that is the subject of the Sale Order (including amendments to such asset purchase agreement) and the Sale Order with respect to the FGIC Transactions, including, but not limited to, whether and upon what circumstances the FGIC Transactions would be transferred to Ocwen, are expressly reserved.

5. **Additional Terms**.

   a. This Stipulation and Order may not be modified other than by a signed writing executed by the parties hereto and further order of this Court.

  b. Each person who executes this Stipulation and Order on behalf of a party hereto represents that he is duly authorized to execute this Stipulation and Order on behalf of such party.

  c. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

  d. This Stipulation and Order shall be immediately effective upon its entry.

  e. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

[*Remainder of Page Is Intentionally Left Blank.*]

Dated: New York, New York
April 12, 2013

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>*Attorneys for Debtors and Debtors in Possession* | JONES DAY<br>*Attorneys for Financial Guaranty Insurance Company* |
| By: <u>Todd M. Goren</u><br>    Todd M. Goren<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Fax: (212) 468-7900 | By: <u>Richard L. Wynne</u><br>    Richard L. Wynne<br>    Howard F. Sidman<br>222 East 41st Street<br>New York, New York 10017-6702<br>Telephone: (212) 326-3418<br>Fax: (212) 755-7306 |
| -and- | |
| Alexandra Steinberg Barrage<br>2000 Pennsylvania Avenue, NW<br>Washington, DC 20006<br>Telephone: (202) 887-1500<br>Fax: (202) 785-7525 | Lori Sinanyan<br>555 South Flower Street, 50th Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 243-2763<br>Fax: (213) 243-2539 |

CLIFFORD CHANCE US LLP
*Attorneys for Ocwen Loan Servicing, LLC*

By: <u>Jennifer C. DeMarco</u>
    Jennifer C. DeMarco
    Adam Lesman
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375


APPROVED AND SO ORDERED


Dated: April 15, 2013
       New York, New York

    <u>/s/Martin Glenn</u>
    MARTIN GLENN
United States Bankruptcy Judge

- 7 -

- 8 -

**<u>EXHIBIT A</u>**

## Non Term-to-Term Transactions

AHM 2005-1
AHM 2005-2
AHM 2005-4
GMACM 2001-HE2 (CES)
GMACM 2001-HE2 (HELOC)
GMACM 2001-HE3
GMACM 2002-HE1
GMACM 2002-HE4
GMACM 2003-HE1
GMACM 2003-HE2
GMACM 2004-HE1
GMACM 2004-HE5
GMACM 2004-HLTV1
GMACM 2005-HE2
RAMP 2004-RS7 (ARMS)
RAMP 2004-RS7 (FRMS)
RASC 2001-KS1, Group I
RASC 2001-KS1, Group II
RASC 2004-KS7 (ARMS)
RASC 2004-KS7 (FRMS)
RASC 2004-KS9 (ARMS)
RFC 2004-KS9 (FRMS)
RFMSI 2005-S2
RFMSI 2005-S7
RFMSII 2002-HS3 (CES)
RFMSII 2002-HS3 (HELOC)
RFMSII 2003-HS1 (CES)
RFMSII 2003-HS1 (HELOC)
RFMSII 2003-HS2
RFMSII 2004-HI2
RFMSII 2004-HI3
RFMSII 2004-HS1 (CES)
RFMSII 2004-HS1 (HELOC)
RFMSII 2004-HS3
RFMSII 2005-HI1
RFMSII 2005-HS1 (CES)
RFMSII 2005-HS1 (HELOC)
RFMSII 2005-HS2 (CES)
RFMSII 2005-HS2 (HELOC)
RFMSII 2005-HSA1 (CES)
RFMSII 2005-HSA1 (HELOC)

**EXHIBIT B**

MoFo Draft -- 4/12/2013
Privileged & Confidential

## Term-to-Term Transactions

GMACM 2005-HE1
GMACM 2006-HE1
GMACM 2006-HE2
RAMP 2004-RZ2 (ARMS)
RAMP 2004-RZ2 (FRM)
RAMP 2005-EFC7
RAMP 2005-NC1
RAMP 2005-RS9
RASC 2005-EMX5
RASC 2007-EMX1
RFMSII 2006-HI2
RFMSII 2006-HI5
RFMSII 2006-HSA2 (CES)
RFMSII 2006-HSA2 (HELOC)
RFMSII 2007-HI1