**SILVERMANACAMPORA LLP**
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Ronald J. Friedman
Robert D. Nosek
Justin S. Krell

*Special Counsel for the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

-------------------------------------------------------------------

**STATEMENT OF SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS REGARDING RELIEF SOUGHT BY STEPHANIE HARRIS**

SilvermanAcampora LLP ("SALLP"), special counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in the above-referenced chapter 11 cases, (these "Chapter 11 Cases"), upon the direction of this Court at the hearing held on April 11, 2013 (the "Hearing"), respectfully submits this statement (this "Statement")[1] summarizing the relief requested by Stephanie Harris ("Harris") (a) in a pending motion, dated January 29, 2013 (the "Motion") and (b) on the record of the Hearing, concerning real property known as and located at 1525 Lenox Ave., Miami Beach, Florida 33139 (the "Property") and attempts to foreclose on a mortgage against the Property, and respectfully states as follows:

1.  On February 13, 2013, Harris filed the Motion seeking the authority to file a proof of claim as a "creditor in possession and not as a debtor in possession", and requesting that this

---

[1] The information contained in this Statement is derived from: (i) the transcript of the Hearing; (ii) supporting documents included in Harris's proof of claim filed against the Debtors; (iii) conversations between SALLP and Harris, and (iv) documents obtained from a search of public records, and represents what SALLP believes to be the relief sought by Harris. This Statement, however, is submitted without waiver of the rights and defenses of all parties, including, Harris, the Debtors, SALLP, and the Committee, all of which are expressly reserved.

JSK/1297698.1/062429

Court hold an evidentiary hearing on issues relating to the validity of the Loan.

**Harris's Requested Relief**

2. Based on the below information, it appears that Harris is seeking the entry of an order of this Court: (i) rescinding the Debtor's sale to Ocwen of its servicing rights over the Loan; (ii) transferring title to the Property to Harris until the true owner of the Loan is determined, if any; and (iii) dismissing of the Second Foreclosure Action (*see* paragraph 21).

3. According to Harris, she has argued throughout the pendency of the Foreclosure Actions that there are breaks in the chain of title with respect to the Property. Harris' arguments are based on, among other things, the assertion that her original mortgagee, People's Choice Home Loan, Inc. ("People's Choice"), never assigned, or fraudulently assigned, the Loan to Deutsche Bank Trust Company Americas as Trustee ("Deutsche Bank"), and that there have been numerous fraudulent assignments making it unclear what entity now owns the Loan. As a result, Harris asserts that Deutsche Bank never had an interest in the Property and never owned the Loan, and that such assertion was confirmed pursuant to the NY Fed Letter (*See* paragraph 11, and Exhibit D annexed hereto.)

4. Harris further asserts that any and all assignments associated with the Loan are fraudulent and the product of "reverse engineering and reverse paperwork done after the fact and catering to [the Debtors]." Therefore, Harris believes that the Debtors had no interest in the Loan, and accordingly, were not authorized to sell the servicing rights to Ocwen Loan Servicing, LLC ("Ocwen").

5. Thus, it appears that Harris seeks an evidentiary hearing to determine what, if any, rights the Debtors have or had in the Loan.

6. SALLP has been unable to determine what Harris means by "creditor in possession" but believes it is Harris' way of articulating her desire that title in the Property be transferred to her pending determination of who, if anyone, owns and/or has the right to service, the Loan.

7. Additionally, Harris seeks the authority of this Court to file a proof of claim. Ms. Harris, however, filed a proof of claim (the "Proof of Claim") with this Court on November 5, 2012 asserting a secured claim in the amount of $450,000.00 and an unsecured claim in the amount of $4,550,000.00. A copy of the Proof of Claim is annexed hereto as **Exhibit K**.

**The Loan History**

8. Upon information and belief, on or about February 21, 2007, Harris executed a Promissory Note (the "Note") payable to the order of People's Choice, in the principal amount of $297,500.00. A copy of the Note is annexed hereto as **Exhibit A**.

9. Upon information and belief, on or about February 21, 2007, in order to secure the Note, Harris executed a mortgage (the "Mortgage", and together with the Note, the "Loan"), which was recorded in Official Records Book 25456, at Pages 2337-2359, of the Public Records of MIAMI-DADE County, Florida on March 16, 2007. A copy of the Mortgage is annexed hereto as **Exhibit B**.

