# EXHIBIT K

B 10 Modified (Official Form 10) (12/11)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Claim #2536 Date Filed: 11/6/2012

| Name of Debtor and Case Number: |
|---|
| Residential Capital LLC GMAC case 12-12020 |

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Stephanie Harris**

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:
**Stephanie Harris
PO BOX 190504
Miami Beach FL 33119**

Telephone number: 786 709-7855       email: stephanieharris70@Hotmai

**Court Claim
Number:_____
(If known)**

Filed on:_____

Name and address where payment should be sent (if different from above):
**Same as above.**

Telephone number:       email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 5,000,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Wrongful foreclosure, tortious interference in E
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 3823 | 3a. Debtor may have scheduled account as: **Stephanie Harris** (See instruction #3a) | 3b. Uniform Claim Identifier (optional): (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ■ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

**Value of Property:** $450,000.00 **Annual Interest Rate** 9 % ☐ Fixed ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $0

Basis for perfection: See attached docume

**Amount of Secured Claim:** $450,000.00       **Amount Unsecured:** $4,550,000.00

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHE

||||| 1212020121106000000000067 |||||

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
■ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Stephanie Harris
Title:
Company:
Address and telephone number (if different from notice address above):
PO BOX 190504
Miami Beach FL 33119
Telephone number: 786 709-7855  Email: stephanieharris70@hotmail.com

(Signature) Stephanie Harris     November 5 2012  (Date)

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**

NOV 0 6 2012

KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both 18 U.S.C. §§ 152 and 3571*

# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

September 27, 2010

Ms. Stephanie Harris
P.O. Box 190540
Miami Beach, Florida 33119

Dear Ms. Harris:

This letter is in response to your complaint against Deutsche Bank Trust Company Americas (Deutsche). As we understand your complaint, you state that your home has been erroneously foreclosed on and request a loan modification. We contacted Deutsche on your behalf and would like to report our findings.

In connection with our inquiry, Deutsche informs us that the mortgage loan for the property referenced in your complaint at 1525 Lenox Ave., Miami Beach, FL 33139 is being serviced by Residential Funding Company, LLC (Residential). LaSalle Bank National Association (LaSalle) is the Trustee pursuant to a Pooling and Servicing Agreement, for the RAAC Series 2007-SP3 Trust, a securitization trust which includes the mortgage loan in question.

Deutsche indicates that it has been incorrectly identified as the Trustee in this case and has since notified Residential of this issue so that it may correct this error as soon as possible. As further background, Deutsche states that it has no involvement with the RAAC Series 2007-SP3 Trust and therefore the aforementioned mortgage loan. Furthermore, LaSalle's parent company was acquired by Bank of America in 2008.

Please note that since LaSalle Bank National Association is subject to the supervisory jurisdiction of the Office of the Comptroller of the Currency, we are unable to investigate the issues you raise. Therefore, you should contact the agency at:

> Office of the Comptroller of the Currency
> Customer Assistance Group
> 1301 McKinney Street, Suite 3450
> Houston, TX 77010
> Tel: 1-800-613-6743
> Fax: 713-336-4301
> HelpWithMyBank.gov

8B | FRIDAY, OCTOBER 19, 2012    HI

# BUSINESS 10B

**The Miami Herald** (H) **FRIDAY, OCTOBER 19, 2012** | EDITOR: JANE WOOLDRIDGE  jwooldridge@MiamiHerald.com | 305-376-3629    HI

## MORTGAGE CRISIS

# Fla. foreclosure cash sits untouched

■ Six months after receiving more than $300 million in aid for homeowners, Florida hasn't decided how to spend the money.

**BY TOLUSE OLORUNNIPA**
Herald/Times Tallahassee Bureau

TALLAHASSEE — Florida is ranked No. 1 in the nation for the number of homes in foreclosures and the number of people on the verge of losing their homes.

But the Sunshine State is last in the nation when it comes to using the billions of dollars in available housing aid from a national mortgage settlement, according to a report released Thursday.

Six months after the nation's largest banks signed a $25 billion mortgage settlement in the wake of the robo-signing scandal, Florida and Texas are the only states that have not outlined a plan for how to use their share.

About $300 million is sitting in an escrow account. Attorney General Pam Bondi and the Florida Legislature are haggling over who is legally entitled to spend the money.

A report by Enterprise Community Partners found that most states have already begun using their portion of the settlement to help homeowners, through programs like mortgage counseling,



BONDI

neighborhood revitalization and legal assistance.

Some states used all of their settlement money to help homeowners, while others diverted the funds to help shore up budget shortages or give tax breaks to businesses.

The settlement terms dictate that the money should be used specifically for housing-related issues, but lawmakers in Florida could decide to put the money to other uses. Consumer advocates say that would be disappointing.

"There's a lot of money coming into Florida and if it's used in the right way, there's a lot of opportunity," said Andrew Jakabovics, a researcher with Enterprise Community Partners, an affordable housing group.

Bondi has said repeatedly that she wants to use the money for housing-related initiatives, and she believes she has the sole authority to decide where the money should go.

"We are diligently working to get this money distributed as soon as possible to help homeowners," she said. "I'm not going to talk about backroom conversations, but I'll tell you I'm working as hard as I can, my staff is working as hard as they can. This money needs to go to homeowners. That's where it

was meant to go, and that's where it should go."

Leaders in the Legislature believe they have the legal authority to decide how state funds are spent. Lawmakers have not ruled out using the money for non-housing related issues.

"We are working with Attorney General Bondi and the House to determine the best mechanism to ensure that these funds are appropriated by the Legislature, in a transparent and accountable manner that meets our shared goal of moving the funds out of escrow as soon as possible," said Katie Betta, spokesperson for incoming Senate

◆ TURN TO FORECLOSURE, 8B

## THE BUSINESS REPORT | BUSINESS STARTS ON 10B

### MORTGAGE CRISIS

# Foreclosure cash untouched

• FORECLOSURE, FROM 10B

President Don Gaetz, R-Niceville.

A spokesperson for incoming House Speaker Will Weatherford, R-Wesley Chapel, echoed those sentiments.

While Bondi and lawmakers haggle over the money, Florida's foreclosure rate continues to spike, even as national foreclosures are on the decline. For the first time since 2005, Florida recently became the state with the country's highest foreclosure rate, according to RealtyTrac.

