**Presentment Date: May 2, 2013 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: April 25, 2013 at 4:00 p.m. (prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National*
*Association, as Indenture Trustee for the Senior*
*Unsecured Notes Issued by Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et, al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

----------------------------------------------------------X

**NOTICE OF PRESENTMENT OF THE APPLICATION OF**
**WILMINGTON TRUST, NATIONAL ASSOCIATION, SOLELY IN ITS**
**CAPACITY AS INDENTURE TRUSTEE FOR THE SENIOR UNSECURED NOTES**
**ISSUED BY RESIDENTIAL CAPITAL, LLC PURSUANT TO 11 U.S.C. § 107(b)**
**AND RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**TO FILE CERTAIN PORTIONS OF ITS MOTION FOR AN ORDER**
**AUTHORIZING IT TO PROSECUTE CLAIMS AND OTHER CAUSES OF**
**ACTION OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. Upon the annexed application (the "Application") of Wilmington Trust, National Association (the "Trustee"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion issued by Residential Capital, LLC, under that certain indenture dated as of June 24, 2005, for entry of an order authorizing the Trustee to prosecute claims and other causes of action of the Residential Capital, LLC estate to file its motion under seal, the undersigned will present a proposed order (the "Proposed Order") approving the Application, substantially in the form attached to the Application as Exhibit A, to the Honorable Martin Glenn, United States Bankruptcy Judge, Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One

1

Bowling Green, New York, New York 10004, for signature on May 2, 2013 at 12:00 p.m. (prevailing Eastern Time).

2. Any objections to the Proposed Order must be made in writing (an "Objection"), filed with the Court (with a copy to Chambers) and served in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order"), and served upon the Special Service List, as that term is defined in the Case Management Order, so as to be actually received no later than April 25, 2013 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

3. If no Objections to the Application are timely filed and served on or before the Objection Deadline, the Court may enter the Proposed Order with no further notice or opportunity to be heard offered to any party. If an Objection is received in accordance with the terms above, the Court will schedule a hearing with respect to the relief sought in the Application.

4. A Copy of the Application can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
April 18, 2013

        Respectfully submitted,

        CLEARY GOTTLIEB STEEN & HAMILTON LLP

        By: /s/ Thomas J. Moloney
        Thomas J. Moloney (TJM-9775)
        Sean A. O'Neal (SAO-4067)
        A Member of the Firm
        One Liberty Plaza
        New York, NY 10006
        *(212) 225-2000*

        *Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*

**Presentment Date: May 2, 2013 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: April 25, 2013 at 4:00 p.m. (prevailing Eastern Time)**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National
Association, as Indenture Trustee for the Senior
Unsecured Notes Issued by Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et, al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

**APPLICATION OF WILMINGTON TRUST, NATIONAL ASSOCIATION, SOLELY IN ITS CAPACITY AS INDENTURE TRUSTEE FOR THE SENIOR UNSECURED NOTES ISSUED BY RESIDENTIAL CAPITAL, LLC PURSUANT TO 11 U.S.C. § 107(b) AND RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE TO FILE ITS MOTION FOR AN ORDER AUTHORIZING IT TO PROSECUTE CLAIMS AND OTHER CAUSES OF ACTION OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL**

Wilmington Trust, National Association (the "Trustee"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion issued by Residential Capital, LLC ("HoldCo," and with its debtor-affiliates, the "Debtors"), under that certain indenture dated as of June 24, 2005, respectfully submits this application (the "Application") pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") and Rule 9018 of the

1

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for leave to file under seal certain portions of its motion for entry of an order, pursuant to 11 U.S.C. §§ 105(a), 1103(c), and 1109(b), granting the Trustee leave, standing, and authority to prosecute and, if appropriate, settle certain claims and causes of action belonging to HoldCo (the "HoldCo Claims") in conjunction with certain third-party claims of the Trustee (the "Third-Party Claims," and with the HoldCo Claims, the "Claims") as set forth in that certain draft complaint attached as Exhibit B thereto pending further order of this Court (the "Motion").[1] In support of this Application, the Trustee respectfully represents as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code, and Bankruptcy Rule 9018.

## BACKGROUND

2.  On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3.  On June 1, 2012, the Official Committee of Unsecured Creditors (the "Committee") filed the *Motion of the Official Committee of Unsecured Creditors of Debtors Residential Capital, LLC, et al., for Entry of an Order Pursuant to Bankruptcy Rule 2004*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

*Authorizing the Issuance of Subpoenas for the Production of Documents and the Provision of Testimony by the Debtors and Others* [Docket No. 192] (the "2004 Motion").  The Court granted the Committee's 2004 Motion on June 5, 2012 [Docket No. 217].

4. On June 28, 2012, the Court entered that certain *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Docket No. 536].  The appointment of Arthur J. Gonzalez, Esq. as examiner (the "Examiner") was approved by the Court on July 3, 2012 in the *Order Approving Appointment of Arthur J. Gonzalez, Esq. as Examiner* [Docket No. 674].

