Hearing Date: April 30, 2013 at 10:00 a.m. (ET)
Objection Deadline: April 25, 2013 at 4:00 p.m. (ET)

**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re:                                              :    Chapter 11
                                                    :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                :    Case No. 12-12020 (MG)
                                                    :
                    Debtors.                        :    Jointly Administered
---------------------------------------------------------------- x

**APPLICATION OF THE EXAMINER FOR ORDER AUTHORIZING THE
RETENTION AND EMPLOYMENT OF LEONARD, STREET AND
DEINARD PROFESSIONAL ASSOCIATION AS SPECIAL MINNESOTA
COUNSEL TO THE EXAMINER *NUNC PRO TUNC* TO APRIL 15, 2013**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

    Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential

Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases

(the "Chapter 11 Cases"), hereby submits this application (the "Application") for an order

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

pursuant to 11 U.S.C. §§ 105(a) and 327 and the Court's Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Examiner Order"), substantially in the form attached hereto as Exhibit A, authorizing the Examiner to employ and retain Leonard, Street and Deinard Professional Association ("Leonard Street" or the "Firm") as special Minnesota counsel to the Examiner in connection with the Chapter 11 Cases, *nunc pro tunc* to April 15, 2013. In support of this Application, the Examiner relies on the Declaration of Robert T. Kugler (the "Kugler Declaration"), which has been submitted concurrently with the Application, and respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 105(a), 327, 1104 and 1106 of Title 11, United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

3. This Application is made pursuant to the Examiner Order, which provides "that the Examiner may retain attorneys and/or other professionals if he or she determines that such professionals are necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in section 327 of the Bankruptcy Code." Examiner Order at p. 2.

## BACKGROUND

4.  The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.  On June 4, 2012, Berkshire Hathaway, Inc. filed a motion for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "Examiner Motion"). On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "Memorandum Decision"). On June 28, 2012, the Court entered the Examiner Order.

6.  On July 3, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval. On that same date, the Court entered an order approving the appointment.

7.  Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner is directed to conduct an investigation (the "Investigation") of a scope, timing, and budget to be set by the Court after the Examiner confers with other parties in interest. Examiner Order at p. 2. On July 27, 2012, the Court entered the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner.

## RELIEF REQUESTED

8.  By this Application, the Examiner seeks entry of an order, pursuant to sections 105(a) and 327 of the Bankruptcy Code, Bankruptcy Rule 2014, Local Rule 2014-1, and the terms of the Examiner Order, authorizing and approving the employment and retention of Leonard Street as special Minnesota counsel to the Examiner, *nunc pro tunc* to April 15, 2013, to

assist and advise the Examiner with respect to matters of Minnesota law that may be relevant to the Investigation, including issues arising under the Uniform Fraudulent Transfer Act as enacted in Minnesota ("Minnesota UFTA").  The Examiner has determined that certain transactions he is investigating may be governed by the Minnesota UFTA.  The Examiner requests that Leonard Street be retained to perform the services described in this Application and on the terms set forth herein.

### RETENTION OF LEONARD STREET

9. The Examiner has determined that the retention of Leonard Street as special Minnesota counsel is necessary and appropriate to discharge his duties as Examiner.  The limited scope of Leonard Street's engagement will be to represent the Examiner in connection with legal aspects of the Investigation involving Minnesota law as described in paragraph 8 of this Application.

10. Leonard Street is a national law firm with four offices located in the Midwest and one located in Washington D.C.  Members of Leonard Street's bankruptcy and litigation practice groups regularly cooperate to draw effectively upon the combined resources of its lawyers located in its various offices.

11. The Examiner seeks to retain Leonard Street as the Firm has extensive experience in complex investigations and litigation, and can offer particular insight regarding relevant aspects of Minnesota law.  Leonard Street is thus well-qualified to perform the services that the Examiner requires.

12. By retaining Leonard Street, the Examiner will benefit from the experience, knowledge, and expertise of Leonard Street's attorneys with respect to matters of Minnesota law.

13. The Examiner respectfully submits that it is necessary and appropriate to employ and retain Leonard Street to provide professional services for matters relating to issues of Minnesota law as described in paragraph 8 of this Application.

14. The Examiner requests that Leonard Street's retention be *nunc pro tunc* to April 15, 2013, the date on which Leonard Street began work for the Examiner.

**PROFESSIONAL COMPENSATION**

15. Leonard Street intends to apply to the Court for allowance of compensation and reimbursement of expenses for professional services rendered in connection with the Chapter 11 Cases.  Subject to Court approval and the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the U.S. Trustee's Fee Guidelines, as set forth in the Kugler Declaration, Leonard Street will charge its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date such services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses and other charges incurred by Leonard Street on the Examiner's behalf.  The Kugler Declaration sets forth information concerning such hourly rates as currently in effect.  The Examiner respectfully submits that Leonard Street's rates are reasonable and comparable to the rates charged by other firms for similar services.  The Examiner requests that all fees and related costs and expenses incurred by Leonard Street be paid as administrative expenses of the estates subject to and pursuant to sections 327, 330(a), 331, 503(b), and 507(a)(1) of the Bankruptcy Code.  At the request of the Examiner, Leonard Street has agreed that the total legal fees (exclusive of costs and expenses) that it will charge for this engagement will not exceed $100,000 unless otherwise authorized by further Order of this Court.

**DISINTERESTEDNESS OF PROFESSIONALS**

16. As described in detail in the Kugler Declaration, Leonard Street has conducted an extensive search of its conflict database and has made other extensive internal inquiries with respect to the Debtors and a voluminous list of parties in interest and potential parties in interest in the Chapter 11 Cases and Leonard Street's search is ongoing.  The scope of Leonard Street's search and of those inquiries, and the results thereof, are set out in the Kugler Declaration.

17. The Examiner does not believe that any connections between Leonard Street and any of the parties listed in Exhibit A to the Kugler Declaration create a disqualifying interest.

18. Based upon the Kugler Declaration, and except to the extent set forth therein, the Examiner respectfully submits that Leonard Street is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  The Examiner understands that the disclosures by Leonard Street set forth in the Kugler Declaration have been made based upon a review of the best information available at the time and that Leonard Street's search and related analysis were ongoing as of this Application's filing.  To the extent that any additional connections are discovered, Leonard Street has agreed to file a supplemental declaration setting forth such disclosures.

**NOTICE**

19. Notice of this Application has been provided in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered by this Court on May 23, 2012 [Docket No.

141] (the "Case Management Order"), and notice has been given to (i) the Office of the U.S. Trustee, (ii) the Debtors, (iii) the Official Committee of Unsecured Creditors, (iv) the parties identified on the Monthly Service List (as defined in the Case Management Order), and (v) Cerberus. The Examiner submits that, in light of the nature of the relief requested, no other or further notice need be provided.

## NO PRIOR REQUEST

20.    No prior application for the relief requested herein has been made by the Examiner to this or any other court.

WHEREFORE, the Examiner respectfully requests that this Court grant the Application and enter an order, substantially in the form attached hereto as Exhibit A, authorizing the Examiner to employ and retain Leonard Street as special Minnesota counsel to the Examiner in connection with the Chapter 11 Cases, *nunc pro tunc* to April 15, 2013, and granting the Examiner such other and further relief as the Court deems just and proper.

Dated:  April 19, 2013
        New York, New York

Respectfully submitted,

*/s/ Arthur J. Gonzalez*
Arthur J. Gonzalez
Examiner

**CHADBOURNE & PARKE LLP**

By: */s/ David M. LeMay*
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Examiner*