**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**DECLARATION OF ROBERT T. KUGLER IN SUPPORT**
**OF APPLICATION OF THE EXAMINER FOR ORDER**
**AUTHORIZING THE RETENTION AND EMPLOYMENT**
**OF LEONARD, STREET AND DEINARD PROFESSIONAL ASSOCIATION**
**AS SPECIAL MINNESOTA COUNSEL TO THE EXAMINER**
***NUNC PRO TUNC* TO APRIL 15, 2013**

ROBERT T. KUGLER, pursuant to Rule 2014(a) of the Federal Rules of

Bankruptcy Procedure, declares as follows:

1.       I am an attorney-at-law and duly admitted to practice in the State of

Minnesota. I am a shareholder in the firm of Leonard, Street and Deinard Professional

Association ("Leonard Street" or the "Firm"), which maintains a principal office for the practice

of law at 150 South Fifth Street, Suite 2300, Minneapolis, Minnesota, 55402.

2.       I submit this declaration (the "Declaration") in connection with the

application (the "Application"), dated April 19, 2013, of Arthur J. Gonzalez, as Examiner (the

"Examiner"), for Order Authorizing the Retention and Employment of the Firm as Special

Minnesota Counsel to the Examiner, *nunc pro tunc* to April 15, 2013, pursuant to this Court's

order entered June 20, 2012, directing the appointment of an examiner under 11 U.S.C. §

1104(c).  Unless otherwise stated in this declaration, I have personal knowledge of the facts set

forth herein.  To the extent that any information disclosed herein requires subsequent amendment

or modification upon the Firm's completion of further analysis or as additional information

regarding creditors and other parties in interest becomes available, one or more supplemental

declarations will be submitted to the Court reflecting the same.

        3.     The current limited scope of Leonard Street's engagement will be to assist

and advise the Examiner with respect to matters of Minnesota law that may be relevant to the

Investigation, including issues arising under the Uniform Fraudulent Transfer Act as enacted in

Minnesota ("Minnesota UFTA").  The Examiner has determined that certain transactions he is

investigating may be governed by the Minnesota UFTA.

### DISCLOSURE PROCEDURES AND DISCLOSURES

        4.     In connection with this proposed retention, the Firm obtained from

Chadbourne a comprehensive list of persons and entities (the "Contact Parties") who may have

contacts with the Debtors (the "Retention Checklist").  A copy of the Retention Checklist is

attached as Exhibit A hereto.  According to the Retention Checklist, the Contact Parties include,

but are not limited to: (a) the Debtors and their subsidiaries; (b) the Debtors' foreign subsidiaries;

(c) the Debtors' officers and directors; (d) parties to funding agreements with the Debtors; (e) the

Debtors' bondholders; (f) the Debtors' landlords and tenants; (g) parties to litigation with the

Debtors; (h) attorneys for the Office of the United States Trustee for the Southern District of

New York (the "U.S. Trustee"); (i) judges of the United States Bankruptcy Court for the

Southern District of New York and District Court judges in New York; (j) the Debtors'

depository banks; (k) the Debtors' consultants and professionals and professionals retained by

other significant non-Debtor parties in interest; (l) HELOC investors in the Debtors;

(m) counterparties to servicing agreements with the Debtors; (n) significant utility providers to

the Debtors; (o) the Debtors' 50 largest unsecured creditors; (p) members of the official

committee of unsecured creditors (the "Creditors' Committee"); and (q) certain parties subject to

the Creditors' Committee Rule 2004 motion dated June 1, 2012 (the "Rule 2004 Motion Parties").

5.    The Firm also obtained from Chadbourne a list of persons and entities that have filed notices of appearance in this jointly-administered case.  For purposes of this Declaration, the persons and entities who have filed such appearances (as of April 15, 2013) are also "Contact Parties."

6.    In accordance with the Firm's regular conflict-clearing practices, on April 16, 2012, Leonard Street began causing the names of all of the Contact Parties to be searched in the Firm's record management system to determine whether the Firm has connections to them and, if so, whether such connections relate in any way to the proposed representation of the Examiner in this case.

7.    Any matches discovered by the Firm's search of its record management system have been identified (the "Potential Parties in Interest"), and Leonard Street has determined that it represents or has represented the Potential Parties in Interest identified on Exhibit B to this Declaration (or an affiliate thereof) in the past two years in matters *entirely unrelated* to the Debtors' chapter 11 cases.  Where there is any uncertainty as to whether Leonard Street represents or formerly represented any one or more of the Potential Parties in Interest (or an affiliate, subsidiary or related entity thereof), Leonard Street has listed such party on Exhibit B out of an abundance of caution.

8.    Leonard Street's representation of each of the entities set forth on Exhibit B represents less than 1% of Leonard Street's annual revenue for 2012, with the exception of its representations of JPMorgan Chase Bank, N.A. and U.S. Bank, N.A. for which Leonard Street did not receive more than 3% of its annual revenue for 2012.

9.      Accordingly, it appears that the Firm, subject to the disclosures set forth herein: (a) does not hold or represent any interest adverse to the Debtors' estates in connection with these chapter 11 cases; (b) does not hold or represent any interest adverse to and has no connection with the Debtors, their creditors, the United States Trustee, or any party in interest herein; and (c) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

10.      To the best of my knowledge and information and after diligent inquiry, Leonard Street does not currently represent, and has not within the two-year period prior to May 14, 2012 (the "Petition Date") represented the Debtors or any of their related parties, affiliates, partners, or subsidiaries, and Leonard Street will not undertake the representation of the Debtors or related entities during this engagement.

