**CHADBOURNE & PARKE LLP**
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 408-5100
Facsimile: (212) 541-5369

*Counsel to the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| RESIDENTIAL CAPITAL, LLC, et al., | : | Case No. 12-12020 (MG) |
|  | : |  |
| Debtors. | : | Jointly Administered |

**MOTION FOR AN ORDER PERMITTING CONSIDERATION OF THE
EXAMINER'S APPLICATION FOR THE RETENTION AND
EMPLOYMENT OF LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION AS SPECIAL MINNESOTA
COUNSEL TO THE EXAMINER AT THE APRIL 30 OMNIBUS HEARING**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

      Arthur J. Gonzalez, the Court-appointed Examiner (the "Examiner") for Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"), hereby submits this Motion for an Order Permitting Consideration of the Examiner's Application for the Retention and Employment of Leonard, Street and Deinard Professional Association ("Leonard Street") as Special Minnesota Counsel to the Examiner (the

"Retention Application") at the April 30, 2013 Omnibus Hearing.  In support, the Examiner respectfully states as follows:

## BACKGROUND

1. The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On June 4, 2012, Berkshire Hathaway, Inc. filed a motion for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) (the "Examiner Motion").  On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "Memorandum Decision").  On June 28, 2012, the Court entered the Examiner Order.

3. On July 3, 2012, the United States Trustee for the Southern District of New York appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases, subject to Court approval.  On that same date, the Court entered an order approving the appointment.

4. Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner is directed to conduct an investigation (the "Investigation") of a scope, timing, and budget to be set by the Court after the Examiner confers with other parties in interest. Examiner Order at p. 2.  On July 27, 2012, the Court entered the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

**REQUEST FOR CONSIDERATION ON SHORTENED TIME**

6.  The Examiner hereby respectfully requests that pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and Local Rule 9006-1(b) this Court enter an order substantially in the form attached hereto as Exhibit A, permitting consideration of the Retention Application at the next Omnibus Hearing to be held on April 30, 2013 at 10:00 a.m. (prevailing Eastern time), and permitting objections to be filed and served so as to be received by the Examiner on or before April 25, 2013 by 4:00 p.m. (prevailing Eastern time).  This objection deadline preserves the seven day objection period that would have applied had the Retention Application been filed on regular notice.

**BASIS FOR RELIEF REQUESTED**

7.  Local Rule 9006-1(b) provides that unless the court orders otherwise, a motion must be served at least 14 days prior to the return date.  Paragraph 11(b) of the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered by this Court on May 23, 2012 [Docket No. 141] (the "Case Management Order") similarly requires a motion to be filed, noticed and served at least 14 calendar days prior to the date of the Omnibus Hearing on which it will be heard by the Court.

8.  However, Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and paragraph 14 of the Case Management Order permit the shortening of the 14 day notice period. Rule 9006(c) provides as follows:

> When an act is required or allowed to be done at or within the specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

9. The Examiner has determined that the retention of Leonard Street as special Minnesota counsel is necessary and appropriate to discharge his duties as Examiner. The limited scope of Leonard Street's engagement will be to assist and advise the Examiner with respect to matters of Minnesota law that may be relevant to the Investigation, including issues arising under the Uniform Fraudulent Transfer Act as enacted in Minnesota.

10. The Examiner's report is due by May 13, 2013. Considering the extremely short timeframe under which the Examiner is operating, the Examiner seeks the earliest possible consideration of the Retention Application to permit Leonard Street to advise the Examiner as to issues of Minnesota law that the Examiner believes may be important to his report. If the Examiner were to file the Retention Application on regular notice, it would not be heard until after the deadline to file the Examiner's report has passed.

11. Accordingly, the Examiner respectfully submits that cause exists to permit consideration of the Retention Application so that it may be heard at the next Omnibus Hearing on April 30, 2013.

## **NOTICE**

12. Notice of this Motion has been provided in accordance with the Case Management Order, and will be given to (i) the Office of the U.S. Trustee, (ii) the Debtors, (iii) the Official Committee of Unsecured Creditors, (iv) the parties identified on the Monthly Service List (as defined in the Case Management Order), and (v) Cerberus.

## **NO PRIOR REQUEST**

13. No prior application for the relief requested herein has been made by the Examiner to this or any other court.

WHEREFORE, the Examiner respectfully requests that this Court enter an order substantially in the form attached hereto as <u>Exhibit A</u>, permitting consideration of the Retention Application at the next Omnibus Hearing on April 30, 2013, and granting the Examiner such other and further relief as the Court may deem just and proper.

Dated:  April 19, 2013
       New York, New York

**CHADBOURNE & PARKE LLP**

By: */s/ David M. LeMay*
Howard Seife
David M. LeMay
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-5100
Facsimile:  (212) 541-5369

*Counsel to the Examiner*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re:                                                  :    Chapter 11
                                                      :
RESIDENTIAL CAPITAL, LLC, et al.,      :    Case No. 12-12020 (MG)
                                                        :
              Debtors.                         :    Jointly Administered
---------------------------------------------------------- x

**ORDER GRANTING MOTION FOR AN ORDER PERMITTING CONSIDERATION OF THE EXAMINER'S APPLICATION FOR THE RETENTION AND EMPLOYMENT OF LEONARD, STREET AND DEINARD PROFESSIONAL ASSOCIATION AS SPECIAL MINNESOTA COUNSEL TO THE EXAMINER AT <u>THE APRIL 30 OMNIBUS HEARING</u>**

Upon consideration of the motion (the "<u>Motion</u>") of Arthur J. Gonzalez, the Court-appointed Examiner (the "<u>Examiner</u>") for Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") in the above-captioned cases (the "<u>Chapter 11 Cases</u>"), for the entry of an order pursuant to Fed. R. Bankr. P. 9006(c) and Local Bankruptcy Rule 9006-1(b) permitting consideration of the Examiner's Application for the Retention and Employment of Leonard, Street and Deinard Professional Association ("<u>Leonard Street</u>") as Special Minnesota Counsel to the Examiner (the "<u>Retention Application</u>") at the April 30, 2012 Omnibus Hearing; and the Court having determined that granting the relief requested in the Motion is appropriate; and it appearing that due and adequate notice of the Motion has been given under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is granted as set forth herein; and it is further

ORDERED that the Retention Application shall be heard at the Omnibus Hearing taking place on April 30, 2013 at 10:00 a.m. (prevailing Eastern time); and it is further

CPAM: 5449890.5

ORDERED that objections to the Retention Application must be filed and served so as to be received by the Examiner's counsel by no later than 4:00 p.m. (prevailing Eastern time) on April 25, 2013.

Dated: April ___, 2013
      New York, New York

 

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

CPAM: 5449890.5