Hearing Date: May 14, 2013 at 10:00 a.m. (ET)
Objection Deadline: May 7, 2013 at 4:00 p.m. (ET)

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
Michael S. Etkin (ME0570)
Ira M. Levee (IL9958)
Andrew D. Behlmann (AB1174)
   and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Bankruptcy Counsel for Plaintiffs*

*[Additional Counsel on signature page]*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| | (Jointly Administered) |
| Debtors. | |


### PLAINTIFFS' MOTION FOR ORDER CERTIFYING CLASS FOR PURPOSES OF THE CLASS CLAIMS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 7023 AND 9014(c)

Lead Plaintiff, New Jersey Carpenters Health Fund ("NJ Carpenters Health"), and named plaintiffs, New Jersey Carpenters Vacation Fund and Boilermaker Blacksmith National Pension Trust (collectively, with NJ Carpenters Health, the "Named Plaintiffs" or "Plaintiffs") in the consolidated mortgage-backed securities ("MBS") class action styled *New Jersey Carpenters Health Fund, et als., on Behalf of Themselves and All Others Similarly Situated v. Residential*

*Capital, LLC, et als.*, Case No. 08-CV-8781 (HB) (the "<u>MBS Litigation</u>"), filed in the United States District Court for the Southern District of New York (the "<u>District Court</u>"), on behalf of purchasers of certain mortgage-backed securities as defined in the then current complaint (the "<u>Class</u>"),[1] by and through their undersigned counsel, hereby move on behalf of themselves and the District Court Certified Class for an Order certifying the District Court Certified Class[2] in this case for purposes of the Class Claims (defined below) pursuant to Fed. R. Civ. P. 23, made applicable hereto by Fed. R. Bankr. P. 7023 and 9014(c) (the "<u>Motion</u>") and respectfully state the following:[3]

<b><u>JURISDICTION AND VENUE</u></b>

1.      The Court has jurisdiction of this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding under 28 U.S.C. §157(b)(2).

2.      Venue is appropriate in this district pursuant to 28 U.S.C. §§1408 and 1409.

3.      The statutory predicates for the relief requested herein are Rules 7023 and 9014 of the Federal Rules of Bankruptcy Procedures (the "<u>Bankruptcy Rules</u>") and Rule 23 of the Federal Rules of Civil Procedure (the "<u>Rules</u>").

<b><u>BACKGROUND</u></b>

<b><u>The MBS Litigation</u></b>

4.      On September 22, 2008, NJ Carpenters Health commenced the MBS Litigation in the New York Supreme Court, County of New York.  The MBS Litigation was removed to the District Court on October 14, 2008.

---

[1]    Although the MBS Litigation was initially filed on behalf of a larger group of purchasers of various MBS, as set forth herein, *infra*, on January 3, 2013, the District Court issued an Opinion Order [Dist. Ct. Doc. No. 202] certifying a more narrowly defined class (the "<u>District Court Certified Class</u>") pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

[2]    Plaintiffs reserve their right to modify the definition of the Class herein to the extent the definition of the District Court Certified Class is further modified by the District Court.

[3]    In further support of the Motion, Plaintiffs are simultaneously filing their *Brief in Support of Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Fed. R. Bankr. P. 7023 and 9014(c)*.

5.      On May 18, 2009, after the appointment of NJ Carpenters Health as Lead Plaintiff, Named Plaintiffs filed the Consolidated First Amended Complaint (the "CFAC").  On March 31, 2010, the District Court granted in part and denied in part a motion to dismiss the CFAC.  On July 30, 2010, several parties moved to intervene (the "Motions to Intervene") in the MBS Litigation on behalf of purchasers of other MBS offerings.

6.      On August 16, 2010, Lead Plaintiff and the Named Plaintiffs moved for certification of the then putative Class and for their appointment as Class Representatives (the "Initial Certification Motion") [Dist. Ct. Doc. No. 103].  On December 22, 2010, the Motions to Intervene were granted, and the CFAC was subsequently amended to include the intervening plaintiffs.

