**Hearing Date: May 14, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: May 7, 2013 at 4:00 p.m. (ET)**

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
Michael S. Etkin (ME 0570)
Ira M. Levee (IL9958)
Andrew D. Behlmann (AB1174)
    and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2400 (Facsimile)

*Bankruptcy Counsel for Class Representatives*

*[Additional counsel on signature page]*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR ORDER CERTIFYING THE CLASS FOR PURPOSES**
**OF THE CLASS CLAIMS PURSUANT TO FED. R. CIV. P. 7023 AND 9014(c)**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS ....................................................................................................2

ARGUMENT ..........................................................................................................................5

CERTIFICATION OF THE CLASS FOR PURPOSES OF ASSERTING AND SEEKING ALLOWANCE OF THE CLASS CLAIMS IS BOTH APPROPRIATE AND NECESSARY ..................................................................................5

    A.    Class Certification is Appropriate in a Bankruptcy Proceeding. .................6

    B.    The Elements For Class Certification Are Satisfied. ................................11

CONCLUSION .....................................................................................................................16

# TABLE OF AUTHORITIES

**PAGES**

CASES

*American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988) ........................................................6, 7, 8

*Bailey v. Jamesway Corp. (In re Jamesway Corp.)*,
    1997 Bankr. LEXIS 825 (Bankr. S.D.N.Y. June 12, 1997) ......................................................14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955, 67 L. Ed 2d 929 (2007)........................................................11

*Birting Fisheries v. Lane (In re Birting Fisheries)*,
    92 F.3d 939-40 (9th Cir. 1996) ...................................................................................................6

*Carrera Plaintiffs v. Bally Total Fitness of Greater New York (In re Bally Total Fitness of
    Greater New York Inc.)*,
    411 B.R. 142 ...............................................................................................................6, 13

*Dura-Bilt Corp. v. Chase Manhattan Corp.*,
    89 F.R.D. 87 (S.D.N.Y. 1981) ....................................................................................................9

*In re Ephedra Products Liability Litigation*,
    329 B.R. 1 (S.D.N.Y. 2005)................................................................................................ passim

*Hacienda Heating & Cooling, Inc. v. United Artists Theatre Circuit, Inc. (In re United
    Artists Theatre Co.)*,
    410 B.R. 385 (Bankr. D. Del. 2009) .......................................................................................11

*In re Hydrogen Peroxide Antitrust Litig.*,
    552 F.3d 305 (3d Cir. 2008)......................................................................................................11

*Iles v. LTV Aerospace and Defense Co. (In re Chateaugay Corp.)*,
    104 B.R. (S.D.N.Y. 1989)...............................................................................................5, 7, 8, 9

*In re Kaiser Group International, Inc.*,
    278 B.R. 58 (Bankr. D. Del. 2002) ...................................................................................5, 6, 11

*Marisol A. v. Giuliani*,
    126 F. 3d 372 (2d Cir. 1997)......................................................................................................11

*In re Musicland Holdings Corp.*,
    362 B.R. 644 (Bankr. S.D.N.Y. 2007) .............................................................................. passim

*New Jersey Carpenters Health Fund, et als. v. Residential Capital, LLC, et als.*,
    272 F.R.D. 160, 168, 171 (S.D.N.Y. 2011), *aff'd* 2012 U.S. App. LEXIS 8675 (2d Cir.
    Apr. 30, 2012) .........................................................................................................2, 5, 12, 13

*Reid v. White Motor Corp.*,
  886 F.2d 1462 (6th Cir. 1989), *cert. denied*, 494 U.S. 1080, 110 S. Ct. 1809, 108 L.
  Ed. 2d 939 (1990) ................................................................................................6

*Residential Capital, LLC, et al. v. Allstate Insurance Company, et al.*, Adv. Case No. 13-
  01262 (MG) ...................................................................................................10

*In re Sacred Heart Hospital of Norristown*,
  177 B.R. 16 (Bankr. E. D. Pa. 1995) ............................................................. passim

*Sanders v. Faraday Lab., Inc.*,
  82 F.R.D. 99 (E.D.N.Y. 1979) ...............................................................................9

*The Certified Class in the Chartered Securities Litigation v. The Charter Co. (In re The
  Charter Co.)*,
  876 F.2d 866 (11th Cir. 1989), *cert. dismissed*, 496 U.S. 944, 110 S. Ct. 3232, 110 L.
  Ed. 678 (1990) ...........................................................................................6, 8, 9

*In re Thomson McKinnon Securities, Inc.*,
  133 B.R. 39 (S.D.N.Y. 1991).................................................................................7

*In re Thomson McKinnon Securities, Inc.*,
  141 B.R. 31 (S.D.N.Y. 1992).................................................................................7

*In re United Companies Financial Corp.*,
  276 B.R. 368 (Bankr. D. Del. 2002) ...............................................................5, 6, 11

