**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**STIPULATION AND ORDER BETWEEN**
**MED&G GROUP LP AND THE DEBTORS**

WHEREAS, on May 14, 2012, GMAC Mortgage, LLC ("**GMAC Mortgage**"), ETS Services, LLC (aka Executive Trustee Services, LLC) ("**ETS**") and each of their affiliated debtor entities in the above-captioned jointly administered bankruptcy cases (collectively, the "**Debtors**") filed petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York;

WHEREAS, on November 27, 2012, MED&G Group, LP ("**MED&G**", together with GMAC Mortgage and ETS, the "**Parties**"), by and through its undersigned counsel, filed its *Notice of Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 by MED&G Group, LP* [Docket No. 2274] (the "**Stay Relief Motion**") seeking relief from the automatic stay to permit MED&G to continue prosecuting causes of action raised in its cross-complaint against GMAC Mortgage and ETS in a state court action pending in the Superior Court of California, County of Sonoma, captioned <u>Inoue v. GMAC Mortgage Corporation et. al.</u>, SCV 248256 (the "**Action**");

WHEREAS, on January 22, 2013, the Debtors filed their *Objection to Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 by MED&G Group, LP* [Docket No. 2680] (the "**Objection**"). In their Objection, the Debtors indicated that they would agree to relief from the automatic stay to permit MED&G "to proceed solely with its claim in the Action to quiet title

1

ny-1083189

and/or for declaratory relief," but would not agree to relief from the stay with respect to MED&G's monetary claim against the Debtors because MED&G failed to file a proof of claim prior to the claims bar date;

WHEREAS, on March 18, 2013, MED&G filed its *Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim; Hearing to be Held April 30, 2013* [Docket No. 3238] (the "**Late Claim Motion**"), seeking authority to file a late proof of claim to assert monetary claims against the Debtors in connection with the Action;

WHEREAS, MED&G and the Debtors have agreed to a limited modification of the automatic stay, solely in order to permit MED&G to proceed in the Action with its quiet title and declaratory relief causes of action;

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation, and the covenants and conditions contained therein, **IT IS STIPULATED AND AGREED** by and between the Debtors and MED&G as follows:

1. The automatic stay is hereby modified solely to permit MED&G to proceed to trial in the Action with respect to its First Cause of Action (Quiet Title) and Second Cause of Action (Declaratory Relief) against GMAC Mortgage and ETS.

2. Nothing in this Stipulation shall be deemed to affect the applicability of the automatic stay in the Action, and the automatic stay shall remain in full force and effect, as it relates to MED&G's Third Cause of Action (Monetary Damages) and Fourth Cause of Action (Breach of Warranty) (collectively the "**Remaining Counts**") against GMAC Mortgage and ETS.

3. Notwithstanding anything to the contrary herein, this Stipulation shall not in any way affect (i) MED&G's rights to pursue in the future (a) the Stay Relief Motion in connection

with the Remaining Counts or (b) the Late Claim Motion or (ii) the Debtors' rights to raise any and all defenses to and contest the Stay Relief Motion and the Late Claim Motion on any basis.

4.	The Parties hereby agree to adjourn the Stay Relief Motion as it relates to the Remaining Counts to the omnibus hearing scheduled for May 14, 2013 at 10:00 a.m.

5.	Should the Court grant the Late Claim Motion, the Debtors shall be entitled, if they so choose, to file a supplemental objection to the Stay Relief Motion no later than seven (7) days prior to the hearing on the Stay Relief Motion with respect to the Remaining Counts.

6.	This Court shall retain jurisdiction to hear all matters or disputes arising from or related to this Stipulation and Order.

7.	This Stipulation and Order may not be altered, modified, or changed except in writing signed by the Parties.

8.	This Stipulation and Order may be executed in multiple counterparts, each of which will be deemed an original, and all of which when taken together shall constitute one and the same document.

9.	This Stipulation and Order will be effective immediately upon approval by the Court.

10.	Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

Dated: April 15, 2013

| MORRISON & FOERSTER LLP | WENIG SALTIEL LLP |
|---|---|
| By: __/s/ Norman S. Rosenbaum__<br>Gary S. Lee<br>Norman S. Rosenbaum<br>James A. Newton<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:    (212) 468-8000<br>Facsimile:     (212) 468-7900<br><br>*Counsel for the Debtors and*<br>*Debtors in Possession* | By: __/s/William E. Baney__<br>William E. Baney<br>26 Court Street, Suite 1200<br>Brooklyn, NY 11201<br>Telephone:    (718) 797-5700<br>Facsimile:     (718) 522-0356<br><br>*Counsel for MED&G Group LP* |

**IT IS SO ORDERED.**

Dated: April 18, 2013
       New York, New York

              __/s/Martin Glenn__
              MARTIN GLENN
            United States Bankruptcy Judge