UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Case No. 12-12020 (MG) |
| Debtors. | ) Jointly Administered |

# ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ERNST & YOUNG LLP AS TAX ADVISOR TO THE DEBTORS *NUNC PRO TUNC* TO OCTOBER 1, 2012

Upon the application (the "**Application**")[1] of the Debtors for entry of an order (the "**Order**") pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Rules 2014(a) of the Bankruptcy Rules and Rule 2014-1 of the Local Rules, authorizing the Debtors to retain and employ Ernst & Young LLP ("**EY LLP**") as their tax advisor, *nunc pro tunc* to October 1, 2012, and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Application (the "**Hearing**"); and upon consideration of the Application, the Tucker Declaration, the record of the Hearing and all proceedings had before the Court; and the Court having found and determined that the relief

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.

ny-1071841

sought in the Application is in the best interests of the Debtors' estates, their creditors and other parties-in-interest, and that the legal and factual bases set forth in the Application and the Tucker Declaration establish just cause for the relief granted herein and the Court being satisfied based on the representations made in the Application, the Tucker Declaration that (i) EY LLP does not hold or represent an interest adverse to the Debtors' estates and (ii) EY LLP is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code as required by section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 and otherwise meets the standards for retention in these cases; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is granted in its entirety as set forth herein.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, the Debtors are authorized to employ and retain EY LLP as their tax advisor, *nunc pro tunc* to October 1, 2012 in these Chapter 11 cases, in accordance with the terms and conditions set forth in the Tax Engagement Letter, which is hereby approved, and to pay fees to EY LLP on the terms specified in the Tax Engagement Letter.

3. EY LLP is authorized to perform the services set forth in the Tax Engagement Letter.

4. Prior to any increases in EY LLP's hourly rates, EY LLP shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy

Code and state whether EY LLP's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5. All requests by EY LLP for the payment of indemnification as set forth in the Tax Engagement Letter shall be made by means of an application (interim or final as the case may be) to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Tax Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought, provided, however, that in no event shall EY LLP be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct.

6. In the event that EY LLP seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Tax Engagement Letter, the invoices and supporting time records from such attorneys shall be included in EY LLP's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

7. EY LLP shall apply to the Court for allowances of compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331

of the Bankruptcy Code, Bankruptcy Rules, the Local Rules and any applicable order of this Court regarding Interim Compensation and Reimbursement of Expenses of Professionals.

8. The Debtors are authorized to take all actions necessary to comply with all the duties set forth in the Application.

9. To the extent that there may be any inconsistency between the terms of the Application, the Tax Engagement Letter, or this Order, the terms of this Order shall govern.

10. This Order shall be immediately effective and enforceable upon its entry.

11. Notwithstanding anything to the contrary in the Engagement Letter, any dispute relating to the services provided by EY LLP under the Engagement Letter shall be referred to arbitration consistent with the terms of the Engagement Letter only to the extent this Court does not have, retain or exercise jurisdiction over the dispute.

12. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

Dated: April 22, 2013
      New York, New York

                                              /s/Martin Glenn
                                           MARTIN GLENN
                               United States Bankruptcy Judge