Presentment Date and Time: April 29, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: April 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------- )
In re:                                                      )   Case No. 12-12020 (MG)
                                                            )
RESIDENTIAL CAPITAL, LLC, et al.,                           )   Chapter 11
                                                            )
                       Debtors.                             )   Jointly Administered
                                                            )
----------------------------------------------------------- )

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
CLARIFYING SCOPE OF STAY RELIEF UNDER SUPPLEMENTAL
SERVICING ORDER WITH RESPECT TO LA CASSE ACTION**

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") hereby move for entry of an order, the proposed form of which is attached hereto as Exhibit 1 (the "**Order**"), clarifying the scope of relief from the automatic stay granted under the Supplemental Servicing Order (defined below) as applicable to the La Casse Action (defined below). In support of this Motion, the Debtors rely upon and incorporate by reference the Declaration of Richard E. Briansky (the "**Briansky Declaration**"), attached hereto as Exhibit 2. In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

ny-1079771

## PRELIMINARY STATEMENT

1.  The Debtors bring this motion at the direction of the Superior Court for the Judicial District of Stamford-Norwalk, Connecticut (the "**State Court**") to clarify the scope of the stay relief afforded by the Supplemental Servicing Order.  As this Court is aware, that order modifies the automatic stay to the extent necessary to, among other things, allow borrowers to prosecute claims to the extent they are defenses to a foreclosure action initiated by the Debtors.  The Debtors presented the Supplemental Servicing Order to the State Court, before which the La Casse Action is currently pending against Debtor Residential Funding Corporation, LLC ("**RFC**").  Nonetheless, the State Court has directed that the La Casse Action remain suspended until further order of this Court.  Thus, the Debtors are seeking entry of an order clarifying the effect of the Supplemental Servicing Order with respect to the La Casse Action.

## JURISDICTION

2.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**A.  General Background**

3.  On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.  On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured

creditors (the "**Creditors' Committee**"). On July 3, 2012, the court appointed Arthur J. Gonzalez as the examiner.

5. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**") approving the Supplemental Servicing Motion.[1]

6. On November 21, 2012, the Court entered an order approving the sale of the Debtors' mortgage loan servicing platform to Ocwen Loan Servicing, LLC ("**Ocwen**") [Docket No. 2246].

7. On February 15, 2013, the sale (the "**Ocwen Sale**") of the Debtors' mortgage loan servicing platform to Ocwen closed.

B. **La Casse Action**

8. Thomas La Casse ("**La Casse**" or "**Borrower**") is a borrower under a loan (the "**Loan**") evidenced by a note (the "**Note**") in the principal amount of $650,000 executed on

---

[1] The term "Supplemental Servicing Motion" refers to the *Debtors' Motion For Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), And 1108 And Bankruptcy Rule 9019 (I) Authorizing The Debtors To Continue Implementing Loss Mitigation Programs; (II) Approving Procedures For Compromise And Settlement Of Certain Claims, Litigations And Causes Of Action; (III) Granting Limited Stay Relief To Permit Foreclosure And Eviction Proceedings, Borrower Bankruptcy Cases, And Title Disputes To Proceed; And (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses* [Docket No. 181].

ny-1079771

January 30, 2006, in favor of Homecomings Financial Network, Inc. ("**Homecomings**"), which was secured by a mortgage (the "**Mortgage**") identifying Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Homecomings. (Briansky Decl., ¶ 3.) By endorsement in blank, Homecomings transferred the Note to Residential Funding Corporation, which subsequently changed its name to Residential Funding Company, LLC. Id. RFC subsequently assigned the Note in blank. Id.

9. After La Casse defaulted on the Note, on May 18, 2009, RFC filed a Complaint in the State Court, thereby commencing an action (the "**La Casse Action**") for strict foreclosure. (Briansky Decl., ¶ 4.) Specifically, RFC maintained that it held the Note, that La Casse defaulted under the terms of the Note, and that and that RFC exercised its right to accelerate the balance on the Note and foreclose on the Mortgage. See Complaint at ¶ 5.

