## Exhibit 2

**Briansky Declaration**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF RICHARD E. BRIANSKY IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER CLARIFYING SCOPE OF STAY RELIEF UNDER SUPPLEMENTAL SERVICING ORDER WITH RESPECT TO LA CASSE ACTION**

I, Richard E. Briansky, declare as follows:

**A.    Background and Qualifications**

1. I am an attorney and partner at the law firm of Prince Lobel LLP ("**Prince Lobel**"). I am authorized to submit this declaration (the "**Declaration**") in support of the *Debtors' Motion for Entry of an Order Clarifying Scope of Stay Relief Under Supplemental Servicing Order with Respect to La Casse Action*, dated February 26, 2013 (the "**Motion**").[1]

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

ny-1079771

2. Prince Lobel was retained to represent Debtor Residential Funding Corporation LLC ("**RFC**") in an action captioned <u>Residential Funding Corporation LLC v. Thomas La Casse</u>, Case No. 09-5011591 (the "**La Casse Action**"), currently pending in the Superior Court for the Judicial District of Stamford-Norwalk Connecticut (the "**State Court**"). The information contained in this affidavit is based upon my personal knowledge, records maintained at Prince Lobel in the ordinary course of business, and pleadings filed in the La Casse Action. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

**B.    The La Casse Action**

3. Thomas La Casse ("**Borrower**") is a borrower under a loan (the "**Loan**") evidenced by a note (the "**Note**") in the principal amount of $650,000 executed on January 30, 2006, in favor of Homecomings Financial Network, Inc. ("**Homecomings**"), which was secured by a mortgage (the "**Mortgage**") identifying Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Homecomings. <u>See</u> Promissory Note and Open-End Mortgage Deed, annexed hereto as **Exhibits A** and **B**, respectively. By endorsement in blank, Homecomings transferred the Note to Residential Funding Corporation, which subsequently changed its name to Residential Funding Company LLC. <u>See</u> Assignment of Mortgage, annexed hereto as **Exhibit C**. RFC subsequently assigned the Note in blank. <u>See</u> Allonge to Promissory Note, annexed hereto as **Exhibit D**.

4. After La Casse defaulted on the Note, on May 18, 2009, RFC filed a Complaint in the State Court commencing the La Casse Action for strict foreclosure. <u>See</u> Complaint, annexed hereto as **Exhibit E**. Specifically, RFC maintained that it held the Note, that La Casse defaulted under the terms of the Note, and that and that RFC exercised its right to accelerate the balance on the Note and foreclose on the Mortgage. <u>Id</u>. at ¶ 5.

5. On September 2, 2009, a Judgment of Strict Foreclosure was entered by the State Court in favor of RFC. See Notice of Judgment of Strict Foreclosure, annexed hereto as **Exhibit F**.

6. On November 14, 2011, La Casse filed a Motion to Vacate Judgment in the La Casse Action. See Motion to Vacate Judgment and Dismiss with Prejudice, annexed hereto as **Exhibit G**. In response to the Motion to Vacate Judgment, the State Court scheduled an evidentiary hearing. The evidentiary hearing (following several continuances) was scheduled for September 14, 2012. See Order, annexed hereto as **Exhibit H**.

7. Before the scheduled evidentiary hearing was conducted, the State Court issued a stay of this proceeding based upon RFC's bankruptcy filing. The State Court specifically requested that RFC obtain an order from this Court (the "**La Casse Stay Relief Order**") granting relief allowing the La Casse Action to proceed.

8. As of the date hereof, the La Casse Action is still pending before the State Court, pending entry of the La Casse Stay Relief Order. La Casse has refused to stipulate to stay relief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 22, 2013

_____
Richard E. Briansky

*Counsel for Residential Funding Corporation LLC*