# EXHIBIT E

5/7/09

| | |
|---|---|
| **RETURN DATE: JUNE 02, 2009** | : SUPERIOR COURT |
| **RESIDENTIAL FUNDING COMPANY, LLC FKA RESIDENTIAL FUNDING CORPORATION** | : JUDICIAL DISTRICT OF STAMFORD/NORWALK |
| **VS:** | : AT STAMFORD |
| **THOMAS LACASSE** | : MAY 07, 2009 |

## COMPLAINT

1.  The Plaintiff, Residential Funding Company, LLC fka Residential Funding Corporation has an office and place of business with an address of 4 Walnut Grove Drive, Horsham, PA 19044.

2.  At all times complained of herein, the Defendant(s), Thomas LaCasse, owned real property situated in the Town of Weston, County of Fairfield and State of Connecticut known as 153 Valley Forge Road, (hereinafter the "Property") being more particularly described in Schedule A attached hereto and made a part hereof.

3.  On or about January 30, 2006, the Defendant(s), Thomas LaCasse, executed and delivered to Homecomings Financial Network, Inc., a Note (the "Note") for a loan in the original principal amount of $650,000.00.

4.  On said date to secure said Note the Defendant(s), Thomas LaCasse, did execute and deliver to Mortgage Electronic Registration Systems, Inc. as Nominee for Homecomings Financial Network, Inc., a Mortgage on the Property. Said Mortgage was dated January 30, 2006 and recorded February 08, 2006 in Volume 432 at Page 496 of the Weston Land Records. Said Mortgage was assigned to Residential Funding Company, LLC fka Residential Funding Corporation by virtue of an Assignment of Mortgage to be recorded on the Weston Land Records. The Plaintiff, Residential Funding Company, LLC fka Residential Funding Corporation, is the holder of said Note and Mortgage.

01625-80701

5. Said Note is in default and the Plaintiff, Residential Funding Company, LLC fka Residential Funding Corporation as the holder of said Mortgage and Note has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note.

6. The Plaintiff has provided written notice in accordance with the Note and Mortgage to the Defendant(s) of the default under the Note and Mortgage, but said Defendant(s) has failed and neglected to cure the default. The Plaintiff has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note.

7. The following liens or encumbrances claim to have an interest in the Property which liens or encumbrances are prior in right to the Mortgage herein:

    a. The Town/City of Weston may claim an interest in the Property by virtue of inchoate liens for real estate taxes on the Grand Lists of October 1, 2002 and thereafter.

    b. George C. Guidera and Mark E. Harper claims an interest in the Property by virtue of a Mortgage in the amount of $103,000.00 dated December 15, 1993 and recorded on December 15, 1993 in Volume 216 at Page 145 of the Weston Land Records.

8. There are no liens or encumbrances claiming to have an interest in the Property which liens or encumbrances are subsequent in right to the Mortgage herein.

9. The Defendant(s) Thomas LaCasse, is the owner of the equity of redemption of the Property and, on information and belief, is in possession of the Property.

10. The Plaintiff, Residential Funding Company, LLC fka Residential Funding Corporation, has further caused a Lis Pendens to be recorded on the Land Records of the Town of Weston. A copy of said Lis Pendens is attached hereto as Exhibit A.

11. The Plaintiff, Residential Funding Company, LLC fka Residential Funding Corporation, has further caused a notice to be given to the Defendant(s), Thomas LaCasse, of his rights pursuant to the Statutes pertaining to unemployment and underemployment by annexing to this Writ, Summons and Complaint a copy of the notice provided for in said Statute.

01625-80701

WHEREFORE, the plaintiff claims:

1. Foreclosure of the Mortgage;
2. Possession of the Property;
3. Money damages against the makers of, or obligors on, the Note described herein and/or their Estates, if deceased, (unless same has been precluded by virtue of a Bankruptcy filing);
4. A reasonable attorney's fee (unless same has been precluded by virtue of a Bankruptcy filing);
5. Interest (unless same has been precluded by virtue of a Bankruptcy filing);
6. Costs of suit (unless same has been precluded by virtue of a Bankruptcy filing);
7. Deficiency Judgment against the makers of, or obligors on, the Note described herein, and/or their Estate, if deceased (unless same has been precluded by virtue of a Bankruptcy filing); and
8. Such other and further relief as the Court may deem just and equitable.

Notice is hereby given to the Defendant(s) that the Plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action out of any debt accruing to said Defendant(s) by reason of their personal services, (unless same has been precluded by virtue of a Bankruptcy filing).

Dated at Hartford, Connecticut on May 07, 2009

Plaintiff

By_____

Hunt Leibert Jacobson, P.C.
Its Attorneys

01625-80701