# EXHIBIT G

DOCKET NO.  CV - 09- 5011591 S      :     SUPERIOR COURT

RESIDENTIAL FUNDING COMPANY LLC

                                    :     JUDICIAL DISTRICT OF
                                             STAMFORD / NORWALK

VS:

                                      :     AT STAMFORD

THOMAS J. LA CASSE                 :     NOVEMBER 11, 2011

## MOTION TO VACATE JUDGMENT AND DISMISS WITH PREJUDICE

The Defendant, Thomas J. La Casse, in the above-entitled action respectfully files his Motion To Vacate the Foreclosure Judgment entered by this Court, in favor of the Plaintiff Residential Funding Company LLC  in the stated action.  The Defendant seeks relief from said Judgment and a Dismissal of Action with Prejudice based on fraud and unconscionability committed within this lawsuit, as well as clear known misrepresentations, gross misconduct, and unfair trade practices.  The Defendant moves the court for reversal of judgment and dismissal with prejudice as new found evidence, and the discovery of fraud have caused the existing foreclosure judgment to become void as a matter of law and a lack of subject matter jurisdiction for this Court to proceed.  The more particular grounds for granting of this motion are set forth below:

### JURISDICTION OF THE SUPERIOR COURT OF STAMFORD

In the State of Connecticut our own Supreme Court and Appellate Court have clearly shown an intolerability in foreclosure actions to fraudulent conduct and unconscionable actions taken and/or made by Plaintiffs seeking foreclosure. The discovery of fraud, and such showing of unfair, inequitable, and unconscionable conduct gives rise to the

**ORAL ARGUMENT REQUESTED**
**TESTIMONY IS REQUIRED**

(2)

ultimate power and jurisdiction of our Connecticut Courts to vacate judgments achieved

by fraudulent means, regardless of whether such discovery was made before or after 4

Months following entry of judgment.  Connecticut Law is well established, in that

**Judgments obtained by fraud can be attacked at any time** (See 180 C. 129, 130.

Cited. 181 C. 463, 466-469.) A motion to open and vacate a judgment is addressed to

the court's discretion.  Cited within Connecticut General Statute 52-212, is the

jurisdictional fact that, the **"Court has intrinsic power, independent of statutory**

**provision, to vacate any judgment obtained by fraud, duress or mutual mistake.**

**78 CA 684."** Our Connecticut legislature did not intent to protect judgments that are

later found to be inequitable, unjust, and founded upon a fraud.

"that judgment is void and may be attacked at any time in the same or any other court,
by the parties or by any other person who is affected thereby.". It is also clear and well
established law that a void order can be challenged in any court any time." *People v
Wade*, 116 Ill.2d 1, 506 N.E.2d 954 (1987)

## I.  MERS Assignment Is Legally Void

1. The alleged Plaintiff, Residential Funding Company, claims a right of entitlement

    and ownership of the alleged note and mortgage by virtue of an assignment,

    which was unlawfully transacted by Mortgage Electronic Registration Systems,

    Inc. (MERS).

2. MERS has at all times represented itself to be a "nominee", who by mere

    definition is virtually powerless; and as "nominee" is named to act in an extremely

    limited capacity for another.  MERS in its own charter claims to be a nominee for

    the purpose of electronically tracking mortgages.

3. Numerous recent Court rulings across the United States have vitiated MERS

    alleged self appointed authority to assign notes and mortgages.

(3)

4.  The consistent Court decisions from Arkansas, Idaho, Nevada, Vermont, New York, South Carolina, California, and others have dismissed MERS' purported "authority" to assign. Clearly the message to MERS and Foreclosure Plaintiffs is that simply MERS cannot assign and/or sell anything which it does not own and have a real substantive interest in (See Supreme Court of Arkansas matter of *Mortgage Electronic Registration Systems, Inc. (MERS) v. Southwest Homes of Arkansas,* 2009 WL 723182 (Ark.).

5.  These recent and timely court rulings find that MERS' alleged "authority" to assign, file foreclosure actions, and/or seek foreclosure as a Plaintiff is unlawful and a fairy tale solely designed by MERS, foreclosure mill law firms, "trustees" of securitized mortgage loan trusts, and other purported MERS "assignees" for the express purpose of perpetrating a fraud upon the courts and a theft upon borrowers.

