James S. Carr, Esq.
Eric R. Wilson, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7987

Counsel for UMB Bank, N.A.,
As Successor Indenture Trustee

**Hearing Date: April 30, 2013 at 10:00 a.m.**
**Objection Deadline: April 22, 2013 at 4:00 p.m.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC., *et al*., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**LIMITED OBJECTION OF UMB BANK, N.A., AS SUCCESSOR INDENTURE TRUSTEE, TO DEBTORS' MOTION FOR ENTRY OF AN ORDER TO PERMIT THE DEBTORS TO CONTINUE USING CASH COLLATERAL**

UMB Bank, N.A., in its capacity as Successor Indenture Trustee ("UMB" or the "Trustee") with respect to the 9.625% Junior Secured Guaranteed Notes Due 2015 (the "Notes") issued by Residential Capital, LLC ("ResCap"), pursuant to that certain Indenture, dated as of June 6, 2008 (the "Indenture"), hereby submits, by and through its undersigned counsel, this objection (the "Objection") to the *Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral* (the "Motion").[1]  In support of this Objection, the Trustee respectfully states as follows:

---

[1] Docket No. 3374.

**BACKGROUND**

1. On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its affiliates (the "Debtors") each filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code section 1107(a) and 1108. No trustee has been appointed in these chapter 11 cases.

2. As of the Petition Date, the Debtors were indebted under the Indenture, for the benefit of the holders of the Junior Secured Notes[2], for the outstanding principal of the Junior Secured Notes in the amount of approximately $2.1 billion, plus accrued but unpaid interest and other amounts. The Notes are secured by second priority liens on the same assets that secured the AFI Senior Secured Credit Facility.

3. On June 25, 2012, the Court entered the Final Order Under Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014 (I) Authorizing the Debtors to Obtain Postpetition Financing on a Secured, Superpriority Basis, (II) Authorizing the Use of Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties[3] (as thereafter from time to time amended, the "Cash Collateral Final Order"). In connection with adequate protection granted thereunder to the Junior Secured Noteholders, the Debtors agreed to the current payment of the Trustee's fees, expenses, disbursements, advances and all other amounts due to the Trustee under the Indenture (including, without limitation, fees and expenses of counsel and special counsel for the Trustee)

---

[2] Any capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.
[3] Docket No. 491.

(collectively, the "Trustee Fees and Expenses").[4] Following several extensions, the Debtors' authority to use Cash Collateral pursuant to the Cash Collateral Final Order is due to expire on April 30, 2013.

4. On April 8, 2013, the Debtors filed the Motion, pursuant to which the Debtors seek authority to use the Cash Collateral beyond April 30th, and to terminate adequate protection payments to the Junior Secured Noteholders. The Debtors also seek to terminate the current payment of the Trustee Fees and Expenses.

**OBJECTION**

5. The Trustee objects to the Motion because the Debtors have a contractual obligation to pay the Trustee's Fees and Expenses under the Indenture, and such payments should continue to be made in the Debtors' chapter 11 cases. Pursuant to section 7.07 of the Indenture:

> [ResCap] will reimburse the Trustee promptly upon request for all reasonable disbursements, advances, and expenses incurred or made by it in addition to the compensation for its services. Such expenses will include the reasonable compensation, disbursement and expenses of the Trustee's agents and counsel.

6. The Motion, as currently, written, is in blatant disregard of the Debtors' obligations under the Indenture and in contravention of the Trustee's right to be paid the Trustee Fees and Expenses.

7. The Debtors are obligated to operate their cases in accordance with the law.[5] Under the Trust Indenture Act of 1939, 15 U.S.C. § 77aaa, *et seq*. (the "TIA"), an issuer of

---

[4] Pursuant to the Instrument of Resignation, Appointment and Acceptance, dated as of October 22, 2012, among ResCap, the Trustee and U.S. Bank National Association (the "Original Trustee"), the Original Trustee resigned, and the Trustee accepted appointment by ResCap, as trustee under the Indenture.

