MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' RESPONSE TO MOTION OF DAVID B. AND**
**LESLIE K. KINWORTHY FOR RELIEF FROM THE AUTOMATIC STAY**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this response to the *Motion of David B. and Leslie K. Kinworthy for Relief from the Automatic Stay* [Docket No. 2660], dated January 13, 2013 (the "**Motion**"). In support hereof, the Debtors respectfully represent:

**BACKGROUND**

1.  On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly

ny-1087355

administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**").  No trustee has been appointed in these Chapter 11 cases.

2. On May 16, 2012, the Office of the United States Trustee for the Southern District of New York (the "**United States Trustee**") appointed a nine member official committee of unsecured creditors.  On July 3, 2012, the United States Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York, as examiner.

## RESPONSE

3. By the Motion, movants David B. and Leslie K. Kinworthy ("**Movants**") seek relief from the automatic stay to pursue their action, pending in the Superior Court of the State of California, County of Riverside (the "**Superior Court**"), Case No. RIC 1107039 (the "**Action**").

4. Movants purchased real property located in Temecula, California (the "**Property**"), obtaining two loans in the principal amounts of $312,560 ("**Loan 1**") and $78,140 ("**Loan 2**", and together with Loan 1, the "**Loans**"), which were secured by deeds of trust on the Property.  See Complaint (annexed hereto as Exhibit 1) at ¶¶ 2-3.  Initially, the Loans were both serviced by GMACM.  Prior to the Petition Date, Loan 2 was sold to Bank of New York Trust Company N.A. and the servicing rights for Loan 2 were transferred from GMACM to Green Tree Servicing, LLC.  See Complaint at ¶ 11.  Following the Petition Date, the servicing rights for Loan 1 were transferred from GMACM to Ocwen Loan Servicing, LLC.  See Docket No. 2246.

5. Movants' claims arise out of alleged breaches of contract and fraud allegedly committed by Debtor GMACM relating to Movants' attempt to refinance the Loans.  In the Action, Movants seek money damages against GMACM, as well as an order "requiring

ny-1087355

[GMACM] to buy back the SECOND MORTGAGE from BANK OF NEW YORK and provide to PLAINTIFFS a refinance as agreed of both the FIRST AND SECOND MORTGAGE on the Temecula property." See Complaint at p. 6. The Action does not involve or relate to any foreclosure against the Property.

6. The parties have substantially completed discovery and the Action is nearly ready for trial.

7. Because the Action is nearly ready for trial, in the interest of judicial economy, the Debtors do not object to a limited modification of the automatic stay solely for the purpose of permitting Movants to pursue their claims for monetary relief in the context of the Action, in order to liquidate Movants' claims in these Chapter 11 cases to the extent they relate to the Action. In all other respects, the automatic stay should remain in full force and effect and continue to enjoin Movants from (i) prosecuting their claims for equitable relief (specifically, Count 2 of the Complaint) and (ii) enforcing any monetary award obtained in the Action as against the Debtors, their assets, or their estates. The Debtors further propose that any proofs of claim filed by Movants in the Debtors' Chapter 11 cases arising from the facts and circumstances relating to the Action should (x) be amended to reflect the amount of the final judgment, if any, obtained in the Action promptly following the entry thereof, and (y) be deemed disallowed and expunged without further order of the Court to the extent the Debtors are found to have no liability to Movants by a final order or judgment entered in the Action.[1]

---

[1] Movants have filed two proofs of claim in the Chapter 11 cases. See Proofs of Claim Nos. 2361, 2602 (annexed hereto as Exhibits 2 and 3, respectively).

ny-1087355

8.  A proposed form of order granting this limited modification of the automatic stay is annexed hereto as <u>Exhibit 4</u>.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order (i) providing for limited modification of the automatic stay to allow the Action to proceed to trial for purposes of adjudicating Movants' claims for monetary damages against the Debtors, but for no other purposes, and (ii) granting such other relief as the Court deems proper.

New York, New York  
Dated: April 23, 2013

/s/ Norman S. Rosenbaum  
Gary S. Lee  
Norman S. Rosenbaum  
Samantha Martin  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel to the Debtors and  
Debtors in Possession*

ny-1087355