**EXHIBIT 1**




CORPORATION SERVICE COMPANY®

**DDZ / ALL**
**Transmittal Number: 8705430**
**Date Processed: 05/05/2011**

# Notice of Service of Process

**Primary Contact:** Manish Verma - 190-FTW-L95
GMAC Mortgage Corp.
1100 Virginia Drive
Ft. Washington, PA 19034

| | |
|---|---|
| **Entity:** | GMAC Mortgage, LLC<br>Entity ID Number 2455042 |
| **Entity Served:** | GMAC Mortgage, LLC |
| **Title of Action:** | David Kinworthy vs. GMAC Mortgage, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Riverside County Superior Court, California |
| **Case/Reference No:** | RIC1107039 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 05/05/2011 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | John Thomas Dzialo<br>714-418-4398 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road Wilmington, DE 19808 (888) 690-2882 | sop@cscinfo.com

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
APR 22 2011
R. Devries

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

GMAC MORTGAGE, LLC,
AND DOES 1-10 INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

DAVID KINWORTHY AND LESLIE KINWORTHY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Riverside Superior Court-Historic
4050 Main St., Riverside, CA 92501

CASE NUMBER:
*(Número del Caso):* RIC 1107039

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John Dzialo, Esq. 200 W. Santa Ana Blvd. #990, Santa Ana CA 92701

DATE: *(Fecha)* APR 22 2011 Clerk, by *(Secretario)* R. Devries, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: GMAC Mortgage, LLC

under:
- ☐ CCP 416.10 (corporation)
- ☐ CCP 416.20 (defunct corporation)
- ☐ CCP 416.40 (association or partnership)
- ☐ CCP 416.60 (minor)
- ☐ CCP 416.70 (conservatee)
- ☐ CCP 416.90 (authorized person)
- ☒ other *(specify)*: Limited Liability Company 415.95

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

TRAUT LAW GROUP
John Thomas Dzialo California State Bar No. 159996
200 W. Santa Ana Blvd. Suite 990
Santa Ana, California 92701
Telephone No.: 714-418-4398
Fax No.: 949-812-7687
johnd@trautlawgroup.com

Attorneys for PLAINTIFFs,
DAVID KINWORTHY and LESLIE KINWORTHY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
APR 22 2011
R. Devries

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE

DAVID KINWORTHY AND LESLIE KINWORTHY,

PLAINTIFF,

v.

GMAC MORTGAGE, LLC, AND DOES 1-10 INCLUSIVE,

Defendants.

Case No. RIC 1107039

**COMPLAINT**
1. **BREACH OF CONTRACT**
2. **BREACH OF CONTRACT/ PROMISSORY ESTOPPEL**
3. **FRAUD**

Unlimited Civil Jurisdiction
(Demand over $25,000)

DAVID KINWORTHY and LESLIE KINWORTHY, in complaining of the defendants named herein, state as follows:

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

COPY

1. At all relevant times herein, DAVID KINWORTHY and LESLIE KINWORTHY, (Hereinafter referred to as the "PLAINTIFFS") husband and wife, were individuals residing in the City of Temecula, the County of Riverside, State of California.

2. In July of 2009, PLAINTIFFS were indebted to GMAC MORTGAGE, LLC in the amount of $312,560.00 under a promissory note secured by a deed of trust recorded against certain real property owned by them and commonly known as 40156 Calle Medusa, City of Temecula, County of Orange, State of California 9259. (Hereinafter referred to as the "PROPERTY'). (The promissory note and the deed of trust are collectively referred to herein as the " FIRST MORTGAGE").

3. Also in July of 2009, PLAINTIFFS were indebted to GMAC MORTGAGE, LLC in the amount of $78,000.00 under a promissory note secured by a second deed of trust also recorded against the same PROPERTY. (The promissory note and the second deed of trust are referred to hereinafter as the "second mortgage"). (GMAC MORTGAGE, LLC, is hereinafter referred to as "GMAC").

