MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

———————————————————————— )
In re:                                                    )        Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, et al.,      )        Chapter 11
                                                              )
                                    Debtors.          )        Jointly Administered
———————————————————————— )

## DEBTORS' OBJECTION TO MOTION FOR ORDER PERMITTING
## MED&G GROUP LP TO FILE A LATE PROOF OF CLAIM

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................ 1

BACKGROUND ..................................................................................................... 1

I.      GENERAL BACKGROUND……………………………………...………… 1

II.     THE UNDERLYING PROCEEDINGS, ENTRY OF THE BAR DATE ORDER,
        AND RELATED NOTICES OF BAR DATE…………………………….……..… 2

III.    SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT .................................... 5

IV.     MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT ................. 7

        1.    The Reason for the Delay, Including Whether it was Within the
              Reasonable Control of the Movant ........................................................ 9

        2.    The Danger of Prejudice to the Debtors ............................................. 10

        3.    Whether the Movant Acted in Good Faith........................................... 11

        4.    The Length of Delay and its Potential Impact on Judicial Proceedings .............. 12

EXHIBITS:

Exhibit 1      Notice of Bankruptcy and Effect of Automatic Stay

Exhibit 2      Proof of Service

Exhibit 3      California Secretary of State's Business Entity Detail Pertaining to MED&G
               Group, LP

Exhibit 4      California Secretary of State's Business Entity Detail Pertaining to Praxis Capital,
               LLC

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

CASES

In re Alexander's Inc.,
176 B.R. 715 (Bankr. S.D.N.Y. 1995) .................................................................5, 7

In re BGI, Inc.,
476 B.R. 812 (Bankr. S.D.N.Y. 2012) (Glenn, J.) .............................................8, 11

In re BH S & B Holdings LLC,
435 B.R. 153 (Bankr. S.D.N.Y. 2010) (Glenn, J.) .............................................8, 9

In re Dana Corp.,
No. 06–10354 (BRL), 2008 WL 2885901 (Bankr. S.D.N.Y. July 23, 2008) ..........................10

In re Enron Corp.,
419 F.3d 115 (2d Cir. 2005)...................................................................... passim

In re Lehman Bros. Holdings Inc.,
433 B.R. 113 (Bankr. S.D.N.Y. 2010) ...................................................................10

In re Kmart Corp.,
381 F.3d 709, 714-15 (7th Cir. 2004) ...................................................................12

In re Pioneer Inv. Servs. Co.,
106 B.R. 510 (Bankr. E.D. Tenn. 1989) ................................................................7

Inoue v. GMAC Mortgage Corp.,
Case No.: SCV 248256 (Cal. Sup. Ct.).................................................................2

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,
507 U.S. 380 (1993).............................................................................. passim

Riverhead Transit Mix Corp. v. Walsh Const. Co.,
No. 091-7142-511, 1995 WL 1051649 (Bankr. S.D.N.Y. June 29, 1995) ..............................5

STATUTES

California Corporations Code § 15904.02(a)..........................................................7

OTHER AUTHORITIES

http://kepler.sos.ca.gov/ .................................................................................6

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), including GMAC Mortgage, LLC ("**GMAC Mortgage**") and Executive Trustee Services, LLC ("**ETS**"), hereby submit this objection to the *Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim* [Docket No. 3238] (the "**Motion**") filed by MED&G Group LP (the "**Movant**").  In support hereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.    Although acknowledging that the Debtors served three addresses currently used by it or its general partner with a notice of the claims bar date in the Debtors' chapter 11 cases, Movant contends that it should be permitted to file a late proof of claim due to the f Movant's or its general partners' employees failure to comprehend the significance of the notice and their failure to timely check the mail at one of the service addresses.  Service of the notice of claims bar date on Movant at addresses used by it and its general partner was sufficient service, and Movant's excuses do not satisfy the standards of excusable neglect applicable in this District.  The Motion should be denied.

## BACKGROUND

### I.    GENERAL BACKGROUND

2.    On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures. On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

3.      On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors.

4.      The Debtors were formerly a leading residential real estate finance

company indirectly owned by Ally Financial Inc., which is not a Debtor.  Prior to the closing of

the Debtors' court-approved asset sales, the Debtors and their non-debtor affiliates operated the

fifth largest mortgage servicing business and the tenth largest mortgage origination business in

the United States.  A more detailed description of the Debtors, including their business

operations, their capital and debt structure, and the events leading to the filing of these

bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of*

*Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket

No. 6].

