Hearing date: May 14, 2013 at 10:00 a.m. (Eastern Time)
Objection Deadline: May 7, 2013 at 4:00 p.m. (Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

### DECLARATION OF CONSTANCE M. BOLAND IN SUPPORT OF THE MOTION OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE, SEEKING DISCOVERY FROM THE DEBTOR AND RELIEF FROM THE STAY IMPOSED BY THE FHFA ORDER

Constance M. Boland, declares under the penalties of perjury as follows:

1. I am a partner at the law firm of Nixon Peabody LLP, attorneys for Plaintiff U.S. Bank National Association as Indenture Trustee ("U.S. Bank") of the trust, GreenPoint Mortgage Funding Trust 2006-HE1. I respectfully submit this declaration in support of U.S. Bank's Motion Seeking Discovery from the Debtor and Relief from the Stay Imposed by the FHFA Order (the "Motion"). I make this declaration on personal, firsthand knowledge, and, if called and sworn as a witness, I could and would testify competently thereto. All terms not otherwise defined herein have the same meanings as defined in the Motion.

2. This Motion seeks discovery in connection with *U.S. Bank National Association v. GreenPoint Mortgage Funding, Inc.*, a case pending before the Honorable Marcy S. Friedman in the New York State Supreme Court, New York County (Index Number 600352/09) (the "GreenPoint Action"). In the GreenPoint Action, U.S. Bank, as Indenture Trustee, has asserted

claims against GreenPoint, including claims for the repurchase of approximately $1.83 billion in mortgage loans that GreenPoint originated.

3. On or about January 16, 2013, Pennsylvania counsel for U.S. Bank, Gregg H. Kanter Law Office LLC, served a subpoena on Debtor GMAC Mortgage Corporation ("GMAC" or the "Debtor") in connection with the GreenPoint Action (the "GMAC Subpoena"), a true and correct copy of which is attached hereto as Exhibit A. This subpoena was served in accordance with a Commission for the State of Pennsylvania, signed by the Hon. Marcy S. Friedman, and dated November 30, 2012. A true and correct copy of this Commission and accompanying Order Directing Issuance of Commission for the State of Pennsylvania is attached hereto as Exhibit B.

4. On January 18, 2013, Joe M. Nguyen of GMAC sent a letter to Mr. Kanter informing him that Debtor had no obligation to comply with the GMAC Subpoena and would not be responding to the GMAC Subpoena due to the "*Memorandum Opinion and Order Denying the Motions of the Federal Housing Finance Agency and Underwriter Defendants to Compel Document Discovery from the Debtors*" [Dkt No. 1813] (the "FHFA Order"). In the letter, GMAC referred Mr. Kanter to GMAC's counsel at Morrison & Foerster. A copy of the January 18, 2013 letter is annexed as Exhibit C.

5. On or about January 29, February 1, and February 5, 2013, Mr. Kanter attempted to contact Norman Rosenbaum of Morrison & Foerster, counsel for Debtor by email and telephone. Unfortunately, Mr. Kanter and Mr. Rosenbaum never spoke regarding the GMAC Subpoena.

6. On or about April 2, 2013, I contacted Joel Haims of Morrison & Foerster, counsel for Debtor GMAC, regarding Debtor's continued failure to comply with the GMAC

Subpoena. On or about April 5, 2013, Mr. Haims and I participated in a meet and confer to discuss Debtor's failure to comply with the GMAC Subpoena. By way of compromise, I stated that, although U.S. Bank's position is that it is entitled to all document categories listed in the GMAC Subpoena, for the time being and in an effort to reduce the burden on the Debtor, U.S. Bank was willing to limit its requests to only transaction-level documents and communications with regard to solely the trust, GreenPoint Mortgage Funding Trust 2006-HE-1, and <u>not</u> the nine other securitizations in which both GMAC and GreenPoint participated for which U.S. Bank sought discovery. Specifically, U.S. Bank offered to narrow the GMAC Subpoena to Requests No. 1-7, 20, and 22.

7.   Counsel for Debtor advised me that Debtor had previously produced certain loan files in response to other subpoenas served by other entities, but that Debtor had not produced any emails. But Mr. Haims suggested that if I could send him additional information, such as the operative dates of the underlying transactions, a list of custodians, and the name of the one transaction for which U.S. Bank was seeking documents, he would ask internally whether the information U.S. Bank is seeking in the GMAC Subpoena is readily available.

8.   In response to Debtor's counsel's suggestions, on April 8, 2013, I sent an email to Mr. Haims providing the requested information about the facts underlying U.S. Bank's claims in the GreenPoint Action relating to the GMAC Subpoena and I attached five documents for his review. Mr. Haims never responded to my email. A copy of my April 8, 2013 email to Mr. Haims, counsel for Debtor, is annexed as <u>Exhibit D.</u>

9.   Again, on April 16, 2013, I called Mr. Haims, left a voice message and sent him an email inquiring as to the status of his investigation as to whether Debtor would comply with the GMAC Subpoena and produce any documents or information whatsoever. Mr. Haims never

responded to my email or my voice mail. A copy of my April 16, 2013 email to Mr. Haims, counsel for Debtor, is annexed as Exhibit E.

10. On April 19, 2013, I sent Mr. Haims an email informing him that U.S. Bank, as Indenture Trustee would be bringing this motion before this Court to enforce the Subpoena. Again, I received no response from Mr. Haims to my April 19 email. A copy of my April 19, 2013 email to Mr. Haims, counsel for Debtor, is annexed as Exhibit F.

11. In an order dated January 14, 2013, Justice Friedman ordered that party depositions in the GreenPoint Action should be completed by June 1, 2013. Thus, U.S. Bank, as Indenture Trustee, is endeavoring to schedule party depositions in the GreenPoint Action, but Debtor GMAC, who was a purchaser of the underlying mortgage loans at issue in the GreenPoint Action, the servicer of the loans and an important non-party in the GreenPoint Action, has failed and refused to produce documents.

12. GMAC's testimony and evidence are important to the GreenPoint Action. In rejecting GreenPoint's motion to dismiss, the Court in New York ruled that the terms "securitized trust structure" and "Securitization Transfer", as used in two sale agreements underlying U.S. Bank, as Indenture Trustee's claim (the "Sale Agreements"), were ambiguous. *See* March 3, 2010 Decision and Order of the New York State Supreme Court in the GreenPoint Action, (J. Bernard Fried), at page 12, annexed as Exhibit G. GreenPoint has testified in the GreenPoint Action, by way of verified interrogatories, that the Debtor created the form on which the Sale Agreements were based. As such the Debtor would be in possession of parol evidence needed to clarify the meaning of these ambiguous terms.

13. Due to impending depositions in the GreenPoint Action, U.S. Bank, as Indenture Trustee, is compelled to file this Motion to ensure that GMAC, which played a significant role in

the transaction underlying the claims at issue in the GreenPoint Action, produces documents and information so they may be used during the party depositions in the GreenPoint Action.

Dated: April 23, 2013
      New York, New York

                                                                                                                                                */s/ Constance M. Boland*
                                                                                                                                                        Constance M. Boland

14432557.3
04/23/13