**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER DENYING ORAL APPLICATION BY ALLY FINANCIAL INC. TO**
**CLAWBACK DOCUMENTS PRODUCED BY CERBERUS TO THE EXAMINER**

The Court held a hearing in chambers on April 24, 2013 concerning a request by Ally Financial Inc. ("AFI") to clawback two documents produced to the Examiner by Cerberus. Counsel for AFI, Cerberus, the Debtors, Creditors Committee, the Examiner and the U.S. Trustee attended the hearing.

The two documents in dispute include Bates stamps identifying the first page of each document as CCM 00336243 and CCM 00335615. Under a prior Order of the Court, dated March 15, 2013 (ECF Doc. # 3215), a deadline was set for any Clawback Request. Specifically, the Order provided that "(a) other than as to documents produced to the Examiner after March 15, 2013, no Disclosing Party shall make a Clawback Request to the Examiner after March 22, 2013, and the Examiner shall not be obligated to take any action, or to refrain from taking any action, in response to any Clawback Request made to the Examiner after March 22, 2013 . . . ."

The deadline for clawback requests was established at a hearing attended by counsel for the Examiner, Debtors, Creditors Committee, AFI, Cerberus and the U.S. Trustee, and all counsel at the hearing agreed to the establishment of the deadline that was included in the March 15, 2013 Order.

It is undisputed that these two documents were produced to the Examiner before March 15, 2013. It is also undisputed that the Clawback Requests for each document were made on April 1 and April 22, 2013, respectively. Consequently, the Clawback Requests were untimely.

      Both documents bear a legend on the first page of the documents, stating "Attorney Work Product, Attorney Client Communication," but copies of these documents were provided to at least one employee of Cerberus who was not an officer or director of AFI.  AFI nevertheless argues that this production did not waive privilege.  It is unnecessary for the Court to resolve that issue in order to rule on the pending application, but it is clear to the Court that permitting AFI at this late date to assert privilege would require potentially time-consuming discovery followed by an evidentiary hearing to resolve disputed issues of fact and law.  It was precisely to avoid issues of this type arising shortly before the deadline for the Examiner to complete his report (May 13, 2013)—an enormous undertaking—that the deadline for Clawback Requests was established.

      The Court finds that privilege, if any, was waived by failing to make a timely Clawback Request.  Therefore, AFI's application to clawback these two documents is **DENIED**.

      **IT IS SO ORDERED.**

Dated:   April 24, 2013
           New York, New York

                                          ___*Martin Glenn*___
                                          MARTIN GLENN
                                  United States Bankruptcy Judge