**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

## ORDER DENYING JULIO PICHARDO'S REQUESTS FOR RELIEF

Pending before the Court is Julio Pichardo's *Objection of Sale for Free & Clear Proceeds* (ECF Doc. # 3241) and *Request for Order to Be Entered to GMAC/Ocwen to Subordinate to Document Shown on Docket #3241* (ECF Doc. # 3346). The Debtors filed a response (ECF Doc. # 3447), and Pichardo filed a reply (ECF Doc. # 3476). For the foregoing reasons, the Court **DENIES** the relief Pichardo seeks.

### I.     BACKGROUND

The Debtors filed for chapter 11 relief on May 12, 2012 (the "Petition Date"). On September 14, 2012, the Debtors filed a notice of public auction and sale hearing in connection with the proposed sale of their servicing and origination platform (the "Platform Assets"), which set October 29, 2012 as the deadline to file an objection to the sale. Due to the closure of the Court on October 29, 30, and 31, 2012, that deadline was extended by operation of Rule 9006(a)(3)(A) of the Federal Rules of Bankruptcy Procedure to November 1, 2012.

At a hearing held on November 19, 2012, the Court approved the Debtors' motion to sell the Platform Assets to Ocwen on the record. The Court subsequently entered an order to that effect. (ECF Doc. # 2246.) The Ocwen sale closed on February 15, 2013. As of the Petition Date, Pichardo was a

borrower under a mortgage loan serviced by Debtor GMAC Mortgage, LLC. Following the closing of the Ocwen sale on February 15, 2013, servicing of Pichardo's loan was transferred to Ocwen.

On July 6, 2012, without leave of this Court, Pichardo, represented by counsel, commenced an action against Debtor GMAC Mortgage in the Superior Court of California, captioned *Julio Pichardo v. GMAC Mortgage; Does 1 to 10,* Case No. CIV581642 (Ca. Sup.) (the "California Action"). The California Action sought the imposition of monetary damages against GMAC Mortgage.

On July 30, 2012, the Debtors caused a notice of bankruptcy and suggestion of automatic stay to be served on Pichardo's counsel in the California Action. On August 6, 2012, Pichardo, appearing *pro se,* filed a letter requesting relief from the automatic stay. The Court entered an order denying Pichardo's motion on August 29, 2012, following a hearing (ECF Doc. # 1307). Among other things, the order stated that "Pichardo may file a proof of claim in these cases and pursue recovery through the claims allowance process." Indeed, on September 4, 2012, Pichardo filed a proof of claim against the Debtors' estates, which was assigned Claim Number 452.

Beginning in February 2013, Pichardo initiated contact with Debtors' counsel via e-mail and telephone raising various concerns regarding, among other things, the impact of the Ocwen sale on his Proof of Claim, as well as various allegations regarding ongoing servicing errors with respect to Pichardo's mortgage loan.

Per Pichardo's request, Debtors' counsel obtained and reviewed copies of Pichardo's entire loan file and payment history from the Debtors. SilvermanAcampora, Special Counsel to the Committee on borrower-related issues, also reached out to Pichardo to discuss his concerns. Following a review of Pichardo's loan files, as well as of various material forwarded by Pichardo, Debtors' counsel confirmed that Pichardo remained current on his loan through the date that servicing of his loan was transferred to Ocwen, and no foreclosure proceedings were pending.

Debtors' counsel notified Pichardo of this fact, reiterated that his Proof of Claim would be addressed in the ordinary course as part of the claims reconciliation process, and indicated that future inquiries regarding the servicing of Pichardo's loan should be directed to Ocwen.

## II.  DISCUSSION

To be sure, *pro se* papers are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984) (stating that "a *pro se* litigant should be afforded every reasonable opportunity to demonstrate that he [or she] has a valid claim"). However, Pichardo, in his filings, does not state a claim for which relief can be granted.

From the Court's review of Pichardo's filings, the Court discerns two requests for relief: (1) that the Court enter an order deeming Ocwen the responsible party for Pichardo's proof of claim ("No assurances has been made to sale to Ocwen or any other institution of parties to take over above claim [#452]," "Please have order entered to have GMAC/Ocwen subornidate [sic] to GMAC own drawned [sic] document of existing lien . . . It is therefore necessary to have the Honorable Judge Glenn Martin enter such order imposing declaration inserts into such documents to avoid any & all inconsistencies"); and (2) that the Court require GMACM (or Ocwen) to address any concerns Pichardo may have about his mortgage loan, now serviced by Ocwen ("matters must to be addressed as I tried to no avail with regards to terms of modification documents . . . Loan modification documents are not in question, violations of those terms are . . .By Counsel's own actions shows Issue of documents has not & will not be resolved by Ocwen").

As to the first point, there is no basis under the Bankruptcy Code or the Ocwen sale order that would permit the Court to enter an order requiring Ocwen to take responsibility for Pichardo's Proof of

4

Claim filed in this case. The Proof of Claim is a claim against the Debtors, and will be addressed in the ordinary course as part of the claims reconciliation process.

As to Pichardo's second point, the Debtors no longer service Pichardo's loan, and to the extent Pichardo is seeking relief regarding errors in the current servicing of his loan or of the loan documents, those concerns are properly addressed to Ocwen as the successor servicer, and not to the Debtors. Moreover, this Court does not have jurisdiction to adjudicate a dispute over loan documents between Pichardo and Ocwen; the sale of Debtors' Platform Assets to Ocwen concluded months ago, therefore this dispute would have no conceivable effect on the Debtors' estate. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1985) (holding that civil proceeding is related to bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.").

### III.    CONCLUSION

For all these reasons, the relief Pichardo seeks in his filings is **DENIED**.

**IT IS SO ORDERED.**

Dated:    April 24, 2013
         New York, New York

                              ____*Martin Glenn*____
                              MARTIN GLENN
                              United States Bankruptcy Judge