UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

**SUPPLEMENTAL DECLARATION OF ROBERT T. KUGLER IN SUPPORT
OF APPLICATION OF THE EXAMINER FOR ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT
OF LEONARD, STREET AND DEINARD PROFESSIONAL ASSOCIATION
AS SPECIAL MINNESOTA COUNSEL TO THE EXAMINER
*NUNC PRO TUNC* TO APRIL 15, 2013**

ROBERT T. KUGLER, pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, declares as follows:

1.  I submit this Supplemental Declaration as a supplement to my previous declaration (the "Original Declaration"), filed on April 19, 2013, in support of the Application of the Examiner seeking an Order Authorizing the Retention and Employment of Leonard, Street and Deinard Professional Association (the "Firm") as Special Minnesota Counsel to the Examiner *Nunc Pro Tunc* to April 15, 2013 (ECF No. 3478).

2.  On April 23, 2013, the Firm learned of concerns raised by Allstate Insurance Company ("Allstate"), which is one of the parties identified in Exhibit B to the Original Declaration as an entity with which the Firm has or had a connection.

3.  It is my understanding that Allstate suggested that a conflict of interest may exist and that the Firm should disclose details of its former representation of Allstate and others in a litigation matter adverse to one or more of the Debtors (and/or affiliated entities).

9736515v3

4. The Firm hereby discloses that it formerly served as local counsel for Allstate, Allstate Bank, Allstate Life Insurance Company, Allstate Life Insurance Company of New York, Allstate New Jersey Insurance Company, Allstate Retirement Plan, American Heritage Life Insurance Company, First Colonial Insurance Company, and Kennett Capital Inc. in a matter adverse to the entities listed on the attached Exhibit A (the "Lawsuit").

5. In the Lawsuit, the plaintiffs alleged that the defendants engaged in the fraudulent sale of residential mortgage-backed securities, and that the defendants made misrepresentations and omissions regarding the riskiness and credit quality of such securities in registration statements, prospectuses, prospectus supplements, preliminary term sheets, final term sheets, and other written materials.

6. The Firm's engagement in connection with the Lawsuit ended on June 15, 2012, and the Firm does not currently represent Allstate (or any of its affiliates) in connection with the Lawsuit, these Chapter 11 cases, or in any other matter.

7. The fact that the Firm was formerly engaged in connection with the Lawsuit does not create a conflict of interest in these cases. To the extent that the parties adverse to the Firm's clients in the Lawsuit are parties in interest here, such entities are the subject of the Examiner's investigation. Accordingly, the adversities that existed in the Lawsuit are parallel to, and not in conflict with, the potential adversities at play in these cases.

8. Despite the fact that no conflict of interest exists, the Firm's former representation of plaintiffs in the Lawsuit created "connections" subject to disclosure. Many of these connections were disclosed in the Original Declaration, but the additional disclosures contained in this declaration were inadvertently overlooked. The Firm therefore submits this supplemental declaration to ensure that all relevant connections are disclosed. In preparing this

supplemental declaration, the Firm reviewed its records a second time and confirmed that no additional disclosures need to be made.

9. Subject to the disclosures set forth herein, and in Exhibit B to the Original Declaration, the Firm: (a) does not hold or represent any interest adverse to the Debtors' estates in connection with these chapter 11 cases; (b) does not hold any interest that is materially adverse to the Debtors, their creditors, the United States Trustee, or any party in interest herein; (c) has no connection with the Debtors, their creditors, the United States Trustee, or any party in interest herein; and (d) is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 25, 2013                             /s/ *Robert T. Kugler*
                                                                Robert T. Kugler, Esq.

# Exhibit A

GMAC MORTGAGE, LLC (F/K/A GMAC MORTGAGE CORPORATION)

RESIDENTIAL FUNDING COMPANY, LLC (F/K/A RESIDENTIAL FUNDING CORPORATION)

RESIDENTIAL FUNDING SECURITIES, LLC (NOW KNOWN AS ALLY SECURITIES INC., D/B/A GMAC RFC SECURITIES, F/K/A RESIDENTIAL FUNDING SECURITIES CORPORATION)

RESIDENTIAL ACCREDIT LOANS, INC.

RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC.

RESIDENTIAL FUNDING MORTGAGE SECURITIES I, INC.

RESIDENTIAL FUNDING MORTGAGE SECURITIES II, INC.

RESIDENTIAL ASSET SECURITIES CORPORATION