MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' RESPONSE TO STATEMENT OF SPECIAL COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING RELIEF SOUGHT BY STEPHANIE HARRIS**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this response to the *Statement of Special Counsel to Official Committee of Unsecured Creditors Regarding Relief Sought by Stephanie Harris* [Docket No. 3473], dated April 18, 2013 (the "**Statement**"). In support hereof, the Debtors respectfully represent:

**BACKGROUND**

**A.    Chapter 11 Cases**

1.    On the Petition Date, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession

ny-1087595

pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"). No trustee has been appointed in these Chapter 11 cases.

2. On May 16, 2012, the Office of the United States Trustee for the Southern District of New York (the "**United States Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**"). On July 3, 2012, the United States Trustee appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York, as examiner.

3. On July 13, 2012 the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (i) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (ii) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (iii) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (iv) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").

4. In late October 2012, the Debtors held an auction for the sale of substantially all of their assets. On November 21, 2012, the Bankruptcy Court entered orders (the "**Sale Orders**") approving the sale of (i) the Debtors' mortgage loan servicing and origination platform to Ocwen Loan Servicing, LLC ("**Ocwen**") and Walter Investment Management Corp. ("**Walter**") for $3 billion, and (ii) the Debtors' legacy portfolio to Berkshire Hathaway Inc. ("**Berkshire**," together with Ocwen and Walter, the "**Purchasers**") for $1.5 billion (together, the "**Sales**"). [Case No. 12-12020, Docket Nos. 2246, 2247]. The Sales to

Walter, Berkshire, and Ocwen closed on January 31, 2013, February 5, 2013, and February 15, 2013, respectively.

5. On February 13, 2013, Stephanie Harris ("**Movant**") filed the *Motion to Reassign Stephanie Harris as a Creditor in Possession and for Evidentiary Hearing* [Docket No. 2976] (the "**Motion**").

6. On April 11, 2013, Movant appeared at the omnibus hearing (the "**Hearing**") and addressed the Motion with this Court. During the hearing, the Court requested that SilvermanAcampora LLP ("SALLP"), special counsel to the Creditors' Committee, file a statement with the Court explaining the relief requested by Movant in the Motion and at the Hearing. Accordingly, on April 18, 2013, SALLP filed the Statement.

**B.    Movant's Loan**

7. On February 21, 2007, Movant executed a note in favor of People's Choice Home Loan, Inc. in the amount of $297,500.00 (the "**Note**"). The Note was secured by real property located at 1525 Lenox Ave., Unit 2, Miami Beach, Florida 33139 (the "**Property**"). (Delehey Decl., ¶ 3.) The Note was transferred to the RAAC Series 2007-SP3 Trust, for which U.S. Bank currently is the trustee. (Delehey Decl., ¶ 3.)

8. As of the Petition Date, Residential Funding Company, LLC was the master servicer of the loan, and GMAC Mortgage, LLC was the primary servicer of the loan. In connection with the Sales, the master servicing rights and primary servicing rights were transferred to Ocwen. (Delehey Decl., ¶ 4.)

9. In May 2008, Movant stopped making payments on the Note. As a result, in July 2008, a foreclosure action was instituted in the Miami-Dade County Circuit Court ("the

**Florida Court**") in the name of Deutsche Bank Trust Company Americas ("Deutsche").

However, in December 2010, the foreclosure action was dismissed. (Delehey Decl., ¶ 5.)

10. In April 2012, a second foreclosure action was instituted in the Florida Court, entitled *Deutsche Bank Trust Company Americas as Trustee RAMP 2007SP3 vs. Stephanie Harris, et al.*, Case No. 12-16257 CA23 (the "**Foreclosure Action**"). The Debtors have determined that the Foreclosure Action should have been commenced in the name of U.S. Bank, as trustee for the RAAC Series 2007-SP3 Trust, and the Debtors will be taking appropriate steps to correct this error. (Delehey Decl., ¶ 6.) The Foreclosure Action is pending, and Movant remains in possession of the Property. (Delehey Decl., ¶ 6.)

## RESPONSE

11. While the Debtors believe that the relief requested by Movant in the Motion and at the Hearing is unclear, the Debtors agree that the Statement prepared by SALLP appears to fairly summarize the relief requested by Movant in the Motion and at the Hearing.

12. By the Statement, it appears that Movant requests that this Court enter an order: (i) rescinding the Debtor's sale to Ocwen of its servicing rights for the Loan; (ii) transferring title to the Property to Harris until the true owner of the Loan is determined, if any; and (iii) dismissing the Foreclosure Action. For the reasons set forth herein, each request should be denied.

13. First, Movant failed to object to the Sales and is now estopped from doing so. The Bankruptcy Court entered the Sale Orders on November 21, 2012. The Sale Orders were not appealed by Movant or any other party, and the Sale Orders were effective immediately by their own terms. See Case No. 12-12020, Docket No. 2246 ("Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), the Court expressly finds that there is no just reason for delay in the implementation of this Order and expressly directs entry of judgment as set forth herein."); Case

No. 12-12020, Docket No. 2247 (same). Movant has not demonstrated any reason why the sale of the servicing of her loan should be rescinded, and as a result, her request should be denied.

14. <u>Second</u>, Movant fails to appreciate that ownership of the Property is distinct from ownership of the loan servicing rights. Neither the loan nor the Property was the subject of the Sale Orders.

15. <u>Third</u>, this Court has granted Movant—and all other borrowers, mortgagors or lienholders—limited relief from the automatic stay to "assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment (defined as any judgment where the right to appeal or seek reconsideration has expired or has been exhausted) permitting the foreclosure or eviction has not been awarded or, with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims." <u>See</u> Supplemental Servicing Order ¶ 14(a). Accordingly, Movant may pursue her defenses to foreclosure in the Florida Court without further oversight from this Court.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order (i) denying the relief requested in the Motion and Statement, and (ii) granting such other relief as the Court deems proper.

ny-1087595

| | |
|---|---|
| New York, New York<br>Dated: April 25, 2013 | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Samantha Martin<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |

ny-1087595