UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>. | ) | Case No. 12-12020 (MG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# FIFTH STIPULATION AND ORDER
# AMENDING THE AFI DIP AND CASH COLLATERAL ORDER

Subject to the approval of the Court, this stipulation and order (this "***Stipulation***") is made and entered into by and between the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "***Debtors***"), Ally Financial Inc. ("***AFI***") and holders of the Junior Secured Notes[1] (the Junior Secured Notes, AFI, and the Debtors, collectively the "***Parties***") under the *Final Order Under Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014 (I) Authorizing the Debtors to Obtain Postpetition Financing on a Secured Superpriority Basis, (II) Authorizing the Debtors to Use Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties* [ECF No. 491] (the "***AFI DIP and Cash Collateral Order***") entered by the Court on June 25, 2012.

WHEREAS, the AFI DIP and Cash Collateral Order approved, among other things, the use of Cash Collateral of the Adequate Protection Parties and a debtor-in-possession financing facility of up to $220 million from AFI to the Debtors (the "***AFI DIP***"), attached as **Exhibit C** to the AFI DIP and Cash Collateral Order;

WHEREAS, paragraph 18(a)(ix) of the AFI DIP and Cash Collateral Order originally

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the AFI DIP and Cash Collateral Order.

contained a covenant that required the effective date of the Debtors' chapter 11 plan to have occurred by December 15, 2012 (the "**Chapter 11 Plan Covenant**");

WHEREAS, paragraph 20(g) of the AFI DIP and Cash Collateral Order provides that, subject to a five business day grace period, failure by the Debtors to comply with the covenants contained therein results in a Termination Event;

WHEREAS, on October 23-25, 2012, the Debtors held two auctions for the sale of their assets. Following the auctions, the Debtors declared Ocwen Loan Servicing, LLC ("**Ocwen**") and Walter Investment Management Corp. ("**Walter**") as the winning bidders for the Debtors' mortgage loan origination and servicing platform at a price of $3 billion (the "**Platform Sale**"), and Berkshire Hathaway Inc. as the winning bidder for the legacy loan portfolio at a price of $1.5 billion (the "**Legacy Sale**," and together with the Platform Sale, the "**Sales**");

WHEREAS, on November 21, 2012, the Court entered orders approving each of the Sales [ECF Nos. 2246 and 2247];

WHEREAS, on December 20, 2012, the Bankruptcy Court entered the *Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 2495], which revised the AFI DIP and Cash Collateral Order to remove the Chapter 11 Plan Covenant and established a Termination Date for the use of Cash Collateral as of the closing of the Platform Sale [ECF No. 2246];

WHEREAS, on February 5, 2013, the Legacy Sale closed, and the AFI DIP Facility was repaid in full from the proceeds of the Legacy Sale;

WHEREAS, the portion of the Platform Sale that was purchased by Walter closed on January 31, 2013, and the portion of the Platform Sale that was purchased by Ocwen closed on February 15, 2013;

WHEREAS, on February 15, 2013, the Bankruptcy Court entered the *Second Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 2927], which, among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) March 18, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties;

WHEREAS, on March 18, 2013, the Bankruptcy Court entered the *Third Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3230], which, among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) April 18, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties;

WHEREAS, on April 8, 2013, the Debtors filed the *Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral* [Docket No. 3374] (the "**Cash Collateral Motion**"), which currently is scheduled to be heard by the Court on May 14, 2013;

WHEREAS, on April 17, 2013, the Bankruptcy Court entered the *Fourth Stipulation and Order Amending the AFI DIP Cash Collateral Order* [ECF No. 3458], which among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) April 30, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the

3

Adequate Protection Parties;

WHEREAS, the Parties intend to engage in discussions regarding the terms governing the ongoing use of Cash Collateral following the Termination Date;

WHEREAS, the Parties have agreed to consensually amend the AFI DIP and Cash Collateral Order pursuant to the terms of this Stipulation so that the Cash Collateral Motion can be heard at the May 14, 2013 hearing;

