**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————————

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------------------

### SIXTH INTERIM ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HUDSON COOK, LLP AS SPECIAL COUNSEL TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application (the "**Application**")[1] of the Debtors for entry of an order,

under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1,

authorizing, but not directing, the Debtors to employ and retain Hudson Cook, LLP ("**Hudson**

**Cook**") as Special Counsel to the Debtors, *nunc pro tunc* to May 14, 2012, all as more fully

described in the Application; and upon consideration of the Clarke Declaration; and the Omnibus

Objection of the Official Committee of Unsecured Creditors to (a) the Debtors' Motion for Entry

of an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for

Foreclosure Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b)

Pepper Hamilton Retention Application, and (c) Hudson Cook Retention Application [Docket

No. 1493] (the "**Committee Objection**") and the Supplemental Objection of the Official

Committee of Unsecured Creditors to (a) the Debtors' Motion for Entry of an Order (i)

Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review

Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Pepper Hamilton

Retention Application, and (c) Hudson Cook Retention Application [Docket No. 1725] (the

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.

"**Supplemental Committee Objection**," together with the Committee Objection, the

"**Objections**"); and upon the Debtors' Statement in Further Support of (a) Debtors' Motion for

an Order (i) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure

Review Services and (ii) Reaffirming Relief Granted in the GA Servicing Order (b) Debtors'

Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (c) Debtors'

Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel

for Bankruptcy Issues [Docket 1749]; and it appearing that this Court has jurisdiction to consider

the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these

Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and

1409; and it appearing that this proceeding on the Application is a core proceeding pursuant to

28 U.S.C. § 157(b); and sufficient notice of the Application having been given under the

circumstances; and it appearing that no other or further notice need be provided; and it appearing

that the relief requested in the Application is in the best interests of the Debtors' estates, their

creditors and other parties in interest; and the Court having approved the Application on an

interim basis[2] through and including April 30, 2013, and after due deliberation thereon; and

sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Application is GRANTED on a further interim basis as set forth herein.

---

[2] On October 11, 2012, the Court entered an order approving the Application on an interim basis through and including January 14, 2013 [Docket No. 1798].  On January 14, 2013, the Court entered an order approving the Application on a further interim basis through and including February 28, 2013 [Docket No. 2620].  On February 28, 2013, the Court entered an order approving the Application on an interim basis through and including March 21, 2013 [Docket No. 3063].  On March 21, 2013, the Court entered an order approving the Application on a further interim basis through and including April 11, 2013 [Docket No. 3292].  On April 12, 2013, the Court entered an order approving the Application on a further interim basis through and including April 30, 2013 [Docket No. 3424].

2.      In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Hudson Cook as Special Counsel to the Debtors on the terms set forth in the Application and the Clarke Declaration.

3.      Hudson Cook shall apply for compensation and reimbursement of expenses incurred following the Petition Date in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United State Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, and any additional procedures that may be established by order of this Court.

4.      Hudson Cook shall file with the Court and serve upon the U.S. Trustee and the Creditors' Committee appointed in these Chapter 11 cases a notice of any changes to its hourly billing rates for attorneys or other personnel performing services for the Debtors.

5.      The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

6.      To the extent there may be any inconsistency between the terms of the Application, the Clarke Declaration and this Order, the terms of this Order shall govern.

7.      Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012 **(the "DOJ/AG Settlement")**, (c) the Order of Assessment of a Civil Money Penalty Issued

Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10,

2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries

and affiliates.

8.      Notwithstanding anything herein or in the GA Servicing Order to the contrary,

this Order shall not waive or foreclose and is without prejudice to (i) any and all claims, causes

of action and defenses that may be asserted by the Debtors or any party-in-interest (including the

Creditors' Committee) for any and all past or future costs of compliance with the FRB Consent

Order, DOJ/AG Settlement,  the Order of Assessment ("Compliance Claims") against any and all

parties, including, without limitation, claims for contribution and/or indemnification arising

directly or indirectly, by contract or under common law, through subrogation or otherwise, (ii)

all rights of AFI to object to any Compliance Claim on any and all bases and bring counterclaims

against the Debtors for Compliance Claims, including asserting claims (x) that the costs of

compliance in connection with the Compliance Claims are administrative expenses of the

Debtors' estates pursuant to 11 U.S.C. § 503(b) and (y) that AFI is relying on the Debtors' costs

of compliance in its decision to support operationally and financially the Debtors' efforts to sell

the assets of the Debtors' estates on a going concern basis and maximize the value of the estates,

and (iii) all rights of the Debtors or any party-in-interest (including the Creditors' Committee) to

respond to any objections and contest any and all counterclaims asserted by AFI, provided,

however, that in each case such claims shall not be resolved, waived or discharged by the

Debtors without the consent of the Creditors' Committee or further order of the Court.

9.      The Objections, and all reservations of rights contained therein, shall be preserved

for the Final Hearing as the same may be modified by the Creditors' Committee.

10.    The Final Hearing to consider the Application on a final basis is scheduled for

May 14, 2013 at 10:00 a.m. before the Court.

11.    This Court shall retain jurisdiction with respect to all matters relating to the

interpretation or implementation of this Order.

Dated: April 29, 2013

_____**/s/Martin Glenn**_____
MARTIN GLENN
United States Bankruptcy Judge

5