Wendy Alison Nora                                    Hearing Date: May 7, 2013 at 10:00 a.m.
ACCESS LEGAL SERVICES                                Objection Deadline: April 29, 2013 at 4:00 p.m.
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
Telephone: (612) 333-4144
accesslegalservices.bkyny@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
In re

Residential Capital, LLC *et al.,*                   Chapter 11
                                                     Case No. 12-12020 (MG)
                          Debtors.                   Administratively Consolidated

-----------------------------------------------------------------X

OBJECTION TO DEBTORS' MOTION TO EXTEND PLAN FILING
EXCLUSIVITY PERIOD [DOCUMENT 3485]
_____

Wendy Alison Nora object to the Debtors' Motion to Extend the Plan Filing Exclusivity Period upon the grounds set forth below:

1. Debtors assert that they are working in good faith toward the filing of a consensual plan with all the important constituencies.

2. Debtors are not engaging in negotiations with the class of contingent, unsecured claimants who are or were homeowners and who have been injured by fraudulent foreclosures throughout the nation as is plainly evident by their Motion to Extend the Exclusivity Period filed on April 19, 2013 as document number 3485.

3. No where in the Motion or its attachments is there any mention of negotiations with the class of contingent, unsecured homeowner claimants, whose claims form the majority of the face value of the "excess of 6,700 claims" which they contend must be "evaluated" in order to

1

file their "consensual" Chapter 11 Plan by their requested extension date of July 10, 2013.

   4. At ¶36 of their Motion, the Debtors assert:

   . . . Approximately 6,700 claims have been filed against the Debtors' estates. Certain of these claims are large and involve complex issues that will require substantial attention from the Debtors. Although the Debtors have already begun analyzing these claims, the task is enormous. The Debtors still need more time to vigorously review, analyze and object to, if necessary, sizeable claims against the Debtors. The bases for many of these claims are complicated and will require substantial discovery and investigation.

   5. Debtors have had since November 16, 2012 to analyze the claims. They and their parent company, Ally Financial, Inc. (hereinafter "AFI") created the complications and the complexity of the task for which the Debtors now seek to extend their exclusivity period by attempting to "ring-fence" AFI's liabilities for mortgage foreclosure fraud in this bankruptcy of AFI subsidiaries. The Debtors sought and obtained an order modifying the automatic stay in order to proceed with foreclosures and quiet title actions against homeowners based upon forged and perjured documents throughout the nation, insisting that claims for monetary damages be pursued by Proofs of Claims and adversary cases in these proceedings. The created the very situation from which they now seek relief, but make no effort to act in good faith to resolve the homeowners' claims by negotiated resolution. The very language in ¶36 shows no interest in resolving the claims of the injured homeowner class of claimants. They intend to "evaluate" the claims prior to July 10, 2013, something that they would not have to do if they were treating the unsecured homeowner class of claimants in the same way as they are treating the opposite side of their securitization frauds: the RMBS claimants–by negotiating for a global settlement of an unsecured claims.

   6. Debtors are not negotiating with the class of contingent, unsecured homeowner claimants in good faith, have no intention of doing so and no consensual plan can be filed in this

2

matter by July 10, 2013 or at by any other extended exclusivity date.

7. A consensual plan is not feasible because AFI and the Debtors knowingly took a huge risk which cannot ever succeed: they are attempting to "ring-fence" fraud against multiple constituencies in bankruptcy proceedings of alter ego subsidiaries, which is impossible as a matter of law. That they are discovering this as a matter of fact makes no difference. They created the chaos which they are claiming that the "consensual" plan will avoid. They will not have a consensual plan by July 10, 2013 and the motion should be denied.

WHEREFORE, the undersigned objects to the requested extension of the exclusivity period for the reasons stated above.

Dated at Minneapolis, Minnesota this 29th day of April, 2013.

*/s/Wendy Alison Nora*
Wendy Alison Nora
ACCESS LEGAL SERVICES
310 Fourth Avenue South, Suite 5010
Minneapolis, Minnesota 55415
VOICE (612) 333-4144
accesslegalservices@gmail.com