# Exhibit 1

## Proposed Order in Aid of Mediation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

## [PROPOSED] ORDER IN AID OF MEDIATION

In connection with that certain Order Appointing Mediator, dated December 26, 2012 [Docket No. 2519],[1] appointing the Honorable James M. Peck as mediator (the "**Mediator**"); and the Mediation Parties having met and conferred with the Mediator on January _, 2013; and after due deliberation thereon and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. "**Settlement Proposal**" shall mean any and all settlement proposals and counterproposals, other than an agreement in principle acceptable to all Mediation Parties and subject to definitive documentation (an "**Agreement in Principle**"), delivered or received by any Mediation Party during a Mediation Conference.

2. Settlement Proposals shall not constitute material nonpublic information for purposes of the Securities Exchange Act of 1934.

3. Settlement Proposals and Agreements in Principle shall remain confidential unless each of the Mediation Parties agrees in writing to the disclosure of any Settlement Proposal or Agreement in Principle.

4. Settlement Proposals shall be subject to protection under Rule 408 of the Federal Rules of Evidence.

5. No Mediation Party shall (i) be or become an insider or fiduciary of any ResCap Party (as defined below) or any other party in interest, (ii) undertake any duty to any party in interest, including without limitation, to any ResCap Parties, or (iii) be limited in its ability to buy, sell, or trade any security, including, without limitation, any security issued by any of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Order Appointing Mediator.

ResCap Parties, in each case:  (x) by virtue of such Mediation Party's status as a holder of notes issued by a ResCap Party, (y) by acting together in a group with other holders of notes issued by a ResCap Party, or (z) by participating in any Mediation Conference or receiving information in connection therewith, with or without a Mediation Conference Confidentiality Agreement (as defined below) in place.

6. If any Mediation Party buys, sells, or trades any security issued by any of the ResCap Parties, such Mediation Party shall not be deemed to be violating any duty to any of the ResCap Parties or misappropriating any information of any of the ResCap Parties as a result of such Mediation Party's being in possession of any Settlement Proposal received during a Mediation Conference or as a result of being a Mediation Party.

7. This Order hereby supplements the Order Appointing Mediator as set forth herein.

8. The following provisions shall apply to any and all conferences conducted pursuant to the Order Appointing Mediator and any and all mediation and settlement discussions by and among any Mediation Party participating in such conferences or outside of any such conference but related thereto (each a "**Mediation Conference**"), notwithstanding anything to the contrary contained in the Order Appointing Mediator:

   a. In connection with any Mediation Conference, if a Mediation Party does not enter into a written confidentiality, non-disclosure, or similar agreement (a "**Mediation Conference Confidentiality Agreement**") with the other Mediation Parties,

      i. Each of the Debtors and its representatives participating in any Mediation Conference (including but not limited to any of its attorneys, financial advisors, investment bankers, consultants, or other professionals retained by it and any other advisors or experts) (collectively, the "**ResCap Parties**") may provide material non-public information to a Mediation Party; provided, however, that each Mediation Party shall not disclose any material non-public information to any other Mediation Party; and provided further that, in the event of any such sharing of material non-public information with a Mediation Party by a ResCap Party, or by a Mediation Party in violation of this provision, the ResCap Parties shall be obligated to make any such information public and shall certify by [5 p.m. on February 28, 2013] that they have done so, and that thereafter each Mediation Party may freely buy, sell, or trade any security, including without limitation any security issued by any ResCap Party.  Absent such disclosure and certification by the ResCap Parties by [5 p.m. on February 28, 2013], each Mediation Party is hereby authorized to disclose publicly such material non-public information, except that no Agreement in Principle shall be disclosed unless each of the Mediation Parties agrees in writing; and

      ii. The fact of a Mediation Party's participation in any Mediation Conference and any Settlement Proposal delivered or received by any Mediation Party during a Mediation Conference shall not (x) constitute material non-public

information, (y) give rise to any duty owed by the Mediation Party to any party in interest, including, without limitation, to any ResCap Party, or (z) limit the Mediation Party's ability to buy, sell, or trade any security, including, without limitation, any security issued by any ResCap Party.

b. If a Mediation Party enters into a Mediation Conference Confidentiality Agreement, the terms of that agreement shall govern any issues with respect to any Mediation Party's disclosure of any material nonpublic or confidential information.

c. No party in interest within the meaning of section 1109(b) of the Bankruptcy Code, including without limitation the ResCap Parties, shall have any claim, defense, objection, or cause of action of any nature whatsoever, including without limitation any objection to a claim or any other basis to withhold, subordinate, disallow, or delay payment or issuance of any consideration including any new instruments, on account of a claim, against a Mediation Party (or any trustee or agent acting on behalf of a Mediation Party) by reason of the Mediation Party's participation in any Mediation Conference, including, without limitation, as a result of receiving any information as part of any Mediation Conference or trading in any security of any ResCap Party while in possession of any undisclosed Settlement Proposal or other settlement information, provided that in the event there is a Mediation Conference Confidentiality Agreement in place, nothing herein shall be deemed to waive any claims for default or non-compliance therewith. Nothing in this order is intended to, nor shall it, waive, release, compromise, or impair in any way whatsoever, any claims or defenses that any party has or may have, whether now known or unknown, in connection with or relating to acts or omissions that took place prior to the entry of this Order.

d. Nothing in this Order or the Order Appointing Mediator shall require any Mediation Party to keep confidential any information provided by the Debtors' members, shareholders, or creditors, in each case who is not a ResCap Party, to such Mediation Party.

New York, New York
January __, 2013

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE