OBJECTION DEADLINE: APRIL 30, 2013 AT 4:00 PM
HEARING DATE: MAY 7, 2013 AT 10:00 AM

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------X
: 
In re : 
: Chapter 11 Case No.
**RESIDENTIAL CAPITAL, LLC, et al.,** : 
: 12-12020 (MG)
Debtors. : 
: (Jointly Administered)
: 
---------------------------------X

**LIMITED OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE COMMITTEE TO PROSECUTE AND SETTLE CERTAIN CLAIMS ON BEHALF OF THE DEBTORS' ESTATES**

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE**:

Wilmington Trust, National Association (the "Trustee"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion (the "Notes," and the holders thereof, the "Noteholders") issued by Residential Capital, LLC ("HoldCo," and with its debtor-affiliates, the "Debtors"), under that certain indenture dated as of June 24, 2005, respectfully submits this limited objection to the Motion of the Official Committee of Unsecured Creditors (the

"Committee") for Entry of an Order Authorizing the Committee to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates (Doc. 3412) (the "Committee Standing Motion"). In support of this limited objection (the "Limited Objection"), the Trustee represents as follows:

## PRELIMINARY STATEMENT

1. While the Trustee generally supports the relief sought by the Committee in the Committee Standing Motion, this Limited Objection is necessary because the Trustee believes that the Committee Standing Motion does not adequately protect the interests of the HoldCo estate and its creditors, including the Noteholders. As set forth in the Trustee's motion for standing to pursue HoldCo estate claims against Ally Financial Inc. ("Ally Financial") and HoldCo's direct and indirect subsidiaries (the "OpCos"), which is scheduled to be heard on May 14, 2013 (the "Trustee Standing Motion"),[1] the Committee simply cannot represent the interests of all of the Debtors' creditors in commencing, prosecuting, and settling HoldCo estate claims because a number of HoldCo's significant claims are in material conflict with, and may be adverse to, the interests of the OpCo estates and their creditors. The Trustee and the Noteholders it represents are the only creditors unaffiliated with HoldCo that hold liquidated, unsecured claims against the HoldCo estate. Accordingly, the Trustee should be permitted to jointly prosecute claims of the HoldCo estate against Ally Financial and should be charged with the ability to settle such claims in order to ensure that there is an independent, unconflicted representative of the HoldCo estate at the negotiating table.

---

[1] *See* Notice of Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate (Doc. 3475).

2

**LIMITED OBJECTION**

2. The Trustee has detailed in its proposed complaint, which is attached as Exhibit B to the Trustee Standing Motion (the "Trustee's Proposed Complaint"), three primary sources of recovery for creditors of the HoldCo estate, including the Noteholders. *First*, the HoldCo estate holds significant claims against Ally Financial, including fraudulent transfer and constructive trust claims. These claims are the subject of the Committee Standing Motion in which the Committee seeks authority to prosecute and settle all claims held by the Debtors against Ally Financial (the "Committee Claims"). *Second*, the HoldCo estate possesses significant claims against the OpCos, including against GMAC Mortgage, LLC ("GMAC Mortgage") and Residential Funding Co., LLC, related to HoldCo's forgiveness of significant intercompany debt obligations for no consideration. These claims are discussed in the Trustee Standing Motion and the Trustee's Proposed Complaint. They are rightfully not addressed by the Committee Standing Motion because the Committee, which has fiduciary duties to all creditors of all estates, cannot seek authority on behalf of one estate to sue another estate. *Third*, the Trustee and the Noteholders hold a series of personal claims against Ally Financial including certain claims based on tortious interference and alter ego theories. These claims, which are outlined in the Trustee's Proposed Complaint, are not the subject of any standing motion because only the Trustee can bring these claims and no permission of this Court is required to pursue them. Because neither the HoldCo claims against the OpCos nor the personal claims of the Trustee and Noteholders against Ally Financial are the subject of the Committee Standing Motion, only the Committee Claims are the subject of this Limited Objection.

