**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER CLARIFYING SCOPE OF STAY RELIEF UNDER SUPPLEMENTAL**
**SERVICING ORDER WITH RESPECT TO LA CASSE ACTION**

Upon consideration of the *Debtors' Motion for Entry of an Order Clarifying Scope of Stay Relief Under Supplemental Servicing Order With Respect to La Casse Action* [ECF Doc. # 3493] (the "**Motion**"),[1] filed by Residential Capital, LLC and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "**Debtors**"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further or other notice need be given; and upon consideration of the *Declaration of Richard Briansky in Support of Debtors' Motion for Entry of an Order Clarifying Scope of Stay Relief Under Supplemental Servicing Order With Respect to La Casse Action*; and no objections to the Motion have been received; and after due deliberation; it is hereby

**ORDERED ADJUDGED, AND DECREED THAT:**

    1.    The relief requested in the Motion is GRANTED as provided herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2. Pursuant to the Supplemental Servicing Order, the automatic stay of section 362(a) of the Bankruptcy Code was lifted to the extent necessary to permit Thomas La Casse ("**Borrower**"), as Borrower in the action pending before the Superior Court for the Judicial District of Norwalk/Stamford, Connecticut, captioned <u>Residential Funding Corporation LLC v. Thomas La Casse</u>, Docket Number 09-5011591 (the "**La Casse Action**"), to prosecute any claims or causes of action to the extent such claims and causes of action constitute defenses to the pending foreclosure of the Loan. For the avoidance of doubt, the automatic stay shall not preclude the adjudication of the Motion to Vacate filed by Borrower, including, but not limited to, any opposition by RFC, the issuance of a ruling by the State Court regarding the Motion to Vacate, any related appeals, and any further proceedings in the La Casse Action to the extent any of Borrower's claims, counter claims or defenses constitute defenses to foreclosure as provided for in the Supplemental Servicing Order.

3. Except as provided herein and in the Supplemental Servicing Order, absent further order of the Court, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, and Borrower, together with his respective agents, attorneys, or representatives, shall not take any action to execute, enforce or collect all of or any portion of any such judgment from the Debtors or its estates or properties.

4. Entry of this Order is without prejudice to the Debtors' rights to seek authorization to modify or supplement the relief granted herein.

5. This Order shall be enforceable and effective immediately upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from the interpretation and/or implementation of this Order.

Dated: New York, New York
April 30, 2013

                                      **/s/Martin Glenn**
                                      MARTIN GLENN
                                      United States Bankruptcy Judge