OBJECTION DEADLINE: MAY 1, 2013 AT 4:00 PM**
HEARING DATE: MAY 7, 2013 AT 10:00 AM

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
In re                                                    :
                                                         :    Chapter 11 Case No.
RESIDENTIAL CAPITAL, LLC, et al.,                        :
                                                         :    12-12020 (MG)
                            Debtors.                     :
                                                         :    (Jointly Administered)
                                                         :
---------------------------------------------------------X

RESPONSE TO DEBTORS' MOTION FOR THE ENTRY OF AN ORDER FURTHER
EXTENDING THEIR EXCLUSIVE PERIOD TO FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

TO THE HONORABLE JUDGE GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Wilmington Trust, National Association (the "Trustee"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion (the "Notes," and the holders thereof, the "Noteholders") issued by Residential Capital, LLC ("HoldCo," and with its debtor-affiliates, the "Debtors"), under that certain indenture dated as of June 24, 2005, respectfully submits this response to the *Debtors' Motion For The Entry Of An Order Further Extending Their Exclusive*

** DEADLINE EXTENDED BY THE DEBTORS.

*Periods To File A Chapter 11 Plan And Solicit Acceptances Thereof* (Doc. 3485) (the "<u>Motion</u>"). In support of this response, the Trustee represents as follows:

## **<u>RESPONSE</u>**

1. The Trustee generally supports the relief sought in the Motion because the Debtors, Ally Financial, Inc. ("<u>Ally Financial</u>"), the Trustee, and other significant creditor constituencies remain actively involved in the ongoing mediation and plan negotiations in order to reach a consensual resolution to these chapter 11 cases. The Trustee continues to believe that a global settlement is the preferred route for the efficient and timely resolution of all claims, including interdebtor claims and claims against Ally Financial. The alternative is likely to lead to costly and prolonged litigation, including over difficult plan issues such as substantive consolidation, which could delay recoveries to unsecured creditors for a significant period of time. Given that the Court has already extended Judge Peck's term as mediator to and including May 31, 2013, and mediation and plan discussions are ongoing, the Trustee supports a limited extension of the exclusivity period for thirty (30) days. The Trustee does not support any longer extension, including the sixty-four (64) day extension initially proposed by the Debtors in the Motion. The Trustee understands that the Debtors now only seek a thirty (30) day extension, and accordingly, the Trustee joins the Official Committee of Unsecured Creditors in supporting the relief sought in the Motion.

2. In the event that mediation reaches an impasse or is otherwise terminated, the Trustee will revisit whether to seek to terminate, or oppose an extension of, exclusivity at that time. The Trustee continues to believe that absent immediate progress the Debtors should be taking concrete steps during the next thirty (30) days to resolve the "Gating Intercreditor Issues" identified in the Motion, which necessarily include (a) objecting to the claims asserted by various monoline insurers and (b) seeking a declaration as to whether the JSBs are oversecured and entitled

to post-petition interest.  In addition, a limited extension of exclusivity will permit the Trustee to evaluate whether to seek termination or oppose a further extension of exclusivity shortly after the publication of the examiner's report on May 13, 2013.

3. The Trustee intends to use the next thirty (30) days to continue engaging in constructive dialogue, but the Trustee will also prepare for other alternatives, including the prosecution of the claims described in that certain *Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate* (Doc. No. 3475).  Failing progress during this time, the only path forward will involve pursuing claims against Ally Financial and, before any meaningful distributions may occur, resolving interdebtor claims, including claims against HoldCo's subsidiaries arising from the forgiveness of intercompany debt for no consideration.

4. The Trustee reserves all rights to seek a termination of exclusivity, to commence litigation against Ally Financial, and to seek the appointment of a trustee and all other rights at law or equity.

*[The remainder of this page has been intentionally left blank.]*

Dated: New York, New York
May 1, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Thomas J. Moloney
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
Members of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*