Hearing Date and Time: May 7, 2013 at 10:00 a.m. (ET)
Objection Deadline: May 1, 2013 at 4:00 p.m. (ET)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official
Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
In re:                                    :    Chapter 11
                                          :
Residential Capital, LLC, et al.,         :    Case No. 12-12020 (MG)
                                          :
                    Debtors.              :    Jointly Administered
                                          :
------------------------------------------------------------- x

**STATEMENT OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS WITH RESPECT TO THE DEBTORS' MOTION**
**FOR THE ENTRY OF AN ORDER FURTHER EXTENDING THEIR EXCLUSIVE**
**PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby files this statement (the "**Statement**") with respect to the Debtors' motion for the entry of an order further extending their exclusive periods to file a chapter 11 plan and solicit acceptances thereof (the "**Motion**") [Docket No. 3485], and respectfully submits as follows:[1]

**INTRODUCTION**

1.    After consultation with the Committee, the Debtors have agreed to modify the Motion to seek, at this time, a narrowly tailored thirty-day extension of exclusivity—i.e.,

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

through June 6, 2013.  The Committee supports the granting of this relief as necessary and appropriate, premised on the same understandings reached with respect to the Debtors' last extension of exclusivity: among other things, that the Debtors will not file a plan during the extended Exclusive Periods absent the Committee's consent.

2. These cases have made significant progress since the Debtors' last request for an extension of exclusivity.  Judge Peck's prodigious efforts as mediator have moved the parties much closer to a global resolution that could be embodied in a confirmable chapter 11 plan.  With the deadline for filing the Examiner's report fast approaching and administrative costs on the rise, the parties are motivated to reach that goal.  Plan discussions are expected to continue over the next week, and the parties remain optimistic that they can close the gap on the major outstanding issues in these cases in the near term.  But even if a global settlement ultimately cannot be reached, the considerable progress made through the mediation provides guidance for formulating, if necessary, a non-consensual plan that preserves claims against AFI.  Whichever path this case takes, another brief extension of exclusivity at this time is appropriate.

## STATEMENT

3. Over the past two months, the parties—including, among others, the Debtors, the Committee, AFI, and representatives of certain major creditor constituencies—have worked diligently to prepare for and ultimately participate in the global mediation summit that took place last week.  This preparation entailed a thorough analysis of the various claims asserted against AFI and the Debtors' estates, as well as numerous ad hoc discussions among creditors regarding the Gating Intercreditor Issues that need to be resolved to achieve a consensual chapter 11 plan.  These discussions continued throughout the mediation summit, and, based on the substantial progress achieved towards full consensus, are continuing to date.  Recognizing the

important role the mediation played in enabling this progress, additional plan mediation sessions have been scheduled for later this week in an attempt to resolve remaining plan issues.

    4.  Terminating the Debtors' Exclusive Periods and allowing third parties to file competing plans while the mediation continues and the bankruptcy appears to be at an important turning point would be unproductive and could imperil the successful resolution of these cases. Indeed, competing plans filed by self-interested third parties could prematurely result in the litigation "Armageddon" this Court feared, as these plans will consume significant attention from estate professionals and likely will not fully or satisfactorily address the Gating Intercreditor Issues in a manner that the Court could approve. Requiring the parties to review and respond to what will likely be unconfirmable chapter 11 plans is a waste of estate resources that can be avoided by the proposed brief extension of the Exclusive Periods.

    5.  The Committee recognizes this Court's hesitation expressed at the last exclusivity hearing regarding further exclusivity extensions, but submits that the progress made over the past two months through the mediation is precisely the type of showing that warrants an additional, incremental extension to facilitate the process while keeping the parties on a short leash. Importantly, no delay to the chapter 11 cases will result from such an extension. This is because the continued mediation sessions will yield one of two possible outcomes: either the parties will achieve a global resolution of the major outstanding issues over the next week and will use the additional thirty-day window to document and obtain the necessary approvals to implement this resolution, or the mediation will fail to produce consensus and a short extension of exclusivity will provide the Debtors, the Committee, and other parties with time to finalize a chapter 11 plan that contemplates litigation of certain outstanding issues—including, among other things, the pursuit of claims and causes of action against AFI and its affiliates and the

litigation or resolution of the Gating Intercreditor Issues, including the continued prosecution of the Committee's lien challenge against the Junior Secured Noteholders. Though the Committee is hopeful that a litigation-based plan can be avoided, if a settlement is unattainable the Committee and the Debtors are prepared to proceed with this approach in tandem prior to the expiration of any extended Exclusive Periods. Under either scenario, a modest thirty-day extension is essential to allow the Debtors and the Committee sufficient time to formulate a confirmable chapter 11 plan that will pave the way towards an expeditious emergence from bankruptcy.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court grant a 30-day extension of the Exclusive Periods and such other relief as may be just and proper.

Dated: New York, New York
May 1, 2013

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Douglas H. Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official Committee*
*of Unsecured Creditors*

4