**Hearing Date and Time: June 6, 2013 at 3:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: May 28, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
---------------------------------------------------------------

**NOTICE OF DEBTORS' FIRST OMNIBUS**
**OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*First Omnibus Objection to Claims (Late-Filed Claims)* (the "Omnibus Objection"),

which seeks to alter your rights by either disallowing, modifying and/or reducing your

claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **June 6, 2013 at 3:00 p.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **May 28, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand

Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman);

(j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by

overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-

5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World

Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos,

Regional Director); and (l) and special counsel to the Committee, SilvermanAcampora

LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY  11753 (Attention:  Ronald J.

Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated: May 1, 2013                          Respectfully submitted,
      New York, New York

                                         /s/ Norman S. Rosenbaum
                                         Gary S. Lee
                                         Norman S. Rosenbaum
                                         Jordan A. Wishnew
                                         MORRISON & FOERSTER LLP
                                         1290 Avenue of the Americas
                                         New York, New York 10104
                                         Telephone: (212) 468-8000
                                         Facsimile: (212) 468-7900

                                         *Counsel to the Debtors and*
                                         *Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------- ) | |
| In re:                                          ) | Case No. 12-12020 (MG) |
|                                                  ) | |
| RESIDENTIAL CAPITAL, LLC, et al.,   ) | Chapter 11 |
|                                                  ) | |
| Debtors.           ) | Jointly Administered |
| ------------------------------------------------- ) | |

**DEBTORS' FIRST OMNIBUS OBJECTION
<u>TO CLAIMS (LATE-FILED CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**RELIEF REQUESTED**

1.    The Debtors file this first omnibus claims objection (the "First Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as **Exhibit 2**, disallowing and expunging the claims listed on **Exhibit A**[1] annexed to the Proposed Order.  In support of this First Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' First Omnibus Claims Objection (the "Horst Declaration"), attached hereto as **Exhibit 1** and filed concurrently herewith.

2.    The Debtors have examined the proofs of claim identified on **Exhibit A** to the Proposed Order (collectively, the "Late-Filed Claims") and have determined that the Late-Filed Claims violate this Court's August 29, 2012 order setting forth the procedures and deadlines for filing proofs of claim in these Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"), as these claims were filed after the Bar Date (defined herein).  Because the Late-Filed

---

[1]    Claims listed on **Exhibit A** are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

Claims fail to comply with the terms of the Bar Date Order, the Debtors request that they be disallowed and expunged in their entirety.

3.    No Borrower Claims (as defined in the Procedures Order) are included in this First Omnibus Claims Objection.

4.    The Debtors expressly reserve all rights to object on any other basis to any Late-Filed Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.    On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

8.    On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

9.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and

2

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

10.    On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was **not** extended.

11.    In order to be timely-filed, proofs of claim must have been "actually received" on or before the applicable Bar Date.  (Bar Date Order ¶¶ 2, 3).  The Bar Date Order permitted the filing of proofs of claim with KCC and the Court in accordance with the deadlines established therein.  (Bar Date Order ¶¶ 1, 3).  The Bar Date Order also expressly provides that "any holder of a claim against one or more of the Debtors who is required, but fails, to file a proof of such claim in appropriate form in accordance with this Order shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) . . . ."  (Id. ¶ 11).

12.    In accordance with the Bar Date Order, potential claimants and other parties in interest received notice of the Bar Date Order via mail (each a "Bar Date Notice" and collectively, the "Bar Date Notices") at least thirty-five (35) days prior to the Bar Date.  (See Affidavits of Service of Notices of Deadlines for Filing Proofs of Claim [Docket Nos. 1412, 1461, 1482, 1522, 1523, 1528, 1543, 1660, 1666, 1754, 1764, 1783, 1805, 1815, 1822, 1907,

ny-1081242

1917, 1983, 2009, 2048, 2133, 2179, 2242, 2283, 2328]).   KCC served Bar Date Notices on

approximately 2.2 million borrowers and over 275,000 creditors.   The Bar Date Notice, which

was also published in the national edition of the *Wall Street Journal* and the national edition of

