**Hearing Date and Time: June 6, 2013 at 3:00 p.m. (Prevailing Eastern Time)**
**Response Date and Time: May 28, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------- | ) | |

**NOTICE OF DEBTORS' SECOND OMNIBUS**
**OBJECTION TO CLAIMS (DUPLICATE CLAIMS)**

 **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Second Omnibus Objection to Claims (Duplicate Claims)* (the "Omnibus Objection"),

which seeks to alter your rights by either disallowing, modifying and/or reducing your

claim against the above-captioned Debtors.

 **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **June 6, 2013 at 3:00 p.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus
Objection must be made in writing, conform to the Federal Rules of Bankruptcy
Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the
Notice, Case Management, and Administrative Procedures approved by the Bankruptcy
Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy
Court's electronic case filing system, and be served, so as to be received no later than
**May 28, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors,
Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104
(Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office
of the United States Trustee for the Southern District of New York, 33 Whitehall Street,
21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and
Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S.
Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001
(Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State
Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq.
and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of
New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro,
Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street,
New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the
committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue
of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas
Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West
52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention:   Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) and special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY  11753 (Attention:  Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated:  May 1, 2013
New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------  )
                                                         )
In re:                                                   )    Case No. 12-12020 (MG)
                                                         )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                 )    Chapter 11
                                                         )
                                  Debtors.               )    Jointly Administered
                                                         )
-------------------------------------------------------  )

**DEBTORS' SECOND OMNIBUS OBJECTION**
**<u>TO CLAIMS (DUPLICATE CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### RELIEF REQUESTED

1.    The Debtors file this second omnibus objection to claims (the "Second Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as **Exhibit 2**, disallowing and expunging the claims listed on **Exhibit A**[1] annexed to the Proposed Order.   In support of the Second Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Second Omnibus Claims Objection (the "Horst Declaration"), attached hereto as **Exhibit 1** and filed concurrently herewith.

2.    The Debtors have examined the proofs of claim identified on **Exhibit A** to the Proposed Order and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicate Claims") are duplicates of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims").   The Debtors seek the disallowance and expungement from the official

---

[1]    Claims listed on **Exhibit A** are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

claims register maintained for the Debtors in these Chapter 11 Cases of the Duplicate Claims and preservation of the Debtors' right to later object to any Surviving Claim on any other basis.

3.    This Second Omnibus Claims Objection does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims.  Further, the Debtors expressly reserve all rights to object on any other basis to any Surviving Claim and to any Duplicate Claim as to which the Court does not grant the relief requested herein.

4.    No Borrower Claims (as defined in the Procedures Order) are included in this Second Omnibus Claims Objection.

## JURISDICTION

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.    On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.    On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

9.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.    Among other things, KCC is authorized to (a) receive, maintain, and record and

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official

claims registers for reach of the Debtors.

10.     On August 29, 2012, this Court entered an order approving the Debtors'

motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.

1309] (the "Bar Date Order").    The Bar Date Order established, among other things,

(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").   (Bar Date Order ¶¶ 2, 3).   On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was **not** extended.

11.     To date, approximately 6,839 proofs of claim have been filed in these

Chapter 11 Cases as reflected on the Debtors' claims registers.

12.     On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.

## THE DUPLICATE CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

13.     Based upon their review of the proofs of claim filed on the claims register

in these cases maintained by KCC, the Debtors have determined that each Duplicate Claim

3

identified on **Exhibit A** annexed to the Proposed Order was also filed by the same claimant against the same Debtor, for the same dollar amount, and on account of the same obligations, as the corresponding Surviving Claim. (See Horst Declaration ¶¶ 3, 4).

14.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtor. See, e.g., In re Worldcom, Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); In re Drexel Burnham Lambert Grp., Inc., 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (expunging duplicate claim).

16.    The Debtors are not required to make a distribution to a creditor on the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Moreover, elimination of

4

the Duplicate Claims will enable the Debtors to maintain a claims register that more accurately reflects the proper claims asserted against the Debtors.

