**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** ) Case No. 12-12020 <br> ) (MG) <br> **RESIDENTIAL CAPITAL, LLC, et. al.,** ) <br> ) Chapter 11 <br> **Debtors.** ) <br> ) Jointly <br> ) Administered | |

## MOTION FOR RELIEF FROM STAY

Derrius Silmon (the "Movant"), by and through his counsel, Hood & Lay, respectfully submits this motion (the "Motion") pursuant to paragraph 5 of the Consent Order entered on November 18, 2012 [Doc. 1857], requesting this Court, pursuant to 11 U.S.C. § 362(d)(1), Fed. R. Bankr. P. 4001(a)(1), and Local Rule 4001-1 to terminate or alternatively, modify the automatic stay against GMAC Mortgage, LLC FKA GMAC Mortgage Corporation, as a subsidiary of Residential Capital LLC, **(**the "Debtor") to permit the Movant to defend the ejectment suit and prosecute his counterclaims pending in the Circuit Court of Jefferson County, Alabama in the case of <u>GMAC Mortgage, LLC v. Derrius Silmon ;</u> Case No. 2009-902322. Derrius Silmon is a defendant and counter-claim plaintiff in a civil action brought by GMAC Mortgage, LLC and currently pending.

## PROCEDURAL HISTORY

1.      On July 7, 2009 GMAC Mortgage, LLC initiated an ejectment suit against the Movant in the Circuit Court of Jefferson County, Alabama in the case of <u>GMAC Mortgage, LLC v. Derrius Silmon ;</u> Case No. 2009-902322.

2. On October 2, 2009 Silmon filed counterclaims against GMAC Mortgage and against non-debtor Mortgage Electronic Registration Systems, Inc. with regard to the underlying foreclosure by GMAC Mortgage conducted on July 8, 2009.

3. On May 14, 2012 (the "Petition Date"), GMAC Mortgage (the "Debtors") filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[1]

4. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

5. As of the Petition Date, the trial on the Silmon Action was scheduled to commence on September 17, 2012 as a bench trial before the Hon. Nikki Gordon Still.

6. On August 2, 2012, GMAC Mortgage filed a Motion for Summary Judgment in the Silmon Action (the "GMAC Mortgage SJ Motion"), seeking summary judgment as to its affirmative claim for ejectment against Silmon and seeking summary judgment as to those defenses and counterclaims alleged by Silmon against GMAC which Silmon is entitled to prosecute in accordance with the Court's Supplemental Servicing Order dated July 13, 2012 [Dkt. # 774] (the "Supplemental Servicing Order") as defenses to ejectment[2].

7. On August 29, 2012, following a request from Judge Nikki Gordon Still to this Court to confirm whether and to what extent the Silmon Action could proceed forward given the Chapter 11 cases and the terms of the Supplemental Servicing Order, this Court conducted a status conference where counsel for Silmon and counsel for GMAC

---

[1] GMAC filed it's Suggestion of Bankruptcy with the state court on August 2, 2012.

[2] The motion for summary judgment was filed on behalf of GMAC Mortgage and co-counterclaim defendant Mortgage Electronic Registration Systems, Inc.

Mortgage were present, and this Court directed the Parties to hold a phone conference and discuss the possibility of a stipulation concerning the Silmon Action proceeding forward as to all claims and counterclaims at issue therein.

8. On November 13, 2012 Silmon and Debtors (collectively, the "Parties") consented to a limited modification of the automatic stay (the "Stay") of section 362(a) of the Bankruptcy Code to allow the state court action to proceed subject to the stipulation and order of this Court. [Dkt. # 774]

9. The Consent Order allows the Silmon Action to proceed and allows Judge Still[3] to rule on all claims and counterclaims subject to the GMAC Mortgage SJ Motion that are currently pending, including each of Silmon's defenses and counter claims for monetary or other relief asserted in the Silmon Action.

10. In opposition to the GMAC Mortgage SJ Motion, Silmon sought to depose the GMAC Affiant Aguirre who testified that GMAC has owned the Note since the inception of the loan and maintained possession of the Note since 2005. Silmon opposed the motion with the affidavit testimony of Jay Patterson, CFE, Forensic Accountant / Fraud Examiner/ Analyst who researched the ownership of Silmon's loan and found that that Ginnie Mae is the Guarantor. Based on the knowledge and expertise of Jay Patterson, Silmon's loan is in a Ginnie Mae Pool, not owned by GMAC, which is clearly contrary to the testimony of Affiant Aguirre.

11. The Stay was modified to permit Silmon to proceed with the deposition of the GMAC Affiant, if allowed by Judge Still.

---

[3] Because Judge Still is no longer on the bench, this case was reassigned to the Hon. Michael Graffeo.

11.     On November 13, 2012 Judge Still denied the GMAC Mortgage SJ Motion and ordered Silmon could take the deposition of the GMAC Affiant. The order also provided leave to GMAC Mortgage to re-file the SJ at a later date. See Exhibit A, attached hereto.

12.     Further, Judge Still ordered that discovery in this matter shall only proceed with respect to the issue of determining the owner of the underlying note and mortgage, unless otherwise stipulated to by GMAC Mortgage and Silmon with approval of the United States Bankruptcy Court, Southern District of New York, or unless otherwise ordered by the United States Bankruptcy Court, Southern District of New York

13.     This case is currently set for a bench trial on October 15, 2013, at 9:00 a.m.

14.     Motions for Summary Judgment or other dispositive motions must be filed on or before August 15, 2013.

15.     At the time Silmon sought to depose the GMAC Affiant Aguirre, the GMAC Mortgage SJ Motion was pending and was reliant on the testimony of Affiant Aguirre. However, since the court has denied that motion and given GMAC Mortgage leave to file a new SJ Motion, Silmon is need of a deposition of a corporate representative of GMAC Mortgage who can bind GMAC the testimony regarding their claims of ownership. Additionally, should GMAC submit an affidavit from a different affiant in support of a newly filed SJ Motion, Silmon will need to depose that deponent instead. In a recent telephone conference with GMAC Mortgage's local counsel, the undersigned was advised that GMAC does not intend to call GMAC Affiant Aguirre to the trial of this case, because he is only a fact

witness. Additionally, GMAC will likely use a different affiant to prove ownership in light of the testimony of Silmon's expert.

16.    Silmon has asked GMAC Mortgage to consent to the deposition testimony of a corporate representative of GMAC Mortgage in substitution for GMAC Affiant Aguirre but they have indicated they <u>will not</u> stipulate for approval of this court. See Exhibit B.

17.    Silmon is in need of this testimony to not only defend the ejectment suit, but also to prosecute is case.

18.    In *Nelson v. Federal National Mortgage Association*, 2012 WL 1650497 (Ala.Civ.App, May 11, 2012), the Alabama Court of Civil Appeals held:

> "Our case law interpreting [§ 35–10–12](#) holds that the owner of the debt may foreclose on property that is the subject of a mortgage securing that debt if the owner is the holder of the promissory note at the time the owner initiates foreclosure proceedings. *See* [Coleman v. BAC Servicing, supra;](#) [Perry v. Federal Nat'l Mortg. Ass'n, supra.](#)

*Nelson v. Federal National Mortgage Association*, 2012 WL 1650497, *8 (Ala.Civ.App, May 11, 2012)

19.    If GMAC does not own the loan, under *Nelson* and Ala. Code 35-10-12, GMAC was not the proper party to seek foreclosure on Silmon's property and the underlying the foreclosure activity initiated by GMAC is contrary to Alabama law and is a wrongful.

20.    Silmon is still in need of the same discovery with regard to GMAC's claim of ownership. However, given the current posture of the state court action, he must acquire the testimony from a corporate representative of GMAC Mortgage and any new affiant GMAC Mortgage may utilize in support of a new SJ Motion. As the order stands now Silmon only has leave to depose a fact witness whose testimony will not even be called by GMAC Mortgage.

WHEREFORE, Premises Considered, Silmon prays this Court will:

1. Terminate or alternatively, modify the automatic stay against GMAC Mortgage, LLC to permit the Movant to defend the ejectment suit and prosecute his counterclaims pending in the Circuit Court of Jefferson County, Alabama in the case of <u>GMAC Mortgage, LLC v. Derrius Silmon</u> ; Case No. 2009-902322 by allowing him to depose a corporate representative of GMAC Mortgage, any new affiant GMAC Mortgage may utilize in support of a new SJ Motion;

2. Award the undersigned fees and the costs associated with bringing this motion which As GMAC Mortgage is frustrating and delaying Silmon's ability to conduct reasonable discovery necessary in the Silmon Action;

3. And for such other and further relief the Court deems appropriate.

<u>/s/ Rhonda Steadman Hood</u>
Rhonda Steadman Hood, Esq.
Kenneth J. Lay, Esq.
HOOD & LAY, LLC
1117 22nd Street South
Birmingham, AL 35205
(205) 323-4123
(205) 776-2040 fax
rhonda@whlfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on 3rdxhibit day of May, 2013 I electronically filed the foregoing with the Clerk of the Court using the AlaFile e-filing system, which will send notification of such filing to the counsel of record, or where required USPS, postage pre-paid:

John H. Patterson,Esq.
F. Wendell Allen, Esq.
Bradley Arant Boult Cummings, LLP

Gary S. Lee
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

/s/ Rhonda Steadman Hood
Of Counsel