# Rhonda Hood

| | |
|---|---|
| **From:** | Patterson, Jon [jpatterson@babc.com] |
| **Sent:** | Saturday, April 27, 2013 11:07 AM |
| **To:** | rhonda@whlfirm.com |
| **Cc:** | kenneth.j.lay@gmail.com; Goodsell, Blake; Burke, Allison; Patterson, Jon |
| **Subject:** | Re: SILMON Scheduling Order - Edits and Comments |

Rhonda

My client will not agree to any further depositions. That was our agreement and what was approved by the Bankruptcy Court when the case was allowed to proceed forward.  And there is a massive difference in an individual witness deposition versus a corporate representative deposition.  It is not as simple as simply changing a deponent.


From my Android phone on T-Mobile. The first nationwide 4G network.



-------- Original message --------
From: Rhonda Hood <rhonda@whlfirm.com>
Date:
To: "Patterson, Jon" <jpatterson@babc.com>
Cc: Kenneth Lay <kenneth.j.lay@gmail.com>,"Goodsell, Blake" <bgoodsell@babc.com>,"Burke, Allison" <aburke@babc.com>
Subject: Re: SILMON Scheduling Order - Edits and Comments


Jon:

You have indicated you won't agree to any other depositions. Why would not agree to simply substitute the deponent. As I recall, your argument against agreeing to the initial deposition was the cost. That should not be an issue by simply changing the deponent.

On Friday, April 26, 2013, Patterson, Jon wrote:
We won't agree to any other depositions, so that will only be allowed if the bankruptcy court orders it.

I'm checking with my client about the proposed change to paragraph 4 and will let you know as soon as I hear from them.  I will email Judge Graffeo's legal assistant to advise her we plan to have this to her Monday – and if we can't agree on the language I suppose we can file separate proposals.

I'll be in touch as soon as I hear something on the proposed language for paragraph 4.

Jon H. Patterson
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203-2119

205-521-8403 (direct)
205-488-6403 (Fax)

jpatterson@babc.com
www.babc.com<http://www.babc.com/>

From: Rhonda Hood [mailto:rhonda@whlfirm.com]
Sent: Friday, April 26, 2013 4:08 PM
To: Patterson, Jon
Cc: Kenneth Lay; Goodsell, Blake; Burke, Allison; Patterson, Jon
Subject: Re: SILMON Scheduling Order - Edits and Comments


Jon:


Followng our conversation and giving the fact that Mr. Aguirre's testimony may or may not be used in support of the next MSJ, and he will only be used at trial he we subpoena him, it is apparent that we really need to depose a GMAC corporate representative. We wanted to make you aware of this and see if we can agree to do that. Perhaps we could agree to forgo the deposition of Mr. Aquirre in exchange for GMACs agreement to put up the corporate rep. If we can't agree, we will need to know soon so we can seek leave of BK court to conduct the same and try to keep within the deadlines in the scheduling order.


Therefore, I propose revision to paragraph 4 - The only deposition which is allowed to go forward,at this time, is the deposition of Juan Aquirre, Plaintiff's affiant submitted in support of its prior motion for summary judgment.  Said deposition shall be taken on or before July 30, 2013.  Any additional depositions can only proceed by stipulation of GMAC Mortgage and Silmon with approval of the United States Bankruptcy Court, Southern District of New York, or unless otherwise ordered by the United States Bankruptcy Court, Southern District of New  York.


Rhonda Steadman Hood

Hood & Lay, LLC

1117 22nd Street South

Birmingham, AL 35205

(205) 323-4123 office

(205) 776-2040 fax


Sent from my iPhone

On Apr 26, 2013, at 3:45 PM, "Patterson, Jon" <jpatterson@babc.com> wrote:

Ken/Rhonda –

Per our discussion, I revised paragraphs 3 and 4 as follows.  Let me know your thoughts (I put May 30 as our discovery response/supplementation deadline so 3 and 4 would match-up):

3.        The Parties have advised the Court that any discovery responses currently outstanding as of the date of this Order shall be provided to the opposing party by May 30, 2013, and the Parties do not anticipate any further discovery other than the discovery discussed below in paragraph 4.

4.  Pursuant to the prior Order entered by the Hon. Nicole Gordon Still in this action on November 13, 2012, and pursuant to the Stipulation and Consent Order Regarding Relief from Automatic Stay to Allow State Court to Proceed dated October 18, 2012 and signed by the Hon. Martin Glenn, United States Bankruptcy Judge, in Case Number 12-12020 (MG) in the pending bankruptcy action involving Plaintiff in the United States Bankruptcy Court, Southern District of New York, discovery in this matter shall only proceed with respect to the issue of determining the owner of the underlying note and mortgage, unless otherwise stipulated to by GMAC Mortgage and Silmon with approval of the United States Bankruptcy Court, Southern District of New York, or unless otherwise ordered by the United States Bankruptcy Court, Southern District of New York.  The parties must complete or supplement any prior discovery responses by May 30, 2013.  The only deposition which is allowed to go forward under prior Orders of this Court and of the Bankruptcy Court is the deposition of JuanAguirrePlaintiff's affiant submitted in support of its prior motion for summary judgment.  Said deposition shall be taken on or before July 30, 2013.

Jon H. Patterson

Bradley Arant Boult Cummings LLP

One Federal Place

_____

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

--
Rhonda Steadman Hood
Hood & Lay, LLC
1117 22nd Street South, Ste. 101
Birmingham, AL 35205
Office: 205-323-4123
Fax: 205-776-7060
Rhonda@whlfirm.com<mailto:Rhonda@whlfirm.com>

_____

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.

_____

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.