MORRISON COHEN LLP  
909 Third Avenue, 27th Floor  
New York, New York 10022  
Telephone:    (212) 735-8600  
Joseph T. Moldovan  
David A. Piedra  
Robert K. Dakis  
*Counsel for the Independent Directors*  
*of Residential Capital LLC*

Presentment Date: May 14, 2013 at 9:00 a.m.  
Objection Deadline: May 13, 2013 at 4:00 p.m.

**UNITED STATES BANKRUPTCY COURT**  
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF APPLICATION TO FILE LIMITED OBJECTION AND RESPONSE OF THE INDEPENDENT DIRECTORS OF RESIDENTIAL CAPITAL, LLC TO THE MOTION OF WILMINGTON TRUST, NATIONAL ASSOCIATION, FOR AN ORDER AUTHORIZING IT TO PROSECUTE CLAIMS AND OTHER CAUSES OF ACTION ON BEHALF OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. Upon the annexed application (the "Application") of the Independent Directors of Residential Capital LLC (the "Independent Directors") for entry of an order authorizing the Independent Directors to file their response (the "Response") to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Causes of Action on Behalf of the Residential Capital, LLC Estate (the "Motion") under seal, the undersigned will present a proposed order (the "Proposed Order") approving the Application, substantially in the form attached to the Application as Exhibit A, to the Honorable Martin Glenn, United States Bankruptcy Judge, Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for signature on May 14, 2013 at 9:00 a.m. (prevailing Eastern Time).

2. Any objections to the Proposed Order must be made in writing (an "Objection"), filed with the Court (with a copy to Chambers) and served in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order"), and served upon

1

the Special Service List, as that term is defined in the Case Management Order, so as to be actually received no later than May 13, 2013 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").

3. If no Objections to the Application are timely filed and served on or before the Objection Deadline, the Court may enter the Proposed Order with no further notice or opportunity to be heard offered to any party. If an Objection is received in accordance with the terms above, the Court will schedule a hearing with respect to the relief sought in the Application.

4. A Copy of the Application can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
       May 6, 2013

Respectfully submitted,

/s/ Joseph T. Moldovan
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10029
Telephone: (212) 735-8600
Joseph T. Moldovan
David A. Piedra
Robert K. Dakis
*Counsel to Independent Directors of Residential Capital LLC*

MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10022
Telephone:    (212) 735-8600
Joseph T. Moldovan
David A. Piedra
Robert K. Dakis
*Counsel for the Independent Directors*
*of Residential Capital LLC*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**APPLICATION TO FILE LIMITED OBJECTION AND RESPONSE OF THE
INDEPENDENT DIRECTORS OF RESIDENTIAL CAPITAL, LLC TO THE MOTION
OF WILMINGTON TRUST, NATIONAL ASSOCIATION, FOR AN ORDER
AUTHORIZING IT TO PROSECUTE CLAIMS AND OTHER CAUSES OF ACTION
ON BEHALF OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL**

The independent directors of Residential Capital, LLC (the "Independent Directors"), by and through their undersigned counsel, hereby respectfully submits this application (the "<u>Application</u>") pursuant to section 107(b) of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "<u>Bankruptcy Code</u>") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for leave to file under seal certain portions of their Limited Objection and Response (the "Response") to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Causes of Action on Behalf of

1

the Residential Capital, LLC Estate (the "Motion"). In support of this Application, the Independent Directors respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code, and Bankruptcy Rule 9018.

## BACKGROUND

3. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4. On June 1, 2012, the Official Committee of Unsecured Creditors (the "Committee") filed the *Motion of the Official Committee of Unsecured Creditors of Debtors Residential Capital, LLC, et al., for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing the Issuance of Subpoenas for the Production of Documents and the Provision of Testimony by the Debtors and Others* [Docket No. 192] (the "2004 Motion"). The Court granted the Committee's 2004 Motion on June 5, 2012 [Docket No. 217].

5. On June 28, 2012, the Court entered that certain *Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code* [Docket No. 536]. The appointment of Arthur J. Gonzalez, Esq. as examiner (the "Examiner") was approved by the

2

Court on July 3, 2012 in the *Order Approving Appointment of Arthur J. Gonzalez, Esq. as Examiner* [Docket No. 674].

6.      In connection with the discovery being conducted in these chapter 11 cases, the Court entered that certain *Order Signed on 8/20/2012 (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, (II) Establishing Procedures for Responding to Those Subpoenas (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (IV) Approving Protective Order* [Docket No. 1223] (the "Uniform Protective Order").

7.      On April 18, 2013, Wilmington filed an application to file the Motion under seal, explaining therein that the Motion and attached draft complaint each relief on confidential information, and that harm could come to the estates if that information was disclosed. See [Docket No. 3474]. In connection therewith, Wilmington filed a redacted form of the Motion. On May 3, 2013, the Court granted the Trustee's Application to seal the full version of the Motion.

8.      The Independent Directors are filing a Response to the Motion, which relies in part on materials and information that has been designated as confidential. Contemporaneously herewith, the Independent Directors have filed a redacted form of the Response, withholding confidential materials.

**RELIEF REQUESTED**

9.      Independent Directors respectfully request entry of an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting leave to file an unredacted copy of the Response under seal, and ordering that the full contents of the Response be made

3

available only to: (a) the Bankruptcy Court; (b) counsel to Wilmington; (c) counsel to the Debtors, (d) counsel to the Committee; (e) counsel to Ally Financial; (f) the Examiner and his counsel; (g) the United States Trustee; and (e) those parties who have executed stipulations adopting the Uniform Protective Order and have been granted access to the Examiner's Document Depository. Parties receiving a sealed copy of the Response shall treat it as Confidential as defined by the Uniform Protective Order, as applicable.

10. Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. In addition, Bankruptcy Code section 107(b) authorizes courts to issue orders that will protect entities from the potential harm that may result from the disclosure of certain confidential information.

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

12. Bankruptcy Rule 9018 further defines the procedures by which a party may move for relief under Bankruptcy Code section 107(b):

> On motion or its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

4

Fed. R. Bankr. P. 9018. The purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." In re Global Crossing Ltd., 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

13. Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See, e.g.*, *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). Once the Bankruptcy Court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original) (affirming bankruptcy court's order to seal licensing agreement because release of any information pertaining to agreement's overall structure or terms and conditions would adversely affect movant's ability to negotiate favorable promotional agreements).

14. The Independent Directors believe cause exists to file partially redacted versions of the Response under seal, because it contains confidential information, the disclosure of which would be potentially harmful. Moreover, Wilmington sought and obtained similar relief respecting the Motion, and it would be inconsistent for the Response to be filed openly while the Motion is under seal.

15. These confidentiality concerns constitute good cause to file the Response under seal, and the Independent Directors respectfully request leave to do so.

5

**NOTICE**

16. In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9008 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order"), notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order) (collectively, the "Notice Parties"). Because of the nature of the relief requested, the Independent Directors submits that such notice is sufficient and that no other or further notice need be given.

**NO PRIOR REQUEST**

17. No previous Application for the relief sought herein has been made to this or any other Court.

WHEREFORE, the Independent Directors respectfully request that this Court enter an order, a form of which is attached hereto as Exhibit A, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: May 6, 2013

Respectfully submitted,

/s/ Joseph T. Moldovan
MORRISON COHEN LLP
909 Third Avenue, 27th Floor
New York, New York 10029
Telephone:   (212) 735-8600
Joseph T. Moldovan
David A. Piedra
Robert K. Dakis
*Counsel to Independent Directors of
Residential Capital LLC*

7

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re: : Chapter 11
 :
RESIDENTIAL CAPITAL, LLC, et, al., : Case No. 12-12020 (MG)
 :
                Debtors. : Jointly Administered
:
-------------------------------------------------------X

**[PROPOSED] ORDER GRANTING APPLICATION TO FILE LIMITED OBJECTION
AND RESPONSE OF THE INDEPENDENT DIRECTORS
OF RESIDENTIAL CAPITAL, LLC TO THE MOTION OF
WILMINGTON TRUST, NATIONAL ASSOCIATION, FOR AN ORDER
AUTHORIZING IT TO PROSECUTE CLAIMS AND OTHER CAUSES OF ACTION
ON BEHALF OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL**

Upon the application (the "Application"),[1] dated May 6, 2013, of the Independent Directors for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Bankruptcy Rules authorizing the Independent Directors to file the Limited Objection and Response (the "Response") to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Causes of Action on Behalf of the Residential Capital, LLC Estate (the "Motion") under seal, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Trustee having provided notice of the Application to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Application establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

1

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Independent Directors are authorized to file the Response under seal.

3. The full contents of the Response shall not be disclosed to any parties in these cases other than: (a) the Bankruptcy Court; (b) counsel to Wilmington; (c) counsel to the Debtors, (d) counsel to the Committee; (e) counsel to Ally Financial; (f) the Examiner and his counsel; (g) the United States Trustee; and (e) those parties who have executed stipulations adopting the Uniform Protective Order and have been granted access to the Examiner's Document Depository.

4. Parties receiving a sealed copy of the Response shall treat it as Confidential as defined by the Uniform Protective Order, as applicable..

5. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE