MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Jamie A. Levitt
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**DEBTORS' SUPPLEMENTAL STATEMENT IN RESPONSE TO THE OBJECTIONS OF (I) WILMINGTON TRUST, NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE FOR THE SENIOR UNSECURED NOTES AND (II) THE AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING THE COMMITTEE TO PROSECUTE AND SETTLE CERTAIN CLAIMS ON BEHALF OF THE DEBTORS' ESTATES**

Debtor Residential Capital, LLC and its affiliated debtors in these chapter 11 cases (collectively, the "Debtors") respectfully submit this Supplemental Statement in Response to the Objections of Wilmington Trust, National Association, as indenture trustee (the "SUN Trustee") for certain senior unsecured notes (the "SUNs") issued by Residential Capital, LLC[1] and the Ad

[1] *See Limited Objection to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates*, filed on May 1, 2013 [Docket No. 3561] (the "SUN Trustee Objection").

Hoc Group of Junior Secured Noteholders (the "JSNs")[2] to the Motion (the "UCC STN Motion") of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee To Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates [Docket No. 3412].

**STATEMENT**

1. The Official Committee of Unsecured Creditors (the "Committee") filed the UCC STN Motion on April 11, 2013. The JSN Objection and the SUN Trustee Objection were filed on April 30 and May 1, respectively. The Debtors submit this Supplemental Statement to respond to certain issues raised in the JSN and SUN Trustee Objections and to reserve their rights with respect to all issues raised therein.

SUN TRUSTEE OBJECTION

2. On April 19, 2013, eight days after the filing of the UCC STN Motion, the SUN Trustee filed its own motion[3] seeking standing to pursue many of the same claims against AFI that the Committee is seeking standing to pursue in the UCC STN Motion, in addition to certain intercompany claims, a claim against the directors and officers, and certain purported third-party claims against AFI that are actually estate claims (the "SUN Trustee STN Motion"). The SUN Trustee STN Motion is scheduled to be heard on May 14, 2013, one week after the hearing on the UCC STN Motion. To the extent the SUN Trustee Objection includes arguments in support of the SUN Trustee STN Motion, the Debtors respectfully submit that those issues are not

[2] *See Omnibus Objection of the Ad Hoc Group of Junior Secured Noteholders to (I) the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates and (II) the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate*, filed on April 30, 2013 [Docket No. 3563] (the "JSN Objection").

[3] *See Notice of Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate*, filed on April 19, 2013 [Docket No. 3475].

relevant to this Court's consideration of the UCC STN Motion and should not be considered in connection therewith.

3. The Debtors have filed a Limited Objection to the SUN Trustee STN Motion, which fully sets forth the reasons why the Debtors believe that the relief that the SUN Trustee seeks is not in the best interests of the estates at this time.[4] To the extent that this Court determines that it must consider the SUN Trustee STN Motion in the course of deciding whether to grant the UCC STN Motion, the Debtors incorporate their Limited Objection herein by reference.[5] In short, while the Debtors do not take a position with respect to the purported merits of any of the claims addressed in the SUN Trustee STN Motion, the Debtors assert that granting the SUN Trustee STN Motion would not be in the best interests of the estate for at least four reasons.

4. First, to the extent the SUN Trustee seeks standing to prosecute and settle estate causes of action against AFI, such standing would result in duplication of the Committee's efforts and place unwarranted leverage in the hands of a non-estate fiduciary.

5. Second, to the extent the SUN Trustee seeks standing to pursue intercompany claims, the request is premature. Evaluation of possible intercompany claims should not occur until the Examiner has issued his report and the ongoing mediation and plan negotiations are completed. The SUN Trustee's standing request is also devoid of procedural safeguards designed to protect the rights of all of the creditors and Debtors whose interests would be

[4] *See Debtors' Limited Objection and Reservation of Rights with Respect to the Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate*, filed on May 6, 2013 [Docket No. 3598].

[5] The independent directors of ResCap LLC have also filed an objection to the SUN Trustee STN Motion. *See Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate*, filed on May 6, 2013 [Docket No. 3602].

affected by the grant of standing to an individual creditor at an individual debtor, such as the SUN Trustee.

6. Third, the SUN Trustee's request to sue the Debtors' directors and officers is also premature and should likewise await the Examiner's report on the colorability of any such potential claim. If granted, the SUN Trustee's request would lead to unjustified distraction of the very individuals who are now rightfully focused on a successful completion of these Chapter 11 Cases. It would also lead to the assertion of additional claims for indemnification against the Debtors, and depletion of the Debtors' insurance coverage.

7. Fourth, despite assertions that the claims the SUN Trustee seeks to bring belong solely to it, the so-called "Third Party Claims" are in fact estate claims that should be asserted for the benefit of all the creditors, rather than solely for the benefit of the SUN Trustee.

8. Furthermore, as set forth in the adversary proceeding the Debtors filed against the JSNs on Friday, May 3, 2013 ("JSN Complaint")[6], the Debtors believe the JSNs are significantly undersecured, meaning that the JSNs would have an unsecured deficiency claim at HoldCo of approximately two billion dollars. The JSNs would therefore have an unsecured claim of nearly double that asserted by the SUN Trustee. Accordingly, the assertion in the SUN Trustee Objection that the SUNs are the only unsecured creditors at HoldCo with a fixed claim[7] is untrue and ignores both the potential JSN deficiency claim – which would eclipse the SUN Trustee claim – as well as the myriad other claims asserted against HoldCo by other creditors.

JSN OBJECTION

With respect to the JSN Objection, the Debtors dispute the JSNs' assertion that they have a lien on the proceeds of recoveries from certain of the actions that SUN Trustee has sought

[6] *See Complaint, Residential Capital, LLC et al. v. UMB Bank, N.A. et al.* (Bankr. S.D.N.Y. No. 13-ap-01343), filed on May 3, 2013 [Docket No. 1].

[7] *See* SUN Trustee Objection at 2.

authority to bring. As set forth in the JSN Complaint, the JSNs' lien does not attach to any avoidance actions.

9. Nonetheless, the Debtors agree with the JSNs that it would be premature to grant the SUN Trustee, a creditor with no fiduciary duties to other creditors, standing to pursue estate claims until the lien issue is resolved.

10. The Debtors reserve all rights to dispute additional assertions made in the JSN Objection, including the JSNs' assertion that they hold independent third-party claims against AFI "for breach of contract, tortious interference with contract and equitable subordination of Ally's claims -- arising from the parties' relationship as first and second lien lenders under that certain intercreditor agreement dated June 6, 2008."[8] The Debtors expect the Examiner's report will squarely address whether the JSNs properly maintain any third-party claims, or whether those claims are truly estate claims that the Committee is in the best position to bring. In light of this forthcoming report, the Debtors submit that determination of the third-party claim issue is also premature.

[8] JSN Objection at 4.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court consider the statements made herein in connection with the UCC STN Motion, and incorporate by reference the Debtors' Limited Objection to the SUN Trustee STN Motion to the extent the Court presently deems it appropriate to consider the issues raised in the SUN Trustee Objection and the SUN Trustee STN Motion.

Dated: New York, New York
May 6, 2013

Respectfully submitted,

/s/ Gary S. Lee

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Jamie A. Levitt
Lorenzo Marinuzzi

*Counsel for the Debtors and Debtors-in Possession*