**Hearing Date: May 23, 2013 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 13, 2013 at 5:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Philip S. Kaufman
Adina C. Levine
Peggy J. Farber
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

--------------------------------------------------------- x

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO**
**PRECLUDE THE PROPOSED TRIAL TESTIMONY OF TALCOTT J. FRANKLIN**

KL3 2926398.1

## Table of Contents

Page

Preliminary Statement ........................................................................................................... 1

Argument ................................................................................................................................ 2

I.    THE COURT'S RULING DISALLOWING DEPOSITIONS OF
      THE PARTIES' ATTORNEYS SHOULD ITSELF BAR MR.
      FRANKLIN FROM TESTIFYING AT TRIAL .................................................................2

II.   MR. FRANKLIN'S TESTIMONY SHOULD BE PRECLUDED IN
      ANY EVENT AS VIOLATIVE  OF THE ADVOCATE-WITNESS
      PROHIBITION ......................................................................................................... 4

Conclusion ............................................................................................................................. 7

## Exhibits

**Exhibit A –**Talcott Franklin Group Fact Witness Designation [Dkt. 1732], filed October 5, 2012

i

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

C<small>ASES</small>

*Hickman v. Taylor,*
   329 U.S. 495 (1947)....................................................................................................4

*Kullman v. New York,*
   No. 07-CV-716(GLS/DRH), 2009 WL 1562840 (N.D.N.Y. May 20, 2009)...........................4

*Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers,*
   378 F.3d 269 (2d Cir. 2004)........................................................................................5

*Reilly v. Natwest Mkts. Grp. Inc.,*
   181 F.3d 253 (2d Cir. 1999).......................................................................................4

*United States v. Alu,*
   246 F.2d 29 (2d Cir. 1957)......................................................................................5, 6

*United States v. Arrington,*
   867 F.2d 122, 126 (2d Cir. 1989)...............................................................................5

*United States v. Bin Laden,*
   91 F. Supp. 2d 600 (S.D.N.Y. 2000).........................................................................5

O<small>THER</small> A<small>UTHORITIES</small>

ABA Model Code of Prof'l Responsibility DR 5-101 (2012)..................................6 n.3

N.Y. Rules of Prof'l Conduct R. 3.7 (2012) ..................................................................5

KL3 2926398.1

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY COURT:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby files this motion to preclude the testimony of Talcott J. Franklin at the hearing of the Debtors' Rule 9019 motion (as supplemented, the "**9019 Motion**") [Dkt. Nos. 320, 1176, 1887] for approval of the proposed RMBS Trust Settlement Agreements (the "**RMBS Settlement" or "Settlement**"). In support of this motion, the Committee states as follows:[1]

## **Preliminary Statement**

Mr. Franklin has purported to designate himself as a testifying "fact" witness, but he should not be permitted to testify. The RMBS Settlement consists of agreements with two sets of investors — one, the "Steering Committee," represented by Kathy Patrick of Gibbs & Bruns LLP, and the other, the "Talcott Franklin Group," represented by Mr. Franklin of Talcott Franklin P.C. At the September 19, 2012 hearing before the Court, these parties joined the Debtors in strenuously objecting to any depositions of the attorneys who negotiated the RMBS Settlement, arguing that discovery concerning the Settlement was available from alternative sources. The Court upheld the objection and refused to permit the depositions of either the Debtors' outside counsel or the attorneys for the two investor groups. Sept. 19, 2012 Hr'g Tr. at 16, 60, 72, 143. Having thus succeeded in shielding himself from deposition, Mr. Franklin should not now be a testifying witness at trial.

---

[1]    Each of the RMBS Trustees that serves on the Committee (*i.e.*, The Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, and U.S. Bank National Association) has abstained from all Committee votes on and deliberations concerning this motion.

-1-

Nor would Mr. Franklin's appearance as a witness be proper even if the Court had not disallowed depositions of the parties' attorneys. Sound evidentiary and ethical rules generally prohibit an attorney from testifying in a case in which he is also serving as an advocate for his client. None of the matters about which Mr. Franklin would propose to testify fits within any of the narrow exceptions to these rules, and his testimony is hardly necessary, involving matters either irrelevant to the disposition of the 9019 Motion or entirely capable of being addressed by other witnesses. Indeed, Mr. Franklin had ample opportunity to brief the matters in question in response to the objections filed by the Committee and others to the 9019 Motion, as did both the Steering Committee and other parties supporting the RMBS Settlement, but he chose not to do so. His appearance as a purported "fact" witness should not be allowed to substitute for what could have been presented through such briefing.

For each of these reasons, the instant motion should be granted.

## <u>Argument</u>

I.    **THE COURT'S RULING DISALLOWING DEPOSITIONS OF THE PARTIES' ATTORNEYS SHOULD ITSELF BAR MR. FRANKLIN FROM TESTIFYING AT TRIAL**

When the subject of whose depositions could be taken during discovery regarding the 9019 Motion was discussed with the Court on September 19, 2012, the Debtors objected to the depositions of any of the outside lawyers who negotiated the RMBS Settlement, and other proponents of the Settlement joined in that objection. Sept. 19, 2012 Hr'g Tr. at 16, 57. The Court, noting that it was "very wary" of allowing attorneys to be deposed, asked whether there were alternative sources from which information concerning the settlement negotiations could be obtained. *Id.* at 16-17. In response, the Debtors pointed to various "business people," including their in-house counsel, as alternative sources of the information from their side of the

negotiations. *Id*. at 17-19, 39-40. From the standpoint of the investor groups, Ms. Patrick cited "an abundance of evidence," including, among other things, "all of the written documents and emails that went back and forth … the drafts of the agreement[s] … the agreements themselves … [the] data on which the settlement was premised, [and] the GSE repurchased data that the debtors produced." *Id*. at 57.[2] Indeed, the Court recognized that there was even less reason to depose the lawyers for the investors than to depose the Debtors' attorneys, whose legal advice and opinions may have been relied upon by the Debtors in approving the Settlement and might therefore be directly at issue on the 9019 Motion. *Id*. at 58-59. After hearing the arguments, the Court sustained the objection to lawyers' depositions and directed that discovery proceed without them. *Id*. at 60, 143.

Despite the Court's ruling, Mr. Franklin subsequently designated himself as a testifying fact witness at trial. He has proposed to testify regarding:

> (i) the basis and nature of the Talcott Franklin Group's claims against the Debtors, Ally Financial, Ally Bank and Ally Securities; (ii) the efforts the Talcott Franklin Group undertook to recover damages based on the Debtors' violations of the representations and warranties in the securitization documents relating to the Talcott Franklin Group's investments and for the Debtors' servicing violations with regard to the same investments; (iii) the Talcott Franklin Group's negotiations with the Debtors, the Ally entities, and their counsel regarding the settlement and compromise of its claims; (iv) the Talcott Franklin Group's communications with the trustees for the trusts in which the Talcott Franklin Group's investments have been made; and (v) the Talcott Franklin Group's analysis of the benefits of the RMBS Trust Settlement Agreement between the Debtors and the Talcott Franklin Group.

(Dkt. 1732, attached hereto as Exh. A).

---

[2]    The Talcott Franklin Group, although present at the September 19 hearing, elected not to weigh in separately but to allow Ms. Patrick to articulate the investor groups' position. *Id*. at 58.

KL3 2926398.1

He ought not be permitted to testify at all.  As a result of the Court's ruling against the depositions of attorneys, neither Mr. Franklin nor any of the other outside counsel who negotiated the RMBS Settlement were ever deposed.  It would be manifestly unfair for the Committee to be required to confront Mr. Franklin as a trial witness without having had an opportunity to depose him.

The entire purpose behind the liberal discovery afforded by the Federal Rules of Civil Procedure is to avoid surprise and trial by ambush.  *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947).  Where a party has been denied an opportunity to depose a witness before trial, the courts have repeatedly precluded the witness from testifying at trial.  *See, e.g., Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 269 (2d Cir. 1999) (precluding witnesses from testifying at trial where party "would have been prejudiced by the fact that he did not have an opportunity to depose them"); *Kullman v. New York,* No. 07-CV-716(GLS/DRH), 2009 WL 1562840, at *9 (N.D.N.Y. May 20, 2009) (precluding witness because "defendants would suffer the direct and irremediable prejudice of the deprivation of an opportunity to depose [the witness] and correlative advantage to plaintiffs of the availability of a witness against whom defendants are substantially unprepared to defend").

Because Mr. Franklin could not be deposed, his testimony at trial should be precluded.

## II.      MR. FRANKLIN'S TESTIMONY SHOULD BE PRECLUDED IN ANY EVENT AS VIOLATIVE OF THE ADVOCATE-WITNESS PROHIBITION

Even if Mr. Franklin were not disqualified as a trial witness because he could not be deposed during discovery, his testimony would nevertheless be impermissible under settled

evidentiary and ethical rules. "It has been widely recognized that lawyers representing litigants should not be called as witnesses in trials involving those litigants if such testimony can be avoided consonant with the end of obtaining justice." *United States v. Alu*, 246 F.2d 29, 33 (2d Cir. 1957). "The prohibition on a lawyer appearing as a witness in a case in which he is also serving as an advocate is grounded in important and legitimate concerns with respect to the proper functioning of the adversary system." *United States v. Bin Laden*, 91 F. Supp. 2d 600, 623 (S.D.N.Y. 2000). These concerns are that "(1) the lawyer will appear to vouch for his own credibility, (2) the lawyer's testimony will put opposing counsel in a difficult position when he has to vigorously cross-examine his lawyer-adversary and seek to impeach his credibility, and (3) there may be an implication that the testifying attorney may be distorting the truth as a result of bias in favor of his client." *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers,* 378 F.3d 269, 282 (2d Cir. 2004). Most fundamentally, testimony by a lawyer assuming the role of both advocate and witness can "blur the line between argument and evidence." *Id.* at 283 (quoting *United States v. Arrington,* 867 F.2d 122, 126 (2d Cir. 1989)).

Ethical rules governing lawyers are consistent with these evidentiary principles. Rule 3.7(a) of the New York Rules of Professional Conduct states:

> A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact unless (1) the testimony relates solely to an uncontested issue; (2) the testimony relates solely to the nature and value of legal services rendered in the matters; (3) disqualification of the lawyer would work substantial hardship on the client; (4) the testimony will relate solely to a matter of formality, and there is no reason to believe that substantial evidence will be offered in opposition to the testimony; or (5) the testimony is authorized by the tribunal.

N.Y. Rules of Prof'l Conduct R. 3.7 (2012).[3]

    Mr. Franklin's proposed testimony falls squarely within the advocate-witness prohibition.  As counsel for principal parties to the RMBS Settlement, Mr. Franklin clearly has an interest in the settlement's approval, will be vouching for his own credibility that his negotiations were conducted at arm's length, and has an incentive to distort the truth in service of his clients' objectives.  *See Alu*, 246 F.2d at 34 ("It is obvious that the opportunity for tailoring a witness's testimony to the needs of the [client's] case is maximized if recourse is permitted to the testimony of an experienced attorney who is interested in the successful presentation of that case.").  And the subjects about which Mr. Franklin would propose to testify do not remotely fit within any exception to the prohibition.  *Compare* Dkt. 1732 (Exh. A) *with* N.Y. Rules of Prof'l Conduct R. 3.7(a).

    Nor is Mr. Franklin's testimony at all necessary.  Of the five topics Mr. Franklin has proposed to address, at least three — the "basis and nature" of his group's claims, the "efforts" his group may have made to pursue those claims, and his "negotiations with the Debtors, the Ally entities, and their counsel" — can easily be addressed at trial through evidence from other sources, including those identified by Ms. Patrick at the September 19, 2012 hearing. A fourth topic —  an "analysis of the benefits of the RMBS Settlement" — can not only be addressed at trial by other witnesses, but can be addressed by Mr. Franklin himself in any post-trial brief he may wish to submit.   The last topic — the Talcott Franklin Group's "communications with the trustees for the trusts in which the Talcott Franklin Group's

---

[3] The Model Code of Professional Responsibility contains a nearly identical expression of the ethical constraint against lawyers serving as both advocate and witness in the same case.  *See* ABA Model Code of Prof'l Responsibility DR 5-101(B).

-6-

investments have been made" — is simply irrelevant to the issues presented by the 9019 Motion, as the trustees are not parties to the RMBS Settlement and did not participate in its negotiation.

In short, Mr. Franklin proposes to do nothing more than advocate his client's position in this case from the witness stand while posing as a "fact" witness rather than a lawyer. The law prohibits him from doing so.

### Conclusion

The Committee's motion to preclude the testimony of Mr. Franklin at the trial of the 9019 Motion should be granted.

Dated: New York, New York
       May 6, 2013

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Philip S. Kaufman
Adina C. Levine
Peggy J. Farber
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:   (212) 715-8000

*Counsel for the Official Committee Of Unsecured Creditors*

# EXHIBIT A

Talcott J. Franklin
Talcott Franklin P.C.
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

Aaron R. Cahn
Leonardo Trivigno
Carter, Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Phone: (212) 732-3200
bankruptcy@clm.com

Thomas P. Sarb
Robert Wolford
Miller Johnson
Calder Plaza Building
250 Monroe Avenue NW, Suite 800
Grand Rapids, MI 49503-2250
Phone: (616) 831-1748
sarbt@millerjohnson.com

*Attorneys for the Talcott Franklin Group Investors*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | Case No.:  12-12020 (MG) |
|  | : |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | : | Chapter 11 |
|  | : |  |
| Debtors. | : | Jointly Administered |
|  | : |  |

-------------------------------------------------------------x

## TALCOTT FRANKLIN GROUP FACT WITNESS DESIGNATION

The Talcott Franklin Group, by its counsel, Carter Ledyard & Milburn LLP, Miller

Johnson and Talcott Franklin, P.C., according to the Second Revised Joint Omnibus Scheduling

7096490.2

Order Regarding Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS

Trust Settlement Agreements, designates the following fact witnesses:

**Talcott J. Franklin**. Mr. Franklin will offer non-privileged fact testimony regarding: (i)

the basis and nature of the Talcott Franklin Group's claims against the Debtors, Ally Financial,

Ally Bank and Ally Securities; (ii) the efforts the Talcott Franklin Group undertook to recover

damages based on the Debtors' violations of the representations and warranties in the

securitization documents relating to the Talcott Franklin Group's investments and for the

Debtors' servicing violations with regard to the same investments; (iii) the Talcott Franklin

Group's negotiations with Debtors, the Ally entities, and their counsel regarding the settlement

and compromise of its claims; (iv) the Talcott Franklin Group's communications with the

trustees for the trusts in which the Talcott Franklin Group's investments have been made; and (v)

the Talcott Franklin Group's analysis of the benefits of the RMBS Trust Settlement Agreement

between the Debtors and the Talcott Franklin Group.

Dated:  New York, New York
        October 5, 2012

                              CARTER LEDYARD & MILBURN LLP

                   By:          /s/ Aaron R. Cahn
                                Aaron R. Cahn
                                Leonardo Trivigno
                                2 Wall Street
                                New York, New York 10005
                                (212) 732-3200
                                bankruptcy@clm.com

                                MILLER JOHNSON
                                Thomas P. Sarb
                                Robert D. Wolford
                                Calder Plaza Building
                                250 Monroe Avenue NW, Suite 800
                                Grand Rapids, MI 49503-2250
                                (616) 831-1700
                                sarbt@millerjohnson.com

2

TALCOTT FRANKLIN P.C.
Talcott J. Franklin
208 North Market Street, Suite 200
Dallas, Texas 75202
Phone: (214) 736-8730
Fax:    (877) 577-1356
tal@talfranklin.com

*Attorneys for the Talcott Franklin Group Investors*

3