**Hearing Date: May 23, 2013 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 13, 2013 at 5:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Philip S. Kaufman
Arielle Warshall Katz
Ashley S. Miller
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
RESIDENTIAL CAPITAL, LLC, et al.,                            :
                                                             :
                                                             : Case No. 12-12020 (MG)
Debtors.                                                     :
                                                             : Jointly Administered
                                                             :
------------------------------------------------------------ x

# MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PRECLUDE THE TESTIMONY OF JAMES WHITLINGER

KL3 2926397.1

## TABLE OF CONTENTS

Page

Preliminary Statement ................................................................................................................. 1

Background ................................................................................................................................. 2

    A.    The Debtors Failed To Timely Designate Mr. Whitlinger as a Fact Witness ......... 2

    B.    Following the Close of Discovery and the Filing of Objections to the 9019 Motion, the Debtors Belatedly Designated Mr. Whitlinger as a "Rebuttal" Witness ................................................................................................................... 4

Argument .................................................................................................................................... 5

    I.    THE DEBTORS' DESIGNATION OF MR. WHITLINGER AS A WITNESS SHOULD BE STRICKEN AS UNTIMELY ....................................... 5

    II.    THE PROPOSED TESTIMONY FROM MR. WHITLINGER IS NOT "REBUTTAL" TESTIMONY IN ANY EVENT .................................................. 6

Conclusion .................................................................................................................................. 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Bowman v. Gen. Motors Co.*,
    427 F. Supp. 234 (E.D. Pa. 1977) ...........................................................................................7

*Gartner v. Doctors Hosp.*,
    No. 81 Civ. 2571 (CSH), 1984 WL 1188 (S.D.N.Y. Oct. 24, 1984) ........................................6

*Highland Capital Mgmt. L.P. v. Schneider*,
    551 F. Supp. 2d 173 (S.D.N.Y. 2008) ......................................................................................7

*Lidle v. Cirrus Design Corp.*,
    No. 08 Civ. 1253 (BSJ) (HBP), 2009 WL 4907201 (S.D.N.Y. Dec. 18, 2009) ....................6, 7

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7037 ......................................................................................................................5

Fed. R. Civ. P. 37 ..............................................................................................................................5

Fed. R. Evid. 403 ..............................................................................................................................7

Thomas A. Mauet & Warren D. Wolfson,
    *Trial Evidence,* § 13.4 (Aspen L. & Bus. 2009) ......................................................................7

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY COURT:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby files this motion to preclude the Debtors from offering James Whitlinger as a so-called "rebuttal" witness at the hearing of their Rule 9019 motion (as supplemented, the "**9019 Motion**") [Dkt. Nos. 320, 1176, 1887] for approval of the proposed RMBS Trust Settlement Agreements (the "**RMBS Settlement**" or "**Settlement**"). In support of this motion, the Committee states as follows[1]:

**Preliminary Statement**

Under this Court's Scheduling Order, the deadline for designating all fact witnesses in connection with the hearing of the 9019 Motion was October 5, 2012. [Dkt. No. 1551 at ¶ 6]. More than four months after that deadline had expired, the Debtors purported to designate James Whitlinger — ResCap's CFO and Board member — as a so-called "rebuttal" fact witness. The designation was untimely, and Mr. Whitlinger should be precluded from testifying on this ground alone.

The proposed testimony of Mr. Whitlinger does not qualify as rebuttal in any event. The Debtors' description of the testimony is word-for-word identical to the descriptions of the proposed direct testimony of two timely-designated fact witnesses — ResCap Chairman and CEO Thomas Marano, and ResCap Independent Director John Mack. Mr. Whitlinger is thus no rebuttal witness at all, but rather just another fact witness whose testimony would be entirely cumulative. On this ground as well, his testimony should be precluded.

---

[1] Each of the RMBS Trustees that serves the Committee (*i.e.*, The Bank of New York Mellon Trust Company, N.A., Deutsche Bank Trust Company Americas, and U.S. Bank National Association) has abstained from all Committee votes on and deliberations concerning this motion.

KL3 2926397.1

The Debtors' belated designation of Mr. Whitlinger is, at bottom, merely a tactic to try to salvage a case left damaged by the deposition testimony of Messrs. Marano and Mack. The designation occurred after all discovery had been completed and the Committee and other parties had filed objections to the 9019 Motion that highlighted the admissions made at deposition by those two fact witnesses. As Messrs. Marano and Mack were the only Board members the Debtors had designated as trial witnesses, the Debtors plainly saw a need to enlist another Board member to their cause. As discussed more fully below, the tactic should fail.

## Background

### A. The Debtors Failed To Timely Designate Mr. Whitlinger as a Fact Witness

The Court's Second Revised Scheduling Order, entered on September 25, 2012, required the parties to designate all fact witnesses in connection with the hearing of the 9019 Motion "not later than October 5, 2012." [Dkt. No. 1551 at ¶ 6]. The sole exception was reserved for "adverse" fact witnesses. *Id*. Indeed, although the Scheduling Order — which had been negotiated and agreed upon by the parties themselves — provided for the designation of rebuttal *expert* witnesses, it made no provision for rebuttal *fact* witnesses. All three subsequent versions of the Scheduling Order confirmed the October 5 deadline for the designation of fact witnesses, and made no separate provision for "rebuttal" fact witnesses. [Dkt. Nos. 1926, 2528, 3306].

The Debtors filed their initial "Fact Witness Disclosures" on October 5, 2012. [Dkt. No. 1735]. Mr. Whitlinger appeared nowhere on the Debtors' list. Instead, the Debtors designated six other fact witnesses, including Messrs. Marano and Mack, both of whose anticipated testimony was described as involving "**the facts, events and circumstances regarding the approval of the RMBS Settlement by the Debtors' Board of Directors.**" *Id.* at

2

2-3. On November 7, 2012, the Debtors amended their fact witness disclosures to add another fact witness, Ally Financial, Inc.'s Chief Counsel-Litigation, Timothy Devine. [Dkt. No. 2091 at 4].[2]

In all, therefore, the Debtors designated *seven* fact witnesses to testify at trial on their direct case, plus four experts. Those fact witnesses and the subject matter of their anticipated testimony, as described by the Debtors, are as follows:

| **Debtors' Fact Witness** | **Anticipated Testimony** |
| --- | --- |
| 1. Tom Marano, Chief Executive Officer ResCap Board Member | "[T]he facts, events and circumstances regarding the approval of the RMBS Trust Settlement by the Debtors' Board of Directors." [Dkt. No. 1735 at 2-3]. |
| 2. John Mack, ResCap Independent Board Member | "[T]he facts, events and circumstances regarding the approval of the RMBS Trust Settlement by the Debtors' Board of Directors." [Dkt. No. 1735 at 2]. |
| 3. Jeff Cancelliere, ResCap Mortgage Risk Officer | "[T]he facts, events and circumstances regarding the Debtors' assessment of the RMBS Trust Settlement." [Dkt. No. 1735 at 2]. |
| 4. Tammy Hamzehpour, ResCap General Counsel | "[T]he facts, events and circumstances regarding the negotiation and approval of the RMBS Trust Settlement." [Dkt. No. 1735 at 2]. |
| 5. John Ruckdaschel, ResCap Associate General Counsel | "[T]he facts, events and circumstances regarding the Debtors' securitization business and regarding the negotiation of the RMBS Trust Settlement." [Dkt. No. 1735 at 3]. |
| 6. Mark Renzi, FTI Consulting | "[T]he facts, events and circumstances regarding the assessment and negotiation of the RMBS Trust Settlement by the Debtors' Board of Directors." [Dkt. No. 1735 at 3]. |
| 7. Tim Devine, Chief Counsel – Litigation, AFI | "[T]he facts, events and circumstances regarding the negotiation and approval of the RMBS Trust Settlement." [Dkt. No. 2091 at 4]. |

---

[2] While the Debtors' November 7 amendment was clearly untimely under the Court's Scheduling Order, the Committee did not bother to challenge it because Mr. Devine had already been identified as a fact witness by AFI.

3

B.  **Following the Close of Discovery and
the Filing of Objections to the 9019
Motion, the Debtors Belatedly Designated
Mr. Whitlinger as a "Rebuttal" Witness**

On February 13, 2013 — more than four months after the October 5, 2012 deadline for the designation of all fact witnesses — the Debtors filed "Second Amended Fact Witness Disclosures," designating Mr. Whitlinger and another ResCap Board member, Pamela West, as supposed "rebuttal" fact witnesses. [Dkt. No. 2903 at 3-4]. The Debtors' descriptions of the proposed testimony of both of these witnesses were identical to the descriptions previously given for Messrs. Marano and Mack — *i.e.,* that the testimony would address "**the facts, events and circumstances regarding the approval of the RMBS Settlement by the Debtors' Board of Directors.**" *Id.*

The Committee objected to the designations of Mr. Whitlinger and Ms. West at the March 1, 2013 hearing. Mar. 1, 2013 Hr'g Tr. at 27-28. In response, the Debtors argued that the testimony of these new witnesses was needed to rebut "[a]llegations about the due care of the directors" contained in the written objections filed by the Committee and others to the 9019 Motion. *Id.* at 33-34. While the Court did not resolve the matter at that time, it expressed considerable skepticism regarding the designations:

> [I]f the testimony is cumulative, if you've addressed the issue of due care as part of your case-in-chief, and certainly the briefs that I got on the preclusion motion specifically, in part, address issues about due care and — et cetera, the chances of me allowing you to offer that evidence on rebuttal is pretty small.

*Id.* at 36.

The Court's skepticism was well-founded.[3]

---

[3] Following the March 1 hearing, and on the eve of Ms. West's scheduled deposition, the Debtors withdrew their designation of Ms. West as a trial witness and cancelled her deposition.

4

**Argument**

I. **THE DEBTORS' DESIGNATION OF MR. WHITLINGER AS A WITNESS SHOULD BE STRICKEN AS UNTIMELY**

When a party fails to abide by the terms of a discovery order, Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, made applicable by Rule 7037 of the Bankruptcy Code, authorizes the Court to "prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A). This authority should be exercised here to preclude the testimony of Mr. Whitlinger.

The Scheduling Order entered by the Court expressly required the designation of all fact witnesses, other than "adverse" witnesses, no later than October 5, 2012. [Dkt. 1551 at ¶ 6]. The Debtors did not designate Mr. Whitlinger as a witness by that deadline, but instead sought to add him as a witness on February 13, 2013. [Dkt. No. 2903 at 4]. That was more than four months too late, and should bar the Debtors from offering Mr. Whitlinger's testimony at trial.

The Debtors' attempt to sidestep the Scheduling Order by characterizing Mr. Whitlinger as a "rebuttal" witness is of no avail. While the Scheduling Order made separate provision for "adverse" witnesses, it made none for rebuttal fact witnesses. Nor was that a careless omission, since the order specifically distinguished between direct and rebuttal witnesses in the case of experts, but not in the case of fact witnesses. [Dkt. No. 1551 at ¶ 2]. If the Debtors had wanted to designate Mr. Whitlinger as one of their fact witnesses, therefore, they were required to do so by October 5, 2012 — regardless of whether they planned to offer him as part of their direct case or on rebuttal.

5

## II. THE PROPOSED TESTIMONY FROM MR. WHITLINGER IS NOT "REBUTTAL" TESTIMONY IN ANY EVENT

Even if the Debtors had timely designated Mr. Whitlinger as a "rebuttal" witness, they would have no right to offer his testimony because it is not rebuttal at all. Rebuttal evidence may be used only "to contradict *new* issues raised by the evidence offered by the [adverse party]." *Lidle v. Cirrus Design Corp.*, No. 08 Civ. 1253 (BSJ)(HBP), 2009 WL 4907201, at *1 n.1 (S.D.N.Y. Dec. 18, 2009) (emphasis added). Consequently, courts should "exclude all evidence which has not been made necessary by the opponent's case in reply." *Gartner v. Doctors Hosp.*, No. 81 Civ. 2571 (CSH), 1984 WL 1188, at *2 (S.D.N.Y. Oct. 24, 1984) (quoting VI *Wigmore on Evidence* (rev. ed. 1976) at 672).

Although the Debtors have asserted that Mr. Whitlinger will be offered to counter "[a]llegations about the due care of the directors" contained in the Committee's Objection to the 9019 Motion, the issue of due care is far from a "new" matter raised in the first instance by the Committee. Nor could it be, as the Committee has designated no fact witnesses nor offered any new facts to rebut. Rather, the issue is one that the Debtors themselves have recognized and attempted to address from the outset as part of their case-in-chief. Their 9019 Motion, filed nearly a full year ago, seeks to defend the RMBS Settlement as an "appropriate, prudent, objectively reasonable and indeed preferable manner in which to settle R&W Claims." [Dkt. No. 320 at ¶ 29]. Because the Board's due care in approving the Settlement has been an integral part of this case from the beginning, and not something "new" raised by the Committee, Mr. Whitlinger's proposed testimony on the subject is simply improper as rebuttal. *Gartner*, 1984 WL 1188, at *2 (precluding rebuttal testimony where proffered subject was "apparent from the beginning of discovery," and noting that "it cannot be said in these circumstances that plaintiff

6

was required [] to meet 'new facts' put in by the defendant. There was nothing new, in the sense of being unanticipated or unforeseeable.")

Indeed, the Debtors' own description of Mr. Whitlinger's proposed testimony makes clear that it is merely cumulative of the testimony the Debtors will be offering on their direct case, as it is identical to the descriptions of the testimony to be given by Messrs. Marano and Mack. *Compare* Dkt. 2903 at 4 *with* Dkt. 1735 at 2-3. Such cumulative testimony is routinely precluded. *See, e.g., Lidle,* 2009 WL 4907201, at *4 (rebuttal testimony excluded as a "repetition of the plaintiff's theory of the case"); *Highland Capital Mgmt. L.P. v. Schneider*, 551 F. Supp. 2d 173, 183-84 (S.D.N.Y. 2008) (precluding plaintiff from offering additional witnesses where description of the proffered testimony was "identical" to other witnesses and the testimony "could be addressed by [other witnesses]"); *Bowman v. Gen. Motors Co.*, 427 F. Supp. 234, 240 (E.D. Pa. 1977) ("[T]o the extent that the evidence proffered would simply rehash plaintiff's basic theory . . . it was excludable as unnecessary cumulation."); *see also* Fed. R. Evid. 403 (providing for the exclusion of evidence if its probative value is substantially outweighed by the danger of "needlessly presenting cumulative evidence"); Thomas A. Mauet & Warren D. Wolfson, *Trial Evidence,* § 13.4 ("Rebuttal evidence is not an opportunity to repeat previous testimony just to have the last word.").

## Conclusion

For each of the foregoing reasons, the Committee's motion to preclude the testimony of Mr. Whitlinger should be granted.

Dated: New York, New York
May 6, 2013

                    KRAMER LEVIN NAFTALIS & FRANKEL LLP

                    /s/ Kenneth H. Eckstein
                    Kenneth H. Eckstein
                    Philip S. Kaufman
                    Arielle Warshall Katz
                    Ashley S. Miller
                    1177 Avenue of the Americas
                    New York, New York 10036
                    Telephone: (212) 715-9100
                    Facsimile: (212) 715-8000

                    *Counsel for the Official Committee of Unsecured Creditors*