# EXHIBIT 3

## In Re:

*RESIDENTIAL CAPITAL, LLC, ET AL.*

*Case No. 12-12020-mg*

*Adv. Proc. No. 12-02051-mg*

*March 5, 2013*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us.*



Min-U-Script® with Word Index

1  recognized that we actually are a creditor.
2          Just on the evidentiary point, Your Honor, I think
3  there are a couple matters as to which Your Honor could take
4  judicial notice today. And I think that there's no question
5  about them. One is that no plan can be filed within the next
6  sixty days, or at least in the short term, there's no plan
7  before you. I think you have a consensus about that. I think
8  you can take judicial notice that we have a brand new CRO.
9          THE COURT: So Mr. Shore could turn around tomorrow
10 and file a plan. I mean, it's a pretty simple construct --
11         MR. MOLONEY: Well, yes ,but --
12         THE COURT: -- of what he's talking about.
13         MR. MOLONEY: Well, he hasn't given in a term sheet
14 yet. I think you can take judicial notice of that. I think
15 you can take judicial notice of the fact that the CRO's been
16 appointed. Judicial notice of the support by the committee and
17 significant creditor groups, such as the trustee for the
18 bondholders. And you could take judicial notice of the sales.
19         So if Your Honor -- there is some evidence here by
20 way -- that supports the proffer effectively, that was made in
21 terms of these four items which I think you could take judicial
22 notice of.
23         The second -- the main reason I stood up, though, is
24 to kind of explain to you -- I think you understand -- but just
25 exactly what the deal is that was reached between the

1  committee, which our client is the co-chair, and the debtors,
2  that's in place here.  We had an arrangement with the debtors,
3  Wilmington Trust individually, and the committee as well, that
4  we would be involved in any selection of a CRO.  That was
5  breached outright.  And I have no quarrel with Mr. Kruger.
6  I've known him for over thirty-five years.  I think he's an
7  excellent addition to the case as a person.  But he was chosen
8  in breach of the agreement.
9          We then had two options.  One simply would be to
10 appoint a trustee, which frankly, maybe would have been the
11 best option at the very beginning.  However, as Your Honor
12 started out by talking about the amount of administrative
13 expense in this case, that clearly seemed to be a very
14 unpalatable option.  So that option was not an option.
15         The second question is well, how will we work with Mr.
16 Kruger, given he's already been appointed in violation of our
17 agreement?  He's going to have to build some trust.  Okay,
18 we'll give him a window of time to build trust.  And during
19 that window of time, we're not prepared for option 3 you heard
20 about, Armageddon, to go forward.
21         So we're essentially, as a practical matter, taking
22 option 3 off the table, because the committee does represent a
23 wide --
24         THE COURT:  So, look, you know --
25         MR. MOLONEY:  -- constituency.

# CERTIFICATION

I, Sharona Shapiro, certify that the foregoing transcript is a true and accurate record of the proceedings.

*Sharona Shapiro*

_____

SHARONA SHAPIRO

AAERT Certified Electronic Transcriber CET**D-492

eScribers

700 West 192nd Street, Suite #607

New York, NY 10040

Date:  March 6, 2013



Digitally signed by eScribers, LLC
DN: cn=eScribers, LLC gn=eScribers, LLC c=United States l=US o=eScribers ou=eScribers e=operations@escribers.net
Reason: I attest to the accuracy and integrity of this document
Location:
Date: 2013-03-12 11:49-04:00