KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Philip S. Kaufman
Adina C. Levine
Kristen A. Coleman
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Counsel for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

---------------------------------------------------------- x

**NOTICE OF FILING OF CORRECTED EXHIBIT B TO THE MOTION OF THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PRECLUDE
TIMOTHY DEVINE FROM TESTIFYING ABOUT ANY OF THE
MATTERS AS TO WHICH DISCOVERY FROM HIM HAS
BEEN BLOCKED BASED ON A CLAIM OF PRIVILEGE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.  On May 6, 2013 the Official Committee of Unsecured Creditors (the "**Committee**") of the above captioned debtors and debtors-in-possession filed the *Motion of the Official Committee of Unsecured Creditors to Preclude Timothy Devine from Testifying About Any of the Matters as to Which Discovery From Him Has Been Blocked Based on a Claim of Privilege* [Docket No. 3617] (the "**Motion**").

2. The Committee hereby submits a corrected copy of the Excerpt from the Hearing, dated April 11, 2013, which appears as Exhibit B to the Motion and is attached hereto as **Exhibit A**.

Dated:  May 6, 2013
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

 /s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Philip S. Kaufman
Adina C. Levine
Kristen A. Coleman
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Counsel for the Official Committee
of Unsecured Creditors*

**EXHIBIT A**

# In Re:
*RESIDENTIAL CAPITAL, LLC, et al.*
*Case No. 12-12020-mg*

*April 11, 2013*

*eScribers, LLC*
*(973) 406-2250*
*operations@escribers.net*
*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



**Min-U-Script® with Word Index**

1  witnesses, the content of those communications, the back and
2  forth are not privileged.  I think Mr. Kaufman agreed with
3  that.  It would not be privileged.  They've been deposed about
4  it?
5           MR. RAINS:  Yes, Your Honor.  And all their e-mails
6  have been turned over.  Third topic, maybe you've just answered
7  this question but communications between Mr. Devine,
8  representing Ally and the lawyers representing ResCap as to
9  which we did not assert privilege, we would offer that evidence
10 both from Mr. Devine, Ms. Hamzehpour and the e-mails between
11 them as to which we did not assert the privilege.  These are
12 communications that go to the negotiating strategy, settlement
13 meetings, data about exposure, legal defenses, defect rates, et
14 cetera.  We did not assert privilege as to any of those
15 communications.
16          THE COURT:  But there's a dispute as to when Mr.
17 Devine was acting as a counsel for ResCap and when for Ally
18 alone; am I right about that or --
19          MR. RAINS:  Well, the --
20          THE COURT:  I don't remember it here but I remember
21 this coming up before.
22          MR. RAINS:  We had communications with the Court about
23 that at length.  The conclusion that I think we all reached and
24 certainly it was the debtors' position, it was not functionally
25 a matter of time, so much as the topic.  When he was

1   negotiating for Ally on the RMBS matters, we decided not to
2   assert the privilege.  Ally took a different position and then
3   we got it resolved.
4           The Court mentioned --
5           THE COURT:  Was Mr. Devine deposed on his --
6           MR. RAINS:  Yes, he was deposed, Your Honor.
7           THE COURT:  And no privilege was asserted with respect
8   to his communications with ResCap's lawyers?
9           MR. RAINS:  Correct, Your Honor.
10          THE COURT:  At any time, there was no objection, an
11  instruction not to answer for Mr. Devine's communication with
12  ResCap's lawyers; is that your statement?
13          MR. RAINS:  I did not attend that deposition.  All I
14  can --
15          THE COURT:  And you're arguing that his testimony
16  should be permitted.  I need a clear answer whether
17  instructions not to answer were given on attorney-client
18  privilege grounds regarding Mr. Devine's communications with
19  ResCap's lawyers or executives.
20          MR. RAINS:  So I will have to give that to you in a
21  letter but I will tell you the position I think we have
22  consistently drawn which is when the communications related to
23  the RMBS settlement, we did not assert privilege.  That's the
24  position we took in our privilege log.  It's the position we
25  took with documents and I'm confident it was the position we

1  took at his deposition. To be sure, I need to go and review
2  the transcript.
3              THE COURT: Okay.
4              MR. RAINS: Continuing the offer of proof, the Court
5  mentioned earlier the director's experience with rep and
6  warranty liability and litigation. They have a tremendous
7  amount of experience going back several years with MBIA and
8  FGIC. They had experience more recently with a variety of
9  regulatory settlements. We would not intend to offer any
10 privileged communication about those matters.
11             THE COURT: Here's the issue there, at least as I see
12 it. All right. I asked Mr. Kaufman about this specifically
13 and I am not going to rule at this time, one way or the other,
14 with respect to the directors' testimony about their experience
15 with representation in warranty litigation.
16             In theory, I think they should be permitted to testify
17 about their experience but they can't -- what I won't permit,
18 assuming I preclude -- grant the preclusion motion, I am not
19 going to permit director testimony to be used as a back door to
20 get in, in effect, the legal advice they received. If they
21 were involved -- if I was told Whitlinger was involved in risk
22 analysis, he was the CFO, he was --
23             MR. KAUFMAN: I was only hypothesizing.
24             THE COURT: Okay. Let me -- as a hypothetical, you
25 know, if Whitlinger was involved in risk analysis, and he's

1  reflected in the privilege log or deposition testimony with
2  respect to advice received -- given or received by counsel.
3          So I will issue a written opinion and order but go
4  about your business preparing and take that clearly into
5  account.  I am not going to, with respect to other issues that
6  Mr. Rains or Mr. Kaufman raised today, we'll have to wait and
7  see at trial.  I am not ruling one way or the other.  I mean, I
8  think there doesn't seem to be disagreement that Ms. Hamzehpour
9  can testify about her clearly not privileged communications or
10 where she was a percipient witness of a communication between
11 Ms. Patrick or her colleagues and the debtors' representatives
12 in the give and take of negotiation.  That's not privileged and
13 I am going to permit.  It sounds like she's been deposed about
14 it, so there's no surprise there.
15         Mr. Cancelliere -- I guess Mr. Renzi and Mr.
16 Cancelliere, there's no dispute, Mr. Kaufman has agreed, that
17 with respect to the presentation they made at the May 9th board
18 meeting as to which there's been complete discovery, the
19 committee is not seeking to preclude that testimony.  So that
20 answered that question.
21         With respect to experience of directors, we'll have to
22 wait and see how that testimony comes in.  With respect to Mr.
23 Devine's communication with ResCap lawyers, that issue is not
24 clearly presented by the motions before me.  There seems to
25 be -- Mr. Rains has acknowledged that he is not aware of

1  whether or not Mr. Devine was instructed not to answer.  Mr.
2  Kaufman has indicated that he was.  If the debtors intend to
3  offer Mr. Devine's testimony, that ought to be taken up in
4  limine before trial and I will certainly review -- you have
5  discussed that with Mr. Kaufman.  Don't waste my time, Mr.
6  Rains, if there's a clear record of Mr. Devine being instructed
7  not to answer any questions about his communications with
8  ResCap, okay?  Don't waste my time with it.  You can raise it
9  if you want but you know I think this ruling out to make that
10 clear.
11          I've already discussed about experience, directors
12 with representation in warranty litigation.  So go on and
13 prepare.  I'll get out my opinion and order in due course.  All
14 right.  We're adjourned.
15          (Whereupon these proceedings were concluded at 1:25 PM)

47

**I N D E X**

**RULINGS**

|  | Page | Line |
|---|---|---|
| Motion to preclude granted | 44 | 12 |

```
 1
 2                    C E R T I F I C A T I O N
 3
 4   I, Linda Ferrara, certify that the foregoing transcript is a
 5   true and accurate record of the proceedings.
 6
 7           [signature: Linda Ferrara]
 8
 9   _____
10   Linda Ferrara
11   AAERT Certified Electronic Transcriber CET**D-656
12
13   eScribers
14   700 West 192nd Street, Suite #607
15   New York, NY 10040
16
17   Date:   April 12, 2013
```