UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., ) | Chapter 11 |
| ) |  |
| Debtors. ) | Jointly Administered |
| ) |  |

**ORDER FURTHER EXTENDING THE EXCLUSIVE PERIODS
DURING WHICH ONLY THE DEBTORS MAY FILE A
CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

Upon the motion (the "<u>Motion</u>," ECF Doc. # 3485),[1] as amended, of the above-captioned debtors and debtors in possession in these Chapter 11 cases (collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>") extending (a) the exclusive period of time during which only the Debtors may file a plan of reorganization (the "<u>Exclusive Plan Period</u>") through and including June 6, 2013, and (b) the period of time during which only the Debtors may solicit acceptances of a plan of reorganization (the "<u>Solicitation Period</u>," and, together with the Exclusive Plan Period, the "<u>Exclusive Periods</u>") through and including August 5, 2013; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules and the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

Case Management Procedures for these Chapter 11 cases, and that, except as otherwise ordered herein, no other or further notice is necessary; and the objections to the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Plan Period is hereby extended through and including June 6, 2013, and the Exclusive Solicitation Period is hereby extended through and including August 5, 2013.

3. This Order is without prejudice to (x) the Debtors' ability to seek further extensions of the Exclusive Periods pursuant to section 1121(d) of the Bankruptcy Code and (y) the ability of parties in interest to seek to shorten the Exclusive Periods or object to further extensions.

4. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

6. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

New York, New York
Date: May 7, 2013

                                                  **_/s/Martin Glenn_**
                                                  MARTIN GLENN
                                      United States Bankruptcy Judge