MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Samantha Martin

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' OBJECTION TO MOTION FOR STAY RELIEF**
**FILED BY SYLVIA DADZIE**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this objection (the "**Objection**") to the *Motion for Relief from Stay,* filed by Sylvia Dadzie ("**Movant**") on April 9, 2013 [Docket No. 3383] (the "**Motion**").  In support hereof, the Debtors respectfully represent:

Although the Motion is styled as one seeking relief from the automatic stay, such relief, to the extent Movant seeks authority to continue with the prosecution of Movant's objection to the proof of claim filed by GMAC Mortgage, LLC ("**GMAC**") in Movant's chapter 13 case, is not necessary because this Court has previously entered an order allowing Movant to proceed with her pending objection against GMAC.  The matter is fully briefed and is presently scheduled to be heard by the Honorable Judge Sean H. Lane in Movant's chapter 13 bankruptcy

1

case. As discussed further herein, to the extent Movant seeks relief from the automatic stay to assert claims for monetary damages against GMAC, as Movant apparently purports to do by her proposed "Adversary Proceeding Complaint" annexed as "Exhibit F" to the Motion, Movant has failed to demonstrate cause for relief from the automatic stay. Inexplicably, the Motion also seeks to transfer Movant's chapter 13 case, which has been pending before Judge Lane for more than 18 months, to this Court. Movant has failed to offer any authority for such relief because none exists. Moreover, if her case is transferred to this Court, it would result in unnecessary duplication and a waste of judicial resources because the primary relief sought—the disallowance of GMAC's proof of claim—is already pending before Judge Lane. Accordingly, Movant has failed to demonstrate cause for relief, and in all other respects, the Motion is both unnecessary and unwarranted. The motion should be denied.

## BACKGROUND

**A.    Chapter 11 Cases**

1.    On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York ("**Court**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"). No trustee has been appointed in these Chapter 11 cases.

2.    On May 16, 2012, the Office of the United States Trustee for the Southern District of New York (the "**United States Trustee**") appointed a nine member official committee of unsecured creditors. On July 3, 2012, the United States Trustee appointed the

Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York, as examiner.

3. On July 13, 2012, this Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (i) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (ii) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (iii) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (iv) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (the "**Supplemental Servicing Order**"). [Docket No. 774].

4. On April 9, 2013, Movant filed the Motion in this Court. [Docket No. 3383].

5. On November 15, 2012, Movant filed an unliquidated proof of claim against GMAC which has been designated as Claim No. 5258 on the official claims registry (a copy of which is annexed hereto as Exhibit 1, the "**Movant POC**").

**B.   Movant's Loan**

6. On June 28, 2006, Movant executed a note in favor of Advanced Financial Services, Inc. in the amount of $325,000.00 (the "**Note**"). The Note was secured by real property located at 3695 Secor Ave., Bronx, New York 10466 (the "**Property**"). Id. GMAC was the servicer of the loan. On February 1, 2013, the servicing rights were transferred to Green Tree Servicing, LLC ("**Green Tree**").

C.      **Movant's Bankruptcy Proceeding – Chapter 7**

      7.      On February 25, 2011, Movant filed a Chapter 7 bankruptcy petition in this District, which was assigned to the Honorable Allan L. Gropper under case number 11-10822 (the "**Borrower Bankruptcy Case**").

      8.      On May 4, 2011, GMAC filed a motion for relief from the automatic stay in the Borrower Bankruptcy Case to exercise its rights under the mortgage and note, including but not limited to foreclosure on the Property (the "**GMAC Stay Relief Motion**").  [Case No. 11-10822, Docket No. 9].

C.      **Movant's Bankruptcy Proceeding – Chapter 13**

      9.      On June 6, 2011, Judge Gropper entered an order converting Movant's Chapter 7 case to a case under Chapter 13, and ordered that the GMAC Stay Relief Motion be re-noticed before the Honorable Shelley C. Chapman.  [Case No. 11-10822, Docket No. 16].  At some point between July 2011 and September 2011, the case was re-assigned to the Honorable Sean H. Lane.

      10.     On July 22, 2011, Movant filed a Chapter 13 Plan.  [Case No. 11-10822, Docket No. 20].  On September 2, 2011, GMAC filed an objection to Movant's Chapter 13 Plan.  [Case No. 11-10822, Docket No. 26].  The confirmation hearing has not yet been scheduled.

      11.     On August 8, 2011, GMAC filed a proof of claim in the Borrower Bankruptcy Case (the "**Claim**"), and on February 19, 2013, the Claim was transferred to Green Tree in connection with the transfer of the servicing rights.  [Case No. 11-10822, Claim 8].

      12.     On September 12, 2011, GMAC withdrew the GMAC Stay Relief Motion.  [Case No. 11-10822, Docket No. 27].

13. On November 2, 2011, Movant filed an objection (as supplemented, the "**POC Objection**") to the Claim in the Borrower Bankruptcy Case, alleging that the assignment of mortgage may be invalid and that GMAC did not have standing to file the Claim. Movant later supplemented her objection on November 14, 2011, alleging that GMAC included improper charges in the Claim. [Case No. 11-10822, Docket Nos. 32, 39]. The parties engaged in discovery with respect to the POC Objection for several months.

14. On December 16, 2011, GMAC filed a *Memorandum of Law in Opposition to Debtor's Objection to Proof of Claim Filed by GMAC Mortgage, LLC* [Case No. 11-10822, Docket No. 47].

15. On February 11, 2013 and April 2, 2013, GMAC filed a *Memorandum of Law in Support of Motion for Ruling on Objection to Claim* (together, the "**GMAC POC Motion**").[1] [Case No. 11-10822, Docket Nos. 74, 78].

16. Approximately two weeks after the second filing of the GMAC POC Motion, on April 22, 2013, Movant filed a letter in the Borrower Bankruptcy Case requesting that Judge Lane remove the GMAC POC Motion from the calendar without prejudice, or adjourn it until after a decision is reached on the Movant's Motion filed in these Chapter 11 cases. On April 24, 2013, GMAC filed a response requesting that the Court proceed with the GMAC POC Motion. [Docket Nos. 82, 83].

17. The GMAC POC Motion currently is scheduled to be heard on May 8, 2013, unless Judge Lane grants Movant's request for an adjournment.

---

[1] The Memorandum of Law was re-filed at the Court's request.

**OBJECTION**

18.     Movant requests relief from the automatic stay to pursue the POC Objection and other relief in the form of an adversary proceeding by the filing of an "Adversary Proceeding Complaint," substantially in the form of "Exhibit F" to the Motion. See Motion ¶ 13. Movant further requests that the adversary proceeding and/or the Borrower Bankruptcy Case be assigned or re-assigned, as applicable, to the Honorable Martin Glenn. See Motion ¶ 18(b).

**A.     Movant's Request for Stay Relief to File an Adversary Proceeding Seeking Monetary Damages Should Be Denied**

19.     The Motion fails to describe in any meaningful detail the nature of the relief requested. However, a review of the proposed Adversary Proceeding Complaint reveals that Movant seeks to both (i) object to the Claim and (ii) obtain monetary damages from GMAC. Specifically the "Wherefore" clause to the Adversary Proceeding Complaint seeks an award of actual and punitive damages, as well as attorneys' fees and expenses. As explained below, the Supplemental Servicing Order provides stay relief to permit Movant to continue to prosecute the POC Objection, and Movant has taken advantage of this relief. However, the Supplemental Servicing Order does not permit Movant to assert affirmative claims for monetary relief in the manner that is expressly contemplated by the Adversary Proceeding Complaint. See Supplemental Servicing Order ¶ 15(c) ("absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all Bankruptcy Trustee's and Bankruptcy Borrower's direct claims, counter-claims, motions or adversary proceedings … for monetary relief of any kind and of any nature against the Debtors").

20.     Movant has not even attempted to demonstrate cause for relief from the stay to pursue claims for affirmative monetary relief against the Debtors. The moving party bears the initial burden to demonstrate, using the relevant Sonnax factors, that good cause exists

6

for lifting the stay. See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907 F.2d 1280 (2d Cir. 1990). See Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (quotation omitted). The movant's burden is especially heavy if it is an unsecured creditor. "[T]he general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief." In re Leibowitz, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); see also In re Motors Liquidation Co., Case. No. 10 Civ. 36 (RJH), 2010 WL 4966018 (S.D.N.Y. Nov. 17, 2010).

21. Movant has filed the Movant POC, and like all similarly situated creditors, should be subject to the claims resolution process before this Court. Moreover, it is uncertain whether Movant has in fact preserved any affirmative prepetition damage claims against the Debtors through Movant's POC. All of the Debtors expressly reserve all rights in this respect.

22. Accordingly, Movant's request for stay relief to prosecute the adversary proceeding for monetary damages should be denied because Movant has failed to demonstrate cause for relief from the automatic stay.

**B.    Movant's Request for Stay Relief to Prosecute the POC Objection is Unnecessary**

23. The Debtors submit that, to the extent Movant seeks stay relief to continue to prosecute the POC Objection, such relief is unnecessary in light of relief granted by this Court under the Supplemental Servicing Order. Pursuant to the Supplemental Servicing Order, Movant—as well as all other borrowers, mortgagors or lienholders—have been granted limited relief from the automatic stay to, among other things,

> (i) *assert and prosecute or continue to prosecute an objection to the Debtors' proof of claim filed in the Bankruptcy Borrower's bankruptcy*

> *case*; (ii) assert and prosecute or continue to prosecute an objection to the Debtors' motion for relief from the automatic stay filed in the Bankruptcy Borrower's bankruptcy case; (iii) ***commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to determine the validity, priority or extent of a Debtor's lien against the Bankruptcy Borrower's property***; (iv) ***commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to reduce (including to reduce to $0) or fix the amount of the Debtors' claim or lien against the Bankruptcy Borrower's property***; (v) prosecute appeals with respect to items (i) through (iv) above; (vi) seek an accounting from the Debtors with respect to the Bankruptcy Borrower's loan; and (vii) enter into, execute and consummate a written agreement of settlement with the Debtors where the Debtors elect to enter into such settlement in their sole discretion (but subject to the Settlement Procedures), to resolve items (i) through (vi) above;

<u>See</u> Supplemental Servicing Order ¶ 15(a) (emphasis added). Based upon the foregoing, there is no need for this Court to grant further stay relief because Movant can proceed with her POC Objection pending before Judge Lane without further order of this Court. To the extent Movant is willing to proceed with her proposed adversary proceeding, subject to these limitations and not for the purpose of pursuing affirmative claims against GMAC, the Debtors would be prepared to stipulate to appropriate relief to allow Movant to do so.

**C.     The Adversary Proceeding and Borrower Bankruptcy Case
          Should Not Be Re-Assigned to This Court**

24.     Movant has not cited to any rule or case in support of her request to reassign the Borrower Bankruptcy Case from Judge Lane to this Court. The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**") do not mandate that the adversary proceeding or the Borrower Bankruptcy Case be assigned or re-assigned, as applicable, to this Court. Specifically,

8

Movant is not an affiliate of, or in any way related to, any of the Debtors.[2]  See Local Rule 1073-1(b).  As a result, reassignment is neither mandated nor warranted.

        25.     It would not be in the interest of judicial economy to assign or re-assign, as applicable, the adversary proceeding or the Borrower Bankruptcy Case to this Court.[3]  Further, the Debtors see no reason why Movant would benefit from such an assignment.  The Borrower Bankruptcy Case was filed early 2011, has been assigned to three Judges of record already, and has been pending before Judge Lane since at least September 2011.  Movant's case has progressed significantly in that time, particularly with respect to the filing of Movant's schedules, Chapter 13 plan, and claims objections.  Moreover, the issues concerning GMAC's Claim have already been fully briefed before Judge Lane in the Borrower Bankruptcy Case.  The Debtors see no reason to transfer the case to another judge, which would result in a waste of judicial resources, as well as additional delay and costs for both parties.  Notably, the GMAC POC Motion—which addresses the exact same issues that are the subject of Movant's Motion—is scheduled for a hearing before Judge Lane on May 8, 2013 (one day after the deadline for submitting this Objection).  Local Rule 1073-1(f) does not mandate a different result.  See 1073-1(f) ("The Chief Judge shall supervise and rule upon all assignments and reassignments of cases, adversary proceedings, contested matters, and actions.").

---

[2] Section 101 of the Bankruptcy Code generally defines an affiliate as (a) an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, (b) a corporation, 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, (c) a person whose business or substantially all of whose property is operated under a lease or operating agreement by a debtor, or (d) an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.  Movant does not qualify as an "affiliate" under this definition.

[3] The Debtors further note that the Debtors are a party in interest in many bankruptcy cases pending in this District and others.  The Debtors are concerned that, if this Court were to grant Movant's request for re-assignment, it could potentially result in numerous requests for similar relief by other borrowers with pending bankruptcy proceedings, which would, among other things, defeat the purpose intended by the Supplemental Servicing Order.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order (i) denying the relief requested in the Motion, and (ii) granting such other relief as the Court deems proper.

New York, New York  　　　　　　　　/s/ Norman S. Rosenbaum
Dated: May 7, 2013 　　　　　　　　　Gary S. Lee
　　　　　　　　　　　　　　　　　　Norman S. Rosenbaum
　　　　　　　　　　　　　　　　　　Samantha Martin
　　　　　　　　　　　　　　　　　　MORRISON & FOERSTER LLP
　　　　　　　　　　　　　　　　　　1290 Avenue of the Americas
　　　　　　　　　　　　　　　　　　New York, New York 10104
　　　　　　　　　　　　　　　　　　Telephone: (212) 468-8000
　　　　　　　　　　　　　　　　　　Facsimile: (212) 468-7900

　　　　　　　　　　　　　　　　　　*Counsel to the Debtors and*
　　　　　　　　　　　　　　　　　　*Debtors in Possession*

**Exhibit 1**

B 10 Modified (Official Form 10) (12/11)        Claim #5258  Date Filed: 11/15/2012

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**SYLVIA ESSIE DADZIE**

Name and address where notices should be sent:
**SHAEV & FLEISCHMAN, LLP
350 FIFTH AVENUE
SUITE 7210
NEW YORK, NY 10118**

Telephone number: 212-239-3800     email: david@sflawny.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ **TO BE DETERMINED**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: SEE ATTACHED.
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:
___ ___ ___ ___

3a. Debtor may have scheduled account as:
GMAC MTGE, LLC 12-12032
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
_____
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $_____ Annual Interest Rate_____% ☐ Fixed ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____      Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

RECEIVED
NOV 1 7 2012
KURTZMAN CARSON CONSULTANTS

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
☐ I am the creditor.  ☐ I am the creditor's authorized agent.  ■ I am the trustee, or the debtor, or their authorized agent.  ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)  (See Bankruptcy Rule 3004.)  (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: David B. Shaev, Esq.
Title: counsel for Debtor Sylvia Essie Dadzie
Company: Shaev & FLEISCHMAN< LLP
(Signature)    11/14/12
(Date)
Address and telephone number (if different from notice address above):

Telephone number: _____   Email: _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or

1212020121115000000000100

## ATTACHMENT TO PROOF OF CLAIM FILED ON BEHALF OF SYLVIA ESSIE DADZIE

**2. Basis for Claim:** Creditor Sylvia Essie Dadzie has a pending objection to Proof of Claim # 8, filed by GMAC Mortgage, LLC, in bankruptcy case # 11-10822shl pending in the Southern District of New York Bankruptcy Court, seeking to expunge POC # 8, attorney fees and costs and Equitable Subordination of alleged secured debt set for in POC # 8.