**Presentment Date and Time: May 14, 2013 at 9:00 a.m. (prevailing Eastern time)**
**Objection Deadline: May 13, 2013 at 4:00 p.m. (prevailing Eastern time)**

| | |
|---|---|
| Richard M. Cieri | Jeffrey S. Powell |
| Ray C. Schrock, P.C. | Daniel T. Donovan |
| KIRKLAND & ELLIS LLP | Mark E. McKane |
| 601 Lexington Avenue | KIRKLAND & ELLIS LLP |
| New York, New York 10022 | 655 15th Street, N.W., Ste. 1200 |
| Telephone: (212) 446-4800 | Washington, D.C. 20005 |
| Facsimile: (212) 446-4900 | Telephone: (202) 879-5000 |
| | Facsimile: (202) 879-5200 |

*Counsel for Ally Financial Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al. | ) | Case No. 12-12020 (MG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF PRESENTMENT OF
APPLICATION OF ALLY FINANCIAL
INC. TO FILE ITS OBJECTION TO THE
MOTION OF WILMINGTON TRUST, NATIONAL
ASSOCIATION, SOLELY IN ITS CAPACITY AS INDENTURE
TRUSTEE FOR THE SENIOR UNSECURED NOTES ISSUED BY
RESIDENTIAL CAPITAL, LLC FOR AN ORDER AUTHORIZING
IT TO PROSECUTE CLAIMS AND OTHER CAUSES OF ACTION ON
<u>BEHALF OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      Upon the annexed application (the "*Application*") of Ally Financial Inc. (along with its non-debtor subsidiaries, "*Ally*"), for entry of an order authorizing Ally to file portions of *Ally Financial Inc.'s Objection Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of The Residential Capital, LLC Estate* under seal, the undersigned will present a proposed order (the "*Proposed Order*") approving the Application, substantially in the form attached to the Application as **Exhibit A**, to the Honorable Martin Glenn, United States Bankruptcy Judge, Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for signature on May 14, 2013 at 9:00 a.m. (prevailing Eastern Time).

2. Any objections to the Proposed Order must be made in writing, filed with the Court (with a copy to Chambers) and served in accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 141] (the "**Case Management Order**"), and served upon the Special Service List, as that term is defined in the Case Management Order, so as to be actually received no later than May 13, 2013 at 4:00 p.m. (prevailing Eastern Time) (the "**Objection Deadline**").

3. If no objections to the Application are timely filed and served on or before the Objection Deadline, the Court may enter the Proposed Order with no further notice or opportunity to be heard offered to any party. If an objection is received in accordance with the terms above, the Court will schedule a hearing with respect to the relief sought in the Application.

4. A Copy of the Application can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: May 7, 2013
       New York, New York

| | */s/ Ray C. Schrock, P.C.* |
|---|---|
| Jeffrey S. Powell | Richard M. Cieri |
| Daniel T. Donovan | Ray C. Schrock, P.C. |
| Mark E. McKane | KIRKLAND & ELLIS LLP |
| KIRKLAND & ELLIS LLP | 601 Lexington Avenue |
| 655 15th Street, N.W., Ste. 1200 | New York, New York 10022 |
| Washington, D.C. 20005 | Telephone: (212) 446 4800 |
| Telephone: (202) 879-5000 | Facsimile: (212) 446 4900 |
| Facsimile: (202) 879-5200 | |

*Counsel for Ally Financial Inc.*

**Presentment Date and Time: May 14, 2013 at 9:00 a.m. (prevailing Eastern time)**
**Objection Deadline: May 13, 2013 at 4:00 p.m. (prevailing Eastern time)**

Richard M. Cieri
Ray C. Schrock, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jeffrey S. Powell
Daniel T. Donovan
Mark E. McKane
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Ste. 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for Ally Financial Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al. | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**APPLICATION OF ALLY FINANCIAL
INC. TO FILE ITS OBJECTION TO THE
MOTION OF WILMINGTON TRUST, NATIONAL
ASSOCIATION, SOLELY IN ITS CAPACITY AS INDENTURE
TRUSTEE FOR THE SENIOR UNSECURED NOTES ISSUED BY
RESIDENTIAL CAPITAL, LLC FOR AN ORDER AUTHORIZING
IT TO PROSECUTE CLAIMS AND OTHER CAUSES OF ACTION ON
BEHALF OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL**

Ally Financial Inc. (along with its non-debtor subsidiaries, "*Ally*")[1] submits this application (the "*Application*") pursuant to sections 105(a) and 107(b) of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "*Bankruptcy Code*") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") for leave to file *Ally Financial Inc.'s Objection Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture*

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Response.

*Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of The Residential Capital, LLC Estate* (the "**Objection**") under seal pending further order of this Court. In support of the Application, the Committee respectfully represents as follows:

## Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1408.

3. The statutory bases for the relief requested herein are sections 105(a) and 107(b) the Bankruptcy Code and Bankruptcy Rule 9018.

## Background

4. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On May 16, 2012, the United States Trustee for the Southern District of New York (the "**United States Trustee**"), pursuant to section 1102 of the Bankruptcy Code, appointed the official committee of unsecured creditors (the "**Committee**") to represent the interests of all unsecured creditors in the chapter 11 cases.

6. On June 1, 2012, the Committee filed the *Motion of the Official Committee of Unsecured Creditors of Debtors Residential Capital, LLC, et al., for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing the Issuance of Subpoenas for the Production of*

2

*Documents and the Provision of Testimony by the Debtors and Others* [Docket No. 192] (the "**2004 Motion**"). The Court entered an order approving the Committee's 2004 Motion on June 5, 2012 [Docket No. 217] (the "**2004 Order**").

7. On June 20, 2012, the Court entered an order directing that an examiner be appointed in the Debtors' chapter 11 cases (the "**Examiner**"). On July 3, 2012, the Court approved the Honorable Ahur J. Gonzalez as the Examiner.

8. In connection with the discovery being conducted in these chapter 11 cases, on August 20, 2012, the Court entered the *Order (I) Granting Examiner Authority to Issue Subpoenas for the Production of Documents and Authorizing the Examination of Persons and Entities, (II) Establishing Procedures for Responding to Those Subpoenas (III) Approving Establishment of a Document Depository and Procedures to Govern Use, and (IV) Approving Protective Order* [Docket No. 1223] (the "**Uniform Protective Order**"). Pursuant to the Uniform Protective Order, Ally is prohibited from publicly disclosing certain confidential information received from the Debtors pursuant to the 2004 Order, and information received from parties-in-interest through the Examiner's Document Depository (as defined in the Uniform Protective Order).

9. On April 18, 2013, Wilmington Trust, National Association ("**Wilmington Trust**") filed the *Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of The Residential Capital, LLC Estate* [Docket No. 3475] (the "**Motion**").

10. On May 7, 2013, Ally filed a redacted version of the Objection, which contained certain sensitive information covered by the Uniform Protective Order that would harm and

3

disadvantage Ally if publicly revealed.

## Relief Requested

11.     By this Application, Ally requests entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 granting leave to file a partially redacted Objection to the Motion, and ordering that the full contents of the Objection be made available only to: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to the Committee; (d) counsel to Wilmington Trust; (e) the Examiner and his counsel; (f) the United States Trustee; and (g) those parties who have executed stipulations adopting the Uniform Protective Order and been granted access to the Examiner's Document Depository, provided that the Objection may require some redactions to be consistent with the terms of the Uniform Protective Order; or as further directed by the Court after notice and hearing.  Parties receiving a sealed copy of the Objection shall treat it as Confidential as defined by the Uniform Protective Order, as applicable, so long as the Objection, or any portion thereof, remains under seal by Order of this Court.

## Basis for Relief

12.     Section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

13.     In addition, section 107(b) of the Bankruptcy Code authorizes the Bankruptcy Court to issue orders that will protect entities from potential harm caused by the disclosure of certain confidential information.  Section 107(b) specifically provides that upon the "request of a party in interest" the bankruptcy court shall "protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C.§ 107(b).

4

14. Moreover, Bankruptcy Rule 9018 identifies the procedure by which a party may move for relief under section 107(b):

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information.

Fed. R. Bankr. P. 9018. Materials requiring protection include information that, if disclosed to the public, could be used by various parties for improper purposes, including those that threaten Ally's business. Indeed, the purpose of Bankruptcy Rule 9018 "is to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

15. Based upon these provisions, bankruptcy courts restrict access to filed documents where parties demonstrate good cause. *See, e.g.*, *In re Global Crossing Ltd.*, 295 B.R. at 725; *In re Epic Assoc. V*, 54 B.R. 445, 450 (Bankr. E.D. Va. 1985). Whether a document falls within the scope of section 107(b) is ultimately a decision for the Bankruptcy Court. *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b), "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

16. Under the plain language of section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, and in light of the Court's broad equitable powers under section 105(a) of the Bankruptcy Code, the Ally respectfully submits that the requested relief should be granted. The redacted information is highly sensitive and could damage its economic interests if disclosed. The information Ally seeks to remain confidential is limited to specific information regarding Ally's internal business strategies, analyses, and advice the disclosure of which would

5

prejudice Ally and would not offer any benefits to any party in interest in these cases.

## Notice

17.     In accordance with the *Order Under Bankruptcy Code Sections 102(1),105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9008 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 141] (the "**Case Management Order**") and Local Bankruptcy Rule 9074-1(b), notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order) (collectively, the "**Notice Parties**").  Because of the nature of the relief requested, Ally submits that such notice is sufficient and that no other or further notice need be given.

## No Prior Request

18.     No prior application for the relief requested herein has been made to this or any other court.

*[The remainder of the page is intentionally left blank]*

19. WHEREFORE, Ally requests that this Court enter an order, a form of which is attached hereto as **Exhibit A** pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: May 7, 2013
New York, New York

|  |  |
|---|---|
| Jeffrey S. Powell | */s/ Ray C. Schrock, P.C.* |
| Daniel T. Donovan | Richard M. Cieri |
| Mark E. McKane | Ray C. Schrock, P.C. |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP |
| 655 15th Street, N.W., Ste. 1200 | 601 Lexington Avenue |
| Washington, D.C. 20005 | New York, New York 10022 |
| Telephone: (202) 879-5000 | Telephone: (212) 446 4800 |
| Facsimile: (202) 879-5200 | Facsimile: (212) 446 4900 |

*Counsel for Ally Financial Inc.*

# EXHIBIT A

**Proposed Order**

Richard M. Cieri
Ray C. Schrock, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jeffrey S. Powell
Daniel T. Donovan
Mark E. McKane
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Ste. 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for Ally Financial Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al. | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**ORDER GRANTING APPLICATION OF
ALLY FINANCIAL INC. TO FILE ITS OBJECTION
TO THE MOTION OF WILMINGTON TRUST, NATIONAL
ASSOCIATION, SOLELY IN ITS CAPACITY AS INDENTURE
TRUSTEE FOR THE SENIOR UNSECURED NOTES ISSUED BY
RESIDENTIAL CAPITAL, LLC FOR AN ORDER AUTHORIZING
IT TO PROSECUTE CLAIMS AND OTHER CAUSES OF ACTION ON
BEHALF OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL**

Upon the application (the "*Application*")[1] dated May 7, 2013, Ally Financial Inc. (along with its non-debtor subsidiaries, "*Ally*"), for an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing Ally to file its Objection under seal, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Ally having provided notice of the Application to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Application establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED THAT:

1. The Application is granted as provided herein.

2. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, Ally is authorized to file the Objection under seal.

3. The full contents of the Objection shall not be disclosed to any parties in these cases other than: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to the Committee; (d) counsel to Wilmington Trust; (e) the Examiner and his counsel; (f) the United States Trustee; and (g) those parties who have executed stipulations adopting the Uniform Protective Order and been granted access to the Examiner's Document Depository, provided that the Objection may require some redactions to be consistent with the terms of the Uniform Protective Order; or as further directed by the Court after notice and hearing.

4. Ally's right to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order are hereby preserved.

5. Any parties receiving a sealed copy of the Objection shall treat it as Confidential as defined by the Uniform Protective Order, as applicable, so long as the Objection, or any portion thereof, remains under seal by Order of this Court.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.


New York, New York  
Date: _____, 2013        United States Bankruptcy Judge