MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' OBJECTION TO MOTION OF CONTEMPT OF**
**BANKRUPTCY FILED BY ALBINA TIKHONOV [DOCKET NO. 2627]**

ny-1080712

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND .............................................................................................................................. 1

I.     THE DEBTORS' BANKRUPTCY CASES .................................................................. 1

II.    THE PROPERTY AND THE FORECLOSURE ........................................................ 2

III.   THE MOVANT'S BANKRUPTCY PROCEEDINGS AND THE APPEALS ......... 3

IV.    THE UNLAWFUL DETAINER ACTIONS ................................................................ 5

V.     THE MOTION ................................................................................................................ 6

OBJECTION .................................................................................................................................... 7

I.     ETS DID NOT VIOLATE THE STAY IN MOVANT'S BANKRUPTCY
       BECAUSE THE CA BANKRUPTCY COURT GRANTED RELIEF FROM
       THE STAY TO PURSUE FORECLOSURE ............................................................... 7

II.    ETS DID NOT VIOLATE ITS OWN AUTOMATIC STAY .................................... 8

CONCLUSION ................................................................................................................................ 9

EXHIBIT 1    Delehey Declaration
EXHIBIT 2    Complaint
EXHIBIT 3    Appendix of Underlying Case Documents
EXHIBIT 4    Demurrer to Complaint
EXHIBIT 5    BONY Unlawful Detainer Complaint

 Pg 3 of 12

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

Drew v. Chase Manhattan Bank, N.A.
   185 B.R. 139 (Bankr. S.D.N.Y. 1995) ..................................................................................8

Mayton v. Sears, Roebuck & Co. (In re Mayton),
   208 B.R. 61 (B.A.P. 9th Cir. 1997) ......................................................................................8

**STATUTES**

11 U.S.C. § 524(a)(2) .................................................................................................................7, 8

Cal .Civ. Code § 2924(b) (WEST 2013) .........................................................................................7

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this objection (the "**Objection**") to the motion [Docket No. 2627] (the "**Motion**") of Albina Tikhonov (appearing *pro se*) (the "**Movant**"), entered on January 14, 2013, requesting that the Court (i) enjoin and rescind a previously conducted trustee's sale and (ii) find in contempt JP Morgan Chase, The Bank of New York Mellon, Debtor Executive Trustee Services, LLC ("**ETS**"), and each of their attorneys, agents, and employees.  In support hereof, the Debtors submit the Declaration of Lauren Graham Delehey (the "**Delehey Decl.**"), attached hereto as Exhibit 1, and respectfully represent as follows:

## PRELIMINARY STATEMENT

1.      Although unclear, the Motion appears to seek to avoid a previously conducted trustee's sale and hold various parties in contempt for violating the automatic stay or discharge injunction in either the Debtors' or Movant's bankruptcy cases.  As described further below, the bankruptcy court overseeing Movant's bankruptcy case granted a request for relief from the automatic stay to permit the trustee's sale of Movant's property.  Therefore, any claim that the automatic stay or discharge injunction was violated in that case is without merit. Moreover, the Debtors are permitted to continue to conduct their foreclosure activities in the ordinary course of business and obtained relief from the automatic stay to permit borrowers to defend foreclosure actions.  As a result, the automatic stay has not been violated.  The Motion should be denied.

## BACKGROUND

I.      **The Debtors' Bankruptcy Cases**

2.      On May 14, 2012, (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code

1

ny-1080712

(the "Bankruptcy Code"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these chapter 11 cases. On July 3, 2012, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York as examiner (the "Examiner").

3. On May 16, 2012, the U.S. Trustee appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

4. On July 13, 2012, the Court entered the Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses [Docket No. 774] (the "**Supplemental Servicing Order**").

**II.    The Property and the Foreclosure**

5. In May of 2004, Leonid Ovsovich purchased real property located at 14713 Vallyheart Drive, Sherman Oaks, CA 91403 (the "**Property**"). Eventually, after one or more refinancings, the property became subject to four deeds of trust, including a first priority deed of trust (the "**First Deed**"), dated April 6, 2006, in favor of MortgageIT, Inc. See

Complaint,[1] Exhibit C; Delehey Decl. ¶ 4. The *third* deed of trust was eventually foreclosed upon (the "**2007 Foreclosure**") and the Property was sold at trustee's sale to the Akselrod Revocable Family Trust on or about December 10, 2007. See Complaint, Exhibit A. However, subsequent to the 2007 Foreclosure, the property remained subject to the *First Deed* and a *second* deed of trust. Thereafter, on or about July 2, 2008, the Akselrod Revocable Family Trust transferred the Property to Movant by Grant Deed. See Complaint, Exhibit A.

6. On or about August 10, 2011, the First Deed covering the Property was assigned to The Bank of New York Mellon Trust Company, National Association, as trustee ("**BONY**"). See Complaint, Exhibit A; Delehey Decl. ¶ 5. Thereafter, on June 18, 2012, a notice of default was recorded by ETS, as trustee for BONY under the First Deed. See Exhibit 3-A.[2] On December 11, 2012, a trustee's sale was conducted pursuant to the First Deed and BONY purchased the Property at foreclosure. See Exhibit 3-B.

### III. The Movant's Bankruptcy Proceedings and the Appeals

7. On or about January 26, 2011, Movant and her husband (the "**Tikhonovs**") filed a joint chapter 7 bankruptcy case in the United States Bankruptcy Court for the Central District of California (the "**CA Bankruptcy Court**"), Case No. 11-11044 (VK). See Exhibit 3-C. Movant's first bankruptcy case was subsequently dismissed on April 19, 2011 as a result of the Tikhonovs' failure to appear at their initial meeting of creditors. See Exhibit 3-D.

8. On or about May 5, 2011, Movant and her husband once again sought bankruptcy protection, this time jointly filing a chapter 13 petition in the CA Bankruptcy Court,

---

[1] "**Complaint**" refers to the First Amended Verified Complaint for Unlawful Detainer and Damages and for Injunctive Relief and Demand for Jury Trial dated July 25, 2012, filed by Movant in the Superior Court of the State of California, County of Los Angeles, Case No. BC487215, attached hereto as Exhibit 2.

[2] Exhibit 3 contains various documents in connection with the Movant's prior bankruptcy proceedings and other background materials regarding the Property.

Case No. 11-15614 (MT). <u>See</u> <u>Exhibit 3-E</u>. On June 9, 2011, the CA Bankruptcy Court entered an order granting the Tikhonovs' unopposed motion to impose the automatic stay despite the dismissal of the Movant's prior bankruptcy case, concluding that the second bankruptcy case was filed in good faith and the presumption of bad faith under 11 U.S.C. § 362(c)(3)(C)(i) or 362(c)(4)(D)(i) had been overcome. <u>See</u> <u>Exhibit 3-F</u>. Subsequently, on July 11, 2011, the Tikhonovs filed a chapter 13 plan, indicating that "the Debtor hereby surrenders" the Property to the Akselrod Revocable Family Trust which apparently continued to hold a lien on the Property. <u>See</u> <u>Exhibit 3-G</u> at 8. On October 5, 2011, the CA Bankruptcy Court entered an order confirming the Tikhonovs' chapter 13 plan. <u>See</u> <u>Exhibit 3-H</u>. On December 21, 2012, the Tikhonovs filed a notice converting their bankruptcy case to a chapter 7 proceeding. <u>Exhibit 3-I</u>.[3]

        9.      On October 25, 2011, BONY filed a motion seeking relief from the automatic stay with respect to the Property, asserting that its interest in the Property was not adequately protected and that postpetition payments had not been made to BONY. <u>Exhibit 3-K</u> at 3-4. On December 19, 2011, the CA Bankruptcy Court entered an order overruling the Tikhonovs' objection and granting BONY's motion for relief from stay. <u>Exhibit 3-L</u>.

        10.     On December 8, 2011 and January 3, 2012, the Tikhonovs filed notices of appeal from the CA Bankruptcy Court's order granting BONY's relief from stay motion.[4] <u>Exhibit 3-M</u> & <u>3-N</u>. The first appeal was docketed with the United States Bankruptcy Appellate Panel for the Ninth Circuit (the "**BAP**") at Case Number 11-1698. Delehey Decl. ¶ 6. On

---

[3] The chapter 7 trustee appears to have likewise indicated his intention to abandon the Property after taking possession of property of the Tikhonovs' estate. <u>Exhibit 3-J</u> at 12 (docket entry containing trustee's report).

[4] The December 8, 2011 notice of appeal appears to have been filed prematurely in response to the CA Bankruptcy Court's comments at a December 6, 2011 hearing, although this is unclear from the record.

4

ny-1080712

December 10, 2012, the BAP denied the Tikhonovs' motion in Case Number 11-1698 for a stay pending appeal, and the appeal was later dismissed by memorandum decision dated December 14, 2012. See Exhibit 3-O & 3-P. In dismissing the case, the BAP cited the Tikhonovs' lack of prudential appellate standing as a result of their lack of an interest in the Property after it was surrendered as part of their confirmed chapter 13 plan. See Exhibit 3-P at 12. The second appeal was docketed with the BAP at Case Number 12-1003. Delehey Decl. ¶ 6. This appeal was dismissed upon request of the Tikhonovs. See Exhibit 3-Q.

**IV.   The Unlawful Detainer Actions**

11.   In addition to their two bankruptcy cases, the Tikhonovs have filed two "unlawful detainer" actions against a number of parties, including BONY and ETS, in connection with the Property. Delehey Decl. ¶ 7. Both of these actions were commenced prior to any forcible entry and detainer action by the Debtors on behalf of BONY, so the Tikhonovs were still properly in possession of the Property. See Delehey Decl. ¶ 7. The first unlawful detainer action, initiated on December 8, 2011, sought to strip the two senior liens that remained on the Property after the 2007 Foreclosure. See Delehey Decl. ¶ 7. BONY filed an answer, motion for judgment on the pleadings, and several motions in connection with discovery. See Delehey Decl. ¶ 7. However, the Tikhonovs subsequently dismissed the case prior to a hearing on any of the pending motions. See Delehey Decl. ¶ 7.

12.   The second unlawful detainer action was filed on June 26, 2012. See Delehey Decl. ¶ 8. ETS filed a demurrer in this action on behalf of itself and several other defendants. See Delehey Decl. ¶ 8. Rather than respond to the demurrer, Movant filed the Complaint. Delehey Decl. ¶ 8. The Complaint includes twenty causes of action which, in essence, once again seek to strip the two senior liens. See generally Complaint. On August 13,

5

ny-1080712

2012, the Debtors filed a demurrer, attached hereto as Exhibit 4. As of the date hereof, the demurrer remains pending.[5]

13. In neither of the unlawful detainer actions did Movant seek a preliminary or permanent injunction preventing the trustee's sale from proceeding. See Delehey Decl. ¶ 9.

14. On February 15, 2013, BONY filed an unlawful detainer in connection with the Property, naming as defendants the borrower on the First Deed, Leonid Ovsovich, and all other occupants. See Exhibit 5. This action is not stayed and, to the extent permissible under applicable law, the Tikhonovs may defend it if they so choose.

## V. The Motion

15. On December 20, 2013,[6] Movant filed the Motion. By the Motion, Movant seeks "an order rescinding and enjoining" the trustee's sale of the Property. Motion at 6. The Motion also seeks sanctions against J.P. Morgan Chase, BONY, ETS, and each of their attorneys, agents, and employees (together the "**Defendants**") in an amount greater than $100,000 for alleged "unwarranted violations of the stay and discharge [injunction]" and punitive damages in an amount greater than $100,000 against the same entities.[7] Motion at 6. It is unclear from the Motion whether Movant asserts that the Defendants violated the stay or discharge injunction in one of their bankruptcy cases or whether they claim that the Defendants violated the automatic stay in the Debtors' bankruptcy cases. Nonetheless, ETS did not violate

---

[5] On May 7, 2013, the Debtors filed in the second unlawful detainer action a notice of bankruptcy making clear that the action is stayed as to Debtor ETS. The Debtors anticipate that the demurrer will go forward as to the other defendants.

[6] The Motion is dated December 10, 2012, one day prior to the trustee's sale, but was not filed until December 20, 2012 or entered until January 14, 2013.

[7] The Debtors submit that some or all of the forms of relief sought in the Motion must be sought by way of an adversary proceeding. However, given the pro se status of Movants, the Debtors have chosen to respond to the Motion on the merits. The Debtors expressly reserve their right to object to any similar future requests by Movant or any other party on the basis that such requests must be sought in an adversary proceeding.

6

ny-1080712

the automatic stay or discharge injunction in connection with the foreclosure of the Property, either while acting on behalf of itself or BONY.

## OBJECTION

### I.  ETS Did Not Violate the Stay in Movant's Bankruptcy Because the CA Bankruptcy Court Granted Relief from the Stay to Pursue Foreclosure

16.   To the extent that the Motion seeks an order holding ETS in contempt for violating the automatic stay or discharge injunction in one of the Movant's prior bankruptcy cases, the Debtors submit that this is not the appropriate forum in which to raise that challenge. The CA Bankruptcy Court is the appropriate court to determine whether the automatic stay or discharge injunction in the Movant's bankruptcy cases have been violated.[8]  Additionally, this argument lacks merit because the automatic stay and discharge injunction in these cases are inapplicable to the Property.  Movant's first bankruptcy case was dismissed before a meeting of creditors ever occurred and, thus, the automatic stay in that bankruptcy case has long since dissolved.

17.   With respect to Movant's second bankruptcy case, on December 19, 2011, the CA Bankruptcy Court granted BONY relief from the automatic stay to proceed with a trustee's sale of the Property.  Therefore, the trustee's sale noticed and conducted by ETS in its capacity as trustee for BONY under the First Deed, could not have violated the automatic stay in Movant's bankruptcy case.  See Exhibit 3-L.

18.   Likewise, the discharge injunction in Movant's bankruptcy case was not violated.  The discharge injunction contained in Bankruptcy Code section 524(a)(2) acts only as a bar to the "commencement or continuation" of acts or actions to collect a discharged debt "*as a*

---

[8] The Debtors also note that ETS may not even be a proper party to any contempt proceeding because, as trustee, it is not liable "for any good faith error resulting from reliance on information provided in good faith by the beneficiary." See Cal .Civ. Code § 2924(b) (WEST 2013).

7

*personal liability*." Section 524(a)(2) does not prevent foreclosure of a lien on property, but only enforcement of personal liability. See, e.g., Drew v. Chase Manhattan Bank, N.A. 185 B.R. 139, 141-142 (Bankr. S.D.N.Y. 1995) (foreclosure did not violate discharge injunction. Instead, "while the [debtor's] personal obligation is discharged in bankruptcy, a valid mortgage lien survives the bankruptcy."); Mayton v. Sears, Roebuck & Co. (In re Mayton), 208 B.R. 61, 66-67 (B.A.P. 9th Cir. 1997) ("After discharge, . . . while the secured creditor is free to foreclose on collateral, § 524(a)(2) otherwise enjoins the creditor from attempting to collect or enforce the debt."). Accordingly, ETS could not have violated the discharge injunction in either of Movant's bankruptcy cases by foreclosing because it did not also seek to recover on any personal liability of Movant.

## II. ETS Did Not Violate its Own Automatic Stay

19. Similarly, ETS did not violate the automatic stay in these chapter 11 cases in connection with the foreclosure of the Property, and Movant's rights were not prejudiced as a result of ETS's automatic stay. At the outset of their chapter 11 cases, the Debtors were authorized to continue to service loans in the ordinary course of business, including continuing their loss mitigation activities.[9] As noted, the Debtors also obtained expansive relief from the automatic stay to permit borrowers to assert, among other things, any mandatory counterclaims and defenses in foreclosure and eviction proceedings. Supplemental Servicing Order ¶ 14.

---

[9] See *Final Order Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Governmental Association Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac, and Ginnie Mae; (II) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Services Vendors and Foreclosure Professionals; (III) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings; (IV) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (V) Granting Related Relief* [Docket No. 401] and *Final Order Under Sections 105(a), 362, 363, 1107(a) and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Non-Governmental Association Loans, and (B) Sale Activities Related to Certain Loans in Foreclosure and Real Estate Owned Property, and (II) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings* [Docket No. 402].

8

ny-1080712

20. As a result, ETS was authorized to continue foreclosure activities in the ordinary course of business and Movant was authorized to raise any defenses and counterclaims falling within the scope of the Supplemental Servicing Order. The foreclosure of the Property falls squarely within the scope of the Debtors' authority and the stay in these chapter 11 cases was not violated by proceeding to foreclosure.

## CONCLUSION

21. Because Movant has failed to provide any basis to hold ETS in contempt, the Motion should be denied.

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an Order denying the Motion and granting such other relief as the Court deems proper.

New York, New York  /s/ Norman S. Rosenbaum
Dated: May 7, 2013
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*