# EXHIBIT 1

# Delehey Declaration

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Gary S. Lee
Norman Rosenbaum
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF LAUREN GRAHAM DELEHEY,
IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC,
IN SUPPORT OF DEBTORS' OBJECTION TO MOTION OF CONTEMPT OF
BANKRUPTCY FILED BY ALBINA TIKHONOV [DOCKET NO. 2627]**

I, Lauren Graham Delehey, declare as follows:

**A.     Background and Qualifications**

1. I serve as In-House Litigation Counsel in the legal department at Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). I have held this position since I joined ResCap on August 1, 2011.

2. In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions

ny-1081065

and multi-district litigation.  Additionally, as a result ResCap's chapter 11 filing, my role has significantly expanded to include assisting the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court.  I am authorized to submit this declaration (the "**Declaration**") in support of the Debtors' Objection to Motion of Contempt of Bankruptcy filed by Albina Tikhonov [Docket No. 2627] (the "**Objection**").[1]

3. In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the Tikonovs' recent foreclosure, bankruptcy and other litigation proceedings and the roles of the Debtors, including ETS, and The Bank of New York Mellon Trust Company, National Association, as trustee ("**BONY**") in those proceedings.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history.  In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Objection.

ny-1081065                                              2

**B.     The Property and the Foreclosure**

4.      Movant is the grantee of title to property (the "**Property**") located at 14713 Vallyheart Drive, Sherman Oaks, CA 91403 under a Grant Deed from the Akselrod Revocable Family Trust.  On April 6, 2006, prior to Movant's acquisition of title to the Property, the then current owner, Leonid Ovsovich, granted a first priority deed of trust (the "**First Deed**") to MortgageIT, Inc.  At various points subsequent to April 6, 2006, the Property became subject to additional deeds of trust.  On or about December 10, 2007, the Property was sold at a trustee's sale to the Akselrod Family Revocable Trust through a foreclosure of the third priority deed of trust (the "**2007 Foreclosure**").  Thereafter, on or about July 2, 2008, Akselrod Revocable Family Trust granted the property to Movant.

5.      The First Deed was subsequently assigned to BONY on or about August 10, 2011.  Thereafter, on June 18, 2012, a notice of default was recorded by ETS, as trustee for BONY under the First Deed.  On November 8, 2012, ETS, in its capacity as trustee for BONY under the First Deed, filed a notice of trustee's sale.  On December 11, 2012, a trustee's sale was held pursuant to the First Deed and BONY purchased the Property at foreclosure.

**C.     The Movant's Bankruptcy proceedings and the Appeals**

6.      During 2011, the Tikhonovs filed two bankruptcy cases.  The first case was dismissed on or about April 19, 2011.  The second bankruptcy case is currently pending, although in January, the chapter 7 trustee issued his report of no distributions.  In connection with the second bankruptcy case, BONY filed a motion for relief from the automatic stay.  BONY's motion for relief from the automatic stay was granted by the CA Bankruptcy Court, and the Tikhonovs filed two notices of appeal.  The first appeal was docketed with the United States Bankruptcy Appellate Panel for the Ninth Circuit (the "**BAP**") at Case Number 11-1698.  The

second appeal was docketed with the BAP at Case Number 12-1003. Both appeals were subsequently dismissed.

### D.     The Unlawful Detainer Actions

7.      In addition to their two bankruptcy cases, Movant has filed two "unlawful detainer" actions against a number of parties, including BONY and ETS, in connection with the Property. Both of these actions were commenced prior to any forcible entry and detainer action by the Debtors, as servicer, on behalf of BONY. The first unlawful detainer action, initiated on December 8, 2011, sought to strip the two senior liens that remained on the Property after the 2007 Foreclosure. BONY filed an answer, motion for judgment on the pleadings, and several motions in connection with discovery. However, Movant subsequently dismissed the case prior to a hearing on any of the pending motions.

8.      The second unlawful detainer action was filed on June 26, 2012. ETS filed a demurrer in this action on behalf of itself and several other defendants. Rather than respond to the demurrer, Movant filed the *First Amended Verified Complaint for Unlawful Detainer and Damages and for Injunctive Relief and Demand for Jury Trial* dated July 25, 2012 ("**Complaint**"). On August 13, 2012, the Debtors filed a demurrer to the Complaint. As of the date hereof, the demurrer remains pending.

9.      In neither of the unlawful detainer actions did Movant seek a preliminary or permanent injunction preventing the trustee's sale from proceeding.

ny-1081065                                     4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  May 7, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC