# EXHIBIT 2

## <u>Complaint</u>



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 06 2012

John A Clarke Executive Officer/Clerk
By: _____ Deputy

1 ALBINA TIKHONOV
BY: Albina Tikhonov- Executor - a living breathing woman
2 14713 VALLEYHEART DRIVE
SHERMAN OAKS, CA [91403]
3 213-422-6225
Plaintiff *in Sui Juris*

4

5 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

6 **COUNTY OF LOS ANGELES COURT**

7

8 ALBINA TIKHONOV-                 ) Case No.: BC487215
(REAL PARTY IN INTEREST)     )

9           Plaintiff,             ) **FIRST AMENEDED VERIFIED**
                                   ) **COMPLAINT FOR UNLAWFUL**
10    vs.                          ) **DETAINER AND DAMAGES AND FOR**
                                   ) **INJUNCTIVE RELIEF** AND DEMAND FOR
11                                 ) JURY TRIAL
MORTGAGE                          )
12 ELECTRONIC                       )
REGISTRATION                     1. TO SET ASIDE PENDING TRUSTEE'S SALE BY
13 SYSTEMS, INC.,                   A  BANK OTHER THAN DEFENDANT JP
("MERS"); LISA                   MORGAN CHASE;
14 CLARK  - an                      2. TO CANCEL TRUSTEE'S DEED;
individual as                    3. QUIET TITLE;
15 Assistance                       4. DEMAND FOR AN
Secretary of MERS;               ACCOUNTING;
16 NIKOLE                           5. SLANDER OF TITLE;
SHELTON – a                      6. FRAUD;
17 foreign public                   7. TO VOID CONTRACT BASED ON
notary of the states             IMPOSSIBILITY OF PERFORMANCE (CAL. CIV.
18 of Pennsylvania;                 CODE §§1411, 1511, 1595 et. seq.);
ETS SERVICES                     8. VOID CONTRACT BASED ON
19 LLC.;THE BANK                    UNCONSCIOUNABLENESS TO (CAL. CIVIL
OF NEW YORK                      CODE § 1670.5(A));
20 MELLON TRUST                     9. BREACH OF IMPLIED COVENANT OF
COMPANY                          GOOD FAITH AND FAIR DEALING;
21 NATIONAL                         10. VIOLATION OF
ASSOCIATION                      CAL.CIVIL CODE§§ 1920
22 FKA THE BANK                     AND 1921;
OF NEW YORK                      11. VIOLATION OF CAL.
23 TRUST                            CIVIL CODE § 1916.7;
COMPANY, N.A.                    12.RESCISSION/CANCELLAT
24 as a successor in                ION;
interest to **JP**               13. VIOLATION OF CAL.
25 **MORGAN**                       BUSINESS AND
**CHASE BANK**                   PROFESSIONS CODE § 17200
26 N.A. as **trustee** for          ET SEQ;
                                 14.  BREACH OF
27                                 FIDUCIARY DUTY;

28

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF - 1**

**RAAC 2006SP3,**
DOES 1 TO 10,
INCLUSIVE

        Defendants

15. VIOLATION OF CAL.
WELFARE &
INSTITUTIONS CODE
15600, ET SEQ. (ELDER
ABUSE)
16. CONSPIRACY;
17. INTENTIONAL
INFLECTION OF
EMOTIONAL DISTRESS;
18. INJUNCTION RELIEF;
19. DECLARATORY
RELIEF; AND
20. VOILATION OF CAL. CIV. CODE
SECTION 1632

**1.** Plaintiff seeks relief pursuant to CCP 761.040 (a) in the instant action because, Plaintiff seeks determination of title as of a date other than the date specified in the Original Complaint filed for possession of real property. Plaintiff, ALBINA TIKHONOV-(REAL PARTY IN INTEREST), was and is the only true holder of title as successor by GRANT DEED to the subject real property , and files her first amended complaint ("FAC") suit under *Code of Civil Procedure* Section 472 against all defendants, notaries, agents, servants, does 1-10, inclusive,  all unknown defendants hired by these banks and lenders to handle the foreclosures on property owned by the plaintiff and one additional defendant who purchased property through the foreclosure process. See: *Respondent Superior Doctrine.* Plaintiff is informed and believes In accordance with the law mentioned above the following: *Code of Civil Procedure* Section 472 which states that: And any part of the complaint may be changed without leave including the addition of new parties as plaintiff or defendant. See *Ryan G. v. Department of Transportation* (1986) 180 Cal.App. 3d 1102, 1105, where applicable, CCP § 472 prevails over CCP § 473(a) (requiring leave of court to add new parties.

## THE PARTIES, JURISDICATION AND VENUE

The transactions and events which are the subject matter of this Complaint all occurred within the County of Los Angeles, State of California.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 2

The real property is located at 14713 Valleyheart Drive Sherman Oaks, in the County of Los Angeles, in the state of California, 91403.

## STATEMENT OF THE CASE

Come now, Plaintiff Albina Tikhonov , and  does hereby moves this honorable court to take notice on the unlawful foreclosure that has been executed, and hereby moves this court for **QUIET TITLE, DECLARATORY RELIEF, DAMAGES and INJUNCTIVE RELIEF** on the basis of **FRAUD.**

14. *The Supreme Court reaffirmed that the right to enjoy private property and not be deprived of it without due process of law in Lynch v. Household Finance Corp.; 405 US 538 (1972).*Pursuant to the Deed of Trust on page 12, paragraph 27 says:

**SUBSTITUTION OF TRUSTEE I agree that LENDER may at any time appoint a successor trustee and that person shall become the Trustee under this Security Instrument as if originally named as Trustee.**

2.  This is a fraudulent act by all parties working in concert violating laws and Requirements of the NOTE and Deed of Trust.  Page one of the Deed of Trust **(EXHIBIT C)** says;

"THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE"

3.  Unfortunately the NOTE has been sold, again, and again, with clear and convincing evidence that chain of title is broken in the public record.  Therefore, the foreclosure sale is void ab-initio.

4.  Plaintiff discovered that Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS"); LISACLARK - an individual as Assistance Secretary of MERS; NIKOLE SHELTON – a foreign public notary of the states of Pennsylvania; ETS SERVICES LLC; THE BANK OF NEW YORK MELLON TRUST COMPANY, and **JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006 SP3  are all involved** in this well planed scheme to defraud

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 3

the U.S. States Government , Californians, and Plaintiff Albina Tikhonov  by **Evading**

**Corporate TAXES,** by *conducting a money laundering, intrastate business transaction scheme*

*and* by failing to be "authorized to do business in California, "**prior to availing themselves of**

**the remedies provided by California NON ¬Judicial Foreclosure Process conducted a**

**fraudulent conveyance of the Plaintiff real Property located at** 14713 VALLEYHEART

DRIVE SHERMAN OAKS, CA [91403].

    **5.   MERS was no licensed to conduct business in this state of California, and held**

**no Interest in the contract at dispute hereto in 2008.** MERS engaged in conducting finance

lending and or serviced business of residential mortgage loans through all other Defendants

name herein in the state of California **WITHOUT OBTAINING A LICENSE OR POSTING**

**A BOND WITH THE COMMISSIONER OF THE SECRETARY OF THE STATE FOR**

**CALIFORNIA during the period of MAY 21, 2002 through JULY 20, 2010.** Furthermore

MERS did obtain an exemption from the Commissioner to continue to conduct business in

California after its license NUMBER **(C2416221) WAS SUSPENDED IN 2002.**

    **6.**   Plaintiff is asking for compensatory and consequential damages in excess to $10,000,

Disgorgement of any amounts paid to defendants for their respective illegal and improper debt

collection activities, attorney's fees and injunctive relief. This means that not only could new

parties be added but presumably also new causes of action. The policy of law is that leave to

amend should be liberally granted. Plaintiff is informed and believes that Courts are bound to

apply a policy of great liberality in permitting amendments "at any stage of the proceedings, up

to and including trial," absent prejudice to the adverse party. See *Atkinson v. Elk Corp.* 109

(2003) Cal.App. 4th 739, 761.

    **7.**   Plaintiff states an explanation as to why the earlier admissions are incorrect and

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** – 4

1  required corrections to plaintiff original complaint and it causes of action are due to the

2  discovery of additional newly discovered defendants.

3      **8.**  Plaintiff is informed and believes that through her discovery process, she has

4  Discovered <u>that U.S. Governmental agency know as FDIC, sued and filed charges against</u>

5  <u>Citigroup Inc and., Bank of America Corp., Deutsche Bank AG and JP Morgan Chase & Co.</u>

6  <u>known associates of the Defendants named in this case at issue of fraud recently exposed the acts</u>

7  <u>Complained about herein this case by the Plaintiff</u>.  Seeking a combined **$ 92, million,** the

8  lawsuits accuse the banks of misrepresenting the risks of residential mortgages the packaged into

9  securities, ( in violation of Security Exchange Act provisions) causing the losses for investors

10  once the defective title instruments became evident.  *See:* <u>FDIC v. Bear Stearns Asset Backed</u>

11  <u>Securities I LLC et al</u>, U.S. District Court, Southern District of New York, No. 12-04000; <u>FDIC</u>

12  <u>v. JP Morgan Securities LLC.,</u>  in the same court, No. 12-04001; <u>FDIC v. Countywide Financial</u>

13  <u>Corp. et al, U.S. District Court</u>, Central District of California, No. 12-04354; and the Statutory

14  Foreclosure mandated requisites, which are codified at (A2) Code of Civil Procedure Section

15  337.3. (an action **based upon the rescission of a contract in writing).**

16

17      **9.**  Plaintiff is a Californian who is not only in jeopardy of the lost her family's home  in

18  one of the hardest hit real estate markets, but are also adversely affected the defendants and their

19  associates, posing as authorized trustees- foreclosure companies **that did not follow the law**

20  **during the foreclosure process.**  Plaintiff has the right to file this FAC because like thousands

21  of other of potential **plaintiffs who were victims of these foreclosure companies**. Plaintiff

22  contends that public policy is at issue here in this instants case, because Public Policy ( the

23  General Welfare") is the Court's Duty to uphold pursuant to the United States Constitution. .

24  Plaintiff has taken the forefront of News today and that  the states of <u>California's  own attorney</u>

25  <u>general Kamala Harris</u> *has initiated several major lawsuits against this same bank and their*

26  *deceptive trade practices in this state of California. Several other states attorney general have*

27

28

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** – 5

*also moved to filing class action lawsuits against these defendants named herein and their*

*affiliates under national banking fraud violations.* *Plaintiff does* and Complains against

defendants, and each of them, as follows:

**10.** See Matter of Staff Mortg. & Inv. Corp., 550 F. 2d 1228 (9th Cir 1977), "*Under the*

*Uniform Commercial Code, the only notice sufficient to inform all interested parties that a*

*security interest in instruments has been perfected is actual possession by the secured party, his*

*agent or bailee.*" (Emphasis added.)

**11.** ALBINA TIKHONOV-(REAL PARTY IN INTEREST), (hereafter "Plaintiff"),

and successor by GRANT DEED, **see the EXHIBIT MARKED "A" has a** Perfected equitable

Interest in the real property located at: 14713 Valleyheart Drive, Sherman Oaks, California

91403 (the "Subject Property") issue of fraud, misrepresentation of known facts of the matter.

Plaintiff ALBINA TIKHONOV's lawsuit states and contends that illegal debt collection

activities and deceptive trade practices were exercised by the defendants against the plaintiff

during the foreclosure process **as the defendants were not licensed or registered in the State**

**of California to carry out the foreclosure process.** Plaintiff's lawsuit seeks to compensate the

plaintiff, and compel the defendants to surrender all fees collected by their authorized foreclosure

against the plaintiff equitable ownership right evident by the executed Grant Deed during the

**time defendants were operating illegally**. See: California's Corporation Code of Procedures

Section 2105(a) and California's Corporation Code 2103(c).

**12.** This case seeks to remedy THE BANK OF NEW YORK MELLON TRUST COMPANY

NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. as A

successor in interest to **JP MORGAN CHASE** BANK N.A. as **trustee for RAAC 2006SP3**, DOES 1 TO

10, inclusive. Plaintiff further f seeks a determination as a matter of law: under California's

Corporation Code of Procedures Section 2105(a) and California's Corporation Code 2103(c).

Plaintiff is informed and believes that places strict requisites of the California's Secretary of

State's office as an Act of the U.S. Congress. Plaintiff contends that in accordance with

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** – 6

Congressional mandates of law, **California's Corporation Code 2103(c)), which directly**

**Estoppels the Defendants** MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

("MERS"); LISACLARK - an individual as assistance Secretary of MERS; NIKOLE SHELTON

– a foreign public notary of the states of Pennsylvania; ETS SERVICES LLC; THE BANK OF

NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION FKA THE BANK OF NEW

YORK TRUST COMPANY, N.A. as A successor in interest to **JP MORGAN CHASE** BANK N.A. as

**trustee for RAAC 2006SP3,** DOES 1 TO 10, INCLUSIVE.

     **13.** Plaintiff alleges that these defendants' acts were committed with knowledge of for-

Thought, with reckless disregard to law(s) of this state of California. Defendants continue to

violate Corporation Code of Procedures Section 2105(a) and California's Corporation Code

2103(c), by doing business in a state foreign to its charted licensing states jurisdiction (i.e. as it

does it appears to be the case in this instant case at issue of continued defense by these debt

collecting attorneys , but  this is the state of California,  and thus, just like everyone else

transacting commercial business here in the state of California defendants **are all required to**

**first register with Commercial entity than without being authorized to conduct business in**

**the state of California.** Defendants MORTGAGE ELECTRONIC REGISTRATION

SYSTEMS, INC., ("MERS"); LISACLARK - an individual as assistance Secretary of MERS;

NIKOLE SHELTON-- a foreign public notary of the states of Pennsylvania; ETS SERVICES

LLC; THE BANK OF NEW YORK MELLON TRUST COMPANY NATIONAL ASSOCIATION FKA

THE BANK OF NEW YORK TRUST COMPANY, N.A. as A successor in interest to **JP MORGAN**

**CHASE BANK N.A. as trustee for RAAC 2006SP3**  **failed to provide proof that their principles**

**, trustees, agents , corporations have obtained said Certificate of Compliance and pay all**

**back taxes owed to the citizen of the U.S. under tax evasion laws applicable.**  Plaintiff has

discovered by investigation of the California's Official Commercial Registry under its Business

Portal.

     **14.** This case is **one of Fraud,** alleged against all named defendants, its employees,

Servants, agents, trustees, and anyone working under the scope of authority on behalf of the

Defendants' collectively and severally fro unjust enrichment of the Plaintiff's labor and equitable

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF -** 7

Interest held in Fee Absolute Ownership then and now to date July 28, 2012.   As evidenced by **GRANT DEED")"**- *from BORIS AND PAULINE AKSELROD, TRUSTEES OF THE AKSELROD REVOCABLE FAMILY TRUST UTD JANUARY 24, 2000.* See attached MARKED **EXHIBIT "A".** Doc # **20081215761 recorded 07/08/2008.** Because Defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS"); LISACLARK - an individual as Assistance Secretary of MERS; NIKOLE SHELTON – a foreign public notary of the states of Pennsylvania; ETS SERVICES LLC; THE BANK OF NEW YORK MELLON TRUST COMPANY., and all similarly mortgagee and trustee in this case **hereto failed to comply with the requirements** of the **Statutory Requirements of licensing authorities pursuant to CCC §2105(a)** and the Non – Judicial Foreclosure Pre- Requisites, ALL Purported foreclosure sales are Invalid.

All alleged rights transferred by such acts that failed to comply with said requisites as a matter of California Foreclosure law starting at CCP §§§§§§ 2924a- 2924 j et . seq., are Subsequently invalid and void of legal effect as a Third party Bona fide purchaser and or assigns of another parties, did not acquire title to that real property.

**15.** Defendant The Bank of New York Mellon claims as the real party in interest in case DID NOT ACQUIRE TITLE TO THE REAL PROPERTY in or prior to Plaintiff filing her suit to for  Relief /unlawful detainer against these unauthorized intrusions , slander of  her title to this Real Property located at 14713 Valleyheart Drive Sherman Oaks, in the County of Los Angeles, in the state of California, 91403. (The "subject property").

**16.** Any purchaser of the real property by assignment form MERS , ETS SERVICE LLC, LISACLARK - an individual as assistance Secretary of MERS; NIKOLE SHELTON – a foreign Public notary of the states of Pennsylvania; ETS SERVICES LLC; THE BANK OF NEW YORK MELLON TRUST COMPANY as alleged trustee of the Note and Deed of Trust at issue if Defendant's fraud scheme or any similarly situated **mortgagee or trustee, consequently,** did not Acquire title to that real property.

## A PARTY ALLEGING TO BE A CREDITOR MUST PROVE LEGAL STANDING.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF - 8**

**17.** The Plaintiff has failed to produce the actual NOTE, which they allege that I, Plaintiff Albina Tikhonov the Plaintiff, owe.  THE BANK OF NEW YORK MELLON TRUST COMPANY  NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. as A successor in interest to **JP MORGAN CHASE** BANK N.A. as **trustee for RAAC 2006SP3, DOES** 1 TO 10, INCLUSIVE.

**18.** Where Bank of New York Mellon and Defendant JP Morgan, Chase is NOT the Originating lender **and cannot prove the existence of the NOTE, then there is no NOTE.**

**19.** The original NOTE must be produced, not a copy. To recover on a promissory NOTE, the plaintiff must prove: (1) the existence of the NOTE in question; (2) that the party sued or alleged debtor signed the NOTE; (3) that the lender is the owner or holder of the NOTE; and (4) that a certain balance is due and owing on the NOTE. See In Re: SMS Financial LLC. v. Abco Homes, Inc. . No.98-50117 February 18, 1999 (5th Circuit Court of Appeals.) Volume 29 of the New Jersey Practice Series, Chapter 10 Section 123, page 566, emphatically states, " ...; and no part payments should be made on the bond or NOTE unless the person to whom payment is made is able to produce the bond or NOTE and the part payments are endorsed thereon.

**20.** It would seem that the mortgagor would normally have a Common Law right to demand production or surrender of the bond or NOTE and mortgage, as the case may be. See Restatement, Contracts S 170(3), (4) (1932); C.J.S. Mortgages S 469 in Carnegie Bank v Shalleck ; 256 N.J. Super 23 (App. Div 1992), the Appellate Division held, "When the underlying mortgage is evidenced by an instrument meeting the criteria for negotiability set forth in N.J.S. 12A:3-104, the holder of the instrument shall be afforded all the rights and protections provided a holder in due course pursuant to N.J.S. 12A:3-302" Since no one is able to produce the "instrument" there is no competent evidence before the Court that any party is the holder of the alleged NOTE or the true holder in due course. Federal and Circuit Courts have ruled that the only way to prove the perfection of any security is by actual possession of the security. See Matter of Staff Mortg. & Inv. Corp., 550 F. 2d 1228 (9th Cir 1977), "*Under the Uniform*

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 9

1    *Commercial Code, the only notice sufficient to inform all interested parties that a security*

2    *interest in instruments has been perfected is actual possession by the secured party, his agent or*

3    *bailee.*" (Emphasis added.)

4       **21. The Ninth Circuit Court of Appeals has affirmed this decision at least six times.**

5    **Bankruptcy Courts have followed the Uniform Commercial Code. In Re Investors &**

6    **Lenders, Ltd. 165 B.R. 389 (Bkrtcy.D.N.J.1994 ).**

7       **Plaintiff is informed and believes that pursuant to California' Commercial Code**

8    **Section 3301(a) and 3501(a); (b) the Defendants must have and provide the original NOTE**

9    **that, is allegedly security for the said NOTE being collected upon under contract.**

10                            **PARTIES**

11       **22.** Plaintiff Albina Tikhonov is a U.S. Citizen , she has interest which would be affected

12    by the declaration of rights sought in this action by virtue of her having purchased Lot 15, Block

13    27 of Tract No. 7307, in the city of Los Angeles, County of Los Angeles, State of California , as

14    map recorded in Book 85 pages 1 through 5 inclusive of maps, in the office of the County

15    Recorder of Said County also, known as:  14713 Valleyheart Drive Sherman Oaks, in the County

16    of Los Angeles, in the state of California, 91403 *from BORIS AND PAULINE AKSELROD,*

17    *TRUSTEES OF THE AKSELROD REVOCABLE FAMILY TRUST UTD JANUARY 24, 2000.* See

18    attached MARKED **EXHIBIT "A".** Doc # **20081215761 recorded 07/08/2008**.

19       **23.** Plaintiff at all relevant times were over 18 and a resident is who business owners

20    in this state. Plaintiff ALBINA TIKHONOV acquired **all rights in the real property** at issue

21    by a lawfully <u>conducted Public Action after a lawfully conducted Trustee's Sale had in 2008</u> .

22    <u>years prior to this alleged lawfully assigned</u> Creditor/Lender BANK OF NEW YORK MELLON

23    TRUST COMPANY ET AL., become an Third Party- intervener .The perfected rights of title and

24    Plaintiff's equitable interest held in fee absolute ownership is **evidenced by the recordation of a**

25    **"GRANT DEED").** *See* MARKED **EXHIBIT "A"-** a true and correct copy of that recorded

26    GRANT DEED- prima facie evidence **of Plaintiff's a Free and Clear Ownership.**

27       **24. Plaintiff contends that of this fact above (the GRANT DEED) is a FACT OF**

28

         **FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

                **DAMAGES AND FOR INJUNCTIVE RELIEF** – 10

**THE MATTER THAT CAN NOT BE DISPUTED** by defendants as the fact of the matter at issue, and at the time of executing the written contract which is subject matter of this action was discussed, negotiated and consummated the loan was paid in full.  Plaintiff is now, and at all times relevant to this action, were residents of Los Angeles County, State of California. At all times relevant to this action, Plaintiff ALBINA TIKHONOV-(REAL PARTY IN INTEREST) **owns the real property** commonly known as 14713 Valleyheart Drive Sherman Oaks, in the County of Los Angeles, in the state of California (the "Property").

The Property is further described as **Assessor's Parcel Number (2263-021-013).**

25. Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (hereafter "MERS") , is a alleged to be the beneficiary under a certain Deed of Trust and Promissory Note at issue of failure of compliance with all  Debt collecting requirements.

**26. MERS was not licensed to conduct business in this state of California, and held no Interest in the contract at dispute hereto in 2008.** MERS engaged in conducting finance lending and or serviced business of residential mortgage loans through all other Defendants name herein in the state of California **WITHOUT OBTAINING A LICENSE OR POSTING A BOND WITH THE COMMISSIONER OF THE SECRETARY OF THE STATE FOR CALIFORNIA during the period of MAY 21, 2002 through JULY 20, 2010.** Furthermore MERS did obtain an exemption from the Commissioner to continue to conduct business in California after its license NUMBER **(C2416221) WAS SUSPENDED IN 2002.**

**27. Before MERS re-registered with the Commissioner to obtain a new license (NO. C3306164) in 2010. MERS continued engaging in mortgage transactions through the fraudulent recording of assignments in the office of the land records through all co-defendants listed in this complaint and in her initial pleadings.**

28. Plaintiff is informed and believes that the California's False Claims Act provides that

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 11

1  any person who knowingly submits, or causes the submission of, A false or fraudulent

2  statement to the U.S. Government is liable for a civil penalty of up to $11,000.00 for each

3  such claim, plus three times the amount of damages sustained by the Government.

4        **29. All acts of MERS were done in violation of Financial Code section §50205, that**

5  **was Conducted in an unsafe, injurious and hazardous manner to Plaintiff and to all**

6  **California homeowners in default/ foreclosure.**

7        **30.** Defendant, ETS SERVICES LLC was at all times relevant to this action a attorney

8  Debt-Collection service Agent, is a foreign trustee services / or a **debt collector; it is not**

9  **authorized to do business in this state.**

10        **31.** Defendant, the BANK OF NEW YORK MELLON is a corporate entity organized

11  under the laws of an unknown State, purporting to have its chartered corporate headquarters in a

12  state other than in this state of California

13        **32.**   Defendant, the BANK OF NEW YORK MELLON, is a national banking

14  association; **it is not authorized to do business in this state.** This entity purchased or otherwise

15  acquired mortgages and (Deed of Trust). While the specific acts and omissions referenced herein

16  were committed By the BANK OF NEW YORK MELLON TRUST COMPANY , NATIONAL

17  ASSOCIATION FKA THE BANK OF NEW YORK  TRUST COMPANY, N.A. as a successor

18  in interest to JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006 SP3, and ETS

19  SERVICES LLC as a trustee liability therefore, is imputed upon  MERS as their successor in

20  interest and due to the fact that certain defense are not available to a "holder in due course"

21  which are the subject of this action.

22        **33.** Defendant **LISA CLARK** is reported to work for the defendant MERS Mortgage

23  Electronic Registration Systems, Inc. (Noted: That MERS offices have been discovered to be

24  **located in Florida) NOT** in the state of **Pennsylvania as the document reported to be a**

25  **lawful assignment of Deed of Trust form MERS** to BANK OF NEW YORK MELLON

26  TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST

27  COMPANY, N.A. as A successor in interest to JP MORGAN CHASE BANK N.A. as trustee for

28  RAAC 2006SP318. Defendant **LISA CLARK** is alleged to have been in the **state of**

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 12

1    Pennsylvania at the time the document **Exhibit "B"- The ASSIGNMENT OF DEED OF**

2    **TRUST was signed in the presents of the named Public Notary – NIKOLE SHELTON. Noted:**

3    **that it seems to be very ODD** *that the most important document of title in dispute* would be

4    **executed in the latter and executed** *in a completely different state*

5        **34.  Where all common sense seems to indicate that the Defendant's MERS**

6    **Assistant Secretary,   and newly discovered Defendant LISA CLARK, could not possibly be**

7    **working in the state of Pennsylvania**. Plaintiff contend that is an impossibility , that sheds

8    some false light on the any claims asserted in this case as to being authorized at the

9    commencement of the *actions taken under* said contract at issue of rights of enforcement.

10        **35. The** MARKED EXHIBIT "B"- a certain **ASSIGNMENT OF DEED OF TRUST**

11    **signed by the** Defendant LISA CLARK of MERS's as its **Assistant Secretary under**

12    **fraudulent conveyance by way of Robb-signing, just happens to be** the most important

13    negotiable instrument of title filed by the Defendants as a authorized Debt collector. MARKED

14    EXHIBIT "B"- a certain **ASSIGNMENT OF DEED OF TRUST** does not support the

15    Defendants claims asserted in this case as to being lawfully assigned all beneficiary rights of the

16    *MERS (who never held any interest in the Mortgage Loan, and could not authorized this alleged*

17    *execution* of the MARKED EXHIBIT "B" by Defendant LISA CLARK on 08/10/2011- a certain

18    **ASSIGNMENT OF DEED OF TRUST**   at the commencement of their unlawful acts , and

19    unauthorized contracting with Plaintiff Albina Tikhonov  enforcement of the original lender's

20    mortgage contract under a certain deed of trust and Note acquired by Plaintiff in 2008 .

21        20.  Defendant **LISA CLARK,** - is indentified as an alleged **MERS's Assistant**

22    **Secretary.**      9. Defendant **LISA CLARK,** who was personal responsible for signing

23    executing and Recordation of the EXHIBIT MARKED "B"- a certain **ASSIGNMENT OF**

24    **DEED OF TRUST**  that was not able to be found in the County records official records stored

25    therein as a matter of statutory law.  (*see: Ref:Marketable Record Title Act 880.02 -887.09* )

26        21. Defendant, NIKOLE SHELTON is a PUBLIC NOTARY conducting business in the

27    **state of Pennsylvania.**

28

    **FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

    **DAMAGES AND FOR INJUNCTIVE RELIEF** - 13

1  **22.** The a PUBLIC NOTARY's **seal placed on the document being questioned as a**

2  **fraud under this a Robo- signing scheme was presented to this court by the**

3  **Defendants and their attorney's record and the court must construed this document as**

4  **fraudulent and misrepresentation of the known fact of the matter**

5  **23.** Plaintiff will further amend this Complaint, adding one or more Doe Defendants at a

6  point and time later **Plaintiff** is ignorant of the true names and capacities of defendants sued as

7  herein as DOES (1-10) Inclusive, and therefore sue these defendants by such fictitious names.

8  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

9  Plaintiff are informed and believe and based thereon allege each of the fictitiously named

10  defendants is responsible in some manner for the injuries to Plaintiff alleged herein, and that

11  such injuries as herein alleged were proximately caused by such defendants.

12  **24.** Plaintiff is informed and believes and thereon allege that at all times herein

13  mentioned, that each of the defendants were agents, employees, partners, joint ventures, co-

14  conspirators, successors or predecessors in interest, owners, principals, and employers of the

15  remaining defendants, and in doing the things hereinafter alleged, were acting within the course

16  ad scope of such agency, partnership, employment, ownership, joint venture and/or conspiracy.

17  Plaintiff is further informed and believes and based thereon alleges that the act and conduct

18  herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other

19  Defendants, and each of them.

20  **25.** Whenever in this Complaint an act or omission of corporation or business entity is

21  alleged, said allegation shall be deemed to mean and include an allegation that the corporation or

22  business entity acted or omitted to act through its authorized officers, directors, agents, servants

23  and/or employees, acting within the course and scope of their duties, that the act or omission was

24  ratified by the officers and directors of the corporation.

25  **26.** While Defendants JP MORGAN CHASE BANK N.A. as trustee for RAAC

26  2006SP3, and (MERS), were not a part of loan the was NOT originated by Defendant THE

27  BANK OF NEW YORK MELLON TRUST COMPANY , NATIONAL ASSOCIATION FKA

28  THE BANK OF NEW YORK  TRUST COMPANY, N.A. as A successor in interest to JP

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** – 14

MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, and (MERS), and all subsequent holders of the Notes took these notes subject **to all defenses which the Plaintiff have against** ORIGINAL LENDER NAMED **UPON THE FACE OF THE NOTE AND ITS DEED OF TRUST** as successor in interest to <u>MERS</u> and any other <u>successors to these</u> Notes and Deeds of Trust in accordance with established California law.

27. The County Recorders' Office relied upon the Notice of Default and all documents to be true and correct at the time it was presented and filed. This represents a criminal violation of **California Penal Code 115.5 and 530 et. Seq.**

Not only were documents fraudulently notarized, **the Assignment of Deed of Trust was done after the Notice of Default was received** by Plaintiff. The voidability of the defendants' acts performed in violation of the applicable statutes has injured plaintiff's right of redemption under the contract right of the original note and deed of trust holder in due course. Plaintiff contends that the violations complained about in the FAC verified complaint have been asked and answered already decided pursuant to *Dimock v. Emerald Properties Super. Ct.* No. 705077 June 21, 2000, **making this foreclosure sale void.**

28. Therefore, the assignment of deed, substitution of trustee, and the deed upon sale in this case at issue of unauthorized trespass to title renders al **instruments void from the beginning and cannot be used as evidence in this court.**

29. Moreover, since Defendants <u>had no valid execution of authority</u> by its' false filings in Los Angeles County and through its misrepresentations as to whom they represent to this court, the case itself cannot be classified as a "Limited Case" by statue, as a result,

**30. Plaintiff Albina Tikhonov would be harmed in the amount in excess of over $564,889.00, plus her sweat equity remolding, paying property taxes, maintaining the landscaping the single family resident.**

31. Defendants must be enjoined from any actions in furtherance of dispossessing Defendant of her property because they have failed to comply with the Cal. Civil Code § 2934a (a)(1)(2) et.seq. clearly states: ***"the trustee under a trust deed upon real property [...] may be substituted by the recording, in the county in which the property is located, of a substitution***

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 15

*executed and acknowledged by: (A) all of the beneficiaries under the deed of trust, or their*

*successors in interest...or, (b )the holders of more than 50% of the record beneficial interest of*

*a series of notes secured by the same real property...et seq.*  Since the  Originally Named

Trustee, and ETS SERVICE LLC as trustee **did not follow the law and defrauded / recorded**

**fraudulent documents in the county records and then mailed through the US mail service,**

**is precluded from acting as trustee; and, does not have the right to sell or convey property**

**to for unjust enrichment of the plaintiff's labor.**

    **32.** Defendants BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL

ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. as A successor

in interest to JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006 SP3, and ETS

SERVICES LLC as a trustee that has been obtained by a criminal act. **(See Title 18, USCS**

**1001-1002 Fictional-Communications, Title 15, USCS~1692E for fraud and misleading**

**statements and Title 15 USCS~78ff:  Penalty: $25,000,000.00 corporation $5,000,000.00**

**individual).**

### PLAINTIFF MOVES THIS COURT TO REMAIN CONSISTENT
### THE PROVSIONS OF ARTICLE III, CONSTITUTIONAL RIGHTS DEMANDED

    **33.** As a matter of law the actual investors <u>who funded the Original loan must sign</u>

<u>Individually, under penalty of perjury</u>, **to ratify the commencement of this action.**  Defendants,

again, lacks standing to bring this matter before this court and **cannot ever evidence their**

**constitutional standing, as contemplated in Article III.**

### PLAINTIFF IS WITH COMMON LAW 7TH AMENDMENT
### DEMAND
### FOR
### JURY TRIAL DEMAND

    **34.** Defendants BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL

ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. as A successor

in interest to JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006 SP3, and ETS

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 16

SERVICES LLC **is proceeding as if rights were waived**. I have never waived any rights in this

matter, knowingly, intelligently or voluntarily, including my right to judicial due process, See

Brady v US; 397 US 742 at 748. **In addition, the Northwest Ordinance of 1787, in Article**

**Two, requires that no one shall be deprived of liberty or property without due process of**

**law.** The Northwest Ordinance is still applicable today in California for the reasons stated

previously.

**35.** I, Albina Tikhonov, again state I rely upon Haines v. Kerner, 404 US 519 (1972),

pursuant to the limitations imposed upon us and this Tribunal by Article I Section(s) 1, 2, 3, 4, 5,

6, 7, 8, 9, 10, 12, 15, 18, 19, 21 in particular and all others generally of the Constitution of the

State of California (1849 annotated) and the Fifth, Sixth and Seventh Amendments to the

Constitution of the United States of America, a......3rd the Northwest Ordinance of 1787 with

authority and unalienable right to sue **by amending her initial complaint to include the**

**unknown defendants ( named as Does 1-10, inclusive / defendants ) as mentioned in her**

**pleadings.**

**36.** Plaintiffs, ALBINA TIKHONOV (REAL PARTY INTEREST) request a jury trial

on all issues in this matter:

## FACTUAL ALLEGATIONS

**37. Plaintiff is the legally recognize owner of Title and Senior Principle Party in**

**Interest this civil action.** Plaintiff has a right, title and interest to the property and has the lawful

right to Service the Summons and FAC in this action on the following grounds;  On or about

sometime in July 2012, Defendants filed a motion to demurrer to Plaintiff Albina Tikhonov's

initial complaint for relief from wrong doing of a tenancy at sufferance by the collective hands

these named defendants. Plaintiff ALBINA TIKHONOV (REAL PARTY INTEREST) was a

induced into , making an agreement to modify the existing loan previous taken over as HDC

after her purchased of the real property at an lawfully conducted Trustee's Sale . She heavily

relied upon the honesty and integrity of the name of Defendant, JP MORGAN ("CHASE") to

THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** – 17

27. In 2009, Plaintiff discovered that the principal amount of her loan was steadily increasing each month, despite their paying the loan payment stated in the loan documentation as being required. Plaintiff contacted JP MORGAN ("CHASE") to inquire as to why the principal was increasing every month, but Defendants refused to speak to her about the issue.

28. Fearing that something had gone terribly wrong, Plaintiff contacted an attorney. It was during **that consultation, which occurred in 2009, that the true nature of the loan was discovered for the first time.**

29. Plaintiff was advised by the previous owner Ovsovich, an unmarried man who was the Original Trustor, that he executed and assigned the trustee's position to **CHICAGO TITLE A S TRUSTEE** at this time that the residential loan application submitted by LENDER NAMED ON THE FRONT OF THE NOTE & DEED OF TRUST at issue, and NO where does it mention the name of defendants as the lender. Lender is required to be indentified in this case at issue of fraud for the simple fact of the matter if the defendants were originally named as trustees and or the lender, than they are NOT the LENDER and are just a third party (creditor) claimant, and thus would not have any first hand personal knowledge who must then provided proof of claim asserted in the case before this court.

30. **In 2008 Plaintiff's mortgage was** accepted by **JP MORGAN CHASE BANK N.A., as trustee,** as successor in interest to MERS without the documentation or verification required by law, indicated that Plaintiff's loan she had been lured into **accepting was an adjustable rate loan, not a fixed rate loan as stated initially.**

31. On 2011, defendant ETS TRUSTEE SERVICES, LLC aka EXECUTIVE TRUSTEE SERVICES, LLC caused to be recorded in the Los Angeles County recorder's offices a Notice of Default and Election to Sell under Deed of Trust.

32. Defendant ETS TRUSTEE SERVICES, LLC aka EXECUTIVE TRUSTEE SERVICES, LLC as an alleged lawfully authorized trustee working under the scope of authority of defendants JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, and (MERS).

33. On 2011, defendant ETS TRUSTEE SERVICES, LLC aka EXECUTIVE TRUSTEE SERVICES, LLC caused to be recorded in the Los Angeles County recorder's offices a Notice of

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 18

1  Default and Election to Sell under Deed of Trust, without first obtaining legal authorization to do

2  business in the state of California.   A few months passed and a Notice of Trustee's Sale was

3  recorded upon the Property with a date of Trustee's Sale set for an upcoming date in August

4  2012.

5      Plaintiff request judicial notice of the attached **Exhibit" D"**- that **on the Notice of the**

6  **Trustee's Sale : the name of the Beneficiary is NOT the defendants named on the face of the**

7  **instruments of title in questioned  ( i.e. the DEED of TRUST & NOTE) , here in this my**

8  **FAC for relief to** quiet title and eviction of tenancy at sufferance continued by defendants and

9  their et al.

10                    **ON JULY 20TH, 2012,**

11          **PLAINTIFF RECEIVED NOTICE OF TRUSTEE SALE BY YET A NEW**

12      **CREDITOR/ THIRD PARTY MAKING CLAIMS AS THE REAL PARTY INTERST**

13  *NOW. Plaintiff attempted to reach an attorney as much as possible knowing the imminent threat,*

14  *but to no avail. SEE attached exhibit- "E"*

15      33.    Plaintiff became aware that A Trustee Sale Notice was recorded by this NEW

16  CLAIMANT on JULY 20TH, 2012, by U.S. Postal Mail Service.

17      34.    Plaintiff immediately mailed Her Notice to Cease & Desist ANY ALL ACTS

18          ADVERSE TO THAT OF HERS AS THE REAL PARTY IN INTEREST as successor in

19          interest to THE Original **Owner LEONID OVSOVICH**, but no result was

20          communicated to Plaintiff until one (1) day before the sale.

21      Plaintiff request that this court of law that notice that Plaintiff f was not made aware of

22  the mortgage loan may have been sold under a **security agreement with the FDIC in 2008⑧**

23

24  **SEE THE PURCHASE AGREEMENT OF THE DEFENDANT JP MORGAN CHASE.**

25  **MARKED EXHIBIT " F-1"**

26      (See the attached **EXHIBIT MARKED-"F"**- the *Defendants' JP MORGAN CHASE and*

27  *et al Executive Orders mailed out in 2002, 2003, 2007, 2009, 2010 to* by the (**U.S.**

28

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF - 19**

**Comptroller of the Currency Administrator of National Banks: OCC**

**ADVISORY LETTER)**

 Making the Defendants acts illegal and in violation of Penal 115(a): Fraudulent Recordation of title instruments without authorization to any such acts, by U.S. Postal Services with request for a Certified Returned Receipt from ALL DEFENDANTS NAMEND HEREIN HER **NOTICE OF DISPUTE AND DEMAND TO CEASE & DESIST**

35. The Property **has NOT BEEN sold to or by** Defendants as of to date.

36. On or about June 1, 2012, Plaintiff Albina caused Defendants to be served with a 3-Day notice to Vacate Property. **Under the tenancy at sufferance doctrine** and its parallel defense under tenant and landlord causes of actions to file a Unlawful Detainer Action to render these unauthorized intrusions to her title held in Fee Absolute – as evidenced by her executed, recorded and acknowledged **GRANT DEED. See Exhibit "A"**

37. On or about June 1, 2012, Defendants were served with an Unlawful Detainer Action bearing Los Angeles County Seal and summon.

38. Now Defendants, in completion of their plot and plan to cause financial harm to befall Plaintiff Albina Tikhonov, a senior citizen who should be enjoying the benefits of having worked her whole life, and to take the Property Plaintiff calls her home.
 The Defendants and their unknown associates **are planning to transfer** title to her property, and are threatening to have her and her family forcefully removed from her home.

 All acts do against the equitable rights held by Plaintiff , and all done without any such rights under California Law and  California Corporate Code 2105 (a) and other applicable statutes *enacted by Congress for the protection of good faith in business transaction with its citizens under the Bill of Rights*

///

**FIRST CAUSE OF ACTION**

**(Injunctive Relief To Set Aside NOTICED "Trustee Sale")**

**To ENJOINED ANEWLY ASSERTED CRDITOR BANK MAKING CLAIMS**

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 20

**AS THE REAL**

**PARTY IN INTEREST OF JP MORGAN CHASE'S POSTION in this case.)**

37. Plaintiff re-alleges and incorporates by reference the allegations in paragraph 1 through 36.

38. At all times relevant to this action, Plaintiff owned real property commonly known as 14713 Valleyheart Drive Sherman Oaks, in the County of Los Angeles, in the state of California (as defined above, the "Property").   Further described as Assessor's Parcel Number: 2263-021-013.

39. Defendants the BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. as a successor in interest to **JP MORGAN CHASE BANK N.A. as trustee** for RAAC 2006 SP3, and ETS SERVICES LLC, as trustee of the BANK OF NEW YORK TRUST COMPANY, N.A. ,and DOE Defendants 1 to 10, Inclusive, **claim to be the owner,** by virtue of a ASSIGNMENT as a **trustee only  and make no claim as to being the BENEFICARY.**

40. Defendant BANK OF NEW YORK TRUST COMPANY, N.A. is a foreign corporation charted in another states to do business as a matter of law,

Defendant BANK OF NEW YORK TRUST COMPANY, N.A. **is not** a corporation organized under *the laws of the State of California,* AND **is Not Authorized to engage** in the title insurance and/or trustee business as a trustee company within the State of California, Los Angeles County. BANK OF NEW YORK TRUST COMPANY, N.A , is not the trustee pursuant to the Deed Trust recorded and relied upon as the Defendants whole bases for asserted claims as being the real property in interest as referenced in the Notice Trustee Sale recorded and submitted by the Defendant BANK OF NEW YORK  TRUST COMPANY, N.A. , and their attorneys of record.

41. Defendant, ETS SERVICES LLC, as trustee is a foreign corporate entity organized under the laws of an unknown State, purporting to its corporate headquarters at 2255 North Ontario Street, Suite 400, Burbank, Ca 91504-3120. **This entity was responsible for filing and**

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 21

1  **recordation of all parts and procedures of the unlawful acts complained about herein by**

2  **Plaintiff Albina Tikhonov or otherwise Failed to acquire authorization** *from the originally*

3  named Trustee CHICAGO TITLE, at trustee. While the specific acts and omissions referenced

4  herein were committed by MERS and ETS SERVICES LLC, as trustee, liability therefore is

5  imputed upon JP MORGAN CHASE, as their successor in interest. MERS was NOT the lender

6  pursuant to the Deed of Trust recorded on 04/18/2006 as Instrument No. 06 0841080.

7      42. MERS is a foreign corporation allegedly a national banking association; it is not

8  authorized to do business in this state; it has an interest which would be affected by the

9  declaration of rights sought in this action.

10     43. Defendants all were and continue to do business in California without first obtaining

11 licensing as a foreign entity doing intrastate commerce banking, and within the County of Los

12 Angeles, state of California .

13     44. Plaintiff does not know the true names and capacities or basis for liability of defendants

14 sued as Doe 1 through Doe 20, Inclusive. Each fictitiously named Defendant is in some manner

15 liable to Plaintiff, or claims some right, title, or interest in the Property, or both.

16     45. Plaintiff, on behalf of the acquired interest of the previous owner of title borrower,

17 made, executed and delivered to CHICAGO TITLE, at assigned trustee for the beneficiary, a

18 written promissory note in the amount equal to the balance requested under said agreement.

19     46. To secure payment of the principal sum and interest as provided in the note and as part

20 of the same transaction, Plaintiff, NOW, a HDC discovered that the Previous Owner Mr.

21 OVSOVICH as Trustor, executed and delivered to MERS, the alleged beneficiary, a Deed of

22 Trust dated 04/18/2006.

23     47. MERS and ETS SERVICES LLC, as trustee, caused to be recorded a notice of default

24 and election to sell as Instrument No.; of Official Records of Los Angeles County, California,

25 alleging that a breach of the obligation secured by the deed of trust had occurred, consisting of

26 Plaintiff's alleged failure to pay certain monthly payments of principal and interest, and said

27 Defendant elected to sell, or cause to be sold, the trust property to satisfy that obligation.

28

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 22

48. Plaintiff alleges, on information and belief, that on or about the time as mentioned above acts were being committed in violation of California Foreclose Law(s) that would be applicable. Defendants failed to publish and post, or cause to be published and posted, at various times and at various places certain notices of their intent to sell the trust property at public auction, purportedly to satisfy the obligation secured by the deed of trust, on grounds of the alleged breach of the obligation and under the power of sale in the deed of trust. The notice of sale indicated a sale date of August 26, 2012 by A NEW ALLEGED PARTY IN INTEREST OF THE SAME DEED OF TRUST THAT IS BEING DISPUTED AND SOUGHT PAYMENT THEREOF BY THESE DEFENDANTS COLLECTIVE.

49. Defendant trustee attempted and purported to sell the property on soon SOMETIME IN August of 2012, accepted valuable consideration from Defendant MERS and ETS SERVICES LLC, as trustee of the BANK OF NEW YORK MELLON and JP MORGAN CHASE and then executed and delivered or caused to be executed and delivered a trustee deed to THIS NEWLY ASSERTED CLAIMANT, as trustee of the PAID NOTE AND DEED OF TRUST at issue.

50. Plaintiff alleges that **a sale would be improperly held and the trustee's deed** will be wrongfully executed, delivered and recorded in violation of the terms and conditions of the deed of trust and state law, and in violation of the duties and obligations of Defendants to Plaintiff, all to Plaintiff's loss and damage in that Plaintiff is at a very real risk of being wrongfully deprived of the beneficial use and enjoyment of the Property and has been deprived of legal title by forfeiture.

51. Plaintiff had believed that *she had finished negotiating a loan modification*, and up until the day she received NOTICE FROM THE NEW CLAIMANT on or about July 20th, 2012, of its intent to sell under the same deed of trust that Defendants named herein have asserted claim too as well. She had believed that ALL sales would have been postponed pending disclosure requested under Federal Debt collector's Act. Plaintiff was advised on the day before the sale of her home that the request for modification had been categorically denied, with no other explanation. **Such further evidences the conspiracy and plan of Defendants, and each**

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 23

1  of them, to take advantage of Plaintiff, who believed that she was abiding the system and
2  retaining help in order to defend her rights.

3      52.  Plaintiff contended that the actions of Defendants, and each of them, were willful,
4  intentional, carefully planned and thought out, with the purpose of obtaining profit and gain to
5  the detriment of Plaintiff, a senior citizen who has been severely taken advantage of and
6  financially abused.

7                          **SECOND CAUSE OF ACTION**
8                          **(To Cancel Trustee's Deed)**

9      53. Plaintiff re-alleges and incorporates by reference the allegations in paragraph 1 through
10  52.

11      54. Defendants MERS and ETS SERVICES LLC, as trustee of the BANK OF NEW
12  YORK MELLON and JP MORGAN CHASE, as trustee , and DOES1 to 20, Inclusive, claim an
13  estate or interest in real property described in plaintiff's original complaint and herein her first
14  amended complaint adverse to that of Plaintiff, but Defendant's claims are without right.
15  Defendant has no estate, right, title, or interest in the Property.

16      55. The claims of Defendants MERS and ETS SERVICES LLC, as trustee of the BANK
17  OF NEW YORK MELLON and JP MORGAN CHASE as trustee of the Plaintiff's acquired
18  obligation ( that appears to be paid in full, and these individuals are illegally attempting
19  fraudulently convey plaintiff's personal private , with the assistance of  unknown DOES 1 to 10,
20  Inclusive, are based on the trustee's deed purporting to have been executed by defendant ETS
21  SERVICES LLC, alleged trustee of the MERS, and DOES 1 to 10, Inclusive.

22      56. Although the trustee's deed may appear valid on its face, it is invalid and void/voidable,
23  and of no force or effect regarding Plaintiff's interest in the Property described in paragraph 2, for
24  the reasons set forth herein.

25      57. The interest in the described real property claimed by defendants and et al, is a cloud on
26  Plaintiff's title in and to the Property, tends to depreciate its market value, restricts Plaintiff's full
27  use and enjoyment of the Property, and hinders Plaintiff's right to unrestricted alienation of it. If
28  the trustee's deed is not delivered and canceled, there is a reasonable fear that Plaintiff will suffer

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 24

1  serious injury, as NO Unlawful Detainer action has begun as of yet, and Plaintiff is threatened

2  with the very real possibility of being forced to leave her home.

3      58. The conduct of Defendants, and each of them was deliberate, willful, purposeful, done

4  with blatant disregard of the financial and emotional ramifications that would surely befall

5  Plaintiff as a result of their conscious acts and omissions and was a proximate cause of Plaintiff

6  suffering damages in an amount to be proven at trial.

7                        **THIRD CAUSE OF ACTION**

8                            **(To Quiet Title)**

9      59. Plaintiff re-alleges and incorporates by reference the allegations in paragraph 1 through

10  58.

11      60. Plaintiff seeks to quiet title against the following claims of defendants: **MERS to** BANK

12  OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE

13  BANK OF NEW YORK TRUST COMPANY, N.A. as A successor in interest to JP MORGAN

14  CHASE BANK N.A. as trustee for RAAC 2006SP3

15      Defendant **LISA CLARK** and DOES 1 to 10, Inclusive, the purported new purchaser of

16  the Property, Defendant ETS SERVICES LLC, purported trustee, who was allegedly authorized

17  to conduct a foreclosure as agent for JP MORGAN CHASE BANK N.A. as trustee for RAAC

18  2006SP3 on the Property and Defendants MERS to BANK OF NEW YORK MELLON TRUST

19  COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST

20  COMPANY, N.A., as A successor who claim to be the holders of the original promissory note.

21  Defendants claims are without right and Defendants have n right, title, estate lien or interest in

22  the Property.

23      61. Plaintiff name as Defendants in this action all persons unknown claiming (a) any legal

24  or equitable right, title, estate, lien, or interest in the Property adverse to Plaintiff's title, or (b)

25  any cloud on Plaintiff's title to the Property. The claims of each unknown defendant are without

26  any right, and these defendants have no right, title, estate, lien or interest in the Property.

27      62. Plaintiff desires and is entitled to a judicial declaration quieting title in Plaintiff as of the

28  recordation of **the Notice of Default in 2008**, and restoring possession to Plaintiff.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 25

63. The conduct of Defendants, and each of them was deliberate, willful, purposeful, done with blatant disregard of the financial and emotional ramification that would surely befall Plaintiff as a result of their conscious acts and omissions, and was a proximate cause of Plaintiff suffering damages in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Accounting)

64. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 63.

65. **The amount of money still owed to Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. as a successor to beneficiary JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 is unknown to Plaintiff and cannot be determined without an accounting.**

66. Plaintiff demands judgment as follows:

a. That the Court issue a Declaration that the sale or any pending sell of the Property is null and void and of no force and effect, and an order setting aside the trustee sale of the Property.

b. That the Court (a) issue an order that MERS **to** BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. as A successor to JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, and DOES 1 to 10, Inclusive, deliver the trustee's deed to the Court and (b) cancel the trustee's deed.

c. That the Court order judgment quieting title to Plaintiff, as owner of the Property, declaring that ETS SERVICES LLC, as trustee BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, and DOES 1 to 10, Inclusive, has no right, title, estate, lien or interest in the Property adverse to Plaintiff.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 26

d. That the court render, between Plaintiff and Defendants, an accounting determining the amount, if any, actually owed to Defendants by Plaintiff.

## FIFTH CAUSE OF ACTION

### (Slander of Title)

67. Plaintiff re-alleges and incorporates by reference the allegations in paragraph 1 through 66.

68. The tort of Slander of Title involved the action of one who, without privilege or without justification to do so, publishes matter, which is untrue and disparaging to another's property in land.

69. Defendants, including Doe Defendants, purportedly acting as the agent of the "current" but unascertained beneficiary of the Deed of Trust, wrongfully and without privilege caused a Notice of Default to be recorded against the Property.

70. Later, one or more of the Defendants, including Doe Defendants, purportedly acting as the agent of the "current" but unascertained beneficiary of **Deed of Trust, wrongfully and without privilege, caused said Notice of Default to be served on Plaintiff.**

71. By doing the acts described above, Defendants, including Doe Defendants, slandered Plaintiff's title to the Property because California Civil Code 2924(a)(1)(c) was violated, and such acts were not privileged.

72. Pursuant to, among others, California Civil Code 2924(a)(1)(C), only the actual beneficiary of a Deed of Trust or its assignee may cause to be recorded against Property either Notice of Default or commence with a Trustee Sale.

73. None of the Defendants, including Doe Defendants, have proof that they are the holders of the Note.

74. The conduct of Defendants, and each of them, was deliberate, willful, purposeful, done with blatant disregard of the financial and emotional ramification that would surely befall Plaintiff as a result in an amount to be proven at trial.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF - 27**

75. Because Plaintiff's damages were the result of the unprotected and unlawful conduct and acts of Defendants, including Doe Defendants, Plaintiff is entitled to recover damages in an amount to be proven at a trial against Defendants, including Doe Defendants.

### SIXTH CAUSE OF ACTION

### (Fraud-Misrepresentation)

76. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 though 75.

77. **California Civil Code 1572** states that fraud exists when any of the following acts and situations occurs. Actual fraud consists I any of the following acts, committed by a party to the contract, or with his connivance, with intent to deceive another party:

a. The suggestion, as a fact, of that which is not, **IS one who does not Believe it to be true; second, the positive assertion, in a manner not warranted by the information of the person making it,** of that which is not true, though he believes it to be true; third. The suppression of that which is true, by one having knowledge or belief of the fact; fourth, a promise made without having any intention of performing it; or any other act fitted to deceive.

78. Defendants ETS SERVICES LLC, as trustee BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3,and its agents/employees, ( **Lisa Clark**) committed fraud by purposefully evading the use of Plaintiff's true income on Plaintiff's loan application to a level that would allow Plaintiff to qualify for the loan in an amount IN EXCESS OF $6000.00 per month, instead of the truthful and provided to defendants' agents at the time of negotiating a loan modifications, prior to discovering defendants slander of title issues.

79. Defendant JP MORGAN CHASE BANK N.A's agents had informed Plaintiff approximately two (2) weeks after they had submitted their loan application and documentation concerning her income, that the requested refinance had been denied by JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3. However, somehow Plaintiff was able to "change

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 28

the bank's mind" concerning the issue, and miraculously was able to give Plaintiff "a loan modification without disclosure of material facts of their authorized business practices in the state of California.

80. Plaintiff is informed and believes and thereupon allege that Defendants, BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, having the information concerning Plaintiff's income available to them, made a conscious decision to inflate the income of Plaintiff, changing a part time occupation of Plaintiff into a full time lucrative career with heavy bonuses being paid monthly, in order to "qualify" Plaintiff for the subject loans.

81. Defendants BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 had a responsibility, by well established law, to verify the financial status of Plaintiff, analyze the likelihood of Plaintiff's ability to repay the loans, not based on the minimum payment, but based upon the entire amortized payment, and determine, based on their knowledge, training and experience, whether or not the loan product was appropriate and suited for Plaintiff. Defendants represented that they had done this and Plaintiff was justified in believing that they had, and Plaintiff was financially destroyed as a result of that trust, belief and reliance.

82. Defendants, BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 committed fraud by violating California Civil Code 2924 et seq. in demanding sums they were not entitled to receive, for the sole and only purpose of personal profit.

83. Defendants, BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 committed fraud by knowing what the Plaintiff's intention was by requesting a refinance of their Property. Defendants, and

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 29

1  each of them, knew that the loans they were offering Plaintiff did not comport with Plaintiff's

2  loan modification desires. However, Defendants, and each of them, knowing the statements were

3  untrue, assured Plaintiff that the loan was: just what they had asked for." Plaintiff was justified in

4  believing Defendants, and was damaged as a result of that belief.

5      84. Defendants BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL

6  ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP

7  MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 **committed fraud** by preparing

8  loan documents that specifically indicated that the principal and interest loan payment would be

9  less than 2% interest per month.  BANK OF NEW YORK MELLON TRUST COMPANY,

10  NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of

11  the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, and each them,

12  represented to Plaintiff that if they paid this amount, the y would extinguish the loan in

13  compliance with the date set forth on the promissory note after thirty (30) years. Defendants

14  knew they made these statements, that in truth, if Plaintiff made those payments, over the stated

15  2% interest rate loan modification agreement would be added each month to the principal. The

16  Defendants never told Plaintiff this information, used the trust that defendant JP Morgan

17  CHASE's agent, representatives had "culminated" with Plaintiffs, in order to prey upon them and

18  take advantage of her. Plaintiff was justified in believing Defendants, and was damaged as a

19  result of such belief and trust.

20      85. Defendants' actions in this matter have been willful and knowing a/or with complete and

21  reckless disregard of the emotional or financial ramifications that would surely befall Plaintiff.

22  Defendants' actions were a direct result of a scheme to further gain financially by taking

23  advantage of senior citizens who quite frankly did not understand the intentionally confusing

24  legal jargon with which the loan documents were drafted.

25      86. Defendants MERS, LISA CLARK, an alleged assigned trustee ETS SERVICES, LLC,

26  and Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL

27  ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP

28  MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, conspired each with each other

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** – 30

1    in order to take advantage of Plaintiff, who was a senior citizen at the time the subject loan was

2    offered and Plaintiff was induced into accepting.

3        87. Plaintiff was reasonable in her reliance of the statements and representations made by

4    Defendants BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL

5    ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP

6    MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3.

7        88. Defendants MERS, LISA CLARK, an alleged assigned trustee ETS SERVICES, LLC,

8    and Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL

9    ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP

10   MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, 's conduct was intention,

11   despicable, willful, malicious, calculated and deliberate. It was their intention to cause financial

12   as well as emotional damage to befall Plaintiff in order that they profit.

### SEVENTH CAUSE OF ACTION

#### To Void Contract Based on

#### Impossibility of Performance

#### California Civil Code  1411, 1511, 1595 et seq.

17       89. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through

18   88.

19       90. Plaintiff was informed and believes, and based upon such information and belief allege,

20   that whereas the written contract has but a single object and such object is impossible to perform,

21   the entire contract is void.

22       91. Defendants, and each of them, together with any DOE Defendants claiming to be a holder

23   in the course of the Note knew, or should have known, based upon the actual income information

24   provided by Plaintiff to Defendants, MERS, LISA CLARK, and to the alleged assigned trustee

25   ETS SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST

26   COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST

27   COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3,, and

28   or DOE Defendants as well as information inserted by JP Morgan CHASE agents both

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 31

individually and as an authorized agent of Defendant ETS SERVICE LLC, BANK OF NEW YORK MELLON TRUST COMPANY . N.A. into the loan application, **Defendants, and each of them, knew, or should have known, that Plaintiffs, quality assurance technician and house wife, could never have performed in accordance with the terms set forth in the written contract over the life of the loan.**

92. Defendants, and each of them, knew or should have known that the written contract provided for a negative amortization payment schedule, and as such, as the payments were set forth, there was no way that the loan would be repaid by the date set forth in the Note.

93. Despite being in possession, at all times of the information noted above, Defendants, and each of them, together with any DOE Defendants claiming to be a holder in due course of the Note, produced and tendered the loan documentation to Plaintiff and sought to obtain the signature of Plaintiff upon all such documentation, knowing at the onset of the written contract that performance in accordance with the terms, was impossible.

94. Defendants, and each of them, knew or should have known that Plaintiff would be forced to refinance her home loan at some point in the future in order to pay off the loan in accordance with the repayment date set forth in the Note. However, **Defendants, and each of them knew that Plaintiff was a senior citizens at the time the loan was extended, and therefore would be unable to refinance her home in order to comply with the terms of the Note, given the fact that the number of years in which they would be able to work were very limited, being almost sixty (60) years of age at the time and plaintiff being a housewife.**

95. Given that at the time the modification loan documents and the original mortgage loan agreement she was now being qualified to take over payments with the Defendant JP Morgan CHASE as the beneficiary of said NOTE and DEED of TRUST, were executed by Plaintiff, it was impossible for Plaintiff to repay the loan in accordance with the date set forth on the Note, the Note was void at the time of its execution and an Order so stating should be issued by this Court.

## EIGHTH CAUSE OF ACTION

### To Void Contract Based on Unconscionable

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 32

### California Civil Code § 1670.5(a)

### (Against All Defendants)

96. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 95.

97. California Civil Code § 1670.5(a) states:

> If the court as a matter of law finds the contract or any contract clause of the contract to have been unconscionable at the time it was made, the court may refuse to enforce the contract within the unconscionable clause, or it may so limit the application of any Unconscionable clause as to avoid any unconscionable result.

98. The **original and any subsequently executed written contract governing the subject loan is unconscionable for the following reasons:**

• Defendants MERS, LISA CLARK, and to the alleged assigned trustee ETS SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 breached their fiduciary duty owed to Plaintiff by falsifying loan documents and thus engaging in fraud.

• Defendants MERS, LISA CLARK, and to the alleged assigned trustee ETS SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, knew Plaintiff would never have qualified for the loan they had wanted to extend to Plaintiff, based upon her true income, therefore they avoided the documentation, failed to verify Plaintiff's (*as a HDC under GRANT DEED executed between her and the original Trustor under agreement* ) income by "turning their head away", which was required by law and placed her in a Stated Income loan which was not available to wage earnings at the time the subject loan was funded.

• Defendants MERS, LISA CLARK, and to the alleged assigned trustee ETS SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 33

the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3essentially "promoted"

Plaintiff into a completely unauthorized and lucrative profession, without her knowledge or

consent, for the sole purpose of "closing the deal" and having her approved for a loan that they

knew, based on ALBINA TIKHONOV-(REAL PARTY IN INTEREST)'s true income,  he or she

**would never have been able to afford over the life of the loan.**

   • Defendants and each of them, including their respective agents, never explained to

Plaintiff the truth, that the mortgage payments could and would be more than what was

represented and stated in the Truth in Lending disclosure document.

   • The language which Defendant MERS, LISA CLARK, and to the alleged assigned trustee

ETS SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST

COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST

COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 used

**in the promissory note was incomprehensible, filled with legalese and filled with**

**unintelligible language, all designed to confuse the average English Speaking purchaser,**

and when coupled with an individual such as Plaintiff, it demonstrated the specific intent and

purpose of obscuring their rights and the unconscionableness of the contract.

    It was designed to insure that Plaintiff did not comprehend the true nature of the

agreement and the extraordinary costs that it contained. As a result, Plaintiff relied upon the oral

representations of the agents of Defendant, JP Morgan CHASE et al,  and the Truth in Lending

Disclosure.

   • The subject loan was a negative amortization loan, a fact which all Defendants through

their agents, affiliates and employees and independent contractors, conspired, each with each

other, to conceal and attempted to conceal from Plaintiff. Plaintiff believed she was paying the

amounts as due in the Truth in Lending Disclosure and that they would be able to liquidate or

extinguish the Promissory Note by the date stated in the Promissory Note. She further believed

that the payments, during the first portion of the repayment schedule, would further accomplish

this. However, the balance due on the loan increased rather than decreased.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 34

• The Plaintiff has been informed and believes and thereupon alleges that she would have qualified for a loan with better terms such as a fixed rate loan or a "safer" loan product.

• The Plaintiff would have been approved for a better loan with a fixed interest rate, instead of the exploding ARM UNDER BOTH THE ORIGINAL MORTGAGE LOAN TERMS & UNDER THE NEW LOAN MODIFICATION AGREEMENT MADE WITH DEFENDANT prior to filing this FAC, **she was lured into accepting.**

• The loan extended to Plaintiff was generally extended to those people with much worse credit and foreclosures in her history, not for potential borrowers with the stellar credit scores of the Plaintiff, who was able to purchase the original owners real property interest in the subject property from a lawfully conducted TRUSTEES'SALE Auction.  *A Cash purchaser.*

•The Defendants knew that the loans were exactly opposite of what Plaintiff had requested, specifically, a lower interest rate, lower payments and possibly cash out to perform some home improvements. Instead she was lured into accepting a loan with a false "teaser rate" of interest, which later soared into an exploding ARM,  unknown to be either  subjected  to negative amortization and or 6 month labor indexed rate loan , which added over $4,400 each month to the principle balance.

•Defendants MERS, LISA CLARK, and to the alleged assigned trustee ETS SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 preyed upon the trust of Plaintiff, and took advantage **of her elderly status** in order to **confuse her,** lie to **her,** and thus **deceive her** into accepting a loan which was completely contrary **to her financial condition** and needs for the sole purpose of profit.

99. Defendants' action in this matter has been willful and knowing and/or with complete and reckless disregard of the emotional or financial ramifications that would surely befall Plaintiff.

### NINETH CAUSE OF ACTION

**Contractual Breach of Implied Covenant of Good Faith and Fair Dealing**

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF - 35**

**(Against all Defendants)**

100. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 99.

101. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing required that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party who receive **the benefit of Her agreement**. The covenant implies that in all contracts each party will do all things reasonably contemplated by the term of contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

102. The terms of the Promissory Note and the Deed of Trust imposed upon Defendants MERS, LISA CLARK, and to the alleged assigned trustee ETS SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 and/or assign, a duty of good faith and fair dealing in this matter.

103. Defendants enjoyed substantial discretionary power affecting the rights of Plaintiff during the events alleged in this Complaint. **Defendants were required to exercise such power in good faith.**

104. Defendants willfully breached their implied covenant of good faith and fair dealing with Plaintiff when Defendants:

   i. **Failed to provide all of the proper disclosures;**

   ii. **Did not provide an accurate Truth In Lending Disclosure on the Option ARM mortgage;**

   iii. **Placing Plaintiff into a loan whereby it was likely the Plaintiff would default or incur bankruptcy as a result of the loan and it was reasonable foreseeable that such would occur;**

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 36

iv. Offering a product that was not suited to the financial circumstances and status of Plaintiff

v. Falsified loan documentation in order to "close a deal" to the detriment of Plaintiff;

vi. Placing Plaintiff into a stated income loan whereby the Plaintiff could be liable for actions that the Plaintiff is unaware of;

vii. Placing Plaintiff into a loan with a significantly higher monthly payment in order to receive a Yield Spread Premium;

viii. Fraudulently inducing Plaintiff to enter into a mortgage transaction which was contrary to Plaintiff's stated intentions, contrary to her interest, and contrary to the preservation of her home;

ix. Placing Plaintiff into a loan without a realistic tests of the ability of the Plaintiff to repay the loan; and

x. Using the reminiscent and easily confused nature of elderly senior citizens in order to culminate "trust" and "friendship" for the sole purpose of using undue influence to financially take advantage of Plaintiff.

105. As a result of Defendants' breach of this covenant, Plaintiff has suffered injury and will cause Plaintiff to suffer the loss of her home and threatening loss of possession of her home. Plaintiff has incurred and continues to incur attorney's fees and other costs and expense to right this wrong.

106. Defendants' actions in this matter have been willful, knowing, malicious, fraudulent and oppressive, entitling Plaintiff to punitive damages in an amount appropriate to punish Defendants and to deter others from engaging in the same behavior.

### TENTH CAUSE OF ACTION

### Violation of California Civil Code § 1920 and 1921

### (Against All Defendants)

107. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 106.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 37

108. Based on information and belief, Plaintiff alleges that Defendants, and each of them, violated California Civil Code section 1921.

109. As a proximate result of Defendants' action Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

### ELEVENTH CAUSE OF ACTION

### Violation of California Civil Code §1916.7

### (Against Defendants)

110. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 109.

111. Based on information and belief, Plaintiff alleges that Defendants, and each of them, violated California Civil Code § 1916.7 in failing to provide the disclosure notice required by 1916.7, in a timely manner.

112. Plaintiff was not fully informed of the terms, pros, cons and risk of her adjustable rate mortgage and other loan options that might have been more beneficial to her as a borrower.

113. As a result, Defendants' actions, the loan are rescindable pursuant to §1916.7.

(A1) 6500-FDIC Consumer Protection,  §226.17 and § 226.23 Right of rescission

"In a credit transaction in which a security interest is or will be

Retained or acquired in a consumer's principle dwelling,".

**(A1) 6500 - FDIC Consumer Protection, § 226.17 § 226.23 Right of rescission "In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership is or will be subject to the security interest has the right to rescind the transaction. Lenders are required to deliver two copies of the notice of the right to rescind and one copy of the disclosure statement to each consumer entitled to rescind." The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**

**(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**

**(ii) The consumer's right to rescind the transaction.**

**(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 38

**(iv)** The effects of rescission, as described in paragraph (d) of this section.
**(v)** The date the rescission period expires.

**A2)** **Code Of Civil Procedure Section 337.3.** An action based upon the rescission of a contract in writing. The time begins to run from the date upon which the facts that entitle the aggrieved party to rescind occurred. Where the ground for rescission is fraud or mistake, the time does not begin to run until the discovery by the aggrieved party of the facts constituting the fraud or mistake. The time does not begin to run until the representation becomes false.

**(B1)** **12 C.F.R. 226.23(a)(3).** Failure to make clear, conspicuous, and accurate material disclosures also triggers an extended right of rescission. Material disclosures include the: (1) annual percentage rate, (2) finance charge, (3) amount financed, (4) total payments, (5) or payment schedule.

**(B2)** **Truth In Lending Act (15 USC 1601 et seq.).** The purpose of TILA is to promote the informed use of consumer credit by requiring disclosures about its terms, cost to standardize the manner in which costs associated with borrowing are calculated and disclosed. TILA requires uniform or standardized disclosure of costs and charges so that consumers can shop and compare. Misleading or misrepresentation of those charges voids the consumer's ability to shop for comparable loan products that may be available through other lenders. The regulation prohibits certain acts or practices in connection with credit secured by a consumer's principal dwelling.

**(B3)** **6500 - FDIC Consumer Protection § 226.19 Certain** residential mortgage and variable-rate transactions (2) Re-disclosure required. If the annual percentage rate at the time of consummation varies from the annual percentage rate disclosed earlier by more than 1/8 of 1 percentage point in a regular transaction or more than 1/4 of 1 percentage point in an irregular transaction, as defined in § 226.22. the creditor shall disclose all the changed terms no later than consummation or settlement. Credit secured by real property or a dwelling. The disclosed finance charge is considered accurate if it does not vary from the actual finance charge by more than $100 or $35 if foreclosure proceedings have been initiated.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** – 39

114. As a proximate result of Defendants' actions Plaintiff has been damaged in an amount not yet ascertained, to be proven at trial.

### TWELFTH CAUSE OF ACTION

### Rescission/Cancellation

### (Against all Defendants)

115. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 114.

116. Plaintiffs allege that the loan was obtained by Defendants, and each of the, through mistake and fraud by engaging in deceptive practices as alleged herein.

117. Defendants, and each of them, with the intent to deceive Plaintiff to consent to the loan, knew or should have known Plaintiff was not capable of understanding or comprehending the true cost of the loan; and which Defendants, and each of them, did fraudulently conceal from **Plaintiff that she was at risk of losing her home.**

118. The active misrepresentation of Defendants, and each of them and their silence and deceit, were false and fraudulent.

119. At the time Defendants MERS, LISA CLARK, and to the alleged assigned trustee ETS SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, and each of them, made the misrepresentation and engaged a conspiracy to conceal and deceive as herein alleged, and at the time Plaintiff applied for the loans, Plaintiff did not know that the misrepresentation, deceit and inducements by Defendants and each of them, were false and fraudulent, but instead believed them to be truthful and reasonably relied on them, thereby entering into the **loan transaction without the benefit of true facts**, and by coercion and mistake.

120. As a result of the fraudulent misrepresentations and deceit by Defendants and each of them, Plaintiff has incurred substantial financial damages as herein alleged. Plaintiff hereupon serves notice of her *demand for recessionary damages on the grounds of fraudulent*

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 40

*misrepresentations, deceit and mistake by Defendants*, and each of them as alleged herein. To the extent that Plaintiff's as HDC of the original Trustor's obligation/ mortgage /loan transaction documents contain **an exculpatory clause in favor of Defendants**, and each of them purporting to release Defendants, and each of the from their own fraud, Plaintiff alleges that such a clause in unenforceable pursuant to Civil Code §1668 and other applicable law.

121. Plaintiff hereby demand restitution from Defendants, and each of them, in an amount that will restore Plaintiff to a position she would have been in had the Defendants and each of them, not engaged in the willful, intentional and purposeful conduct herein alleged. Plaintiff further alleged that Defendants and each of them to the Plaintiff.

**THIRTEENTH CAUSE OF ACTION**

**Unfair Business Practices**

**(Against All Defendants)**

122. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 121.

123. **California Business and Professions Code § 17200 prohibits** any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Business and Professions Code §17500, et seq.

124. California Business and Professions Code § 17500, et seq. *Prohibits the making if a statement or a publication or declaration concerning any circumstances or matter of fact connected with the proposed performance or disposition of real or personal property, which pronouncement is untrue or misleading, and which if known, or which by the exercise of reasonable care should be known, to be untrue or misleading.*

125. Defendants MERS, LISA CLARK, and to the alleged assigned trustee ETS SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 and each of them, have committed acts of unfair business practices defined by California Business and Professions Code 17200, et seq. by engaging in acts and practices as alleged above, including but not limited to:

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 41

1 continuously **violating RESPA and the Truth- In- Lending Act**, using bait and switch tactics;

2 making loans without providing borrowers with sufficient, accurate and understandable

3 information regarding the terms and conditions of the loan; making loans without providing

4 borrowers with sufficient, accurate and understandable information regarding the nature and

5 extent of the financial risk being assumed by the borrowers; and making loans based on income

6 **information they themselves inflated in order to "close the loan."**

7      126. The acts all as alleged above violate California Business and Profession Code  §17200,

8 et seq. in the manner alleged above, and, based on information and belief, in the following

9 further respects: the conduct of Defendants and each of them, threatens and caplet violation of

10 various consumer protection statues, or which violate the policy or spirit of such laws, including,

11 but not limited to, **California Business and Professions Code  §§10130 and 17500, California**

12 **Civil Code §§§§§§ 1709, 1710, 1711, 1770, 1920 and 1921 and 1639 of Title 15 of the United**

13 **States Codes, together with Regulation Z, 12 C.F.R. 226.1.**

14      127. As a direct and proximate result of the aforementioned acts, by Defendants and each of

15 them, Plaintiff sustained damages in an amount not yet ascertained to be proven at trial.

16                          **FOURTEENTH CAUSE OF ACTION**

17                               **Breach of Fiduciary Duty**

18    **(Against Defendants MERS, LISA CLARK, and to the alleged assigned trustee ETS**

19 **SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST**

20 **COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST**

21 **COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3)**

22      128. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through

23 127.

24      129. At all times relevant, Defendant, through their agents, including but not limited to,

25 Defendant MERS, LISA CLARK, and to the alleged assigned trustee ETS SERVICES, LLC,

26 along with Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL

27 ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP

28 MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, created, accepted and acted in a

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 42

**fiduciary relationship of great trust and acted for and were the processors of Property for the benefit of Plaintiff.**

130. Defendants, and each of the, breached their fiduciary duties owed to Plaintiff as they have acted and continue to act for their own benefit and to the detriment of Plaintiff. Among other things, they have placed and negotiated loans without due care to the best interest of Plaintiff and for the protection of their rights.

131. Defendants, and each of them, breached their fiduciary duty owed to Plaintiff by violating California Civil Code §2924f in extorting and demanding sums they were not entitled **to receive by charging "junk fees" and utilizing a "yield spread" scheme.**

132. Defendants and each of them breached their fiduciary duty owed to Plaintiff by luring Plaintiff into a loan and then requiring performance under a loan document which was intentionally incomprehensible **and filled with legalese**. The Defendants also concealed the true nature and terms by providing a "disclosure" of what the "loan payment" would be, knowing at the time made such statements, that is Plaintiff in fact made those stated payments, the negative amortization feature of the loan would cause thousands of dollars to be added t the principal each month, effectively drowning Plaintiff in a sea of debt that, **based on the current income which Plaintiff provided to Defendants, they knew she would never escape from.**

This *incomprehensibility was intended to insure that the Plaintiff did not comprehend its terms, which in turn permitted the Defendants and their successors to mislead the Plaintiff nd thereby financially profit from its terms.* The Defendants and each of them continued this action by demanding performance and payment of money, justifying these demands by the incomprehensible language of the subject loan.

133. Defendants and each of them, breached their fiduciary duty owed to Plaintiff by violating the accurate disclosure requirements of the loan and by failing to comply with the Federal Truth in Lending Act (15 U.S.C §§ 1601-1666) and with the Act's corresponding Regulation Z (24 C.F.R §§ 3500.1-3500.17) and thereafter by willfully failing and refusing after demand made to correct these inaccuracies.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** – 43

134. Defendants and each of them breached their fiduciary duty owed to Plaintiff by concealing from Plaintiff that the subject loan was a negative amortization loan. **They concealed from the Plaintiff the fact that this loan could never be paid off by its terms by the payments as set forth in the Truth in Lending Disclosure, thus forcing Plaintiff to lose her home, because, as a result of her age, refinancing her property might not be an option.**

135. Defendants and each of them breached their fiduciary duty owed to Plaintiff by luring Plaintiff into more expensive and higher interest rate loan than what she would have qualified for, and lied to the Plaintiff in doing so.

136. Defendants ad each of them, breached their fiduciary duty owed to Plaintiff by placing them into a no income program  and or a  six month labor program loan, knowing that such loan was not available to them as a wage earner, thus exposing them to liability for future actions.

137. Defendants and each of them, breached their fiduciary duty owed to Plaintiff by intentionally placing them into a loan program without any realistic test as to their ability to repay the loan, knowing that they themselves inflated he or  her true income to a level that they knew Plaintiff would never obtain, given the profession of Plaintiff ALBINA TIKHONOV- (REAL PARTY IN INTEREST) and the age of the Plaintiff, thus meaning that her working years were coming to an end, in order to "seal the deal" and profit from the transaction, **to the detriment of both the original Trustor and Plaintiff Albina Tikhonov Real party in interest HDC .**

138. **The conduct of Defendants, and each of them, was willful, intentional, purposeful, and done with the sole intention to profit, to the detriment of Plaintiff.**

139. As a consequence and proximate result of the aforementioned acts and breach of their fiduciary duties, by Defendants and each of them, Plaintiff sustained damages in an amount not yet ascertained to be proven at trial.

140. The conduct of Defendants and each of them as herein alleged was a substantial factor in causing the damages sustained by Plaintiff and as a direct, proximate and legal result of the above alleged breach of fiduciary duty. Plaintiff has suffered and will continue to suffer

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 44

damages in an amount not yet ascertained to be proven at trial, including, but not limited to, damages for loss of property, money, and damages for emotional distress.

141. Defendants, and each of them **are guilty of malice, fraud or oppression, as defined in California Civil Code §3294, and Plaintiff should therefore recover**, in addition to actual damages, damages to make an example of and punish Defendants and each of them.

### FIFTEENTH CAUSE OF ACTION

### Elder Abuse

### California Welfare and Institutions Code Section 15600, et seq.

### (Against All Defendants)

142. Plaintiff re-alleges and incorporates and by reference the allegations in the paragraphs 1 through 141.

143. Plaintiff, ALBINA TIKHONOV-(REAL PARTY IN INTEREST as successor to the original Owner /Trustor were both approximately 60 years old or older at the time the subject loan was extended and accepted. As such, in accordance with **California Welfare and Instructions Code §15610.27, he was a senior citizen and is therefore, afforded special protections** under the laws of the State of California.

144. Plaintiff, was born in Russia, and was approximately 60 at the time the subject loan was extended and accepted.

145. California Welfare and Institutions Code §15610.30(a) **defines financial abuse as the taking of real or personal property with an intent to defraud. Civil remedies are sometimes available under California Welfare and Instructions Code 15657.03.**

146. In addition, California Civil Code §525 known as the **California Consumer Legal Remedies Act, which can be used in conjunction with all other legal remedies, specifies unfair methods of competition and unfair if deceptive acts and practices for the sale of goods** or services to consumers, and includes specific enhanced penalties and protections for seniors as indicated in California Civil Code § 1770(a)(23). **California Civil Code § 3345 also**

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 45

1  provides the recovery of treble damages as a result of unfair or deceptive practices against

2  senior citizens.

3      147. Defendants, MERS, LISA CLARK, and to the alleged assigned trustee ETS

4  SERVICES, LLC, along with Defendant BANK OF NEW YORK MELLON TRUST

5  COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST

6  COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3,

7  based the subject loan on the Plaintiff's home equity, as opposed to her ability to repay the loan,

8  in conscious disregard of their duties to **Plaintiff as well as to the American economy in**

9  **general.**

10      148. Defendant ETS SERVICES, LLC and Defendant BANK OF NEW YORK MELLON

11  TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST

12  COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3 first

13  made the conscious decision to "close the deal" with regard to securing the Property of Plaintiff

14  by way of a Deed of Trust at whatever cost.

15      149. Defendants BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL

16  ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP

17  MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, with the cooperation, support

18  and ratification of Defendants MERS, LISA CLARK, made the conscious decision that despite

19  the stated intentions of Plaintiff as to the loan product desired, to **"win over" the confidence of**

20  **Plaintiff by engaging her reminiscent conversation regarding family and native country of**

21  **Russia , in order to befriend Plaintiff and cultivate trust.**

22      150. Defendant MERS, LISA CLARK, with the cooperation, support and ratification of

23  Defendants ETS SERVICES, LLC and Defendant BANK OF NEW YORK MELLON TRUST

24  COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST

25  COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3,

26  made the conscious decision that she was going to convince Plaintiff of her knowledge of the

27  loan markets at the time and convince Plaintiff that she would "look out for their interest" and get

28  them "exactly what they asked for" with regard to a specific loan product.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** – 46

151. Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A., with the cooperation, support and ratification of Defendant JP MORGAN CHASE BANK N.A., realized that based on the true income of Plaintiff, she would not be able to get the Plaintiff approved for the particular loan product she wanted them to sign off on Therefore, after thought and consideration as to the possible solutions, she made the conscious decision, and such decision was ratified by Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A., that with the incentive of additional profits and financial gains, she would place Plaintiff into a no documentation/stated income loan in order to inflate the income of Plaintiff from the true income per month to month  in order to "approve" Plaintiff for the negative amortization loan product which offered a yield spread premium **JP MORGAN CHASE BANK N.A.** , did this despite having the true income as indicated by income tax records and pay stubs available to her. True income likely would have resulted in denial of the loan.

152. Defendant Defendants ETS SERVICES, LLC, with the cooperation, support ratification of Defendants MERS, LISA CLARK, with the cooperation, support and ratification of and Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, made the conscious decision that she would hide from Plaintiff the true nature of the loan, so as to ensure that they were not aware of what they were in fact agreeing to, for the sole purpose of procuring her commission.

153. Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, made the conscious decision the despite requirement to the contrary, after receiving the loan documentation of Plaintiff created by Defendant JP MORGAN CHASE BANK N.A. as trustee with the cooperation, support and ratification of Defendant MERS, AND LIS CLARK made the conscious decision to ignore the

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** -- 47

fact that verification of income had not been made and even failed to verify themselves, any information of Plaintiff as to whether the loan should be approved. Their motivation was to secure the Property of the senior citizen Plaintiff upon foreclosure, who they knew were making further improvements on the Property, in order to secure addition profit, at the expense of the Plaintiff.

154. Defendant JP MORGAN CHASE BANK N.A. as trustee, made the conscious decision to work with Defendant MERS, LISA CLARK, and Defendant ETS SERVICE, LLC, that the Plaintiff would be figuratively left in the dark as to the true nature and exploding costs of the loan, so as to ensure that Plaintiff would sign their names upon the loan documents. Plaintiff counted on the abilities of Defendant **MERS, LISA CLARK and ETS SERVICE, LLC to be** able to assure Plaintiff that they were getting exactly what they had stated they wanted, so as to ensure that the signatures of Plaintiff would be affixed to the loan documents.

155. The "originating" Defendants received their unjust enrichment in the form of yield spread premiums and inflated cost and simply waited patiently until Plaintiff inevitable default on the loan. At such time their plan would come to fruition and they would be able to sell the Property at a foreclosure auction, likely to return to a party within the Defendants' fraudulent scheme.

156. Once the counted on default occurred, defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, made the conscious decision to ignore the attempts on the part of Plaintiff to work out a restructure or modification to the loan. Preventing foreclosure was never their intention; they were counting on the foreclosure. Once default occurred, they were quick to act and foreclose on the Property.

157. Defendants acts were willful, shameless, deliberate, calculated, scheming, intentional, and done with complete and total disregard for the financial and emotional harm that would befall the Plaintiff, despite her protected status of senior citizen.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 48

158. Plaintiff had no reason to believe that they would be taken advantage of. Her life has been turned upside down, in this, what is supposed to be, their golden years.

159. Plaintiff is entitled to recover punitive and exemplary damages in addition to attorney's fees and costs of their suit incurred as a result of Defendants actions as hereinabove set forth.

### SIXTEENTH CAUSE OF ACTION

### Conspiracy

**(Against** MERS, LISA CLARK (*alleged Secretary of MERS*), and ETS SERVICE, LLC; BANK OF New York MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF New York TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3and DOE Defendants 1-10 Inclusive)

165. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 164.

166. The actions of Defendants and each of them which has resulted in Plaintiff now being faced with the possibility of losing the Property forever, the very Property **that Plaintiff has called home, the Property she worked her entire life to achieve, constitutes outrageous conduct.**

167. Defendants and each of them, knowingly, intentionally, purposefully, and with complete disregard for the consequences which befall Plaintiff committed these act with reckless disregard of the probability of causing Plaintiff to suffer emotional distress.

168. The acts of Defendants as herein above described and each of them, have resulted in Plaintiff suffering severe anxiety, asthma, nervousness, depression, fewer, diabetes aggregation, insecurity and extreme emotional distress.

169. The outrageous conduct of Defendants as herein above described and each of them, which was, in by no stretch of the imagination privileged, is the actual and proximate cause of the severe emotional distress suffered by Plaintiff. Plaintiff, who thought they could trust Defendants **MERS, LISA CLARK and ETS SERVICE, LLC** due to their fiduciary relationship and seemingly close "friendship" with Defendant **ETS SERVICE, LLC ;** BANK

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 49

1  OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE

2  BANK OF New York TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as

3  trustee for RAAC 2006SP3, relied on the expertise and training of Defendants to guide them in

4  this extremely important decision of the refinance of their home, only to be deceived, lied to,

5  victimized by theft, deliberately subjected to a situation wherein Plaintiff would be forced to

6  incur additional fees and expenses in order to overcome, targeted for predatory loan tactics, taken

7  advantage of and now being faced with losing her home, have all caused Plaintiff extreme

8  emotional distress.

9      170. Despite legislation enacted by the State of California to the contrary, Defendants and

10  each of them, refused to finalize a loan modification in order to cure the default status of the

11  Property, sold the Property at Trustee's Sale and now have initiated and unlawful detainer action

12  for the sole purpose of forcing Plaintiff to leave their home.

13      171. The conduct of Defendants as herein above described, and each of them, was so vile,

14  base, contemptible, miserable, wretched and loathsome that it would be looked down upon and

15  despised by ordinary people. The conduct of Defendants, committed intentionally against senior

16  citizens, is shocking and vulgar. The conduct and actions **of Defendant and each of them, as**

17  **hereinabove described, was done as result of greed, with the sole and only purpose and**

18  **intent to enjoy unjust profits and monetary enrichment at Plaintiff's expense.** Plaintiff is

19  therefore entitled to punitive damages in an amount appropriate to punish Defendants and to

20  deter others from engaging in similar conduct.

21                              **EIGHTEENTH CAUSE OF ACTION**

22                                      **Injunctive Relief**

23                                  **(Against all Defendants)**

24      172. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through

25  171.

26      173. Plaintiff is entitled to injunctive relief in this matter based upon the fact that neither of

27  the Defendants attempting to singularly or collectively foreclose on the Property is the real party

28  in interest in the foreclosure proceeding nor can they be the real party in interest in defending this

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 50

1    action. Only the real party in interest can prosecute or defend a lawsuit and moreover, only the

2    real party in interest can proceed with a judicial foreclosure. Plaintiff is informed and believes

3    and thereon alleges that neither of the Defendants is the holder of the note on the Property.

4    Therefore, neither of the Defendants has the right to proceed with a foreclosure on the Property

5    and the Defendants should be enjoined from proceeding with a foreclosure without producing the

6    original note and moreover establishing that they are holders of the note

7    174. Defendants and each of them. Have failed to make good faith reasonable efforts to

8    attempt to make a mortgage workout plan between Plaintiff and Defendants, all of which would

9    have worked out to Defendants' advantage and given them adequate protection of their interest in

10   the Property. Such failure and refusal to act in good faith by defendants is manifested by:

11          (1) Failure to follow California Civil Code 2924, et. Seq. in dealing with Plaintiff;

12          (2) Failure and refusal to comply with debt collection practice laws of the State of

13   California in attempting to collect a debt and the federal equivalent of said laws.

## NINETEENTH CAUSE OF ACTION

### Declatory Relief

### (Against all Defendants)

17   175. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1

18   through 174.

19   176. **An actual controversy has risen and now exists between Plaintiff and Defendants,**

20   **regarding their respective right and duties concerning the status and validity of the loan**

21   **and Promissory Notes, the Deeds of trust, nominated beneficiaries on the Deeds of Trust,**

22   **actual beneficiaries, loan servicers, and the foreclosure process in that Plaintiff contends**

23   **that Defendants do not have the right to foreclose on the Subject Property because**

24   **Defendants do not have possession of the original Promissory Note and that the purported**

25   **power of sale contained in the Deed of Trust no longer applies, pursuant to California Civil**

26   **Code § 2932.5**

27

28

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 51

177. Plaintiff request that this Court find that the purported power of sale contained the Deeds Trust is of no force and effect because Defendants' security interest in the Property has been rendered void.

178. Plaintiff further request that this Court find that the Defendants are not the holder in due course oft the Promissory Notes.

179. A judicial declaration is necessary and appropriate at this time and under these circumstances in order, so that the Plaintiff may ascertain her rights and duties and avoid loss of possession of her home through the AN ALLEGED RIGHT TO ENFORCE AN unlawful detainer action filed by Defendants THE BANK OF New York MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF New York TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3

180. As a result of the actions of Defendants, Plaintiff has suffered damages according to proof and seeks declaratory relief that Defendants did not have a right to foreclose and that Defendants' purported power of sale in the Deed of Trust is void and have no force or effect against the Property.

181. Defendants' actions in this matter have been willful and knowing.

## TWENTIETH CAUSE OF ACTION

### Violation of Cal. Civ. Code 1632

### (Against Defendants [ ])

182. Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

183. California Civil Code  §1632 provides that any person engaged in a trade or business who negotiates primarily in Spanish, Russian , Chinese, Tagalong, Armenian, Vietnamese, or Korean, etc.., orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 52

184. Under this Violation of California Civil Code section, **Plaintiff has the legal right to rescind such loans.**

## PUNITIVE DAMAGES

185. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 184.

186. Plaintiff allege that **Defendants, and each of them, are guilty of malice, fraud and oppression as defined by California Civil Code § 3294, and that Plaintiff should recover,** in addition to actual damages, damages to make an example of and punish Defendants and each of them for their action.

## PRAYER

WHEREFORE, Plaintiff pray judgment as follows:

1. That the Court issue a Declaration that the sale of the trust Property is null and void and of no force and effect; and an order setting aside the trustee sale of the Property.

2. That the Court: (a) issue an order that Defendant MERS, LISA CLARK, with the cooperation, support and ratification of and Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, and DOES 1 to 10, Inclusive, deliver the trustee's deed to the Court and (b) cancel the trustee's deed.

3. That the Court order judgment quieting title in Plaintiff ALBINA TIKHONOV ( the REAL PARTY in INTEREST), as owners of the Property, declaring that MERS, LISA CLARK, with the cooperation, support and ratification of and Defendant BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. of the JP MORGAN CHASE BANK N.A. as trustee for RAAC 2006SP3, and DOES 1 to 10, Inclusive, have no right, title, estate, lien or interest in the Property adverse to Plaintiff and order that Plaintiff be restored to possession of the Property.

4. That the Court render, between Plaintiff and Defendants, an accounting determining the amount, if any, actually owed to Defendants by Plaintiff.

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF** - 53

5. **That Defendants render proof of existence of their alleged note and security interest on the Property.**

6. That Plaintiff ALBINA TIKHONOV (REAL PARTY INTEREST) be declared the prevailing parties.

7. For attorney fees and cost of suit.

8. For general and special damages.

9. For punitive damages.

10. For such other and further relief as the Court may deem proper.

**Dated: July 25, 2012**

By:  Albina Tikhonov- (Real Party in Interest)

Third Party Intervener

In pro per

**Verification**

I, ALBINA TIKHONOV, am a Plaintiff in the above-entitled matter. I have read the Foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except those matters which are herein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 25th, day of July, 2012 at Los Angeles, California.

By:  Albina Tikhonov

Declarant

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR INJUNCTIVE RELIEF - 54**

# MARKED EXHIBIT "A"

# (The "GRANT DEED")

- a true and correct copy of that recorded GRANT DEED- prima facie evidence **of Plaintiff's a**

**Free and Clear Ownership that CAN NOT BE DISPUTED BY** defendants as the fact of the

matter at issue

*Defendants Lost their Right to Dispute After proper Trustee's Sale was Publicly Noticed in 2008*

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF – 55**

RECORDING REQUESTED BY:

MAIL TAX STATEMENTS AND
WHEN RECORDED MAIL TO:

ALBINA TIKHONOV
14713 VALLEYHEART DRIVE
SHERMAN OAKS, CA 91403

Order No.:
Escrow No.:
APN: 2263-021-013

07/09/08

**20081215761**

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

# GRANT DEED

"THIS IS A BONAFIDE GIFT AND THE GRANTOR
RECEIVED NOTHING IN RETURN, R & T 1911"

THE UNDERSIGNED GRANTOR(S) DECLARE(S):

DOCUMENTARY TRANSFER TAX IS $_____ 0

_____ Computed on full value of property conveyed, or
_____ Computed on full value less liens and encumbrances remaining at time of sale.
_____ Unincorporated area _____ City of _____ Akselrod

For valuable consideration, receipt of which is hereby acknowledged, BORIS AND PAULINE AKSELROD, TRUSTEES OF THE AKSELROD REVOCABLE FAMILY TRUST UTD JANUARY 24, 2000.

hereby GRANT(S) to ALBINA TIKHONOV

the real property situated in the County of  LOS ANGELES, State of California, more particularly described AS FOLLOWS:

LOT 15, BLOCK 27 OF TRACT NO. 7307, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85 PAGES 1 THROUGH 5 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ALSO KNOWN AS: 14713 VALLEYHEART DRIVE,  SHERMAN OAKS, CA 91403.

"THIS IS A BONAFIDE GIFT AND THE GRANTOR RECEIVED NOTHING IN RETURN, R&T 1911"

Dated: JULY 2, 2008

BORIS AKSELROD

PAULINE AKSELROD

MAIL TAX STATEMENTS AS DIRECTED ABOVE

*3*

STATE OF CALIFORNIA                    )
                                       ) SS.
COUNTY OF LOS ANGELES      )

On JULY 2, 2008 before me, ZOYA VLADIMIRSKAYA, Notary Public, personally

appeared BORIS AKSELROD AND PAULINE AKSELROD,

who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _____

ZOYA VLADIMIRSKAYA
COMM. #1714021
Notary Public - California
Los Angeles County
My Comm. Expires Jan. 1, 2011

08 1215761



**This page is part of your document - DO NOT DISCARD**



**20081215761**    Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**07/09/08 AT 08:00AM**

Fee: 35.00
Tax: 0.00
Other: 0.00

Total: 35.00

**Title Company**

---

**TITLE(S) : DEED** _____



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**    **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

RECORDING REQUESTED BY:
AMERICAN TRUST DEED SERVICES CORP.

AND WHEN RECORDED TO:
AKSELROD REVOCABLE FAMILY TRUST
4947 ENCINO AVE.
ENCINO, CA. 91316

01/10/08

|||||||||||||||||||||||||||||||

**20080057975**

Forward Tax Statements to
the address given above

RECORDING REQUESTED BY
FIRST AMERICAN TITLE INSURANCE COMPANY

---

| | | |
|---|---|---|
| TS #: 07-8706 | RECORDING REQUESTED BY<br>FIRST AMERICAN TITLE COMPANY<br>AS AN ACCOMMODATION ONLY | Order #: 3371820 — VD |
| Loan #: OVSOVICH | | Investor #: |

SPACE ABOVE LINE FOR RECORDER'S USE

## TRUSTEE'S DEED UPON SALE

A.P.N.: 2263-021-013                                     Transfer Tax: $0.00
"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3"
The Grantee Herein WAS The Foreclosing Beneficiary.
The Amount of The Unpaid Debt was $27,176.33
The Amount Paid By The Grantee Was $27,176.33
Said Property Is In The City of SHERMAN OAKS, County of Los Angeles

**AMERICAN TRUST DEED SERVICES CORP.**, as Trustee, (whereas so designated in the Deed of Trust hereunder more
particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

## AKSELROD REVOCABLE FAMILY TRUST

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by
it as Trustee under the Deed of Trust in and to the property situated in the county of Los Angeles, State of California, described as
follows:

As more fully described on said Deed of Trust.

LOT 15, BLOCK 27 OF TRACT NO 7307, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP
RECORDED IN BOOK 85 PAGE(S) 1 THROUGH 5 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by LEONID OVSOVICH as
Trustor, dated 11/2/2006 of the Official Records in the office of the Recorder of Los Angeles, California under the authority and
powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occured under the Deed
of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on 11/9/2006, instrument number 06
2491932, Book , Page of Official records.  Trustee having complied with all applicable statutory requirements of the State of
California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten
days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage prepaid to each
person entitled to notice in compliance with California Civil Code 2924b.

# TRUSTEE'S DEED UPON SALE

TS #: **07-8706**
Loan #: **OVSOVICH**
Order #: **3371820**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with.  Trustee, in compliance with said Notice of Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **12/10/2007**.  Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being **$27,176.33**, in lawful money of the United States, in pro per, receipt thereof is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **AMERICAN TRUST DEED SERVICES CORP.**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws.

Date: **12/10/2007**

AMERICAN TRUST DEED SERVICES CORP.

By: _____
DAVID DESHAY, PRESIDENT

State of **CALIFORNIA**
} ss.
County of **LOS ANGELES** }
On **12/12/2007** before me, **CLAUDIA STYLC** the undersigned Notary Public, personally appeared **DAVID DESHAY** personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed he instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)
CLAUDIA STYLC

CLAUDIA STYLC
Commission # 1881383
Notary Public - California
Los Angeles County
My Comm. Expires May 22, 2009

2

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:
THE RELIANT GROUP, INC.
P.O. BOX 6698
BEVERLY HILLS, CA 90212

**06-2491932**

Order No.:
Escrow No.:

APN: 2263-021-013

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# DEED OF TRUST

**This Deed of Trust**, made this 2 day of November, 2006, between Leonid Ovsovich, herein called TRUSTOR, whose address is 14713 Valleyheart Dr., Sherman oaks, CA 91403. Reliant Group, Inc., herein called TRUSTEE, and Reliant Group, Inc., herein called BENEFICIARY,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in Los Angeles County, California, described as:
LOT 15, BLOCK 27 OF TRACT NO. 7307, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85 PAGE(S) 1 THROUGH 5 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.
Commonly Known As:  14713 Valleyheart Drive, Sherman Oaks, CA 91403.

TOGETHER WITH the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

**For the Purpose of Securing:**

1. Performance of each agreement of Trustor herein contained. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of **$25,000.00** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of such property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

1

proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of his Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

_Ovsovich_

Leonid Ovsovich

STATE OF CALIFORNIA                                        )
                                                           ) SS.
COUNTY OF _____Los Angeles_____ )

On _Nov. 2, 2006_ before me, _Yekaterina   Yefimenkova_ , ~~personally~~

appeared _____

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature_____

FOR NOTARY STAMP





4

**06-2491932**

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _____ Los Angeles _____

On __Nov. 2, 2006__ before me, __Yekaterina Yefimenkova   Notary Public__
                                     Name and Title of Officer (e.g. "Jane Doe, Notary Public")

personally appeared _____ Leonid Ovsovich _____
                                     Name(s) of Signer(s)

☐ personally known to me

☒ (or proved to me on the basis of satisfactory evidence)

to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

> YEKATERINA P. YEFIMENKOVA
> Commission # 1680169
> Notary Public - California
> Los Angeles County
> My Comm. Expires Jul 9, 2010

Place Notary Seal Above                          _____
                                                  Signature of Notary Public

───────────── *OPTIONAL* ─────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____    Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____           Signer's Name: _____
☐ Individual                             ☐ Individual
☐ Corporate Officer — Title(s): _____   ☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General         ☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact                       ☐ Attorney in Fact
☐ Trustee            RIGHT THUMBPRINT    ☐ Trustee             RIGHT THUMBPRINT
☐ Guardian or Conservator  OF SIGNER     ☐ Guardian or Conservator  OF SIGNER
☐ Other: _____      Top of thumb here   ☐ Other: _____       Top of thumb here

Signer Is Representing: _____           Signer Is Representing: _____

© 2006 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402     Item No. 5907     Reorder: Call Toll-Free 1-800-876-6827

**This page is part of your document - DO NOT DISCARD**





**20070064725**

Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**01/11/07 AT 03:57PM**

| Fees: | $25.00 |
|---|---|
| Taxes: | $0.00 |
| Other: | $0.00 |
| Paid: | $25.00 |

0000045741          200701110940017                                Counter

**TITLE(S) :**



**L E A D    S H E E T**

**FEE**                                                         **D.T.T.**

**CODE
20**

**CODE
19**

**CODE
9**

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**        **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

2

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME    **PRIMESTAR FINANCIAL GROUP**

ADDRESS    **13509 VENTURA BLVD., #A**

CITY    **SHERMAN OAKS**
STATE & ZIP    **CA   91423**

TITLE ORDER NO.        ESCROW NO.        APN NO.

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS (INDIVIDUAL)

APN# 2263-021-013

This Deed of Trust, made this    **15TH**    day of    **JUNE, 2006**    , between

**LEONID OVSOVICH, AN UNMARRIED MAN** , herein called Trustor,

whose address is   **14713 VALLEYHEART DRIVE, SHERMAN OAKS, CA 91403**

Stewart Title of California, Inc., herein called Trustee, and

**PRIMESTAR FINANCIAL GROUP** , herein called Beneficiary,

**Witnesseth:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS TO TRUSTEE IN TRUST, WITH POWER OF

SALE, that property in   **LOS ANGELES**      County, California, described as: LOT 15 IN TRACT NO. 7307, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85, PAGES 1 TO 5 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES, CALIFORNIA.

APN# 2263-021-013
PROPERTY KNOWN AS: 14713 VALLEYHEART DRIVE, SHERMAN OAKS, CA 91403
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.
For the Purpose of Securing:  1. Performance of each agreement of Trustor incorporated by reference or contained herein.  2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of $18,000.00 executed by Trustor in favor of Beneficiary or order. 3.  Payment of such further sums as the then record owner of said property may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.
    To Protect the Security of This Deed of Trust, Trustor Agrees: By the execution and delivery of this Deed of Trust and the rate secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded October 23, 1961, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, viz.:

| COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE | COUNTY | DATE | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IMPERIAL | 9/10/68 | 1267 | 574 | ORANGE | 9/6/68 | 8714 | 147 | SAN BERNARDINO | 9/9/98 | 7090 | 14 | SANTA BARBARA | 9/5/68 | 2244 | 922 |
| KERN | 9/6/68 | 4195 | 383 | VENTURA | 9/6/68 | 3383 | 64 | SAN LUIS OBISPO | 9/10/68 | 1469 | 429 | LOS ANGELES | 8/28/68 | T5910 | 842 |
| RIVERSIDE | 9/10/68 | | ACCOUNT = 87097 YEAR 1968 | | | | | SAN DIEGO | 9/10/68 | | | SERIES 9 BOOK 1968 PAGE 155820 | | | |

(which provisions, identical in all counties, are printed on the reverse hereof) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.
    The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

FOR SIGNATURE(S) SEE SHORT FORM DEED OF TRUST SIGNATURE PAGE ATTACHED HERETO AND MADE A PART HEREOF.

1 OF 2

3

## SHORT FORM DEED OF TRUST SIGNATURE(S) PAGE

*Ovsovich*

**LEONID OVSOVICH**

STATE OF CALIFORNIA
COUNTY OF *Los Angeles* } SS.

On _06-15-06_ before me, _Leonid A Shneyder_ NotaryPublic, personally appeared
_LEONID OVSOVICH_ personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

```
LEONID A. SHNEYDER
Commission # 1405883
Notary Public - California
Los Angeles County
My Comm. Expires Apr 3, 2007
```

Signature_*Leonid A Sh*___    (This area for official notarial seal)

**2 OF 2**





**This page is part of your document - DO NOT DISCARD**



**20071516056**  Pages: 003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/25/07 AT 08:00AM**

Fee: 12.00
Tax: 0.00
Other: 0.00
Total: 12.00

**Title Company**

**TITLE(S) :**



L E A D   S H E E T

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.     **Number of AIN's Shown**

E34971     **THIS FORM IS NOT TO BE DUPLICATED**



RECORDING REQUESTED BY:

**FATCO**

WHEN RECORDED MAIL TO:

**American Trust Deed Services Corp.**
**14412 Friar Street**
**Van Nuys, California 91401**



06/25/07

**20071516056**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No.: 07-8706
Loan No.: OVSOVICH

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,**
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$26,107.28 as of 6/22/2007**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**RELIANT GROUP, INC.**
**C/O American Trust Deed Services Corp.**
**14412 Friar Street**
**Van Nuys, California 91401**

**Phone: 818-781-9800**

TS No.: 07-8706
Loan No.: OVSOVICH

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN:  That **AMERICAN TRUST DEED SERVICES CORP.** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **11/2/2006**, executed by **LEONID OVSOVICH**, as Trustor, to secure certain obligations in favor of **RELIANT GROUP, INC.**, as beneficiary, recorded 11/9/2006, as Instrument No. **06 2491932**, in Book , Page , of Official Records in the Office of the Recorder of **Los Angeles** County, California describing land therein as: As more fully described on said Deed of Trust.

including **ONE (1) NOTE(S) FOR THE ORIGINAL** sum of $25,000.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
    **THE BALANCE OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 6/1/2007, ALONG WITH LATE CHARGES, FORECLOSURE FEES AND COSTS ANY LEGAL FEES OR ADVANCES THAT HAVE BECOME DUE.**

    That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated: 6/22/2007

SECTION 1692(E): THIS COMMUNICATION IS WITH A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

AMERICAN TRUST DEED SERVICES CORP.

First American Title Ins Co. as Agent

BY: _____
    Heather Corso, Trustee/Sale Officer

**VANGIE ORTEGA**

# MARKED EXHIBIT "B"

## THE DEFENDANT'S RIGHT CAME FROM A VOID
## <u>ASSIGNMENT OF DEED OF TRUST</u>

**Oddly executed in the state of Pennsylvania**

Plaintiff has been unable to discover this alleged recordation in the County

records official records stored therein as a matter of statutory law.  *(see: Ref:Marketable*

*Record Title Act 880.02 -887.09 )*



**This page is part of your document - DO NOT DISCARD**



## 20111112578



**Pages:**
**0002**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**08/18/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**LEADSHEET**



201108180270003

00004550301



003457908

**SEQ:**
**06**

**DAR - Title Company (Hard Copy)**



**THIS FORM IS NOT TO BE DUPLICATED**

t35

Requested and Prepared by:
**Executive Trustee Services, LLC**

When Recorded Mail To:
**Executive Trustee Services, LLC**
**2255 North Ontario Street, Suite 400**
**Burbank, CA 91504-3120**

1103649 23

Loan No.: 0270002411
TS NO: CA1100041146
MIN #: 100112065718278720
MERS Phone: 1-888-679-6377

08/18/2011

*20111112578*

### ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:

The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006SP3.

all beneficial interest under that certain Deed of Trust dated: 04/06/2006 executed by *LEONID OVSOVICH*, AN UNMARRIED MAN, as Trustor(s), to CHICAGO TITLE, as Trustee, and recorded as Instrument No. 06 0841080, on 04/18/2006, in Book XX, Page XX  of Official Records, in the office of the County Recorder of Los Angeles County, CA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

DATE:  August 10, 2011

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR MORTGAGEIT, INC A CORPORATION Its successors and assigns

Lisa Clark
Assistant Secretary

State of  **Pennsylvania**  } SS.
County of  **Montgomery**  }

On  8/10/11  before me,  **Nikole Shelton**  Notary Public, personally appeared **Lisa Clark**  who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of  **Pennsylvania**  that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature NiKole Shelton (Seal)

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Nikole Shelton, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Aug. 11, 2014
Member, Pennsylvania Association of Notaries

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MARKED EXHIBIT "C"

# Deed of Trust.

See Page one of the Deed of Trust (**EXHIBIT C**) says;

**FIRST AMENEDED VERIFIED COMPLAINT FOR UNLAWFUL DETAINER AND**

**DAMAGES AND FOR INJUNCTIVE RELIEF** - 57

06 0841080

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY

Recording Requested By:
MORTGAGEIT

Return To:
MORTGAGEIT

1350 DEMING WAY, 3RD FLOOR
MIDDLETON, WI 53562

Prepared By:

———————————[Space Above This Line For Recording Data]———————————

# DEED OF TRUST

LOAN NO.:  40554220                                MIN  100112065718278720
ESCROW NO.:  SEN202166-LF                          MERS Phone: 1-888-679-6377

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated          APRIL 06, 2006
together with all Riders to this document.

(B) "Borrower" is
LEONID  OVSOVICH, AN UNMARRIED MAN

Borrower's address is 14713 VALLEYHEART DRIVE, LOS ANGELES (SHERMAN OAKS AREA), CA  91403
Borrower is the trustor under this Security Instrument.

(C) "Lender" is
MORTGAGEIT, INC.

Lender is a  CORPORATION
organized and existing under the laws of  NEW YORK

Initials: LO

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS        Form 3005  1/01
VMP-6A(CA) (0207)                       Page 1 of 15        LENDER SUPPORT SYSTEMS, INC MERS6ACA.NEW (05/04)

Lender's address is
33 MAIDEN LANE 6TH FLOOR, NEW YORK, NY 10038-

(D) "Trustee" is
CHICAGO TITLE

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated        APRIL 06, 2006
The Note states that Borrower owes Lender

NINE HUNDRED NINETY NINE THOUSAND NINE HUNDRED NINETY NINE AND NO/100 X X X X X X X X

                                                                                            Dollars
(U.S. $ 999,999.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than   MAY 01, 2036

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "RIDERS" means all riders to this Security Instrument that are executed by Borrower. The following riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [XX] Adjustable Rate Rider | [ ] Condominium Rider | [ ] 1-4 Family Rider |
| [ ] Graduated Payment Rider | [ ] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] Balloon Rider | [ ] Rate Improvement Rider | [ ] Second Home Rider |
| [XX] Other(s) [specify] PREPAYMENT RIDER | | |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments, and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

VMP-6A(CA) (0207)                    Page 2 of 15                    Initials: LO
                                                                     Form 3005  1/01

06  0841080

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY          of          LOS ANGELES          :
[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

SEE COMPLETE LEGAL DESCRIPTION DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 2263-021-013                    which currently has the address of
14713 VALLEYHEART DRIVE                    [Street]
LOS ANGELES (SHERMAN OAKS AREA)          [City], California          91403          [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

VMP-6A(CA) (0207)                    Page 3 of 15          Initials: _LO_
                                                           Form 3005 1/01

## 06  0841080

of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

Initials: _LB_

Form 3005 1/01

**06 0841080**

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than twelve monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than twelve monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

**06  0841080**