# EXHIBIT 3

## Appendix of Underlying Case Documents

| Exhibit | Court | Case No. | Case Name | ECF No. | Date Filed | Title of Pleading |
|---------|-------|----------|-----------|---------|------------|-------------------|
| 3-A | -- | -- | -- | -- | 6/18/2012 | Notice of Default and Election to Sell Under Deed of rust |
| 3-B | -- | -- | -- | -- | 11/8/2012 | Notice of Trustee's Sale |
| 3-C | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 1 | 1/26/2011 | Voluntary Chapter 7 Petition |
| 3-D | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 19 | 4/16/2011 | Order and Notice of Dismissal for Failure to Appear at 341(a) Meeting of Creditors |
| 3-E | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 1 | 5/5/2011 | Voluntary Chapter 13 Petition |
| 3-F | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 21 | 6/9/2011 | Order granting Motion for Order Imposing a Stay or Continuing the Automatic Stay |
| 3-G | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 26 | 711/2011 | Amended Chapter 13 Plan |
| 3-H | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 34 | 10/5/2011 | Order Confirming Chapter 13 Plan |
| 3-I | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 78 | 12/21/2012 | Debtor's Notice of Conversion of Bankruptcy Case form Chapter 13 to Chapter 7 [11 U.S.C. § 1307(a), LBR 1017-1, LBR 3015-1(q)(2)] |
| 3-J | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | -- | -- | Docket Report |

| Exhibit | Court | Case No. | Case Name | ECF No. | Date Filed | Title of Pleading |
|---|---|---|---|---|---|---|
| 3-K | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 36 | 10/25/2011 | Notice of Motion and Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (with Supporting Declarations) Regarding Real Property |
| 3-L | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 49 | 12/19/2011 | Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) |
| 3-M | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 44 | 12/8/2011 | Notice of Appeal |
| 3-N | U.S. Bankruptcy Court, Central District of California | 11-11044 (VK) | *In re Tikhonov* | 52 | 1/3/2012 | Notice of Appeal |
| 3-O | U.S. Bankruptcy Appellate Panel, Ninth Circuit | CC-11-1698 | *Tikhonov v. The Bank of New York Mellon Trust, N.A.* | 20 | 12/12/2012 | Order Denying Motion for Stay Pending Appeal |
| 3-P | U.S. Bankruptcy Appellate Panel, Ninth Circuit | CC-11-1698 | *Tikhonov v. The Bank of New York Mellon Trust, N.A.* | 30 | 12/14/2012 | Memorandum |
| 3-Q | U.S. Bankruptcy Appellate Panel, Ninth Circuit | CC-12-1003 | *Tikhonov v. The Bank of New York Mellon Trust, N.A.* | 6-1 | 5/17/2012 | Order Dismissing Appeal |

**EXHIBIT 3-A**



**This page is part of your document - DO NOT DISCARD**



# 20120900420



**Pages:**
**0003**

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**06/18/12 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201206180110012

00005978004

004073181

**SEQ:**
**13**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

T35

E348971

**RECORDING REQUESTED BY:**
LSI TITLE COMPANY, INC.

**WHEN RECORDED MAIL TO:**
**Executive Trustee Services, LLC**
**dba ETS Services, LLC**
**2255 North Ontario Street, Suite 400**
**Burbank, CA 91504-3120**
**APN: 2263-021-013**



06/18/2012

*20120900420*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No. : CA1100041146    Loan No.: 0270002411
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE
## IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,
and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until *approximately 90 days* from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $78,596.66 as of **Jun 15, 2012**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact, **The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006SP3.**
**C/O Executive Trustee Services, LLC dba ETS Services, LLC**
**2255 North Ontario Street, Suite 400**
**Burbank, CA 91504-3120**
**800.665.3932 phone**



TS NO.: CA1100041146                    LOAN NO.: 0270002411

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is
concluded prior to the conclusion of the foreclosure.

## Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN:  That **Executive Trustee Services, LLC dba ETS Services, LLC** is
either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or
beneficiary under a Deed of Trust dated **04/06/2006**, executed by **LEONID OVSOVICH, AN
UNMARRIED MAN**, as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS NOMINEE FOR MORTGAGEIT, INC** , its **successors and
assigns**,  as beneficiary, recorded **04/18/2006**, as Instrument No. 06 0841080, in Book **XX** , Page
**XX**,  of Official Records in the Office of the Recorder of **Los Angeles** County, California describing
land therein as:

AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

including **ONE NOTE FOR THE ORIGINAL** sum of **$999,999.00**; that the beneficial interest under
such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a
breach of, and default in,  the obligations for which such Deed of Trust is security has occurred in that
payment has not been made of:

**Installment of Principal and Interest plus impounds and/or advances which became due on
4/1/2011 plus late charges, and all subsequent installments of principal, interest, balloon
payments, plus impounds and/or advances and late charges that become payable.**

That by reason thereof, the present beneficiary under such deed of trust, has executed and
delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and
has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing
obligations secured thereby, and has declared and does hereby declare all sums secured thereby
immediately due and payable and has elected and does hereby elect to cause the trust property to be
sold to satisfy the obligations secured thereby.

**The undersigned declares that the beneficiary or its authorized agent has declared that they
have complied with California Civil code Section 2923.5 by making contact with the borrower
or tried with due diligence to contact the borrower as required by California Civil Code Section
2923.5**

Dated:  Jun 15, 2012

ETS Services, LLC as Agent for Beneficiary

BY: _____

Jennifer Esteban
**TRUSTEE SALE OFFICER**

**EXHIBIT 3-B**



**This page is part of your document - DO NOT DISCARD**



## 20121939897



**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/14/12 AT 08:00AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**L E A D S H E E T**



201212141000003

**00006931927**



004505958

**SEQ:**
**22**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**

E487619

T35

RECORDING REQUESTED BY:
**Executive Trustee Services, LLC dba ETS Services, LLC**

AND WHEN RECORDED MAIL TO:
**GMAC MORTGAGE, LLC**
**FKA GMAC MORTGAGE CORPORATION**
**1100 VIRGINIA DRIVE**
**FORT WASHINGTON, PA 19034**

**Forward Tax Statements to**
**the address given above**

12/14/2012

*20121939897*

---

SPACE ABOVE LINE FOR RECORDER'S USE

TS # CA1100041146
LOAN # 0270002411          INVESTOR #:
TITLE ORDER # 110364923-CA-MSI

# TRUSTEE'S DEED UPON SALE

APN 2263-021-013          TRANSFER TAX: **$00.00**
"THIS TRANSACTION IS EXEMPT FROM THE REQUIREMENTS OF THE REVENUE AND TAXATION CODE, SECTION 480.3"
The Grantee Herein Was The Foreclosing Beneficiary.
The Amount Of The Unpaid Debt was **$1,319,642.75**
The Amount Paid By The Grantee was **$826,320.00**
Said Property Is In The City Of LOS ANGELES (SHERMAN OAKS AREA), County of Los Angeles

**Executive Trustee Services, LLC dba ETS Services, LLC,** as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

## The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006SP3.

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of **Los Angeles**, State of California, described as follows:

LOT 15, BLOCK 27 OF TRACT NO. 7307, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85 PAGES 1 THROUGH 5 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by **LEONID OVSOVICH, AN UNMARRIED MAN** as Trustor, dated **04/06/2006**  of the Official Records in the office of the Recorder of **Los Angeles**, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to Sell under the Deed of Trust recorded on  **04/18/2006** , instrument number  **06 0841080** (or Book **XX** , Page  **XX**) of Official records. Trustee having complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in compliance with California Civil Code 2924b.

**[Page 1 of 2]**

3

# TRUSTEE'S DEED UPON SALE

Trustee's Deed
T.S.# **CA1100041146**
Loan # **0270002411**
Title Order # **110364923-CA-MSI**

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with.  Trustee, in compliance with said Notice ofTrustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction on **12/11/2012**.  Grantee, being the highest bidder at said sale became the purchaser of said property for the amount bid, being  **$826,320.00**, in lawful money of the United States, in pro per, receipt there of is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof, **Executive Trustee Services, LLC dba ETS Services, LLC**, as Trustee, has this day, caused its name to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws

Date: 12·12·12

**Executive Trustee Services, LLC dba ETS Services, LLC**

**"This instrument is being recorded as an ACCOMMODATION ONLY, with no Representation as to its effect upon title"**

By: _____

Mayte Iglesias-Meza, Authorized Officer

**State of California** } **S.S.**
**County of Los Angeles** }

On 12-12-12 before me, **Sally Beltran** Notary Public, personally appeared **Mayte Iglesias-Meza** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
**Sally Beltran**

SALLY BELTRAN
Commission # 1962270
Notary Public - California
Los Angeles County
My Comm. Expires Dec 1, 2015

[Page 2 of 2]

**EXHIBIT 3-C**

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Tikhonov, Gennady** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Tikhonov, Albina** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**FDBA G & M Management LLC; FDBA West Coast Imaging** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7419** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6676** |
| Street Address of Debtor (No. and Street, City, and State):<br>**14713 Valleyheart Drive**<br>**Sherman Oaks, CA**   ZIP Code **91403** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**14713 Valleyheart Drive**<br>**Sherman Oaks, CA**   ZIP Code **91403** |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business:<br>**Los Angeles** |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| **Type of Debtor**<br>(Form of Organization)<br>(Check one box) | **Nature of Business**<br>(Check one box) | **Chapter of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>■ Other | ■ Chapter 7   ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9     of a Foreign Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12  ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 13    of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>☐ Debts are primarily consumer debts,  ■ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as    business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |

| **Filing Fee** (Check one box) | **Chapter 11 Debtors** |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>  ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>  ☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>    are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>  ☐ A plan is being filed with this petition.<br>  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>    in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(4/10)                                                                                                          Page 2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Tikhonov, Gennady** |
| | **Tikhonov, Albina** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____ |
| | Signature of Attorney for Debtor(s)              (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

  ☐ Yes, and Exhibit C is attached and made a part of this petition.

  ■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

  ■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

  ■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

  ■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

  ☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

  ☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

  ☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

        _____

        (Name of landlord that obtained judgment)

        _____

        (Address of landlord)

  ☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

  ☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

  ☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)     Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Tikhonov, Gennady** <br> **Tikhonov, Albina** |

**Signatures**

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** **/s/ Gennady Tikhonov**
Signature of Debtor **Gennady Tikhonov**

**X** **/s/ Albina Tikhonov**
Signature of Joint Debtor **Albina Tikhonov**

Telephone Number (If not represented by attorney)

**January 26, 2011**
Date

### Signature of Attorney*

**X** **/s/ Elena Steers**
Signature of Attorney for Debtor(s)

**Elena Steers 193237**
Printed Name of Attorney for Debtor(s)

**Law Offices of Steers & Associates**
Firm Name

**16633 Ventura Blvd., Ste. 900**
**Encino, CA 91436**

Address

                     **Email: steerslaw@yahoo.com**
**(818) 345-9913  Fax: (818) 981-1227**
Telephone Number

**January 26, 2011**          **193237**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

12-12020-mg Doc 9640-3 Filed 01/26/17 Entered 01/26/17 05:22:52 Exhibit 3
Pq 15 of 263

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Central District of California

In re    **Gennady Tikhonov**
      **Albina Tikhonov**

Case No. _____

Debtor(s)      Chapter    **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                      Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Gennady Tikhonov**
                       **Gennady Tikhonov**

Date:   **January 26, 2011**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
### Central District of California

In re    **Gennady Tikhonov**                           Case No. _____

       **Albina Tikhonov** _____

                            Debtor(s)          Chapter      **7**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

12-12020-mg Doc 9640-3 Filed 01/26/11 Entered 01/26/11 15:22:52 Exhibit 3
Pg 18 of 263

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                              Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable
statement.] [Must be accompanied by a motion for determination by the court.]*
   ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or
mental deficiency so as to be incapable of realizing and making rational decisions with respect to
financial responsibilities.);
   ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being
unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or
through the Internet.);
   ☐ Active military duty in a military combat zone.

  ☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling
requirement of 11 U.S.C. § 109(h) does not apply in this district.

   **I certify under penalty of perjury that the information provided above is true and correct.**

    Signature of Debtor:   **/s/ Albina Tikhonov**
            **Albina Tikhonov**
    Date:   **January 26, 2011**

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Encino**                                    , California.

Dated  **January 26, 2011**

/s/ Gennady Tikhonov
**Gennady Tikhonov**
*Debtor*

/s/ Albina Tikhonov
**Albina Tikhonov**
*Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                 **F 1015-2.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com                                    Best Case Bankruptcy

B201 - Notice of Available Chapters (Rev. 12/08)                                    USBC, Central District of California

| | | | |
|---|---|---|---|
| Name: | **Elena Steers** | | |
| Address: | **16633 Ventura Blvd., Ste. 900** | | |
| | **Encino, CA 91436** | | |
| Telephone: | **(818) 345-9913** | Fax: | **(818) 981-1227** |

■ Attorney for Debtor
☐ Debtor in Pro Per

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| List all names including trade names, used by Debtor(s) within last 8 years: | Case No.: |
|---|---|
| **Gennady Tikhonov**<br>**Albina Tikhonov**<br> **FDBA G & M Management LLC; FDBA West Coast Imaging** | **NOTICE OF AVAILABLE CHAPTERS**<br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

**1.    Services Available from Credit Counseling Agencies**

   **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

   **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

**2.    The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

   **Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)**

   1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
   2. Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
   3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Case 1:11-bk-11044-VK  Doc 96-3  Filed 05/07/13  Entered 05/07/13 16:00:29  Exhibit 3
Main Document  Page 21 of 263  Page 10 of 56

B201 - Notice of Available Chapters (Rev. 12/08)                                    USBC, Central District of California

4.   Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1.   Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.   Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.   After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3.   **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | | |
|---|---|---|
| **Gennady Tikhonov**<br>**Albina Tikhonov** | X  **/s/ Gennady Tikhonov** | **January 26, 2011** |
| Printed Name of Debtor | Signature of Debtor | Date |
| | | |
| Case No. (if known) | X  **/s/ Albina Tikhonov** | **January 26, 2011** |
| | Signature of Joint Debtor (if any) | Date |

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Central District of California

In re    **Gennady Tikhonov,**
       **Albina Tikhonov,**

Case No. _____

_____,

Debtors

Chapter _____ **7** _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 900,000.00 | | |
| B - Personal Property | Yes | 3 | 35,622.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 78,392.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | 73,209.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 2,172.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 2,146.00 |
| Total Number of Sheets of ALL Schedules | | 18 | | | |
| Total Assets | | | 935,622.00 | | |
| Total Liabilities | | | | 151,601.00 | |

Case 2:12-bk-11044-Vk  Doc 96-40-3  Filed 05/07/13  Entered 07/26/01 05:22:52  Exhibit 3
Pg 23 of 263

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
### Central District of California

In re   **Gennady Tikhonov,**                                  Case No. _____
          **Albina Tikhonov**

                                                 Debtors    ,     Chapter_____**7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

.

In re    **Gennady Tikhonov,**                                                            Case No. _____
         **Albina Tikhonov**
                                                                      ,
                                                        Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **14713 Valleyheart Drive**<br>**Sherman Oaks, CA 91403**<br>**(To be Foreclosed)**<br>**(Property Loans are not in Debtors name)** | **Fee Simple** | **C** | **900,000.00** | **70,000.00** |

|  |  |  |
|---|---|---|
| Sub-Total > | **900,000.00** | (Total of this page) |
| Total > | **900,000.00** |  |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re    **Gennady Tikhonov,**                                           Case No. _____
       **Albina Tikhonov**

                               Debtors,

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Average Cash on Hand** | **C** | **300.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account Bank of America** | **J** | **2,200.00** |
| | | **Savings Account Bank of America** | **W** | **1,000.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Misc. Household Goods and Furniture** | **C** | **1,700.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothes** | **C** | **600.00** |
| 7. Furs and jewelry. | | **Jewelry** | **C** | **500.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                                  Sub-Total >        **6,300.00**
                                                 (Total of this page)

   **2**    continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Gennady Tikhonov,**          Case No. _____
       **Albina Tikhonov**
                                                    ,
                              Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **BehringerHarvard REIT I, INC** | W | 11,622.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Time Share in Palms Springs** | C | 5,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >    **16,622.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re **Gennady Tikhonov,**
**Albina Tikhonov**

Case No. _____

_____,
Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | '10 Mercedes (Lease) | C | 0.00 |
| | | '08 Nissan Altima | C | 12,700.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >    12,700.00
(Total of this page)
Total >    35,622.00

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

In re    **Gennady Tikhonov,**
     **Albina Tikhonov**
                                    ,

                                  Debtors

Case No. _____

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Average Cash on Hand | C.C.P. § 703.140(b)(5) | 300.00 | 300.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Checking Account | C.C.P. § 703.140(b)(5) | 2,200.00 | 2,200.00 |
| Bank of America | | | |
| Savings Account | C.C.P. § 703.140(b)(5) | 1,000.00 | 1,000.00 |
| Bank of America | | | |
| **Household Goods and Furnishings** | | | |
| Misc. Household Goods and Furniture | C.C.P. § 703.140(b)(3) | 1,700.00 | 1,700.00 |
| **Wearing Apparel** | | | |
| Clothes | C.C.P. § 703.140(b)(3) | 600.00 | 600.00 |
| **Furs and Jewelry** | | | |
| Jewelry | C.C.P. § 703.140(b)(4) | 500.00 | 500.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| BehringerHarvard | C.C.P. § 703.140(b)(10)(E) | 11,622.00 | 11,622.00 |
| REIT I, INC | | | |
| **Stock and Interests in Businesses** | | | |
| Time Share in Palms Springs | C.C.P. § 703.140(b)(5) | 5,000.00 | 5,000.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| '08 Nissan Altima | C.C.P. § 703.140(b)(2) | 3,525.00 | 12,700.00 |
| | C.C.P. § 703.140(b)(5) | 783.00 | |

                               Total:      27,230.00      35,622.00

__0__  continuation sheets attached to Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re  **Gennady Tikhonov,**
    **Albina Tikhonov**
Case No. _____

                      ,
                  Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **9311**<br><br>**Nissan Infinity LT**<br>**PO Box 37191**<br>**Dallas, TX 75266** | | | C | '08 -'09<br><br>Security Agreement<br><br>'08 Nissan Altima | | | | | |
| | | | | Value $      **12,700.00** | | | | **8,392.00** | **0.00** |
| Account No.<br><br>**The Akselrod Family Trust**<br>**12400 Wilshire Blvd., #1250**<br>**Los Angeles, CA 90025** | | | C | '08 - '09<br>3rd. Deed of Trust<br>14713 Valleyheart Drive<br>Sherman Oaks, CA 91403<br>(To be Foreclosed)<br>(Property Loans are not in Debtors name) | | | | | |
| | | | | Value $    **900,000.00** | | | | **70,000.00** | **0.00** |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

  **0**   continuation sheets attached

| | Subtotal<br>(Total of this page) | **78,392.00** | **0.00** |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **78,392.00** | **0.00** |

B6E (Official Form 6E) (4/10)

.

In re    **Gennady Tikhonov,**                                              Case No. _____
**Albina Tikhonov**

                                                    ,
_____
                    Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts _not_ entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

_* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

                                    __0__   continuation sheets attached

B6F (Official Form 6F) (12/07)

In re **Gennady Tikhonov,**                                           Case No. _____

      **Albina Tikhonov**

                                     Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxxxxx9793<br><br>**American Express**<br>**c/o Becket and Lee LLP**<br>**PO Box 3001**<br>**Malvern, PA 19355** | C | | **'93 - '09**<br>**Business Line of Credit** | | | | 10,970.00 |
| Account No. xxxxxxxxxxxx0893<br><br>**American Express**<br>**c/o Becket and Lee LLP**<br>**PO Box 3001**<br>**Malvern, PA 19355** | C | | **'93 - '09**<br>**Line of Credit** | | | | 656.00 |
| Account No. xxxxxxxxxxxx0713<br><br>**American Express**<br>**c/o Becket and Lee LLP**<br>**PO Box 3001**<br>**Malvern, PA 19355** | H | | **'93 - '09**<br>**Line of Credit** | | | | 656.00 |
| Account No. xxxxxxxxxxxx7773<br><br>**American Express**<br>**c/o Becket and Lee LLP**<br>**PO Box 3001**<br>**Malvern, PA 19355** | C | | **'93 - '09**<br>**Line of Credit** | | | | 308.00 |

\_\_**6**\_\_ continuation sheets attached

Subtotal (Total of this page)      **12,590.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Gennady Tikhonov,**  Case No. _____
       **Albina Tikhonov**

_____,
                                    Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. **2431** <br><br> **AT & T** <br> **PO Box 44167** <br> **Jacksonville, FL 32231** | C | | | '08 - '09 <br> **Services Rendered** | | | | 65.00 |
| Account No. **xxxxxxxxxxx7480** <br><br> **Balboa LA** <br> **PO Box 3125** <br> **Granada Hills, CA 91394** | C | | | '08 - '09 <br> **Medical Expenses** <br> **RE: Access Medical Imaging** | | | | 268.00 |
| Account No. **xxxxxxxxxxxx7973** <br><br> **Bank Of America** <br> **Attn: Bankruptcy NC4-105-03-14** <br> **PO Box 26012** <br> **Greensboro, NC 27410** | C | | | '04 - '09 <br> **Business Line of Credit** | | | | 8,474.00 |
| Account No. **x9832** <br><br> **Ca Ent Agcy** <br> **PO Box 250111** <br> **Glendale, CA 91225** | H | | | '08 - '09 <br> **Medical Expenses** <br> **RE:William Lee Baily Md** | | | | 239.00 |
| Account No. **xxx1752** <br><br> **California Recovery Bu.** <br> **135 Vallecitos De Oro Street** <br> **San Marcos, CA 92069** | C | | | '07 - '08 <br> **Medical Expenses** <br> **RE:Lawrence A May M.D  Inc.** | | | | 45.00 |

Sheet no. __1__ of __6__ sheets attached to Schedule of          Subtotal          9,091.00
Creditors Holding Unsecured Nonpriority Claims                (Total of this page)

12-12020-mg Doc 9640-3 Filed 01/26/1 Entered 01/26/01 05:22:52 Desc Pg 33 of 263

B6F (Official Form 6F) (12/07) - Cont.

In re **Gennady Tikhonov,**
**Albina Tikhonov**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **2259-1209-9057-3601-2691**<br><br>**Cedars Sinai Imaging Med Grp**<br>**PO Box 4313**<br>**Woodland Hills, CA 91365** | C | | | '08 - '09<br>**Medical Expenses** | | | | 7,230.00 |
| Account No. **xxxxxxxxxxx0797**<br><br>**Chase**<br>**PO Box 15298**<br>**Wilmington, DE 19850** | C | | | '07 - '09<br>**Business Line of Credit** | | | | 5,102.00 |
| Account No. **1838**<br><br>**Consultants for Pathology**<br>**1801 W. Olympic Blvd.**<br>**Pasadena, CA 91199** | C | | | '08 - '09<br>**Medical Expenses** | | | | 169.00 |
| Account No. **xxxxx0002**<br><br>**Dsnb Bloom**<br>**Bloomingdale's Bankruptcy**<br>**PO Box 8053**<br>**Mason, OH 45040** | C | | | '96 - '09<br>**Credit Card Purchases** | | | | 35.00 |
| Account No. **xxxxxxxxxxx1203**<br><br>**Goodyearcbsd**<br>**PO Box 6497**<br>**Sioux Falls, SD 57117** | H | | | '08 - '09<br>**Services Rendered** | | | | 319.00 |

Sheet no. __2__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**12,855.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Gennady Tikhonov,**             Case No. _____
       **Albina Tikhonov**

                                                   Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. xxxxx8060 | | | | '08 - '09 Medical Expenses RE: Pathology Lab | | | | |
| Grant & Weber 26575 West Agoura Road Calabasas, CA 91302 | C | | | | | | | 169.00 |
| Account No. 0169 | | | | '08 - '09 Services Rendered | | | | |
| Hollywood Piano Company 1033 N. Hollywood Way, Suite E Burbank, CA 91505 | C | | | | | | | 38.00 |
| Account No. xxxxxxx3440 | | | | '06 - '09 Business Line of Credit | | | | |
| Hsbc/neimn Hscb Retail Srvs/ Attn: Bankruptcy PO Box 5213 Carol Stream, IL 60197 | | H | | | | | | 11,732.00 |
| Account No. xxxxxxx4699 | | | | '96 - '09 Business Line of Credit | | | | |
| Hsbc/neimn Hscb Retail Srvs/ Attn: Bankruptcy PO Box 5213 Carol Stream, IL 60197 | C | | | | | | | 10,755.00 |
| Account No. xxxx4412 | | | | '97 - '09 Credit Card Purchases | | | | |
| Hsbc/saks PO Box 60102 City of Industry, CA 91716-0102 | C | | | | | | | 3,079.00 |

Sheet no. __3__ of __6__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                                     Subtotal       **25,773.00**
                                  (Total of this page)

**B6F (Official Form 6F) (12/07) - Cont.**

In re **Gennady Tikhonov,**                 Case No. _____
       **Albina Tikhonov**
_____,
                            Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx4414**<br><br>J J Mac Intyre Co Inc<br>1801 California Avenue<br>Corona, CA 92881 | C | | '08 - '09<br>**Medical Expenses**<br>**Re: Cedars-Sinai Medical Group  Ph** | | | | 67.00 |
| Account No. **xxxx3244**<br><br>J J Mac Intyre Co Inc<br>1801 California Avenue<br>Corona, CA 92881 | C | | '08 - '09<br>**Medical Expenses**<br>**Re: Cedars-Sinai Medical Group  Ph.**<br><br>**Notice Only** | | | | 0.00 |
| Account No. **4967**<br><br>MCI<br>PO Box 650355<br>Dallas, TX 75265 | C | | '08 - '09<br>**Services Rendered** | | | | 16.00 |
| Account No. **xxxxxx3238**<br><br>Nordstrom FSB<br>Attention:  Bankruptcy Department<br>PO Box 6555<br>Englewood, CO 80155 | C | | '94 - '09<br>**Credit Card Purchases** | | | | 1,411.00 |
| Account No. **9083-4220**<br><br>Progressive Mgmt System<br>1521 W. Cameron Ave Fl 1<br>West Covina, CA 91790 | C | | '08 - '09<br>**Medical Expenses**<br>**RE: Cedars-Sinai Medical Center** | | | | 8,810.00 |

Sheet no. __4__ of __6__ sheets attached to Schedule of                Subtotal
Creditors Holding Unsecured Nonpriority Claims            (Total of this page)        **10,304.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Gennady Tikhonov,**                      Case No. _____
         **Albina Tikhonov**

_____,
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **3364**<br><br>**Quest Diagnostics**<br>**PO Box 78406**<br>**Phoenix, AZ 85062** | C | | **'08 - '09**<br>**Medical Expenses** | | | | 12.00 |
| Account No. **xxxxxxxxxxxx0557**<br><br>**Sequoia Financial Services**<br>**500 N. Brand Blvd.**<br>**Glendale, CA 91203** | C | | **'07 - '08**<br>**Medical Expenses**<br>**RE: Cedars-Sinai Medical Center** | | | | 684.00 |
| Account No. **xxxxxxxxxxxx2580**<br><br>**Sequoia Financial Services**<br>**500 N. Brand Blvd.**<br>**Glendale, CA 91203** | C | | **'08 - '09**<br>**Medical Expenses**<br>**RE: Medical Payment Data** | | | | 148.00 |
| Account No.<br><br>**The Akselrod Family Trust**<br>**12400 Wilshire Blvd., #1250**<br>**Los Angeles, CA 90025** | C | | **'08 - '09**<br>**Deficiency Balance, if any** | | | | Unknown |
| Account No. **2032**<br><br>**Time Warner**<br>**c/o Credit Management**<br>**4200 International Pwy.**<br>**Carrolton, TX 75007** | C | | **'08 - '09**<br>**Services Rendered** | | | | 165.00 |

Sheet no. __5__ of __6__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     **1,009.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Gennady Tikhonov,**
　　**Albina Tikhonov**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **0245**<br><br>**Vargo Physical Therapy, Inc.**<br>**27125 Sierra Highway, Suite 203**<br>**Canyon Country, CA 91351** | | C | '08 - '09<br>**Medical Expenses** | | | | 90.00 |
| Account No. **xxxx92N1**<br><br>**Westside Recovery Services**<br>**6200 Wilshire Blvd., Suite 1**<br>**Los Angeles, CA 90048** | | C | '08 - '09<br>**Medical Expenses**<br>**RE: Alexander Gershman M.D.** | | | | 120.00 |
| Account No. **0351**<br><br>**WMALA - Main (NLHM)**<br>**99 N. La Cienega Blvd., 103**<br>**Beverly Hills, CA 90211** | | C | '08 - '09<br>**Medical Expenses** | | | | 1,377.00 |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

Sheet no. __6___ of __6___ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) **1,587.00**

Total
(Report on Summary of Schedules) **73,209.00**

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com　　　　　　　　Best Case Bankruptcy

B6G (Official Form 6G) (12/07)

.

In re  **Gennady Tikhonov,**                                                Case No. _____
       **Albina Tikhonov**
                                                                    ,
                                        Debtors

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Mb Fin Svcs**<br>**36455 Corporate Drive**<br>**Farmington Hills, MI 48331** | **'10 Mercedes (Lease)** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

.

In re    **Gennady Tikhonov,**                                    Case No. _____
          **Albina Tikhonov**
                                           Debtors

# SCHEDULE H - CODEBTORS

      Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**0**
\_\_\_\_\_ continuation sheets attached to Schedule of Codebtors

B6I (Official Form 6I) (12/07)

| In re | **Gennady Tikhonov**<br>**Albina Tikhonov** | Case No. | |
|---|---|---|---|
| | Debtor(s) | | |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S):<br>**DAUGHTER** | AGE(S):<br>**-** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Unemployed** | **Secretary** |
| Name of Employer | | **Doffin Group Inc.** |
| How long employed | | **3 Months** |
| Address of Employer | | **3655 Torrance Blvd., Suite 333**<br>**Torrance, CA 90503** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | | SPOUSE | |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **0.00** | $ | **2,400.00** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **0.00** |
| 3. SUBTOTAL | $ | **0.00** | $ | **2,400.00** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **0.00** | $ | **228.00** |
|    b. Insurance | $ | **0.00** | $ | **0.00** |
|    c. Union dues | $ | **0.00** | $ | **0.00** |
|    d. Other (Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **0.00** | $ | **228.00** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **0.00** | $ | **2,172.00** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **0.00** |
| 8. Income from real property | $ | **0.00** | $ | **0.00** |
| 9. Interest and dividends | $ | **0.00** | $ | **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **0.00** |
| 11. Social security or government assistance<br>(Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 12. Pension or retirement income | $ | **0.00** | $ | **0.00** |
| 13. Other monthly income<br>(Specify): | $ | **0.00** | $ | **0.00** |
| | $ | **0.00** | $ | **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **0.00** | $ | **0.00** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **0.00** | $ | **2,172.00** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | **2,172.00** | | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re  **Gennady Tikhonov**
       **Albina Tikhonov**                                           Case No. _____
_____
                        Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 0.00 |
| a. Are real estate taxes included?                    Yes ____        No **X** | | |
| b. Is property insurance included?                    Yes ____        No **X** | | |
| 2. Utilities:        a. Electricity and heating fuel | $ | 100.00 |
|                      b. Water and sewer | $ | 50.00 |
|                      c. Telephone | $ | 60.00 |
|                      d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 500.00 |
| 5. Clothing | $ | 70.00 |
| 6. Laundry and dry cleaning | $ | 60.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|                      a. Homeowner's or renter's | $ | 0.00 |
|                      b. Life | $ | 0.00 |
|                      c. Health | $ | 0.00 |
|                      d. Auto | $ | 200.00 |
|                      e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|         (Specify) _____ | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|                      a. Auto | $ | 593.00 |
|                      b. Other  '08 Nissan Altima | $ | 233.00 |
|                      c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other  **Misc. Personal** | $ | 80.00 |
|      Other _____ | $ | 0.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 2,146.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.    Average monthly income from Line 15 of Schedule I | $ | 2,172.00 |
| b.    Average monthly expenses from Line 18 above | $ | 2,146.00 |
| c.    Monthly net income (a. minus b.) | $ | 26.00 |

Case 2:11-bk-11044-VK Doc 96-3 Filed 05/07/13 Entered 05/07/13 16:00:29 Exhibit 3
Main Document Page 42 of 263 Page 31 of 56

12-12020-mg Doc 9640-3 Filed 05/07/13 Entered 05/07/13 16:00:29 Exhibit 3

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Central District of California

In re **Gennady Tikhonov**
**Albina Tikhonov**

Debtor(s)

Case No. _____

Chapter **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **20** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **January 26, 2011**          Signature **/s/ Gennady Tikhonov**
                                              **Gennady Tikhonov**
                                              Debtor

Date **January 26, 2011**          Signature **/s/ Albina Tikhonov**
                                              **Albina Tikhonov**
                                              Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Central District of California

In re    **Gennady Tikhonov**
**Albina Tikhonov**

Case No. _____

Debtor(s)        Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

       This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

       Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

       *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

       *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

       State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $0.00 | YTD Wages |
| $24,204.00 | 2009 Wages |
| $25,149.00 | 2008 Wages |
| $0.00 | (approx.) 2010 Wages |

2

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                              SOURCE

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.     *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☐

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| **Nissan Motor Acceptance Corp.**<br>**NMAC Bankruptcy Dept.**<br>**P.O. Box 660366**<br>**Dallas, TX 75266-0366** | **Monthly** | **$233.00** | **$0.00** |
| **Mercedes - Benz Financial**<br>**PO Box 9001680**<br>**Louisville, KY 40290** | **Monthly** | **$593.00** | **$0.00** |

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 5. Repossessions, foreclosures and returns

None ■   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None ■   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None ■   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None ■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

4

### 9. Payments related to debt counseling or bankruptcy

None  ☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation
concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately
preceding the commencement of this case.

| NAME AND ADDRESS<br>OF PAYEE | DATE OF PAYMENT,<br>NAME OF PAYOR IF OTHER<br>THAN DEBTOR | AMOUNT OF MONEY<br>OR DESCRIPTION AND VALUE<br>OF PROPERTY |
|---|---|---|
| **Law Offices of Steers & Associates**<br>**16633 Ventura Blvd., Suite 900**<br>**Encino, CA 91436** | **January 2011** | |

### 10. Other transfers

None  ■  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor,
transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors
filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE,<br>RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED<br>AND VALUE RECEIVED |
|---|---|---|

None  ■  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled
trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER<br>DEVICE | DATE(S) OF<br>TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND<br>VALUE OF PROPERTY OR DEBTOR'S INTEREST<br>IN PROPERTY |
|---|---|---|

### 11. Closed financial accounts

None  ■  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or
otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other
financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds,
cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must
include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed,
unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR<br>DIGITS OF ACCOUNT NUMBER,<br>AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE<br>OR CLOSING |
|---|---|---|

### 12. Safe deposit boxes

None  ■  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF BANK<br>OR OTHER DEPOSITORY | NAMES AND ADDRESSES<br>OF THOSE WITH ACCESS<br>TO BOX OR DEPOSITORY | DESCRIPTION<br>OF CONTENTS | DATE OF TRANSFER OR<br>SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None  ■  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■  List all property owned by another person that the debtor holds or controls.

NAME AND ADDRESS OF OWNER    DESCRIPTION AND VALUE OF PROPERTY    LOCATION OF PROPERTY

---

**15. Prior address of debtor**

None ■  If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS    NAME USED    DATES OF OCCUPANCY

---

**16. Spouses and Former Spouses**

None ■  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

SITE NAME AND ADDRESS    NAME AND ADDRESS OF GOVERNMENTAL UNIT    DATE OF NOTICE    ENVIRONMENTAL LAW

None ■  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

SITE NAME AND ADDRESS    NAME AND ADDRESS OF GOVERNMENTAL UNIT    DATE OF NOTICE    ENVIRONMENTAL LAW

None ■  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

NAME AND ADDRESS OF GOVERNMENTAL UNIT    DOCKET NUMBER    STATUS OR DISPOSITION

### 18 . Nature, location and name of business

None  ☐
a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **AW LLC G & M Manegment** | | **14713 Valleyheart Drive Sherman Oaks, CA 91403** | | **Started: 2000 - Process of Dissolution** |

None  ■
b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                    ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None  ☐
a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                    DATES SERVICES RENDERED
**Amanda Tax & Financial Services**                  **Yearly**
**8230 Beverly Blvd., Suite 16**
**Los Angeles, CA 90048**

None  ■
b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                    ADDRESS                    DATES SERVICES RENDERED

None  ■
c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                    ADDRESS

None  ■
d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | | DATE ISSUED |
|---|---|---|

---

**20. Inventories**

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|---|

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

**22 . Former partners, officers, directors and shareholders**

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None ■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

8

### 25. Pension Funds.

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                    TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   **January 26, 2011**                 Signature   **/s/ Gennady Tikhonov**
                                                         **Gennady Tikhonov**
                                                         Debtor

Date   **January 26, 2011**                 Signature   **/s/ Albina Tikhonov**
                                                         **Albina Tikhonov**
                                                         Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Central District of California

In re **Gennady Tikhonov**
**Albina Tikhonov**
_____
Debtor(s)

Case No. _____

Chapter    **7**

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**-NONE-** | **Describe Property Securing Debt:** |

Property will be (check one):
☐ Surrendered           ☐ Retained

If retaining the property, I intend to (check at least one):
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
☐ Claimed as Exempt            ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**Mb Fin Svcs** | **Describe Leased Property:**<br>**'10 Mercedes (Lease)** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>■ YES        ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date   **January 26, 2011**            Signature   **/s/ Gennady Tikhonov**
                                                    **Gennady Tikhonov**
                                                    Debtor

Date   **January 26, 2011**            Signature   **/s/ Albina Tikhonov**
                                                    **Albina Tikhonov**
                                                    Joint Debtor

12-12020-mg   Doc 9640-3   Filed 05/07/13   Entered 05/07/13 15:22:52   Desc
Pg 52 of 263

| Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88) | 1998 USBC, Central District of California |
| --- | --- |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re

**Gennady Tikhonov**
**Albina Tikhonov**

Debtor.

Case No.:

### DISCLOSURE OF COMPENSATION
### OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
| --- | --- |
| For legal services, I have agreed to accept | $ 2,000.00 |
| Prior to the filing of this statement I have received | $ 2,000.00 |
| Balance Due | $ 0.00 |

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**January 26, 2011**
*Date*

**/s/ Elena Steers**
**Elena Steers**
*Signature of Attorney*
**Law Offices of Steers & Associates**
*Name of Law Firm*
**16633 Ventura Blvd., Ste. 900**
**Encino, CA 91436**
**(818) 345-9913  Fax: (818) 981-1227**

---

| Attorney or Party Name, Address, Telephone & FAX Number, and California State Bar No. | FOR COURT USE ONLY |
|---|---|
| **Elena Steers**<br>**16633 Ventura Blvd., Ste. 900**<br>**Encino, CA 91436**<br>**(818) 345-9913 Fax: (818) 981-1227**<br>California State Bar No.: **193237**<br><br>*Attorney for Debtor* | |

<table>
<tr>
<td colspan="2" align="center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b></td>
</tr>
<tr>
<td>In re:<br><br><b>Gennady Tikhonov<br>Albina Tikhonov</b><br><br> Debtor. </td>
<td>CHAPTER   <u>7</u><br><br>CASE NUMBER<br><br><br> (No Hearing Required) </td>
</tr>
</table>

## DECLARATION RE: LIMITED SCOPE OF APPEARANCE
## PURSUANT TO LOCAL BANKRUPTCY RULE 2090-1

TO THE COURT, THE DEBTOR, THE TRUSTEE (if any), AND THE UNITED STATES TRUSTEE:

1.    I am the attorney for the Debtor in the above-captioned bankruptcy case.

2.    On *(specify date)*  <u>January 2011</u>, I agreed with the Debtor that for a fee of $ <u>2,000.00</u>, I would provide only the following services:

    a.  ■  Prepare and file the Petition and Schedules

    b.  ■  Represent the Debtor at the 341(a) Hearing

    c.  ☐  Represent the Debtor in any relief from stay actions

    d.  ☐  Represent the Debtor in any proceeding involving an objection to Debtor's discharge pursuant to 11 U.S.C. § 727

    e.  ☐  Represent the Debtor in any proceeding to determine whether a specific debt is nondischargeable under 11 U.S.C. § 523

    f.  ☐  Other *(specify)*:

3.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on the following date at the city set forth in the upper left-hand corner of this page.

Dated:   **January 26, 2011**

                                                **Law Offices of Steers & Associates**
                                              *Law Firm Name*

I HEREBY APPROVE THE ABOVE:

                                              By:   **/s/ Elena Steers**

**/s/ Gennady Tikhonov**
*Signature of Debtor*                                  Name:   **Elena Steers**

**/s/ Albina Tikhonov**
*Signature of Joint Debtor*                                            *Attorney for Debtor*

*Rev. 1/01* This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California       **F 2090-1.1**

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com       Best Case Bankruptcy

# United States Bankruptcy Court
## Central District of California

| | |
|---|---|
| In re    **Gennady Tikhonov** <br> **Albina Tikhonov** | Case No. |
| Debtor(s) | Chapter    **7** |

## DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521 (a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to <u>one</u> of the following statements:

I, __**Gennady Tikhonov**__, the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☐      I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
     (*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☑      I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐      I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


I, __**Albina Tikhonov**__, the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☑      I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
     (*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐      I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐      I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


| Date | **January 26, 2011** | Signature | **/s/ Gennady Tikhonov** |
|---|---|---|---|
| | | | **Gennady Tikhonov** <br> Debtor |

| Date | **January 26, 2011** | Signature | **/s/ Albina Tikhonov** |
|---|---|---|---|
| | | | **Albina Tikhonov** <br> Joint Debtor |

B22A (Official Form 22A) (Chapter 7) (12/10)

|  |  |
|---|---|
| In re **Gennady Tikhonov** **Albina Tikhonov** _____<br>Debtor(s)<br><br>Case Number: _____<br>(If known) | According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement):<br><br>☐ **The presumption arises.**<br><br>■ **The presumption does not arise.**<br><br>☐ **The presumption is temporarily inapplicable.** |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | **Part I. MILITARY AND NON-CONSUMER DEBTORS** |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>     a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>       ☐ I remain on active duty /or/<br>       ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>       OR<br><br>     b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>       ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

| | **Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION** | | |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ■ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>Debtor's Income | **Column B**<br>Spouse's Income |
|---|---|---|---|
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ 2,400.00 |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>     Debtor    Spouse<br>a.   Gross receipts   $ 0.00   $<br>b.   Ordinary and necessary business expenses   $ 0.00   $ 0.00<br>c.   Business income   Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>     Debtor    Spouse<br>a.   Gross receipts   $ 0.00   $ 0.00<br>b.   Ordinary and necessary operating expenses   $ 0.00   $ 0.00<br>c.   Rent and other real property income   Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 6 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 7 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ 0.00   Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br><br>     Debtor    Spouse<br>a.   $   $<br>b.   $   $<br><br>Total and enter on Line 10 | $ 0.00 | $ 0.00 |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ 0.00 | $ 2,400.00 |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                                       3

| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $ | **2,400.00** |

### Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $ | **28,800.00** |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence:    **CA**    b. Enter debtor's household size:    **2** | $ | **61,954.00** |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.<br>■ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, VI or VII.<br>☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15.)**

### Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | $ |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |

| a. | | $ | |
| b. | | $ | |
| c. | | $ | |
| d. | | $ | |

| Total and enter on Line 17 | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

### Part V. CALCULATION OF DEDUCTIONS FROM INCOME

#### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | **National Standards: food, clothing and other items.** Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Persons under 65 years of age | | Persons 65 years of age or older | |
|---|---|---|---|
| a1. | Allowance per person | a2. | Allowance per person |
| b1. | Number of persons | b2. | Number of persons |
| c1. | Subtotal | c2. | Subtotal |

| | | | | $ |

| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

| | |
|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a | $ |

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0  ☐ 1  ☐ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | |
|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ☐ 2 or more. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** |

| a. | IRS Transportation Standards, Ownership Costs | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| | |
|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** |

| a. | IRS Transportation Standards, Ownership Costs | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |

| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
|---|---|---|
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

<table>
<tr><td colspan="3" align="center"><strong>Subpart B: Additional Living Expense Deductions</strong><br><strong>Note: Do not include any expenses that you have listed in Lines 19-32</strong></td></tr>
</table>

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|
| | a.   Health Insurance    $ <br> b.   Disability Insurance    $ <br> c.   Health Savings Account    $ | $ |
| | Total and enter on Line 34. <br> **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br> $ _____ | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92[*] per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

[*] Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

### Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |
| | | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
| | a. | | | $ | ☐yes ☐no | |
| | | | | Total: Add Lines | | $ |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |
| | | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount | |
| | a. | | | $ | |
| | | | | Total: Add Lines | $ |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | |
| | a. | Projected average monthly Chapter 13 plan payment. | $ | |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |

### Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |

### Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

B22A (Official Form 22A) (Chapter 7) (12/10)                                                                 7

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $7,025**\*. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br><br>☐ **The amount set forth on Line 51 is more than $11,725**\* Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. Do not complete the remainder of Part VI.<br><br>☐ **The amount on Line 51 is at least $7,025\*, but not more than $11,725\***. Complete the remainder of Part VI (Lines 53 through 55). |
|---|---|
| 53 | **Enter the amount of your total non-priority unsecured debt** $ |
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. $ |
| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br><br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.**  Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII.  You may also complete Part VII. |

### Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |
|---|---|

|   | Expense Description | Monthly Amount |
|---|---|---|
| a. |   | $ |
| b. |   | $ |
| c. |   | $ |
| d. |   | $ |
|   | Total:  Add Lines a, b, c, and d | $ |

### Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)* |
|---|---|

Date:   **January 26, 2011**                 Signature:   **/s/ Gennady Tikhonov**
                                                                    **Gennady Tikhonov**
                                                                         *(Debtor)*

Date:   **January 26, 2011**                 Signature   **/s/ Albina Tikhonov**
                                                                    **Albina Tikhonov**
                                                                    *(Joint Debtor, if any)*

\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com                        Best Case Bankruptcy

Verification of Creditor Mailing List - (Rev. 10/05)                                           2005 USBC, Central District of California

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name      **Elena Steers**

Address      **16633 Ventura Blvd., Ste. 900 Encino, CA 91436**

Telephone      **(818) 345-9913 Fax: (818) 981-1227**

■ Attorney for Debtor(s)
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years:<br>**Gennady Tikhonov**<br>**Albina Tikhonov**<br>**FDBA G & M Management LLC; FDBA West Coast Imaging** | Case No.: |
| | Chapter:      **7** |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __5__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:   **January 26, 2011**                    **/s/ Gennady Tikhonov**
                                                  **Gennady Tikhonov**
                                                  Signature of Debtor

Date:   **January 26, 2011**                    **/s/ Albina Tikhonov**
                                                  **Albina Tikhonov**
                                                  Signature of Debtor

Date:   **January 26, 2011**                    **/s/ Elena Steers**
                                                  Signature of Attorney
                                                  **Elena Steers**
                                                  **Law Offices of Steers & Associates**
                                                  **16633 Ventura Blvd., Ste. 900**
                                                  **Encino, CA 91436**
                                                  **(818) 345-9913   Fax: (818) 981-1227**

Gennady Tikhonov
14713 Valleyheart Drive
Sherman Oaks, CA 91403


Albina Tikhonov
14713 Valleyheart Drive
Sherman Oaks, CA 91403


Elena Steers
Law Offices of Steers & Associates
16633 Ventura Blvd., Ste. 900
Encino, CA 91436


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


AT & T
PO Box 44167
Jacksonville, FL 32231

Balboa LA
PO Box 3125
Granada Hills, CA 91394


Bank Of America
Attn: Bankruptcy NC4-105-03-14
PO Box 26012
Greensboro, NC 27410


Ca Ent Agcy
PO Box 250111
Glendale, CA 91225


California Recovery Bu.
135 Vallecitos De Oro Street
San Marcos, CA 92069


Cedars Sinai Imaging Med Grp
PO Box 4313
Woodland Hills, CA 91365


Chase
PO Box 15298
Wilmington, DE 19850


Consultants for Pathology
1801 W. Olympic Blvd.
Pasadena, CA 91199


Dsnb Bloom
Bloomingdale's Bankruptcy
PO Box 8053
Mason, OH 45040

Goodyearcbsd
PO Box 6497
Sioux Falls, SD 57117


Grant & Weber
26575 West Agoura Road
Calabasas, CA 91302


Hollywood Piano Company
1033 N. Hollywood Way, Suite E
Burbank, CA 91505


Hsbc/neimn
Hscb Retail Srvs/ Attn: Bankruptcy
PO Box 5213
Carol Stream, IL 60197


Hsbc/neimn
Hscb Retail Srvs/ Attn: Bankruptcy
PO Box 5213
Carol Stream, IL 60197


Hsbc/saks
PO Box 60102
City of Industry, CA 91716-0102


J J Mac Intyre Co Inc
1801 California Avenue
Corona, CA 92881


J J Mac Intyre Co Inc
1801 California Avenue
Corona, CA 92881

Mb Fin Svcs
36455 Corporate Drive
Farmington Hills, MI 48331


MCI
PO Box 650355
Dallas, TX 75265


Nissan Infinity LT
PO Box 37191
Dallas, TX 75266


Nordstrom FSB
Attention: Bankruptcy Department
PO Box 6555
Englewood, CO 80155


Progressive Mgmt System
1521 W. Cameron Ave Fl 1
West Covina, CA 91790


Quest Diagnostics
PO Box 78406
Phoenix, AZ 85062


Sequoia Financial Services
500 N. Brand Blvd.
Glendale, CA 91203


Sequoia Financial Services
500 N. Brand Blvd.
Glendale, CA 91203

```
The Akselrod Family Trust
12400 Wilshire Blvd., #1250
Los Angeles, CA 90025


The Akselrod Family Trust
12400 Wilshire Blvd., #1250
Los Angeles, CA 90025


Time Warner
c/o Credit Management
4200 International Pwy.
Carrolton, TX 75007


USTrustee
21051 Warner Center Lane, # 115
Woodland Hills, CA 91367


Vargo Physical Therapy, Inc.
27125 Sierra Highway, Suite 203
Canyon Country, CA 91351


Westside Recovery Services
6200 Wilshire Blvd., Suite 1
Los Angeles, CA 90048


WMALA - Main (NLHM)
99 N. La Cienega Blvd., 103
Beverly Hills, CA 90211
```

**EXHIBIT 3-D**

# United States Bankruptcy Court
## Central District Of California

**21041 Burbank Blvd, Woodland Hills, CA 91367-6603**

## ORDER AND NOTICE OF DISMISSAL FOR FAILURE TO APPEAR
## AT 341(a) MEETING OF CREDITORS

**DEBTOR INFORMATION:**
Gennady Tikhonov
fdba G & M Management LLC, fdba West Coast Imaging

**BANKRUPTCY NO.** 1:11-bk-11044-VK

**CHAPTER** 7

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):** xxx-xx-7419
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Debtor Dismissal Date:** 4/19/11

**JOINT DEBTOR INFORMATION:**
Albina Tikhonov

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s)., (if any):** xxx-xx-6676
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
**Joint Debtor Dismissal Date:** 4/19/11
**Address:**
14713 Valleyheart Drive
Sherman Oaks, CA 91403

The above debtor(s) has **FAILED TO APPEAR** for examination at the initial Section 341(a) meeting of creditors and any continuance thereof:

It is ordered:

1)    The case is dismissed.

2)    The automatic stay is vacated.

3)    Any discharge entered in this case is vacated.

4)    The Court retains jurisdiction on all issues arising under Bankruptcy Code § 110, 329 and 362.

Dated: April 19, 2011

For The Court,

**Kathleen J. Campbell**
Clerk of Court

(Form van23b-odmwab VAN-23) Rev. 11/09

**19 / CEI**

**EXHIBIT 3-E**

B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Tikhonov, Gennady** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Tikhonov, Albina** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**FDBA G & M Management LLC; FDBA West Coast Imaging** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7419** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6676** |
| Street Address of Debtor (No. and Street, City, and State):<br>**14713 Valleyheart Drive**<br>**Sherman Oaks, CA**                ZIP Code **91403** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**14713 Valleyheart Drive**<br>**Sherman Oaks, CA**                ZIP Code **91403** |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business:<br>**Los Angeles** |
| Mailing Address of Debtor (if different from street address):<br><br>                ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>                ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

**Type of Debtor**
(Form of Organization)
(Check one box)

■ Individual (includes Joint Debtors)
*See Exhibit D on page 2 of this form.*
☐ Corporation (includes LLC and LLP)
☐ Partnership
☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box)

☐ Health Care Business
☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
☐ Railroad
☐ Stockbroker
☐ Commodity Broker
☐ Clearing Bank
■ Other

**Tax-Exempt Entity**
(Check box, if applicable)

☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☐ Chapter 7          ☐ Chapter 15 Petition for Recognition
☐ Chapter 9              of a Foreign Main Proceeding
☐ Chapter 11         ☐ Chapter 15 Petition for Recognition
☐ Chapter 12             of a Foreign Nonmain Proceeding
■ Chapter 13

**Nature of Debts**
(Check one box)

☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."          ■ Debts are primarily business debts.

**Filing Fee** (Check one box)

■ Full Filing Fee attached

☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.

☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).
Check if:
☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).
Check all applicable boxes:
☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1)(4/10)    Page 2

| **Voluntary Petition**  *(This page must be completed and filed in every case)* | Name of Debtor(s):  **Tikhonov, Gennady**  **Tikhonov, Albina** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location  Where Filed:  **Central District** | Case Number:  **SV11-11044-VK** | Date Filed:  **1/26/11** |
| Location  Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:  **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X _____  Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**  (Check any applicable box)

■    Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐    There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐    Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**  (Check all applicable boxes)

☐    Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____  (Name of landlord that obtained judgment)

_____  (Address of landlord)

☐    Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐    Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐    Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)        Page 3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Tikhonov, Gennady**<br>**Tikhonov, Albina** |

<b>Signatures</b>

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Gennady Tikhonov**
_____
Signature of Debtor **Gennady Tikhonov**

X **/s/ Albina Tikhonov**
_____
Signature of Joint Debtor **Albina Tikhonov**

Telephone Number (If not represented by attorney)

**May 5, 2011**
Date

**Signature of Attorney\***

X **/s/ Elena Steers**
_____
Signature of Attorney for Debtor(s)

**Elena Steers 193237**
Printed Name of Attorney for Debtor(s)

**Law Offices of Steers & Associates**
Firm Name

**16633 Ventura Blvd., Ste. 900**
**Encino, CA 91436**

_____
Address

          **Email: steerslaw@yahoo.com**
**(818) 345-9913 Fax: (818) 981-1227**
Telephone Number

**May 5, 2011**           **193237**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Central District of California

In re    **Gennady Tikhonov**
        **Albina Tikhonov**

                               Debtor(s)

Case No. _____

Chapter    **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                              Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Gennady Tikhonov**
                                   **Gennady Tikhonov**

Date:   **May 5, 2011**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Central District of California

In re    **Gennady Tikhonov**
        **Albina Tikhonov** _____

                                Debtor(s)

Case No. _____

Chapter     **13**           

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

      Signature of Debtor:    **/s/ Albina Tikhonov**

                                **Albina Tikhonov**

      Date:    **May  5, 2011**

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **Chapter 7**
    **Case No.: 11-11044-VK**
    **Filed: 1/26/2011**
    **Dismissed: 4/19/2011**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **Encino** , California.

Dated  **May 5, 2011**

/s/ Gennady Tikhonov

**Gennady Tikhonov**
*Debtor*

/s/ Albina Tikhonov

**Albina Tikhonov**
*Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| Name: | **Elena Steers** |
|---|---|
| Address: | **16633 Ventura Blvd., Ste. 900** |
| | **Encino, CA 91436** |
| Telephone: | **(818) 345-9913** | Fax: | **(818) 981-1227** |

■ Attorney for Debtor
☐ Debtor in Pro Per

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| List all names including trade names, used by Debtor(s) within last 8 years: | Case No.: |
|---|---|
| **Gennady Tikhonov** **Albina Tikhonov** **FDBA G & M Management LLC; FDBA West Coast Imaging** | **NOTICE OF AVAILABLE CHAPTERS** (Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code) |

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.    **Services Available from Credit Counseling Agencies**

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

2.    **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

**Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)**

1.    Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

2.    Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

3.    The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3.   Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | | |
|---|---|---|
| **Gennady Tikhonov** | X  /s/ Gennady Tikhonov | May  5, 2011 |
| **Albina Tikhonov** | | |
| Printed Name of Debtor | Signature of Debtor | Date |
| | | |
| Case No. (if known) | X  /s/ Albina Tikhonov | May  5, 2011 |
| | Signature of Joint Debtor (if any) | Date |

# United States Bankruptcy Court
## Central District of California

In re    **Gennady Tikhonov,**      Case No. _____

         **Albina Tikhonov**

                                                      **Debtors**      Chapter _____ **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 900,000.00 | | |
| B - Personal Property | Yes | 3 | 36,000.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 1,181,748.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 7 | | 73,209.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 7,506.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 7,206.00 |
| Total Number of Sheets of ALL Schedules | | 18 | | | |
| Total Assets | | | 936,000.00 | | |
| Total Liabilities | | | | 1,254,957.00 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Central District of California

In re   **Gennady Tikhonov,**                                         Case No. _____
        **Albina Tikhonov**

                                     Debtors        Chapter _____ **13**

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

■  Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | |
| Average Expenses (from Schedule J, Line 18) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re      **Gennady Tikhonov,**                                            Case No. _____
           **Albina Tikhonov**
_____,
                        Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **14713 Valleyheart Drive Sherman Oaks, CA 91403 (Property Loans are not in Debtors name)** | **Fee Simple** | **C** | **900,000.00** | **1,173,356.00** |

|  |  |  |  |
|---|---|---|---|
| Sub-Total > | **900,000.00** | (Total of this page) |
| Total > | **900,000.00** |  |

__0__   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

In re  **Gennady Tikhonov,**
       **Albina Tikhonov**
                                                          Case No. _____
_____,
                    **Debtors**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

   **Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Average Cash on Hand** | **C** | **300.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account Bank of America** | **J** | **2,200.00** |
| | | **Savings Account Bank of America** | **W** | **1,000.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Misc. Household Goods and Furniture** | **C** | **1,700.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Clothes** | **C** | **600.00** |
| 7. Furs and jewelry. | | **Jewelry** | **C** | **500.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

                                                          Sub-Total >        **6,300.00**
                                                      (Total of this page)

  __2__   continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Gennady Tikhonov,**
        **Albina Tikhonov**
                                              Case No. _____

                                  **Debtors** ,

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **BehringerHarvard REIT I, INC** | W | 12,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Time Share in Palms Springs** | C | 5,000.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                                    Sub-Total >     **17,000.00**
                                                 (Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                  Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Gennady Tikhonov,**                Case No. _____

          **Albina Tikhonov**

_____,

                       Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | '10 Mercedes (Lease) | C | 0.00 |
| | | '08 Nissan Altima | C | 12,700.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---:|
| Sub-Total > | 12,700.00 |
| (Total of this page) | |
| Total > | 36,000.00 |

Sheet   __2__   of   __2__   continuation sheets attached
to the Schedule of Personal Property

                         (Report also on Summary of Schedules)

B6C (Official Form 6C) (4/10)

In re   **Gennady Tikhonov,**                                         Case No. _____

          **Albina Tikhonov**

                                 Debtors

## SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                   $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                       *with respect to cases commenced on or after the date of adjustment.)*
☒ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Average Cash on Hand** | C.C.P. § 703.140(b)(5) | 300.00 | 300.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account** | C.C.P. § 703.140(b)(5) | 2,200.00 | 2,200.00 |
| **Bank of America** | | | |
| **Savings Account** | C.C.P. § 703.140(b)(5) | 1,000.00 | 1,000.00 |
| **Bank of America** | | | |
| **Household Goods and Furnishings** | | | |
| **Misc. Household Goods and Furniture** | C.C.P. § 703.140(b)(3) | 1,700.00 | 1,700.00 |
| **Wearing Apparel** | | | |
| **Clothes** | C.C.P. § 703.140(b)(3) | 600.00 | 600.00 |
| **Furs and Jewelry** | | | |
| **Jewelry** | C.C.P. § 703.140(b)(4) | 500.00 | 500.00 |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **BehringerHarvard** | C.C.P. § 703.140(b)(10)(E) | 11,622.00 | 12,000.00 |
| **REIT I, INC** | | | |
| **Stock and Interests in Businesses** | | | |
| **Time Share in Palms Springs** | C.C.P. § 703.140(b)(5) | 5,000.00 | 5,000.00 |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **'08 Nissan Altima** | C.C.P. § 703.140(b)(2) | 3,525.00 | 12,700.00 |
| | C.C.P. § 703.140(b)(5) | 783.00 | |

                                             Total:      **27,230.00**      **36,000.00**

__**0**__  continuation sheets attached to Schedule of Property Claimed as Exempt

B6E (Official Form 6E) (4/10)

In re    **Gennady Tikhonov,**                                                   Case No. _____
         **Albina Tikhonov**
_____,
                    Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____**0**_____  continuation sheets attached

B6G (Official Form 6G) (12/07)

In re    **Gennady Tikhonov,**                             Case No. _____

          **Albina Tikhonov**

_____,

Debtors

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Mb Fin Svcs**<br>**36455 Corporate Drive**<br>**Farmington Hills, MI 48331** | **'10 Mercedes (Lease)** |

**0**

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                           Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re     **Gennady Tikhonov,**                                          Case No. _____
          **Albina Tikhonov,**

_____,
                                    Debtors

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

B6J (Official Form 6J) (12/07)

In re  **Gennady Tikhonov**
       **Albina Tikhonov**                                                    Case No. _____
_____
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 5,134.00 |
|    a. Are real estate taxes included? | Yes **X**    No ___ | | |
|    b. Is property insurance included? | Yes **X**    No ___ | | |
| 2. Utilities:   a. Electricity and heating fuel | | $ | 100.00 |
|           b. Water and sewer | | $ | 50.00 |
|           c. Telephone | | $ | 60.00 |
|           d. Other | | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 0.00 |
| 4. Food | | $ | 450.00 |
| 5. Clothing | | $ | 70.00 |
| 6. Laundry and dry cleaning | | $ | 60.00 |
| 7. Medical and dental expenses | | $ | 0.00 |
| 8. Transportation (not including car payments) | | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 0.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
|           a. Homeowner's or renter's | | $ | 0.00 |
|           b. Life | | $ | 0.00 |
|           c. Health | | $ | 0.00 |
|           d. Auto | | $ | 200.00 |
|           e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
|      (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
|           a. Auto | | $ | 592.00 |
|           b. Other  '08 Nissan Altima | | $ | 210.00 |
|           c. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other  **Misc. Personal** | | $ | 80.00 |
|      Other | | $ | 0.00 |

| | | | |
|---|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ | 7,206.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | | |
|---|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | | |
| a.   Average monthly income from Line 15 of Schedule I | | $ | 7,506.00 |
| b.   Average monthly expenses from Line 18 above | | $ | 7,206.00 |
| c.   Monthly net income (a. minus b.) | | $ | 300.00 |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Central District of California

In re    **Gennady Tikhonov**
       **Albina Tikhonov**

                              Debtor(s)

Case No. _____

Chapter     **13**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **20**  
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    **May 5, 2011**                 Signature    **/s/ Gennady Tikhonov**

                                                    **Gennady Tikhonov**
                                                      Debtor

Date    **May 5, 2011**                 Signature    **/s/ Albina Tikhonov**

                                                      **Albina Tikhonov**
                                                      Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)          1998 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| In re **Gennady Tikhonov** **Albina Tikhonov**<br><br>Debtor. | Case No.:<br><br>**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   For legal services, I have agreed to accept ................................................ $ _____ **4,000.00**

   Prior to the filing of this statement I have received ................................... $ _____ **500.00**

   Balance Due ........................................................................................... $ _____ **3,500.00**

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6. By agreement with the debtor(s), the above-disclosed fee does not include the following services
      **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **May  5, 2011** | **/s/ Elena Steers** |
|---|---|
| _Date_ | **Elena Steers** |
| | _Signature of Attorney_ |
| | **Law Offices of Steers & Associates** |
| | _Name of Law Firm_ |
| | **16633 Ventura Blvd., Ste. 900** |
| | **Encino, CA 91436** |
| | **(818) 345-9913  Fax: (818) 981-1227** |

February 2006                                                              2006 USBC Central District of California

## United States Bankruptcy Court
### Central District of California

In re  **Gennady Tikhonov**
       **Albina Tikhonov**
                                    _____          Case No.  _____
                                         Debtor(s)            Chapter      **13**

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
# PURSUANT TO 11 U.S.C. § 521 (a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to one of the following statements:

I,   **Gennady Tikhonov** , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☐          I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
            (*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐          I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

■          I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


I,   **Albina Tikhonov** , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

■          I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
            (*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐          I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐          I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.


Date  **May  5, 2011** _____          Signature  **/s/ Gennady Tikhonov** _____
                                                             **Gennady Tikhonov**
                                                             Debtor


Date  **May  5, 2011** _____          Signature  **/s/ Albina Tikhonov** _____
                                                             **Albina Tikhonov**
                                                             Joint Debtor

B22C (Official Form 22C) (Chapter 13) (12/10)

| In re | **Gennady Tikhonov** | | According to the calculations required by this statement: |
|---|---|---|---|
| | **Albina Tikhonov** | | ■ **The applicable commitment period is 3 years.** |
| | Debtor(s) | | ☐ The applicable commitment period is 5 years. |
| Case Number: | _____ | | ☐ **Disposable income is determined under § 1325(b)(3).** |
| | (If known) | | ■ **Disposable income is not determined under § 1325(b)(3).** |
| | | | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly.  Joint debtors may complete one statement only.

| | **Part I. REPORT OF INCOME** | | | |
|---|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ■ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | | |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | **Column A**<br><br>Debtor's<br>Income | **Column B**<br><br>Spouse's<br>Income |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | $        0.00 | $    2,400.00 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | Gross receipts | $        0.00 | $        0.00 | | |
| b. | Ordinary and necessary business expenses | $        0.00 | $        0.00 | | |
| c. | Business income | Subtract Line b from Line a | | $        0.00 | $        0.00 |

| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  Do not enter a number less than zero.  **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | | |
|---|---|---|---|---|---|
| | | Debtor | Spouse | | |
| a. | Gross receipts | $        0.00 | $        0.00 | | |
| b. | Ordinary and necessary operating expenses | $        0.00 | $        0.00 | | |
| c. | Rent and other real property income | Subtract Line b from Line a | | $        0.00 | $        0.00 |

| 5 | **Interest, dividends, and royalties.** | | $        0.00 | $        0.00 |
|---|---|---|---|---|
| 6 | **Pension and retirement income.** | | $        0.00 | $        0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | | $        0.00 | $        0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act  Debtor $        0.00  Spouse $        0.00 | | $        0.00 | $        0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | |
| | | **Debtor** | **Spouse** | | |
| | a. | $ | $ | | |
| | b. | $ | $ | $ 0.00 | $ 0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | | $ 0.00 | $ 2,400.00 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | | $ 2,400.00 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| | | |
|---|---|---|
| 12 | **Enter the amount from Line 11** | $ 2,400.00 |
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. <br><br> a. _____ $ _____ <br> b. _____ $ _____ <br> c. _____ $ _____ <br><br> Total and enter on Line 13 | $ 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ 2,400.00 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ 28,800.00 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence: **CA**    b. Enter debtor's household size: **2** | $ 62,970.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br><br> ■ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br><br> ☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| | | |
|---|---|---|
| 18 | **Enter the amount from Line 11.** | $ 2,400.00 |
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. <br><br> a. _____ $ _____ <br> b. _____ $ _____ <br> c. _____ $ _____ <br><br> Total and enter on Line 19. | $ 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 2,400.00 |

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **28,800.00** |
|----|----|----|----|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **62,970.00** |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>■ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** |
|----|----|

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|----|----|----|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. |  |
|----|----|----|

| **Persons under 65 years of age** | | **Persons 65 years of age or older** | | |
|----|----|----|----|----|
| a1. | Allowance per person | a2. | Allowance per person | |
| b1. | Number of persons | b2. | Number of persons | |
| c1. | Subtotal | c2. | Subtotal | $ |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|----|----|----|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B. **Do not enter an amount less than zero.** |  |
|----|----|----|

| a. | IRS Housing and Utilities Standards; mortgage/rent expense | $ |  |
|----|----|----|----|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ |  |
| c. | Net mortgage/rental expense | Subtract Line b from Line a | $ |

| 26 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below:<br><br> | $ |
|----|----|----|

Case 2-12020-20-MO40-0MO-M40-9   Doc IF5D0005/0535/1Enterede050/705/35/6:0009:29:1Fx52iib7t Exhibit 3
Main Document   Page 98Pageof 28863   Page 28 of 37

B22C (Official Form 22C) (Chapter 13) (12/10)                                                                                    4

| | | |
|---|---|---|
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0  ☐ 1  ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | |
| | <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | |
| | <table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ |

| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
|----|----|----|
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ |

### Subpart B: Additional Living Expense Deductions
### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. |  |
|----|----|----|
| | a. | Health Insurance | $ | |
| | b. | Disability Insurance | $ | |
| | c. | Health Savings Account | $ | |
| | Total and enter on Line 39 | $ |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ | |
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ |

| | **Subpart C: Deductions for Debt Payment** | | | |
|---|---|---|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. | | | $ |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance |
|---|---|---|---|---|
| a. | | | $ | ☐yes ☐no |
| | | | Total: Add Lines | |

| | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | $ |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines |

| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ |
|---|---|---|

| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | | $ |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b |

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |
|---|---|---|

| | **Subpart D: Total Deductions from Income** | |
|---|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ |

| | **Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |

| | | |
|---|---|---|
| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | |

| | Nature of special circumstances | Amount of Expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines | |

| | | $ |
|---|---|---|
| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| | | |
|---|---|---|
| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c and d | $ |

## Part VII. VERIFICATION

| | |
|---|---|
| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |

Date:  **May  5, 2011**          Signature:  **/s/ Gennady Tikhonov**

                              **Gennady Tikhonov**

                              (Debtor)

Date:  **May  5, 2011**          Signature  **/s/ Albina Tikhonov**

                              **Albina Tikhonov**

                              (Joint Debtor, if any)

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name      **Elena Steers**

Address   **16633 Ventura Blvd., Ste. 900 Encino, CA 91436**

Telephone **(818) 345-9913 Fax: (818) 981-1227**

■ Attorney for Debtor(s)
☐ Debtor in Pro Per

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| List all names including trade names used by Debtor(s) within last 8 years:<br>**Gennady Tikhonov**<br>**Albina Tikhonov**<br>**FDBA G & M Management LLC; FDBA West Coast Imaging** | Case No.: |
| | Chapter:         **13** |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __5__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:  **May  5, 2011**                          **/s/ Gennady Tikhonov**
                                                **Gennady Tikhonov**
                                                Signature of Debtor

Date:  **May  5, 2011**                          **/s/ Albina Tikhonov**
                                                **Albina Tikhonov**
                                                Signature of Debtor

Date:  **May  5, 2011**                          **/s/ Elena Steers**
                                                Signature of Attorney
                                                **Elena Steers**
                                                **Law Offices of Steers & Associates**
                                                **16633 Ventura Blvd., Ste. 900**
                                                **Encino, CA 91436**
                                                **(818) 345-9913   Fax: (818) 981-1227**

Gennady Tikhonov
14713 Valleyheart Drive
Sherman Oaks, CA 91403


Albina Tikhonov
14713 Valleyheart Drive
Sherman Oaks, CA 91403


Elena Steers
Law Offices of Steers & Associates
16633 Ventura Blvd., Ste. 900
Encino, CA 91436


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


AT & T
PO Box 44167
Jacksonville, FL 32231

Balboa LA
PO Box 3125
Granada Hills, CA 91394


Bank Of America
Attn: Bankruptcy NC4-105-03-14
PO Box 26012
Greensboro, NC 27410


Ca Ent Agcy
PO Box 250111
Glendale, CA 91225


California Recovery Bu.
135 Vallecitos De Oro Street
San Marcos, CA 92069


Cedars Sinai Imaging Med Grp
PO Box 4313
Woodland Hills, CA 91365


Chase
PO Box 15298
Wilmington, DE 19850


Consultants for Pathology
1801 W. Olympic Blvd.
Pasadena, CA 91199


Dsnb Bloom
Bloomingdale's Bankruptcy
PO Box 8053
Mason, OH 45040

```
GMAC Mortgage
PO Box 79135
Phoenix, AZ 85062


Goodyearcbsd
PO Box 6497
Sioux Falls, SD 57117


Grant & Weber
26575 West Agoura Road
Calabasas, CA 91302


Hollywood Piano Company
1033 N. Hollywood Way, Suite E
Burbank, CA 91505


Hsbc/neimn
Hscb Retail Srvs/ Attn: Bankruptcy
PO Box 5213
Carol Stream, IL 60197


Hsbc/neimn
Hscb Retail Srvs/ Attn: Bankruptcy
PO Box 5213
Carol Stream, IL 60197


Hsbc/saks
PO Box 60102
City of Industry, CA 91716-0102


J J Mac Intyre Co Inc
1801 California Avenue
Corona, CA 92881
```

J J Mac Intyre Co Inc
1801 California Avenue
Corona, CA 92881


Mb Fin Svcs
36455 Corporate Drive
Farmington Hills, MI 48331


MCI
PO Box 650355
Dallas, TX 75265


Nissan Infinity LT
PO Box 37191
Dallas, TX 75266


Nordstrom FSB
Attention: Bankruptcy Department
PO Box 6555
Englewood, CO 80155


Progressive Mgmt System
1521 W. Cameron Ave Fl 1
West Covina, CA 91790


Quest Diagnostics
PO Box 78406
Phoenix, AZ 85062


Sequoia Financial Services
500 N. Brand Blvd.
Glendale, CA 91203

Sequoia Financial Services
500 N. Brand Blvd.
Glendale, CA 91203


The Akselrod Family Trust
12400 Wilshire Blvd., #1250
Los Angeles, CA 90025


The Akselrod Family Trust
12400 Wilshire Blvd., #1250
Los Angeles, CA 90025


Time Warner
c/o Credit Management
4200 International Pwy.
Carrolton, TX 75007


USTrustee
21051 Warner Center Lane, # 115
Woodland Hills, CA 91367


Vargo Physical Therapy, Inc.
27125 Sierra Highway, Suite 203
Canyon Country, CA 91351


Westside Recovery Services
6200 Wilshire Blvd., Suite 1
Los Angeles, CA 90048


WMALA - Main (NLHM)
99 N. La Cienega Blvd., 103
Beverly Hills, CA 90211

| United States Bankruptcy Court Central District Of California | |
|---|---|
| In re:<br>Gennady Tikhonov<br>fdba G & M Management LLC, fdba West Coast ImagingAlbina Tikhonov | CHAPTER NO.: 13 |
| | CASE NO.: 1:11–bk–15614–MT |

## CASE COMMENCEMENT DEFICIENCY NOTICE

**To Debtor and Debtor's Attorney of Record,**
**YOUR CASE MAY BE DISMISSED IF YOU FAIL TO CURE THE FOLLOWING DEFICIENCIES:**

You must cure the following within 14 days from filing of your petition:

☑ Debtor's Certification of Employment Income pursuant to 11 U.S.C. § 521(a)(1)(B)(iv)

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

For all items above that are not electronically filed you must file the original and the following number of copies in accordance with Local Bankruptcy Rules 1002–1(c) and 5005–2, and Court Manual, section 2–1(a)(7).

      Chapter 13    Original only

**Please return the original or copy of this form with all required items to the following location:**

     21041 Burbank Blvd, Woodland Hills, CA 91367–6603

If you have any questions, please contact the below–referenced Deputy Clerk:

Dated: May 5, 2011

       **KATHLEEN J. CAMPBELL, CLERK OF COURT**

       **By: Casaundra Beamon**
         **Deputy Clerk**

ccdn – Revised 12/2010                          **1 /**

# United States Bankruptcy Court
# Central District Of California

In re:
Gennady Tikhonov
fdba G & M Management LLC, fdba West Coast ImagingAlbina
Tikhonov

CHAPTER NO.: 13

CASE NO.: 1:11-bk-15614-MT

# ORDER TO COMPLY WITH BANKRUPTCY RULE 1007 and 3015(b)
# AND NOTICE OF INTENT TO DISMISS CASE

**To Debtor and Debtor's Attorney of Record,**

YOU FAILED TO FILE THE FOLLOWING DOCUMENTS:

**Schedule F**
**Schedule D**
**Schedule I**
**Chapter 13 Plan**
**Stmt. of Fin. Affairs**

**Even if the indicated documents are not applicable to your particular situation, they must still be filed with the notation 'None' marked thereon.**

According to Bankruptcy Rules 1007(c) and 3015(b), <u>within 14 days after you filed the petition</u>, **YOU MUST EITHER:**

(1)　File the required documents. If the document is filed electronically, no hard copy need to be submitted to the court. (See Local Bankruptcy Rule 5005-2(d) and Court Manual, Appendix "F" as to whether a copy must be served on the judge.)

**OR**

(2)　File and serve a motion for an order extending the time to file the required document(s). If you make such a motion and it is denied after the 14 days have expired, your case will be dismissed.

**IF YOU DO NOT COMPLY** in a timely manner with either of the above alternatives, the court **WILL DISMISS YOUR CASE WITHOUT FURTHER NOTICE.**

**BY ORDER OF THE COURT**

Dated: May 5, 2011

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

By: <u>Casaundra Beamon</u>
　Deputy Clerk

deforco – Revised 12/2010

**1 /**

**EXHIBIT 3-F**

| Attorney or Party Name, Address, Telephone & Fax Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Elena Steers, State Bar No. 193237<br>16633 Ventura Blvd., Ste. 900<br>Encino, CA 91436<br>Telephone: (818) 345-9913, Facsimile: (818) 981-1227<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for Movant* | **FILED & ENTERED**<br><br>**JUN 09 2011**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY narraway DEPUTY CLERK** |

<table>
<tr><td colspan="2" align="center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b></td></tr>
<tr><td>In re<br><br>GENNADY TIKHONOV and ALBINA TIKHONOV<br><br><br><br><br>Debtor(s).</td><td>CHAPTER: 13<br><br>CASE NO.: SV11-15614-MT<br><br>DATE: June 1, 2011<br>TIME:  9:30 a.m.<br>CTRM: 302<br>FLOOR: 3rd</td></tr>
</table>

## ORDER GRANTING MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY
### (MOVANT: <u>Gennady Tikhonov and Albina Tikhonov          </u>)

1.  The Motion was:          ☐ Contested          ☒ Uncontested          ☐ Settled by Stipulation

2.  The Motion affects the following personal property ("Property"):

    ☐ Vehicle *(describe year, manufacturer, type and model)*:

          *Vehicle Identification Number:*
          *Location of vehicle (if known):*

    ☐ Equipment *(describe manufacturer, type, and characteristics)*:

          *Serial numbers(s):*
          *Location (if known):*

    ☐ Other Personal Property *(describe type, identifying information, and location)*:

    ☒ Real Property:
       *Street Address:* 14713 Valleyheart Drive
       *Apt/Suite No.:*
       *City, State, Zip Code:* Sherman Oaks, CA 91403

    Legal description or document recording number (including county of recording):

    ☐ See attached page.

3.  The Motion is granted on the grounds that:

  a.  ☒  The present case was filed in good faith.

  b.  ☐  The Property is of consequential value or benefit to the estate.

  c.  ☒  The presumption of bad faith under 11 U.S.C. § 362(c)(3)(C)(i) or (c)(4)(D)(i) has been overcome as to all creditors.

  d.  ☐  The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C. § 362(c)(3)(C)(ii) or (c)(4)(D)(ii) has been overcome.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*          **F 4001-10.IS**

Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay - *Page 2 of 8*     **F 4001-10.IS**

| In re: GENNADY TIKHONOV and ALBINA TIKHONOV | CHAPTER 13 |
|---|---|
| Debtor. | CASE NUMBER SV11-15614-MT |

4.     The stay of 11 U.S.C. § 362(a) is

     a.    ☐   Imposed *as to all creditors* until further order of the court.

     b.    ☐   Imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

     c.    ☐   Imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

     d.    ☒   Continued *as to all creditors* until further order of the court.

     e.    ☐   Continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

     f.    ☐   Continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

5.    ☐   The stay shall be imposed or continued in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

6.    ☐   See attached continuation page for additional provisions.

###

DATED: June 9, 2011

_____
United States Bankruptcy Judge

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*     **F 4001-10.IS**

F 4001-10.IS

| In re: GENNADY TIKHONOV and ALBINA TIKHONOV | CHAPTER 13 |
| --- | --- |
| Debtor. | CASE NUMBER SV11-15614-MT |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:



A true and correct copy of the foregoing document described <u>Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay</u> _____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served)**:**
On <u>June 2, 2011</u> I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 2, 2011 | Lusine Badalyan | /s/ Lusine Badalyan |
| --- | --- | --- |
| *Date* | *Type Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                 F 4001-10.IS

Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay - *Page 5 of 8*        **F 4001-10.IS**

| In re: GENNADY TIKHONOV and ALBINA TIKHONOV | CHAPTER 13 |
|---|---|
| Debtor. | CASE NUMBER SV11-15614-MT |

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Los Angeles City Clerk
P.O. Box 53200
Los Angeles, CA 90053-0200

AT & T
PO Box 44167
Jacksonville, FL 32231

American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355

Balboa LA
PO Box 3125
Granada Hills, CA 91394

Bank Of America
Attn: Bankruptcy NC4-105-03-14
PO Box 26012
Greensboro, NC 27410

CEDARS SINAI
c/o SEQUOIA FINANCIAL SERVICES
500 N BRAND BLVD STE 1200
GLENDALE CA 91203-1923

Ca Ent Agcy
PO Box 250111
Glendale, CA 91225

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*        **F 4001-10.IS**

| In re: GENNADY TIKHONOV and ALBINA TIKHONOV | CHAPTER 13 |
| | CASE NUMBER SV11-15614-MT |
| Debtor. | |

California Recovery Bu.
135 Vallecitos De Oro Street
San Marcos, CA 92069

Cedars Sinai Imaging Med Grp
PO Box 4313
Woodland Hills, CA 91365

Chase
PO Box 15298
Wilmington, DE 19850

Consultants for Pathology
1801 W. Olympic Blvd.
Pasadena, CA 91199

Dsnb Bloom
Bloomingdale's Bankruptcy
PO Box 8053
Mason, OH 45040

GMAC Mortgage
PO Box 79135
Phoenix, AZ 85062

Goodyearcbsd
PO Box 6497
Sioux Falls, SD 57117

Grant & Weber
26575 West Agoura Road
Calabasas, CA 91302

Hollywood Piano Company
1033 N. Hollywood Way, Suite E
Burbank, CA 91505

Hsbc/neimn
Hscb Retail Srvs/ Attn: Bankruptcy
PO Box 5213
Carol Stream, IL 60197

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*   **F 4001-10.IS**

Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay - *Page 7 of 8*                **F 4001-10.IS**

| In re: GENNADY TIKHONOV and ALBINA TIKHONOV | CHAPTER 13 |
|---|---|
| Debtor. | CASE NUMBER SV11-15614-MT |

Hsbc/saks
PO Box 60102
City of Industry, CA 91716-0102

J J Mac Intyre Co Inc
1801 California Avenue
Corona, CA 92881

MCI
PO Box 650355
Dallas, TX 75265

Mb Fin Svcs
36455 Corporate Drive
Farmington Hills, MI 48331

Nissan Infinity LT
PO Box 37191
Dallas, TX 75266

Nordstrom FSB
Attention: Bankruptcy Department
PO Box 6555
Englewood, CO 80155

Progressive Mgmt System
1521 W. Cameron Ave Fl 1
West Covina, CA 91790

Quest Diagnostics
PO Box 78406
Phoenix, AZ 85062

Sequoia Financial Services
500 N. Brand Blvd.
Glendale, CA 91203

The Akselrod Family Trust
12400 Wilshire Blvd., #1250
Los Angeles, CA 90025

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                 **F 4001-10.IS**

**F 4001-10.IS**

| In re: GENNADY TIKHONOV and ALBINA TIKHONOV | CHAPTER 13 |
|---|---|
| Debtor. | CASE NUMBER SV11-15614-MT |

Time Warner c/o Credit Management
4200 International Pwy.
Carrolton, TX 75007

Vargo Physical Therapy, Inc.
27125 Sierra Highway, Suite 203
Canyon Country, CA 91351

WMALA - Main (NLHM)
99 N. La Cienega Blvd., 103
Beverly Hills, CA 90211

Westside Recovery Services
6200 Wilshire Blvd., Suite 1
Los Angeles, CA 90048

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                          **F 4001-10.IS**

Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay - *Page 9 of 8*    **F 4001-10.IS**

| In re: GENNADY TIKHONOV and ALBINA TIKHONOV | CHAPTER 13 |
|---|---|
| Debtor. | CASE NUMBER SV11-15614-MT |

### NOTE TO USERS OF THIS FORM:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) <u>Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay</u> was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of <u>June 2, 2011</u>, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
Elena Steers                          steerslaw@yahoo.com
United States Trustee (SV)      ustpregion16.wh.ecf@usdoj.gov

☐  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                                                    **F 4001-10.IS**

**EXHIBIT 3-G**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Elena Steers**<br>**Law Offices of Steers & Associates**<br>16633 Ventura Blvd., Ste. 900<br>Encino, CA 91436<br>(818) 345-9913 Fax: (818) 981-1227<br>193237<br>☐ Attorney for: | |

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br><br>    **Gennady Tikhonov**<br>    **Albina Tikhonov**<br><br>                           Debtor(s). | CASE NO.: SV 11- 15614-MT<br>CHAPTER: **7**<br>ADV. NO.: |

## ELECTRONIC FILING DECLARATION
## (INDIVIDUAL)

### PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

☐   Petition, statement of affairs, schedules or lists             Date Filed: _____

☐   Amendments to the petition, statement of affairs, schedules or lists   Date Filed: _____

☒   Other:  Amended  Ch. 13  Plan            Date Filed:  7/11/2011

    I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

/s/ Gennady Tikhonov                              7/11/2011
_____      _____
Signature of Signing Party                 Date
**Gennady Tikhonov**
_Printed Name of Signing Party_

/s/ Albina Tikhonov                           7/11/2011
_____      _____
Signature of Joint Debtor                  Date
**Albina Tikhonov**
_Printed Name of Joint Debtor_

### PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

    I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s)* or *Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s)* or *Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s)* or *Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

/s/ Elena Steers                             7/11/2011
_____      _____
Signature of Attorney for Signing Party        Date
**Elena Steers**
_Printed Name of Attorney for Signing Party_

November 2006
Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com              Best Case Bankruptcy

Name    **Elena Steers, Esq.**
Address   **Law Offices of Steers & Associates**
        **16633 Ventura Blvd., Ste. 900**
        **Encino, CA 91436**

Telephone  **(818) 345-9913**   (FAX)  **(818) 981-1227**
Email Address  **steerslaw@yahoo.com**

☒ Attorney for Debtor
State Bar No.  **193237**

☐ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years: | Chapter 13 Case No. SV11-15614-MT |
|---|---|
| **Gennady Tikhonov**<br>   **FDBA G & M Management LLC; FDBA West Coast Imaging**<br><br>**Albina Tikhonov** | **2nd AMENDED CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>**Date:** 6/15/2011<br>**Time:** 1:00 pm<br>**Place:** 21051 Warner Center Lane, # 105, WH, CA 91367<br>**CONFIRMATION HEARING:**<br>**Date:** 7/12/2011<br>**Time:** 9:30 am<br>**Place:** 21041 Burbank Blvd., Crtrm 302, WH, CA |

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 7 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                    **F3015-1.1**

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.   **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.   Payments by Debtor of **$200.00** per month for **36** months.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.   The base plan amount is $ 7,200.00  which is estimated to pay  4 % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.   Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D.   Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate  protection payments or preconfirmation lease payments.

E.   Other property:  (specify property or indicate none)
        NONE

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

**F3015-1.1**

**II.  ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.  ORDER OF PAYMENTS:

   1.  If there are Domestic Support Obligations, the order of priority shall be:

      (a)  Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

      (b)  Administrative expenses (Class 1(a)) in an amount not exceeding ___**100**___% of each Plan Payment until paid in full;

   2.  If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding _**100**_% of each Plan Payment until paid in full.

   3.  Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

   4.  Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

   5.  No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                      **F3015-1.1**

B.    CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
|---|---|---|---|---|---|
| **ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507** | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a.  Administrative Expenses | | | | | |
| (1)    Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. Attorney fees will be paid in the first (17-18) months. | | | | | |
| (2)    Attorney's Fees | 3,500.00 | | | | 3,500.00 |
| (3)    Chapter 7 Trustee's Fees | | | | | |
| (4)    Other | | | | | |
| b.  Other Priority Claims | | | | | |
| (1)    Internal Revenue Service | | | | | |
| (2)    Franchise Tax Board | | | | | |
| (3)    Domestic Support Obligation | | | | | |
| (4)    Other | | | | | |
| c.  Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

**F3015-1.1**

## CLASS 2

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ☐    The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐    The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

_____      _____
            (name of creditor)                         (last 4 digits of account number)

_____      _____
            (name of creditor)                         (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| Name of Creditor | Last Four Digits of Account Number | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

## CLASS 3

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| CLASS 4 |
|---|

## OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE

1.  ☐   The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2.  ☐   The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                    _____
(name of creditor)                                                      (last 4 digits of account number)

_____                    _____
(name of creditor)                                                      (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.**

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

| CLASS 5 |
|---|

## NON-PRIORITY UNSECURED CLAIMS

Debtor estimates that non-priority unsecured claims total the sum of  **$74,433.00** .
Class 5 claims will be paid as follows:

(Check one box only.)

☒   Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.
OR

☐   Class 5 claims will be divided into subclasses as shown on the attached exhibit *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.   COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ **2,986.00**  which is estimated to pay  **4**  % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*

**F3015-1.1**

Case 1:20-bk-15644-VMT Doc 26 Filed 05/07/21 Entered 05/07/21 16:00:29 Exhibit Desc
Main Document Page 127 of 263 Page 8 of 21

Chapter 13 Plan (Rev. 12/09) - Page 7                                                           2009 USBC, Central District of California

## IV.  PLAN ANALYSIS

| | |
|---|---|
| **CLASS 1a** | **$3,500.00** |
| **CLASS 1b** | **$0.00** |
| **CLASS 1c** | **$0.00** |
| **CLASS 2** | **$0.00** |
| **CLASS 3** | **$0.00** |
| **CLASS 4** | **$0.00** |
| **CLASS 5** | **$2,986.00** |
| **SUB-TOTAL** | **$6,486.00** |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise)** | **$713.00** |
| **TOTAL PAYMENT** | **$7,200.00** |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.

    **Name of Other Party:**                  **Description of contract/lease:**
    -NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

| Name of Other Party: | Description of contract/lease: |
|---|---|
| Mercedes Benz Services | '10 Mercedes (Lease) |
| Nissan Infinity | '08 Nissan Altima (Lease) |

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

| Creditor Name: | Monthly Payment: |
|---|---|
| Mercedes Benz Services | '10 Mercedes (Lease) |
| Nissan Infinity | '08 Nissan Altima (Lease) |

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

| Creditor Name: | Description: |
|---|---|
| -The Akselrod Family Trust | 14713 Valleyheart Dr., Sherman Oaks, CA 91403 |

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

See Addendum to Chapter 13 Plan (F 3015-1.1).

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                                                            **F3015-1.1**

I.   The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI.   REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:   **July 11, 2011**                                    /s/ Elena Steers

                                                      **Elena Steers**
                                                      **193237**
                                                      Attorney for Debtor(s)


                                                      /s/ Gennady Tikhonov

                                                      **Gennady Tikhonov**
                                                      Debtor


                                                      /s/ Albina Tikhonov

                                                      **Albina Tikhonov**
                                                      Joint Debtor

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised December 2009*                                    **F3015-1.1**

<table>
<tr><td>

Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number

**Elena Steers**
**Law Offices of Steers & Associates**
**16633 Ventura Blvd., Ste. 900**
**Encino, CA 91436**
**(818) 345-9913 Fax: (818) 981-1227**
**California State Bar Number: 193237**

☐ *Individual appearing without counsel*
☒ *Attorney for: Debtor*

</td><td>

FOR COURT USE ONLY

</td></tr>
</table>

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

In re:



**Gennady Tikhonov**
**Albina Tikhonov**




Debtor(s).

CASE NO. **1:11-bk-15614**

CHAPTER: **13**

**Addendum to Chapter 13 Plan Concerning Debtors Who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence**

(A) **Scope: Consumer Debts Secured by a Mortgage on Real Property, or Secured by Manufactured Housing that the Debtor Occupies as the Debtor's Principal Residence**

    (1)     For purposes of this Addendum, which is incorporated into the debtor's chapter 13 plan (the "Plan"), the term "Mortgage Creditor" includes all creditors whose claims represent consumer debts secured in whole or in part by a security interest in real property or manufactured housing, which real property or manufactured housing constitutes the debtor's principal residence. The provisions of this Addendum are effective until the earlier of: (a) dismissal of the case; (b) the closing of the case; (c) entry of an order granting the debtor a discharge; and (d) entry of an order terminating the automatic stay under 11 U.S.C. § 362(d) as the stay applies to the Mortgage Creditor.

    (2)     Except as provided in paragraphs (3) and (4) below, if the Mortgage Creditor provided monthly statements to the debtor pre-petition, the Mortgage Creditor must provide monthly statements to the debtor. The monthly statements must contain at least the following information concerning post-petition mortgage payments to be made outside the Plan:

        (a)     The date of the statement and the date the next payment is due;

        (b)     The amount of the current monthly payment;

        (c)     The portion of the payment attributable to escrow, if any;

        (d)     The post-petition amount past due, if any, and from what date;

        (e)     Any outstanding post-petition late charges;

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2010*          Page 1          **F 3015-1.1ADDENDUM**

(f)     The amount and date of receipt of all payments received since the date of the last statement;

(g)     A telephone number and contact information that the debtor or the debtor's attorney may use to obtain reasonably prompt information regarding the loan and recent transactions; and

(h)     The proper payment address.

(3)     No monthly statement will be required in this case where post-petition mortgage payments are to be made to the chapter 13 trustee through the Plan, unless the amount of the monthly payment is scheduled to change (because of adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees). If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(4)     If, pre-petition, the Mortgage Creditor provided the debtor with "coupon books" or some other preprinted, bundled evidence of payments due, the Mortgage Creditor is not required to provide monthly statements under subsection (2) of this section. However, the Mortgage Creditor must supply the debtor with additional coupon books as needed or requested in writing by the debtor. If a Mortgage Creditor does send a monthly statement to the debtor or the chapter 13 trustee and the statement complies with subsection (B)(2) below, the Mortgage Creditor is entitled to the protections set out in such subsection.

(5)     The Mortgage Creditor must provide the following information to the debtor upon the reasonable written request of the debtor:

(a)     The principal balance of the loan;

(b)     The original maturity date;

(c)     The current interest rate;

(d)     The current escrow balance, if any;

(e)     The interest paid year to date; and

(f)     The property taxes paid year to date, if any.

(6)     The Mortgage Creditor must provide the following information to the debtor, the debtor's attorney and, when the debtor is making ongoing mortgage or arrearage payments through the chapter 13 trustee, the chapter 13 trustee, at least quarterly, and upon reasonable written request of the debtor or the chapter 13 trustee: (a) any other amounts due or proposed change in payments arising from an adjustable interest rate, charges paid by the Mortgage Creditor for taxes, insurance, attorney's fees or any other expenses or fees charged or incurred by the Mortgage Creditor, such as property inspection fees, servicing fees or appraisal fees; (b) the nature of the expense or charge; and (c) the date of the payment.

**(B)     Form of Communication; Modification of the Automatic Stay; and Motions for Order to Show Cause**

(1)     For the purposes of this Addendum, Mortgage Creditors will be considered to have sent the requisite documents or monthly statements to the debtor or the debtor's attorney, as applicable, when the Mortgage Creditor has placed the required document in any form of communication, which in the usual course would result in the debtor and the debtor's attorney receiving the document, to the address that the debtor and the debtor's attorney last provided to the Court. The form of communication may include, but is not limited to, electronic communication, United States Postal Service or use of a similar commercial communications carrier.

(2)     To the extent that the automatic stay arising in this case would otherwise prohibit such conduct, the automatic stay is modified as follows: Mortgage Creditors who provide account information or monthly statements under subsections (A)(1-6) above will not be found to have violated the automatic stay by doing so, and Mortgage Creditors may contact the debtor about the status of insurance coverage on property that is collateral for the Mortgage Creditor's claim, may respond to inquiries and requests for information about the account from the debtor and may send the debtor statements, payment coupons or other correspondence that the Mortgage Creditor sends to its non-debtor customers, without violating the automatic stay. In order for communication to be protected under this provision, the communication must indicate it is provided for information purposes and does not constitute demand for payment.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2010*                                   Page 2                          **F 3015-1.1ADDENDUM**

(3)     As a result of a Mortgage Creditor's alleged non-compliance with this Addendum, the debtor may file a Motion for Order to Show Cause in compliance with Local Bankruptcy Rule 9020-1 no earlier than sixty days after the Mortgage Creditor's failure to comply with sections (A) or (B). Before filing the motion, the debtor must make good faith attempts in writing to contact the Mortgage Creditor and to determine the cause of any non-compliance, and must indicate in the Motion for Order to Show Cause the good faith steps taken, together with a summary description of any response provided by the Mortgage Creditor.

(4)     If a Mortgage Creditor's regular billing system can provide a statement to the debtor that substantially complies with this Addendum, but does not fully conform to all of its requirements, the Mortgage Creditor may request that the debtor accept such statement. If the debtor declines to accept the non-conforming statement, a Mortgage Creditor may file a motion, on notice to the debtor, the debtor's attorney and the chapter 13 trustee, seeking a declaration of the Court that cause exists to allow such non-conforming statements to satisfy the Mortgage Creditor's obligations under this Addendum. For good cause shown, the Court may grant a waiver for purposes of this case and for either a limited or unlimited period of time.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## Instructions for Attaching

### Addendum to Chapter 13 Plan Concerning Debtors who are Repaying Debt Secured by a Mortgage on Real Property or a Lien on Personal Property the Debtor Occupies as the Debtor's Principal Residence

This optional addendum concerns chapter 13 debtors who are repaying debt secured by a mortgage on real property or a lien on personal property the debtor occupies as the debtor's principal residence.

A chapter 13 debtor may attach this addendum to his/her chapter 13 plan. This is a court-approved form and may not be altered, except for interlineations clearly marked on the court-approved form which are subject to the Court's review and approval upon consideration of the plan for confirmation. When attaching this form to the chapter 13 plan form (F 3015-1.1), the debtor must indicate in section V.F. (Page 6) of the chapter 13 plan form that the "Addendum to Chapter 13 Plan (F 3015-1.1A) is attached."

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*April 2010*      Page 4      **F 3015-1.1ADDENDUM**

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

16633 Ventura Blvd., Suite 900
Encino, CA 91436

A true and correct copy of the foregoing document described as **_Debtors' 2nd Amended Chapter 13 Plan_** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **7/1/2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Patti H Bass    ecf@bass-associates.com
- Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
- Elena Steers    steerslaw@yahoo.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐    Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **7/1/2011** served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_Fill in Date Document is Filed,_** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/1/2011 | Lusy Badalyan | /s/ Lusy Badalyan |
|----------|---------------|--------------------|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                           **F 9013-3.1.PROOF.SERVICE**

Gennady Tikhonov
14713 Valleyheart Drive
Sherman Oaks, CA 91403


Albina Tikhonov
14713 Valleyheart Drive
Sherman Oaks, CA 91403


Elena Steers
Law Offices of Steers & Associates
16633 Ventura Blvd., Ste. 900
Encino, CA 91436


AJ Physical Therapy, Inc.
16573 Ventura Blvd. #8
Encino, CA 91436


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355

Arash Bereliani, M.D.
125 North Robertson Blvd.
Beverly Hills, CA 90211


AT & T
PO Box 44167
Jacksonville, FL 32231


Balboa LA
PO Box 3125
Granada Hills, CA 91394


Bank Of America
Attn: Bankruptcy NC4-105-03-14
PO Box 26012
Greensboro, NC 27410


Ca Ent Agcy
PO Box 250111
Glendale, CA 91225


California Diagnostic Laboratories
7316 Deering Ave.
Canoga Park, CA 91303


California Recovery Bu.
135 Vallecitos De Oro Street
San Marcos, CA 92069


Cedars Sinai Imaging Med Grp
PO Box 4313
Woodland Hills, CA 91365

Cedars Sinai Imaging Med Grp
PO Box 4313
Woodland Hills, CA 91365


Chase
PO Box 15298
Wilmington, DE 19850


Coast to Coast Financial Solutions
101 Hodencamp Road Ste 120
Thousand Oaks, CA 91360


Consultants for Pathology
1801 W. Olympic Blvd.
Pasadena, CA 91199


David M. Grossman, M.D. Inc.
File 1034
1801 W. Olympic Blvd.
Pasadena, CA 91199


Dsnb Bloom
Bloomingdale's Bankruptcy
PO Box 8053
Mason, OH 45040


Elizabeth F. Rojas
Chapter 13 Trustee
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403


GMAC Mortgage
PO Box 79135
Phoenix, AZ 85062

Goodyearcbsd
PO Box 6497
Sioux Falls, SD 57117


Grant & Weber
26575 West Agoura Road
Calabasas, CA 91302


Hollywood Piano Company
1033 N. Hollywood Way, Suite E
Burbank, CA 91505


Hsbc/neimn
Hscb Retail Srvs/ Attn: Bankruptcy
PO Box 5213
Carol Stream, IL 60197


Hsbc/neimn
Hscb Retail Srvs/ Attn: Bankruptcy
PO Box 5213
Carol Stream, IL 60197


Hsbc/saks
PO Box 60102
City of Industry, CA 91716-0102


J J Mac Intyre Co Inc
1801 California Avenue
Corona, CA 92881


J J Mac Intyre Co Inc
1801 California Avenue
Corona, CA 92881

Joel Feinstein, MD
8631 West Third St. Ste 825E
Los Angeles, CA 90048


Macy's
P.O. Box 183083
Columbus, OH 43218-3083


MCI
PO Box 650355
Dallas, TX 75265


Mercedes Benz Financial Svcs
36455 Corporate Drive
Farmington Hills, MI 48331


Nissan Infinity LT
PO Box 37191
Dallas, TX 75266


Nissn Infinity Lt
Attn: Bankruptcy
8900 Freeport Parkway
Irving, TX 75063


Nordstrom FSB
Attention: Bankruptcy Department
PO Box 6555
Englewood, CO 80155


Progressive Mgmt System
1521 W. Cameron Ave Fl 1
West Covina, CA 91790

Protzel Pathology Laboratory
9735 Wilshire Blvd #249
Beverly Hills, CA 90212


Quest Diagnostics
PO Box 78406
Phoenix, AZ 85062


Sequoia Financial Services
500 N. Brand Blvd.
Glendale, CA 91203


Sequoia Financial Services
500 N. Brand Blvd.
Glendale, CA 91203


The Akselrod Family Trust
12400 Wilshire Blvd., #1250
Los Angeles, CA 90025


The Akselrod Family Trust
12400 Wilshire Blvd., #1250
Los Angeles, CA 90025


Time Warner
c/o Credit Management
4200 International Pwy.
Carrolton, TX 75007


USTrustee
21051 Warner Center Lane, # 115
Woodland Hills, CA 91367

Vargo Physical Therapy, Inc.
27125 Sierra Highway, Suite 203
Canyon Country, CA 91351


Westside Recovery Services
6200 Wilshire Blvd., Suite 1
Los Angeles, CA 90048


WMALA - Main (NLHM)
99 N. La Cienega Blvd., 103
Beverly Hills, CA 90211

**EXHIBIT 3-H**

| Attorney or Party Name, Address, Telephone & FAX No., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Elizabeth F. Rojas<br>Chapter 13 Trustee<br>15060 Ventura Blvd, Suite 240<br>Sherman Oaks, CA 91403<br>Tel. (818) 933-5700<br>Fax (818) 933-5755<br><br>*Chapter 13 Trustee* | **FILED & ENTERED**<br><br>OCT 05 2011<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY remy        DEPUTY CLERK** |

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br><br>GENNADY TIKHONOV<br><br>ALBINA TIKHONOV<br><br><br><br>Debtor(s). | CASE NO.: **SV11-15614-MT**<br><br>CHAPTER: 13 |
|---|---|
| | **ORDER CONFIRMING**<br>**CHAPTER 13 PLAN** |
| | DATE:          September 20, 2011<br>TIME:          9:30 am<br>PLACE:        Courtroom 302<br>                    21041 Burbank Blvd.<br>                    Woodland Hills, CA 91367 |

The Chapter 13 Plan or last amended plan, if any (the "Plan") of debtor(s), was filed on  July 11, 2011.

The Plan was served on the creditors pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure.  The debtor(s) appeared and was/were examined at a meeting conducted pursuant to 11 U.S.C. § 341(a).  The court finding that the Plan meets the requirements of 11 U.S.C. §1325, IT IS ORDERED AS FOLLOWS:

The Plan is hereby confirmed, with the following provisions:

1.   Plan Payments:

    a.   [ X ]   The amount of each monthly plan payment is $200.00.  The due date is the 4th day of each month for 36 months. The Plan provides for the payment of 4.00% of allowed claims for general unsecured creditors.

    b.   [   ]   The amount of each monthly plan payment is $_____ for months _____.  For months _____, the monthly plan payment is $_____. The due date is _____ day of each month. The Plan          provides for the payment of _____% of allowed claims for general unsecured creditors.

2.   Confirmation of the Plan is without prejudice to the rights of secured creditors with respect to the post-petition defaults by the debtor(s).

3.   Other provisions:

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

12-12020-mg Doc 3640-3 Filed 05/07/13 Entered 05/07/13 16:00:29 Exhibit 3
Pg 143 of 263

a. [X] This is a base plan with the debtor(s) paying at least <u>$200.00</u> of disposable income into the Plan.  The debtor(s) shall submit statements of income on an annual basis to the Trustee, which income shall be reviewed by the Trustee who may petition the court to increase the monthly plan payment for cause until such time as all allowed unsecured creditors, to the extent they are to be paid during the term of the Plan, are paid 100%.  The Trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the debtor(s) or the claims have been paid in full without further notice or order from the court.

b. [X] The Trustee is authorized to make payment to holders of secured claims based on the plan.  However, a filed claim will control the amount owed the creditor, unless an objection is filed, whether that amount is more or less than the amount provided by the Plan.

c. [X] Counsel for debtor(s) is awarded fees of <u>$4,000.00</u>; having previously received <u>$500.00</u> , counsel is entitled to payment of <u>$3,500.00</u> from the estate.

d. [X] Additional provisions incorporated in this Order:
   1. Debtor(s) must pay the base plan amount or the percentage to unsecured creditors, whichever is greater.
   2. In addition to the monthly plan payments, tax refunds received during the term of the plan are pledged to the plan.
   3. The plan is modified to comply with the requirements of the court's approved plan form.
   4. Debtor(s) reserve the right to object to any claim notwithstanding any plan interlineations.

e. [ ] Interlineations:

###

###

###

###

*[signature: Maureen A. Tighe]*

DATED: October 5, 2011

_____
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 3015-1.21.ORDER**

**EXHIBIT 3-I**

| Attorney or Party Name, Address, Telephone and FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Elena Steers, Esq.**<br>**Law Offices of Steers & Associates**<br>**16633 Ventura Blvd., Ste. 900**<br>**Encino, CA 91436**<br>**(818) 345-9913 Fax: (818) 981-1227**<br>**California State Bar Number: 193237**<br>steerslaw@yahoo.com<br><br>☒ *Attorney for Debtor(s)*<br>☐ *Debtor(s), appearing without an attorney* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>     Gennady Tikhonov<br>     Albina Tikhonov<br><br><br><br><br><br>                                                                     Debtor(s). | CASE NO.: **1:11-bk-15614-MT**<br><br>CHAPTER: **13**<br><br>**DEBTOR'S NOTICE OF CONVERSION OF BANKRUPTCY CASE FROM CHAPTER 13 TO CHAPTER 7 [11 U.S.C. §1307(a), LBR 1017-1, LBR 3015-1(q)(2)]**<br><br>No hearing required.  No order required. |

PLEASE TAKE NOTICE THAT THAT DEBTOR CONVERTS THIS CHAPTER 13 CASE TO A CASE UNDER CHAPTER 7 ON THE FOLLOWING GROUNDS:

1. A voluntary petition under chapter 13 was filed on (*insert date*): **5/5/2011**

2. Name of chapter 13 trustee appointed:  **Elizabeth F. Rojas**

3. The additional filing fee is being paid concurrently with the filing of this notice.

4. This notice of conversion is filed in good faith, and Debtor is eligible for relief under chapter 7.

Dated: **December 21, 2012**

Respectfully submitted,

By: */s/ Elena Steers*   *E. Steers*
*Signature of Debtor or Attorney for Debtor(s)*

Name: **Elena Steers**
*Type Name of Debtor or Attorney for Debtor(s)*

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled (*specify*): _____ Debtor's Notice of Conversion of Bankruptcy
Case From Chapter 13 to Chapter 7
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*)
_12/21/2012_ , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Michael W Aiken MAiken@NBSDefaultServices.com
- Patti H Bass ecf@bass-associates.com
- Elizabeth (SV) F Rojas (TR) cacb_ecf_sv@ch13wla.com
- Elena Steers steerslaw@yahoo.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Edward T Weber bknotice@rcolegal.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _12/21/2012_ , I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/21/2012 | Julie Castillo | /s/ Julie Castillo |
|---|---|---|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Gennady Tikhonov
14713 Valleyheart Drive
Sherman Oaks, CA 91403


Albina Tikhonov
14713 Valleyheart Drive
Sherman Oaks, CA 91403


Elena Steers
Law Offices of Steers & Associates
16633 Ventura Blvd., Ste. 900
Encino, CA 91436


AJ Physical Therapy, Inc.
16573 Ventura Blvd. #8
Encino, CA 91436


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355


American Express
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355

Arash Bereliani, M.D.
125 North Robertson Blvd.
Beverly Hills, CA 90211


AT & T
PO Box 44167
Jacksonville, FL 32231


Balboa LA
PO Box 3125
Granada Hills, CA 91394


Bank Of America
Attn: Bankruptcy NC4-105-03-14
PO Box 26012
Greensboro, NC 27410


Ca Ent Agcy
PO Box 250111
Glendale, CA 91225


California Diagnostic Laboratories
7316 Deering Ave.
Canoga Park, CA 91303


California Recovery Bu.
135 Vallecitos De Oro Street
San Marcos, CA 92069


Cedar-Sinai Medical Center
Po Box 48954
Los Angeles, CA 90048

Cedar-Sinai Medical Center
Po Box 48954
Los Angeles, CA 90048


Cedar-Sinai Medical Center
Po Box 48954
Los Angeles, CA 90048


Cedars Sinai Imaging Med Grp
PO Box 4313
Woodland Hills, CA 91365


Cedars Sinai Imaging Med Grp
PO Box 4313
Woodland Hills, CA 91365


Chase
PO Box 15298
Wilmington, DE 19850


CMRE Financial Services
3075 E. Imperial Hwy #200
Brea, CA 92821


Coast to Coast Financial Solutions
101 Hodencamp Road Ste 120
Thousand Oaks, CA 91360


Consultants for Pathology
1801 W. Olympic Blvd.
Pasadena, CA 91199

David M. Grossman, M.D. Inc.
File 1034
1801 W. Olympic Blvd.
Pasadena, CA 91199


Dsnb Bloom
Bloomingdale's Bankruptcy
PO Box 8053
Mason, OH 45040


Elizabeth F. Rojas
Chapter 13 Trustee
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403


Gerald M. Weingarten, M.D.
16133 Ventura Blvd. #400
Encino, CA 91436


Goodyearcbsd
PO Box 6497
Sioux Falls, SD 57117


Grant & Weber
26575 West Agoura Road
Calabasas, CA 91302


Hollywood Piano Company
1033 N. Hollywood Way, Suite E
Burbank, CA 91505


Hsbc/neimn
Hscb Retail Srvs/ Attn: Bankruptcy
PO Box 5213
Carol Stream, IL 60197

Hsbc/neimn
Hscb Retail Srvs/ Attn: Bankruptcy
PO Box 5213
Carol Stream, IL 60197


Hsbc/saks
PO Box 60102
City of Industry, CA 91716-0102


Ira J. Friedman, M.D.
15243 Vanowen St.
Van Nuys, CA 91405


J J Mac Intyre Co Inc
1801 California Avenue
Corona, CA 92881


J J Mac Intyre Co Inc
1801 California Avenue
Corona, CA 92881


J.C. Christensen & Associates, Inc.
PO Box 519
Sauk Rapids, MN 56379


Joel Feinstein, MD
8631 West Third St. Ste 825E
Los Angeles, CA 90048


Macy's
P.O. Box 183083
Columbus, OH 43218-3083

MCI
PO Box 650355
Dallas, TX 75265


Mercedes Benz Financial Svcs
36455 Corporate Drive
Farmington Hills, MI 48331


Nissn Infinity Lt
Attn: Bankruptcy
8900 Freeport Parkway
Irving, TX 75063


Nordstrom FSB
Attention:  Bankruptcy Department
PO Box 6555
Englewood, CO 80155


Progressive Mgmt System
1521 W. Cameron Ave Fl 1
West Covina, CA 91790


Protzel Pathology Laboratory
9735 Wilshire Blvd #249
Beverly Hills, CA 90212


Quest Diagnostics
PO Box 78406
Phoenix, AZ 85062


Sequoia Financial Services
500 N. Brand Blvd.
Glendale, CA 91203

Sequoia Financial Services
500 N. Brand Blvd.
Glendale, CA 91203


The Akselrod Family Trust
12400 Wilshire Blvd., #1250
Los Angeles, CA 90025


The Akselrod Family Trust
12400 Wilshire Blvd., #1250
Los Angeles, CA 90025


The Heart Medical Group
16119 Vanowen St.
Van Nuys, CA 91406


Time Warner
c/o Credit Management
4200 International Pwy.
Carrolton, TX 75007


USTrustee
21051 Warner Center Lane, # 115
Woodland Hills, CA 91367


Vargo Physical Therapy, Inc.
27125 Sierra Highway, Suite 203
Canyon Country, CA 91351


Westside Recovery Services
6200 Wilshire Blvd., Suite 1
Los Angeles, CA 90048

WMALA - Main (NLHM)
99 N. La Cienega Blvd., 103
Beverly Hills, CA 90211

**EXHIBIT 3-J**

**APPEAL, CONVERTED**

## U.S. Bankruptcy Court
## Central District Of California (San Fernando Valley)
## Bankruptcy Petition #: 1:11-bk-15614-MT

*Date filed:*  05/05/2011
*Date converted:*  12/26/2012

*Assigned to:* Maureen Tighe
Chapter 7
Previous chapter 13
Voluntary
No asset

| | |
|---|---|
| *Debtor* | represented by **Elena Steers** |
| **Gennady Tikhonov** | 16633 Ventura Blvd Ste 900 |
| 14713 Valleyheart Drive | Encino, CA 91436 |
| Sherman Oaks, CA 91403 | 818-345-9913 |
| LOS ANGELES-CA | Email: steerslaw@yahoo.com |
| SSN / ITIN: xxx-xx-7419 | |
| *fdba* **G & M Management LLC** | |
| *fdba* **West Coast Imaging** | |

| | |
|---|---|
| *Joint Debtor* | represented by **Elena Steers** |
| **Albina Tikhonov** | (See above for address) |
| 14713 Valleyheart Drive | |
| Sherman Oaks, CA 91403 | |
| LOS ANGELES-CA | |
| SSN / ITIN: xxx-xx-6676 | |

*Trustee*
**Elizabeth (SV) F Rojas (TR)**
Noble Professional Center
15060 Ventura Blvd., Suite 240
Sherman Oaks, CA 91403
818-933-5700
*TERMINATED: 12/26/2012*

*Trustee*
**David Keith Gottlieb (TR)**
15233 Ventura Blvd, 9th Floor
Sherman Oaks, CA 91403-2201
(818) 325-8441

*U.S. Trustee*
**United States Trustee (SV)**
21051 Warner Center Lane, Suite 115
Woodland Hills, CA 91367

| Filing Date | # | Docket Text |
|---|---|---|
| 05/05/2011 | 1 | Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Gennady Tikhonov, Albina Tikhonov Schedule D due 05/19/2011. Schedule F due 05/19/2011. Schedule I due 05/19/2011. Statement of Financial Affairs due 05/19/2011. Chapter 13 Plan due by 05/19/2011. Debtor Certification of Employment Income due by 05/19/2011. Incomplete Filings due by 05/19/2011. (Steers, Elena) (Entered: 05/05/2011) |
| 05/05/2011 | 2 | Declaration Re: Electronic Filing Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 05/05/2011) |
| 05/05/2011 | 3 | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 05/05/2011) |
| 05/05/2011 | 4 | Certificate of Credit Counseling Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 05/05/2011) |
| 05/05/2011 | 5 | Statement of Social Security Number(s) Form B21 Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 05/05/2011) |
| 05/05/2011 |  | Receipt of Voluntary Petition (Chapter 13)(1:11-bk-15614) [misc,volp13] ( 274.00) Filing Fee. Receipt number 20263302. Fee amount 274.00. (U.S. Treasury) (Entered: 05/05/2011) |
| 05/05/2011 | 6 | Meeting of Creditors with 341(a) meeting to be held on 06/15/2011 at 01:00 PM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Confirmation hearing to be held on 07/12/2011 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 09/13/2011. (Steers, Elena) (Entered: 05/05/2011) |
| 05/08/2011 | 7 | BNC Certificate of Notice (RE: related document(s)6 Meeting (AutoAssign Chapter 13)) No. of Notices: 21. Service Date 05/08/2011. (Admin.) (Entered: 05/08/2011) |
| 05/08/2011 | 8 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) No. of Notices: 1. Service Date 05/08/2011. (Admin.) (Entered: 05/08/2011) |
| 05/08/2011 | 9 | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) No. of Notices: 1. Service Date 05/08/2011. (Admin.) (Entered: 05/08/2011) |

| | | |
|---|---|---|
| 05/16/2011 | 10 | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate 14713 Valleyheart Drive, Sherman Oaks, CA 91403 . Fee Amount $150, Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov (Steers, Elena) (Entered: 05/16/2011) |
| 05/16/2011 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay(1:11-bk-15614-MT) [motion,nmis] ( 150.00) Filing Fee. Receipt number 20434374. Fee amount 150.00. (U.S. Treasury) (Entered: 05/16/2011) |
| 05/18/2011 | | Hearing Set (RE: related document(s)10 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) The Hearing date is set for 6/1/2011 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Najarian, Ani) (Entered: 05/18/2011) |
| 05/19/2011 | 11 | Chapter 13 Plan Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov (RE: related document(s)1 Chapter 13 Voluntary Petition . Fee Amount $274 Filed by Gennady Tikhonov, Albina Tikhonov Schedule D due 05/19/2011. Schedule F due 05/19/2011. Schedule I due 05/19/2011. Statement of Financial Affairs due 05/19/2011. Chapter 13 Plan due by 05/19/2011. Debtor Certification of Employment Income due by 05/19/2011. Incomplete Filings due by 05/19/2011.). (Steers, Elena) (Entered: 05/19/2011) |
| 05/19/2011 | 12 | Schedule D , Schedule F , Schedule I , Statement of Financial Affairs Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Steers, Elena) (Entered: 05/19/2011) |
| 05/19/2011 | 13 | Declaration Re: Electronic Filing *regarding emergency completion, schedules, statements and Chapter 13 Plan* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 05/19/2011) |
| 05/19/2011 | 14 | Debtor's Certification of Employment Income */employment income records* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Steers, Elena) (Entered: 05/19/2011) |
| 05/20/2011 | 15 | Debtor's Certification of Employment Income *new employment income records* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 05/20/2011) |
| 05/23/2011 | 16 | Financial Management Course Certificate Filed *Along With a Certification of Completion of Financial Management Course* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, |

| | | |
|---|---|---|
| | | Elena) WARNING: Item Subsequently Amended by Docket no.19. Modified on 5/24/2011 (Varela, Lenora). (Entered: 05/23/2011) |
| 05/23/2011 | 17 | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 05/23/2011) |
| 05/23/2011 | 18 | Declaration RE Tax Returns (Preconfirmation) , Declaration RE: Payment of Domestic Support Obligations Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 05/23/2011) |
| 05/23/2011 | 19 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)16 Financial Management Course filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Varela, Lenora) (Entered: 05/24/2011) |
| 05/27/2011 | 20 | Request for special notice Filed by Creditor HSBC Bank Nevada, N.A.. (Bass, Patti) (Entered: 05/27/2011) |
| 06/09/2011 | 21 | Order Granting Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF) (Related Doc # 10). Signed on 6/9/2011 (Harraway, Phillip) (Entered: 06/09/2011) |
| 06/11/2011 | 22 | BNC Certificate of Notice - PDF Document. (RE: related document(s)21 Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF)) No. of Notices: 2. Service Date 06/11/2011. (Admin.) (Entered: 06/11/2011) |
| 06/13/2011 | 23 | Amended Schedule A , Amending Schedules F.. , Amended Schedule I , Amended Schedule J Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 06/13/2011) |
| 06/13/2011 | | Receipt of Amending Schedules D E or F(1:11-bk-15614-MT) [misc,amdsch] ( 26.00) Filing Fee. Receipt number 20902194. Fee amount 26.00. (U.S. Treasury) (Entered: 06/13/2011) |
| 06/13/2011 | 24 | Amended Chapter 13 Plan *1st Amended* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov (RE: related document(s)11 Chapter 13 Plan Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov). (Steers, Elena) (Entered: 06/13/2011) |
| 07/11/2011 | 25 | Amended Schedule B , Amending Schedules G.. Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: |

| | | |
|---|---|---|
| | | 07/11/2011) |
| 07/11/2011 | | Receipt of Amending Schedules D E or F(1:11-bk-15614-MT) [misc,amdsch] ( 26.00) Filing Fee. Receipt number 21368236. Fee amount 26.00. (U.S. Treasury) (Entered: 07/11/2011) |
| 07/11/2011 | 26 | Amended Chapter 13 Plan *2nd Amended* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov (RE: related document(s)24 Amended Chapter 13 Plan *1st Amended* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov). (Steers, Elena) (Entered: 07/11/2011) |
| 07/11/2011 | 27 | Declaration re: *Declaration of Dimitry Tikhonov Regarding Contribution to the Debtors' Household Expenses* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 07/11/2011) |
| 07/11/2011 | 28 | Amending Schedules D.. *1st Amended* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 07/11/2011) |
| 07/11/2011 | | Receipt of Amending Schedules D E or F(1:11-bk-15614-MT) [misc,amdsch] ( 26.00) Filing Fee. Receipt number 21370609. Fee amount 26.00. (U.S. Treasury) (Entered: 07/11/2011) |
| 07/11/2011 | 29 | Amending Schedules F.. Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 07/11/2011) |
| 07/11/2011 | | Receipt of Amending Schedules D E or F(1:11-bk-15614-MT) [misc,amdsch] ( 26.00) Filing Fee. Receipt number 21373207. Fee amount 26.00. (U.S. Treasury) (Entered: 07/11/2011) |
| 07/21/2011 | 30 | Amending Schedules F.. Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 07/21/2011) |
| 07/21/2011 | | Receipt of Amending Schedules D E or F(1:11-bk-15614-MT) [misc,amdsch] ( 26.00) Filing Fee. Receipt number 21548733. Fee amount 26.00. (U.S. Treasury) (Entered: 07/21/2011) |
| 09/07/2011 | 31 | Amending Schedules D.. *2nd Amended* Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 09/07/2011) |
| 09/07/2011 | | Receipt of Amending Schedules D E or F(1:11-bk-15614-MT) [misc,amdsch] ( 26.00) Filing Fee. Receipt number 22340380. Fee amount 26.00. (U.S. Treasury) (Entered: 09/07/2011) |

| | | |
|---|---|---|
| 09/20/2011 | 32 | Request for special notice Filed by Creditor BMW Financial Services NA, LLC. (Aiken, Michael) (Entered: 09/20/2011) |
| 09/28/2011 | 33 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Edward T Weber on behalf of Courtesy NEF. (Weber, Edward) (Entered: 09/28/2011) |
| 10/05/2011 | 34 | Order Confirming Chapter 13 Plan (Related Doc # 26) Signed on 10/5/2011 (Remy, Johanne) (Entered: 10/05/2011) |
| 10/07/2011 | 35 | BNC Certificate of Notice - PDF Document. (RE: related document(s)34 No action taken on Order Confirming Chapter 13 Plan) No. of Notices: 2. Service Date 10/07/2011. (Admin.) (Entered: 10/07/2011) |
| 10/20/2011 | 38 | Transfer of Claim Transferor: Chase Bank USA, N.A. (Claim No. 3) To CR EVERGREEN II LLC Filed by Creditor CR Evergreen II, LLC . (Boyd, Brenda) (Entered: 10/26/2011) |
| 10/25/2011 | 36 | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 14713 Valleyheart Drive, Sherman Oaks, CA 91403 . Fee Amount $150, Filed by Creditor The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F) (Weber, Edward) (Entered: 10/25/2011) |
| 10/25/2011 | | Receipt of Motion for Relief from Stay - Real Property(1:11-bk-15614-MT) [motion,nmrp] ( 150.00) Filing Fee. Receipt number 23161925. Fee amount 150.00. (U.S. Treasury) (Entered: 10/25/2011) |
| 10/25/2011 | 37 | Proof of service *Amended* Filed by Creditor The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee (RE: related document(s)36 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 14713 Valleyheart Drive, Sherman Oaks, CA 91403 . Fee Amount $150,). (Weber, Edward) (Entered: 10/25/2011) |
| 10/26/2011 | | Hearing Set (RE: related document(s)36 Motion for Relief from Stay - Real Property filed by Creditor The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee) The Hearing date is set for 11/30/2011 at 09:30 AM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Maureen Tighe (Remy, Johanne) (Entered: 10/26/2011) |

| 10/28/2011 | 39 | BNC Certificate of Notice - Transfer of Claim (RE: related document(s) 38 Transfer of Claim filed by Creditor CR Evergreen II, LLC) No. of Notices: 1. Notice Date 10/28/2011. (Admin.) (Entered: 10/28/2011) |
|---|---|---|
| 11/10/2011 | 40 | Request for special notice Filed by Creditor HSBC Bank Nevada, N.A.. (Bass, Patti) (Entered: 11/10/2011) |
| 11/22/2011 | 41 | Motion RE: Objection to Claim Number by Claimant The Bank of New York, Mellon Trust Company, National Association fka The Bank of New York Trust Company, As Successor to JP Morga Chase Bank N.A.. Filed by Joint Debtor Albina Tikhonov , Debtor Gennady Tikhonov (Gonzalez, Emma) (Entered: 11/28/2011) |
| 11/22/2011 | 42 | Declaration re: Filed by Joint Debtor Albina Tikhonov , Debtor Gennady Tikhonov (RE: related document(s)41 Motion RE: Objection to Claim Number by Claimant The Bank of New York, Mellon Trust Company, National Association fka The Bank of New York Trust Company, As Successor to JP Morga Chase Bank N.A..). (Gonzalez, Emma) (Entered: 11/28/2011) |
| 11/28/2011 | 43 | Memorandum of points and authorities 41 Filed by Joint Debtor Albina Tikhonov , Debtor Gennady Tikhonov . (Gonzalez, Emma) (Entered: 11/28/2011) |
| 12/06/2011 | | Hearing (Bk Motion) Continued (RE: related document(s) 36 MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee) Hearing to be held on 12/13/2011 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 36 , (Gasparian, Ana) (Entered: 12/06/2011) |
| 12/08/2011 | 44 | Notice of Appeal BAP Court. BAP No. CC 11-1698 . Fee Amount $298 Filed by Joint Debtor Albina Tikhonov , Debtor Gennady Tikhonov (RE: related document(s)36 Motion for Relief from Stay - Real Property). Appellant Designation due by 12/22/2011. (Williams, Jewell) Modified on 12/12/2012 (Williams, Jewell). (Entered: 12/09/2011) |
| 12/09/2011 | 45 | Transmittal of Record on Appeal to BAP (RE: related document(s)44 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 12/12/2011) |
| 12/09/2011 | 46 | Notice of referral of appeal to BAP with certificate of mailing (RE: related document(s)44 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 12/12/2011) |
| 12/09/2011 | 47 | Deficiency letter to Appellant Does not include entered stamped copy |

|  |  | of order, judgment (RE: related document(s)44 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 12/12/2011) |
|---|---|---|
| 12/16/2011 | 48 | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: CR EVERGREEN II LLC (Claim No. 3) To East Bay Funding, LLC Filed by Creditor East Bay Funding, LLC. (Gaines, Susan) (Entered: 12/16/2011) |
| 12/19/2011 | 49 | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 36 ) Signed on 12/19/2011 (Williams, Jewell) (Entered: 12/19/2011) |
| 12/21/2011 | 50 | BNC Certificate of Notice - PDF Document. (RE: related document(s)49 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 4. Notice Date 12/21/2011. (Admin.) (Entered: 12/21/2011) |
| 01/01/2012 | 51 | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)48 Transfer of Claim filed by Creditor East Bay Funding, LLC) No. of Notices: 0. Notice Date 01/01/2012. (Admin.) (Entered: 01/01/2012) |
| 01/03/2012 | 52 | Notice of Appeal BAP Court. . Fee Amount $298 Filed by Joint Debtor Albina Tikhonov , Debtor Gennady Tikhonov (RE: related document(s)49 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)). Appellant Designation due by 1/17/2012. (Williams, Jewell) (Entered: 01/04/2012) |
| 01/04/2012 | 53 | Order Denying Motion RE: Objection to Claim (I, deputy clerk who is making this entry, certify that service on all parties under Section II was as completed, Williams, Jewell (Related Doc # 41 ) Signed on 1/4/2012 (Williams, Jewell) (Entered: 01/04/2012) |
| 01/06/2012 | 54 | Transmittal of Record on Appeal to BAP (RE: related document(s)52 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 01/06/2012) |
| 01/06/2012 | 55 | Notice of referral of appeal to BAP with certificate of mailing (RE: related document(s)52 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 01/06/2012) |
| 01/06/2012 | 56 | BNC Certificate of Notice - PDF Document. (RE: related document(s)53 Order on Motion RE: Objection to Claim) No. of Notices: 4. Notice Date 01/06/2012. (Admin.) (Entered: 01/06/2012) |
| 01/12/2012 | 57 | Appellant Designation of Contents For Inclusion in Record On Appeal |

| | | |
|---|---|---|
| | | Filed by Joint Debtor Albina Tikhonov , Debtor Gennady Tikhonov (RE: related document(s)52 Notice of Appeal). Appellee designation due by 1/26/2012. Transmission of Designation Due by 2/13/2012. (Gasparian, Ana) (Entered: 01/13/2012) |
| 01/18/2012 | | Receipt of Appeal Filing Fee - $293.00 by 03. Receipt Number 10048795. (admin) (Entered: 01/19/2012) |
| 01/18/2012 | | Receipt of Appeal Noticing Fee - $5.00 by 03. Receipt Number 10048795. (admin) (Entered: 01/19/2012) |
| 01/18/2012 | 58 | Notice of Appeal BAP Court. . Fee Amount $298 Filed by Debtor Gennady Tikhonov (RE: related document(s)53 Order on Motion RE: Objection to Claim). Appellant Designation due by 2/1/2012. (Gonzalez, Emma) (Entered: 01/20/2012) |
| 01/23/2012 | 59 | Transmittal of Record on Appeal to BAP (RE: related document(s)52 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov, 58 Notice of Appeal filed by Debtor Gennady Tikhonov) (Gonzalez, Emma) (Entered: 01/23/2012) |
| 01/23/2012 | 60 | Notice of referral of appeal to BAP with certificate of mailing (RE: related document(s)58 Notice of Appeal filed by Debtor Gennady Tikhonov) (Gonzalez, Emma) (Entered: 01/23/2012) |
| 02/06/2012 | 61 | Deficiency letter to Appellant $298.00 filing fee for appeal (RE: related document(s)52 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 02/06/2012) |
| 02/06/2012 | 62 | Deficiency letter to Appellant $255.00 filing fee for appeal was not included (RE: related document(s)44 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 02/06/2012) |
| 02/06/2012 | 63 | Deficiency notice send to BAP/USDC No filing fees paid for Notice of Appeal of $298.00 (RE: related document(s)44 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 02/06/2012) |
| 02/06/2012 | 64 | Deficiency notice send to BAP/USDC No filing fees paid for Notice of appeal (RE: related document(s)52 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 02/06/2012) |
| 02/14/2012 | 65 | Motion and affidavit for leave to appeal in forma pauperis Filed by Joint Debtor Albina Tikhonov (Williams, Jewell) (Entered: 02/15/2012) |

| | | |
|---|---|---|
| 02/14/2012 | 66 | Order Denying Motion for leave to appeal in forma paupers (I, deputy clerk who is making this entry, certify that service on all parties under Section II was as completed, Williams, Jewell) (Related Doc # 65) Signed on 2/14/2012. (Williams, Jewell) (Entered: 02/15/2012) |
| 02/21/2012 | 67 | Transcript regarding Hearing Held 11/30/11 RE: Motion for Relief from Stay. Remote electronic access to the transcript is restricted until 05/21/2012. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For transcriber contact information, call the applicable divisional office where the case was filed.]. Notice of Intent to Request Redaction Deadline Due By 2/28/2012. Redaction Request Due By 03/13/2012. Redacted Transcript Submission Due By 03/23/2012. Transcript access will be restricted through 05/21/2012. (Bauer, Tara) (Entered: 02/21/2012) |
| 02/23/2012 | 68 | Notice of intent to pay claims . (Rojas (TR), Elizabeth (SV)) (Entered: 02/23/2012) |
| 05/01/2012 | 69 | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: East Bay Funding, LLC (Claim No. 3) To Portfolio Recovery Associates, LLC To Portfolio Recovery Associates, LLCPO Box 41067Norfolk VA 23541 Filed by Creditor PRA Receivables Management, LLC. (Garcia, Dolores) (Entered: 05/01/2012) |
| 05/04/2012 | 70 | Opening letter from BAP - Assigning Case No. CC-11-1698 Filed by (RE: related document(s)44 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 05/04/2012) |
| 05/04/2012 | 71 | Opening letter from BAP Assigning Case No. CC-12-1003 Filed by (RE: related document(s)52 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 05/04/2012) |
| 05/04/2012 | 72 | Opening Letter from BAP - Assigning Case No. CC-12-1039 Filed by (RE: related document(s)58 Notice of Appeal filed by Debtor Gennady Tikhonov) (Williams, Jewell) (Entered: 05/04/2012) |
| 05/04/2012 | 73 | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)69 Transfer of Claim filed by Creditor PRA Receivables Management, LLC) No. of Notices: 0. Notice Date 05/04/2012. (Admin.) (Entered: 05/04/2012) |
| 05/21/2012 | 74 | BAP/USDC dismissal of appeal Re: Appeal BAP/USDC Number: CC 12-1003, Signed on 5/21/2012 (RE: related document(s)52 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov). (Williams, Jewell) (Entered: 05/21/2012) |

| | | |
|---|---|---|
| 05/21/2012 | 75 | BAP/USDC dismissal of appeal Re: Appeal BAP/USDC Number: CC 12-1039, Signed on 5/21/2012. (Williams, Jewell) (Entered: 05/21/2012) |
| 07/19/2012 | 76 | Chapter 13 Trustee Periodic Accounting Report . (Rojas (TR), Elizabeth (SV)) (Entered: 07/19/2012) |
| 12/12/2012 | 77 | Order denying motion for stay pending appeal filed 12/10/12 from BAP doc #29 Filed by (RE: related document(s)44 Notice of Appeal filed by Debtor Gennady Tikhonov, Joint Debtor Albina Tikhonov) (Williams, Jewell) (Entered: 12/12/2012) |
| 12/21/2012 | 78 | Debtor's Notice of Conversion to Chapter 7 Fee Amount $25 Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 12/21/2012) |
| 12/21/2012 | | Receipt of Debtor's Notice of Conversion to Chapter 7(1:11-bk-15614-MT) [misc,ntccnv] ( 25.00) Filing Fee. Receipt number 30794751. Fee amount 25.00. (U.S. Treasury) (Entered: 12/21/2012) |
| 12/26/2012 | 79 | Convert Case Trustee Elizabeth (SV) F Rojas (TR) removed from the case. Trustee David Keith Gottlieb (TR) added to the case. (Optional BNC) (Harraway, Phillip) (Entered: 12/26/2012) |
| 12/26/2012 | 80 | Meeting of Creditors 341(a) meeting to be held on 1/25/2013 at 11:00 AM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Cert. of Financial Management due by 3/26/2013. Cert. of Financial Management - Joint Debtor due by 3/26/2013. Last day to oppose discharge or dischargeability is 3/26/2013. Proofs of Claims due by 4/25/2013. Government Proof of Claim due by 11/1/2011. (Harraway, Phillip) (Entered: 12/26/2012) |
| 12/28/2012 | 81 | BNC Certificate of Notice (RE: related document(s)80 Meeting of Creditors Chapter 7 Asset) No. of Notices: 33. Notice Date 12/28/2012. (Admin.) (Entered: 12/29/2012) |
| 12/28/2012 | 82 | BNC Certificate of Notice (RE: related document(s)79 Convert Case (Optional BNC)) No. of Notices: 2. Notice Date 12/28/2012. (Admin.) (Entered: 12/29/2012) |
| 01/07/2013 | 83 | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Rojas (TR), Elizabeth (SV)) (Entered: 01/07/2013) |
| 01/18/2013 | 84 | Amended Schedule I , Amended Schedule J Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 01/18/2013) |

| | | |
|---|---|---|
| 01/18/2013 | 85 | Statement of Intent. , Chapter 7 Statement of Current Monthly Income and Means Test Calculation - Form 22A Filed by Joint Debtor Albina Tikhonov, Debtor Gennady Tikhonov. (Steers, Elena) (Entered: 01/18/2013) |
| 01/28/2013 | | Chapter 7 Trustee's Report of No Distribution: I, David Keith Gottlieb (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 1 months. Assets Abandoned (without deducting any secured claims): $ 923300.00, Assets Exempt: $ 0.00, Claims Scheduled: $ 155465.22, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 155465.22. Filed by Trustee David Keith Gottlieb (TR) (RE: related document(s)80 Meeting of Creditors 341). (Gottlieb (TR), David) (Entered: 01/28/2013) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/12/2013 13:31:21 | | | |
| PACER Login: | mf1354 | Client Code: | 21981-0000083-16826 |
| Description: | Docket Report | Search Criteria: | 1:11-bk-15614-MT Fil or Ent: filed To: 2/12/2013 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| Billable Pages: | 8 | Cost: | 0.80 |

**EXHIBIT 3-K**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Routh Crabtree Olsen, P.S.<br>Edward T. Weber SBN 194963<br>1241 E. Dyer Road, Suite 250<br>Santa Ana, CA  92705<br>Phone: 714-277-4915  Fax: 714-277-4899<br>EMail: eweber@rcolegal.com<br><br><br><br>RCO#  7314.37569<br>☐ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>SAN FERNANDO VALLEY</u>        DIVISION**

| In re:<br><br>Gennady Tikhonov fdba G & M Management LLC fdba<br>West Coast Imagin<br>Albina Tikhonov<br><br><br><br><br><br><br>                                         Debtor(s). | CASE NO.: 1:11-bk-15614-MT<br><br>CHAPTER: 13<br><br>**NOTICE OF MOTION AND MOTION  FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY**<br><br>DATE: 11/30/2011<br>TIME: 9:30 am<br>COURTROOM: 302<br>PLACE:  21041 Burbank Blvd.<br>          Woodland Hills, CA 91367 |

**MOVANT:** The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust
Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee

**Movant is the (*check one*)**
☐   Holder of Deed of Trust
☑   Assignee of Holder of Deed of Trust
☐   Servicing Agent for Holder of Deed of Trust or Assignee of Holder of Deed of Trust

1.   NOTICE IS HEREBY GIVEN to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an Order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

2.   **Hearing Location:**   ☐ **255 East Temple Street, Los Angeles**          ☐ **411 West Fourth Street, Santa Ana**
                                        ☑ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**
                                        ☐ **3420 Twelfth Street, Riverside**

a. ☑ This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

☐ at the hearing     ☐ at least _____ court days before the hearing.

(1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

(2) ☐ A Motion for Order Shortening Time was filed per LBR 9075-1(b) and was granted by the court and such motion and order have been or are being served upon the Debtor and trustee, if any.

(3) ☐ A Motion for Order Shortening Time has been filed and is pending. Once the court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion, if any.

4. You may contact the clerk's office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: 10/20/2011

Respectfully submitted,

The Bank of New York Mellon Trust Company, National As
Movant name

Routh Crabtree Olsen, P.S.
Printed name of law firm (*if applicable*)

Signature of individual Movant or attorney for Movant

Edward T. Weber
Printed name of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                                          Page 2                              **F 4001-1.MOTION.RP**

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the Property):

   Street address: 14713 VALLEYHEART DRIVE
   Unit/suite no.:
   City, state, zip code: SHERMAN OAKS, CA 91403

   Legal description or document recording number (including county of recording):

   ☑ See attached continuation page.

2. **Case History:**

   a. ☑ A voluntary   ☐ An involuntary   petition under chapter   ☐ 7   ☐ 11   ☐ 12   ☑ 13
      was filed on (*specify date*): May 5, 2011

   b. ☐ An Order of Conversion to chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13
      was entered on (*specify date*):

   c. ☑ Plan was confirmed on (*specify date*): 10/5/2011

   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached declaration.

3. **Grounds for Relief from Stay:**

   a. ☑ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☑ Movant's interest in the Property is not adequately protected.

         (a) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.

         (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor.

         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted to Movant.

      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder, and defraud Movant.

         (a) ☐ Movant is the only creditor or one of very few creditors listed on the Debtor's master mailing matrix.

         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

         (c) ☐ The Debtor filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the petition and a few other documents. No other Schedules or Statement of Financial Affairs (or chapter 13 Plan, if appropriate) have been filed.

         (d) ☐ Other (*see attached continuation page*).

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                                          Page 3                                    **F 4001-1.MOTION.RP**

(3) ☑ (*Chapter 12 or 13 cases only*)

    (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

    (b) ☑ Postpetition payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor has/have failed within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

5. **Evidence in Support of Motion: (*Important Note: Declaration(s) in support of the Motion MUST be attached hereto.*)**

a. ☑ Movant submits the attached declaration(s) on the court's approved forms (*if applicable*) to provide evidence in support of this Motion pursuant to the LBR.

b. ☐ Other declaration(s) are also attached in support of this Motion.

c. ☑ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's schedules. Authenticated copies of the relevant portions of the schedules are attached as Exhibit ___D___.

d. ☐ Other evidence (specify):

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that the court issue an Order terminating or modifying the stay and granting the following (*specify forms of relief requested*):**

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. **Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.**

3. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

4. ☑ Additional provisions requested:

a. ☑ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2011*        Page 4        **F 4001-1.MOTION.RP**

b. ☑ That the 14-day stay described by FRBP 4001(a)(3) is waived.

c. ☐ That Extraordinary Relief be granted as set forth in the Attachment (*attach Optional Court Form F 4001-1M.ER*).

d. ☐ For other relief requested, see attached continuation page.

5. If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.

Date: 10/20/2011 _____

Respectfully submitted,

The Bank of New York Mellon Trust Company, National Assc
_____
Movant name

Routh Crabtree Olsen, P.S.
_____
Printed name of law firm (if applicable)

_____
Signature of individual Movant or attorney for Movant

Edward T. Weber
_____
Printed name of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                          Page 5                          **F 4001-1.MOTION.RP**

# REAL PROPERTY DECLARATION

I, <u>John Castagna</u>    declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☐ I am employed by Movant as (*state title and capacity*):

    ☑ Other (*specify*): I am employed by GMAC Mortgage, LLC as a Bankruptcy Specialist. GMAC Mortgage, LLC is the servicing agent for the Movant. Movant is the current holder of the subject Note and beneficiary of the subject Deed of Trust.

2.  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  The Movant is:

    ☐ Original holder of the beneficial interest in the Property. A true and correct copy of a recorded proof of this interest is attached hereto as Exhibit _____ (*e.g. deed of trust*).

    ☑ Assignee of the original holder of the beneficial interest in the Property. A true and correct copy of recorded proof of this interest is attached hereto as Exhibit __F__. (*E.g., allonge, assignment, et.al.*)

    ☐ Servicing or subservicing agent pursuant to a servicing agreement or other documented authorization to act as Movant for the owner of the beneficial interest. Attached hereto as Exhibit _____ is a true and correct copy of the relevant part of the document which reflects authority to act as Movant for the owner of the beneficial interest.

4.  a.  The address of the Property that is the subject of this Motion is:

    Street address: 14713 VALLEYHEART DRIVE
    Unit/suite no.:
    City, state, zip code: SHERMAN OAKS, CA 91403

    b.  The legal description or document recording number (including county of recording) set forth in Movant's deed of trust is attached as Exhibit __A__.

    ☑ See attached page.

5.  Type of property (*check all applicable boxes*):

    a. ☑ Debtor's(s') principal residence    b. ☐ Other single family residence
    c. ☐ Multi-unit residential    d. ☐ Commercial
    e. ☐ Industrial    f. ☐ Vacant land
    g. ☐ Other (*specify*):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011      Page 6      **F 4001-1.MOTION.RP**

6. Nature of Debtor's interest in the Property:

   a. ☑ Sole owner

   b. ☐ Co-owner(s) (specify):

   c. ☐ Lien holder (specify):

   d. ☐ Other (specify):

   e. ☑ Debtor    ☑ did    ☐ did not    list the Property in the schedules filed in this case.

   f. ☐ Debtor acquired the interest in the Property by    ☐ grant deed    ☐ quitclaim deed    ☐ trust deed

   The deed was recorded on:

7. Amount of Movant's claim with respect to the Property:

| | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|
| a. Principal: | $ | $ | $ 674,356.60 |
| b. Accrued interest: | $ | $ | $ 16,460.06 |
| c. Late charges | $ | $ | $ 175.18 |
| d. Costs (attorney's fees, other costs): Deferred Principa$ | | $ | $ 551,866.71 |
| e. Advances (property taxes, insurance): | $ | $ | $ 13,780.06 |
| f. Less suspense or partial balance paid: | $ | $ | $ 0.00 |
| g. TOTAL CLAIM as of: October 13, 2011 | $ | $ | $ 1,256,638.61 |
| h. ☐ Loan is all due and payable because it matured on (specify date): | | | |

8. Movant holds a    ☑ deed of trust    ☐ judgment lien    ☐ other (specify)
   that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit __B__.

   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached
   as Exhibit __C__.

   c. ☑ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
   trust to Movant is attached as Exhibit __F__.

9. Status of Movant's foreclosure actions relating to the Property (fill the date or check the box confirming no such action
   has occurred):

   a. Notice of default recorded on the following date: 08/26/2011 or none recorded ☐

   b. Foreclosure sale originally scheduled for the following date: _____ or none scheduled ☑

   c. Foreclosure sale currently scheduled for the following date: _____ or none scheduled ☑

   d. Foreclosure sale already held on the following date: _____ or none held ☑

   e. Trustee's deed on sale already recorded on the following date: _____ or none recorded ☑

10. Attached (optional) hereto as Exhibit __E__ is a true and correct copy of a POSTPETITION statement of account that
    accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the
    petition date.

11. ☐ (chapter 7 and 11 cases only):

    Status of Movant's loan:

    a. Amount of current monthly payment: $ _____ for the month of _____ 20_____.

    b. Number of payments that have come due and were not made: _____. Total amount: $_____

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                                Page 7                                **F 4001-1.MOTION.RP**

c. Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

d. The fair market value of the entire Property is $_____ , established by:

☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

☐ A true and correct copy of relevant portion(s) of Debtor's schedules attached as Exhibit _____.

☐ Other (*specify*):

e. **Calculation of equity in Property:**

Based upon ☐ preliminary title report   ☐ Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| **Name of Holder** | **Amount as Scheduled by Debtor (*if any*)** | **Amount known to Declarant and Source** |
|---|---|---|
| 1st deed of trust: | | |
| 2nd deed of trust: | | |
| 3rd deed of trust: | | |
| Judgment liens: | | |
| Taxes: | | |
| Other: | | |

**TOTAL DEBT: $**

f. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

☐ Preliminary title report

☐ Relevant portions of Debtor's schedules as filed in this case

☐ Other (*specify*):

g. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's equity in the Property is $        (§ 362(d)(2)(A)).

h. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $_____     (§ 362(d)(1)).

i. Estimated costs of sale: $_____ (estimate based upon_____ % of estimated gross sales price)

j. The fair market value of the Property is declining based on/due to:

_____

_____

12. ☑ (Chapter 12 and 13 cases only)

Chapter 12 or 13 case status information:

a. 341(a) meeting currently scheduled for (or *concluded on*) the following date: 06/15/2011
Confirmation hearing currently scheduled for (or concluded on) the following date:        07/12/2011
Plan confirmed on the following date (*if applicable*):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 8                                    **F 4001-1.MOTION.RP**

b.  Postpetition payments due BUT REMAINING UNPAID since the filing of the case:
   *(Number of)* 5      payment(s) due at   $ 5,026.55    Each =   $ 25,132.75
   *(Number of)*      payment(s) due at   $         Each =   $
   *(Number of)*      payment(s) due at   $         Each =   $
   *(Number of)*      payment(s) due at   $         Each =   $
   *(Number of)*      late charges at   $         Each =   $
   *(Number of)*      late charges at   $         Each =   $
   *(Number of)*      late charges at   $         Each =   $
   *(Number of)*      late charges at   $         Each =   $
   *(See attachment for additional breakdown or information attached as Exhibit __E__.)*

c.  Postpetition advances or other charges due but unpaid:        $
   *(See attachment for details of type and amount attached as Exhibit _____.)*

d.  Attorneys' fees and costs           $
   *(See attachment for details of type and amount attached as Exhibit _____.)*

e.  Less suspense or partial paid balance       [$          ]

      TOTAL POSTPETITION DELINQUENCY:     $ 25,132.75

f.  Future payments due by time of anticipated hearing date *(if applicable)*:
   An additional payment of $5,026.55 will come due on 11/01/2011 and on the __1st__ day of
   each month thereafter. If the payment is not received by the 15__ day of the month, a late charge of $_____ will
   be charged to the loan.

g.  Amount and date of the last 3 postpetition payments received in good funds, regardless of how applied, from the
   Debtor, if applicable:

   $ _____ received on _____
   $ _____ received on _____
   $ _____ received on _____

h.  ☐ The claim is provided for in the chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

i.  ☐ See attached declaration(s) of chapter 12 or 13 Trustee regarding receipt of payments under the plan (*attach
   LBR Form F 4001-1M.13*).

13.  ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of
   the loan.

14.  ☐ The court determined that the Property qualifies as single asset real estate on _____. More than
   90 days have passed since the filing of the petition, more than 30 days have passed since the court determined
   that the Property qualifies as single asset real estate, the Debtor has/have not filed a plan of reorganization that
   has a reasonable possibility of being confirmed within a reasonable time or the Debtor has/have not commenced
   monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15.  ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay,
   hinder, and or defraud Movant.

16.  ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

   a.  ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
      court approval. See attached continuation page for facts establishing the scheme.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2011*           Page 9           **F 4001-1.MOTION.RP**

b. ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

1. Case name:                     Chapter:
   Case number:                   Date dismissed:          Date discharged:
   Date filed:
   Relief from stay re this Property ☐ was ☐ was not granted.

2. Case name:                     Chapter:
   Case number:                   Date dismissed:          Date discharged:
   Date filed:
   Relief from stay re this Property ☐ was ☐ was not granted.

3. Case name:                     Chapter:
   Case number:                   Date dismissed:          Date discharged:
   Date filed:
   Relief from stay re this Property ☐ was ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

17. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on** OCT 18 , 2011 , at Fort Washington, PA (city, state).

JOHN CASTAGNA
Printed Declarant's name

_(signature)_
Signature of Declarant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                          Page 10                          **F 4001-1.MOTION.RP**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1241 E. Dyer Road, Suite 250
Santa Ana, CA 92705

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On <u>10/20/2011</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

Elena Steers                  steerslaw@yahoo.com
Elizabeth Rojas            cacb_ecf_sv@ch13wla.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

Michael W Aiken    ectnotices@ascensioncapitalgroup.com    ☑ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (state method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable Maureen A. Tighe
21041 Burbank Boulevard, Suite 325
Woodland Hills, CA 91367-6606

☑ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date:_____    Signature:_____

                      Printed Name:_____

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 11                      **F 4001-1.MOTION.RP**

**CASE: 1:11-bk-15614-MT**

**In Re Gennady Tikhonov fdba G & M Management LLC fdba West Coast Imagin and Albina Tikhonov**

## SERVED BY ELECTRONIC SERVICE:

Patti H Bass    ecf@bass-associates.com

## SERVED BY REGULAR US MAIL:
**DEBTORS:**
**Gennady Tikhonov**
14713 Valleyheart Drive
Sherman Oaks, CA 91403

**Albina Tikhonov**
14713 Valleyheart Drive
Sherman Oaks, CA 91403

## SERVED BY CERTIFIED MAIL:
**The Akselrod Family Trust**
12400 Wilshire Blvd., #1250
Los Angeles, CA  90025

Certificate of Mailing
Page – 1

**ROUTH CRABTREE OLSEN, P.S.**
1241 E. DYER ROAD, SUITE 250
SANTA ANA, CA 92705
TELEPHONE (714) 277-4915 ◆ FACSIMILE (714) 277-4916

Order No: ▉▉▉▉▉▉

"Exhibit A"

**LEGAL DESCRIPTION**

LOT 15, BLOCK 27 OF TRACT NO. 7307, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85 PAGES 1 THROUGH 5
INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

06 0841080

L01DESC1 - 06/22/89

This page is part of your document - DO NOT DISCARD

06 0841080

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
04/18/06 AT 08:00am

## TITLE(S) :



L E A D   S H E E T

FEE

FEE $ 79 FF
DAF $ 2
C-20                    25

D.T.T.

CODE
20

CODE
19

CODE
9

NOTIFICATION SENT 416

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.          Number of AIN's Shown

THIS FORM IS NOT TO BE DUPLICATED

B

06 0841080



RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY

Recording Requested By:
MORTGAGEIT

Return To:
MORTGAGEIT

1350 DEMING WAY, 3RD FLOOR
MIDDLETON, WI 53562

Prepared By:

_____ [Space Above This Line For Recording Data] _____

# DEED OF TRUST

LOAN NO: ▆▆▆▆▆▆
ESCROW NO: ▆▆▆▆▆▆

MIN ▆▆▆▆▆▆▆▆▆
MERS Phone: 1-888-679-6377

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated          APRIL 06, 2006
together with all Riders to this document.
(B) "Borrower" is
LEONID OVSOVICH, AN UNMARRIED MAN

Borrower's address is 14713 VALLEYHEART DRIVE, LOS ANGELES (SHERMAN OAKS AREA), CA 91403
Borrower is the trustor under this Security Instrument.
(C) "Lender" is
MORTGAGEIT, INC.

Lender is a  CORPORATION
organized and existing under the laws of  NEW YORK

Initials: _LO_

CALIFORNIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3005 1/01
VMP-6A(CA) (0207)                    Page 1 of 15     LENDER SUPPORT SYSTEMS, INC MERS6ACA.NEW (05/04)

Lender's address is
33 MAIDEN LANE 6TH FLOOR, NEW YORK, NY 10038-

(D) "Trustee" is
CHICAGO TITLE

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated     APRIL 06, 2006
The Note states that Borrower owes Lender

NINE HUNDRED NINETY NINE THOUSAND NINE HUNDRED NINETY NINE AND NO/100 X X X X X X X X
Dollars

(U.S. $ 999,999.00          ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than     MAY 01, 2036
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(I) "RIDERS" means all riders to this Security Instrument that are executed by Borrower. The following riders are to be executed by Borrower [check box as applicable]:

| [XX] Adjustable Rate Rider | [ ] Condominium Rider | [ ] 1-4 Family Rider |
| [ ] Graduated Payment Rider | [ ] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] Balloon Rider | [ ] Rate Improvement Rider | [ ] Second Home Rider |
| [XX] Other(s) [specify] PREPAYMENT RIDER | | |

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments, and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(M) "Escrow Items" means those items that are described in Section 3.
(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

06 0841080

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY                    of                    LOS ANGELES                    :
[Type of Recording Jurisdiction]                    [Name of Recording Jurisdiction]

SEE COMPLETE LEGAL DESCRIPTION DESCRIBED IN EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

Parcel ID Number: 2263-021-013                                        which currently has the address of
                    14713 VALLEYHEART DRIVE                                        [Street]
LOS ANGELES (SHERMAN OAKS AREA)                    [City], California    91403    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

VMP-6A(CA) (0207)                                        Page 3 of 15                                        Initials LD
                                                                                Form 3005 1/01

06 0841080

of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be

VMP-6A(CA) (0207)                    Page 4 of 15                    Form 3005 1/01

06 0841080

in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than twelve monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than twelve monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

VMP-6A(CA) (0207)                                           Page 8 of 15                              Initials: ___

Form 3005 1/01

06 0841080

lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. Property Insurance. Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

VMP-6A(CA) (0207)

Page 6 of 15

Initials: LO

Form 3005 1/01

06 0841080

the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. Borrower's Loan Application. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable

VMP-6A(CA) (0207)     Page 7 of 15     Initials: LO
                                        Form 3005 1/01

06 0841080

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

VMP-6A(CA) (0207)      Page 8 of 15      Initials: _LO_     Form 3005 1/01

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender

VMP-6A(CA) (0207)

Page 9 of 15

Initials: LO
Form 3005 1/01

06 0841080

to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

06 0841080

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

06 0841080

04/18/06

requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

VMP-6A(CA) (0207)

Page 12 of 15

Initials _LO_
Form 3005 1/01

06 0841080

14

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. **Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

VMP-6A(CA) (0207)                    Page 13 of 16                    Initials: _LO_
                                                                      Form 3005 1/01

04/18/06

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any RIDER executed by Borrower and recorded with it.

Witnesses:

_____
-Witness

_____
-Witness

*Ovsovich* _____ (Seal)          _____ (Seal)
LEONID OVSOVICH          -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                         -Borrower                                    -Borrower

VMP-6A(CA) (0207)                    Page 14 of 15                    Form 3005  1/01

06 0841080

16.

State of CALIFORNIA
County of Los Angeles

On 04/07/06

LEONID OVSOVICH

} ss.

before me, Leonid A Shneyder, notary public,

personally appeared

, personally known to me

(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ (Seal)

LEONID A. SHNEYDER
Commission # 1405883
Notary Public - California
Los Angeles County
My Comm. Expires Apr 3, 2007

04/18/06

VMP-6A(CA) (0207)

Page 15 of 15

Initials: LO
Form 3005 1/01

06 0841080

SEE "PREPAYMENT PENALTY ADDENDUM TO NOTE" ATTACHED HERETO AND MADE A PART HEREOF.

LOAN NO.: ▓▓▓▓▓

## ADJUSTABLE RATE NOTE
### (MTA - Twelve Month Average Index - Payment Caps)

MIN: ▓▓▓▓▓
MERS Phone: 1-888-679-6377

THIS NOTE CONTAINS PROVISIONS THAT WILL CHANGE THE INTEREST RATE AND THE MONTHLY PAYMENT. THERE MAY BE A LIMIT ON THE AMOUNT THAT THE MONTHLY PAYMENT CAN INCREASE OR DECREASE. THE PRINCIPAL AMOUNT TO REPAY COULD BE GREATER THAN THE AMOUNT ORIGINALLY BORROWED, BUT NOT MORE THAN THE MAXIMUM LIMIT STATED IN THIS NOTE.

APRIL 06, 2006                    ENCINO                    CALIFORNIA
[Date]                             [City]                    [State]

14713 VALLEYHEART DRIVE, LOS ANGELES (SHERMAN OAKS AREA), CA  91403
[Property Address]

### 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $     999,999.00     (this amount is called "Principal"), plus interest, to the order of Lender. The Principal amount may increase as provided under the terms of this Note but will never exceed   ONE HUNDRED FIFTEEN AND 000/1000THS   (   115.000   %) of the Principal amount I originally borrowed. This is called the "Maximum Limit." Lender is
MORTGAGEIT, INC.

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.   INTEREST

(A) Interest Rate

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     1.000     %. The interest rate I will pay may change.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of this Note.

(B) Interest Rate Change Dates

The interest rate I will pay may change on the     1st     day of     JUNE, 2006     , and on that day every month thereafter. Each date on which my interest rate could change is called an "Interest Rate Change Date." The new rate of interest will become effective on each Interest Rate Change Date. The interest rate may change monthly, but the monthly payment is recalculated in accordance with Section 3.

(C) Index

Beginning with the first Interest Rate Change Date, my adjustable interest rate will be based on an Index.¹ The "Index" is the "Twelve-Month Average" of the annual yields on actively traded United States Treasury Securities adjusted to a constant maturity of one year as published by the Federal Reserve Board in the Federal Reserve Statistical Release entitled "Selected Interest Rates (H.15)" (the "Monthly Yields"). The Twelve Month Average is determined by adding together the Monthly Yields for the most recently available twelve months and dividing by 12. The most recent Index figure available as of the date 15 days before each Interest Rate Change Date is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(D) Calculation of Interest Rate Changes

Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding     THREE AND 450/1000THS     percentage point(s) (     3.450     %) ("Margin") to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). This rounded amount will be my new interest rate until the next Interest Rate Change Date. My interest will never be greater than     9.950     %. Beginning with the first Interest Rate Change Date, my interest rate will never be lower than the Margin.

Initials: _L.O_

PayOption ARM Note - MTA Index
FE-5312 (0511)                    Page 1 of 5                    LENDER SUPPORT SYSTEMS, INC. FE5312XX.COU (12/05)

C

3. PAYMENTS
  (A) Time and Place of Payments
  I will make a payment every month.
  I will make my monthly payments on the   1st   day of each month beginning on          JUNE, 2006          .
I will make these payments every month until I have paid all the Principal and Interest and any other charges described
below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied
to interest before Principal. If, on        MAY 01, 2036        , I still owe amounts under this Note, I will pay those
amounts in full on that date, which is called the "Maturity Date."
  I will make my monthly payments at   MORTGAGEIT, INC.
P.O. BOX 79135, PHOENIX, AZ 85062-
or at a different place if required by the Note Holder.

  (B) Amount of My Initial Monthly Payments
  Each of my initial monthly payments until the first Payment Change Date will be in the amount of U.S. $   3,216.39
unless adjusted under Section 3(F).

  (C) Payment Change Dates
  My monthly payment may change as required by Section 3(D) below beginning on the 1st day of       JUNE, 2007       .
and on that day every 12th month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment also
will change at any time Section 3(F) or 3(G) below requires me to pay a different monthly payment. The "Minimum Payment"
is the minimum amount the Note Holder will accept for my monthly payment which is determined at the last Payment Change
Date or as provided in Section 3(F) or 3(G) below. If the Minimum Payment is not sufficient to cover the amount of the interest
due then negative amortization will occur.
  I will pay the amount of my new Minimum Payment each month beginning on each Payment Change Date or as provided
in Section 3(F) or 3(G) below.

  (D) Calculation of Monthly Payment Changes
  At least 30 days before each Payment Change Date, the Note Holder will calculate the amount of the monthly payment that
would be sufficient to repay the unpaid Principal that I am expected to owe at the Payment Change Date in full on the maturity
date in substantially equal payments at the interest rate effective during the month preceding the Payment Change Date. The
result of this calculation is called the "Full Payment." Unless Section 3(F) or 3(G) apply, the amount of my new monthly
payment effective on a Payment Change Date, will not increase by more than 7.5% of my prior monthly payment. This 7.5%
limitation is called the "Payment Cap." This Payment Cap applies only to the Principal and Interest payment and does not apply
to any escrow payments Lender may require under the Security Instrument. The Note Holder will apply the Payment Cap by
taking the amount of my Minimum Payment due the month preceding the Payment Change Date and multiplying it by the
number 1.075. The result of this calculation is called the "Limited Payment." Unless Section 3(F) or 3(G) below requires me to
pay a different amount, my new Minimum Payment will be the lesser of the Limited Payment and the Full Payment. I also have
the option to pay the Full Payment for my monthly payment.

  (E) Additions to My Unpaid Principal
  Since my monthly payment amount changes less frequently than the interest rate, and since the monthly payment is subject
to the payment limitations described in Section 3(D), my Minimum Payment could be less than or greater than the amount of the
interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment
date in full on the Maturity Date in substantially equal payments. For each month that my monthly payment is less than the
interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and
will add the difference to my unpaid Principal, and interest will accrue on the amount of this difference at the interest rate
required by Section 2. For each month that the monthly payment is greater than the interest portion, the Note Holder will apply
the payment as provided in Section 3(A).

  (F) Limit on My Unpaid Principal; Increased Monthly Payment
  My unpaid Principal can never exceed the Maximum Limit equal to   ONE HUNDRED FIFTEEN AND 000/1000THS   percent
( 115.000 %) of the Principal amount I originally borrowed. My unpaid principal could exceed that Maximum Limit due to

Initials: *LO*

Minimum Payments and interest rate increases. In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment. This means that my monthly payment may change more frequently than annually and such payment changes will not be limited by the 7.5% Payment Cap. The new Minimum Payment will be in an amount that would be sufficient to repay my then unpaid Principal in full on the Maturity Date in substantially equal payments at the current interest rate.

    (G) Required Full Payment

On the    fifth    Payment Change Date and on each succeeding fifth Payment Change Date thereafter, I will begin paying the Full Payment as my Minimum Payment until my monthly payment changes again. I also will begin paying the Full Payment as my Minimum Payment on the final Payment Change Date.

    (H) Payment Options

After the first Interest Rate Change Date, Lender may provide me with up to three (3) additional payment options that are greater than the Minimum Payment, which are called "Payment Options." I may be given the following Payment Options:

        (i) Interest Only Payment: the amount that would pay the interest portion of the monthly payment at the current interest rate. The Principal balance will not be decreased by this Payment Option and it is only available if the interest portion exceeds the Minimum Payment.

        (ii) Fully Amortized Payment: the amount necessary to pay the loan off (Principal and Interest) at the Maturity Date in substantially equal payments.

        (iii) 15 Year Amortized Payment: the amount necessary to pay the loan off (Principal and Interest) within a fifteen (15) year term from the first payment due date in substantially equal payments. This monthly payment amount is calculated on the assumption that the current rate will remain in effect for the remaining term.

These Payment Options are only applicable if they are greater than the Minimum Payment.

4.    NOTICE OF CHANGES

The Note Holder will deliver or mail to me a notice of any changes in the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

5.    BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments. My partial Prepayment may reduce the amount of my monthly payments after the first Payment Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

6.    LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

7.    BORROWER'S FAILURE TO PAY AS REQUIRED

    (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of    FIFTEEN    ( 15 ) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be    6.000    % of my overdue payment of Principal and Interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. The date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.

8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all the amounts owed under this Note.

10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11. SECURED NOTE

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of these conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option

PayOption ARM Note - MTA Index
FE-5312 (0511)

Page 4 of 5

Initials: _LP_

shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Ovsovich_ _____ (Seal)  _____ (Seal)
LEONID OVSOVICH                -Borrower                                    -Borrower

_____ (Seal)  _____ (Seal)
                         -Borrower                                    -Borrower

_____ (Seal)  _____ (Seal)
                         -Borrower                                    -Borrower

_____ (Seal)  _____ (Seal)
                         -Borrower                                    -Borrower

PAY TO THE ORDER OF:          RESIDENTIAL FUNDING CORPORATION
WITHOUT RECOURSE
MORTGAGEIT, INC.
BY: _____
NAME: RICK TUAZON
TITLE: ASST SECRETARY

PAY TO THE ORDER OF
JP MORGAN CHASE BANK, AS TRUSTEE
WITHOUT RECOURSE
Residential Funding Corporation

BY _____
Judy Faber, Vice President

PayOption ARM Note - MTA Index
FE-5312 (0511)                          Page 5 of 5

## ALLONGE TO PROMISSORY NOTE

Loan #: █████████
Borrower: Leonid Ovsovich
Note Date: April 6, 2006
Address: 14713 Valleyheart Drive, Los Angeles (Sherman Oaks Area), CA 91403
Loan Amount: $999,999.00

PAY TO THE ORDER OF:

The Bank of New York Mellon Trust Company, National Association fka The Bank of
New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee
for RAAC 2006SP3

Without Recourse

The Bank of New York Mellon Trust Company, National Association fka The Bank of
New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee,
Residential Funding Company, LLC fka Residential Funding Corporation, Attorney in
Fact.


_____
Charity Peterson,  Authorized Officer

B6A (Official Form 6A) (12/07)

In re   **Gennady Tikhonov,**
      **Albina Tikhonov**

Case No. _____

                Debtors

## SCHEDULE A - REAL PROPERTY

    Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **14713 Valleyheart Drive**<br>**Sherman Oaks, CA 91403**<br>**(Property Loans are not in Debtors name)** | **Fee Simple** | **C** | **900,000.00** | **1,173,356.00** |

| | | Sub-Total > | 900,000.00 | (Total of this page) |
|---|---|---|---|---|
| | | Total > | 900,000.00 | |

  __0__  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re    **Gennady Tikhonov,**                                           Case No.     **1:11-bk-15614**
        **Albina Tikhonov**

                                         Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. 2411<br><br>GMAC Mortgage<br>PO Box 79135<br>Phoenix, AZ 85062 | | | | C | 2008<br>Mortgage<br>14713 Valleyheart Drive<br>Sherman Oaks, CA 91403<br>(Property Loans are not in Debtors name) | | | | | |
| | | | | | Value $        900,000.00 | | | | 1,103,356.00 | 273,356.00 |
| Account No. 9311<br><br>Nissan Infinity LT<br>PO Box 37191<br>Dallas, TX 75266 | | | | C | '08 -'09<br>Security Agreement<br>'08 Nissan Altima | | | | | |
| | | | | | Value $        12,700.00 | | | | 8,392.00 | 0.00 |
| Account No.<br><br>The Akselrod Family Trust<br>12400 Wilshire Blvd., #1250<br>Los Angeles, CA 90025 | | | | C | '08 - '09<br>Equity Line<br>14713 Valleyheart Drive<br>Sherman Oaks, CA 91403<br>(Property Loans are not in Debtors name) | | | | | |
| | | | | | Value $        900,000.00 | | | | 70,000.00 | 0.00 |
| Account No.<br><br> | | | | | | | | | | |
| | | | | | Value $ | | | | | |

   <u>0</u>    continuation sheets attached

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | 1,181,748.00 | 273,356.00 |
| Total<br>(Report on Summary of Schedules) | 1,181,748.00 | 273,356.00 |

## Post Petition Payment History

### Gennady Tikhonov fdba G & M Management LLC fdba West Coast Imagin and Albina Tikhonov

1:11-bk-15614-MT

xxxxxx2411

| Date Due | Amount Due | Date Received | Amount Received | How Applied |
|----------|-----------|---------------|-----------------|-------------|
| 6/1/2011 | $5026.55 | N/A | $0.00 | N/A |
| 7/1/2011 | $5026.55 | N/A | $0.00 | N/A |
| 8/1/2011 | $5026.55 | N/A | $0.00 | N/A |
| 9/1/2011 | $5026.55 | N/A | $0.00 | N/A |
| 10/1/2011 | $5026.55 | N/A | $0.00 | N/A |

E

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

**This page is part of your document - DO NOT DISCARD**



# 20111112578

Pages:
0002

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/18/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**LEADSHEET**





**SEQ:
06**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**



t35

RECORDER MEMO: This COPY IS NOT an OFFICIAL RECORD.



RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

Requested and Prepared by:
**Executive Trustee Services, LLC**

When Recorded Mail To:
**Executive Trustee Services, LLC**
**2255 North Ontario Street, Suite 400**
**Burbank, CA 91504-3120**

09/16/2011

*20111112578*

Loan No:
TS NO:
MIN #:
MERS Phone: 1-888-679-6377

## ASSIGNMENT OF DEED OF TRUST

**For Value Received, the undersigned corporation hereby grants, assigns, and transfers to:**

**The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006SP3.**

all beneficial interest under that certain Deed of Trust dated: 04/06/2006 executed by *LEONID OVSOVICH*, AN UNMARRIED MAN, as Trustor(s), to CHICAGO TITLE, as Trustee, and recorded as Instrument No. 06 0841060, on 04/18/2006, in Book XX, Page XX of Official Records, in the office of the County Recorder of Los Angeles County, CA together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

DATE: August 10, 2011

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR MORTGAGEIT,
INC A CORPORATION its successors and assigns

**Lisa Clark**
**Assistant Secretary**

State of **Pennsylvania** } SS.
County of **Montgomery** }

On 8/10/11 before me, **Nikole Shelton** Notary Public, personally appeared
**Lisa Clark** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under penalty of perjury under the laws of the State of **Pennsylvania** that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Nikole Shelton, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Aug. 11, 2014
Member, Pennsylvania Association of Notaries

RECORDER MEMO: This COPY is NOT an OFFICIAL RECORD.

**EXHIBIT 3-L**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Routh Crabtree Olsen, PS<br>Edward T. Weber, SBN #194963<br>1241 E. Dyer Road, Suite 250<br>Santa Ana, CA 92705<br>Phone: 714-277-4915  Fax: 714-277-4899<br>Email: eweber@rcolegal.com<br>RCO# 7314.37569<br><br><br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | **FILED & ENTERED**<br><br>**DEC 19 2011**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY williams   DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>Gennady Tikhonov fdba G & M Management LLC fdba West Coast Imagin<br>Albina Tikhonov<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:11-bk-15614-MT<br><br>CHAPTER: 13 |
|---|---|
|  | **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
|  | DATE:  November 30, 2011<br>TIME:   9:30 AM<br>CTRM:  302<br>PLACE: 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

Movant:   The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee

1.  The Motion was:  ☐ Opposed  ☒ Unopposed  ☐ Settled by stipulation

2.  The Motion affects the following real property (Property):

    Street address:      14713 VALLEYHEART DRIVE
    Unit number:
    City, state, zip code:    SHERMAN OAKS, CA 91403

    Legal description or document recording number (including county of recording):

    ☒ See attached page.

3.  The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
    ☐ 11 U.S.C. § 362(d)(4)

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☒  Terminated as to Debtor and Debtor's bankruptcy estate.
    b.  ☐  Annulled retroactively to the date of the bankruptcy petition filing.
    c.  ☐  Modified or conditioned as set forth in Exhibit ____ to this Order.

5.  ☒  Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with
    applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the
    estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6.  Movant must not conduct a foreclosure sale before the following date (*specify*):

7.  ☐  The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment
    to this Order.

8.  ☒  In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after
    entry of this Order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without
    prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to
    the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's
    secured claim after entry of this Order.

9.  ☐  The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

        ☐  transfer of all or part ownership of, or other interest in, the Property without the consent of the secured
           creditor or court approval.

        ☐  multiple bankruptcy filings affecting the Property.

    If recorded in compliance with applicable state law governing notices of interest or liens in the Property, this Order is
    binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the
    Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent
    bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown,
    after notice and a hearing.  Any federal, state or local governmental unit that accepts notices of interests or liens in
    real property shall accept a certified copy of this Order for indexing and recording.

10. This Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter
    of the Bankruptcy Code.

//

//

//

//

//

//

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                          Page 2                                          **F 4001-1.ORDER.RP**

11. This court further orders as follows:

a. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.
b. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-10-ER*).
c. ☐ See attached continuation page for additional provisions.

###

DATED: December 19, 2011

_____
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 3                                    F 4001-1.ORDER.RP

**Legal Description**

LOT 15, BLOCK 27 OF TRACT NO. 7307, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85 PAGES 1 THROUGH 5
INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*                                                    Page 4                                    **F 4001-1.ORDER.RP**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date stated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Order(s) and LBRs, the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of December 1, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) stated below:

Michael W Aiken     ecfnotices@ascensioncapitalgroup.com
Patti H Bass     ecf@bass-associates.com
Elizabeth (SV) F Rojas (TR)     cacb_ecf_sv@ch13wla.com
Elena Steers     steerslaw@yahoo.com
United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov
Edward T Weber     bknotice@rcolegal.com

☐  Service information continued on attached page

**2.  SERVED BY THE COURT VIA UNITED STATES MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) stated below:

Debtor: Gennady Tikhonov fdba G & M Management LLC fdba West Coast Imagin, 14713 Valleyheart Drive, Sherman Oaks, CA 91403
Debtor: Albina Tikhonov, 14713 Valleyheart Drive, Sherman Oaks, CA 91403
The Akselrod Family Trust**,** 12400 Wilshire Blvd., #1250, Los Angeles, CA  90025

☐  Service information continued on attached page

**3.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) stated below:

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                            Page 5                                            **F 4001-1.ORDER.RP**

**EXHIBIT 3-M**

| | |
|---|---|
| Attorney or Appellant, Address, Telephone & FAX Numbers, and California State Bar Number<br>GENNAY TIKHONOV fdba G & M MANAGEMENT LLC fdba<br>WEST COAST IMAGIN ;<br>ALBINA TIKHONOV<br>by: Albina Tikhonov<br>c/o 14713 VALLEYHEART DRIVE<br>SHERMAN OAKS AC [91403]<br><br>_Attorney for Appellant_ APPELLANT in PRO PER | FOR COURT USE ONLY<br><br>FILED<br>DEC - 8 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY              DEPUTY |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:  GENNAY TIKHONOV fdba G & M MANAGEMENT<br>        LLC fdba WEST COAST IMAGIN ;<br>        ALBINA TIKHONOV                          Debtor(s). | |
| Last four digits of Social Security Number(s): | CHAPTER: 13<br><br>CASE NUMBER: 1:11-BK-15614-mT |
| Employer's Tax Identification No(s) [if any]: | ADVERSARY NUMBER: |

## NOTICE OF APPEAL

1.  NOTICE IS HEREBY GIVEN that the _(check only one box)_ ☐ plaintiff  ☒ defendant or  ☐ other party

    _(specify name of party)_ ALBINA TIKHONOV _____, appeals under 28 U.S.C.

    § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge _(describe judgment, order, or decree)_

    ORDER GRANTING MOTION FOR RELIEF FORM AUTOMA entered in this adversary proceeding or other proceeding

    _(describe other proceeding)_ DENIAL OF COUNSEL &  DENIAL OF DEBTOR'S FILED :NOTICE OF DEBTOR OBJEC☒ on the

    ___30TH___ day of _____NOVEMBER_____, _(year)_ ___2011___.

2.  The names of all parties to the judgment, order, or decree appealed from and the names, addresses, telephone, and fax
    numbers of their respective attorneys are as follows _(print or type names, addresses, telephone, and fax numbers)_:

    GENNAY TIKHONOV fdba G & M MANAGEMENT LLC fdba WEST COAST IMAGIN ;
    ALBINA TIKHONOV
    by: Albina Tikhonov - PRO PER
    c/o 14713 VALLEYHEART DRIVE
    SHERMAN OAKS AC [91403]

    2. ROUTH CRABTREE OLSEN, PS
    EDWARD T. WEBER, SBN # 194963
    1241 E. DRER ROAD=, SUITE 250
    SANTA ANA, AC 9275
    PH# 714-277-4915   FAX # 714 - 277-4899
    RCO3 7314. 37569
     FOR THE PLAINTIFF: THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka
    THE BANK OF NEW YORK TRUST COMPANY, N.A. as successor to JPMORGAN CHASE BANK N.A. as Trustee

_(Continued on next page)_

**FORM 17**

Notice of Appeal - *Page 2*

# FORM 17

| In re | CHAPTER: 13 |
|---|---|
| ALBINA TIKHONOV | |
| Debtor(s). | CASE NUMBER: 1:11-bk15614MT |

Dated: 12/7/11

*Signature (Attorney for Appellant or Appellant if not represented by an Attorney)*

by: Albina :Tikhonov- a real living woman

*Attorney Name*

c/o 14713 VALLEYHEART DRIVE, SHERMAN OAKS, CA [91403]

*Address*

213 422-6226

*Telephone Number*

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this Notice of Appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

*If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.*

# FORM 17

Notice of Appeal - *Page 3*                                                **FORM 17**

| In re | CHAPTER: 13 |
| ALBINA TIKHONOV | |
| Debtor(s). | CASE NUMBER: 1:11-bk15614MT |

# PROOF OF SERVICE

STATE OF CALIFORNIA COUNTY OF __LOS ANGELES__

1.  I am employed in the County of __LOS ANGLES__, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:


2.  **Regular Mail Service:** On __12/7/11__, I served the documents described as: NOTICE OF APPEAL on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at __SHERMAN OAKS , CALIFORNIA__, California, addressed as set forth below.

☐  Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 12/7/11

Albina Tikhonov - REAL WOMAN
---------------------------------------
*Typed Name*

*Signature*

<table>
<tr><td>

Attorney or Party Name, Address. Telephone & FAX Nos.. State Bar No. &
Email Address

Routh Crabtree Olsen, PS
Edward T. Weber, SBN #194963
1241 E. Dyer Road, Suite 250
Santa Ana, CA 92705
Phone: 714-277-4915  Fax: 714-277-4899
Email: eweber@rcolegal.com
RCO# 7314.37569

</td><td>

FOR COURT USE ONLY

</td></tr>
</table>

☑ Attorney for Movant(s)
☐ Movant(s) appearing without an attorney

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - <u>SAN FERNANDO VALLEY</u> DIVISION

| | |
|---|---|
| In re:<br><br>Gennady Tikhonov fdba G & M Management LLC fdba West Coast Imagin<br>Albina Tikhonov | CASE NO.: 1:11-bk-15614-MT<br><br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** |
| | DATE: November 30, 2011<br>TIME: 9:30 AM<br>COURTROOM: 302<br>PLACE: 21041 Burbank Boulevard. Woodland Hills. CA 91367 |
| Debtor(s) | |

**Movant:** The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee

1. The Motion was:  ☐ Opposed  ☒ Unopposed  ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

    Street address: <u>14713 VALLEYHEART DRIVE</u>
    Unit number:
    City. state. zip code: <u>SHERMAN OAKS. CA 91403</u>

    Legal description or document recording number (including county of recording):

    ☒ See attached page.

3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with
   applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the
   estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant must not conduct a foreclosure sale before the following date (specify):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment
   to this Order.

8. ☒ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after
   entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without
   prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to
   the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's
   secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured
     creditor or court approval.

   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state law governing notices of interest or liens in the Property, this Order is
   binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the
   Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent
   bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown,
   after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in
   real property shall accept a certified copy of this Order for indexing and recording.

10. This Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter
    of the Bankruptcy Code.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011    Page 2    F 4001-1.ORDER.RP

11. This court further orders as follows:

   a. ☒ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

   b. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-10-ER*).

   c. ☐ See attached continuation page for additional provisions.

###

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011              Page 3            F 4001-1.ORDER.RP

## Legal Description

LOT 15, BLOCK 27 OF TRACT NO. 7307, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85 PAGES 1 THROUGH 5
INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                                                                      Page 4                                                    F 4001-1.ORDER.RP

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1241 E. Dyer Road, Suite 250, Santa Ana, CA 92705

A true and correct copy of the foregoing document described as **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 1, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL** (state method for each person or entity served):
On  12/2/2011 , I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Gennady Tikhonov fdba G & M Management LLC fdba West Coast Imagin, 14713 Valleyheart Drive, Sherman Oaks, CA 91403
Debtor: Albina Tikhonov, 14713 Valleyheart Drive, Sherman Oaks, CA 91403
United States Trustee: 21051 Warner Center Lane, Suite 115, Woodland Hills, CA 91367
The Akselrod Family Trust, 12400 Wilshire Blvd., #1250, Los Angeles, CA 90025

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  12/2/2011 , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Michael W Aiken    ecfnotices@ascensioncapitalgroup.com
Patti H Bass    ecf@bass-associates.com
Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
Elena Steers    steerslaw@yahoo.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 12/2/2011          Signature: /s/ Holly Lucas

Printed Name:  Holly Lucas

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 5                                    **F 4001-1.ORDER.RP**

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date stated as AEntered@ on the first page of this judgment or order and will be served in the manner stated below:

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBRs, the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of December 1, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) stated below:

Michael W Aiken    ecfnotices@ascensioncapitalgroup.com
Patti H Bass    ecf@bass-associates.com
Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
Elena Steers    steerslaw@yahoo.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Edward T Weber    bknotice@rcolegal.com

☐ Service information continued on attached page

2. **SERVED BY THE COURT VIA UNITED STATES MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) stated below:

Debtor: Gennady Tikhonov fdba G & M Management LLC fdba West Coast Imagin, 14713 Valleyheart Drive, Sherman Oaks, CA 91403
Debtor: Albina Tikhonov, 14713 Valleyheart Drive, Sherman Oaks, CA 91403
The Akselrod Family Trust, 12400 Wilshire Blvd., #1250, Los Angeles, CA 90025

☐ Service information continued on attached page

3. **TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an AEntered@ stamp, the party lodging the judgment or order will serve a complete copy bearing an AEntered@ stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) stated below:

☐ Service information continued on attached page

# PARTIES SERVED WITH SUMMONS & COMPLAINT

2. ROUTH CRABTREE OLSEN, PS

EDWARD T. WEBER, SBN # 194963

1241 E. DRER ROAD=, SUITE 250

SANTA ANA, AC 9275

PH# 714-277-4915   FAX # 714 - 277-4899

RCO3 7314. 37569

FOR THE PLAINTIFF: THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka THE BANK OF NEW YORK TRUST COMPANY, N.A. as successor to JPMORGAN CHASE BANK N.A. as Trustee


CHAPTER 13 TRUSTEE

UNITED STATES TRUSTEE

21051 WARNER CENTER LANE , SUITE 115, WOODLAND HILLS, CA 91367


THE  AKSEROID FAMILY TRUST,

12400 WILSHIRE BLVD. 3 1250, LOS ANGELES, CA 90025


BK CLERK OF THE U.S. BNKRUTCPY CT

**EXHIBIT 3-N**

<table>
<tr><td>
Attorney or Appellant, Address, Telephone & FAX Numbers, and California State Bar Number<br>
GENNADY TIKHONOV fdba G & M MANAGEMENT LLC. fdba<br>
WEST COAST IMAGING:<br>
ALBINA TIKHONOV<br>
BY:ALBINA TIKHONOV<br>
c/o 14713 VALLEYHEART DRIVE<br>
SHERMAN OAKS, CA 91403<br><br>
<i>Attorney for Appellant</i> APPELLANT IN PRO PER
</td>
<td>
FOR COURT USE ONLY<br><br>
FILED<br>
JAN 0 3 2012<br>
CLERK U.S. BANKRUPTCY COURT<br>
CENTRAL DISTRICT OF CALIFORNIA<br>
BY_____ Deputy Clerk
</td></tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

In re: GENNADY TIKHONOV DBA G & M
MANAGEMENT LLC. DBA WEST COAS
IMAGING:ALBINA TIKHONOV
Debtor(s).

Last four digits of Social Security Number(s):

CHAPTER: 13

CASE NUMBER: 1:11-BK-15614-MT

Employer's Tax Identification No(s) [if any]:

ADVERSARY NUMBER:

## NOTICE OF APPEAL

1. NOTICE IS HEREBY GIVEN that the *(check only one box)* ☐ plaintiff ☒ defendant or ☐ other party

(specify name of party) __ALBINA TIKHONOV_____, appeals under 28 U.S.C.

§ 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge *(describe judgment, order, or decree)*

__ORDER GRANTING MOTION FOR RELIFE FORM AUTOMA__ entered in this adversary proceeding or other proceeding

*(describe other proceeding)* __DENIAL OF COUNSEL & DENIAL OF DEBTOR'S FILED:NOTICE OF DEBTOR OBJECT__ on the

__30TH__ day of __NOVEMBER__, *(year)* __2011__.

2. The names of all parties to the judgment, order, or decree appealed from and the names, addresses, telephone, and fax numbers of their respective attorneys are as follows *(print or type names, addresses, telephone, and fax numbers)*:

1. GENNADY TIKHONOV DBA G & M MANAGEMENT LLC. DBA WEST COAS IMAGING:
ALBINA TIKHONOV
BY:ALBINA TIKHONOV
c/o 14713 VALLEYHEART DRIVE
SHERMAN OAKS, CA 91403

2. ROUTH CRABTREE OLSEN,PS
EDWARD T. WEBER,SBN#194963
1241 E. DYER ROAD, SUITE 250
SANTA ANA, CA 92705
PH.#714-277-4915 FAX# 714-277-4899
RC03 7314.37569
FOR THE PLANTIFF:THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION fka
THE BANK OF NEW YORK TRUST COMPANY, NA as successor to JP MORGAN CHASE BANK N.A. as Trustee

*(Continued on next page)*

Notice of Appeal - *Page 2*                                          **FORM 17**

| In re<br>ALBINA TIKHONOV |  | CHAPTER: 13 |
| --- | --- | --- |
| | Debtor(s). | CASE NUMBER: 1:11-BK15614MT |

Dated: 12/7/11

_Signature (Attorney for Appellant or Appellant if not represented by an Attorney)_

bY: ALBINA TIKHONOV

_Attorney Name_

ALBINA TIKHONOV

_Address_

c/o 14713 VALLEYHEART DR, *Sherman Oaks, CA 91403*

_Telephone Number_   213-422-6225

If a Bankruptcy Appellate Panel Service is authorized to hear this appeal, each party has a right to have the appeal heard by the district court. The appellant may exercise this right only by filing a separate statement of election at the time of the filing of this Notice of Appeal. Any other party may elect, within the time provided in 28 U.S.C. § 158(c), to have the appeal heard by the district court.

_If a child support creditor or its representative is the appellant, and if the child support creditor or its representative files the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required._

Notice of Appeal - *Page 3*                                                      **FORM 17**

| In re | CHAPTER: 13 |
|---|---|
| ALBINA TIKHONOV | |
| Debtor(s). | CASE NUMBER: 1:11-BK15614MT |

# PROOF OF SERVICE

STATE OF CALIFORNIA COUNTY OF LS ANGELES _____

1.  I am employed in the County of LOS ANGELES _____, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:


2.  **Regular Mail Service:** On 2/7/11 _____, I served the documents described as: NOTICE OF APPEAL on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at SHERMAN OAKS, CALIFORNIA _____, California, addressed as set forth below.


☐ Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 12/7/11

ALBINA TIKHONOV-REAL WOMAN
_____                    _____
*Typed Name*                                          *Signature*

*Revised 05/04*                                                                **FORM 17**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Routh Crabtree Olsen, PS<br>Edward T. Weber, SBN #194963<br>1241 E. Dyer Road, Suite 250<br>Santa Ana, CA 92705<br>Phone: 714-277-4915 Fax: 714-277-4899<br>Email: eweber@rcolegal.com<br>RCO# 7314.37569 | **FILED & ENTERED**<br><br>DEC 19 2011<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY williams DEPUTY CLERK |

☒ Attorney for Movant(s)
☐ Movant(s) appearing without an attorney

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>Gennady Tikhonov fdba G & M Management LLC fdba West Coast Imagin<br>Albina Tikhonov<br><br><br><br><br><br>Debtor(s). | CASE NO.: 1:11-bk-15614-MT<br>CHAPTER: 13<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**<br><br>DATE: November 30, 2011<br>TIME: 9:30 AM<br>CTRM: 302<br>PLACE: 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

**Movant:** The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee

1. The Motion was: ☐ Opposed   ☒ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following real property (Property):

 Street address: <u>14713 VALLEYHEART DRIVE</u>
 Unit number:
 City, state, zip code: <u>SHERMAN OAKS, CA 91403</u>

 Legal description or document recording number (including county of recording):

 ☒ See attached page.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                     Page 1                     **F 4001-1.ORDER.RP**

3. The Motion is granted under: ☒ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit _____ to this Order.

5. ☒ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant must not conduct a foreclosure sale before the following date (*specify*):

7. ☐ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☒ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☐ multiple bankruptcy filings affecting the Property.

   If recorded in compliance with applicable state law governing notices of interest or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this Order for indexing and recording.

10. This Order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

// 

// 

// 

// 

// 

// 

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                    Page 2                            **F 4001-1.ORDER.RP**

005943        8540400594 8012

11. This court further orders as follows:

    a.  ☒  The 14-day stay as provided in FRBP 4001(a)(3) is waived.

    b.  ☐  The provisions set forth in the Extraordinary Relief Attachment shall also apply (*attach Optional Form F 4001-10-ER*).

    c.  ☐  See attached continuation page for additional provisions.

###

DATED: December 19, 2011

Maureen A. Tighe

_____
United States Bankruptcy Judge

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2011*               Page 3             **F 4001-1.ORDER.RP**

005943                  8540 4005 9480 21

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (Real Property)** was entered on the date stated as "Entered" on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBRs, the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of December 1, 2011, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) stated below:

Michael W Aiken    ecfnotices@ascensioncapitalgroup.com
Patti H Bass    ecf@bass-associates.com
Elizabeth (SV) F Rojas (TR)    cacb_ecf_sv@ch13wla.com
Elena Steers    steerslaw@yahoo.com
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
Edward T Weber    bknotice@rcolegal.com

☐ Service information continued on attached page

**2. SERVED BY THE COURT VIA UNITED STATES MAIL**: A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) stated below:

Debtor: Gennady Tikhonov fdba G & M Management LLC fdba West Coast Imagin, 14713 Valleyheart Drive, Sherman Oaks, CA 91403
Debtor: Albina Tikhonov, 14713 Valleyheart Drive, Sherman Oaks, CA 91403
The Akselrod Family Trust, 12400 Wilshire Blvd., #1250, Los Angeles, CA  90025

☐ Service information continued on attached page

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) stated below:

☐ Service information continued on attached page

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011        Page 5        **F 4001-1.ORDER.RP**

005943        85404005948030

**Legal Description**

LOT 15, BLOCK 27 OF TRACT NO. 7307, IN THE CITY OF LOS ANGELES, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 85 PAGES 1 THROUGH 5
INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                            Page 4                          **F 4001-1.ORDER.RP**

005943        85404005948021

WED-85404 0973-1 pdf031 11-15614
Elena Steers
16633 Ventura Blvd Ste 900
Encino, CA 91436

005943 5943 1 AT 0.362 91403 0 9 6908-1-5943

Gennady Tikhonov
Albina Tikhonov
14713 Valleyheart Drive
Sherman Oaks, CA 91403-1601

**EXHIBIT 3-O**

Case 1:20-bk-15614-MT Doc 7 Filed 05/07/12 Entered 05/07/12 16:00:58 Exhibit Desc
Main Document Pg 237 of 263 Page 1 of 12
Case: 11-1698     Document 29 filed 12/10/2012     Page: 1 of 2

# FILED

DEC 10 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

In re:                              )    BAP No.   CC-11-1698
                                    )
GENNADY TIKHONOV and                )    Bk. No.   SV 11-15614-MT
ALBINA TIKHONOV,                    )
                                    )
              Debtors.              )
_____)
                                    )
GENNADY TIKHONOV and                )
ALBINA TIKHONOV,                    )
                                    )
              Appellants,           )
                                    )
v.                                  )    **ORDER DENYING MOTION FOR STAY**
                                    )    **PENDING APPEAL**
THE BANK OF NEW YORK MELLON         )
TRUST, N.A.,                        )
                                    )
              Appellee.             )
_____)

Before: MARKELL, BEESLEY[1] and PAPPAS, Bankruptcy Judges.

On December 10, 2012, appellants filed a motion for stay
pending appeal with the Panel.

The Panel considers four factors in determining a motion for
stay pending appeal: "(1) whether the stay applicant has made a
strong showing that he is likely to succeed on the merits;

_____

[1]  Hon. Bruce T. Beesley, United States Bankruptcy Judge for
the District of Nevada, sitting by designation.

(2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 129 S. Ct. 1749, 1756 (2009).

The Panel concludes that appellants have not established that appellant is entitled to a stay. Specifically, appellants have not shown a likelihood of success on the merits.

Therefore, the motion for stay pending appeal is ORDERED DENIED.

2

**EXHIBIT 3-P**

**FILED**

DEC 14 2012

NOT FOR PUBLICATION

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   CC-11-1698-MkBePa |
| ) | |
| GENNADY TIKHONOV and ) | Bk. No.   SV 11-15614-MT |
| ALBINA TIKHONOV, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| GENNADY TIKHONOV; ) | |
| ALBINA TIKHONOV, ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| THE BANK OF NEW YORK MELLON ) | |
| TRUST CO., N.A., ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument
on November 15, 2012[**]

Filed – December 14, 2012

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Maureen Tighe, Bankruptcy Judge, Presiding

_____

Appearances:    Appellants Gennady and Albina Tikhonov pro se on
brief; Bernard J. Kornberg, Adam N. Barasch and
Jan T. Chilton of Severson & Werson on brief for
appellee The Bank of New York Mellon Trust Co.,
N.A.

_____

_____

[*]This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

[**]By order entered October 10, 2012, this appeal was deemed
suitable for submission without oral argument.

1    Before:  MARKELL, BEESLEY[***] and PAPPAS, Bankruptcy Judges.

2

3                         **INTRODUCTION**

4         Gennady and Albina Tikhonov ("Debtors") appeal from a

5 bankruptcy court order granting relief from stay under 11 U.S.C.

6 § 362(d)(1)[1] to the Bank of New York Mellon Trust Co., N.A.,

7 formerly known as the Bank of New York Trust ("BONY").  We hold

8 that the appellants lack standing, and thus we DISMISS this

9 appeal.  Even if the appellants had standing, however, we would

10 AFFIRM.

11                          **FACTS**

12 **A.   The parties, the debt and the encumbered property**

13         The following facts reflect this Panel's understanding of

14 the key players, the debt incurred and the encumbrances against

15 the relevant parcel of real property:  a single-family residence

16 located in Sherman Oaks, California ("Residence").  For the most

17 part, we have drawn these facts from the various deeds, notes and

18 other transaction documents offered as exhibits by the parties.

19 Neither party has attempted to challenge the authenticity of

20 these documents, or the propriety of our considering them.  While

21 the parties' respective statements of fact focus on different

22 parts of the record, neither effectively has challenged the

23

---

24      [***]Hon. Bruce T. Beesley, United States Bankruptcy Judge for

25 the District of Nevada, sitting by designation.

26      [1]Unless specified otherwise, all chapter and section
references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and

27 all "Rule" references are to the Federal Rules of Bankruptcy
Procedure, Rules 1001-9037.  All "Civil Rule" references are to

28 the Federal Rules of Civil Procedure.

existence or the basic nature of the real estate and lending
transactions leading up to their dispute.

On or about April 6, 2006, a man named Leonid Ovsovich
("Ovsovich") owned the Residence.  On that date, he borrowed
roughly $1 million from Mortgageit, Inc. ("Mortgageit").  In
exchange for the loan, Ovsovich executed an Adjustable Rate Note
("Note") and a Deed of Trust ("First Trust Deed"), both dated
April 6, 2006.

The First Trust Deed was recorded on April 18, 2006, in the
Official Records of Los Angeles County, as instrument number
06-0841080.  The First Trust Deed identified Ovsovich as the
borrower, Mortgageit as the lender, and Mortgage Electronic
Registration Systems, Inc. or "MERS" as the beneficiary, but
"solely as nominee for Lender and Lender's successors and
assigns."  The First Trust Deed elsewhere reiterated that "MERS
is a separate corporation that is acting solely as a nominee for
Lender and Lender's successors and assigns.  MERS is the
beneficiary under this Security Instrument."  Under the First
Trust Deed, Ovsovich acknowledged his understanding and
agreement, on the one hand, that MERS only held a legal interest
to the property described under the First Trust Deed, and on the
other hand, that MERS had the right/authority as nominee for the
lender and the lender's successors and assigns to exercise all of
their rights and interests under the First Trust Deed, to the
extent "necessary to comply with law or custom."

On November 2, 2006, Ovsovich borrowed another $25,000
against the Residence, this time from Reliant Group, Inc.
("Reliant").  In exchange for this loan, Ovsovich executed a

3

1    promissory note and a Deed of Trust ("Second Trust Deed"), both

2    dated November 2, 2006.  The Second Trust Deed was recorded on

3    November 9, 2006, in the Official Records of Los Angeles County,

4    as instrument number 06-2491932.

5        In 2007, Reliant conducted foreclosure proceedings against

6    the residence, which culminated in a trustee's sale held on

7    December 10, 2007, at which the Akselrod Revocable Family Trust

8    ("Akselrod Family Trust") was the successful bidder.  That same

9    day, the trustee under the Second Deed of Trust executed a

10   Trustee's Deed Upon Sale conveying the Residence to the Akselrod

11   Family Trust.  The Trustee's Deed Upon Sale was recorded on

12   January 10, 2008, in the Official Records of Los Angeles County,

13   as instrument number 20080057975.

14       In July 2008, one of the Debtors, Albina Tikhonov, purchased

15   the Residence from the Akselrod Family Trust.  In furtherance of

16   this sale, the Akselrod Family Trust executed a Grant Deed in

17   favor of Albina Tikhonov, dated July 2, 2008.  The Grant Deed

18   was recorded on July 9, 2008, in the Official Records of Los

19   Angeles County, as instrument number 20081215761.  In conjunction

20   with this sales transaction, Albina Tikhonov promised to pay the

21   Akselrod Family Trust $100,000 and executed a Deed of Trust

22   ("Third Trust Deed") dated July 15, 2008, to secure her $100,000

23   debt.  The Third Trust Deed was recorded on July 22, 2008, in the

24   Official Records of Los Angeles County, as instrument number

25   20081303344.

26       Because the Second Trust Deed was junior to the First Trust

27   Deed, the Akselrod Family Trust and its successor in interest,

28   Albina Tikhonov, took title to the the Residence subject to the

4

1    First Trust Deed.[2]

2    **B.    The Debtors' bankruptcy case and BONY's relief from stay**
3         **motion**

4         The Debtors filed their chapter 13 bankruptcy case in May

5    2011, and the bankruptcy court entered an order in October 2011

6    confirming their second amended chapter 13 plan ("Confirmed

7    Plan").  The Debtors' Confirmed Plan did not provide for any

8    payments to secured creditors.  Moreover, the Confirmed Plan

9    explicitly provided that the Debtors were immediately and

10   unconditionally surrendering the Residence to the Akselrod Family

11   Trust.  As the Confirmed Plan put it:

12        The Debtor hereby surrenders the following personal or
         real property (Identify property and creditor to which
13        it is surrendered.)

14        **Creditor Name:**              **Description:**
         **The Akselrod Family Trust**    **14713 Valleyheart Dr.**
15                                        **Sherman Oaks, CA 91403**

16   2nd Amended Chapter 13 Plan (July 11, 2011) at p. 7.

17        Notwithstanding the Debtors' surrender of their interest in

18   the Residence to the Akselrod Family Trust, BONY filed a motion

19   for relief from stay.  In the motion, BONY: (1) asserted that it

20   was the successor to Mortgageit under the First Trust Deed, and

21   (2) sought relief from the stay to permit BONY to pursue

22   foreclosure proceedings against the Residence.  BONY asserted

23

24        [2]See 5 Harry D. Miller and Marvin B. Starr, CAL. REAL ESTATE
     § 11:100 (3d ed. 2009) (stating that the purchaser at a
25   foreclosure sale takes title subject to any senior interests in
     the foreclosed property, and further stating that "the liens of
26   any trust deeds recorded before the foreclosed security remain on
     the property after the foreclosure sale, and the title of the
27   purchaser is subject to the payment of their secured obligations
     when due.")

28

1   that it was entitled to relief from stay under § 362(d)(1), for

2   cause, because its interest in the residence was not adequately

3   protected.   According to BONY, the Debtors had not made any

4   postpetition payments due on the debt secured by the First Trust

5   Deed, and over $25,000 in accrued postpetition payments had not

6   been made.   The notice accompanying the motion warned the

7   Debtors: "If you fail to file a written response to the Motion or

8   fail to appear at the hearing, the court may treat such failure

9   as a waiver of your right to oppose the Motion and may grant the

10  requested relief."   Notice Of Motion And Motion For Relief From

11  The Automatic Stay (Oct. 25, 2011) at p. 2.

12       The Debtors did not file an opposition to BONY's relief from

13  stay motion.   Instead, the Debtors filed a document entitled:

14  "Debtor's Objection to Claims of the Bank of New York Mellon

15  Trust Company, National Association FKA the Bank of New York

16  Trust Company, N.A. as Successor to JPMorgan Chase Bank N.A. as

17  Trustee."   The Debtors also filed a declaration and a memorandum

18  of points and authorities in support of their claim objection

19  (collectively, "Claim Objection Papers").

20       The Claim Objection Papers are difficult to read at best and

21  incomprehensible at times.   Nonetheless, it seems reasonably

22  clear that the Debtors intended the Claim Objection Papers to be

23  linked to BONY's relief from stay motion.   While the nature of

24  the intended link is far from clear, the Claim Objection Papers

25  repeatedly reference the relief from stay motion.   Moreover, the

26  November 30, 2011 hearing date for the relief from stay motion is

27  listed on the caption page of each of the Claim Objection Papers.

28       The bankruptcy court held a hearing on the relief from stay

6

motion on November 30, 2011.  Shortly before the hearing, the

bankruptcy court issued a tentative ruling in which it indicated

that it was inclined to grant the relief from stay motion.  The

tentative ruling stated that no opposition had been filed in

response to the motion.  The tentative ruling accepted a $900,000

valuation of the Residence based on the Debtors' bankruptcy

schedules.  The other facts stated in the tentative ruling appear

to have been drawn from BONY's motion.  These facts included:

(1) $1,256,638.61 as the amount owed to BONY, (2) the absence of

an equity cushion, and (3) Debtors' negative equity in the

Residence in the amount of $356,638.61 ($900,000 value, less

underlying debt of $1,256,638.61).  The tentative ruling further

specified that attendance at the November 30, 2011 relief from

stay hearing was required: "APPEARANCE REQUIRED – RULING MAY BE

MODIFIED AT HEARING."  Tentative Ruling (Nov. 29, 2011) at p. 1.

     The hearing on the relief from stay motion was brief.

BONY's counsel appeared telephonically.  No one appeared on

behalf of the Debtors.  After BONY indicated that it was prepared

to rest on the bankruptcy court's tentative ruling, the court

granted the motion as follows:

     Okay.  There was an objection to your claim filed,
     which is why I thought there might be a Debtor here,
     but there isn't, and that was noticed -- I think it
     came in with no date -- for December 13th.  So your
     motion is granted, and we'll deal with that other
     matter [the claim objection] at that time.

Hr'g Tr. (Nov. 30, 2011) at 1:8-14.

     The bankruptcy court entered an order granting the relief

from stay motion, and the Debtors timely appealed.

     While not technically part of the record before the

7

1  bankruptcy court at the time it ruled on the relief from stay

2  motion, the bankruptcy court's January 4, 2012 order overruling

3  the Debtors' claim objection arguably gives some insight into the

4  court's thought process at the time it ruled on BONY's relief

5  from stay motion.[3]  In the order on the claim objection, the

6  bankruptcy court acknowledged that it was unclear on the face of

7  the Claim Objection Papers whether the Debtors had meant to

8  object to a claim or to oppose BONY's relief from stay motion.

9  The court further acknowledged: (1) that BONY had not filed any

10  proof of claim, and (2) that the November 30 hearing date on the

11  relief from stay motion was referenced in the Claim Objection

12  Papers.

13      According to the bankruptcy court, notwithstanding the

14  above-referenced facts, in light of the Debtors' failure to

15  appear at the relief from stay hearing, it elected to treat the

16  Claim Objection Papers as an objection to claim, and set a

17  continued hearing on the objection to claim for December 13,

18  2011.  When the Debtors also failed to appear at the December 13,

19  2011 hearing on the objection to claim, the court overruled the

20  objection to claim.

21      The debtors never have attempted to explain their absence

22  from the hearings.  Nor have they argued that the bankruptcy

23  court erred in relying on their failure to appear in making its

24  rulings.  Nor have they denied receipt of adequate notice of all

25  relevant documents and proceedings.

26

27

28      [3]Our consideration of this post-appeal order does not alter
our analysis or the outcome of this appeal.

8

Case: 11-1408    Document: 35    Filed: 12/14/2012    Page: 9    of 21

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C.
§§ 1334 and 157(b)(2)(G).  We have jurisdiction under 28 U.S.C.
§ 158.

**ISSUES**

1.   Do the Debtors have standing to prosecute this appeal?

2.   If the Debtors had standing to appeal, did the bankruptcy
     court err when it granted BONY's motion for relief from the
     automatic stay?

**STANDARDS OF REVIEW**

Standing is a legal issue we review de novo. Allen v. U.S.
Bank, N.A. (In re Allen), 472 B.R. 559, 565 (9th Cir. BAP 2012)
(citing Veal v. Am. Home Mortg. Serv., Inc. (In re Veal),
450 B.R. 897, 906, 918 (9th Cir. BAP 2011)).

We review an order granting relief from stay for abuse of
discretion. Kronemyer v. Am. Contractors Indem. Co. (In re
Kronemyer), 405 B.R. 915, 919 (9th Cir. BAP 2009).  Under the
abuse of discretion standard, we apply a two-part test.  First,
we consider de novo whether the bankruptcy court identified the
correct law to consider in light of the relief requested.  United
States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).
Second, we review the bankruptcy court's factual findings, and
its application of those findings to the relevant law, to
determine whether they were either "(1) 'illogical,'
(2) 'implausible,' or (3) without 'support in inferences that may
be drawn from the facts in the record.'" Id. (quoting Anderson v.
City of Bessemer City, N.C., 470 U.S. 564, 577 (1985)).

Case: 11-1099   Document: 80   Filed: 12/14/2012   Page: 10 of 21

**DISCUSSION**

**A.   The Debtors lack standing to appeal the relief from stay order.**

Even though neither party raised it, we must satisfy ourselves that the Debtors have standing to appeal.  Standing is a threshold issue in all federal cases that must be satisfied before the court can exercise jurisdiction.  <u>In re Veal</u>, 450 B.R. at 906 (citing <u>Warth v. Seldin</u>, 422 U.S. 490, 498 (1975)). Article III of the Constitution requires litigants to demonstrate their standing by showing: injury in fact, causation, and redressability.  <u>Id.</u>

We do not doubt here the existence of Article III standing. The order on appeal granted BONY relief from the automatic stay, which in turn permitted BONY to pursue foreclosure proceedings against property listed on the Debtor's bankruptcy schedules as property of their bankruptcy estate.  In addition, if we were to reverse, that reversal would redress any harm allegedly caused by the order granting relief from the stay.

However, in addition to Article III standing, there are a number of prudential limitations on federal court jurisdiction. Whereas Article III standing focuses on whether the court has jurisdiction, prudential standing doctrine focuses on whether the court should exercise that jurisdiction.  <u>See</u> <u>Sprint Commc'ns Co. v. APCC Servs., Inc.</u>, 554 U.S. 269, 289 (2008) (stating that prudential standing embodies judicially self-imposed limits on the exercise of jurisdiction).

Two aspects of prudential standing doctrine are implicated by the facts of this case.  First, federal courts ordinarily

10

1   decline to exercise jurisdiction when a party seeks to vindicate

2   rights belonging to others, rather than their own legal rights.

3   See Warth, 422 U.S. at 509; In re Veal, 450 B.R. at 906-07.  This

4   aspect of prudential standing is commonly referred to as third

5   party standing.  See id.  Second, federal appellate courts

6   typically decline to exercise jurisdiction over appeals

7   originating from bankruptcy cases unless the appellant is a

8   "person aggrieved" – that is, a person who has been "'directly

9   and adversely pecuniarily affected'" by the order on appeal.  See

10  Sherman v. SEC (In re Sherman), 491 F.3d 948, 957 n.8 (9th Cir.

11  2007) (quoting Fondiller v. Robertson (In re Fondiller), 707 F.2d

12  441, 442 (9th Cir. 1983)).  The Ninth Circuit has referred to

13  this doctrine as the "prudential appellate standing" doctrine.

14  Id.  We address each of these prudential standing doctrines in

15  turn below.

16          **1.  The Debtors lack third party standing.**

17          As indicated above, under the third party standing doctrine,

18  litigants generally must assert their own legal rights and not

19  the rights of others.  See Sprint Comm'ns Co. v. APCC Servs.,

20  Inc., 554 U.S. at 289-90.  The problem here with respect to the

21  Debtors' third party standing arises from their Confirmed Plan.

22  The Confirmed Plan's terms are binding on the Debtors, as well as

23  their creditors.  § 1327; Enewally v. Wash. Mut. Bank (In re

24  Enewally), 368 F.3d 1165, 1172 (9th Cir. 2004); see also

25  United Student Aid Funds, Inc. v. Espinosa, --- U.S. ---, 130

26  S.Ct. 1367, 1376 (2010).

27          The Debtors' Confirmed Plan provides for the Debtors'

28  immediate and unconditional surrender of their interest in the

Residence to the Akselrod Family Trust.  As a result of that

surrender, the Debtors do not appear to have retained any

interest in the Residence.[4]  Consequently, the only party

potentially impacted by BONY's obtaining relief from stay with

respect to the Residence was the Akselrod Family Trust.  Thus,

the Debtors impermissibly were seeking to enforce the rights of

the Akselrod Family Trust, rather than their own rights.  See

York Int'l Bldg., Inc. v. Chaney (In re York Int'l Bldg., Inc.),

527 F.2d 1061, 1067 (9th Cir. 1975) (applying third party

standing doctrine where the debtor and its sole shareholder

sought to enforce rights belonging to their creditors).

The Debtors' Confirmed Plan remains in full force and

effect.  They have not sought to revoke or amend their Confirmed

Plan.  Accordingly, the Debtors lack third party standing to

enforce any rights the Akselrod Family Trust may hold with

respect to the Residence.

### 2.  The Debtors lack prudential appellate standing.

As set forth above, an appellant only has prudential

---

[4]This surrender also arguably rendered BONY's relief from
stay proceedings moot because the Residence no longer would have
qualified as property of the debtor's bankruptcy estate.  See
§§ 362(c)(1); 541(a)(1).  Nonetheless, we decline to decide this
appeal on that basis.  Creditors often find it necessary to
obtain "comfort orders" before they effectively can proceed
against property that used to be estate property.  To deny relief
from stay on mootness grounds in these situations would deprive
the creditors of any certainty as to the status of the debtors'
property and former property, exposing them to the risk of
contempt proceedings should they wrongly interpret the status of
that property.  Furthermore, third parties on whom the creditor
may rely to facilitate the enforcement of their rights against
such property sometimes refuse to act unless the creditor first
obtains a comfort order.

1   appellate standing if it is a person aggrieved, and an appellant

2   only qualifies as a person aggrieved if it has been directly and

3   adversely affected pecuniarily by the order on appeal.  But there

4   are two additional requirements to qualify as a person aggrieved.

5   Provided that the appellant had adequate notice of the bankruptcy

6   court proceedings, the appellant is not a person aggrieved unless

7   he or she: (1) objected to the request for relief leading to the

8   order appealed, and (2) appeared at the hearing on the requested

9   relief.   See Brady v. Andrew (In re Commercial W. Fin. Corp.),

10  761 F.2d 1329, 1335 (9th Cir. 1985); see also Weston v. Mann

11  (In re Weston), 18 F.3d 860, 864 (10th Cir. 1994) (creditors

12  lacked standing to appeal bankruptcy court's order resolving

13  trustee election because they did not participate in resolution

14  of disputed election).  These two elements of the person

15  aggrieved test are founded on "the need for economy and

16  efficiency in the bankruptcy system."   In re Ray, 597 F.3d 871,

17  874 (7th Cir. 2010) (citing In re Commercial W. Fin. Corp.,

18  761 F.2d at 1335).

19       Furthermore, the requirements of attendance at and objection

20  in the bankruptcy court proceedings ensures that "the bankruptcy

21  court is made aware of all available evidence and objections when

22  making its determination . . . and prevent[s] a party in interest

23  from 'lying in the weeds' during bankruptcy court proceedings

24  . . . only to appeal and generate additional unnecessary

25  proceedings."   White v. Virginia (In re Urban Broad. Corp.),

26  304 B.R. 263, 272 (E.D. Va. 2004) aff'd on other grounds,

27  401 F.3d 236, 244 (4th Cir. 2005) (non-participation is an issue

28  of waiver not standing).

1    Here, the Debtors have failed to satisfy two of the

2  prudential appellate standing requirements.  For the same reasons

3  that we held above that the Debtors' lacked third party standing,

4  the Debtors also cannot show that they have been directly and

5  adversely affected pecuniarily by the order on appeal.  Pursuant

6  to the Confirmed Plan's terms, the Debtors no longer have any

7  interest in the Residence.  Consequently, the relief from stay

8  order permitting BONY to foreclose on the Residence could not

9  have affected the Debtors in any meaningful way.

10    Moreover, all of the types of harm associated with non-

11  appearance alluded to in <u>Urban Broad. Corp.</u>, above, occurred

12  here.  The Debtors' failure to appear at the hearing and explain

13  their intentions with respect to their difficult-to-understand

14  Claim Objection Papers left the bankruptcy court in the

15  unenviable position of attempting to ascertain from the face of

16  those papers what the Debtors had intended without their

17  participation and assistance.  In addition, their failure to

18  appear directly resulted in the bankruptcy court not addressing

19  their Claim Objection Papers in the context of the relief from

20  stay proceedings, which in turn has spawned the current appeal,

21  as well as the potential for post-appeal proceedings.

22    In sum, given that we cannot ascertain any impact on the

23  Debtors arising from the relief from stay order, and given their

24  failure to attend the relief from stay hearing, we hold that the

25  Debtors lacked prudential appellate standing.

26  **B.   Even if the Debtors had standing, the bankruptcy court did
        not abuse its discretion in granting relief from stay.**

27

28    In addressing the issues raised by the Debtors' pro se

14

1    appeal brief, we are cognizant of our duty to interpret their

2    brief liberally and to ensure that their substantive contentions

3    are not deemed waived simply as a result of their failure to

4    comply with mere technical procedural requirements or their

5    inability to state their contentions using formal legal

6    terminology.  See Balistreri v. Pacifica Police Dep't, 901 F.2d

7    696, 699 (9th Cir. 1990).

8        Nonetheless, having carefully reviewed their appeal brief,

9    we are convinced that their various arguments challenging the

10   order on appeal all boil down to a single relevant assertion:

11   that BONY lacked standing as the "real party in interest" under

12   Civil Rule 17(a)(1) to seek relief from stay in their bankruptcy

13   case.  The Debtors have advanced numerous theories why BONY

14   lacked standing.  Some of their theories are plausible while

15   others are patently meritless or incomprehensible.  However,

16   their critical theories attacked BONY's contention that it is the

17   holder of the Note and hence had standing as the party entitled

18   to enforce the Note under governing commercial law statutes.[5]

19   According to the Debtors, BONY is not the party entitled to

20   enforce the note and consequently lacked standing.  But we

21

22       [5]The parties to this appeal seem to agree that California
     law should be applied to resolve their dispute.  Given that the
23   Note is silent, that the Debtors reside in California and that
     Osovich executed the Note and the First Trust Deed in California,
24   we agree.  See Cal. Com. Code § 1301(b); see also Barclays
     Discount Bank Ltd. v. Levy, 743 F.2d 722, 724–25 (9th Cir. 1984).
25   Nonetheless, for ease of reference, we will cite the Uniform
     Commercial Code ("UCC") in support of our commercial law
26   analysis.  Unless otherwise noted, the relevant provisions of
     California's version of the UCC do not materially diverge from
27   their UCC cognates.
28

15

1   disagree with the Debtors.  For purposes of BONY's relief from

2   stay motion, BONY sufficiently established its standing as the

3   party entitled to enforce the Note by presenting to the

4   bankruptcy court a copy of the Note and an allonge, which

5   together contained an unbroken chain of special indorsements; the

6   last indorsement in this chain named BONY as payee.  We explain

7   immediately below why the Note and the allonge are sufficient to

8   resolve this standing issue in BONY's favor.[6]

9        As a preliminary matter, we note the limited scope of stay

10  relief proceedings.  Such proceedings are summary in nature and

11  limited to determining whether there are "sufficient

12  countervailing equities to release an individual creditor from

13  the collective stay."  In re Veal, 450 B.R. at 914.  Thus, a

14  relief from stay proceeding is not an appropriate vehicle for

15  finally and definitively determining a creditor's claim or

16  security.  Id.; see also Johnson v. Righetti (In re Johnson),

17  756 F.2d 738, 740 (9th Cir. 1985) ("Hearings on relief from the

18  automatic stay are thus handled in a summary fashion.  The

19  validity of the claim or contract underlying the claim is not

20  litigated during the hearing." (citations omitted)).

21       Because stay relief is limited in nature, is subject to an

22

23  _____

24       [6]Arguably, the Debtors did not adequately present their
    standing argument in the bankruptcy court because they did not
25  file an explicit objection to BONY's relief from stay motion and
    because they did not appear for the relief from stay hearing.
26  Nonetheless, we will exercise our discretion to examine the
    Debtors' standing argument.  See City of Los Angeles v. County of
27  Kern, 581 F.3d 841, 846 (9th Cir. 2009) (holding that appellate
    court may consider, but was not required to consider, unpreserved
28  prudential-standing argument).

expedited hearing process, <u>see</u> § 362(e), and does not finally

adjudicate the parties' rights and liabilities, a party seeking

stay relief only needs to establish that it has a "colorable

claim" against property of the estate. <u>Veal</u>, 450 B.R. at 914-15

(citing <u>United States v. Gould (In re Gould)</u>, 401 B.R. 415, 425

n.14 (9th Cir. BAP 2009); <u>Biggs v. Stovin (In re Luz Int'l,</u>

<u>Ltd.)</u>, 219 B.R. 837, 842 (9th Cir. BAP 1998); <u>Grella v. Salem</u>

<u>Five Cent Sav. Bank</u>, 42 F.3d 26, 32 (1st Cir. 1994)).

At its heart, the Debtors' standing argument questions

BONY's third party standing.  As we explained above, in order to

establish third party standing, BONY needed to establish that it

was asserting its own legal rights and not the rights of others.

<u>See</u> <u>Sprint Commc'ns Co. v. APCC Servs., Inc.</u>, 554 U.S. at 289-90.

Under § 362(d), any "party in interest" can request relief

from the automatic stay.  But the term "party in interest" is not

defined in the Bankruptcy Code.  Whether a moving party qualifies

as a party in interest under § 362(d) is determined on a

case-by-case basis, taking into account the movant's claimed

interest and the alleged impact of the stay on that interest.

<u>In re Kronemyer</u>, 405 B.R. at 919.  A "party in interest" includes

any party that has "an actual pecuniary interest" in the matter

or "a practical stake" in its outcome.  <u>Brown v. Sobczak (In re</u>

<u>Sobczak)</u>, 369 B.R. 512, 517-18 (9th Cir. BAP 2007).

As indicated in <u>Veal</u>, a creditor can establish that it is a

"party in interest" with standing to seek relief from stay by

showing that it is a person entitled to enforce the note, or that

it holds some ownership or other interest in the note amounting

to a colorable claim.  <u>Id.</u> at 917 (citing <u>In re Hwang</u>, 438 B.R.

17

661, 665 (C.D. Cal. 2010)).

In relevant part, a party is a person entitled to enforce the note if it is a "holder" of the note, as defined in UCC § 1-201(b)(21)(A).  In re Veal, 450 B.R. at 910-11.  A "holder" includes a "person in possession of a negotiable instrument that is payable . . . to an identified person that is the person in possession."  UCC § 1-201(b)(21)(A); see also In re Veal, 450 B.R. at 911.  In turn, a negotiable instrument has been made payable to an identified person when it contains a "special indorsement" specifying that the instrument is payable to that identified person.  See UCC § 3-205(a).

Here, the face of the Note reflects that Mortgageit, the original payee under the Note, indorsed it by making it payable to an entity called Residential Funding Corp. ("RFC").[7]  In turn, RFC specially indorsed the Note by making it payable to JP Morgan Chase Bank, as Trustee ("Chase").[8]  Finally, on the face of the allonge, BONY as Chase's successor essentially specially indorsed

_____

[7]BONY has claimed that Mortgageit endorsed the Note in blank.  Even if that is true, it appears from the indorsements on the face of the Note that RFC converted Mortgageit's indorsement into a special indorsement.  See UCC § 3-205(c) ("The holder may convert a blank indorsement that consists only of a signature into a special indorsement by writing, above the signature of the indorser, words identifying the person to whom the instrument is made payable.")

[8]UCC § 3-110(c)(2)(i) provides in relevant part that, for purposes of determining who is the holder of an instrument, an instrument that is payable to a person described as a trustee is payable to that trustee, regardless of whether the beneficiary of the trust is named.

18

1  the Note to itself.[9]

2      Importantly, we have not been able to locate anything in the

3  Debtors' Claim Objection Papers or in their brief on appeal

4  suggesting in any way that they challenged the effectiveness of

5  any of these indorsements or the validity of the allonge.[10]  Nor

6  did they dispute that BONY was Chase's successor.  Indeed, all of

7  Debtors' papers repeatedly referred to BONY as Chase's successor.

8  BONY attached to its relief from stay motion the declaration of

9  John Castagna ("Castagna"), who declared that he was an employee

10 of BONY's servicing agent GMAC Mortgage, LLC, and a custodian of

11 records for BONY pertaining to documents concerning the loan

12 transaction from which the Note and the First Trust Deed

13 originated.  Castagna further declared that BONY was the current

14 holder of the Note, and he attached to his declaration as

15 exhibits a copy of the Note and the accompanying allonge in

16 support of this contention.[11]  Under the particular circumstances

17

18     [9]See UCC § 3-204(d) ("If an instrument is payable to a
   holder under a name that is not the name of the holder,
19 indorsement may be made by the holder in the name stated in the
   instrument or in the holder's name or both, but signature in both
20 names may be required by a person paying or taking the instrument
   for value or collection.")
21

22     [10]At pages 28 through 30 of their opening appeal brief, the
   Debtors do discuss the requirements for indorsement of negotiable
23 instruments, citing California's versions of UCC §§ 3-201, 3-203
   and 3-204.  But they never claim there or elsewhere in their
24 brief that there was anything wrong with the Mortgageit
   indorsement, the RFC indorsement or the Chase indorsement.
25 Instead, in an inexplicable non sequitur, they claim that the
   allegedly fraudulent conduct of Executive Trustee Services
26 prevented any proper negotiation of the Note.

27
     [11]The Debtors did not raise any question, let alone a
28                                            (continued...)

                                19

1    of this matter as described above, Castagna's declaration and the

2    attached exhibits were sufficient to establish BONY's status as

3    the current holder of the Note, as the person entitled to enforce

4    the Note, and as a party with standing to seek relief from

5    stay.[12]

6        We once again acknowledge the duty that all federal courts

7    have "to ensure that pro se litigants do not lose their right to

8

9        [11](...continued)

10   genuine question, regarding the authenticity of the original Note
     BONY claimed to hold.  Nor did they assert any evidentiary

11   objection based on Fed. R. Evid. 1002 to the copy of the Note
     attached as an exhibit to Castagna's declaration.  Accordingly,

12   BONY was not required to produce in court the original Note in
     order to substantiate their status as a holder of the Note for

13   purposes of the relief from stay proceedings.  At pages 26 and 27
     of their appeal brief, the Debtors did complain about a

14   promissory note, but it is reasonably clear that Debtors were not
     complaining about BONY's Note – the Note securing the First Trust

15   Deed.  Rather, it appears that they were complaining about the
     promissory note that Albina Tikhonov executed and made payable to

16   the Akselrod Family Trust, which was secured by the Third Trust

17   Deed.

18       [12]Because we have concluded that BONY had standing as the
     holder of the Note, we need not determine whether BONY also held

19   the beneficial interest in the First Trust Deed.  In any event,
     the beneficial interest in a deed of trust follows the note.  See

20   Cal. Civ. Code § 2936 ("The assignment of a debt secured by
     mortgage carries with it the security."); Cockerell v. Title Ins.

21   & Trust Co., 42 Cal. 2d 284, 291, 267 P.2d 16, 20 (Cal. 1954)
     ("Assuming for the moment that the assignment of the note,

22   secured by the third trust deed, was a valid assignment, no
     further assignment of the deed of trust was necessary."); see

23   also Carpenter v. Longan, 83 U.S. 271, 275 (1872) ("The transfer
     of the note carries with it the security, without any formal

24   assignment or delivery, or even mention of the latter."); UCC

25   § 9-203(g) ("The attachment of a security interest in a right to
     payment or performance secured by a security interest or other

26   lien on personal or real property is also attachment of a

27   security interest in the security interest, mortgage, or other

28   lien.")

a hearing on the merits of their claim [or defense] due to

ignorance of technical procedural requirements." Balistreri,

901 F.2d at 699.   Nonetheless, this duty has its limits.   Neither

this Panel nor the bankruptcy court are required to ferret out

and substantiate arguments on behalf of pro se parties when the

parties make no attempt to assert these arguments.   See DeBuono

v. Fanelli (In re Fanelli), 263 B.R. 50, 62 (Bankr. N.D.N.Y.

2001).   In other words, the requirement of stating a valid,

comprehensible claim or defense is not a "technical procedural

requirement" that a pro se party can be excused from.   See

Victery v. Arizona, 2011 WL 2940763, at *4 (D. Ariz. 2011).

Here, the Debtors simply did not make any challenge to the

authenticity of the Note or the accompanying allonge.   Nor did

they challenge the indorsements on either of these documents.

Consequently, the presentation of evidence that BONY made in

conjunction with its relief from stay motion was sufficient to

establish its standing to seek relief from stay.

<b>CONCLUSION</b>

For all of the reasons set forth above, we hold that the

appellants lack standing, and thus we DISMISS this appeal.   Even

if the appellants had standing, however, we would AFFIRM.

**EXHIBIT 3-Q**

Case: 12-1003   Document: 9-1   Filed: 05/17/2012   Page: 1 of 1   (1 of 2)

FILED

MAY 17 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   CC-12-1003 |
| | ) | |
| GENNADY TIKHONOV, f/d/b/a G & | ) | Bk. No.   SV 11-15614-MT |
| M Management LLC, f/d/b/a West | ) | |
| Coast Imaging; ALBINA | ) | |
| TIKHONOV; | ) | |
| | ) | |
| Debtors. | ) | |
| ─────────────────────── | ) | |
| | ) | |
| ALBINA TIKHONOV; GENNADY | ) | |
| TIKHONOV, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER DISMISSING APPEAL** |
| | ) | |
| THE BANK OF NEW YORK MELLON | ) | |
| TRUST N.A., f/k/a The Bank of | ) | |
| New York Trust Company, N.A. | ) | |
| as successor to JPMorgan Chase | ) | |
| Bank N.A. as Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| ─────────────────────── | ) | |

Before:   PAPPAS, HOLLOWELL and DUNN, Bankruptcy Judges.

On April 23, 2012, appellants filed a motion for voluntary dismissal of BAP Appeal No. CC-12-1003.

The motion is hereby ORDERED GRANTED and the appeal is dismissed pursuant to Fed. R. Bankr. P. 8001(c)(2).

A certified copy of this order sent to the bankruptcy court shall serve as the Panel's mandate.

# CERTIFICATE OF MAILING

The undersigned, deputy Clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document to which this certificate is attached was transmitted this date to all parties of record to this appeal, to the United States Trustee and to the Clerk of the Bankruptcy Court.

**By:** Patti Ippolito, Deputy Clerk
**Date:** May 17, 2012