**EXHIBIT 4**

**Demurrer to Complaint**

1  ROBERT J. GANDY (State Bar No. 225405)
   BENJAMIN A. EILENBERG (State Bar No. 261288)
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium - 19100 Von Karman Avenue, Suite 700
   Irvine, California 92612-6578
4  Telephone: (949) 442-7110
   Facsimile: (949) 442-7118
5
   JOHN B. SULLIVAN (State Bar No. 96742)
6  SEVERSON & WERSON
   A Professional Corporation
7  One Embarcadero Center, Suite 2600
   San Francisco, California 94111-3715
8  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
9
   Attorneys for Defendants
10 EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC
   (erroneously sued as ETS SERVICES, LLC) and THE BANK OF NEW
11 YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA
   THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR
12 TO JPMORGAN CHASE BANK N.A. AS TRUSTEE FOR RAAC 2006 SP3
   (erroneously sued as THE BANK OF NEW YORK MELLON TRUST
13 COMPANY)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 13 2012

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
        MOSES SOTO

14          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15          **COUNTY OF LOS ANGELES — CENTRAL DISTRICT**

16 GENNANY TIKHONOV fbda G&M            Case No. BC487215
   MANAGEMENT LLC fbda WEST COAST       Assigned for All Purposes to:
17 IMAGIN by: ALBINA TIKHONOV – a real  Hon. Steven J. Kleifield
   man/owner of title,                  Dept. 53
18
              Plaintiffs,               **DEFENDANTS' DEMURRER TO**
19                                       **PLAINTIFFS' "FIRST AMENDED**
        vs.                              **VERIFIED COMPLAINT FOR**
20                                       **UNLAWFUL DETAINER AND DAMAGES**
   ETS SERVICES LLC.; THE BANK OF NEW    **AND FOR INJUNCTIVE RELIEF"**
21 YORK MELLON TRUST COMPANY, DOES
   1 TO 10, INCLUSIVE,                  Filed concurrently with Request For Judicial
22                                       Notice
              Defendants.
23                                       Date:      October 19, 2012
                                         Time:      8:30 a.m.
24                                       Crtrm.:    53
25                                       Action Filed:    June 26, 2012
26
27
28

19000.1333/2309044.1

DEMURRER TO FAC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on October 19, 2012 at 8:30 a.m., or as soon thereafter as the matter may be heard, in Dept. 53 of the above-entitled Court, located at located at 111 North Hill St., Los Angeles, CA 90012, a hearing will be held on the Defendants Executive Trustee Services, LLC dba ETS Services, LLC (erroneously sued as ETS Services, LLC) and The Bank Of New York Mellon Trust Company, National Association fka The Bank Of New York Trust Company, N.A. as Successor to JP Morgan Chase Bank N.A. as Trustee for RAAC 2006 SP3 (erroneously sued as The Bank Of New York Mellon Trust Company) (collectively "Defendants") Demurrer to Plaintiff Albina Tikhonov's ("Plaintiff") first amended complaint.

This Demurrer is made on the grounds that each cause of action fails to state facts sufficient to constitute a cause of action against Defendants pursuant to Code of Civil Procedure § 430.10(e), and is uncertain pursuant to Code of Civil Procedure § 430.10(f). The Demurrer is also made on the ground that Plaintiffs Gennany Tikhonov, G&M Management, West Coast Imagin were removed from the first amended complaint caption without dismissing the case. The Demurrer is further made on the ground that the first amended complaint causes of action seek relief that improperly exceeds the jurisdiction of the unlawful detainer proceedings.

The Demurrer is based on this Notice, the Demurrer, Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, as well as the First Amended Complaint and all other papers on file in this action.

1 | DATED: August 13, 2012

SEVERSON & WERSON
A Professional Corporation

2

3

4 | By: _____

Benjamin A. Eilenberg

5

6 | Attorneys for Defendants EXECUTIVE TRUSTEE
SERVICES, LLC dba ETS SERVICES, LLC (erroneously
sued as ETS SERVICES, LLC) and THE BANK OF
NEW YORK MELLON TRUST COMPANY,
NATIONAL ASSOCIATION FKA THE BANK OF
NEW YORK TRUST COMPANY, N.A. AS
SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS
TRUSTEE FOR RAAC 2006 SP3 (erroneously sued as
THE BANK OF NEW YORK MELLON TRUST
COMPANY)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEMURRER TO FAC

# DEMURRER TO COMPLAINT

Defendants Executive Trustee Services, LLC dba ETS Services, LLC (erroneously sued as ETS Services, LLC) and The Bank Of New York Mellon Trust Company, National Association fka The Bank Of New York Trust Company, N.A. as Successor to JP Morgan Chase Bank N.A. as Trustee for RAAC 2006 SP3 (erroneously sued as The Bank Of New York Mellon Trust Company) (collectively "Defendants") demur to the Plaintiff Albina Tikhonov's ("Plaintiff's") first amended complaint on the following grounds:

1.     Plaintiff's first cause of action To Set Aside Pending Trustee's Sale By A Bank Other Than Defendant JP Morgan Chase fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

2.     Plaintiff's second cause of action To Cancel Trustee's Deed fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

3.     Plaintiff's third cause of action for Quiet Title fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

4.     Plaintiff's fourth cause of action titled Demand For An Accounting fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

5.     Plaintiff's fifth cause of action for Slander of Title fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

6.     Plaintiff's sixth cause of action for Fraud fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

7.     Plaintiff's seventh cause of action To Void Contract Based On Impossibility Of Performance (Cal. Civ. Code §§ 1411, 1511, 1595 et. seq. fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

8.     Plaintiff's eighth cause of action to To Void Contract Based On Unconscionableness (Cal. Civ. Code § 1670.5(A))" fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

1       9.     Plaintiff's ninth cause of action for Breach of Implied Covenant of Good Faith And

2    Fair Dealing fails to state facts sufficient to constitute a cause of action against Defendants. (Code

3    Civ. Proc. § 430.10(e).)

4       10.    Plaintiff's tenth cause of action for Violation of Cal. Civil Code §§ 1920 and 1921 fails

5    to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc.

6    § 430.10(e).)

7       11.    Plaintiff's eleventh cause of action for Violation of Cal. Civil Code § 1916.7 fails to

8    state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

9       12.    Plaintiff's twelfth cause of action for Rescission/Cancellation fails to state facts

10    sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

11       13.    Plaintiff's thirteenth cause of action for Violation of Cal. Business & Professions Code

12    § 17200 et seq fails to state facts sufficient to constitute a cause of action against Defendants. (Code

13    Civ. Proc. § 430.10(e).)

14       14.    Plaintiff's fourteenth cause of action for Breach of Fiduciary Duty fails to state facts

15    sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

16       15.    Plaintiff's fifteenth cause of action for Violation of Welfare and Institutions Code

17    15600 et seq (Elder Abuse) fails to state facts sufficient to constitute a cause of action against

18    Defendants. (Code Civ. Proc. § 430.10(e).)

19       16.    Plaintiff's sixteenth cause of action for Conspiracy fails to state facts sufficient to

20    constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

21       17.    Plaintiff's seventeenth cause of action for Intentional Infliction of Emotional Distress

22    fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc.

23    § 430.10(e).)

24       18.    Plaintiff's eighteenth cause of action for Injunction Relief fails to state facts sufficient

25    to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

26       19.    Plaintiff's nineteenth cause of action for Declaratory Relief fails to state facts sufficient

27    to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

28

20.     Plaintiff's twentieth cause of action for Violation of Cal. Civ. Code § 1632 fails to state facts sufficient to constitute a cause of action against Defendants. (Code Civ. Proc. § 430.10(e).)

21.     Plaintiff's entire first amended complaint fails because it exceeds the jurisdiction of the Court in determining unlawful detainer proceedings.

22.     Plaintiff's first amended complaint is filed in an unlawful detainer action, but it fails because Defendants are not in possession of the property.

23.     Plaintiff's entire first amended complaint fails because it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

DATED: August 13, 2012                     SEVERSON & WERSON
                                           A Professional Corporation


                                           By: _____
                                                  Benjamin A. Eilenberg

                                           Attorneys for Defendants EXECUTIVE TRUSTEE
                                           SERVICES, LLC dba ETS SERVICES, LLC (erroneously
                                           sued as ETS SERVICES, LLC) and THE BANK OF
                                           NEW YORK MELLON TRUST COMPANY,
                                           NATIONAL ASSOCIATION FKA THE BANK OF
                                           NEW YORK TRUST COMPANY, N.A. AS
                                           SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS
                                           TRUSTEE FOR RAAC 2006 SP3 (erroneously sued as
                                           THE BANK OF NEW YORK MELLON TRUST
                                           COMPANY)

DEMURRER TO FAC

# TABLE OF CONTENTS

Page No.

## Contents

I.    INTRODUCTION ..................................................................................................7

II.   STATEMENT OF FACTS......................................................................................7

    A.  Leonid Ovsovich Takes Out Four Loans On The Property ..............................7

    B.  The THIRD Deed Of Trust Is Foreclosed Upon................................................8

    C.  Plaintiff Acquires The Property Subject To The First And Second Deeds Of Trust...........8

    D.  The FIRST Deed Of Trust Is Assigned To BONY ...........................................8

    E.  The FIRST Deed Of Trust Goes Into Foreclosure ...........................................9

    F.  Plaintiffs Delay Foreclosure By Filing Bankruptcy.........................................9

    G.  Plaintiffs File And Dismiss The First Unlawful Detainer Matter .....................9

    H.  Plaintiffs File This Second Unlawful Detainer Matter .....................................9

III.  PLAINTIFF TIKHONOV'S FAC IMPROPERLY OMITS OTHER PLAINTIFFS .............10

IV.   THE FAC EXCEEDS THE COURT'S UNLAWFUL DETAINER JURISDICTION ...........10

V.    THE UNLAWFUL DETAINER ACTION FAILS SINCE DEFENDANTS ARE NOT IN POSSESSION OF THE PROPERTY ............................................................10

VI.   BONY HAS TWO SENIOR LIENS SECURED AGAINST THE PROPERTY ...................11

VII.  THERE IS NO REQUIREMENT TO "PRODUCE THE NOTE" ..........................11

VIII. MERS AND BONY ARE AUTHORIZED TO CONDUCT NONJUDICIAL FORECLOSURES IN CALIFORNIA ...................................................................12

IX.   NO TRUSTEE SALE HAS OCCURRED AT THIS TIME ..................................12

X.    PLAINTIFF CANNOT QUIET TITLE BECAUSE BONY HAS TWO SENIOR LIENS AND BECAUSE PLAINTIFF HAS NOT PAID OFF THOSE LIENS...........................13

XI.   THERE IS NO RIGHT TO AN ACCOUNTING ................................................13

XII.  PLAINTIFF'S FRAUD CLAIMS FAIL BECAUSE NEITHER SHE NOR DEFENDANTS WERE INVOLVED IN THE LOAN ORIGINATION.....................................14

XIII. PLAINTIFF DOES NOT ALLEGE A CONTRACT WITH DEFENDANTS .....................16

XIV. PLAINTIFF DOES NOT ALLEGE ANY CIV. CODE §§ 1920, 1921, OR 1916.7 VIOLATIONS.........................................................................................16

1

XV. PLAINTIFF DOES NOT ALLEGE ANY A SECTION 17200 CAUSE OF ACTION ..........17

2

   A.   Plaintiff Has Not Alleged Unlawful Conduct ..................................................17
   B.   Plaintiff Has Not Alleged Fraudulent Conduct ...............................................17

3

   C.   Plaintiff Has Not Alleged Unfair Conduct .......................................................17

4

XVI. DEFENDANTS DO NOT OWE PLAINTIFF A FIDUCIARY DUTY ................................18

5

6

XVII. PLAINTIFF DOES NOT PLEAD ANY ELDER ABUSE ....................................................18

7

XVIII. PLAINTIFF DOES NOT ALLEGE FACTS SHOWING A CONSPIRACY .....................20

8

XIX. THERE IS NO BASIS FOR INJUNCTIVE RELIEF ............................................................20

9

XX. CIVIL CODE § 2932.5 DOES NOT APPLY TO DEEDS OF TRUST ..................................21

10

11

XXI. THE CIVIL CODE § 1632 CLAIM FAILS .........................................................................21

12

XXII. CONCLUSION ...................................................................................................................22

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

Page No.

**FEDERAL CASES**

*Benham v. Aurora Loan Serv.*
(N.D. Cal. 2009) 2009 WL 2880232 ................................................................. 7

*Cox Commc'ns PCS, L.P. v. City of San Marcos*
(S.D.Cal.2002) 204 F.Supp.2d 1272................................................................. 15

*Delino v. Platinum Community Bank*
(S.D. Cal. 2009) 628 F.Supp.2d 1226................................................................ 16

*Debrunner v. Deutsche Bank National Trust*
(2012) 2012 WL 883128.................................................................................... 6

*Hougue v. City of Holtville*
(S.D. Cal. 2008) 2008 WL 1925249 ................................................................ 14

*Plata v. Long Beach Mortg. Co.*
(N.D. Cal. 2005) 2005 WL 3417375 ................................................................ 16

**STATE CASES**

*Agosta v. Astor*
(2004) 120 Cal.App.4th 596 ............................................................................ 11

*Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.*
(1994) 7 Cal.4th 503 ........................................................................................ 15

*Barbara A. v. John G.*
(1983) 145 Cal.App.3d 369............................................................................... 9

*Buckland v. Threshold Enters., Ltd.*
(2007) 155 Cal.App.4th 798 ............................................................................ 10

*Byars v. SCME Mortgage Bankers, Inc.*
(2003) 109 Cal.App.4th 1134 .......................................................................... 12

*Cadlo v. Owens-Illinois, Inc.*
(2004) 125 Cal.App.4th 513 ............................................................................ 10

*Calvo v. HSBC Bank, USA, N.A.,*
(2011) 199 Cal. App. 4th 118 .......................................................................... 16

*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*
(1992) 2 Cal.4th 342 ........................................................................................ 11

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Company*
   (1999) 20 Cal.4th 163 ................................................................................................. 12

*Charnay v. Cobert*
   (2006) 145 Cal.App.4th 170 ...................................................................................... 10

*Covenant Care, Inc. v. Superior Court,*
   32 Cal.4th 771 (2004) ............................................................................................... 14

*Delaney v. Baker*
   (1999) 20 Cal.4th 23 ................................................................................................. 14

*Drybread v. Chipain Chiropractic Corp.*
   (2007) 151 Cal.App.4th 1063 .................................................................................... 5

*Guz v. Bechtel Nat'l, Inc.*
   (2000) 24 Cal.4th 317 ............................................................................................... 11

*Herbert v. Lankershim*
   (1937) 9 Cal.2d 409 ................................................................................................... 9

*High v. Cavanaugh*
   (1962) 205 Cal.App.2d 495........................................................................................ 5

*Intrieri v. Superior Court*
   (2004) 117 Cal.App.4th 72 ....................................................................................... 15

*Kim v. Sumitomo Bank*
   (1993) 17 Cal.App.4th 974 .................................................................................... 9, 13

*Krantz v. BT Visual Images, L.L.C.*
   (2001) 89 Cal.App.4th 164 ....................................................................................... 12

*Larson v. City & County of San Francisco*
   (2011) 192 Cal.App.4th 1263 ..................................................................................... 5

*Lazar v. Superior Court*
   (1996) 12 Cal.4th 631 ............................................................................................... 10

*Lincoln Place Tenants Ass'n v. City of Los Angeles*
   (2007) 155 Cal.App.4th 425 ...................................................................................... 5

*McDowell v. Watson*
   (1997) 59 Cal.App.4th 1155 ..................................................................................... 15

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
   (1991) 231 Cal.App.3d 1089.................................................................................. 9, 13

*Otworth v. Southern Pacific Transportation Company*
   (1985) 166 Cal.App.3d 452....................................................................................... 11

*Price v. Wells Fargo Bank*
    (1989) 213 Cal.App.3d 465 .................................................................................... 9, 11, 13

*Reyes v. Household Finance Corp. of Cal.*,
    118 Cal.App.3d 159 (1981) ........................................................................................ 16

*Rosetto v. Barross*
    (2001) 90 Cal.App.4th Supp. 1 .................................................................................... 5

*Santens v. Los Angeles Fin. Co.*
    (1949) 91 Cal.App.2d 197 .......................................................................................... 16

*Saunders v. Superior Court*
    (1994) 27 Cal.App.4th 832 ......................................................................................... 12

*Sichler v. Look*
    (1892) 93 Cal. 600 .................................................................................................. 6, 8

*Smith v. Ben Bennett, Inc.*,
    133 Cal.App.4th 1507 (2005) ..................................................................................... 14

*Stansfield v. Starkey*
    (1990) 220 Cal.App.3d 59 .......................................................................................... 15

*State Comp.Ins. Fund v. Sup. Ct. (Onvoi Business Solutions, Inc.)*
    (2010) 184 Cal.App.4th 1124 ....................................................................................... 5

*Stebley v. Litton Loan Servicing, LLP, et al.*
    (2011) 202 Cal. App. 4th 522 ..................................................................................... 14

*Sulak v. Mortg. Elec. Registration Sys., Inc.*
    (Cal. Ct. App. Dec. 7, 2006) 2006 WL 3514873 .............................................................. 7

*Tarmann v. State Farm Mut. Auto Ins. Co.*
    (1991) 2 Cal.App.4th 153 ........................................................................................... 10

*Teselle v. McLoughlin*
    (2009) 173 Cal.App.4th 156 ......................................................................................... 9

*Twaite v. Allstate Insurance Company*
    (1989) 216 Cal.App.3d 239 ......................................................................................... 11

*Wilhelm v. Pray, Price, Williams & Russell*
    (1986) 186 Cal.App.3d 1324 ....................................................................................... 10

*Zumbrun v. University of Southern California*
    (1972) 25 Cal.App.3d 1 .............................................................................................. 15

19000.1333/2309044.1

v

TABLE OF AUTHORITIES

STATE STATUTES

Business & Professions Code
    § 17200 ............................................................................................................ 12, 13

California Civil Code
    § 47 ...................................................................................................................... 8
    § 340 .................................................................................................................... 16
    § 1632 .................................................................................................................. 16
    § 2897 .................................................................................................................... 6
    § 1632 .............................................................................................................. 16, 17
    § 1920 .............................................................................................................. 11, 12
    § 1921 .............................................................................................................. 11, 12
    § 2924 .................................................................................................................... 8
    § 2932 .................................................................................................................. 16

California Code of Civil Procedure
    § 340 .................................................................................................................... 16
    § 338 .................................................................................................................... 12
    § 1166 .................................................................................................................... 5
    § 1174 .................................................................................................................... 5

California Corporation Code
    § 191 ...................................................................................................................... 7
    § 2105 .................................................................................................................... 7

Welf. & Inst. Code
    § 15610.30(a)(2) .................................................................................................. 14
    § 15610.30(b) ...................................................................................................... 14
    § 15657.7 ............................................................................................................ 14

OTHER AUTHORITIES

5 Witkin, Cal. Procedure, Pleading (4th ed. 1997) § 819 .......................................... 8

12 Witkin, Summ. of Cal. Law, Real Property, § 519 ............................................... 16

## I.    INTRODUCTION

Plaintiff Albina Tikonov ("Plaintiff") acquired an junior interest in the property at issue at a trustee sale of a third deed of trust that is secured against the property. The third deed of trust and the interest Plaintiff obtained was and is subject to two senior deeds of trust secured against the property for which Bank of New York Mellon is the beneficiary.  Plaintiffs Gennany Tikhonov, G&M Management, West Coast Imagin, and Albina Tikhonov filed the original complaint in this "unlawful detainer" action against Executive Trustee Services and Bank of New York Mellon.  Executive Trustee Services and Bank of New York Mellon demurred to the original complaint because they were not in possession of the property.

Plaintiff Albina Tikhonov filed a first amended complaint ("FAC") that apparently omits Gennany Tikhonov, G&M Management, and West Coast Imagin as parties, and adds several defendants without leave of court. Moreover, Plaintiff now asserts <u>twenty</u> causes of action for various damages and injunctive relief, which is improper in this "unlawful detainer" action.  Notably, the crux of the first amended complaint remains the same, Plaintiff seeks to strip Bank of New York's superior liens on the property through this action.

To the extent the convoluted and ambiguous FAC can be understood, it is based on incorrect internet propagated theories including "produce the note" and that MERS cannot do business in California. Also, the crux of Plaintiff's FAC is predicated upon a misunderstanding of lien priorities. Plaintiff is apparently under the misperception that the foreclosure of the third priority lien somehow extinguished BONY's two senior liens, which it did not. As stated below, each of the FAC claims fails as a matter of law as does her central FAC contention.

## II.    STATEMENT OF FACTS

### A.    Leonid Ovsovich Takes Out Four Loans On The Property

In May 2004 Leonid Ovsovich purchased real property located at 14713 Valleyheart Drive, Sherman Oaks, CA 91403.  (Request for Judicial Notice ("RJN"), Exhibit ("Ex.") 1, Grant Deed.)

*Deed of Trust #1*:  Ovsovich refinanced the property in April 2006 with a first deed of trust for $999,999 (RJN, Ex. 2, Deed of Trust #1.)

1    *Deed of Trust #2*:  Simultaneously, Ovsovich also obtained an $85,000 loan secured against

2   the property by a second deed of trust. (RJN, Ex. 3, Deed of Trust #2.)  Both the first and second deed

3   of trust secured the mortgage loans Ovsovich obtained from MetroCities and both mortgage loans are

4   serviced by GMAC Mortgage, LLC.

5    *Deed of Trust #3*:  In November 2006, Ovsovich obtained a $25,000 loan from Reliant Group,

6   Inc. secured by a third deed of trust on the property.  (RJN, Ex. 4, Deed of Trust #3.)

7    *Deed of Trust #4*:  In January 2007, Ovsovich obtained an $18,000 loan secured against the

8   property.  (RJN, Ex. 5, Deed of Trust #4.)

9   **B.    The __THIRD__ Deed Of Trust Is Foreclosed Upon**

10    Foreclosure proceedings on the third deed of trust that secured the $25,000 loan against the

11   property commenced on June 25, 2007.  (RJN, Ex. 6, Notice of Default for Deed of Trust #3; RJN,

12   Ex.7, Notice of Trustee's Sale for Deed of Trust #3.)  On December 10, 2007, the Akselrod Revocable

13   Family Trust (Akselrod") purchased the third priority deed of trust interest at a trustee's sale.  (RJN,

14   Ex. 8, Trustee's Deed Upon Sale.)  The trustee's deed upon sale reflecting the sale was recorded on

15   January 10, 2008.  (RJN, Ex. 8, Trustee's Deed Upon Sale.)  The interest acquired by Akselrod in

16   purchasing the third deed of trust interest in the property remained subject to the senior first and

17   second priority deeds of trust secured against the property.

18   **C.    Plaintiff Acquires The Property Subject To The First And Second Deeds Of Trust**

19    On July 2, 2008, the Akselrod Revocable Family Trust conveyed its third priority lien interest

20   in the property to Plaintiff Albina Tikhonov.  (RJN, Ex. 9, Grant Deed.)  This transfer of the Akselrod

21   Revocable Family Trust's interest in the property was and is still subject to the interests of the senior

22   first and second deeds of trust.  (RJN, Ex. 2, Deed of Trust #1; RJN, Ex. 3, Deed of Trust #2; RJN, Ex.

23   4, Deed of Trust #3; RJN, Ex. 9, Grant Deed.)  The grant deed from Akselrod to Tikonov was

24   recorded on July 8, 2008.  (RJN, Ex. 9, Grant Deed.)

25   **D.    The __FIRST__ Deed Of Trust Is Assigned To BONY**

26    On August 10, 2011, the first deed of trust was assigned to The Bank of New York Mellon

27   Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor

28   to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006 SP3. (RJN, Ex. 10, Assignment of Deed of

19000.1333/2309044.1                                    8

1 | Trust.)

2 | **E.    The FIRST Deed Of Trust Goes Into Foreclosure**

3 | Due to the borrower's failure to make the required payments on the first Deed of Trust, a

4 | Notice of Default was recorded on August 26, 2011. (RJN, Ex. 11, Notice of Default.)

5 | **F.    Plaintiffs Delay Foreclosure By Filing Bankruptcy**

6 | On May 11, 2011, Plaintiffs Gennany Tikhonov and Albina Tikhonov declared bankruptcy.

7 | (RJN, Ex. 12, Chapter 13 Bankruptcy Petition.)  In their bankruptcy filings, Plaintiffs Gennany

8 | Tikhonov and Albina Tikhonov listed the property at issue as their primary residence. (RJN, Ex. 13,

9 | Declaration of Gennady Tikhonov and Albina Tikhonov in Support of Motion in Individual Case For

10 | Order Continuing The Automatic Stay.)  On December 19, 2011, the Court granted relief from the

11 | automatic stay for Defendant to foreclose against the property. (RJN, Ex. 14, Order Granting Relief

12 | From Automatic Stay.)  On January 3, 2012, Plaintiffs appealed the order. (RJN, Ex. 15, Notice of

13 | Appeal.)  The appeal has not yet been heard. **At this time, Plaintiffs Gennany Tikhonov and Albina**

14 | **Tikhonov are still in possession of the Property.**

15 | **G.    Plaintiffs File And Dismiss The First Unlawful Detainer Matter**

16 | Plaintiffs also filed a nearly identical unlawful detainer matter, Los Angeles County Superior

17 | Court Case # BC474906, on December 8, 2011. (RJN, Ex. 16, 1st Unlawful Detainer Complaint.)

18 | BONY filed a motion for judgment on the pleadings.  After Plaintiffs refused to comply with

19 | discovery, BONY was forced to file eight motions to compel.  On March 6, 2012, Plaintiffs dismissed

20 | the unlawful detainer before the hearings on the nine pending motions. (RJN, Ex. 17, Dismissal of 1st

21 | Unlawful Detainer.)

22 | **H.    Plaintiffs File This Second Unlawful Detainer Matter**

23 | On June 26, 2012, Plaintiffs Gennany Tikhonov, Albina Tikhonov, G&M Management, and

24 | West Coast Imagin filed the instant lawsuit.  The complaint sought an unlawful detainer judgment

25 | against Defendants Executive Trustee Services ("ETS") and The Bank of New York Mellon

26 | ("BONY").  Defendants ETS and BONY filed a demurrer to the complaint based on the fact that they

27 | are not in possession of the Property.  Plaintiff Albina Tikhonov then filed this FAC.

28 |

1    **III.    PLAINTIFF TIKHONOV'S FAC IMPROPERLY OMITS OTHER PLAINTIFFS**

2    An amended pleading supersedes the original. (*State Comp.Ins. Fund v. Sup. Ct. (Onvoi*

3    *Business Solutions, Inc.)* (2010) 184 Cal.App.4th 1124, 1130-1131.) In the original complaint, there

4    were four plaintiffs: (1) Gennany Tikhonov; (2) Albina Tikhonov; (3) G&M Management; and (4)

5    West Coast Imagin. (Compl.) The FAC only lists Albina Tikhonov as plaintiff.

6    If the other three plaintiffs are no longer a part of the proceedings, they must be dismissed. In

7    the alternative, if they remain parties to the proceeding, then the FAC should so reflect. Defendants

8    are entitled to know what plaintiffs are party to the lawsuit.

9    **IV.    THE FAC EXCEEDS THE COURT'S UNLAWFUL DETAINER JURISDICTION**

10    Unlawful detainer matters are of limited scope. The only "triable" issue is the right to

11    possession and incidental damages resulting from the unlawful detention. (*Larson v. City & County of*

12    *San Francisco* (2011) 192 Cal.App.4th 1263, 1297; *Lincoln Place Tenants Ass'n v. City of Los*

13    *Angeles* (2007) 155 Cal.App.4th 425, 452.) Unlawful detainer actions may <u>not</u> adjudicate questions of

14    title. (*Drybread v. Chipain Chiropractic Corp.* (2007) 151 Cal.App.4th 1063, 1072; *High v.*

15    *Cavanaugh* (1962) 205 Cal.App.2d 495, 498-499.) Damages in unlawful detainer actions are limited

16    to those directly related to the unlawful detention, such as rent, taxes, and association dues. (Code of

17    Civ. Proc. §§ 1166, 1174; *Rosetto v. Barross* (2001) 90 Cal.App.4th Supp. 1, 6.)

18    The FAC lists <u>twenty</u> separate causes of action for damages, punitive damages, injunctive

19    relief, to quiet title, to void contracts, and to resolve title to the Property.[1] Each cause of action fails on

20    the merits, but the Court need not address those issues. All 20 FAC causes of action are outside the

21    Court's unlawful detainer jurisdiction and should be dismissed.

22    **V.    THE UNLAWFUL DETAINER ACTION FAILS SINCE DEFENDANTS ARE NOT**

23    **IN POSSESSION OF THE PROPERTY**

24    It is undisputed that Plaintiff is in possession of the Property. (RJN, Ex. 12, Ch. 13

---

25

26    [1] Plaintiff still lists this as an unlawful detainer action as the FAC is titled "First Ameneded [sic]
Complaint For Unlawful Detainer And Damages And For Injunctive Relief And Demand For jury

27    Trial." She also includes paragraphs 36-37, which attempt to reiterate that this case remains an
unlawful detainer action.

28

1   Bankruptcy Petition; RJN, Ex. 13, Declaration of Gennady Tikhonov and Albina Tikhonov in Support

2   of Motion in Individual Case For Order Continuing The Automatic Stay; RJN, Ex. 14, Order Granting

3   Relief From Automatic Stay; RJN, Ex. 15, Notice of Appeal.)  Plaintiff also lists the Property as their

4   mailing address in this action. (See Compl. caption & FAC caption.) The case is thus moot because

5   Plaintiff cannot establish that Defendants have possession of the Property.

6   **VI.    BONY HAS TWO SENIOR LIENS SECURED AGAINST THE PROPERTY**

7            Even if the Court decides to adjudicate Plaintiff's title claim, the undisputed, judicially

8   noticeable facts show that BONY has two superior liens secured against the property.  "Other things

9   being equal, different liens upon the same property have priority according to the time of their

10  creation." (Civ. Code § 2897.)  When a junior lien forecloses on a property, the junior lien takes

11  subject to the senior liens.  (*Sichler v. Look* (1892) 93 Cal. 600, 609-610.)

12           Defendant's deeds of trust were recorded in April 2005.  (RJN, Ex. 2, Deed of Trust #1; RJN,

13  Ex. 3, Deed of Trust #2.)  Plaintiff's interest was acquired through foreclosure of a junior third deed of

14  trust. The third deed of trust was recorded in November 2006, well over a year after Defendants' deeds

15  of trust were recorded.  (RJN, Ex. 4, Deed of Trust #3; RJN, Ex. 6, Notice of Default for Deed of Trust

16  #3; RJN, Ex.7, Notice of Trustee's Sale for Deed of Trust #3; RJN, Ex. 8, Trustee's Deed Upon Sale.)

17  Plaintiff does not show that Defendant's deeds of trust were ever satisfied or repaid and title records

18  show the deeds of trust are still secured against the Property. Plaintiff's interest in the Property is

19  therefore still subject to Defendant's first and second priority deeds of trust.

20  **VII.   THERE IS NO REQUIREMENT TO "PRODUCE THE NOTE"**

21           Plaintiff claims that BONY is required to produce the original note to have authority to

22  foreclose. (FAC, ¶¶ 18-21.) There is no such requirement.  Raised in many recent actions by

23  borrowers seeking to delay and undo foreclosure, the claim has been uniformly rejected. (*Debrunner*

24  *v. Deutsche Bank National Trust* (2012) 2012 WL 883128 *4 (citations omitted) ("We likewise see

25  nothing in the applicable statutes that precludes foreclosure when the foreclosing party does not

26  possess the original promissory note.")  Plaintiff's "produce the note" theory fails as a matter of law.

27

28

1  **VIII.  MERS AND BONY ARE AUTHORIZED TO CONDUCT NONJUDICIAL**

2  **FORECLOSURES IN CALIFORNIA**

3      Plaintiff claims that Defendants cannot foreclose because they are not licensed to conduct

4  business in California. (FAC, ¶¶ 25-34.)  Defendants have all of the necessary licenses.  However,

5  even if they did not, Plaintiff's argument fails.

6      Nonjudicial foreclosure is not considered "intrastate business" in California within the

7  meaning of Corporations Code § 2105(a).  (See Corp. Code § 2105(a); *Sulak v. Mortg. Elec.*

8  *Registration Sys., Inc.* (Cal. Ct. App. Dec. 7, 2006) 2006 WL 3514873, at *7-*9; *Benham v. Aurora*

9  *Loan Serv.* (N.D. Cal. 2009) 2009 WL 2880232, at *4.)  Corporations Code § 191(c)(7) specifically

10  provides that "[c]reating evidences of debt or mortgages, liens or security interests on real or personal

11  property" does not constitute transacting intrastate business. Also, § 191(d)(3) adds that the

12  "enforcement of any loans by trustee's sale, judicial process or deed in lieu of foreclosure or

13  otherwise" is also an exempted activity.  Defendants therefore do not need to be licensed by the state to

14  conduct a foreclosure of the Property.

15  **IX.    NO TRUSTEE SALE HAS OCCURRED AT THIS TIME**

16      Plaintiff's causes of action "To Set Aside Pending Trustee's Sale" [1st COA] and "To Cancel

17  Trustee's Deed" [2nd COA] are moot because there has not been a Trustee's Sale nor has one even

18  been noticed yet.

19      Plaintiff attaches the bankruptcy notice in the *In re: Residential Capital, LLC, et al.*, matter

20  (SDNY Bankruptcy Petition #12-12020) as FAC, Ex. E as purported evidence of a pending sale. She

21  misreads the document.  GMAC (a subsidiary of Residential Captial, LLC), is the servicer on the loan

22  for BONY.  This is why Plaintiff received the notice, not because there is a pending sale.

23      Although a notice of default was recorded on August 26, 2011, no Notice of Trustee's Sale has

24  been recorded and Plaintiff does not provide any facts or evidence that any trustee's sale date is

25  pending. Simply put, Plaintiff's claims seeking to prevent or set aside a foreclosure sale are premature

26  and therefore moot.

27

28

1 | **X.    PLAINTIFF CANNOT QUIET TITLE BECAUSE BONY HAS TWO SENIOR LIENS**

2 | **AND BECAUSE PLAINTIFF HAS NOT PAID OFF THOSE LIENS**

3 | Plaintiff's Quiet Title [3rd COA] and Slander of Title [5th COA] claims fail for three primary

4 | reasons. First, as stated above, BONY has two senior liens secured against the Property. Plaintiff's

5 | FAC simultaneously contests those senior liens and admits that they exist by her allegations that she

6 | sought to refinance the loan. (FAC, ¶¶ 884, 91-94, 98, 104, 111-113, 147-159.) BONY is entitled to

7 | foreclose on its senior deeds of trust because of the default on loan repayment obligations of the

8 | underlying loans.

9 | Second, Plaintiff must pay the senior liens to remove them from the Property. Plaintiff took

10 | the Property subject to the senior liens. (*Sichler v. Look* (1892) 93 Cal. 600, 609-610.) To extinguish

11 | the senior liens on the Property, Plaintiff must pay them off.

12 | Third, the slander of title claim fails because the recording of a notice of default is privileged.

13 | California Civil Code § 2924(d)(1) provides that "[t]he mailing, publication, and delivery of notices as

14 | required by this section" "constitute privileged communications pursuant to Section 47." Because the

15 | recordation of the notice of default is required by Civil Code § 2924(a)(1) and (3), the recordation of

16 | the notice is privileged conduct under Civil Code § 47.

17 | To the extent Plaintiff seeks to forestall the foreclosure, her rights as a junior lienholder are

18 | codified under Civil Code § 2924c. Civil Code § (a)(1) allows Plaintiff to delay foreclosure by

19 | reinstating the loan (i.e., paying the amount due under the senior liens.) Plaintiff has not brought the

20 | senior liens current and therefore cannot forestall foreclosure without doing so.

21 | **XI.    THERE IS NO RIGHT TO AN ACCOUNTING**

22 | An accounting claim is equitable in nature and may be brought to compel the defendant to

23 | account to the plaintiff for money: (1) where a fiduciary duty exists; and (2) the accounts evidencing

24 | the balance due from the defendant to the plaintiff are so complicated that an ordinary legal action

25 | demanding a fixed sum is impractical. (*See* 5 Witkin, Cal. Procedure, Pleading (4th ed. 1997) § 819,

26 | p. 236.) Plaintiff cannot satisfy these requirements.

27 | First, Defendants do not owe Plaintiff a fiduciary duty. A fiduciary relationship is a "relation

28 | existing between two parties to a transaction wherein one of the parties to a transaction is in duty

1   bound to act with the utmost good faith for the benefit of the other party." (*Herbert v. Lankershim*

2   (1937) 9 Cal.2d 409, 483.)  This special relationship "ordinarily arises where a confidence is reposed

3   by one person in the integrity of another, and in such a relation the party in whom the confidence is

4   reposed, if he [or she] voluntarily accepts or assumes to accept the confidence, can take no advantage

5   from his [or her] acts relating to the interest of the other party without the latter's knowledge or

6   consent ...." (*See id.*; *see also Barbara A. v. John G.* (1983) 145 Cal.App.3d 369, 382.)

7          California courts have consistently refused to extend the "'special relationship' doctrine to

8   include ordinary commercial contractual relationships ..." or to debtor-creditor relationships in

9   particular.  "The relationship between a lending institution and its borrower-client is not fiduciary in

10  nature." (*See Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1093 n.1.)

11  "[B]etween a bank and its loan customers" there is no fiduciary relationship. (*See Price v. Wells*

12  *Fargo Bank* (1989) 213 Cal.App.3d 465, 476; *see also Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th

13  974, 981 (same).)  "A debt is not a trust and there is not a fiduciary duty relation between debtor and

14  creditor as such."  In this case, the relationship is even more tenuous because Plaintiff is not a party to

15  BONY's loans, but merely has a junior lien interest in the Property subject to BONY's liens.

16  Defendants have no relationship with Plaintiff, and thus do not owe Plaintiff any duty, much less a

17  fiduciary duty.

18         Further, "[a] cause of action for an accounting requires a showing that a relationship exists

19  between the plaintiff and defendant that requires an accounting, and that some balance is due the

20  plaintiff that can only be ascertained by an accounting." (*Teselle v. McLoughlin* (2009) 173

21  Cal.App.4th 156, 179.)  Here, Defendants have no relationship with Plaintiff that requires an

22  accounting.  Hence, no accounting is required.

23  **XII.    PLAINTIFF'S FRAUD CLAIMS FAIL BECAUSE NEITHER SHE NOR**

24          **DEFENDANTS WERE INVOLVED IN THE LOAN ORIGINATION**

25         Plaintiff's fraud claim [6th COA] request to void the contract based on impossibility of

26  performance [7th COA], request to void the contract "based on unconscionable" [8th COA] and

27  rescission/cancellation [12th COA] are based on purported fraud during loan origination and/or

28  attempts to modify the loan.  Claims regarding loan origination are nonsensical since neither Plaintiff

1    nor Defendants were the original parties to the loan at issue. (RJN, Ex. 2.)

2         If Plaintiff is asserting some other form of fraud claim based on issues with loan modification,

3    it must be pled with particularity. The elements of fraud are: (a) misrepresentation (false

4    representation, concealment, or nondisclosure); (b) knowledge of the statement's falsity (scienter);

5    (c) intent to defraud (i.e., to induce action in reliance on the misrepresentation); (d) justifiable reliance;

6    and (e) resulting damage. (See *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638; *Buckland v.*

7    *Threshold Enters., Ltd.* (2007) 155 Cal.App.4th 798, 806-07.) The elements of a negligent

8    misrepresentation claim are similar to a fraud cause of action, supra, except for the requirement of

9    scienter. Specifically, in a claim for negligent misrepresentation, the plaintiff need not allege the

10   defendant made an intentionally false statement, but simply one as to which he or she lacked any

11   reasonable ground for believing the statement to be true. (See *Charnay v. Cobert* (2006) 145

12   Cal.App.4th 170, 184.)

13        Under well-established California law, "general pleading of the legal conclusion of fraud is

14   insufficient." (*Wilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, 1331.)

15   Instead, "every element of the cause of action for fraud must be alleged in full, factually and

16   specifically, and the policy of liberal construction of pleading will not usually be invoked to sustain a

17   pleading that is defective in any material respect." (*Ibid.*) "The requirement of specificity in a fraud

18   action against a corporation requires the plaintiff to allege the names of the persons who made the

19   allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or

20   wrote, and when it was said or written." (*Tarmann v. State Farm Mut. Auto Ins. Co.* (1991) 2

21   Cal.App.4th 153, 157.) The specificity requirement applies equally to claims for negligent

22   misrepresentation. (*Charnary v. Cobert* (2006) 145 Cal.App.4th 170, 185 fn. 14 ("Fraud and negligent

23   misrepresentation must be pleaded with particularity and by facts that show how, when, where, to

24   whom, and by what means the representations were tendered."); see also *Cadlo v. Owens-Illinois, Inc.*

25   (2004) 125 Cal.App.4th 513, 519.)

26        Plaintiff alleges that Defendants made negligent misrepresentations regarding income with

27   relation to applying for a loan. (FAC, ¶¶ 78-99.) But, Plaintiff fails to identify to whom she spoke,

28   that person's authority to speak, what was said, and when it was said. (*Tarmann v. State Farm Mut.*

1 | *Auto Ins. Co.* (1991) 2 Cal.App.4th 153, 157.) Her misrepresentation claim thus fails.

2 | **XIII.  PLAINTIFF DOES NOT ALLEGE A CONTRACT WITH DEFENDANTS**

3 | Plaintiff's Breach of the Implied Covenant of Good Faith and Fair Dealing claim [9th COA]

4 | fails because she does not identify any contract between her and Defendants.  When pleading a

5 | contract based action, the contract at issue must be attached to the complaint or the terms must be set

6 | forth verbatim in the body of the complaint.  (*Otworth v. Southern Pacific Transportation Company*

7 | (1985) 166 Cal.App.3d 452, 459; *Twaite v. Allstate Insurance Company* (1989) 216 Cal.App.3d 239,

8 | 252.)  Plaintiff has not attached the contract or set forth the contract terms.

9 | Even assuming Plaintiff was able plead a contract between the parties, which she cannot,

10 | BONY's Deeds of Trust explicitly allows Defendants to foreclose on the Property when the borrower

11 | defaults on the required loan payments.  Moreover, "[i]t is universally recognized [that] the scope of

12 | conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms

13 | of the contract." (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2

14 | Cal.4th 342, 373.)  The implied covenant "cannot impose substantive duties or limits on the

15 | contracting parties beyond those incorporated in the specific terms of their agreement." (*Agosta v.*

16 | *Astor* (2004) 120 Cal.App.4th 596, 607; *accord: Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317, 349-

17 | 50.)  In particular, the implied covenant cannot be stretched to prohibit a party from doing that which

18 | the agreement expressly permits. (*Carma Developers (Cal.), Inc., supra*, 2 Cal.4th at 374-75.

19 | Here, BONY's first priority lien Deed of Trust expressly permits the beneficiary or trustee to

20 | commence non-judicial foreclosure proceedings upon the borrower's default. (RJN, Ex. 2., Deed of

21 | Trust ¶ 22.)  Plaintiff does not deny that the loan was in default.  The Deed of Trust expressly

22 | authorized Defendants to commence foreclosure proceedings against the Property.  The implied

23 | covenant of good faith imposed no duty on Defendants to forbear from exercising this remedy that the

24 | deed of trust expressly granted to them upon default. (*Price v. Wells Fargo Bank* (1989) 213

25 | Cal.App.3d 465, 479.)

26 | **XIV.  PLAINTIFF DOES NOT ALLEGE ANY CIV. CODE §§ 1920, 1921, OR 1916.7**

27 | **VIOLATIONS**

28 | Beyond boilerplate allegations, Plaintiffs' tenth and eleventh causes of action provide no

1  substantive facts to suggest any actions by Defendants that violate Civil Code §§ 1920, 1921, or

2  1916.7. Also, the Loan was originated in April 2006. (RJN, Ex. 2.) Code of Civ. Proc. § 338(d)

3  imposes a three-year statute of limitations on an "action upon a liability created by statute, other than a

4  penalty or forfeiture." (Code of Civ. Proc. § 338(a).) Plaintiff did not file this action until more than

5  six years after the Loan origination. The alleged statutory violations are thus barred by the three-year

6  statute of limitations pursuant to Code of Civ. Proc. § 338(d).

7  **XV.    PLAINTIFF DOES NOT ALLEGE ANY A SECTION 17200 CAUSE OF ACTION**

8  Business & Professions Code § 17200, *et seq.* defines unfair competition as including "any

9  unlawful, unfair or fraudulent business act or practice." (*Cel-Tech Communications, Inc. v. Los*

10  *Angeles Cellular Telephone Company* (1999) 20 Cal.4th 163, 175.) Plaintiff cannot fulfill any of these

11  required prongs.

12  **A.    Plaintiff Has Not Alleged Unlawful Conduct**

13  Section 17200 requires an underlying violation of a law if the claim is asserted under the

14  unlawful prong. (*Krantz v. BT Visual Images, L.L.C.* (2001) 89 Cal.App.4th 164, 178.) As stated

15  throughout this demurrer, Plaintiff's statutory claims all fail as a matter of law.

16  **B.    Plaintiff Has Not Alleged Fraudulent Conduct**

17  The term "fraudulent," as used in the UCL, "does not refer to the common law tort of fraud but

18  only requires a showing that members of the public 'are likely to be deceived.'" (*Saunders v. Superior*

19  *Court* (1994) 27 Cal.App.4th 832, 839; *Byars v. SCME Mortgage Bankers, Inc.* (2003) 109

20  Cal.App.4th 1134, 1147.) Plaintiff cannot meet this standard on its face since Plaintiff's fraud claims

21  fail as a matter of law as articulated above.

22  Furthermore, the FAC allegations are particular to the Property and loans secured against the

23  Property. These allegations have nothing to do whatsoever with the public at large. Plaintiff therefore

24  has not pled fraudulent conduct under Section 17200.

25  **C.    Plaintiff Has Not Alleged Unfair Conduct**

26  A business practice is considered "unfair" if it threatens to violate or violates the policy or

27  spirit of an anti-trust law or otherwise significantly threatens or harms competition. (*Cel-Tech*

28  *Communications, Inc. v. Los Angeles Cellular Telephone Company* (1999) 20 Cal.4th 163, 187.)

1  "[A]ny finding of unfairness to competitors under section 17200 [must] be tethered to some

2  legislatively declared policy or proof of some actual or threatened impact on competition. We thus

3  adopt the following test: When a plaintiff who claims to have suffered injury from a direct competitor's

4  "unfair" act or practice invokes Section 17200, the word "unfair" in that section means conduct that

5  threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws

6  because its effects are comparable to or the same as a violation of the law, or otherwise significantly

7  threatens or harms competition." (*Id.* at 186-187.)

8         Plaintiff fails to plead any facts regarding public policy or threats to the public. Instead,

9  Plaintiff merely claims that Defendants somehow acted unfairly towards her. As stated throughout this

10  demurrer, even those allegations fail as a matter of law.

11  **XVI.    DEFENDANTS DO NOT OWE PLAINTIFF A FIDUCIARY DUTY**

12         Plaintiff's breach of fiduciary duty claim [14th COA] fails because there is no fiduciary duty

13  between Plaintiff and Defendants. "The relationship between a lending institution and its borrower-

14  client is not fiduciary in nature." (*See Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231

15  Cal.App.3d 1089, 1093 n.1.) "[B]etween a bank and its loan customers" there is no fiduciary

16  relationship. (*See Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476; *see also Kim v.*

17  *Sumitomo Bank* (1993) 17 Cal.App.4th 974, 981 (same).) "A debt is not a trust and there is not a

18  fiduciary duty relation between debtor and creditor as such." In this case, the relationship is even more

19  tenuous because Plaintiff was not a direct customer of the bank or party to BONY's loans, but instead

20  purchased an third priority junior lien interest in the Property subject to BONY's two senior liens.

21  Defendants have no relationship with Plaintiff and owe her no duty, much less any fiduciary duty.

22  **XVII.  PLAINTIFF DOES NOT PLEAD ANY ELDER ABUSE**

23         Plaintiff's elder abuse claim [15th COA] claims Defendants engaged in financial elder abuse.

24         Plaintiff appears to be attempting to assert an elder abuse claim based on loan origination.

25  (FAC, ¶¶ 143-155.) As discussed above, Plaintiff was not involved in the origination of the loan.

26  (RJN, Ex. 2.) Plaintiff appears to allege that she has standing to assert the loan origination claims

27  based on Leonid Ovsovich's loan origination. (FAC, ¶ 143.) She presents no factual or legal authority

28  for such a proposition. Also, any loan origination claim is time barred. A claim for financial elder

1  abuse is subject to a four year statute of limitations. (Welf. & Inst. Code § 15657.7.) The loan was

2  originated in May 2006. (RJN, Ex. 2.) Plaintiff did not file this lawsuit until June 26, 2012.

3       Plaintiff's other purported elder abuse claim is based on the initiation of foreclosure

4  proceedings against the Property. (FAC, ¶¶ 156-157.) In order to state a claim for financial elder

5  abuse based on "assisting" in the taking of property from an elder, Plaintiff must allege that the taking

6  was accomplished for either a wrongful use or with the intent to defraud. Welf. & Inst. Code §

7  15610.30(a)(2). Taking property for a "wrongful use" means the person taking the property knew or

8  should have known this conduct is likely to be harmful to the elder. Welf. & Inst. Code § 15610.30(b)

9  (emphasis added). Foreclosing on the Property does not constitute a "wrongful use".

10       In *Stebley v. Litton Loan Servicing, LLP, et al.* (2011) 202 Cal. App. 4th 522, the plaintiff

11  argued that foreclosing was also a violation of the EADCPA. The Court held that there was no viable

12  cause of action, explaining that a plaintiff "must allege at least a 'wrongful use' of property. As [the

13  Court] held in an analogous case, 'It is simply not tortuous for a commercial lender to lend money,

14  take collateral, or to foreclose on collateral when a debt is not paid…. [A] commercial lender is

15  privileged to pursue its own economic interests and may properly assert its contractual rights." (*Id.*)

16  Here, Plaintiff concedes that the same basic facts are presented: Ovsovich was lent money, collateral

17  was taken, and the foreclosure proceedings were initiated when the borrower defaulted on the loan

18  repayment obligations. Plaintiff cannot therefore allege any "wrongful use" of the property.

19       Finally, Plaintiff's elder abuse claim is not pled with particularity. The pleading standard for

20  stating a financial elder abuse claim is high. A claim under the Elder Abuse Act must be alleged with

21  particularity. (*Hougue v. City of Holtville* (S.D. Cal. 2008) 2008 WL 1925249 at *6 (citing *Delaney v.*

22  *Baker* (1999) 20 Cal.4th 23.)) The enhanced remedies under the Act are available only for "acts of

23  egregious abuse"[2] against elder and dependent adults. (*Id.* at 31.) A plaintiff must show more than

24  _____

25  [2] An example of such egregious conduct is a nursing facility that failed to provide an elderly
Parkinson's disease patient with sufficient food and water, left him in his own excrement for

26  prolonged periods of time, and failed to disclose his true condition to his children. *See Covenant
Care, Inc. v. Superior Court*, 32 Cal.4th 771, 783 (2004). Another example is a 78 year-old man that

27  was "abused, beaten, unlawfully restrained, and denied medical treatment." *See Smith v. Ben
Bennett, Inc.*, 133 Cal.App.4th 1507, 1512 (2005).

28

DEMURRER TO FAC

1  just negligence, but the defendants engaged in reckless, oppressive, fraudulent, or malicious conduct.

2  (*Intrieri v. Superior Court* (2004) 117 Cal.App.4th 72, 82.)  Plaintiff does not plead facts to show the

3  elements of an elder abuse claim.

## XVIII.  PLAINTIFF DOES NOT ALLEGE FACTS SHOWING A CONSPIRACY

5  Plaintiff's conspiracy claim [16th COA] fails because there are no tort claims to support it.

6  "[C]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who,

7  although not actually committing a tort themselves, share with the immediate tortfeasors a common

8  plan or design." (*Applied Equip. Corp. v. Litton Saudi Arabia, Ltd.* (1994) 7 Cal.4th 503, 510-511; *see*

9  *also Stansfield v. Starkey* (1990) 220 Cal.App.3d 59, 76.)  Conspiracy requires a viable underlying tort.

10  (See *Zumbrun v. University of Southern California* (1972) 25 Cal.App.3d 1, 12 ("No cause of action

11  exists for conspiracy itself; the pleaded facts must show something which, without the conspiracy,

12  would give rise to a cause of action.").)

13  Plaintiff's tort claims are defective because there is no underlying tort that could support the

14  conspiracy "claim."  Further, Plaintiff merely concludes without providing any factual support that

15  Defendants engaged in a conspiracy.  (FAC, ¶¶ 165-171.)  But, Plaintiff fails to allege any facts

16  regarding the formation and operation of the purported conspiracy, the common design of the

17  conspiracy, or any overt act done in furtherance of the conspiracy that resulted in damage to them.

18  (*See* FAC.)  Plaintiff, therefore, fail to meet the requisite elements to establish a conspiracy claim and

19  this claim thus fails and should be dismissed.

## XIX.  THERE IS NO BASIS FOR INJUNCTIVE RELIEF

21  Plaintiff's claim for injunctive relief [18th COA] fails because there is no basis to impose an

22  injunction.  It is a remedy that is must be tethered to some independent legal duty owed by the

23  defendant to the plaintiff.  (*McDowell v. Watson* (1997) 59 Cal.App.4th 1155, 1159; *Cox Commc'ns*

24  *PCS, L.P. v. City of San Marcos* (S.D.Cal.2002) 204 F.Supp.2d 1272, 1283.)  The injunctive relief

25  claim, therefore, cannot stand on its own.  As stated above, Plaintiff's other claims are defective.

26  Consequently, there is nothing to support Plaintiff's request for an injunction, and this claim, too,

27  should be dismissed.

28

1 **XX.    CIVIL CODE § 2932.5 DOES NOT APPLY TO DEEDS OF TRUST**

2 Plaintiff's declaratory relief claim [19th COA] is based on purported violations of Civil Code §

3 2932.5. (FAC, ¶¶ 176-181.) Section 2932.5 does not apply to deeds of trust.

4 Civil Code § 2932.5 requires recordation of an assignment to change the person holding the

5 power of sale under a mortgage. Section 2932.5 does not apply to deeds of trust under which no

6 assignment needs to be recorded. (*Santens v. Los Angeles Fin. Co.* (1949) 91 Cal.App.2d 197, 201-

7 202.) Section 2932.5 does not apply to deeds of trust . (*Calvo v. HSBC Bank, USA, N.A.*, (2011) 199

8 Cal. App. 4th 118, 125.) The loan at issue in this case is secured by a deed of trust (RJN, Ex. 2), this

9 cause of action therefore fails as a matter of law.

10 **XXI.    THE CIVIL CODE § 1632 CLAIM FAILS**

11 As a preliminary matter, Defendants were not parties to the original loan. However, even if

12 they were, the claim still fails.

13 First, Plaintiff's § 1632 claim is time barred. A cause of action "upon a statute for a penalty or

14 forfeiture" must be brought within one year. (Civ. Code §340(a).) Assuming their § 1632 claim is

15 premised on the purported failure to draft the loan documents in the appropriate language, such a claim

16 accrued in May 2006, over six years prior to the initiation of this lawsuit. Plaintiff's § 1632 claim is

17 thus barred by the statute of limitations. (See *Delino v. Platinum Community Bank* (S.D. Cal. 2009)

18 628 F.Supp.2d 1226, 1234 (citing California Civil Procedure Code Section 340 as providing

19 applicable statute of limitations for Section 1632 claim).)

20 Second, a translated contract only has to be provided if a party to the negotiations requests it.

21 (*See Reyes v. Household Finance Corp. of Cal.*, 118 Cal.App.3d 159, 161 (1981); *see also* 12 Witkin,

22 Summ. of Cal. Law, Real Property, §519(c).) Plaintiff does not allege she requested a copy of

23 translated loan documents, and since she was not a party to the loan transaction related to BONY's

24 loan, she had no standing to make such a demand even if she were involved in the loan origination,

25 which she was not.

26 Finally, § 1632 only provides for the remedy of rescission. (Civ. Code §1632(k).) If Plaintiff

27 were party to the loan at issue and had standing, she would only be entitled to rescission conditioned

28 upon her tender of the amounts due and owing under the loan. (*Plata v. Long Beach Mortg. Co.* (N.D.

1  Cal. 2005) 2005 WL 3417375, at *8.) Plaintiff has not alleged that the amounts due under the note

2  and deed of trust were tendered. For this and the reasons stated above, Plaintiff cannot state a § 1632

3  cause of action as a matter of law.

4  **XXII.  CONCLUSION**

5       Plaintiff's FAC fails in its entirety.  Plaintiff's FAC claims exceed the jurisdiction of the Court

6  while reviewing unlawful detainer matters.  Even if the Court reviews the claims on the merits, each

7  one fails as a matter of law.  Therefore, Defendants respectfully request that the Court sustain the

8  demurrer without leave to amend.

9

10  DATED:  August 13, 2012                    SEVERSON & WERSON
                                              A Professional Corporation

11

12

13                                            By: _____
                                                   Benjamin A. Eilenberg

14

15                                            Attorneys for Defendants EXECUTIVE TRUSTEE
                                              SERVICES, LLC dba ETS SERVICES, LLC (erroneously
16                                            sued as ETS SERVICES, LLC) and THE BANK OF
                                              NEW YORK MELLON TRUST COMPANY,
17                                            NATIONAL ASSOCIATION FKA THE BANK OF
                                              NEW YORK TRUST COMPANY, N.A. AS
18                                            SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS
                                              TRUSTEE FOR RAAC 2006 SP3 (erroneously sued as
19                                            THE BANK OF NEW YORK MELLON TRUST
                                              COMPANY)
20

21

22

23

24

25

26

27

28

19000.1333/2309044.1                    22

DEMURRER TO FAC

1

## PROOF OF SERVICE

2      At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,

3  19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4      On August 13, 2012, I served true copies of the following document(s):

5  **DEFENDANTS' DEMURRER TO PLAINTIFFS' "FIRST AMENDED VERIFIED
COMPLAINT FOR UNLAWFUL DETAINER AND DAMAGES AND FOR

6  INJUNCTIVE RELIEF"**

7  on the interested parties in this action as follows:

8  Albina Tikhonov                          On Behalf of Plaintiffs
14713 Valleyheart Drive                    Attorney-in-Fact/POA

9  Sherman Oaks, CA  91403
                                           Telephone:    (213) 422-6225

10

11      **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package
provided by The overnight service carrier and addressed to the persons at the addresses listed in
the Service List. I placed the envelope or package for collection and overnight delivery at an

12  office or a regularly utilized drop box of The overnight service carrier or delivered such
document(s) to a courier or driver authorized by The overnight service carrier to receive

13  documents.

14      I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

15

16      Executed on August 13, 2012, at Irvine, California.

17

18      _____
                        Sabrina Gridley

19

20

21

22

23

24

25

26

27

28

19000.1333/2309044.1