DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Glenn E. Siegel

*Counsel for The Bank of New York Mellon Trust Company, N.A., and The Bank of New York Mellon, in their capacities as trustee or indenture trustee, or master servicer of certain mortgage backed securities*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                                             :
In re:                                                       :    Chapter 11
                                                             :
RESIDENTIAL CAPITAL, LLC, *et al.*,                          :    Case No. 12-12020 (MG)
                                                             :
              Debtors.                                       :    Jointly Administered
                                                             :
-------------------------------------------------------------X

**OBJECTION OF THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AND THE BANK OF NEW YORK MELLON, TO MOTION OF CONTEMPT OF BANKRUPTCY FILED BY ALBINA TIKHONOV AND JOINDER TO DEBTORS' OBJECTION TO MOTION OF CONTEMPT OF BANKRUPTCY FILED BY ALBINA TIKHONOV**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The Bank of New York Mellon Trust Company, N.A., and The Bank of New York Mellon (together, "**BNY Mellon**"), by and through its undersigned counsel, hereby files this objection (the "**BNY Mellon Objection**") with respect to the *Motion for Contempt of Bankruptcy* [Docket No. 2627] (the "**Motion**") filed by Albina Tikhonov (the "**Movant**") in the above captioned cases, and joinder to the *Debtors' Objection to Motion of Contempt of*

14843896

*Bankruptcy Filed by Albina Tikhonov* (the "**Debtors' Objection**") [Docket No. 3640].[1] BNY Mellon respectfully submits as follows:

**OBJECTION**

1. The Motion does not coherently, let alone convincingly, assert any wrongdoing by BNY Mellon or any basis for the sanctions requested. The Motion appears to seek sanctions against BNY Mellon, among others, for alleged violations of sections 362 and 524 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The factual background relevant to the Motion is set forth in the Debtors' Objection and is incorporated herein by reference.

2. BNY Mellon was granted relief from the automatic stay in Movant's bankruptcy case in order to allow BNY Mellon to enforce its remedies to foreclose upon certain real property. *See* Debtors' Objection, ¶¶ 9, 17, Exhibit 3-L. This foreclosure and subsequent sale appear to be the allegedly wrongful conduct of which the Movant complains. The foreclosure did not violate the automatic stay in the Movant's bankruptcy case because the stay had been lifted by the bankruptcy court to allow BNY Mellon to carry out the foreclosure.

3. Moreover, BNY Mellon has not violated the automatic stay in the Debtors' bankruptcy cases because the foreclosure proceeding was not commenced against any of the Debtors' or any assets of the Debtors' estates.

4. Finally, as noted in the Debtors' Objection, section 524(a)(2) of the Bankruptcy Code only bars the collection of a discharged debt "*as a personal liability* of the debtor." 11 U.S.C. § 524 (emphasis added). Section 524(a)(2) does not prevent foreclosure of a lien on property. Thus, any alleged foreclosure actions taken by BNY Mellon are not subject to section 524, despite the Movant's apparent position to the contrary.

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Debtors' Objection.

5. BNY Mellon reserves its right to respond further to the Motion to the extent that any clarity is provided with respect to the relief sought in the Motion.

## JOINDER

6. BNY Mellon hereby joins in the Debtors' Objection to the Motion and adopts and incorporates herein by reference the objections set forth in the Debtors' Objection to the extent such objections are applicable to BNY Mellon.

## CONCLUSION

7. BNY Mellon, for the reasons set forth above, respectfully requests that the relief sought in the Motion be denied.

Dated: New York, New York
May 7, 2013

        Respectfully submitted,

        DECHERT LLP

        By: /s/ Glenn E. Siegel
        Glenn E. Siegel
        1095 Avenue of the Americas
        New York, New York 10036-6797
        Telephone: (212) 698-3500
        Facsimile: (212) 698-3599

        *Counsel for The Bank of New York Mellon Trust Company, N.A., and The Bank of New York Mellon, in their capacities as trustee or indenture trustee, or master servicers of certain mortgage backed securities*