## COUNT VI
[The Florida Bar File No. 2011-51,696(17I)]

73.    The Law Offices of David J. Stern, P.A. represented the plaintiff, Aurora Loan Services, LLC, in its foreclosure action against Edward S. Gelman, et al. in Nassau County, Florida, Case No. 2009CA000220 (hereinafter referred to as Aurora v. Gelman) beginning on or about July of 2009.

74.    On or about October 12, 2010, the Honorable Brian J. Davis, Circuit Court Judge of the Fourth Judicial Circuit of Florida, entered an Order on Motion for Attorney's Fees in Aurora v. Gelman in which the Law Offices of David J. Stern, P.A. was ordered to pay the sum of $1,225.00 as and for the defendant's attorney's fees. (Attached hereto and incorporated herein as **The Florida Bar Exhibit F** is a copy of the Order dated October 12, 2010.)

75.    Judge Davis found the following, among other things, in the October 12, 2010 order in Aurora v. Gelman, which is paraphrased below:

> A.    That the Stern law firm had been served with proper and timely notice of the telephonic hearing and had thus been afforded an ample opportunity to be heard.

> B.    That the Stern law firm was familiar with the Court's procedures for such hearings as same had been utilized for a prior motion hearing less than a month earlier, but that the

firm's associate nevertheless failed to answer the telephone and attend the hearing.

C.   That the bad faith conduct of the Stern law firm's associate unreasonably prolonged the proceeding and increased the cost of representation of both parties.

D.   That the Stern law firm's associate knowingly sent a proposed Order granting the Stern law firm's motion for leave to file an amended foreclosure complaint to the Court without first providing a copy of the proposed Order to opposing counsel of record, an act Judge Davis characterized as a violation of Rule 4-3.5 of the Rules Regulating The Florida Bar.  Such ex parte communication was the basis of the Court's granting the said motion.

E.   That the defendants were forced to file a motion to vacate the Order.

F.   On September 28, 2010, following a hearing, Judge Davis also granted the defendants' motion to strike the amended complaint because Judge Davis found it was not properly verified, as required pursuant to Fla. R. Civ. P. 1.110(b).

G.    Further, Judge Davis found that the Stern law firm's associate's letter and proposed Order also violated Rule 4-3.3 of the Rules Regulating The Florida Bar requiring candor towards the tribunal.

H.    That, further, the Stern law firm's associate failed to disclose to the Court that defendants' attorney had previously filed and served an objection to the Motion For Leave to File Amended Foreclosure Complaint and that the Stern law firm's associate also failed to inform the Court of the verification requirement provided by Rule 1.110(b) as required by Rule 4-3.3(c) of the Rules Regulating The Florida Bar.  Such rule requires that all facts known to the attorney be disclosed in order to enable a Court to make an informed decision, whether or not the facts are adverse.

I.    That as a result, the defendants' attorney was required to prepare and file a motion to vacate the Order and strike the Amended Complaint, as well as to schedule, prepare for and attend the hearing on the motion.

(See Exhibit F)

76.    In respondent's capacity as managing attorney and sole shareholder of

the Law Offices of David J. Stern, P.A. in charge of all of the functions and

activities, practices and procedures of the Stern law firm, respondent either knew

or should have known, that duly noticed hearings were missed, that files were not

properly reviewed by firm associates, and that misrepresentations were made by

associates to the court due to inadequate and incomplete review of the file and/or

an overwhelming number of files assigned to each associate.

77.    In respondent's performance of his duties and responsibilities as

managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A.,

respondent failed to make a reasonable effort to ensure that the firm had measures

in effect that would provide reasonable assurance that the professional conduct of

those handling the firm's files was compatible with the professional obligations

and standards conferred on them by the Rules Regulating The Florida Bar.

78.    Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

31

the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.]; 4-5.3(b) [With respect to a nonlawyer employed or retained by or associated with a lawyer or an authorized business entity as defined elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer; (2) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or (B) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its

32

consequences can be avoided or mitigated but fails to take reasonable remedial

action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties

delegated to them by the lawyer without the presence or active involvement of the

lawyer, the lawyer shall review and be responsible for the work product of the

paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do

so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage

in conduct in connection with the practice of law that is prejudicial to the

administration of justice, including to knowingly, or through callous indifference,

disparage, humiliate, or discriminate against litigants, jurors, witnesses, court

personnel, or other lawyers on any basis, including, but not limited to, on account

of race, ethnicity, gender, religion, national origin, disability, marital status, sexual

orientation, age, socioeconomic status, employment, or physical characteristic.].

### COUNT VII
[The Florida Bar File No. 2011-51,868(17I)]

79.    On or about November 4, 2010, the Honorable Paul B. Kanarek,

Circuit Court Judge for the Nineteenth Judicial Circuit of Florida, wrote to The

Florida Bar and forwarded a copy of the order entered striking a certificate of

compliance filed by an associate in the Law Offices of David J. Stern, P.A., in

Sovereign Bank, Plaintiff v. David A. Bishop, et al., Defendants, Case

No. 2010CA010183 (hereinafter referred to as Sovereign Bank v. Bishop).

(Attached hereto and incorporated herein as **The Florida Bar Exhibit G** is a copy of Judge Kanarek's letter dated November 4, 2010 and attachment.)

80.    In Judge Kanarek's letter to The Florida Bar, he advised that the certificate of compliance filed in <u>Sovereign Bank v. Bishop</u> was struck because statements made were not true since the certificate indicated that mediation was not mandated due to the date that the underlying action was filed.

81.    In truth and in fact, mediation <u>was</u> mandated based on the date that the underlying action was filed.

82.    In response to The Florida Bar, the associate from the Law Offices of David J. Stern, P.A. stated that his review of his own office file was negligent which led to providing inaccurate information to the court in <u>Sovereign Bank v. Bishop</u>.

83.    In respondent's capacity as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A. in charge of all of the functions and activities, practices and procedures of the Stern law firm, respondent either knew or should have known that files were not properly reviewed by firm associates and that misrepresentations were made by associates to the court due to inadequate and incomplete review of the file and/or an overwhelming number of files assigned to each associate.

84.     In respondent's performance of his duties and responsibilities as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A., respondent failed to make a reasonable effort to ensure that the firm had measures in effect that would provide reasonable assurance that the professional conduct of those handling the firm's files was compatible with the professional obligations and standards conferred on them by the Rules Regulating The Florida Bar.

85.     Wherefore, by reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.]; 3-4.3 [The standards of professional conduct to be observed by members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.]; 4-5.1(a) [Duties Concerning Adherence to Rules of Professional Conduct. A partner in a law firm, and a lawyer who individually or

35

together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers therein conform to the Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.]; 4-5.1(c) Responsibility for Rules Violations. A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if (1) the lawyer orders the specific conduct or, with knowledge thereof, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability,

36

marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT VIII
### [The Florida Bar File No. 2011-51,192(17I)]

86.    The Law Offices of David J. Stern, P.A. represented the plaintiff, BAC Home Loans Servicing, in its foreclosure action against Nannette Fuste, et al. in Indian River County, Florida, Case No. 2009CA012915 (hereinafter referred to as BAC v. Fuste) beginning on or about November of 2009.

87.    On or about February 22, 2011, the Honorable Cynthia L. Cox, Circuit Court Judge of the Nineteenth Judicial Circuit of Florida, issued an Order in BAC v. Fuste Cancelling Foreclosure Sale 2/24/11 reflecting copies to counsels for the defendant, Law Offices of David J. Stern, and The Florida Bar.  (Attached hereto and incorporated herein as **The Florida Bar Exhibit H** is a copy of the Order dated February 22, 2011.)

88.    Judge Cox found the following, among other things, in the February 22, 2011 Order in BAC v. Fuste:

    A.    Plaintiff's counsel has failed to prosecute this case.

    B.    That the Order Granting Summary Judgment is pending appeal.

37

    C.    That the above-referenced case was set for a foreclosure sale on

February 24, 2011; however the Plaintiff failed to publish the

sale or pay the Clerk's fees.

    D.    This Court reserves jurisdiction over all legal and proper issues,

including but not limited to sanctions against Plaintiff's counsel

for its lack of diligence, untimely filing and continuous failure

to follow the Rules and Administrative Orders of this Court.

(See Exhibit G)

89.    On or about February 22, 2011, the Law Offices of David J.

Stern, P.A. was the attorney of record on behalf of the plaintiff in <u>BAC v. Fuste</u>.

90.    Approximately one month earlier, on or about January 11, 2011, the

Law Offices of David J. Stern, P.A. filed a Motion to Withdraw as Counsel and for

Continuance in <u>BAC v. Fuste</u>. (Attached hereto and incorporated herein as **The

Florida Bar Exhibit I** is a copy of the Motion to Withdraw dated January 10,

2011.)

91.    The Motion to Withdraw did not enclose a proposed order or

substitution of counsel, was not set for hearing, and as a result the Law Offices of

David J. Stern, P.A. did not obtain a ruling granting their Motion to Withdraw.

92.    Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.16(a)(3) [Except as stated in subdivision (c), a lawyer

shall not represent a client or, where representation has commenced, shall

withdraw from the representation of a client if the lawyer is discharged.]; 4-1.16(d)

[Upon termination of representation, a lawyer shall take steps to the extent

reasonably practicable to protect a client's interest, such as giving reasonable

notice to the client, allowing time for employment of other counsel, surrendering

papers and property to which the client is entitled, and refunding any advance

payment of fee or expense that has not been earned or incurred.  The lawyer may

retain papers and other property relating to or belonging to the client to the extent

permitted by law.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the

39

Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT IX
### [The Florida Bar File No. 2011-50,949(17I)]

93.    On or about January 4, 2011, the Honorable Charles A. Francis, Chief Judge of the Second Judicial Circuit of Florida, filed a grievance with The Florida Bar against David J. Stern. (Attached hereto and incorporated herein as **The Florida Bar Exhibit J** is a copy of Judge Francis' grievance dated January 4, 2011 and attachment.)

94.    In 10 separate cases pending in the Second Judicial Circuit between July 28, 2010 and September 20, 2010 in which the Law Offices of David J. Stern, P.A. was attorney of record, no attorney appeared for court ordered mediations for the following cases: Case No. 2010CA003171 (Leon County), Case No. 2010CA003125 (Leon County), Case No. 2010CA000946 (Gadsden County), Case No. 2010CA000941 (Gadsden County), Case No. 2010CA000304 (Wakulla

County), Case No. 2010CA002491 (Leon County), Case No. 2010CA002485

(Leon County), Case No. 2010CA000290 (Wakulla County), Case No.

2008CA001907 (Leon County), Case No. 2010CA002382 (Leon County).

95.    On or about December 16, 2010, in four separate cases pending in the

Second Judicial Circuit in which the Law Offices of David J. Stern, P.A. was

attorney of record on behalf of U.S. Bank in Case No. 2008CA002458, National

City Mortgage in Case No. 2008CA001882, U.S. Bank in Case No.

2008CA001480, and CitiMortgage in Case No. 2008CA002094, no attorney

appeared for trial previously set by the court.

96.    The failure to appear for trial on December 16, 2010 by the Law

Offices of David J. Stern, P.A. resulted in dismissal of the four previously

referenced cases.  (Case Nos. 2008CA002458, 2008CA001882, 2008CA001480,

and 2008CA002094).  (Attached hereto and incorporated herein as **The Florida**

**Bar Composite Exhibit K** are copies of the Orders Dismissing Case Without

Prejudice filed December 16 and 17, 2010.)

97.    Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

41

prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and promptness in representing a client.]; 4-1.16(a)(3) [Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if the lawyer is discharged.]; 4-1.16(d) [Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled, and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers and other property relating to or belonging to the client to the extent permitted by law.]; 4-3.2 [A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly

42

assist or induce another to do so, or do so through the acts of another.]; and

4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of

law that is prejudicial to the administration of justice, including to knowingly, or

through callous indifference, disparage, humiliate, or discriminate against litigants,

jurors, witnesses, court personnel, or other lawyers on any basis, including, but not

limited to, on account of race, ethnicity, gender, religion, national origin, disability,

marital status, sexual orientation, age, socioeconomic status, employment, or

physical characteristic.].

## COUNT X
[The Florida Bar File No. 2011-51,369(17I)]

98.    On or about March 10, 2011, the Honorable Martha Ann Lott, then

Chief Judge of the Eighth Judicial Circuit of Florida, filed a grievance with The

Florida Bar against David J. Stern. (Attached hereto and incorporated herein as

**The Florida Bar Exhibit L** is a copy of Judge Lott's grievance dated March 10,

2011 and attachments.)

99.    On or about March of 2011, approximately 608 cases in which the

Law Offices of David J. Stern, P.A. was attorney of record remained pending in

the Eighth Judicial Circuit.

100.    On or about March 4, 2011, David J. Stern wrote to Judge Lott and

stated:

A short while ago, we wrote to your Honor advising that our

43

firm suffered a tremendous reduction of both clients and personnel.
Since our last communication, we have continued to file Motions to
Withdraw as Counsel in mass and have been attempting to set them as
quickly and efficiently as possible. The majority of our clients have
terminated the attorney-client relationship and have taken physical
possession of their files. The files were taken in November 2010, with
the promise from our clients that new counsel would file a stipulation
of substitution of counsel with the court and ask for entry of an order
substituting counsel within thirty (30) days. To date, in the vast
majority of cases, successor counsel has still not been named or
identified to us. In the instances where successor counsel has been
identified, we have either drafted Stipulation of Substitution of
Counsel or have signed the same by the thousands. For reasons
unbeknownst to us, of those aforementioned Stipulations, new counsel
has failed to file them with the court. In other cases our former clients
have simply failed to obtain new counsel altogether.

Given these circumstances, we estimate that we still need to
withdraw from approximately 100,000 files statewide. With our
extremely limited staff, we have attended as many hearings as
possible without new counsel coming forward to shoulder the
responsibility for the files they were assigned nearly five months ago.
As a result thereof, we have been forced to drastically reduce our
attorney and paralegal staff to the point where we no longer have the
financial or personnel resources to continue to file the Motions to
Withdraw in the tens of thousands of cases that we still remain as
counsel of record. Therefore, it is with great regret that <u>we will be
ceasing the servicing of clients with respect to all pending foreclosure
matters in the State of Florida as of March 31, 2011. If our former
clients do not cause new counsel to appear to represent them by
March 31, 2011, your Honor should treat the pending cases on the
enclosed list as you deem appropriate.</u> We are enclosing a list of all of
the active cases we have in your circuit. [Emphasis supplied.]

(See Exhibit L)

101.   David J. Stern did intentionally abandon the approximately 608 cases

referenced above in the Eighth Judicial Circuit despite the knowledge that they

remained active, as well as the remainder of the 100,000 cases statewide all of

which David J. Stern admitted, causing massive and irreconcilable damage to the

entire court system.

102.   Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.16(a)(3) [Except as stated in subdivision (c), a lawyer

shall not represent a client or, where representation has commenced, shall

withdraw from the representation of a client if the lawyer is discharged.]; 4-1.16(d)

[Upon termination of representation, a lawyer shall take steps to the extent

reasonably practicable to protect a client's interest, such as giving reasonable

notice to the client, allowing time for employment of other counsel, surrendering

papers and property to which the client is entitled, and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers and other property relating to or belonging to the client to the extent permitted by law.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT XI
### [The Florida Bar File No. 2011-51,329(17I)]

103. The Law Offices of David J. Stern, P.A. represented the plaintiff, Deutsche Bank National Trust Company, in its foreclosure action against Paul Wilder and Melody L. Pecot in Brevard County, Florida, Case No. 2007CA020455, beginning on or about July of 2007.

104. On or about March 23, 2010, the defendant, Paul D. Wilder, filed a Notice of Appeal in the Brevard County case referenced above with the District

Court of Appeal of the State of Florida, Fifth District (hereinafter referred to as the 5th DCA).

105.   On or about December 7, 2010, the 5th DCA issued an order in

<u>Paul D. Wilder, Appellant v. Deutsche Bank National Trust Company, Appellee,</u>

Case No. 5D10-1022 (hereinafter referred to as <u>Wilder v. Deutsche Bank</u>)

reflecting copies to Paul D. Wilder, David J. Stern (with copy of motion), and

Clerk of Court, Brevard County (2007CA020455) that provided in part:

> ORDERED that Appellee shall file a response to Appellant's Motion for Mediation, filed November 8, 2010, within ten days from the date hereof. A copy of the motion is provided to Appellee with this Order.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit M** is

a copy of the Order dated December 7, 2010.)

106.   Appellee, Deutsche Bank, through its attorney, David J. Stern, failed

to file any response to the 5th DCA's December 7, 2010 Order.

107.   On or about January 10, 2011, the 5th DCA issued an order in <u>Wilder</u>

<u>v. Deutsche Bank</u> reflecting copies to Paul D. Wilder and David J. Stern, Esq. that

provided in part:

> ORDERED that counsel for Appellee, David J. Stern, Esq. shall show cause within ten days from the date hereof, why he shouldn't be sanctioned for failing to comply with the Court's December 7, 2010 Order.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit N** is a

copy of the Order dated January 10, 2011.)

108.   David J. Stern failed to file any response to the 5th DCA's January 10, 2011 Order.

109.   On or about January 27, 2011, the 5th DCA issued an order in <u>Wilder v. Deutsche Bank</u> reflecting copies to David J. Stern, Esq. by certified mail and to Paul D. Wilder that provided:

> ORDERED that attorney David J. Stern shall personally appear before this Court at 10:00 a.m., Thursday February 24, 2011, to show cause why he should not be sanctioned for failing to comply with this Court's December 7, 2010 and January 10, 2011 Orders.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit O** is a copy of the Order dated January 27, 2011.)

110.   The 5th DCA's January 27, 2011 Order directing David J. Stern to personally appear on February 24, 2011 was received in his office, as reflected by the certified mail receipt dated January 31, 2011. (Attached hereto and incorporated herein as **The Florida Bar Exhibit P** is a copy of the certified mail receipt dated January 31, 2011.)

111.   David J. Stern failed to appear before the 5th DCA on February 24, 2011.

112.   David J. Stern did not provide any explanation to the 5th DCA for his failure to appear on February 24, 2011.

113.   On or about February 25, 2011, the 5th DCA issued an order in <u>Wilder v. Deutsche Bank</u> reflecting copies to The Florida Bar (with copy of orders), David

48

J. Stern, Esq., Paul D. Wilder, and Deutsche Bank National Trust Company that

provided:

> ORDERED that David J. Stern, Esq. is hereby referred to The
> Florida Bar, for investigation and consideration of appropriate
> disciplinary action for failing to comply with the December 7, 2010
> and January 10, 2011 Orders of this Court and failing to personally
> appear before the Court in compliance with the Court's January 27,
> 2011 Order.  Copies of the relevant Orders are provided herewith to
> The Florida Bar.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit Q** is a

copy of the Order dated February 25, 2011 and attachments.)

114.   On or about February 25, 2011, Susan Wright, Clerk of the 5th DCA

wrote to The Florida Bar, at the direction of the 5th DCA referring David J. Stern

for appropriate disciplinary action for failures to comply with court orders and

failing to appear.  (Attached hereto and incorporated herein as **The Florida Bar**

**Exhibit R** is a copy of Susan Wright's letter dated February 25, 2011 and

enclosures.)

115.   Even after the 5th DCA entered the February 25, 2011 Order referring

the matter to The Florida Bar for investigation and consideration of appropriate

disciplinary action, David J. Stern has never provided any response to the 5th DCA

for his failures to comply and appear.

116.   Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-3.4(c) [A lawyer shall not knowingly disobey an obligation

under the rules of a tribunal except for an open refusal based on an assertion that

no valid obligation exists.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do

so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage

in conduct in connection with the practice of law that is prejudicial to the

administration of justice, including to knowingly, or through callous indifference,

disparage, humiliate, or discriminate against litigants, jurors, witnesses, court

personnel, or other lawyers on any basis, including, but not limited to, on account

of race, ethnicity, gender, religion, national origin, disability, marital status, sexual

orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT XII
[The Florida Bar File No. 2011-50,213(17I)]

117.   The Law Offices of David J. Stern, P.A. represented the plaintiff,

GMAC in its foreclosure action against Pablo Guerra, et al. in Miami-Dade

County, Florida, Case No. 2008CA062193 (hereinafter referred to as GMAC v.

Guerra) beginning on or about October of 2008.

118.   On or about November of 2008, Pablo Guerra was served with the

lawsuit filed by the Law Offices of David J. Stern, P.A on behalf of GMAC.

119.   Pablo Guerra, who was served with process, had the same name as the

debtor, but was not the debtor.  He was "the wrong" Pablo Guerra.

120.   On or about November 21, 2008, counsel for Guerra spoke with an

associate of the Stern law firm by telephone to apprise of the error.

121.   A Stern associate advised Mr. Guerra's attorney to provide a copy of

his client's driver's license and social security information to confirm that "the

wrong" Pablo Guerra was served with process.

122.   According to the Stern associate, upon receipt and confirmation of the

requested identifying information, "the wrong" Pablo Guerra would be removed as

a defendant.

123.   On or about November 21, 2008, Mr. Guerra's attorney promptly provided the requested information together with a letter to the same associate from the Law Offices of David J. Stern, P.A. (Attached hereto and incorporated herein as **The Florida Bar Exhibit S** is a copy of the letter and attachment from Mr. Guerra's attorney dated November 21, 2008.)

124.   Despite immediate compliance with the Stern associate's requested identifying information, "the wrong" Pablo Guerra continued to receive documents from the case.

125.   On or about June 23, 2009, Mr. Guerra's attorney sent another letter to the Stern law firm once again seeking the firm's assistance with regard to the firm's suing and moving for summary judgment against "the wrong" Pablo Guerra. (Attached hereto and incorporated herein as **The Florida Bar Exhibit T** is a copy of the letter and attachment from Mr. Guerra's attorney dated June 23, 2009.)

126.   Despite Mr. Guerra's attorney's repeated requests for the Stern law firm to correct their known mistake, "the wrong" Pablo Guerra continued to be copied on documents filed by the Stern law firm in the foreclosure case despite assurances by multiple Stern law firm employees that the mistake would be corrected.

127.   On or about July 27, 2010, Mr. Guerra's attorney once again communicated this error to the Stern law firm and sent a certified letter directly to

David J. Stern outlining the numerous failed efforts to correct the Stern law firm's

wrongful pursuit of his client, "the wrong" Pablo Guerra. (Attached hereto and

incorporated herein as **The Florida Bar Exhibit U** is a copy of the letter and

attachment from Mr. Guerra's attorney dated July 27, 2010.)

128.   On or about October 27, 2010, the court awarded attorneys' fees to

"the wrong" Pablo Guerra, as a result of the complete disregard shown for "the

wrong" Pablo Guerra and his attorney by the Law Offices of David J. Stern, P.A.

and found:

> Case is dismissed against Pablo Guerra.  In November 21, 2008, Stern
> firm was advised that they had served the wrong Pablo Guerra and yet
> failed to secure service on the proper Defendant or investigate and
> further submitted the case for S.J. knowing about the issue. The Court
> took testimony from Pablo Guerra served at 1004 NE 24th Ave.,
> Hallandale, FL 33009.  The testimony established he has no
> relationship with this property in Homestead or the borrowers.  The
> Court awards fees to Mr. Guerra as a sanction [unreadable] an
> amount.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit V** is a

copy of the Order dated October 27, 2010.)

129.   In respondent's capacity as managing attorney and sole shareholder of

the Law Offices of David J. Stern, P.A. and in charge of all of the functions and

activities, practices and procedures of the Stern law firm, respondent either knew

or should have known that members of the Bar representing litigants could not

effectively communicate with members of the Stern staff in their efforts to resolve issues which would ameliorate prejudice to the administration of justice.

130.  In respondent's performance of his duties and responsibilities as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A., respondent failed to make a reasonable effort to ensure that the firm had measures in effect that would provide reasonable assurance that the professional conduct of those handling the firm's files was compatible with the professional obligations and standards conferred on them by the Rules Regulating The Florida Bar.

131.  Wherefore, by reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.]; 3-4.3 [The standards of professional conduct to be observed by members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and promptness in representing a client.]; 4-5.1(a) [Duties Concerning Adherence to Rules of Professional Conduct. A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers therein conform to the Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.]; 4-5.1(c) [Responsibility for Rules Violations. A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-5.3(b) [With respect to a nonlawyer employed or retained by or associated with a lawyer or an authorized business entity as defined elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial

55

authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer; (2) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or (B) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties delegated to them by the lawyer without the presence or active involvement of the lawyer, the lawyer shall review and be responsible for the work product of the paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference,