**Hearing Date:  May 14, 2013 at 10:00 a.m. (ET)**
**Objection Deadline:  May 8, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                             )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,        )    Chapter 11
                                                             )
                                    Debtors.          )    Jointly Administered
                                                             )
------------------------------------------------------------ )

**DEBTORS' OBJECTION AND RESERVATION OF RIGHTS**
**WITH RESPECT TO MOTION FOR RELIEF FROM STAY**
**FILED ON BEHALF OF PHILLIP ROGER FLINN II [DOCKET NO. 3134]**

Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession

in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this

objection and reservation of rights (the "**Objection**") to the *Motion for Relief From Stay,* filed on

behalf of Phillip Roger Flinn II ("**Movant**"), on February 14, 2013 [Docket No. 3134] (the

"**Motion**").  In support hereof, the Debtors respectfully represent as follows:

## OBJECTION

1.      Movant seeks relief from the automatic stay in order to defend and assert

claims and counterclaims in a post-petition lawsuit commenced by the Debtors and non-debtor

affiliate Ally Financial, Inc. against Movant and other defendants pending in the United States

District Court, Eastern District of Texas (the "**Texas Court**"), Case No. 4:12-CV-00600) (the

"**Texas Action**").  The Texas Action arises out of Movant's prior employment with the Debtors.

Movant is also a party to a post-petition administrative proceeding (the "**Unemployment**

**Compensation Proceeding**"), in which Movant is seeking an award of unemployment

compensation with the Texas Workforce Commission, and which award is being contested by

the Debtors.

2.      The Debtors are prepared to enter into a stipulation with the Movant (the

"**Stipulation**") substantially in the form attached as **Exhibit 1** hereto.  Pursuant to the Stipulation

the Debtors will consent to a modification of the automatic stay, to the extent necessary, to

permit Movant to prosecute alleged pre-petition claims against the Debtors relating to or arising

from the Texas Action and the Unemployment Compensation Proceeding, including, any related

appeals in such actions.  The Stipulation further provides that (i) the Movant shall not take any

action to execute, enforce or collect against the Debtors any judgment obtained by Movant with

1

respect to such claims and (ii) such actions will be the sole proceedings for the resolution and liquidation of any of Movant's general unsecured pre-petition claim against the Debtors.

3.      The Debtors are optimistic that the Debtors and Movant can agree upon a mutually acceptable stipulation in resolution of the Motion; however, as of the deadline to file an objection to the Motion,[1] the parties had not yet reached an agreement.  Accordingly, the Debtors submit this Objection out of an abundance of caution and in order to preserve their rights with respect to the Motion.

4.      Section 362(d)(1) of the Bankruptcy Code provides that a court may grant relief from the automatic stay for "cause."  See 11 U.S.C. § 362(d)(1).  The moving party bears the initial burden to demonstrate that good cause exists for lifting the stay.[2]  The movant's burden is especially heavy if it is an unsecured creditor.  "The general rule is that claims that are not viewed as secured in the context of § 362(d)(1) should not be granted relief from the stay unless extraordinary circumstances are established to justify such relief."[3]

5.      The Debtors believe the Stipulation provides stay relief to the extent Movant would otherwise be entitled to relief for "cause" as such term is used in section362(d)(1).  The Debtors submit that Movant has not established cause for any further relief.[4]

---

[1]     Movant consented to a limited extension of the Debtors' objection deadline to 4 p.m. (ET) on May 8, 2013.

[2]     See Sonnax Indus., Inc. v. Tri Component Prods. (In re Sonnax Indus., Inc.), 907 F.2d 1280, 1285 (2d Cir. 1990).  See also Capital Commc'ns Fed. Credit Union v. Boodrow (In re Boodrow), 126 F.3d 43, 48 (2d Cir. 1997) ("We have emphasized that a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause.") (quotation omitted).

[3]     In re Leibowitz, 147 B.R. 341, 345 (Bankr. S.D.N.Y. 1992); see also In re Motors Liquidation Co., No. 10 Civ. 36 (RJH), 2010 WL 4966018 (S.D.N.Y. Nov. 17, 2010).

[4]     On or about November 5, 2012, Flinn filed a proof of claim against Debtor Residential Capital, LLC, reflected as Claim No. 2401 on the official claims register maintained by the Debtors' claims and noticing agent.

2

## RESERVATION OF RIGHTS

6.      By this Objection, the Debtors reserve all rights to contest the relief

requested in the Motion in the event the parties do not reach agreement and the hearing on the

Motion goes forward.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an

Order denying the Motion with the exception of the relief to which the Debtors are prepared to

stipulate, and grant such other relief as the Court deems proper.


New York, New York                  /s/ Norman S. Rosenbaum
Dated: May 8, 2013                  Gary S. Lee
                                    Norman S. Rosenbaum
                                    Erica J. Richards
                                    MORRISON & FOERSTER LLP
                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                    Telephone: (212) 468-8000
                                    Facsimile: (212) 468-7900

                                    *Counsel to the Debtors and
                                    Debtors in Possession*

3

# <u>EXHIBIT 1</u>

# <u>Proposed Stipulation</u>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- )
In re:                                                       )      Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                     )      Chapter 11
                                                             )
                                       Debtors.              )      Jointly Administered
                                                             )
------------------------------------------------------------- )

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

This Stipulation and Order (the "<u>Stipulation and Order</u>") is made and entered into by,

between and among Residential Capital, LLC and GMAC Mortgage, LLC (the "<u>Debtors</u>") on the

one hand, and Phillip Roger Flinn II ("<u>Flinn</u>") on the other.  Flinn and the Debtors are referred to

herein collectively as the "<u>Parties</u>" and each, as a "<u>Party</u>".

**<u>WHEREAS</u>**:

A.      On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary

petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>").

B.      The Debtors are managing and operating their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.

C.      Flinn's employment with the Debtors was terminated on or about September 14,

2012.

D.      On September 21, 2012, the Debtors and a non-debtor affiliate filed a complaint

commencing a post-Petition Date lawsuit against Flinn, and, subsequently, additional defendants,

in the United States District Court, Eastern District of Texas (the "<u>Texas Court</u>") in case no.

4:12-CV-00600, (the "<u>Action</u>"), which complaint has been subsequently amended to add

additional causes of action related to Flinn's employment by the Debtors and seeking damages

from Flinn.

      E.      On or about November 5, 2012, Flinn filed a proof of claim against Debtor

Residential Capital, LLC, reflected as Claim No. 2401 on the official claims register maintained

by the Debtors' claims and noticing agent (the "Proof of Claim").

      F.      On November 5, 2012, in a post-Petition Date administrative proceeding (the

"Unemployment Compensation Proceeding"), Flinn sought to appeal the denial of an award of

unemployment compensation with the Texas Workforce Commission related to the termination

of Flinn's employment by Debtors.  After an initial adverse ruling from the tribunal, Flinn

obtained a favorable ruling from the Texas Workforce Commission which ruling is now being

contested by the Debtors.

      G.      Flinn wishes to assert various claims, counterclaims, affirmative defenses, rights

and interests against the Debtors relating to the Action and the Unemployment Compensation

Proceeding (collectively, the "Claims").  The prosecution or enforcement of such Claims or

proceedings may be subject to the automatic stay imposed by section 362(a) of the Bankruptcy

Code as a result of the commencement of the Debtors' chapter 11 cases.

      H.      On February 14, 2013, Flinn filed the Motion for Relief from Stay [Docket No.

3134] (the "Motion for Stay Relief"), pursuant to which Flinn sought relief from the automatic

stay imposed by section 362(a) of the Bankruptcy Code in order to assert various claims,

counterclaims and defenses in the Action.

      I.      The Parties have reached agreement under which the Debtors shall consent to a

modification of the automatic stay pursuant to section 362(a) of the Bankruptcy Code to permit

Flinn to prosecute all alleged Claims against the Debtors relating to or arising from the Action

Stipulation and Order Pursuant to 11 U.S.C. § 362(d)
Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a), Page **2**
ny-1086623 v6

and the Unemployment Compensation Proceeding, including, but not limited to, any removal,

refilling, or appeal in the Action or the Unemployment Compensation Proceeding (collectively,

the "Permitted Actions").


NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and among the

Parties, as follows:

**AGREEMENT:**

1.      The automatic stay imposed by section 362(a) of Bankruptcy Code, to the extent

applicable, shall be modified solely for the limited purpose of permitting Flinn to prosecute the

Claims in the Permitted Actions.

2.      Absent further order of this Court, Flinn shall not take any action to execute,

enforce or collect against the Debtors any judgment obtained by Flinn with respect to his Claims.

3.      This Stipulation and Order shall not be deemed or interpreted to be an admission

by any Party hereto of any of the matters set forth in this Stipulation and Order or otherwise,

including, without limitation, the extent, nature, validity, and priority of the Proof of Claim, and

the Parties reserve all rights with respect thereto.

4.      The Parties agree that the Permitted Actions shall be the sole proceedings in

which to resolve the Proof of Claim and that the Proof of Claim shall be limited to the amount of

any final judgment against the Debtors obtained in the Permitted Actions; provided, however,

that the foregoing is without prejudice to Flinn's right to seek allowance of an administrative

expense claim against the Debtors' estates.  Flinn shall amend the Proof of Claim to reflect that

portion of any final judgment applicable to the Proof of Claim, if any, obtained in any Permitted

Action within twenty-one (21) days following the entry thereof.


Stipulation and Order Pursuant to 11 U.S.C. § 362(d)
Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a), Page **3**
ny-1086623 v6

5.      The term "Claims" shall be given its broadest interpretation in the law so as not to restrict or limit in any way, Flinn's right to assert any and all Claims whatsoever against the Debtors, to the extent set forth herein.

6.      The Stay Relief Motion is deemed moot and is hereby withdrawn.

7.      This Stipulation and Order shall not become effective unless and until it is entered by this Court.  In the event that this Court fails to authorize and approve the terms and conditions of this Stipulation and Order in its entirety, then this Stipulation and Order shall be null and void, have no further force and effect and nothing contained herein shall be construed or deemed to be a waiver of the rights to any Party hereto, which rights are expressly reserved.

8.      This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of this Court.

9.      This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

10.      Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

11.      This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12.      The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

Stipulation and Order Pursuant to 11 U.S.C. § 362(d)
Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a), Page **4**
ny-1086623 v6

13.     The Parties acknowledge that this Stipulation and Order was drafted jointly by the

Parties.

14.     This Court shall retain jurisdiction to resolve all matters relating to the

implementation of this Stipulation and Order, including the execution or collection of a judgment

obtained by Flinn against the Debtors.

*[Remainder of page intentionally left blank]*

Stipulation and Order Pursuant to 11 U.S.C. § 362(d)
Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a), Page **5**
ny-1086623 v6

Dated:  May __, 2013


RESIDENTIAL CAPITAL, LLC AND GMAC        PHILIP ROGER FLINN, II
MORTGAGE, LLC

_____        _____
Gary S. Lee                              Judith P. Kenney
Norman S. Rosenbaum                      Judith P. Kenney & Associates, P.C.
Erica J. Richards                        One Bent Tree Tower
MORRISON & FOERSTER LLP                   16475 Dallas Parkway, Suite 330
1290 Avenue of the Americas              Addison, Texas 75001-6870
New York, New York 10104                 Telephone:  (972) 713-6133
Telephone:  (212) 468-8000               Facsimile:  972) 818-0388
Facsimile:  (212) 468-7900

*Counsel for the Debtors*                 *Counsel for Philip Roger Flinn, II*



**APPROVED AND SO ORDERED**

this ___ day of _____, 2013 in New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE


Stipulation and Order Pursuant to 11 U.S.C. § 362(d)
Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a), Page **6**
ny-1086623 v6