MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew

*Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- )
                                                                    )
   In re:                                                           )    Case No. 12-12020 (MG)
                                                                    )
   RESIDENTIAL CAPITAL, LLC, et al.,                                )    Chapter 11
                                                                    )
                                     Debtors.                       )    Jointly Administered
                                                                    )
------------------------------------------------------------------- )

**DECLARATION OF TAMMY HAMZEHPOUR IN SUPPORT OF**
**DEBTORS' MOTION FOR AN ORDER PURSUANT TO**
**SECTION 503(c)(2) OF THE BANKRUPTCY CODE FIXING**
**STATUTORY CAP FOR SEVERANCE PAYMENTS TO CERTAIN INDIVIDUALS**

I, Tammy Hamzehpour, hereby declare:

1.      I am the Chief Business Officer of Residential Capital, LLC ("**ResCap**"), a debtor and debtor in possession in the above-captioned Chapter 11 cases. ResCap is the ultimate parent of the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively with ResCap, the "**Debtors**"). I have held my current title since February 2013, and until then had been General Counsel since October 2007. Since joining ResCap in 1998, I have held various legal positions covering both Mergers & Acquisitions and ResCap's International Business Group.

1

ny-1089588

2. I submit this declaration in support of the Debtors' Motion for an Order pursuant to Section 503(c)(2) of the Bankruptcy Code Fixing Statutory Cap For Severance Payments To Certain Individuals (the "**Motion**").[1]

3. In my former capacity as General Counsel and my current capacity as Chief Business Officer, I am familiar with the Debtors' business and day-to-day affairs during this bankruptcy. All statements in this Declaration are based upon my personal knowledge, the files of the Debtors, and/or my discussions with employees and advisors of the Debtors. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

4. The Debtors' "nonmanagement" employee headcount on January 1, 2013 was 3,891. The collective severance benefits for this group, as of January 31, 2013, is $52,934,057. Accordingly, the mean severance pay for the Debtors' nonmanagement population is $13,604.23. These data points and calculations were provided to the Creditors' Committee and the U.S. Trustee on February 6, 2013 in connection with certain of the Debtors' prior severance notifications consistent with the terms of the Final Order.

5. In connection with the separation of another insider earlier in the year, the Debtors engaged in discussions with the U.S. Trustee about the calculation of the statutory cap. During those discussions, the Debtors provided the U.S. Trustee with the calculations supporting the $136,042.30 statutory cap. At the time, the U.S. Trustee questioned whether the Debtors' calculation of the statutory cap was consistent with the statute. The Debtors corresponded with the U.S. Trustee on the matter and explained why the proposed calculation was correct. Ultimately, the U.S. Trustee did not contest the Debtors' severance payment to an insider at the

---

[1] Unless otherwise defined, capitalized terms used herein have the meanings ascribed to them in the Motion.

2

ny-1089588

statutory cap level being advocated by the Debtors (i.e., $136,042.30), but rather, reserved her rights with respect to any future payments by the Debtors to insiders and non-insiders.

      6.      On April 22, 2013, pursuant to the terms of the Final Order, the Debtors provided written notice to the Creditors' Committee and the U.S. Trustee that it intended to provide severance payments to the two individuals in the Executive KEIP, each in the amount of approximately $136,000, because each of the individuals in the Executive KEIP are entitled to sums well in excess of the $136,000 cap (as calculated by the Debtors).

      7.      On April 29, 2013, in an effort to avoid the cost and expense of preparing and prosecuting this Motion, Debtors' counsel called the U.S. Trustee to inquire as to whether the U.S. Trustee took issue with the Debtors' proposed severance payments. Debtors' counsel offered to work through any questions with the hope that the parties could submit a stipulated order to the Court. However, rather than engage with the Debtors, the U.S. Trustee requested that the Debtors file the instant motion.

      8.      In these Chapter 11 cases, [REDACTED], which yields a mean severance payment of $9,712.19

      9.      Employee #1 has worked with the Debtors for twenty years, working his way up to a senior executive position. He has rightfully earned a severance payment of $[REDACTED].[2]

      10.      Employee #2 has worked with the Debtors for three years. He rightfully earned a severance payment of $[REDACTED].[3]

---

[2] If he separates from the Debtors before the end of May, he will have earned a base salary of $[REDACTED] plus a KEIP award of up to $[REDACTED] through the end of May (or $[REDACTED] through the end of June – assuming he meets the designated metrics).

[3] He separated from the Debtors on May 3 and earned a base salary of $[REDACTED] plus a KEIP award of $[REDACTED].

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on May 8, 2013 in New York, New York.

/s/ Tammy Hamzephour
Tammy Hamzehpour
Chief Business Officer
Residential Capital, LLC

4

ny-1089588