Presentment Date and Time: **May 16, 2013 at 12:00 p.m. (ET)**
Objection Deadline: **May 15, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Samantha L. Martin

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
RESOLVING THE MOTION OF GARY CORTS FOR RELIEF FROM STAY**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Order Resolving the Motion of Gary Corts for Relief from Stay* (the "**Stipulation and Order**"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **May 16, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

ny-1089759                                     1

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **May 15, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Esq., Norman S. Rosenbaum, Esq. and Samantha L. Martin, Esq.); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Esq. Linda A. Riffkin, Esq. and Brian S. Masumoto, Esq.); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr., Esq.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri, Esq.); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attention: Ken Ziman, Esq. & Jonathan H. Hofer, Esq.); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein, Esq. & Greg Horowitz, Esq.); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco, Esq. and Adam Lesman, Esq.); (j) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper, Esq. and Seth Goldman, Esq.); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA

ny-1089759                                              2

19104-5016); (l) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (m) counsel to Gary Corts, Saffioti & Anderson, 5031 Route 9W, Newburgh, NY 12550 (Attention: Joseph M. Saffioti, Esq.).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: May 9, 2013　　　　　　　　　　　　　Respectfully submitted,
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　/s/ Norman S. Rosenbaum
　　　　　　　　　　　　　　　　　　　　　　Gary S. Lee
　　　　　　　　　　　　　　　　　　　　　　Norman S. Rosenbaum
　　　　　　　　　　　　　　　　　　　　　　Samantha L. Martin
　　　　　　　　　　　　　　　　　　　　　　MORRISON & FOERSTER LLP
　　　　　　　　　　　　　　　　　　　　　　1290 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　　New York, New York 10104
　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 468-8000
　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 468-7900

　　　　　　　　　　　　　　　　　　　　　　*Counsel for the Debtors and*
　　　　　　　　　　　　　　　　　　　　　　*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER RESOLVING THE MOTION OF**
**GARY CORTS FOR RELIEF FROM STAY**

**WHEREAS**, on May 14, 2012 (the "Petition Date"), Residential Capital, LLC and its affiliated debtor entities in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed in this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

**WHEREAS**, on March 14, 2013, Gary Corts ("Movant") filed the *Motion for Relief from the Effect of Section 362 of the Bankruptcy Code Authorizing the Movant to Serve GMAC Mortgage, LLC, In An Action to Quiet Title to a Parcel of Real Property Previously Encumbered by a Mortgage Held By the Debtor, But Now Foreclosed* [Docket No. 3184] (the "Motion"), seeking entry of an order directing that the automatic stay be modified and vacated so as to permit Movant to prosecute his quiet title action against GMAC Mortgage, LLC ("GMACM") related to the real property located at 15 Dogwood Drive, Central Valley, New York 10917 (the "Property");

**WHEREAS**, Movant alleges that, in 2009, the County of Orange commenced an action in the Supreme Court of the State of New York (the "Supreme Court") seeking to foreclose tax

ny-1089513

liens upon the Property;

**WHEREAS**, Movant alleges that, on June 28, 2011, the Supreme Court entered a judgment authorizing the requested foreclosure (the "Judgment");

**WHEREAS**, Movant alleges that, on or about July 6, 2011, Joel Kleinman, Commissioner of Finance of the Orange County Finance Department, executed a deed conveying the Property to the County of Orange in accordance with the Judgment;

**WHEREAS**, Movant alleges that, on or about September 22, 2011, the County of Orange conveyed the Property to Movant;

**WHEREAS**, Movant alleges that, due to the lack of a formal discharge of the Debtor's mortgage, which was secured by the Property, he was unable to obtain a policy of fee title insurance;

**WHEREAS**, on or about September 17, 2012, Movant commenced a quiet title action in the Supreme Court, bearing Index No. 2012-008004 (the "Action"), and subsequently learned about the commencement of the Debtors' chapter 11 cases;

**WHEREAS**, on July 13, 2012, this Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order"), which provides, in pertinent part:

2

ny-1089513

> except as otherwise set forth herein, a Third Party Claimant shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor in connection with any Title Dispute, and to prosecute appeals with respect to any such direct claims or counter-claims;

Supplemental Servicing Order ¶ 17(a).

**WHEREAS**, Movant and the Debtors (collectively, the "Parties") have conferred, and the Debtors are of the view that Movant's request to continue his prosecution of the Action is within the ambit of the relief granted by the Supplemental Servicing Order; nonetheless, to the extent the relief requested is not addressed by the Supplemental Servicing Order, the Debtors are prepared to stipulate to stay relief to the limited extent set forth herein.

NOW THEREFORE, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, that:

1. The automatic stay of Bankruptcy Code section 362(a) shall be modified solely to the extent set forth herein.

2. Movant may prosecute the Action and name GMACM as a named defendant solely for the purposes of seeking to quiet title to the Property in the Movant, but for no other purpose.

3. Movant shall not assert against the Debtors any claims for monetary damages, or any other equitable relief, in the Action or file a proof of claim or request for payment of an administrative expense claim in the Debtors' chapter 11 cases for any alleged damages alleged to have arisen out of the facts and circumstances to be addressed in the Action or with respect to the Property and any of the Debtors' interest therein.

4. This Stipulation and Order shall not prejudice the Debtors' right to defend against the Action and the Debtors reserve all rights to do so.

5. This Stipulation and Order shall not be deemed to be or constitute a

3

ny-1089513

modification of the automatic stay, except as otherwise expressly provided herein with respect to Movant. In all other respects, the automatic stay shall remain in full force and effect with respect to any other parties who may be named in or who otherwise intervene in the Action.

6. This Stipulation and Order shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment, or vacation in whole or part shall be subject to the approval of this Court.

7. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

8. Each person who executes this Stipulation and Order on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such party.

9. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

10. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

11. This Stipulation and Order shall be of no force or effect unless and until it is approved by the Court.

12. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

Agreed to this 9th day of May, 2013.

4

ny-1089513

GMAC MORTGAGE, LLC

By: /s/ Gary S. Lee
Gary S. Lee
Norman S. Rosenbaum
Samantha Martin
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for Debtors
and Debtors in Possession*

GARY CORTS

By: /s/ Joseph M. Saffioti
Joseph M. Saffioti
**SAFFIOTI & ANDERSON**
5031 Rt. 9W
Newburgh, NY 12550
Telephone: (845) 562-3500
Facsimile: (845) 562-3117

*Counsel for Gary Corts*

Approved and So Ordered
this ___ day of May, 2013 in New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE