MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------
|
In re:                                                 )    Case No. 12-12020 (MG)
                                                       )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                   )    Chapter 11
                                                       )
                                        Debtors.       )    Jointly Administered
                                                       )
-------------------------------------------------------

**PROPOSED AGENDA FOR MATTERS SCHEDULED
TO BE HEARD ON MAY 14, 2013 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY 10004-1408

**I.      WITHDRAWN MATTERS**

**1.**      Motion of Selene Finance for Relief from the Automatic Stay Under 11 U.S.C. § 362 [Docket No. 3329]

        **Related Documents**:

        **a.**      Letter/Notice of Withdrawal of Motion of Selene Finance for Relief from the Automatic Stay Under 11 U.S.C. § 362 [Docket No. 3496]

        **Status**:    This matter has been withdrawn.  No hearing is required.

**II.     RESOLVED MATTERS**

**1.**      Motion of Philip Roger Flinn, II for Relief from Automatic Stay [Docket No. 3134]

**Related Documents**:

a.          Notice of Hearing on Motion of Philip Roger Flinn, II for Relief from
            Automatic Stay [Docket No. 3410]

**Responses**:

a.          Debtors' Objection and Reservation of Rights with Respect to Motion for
            Relief from Stay Filed on Behalf of Phillip Roger Flinn II [Docket No.
            3134] [Docket No. 3655]

**Status**:     A stipulation has been submitted to chambers.  No hearing is required.

2.    Motion of Gary Corts to Vacate the Stay [Docket No. 3184]

**Related Documents**:

a.          Notice of Amended Hearing Date on Motion by Gary Corts to Vacate Stay
            [Docket No. 3247]

b.          Notice of Adjournment of Hearing of Motion of Gary Corts to Vacate the
            Stay to May 14, 2013 at 10:00 a.m. [Docket No. 3533]

c.          Notice of Presentment of Stipulation and Order Resolving the Motion of
            Gary Corts for Relief from Stay [Docket No. 3669]

**Responses**:       None.

**Status**:     A notice of presentment of stipulation resolving this matter has been filed
            with the Court.  No hearing is required.

3.    Motion of Marc and Myschelle Combs for Relief or Modification of the Automatic
      Stay [Docket No. 3314]

**Related Documents**:

a.          Notice of Adjournment of Hearing on Motion of Marc and Myschelle
            Combs for Relief or Modification of the Automatic Stay to May 14, 2013
            at 10:00 a.m. [Docket No. 3502]

b.          Notice of Presentment of Stipulation and Consent Order Resolving the
            Motion of Marc Combs and Myschelle Combs for Relief from Stay
            [Docket No. 3619]

**Responses**:       None.

**Status**:     A notice of presentment of stipulation resolving this matter has been filed
            with the Court.  No hearing is required.

III.    **ADJOURNED MATTERS**

1.    Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an
Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)
[Docket No. 2401]

**Related Documents**:

a.    Notice of Motion of Connecticut Housing Finance Authority ("CHFA") for
the Entry of an Order Granting Relief from the Automatic Stay Pursuant to
11 U.S.C. § 362(d) [Docket No. 2421]

b.    [Proposed] Order Granting Connecticut Housing Finance Authority
("CHFA") Relief from the Automatic Stay, for Cause, Pursuant to 11
U.S.C. §§ 105 & 362(d) [Docket No. 2422]

c.    Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to January 29,
2013 at 10:00 a.m. [Docket No. 2624]

d.    Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 7,
2013 at 10:00 a.m. [Docket No. 2729]

e.    Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 28,
2013 at 2:00 p.m. [Docket No. 2848]

f.    Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to March 21, 2013
at 10:00 a.m. [Docket No. 3008]

g.    Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to April 30, 2013
at 10:00 a.m. [Docket No. 3239]

h.    Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to May 14, 2013
at 10:00 a.m. [Docket No. 3539]

i.    Notice of Adjournment of Hearing of Hearing on Motion of Connecticut
Housing Finance Authority ("CHFA") for the Entry of an Order Granting

Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to June 12, 2013 at 10:00 a.m. [Docket No. 3682]

**Responses**:

a.  Debtors' Response and Reservation of Rights to Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2623]

**Status**:  The hearing on this matter has been adjourned to June 12, 2013.

2.  Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3475]

**Related Documents**:

a.  Corrected Notice of Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3524]

b.  Order Granting Application of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC, Pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure, to File its Motion to Prosecute Claims and Other Causes of Action of the Residential Capital, LLC Estate Under Seal [Docket No. 3583]

c.  Notice of Presentment and Application to File Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate Under Seal [Docket No. 3601]

d.  Notice of Presentment of Application of Ally Financial Inc. To File Its Objection To The Motion Of Wilmington Trust, National Association, Solely In Its Capacity As Indenture Trustee For The Senior Unsecured Notes Issued By Residential Capital, LLC For An Order Authorizing It To Prosecute Claims And Other Causes Of Action On Behalf Of The Residential Capital, LLC Estate Under Seal [Docket No. 3638]

e.  Notice of Adjournment of Wilmington Trust, National Association's Motion for an Order Authorizing It to Prosecute Claims and Other Causes

of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3661]

**Responses**:

a.   Omnibus Objection of the Ad Hoc Group of Junior Secured Noteholders to (I) the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates and (II) the Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3563]

b.   Debtors' Limited Objection and Reservation of Rights with Respect to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3598]

c.   Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3602]

d.   Objection to Motion Objection of the Steering Committee Group of RMBS Holders to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3637]

e.   Ally Financial Inc.'s Objection To The Motion Of Wilmington Trust, National Association, Solely In Its Capacity As Indenture Trustee For The Senior Unsecured Notes Issued By Residential Capital, LLC For An Order Authorizing It To Prosecute Claims And Other Causes Of Action On Behalf Of The Residential Capital, LLC Estate Under Seal [Docket No. 3639]

f.   Objection of the Official Committee of Unsecured Creditors to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3657]

**Status**:   The hearing on this matter has been adjourned to June 12, 2013.

3.      Plaintiffs' [New Jersey Carpenters Health Fund, et al.] Motion for Order Certifying
        Class for Purposes of Class Claims Pursuant to Federal Rules of Bankruptcy
        Procedure 7023 and 9014(c) [Docket No. 3480]

        **Related Documents**:

        a.      Memorandum of Law in Support of Plaintiffs' Motion for Order Certifying
                Class for Purposes of the Class Claims Pursuant to Federal Rule of
                Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3481]

        b.      Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for
                Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy
                Procedure 7023 and 9014(c) [Docket No. 3663]

        **Responses**:      None.

        **Status**:      The hearing on this matter has been adjourned to June 12, 2013.

4.      Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited
        Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order
        [Docket No. 3511]

        **Related Documents**:

        a.      Declaration of Constance Boland in Support of the Motion of U.S. Bank
                National Association, as Indenture Trustee, Seeking Discovery from the
                Debtor and Relief from the Stay Imposed by the FHFA Order [Docket No.
                3512]

        b.      Memorandum of Law in Support of U.S. Bank National Association, as
                Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief
                from Stay Imposed by the FHFA [Docket No. 3513]

        **Responses**:      None.

        **Status**:      The stipulation and order resolving this motion on an interim basis will be
                submitted and the hearing is being adjourned to June 12, 2013 at 10:00
                a.m.

## IV.      ADJOURNED ADVERSARY PROCEEDING MATTERS

## Solano v. GMAC Mortgage, LLC (Adv. Proc. No. 13-01255)

1.      Pre-Trial Conference in Adversary Proceeding

        **Related Documents**

        a.      Complaint to Determine Dischargeability of Debt [Docket No. 1]

  **b.**    Summons with Notice of Pre-Trial Conference [Docket No. 2]

  **c.**    Letter from Norman S. Rosenbaum to Judge Glenn Requesting an Extension of Deadline to Respond in Adversary Proceeding [Docket No. 3]

  **d.**    Stipulation and Order Between Julio Solano and GMAC Mortgage, LLC [Docket No. 4]

  **e.**    Letter from Norman S. Rosenbaum to Judge Glenn Requesting an Extension of Deadline to Respond in Adversary Proceeding [Docket No. 6]

  **f.**    Order Extending Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 7]

  **g.**    Notice of (I) Adjournment of Hearings on (A) Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation and (B) Motion to Extend Time for Julio Solano to File Proof of Claim to June 12, 2013 at 10:00 a.m. and (II) Abeyance of Adversary Proceeding Pending Continued Hearing [Docket No. 10]

  **Status**:  The pre-trial conference on this matter has been adjourned to a date to be determined.

## American Residential Equities, LLC v. GMAC Mortgage, LLC (Adv. Proc. No. 12-01934)

**1.**    Pre-Trial Conference in Adversary Proceeding

  **Related Documents**:

  **a.**    Adversary Complaint [Docket No. 1]

  **b.**    Summons and Notice of Pre-Trial Conference [Docket No. 2]

  **c.**    Stipulation and Order Between American Residential Equities, LLC and GMAC Mortgage, LLC [Docket No. 7]

  **d.**    Exhibits A and B to Adversary Complaint [Docket No. 9]

  **e.**    Second Summons and Notice of Pre-Trial Conference [Docket No. 11]

  **f.**    Stipulation and Order Between American Residential Equities, LLC and Balboa Insurance Company [Docket No. 17]

  **g.**    Debtors' Motion for Dismissal of Adversary Proceeding [Docket No. 18]

  **h.**    Corporate Ownership Statement of Balboa Insurance Company [Docket No. 21]

i.      Balboa Insurance Company's Motion for Dismissal of Adversary
        Proceeding [Docket No. 22]

j.      Stipulation and Order Regarding Briefing and Hearing Schedules [Docket
        No. 23]

k.      Plaintiff's Memorandum of Law in Opposition to Debtors' Motion for
        Dismissal [Docket No. 25]

l.      First Amended Complaint [Docket No. 26]

m.      Amended Summons with Notice of Pre-Trial Conference [Docket No. 27]

n.      Stipulation and Order Regarding Briefing and Hearing Schedules [Docket
        No. 30]

o.      Stipulation Extending the Time for Defendant Ally Financial Inc. to
        Respond to the First Amended Complaint [Docket No. 32]

p.      Defendant Balboa Insurance Company's Notice of Motion and
        Memorandum of Law in Support of its Motion to Dismiss the First
        Amended Complaint [Docket No. 33]

q.      Debtor's Motion for Dismissal of Adversary Proceeding [Docket No. 35]

**Status**:  A scheduling stipulation has been submitted to Chambers.  Pursuant to the
        proposed stipulation, the pre-trial conference on this matter for all parties
        will be adjourned to June 12, 2013.

## Lytle v. GMAC Mortgage LLC (Adv. Proc. No. 12-02069)

1.      Pre-Trial Conference in Adversary Proceeding

        **Related Documents**:

        a.      Complaint for Injunctive Relief, Sanctions and to Determine Nature and
                Extent of Liens Pursuant to 11 U.S.C. § 506(a) [Docket No. 1]

        b.      Summons with Notice of Pre-Trial Conference I [Docket No. 3]

        c.      Adversary Proceeding Cover Sheet [Docket No. 4]

        d.      Letter to Judge Glenn from Norman S. Rosenbaum Requesting an
                Extension of the Date by which all Defendants Must Answer or Otherwise
                Respond to the Complaint [Docket No. 5]

        e.      Order Extending Defendant's Deadline to Answer or Otherwise Respond to
                Adversary Complaint [Docket No. 6]

     **f.**      Defendant Katrina Jordan's Motion for Dismissal of Adversary Proceeding Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 8]

     **g.**      Letter from Norman S. Rosenbaum to Judge Glenn Requesting Second Extension of Deadline for GMAC Mortgage, LLC to Respond in Adversary Proceeding [Docket No. 14]

     **h.**      Second Order Extending Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 15]

     **i.**      Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 16]

     **Status**:     The pre-trial conference on this matter has been adjourned to a date to be determined.

## Universal Restoration Services, Inc. v. GMAC Mortgage, LLC (Adv. Proc. No. 13-01278)

**1.**     Universal Restoration Services, Inc.'s Adversary Complaint to Recover Money Pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure [Docket No. 1]

     **Related Documents**:

     **a.**      Summons with Notice of Pre-Trial Conference [Docket No. 2]

     **b.**      Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 3]

     **c.**      Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 5]

     **Responses**:     None.

     **Status**:     The pre-trial conference on this matter has been adjourned to June 12, 2013.

## V.  CONTESTED MATTERS

**1.**     Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3374]

     **Related Documents**:

     **a.**      Declaration of Marc D. Puntus in Support of Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3375]

  **b.**   Declaration of Jill Horner in Support of Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3394]

  **c.**   Notice of Filing of Exhibit 2 to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3437]

 **Responses**:

  **a.**   Statement of Citibank, N.A. with Respect to the Debtors' Motion for Entry of an Order to Permit the Debtors to Continue to Use Cash Collateral [Docket No. 3483]

  **b.**   Limited Objection of UMB Bank, N.A., as Successor Indenture Trustee, to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3498]

  **c.**   Ally Financial Inc.'s Limited Objection to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3623]

  **d.**   Limited Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3624]

  **e.**   Objection of Ad Hoc Group of Junior Secured Noteholders to Debtors Motion For Entry of Order to Permit Debtor To Continue Using Cash Collateral [Docket No. 3625]

  **f.**   Supplemental Statement of the Official Committee of Unsecured Creditors with Respect to the Objections of Ally Financial Inc. and the Ad Hoc Group of Junior Secured Noteholders to the Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3679]

 **Replies**:

  **a.**   Debtors' Omnibus Reply to Responses to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3678]

  **Status**:  The hearing on this matter will be going forward.

**2.**   Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 by MED&G Group, LP [Docket No. 2274]

**Related Documents**:

a.       Notice of Adjournment of Hearing on MED&G Group LP's Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 to February 7, 2013 at 10:00 a.m. [Docket No. 2723]

b.       Notice of Adjournment of Hearing on MED&G Group LP's Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 to February 28, 2013 at 2:00 p.m. [Docket No. 2831]

c.       Notice of Adjournment of Hearing on MED&G Group LP's Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 to March 21, 2013 at 10:00 a.m. [Docket No. 3053]

d.       Stipulation and Order Between MED&G Group LP and the Debtors [Docket No. 3491]

**Responses**:

a.       Debtors' Objection to Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 by MED&G Group, LP [Docket No. 2680]

**Status**:    The hearing on this matter will be going forward.

3.      Motion of Albina Tikhonov for Contempt of Bankruptcy [Docket No. 2627]

**Related Documents**:

a.       Notice of Hearing on Motion of Albina Tikhonov for Contempt of Bankruptcy [Docket No. 2784]

b.       Notice of Adjournment of Hearing on Motion of Albina Tikhonov for Contempt of Bankruptcy to April 11, 2013 at 10:00 a.m. [Docket No. 3166]

c.       Notice of Adjournment of Hearing on Motion of Albina Tikhonov for Contempt of Bankruptcy to April 30, 2013 at 10:00 a.m. [Docket No. 3355]

d.       Notice of Adjournment of Hearing on Motion of Albina Tikhonov for Contempt of Bankruptcy to May 14, 2013 at 10:00 a.m. [Docket No. 3509]

**Responses**:

a.       Debtors' Objection to Motion of Contempt of Bankruptcy Filed by Albina Tikhonov [Docket No. 3640]

b.       Objection of The Bank of New York Mellon Trust Company, N.A., and The Bank of New York Mellon, to Motion of Contempt of Bankruptcy

filed by Albina Tikhonov and Joinder to Debtors' Objection to Motion of Contempt of Bankruptcy filed by Albina Tikhonov [Docket No. 3641]

**Status**:    The hearing on this matter will be going forward.

4.    Sylvia Dadzie's Motion to Terminate the Automatic Stay [Docket No. 3383]

**Related Documents**:    None.

**Responses**:

a.    Debtors' Objection to Motion for Stay Relief Filed by Sylvia Dadzie [Docket No. 3636]

**Status**:    The hearing on this matter will be going forward.

5.    Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1357]

**Related Documents**:

a.    Notice of Filing Supplemental Exhibits to Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1527]

b.    Notice of Adjournment of Hearing [Docket No. 1556]

c.    Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1799]

d.    Second Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewatehouseCoopers LLP, for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 2622]

e.    Third Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate

PricewaterhouseCoopers, LLP for Compensation for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3062]

**f.**     Fourth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3290]

**g.**     Fifth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3425]

**h.**     Sixth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3543]

**<u>Responses</u>**:

**a.**     Limited Objection of Wilmington Trust, National Association to Debtors' Motion for Entry of an Order (I) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1465]

**b.**     Omnibus Objection of the Official Committee of Unsecured Creditors to (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

**c.**     Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

     **d.**        Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

     **a.**        Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket No. 1749]

     **Status**:    The final hearing on this motion will not be going forward. The Debtors intend to submit to the Court a seventh interim order authorizing continued interim approval.

**6.**     Debtors' Application for an Order Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Debtors to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 1426]

**Related Documents**:

     **a.**        Notice of Adjournment of Hearing [Docket No. 1556]

     **b.**        Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No. 1797]

     **c.**        Second Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 2621]

     **d.**        Third Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3061]

e.      Fourth Interim Order Authorizing the Retention and Employment of
Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date
[Docket No. 3291]

f.      Fifth Interim Order Authorizing the Retention and Employment of Pepper
Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No.
3423]

g.      Sixth Interim Order Authorizing the Retention and Employment of Pepper
Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No.
3545]

**Responses**:

a.      Omnibus Objection of the Official Committee of Unsecured Creditors to
(A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code
Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services in Furtherance of the Debtors' Compliance Obligations Under
Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
and (C) Hudson Cook Retention Application [Docket No. 1493]

b.      Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I)
PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson
Cook Retention Applications and (B) Status Report Regarding the
Committee's Related Discovery Requests [Docket No. 1573]

c.      Supplemental Objection of the Official Committee of Unsecured Creditors
to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code
Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services in Furtherance of the Debtors' Compliance Obligations Under
Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

a.      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order
(I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services and (II) Reaffirming Relief Granting in the GA Servicing Order
(B) Debtors' Application to Employ and Retain Hudson Cook, LLP as
Special Counsel, and (C) Debtors' Application to Employ and Retain

Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues [Docket No. 1749]

**Status**:     The final hearing on this motion will not be going forward.  The Debtors
intend to submit to the Court a seventh interim order authorizing continued
interim approval.

7.     Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule
2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Hudson Cook,
LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No.
1427]

**Related Documents**:

a.     Notice of Adjournment of Hearing [Docket No. 1556]

b.     Interim Order Authorizing the Retention and Employment of Hudson
Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
Petition Date [Docket No. 1798]

c.     Second Interim Order Authorizing the Retention and Employment of
Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tun*c to
the Petition Date [Docket No. 2620]

d.     Third Interim Order Authorizing the Retention and Employment of Hudson
Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
Petition Date [Docket No. 3063]

e.     Fourth Interim Order Authorizing the Retention and Employment of
Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to
the Petition Date [Docket No. 3292]

f.     Fifth Interim Order Authorizing the Retention and Employment of Hudson
Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
Petition Date [Docket No. 3424]

g.     Sixth Interim Order Authorizing the Retention and Employment of Hudson
Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
Petition Date [Docket No. 3544]

**Responses**:

a.     Omnibus Objection of the Official Committee of Unsecured Creditors to
(A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code
Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services in Furtherance of the Debtors' Compliance Obligations Under
Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted

in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

b.      Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

c.      Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

a.      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket No. 1749]

**Status**:    The final hearing on this motion will not be going forward.  The Debtors intend to submit to the Court a seventh interim order authorizing continued interim approval.

## VI.    **CURE OBJECTIONS HEARING**:

1.      **Sale Motion**:  Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto: (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]

**Related Documents**:

a.      **Sale Procedures Order**:  Order  Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of

Break-up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538]

**Cure Notices**

    **(i)**    Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924]

    **(ii)**    First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1459]

    **(iii)**    First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1484]

    **(iv)**    First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2076]

    **(v)**    Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2077]

**b.**    **Ocwen Sale Order**:  Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;, (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief [Docket No. 2246]

**c.**    **Ocwen APA**:  Ocwen Loan Servicing, LLC Asset Purchase Agreement (as attached as Exhibit 1 to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

    **d.**          **Berkshire Hathaway Sale Order**:  Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway, Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief [Docket No. 2247]

    **e.**          **Berkshire Hathaway APA**:  Berkshire Hathaway Inc. Amended and Restated Asset Purchase Agreement (as attached as <u>Exhibit 4</u> to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

**<u>Adjourned Cure Objection(s)</u>:**

    **a.**          Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors' Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 1623]

          **(i)**      Supplemental Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors' Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 2037]

          **(ii)**     Notice of Adjournment of Hearing on Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 3237]

          **(iii)**    Notice of Adjournment of Hearing on Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors Proposed Cure Amount and to Assumption and Assignment of Related Agreements to May 14, 2013 at 10:00 a.m. [Docket No. 3531]

          **(iv)**    Notice of Adjournment of Hearing on Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors Proposed Cure Amount and to Assumption and Assignment of Related Agreements to June 12, 2013 at 10:00 a.m. [Docket No. 3676]

        **<u>Status</u>**:     The hearing on this matter has been adjourned to June 12, 2013.

**Replies**:

    **a.**    Debtors' Omnibus Reply to Objections to Debtors' Sale Motion [Docket No. 2135]

    **b.**    Debtors' Omnibus Reply to Objections to the (A) Assumption and Assignment of Certain Agreements and (B) Related Cure Amounts [Docket No. 2574]

## VII.    ADVERSARY PROCEEDING MATTERS

### Jenkins v. Residential Funding Company, LLC, *et al.* (Adv. Proc. No. 12-01935)

**1.**    Case Management Conference

    **Related Documents**:

    **a.**    Complaint [Docket No. 1]

    **b.**    Summons and Notice of Pre-Trial Conference [Docket No. 5]

    **c.**    Agreed to Letter to Judge Glenn from Norman S. Rosenbaum Requesting an Extension of Deadline to Respond in Adversary Proceeding [Docket No. 7]

    **d.**    Memorandum Endorsed, So Ordered, Letter Signed on December 14, 2012 Extending the Defendants' Deadline to Answer or Otherwise Respond to the Complaint Until January 21, 2013 and Rescheduling the Pre-Trial Conference to January 29, 2013 at 10:00 AM. [Docket No. 8]

    **e.**    Defendant Judy Faber's Motion for Dismissal of Adversary Proceeding Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 9]

    **f.**    Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement [Docket No. 10]

    **g.**    Notice of Litigation Hold Notification [Docket No. 13]

    **h.**    Notice of Continued Pre-Trial Conference Scheduled for February 7, 2013 at 10:00 a.m. [Docket No. 14]

    **i.**    Notice of Adjournment of Continued Pre-Trial Conference and Hearing on Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement to March 5, 2013 at 10:00 a.m. [Docket No. 18]

    **j.**    Notice of Adjournment of Continued Pre-Trial Conference and Hearing on Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P.

12(e) for a More Definite Statement to March 21, 2013 at 10:00 a.m. [Docket No. 21]

    **k.**    Order Granting Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement [Docket No. 26]

    **l.**    Notice of Adjournment of Case Management Conference to May 14, 2013 at 10:00 a.m. [Docket No. 28]

    **Status**:    The case management conference on this matter will be going forward.

### Residential Capital, LLC v. Allstate Insurance Company (Adv. Proc. No. 13-01262)

**1.**    Pre-Trial Conference in Adversary Proceeding

    **Related Documents**:

    **a.**    Complaint [Docket No. 1]

    **b.**    Debtor-Defendants' Letter Requesting Permission to File a Motion for Summary Judgment [Docket No. 2]

    **c.**    Summons and Notice of Pre-Trial Conference [Docket No. 3]

    **d.**    Defendant NCUAB's Waiver of the Service of Summon [Docket No. 4]

    **e.**    Joint Status Report Regarding Potential Consolidation of Rule 3013 Motion and Adversary Proceeding, Cross-Motions for Summary Judgment, Discovery, Stipulated Facts and Agreed-to Exhibits, and Timing [Docket No. 6]

    **f.**    Letter from New Jersey Carpenters Health Fund Regarding Joint Status Report [Docket No. 7]

    **g.**    Waiver of the Service of Summons by Defendants AIG, Allstate, Mass Mutual, and Prudential [Docket No. 9]

    **h.**    Order Scheduling Oral Argument on Cross-Motions [Docket No. 18]

    **i.**    Statement of the RMBS Trustees with Respect to the Above-Captioned Adversary Proceeding [Docket No. 22]

    **j.**    Statement of Stipulated Undisputed Facts and Agreed-To Exhibits [Docket No. 23]

    **k.**    Notice of Debtors' Motion for Summary Judgment [Docket No. 24]

    **l.**    Debtors' Motion for Summary Judgment [Docket No. 25]

m.      Memorandum of Law in Support of Debtors' Motion for Summary
        Judgment [Docket No. 26]

n.      Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities,
        Massachusetts Mutual Life Insurance Company, and the Prudential Entities
        for Summary Judgment [Docket No. 27]

o.      Notice of Motion of AIG Asset Management (U.S.), LLC, the Allstate
        Entities, Massachusetts Mutual Life Insurance Company, and the
        Prudential Entities for Summary Judgment [Docket No. 28]

p.      Motion of Lead Plaintiff, for Itself and on Behalf of the Certified Class, for
        Summary Judgment [Docket No. 29]

q.      Notice of Motion of Lead Plaintiff, for Itself and on Behalf of the Certified
        Class, for Summary Judgment [Docket No. 30]

r.      Motion of Cambridge Place Investment Management Inc. for Summary
        Judgment [Docket No. 31]

s.      Notice of Motion of Cambridge Place Investment Management Inc. for
        Summary Judgment [Docket No. 32]

t.      Motion of Union Central Life Insurance Company, Ameritas Life
        Insurance Corp., and Acacia Life Insurance Company for Summary
        Judgment [Docket No. 33]

u.      Motion of the National Credit Union Administration Board as Liquidating
        Agent for Western Corp. Federal Credit Union and U.S. Central Federal
        Credit Union for Summary Judgment [Docket No. 34]

v.      Notice of Motion of Union Central Life Insurance Company, Ameritas Life
        Insurance Corp., and Acacia Life Insurance Company for Summary
        Judgment [Docket No. 35]

w.      Amended Notice of Motion of AIG Asset Management (U.S.), LLC, the
        Allstate Entities, Massachusetts Mutual Life Insurance Company, and the
        Prudential Entities for Summary Judgment [Docket No. 36]

x.      Notice of Adjournment of Pre-Trial Conference [Docket No. 39]

y.      Debtors' Memorandum of Law in Opposition to the Motion of AIG Asset
        Management (U.S.), LLC, The Allstate Entities, Massachusetts Mutual
        Life Insurance Company, and the Prudential Entities for Summary
        Judgment [Docket No. 42]

z.        Opposition of AIG Asset Management (U.S.), LLC, the Allstate Entities,
          Massachusetts Mutual Life Insurance Company, and the Prudential Entities
          to Debtors Motion for Summary Judgment [Docket No. 43]

aa.       Opposition of National Credit Union and Administration Board to Debtors'
          Summary Judgment Motion [Docket No. 44]

bb.       Objection of the Ad Hoc Group of Junior Secured Noteholders to the
          Motion of AIG Asset Management (U.S.), LLC, The Allstate Entities,
          Massachusetts Mutual Life Insurance Company, and the Prudential Entities
          for Summary Judgment and Partial Joinder to the Debtors' Motion for
          Summary Judgment [Docket No. 45]

cc.       Opposition of Lead Plaintiff, for Itself and on Behalf of the Certified Class,
          to Debtors' Motion for Summary Judgment [Docket No. 46]

dd.       Opposition of Union Central Life Insurance Company, Ameritas Life
          Insurance Corp., and Acacia Life Insurance Company to Debtors' Motion
          for Summary Judgment [Docket No. 47]

ee.       Opposition of Cambridge Place Investment Management Inc. to Debtors'
          Motion for Summary Judgment [Docket No. 48]

ff.       Debtors' Reply Memorandum of Law in Further Support of Debtors' Motion
          for Summary Judgment [Docket No. 53]

gg.       AIG Asset Management, LLC, et al.'s Reply in Support of Motion of AIG
          Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual
          Life Insurance Company, and the Prudential Entities for Summary Judgment
          [Docket No. 54]

hh.       New Jersey Carpenter Health Fund's Reply in Further Support of Motion of
          Lead Plaintiff, for Itself and on Behalf of the Certified Class, for Summary
          Judgment [Docket No. 55]

ii.       Joinder of Cambridge Place Investment Management Inc. to Reply in Further
          Support of Motion of Lead Plaintiff, for Itself and on Behalf of the Certified
          Class, for Summary Judgment [Docket No. 56]

jj.       Reply of National Credit Union Administration Board to Debtors' Opposition
          to AIG Movants (To Include NCUAB) Motion for Summary Judgment
          [Docket No. 57]

kk.       Joinder of Union Central Life Insurance Company, Ameritas Life Insurance
          Corp., and Acacia Life Insurance Company to Reply in Further Support of
          Motion of Lead Plaintiff, for Itself and on Behalf of the Certified Class, for
          Summary Judgment [Docket No. 58]

II.       Stipulation and Order Extending Time for the Investors to Answer or Otherwise Respond to the Complaint [Docket No. 60]

**Status**:     The pre-trial conference on this matter will be going forward.

Dated:  May 10, 2013
        New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*