**Presentment Date and Time: May 17, 2013 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: May 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Todd Goren
Alexandra Steinberg Barrage
Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BETWEEN THE DEBTORS AND THE UNITED STATES MODIFYING THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PARTIES TO ENTER INTO A JOINT RULE 60(A) MOTION TO CORRECT THE CONSENT JUDGMENT**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Stipulation and Order Between the Debtors and the United States Modifying the Automatic Stay, to the Extent Applicable, to Allow Parties to Enter into a Joint Rule 60(A) Motion to Correct the Consent Judgment* (the "Stipulation and Order") to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004, Room 501, for signature on **May 17, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

ny-1090147

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **May 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attn: Gary S. Lee, Todd M. Goren, Alexandra Steinberg Barrage, and Meryl L. Rothchild); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord & Enid N. Stuart); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn: Joseph N. Cordaro); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attn: Ray Schrock and Craig A. Bruens); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036 (Attn: Ken Ziman and Jonathan H. Hofer); (h) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth Eckstein and Greg Horowitz); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attn: Jennifer C.

DeMarco and Adam Lesman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if no objections to the Stipulation and Order are timely filed, served, and received in accordance with this Notice, the Court may enter the Stipulation and Order without further notice or hearing.

Dated: May 10, 2013  
       New York, New York

Respectfully submitted,

/s/ Gary S. Lee  
Gary S. Lee  
Todd M. Goren  
Alexandra Steinberg Barrage  
Meryl L. Rothchild  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND THE
UNITED STATES MODIFYING THE AUTOMATIC STAY, TO THE EXTENT
APPLICABLE, TO ALLOW PARTIES TO ENTER INTO A JOINT RULE 60(A)
MOTION TO CORRECT THE CONSENT JUDGMENT**

Subject to the approval of the Court, this stipulation and order (the "**Stipulation**") is made and entered into on May 10, 2013 by, between, and among Residential Funding Company, LLC (a "**Defendant**" and together with Ally Financial, Inc., Residential Capital, LLC, GMAC Mortgage, LLC, the "**Defendants**") and the United States of America (the "**United States**" and together with Residential Funding Company, LLC, the "**Parties**").

**I.      The Chapter 11 Cases**

**WHEREAS**, on May 14, 2012 (the "**Petition Date**"), each of the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**");

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  Since the Petition Date, the Debtors have operated and managed their businesses as

ny-1076520

debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

**WHEREAS**, upon the commencement of a Chapter 11 case, the automatic stay of section 362 of the Bankruptcy Code prohibits: (i) the commencement or continuation of an action or proceeding against a debtor; (ii) acts to "obtain possession of property" of a debtor's estate; and (iii) acts to "collect, assess, or recover a claim" against a debtor arising prepetition (the "**Automatic Stay**").  11 U.S.C. §§ 362(a)(1), (a)(3), and (a)(6);

**WHEREAS**, on the Petition Date, the Debtors filed the *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (I)(A) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expenses Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "**Sale Motion**");

**WHEREAS**, on May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine-member official committee of unsecured creditors [Docket No. 102] (the "**Creditors' Committee**");

**WHEREAS**, on June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674];

**WHEREAS**, certain Debtors and Ocwen Loan Servicing, LLC ("**Ocwen**") entered into an asset purchase agreement, dated as of November 2, 2012 and amended on

2

ny-1076520

November 20, 2012, for the sale of substantially all of the Debtors' loan origination and servicing platform assets (the "**Ocwen APA**");[1]

**WHEREAS**, on November 21, 2012, after a hearing to consider the Debtors' proposed order approving the sale, asset purchase agreement, and assumption and assignment of certain contracts for the proposed sale transaction, the Court entered the *Order Under 11 U.S.C. §§ 105, 363, and 365 and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 (I) (A) Sale Of Debtors' Assets Pursuant to Asset Purchase Agreement With Ocwen Loan Servicing, LLC; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246] (the "**Ocwen Sale Approval Order**");

**WHEREAS**, the Ocwen Sale Approval Order, among other things, contemplated that nothing therein or in the Ocwen APA would modify the terms and provisions of, nor the rights and obligations under, the settlement agreement, as set forth in the Consent Judgment (defined below), entered into by and between the United States, the attorneys general of 49 states and the District of Columbia (collectively, the "**Attorneys General**"), state banking regulators, and certain Debtors. *See* Ocwen Sale Approval Order ¶ 32;

   II.   **Consent Judgment and Joint Rule 60(a) Motion**

**WHEREAS**, prior to the Petition Date, on March 12, 2012, the United States and the Attorneys General filed a complaint (the "**Complaint**") in an action styled *United States, et al. v. Bank of America Corp., et al.*, No. 12-CV-00361 (RMC) in the United States District Court for the District of Columbia [Docket No. 1] (the "**District Court**"). The Complaint named, *inter*

---

[1]   The Ocwen APA is attached as Exhibit 1 to the Ocwen Sale Approval Order (defined herein).

3

ny-1076520

*alia*, the Defendants;

**WHEREAS**, on March 12, 2012, the United States, the Attorneys General, state banking regulators, and the Defendants filed a settlement agreement (the "**Consent Judgment**"), which was intended to resolve all claims raised by the Complaint against the Defendants. Exhibit I to the Consent Judgment noted that all Defendants had agreed to enter into the Consent Judgment. The Consent Judgment itself, however, was only signed by three Defendants; the fourth Defendant, Residential Funding Company, LLC (or GMAC-Residential Funding Company, LLC, as it was named in the Complaint) ("**Residential Funding Company, LLC**") was not a named party to the Consent Judgment despite having been named in the Complaint and listed on Exhibit I to the Consent Judgment;

**WHEREAS**, on April 5, 2012, the District Court entered the Consent Judgment [Docket No. 13];

**WHEREAS**, the Parties believe that the omission of Residential Funding Company, LLC from the Consent Judgment was a clerical error, as it was their intention to include in the Consent Judgment all Defendants named in the Complaint;

**WHEREAS**, pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the District Court may correct the Consent Judgment and deem Residential Funding Company, LLC a party to it since its omission was a result of clerical error. Accordingly, the United States and the Defendants intend to submit a joint Rule 60(a) motion (the "**Joint Rule 60(a) Motion**") to the District Court, attached hereto as Exhibit 1, requesting that the District Court enter an order correcting the Consent Judgment to add Residential Funding Company, LLC as a party to the Consent Judgment, *nunc pro tunc*;

**WHEREAS**, the Debtors assert that the Automatic Stay would preclude the

4

ny-1076520

United States from unilaterally filing a motion pursuant to Rule 60(a) in the District Court to correct the ministerial error raised herein;

**WHEREAS**, the United States asserts that the Automatic Stay does not preclude the United States from unilaterally filing a motion pursuant to Rule 60(a) in the District Court to correct the ministerial error raised herein because such a motion would be permissible under section 362(b)(4) of the Bankruptcy Code;

**WHEREAS**, the United States is willing to join the Debtors in seeking entry of an order modifying the Automatic Stay in Residential Funding, LLC's chapter 11 case, to the extent applicable, so as to allow the Parties to file the Joint Rule 60(a) Motion;

**WHEREAS**, pursuant to discussions with the United States, the Attorneys General, and lead and regulatory counsel to the Creditors' Committee, the Debtors have determined that entering into this Stipulation is an exercise of their reasonable business judgment and is in the best interests of the Debtors, their estates, and their creditors, as the Joint Rule 60(a) Motion is intended to assist in the proper transfer of obligations under this settlement in connection with the Ocwen Sale; and

**WHEREAS**, venue of this Stipulation in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1. The recitals form an integral part of this Stipulation and are fully incorporated herein.

2. Upon entry of this Stipulation by the Court, the Automatic Stay in Residential Funding Company, LLC's chapter 11 case, to the extent applicable, shall be modified

solely with respect to the filing of the Joint Rule 60(a) Motion, and to permit the Parties to perform such acts as necessary and/or appropriate to exercise their respective rights in accordance with such filing.

3.    The Stipulation constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersede all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of the Stipulation.

4.    Notwithstanding anything herein to the contrary, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial, Inc.; Ally Bank, N.A.; Residential Capital, LLC; GMAC Mortgage, LLC; the Board of Governors of the Federal Reserve System; and the Federal Deposit Insurance Corporation, (b) the Consent Judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012, and (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012.

5.    Notwithstanding anything herein to the contrary, the Debtors' entry into this Stipulation and Residential Funding Company, LLC's entry into the Joint Rule 60(a) Motion with the United States shall not prejudice the right of any individual Debtor to object to any potential claim, whether now known or learned hereinafter, raised by the United States or another third party against any other Debtor pursuant to the Consent Judgment.

6. The Parties agree that the filing and approval of the Joint Rule 60(a) Motion shall be without prejudice to the rights of Residential Funding Company, LLC or any parties-in-interest to assert that any claims of the United States, any Attorney General, or any third parties under the Consent Judgment are obligations of, and shall be satisfied by, any of the other Defendants.

7. The Stipulation may not be altered, modified, changed or vacated without the prior written consent of the Parties.

8. This Stipulation shall be binding upon the Parties as well as any successor, trustee or receiver appointed in these chapter 11 cases. No provision in any plan of reorganization or liquidation subsequently confirmed in these chapter 11 cases shall contain any provisions inconsistent with the terms of this Stipulation.

9. This Stipulation may be executed in any number of counterparts by the Parties on different counterpart signature pages, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

10. The Stipulation is subject to the approval of the Court, and shall become effective upon the Court's entry of this Stipulation. No other or further notice to creditors or parties-in-interest is required to effectuate the Stipulation.

11. The Parties represent and warrant that each has full power and authority to enter into and perform under the Stipulation, and each of the undersigned counsel represents that he or she is authorized to execute this Stipulation on behalf of his or her respective client.

| | |
|---|---|
| Dated: May 10, 2013 | /s/ Gary S. Lee<br>Gary S. Lee<br>Todd M. Goren<br>Alexandra Steinberg Barrage<br>Meryl L. Rothchild<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |
| Dated: May 10, 2013 | PREET BHARARA<br>United States Attorney for the<br>Southern District of New York<br><br>/s/ Joseph N. Cordaro<br>Joseph N. Cordaro<br>Assistant United States Attorney<br>86 Chambers Street, Third Floor<br>New York, New York 10007<br>Telephone:  (212) 637-2745<br>Facsimile:  (212) 637-2686<br><br>*Attorney for the United States of America* |

**IT IS SO ORDERED**

Dated: _____, 2013
          New York, New York

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

8

ny-1076520

**Exhibit 1**

ny-1076520

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORP. *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) Civil Action No. 1:12-CV-00361-RMC ) ) ) ) ) ) |

**JOINT RULE 60(A) MOTION OF THE UNITED STATES AND THE RESCAP PARTIES TO CORRECT THE RESCAP CONSENT JUDGMENT**

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, the United States of America ("the United States") and Ally Financial, Inc., Residential Capital, LLC, GMAC Mortgage, LLC, and Residential Funding Company, LLC ("the ResCap Parties") file this joint motion to correct a clerical error in the consent judgment that was filed on March 12, 2012, and entered on April 5, 2012 (the "Consent Judgment"). *See* Dkt. No. 13. Specifically, the parties request that the Court make, nunc pro tunc, Residential Funding Company, LLC a party to the Consent Judgment, which was executed by the other three ResCap Parties. All parties to the Consent Judgment have been notified of this motion, and none has objected.

On March 12, 2012, the United States and the attorneys general of 49 states and the District of Columbia filed a complaint (the "Complaint") that named, *inter alia*, four defendants affiliated with the Ally/Residential Capital family of companies: Ally Financial, Inc., Residential Capital, LLC, GMAC Mortgage, LLC, and GMAC-Residential Funding Company, LLC. *See* Dkt. No. 1.

1

That same day, the United States, the attorneys general, state banking regulators, and certain ResCap defendants filed the Consent Judgment, which was intended to resolve all claims raised by the Complaint against the ResCap Parties. *See* Dkt. No. 1, Exhibit 3 (Complaint – Proposed ResCap Consent Judgment). Exhibit I to that Consent Judgment noted that all four ResCap Parties had agreed to enter into the Consent Judgment. *See* Dkt. No. 1, Exhibit 3-I at 1. However, the Consent Judgment itself named and was signed by only three ResCap Parties. The fourth ResCap Party – Residential Funding Company, LLC (or GMAC-Residential Funding Company, LLC, as it was named in the Complaint) ("Residential Funding Company, LLC") – was not named as a party to the Consent Judgment despite having been named in the Complaint and in Exhibit I to the Consent Judgment. *See* Dkt. No. 1, Exhibit 3 at 1, 59, Exhibit 3-I at 1. The Court entered the Consent Judgment on April 5, 2012. *See* Dkt. No. 13.

The omission of Residential Funding Company, LLC from the Consent Judgment was a clerical error. It was the parties' intention to include in the Consent Judgment all defendants named in the Complaint. Moreover, the four other consent judgments approved by the Court in this case resolved the claims in the Complaint against all of the other defendants in the action. Residential Funding Company, LLC was the only defendant that was not a signatory to any of the consent judgments. It was not the parties' intention that this action be resolved as to all defendants except Residential Funding Company, LLC.

Because the parties' intention was to include Residential Funding Company, LLC as a signatory to the Consent Judgment, and because of the nature of the error, Rule 60(a) permits the Court to correct the Consent Judgment and deem Residential Funding Company, LLC a party to it. *See, e.g.*, *Sarkar v. McCallin*, 636 F.3d 572, 574 (10th Cir. 2011) (recognizing that Rule 60(a) correction would be appropriate when "judgment technically did not terminate all matters as to all parties"); *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525, 1539 (8th Cir. 1996) (recognizing

2

then Rule 60(a) may be used to correct a clerical mistake of the parties). This correction will facilitate proper resolution of certain issues relating to bankruptcy proceedings involving Residential Capital, LLC, GMAC Mortgage, LLC, and Residential Funding Company, LLC, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Bankruptcy Court has entered the *Stipulation and Order Between the Debtors and the United States Modifying the Automatic Stay to Allow Parties to Enter into a Joint Rule 60(a) Motion to Correct the Consent Judgment* (Bankruptcy Dkt. No. [ ]), which is intended facilitate entry of this motion, in conjunction with a subsequent motion to be filed in this Court, and the proper transfer of obligations under this settlement in connection with a sale of assets in the bankruptcy proceedings.

For the foregoing reasons, the parties respectfully request that the Court enter the enclosed Order correcting the Consent Judgment to add Residential Funding Company, LLC as a party to the Consent Judgment, *nunc pro tunc.*

| FOR THE UNITED STATES: | FOR RESIDENTIAL CAPITAL, LLC, ALLY FINANCIAL, INC., GMAC MORTGAGE, LLC, AND GMAC RESIDENTIAL FUNDING CO., LLC: |
|---|---|
| STUART F. DELERY<br>Principal Deputy Assistant Attorney General<br>Civil Division | |
| RONALD C. MACHEN JR.<br>United States Attorney for the<br>District of Columbia | _____<br>ROBERT R. MADDOX<br>Bradley Arant Boult Cummings LLP<br>1819 5th Ave. N.<br>Birmingham, AL  35203<br>Tel.:  205-521-8000 |
| _____<br>KEITH V. MORGAN<br>Assistant United States Attorney<br>United States Attorney's Office<br>555 4th Street, NW, Room E4814<br>Washington, DC  20530<br>Tel.:  202-514-7228<br>Fax:  202-514-8780 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BANK OF AMERICA CORP. *et al.*, <br><br> Defendants. | Civil Action No. 1:12-CV-00361-RMC |

**ORDER CORRECTING THE RESCAP CONSENT JUDGMENT**

Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, Residential Funding Co., LLC is deemed a party to the Consent Judgment entered on April 4, 2012, as Docket Entry No. 13, *nunc pro tunc.*

SO ORDERED this ____ day of _____, 2013

_____
Hon. Rosemary M. Collyer
UNITED STATES DISTRICT JUDGE

1

ny-1078635