# Exhibit 3

Page 1

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4
 5
 6   ------------------------------------------x
 7   In Re:
 8   RESIDENTIAL CAPITAL, LLC, et al.,
 9                            Debtors.
10   ------------------------------------------x
11
12
13
14          DEPOSITION OF MARC D. PUNTUS
15              New York, New York
16              Monday, May 6, 2013
17
18
19
20
21
22
23   Reported by:
24   David Henry
25   JOB NO. 60879
```

1                    Puntus

2        Q.   Who is that?

3        A.   I assume it's Jill Horner.
4   That's the subject matter of her
5   declaration.

6        Q.   What with item number three, do
7   you feel sufficiently prepared to provide
8   answers on behalf of each of the debtors
9   with respect to item number three?

10       A.   Again, my preparation for this
11  deposition was pretty much exclusively
12  related to the subject matter of my
13  declaration.  We certainly have done work
14  associated with the junior secured
15  noteholders collateral and its valuation at
16  various times, as you know, and I have had
17  settlement discussions on that topic but
18  no, I am not today prepared to have an
19  extensive and detailed discussion about the
20  hows, wheres and whys of the value of each
21  component of that collateral.

22       Q.   Okay, so who would I need to talk
23  to about that?

24       A.   I don't know.

25       Q.   And what about item number four,

1                    Puntus

2       Q.   Okay.  And do the debtors

3  currently have sufficient cash to pay the

4  administrative claims associated -- that

5  you expect will be incurred in association

6  with liquidating that collateral without

7  using the cash collateral?

8       A.   Technically I believe we have

9  sufficient unencumbered cash today to

10 administer that collateral if we chose to

11 do so.  I think the conclusion we have

12 reached on the debtors' side, all the

13 professionals, that it would be unfair to

14 allocate cash available effectively to

15 unsecured creditors to administer

16 collateral of secured creditors.

17      Q.   Okay, other than it would be

18 unfair to unsecured creditors, is there any

19 other reason why you couldn't use

20 unencumbered cash to pay administrative

21 expenses that you project will be incurred

22 in connection with liquidating the unsold

23 collateral for the JSN notes?

24      A.   Technically I can think of no

25 other reason other than perhaps the

1                    Puntus

2    to mean?

3         A.   I'm sorry, you're reading which

4    language?

5         Q.   Paragraph nine, adequate

6    protection.  As additional adequate

7    protection for the aggregate diminution of

8    the value of the prepetition collateral to

9    the extent of the adequate protection

10   parties' interest therein.

11        A.   I think it's a statement of the

12   general law on adequate protection in that

13   to the extent there is a diminution in

14   value of the collateral of the secured

15   lender, they are protected by the adequate

16   protection package, be it lien,

17   superpriority claims or otherwise provided.

18        Q.   Over what period?  Diminution

19   over what period under this order?

20        A.   I haven't read the whole order.

21   I don't know what it says.  I assume

22   diminution of value from the beginning of

23   the case to the time by which the

24   collateral is disposed of, but I don't know

25   for sure.