Exhibit 4

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
J. Christopher Shore (JCS – 6031)
Harrison L. Denman (HD – 1945)

       and

MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Gerard Uzzi (GU – 2297)

Attorneys for the Ad Hoc Group
of Junior Secured Noteholders

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

## NOTICE OF DEPOSITION AND REQUEST FOR DOCUMENTS BY THE AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS

    **TO**:    Residential Capital, LLC ("ResCap") and its affiliated debtors (the "Debtors"),

c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn:

Gary Lee, counsel of record for the Debtors.

    **PLEASE TAKE NOTICE** that pursuant to Federal Rules of Civil Procedure 26,

30(b)(6) and 45, made applicable by Federal Rules of Bankruptcy Procedure 7026, 7030, 9014

and 9016, the Ad Hoc Group of Junior Secured Noteholders (the "Ad Hoc Group") will take the deposition upon oral examination of:

- The Debtors on April 24, 2013 at 9:00 a.m. (ET);

- Marc Puntus on April 24, 2013 at 2:00 p.m. (ET);

- Jill Horner on April 25, 2013 at 9:00 a.m. (ET); and

- Any other party whose oral or written testimony the Debtors intend to rely on April 25, 2013 at 2:00 p.m. (ET).

These depositions will take place at the offices of White & Case LLP, 1155 Avenue of the Americas, New York, New York 10036 (or such other time and place as may be agreed to by the Ad Hoc Group and the Debtors). The deposition will take place before a court reporter and will be recorded by stenographic means, may be videotaped, and shall continue from day to day until it has been completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), the Debtors must designate one or more officers, directors, or managing agents, or other persons to testify on behalf of the Debtors with regard to all matters known or reasonably available on each of the Rule 30(b)(6) Topics identified in Exhibit A to this Notice. In addition, the Debtors are directed to produce true and correct copies of the Documents requested in Exhibit A to this Notice by April 17, 2013 at 4:00 p.m., at the undersigned counsel's office in New York, or at another mutually-agreeable time or location with sufficient time for use during the deposition.

NEWYORK 8813665

Dated:  April 11, 2013
        New York, New York

By:      /s/ J. Christopher Shore
         J. Christopher Shore (JCS – 6031)
         Harrison L. Denman (HD – 1945)
         WHITE & CASE LLP
         1155 Avenue of the Americas
         New York, New York 10036-2787
         Telephone: (212) 819-8200
         Facsimile: (212) 354-8113

                        and

         MILBANK, TWEED, HADLEY &
         McCLOY LLP
         Gerard Uzzi (GU – 2297)
         1 Chase Manhattan Plaza
         New York, New York 10005
         Telephone: (212) 530-5000
         Facsimile: (212) 530-5219

         Attorneys for the Ad Hoc Group of Junior
         Secured Noteholders

3

## EXHIBIT A

## DEFINITIONS

The terms and instructions below apply to the attached Deposition Topics and Document Requests:

1.      This Notice incorporates by reference the Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as incorporated by Rule 7026-1 of the Local Rules.

2.      "Document" is used in its broadest sense and means any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only:  letters or other correspondence, messages, telegrams, telexes, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

4

3.      References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive.

4.      "AFI" means Ally Financial Inc.

5.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

6.      "Any," "all" and "each" shall be construed broadly, and shall mean each, any and all as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

7.      "Committee" means the creditors listed in Appointment of Official Committee of Unsecured Creditors [Docket No. 102] and counsel and advisors to the Committee, including, but not limited to, Kramer Levin Naftalis & Frankel LLP and Moelis & Company LLC.

8.      "Communication" means the transmittal of information of any kind, in any form and by any means.  All such communications in writing shall include, without limitation, printed, typed, handwritten or other readable documents, correspondence, memos, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys and forecasts.

9.      "Concerning" means comprising, consisting of, referring to, reflecting, regarding, supporting, evidencing, relating to, prepared in connection with, used in preparation for, or being in any way legally, logically or factually concerned with the matter or Document described, referred to or discussed.

10.    "Cash Collateral Motion" means Debtors' Motion in the above-captioned Chapter 11 case for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3374].

11.    "Cash Collateral" shall have the meaning ascribed to it in the Cash Collateral Motion.

12.    "Cash Collateral Extension Period" means April 18, 2013 until the effective date of a chapter 11 plan of any of the Debtors.

13.    "Consent Order" shall have the meaning ascribed to it in the Cash Collateral Motion.

14.    "Collateral" means those assets that the Debtors believe secure the Junior Secured Notes.

15.    "Debtors" shall mean the filing entities listed in Exhibit 1 of Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC In Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6], and counsel and advisors to the Debtors, including, but not limited to, Morrison & Foerster, LLP and Centerview Partners LLC.

16.    "Funded Disposition Costs" shall have the meaning ascribed in the Cash Collateral Motion.

17.    "Including" means including but not limited to the referenced subject.

18.    "Horner Declaration" means the Declaration of Jill Horner in Support of Debtors' Motion For Entry of Interim and Final Orders to Permit the Debtors to Continue Using Cash Collateral.

19.    "Junior Secured Noteholders" mean the holders of the 9.2625% Junior Secured Notes due 2015.

6

20.     "Lenders" means the Junior Secured Noteholders together with AFI.

21.     <u>Production Obligations</u>.  You are required to produce all responsive Documents that are in your possession, custody or control, which includes, without limitation, any responsive Document that was or is prepared, kept, or maintained for personal use, in the personal files, or as the personal property of any of the Debtors' Affiliates or representatives and any non-privileged Documents in the possession, custody or control of the Debtors' present and former attorneys, agents, or any other persons currently acting or who previously acted on the Debtors' behalf.

22.     <u>Redaction</u>.  Each request for Documents seeks production of the Document in its entirety, without abbreviation, modification, or redaction, including, but not limited to, all attachments, actual, proposed or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or other matters affixed thereto.

23.     <u>Drafts</u>.  A request for Documents shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the Document itself.

24.     <u>Continuing Requests</u>.  These requests are continuing.  If, after producing the requested Documents, the Debtors obtain or become aware of any further Documents responsive to these requests, the Debtors are required to produce such additional Documents.

25.     <u>Privileged or Proprietary Matter</u>.  In the event that Debtors withhold any Document on the basis of any legal objection or privilege, Debtors shall indicate the following information for each such withheld Document;

        a)      date of Document;

7

b)      general character or type of Document (i.e. letter, memorandum, notes of meeting, etc.);

c)      the identity of the person in possession of the Document;

d)      the identity of the author of the Document;

e)      the identity of the original recipient or holder of the Document;

f)      relationship of the author, addressee and any other recipient;

g)      the general subject matter of the Document; and

h)      the legal basis, including, but not limited to, any legal objection or privilege for withholding the Document.

26.    <u>Lost or Destroyed Documents</u>.  If any Document that is the subject of these requests was at one time in existence, but was subsequently lost, discarded or destroyed, identify such Document as completely as possible, including the following information:  (a) type of Document, (b) date of Document, (c) date when the Document became lost, discarded or destroyed, (d) circumstances under which the Document was lost, discarded or destroyed and (e) identity of all persons having knowledge of the contents of the Document.

27.    <u>Partial Production</u>.  If any Document cannot be produced in full, produce it to the extent possible, stating the reasons for Debtors' inability to produce the remainder, as well as any information, knowledge or belief it has concerning the unproduced portion.

28.    <u>No Responsive Documents</u>.  If there are no Documents responsive to a particular request, state so in writing.

8

## RULE 30(B)(6) TOPICS

1.     Each Debtor's basis for pursuing non-consensual use of Cash Collateral.

2.     Each Debtor's basis for determining that its estate requires the use of Cash Collateral during the Cash Collateral Extension Period.

3.     Valuation of the Junior Secured Notes Collateral.

4.     The amount of Cash Collateral on a Debtor-by-Debtor basis as to which the Debtors believe there is no legitimate dispute over the nature, extent, and priority of the claims of the Junior Secured Notes as to such Cash Collateral.

5.     The Debtors' basis for determining not to pursue a partial interim distribution on account of the Junior Secured Notes

6.     Expense allocations set forth in the Horner Declaration on an estate-by-estate basis.


## DOCUMENT REQUESTS

1.     All Documents concerning the most recent valuation of the Collateral.

2.     All Documents sufficient to show each Debtors' most recent monthly cash balances on a Debtor-by-Debtor basis.

3.     All Documents concerning the proposed terms of use of the Cash Collateral.

4.     All Documents concerning the Debtors' determination to seek to terminate adequate protection payments to the Junior Secured Noteholders.

5.     All Documents concerning the Debtors' determination that the proposed use of Cash Collateral will preserve and enhance the value of the Lenders' collateral.

NEWYORK 8813665

6.      All Documents concerning the valuation of the Debtors' Collateral, including the valuation and any related financial analyses supporting the assertion that:

i.      there is a $2.049 billion equity cushion on the AFI Senior Secured Credit Facility; and

ii.     there is a $1.285 billion equity cushion on the collateral securing the AFI LOC.

7.      All Documents concerning the Debtors' contention that the proposed use of Cash Collateral may include "any and all accrued and unpaid amounts payable with Cash Collateral in accordance with the AFI/JSB Cash Collateral Final Order, which accrued prior to the closing of the Platform Sale but have not yet been paid."

8.      All Documents concerning the Debtors' assertion that the proposed use of the Cash Collateral does not constitute a surcharge under section 506(c).

9.      All Documents concerning the expense allocation methodology referenced in FN.5 of the Cash Collateral Motion.

10.     All Documents concerning the assumption that there will be no costs associated with the Debtors' compliance with the Consent Order after April 30, 2013.

11.     All Documents concerning the Debtors' evaluation of the projected costs of liquidating Collateral.

12.     All Documents concerning the Funded Disposition Costs.

13.     All communications with any party-in-interest in the Cases, including the Committee, concerning any potential partial interim distribution on account of the Junior Secured Notes.

14.     All communications with third persons concerning the Cash Collateral Motion.

10

15.    All Documents that the Debtors intend to rely upon for the hearing on the Cash

Collateral motion.