## VII. REVIEW AND ANALYSIS OF ESTATE CAUSES OF ACTION IMPLICATED BY AFFILIATE TRANSACTIONS AND THE RELATIONSHIP AND COURSE OF DEALING AMONG RESCAP, AFI, ALLY BANK, AND CERBERUS

### D.  EQUITABLE DISALLOWANCE

In *Pepper v. Litton*,[1] the Supreme Court considered whether a bankruptcy court could disallow (either as a secured or general unsecured claim) a judgment obtained by Litton, the dominant and controlling stockholder of a debtor corporation. Litton, the controlling stockholder of a "one-man" corporation, caused his corporation to confess judgment for unpaid wages in his favor when the corporation and Litton were the subject of a lawsuit by Pepper. After Pepper obtained a judgment against the corporation, Litton executed on his judgment and levied on the corporation's property that he later sold to an affiliate. Thereafter, the corporation filed for bankruptcy. Litton purchased wage claims held by third parties and persuaded other creditors to withdraw their claims against the debtor to gain an advantage over Pepper.[2] The bankruptcy court concluded "(1) that Litton and the [corporation] had made a 'deliberate and carefully planned attempt' to avoid 'the payment of just debt'; (2) that Litton and the corporation were 'in reality the same'; and (3) that the alleged salary claims underlying the Litton judgment did not represent an 'honest debt' of the bankrupt corporation . . . ."[3] Therefore, the court disallowed Litton's claim and directed the trustee to recover the property Litton purchased from the corporation.

On appeal, the Court held that the bankruptcy court properly disallowed Litton's claim. In reaching its decision, the Court noted that "courts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity."[4] Indeed, according to the Court, "a bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence."[5] Under "certain cardinal principles of equity," a court may disallow (or subordinate) a claim.[6] In this instance, Litton's claim was properly disallowed because (1) "Litton, though a fiduciary was enabled by astute legal manoeuvering [sic] to acquire most of the assets of the bankrupt not for cash or other consideration of value to creditors but for bookkeeping entries representing at best merely Litton's appraisal of the worth of Litton's services over the years," and (2) Litton had engaged in a "planned and fraudulent scheme."[7]

---

[1]  308 U.S. 295 (1939).

[2]  *Id.* at 299 ("This was done, according to the District Court, so that Pepper might be made to appear as the only general creditor-a situation designed to give Litton a decided technical advantage . . . .").

[3]  *Id.* at 301.

[4]  *Id.* at 304.

[5]  *Id.* at 305.

[6]  *Id.* at 306.

[7]  *Id.* at 295, 311-12.

Given the enactment of section 510(c), courts have noted that it is not clear that equitable disallowance remains a viable remedy.[8] In the years since *Pepper*, courts in the Second Circuit have on a number of occasions considered whether equitable disallowance is an appropriate remedy. For example, in *80 Nassau Assocs. v. Crossland Fed. Savs. Bank* (*In re 80 Nassau Assocs.*),[9] the Bankruptcy Court for the Southern District of New York noted that the doctrine of equitable subordination embodied in section 510(c) "is limited to reordering priorities, and does not permit disallowance of claim."[10] The court, citing to the Fifth Circuit's *Mobile Steel* decision, nevertheless acknowledged the possibility of disallowing a claim "[i]f the conduct of the creditor is so egregious that it affects the validity of the claim under applicable principles of law."[11]

In *Adelphia Commc'ns Corp. v. Bank of Am., N.A.* (*In re Adelphia Commc'ns Corp.*),[12] the Bankruptcy Court for the Southern District of New York discussed the viability of equitable disallowance as a remedy. In its analysis, the court first considered the relevant legislative history. The court noted that section 510(c) was designed to codify then existing case law "and is not intended to limit the court's power in any way . . . . Nor does this subsection preclude a bankruptcy court from completely disallowing a claim in appropriate circumstances."[13] Given the rules of statutory interpretation, the court could not hold that the enactment of section 510(c) precluded equitable disallowance.[14] Because the Supreme Court in *Pepper* linked subordination to disallowance by an "or" no less than five times, the bankruptcy court concluded that the Supreme Court perceived them as separate available remedies.[15] "That does not mean to this Court that they are equally appropriate alternatives, but it tells this Court that disallowance would be permissible in those extreme instances—perhaps very rare—where it is necessary as a remedy."[16] Thus, the bankruptcy court concluded that,

---

[8] *See Adelphia Commc'ns Corp. v. Bank of America, N.A.* (*In re Adelphia Commc'ns Corp.*), 365 B.R. 24, 71 (Bankr. S.D.N.Y. 2007) ("While section 510(c) of the Code… expressly authorizes equitable subordination, it does not likewise expressly authorize equitable disallowance. Thus the Court must decide whether section 510(c) forecloses equitable disallowance-and if section 510(c) does not, the extent to which equitable disallowance was authorized under the pre-Code case law, and survived after the enactment of the Code."), *aff'd sub nom.*, *Adelphia Recovery Trust v. Bank of America, N.A.*, 390 B.R. 64 (S.D.N.Y. 2008). *But see* 11 U.S.C. § 502(j) ("A reconsidered claim may be allowed or disallowed according to the equities of the case."). The standard applicable to a reconsidered is not clear. "One court has observed that it must enter an appropriate order according to the equities of the case, after weighing the extent and reasonableness of any delay, prejudice to the debtor and other creditors, effect on efficient administration and the movant's good faith." 4 COLLIER ON BANKRUPTCY ¶ 502.11[5] (16th ed. 2009).

[9] 169 B.R. 832 (Bankr. S.D.N.Y. 1994).

[10] *Id.* at 837.

[11] *Id.* at 837 n.4 (citing to *In re Mobile Steel Co.*, 563 F.2d 692, 699 n. 10 (5th Cir. 1997)).

[12] *In re Adelphia Commc'ns Corp.*, 365 B.R. at 73.

[13] *Id.* at 71 (alteration in original) (footnote omitted).

[14] *Id.* at 72 ("Thus the Court is not in a position to conclude that by expressly addressing equitable *subordination* in section 510(c), Congress intended to foreclose the possibility of invocation of equitable *disallowance*, under *Pepper* and its progeny.").

[15] *Id.* at 73.

[16] *Id*. Prior to the enactment of section 510, claims of an insider could be disallowed on the basis of, misrepresentation to creditors, false promises and concealment of a mortgage. *See Litzke v. Gregory*, 1 F.2d 112, 115-16 (8th Cir. 1924).

although it is "plainly" a "more draconian" remedy, equitable disallowance is a viable remedy appropriate in "a few" situations.[17] On appeal, the district court agreed with the bankruptcy court's conclusion that "equitable disallowance is permissible under *Pepper*."[18] Therefore, a court may equitably disallow a claim notwithstanding the enactment of section 510(c).[19]

For the reasons set forth in the preceding section on equitable subordination, the Examiner concludes that it is likely that any claim for equitable disallowance of AFI's claims against ResCap and GMAC Mortgage would not prevail.

---

[17] *In re Adelphia Commc'ns Corp.*, 365 B.R. at 73.

[18] *Adelphia Recovery Trust v. Bank of Am., N.A.*, 390 B.R. 64, 76 (S.D.N.Y. 2008) (citation omitted).

[19] *See Adelphia Recovery Trust v. Bank of Am., N.A.*, 390 B.R. 80, 99 (S.D.N.Y. 2008) (noting "to the extent equitable disallowance is a permissible remedy in bankruptcy it is available only in 'extreme instances'…and therefore applied more rarely [than equitable subordination]"), *aff'd*, 379 F. App'x 10 (2d Cir. 2010). Similarly, equitable disallowance may be a viable remedy in the Third Circuit. *See Citicorp Venture Capital, Ltd. v. Comm. of Creditors Holding Unsecured Claims*, 160 F.3d 982, 991 n.7 (3d Cir. 1998) (rejecting district court's conclusion that disallowance is not appropriate remedy, noting that the rationale of *Pepper* suggests that disallowance was appropriate under prior to Bankruptcy Code, but finding "it unnecessary here to resolve the issue as to whether equitable "disallowance" remains an available remedy"), *see also In re Washington Mutual, Inc.*, 461 B.R. 200, 257 (Bankr. D. Del. 2011) (stating that "the Court agrees with the well-reasoned decisions of the Bankruptcy and District Courts in *Adelphia* and concludes that it does have the authority to disallow a claim on equitable grounds 'in those extreme instances—perhaps very rare—where it is necessary as a remedy'"), *vacated on other grounds*, No. 08—12229 (MFW), 2012 WL 1563880 (Bankr. D. Del. Feb 24, 2012). *But see* Alan M. Ahart, *Why the Equitable Disallowance of Claims in Bankruptcy Must be Disallowed*, 20 AM. BANKR. INST. L. REV. 445, 463 (2012) (stating that "[f]ederal bankruptcy law simply does not enable the bankruptcy court to equitably disallow a claim in the first instance").