**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------- )
In re:                                              )   Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )   Chapter 11
                                                    )
                                    Debtors.        )   Jointly Administered
---------------------------------------------------- )

**STIPULATION AND CONSENT ORDER RESOLVING THE MOTION OF**
**MARC COMBS AND MYSCHELLE COMBS FOR RELIEF FROM STAY**

**WHEREAS**, on May 14, 2012 (the "Petition Date"), Residential Capital, LLC and its affiliated debtor entities in the above-captioned chapter 11 cases (collectively, the "Debtors"), including Residential Funding Company, LLC ("RFC") and Residential Asset Securities Corporation ("RASC"), filed in this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

**WHEREAS**, prior to the Petition Date, Marc Combs and Myschelle Combs (together, the "Combs" or the "Movants") purchased real property located at 13-47 Beach Channel Drive, Far Rockaway, New York (the "Property"), and executed a note and mortgage (the "Loan") secured by the Property;

**WHEREAS**, on July 13, 2012, this Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action;*

*(III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order");

**WHEREAS**, RFC, as Sponsor and Master Servicer, and RASC, as Depositor and Seller, acted pursuant to a valid pooling and servicing agreement and formed a trust, known as Home Equity Mortgage Asset-Backed Pass-Through Series 2006-EMX8, pursuant to which RFC sold to RASC and RASC, in turn, transferred and deposited the Combs' Loan secured by the Property into the trust;

**WHEREAS**, on January 25, 2013, Movants commenced a quiet title action (Index No. 1664/13) (the "Action") in the Supreme Court of the State of New York, County of Queens, naming RFC, RASC, and all other parties alleged to be involved in the securitization of the Combs' Property, for the sole purpose of seeking to assert their ownership interest in the Property;

**WHEREAS**, on February 15, 2013, the Debtors closed the sale of their mortgage servicing and origination platform (the "Platform Sale") to Ocwen Loan Servicing, LLC ("Ocwen"), which included the master servicing rights for the Loan. Accordingly, none of the Debtors retain any interest in the Loan;

**WHEREAS**, on March 26, 2013, Movants filed a motion [Docket No. 3314] (the "Motion") in the Debtors' chapter 11 cases seeking relief from the automatic stay to permit them to prosecute the Action;

**WHEREAS**, Movants contend that RFC and RASC, in addition to any and all other parties alleged to have taken part in the securitization of the Movants' Property, are necessary

2

parties in any action to quiet title to the Movants' Property.  Movants make specific reference to N.Y. C.P.L.R. § 3211(a)(10);

**WHEREAS**, Movants and the Debtors (collectively, the "Parties") have conferred, and the Debtors believe that the Movants' request to continue their prosecution of the Action is permitted pursuant to the stay relief granted by the Supplemental Servicing Order, and to the extent the relief requested is not addressed by the Supplemental Servicing Order, are prepared to stipulate to stay relief to the extent set forth herein.  Accordingly, the Debtors have consented to a limited modification of the automatic stay of Bankruptcy Code section 362(a) pursuant to the terms of, and subject to the conditions set forth in, this stipulation and order (the "Stipulation and Order").

NOW THEREFORE, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, that:

1. The automatic stay of Bankruptcy Code section 362(a) shall be modified solely to the extent set forth herein.

2. The Parties stipulate and agree that the Debtors have no interest in the Loan or Property.

3. Movants may prosecute the Action and name RFC and RASC as named defendants solely for the purposes of seeking (i) reformation of the deeds and mortgages relating to the Property, and (ii) to quiet title to the Property in the Combs, but for no other purpose.

4. Movants shall not assert against the Debtors any claims for monetary damages, or any other equitable relief, in the Action or file a proof of claim or request for payment on an administrative expense claim in the Debtors' chapter 11 cases for any damages alleged to have arisen out of the facts and circumstances to be addressed in the Action or with

3

respect to the Property and any of the Debtors' interest therein.

5. This Stipulation and Order shall not be deemed to be or constitute a modification of the automatic stay except as otherwise expressly provided herein with respect to Movants. In all other respects, the automatic stay shall remain in full force and effect with respect to any other parties who may be named in or who otherwise intervene in the Action.

6. This Stipulation and Order shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment, or vacation in whole or part shall be subject to the approval of this Court.

7. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

8. Each person who executes this Stipulation and Order on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such party.

9. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

10. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

11. This Stipulation and Order shall be of no force or effect unless and until it is approved by the Court.

12. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

Agreed to this 6th day of May, 2013.

| | |
|---|---|
| RESIDENTIAL FUNDING COMPANY, LLC<br>RESIDENTIAL ASSET SECURITIES CORP. | MARC COMBS AND MYSCHELLE COMBS |
| By: /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Meryl L. Rothchild<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for Debtors*<br>*and Debtors in Possession* | By: /s/ Brian McCaffrey<br>Brian McCaffrey<br><br><br><br>**BRIAN MCCAFFREY, ESQ.**<br>88-18 Sutphin Boulevard, 1st Floor<br>Jamaica, New York 11435<br>Telephone: (718) 480-8280<br><br><br>*Counsel for Marc Combs and*<br>*Myschelle Combs* |

Approved and So Ordered
this 14th day of May, 2013 in New York

                                        **/s/Martin Glenn**
                                        MARTIN GLENN
                                  United States Bankruptcy Judge