**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY
WITH RESPECT TO GARCIA WRONGFUL FORECLOSURE ACTION**

This Stipulation and Order (the "<u>Stipulation and Order</u>") is made and entered into by, between and among GMAC Mortgage, LLC ("<u>GMAC Mortgage</u>") and John Garcia and Maria Garcia (together, "<u>Plaintiffs</u>"), and, together with GMAC Mortgage, the "<u>Parties</u>" and each, a "<u>Party</u>"), by their respective undersigned counsel.

**WHEREAS**:

A.    On May 14, 2012 (the "<u>Petition Date</u>"), each of the debtors in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), including GMAC Mortgage, filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

B.    The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C.    On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower*

*Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774].

D. On May 16, 2006, Movants obtained a loan (the "Loan") secured by a first deed of trust from GreenPoint Mortgage Funding, Inc. in the amount of $327,000 against the property located at 80636 Jasmine Lane, Indio, California 92201 (the "Property"), which Loan was serviced by GMAC Mortgage.

E. On December 27, 2012, Executive Trustee Services, acting as agent for GMAC Mortgage, conducted a trustee's sale of the Property (the "Foreclosure"), pursuant to which the Property reverted to GMAC Mortgage.

F. On or about January 30, 2013, Plaintiffs filed a complaint (the "Complaint") commencing an action (the "Wrongful Foreclosure Action") against GMAC Mortgage and various unspecified defendants in Superior Court of the State of California, County of Riverside (the "California State Court"), captioned John Garcia & Maria Garcia vs. GMAC Mortgage, LLC and Does 1-100, (Case No. INC1300675), asserting claims for: (I) Fraud and Deceit, (II) Quiet Title and Set Aside Wrongful Foreclosure, (III) Cancellation of Trustee's Sale, (IV) Cancellation of Trustee's Deed Upon Sale, (V) Wrongful Foreclosure in Violation of California Civil Code Sections 2923.5, 2923.6 and 2923.7, (VI) Promissory Estoppel, (VII) Negligence, (VIII) Negligent Misrepresentation and (IX) Violation of Business and Professions Code Section 17200, et seq.

G. On April 2, 2013, Plaintiffs filed the Motion for Relief from Stay [Docket No. 3341] (the "Motion for Stay Relief"), pursuant to which Plaintiffs sought relief from the automatic stay imposed by section 362(a) of Bankruptcy Code in order to prosecute the Wrongful Foreclosure Action.

H.   In view of the equitable relief requested in the Wrongful Foreclosure Action, GMAC Mortgage has conferred with Plaintiffs and has agreed to a limited modification of the automatic stay pursuant to the terms and subject to the conditions set forth in this stipulation and order (the "Stipulation and Order").

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, as follows:

**AGREEMENT**:

1.   Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by section 362 of the Bankruptcy Code shall, to the extent applicable, be modified solely for the limited purpose of permitting Plaintiffs to prosecute any equitable claims asserted in the Wrongful Foreclosure Action to the extent such claims constitute defenses to the Foreclosure, but Plaintiffs shall not be permitted to prosecute any monetary claims against the Debtors.

2.   Upon entry of this Stipulation and Order by the Court, Plaintiffs shall be deemed to have withdrawn the Motion for Stay Relief.

3.   Plaintiffs hereby waive any right to assert any monetary claim or file a proof of claim arising from or relating to pre-petition claims against the Debtors and the Debtors' chapter 11 estates.

4.   Except as provided in paragraph 1 hereof, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, and Plaintiffs, together with their respective agents, attorneys, or representatives, shall not

take any action to execute, enforce or collect all of or any portion of any such judgment from the Debtors or its estates or properties.

5. This Stipulation and Order shall not become effective unless and until it is entered by the Bankruptcy Court.

6. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Bankruptcy Court.

7. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

8. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

9. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

10. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

11. The Court shall retain jurisdiction to resolve all disputes relating to the implementation of this Stipulation and Order.

Dated: May 1, 2013
      New York, New York

| GMAC MORTGAGE, LLC | JOHN GARCIA AND MARIA GARCIA |
|---|---|
| */s/ Norman S. Rosenbaum* | */s/ Sapna Gupta* |
| Gary S. Lee | Sapna Gupta, Esq. |
| Norman S. Rosenbaum | Pantano & Gupta, LLC |
| Erica J. Richards | 136 Madison Avenue, Floor 6 |
| MORRISON & FOERSTER LLP | New York, New York 10016 |
| 1290 Avenue of the Americas | Telephone: (212) 208-1438 |
| New York, New York 10104 | Facsimile: (646) 430-8965 |
| Telephone: (212) 468-8000 | |
| Facsimile: (212) 468-7900 | *Counsel for John Garcia and Maria Garcia* |
| *Counsel for GMAC Mortgage, LLC* | |

APPROVED AND SO ORDERED

this 14th day of May, 2013 in New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                  United States Bankruptcy Judge