Hearing Date: May 23, 2013 at 10:00 a.m. (ET)
Reply Deadline: May 20, 2013 at 5:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Anthony Princi
Darryl P. Rains
Jamie A. Levitt

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------
                                                )
In re:                                          )   Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,               )   Chapter 11
                                                )
                                     Debtors.   )   Jointly Administered
                                                )
------------------------------------------------------------------------------

**DEBTORS' OPPOSITION TO MOTION**
**TO PRECLUDE THE TESTIMONY OF JAMES WHITLINGER**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................................ 1

ARGUMENT ........................................................................................................................................ 1

    I.    The Debtors' Disclosure of Mr. Whitlinger as a Rebuttal Fact Witness Was Not Untimely Under the Court's Scheduling Order ....................................... 1

    II.    Even If the Debtors' Disclosure Was Untimely, Any Supposed Untimeliness Was "Substantially Justified" and "Harmless." ................................ 2

        A.    Substantial Justification Exists Because the Committee Had Not Offered Any Objection When Fact Witnesses Were Named ..................... 3

        B.    Any Untimely Disclosure Was "Harmless." ............................................... 4

    III.    Mr. Whitlinger's Testimony Addresses New Allegations Regarding the Directors' Approval of the RMBS Settlement. ........................................................ 5

    IV.    Mr. Whitlinger's Testimony Is Not "Merely Cumulative." .................................... 6

CONCLUSION ..................................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006) ................................................................................................. 3

*Patterson v. Balsamico*,
   440 F.3d 104 (2d Cir. 2006) ................................................................................................. 4

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
   280 F.R.D. 147 (S.D.N.Y. 2012) ....................................................................................... 3, 4

*St. Ange v. ASML, Inc.*,
   Civ. No. 3:10CV79(WWE), 2012 WL 517309 (D. Conn. Feb. 16, 2012) ............................. 5

*United States v. Gasparik*,
   141 F. Supp. 2d 361 (S.D.N.Y. 2001) ................................................................................... 5

*United States v. Nussen*,
   531 F.2d 15 (2d Cir. 1976) .................................................................................................... 5

*Williams v. County of Orange*,
   No. 03 CIV 5182(LMS), 2005 WL 6001507 (S.D.N.Y. Dec. 13, 2005) ................................ 4

OTHER AUTHORITIES

Federal Rules of Civil Procedure
   26(a)(1) .................................................................................................................................. 3
   26(a)(2) .................................................................................................................................. 3
   26(a)(3) .................................................................................................................................. 2
   26(a)(3)(A)(i) ..................................................................................................................... 2, 3
   37(b)(2)(A) ............................................................................................................................ 3
   37(c) ....................................................................................................................................... 3
   37(c)(1) .............................................................................................................................. 2, 3

Federal Rules of Bankruptcy Procedure
   Rule 7026 ............................................................................................................................... 3
   Rule 7037 ............................................................................................................................... 2

**INTRODUCTION**

The Debtors designated James Whitlinger as a rebuttal fact witness to testify at the hearing of the 9019 Motion. The Committee's motion to preclude his testimony should be denied.

The Debtors' designation of Mr. Whitlinger did not violate the Court's September 25, 2012 Second Revised Scheduling Order, which did not set a deadline for the disclosure of rebuttal witnesses, or any of the subsequent Revised Scheduling Orders entered by the Court. And Mr. Whitlinger's testimony is properly offered to rebut the Committee's allegations that ResCap's board of directors approved the RMBS settlement without the requisite due care. This charge was made for the first time in the Committee's Objection, which was filed on December 3, 2012.

**ARGUMENT**

**I.    THE DEBTORS' DISCLOSURE OF MR. WHITLINGER AS A REBUTTAL FACT WITNESS WAS NOT UNTIMELY UNDER THE COURT'S SCHEDULING ORDER.**

The Committee argues that the Debtors' designation of Mr. Whitlinger as a rebuttal fact witness was "untimely" under the Second Revised Scheduling Order. (Motion of the Committee of Unsecured Creditors to Preclude the Testimony of James Whitlinger at 2, [Docket No. 3611].) The Debtors' designation of Mr. Whitlinger as a rebuttal fact witness was not untimely because, as the Committee concedes, the Scheduling Order "made no separate provision for 'rebuttal' fact witnesses" and thus set no deadline for the disclosure of rebuttal fact witnesses. (*Id.*)

The Second Revised Scheduling Order states that "any party seeking to introduce *direct* testimony" shall designate fact witnesses not later than October 5, 2012. (September 25, 2012 Second Revised Scheduling Order at ¶ 6 [Docket No. 1551] (emphasis added).) It is unsurprising that the order is silent on rebuttal fact witnesses. When the Second Revised

1

Scheduling Order was entered on September 25, 2012, no objections to the Debtors' motion for approval of the RMBS Trust Settlement Agreements (the "9019 Motion") had been filed and, indeed, no date had even been set for filing those objections.[1] Obviously, the Debtors could not have been expected to designate witnesses on October 5, 2012, to rebut claims in objections that had not yet been made. The Second Revised Scheduling Order thus, sensibly, was limited to the *direct* testimony of fact witnesses and contained no provision for *rebuttal* fact witnesses.

The Debtors' February 13, 2013, designation of Mr. Whitlinger therefore did not violate the plain terms of the Scheduling Orders, as revised. In fact, that designation was timely under the December 27, 2012 Fourth Revised Scheduling Order, which required adverse witness lists, exhibit lists, and direct testimony, "along with any other disclosures required by Rule 26(a)(3)" to be filed by March 4, 2013. (December 27, 2012 Fourth Revised Scheduling Order at ¶ 12 [Docket No. 2528].) Disclosure of rebuttal factual testimony plainly falls within Rule 26(a)(3), which requires parties to name witnesses "it may present at trial other than solely for impeachment . . . separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(i).[2]

## II.    EVEN IF THE DEBTORS' DISCLOSURE WAS UNTIMELY, ANY SUPPOSED UNTIMELINESS WAS "SUBSTANTIALLY JUSTIFIED" AND "HARMLESS."

The Debtors did not violate the Court's Scheduling Orders. But even if the Court were to conclude that they had, Mr. Whitlinger's testimony should not be excluded under Rule 37(c)(1) of the Federal Rules of Civil Procedure.[3] The Debtors designated Mr. Whitlinger as a fact

---

[1] The Committee's deadline to submit objections to the 9019 Motion was not established until the Fourth Revised Scheduling Order, entered on December 27, 2012.

[2] The explicit reference to Fed. R. Civ. P. 26(a)(3) did not appear in the Court's Revised Scheduling Orders until October 23, 2012, after the time set in the Second Revised Scheduling Order for the identification of fact witnesses who would be expected to provide direct testimony.

[3] That rule is made applicable here by Rule 7037 of the Federal Rules of Bankruptcy Procedure.

2

rebuttal witness pursuant to Rule 26(a)(3)(A)(i), which governs pretrial witness disclosures.[4] (Debtors Second Amended Fact Witness Disclosures at 3-4 [Docket No. 2903].) Rule 37(c)(1) provides that a party who fails to identify a witness is "not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Preclusion under Rule 37(c) is not mandatory *even if* the failure is not substantially justified or harmless. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006) (district court erred in its determination that "preclusion is mandatory" under Rule 37(c)(1)); *see also Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) ("as preclusion of evidence is a harsh remedy, it should be imposed only in rare situations") (internal citations omitted).

    **A.**    **Substantial Justification Exists Because the Committee Had Not Offered Any Objection When Fact Witnesses Were Named.**

"Substantial justification" exists if there is 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request,' or 'if there exists a genuine dispute concerning compliance.'" *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 280 F.R.D. at 159 (quoting *Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002)).

Any supposed delay in disclosing Mr. Whitlinger as a rebuttal witness was substantially justified. The October 5, 2012 deadline to disclose fact witnesses preceded the submission of the Committee's Objection by almost two months. It also preceded all of the depositions in the

---

[4] Rule 26 of the Federal Rules of Civil Procedure is incorporated by Rule 7026 of the Federal Rules of Bankruptcy Procedure. Rule 26(a)(3)(A)(i) provides that "[i]n addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment: the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises." Fed. R. Civ. P. 26(a)(3)(A)(i). The Committee incorrectly asserts that the Debtors violated "the terms of a discovery order," (Comm. Mot. at 5) and thus contends that Rule 37(b)(2)(A) applies. But the Scheduling Order is not 'an order' to provide or permit discovery" under that Rule.

matter. The Debtors could not then know they needed to disclose Mr. Whitlinger as a rebuttal fact witness; there was nothing to rebut until December 3, 2012, when the Committee submitted its Objection. Moreover, the Court's Scheduling Order setting forth the October 5, 2012 deadline refers only to fact witnesses; it is silent regarding *rebuttal* testimony. Thus, because the Scheduling Order deadline for identifying witnesses who would be offering direct testimony was set two months prior to the Committee's Objection to the settlement, and because the Scheduling Order is silent regarding rebuttal testimony, reasonable parties could differ as to whether the Debtors were required to comply with the October 5, 2012 deadline when disclosing *rebuttal* fact witnesses.

### B. Any Untimely Disclosure Was "Harmless."

Harmlessness means an "absence of prejudice." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd.*, 280 F.R.D. at 159; *see also Williams v. County of Orange*, No. 03 CIV 5182(LMS), 2005 WL 6001507, at *3 (S.D.N.Y. Dec. 13, 2005) (failure to disclose was not harmless because plaintiff was prejudiced by lack of information regarding content of defendant's expert report).

The Debtors' so-called delay in disclosing Mr. Whitlinger as a rebuttal fact witness was not prejudicial because the Committee has known of Mr. Whitlinger's designation for three months. The Committee has had more than enough time to prepare for his rebuttal testimony.[5] *Cf. Patterson v. Balsamico*, 440 F.3d 104, 118 (2d Cir. 2006) (affirming the district court's exclusion of the testimony of four witnesses identified ten days before trial).

And the Committee already deposed Mr. Whitlinger, on November 15, 2012. At the March 1, 2013 hearing, the Committee complained that it "used a very small amount of time."

---

[5] The Debtors disclosed Mr. Whitlinger as a rebuttal fact witness in the Debtors' Second Amended Fact Witness Disclosures Pursuant to Rule 26 of the Federal Rules of Civil Procedure, filed on February 13, 2013.

(Ex. 1, March 1, 2013 Hr'g Tr. at 35:13-19 [Docket No. 3119].)[6]  However, the Committee took a four hour deposition of Mr. Whitlinger, which was the maximum amount of time the Court allowed for most fact witness depositions.[7]  *See St. Ange v. ASML, Inc.*, Civ. No. 3:10CV79(WWE), 2012 WL 517309, at *2 (D. Conn. Feb. 16, 2012) (untimely disclosure of witness was harmless when the Court permitted defendants to depose the witness and conduct rebuttal discovery).

### III.  MR. WHITLINGER'S TESTIMONY ADDRESSES NEW ALLEGATIONS REGARDING THE DIRECTORS' APPROVAL OF THE RMBS SETTLEMENT.

The Committee says Mr. Whitlinger is not a true rebuttal witness because his testimony does not address a new issue in the case.[8]  (Comm. Mot. at 6.)  They base this claim on the disingenuous assertion that the Debtors "have recognized and attempted to address" the issue of the ResCap board's due care "from the outset as part of their case in chief." (Comm. Mot. at 6.)

But the Committee's only evidence for this claim—which comes from the Debtors' initial moving papers—has nothing to do with board's approval process.  The Debtors' said the settlement was an "appropriate, prudent, objectively reasonable and indeed preferable manner in which to settle R&W Claims."  That language has nothing to do with the board's exercise of due care in settlement.  In fact, the board's exercise of due care is not discussed—or even mentioned—in the Debtors' initial moving papers.

---

[6] "Ex. ___" refers to the exhibits attached to the Declaration of LaShann DeArcy dated May 14, 2013, filed concurrently with this motion.

[7] The Court set forth the time limits for the deposition of fact witnesses at the October 4, 2012 hearing, stating that "Four of the depos shall not exceed three hours in length.  Four of the depos shall not exceed four hours in length.  And three depos shall not exceed seven hours in length." (Ex. 2, Oct. 4, 2012 Hr'g Tr. at 35:6-17 [Docket No. 1756].)

[8] Rebuttal witnesses "cannot always be anticipated as much depends on what is introduced" in the opposing party's case.  *United States v. Gasparik*, 141 F. Supp. 2d 361, 368 (S.D.N.Y. 2001).  The Court has wide discretion as to what evidence may or may not be presented on rebuttal.  *United States v. Nussen*, 531 F.2d 15, 20 (2d Cir. 1976).

5

Mr. Whitlinger is a proper rebuttal witness because his testimony counters a new matter raised in the Committee's summary of "evidence that will be presented at trial," namely its allegation that ResCap's directors "rubber-stamped the Settlement after reviewing only a cursory and deeply flawed analysis." (Comm. Obj. at 15, 18-19.)[9]  His testimony will rebut the Committee's claims that the directors agreed to an allowed claim of "*$4 billion more* than the highest value they had ever publicly attributed to their R&W liability" (Comm. Obj. at 15), a topic addressed in his November 15, 2012 deposition.  (Ex. 3, Whitlinger Dep. at 101:5-102:16.) Mr. Whitlinger will also respond to the Committee's claims that the board was provided "no meaningful legal or factual analysis" of the settlement, and that the materials the board used to review the settlement were "fundamentally flawed" and "contained the barest analysis imaginable of the merits" of the settlement.  (Comm. Obj. at 19.)

### IV.    MR. WHITLINGER'S TESTIMONY IS NOT "MERELY CUMULATIVE."

The Committee also says Mr. Whitlinger's testimony is "merely cumulative" and should thus be excluded.  There is no basis for this claim.  Mr. Whitlinger will testify to what he did and what he understood, how he concluded the RMBS settlement was in the best interests of the Debtors and their creditors.  He will also provide his own unique vantage point, as ResCap's Chief Financial Officer, regarding the Debtors' reserves for representation and warranty liability and the costs of continued litigation.  No other witness will offer testimony from this point of view.

---

[9] The Committee raises the issue of due care in arguing that the settlement was not the product of arm's length bargaining between ResCap and the trust investors under the seventh *Iridium* factor. But because the exercise of due care by one party to a negotiation is not legally relevant to the seventh or any of the other *Iridium* factors, the Debtors' could not have foreseen that the Committee's Objection to the fairness of the RMBS settlement would include breach of fiduciary duty allegations.

6

## CONCLUSION

For the foregoing reasons, the Court should deny the Committee's motion to preclude the rebuttal testimony of James Whitlinger.

Dated: May 14, 2013
      New York, New York

    /s/ *Darryl P. Rains*
Gary S. Lee
Anthony Princi
Darryl P. Rains
Jamie A. Levitt
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

7