# Exhibit 1

1

```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  SOUTHERN DISTRICT OF NEW YORK
 4  Case No. 12-12020-mg
 5  - - - - - - - - - - - - - - - - - - - - - - -x
 6  In the Matter of:
 7
 8  RESIDENTIAL CAPITAL, LLC, et al.,
 9
10              Debtors.
11
12  - - - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              March 1, 2013
19              10:04 AM
20
21  B E F O R E:
22  HON. MARTIN GLENN
23  U.S. BANKRUPTCY JUDGE
24
25
```

1
2  Status Conference RE: Debtors' Second Supplemental Motion
3  Pursuant to Fed. R. Bankr. P. 9019 for Approval of RMBS Trust
4  Settlement Agreements [Docket No. 1887]
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20  Transcribed by:   Penina Wolicki
21  eScribers, LLC
22  700 West 192nd Street, Suite #607
23  New York, NY 10040
24  (973)406-2250
25  operations@escribers.net

```
 1
 2   A P P E A R A N C E S :
 3   MORRISON & FOERSTER, LLP
 4        Attorneys for Debtors
 5        755 Page Mill Road
 6        Palo Alto, CA 94306
 7
 8   BY:  DARRYL P. RAINS, ESQ.
 9
10
11   KRAMER LEVIN NAFTALIS & FRANKEL LLP
12        Attorneys for Official Creditors' Committee
13        1177 Avenue of the Americas
14        New York, NY 10036
15
16   BY:  PHILIP S. KAUFMAN, ESQ.
17        PHILIP BENTLEY, ESQ.
18
19
20   CADWALADER, WICKERSHAM & TAFT, LLP
21        Attorneys for MBIA Insurance Co.
22        One World Financial Center
23        New York, NY 10281
24
25   BY:  JONATHAN HOFF, ESQ.
```

4

```
 1
 2  DECHERT LLP
 3        Attorneys for Bank of New York Mellon
 4        1095 Avenue of the Americas
 5        New York, NY 10036
 6
 7  BY:   GLENN E. SIEGEL, ESQ.
 8
 9
10  JONES DAY
11        Attorneys for Financial Guaranty Insurance Co.
12        222 East 41st Street
13        New York, NY 10017
14
15  BY:   HOWARD F. SIDMAN, ESQ.
16
17
18  PROSKAUER ROSE LLP
19        Attorneys for Assured Guaranty
20        Eleven Times Square
21        New York, NY 10036
22
23  BY:   IRENA M. GOLDSTEIN, ESQ.
24
25
```

12-12020-mg    Doc 3713-1    Filed 05/14/13    Entered 05/14/13 16:02:38    Exhibit 1
Pg 6 of 9
**RESIDENTIAL CAPITAL, LLC, ET AL.**

34

1  directors. They're both directors, and we learned things about
2  the plaintiffs' -- or the objectors' position in their
3  objections, which we got in December, which they submitted
4  after discovery was done and after we had designated our
5  witnesses.
6          No we know more about their objections, we'd like to
7  add two directors to our list.
8          THE COURT: When did you advise them that you wanted
9  to add the two directors to the list?
10         MR. RAINS: Two or three weeks ago. I'm not sure,
11 but --
12         What we've done, Your Honor, is one was already
13 deposed. We think there's no prejudice there. On the other
14 one, we've offered her deposition. We haven't been able to get
15 over that hurdle yet.
16         THE COURT: Mr. Kaufman?
17         MR. KAUFMAN: There is nothing for these witnesses to
18 rebut, Your Honor. The fact that we made arguments based on
19 the discovery we took in our objections is not evidence. These
20 witnesses were designated with descriptions of proposed
21 testimony that is word-for-word identical to the descriptions
22 given for the witnesses designated as direct witnesses --
23         THE COURT: You're saying --
24         MR. KAUFMAN: -- at the beginning.
25         THE COURT: -- it's cumulative of -- the proposed --

1   MR. KAUFMAN: Completely.
2   THE COURT: -- testimony would be cumulative.
3   MR. KAUFMAN: There's nothing to rebut. They're also
4   way late in designating witnesses.
5   THE COURT: Are you saying --
6   MR. KAUFMAN: The fact that we --
7   THE COURT: Stop.
8   MR. KAUFMAN: I'm sorry.
9   THE COURT: Stop. Are you saying that the description
10  they've given you of the proposed testimony is cumulative of
11  the testimony of other directors that they're offering in their
12  case-in-chief?
13  MR. KAUFMAN: Yes. The -- one other point in response
14  to what Mr. Rains said. Yes, we did take the deposition of Mr.
15  Whitlinger. We did that with the expectation that he was not a
16  listed witness. We did take his deposition. Because he was
17  not listed as a witness who would be testifying at trial, we
18  used a very small amount of time to depose him. It was not the
19  same thing as if we had expected him to --
20  THE COURT: Well, you might want to use part of the
21  deposition -- a designation of the deposition as part of your
22  case. I don't know. That's --
23  MR. KAUFMAN: We --
24  THE COURT: I didn't stop -- I didn't prevent you from
25  taking depositions in the case.

12-12020-mg    Doc 3713-1    Filed 05/14/13    Entered 05/14/13 16:02:38    Exhibit 1
Pg 8 of 9
**RESIDENTIAL CAPITAL, LLC, ET AL.**

36

1      MR. KAUFMAN:  Your Honor, we took seriously the
2 deadlines that were in the scheduling order for designating
3 fact witnesses.  These new so-called rebuttal witnesses were
4 designated a couple of weeks ago.  Neither of them is giving
5 rebuttal testimony.  And we think that they shouldn't be
6 testifying.
7      THE COURT:  Well, I don't have a record on which to
8 decide this issue now.  Mr. Rains, if the testimony is
9 cumulative, if you've addressed the issue of due care as part
10 of your case-in-chief, and certainly the briefs that I got on
11 the preclusion motion specifically, in part, address issues
12 about due care and -- et cetera, the chances of me allowing you
13 to offer that evidence on rebuttal is pretty small.  But I'm
14 not going to rule on it now.
15      Mr. Kaufman, take the deposition.  I'm not -- you
16 know, it's the only additional discovery I'm going to permit.
17 If I wind up letting -- what I don't want to do is get to the
18 date for motions in limine and say all right, I'm going to
19 permit it.  And then you're going to say, well, I need the
20 deposition.  Take the deposition.
21      MR. KAUFMAN:  Okay, Your Honor.  Before we do that,
22 however, we would like to see Ms. West's documents, which have
23 not been produced and --
24      THE COURT:  Oh, really?
25      MR. KAUFMAN:  Oh, really.  Mr. -- the debtors -- when

44

C E R T I F I C A T I O N

I, Penina Wolicki, certify that the foregoing transcript is a true and accurate record of the proceedings.

*Penina Wolicki*

_____

PENINA WOLICKI

AAERT Certified Electronic Transcriber CET**D-569

eScribers

700 West 192nd Street, Suite #607

New York, NY 10040

Date:   March 4, 2013