# Exhibit 7

1

```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  SOUTHERN DISTRICT OF NEW YORK
 4  Case No. 12-12020-mg
 5  - - - - - - - - - - - - - - - - - - - -x
 6  In the Matter of:
 7
 8  RESIDENTIAL CAPITAL, LLC, ET AL.,
 9
10              Debtors.
11  - - - - - - - - - - - - - - - - - - - -x
12
13              United States Bankruptcy Court
14              One Bowling Green
15              New York, New York
16
17              April 11, 2013
18              12:24 PM
19
20
21  B E F O R E:
22  HON. MARTIN GLENN
23  U.S. BANKRUPTCY JUDGE
24
25
```

```
 1
 2  A P P E A R A N C E S :
 3  MORRISON FOERSTER
 4        Attorneys for Debtors
 5        1290 Avenue of the Americas
 6        New York, NY 10104
 7
 8  BY:   DARRYL P. RAINS, ESQ.
 9
10
11  KRAMER LEVIN NAFTALIS & FRANKEL LLP
12        Attorneys for Creditors' Committee
13        1177 Avenue of the Americas
14        New York, NY 10036
15
16  BY:   PHILIP S. KAUFMAN, ESQ.
17
18
19
20
21
22
23
24
25
```

1  they will have opened the door and we will offer the same
2  witnesses that talk about the same subject matters and
3  meetings.
4           THE COURT:  Okay.
5           MR. RAINS:  Second, I may have heard Mr. Kaufman
6  incorrectly because I think his brief says they do mean to
7  exclude this.  If not, then we don't have a problem.  But we
8  will offer the percipient witness testimony of Ms. Hamzehpour
9  and also Mr. Devine, who will be offered by Ally, regarding
10 their participation in the settlement negotiations including as
11 the Court noted, their observation of conversations and
12 negotiations that also involve Kathy Patrick and Mr. Lee.
13          So to the extent they are percipient witnesses of a
14 non-privileged communication, negotiation, we will offer that
15 evidence, as well.
16          THE COURT:  They were deposed, I take it.
17          MR. RAINS:  Yes, sir.
18          THE COURT:  Right.
19          MR. RAINS:  Yes, Your Honor, they were deposed.
20          THE COURT:  Yes, my recollection is when I said --
21 having heard argument, I directed there would be no depositions
22 of the outside counsel.  I specifically recall discussing Ms.
23 Hamzehpour.  I don't remember Devine and maybe somebody can go
24 back to the transcript, but you know who said what to whom in
25 the negotiations.  If Hamzehpour and Devine were percipient

1  witnesses, the content of those communications, the back and
2  forth are not privileged.  I think Mr. Kaufman agreed with
3  that.  It would not be privileged.  They've been deposed about
4  it?
5            MR. RAINS:  Yes, Your Honor.  And all their e-mails
6  have been turned over.  Third topic, maybe you've just answered
7  this question but communications between Mr. Devine,
8  representing Ally and the lawyers representing ResCap as to
9  which we did not assert privilege, we would offer that evidence
10 both from Mr. Devine, Ms. Hamzehpour and the e-mails between
11 them as to which we did not assert the privilege.  These are
12 communications that go to the negotiating strategy, settlement
13 meetings, data about exposure, legal defenses, defect rates, et
14 cetera.  We did not assert privilege as to any of those
15 communications.
16           THE COURT:  But there's a dispute as to when Mr.
17 Devine was acting as a counsel for ResCap and when for Ally
18 alone; am I right about that or --
19           MR. RAINS:  Well, the --
20           THE COURT:  I don't remember it here but I remember
21 this coming up before.
22           MR. RAINS:  We had communications with the Court about
23 that at length.  The conclusion that I think we all reached and
24 certainly it was the debtors' position, it was not functionally
25 a matter of time, so much as the topic.  When he was

1  negotiating for Ally on the RMBS matters, we decided not to
2  assert the privilege.  Ally took a different position and then
3  we got it resolved.
4           The Court mentioned --
5           THE COURT:  Was Mr. Devine deposed on his --
6           MR. RAINS:  Yes, he was deposed, Your Honor.
7           THE COURT:  And no privilege was asserted with respect
8  to his communications with ResCap's lawyers?
9           MR. RAINS:  Correct, Your Honor.
10          THE COURT:  At any time, there was no objection, an
11 instruction not to answer for Mr. Devine's communication with
12 ResCap's lawyers; is that your statement?
13          MR. RAINS:  I did not attend that deposition.  All I
14 can --
15          THE COURT:  And you're arguing that his testimony
16 should be permitted.  I need a clear answer whether
17 instructions not to answer were given on attorney-client
18 privilege grounds regarding Mr. Devine's communications with
19 ResCap's lawyers or executives.
20          MR. RAINS:  So I will have to give that to you in a
21 letter but I will tell you the position I think we have
22 consistently drawn which is when the communications related to
23 the RMBS settlement, we did not assert privilege.  That's the
24 position we took in our privilege log.  It's the position we
25 took with documents and I'm confident it was the position we

1  took at his deposition. To be sure, I need to go and review
2  the transcript.
3            THE COURT: Okay.
4            MR. RAINS: Continuing the offer of proof, the Court
5  mentioned earlier the director's experience with rep and
6  warranty liability and litigation. They have a tremendous
7  amount of experience going back several years with MBIA and
8  FGIC. They had experience more recently with a variety of
9  regulatory settlements. We would not intend to offer any
10 privileged communication about those matters.
11           THE COURT: Here's the issue there, at least as I see
12 it. All right. I asked Mr. Kaufman about this specifically
13 and I am not going to rule at this time, one way or the other,
14 with respect to the directors' testimony about their experience
15 with representation in warranty litigation.
16           In theory, I think they should be permitted to testify
17 about their experience but they can't -- what I won't permit,
18 assuming I preclude -- grant the preclusion motion, I am not
19 going to permit director testimony to be used as a back door to
20 get in, in effect, the legal advice they received. If they
21 were involved -- if I was told Whitlinger was involved in risk
22 analysis, he was the CFO, he was --
23           MR. KAUFMAN: I was only hypothesizing.
24           THE COURT: Okay. Let me -- as a hypothetical, you
25 know, if Whitlinger was involved in risk analysis, and he's

1  presentation they made at the May 9th board meeting?
2              MR. KAUFMAN:  Yes.
3              THE COURT:  Okay.  Are you seeking to exclude that?
4              MR. KAUFMAN:  No.
5              THE COURT:  Oh, well that solves that problem, right?
6  So that's not an issue.  Do you agree that's not an issue then,
7  Mr. Rains?  Are you satisfied with Mr. Kaufman's statement?
8              MR. RAINS:  I think we should be allowed to put in
9  what happened at the May 9th meeting.  That would --
10             THE COURT:  Well, you're not going to be allowed to
11 put in what happened at the May 9th meeting.  You obviously
12 have indicated a number of times, so it's not surprise what my
13 ruling is going to be; Mr. Kaufman has indicated he's not
14 objecting to what Mr. Cancelliere or Mr. Renzi presented at the
15 May 9th meeting.  Is that true, Mr. Kaufman?
16             MR. KAUFMAN:  That is true.
17             THE COURT:  All right.  Well, that solves that issue.
18             MR. KAUFMAN:  I want to make the follow --
19             THE COURT:  That's different from what legal advice
20 was given.
21             MR. KAUFMAN:  First, Your Honor, I wanted to respond
22 to a question that you asked Mr. Rains that he didn't know the
23 answer to and that is whether Mr. Devine was instructed not to
24 answer.
25             THE COURT:  Right.

1       MR. KAUFMAN:  Mr. Devine was represented by Kirkland &
2  Ellis at his deposition, not the debtors' counsel and I can
3  tell you that Mr. Devine was instructed not to answer questions
4  repeatedly on grounds of privilege, as between Mr. Devine and
5  the debtors.  In fact, Mr. Devine, who is a lawyer instructed
6  himself not to answer questions repeatedly.
7       THE COURT:  Okay.
8       MR. KAUFMAN:  And the transcript will reflect that.
9       THE COURT:  All right.  I'm not -- Devine has not been
10 briefed.
11      MR. KAUFMAN:  I understand.  I'm just --
12      THE COURT:  And I'm not going to decide Devine.
13      MR. KAUFMAN:  -- just answering the question.
14      THE COURT:  That's fine.  I appreciate you doing that.
15      MR. KAUFMAN:  Another point, may be obvious.  I think
16 that Your Honor already gets it.  The committee isn't
17 rebutting -- I mean, there is nothing to rebut.  The committee
18 isn't putting on evidence.  We filed objections to a motion.
19      THE COURT:  Well, I assume you're going to put on
20 evidence as part of your case in opposition to the motion.
21      MR. KAUFMAN:  We may or may not.
22      THE COURT:  Okay, you'll decide.
23      MR. KAUFMAN:  It's quite possible that the debtors
24 will be unable to carry their burden in the first instance, in
25 which event there will be nothing to rebut.

1  will be permitted to testify.  There are others which when a
2  question is asked -- look, in motions in limine, I am always
3  reluctant.  I have to ask myself what should be decided now
4  because it's clear cut and should be resolved now, what
5  requires a further evidentiary basis for me to rule, okay?  Mr.
6  Rains has made an offer of proof, most of which I think is
7  irrelevant to the issue that I consider before me on the
8  current motion.
9           Is there any last point that you want to make?  I
10 really need to end.  I've got more ResCap this afternoon.
11          MR. KAUFMAN:  I don't believe there are any others.
12          THE COURT:  Okay.  Thank you very much.  All right.
13 So, no surprise.  I'm going to issue a written opinion and
14 order.  It's probably going to take a few days to get it out.
15 I'm sure it's quite obvious already and you can continue with
16 your trial preparation on this basis and I thought it was
17 important that you all understand the parameters of what the
18 Court is going to rule, so that you could go on with your trial
19 preparation.
20          I am not going to permit the debtors to introduce any
21 evidence of the legal advice that was given by insider or
22 outside counsel with respect to the RMBS claims or settlement.
23 The debtors cherry-picked during the discovery process.  They
24 permitted very, very limited discovery relating only to the May
25 9, 2012 meeting and precluded all other document production as

 1  reflected in the privilege log or deposition testimony with
 2  respect to advice received -- given or received by counsel.
 3          So I will issue a written opinion and order but go
 4  about your business preparing and take that clearly into
 5  account.  I am not going to, with respect to other issues that
 6  Mr. Rains or Mr. Kaufman raised today, we'll have to wait and
 7  see at trial.  I am not ruling one way or the other.  I mean, I
 8  think there doesn't seem to be disagreement that Ms. Hamzehpour
 9  can testify about her clearly not privileged communications or
10  where she was a percipient witness of a communication between
11  Ms. Patrick or her colleagues and the debtors' representatives
12  in the give and take of negotiation.  That's not privileged and
13  I am going to permit.  It sounds like she's been deposed about
14  it, so there's no surprise there.
15          Mr. Cancelliere -- I guess Mr. Renzi and Mr.
16  Cancelliere, there's no dispute, Mr. Kaufman has agreed, that
17  with respect to the presentation they made at the May 9th board
18  meeting as to which there's been complete discovery, the
19  committee is not seeking to preclude that testimony.  So that
20  answered that question.
21          With respect to experience of directors, we'll have to
22  wait and see how that testimony comes in.  With respect to Mr.
23  Devine's communication with ResCap lawyers, that issue is not
24  clearly presented by the motions before me.  There seems to
25  be -- Mr. Rains has acknowledged that he is not aware of

1  whether or not Mr. Devine was instructed not to answer.  Mr.
2  Kaufman has indicated that he was.  If the debtors intend to
3  offer Mr. Devine's testimony, that ought to be taken up in
4  limine before trial and I will certainly review -- you have
5  discussed that with Mr. Kaufman.  Don't waste my time, Mr.
6  Rains, if there's a clear record of Mr. Devine being instructed
7  not to answer any questions about his communications with
8  ResCap, okay?  Don't waste my time with it.  You can raise it
9  if you want but you know I think this ruling out to make that
10 clear.
11          I've already discussed about experience, directors
12 with representation in warranty litigation.  So go on and
13 prepare.  I'll get out my opinion and order in due course.  All
14 right.  We're adjourned.
15          (Whereupon these proceedings were concluded at 1:25 PM)
16
17
18
19
20
21
22
23
24
25

```
 1
 2                    C E R T I F I C A T I O N
 3
 4   I, Linda Ferrara, certify that the foregoing transcript is a
 5   true and accurate record of the proceedings.
 6
 7        [signature: Linda Ferrara]
 8
 9   _____
10   Linda Ferrara
11   AAERT Certified Electronic Transcriber CET**D-656
12
13   eScribers
14   700 West 192nd Street, Suite #607
15   New York, NY 10040
16
17   Date:  April 12, 2013
18
19
20
21
22
23
24
25
```