**Hearing Date: May 23, 2013 at 10:00 a.m. (ET)**
**Reply Deadline: May 17, 2013 at 5:00 p.m. (ET)**

Richard M. Cieri
Ray C. Schrock
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Jeffrey S. Powell
Daniel T. Donovan
Gregory L. Skidmore
KIRKLAND & ELLIS LLP
655 15th Street, N.W., Ste. 1200
Washington, D.C. 20005
Telephone: (202) 879-5000
Facsimile: (202) 879-5200

*Counsel for Ally Financial, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) Chapter 11 |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ALLY FINANCIAL, INC.'S OPPOSITION TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PRECLUDE TIMOTHY DEVINE FROM TESTIFYING ABOUT ANY OF THE MATTERS AS TO WHICH DISCOVERY <u>FROM HIM HAS BEEN BLOCKED BASED ON A CLAIM OF PRIVILEGE</u>**

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Non-debtor Ally Financial, Inc. ("AFI") submits this Opposition to the Motion of the Official Committee of Unsecured Creditors (the "Committee") to Preclude Timothy Devine, AFI's Chief Counsel of Litigation, From Testifying. In support of its Opposition, AFI respectfully states as follows:

## PRELIMINARY STATEMENT

A central thrust of the Committee's argument regarding the RMBS Trust settlement has been the allegation that AFI dominated and controlled ResCap throughout the settlement negotiations. Having put AFI's conduct at issue, having sought document discovery regarding the negotiations and AFI's role, and having demanded a deposition of AFI's Chief Counsel of Litigation (Timothy Devine), the Committee now seeks to block from the Court the very testimony it has highlighted as critical to understanding the issues underlying the Debtors' Rule 9019 Motion. This about-face is due to the fact that the Committee's allegations regarding AFI's role are baseless, as proven by the evidence and testimony the Committee now seeks to preclude. The Court should not permit the Committee to engage in such tactics. There is no basis in the law to preclude Mr. Devine's testimony and certainly no basis in fact—or due process—to preclude such testimony.

Mr. Devine's unrebutted testimony—which was elicited by the Committee at his deposition and may be provided at trial—confirms that, far from being the central figure of the RMBS settlement, as the Committee claims, Mr. Devine was a participant and facilitator based on his experience with the RMBS litigation. Because the Committee has no answer to this testimony, which completely undermines its baseless theory, the Committee tries to use the fact that Mr. Devine is an attorney to preclude Mr. Devine's testimony completely based on a flawed

and unsupported privilege argument.  This attempt fails.  The testimony Mr. Devine would offer is factual—regarding the facts and chronology of the RMBS Trust settlement negotiations and the extent and character of his participation in the process.  The testimony in no way implicates Mr. Devine's legal analysis or advice, over which AFI has never waived privilege.  This distinction is proper and is common when a lawyer is a percipient fact witness, as is the case with Mr. Devine here.  The Committee has the burden to preclude Mr. Devine's testimony, and it does not come close to satisfying this burden.

Indeed, the record is clear that AFI asserted privilege only over internal and pre-negotiation common-interest legal analysis and communications but did *not* assert privilege over the intra-party communications and documents underlying the RMBS Trust settlement negotiations.  Nor did Mr. Devine decline to testify about the facts and circumstances of the RMBS Trust settlement negotiations, including documents disclosed in discovery, that he is prepared to testify to at trial.  The testimony of non-litigation counsel regarding unprivileged facts is routinely permitted under these circumstances.  *See Alpex Computer Corp. v. Nintendo Co., Ltd.*, No. 86 CIV. 1749(KMW), 1994 WL 139423, *12 (S.D.N.Y. Mar. 18, 1994) (declining to find a privilege waiver where "much of the testimony was limited to the underlying facts, rather than communications protected by the attorney-client privilege"); *see also In re Grand Jury Subpoena Duces Tecum,* 731 F.2d 1032, 1037 (2d Cir. 1984) ("the attorney-client privilege protects communications rather than information; the privilege does not impede disclosure of information except to the extent that the disclosure would reveal confidential communications").

The Committee claims that "the significance of [Mr. Devine's] role in the process through which the RMBS Settlement was made can hardly be overstated" (Committee Mot. at 1), yet it seeks to preclude Mr. Devine's affirmative testimony—which undermines its theory.  This

would contravene due process and preclude a full factual record for the Court.  At a minimum,

the Court should first review Mr. Devine's testimony and then address any argument to preclude

(which, again, will not have merit).  The Committee's broad—and unsupported—motion to

preclude the entirety of the testimony should be denied.

## ARGUMENT

### I.    The Committee Provides No Basis To Preclude Testimony From Mr. Devine Regarding The Facts Underlying The RMBS Trust Settlement.

The Committee's brief and conclusory motion to preclude Mr. Devine from testifying at

trial in this matter does not and cannot set forth an adequate basis on which to preclude Mr.

Devine's fact testimony regarding the RMBS Trust settlement negotiations.  The Committee fails

to cite, much less meet, its burden to preclude the testimony of a witness it has deposed and on

whom much of its erroneous fact theory relies.  This is because the percipient fact testimony of a

non-trial attorney is entirely permissible.  *See Park West Radiology v. CareCore Nat'l LLC*, 675

F. Supp. 2d 314, 335 (S.D.N.Y. 2009) (admitting probative attorney testimony based on personal

knowledge or inferences); *Petrilli v. Drechsel*, 94 F.3d 325, 330 (7th Cir. 1996) (permitting in-

house counsel testimony as fact witness and concluding that "the mere fact that he is an attorney

does not disqualify him as a witness"); *see also* Fed. R. Evid. 601, 602.

The Committee provides no basis to deviate from this well-established law.  Indeed, the

Committee cannot cite one specific example of a topic on which Mr. Devine has sought to testify

and over which AFI asserted privileged.  That is because there is none.  To the contrary, AFI

drew a clear line on privilege:  Mr. Devine and AFI refused to waive the privilege regarding his

internal legal analysis and advice, but provided fact testimony regarding the chronology of the

RMBS settlement and his role in the settlement.  AFI and the Debtors produced voluminous

documents[1] in Rule 9019 discovery regarding these topics, including communications and documents transmitted between and among AFI, ResCap and counsel for the RMBS Trust investors related to the lead up and negotiation of the RMBS Trust settlement.[2]  And indeed, the Committee and the other objecting parties have cited a number of these documents in their briefing and depositions in this matter.  (*See, e.g.*, Committee Obj. to Debtors' Rule 9019 Motion for Approval; FGIC Obj. to Debtors' Rule 9019 Motion for Approval and Chronology.)  That AFI properly withheld as privileged those internal and common-interest pre- and non-negotiation communications involving the assessment of purported legal claims by the RMBS claimants and other third parties is of no moment.  These assertions of privilege over non-negotiation materials have nothing to do with the topics on which Mr. Devine would provide fact testimony—the RMBS settlement negotiation process.

The Committee thus errs in arguing that AFI "cherry-pick[ed]" evidence to disclose through a selective waiver of privilege.  AFI made no such selective waiver.  Rather, it maintained a clear assertion of privilege over legal advice and analysis, but allowed full testimony and discovery regarding the topics the Committee raised in its objections and on which Mr. Devine would testify—facts regarding the settlement negotiations.  The Committee's citation to the Court's April 12 Order regarding the Debtors' assertion of privilege is thus unavailing.  (*See* Mem. Op. and Order Granting In Part and Denying In Part The Unsecured Creditors Committee's Preclusion Motion, at 10 (Docket. No. 3434).)  Unlike the Debtors, AFI did not selectively waive privilege.  Rather, AFI disclosed the non-privileged RMBS negotiation

---

[1]  AFI produced approximately 2,700 documents in 9019 discovery alone.

[2]  Indeed, following an extensive meet and confer process in early November AFI and the Committee reached a compromise on the disclosure of RMBS Trust settlement negotiation communications between AFI and the Debtors. (*See* Nov. 7, 2012 Letter From Patrick Bryan to Judge Glenn (Docket. No. 2104).)

communications with the Debtors and the Patrick group—the subject of Mr. Devine's testimony—and asserted privilege regarding non-negotiation communications and legal analysis—which are not the subject of Mr. Devine's testimony.

As he has previously, Mr. Devine is prepared to testify regarding the facts and chronology of the RMBS Trust settlement negotiations, including his discrete role in the process. Mr. Devine would testify that he did not represent ResCap with respect to the negotiation of the RMBS Trust settlement during the critical months of negotiation but rather that the settlement was negotiated by ResCap's independent inside and outside counsel, including ResCap's bankruptcy counsel at Morrison & Foerster. Mr. Devine also would testify that he did not negotiate the separate Ally-ResCap settlement figure, nor purport to negotiate that figure with Ms. Patrick or anyone else. Rather, Mr. Devine's testimony would confirm that he sought to facilitate the exchange of information between the parties to the negotiations given his historical knowledge of information and personnel related to the evaluation of the purported claims asserted by the RMBS Trust claimants. And Mr. Devine would testify as to specific communications with ResCap and the Patrick group demonstrating this discrete role in the negotiation process. The Committee provides no basis to prevent Mr. Devine from testifying as to these facts—already uncovered in discovery—relating to the RMBS settlement negotiations.

The Committee advances two primary bases for its claim that AFI's assertions of privilege require that Mr. Devine's trial testimony be precluded. Neither has merit.

First, the Committee asserts that that AFI and the Debtors' privilege logs include communications authored or sent to Mr. Devine, and then purports to describe certain of these communications without referencing specific log entries or document dates. (*See* Committee Mot. at 3.) As an initial matter, the Committee's broad citation to the privilege logs without

5

identifying specific documents fails to provide anything close to the "clear record" of negotiation communications claimed by the Committee.  More importantly, the Committee fails to account for (or purposefully ignores) the time frame and context of communications given that Mr. Devine served as litigation counsel to *both* AFI and ResCap with respect to mortgage-backed-securities and representation-and-warranty litigation until ResCap approached its bankruptcy filing.   Mr. Devine therefore had an attorney-client privilege with ResCap related to the assessment, evaluation, and strategic response to the purported claims asserted against each or both entities.   But as described above, AFI did not claim privilege and did not withhold communications and documents related to the inter-party negotiations of the RMBS Trust settlement, *including communications between AFI and ResCap*, and those documents have been examined through the course of discovery including during the deposition of Mr. Devine.  This would be the subject of Mr. Devine's testimony in support of the Rule 9019 motion. Accordingly, the Committee's reference to undated and unspecified privileged communications does nothing to demonstrate that settlement *negotiation* communications were withheld in a manner that might undermine the Committee's permissible discovery in this matter.

Second, the Committee complains that when Mr. Devine was deposed, he was instructed not to answer or refused to answer certain questions on the basis of privilege.   Again, the Committee attempts to conflate subject matters over which AFI asserted privilege with other subjects over which there was no assertion of privilege.   A closer examination of the questions referenced by the Committee demonstrates that as AFI's legal counsel Mr. Devine appropriately declined to disclose his legal and strategic analysis or the contents of his privileged communications.   For example, the Committee complains that Mr. Devine declined to testify in response to "[q]uestions about his formulation of strategy for pursing settlement discussions,"

but these questions included an express inquiry into internal AFI Legal communications including legal and strategic advice communicated to Mr. Devine's client. (*See* Committee Mot. at 4; Committee Exh. A. at 16-17, 31-32, 41-43.)  And as AFI's legal counsel, Mr. Devine appropriately declined to testify as to his mental impressions and "understanding of, or reaction to, statements by Ms. Patrick and Mr. Franklin," his "reasons for taking certain actions with respect to specific RMBS put-back demands," his mental impressions and analysis of "the possible effects of put-back demands on AFI's and ResCap's public disclosures," his "thought processes and intentions in connection with his communications," and his "understanding of the scope or releases contemplated by the RMBS settlement." (Committee Mot. at 4.)  Each of these topics calls for precisely the type of attorney-client and work-product material that is routinely and appropriately withheld from disclosure by attorneys.  Similarly, Mr. Devine's determination that he could not testify as to the privileged contents of or communications regarding AFI and ResCap's initial plan to defend against and respond to the purported claims asserted by Ms. Patrick in late 2011 is similarly justified.  (*See* Committee Exh. A at 16-17, 31-32, 41-44.)  As described above, AFI and ResCap shared joint attorneys and a common interest in defending against representation and warranty and private label securities claimants, and AFI and Mr. Devine have properly declined to disclose privileged materials related to those claims.

The Committee likewise ignores the factual testimony Mr. Devine provided at his deposition regarding the facts, events, and documents related to the RMBS Trust settlement negotiations, including the critical period of negotiations and eventual settlement in April and May 2012.  Mr. Devine testified about, among other things, initial contact from Ms. Patrick regarding her purported claims and AFI's response (Devine Tr. at 19-21, 38-41, 359-362), initial contact with Mr. Franklin (*id*. at 62-65, 77-80), follow up contact and communications with the

Patrick team regarding loan data and information (*id.* at 75-77, 81-82), communications between Mr. Devine and Tammy Hamzehpour (ResCap) and Gary Lee (Morrison & Foerseter) regarding negotiations with Ms. Patrick (*id.* at 83-99, 121-126, 137-145, 155-169, 177-183, 218-222), the circumstances and context for the separate negotiation of the Ally-ResCap settlement and plan support agreement (*id.* at 88-99, 225-227, 229-236, 241-242), communications with Ms. Patrick regarding settlement negotiations (*id.* at 171-177, 211-212), Mr. Devine's role in the ResCap discussions and negotiations with Ms. Patrick and Mr. Franklin (*id.* at 359-370), and the chronology of meetings and communications leading up to settlement (*id.* at 238-242, 249-259, 281-288).  Indeed, the Committee and other parties' full-day deposition of Mr. Devine employed over forty exhibits and resulted in nearly four-hundred pages of transcript.  Having deposed Mr. Devine and strenuously argued that he is a critical fact witness, the Committee cannot now preclude testimony from Mr. Devine.

That Mr. Devine's first-hand testimony regarding the settlement discussion wholly undercuts the fiction proffered by the Committee is no reason to prevent his testimony.  It is exactly the opposite.  At a minimum, the Committee's motion is premature.  The Court should first review any testimony by Mr. Devine and then decide any motion by the Committee to strike specific portions of the testimony.  Any such motion by the Committee will not succeed, for the reasons explained above.  But the Court certainly should not grant the request in this motion, which is to broadly preclude Mr. Devine's testimony without the Committee providing specific examples and support.  The Committee does not come close to satisfying its burden, and the motion should be denied.

## <u>CONCLUSION</u>

For all of these reasons, AFI respectfully requests that the Court deny the Committee's motion to preclude Mr. Devine's testimony at trial.

Dated:    May 14, 2013
      New York, New York

                                           */s/ Ray C. Schrock*
                                          Richard M. Cieri
                                          Ray C. Schrock
                                          KIRKLAND & ELLIS LLP
                                          601 Lexington Avenue
                                          New York, New York 10022
                                          Telephone: (212) 446-4800
                                          Facsimile: (212) 446-4900

                                          - and -

                                          Jeffrey S. Powell
                                          Daniel T. Donovan
                                          Gregory L. Skidmore
                                          KIRKLAND & ELLIS LLP
                                          655 15th Street, N.W., Ste. 1200
                                          Washington, D.C. 20005
                                          Telephone: (202) 879-5000
                                          Facsimile: (202) 879-5200

                                          *Counsel to Ally Financial, Inc.*