**Hearing Date: May 23, 2013 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 14, 2013 at 5:00 p.m. (prevailing Eastern Time)**

Richard L. Wynne
Howard F. Sidman
JONES DAY
222 East 41st Street
New York, NY 10017.6702
Telephone:    212-326-3939
Facsimile:    212-755-7306

Carl E. Black
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone:    216-586-3939
Facsimile:    216-579-0212

Attorneys for Creditor
FINANCIAL GUARANTY INSURANCE COMPANY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                                        )
In re:                                                  )    Case No. 12-12020 (MG)
                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,                       )    Chapter 11
                                                        )
         Debtors.                                       )    Jointly Administered
                                                        )
                                                        )
------------------------------------------------------- x

**FINANCIAL GUARANTY INSURANCE COMPANY'S RESPONSE TO
DEBTORS' DAUBERT MOTION TO EXCLUDE THE TESTIMONY
OF FGIC'S EXPERT CLIFFORD ROSSI AND SUPPLEMENTAL
<u>OBJECTION TO THE TESTIMONY OF JEFFREY LIPPS</u>**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Financial Guaranty Insurance Company ("FGIC"), the plaintiff in twelve lawsuits filed against several of the above-captioned debtors (collectively, the "Debtors") and their non-debtor affiliates, a creditor of the Debtors with claims in excess of $1.8 billion, an objector to the Debtors' RMBS Settlement Motion, and a member of the Official Committee of Unsecured Creditors (the "Committee"), hereby submits this response to the Debtors' Daubert Motion to Exclude the Testimony of FGIC's Expert Clifford Rossi [Docket No. 3608] (the "Rossi Motion").

## I. FGIC Withdraws Clifford Rossi as an Expert Witness

In light of the Memorandum Opinion and Order Granting in Part and Denying in Part the Unsecured Creditors Committee's Preclusion Motion [Docket No. 3434] (the "Preclusion Order"), Mr. Rossi's testimony regarding the inadequacy of the RMBS Trust Settlement approval process is no longer necessary. The limited factual record upon which the Debtors may rely cannot establish that the board of directors engaged in an adequate process to approve the RMBS Trust Settlement. Accordingly, FGIC withdraws Mr. Rossi as an expert witness in this case.

## II. Preclusion of Jeffrey Lipps Testimony

It is notable that several of the Debtors' arguments to preclude the testimony of Mr. Rossi are far more directly applicable to the testimony of their own expert, Jeffrey Lipps. The Debtors argue that Mr. Rossi's testimony should be precluded because his expert opinion constitutes a legal conclusion and the Second Circuit "requires the exclusion of testimony which states a legal conclusion." Rossi Motion at 7 (quoting *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994)). The Debtors also cite Second Circuit case law holding that "[a]s a general rule an

expert's testimony on issues of law is inadmiss[i]ble." *Id*. (quoting *United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)).

While Mr. Rossi's report and expertise dealt with the legal and financial analysis that the Debtor's management provided to the Board, it was process related and not focused on the specific legal advice provided, or legal conclusions. The declarations of Mr. Lipps, however, assert a wide array of legal conclusions, each of which violates the legal standard cited by the Debtors in their motion to exclude the testimony of Mr. Rossi.[1] *Id*. Indeed, as argued by the Committee, Mr. Lipps' declarations constitute little more than legal briefs masquerading as expert testimony. *See* Motion *in Limine* of the Official Committee of Unsecured Creditors to Preclude the Expert Testimony of Jeffrey A. Lipps in Connection with the Debtors' Motion for Approval of the RMBS Trust Settlement Agreements at 1 [Docket No. 3612] (the "Lipps Motion").

The numerous and detailed legal conclusions asserted by Mr. Lipps relate to, among others things, the elements the Trustees would need to prove in order to prevail on their claims, the materiality standards applicable to such claims, and standards for equitable tolling under New York law. September 28 Lipps Declaration ¶ 22, 72; January 15 Lipps Declaration ¶ 17. Mr. Lipps expounded at great length concerning his interpretation of key disputed legal issues, including, for example, the precedential value of case law addressing the effect of foreclosure upon the legal existence of a mortgage loan and the applicability of insurance law to the Trustees' claims. September 28 Lipps Declaration ¶ 81; January 15 Lipps Declaration ¶ 11. These extensive legal conclusions violate the standards set forth by the Debtors in the Rossi

---

[1] Mr. Lipps has submitted three declarations regarding the expert testimony he may provide in connection with the 9019 Motion. These declarations include: (i) the Declaration of Jeffrey A. Lipps dated May 24, 2012 (the "May 24 Lipps Declaration") [Docket. No. 320-9]; (ii) the Supplemental Declaration of Jeffrey A. Lipps dated September 28, 2012 (the "September 28 Lipps Declaration") [Docket. No. 1712-8-9]; and (iii) the Reply Declaration of Jeffrey A. Lipps dated January 15, 2013 (the "January 15 Lipps Declaration") [Docket. No. 2805].

Motion and run afoul of the settled rule that expert testimony on matters of domestic law is inadmissible.

The Debtors also argue that Mr. Rossi's testimony must be excluded because his methodology is unreliable. Rossi Motion at 4. The Debtors assert that an expert must show "the reliability of his methodology and analysis at every step." *Id.* (quoting *In re Young Broad., Inc.*, 430 B.R. 99, 121 (Bankr. S.D.N.Y. 2010)). The Debtors further assert that case law requires "the district court [to] undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Id.* (quoting *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002)).

The methodology employed by Mr. Lipps violates the reliability standards cited in the Rossi Motion because, although he opines on the reasonableness of the $8.7 billion settlement amount, his methods do not include any analysis of the quantitative components of the settlement. *See* September 28 Lipps Declaration ¶ 11. Mr. Lipps' declarations do not analyze loss or breach rates or attempt to assign probabilities to the likelihood of various potential outcomes of the many legal disputes at issue. *See* January 15 Lipps Declaration ¶ 25. A "rigorous examination" of the methods employed and the facts relied upon by Mr. Lipps reveals the fundamental unreliability of his methodology, which, although it purports to assess the reasonableness of the $8.7 billion settlement amount, fails to incorporate even a basic quantitative analysis.

## Conclusion

In light of the Preclusion Order, and for the reasons addressed above, FGIC withdraws Mr. Rossi as an expert witness in this case. Further, employing the standards advocated by the

Debtors in the Rossi Motion, the testimony of Mr. Lipps should be precluded in accordance with the Lipps Motion filed by the Committee and joined by FGIC.  *See* Joinder of Financial Guaranty Insurance Company in Support of Motions in Limine of the Official Committee of Unsecured Creditors [Docket No. 3618].

Dated: May 14, 2013

/s/  Richard L. Wynne
Richard L. Wynne
Howard F. Sidman
JONES DAY
222 East 41st Street
New York, NY  10017.6702
Telephone:    212-326-3939
Facsimile:    212-755-7306

Carl E. Black
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114.1190
Telephone:    216-586-3939
Facsimile:    216-579-0212

*Attorneys for Creditor*
*Financial Guaranty Insurance Company*