**HEARING DATE:  MAY 23, 2013 AT 10:00 A.M. EST**
**OBJECTION DEADLINE:  MAY 14, 2013 AT 5:00 P.M. EST**

CLEARY GOTTLIEB STEEN & HAMILTON LLP
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————X
:
**In re**                                                          :
:        **Chapter 11 Case No.**
**RESIDENTIAL CAPITAL, LLC, et al.,**       :
:        **12-12020 (MG)**
              Debtors.                                    :
:        **(Jointly Administered)**
:
————————————————————————X

**JOINDER OF WILMINGTON TRUST, N.A. IN SUPPORT OF THE
RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
TO DEBTORS' MOTION TO STRIKE THE OBJECTION AND EXCLUDE THE
EVIDENCE OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS IN OPPOSITION TO THE RMBS TRUST SETTLEMENT**

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Wilmington Trust, National Association (the "Trustee"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion issued by Residential Capital, LLC under that certain indenture dated as of June 24, 2005, respectfully submits this joinder to the *Response Of The Official Committee Of Unsecured Creditors To Debtors' Motion To Strike The Objection*

*And Exclude The Evidence Of The Official Committee Of Unsecured Creditors In Opposition To The RMBS Trust Settlement* (the "Response").[1] The Trustee represents as follows:

1. The Trustee hereby joins in and supports the Response in all respects because the Preclusion Motion is without any basis in law or fact. The Trustee also makes the following three brief observations in support of the Response.

2. *First*, the Trustee made the informed and reasoned decision to object to the 9019 Motion and the RMBS Trust Settlement, both in its capacity as Trustee and as a member of the Committee, after engaging in extensive discovery that led to the undeniable conclusion that the negotiation and approval process of the RMBS Trust Settlement was hopelessly flawed and resulted in an indefensible outcome. The Trustee's professionals were involved in every aspect of discovery, including deposing John Mack, the Independent Director that negotiated the $750 million settlement with Ally Financial, Inc., and participating in the depositions of the remaining eight-plus fact witnesses and certain expert witnesses. The Trustee's professionals also performed extensive document review and analyses to assist the Trustee in making its determination to object. To say that the Trustee's decision was not based on an extensive review of the record is, simply put, baseless.

3. *Second*, the Debtors incredibly argue that the Trustee is biased because the Trustee argued in its objection that the RMBS trust claims must be subordinated under § 510(b) of the Bankruptcy Code.[2] But as the Committee aptly notes in its Response, if a committee member must recuse itself every time its interests are not perfectly aligned with every other creditor, committees

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Response.

[2] The Committee's objection to the 9019 Motion also recognized that the RMBS Trust Settlement apparently did not take into account whether the RMBS claims should be subordinated. *See Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the RMBS Trust Settlement Agreements* [Docket No. 2825, at 41 n.33].

2

could never function because members would need to recuse themselves from every decision. But in any event, the Debtors' argument is irrelevant and misplaced because the Trustee conducted a thoughtful and diligent inquiry to determine whether to object in the first instance, and arguments made in the Trustee's individual objection are of no relevance to whether the Trustee's decision to support the Committee's objection was conflicted. In the end, the Trustee spent considerable resources understanding and analyzing the 9019 Motion and determined that the RMBS Trust Settlement should not be approved for all the reasons stated in the objections.

4.  *Finally*, the Debtors argue that the Trustee is conflicted because the Trustee allegedly expressed its opposition to the 9019 Motion within three weeks of filing a notice of appearance and before any depositions had been taken.[3] *See* Preclusion Motion at 6. The Debtors cite to that certain *Report of Wilmington Trust, National Association Concerning The Status Of Discovery In Connection With The Debtors' Rule 9019 Motion To Approve The RMBS Settlement* [Docket No. 1479] (the "Discovery Report") to support this gross mischaracterization of the record. In the Discovery Report, however, the Trustee never "expressed" opposition to the 9019 Motion. Instead, the Discovery Report highlights (i) how the Trustee, upon learning of the Debtors' amendment to the RMBS Trust Settlement in July 2012 to include the so-called "HoldCo Election" and to remove certain estate releases for Residential Capital, LLC, took immediate and concrete steps to involve itself in the discovery process, and (ii) how the Debtors failed to permit the Trustee to take discovery for the purpose of analyzing the RMBS Trust Settlement. To be sure, the Trustee did not file an objection to the 9019 Motion until after court-ordered discovery was completed, and prior to a court order, the Debtors refused to provide the Trustee with any

---

[3] This statement is also factually incorrect because Loeb & Loeb LLP filed a notice of appearance on July 31, 2012 to appear on behalf of Wilmington Trust, National Association, which was over a month before Cleary Gottlieb Steen & Hamilton LLP filed its notice of appearance as special restructuring counsel for the Trustee. *See Notice Of Appearance And Request For Documents [Of Loeb & Loeb LLP]* [Docket No. 946].

meaningful discovery on the RMBS Trust Settlement. This conclusion is entirely consistent with the Trustee's statement in the Discovery Report itself (which the Debtors conveniently omit from the Preclusion Motion) stating that the Trustee could not evaluate the RMBS Trust Settlement because the Debtors failed to provide the Trustee (and the public) with a copy of it. *See id.* ¶ 4 (stating that the "Trustee will only know the complete contents of this new agreement once it is filed, less than a week before the close of fact discovery as provided in the Scheduling Order").

5. For the reasons stated in the Response and this joinder, the Preclusion Motion should be denied.

Dated: New York, New York
May 14, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Thomas J. Moloney
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
A Member of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*