1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  - - - - - - - - - - - - - - - - - - - - -x

5  In the Matter of:

6  RESIDENTIAL CAPITAL, LLC,                    Case No. 12-12020-mg

7              Debtors.

8  - - - - - - - - - - - - - - - - - - - - -x

9  JENKINS, et al.,                            Case No. 12-01935-mg

10             Plaintiffs,

11

12         - against -

13

14  RESIDENTIAL FUNDING COMPANY, LLC, et al.,

15             Defendants.

16  - - - - - - - - - - - - - - - - - - - - -x

17  RESIDENTIAL CAPITAL, LLC, et al.,       Case No. 13-01262-mg

18               Plaintiffs,

19

20         - against -

21

22  ALLSTATE INSURANCE COMPANY, et al.,

23             Defendants.

24  - - - - - - - - - - - - - - - - - - - - -x

25

1

2

3

4

5

6

7

8                        United States Bankruptcy Court

9                        One Bowling Green

10                       New York, New York

11

12                       May 14, 2013

13                       10:18 AM

14

15

16

17

18

19

20

21

22   B E F O R E:

23   HON. MARTIN GLENN

24   U.S. BANKRUPTCY JUDGE

25

1

2 (CC: Doc #3374, 3375) Debtors' Motion for Entry of an Order to

3 Permit the Debtors to Continue Using Cash Collateral.

4

5 (CC: Doc# 2274) Adj. Hearing Re: Motion for Relief from Stay

6 filed by Jeffrey L. Saltiel on behalf of Med&G Group, L.P..

7

8 Motion of Albina Tikhonov for Contempt of Bankruptcy. (related

9 document(s) 2627)

10

11 (CC: Doc# 3383) Motion to Vacate Automatic Stay.

12

13 Adversary proceeding: 12-01935-mg Jenkins et al v. Residential

14 Funding Company, LLC et al (CC: Doc no.1) Adjourned Case

15 Management Conference.

16

17 Adversary proceeding 13-01262-mg Residential Capital, LLC, et

18 al. v. AllState Insurance Company, et al. Status Conference

19

20 Transcribed by:  Linda Ferrara

21 eScribers, LLC

22 700 West 192nd Street, Suite #607

23 New York, NY 10040

24 (973)406-2250

25 operations@escribers.net

4

```
 1
 2  A P P E A R A N C E S :
 3  MORRISON & FOERSTER LLP
 4         Attorneys for Debtors
 5         1290 Avenue of the Americas
 6         New York, NY 10104
 7
 8  BY:   NORMAN S. ROSENBAUM, ESQ.
 9         JAMES A. NEWTON, ESQ.
10         TODD M. GOREN, ESQ.
11         JONATHAN ROTHBERG, ESQ.
12         SAMANTHA MARTIN, ESQ.
13         GARY LEE, ESQ.
14         ANTHONY PRINCI, ESQ.
15
16  KRAMER LEVIN NAFTALIS & FRANKEL LLP
17         Attorneys for Official Creditors' Committee
18         1177 Avenue of the Americas
19         New York, NY 10036
20
21  BY:   KENNETH H. ECKSTEIN, ESQ.
22         ELISE S. FREJKA, ESQ.
23         GREGORY A. HOROWITZ, ESQ.
24         JOSEPH A. SHIFER, ESQ.
25         PHILIP S. KAUFMAN, ESQ.
```

```
 1
 2   SILVERMANACAMPORA LLP
 3          Special Counsel to Creditors' Committee
 4          100 Jericho Quadrangle
 5          Suite 300
 6          Jericho, NY 11753
 7
 8   BY:   JUSTIN S. KRELL, ESQ.
 9
10   CLEARY GOTTLIEB STEEN & HAMILTON LLP
11          Attorneys for Wilmington Trust
12          One Liberty Plaza
13          New York, NY 10006
14
15   BY:   MARK A. LIGHTNER, ESQ.
16          THOMAS MOLONEY, ESQ.
17   SEAN A. O'NEAL, ESQ.
18
19   KIRKLAND & ELLIS LLP
20          Attorneys for Ally Financial Inc. & Ally Bank
21          601 Lexington Avenue
22          New York, NY 10022
23
24   BY:   RAY C. SCHROCK, ESQ.
25
```

1

2  KELLEY DRYE & WARREN LLP

3        Attorneys for UMB Bank

4        101 Park Avenue

5        New York, NY 10178

6

7  BY:   BENJAMIN D. FEDER, ESQ.

8

9  WHITE & CASE LLP

10        Attorneys for Ad Hoc Group of Junior Secured Noteholders

11        1155 Avenue of the Americas

12        New York, NY 10036

13

14  BY:   HARRISON DENMAN, ESQ.

15        J. CHRISTOPHER SHORE, ESQ.

16

17

18  JONES DAY

19        Attorneys for FGIC

20        222 East 41st Street

21        New York, NY 10017

22

23  BY:   HOWARD F. SIDMAN, ESQ.

24

25

1

2    WENIG SALTIEL LLP

3            Attorneys for MED&G Group

4            26 Court Street

5            Suite 1200

6            Brooklyn, NY 11242

7

8    BY:   WILLIAM E. BANEY, ESQ.

9

10   CADWALADER, WICKERSHAM & TAFT LLP

11           Attorneys for MBIA

12           700 Sixth Street, N.W.

13           Washington, D.C. 20001

14

15   BY:   MARK C. ELLENBERG, ESQ.

16

17   CADWALADER, WICKERSHAM & TAFT LLP

18           Attorneys for MBIA

19           One World Financial Center

20           New York, N.Y. 10112

21

22   BY:   JONATHAN M. HOFF, ESQ.

23

24

25

```
 1
 2   CARTER LEDYARD & MILBURN LLP
 3         Attorneys for Talcott Franklin Group Investors
 4         2 Wall Street
 5         New York, N.Y. 10005
 6
 7   BY:   AARON R. CAHN, ESQ.
 8
 9   HOGAN LOVELLS US LLP
10         Attorneys for U.S. Bank as Trustee
11         And America's Servicing Company
12         875 Third Avenue
13         New York, N.Y. 10022
14
15   BY:   BRIAN GRIECO, ESQ.
16
17
18   CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
19         Attorneys for Conflicts Counsel for the Debtor
20         101 Park Avenue
21         New York, N.Y. 10178-0061
22
23   BY:   THERESA A. FOUDY, ESQ.
24
25
```

```
 1
 2   CHADBOURNE & PARKE LLP
 3        Attorneys for Examiner
 4        30 Rockefeller Plaza
 5        New York, N.Y. 10122
 6
 7   BY:  MICHAEL G. DISTEFANO, ESQ.
 8
 9   DECHERT LLP
10        Attorneys for Bank of New York Mellon
11        1095 Avenue of the Americas
12        New York, N.Y. 10036-6797
13
14   BY:  JAMES O. MOORE, ESQ.
15
16   ROPES & GRAY LLP
17        Attorneys for RMBS Steering Committee
18        1211 Avenue of the Americas
19        New York, N.Y.  10036-8704
20
21   BY:  KEITH H. WOFFORD, ESQ.
22
23
24
25
```

1

2     LOWENSTEIN SANDLER

3           Attorneys for NJ Carpenters, et al.

4           1251 Avenue of the Americas

5           New York, N.Y.  10020

6

7     BY:   MICHAEL ETIKIN, ESQ.

8

9     SHAEV & FLEISCHMAN, LLP

10          Attorneys for Sylvia Dadzie

11          350 Fifth Avenue

12          Suite 7210

13          New York, N.Y.  10118

14

15    BY:   DAVID B. SHAEV, ESQ.

16

17    GARVEY, TIRELLI & CUSHNER LLP

18          Attorneys for Sylvia Dadzie

19          The Westchester Financial Center

20          50 Main Street

21          Suite 390

22          White Plains, N.Y.  10606

23

24    BY:   LINDA TIRELLI, ESQ.

25

```
 1
 2
 3    ALSO PRESENT:
 4          SHARON JENKINS, pro se (Telephonically)
 5          NELSON COHEN, Zuckerman Spaeder, LLP (Telephonically)
 6          JOSEPH H. HUSTON, Stevens & Lee, PC   (Telephonically)
 7          JAMES P. WATKINS, Bradley, Arant, Bolt, Cummings, LLP
 8                              (Telephonically)
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                           P R O C E E D I N G S

2              THE COURT:  Please be seated.  We're here in

3    Residential Capital, number 12-12020.

4              MR. GOREN:  Thank you, Your Honor.  Todd Goren,

5    Morrison & Foerster, on behalf of the debtors.  Happy

6    anniversary, first of all.  Today is our -- or it's the one

7    year anniversary of our filing.

8              THE COURT:  Okay.

9              MR. GOREN:  A lot of progress has been made recently

10   as I know you're aware and hopefully there will be some

11   announcements of that shortly.  The first item on the agenda is

12   the debtors' motion for a non-consensual use of cash

13   collateral.  In light of all the developments in the case, the

14   parties have consulted and agreed that it makes sense to

15   adjourn this out to the June 12th hearing.  We would like to

16   designate that as an evidentiary hearing.  We believe it will

17   be a very limited evidentiary hearing.  No live testimony.  The

18   evidence will be limited to the declarations already on file

19   and deposition designations.  So, we expect it to be in court,

20   really just argument.  But there will be some limited evidence

21   that will be part of the record.

22             THE COURT:  That's fine.  It's a pretty long agenda

23   already.  Hopefully it will be pared down by then.  Mr. Shore?

24             MR. SHORE:  Just a comment on the evidence, Your

25   Honor.  We'll need to schedule some time for argument and I

1    think the evidence, as Mr. Goren said, would be pretty limited.

2    They had submitted two declarations; Ms. Horner, who had

3    testified with respect to the 30.4 million dollars and go

4    forward costs, I think we've resolved that now, so that she's

5    not a witness who is even relevant, much less necessary for

6    live testimony.

7            We may have some cross of Mr. Puntus, who provided

8    testimony to the Court on adequate protection.  I think it

9    would be very limited.  We're going to try to work through

10   issues over the next thirty days and hopefully we can get

11   somewhere.  We may not be able to get somewhere but as the

12   Court knows, I think from the papers that have been submitted,

13   there's a big dispute over what do we do with respect to prior

14   costs; that big number.

15           THE COURT:  Yes, I read your supplemental papers

16   and --

17           MR. SHORE:  Okay.  So, I think -- I don't know that we

18   need a lot of time on that date but we are going to need some

19   time, both for argument and maybe a little bit of cross.

20           THE COURT:  What I would  -- so we have a ResCap

21   hearing on the afternoon of June 6th and let's just add this

22   just as a status conference and we can talk then about what's

23   going to happen on the 12th.  Okay?

24           MR. SHORE:  Very good, Your Honor.

25           THE COURT:  All right.

1           MR. GOREN:  That makes sense.

2           THE COURT:  Thank you, Mr. Goren.

3           MR. GOREN:  Okay.

4           THE COURT:  Thanks, Mr. Shore.

5           MR. GOREN:  And we have a stipulation extending cash

6    collateral.  It limits what we can use of cash collateral for

7    the next thirty days, which I assume we just submit to your

8    chambers after the hearing.

9           THE COURT:  Yes.

10          MR. SHORE:  Would you like us to walk you through

11   exactly what's happening on that?  I mean, we have essentially

12   a consensual bridge order to the next -- to the 14th then which

13   would provide that the debtors can spend up to six million

14   dollars on the go forward stuff -- or sorry, up to five million

15   dollars on the go forward stuff and then make adequate

16   protection payments but other than that current use of cash

17   collateral is terminated.

18          THE COURT:  Mr. Goren, do you --

19          MR. GOREN:  Yes.  No, I mean that's essentially right

20   that we're just -- we're paying the stuff that Mr. Shore says

21   they've agreed on; the accrued and unpaid expenses that are the

22   subject of the dispute.  We will, to the extent they need to be

23   paid over the next thirty days, they'll be funded with

24   unencumbered and there's a full reservation of rights for the

25   debtors and to seek to reallocate those funds as part of the

RESIDENTIAL CAPITAL LLC, ET AL.                    15

1    order otherwise.

2              THE COURT:  Okay.  All right.  So, we'll -- the June

3    6th is an afternoon, it's 2 o'clock.  So, you'll add it to the

4    -- add just the status conference on this to the June 6th,

5    okay?

6              MR. GOREN:  Okay.

7              THE COURT:  All right.

8              MR. GOREN:  Thank you.

9              THE COURT:  Thank you, Mr. Goren.

10             MR. GOREN:  I'll turn the podium over to Mr. Newton.

11             THE COURT:  Okay.

12             MR. NEWTON:  Good morning, Your Honor.  James Newton,

13   Morrison & Foerster on behalf of the debtors.

14             The next matter on the agenda is a motion for relief

15   from stay filed by MED&G.  It's docket number 2274.

16             THE COURT:  Right.

17             MR. NEWTON:  Your Honor will recall that the parties

18   stipulated to permit MED&G to proceed with its equitable claims

19   in the underlying action.  So, the only remaining issue relates

20   to the monetary claims that MED&G has asserted in that action.

21   Since it's MED&G's motion, I will turn the podium over to

22   MED&G's counsel.

23             THE COURT:  Thank you.

24             MR. BANEY:  Good morning, Your Honor.  William Baney,

25   Wenig Saltiel for the movant.

RESIDENTIAL CAPITAL LLC, ET AL.                    16

1          Your Honor, we asked that this motion -- the remainder

2     of the motion be adjourned to the omnibus hearing date of June

3     12th.  The reason for this is the parties in the underlying

4     case are exploring a settlement whereby the proof of claim from

5     the Inoways (ph.), the plaintiff in the underlying case will

6     assign their proof of claim to movant in which case the

7     monetary claims in the underlying case will become relevant and

8     we will be seeking relief from stay to proceed to address our

9     monetary damages.

10          THE COURT:  Mr. Newton?

11          MR. NEWTON:  Your Honor, at this point, I don't think

12     the debtors see a purpose in adjourning this matter out any

13     further.  At the April 30th hearing, Your Honor denied MED&G's

14     motion to file a late proof of claim.  So, all that we're left

15     with in connection with this motion is MED&G is seeking relief

16     to pursue monetary claims that it's barred from asserting

17     against the debtors.  There's a trial --

18          THE COURT:  To get an assignment of the proof of

19     claim, they'll deal with at the time.

20          MR. NEWTON:  I don't think that has anything to do

21     with the motion that's on for today.

22          THE COURT:  Yes, that's what I don't understand

23     because if you get an assignment of the claim what the --

24     Inoways or however they pronounce their name, they're

25     proceeding to trial; right?

RESIDENTIAL CAPITAL LLC, ET AL.                    17

1          MR. BANEY:  No, Your Honor. If we can do the --

2          THE COURT:  Oh, you're trying to settle it.

3          MR. BANEY:  Yeah, if we would do the settlement, the

4     property would go back to the plaintiffs, we would get their

5     proof of claim to seek monetary damages against the debtors to

6     proceed with our monetary claims against the debtors.

7          THE COURT:  Okay.  I'm not going to decide now whether

8     -- go through the claims allow -- if you get an assignment of

9     the claim, you can go through the claims allowance process.  Is

10    the case trial-ready in California?

11         MR. BANEY:  Yes, Your Honor, it's the end of May.  I'm

12    not sure if it's the 30th or the 31st, but the trial -- if the

13    case goes forward and there's no settlement prior to, the trial

14    date is the end of May.

15         THE COURT:  All right.  Well, so why does that have

16    anything to do with whether I rule on this motion now?  Because

17    it's going to have no bearing on that at all; is it?

18         MR. BANEY:  Correct, Your Honor.  That's why we're

19    asking it to be adjourned.

20         THE COURT:  No, so that's why I am going to deny the

21    motion to lift the stay.  This matter was, just so we're clear,

22    pending before the Court is the MED&G Group, LP, motion to lift

23    the stay.  It's at ECF 2274.  MED&G asked the Court to lift the

24    automatic stay to permit it to assert counterclaims in the

25    California Superior Court action, Inoways v. GMAC Mortgage

1   Corp.  It's case number SCV-248256.  The debtors filed an

2   objection to the motion at ECF 2680.  On May 8, 2013, I entered

3   an order -- the Court entered an order denying MED&G's request

4   to file a late proof of claim in the debtors' bankruptcy

5   proceeding.  I won't go through the whole procedural history

6   here.  In determining whether MED&G has established cause to

7   lift the stay, the Court considers the so-called Sonnax factors

8   from the Second Circuit's decision in Sonnax Industries, 907

9   F.2d 1280 at page 1286 (2d Cir. 1990).  Not all the factors are

10  relevant in every case and causes a broad and flexible concept

11  that must be determined on a case by case basis.  The moving

12  party bears the burden to demonstrate that good cause exists

13  for lifting the stay using the Sonnax factors and the Court may

14  deny the motion if the movant fails to make an initial showing

15  of cause.  See Sonnax 907 F.2d 1285.

16        The supplemental servicing order previously entered in

17  this case already allows MED&G to pursue counterclaims 1 and 2,

18  which were quiet title and declaratory judgment that MED&G was

19  a bona fide purchaser.  To the extent it does not, the debtors

20  have agreed to stipulate that MED&G may pursue its actions to

21  quiet title or obtain declaratory relief.  MED&G will not be

22  able to enforce any judgment ordered for counterclaims 3 and 4

23  against the debtors.  Those are the damage claims.

24        The Court held that MED&G may not file late proof of

25  claim in the debtors' bankruptcy case and thus MED&G is

RESIDENTIAL CAPITAL LLC, ET AL.                                    19

1  "forever barred, estopped, enjoined" from asserting any

2  prepetition claims against the debtor.  See the bar order at

3  paragraph 11.

4          Four of the Sonnax factors weigh against lifting the

5  stay for counterclaims 3 and 4.  Having considered all of the

6  issues and arguments, the Court in the exercise of its

7  discretion determines that the motion to lift the automatic

8  stay is denied.  If you get an assignment of the claim -- of a

9  proof of claim that's been timely filed, you'll deal with it

10 here.  If you make another motion to lift the stay, I'll

11 consider whether the state court is the appropriate forum in

12 which to fix the amount of any claim.  We have a claims

13 allowance process and that's ordinarily how it gets done.

14         Certainly in other matters, I have lifted the stay

15 when a case was about ready to go to trial and it would resolve

16 the issue of the quantum of the claim but it's premature for me

17 to decide that.  So, for the reasons stated on the record, the

18 motion to lift the stay is denied.

19         MR. BANEY:  Thank you, Your Honor.

20         THE COURT:  Mr. Newton, just submit an order that

21 simply recites that for the reasons stated on the record, the

22 Court denies the motion to lift the stay.

23         MR. NEWTON:  I will do that.  Thank you, Your Honor.

24         Your Honor, the next item on the agenda is a motion

25 for contempt of bankruptcy filed by Albina Tikhonov.  This is

RESIDENTIAL CAPITAL LLC, ET AL.                    20

1   docket number 2627.  I don't believe I heard anyone on the

2   phone for the Tikhonovs or in the court.

3           THE COURT:  All right.  Is anybody on the phone for

4   the Tikhonovs?  Is anybody in the courtroom for the Tikhonovs?

5   I'll take the matter under submission.  The motion is going to

6   be denied.

7           MR. NEWTON:  Thank you, Your Honor.

8           THE COURT:  I'll enter an appropriate order.

9           MR. NEWTON:  And I will turn the podium over to

10  Samantha Martin for the next one.

11          THE COURT:  Okay.

12          MS. MARTIN:  Good morning, Your Honor.

13          THE COURT:  Good morning.

14          MS. MARTIN:  Samantha Martin from Morrison & Foerster

15  on behalf of the debtors.

16          The next item on the agenda is a motion for stay

17  relief filed by Ms. Dadzie. That's docket number 3383.  As you

18  know from the papers, Ms. Dadzie has a Chapter 13 case pending

19  here before Judge Lane and in that case, GMAC Mortgage filed a

20  proof of claim and Ms. Dadzie objected to the proof of claim.

21          Earlier today, Your Honor, we reached an agreement

22  with Ms. Dadzie's counsel to allow us to enter into a

23  stipulation.  The stipulation would provide that Ms. Dadzie may

24  file an adversary proceeding in her Chapter 13 case in order to

25  resolve the GMAC proof of claim and it would also address some

RESIDENTIAL CAPITAL LLC, ET AL.                              21

1    equitable subordination issues.  But the adversary proceeding

2    would not include monetary damages.

3              THE COURT:  Okay.  I see counsel for Ms. Dadzie is

4    here?  Mr. Shaev or?

5              MR. SHAEV:  Good morning, Your Honor.  David Shaev,

6    Shaev & Fleischman.  I'm co-counsel with Linda Tirelli.

7              MS. TIRELLI:  Good morning, Your Honor.

8              THE COURT:  Nice to see you both.

9              MS. TIRELLI:  Good to see you, Your Honor.

10             MR. SHAEV:  Good to see you.  That's correct.  I think

11   we have reached an agreement subject to the wording and we'll

12   circulate a proposal --

13             THE COURT:  You didn't really think I wanted to have

14   Judge Lane transfer this case to me, did you?

15             MR. SHAEV:  No, Your Honor.  We're simply pointing out

16   the similarities in some prior cases that Your Honor may have

17   handled.  We knew that the Court would do what the Court is

18   going to do anyway.

19             THE COURT:  Okay.

20             MR. SHAEV:  We'll file the --

21             THE COURT:  That's fine.

22             MR. SHAEV:  -- the APN (ph.), it will be signed

23   properly.

24             THE COURT:  Okay.  Thanks very much.

25             MR. SHAEV:  Thank you, Your Honor.

1          MS. TIRELLI:  Thank you very much, Your Honor.

2          THE COURT:  Ms. Martin?

3          MS. MARTIN:  I will be ceding the podium --

4          THE COURT:  I can't hear you.  I'm sorry.

5          MS. MARTIN:  I'll be ceding the podium to Mr. Newton

6    now.

7          THE COURT:  Okay.  Thank you.

8          MR. NEWTON:  Your Honor, the next items on the agenda

9    are the applications to employ PWC and two law firms.  I saw

10   that the Court entered further interim orders earlier today.

11         THE COURT:  Correct.

12         MR. NEWTON:  So moving along, the next matter is on

13   page 20 of the agenda.  It's the adversary proceeding matter.

14   This is Jenkins v. Residential Funding Company adversary

15   proceeding number 12-01935.  Your Honor, we were last here on

16   the Jenkins matter during the March 21st omnibus hearing.  At

17   that hearing, Your Honor granted the debtors' Rule 12(e) motion

18   for a more definition statement and directed that Jenkins would

19   have sixty days to file an amended complaint.  You also

20   requested that the debtors set a case conference prior to the

21   deadline to file the complaint and that is today.

22         Your Honor will recall that the Jenkins had indicated

23   on several occasions they were in the process of attempting to

24   retain counsel.  Shortly prior to the originally schedule April

25   30th hearing, the debtors understand that SilvermanAcampora did

1   hear from counsel for the Jenkins.  After several attempts to

2   get them on the phone, we ended up adjourning the April 30th

3   hearing and we were able to speak with Mr. Brenner, who is

4   Jenkins' counsel, yesterday.  He indicated that he's not been

5   formally retained by the Jenkins.  He was referred through

6   Legal Aid.  And has been asked to advise the Jenkins on matters

7   in this case.

8        We provided Mr. Brenner with some additional

9   background information and informed him -- because the debtors

10  are not the servicers on the loan, it's going to be difficult

11  for us to reach a settlement with him, provide him with

12  information, contact information for Mr. Grieco, who is here on

13  behalf of America Servicing Company and also for the

14  foreclosure firm in Georgia that is handling the foreclosure

15  matter.

16       The debtors continue to believe this is a matter that

17  should be taking place in Georgia.  With that, I am happy to

18  answer any questions.  The amended complaint is due on the

19  20th.  You know, we'll take it as it comes.

20       THE COURT:  Okay.  Is anybody from SilvermanAcampora

21  want to be heard about this?

22       MR. KRELL:   Your Honor, Justin Krell,

23  SilvermanAcampora, special counsel to the committee.

24       Mr. Newton pretty much described the current status of

25  the adversary proceeding.  The only thing I would add is that

RESIDENTIAL CAPITAL LLC, ET AL.                                          24

1    the Jenkins did file a proof of claim, so they have rights also

2    asserted in the proof of claim, as well as in the adversary

3    proceeding.  We made -- I would say proposed counsel.  He's not

4    been formally retained as Mr. Newton pointed out regarding that

5    fact.  And if a resolution could be accomplished, that's great

6    and Mr. Brenner will keep us apprised of any progress he can

7    make with foreclosure counsel.

8              THE COURT:  All right.  Is the Krell's proposed

9    counsel present?  Is he --

10             MR. KRELL:   He wasn't planning on attending, Your

11   Honor.

12             THE COURT:  He wasn't.  Okay.  So what's the deadline

13   for filling the amended complaint, Mr. Newton?

14             MR. NEWTON:  I believe it's the 20th.

15             THE COURT:  Okay.  So, let's adjourn the -- go ahead,

16   do you want to say something else?

17             MR. KRELL:   The Jenkins are on the phone, I believe.

18             THE COURT:  Oh, Mr. and Mrs. Jenkins are you on the

19   phone?

20             MS. JENKINS:  Yes, sir.

21             THE COURT:  Is there anything you want to indicate at

22   this point?

23             MS. JENKINS:  We are currently in a -- as they just

24   stated -- currently talking with Attorney Brenner --

25             THE COURT:  Okay.

RESIDENTIAL CAPITAL LLC, ET AL.                    25

1          MS. JENKINS:  -- and we should be updated on what we

2    should do by the end of the day.  And we would just like to

3    move forward with whatever procedures that we need to do.

4          THE COURT:  Okay, Mrs. Brenner (sic) -- excuse me,

5    Mrs. Jenkins.  Mr. Newton, what I would like to do is since

6    you've only very recently had communication with proposed

7    counsel for the Jenkins, let's adjourn this pretrial conference

8    to the first omnibus after the deadline for filing an amended

9    complaint.  If you're able to reach some resolution, you'll

10   report it then.  And if an amended complaint is not filed, well

11   we'll see what happens then.  Okay?  So, we'll move it then.

12         Mrs. Jenkins, do you understand?  I'm going to

13   adjourn -- what is that date, do you know, Mr. Newton what the

14   date is?

15         MR. NEWTON:  I believe it will be the June 6th hearing

16   that you mentioned earlier.

17         THE COURT:  Okay.

18         MR. NEWTON:  Or the 12th.

19         THE COURT:  So --

20         MR. NEWTON:  I'm being told the 6th is not an omnibus.

21   So it will be the 12th.

22         THE COURT:  All right.  So, Mrs. Jenkins, I'm going to

23   adjourn this hearing to June 12th.  Let me ask you, Mrs.

24   Jenkins, are you working?  Because I want to try and schedule

25   it so that it doesn't interfere with your workday, if possible.

1          MS. JENKINS:  I'm self-employed.  Yes, I work but I am

2     self-employed.

3          THE COURT:  Okay.  So you're able to call in by

4     telephone again?

5          MS. JENKINS:  Absolutely.

6          THE COURT:  Okay.  All right.  So, we'll adjourn the

7     hearing to June 12th.  Mr. Newton, if you would, if you would

8     provide and make sure that Mrs. Jenkins has the call in

9     information for the hearing and hopefully, with the assistance

10    of Mr. Brenner, perhaps you'll be able to get this resolved

11    before then.

12         If you're able to get it resolved, and you submit it

13    in the form of a stipulation, it will be on -- the Court will

14    consider it and it will be unnecessary to go forward on June

15    12th.  If you don't resolve it, we'll go forward then.  Okay?

16         MS. JENKINS:  Okay, well, sir --

17         THE COURT:  Okay.  Mr. Newton, thank you very much.

18         MR. JENKINS:  -- will we still need to file that more

19    definitive statement by May 20?

20         THE COURT:  You do.

21         MS. JENKINS:  -- and submit --

22         THE COURT:  Yes, you do.

23         MS. JENKINS:  We do.  Okay.

24         THE COURT:  You absolutely do, unless you get this

25    resolved.  If you get it resolved, then it may be unnecessary

1  but if you're unable to get it resolved, that's -- the

2  deadline's not changing.  So, I am setting this for the

3  conference after that date.  I'll see whether you have either

4  resolved the matter or filed the more definite statement.

5  Okay?

6            MS. JENKINS:  Yes.

7            THE COURT:  Thank you.

8            MS. JENKINS:  Thank you so much.

9            THE COURT:  Thank you, Mrs. Jenkins.  Go ahead, Mr.

10  Newton.

11            MR. NEWTON:  Thank you, Your Honor.  I'll turn the

12  podium over to Theresa Foudy of Curtis Mallet, conflicts

13  counsel to the debtors.

14            THE COURT:  Okay.

15            MS. FOUDY:  Good morning, Your Honor.  For the record,

16  Theresa Foudy of Curtis Mallet, conflicts counsel for the

17  debtors.

18            This is the status conference on the debtors'

19  adversary proceeding, ResCap, et al. v. AllState Insurance

20  Company, et al.  It's number 13-01262.  This is the adversary

21  proceeding seeking subordination of the claims of certain

22  investors for securities fraud arising out of the debtors' RMBS

23  securities.

24            THE COURT:  Right.

25            MS. FOUDY:  As Your Honor may recall, you granted us

 1    permission to file cross-motions for summary judgment; both the
 2    debtor side and the investor side.  Those motions have been
 3    filed and fully briefed.  The parties were in agreement that
 4    this matter can be decided as a matter of law and that no
 5    discovery was necessary.  We agreed on a statement of
 6    stipulated facts and stipulated exhibits for Your Honor and
 7    we're currently scheduled for a hearing a week from Thursday,
 8    May 23rd at 2:00 p.m.
 9           On the investor side, we had certain investors
10    represented by Quinn Emanuel.  They were joined by investors
11    represented by Zuckerman Spaeder and Lowenstein Sandler.  The
12    debtors' motion was joined in part by the ad hoc committee for
13    junior secured noteholders.  As well, the RMBS trustees filed a
14    paper indicating that they were incorporating by reference,
15    their Rule 3013 motion papers as their summary judgment papers.
16           As Your Honor may recall, this started with a motion
17    for Rule 3013 relief seeking clarification --
18           THE COURT:  And the debtors filed an adversary --
19           MS. FOUDY:  So you recall.  And Your Honor said that
20    the motions would be consolidated for purposes of hearing and
21    decision.
22           THE COURT:  Right.
23           MS. FOUDY:  So there's also a number of other parties
24    who filed oppositions to the Rule 3013 motions; The ad hoc
25    committee of junior secured noteholders, the indentured trustee

RESIDENTIAL CAPITAL LLC, ET AL.                          29

1   for the senior unsecured notes, MBIA, Assured Guaranty

2   Insurance Company.  I mean the debtors never felt so loved,

3   Your Honor, that we had so much support on the opposition.

4           So that's where we stand.  We're going to see you a

5   week from Thursday.

6           THE COURT:  Mr. Lee, is this going to get resolved?

7           MR. LEE:  I was going to wait right until the end,

8   Your Honor.

9           THE COURT:  Well, okay, if you want to wait till the

10  end, you could wait till the end.

11          MR. LEE:  No.  Gary -- excuse me, Gary Lee of Morrison

12  & Foerster for the debtors.

13          Your Honor, I am pleased to report that we have

14  satisfied the first condition in the order that Your Honor

15  entered yesterday relating to the examiner's report which is

16  that the parties have exchanged signatures on the term sheets

17  that were referred to in that report.

18          And if I may, because I didn't get an opportunity to

19  do this on the record yesterday, Judge Peck has put in what can

20  only be described as a staggering amount of effort into this

21  process and although we are not there, the fact is Your Honor

22  that we have taken one giant step forward towards a process by

23  which will wind up with a consensual plan of reorganization in

24  this case.  And I can't get into the terms, Your Honor, but

25  obviously we will be filing a motion to approve the plan

RESIDENTIAL CAPITAL LLC, ET AL.                        30

1   support agreements.  I think, Your Honor, the parties have

2   confirmed on that date and I will be submitting the

3   supplemental order in that regard.

4           But I just wanted to go on record, Your Honor,

5   thanking Judge Peck and really all of the parties.  I started

6   with more hair and more teeth when this process began and I

7   have less of both.  But people worked incredibly hard.

8           THE COURT:  Are you suggesting that you left your

9   teeth in somebody's arm or what?

10          MR. LEE:  I can see several people here who might say

11  that.  So, thank you.

12          So, with respect to the securities motion, that is

13  part and parcel of the settlement.  Your Honor, I think that

14  what will happen -- and this is unfortunate -- is that the

15  timing simply is that the plan support agreement motion is

16  going to be filed, I think it is on the 23rd at 9:00 a.m.  So,

17  we will know obviously that day whether or not the hearing is

18  going forward.  And I apologize to Your Honor for that and the

19  calendar as well.  And it maybe that we just simply defer that

20  motion if we have to.

21          THE COURT:  I think what I --

22          MR. LEE:  But I'll take direction.

23          THE COURT:  All right.  So first, the order I entered

24  yesterday set a deadline for filing of the motion to approve

25  the plan support agreements of May 21st at 9:00 a.m.  The

1  debtors had requested that the deadline be set for May 23rd at

2  9:00 a.m.

3          In a chambers conference earlier this morning, that

4  issue was briefly addressed again and the Court indicated that

5  if all of the principal parties to the RMBS trial that's

6  scheduled for May 28th consented to moving the date to May 23rd

7  rather than the 21st at 9:00 a.m., that the Court was prepared

8  to do that.  That would be -- if no motion to approve a plan

9  support agreement is filed by 9:00 a.m. May 23rd, the

10 examiner's report would be publicly released.  It was filed

11 under seal yesterday.

12          I take it, Mr. Lee, you're indicating that all of --

13 you were going to confer with the other participants, major

14 participants in the RMBS trial and confirm whether they all

15 agree to move the date to the 23rd, the significance being I

16 had indicated that I wanted in the event -- the trial date

17 remains fixed, May 28th, that in the event that the trial went

18 forward on the 28th, I wanted counsel to the parties in the

19 trial to have enough time to read and digest the examiner's

20 report.  I understand you've accomplished a great deal to get

21 to where you are now and there remains a great deal that needs

22 to be done to get to May 21st or May 23rd but are you able to

23 confirm, Mr. Lee, that all of the principal parties to the RMBS

24 trial agree that the deadline for releasing the examiner's

25 report if no motion is filed, would be moved -- no motion to

1  approve a plan support agreement, is moved to May 23rd?

2          MR. LEE:  Your Honor, may I just confer with Mr.

3  Eckstein?

4          THE COURT:  Please.

5      (Counsel confer)

6          MR. LEE:  Your answer -- I understand from Mr.

7  Eckstein, the answer to that is in the affirmative.

8          THE COURT:  Okay.

9          MR. LEE:  But there's one -- but with one caveat.  I

10 believe that the junior secured noteholders are also a party to

11 the or an objecting party, I think that's the one group that we

12 haven't discussed this with yet.

13         THE COURT:  All right. I didn't expect I was going to

14 have to deal with this right now but when you did your recital,

15 you said --

16         MR. LEE:  Me neither, Your Honor.

17         THE COURT:  -- May 23rd.  You put the May 23rd -- so

18 you're the one --

19         MR. LEE:  My bad; yes.

20         THE COURT:  -- who put this -- I wasn't expecting that

21 it was going to be resolved during the hearing but when you

22 stood and say May 23rd, you put that issue on the table.

23         MR. LEE:  Yes, let me -- may I address this with Mr.

24 Shore, Your Honor?

25         THE COURT:  Go ahead.  Please.  Why don't you go

 1    ahead.  Step back to --

 2        (Counsel confer)

 3            THE COURT:  I'll tell you what, no let's not deal with

 4    it now, okay?

 5            MR. SHORE:  Correct.

 6            THE COURT:  It may -- the order that was entered says

 7    May 21st at 9:00 a.m.  That's the operative document and what I

 8    had understood was going to happen, the parties to the RMBS

 9    trial were going to confer and fine, if you could let me know

10    now, but I don't want to take the time to deal with this now.

11    You'll deal with it with each other and hopefully resolve the

12    issue and you'll notify me, okay?

13            MR. SHORE:  Very good, Your Honor.

14            THE COURT:  So, but what I would like to do, Ms.

15    Foudy, is it seems to me -- Ms. Foudy, can you confirm that the

16    parties to the cross-motions have -- are supporting this term

17    sheet that I have not seen yet but that will -- and if we go

18    forward with the next steps, meaning a motion to approve the

19    plan support agreements and if that's approved, I don't need to

20    go forward with the hearing on the cross-motions.

21            MS. FOUDY:  Your Honor, I have not been involved in

22    the negotiations that Mr. Lee has been involved with.  I was

23    just saying to Mr. Lee that it's the investors represented by

24    Quinn Emanuel, the investors represented by Lowenstein Sandler

25    and --

RESIDENTIAL CAPITAL LLC, ET AL.                    34

1          THE COURT:  What's Mr. Etkin saying in the back?

2          MS. FOUDY:  Yes.  And Mr. Etkin is here and Nelson

3    Cohen is on the phone for Zuckerman Spaeder and that's the

4    third group.  And I do believe that Quinn Emanuel is a party to

5    the term sheet; correct?

6          MR. LEE:  Correct.

7          MS. FOUDY:  So, it's Mr. Etkin is here and Nelson

8    Cohen is on the phone.

9          THE COURT:  Mr. Etkin, do you want to come on up?

10          MR. ETKIN:  Good morning, Your Honor.  Michael Etkin,

11    Lowenstein Sandler on behalf of several parties in connection

12    with the cross-motions for summary judgment to be joined in

13    those motions.

14          To answer the Court's question, one of my clients has

15    been involved in fits and starts with respect to the process

16    that's led up to the term sheet, although we have not seen it

17    yet nor have we seen a copy of the plan support agreement.

18          Two other clients were individual plaintiffs, as a --

19    and I'm talking about the class action plaintiff, the New

20    Jersey Carpenters.  Two other clients were individual

21    plaintiffs in RMBS securities litigation, have not been

22    involved in the process.

23          THE COURT:  Here's what I would like to do though.  I

24    mean it seems to me that there was no immediate urgency to get

25    the issue on these cross-motions resolved, you know, right now.

RESIDENTIAL CAPITAL LLC, ET AL.                    35

1  They need to get resolved.  I don't doubt that.

2        But it does seem to me in light of the substantial

3  progress that's been made over the last week and over the last

4  few days, that because it -- it may be and I hope it is,

5  unnecessary for the Court to resolve the issues raised by the

6  cross-motions.  So what I would like to do, adjourn the hearing

7  and we'll get a new hearing date for it.  We can wait and see.

8  It would be -- if the RMBS trial goes forward on May 28th, it

9  will be after the trial is concluded but it's not going to be

10  pushed off for very long.

11        But is there any reason why I shouldn't do that, Mr.

12  Etkin?

13        MR. ETKIN:  Your Honor, from the stand point of the

14  New Jersey Carpenters who have been to some extent involved,

15  that would be no problem.  As a general matter, if you're

16  asking me, I think it makes sense but in fairness --

17        THE COURT:  Right.

18        MR. ETKIN:  -- I do have two other clients that have

19  not been involved and who don't necessarily fit into this space

20  in any way.

21        THE COURT:  Since I don't need everybody's consent to

22  do this, I'm going to adjourn the hearing on the cross-

23  motions -- are all the briefs in at this point, Ms. Foudy or

24  are there still more briefs coming?

25        MR. ETKIN:  I think it's fully briefed, Your Honor.

RESIDENTIAL CAPITAL LLC, ET AL.                                    36

1          THE COURT:  Okay.  That's fine.  I don't want any more

2   briefs from anybody, that's for sure.  So, everybody ought to

3   stop work on briefs and we just need to let the dust settle a

4   little bit and we'll get it rescheduled, if necessary.  Okay?

5          MR. ETKIN:  I appreciate the Court's handling it that

6   way.

7          THE COURT:  Thank you very much, Mr. Etkin.

8          MR. ETKIN:  Thank you.

9          THE COURT:  Ms. Foudy, thank you very much.

10         MS. FOUDY:  Thank you, Your Honor.

11         THE COURT:  Okay.  What's next?  Mr. Rosenbaum?

12         MR. ROSENBAUM:  Your Honor, I think that concludes the

13  agenda for today.

14         THE COURT:  Okay.  Does anybody have anything else

15  they want to raise?  Let me just make some last comments

16  because there obviously have been significant developments in

17  this case.  I think Mr. Lee's comments earlier regarding the

18  yeoman's service that my colleague, Judge Peck, has played in

19  connection with the mediation that has led to where things are

20  today and hopefully -- I know there's a lot of work that

21  remains to be done.

22         The other issue that was addressed in the chambers

23  conference earlier today regarding the RMBS trial which is

24  scheduled for the 28th is with respect to the filing of the

25  proposed direct testimony and I guess initially this affects

1   the debtors.  I declined -- I think I had extended that over

2   the last day or so, I've extended the date -- the deadline for

3   filing that by a day, I think it was.  And what I indicated in

4   the off the record conference and am putting on the record now

5   is that the Court agrees that the direct testimony will be

6   exchanged among the parties but not filed at this point.  This

7   was done previously with respect to briefing in connection with

8   the RMBS trial where the parties exchanged briefs quite some

9   time before they actually have to file it.  It may be

10  unnecessary for the testimony ever to be filed.  We'll just see

11  how events unfold.  But the Court will require that the

12  testimony -- direct testimony -- proposed direct testimony be

13  exchanged but not filed at this point.

14          Mr. Lee, that probably should be reflected in a

15  written order that you can submit but I indicated -- or Mr.

16  Princi, you're approaching the microphone.

17          MR. PRINCI:  Your Honor, may I confer?

18          THE COURT:  Yes, go ahead.

19          MR. SHORE:  If I may?

20          THE COURT:  Hold on, Mr. Shore.  Wait a minute.

21      (Counsel confer)

22          MR. LEE:  Your Honor, would it be possible for us to

23  just have a brief opportunity just to have a discussion with

24  Mr. Shore and Mr. Eckstein about precisely what it is that

25  people have agreed to?

RESIDENTIAL CAPITAL LLC, ET AL.                    38

1           THE COURT:  Okay.

2           MR. LEE:  If I may; thank you, Your Honor.

3           THE COURT:  Go ahead.

4           MR. SHORE:  And let me just -- Chris Shore from White

5   & Case on behalf of the junior secured notes, just as a process

6   point for the record, as has been noted, we have filed

7   objections both with respect to the 3013 and the 510(b) action

8   and with respect to the RMBS trial.  We fully understand that

9   the debtors are moving towards a deal.  We applaud their

10  efforts and everything that's been said on that.  There are

11  people who are outside the deal right now who are not being

12  kept informed and then moving and taking actions which are

13  affecting those parties' rights who are not in the deal right

14  now, has to have some process to it.

15          I understand that there was a status conference this

16  morning.  We weren't in that status conference.  I think other

17  people weren't in those status conferences.  So, we're going to

18  have to make sure that in this process going forward that

19  appropriate consents are obtained and people are kept in the

20  process even if the larger deal which is critical to these

21  cases, as I've said to the Court, goes on.  There's still a lot

22  of stuff out there that isn't resolved.

23          THE COURT:  Mr. Shore, my view; I have not done

24  anything to affect the substance of any of the claims or the

25  proceedings.  The May 28th trial remains on track.  I refuse to

```
 1   adjourn the filing of -- the providing of the direct testimony
 2   until after the examiner's report was released.  It's remaining
 3   exactly as it was.  The only difference is that as was done
 4   with the briefs that were the objections to the RMBS
 5   settlement, the testimony will be exchanged but not filed at
 6   this point.  So your substantive rights have not been affected
 7   at all.
 8            MR. SHORE:  Very good, Your Honor.
 9        (Counsel confer)
10            THE COURT:  Does Mr. Uzzi want to be part -- no,
11   you're going --
12            MR. LEE:  Your Honor, if we may just step out for a
13   minute?
14            THE COURT:  Yes, go ahead.
15            MR. LEE:  I apologize.
16            THE COURT:  That's all right.
17        (Counsel confer)
18            MR. LEE:  Gary Lee from Morrison & Foerster for the
19   debtors.
20            Your Honor, I apologize but I think that we need to
21   have a -- sort of a broader discussion with counsel for the
22   junior secured noteholders about the date on which the plan
23   support agreement gets filed in the RMBS and we'll have that
24   discussion and then report back to the Court if it's all right
25   with Your Honor.
```

1              THE COURT:  Okay.

2              MR. LEE:  Thank you very much.

3              THE COURT:  All right.  Is there anything else for

4    today?  We're adjourned.  Thank you.

5              MR. LEE:  Thank you, Your Honor.

6         (Whereupon these proceedings were concluded at 11:05 AM)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                                  I N D E X

3

4                                   RULINGS

5                                                    Page      Line

6    MED&G's motion to lift the stay - denied        17        21

7    Motion of Tikhonov for Contempt - denied        20        6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                    C E R T I F I C A T I O N

3

4   I, Linda Ferrara, certify that the foregoing transcript is a

5   true and accurate record of the proceedings.

6

7

8

9

10                                            May 15, 2013

11

12   _____    _____

     LINDA FERRARA                       DATE
13
     AAERT Certified Electronic Transcriber CET**D 656
14

15
     eScribers
16
     700 West 192nd Street, Suite #607
17
     New York, NY 10040
18

19

20

21

22

23

24

25