**Presentment Date and Time:  May 31, 2013 at 12:00 p.m. (ET)**
**Objection Deadline:  May 24, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No.: 12-12020 (MG) |
| RESIDENTIAL CAPITAL LLC, et al., | Chapter  11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF DEBTORS' APPLICATION**
**UNDER SECTION 327(e) OF THE BANKRUPTCY CODE, BANKRUPTCY**
**RULE 2014(a), AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO**
**EMPLOY AND RETAIN PERKINS COIE LLP AS SPECIAL INSURANCE**
**COVERAGE COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MARCH 20, 2013**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Debtors'*

*Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a), and Local*

*Rule 2014-1 for Authorization to Employ and Retain Perkins Coie LLP as Special Insurance*

*Coverage Counsel to the Debtors,* Nunc Pro Tunc *to March 20, 2013* (the "Application"), to the

Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court

for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom

House, One Bowling Green, New York, New York 10004, Room 501, for signature on **May 31,**

**2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must

be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local

Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and

Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed

electronically by registered users of the Bankruptcy Court's electronic case filing system, and be

served, so as to be received no later than **May 24, 2013 at 4:00 p.m. (Prevailing Eastern**

**Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the

Americas, New York, NY 10104 (Attention:  Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.);

(b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall

Street, 21st Floor, New York, NY 10004 (Attention:  Tracy Hope Davis, Esq., Brian S.

Masumoto, Esq. & Michael Driscoll, Esq.); (c) the Office of the United States Attorney General,

U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

(Attention:  US Attorney General, Eric H. Holder, Jr. , Esq.); (d)  Office of the New York State

Attorney General, The Capitol, Albany, NY 12224-0341 (Attention:  Nancy Lord, Esq. & Enid

N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St.

Andrews Plaza, New York, NY 10007 (Attention:  Joseph N. Cordaro, Esq.); (f) counsel for Ally

Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention:

Richard M. Cieri, Esq.); (g) counsel to Barclays Bank PLC, as administrative agent for the DIP

lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times Square, New York, NY 10036

(Attention:  Ken Ziman, Esq. & Jonathan H. Hofer, Esq.); (h) counsel for the committee of

unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New

York, NY 10036 (Attention:  Kenneth Eckstein, Esq. & Greg Horowitz, Esq.); (i) counsel for

Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY

10019 (Attention:  Jennifer C. DeMarco, Esq. & Adam Lesman, Esq.); (j) counsel for Berkshire

Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA

90071 (Attention:  Thomas Walper, Esq. and Seth Goldman, Esq.); (k) Internal Revenue Service,

P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail

Stop 5-Q30.133, Philadelphia, PA 19104-5016); (l) Securities and Exchange Commission, New

York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022

(Attention:  George S. Canellos, Regional Director); and (m) Perkins Coie LLP, 700 13th Street

NW, Suite 600, Washington, DC 20005 (Attention:  Selena J. Linde, Esq. & Aaron Coombs,

Esq.).

> **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Application are
timely filed, served and received in accordance with this Notice, the Court may enter the Order
without further notice or hearing.

Dated: May 17, 2013                              Respectfully submitted,
       New York, New York

                                       /s/ Gary S. Lee
                                       Gary S. Lee
                                       Lorenzo Marinuzzi
                                         Jordan A. Wishnew
                                       MORRISON & FOERSTER LLP
                                       1290 Avenue of the Americas
                                       New York, New York 10104
                                       Telephone: (212) 468-8000
                                       Facsimile: (212) 468-7900

                                     *Counsel for the Debtors and*
                                     *Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No.: 12-12020 (MG) |
| RESIDENTIAL CAPITAL LLC, et al., | Chapter  11 |
| Debtors. | Jointly Administered |

**DEBTORS' APPLICATION UNDER SECTION 327(e) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULE 2014(a), AND LOCAL
RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN
PERKINS COIE LLP AS SPECIAL INSURANCE COVERAGE COUNSEL
TO THE DEBTORS, *NUNC PRO TUNC* TO MARCH 20, 2013**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the

"**Debtors**")[1] hereby move for entry of an order, under 11 U.S.C. § 327(e), Rule 2014(a) of the

Federal Rules of Bankruptcy Procedures (the "**Bankruptcy Rules**"), and Local Rule 2014-1 of

the Local Rules for the Bankruptcy Court for the Southern District of New York (the "**Local**

**Rules**"), authorizing the Debtors to employ and retain Perkins Coie LLP ("**Perkins Coie**") as

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1
to the Whitlinger Affidavit (defined below).

ny-1089903

Special Insurance Coverage Counsel to the Debtors (the "**Application**"), *nunc pro tunc* to March 20, 2013.[2]  In support of the Application, the Debtors respectfully represent as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Code Section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## BACKGROUND

### A.      Proceedings

2.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

3.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine-member official committee of unsecured creditors (the "**Creditors' Committee**").

4.      The Debtors were a leading residential real estate finance company indirectly owned by Ally Financial Inc. ("**AFI**"), which is not a Debtor.  The Debtors and their non-debtor

---

[2] *Nunc pro tunc* retention is requested here because Perkins Coie was asked to commence work immediately. Because of the extent of parties involved in this case, it took several weeks to complete the connections check, evaluate the results, coordinate with Debtors' counsel, obtain signoff by the Creditors' Committee, and discuss the terms of the retention with the Office of the United States Trustee.

ny-1089903

affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6] (the "**Whitlinger Affidavit**").

5.      On July 17, 2012, the Court entered the Order Under Bankruptcy Code Sections 105(a), 327, and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business *Nunc Pro Tunc* to the Petition Date [Docket No. 799] (the "**OCP Order**").

6.      The OCP Order authorized the Debtors' retention of Perkins Coie, among others (each, an "**OCP**"), in the ordinary course of business *nunc pro tunc* to the Petition Date, subject to each OCP's compliance with the OCP Procedures (as defined and outlined in the OCP Order). *See* OCP Order, ¶ 2.

7.      On September 10, 2012, pursuant to paragraph 3(b) of the OCP Order, Perkins Coie filed its Affidavit of Disinterestedness sworn to by Frederick B. Rivera, a partner of Perkins Coie, along with the accompanying Retention Questionnaire [Docket No. 1387] (the "**Affidavit of Disinterestedness**").  Because no objections to the retention of Perkins Coie were filed, the retention of Perkins Coie as an OCP was deemed approved as of the Petition Date.

**8.**      The scope of services originally to be provided by Perkins Coie were limited to "defending consumer protection claims related to residential mortgages and pursu[ing] title insurance coverage."  *See* Affidavit of Disinterestedness – Retention Questionnaire.  These

services were consistent with the scope of services Perkins Coie provided to the Debtors

prepetition, and the estimated monthly compensation to Perkins Coie was $1,000.[2]

**B.     The Debtors' Insurance Coverage Issues**

9.      The Debtors are insured under various directors & officers liability, professional

liability (errors & omissions), and fiduciary liability insurance policies issued to AFI and its

predecessors (the "**Policies**").

10.     Prior to and after the Petition Date, AFI handled all aspects of the Policies on the

Debtors' behalf, including procurement of the Policies, reporting claims to the various insurance

companies that sold the Policies (including claims against the Debtors), correspondence with the

various insurance companies, and other risk management functions.

11.     Certain of the Debtors and their respective directors and officers have been named

as defendants in lawsuits arising from both the Debtors' issuance and sale of mortgage-backed

securities, and certain Debtors have also been named in class-action lawsuits pertaining to the

Debtors' acquisition of residential loans in 2001-2003.  The Debtors have certain

indemnification obligations to their directors, officers and employees that cover losses and

defense costs associated with claims arising out of acts or omissions committed in good faith

while acting as an officer, director or employee.  The Debtors also have been the subject of

several governmental investigations.  The Policies cover the years in issue, and the Debtors are

of the view that coverage thereunder is available.

12.     Before the Petition Date, the Debtors had not managed claims under the Policies.

The Debtors have not previously retained professional insurance coverage counsel to advise

them as to their rights and/or obligations under the Policies or to examine the potential value to

---

[2] With the exception of one invoice for $6,379 (dated 12/12/2012), Perkins Coie's monthly invoices have all been below the $1,000 estimate.

ny-1089903

the Debtors of the available coverage under the Policies.  The Debtors only recently received

copies of some of the Policies from AFI, as well as copies of limited correspondence between

AFI and the insurance companies.

13.     Promptly upon discovery of the Debtors' potential rights under the Policies, the

Debtors sought to retain experienced insurance coverage counsel to advise and represent the

Debtors with respect to their interests under the Policies, as well as any additional insurance

policies under which the Debtors may have an interest that may be discovered upon further

investigation.

14.     After reviewing the issues involved, the Debtors selected Perkins Coie to

represent them in connection with insurance coverage issues.

**RELIEF REQUESTED**

15.     By this Application, the Debtors seek entry of an order, substantially in the form

attached hereto as Exhibit 1, under section 327(e) of the Bankruptcy Code, Bankruptcy Rule

2014(a), and Local Rule 2014-1, for authorization to employ and retain Perkins Coie as Special

Insurance Coverage Counsel to the Debtors, *nunc pro tunc* to March 20, 2013.  Perkins Coie will

coordinate with Morrison & Foerster LLP ("**Morrison & Foerster**") such that the services

provided by both Perkins Coie and Morrison & Foerster are complimentary of each other and not

duplicative.

16.     This Application is supported by the Declaration of Selena J. Linde in Support of

the Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule

2014(a), and Local Rule 2014-1 For Authorization to Employ and Retain Perkins Coie LLP as

Special Insurance Coverage Counsel to the Debtors, *Nunc Pro Tunc* to March 20, 2013 (the

"**Linde Declaration**"), attached hereto as Exhibit 2.

## **APPLICABLE AUTHORITY**

17.     A debtor in possession can hire an attorney either for general assistance in

administering the estate or as "special counsel" for a limited purpose.  *See In re AroChem Corp.*,

176 F.3d 610, 622 (2d Cir. 1999); 11 U.S.C. § 327(e).  Subsection (e) of section 327 states, in

pertinent part, that:

> The trustee, with the court's approval, may employ, for a specified
> special purpose, other than to represent the trustee in conducting
> the case, an attorney that has represented the debtor, if in the best
> interest of the estate, and if such attorney does not represent or
> hold any interest adverse to the debtor or to the estate with respect
> to the matter on which such attorney is to be employed.

11 U.S.C. § 327(e).

18.     Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of

counsel who previously represented a debtor, <u>provided</u> that: (a) the appointment is in the best

interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with

respect to the matter for which counsel is to be employed; and (c) the specified special purpose

for which counsel is being retained does not rise to the level of conducting the bankruptcy case

for the debtor in possession.  *See AroChem*, 176 F.3d at 622 (noting that "where the interest of

the special counsel and the interest of the estate are identical *with respect to the matter for which

special counsel is retained*, there is no conflict and the representation can stand") (emphasis in

original).  As explained more fully below, the Debtors submit that each of these factors is

satisfied with respect to Perkins Coie, and therefore, Perkins Coie's retention should be approved

under section 327(e) of the Bankruptcy Code.

-6-

## RETENTION OF PERKINS COIE IS WARRANTED

**A.      Scope of Services to Be Provided by Perkins Coie**

19.      The Debtors seek to retain Perkins Coie as Special Insurance Coverage Counsel because of the firm's familiarity with and knowledge of the legal matters with respect to which Perkins Coie will be engaged.  Perkins Coie currently represents GMAC Mortgage, LLC, one of the Debtors in these cases, in connection with the defense of consumer protection claims related to residential mortgages and pursuit of title insurance coverage with respect to individual residential mortgage (the "**OCP Services**").  Pursuant to the OCP Order, the retention of Perkins Coie in this role was approved effective as of the Petition Date and Perkins Coie has been performing OCP Services since the inception of these Chapter 11 cases.[3]

20.      In light of the insurance coverage issues described above, the Debtors now seek to expand the scope of Perkins Coie's engagement to include the investigation, analysis, and recovery of insurance coverage proceeds under any directors & officers liability, management liability, professional (errors & omissions) liability, fiduciary liability insurance policies, or any other applicable policies under which the Debtors were insured (collectively, the "**Insurance Matters**").  Such recovery may involve negotiation with, and if necessary litigation against, insurance companies that provided liability insurance to the Debtors and/or the parties who procured such insurance on the Debtors' behalf, including parent company AFI.

**B.      The Appointment of Perkins Coie as Special Insurance Coverage Counsel is in the Best Interests of the Estates**

21.      The Debtors selected Perkins Coie to represent their interests in recovering substantial and potentially valuable assets for the estate because of the professional reputations

---

[3] Management and oversight of the OCP Services performed by Perkins Coie has now been transitioned from GMAC Mortgage LLC to Ocwen Loan Servicing, LLC ("**Ocwen**") pursuant to the asset sale approved by this Court's Order [Docket No. 2246].  As a result, Perkins Coie will no longer be submitting requests for payment under the OCP (other than outstanding time which was incurred prior to the sale to Ocwen, if any).

-7-

of Perkins Coie's insurance coverage attorneys and their well-regarded representation of

policyholders. The Perkins Coie insurance coverage team consists of nationally-ranked

policyholder attorneys with significant experience handling similar types of insurance coverage

disputes for both debtor and non-debtor entities.

22.      The Debtors believe that the retention of Perkins Coie as special insurance

coverage counsel is in the best interests of the estate in maximizing the value of insurance assets

(or proceeds thereof) that may be available to the estate.

**C.      Perkins Coie Does Not Hold an Adverse Interest to the Debtors' Estates with
         Respect to the Special Insurance Coverage Counsel Matters**

23.      To the best of the Debtors' knowledge, and except as set forth in the Linde

Declaration:

> (a) Neither Perkins Coie nor any attorney at Perkins Coie holds or represents an
>
>     interest adverse to the Debtors' estates with respect to the Insurance Matters.

> (b) Neither Perkins Coie nor any attorney at Perkins Coie is or was a creditor or
>
>     an insider of the Debtors, except that (i) Perkins Coie previously rendered
>
>     legal services to the Debtors for which it has been compensated pursuant to
>
>     and in accordance with the terms of the OCP Order and (ii) prior to the
>
>     Petition Date, Perkins Coie, as further disclosed in the Affidavit of
>
>     Disinterestedness, was owed prepetition fees of less than $1,000, which
>
>     amount was waived by Perkins Coie.

> (c) Neither Perkins Coie nor any attorney at Perkins Coie is or was, within two
>
>     years before the Petition Date, a director, officer, or employee of the Debtors.

> (d) Perkins Coie does not have an interest materially adverse to the interest of the

-8-

estates or of any class of creditors or equity security holders, by reason of any

direct or indirect relationship to, connection with, or interest in the Debtors, or

for any other reason with respect to the Insurance Matters.

(e)  No attorney at Perkins Coie is related to any U.S. District Judge or U.S.

Bankruptcy Judge for the Southern District of New York or to the U.S.

Trustee for such district or to any known employee in the office thereof.

24.      In conjunction with the preparation of this Application, Morrison & Foerster

provided Perkins Coie a master list of interested parties (the "**Interested Parties**") used for

conflict check purposes by professionals in these cases.  To determine Perkins Coie's

"connections" to the parties listed in <u>Schedule 1</u> to the Linde Declaration, Perkins Coie personnel

reviewed Perkins Coie's client database to determine whether Perkins Coie had any present or

former client relationships with the parties listed in <u>Schedule 1</u>, in the last three years.  To the

extent that this review indicated that Perkins Coie has represented, or currently represents, any of

these entities, the identities of these parties and connection to Perkins Coie are as described

herein and/or set forth in <u>Schedule 2</u> to the Linde Declaration.

25.      Perkins Coie currently represents, or in the last three years has represented, clients

whose interests are, or were, adverse to parties listed on <u>Schedule 1</u> in matters wholly unrelated

to the Chapter 11 cases.  The identities of these parties and their connection to Perkins Coie are

set forth on <u>Schedule 3</u> to the Linde Declaration.

26.      For the avoidance of doubt, Perkins Coie is no longer adverse to Residential

Funding Company, LLC, listed in the "Formerly Adverse" category on <u>Schedule 3</u>.  Perkins Coie

does not believe such former adversity presents any issue with respect to its retention under

Section 327(e).

ny-1089903

27.     Perkins Coie also represented Nationstar Mortgage LLC ("**Nationstar**") as the

master servicer in the private placement of residential mortgage backed securities ("**RMBS**") in

which Residential Funding Company, LLC was one of the servicers of the mortgage loans for

such RMBS.  Perkins Coie's representation of Nationstar with respect to the transaction began in

September 2012 and was concluded by December 1, 2012.  As of the date hereof, no future

representation of Nationstar as master servicer is expected to occur with respect to this RMBS

transaction.  This transactional representation was unrelated to the OCP Services Perkins Coie

was performing for Debtor GMAC Mortgage LLC or to the Insurance Matters.

28.     Perkins Coie's representation of Nationstar in matters unrelated to these Chapter

11 cases commenced in June 2012.  Since June 2012, Perkins Coie has represented and currently

represents Nationstar in various transactional matters that primarily involve the purchase of

mortgage servicing rights for newly originated mortgage loans that are being sold or securitized

through Fannie Mae, Freddie Mac and Ginnie Mae mortgage-backed securities programs. None

of these prior or current transactional matters are related in any way to the Debtors or the

Chapter 11 cases.

29.     To determine if there is or was any connection between Perkins Coie and the

claims filed by Nationstar in these Chapter 11 cases, Perkins Coie, in conjunction with the

Debtors, has reviewed each of the proofs of claim filed by Nationstar.[3] As an initial matter,

Perkins Coie did not prepare or consult with Nationstar in connection with its claims in these

Chapter 11 cases, nor has Perkins Coie been engaged to prosecute such claims.  Perkins Coie did

not represent Nationstar or any of the parties in the transactions which give rise to the Nationstar

claims.   Further, Perkins Coie is not currently representing and has not previously represented

---

[3] With the approval of the Debtors, Perkins Coie, as an estate-retained professional, reviewed the Nationstar proofs
of claim on a confidential basis for the sole purpose of determining if there was a connection between the work that

Nationstar in any litigation, controversy or claims matters with respect to its role as a master servicer or mortgage servicer or any of its other mortgage banking activities or business operations.

30.    Moreover, out of an abundance of caution, Perkins Coie has established an internal "screen" between attorneys working on matters for Nationstar and those working on the Debtors' cases so that no attorney inadvertently shares any confidential information, even though the representation is unrelated as described above.

31.    In view of the foregoing, the Debtors believe that, in satisfaction of section 327(e) of the Bankruptcy Code, Perkins Coie does not represent or hold any interest adverse to the Debtors or the estate with respect to the matter on which Perkins Coie seeks to be employed.

32.    Perkins Coie has informed the Debtors that throughout these cases, Perkins Coie will continue to conduct periodic conflicts analyses to determine whether it is performing or has performed services for any significant parties in interest in these cases and that it will promptly update this Application and disclose any material developments regarding the Debtors or any other pertinent relationships that come to Perkins Coie's attention by way of a supplemental Declaration.

## COMPENSATION FOR SERVICES TO BE RENDERED
## IN CONNECTION WITH DEBTORS' CASES

A.    **Compensation Arrangement**

33.    The current hourly billing rates for the Perkins Coie professionals that are expected to spend significant time on the Insurance Matters range from $585 to $900 for

---

Perkins Coie did on behalf of Nationstar and the claims filed by Nationstar in these Chapter 11 cases.

partners, $285 to $575 for non-partner attorneys, and $200 to $300 for paralegals.[4]  In addition to the hourly billing rates set forth herein, Perkins Coie customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, messengers, courier mail, overtime, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, postage, long distance telephone calls, printing, transcripts, filing fees, computer research, and similar items.

34.     The Debtors understand that Perkins Coie intends to apply to the Court for the allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, and any other applicable procedures and orders of the Court.  Perkins Coie has agreed to accept as compensation such sums as may be allowed by the Court and understands that interim and final fee awards are subject to approval by the Court.

35.     To the best of the Debtors' knowledge, neither Perkins Coie, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' Chapter 11 cases, other than as permitted by the Bankruptcy Code.  Perkins Coie has not agreed to share compensation received in connection with this case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Perkins Coie's partners.

---

[4] Such hourly rates are subject to change annually in the regular course of Perkins Coie's business.  As set forth in the Linde Declaration, and as required by applicable Bankruptcy Code and Bankruptcy Rules, Perkins Coie will notify the Court, U.S. Trustee, and Creditors' Committee of any increases in its applicable rates, as set forth in paragraph 36 below.

ny-1089903

36.    Prior to any increases in Perkins Coie's rates, Perkins Coie will file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit will explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether Perkins Coie's client has consented to the rate increase.

**B.    Perkins Coie's Retention as Special Insurance Coverage Counsel Should Be Effective *Nunc Pro Tunc* to March 20, 2013**

37.    The Debtors request that Perkins Coie's retention as special insurance coverage counsel be made effective *nunc pro tunc* to March 20, 2013.  Due to the time sensitive nature of the work for which Perkins Coie was retained, the Debtors requested that the firm begin work immediately and Perkins Coie was unable to await entry of an order approving the retention before commencing work.  The Debtors submit that the highly complex and extraordinary circumstances of these Chapter 11 cases warrant retroactive approval, particularly since Perkins Coie has provided necessary services to the Debtors and such services are valuable to the Debtors' estates and parties in interest.  *See In re Old Carco, LLC f/k/a Chrysler LLC, et al.*, Case No. 09-50002 (Bankr. S.D.N.Y. July 16, 2009) (order approving retention of Freshfields Bruckhaus Deringer LLP as special counsel *nunc pro tunc* to April 30, 2009); *In re Hasset, Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention application and noting that retroactive retentions have been permitted where the attorney performs services of "value" to the estate).

## **NOTICE**

38.    The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court:  (i) enter an order

substantially in the form attached hereto as <u>Exhibit 1</u> granting the relief requested in the

Application, and (ii) grant such other and further relief to the Debtors as the Court may deem just

and proper.

Dated: May 17, 2013                          RESIDENTIAL CAPITAL, LLC,
                                             on behalf of itself and each of its Debtor
                                             subsidiaries

                                             By: /s/ Tammy Hamzehpour
                                                   Name: Tammy Hamzehpour
                                                   Title: Chief Business Officer

-14-

**EXHIBIT 1**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No.: 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 2014(a), AND LOCAL RULE 2014-1
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
PERKINS COIE LLP AS SPECIAL INSURANCE COVERAGE
COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MARCH 20, 2013**

Upon the application (the "**Application**")[5] of the Debtors for entry of an order,

under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1,

authorizing, but not directing, the Debtors to employ and retain Perkins Coie as Special

Insurance Coverage Counsel ("**Special Counsel**") to the Debtors, *nunc pro tunc* to March

20, 2013, all as more fully described in the Application; and upon consideration of the

Linde Declaration; and it appearing that this Court has jurisdiction to consider the

Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these

Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§

1408 and 1409; and it appearing that this proceeding on the Application is a core

proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application

having been given under the circumstances; and it appearing that no other or further

notice need be provided; and it appearing that the relief requested in the Application is in

---

[5] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Application.

the best interests of the Debtors' estates, their creditors and other parties in interest; and

after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1.      The Application is GRANTED as set forth herein.

2.      In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy

Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain

Perkins Coie as Special Counsel to the Debtors on the terms set forth in the Application

and the Linde Declaration.

3.      As Special Counsel to the Debtors, Perkins Coie is authorized to provide

the following services in connection with the Debtors' cases: (i) investigate, analyze and

recover insurance coverage proceeds under any directors & officers liability,

management liability, professional (errors & omissions) liability, fiduciary liability

insurance policies, or any other applicable policies under which the Debtors were

insured; (ii) negotiate with and, if necessary, litigate against, insurance companies that

provided liability insurance to the Debtors and/or the parties who procured such

insurance on the Debtors behalf, including AFI; and (iii) any other related work as

requested by the Debtors insofar as it relates to (i) or (ii).  Perkins Coie shall remain

authorized to continue to provide any previously approved OCP Services to Debtors.

4.      Perkins Coie shall use its best efforts to avoid duplication of services

provided by any of the Debtors' other retained professionals in these Chapter 11 cases.

5.      Perkins Coie will coordinate with Morrison & Foerster to create and

utilize task codes assigned by Morrison & Foerster for the matters which Perkins Coie

will be handling in an effort to assist the Court and other parties in interest in monitoring

any duplication of efforts.

6.      If the Debtors request that Perkins Coie provide additional advice on

matters substantially associated with the subject matter of Perkins Coie's retention but

not specifically enumerated herein, in the Application or in the Linde Declaration,

Perkins Coie shall advise the U.S. Trustee and the Creditors' Committee to the extent

possible of such additional matters, recognizing that such professional must protect

attorney-client and other privileges.

7.      Such other services as may be requested by the Debtors and agreed to by

Perkins Coie shall be subject to separate approval by Court order.

8.      Perkins Coie shall apply for compensation and reimbursement of expenses

incurred in accordance with the procedures set forth in sections 330 and 331 of the

Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable

from time to time, the United States Trustee's Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses, and any additional procedures that may

be established by order of this Court.  For the avoidance of doubt, Perkins Coie is

authorized to seek compensation and reimbursement of expenses incurred in connection

with the OCP Services in fee applications submitted to this Court for approval.

9.      Prior to any increases in Perkins Coie's rates, as set forth in paragraph 36

of the Application, Perkins Coie shall file a supplemental affidavit with the Court and

provide ten business days' notice to the Debtors, the U.S. Trustee and any official

committee.  The supplemental affidavit shall explain the basis for the requested rate

increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state

whether Perkins Coie's client has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10.    The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

11.    To the extent there may be any inconsistency between the terms of the Application, the Linde Declaration and this Order, the terms of this Order shall govern.

12.    Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13.     This Court shall retain jurisdiction with respect to all matters relating to

the interpretation or implementation of this Order.

Dated: _____, 2013
        New York, New York

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT 2</u>**

**<u>DECLARATION OF SELENA J. LINDE</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No.: 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL LLC, <u>et al.</u>, | ) | Chapter  No. 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

## <u>DECLARATION OF SELENA J. LINDE</u>

Pursuant to Sections 327 and 329 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and 28 U.S.C. § 1746, Selena J. Linde declares:

1.      I am an attorney at law admitted and in good standing to practice in the State of Maryland and the District of Columbia.

2.      I am a partner at the law firm of Perkins Coie LLP ("Perkins Coie" or "the Firm") and am duly authorized to make this Declaration on behalf of Perkins Coie.  I submit this Declaration in support of the Application (the "Application") filed by Residential Capital, LLC, <u>et al.</u> (the "Debtors") seeking authorization to employ Perkins Coie as special counsel to the Debtors with respect to the Insurance Matters as defined and described in greater detail below and in the Application, and to provide disclosures required under Bankruptcy Rules 2014(a) and 2016(b).

3.      Facts set forth in this Declaration are based upon information from, and discussions I, or other Perkins Coie personnel reporting to me, have had with the personnel at the Firm with administrative responsibilities for conflicts checking.  We have reviewed (as described below) parties from the list attached as <u>Schedule 1</u> that was provided to Perkins Coie by Morrison & Foerster LLP, the Debtors' general bankruptcy counsel, on March 26, 2013 (the

"Connections Checklist"), setting forth certain of the creditors and other parties in interest of the

Debtors in their Chapter 11 cases.  This review was performed by the persons within Perkins

Coie with administrative responsibility for maintaining records of our representations, and their

work was reviewed by me, as well as by Jennifer Dremousis, Esq., the Firm's Risk Manager and

an attorney in the Firm's Professional Standards Department.

4.      If I were called upon to testify, I could and would testify competently to the facts

set forth herein based inter alia upon the aforesaid review and input.  I am authorized to submit

this Declaration on behalf of Perkins Coie.

## SERVICES TO BE PERFORMED BY PERKINS COIE

5.      The Debtors seek to retain Perkins Coie as special counsel pursuant to section

327(e) of the Bankruptcy Code, *nunc pro tunc* to March 20, 2013, to investigate, analyze, and

seek to recover insurance coverage proceeds under any directors & officers liability,

management liability, professional (errors & omissions) liability, fiduciary liability, and any

other applicable insurance policies under which the Debtors were insured (the "Insurance

Matters").  Such services may involve negotiation with, and if necessary litigation against,

insurance companies that provided such liability insurance to the Debtors and/or the parties who

procured such insurance on the Debtors behalf, including parent company Ally Financial, Inc.

("AFI").

6.      In light of the above, Perkins Coie is well qualified to represent the Debtors in the

Insurance Matters, and Perkins Coie's retention would be in the best interest of the Debtors'

estates, their creditors, and other parties in interest.

7.      Morrison & Foerster is currently representing the Debtors in connection with the

financial restructuring of the Debtors and bankruptcy-specific issues.  Because Perkins Coie is

not serving as the Debtors' bankruptcy counsel, it is our position that Perkins Coie has not

rendered "services . . . in contemplation of, or in connection within the case" within the meaning

of section 329(a) of the Bankruptcy Code.  Perkins Coie's post-petition work will be comprised

of representing the Debtors in connection with the Insurance Matters and any similar matters that

may arise during the pendency of the bankruptcy cases.  These matters do not involve

representing the Debtors in their bankruptcy cases.

8.    Accordingly, the services rendered and functions to be performed by Perkins Coie

will not be duplicative of any bankruptcy-related work performed by Morrison & Foerster or any

other law firms retained by the Debtors.  As a result of the foregoing, Perkins Coie is qualified to

represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code.

## PERKINS COIE'S "CONNECTIONS" TO THE CASES

9.    Section 327(e) of the Bankruptcy Code provides that the Debtors "may employ,

for a specified special purpose, other than to represent the trustee in conducting the case, an

attorney that has represented the debtor, if in the best interest of the estates, and if such attorney

does not represent or hold any interest adverse to the debtor or to the estates with respect to the

matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

10.   As discussed above, Perkins Coie's proposed retention as special counsel is for

the Insurance Matters and any similar or related matters that may arise during the pendency of

the bankruptcy cases.  Because of the limited nature of Perkins Coie's proposed retention, after

consultation with the Debtors' bankruptcy counsel, and in light of the requirements of section

327(e), Perkins Coie has reviewed the parties listed on the Connections Checklist for any

"connections" (as provided in Bankruptcy Rule 2014(a)).  Perkins Coie has not identified its

connections with any parties who may have an interest in the bankruptcy estates that are not included on the Connections Checklist.

11.     To determine Perkins Coie's "connections" to the parties listed in <u>Schedule</u> 1 (the "Potential Parties in Interest"), Perkins Coie personnel reviewed our client database to determine whether Perkins Coie had any present or former client relationships with the Potential Parties in Interest in Schedule 1 in the last three years.  To the extent that this review indicated that Perkins Coie has represented, or currently represents, any of these entities, the identities of these parties and connection to Perkins Coie are as described herein and/or set forth in <u>Schedule 2</u>.  None of the fees from any of those parties represented more than one percent (1%) of Perkins Coie's fee receipts for the past twenty-four months.

12.     Perkins Coie currently represents, or in the last three years has represented, clients whose interests are, or were, adverse to the Potential Parties in Interest in matters wholly unrelated to the Chapter 11 cases.  The identities of these parties and their connection to Perkins Coie are set forth on <u>Schedule 3</u>.

13.     For the avoidance of doubt, Perkins Coie is no longer adverse to Residential Funding Company, LLC, listed in the "Formerly Adverse" category on <u>Schedule 3</u>.  Perkins Coie does not believe such former adversity presents any issue with respect to its retention under Section 327(e).

14.     Perkins Coie also represented Nationstar Mortgage LLC ("Nationstar") as the master servicer in the private placement of residential mortgage backed securities ("RMBS") in which Residential Funding Company, LLC was one of the servicers of the mortgage loans for such RMBS.  Perkins Coie's representation of Nationstar with respect to the transaction began in September 2012 and was concluded by December 1, 2012.  As of the date hereof, no future

representation of Nationstar as master servicer is expected to occur with respect to this RMBS

transaction. This transactional representation was unrelated to the OCP Services Perkins Coie

was performing for Debtor GMAC Mortgage LLC or to the Insurance Matters.

15.     Perkins Coie's representation of Nationstar in matters unrelated to these Chapter

11 cases commenced in June 2012. Since June 2012, Perkins Coie has represented and currently

represents Nationstar in various transactional matters that primarily involve the purchase of

mortgage servicing rights for newly originated mortgage loans that are being sold or securitized

through Fannie Mae, Freddie Mac and Ginnie Mae mortgage-backed securities programs. None

of these prior or current transactional matters are related in any way to the Debtors or the

Chapter 11 cases.

16.     To determine if there is or was any connection between Perkins Coie and the

claims filed by Nationstar in these Chapter 11 cases, Perkins Coie, in conjunction with the

Debtors, has reviewed each of the proofs of claim filed by Nationstar. As an initial matter,

Perkins Coie did not prepare or consult with Nationstar in connection with its claims in these

Chapter 11 cases, nor has Perkins Coie been engaged to prosecute such claims. Perkins Coie did

not represent Nationstar or any of the parties in the transactions which give rise to the Nationstar

claims. Further, Perkins Coie is not currently representing and has not previously represented

Nationstar in any litigation, controversy or claims matters with respect to its role as a master

servicer or mortgage servicer or any of its other mortgage banking activities or business

operations.

17.     Moreover, out of an abundance of caution, Perkins Coie has established an

internal "screen" between attorneys working on matters for Nationstar and those working on the

Debtors' cases so that no attorney inadvertently shares any confidential information, even though the representation is unrelated as described above.

18.       Perkins Coie is currently adverse to Ally Bank and Ally Financial Inc. ("Ally Financial") in matters wholly unrelated to these cases as noted on Schedule 3.  Perkins Coie does not believe such adversity presents any issue with respect to its retention under Section 327(e).

19.       To the best of my knowledge, insofar as we have been able to ascertain after reasonable inquiry (based on the review described above), Perkins Coie has no connection with the parties listed in Schedule 1 hereto, except as set forth herein and in Schedule 2 and Schedule 3 hereto, and Perkins Coie does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Insurance Matters.

20.       Insofar as I have been able to ascertain, neither I, Perkins Coie, nor any partner, associate or other counsel while associated with Perkins Coie, has in the past two years represented any Potential Party in Interest, except as set forth herein.

21.       I do not believe that there is any connection or interest (as such terms are used in section 101(14)(C) of the Bankruptcy Code and Bankruptcy Rule 2014(a)) between Perkins Coie and the United States Trustee or any person presently employed by the Office of the United States Trustee.

22.       In addition, as part of its practice, Perkins Coie appears in cases, proceedings, and transactions involving many different attorneys, co-counsel, accountants, financial consultants and investment bankers, some of which now or may in the future represent claimants and parties in interest in these cases.  Perkins Coie has not and will not represent any such entities in relation to the Debtors and these cases nor have any relationship with any such entities that would be adverse to the Debtors or their estates in the matters upon which Perkins Coie is to be employed.

23.     Neither Perkins Coie nor any attorney or employee at Perkins Coie is or was a creditor, an equity holder, or an insider of the Debtor, except that (i) the Firm previously rendered legal services to the Debtors for which it regularly submitted applications for compensation  pursuant to and in accordance with the Order Under Bankruptcy Code Sections 105(a), 327, and 330 and Bankruptcy Rule 2014 Authorizing Employment and Payment of Professionals Utilized in Ordinary Course of Business Nunc Pro Tunc to the Petition Date [Docket No. 799] entered in this case and (ii) prior to the Petition Date, Perkins Coie was owed prepetition fees of less than $1,000, which amount was waived by Perkins Coie.

24.     Neither Perkins Coie nor any attorney or employee at the Firm is or was, within two years before the Petition Date, a director, officer or employee of the Debtors.

25.     Perkins Coie does not have an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, or connection with, the Debtors, or for any other reason.

26.     No attorney at Perkins Coie is related to any U.S. District Judge or U.S. Bankruptcy Judge for the Southern District of New York or to the United States Trustee for such district or to any known employee in the office thereof.

27.     Despite the efforts described above to identify and disclose connections with the parties listed in Schedule 1 hereto, Perkins Coie is unable to state with certainty that every client connection of Perkins Coie has been disclosed.  In this regard, if Perkins Coie discovers additional information that requires disclosure, Perkins Coie will file supplemental disclosures with the Court.

## SECURITIES OWNERSHIP AND COMMERCIAL RELATIONSHIPS

28.     We have undertaken reasonable efforts to ascertain whether individual attorneys and employees at Perkins Coie received services or have business relationships with the Debtors and their subsidiaries.  A number of attorneys and other Perkins Coie employees have reported having mortgages and/or other loans that were issued or serviced by the Debtors.

29.     We have not undertaken any effort to ascertain or report whether individual attorneys or employees at Perkins Coie received services or have a business relationship with all of the parties listed in Schedule 1 hereto.  Various individual attorneys or employees at Perkins Coie have or may have such business relationships, including accounts or loans from Ally Financial.  Attorneys or employees at Perkins Coie may also have relatives or spouses who are members of professional firms involved in these cases or employed by parties listed in Schedule 1 hereto.

## FEES AND ENGAGEMENT

30.     Perkins Coie proposes to charge the Debtors its standard hourly rates for the services to be performed herein.  Perkins Coie's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.  These hourly rates are subject to periodic adjustment to reflect economic and other conditions and are consistent with the rates charged elsewhere.[1]

31.     In particular, Perkins Coie's hourly rates for the professionals expected to spend a significant amount of time on the Insurance Matters range as follows:

> (a)  $585 to $900 per hour for partners;

---

[1] Perkins Coie will file with the Court and serve upon the U.S. Trustee and the Creditors' Committee notice of any changes to its hourly billing rates for attorneys or other personnel performing services for the Debtors.

(b) $285 to $575 per hour for non-partner attorneys; and

(c) $200 to $300 per hour for paralegals.

32.     In addition to the hourly billing rates set forth above, Perkins Coie customarily charges its clients for all reimbursable expenses incurred, including photocopying charges, messengers, courier mail, overtime, overtime meals, late night transportation, travel, lodging, meal charges for business meetings, long distance telephone charges, postage, printing, transcripts, filing fees, computer research, and similar items.  I believe that Perkins Coie's billing rates, and the terms and conditions of Perkins Coie's employment, are reasonable.

33.     Perkins Coie intends to apply for compensation for professional services rendered in connection with the Insurance Matters and any similar matters that may arise during the pendency of the cases, subject to Court approval and in compliance with the applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual and necessary expenses and other charges incurred by Perkins Coie.  The name of each attorney and paralegal working on matters for the Debtors and the billing rate of each such individual will be reflected in the periodic fee applications filed by or on behalf of Perkins Coie.

34.     Perkins Coie will maintain contemporaneous records of time expended and out-of-pocket expenses incurred in connection with providing services to the Debtors and to endeavor to submit fee applications to this Court for compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, and any additional procedures that may be established by the Court in this Chapter 11 case.  Perkins Coie understands that interim and final

fee awards are subject to approval by this Court, and Perkins Coie has agreed to accept as

compensation such sums as may be allowed by this Court.

35.      To the best of my knowledge and belief, insofar as I have been able to ascertain

after reasonable inquiry, neither I nor Perkins Coie, nor any partner or associate thereof, has

received or been promised any compensation for legal services rendered or to be rendered in any

capacity in connection with the Debtors' Chapter 11 cases, other than as permitted by the

Bankruptcy Code.  Perkins Coie has not agreed to share compensation received in connection

with these cases with any other person or entity, except as permitted by section 504(b) of the

Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among

Perkins Coie's partners.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that the foregoing is true and correct.

Dated: May 16, 2013
           Washington, DC                              /s/ Selena J. Linde

                                                       Selena J. Linde, Esq.
                                                       Perkins Coie LLP
                                                       700 13th St. NW, Suite 600
                                                       Washington, DC  20005
                                                       Telephone (202) 654-6200
                                                       Facsimile (202) 654-9952
                                                       SLinde@perkinscoie.com

**SCHEDULE 1**

**RESIDENTIAL CAPITAL, LLC ET AL.**
**Case No. 12-12020 (MG)**

**MASTER CONFLICT LIST**

**Debtors and Subsidiaries**
ditech, LLC
DOA Holding Properties, LLC
DOA Properties IX (Lots-Other), LLC
EPRE LLC
Equity Investment I, LLC
ETS of Virginia, Inc.
ETS of Washington, Inc.
Executive Trustee Services LLC
GMAC – RFC Holding Company, LLC
GMAC Model Home Finance I, LLC
GMAC Mortgage USA Corporation
GMAC Mortgage, LLC
GMAC Residential Holding Company, LLC
GMAC RH Settlement Service, LLC
GMACM Borrower LLC
GMACM REO LLC
GMACR Mortgage Products, LLC
HFN REO SUB II, LLC
Home Connects Lending Services, LLC
Homecomings Financial Real Estate Holdings, LLC
Homecomings Financial, LLC
Ladue Associates, Inc.
Passive Asset Transactions, LLC
PATI A, LLC
PATI B, LLC
PATI Real Estate Holdings, LLC
RAHI A, LLC
RAHI B, LLC
RAHI Real Estate Holdings, LLC
RCSFJV2004, LLC
Residential Accredit Loans, Inc.
Residential Asset Mortgage Products, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama, LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC
Residential Funding Company, LLC
Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
Residential Funding Real Estate Holdings, LLC
Residential Mortgage Real Estate Holdings, LLC
RFC – GSAP Servicer Advance, LLC
RFC Asset Holdings II, LLC
RFC Asset Management, LLC
RFC Borrower LLC
RFC Construction Funding, LLC
RFC REO LLC
RFC SFJV-2002, LLC

**Foreign Subsidiaries**
Canada Mortgage Acceptance Corporation
Foreign Obligation Exchange, Inc. 2003-H12
Foreign Obligation Exchange, Inc. 2003-H14
Foreign Obligation Exchange, Inc. 2004-H11
Foreign Obligation Export, Inc.
GMAC Financiera S.A. de C.V. Sociedad
    Financiera de Objecto Multiple
GMAC Residential Funding of Canada Limited
GMAC-RFC (No. 2) Limited
GMAC-RFC Auritec, S.A.
GMAC-RFC Direct Limited
GMAC-RFC Espana Hipotecas SL
GMAC-RFC Europe Limited
GMAC-RFC Holdings Limited
GMAC-RFC Property Finance Limited
High Street Home Loans Limited
MCA Finance Limited
National Guarantee plc
Private Label Group Limited
Private Label Mortgage Services Limited

**Officers and Directors**
Abreu, Steven M.
Aretakis, James
Dondzila, Catherine M.
Fleming, Patrick
Hamzehpour, Tammy
Harney, Anthony J.
Hills, Garry
Horner, Jill M.
III, Edward F. Smith,
Ilany, Jonathan
Mack, John E.
Marano, Thomas
Meyer, Darsi
Nees, Louis A.
Pensabene, Joseph A.
Riddle, Mindy
Strauss, Thomas M.
Tyson, William N.
West, Pamela E.
Whitlinger, James
Wilkinson, Winston Carlos

**Parties to Funding Agreements**
Ally Financial Inc (f/k/a GMAC Inc.)
Barclays Bank PLC
Citibank, N.A.
Wells Fargo Bank, N.A.
BMMZ Holdings LLC

US Bank National Association
Deutsche Bank Trust Company Americas

**Bondholders**
AllianceBernstein Advisors
American Enterprise Investment Services Inc.
Appaloosa Management L.P.
Bank of New York Mellon, (The)/Barclays Capital - London
Bank of Nova Scotia/CDS
BARC/FIXED
Barclays Capital Inc. /LE
Berkshire Hathaway Inc.
BlackRock Global Investors
Charles Schwab & Co., Inc.
CITIBK/GRP
Citigroup Global Markets Inc.
Citigroup Global Markets Inc. /Salomon Brothers
Credit Suisse Securities (USA) LLC
David Lerner Associates, Inc.
Deutsche Bank Securities, Inc.
E*Trade Clearing LLC
Edward D. Jones & Co.
First Clearing, LLC
First Southwest Company
Goldman Sachs International
Goldman, Sachs & Co.
Interactive Brokers Retail Equity Clearing
J.P. Morgan Clearing Corp.
J.P. Morgan Securities LLC
Janney Montgomery Scott Inc.
Loomis Sayles & Company
LPL Financial Corporation
Merrill Lynch Safekeeping
Morgan Stanley & Co. LLC
Morgan Stanley Smith Barney LLC
National Financial Services LLC
Oppenheimer & Co. Inc.
OptionXpress, Inc
P. Schoenfeld Asset Management
Paulson & Co. Inc.
Penson Financial Services, Inc./Ridge.
Pershing LLC
Pentwater Capital Management
Putnam Investment Management
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
Scottrade, Inc.
Security Investors LLC
Silver Point Capital, L.P.
Stifel, Nicolaus & Company Incorporated
Taconic Capital Advisors, L.P.
TD Ameritrade Clearing, Inc.
Timber Hill LLC
UBS Financial Services LLC
UBS Securities LLC
Vanguard Marketing Corporation
Western Asset Management Company

**Landlords and Tenants**
2155 Northpark Lane LLC
2255 Partners, L.P. c/o M. David Paul Development LLC
Avenel Realty Company d / b / a Avenel at Montgomery Square
Brandywine Cityplace LP
BREOF Convergence LP c/o Brookfield Real Estate Opportunity Fund
Business Suites (Texas) LTD
Center Township of Marion County
Del Amo Financial Center, LP
DRA CLP Esplanade LP c/o Colonial Properties Services Ltd Partnership
Euclid Plaza Associates, LLC
GBM Properties, LLC
Homeowners Alliance
Liberty Property Limited Partnership
National Default Servicing, LLC
New Towne Center Inc.
PBC San Jose, LLC
PBC Walnut Creek, LLC
Realty World - Graham/Grubbs and Associates
Regus Management Group LLC
Teachers Insurance and Annuity Association of America c/o Northmarq RES
The Irvine Company LLC
The Office Annex, Inc.
Veridian Credit Union f/k/a John Deere Community Credit Union
W.E.G., Jr., Inc. d / b / a Highland-March Beverly Suites

**Parties to Litigation**
Acacia Life Insurance Company
Allstate Bank (f/k/a Allstate Federal Savings Bank)
Allstate Insurance Company
Allstate Life Insurance Company
Allstate Life Insurance Company of New York, Allstate Retirement Plan
Allstate New Jersey Insurance Company
American Heritage Life Insurance Company
Ameritas Life Insurance Corp.
Assured Guaranty Municipal Corp.
Boilermaker Blacksmith National Pension Trust
Brown County, Ohio
Cambridge Place Investment Management Inc.
Church-Dellinger, Victoria Jean
Columbus Life Insurance Company
Deutsche Zentral-genossenschaftsbank, New York Branch, d/b/a DZ Bank AG, New York Branch
DG Holding Trust
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Home Loan Mortgage Corporation
Federal Housing Finance Agency
Financial Guaranty Insurance Company
First Colonial Insurance Company
Fort Washington Active Fixed Income LLC

Fort Washington Investment Advisors, Inc.
HSH Nordbank AG
HSH Nordbank AG, Luxembourg Branch
HSH Nordbank AG, New York Branch
HSH Nordbank Securities S.A.
Huntington Bancshares Inc.
IKB Deutche Industriebank AG
IKB International S.A. (in Liquidation)
Integrity Life Insurance Company
Kennett Capital, Inc.
Kral, Kenneth L.
Laster, Marteal
Massachusetts Mutual Life Insurance Company
MBIA Insurance Corporation
Mitchell, Ruth
Mitchell, Steven
National Credit Union Administration Board
National Integrity Life Insurance Company
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Rio Debt Holdings (Ireland) Limited
Sall, Mohammed A.
Sealink Funding Ltd.
State of Ohio
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
The Western and Southern Life Insurance Company
Thrivent Balanced Fund
Thrivent Balanced Portfolio
Thrivent Bond Index Portfolio
Thrivent Core Bond Fund
Thrivent Financial Defined Benefits Plan Trust
Thrivent Financial for Lutherans
Thrivent Income Fund
Thrivent Limited Maturity Bond Fund
Thrivent Limited Maturity Bond Portfolio
U.S. Central Federal Credit Union
West Virginia Investment Management Board
Western Corporate Federal Credit Union
Western-Southern Life Assurance Company

### U.S. Trustee's Office (Region 2 Trial Attorneys)
Davis, Tracy Hope
Driscoll, Michael
Gasparini, Elisabetta
Golden, Susan
Khodorovsky, Nazar
Masumoto, Brian S.
Morrissey, Richard C.
Nakano, Serene
Riffkin, Linda A.
Schwartz, Andrea B.
Schwartzberg, Paul K.
Velez-Rivera, Andy
Zipes, Greg M.

### Bankruptcy Judges (New York)
Bernstein, Stuart M.
Chapman, Shelley C.

Drain, Robert
Gerber, Robert E.
Glenn, Martin
Gropper, Allan L.
Lane, Sean H.
Lifland, Burton R.
Morris, Cecelia G.
Peck, James M.

### District Court Judges (New York)
Baer, Harold
Batts, Deborah A.
Berman, Richard M.
Briccetti, Vincent L.
Buchwald, Naomi Reice
Carter, Andrew L.
Castel, P. Kevin
Cedarbaum, Miriam Goldman
Cote, Denise L.
Crotty, Paul A.
Daniels, George B.
Duffy, Kevin T.
Engelmayer, Paul A.
Forrest, Katherine B.
Gardephe, Paul G.
Griesa, Thomas P.
Haight, Charles S.
Hellerstein, Alvin K.
Jones, Barbara S.
Kaplan, Lewis A.
Karas, Kenneth M.
Koeltl, John G.
Marrero, Victor
McKenna, Lawrence M.
McMahon, Colleen
Nathan, Alison J.
Oetken, J. Paul
Owen, Richard
Patterson, Robert P.
Pauley, William H.
Preska, Loretta A.
Rakoff, Jed S.
Ramos, Edgardo
Sand, Leonard B.
Scheindlin, Shira A.
Seibel, Cathy
Stanton, Louis L.
Stein, Sidney H.
Sullivan, Richard J.
Swain, Laura Taylor
Sweet, Robert W.
Wood, Kimba M.

### Depositing Banks
Ally Bank
Bank of America, N.A.
Bank of New York Mellon
Citibank, N.A.
Deutsche Bank Trust Company Americas
JPMorgan Chase Bank, N.A.

M&T Bank
State Street Bank and Trust Company
U.S. Bank National Association
Wachovia Bank, National Association

**Consultants & Professionals**
AlixPartners
Analytic Focus, LLC
Barclays Bank PLC
Bradley Arant Boult Cummings LLC
Carpenter Lipps & Leland LLP
Centerview Partners LLC
Chadbourne & Parke LLP
Coherent Economics LLC
Curtis, Mallet-Prevost, Colt & Mosle LLP
Deloitte & Touche
Dorsey & Whitney LLP
Epiq Bankruptcy Solutions, LLC
Evercore
Fortace LLC
Fortress Investment Group, LLC
FTI Consulting, Inc.
Gonzalez, Arthur J.
Hudson Cook LLP
J.F. Morrow
Kirkland & Ellis LLP
KPMG LLP
Kramer Levin Naftalis & Frankel LLP
Kurtzman Carson Consultants LLC
Locke Lord LLP
Mayer Brown LLP
Mesirow Financial Consulting, LLC
Mercer (US) Inc.
Moelis & Company LLC
Morrison & Cohen LLP
Morrison & Foerster LLP
Nationstar Mortgage, LLC
Orrick, Herrington & Sutcliffe LLP
Pachulski Stang Ziehl & Jones LLP
Pepper Hamilton LLP
PricewaterhouseCoopers
Rubenstein Associates, Inc.
San Marino Business Partners LLC
Severson & Werson PC
Sidley Austin LLP
SilvermanAcompora LLP
Skadden, Arps, Slate, Meagher & Flom LLP
Towers Watson Delaware Inc.
Wilmer Cutler Pickering Hale & Dorr LLP
Wolf Haldenstein Adler Freeman & Herz LLP

**HELOC Investors**
5th 3rd bank
Aurora Loan Services LLC
Bank One, Texas N.A.
Deutsche Bank National Trust Co.
Everbank
JP Morgan Chase
Macquarie Mortgages USA Inc
Suntrust

The Bank of New York Mellon
Treasury Bank, N.A.
Us Bank, N.A.
Wachovia Bank Na
Wells Fargo Bank, N.A.

**Servicing Counterparties**

**Government Entities and GSEs**
Federal Home Loan Mortgage Corporation (Freddie Mac)
Federal Housing Administration (FHA)
Federal National Mortgage Association (Fannie Mae)
Government National Mortgage Association (Ginnie Mae)

**Housing and Local Agencies**
California Housing Finance Agency
CitiMortgage, Inc., as administrator for Texas Veterans Land Board
Connecticut Housing Finance Authority
Delaware Housing Authority
Hawaii Housing (Hula Mae)
Housing Opportunities Commission of Montgomery County, Maryland
Mississippi Home Corporation
Neighborhood Housing Services of America and Philadelphia N.H.S.
Oregon Housing and Community Services Department
Redevelopment Authority of the County of Berks
Rural Housing
The Housing and Redevelopment Authority in and for the City of Minneapolis
The Industrial Commission of North Dakota

**Mortgage and Monoline Insurers**
The ACE Group
Ambac
Assured Guaranty Corp.
Cuna Mutual Group Mortgage Insurance Company
FGIC
Financial Security Assurance Inc
Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies)
General Electric Mortgage Insurance Corporation
Genworth Mortgage Insurance Corporation
MBIA
Mortgage Guaranty Insurance Corp.
PMI Mortgage Insurance Co.
Radian Asset Assurance Inc.
Radian Guaranty Inc.
Republic Mortgage Insurance Company
Triad Guaranty Insurance Corporation
United Guaranty Residential Insurance Company

**Trustees**
Bank One, National Association
BNY Midwest Trust Company

Chase Bank of Texas, N.A.
Citibank, N.A.
Deutsche Bank National Trust Company
Deutsche Bank Trust Company Americas
HSBC Bank USA, National Association
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Security Pacific National Company
The Bank of New York Mellon
U.S. Bank National Association
US National Association
Wells Fargo Bank Minnesota, N.A.
Wells Fargo Bank, National Association
Wilmington Trust Company

**Other Counterparties to Servicing Agreements**
50 BY 50, LLC
ABN AMRO Mortgage Croup, Inc.
Access National Mortgage Corporation
Ace Home Equity Loan Trust, Series 2007-SL3
ACE Securities Corp.
ACT Mortgage Capital
Advantage Bank
Aegis Mortgage Corporation
Aegon USA Realty Advisors
Alliance Bancorp
Alliance Securities Corp.
Ally Bank
Ally Financial Inc.
Ally Investment Management LLC
Alternative Finance Corporation
Amalgamated Bank of New York
American Equity Mortgage, Inc.
American Home Mortgage
American Home Mortgage Acceptance, Inc.
American Home Mortgage Investment Trust 2005-2
American Home Mortgage Investment Trust 2005-4A
American Home Mortgage Investment Trust 2006-2
American Home Mortgage Investment Trust 2007-A
American Home Mortgage Servicing, Inc.
American Home Mortgage Trust 2004-4
American Home Mortgage Trust 2005-1
American Home Mortgage Trust 2005-2
American Home Mortgage Trust 2005-4A
American Residential Equities XXVII, LLC
American Residential Equities, LLC
Ameriquest Mortgage Company
Andover Bank
Arbor Commercial Mortgage, LLC
Asset Management Holding of South Florida, LLC
Assured Guaranty Municipal Corp
Atlantic Financial Federal
Audobon Savings Bank
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banc of America Funding 2005-3 Trust
Banc of America Funding 2005-8 Trust
Banc of America Funding 2006-1 Trust

Banc of America Funding 2006-4 Trust
Banc of America Funding Corporation
Banc of America Mortgage Capital Corporation
Bancap
Banco Mortgage Company
Banco Popular North America
Bank of America, National Association
Bank of Hawaii
Bank One, Texas, N.A.
Bank Rhode Island
Bank United, FSB
Bankatlantic, A Federal Savings Bank
Bankers Saving
Bankers Trust Company
Banknorth Mortgage
Bay Atlantic Federal Credit Union
Bay Financial Savings Bank, FSB
Bayrock Mortgage Corporation
Bayview Acquisitions, LLC
Bayview Financial Asset Trust
Bayview Financial Property Trust
Bayview Financial Securities Company, LLC
Bayview Financial Trading Group, L.P.
Bayview Financial, L.P.
Bear Stearns Asset Backed Securities I, LLC
Bear Stearns Mortgage Capital Corporation
Bear Stearns Second Lien Trust 2007-1
Bear Stearns Second Lien Trust 2007-SV1
Bell Federal Savings and Loan Association
BellaVista Funding Corporation
Belvedere Trust Finance Corporation
Bluebonnet Savings Bank FSB
BMMZ Holdings LLC
Broadway Federal Bank, FSB
Brothers Bank, FSB
Butte Savings and Loan Association
Caliber Funding, LLC
California Banking Association
California Federal Bank, FSB
California Public Employees' Retirement System
Cambridge Place Collateral Management LLC
Canada Mortgage Acceptance Corporation
Capital Crossing Bank
Capitol Federal Savings and Loan Association
Capstead Mortgage Corporation
CDC Mortgage Capital Inc. (Natixis)
Cenfed Bank, a Federal Savings Bank
Cenlar FSB
CenterState Bank of Florida, N.A.
Central Bank of Jefferson County, Inc.
Century Bank, FSB
CFX Bank
Charter One Bank, FSB
Charter One Bank, N.A.
Chase Manhattan Mortgage Corporation
Chemical Mortgage Company
Citi Financial Mortgage Co., Inc.
Citibank (West), FSB
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.

CitiMortgage, Inc.
Citizens Bank of Connecticut
Citizens Bank of Massachusetts
Citizens Bank of New Hampshire
Citizens Bank of Pennsylvania
Citizens Bank, N.A.
Citizens Federal Bank, FSB
Clayton Fixed Income Services Inc.
Clayton National, Inc.
CMC Investment Partnership
Coastal Banc Capital Corporation
Coastal Banc SSB
Coastal States Mortgage Corporation
Collective Federal Savings Bank
Colonial Mortgage Service Company
Comerica Bank
Community Lending, Incorporated
Communityone Bank, N.A.
ComUnity Lending, Incorporated
Copperfield
Core, Cap Inc.
Corona Asset Management III, LLC
Countrywide Bank, N.A.
Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities
    Corp.
CSX
CTCE Federal Credit Union
CTX Mortgage Company, LLC
DB Structured Products, Inc.
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Mortgage Securities, Inc.
DLJ Mortgage Acceptance Corp.
DLJ Mortgage Capital, Inc.
Dollar Bank, FSB
Drawbridge Consumer Funding Ltd
Dynex Securities Corporation
E*Trade Bank
E*Trade Mortgage
E*Trade Wholesale Lending Corp.
EAB Mortgage Company, Inc.
EMC Mortgage Corporation
Empire Mortgage X, Inc.
Encore Bank and National Association
Encore Savings Bank
Erie Savings Bank
Eurekabank
EverBank
Fairbanks Capital Corp.
Fairfax Savings Bank
Family Bank, FSB
Family Lending Services, Inc.
FBS Mortgage Corporation
Federal Home Loan Bank of Atlanta
Federal Trust Bank, FSB
Fidelity Federal Bank
Fidelity Savings and Loan
Fifth Third Bank

Financial Asset Securities Corp.
First Bank Incorporated
First Bank, Inc.
First Cap Holdings, Inc.
First Citizens Bank and Trust Company
First Citizens Mortgage Company
First Community Bank N.A.
First Federal of Michigan
First Federal Savings and Loan Association of
    Storm Lake
First Guaranty Mortgage Corporation
First Horizon Home Loan Corporation
First Indiana Bank
First Internet Bank of Indiana
First Massachusetts Bank, N.A.
First National Bank and Trust Company
First National Bank of Arizona
First National Bank of El Dorado
First Nationwide Mortgage Corporation
First NLC
First Rate Capital Corporation
First Savings Mortgage Corporation
First Tennessee Bank National Association
First Tennessee Capital Assets Corporation
First Trust Savings Bank
First Union National Bank
First-Citizens Bank & Trust Company
Firstrust Bank
Fleet National Bank
Flex Point Funding Corporation
Flick Mortgage Investors, Inc.
FNBA
Fortress Credit Corp.
FPA Corporation
Franklin Bank, SSB
Franklin Credit
Franklin Credit Management Corporation
Gateway Credit Union
Gateway Funding Diversified Mortgage Services,
    LP
GE Capital Consumer Card Co.
GE Mortgage Services, LLC
Geneva Mortgage Corporation
Germantown Savings Bank
Gibraltar Savings Association
Ginn Financial Services, LLC
Goldman Sachs Mortgage Company
Gonzalo Residential Asset Trust
Great American First Savings Bank
Great American Savings Bank
Green Planet Servicing, LLC
Green Tree Servicing LLC
GreenPoint Mortgage Funding Trust 2005-HE4
GreenPoint Mortgage Funding Trust 2006-HE1
GreenPoint Mortgage Funding, Inc.
Greenwich Capital Acceptance, Inc.
Greenwich Capital Financial Products, Inc.
Greenwich Universal Portfolio
GS Mortgage Securities Corp.
GSAA Home Equity Trust 2005-9

GSMPS Mortgage Loan Trust 2005-LT1
GSR Mortgage Loan Trust 2006-AR2
GSR Trust 2007-HEL1
Guardian Savings Bank
Hanover Capital Mortgage Holdings, Inc.
HarborView Mortgage Loan trust 2004-10
Healthcare Employees Federal Credit Union
Home Equity Loan Trust 2005-HS2
Home Equity Loan Trust 2006-HSA2
Home Equity Loan Trust 2006-HSA3
Home Equity Loan Trust 2006-HSA5
Home Equity Loan Trust 2007-HSA1
Home Equity Loan Trust 2007-HSA3
Home Federal Savings & Loan Association of
    Rome, Ga.
Home Loan Corporation
Home Loan Series 09-2028
HomeBanc Mortgage
HomEq Servicing Corporation
Horsham Funding Inc.
HSI Asset Securitization Corporation
Hudson & Keyse, LLC
Hudson City Savings Bank
Huntington Federal Savings & Loan Association
Hyperion Capital Group LLC
IMPAC CMB Trust Series 2005-6
IMPAC Funding Companies
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
IMPAC Secured Assets Corp.
Imperial Credit Industries, Inc.
Independent Bank East Michigan
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac MBS, Inc.
IndyMac Mortgage Holdings, Inc.
ING Bank, FSB
Investment Capital Group
Irwin Union Bank and Trust Company
Ixis Real Estate Capital Inc
Jackson Federal Bank
Just Mortgage, Inc.
Kaiser Federal Bank
Keystone Nazareth Bank & Trust Company
Kidder Peabody Mortgage Capital Corporation
Lacera
Lebank
Lehman Brothers Bank, FSB
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
    Holdings Inc.
Liberty Home Lending, Inc.
Liberty Savings Bank, FSB
Linden Assemblers Federal Credit Union
Litton Loan Servicing, LP
LNV Corporation
Loan Center of California
Loan Link Financial Services
Local #38 and Associates Credit Union
Lomas Mortgage USA, Inc.
Los Angeles County Employees Retirement

Association
Los Angeles Federal Savings
LPP Mortgage Ltd.
Luminent Mortgage Capital, Inc.
Lydian Private Bank
Macquarie Mortgage Funding Trust 2007-1
Macquarie Mortgages USA, Inc.
MAIA Mortgage Finance Statutory Trust
Marine Bank
Market Street Mortgage Corporation
Massachusetts Mutual Life Insurance Co.
Matrix Capital Bank
MB Financial Bank N.A.
Medway Savings Bank
Mellon Bank
Mellon/McMahon Real Estate Advisors Inc.
Merck Sharp & Dohme Federal Credit Union
Mercury Mortgage Finance Statutory Trust
Meridian Mortgage Corporation
Merrill Lynch Bank & Co.
Merrill Lynch Hunton Paige
Merrill Lynch Mortgage Capital Inc.
Merrill Lynch Mortgage Holdings, Inc.
Merrill Lynch Mortgage Investors, Inc.
Merrill Lynch Mortgage Lending, Inc.
Metlife Bank, N.A.
Metrocities Mortgage Corp., LLC
Metropolitan Life Insurance Company
Mid America Bank, FSB
MidFirst Bank
Midland Financial Savings and Loan Association
Mint I, LLC
Mint II, LLC
Money Bank Investment Corporation
Monterey I Holdings
Morgan Stanley Capital I Inc.
Morgan Stanley Mortgage Capital Inc.
Morgan Stanley Mortgage Loan Trust 2005-3AR
Mortgage Asset Securitization Transactions, Inc.
Mortgage Asset Securitization Trust
Mortgage Interest Networking Trust II
Mortgage Investors Corporation
MortgageIT Holdings Inc.
MortgageIT Securities Corp.
MortgageIT Trust 2005-4
MortgageIT, Inc
MRF 3 LLC
Mrit Securities Corporation
Mutual Savings & Loan Association of Charlotte,
    N.C.
Mutual Savings Bank
National Bank of Commerce
NETBANK
Network Funding L.P.
Neuwest Equity Partners
New Century Mortgage Securities, Inc.
New Cumberland Federal Credit Union
New Penn Financial, LLC
New York Life Insurance and Annuity Corporation
New York Life Insurance Company

Nomura Asset Acceptance Corporation
Nomura Credit & Capital, Inc.
Nomura Home Equity Loan, Inc.
North Jersey Federal Credit Union, Inc.
Northwest Funding, Inc.
Northwestern National Bank of Minneapolis
Norwest Bank Minnesota, National Association
Norwest Mortgage, Inc.
Ocwen Federal Bank FSB
Ocwen Loan Servicing, LLC
Ohio Savings Bank
Opteum Financial Services, LLC
Option One Mortgage Corporation
Paine Webber Real Estate Securities Inc.
Parkside Lending, LLC
Parkvale Savings Bank
Paul Financial, LLC
People Savings Bank, Inc., SSB
Peoples Heritage Savings Bank
PHH Mortgage
Philadelphia Federal Credit Union
Pinnacle Capital Mortgage Corporation
Pinnacle Financial Corporation
Plaza Home Mortgage, Inc.
PMC Bancorp
PNC Bank, N.A.
PNC Mortgage Securities Corp.
Pomona First Federal Bank and Trust
Principal Asset Markets, Inc.
Principal Bank
Principal Mutual Life Insurance Company
Private Capital Group
Quaker City Bank
Quicken Loans Inc.
RBS Citizens, National Association
Real Time Resolutions, Inc.
Real Time Solutions
Realty Mortgage Corporation
Redlands Federal Bank, FSB
Redwood Trust, Inc.
Reliance Federal Credit Union
Residential Mortgage Assistance Enterprise, LLC
Resolution Capital Advisors, LLC
Ridgewood Savings Bank
Riggs Bank N.A.
Rochester Community Savings Bank
Roosevelt Management Company, LLC
RWT Holdings, Inc.
Ryland Acceptance Corporation Four
SACO I Trust 2005-GP1
SACO I Trust 2006-8
Salomon Brothers Realty Corp.
Saxon Mortgage Funding Corporation
Sea Breeze Financial Services, Inc.
Sebring Capital
Secured Bankers Mortgage Company
Security National
Security Pacific National Bank
Select Portfolio Servicing Inc.
Sequoia Funding Trust

Sequoia Residential Funding, Inc.
Shearson Lehman Government Securities, Inc.
Shellpoint Mortgage LLC
Sierra Pacific Mortgage, Inc
Silver State Financial Services, Inc.
Silvergate Bank
Skyline Financial Corp.
SMFC Funding Corporation
SN Servicing Corporation
SNBOA, LLC
Southbank
Southern Pacific Thrift and Loan Association
SouthStar Funding, LLC
Southwest Savings and Loan Association
Sovereign Bank, FSB
Specialized Loan Servicing LLC
St. Paul Federal Bank for Savings
Stanwich Mortgage Acquisition Company, LLC
Sterling Savings Bank
Steward Financial, Inc.
Stonebridge Bank
Structured Asset Mortgage Investments II Inc.
Structured Asset Mortgage Investments, Inc.
Structured Asset Securities Corporation
Structured Mortgage Investments II Inc.
Summit Savings & Loan Association
Suntrust Asset Funding, LLC
Superior Bank
Susquehanna Bank
Syncora Guarantee Inc.
Taylor, Bean Whitaker
TCF National Bank
TCIF, LLC
TeleBank
Terwin Advisors LLC
Terwin Mortgage Trust 2006-6
Terwin Securitization LLC
The Canada Trust Company
The Chase Manhattan Bank
The First Boston Corporation
The First National Bank of Glens Falls
The Frost National Bank
The Mortgage Store Financial, Inc.
The New York Mortgage Company, LLC
The Travelers Indemnity Company
The Winter Group
Treasury Bank, N.A.
Tri Counties Bank
Tri Country Area Federal Credit Union
Truman Capital Securitization LLC
UBS Real Estate Securities Inc.
UBS Warburg Real Estate Securities Inc.
UBS Warburg, LLC
United Capital Mortgage, LLC
United Federal Savings Bank
United Financial Mortgage Corporation
United Savings Association of Texas, FSB
Unity Bank
Universal Master Servicing, LLC
US Bank Home Mortgage

USAA Federal Savings Bank
Valley Independent Bank
Vermont Mortgage Group, Inc.
Wachovia Bank, National Association
Wachovia Mortgage Corporation
Walter Mortgage Company
Washington Mutual Bank
Washington Mutual Mortgage Securities Corp.
Webster Bank
Western Financial Savings Bank, FSB
WestStar Mortgage, Inc.
Wilshire Credit Corporation
Winter Group
Witmer Funding LLC
WMCC Clayton / Washington Mutual Bank
WMD Capital Markets, LLC

**Utilities**
Abovenet Communications Inc.
AT&T
AT&T Mobility
Center Point Energy
CenturyLink
Cisco Systems Capital Corporation
City of Eden Prairie
Comcast
Dish Network
Genesys Conferencing
Global Capacity Group Inc.
IEX Corporation
Inova Solutions
Intercall
Intervoice Inc.
Level 3 Communications LLC
MediaCom
Micro-Tel Center
MidAmerican Energy
Sprint
Time Warner Cable
Time Warner Telecom
Verizon
Verizon Business
Verizon California
Verizon Wireless
Waste Management
Waterloo Water Works
Xcel Energy

**Consolidated Top 50 Creditors**
Aegis Usa Inc.
Alan Gardner
Allstate Insurance
Ambac Assurance Corp
Assured Guaranty Corp.
BNYMellon
Boilermaker Blacksmith National Pension Trust
Brian Kessler, et al
Cambridge Place Investment Management Inc.
Credstar
Deutsche Bank AG, New York

Deutsche Bank Trust Company Americas
Don E. Diane M. Patterson
Donna Moore
Emortgage Logic
Federal Home Loan Bank of Boston
Federal Home Loan Bank of Chicago
Federal Home Loan Bank of Indianapolis
Federal Housing Finance Agency
Financial Guaranty Insurance Co.
Huntington Bancshares Inc.
Indecomm Global Services
Iowa Public Employees Retirement System
Lehman Brothers Holdings, Inc.
Loan Value Group
Massachusetts Mutual Life Insurance Company
MBIA, Inc.
Midwest Operating Engineers Pension Trust Fund
National Credit Union Administration Board
New Jersey Carpenters Health Fund
New Jersey Carpenters Vacation Fund
Orange County Employees Retirement System
Police and Fire Retirement System of the City of
   Detroit
Sealink Funding Limited
Steven And Ruth Mitchell
Stichting Pensioenfonds ABP
The Charles Schwab Corporation
The Union Central Life Insurance Company
Thrivent Financial for Lutherans
Tiffany Smith
US Bank
Wells Fargo & Company
Wells Fargo Bank N.A
West Virginia Investment Management Board
Western & Southern

**Members of the Creditors' Committee**
Allstate Life Insurance Company
AIG Asset Management (U.S.), LLC
The Bank of New York Mellon Trust Company,
   N.A.
Deutsche Bank Trust Company Americas
Drennen, Rowena L.
Financial Guaranty Insurance Company
MBIA Insurance Corporation
U.S. Bank National Association
Wilmington Trust, N.A.

**Rule 2004 Motion Parties**
AlixPartners
Cerberus Capital Management, L.P.
Cerberus FIM Investors LLC
Cerberus FIM, LLC
FIM Holdings LLC
General Motors Company
Gibbs & Bruns, LLP
GMAC Bank
GMAC Commercial Finance, LLC
GMAC LLC
GMAC Mortgage Group, LLC

Houlihan Lokey
IB Finance Holding Company, LLC
Kelly Drye & Warren LLP
Kramer Levin et al
Moelis & Company
Morrison & Foerster LLP
Morrison Cohen LLP
National Motors Bank FSB
Ropes & Gray LLP
White & Case

## Schedule 2

### Perkins Coie LLP - Current Clients

5th 3rd bank
Allstate Life Insurance Company
Allstate Life Insurance Company of New York,
   Allstate Retirement Plan
American Home Mortgage
Banco Popular North America
Bank of Hawaii
Bank of New York Mellon
Bayview Financial Trading Group, L.P.
BNY Midwest Trust Company
BNY Mellon
CenturyLink
Cerberus Capital Management, L.P.
Charles Schwab & Co., Inc.
Comcast
Comerica Bank
Deloitte & Touche
Deutsche Bank Securities, Inc.
Deutsche Bank Trust Company Americas
E*Trade Bank
Edward D. Jones & Co.
Federal National Mortgage Association (Fannie
   Mae)
Fifth Third Bank
First National Bank and Trust Company
Fortress Credit Corp.
Fortress Investment Group, LLC
General Motors Company
GMAC Mortgage Group, LLC
Goldman, Sachs & Co.
Green Tree Servicing LLC
GreenPoint Mortgage Funding, Inc.
Homecomings Financial, LLC
Lehman Brothers Holdings Inc.
Lehman Capital, a division of Lehman Brothers
   Holdings Inc.
Level 3 Communications LLC
LNV Corporation
LPP Mortgage Ltd.
Mellon Bank
Metropolitan Life Insurance Company
MidFirst Bank
National Financial Services LLC
Nationstar Mortgage, LLC
Ocwen Loan Servicing, LLC
PNC Bank, N.A.
PricewaterhouseCoopers
RBC Capital Markets, LLC
Redwood Trust, Inc.
Residential Accredit Loans, Inc.
Residential Asset Securities Corporation
Residential Capital, LLC
Residential Consumer Services of Alabama, LLC
Residential Consumer Services of Ohio, LLC
Residential Consumer Services of Texas, LLC
Residential Consumer Services, LLC

Residential Funding Mortgage Exchange, LLC
Residential Funding Mortgage Securities I, Inc.
Residential Funding Mortgage Securities II, Inc.
RFC Asset Holdings II, LLC
RFC Construction Funding, LLC
Saxon Mortgage Funding Corporation
Select Portfolio Servicing Inc.
Silver Point Capital, L.P.
Silver State Financial Services, Inc.
SN Servicing Corporation
Sprint
Suntrust
Teachers Insurance and Annuity Association of
   America c/o Northmarq RES
The Bank of New York Mellon
The Bank of New York Mellon Trust Company,
   N.A.
The Charles Schwab Corporation
The Irvine Company LLC
Time Warner Cable
Tri Counties Bank
U.S. Bank National Association
US Bank
US National Association
Vanguard Marketing Corporation
Waste Management
Wells Fargo Bank, National Association
Wilmington Trust Company
Wilmington Trust, N.A.

### Perkins Coie LLP - Former Clients

Barclays Capital Inc. /LE
Deutsche Bank AG, New York
Deutsche Bank National Trust Company
Dish Network
Houlihan Lokey
HSH Nordbank AG
Morrison & Foerster LLP
Pepper Hamilton LLP
Residential Capital, LLC
Residential Funding Company, LLC
State Street Bank and Trust Company
Sterling Savings Bank
Verizon
Wachovia Bank, National Association
Washington Mutual Bank
White & Case
Xcel Energy

## Schedule 3

### Currently Adverse

5th 3rd bank
ABN AMRO Mortgage Croup, Inc.
Aegis Mortgage Corporation
Aegon USA Realty Advisors
AIG Asset Management (U.S.), LLC
AlixPartners
Alliance Bancorp
Allstate Insurance Company
Ally Bank
Ally Financial Inc.
Amalgamated Bank of New York
Ambac
Ambac Assurance Corp
American Home Mortgage
Ameriquest Mortgage Company
AT&T
AT&T Mobility
Atlantic Financial Federal
Aurora Loan Services Inc.
Aurora Loan Services LLC
Banco Popular North America
Bank of America, N.A.
Bank of New York Mellon
Bank of Nova Scotia/CDS
Bank One, National Association
Barclays Bank PLC
Bayview Financial, L.P.
Berkshire Hathaway Inc.
BNY Midwest Trust Company
BNY Mellon
California Public Employees' Retirement System
Cenlar FSB
CenturyLink
Cerberus Capital Management, L.P.
Charter One Bank, FSB
Charter One Bank, N.A.
Cisco Systems Capital Corporation
Citibank, N.A.
Citigroup Global Markets Inc.
Citigroup Global Markets Realty Corp.
Citigroup Mortgage Loan Trust Inc.
CitiMortgage, Inc.
Comcast
Comerica Bank
ComUnity Lending, Incorporated
Countrywide Bank, N.A.
Countrywide Home Loans Servicing, LP
Countrywide Home Loans, Inc.
Credit Suisse First Boston Mortgage Securities Corp.
Credit Suisse Securities (USA) LLC
CSX
Cuna Mutual Group Mortgage Insurance Company
Deutsche Bank National Trust Company
Deutsche Bank Securities, Inc.
Deutsche Bank Trust Company Americas
Dish Network

Dollar Bank, FSB
E*Trade Bank
EMC Mortgage Corporation
Federal Home Loan Bank of Atlanta
Federal Home Loan Mortgage Corporation (Freddie Mac)
Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies)
Federal National Mortgage Association (Fannie Mae)
FGIC
Fifth Third Bank
Financial Guaranty Insurance Company
First Citizens Bank and Trust Company
First Community Bank N.A.
First National Bank and Trust Company
Firstrust Bank
Fleet National Bank
Fortress Investment Group, LLC
FTI Consulting, Inc.
General Motors Company
Genesys Conferencing
GMAC Bank
GMAC Commercial Finance, LLC
Goldman, Sachs & Co.
Greenwich Capital Financial Products, Inc.
Homecomings Financial, LLC
Houlihan Lokey
HSBC Bank USA, National Association
HSH Nordbank AG
IMPAC Funding Corporation
IMPAC Mortgage Holdings, Inc.
IndyMac Bank, FSB (now OneWest Bank, FSB)
IndyMac Mortgage Holdings, Inc.
ING Bank, FSB
Intercall
Irwin Union Bank and Trust Company
J.P. Morgan Securities LLC
JP Morgan Chase
JPMorgan Chase Bank, N.A.
Just Mortgage, Inc.
KPMG LLP
Kramer Levin Naftalis & Frankel LLP
LaSalle Bank National Association
Level 3 Communications LLC
Loan Center of California
Loan Link Financial Services
Loomis Sayles & Company
LPP Mortgage Ltd.
Lydian Private Bank
M&T Bank
MB Financial Bank N.A.
MBIA Insurance Corporation
MBIA, Inc.
MediaCom
Merck Sharp & Dohme Federal Credit Union
Merrill Lynch Mortgage Investors, Inc.

Merrill Lynch Mortgage Lending, Inc.
Mesirow Financial Consulting, LLC
Metlife Bank, N.A.
Metrocities Mortgage Corp., LLC
Metropolitan Life Insurance Company
Moelis & Company LLC
Morrison & Foerster LLP
Mortgage Asset Securitization Transactions, Inc.
Mortgage Asset Securitization Trust
Nationstar Mortgage, LLC
NETBANK
New York Life Insurance Company
Oppenheimer & Co. Inc.
Option One Mortgage Corporation
OptionXpress, Inc
Paul Financial, LLC
Paulson & Co. Inc.
PHH Mortgage
Pinnacle Capital Mortgage Corporation
Pinnacle Financial Corporation
Plaza Home Mortgage, Inc.
PNC Bank, N.A.
Police and Fire Retirement System of the City of Detroit
PricewaterhouseCoopers
Principal Mutual Life Insurance Company
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
RBS Citizens, National Association
Regus Management Group LLC
Residential Funding Company, LLC
Secured Bankers Mortgage Company
Security National
Security Pacific National Bank
Sierra Pacific Mortgage, Inc
Skadden, Arps, Slate, Meagher & Flom LLP
Sovereign Bank, FSB
Specialized Loan Servicing LLC
Sprint
State of Ohio
State Street Bank and Trust Company
Sterling Savings Bank
Stichting Pensioenfonds ABP
Stifel, Nicolaus & Company Incorporated
Suntrust
Syncora Guarantee Inc.
TCF National Bank
Teachers Insurance and Annuity Association of America c/o Northmarq RES
Terwin Mortgage Trust 2006-6
The ACE Group
The Bank of New York Mellon
The Bank of New York Mellon Trust Company, N.A.
The Chase Manhattan Bank
The First Boston Corporation
The Travelers Indemnity Company
Thrivent Financial for Lutherans
Thrivent Financial for Lutherans
Time Warner Cable

Time Warner Telecom
U.S. Bank National Association
UBS Real Estate Securities Inc.
US Bank
US Bank Home Mortgage
US Bank National Association
Us Bank, N.A.
US National Association
Verizon Wireless
Wachovia Bank, National Association
Washington Mutual Bank
Waste Management
Wells Fargo Bank, National Association
Western Corporate Federal Credit Union
Wilmington Trust Company
Wilmington Trust, N.A.
Xcel Energy

## Formerly Adverse

Allstate Insurance Company
AT&T
AT&T Mobility
Bank of America, National Association
Bank of Nova Scotia/CDS
Bank One, Texas N.A.
Berkshire Hathaway Inc.
Capstead Mortgage Corporation
Charles Schwab & Co., Inc.
Cisco Systems Capital Corporation
Citizens Bank, N.A.
Comcast
Comerica Bank
Countrywide Bank, N.A.
Credit Suisse First Boston Mortgage Securities Corp.
Credit Suisse Securities (USA) LLC
CSX
Deutsche Alt-A Securities, Inc.
Deutsche Bank AG New York Branch
Deutsche Bank AG, New York
Deutsche Bank Securities, Inc.
Deutsche Bank Trust Company Americas
Dish Network
Dorsey & Whitney LLP
Federal Home Loan Mortgage Corporation (Freddie Mac)
Federal Insurance Group (a subsidiary of the Chubb Group of Insurance Companies)
Federal National Mortgage Association (Fannie Mae)
Fifth Third Bank
Financial Security Assurance Inc
First Citizens Bank and Trust Company
First Community Bank N.A.
First Horizon Home Loan Corporation
First National Bank and Trust Company
First National Bank of Arizona
First-Citizens Bank & Trust Company

Fleet National Bank
Fortress Credit Corp.
Franklin Bank, SSB
General Motors Company
Global Capacity Group Inc.
GMAC Bank
Goldman, Sachs & Co.
Green Tree Servicing LLC
Houlihan Lokey
HSBC Bank USA, National Association
IKB Deutche Industriebank AG
IndyMac Bank, FSB (now OneWest Bank, FSB)
Intervoice Inc.
Ixis Real Estate Capital Inc
J.P. Morgan Securities LLC
JP Morgan Chase
JPMorgan Chase Bank, N.A.
LaSalle Bank National Association
Lehman Brothers Holdings, Inc.
Level 3 Communications LLC
Liberty Property Limited Partnership
M&T Bank
Market Street Mortgage Corporation
MB Financial Bank N.A.
Mellon Bank
Merrill Lynch Mortgage Investors, Inc.
Metropolitan Life Insurance Company
Midwest Operating Engineers Pension Trust Fund
Moelis & Company LLC
Ocwen Loan Servicing, LLC
Ohio Savings Bank
Pepper Hamilton LLP
Pershing LLC
Private Capital Group
Quicken Loans Inc.
Raymond, James & Associates, Inc.
RBC Capital Markets, LLC
RBS Citizens, National Association
Realty World - Graham/Grubbs and Associates
Regus Management Group LLC
Residential Funding Company, LLC
RFC Construction Funding, LLC
Saxon Mortgage Funding Corporation
Security National
Security Pacific National Bank
Select Portfolio Servicing Inc.
Silver Point Capital, L.P.
Sovereign Bank, FSB
Sprint
State Street Bank and Trust Company
Sterling Savings Bank
Steven And Ruth Mitchell
Stifel, Nicolaus & Company Incorporated
Suntrust
TD Ameritrade Clearing, Inc.
The Bank of New York Mellon
The Bank of New York Mellon Trust Company,
   N.A.
The Frost National Bank
Thrivent Financial for Lutherans

Time Warner Cable
UBS Financial Services LLC
US Bank
US Bank National Association
US National Association
Verizon Wireless
Wachovia Bank, National Association
Washington Mutual Bank
Waste Management
Wells Fargo Bank, National Association
Wilmington Trust Company
Wilmington Trust, N.A.
Xcel Energy