UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re                                                    :    NOT FOR PUBLICATION
                                                         :
                                                         :    Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, *et al.*,                      :
                                                         :    Chapter 11
                                                         :
                    Debtors                              :    Jointly Administered
---------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER DENYING ABLINA TIKHONOV'S MOTION OF CONTEMPT

Pending before the Court is the *Motion of Contempt of Bankruptcy* filed by Albina Tikhonov ("Motion," ECF Doc. # 2627). The Debtors filed an objection to the Motion (ECF Doc. # 3640), which is supported by the Declaration of Lauren Graham Delehey ("Delehey Decl.," Debtors' Objection, Ex. 1). Bank of New York Mellon filed an objection to the Motion and a joinder of Debtors' Objection (ECF Doc. # 3641). Through the Motion, the Movant appears to request that the Court sanction Debtor and non-Debtor parties for violations of sections 362 and 524 of the Bankruptcy Code, and rescind a trustee's sale of property. A hearing was held on the Motion on May 14, 2013; Movant did not appear. For the following reasons, the Motion is **DENIED**.

### I.    BACKGROUND

In May of 2004, Leonid Ovsovich purchased real property located at 14713 Vallyheart Drive, Sherman Oaks, CA 91403 (the "Property"). The property became subject to four deeds of trust, including a first priority deed of trust (the "First Deed"), dated April 6, 2006, in favor of MortgageIT, Inc. The third deed of trust was eventually foreclosed (the "2007 Foreclosure") and the Property was sold at trustee's sale to the Akselrod Revocable Family Trust. The property remained subject to the First Deed and a second deed of trust. On or about July 2, 2008, the

Akselrod Revocable Family Trust transferred the Property to Movant by Grant Deed. *See* Complaint (Debtors' Objection, Ex. 2), at Ex. A.

On or about August 10, 2011, the First Deed covering the Property was assigned to The Bank of New York Mellon Trust Company, N.A., as trustee ("BNY Mellon"). On June 18, 2012, a notice of default was recorded by Debtor Executive Trustee Services, LLC ("ETS"), as trustee for BNY Mellon under the First Deed. On December 11, 2012, a trustee's sale was conducted pursuant to the First Deed and BNY Mellon purchased the Property at foreclosure.

On May 14, 2012, each of the Debtors filed a voluntary petition for chapter 11 relief. On July 13, 2012, this Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (the "Supplemental Servicing Order," ECF Doc. #774).

*Movant's Bankruptcy Cases*: On or about January 26, 2011, Movant and her husband (the "Tikhonovs") filed a joint chapter 7 bankruptcy case in the United States Bankruptcy Court for the Central District of California (the "CA Bankruptcy Court"), Case No. 11-11044 (VK). Movant's first bankruptcy case was dismissed on April 19, 2011 as a result of the Tikhonovs' failure to appear at their initial meeting of creditors.

On or about May 5, 2011, Movant and her husband filed a chapter 13 petition in the CA Bankruptcy Court, Case No. 11-15614 (MT). On June 9, 2011, the CA Bankruptcy Court entered an order granting the Tikhonovs' motion to impose the automatic stay. On July 11, 2011,

2

the Tikhonovs filed a chapter 13 plan indicating that "the Debtor hereby surrenders" the Property to the Akselrod Revocable Family Trust, which continued to hold a lien on the Property. On October 5, 2011, the CA Bankruptcy Court entered an order confirming the Tikhonovs' chapter 13 plan.

On October 25, 2011, BNY Mellon filed a motion in the CA Bankruptcy Court seeking relief from the automatic stay with respect to the Property, asserting that its interest in the Property was not adequately protected and that post-petition payments had not been made to BNY Mellon. On December 19, 2011, the CA Bankruptcy Court entered an order overruling the Tikhonovs' objection and granting BNY Mellon's motion for relief from stay. Over a year later, on December 21, 2012 (11 days after the trustee's sale), the Tikhonovs filed a notice converting their bankruptcy case to a chapter 7 proceeding.

On December 8, 2011 and January 3, 2012, the Tikhonovs filed notices of appeal from the CA Bankruptcy Court's order granting BNY Mellon's relief from stay motion. The first appeal was docketed with the United States Bankruptcy Appellate Panel for the Ninth Circuit (the "BAP") at Case Number 11-1698. On December 10, 2012, the BAP denied the Tikhonovs' motion for a stay pending appeal, and the appeal was later dismissed by memorandum decision dated December 14, 2012. In dismissing the case, the BAP cited the Tikhonovs' lack of prudential appellate standing as a result of their lack of an interest in the Property after it was surrendered as part of their confirmed chapter 13 plan. The second appeal was docketed with the BAP at Case Number 12-1003. This appeal was dismissed upon request of the Tikhonovs.

*Unlawful Detainer Actions*: The Tikhonovs have filed two "unlawful detainer" actions against a number of parties, including BNY Mellon and ETS, in connection with the Property. Delehey Decl. ¶ 7. The first unlawful detainer action, initiated on December 8, 2011, sought to

3

strip the two senior liens that remained on the Property after the 2007 Foreclosure. BNY Mellon filed an answer, motion for judgment on the pleadings, and several motions in connection with discovery. The Tikhonovs dismissed the case prior to a hearing on any of the pending motions.

The second unlawful detainer action was filed on June 26, 2012. *See* Delehey Decl. ¶ 8. ETS filed a demurrer in this action on behalf of itself and several other defendants. Movant then filed a complaint ("Complaint") which includes twenty causes of action essentially seeking to strip the two senior liens. On August 13, 2012, the Debtors filed a demurrer, attached to Debtors' Objection as Exhibit 4. The demurrer remains pending. Movant never sought a preliminary or permanent injunction preventing the trustee's sale from proceeding. *See* Delehey Decl. ¶ 9. On December 11, 2012, the trustee's sale was conducted. On February 15, 2013, BNY Mellon filed an unlawful detainer action in connection with the Property, naming as defendants the borrower on the First Deed, Leonid Ovsovich, and all other occupants. *See* Debtors' Objection, Ex. 5. This action is not stayed and, to the extent permissible under applicable law, the Tikhonovs may defend it.

### A.     The Motion

Through the Motion, filed December 20, 2013, the Movant seeks (1) "an order rescinding and enjoining" the trustee's sale of the Property, and (2) sanctions against J.P. Morgan Chase, BNY Mellon, ETS, and each of their attorneys, agents, and employees (together the "Defendants") in an amount greater than $100,000 for alleged "unwarranted violations of the stay and discharge [injunction]" and punitive damages in an amount greater than $100,000 against the same entities. *See* Motion at 6. The Movant claims that the Defendants violated an automatic stay, and though it is unclear whether she is referring to the stay in her California bankruptcy case or in the Debtors' case, it seems more likely that she is referring to the stay in

4

her own bankruptcy proceeding. She also claims that the Defendants violated Bankruptcy Code sections 524(a)(2) and (3) by attempting to hold her liable on a discharged debt.

### B. The Objections

In response, the Debtors and BNY Mellon (the "Objectors")[1] each assert that they did not violate the stay in the Movant's bankruptcy case because the CA Bankruptcy Court granted them relief from the stay to pursue foreclosure.[2] They also argue that the discharge injunction contained in Bankruptcy Code section 524(a)(2) does not prevent foreclosure of a lien on property, but only enforcement of personal liability. Last, to the extent the Movant is seeking to hold the Objectors in contempt for violating the stay in the Debtors' chapter 11 cases: (i) the Debtors claim that they are authorized to service loans and complete foreclosures in the ordinary course of business pursuant to the Supplemental Servicing Order, and (ii) BNY Mellon argues that the foreclosure proceeding was not commenced against any of the Debtors or their estates, so it could not have violated the stay.

## II. DISCUSSION

Section 362(a)(1) of the Bankruptcy Code provides, in pertinent part, that the filing of a bankruptcy petition:

> operates as a stay, applicable to all entities, of—
>
>> (1) the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title,

---

[1] Because there was no information provided regarding J.P. Morgan Chase or its involvement in the underlying foreclosure action, this Memorandum Opinion specifically responds to the allegations made against ETS and BNY Mellon. However, the Motion is denied in full.

[2] Debtors also argue that this is not the appropriate forum to raise that challenge; the CA Bankruptcy Court is the appropriate court to determine whether the automatic stay or discharge injunction in the Movant's bankruptcy cases have been violated.

5

> or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1). Section 362(d) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . ." 11 U.S.C. § 362(d).

Section 524(a) of the Code provides:

> (a) A discharge in a case under this title—(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor . . . [and] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . .

11 U.S.C. § 524(a). Section 524(a)(2) only prevents enforcement of personal liability, not a foreclosure. *See Drew v. Chase Manhattan Bank, N.A.* 185 B.R. 139, 141-142 (Bankr. S.D.N.Y. 1995) (holding that foreclosure on a debtor's property did not violate the discharge injunction because "while the [debtor's] personal obligation is discharged in bankruptcy, a valid mortgage lien survives the bankruptcy"); *see also Mayton v. Sears, Roebuck & Co. (In re Mayton),* 208 B.R. 61, 66-67 (B.A.P. 9th Cir. 1997) ("After discharge, . . . while the secured creditor is free to foreclose on collateral, § 524(a)(2) otherwise enjoins the creditor from attempting to collect or enforce the debt.").

Several grounds exist for denying the Motion. First, to the extent the Movant is seeking to hold the Objectors in contempt for violating the stay in her personal bankruptcy case, the Debtors have submitted sufficient evidence to show that the CA Bankruptcy Court lifted the stay and enabled them to foreclose on the Property. Second, to the extent the Movant is seeking to hold the Objectors in contempt for violating the stay in these chapter 11 cases, the Supplemental Servicing Order specifically allows the Debtors to continue with their servicing, loss mitigation

6

and foreclosure activities, and BNY Mellon did not attempt to foreclose on any assets owned by the Debtors.

Third, the Objectors did not violate the discharge injunction. Section 524(a)(2) acts only as a bar to the "commencement or continuation" of acts or actions to collect a discharged debt "as a personal liability." This provision prohibits enforcement of a personal liability; it does not prevent foreclosure of a lien on property. Accordingly, the Objectors could not have violated the discharge injunction in either of Movant's bankruptcy cases by foreclosing because they did not also seek to recover on any personal liability of Movant. Moreover, the proper venue for determining whether the discharge injunction or the stay in the Movant's bankruptcy case was violated is the CA Bankruptcy Court. Last, the Movant has not provided sufficient evidence or law to support her request that the Court rescind the Trustee's sale on the Property.

### III.    CONCLUSION

The Motion for contempt filed by the Movant is **DENIED**.

**IT IS SO ORDERED.**

Dated:    May 17, 2013
         New York, New York

                                        *Martin Glenn*
                                        MARTIN GLENN
                            United States Bankruptcy Judge