**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Pursuant to the order, dated October 15, 2012 (Docket No. 1824) (the "<u>Procedures Order</u>"),[1] pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") establishing procedures (the "<u>Stay Relief Procedures</u>") for requesting relief from the automatic stay to commence or complete the foreclosure of a senior mortgage and security interest on lands and premises with respect to which the applicable land records indicate that the Debtors may hold or service a subordinate mortgage and security interest; and One West, as Servicer ("<u>Movant</u>") to Deutsche Bank National Trust Co., as Trustee ("<u>Deutsche, as Trustee</u>") of the Residential Asset Securitization Trust 2005-A11 CB, Mortgage Pass-Through Certificates, Series 2005-K under Pooling and Servicing Agreement dated September 1, 2005, having requested (the "<u>Request</u>") relief from the automatic stay in accordance with the Stay Relief Procedures in connection with the property of Ronald A. McKean and Kimberly A. McKean with an address of 8942 Deer Berry Court, Jacksonville, FL 32256 (the "<u>Mortgaged Property</u>"); and due and proper notice of the Request having been made on all necessary parties; and the above-captioned Debtors (the "<u>Debtors</u>") having consented to the relief sought in the

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

Request on the terms and conditions contained in this stipulation and order ("Stipulation and Order"),

NOW, THEREFOR, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Request is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Movant to commence or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3. Movant shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent required by applicable state law.

4. To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan Servicing, LLC via wire transfer.

---

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

5.  By entering into this Stipulation and Order, Movant hereby represents that it is an agent for and has the authority to seek relief from the automatic stay on behalf of Deutsche, as Trustee.

6.  This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7.  This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8.  Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived. Movant is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC<br><br>By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: 212) 468-7900<br><br>*Counsel for Debtors*<br>*and Debtors in Possession* | One West, as Servicer to Deutsche Bank National Trust Co., as Trustee of the Residential Asset Securitization Trust 2005-A11 CB, Mortgage Pass-Through Certificates, Series 2005-K under Pooling and Servicing Agreement dated September 1, 2005<br><br>By: /s/ Shari S. Barak<br>Shari S. Barak<br>SHAPIRO, DICARO & BARAK, LLC<br>105 Maxess Road, Suite N109<br>Melville, NY 11747<br>Telephone: (631) 844-9611<br>Facsimile: (631) 844-9525<br><br>*Counsel for Movant* |

APPROVED AND SO ORDERED
This 17th day of May, 2013, in New York, NY.

                                             **/s/Martin Glenn**
                                                MARTIN GLENN
                                      United States Bankruptcy Judge