UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al. | ) Case No. 12-12020 (MG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**ORDER GRANTING APPLICATION OF
ALLY FINANCIAL INC. TO FILE ITS OBJECTION
TO THE MOTION OF WILMINGTON TRUST, NATIONAL
ASSOCIATION, SOLELY IN ITS CAPACITY AS INDENTURE
TRUSTEE FOR THE SENIOR UNSECURED NOTES ISSUED BY
RESIDENTIAL CAPITAL, LLC FOR AN ORDER AUTHORIZING
IT TO PROSECUTE CLAIMS AND OTHER CAUSES OF ACTION ON
BEHALF OF THE RESIDENTIAL CAPITAL, LLC ESTATE UNDER SEAL**

Upon the application (the "*Application*")[1] dated May 7, 2013, Ally Financial Inc. (along with its non-debtor subsidiaries, "*Ally*"), for an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing Ally to file its Objection under seal, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and Ally having provided notice of the Application to the Notice Parties and no further notice is necessary; and the legal and factual bases set forth in the Application establish just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

ORDERED THAT:

1.     The Application is granted as provided herein.

2.     Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, Ally is authorized to file the Objection under seal.

3.     The full contents of the Objection shall not be disclosed to any parties in these cases other than: (a) the Bankruptcy Court; (b) counsel to the Debtors; (c) counsel to the Committee; (d) counsel to Wilmington Trust; (e) the Examiner and his counsel; (f) the United States Trustee; and (g) those parties who have executed stipulations adopting the Uniform Protective Order and been granted access to the Examiner's Document Depository, provided that the Objection may require some redactions to be consistent with the terms of the Uniform Protective Order; or as further directed by the Court after notice and hearing.

4.     Ally's right to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order are hereby preserved.

5.     Any parties receiving a sealed copy of the Objection shall treat it as Confidential as defined by the Uniform Protective Order, as applicable, so long as the Objection, or any portion thereof, remains under seal by Order of this Court.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

New York, New York
Date: May 17, 2013

                                  **/s/Martin Glenn**
                                  MARTIN GLENN
                        United States Bankruptcy Judge