UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**SECOND AMENDMENT TO JOINT SCHEDULING ORDER REGARDING LIMITED OBJECTION OF FINANCIAL GUARANTY INSURANCE COMPANY TO DEBTORS' SALE MOTION AND ASSUMPTION NOTICE**

This second amendment (the "Amendment") to the Joint Scheduling Order (defined below) is entered into by and among the debtors and debtors-in-possession in the above-captioned cases (the "Debtors"), Financial Guaranty Insurance Company ("FGIC"), and Ocwen Loan Servicing, LLC ("Ocwen", and together with the Debtors and FGIC, the "Parties").

**WHEREAS**, on April 16, 2013, this Court entered the *Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice* [Docket No. 3449] (the "Original Scheduling Order");

**WHEREAS**, on May 14, 2013, this Court entered the *Amendment to Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice* [Docket No. 3706] (the "Amended Scheduling Order" and together with the Original Scheduling Order, the "Joint Scheduling Order");

**WHEREAS**, the Parties have agreed, subject to the approval of this Court, to enter into this Amendment solely to modify certain dates in the briefing schedule set forth in the Joint Scheduling Order;

**WHEREAS**, the Parties continue to negotiate in good faith with respect to an agreed-upon Cure Amount and/or potential amendments to the FGIC Transactions.

NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Parties that Paragraph 2 of the Joint Scheduling Order is hereby amended in its entirety to provide as follows:

2. **FGIC Transactions Briefing Schedule**. A hearing on the FGIC Objection as it pertains to the assumption and assignment of the FGIC Transactions, including (a) FGIC's adequate assurance objection and (b) the cure amounts with respect to the Non Term-to-Term Transactions (but not the cure amounts with respect Term-to-Term Transactions), and the positions of the Debtors and other parties in interest with respect thereto will be held, subject to this Court's availability, on **July 10, 2013 at 10:00 a.m. (ET)** (the "July 10 Hearing"). The July 10 Hearing will be an evidentiary hearing. The following deadlines apply to the July 10 Hearing:

  a. The Debtors, FGIC and Ocwen shall attempt in good-faith to agree upon a joint statement of stipulated facts on or before **June 10, 2013**. If the parties do not agree to stipulate all relevant facts on or before that date, the parties shall (i) submit a stipulation with respect the facts they are able to stipulate to, (ii) be entitled to submit declarations in lieu of direct testimony in accordance with the schedule set forth herein and present the declarants as witnesses at the July 10 Hearing for voir dire and cross-examination and (ii) continue to attempt to agree upon a joint statement of stipulated facts. If the parties succeed in agreeing upon stipulated facts after June 10 and before July 3, 2013, each party that has theretofore served and filed a declaration may, in its discretion, withdraw any such declaration or file a notice that designated portions of any such declaration have been superseded.

  b. The Debtors and the UCC shall file their reply to the FGIC Objection (solely as it pertains to the cure amounts for the Non Term-to-Term Transactions and FGIC's adequate assurance objection) and any declaration(s) in support thereof on or before **June 14, 2013**. Ocwen shall also file its brief, if any, on the adequate assurance issue and any declaration(s) in support thereof on or before June 14, 2013.

  c. FGIC may file an omnibus sur-reply to any reply filed by the Debtors, Ocwen or the UCC, and any declaration in support of the FGIC Objection (solely as

it pertains to the cure amounts for the Non Term-to-Term Transactions and FGIC's adequate assurance objection), on or before **June 24, 2013**.

d. The Debtors, FGIC and Ocwen shall submit a joint status report to the Bankruptcy Court on or before **June 28, 2013 at 5:00 p.m.**, regarding the status of their efforts to resolve their dispute regarding the FGIC Transactions and whether the parties intend to proceed with the July 10 Hearing.

e. If a party files a declaration that has not been withdrawn, the opposing party may take the declarant's deposition during the week of **June 24, 2013** at a mutually agreeable time and place.

f. Each party shall submit two copies of all exhibits that it intends to rely on at the July 10 Hearing, together with a copy of all of its declarations, designations and other submissions, to chambers no later than **July 3, 2013 at 2:00 p.m.** All exhibits must be pre-marked. The Debtors' exhibits must be identified by numbers and FGIC's by letters.

[*Remainder of Page Intentionally Left Blank*]

Dated: New York, New York
May 15, 2013

MORRISON & FOERSTER LLP
*Attorneys for Debtors and Debtors in Possession*

By: /s/ Todd M. Goren
Todd M. Goren
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Fax: (212) 468-7900

-and-

Alexandra Steinberg Barrage
2000 Pennsylvania Avenue, NW
Washington, DC 20006
Telephone: (202) 887-1500
Fax: (202) 785-7525

JONES DAY
*Attorneys for Financial Guaranty Insurance Company*

By: /s/ Lori Sinanyan
Richard L. Wynne
Howard F. Sidman
222 East 41st Street
New York, New York 10017-6702
Telephone: (212) 326-3418
Fax: (212) 755-7306

Lori Sinanyan
555 South Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 243-2763
Fax: (213) 243-2539

CLIFFORD CHANCE US LLP
*Attorneys for Ocwen Loan Servicing, LLC*

By: /s/ Jennifer C. DeMarco
Jennifer C. DeMarco
Adam Lesman
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375

APPROVED AND SO ORDERED

Dated: May 20, 2013
New York, New York

**/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge