```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
In Re: Residential Capital, LLC         :
                      Debtor,           :     12 Civ. 8487 (DLC)
----------------------------------------:
                                        :     OPINION & ORDER
Federal Housing Finance Agency,         :
as Conservator for the Federal Home     :      Also filed in:
Loan Mortgage Corporation,              :     11 Civ. 5201 (DLC)
                      Appellant,        :
                                        :
          -v-                           :
                                        :
Residential Capital, LLC, et al.,       :
                      Appellees.        :
                                        :
----------------------------------------X
```

APPEARANCES:

For the appellant:
Andrew K. Glenn
Kanchana Wangkeo Leung
Daniel A. Fliman
Kasowitz, Benson, Torres & Friedman, LLP
1633 Broadway
New York, NY 10019

For the appellees:
Joel C. Haims
Kayvan B. Sadeghi
Jonathan C. Rothberg
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

Deanne E. Maynard
Marc A. Hearron
Morrison & Foerster LLP
2000 Pennsylvania Ave., N.W.
Washington, D.C. 20006

DENISE COTE, District Judge:

Appellant Federal Housing Finance Agency ("FHFA") appeals an October 12, 2012, Order of the bankruptcy court denying FHFA's motion to compel discovery ("Discovery Order") from appellee Residential Capital, LLC ("ResCap"). For the following reasons, the appeal is dismissed as moot.

## BACKGROUND

This proceeding is related to sixteen actions filed by FHFA in this district, all of which are being coordinated and supervised by this Court.[1] In these actions FHFA, serving as conservator for the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, the "GSEs"), has sued many banks and related entities and individuals in connection with the packaging, marketing and sale of residential mortgage-backed securities that the GSEs purchased from 2005 to 2007. Appellee ResCap was originally named as a defendant in one of those actions, FHFA v. Ally Financial, Inc., et al., 11 Civ. 7010 (DLC) (the "Ally action"). When ResCap filed a petition for relief under Chapter 11 of the Bankruptcy Code in May 2012, however, litigation against it was automatically stayed pursuant

---

[1] One of the sixteen actions, FHFA v. General Electric Co., et al., 11 Civ. 7048 (DLC), has been resolved.

to 11 U.S.C. § 362(a). In response, on June 12, 2012, FHFA amended its complaint in the Ally action to drop ResCap as a defendant. ResCap's corporate affiliates Ally Financial, Inc., GMAC Mortgage Group, Inc., and Ally Securities, LLC, however, remain as defendants in the Ally action, along with other non-affiliated defendants.

According to ResCap, "nearly all" of the documents at issue in the Ally action are in its possession, meaning that even though it is no longer a defendant, producing documents for the Ally action remains its responsibility. ResCap therefore filed an adversary proceeding against FHFA in the bankruptcy court. <u>Residential Capital, LLC v. FHFA (In re Residential Capital LLC)</u>, No. 12-ap-1671 (Bankr. S.D.N.Y. filed May 25, 2012). In that proceeding, ResCap sought a declaratory judgment holding that the automatic stay of 11 U.S.C. § 362(a) extended to the Ally action against ResCap's corporate affiliates, even though ResCap itself was no longer a defendant. In the alternative, ResCap sought an injunction under Section 105 of the Bankruptcy Code temporarily staying the Ally action.

The Court withdrew the reference of the adversary proceeding and orally denied ResCap's motion pursuant to Section 362(a) on July 17, 2012. The Court also indicated that it did not find ResCap's Section 105 analysis very strong either. The parties were unable to answer several questions posed by the

3

Court about the extent of the burden that would be imposed on ResCap if it were ordered to produce loan tapes[2] and loan files[3] immediately. It was clear, however, that the production of the documents would be ministerial or clerical tasks and would not involve executives who were managing the ResCap business or negotiating a restructuring. The Court emphasized the impact that the production of the ResCap loan files would have not just on the Ally action but on seven other underwriter defendants named in several of the actions before the Court. It also emphasized the need for expeditious action, as depositions were due to begin in January. The Court concluded by requiring FHFA to make its discovery requests for loan tapes and for loan files to Judge Glenn in the bankruptcy court in the first instance. That ruling is currently before the Second Circuit on appeal. Residential Capital, LLC v. FHFA (In re Residential Capital, LLC), No. 12-3342 (2d Cir. filed Aug. 22, 2012).

In submissions of July 17 and 20, FHFA asked that the bankruptcy court compel production of the loan tapes and loan

---

[2] A loan tape is a collection of data concerning individual loans in a securitization complied by the securitization's sponsor while the securitization is being created. See FHFA v. JPMorgan Chase & Co., No. 11 Civ. 6188 (DLC), 2012 WL 60000885, at *5 n.5 (S.D.N.Y. Dec. 3, 2012).

[3] The terms "loan file" and "sample loan" are defined in the Court's Opinion of March 26, 2013, filed in FHFA v. UBS Americas, Inc., et al., 11 Civ. 5201 (DLC), as well as in previous Opinions in this coordinated litigation.

4

files pertinent to the Ally action from ResCap.  In advance of an August 14 hearing before the bankruptcy court, ResCap agreed to provide FHFA with the loan tapes.  At the hearing, FHFA requested production of a sample of 5,000 loan files.  It ultimately lowered that number to 2,100 loan files.  Following the hearing, non-Ally underwriter defendants in the sixteen actions[4] requested 43,000 loan files from ResCap.

On October 12, the bankruptcy court issued the Discovery Order, which denied the motion to compel production of Loan Files.  In re Residential Capital, LLC, No. 12-12020 (Bankr. S.D.N.Y. October 12, 2012).  The bankruptcy court held that while the automatic stay of Section 362(a) did not prevent discovery of the loan files, it had the equitable authority under Section 105 to issue a stay of discovery from ResCap.  The bankruptcy court imposed a stay to last until February 2013, but explained that it was "not issuing an injunction against FHFA," Discovery Order at 11 (emphasis in original), and that ResCap was "entitled to a respite but not an exemption from discovery." Id. at 33.  The bankruptcy court also held that third parties could move to "lift the stay to permit discovery" and that the burden would then be on ResCap to "demonstrate why discovery

---

[4] The non-Ally underwriter defendants are Barclays Capital, Inc., Citigroup Global Markets, Inc., Credit Suisse Securities (USA) LLC, Goldman, Sachs & Co., J.P. Morgan Securities, LLC, RBS Securities, Inc., and UBS Securities LLC.

5

should be limited or conditioned." Id. at 23.  The court also indicated its willingness to "hold joint hearings with the district court regarding the discovery issues" and to entertain "other approaches" like "phased production." Id. at 33.  It is this order from which FHFA appeals.

At a conference on October 15, three days after the Discovery Order was issued, this Court indicated its intent to order ResCap to produce the 2,100 loan files that constituted the loans in the FHFA sample.  The Court indicated that it would allow defendants to identify any additional files up to 1,000 in number if they believed that FHFA's sample was too small, and that Ally would be required to pay ResCap's expenses in making that production.  The Court set a schedule for Ally to file any brief in opposition to such an order.  FHFA filed its notice of appeal from the Discovery Order that same day.

In a joint Order filed on October 16, this Court and the bankruptcy court scheduled for October 29 a joint conference before both Courts to address the proposed production order for the 2,100 to 3,100 sample loan files.  The October 29 conference was adjourned due to Hurricane Sandy, and then cancelled when the parties indicated in letters of November 1 and 2 that they had reached an agreement to produce the 2,100 loan files to FHFA.  The defendants never requested that additional files be included in the FHFA sample.  On November 9, the Courts jointly

6

signed a stipulation in which ResCap agreed to produce by January 31, 2013, the 2,100 loan files requested by FHFA. ResCap completed its production in advance of that date.

FHFA filed its opening brief on December 21, and ResCap filed its opposition on January 18, 2013. ResCap's opposition brief argued in part that this appeal is moot, as ResCap had already produced all of the requested loan files pursuant to the November 9 stipulation. In its reply brief, filed on February 1, 2013, FHFA argued that an additional 295 loan files related to loans in six other FHFA actions were still needed from ResCap, and that the case was therefore not moot.

FHFA did not, however, indicate that it had requested these files from the bankruptcy court or from ResCap, and in an Order of February 19, FHFA was directed to appear at a conference on February 21 and explain this omission. At the conference, FHFA indicated that the number of outstanding loan files it sought from ResCap had increased to 460. The Court ordered FHFA to request the loan files from the bankruptcy court, and on March 11, the Court ordered FHFA to provide an update on the status of its efforts. On March 13, FHFA submitted a letter in response, indicating that 241 of the 460 loan files had been produced and that the parties were working together to ensure that the remainder were produced in a timely fashion; ResCap had agreed

7

to produce the loan files to FHFA without a formal application to the bankruptcy court.

## DISCUSSION

"The mootness doctrine provides that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Conn. Office of Prot. & Advocacy for Persons with Disabilities v. Hartford Bd. of Educ., 464 F.3d 229, 237 (2d Cir. 2006) (citation omitted).  A case is moot "when the issues presented are no longer 'live.'" Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam)).  Stated differently, a case is moot "if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" Already, 133 S. Ct. at 727 (quoting Alvarez v. Smith, 558 U.S. 87, 93 (2009)).

The "voluntary cessation" exception to the mootness doctrine recognizes, however, that "voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." Knox v. SEIU, Local 1000, 132 S. Ct. 2277, 2287 (2012).  Thus a case is not moot unless "subsequent events [make] it absolutely clear that the allegedly wrongful behavior could not reasonably be

8

expected to recur." Friends of the Earth, Inc. v. Laidlaw Environmental Services, Inc., 528 U.S. 167, 189 (2000) (quoting United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968)). On the other hand, a case is still "inarguably" moot where the cessation of the conduct at issue is less voluntary, as when the parties enter into a settlement or a "binding, judicially enforceable agreement." Kidder, Peabody & Co., Inc. v. Maxus Energy Corp., 925 F.2d 556, 563 (2d Cir. 1991) (quoting Stokes v. Vill. of Wurtsboro, 818 F.2d 4, 5 (2d Cir. 1987)).

This appeal is clearly moot. The original dispute presented to the bankruptcy court was over two sets of documents: loan tapes and loan files relating to FHFA's sample in the Ally action. The loan tapes were produced pursuant to a joint stipulation between the parties even before the bankruptcy court's discovery order. Discovery Order at 4 n.2. The loan files have also already been produced, pursuant to a "binding, judicially enforceable agreement" entered into by both parties and signed by both this Court and the bankruptcy court before FHFA filed its opening brief. See Kidder, Peabody, 925 F.2d at 563. The only two requests on which the bankruptcy court ruled are thus no longer at issue.[5]

---

[5] The bankruptcy court indicated in its discovery order that it would entertain future discovery requests, and that the burden

9

FHFA argues in its reply brief that this appeal is not moot because ResCap is still in possession of loan files relating to other FHFA actions. Those too are being produced. The only reason no court has ordered their production thus far has been ResCap's total willingness to produce them without waiting for an order from either this Court or the bankruptcy court, as FHFA admits in its March 13 letter. See Official Comm. of Unsecured Creditors of Hechinger Inv. Co. v. Friedman (In re Subpoena Issued to Dennis Friedman), 350 F.3d 65, 72 (2d Cir. 2003) (appeal of order quashing subpoena dismissed as moot where appellee voluntarily agreed to be deposed).

Indeed, while the bankruptcy court's protective order remains in place, both the bankruptcy court and this Court have made it clear that ResCap will be required to produce any documents necessary for the prosecution of the FHFA actions. Nor can there be any apprehension that ResCap is engaged in one of those "maneuvers designed to insulate a decision from review" that should "be viewed with a critical eye." Knox, 132 S. Ct. at 2287. After all, ResCap began providing the requested discovery before this appeal was filed. It is thus clear that there is currently no "actual controversy about [FHFA's]

---

would be on ResCap to "demonstrate why discovery should be limited or conditioned." Discovery Order at 23. Indeed, even FHFA argues that the Discovery Order did not foreclose all future requests, as that would render it an impermissible advisory opinion.

particular legal rights." Already, 133 S. Ct. at 727 (citation omitted).

## CONCLUSION

FHFA's October 15, 2012, appeal is dismissed as moot.

SO ORDERED:

Dated:    New York, New York
          March 29, 2013

*Denise Cote*
DENISE COTE
United States District Judge