**Hearing Date: May 23, 2013 at 2:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Philip S. Kaufman
Adina C. Levine
Peggy J. Farber
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re:                                            : Chapter 11
                                                  :
RESIDENTIAL CAPITAL, LLC, *et al*.,               :
                                                  :
                                                  : Case No. 12-12020 (MG)
Debtors.                                          :
                                                  : Jointly Administered
                                                  :
---------------------------------------------------------- x

**REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN FURTHER SUPPORT OF ITS MOTION TO PRECLUDE
<u>THE TESTIMONY OF TALCOTT J. FRANKLIN</u>**

**Preliminary Statement**

The Talcott Franklin Investors Group ("TFIG") rests its opposition to the Committee's motion to preclude on basic errors of fact and law. First, TFIG argues that the issue addressed at the September 19, 2012 hearing was whether adverse parties would be permitted to depose the *Debtors*' attorneys. But the hearing addressed whether the Committee would be allowed to depose *any* of the negotiating attorneys, including attorneys representing the Debtors' counterparties, and the Court ruled that there would be no depositions of any outside attorneys, including the settling investors' attorneys. Second, TFIG misstates the law, making the bold but unsupportable statement that "unambiguous Second Circuit precedent" bars a court from using the advocate-witness rule to preclude otherwise admissible testimony. The Second Circuit expressly places this question within the district court's discretion, and the district courts have exercised their discretion to preclude admissible testimony. Finally, contrary to TFIG's contentions, courts do not subject motions to preclude testimony to strict scrutiny, do in fact apply the advocate-witness rule in non-jury proceedings, and have applied the rule to lawyers not on the trial team.

**Argument**

I. **THE COURT'S RULING PROHIBITING DEPOSITIONS OF OUTSIDE COUNSEL APPLIED TO MR. FRANKLIN AND SHOULD BAR HIS TESTIMONY AT TRIAL**

TFIG argues that the September 19, 2012 hearing addressed a "narrow" issue – "whether, and to what extent, adverse parties would be permitted to depose Debtors' attorneys." Opposition ("Opp.") at 5-7. [Dkt. 3696] But the transcript of the hearing itself, as well as the Court's subsequent statements, flatly refute that argument. The Court unambiguously prohibited

the Committee from deposing *all* outside counsel, including counsel for the settling counterparties.

Kathy Patrick raised the issue of deposing the investors' lawyers, and the Court engaged in considerable discussion with her about it. Sept. 19, 2012 Hr'g Tr. 57-59. Ms. Patrick said the issue was "particularly acute" for her purposes. *Id*. at 57. She expressed the view that, absent evidence of collusion among settling parties, attorneys for those parties may not be deposed. Since there was no evidence of collusion by her clients or the TFIG and the Debtors or AFI, she said, the investors' attorneys could not be deposed. *Id*. at 58. The Court noted that there was even less reason to depose the investors' lawyers than the Debtors' lawyers because advice given by the investors' lawyers would not be at issue in the 9019 Motion, while the Debtors' lawyers' advice might be. *Id*. at 58-59. The Court therefore ruled that only in-house lawyers substantially involved in the negotiations could be deposed, and there would be "[n]o depositions of outside counsel without further order of the Court. And I hope that will be unnecessary." *Id.* at 143-44.

Any doubt that the Court's decision prohibited depositions of Ms. Patrick and Mr. Franklin is further dispelled by the Court's subsequent statements. On September 21, 2012, referring to Ms. Patrick and settlement communications, the Court stated, "I directed that no depositions of outside counsel be taken." Sept. 21, 2012 Hr'g Tr. at 12. More recently, the Court stated in its April 12, 2013 preclusion order: "At the request of the Debtors and the settlement counterparties, depositions of outside counsel who conducted the negotiations were not permitted." *In re Residential Capital, LLC*, No. 12-12020 (MG), 2013 WL 1497203, at *8 (Bankr. S.D.N.Y. April 12, 2013).

Having remained silent at the September 19, 2012 hearing, Mr. Franklin cannot now claim that the Court did not bar his deposition. TFIG was present at the September 19, 2012 hearing, and if it disagreed with Ms. Patrick or the Court's ruling, it had full opportunity to speak up. Ms. Patrick articulated the investor groups' position with respect to depositions, arguing that neither her group nor Mr. Franklin's colluded with the Debtors or AFI on the settlement. While TFIG now claims that Ms. Patrick was not authorized to speak on its behalf (Opp. at 6), it did nothing to object and remained silent.

TFIG cites no authority for its position that Mr. Franklin should be allowed to testify without having been deposed. Instead, it argues only that the goal of avoiding surprise and trial by ambush, embodied in the federal courts' liberal discovery rules, has been met here because Mr. Franklin had some informal conversations with certain members of the Committee. But whether or not Mr. Franklin had such conversations, and regardless of what may have been discussed, such communications are no substitute for a deposition under oath.

## II. MR. FRANKLIN'S TESTIMONY AS AN ATTORNEY WHO NEGOTIATED THE RMBS SETTLEMENT VIOLATES THE ADVOCATE-WITNESS RULE

TFIG's principal legal argument – that the advocate-witness rule does not permit courts to preclude otherwise admissible testimony – lacks support. Courts have wide discretion to bar testimony by lawyers, *Ramey v. Dist. 141, Int'l Ass'n of Machinists*, 378 F.3d 269, 282 (2d Cir. 2004) ("[T]here is no hard-and-fast rule against testimony by attorneys who have represented clients in the past."), and courts use this discretion to preclude admissible testimony. *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975) (affirming trial court's refusal to permit defendant to call government counsel as witness because "[s]uch a procedure,

inevitably confusing the distinctions between advocate and witness, argument and testimony, is acceptable only if required by a compelling and legitimate need").

TFIG misses the point of *Ramey*. That case did not hold that only lawyers sitting at counsel table during trial are subject to the advocate-witness rule, but, rather, that courts should take into consideration whether the lawyer currently represents a party and whether the testimony is necessary. In *Ramey*, the professional relationship between the lawyer and the plaintiff had ended long before the litigation at bar had begun, and it had lasted only a short time. 378 F.3d at 274-75, 282-83. The lawyer was to testify that, independent of his representation of the plaintiff, the defendant had bullied the lawyer because of the lawyer's affiliation with a certain union. The testimony went to an issue in the case, which was that the defendant was hostile to the union. *Id*. at 282-83. Under those facts, the concerns of the advocate-witness rule were not implicated. *Id*. Here, in contrast, the concerns are implicated because Mr. Franklin seeks to testify as a fact witness for parties he represents at this proceeding.

Likewise unfounded are TFIG's arguments that Mr. Franklin is shielded from the advocate-witness rule because the Debtors are taking the lead on the 9019 motion and Mr. Franklin is providing support (Opp. at 10), and that the rule is inapplicable because Mr. Franklin is to testify to a judge rather than a jury (*id*. at 11). Courts have applied the advocate-witness rule to co-counsel who played no legal role at all at trial. *See*, *e.g*., *Rybicki v. State Bd. of Elections of State of Ill*., 584 F. Supp. 849, 865-66 (N.D. Ill. 1984) (applying rule to attorneys who, after drafting initial complaint, turned case and job of performing as trial counsel over to major law firm); *see also Travelers Ins. Co. v. Dykes*, 395 F.2d 747, 748-49 (5th Cir. 1968) (affirming trial court's refusal to permit supporting co-counsel to testify). And the court specifically rejected the argument that the advocate-witness rule is inapplicable in bench trials in

*Freight Drivers Local No. 375 v. Kingsway Trans., Inc.*, No. Civ. 90-593E, 1991 WL 224380, at *4 & n.6 (W.D.N.Y. Oct. 22, 1991); *see also Kennedy v. Eldridge*, 201 Cal. App. 4th 1197, 1210 (Cal. Ct. App. 2011) ("Most of the difficulties inherent in an attorney's taking on the role of both advocate and witness are present regardless of whether the attorney's testimony will be given in front of a jury or a judge.").

Nor is there support for TFIG's assertion that motions to preclude lawyer testimony are subject to "strict scrutiny." That kind of scrutiny is reserved for motions to disqualify an adversary's counsel, because the remedy is so drastic, not for preclusion motions. In fact, every case cited by TFIG in this connection involved a motion to disqualify, not a motion to preclude. *See*, *e.g., Finkel v. Frattarelli Bros, Inc.*, 740 F. Supp. 2d 368, 372 (E.D.N.Y. 2010) ("Disqualification is viewed with disfavor in this Circuit because it impinges on a client's right freely to choose his counsel . . . [and therefore requires] a high standard of proof.") (internal citations and quotation marks omitted).

**Conclusion**

For these reasons, as well as those set forth the Committee's opening brief, the motion should be granted.

Dated: New York, New York
        May 20, 2013

                                  KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                  /s/ Kenneth H. Eckstein
                                  Kenneth H. Eckstein
                                  Philip S. Kaufman
                                  Adina C. Levine
                                  Peggy J. Farber
                                  1177 Avenue of the Americas
                                  New York, New York 10036
                                  Telephone: (212) 715-9100
                                  Facsimile: (212) 715-8000

                                  *Counsel for the Official Committee of Unsecured Creditors*