MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Anthony Princi
Darryl P. Rains
Jamie A. Levitt

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' RESPONSE TO FINANCIAL GUARANTY**
**INSURANCE COMPANY'S "SUPPLEMENTAL"**
**OBJECTION TO THE TESTIMONY OF JEFFREY A. LIPPS**

ny-1091150

# INTRODUCTION

FGIC's "supplemental objection" attacking Jeffrey Lipps's testimony is in violation of the Court's scheduling order. (*See* Fifth Revised Joint Omnibus Scheduling Order ("Fifth Scheduling Order") [Docket No. 3306]; *see also* FGIC Response to Debtors' *Daubert* Motion to Exclude Clifford Rossi ("FGIC Resp.") at 2 [Docket No. 3724].)

But even if the Court were to consider FGIC's objection on the merits, it should be overruled. FGIC does little more than repeat the arguments the Committee made in its misguided *Daubert* challenge to Mr. Lipps's testimony. Mr. Lipps's testimony does not include any impermissible legal conclusions, and, unlike Mr. Rossi's methods and opinions, Mr. Lipps's methods are reliable and his opinions are admissible.

# ARGUMENT

## I.     FGIC'S OBJECTION IS UNTIMELY.

The Court's March 25, 2013 scheduling order requires that "[a]ll *in limine* motions, *Daubert* motions, and motions to preclude witnesses, shall be filed and served by May 6, 2013, by 5 p.m." (Fifth Scheduling Order at 3.) And "[a]ll opposition briefs to *in limine* motions, *Daubert* motions, and motions to preclude witnesses, shall be filed and served by May 14, 2013, by 5 p.m." (Supplement to Fifth Revised Joint Omnibus Scheduling Order at 2 [Docket No. 3731].)

On May 14, one week after the deadline for filing motions (and on the deadline for filing oppositions), FGIC filed a five-page brief with a "supplemental objection" that seeks to preclude Mr. Lipps's testimony (and including seven lines of text stating that FGIC has withdrawn Clifford Rossi as a witness). FGIC's attack on Mr. Lipps is untimely, and was filed without the consent of the Court or the Debtors.

ny-1091150

## II. MR. LIPPS'S OPINIONS DO NOT INCLUDE IMPERMISSIBLE LEGAL CONCLUSIONS.

FGIC argues, incorrectly, that Mr. Lipps's testimony "constitute[s] little more than legal briefs masquerading as expert testimony." (FGIC Response at 3.) But Mr. Lipps does not address the ultimate legal conclusion before the Court: namely, whether the RMBS settlement satisfies the *Iridium* factors. Mr. Lipps also does not address how—or even whether—the *Iridium* factors apply in this case. Since he does not address the ultimate legal conclusion before the Court, the mere fact that Mr. Lipps's opinion contains legal analysis does not make it inadmissible. *Fiatarulo v. United States*, 8 F.3d 930, 942 (2d Cir. 1993); *see also In re MF Global, Inc.*, No. 11-2790 (MG) SIPA, 2012 Bankr. LEXIS 3701, at *17 (Bankr. S.D.N.Y. Aug. 10, 2012) (Glenn, J.) (court relied on testimony of bankruptcy counsel on fairness of proposed settlement).

Mr. Lipps's opinion describes and assesses pre-petition litigation claims and analyzes the appropriateness of the settlement in light of those claims. It thus permissibly addresses a mixed question of fact (i.e., the number and alleged value of claims) and of law (i.e., the relative merits of those claims) to arrive at an opinion on whether the allowed claim is within the range of reasonableness in light of those considerations.

Opinions, like Mr. Lipps's, that address mixed questions of law and fact are admissible. *Fiatarulo v. United States*, 8 F.3d 930, 942 (2d. Cir. 1993) ("[e]xperts may testify on . . . mixed questions of fact and law"); *Floyd v. City of New York*, 861 F. Supp. 2d 274, 287 (S.D.N.Y. 2012) (same). *See MF Global, Inc.*, 2012 Bankr. LEXIS 3701, *17 ("courts may give weight to the opinion of bankruptcy counsel supporting the settlement").

12-12020-mg    Doc 3790    Filed 05/20/13    Entered 05/20/13 17:13:31    Main Document
Pg 4 of 5

### III. UNLIKE MR. ROSSI, MR. LIPPS IS QUALIFIED AND HIS TESTIMONY IS RELIABLE.

Mr. Lipps's methods are reliable. There is no requirement under *Daubert* that an expert use or follow a particular methodology or quantitative analysis to render his testimony reliable, or provide the court with a plethora of numbers. *See Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 1:00-1898, MDL 1358 (SAS), M21-88, 2008 U.S. Dist. LEXIS 37331, at *28-31 (S.D.N.Y. May 7, 2008). The focus instead is squarely on the quality and reliability of the methods Mr. Lipps used to reach his conclusions. *Id.*

Contrasting Mr. Lipps's and Mr. Rossi's methods demonstrates the superiority of Mr. Lipps's approach. Mr. Lipps relied on his 30 years of complex commercial litigation experience—including nearly three years spent defending the Debtors on breach of representation and warranty, and securities claims at issue here—to do what lawyers do every day: survey case law and apply that law to a set of facts. (*See* September 24, 2012 Lipps Declaration at 1, 5 [Docket No. 1712-8-9].)

Mr. Rossi, on the other hand, is a non-lawyer offering an opinion on whether ResCap's directors breached their duty of care when they approved the RBMS settlement. (*See* December 3, 2012 Expert Report of Clifford Rossi at ¶¶ 7-8 [Docket No. 3609].) But Mr. Rossi has absolutely no experience approving of legal settlements, advising boards on settlement terms, or considering board-level concerns for companies on the eve of bankruptcy. *See id.* And his use of the commercial banking industry as a standard—which was clear error—further underscores his total lack of experience in the matters he hoped to testify about, a defect made even starker by comparison to Mr. Lipps. Thus, while Mr. Lipps relied on replicable, widely used methods and decades of relevant experience, Mr. Rossi's opinion waded into an area in which he had

3

ny-1091150

neither experience nor specialized knowledge.  This sharp contrast highlights why Mr. Lipps's testimony is admissible, and why Mr. Rossi's now-withdrawn testimony was not.

## CONCLUSION

FGIC's "supplemental objection" to Mr. Lipps's testimony must be overruled.  It is procedurally improper, and, unlike Mr. Rossi's, Mr. Lipps's testimony is admissible and his methods are reliable.

New York, New York  
Dated: May 20, 2012

/s/ *Anthony Princi*  
Gary S. Lee  
Anthony Princi  
Darryl P. Rains  
Jamie Levitt  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900  

*Counsel to the Debtors and Debtors in Possession*

4

ny-1091150