**Hearing Date: May 23, 2013 at 2:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Philip S. Kaufman
Arielle Warshall Katz
Ashley S. Miller
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                                       : Chapter 11
                                                             :
RESIDENTIAL CAPITAL, LLC, et al.,                            :
                                                             :
                                                             : Case No. 12-12020 (MG)
Debtors.                                                     :
                                                             : Jointly Administered
                                                             :
------------------------------------------------------------ x

**REPLY OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**IN FURTHER SUPPORT OF ITS MOTION TO PRECLUDE**
**THE TESTIMONY OF JAMES WHITLINGER**

# TABLE OF CONTENTS

Preliminary Statement ............................................................................................................. 1

Argument ................................................................................................................................ 1

I.   MR. WHITLINGER IS MERELY A DIRECT WITNESS UNTIMELY AND
     IMPROPERLY DESIGNATED AS A "REBUTTAL" WITNESS .................................. 1

II.  MR. WHITLINGER'S PROPOSED TESTIMONY IS ALSO CUMULATIVE .............. 4

Conclusion .............................................................................................................................. 5

# EXHIBITS

**Exhibit A** – Excerpts from Deposition Transcript of Jeffrey Cancelliere, dated November 14, 2012  [FILED UNDER SEAL]

**Exhibit B** – Excerpts from Deposition Transcript of John Mack, dated November 14, 2012 [FILED UNDER SEAL]

**Exhibit C** – Excerpts from Deposition Transcript of Thomas Marano, dated November 12, 2012 [FILED UNDER SEAL]

**Preliminary Statement**

The Debtors' opposition only confirms the merits of the Committee's motion to preclude Mr. Whitlinger's testimony as a "rebuttal" witness. Unable to distinguish the ample legal authority cited in the Committee's opening brief that warrants preclusion, the Debtors simply ignore it. Yet their contentions regarding the testimony by Mr. Whitlinger collapse in the face of those authorities. Under the guise of a purported "rebuttal" case, Mr. Whitlinger is being called merely to support the Debtors' case-in-chief, rather than to contradict new issues raised by the Committee. His testimony thus falls outside the scope of proper rebuttal and is also cumulative of the testimony to be given by Debtors' other trial witnesses. He should be precluded from testifying at trial.

**Argument**

**I.    MR. WHITLINGER IS MERELY A DIRECT WITNESS UNTIMELY AND IMPROPERLY DESIGNATED AS A "REBUTTAL" WITNESS**

The Debtors attempt to flout their disclosure obligations by arguing that, because the Court's Scheduling Order was "silent" as to rebuttal fact witness, their designation of Mr. Whitlinger — more than four months after the time had expired for the designation of direct fact witness — was not untimely.[1] Opposition ("Opp") at 1. But having failed to identify any new or unforeseen facts that Mr. Whitlinger could properly rebut, the Debtors' designation of Mr. Whitlinger as a so-called "rebuttal" witness must be seen for what it is: the untimely relabeling of a direct witness in an effort to salvage the Debtors' foundering 9019 Motion. This slick

---

[1] The Debtors' lengthy argument that Mr. Whitlinger's testimony should not be precluded under Fed. R. Civ. P. 37(c)(1), because the untimeliness of their designation was "substantially justified" and "harmless," is beside the point. Rule 37(c)(1) addresses a party's failure to disclose under Rule 26(a), but the Committee does not argue that the Debtors violated Rule 26(a).

attempt to sidestep the Court's October 5, 2012 deadline for the designation of fact witnesses fails on multiple levels.

To begin with, the Debtors cannot escape their own case-in-chief. Although they continue to assert that Mr. Whitlinger's testimony will be offered to counter "new" allegations raised by the Committee concerning the ResCap Board's approval of the RMBS Settlement (Opp. at 5-6), they fail to identify a single allegation raised by the Committee that has not been at issue since the start of these proceedings. *See Lidle v. Cirrus Design Corp.*, No. 08 Civ. 1253 (BSJ)(HBP), 2009 WL 4907201, at *1 n.1 (S.D.N.Y. Dec. 18, 2009) (rebuttal evidence proper only "to contradict new issues raised by the evidence offered by the [opposing party]"). The ResCap Board's exercise of business judgment has always been an issue raised by the Debtors. Indeed, the Debtors' own 9019 Motion, filed a year ago, proves this in black and white:

> [T]he Debtors have determined, **exercising their sound business judgment** that the RMBS Trust Settlement is fair, equitable, and eminently reasonable to the Debtors' estates and creditors, thereby satisfying the standards of Bankruptcy Rule 9019.

[Dkt. No. 320 ¶ 57] (emphasis added). To claim now that the 9019 Motion "has nothing to do with the board's approval process" because the term "due care" is not explicitly mentioned in their initial moving papers (Opp. at 5) is to deny reality.

Equally disingenuous is the Debtors' contention that they "could not have foreseen that the Committee's Objection . . . would include breach of fiduciary allegations." Opp. at 6 n.9. The issue of the Directors' due care in approving the Settlement was the subject of extensive discovery and also a hotly-debated topic at the September 19, 2012 discovery conference. Following the Debtors' effort to block inquiry into issues concerning the ResCap

2

Board's lack of "independent judgment" in approving the Settlement, the Court made clear to the parties: "What is relevant and material to [the Court] is the decision process by which the settlement [wa]s approved." Sept. 19, 2012 Hr'g Tr. 41-42, 142. *Cf. Gartner v. Doctors Hosp.*, No. 81 Civ. 2571 (CSH), 1984 WL 1188, at *2 (S.D.N.Y. Oct. 24, 1984) (precluding rebuttal witness where opposing party offered "nothing new, in the sense of being unanticipated or unforeseeable" and issue was "apparent from the beginning of discovery"). Moreover, the Debtors' assertion that the Board's deliberations are "not legally relevant" to any of the *Iridium* factors (Opp. at 6 n.9) is misplaced. In analyzing a settlement under the enumerated *Iridium* factors, Judge Peck recently addressed this very issue: "The evidence . . . supports a finding that the Board, in conjunction with its advisors, fulfilled its fiduciary duties and, following independent review, approved a settlement that maximized value for all stakeholders." *In re Charter Commc'ns*, 419 B.R. 221, 256 (S.D.N.Y. Bankr. 2009).

Nor can the Debtors take refuge in the fact that Mr. Whitlinger was deposed long *before* he was designated as a rebuttal witness. Opp. at 4-5.[2] This is nothing but a red herring, since Mr. Whitlinger is no rebuttal witness at all. Because the Board's approval of the RMBS Settlement has been at the heart of this case from the beginning — and not something "new" raised by the Committee — the Debtors' belated attempt to fit a square peg in a round hole is futile.

---

[2] As the Committee explained at the March 1 hearing, because Mr. Whitlinger had not been designated as a 9019 witness, the Committee conducted a limited deposition and tailored its questions accordingly. March 1, 2013 Hr'g Tr. at 35.

## II. MR. WHITLINGER'S PROPOSED TESTIMONY IS ALSO CUMULATIVE

The Debtors argue that Mr. Whitlinger's testimony is not cumulative of the testimony to be offered by their other *seven* fact witnesses because Mr. Whitlinger "will provide his own unique vantage point, as ResCap's Chief Financial Officer." Opp. at 6. The argument is baseless. The Debtors have already designated as fact witnesses ResCap's Chairman and CEO, Tom Marano, as well as Independent Director John Mack, and their description of the testimony of those from other ResCap Board members is identical to their description of Mr. Whitlinger's testimony. Mr. Whitlinger thus has no more of a "unique" perspective than any other member of the ResCap Board.

Clearly mindful of this infirmity, the Debtors now attempt to distinguish Mr. Whitlinger's vantage point by offering additional areas of his testimony, namely, the Debtors' reserve estimates for their R&W liability and the costs of continued litigation. Opp. at 6. However, both of these subjects can easily be addressed by the Debtors' other trial witnesses, many of whom have *already* demonstrated their familiarity with them. For example, ResCap's Mortgage Risk Officer Jeff Cancelliere testified during his deposition that he was the person responsible for calculating the Debtors' R&W liability reserves. Cancelliere Dep. Tr. at 21-22 (Exh. A). Mr. Mack, one of ResCap's independent directors and a member of the Audit Committee, also testified extensively about the reserves and the public disclosure of ResCap's R&W liability, which was estimated at no more than $4 billion. Mack Dep. Tr. at 49-60 (Exh. B); *see also* Marano Dep. Tr. at 95-98, 157 (Exh. C). The Debtors' own expert, William Nolan, dedicated the lion's share of his report to assessing the costs of continued litigation. [Dkt. No. 1712, Exh. E]. And both of the two ResCap in-house attorneys who have been designated, Tammy Hamzehpour and John Ruckdaschel, should be more than qualified to address the issue

4

of litigation costs if necessary. *Cf. Highland Capital Mgmt. L.P. v. Schneider*, 551 F. Supp. 2d 173, 183-84 (S.D.N.Y. 2008) (preclusion warranted where testimony "could be addressed by [other witnesses]"). Because it is abundantly clear that Mr. Whitlinger's testimony would be cumulative, he should be precluded from testifying as a rebuttal witness on this ground as well.

## Conclusion

For these reasons, as well as those set forth in the Committee's opening submission, an order precluding the Debtors from offering the testimony of Mr. Whitlinger on rebuttal should be entered.

Dated: New York, New York
May 20, 2013

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Philip S. Kaufman
Arielle Warshall Katz
Ashley S. Miller
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee of Unsecured Creditors*

# EXHIBIT A

## Filed Under Seal

# EXHIBIT B

# Filed Under Seal

# EXHIBIT C

# Filed Under Seal