Hearing Date: May 23, 2013 at 10:00 a.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Anthony Princi
Darryl P. Rains
Jamie A. Levitt

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|                                      | )  |                          |
| In re:                               | )  | Case No. 12-12020 (MG)   |
|                                      | )  |                          |
| RESIDENTIAL CAPITAL, LLC, *et al.*,  | )  | Chapter 11               |
|                                      | )  |                          |
|                          Debtors.    | )  | Jointly Administered     |
|                                      | )  |                          |
---------------------------------------------------------------

**DEBTORS' MOTION TO EXCLUDE THE DEPOSITION TRANSCRIPTS OF
TIMOTHY DEVINE, WILLIAM GREENE, AND MARK RENZI**

sf-3286761

**INTRODUCTION**

Various objectors[1] have offered, as evidence, excerpts of the deposition transcripts of Timothy Devine, William Greene, and Mark Renzi.  The transcript designations should be excluded from evidence as they run afoul of the restrictions of Rule 32 of the Federal Rules of Civil Procedure (applicable pursuant to Rules 7032 and 9014 of the Federal Rules of Bankruptcy Procedure) and Rule 801 of the Federal Rules of Evidence (applicable pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure).

Deposition testimony, as a general matter, is not admissible as evidence because it is hearsay.  Fed. R. Evid. 801(c).  Rule of Civil Procedure 32 creates certain exceptions to the hearsay rule, including when the transcript is from the deposition of a "party" or "the party's officer, director, [or] managing agent," or when the witness is "unavailable."  Fed. R. Civ. P. 32(a)(3), (4).  Rule 801 adds that a deposition transcript is not hearsay when the transcript "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed."  Fed. R. Evid. 801(d)(2)(D).

None of these exceptions applies to the transcripts of the depositions of Messrs. Devine, Greene, or Renzi.  None of them is a party, or the officer, director, agent, or employee of a party.  Mr. Devine works for Ally; Mr. Greene is a professor of economics at New York University; and Mr. Renzi is a managing director at FTI Consulting.  And none is, so far as is known to the Debtors, unavailable as a witness.  The objectors thus have no basis upon which to offer these individuals' deposition transcripts as evidence.  The transcripts must be excluded as hearsay under Rule 802 of the Federal Rules of Evidence.

---

[1] As used here, "objectors" refers to MBIA and the Committee, and, to the extent they intend to rely on this evidence at the hearing, FGIC and the Ad Hoc Committee of Junior Unsecured Bond Holders.

**ARGUMENT**

I.  **MESSRS. DEVINE, GREENE, AND RENZI ARE NOT THE DEBTORS' OFFICERS, DIRECTORS, AGENTS, OR EMPLOYEES SO THEIR DEPOSITION TRANSCRIPTS ARE NOT ADMISSIBLE.**

The transcripts of the depositions of Messrs. Devine, Greene, and Renzi are inadmissible hearsay unless they fall within one of the exceptions set out in Rule of Civil Procedure 32 or Rule of Evidence 801.  *See Garcia-Martinez v. City & Cnty. of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004) ("[d]eposition testimony is ordinarily inadmissible hearsay" unless one of Rule 32's exceptions applies).

One of those exceptions permits the use, as evidence, of the deposition transcript of a "party" or, in the case of an entity, the party-entity's officers, directors, managing agents, or employees (so long as the testimony was within the scope of their employment).  *See* Fed. R. Civ. P. 32(a)(2); Fed. R. Evid. 801.  The objectors "bear[] the burden of establishing that the requirements of [Rule 32] have been met." *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.*, Nos. 97 Civ. 6124, 98 Civ. 3099, 2000 U.S. Dist. LEXIS 18719, at *4, (S.D.N.Y. Dec. 28, 2000).

Messrs. Devine, Greene, and Renzi do not fall within that exception.  Mr. Devine is Ally's director of litigation.  (Ex. 1, Nov. 19, 2012 Deposition of Timothy Devine at 13:7-24.)[2] Mr. Greene is an economics professor at New York University, and was retained as a consultant by Duff & Phelps, LLC, a consulting firm, to perform a statistical analysis on behalf of the RMBS trustees.  (Ex. 2, Jan. 30, 2013 Deposition of William Greene at 11:11-12:5, 25:8-17.) Mr. Renzi is a managing director at FTI Consulting, one of the Debtors' financial consultants. (Ex. 3, Nov. 7, 2012 Deposition of Mark Renzi at 15:20-23; 19:9-22; 23:23-24:5.)

---

[2] "Ex. ___" refers to the exhibits attached to the Declaration of LaShann DeArcy dated May 21, 2013, filed concurrently with this motion.

The objectors have no basis on which to claim these three witnesses are officers, directors, agents, or employees of the Debtors. The transcripts of their depositions are therefore not admissible as evidence on that ground.

## II. MESSRS. DEVINE, GREENE, AND RENZI ARE NOT "UNAVAILABLE" WITNESSES.

Rule 32 also permits the admission, as evidence, of the deposition transcript of an "unavailable" witness. A witness is "unavailable," under the rule, if he is dead, infirm, in prison, outside the Court's subpoena power, or more than 100 miles from the courthouse. Fed. R. Civ. P. 32(a)(4); *see also* Fed. R. Evid. 804.

None of these conditions applies here. The objectors have offered no basis upon which to conclude that the attendance at trial of Messrs. Devine, Greene, and Renzi could not be procured by subpoena or otherwise. *See SEC v. Shainberg*, 316 F. App'x 1, 2-3 (2d Cir. 2008) (proponent of deposition testimony has burden to demonstrate witness's unavailability).

## CONCLUSION

The objectors have failed to establish any exception to the hearsay rules that would allow the admission, as evidence, of the transcripts of the depositions of Messrs. Devine, Greene, or Renzi. Their deposition transcripts should therefore be excluded from evidence.

Dated: May 21, 2013
New York, New York

/s/ *Darryl P. Rains*
Gary S. Lee
Anthony Princi
Darryl P. Rains
Jamie A. Levitt
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

sf-3286761                                    4