UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | )  |                          |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**ORDER PURSUANT TO SECTION 503(c)(2) OF THE BANKRUPTCY CODE FIXING
AMOUNT OF SEVERANCE PAYMENTS TO CERTAIN INDIVIDUALS**

Upon consideration of the Debtors' motion (the "**Motion,**" ECF Doc. # 3658)[1] for entry of an order fixing amount of severance payments to certain individuals; and jurisdiction existing for the Court to consider the motion; and after due deliberation thereon; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further or other notice need be given; and the Court having found that good and sufficient cause exists for granting the Motion; and upon the files and records in these cases; and upon the arguments and statements in support of the Motion presented at the hearing before the Court; and notwithstanding anything to contrary, nothing in this order shall be construed as an authorization for any payment that is prohibited by 12 U.S.C. § 5221 or any other TARP related statute or regulation; and it appearing that the relief requested is in the best interests of the Debtors' estate, their creditors, and other parties-in-interest; it is hereby:

**ORDERED** that the Motion is granted; and it is further

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

**ORDERED** that upon separation from the Debtors, the severance recipient will be entitled to receive the lesser of (i) $97,121.86, based upon the severances paid to non-management employees prior to the entry of this order or (ii) the amount that is calculated based upon a good faith estimate of the employees projected to be terminated during the calendar year (the "**Initial Cap**"). At the end of the calendar year, the Debtors will calculate the mean severance payment provided to all non-management employees (the "**Year-End Cap**"), and if the Year-End Cap exceeds the amount of the Initial Cap, then the Debtors shall be entitled to pay the severance recipient such excess amounts; and it is further

**ORDERED** that the severance payments to those in the "Next 75" shall comply with all the restrictions of TARP, and the Debtors are directed to make such revisions as necessary to comply with TARP, including any future determination letter issued by the United States Department of the Treasury's Office of the Special Master; and is further

**ORDERED** that the Chief Business Officer and the Director of Human Resources of Residential Capital, LLC shall provide any requisite certifications to AFI or otherwise that the severance payments to those in the "Next 75" comply with TARP; and it is further

**ORDERED** that the severance payments shall comply with all Federal Reserve Board requirements and all federal and state laws governing compensation, and the Debtors are directed to make revisions as necessary to comply with any future changes to such laws; and is further

**ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order; and it is further

**ORDERED** that notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, Residential Capital LLC, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012, by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates; and it is further

**ORDERED** that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: May 22, 2013
      New York, New York

                                                           **/s/Martin Glenn**
                                                           MARTIN GLENN
                                        United States Bankruptcy Judge