**PEPPER HAMILTON LLP**
Robert S. Hertzberg
The New York Times Building
37th Floor
620 Eighth Avenue
New York, New York 10018-1405
Tel: 212.808.2700
Fax: 212.286.980

-and-

Gary Apfel
333 South Grand Avenue
Suite 1670
Los Angeles, California 90071-1521
Tel: 213.293.3160
Fax: 213.628.8690

-and-

Deborah Kovsky-Apap
Suite 1800
4000 Town Center
Southfield, Michigan 48075-1505
Tel: 248.359.7300
Fax: 248.359.7700
*Special Independent Foreclosure Review Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.* | ) | Case No. 12-12020 (MG) |
| | ) | Jointly Administered |
| | ) | |

**EX PARTE MOTION FOR ORDER AUTHORIZING PEPPER HAMILTON LLP TO FILE ITS RESPONSE TO UNITED STATES TRUSTEE'S OBJECTION TO FEE APPLICATION UNDER SEAL**

Pepper Hamilton LLP ("Pepper") respectfully requests authority to file under seal its response (the "Response") to the objection ("Objection") of the United States Trustee ("UST") to Pepper's first interim fee application (the "Fee Application"). In support of this motion, Pepper respectfully states as follows:

## Relief Requested

1. By this motion, Pepper respectfully requests an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing Pepper to file its Response under seal and (b) directing that the Response only be made available to the Court and the UST. A courtesy copy of the Response has been provided to the Court for inspection *in camera*.

## Basis for Relief

2. Pepper provides legal services as an Independent Legal Consultant in connection with the Independent Foreclosure Review mandated by the April 2011 consent order with the Federal Reserve Board entered into by, among others, GMAC Mortgage LLC ("GMACM").

3. Although Pepper does not provide any legal services in connection with these Chapter 11 cases, Pepper was retained pursuant to § 327(e) of the Bankruptcy Code and thus is required to submit fee applications in order to receive payment of its fees and reimbursement of its expenses incurred in performing work for the Independent Foreclosure Review.

4. The Independent Foreclosure Review is a federal regulatory investigation conducted under the supervision of the Federal Reserve Board. As explained by the Federal Reserve Board in its letter of May 20, 2013, attached hereto as **Exhibit B**, "the work performed by Pepper Hamilton in developing and performing its review processes under the IFR was done at the direction of and under the guidance and supervision of the Board pursuant to the Consent Order. The Federal Reserve oversaw PwC's and Pepper Hamilton's creation of a system that would meet the supervisory goals of the IFR. Accordingly, Pepper Hamilton's work product, including but not limited to memoranda, checklists, databases and detailed descriptions of the review process, constitute confidential supervisory information of the Board pursuant to the Board's regulation, 12 C.F.R. 261.2(c)." *See* Exhibit B at 1; *cf. Shirk v. Fifth Third Bancorp*,

2008 U.S. Dist. LEXIS 111425, at *5-6 (S.D. Ohio July 2, 2008) (noting that reports and other documents prepared pursuant to a consent agreement with the Federal Reserve Board were Confidential Supervisory Information and subject to privilege).

5. Mindful of the prohibition against disclosure of Confidential Supervisory Information, Pepper was careful to describe its activities in connection with the Independent Foreclosure Review in general terms in its Fee Application.

6. The UST objected to the Fee Application on that ground, arguing that Pepper had provided insufficient detail regarding its work on the Independent Foreclosure Review. In verbal discussions, the UST also challenged the compensability of Pepper's fees for the significant amount of work it put into designing and building a review process from the ground up, suggesting that such work was merely "overhead."

7. In order to respond to the UST's Objection, Pepper will need to disclose a significant amount of detail regarding the development and performance of the review process for the bankruptcy workstream of the Independent Foreclosure Review. Because a detailed description of the specifics and mechanics of the Federal Reserve Board's regulatory investigation constitutes Confidential Supervisory Information, its disclosure is governed by 12 C.F.R. 261.22.

8. At the direction of the Federal Reserve Board, Pepper prepared a draft Response and submitted it to the Board, together with a written request seeking permission to file the Response. Pursuant to 12 C.F.R. 261.22(b)(1)(vi), the Federal Reserve Board required that Pepper "commit to obtain a protective order acceptable to the Board from the judicial or administrative tribunal hearing the action preserving the confidentiality of any information that is provided."

9. The Federal Reserve Board has granted permission for Pepper to file the Response, *provided that* Pepper first obtains an order authorizing it to file the Response under seal, with access limited to the Court and the United States Trustee.

10. Accordingly, Pepper seeks authority to file the Response under seal. Further, Pepper requests that the Response be made available only to the Court and the UST, the only party that objected to the Fee Application.

## Supporting Authority

11. Fed. R. Bankr. P. 9018 provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . (3) to protect governmental matters that are made confidential by statute or regulation." Fed. R. Bankr. P. 9037(c) further provides that "[t]he court may order that a filing be made under seal without redaction."

12. In this case, the Response discloses governmental matters that are made confidential by 12 C.F.R. 261.2 *et seq*. The governmental agency to which the confidential information belongs has requested that the Response be filed under seal, as permitted by the Bankruptcy Rules.

13. The only party that objected to the Fee Application, the UST, would have full access to the Response.

14. Accordingly, there is ample basis for the Court to authorize the filing of the Response under seal.

**Notice**

15.     Pepper has provided notice of this motion to the Office of the United States Trustee for the Southern District of New York. In light of the nature of the relief requested herein, Pepper respectfully submits that no other or further notice need be provided.

**No Prior Request**

16.     No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, Pepper respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

**[remainder intentionally left blank]**

| | |
|---|---|
| Dated: May 22, 2013 | **PEPPER HAMILTON LLP** |
| | /s/Deborah Kovsky-Apap |
| | Robert S. Hertzberg |
| | The New York Times Building |
| | 37th Floor |
| | 620 Eighth Avenue |
| | New York, New York 10018-1405 |
| | Tel: 212.808.2700 |
| | Fax: 212.286.980 |
| | -and- |
| | Gary Apfel |
| | 333 South Grand Avenue |
| | Suite 1670 |
| | Los Angeles, California 90071-1521 |
| | Tel: 213.293.3160 |
| | Fax: 213.628.8690 |
| | -and- |
| | Deborah Kovsky-Apap |
| | Suite 1800 |
| | 4000 Town Center |
| | Southfield, Michigan 48075-1505 |
| | Tel: 248.359.7300 |
| | Fax: 248.359.7700 |
| | *Special Independent Foreclosure Review Counsel to the Debtors* |