# EXHIBIT B



BOARD OF GOVERNORS
OF THE
FEDERAL RESERVE SYSTEM
WASHINGTON, D. C. 20551

ADDRESS OFFICIAL CORRESPONDENCE
TO THE BOARD

May 20, 2013

By email and U.S. Mail

Gary Apfel, Esq.
Pepper Hamilton LLP
333 South Grand Avenue
Suite 1670
Los Angeles, CA 90071-9500

Dear Mr. Apfel:

I write in response to your request dated May 14, 2013, that you be permitted to disclose certain confidential supervisory information of the Board in connection with Pepper Hamilton's interim fee application filed in the Chapter 11 bankruptcy case of GMAC Mortgage LLC ("GMACM"), currently pending in the Bankruptcy Court for the Southern District of New York. You explain that Pepper Hamilton serves as the Independent Legal Consultant ("ILC") to PricewaterhouseCoopers ("PwC"), which in turn is the Independent Consultant appointed pursuant to a Consent Order (the "Consent Order") issued by the Board of Governors of the Federal Reserve System (the "Board") against Ally Financial, Inc., ResCap, and GMACM. Following GMAMC's bankruptcy filing, in order to be paid for its work as Independent Legal Counsel, Pepper Hamilton is required to file fee applications with the bankruptcy court. The United States Trustee has objected to Pepper Hamilton's most recent fee application, covering work performed from May through December 2012, claiming that Pepper Hamilton provided insufficient detail to justify allowance of fees.

You have provided me with a draft of your proposed response to this objection. In your response, you detail the work that Pepper Hamilton has performed as part of the Independent Foreclosure Review ("IFR") ordered by the Board in the Consent Order. As you note in your draft response, the work performed by Pepper Hamilton in developing and performing its review processes under the IFR was done at the direction of and under the guidance and supervision of the Board pursuant to the Consent Order. The Federal Reserve oversaw PwC's and Pepper Hamilton's creation of a system that would meet the supervisory goals of the IFR. Accordingly, Pepper Hamilton's work product, including but not limited to memoranda, checklists, databases and detailed descriptions of the review process, constitute confidential supervisory information of the Board pursuant to the Board's regulations, 12 C.F.R. § 261.2(c). The particular information in the response regarding the precise steps taken by PwC and Pepper Hamilton under the Consent Orders issued by the Board has not been made public. Accordingly, you properly requested the Board's permission to disclose this information in connection with Pepper

2

Hamilton's fee petition.  You have committed to seek an order permitting Pepper Hamilton to file the information under seal in order to protect its confidentiality.

Requests for authority to disclose confidential supervisory information of the Board are subject to the Board's Rules Regarding Availability of Information.  12 C.F.R. § 261.21.  On the basis of your letter and other information conveyed to Board staff, I have determined that Pepper Hamilton has demonstrated the requisite need to disclose the information as proposed, subject to the limitations and restrictions described herein, and that such approval would be consistent with the Board's supervisory and regulatory responsibilities.  Accordingly, I am authorizing Pepper Hamilton to file a document substantially similar to the draft you provided, subject to the condition that Pepper Hamilton first seek and obtain an order enabling it to file the document under seal and available only to court personnel and the United States Trustee.  Further, should any party (including the United States Trustee) seek to lift the order to seal at any time, Pepper Hamilton will promptly notify the Board of Governors so that we may take appropriate steps to protect the confidentiality of our information.

Sincerely,

*Kit Wheatley
by Jennifer Sutton*

Katherine H. Wheatley
Associate General Counsel