UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br>(MG)<br>                Debtors<br>---<br>M. FRANCINE MODDERNO<br>        Plaintiff, *pro se*<br>    v.<br><br>RESIDENTIAL CAPITAL LLC,/ RESIDENTIAL<br>FUNDING, LLC, GMAC MORTGAGE, LLC, et al<br>        Defendant(s) | Chapter 11<br><br>Case No. **12-12020**<br><br>Jointly Administered<br><br><br><br><br><br>Assigned to:  Hon. Martin Glenn<br>                  US Bankruptcy Judge |

## CONTEST OF TRANSFER OF PLAINTIFF'S MORTGAGE TO
## OCWEN LOAN SERVICING

Plaintiff M. FRANCINE MODDERNO, acting *pro se*, respectfully contests the recent transfer of servicing rights for Plaintiff's real property to OCWEN LOAN SERVICING.

Plaintiff believes the transfer is in error because of the following reasons:

1.    Plaintiff timely submitted a claim in this case against Residential Funding, recorded as received by the claim's administrator on November 15, 2012. The number assigned by the court to Plaintiff's claim is **4866**. (A copy of the claim is attached as Exhibit A.)

2.    It has been Plaintiff's understanding that the Court must address her claim and hear her arguments against Residential Funding's assertion that it has any rights regarding her mortgage before any action could be taken against her property by Residential Funding, GMAC or any other entity; and thus. Plaintiff has been awaiting the Court's hearing of her claim/case. Now, Plaintiff fears that her right to due process is in jeopardy.

3.    Plaintiff received a letter from Ocwen Loan Servicing, LLC, dated May 2, 2013, informing her that Ocwen would "refer her property to foreclosure within 14 days unless immediate action is taken."

- Page 1 of 2 -

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: RESIDENTIAL CAPITAL, LLC, et al., (sic) Debtors | Chapter 11<br>Case No. 12-12020<br>Jointly Administered |
| FRANCINE MODDERNO Plaintiff, pro se v. RESIDENTIAL CAPITAL LLC, RESIDENTIAL FUNDING LLC, GMAC MORTGAGE LLC, et al Defendant(s) | Assigned to: Hon. Martin Glenn US Bankruptcy Judge |

**OBJECTION TO TRANSFER OF PLAINTIFF'S MORTGAGE TO OCWEN LOAN SERVICING**

Plaintiff, FRANCINE MODDERNO, acting *pro se*, respectfully contests the recent transfer of servicing rights for Plaintiff's real property to OCWEN LOAN SERVICING.

Plaintiff believes the transfer is in error because of the following reasons:

1. Plaintiff timely submitted a claim in this case against Residential Funding, recorded as received by the claim's administrator on November 15, 2012. The number assigned by the court to Plaintiff's claim is 4868. (A copy of the claim is attached as Exhibit A.)

2. It has been Plaintiff's understanding that the Court must address her claim and hear her arguments against Residential Funding's assertion that it has any rights regarding her mortgage before any action could be taken against her property by Residential Funding, GMAC or any other party, and thus Plaintiff has been awaiting the Court's hearing of her claim/case. Now Plaintiff fears that her right to due process is in jeopardy.

3. Plaintiff received a letter from Ocwen Loan Servicing, LLC, dated May 2, 2013, indicating that Ocwen would "refer her property to foreclosure within 14 days unless [illegible] is taken."

RECEIVED

**Chapter 11 Case No. <u>12-12020</u>**
**<u>RESIDENTIAL CAPITAL, LLC, et al., Debtors</u>**

3.  Plaintiff's claim against Residential Funding is for her real property, located at 17147 Needles Court, Leesburg, Virginia 20176. At the time she submitted her claim, GMAC valued Plaintiff's property at $720,000. Ocwen is now claiming the property's value to be over $800,000.

4.  Plaintiff submitted her claim in this case because she contests Residential Funding's assertion that it owns/owned, held, or lawfully held the mortgage note or Deed of Trust to her property, and thus she contends that neither Residential Funding nor the bankruptcy trustee in this case has/had a lawful right to sell or transfer her mortgage or any servicing rights to her mortgage to any entity.

5.  The title to Plaintiff's property is clouded due to fraudulent, invalid and/or faulty assignments, and her property is not an asset of Residential Funding, and thus it is not an asset for disposal by Residential Funding or this Court; and therefore, it should be removed from Debtors' assets, and the assignment of servicing rights for it by the Court should be voided.

WHEREFORE, Plaintiff begs this Court to:

1.  Stay any action against Plaintiff's property by Ocwen Loan Servicing or any other entity until her claim and evidence for her claim can be reviewed by the Court;

2.  Advise Plaintiff when and how she may present her arguments and evidence to the Court (Plaintiff resides in Virginia and cannot be present in the court); and,

3.  Provide any other relief the Court may deem just, equitable or otherwise appropriate.

Respectfully submitted,

*[signature]*

M. Francine Modderno, *pro se*
17147 Needles Court
Leesburg, VA 20176
(703) 669-8687

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **RESIDENTIAL CAPITAL, LLC, et al., (MG)** | ) ) ) | Case No. **12-12020** |
| Debtors | ) | Jointly Administered |

-----------------------------------------------------------

| | | |
|---|---|---|
| M. FRANCINE MODDERNO | ) ) | |
| Plaintiff, *pro se* | ) | |
| v. | ) ) | |
| | ) | Assigned to:  Hon. Martin Glenn |
| **RESIDENTIAL CAPITAL LLC./ RESIDENTIAL FUNDING, LLC, GMAC MORTGAGE, LLC, et al** | ) ) | US Bankruptcy Judge |
| Defendant(s) | ) | |

-----------------------------------------------------------

## AFFIDAVIT OF SERVICE

I, M. Francine Modderno, acting *pro se*, certify that I have today, May 22, 2013, served the accompanying *Contest to Transfer of Plaintiff's Mortgage to Ocwen Loan Servicing,* via FAX and Certified US Mail to the following parties in this case:

Counsel to the Debtors
Larren M. Nashelsky
Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
T: 212-468-8000
F: 212-468-7900
http://www.mofo.com/

Counsel to the Examiner
Howard Seife
David M. LeMay
Robert J. Gayda
Marc B. Roitman
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
T: 212-408-5100
F: 212-541-5369
http://www.chadbourne.com/

Office of the United States Trustee
Tracy Hope Davis
33 Whitehall St 21st Fl, Region 2
New York, NY 10004-2111
T: 212-510-0500
F: 212-668-2255
http://www.justice.gov/ust/r02/

Respectfully submitted,

*/s/ M. Francine Modderno*
M. Francine Modderno. *pro se*
17147 Needles Court
Leesburg, VA 20176
(703) 669-8687

B 10 Modified (Official Form 10) (12/11)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** — **PROOF OF CLAIM**

Name of Debtor and Case Number: **Residential Funding Company, LLC, Case No. 12-12019**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**M. Francine Modderno**

Name and address where notices should be sent:

M. Francine Modderno
17147 Needles Court
Leesburg, VA 20176-7181

Co-owner Claude V. Bache is deceased.
M. Francine Modderno is the executor of his estate.

Telephone number: 703-669-8687      email: fmodderno@aol.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
**SAME AS ABOVE**

Telephone number:      email:

Claim # **4866**
Initials **PMH**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ **720,000.00**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Residential Funding not legally assigned mortgage note
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: ____

3a. Debtor may have scheduled account as:
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:
Value of Property: $ **720,000.00**   Annual Interest Rate ____ %  ☐ Fixed  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ **court costs**

Basis for perfection: _____

Amount of Secured Claim: $ **720,000.00**   Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507(a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. §507(a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507(a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. §507(a)(__).

Amount entitled to priority:
$ _____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ _____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
☒ I am the creditor.
☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)
☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: M. Francine Modderno
Title: _____
Company: _____
Address and telephone number (if different from notice address above): SAME AS ABOVE
SAME AS ABOVE
Telephone number: _____   Email: _____

(Signature) M. Francine Modderno   (Date) 11/05/2012

**RECEIVED**
**NOV 15 2012**
KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.