Hearing Date and Time: June 12, 2013 at 10:00 a.m. EST
Objection Deadline:  June 5, 2013 at 4:00 p.m. EST

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards

*Counsel for the Debtors and*
 *Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,<br><br>　　　　　　　　　Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**DEBTORS' APPLICATION UNDER BANKRUPTCY CODE
SECTIONS 327(a) AND 328(a) FOR ENTRY OF AN ORDER APPROVING
FOURTH ADDENDUM TO ENGAGEMENT AGREEMENT WITH
FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE DEBTORS,
AUTHORIZING PROVISION OF LITIGATION SUPPORT SERVICES
<u>*NUNC PRO TUNC* TO MARCH 1, 2013</u>**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

　　　The debtors and debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>")[1] hereby apply (the "<u>Application</u>") for entry of an order, substantially in the form attached hereto as <u>Exhibit 1</u>, under sections 327(a) and 328(a) of title 11 of the United States

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No.6] (the "<u>Whitlinger Affidavit</u>").

ny-1087543

Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), approving a fourth addendum (the "Fourth Addendum") to the Engagement Agreement (as defined below) with FTI Consulting, Inc. ("FTI"), the previously retained financial advisor to the Debtors. A copy of the Fourth Addendum is attached hereto as Exhibit 2. In support of this Application, the Debtors rely on (a) the declaration of William J. Nolan (the "Nolan Declaration") dated May 24, 2013, attached hereto as Exhibit 3; and (b) the declaration of Tammy Hamzehpour, Chief Business Officer of the Debtor, Residential Capital, LLC (the "Hamzehpour Declaration") dated May 24, 2013, attached hereto as Exhibit 4. In further support of this Application, the Debtors respectfully state as follows:

**PRELIMINARY STATEMENT**

1.  The Debtors seek approval of a limited modification to the previously approved retention of FTI as their financial advisor. Under the current terms of FTI's engagement, a separate application is required if the Debtors desire to expand the scope of FTI's engagement to include services in connection with pending or potential litigation and/or contested matters, such as, but not limited to, providing consulting services or expert testimony as further described below (collectively, the "Litigation Support Services"). The Debtors wish to be able to call upon FTI to provide Litigation Support Services going forward and, at this time to obtain authorization for such engagement modification *nunc pro tunc* to March 1, 2013 for Litigation Support Services that FTI has already performed at the Debtors' request in connection with the Subordination Complaint (as defined below). Accordingly, by this Application, the Debtors seek to amend, and thereby supplement, the prior retention of FTI to authorize FTI to provide

2

ny-1087543

Litigation Support Services to the Debtors, *nunc pro tunc* to March 1, 2013, for which FTI will be entitled to compensation on an hourly basis and reimbursement of expenses incurred in connection therewith. All such compensation and expense reimbursement will be subject to further application to the Court and will not be subject to the Monthly Caps (as defined below). The relief requested herein is appropriate because the Litigation Support Services required of FTI are critical to the prompt and efficient administration of these Chapter 11 Cases (as defined below). Except as modified under the Fourth Addendum, the previously approved terms of FTI's employment will remain unchanged.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction to consider the Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328, as supplemented by Bankruptcy Rule 2014 and Local Rule 2014-1.

## BACKGROUND

**A.    General Background**

3.   On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases (the "Chapter 11 Cases").

4.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

5.      On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 797].

6.      On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

7.      On May 7, 2013, the Court entered the *Order Further Extending the Exclusive Periods During which Only the Debtors May File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 3634], extending the period in which the Debtors have the exclusive right to file a plan through June 6, 2013.  A plan and disclosure statement have not yet been filed in the Chapter 11 Cases.

**B.      The Retention of FTI**

8.      On June 27, 2012, the Debtors filed the *Debtors' Application for Order Under Bankruptcy Code Sections 327(a) and 328(a) Authorizing Employment and Retention of FTI Consulting, Inc. as Financial Advisor* [Docket No. 526] (the "Retention Application").  The Retention Application sought approval of an engagement letter and Standard Terms and Conditions between the Debtors and FTI dated August 25, 2011 (the "Engagement Letter"), and the Addendum to the Engagement Agreement between FTI and the Debtors dated June 26, 2012 (the "June 26, 2012 Addendum" and collectively with the Engagement Letter, as subsequently amended, the "Engagement Agreement").

4

9. On July 20, 2012, the Debtors filed an Addendum to the Engagement Agreement dated July 18, 2012 (the "First Addendum"), which superseded the June 26, 2012 Addendum in its entirety. See Exhibit 2 to *Supplemental Affidavit in Support of the Debtors' Application for Authorization to Employ and Retain FTI Consulting, Inc. as Financial Advisor to the Debtors* [Docket No. 850].

10. On July 25, 2012, the Court entered an order approving the retention of FTI as financial advisor to the Debtors, *nunc pro tunc* to May 14, 2012 [Docket No. 902] (the "Retention Order").

11. On March 5, 2013 [Docket No. 3104], the Court entered an order approving the *Debtors' Application Under Sections 327(a), 328(a) and 363 of the Bankruptcy Code For The Entry of An Order Modifying the Retention and Employment of FTI Consulting, Inc. as Financial Advisor To the Debtors Pursuant Second Addendum Nunc Pro Tunc To December 5, 2012, and For Related Relief* [Docket No. 2943] (the "Second Addendum Application"), seeking approval of an Addendum to the Engagement Agreement dated February 15, 2013 (the "Second Addendum"), which, *inter alia*, expanded the scope of services authorized to be provided by FTI *nunc pro tunc* to December 5, 2012 in connection with certain specific services defined in the Second Addendum Application as the "Walter Project Services," with the terms of FTI's engagement under the Retention Order otherwise remaining unchanged.

12. On March 25, 2013, the Court entered an order approving the *Debtors' Application Under Sections 327(a), 328(a) and 363 of the Bankruptcy Code For The Entry of An Order Approving Third Addendum to Engagement Agreement With FTI Consulting, Inc. as Financial Advisor To the Debtors*, dated March 6, 2013 [Docket No. 3308] (the "Third Addendum"). Under the Retention Order, FTI is permitted to bill in subsequent months for any

5

fees which, on a cumulative basis, are in excess of applicable monthly caps (the "Monthly Caps"), also calculated on a cumulative basis (provided that the total monthly fee amount billed for any given month does not exceed the applicable Monthly Cap for such month) (the "Rollover Provision"). The Third Addendum extended the period during which the Rollover Provision can be exercised from March 31, 2013 to December 31, 2013, subject to further extension.

13. As provided for under the First Addendum, the Monthly Caps do not reflect fees associated with extensive litigation, contested matters and related expert testimony requirements, and do not reflect extensive tax analyses or preparation of tax returns or defense thereof, and FTI reserved the right to request additional compensation for such services, provided that a separate application with respect to such additional matters is submitted to the Court for approval. *See* First Addendum, pp. 2-3.

C. **The Subordination Complaint**

14. As the Chapter 11 Cases have proceeded, a major obstacle to confirmation of any Chapter 11 plan has been the priority and allowance of claims arising under securities laws relating to residential mortgage-backed securities issued by Debtor-sponsored securitization trusts (collectively, the "Debtors' RMBS"). To advance the resolution of these claims, on February 19, 2013, the Debtors filed a complaint in *Residential Capital, LLC et al. v. Allstate Ins. Co. et al.*, Adv. Pro. No. 13-01262 (Bankr. S.D.N.Y.) [Docket No. 1] (the "Subordination Complaint"). The defendants named in the Subordination Complaint collectively purchased $1.785 billion of the Debtors' RMBS and assert claims against the Debtors in unliquidated amounts (the "Investor Claims"). The Subordination Complaint seeks an order declaring that the Investor Claims are subordinated to all general unsecured claims. The hearing on the Subordination Complaint is currently scheduled for May 23, 2013.

**RELIEF REQUESTED**

15. By this Application, the Debtors seek to expand the scope of FTI's engagement to include Litigation Support Services rendered and to be rendered in connection with the Subordination Complaint *nunc pro tunc* to March 1, 2013, so that FTI may be compensated for the services that it has already performed at the Debtors' request in connection with the Subordination Complaint *nunc pro tunc* to that date.[2] From and after March 1, 2013, FTI has incurred fees in connection with the Subordination Complaint in the amount of approximately $150,000, for which, if this Application is approved, FTI will file a further application in accordance with the appropriate procedures seeking the allowance of such fees and related expenses. The Debtors also seek to expand the scope of FTI's engagement to enable FTI to provide Litigation Support Services to the extent necessary in connection with RMBS settlement litigation, avoidance actions, claims objections and adjustments, and any other litigation or contested matters, whether currently pending, anticipated, or hereafter arising.

16. Going forward, the Debtors request approval of the following procedures to the extent that FTI is called on to provide Litigation Support Services relating to matters other than the Subordination Complaint: (a) FTI will file a supplemental declaration with the Bankruptcy Court in advance of commencing the provision of such services – or in exigent circumstances as soon as practicable thereafter – detailing the matter or matters for which the services will be performed as well as the nature of the services to be performed (the "Supplemental Declaration"); (b) unless an objection to FTI providing such services is filed within seven (7)

---

[2] Although FTI provided contested matter and litigation-related assistance to the Debtors prior March 1, 2013 for which it has not been compensated, FTI previously agreed with the Creditors' Committee that it shall not be paid in excess of the current Monthly Cap amounts (on a cumulative basis) for any such time expended prior to March 1, 2013. Accordingly, this Application seeks *nunc pro tunc* relief only to March 1, 2013, and FTI will only be compensated for such contested matter and litigation-related assistance provided prior to March 1, 2013 to the extent of availability pursuant to the Rollover Provisions previously approved.

days after the filing of the Supplemental Declaration, FTI shall be authorized to provide such services without the necessity of a further application to, or order of, the Court, and to request and receive compensation and expense reimbursement on account of such services in accordance with the Interim Compensation Order, which compensation and expense reimbursement shall be in addition to any otherwise applicable Monthly Caps or Rollover Provisions; (c) in the event of an unresolved objection to a Supplemental Declaration, a hearing will be scheduled in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

17.     In providing the Litigation Support Services, FTI will be compensated based upon its customary hourly rates, subject to periodic adjustments, and will be reimbursed for its actual and necessary expenses.  As with all fees and expense reimbursements to be paid to FTI in the Chapter 11 Cases, the payment of fees and expenses on account of Litigation Support Services shall be subject to the requirement that FTI file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, General Order M-447 regarding Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, dated January 29, 2013, the United States Trustee Fee Guidelines, and any other orders of the Court. The fees and expenses sought and allowed on account of the Litigation Support Services shall be in addition to all other fees and expenses to which FTI may be entitled pursuant to the First Addendum, Second Addendum, and Third Addendum, and any prior orders approving such addenda, and shall not be subject to the Monthly Caps.

ny-1087543

**BASIS FOR RELIEF**

18.   As set forth above, under FTI's current terms of engagement, a separate application is required to the extent the Debtors desire to expand the scope of FTI's engagement to include Litigation Support Services. FTI has been called on to perform such Litigation Support Services in conjunction with the Subordination Complaint.

19.   The Investor Claims at issue in the Subordination Complaint are based in part on claimants' assertions that their investments in the Debtors' RMBS were induced by misrepresentations concerning the Debtors' fiscal health allegedly proved by certain historical pricing data and curative disclosures. Among other things, FTI has been called on to perform econometric modeling in evaluating the claimants' underlying support for the Investor Claims and in assessing the potential damages, if any, associated with those claims. The Debtors have also requested that FTI address certain questions from the claimants themselves. Together, this work has been critical for the Debtors' continuing efforts to resolve the Subordination Complaint, and for purposes of determining the appropriate treatment of the Investor Claims under a Chapter 11 plan.

20.   Although FTI originally contemplated that its services in connection with the Subordination Complaint would be limited enough to fall within the scope of FTI's initial retention (and the Monthly Caps), the complexity of the litigation and the critical nature of its resolution for the Debtors' restructuring has required FTI to perform far more and different work than anticipated, incurring approximately $150,000 in fees since March 1, 2013. Although the damages analysis with respect to the Investor Claims is now largely complete, FTI may be requested to provide additional support and/or expert testimony in the event the Subordination Complaint proceeds to trial.

21.     The Debtors anticipate that similar services also may be required in connection with other matters in the future, although the Debtors are unable to identify them with specificity at this time.  Accordingly, in order to minimize the time and expense of additional applications going forward, as set forth above, the Debtors propose to seek general approval now, provided that FTI will file any applicable Supplemental Declaration in accordance with, and subject to, the proposed procedures set forth above.

22.     No other changes to the terms and conditions of FTI's engagement are being sought at this time.  FTI will continue to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 79].

23.     Notwithstanding anything herein to the contrary, the United States Trustee for the Southern District of New York shall retain all rights to respond or object to FTI's interim and final applications for compensation and reimbursement of expenses on any grounds.

24.     In light of the foregoing, the Debtors believe that the terms and conditions of the Fourth Addendum are fair and reasonable under the standards set forth in Bankruptcy Code section 328(a).

## NOTICE

25.     The Debtors shall provide notice of this Application in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

ny-1087543

## **CONCLUSION**

26. WHEREFORE, the Debtors respectfully request that the Court enter an order (i) substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested in the Application, (ii) approving the Fourth Addendum, and (iii) granting such other and further relief to the Debtors as the Court may deem just and proper.

New York, New York
Dated: May 24, 2013

                                              /s/     Lorenzo Marinuzzi
                                              Gary S. Lee
                                              Lorenzo Marinuzzi
                                              Erica J. Richards
                                              MORRISON & FOERSTER LLP
                                              1290 Avenue of the Americas
                                              New York, New York 10104
                                              Telephone: (212) 468-8000
                                              Facsimile: (212) 468-7900

                                              *Counsel to the Debtors*
                                              *and Debtors in Possession*