# **EXHIBIT 1**

(Proposed Order)

ny-1087543

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

**ORDER APPROVING FOURTH ADDENDUM TO ENGAGEMENT AGREEMENT WITH FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE DEBTORS, AUTHORIZING PROVISION OF LITIGATION SUPPORT SERVICES**
***NUNC PRO TUNC* TO MARCH 1, 2013**

Upon the application (the "Application")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (the "Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), approving the Fourth Addendum to the Engagement Letter with FTI Consulting, Inc., financial advisor to the Debtors, as more fully set forth in the Application; and upon consideration of the declaration of William J. Nolan, a Senior Managing Director with FTI Consulting, Inc., in support of the Application (the "Nolan Declaration"); and upon consideration of the declaration of Tammy Hamzehpour, Chief Business Officer of the Debtor, Residential Capital, LLC, in support of the Application (the "Hamzehpour Declaration"); and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431 dated January 31, 2012 (Preska, C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

ny-1087543

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested herein is in the best interests of the Debtors' estates, their creditors and other parties in interest; and due and proper notice of the Application having been provided, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application; and upon the record of the hearing, and of all of the proceedings held before the Court; and any objections to the Application having been withdrawn, resolved or overruled; and the Court having found and determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

        **ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      In accordance with Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain FTI to provide the Litigation Support Services, *nunc pro tunc* to March 1, 2013, in accordance with the terms and conditions set forth in the Application and the Fourth Addendum.

3.      As financial advisor, FTI is authorized to provide Litigation Support Services to the Debtors in current or potential litigation matters, including but not limited to:

    (a)    The Subordination Complaint;

    (b)    RMBS Settlement litigation;

    (c)    Avoidance actions under chapter 5 of the Bankruptcy Code;

    (d)    Claims objections and adjustments; and

    (e)    Any other contested matters, currently pending, anticipated or hereafter arising;

ny-1087543

provided, that to the extent the Debtors request that FTI provide Litigation Support Services relating to matters other than the Subordination Complaint, (a) FTI will file a supplemental declaration with the Bankruptcy Court in advance of commencing the provision of such services – or in exigent circumstances as soon as practicable thereafter – detailing the matter or matters for which the services will be performed as well as the nature of the services to be performed (the "Supplemental Declaration"); (b) unless an objection to FTI providing such services is filed within seven (7) days after the filing of the Supplemental Declaration, FTI shall be authorized to provide such services without the necessity of a further application to, or order of, the Court, and to request and receive compensation and expense reimbursement on account of such services in accordance with the Interim Compensation Order, which compensation and expense reimbursement shall be in addition to any otherwise applicable Monthly Caps or Rollover Provisions; and (c) in the event of an unresolved objection to a Supplemental Declaration, a hearing will be scheduled in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

4.  The Debtors' employment and retention of FTI pursuant to the Engagement Agreement, the First Addendum, and the Retention Order is hereby amended in accordance with the Fourth Addendum and this Order.

5.  For the avoidance of doubt, the relief provided herein is in addition to the relief provided under the prior orders of this Court dated March 5, 2013 [Docket No. 3104] and March 25, 2013 [Docket No. 3308].

6.  FTI shall file fee applications for interim and final allowance of compensation and reimbursement of expenses with respect to any Litigation Support Services pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Amended Guidelines for Fees

3

ny-1087543

and Disbursements for Professionals in the Southern District of New York, dated January 29, 2013, the United States Trustee Fee Guidelines and any other orders of the Court.

7. In all other respects, the provisions of the Retention Order remain unchanged and in full force and effect.

8. To the extent that there is any inconsistency between the terms of this Order and the Retention Order, the terms of this Order shall govern.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: June____, 2013
       New York, New York

                                                _____
                                                THE HONORABLE MARTIN GLENN
                                                UNITED STATES BANKRUPTCY JUDGE