# **EXHIBIT 3**

(Nolan Declaration)

ny-1087543

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**DECLARATION OF WILLIAM J. NOLAN IN SUPPORT OF DEBTORS' APPLICATION UNDER BANKRUPTCY CODE SECTIONS 327(a) AND 328(a) FOR ENTRY OF AN ORDER APPROVING FOURTH ADDENDUM TO ENGAGEMENT AGREEMENT WITH FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE DEBTORS, AUTHORIZING PROVISION OF LITIGATION SUPPORT SERVICES _NUNC PRO TUNC_ TO MARCH 1, 2013**

I, William J. Nolan, being duly sworn, hereby depose and say:

A.  **Background and Qualifications**

1.  I am a Senior Managing Director with FTI Consulting, Inc., which together with its wholly owned subsidiaries, agents, independent contractors and employees (collectively, "FTI"), is an international consulting firm. I submit this declaration (the "Declaration") on behalf of FTI in accordance with sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court" and the "Local Rules"), in support of the _Debtors' Application Under Bankruptcy Code Sections 327(a) and 328(a) For Entry of An Order Approving Fourth Addendum to Engagement Agreement with FTI Consulting, Inc., as Financial Advisor to the Debtors, Authorizing Provision of Litigation Support Services_ Nunc Pro Tunc to

1

ny-1088431

*March 1, 2013* (the "<u>Application</u>"),[1] filed contemporaneously herewith. Except as otherwise noted, I have personal knowledge of the matters set forth herein.[2]

B.  **<u>Modification of FTI's Retention</u>**

2.  At the request of the Debtors, FTI provided certain litigation-related assistance to the Debtors with respect to the Subordination Complaint. Specifically, FTI has performed econometric modeling in evaluating the Investor Claims and in assessing the potential damages, if any, associated with those claims. The Debtors have also requested that FTI address certain questions from the claimants themselves. Although the damages analysis with respect to the Investor Claims is now largely complete, FTI may be requested to provide additional support and/or expert testimony in the event the Subordination Complaint proceeds to trial.

3.  Although FTI originally contemplated that its services in connection with the Subordination Complaint would be limited such that they would fall within the scope of FTI's initial retention (and the Monthly Caps), the complexity of the litigation and the critical nature of its resolution for the Debtors' restructuring has required FTI to perform far more and different work than anticipated, incurring approximately $150,000 in fees since March 1, 2013. In addition, the demands on FTI's time for both non-litigation and litigation-related services have exceeded expectations such that FTI has provided litigation-related services prior to March 1, 2013, for which, except to the extent of availability under the Rollover Provisions, it is unlikely that FTI will be compensated.

---

[1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

[2]  Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

4.      In connection with the Third Addendum, FTI agreed with the Creditors' Committee that, without limiting FTI's rights with respect to the application of the Rollover Provision (including as extended in connection with the Third Addendum) and to seek and obtain payment on account of the Walter Project Services or the Completion Fee (as defined in the First Addendum), FTI shall not be paid in excess of the Monthly Cap amounts (on a cumulative basis) for any time expended prior to March 1, 2013, and shall not seek to increase the Monthly Caps for any time expended prior to March 1, 2013.  Accordingly, the Application seeks *nunc pro tunc* relief only to March 1, 2013, which covers approximately $150,000 in fees incurred by FTI in connection with the Subordination Complaint.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 24th day of May, 2013.

_____
William J. Nolan

3

ny-1088431