# **EXHIBIT 4**

(Hamzehpour Declaration)

ny-1087543

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION OF TAMMY HAMZEHPOUR IN SUPPORT OF
DEBTORS' APPLICATION UNDER BANKRUPTCY CODE
SECTIONS 327(a) AND 328(a) FOR ENTRY OF AN ORDER APPROVING
FOURTH ADDENDUM TO ENGAGEMENT AGREEMENT WITH
FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE DEBTORS,
AUTHORIZING PROVISION OF LITIGATION SUPPORT SERVICES
<u>NUNC PRO TUNC</u> TO MARCH 1, 2013**

I, Tammy Hamzehpour, being duly sworn, depose and say:

**A.      Background and Qualifications**

1.      I am the Chief Business Officer of Residential Capital, LLC ("<u>ResCap</u>"), a debtor and debtor in possession in the above-captioned Chapter 11 cases. ResCap is the ultimate parent of the other debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively with ResCap, the "<u>Debtors</u>"). I have held my current title since February 2013, and until then had been General Counsel since October 2007. Since joining ResCap in 1998, I have held various legal positions covering both Mergers & Acquisitions and ResCap's International Business Group. I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Debtors' Application Under Bankruptcy Code Sections 327(a) and 328(a) For Entry of An Order Approving Fourth Addendum to Engagement Agreement with FTI Consulting, Inc., as Financial*

ny-1092243

*Advisor to the Debtors, Authorizing Provision of Litigation Support Services* Nunc Pro Tunc *to March 1, 2013* (the "Application"),[1] filed contemporaneously herewith.

2. In my capacity as Chief Business Officer, I am familiar with the Debtors' day-to-day operations, financial condition, business affairs, and books and records. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' books and records as well as other relevant documents; my discussions with other members of the Debtors' management team; information supplied by the Debtors' consultants; or my opinion based upon experience, expertise, and knowledge of the Debtors' operations, financial condition and history. In making my statements based on my review of the Debtors' books and records, relevant documents, and other information prepared or collected by the Debtors' employees or consultants, I have relied upon these employees and consultants accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

**B.    Modification of FTI's Retention**

3. The Debtors have requested that FTI perform certain litigation-related services in conjunction with the Subordination Complaint. Specifically, FTI has been called on to perform econometric modeling in evaluating the claimants' underlying support for the Investor Claims and in assessing the potential damages, if any, associated with the claims. The Debtors have also requested that FTI address certain questions from the claimants themselves. Together, this work

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

2

ny-1092243

has been critical for the Debtors' continuing efforts to resolve the Subordination Complaint, and for purposes of determining the appropriate treatment of the Investor Claims under a chapter 11 plan.

4. Although the damages analysis with respect to the Investor Claims is now largely complete, FTI may be requested to provide additional support and/or expert testimony in the event the Subordination Complaint proceeds to trial.

5. The Debtors anticipate that similar services also may be required in connection with other matters in the future, including, but not limited to, RMBS settlement litigation, avoidance actions, claims objections and adjustments, and any other litigation or contested matters, whether currently pending, anticipated, or hereafter arising.

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

*[Signature page follows separately]*

Dated:  May 24, 2013

/s/ Tammy Hamzehpour
Tammy Hamzehpour
Chief Business Officer of
Residential Capital, LLC

4