**MCKEEVER LAW OFFICES PLLC**
Heather Boone McKeever, Esq.
P.O. Box 1181
Isle of Palms, South Carolina 29451
foreclosurefraud@insightbb.com
Telephone:  843-323-1174
Facsimile:   859-327-3277

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| **Debtors.** | Jointly Administered |

**SCHEDULED CREDITOR'S MOTION PURSUANT TO  FED. R. BANKR. P. 9023 AND 9024,  IN RELATION TO THE MAY 8, 2013 ORDER ON MOVANT HAFFEY'S MOTION FOR THE CLARIFICATION/ENFORCEMENT OF THE AUTOMATIC STAY AGAINST THE DEBTORS,  CO-CREDITOR DEUTSCHE BANK AMERICAS AND COUNSEL**

The public record in this matter indicates that an ORDER GRANTING IN PART AND DENYING IN PART, [Docket No. 3647] relating to [Docket No. 1227] was entered on May 8, 2013.  To date, neither the Movant's counsel or the Movant have been served with the Order.  Upon request to Debtors' counsel, a courtesy copy was served via email on May 25, 2013.

Therefore, out of an abundance of caution, the Movant requests that if the portion of this Motion pursuant to Fed.R.Bankr.P.  9023 as applied to Rule 59 F.R.Civ.P., would be deemed tardy, the Movant respectfully requests that the Court allow the Motion to be filed out of time.

FINDINGS OF FACT

Pursuant to the foregoing, the Movant requests that the Court Alter and Amend its May 8, 2013 Order to reflect the following findings of fact:

The Order states that the Court made its decision and drafted its opinion, "upon the arguments and statements presented at the hearing before the Court." During the April 29, 2013 oral argument, the Court stated that the Movant was a "no show;" the Movant having neither presented in person in the Courtroom in New York or on the telephone line afforded by the Court for out-of-town counsel.

As the Court is now aware, the Movant was not a "no show" and was in attendance to the hearing in "listen only" mode. The Movant was deliberately prohibited from being heard during oral argument, by the decision of an employee (Cassandra Scott) of the email address, Courtcall.com. Ms. Scott made the decision to block the Movant from participating in his own hearing and allowed counsel to participate in "listen only" mode. Although she was contacted by telephone and in writing prior to the hearing, Ms. Scott relayed that she had contacted the Court prior to the hearing and that the Court had refused to grant Movant "permission" to participate in his own hearing. In a dollar short and a day late email, Ms. Scott relayed and that counsel would have to contact the Court herself in order to get permission to participate in a hearing for which her client was the named Movant.[1]

---

[1] The irony that the Movant had to pay Courtcall.com for the privilege of participating in his own hearing in the "listen only" mode is not lost on the Movant. However, this does not take away from the fact that when the Court decided to allow Courtcall.com employees the power to prevent parties from participating in their own Motions, the parties are obviously deprived of due process.

2

According to counsel for the Debtor, and upon an *ex parte* commincation with the Court, the Debtor would not agree nor would the Court allow Movant to enter a subsequent Oral Argument Statement into the record prior to the entry of the Order. The electronic mail relating to the above-referenced in attached hereto as Exhibit "A."

The Movant asks that the record be corrected to reflect the fact that the Movant was present at the hearing in "listen only" mode; his voice having been muted at the hand of a third party, (Ms. Scott and/or the Court) and was deprived of participating in the hearing.

Based on the fact that the Movant was deprived of due process in relation to the participation at the hearing, and the wording of the Order itself, the Movant requests that the Findings of Fact be amended to reflect the following:

1. The only evidence that the lien on Movant's family farm is attached to a loan relating to the farm, is a copy of a Promissory Note, which was never executed by the Movant and which is specifically endorsed to the Debtor, GMAC BANK. *See*. Docket #1227  Haffey's Motion, Exhibit 3.

2. The Movant in this matter has unilaterally and consistently attempted to settle these matters since 2009, beginning with a TILA rescission offer of pay-off the loan to the proper party pursuant to the TILA, and continuing to this day, with the request that the claimed Promissory Note be produced and exchanged for a negotiated pay-off. Upon information and belief, a Promissory Note does not exist.

3. Contrary to the best interest of their own client, in receiving the voluntary pay-off of the loan to the proper party, pursuant to the TILA, outside litigation counsel, Bradley Arant, Boult Cummings, has spent in excess of $125,000 of the Debtors' funds litigating. Outside counsel BABC accepted and continues to accept duel representation

of both the GMAC entities and the Debtor's Creditor, Deutsche Bank. However, BABC's legal retention agreement is solely with GMAC and all legal fees in the past and going forward are paid by the Debtor, not Deutsche Bank.

4. The Debtors' bankruptcy counsel argues for the continued outside litigation on behalf of the creditor, Deutsche Bank, using legal fees paid for by the Debtor, based on a Note specifically endorsed and "owned" by its own client GMAC BANK.

5. If the "pay off" on the GMAC BANK Promissory Note were ordered or voluntarily paid today, and the original of the Note returned to the Movant/Farmer, the record shows that the debt would be owed and paid to GMAC BANK.

6. Debtors' bankruptcy counsel has taken a disingenuous position claiming that the Debtor is not a "party" to these cases.

7. On paper, the Note in question is the property of the bankruptcy estate.

8. The Deutsche Bank MBS entity named by Debtors' outside legal counsel, BABC, as the foreclosure Plaintiff, has absolutely no liability in the cases whatsoever. Under the terms of RALI Pooling and Servicing agreements, financial liability rests completely with the Debtors. Furthermore, when a claim is made against BABC in regards to the law firms actions in the cases, it will be the Debtors who receive and pay the legal bills of BABC for the defense of such.

9. By arguing that cases filed with a copy of a Note specifically endorsed to GMAC BANK and "owned" by the bankruptcy estate, should remain at the 6th Circuit, for an attempted collection by Deutsche Bank, the Debtors' bankruptcy counsel has taken a position contrary to their duty to their client, and to the bankruptcy estate.

4

10.   In a continued and completely unilateral attempt to settle these cases, Counsel for the Movant has once again requested Debtors' current bankruptcy counsel, Morrison & Foerster, produce the original of the Note and Mortgage in question for a potential negotiated pay-off.  To date, the GMAC BANK owned Note has failed to be produced.

## RE-HEARING ON ORAL ARGUMENT

Based on the violation of Movants' due process in being deprived of participating in oral argument while being "present" in the Courtroom, the Movant requests a re-hearing of the oral argument to address to Debtors' bankruptcy counsel and have answered into the record, the following:

1.   How can the Debtors argue for the continued outside litigation on behalf of the Creditor, Deutsche Bank MBS, whose attorneys fees to outside counsel are paid for by the Debtor; where they only evidence presented is copy of a Promissory Note specifically endorsed and "owned" by their own client GMAC BANK.

2.   If the "pay off" on the GMAC BANK Promissory Note were ordered today, and the original of the Note returned to the Movant/Farmer, to whom would the pay off be made?

3.   How can the Movant voluntarily pay-off a Note (which he did no execute,) for which there is no original and for which there are at least two (2) claimants, GMAC BANK and the Creditor Deutsche Bank MBS?

## CONCLUSION

WHERFORE, the Movant/creditor respectfully requests that the May 8, 2013 be altered and amended to reflect *verbatim* the statements of fact listed in averments one (1) through (10) of this Motion; that the record be corrected to reflect the fact that the

5

Movant was present at the hearing in "listen only" mode; his voice having been muted at the hand of a third party, (Ms. Scott and/or the Court) and deprived of participating in the hearing.

Further, the Movant respectfully respects that the Court, at its earliest convenience, re-hear the oral argument in this matter, to allow the Movant to participate in such to protect the dignity of the record; to protect the Movant's due process rights going forward and allow the Court the opportunity to reconsider its Order according.

Dated: May 27, 2013                                          Respectfully submitted,

                                                             */s/ Heather Boone McKeever*
                                                             MCKEEVER LAW OFFICES PLLC
                                                             P.O. Box 1181
                                                             Isle of Palms, SC 29451
                                                             Tel. 843-323-1174
                                                             Fax. 859-327-3277
                                                             COUNSEL FOR CREDITOR/MOVANT
                                                             SHANE M. HAFFEY