```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re:
                                              Case No. 12-12020
RESIDENTIAL CAPITAL, LLC, et al.              (MG) Chapter 11

                       Debtors.
------------------------------------------X
PAUL N. PAPAS II,

                       Appellant,
                                              MEMORANDUM AND ORDER
          - against -
                                              12 Civ. 8606 (NRB)
RESIDENTIAL CAPITAL, LLC,

                       Appellee.
------------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On May 14, 2012, appellee Residential Capital, LLC ("ResCap") and others filed voluntary petitions in U.S. Bankruptcy Court for the Southern District of New York under Chapter 11 of the Bankruptcy Code on May 14, 2012 (the "filing date"), and are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. This action arises from the Bankruptcy Court's denial of the motion of Paul N. Papas II ("appellant") to convert the pending Chapter 11 bankruptcy cases to Chapter 7.

This Memorandum and Order addresses both appellant's appeal from that denial and his recent motion to seize all property belonging to ResCap and to reverse any transfers of its assets

1

that have taken place since the filing date. For the reasons set forth below, appellant's motion to seize all property belonging to ResCap and to reverse any transfers of ResCap's assets since the bankruptcy filing date is dismissed for lack of jurisdiction. The appeal from the Bankruptcy Court's Order denying appellant's motion to convert ResCap to Chapter 7 is denied.

## BACKGROUND[1]

We briefly summarize the relevant factual background here. Appellee ResCap, along with certain of its subsidiaries and affiliates, is currently operating as debtor and debtor in possession in one of the largest bankruptcy proceedings pending in the United States. ResCap, a leading residential real estate finance company, and its non-debtor affiliates were collectively this country's tenth largest originator and fifth largest servicer of residential mortgage loans. They managed two mortgage-related businesses: the ongoing mortgage loan origination and servicing business (the "servicing and origination platform"), and the legacy portfolio and other operations (the "legacy portfolio"), both of which were being

---

[1] The following facts are derived primarily from Appellant's Motion to Stay Debtor ResCap/GMAC Bankruptcy Action Pending Appeal and Stay Any Sales ("Stay Mot."); Appellee's Memorandum of Law in Opposition to Appellant's Motion for Stay Pending Appeal ("Stay Opp Br."); Appellant's Reply to Debtor ResCap/GMAC's Opposition Memorandum to Stay ("Stay Reply Br."); Appellant's Show Cause Request ("Show Cause Req."); and Appellee's Memorandum of Law in Opposition to Appellant's Show Cause Request ("Show Cause Opp. Br.").

wound down as of appellant's petition to this Court. (Stay Opp. Br. at 3.)

On September 14, 2012, appellant filed a motion to convert ResCap from Chapter 11 to Chapter 7 bankruptcy, alleging that the debtors acted in bad faith by misrepresenting the assets they owned and conducting fraudulent transfers of assets they did not own. See Renewed Motion to Convert Debtor to Chapter 7 Bankruptcy, In re: Residential Capital, LLC, et al., Case No. 12-12020 (Bankr. S.D.N.Y. Sept. 14, 2012) (dkt. no. 1472); Memorandum in Support of Motion to Convert Debtor ResCap to Chapter 7, In re: Residential Capital, LLC, et al., Case No. 12-12020 (Bankr. S.D.N.Y. Sept. 21, 2012) (dkt. no. 1547). The debtors and the Official Committee of Unsecured Creditors objected to appellant's motion on October 1, 2012 (dkt. no. 1687) and October 3, 2012 (dkt. no. 1708), respectively, and appellant submitted a reply on October 5, 2012 (dkt. no. 1731).

Bankruptcy Judge Martin Glenn held a hearing on all pre-auction objections on October 10, 2012, at which he heard oral argument on appellant's motion to convert. See Transcript, In re: Residential Capital, LLC, et al., Case No. 12-12020 (Bankr. S.D.N.Y. Oct. 10, 2012) (dkt. no. 1800) ("Tr."). Finding that the motion lacked factual and legal support, failed to establish cause to convert the bankruptcy cases to Chapter 7, and was

therefore frivolous, Judge Glenn denied appellant's motion on the record. See Tr. at 100:5-15; see also Order Denying Motion of Paul N. Papas II to Convert Debtor to Chapter 7 Bankruptcy, In re: Residential Capital, LLC, et al., Case No. 12-12020 (Bankr. S.D.N.Y. Oct. 19, 2012) (dkt. no. 1873) ("Order Denying Motion to Convert") (denying appellant's motion for the reasons stated on the record at the hearing). He further warned appellant that, "[t]o the extent [he] submits any additional filings to renew the motion or seeks similar relief on alternate grounds, he may be subject to sanctions." Order Denying Motion to Convert at 2.

In October 2012, ResCap and the other debtors held an auction for the sale of substantially all of their assets. (Stay Opp. Br. at 4.) Accordingly, the Bankruptcy Court entered two orders on November 21, 2012 (collectively, the "Sale Orders") approving the sale of (1) the debtors' servicing and origination platform to Ocwen Loan Servicing, LLC for $3 billion (the "Ocwen Sale") and (2) the debtors' legacy portfolio to Berkshire Hathaway for $1.5 billion (the "Berkshire Hathaway Sale"). See Orders, In re: Residential Capital, LLC, et al., Case No. 12-12020 (Bankr. S.D.N.Y. Nov. 21, 2012) (dkt. nos. 2246 (approving the Ocwen Sale), 2247 (approving the Berkshire

Hathaway Sale)).  Those sales closed in January and February, 2013. (Show Cause Opp. Br. at 2.)

On November 27, 2012, appellant appealed to this Court from the Bankruptcy Court's Order denying his motion to convert ResCap to Chapter 7, based on the same allegations of ResCap's bad faith representations with respect to its assets. See Notice of Appeal, Papas v. Residential Capital, LLC, 12 Civ. 8606 (NRB) (S.D.N.Y. Nov. 27, 2012) (dkt. no. 1). Appellant also moved to stay the bankruptcy cases pending resolution of his appeal and to rescind any sales of ResCap's assets that had occurred or were scheduled to take place until a full accounting of its assets could be made. Id.

On March 26, 2013, appellant electronically filed a request that appellee show cause, within ten days, why all property of ResCap should not be seized by him and why all assets transferred from ResCap since the filing date should not be reversed and seized by him. See Appellant's Show Cause Request, Papas v. Residential Capital, LLC, 12 Civ. 8606 (NRB) (S.D.N.Y. Mar. 26, 2012) (dkt. no. 12). Appellee filed its opposition to the show cause request on April 9, 2013 (dkt. no. 13).

## DISCUSSION

**I. Motion to Seize Property Belonging to Debtor and to Reverse Transfers of Debtor's Assets**

5

Appellant's show cause request seeks permission to seize all assets belonging to ResCap and to reverse all post-filing date transfers of its assets. (Show Cause Req. at 1.) We begin by noting that it is customary when proceeding by order to show cause to make a direct request to Chambers for either temporary relief or a modified briefing schedule. Here, appellant filed his request electronically and did not follow this Court's individual practice of sending courtesy copies to Chambers. As a result, we were not aware of the request until appellee filed its opposition brief on April 9. However, given that appellant failed to file an affidavit with his request attesting to the need for immediate relief, see Local Rule 6.1(d), we do not believe that the delay in our resolution of it caused any harm. Moreover, while we neglected to address appellant's motion to stay the bankruptcy cases pending resolution of his appeal, appellant's latest motion recognizes that the request for a stay is moot.[2]

---

[2] Despite our failure to recognize that the appeal from Judge Glenn's denial of appellant's motion to convert included a pending application for a stay, had we been aware of the application at the time appellant filed his petition in this Court, we would have denied it because appellant failed to present his request in the Bankruptcy Court in the first instance, as is required by Bankruptcy Rule 8005. Fed. R. Bankr. P. 8005 ("A motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance."); see Zahn Farms v. Keybank of N.Y., 206 B.R. 643, 644 (2d Cir. 1997) (dismissing request for stay without considering the merits because applicants did not comply with Rule 8005 by presenting the request to the bankruptcy judge in the first instance); see also In re Crescenzi, 58 B.R. 141, 142 (S.D.N.Y. 1986) (finding that under Rule 8005, "the district court has the power to stay an order or judgment of the bankruptcy court, or

6

Turning to appellant's request, we find that we lack jurisdiction to rule on it because it does not appeal from any order issued by the Bankruptcy Court. Section 158 of title 28 of the United States Code provides, with respect to bankruptcy matters, that district courts "shall have jurisdiction to hear appeals (1) from final judgments, orders, and decrees; (2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and (3) with leave of the court, from other interlocutory orders and decrees." 28 U.S.C. § 158(a). Appellant's show cause request was made in this Court in the first instance; it was never presented to the Bankruptcy Court, as would have been appropriate,[3] nor does it seek relief

---

other relief pending appeal, as long as such relief was first sought in the bankruptcy court" and noting that "[i]n such circumstances, the authority of the district court is comparable to that of the court of appeals under Rule 8 of the Federal Rules of Appellate Procedure"). Appellant argues that he did not first request a stay in the Bankruptcy Court because Judge Glenn warned him that any further motions based on allegations of ResCap's bad faith would subject him to possible sanctions. (Stay Reply Mem. ¶ 3.) However, we find that argument to be disingenuous, as it suggests that appellant strategically evaded the procedural requirements of Rule 8005, and note that Judge Glenn's warning only confirms our conclusion that we would have denied the request for a stay had we ruled on it timely.

[3] While we do not opine on the merits of appellant's show cause request, we note that a request for the type of relief sought by appellant lies squarely within the Bankruptcy Court's jurisdiction to hear all proceedings that are "core" to a bankruptcy. 28 U.S.C. § 157(b)(1) ("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title."); see id. § 157(b)(2)(A) (defining "core proceeding" to include matters concerning administration of an estate); id. § 157(b)(2)(E) (defining "core proceeding" to include orders to turn over property of the estate); id. § 157(b)(2)(H) (defining "core proceeding" to include proceedings to determine, avoid, or recover fraudulent conveyances);

7

from any interlocutory or final order or decree entered therein. As a result, we conclude that the request lies outside this Court's appellate jurisdiction pursuant to section 158(a) and we dismiss it on that basis.

### II. Appeal from Bankruptcy Court's Denial of Appellant's Motion to Convert ResCap to Chapter 7

With respect to the appeal from Judge Glenn's Order denying appellant's motion to convert the bankruptcy cases to Chapter 7, we deny the petition for substantially the same reasons as did the Bankruptcy Court. See Tr. at 100:6-8, 12-15 (concluding that appellant's papers cited no evidentiary or legal support for conversion and was therefore frivolous); see also Order Denying Motion to Convert at 2. Appellant has never set forth any evidentiary or legal support for his motion to convert, as is required by a movant seeking conversion under section 1112(b) of Chapter 11, nor does he submit additional arguments in support of his appeal to suggest that Judge Glenn abused his discretion in denying the motion. Thus, we are presented with a record devoid of any support for this appeal whatsoever, let alone one that is sufficient to overturn Judge Glenn's ruling. See In re Hampton Hotel Investors, L.P., 270 B.R. 346, 359

---

id. § 157(b)(2)(N) (defining "core proceeding" to include orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate); id. § 157(b)(2)(O) (defining "core proceeding" to include other proceedings affecting the liquidation of the assets of the estate).

(Bankr. S.D.N.Y. 2001) (finding that bankruptcy courts have broad discretion in determining whether cause exists to convert a Chapter 11 bankruptcy, such that bankruptcy court may dismiss a motion to convert for "any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy reorganization process") (internal citation omitted).

We further note that developments in the bankruptcy cases since Judge Glenn denied the motion to convert have only confirmed his conclusion that the motion's allegations of ResCap's bad faith representation of its assets lacked any basis in fact. The purchase agreements approved by Judge Glenn with respect to the Ocwen and Berkshire Hathaway Sales contained representations that ResCap in fact owned the assets it agreed to sell. See Tr. at 97:10-11. To the extent that the purchasers or any other parties had discovered those representations were false, they would likely have objected to the sales. However, not a single party – including appellant – objected to Judge Glenn's Orders approving the sales of substantially all of ResCap's assets. (Show Cause Opp. Br. at 2.) Moreover, the sales closed without incident in January and February of 2013, leading us to conclude that the purchasers

found ResCap's representations of its assets to be sold more than satisfactory. (Id.)

In sum, we find that appellant has not shown any reason, legal or otherwise, to warrant a reversal of Judge Glenn's denial of his motion to convert. We affirm for the reasons stated above and for those referenced in Judge Glenn's Order Denying the Motion to Convert.

## CONCLUSION

For the aforementioned reasons, the motion to seize all assets belonging to ResCap is dismissed for lack of jurisdiction. The appeal from the Order of the Bankruptcy Court denying appellant's motion to convert the bankruptcy cases from Chapter 11 to Chapter 7 is denied. The Clerk of the Court is hereby directed to terminate the motions pending at docket numbers 4 and 12 and to close this case.

**SO ORDERED.**

DATED:    New York, New York
          April 12, 2013

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

10

Copies of the foregoing Order have been mailed on this date to the following:

**Pro Se Appellant**
Paul N. Papas II
4727 E. Bell Road, Suite 45-350
Phoenix, AZ 85032

**Attorneys for Appellee**
Stefan W. Engelhardt, Esq.
Samantha Martin, Esq.
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104