**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER WITH RESPECT TO THE MOTION
OF U.S. BANK NATIONAL ASSOCIATION, AS INDENTURE TRUSTEE,
SEEKING LIMITED DISCOVERY FROM THE DEBTORS AND
RELIEF FROM THE STAY IMPOSED BY THE FHFA ORDER**

This stipulation and order (the "Stipulation and Order") is made and entered into by the debtors and debtors in possession (collectively, the "Debtors") in the above-captioned bankruptcy cases (the "Bankruptcy Cases") on the one hand, and U.S. Bank National Association, as Indenture Trustee, ("U.S. Bank" and together with the Debtors, the "Parties") on the other hand.

**WHEREAS**, on May 14, 2012, the Debtors filed voluntary petitions in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on October 12, 2012, the Court entered the *Memorandum Opinion and Order Denying the Motions of the Federal Housing Finance Agency and Underwriter Defendants to Compel Document Discovery from the Debtors* [Docket No. 1813] (the "FHFA Order");

**WHEREAS**, it is the Debtors' position that the FHFA Order enjoins all third-party discovery directed to the Debtors (the "FHFA Order Injunction");

**WHEREAS**, U.S. Bank is Plaintiff in a case captioned *U.S. Bank National Association v. GreenPoint Mortgage Funding, Inc.* (Index No. 600352/09) (the

1

ny-1089239

"GreenPoint Action") pending before the Honorable Marcy S. Friedman in the New York State Supreme Court, New York County;

WHEREAS, none of the Debtors is a party to the GreenPoint Action;

WHEREAS, on or about January 16, 2013, counsel for U.S. Bank served a third-party subpoena on GMAC Mortgage, LLC (f/k/a GMAC Mortgage Corporation) ("GMACM") in connection with the GreenPoint Action, requesting certain documents, including email correspondence (the "Subpoena"), and in response thereto, on January 18, 2013, GMACM advised U.S. Bank in writing of the FHFA Order Injunction;

WHEREAS, at various times subsequent to the service of the Subpoena, the Parties conferred in an effort to reach a mutually acceptable compromise of U.S. Bank's request seeking limited third-party discovery from the Debtors and relief from the FHFA Order Injunction;

WHEREAS, on or about April 23, 2013, U.S. Bank filed the *Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from the Stay Imposed by the FHFA Order* [Docket No. 3513] (the "Motion");

WHEREAS, among other things, the Motion seeks discovery from the Debtors in accordance with the Subpoena for a period covering September 2005 through September 2006 of documents (including email communication) related to GMACM's alleged participation in the purchase of 30,000 residential mortgage loans (the "Loans") from GreenPoint Mortgage Funding, Inc. ("GreenPoint"), the alleged securitization of those Loans, and the assignment of the Loans into a trust entitled GreenPoint Mortgage Funding Trust 2006-HE1 (the "Discovery Request");

**WHEREAS**, on or about February 15, 2013, GMACM and Ocwen Loan Servicing, LLC ("Ocwen") entered into a sub-servicing agreement pursuant to which Ocwen services certain of the Loans as sub-servicer on behalf of GMACM;

**WHEREAS**, the Parties have conferred in an effort to consensually resolve the Motion and the Discovery Request and have agreed to interim relief from the FHFA Order Injunction, subject to the terms and conditions of this Stipulation and Order.

NOW THEREFORE, the Parties agree and stipulate as follows:

1. Subject to the reservation of rights set forth herein, the FHFA Order Injunction shall be modified for the limited purpose of permitting GMACM to produce to U.S. Bank non-privileged documents, if any, subject to the limitations set forth below, which GMACM believes are responsive to the Subpoena, that the Debtors are able to locate on their network share drive using reasonable diligence (the "Agreed Document Discovery"). Such production shall begin on a rolling basis within two (2) business days' of the Court's entry of this Stipulation and Order and must be completed by the earlier of the Discovery Cut-off Date (defined below) or the date the Debtors advise U.S. Bank that they have completed their production of the Agreed Document Discovery. If the Debtors, working in good faith to produce such documents in compliance with this Stipulation and Order, are unable to complete the production of the Agreed Document Discovery on or before the Discovery Cut-off Date, the Parties may mutually agree to a new Discovery Cut-off Date as described below.

2. The Parties agree that for purposes of this Stipulation and Order, and the production of the Agreed Document Discovery, the Debtors shall conduct a reasonable search for non-privileged documents dated between September 1, 2005 – October 1, 2006

relating to: (i) the securitization of the Trust known as GreenPoint 2006 HE-1 (the "Trust"); (ii) the drafting, negotiation, and execution of the sale agreements, dated as of September 26, 2005 and July 26, 2006, between GreenPoint and GMACM (together, the "Sale Agreements"), pursuant to which U.S. Bank alleges that GreenPoint sold GMACM the Loans; and (iii) GreenPoint's alleged sale of the Loans to GMACM pursuant to the Sale Agreements, which Loans U.S. Bank alleges were ultimately securitized and assigned to the Trust (the foregoing categories of documents collectively, the "Transaction Documents").  The Debtors may limit their search for Transaction Documents to those areas of their network shared drive that are reasonably likely to yield responsive information.

3.  The Parties agree that for purposes of this Stipulation and Order, and the production of the Agreed Document Discovery, U.S. Bank shall not request that Debtors search for or produce documents and files relating to the Loans.  However, U.S. Bank reserves the right to seek production of such documents from GMACM in connection with the Motion, and GMACM reserves the right to object to such request in all respects. U.S. Bank also reserves the right to seek production of such documents from Ocwen, and the Debtors reserve the right to object to such request.

4.  The Parties agree that for purposes of this Stipulation and Order, and the production of the Agreed Document Discovery, the Debtors shall not undertake any specific search for any emails, and their search for Transacton Documents shall be limited to their network share drive.  Any responsive and non-privileged emails that are produced will be those retrieved from the network shared drive search.

ny-1089239

5. The Agreed Document Discovery will be produced as "CONFIDENTIAL" under the Stipulation and Order for the Production and Exchange of Confidential Information, filed June 5, 2012, in the GreenPoint Action.

6. The Parties agree to adjourn the hearing to consider the Motion to the omnibus hearing date scheduled for June 12, 2013 (the "June Hearing"), with any objection to the Motion to be filed on or before June 5, 2013.

7. In the event U.S. Bank elects not to proceed with the adjudication of the Motion, it shall advise the Debtors on or before May 31, 2013, in which case the Parties shall file a notice with Court indicating that the Motion has been resolved and that no further proceedings are required.

8. If the Parties intend to proceed with the adjudication of the Motion, the Debtors shall not be obligated to furnish any additional discovery to U.S. Bank after May 31, 2013 under the terms hereof (the "Discovery Cut-off Date"). The Parties shall inform the Court on or before June 6, 2013 that they intend to proceed with the adjudication of the Motion. If the Debtors are unable to complete production of the Agreed Document Discovery by the Discovery Cut-off Date, or for any other reason, the Parties may mutually agree to further adjourn the hearing on the Motion from time to time, in which case the Discovery Cut-off Date shall be extended to two (2) weeks prior to the date of the adjourned hearing.

9. This Stipulation and Order is without prejudice to any right of (a) U.S. Bank to seek the relief requested in the Motion at the June Hearing, or at any further adjourned date of the Motion, and (b) the Debtors to oppose any such relief at the June

Hearing, or at any further adjourned date of the Motion, in all respects, including the enforcement in all respects of the FHFA Order Injunction.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

11. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

12. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

13. This Stipulation and Order shall be of no force and effect unless and until it is So Ordered by the Court.

[*Remainder of Page Intentionally Left Blank*]

| | |
|---|---|
| Dated: May 20, 2013 | Dated: May 20, 2013 |
| /s/ Norman S. Rosenbaum | /s/ Constance M. Boland |
| Gary S. Lee | Constance M. Boland |
| Norman S. Rosenbaum | Paige Berges |
| Joel C. Haims | Emily Sy |
| MORRISON & FOERSTER LLP | NIXON PEABODY, LLP |
| 1290 Avenue of the Americas | 437 Madison Avenue |
| New York, New York 10104 | New York, NY 10022 |
| Telephone: (212) 468-8000 | Telephone: (212) 940-3122 |
| Facsimile: (212) 468-7900 | Fax: (212) 947-2210 |
| *Counsel for the Debtors and Debtors in Possession* | *Attorneys for U.S. Bank National Association, as Indenture Trustee* |

**IT IS SO ORDERED.**

Dated: May 28, 2013
       New York, New York

                                      **/s/Martin Glenn**
                                      MARTIN GLENN
                      United States Bankruptcy Judge

ny-1089239