ALFREDIA PRUITT
    Creditor pro se

GMAC
RESIDENTIAL CAPITAL, LLC, ET AL.,
    Debtor

**JURY TRIAL DEMANDED**

Case No. 12-12020(MG)

Chapter 11

### MOTION FOR ADVERSARY PROCEEDING

### CAUSE FOR COMPLAINT

**WRONGFUL FORECLOSURE, ASSIGNMENT AND TITLE, VIOLATION OF HOLDER IN DUE COURSE LAW, FRAUD/SLANDER OF TITLE, VIOLATION OF DUTY OF GOOD FAITH AND FAIR DEALING, VIOLATION OF THE DOCTRINE OF PRIVITY, CLAIM FOR LITIGATION FEES AND COSTS AND PUNITIVE DAMAGES. VIOLATION OF BANKRUPTCY LAW, ROBO-SIGNING, INTENTIONAL EMOTIONAL DISTRESS, VIOLATION OF THE UCC(UNIFORM COMMERCIAL CODE), FORECLOSURE AGENT FILE IS DEFECTIVE.**

A. Motion

COMES NOW ALFREDIA PRUITT, Plaintiff in the above-captioned matter, and respectfully files this motion against RESIDENTIAL CAPITAL and GMAC as follows:

B. JURISDICTION AND VENUE

1. Plaintiff, Alfredia Pruitt, is an individual who resides in Gwinnett County, Georgia.

2. Residential Capital( Representing GMAC) is a corporation doing business in El Segundo, CA 90245, address is 2335 Alaska Ave, El Segundo, CA 90245, Attorneys are MORRISSON & FORESTER LLP, 1290 Avenue of the Americas, New York, New York 10104.

(1)



## C. FACTUAL ALLEGATIONS

_____ 3. ALFREDIA PRUITT owned property located at 2360 Hickory Station Circle, Snellville, Georgia 30078.

4. Alfredia Pruitt signed a contract with USAA Federal Savings Bank on August 6, 2006 which was recorded in the office of the clerk of Superior Court of Gwinnett County. (note and warranty Deed Exhibit A), Ms. Pruitt failed to pay the debt and started negotiating the payment with USAA Federal Savings Bank, for a loan modification, all payments were made to USAA Federal Savings Bank, not one to GMAC.

5. There are no assignment recorded in Gwinnett records from USAA Federal Savings to no-one, USAA sent plaintiff a letter stating there are no assignments, the loan is registered to MERS the only recording of an assignment showing is from **MERS(MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.(not a person)to GMAC MORTGAGE signed by JEFFREY STEPHAN A KNOWN ROBO-SIGNER,** there is no seal affixed on the assignment(Exhibit B).

6. GMAC SOLD Plaintiff property on September 7, 2010 @ 10:00 a.m.

7. Plaintiff was in the process of a loan modification, creditors and their attorney were notified and had time to rescind the foreclosure, instead the foreclosure was carried out.

(B). Plaintiff filed a chapter 13 case in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 11-52442-mgd.(Exhibit C) on September 7, 2010 at 8:32 a.m. before the 10:00 a.m. sale, creditors were notified and they willfully violated the automatic stay.

(2)

(C) **Code 11 U.S.C. 362; the stay begins at the moment the bankruptcy petition is filed.**

**(D) GMAC VIOLATED THE AUTOMATIC STAY, DID NOT RESTART FORECLOSURE PRECEEDING nor ADVERTISEMENT OF THE FORECLOSURE SALE.**

**(E) BANKRUPTCY CASE WAS DISMISSED ON 11/17/2010**

**(F) CREDITORS DID NOT START FORECLOSURE OVER FROM THE SEPTEMBER 7 2010 8:32A.M. BANKRUPTCY FILING, THEY CONTINUED BANKRUPTCY VIOLATION WITH FORECLOSURE AND EVICTION.**

8. On September 21, 2010, after foreclosure Plaintiff received a letter offering assistance, Plaintiff called to try and stay in her home and asked how can they just foreclose, and evict her, ignoring the automatic stay that was filed prior to the 10:00 a.m. sale.

9. On September 23, 2010, McCurdy Candler whom represent GMAC sent Plaintiff a letter, **ACKNOWLEDGING THE BANKRUPTCY FILING,** offering assistance, the attorneys (McCurdy Candler), nor GMAC rescinded the foreclosure, knowing there was an automatic stay in affect, and they had enough time to rescind the foreclosure and start foreclosure procedure over if needed, they were aware of a workout being in process while ignoring the bankruptcy filing, the attorney nor GMAC wanted to hear nothing at all in reference to my bankruptcy filing.

10. On October 10, 2010 Plaintiff appealed the foreclosure eviction.

11. On October 01, 2010(after sale date) Plaintiff received a letter from USAA federal mortgage stating they service my loan, my account is in review for another workout.

12. On December 17, 2010, Plaintiff received a letter **from USAA FEDERAL SAVINGS BANK STATING THE OWNER OF HER LOAN WAS FANNIE MAE and USAA FEDERAL SAVINGS BANK is currently servicing my account, nothing was mentioned of GMAC.**

____13. On March 28, 2011 Alfredia Pruitt received a letter from USAA FEDERAL SAVINGS BANK STATING THERE ARE NO ASSIGNMENTS, GMAC IS currently servicing the account on behalf of USAA FEDERAL SAVINGS BANK, however and all inquiries should be directed to our office.

14. On November 4, 2010, USAA Federal sent Plaintiff a letter stating they are servicing my loan.

15. On November 1, 2010 after receiving notice of bankruptcy filing and acknowledgement of the filing, McCurdy Candler(GMAC attorney continued foreclosure and eviction actions.

16. November 5, 2010, Plaintiff filed a dispossessory proceeding.

15. On December 1, 2010 the lower court ruled in favor of GMAC and Federal National Mortgage to evict Plaintiff from her home.

16. Subsequently, Plaintiff filed a lawsuit and appeal against the Defendants for unlawful foreclosure on December 6, 2010.

(4)

17. Plaintiff was required to pay $5500.00 into the court registry until case was heard, Ms Pruitt was unable to pay required amount, therefore the case wasn't heard.

### D. CAUSE OF ACTION(UNLAWFUL FORECLOSURE)

18. Cause of action against Residential Capital and GMAC is because GMAC illegal foreclosed on my property while being protected under bankruptcy law **Code 11 U.S.C. 362; STATES THE STAY BEGINS AT THE MOMENT THE BANKRUPTCY PETITION IS FILED** creditors and their attorneys were aware of the filing and did absolutely nothing to rescind the foreclosure, Plaintiff and her family was put out on the streets. After the September 7, 2010 8:32a.m. bankruptcy filing, creditors and their attorney being notified, the foreclosure was not rescinded nor foreclosure proceeding started over.

19. GMAC and their attorneys filed a **SPECIAL WARRANTY DEED**, Plaintiff was protected under bankruptcy, **case wasn't dismissed** until November 17, 2010, 2011. GMAC and Federal National Mortgage attorneys requested that the court reopen the instant proceedings, and allow them to execute the writ of possession.

20. Plaintiff requested information from GMAC, MERS Mortgage Electronic Registration to prove that the person signing all affidavits for foreclosure had personal knowledge of the information contained in the affidavit.

21. In addition, Plaintiff requested that the GMAC, MERS and their attorney provide evidence of the true legal holder of the note.

22. GMAC, MERS, or no others involved in Plaintiff eviction and foreclosure has produced ownership of the **SECURED INSTRUMENT.**

23. GMAC has not provided any evidence it owns or has the right to enforce the promissory note secured by the property, GMAC had no standing to foreclose on Plaintiff property, GMAC did not, does not hold the **Secured Instrument** even though GMAC and their attorney **Willfully** ignored the automatic stay and foreclosed on Plaintiff property.

24. GMAC were not the "**HOLDER IN DUE COURSE**".

25. GMAC nor MERS(Mortgage Electronic Registration) had standings to foreclose on property at 2360 Hickory Station Ci., Snellville, GA. 30078.

26. The note was sold and left the Deed of Trust behind(bifurcated), Carpenter v. Longan, 83 U.S.271, 274, 21 L.ED. 313 (1872) states: The note and mortgage are inseparable; the former as essential, the latter as an incident. An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a **Nullity. There was no Assignment.**

27. On August 6, 2010 plaintiff received notice of foreclosure sale.

28. Only a Secured Creditor has a right to conduct a non-judicial foreclosure sale in the state of Georgia OCGA 44-14-162. GMAC was not the Secured Creditor.

29. Plaintiff filed a **REQUEST TO WITHDRAW PROOF OF CLAIM** on October 2, 2012, Proof of claim was withdrawn, in a lift of stay hearing in the Southern District of New York Bankruptcy Court, the judge allowed Plaintiff Proof of Claim to be filed after the Bar Date.

30. **Georgia is a non-judicial state, the required documents to show who has**

(6)

**standing to foreclose in Georgia is not needed, the courts base their granting of a foreclosure on the attorneys Oath(honesty), GMAC not only ignored the bankruptcy filings, they does not hold the "Secured Instrument",(Mortgage Note).**

31. **All** mortgage **payments were made to USAA Federal** Savings not one payment made to GMAC, GMAC never mailed one collection notice, nor made a collection call, **NEVER.**

32.. **Under the Contract of the deed of trust and Civil Code Statue, only the lender**

**or the Holder may initiate a foreclosing proceeding, who is entitled to the payment, GMAC was not the lender nor Holder of the note, nor entitled to the payments.**

33.. MERS had no authority to assign Plaintiff home to GMAC because the owner is unknown. Even if GMAC was collecting payments it cannot show USAA Federal Savings is still the Holder of the Secured Instrument.

*Only the Servicing agent may have standing if acting as an agent for the Holder assuming that the agent can both show agency status and the principle is the holder, e.g. re*

*Vargas 396 B.R. (Banker, C.D.Cal.2008)at 520. If the owner is unknown MERS cannot*

*show that it is an authorized agent of the owner. The servicing agent must show that the last entity to communicate instructions to the debtor is still holder of the note HSBC*

*Bank, N.A. v Valetin, 21 N.Y.Mis.3d1123(A), 2008 WL4764816(Table)(n.Y.Sup.), Nov.3, 2008.    USAA Federasl Savings states they sold the mortgage in question*

(7)

*before any foreclosure.*

34. USAA Federal Savings bank never assigned the note.

35. USAA Federal Savings bank sent a letter to Plaintiff stating they were the servicer.

### Cause of action

36. **GMAC operated in bad faith** by not verifying the assignment and submitting into the Gwinnett County Real Estate Record a document signed by Jeffrey Stephan a known robo-signer, and has admitted in a sworn deposition he did not sign documents in front of a notary, he would later sign.

37. **Irregularity in the conduct of an auction:** ON September 7, 2010 chapter 13 was filed, wasn't dismissed until November 17, 2010, title 44 Chapter 14 Section 162(44-14-162) states, no sale of real estate under powers contained in mortgages, deeds, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriffs sales in the county which such real estate or part there of is located and unless notice of the sale shall have been given as required by code section 44-14-162.2. McCurdy and Candler(GMAC attorneys) foreclosure sale notice was not in accordance with notice provisions involving foreclosure proceedings as required under Georgia Law specifically. O.C.G.A. 44-14-162.2(the property was never readvertisied after the bankruptcy filing nor any notices sent out). in order for Plaintiff to have her wrongful foreclosure case heard in a lower court and jurisdiction.

( B) GMAC violated the law in reference to the Doctrine of Privity of contract that requires only parties to a contract may bring suit to enforce it (A) a party may assign to another a contractual right to collect payment, including the right to sue to enforce the right, but the assignment must be in writing in order for the contractual right to be enforceable by the assignee, further the writing must identify the assignor and assignee. [Cit] Scott v. Cushman & Wakefield of Ga., Inc. App. 264, 265 (547 SE 2d 794) (2001); OCGA 9-2-10.

38. GMAC listed Plaintiff as the **Debtor** when they filed a lift of stay in

(8)

**plaintiff bankruptcy filing.**

**39. GMAC listed Plaintiff as <u>Creditor</u> in GMAC chapter 11 bankruptcy filing.**

**40. At the time of foreclosure it was unknown who held and owned the actual "wet ink", original promissory note.**

**41. There are no assignments recorded in the Gwinnett County Records.**

**42. GMAC is not the Holder in Due Course, GMAC was not assigned the right to receive debt payments.**

**Improper Mortgage Securitization, A Special Rule of UCC(Uniform Commercial Code) implies that a Holder of a mortgage note must be a Holder in Due Course,.**

**43. Plaintiff made all payments to USAA Federal Savings Bank.**

**44. GMAC does not have the original loan documents.**

**45. USAA Federal Savings bank sold the mortgage in question before any foreclosure action took place(not to GMAC, nor did USAA Federal Savings assign the mortgage to GMAC.**

**46. It will take <u>Discovery, Depositions</u> and a <u>Trial</u> to clarify these abnormalities.**

**47. It is unknown who USAA Federal sold the loan to.**

**48. Plaintiff is included in GMAC chapter 11 bankruptcy referenced their creditor**

(9)

49. Plaintiff is informed and believes that GMAC cannot produce an original note(USAA Federal Savings states there are no assignments.

50. GMAC does not own the loan and cannot identify the owner of the loan.

52. Accorning to Plaintiff Deed of Trust the lender is USAA Federal Savings bank.

### Cause of Action

53. Violation of the Doctrine of Privity, GMAC did not have a contractual right to collect payments, nor the right to sue to enforce the right.

> *Doctrine of Privity staes: an assignment must be in writing in*
>
> *Order for the contractual right to be enforceable by the assignee,*
>
> *Further the writing must identify the assignor and assignee.*
>
> *[Cit]Scott v. Cushman & Wakefield of Ga.Inc. App.264, 265*
>
> *9547 SE 2d 794) (2001); )OCGA 9-2-10*

55. There is no documentation GMAC had a right to foreclose.

56. GMAC violated the UCC( uniform Commercial Code) because GMAC did not possess the properly-negotiated original promissory note.

    (a) UCC(Uniform Commercial Code) forbids foreclosure of the mortgage unless the creditor(posesses the properly-negotiated original promissory note. If this can't be done the foreclosure is void.
    (b) GMAC cannot produce the original promissory note, the note has been securitized and sold to unknown entities.

57. GMAC listed plaintiff as their creditor because they knew they wrongfully foreclosed on plaintiff property and owed her money for wrongfully foreclosing.

(~~12~~)

58. Plaintiff file is defective, there is no Recorded assignments, or contracts from USAA Federal Savings Bank, giving GMAC the right to foreclose on Plaintiff property.    (10)

## Prayer

My Prayer is the court includes relief for the plaintiff that takes into account the financial burden caused by the Defendants' action, punitive damages, litigation as well as negative infliction of emotional distress, unfair business practices, predatory lending, a jury trial and the amount of 20 million dollars, and the court include relief as it may deem necessary and just.

**Debtor has 30 days from receipt of this complaint to respond.**

Submitted this _twenty-third_ day of _May_ 2013

*Alfredia Pruitt*
Alfredia Pruitt
4574 Creek Forest Ct
Lilburn, GA  30047
Phone(770)-668-3915

(11)

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing pleading upon all parties to this matter by depositing true and correct copy of same in FED-Ex mail, with proper postage prepaid, addressed to counsel of record as follows:

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone:   (212) 468-8000
Facsimile:    (212)468-7900

Gary S. Lee
Todd M. Goren
Alexandra Steinberg Barrage
Jennifer L. Marines

*Counsel for the Debtors and*
*Debtors in Possessions*

United States Bankruptcy Court
One Bowling Green
New York, NY  10004

RESIDENTIAL CAPITAL,LLC, et al
2335 Alaska Ave.
El Segundo, CA  90245

This twenty- third day of May 2013

ALFREDIA PRUITT
4574 Creek Forest Ct
Lilburn, GA  30047
Phone(770)-668-3915

12
(14)