**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | Case No.: 12-12020 (MG) |
| ) |  |
| RESIDENTIAL CAPITAL LLC, et al., ) | Chapter 11 |
| ) |  |
| Debtors. ) | Jointly Administered |
| ) |  |

**ORDER UNDER SECTION 327(e) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 2014(a), AND LOCAL RULE 2014-1
AUTHORIZING THE EMPLOYMENT AND RETENTION OF
PERKINS COIE LLP AS SPECIAL INSURANCE COVERAGE
COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MARCH 20, 2013**

Upon the application (the "**Application**")[5] of the Debtors for entry of an order, under Bankruptcy Code section 327(e), Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing, but not directing, the Debtors to employ and retain Perkins Coie as Special Insurance Coverage Counsel ("**Special Counsel**") to the Debtors, *nunc pro tunc* to March 20, 2013, all as more fully described in the Application; and upon consideration of the Linde Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue in these Chapter 11 cases and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Application is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Application having been given under the circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested in the Application is in

---

[5] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

the best interests of the Debtors' estates, their creditors and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefore, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Application is GRANTED as set forth herein.

2. In accordance with section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, the Debtors are authorized to employ and retain Perkins Coie as Special Counsel to the Debtors on the terms set forth in the Application and the Linde Declaration.

3. As Special Counsel to the Debtors, Perkins Coie is authorized to provide the following services in connection with the Debtors' cases: (i) investigate, analyze and recover insurance coverage proceeds under any directors & officers liability, management liability, professional (errors & omissions) liability, fiduciary liability insurance policies, or any other applicable policies under which the Debtors were insured; (ii) negotiate with and, if necessary, litigate against, insurance companies that provided liability insurance to the Debtors and/or the parties who procured such insurance on the Debtors behalf, including AFI; and (iii) any other related work as requested by the Debtors insofar as it relates to (i) or (ii).  Perkins Coie shall remain authorized to continue to provide any previously approved OCP Services to Debtors.

4. Perkins Coie shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 cases.

5. Perkins Coie will coordinate with Morrison & Foerster to create and utilize task codes assigned by Morrison & Foerster for the matters which Perkins Coie

will be handling in an effort to assist the Court and other parties in interest in monitoring any duplication of efforts.

6. If the Debtors request that Perkins Coie provide additional advice on matters substantially associated with the subject matter of Perkins Coie's retention but not specifically enumerated herein, in the Application or in the Linde Declaration, Perkins Coie shall advise the U.S. Trustee and the Creditors' Committee to the extent possible of such additional matters, recognizing that such professional must protect attorney-client and other privileges.

7. Such other services as may be requested by the Debtors and agreed to by Perkins Coie shall be subject to separate approval by Court order.

8. Perkins Coie shall apply for compensation and reimbursement of expenses incurred in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules and Local Rules as may then be applicable from time to time, the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses, and any additional procedures that may be established by order of this Court. For the avoidance of doubt, Perkins Coie is authorized to seek compensation and reimbursement of expenses incurred in connection with the OCP Services in fee applications submitted to this Court for approval.

9. Prior to any increases in Perkins Coie's rates, as set forth in paragraph 36 of the Application, Perkins Coie shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state

whether Perkins Coie's client has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

10. The Debtors are authorized, empowered and directed to take all actions necessary to implement the relief granted pursuant to this Order.

11. To the extent there may be any inconsistency between the terms of the Application, the Linde Declaration and this Order, the terms of this Order shall govern.

12. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: May 31, 2013
      New York, New York

                                      **_/s/Martin Glenn_**
                                      MARTIN GLENN
                              United States Bankruptcy Judge