MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER BETWEEN THE
DEBTORS AND MORTGAGEIT, INC. APPROVING SETTLEMENT AGREEMENT
AND AUTHORIZING DEBTORS' PERFORMANCE THEREUNDER**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed *Stipulation and Order Between the Debtors and MortgageIT, Inc. Approving Settlement Agreement and Authorizing Debtors' Performance Thereunder* (the "**Stipulation and Order**"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **June 11, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **June 10, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Esq., Norman S. Rosenbaum, Esq. and Meryl L. Rothchild, Esq.); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Esq. Linda A. Riffkin, Esq. and Brian S. Masumoto, Esq.); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr. , Esq.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri, Esq.); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein, Esq. & Greg Horowitz, Esq.); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco, Esq. and Adam Lesman, Esq.); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper, Esq. and Seth Goldman, Esq.); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) counsel to MortgageIT, Inc., Steven Wilamowsky, Esq., 88-18 Sutphin Boulevard, 1st Floor, Jamaica, NY 11435.

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and Order are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: June 4, 2013
      New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER BETWEEN THE DEBTORS AND
MORTGAGEIT, INC. APPROVING SETTLEMENT AGREEMENT AND
AUTHORIZING DEBTORS' PERFORMANCE THEREUNDER**

Subject to the approval of the Court, this stipulation and order (the "**Stipulation and Order**") is made and entered into on June 4, 2013 by, between, and among Residential Funding Company, LLC ("**RFC**" and together with the debtors and debtors in possession in the above-captioned bankruptcy case, the "**Debtors**") and MortgageIT, Inc. ("**MortgageIT**" and together with RFC, the "**Parties**" and each, a "**Party**").

WHEREAS RFC was formerly engaged, among other things, in the business of purchasing residential mortgage loans;

WHEREAS MortgageIT was previously engaged, among other things, in the business of originating, processing, underwriting, closing and selling residential mortgage loans;

WHEREAS MortgageIT and RFC are parties to a Client Contract dated July 28, 2003 (the "**Contract**"), which sets forth the terms and conditions for sales to RFC of residential mortgage loans originated by MortgageIT;

WHEREAS prior to the Petition Date (defined below) RFC alleged that MortgageIT defaulted under the terms of the Contract, including, among other things, by breaching one or more representations and warranties related to the sale of three loans (the

ny-1085038

"**Subject Loans**") to RFC and requested that MortgageIT repurchase or make RFC whole for losses related to the Subject Loans pursuant to the Contract (the "**Repurchase Claim**");

WHEREAS prior to the Petition Date, MortgageIT disputed RFC's Repurchase Claim pursuant to the Contract;

WHEREAS prior to the Petition Date, RFC and MortgageIT negotiated a settlement with respect to the Repurchase Claim, the terms of which were memorialized in that certain Settlement Agreement among RFC, MortgageIT and Ally Bank dated as of May 9, 2012 (the "**Settlement Agreement**"), a copy of which is annexed hereto as Exhibit A[1];

WHEREAS pursuant to the Settlement Agreement, MortgageIT agreed to pay RFC $200,000.00 in settlement of RFC's Repurchase Claim in one lump sum payment on or before May 11, 2012 (the "**Settlement Payment**");

WHEREAS the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on May 14, 2012 (the "**Petition Date**");

WHEREAS on the Petition Date, the Court entered an order jointly administering the chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. Since the Petition Date, the Debtors have operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, as of the date hereof, MortgageIT has not made the Settlement Payment;

WHEREAS, on January 22, 2013, RFC commenced an action against MortgageIT in the United States District Court for the District of Minnesota, styled as <u>Residential Funding</u>

---

[1] Appropriate redactions have been made to Settlement Agreement and Exhibit A thereto has not been included in order to protect borrower information.

2

ny-1085038

Company, LLC v. MortgageIT, Inc., Case No. 0:13-cv-00189-PAM-SER, seeking to compel MortgageIT's performance under the Settlement Agreement (the "**Minnesota Action**");

WHEREAS, MortgageIT contends that as a consequence of the commencement of the bankruptcy cases RFC may be unauthorized to consummate the Settlement Agreement without an Order of the Court; and

WHEREAS, the Parties have conferred and MortgageIT is prepared to make the Settlement Payment subject to the terms and conditions of this Stipulation and Order.

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1. Pursuant to section 363(b) of the Bankruptcy Code, to the extent necessary, the Debtors are hereby authorized to enter into in this Stipulation and Order and to perform their obligations thereunder.

2. MortgageIT shall pay $200,000.00 to RFC in immediately available funds within seven (7) business days of entry of this Stipulation and Order, in accordance with wire instructions to be provided separately to MortgageIT by the Debtors.

3. RFC shall file a notice of dismissal of the Minnesota Action within three (3) business days of receipt of the Settlement Payment.

4. Upon the payment of the Settlement Amount (as defined in the Settlement Agreement) by MortgageIT, and dismissal of the Minnesota Action, each in accordance with the terms hereof, the limited releases provided for under the Settlement Agreement shall be in full force and effect.

5. This Stipulation and Order does not release: (a) claims arising out of the failure of either Party to perform in conformity with the terms of this Stipulation and Order, or

(b) any future disputes between any of the Debtors and MortgageIT, including their respective successors and assigns, which arise out of or relate to the Contract and unrelated to the Subject Loans.

6. The Stipulation and Order constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersede all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of the Stipulation and Order.

7. Except as specifically provided for herein, the Parties reserve all rights and defenses they may have in the above-captioned cases, and entry into this Stipulation and Order shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

8. This Stipulation and Order shall not become effective unless and until it is entered by the Court.

9. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

10. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

11. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one instrument.

12. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

Dated: June 4, 2013

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

Dated: June 4, 2013

/s/ Steven Wilamowsky
Steven Wilamowsky
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 705-7960
Facsimile: (212) 702-3607

*Counsel for MortgageIT, Inc.*

**IT IS SO ORDERED**

Dated: _____, 2013
       New York, New York

_____
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE