UNITED STATES DISTRICT BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No.: 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | |
| | ) | |
| Debtors. | ) | |

### INTERESTED PARTY'S MOTION FOR LEAVE TO FILE OBJECTION AND FOR CLARIFICATION AND ENFORCEMENT OF INTERIM RELIEF

**TO THE HONORABLE JUDGE GLENN,**

**UNITED STATES BANKRUPTCY JUDGE**

GMAC Mortgage LLC, has sought stay relief from this Honorable Court on all pending foreclosure proceedings it had, as the creditor, and Court granted same. The party now seeking leave to file her Motion for Relief from Stay in this case, is an "Interested Party" who has been actively litigating as a defendant, a foreclosure action at the Eleventh Circuit Judicial Court of Florida, which was filed by the debtor, GMAC Mortgage, LLC, on December 4, 2008, Case No. 13-2008-CA-074998 Sec 59, and which granted a final judgment as to attorney's fees and costs in that case. Marcia Navarro falls under the "Exception" to the Stay under this Court's Order dated July 13, 2012, and as a result she now needs clarification as to that Order.

## PRODECURAL HISTORY

1. On or about, December 4, 2008, GMAC, Mortgage, LLC, filed a foreclosure complaint against Defendant MARCIA NAVARRO (See Docket attached as Exhibit A), which was assigned case No. 13-20008-CA-074998 Sec 59.

2. On or about December 29, 2008, through the undersigned counsel on behalf of the Defendant, MARCIA NAVARRO filed her Answer and Affirmative Defenses, which among other defenses, asserted her rights as to attorney fees under §57.105(7) as stipulated in the Mortgage Contract's paragraph 24. Specifically, pursuant to Florida Law, §57.105(7) which states as follows:

"If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988."

3. Pursuant to Paragraph 24 of the mortgage contract and to Fla. Stat. Section 57.105(7), the Defendants are entitled to attorney's fees if they prevailed in a foreclosure action.

4. The State foreclosure action was actively litigated until, on or about, March 2, 2011, the 11th Judicial Circuit in Miami-Dade County, generated an Order setting Non-Jury Trial for April 4, 2011.

5. On or about April 4, 2011, this Honorable Court entered an Order of Dismissal and Release of Lis Pendens in that action.

6. As a result, on or about, April 13, 2011, the undersigned served Plaintiff's Counsel with its Motion for Entitlement of Attorney Fees and filed same with the Clerk.

7. On or about, May 14, 2012, Plaintiff filed Bankruptcy and failed to include and name Defendant MARCIA NAVARRO, as one of their creditors and failed to file a stay with the foreclosure action in question.

8. On or about June 12, 2012, this Honorable Court granted Defendant's Motion For Entitlement of Attorney Fees at a hearing which Plaintiff's Counsel attended, and failed to disclose that there was a bankruptcy stay.

9. On January 15, 2013, Honorable Judge Victoria Platzer, signed and entered a Scheduling Order, and electronically mailed it back to the service list, which included Plaintiff's counsel.

10. On or about, February 1, 2013, a Final Judgment awarding Attorney's Fees and Cost of $25,870.00 was entered by this Honorable Court.

11. On or about March 19, 2013, Plaintiff filed their objection and Motion To Vacate said final judgment as to attorney fees and costs. This filed motion has a lapse of time of approximately 6 weeks after the Final Judgment was entered and which they were properly served with and given due notice.

12. As a result, the undersigned filed a response in opposition to Plaintiff's motion to vacate as they had no legal basis for setting same aside because Florida rules require such a motion be done within 10 days unless the movant can raise and prove excusable neglect under statute 1.540. Plaintiff's motion does not even go as far as raising any excusable neglect. Hence, it is legally insufficient.

13. It was not until after GMAC's counsel, Albertelli Law received a final judgment on attorney's fees that it for the first time put the Interested Parties and the undersigned counsel on notice that there was a bankruptcy stay, by filing a notice of bankruptcy stay in the State foreclosure action on March 21, 2013.

14. As a result, we now move for this Honorable Court to give us clarification as to the foreclosure proceedings by GMAC Mortgage, LLC and as to all foreclosure proceedings being relieved from said stay when it comes to borrowers defending said foreclosure actions.

15. As GMAC Mortgage, LLC., has now conveniently decided to enforce the stay in a foreclosure proceeding, even though July 13, 2012, FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY

CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019, states said foreclosure actions may proceed.

16. Moreover, Marcia Navarro, falls within the "EXCEPTION" this Honorable Court entered, which is that "(b) absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors, **except** where a monetary claim must be plead in order for an Interested Party to **assert a claim to defend against or otherwise enjoin or preclude a foreclosure** (each a "Mandatory Monetary Claim"); (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction; or (iii) asserted in the form of a class action or collective action"

On or about, June 15, 2012, this Honorable Court entered a Supplemental Order Under the Bankruptcy Code [Docket #391]...and subsequently entered a Final Supplemental Order [Docket #774], Under the Bankruptcy Code sections which reads:

> FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE DEBTORS TO PAY SECURITIZATION TRUSTEE FEES AND EXPENSES
>
> "Upon the Debtor's motion (the "Motion") of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of a supplemental order under Bankruptcy Code sections 105(a), 362, 363, 1107(a) and 1108, and Bankruptcy Rule 9019 (i) authorizing the Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the compromise and settlement of certain claims, litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting limited stay relief to permit (w) borrowers or their tenants, as applicable, to prosecute direct claims and counter-claims in foreclosure and eviction

proceedings (including in states in which non-judicial foreclosure is followed), (x) borrowers to prosecute certain actions in borrower bankruptcy cases, (y) the Debtors to prosecute foreclosure actions in those circumstances where they service senior mortgage loans and own the junior mortgage loans on the underlying property, and (z) third party lien holders to prosecute direct claims and counter-claims in actions involving the amount, validity or priority of liens on properties subject to foreclosure proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee fees and expenses..." In addition, paragraph No. 8. of page 6 and paragraph (f) of page 9 state as follows:"

*"Borrower Foreclosure And Eviction Proceedings*
14. The stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower; and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or is pending, is hereby modified pursuant to the following terms and conditions:

(a) except as set forth herein, **a borrower,** mortgagor, or lienholder (each, an "Interested Party") **shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure**, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment (defined as any judgment where the right to appeal or...

(f) nothing set forth herein shall preclude or limit any Interested Party from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest."

The action in which we seek relief from stay or clarification thereof is a pending foreclosure action (See Docket attached as Exhibit A) that falls under paragraphs No. 14.(a)&(f) and the Defendant in that case is a borrower and a defined "interested party" under said paragraphs. The undersigned attorneys for the debtors in the State Foreclosure action were not aware of this bankruptcy proceeding until a bankruptcy stay was filed in the end of March, 2013. In addition, said stay made no mention of how GMAC, Mortgage, LLC was a part of Residential Capital, LLC's bankruptcy and the undersigned has

had to investigate the matter and has been actively working with the bankruptcy debtor's attorney to

resolve the issue. As a result, Marcia Navarro should be granted Leave to file her Motion and Brief.

**WHEREFORE,** the Moving Party Marcia Navarro respectfully requests that this Honorable Court grant her leave to file her Motion for Relief from Stay as to her judgment fees granted as a Mandatory Monetary Claim under the Exception of the Order of this Court.

/S/ Rosy Aponte FILED CM/ECF

Rosy A. Aponte, Esq.
Counsel for the Marcia Navarro
4182 SW 74th Court
Miami, Fl. 33155
(305) 753-9600

### CERTIFICATE PURSUANT TO
### LOCAL RULE 9078-1 and 45(d)

I HEREBY CERTIFY that I am Admitted to the Bar of the United States
District Court for the Southern District of Florida and I am in compliance with the
additional qualifications to practice in this Court set Forth in Local Rule 2090-1(A)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have an Order granting Admission To Practice, Pro Hac Vice, by this Court [Doc 3820] and I am admitted to the Bar of the United States District Court for the Southern District of Florida an d I am in compliance with the additional qualifications to practice in this Court. I HRERBY CERTIFY that this Motion was served electronically with the Court and served on all parties entitled to service of notice of this case by filing said pleadings with this Court's CM/ECF system.

/S/ Rosy A. Aponte
Rosy A. Aponte, Esq.
(305) 753-9600  / a2aponte@aol.com