UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 1 1 |
| | ) | |
| Debtors. | ) | |

**INTERESTED PARTY'S OBJECTION TO DEBTORS' MOTION [Docket No. 1] PURSUANT TO SECTION 362(a) OF THE BANKRUPTCY CODE FOR ENFORCEMENT OF THE AUTOMATIC STAY; AND INTERESTED PARTY'S MOTION FOR CLARYFICATION AND ENFORCEMENT OF INTERIM RELIEF PURSUANT TO THE JULY 13, 2012 FINAL SUPPLEMENTAL ORDER FOR INTERIM RELIEF UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a) AND RULE 9019**

TO THE HONORABLE JUDGE GLENN, UNITED
STATES BANKRUPTCY JUDGE:

Interested Parties, Marcia Navarro and La Ley Con John H Ruiz, P.A. (collectively, the "'Interested Parties"), by and through their undersigned counsel, hereby submit this Objection to Debtor's Motion set for hearing June 12, 2013, at 10:00 a.m. and Motion (the "Motion") pursuant to this Court's July 13, 2012 Order [Docket No. 774] seeking entry of an order, substantially in the form annexed hereto as **Exhibit 1** (the "Order"), denying Debtor's Motion For Automatic Stay and enforcing the exception relief stipulated in its July 13, 2012 Order with respect to the foreclosure action captioned *GMAC Mortgage, LLC v. Marcia Navarro, et al.* (Case No. 13-2008-CA-74998) (the "Navarro Foreclosure Action"), currently pending in the Circuit Court of the Eleventh Judicial Circuit and for Miami-Dade County, in the State of Florida (the "State Court"). In support of the Motion, the Debtors rely on the Declaration of Rosy A. Aponte, dated June 3, 2013 (the "Aponte

Declaration"), annexed hereto as <u>Exhibit 2.</u> In further support thereof, the Interested Parties respectfully state as follows:

## INTRODUCTION

1. By this Motion, the Interested Parties request the entry of an order enforcing the Exception to the Stay as provided in this Court's July 13, 2012 Order [Docket No. 774] with respect to certain monetary claims arising in connection with the Navarro Foreclosure Action. This relief is necessary to prevent the Debtor from imposing a Stay in the to debtor's foreclosure proceedings where the Debtor and "Interested Parties" were given an interim relief from the stay in the above referenced Order, specifically in Page 9, Paragraph 14(b), the "EXCEPTION" this Honorable Court entered, which states: "(b) absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors, **except where a monetary claim must be plead in order for an Interested Party to a assert a claim to defend against or otherwise enjoin or preclude a foreclosure** (each a "Mandatory Monetary Claim"); (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction; or (iii) asserted in the form of a class action or collective action."

2. In December 2008, Debtor GMAC Mortgage, LLC ("GMACM") initiated the Navarro Foreclosure Action against Ms. Navarro ("Navarro"). The State Court dismissed the Navarro Foreclosure Action without prejudice on April 2011, and that same month, Navarro filed a motion seeking an award of attorneys' fees as the prevailing party in the Navarro Foreclosure

Action under applicable Florida law (the "Attorneys' Fees"). Pursuant to Florida Case Law and Statutes, and the Mortgage Contract for the subject real property in the Foreclosure action, the Court entered an order of entitlement to attorney fees and costs and subsequently granted a final judgment for same in the amount of $25,870.00,

3.   Based on this Court's Final Supplemental Order on July 13, 2012 [Docket No. 774] referenced above, the Interested Parties believe that the Final Supplemental Order (further defined below) provides relief from the automatic stay to pursue the Attorneys' Fees that resulted from defending the foreclosure action. The Attorney Fees entitlement was granted on June 12, 2012, after the filing of this Bankruptcy petition. Therefore, the Attorneys' Fees are not pre-petition claims, and were not required to be asserted through the filing of a timely proof of claim. Neither Navarro nor Ruiz received proper timely notice of the Bar Date, and even if they did, their claim falls under the exception provided by this Court in Court's Final Supplemental Order on July 13, 2012 [Docket No. 774]. Accordingly, the assertion of claims against the Debtors for the Attorneys' Fees are NOT barred as a matter of law, and the Navarro Parties are entitled to stay relief to pursue them.

4.   As a result, the Interested Parties' now seek entry of an order by this Court enforcing the relief from the automatic stay and pursuant to the terms of the Final Supplemental Order with respect to the Attorneys' Fees.

## JURISDICTION AND VENUE

5.   This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28. U.S.C. § 157(b).

6.   Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## PRODECURAL HISTORY

7. On or about, December 4, 2008, GMAC, Mortgage, LLC, filed a foreclosure complaint against Defendant MARCIA NAVARRO (See Docket attached ad Exhibit A), which was assigned case No. 13-20008-CA-074998 Sec 59.

8. On or about December 29, 2008, through the undersigned counsel on behalf of the Defendant, MARCIA NAVARRO, filed her Answer and Affirmative Defense, which among other defenses, asserted her rights as to attorney fees under 57.105(7) as stipulated in the Mortgage Contract's paragraph 24. Specifically, pursuant to Florida Law, 57.105(7) which states as follows:

> "If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This subsection applies to any contract entered into on or after October 1, 1988."

9. Pursuant to Paragraph 24 of the mortgage contract and to Fla. Stat. Section 57.105(7), the Defendants are entitled to attorney's fees if they prevailed in a foreclosure action.

10. The State foreclosure action was actively litigated until, on or about, March 2, 2011, the 11th Judicial Circuit in Miami-Dade County, generated an Order setting Non-Jury Trial for April 4, 2011.

11. On or about April 4, 2011, the State Court entered an Order of Dismissal and Releasing of Lis Pendens in this instant action.

12. As a result, on or about, April 13, 2011, the undersigned served Plaintiff's Counsel with its Motion for Entitlement of Attorney Fees and filed same with the Clerk.

13. On or about, May 14, 2012, Plaintiff filed Bankruptcy and failed to include and name Defendant MARCIA NAVARRO, as one of their creditors and failed to file a stay with the foreclosure action in question.

14. On or about June 12, 2012, the State Court granted Defendant's Motion For Entitlement of Attorney Fees, which Plaintiff's Counsel attended and failed to disclose that there was a bankruptcy stay.

15. On January 15, 2013, Honorable Judge Victoria Platzer, signed and entered a Scheduling Order, and electronic mailed it back to the service list, which included Plaintiff's counsel.

16. On or about, February 1, 2013, an Judgment Order awarding Attorney's Fees and Cost of $25,870.00 was entered by the State Court.

17. On or about March 19, 2013, Plaintiff filed their objection and Motion To Vacate said final judgment as to attorney fees and costs. This filed motion has a lapse of time of approximately 6 weeks after the Final Judgment was entered and which they were properly served with and given due notice.

18. As a result, the undersigned filed a response in opposition to Plaintiff's motion to vacate as they had no legal basis for setting same aside because Florida rules require such a motion be done within 10 days unless the movant can raise and prove excusable neglect under statute of 1.540. Plaintiff's motion does not even go as far as raising any excusable neglect.

Hence, it is legally insufficient. Moreover, their motion never made any mention of bankruptcy stay.

19. After Defendant's served the Plaintiff's with the Response in Opposition, suddenly the Plaintiff's selective amnesia cleared and on or about March 21, 2013, Plaintiff filed a Notice of filing of Bankruptcy Stay before the Honorable State Court for the first time.

20. As a result, we now move for this Honorable Court to give us clarification as to the foreclosure proceedings by GMAC Mortgage, LLC and as to all foreclosure proceedings being relieved from said stay when it comes to borrowers defending said foreclosure actions.

21. As GMAC Mortgage, LLC., has now conveniently decided to enforce the stay in a foreclosure proceeding, even though July 13, 2012, FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019, states said foreclosure actions may proceed.

22. Moreover, Marcia Navarro, falls within the "EXCEPTION" this Honorable Court entered, which is that "(b) absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors, **except where a monetary claim must be plead in order for an Interested Party to a assert a claim to defend against or otherwise enjoin or preclude a foreclosure** (each a "Mandatory Monetary Claim"); (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction; or (iii) asserted in the form of a class action or collective action."

## THIS HONORABLE COURT HAS ORDERED THERE IS AN EXCEPTION TO THE STAY UNDER ANY FORECLOSURE ACTIONS BY GMAC MORTGAGE, LLC AND MARCIA NAVARRO FALLS WITHIN THAT EXCEPTION

GMAC Mortgage LLC, has sought stay relief from this Honorable Court on all pending foreclosure proceedings it had as the Plaintiff. The party seeking relief in this case has been actively litigating as a defendant, a foreclosure action at the Eleventh Circuit Judicial Court of Florida, which was filed by the debtor, GMAC Mortgage, LLC, on December 4, 2008.

On or about, June 15, 2012, the State Court entered a Supplemental Order Under the Bankruptcy Code [Docket #391]...and subsequently entered a Final Supplemental Order [Docket #774], on July 13, 2012, Under the Bankruptcy Code sections which reads:

> FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE DEBTORS TO PAY SECURITIZATION TRUSTEE FEES AND EXPENSES

"Upon the Debtor's motion (the "Motion") of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of a supplemental order under Bankruptcy Code sections 105(a), 362, 363, 1107(a) and 1108, and Bankruptcy Rule 9019 (i) authorizing the Debtors to continue implementing loss mitigation programs; (ii) approving procedures for the compromise and settlement of certain claims, litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting limited stay relief to permit (w) borrowers or their tenants, as applicable, to

prosecute direct claims and counter-claims in foreclosure and eviction proceedings (including in states in which non-judicial foreclosure is followed), (x) borrowers to prosecute certain actions in borrower bankruptcy cases, (y) the Debtors to prosecute foreclosure actions in those circumstances where they service senior mortgage loans and own the junior mortgage loans on the underlying property, and (z) third party lien holders to prosecute direct claims and counter-claims in actions involving the amount, validity or priority of liens on properties subject to foreclosure proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee fees and expenses…" In addition, paragraph No. 8. of page 6 and paragraph (f) of page 9 state as follows:"

"…8. Notwithstanding anything to the contrary contained herein, this Order shall not affect, impair, impede or otherwise alter the right of the Debtors to resolve any prepetition or post-petition controversy arising in the ordinary course of the Debtors' businesses, or resolve any controversy authorized by any other order of the Court….

*"Borrower Foreclosure And Eviction Proceedings*
14. The stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower; and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or is pending, is hereby modified pursuant to the following terms and conditions:

(a) except as set forth herein, **a borrower**, mortgagor, or lienholder (each, an **"Interested Party") shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure**, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment (defined as any judgment where the right to appeal or…

(b) absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors, **except where a monetary claim must be plead in order for an**

**Interested Party to a assert a claim to defend against or otherwise enjoin or preclude a foreclosure** (each a "Mandatory Monetary Claim"); (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction; or (iii) asserted in the form of a class action or collective action;

(f) nothing set forth herein shall preclude or limit any Interested Party from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest."

**I.    The Foreclosure action and the attorney's fees judgment was "Exclusively" to the real property Owned and/or serviced by GMAC.**

The action in which we seek relief from stay or clarification thereof is a pending foreclosure action (See Docket attached ad Exhibit A) that falls under paragraphs No. 14.(a)&(b) and the Defendant in that case is a borrower and a defined "interested party" under said paragraphs. The pending action is exclusively to the subject property on a loan that GMAC is servicing and/or is the owner.

**II.   The Final Judgment was a direct result of Defending and Preclude a Foreclosure Action.**

The final judgment granted by the State Court was a result of the borrower asserting her defenses to a mortgage contract that was procured through fraud and that GMAC Mortgage, LLC., was not ready to prosecute and could not prove it had standing. However, the dismissal was without prejudice and GMAC Mortgage, LLC did not have its rights to later pursue another foreclosure action extinguished. Nonetheless, the Florida Supreme Court and the third district have held that the Court must award attorney fees when there is a contractual provision on the matter and after litigating the contract, the prevailing party gets attorney fees. The Mortgage Contract at issue contains a clause as to fees and costs being awardable. An amendment to Fla. Stat. § 57.105 (7) was done under Laws 1999, c. 99-225, § 4 which reads:

*"(7) If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract. This act shall take effect October 1,1988, and shall apply to contracts entered into on said date or thereafter."*

Florida case law has clearly interpreted the above referenced statute as follows: The Florida Supreme Court and the 3rd DCA have held that "when plaintiff voluntarily dismisses action ... defendant is prevailing party for purpose of awarding attorney fees, and that where attorney fees are provided by statute or contract, such fees are properly awarded after a VOLUNTARY OR INVOLUNTARY DISMISSAL." Concrete & Lumber Enterprises vs. Guaranty Business Credit Corp.. 829 So.2d 247 and Thornber vs. City of Fort Walton Beach. 568 So.2d 914 (Fla. 1990), Varcarcel vs. Chase Bank. 2010 WL 474038; The Bank of New-York vs. Williams: 979 So2d 347.

In fact, Florida courts such as the 1st, 2nd, 3rd and 4th DCA, the Florida Supreme Court, and the Eleventh Circuit Court of Appeals have held that any prevailing party from a civil action that was voluntarily or involuntarily dismissed, may be entitled to recover attorney's fees and costs. Moreover, Florida courts have interpreted the amended statute of attorney fees under §57.105 as now being less restrictive in that it does not matter that the party who voluntarily dismissed the action or the party against whom the action was involuntarily dismissed, has by law, the ability to later file another action regarding the same issues. See Concrete & Lumber Enterprises vs. Guaranty Business Credit Corp.. 829 So.2d 247 and Thornber vs. City of Fort Walton Beach. 568 So.2d 914 (Fla. 1990); The Bank Of New York vs. Paulette Williams. 979 So.2d 347 (1st DCA 2008); Carmen Valcarcel. et. al. vs. Chase Bank USA. N.A.. 201 OWL 47402386 (4th DCA 2010); State of Florida vs.

Doran. 958 So.2d 1082 (1st DCA 2007); Wachovia Bank vs. Horizon Wholesale Foods. 2009 WL 4750358 (11th Circuit Court 2009), and Country Place Community Association. Inc. vs. J.P. Morgan Mortgage. 2010 WL 5350879 (2nd DCA 2010).

## NAVARRO SEEKS A RELIEF FROM STAY AS THE "EXCEPTION" UNDER THE ORDER DATED, JULY 13, 2012, WHICH GRANTED INTERIM RELIEF AND ALLOWS PENDING FORECLOSURE ACTIONS TO PROCEED

Navarro seeks an Order from the Court for clarification of the "Stay" in this case. Navarro has filed a proposed Order (See Exhibit __) seeking a moratorium hold in the State case until this Court clarifies this Stay. As a result, Navarro also seeks from the Court an Order Specific to this Case as to the status of the "Stay" in the state case and permission to proceed with such claims by GMAC Mortgage, LLC and the defenses asserted by Navarro in the state case, 2008-74998 CA 59, which as a result of defending said foreclosure action, has awarded the borrower $25,870.00, as a judgment of attorney fees in that action.

> Section 362(d)(l) of the Bankruptcy Code provides, in relevant part, that "upon request of a party in interest and after notice and a hearing, the court shall grant relief from the stay. . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . . " 11 U.S.C. § 362(d)(l). The Bankruptcy Code does not, however, define the phrase "for cause." In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the following factors (the "Sonnax Factors"):
>
> (1) whether relief would result in a partial or complete resolution of the issues,
> (2) the lack of any connection with or interference with the bankruptcy case.
> (3) **whether the other proceeding involves the debtor as a fiduciary.**
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action.
> (5) whether the debtor's insurer has assumed full responsibility for defending the action,
> (6) **whether the action primarily involves third parties.**
> (7) whether litigation in another forum would prejudice the interests of

11

other creditors.
(8) whether the judgment claim arising from the other action is subject to equitable subordination,
(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor.

(10) the interests of judicial economy and the expeditious and economical resolution of litigation.
(11) whether the parties are ready for trial in the other proceeding, and

(12) the impact of the stay on the parties and the balance of harms.

In the instant action, GMAC Mortgage, LLC., is acting as a fiduciary in the foreclosure action and if it would have prevailed, would have had the right to assert its attorney fees and costs under the mortgage contract pursuant to Fla. Sta. 57.105(7) stated above.

It would be highly prejudicial to mortgage borrowers all over the United States, if GMAC Mortgage, LLC, would be allowed to commence foreclosure actions it was not ready to prosecute and force the borrower to retain attorneys to defend their rights under their mortgage contracts, but preclude them from obtaining the fees they are entitled to under the same contract that GMAC Mortgage, LLC is trying to foreclose on. GMAC Mortgage, LLC should not be allowed to use the bankruptcy proceedings as a **"sword and a shield"** against the same borrowers. If GMAC Mortgage, LLC is allowed to collect attorney's fees and costs in a final judgment of foreclosure when it is the prevailing party, then justice requires that the borrower too be able to collect attorney's fees and costs if they prevail in a foreclosure action GMAC is prosecuting. As this honorable Court has held in another Order and Opinion in this case:

> "Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.), 907F.2d 1280. 1286 (2d Cir. 1990); In re N.Y. Med Grp., PC. 265 B.R. 408. 413 (Bankr. S.D.N.Y. 2001). **Not all of the Sonnax Factors are relevant in every case, and "cause" is a broad and flexible concept that must be determined on a case-by-case**

12

basis. Spencer v. Bogdanovich (In re Bogdanovich), 292 F.3d 104. 110 (2d Cir. 2002) (citing Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 143 (2dCir. 1999))."

In the instant case, GMAC is asking this Honorable Court to allow them Interim Relief to foreclose on a mortgage contract under its terms and conditions, which they drafted, but wants the same Court, to turn around and not allow the borrower(s) to assert the same terms and conditions if they are the prevailing party. Such a request is self serving and highly unfair and unjust to all the GMAC borrowers.

Due to the aforementioned facts and case law, Marcia Navarro should be allowed to collect the judgment for attorneys fees and costs, which she obtained in order to **"preclude"** and **"defend"** a foreclosure proceeding that GMAC Mortgage, LLC, sought and obtained relief from this Court in order to proceed with and prosecute same contract against Navarro.

Moreover, Navarro clearly falls within the exception this Court outlined and stipulated to in the Order entered on [Docket #774], July 13, 2012, which states that all "mandatory monetary claims" will remain under the stay as to an interested party may, **"except where a monetary claim must be plead in order for an Interested Party to a assert a claim to defend against or otherwise enjoin or preclude a foreclosure** (each a "Mandatory Monetary Claim")."

Because Marcia Navarro is a Defendant in a Florida State Foreclosure Action, which is the Court that granted her entitlement and final judgment of attorney fees, she clearly falls within this EXCEPTION, the Stay does not prohibit her opportunity to collect on that judgment.

Under the unique facts of this case, denying Marcia Navarro a relief from stay in order to collect on her judgment of attorney fees would result in a miscarriage of justice. GMAC Mortgage, LLC, has asked for relief from stay in this Bankruptcy proceeding in order to

continued the foreclosure actions in state court case against all borrowers it is trying to foreclose on. While GMAC Mortgage, LLC, is entitled to the protections from ongoing litigation afforded a debtor in bankruptcy, it is not seeking those protections. Rather, the attorneys for the debtor in this action and in the foreclosure action are using the protections of GMAC Mortgage, LLC, in this bankruptcy action as a shield to avoid a state court action and as a sword to impose their desired forum and stay relief against the borrowers. Allowing the attorneys for the debtor and the debtor to manipulate the state and federal courts' concurrent jurisdiction to deny borrower's attorney fees for defending the same foreclosure action it sought and obtained relief form stay to prosecute in the state court action constitutes a miscarriage of justice.

A case right on point is *In re Nancy Elaine Ybarra*, 424 F.3d 1018 where the Bankruptcy Court held:

> **"Even if a cause of action arose pre-petition, the discharge shield cannot be used as a sword that enables a debtor to undertake risk-free litigation at others' expense.** See Siegel, 143 F.sd at 533-34. Personal liability for fees incurred through the voluntary pursuit of litigation initiated post-petition is more consistent with the purpose of discharge. This policy difference supports our conclusion that the administrative expense priority cases do not control our determination of whether a claim is pre-petition or post-petition in the discharge context. As the BAP noted, Siegel was decided less than six weeks after Abercrombie but failed to cite it. Ybarra, 295 B.R. at 613. Kadjevich was decided two years after Siegel, but does not discuss that case. In our view, the best explanation for this lack of integration is that Siegel involved discharge, while Abercrombie and Kadjevich involved administrative expense priority—two distinct areas of bankruptcy law with separate purposes. In sum, we conclude that the rules set forth in Abercrombie and Kadjevich do not apply to the question of whether debts are discharged.

D. Discharge of Rockwell's Attorney Fees and Cost Claims

> In light of the foregoing discussion, we reaffirm that claims for attorney fees and costs incurred post-petition are not discharged where post-petition, the debtor voluntarily commences litigation or otherwise voluntarily "return[s] to the fray." See Siegel, 143 F.sd at 533-34- Whether attorney fees and costs incurred through the continued prosecution of litigation initiated pre-petition may be discharged depends on whether the debtor has taken affirmative post-petition action to litigate a prepetition claim and has thereby risked the liability of these litigation expenses."

After Siegel filed the bankruptcy petition, but two months prior to the discharge, he sued Freddie Mac in state court, alleging breach of duties under the deeds of trust. Id. at 528, 531. Freddie Mac removed the case to federal court. Id. at 528. The federal district court granted summary judgment to Freddie Mac on the ground that the action was barred by the res judicata effect of the bankruptcy proceeding. Id. The district court awarded Freddie Mac attorney fees incurred in pursuing its rights under the deeds of trust, pursuant to a provision in the deeds. Id. at 528, 531.

On appeal, Siegel argued that the claim for attorney fees was discharged in the bankruptcy proceedings. Id. at 532. We analyzed the issue under the framework of whether the claim was "contingent" pursuant to § ioi(s)(A). Id. A contingent claim is "one which the debtor will be called upon to pay only upon the occurrence or happening of an extrinsic event which will trigger the liability of the debtor to the alleged creditor." Id. (quoting FosWedt v. Dow (In re Fostvedt), 823 F.2d 305, 306 (gth Cir.igSy)). **We reasoned that because, after being "freed from the untoward effects of the contracts he had entered into" through the discharge, Siegel voluntarily chose to "return to the fray and to use the contract as a weapon," it was "perfectly just, and within the purposes of bankruptcy, to allow the same weapon to be used against him." Id. at 533. We emphasized Siegel's post-petition initiation of new litigation:**

Siegel's decision to pursue a whole new course of litigation made him subject to the structures of the attorney's fee provision. In other words, while his bankruptcy did protect him from the results of his past acts, including attorney's fees associated with those acts, it did not give him carte blanche to go out and commence new litigation about the contract without consequences. Id. at 534. On the basis of this post-petition voluntary action on the part of the debtor, we concluded that the award of post-petition attorney fees was not discharged. Id."

**WHEREFORE,** the Moving Party Marcia Navarro respectfully request that this Honorable Court grant it relief from Stay as to her judgment fees granted as a Mandatory Monetary Claim under the Exception of the Order of this Court.

/s/ Rosy A. Aponte FILED CM/ECF
Rosy A. Aponte, Esq.
Counsel for the Marcia Navarro
4182 SW 74th Court
Miami, Fl. 33155
(305) 753-9600

### CERTIFICATE PURSUANT TO LOCAL RULE 9078-1 and 45(d)

I HEREBY CERTIFY that I am
Admitted to the Bar of the United States
District Court for the Southern District of
Florida and I am in compliance with the
additional qualifications to practice in
this Court set Forth in Local Rule 2090-1(A)

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have an Order granting Admission To Practice, Pro Hac Vice, by this Court [Doc 3820] and I am admitted to the Bar of the United States District Court for the Southern District of Florida an d I am in compliance with the additional qualifications to practice in this Court. I HRERBY CERTIFY that this Motion was served electronically with the Court and served on all parties entitled to service of notice of this case by filing said pleadings with this Court's CM/ECF system.

Aa2aa2a2dnavarro