UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | |

## DECLARATION OF ROSY A. APONTE IN SUPPORT OF MARCIA NAVARRO'S OBJECTION TO DEBTORS' MOTION PURSUANT TO SECTION 362(a) OF THE BANKRUPTCY CODE FOR ENFORCEMENT OF THE AUTOMATIC STAY AND OF NAVARRO'S MOTION FOR CLARIFYING AND ENFORCING INTERIM RELIEF

I, Rosy A. Aponte, under penalty of perjury, declare as follows:

1. I am of counsel with La Ley Con John H. Ruiz, P.A., with offices at, 4182 S.W. 74th Court, Miami, FL. 33155. I am admitted to practice law before the U.S. District Courts for the Southern, and Middle Districts of Florida.

2. This declaration is based upon my personal knowledge by the undersigned, and business records maintained at La Ley Con John H. Ruiz, P.A. in the ordinary course of business, and pleadings filed in the State Court Foreclosure Action.

3. I am authorized to submit this declaration (the "Declaration") in support of the *Objection* by Interested Party Marcia Navarro to *Debtors' Motion Pursuant to Section 362(a) of the Bankruptcy Code for Enforcement of the Automatic Stay* and for her *Motion To Clarify and Enforce Interim Relief*.



EXHIBIT 2

4. La Ley Con John H. Ruiz, P.A., was retained on December 10, 2008, to represent Marcia Navarro in an action captioned *GMAC Mortgage, LLC. v. Marcia Navarro, et al.*; Case No. 13-2008-CA-74998.

5. On or about June 12, 2012, the State Court granted Defendant's Motion For Entitlement of Attorney Fees, which Plaintiff's Counsel attended and failed to disclose that there was a bankruptcy stay.

6. On January 15, 2013, Honorable Judge Victoria Platzer, signed and entered a Scheduling Order, and electronic mailed it back to the service list, which included Plaintiff's counsel. However, they never objected to or raised the bankruptcy stay.

7. On or about, February 1, 2013, a Judgment Order awarding Attorney's Fees and Cost of $25,870.00 was entered by the State Court.

8. On or about March 19, 2013, Plaintiff filed their objection and Motion To Vacate said final judgment as to attorney fees and costs. This filed motion has a lapse of time of approximately 6 weeks after the Final Judgment was entered and which they were properly served with and given due notice. Again, there was no mention of bankruptcy stay in this motion. (See Exhibit A)

9. It was not until after Albertelli Law received a final judgment on attorney's fees that it for the first time put the Interested Parties and the undersigned counsel on notice that there was a bankruptcy stay, by filing a notice of bankruptcy stay in the State foreclosure action on March 21, 2013.

10. As a result, the undersigned filed a motion to stay the proceedings in the State action on May 24, 2013. (See Exhibit B)

Pursuant to 28 U.S.C. §1746,1 declare under the penalty of perjury that the foregoing is true and correct. Executed on May 24, 2013

By: _____

Rosy A. Aponte, Esq.

3