MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------- | ) | |

**DEBTORS' OBJECTION TO DONNA CHINLOY'S LETTER**
**REQUESTING ACCEPTANCE OF LATE-FILED PROOF OF CLAIM**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ..........................................................................................................1

I.      GENERAL BACKGROUND ...........................................................................1

II.     THE UNDERLYING PROCEEDINGS, ENTRY OF THE BAR DATE ORDER,
        AND RELATED NOTICE OF BAR DATE.........................................................2

        A.      GMACM's Foreclosure Action Against Movant ...................................2

        B.      Debtors' Notification of Movant of the Commencement of the Chapter 11
                Cases and the Bar Date............................................................................3

I.      SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT .......................4

II.     MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT ................6

        1.      The Reason for the Delay, Including Whether it was Within the
                Reasonable Control of the Movant.........................................................8

        2.      The Danger of Prejudice to the Debtors ................................................8

        3.      Whether the Movant Acted in Good Faith ...........................................10

        4.      The Length of Delay and its Potential Impact on Judicial Proceedings...............10

EXHIBITS:

Exhibit 1 – KCC Affidavit of Service for Notice of Commencement of Chapter 11 Cases

Exhibit 2 – KCC Affidavit of Service for Bar Date Notice

Exhibit 3 – Letters from GMACM to Movant

Exhibit 4 – Movant's Circuit Court Filings

# TABLE OF AUTHORITIES

**Page(s)**

<small>CASES</small>

Hagner v. United States,
   285 U.S. 427 (1932) ................................................................................................5

In re Alexander's Inc.,
   176 B.R. 715 (Bankr. S.D.N.Y. 1995) ...............................................................5, 7

In re BGI, Inc.,
   476 B.R. 812 (Bankr. S.D.N.Y. 2012) (Glenn, J.) ............................................8, 11

In re BH S & B Holdings LLC,
   435 B.R. 153 (Bankr. S.D.N.Y. 2010) (Glenn, J.) ............................................8, 9

In re Dana Corp.,
   No. 06–10354 (BRL), 2008 WL 2885901 (Bankr. S.D.N.Y. July 23, 2008)..........10

In re Enron Corp.,
   419 F.3d 115 (2d Cir. 2005) ..............................................................................passim

In re Lehman Bros. Holdings Inc.,
   433 B.R. 113 (Bankr. S.D.N.Y. 2010) ...................................................................10

In re Kmart Corp.,
   381 F.3d 709, 714-15 (7th Cir. 2004)....................................................................12

In re Pioneer Inv. Servs. Co.,
   106 B.R. 510 (Bankr. E.D. Tenn. 1989)...................................................................7

In re WorldCom, Inc.,
   No. 02-13533, 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) ..............5

Inoue v. GMAC Mortgage Corp.,
   Case No.: SCV 248256 (Cal. Sup. Ct.) ....................................................................2

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,
   507 U.S. 380 (1993) ...........................................................................................passim

Riverhead Transit Mix Corp. v. Walsh Const. Co.,
   No. 091-7142-511, 1995 WL 1051649 (Bankr. S.D.N.Y. June 29, 1995)..............5

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), including GMAC Mortgage, LLC ("GMACM"), hereby submit this objection to the *Chinloy Letter Requesting Acceptance of Tardy Claim* [Docket No. 3315] (the "Motion") filed by Donna Chinloy (the "Movant"). In support hereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.    The Movant has failed to demonstrate that the Debtors did not provide Movant with sufficient notice of the Bar Date (defined below). Service of the notice of the claims Bar Date on the Movant at the Movant's Address (defined below) was sufficient service, and Movant cannot satisfy the standards for excusable neglect applicable in this District so as to permit Movant to file an untimely proof of claim. The Motion should be denied.

## BACKGROUND

### I.    GENERAL BACKGROUND

2.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are managing and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures.

3.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors.

4.    On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

5.      On November 19, 2012, the Court approved the Debtors' sale of (i) their mortgage servicing businesses (the "Platform Sale") and (ii) most of the Debtors' estates' whole loan portfolio.  The transactions comprising the Debtors' Platform Sale closed in two parts: a sale to Walter Investment Management Corporation that closed on January 31, 2013, and a sale to Ocwen Loan Servicing, LLC ("Ocwen") that closed on February 15, 2013.

## II.    THE UNDERLYING PROCEEDINGS, ENTRY OF THE BAR DATE ORDER, AND RELATED NOTICE OF THE BAR DATE

### A.    GMACM's Foreclosure Action Against Movant

6.      On or about April 12, 2006, Movant executed a promissory note (the "Note") and mortgage (the "Mortgage") with GMAC Bank (n/k/a Ally Bank) in connection with the purchase of Movant's property located in Broward County, Florida.  GMACM acted as servicer for the Mortgage prior to the closing of the Platform Sale.

7.      On or about August 14, 2009, GMACM filed a complaint and notice of lis pendens against Movant in the Circuit Court for the 17th Judicial Circuit, in and for Broward County Florida, General Jurisdiction Division (the "Circuit Court"), instituting a foreclosure action, Case No. 09-45158 (the "Foreclosure Action").  In its complaint, GMACM asserted that Movant was in default under the terms of the Note and Mortgage, and sought to enforce the Note and Mortgage.

8.      On June 10, 2010, GMACM filed an amended complaint in the Foreclosure Action.

9.      On May 13, 2013, following the closing of the Platform Sale and transfer of the servicing of Movant's Mortgage from GMACM to Ocwen, Ocwen filed a motion to substitute Ocwen as plaintiff in the Foreclosure Action.

2

10.    As of the date of this Objection, a judgment has not been entered in the Foreclosure Action.

**B.    Debtors' Notification of Movant of the Commencement of the Chapter 11 Cases and the Bar Date**

11.    Shortly following the Petition Date, Movant was served with notice of the pendency of the Debtors' Chapter 11 Cases at Movant's address at 2672 NW 124th Avenue, Coral Springs, FL 33065 (the "Movant's Address").   See Affidavit of Kurtzman Carson Consultants, LLC, annexed hereto as Exhibit 1.

12.    On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").   The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

13.    Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "Bar Date Notice").   The Bar Date Notice states that, subject to certain exceptions not applicable here "You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date . . . even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date."  Bar Date Notice ¶ 1.  The Bar Date Notice further states:

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM**

3

**VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE
CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE
DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING
FURTHER NOTICES REGARDING SUCH CLAIM.**

Bar Date Notice ¶ 6.

14.    In accordance with the Bar Date Order, on or before October 5, 2012,

Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' claims and noticing agent, served a

copy of the Bar Date Notice on Movant at Movant's Address.[1]  See Affidavit of Kurtzman

Carson Consultants, LLC [Docket No. 2179], annexed hereto as Exhibit 2.

15.    On March 21, 2013, Movant filed the Motion, seeking permission to file

an untimely proof of claim in the Chapter 11 Cases.

## ARGUMENT

## I.    SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT

16.    Courts in this circuit support the view that "[a] rebuttable presumption that

an addressee received a mailed notice arises when the mailing party submits sufficient evidence

to demonstrate the notice was properly addressed and mailed."  See In re WorldCom, Inc., No.

02-13533, 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) (finding that

a claimant received notice of a bar date based on evidence demonstrating that notice was

properly addressed and mailed); see also Hagner v. United States, 285 U.S. 427, 430 (1932)

("The rule is well settled that proof that a letter properly directed was placed in a post office

creates a presumption that it reached its destination in usual time and was actually received by

the person to whom it was addressed.").  See, e.g., In re Alexander's Inc., 176 B.R. 715, 721

---

[1]    The Bar Date Notice was also published in the national edition of the *Wall Street Journal* and the national
edition of *USA Today*, which noticed potential claimants that proofs of claim against the Debtors must be
received on or before the Bar Date.  See Bar Date Notice ¶¶ 1, 3; see also *Amended Affidavit of Publication re:
Notice of Deadlines for Filing Proofs of Claim in the Wall Street Journal and USA Today* [Docket No. 1660].
In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was
made publicly available at *http://www.kccllc.net/rescap*.

ny-1093824

(Bankr. S.D.N.Y. 1995) (it is "black letter law" that properly mailed bar date notice presumed to be received); Riverhead Transit Mix Corp. v. Walsh Const. Co., No. 091-7142-511, 1995 WL 1051649, at *11 (Bankr. S.D.N.Y. June 29, 1995) ("affidavit of service is sufficient evidence to raise a presumption of receipt by the party served").  As reflected in Exhibit 2, the Bar Date Notice was duly served upon Movant by First Class Mail, and thus is presumed to have been received.  See Exhibit 2.

17.    Although irrelevant to the issue of whether Movant was served with notice of the Bar Date, Movant asserts, among other things, that she did not receive notice of the commencement of the Chapter 11 Cases.  Regardless, Movant's allegation is contradicted by the KCC Affidavit.  See Exhibit 1.  Movant makes no reference in the Motion, including in the statement and exhibits thereto, as to whether she received notice, timely or otherwise, of the Bar Date.   Furthermore, the Movant provides no arguments or testimony to contradict the presumption that these notices were, in fact, received at the address to which KCC mailed them. Movant does not assert that Movant's Address used for mailing these notices was incorrect, or one at which Movant does not regularly receive mail.  Certain of the exhibits annexed to the Motion indicate that Movant's Address was valid and used by Movant herself around the commencement of the Chapter 11 Cases as well as the date on which the Bar Date Notice was mailed to the Debtors' customers.  For example, Movant includes as exhibits to the Motion certain letters she received from GMACM with dates ranging from May 24, 2012 through January 17, 2013 (copies of which are annexed hereto as Exhibit 3) regarding, among other things, Movant's foreclosure status and loan account.  In addition, on September 25, 2012, Movant filed a letter and motion with the Circuit Court (copies of which are annexed hereto as Exhibit 4) in connection with the Foreclosure Action.  Movant included Movant's Address below

5

her signature at the conclusion of her motion.  Movant filed this pleading with the Circuit Court,

on or about September 25, 2012, less than two weeks before KCC mailed the Bar Date Notice to

Movant's Address.  See Exhibits 2, 4.

18.    Thus, the Debtors submit the presumption that Movant timely received the

Bar Date Notice has not been, and cannot be, rebutted.  The Debtors properly and timely notified

the Movant of the commencement of these Chapter 11 Cases, as demonstrated by the Affidavit

of Service annexed hereto as Exhibit 1, and properly and timely notified Movant of the Bar Date,

as demonstrated by the Affidavit of Service Annexed hereto as Exhibit 2.  KCC mailed both

notices to Movant at the address reflected in the Debtors' records shortly before the service of

the Bar Date Notice.  Accordingly, the Debtors satisfied due process requirements and the

requirements of the Bankruptcy Code and Bankruptcy Rules.

## II.    MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT

19.    The Supreme Court considered the test for determining whether a creditor

may be permitted to file a late proof of claim in Pioneer Inv. Servs. Co. v. Brunswick Assocs.

Ltd. P'ship, 507 U.S. 380 (1993).  In Pioneer,[2] the Court explained that Congress, in empowering

"the courts to accept late filings 'where the failure to act was the result of excusable neglect,'

plainly contemplated that courts would be permitted, where appropriate, to accept late filings

caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond

the party's control."  Id. at 388.  The Court explained that "the determination [regarding whether

a failure to act constitutes excusable neglect] is at bottom an equitable one, taking account of all

relevant circumstances surrounding the party's omission," including (i) "the reason for the delay,

including whether it was within the reasonable control of the movant," (ii)  "the danger of

---

[2]    Unless otherwise specified, references to Pioneer are to the Supreme Court's decision.

ny-1093824

prejudice to the debtor," (iii) "whether the movant acted in good faith," and (iv) "the length of delay and its potential impact on judicial proceedings." Id. at 395.

20.    The Second Circuit takes a "hard line" approach in applying the Pioneer test. In re Enron Corp., 419 F.3d 115, 122 (2d Cir. 2005); see also In re BGI, Inc., 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (Glenn, J.).  The Second Circuit has observed that three of the Pioneer factors typically will weigh in favor of the movant – the length of the delay, the danger of prejudice, and the movant's good faith.  In re Enron Corp., 419 F.3d at 122; see also In re BH S & B Holdings LLC, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (Glenn, J.).  As a result, the Second Circuit has focused on the fourth factor, "the reason for the delay, including whether it was within the reasonable control of the movant." In re Enron Corp., 419 F.3d at 123 (internal quotations omitted).  Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Id. at 123 (internal quotations omitted).  Instead, "[O]nly in unusual instances would inadvertence, ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." In re BH S & B Holdings LLC, 435 B.R. at 168 (quoting In re Nw. Airlines Corp., 2007 WL 498285, at *3 (Bankr. S.D.N.Y. Feb. 9, 2007) (internal quotations omitted)).

21.    Here, Movant has failed to meet her burden of demonstrating excusable neglect. See In re PT-1 Commc'ns, Inc., 403 B.R. 250, 260 (Bankr. E.D.N.Y. 2009) (concluding that late filer bears burden of demonstrating excusable neglect); see also In re BH S & B Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on the movant).  Movant's failure to "follow the clear dictates of a court rule" and provide any justification or

7

arguments as to why she should be permitted to file a late proof of claim in the Chapter 11 Cases simply cannot arise to the type of "unusual instance[]" in which "inadvertence, ignorance of the rules, or mistakes construing the rules . . . [would] constitute excusable neglect." <u>In re Enron Corp.</u>, 419 F.3d at 123; <u>In re BH S & B Holdings LLC</u>, 435 B.R. at 168.

### A.    The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant

22.    Movant contends that she did not receive notice of the commencement of the Chapter 11 Cases, and—perhaps by inference, although the Motion is silent on the matter— did not receive the Bar Date Notice. Here, the Debtors served both the notice of the pendency of the Chapter 11 Cases as well as the Bar Date Notice at a valid and actively used address for the Movant. Notwithstanding that service was made at a valid address, Movant argues that she should be permitted to file a late proof of claim. Even in circumstances where a party is somehow is confused by the notices received by such party, a recipient's mistakes concerning a bar date notice or a recipient's failure to comprehend the notice's importance despite the notice's clear mandates do not constitute excusable neglect. <u>See</u> <u>In re Lehman Bros. Holdings Inc.</u>, 433 B.R. 113, 124 (Bankr. S.D.N.Y. 2010) (noting that failure to file proof of claim was within movant's reasonable control and "resulted from a failure to coordinate, a lack of supervision, or a mistake"); <u>In re Dana Corp.</u>, No. 06–10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (lawyers' failure to comprehend significance of bar date notice was not sufficient reason for delay under <u>Pioneer</u> test). This factor weighs heavily in favor of denying the Motion.

### B.    The Danger of Prejudice to the Debtors

23.    Although the size of Movant's purported claim is small in comparison to the aggregate claims filed in the Debtors' Chapter 11 Cases, the Debtors would be prejudiced if the Court grants the relief requested by the Movant. Granting the Motion would no doubt be an

invitation to similar motions and negate the goal of finality that claims' bar dates are intended to

instill.  See In re Enron Corp., 419 F.3d at 131-32 (affirming bankruptcy court's denial of late

filed proof of claim and noting that permitting the first claim could invite late claims from many

other potential claimants with similar claims).  On this basis, the Motion should be denied.

24.    The Debtors' concern that granting the Motion could open the floodgates

to other similar requests is not unfounded.  As this Court is aware, the Debtors are involved in

thousands of lawsuits involving many active *pro se* and represented litigants.    See, e.g.,

*Declaration of Lauren Graham Delehey, In-House Litigation Counsel at Residential Capital,*

*LLC, in Support of Debtors' Objection to Plaintiffs' Motion to Lift Stay filed by Richard D. Rode*

*[Docket Nos. 2153, 2154, and 2157]* [Docket No. 2682], Exhibit 1, ¶ 3 (describing pending

litigation involving the Debtors, as of January 21, 2013, including "tens of thousands of

foreclosure actions and borrower bankruptcies").  In addition, this is the third motion filed in

these Chapter 11 Cases by claimants seeking an opportunity to file an untimely claim.[3]  This

Court has previously denied one of these motions.[4]  The hearing on the second motion (*i.e.*, the

Solano motion [Docket No. 2935]) has not been scheduled as of the date hereof.

25.    Similarly, creating uncertainty regarding the ability of other prepetition

litigants or other alleged creditors to file late proofs of claim, particularly at this stage of the

Chapter 11 Cases, could impede the Debtors' ability to efficiently move forward with the process

of negotiating, proposing, and confirming a plan.  Any such plan will be predicated, in part, on a

claims pool with an identifiable size limitation.  For this reason as well, the Court should not

---

[3]    See Motion for Permission to Extend Deadline for Julio Solano to File Proof of Claim [Docket No. 2935] and
Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No. 3238].

[4]    See Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No.
3648], *In re Residential Capital, LLC*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013).

ny-1093824

open the door to untimely proofs of claim.  See In re BGI, Inc., 476 B.R. at 824 (factors to

consider in assessing the danger of prejudice include "the disruptive effect permitting the late

claim would have on plan formation."  (internal citations and quotations omitted)).

        **C.**      **Whether the Movant Acted in Good Faith**

        26.     The Debtors do not contend that Movant has acted other than in good

faith; although the Debtors reserve the right to seek discovery from and depose the Movant on

this issue.

        **D.**      **The Length of Delay and its Potential Impact on Judicial Proceedings**

        27.     Here, the delay between the Bar Date and the Motion was approximately

four months.  In light of the length of this delay, along with the lack of reasons for the delay and

the circumstances justifying the delay, the Debtors submit that this Pioneer factor is at best

neutral to the Movant.  See In re Enron Corp., 419 F.3d at 128 (length of the delay "must be

considered in the context of the proceeding as a whole" and, in some instances, courts have

rejected claims filed just one day late) (citing In re Kmart Corp., 381 F.3d 709, 714-15 (7th Cir.

2004), cert. denied sub nom. Simmons v. Kmart Corp., 543 U.S. 1056 (2005)).

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully submit that the Motion should be denied and

Movant be barred from asserting any claims against the Debtors' estates.


Dated:  June 5, 2013
      New York, New York

/s/  Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Meryl L. Rothchild
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

11