Hearing Date and Time: June 12, 2013 at 10:00 a.m. (Eastern Time)
Objection Deadline: June 5, 2013 at 4:00 p.m. (Eastern Time)

MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone:     (213) 683-9100
Facsimile:     (213) 687-3702
Thomas B. Walper (Pro Hac Vice)
Seth Goldman (Pro Hac Vice)

*Counsel for Berkshire Hathaway Inc.*

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | CASE NO. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |
|---|---|

### OBJECTION OF BERKSHIRE HATHAWAY INC. TO DEBTORS' AMENDED MOTION FOR ENTRY OF AN ORDER UNDER 11 U.S.C. §§ 105 and 363 AUTHORIZING THE DEBTORS TO SATISFY CERTAIN SECURED CLAIMS

Berkshire Hathaway Inc. ("Berkshire"), by and through its undersigned counsel, files this objection (the "Objection") to the *Debtors' Amended Motion Under 11 U.S.C. §§ 105 and 363 Authorizing the Debtors to Satisfy Certain Secured Claims* (the "Motion") filed by Residential Capital, LLC ("ResCap") and its affiliated debtors and debtors-in-possession (collectively, with ResCap, the "Debtors").

20937053.2

**OBJECTION**

1.     The Motion asks the Court to approve payment of over $1.1 billion to Ally Financial Inc. on account of its asserted secured claims under two insider loans provided by Ally in December 2009, the "AFI LOC" and the "AFI Senior Secured Credit Facility" (each as defined in the Motion). The Debtors added this substantial payment by amending the Motion only *two days ago*. The only reason to amend the Motion was because of the recently negotiated proposed plan support agreement ("PSA") among the Debtors and certain of its creditors. The amended Motion, however, puts the proverbial cart before the horse.

2.     The holders of the junior secured notes, with claims in excess of $2.1 billion against various of the Debtors and secured by various assets of the Debtors, are not party to the proposed PSA. This is a significant constituency that has not agreed to support the proposed billion dollar payment to Ally. Nor has the PSA even been approved by the Court. It was only filed May 23, 2013, is not scheduled for hearing until June 26, 2013, and the objection deadline is not until June 19 – seven days after the Debtors are asking the Court to approve a $1.1 billion payment to Ally based entirely on the terms of the PSA.

3.     Moreover, as the Debtors acknowledge in the Motion, significant potential claims exist against Ally. It is entirely premature to pay Ally's claims at this stage of the proceedings. The report of the examiner appointed by the Court has not been released and made public. That report may contain material information relevant to the validity and allowance of the very claims that the Debtors seek to pay by the Motion. As just one indication of the potential magnitude of those claims, the Official Committee of Unsecured Creditors sought standing to assert more than $25 billion in claims against Ally. [Docket No. 3412]. Filing the PSA may eventually represent a significant step in these cases. But an unapproved PSA that purports to resolve these claims under a plan that is yet to be filed or confirmed, does not justify paying Ally $1.1 billion.

4.       Finally, the proposed resolution of a right of disgorgement is not a sufficient answer.  The efficacy of that remedy depends on the ability to get the money back from Ally.  Nothing in the Motion provides a basis for the Court to determine that the credit risk of Ally is acceptable.  It should be noted in particular, that Ally was the only regulated bank that failed the most recent stress tests conducted by the Federal Reserve.  (See articles attached as <u>Exhibit 1</u>.)  Nor is it clear when the payment would be disgorged.  The Motion and proposed order merely provide that the payment is without prejudice.  It could be years before claims against Ally are resolved if the PSA and its proposed resolution of claims against Ally is not approved.  Accordingly, under the current record before the Court, it is better for the Debtors to retain the cash where it is not subject to any of these risks.

## NOTICE

5.       Notice of this Objection has been provided in accordance with the Notice of the Motion [Docket No. 3872].

## CONCLUSION

6.       For the reasons stated above, Berkshire requests that the Court (i) deny the Motion to pay Ally until such time as the Court has unsealed the examiner's report and parties can be appropriately knowledgeable of the benefits and risks of the proposed relief in the Motion; and (ii) grant such other relief as the Court deems just and proper under the circumstances.

-4-

Dated: June 5, 2013

Respectfully submitted,

MUNGER, TOLLES & OLSON LLP

/s/ Thomas B. Walper
Thomas B. Walper
Seth Goldman
355 South Grand Avenue
Los Angeles, California, 90071
Thomas.Walper@mto.com
Seth.Goldman@mto.com

*Attorneys for Berkshire Hathaway Inc.*