**Hearing Date and Time:  July 15, 2013 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 8, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
|
In re:                                          )          Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,    )          Chapter 11
                                                )
                          Debtors.         )          Jointly Administered
                                                )
------------------------------------------------------------

**NOTICE OF DEBTORS' SIXTH OMNIBUS OBJECTION**
**TO CLAIMS (DUPLICATE BORROWER CLAIMS)**

         **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Sixth Omnibus Objection to Claims (Duplicate Borrower Claims)* (the "Omnibus

Objection"), which seeks to alter your rights by either disallowing, modifying and/or

reducing your claim against the above-captioned Debtors.

         **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **July 15, 2013 at 11:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **July 8, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire

Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA

90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O.

Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail

Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission,

New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-

1022 (Attention: George S. Canellos, Regional Director); (l) special counsel to the

Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY

11753 (Attention: Ronald J. Friedman); and (m) conflicts counsel for the Debtors, Curtis,

Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, York 10178 (Attention:

Steven J. Reisman, Theresa A. Foudy, and Maryann Gallagher).

    **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated: June 7, 2013                    Respectfully submitted,
      New York, New York

                                      /s/ Norman S. Rosenbaum
                                      Gary S. Lee
                                      Norman S. Rosenbaum
                                      Jordan A. Wishnew
                                      MORRISON & FOERSTER LLP
                                      1290 Avenue of the Americas
                                      New York, New York 10104
                                      Telephone: (212) 468-8000
                                      Facsimile: (212) 468-7900

                                      *Counsel for the Debtors and*
                                      *Debtors in Possession*

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher

*Conflicts Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------------ ) | |
| In re:                                                      ) | Case No. 12-12020 (MG) |
|                                                             ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*,        ) | Chapter 11 |
|                                                             ) | |
| Debtors.                     ) | Jointly Administered |
| ------------------------------------------------------------ ) | |

## DEBTORS' SIXTH OMNIBUS OBJECTION
## <u>TO CLAIMS (DUPLICATE BORROWER CLAIMS)</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this sixth omnibus objection to claims (the "Sixth

Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket

No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to

that attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A[1]

annexed to the Proposed Order.  In support of the Sixth Omnibus Claims Objection, the Debtors

submit the Declaration of Deanna Horst in Support of the Debtors' Sixth Omnibus Claims

Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently

herewith.

2.      The Debtors have examined the proofs of claim identified on Exhibit A to

the Proposed Order and have determined that the proofs of claim listed under the heading

"*Claims to be Disallowed and Expunged*" (collectively, the "Duplicate Borrower Claims") are

duplicates of the corresponding claims identified under the heading "*Surviving Claims*"

(collectively, the "Surviving Borrower Claims").  The Debtors seek the disallowance and

---

[1]     Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

expungement from the official claims register maintained for the Debtors in these Chapter 11

Cases of the Duplicate Borrower Claims and preservation of the Debtors' right to later object to

any Surviving Borrower Claim on any other basis.

3.      The proofs of claim identified on <u>Exhibit A</u> annexed to the Proposed

Order solely relate to claims filed by current or former borrowers (collectively, the "<u>Borrower</u>

<u>Claims</u>" and each a "<u>Borrower Claim</u>").  As used herein, the term "Borrower" means a person

who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold

by one or more of the Debtors.[2]

4.      This Sixth Omnibus Claims Objection does not affect any of the Surviving

Borrower Claims and does not constitute any admission or finding with respect to any of the

Surviving Borrower Claims.  Further, the Debtors expressly reserve all rights to object on any

other basis to any Surviving Borrower Claim and to any Duplicate Borrower Claim as to which

the Court does not grant the relief requested herein.

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.      On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

---

[2]      The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1091912

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.    On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

9.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for reach of the Debtors.

10.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").    The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").   (Bar Date Order ¶¶ 2, 3).   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was **not** extended.

11.    To date, approximately 6,850 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.

3

12.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtor to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

13.     The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claims (the "Borrower Claim Procedures"). Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). (See Procedures Order at 4).

14.     However, if the Debtors' objection to a Borrower Claim is premised on certain non-substantive grounds, including that the Borrower's proof of claim duplicates another proof of claim filed by such Borrower, then the Debtors are not required to send a Request Letter to such Borrower before filing an objection to such Borrower's Claim. (See Procedures Order at 3).

## THE DUPLICATE BORROWER CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

15.     Based upon their review of the proofs of claim filed on the claims register in these cases maintained by KCC, the Debtors have determined that each Duplicate Borrower Claim identified on Exhibit A annexed to the Proposed Order was also filed by the same

4

claimant against the same Debtor, for the same dollar amount, and on account of the same obligations, as the corresponding Surviving Borrower Claim.  (See Horst Declaration ¶¶ 3, 4).

16.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

17.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtor.  See, e.g., In re Worldcom, Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); In re Drexel Burnham Lambert Grp., Inc., 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (expunging duplicate claim).

18.    The Debtors are not required to make a distribution to a creditor on the same claim more than once.  See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Moreover, elimination of the Duplicate Borrower Claims will enable the Debtors to maintain a claims register that more accurately reflects the universe of claims asserted against the Debtors.

19.    The Debtors submit that given the basis of their objection to the Duplicate Borrower Claims is that such Borrower Claims are duplicative of another claim, the Debtors are not required to send a Request Letter seeking additional information from such Borrowers with respect to the Duplicate Borrower Claims, and are thus in compliance with the Borrower Claim Procedures set forth in the Procedures Order.  (See Horst Declaration ¶ 5).

20.    Accordingly, to avoid the possibility of multiple recoveries on a single claim by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Duplicate Borrower Claims listed on Exhibit A to the Proposed Order.    The Surviving Borrower Claims will remain on the claims register subject to further objections on any other basis.

## NOTICE

21.    The Debtors have served notice of this Sixth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

22.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

6

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  June 7, 2013
       New York, New York

<div style="margin-left: 50%;">

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors and
Debtors in Possession*

</div>

7

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                                                     )        Case No. 12-12020 (MG)
                                                                            )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,        )        Chapter 11
                                                                            )
                                            Debtors.          )        Jointly Administered
                                                                            )
---------------------------------------------------------------

### DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS' SIXTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATE BORROWER CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of ResCap for eleven years, the last ten months in my current position.  I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.  In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1091944

the *Debtors' Sixth Omnibus Objection to Claims (Duplicate Borrower Claims)* (the "Objection").[2]

2.       Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.       In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]       Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Based on a thorough review of the proofs of claim at issue, the Debtors have determined that each claim listed in the rows below the column entitled "Claim to be Disallowed" on Exhibit A annexed to the Proposed Order duplicates at least one other claim filed (i) by the same claimant, (ii) against the same Debtor, (iii) for the same dollar amount, and (iv) on account of the same obligations as the corresponding Surviving Borrower Claim.  If the Duplicate Borrower Claims are not disallowed and expunged, the claimants who filed these Duplicate Borrower Claims may potentially receive a wholly improper recovery to the detriment of other creditors.

5.      The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order.  The Debtors have sought to comply with these procedures.  In this case, given the basis of the Objection to the Duplicate Borrower Claim, the Debtors have determined that they may object to these Duplicate Borrower Claims without first having to send a Request Letter to such Borrowers requesting additional information.

6.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Duplicate Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

[*Remainder of Page Intentionally Left Blank*]

ny-1091944

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 7, 2013

   /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

4

**Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- )
                                                                 )
In re:                                                           )    Case No. 12-12020 (MG)
                                                                 )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                         )    Chapter 11
                                                                 )
                                              Debtors.           )    Jointly Administered
                                                                 )
---------------------------------------------------------------- )

## ORDER GRANTING DEBTORS' SIXTH OMNIBUS OBJECTION TO CLAIMS
## (DUPLICATE BORROWER CLAIMS)

Upon the sixth omnibus claims objection, dated June 7, 2013 (the "<u>Sixth Omnibus</u>

<u>Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the above-

referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"),

seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Duplicate Borrower

Claims on the basis that such claims are duplicates of corresponding claims, all as more fully

described in the Sixth Omnibus Claims Objection; and it appearing that this Court has

jurisdiction to consider the Sixth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and

1334; and consideration of the Sixth Omnibus Claims Objection and the relief requested therein

being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Sixth Omnibus

Claims Objection having been provided, and it appearing that no other or further notice need be

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
       in the Debtors' Sixth Omnibus Claims Objection.

provided; and upon consideration of the Sixth Omnibus Claims Objection and the Declaration of

Deanna Horst in Support of Debtors' Sixth Omnibus Objection to Claims (Duplicate Borrower

Claims), annexed to the Objection as Exhibit 1; and the Court having found and determined that

the relief sought in the Sixth Omnibus Claims Objection is in the best interests of the Debtors,

their estates, creditors, and all parties in interest and that the legal and factual bases set forth in

the Sixth Omnibus Claims Objection establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Sixth Omnibus Claims Objection is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit A annexed hereto under the heading "Claims to be Disallowed and Expunged"

(collectively, the "Duplicate Borrower Claims") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Duplicate Borrower Claims identified on

the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the

Debtors' official claims register; and it is further

ORDERED that the claims listed on Exhibit A annexed hereto under the heading

"Surviving Claims" (collectively, the "Surviving Borrower Claims") will remain on the claims

register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Duplicate Borrower

Claims does not constitute any admission or finding with respect to any of the Surviving

Borrower Claims; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Sixth Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Borrower Claims, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any Surviving Borrower Claim listed on Exhibit A annexed hereto or any other claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the Duplicate Borrower Claims identified on Exhibit A, annexed hereto, as if each such Duplicate Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
        New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTH OMNIBUS OBJECTION - DUPLICATE CLAIMS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | Angelo Ravanello<br>C/O Frank B. Watkins<br>Frank B. Watkins, P.C.<br>2333 Rose Lane<br>PO Box 1811<br>Riverton, WY 82501 | 646 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,095.00 General Unsecured | Residential Capital, LLC | 12-12020 | Angelo Ravanello<br>C/O Frank B. Watkins<br>Frank B. Watkins, P.C.<br>2333 Rose Lane<br>PO Box 1811<br>Riverton, WY 82501 | 726 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,095.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | Armstrong, Eugene, Peggy &<br>Richard<br>John F. Wiley, Esquire<br>J Frederick Wiley PLLC<br>180 Chancery Row<br>Morgantown, WV 26505 | 2605 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$691,105.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Armstrong, Eugene, Peggy &<br>Richard<br>John F. Wiley, Esquire<br>J Frederick Wiley PLLC<br>180 Chancery Row<br>Morgantown, WV 26505 | 4459 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$691,105.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 3 | David B. Kirkland and Wayne S.<br>Feehan<br>114 W. LeMoyne Parkway<br>Oak Park, IL 60302-1120 | 1450 | 10/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$100,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | David B. Kirkland and Wayne S.<br>Feehan<br>114 W. LeMoyne Parkway<br>Oak Park, IL 60302-1120 | 1483 | 10/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$100,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | Deborah J Turner<br>PO Box 1018<br>1107 Highway WW<br>Sullivan, MO 63080 | 2062 | 10/31/2012 | $168,743.24 Administrative Priority<br>$0.00 Administrative Secured<br>$135,000.00 Secured<br>$168,743.24 Priority<br>$33,743.24 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Deborah J Turner<br>PO Box 1018<br>Sullivan, MO 63080 | 2068 | 10/31/2012 | $168,743.24 Administrative Priority<br>$0.00 Administrative Secured<br>$135,000.00 Secured<br>$168,743.24 Priority<br>$33,743.24 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | Deborah J Turner<br>PO Box 1018<br>1107 Highway WW<br>Sullivan, MO 63080 | 2064 | 10/31/2012 | $168,743.24 Administrative Priority<br>$0.00 Administrative Secured<br>$135,000.00 Secured<br>$168,743.24 Priority<br>$33,743.24 General Unsecured | Residential Capital, LLC | 12-12020 | Deborah J Turner<br>PO Box 1018<br>Sullivan, MO 63080 | 2069 | 10/31/2012 | $168,743.24 Administrative Priority<br>$0.00 Administrative Secured<br>$135,000.00 Secured<br>$168,743.24 Priority<br>$33,743.24 General Unsecured | Residential Capital, LLC | 12-12020 |
| 6 | Debra A. Carter<br>38742 Golfview<br>Clinton Township, MI 48038 | 455 | 09/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$80,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debra A. Carter<br>38742 Golfview<br>Clinton Township, MI 48038 | 461 | 09/04/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$80,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | Dianne B. Boyter<br>5909 Four Wood Drive<br>Matthews, NC 28104 | 2542 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$530,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Dianne B. Boyter<br>5909 Four Wood Drive<br>Matthews, NC 28104 | 3482 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$530,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 8 | Estate of Felicia Victoria Mitchell<br>Estate of Felicia Victoria Mitchell<br>(A/K/A Phyllis Victoria Mitchell)<br>C/O Karen A. Mitchell-Smith,<br>Temporary Administratrix<br>41 Rosedale Trace<br>Hampton, GA 30228-2782 | 5662 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$62,313.77 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Estate of Felicia Victoria Mitchell<br>a/k/a Phyllis Victoria Mitchell<br>c/o Karen A. Mitchell-Smith,<br>Temporary Administratrix<br>41 Rosedale Trace<br>Hampton, GA 30228-2782 | 5724 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$62,313.77 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTH OMNIBUS OBJECTION - DUPLICATE CLAIMS (BORROWER CLAIMS)

| | | | Claims to be Disallowed and Expunged | | | | | | | Surviving Claims | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 9 | Gale Gibbs<br>C/O Post Office Box 6741<br>Arlington , TX 76005-6741 | 4168 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$50,000.00 Secured<br>$0.00 Priority<br>$33,352.55 General Unsecured | GMAC Mortgage, LLC | 12-12032 | | Gale Gibbs<br>C/O Post Office Box 6741<br>Arlington , TX 76005-6741 | 4701 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$50,000.00 Secured<br>$0.00 Priority<br>$33,352.55 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 10 | Gerald Gandrup<br>PO Box 67359<br>Scotts Valley, CA 95067 | 3859 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,000,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | | Gerald Gandrup<br>PO Box 67359<br>Scotts Valley, CA 95067 | 4167 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,000,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 11 | Gerard Wiener, for Himself and as Representative of the Estate of Roland Wiener<br>Gerard Wiener<br>c/o David J. Brown, Attorney at Law<br>1135 Ulloa Street<br>San Francisco, CA 94127 | 2891 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$299,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | | Gerard Wiener, for Himself and as Representative of the Estate of Roland Wiener<br>Gerard Wiener<br>c/o David J. Brown, Attorney at Law<br>1135 Ulloa Street<br>San Francisco, CA 94127 | 2892 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$299,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 12 | GMAC Mortgage LLC v Gary Burden and Ayanna Burden<br>Law Offices of Sheldon J Vann and Associates<br>841 Prudential Drive12th Fl<br>Jacksonville, FL 32207 | 717 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$150,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | | GMAC Mortgage LLC v Gary Burden and Ayanna Burden<br>Law Offices of Sheldon J Vann and Associates<br>841 Prudential Drive12th Fl<br>Jacksonville, FL 32207 | 756 | 09/25/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$150,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 13 | GREGORY C MORSE VS ROBERT STANLEY ABB MORTGAGGE WALID ABD PINNACLE TITLE COMPANY LP COMMONWEALTH LAND TITLE et al SANDERS OHANLON AND MOTLEY PLLC<br>111 S TRAVIS ST<br>SHERMAN, TX 75090 | 5656 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$6,475,662.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | | GREGORY C MORSE VS ROBERT STANLEY ABB MORTGAGGE WALID ABD PINNACLE TITLE COMPANY LP COMMONWEALTH LAND TITLE et al SANDERS OHANLON AND MOTLEY PLLC<br>111 S TRAVIS ST<br>SHERMAN, TX 75090 | 5680 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$6,475,622.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 14 | GREGORY C MORSE VS ROBERT STANLEY ABB MORTGAGGE WALID ABD PINNACLE TITLE COMPANY LP COMMONWEALTH LAND TITLE et al SANDERS OHANLON AND MOTLEY PLLC<br>111 S TRAVIS ST<br>SHERMAN, TX 75090 | 5658 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$6,475,662.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | | GREGORY C MORSE VS ROBERT STANLEY ABB MORTGAGGE WALID ABD PINNACLE TITLE COMPANY LP COMMONWEALTH LAND TITLE et al SANDERS OHANLON AND MOTLEY PLLC<br>111 S TRAVIS ST<br>SHERMAN, TX 75090 | 5682 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$6,475,662.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 15 | Jacquelline A. Warner<br>PO Box 2414<br>Redwood City, CA 94064 | 3415 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,049,290.15 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | | Jacquelline A. Warner<br>PO Box 2414<br>Redwood City, CA 94064 | 3502 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,049,290.15 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTH OMNIBUS OBJECTION - DUPLICATE CLAIMS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 16 | Jay Lalor<br>Lester & Associates, P.C.<br>600 Old Country Road, Suite 229<br>Garden City, NY 11530 | 4696 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Jay Lalor<br>Lester & Associates, P.C.<br>600 Old Country Road, Suite 229<br>Garden City, NY 11530 | 4771 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 17 | Jerome & Patricia Haynesworth<br>Jerome L. Haynesworth<br>18215 Cypress Point Terrace<br>Leesburg, VA 20176 | 3796 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$54,384.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Jerome & Patricia Haynesworth<br>Jerome L. Haynesworth<br>18215 Cypress Point Terrace<br>Leesburg, VA 20176 | 4104 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$54,384.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 18 | John R. Tramontano<br>16 Oakland Ave<br>Gilford, NH 03249-7448 | 3448 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$206,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | John R. Tramontano<br>16 Oakland Ave<br>Gilford, NH 03249-7448 | 4737 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$206,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 19 | Juana Cerna<br>14455 San Ardo Drive<br>La Mirada, CA 90638 | 3450 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$25,606.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | Juana Cerna<br>14455 San Ardo Drive<br>La Mirada, CA 90638 | 4689 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$25,606.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 20 | LANTZ CLIFFORD LANTZ VS HOMECOMINGS FINANCIAL<br>Eveland and Associates PLLC<br>8833 S Redwood Road Suite C<br>West Jordan, UT 84088 | 1890 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$590,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Lantz Clifford Lantz vs Homecomings Financial<br>Eveland and Associates PLLC<br>8833 S Redwood RoadSuite C<br>West Jordan, UT 84088 | 2017 | 10/30/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$590,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 21 | Law Offices of Sheldon J. Vann & Associates<br>GMAC Mortgage LLC v Gary Burden and Ayanna Burden<br>841 Prudential Dr 12th Fl<br>Jacksonville, FL 32207 | 757 | 09/25/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$150,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Law Offices of Sheldon J. Vann & Associates<br>GMAC Mortgage LLC v Gary Burden and Ayanna Burden<br>841 Prudential Dr 12th Fl<br>Jacksonville, FL 32207 | 761 | 09/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$150,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 22 | Letha M McAllister Debtor vs GMAC Mortgage LLC an Indirect Wholly owned subsidiary of Ally Financial Inc fka et al<br>Trotter and Maxfield<br>1701 Richland St<br>Columbia, SC 29201 | 1439 | 10/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$61,530.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Letha M McAllister Debtor vs GMAC Mortgage LLC an Indirect Wholly owned subsidiary of Ally Financial Inc fka et al<br>Trotter and Maxfield<br>1701 Richland St<br>Columbia, SC 29201 | 1524 | 10/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$61,530.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 23 | Lillie Young - Alexander<br>6356 Goral Court<br>Waldorf, MD 20603 | 3784 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$292,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Lillie Young - Alexander<br>6356 Goral Court<br>Waldorf, MD 20603 | 3913 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$292,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTH OMNIBUS OBJECTION - DUPLICATE CLAIMS (BORROWER CLAIMS)

| | | | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 24 | Lynn C. Green and James Cassidy 6526 Wauconda Dr. Larkspur, CO 80118 | 2780 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $28,800.00 Priority $0.00 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Lynn C. Greene & James Cassidy 6526 Wauconda Dr. Larkspur, CO 80118 | 3484 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $28,800.00 Priority $0.00 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 25 | M. Lewis Kennedy, Jr. Attn Jason L. Yearout Yearout & Traylor, PC 3300 Cahaba Road, Suite 300 Birmingham, AL 35223 | 4537 | 11/13/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $75,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | M. Lewis Kennedy, Jr. Attn Jason L. Yearout Yearout & Traylor, PC 3300 Cahaba Road, Suite 300 Birmingham, AL 35223 | 4735 | 11/14/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $75,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 26 | M. Nawaz Raja vs. Indy Mac Bank FSB, GMAC Mortgage LLC, GMAC LLC et al 42907 Parkbrooke Court Broadlands, VA 20148 | 1406 | 10/18/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $91,662,688.32 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | M. Nawaz Raja vs Indy Mac Bank FSB, GMAC Mortgage LLC, GMAC LLC et al 42907 Parkbrooke Court Broadlands, VA 20148 | 1511 | 10/22/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $91,662,688.32 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 27 | Mary R. Binancavilla 341 Oak Dr New Cumberland, PA 17070 | 4370 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $144,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Mary R. Biancavilla 341 Oak Dr. New Cumberland, PA 17070 | 4397 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $144,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 28 | Mary S. Biancavilla 341 Oak Dr. New Cumberland, PA 17070 | 3863 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $144,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Mary R. Biancavilla 341 Oak Dr. New Cumberland, PA 17070 | 4397 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $144,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 29 | MATTHEW J DAHL AND JANNA DAHL - HUSBAND & WIFE MATTHEW J DAHL 2804 N 3RD STREET FLAGSTAFF, AZ 86004 | 3869 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $57,169.00 General Unsecured | Residential Capital, LLC | 12-12020 | MATTHEW J DAHL AND JANNA DAHL - HUSBAND & WIFE MATTHEW J DAHL 2804 N 3RD STREET FLAGSTAFF, AZ 86004 | 4143 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $57,169.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 30 | Monifa Ajanaku 1020 Rayner Street Memphis, TN 38114 | 2533 | 11/06/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,323.08 General Unsecured | Residential Capital, LLC | 12-12020 | Monifa Ajanaku 1020 Rayner Street Memphis, TN 38114 | 3795 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,323.08 General Unsecured | Residential Capital, LLC | 12-12020 |
| 31 | Nadine Cruz 4315 Prelude Pass Elmendorf, TX 78112 | 3445 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $95,693.08 General Unsecured | Residential Capital, LLC | 12-12020 | Nadine Cruz 4315 Prelude Pass Elmendorf, TX 78112 | 4746 | 11/14/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $95,693.08 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTH OMNIBUS OBJECTION - DUPLICATE CLAIMS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 32 Neelum Nawaz Raja vs. Indy Mac Bank FSB, GMAC Mortgage LLC, GMAC LLC et al 42907 Parkbrooke Court Broadlands, VA 20148 | 1405 | 10/18/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $91,662,688.32 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Neelum Nawaz Raja vs. Indy Mac Bank FSB, GMAC Mortgage LLC, GMAC LLC et al 42907 Parkbrooke Court Broadlands, VA 20148 | 1510 | 10/22/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $91,662,688.32 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 33 Peake, David G and Sandra J. Peake 9660 Hillcroft Ste 430 Houston, TX 77096 | 3769 | 11/08/2012 | $17,500.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Peake, David G and Sandra J. Peake 9660 Hillcroft Ste 430 Houston, TX 77096 | 3813 | 11/08/2012 | $17,500.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 34 Robert Gregory Patrick 316 Elliott Road Fort Walton Beach, FL 32548 | 3490 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $196,790.75 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Robert Gregory Patrick 316 Elliott Road Fort Walton Beach, FL 32548 | 3608 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $196,790.75 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 35 Robert James Hale and Amie Jo Hale 11900 Kenseth Street Bakersfield, CA 93312 | 4543 | 11/13/2012 | $328,243.40 Administrative Priority $0.00 Administrative Secured $325,211.55 Secured $0.00 Priority $3,031.83 General Unsecured | Residential Capital, LLC | 12-12020 | Robert James Hale and Amie Jo Hale 11900 Kenseth Street Bakersfield, CA 93312 | 4543 | 11/13/2012 | $328,243.40 Administrative Priority $0.00 Administrative Secured $325,211.55 Secured $0.00 Priority $3,031.83 General Unsecured | Residential Capital, LLC | 12-12020 |
| 36 SALVADOR VELAZQUEZ AND LUZ E VELAZQUEZ 58 LOBOS SL SAN FRANCISCO, CA 94112 | 3452 | 11/07/2012 | $169,000.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | SALVADOR VELAZQUEZ AND LUZ E VELAZQUEZ 58 LOBOS SL SAN FRANCISCO, CA 94112 | 4747 | 11/14/2012 | $169,000.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 37 Scott J. Tinker 227 Main St Moosup, CT 06354 | 3872 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $44,149.83 General Unsecured | Residential Capital, LLC | 12-12020 | Scott J. Tinker 227 Main St Moosup, CT 06354 | 4763 | 11/14/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $44,149.83 General Unsecured | Residential Capital, LLC | 12-12020 |
| 38 Wes W. Johnson aka Weslie Johnson Wes W. Johnson c/o James H. Seymour, Counselor at Law Post Office Box 1758 Crystal Bay, NV 89402-1758 | 2914 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $3,000,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Wes W. Johnson aka Weslie Johnson Wes W. Johnson c/o James H. Seymour, Counselor at Law Post Office Box 1758 Crystal Bay, NV 89402-1758 | 4389 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $3,000,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 39 Wes W. Johnson aka Weslie Johnson Wes W. Johnson c/o James H. Seymour, Counselor at Law Post Office Box 1758 Crystal Bay, NV 89402-1758 | 3433 | 11/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,000,000.00 General Unsecured | Executive Trustee Services, LLC | 12-12028 | Wes W. Johnson aka Weslie Johnson Wes W. Johnson c/o James H. Seymour, Counselor at Law Post Office Box 1758 Crystal Bay, NV 89402-1758 | 4390 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,000,000.00 General Unsecured | Executive Trustee Services, LLC | 12-12028 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTH OMNIBUS OBJECTION - DUPLICATE CLAIMS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 40 | Wes W. Johnson aka Weslie Johnson<br>Wes W. Johnson<br>c/o James H. Seymour, Counselor at Law<br>Post Office Box 1758<br>Crystal Bay, NV 89402-1758 | 3441 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$3,000,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Wes W. Johnson aka Weslie Johnson<br>c/o James H. Seymour, Counselor at Law<br>Post Office Box 1758<br>Crystal Bay, NV 89402 | 4391 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$3,000,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 41 | William C. Walker & Keiran J. Walker<br>PO Box 2324<br>Antioch, CA 94531 | 5503 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$402,433.20 General Unsecured | Residential Capital, LLC | 12-12020 | William C. Walker & Keiran J. Walker<br>PO Box 2324<br>Antioch, CA 94531 | 5529 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$402,433.20 General Unsecured | Residential Capital, LLC | 12-12020 |
| 42 | William Mask<br>PO Box 29735<br>Oakland, CA 94604 | 1179 | 10/12/2012 | $8,000.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | William Mask<br>PO Box 29735<br>Oakland, CA 94604 | 1196 | 10/12/2012 | $8,000.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |