**Hearing Date and Time:  July 15, 2013 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 8, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------

## NOTICE OF DEBTORS' SEVENTH OMNIBUS OBJECTION
## TO CLAIMS (AMENDED AND SUPERSEDED BORROWER CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Seventh Omnibus Objection to Claims (Amended and Superseded Borrower Claims)* (the

"Omnibus Objection"), which seeks to alter your rights by either disallowing, modifying

and/or reducing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **July 15, 2013 at 11:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**July 8, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors,

Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104

(Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and

Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S.

Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

(Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State

Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq.

and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of

New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro,

Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street,

New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the

committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas

Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West

52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) and special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY  11753 (Attention:  Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: June 7, 2013
          New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**Hearing Date and Time: July 15, 2013 at 11:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  July 8, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------ | ) | |

**DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIMS**
**<u>(AMENDED AND SUPERSEDED BORROWER CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### RELIEF REQUESTED

1.    The Debtors file this seventh omnibus objection to claims (the "Seventh

Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket

No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to

that attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A[1]

annexed to the Proposed Order.   In support of the Seventh Omnibus Claims Objection, the

Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Seventh Omnibus

Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently

herewith.

2.    The Debtors have examined the proofs of claim identified on Exhibit A to

the Proposed Order and have determined that the proofs of claim listed under the heading

"*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Borrower

Claims") have been amended and superseded by at least one subsequently-filed, corresponding

claim identified under the heading "*Surviving Claims*" (collectively, the "Surviving Borrower

---

[1]    Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

Claims"). The Debtors seek the disallowance and expungement from the official claims register maintained for the Debtors in the Chapter 11 Cases of the Amended and Superseded Borrower Claims and preservation of the Debtors' right to later object to any Surviving Borrower Claim on any other basis.

3.     The proofs of claim identified on <u>Exhibit A</u> annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "<u>Borrower Claims</u>" and each a "<u>Borrower Claim</u>"). As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

4.     This Seventh Omnibus Claims Objection does not affect any of the Surviving Borrower Claims and does not constitute any admission or finding with respect to any of the Surviving Borrower Claims. Further, the Debtors expressly reserve all rights to object on any other basis to any Surviving Borrower Claim and to any Amended and Superseded Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.     On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

---

[2]     The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

9.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

10.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").   The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").   (Bar Date Order ¶¶ 2, 3).   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was **not** extended.

11.     To date, approximately 6,850 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.

12.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

13.     The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claim (the "Borrower Claim Procedures").  Based on substantive input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.  For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim.  (See Procedures Order at 4).

14.     However, if the Debtors' objection to a Borrower Claim is premised on certain non-substantive grounds, including that the Borrower's proof of claim duplicates another proof of claim filed by such Borrower, then the Debtors are not required to send a Request Letter to such Borrower before filing an objection to such Borrower's Claim.  (See Procedures Order at 3).

## THE AMENDED AND SUPERSEDED BORROWER CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

15.     Based upon their review of the claims filed on the claims register in these Chapter 11 Cases maintained by KCC, the Debtors have determined that each Amended and Superseded Borrower Claim identified on Exhibit A annexed to the Proposed Order has been amended and superseded by the corresponding Surviving Borrower Claim that was subsequently filed by or on behalf of the same creditor.  (See Horst Declaration ¶¶ 3, 4).

4

ny-1091957

16.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

17.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Claims that are amended and superseded by subsequent proofs of claim filed by the same creditor are routinely disallowed and expunged. See, e.g., In re Enron Corp., Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged . . . ."); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

18.     The Debtors are not required to pay on the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Moreover, elimination of the Amended and Superseded Borrower Claims will also enable the Debtors to maintain a claims register that more accurately reflects the universe of claims asserted against the Debtors.

19.     Upon reviewing the proofs of claim that are the subject of this Seventh Omnibus Claims Objection, the Debtors seek to disallow and expunge the Amended and Superseded Borrower Claims on the basis that such claims have been amended and superseded

5

by at least one subsequently-filed, corresponding claim filed by the same creditor.  (See Horst Declaration ¶ 3).

20.    The Debtors submit that given the basis of their objection to the Amended and Superseded Borrower Claims is that such Borrower Claims have been amended by subsequently filed proofs of claim, the Debtors are not required to send a Request Letter seeking additional information from such Borrowers, and are thus in compliance with the Borrower Claim Procedures set forth in the Procedures Order.  (See Horst Declaration ¶ 5).

21.    Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Amended and Superseded Borrower Claims listed on Exhibit A to the Proposed Order.[3]  The Surviving Borrower Claims will remain on the claims register subject to further objections on any other basis.

## NOTICE

22.    The Debtors have served notice of this Seventh Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

---

[3]    Where a creditor has filed different documentation in support of the Amended and Superseded Borrower Claim and the Surviving Borrower Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Borrower Claim.

ny-1091957

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  June 7, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

7

## **Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------   )
                                                                )
In re:                                                          )      Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                        )      Chapter 11
                                                                )
                                          Debtors.              )      Jointly Administered
                                                                )
-------------------------------------------------------------   )

### DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIMS <u>(AMENDED AND SUPERSEDED BORROWER CLAIMS)</u>

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap for eleven years, the last ten months in my current position.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

---

[1]   The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

the *Debtors' Seventh Omnibus Objection to Claims (Amended and Superseded Borrower Claims)* (the "Objection").[2]

2.     Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.     In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A to the Proposed Order.  In connection with this analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.     Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim

---

[2]     Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

filed in these Chapter 11 Cases.  Based on a thorough review of the Amended and Superseded Borrower Claims at issue, whether or not the Surviving Borrower Claims specifically state on their face that they are amendments of the corresponding Amending and Superseded Borrower Claims, the Debtors have determined that each claim listed in the rows below the column entitled "Claim to be Disallowed" on Exhibit A annexed to the Proposed Order has been amended and superseded by a later-filed claim or claims by the same claimant that the Debtors have determined relate to the same subject matter.  The Debtors' examination of those Claims revealed that the Surviving Borrower Claims were filed by the same claimant, and on account of the same obligations, as that creditor's corresponding Claim previously filed with the Court and/or KCC.  If the Amended and Superseded Borrower Claims are not disallowed and expunged, the claimants who filed these Claims may potentially receive a wholly improper recovery to the detriment of other creditors.

5.      The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order.  The Debtors have sought to comply with these procedures.  In this case, given the basis of the Objection, the Debtors have determined that they may object to these Amended and Superseded Borrower Claims without first having to send a Request Letter to such Borrowers requesting additional information.

6.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Amended and Superseded Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 7, 2013

       /s/ Deanna Horst
      Deanna Horst
      Senior Director of Claims Management for
      Residential Capital, LLC

ny-1091959

## Exhibit 2

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- )
                                                           )
In re:                                                     )    Case No. 12-12020 (MG)
                                                           )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                   )    Chapter 11
                                                           )
                                          Debtors.         )    Jointly Administered
---------------------------------------------------------- )

### ORDER GRANTING DEBTORS' SEVENTH OMNIBUS OBJECTION TO CLAIMS
### (AMENDED AND SUPERSEDED BORROWER CLAIMS)

Upon the seventh omnibus objection to claims, dated June 7, 2013 (the "<u>Seventh</u>

<u>Omnibus Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the

above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the

"<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Amended and

Superseded Borrower Claims on the basis that such claims have been amended and superseded

by at least one subsequently-filed, corresponding claim, all as more fully described in the

Seventh Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider

the Seventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Seventh Omnibus Claims Objection and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Seventh Omnibus

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
        in the Debtors' Seventh Omnibus Claims Objection.

Claims Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Seventh Omnibus Claims Objection and the Declaration of Deanna Horst in Support of the Debtors' Seventh Omnibus Objection to Claims (Amended and Superseded Borrower Claims), annexed to the Seventh Omnibus Claims Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Seventh Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Seventh Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Seventh Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto under the heading "Claims to be Disallowed and Expunged" (collectively, the "Amended and Superseded Borrower Claims") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Amended and Superseded Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Debtors' claims register; and it is further

ORDERED that the claims listed on Exhibit A annexed hereto under the heading "Surviving Claims" (collectively, the "Surviving Borrower Claims") will remain on the claims register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Amended and Superseded Borrower Claims does not constitute any admission or finding with respect to any of the Surviving Borrower Claims; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Seventh Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Borrower Claims, and the Debtors' and all parties in interest's rights to object on any basis are expressly reserved with respect to any Surviving Borrower Claim listed on Exhibit A annexed hereto or any other claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the Amended and Superseded Borrower Claims identified on Exhibit A, annexed hereto, as if each such Amended and Superseded Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
          New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (BORROWER CLAIMS)

| | | | Claims to be Disallowed and Expunged | | | | | | | Surviving Claims | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | B.I.D. Anyanwu 2202 S. Budlong Ave Los Angeles, CA 90007 | 1973 | 10/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $700,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | B.I.D. Anyanwu 2202 S. Budlong Ave Los Angeles, CA 90007 | 3793 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $700,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | B.I.D. Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 94 | 06/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $700,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | B.I.D. Anyanwu 2202 S. Budlong Ave Los Angeles, CA 90007 | 3793 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $700,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 3 | B.I.D. Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 219 | 06/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $700,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | B.I.D. Anyanwu 2202 S. Budlong Ave Los Angeles, CA 90007 | 3793 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $700,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | B.I.D. Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 1974 | 10/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $700,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | B.I.D. Anyanwu 2202 S. Budlong Ave Los Angeles, CA 90007 | 3793 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $700,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | BLIDE DIANE INTERVENING COUNTER PLAINTIFF V WELLS FARGO BANK NA KELLI KINZER MERS AS NOMINEE FOR IMPAC FUNDING et al LEGAL ASSISTANCE FOUNDATION OF METROPOLITAN CHICAG 120 S LaSalle Ste 900 CHICAGO, IL 60603 | 3720 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $285,272.58 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | BLIDE DIANE INTERVENING COUNTER PLAINTIFF V WELLS FARGO BANK NA KELLI KINZER MERS AS NOMINEE FOR IMPAC FUNDING et al LEGAL ASSISTANCE FOUNDATION OF METROPOLITAN CHICAG 120 S LaSalle Ste 900 CHICAGO, IL 60603 | 5762 | 11/19/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $285,272.58 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 6 | Charity Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 96 | 06/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $2,500,000,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Charity Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 3794 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | Charity Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 218 | 06/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $2,500,000,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Charity Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 3794 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 8 | Charity Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 243 | 07/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $2,500,000,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Charity Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 3794 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 9 | Charity Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 1969 | 10/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $2,500,000,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Charity Anyanwu 2202 Budlong Avenue Los Angeles, CA 90007 | 3794 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 10 | Charity Anyanwu<br>2202 S. Budlong Avenue<br>Los Angeles, CA 90007 | 1970 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Charity Anyanwu<br>2202 Budlong Avenue<br>Los Angeles, CA 90007 | 3794 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 11 | Christy Lynn Spector<br>1031 Trinita Terrace<br>Davis, CA 95618 | 1662 | 10/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$450,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Christy Lynn Spector<br>1031 Trinita Terrace<br>Davis, CA 95618 | 3442 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$450,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 12 | Colleen O. Bigsby<br>12702 US Hwy 301 North<br>Thonotosassa, FL 33592 | 1427 | 10/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>BLANK Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Colleen O. Bigsby<br>12702 US Hwy 301<br>Thonotosassa, FL 33592 | 6397 | 12/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$5,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 13 | David Kinworthy<br>c/o Law Office of John T. Dzialo<br>200 W. Santa Ana Blvd. Suite 990<br>Santa Ana, CA 92701 | 2361 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,511.50 General Unsecured | GMAC Mortgage, LLC | 12-12032 | DAVID KINWORTHY VS GMAC MORTGAGE LLC<br>c/o Law Offices of John T. Dzialo<br>200 W Santa Ana Blvd Ste 990<br>Santa Ana, CA 92701 | 2602 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$230,511.50 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 14 | Gerald Gandrup<br>PO Box 67359<br>Scotts Valley, CA 95067 | 2615 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,000,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Gerald Gandrup<br>PO Box 67359<br>Scotts Valley, CA 95067 | 4167 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,000,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 15 | GMAC Mortgage LLC Mortgage Electronic Registration Systems Inc Wells Fargo Bank NA As trustee for Harborview et al<br>Carol and Kenneth Kinman<br>LAW OFFICES OF MICHAEL YESK<br>70 DORAY DR STE 16<br>PLEASANT HILL, CA 94523 | 4112 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$875,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | GMAC Mortgage LLC Mortgage Electronic Registration Systems Inc Wells Fargo Bank NA As trustee for Harborview et al<br>LAW OFFICES OF MICHAEL YESK<br>70 DORAY DR STE 16<br>PLEASANT HILL, CA 94523 | 4997 | 11/15/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$875,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 16 | Jay Williams<br>5731 Post Rd.<br>Bronx, NY 10471 | 1698 | 10/26/2012 | $595,000.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Jay Williams<br>5731 Post Rd.<br>Bronx, NY 10471 | 6295 | 12/03/2012 | $595,000.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 17 | Jay Williams<br>5731 Post Rd.<br>Bronx, NY 10471 | 1961 | 10/29/2012 | $595,000.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Jay Williams<br>5731 Post Rd.<br>Bronx, NY 10471 | 6295 | 12/03/2012 | $595,000.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 18 | LAW OFFICES OF DANIEL R BINA<br>1639 MAIN ST N STE 1<br>PINE CITY, MN 55063 | 5283 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$50,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | LAW OFFICES OF DANIEL R BINA<br>1639 MAIN ST N STE 1<br>PINE CITY, MN 55063 | 5793 | 11/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$50,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 19 | Lois Elaine Van Hoveln Decker 10569 Abisso Drive Las Vegas, NV 89135 | 5446 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | Lois Elaine Van Hoveln Decker 10569 Abisso Drive Las Vegas, NV 89135 | 6394 | 12/19/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 |
| 20 | Lolita Hite LOLITA HITE VS. THE REAL ESTATE BROKERS LENDING SERVICE, PNC MORTGAGE CORP., BANK ONE, NA 12705-07 Locke Avenue Cleveland, OH 44108 | 1997 | 10/30/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $52,856.24 General Unsecured | Residential Capital, LLC | 12-12020 | Lolita Hite LOLITA HITE VS. THE REAL ESTATE BROKERS LENDING SERVICE, PNC MORTGAGE CORP., BANK ONE, NA 12705-07 Locke Avenue Cleveland, OH 44108 | 6268 | 11/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $52,856.24 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 21 | M Nawaz Raja et al v Indy Mac Bank FSB GMAC Mortgage LLC et al no other Ally or ResCap entities named 42907 Parkbrooke Ct Broadlands, VA 20148 | 1340 | 10/12/2012 | $91,662,688.32 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | M. Nawaz Raja vs Indy Mac Bank FSB, GMAC Mortgage LLC, GMAC LLC et al 42907 Parkbrooke Court Broadlands, VA 20148 | 1511 | 10/22/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $91,662,688.32 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 22 | Michael and Gloria McGuinty 8708 53rd Terrace East Bradenton, FL 34211 | 1963 | 10/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | Michael and Gloria McGuinty 8708 53rd Terrace East Bradenton, FL 34211 | 5970 | 11/28/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 |
| 23 | Michael Wheeler 1728 Victoria Way NW Kennesaw, GA 30152 | 4820 | 11/14/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,180,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Michael Wheeler 1728 Victoria Way NW Kennesaw, GA 30152 | 4940 | 11/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,180,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 24 | Neville Evans and Maribeth Evans James B. Blackburn, Jr. Wiseman, Blackburn & Futrell PO Box 8996 Savannah, GA 31412 | 5267 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $850,000.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Neville Evans and Maribeth Evans James B. Blackburn, Jr. Wiseman, Blackburn & Futrell PO Box 8996 Savannah, GA 31412 | 5267 | 11/16/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $850,000.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 25 | Noble Debamaka an Individual 2202 S. Budlong Ave. Los Angeles, CA 90007 | 1971 | 10/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Noble Debamaka an Individual 2202 S. Budlong Ave. Los Angeles, CA 90007 | 3799 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 26 | Pastor, Noble Debamaka 2202 Budlong Avenue Los Angeles, CA 90007 | 95 | 06/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $1,500,000,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Noble Debamaka an Individual 2202 S. Budlong Ave. Los Angeles, CA 90007 | 3799 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 27 | Pastor, Noble Debamaka 2202 Budlong Avenue Los Angeles, CA 90007 | 222 | 06/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $1,500,000,000.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Noble Debamaka an Individual 2202 S. Budlong Ave. Los Angeles, CA 90007 | 3799 | 11/08/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (BORROWER CLAIMS)

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | **Surviving Claims** | | | | | |
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 28 | Pastor, Noble Debamaka<br>2202 Budlong Avenue<br>Los Angeles, CA 90007 | 1968 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$1,500,000,000.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Noble Debamaka an Individual<br>2202 S. Budlong Ave.<br>Los Angeles, CA 90007 | 3799 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,500,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 29 | Patricia J. McNerney<br>Susan Marie Gray, Attorney at Law<br>22255 Center Ridge Road, Suite 201<br>Rocky River, OH 44116 | 2457 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 | Patricia J. McNerney<br>Susan Marie Gray, Attorney at Law<br>22255 Center Ridge Road, Suite 201<br>Rocky River, OH 44116 | 4762 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$600,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 30 | Patricia J. McNerney<br>Susan Marie Gray, Attorney at Law<br>22255 Center Ridge Road, Suite 201<br>Rocky River, OH 44116 | 2461 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Patricia J. McNerney<br>Susan Marie Gray, Attorney at Law<br>22255 Center Ridge Road, Suite 201<br>Rocky River, OH 44116 | 4764 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$600,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 31 | Paul Joseph Powderly<br>522 South Helena Street<br>Anaheim, CA 92805-4530 | 4751 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$280,000.00 Secured<br>$390,054.00 Priority<br>$390,054.00 General Unsecured | Residential Capital, LLC | 12-12020 | Paul Joseph Powderly<br>522 South Helena Street<br>Anaheim, CA 92805-4530 | 5741 | 11/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$280,000.00 Secured<br>$390,054.00 Priority<br>$390,054.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 32 | Ronald Gillis<br>PO Box 380842<br>Murdock, FL 33938-0842 | 444 | 08/31/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$209,859.68 General Unsecured | Residential Capital, LLC | 12-12020 | Ronald Gillis<br>PO Box 380842<br>Murdock, FL 33938-0842 | 913 | 10/01/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$209,859.68 General Unsecured | Residential Capital, LLC | 12-12020 |
| 33 | THOMAS G. COOPER AND CATHERINE D. COOPER<br>PO BOX 1073<br>SALEM, NH 03079-1073 | 2418 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$50,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Thomas G. Cooper and Catherine D. Cooper<br>P.O. Box 3671<br>Concord, NH 03302-3671 | 6272 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$50,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |