# Exhibit 1

# Exhibit 1

**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------)
In re:                                                                  )          Chapter 11
                                                                              )
**RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,**          )          Case No.  12-120120 (MG)
                                                                              )
                                        Debtors.              )          Jointly Administered
---------------------------------------------------------)

**ORDER GRANTING DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019
FOR APPROVAL OF THE SETTLEMENT AGREEMENT AMONG FGIC,
THE DEBTORS, THE TRUSTEES AND THE INSTITUTIONAL INVESTORS**

Upon the motion, dated June 7, 2013 (the "**Motion**"), of Residential Capital, LLC and its affiliated debtors in the above-referenced chapter 11 cases (the "**Chapter 11 Cases**"), as debtors in possession (collectively, the "**Debtors**"), pursuant to Fed. R. Bankr. P. 9019 for approval of that certain Settlement Agreement entered into among the Debtors, Financial Guaranty Insurance Company ("**FGIC**"), The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., Law Debenture Trust Company of New York, U.S. Bank National Association and Wells Fargo Bank, N.A., each solely in their respective capacities as trustees, indenture trustees or separate trustees (collectively, the "**Trustees**") under the Trusts[1] and the Institutional Investors, dated May 23, 2013 (the "**Settlement Agreement**"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and upon the affidavits of the Trustees of mailing notice of the Settlement Agreement to all Investors in the Trusts; and due and proper notice of the Settlement Agreement, the Motion and the relief requested therein having been provided to

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Settlement Agreement.

all parties in interest in the Chapter 11 Cases, including the Investors, in satisfaction of federal and state due process requirements and other applicable law, and no other or further notice being necessary; and the Court having reviewed the Settlement Agreement; and after due deliberation and for good cause shown, it is

ADJUDGED, FOUND AND DETERMINED:

A. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

B. The Settlement Agreement and the transactions contemplated thereby, including the releases given therein, meet the standards established by the Second Circuit for the approval of a compromise and settlement in bankruptcy, and are reasonable, fair and equitable and supported by adequate consideration.

C. The Settlement Agreement and the transactions contemplated thereby, including the releases given therein, are in the best interests of the Debtors, their estates, their creditors, the Investors in each Trust, each such Trust, the Trustees and all other parties in interest.

D. The Trustees acted reasonably, in good faith and in the best interests of the Investors in each Trust and each such Trust in agreeing to the Settlement Agreement.

E. Notice of the Settlement Agreement, including the Trustees' notice of the same, is sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the parties in interest in these Chapter 11 Cases and others, including the Investors in each Trust, on notice of the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Motion is granted.

2

2. Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

3. The Settlement Agreement is hereby approved pursuant to Fed. R. Bankr. P. 9019(a) and the applicable decisional case law, and, pursuant to the terms and conditions of the Settlement Agreement, and subject to the occurrence of the Effective Date, the Debtors are hereby authorized and directed to take any and all actions as may be necessary to effectuate and implement the Settlement Agreement.

4. Pursuant to the Settlement Agreement, and subject to the occurrence of the Effective Date, (a) the FGIC Claims shall be allowed as general unsecured claims against each of Residential Capital, LLC, GMAC Mortgage, LLC and Residential Funding Company, LLC (A) in the aggregate amount of $596.5 million, which amount (i) is equal to the sum of (x) $343.2 million, the amount of claims FGIC has paid under the Policies that remain unreimbursed and (y) $253.3 million, the sum of all of the Payment Amounts and (ii) will be allocated among Residential Capital, LLC, GMAC Mortgage, LLC and Residential Funding Company, LLC pro rata based on which of the Debtors would be obligated to reimburse FGIC for such payments under the Governing Agreements; or (B) if a chapter 11 plan contemplated by that certain Plan Support Agreement, dated as of May 13, 2013, by and among the Parties to the Settlement Agreement and certain other parties (the "**Plan Support Agreement**") is confirmed and goes effective, in the aggregate and allocated amounts, as applicable, set forth in Annex I (as such annex may be adjusted, amended or revised) of the Supplemental Term Sheet (as defined in the Plan Support Agreement) as provided for in the Supplemental Term Sheet Paragraph 2 at pages 6 and 7 (in the case of either (A) or (B), the "**FGIC Allowed Claims**"); provided, further

that if the Plan Support Agreement is terminated in accordance with its terms or the chapter 11 plan contemplated thereunder does not go effective, in addition to the FGIC Allowed Claims, FGIC reserves all rights to assert general unsecured claims against each of Residential Capital, LLC, GMAC Mortgage, LLC and Residential Funding Company, LLC, as reflected in the proofs of claim filed by FGIC in the Chapter 11 Cases, with all claims by FGIC (including any FGIC Allowed Claims or otherwise) against each such entity capped in each case at the amount of $596.5 million and (b) the FGIC Allowed Claims shall be treated in accordance with the Plan Support Agreement and the chapter 11 plan contemplated thereby, or, if such agreement is terminated in accordance with its terms or the chapter 11 plan contemplated thereby does not go effective, the FGIC Allowed Claims shall be treated *pari passu* with other unsecured claims allowed against Residential Capital, LLC, GMAC Mortgage, LLC and Residential Funding Company, LLC in the Chapter 11 Cases.

5.  The Settlement Agreement is not, and shall not be construed as, a settlement, termination, release, discharge or waiver of any claims (including with respect to the Prepetition Litigation) FGIC may have against non-Debtor affiliates of Residential Capital, LLC (including Ally Financial, Inc.) or the Representatives of such non-Debtor affiliates. For the avoidance of doubt, this paragraph does not apply to the Representatives of the Debtors.

6.  Subject to the occurrence of the Effective Date, the Settlement Agreement and the settlements, releases and discharges contemplated thereby shall be binding on all parties in interest in the Chapter 11 Cases, including the Investors.

4

7. Except as otherwise provided in the Settlement Agreement, this Court shall retain jurisdiction with respect to all matters arising out of or relating to the implementation, interpretation and/or enforcement of this Order.

Dated: _____, 2013
      New York, New York

                                      _____
                                      THE HONORABLE MARTIN GLENN
                                      UNITED STATES BANKRUPTCY JUDGE