**Hearing Date and Time: June 12, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: June 10, 2013 at 10:00 a.m. (ET)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Jeffrey S. Trachtman
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official*
*Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                  :   Chapter 11
                                        :
Residential Capital, LLC, et al.,       :   Case No. 12-12020 (MG)
                                        :
             Debtors.                   :   Jointly Administered
                                        :
------------------------------------------------------------ x

**STATEMENT OF THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS IN SUPPORT OF THE DEBTORS' MOTION**
**FOR THE ENTRY OF AN ORDER FURTHER EXTENDING THEIR EXCLUSIVE**
**PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") hereby files this statement (the "**Statement**") in support of the Debtors' motion for the entry of an order further extending their exclusive periods to file a chapter 11 plan and solicit acceptances thereof (the "**Motion**") [Docket No. 3911], and respectfully submits as follows:[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

## INTRODUCTION

1.       In view of the remarkable breakthrough represented by the near-global settlement embodied in the recently filed Plan Support Agreement, a further appropriately tailored extension of exclusivity – designed to take the plan process through the disclosure statement stage – is amply warranted. The Committee therefore supports the granting of the relief sought in the Motion as necessary and appropriate.

## STATEMENT

2.       As the Court is aware, the Debtors, the Committee, AFI, and certain other key creditor constituencies – aided by the efforts of the Honorable James M. Peck as Plan Mediator – recently reached agreement on the terms of a settlement that resolves a broad range of disputes and sets the stage for a largely consensual plan process that only weeks ago seemed an unattainable aspiration. The cornerstone of that settlement is AFI's agreement to nearly triple its original proposed plan contribution from $750 million to $2.1 billion – permitting substantial improvements in the expected recoveries of all creditor classes.

3.       Notwithstanding this breakthrough, the parties still have substantial work remaining to embody the settlement in a confirmable chapter 11 plan. The next few weeks will bring several important milestones in that process: The Debtors' motion to approve entering into the Plan Support Agreement is scheduled to be heard by the Court on June 26, 2013. The Debtors, the Committee, and the Consenting Claimants are also intensively engaged in preparing the proposed plan, disclosure statement, and related documents, with the goal of the Debtors and the Committee filing a joint plan and disclosure statement on or about July 3 and scheduling a disclosure statement hearing in August. Thus, the proposed extension of the Exclusive Plan Period through August 21, 2013 is narrowly tailored to take these cases only through the disclosure statement dont stage of the plan process. Assuming satisfactory progress by August, the

Debtors, with the consent of the Committee, will likely seek a further extension of exclusivity as appropriate.

4. An extension somewhat longer than the thirty days granted in connection with the Debtors' most recent prior application is appropriate here in view of the substantial progress made towards resolving these cases on favorable terms and the major efforts already underway to move from agreement on basic terms to a fully documented, confirmable plan. There can be little doubt in these circumstances that the Debtors have satisfied the traditional criteria for such an extension, as explained in the Motion.

5. Terminating the Debtors' Exclusive Periods and allowing third parties to file competing plans at this juncture would be unproductive, would distract the parties from their focus on the emerging plan process, and could imperil the successful resolution of these cases. The plan will provide mechanisms to resolve outstanding disputes, and the few parties not already on board with the Plan Support Agreement can present their issues or objections at appropriate stages in the joint plan process. Requiring the settling parties, instead, to address what will likely be unconfirmable competing chapter 11 plans would be a waste of estate resources and would only disrupt what is already a complex and challenging plan documentation process.

[*Remainder of Page Intentionally Left Blank.*]

## **CONCLUSION**

WHEREFORE, the Committee respectfully requests that the Court grant the requested extensions of the Exclusive Periods and such other relief as may be just and proper.

Dated: New York, New York
June 10, 2013

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Douglas H. Mannal
Jeffrey S. Trachtman
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the Official Committee
of Unsecured Creditors*