Hearing Date: June 12, 2013 at 10:00 a.m. (ET)
Objection Deadline: June 5, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468 8000
Facsimile:    (212) 468 7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' REPLY TO INTERESTED PARTY'S OBJECTION TO
DEBTORS' MOTION PURSUANT TO SECTION 362(a) OF THE
<u>BANKRUPTCY CODE FOR ENFORCEMENT OF THE AUTOMATIC STAY</u>**

ny-1093957

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

Residential Capital, LLC ("ResCap") and each of its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), by and through their undersigned counsel, hereby submit this reply (the "Reply") to *Interested Party's Objection to Debtors' Motion Pursuant to Section 362(a) of the Bankruptcy Code for Enforcement of the Automatic Stay; and Interested Party's Motion for Clarification and Enforcement of Interim Relief Pursuant to the July 13, 2012 Final Supplemental Order for Interim Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and Rule 9019* [Docket No. 3889] (the "Objection"),[1] which was filed by Marcia Navarro and La Ley Con John H. Ruiz (together, the "Navarro Parties") in connection with the *Debtors' Motion Pursuant To Section 362(a) Of The Bankruptcy Code For Enforcement Of The Automatic Stay* [Docket No. 3830] (the "Motion"), which was filed on May 24, 2013.[2] In further support of the Motion, the Debtors respectfully state as follows:

**REPLY**

1. By the Motion, the Debtors request the entry of an order enforcing the automatic stay with respect to efforts by the Navarro Parties to enforce and collect the pre-petition Attorneys' Fees. In response, the Navarro Parties filed the Objection in which they belatedly seek this Court's blessing to collect the Attorneys' Fees. The Objection is riddled with inaccurate statements, blatant mischaracterizations, and specious arguments, and fails to set forth

---

[1] The Navarro Parties also filed *Interested Party's Motion for Leave to File Objection and for Clarification and Enforcement of Interim Relief* [Docket No. 3888] (the "Motion for Leave"). As the relief requested in the Motion for Leave is duplicative of the Objection and unnecessary, the Debtors do not intend to file a separate response, but request that the Court also overrule the Motion for Leave to the extent it is deemed to be an objection to the Motion.

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Motion.

ny-1093957

any legitimate basis supporting the Navarro Parties' contention that the Attorneys' Fees are not subject to the stay. Accordingly, the Objection should be overruled.[3]

2.  The Navarro Parties assert they are entitled to collect the Attorneys' Fees under a number of contradictory—and completely erroneous—theories. *First*, the Navarro Parties assert that the Attorneys' Fees are post-petition claims because the Fee Order was entered by the State Court on June 11, 2012, after the Petition Date. (Obj. ¶ 3.) Section 101(5)(A) of the Bankruptcy Code defines a claim as a "right to payment, whether or not such right is reduced to judgment. . . ." 11 U.S.C. § 101(5)(A) (emphasis added). Section 362(a) automatically stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor to recover a claim against the debtor that arose before the commencement of the case under this title," as well as "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title. . . ." 11 U.S.C. § 362(a)(1), (6). As the Objection itself makes clear, and the Debtors do not dispute, the Attorneys' Fees constitute a right to payment that arose under Florida statute and the terms of Navarro's mortgage loan when the Navarro Parties prevailed in the Foreclosure Action. (Obj. ¶¶ 8, 9.) The Navarro Parties prevailed when the Foreclosure Action was dismissed, which occurred on April 4, 2011, well before the Petition Date. (Mot. ¶ 14, Ex. 4-B.) Accordingly, the Attorneys' Fees are, by definition, pre-Petition Date claims and subject to the automatic stay.[4] Not only is the entry of

---

[3] To the extent the Objection is deemed to constitute an independent motion seeking relief from the stay to collect the Attorneys' Fees, the Debtors respectfully submit that the Navarro Parties' entitlement (or lack thereof) to such relief will be fully addressed by the Court in connection with its ruling on the Debtors' Motion and should be denied as moot.

[4] Of course, even if the Attorneys' Fees were post-petition claims, the prosecution of those claims would not be subject to the automatic stay, but the collection of the Attorneys' Fees likely would be subject to the stay under subsections 362(a)(3) and (a)(4) of the Bankruptcy Code, which stay any act against property of the estate, because all of a corporate debtor's property, whether acquired before or after commencement of a case, is generally property of the estate under sections 541(a) (1), (6), and (7) of the Bankruptcy Code. 11 U.S.C. §§ 362(a)(3), (4), 541(a) (1), (6), and (7).

the Fee Order after the Petition Date irrelevant to the determination of whether the Attorneys' Fees are pre- or post-petition claims, it was in fact a violation of the automatic stay.

3.  *Second*, the Navarro Parties contend that the Attorneys' Fees are "Mandatory Monetary Claims" as defined in the Final Supplemental Order, and therefore, stay relief has already been granted by this Court to pursue the Attorneys' Fees. (Obj. ¶ 3.) The Debtors rely on, and incorporate by reference, the arguments set forth in paragraphs 31-32 of the Motion and reiterate that Mandatory Monetary Claims are those which are actual defenses to a foreclosure; they do not include any and all claims arising in connection with the defense of a foreclosure action. Claims for prevailing party fees are <u>not</u> a defense to a foreclosure proceeding under Florida law, and the Navarro Parties point to no statute or case law to suggest otherwise. Accordingly, and again by definition, the Attorneys' Fees are not Mandatory Monetary Claims. Furthermore, the Final Supplemental Order explicitly provides that the stay remains in effect with respect to any efforts to collect or enforce Mandatory Monetary Claims. (Final Supplemental Order, ¶ 14(d).) Thus, the Navarro Parties' blithe assertions that they are entitled to collect the Attorneys' Fees because they are Mandatory Monetary Claims are utterly without merit.

4.  *Third*, the Navarro Parties claim without any support that they did not timely receive notice of the Bar Date Order, and they are therefore entitled to stay relief to pursue the Attorneys' Fees. (Obj. ¶ 3.) Each of the Navarro Parties <u>did</u> receive timely notice of the Bar Date Order, as evidenced by the Affidavits of Service attached to the Motion as <u>Exhibit 3</u>, and which the Navarro Parties have presented no evidence to controvert. In any event, the allegation that the Navarro Parties did not receive notice of the Bar Date, does not, in and of itself, constitute grounds for relief from the automatic stay.

3

ny-1093957

5. *Fourth*, the Navarro Parties argue that it would be an unfair windfall to the Debtors and prejudicial to all borrowers if this Court were to prevent the collection of prevailing party fees while allowing the Debtors to continue prosecuting foreclosure actions pursuant to the Supplemental Servicing Order.[5] (Obj. pp. 12-14.) However, the Foreclosure Action was dismissed prior to the Petition Date and has not been recommenced by the Debtors. Moreover, the Supplemental Servicing Order does not itself bar prevailing party fees or any other pre-petition monetary claims that arise in the context of pending foreclosure actions but do not constitute Mandatory Monetary Claims. Rather, it stays the prosecution and enforcement of such claims. In order to preserve their claims against the Debtors' estates, parties holding such claims must file proofs of claim and, if they wish to continue to prosecute such claims in another forum, are required to come before this Court and seek relief from the stay. This process, which is a cornerstone of the Bankruptcy Code, is fair to all creditors because it allows the Debtors to address claims in a single venue, thereby preserving estate assets, promoting the efficient administration of the Debtors' chapter 11 cases, and ensuring that similarly-situated creditors receive equal treatment. Any prejudice suffered by the Navarro Parties is the result of their own failure to file a proof of claim for the Attorneys' Fees.

6. Notwithstanding the Debtors' efforts to put the Navarro Parties on notice of the imposition of the automatic stay through their filings in the State Court and correspondence with their counsel, the Navarro Parties only decided to seek stay relief when faced with the Motion. As set forth above, the Navarro Parties are not entitled to stay relief, and their continuing violations of the automatic stay should not be countenanced.

---

[5] The Navarro Parties' citations to Boeing N. Am., Inc. v. Ybarra (In re Ybarra), 424 F.3d 1018 (9th Cir. 2005) (Obj. pp. 14-15) are completely inapposite. That decision addressed the dischargeability of post-petition administrative claims. Here, the Attorneys' Fees are pre-petition claims and are not being discharged; rather, they are barred as a result of the Navarro Parties' failure to timely file a proof of claim.

## RESERVATION OF RIGHTS

7. As set forth in the Motion, the Debtors reserve all rights to seek additional relief with respect to the stay violations committed by or at the direction of the Navarro Parties, including an award of monetary damages as they may deem appropriate. The Debtors also reserve all rights to seek the imposition of sanctions against the Navarro Parties or their counsel pursuant to Bankruptcy Rule 9011(c).

## CONCLUSION

8. For the reasons set forth above, the Debtors respectfully request that the Court: (a) overrule and deny the Objection in its entirety; (b) enter the Order granting the relief requested in the Motion, and (c) grant such other and further relief as the Court may deem just and proper.

Dated: New York, NY
       June 10, 2013

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*