**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| RESIDENTIAL CAPITAL, LLC., et al. | ) | Case No. 12-12020 (MG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER
(A) STAYING PROSECUTION OF CERTAIN LITIGATION
AND DISCOVERY AGAINST PARTIES TO THE PLAN SUPPORT
AGREEMENT AND (B) TOLLING RELATED STATUTES OF LIMITATION**

Subject to Bankruptcy Court approval, this stipulation (the "*Stipulation*") is made and entered into by, between and among Residential Capital, LLC ("*ResCap*") and its debtor affiliates (collectively, the "*Debtors*"), Ally Financial Inc. ("*AFI*") and its direct and indirect subsidiaries excluding the Debtors (collectively, "*Ally*"), the Official Committee of Unsecured Creditors (the "*Creditors' Committee*"), and the Consenting Claimants (together with the Debtors, Ally, and the Creditors' Committee, the "*Parties*").[1] The Parties intend this Stipulation

---

[1] Capitalized terms used in this Stipulation without definition have the meaning ascribed to them in the plan support agreement [ECF No. 3814, Ex. 3] (the "*Plan Support Agreement*") entered into amongst the Parties. The "*Consenting Claimants*" include AIG Asset Management (U.S.), LLC, as investment advisor for certain affiliated entities that have filed proofs of claim in the Debtors' chapter 11 cases; Allstate Insurance Company and its subsidiaries and affiliates; Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas, each solely in its capacity as trustee, indenture trustee, securities administrator, co-administrator, paying agent, grantor trustee, custodian and/or similar agency capacities in respect of certain of the RMBS Trusts; Financial Guaranty Insurance Corporation; HSBC Bank USA, N.A., solely in its capacity as trustee in respect of certain of the RMBS Trusts; the Kessler Class Claimants; Law Debenture Trust Company of New York, solely in its capacity as separate trustee in respect of certain of the RMBS Trusts; Massachusetts Mutual Life Insurance Company and its subsidiaries and affiliates; MBIA Insurance Corporation and its subsidiaries and affiliates; certain funds and accounts managed by Paulson & Co. Inc.; Prudential Insurance Company of America and its subsidiaries and affiliates; the Steering Committee Consenting Claimants; certain holders of the Senior Unsecured Notes issued by ResCap; The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., each solely in its capacity as trustee, indenture trustee, securities administrator, co-administrator, paying agent, grantor trustee, master servicer, custodian and/or similar agency capacities in respect of certain of the RMBS Trusts; the Talcott Franklin Consenting Claimants; U.S. Bank National Association, solely in its capacity as trustee, indenture trustee, securities administrator, co-administrator, paying agent, grantor trustee, custodian and/or similar agency capacities in respect of certain of the RMBS Trusts; Wells Fargo Bank, N.A., solely in its capacity as trustee, indenture trustee, securities administrator, co-administrator, paying agent, grantor trustee, custodian and/or similar agency capacities in respect of

1

to fulfill a condition in the Plan Support Agreement that the Creditors' Committee, Ally, and each Consenting Claimant stay all litigation (including contested motions) and discovery or the pursuit of any actual or potential Causes of Action pending against or subject to tolling agreements with, the Debtors or Ally, or the pursuit to obtain standing to pursue such litigation or any such Causes of Action (the "*Stayed Actions*").[2]

WHEREAS, venue of this proceeding in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

WHEREAS, the Parties entered into the Plan Support Agreement on or about May 13, 2013;

NOW THEREFORE, the Parties have reached the following agreement:

1.  As long as the Plan Support Agreement has not been terminated (the "*Stay Period*"), each of the Parties agrees to stay all litigation (including contested motions) and discovery or the pursuit of any actual or potential Causes of Action pending against, or subject to tolling agreements with, the Debtors or Ally, or the pursuit to obtain standing to pursue such litigation or any such Causes of Action, except as specifically provided in paragraph 2 below.

2.  Notwithstanding paragraph 1 above:

    a.  the Kessler Class Claimants may continue to prosecute their class claims and the *Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims* [ECF No. 2044] as they deem necessary consistent with the Plan Support Agreement; and

    b.  any Investor may continue to prosecute Causes of Action against any party other than Ally, the Debtors, or their respective Representatives.

---

the RMBS Trusts; and Wilmington Trust, National Association, not individually, but solely in its capacity as Indenture Trustee for the Senior Unsecured Notes issued by ResCap.

[2] Plan Support Agreement, § 4.1(d).

2

3. During the Stay Period, all Parties will preserve documents, data, and tangible things currently in their possession, custody, and control that are subject to discovery in the Stayed Actions.

4. The Parties agree to toll any statute or period of limitations, statute of repose, or other time-based limitations or defenses which might be asserted as a time bar and/or limitation to any claim that could be asserted against them by the Parties in those Stayed Actions during the Stay Period, and the Parties shall forebear bringing any lawsuits against the Parties during the Stay Period.  Nothing in this Stipulation shall operate (or constitute an agreement or requirement) to revive or extend the time for filing any claim against a Party in any Cause of Action that is now time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date of this Stipulation.  Additionally, Ally agrees that all statutes of limitations for any Causes of Action against the Debtors or Ally relating to the Debtors (whether currently pending or tolled) that have not run prior to the date of entry into the Plan Support Agreement shall be tolled until 70-days following the termination of the Plan Support Agreement or the effective date of the Plan.

5. The Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

6. Except as specifically provided for herein, the Parties reserve all rights and defenses they may have in any Stayed Actions or the above-captioned bankruptcy case, and entry into this Stipulation shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

7. This Stipulation is without prejudice to any further requests for an order pursuant to 11 U.S.C. §§ 362(a)(1) and/or 362(a)(3) extending the automatic stay imposed by 11 U.S.C.

§ 362(a) to the continued prosecution of the Stayed Actions against the Parties or, in the alternative, for entry of an order pursuant to 11 U.S.C. §105(a) enjoining and prohibiting the continued prosecution of the Stayed Actions against the Parties, or the right of any party to contest such requests.

8.      Notwithstanding anything to the contrary herein, this Stipulation shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

[*Remainder of page intentionally left blank*]

Dated: June 10, 2013

        RESIDENTIAL CAPITAL, LLC for itself and its Debtor subsidiaries

        By:    Morrison & Foerster LLP

        By:    */s/ Stefan W. Engelhardt*
        Name: Stefan W. Engelhardt
        Title:  Counsel to the Debtors and Debtors in Possession

Dated: June 10, 2013

          ALLY FINANCIAL INC. on behalf of itself and its subsidiaries and affiliates (excluding the Debtors and their direct and indirect subsidiaries)

          By:    Kirkland & Ellis LLP

          By:   */s/ Ray C. Schrock*
          Name: Ray C. Schrock
          Title:  Counsel to the Ally Financial Inc. and Ally Bank

6

Dated: June 10, 2013

        THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

        By:    Kramer Levin Naftalis & Frankel LLP

        By: ___/s/ *Kenneth H. Eckstein*_____
        Name: Kenneth H. Eckstein
        Title: Counsel to the Official Committee of Unsecured Creditors

Dated: June 10, 2013

        AIG ASSET MANAGEMENT (U.S.), LLC, as investment manager for certain affiliated funds and accounts

        By:   Quinn Emanuel Urquhart & Sullivan, LLP

        By: ___*/s/ Scott Shelley*_____
        Name: Scott Shelley
        Title:  Counsel and Authorized Attorney-in-Fact for AIG Asset Management (U.S.), LLC

Dated: June 10, 2013

        ALLSTATE INVESTMENTS, LLC and
ALLSTATE INVESTMENT MANAGEMENT
COMPANY, as financial advisors to the Allstate
holder Investors, as their interests may appear

By:    Quinn Emanuel Urquhart & Sullivan, LLP

By:    */s/ Daniel L. Brockett*
Name: Daniel L. Brockett
Title: Counsel and Authorized Attorney-in-Fact for Allstate Insurance Company, Allstate Life Insurance Company, Allstate Bank (f/k/a Allstate Federal Savings Bank), Allstate New Jersey Insurance Company, American Heritage Life Insurance Company, First Colonial Insurance Company, Allstate Life Insurance Company of New York and Allstate Retirement Plan

Dated: June 10, 2013

        FINANCIAL GUARANTY INSURANCE
        COMPANY

By:   BENJAMIN M. LAWSKY
       Superintendent of Financial Services of the
       State of New York, as Rehabilitator of
       Financial Guaranty Insurance Company

By:   *Peter A. Giacone*
Name: Peter A. Giacone
Title: Chief Financial Officer and Agent of
       Benjamin M. Lawsky, Superintendent of
       Financial Services of the State of New York,
       as Rehabilitator of Financial Guaranty
       Insurance Company

Dated:  June 10, 2013

        COMMERCE STREET INVESTMENTS; PARK PLACE COMMERCE INVESTMENTS, LLC; PRU ALPHA FIXED INCOME OPPORTUNITY MASTER FUND I, L.P.; PRUCO LIFE INSURANCE COMPANY; PRUCO LIFE INSURANCE COMPANY OF NEW JERSEY; PRUDENTIAL ANNUITIES LIFE ASSURANCE CORPORATION; PRUDENTIAL INVESTMENT PORTFOLIOS 2; PRUDENTIAL RETIREMENT INSURANCE & ANNUITIES COMPANY; TOTAL RETURN BOND FUND INC.; PRUDENTIAL TRUST COMPANY; THE GIBRALTAR LIFE INSURANCE COMPANY, LTD.; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA; THE PRUDENTIAL SERIES FUND

By:    Quinn Emanuel Urquhart & Sullivan, LLP

By:    */s/ Daniel L. Brockett*
Name: Daniel L. Brockett
Title:  Counsel and Authorized Attorney-in-Fact for Commerce Street Investments, Park Place Commerce Investment, LLC, Pru Alpha Fixed Income Opportunity Master Fund I, L.P., Pruco Life Insurance Company, Pruco Life Insurance Company of New Jersey, Prudential Annuities Life Assurance Corporation, Prudential Investment Portfolios 2, Prudential Retirement Insurance & Annuities Company, Prudential Total Return Bond Fund, Inc., Prudential Trust Company, The Gibraltar Life Insurance Company, Ltd., The Prudential Insurance Company of America, The Prudential Series Fund

Dated: June 10, 2013

        THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., and THE BANK OF NEW YORK MELLON as Trustee

        By:    Dechert LLP

        By: ___*Glenn E. Siegel*_____
        Name: Glenn E. Siegel
        Title:  Counsel to The Bank of New York Mellon Trust Company, N.A., as Trustee and The Bank of New York Mellon, as Trustee

Dated: June 10, 2013

        DEUTSCHE BANK TRUST COMPANY
        AMERICAS, as Trustee

        By:    Morgan, Lewis & Bockius LLP

        By:   */s/ James L. Garrity, Jr.*
        Name: James L. Garrity, Jr.
        Title:  Counsel to Deutsche Bank Trust Company
               Americas, as Trustee of Certain Mortgage
               Backed Securities Trusts


        DEUTSCHE BANK NATIONAL TRUST
        COMPANY, as Trustee

        By:    Morgan, Lewis & Bockius LLP

        By:   */s/ James L. Garrity, Jr.*
        Name: James L. Garrity, Jr.
        Title:  Counsel to Deutsche Bank Trust Company
               Americas, as Trustee of Certain Mortgage
               Backed Securities Trusts

Dated: June 10, 2013

           LAW DEBENTURE TRUST COMPANY OF NEW YORK, solely in its capacity as Separate Trustee in respect of certain of the RMBS Trusts

           By: ___*/s/ Thomas Musarra*___
           Name: Thomas Musarra
           Title: Senior Vice President

Dated: June 10, 2013

        MASSACHUSETTS MUTUAL LIFE
        INSURANCE COMPANY

        By:    Quinn Emanuel Urquhart & Sullivan, LLP

        By: ___*/s/ Eric Winston*_____
        Name: Eric Winston
        Title:  Counsel and Authorized Attorney-in-Fact
              for Massachusetts Mutual Life Insurance
              Company

Dated:  June 10, 2013

                WILMINGTON TRUST, NATIONAL ASSOCIATION, solely in its capacity as Indenture Trustee for the Senior Unsecured Notes

                By:  ___*/s/ Peter Finkel*_____
                Name:  Peter Finkel
                Title:   Vice President

Dated: June 10, 2013

                                        PAULSON & CO. INC., on behalf of funds and accounts managed by it

                                        By: ___*/s/ Michael Waldorf*_____
Name: Michael Waldorf
Title: Authorized Signatory

**SO ORDERED.**

Dated: June 10, 2013
      New York, New York

                                       **_/s/Martin Glenn_**
                                       MARTIN GLENN
                           United States Bankruptcy Judge