10. According to an Assignment of Mortgage dated July 18, 2008, a copy of which is annexed hereto as **Exhibit C**, Mortgage Electronic Registration Systems, Incorporated, as Nominee for People's Choice, assigned the Mortgage to Deutsche Bank Trust Company Americas as Trustee ("Deutsche Bank").

11. However, according to a letter dated September 27, 2010 (the "NY Fed Letter") from the Federal Reserve Bank of New York (the "NY Fed") to Harris, the NY Fed confirmed, after investigating Deutsche Bank's potential interest in the Mortgage, that Deutsche Bank did not have an interest in the Mortgage and was incorrectly identified as Trustee. A copy of the NY Fed Letter is annexed hereto as **Exhibit D**.

12. Additionally, according to the NY Fed Letter, LaSalle Bank National Association ("LaSalle") is the Trustee pursuant to a Pooling and Servicing Agreement and that the Mortgage is included in the RAAC Series 2007-SP3 Trust (the "Trust").

13. Upon information and belief, the Mortgage was actually being serviced by one of

the Debtors, Residential Funding Company, LLC ("RFC"), until those servicing rights were transferred to Ocwen.

**The First Foreclosure Action and the Harris Bankruptcy**

14. On June 15, 2008, Deutsche Bank commenced a foreclosure action against Harris in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Miami-Dade County Court"), entitled *Deutsche Bank Trust Company Americas as Trustee vs. Stephanie Harris et al.*, Case No. 08-40534 CA10, Division 10 (the "First Foreclosure Action"). A copy of the docket sheet for the First Foreclosure Action is annexed hereto as **Exhibit E**.

15. Based on conversations with Harris, subsequent to the First Foreclosure Action, Harris contacted RFC seeking a loan modification. Harris sought a modification of the Mortgage under the Home Affordable Modification Program ("HAMP"). Harris, however, was allegedly advised by a representative of the "Federal Government" that the Property did not qualify for a HAMP loan modification. Additionally, according to Harris, RFC denied her an in-house loan modification.

16. Upon information and belief, in an effort to maintain ownership of the Property and stay the First Foreclosure Action, on January 27, 2010, Harris filed a petition (the "Petition") for relief under chapter 7 of the United States Code in the Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court"), Case No. 10-11746-AJC (the "Harris Bankruptcy"). A copy of the Petition is annexed hereto as **Exhibit F**.

17. On June 7, 2010, Deutsche Bank filed a motion for relief from the automatic stay in the Harris Bankruptcy in an effort to continue its prosecution of the First Foreclosure Action.

18. On July 16, 2010, Deutsche Bank filed an amended motion for relief from the automatic stay, which was later withdrawn pursuant to a Notice of Withdrawal of Amended Motion dated October 6, 2010. A copy of the Notice of Withdrawal is annexed hereto as **Exhibit G**.

19.     On December 8, 2010, the Miami-Dade County Court entered an order (the "Dismissal Order") dismissing the First Foreclosure Action. A copy of the Dismissal Order is annexed hereto as **Exhibit H**.

20.     On February 11, 2011, the Florida Bankruptcy Court entered an order granting Harris a discharge under Bankruptcy Code section 727 (the "Discharge Order") and the Harris Bankruptcy was closed on July 14, 2011. A copy of the Discharge Order is annexed hereto as **Exhibit I**.

**The Second Foreclosure Action**

21.     Deutsche Bank commenced a second foreclosure action in the Miami-Dade County Court, entitled *Deutsche Bank Trust Company Americas as Trustee RAMP 2007SP3 vs. Stephanie Harris et al.*, Case No. 12-16257 CA23 (the "Second Foreclosure Action" and together with the First Foreclosure Action, the "Foreclosure Actions") against Harris seeking to foreclose on the Property and has filed a Notice of *Lis Pendens* against the Property. A copy of the docket sheet for the Second Foreclosure Action and Notice of *Lis Pendens* are annexed hereto as **Exhibit J**. It appears the Second Foreclosure Action is still pending before the Miami-Dade County Court.

Dated: Jericho, New York
       April 18, 2013

              **SILVERMANACAMPORA LLP**

            By: __s/ Robert D. Nosek_____
               Ronald J. Friedman
               Robert D. Nosek
               Justin S. Krell
               100 Jericho Quadrangle, Suite 300
               Jericho, New York 11753
               (516) 479-6300
               RFriedman@SilvermanAcampora.com

               *Special Counsel for the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al.*