One in every 117 Florida housing units had a foreclosure filing in the third quarter, more than twice the national average. One in five homeowners are delinquent on their mortgage, and likely to lose their homes soon without help. Foreclosure starts jumped 24 percent in Florida last month.

While governors in other states have played an active role in the mortgage settlement, Gov. Rick Scott has been mum. When asked last week about his opinion about the $300 million and the disagreement between Bondi and the Legislature, he would only say: "I think Attorney General Bondi will do a good job."

*Toluse Olorunnipa can be reached at tolorunni pa@MiamiHerald.com or on Twitter at @ToluseO.*

### FLORIDA BRIEFS

• REAL ESTATE

## Report: Miami is the least affordable city

Housing and transportation costs consume 72 percent of the income of moderate income households in Miami — the heaviest cost burden of any large U.S. city, according to a study by the Center for Housing Policy.

The national average among the top 25 cities was 59 percent of income went to housing and transportation among moderate-income groups, the report from the Washington, D.C.-based think tank said.

The crux of Miami's problem is the area median income is so low that it is out of sync with its relatively moderate housing and transportation costs, according to the report.

The study looks at households earning 50 percent to 100 percent of an area's median income, or $25,444 to $50,888 a year, for Miami.

Nationwide, moderate-income households have

### MINING

# Open-pit mine going underground

• COPPER, FROM 10B

chine that looks like a giant yellow praying mantis, engi-

to determine the prosperity of Chile, which has been growing fast and attracting foreign investment, thanks

tions were risky, many miners died and a wave of strikes and crackdowns roiled the project, making it

Allende's opponents, encouraged his overthrow and knew the coup that toppled him was in the works, though

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

In re:                                                    Case No. 10-11746-AJC
                                                          Chapter 7

STEPHANIE HARRIS,

Debtor.
_____/

## DEBTOR'S RESPONSE IN OPPOSITION TO AMENDED MOTION FOR RELIEF FROM STAY BY DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RAMP2007SP3

Debtor, Stephanie Harris, by and through counsel, pursuant to Local Rule 4001-1,

hereby files this Response in Opposition to the Amended Motion for Relief from Stay by

Deutsche Bank Trust Company Americas as Trustee for RAMP2007SP3 [DE 62], and

states:

1.    On January 27, 2010, the Debtor filed a pro se voluntary Chapter 7

bankruptcy petition.

2.    On June 7, 2010, Deutsche Bank Trust Company Americas as Trustee for

RAMP2007SP3 ("Movant"), through counsel Florida Default Law Group, P.L., filed and

served its Motion for Relief from Stay seeking to foreclose a mortgage against the

Debtor's real property known as Unit #2, 1525 Lenox Avenue, Miami Beach, Florida

33139 (the "Property").

3.    On July 21, 2010, the Debtor filed a Response in Opposition setting forth

several objections to Movant's request for stay relief.

4.    On July 16, 2010, Movant filed an Amended Motion for Relief from Stay.

SIEGFRIED, RIVERA, LERNER, DE LA TORRE & SOBEL, P.A., ATTORNEYS AT LAW
201 ALHAMBRA CIRCLE, SUITE 1102, CORAL GABLES, FLORIDA 33134 -5108 • 305-442-3334 • FAX 305-443-3292

5.    Debtor restates and realleges the objections set forth in the Debtor's July 21, 2010 response. In addition, the Debtor asserts that the lender has wholly failed to provide any form of modification relief despite repeated efforts by the Debtor to seek modification assistance from the lender. The Movant never informed the Debtor who the actual lender was, which prevented the Debtor from speaking directly with the lender about a modification. While the lender refused to undertake modification efforts with the Debtor, the lender did continue to increase the amount of the monthly note payments. The Debtor should not be prejudiced by these circumstances.

6.    On February 21, 2007, the Debtor and lender, People's Choice Home Loan, Inc. entered into the subject loan transaction via the execution of a Promissory Note and Mortgage. The Movant's Amended Motion attaches proof of an alleged assignment of mortgage, however, the Debtor has never received any notice that her loan documents were sold and/or assigned.

7.    In addition, the Debtor has never received an accounting from any lender to confirm that all payments have been properly credited to her account. In fact, the Affidavit as to Amounts Due was executed by a "bankruptcy specialist" from GMAC Mortgage, LLC, an entirely different entity than the Movant herein.

8.    The Debtor therefore objects to Movant's Amended Motion as set forth above, as well as well as the amounts claimed to be due and owing.

WHEREFORE, the Debtor requests that this Court deny Movant's Amended Motion for Relief from Stay, and for any further relief deemed just.

- 2 -

SIEGFRIED, RIVERA, LERNER,
DE LA TORRE & SOBEL, P.A.
Attorneys for Debtor
201 Alhambra Circle, Suite 1102
Coral Gables, Florida 33134
Phone: (305) 442-3334
Fax: (305) 443-3292
Email:  jberlowitz@siegfriedlaw.com

By:  /s/ Jeffrey S. Berlowitz
    Jeffrey S. Berlowitz, Esq. (Of Counsel)
    Florida Bar Number:  963739

    I HEREBY CERTIFY that I am admitted to the Bar of the United States District
Court for the Southern District of Florida and I am in compliance with the additional
qualifications to practice in this court set forth in Local Rule 2090-1(a).

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on July 28, 2010, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF and served a true and correct copy

via U.S. Mail to Rubina K. Shaldjian, Esq., Florida Default Law Group, P.L., PO Box

25018, Tampa, FL 33622-5018; Scott N. Brown, Esq., 14 NE 1st Avenue PH, Miami, FL

33132; William R. Wohlsifer, Esq., Florida DPR, 1940 North Monroe Street, Suite 42,

Tallahassee, FL 32399-2202; and Cheryl Marie Brittle, Esq., Florida DPR, 1300 Riverplace

Boulevard, Suite 405, Jacksonville, FL 32207.

By:  /s/ Jeffrey S. Berlowitz
    Jeffrey S. Berlowitz, Esq. (Of Counsel)

H:\LIBRARY\CASES\5891\2100184\2CI5694.DOC

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 9 of 38

Case 10-11746-AJC    Doc 44    Filed 06/07/10    Page 1 of 4

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

IN RE:

**Stephanie Harris**

      Debtor(s)

                                         **CASE NO. 10-11746-AJC**
                                           **CHAPTER 7**

_____/

### MOTION FOR RELIEF FROM STAY
**"Any interested party who fails to file and serve a written response to this
motion within 14 days after the date of service stated in this motion shall,
pursuant to Local Rule 4001-1(C), be deemed to have consented to the entry of
an order granting the relief requested in the motion."**

TO THE HONORABLE JUDGE OF SAID COURT:

      Comes now, DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR

RAMP 2007SP3 ("Movant"), its successors and/or assigns, seeking modification of the automatic

stay pursuant to § 362(d)(1) and (d)(2) of the Bankruptcy Code and would show the Court as

follows:

      1.     On January 27, 2010, Stephanie Harris ("Debtor" as used herein shall include both

Debtors in a joint case), filed for relief under Chapter 7 of the U.S. Bankruptcy Code.

      2.     Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §

1334, 11 U.S.C. § 362, and Fed.R.Bankr.P. 4001(a), and all other applicable rules and statutes

affecting the jurisdiction of the Bankruptcy Courts generally.

      3.     On February 21, 2007, Stephanie Harris, executed and delivered a Promissory Note

(the "Note") payable to the order of People's Choice Home Loan, Inc. in the principal amount of

$297,500.00. To secure the payment of the Note, Stephanie Harris executed a Mortgage (the

"Mortgage"). Said Mortgage was recorded in Official Records Book 25456, at Pages 2337-2359,

of the Public Records of MIAMI-DADE County, Florida on March 16, 2007. (A copy of the

Mortgage, together with the Note and Assignments as applicable, are attached hereto as Composite

Exhibit "A").

      4.     Movant is entitled to enforce the Note and Mortgage as evidenced by the Note

and Mortgage.

      5.     The Debtor has declared the following described property as exempt:

**CONDOMINIUM UNIT NO. 2, OF LINCOLN MEWS CONDOMINIUM,
ACCORDING TO THE DECLARATIONS OF CONDOMINIUM**

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K - Part 1 of 2 - POC - Residential Capital    Pg 10 of 38

Case 10-11746-AJC    Doc 44    Filed 06/07/10    Page 2 of 4

THEREOF, RECORDED IN OFFICIAL RECORDS BOOK 21772 AT PAGE 2818, OF THE PUBLIC RECORDS OF MIAMI- DADE COUNTY, FLORIDA. TOGETHER WITH AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS APPURTENANT THERETO AS SET FORTH IN SAID DECLARATION

**a/k/a 1525 Lenox Ave., Unit 2, Miami Beach, FL  33139.**

6.      The 341 Meeting was held on April 1, 2010; however, as of June 7, 2010, the Trustee's Final Report of No Distribution/No Assets has not been entered.

7.      The Debtor is in default.  The last payment received was applied to the March 01, 2008 payment.  In the event the Debtor elects to make payments, Movant's payment address is 3451 Hammond Avenue, Waterloo, IA  50702.

8.      As set forth in the Affidavit and Indebtedness Worksheet attached to this Motion, Movant's principal and interest is in excess of $355,895.95 and its indebtedness continues to accrue interest.  Movant's principal and interest alone, exclusive of any late charges, escrow advances, attorney's fees, costs, or other fees and charges that might be contractually due under the terms of the loan documents, if any, demonstrates that there is little or no equity in the collateral.  Said Affidavit and Indebtedness Worksheet is attached hereto as Exhibit "B".

9.      According to the Tax Assessment, the value of the property is $188,240.00.  Said Tax Assessment is attached hereto as Exhibit "C".

10.      When considering legal fees, carrying costs, closing charges, and realtor commissions, it is evident that there is little or no equity for the benefit of other creditors; moreover, Movant, contends that any equity over and above the indebtedness, should it exist, does not constitute adequate protection as contemplated by the U.S. Bankruptcy Code.

11.      The Debtor has failed to timely meet and satisfy the payment requirements with respect to the obligations set forth in the Note.  Movant's indebtedness continues to accrue interest while receiving no payments to protect it against the erosion of its collateral position.  Furthermore, Movant is not otherwise being adequately protected while the Debtor continues to enjoy the benefits of the collateral.

12.      The Debtor filed a Chapter 7 case and therefore, no reorganization is contemplated.

13.      If Movant is not permitted to enforce its security interest in the collateral or provided with adequate protection, it will suffer irreparable injury, loss and damage.

14.      Movant requests this Court to allow future communications with the Debtor in order to offer and provide information in regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement or other Loan Workout/Loss Mitigation Agreement, and

furthermore, to enter into such agreement with the Debtor. Movant acknowledges that such communications shall be limited and it shall not enforce or threaten to enforce any personal liability against the Debtor that is discharged in this bankruptcy.

15.    Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Movant requests that the Court waive the 14-day stay period imposed by the order terminating the stay under Fed.R.Bankr.P. 4001(a)(3).

16.    Movant has conferred with counsel for the Debtor and the Trustee in an attempt to obtain consent to the filing of this Motion; however, said consent has not been received.

**WHEREFORE**, Movant prays that this Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Movant to take all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, and to have such other and further relief as is just.

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

## CERTIFICATE PURSUANT TO LOCAL RULE 9073-1(D)

I further certify that I have conferred with opposing counsel in an attempt to resolve these issues without a hearing.

<div style="margin-left:40%">

Florida Default Law Group, P.L.
Post Office Box 25018
Tampa, FL 33622-5018
(813) 251-4766 Ext: 3723
Fax: 813-251-1541
Email: bkatt@defaultlawfl.com

By: /s/ Rubina K. Shaldjian
Rubina K. Shaldjian
Florida Bar No. 64466
ATTORNEY FOR DEUTSCHE BANK
TRUST COMPANY AMERICAS AS
TRUSTEE FOR RAMP 2007SP3

</div>

B10008564

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 12 of 38

Case 10-11746-AJC    Doc 44    Filed 06/07/10    Page 4 of 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Motion for Relief from Stay have been furnished by regular U.S. Mail to all parties listed below this 07 day of June, 2010.

Stephanie Harris
POB 19504
Miami Beach, FL  33139

I HEREBY CERTIFY that copies of the foregoing Motion for Relief from Stay have been furnished by Electronic Mail to all parties listed below this 07 day of June, 2010.

Jeffrey S. Berlowitz
jberlowitz@siegfriedlaw.com

Soneet Kapila, Trustee
msams@kapilaco.com

Scott N Brown
sbrown@tabasfreedman.com

Florida Default Law Group, P.L.
Post Office Box 25018
Tampa, FL 33622-5018
(813)  251-4766 Ext: 3723
Fax: 813-251-1541
Email: bkatt@defaultlawfl.com

By: /s/  Rubina K. Shaldjian
Rubina K. Shaldjian
Florida Bar No. 64466
ATTORNEY FOR DEUTSCHE BANK
TRUST COMPANY AMERICAS AS
TRUSTEE FOR RAMP 2007SP3

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 13 of 38

Case 10-11746-AJC    Doc 63    Filed 07/16/10    Page 1 of 3

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

IN RE:
**Stephanie Harris**
    **Debtor(s).**

               **CASE NO. 10-11746-AJC**
               **CHAPTER 7**

_____/

### *EX PARTE* MOTION TO FILE DOCUMENTS UNDER SEAL

DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RAMP
2007SP3, (hereinafter "Deutsche Bank"), its successors and/or assigns, files this *Ex Parte* Motion
to File Documents Under Seal pursuant to 11 U.S.C. § 107(b) and Local Rule 5003-1(D) and
states as follows:

    1.    On June 7, 2010, Deutsche Bank filed a Motion for Relief from Stay for the
property located at 1525 Lenox Ave, Unit 2. (D.E. 44). Prior to the expiration of the negative
notice period, Debtor, through counsel, filed a Response to Deutsche Bank's Motion. (D.E. 21).

    2.    In order to resolve the Debtor's Objection, Deutsche Bank filed an Amended
Motion for Relief from Stay on July 16, 2010.

    3.    Deutsche Bank has attached a Power of Attorney to the Affidavit of Amounts Due
and Owing (Exhibit B of the Amended Motion). Deutsche Bank now seeks to submit a copy of
the Servicing Agreement which, combined with the Power of Attorney, shows that GMAC is
authorized to sign the Affidavit on its behalf.

    4.    The Servicing Agreement is not a public document. It contains private,
confidential, and commercial information. Under 11 U.S.C. § 107(b), Deutsche Bank is entitled
to have such a document filed under seal for in camera review.

    5.    In order to protect Deutsche Bank's privacy and provide the Court with the

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 14 of 38

Case 10-11746-AJC    Doc 63    Filed 07/16/10    Page 2 of 3

necessary information in support of the Amended Motion for Relief, Deutsche Bank respectfully requests to file the above mentioned document under seal.

**WHEREFORE**, Deutsche Bank respectfully requests that this Court grant the Ex Parte Motion to File Documents Under Seal.

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Florida Default Law Group, P.L.
Post Office Box 25018
Tampa, FL 33622-5018
(813) 251-4766 Ext: 3723
Fax: 813-251-1541
Email: bkatt@defaultlawfl.com

By: /s/ Rubina K. Shaldjian
Rubina K. Shaldjian
Florida Bar No. 64466
ATTORNEY FOR DEUTSCHE BANK TRUST
COMPANY AMERICAS AS TRUSTEE FOR
RAMP 2007SP3

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 15 of 38

Case 10-11746-AJC    Doc 63    Filed 07/16/10    Page 3 of 3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing *Ex Parte* Motion to File Documents Under Seal have been furnished by regular U.S. Mail to all parties listed below this 16 day of July, 2010.

Stephanie Harris
POB 19504
Miami Beach, FL  33139

I HEREBY CERTIFY that copies of the foregoing *Ex Parte* Motion to File Documents Under Seal have been furnished by Electronic Mail to all parties listed below this 16 day of July, 2010.

Jeffrey S. Berlowitz
jberlowitz@siegfriedlaw.com

Soneet Kapila, Trustee
msams@kapilaco.com

Scott N Brown
sbrown@tabasfreedman.com

> Florida Default Law Group, P.L.
> Post Office Box 25018
> Tampa, FL 33622-5018
> (813)  251-4766 Ext: 3723
> Fax: 813-251-1541
> Email: bkatt@defaultlawfl.com
>
> By: /s/  Rubina K. Shaldjian
> Rubina K. Shaldjian
> Florida Bar No. 64466
> ATTORNEY FOR DEUTSCHE BANK TRUST
> COMPANY AMERICAS AS TRUSTEE FOR
> RAMP 2007SP3

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 16 of 38

Case 10-11746-AJC    Doc 62-2    Filed 07/16/10    Page 5 of 12

Record & Return To:
GMAC ResCap
One Meridian Crossings, Suite 100
Minnapolis, MN 55423
ATTN: Lisa Magnuson

## Limited Power of Attorney

Return Document To: US Recordings, 2925 Country Drive, St. Paul, Minnesota USA 55117
Prepared by: Peggy Jordan, US Recordings, 2925 Country Drive, St. Paul, Minnesota USA 55117

**KNOW ALL MEN BY THESE PRESENTS,**

That Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company), as Trustee
(together with its successors and assigns, the "Trustee") under Pooling and Servicing or Indenture
Agreements pursuant to which Residential Funding Company, LLC, acts as Master Servicer, and such
Trustee being, a New York Banking Corporation organized and existing under the laws of the State of
New York, c/o Deutsche Bank National Trust Company having an office located at 1761 East St. Andrew
Place, in the City of Santa Ana, State of California, 92705, has made, constituted and appointed, and
does by these presents make, constitute and appoint Residential Funding Company, LLC, a limited
liability company organized and existing under the laws of the State of Delaware, its trust and lawful
Attorney-in Fact, with full power and authority to sign, execute, acknowledge, deliver, file for record, and
record any instrument on its behalf and to perform such other act or acts as may be customarily and    ·
reasonably necessary and appropriate to effectuate the following enumerated transactions in respect of
any of the mortgages or deeds of trust ( the "Mortgages" and the "Deeds of Trust", respectively) and
promissory notes secured thereby (the "Mortgages Notes") for which the undersigned is acting as Trustee
for various certificate holders pursuant to certain Pooling and Servicing Agreements, specified on Exhibit
A hereto (the "Agreements") ( whether the undersigned is names therein as mortgagee or beneficiary or
has become mortgagee by virtue of endorsement of the Mortgage Note secured by any such Mortgage or
Deed of Trust) and for which Residential Funding Company, LLC is acting as master servicer.

This appointment shall apply to the following enumerated transactions only:
1. The modification or re-recording of a Mortgage or Deed of Trust, where said modification or recording
   is for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of
   the parties thereto or to correct title errors discovered after such title insurance was issued and said
   modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or
   Deed of Trust as insured and otherwise conforms to the terms of the applicable Agreement.
2. The subordination of the lien of a Mortgage or Deed of Trust to an easement in Favor of a public utility
   company or a government agency or unit with power of eminent domain; this section shall include,
   without limitation, the execution of partial satisfaction/releases, partial reconveyances or the execution
   of requests to trustees to accomplish same.
3. The qualified subordination of the lien of a Mortgage or Deed of Trust to a lien of a creditor that is
   created in connection with the refinancing of a debt secured by a lien that was originally superior to the
   lien of the Mortgage or Deed of Trust.
4. With respect to a Mortgage or Deed of Trust, the Foreclosure, the taking of a deed in lieu of
   Foreclosure, or the completion of judicial or non-judicial Foreclosure or termination, cancellation or
   rescission of any such Foreclosure, including, without limitation, any and all of the following acts:
   a. The substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the
      Deed of Trust;
   b. Statements of breach or non-performance;
   c. Notices of default;

d.  Cancellations/rescissions of notices of default and/or notices of sale;

e.  The taking of a deed in lieu of foreclosure; and

f.  Such other documents and action as may be necessary under the terms of the Mortgage, Deed of Trust of state law to expeditiously complete said transactions.

5.  The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title of real estate owned.

6.  The completion of loan assumption agreements.

7.  The full satisfaction/ release of a Mortgage or Deed of Trust or full reconveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

8.  The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby pursuant to the requirements of a Residential Funding Corporation Seller Contract, including, without limitation, by reason of conversion of an adjustable rate mortgage loan from a variable rate to a fixed rate.

9.  The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

10. The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement of personal property."

The undersigned gives said Attorney-in Fact full Power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power of powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify and confirm to all that said Attorney-in Fact shall lawfully do or cause to be done by authority hereof.

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (i) limit in any manner any indemnification provided by the Master Servicer to the Trustee under the Agreements, or (ii) be construed to grant the Master Servicer the power to initiate or defend any suit, litigation or proceeding in the name of Deutsche Bank Trust Company Americas except as specifically provided for herein. If the Master Servicer receives any notice of suit, litigation or proceeding in the name of Deutsche Bank Trust Company Americas or Bankers Trust Company, then the Master Servicer shall promptly forward a copy of same to the Trustee.

The Master Servicer hereby agrees to indemnify and hold the Trustee and its directors, officers, employees and agents harmless from and against any and all third party liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by the Master Servicer of the powers granted to it hereunder. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the Agreement or the earlier resignation or removal of the Trustee under the Agreement.

This Limited Power of Attorney is entered into and shall be governed by the laws of the State of New York, without regard to conflicts of law principles of such state.

This limited power of attorney is not intended to extend the powers granted to the Master Servicer under the Agreements or to allow the Master Servicer to take any action with respect to Mortgages, Deeds of Trust or Mortgage Notes not authorized by the Agreements.

Third parties without actual notice may rely upon the exercise of the power granted under this Limited Power of Attorney; and may be satisfied that this Limited Power of Attorney shall continue in full force and effect has not been revoked unless and instrument of revocation has been made in writing by the undersigned.

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 18 of 38

Case 10-11746-AJC    Doc 62-2    Filed 07/16/10    Page 7 of 12

IN WITNESS WHEREOF, Deutsche Bank Trust Company Americas, as Trustee has caused its corporate seal to be hereto affixed and these presents to be signed and acknowledged in its name and behalf by a duly elected and authorized signatory this _____ day of __SEP__ __9__ _2006__ .

Deutsche Bank Trust Company Americas,
formerly known as Bankers Trust Company,
as Trustee

By: _____

John Serrano, Vice President

Acknowledged and Agreed
Residential Funding Company, LLC

_____

Cassandra Harrow, Vice President

STATE OF    **California**    )
                                )
COUNTY OF **Orange**        ) SS

On __SEP__ __9__ _2006__ before me, _____**D. TRINH**_____ personally appeared **John Serrano** , **Vice President** . Personally known to me OR proved to me on this basis of satisfaction evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entirety upon behalf of which the person(s) acted, executed the instrument in the city of <u>Santa Ana</u> , County of <u>Orange</u> , State of <u>California</u> .

CAPACITY CLAIMED BY SIGNER

| Individual | Attorney-in Fact | Other: |
|---|---|---|
| XXX Corporate Officers | XXX Trustee(s) | |

<u>Signer is representing: Deutsche Bank Trust Company Americas</u>

WITNESS my hand and official seal

_____

D. TRINH
Commission # 1455513
Notary Public - California
Orange County
My Comm. Expires Dec 9, 2007

**D. TRINH**

My Commission (Expires)(Is): __DEC  0  9  2007__

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K - Part 1 of 2 - POC - Residential Capital    Pg 19 of 38

Case 10-11746-AJC    Doc 62-2    Filed 07/16/10    Page 8 of 12

## Exhibit A

| ISSUE NAME | ISSUE NUMBER |
|---|---|
| Residential Asset Securities Corp (RASC) | 2001-KS3 |
| Residential Asset Securities Corp (RASC) | 2001-KS4 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS1 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS10 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS11 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS12 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS13 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS14 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS15 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS16 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS17 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS18 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS19 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS2 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS3 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS4 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS5 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS6 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS7 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS8 |
| Residential Accredit Loans, Inc. (RALI) | 2001-QS9 |
| Residential Funding Mortgage Securities I,Inc. (RFMSI) | 2001-S1 |
| Residential Funding Mortgage Securities I,Inc. (RFMSI) | 2001-S7 |
| Residential Asset Securities Corp (RASC) | 2002-KS1 |
| Residential Asset Securities Corp (RASC) | 2002-KS2 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS1 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS10 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS11 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS12 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS13 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS14 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS15 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS16 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS17 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS18 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS19 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS2 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS3 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS4 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS5 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS6 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS7 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS8 |
| Residential Accredit Loans, Inc. (RALI) | 2002-QS9 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2002-RM1 |
| Residential Funding Mortgage Securities I,Inc. (RFMSI) | 2002-S13 |
| Residential Funding Mortgage Securities I,Inc. (RFMSI) | 2002-S16 |

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 20 of 38

Case 10-11746-AJC    Doc 62-2    Filed 07/16/10    Page 9 of 12

| | |
|---|---|
| Residential Funding Mortgage Securities I,Inc. (RFMSI) | 2002-S17 |
| Residential Funding Mortgage Securities I,Inc. (RFMSI) | 2002-S18 |
| Residential Funding Mortgage Securities I,Inc. (RFMSI) | 2002-S19 |
| Residential Funding Mortgage Securities I,Inc. (RFMSI) | 2002-S20 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QA1 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QR13 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QR19 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QR24 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS1 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS10 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS11 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS12 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS13 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS14 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS15 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS16 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS17 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS18 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS19 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS2 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS20 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS21 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS22 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS23 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS3 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS4 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS5 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS6 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS7 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS8 |
| Residential Accredit Loans, Inc. (RALI) | 2003-QS9 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2003-RM1 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2003-RM2 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QA1 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QA2 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QA3 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QA4 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QA5 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QA6 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QR1 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS1 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS10 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS11 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS12 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS13 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS14 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS15 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS16 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS2 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS3 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS4 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS5 |

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 21 of 38

Case 10-11746-AJC    Doc 62-2    Filed 07/16/10    Page 10 of 12

| | |
|---|---|
| Residential Accredit Loans, Inc. (RALI) | 2004-QS6 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS7 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS8 |
| Residential Accredit Loans, Inc. (RALI) | 2004-QS9 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2004-SL1 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2004-SL2 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2004-SL3 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2004-SL4 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA1 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA10 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA11 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA12 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA13 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA2 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA3 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA4 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA5 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA6 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA7 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA8 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QA9 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QO1 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QO2 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QO3 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QO4 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QO5 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QR1 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS1 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS10 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS11 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS12 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS13 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS14 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS15 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS16 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS17 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS2 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS3 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS4 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS5 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS6 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS7 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS8 |
| Residential Accredit Loans, Inc. (RALI) | 2005-QS9 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2005-SL1 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2005-SL2 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QA1 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QA10 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QA11 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QA3 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QA4 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QA5 |

| | |
|---|---|
| Residential Accredit Loans, Inc. (RALI) | 2006-QA6 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QA7 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QA8 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QA9 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QH1 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO1 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO10 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO2 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO3 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO4 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO5 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO6 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO7 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO8 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QO9 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS1 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS10 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS11 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS12 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS13 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS14 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS15 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS16 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS17 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS18 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS3 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS4 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS5 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS6 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS7 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS8 |
| Residential Accredit Loans, Inc. (RALI) | 2006-QS9 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QA1 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QA2 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QA3 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QA4 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QA5 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QH1 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QH2 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QH3 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QH4 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QH5 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QH6 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QH7 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QH8 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QH9 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QO1 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QO2 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QO3 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QO4 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QO5 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS1 |

| | |
|---|---|
| Residential Accredit Loans, Inc. (RALI) | 2007-QS10 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS11 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS2 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS3 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS4 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS5 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS6 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS7 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS8 |
| Residential Accredit Loans, Inc. (RALI) | 2007-QS9 |
| Residential Asset Mortgage Products, Inc. (RAMP) | 2007-RZ1 |
| Residential Asset Mortgage Products, Inc. (RAMP) | **2007-SP3** |
| Residential Funding Mortgage Securities I, Inc. (RFMSI) | 2007-S4 |
| Residential Funding Mortgage Securities I, Inc. (RFMSI) | 2007-S5 |
| Residential Funding Mortgage Securities I, Inc. (RFMSI) | 2007-SA4 |

1
2
3
4
5
6
7
8
9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE:                              CASE NO. 10-11746-AJC

STEPHANIE HARRIS,                   **CERTIFIED**

        Debtor.                     **COPY**
_____/

CONTINUED HEARING RE: MOTION FOR RELIEF FROM STAY (44)

                    August 31, 2010

10            The above-entitled cause came on for hearing

11    before the Honorable A. Jay Cristol, one of the Judges in

12    the UNITED STATES BANKRUPTCY COURT, in and for the

13    SOUTHERN DISTRICT OF FLORIDA, at 51 SW 1st Avenue, Miami,

14    Miami-Dade County, Florida on August 31, 2010, commencing

15    at or about 10:30 a.m., and the following proceedings were

16    had.

17
18
19
20
21
22                          Reported By:
23                    Cheryl L. Jenkins, RPR
24
25

Page 2

1                          APPEARANCES:

2

    SIEGFRIED RIVERA LERNER DE LA TORRE & SOBEL, by
3                  JEFFREY BERLOWITZ, Esquire
                   On behalf of the Debtor

4

5                  STACY BRESSLER, Esquire
               On behalf of Deutsche Bank

6

7              STEPHANIE HARRIS, Debtor

8                      - - - - - - -

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1              THE COURT:  Stephanie Harris.

2              MR. BERLOWITZ:  Good morning, Judge.

3              THE COURT:  Good morning.

4              MS. BRESSLER:  Good morning, your Honor.

5    Stacy Bressler on behalf of Deutsche Bank.

6              MR. BERLOWITZ:  Jeffrey Berlowitz on behalf

7    of Stephanie Harris, who is with us this morning as well.

8              THE COURT:  Good morning.

9              MS. BRESSLER:  Your Honor, we're here on

10   Deutsche Bank's amended motion for relief from stay.

11             The debtor has been residing -- excuse me,

12   the debtor had defaulted on this loan in 2008, and the

13   bank is seeking stay relief.  Specifically they have an

14   indebtedness in excess of $350,000.  According to the tax

15   assessor's records, the value of the property is $188,000,

16   and there was opposition to the motion for relief that was

17   filed which raised some issues and concerns as to

18   standing, complicated arguments with regard to notes and

19   assignments of mortgages.  In an effort of eliminating the

20   need for any future evidentiary hearing on this, I had

21   asked my client to provide me with a copy of the original

22   note that I would like to present to your Honor now.

23             THE COURT:  Counsel?

24             MR. BERLOWITZ:  Well, Judge, as my argument,

25   I'll lay out, I am requesting an evidentiary hearing.

Page 4

1   There are issues with regard to standing that we believe

2   render the movant's efforts fatal this morning.  I can get

3   into that, we can allow Ms. Bressler to proceed.

4              THE COURT:  Well, I mean, if you want an

5   evidentiary hearing, you're entitled to an evidentiary

6   hearing.

7              My question, however, is, if the property is

8   valued at 188, it probably has a market of somewhere of

9   maybe 210 or something like that.  Your client wants to

10  pay 350 for a 210 property?

11             MR. BERLOWITZ:  Ms. Harris is interested in

12  the property, and to keep the property, Judge.  She is

13  very interested in modifying the loan and maintaining

14  ownership of it.  This is a unit that's important to her.

15  She lives here on the premises.  It's a small condominium

16  complex on Miami Beach, but certainly, Judge, and we can

17  get into it, or we can set it down, we believe there is

18  significant standing issues.  There is just a break in the

19  chain of title, and while Ms. Bressler may have the

20  original note, the case law, the research that I've

21  discovered, and Deutsche Bank, who is the movant this

22  morning, is in the midst of the cases that I discovered,

23  when there is no endorsement of the note to the party

24  seeking to collect and enforce the note, it's fatal, and

25  that is found directly under the Florida Statutes, under

1   bankruptcy case law, and stay relief motions have been

2   denied where the movant was Deutsche Bank, and I can

3   provide the Court with those cites, but getting back

4   to ---

5              THE COURT:  This is not the time for an

6   evidentiary hearing, but you are entitled to one if you

7   want one, and is there any possibility that your client

8   and the bank can work out some sort of a modification that

9   will make you both happy?

10             MS. BRESSLER:  May I?

11             Your Honor, as recently as April a

12   modification was offered the borrower, that she declined

13   and said she couldn't afford based on the value of the

14   property.

15             The issue here really is that this is a

16   Chapter 7, and while the debtor's counsel had indicated

17   that she lives on the premises, to clarify, there are six

18   units on the premises, and this particular unit is not her

19   homestead.

20             THE COURT:  Well, is this her homestead?

21             MR. BERLOWITZ:  No, it is not, your Honor.

22             THE COURT:  Well, then why doesn't she go

23   into Chapter 13 and modify it?

24             MR. BERLOWITZ:  Well ---

25             THE COURT:  Does your client want to fire

Page 6

1    you?  I think she wants to discharge you and take over.

2    Is that what she has in mind?  She can let you go and take

3    over.

4                    MR. BERLOWITZ:  Well, hopefully not, Judge.

5                    THE COURT:  Okay.

6                    MR. BERLOWITZ:  But she's very astute and

7    well versed in these issues, and she's been well engaged

8    in disputes with regard to the property.

9                    We would like a modification.  We would like

10   to discuss a modification, and what we need ---

11                   THE COURT:  Well, I just heard that you had

12   one and turned it down.

13                   MS. HARRIS:  No.

14                   THE COURT:  Would you like to be discharged

15   from the courtroom, or would you like to discharge your

16   lawyer and you can take over, either way.

17                   MR. BERLOWITZ:  Judge, what we're seeking is

18   an in-house modification, because the Obama plan, if you

19   will, does not fit here with this loan, and that's why

20   she's been rejected.  So, we'd request ---

21                   THE COURT:  Well, she's not rejected.  She

22   said they were accepted and she rejected.  That's what

23   Ms. Bressler just said.

24                   In any event, here is where we're at, she's

25   entitled to an evidentiary hearing.  If she goes to an

Page 7

1    evidentiary hearing and she loses, she's going to be out

2    of there shortly.

3              On the other hand, if you can make a

4    modification, bless you.  If you can go to Chapter 13, and

5    this is not a homestead, it's subject to modification

6    through the Court.  So, I mean, you've got several

7    options, but right now we'll direct that you and

8    Ms. Bressler get together and determine when you want to

9    have the evidentiary hearing, and -- but your client needs

10   to be aware that she's taking a big risk if she goes

11   through that hearing and they prove the ownership with a

12   note, it may be to her detriment.

13             MS. BRESSLER:  Your Honor, before we go to

14   evidentiary hearing on this matter, if I may for a minute?

15   Under Florida law the owner and the holder of the original

16   note has standing to proceed on it, and I have, rather

17   than the Court having to take the word of the affiant that

18   filed an affidavit of an original note in this case, I

19   actually physically have the original note, which would be

20   all that is required at any evidentiary hearing for it to

21   get back to state court.

22             THE COURT:  Well ---

23             MS. BRESSLER:  The foreclosure that was

24   filed, and, your Honor, it was filed shortly before this

25   bankruptcy, it hasn't proceeded along, there is a motion

12-12020-mg    Doc 3473-11    Filed 04/18/13    Entered 04/18/13 16:47:10    Exhibit K -
Part 1 of 2 - POC - Residential Capital    Pg 31 of 38

Page 8

1    to dismiss raising all of these issues in the state court

2    action.   None of the debtor's rights would at all be

3    infringed upon by this going back to state court.

4                THE COURT:  Mr. Berlowitz, what about it?

5    What is it that you want to have the evidentiary hearing

6    on?

7                MR. BERLOWITZ:  We want the evidentiary

8    hearing on -- your Honor, the movant here has not

9    evidenced their right and standing to enforce the note.

10   Under Florida law the note ---

11               THE COURT:  Well, all right, tell me why.

12               MR. BERLOWITZ:  People's Choice was the

13   original lender.

14               THE COURT:  Yes.

15               MR. BERLOWITZ:  People's Choice -- excuse

16   me, Mers assigned the mortgage to Deutsche Bank, not

17   People's Choice.  There is no assignment of the note, and

18   there is no endorsement on the note to Deutsch Bank which

19   would entitle Deutsch Bank to enforce collection under the

20   note, and under the case law, Judge, that is fatal to the

21   lender's efforts, or the movant's efforts, I should

22   say ---

23               THE COURT:  Well, there have been some cases

24   where notes have been discharged, I would suggest that you

25   and Ms. Bressler get together and prepare a pre-hearing

1  order in which you determine what are the issues that

2  you're raising in your defense to this motion, and their

3  position, and what you're going to prove at trial, and

4  give them an opportunity to respond, and we'll have the

5  trial.

6                As I say, if you prevail, maybe they're out

7  of luck, and if you don't prevail, maybe your client will

8  be out of luck.

9                MR. BERLOWITZ:  Understood, your Honor.

10                THE COURT:  So that's why I'm suggesting to

11  you that it seems -- I mean, a safer route to go would be

12  to convert to a 13, but that's a matter for you and your

13  client.

14                MR. BERLOWITZ:  Thank you, Judge.

15                THE COURT:  Thank you both.

16                MS. BRESSLER:  Thank you, your Honor.

17                THE COURT:  Okay.

18

19

20

21                (Thereupon, the hearing was concluded.)

22

23

24

25

Page 10

1

2

3                                    CERTIFICATION

4

5      STATE OF FLORIDA        :

6      COUNTY OF MIAMI-DADE    :

7

8                 I, Cheryl L. Jenkins, RPR, Shorthand

9      Reporter and Notary Public in and for the State of Florida

10     at Large, do hereby certify that the foregoing proceedings

11     were taken before me at the date and place as stated in

12     the caption hereto on page 1; that the foregoing

13     computer-aided transcription is a true record of my

14     stenographic notes taken at said proceedings.

15                 WITNESS my hand this 1st day of November,

16     2012.

17

18

19                    _____

20                    CHERYL L. JENKINS, RPR,

21                    Court Reporter and Notary Public
                       in and for the State of Florida at Large
22                     Commission #DD 920461
                       December 27, 2013
23

24

25

1            UNITED STATES BANKRUPTCY COURT
               SOUTHERN DISTRICT OF FLORIDA

2

3

     IN RE:                     CASE NO. 10-11746-AJC

4

     STEPHANIE HARRIS,

5

            Debtor.

6     _____/

7

8    CONTINUED HEARING RE: MOTION FOR RELIEF FROM STAY (44)

9                 August 31, 2010

10           The above-entitled cause came on for hearing

11 before the Honorable A. Jay Cristol, one of the Judges in

12 the UNITED STATES BANKRUPTCY COURT, in and for the

13 SOUTHERN DISTRICT OF FLORIDA, at 51 SW 1st Avenue, Miami,

14 Miami-Dade County, Florida on August 31, 2010, commencing

15 at or about 10:30 a.m., and the following proceedings were

16 had.

17

18

19

20

21

22                 Reported By:
            Cheryl L. Jenkins, RPR

23

24

25

Page 2

1                        APPEARANCES:

2

      SIEGFRIED RIVERA LERNER DE LA TORRE & SOBEL, by
3                  JEFFREY BERLOWITZ, Esquire
                    On behalf of the Debtor

4

5                  STACY BRESSLER, Esquire
                  On behalf of Deutsche Bank

6

7              STEPHANIE HARRIS, Debtor

8                    - - - - - - -

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 3

1              THE COURT:  Stephanie Harris.

2              MR. BERLOWITZ:  Good morning, Judge.

3              THE COURT:  Good morning.

4              MS. BRESSLER:  Good morning, your Honor.

5    Stacy Bressler on behalf of Deutsche Bank.

6              MR. BERLOWITZ:  Jeffrey Berlowitz on behalf

7    of Stephanie Harris, who is with us this morning as well.

8              THE COURT:  Good morning.

9              MS. BRESSLER:  Your Honor, we're here on

10   Deutsche Bank's amended motion for relief from stay.

11             The debtor has been residing -- excuse me,

12   the debtor had defaulted on this loan in 2008, and the

13   bank is seeking stay relief.  Specifically they have an

14   indebtedness in excess of $350,000.  According to the tax

15   assessor's records, the value of the property is $188,000,

16   and there was opposition to the motion for relief that was

17   filed which raised some issues and concerns as to

18   standing, complicated arguments with regard to notes and

19   assignments of mortgages.  In an effort of eliminating the

20   need for any future evidentiary hearing on this, I had

21   asked my client to provide me with a copy of the original

22   note that I would like to present to your Honor now.

23             THE COURT:  Counsel?

24             MR. BERLOWITZ:  Well, Judge, as my argument,

25   I'll lay out, I am requesting an evidentiary hearing.

Page 4

 1   There are issues with regard to standing that we believe

 2   render the movant's efforts fatal this morning.  I can get

 3   into that, we can allow Ms. Bressler to proceed.

 4            THE COURT:  Well, I mean, if you want an

 5   evidentiary hearing, you're entitled to an evidentiary

 6   hearing.

 7            My question, however, is, if the property is

 8   valued at 188, it probably has a market of somewhere of

 9   maybe 210 or something like that.  Your client wants to

10   pay 350 for a 210 property?

11            MR. BERLOWITZ:  Ms. Harris is interested in

12   the property, and to keep the property, Judge.  She is

13   very interested in modifying the loan and maintaining

14   ownership of it.  This is a unit that's important to her.

15   She lives here on the premises.  It's a small condominium

16   complex on Miami Beach, but certainly, Judge, and we can

17   get into it, or we can set it down, we believe there is

18   significant standing issues.  There is just a break in the

19   chain of title, and while Ms. Bressler may have the

20   original note, the case law, the research that I've

21   discovered, and Deutsche Bank, who is the movant this

22   morning, is in the midst of the cases that I discovered,

23   when there is no endorsement of the note to the party

24   seeking to collect and enforce the note, it's fatal, and

25   that is found directly under the Florida Statutes, under

Page 5

1   bankruptcy case law, and stay relief motions have been

2   denied where the movant was Deutsche Bank, and I can

3   provide the Court with those cites, but getting back

4   to ---

5            THE COURT:  This is not the time for an

6   evidentiary hearing, but you are entitled to one if you

7   want one, and is there any possibility that your client

8   and the bank can work out some sort of a modification that

9   will make you both happy?

10           MS. BRESSLER:  May I?

11           Your Honor, as recently as April a

12  modification was offered the borrower, that she declined

13  and said she couldn't afford based on the value of the

14  property.

15           The issue here really is that this is a

16  Chapter 7, and while the debtor's counsel had indicated

17  that she lives on the premises, to clarify, there are six

18  units on the premises, and this particular unit is not her

19  homestead.

20           THE COURT:  Well, is this her homestead?

21           MR. BERLOWITZ:  No, it is not, your Honor.

22           THE COURT:  Well, then why doesn't she go

23  into Chapter 13 and modify it?

24           MR. BERLOWITZ:  Well ---

25           THE COURT:  Does your client want to fire