5. In connection with the discovery being conducted in these chapter 11 cases, the Court entered that certain *Order Signed on 8/20/2012 (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, (II) Establishing Procedures for Responding to Those Subpoenas (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (IV) Approving Protective Order* [Docket No. 1223] (the "Uniform Protective Order").  Wilmington Trust has joined the Uniform Protective Order, which governs documents that have been shared with the Examiner as well as documents placed into the Document Depository (as defined in the Uniform Protective Order) to which the Trustee and its professionals have access.

6. The Trustee and/or its professionals are also parties to that certain *Stipulation Adopting Uniform Protective Order For Examiner Discovery For Purposes Of Discovery Of Ally Financial Inc. By Wilmington Trust, National Association* [Docket No. 1724] (the "AFI Stipulation," and with the Uniform Protective Order, the "Confidentiality Agreements").

3

7.  Pursuant to the Confidentiality Agreements, the Trustee is prohibited from publicly disclosing certain information received from Ally Financial, Inc. ("Ally Financial") and other parties that have deposited information into the Document Depository.

8.  On April 18, 2013, the Trustee filed a redacted version of the Motion to comply with its obligation under the Confidentiality Agreements.

**RELIEF REQUESTED**

9.  The Trustee requests entry of an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting it leave to file an unredacted copy of the Motion and any accompanying exhibits under seal, and ordering that the full contents of the Motion be made available only to: (a) the Bankruptcy Court; (b) counsel to the Debtors, (c) counsel to the Committee; (d) counsel to Ally Financial; (e) the Examiner and his counsel; (f) the United States Trustee; and (g) those parties who have executed stipulations adopting the Uniform Protective Order and have been granted access to the Examiner's Document Depository, provided that the Motion may require some redactions to be consistent with the terms of the Confidentiality Agreements; or as further directed by the Court after notice and hearing. Parties receiving a sealed copy of the Motion shall treat it as Confidential as defined by the Uniform Protective Order, as applicable, so long as the Motion, or any portion thereof, remains under seal by Order of this Court.

10. Notwithstanding its obligation to seek to file the Motion under seal to comply with the Confidentiality Agreements, it is the Trustee's view that the information in the Motion derived from the designated "confidential" or "professional eyes only" documents is not information that warrants these designations, including because it is not proprietary information whose disclosure would create a risk of competitive harm. The Trustee will request that the

4

parties who have designated such information as confidential waive such designations and reserves all of its rights to challenge the confidential and/or professional eyes only designation for any information or document filed under seal pursuant to this Application.

## NOTICE

11. In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9008 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order"), notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order) (collectively, the "Notice Parties"). Because of the nature of the relief requested, the Trustee submits that such notice is sufficient and that no other or further notice need be given.

## NO PRIOR REQUEST

12. No previous Application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, a form of which is attached hereto as Exhibit A, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

5

Dated: New York, New York
April 18, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Thomas J. Moloney
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
A Member of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
Residential Capital, LLC, et, al.,              :    Case No. 12-12020 (MG)
                                                :
                  Debtors.                      :    Jointly Administered
                                                :
------------------------------------------------------------x

**[PROPOSED] ORDER GRANTING APPLICATION OF WILMINGTON TRUST,
NATIONAL ASSOCIATION, SOLELY IN ITS CAPACITY
AS INDENTURE TRUSTEE FOR THE SENIOR UNSECURED NOTES ISSUED
BY RESIDENTIAL CAPITAL, LLC, PURSUANT TO 11 U.S.C. § 107(B) AND
RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE,
TO FILE ITS MOTION TO PROSECUTE CLAIMS AND OTHER CAUSES
OF ACTION OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL**

Upon the application (the "Application"),[1] dated April 18, 2013, of Wilmington Trust, National Association (the "Trustee"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion issued by Residential Capital, LLC (together with its debtor-affiliates, the "Debtors"), under that certain indenture dated as of June 24, 2005, for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules authorizing the Trustee to file its Motion under seal, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having provided notice of the Application to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Application establish just cause to

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Trustee is authorized to file the Motion and any accompanying exhibits under seal.

3. The full contents of the Motion shall not be disclosed to any parties in these cases other than: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to the Committee; (d) counsel to Ally Financial; (e) the Examiner and his counsel; (f) the United States Trustee; and (g) those parties who have executed stipulations adopting the Uniform Protective Order and have been granted access to the Examiner's Document Depository, provided that the Motion may require some redactions to be consistent with the terms of the Confidentiality Agreements; or as further directed by the Court after notice and hearing.

4. The rights of the Trustee to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order are hereby preserved.

5. Any parties receiving a sealed copy of the Motion shall treat it as Confidential as defined by the Uniform Protective Order, as applicable, so long as the Motion, or any portion thereof, remains under seal by Order of this Court.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2013
    New York, New York
                                                    _____
                                                    UNITED STATES BANKRUPTCY JUDGE