11.      To the best of my knowledge and information and after diligent inquiry, neither I, Leonard Street, nor any member, counsel, or associate of the Firm represents any entities or parties in interest other than the Examiner in connection with the above-captioned chapter 11 cases.  Moreover, Leonard Street will not undertake the representation of any party other than the Examiner in connection with the Debtors' chapter 11 cases.

12.      To the best of my knowledge and information and after diligent inquiry, neither I, Leonard Street, nor any member, counsel, or associate of the Firm is a creditor, equity security holder, or an insider of the Debtors as specified in section 101(14)(A) of the Bankruptcy Code.

13.      To the best of my knowledge and information and after diligent inquiry, neither I, Leonard Street, nor any member, counsel, or associate of the Firm has been, within the

two-year period prior to the Petition Date, a director, officer, or employee of the Debtors as specified in section 101(14)(B) of the Bankruptcy Code.

14.    Leonard Street does not have an interest materially adverse to the interest of the Debtors' estates or (except as a result of its representation of the Examiner as contemplated hereby) of any class of creditors or equity holders of the Debtors, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors as specified in section 101(14)(C) of the Bankruptcy Code, or for any other reason.

15.    To the best of my knowledge and information and after due inquiry, Leonard Street neither holds nor represents any interest adverse to the Debtors, their creditors, or other parties in interest, or their respective attorneys in these chapter 11 cases.  Moreover, to the best of my knowledge and information and after due inquiry, Leonard Street is a "disinterested person," as that term is defined in section 101(14) of the Bankruptcy Code.

16.    To the best of my knowledge and information and after due inquiry, after reviewing its connections and potential conflicts and conferring with the Examiner concerning these matters, Leonard Street is free to advise the Examiner with respect to issues of Minnesota law as to all parties whose involvement in the investigation is reasonably foreseeable, and is therefore capable of fulfilling in all respects its duties to the Examiner and the Debtors' estates.

17.    To the best of my knowledge and information and after due inquiry, Leonard Street has no connections with the U.S. Trustee or any person employed by the U.S. Trustee or the Bankruptcy Court except as disclosed herein.  Names of the individuals employed by the U.S. Trustee, and the Judges of the United States Bankruptcy Court for the Southern District of New York were included in the conflicts search the Firm undertook, as described above.

18.    In light of the extensive number of creditors and other parties in interest in these chapter 11 cases, Leonard Street is not able to conclusively identify all potential connections.  To the extent that the Firm becomes aware of any additional connections that may be relevant to Leonard Street's representation of the Examiner, the Firm will promptly file a supplemental disclosure.

## DISCLOSURE OF COMPENSATION

19.    As of the date of this Declaration, Leonard Street has received no compensation for its work on behalf of the Examiner.

20.    Leonard Street is willing to be retained by the Examiner as the Examiner's special Minnesota counsel to perform the work described above and will make appropriate applications to this Court for compensation and reimbursement of expenses, all in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and any orders of this Court.  Subject to the Court's approval, Leonard Street will be compensated at its standard hourly rates for cases of this type.  The current standard hourly rates charged by Leonard Street range from $395 to $730 for partners, $225 to $380 for associates, and $175 to $270 for paraprofessionals.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions.  Prior to any such increase in Leonard Street's rates, Leonard Street shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Examiner has consented to the rate increase.  Leonard Street will maintain detailed records of actual and necessary costs and expenses incurred in connection with the legal services provided to the Examiner.

21.    The hourly rates set forth above are Leonard Street's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate Leonard Street for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  Leonard Street operates in a marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of concentration, the firm's expertise, performance and reputation, the nature of the work involved and other factors.

22.    In addition to the hourly rates set forth above, Leonard Street customarily charges its clients for all costs and expenses incurred in connection with a client's case.  These charges include, among other things, long-distance telephone and telecopier charges, mail and express mail charges, special or hand delivery charges, filing fees, photocopying charges, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial overtime.  Leonard Street will seek reimbursement for such expenses pursuant to, among other things, the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York, any applicable guidelines established by the Court or the U.S. Trustee, and any orders of this Court.

23.    At the request of the Examiner, Leonard Street has agreed that the total legal fees (exclusive of costs and expenses) that it will charge for this engagement will not exceed $100,000 unless otherwise authorized by further Order of this Court.

24.    No agreement exists, nor will any be made, to share any compensation received by Leonard Street for its services rendered to the Examiner in connection with these chapter 11 cases with any entity, person or firm, other than its shareholder and associates in

7

accordance with Leonard Street's shareholder agreement and section 504(b) of the Bankruptcy Code.

25.    For the reasons set forth herein, Leonard Street (i) represents no interest adverse to the Debtors, or their estates, in the matters upon which Leonard Street is to be engaged, and (ii) is a disinterested person.  Therefore, Leonard Street is capable of fulfilling its duties to the Examiner and the Debtors' estates.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  April 18, 2013                          /s/ *Robert T. Kugler*
                                                Robert T. Kugler, Esq.