7.      On January 18, 2011, the District Court denied the Initial Certification Motion, finding that despite meeting the requirements of Rule 23(a), Plaintiffs failed to establish predominance and superiority under Rule 23(b)(3).  *New Jersey Carpenters Health Fund, et als. v. Residential Capital, LLC, et als.*, 272 F.R.D. 160, 168, 171 (S.D.N.Y. 2011), *aff'd* 2012 U.S. App. LEXIS 8675 2d Cir. April 30, 2012).

8.      The United States Court of Appeals for the Second Circuit (the "Second Circuit") granted Plaintiffs' motion for leave to appeal the denial of the Initial Certification Motion pursuant to Rule 23(f), and on April 30, 2012, affirmed the District Court, without prejudice to the filing of an amended motion for class certification.

9.      On August 6, 2012, Plaintiffs filed a revised motion for class certification (narrowing the Class and expanding the record as suggested in the Second Circuit's Affirmance of the District Court's previous denial of class certification) and for their appointment as Class Representatives (the "Revised Certification Motion") [Dist. Ct. Doc. Nos. 167 and 168].

10.     On October 15, 2012, over the objections of the defendants in the MBS Litigation, the District Court granted the Revised Certification Motion, appointing Lead Plaintiff as Class Representative, but *sua sponte* further narrowing the definition of the proposed class [Dist. Ct. Doc. No. 185] (the "Revised Certification Order," annexed hereto as Exhibit A).  By Order dated

January 3, 2013, the District Court denied the defendants' motions to dismiss the intervenors' claims and to stay the proceedings and denied at that point in time Plaintiffs' motion to reconsider the Revised Certification Order, but granted Plaintiffs' motion to modify the Class definition [Dist. Ct. Doc. No. 202][4] (the "<u>Second Revised Certification Order</u>," annexed hereto as Exhibit B), acknowledging that the District Court's definition excluded certain purchasers rightfully within the intended class. *Id.*, at 7.

11.    The District Court Certified Class is defined as:

> initial purchasers who bought the securities directly from the underwriters or their agents no later than ten trading days after the offering date.

**<u>Relevant Bankruptcy Proceedings</u>**

12.    On May 14, 2012 (the "Petition Date"), the Debtors filed their voluntary Chapter 11 petitions (the "<u>Bankruptcy Cases</u>") in this Court.

13.    On November 16, 2012, Lead Plaintiff filed separate class proofs of claim against each of the following Debtors, who were named as defendants in the CFAC:  Residential Capital, LLC (Claim No. 4807), Residential Funding Company, LLC (Claim No. 4806) and Residential Accredit Loans, Inc. (Claim No. 4805) (collectively, the "<u>Class Proofs of Claim</u>" or the "<u>Class Claims</u>" and each a "<u>Class Proof of Claim</u>" or "<u>Class Claim</u>").

14.    The Class Proofs of Claim were filed on behalf of the Class as defined in the Revised Certification Order for damages (in an undetermined amount) resulting from violation of sections 11, 12(a) and 15 of the Securities Act of 1933, 15 U.S.C. §§77K, 71(a)(2) and 77o, in connection with the purchase of the subject MBS certificates and the Debtors' conduct in connection therewith.  The Debtors have not yet objected to the Class Proofs of Claim.

---

[4]    Defendants have petitioned the Second Circuit for permission to appeal the October 15, 2012 and January 3, 2013 District Court Orders with respect to certification of the Class (2d Cir. Case No. 12-4415).  Defendants' petitions were denied by the Second Circuit on March 26, 2013.

## REQUESTED RELIEF AND THE BASIS THEREFOR

15.    Plaintiffs now move pursuant to Fed. R. Bankr. P. 7023 and 9014(c) to certify the District Court Certified Class in this proceeding, *see* n. 2, *supra*, for purposes of asserting and seeking allowance of the Class Claims.[5]  Certification of the Class for purposes of the Class Claims is not only proper but warranted by virtue of, at the very least, the fact that the *Class has already been certified by the District Court.  See In re Sacred Heart Hospital of Norristown*, 177 B.R. 16, 22 (Bankr. E. D. Pa. 1995) (discussing the potential *res judicata* effect of certification of a class by a non-bankruptcy court).   The requirements for class certification under the Bankruptcy Rules (Bankruptcy Rule 7023) are identical to the requirements for certification under the Federal Rules (Rule 23).   Indeed, Bankruptcy Rule 7023 specifically states that Rule 23 "applies to adversary proceedings," and Bankruptcy Rule 9014(c) extends that applicability to contested matters.

16.    Many courts, including this Court, have followed the decision in *In re American Reserve Corp.*, 840 F2d 487 (7th Cir. 1988), permitting class proofs of claim.  *See In re Thomson McKinnon Securities, Inc.*, 141 B.R. 31 (S.D.N.Y. 1992); *In re Chateaugay Corp.*, 104 B.R. 626 (S.D.N.Y. 1989); and *see also In re Charter Company*, 876 F. 2d 866 (11th Cir. 1989); *Hacienda Heating & Cooling, Inc. v. United Artists Theatre Circuit, Inc. (In re United Artists Theatre Co.)*, 410 B.R. 385 (Bankr. D. Del. 2009) (discussing the requirements for class certification in a bankruptcy proceeding).

17.    Whether to apply Bankruptcy Rule 7023, which makes Rule 23 applicable to bankruptcy proceedings, is within the discretion of the Bankruptcy Court.   *See American Reserve, supra*.   While Bankruptcy Rule 7023 applies in adversary proceedings, under Bankruptcy Rule 9014(c), the Court may extend the application of Bankruptcy Rule 7023 to contested matters.  Although some courts have held that a contested matter does not arise until an objection to a class proof of claim has been filed, thereby triggering Bankruptcy Rule 7023, *In re*

---

[5]    This Motion is without prejudice to, and should not be deemed a waiver of, Plaintiffs' right to seek withdrawal of the reference or any other related relief with respect to any contested matter involving the Class Claims.

*The Charter Co.*, 876 F. 2d at 874, other courts have held that motions for class certification should be made as early as practicable when it *appears* that the claim *may* be the subject of an objection. Indeed, one court in the Southern District has suggested that filing a motion for class certification may, in and of itself, constitute the requisite contested matter. *In re Ephedra Products Liability Litigation*, 329 B.R. 1, 6-7 (S.D.N.Y. 2005). Therefore, although no objection to the Class Claims has been asserted, Plaintiffs believe that class certification here is ripe for decision in advance of the filing of a plan of reorganization/liquidation and in advance of a determination of the Bankruptcy Code §510 subordination issues pending before this Court.

18.    Once an adversary proceeding has been commenced or a contested matter is deemed to exist, courts consider several factors to determine whether to apply Bankruptcy Rule 7023 and certify a class in a Bankruptcy proceeding. Chief among these factors are the benefits and cost savings to the estate arising from class certification. Here, the estate will certainly benefit from the ability to address similar claims collectively rather than individually.

19.    Once a court determines to apply Bankruptcy Rule 7023, it must then determine whether the requirements for class certification under Rule 23 are satisfied.

20.    The relevant facts and case law are set forth in detail in the supporting Memorandum of Law and are incorporated herein by reference. The requirements for certification of a class in a bankruptcy case are the same as those for certification in a non-bankruptcy proceeding (Bankruptcy Rule 7023 states that "Rule 23 F.R. Civ. P. applies in adversary proceedings [or contested matters]"), subject to any additional considerations discussed in relevant case law addressing class certification in a bankruptcy context. Because Plaintiffs have satisfied their burden of proof under Rule 23 in the MBS Litigation, certification of the District Court Certified Class in this proceeding under Bankruptcy Rule 7023 for purposes of the Class Proofs of Claim is appropriate and justified to, *inter alia*, insure vindication of the rights of the Class.

21.    Indeed, having satisfied the rigorous requirements for class certification under Rule 23 in the District Court, there should be no impediment to certifying the Class in this

Court.[6]    Plaintiffs clearly satisfy these same requirements for class certification under Bankruptcy Rules 7023 and 9014. Therefore, certification for purposes of asserting and seeking allowance of the Class Proofs of Claim in this bankruptcy proceeding should be granted.

22.    Furthermore, for the reasons set forth in the Second Revised Certification Order appointing Cohen Milstein Sellers & Toll PLLC as Class Counsel, a similar appointment is warranted herein. Class Counsel has been actively involved in representing the Plaintiffs and the Class in these bankruptcy proceedings, have retained bankruptcy counsel to assist them, and all counsel are duly qualified to serve in that capacity.

23.    No previous request for the relief requested herein has been made to this or any other Court.

## NOTICE

24.    Notice of this Motion has been provided to (I) the Special Service List, including (a) counsel to the Debtor, (b) the Office of the United States Trustee, (c) counsel to the Official Committee of Unsecured Creditors, and (II) all parties requesting notice via the Court's CM/ECF system. Plaintiffs submit that no further notice is necessary.

## CONCLUSION

25.    Based upon the foregoing, Plaintiffs respectfully request that an Order, substantially in the form of the proposed order annexed hereto as Exhibit C, be entered (i) finding that Bankruptcy Rule 7023 is applicable under Bankruptcy Rule 9014, (ii) certifying the District Court Certified Class under Bankruptcy Rule 7023 and Rule 23(a) and (b)(3) for purposes of asserting and allowing the Class Proofs of Claim; and (iii) approving the appointment of Lead Plaintiff as Class Representative and approving its selection of Class Counsel; and (iv) granting such other and further relief as the Court deems just and proper.

---

[6]    In the Debtors' objection [Doc. No. 2337] to a motion to certify a different class [Doc. No. 2044], Debtors relied, in large part, on the fact that that the putative class therein had not been certified by the court in which the underlying litigation was venued. Plaintiffs are not suggesting that the Debtors' position is correct, but instead want to highlight that class certification by the underlying court having been granted is not an issue here and strongly militates toward certification in this Court. *See* Second Revised Certification Order, *supra*.

Dated:  April 19, 2013                           LOWENSTEIN SANDLER LLP


                                                 /s/ *Michael S. Etkin*
                                                 Michael S. Etkin (ME0570)
                                                 Ira M. Levee (IL9958)
                                                 Andrew D. Behlmann (AB1174)
                                                 1251 Avenue of the Americas, 17th Floor
                                                 New York, New York   10020
                                                 (212) 262-6700 (Telephone)
                                                 (212) 262-7402 (Facsimile)

                                                             and

                                                 65 Livingston Avenue
                                                 Roseland, New Jersey   07068
                                                 (973) 597-2500 (Telephone)
                                                 (973) 597-2481 (Facsimile)

                                                 *Bankruptcy Counsel for the Plaintiffs*

                                                 COHEN MILSTEIN SELLERS &
                                                 TOLL PLLC
                                                 Joel P. Laitman (JL8177)
                                                 Christopher Lometti (CL9124)
                                                 Michael B. Eisenkraft (ME6974)
                                                 88 Pine Street
                                                 New York, New York 10022
                                                 (212) 838-7797 (Telephone)
                                                 (212) 838-7745 (Facsimile)

                                                 *Counsel for Plaintiffs*

### **CERTIFICATION**

       I certify under penalty of perjury that the factual statements set forth in the
Motion are true and correct to the best of my knowledge, information and belief.

Dated:  April 19, 2013

                                                 /s/ *Michael B. Eisenkraft*
                                                 Michael B. Eisenkraft