*In re Woodward & Lothrop Holdings, Inc.*,
  205 B.R. 365 (Bankr. S.D.N.Y. 1997) ........................................................... passim

STATUTES

11 U.S.C. § 1109.....................................................................................................9

15 U.S.C. §§77K, 71(a)(2) and 77o .........................................................................4

RULES

Bankruptcy Rule 2023 .............................................................................................5

Bankruptcy Rule 7023 ..................................................................................... passim

Bankruptcy Rule 7023 and 9014(c) ..........................................................................4

Bankruptcy Rule 7023(a) and Rule 23(a) ................................................................12

Bankruptcy Rule 7023 and Rule 23 ........................................................................12

Bankruptcy Rule 7023 and Rule 23(a) and (b) ........................................................16

Bankruptcy Rule 9014 (ii) ...........................................................................................................16

Bankruptcy Rule 9014 ...................................................................................................7, 8, 10

Bankruptcy Rule 9014(a) ...............................................................................................................7

Bankruptcy Rule 9014(b) ...............................................................................................................7

Bankruptcy Rule 9014(c) ...........................................................................................................5, 7

Fed. R. Bankr. P. 7023 and 9014(c) ..............................................................................................4

Fed. R. Bankr. P. 9014 and 7023 ..................................................................................................8

Fed. R. Bankr. P. 9014(b) ..............................................................................................................8

Federal Rule 23(c)(1)(A) ...............................................................................................................9

Rule 23 ................................................................................................................................ passim

Rule 23(a) ..............................................................................................................2, 12, 13

Rule 23(a) and (b)(3) .............................................................................................1, 13, 16

Rule 23(b) ...................................................................................................................................13

Rule 23(b)(3) ..............................................................................................................2, 12

Rule 23(f) ....................................................................................................................2, 12

## PRELIMINARY STATEMENT

On January 3, 2013, the District Court[1] entered the Second Revised Certification Order [Dis. Ct. Doc. No. 202], annexed as Exhibit B to the *Plaintiffs' Motion for Order Certifying the Class for Purposes of the Class Claim Pursuant to Fed. R. Bankr. P. 7023 and 9014(b)* (the "Motion"), certifying the District Court Certified Class under Rule 23(a) and (b)(3). The District Court found that Plaintiffs satisfied the criteria under the Federal Rules for certification with respect to the Class, as narrowed by the District Court from that which Plaintiffs initially requested (*see* Revised Certification Order, annexed to the Motion as Exhibit A) and subsequently modified as requested by Plaintiffs. *See* Revised Certification Order.[2] The District Court Certified Class is defined as follows:

> initial purchasers who bought the securities directly from the underwriters or their agents no later than ten trading days after the offering date.

Having met the burden of proof for certification of a litigation class in the District Court, Plaintiffs, by and through their undersigned counsel, respectfully submit this *Memorandum of Law in Support of Plaintiffs' Motion for Order Certifying the Class for Purposes of the Class Claims Pursuant to Fed. R. Bankr. P. §23 and 9014(c)* (the "MOL") in support of the Motion to certify the District Court Certified Class[3] for purposes of the Class Claims and for related relief. *See* n.2, *supra*.

---

[1]    Capitalized terms shall have the meanings ascribed to them in the Motion (defined below) unless defined otherwise herein.

[2]    The Orders also appointed Lead Plaintiff as Class Representative and approved Cohen Milstein as counsel to the District Court Certified Class. The analysis by the District Court is incorporated herein by reference and the appointment and approval should similarly be granted here.

[3]    Plaintiffs reserve their right to modify the definition of the Class herein to the extent the definition of the District Court Certified Class is further modified by the District Court.

## STATEMENT OF FACTS

On September 22, 2008, NJ Carpenters Health commenced the MBS Litigation in the New York Supreme Court, County of New York.  The MBS Litigation was removed to the District Court on October 14, 2008.

On May 18, 2009, after the appointment of NJ Carpenters Health as Lead Plaintiff, Named Plaintiffs filed the CFAC.  On March 31, 2010, the District Court granted in part and denied in part a motion to dismiss the CFAC.  On July 30, 2010, several parties moved to intervene in the MBS Litigation on behalf of purchasers of other MBS offerings.

On August 16, 2010, Lead Plaintiff and the Named Plaintiffs filed the Initial Certification Motion [Dist. Ct. Doc. No. 103] seeking certification of the then putative Class and their appointment as Class Representatives.  On December 22, 2010, the Motions to Intervene were granted, and the CFAC was subsequently amended to include the intervening plaintiffs.

On January 18, 2011, the District Court denied the Initial Certification Motion, finding that despite meeting the requirements of Rule 23(a), Plaintiffs failed to establish predominance and superiority under Rule 23(b)(3).  *New Jersey Carpenters Health Fund, et als. v. Residential Capital, LLC, et als.*, 272 F.R.D. 160, 168, 171 (S.D.N.Y. 2011), *aff'd* 2012 U.S. App. LEXIS 8675 (2d Cir. Apr. 30, 2012).

The Second Circuit granted Plaintiffs' Rule 23(f) motion for leave to appeal the denial of the Initial Certification Motion and, on April 30, 2012, affirmed the District Court, without prejudice to the filing of an amended motion for class certification.  Thereafter, on August 6, 2012, Plaintiffs filed the Revised Certification Motion (narrowing the Class and expanding the record as suggested in the Second Circuit's Affirmance of the District Court's previous denial of class certification) and for their appointment as Class Representatives.  *See* Dist. Ct. Doc. Nos. 167 and 168.

On October 15, 2012, over the objections of the defendants in the MBS Litigation, the District Court entered the Second Revised Certification Order appointing Lead Plaintiff as Class Representative and, in connection with certification of the Class, *sua sponte*, further narrowing the definition of the proposed class to "purchasers who bought the security on the date of the offering directly from the issuers."  Revised Certification Order, at *2.  Then, by Order dated January 3, 2013, the District Court denied the motions by the defendants to dismiss the intervenors' claims under Section 11 of the Securities Act of 1933 and for a stay of the proceedings and the motion by the Plaintiffs to reconsider the dismissal of certain claims related to offerings that were not purchased by Plaintiffs as set forth in the Second Revised Certification Order (the Revised Certification Order and the Second Revised Certification Order are collectively the "Certification Orders"); however, the District Court accepted Plaintiffs' application to modify the Class definition,[4] acknowledging that the District Court's definition would have excluded certain initial members properly within the intended class.  *See* Revised Certification Order, at *7.

With the modification requested by Plaintiffs, the District Court Certified Class is defined as:

> initial purchasers who bought the securities directly from the underwriters or their agents no later than ten trading days after the offering date.

*See* Second Revised Certification Order, at *7.

On November 16, 2012, Lead Plaintiff filed separate Class Proofs of Claim against each of the following Debtors who were named as defendants in the CFAC:  Residential Capital, LLC

---

[4]    Defendants' petitions to the Second Circuit for permission to appeal the October 15, 2012 and January 3, 2013 District Court Orders with respect to certification of the Class (2d Cir. Case No. 12-4415) were denied by the Second Circuit on March 26, 2013.

(Claim No. 4807), Residential Funding Company, LLC (Claim No. 4806) and Residential Accredit Loans, Inc. (Claim No. 4805).

The Class Proofs of Claim were filed on behalf of the Class as defined in the Revised Certification Order, for damages (in an undetermined amount) resulting from violations of sections 11, 12(a) and 15 of the Securities Act of 1933, 15 U.S.C. §§77K, 71(a)(2) and 77o, in connection with the purchase of the subject MBS certificates and the Debtors' conduct in connection therewith. The Debtors have not yet objected to the Class Proofs of Claim.

Plaintiffs now move pursuant to Fed. R. Bankr. P. 7023 and 9014(c) to certify the District Court Certified Class in this proceeding for purposes of asserting and seeking allowance of the Class Claims.[5]  The requirements for class certification under Bankruptcy Rule 7023 are identical to the requirements for certification under the Rule 23.  Indeed, Rule 23 is made applicable to bankruptcy cases by Bankruptcy Rule 7023 and 9014(c).  Certification of the Class[6] for purposes of the Class Claims is not only proper but warranted by virtue of the fact that the *District Court Certified Class has already been certified by the District Court*.

---

[5]  This Motion is without prejudice to, and should not be deemed a waiver of, Plaintiffs' right to seek withdrawal of the reference or any other related relief with respect to any contested matter involving the Class Claims.

[6]  See n. 3, *supra*.

## ARGUMENT

### CERTIFICATION OF THE CLASS FOR PURPOSES OF ASSERTING AND SEEKING ALLOWANCE OF THE CLASS CLAIMS IS BOTH APPROPRIATE AND NECESSARY

Plaintiffs seek certification by this Court pursuant to Bankruptcy Rule 2023 of the District Court Certified Class as described above for purposes of the Class Proofs of Claim. Certification of a class under Bankruptcy Rule 7023 is within the discretion of the Court. *In re Musicland Holdings Corp.*, 362 B.R. 644, 650 (Bankr. S.D.N.Y. 2007); *Iles v. LTV Aerospace and Defense Co.* (*In re Chateaugay Corp.*), 104 B.R. at 626, 633 (S.D.N.Y. 1989); *In re Kaiser Group International, Inc.*, 278 B.R. 58, 62 (Bankr. D. Del. 2002); *In re United Companies Financial Corp.*, 276 B.R. 368, 372 (Bankr. D. Del. 2002).

The standards and procedures for certification of a class in a bankruptcy case are governed by Bankruptcy Rule 7023, which, together with Bankruptcy Rule 9014(c), makes Rule 23 applicable to bankruptcy proceedings. Therefore, the requirements for class certification in a bankruptcy proceeding are the same as those in a non-bankruptcy proceeding. Plaintiffs have met the criteria for certification of the District Court Certified Class under Rule 23 as demonstrated by the District Court's well-reasoned analyses set forth in *N.J. Carpenters*, 272 F.R.D. 160, *supra*, the Certification Orders, which are incorporated herein, and the Second Circuit's denial of Defendants' petitions for interlocutory appeal to the Second Circuit. Plaintiffs submit that under the doctrine of *res judicata*, the foregoing are sufficient to justify and warrant entry by this Court of an Order certifying the Class as requested in the Motion. *See In re Sacred Heart Hospital of Norristown*, 177 B.R. 16, 22 (Bankr. E. D. Pa. 1995) (discussing the potential *res judicata* effect of certification of a class by a non-bankruptcy court and stating that "[i]f the F.R. Civ. P. 23 . . . requirements have been deemed satisfied by a nonbankruptcy forum, *it seems*

likely that the class representatives will be deemed by the bankruptcy court to meet those requirements as well"); *see also Carrera Plaintiffs v. Bally Total Fitness of Greater New York (In re Bally Total Fitness of Greater New York Inc.)*, 411 B.R. 142. 145 (S.D.N.Y. 2009)(acknowledging that pre-petition certification of a class is one of the factors to be considered for certification of the same class by another court (citations omitted)). Therefore, the Court need only consider the well-reasoned analyses by the District Court under Rule 23 in order to determine that certification of the same class under the identical criteria of Bankruptcy Rule 7023 is warranted.

**A.    Class Certification is Appropriate in a Bankruptcy Proceeding.**

Plaintiffs seek certification of the Class for purposes of asserting and ultimately the allowance of the Class Claims. Preliminarily, there can be no dispute that class proofs of claim are permitted in bankruptcy proceedings. *In re Woodward & Lothrop Holdings, Inc.*, 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997); *see also Musicland*, 362 B.R. at 650; *Kaiser,* 278 B.R. at 61-62; *United Companies*, 276 B.R. at 371-72. Until the Seventh Circuit's decision in *American Reserve Corp.*, 840 F.2d 487 (7th Cir. 1988), several courts held that the Bankruptcy Code did not provide for class proofs of claim. However, since that decision, class proofs of claim have generally been permitted in bankruptcy proceedings. *Birting Fisheries v. Lane (In re Birting Fisheries)*, 92 F.3d 939-40 (9th Cir. 1996) (concurring with *American Reserve* that the Bankruptcy Code "should be construed to allow class proofs of claim); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir. 1989) (allowing class proofs of claim is the more "equitable resolution"), *cert. denied*, 494 U.S. 1080, 110 S. Ct. 1809, 108 L. Ed. 2d 939 (1990); *The Certified Class in the Chartered Securities Litigation v. The Charter Co.* (*In re The Charter Co.*), 876 F.2d 866, 873 (11th Cir. 1989)("[i]n light of Congress' inclusion of Rule 23 in bankruptcy proceedings [and] the clear congressional intent that the Bankruptcy Code encompass every type

of claim . . . we conclude that class proofs of claim are allowable in bankruptcy"), *cert. dismissed*, 496 U.S. 944, 110 S. Ct. 3232, 110 L. Ed. 678 (1990); *see also Chateaugay*, 104 B.R. at 633-637 (after a lengthy discussion, finding that the class proof of claim was filed "in accordance with the requirements of the [Bankruptcy] Code and Bankruptcy Rules"). Permitting class proofs of claims, as set forth in *In re American Reserve Corp.*, *supra*, is the majority rule. The trend in the Southern District of New York has been to follow the majority. *In re Ephedra Products Liability Litigation*, 329 B.R. 1 (S.D.N.Y. 2005) (acknowledging the majority view); *Chateaugay Corp.*, 104 B.R. 626, *supra*; *Woodward & Lothrop*, 205 B.R. 365, *supra; In re Thomson McKinnon Securities, Inc.*, 141 B.R. 31 (S.D.N.Y. 1992); *In re Thomson McKinnon Securities, Inc.*, 133 B.R. 39 (S.D.N.Y. 1991).

However, notwithstanding the foregoing, the right to proceed as a class in a bankruptcy proceeding "is not absolute." *Musicland*, 362 B.R. at 650; *Ephedra Products*, 329 B.R. at 4-5. The rules in Part VII of the Bankruptcy Rules apply to adversary proceedings. However, where there is no adversary proceeding, a contested matter under Bankruptcy Rule 9014 will trigger Bankruptcy Rule 7023 (provided that the proponent can establish that such a contested matter exists). *Woodward & Lothrop*, 205 B.R. at 369. Therefore, in the absence of an adversary proceeding, a class proponent must move initially under Bankruptcy Rule 9014(c) to extend the application of Bankruptcy Rule 7023 (and Rule 23) to a class proof of claim, *Woodward & Lothrop*, 205 B.R. at 369, and establish that a contested matter is deemed to exist. A contested matter is a dispute between parties, generally brought by way of a motion. Although Bankruptcy Rule 7023 is not expressly included in the list of Part VII Rules in Bankruptcy Rule 9014 (*see* Bankruptcy Rule 9014(a), which incorporates and applies many of the rules in Part VII of the Bankruptcy Rules (Adversary Proceedings) to contested matters), Bankruptcy Rule 9014(b)

provides that the "court may *at any stage* in a particular matter direct that one or more of the *other rules in Part VII* shall apply." (Emphasis added.) Thus, this omnibus provision in Fed. R. Bankr. P. 9014(b) is sufficient to invoke Bankruptcy Rule 7023 if a contested matter exists. *See The Charter Co.*, 876 F.2d at 874; s*ee generally American Reserve*, 840 F. 2d at 488; *Chateaugay*, 104 B.R. at 633-34. As a result, a class may be certified under Bankruptcy Rule 7023 in the context of either an adversary proceeding or a contested matter.

Whether or not a contested matter exists so as to invoke Bankruptcy Rule 7023 has been the subject of some debate. Some courts have held that until an objection to a class proof of claim is filed (thereby creating a contested matter under Bankruptcy Rule 9014), there is no authority to seek class certification under Bankruptcy Rule 7023. *Musicland*, 362 B.R. at 651; *see generally The Charter Co.*, 876 F.2d 866, s*upra*, and *American Reserve*, 840 F. 2d 487, s*upra*. These cases stand for the proposition that Bankruptcy Rule 9014, authorizing a party to move under Bankruptcy Rule 7023 in the absence of an adversary proceeding, does not, and cannot, come into play unless a contested matter exists (by way of a claim objection filed by the debtor).

> Absent an adversary proceeding, the first opportunity a claimant has to move under Bankruptcy Rule 9014, to request application of Bankruptcy Rule 7023, occurs when an objection is made to the proof of claim. Prior to that time invocation of Rule 23 would not be ripe, because there is neither an adversary proceeding nor a contested matter.

*The Charter Co.*, 876 F.2d at 874, *Woodward & Lothrop,* 205 B.R. at 370, n.5;[7] *Chateaugay*, 104 B.R. at 634; *Musicland*, 362 B.R. at 651 ("unless another contested matter is already

---

[7]    In *Woodward & Lothrop*, 205 B.R. at 369-70, the bankruptcy court acknowledged a paradox (similar to the chicken and the egg) created by the Bankruptcy Rules: a creditor cannot request class certification until there is a contested matter; a contested matter does not arise until a party files a claim objection; a claim objection cannot be filed until a proof of claim is filed. Therefore, pursuant to the Bankruptcy Rules, a class proof of claim must be filed (and objected to) before a request for class certification can be made. *See* Fed. R. Bankr. P. 9014 and 7023. *See The Charter Co*., 876 F.2d at 874; *Woodward & Lothrop*, 205 B.R. at 370, n.5,

pending which would provide a basis for the application, one view is that Rule 23 must await a claim objection").

Although the determination for class certification must be made at an "early practicable time," s*ee* Bankruptcy Rule 7023; Federal Rule 23(c)(1)(A); *Sacred Heart Hospital of Norristown*, 177 B.R. at 23; *see generally Ephedra, 329 B.R.* 1, "early practicable time" is, at the very least, subjective and dependent upon the facts of each case. Indeed, neither the Bankruptcy Code nor the Bankruptcy Rules impose a time period within which a motion under Bankruptcy Rule 7023 seeking class certification must be made. *The Charter Co.*, 876 F.2d at 874 ("the Code contains no other instances where a claimant must perfect a claim prior to objection"). Furthermore, "[t]he mere failure to seek certification does not mandate denial [of a claim] in the absence of compelling circumstances." *Woodward & Lothrop*, 205 B.R. at 370, citing *Dura-Bilt Corp. v. Chase Manhattan Corp.*, 89 F.R.D. 87, 101 (S.D.N.Y. 1981); *Sanders v. Faraday Lab., Inc.,* 82 F.R.D. 99, 102 (E.D.N.Y. 1979). Indeed, Judge Rakoff noted that a class action proponent need not even await a claim objection before seeking class certification (certainly, were this the case, by waiting until the eve of confirmation to object to a class claim, a debtor, or other claim objector, could prevent a claimant from requesting certification by arguing that certification would delay distributions to creditors under the debtor's plan). Judge Rakoff held that a claimant has the right to move for class certification "[f]rom the moment the Chapter 11 petition was filed . . . by virtue of 11 U.S.C. § 1109 . . . even before [he] filed [his] proof[ ] of claim." *Ephedra Products*, 329 B.R. at 6-7. Indeed, if opposition to a request for class

---

*Chateaugay*, 104 B.R. at 634. Because a proof of claim is deemed *prima facie* evidence of the claim, s*ee Chateaugay*, 104 B.R. at 634 ("prior to objection proofs of claim made on behalf of a class must be presumed valid and may be filed as of right"); *The Charter Co.*, 876 F.2d at 874 (class claim is "'deemed allowed' until objected to"); *Woodward & Lothrop*, 205 B.R. at 369-70; ("[i]n the absence of an objection . . . the proof of claim is deemed allowed"), upon the filing of a claim objection, a contested matter is created as contemplated by the Bankruptcy Rules.

certification is known or reasonably foreseeable, then upon a motion to certify the class, the class claim is deemed a contested matter, *id.*, at 7, and a party has the right to move under Bankruptcy Rule 7023. [8]

Here, no objection to the Class Claim has been filed and, under the majority view, Class certification need not be sought at this time. However, in an abundance of caution because of the divergence of opinion on this issue in the Second Circuit, including Judge Rakoff's analysis in *Ephedra Products*, Plaintiffs believe that certification of the District Court Certified Class for purposes of the Class Claims is appropriate at this time. Were Plaintiffs to wait until a claim objection were filed, the Debtors may assert that Plaintiffs waited too long and that certification would interfere with the administration of the estate as stated by Judge Rakoff, *Ephedra Products*, at 7 (a position that Plaintiffs believe lacks any substantive basis). Furthermore, the Motion should not be considered premature. Under Judge Rakoff's analysis, a party may move for class certification at any time after the petition has been filed, thereby creating the requisite contested matter to apply Rule 23 and Bankruptcy Rule 7023, through Bankruptcy Rule 9014. *Id*. Accordingly, under Judge Rakoff's reasoning, by virtue of this Motion for certification of the District Court Certified Class, there is a contested matter under Bankruptcy Rule 9014 sufficient to apply Bankruptcy Rule 7023, and thus Rule 23. Certification, therefore, is appropriate.

---

[8] Judge Rakoff expunged the class claim because the motion for class certification was filed after the disclosure statement had been approved and the plan had been distributed for a vote. The Court determined that certification at that late date would disrupt the distributions under the plan. That clearly is not the case here where the Debtors have repeatedly requested that the exclusive periods for filing a plan and soliciting acceptances be extended. Moreover, the District Court Certified Class did not fully come into being until January 3, 2013, and the Debtors specifically excepted all activity relating to class certification in the District Court from the Stipulation and Order [Adv. Pro. Doc. No. 84] entered into by the Plaintiffs and the Debtors in connection with the adversary proceeding entitled *Residential Capital, LLC, et al. v. Allstate Insurance Company, et al.*, Adv. Case No. 13-01262 (MG), where the debtors sought a preliminary injunction with respect to the MBS Litigation.

**B.      The Elements For Class Certification Are Satisfied.**

Having established the propriety of Bankruptcy Rule 7023, the class proponent must then satisfy the requirements of Bankruptcy Rule 7023.  *Marisol A. v. Giuliani*, 126 F. 3d 372, 375-76 (2d Cir. 1997); *Musicland*, 362 B.R. at 351; *Woodward & Lothorp*, at 369; *see also Kaiser*, 278 B.R. at 64; *United Companies*, 276 B.R. at 372; *Hacienda Heating & Cooling, Inc. v. United Artists Theatre Circuit, Inc. (In re United Artists Theatre Co.)*, 410 B.R. 385, 391 (Bankr. D. Del. 2009).

Here, the District Court's determination that Plaintiffs have satisfied the criteria for class certification under the Rule 23, *see* Exhibits A and B to the Motion, is very persuasive, if not controlling, authority, because the elements to be established for certification under Rule 23 and Bankruptcy Rule 7023 are the same.  *Sacred Heart Hospital of Norristown*, 177 B.R. at 22, which held that "[i]f the F.R. Civ. P. 23 or like requirements have been deemed satisfied by a nonbankruptcy forum, it seems likely that the class representatives will be deemed by the bankruptcy court to meet those requirements as well.  *The issue may even be deemed res judicata.*"  (Emphasis added.)

There can be no doubt that the District Court found that "the evidence more likely than not establishe[d] each fact necessary to meet the requirements of Rule 23."  *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d 305, 320 (3d Cir. 2008).  The Debtors would be hard-pressed to object to certification of the District Court Certified Class here following the decision by the District Court, a non-bankruptcy court of competent jurisdiction, and the "rigorous analysis" undertaken by that court to grant certification over the objections of defendants.  The "application of Rule 23 requires 'rigorous analysis to ensure that class certification is appropriate.'"  *United Artists*, 410 B.R. at 391, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 594 n.13, 127 S.Ct. 1955, 67 L. Ed 2d 929 (2007).  Class certification was granted (albeit to a

smaller class than initially requested in the District Court) over the objection of the defendants in

the MBS Litigation.[9]   The District Court carefully analyzed the factual allegations and legal

argument asserted in the CFAC, *see N.J. Carpenters,* 272 F.R.D. 160 *supra*, and found initially

that they satisfied the same requirements for class certification as this Court must find:

numerosity, commonality, typicality and adequacy.   Bankruptcy Rule 7023(a) and Rule 23(a);

Initial Certification Order, at *2(stating that "[i]n my prior Opinion [272 F.R.D. 160, *supra*], I

found that Plaintiffs satisfied Rule 23(a) requirements of numerosity, commonality, typicality

and adequate representation").   The District Court, however, initially denied certification,

because Plaintiffs failed to establish predominance and superiority under Rule 23(b)(3).   272

F.R.D. at 168-71; Initial Certification Order, at *2.   After expansion of the record by Plaintiffs

(as suggested by the Second Circuit) and modifications to the definition of the proposed class by

Plaintiffs, the District Court determined that Plaintiffs satisfied Rule 23(b)(3) and certified the

Class (as further modified by the District Court).   Revised Certification Order, at *7.   The class

definition was further modified at Plaintiffs' request to include initial purchasers that were

intended to be in the certified class.   *See* Second Revised Certification Order, at *7-*8.   Finally,

the Second Circuit recently denied defendants' petitions, under Rule 23(f), for interlocutory

appeals of the District Court's class certification decisions.

Indeed, it cannot be disputed that the District Court "rigorously" considered the facts and

law before it certified the Class.   Therefore, because the analysis for class certification is the

same under both Bankruptcy Rule 7023 and Rule 23, this Court in its analysis under Bankruptcy

Rule 7023 should be guided by the sound reasoning of the District Court in its analysis under

---

[9]     Plaintiffs are seeking certification of the same class that was certified by the District Court, but reserve the right
to seek to expand the Class to the extent appropriate.  *See* n.3, *supra*.

Rule 23 and grant certification of the District Court Certified Class in this case.  *See Sacred Heart Hospital*, 177 B.R. at 22.

Accordingly, Plaintiffs incorporate by reference the decisions of the District Court finding that the Class satisfies the criteria of Rule 23(a) and (b)(3) and rely on those decisions. *See N.J. Carpentry*, 272 F.R.D. 160, *supra* (finding that the Class satisfies Rule 23(a), but not Rule 23(b)); Revised Certification Order (finding that the Class satisfies Rule 23(b) and certifying the Class as modified); the Second Revised Certification Order (further modifying the Class).

In addressing certification of a class in a bankruptcy case for purposes of a class proof of claim and the extension of Rule 23 to a proof of claim, courts in this district have considered the following factors:

> (a)    whether the class was certified pre-petition;
>
> (b)    whether the members of the putative class received notice of the claims bar date; and
>
> (c)    whether class certification will adversely affect the administration of the estate.

*Musicland*, 362 B.R. at 654; *Bally Total Fitness*, 411 B.R. at 145.  While the first two factors may be considered critical, *Musicland*, at 655, Judge Rakoff's analysis in *Ephedra Products*, *supra*, leaves no doubt that to the extent there is or is not any adverse impact on the administration of the estate is no less critical than the other two *Musicland* factors.

With respect to pre-petition certification, the certification process here commenced well before the Petition Date.  Although the Class was not deemed certified by the District Court until October 15, 2012 (only 5 months after the Petition Date) and then modified on January 3, 2013 (less than 8 months after the Petition Date), compliance with Rule 23(a) was acknowledged by the District Court as early as January 8, 2011, and the Second Circuit authorized Plaintiffs to file

an amended motion for certification, which they did, resulting in the entry of the October 15,

2012 Revised Certification Order.  Furthermore, in light of the Stipulation and Order referenced

in note 8, *supra*, Debtors would be hard-pressed (i) to deny knowledge of the class certification

process in the District Court and (ii) to rely on a post-petition certification as a basis to argue that

certification for purposes of Bankruptcy Rule 7023 is inappropriate. Therefore, although the

Class was not certified pre-petition, the motion to certify the Class in the District Court was filed

pre-petition and the Debtors stipulated to allow the certification process to continue in the

District Court post-petition.

Class certification is not favored where members of a putative class have received actual

or constructive notice of the bar date.  *Musicland*, 362 B.R. at 655.  However, this is not true

here and the cases relied upon by the *Musicland* court for this proposition, *Sacred Heart*, 177

B.R. 16, *supra*, and *Bailey v. Jamesway Corp. (In re Jamesway Corp.)*, 1997 Bankr. LEXIS 825

(Bankr. S.D.N.Y. June 12, 1997), are easily distinguished from this case because they involved

WARN Act classes whose members (employees) were readily identifiable for purposes of

determining whether notice of the bar date was received.  This is certainly not the case here

where members of the putative Class are not yet known and may not have received any notice

with respect to these bankruptcy cases.  More importantly, because the Class was certified by the

District Court, the members of the Class, if indeed they were aware of these bankruptcy cases,

would have had a "reasonable expectation" that the Lead Plaintiffs would comply with the bar

date and timely file a class proof of claim (which Lead Plaintiffs did).  *Cf. Musicland*, 362 B.R.

at 656, citing *Jamesway*, at *10 (finding that with no certified class, "no putative class member

should or could have a reasonable expectation that they did not have to comply with the bar

date").    In the absence of any evidence that all members of the Class received actual or constructive notice of the bar date, this factor weighs in favor of class certification here.

Closely aligned with the first two factors is the third factor that there be no adverse impact of a class claim on the administration of the estate.    When considering the extension of Rule 23 to a bankruptcy case, "a "pervasive theme is avoiding undue delay in the administration of the case" and preventing a class proof of claim from "'gum[ming] up the works.'"    *Ephedra Products*, 329 B.R. at 5, quoting *Woodward & Lothrop*, 205 B.R. at 376.    As previously discussed herein, Judge Rakoff provided a thorough analysis of the impact of the timing of a motion to certify a class for purposes of the class proof of claim.    Under Judge Rakoff's analysis, a motion for class certification filed after a disclosure statement had been approved and a plan had been distributed to, and votes solicited from, creditors would "disrupt and undercut" the confirmation process.    *Ephedra Products*, 329 B.R. at 4-5.    Thus, based on this analysis, a motion for class certification need not be filed immediately upon the Chapter 11 filing so long as it is filed early enough in the proceedings to avoid affecting the chapter 11 process.

Again, *Musicland, Sacred Heart* and, as previously described, *Ephedra Products* are distinguishable.    In *Sacred Heart*, *supra*, the motion for class certification was not filed until after confirmation of a plan was imminent.    Allowing the motion at that juncture would substantially disrupt the administration of the estate.    *Sacred Heart*, 177 B.R. at 24.    Likewise, in *Musicland*, when the certification motion was filed, a plan had already been negotiated and filed, the disclosure statement had been approved, creditors had voted and a confirmation hearing had begun.    *Musicland*, 362 B.R. at 656.    That is far from the case here.    Confirmation is not even imminent.    Indeed, Debtors have made repeated requests to extend the exclusive periods for

filing a plan and soliciting acceptances and the Examiner's report has yet to be filed.   The landscape of these bankruptcy cases continues to change.

Moreover, the Debtors have been well aware of the MBS Litigation and the recent class certification by the District Court.   Certification of the Class for purposes of the Class Claims here therefore will have no impact on the administration of the estate as contemplated by, for example, *Musicland* and *Ephedra Products*.   By virtue of the District Court orders finding that Plaintiffs have satisfied the requirements of Rule 23(a) and (b)(3) and the inapplicability of the *Musicland* factors, certification of the Class for purposes of the Class Claims is warranted.

## <u>CONCLUSION</u>

Plaintiffs, like all Class members, seek to prove a uniform and concerted common course of conduct by the Debtors and others with respect to the allegations of the CFAC in connection with the purchase of the mortgage-backed securities at issue.   Through their counsel, Plaintiffs have thus far successfully prosecuted this action pre-petition on behalf of the initially-defined Class and, thereafter the District Court Certified Class, having presented and defended motions and objections to class certification in the District Court.   Even assuming that the determination by the District Court is not already dispositive of class certification here, all of the requirements for class certification for purposes of the Class Proofs of Claim have been met.

For all of the foregoing reasons, Plaintiffs respectfully request that an Order, substantially in the form of the proposed Order annexed to the Motion as Exhibit C, be entered (i) finding that that Bankruptcy Rule 7023 is applicable under Bankruptcy Rule 9014, (ii) certifying the District Court Certified Class under Bankruptcy Rule 7023 and Rule 23(a) and (b) for purposes of the assertion and allowance of the Class Proofs of Claim; (iii) appointing Lead Plaintiff as the Class Representative and appointing its selection as lead Counsel; and (iv) granting such other and further relief as the Court deems just and proper.

Dated:  April 19, 2013

Respectfully submitted,

LOWENSTEIN SANDLER LLP


*/s/ Michael S. Etkin*_____
Michael S. Etkin (ME0570)
Ira M. Levee (IL9958)
Andrew D. Behlmann (AB1174)
1251 Avenue of the Americas, 17th Floor
New York, New York   10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

and

65 Livingston Avenue
Roseland, New Jersey   07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for Plaintiffs*

COHEN MILSTEIN SELLERS &
TOLL PLLC
Joel P. Laitman (JL8177)
Christopher Lometti (CL9124)
Michael B. Eisenkraft (ME6974)
88 Pine Street
New York, New York 10022
(212) 838-7797 (Telephone)
(212) 838-7745 (Facsimile)

*Counsel for Plaintiffs*