10. On September 2, 2009, a Judgment of Strict Foreclosure was entered by the State Court in favor of RFC. (Briansky Decl., ¶ 5.)

11. On November 14, 2011, La Casse filed a Motion to Vacate Judgment (the "**Motion to Vacate**") in the La Casse Action. (Briansky Decl., ¶ 6.) In response to the Motion to Vacate Judgment, the State Court scheduled an evidentiary hearing. The evidentiary hearing (following several continuances) was scheduled for September 14, 2012. Id.

12. Before the scheduled evidentiary hearing was conducted, the State Court issued a stay of this proceeding based upon RFC's bankruptcy filing. The State Court specifically requested that RFC obtain an order from this Court (the "**La Casse Stay Relief Order**") granting relief allowing the La Casse Action to proceed. (Briansky Decl., ¶ 7.)

4

ny-1079771

13.     As of the date hereof, the La Casse Action is still pending before the State Court, pending entry of the La Casse Stay Relief Order. (Briansky Decl., ¶ 8.) La Casse has refused to stipulate to stay relief. Id.

**RELIEF REQUESTED**

14.     Pursuant to section 362(a) of the Bankruptcy Code and the terms of the Supplemental Servicing Order, the Debtors request entry of the Order, substantially in the form attached hereto as Exhibit 1, clarifying that the automatic stay has already been modified with respect to any claims or causes of action asserted in the La Casse Action to the extent such claims or causes of action constitute defenses to RFC's foreclosure of the Loan, including allowing the adjudication of the Motion to Vacate.

**BASIS FOR RELIEF**

15.     Since the entry of the Supplemental Servicing Order, the Debtors have worked closely with their bankruptcy counsel, local counsel and opposing counsel in pending cases to facilitate an understanding by all parties in interest of the Supplemental Servicing Order, and the stay relief provided thereunder. Notwithstanding those extensive efforts, the Debtors appreciate that other courts, including the State Court in the instant matter, are wary of inadvertently violating the automatic stay and potentially giving rise to an unnecessary expenditure of judicial resources. Out of an abundance of caution, the State Court has directed that the Debtors obtain an order modifying the automatic stay to allow the La Casse Action to continue, and to allow it to rule on the Motion to Vacate.

16.     The State Court has indicated that, without such an order, the La Casse Action will remain suspended, thereby preventing the Debtors (or any successor) from foreclosing on the Property. The Debtors (or their successor(s)) are contractually obligated to

diligently pursue the foreclosure under the terms of the servicing agreement governing their rights and obligations with respect to the Loan.  Although servicing of the Loan is being transferred to Ocwen as a result of the Ocwen Sale, because the La Casse Action is pending in Connecticut, which is a judicial foreclosure state, Ocwen is unable to prosecute the foreclosure in its own name without giving rise to significant delays.  Accordingly, under the terms of the sale documents governing the Ocwen Sale, RFC is contractually obligated with Ocwen to continue to prosecute the foreclosure on the Loan and defend the La Casse Action.

17. The Debtors respectfully submit that under the Supplemental Servicing Order, no further stay relief is required in order to allow the State Court to rule on the Motion to Vacate, or to otherwise permit Borrower to continue to prosecute his claims solely to the extent they constitute defenses to the foreclosure of the Property.  However, in deference to the State Court and in order to comply with their contractual obligations, the Debtors request that this Court enter an order clarifying the effect of the Supplemental Servicing Order specifically as it pertains to the La Casse Action.  Such relief is authorized pursuant to paragraph 32 of the Supplemental Servicing Order, which provides that "[t]his Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order."

## NOTICE

18. The Debtors have served notice of this Motion in accordance with Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

19. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and granting such other relief as is just and proper.

Dated: April 22, 2013
      New York, New York

                                        */s/* Norman S. Rosenbaum
                                        Gary S. Lee
                                        Norman S. Rosenbaum
                                        Erica J. Richards
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Counsel for the Debtors and*
                                        *Debtors in Possession*