6.  MERS never had any ownership and/or other interest in the alleged "note" pertaining to the subject La Casse property located at 153 Valley Forge Road, Weston, CT 06883. The unconscionable conduct by MERS to purport to assign and/or sell the alleged La Casse note and mortgage is a fraud and constitutes criminal misconduct categorized as Grand Larceny as recently stated then Ohio Attorney General Richard Cordray.

7.  MERS is not licensed as a Bank/Lender, nor did it hold such necessary licenses in Connecticut on or about July 25, 2009 when it purported to have assigned and sold an alleged La Casse mortgage and note to Residential Funding Company,LLC. MERS was acting in the capacity of a Lender/Bank in unlawfully transacting said assignment/sale despite the fact that it had no authority by the

(4)

Connecticut Department of Banking to do so; such conduct violates the

Connecticut Unfair Trade Practices Act, C.G.S. Sec. 42-110(b), and without

limitation other Federal, State, and local laws.

## II.  PLAINTIFF LACKED STANDING TO BRING THIS ACTION

1. The Complaint in this action is a known misrepresentation and the claims of

   ownership and possession of the alleged note and mortgage at the time of filing

   are a falsehood.

2. At the time of filing of this action on May 18, 2009 the alleged MERS Assignment

   did not exist, making paragraph 4 of the Complaint a material misrepresentation.

   In paragraph 4, Plaintiff falsely states that "said mortgage was assigned to

   Residential Funding Company".  Plaintiff knew such claims to be false, as the

   alleged Assignment was not yet manufactured and signed until July 25, 2009.

   The alleged assignment was created more than two (2) months after the date of

   the complaint, which was dated May 7, 2009.

3. The Plaintiff is not the owner of the alleged note, and failed to evidence at time of

   filing that said alleged instrument was specifically endorsed, dated, and assigned

   to Residential Funding Company, LLC.  Moreover, Plaintiff additionally failed to

   attach to its complaint a copy of such alleged "note" as purported to have been

   owned and possessed by plaintiff in the Complaint.

4. The Defendant, Thomas J. La Casse, and the Court cannot rely on the date of

   the alleged Assignment of Mortgage to determine when the Plaintiff may have

   come into possession of the alleged "note", as the assignment did not exist at the

   commencement of this action.  Additionally, there is no properly endorsed and

   dated note that has been produced to this Court, thus, it is indeterminate as to

   when the Plaintiff came into possession of the alleged "note".

(5)

5. The operation of Connecticut General Statute 49-17 does not apply in this case, and the Plaintiff cannot claim protection and standing based on the law of Sec. 49-17. Though Connecticut has ruled that the mortgage follows the note, in this instance the mortgage assignment did not exist, and could not follow the alleged note. In the appellate case of _Fleet National Bank v. Vijay J. Nazareth, et. al._ (AC 22610), the appellate Court found with respect to C.G.S. 49-17, that, "Our legislature, however, has not passed similar legislation that would give the holder of the mortgage, without having been **assigned the note**, the ability to foreclose on the property." The Appellate Court in its decision stated, "We conclude, therefore, that the legislature did not intend to permit the holder of the mortgage, without having been assigned the note, the ability to foreclose on the property." The judgment in Fleet v. Nazareth was thereby ordered vacated and the case remanded to the trial court with direction to render judgment dismissing the action.

6. In the instant matter of _Residential Funding Company v. Thomas J. La Casse_, the Plaintiff had no proof that it was assigned either the alleged mortgage or the note at the time the action was commenced on May 18, 2009, leaving the Plaintiff without the proper standing necessary to invoke the jurisdiction of the Superior Court Of Stamford.

### III. SUPERIOR COURT OF STAMFORD LACKS SUBJECT MATTER JURISDICTION TO CONTINUE THIS CASE AND PERMIT FORECLOSURE

1. The Superior Court in this instant case unknowingly and vulnerably relied upon the deceitful material misrepresentations of Plaintiff, Residential Funding Company, LLC and its Complaint in granting a default judgment in its favor in this action on September 2, 2009.

---

(6)

2. The Court particularly relied upon the fallacious representation that Residential Funding Company, LLC was the rightful owner of the alleged note when it granted Judgment Of Strict Foreclosure in favor of plaintiff, when in fact plaintiff never presented to this Honorable Court as evidence that an original alleged "note" was specifically endorsed, dated, and assigned to it prior to the commencement of this action.

3. There exists no substantiation in this lawsuit of a valid "chain of title" that links Residential Funding Company (alleged assignee) to any alleged assignor having prior true ownership of the alleged "note".

4. In addition to the non-existence of a properly endorsed, dated, and assigned "note", Plaintiff has professed and offered as proof of standing an alleged Assignment Of Mortgage from "MERS" – Mortgage Electronic Registration Systems, created after the filing of this action. The Superior Court Of Stamford lacks jurisdiction to rely on the MERS assignment to allow foreclosure of Defendant's home and principal residence. The alleged MERS assignment to Residential Funding Company, LLC is an instrument of fraud, first, as MERS who is soley a "nominee" never had any "real" ownership interest in the alleged "note" and mortgage it was purporting to sell and assign. Even if MERS did have a definable legal interest in the alleged "note" and "mortgage", Defendant points out that MERS was not licensed by the State Of Connecticut to perform and/or otherwise act as a Lender/Bank.

5. The unlawful MERS Assignment has the effect of legally causing an irreversible fatal rupture in the alleged "Chain Of Title."

(7)

### Jeffrey Stephan Instruments Are Fraudulent

6. The Superior Court must not participate in an operative fraud. In addition to the invalid MERS assignment, said instrument was alleged to have been created and authorized by **Jeffrey Stephan**, who is nationally known as one of the most notorious and infamous "Robo-Signors" and conspirators of fraud. This Honorable Court lacks any just authority or jurisdiction to rely on an ***Assignment Of Mortgage*** transacted for MERS by **Jeffrey Stephan**, who has confessed in written deposition testimony that he has no "personal knowledge" of anything he allegedly signs. Stephan has further confessed that such alleged instruments are not signed in front of a notary, further invalidating the document(s). Such shocking testimony is inclusive and married to any document presented to this court bearing the alleged signature of **Jeffrey Stephan**.

7. The Superior Court in granting Plaintiff its Judgment Of Strict Foreclosure innocently relied on the fraudulent ***Affidavit Of Debt*** manufactured and alleged to have been signed by **Jeffrey Stephan**, confessed "Robo-Signor". Stephan, who admitted to having no knowledge of anything he signs in deposition testimony, has deceitfully and fraudulently claimed in the instant La Casse case and subject ***Affidavit Of Debt*** to being personally familiar with alleged debt, books and records in the La Casse matter.

8. The conspiratory participation in the Fraud Upon This Court by Jeffrey Stephan is unconscionable and a clear showing of fraudulent intent to the Court. In comparing the allegations and representations made by Stephan in the alleged Assignment of Mortgage and the Affidavit Of Debt, the Court must find the conflicting corporate roles and titles spurious and meant to deceive. Professedly, on July 25, 2009, Jeffrey Stephan claims in the alleged Assignment Of Mortgage

(8)

to be the Vice President of Mortgage Electronic Registration Systems (MERS) as

nominee for Homecomings Financial Network, Inc. Conflictingly, Stephan later

admits in this lawsuit purportedly on January 7, 2010, in the Affidavit Of Debt to

being an Officer and Loan Servicing Agent for GMAC on behalf of Plaintiff

Residential Funding Company, LLC. It is not legally possible for Jeffrey Stephan

to be representing as an officer both the alleged Assignor and Assignee in the

same transaction.

9.  That the Court on its own motion make an Order that the Plaintiff,

Residential Funding Company/GMAC fully disclose and produce the complete

employment history of Jeffrey Stephan for the past Five (5) Years. The

precedent setting Judge Arthur Schack of the Kings County Supreme Court of

New York has recently Dismissed numerous foreclosure suits with prejudice,

many of which citing Plaintiff misconduct, and conflicting employment histories,

and/or other lack of personal knowledge by nationally known Robo-Signors such

as Erica Johnson Seck and Jeffrey Stephan.

10. That in the absence of a complete Dismissal With Prejudice of this action after

Hearing of this motion, the Court Order Depositions be taken, and all necessary

post-judgment discovery, inclusive of Ordering the appearance of Jeffrey

Stephan in this Court, to insure that the rights of Defendant is protected, and the

fraudulent, and/or criminal misconduct of Jeffrey Stephan and other perpetrators

are fully exposed. It is essential that this Honorable Court set parameters so that

the testimony of Jeffrey Stephan is admissable as evidence to this particular

case, as well as being connected and married to the systematic wrongdoing and

fraud perpetrated by Stephan throughout the country.

(9)

11. The alleged witnesses to the execution of the purported Jeffrey Stephan

Assignment Of Mortgage are unknown, and all such offered signatures are

completely illegible.   Further, Defendant Thomas La Casse, by the Law Offices

of David Scalzi sent written, certified communications to alleged Pennsylvania

Notary Nikole Shelton (alleged Notary on the subject Jeffrey Stephan/MERS

Assignment), requesting the Notary Log for the date of July 25, 2009, and

neither Ms. Shelton or her Record Book could be found, providing Plaintiff with

any validation of the alleged execution of the Stephan/MERS Assignment.

## IV. Unconscionability

1. The acts and practices of the Plaintiff Residential Funding Company, et

al within this foreclosure action, along its agents, sub-agents, and/or other

employees or person(s), as described above and throughout this motion

constitutes conduct the nature which is Unconsionable.

2. In Connecticut, the showing of Unconsionable Conduct to the Court, particularly

Plaintiff misconduct, and/or those of its agents, sub-agents, and/or other

perpetrators or person(s) is reason in itself for witholding of foreclosure based

upon equitable grounds and principles.  Our own Connecticut Supreme Court

has clearly long-since established that inequitable and unconscionable conduct

gives rise to a Court's authority to withold foreclosure.  *"Other equitable defenses*

*that our Supreme Court has recognized in foreclosure actions include*

*unconsionability"* New Haven Savings Bank v. LaPlace (AC 21388)(2001).

3. The Plaintiff had full knowledge, and concealed from the Court and

Defendant such knowledge, that it did not in fact have proper legal standing to

bring the instant action.  Knowing that there was no proper "chain of title", and

specifically a "note" which was particularly endorsed, dated, signed and properly

(10)

assigned to Plaintiff prior to the fiiing of this action, Residential Funding

Company proceeded to construct and file its sham Complaint and action with

calculated fraudulent intent to decieve and mislead this Honorable Court.

4. The knowingly false and fraudulent instruments; the **Affidavit Of Debt**, and

   **Assignment Of Mortgage**, created and allegedly executed by Jeffrey

   Stephan, a notorious nationally known "Robo-Signor", systematically filed,

   and/or otherwise presented to this Court by Plaintiff in this case on multiple

   occasions represents fraudulent, and/or criminal   misconduct.

5. That this Honorable Court innocently and unknowingly relied upon the

   misrepresentations of the above stated parties and Jeffrey Stephan, who

   admits to having no "personal knowledge" of anything he signs.  Such acts of

   deceit, concealment and unconscionable conduct caused this Court to err in

   earlier finding Judgment in favor of said Plaintiff.

6. That this Honrable Court lacks Subject Matter Jurisdiction to continue to rely

   on Affidavits Of Debt and an Assignment Of Mortgage which as of this date

   have been shown to be false, untrue, innaccurate, unverifiable, and

   misrepresentations.

7. This Court must follow the established precedent set by the Connecticut

   Supreme Court regarding unconsionability, and find that the systematic filings,

   and usage of multiple false documents in this case by alleged Plaintiff and/or

   its agents should be sanctioned with a Dismissal With Prejudice at a minimum

   as relief for such inequities.  As referenced earlier, the former Ohio Attorney

   General Richard Cordray, currently Chief of Enforcement at the Consumer

   Financial Protection Bureau firmly stated on Bloomberg TV, *"I Think that if*

(11)

*people deliberately filed false papers in a court and they did it on a systematic*

*basis that could well be criminal misconduct, absolutely."*

## VI. Fraud

1. The acts and practices of the alleged Plaintiff Residential Funding Company, et

   al within this foreclosure action, along with its agents, sub-agents, and/or other

   employees or person(s), as described above and throughout this motion

   constitutes conduct the nature which is Fraudulent.

## VII.    Unfair Trade Practices

1. The acts and practices of Plaintiff, Residential Funding Company, et al, in

   conjunction and association with its agents, sub-agents, and/or other employees

   or person(s) as described and outlined above and throughout this motion

   constitutes conduct the nature which is in violation of the Connecticut Unfair

   Trade Practices Act, C.G.S. Sec. 42-110(b).

2. Defendant apprises the Court, that in addition to the unfair and unconscionable

   acts as described throughout this motion, it is maintained and believed that the

   Plaintiff in this action, Residential Funding Company together with its agents

   and/or sub agents have committed unlawful acts which have injured Defendant

   and his family, are believed to be illegal, repeated instances of criminal

   misconduct, should be sanctioned, and further referred to higher authorities for

   continued investigation.

3. Defendant has filed numerous police reports, with the town of Weston,

   Connecticut Department of Police, pertaining to the Plaintiff's unlawful and unfair

   acts which are directly tied to this lawsuit. It is maintained and reported to local

   police that Plaintiff and its agents have changed the locks 5 Times on

(12)

Defendant's home illegally, fraudulently, and without any permission, legal authority, and/or an Order of the Court.

4. Plaintiff and its agents twice unlawfully changed the locks on Defendant's home while Defendant was under the Protection of the Bankruptcy Court and a Federal Stay.

5. At all times Plaintiff and its agents changed the locks and denied Defendant and his family entry to their family home, when no law date, sale date, and/or other vesting of title to Plaintiff had taken place.  On all Five (5) occasions, the locks were changed without permission or knowledge of any Federal or State Court.

6. While under Bankruptcy Protection, Plaintiff refused to return the keys after changing the locks, after four (4) months of repeated requests by Defendant and his attorney.

7. Plaintiff together, and in concert with its agents put padlocks on the guest house and shed, as well as changing the locks on the main house, blocking Defendant and his family all means of entry and habitation of their shelter and family residence.

8. On two occasions, while changing the locks Plaintiff together and in concert with its agents illegally ransacked the interior of the Defendant's home and unlawfully removed numerous antiques and other property valued at $600, 000.  Every episode where the locks were unlawfully changed, valuable personal property was taken without any order or direction of the Court or Police authorities. Defendant has itemized and provided Police with a list of some of the stolen property.

(13)

9. Plaintiff caused great damage, monetarily and emotionally, by its illegal actions of
changing locks and taking possession of Defendant's home. Numerous windows
were broken, and ruinous damage was caused to the interior and
exterior of the property. Plaintiff further failed to adhere to its responsibility to
care for the property after unlawfully changing the locks.

10. The numerous and repeated unlawful attempts to take possession of the
Defendant's home, vandalism, and theft of property was outside of, and above
the laws of the United States of America, and State Of Connecticut.

11. The Defendant's Constitutional Rights as promised in the United States
Constitution have been violated and denied by Plaintiff's actions.

**WHEREFORE,** based upon all the above cited facts and information, Defendant
believes and maintains that this foreclosure lawsuit was filed with fraudulent and
deceptive means. The conduct as described above is maintained to be
unconscionable, unlawful, and possibly criminal in nature; such acts and practices that
are grounds for withholding of foreclosure as stated by our Connecticut Supreme Court.
Defendant further denies that the Plaintiff had standing to bring or maintain this
foreclosure action. Defendant looks upon the fair and equitable powers of this Court to
Dismiss this Foreclosure Action with Prejudice for all the reasons as set forth above.

**The Defendant**
*Respectfully Submitted,*

By:_____-042191-_____
Paul S. Nakian, Plaintiff's Attorney

90 Campbell Drive
Stamford, CT  06903
Tel: 203-357-7777 - Office
        203-356-9490 – Fax
Email: NakianLaw@aol.com

Juris #042191

(14)

# ORDER

The foregoing Defendant's Motion To Vacate Judgment And Dismiss With Prejudice
having been presented to the court;

It is hereby ORDERED: **GRANTED  /  DENIED**

By the Court:

_____
Clerk / Judge

Date of Order: _____

## CERTIFICATION OF SERVICE

The Defendant, Thomas J. La Casse, hereby certifies that a true and correct copy of the

foregoing Motion To Vacate Judgment And Dismiss With Prejudice has been

furnished via U.S. First Class Mail on November 11, 2011 to the office of the

Plaintiff's counsel Hunt Leibert Jacobson, PC, at the address of 50 Weston

Street, Hartford, CT  06120.

**The Defendant**
*Respectfully Submitted,*

By:_____-042191-_____
     Paul S. Nakian, Plaintiff's Attorney

90 Campbell Drive
Stamford, CT  06903
Tel: 203-357-7777 - Office
       203-356-9490 – Fax
Email: NakianLaw@aol.com

Juris #042191