[5] *See* 28 U.S.C. § 959(b) which provides that a trustee or debtor-in-possession "shall manage and operate the property in his possession … according to the requirements of the valid laws of the State in which such

3

public debt, such as ResCap, must have a qualified indenture for which there is a qualified trustee. UMB entered into the tripartite agreement, dated October 22, 2012 ("the "Tripartite Agreement"), with U.S. Bank, National Association, the original Indenture Trustee under the Indenture, and assumed the role of Trustee after the Petition Date. The Debtors, having obtained the benefit of bond financing in the public bond markets, must satisfy their postpetition obligations under the Indenture. Those obligations include payment of the Trustee's Fees and Expenses.

8. The law is clear that a chapter 11 debtor's obligations under federal securities law, including the TIA, continue unabated postpetition.[6] The benefit to the Debtors' estates for compliance with the TIA is manifest. A debtor that fails to comply post-petition with its regulatory obligations under federal securities law, such as the TIA, may be sued post-petition.[7] The Debtors' failure to comply with the TIA could result in severe penalties, including criminal and civil liability for the issuer. There is also a private right to seek recovery for violations of the TIA. Compliance with the TIA requires the services of the Trustee.

9. There is no dispute that in these bankruptcy cases, the Trustee has incurred, and continues to incur, costs in connection with its services as Trustee that the

---

property is situated, and in the same manner that the owner or possessor thereof would be bound to do if in possession thereof." *See also Midlantic Nat. Bank v. N.J. Dept. of Envtl. Prot.*, 473 U.S. 494 ("Congress has repeatedly expressed its legislative determination that the trustee is not to have carte blanche to ignore nonbankruptcy law."); *In re CMC Heartland Partners*, 966 F.2d 1143, 1146 (7th Cir. 1992) ("Having been a debtor in bankruptcy does not authorize a firm to operate a nuisance today, or otherwise excuse it from complying with the laws of general application."); *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 534 (A "debtor-in-possession is not relief of all obligations under the National Labor Relations Act simply by filing a petition for bankruptcy."); *and In re Am. Coastal Energy, Inc.*, 399 B.R. 805, 810 (Bankr. S.D. Tex. 2009) ("Bankrupt debtors are no different from any citizen in that they must comply with state and federal laws.).

[6] *See*, *e.g.*, *SEC v. Brennan*, 230 F.3d 65, 71 (2d. Cir. 2000) (SEC enforcement fits within Section 362(b)(4)'s "police and regulatory power" exception of the automatic stay); *SEC v. Towers Fin. Corp.*, 205 B.R. 27, 29-31 (S.D.N.Y. 1997) (same); *Bilzerian v. SEC*, 146 B.R. 871, 872-873 (M.D. Fla. 1992) (same).

[7] *See* 28 U.S.C. § 959(a) which provides that a debtor "may be sued, without leave of court appointing them, with respect to any of their acts or transactions carrying on business connected with such property."

4

Indenture requires the Debtors to reimburse. The combination of Section 959(a) and Section 959(b) makes it clear that Congress is not willing to give debtors in bankruptcy a free pass to ignore applicable non-bankruptcy laws. Simply put, the Debtors must comply with the TIA, and the terms of the Indenture itself, and provide for the current payment of the Trustee's Fees and Expenses.

10.  Payment of the Trustee's Fees and Expenses is a necessary component of adequate protection for the Junior Secured Noteholders, and such payments should continue to be made. Otherwise, the Trustee will have no choice but to exercise its rights under the Indenture to assert a charging lien against any payments on the Junior Secured Notes that are eventually made under these chapter 11 cases, to the detriment of the Junior Secured Noteholders.

## **RESERVATION OF RIGHTS**

11.  The Trustee reserves its rights to amend or make any further arguments regarding payment of the Trustee Fees and Expenses, at this proceeding and at any proceeding in the future.

[remainder of page intentionally left blank]

## CONCLUSION

WHEREFORE, for the above reasons, Trustee requests that the Court deny the Motion unless and until the Debtors agree to continue payment of the Trustee's Fees and Expenses as required under the Indenture.

Dated: New York, New York
April 22, 2013

                                                 KELLEY DRYE & WARREN LLP
*/s/ James S. Carr*
James S. Carr
Eric R. Wilson
101 Park Avenue
New York, New York 10178
Telephone: (212) 808-7800
Fax: (212) 808-7897

*Counsel for UMB Bank, N.A., as Successor Indenture Trustee*

## **CERTIFICATE OF SERVICE**

      On this 22nd day of April 2013, the *LIMITED OBJECTION OF UMB BANK, N.A., AS SUCCESSOR INDENTURE TRUSTEE, TO DEBTORS' MOTION FOR ENTRY OF AN ORDER TO PERMIT THE DEBTORS TO CONTINUE USING CASH COLLATERAL* was filed and served via this Court's CM/ECF filing system upon those parties entitled to receive notice. In addition, service was made via US regular mail upon those parties listed on the annexed schedule.

                                              */s/ James S. Carr*
                                                James S. Carr

## SERVICE LIST

**Chadbourne & Parke LLP**
Attn Howard Seife & David M LeMay &
Robert J Gayda & Marc B Roitman
30 Rockefeller Plaza
New York, NY 10112

**Citibank NA**
Attn Bobbie Theivakumaran
390 Greenwich St 6th Fl
New York, NY 10013

**Deutsche Bank Trust Company Americas**
c/o Kelvin Vargas
25 De Forest Ave
Summit, NJ 07901

**Fannie Mae**
Attn Peter McGonigle
1835 Market St Ste 2300
Philadelphia, PA 19103

**Internal Revenue Service**
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

**Internal Revenue Service**
Centralized Insolvency Operation
2970 Market St
Philadelphia, PA 19104

**Internal Revenue Service**
Insolvency Section
31 Hopkins Plz Rm 1150
Baltimore, MD 21201

**US Trustee for the Southern District of NY**
Tracy Hope Davis, Linda A. Riffkin and
Brian S. Masumoto
33 Whitehall St 21st Fl, Region 2
New York, NY 10004

**Kirkland & Ellis**
Richard M Cieri
601 Lexington Ave
New York, NY 10022

**Kirkland & Ellis LLP**
Attn Ray C Schrock & Stephen E Hessler
601 Lexington Ave
New York, NY 10022-4611

**Kramer Levin Naftallis & Frankel LLP**
Kenneth H Eckstein, Thomas Moers Mayer &
Douglas H Mannal
1177 Avenue of the Americas
New York, NY 10036

**Kurtzman Carson Consultants**
Alison M. Tearnen Schepper
2335 Alaska Ave
El Segundo, CA 90245

**Milbank, Tweed, Hadley & McCloy LLP**
Gerard Uzzi
1 Chase Manhattan Plaza
New York, NY 10005

**Morrison & Foerster LLP**
Attn Tammy Hamzehpour
1290 Avenue of the Americas
New York, NY 10104

**Morrison & Foerster LLP**
Larren M Nashelsky, Gary S Lee &
Lorenzo Marinuzzi
1290 Avenue of the Americas
New York, NY 10104

**U.S. Bank National Association**
Attn: George Rayzis
50 South 16 th Street
Philadelphia, PA 19102

**Office of the NY State Attorney General**
Nancy Lord & Enid M Stuart
The Capitol
Albany, NY 12224-0341

**Office of the US Attorney
for the Southern District of NY**
United States Attorney
Preet Bharara
One St Andrews Plaza
New York, NY 10007

**Securities & Exchange Commission**
Secretary of the Treasury
100 F St NE
Washington, DC 20549

**Securities & Exchange Commission
NY Regional Office**
George S Canellos Regional Director
3 World Financial Center Ste 400
New York, NY 10281-1022

**U.S. Department of Justice**
US Attorney General, Eric H. Holder, Jr.
950 Pennsylvania Ave NW
Washington, DC 20530-0001

**Skadden Arps Slate Meagher & Flom LLP**
Jonathan H. Hofer
Four Times Square
New York, NY 10036

**Skadden Arps Slate Meagher & Flom LLP**
Ken Ziman
Four Times Square
New York, NY 10036

**Skadden Arps Slate Meagher & Flom LLP**
Sarah M Ward
Four Times Square
New York, NY 10036

**Skadden Arps Slate Meagher & Flom LLP**
Suzanne D T Lovett
Four Times Square
New York, NY 10036

**U.S. Attorney's Office for the Southern District of New York Civil Division**
Attn Joseph Cordaro
86 Chambers St 3rd Fl
New York, NY 10007

**Clifford Chance US LLP**
Attn: Jennifer C. DeMarco & Adam Lesman
31 West 52nd Street
New York, NY 10019

**Wells Fargo Bank NA**
Attn: Corporate Trust Services – GMACM Home Equity Notes 2004 Variable Funding Trust
PO Box
Columbia MD 21046