4. On July 2, 2009, PLAINTIFFS were contacted by a representative of GMAC informing PLAINTIFFS that they might be available for a "special program" that

> **"may offer you an opportunity to lower your current mortgage payment, re-finance your adjustable rate mortgage or possibly even reduce your loan's outstanding principal balance."** (EXHIBIT A).

5. Since the PLAINTIFFS' FIRST MORTGAGE was an adjustable rate mortgage, they were very interested in taking advantage of the "special program" and filed the necessary application paperwork with GMAC.

6. GMAC subsequently confirmed for PLAINTIFFS that GMAC was going to consolidate their FIRST and SECOND MORTGAGES into a single fixed rate mortgage that would reduce the combined total of the two mortgages by $174,300.00 and reduce the total monthly payment by $1,000.00. (EXHIBITS B AND C).

7. On August 12, 2009 PLAINTIFFS entered into a loan agreement with GMAC by signing the loan document as instructed by GMAC through an electronic documents system

known as "Ally uSign System." (A copy of the August 12, 2009 letter confirming the signing of loan documents is attached as EXHIBIT D1 AND D2).

8. PLAINTIFFS never received copies of the loan documents subsequent to submitting the signed documents through Ally uSign System, which at all times herein mentioned was the authorized agent of GMAC, and the acts and omissions of Ally uSign System were the acts and omissions of GMAC.

9. PLAINTIFFS are informed and believe and on that basis allege that all original documentation is in the possession and control of GMAC, which alone has the ability to produce those documents.

10. GMAC subsequently breached the loan agreement by failing without legal cause or justification to provide the refinancing as provided for in the loan agreement electronically signed by the PLAINTIFFS.

11. GMAC further breached the agreement by selling the SECOND MORTGAGE, which it was bound by contract to refinance, to BANK OF NEW YORK TRUST COMPANY, NA. Concurrently GMAC sold or transferred the servicing rights of the SECOND MORTGAGE to GREEN TREE FINANCIAL, LLC. These transfers were beaches of the loan agreement between GMAC and PLAINTIFFS because they placed that SECOND MORTGAGE outside of the control of GMAC thereby rendering the PLAINTIFFS-GMAC loan agreement a nullity and an impossibility. (The Bank of New York Mortgage Loan Transfer Notice" is attached as EXHIBIT E). The GREEN TREE FINANCIAL transfer letter is attached as EXHIBIT F).

12. PLAINTIFFS have been damaged in that they have been deprived of the benefit of their loan agreement and did not receive the principal reduction promised by GMAC and are paying and will continue to pay higher monthly mortgage payments than they would have had GMAC honored its agreement.

13. The identities of DOES ONE THROUGH 10 INCLUSIVE, are unknown to PLAINTIFFS as are the specific actions which make them liable to PLAINTIFFS, who shall amend this complaint if and when such information becomes known to them.

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT-PROMISSORY ESTOPPEL**

14. As and for their Second Cause of Action PLAINTIFFS restate and incorporate by reference the previous allegations of this complaint as though set forth in full herein.

15. On October 27, 2009 after GMAC failed to refinance PLAINTIFFS' FIRST and SECOND MORTGAGES in accordance with the signed loan agreement GMAC, offered to complete the loan transaction if PLAINTIFFs would first refinance the mortgage on a piece of real property which PLAINTIFFS owned in the State of Indiana. These representations of GMAC were clear and unambiguous and GMAC intended for the PLAINTIFFS to rely upon those representations.

16. The refinance of the Indiana property would cost PLAINTIFFS $7,000.00 out of pocket in addition to transactional costs and fees, and they were willing to spend that sum only because they would recoup much more then that $7,000.00 when GMAC, as now promising for the second time, would refinance both the FIRST and SECOND MORTGAGES on the Temecula property, thereby reducing the principal balance by $174,300, cutting the monthly payment by $1,000.00 and converting the adjustable to a fixed rate.

17. PLAINTIFF completed the refinance of the Indiana property through GMAC on December 24, 2009.

18. PLAINTIFFS reasonably relied on the representations of GMAC that GMAC would refinance the FIRST and SECOND MORTGAGE on the Temecula property, if they would first refinance the Indiana property through GMAC. In reasonable reliance on the representations of GMAC paid $7,000.00 out of pocket to complete the Indiana refinance, and GMAC benefited by receiving fees as a part of the closing on the Indianan refinance.

19. GMAC has failed to refinance the Temecula property despite the fact that PLAINTIFFS in reliance on GMAC's representations and promises have refinanced the Indiana

property and incurred costs and fees in doing so.

20. PLAINTIFFS have been damaged in that they have been deprived of the benefit of their loan agreement and did not receive the principal reduction promised by GMAC and are paying and will continue to pay higher monthly mortgage payments than they would have had GMAC honored its agreement, and PLAINTIFFS have incurred out of pocket fees and transactional costs in refinancing the Indiana property.

21. GMAC is estopped from denying PLAINTIFFS the refinance on the terms outlined by GMAC and agreed to when PLAINTIFF electronically signed their original loan documents because GMAC knew that PLAINTIFFS would rely to their detriment on the representations of GMAC and PLAINTIFFS did in fact reasonably rely on those representations.

## THIRD CAUSE OF ACTION
## FRAUD

22. As and for their Third Cause of Action PLAINTIFFS restate and incorporate by reference the previous allegations of this complaint as though set forth in full herein.

23. GMAC sold the SECOND MORTGAGE on PLAINTIFFS' Temecula property to Bank of New York Trust Company, NA. (EXHIBIT E). Concurrently GMAC transferred the servicing of the loan to Green Tree Financial, LLC. (EXHIBIT F). The transfers described in this paragraph made it an absolute certainty that GMAC could not deliver on it previous promise to refinance PLAINTIFFS' FIRST and SECOND MORTGAGES on the Temecula property.

24. GMAC knew that once ownership of the SECOND MORTGAGE had been transferred to Bank of New York and the servicing of that loan had been transferred to Green Tree Financial, LLC, it would not be able to refinance that SECOND MORTGAGE.

25. Despite the foregoing knowledge, GMAC continued to represent to PLAINTIFFS that if they refinanced the Indiana property with GMAC, GMAC would refinance the FIRST and SECOND on the Temecula property knowing that PLAINTIFFS were relying on the savings to be realized from the Temecula refinance to cover the costs and expenses of the Indiana refinance.

26. GMAC made these representations for the purpose of realizing financial gain on the Indiana refinance, knowing from October 1, 2009 that GMAC would not be able to refinance the SECOND MORTGAGE on the Temecula property.

27. From October 5, 2009 until the Indiana closing on December 24, 2009 GMAC representative Kyle Holland on at least five occasions continued to represent to PLAINTIFFS that they would receive the promised refinance of the Temecula property, even though that was impossible due to the ownership transfer of the SECOND MORTGAGE on October 1, 2009.

28. Despite their diligence in keeping records and notes of their contacts with GMAC, the complete information necessary to plead the specifics of fraud and the ratification of that fraud at the management level are necessarily in the possession and control of GMAC which alone has the ability to know the full and complete facts of this controversy. Only through discovery process can PLAINTIFFS possible be able to assemble the documentary evidence required to specifically plead and prove the alleged fraud.

WHEREFORE, PLAINTIFFS pray as follows:

COUNT NUMBER ONE: BREACH OF CONTRACT

1. For contractual damages according to proof at trial but in no event less than $200,000.00
2. For the costs of bringing this action.
3. For such other relief as this court deems equitable, just and proper.

COUNT NUMBER TWO: BREACH OF CONTRACT-PROMISSORY ESTOPPEL

1. For an order of this court requiring GMAC to buy back the SECOND MORTGAGE from BANK OF NEW YORK and provide to PLAINTIFFS a refinance as agreed of both the FIRST AND SECOND MORTGAGE on the Temecula property.
2. For the costs of bringing this action.
3. For such other relief as this court deems equitable, just and proper.

COUNT NUMBER THREE: FRAUD

1. For compensatory damages according to proof at trial but in no event less than $200,000.00.

2. For punitive damages in the amount of $500,000.00.

3. For reasonable attorney fees.

4. For the costs of brining this action.

5. For such other relief as this court deems equitable just and proper.

TRAUT LAW GROUP

DATED: April 21, 2011

By: ______________________
John Thomas Dzialo, Attorney for PLAINTIFFS, DAVID KINWORTHY and LESLIE KINWORTHY

**EXHIBIT A**

***KINWORTHY V. GMAC***

GMAC Mortgage

Homecomings Financial
A GMAC Company

July 2, 2009 GMAC Mortgage Loan: 601622160

Dear David Kinworthy,

I am a Loan Officer with GMAC Mortgage, an affiliate of your current mortgage company, Homecomings Financial*.

GMAC Mortgage has created a special program – now available to some Homecomings Financial customers – that may offer you an opportunity to lower your current mortgage payment, re-finance your adjustable rate mortgage or possibly even reduce your loan's outstanding principal balance.

Only certain customers have been identified for this limited time opportunity. I would like to speak with you about this opportunity as soon as possible.

Please call me toll free at **888.521.4622 extension 367.3024** for a no-cost, no-obligation review of your current mortgage loan with Homecomings Financial.

I look forward to hearing from you and showing you how GMAC Mortgage may be able to offer you financial relief on your mortgage.

Best Regards,

Kyle

Kyle Holland
Senior Mortgage Analyst
GMAC Mortgage, LLC
Direct – 704-367-3024
Fax – 866-501-9581

1-800-766-4622
GMAC

Arizona Mortgage License Number BK-7670; Licensed by the Department of Corporations under the California Residential Mortgage Lending Act; Georgia Mortgage Lender License #5845; Illinois Residential Mortgage Licensee; Massachusetts Mortgage Lender License Number ML 1556; Minnesota: This is not an offer to enter into an agreement. Any such offer may only be made pursuant to Minn. Stat. 47.206 (3) & (4); Montana Licensed Mortgage Broker #000207; Licensed by the New Hampshire Banking Department; Licensed by the NJ Department of Banking and Insurance, 45 Eisenhower Dr., Paramus, (201) 226-1199; Licensed Mortgage Banker; NYS Banking Department; Licensed by the Pennsylvania Department of Banking; Licensed RI Lender and Broker. Home Equity Credit Loans not offered in Arkansas; Home Equity Credit Lines not offered in: AR & TX; Massachusetts Mortgage Lender License Number ML 1556; Licensed by the New Hampshire Banking Department; In Tennessee home equity credit lines and loans offered by GMAC Mortgage Corporation of TN.

GMAC Mortgage, LLC
2101 Rexford Rd Suite 250W Charlotte, NC 28211
888.521.4622 toll free gmacmortgage.com

**EXHIBIT B**

***KINWORTHY V. GMAC***

Gmail by Google

David Kinworthy <kinworthys@gmail.com>

# FW: GMAC loan docs

1 message

Leslie <kinworthys@roadrunner.com> Sat, Jul 31, 2010 at 1:22 PM
To: David Kinworthy <kinworthys@gmail.com>

-----Original Message-----
**From:** Holland, Kyle - NC [mailto:Kyle.Holland@gmacm.com]
**Sent:** Wednesday, August 05, 2009 2:20 PM
**To:** kinworthys@roadrunner.com
**Subject:** GMAC loan docs

This is the first of two emails you will get. The 2nd email is the loan documents which you both will need to esign. When you are done you need to hit the submit button. You will be asked a series of security questions to access the loan documents and the answers regardless of how silly are gm in lower case.

Once you sign all these documents we will order your appraisal and your new loan amount will be approximately 99% of the appraised value. These documents are based on an estimated value of 225,000 and this will save you around 1000 per month and consolidate your 2 mortgages into one.

I do need a little more info from you which you can respond via email.
job titles for both
Leslie's work address and phone number
A credit card number with expiration date so I can order the appraisal

I will also need the following documents from you both:
social security cards
last 2 pay stubs
last 2 w2's

Call me if you have any questions!!

***Kyle Holland***
***GMAC Mortgage***
***2101 Rexford Road, suite 250 West***
***Charlotte, NC 28211***
***888.521.4622 ext 367.3024***
***704.367.3024 direct***
***866.501.9581 fax***
***Kyle.holland@gmacm.com***

*The information contained in this message is the property of Residential Capital LLC and/or its direct and indirect subsidiaries and is intended only for the confidential use of the persons or entities to whom it is addressed. This message, together with any attachments, is proprietary and confidential, may contain inside information, and may be subject to the attorney-client privilege and/or the attorney work product doctrine. If the reader of this message is not one of the addressees set forth above: (a) the reader has received this message in error and is directed to destroy this message, together with any attachments, and notify the sender at 215-682-1627 and (b) any review, dissemination, use, or distribution of this message or any attachments is prohibited. Thank you.*

**EXHIBIT C**

***KINWORTHY V. GMAC***



David Kinworthy <kinworthys@gmail.com>

# FW: your GMAC loan

1 message

Leslie <kinworthys@roadrunner.com> Sat, Jul 31, 2010 at 1:33 PM
To: David Kinworthy <kinworthys@gmail.com>

-----Original Message-----
From: Holland, Kyle - NC [mailto:Kyle.Holland@gmacm.com]
Sent: Monday, August 10, 2009 12:46 PM
To: Leslie
Subject: FW: your GMAC loan

there are 9122 of fees in this loan which show on your Good Faith Estimate and those fees are lumped along with the amount of your mortgage we are writing off which is roughly 174,300. Nothing comes from you and nothing is wrapped into the loan. The best place to see this is page 4 of the Uniform Residential loan application in the top left corner which I have circled for you.

You currently pay about 3192 per month including your 1st and 2nd mortagges, home owners insuarnce and property taxes, after this assuming your home appraises for around 315k your new mortgage will be around 2104 including all those items as well

Kyle Holland
GMAC Mortgage
2101 Rexford Road, suite 250 West
Charlotte, NC 28211
888 521 4622 ext 367 3024
704 367 3024 direct
866 501 9581 fax
kyle.holland@gmacm.com

The information contained in this message is the property of Residential Capital LLC and/or its direct and indirect subsidiaries and is intended only for the confidential use of the persons or entities to whom it is addressed. This message, together with any attachments, is proprietary and confidential, may contain inside information, and may be subject to the attorney-client privilege and/or the attorney work product doctrine. If the reader of this message is not one of the addressees set forth above: (a) the reader has received this message in error and is directed to destroy this message, together with any attachments, and notify the sender at 215-682-1627 and (b) any review, dissemination, use, or distribution of this message or any attachments is prohibited. Thank you.

**EXHIBIT D-1**

***KINWORTHY V. GMAC***



David Kinworthy <kinworthys@gmail.com>

# FW: Borrower for Loan 000687324647 with borrower Leslie Kinworthy has completed signing.

1 message

Leslie <kinworthys@roadrunner.com> Sat, Jul 31, 2010 at 1:50 PM
To: David Kinworthy <kinworthys@gmail.com>

-----Original Message-----
From: Ally [mailto:techsupport@elynx.com]
Sent: Wednesday, August 12, 2009 10:46 AM
To: kinworthys@roadrunner.com
Subject: Borrower for Loan 000687324647 with borrower Leslie Kinworthy has completed signing.

Loan number: 000687324647
Borrower: Leslie Kinworthy

Dear David,

Leslie Kinworthy for loan 000687324647, has completed the electronic signing process.
In order for the documents to be completely signed and submitted it is required that you login and sign the documents as well. This will require you to login using the hyperlink contained in the original email that was sent to you.

Thank you for using the Ally uSign System, powered by eLynx. For technical support, please call eLynx Technical Support at 1.800.905.0939.

Customer|eLynx|usign Ally | BLOBDATA

**EXHIBIT D-2**

***KINWORTHY V. GMAC***

**John Dzialo**

**From:** Leslie [kinworthys@verizon.net]
**Sent:** Friday, March 25, 2011 3:40 PM
**To:** johnd@trautlawgroup.com
**Subject:** FW: Borrower for Loan 000687324647 with borrower David Kinworthy has completed signing.

-----Original Message-----
From: Ally [mailto:techsupport@elynx.com]
Sent: Wednesday, August 12, 2009 10:57 AM
To: kinworthys@roadrunner.com
Subject: Borrower for Loan 000687324647 with borrower David Kinworthy has completed signing.

Loan number: 000687324647
Borrower: David Kinworthy

Dear Leslie,

David Kinworthy for loan 000687324647, has completed the electronic signing process. In order for the documents to be completely signed and submitted it is required that you login and sign the documents as well. This will require you to login using the hyperlink contained in the original email that was sent to you.

Thank you for using the Ally uSign System, powered by eLynx. For technical support, please call eLynx Technical Support at 1.800.905.0939.

Customer|eLynx|usign.Ally | BLOBDATA

**EXHIBIT E**

***KINWORTHY V. GMAC***

# Bank of New York Trust Company, N.A.

## MORTGAGE LOAN TRANSFER NOTICE

In this Notice, the terms "we", "us" or "our" mean the new creditor identified below. The terms "you" and "your" mean the mortgage loan borrower(s) identified below.

We are sending you this Notice because we are required by law to notify you that your mortgage loan identified below has been sold or transferred to us. We are the new creditor of your mortgage loan.

Received 10/5/2009

| | |
|---|---|
| *Date of this Notice:* | October 01, 2009 |
| *Mortgage Loan Borrower Name(s):* | David Kinworthy |
| *Property Address:* | 40156 Calle Medusa<br>Temecula, CA 92591-6900 |
| *Mortgage Loan Information:* | |
| Date of Loan: | 07/07/2006 |
| Original Amount of Loan: | $78,140.00 |
| Address of Mortgaged Property: | 40156 Calle Medusa<br>Temecula, CA 92591-6900 |
| Mortgage Identification Number (MIN): | 1003006-0001010347-3 |

*Please note the following information regarding the transfer of your mortgage loan:*

1. The identity (name), address and telephone number of the new creditor:

   Bank of New York Trust Company, N.A.
   2220 Chemsearch Blvd.
   Suite 150
   Irving, Tx 75062
   (972) 785-5263

2. The date of the transfer of your mortgage loan: 09/30/2009

3. How to reach an agent or party having authority to act on behalf of the new creditor:

   The mailing address and telephone number to reach the mortgage company servicing your mortgage loan is:

   GMAC Mortgage, LLC
   3451 Hammond Ave
   Mail Code 507-345-186
   Waterloo, Ia 50702
   (800) 766-4622
   (800) 766-4622
   http://www.gmacmortgage.com

4. The instrument representing the indebtedness of your mortgage loan (promissory note) is not a recordable document, but the promissory note is in our possession or held on our behalf by our custodian. The security instrument (mortgage or deed of trust) that secures the repayment of your promissory note is, however, recorded in the public land records for Riverside, CA.

5. Additional information:

**This Notice does not identify or otherwise change the address where you send your mortgage loan payments.**

If there is any change in the address for your mortgage loan payments, you will be notified of such change separately and apart from this notice.

You can also look up the current servicer of your mortgage loan by accessing MERS® Servicer ID at www.mers-servicerid.org, or by dialing the toll-free MERS® Servicer Identification System at 888-679-6377.



**EXHIBIT F**

***KINWORTHY V. GMAC***

GMAC Mortgage

Recieved 10/3/2009 Envelope dated 10/1/09

September 30, 2009

David B Kinworthy
Leslie K Kinworthy
40156 Calle Medusa
Temecula, CA 92591

GMAC Mortgage, LLC — Account Number: 8601622171
Green Tree Servicing, LLC — Account Number: 0000000000

Property Address: 40156 Calle Medusa
Temecula, CA 92591

Dear David B Kinworthy
Leslie K Kinworthy

Effective October 1, 2009, the servicing of the above referenced account, that is, the right to collect payments from you, is being assigned, sold, or transferred from GMAC Mortgage, LLC to Green Tree Servicing, LLC. The assignment, sale, or transfer of servicing does not affect the terms or conditions of your mortgage documents/security instruments, other than the terms directly related to the servicing of your account.

Your present servicer is GMAC Mortgage, LLC. Prior to October 1, 2009, any questions regarding your account should be directed to our Customer Care Department at 1-800-766-4622.

Your new servicer will be Green Tree Servicing, LLC. Beginning October 1, 2009, any questions you have regarding your account should be directed to Green Tree Servicing, LLC. You can contact their Customer Service Department at 1-800-643-0202. Also beginning October 1, 2009, written inquiries regarding your account should be directed to Green Tree Servicing, LLC's Customer Service Department at the address below.

Payment Information - Effective October 1, 2009, please direct payments to Green Tree Servicing, LLC's Payment Processing

GMAC Mortgage, LLC
3451 Hammond Avenue · P.O. Box 780 · Waterloo, IA 50704-0780
gmacmortgage.com

GMAC Mortgage



Department at the address below. Payments will be processed by GMAC Mortgage, LLC if received prior to October 1, 2009, and will be forwarded to Green Tree Servicing, LLC if received on or after October 1, 2009.

Green Tree Servicing, LLC
P.O. Box 94710
Palatine, IL 60094-4710

As of September 30, 2009, your Current Principal Balance is $ 76475.89, your current escrow balance is $ 0, your current interest rate is 9.55%, your total monthly payment is $ 659.90, and your next due date is 10/01/09.

Automatic Payment Deduction - If you currently have your payments automatically withdrawn from your financial institution, this service will be transferred to Green Tree Servicing, LLC . If this service is not transferable, you will receive a letter under separate cover providing further direction.

Government Allotment/Bill Pay Service - If you currently make your payment through a third party entity (e.g. government allotment, biweekly, or bill-pay service), please advise them of your new account number and change the payee to Green Tree Servicing, LLC . In the event of a payment change, it is your responsibility to notify the third party of the new payment amount. If you have been using the bill-pay service on GMAC Mortgage, LLC 's website, this service will be deactivated on October 1, 2009.

Optional Insurance - If you have taken advantage of any of our optional insurance plans or optional products, this service will be transferred to Green Tree Servicing, LLC . If any of these plans or products are not transferable, you will receive a letter under separate cover providing further direction.

Year-End Statement - You will receive a year-end statement from GMAC Mortgage, LLC reflecting account activity this year. Green Tree Servicing, LLC should provide their own statement for the period of time they serviced your account this year. You will need to combine these two statements for income tax purposes.

Escrow Account - If you have an escrow account, GMAC Mortgage, LLC will send you, within 45 days, an escrow history statement reflecting escrow deposits, disbursements and balances for the period of time we serviced your account since your last escrow analysis. The transferring escrow balance will be reflected on this statement.

GMAC Mortgage

September 30, 2009
Account Number 8601622171
Page Three

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of the transfer. Your new servicer must also send you this notice no later than 15 days after the effective date of transfer.

If you have filed for bankruptcy or have been discharged of your personal liability for repayment of this debt, be advised this is for informational purposes only. Furthermore, this is not an attempt to collect on the debt and should not be misconstrued to be so.

You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 USC 2605):

During the 60 day period following the effective date of the transfer of the account servicing, a payment received by your old servicer, before its due date, may not be treated by the new servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 USC s2605) gives you certain consumer rights. If you send a "qualified written request" to your servicer concerning the servicing of your account, your servicer must provide you with a written acknowledgment within 20 business days of receipt of your request. A "qualified written request" is written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name, account number, and reason for the request.

Not later than 60 business days after receiving your request, your servicer must make appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents/security instruments.

A "business day" is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

GMAC Mortgage



Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

GMAC Mortgage, LLC appreciated the opportunity to service your account. We wish you a successful relationship with Green Tree Servicing, LLC

Sincerely,

GMAC Mortgage, LLC
6020

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
4050 Main Street
Riverside, CA 92501
www.riverside.courts.ca.gov

NOTICE OF ASSIGNMENT TO DEPARTMENT FOR CASE MANAGEMENT PURPOSES AND CASE MANAGEMENT CONFERENCE (CRC 3.722)

KINWORTHY VS. GMAC MORTGAGE

CASE NO. RIC 1107039

This case is assigned to the Honorable Judge Ronald L Taylor in Department 06 for case management purposes.
The Case Management Conference is scheduled for 10/26/11 at 8:30 in Department 06.

(Bad Mnemonic)
Case Management Conference Hearing

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6(2) shall be filed in accordance with that section.

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 04/22/11 Court Executive Officer/Clerk

By: ______________________
RHIANNEN K DEVRIES, Deputy Clerk

ac:cmc;cmcb;cmch;cmct;cmcc
cmccb;cmcch;cmcct

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
John Dzialo SBN 159996
Traut Law Group
200 W. Santa Ana Blvd. #990
Santa Ana, CA 92701
TELEPHONE NO.: 714-418-4317 FAX NO.: 949-812-7687
ATTORNEY FOR (Name): David and Leslie Kinworthy

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Riverside
STREET ADDRESS: 4050 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Riverside, CA 92501
BRANCH NAME: Historic Court House

CASE NAME:
Kinworthy v. GMAC Mortgage

**CIVIL CASE COVER SHEET**

[✓] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: RIC 1107039

JUDGE:

DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. [✓] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [✓] punitive
4. Number of causes of action *(specify)*: 3
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4/21/11
John Dzialo
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.





COPY

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

**SUPERIOR COURT, COUNTY OF RIVERSIDE, STATE OF CALIFORNIA**

| | |
|---|---|
| ☐ **BANNING** 135 N. Alessandro Road, Banning, CA 92220 | ☐ **MURRIETA** 30755-D Auld Road, Murrieta, CA 92563 |
| ☐ **BLYTHE** 265 North Broadway, Blythe, CA 92225 | ☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501 |
| ☐ **HEMET** 880 N. State St., Hemet, CA 92543 | ☐ **RIVERSIDE** 4175 Main St., Riverside, CA 92501 |
| ☐ **INDIO** 46-200 Oasis St., Indio, CA 92201 | ☐ **TEMECULA** 41002 County Center Dr., #100, Temecula, CA 92591 |
| ☐ **MORENO VALLEY** 13800 Heacock St #D201, Moreno Valley, CA 92553 | |

Name and Address
John T. Dzialo
Traut Law Group
200 W. Santa Ana Blvd. #990
Santa Ana, CA 92701

Attorney for Plaintiff
or Party without Attorney

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

APR 22 2011

R. Devries

DAVID KINWORTHY AND LESLIE KINWORTHY,

Plaintiff(s)

vs.

GMAC MORTGAGE, LLC,
AND DOES 1-10 INCLUSIVE

Defendant(s)

CASE NO. RIC 1107039

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the Riverside Superior Court for the following reason:

☐ The action arose in this judicial district.

☒ The action concerns real property located in this judicial district.

☐ The defendant resides in this judicial district.

Dated: 4/21/2011

TRAUT LAW GROUP

Signed by: [signature]
ATTORNEY FOR PLAINTIFF(S)
OR PARTY WITHOUT ATTORNEY

John Dzialo, Esq.