## II.     THE UNDERLYING PROCEEDINGS, ENTRY OF THE BAR DATE ORDER, AND RELATED NOTICES OF BAR DATE

5.      On at least three separate occasions, Movant was furnished with notice of

the pendency of the Debtors' chapter 11 cases.  On May 25, 2012, the Debtors filed and served

on Movant in the underlying state court lawsuit, captioned *Inoue v. GMAC Mortgage Corp.,*

Case No.: SCV 248256 (Cal. Sup. Ct.) (the "**Action**"), a notice of pendency of the Debtors'

bankruptcy cases.  See *Notice of Bankruptcy and Effect of Automatic Stay*, attached hereto as

Exhibit 1.  Thereafter, Movant was served with a copy of the relief from stay motion filed by the

plaintiffs in the action, the Inoues, and with a copy of a stipulation entered into in these chapter

11 cases between the Debtors and the Inoues.  See *Certification of Service* [Docket No 802]

(service of Motion), *Proof of Service*, attached hereto as Exhibit 2 (service of stipulation).

6.      On August 29, 2012, the Court entered its *Order Establishing Deadline*

*for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket

No. 1309] (the "**Bar Date Order**"), establishing November 9, 2012 as the general claims bar date (the "**Bar Date**"). The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

7.      Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "**Bar Date Notice**"). The Bar Date Notice states that, subject to certain exceptions not applicable here "You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date . . . even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date." Bar Date Notice ¶ 1. The Bar Date Notice further states:

> **ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

Bar Date Notice ¶ 6.

8.      In accordance with the Bar Date Order, on or before September 7, 2012, the Debtors' claims and noticing agent served a copy of the Bar Date Notice on Movant and several entities apparently associated with Movant at four addresses, including at 3333 Mendocino Ave, Suite 110, Santa Rosa, CA 95403-2260 (the "**Main Office Address**"), the address referenced by the Motion as "the main office of Movant." See Motion ¶ 10. Those entities and addresses include:

3

- MED & G Group LP, 3104 O Street #109, Sacramento, CA 95816 (the "**O Street Address**"),

- MED & Base Group, LP, 2900 Mendocino Avenue, Suite 101, Santa Rosa, CA 95403 (the "**2900 Mendocino Address**"),

- Praxis Capital, 2801 T Street, Sacramento, CA 95816 (the "**T Street Address**"), and

- Pinnacle Equity Group LP, at the Main Office Address.[1]

9.      On November 27, 2012, Movant filed its *Motion for Relief from the Automatic Stay of 11 U.S.C. § 362* [Docket No. 2274] (the "**MFR**"). The MFR seeks relief from the automatic stay to pursue claims (including monetary claims) against GMAC Mortgage in the Action. In the Action, Movant asserts a cross claim against the Debtors for damages that may arise in the event Movant is required to turn over to the plaintiffs in the Action a property Movant purchased at a trustee sale conducted by ETS. MFR at Exhibit I. Movant asserts that it is entitled to relief from the automatic stay to permit it to proceed with both legal and equitable claims against the Debtors. See, generally, MFR ¶ 1.

10.     On January 22, 2013, the Debtors filed their *Objection to Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 by MED&G Group, LP* [Docket No. 2680] (the "**MFR Objection**"). In the MFR Objection, the Debtors indicated that they would be willing to stipulate to relief from the automatic stay to permit Movant to proceed with its equitable claims, but would not consent to relief from the automatic stay to permit Movant to proceed with its

---

[1] See *Affidavit of Service* [Docket No. 1412], Exhibit I at 7321 (Movant and MED & Base Group, LP), 8549 (Pinnacle Equity Group LP), and 8649 (Praxis Capital, LLC). The Debtors' claims and noticing agent also served the Bar Date Notice on Brian Burke, Eric Peterson, and Movant's registered agent, Chris Peterson, at the 2900 Mendocino Address. Id. at 1123, 1838, and 3341. The Bar Date Notice was also published in the Wall Street Journal and USA Today. See *Amended Affidavit of Publication re: Notice of Deadlines for Filing Proofs of Claim in The Wall Street Journal and USA Today* [Docket No. 1660].

ny-1087211

monetary claims against the Debtors as a result of Movant's failure to timely file a proof of claim. MFR Objection ¶¶ 3-4.

11.     After three consensual adjournments so that Movant could determine if it would be amenable to resolving the MFR through a stipulation in the form described in the MFR Objection, Movant filed the Motion on March 18, 2013. The Affidavit of Brian Burke (the "**Burke Affidavit**") submitted in support of the Motion does not expressly acknowledge receipt of the Bar Date Notice; however, the affiant provides no testimony to contradict the presumption that it was in fact received at at least three locations.  See, e.g., In re Alexander's Inc., 176 B.R. 715, 721 (Bankr. S.D.N.Y. 1995) (it is "black letter law" that properly mailed bar date notice presumed to be received); Riverhead Transit Mix Corp. v. Walsh Const. Co., No. 091-7142-511, 1995 WL 1051649 (Bankr. S.D.N.Y. June 29, 1995) ("affidavit of service is sufficient evidence to raise a presumption of receipt by the party served").  Nonetheless, Movant contends that although the Debtors served Movant with the Bar Date Notice at a minimum of three addresses owned or currently used by Movants or its general partner, such duplicate notice was insufficient.  Movant also argues that purported failure of unidentified staff members to appreciate the importance of the Bar Date Notice constitutes excusable neglect such that the Court should deem timely a late proof of claim Movant seeks to file.

## III.    SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT

12.     Movant acknowledges that its general partner, Praxis Capital, currently maintains three of the four addresses served with the Bar Date Notice.  Yet, Movant suggests that service at these three addresses was insufficient because the Debtors failed to serve Movant or its general partner at their *preferred* addresses.  This is neither entirely correct nor dispositive.

13.     First, the Debtors did serve at the Main Office Address an entity, Pinnacle Equity Group LP, which appears to be associated with Movant and Mr. Burke.  See *Affidavit of*

ny-1087211

*Service* [Docket No. 1412], Exhibit I at 8549.  As a result, Mr. Burke's statement that "no proof of claim notice was served on either of MED&G Group's valid addresses, either [the Main Office Address] or P.O. Box 5844, Santa Rosa, California 95402," simply appears to be incorrect.

14.    Moreover, Movant acknowledges that Praxis Capital serves as its general partner and hence is its agent, and that Praxis Capital maintains mailboxes at three of the addresses served with the Bar Date Notice.  See Motion ¶¶ 13-14.  Nonetheless, Movant contends that two of the addresses in particular (the O Street Address and the T Street Address) were insufficient for service of the Bar Date Notice.  Movant contends that the T Street Address is was insufficient because it is the general partner's "satellite" office, and although it contains approximately half of the company's workforce, this address was inappropriate for service because the employees do not currently conduct business on behalf of Movant.  See Motion ¶ 14.[2]

15.    Movant further argues that the O Street Address was not sufficient for service because it is a private mailbox not used by Movant for business, and because the general partner does not check the mail at this address very often.  Burke Affidavit ¶¶ 13-14.  Instead, Movant asserts that the Debtors should have served the Bar Date Notice at Movant's "principal place of business" at the Main Office Address.[3]  Yet, as described above, the Bar Date Notice

---

[2] It is unclear what Movant means by this statement.  While Movant indicates that it does not conduct business at the T Street Address, it contends that the *employees* at the "satellite" office do not *currently* conduct business on behalf of Movant, not that Movant does not or has not conducted business at this address or that the employees have not in the recent past conducted business on behalf of Movant at this office.

[3] While Movant contends that the Debtors should have served it at its principal place of business, the Main Office Address does not even appear to be listed as Movant's or Praxis Capital's address with the California Secretary of State, contrary to the statements in Mr. Burke's affidavit.  See http://kepler.sos.ca.gov/ (searching for "MED&G Group" and "Praxis Capital").  A printout of the relevant search on the website of the California Secretary of State is attached hereto as Exhibits 3 and 4.

was served on the Main Office Address.  Additionally, a limited partnership's general partner is

an agent for the limited partner[4] and service upon the general partner is sufficient to provide the

limited partner with actual notice.  See In re Alexander's, Inc., 176 B.R.715, 720 (Bankr.

S.D.N.Y. 1995) (service on agent sufficient even if not conveyed to principal); In re Pioneer Inv.

Servs. Co., 106 B.R. 510, 516 (Bankr. E.D. Tenn. 1989) (president of one general partner who

was served with bar date notice could not "close his eyes" to the fact that he was also president

of a second general partner and second general partner's limited partner deemed served with

notice), rev'd on other grounds, 507 U.S. 380 (1993).  As a result, despite Movant's assertions

that it "did not receive any Bar Date Notice," service at any of the O Street Address, the T Street

Address, or the Main Office Address by the Debtors was sufficient to provide Movant with

actual notice of the bar date, either by notice to Movant itself, or through its general partner, as

agent; and satisfies due process requirements and the requirements of the Bankruptcy Code and

Rules.

## IV.    MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT

16.    The Supreme Court considered the test for determining whether a creditor

may be permitted to file a late proof of claim in Pioneer Inv. Servs. Co. v. Brunswick Assocs.

Ltd. P'ship, 507 U.S. 380 (1993).  In Pioneer,[5] the Court explained that Congress, in

empowering "the courts to accept late filings 'where the failure to act was the result of excusable

neglect,' plainly contemplated that courts would be permitted, where appropriate, to accept late

filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances

beyond the party's control."  Id. at 388.  The Court explained that "the determination [regarding

whether a failure to act constitutes excusable neglect] is at bottom an equitable one, taking

---

[4] See California Corporations Code § 15904.02(a) (general partner is agent for the limited partnership).
[5] Unless otherwise specified, references to Pioneer are to the Supreme Court's decision.

account of all relevant circumstances surrounding the party's omission," including (i) "the reason

for the delay, including whether it was within the reasonable control of the movant," (ii) "the

danger of prejudice to the debtor," (iii) "whether the movant acted in good faith," and (iv) "the

length of delay and its potential impact on judicial proceedings." Id. at 395.

17.    The Second Circuit takes a "hard line" approach in applying the Pioneer

test. In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005); see also In re BGI, Inc., 476 B.R. 812,

824 (Bankr. S.D.N.Y. 2012) (Glenn, J.). The Second Circuit has observed that three of the

Pioneer factors typically will weigh in favor of the movant – the length of the delay, the danger

of prejudice, and the movant's good faith. In re Enron Corp., 419 F.3d at 122; see also In re BH

S & B Holdings LLC, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (Glenn, J.). As a result, the

Second Circuit has focused on the fourth factor, "the reason for the delay, including whether it

was within the reasonable control of the movant." In re Enron Corp., 419 F.3d at 123 (internal

quotations omitted). Importantly, the Second Circuit noted "that the equities will rarely if ever

favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is

entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary

course, lose under the Pioneer test." Id. at 123 (internal quotations omitted). Instead, "[O]nly in

unusual instances would inadvertence, ignorance of the rules, or mistakes construing the

rules . . . constitute excusable neglect." In re BH S & B Holdings LLC, 435 B.R. at 168 (quoting

In re Nw. Airlines Corp., 2007 WL 498285, *3 (Bankr. S.D.N.Y. Feb. 9, 2007) (internal

quotations omitted)).

18.    Here, Movant has failed to meet its burden of showing excusable neglect.

See In re BH S & B Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on

the movant). Movant's failure to "follow the clear dictates of a court rule" and alleging (i)  that

employees did not understand the significance of the Bar Date Notice or (ii) that it doesn't

regularly check one of its valid mailboxes does not constitute the type of "unusual instance[]" in

which "inadvertence, ignorance of the rules, or mistakes construing the rules . . . [would]

constitute excusable neglect."  In re Enron Corp., 419 F.3d at 123; In re BH S & B Holdings

LLC, 435 B.R. at 168.

### 1.   The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant

19.    Movant contends that employees' ignorance regarding the significance of

a Bar Date Notice that clearly stated "**ANY HOLDER OF A CLAIM . . . THAT FAILS TO**

**TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE**

**FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH**

**CLAIM**" warrants a finding of excusable neglect.  See Motion ¶ 29.  As the Second Circuit has

explained, "where [a court] rule is entirely clear, we continue to expect that a party claiming

excusable neglect will, in the ordinary course, lose under the Pioneer test."  In re Enron Corp.,

419 F.3d at 123.

20.    Here, Movant acknowledges that the Debtors served the Bar Date Notice

on three addresses maintained by its general partner and one, if not two, of those addresses are

entirely valid addresses for Movant.  Movant's position on this point is at best uncertain in that it

contends that the O Street Address is "a private mailbox and MED&G Group, LP does not

conduct business using this address."  Notwithstanding service on at least three valid addresses,

Movant argues that it should be permitted to file a late proof of claim because (i) its general

partner did not check the mail at one of the addresses very often and (ii) the general partner's

employees at the T Street Address did not comprehend the importance of the Bar Date Notice

and did not know what to do with such a court notice.  See Burke Affidavit ¶ 14.  Apparently,

according to Movant, only Mr. Burke himself would have known what to do with the Bar Date

Notice.  Thus, in Movant's view, only actual service on Mr. Burke himself would have sufficed.

Yet, the Main Office Address was also served with the Bar Date Notice.  Furthermore, mistakes

by the recipient of a bar date notice or the recipient's failure to comprehend the notice's

importance despite the notice's clear mandates do not constitute excusable neglect.  See In re

Lehman Bros. Holdings Inc., 433 B.R. 113, 124 (Bankr. S.D.N.Y. 2010) (employee mistakes

insufficient reason for delay under Pioneer, noting that failure to file proof of claim was within

movant's reasonable control and "resulted from a failure to coordinate, a lack of supervision, or a

mistake"); In re Dana Corp., No. 06–10354 (BRL), 2008 WL 2885901 *5 (Bankr. S.D.N.Y. July

23, 2008) (lawyers' failure to comprehend significance of bar date notice was not sufficient

reason for delay under Pioneer test).  This factor weighs heavily in favor of denying the Motion.

### 2.    The Danger of Prejudice to the Debtors

21.    Although the size of Movant's purported claim is relatively small in

comparison to the aggregate claims filed in the Debtors' chapter 11 cases, the Debtors would be

prejudiced if the Court grants the relief requested by Movant on the bases set forth in the Motion.

In particular, granting leave to file a proof of claim for every party that fails to comprehend the

significance of a clear Bar Date Notice would negate the goal of finality that claims' bar dates

are intended to instill.  See In re Enron Corp., 419 F.3d at 123, 128.  Instead, granting the Motion

on this basis would open the door to late filed claims by any entity based on the simple assertion

that it failed to review or did not comprehend the significance of the Bar Date Notice.  On this

basis as well, the Motion should be denied.  See In re Enron Corp., 419 F.3d at 131-32 (affirming

bankruptcy court's denial of late filed proof of claim and noting that permitting the first claim

could invite late claims from many other potential claimants with similar claims).

22.     The Debtors concern that granting the Motion could open the floodgates to other similar requests is not unfounded.  As this Court is aware, the Debtors are involved in thousands of lawsuits involving many active *pro se* and represented litigants and at least one other party to prepetition litigation has already sought to file a late proof of claim on the basis of similar misunderstanding and inadvertence.  See, e.g., *Declaration of Lauren Graham Delehey, In-House Litigation Counsel at Residential Capital, LLC, in Support of Debtors' Objection to Plaintiffs' Motion to Lift Stay filed by Richard D. Rode [Docket Nos. 2153, 2154, and 2157]* [Docket No. 2682], Exhibit 1, ¶ 3 (describing pending litigation involving the Debtors, as of January 21, 2013, including "tens of thousands of foreclosure actions and borrower bankruptcies"); *Motion for Permission to Extend Deadline for Julio Solano to File Proof of Claim* [Docket No. 2935] (seeking to file late proof of claim based on purported mistake regarding the significance of Bar Date Notice).

23.     Similarly, creating uncertainty regarding the ability of other prepetition litigants to file late proofs of claim could impede the Debtors' already difficult task of formulating a chapter 11 plan.  The Debtors' ability to efficiently move forward with the process of negotiating, proposing, and confirming a plan is predicated, in part, on a claims pool with an identifiable size limitation.  For this reason as well, the Court should not open the door to untimely proofs of claim.  See In re BGI, Inc., 476 B.R. at 824 (factors to consider in assessing the danger of prejudice include "the disruptive effect permitting the late claim would have on plan formation."  (internal citations and quotations omitted)).

**3.     Whether the Movant Acted in Good Faith**

24.     The Debtors do not contend that Movant has acted other than in good faith; although the Debtors reserve the right to seek discovery from Movant and depose Movant's affiant.

11

**4.      The Length of Delay and its Potential Impact on Judicial Proceedings**

25.      Here, the delay between the Bar Date and the Motion was approximately four months.  The Debtors note that Movant was apparently only prompted to seek to file a late proof of claim when the Debtors refused to stipulate to relief from the automatic stay in connection with Movant's monetary claims.  See MFR ¶ 8.  Moreover, Movant waited nearly two months after the Debtors filed the MFR Objection before filing the Motion.  In light of the length of this delay, along with the reason for the delay and the circumstances surrounding the delay, the Debtors submit that this Pioneer factor is at best neutral to the Movant.  See In re Enron Corp., 419 F.3d at 128 (length of the delay "must be considered in the context of the proceeding as a whole" and, in some instances, courts have rejected claims filed just one day late) (citing In re Kmart Corp., 381 F.3d 709, 714-15 (7th Cir. 2004), cert. denied sub nom. Simmons v. Kmart Corp., 543 U.S. 1056 (2005)).

WHEREFORE, the Debtors respectfully submit that the Motion should be denied and

Movant be barred from asserting any claims against the estates.  The Debtors have already

stipulated to limited relief from the automatic stay to permit Movant to proceed in the Action

solely with its equitable claims, but will not consent to continuation of those or any other claims

to the extent that they seek monetary damages in the absence of a timely filed proof of claim.


New York, New York                             /s/  Norman S. Rosenbaum
Dated: April 23, 2013                          Gary S. Lee
                                               Norman S. Rosenbaum
                                               James A. Newton
                                               MORRISON & FOERSTER LLP
                                               1290 Avenue of the Americas
                                               New York, New York 10104
                                               Telephone: (212) 468-8000
                                               Facsimile: (212) 468-7900

                                               *Counsel to the Debtors and*
                                               *Debtors in Possession*

                                       13

# EXHIBIT 1

1  JOHN B. SULLIVAN (State Bar No. 96742)
   EDWARD R. BUELL III (State Bar No. 240494)
2  ALEX C. SEARS (State Bar No. 232491)
   SEVERSON & WERSON
3  A Professional Corporation
   One Embarcadero Center, Suite 2600
4  San Francisco, CA  94111
   Telephone:  (415) 398-3344
5  Facsimile:  (415) 956-0439

6  Attorneys for Defendants
   GMAC MORTGAGE, LLC (sued as
7  GMAC MORTGAGE CORPORATION) and
   ETS SERVICES, LLC

8

ENDORSED
FILED

MAY 2 5 2012

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

9              SUPERIOR COURT OF CALIFORNIA

10                 COUNTY OF SONOMA

11               UNLIMITED JURISDICTION

12  HITOSHI INOUE, WAKANA ANNA INOUE,          Case No.: SCV248256

13              Plaintiffs;

14          v.                                 **NOTICE OF BANKRUPTCY
                                               AND EFFECT OF AUTOMATIC STAY**

15  GMAC MORTGAGE CORPORATION, a
    Delaware Corporation; ETS SERVICES LLC, a  Courtroom:      19
16  Delaware Limited Liability Company; MED&G  Judge:          Hon. Arthur A. Wick
    GROUP, a California Limited Partnership; and
17  DOES 001 through 025, inclusive;           Complaint Filed: October 28, 2010
                                               Trial Date:      July 20, 2012
18              Defendants.

19  MED&G GROUP, a California Limited
    Partnership,
20
                Cross-Complainant,
21
            v.
22
    HITOSHI INOUE, WAKANA ANNA INOUE,
23  GMAC MORTGAGE CORPORATION, a
    Delaware Corporation, ETS SERVICES LLC, a
24  Delaware Limited Liability Company and ROES
    25 through 50, Inclusive,
25
                Cross-Defendants.
26

27

28

19000.0588/2224272.1                    - 1 -

Case No. SCV248256

1    Defendants and debtors, GMAC MORTGAGE, LLC (sued as GMAC MORTGAGE

2    CORPORATION) and EXECUTIVE TRUSTEE SERVICES, LLC (sued as ETS SERVICES,

3    LLC) (collectively, the "Debtors"), by and through their undersigned counsel, in accordance and

4    consistent with section 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*

5    (the "Bankruptcy Code"), respectfully submit this Notice of Bankruptcy and Effect of Automatic

6    Stay, and states as follows:

7    On May 14, 2012 (the "Petition Date"), the Debtors and certain of their affiliates filed

8    voluntary petitions (the *"Petitions"*) under Chapter 11 of Title 11 of the Bankruptcy Code in the

9    United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New

10    York, NY 10004-1408 (the "Bankruptcy Code").  The Debtors' cases are jointly administered

11    under the Chapter 11 Case for the Debtor RESIDENTIAL CAPITAL, LLC, et al., is indexed as

12    case number 12-12020.

13    The "automatic stay" is codified in section 362 of the Bankruptcy Code.  Section 362(a),

14    *inter alia*, operates as an automatic stay of: (i) the commencement or continuation of a "judicial,

15    administrative, or other action or proceeding" against the Debtors (11 U.S.C. § 362(a)(1)); (ii)

16    acts to "obtain possession of property" of the Debtors' estates (11 U.S.C. § 362(a)(3)); and (iii)

17    acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition Date

18    (11 U.S.C. § 362(a)(6)).

19    The above-captioned action constitutes a "judicial, administrative, or other action or

20    proceeding" against the Debtors, an act to obtain possession of the Debtors' property, and/or an

21    act to collect or recover on a claim against the Debtors.

22    Accordingly, the above-captioned lawsuit should be stayed as to Debtors pursuant to 11

23    U.S.C. § 362(a).

24

25

26

27

28

Case No. SCV248256
**NOTICE OF BANKRUPTCY**

1    Any action taken by the Plaintiff against the Debtors without obtaining relief from the

2    automatic stay from the Bankruptcy Court may be void *ab initio* and may result in finding of

3    contempt against Plaintiff by the Bankruptcy Court. The Debtors reserve and retain all of their

4    statutory rights to seek relief in Bankruptcy Court from any action, judgment, order, or ruling

5    entered in violation of the Automatic Stay.

6

7    DATED:  May 25,  2012                          Respectfully submitted,

8                                                   SEVERSON & WERSON
                                                    A Professional Corporation
9

10                                                  By:_____

11                                                        Alex C. Sears

12                                                  Attorneys for Defendants
                                                    GMAC MORTGAGE, LLC (sued as
13                                                  GMAC MORTGAGE CORPORATION) and
                                                    ETS SERVICES, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              Case No. SCV248256
                                              NOTICE OF BANKRUPTCY

# EXHIBIT 2

1  Thomas P. Kelly Jr., SBN 37545
   Thomas P. Kelly III, SBN 230699
2  50 Old Courthouse Square, Suite 609
   Santa Rosa, California, 95404-4926
3  Telephone : 707-545-8700
   Facsimile : 707-542-3371
4  Email : tomkelly@sonic.net

5  Attorney for Plaintiffs

6

7                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                              COUNTY OF SONOMA

9  HITOSHI INOUE,                        | Case Number :    SCV 248256
   WAKANA ANNA INOUE

10                     Plaintiffs;

11 vs.                                    | Unlimited Civil Case

12 GMAC Mortgage, a Delaware
   Corporation; ETS SERVICES LLC, a
   Delaware Limited Liability Company;
13 MED&G Group, a California Limited      | PROOF OF SERVICE
   Partnership; and DOES 1-25;

14
                       Defendants.
15                                        | Judge :        Honorable Arthur Wick
                                          | Court :        Department 19
16                                        |                3055 Cleveland Avenue
                                          |                Santa Rosa, California
17                                        |                95403-2122

18                                        | Action Filed:  October 28, 2010
                                          | Trial Date:    July 20, 2012
19

20

21                           PROOF OF SERVICE

22     I am a citizen of the United States, and over the age of eighteen (18) years, employed at

23 50 Old Courthouse Square, Suite 609, Santa Rosa, California, and not a party to the within

24 action. On the date of the execution of this Proof of Service, I caused to be served a copy of the

25 following documents on the interested parties in the above-captioned action by placing a true

26 copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United

27 States post office mail box at Santa Rosa, California bearing the addresses listed below.

28     I, Thomas P. Kelly III, declare under penalty of perjury that the foregoing is true and

Thomas P. Kelly III
50 Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

PROOF OF SERVICE                    Page 1 of 2                    INOUE vs. GMAC SCV-248256

correct.

Dated: August 24, 2012

Thomas P. Kelly III
Attorney for Plaintiffs

### DOCUMENTS SERVED

1. STIPULATION AND CONSENT ORDER RESOLVING THE MOTION OF HITOSHI AND WAKANA INOUE FOR RELIEF FROM THE AUTOMATIC STAY
2. PROOF OF SERVICE

### ADDRESSES AND INTERESTED PARTIES SERVED

| GMAC Mortgage Corporation<br>ETS Services, LLC<br>c/o Alex Sears<br>Severson & Werson<br>One Embarcadero Center<br>Suite 2600<br>San Francisco, California<br>94111<br><br>Via First Class Mail | MED&G LP<br>c/o Michelle Zyromski<br>645 Fourth Street<br>Suite 200<br>Santa Rosa, California<br>95404-4435<br><br>Via First Class Mail | |

Thomas P. Kelly III
Old Courthouse Sq
Suite 609
Santa Rosa, California
95404-4926
(707)545-8700

PROOF OF SERVICE                    Page 2 of 2                    INOUE vs. GMAC SCV-248256

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
                                    )
In re:                              )    Case No. 12-12020 (MG)
                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )    Chapter 11
                                    )
                    Debtors.        )    Jointly Administered
                                    )
------------------------------------------------------------

## STIPULATION AND CONSENT ORDER RESOLVING THE MOTION OF HITOSHI AND WAKANA INOUE FOR RELIEF FROM THE AUTOMATIC STAY

WHEREAS, Hitoshi and Wakana Inoue ("**Movants**") are plaintiffs in a civil action against, among others, GMAC Mortgage, LLC ("**GMAC Mortgage**") and Executive Trustee Services, LLC ("**ETS**"), each one of the above captioned debtors and debtors in possession (collectively, the "**Debtors**"), filed in the Superior Court of California, County of Sonoma (the "**State Court**"), Case No. SCV248256 (the "**Inoue Action**");[1]

WHEREAS, on May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

WHEREAS, as of the Petition Date, the trial on the Inoue Action was scheduled to commence on July 20, 2012;

WHEREAS, on July 17, 2012, the Movants filed the *Motion of Hitoshi and Wakana Inoue for An Order Pursuant to Section 362(d) of the Bankruptcy Code Modifying the Automatic Stay to Permit Movants to Proceed to Trial Before California Superior Court and to Extend Time to Object to Discharge of Debt* [Docket No. 801] (the "**Motion**") seeking to proceed with

---

[1] The complaint in the Inoue Action names GMAC Mortgage Corporation and ETS Services, LLC as defendants. GMAC Mortgage Corporation is now known as GMAC Mortgage, LLC and ETS Services, LLC is a "dba" of ETS.

1

the Inoue Action in the State Court;

WHEREAS, all discovery has been completed, no dispositive motions are pending, and the Inoue Action is ready for trial.

WHEREAS, in consenting to limited relief from the automatic stay, the Debtors have considered all of the particular facts and circumstances of the Action.

WHEREAS, the Movant and the Debtors (collectively, the "**Parties**") have conferred and the Debtors have consented to a limited modification of the automatic stay (the "**Stay**") of section 362(a) of the Bankruptcy Code pursuant to the terms, and subject to the conditions set forth in this stipulation and consent order (the "**Stipulation and Consent Order**").

NOW THEREFORE, it is hereby stipulated and agreed as between the Parties to this Stipulation and Consent Order, through their undersigned counsel, that:

1.    The Stay shall be modified solely to the extent set forth herein.

2.    The Movants may proceed with the trial against the Debtors in the Inoue Action, and the Parties may pursue any appeal therefrom, solely for the purpose of determining the extent, if any, of the Debtors' liability to the Movants, consistent with the terms, conditions and limitations of this Stipulation and Consent Order. This Stipulation and Order is without prejudice to the Movants' rights to pursue third parties in the Inoue Action.

3.    Notwithstanding anything in this Stipulation and Consent Order or the Motion to the contrary, absent further order of this Court, the Movants shall not enforce as against the Debtors, their assets, or their estates, any judgment obtained in the Inoue Action or take any other action against the Debtor with respect to the Inoue Action.

4.    Movants agree that the Inoue Action shall be the sole proceeding in which to resolve any and all claims the Movants may have arising in connection with any and all of the

transactions at issue in the Inoue Action and that any proof of claim the Movants file in the Debtors' bankruptcy arising in connection with such transactions shall be limited to the amount of any final judgment obtained in the Inoue Action.

5.    The Movants' requests for an extension of the deadline to object to the Debtors' discharge and to the dischargeability of any claim against the Debtors arising from the Inoue Action shall be deemed withdrawn without prejudice upon the Court's entry of this Stipulation and Consent Order.

6.    This Stipulation and Consent Order shall not be modified, altered, amended or vacated without the prior written consent of all Parties hereto.   Any such modification, alteration, amendment or vacation in whole or part shall be subject to the approval of this Court.  No statement made or action taken in the negotiation of this Stipulation and Order, nor set forth herein, may be used by any Party in the Inoue Action.

7.    This Stipulation and Consent Order is the entire agreement between the Parties in respect of the subject matter hereof.

8.    Each person who executes this Stipulation and Consent Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Consent Order on behalf of such Party.

9.    This Stipulation and Consent Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

10.    The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Consent Order shall be immediately effective upon its entry.

11.    This Stipulation and Consent Order shall be of no force or effect unless and until it is approved by the Court.

12.    This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Consent Order.

GMAC MORTGAGE, LLC

By:  /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for Debtors*
*and Debtors in Possession*

HITOSHI AND WAKANA INOUE

By:  /s/ Michael E. Holt
Michael E. Holt
**FORMAN HOLT ELIADES**
**RAVIN & YOUNGMAN, LLC**
80 Route 4 East, Suite 290
Paramus, New Jersey 07652
Telephone: (201) 845-1000
Facsimile:  (201) 845-9112

*Counsel for Hitoshi and*
*Wakana Inoue*

Approved and So Ordered
this 17th day of August, 2012 in New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

# EXHIBIT 3

## California Secretary of State Debra Bo

**Secretary of State**    **Administration**    **Elections**    **Business Programs**    **Political Reform**    **Archives**

**Business Entities (BE)**

Online Services
 - **E-File Statements of Information for Corporations**
 - **Business Search**
 - **Processing Times**
 - **Disclosure Search**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
 - **Business Resources**
 - **Tax Information**
 - **Starting A Business**

Customer Alerts
 - **Business Identity Theft**
 - **Misleading Business Solicitations**

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, April 19, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| **Entity Name:** | MED&G GROUP, LP |
| **Entity Number:** | 200915500006 |
| **Date Filed:** | 06/01/2009 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Address:** | 1160 N DUTTON AVENUE STE 240 |
| **Entity City, State, Zip:** | SANTA ROSA CA 95401 |
| **Agent for Service of Process:** | CHRIS PETERSON |
| **Agent Address:** | 1160 N DUTTON AVENUE STE 240 |
| **Agent City, State, Zip:** | SANTA ROSA CA 95401 |

\* Indicates the information is not contained in the California Secretary of State's database.

\* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search**    **New Search**    **Printer Friendly**    **Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2013    California Secretary of State

**EXHIBIT 4**

California Secretary of State Debra Bov

Secretary of State    Administration    Elections    **Business Programs**    Political Reform    Archives

**Business Entities (BE)**

Online Services
- **E-File Statements of Information for Corporations**
- **Business Search**
- **Processing Times**
- **Disclosure Search**

**Main Page**

**Service Options**

**Name Availability**

**Forms, Samples & Fees**

**Statements of Information** (annual/biennial reports)

**Filing Tips**

**Information Requests** (certificates, copies & status reports)

**Service of Process**

**FAQs**

**Contact Information**

Resources
- **Business Resources**
- **Tax Information**
- **Starting A Business**

Customer Alerts
- **Business Identity Theft**
- **Misleading Business Solicitations**

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, April 19, 2013. Please refer to **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| **Entity Name:** | PRAXIS CAPITAL, LLC |
| **Entity Number:** | 201016510120 |
| **Date Filed:** | 06/10/2010 |
| **Status:** | ACTIVE |
| **Jurisdiction:** | CALIFORNIA |
| **Entity Address:** | 1160 N DUTTON AVE STE 100 |
| **Entity City, State, Zip:** | SANTA ROSA CA 95401 |
| **Agent for Service of Process:** | CHRIS PETERSON |
| **Agent Address:** | 1160 N DUTTON AVE STE 100 |
| **Agent City, State, Zip:** | SANTA ROSA CA 95401 |

* Indicates the information is not contained in the California Secretary of State's database.

* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Field Descriptions and Status Definitions**.

**Modify Search    New Search    Printer Friendly    Back to Search Results**

**Privacy Statement** | **Free Document Readers**

Copyright © 2013    California Secretary of State