WHEREAS the Parties have agreed upon the following schedule with respect to the discovery and deadlines related to the Cash Collateral Motion (the "Schedule"):

| Task | Deadline |
| --- | --- |
| Document production to be substantially completed | 4/26/13 |
| Status Conference on Cash Collateral Motion | 4/30/13 at 10:00 a.m. (Eastern) |
| Depositions of Debtor witnesses to be completed | 5/3/13 |
| Deposition of other witnesses to be completed | 5/10/13 |
| Adequate Protection Parties' and Creditors' Committee's Objections to Cash Collateral Motion to be filed | 5/6/13 at 11:59 p.m. (Eastern) |
| Debtors' Reply to Objections to Cash Collateral Motion | 5/10/13 at 12:00 p.m. (Eastern) |
| Hearing on Cash Collateral Motion | 5/14/13 at 10:00 a.m. (Eastern) |
| To the extent the Court determines that an evidentiary hearing is necessary:<br><br>• All pretrial submissions, including witness statements, exhibit lists, and deposition designations shall be submitted<br><br>• All objections to any pretrial submissions shall be submitted | <br><br><br>By 5:00 p.m. (Eastern) on the date that is seven (7) calendar days prior to the date of the evidentiary hearing<br><br>By 12:00 p.m. (Eastern) on the date that is two (2) business days prior to the date of the evidentiary hearing |

4

WHEREAS, the Parties reserve all rights with respect to adequate protection under the AFI DIP and Cash Collateral Order, including with respect to the Debtors' allocation of expenses and whether such allocation is consistent with such Order;

WHEREAS, the AFI DIP and Cash Collateral Order is to remain in full force and effect as amended hereby, and the consent of the AFI Lender and the Junior Secured Parties to the continued use of Cash Collateral pursuant to this Stipulation shall not prejudice in any way the rights of any party, including the AFI Lender and the Junior Secured Parties, with respect to that final order;

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1. The AFI DIP and Cash Collateral Order is hereby amended by replacing the first full paragraph in paragraph 20 with the following: "20. *Termination*. The Borrowers' right to use Prepetition Collateral, including Cash Collateral, pursuant to this Final Order shall automatically terminate (the date of any such termination, the "**Termination Date**") without further notice or order of the Court (i) on the effective date of a Plan for any Debtor, (ii) May 14, 2013, or (iii) upon written notice (the "**Termination Notice**") by the AFI Lender (or, if the AFI Revolver has been paid in full, by the Junior Secured Parties) to the Borrowers (with a copy to counsel to the Creditors' Committee, the Administrative Agent and the Collateral Agent under the Barclays DIP Facility, and the United States Trustee) after the occurrence and during the continuance of any of the following events (unless waived by the Adequate Protection Parties, "**Termination Events**") beyond any applicable grace period set forth below:".

2. The Schedule set forth in the recitals above is hereby approved.

3. The Creditors' Committee, although not a party to this Stipulation, retains its rights to fully and equally participate in, and to be timely notified of, all discovery and any hearings concerning the Cash Collateral Motion.

4. All rights and provisions under the AFI DIP and Cash Collateral Order, including the Debtors' obligation to provide Adequate Protection to the AFI Lender and the Junior Secured Parties, remain in full force and effect, except as specifically set forth herein.

5. The entry of this Stipulation shall not prejudice any Party's rights, except as specifically set forth herein.

6. This Stipulation shall be binding on the Parties upon execution and approval by this Court.

7. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: April 24, 2013 | Dated: April 24, 2013 |
| /s/ Todd M. Goren | /s/ Ray C. Schrock |
| Gary S. Lee | Richard M. Cieri |
| Todd M. Goren | Ray C. Schrock |
| | Stephen E. Hessler |
| MORRISON & FOERSTER LLP | KIRKLAND & ELLIS LLP |
| 1290 Avenue of the Americas | 601 Lexington Avenue |
| New York, New York 10104 | New York, NY 10022 |
| Telephone: (212) 468-8000 | Telephone: 212-446-4800 |
| Facsimile: (212) 468-7900 | Facsimile: 212-446-4900 |
| *Counsel to the Debtors and Debtors in Possession* | *Counsel to Ally Financial Inc. and Ally Bank* |
| Dated: April 24, 2013 | Dated: April 24, 2013 |
| /s/ J. Christopher Shore | /s/ Gerard Uzzi |
| J. Christopher Shore | Gerard Uzzi |
| Harrison Denman | |
| WHITE & CASE LLP | MILBANK, TWEED, HADLEY & MCCLOY LLP |
| 1155 Avenue of the Americas | 1 Chase Manhattan Plaza |
| New York, New York 10036 | New York, New York 10005 |
| Telephone: (212) 819-8200 | Telephone: (212) 530-5000 |
| Facsimile: (212) 354-8113 | Facsimile: (212) 530-5219 |
| *Counsel to the Ad Hoc Group of Holders of Junior Secured Notes* | *Counsel to the Ad Hoc Group of Holders of Junior Secured Notes* |

New York, New York
Dated: April 26, 2013

**IT IS SO ORDERED**

　　　　/s/Martin Glenn　　　　
MARTIN GLENN
United States Bankruptcy Judge

**FIFTH STIPULATION AND ORDER
AMENDING THE AFI DIP AND CASH COLLATERAL ORDER**