3. Pursuit of the Committee Claims is critical to recovery by creditors of the HoldCo estates. The Debtors have abdicated their responsibility to bring such claims, which is evidenced by their failure to commence litigation and their former agreement to settle such claims for

inadequate consideration without the input of the Noteholders.[2]  Accordingly, the Trustee recognizes the crucial role that the Committee will play in asserting these claims and likewise acknowledges that the Committee, its counsel and its advisors have performed their roles admirably throughout these chapter 11 cases.  Nonetheless, the Trustee believes that the Committee Standing Motion does not provide adequate representation or protection to creditors of the HoldCo estate for the following three reasons.

4.   *First*, the HoldCo estate possesses significant and valuable claims against Ally Financial that the Committee cannot or is unlikely to assert.  The Committee seeks broad authority to commence, prosecute and settle *all claims* held by the Debtors against Ally Financial arising from the investigations of both the Committee and the Examiner.  But despite the breadth of these investigations, the Committee enumerates in the Committee Standing Motion only some of the known colorable claims that HoldCo could assert against Ally Financial.  The Trustee's Proposed Complaint, on the other hand, identifies additional valuable claims against Ally Financial that belong to HoldCo.  Yet the Committee is unable to bring some of these claims, due to the interdebtor issues they raise.  These include fraudulent transfer claims against Ally Financial related to HoldCo's forgiveness of billions of dollars of intercompany debt obligations to the OpCos, which were done for Ally Financial's benefit.  *See* Trustee's Proposed Complaint ¶¶ 244 -

---

[2]   The Debtors have acknowledged that they will not bring claims against Ally Financial.  They do so likely because of conflicts of interest they have in suing their former parent.  This is not unusual.  Such conflicts are the quintessential reason why debtors routinely refuse to bring claims and consent to creditor and committee standing.  *See, e.g.*, *In re Hydrogen L.L.C.*, Case No. 08-14139, 2009 WL 2913448 at *2 (Bankr. S.D.N.Y., May 7, 2009) (awarding standing due to the debtors' conflict in bringing the claim); *Louisiana World Exposition v. Fed. Ins. Co.*, 858 F.2d 233, 251 (5th Cir. 1988) (holding that where a debtor-in-possession possesses a cause of action but is unable, due to a conflict of interest, to bring that action, allowing another entity to bring that action will often prove beneficial to the estate); *In re Cooper*, 405 B.R. 801, 809 (Bankr. N.D. Tex. 2009) ("The additional non-textual rationale for granting a creditors committee or creditor derivative standing to pursue avoidance or other causes of action comes into play when a debtor-in-possession has a conflict of interest in pursuing an action.").

255.[3] To prevail on such claims, HoldCo would need to show that the debt forgiveness transactions in favor of the OpCos were fraudulent transfers themselves, which involve interdebtor disputes that are not appropriate for Committee prosecution. The Trustee should be permitted to prosecute and settle such additional claims in coordination with the Committee (as detailed in the Trustee Standing Motion) to ensure that all claims of the HoldCo estate are prosecuted to their fullest extent.

5. *Second*, several of the claims of the HoldCo estate against Ally Financial that the Committee may assert pose conflicts with the interests of OpCo creditors.[4] Such conflicts require the active engagement of the Trustee or another unconflicted HoldCo representative in the prosecution and settlement of such claims.[5] The most glaring examples are claims against Ally Financial stemming from HoldCo's sale of Old GMAC Bank and the related sales of HoldCo's interest in the corresponding mortgage operations of Ally Bank. *See* Committee Standing Motion ¶ 63. Such claims belong exclusively to the HoldCo estate. More specifically, as further detailed in the Trustee's Proposed Complaint, Ally Financial undertook transactions in 2008 and 2009 that transferred all of HoldCo's interest in Ally Bank to Ally Financial for significantly less than reasonably equivalent value. *See* Trustee's Proposed Complaint ¶¶ 102-107. But before transferring HoldCo's interest in Ally Bank, Ally Financial caused Ally Bank to enter into several transactions that shifted risk and liability away from Ally Bank to GMAC Mortgage, including its representation and warranty liability, as well as the market risk in holding mortgage loans and

---

[3] The Trustee seeks authority to prosecute these claims against the OpCos in the Trustee Standing Motion.

[4] The Trustee takes no position on claims to be asserted by the Committee that belong to the OpCo estates.

[5] Just because the Debtors are conflicted does not mean that the Committee is the right party to bring the claims. *See In re Housecraft Indus. USA, Inc.*, 310 F.3d 64, 72 ("[T]he court must find that the creditor's interests in bringing the litigation do not conflict with those of the estate."); *In re Adelphia Commc'ns Corp.*, 330 B.R. 364, 382 (Bankr. S.D.N.Y. 2005) (noting that the party seeking standing must not be conflicted with the interests of the estate). Like the Debtors, the Committee cannot act in an unconflicted role and thus it should fall to the Trustee to do so.

5

mortgage servicing rights (the "Risk Shifting Transactions"). *See* Committee Standing Motion ¶¶ 37-39, 41; *see* Trustee's Proposed Complaint ¶¶ 78-94. The Risk Shifting Transactions were beneficial to Ally Bank, and any valuation of HoldCo's interest in Ally Bank must include a premium for these unique contractual relationships. *See* Committee Standing Motion ¶ 63. In sum, the Committee has outlined claims against Ally Financial both on behalf of HoldCo, for the transfer of HoldCo's interests in Ally Bank to Ally Financial, and on behalf of GMAC Mortgage, in respect of the Risk Shifting Transactions. The prosecution of both claims creates a potential conflict. The Trustee's role ensures that the HoldCo estate will be fairly represented.

6. *Third*, the authority to settle the claims of the HoldCo estate against Ally Financial should not lie with the Committee alone. The standard for bringing these claims on behalf of the HoldCo estate is founded on the best interests of the HoldCo estate, and the granting of settlement authority must follow the same principle: a consideration of HoldCo's best interests. Given the structural conflicts identified above, the Committee's proposal to have exclusive settlement authority does not meet this test. The Committee is made up of nine members, eight of whom are primarily creditors of the OpCos and only one of whom, the Trustee, has any liquidated, undisputed claims against HoldCo.[6] To give the Committee exclusive authority to settle claims of HoldCo thereby allows OpCo creditors to control the fate of the HoldCo recovery. While the Trustee has the utmost respect for the Committee and its members, trade-offs could be made that would prejudice the HoldCo recovery for the benefit of the OpCos. Instead, the best interests of the HoldCo estate would be served by giving the Trustee, as an unconflicted representative of the

---

[6] The Committee is made of up of nine members: the Trustee, MBIA Insurance Corporation (monoline insurer with unliquidated insurance, representation, and warranty claims); Financial Guaranty Insurance Company (same), Deutsche Bank Trust Company Americas (indenture trustee for mortgage securitization trusts with unliquidated representation and warranty claims), The Bank of New York Mellon Trust Company, N.A. (same), U.S. Bank National Association (same), AIG Asset Management (U.S.) LLC (residential mortgage-backed security investor claiming violations of federal securities laws and state blue sky laws, common law fraud and other similar theories), Allstate Life Insurance Company (same), and Rowena L. Drennen (a homeowner and representative plaintiff in a class action against the Debtors).

HoldCo estate, exclusive authority to settle the HoldCo estate claims, upon consultation with the Committee and Debtors.

7. The Trustee continues to believe that a reasonable global settlement is the preferred route for the efficient and timely resolution of all claims against Ally Financial and the OpCos. It is clearly the only foreseeable path to a fully consensual plan and one to which the Trustee remains fully committed. But, absent a global settlement, all colorable claims of the HoldCo estate must be brought to bear against Ally Financial. The Committee is aptly suited to lead the charge, but it should not do so alone. To ensure that all possible claims are prosecuted and that such claims are settled in an unconflicted manner, the Trustee—or another unconflicted HoldCo estate representative—must be permitted to bring its claims alongside, and in coordination with, the Committee. *See* Trustee Standing Motion.

Dated: New York, New York
April 30, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Thomas J. Moloney
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
Members of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*