*USA Today*, notified claimants that proofs of claim against the Debtors must be received on or

before the Bar Date.  (Bar Date Notice ¶¶ 1, 3).  The Bar Date Notice prominently states the Bar

Date and, in bold-face type, notified recipients that "any holder of a claim that is not excepted

from the requirements of the Bar Date Order, as described in section 4 above, and that fails to

timely file a proof of claim in the appropriate form will be forever barred, estopped and enjoined

from asserting such claim against the debtors . . . ."  (Id. ¶ 5).  While only 35 days advance notice

of a bar date is recommended by the Second Amended Procedural Guidelines for Filing Requests

for Bar Date Orders in the United States Bankruptcy Court for the Southern District of New

York, in this case, the Debtors provided creditors with at least 72 days' notice of the Bar Date,

which was subsequently extended an additional nine days with respect to the General Bar Date.

(Bar Date Order ¶ 15).  The General Bar Date occurred nearly six months after the Petition Date,

and 81 days after the entry of the Bar Date Order, thus providing ample time for creditors to

determine, prepare and file their claims against the Debtors.

13.     In addition, a copy of the Bar Date Order and other information regarding

the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

14.     To date, approximately 6,839 proofs of claim have been filed in these

Chapter 11 Cases as reflected on the Debtors' claims registers.

15.     On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order [Docket No. 3294].

## THE LATE-FILED CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

16.    Based upon their review of the claims filed on the claims register in these

Chapter 11 Cases maintained by KCC, the Debtors have identified the claims on **Exhibit A**,

annexed to the Proposed Order, as claims that should be disallowed and expunged because they

failed to comply with the terms of the Bar Date Order.  (See Horst Declaration ¶¶ 3, 4).

17.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

18.    "Bar dates are 'critically important to the administration of a successful

chapter 11 case.'" Memorandum Decision Denying Motions for Leave to File Late Claims

[Docket No. 9150], In re Lehman Bros. Holdings, Inc., Case No. 08-13555 (JMP), 2010 WL

2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting In re Musicland Holding Corp., 356

B.R. 603, 607 (Bankr. S.D.N.Y. 2006)).   A bar date is more than a "procedural gauntlet" and

functions as "an integral part of the reorganization process."   In re Hooker Invs., Inc., 937 F.2d

833, 840 (2d Cir. 1991).   A bar date enables debtors to determine with reasonable promptness,

efficiency and finality what claims will be made against their estates—a determination without

which they cannot effectively reorganize.  See In re Keene Corp., 188 B.R. 903, 907 (Bankr.

S.D.N.Y. 1995).  Accordingly, bar dates are strictly enforced in the Second Circuit.  See id.; see

also In re Lehman Bros. Holdings, Inc., 2010 WL 2000326, at *2; In re Musicland Holding

Corp., 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly

enforced.").

19.     The Bar Date Order specifically requires proofs of claim to be actually received either by KCC or the Court on or before the Bar Date.  (Bar Date Order ¶¶ 2, 3).  Potential claimants were provided notice of the Bar Date Order, including the deadline to file proofs of claim and a warning that failure to comply with the Bar Date would result in their claims being barred.  (See Bar Date Notice ¶¶ 1, 3, 5).  Nevertheless, the holders of the Late-Filed Claims filed their proofs of claim after the Bar Date.  (See Horst Declaration ¶ 3).

20.     Because the Late-Filed Claims violate the terms of the Bar Date Order and are thus untimely, the Debtors request that the Court disallow and expunge in their entirety the Late-Filed Claims listed on **Exhibit A** to the Proposed Order.

### NOTICE

21.     The Debtors have served notice of this First Omnibus Claims Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

### NO PRIOR REQUEST

22.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

### CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

6

Dated:  May 1, 2013
      New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

7

## <u>Exhibit 1</u>

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
          )

In re:                      )     Case No. 12-12020 (MG)
          )

RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11
          )

              Debtors.    )     Jointly Administered
          )
---------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FIRST OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

I, Deanna Horst, hereby declare as follows:

        1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap for eleven years, the last ten months in my current position.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, QA and Compliance—a position I

held until 2006, at which time I became the Vice President of the Credit Risk Group, managing

Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President,

Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.

In my current position, I am responsible for Claims Management and Reconciliation and Client

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1084087

Recovery.  I am authorized to submit this declaration (the "Declaration") in support of the

*Debtors' First Omnibus Objection to Claims (Late-Filed Claims)* (the "Objection").[2]

2.    Except as otherwise indicated, all facts set forth in this Declaration are
based upon my personal knowledge of the Debtors' operations and finances, information learned
from my review of relevant documents and information I have received through my discussions
with other members of the Debtors' management or other employees, the Debtors' professionals
and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and
claims agent.  If I were called upon to testify, I could and would testify competently to the facts
set forth in the Objection on that basis.

3.    In my capacity as Senior Director of Claims Management, I am intimately
familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all
statements in this Declaration are based upon my familiarity with the Debtors' books and records
(the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of
financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and
reconciliation of claims, and/or my review of relevant documents.  I or my designee at my
direction have reviewed and analyzed the proof of claim forms and supporting documentation, if
any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  In connection
with such review and analysis, where applicable, the Debtors have reviewed (i) information
supplied or verified by personnel in departments within the Debtors' various business units,
(ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or
(v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
Objection.

ny-1084087

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.  Based on a thorough review of the Late-Filed Claims at issue, the Debtors have determined that each claim listed in the rows below the column entitled "Claim to be Disallowed" on Exhibit A annexed to the Proposed Order was received by the Court and/or KCC, after the General Bar Date and/or Governmental Bar Date, as applicable, passed.  Each proof of claim submitted by a creditor was date-and-time-stamped upon receipt by KCC and/or the Court.  The Late-Filed Claims included on Exhibit A to the Proposed Order were each date-and-time-stamped after the applicable General Bar Date or Governmental Bar Date by which these claims were required to be filed.  All of the claimants who filed Late-Filed Claims and, if known, their counsel, were served with notice of the applicable Bar Date, and/or were deemed to have notice of the Bar Dates via publication.

5.      To my knowledge, none of the claimants who filed the Late-Filed Claims has filed a motion with the Court, or contacted the Debtors, requesting permission to file a late proof of claim or proffering an excuse for such Late-Filed Claim.  If the Late-Filed Claims are not disallowed and expunged, the claimants who filed the Late-Filed Claims would receive distributions to the detriment of other creditors in these Chapter 11 Cases that they are not entitled to, because such claims were untimely.

6.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Late-Filed Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 30, 2013

/s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

4

## Exhibit 2

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
                                                  )
In re:                                            )          Case No. 12-12020 (MG)
                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,                 )          Chapter 11
                                                  )
                                      Debtors.    )          Jointly Administered
                                                  )
-------------------------------------------------------------

### ORDER GRANTING DEBTORS' FIRST OMNIBUS OBJECTION TO CLAIMS
### (LATE-FILED CLAIMS)

Upon the first omnibus claims objection, dated May 1, 2013 (the "First Omnibus

Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-

referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"),

seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Late-Filed Claims

on the basis that they were filed after the applicable Bar Date, all as more fully described in the

First Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the

First Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of

the First Omnibus Claims Objection and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the First Omnibus Claims Objection having

been provided, and it appearing that no other or further notice need be provided; upon

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
        in the Debtors' First Omnibus Claims Objection.

consideration of the First Omnibus Claims Objection and the Declaration of Deanna Horst in

Support of the Debtors' First Omnibus Objection to Claims (Late-Filed Claims), annexed to the

First Omnibus Claims Objection as Exhibit 1; and the Court having found and determined that

the relief sought in the First Omnibus Claims Objection is in the best interests of the Debtors,

their estates, creditors, and all parties in interest and that the legal and factual bases set forth in

the First Omnibus Claims Objection establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the First Omnibus Claims Objection is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit A annexed hereto (collectively, the "Late-Filed Claims") are hereby disallowed

and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Late-Filed Claims identified on the

schedule attached as Exhibit A hereto so that such claims are no longer maintained on the

Debtors' official claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the First Omnibus Claims Objection as provided therein

shall be deemed good and sufficient notice of such objection, and the requirements of

Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket

No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by

such notice; and it is further

ny-1084606

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any such claim that is not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Late-Filed Claims identified on Exhibit A, annexed hereto, as if each such Late-Filed Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
        New York, New York


                                    _____
                                    THE HONORABLE MARTIN GLENN
                                    UNITED STATES BANKRUPTCY JUDGE

3

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIRST OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | American Health and Life Insurance Company 3001 Meacham Blvd. Fort Worth, TX 76137 | 5876 | 11/21/2012 | $0.00 $0.00 $0.00 $0.00 $4,000,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 2 | Angela Genesco 2100 Linwood Ave. Apt 22T Fort Lee, NJ 07024-3177 | 5732 | 11/19/2012 | $0.00 $0.00 $0.00 $18,776.24 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 3 | CASCADES EAGLE RIDGE ASSOC 1855 SKI TIME SQUARE DR STEAMBOAT SPRINGS, CO 80487 | 6318 | 12/04/2012 | $0.00 $0.00 $0.00 $0.00 $13,691.88 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 4 | CITY OF ALLENTOWN 435 HAMILTON STREET ROOM 215 ALLENTOWN, PA 18101 | 6403 | 12/26/2012 | $0.00 $0.00 $0.00 $5,970.24 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Late Filed |
| 5 | City of Philadelphia / School District of Philadelphia Law Department - Tax Unit One Parkway Building 1515 Arch Street, 15th Floor Philadelphia, PA 19102-1595 | 6341 | 12/17/2012 | $0.00 $0.00 $3,060.24 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 6 | Cronin & Byczek, LLP 1983 Marcus Ave, Suite C-120 Lake Success, NY 11042 | 5867 | 11/19/2012 | $0.00 $0.00 $0.00 $0.00 $10,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 7 | Cuyahoga County Treasurer Attn Mark Campbell 1219 Ontario Street Room 109 - Bankruptcy Dept. Cleveland, OH 44113 | 6330 | 12/03/2012 | $0.00 $0.00 $14,670.78 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIRST OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 8 | Cuyahoga County Treasurer<br>Attn Mark Campbell<br>1219 Ontario Street<br>Room 109 - Bankruptcy Dept.<br>Cleveland, OH 44113 | 6331 | 12/03/2012 | $0.00<br>$0.00<br>$10,364.12<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 9 | Cuyahoga County Treasurer<br>Attn Mark Campbell<br>1219 Ontario Street<br>Room 109 - Bankruptcy Dept.<br>Cleveland, OH 44113 | 6336 | 12/03/2012 | $0.00<br>$0.00<br>$14,441.85<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 10 | Cuyahoga County Treasurer<br>Attn Mark Campbell<br>1219 Ontario Street<br>Room 109 - Bankruptcy Dept.<br>Cleveland, OH 44113 | 6337 | 12/03/2012 | $0.00<br>$0.00<br>$4,027.33<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 11 | Cuyahoga County Treasurer<br>Attn Mark Campbell<br>1219 Ontario Street<br>Room 109 - Bankruptcy Dept.<br>Cleveland, OH 44113 | 6338 | 12/04/2012 | $0.00<br>$0.00<br>$15,041.99<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 12 | Cuyahoga County Treasurer<br>Attn Mark Campbell<br>1219 Ontario Street<br>Room 109 - Bankruptcy Dept.<br>Cleveland, OH 44113 | 6339 | 12/07/2012 | $0.00<br>$0.00<br>$1,613.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 13 | DONNA HOLT<br>3114 GAUL STREET<br>PHILADELPHIA, PA 19134 | 5885 | 11/23/2012 | $0.00<br>$0.00<br>$0.00<br>$12,692.97<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 14 | Finkel Law Firm LLC<br>1201 Main Street, Suite 1800<br>Columbia, SC 29201 | 6408 | 01/02/2013 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$6,004.52 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIRST OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 15 | Heidi M. Karns 204 Bourland Ave. Waterloo, IA 50702 | 5728 | 11/19/2012 | $0.00 $0.00 $0.00 BLANK $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 16 | JILLIAN TUATOO P.O. BOX 1854 EATONVILLE, WA 98328 | 5730 | 11/19/2012 | $0.00 $0.00 $0.00 $133,848.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 17 | JOAN SINNET 13746 CENTER ST STE A CARMEL VALLEY, CA 93924-8908 | 5784 | 11/19/2012 | $0.00 $0.00 $0.00 $29,401.54 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 18 | JOYCE KELLY PO BOX 765 CLAYTON, CA 94517 | 5912 | 11/27/2012 | $50,315.13 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 19 | KROLL ONTRACK MOLLY RICE 9023 COLUMBINE RD EDEN PRAIRIE, MN 55347 | 6325 | 12/05/2012 | $0.00 $0.00 $0.00 $0.00 $487,118.18 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | Late Filed |
| 20 | Lerner, Sampson and Rothfuss, a Legal Professional Organization c/o Edward J. Boll III, Esq. 120 East Fourth Street Cincinnati, OH 45202 | 5908 | 11/26/2012 | $0.00 $0.00 $0.00 $0.00 $34,179.59 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Late Filed |
| 21 | MARK LAHIFF 301 ABBEY LANE LANSDALE, PA 19446 | 5731 | 11/19/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Late Filed |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIRST OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 22 | MICHAEL MEEHLEDER<br>3252 E NORTH UNION RD<br>BAY CITY, MI 48706 | 5796 | 11/20/2012 | $0.00<br>$0.00<br>$0.00<br>$17,261.55<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 23 | MILDRED BAILEY<br>C/O PUGET SOUND GUARDIANS<br>PO BOX 3429<br>REDMOND, WA 98073 | 5798 | 11/19/2012 | UNLIQUIDATED<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 24 | NATIONAL DATA CENTER INC<br>2300 CONTRA COSTA BLVD<br>STE 270<br>PLEASANT HILL, CA 94523 | 5877 | 11/21/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 25 | Prashant & Rajul Shah<br>42070 Starlight Drive<br>Leonard Town, MD 20650 | 5948 | 11/27/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$8,680.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 26 | Sacramento County Tax Collector<br>Attn Bankruptcy<br>700 H Street, Room 1710<br>Sacramento, CA 95814 | 6442 | 01/28/2013 | $0.00<br>$0.00<br>$34,088.95<br>$3,382.97<br>$22,496.40 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Late Filed |
| 27 | St Louis County Collector of Revenue<br>41 S Central Ave<br>Clayton, MO 63105 | 6427 | 01/14/2013 | $0.00<br>$0.00<br>$1,561.12<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Late Filed |
| 28 | St Louis County Collector of Revenue<br>41 S Central Ave<br>Clayton, MO 63105 | 6445 | 02/01/2013 | $0.00<br>$0.00<br>$816.69<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Late Filed |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIRST OMNIBUS OBJECTION - LATE FILED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 29 | State of New Jersey, Department of the Treasury | 6284 | 12/03/2012 | $0.00 | Administrative Priority | Residential Capital, LLC | 12-12020 | Late Filed |
| | Unclaimed Property Administration | | | $0.00 | Administrative Secured | | | |
| | 50 Barrack Street | | | $0.00 | Secured | | | |
| | PO Box 214 | | | $0.00 | Priority | | | |
| | Trenton, NJ 08629 | | | UNLIQUIDATED | General Unsecured | | | |
| 30 | Triton Insurance Company | 5878 | 11/21/2012 | $0.00 | Administrative Priority | Residential Capital, LLC | 12-12020 | Late Filed |
| | 3001 Meacham Blvd. | | | $0.00 | Administrative Secured | | | |
| | Fort Worth, TX 76137 | | | $0.00 | Secured | | | |
| | | | | $0.00 | Priority | | | |
| | | | | $1,000,000.00 | General Unsecured | | | |