17.    Accordingly, to avoid the possibility of multiple recoveries on a single claim by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Duplicate Claims listed on **Exhibit A** to the Proposed Order.[2]  The Surviving Claims will remain on the claims register subject to further objections on any other basis.

## NOTICE

18.    The Debtors have served notice of this Second Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

19.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

---

[2]    Where a creditor has filed different documentation in support of the Duplicate Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

ny-1081239

Dated:  May 1, 2013
         New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

6

## **Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- )
In re:                                                          )   Case No. 12-12020 (MG)
                                                               )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                        )   Chapter 11
                                                               )
                                               Debtors.         )   Jointly Administered
-------------------------------------------------------------- )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.       I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap for eleven years, the last ten months in my current position.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, QA and Compliance—a position I

held until 2006, at which time I became the Vice President of the Credit Risk Group, managing

Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President,

Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.

In my current position, I am responsible for Claims Management and Reconciliation and Client

---

[1]       The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Debtors' Second Omnibus Objection to Claims (Duplicate Claims)* (the "<u>Objection</u>").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on <u>Exhibit A</u> annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

filed in these Chapter 11 Cases.  Based on a thorough review of the proofs of claim at issue, the

Debtors have determined that each claim listed in the rows below the column entitled "Claim to

be Disallowed" on <u>Exhibit A</u> annexed to the Proposed Order duplicates at least one other claim

filed (i) by the same claimant, (ii) against the same Debtor, (iii) for the same dollar amount, and

(iv) on account of the same obligations as the corresponding Surviving Claim.  If the Duplicate

Claims are not disallowed and expunged, the claimants who filed these Duplicate Claims would

receive a wholly improper recovery to the detriment of other creditors.

5.    Accordingly, based upon this review, and for the reasons set forth in the

Objection, I have determined that each Duplicate Claim that is the subject of the Objection

should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:  April 30, 2013

/s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

3

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | ) |                          |
| In re:                   | ) | Case No. 12-12020 (MG)   |
|                          | ) |                          |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11          |
|                          | ) |                          |
|                 Debtors. | ) | Jointly Administered     |
|                          | ) |                          |

------------------------------------------------------------

### ORDER GRANTING DEBTORS' SECOND OMNIBUS OBJECTION TO CLAIMS (DUPLICATE CLAIMS)

Upon the second omnibus claims objection, dated May 1, 2013 (the "Second Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Duplicate Claims on the basis that such claims are duplicates of corresponding claims, all as more fully described in the Second Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Second Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Second Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Second Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Second Omnibus Claims Objection.

provided; upon consideration of the Second Omnibus Claims Objection and the Declaration of

Deanna Horst in Support of Debtors' Second Omnibus Objection to Claims (Duplicate Claims),

annexed to the Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief

sought in the Second Omnibus Claims Objection is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Second Omnibus Claims Objection establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Second Omnibus Claims Objection is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit A</u> annexed hereto under the heading "Claims to be Disallowed and Expunged"

(collectively, the "<u>Duplicate Claims</u>") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Duplicate Claims identified on the

schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the

Debtors' official claims register; and it is further

ORDERED that the claims listed on <u>Exhibit A</u> annexed hereto under the heading

"Surviving Claims" (collectively, the "<u>Surviving Claims</u>") will remain on the claims register, and

such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Duplicate Claims does

not constitute any admission or finding with respect to any of the Surviving Claims; and it is

further

2

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Second Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Claims, and all rights to object on any basis are expressly reserved with respect to any Surviving Claim listed on Exhibit A annexed hereto or any other claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the Duplicate Claims identified on Exhibit A, annexed hereto, as if each such Duplicate Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1084619

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SECOND OMNIBUS OBJECTION - DUPLICATE CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | Bank of America, N.A.<br>Magdalena D. Kozinska, Esq.<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660 | 2054 | 10/31/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$9,846.23 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Bank of America, N.A.<br>Magdalena D. Kozinska, Esq.<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660 | 4774 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$9,846.23 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | City of Copper Canyon<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr<br>Denton, TX 76210 | 418 | 08/20/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,994.92 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | City of Copper Canyon<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr<br>Denton, TX 76210 | 468 | 09/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,994.92 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 3 | City of Lake Dallas<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr<br>Denton, TX 76210 | 432 | 08/20/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,074.36 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | City of Lake Dallas<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr<br>Denton, TX 76210 | 467 | 09/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,074.36 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | City of Lewisville<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr<br>Denton, TX 76210 | 430 | 08/20/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$14,055.74 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | City of Lewisville<br>Sawko & Burroughs, P.C.<br>1172  Bent Oaks Dr<br>Denton, TX 76210 | 466 | 09/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$14,055.74 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | City of Waterbury<br>c/o Office of Corporation Counsel<br>235 Grand Street, Third Floor<br>Waterbury, CT 06702 | 694 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,533.60 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | City of Waterbury<br>c/o Office of Corporation Counsel<br>235 Grand Street, Third Floor<br>Waterbury, CT 06702 | 739 | 09/25/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,533.60 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 6 | Deborah J Turner & Mid Missouri Roofing<br>PO Box 1018<br>1107 Highway WW<br>Sullivan, MO 63080 | 2060 | 10/31/2012 | $13,142.99 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Deborah J Turner & Mid Missouri Roofing<br>PO Box 1018<br>1107 Highway WW<br>Sullivan, MO 63080 | 2061 | 10/31/2012 | $13,142.99 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | Department of Treasury - Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | 5813 | 11/20/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$490,225,805.31 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Department of the Treasury - Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | 6285 | 12/03/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$490,225,805.31 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 8 | Eldorado Neighborhood Second Homeowners Association<br>c/o Terra West Management Services<br>6655 S. Cimarron Road, Suite 200<br>Las Vegas , NV 89113 | 1180 | 10/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$887.71 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Eldorado Neighborhood Second Homeowners Association<br>c/o Terra West Management Services<br>6655 S. Cimarron Road, Suite 200<br>Las Vegas , NV 89113 | 1289 | 10/15/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$887.71 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SECOND OMNIBUS OBJECTION - DUPLICATE CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Claims to be Disallowed | | | | | | Surviving Claims | | | | | |
| 9 | FedEx TechConnect, Inc. Attn Revenue Recovery/Bankruptcy As Assignee of Federal Express Corporation/FedEx Ground Package Systems Inc FedEx Freight, Inc/FedEx Office and Print Services 3965 Airways Blve. Module G, 3rd Floor Memphis, TN 38116 | 3742 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $620,504.15 General Unsecured | Residential Capital, LLC | 12-12020 | FedEx TechConnect, Inc. Attn Revenue Recovery/Bankruptcy As Assignee of Federal Express Corporation/FedEx Ground Package Systems Inc FedEx Freight, Inc/FedEx Office and Print Services 3965 Airways Blve. Module G, 3rd Floor Memphis, TN 38116 | 5546 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $620,504.15 General Unsecured | Residential Capital, LLC | 12-12020 |
| 10 | ISGN et al. 600-A N. John Rodes Blvd. Melbourne, FL 32934 | 5670 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $263,292.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | ISGN et al. 600-A N. John Rodes Blvd. Melbourne, FL 32934 | 5688 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $263,292.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 11 | Lake Dallas Independent School District Sawko & Burroughs, P.C. 1172 Bent Oaks Dr Denton, TX 76210 | 433 | 08/20/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $2,276.51 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Lake Dallas Independent School District Sawko & Burroughs, P.C. 1172 Bent Oaks Dr Denton, TX 76210 | 465 | 09/12/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $2,276.51 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 12 | MidFirst Bank, a Federally Chartered Savings Association c/o William H. Hoch Crowe & Dunlevy 20 N. Broadway, Suite 1800 Oklahoma City, OK 73102 | 2889 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $62,604,092.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | MidFirst Bank, a Federally Chartered Savings Association c/o William H. Hoch Crowe & Dunlevy 20 N. Broadway, Suite 1800 Oklahoma City, OK 73102 | 4377 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $62,604,092.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |