MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
|                                    )
In re:                              )    Case No. 12-12020 (MG)
                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )    Chapter 11
                                    )
                    Debtors.        )    Jointly Administered
                                    )
------------------------------------------------------------

**PROPOSED AGENDA FOR MATTERS SCHEDULED**
**TO BE HEARD ON JUNE 12, 2013 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY
10004-1408

**I.**        **ADJOURNED MATTERS**

**1.**        Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and
              to Certify Class Claims [Docket No. 2044]

              **Related Documents**:

              **a.**        Memorandum of Law in Support of Motion to Apply Bankruptcy Rule
                            7023 and to Certify Class Claims [Docket No. 2045]

              **b.**        Declaration of R. Fredrick Walters, David M. Skeens and R. Bruce Carlson
                            in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class
                            Claims [Docket No. 2047]

c.      Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims to February 7, 2013 at 10:00 a.m. [Docket No. 2399]

d.      Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims to February 28, 2013 at 2:00 p.m. [Docket No. 2730]

e.      Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 3029]

f.      Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to May 30, 2013 at 10:00 a.m. [Docket No. 3299]

g.      Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to June 12, 2013 at 10:00 a.m. [Docket No. 3360]

h.      Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to July 10, 2013 at 10:00 a.m. [Docket No. 3851]

**Responses**:

a.      Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2337]

b.      Declaration of K. Lee Marshall in Support of Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2338]

c.      Response and Reservation of Rights of PNC Bank, N.A. to Motion of Rowena Drennan, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2343]

d.      Statement and Reservation of Rights of the Official Committee of Unsecured Creditors with Respect to the Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims Filed by Rowena Drennen [Docket No. 2869]

**Replies**:

a.      Reply to Debtors' Objection to Class Certification Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2874]

    **b.**    Supplemental Declaration of R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2875]

    **c.**    Declaration of David M. Skeens and R. Keith Johnston in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2876]

    **d.**    Declaration of Roy Fredrick Walters in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2877]

    **e.**    Second Supplemental Declaration of R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2880]

**Status**:    The hearing on this matter has been adjourned to July 10, 2013.

**2.**    Motion of Jacques and Deirdre Raphael for Relief from Stay [Docket No. 2156]

**Related Documents**:

    **a.**    Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to December 27, 2012 at 10:00 a.m. [Docket No. 2197]

    **b.**    Amended Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to December 20, 2012 at 10:00 a.m. [Docket No. 2237]

    **c.**    Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to January 29, 2013 at 10:00 a.m. [Docket No. 2358]

    **d.**    Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to February 28, 2013 at 2:00 p.m. [Docket No. 2654]

    **e.**    Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to April 11, 2013 at 10:00 a.m. [Docket No. 3024]

    **f.**    Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to April 30, 2013 at 10:00 a.m. [Docket No. 3356]

    **g.**    Notice of Adjournment of Hearing on Motions of Jacques and Deirdre Raphael for Relief from Stay to June 12, 2013 at 10:00 a.m. [Docket No. 3541]

    **h.**        Notice of Adjournment of Hearing on Motions of Jacques and Deirdre Raphael for Relief from Stay to August 21, 2013 at 10:00 a.m. [Docket No. 3899]

**Responses**:      None.

**Status**:      The hearing on this matter has been adjourned to August 21, 2013.

**3.**    Motion of Jacques and Deirdre Raphael for Relief from Stay [Docket No. 2463] (requesting the same relief as Docket No. 2156)

    **Related Documents**:

    **a.**        Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to December 27, 2012 at 10:00 a.m. [Docket No. 2197]

    **b.**        Amended Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to December 20, 2012 at 10:00 a.m. [Docket No. 2237]

    **c.**        Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to January 29, 2013 at 10:00 a.m. [Docket No. 2358]

    **d.**        Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to February 28, 2013 at 2:00 p.m. [Docket No. 2722]

    **e.**        Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to April 11, 2013 at 10:00 a.m. [Docket No. 2948]

    **f.**        Notice of Adjournment of Hearing on Motion of Jacques and Deirdre Raphael for Relief from Stay to April 30, 2013 at 10:00 a.m. [Docket No. 3356]

    **g.**        Notice of Adjournment of Hearing on Motions of Jacques and Deirdre Raphael for Relief from Stay to June 12, 2013 at 10:00 a.m. [Docket No. 3541]

    **h.**        Notice of Adjournment of Hearing on Motions of Jacques and Deirdre Raphael for Relief from Stay to August 21, 2013 at 10:00 a.m. [Docket No. 3899]

**Responses**:      None.

**Status**:      The hearing on this matter has been adjourned to August 21, 2013.

4.      Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3475]

**Related Documents**:

    **a.**    Corrected Notice of Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3524]

    **b.**    Order Granting Application of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC, Pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure, to File its Motion to Prosecute Claims and Other Causes of Action of the Residential Capital, LLC Estate Under Seal [Docket No. 3583]

    **c.**    Notice of Presentment and Application to File Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate Under Seal [Docket No. 3601]

    **d.**    Notice of Presentment of Application of Ally Financial Inc. To File Its Objection To The Motion Of Wilmington Trust, National Association, Solely In Its Capacity As Indenture Trustee For The Senior Unsecured Notes Issued By Residential Capital, LLC For An Order Authorizing It To Prosecute Claims And Other Causes Of Action On Behalf Of The Residential Capital, LLC Estate Under Seal [Docket No. 3638]

    **e.**    Notice of Adjournment of Wilmington Trust, National Association's Motion for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3661]

    **f.**    Order Authorizing Wilmington Trust, National Association to Exceed Page Limit for the Reply to Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3711]

    **g.**    Order Granting Application of Ally Financial Inc. to File its Objection to the Motion of Wilmington Trust, National Association, Solely In Its Capacity As Indenture Trustee For The Senior Unsecured Notes Issued By

Residential Capital, LLC For An Order Authorizing It To Prosecute Claims And Other Causes Of Action On Behalf Of The Residential Capital, LLC Estate Under Seal [Docket No. 3768]

**h.**     Order Granting Application to File Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate Under Seal [Docket No. 3771]

**i.**     Order Adjourning Hearing on Wilmington Trust, N.A. STN Motion [Docket No. 3880]

**j.**     Notice of Adjournment of Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3887]

**<u>Responses</u>**:

**a.**     Omnibus Objection of the Ad Hoc Group of Junior Secured Noteholders to (I) the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates and (II) the Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3563]

**b.**     Debtors' Limited Objection and Reservation of Rights with Respect to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3598]

**c.**     Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3602]

**d.**     Objection to Motion Objection of the Steering Committee Group of RMBS Holders to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute

Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3637]

**e.**     Ally Financial Inc.'s Objection To The Motion Of Wilmington Trust, National Association, Solely In Its Capacity As Indenture Trustee For The Senior Unsecured Notes Issued By Residential Capital, LLC For An Order Authorizing It To Prosecute Claims And Other Causes Of Action On Behalf Of The Residential Capital, LLC Estate Under Seal [Docket No. 3639]

**f.**     Objection of the Official Committee of Unsecured Creditors to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3657]

**Status**:     The hearing on this matter has been adjourned to July 24, 2013.

**5.**     Plaintiffs' [New Jersey Carpenters Health Fund, *et al.*] Motion for Order Certifying Class for Purposes of Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3480]

**Related Documents**:

**a.**     Memorandum of Law in Support of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3481]

**b.**     Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3663]

**c.**     Notice of Adjournment of Hearing of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3854]

**Responses**:     None.

**Status**:     The hearing on this matter has been adjourned to July 10, 2013.

**6.**     Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order [Docket No. 3511]

**Related Documents**:

**a.**     Declaration of Constance Boland in Support of the Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Discovery from the

Debtor and Relief from the Stay Imposed by the FHFA Order [Docket No. 3512]

**b.**     Memorandum of Law in Support of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA [Docket No. 3513]

**c.**     Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) [Docket No. 3905]

**d.**     Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to July 10, 2013 at 10:00 a.m. [Docket No. 3928]

**<u>Responses</u>**:     None.

**<u>Status</u>**:     The hearing on this matter has been adjourned to July 10, 2013.

**7.**     Motion of Berkshire Hathaway Inc. to Unseal the Examiner's Report Pursuant to 11 U.S.C. § 107(a) [Docket No. 3812]

**<u>Related Documents</u>**:

**a.**     Notice of Adjournment of Hearing on Motion of Berkshire Hathaway Inc. to Unseal the Examiner's Report Pursuant to 11 U.S.C. § 107(a) [Docket No. 3864]

**<u>Responses</u>**:     None.

**<u>Status</u>**:     The hearing on this matter has been adjourned to June 26, 2013.

**II.     <u>ADJOURNED ADVERSARY PROCEEDING MATTERS</u>**

**<u>Wilson v. Residential Capital LLC (Adv. Proc. No. 12-01936)</u>**

**1.**     Pre-Trial Status Conference

**<u>Related Documents</u>**:

**a.**     Complaint [Docket No. 1]

**b.**     Amended Summons with Notice of Pre-Trial Conference [Docket No. 3]

**c.**     Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 4]

**d.**            Amended Notice of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 5]

**e.**            Notice of Adjournment of Pretrial Conference [Docket No. 6]

**f.**            Notice of Adjournment of Hearing on Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 11]

**g.**            Notice of Adjournment of Hearing on Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 13]

**h.**            Plaintiff's Opposition to Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 14]

**i.**            Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 15]

**j.**            Plaintiff's Objection to Declaration of Jennifer Scoliard, In-House Senior Bankruptcy Counsel at Residential Capital, LLC, in Support of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 16]

**k.**            Memorandum of Points and Authorities in Support of Plaintiff's Objection to Declaration of Jennifer Scoliard, In-House Senior Bankruptcy Counsel at Residential Capital, LLC, in Support of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 17]

**l.**            Amended Notice of Adjournment of Hearing on Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 19]

**m.**           Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 21]

    **n.**        Joint Progress Report [Docket No. 23]

    <u>**Status**</u>:    The pre-trial status conference on this matter has been adjourned to July 10, 2013.

## Nora v. Residential Capital, LLC (Adv. Proc. No. 13-01208)

**1.**      Pre-Trial Status Conference

    <u>**Related Documents**</u>:

    **a.**      Complaint for Violations of the Racketeer Influenced and Corrupt Organizations Act and Violations [18 U.S.C. § 1964], The Fair Debt Collection Practices Act [15 U.S.C. § 1692(e), and Complaint to Determine These Claims Nondischargeable for Fraud and Theft [11 U.S.C. § 523(a)(2)] and Malicious Injury [11 U.S.C. § 523(a)(6) for Turnover of Plaintiff's Home and the Personal Property Seized From the Premises Which Are Not Assets of the Estate Having Been Taken by Forged Documents and Ex Parte Process Pursuant to 11 U.S.C. § 548 and for Declaratory Relief [Docket No. 1]

    **b.**      Amended Complaint for Violations of the Racketeer Influenced and Corrupt Organizations Act and Violations [18 U.S.C. § 1964], The Fair Debt Collection Practices Act [15 U.S.C. § 1692(e), and Complaint to Determine These Claims Nondischargeable for Fraud and Theft [11 U.S.C. § 523(a)(2)] and Malicious Injury [11 U.S.C. § 523(a)(6)] for Turnover of Plaintiff's Home and the Personal Property Seized From the Premises Which Are Not Assets of the Estate Having Been Taken by Forged Documents and Ex Parte Process Pursuant to 11 U.S.C. § 548 and for Declaratory Relief [Docket No. 3]

    **c.**      Amended Summons with Notice of Pre-Trial Conference [Docket No. 4]

    **d.**      Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 5]

    **e.**      Joint Progress Report [Docket No. 11]

    <u>**Status**</u>:    The pre-trial status conference on this matter has been adjourned to July 10, 2013

## Official Committee of Unsecured Creditors v. UMB Bank (Adv. Proc. No. 13-01277)

**1.**      Notice of Defendant UMB Bank, N.A.`s Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [Docket No. 20]

**Related Documents**:

a.          Defendant UMB Bank, N.A.`s Memorandum of Law in Support of its
            Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [Docket No. 21]

b.          Stipulation regarding Scheduling [Docket No. 27]

c.          Order Adjourning Hearing on UMB Bank, N.A.'s Partial Motion to
            Dismiss [Docket No. 33]

d.          Stipulation [Docket No. 34]

e.          Notice of Hearing on Motion to Dismiss [Docket No. 35]

**Responses**:

a.          Joinder of Wells Fargo Bank, N.A., In Its Capacity as Third Priority
            Collateral Agent and Collateral Control Agent That Certain Amended and
            Restated Third Priority Pledge and Security Agreement and Irrevocable
            Proxy, Dated as of December 30, 2009, in Defendant UMB Bank, N.A.'s
            Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [Docket No. 23]

b.          Official Committee of Unsecured Creditors' Opposition to Defendant UMB
            Bank, N.A.'s Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [Docket
            No. 28]

c.          Declaration of John A. Morris in Support of the Committee's Opposition to
            Partial Motion to Dismiss [Docket No. 29]

**Replies**:

a.          Defendant UMB Bank, N.A.'s Reply Memorandum of Law in Support of
            its Motion to Dismiss Pursuant to FRCP 12(b)(b) [Docket No. 37]

**Status**:    The hearing on this matter has been adjourned to July 24, 2013.

## Universal Restoration Services, Inc. v. GMAC Mortgage, LLC (Adv. Proc. No. 13-01278)

1.          Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

a.          Universal Restoration Services, Inc.'s Adversary Complaint to Recover
            Money Pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy
            Procedure [Docket No. 1]

b.          Summons with Notice of Pre-Trial Conference [Docket No. 2]

    **c.**        Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 3]

    **d.**        Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 5]

    **e.**        Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 7]

**Responses**:      None.

**Status**:      The pre-trial conference on this matter has been adjourned to July 10, 2013.

## III.    <u>STATUS CONFERENCES</u>

**1.**    Motion By Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362 (a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, Et Al. v GMAC Mortgage, LLC et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2511]

**<u>Related Documents</u>**:

    **a.**        Declaration of Richard G. Haddad in Support of Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362(a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2512]

    **b.**        Notice of Adjournment of Hearing and Extension of Objection Deadline With Respect to Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 USC 362(a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2891]

    **c.**        Notice of Adjournment of Hearing and Extension of Reply Deadline with Respect to Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. § 362 (a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 3472]

**Responses**:

a.     Debtors' Joinder to Motion By Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362 (a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2793]

b.     Limited Objection of Wilmington Trust, National Association to Motion By Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362 (a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2809]

c.     Debtors' Amended Joinder to Motion By Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362 (a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2834]

d.     Objection of Plaintiffs in *Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, No. 12-cv-3412-AJN (S.D.N.Y.) to the Motion of Ally Financial, Inc. and Ally Bank For An Order Enforcing The Automatic Stay Pursuant To 11 U.S.C. § 362(A)(3) By (1) Enjoining Prosecution Of Alter Ego and Veil-Piercing Claims In Rothstein, and (2) Declaring Such Claims Void *Ab Initio*; and Cross-Motion For An Order Granting Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362(D) To The Extent Any Claims Asserted By Plaintiffs Are Subject To The Automatic Stay [Docket No. 3343]

e.     Response of The Official Committee Of Unsecured Creditors To The Motion By Ally Financial Inc. And Ally Bank For An Order Enforcing The Automatic Stay Pursuant To 11 U.S.C. § 362(A)(3) By (1) Enjoining Prosecution Of Alter Ego And Veil Piercing Claims In The Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC*, *et al.*, And (2) Declaring Such Claims Void *Ab Initio* [Docket No. 3345]

**Replies**:

a.     Reply of Ally Financial Inc. and Ally Bank in Support of Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362 (a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 3565]

      **b.**      Debtors' Reply in Further Support of Their Joinder to Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. Section 362(a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.* and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 3891]

**Status**:     A status conference on this matter will be going forward. The hearing on the motion has been adjourned to a date to be determined.

**2.**     Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3374]

     **Related Documents**:

     **a.**      Declaration of Marc D. Puntus in Support of Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3375]

     **b.**      Declaration of Jill Horner in Support of Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3394]

     **c.**      Notice of Filing of Exhibit 2 to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3437]

     **d.**      Notice of Presentment of the Application of the Ad Hoc Group of Junior Secured Noteholders Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Case Management Order for an Order Authorizing It to File Under Seal (A) and Unredacted Copy of the Ad Hoc Group's Supplemental Objection to Debtors' Motion for Entry of an Order to Permit Debtors to Continue Using Cash Collateral and (B) Unredacted Supporting Exhibits [Docket No. 3692]

     **e.**      Notice of Filing of Revised Proposed Order Authorizing the Debtors to Continue Using Cash Collateral (filed by the Ad Hoc Group of Junior Secured Noteholders) [Docket No. 3695]

     **f.**      Order Granting Application of the Ad Hoc Group of Junior Secured Noteholders Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Case Management Order for an Order Authorizing It to File Under Seal (A) and Unredacted Copy of the Ad Hoc Group's Supplemental Objection to Debtors' Motion for Entry of an Order to Permit Debtors to Continue Using Cash Collateral and (B) Unredacted Supporting Exhibits [Docket No. 3769]

**g.**    Notice of Adjournment of Status Conference and Evidentiary Hearing on Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3896]

**Responses**:

**a.**    Statement of Citibank, N.A. with Respect to the Debtors' Motion for Entry of an Order to Permit the Debtors to Continue to Use Cash Collateral [Docket No. 3483]

**b.**    Limited Objection of UMB Bank, N.A., as Successor Indenture Trustee, to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3498]

**c.**    Ally Financial Inc.'s Limited Objection to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3623]

**d.**    Limited Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3624]

**e.**    Objection of Ad Hoc Group of Junior Secured Noteholders to Debtors Motion For Entry of Order to Permit Debtor To Continue Using Cash Collateral [Docket No. 3625]

**f.**    Supplemental Statement of the Official Committee of Unsecured Creditors with Respect to the Objections of Ally Financial Inc. and the Ad Hoc Group of Junior Secured Noteholders to the Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3679]

**g.**    Supplemental Objection of Ad Hoc Group of Junior Secured Noteholders to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3691]

**Replies**:

**a.**    Debtors' Omnibus Reply to Responses to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3678]

**Status**:    A status conference on this matter will be going forward.  The evidentiary hearing on the motion has been adjourned to a date to be determined.

IV.     **UNCONTESTED MATTERS**

1.      Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods
        to File a Chapter 11 Plan and Solicit Acceptances Thereof [Docket No. 3911]

        **Related Documents**:

        a.      Declaration of Lewis Kruger in Support of Debtors' Motion for the Entry
                of an Order Further Extending Their Exclusive Periods to File a Chapter 11
                Plan and Solicit Acceptances Thereof [Docket No. 3912]

        b.      Amended Bridge Order Further Extending the Exclusive Period During
                Which Only the Debtors May File a Chapter 11 Plan [Docket No. 3919]

        **Responses**:

        a.      Statement of the Official Committee of Unsecured Creditors in Support of
                the Debtors' Motion for Entry of an Order Further Extending Their
                Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances
                Thereof [Docket No. 3931]

        **Status**:     The hearing on this matter will be going forward.

2.      Motion of City of Evansdale Iowa for Entry of an Order Modifying the Automatic
        Stay to Allow Condemnation [Docket No. 3733]

        **Related Documents**:

        a.      Notice of Hearing on Motion of City of Evansdale Iowa for Entry of an
                Order Modifying the Automatic Stay to Allow Condemnation of Real
                Property [Docket No. 3734]

        **Responses**:     None.

        **Status**:     Parties are in the process of negotiating a stipulation in resolution of this
                motion.

3.      Debtors' Application Under Bankruptcy Code Sections 327(a) and 328(a) for Entry of
        an Order Approving Fourth Addendum to Engagement Agreement with FTI
        Consulting, Inc. as Financial Advisor to the Debtors, Authorizing Provision of
        Litigation Support Services *Nunc Pro Tunc* to March 1, 2013 [Docket No. 3829]

        **Related Documents**:

        a.      Notice of Filing of Amended Proposed Order Approving Fourth
                Addendum to Engagement Agreement with FTI Consulting, Inc., as
                Financial Advisor to the Debtors, Authorizing Provision of Litigation
                Support Services *Nunc Pro Tunc* to March 1, 2013 [Docket No. 3894]

**Responses**:        None.

**Status**:        The hearing on this matter will be going forward.

**V.      CONTESTED MATTERS**

**1.**        Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and
Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate
PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the
Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and
(II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1357]

**Related Documents**:

    **a.**        Notice of Filing Supplemental Exhibits to Debtors' Motion for Entry of an
Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I)
Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for
Foreclosure Review Services in Furtherance of the Debtors' Compliance
Obligations Under Federal Reserve Board Consent Order and (II)
Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1527]

    **b.**        Notice of Adjournment of Hearing [Docket No. 1556]

    **c.**        Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule
6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers,
LLP for Foreclosure Review Services in Furtherance of the Debtors'
Compliance Under Federal Reserve Board Consent Order and (II)
Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1799]

    **d.**        Second Interim Order Under Bankruptcy Code Section 363 and
Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate
PricewatehouseCoopers LLP, for Foreclosure Review Services in
Furtherance of the Debtors' Compliance Obligations Under Federal
Reserve Board Consent Order and (II) Reaffirming Relief Granted in the
GA Servicing Order [Docket No. 2622]

    **e.**        Third Interim Order Under Bankruptcy Code Section 363 and Bankruptcy
Rule 6004 (I) Authorizing the Debtors to Compensate
PricewaterhouseCoopers, LLP for Compensation for Foreclosure Review
Services in Furtherance of the Debtors' Compliance Obligations Under
Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
in the GA Servicing Order [Docket No. 3062]

    **f.**        Fourth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy
Rule 6004 (I) Authorizing the Debtors to Compensation
PricewaterhouseCoopers, LLP for Foreclosure Review Services in
Furtherance of the Debtors' Compliance Obligations Under Federal

Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3290]

g.     Fifth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3425]

h.     Sixth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3543]

i.     Seventh Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3703]

**Responses**:

a.     Limited Objection of Wilmington Trust, National Association to Debtors' Motion for Entry of an Order (I) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1465]

b.     Omnibus Objection of the Official Committee of Unsecured Creditors to (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

c.     Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

d.     Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to

Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services in Furtherance of the Debtors' Compliance Obligations Under
Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

a.      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order
(I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
Services and (II) Reaffirming Relief Granting in the GA Servicing Order
(B) Debtors' Application to Employ and Retain Hudson Cook, LLP as
Special Counsel, and (C) Debtors' Application to Employ and Retain
Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues [Docket No. 1749]

**Status**:    The final hearing on this motion will not be going forward.  The Debtors
intend to submit to the Court an eighth interim order authorizing continued
interim approval.

2.      Debtors' Application for an Order Under Section 327(e) of the Bankruptcy Code,
Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Debtors to Employ
and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 1426]

**Related Documents**:

a.      Notice of Adjournment of Hearing [Docket No. 1556]

b.      Interim Order Authorizing the Retention and Employment of Pepper
Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
Issues to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No.
1797]

c.      Second Interim Order Authorizing the Retention and Employment of
Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date
[Docket No. 2621]

d.      Third Interim Order Authorizing the Retention and Employment of Pepper
Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No.
3061]

e.      Fourth Interim Order Authorizing the Retention and Employment of
Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date
[Docket No. 3291]

f.      Fifth Interim Order Authorizing the Retention and Employment of Pepper
        Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
        Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No.
        3423]

g.      Sixth Interim Order Authorizing the Retention and Employment of Pepper
        Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy
        Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No.
        3545]

h.      Seventh Interim Order Authorizing the Retention and Employment of
        Pepper Hamilton LLP as Special Foreclosure Review Counsel for
        Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date
        [Docket No. 3705]

**Responses**:

a.      Omnibus Objection of the Official Committee of Unsecured Creditors to
        (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code
        Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
        Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
        Services in Furtherance of the Debtors' Compliance Obligations Under
        Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
        in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
        and (C) Hudson Cook Retention Application [Docket No. 1493]

b.      Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I)
        PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson
        Cook Retention Applications and (B) Status Report Regarding the
        Committee's Related Discovery Requests [Docket No. 1573]

c.      Supplemental Objection of the Official Committee of Unsecured Creditors
        to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code
        Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
        Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
        Services in Furtherance of the Debtors' Compliance Obligations Under
        Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
        in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
        and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

a.      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order
        (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
        Services and (II) Reaffirming Relief Granting in the GA Servicing Order
        (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as
        Special Counsel, and (C) Debtors' Application to Employ and Retain

Pepper Hamilton LLP as Special Foreclosure Review Counsel for
Bankruptcy Issues [Docket No. 1749]

**Status**:    The final hearing on this motion will not be going forward.  The Debtors
intend to submit to the Court an eighth interim order authorizing continued
interim approval.

3.    Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule
2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Hudson Cook,
LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No.
1427]

**Related Documents**:

a.    Notice of Adjournment of Hearing [Docket No. 1556]

b.    Interim Order Authorizing the Retention and Employment of Hudson
Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
Petition Date [Docket No. 1798]

c.    Second Interim Order Authorizing the Retention and Employment of
Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tun*c to
the Petition Date [Docket No. 2620]

d.    Third Interim Order Authorizing the Retention and Employment of Hudson
Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
Petition Date [Docket No. 3063]

e.    Fourth Interim Order Authorizing the Retention and Employment of
Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to
the Petition Date [Docket No. 3292]

f.    Fifth Interim Order Authorizing the Retention and Employment of Hudson
Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
Petition Date [Docket No. 3424]

g.    Sixth Interim Order Authorizing the Retention and Employment of Hudson
Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
Petition Date [Docket No. 3544]

h.    Seventh Interim Order Authorizing the Retention and Employment of
Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to
the Petition Date [Docket No. 3704]

**Responses**:

a.    Omnibus Objection of the Official Committee of Unsecured Creditors to
(A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code

Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

b.      Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

c.      Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

a.      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket No. 1749]

**Status**:   The final hearing on this motion will not be going forward.  The Debtors intend to submit to the Court an eighth interim order authorizing continued interim approval.

4.      Debtors' Amended Motion for Entry of an Order Under 11 U.S.C. §§ 105 and 363 Authorizing the Debtors to Satisfy Certain Secured Claims [Docket No. 3872]

**Related Documents**:

a.      Debtors' Motion for Entry of an Order Under 11 U.S.C. §§ 105 and 363 Authorizing the Debtors to Partially Satisfy Certain Secured Claims [Docket No. 3626]

b.      Amended Notice of Debtors' Motion for Entry of an Order Under 11 U.S.C. §§ 105 and 363 Authorizing the Debtors to Partially Satisfy Certain Secured Claims [Docket No. 3633]

c.      Declaration of Marc D. Puntus in Support of Debtors' Motion for Entry of
        an Order Under 11 U.S.C. §§ 105 and 363 Authorizing the Debtors to
        Partially Satisfy Certain Secured Claims [Docket No. 3671]

d.      Declaration of Marc D. Puntus in Support of Debtors' Amended Motion for
        Entry of an Order Under 11 U.S.C. §§ 105 and 363 Authorizing the
        Debtors to Satisfy Certain Secured Claims [Docket No. 3873]

**Responses**:

a.      Objection of Berkshire Hathaway Inc. to Debtors' Amended Motion for
        Entry of an Order Under 11 U.S.C. §§ 105 and 363 Authorizing the
        Debtors to Satisfy Certain Secured Claims [Docket No. 3893]

b.      Ally Financial Inc.'s Statement in Support of Debtors' Amended Motion
        Under U.S.C. Sections 105 and 363 Authorizing the Debtors to Satisfy
        Certain Secured Claims [Docket No. 3934]

c.      Statement of the Official Committee of Unsecured Creditors in Support of
        the Debtors' Amended Motion Seeking Authorization to Satisfy Certain
        Secured Claims [Docket No. 3935]

**Replies**:

a.      Debtors' Reply to Objection of Berkshire Hathaway, Inc. to Debtors'
        Amended Motion for Entry of an Order Under 11 U.S.C. §§ 105 and 363
        Authorizing the Debtors to Satisfy Certain Secured Claims [Docket No.
        3933]

**Status**:     The hearing on this matter will be going forward.

5.      Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an
        Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)
        [Docket No. 2401]

        **Related Documents**:

a.      Notice of Motion of Connecticut Housing Finance Authority ("CHFA") for
        the Entry of an Order Granting Relief from the Automatic Stay Pursuant to
        11 U.S.C. § 362(d) [Docket No. 2421]

b.      [Proposed] Order Granting Connecticut Housing Finance Authority
        ("CHFA") Relief from the Automatic Stay, for Cause, Pursuant to 11
        U.S.C. §§ 105 & 362(d) [Docket No. 2422]

c.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
        Finance Authority ("CHFA") for the Entry of an Order Granting Relief

from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to January 29, 2013 at 10:00 a.m. [Docket No. 2624]

d.     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 7, 2013 at 10:00 a.m. [Docket No. 2729]

e.     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 28, 2013 at 2:00 p.m. [Docket No. 2848]

f.     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to March 21, 2013 at 10:00 a.m. [Docket No. 3008]

g.     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to April 30, 2013 at 10:00 a.m. [Docket No. 3239]

h.     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to May 14, 2013 at 10:00 a.m. [Docket No. 3539]

i.     Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to June 12, 2013 at 10:00 a.m. [Docket No. 3682]

**Responses**:

a.     Debtors' Response and Reservation of Rights to Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2623]

**Status**:     The hearing on this matter will be going forward.

6.     Debtors' Motion Pursuant to Section 362(a) of the Bankruptcy Code for Enforcement of the Automatic Stay [Docket No. 3830]

**Related Documents**:

a.      Interested Party's Motion for Leave to File Objection and for Clarification
        and Enforcement of Interim Relief [Docket No. 3888]

**Responses**:

a.      Interested Party's Objection to Debtors' Motion Pursuant to Section 362(a)
        of the Bankruptcy Code for Enforcement of the Automatic Stay; and
        Interested Party's Motion for Clarification and Enforcement of Interim
        Relief Pursuant to the July 13, 2012 Final Supplemental Order for Interim
        Relief Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a) and
        Rule 9019 [Docket No. 3889]

**Replies**:

a.      Debtors' Reply to Interested Party's Objection to Debtors' Motion Pursuant
        to Section 362(a) of the Bankruptcy Code for Enforcement of the
        Automatic Stay [Docket No. 3932]

**Status**:      The hearing on this matter will be going forward.

7.      Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the
        Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1
        Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation
        [Docket No. 2604]

**Related Documents**:

a.      Notice of Hearing on Motion of Creditor Julio Solano for Order Pursuant
        to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and
        Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow
        Continuation of Pre-Petition Litigation [Docket No. 2605]

b.      Notice of Adjournment of Hearing on Motion of Creditor Julio Solano for
        Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy
        Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic
        Stay to Allow Continuation of Pre-Petition Litigation to March 5, 2013 at
        10:00 a.m. [Docket No. 2774]

c.      Notice of Adjournment of Hearing on Motion of Creditor Julio Solano for
        Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy
        Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic
        Stay to Allow Continuation of Pre-Petition Litigation to March 21, 2013 at
        10:00 a.m. [Docket No. 2974]

d.      Notice of Adjournment of Hearing on Motion of Creditor Julio Solano for
        Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy

Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation to April 30, 2013 at 10:00 a.m. [Docket No. 3277]

**e.**         Notice of (I) Adjournment of Hearings on (A) Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation and (B) Motion to Extend Time for Julio Solano to File Proof of Claim to June 12, 2013 and (II) Abeyance of Adversary Proceeding Pending Continued Hearing [Docket No. 3600]

**Responses**:

**a.**         Debtors' Objection to Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation [Docket No. 3188]

**Status**:          The hearing on this matter will be going forward.

**8.**     Motion for Permission to Extend Deadline for Julio Solano to File Proof of Claim [Docket No. 2935]

**Related Documents**:

**a.**         Notice of Hearing on Motion to Extend Time for Julio Solano to File Proof of Claim [Docket No. 2934]

**b.**         Declaration of Richard Sax in Support of Motion for Permission to Extend Deadline for Julio Solano to File Proof of Claim [Docket No. 2936]

**c.**         Notice of Adjournment of Hearing on Motion to Extend Time for Julio Solano to File Proof of Claim To March 21, 2013 at 10:00 a.m. [Docket No. 3046]

**d.**         Notice of Adjournment of Hearing on Motion to Extend Time for Julio Solano to File Proof of Claim to April 30, 2013 at 10:00 a.m. [Docket No. 3278]

**e.**         Notice of (I) Adjournment of Hearings on (A) Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation and (B) Motion to Extend Time for Julio Solano to File Proof of Claim to June 12, 2013 and (II) Abeyance of Adversary Proceeding Pending Continued Hearing [Docket No. 3600]

**Responses**:

    a.    Debtors' Objection to Motion for Permission to Extend Deadline for Julio Solano to File Proof of Claim [Docket No. 3185]

    **Status**:    The hearing on this matter will be going forward.

9.    Letter from Donna Chinloy to Judge Glenn for Acceptance of Late Filed Claim [Docket No. 3315]

    **Related Documents**:    None.

    **Responses**:

    a.    Debtors' Objection to Donna Chinloy's Letter Requesting Acceptance of Late-Filed Proof of Claim [Docket No. 3892]

    **Status**:    The hearing on this matter will be going forward.

## VI.    FEE APPLICATIONS

1.    First Interim Application of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues for the Debtors for Compensation and Reimbursement of Expenses Incurred for the Period May 15, 2012 through December 31, 2012 [Docket No. 3187]

    **Responses**:

    a.    Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim Awards of Compensation and Reimbursement of Out-Of-Pocket Expenses [Docket No. 3310]

    **Related Documents**:

    a.    Notice of Adjournment of Hearing On First Interim Application Of Pepper Hamilton LLP As Special Foreclosure Review Counsel For Bankruptcy Issues For The Debtors For Compensation And Reimbursement Of Expenses Incurred For The Period May 15, 2012 Through December 31, 2012 [Docket No. 3384]

    b.    Ex Parte Motion for Order Authorizing Pepper Hamilton LLP To File Its Response To United States Trustees Objection To Fee Application Under Seal [Docket No. 3809]

    c.    Supplement To Ex Parte Motion For Order Authorizing Pepper Hamilton LLP To File Its Response To United States Trustees Objection To Fee Application Under Seal [Docket No. 3850]

    **d.**    Order Authorizing Pepper Hamilton LLP to File Its Response to United States Trustee's Objection to Fee Application Under Seal [Docket No. 3876]

**Responses**:

    **a.**    Response to the Objection of the United States Trustee to Pepper Hamilton's First Interim Fee Application [Docket No. 3920] *(filed under seal)*

**Status**:    The hearing on this matter will be going forward.

## VII.    CURE OBJECTIONS HEARING:

**1.**    **Sale Motion**:  Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto: (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]

**Related Documents**:

    **a.**    **Sale Procedures Order**:  Order  Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538]

**Cure Notices**

    **(i)**    Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924]

    **(ii)**    First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1459]

        **(iii)**    First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1484]

        **(iv)**    First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2076]

        **(v)**    Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2077]

**b.**    **Ocwen Sale Order**:  Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;, (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief [Docket No. 2246]

**c.**    **Ocwen APA**:  Ocwen Loan Servicing, LLC Asset Purchase Agreement (as attached as <u>Exhibit 1</u> to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

**d.**    **Berkshire Hathaway Sale Order**:  Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway, Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief [Docket No. 2247]

**e.**    **Berkshire Hathaway APA**:  Berkshire Hathaway Inc. Amended and Restated Asset Purchase Agreement (as attached as <u>Exhibit 4</u> to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

**Resolved Cure Objection(s)**:

a.      Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors' Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 1623]

       **(i)**      Supplemental Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors' Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 2037]

       **(ii)**      Notice of Adjournment of Hearing on Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors Proposed Cure Amount and to Assumption and Assignment of Related Agreements [Docket No. 3237]

       **(iii)**      Notice of Adjournment of Hearing on Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors Proposed Cure Amount and to Assumption and Assignment of Related Agreements to May 14, 2013 at 10:00 a.m. [Docket No. 3531]

       **(iv)**      Notice of Adjournment of Hearing on Objection of DB Structured Products, Inc. and MortgageIT Holdings, Inc. to Debtors Proposed Cure Amount and to Assumption and Assignment of Related Agreements to June 12, 2013 at 10:00 a.m. [Docket No. 3676]

       **(v)**      Notice of Presentment of Stipulation and Order Resolving Objections of DB Structured Products, Inc., MortgageIT, Inc. and MortgageIT Holdings, Inc. to the (I) Assignment and Assumption of Agreements, and (II) Related Proposed Cure Amounts [Docket No. 3874]

    **Status**:      This matter has been resolved.  No hearing is required.

**Adjourned Cure Objection(s)**:

a.      Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice Docket No. 1746]

       **(i)**      Declaration of Lori Sinanyan in Support of the Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice] [Docket No 1748]

       **(ii)**      Memorandum Endorsed So-Ordered Letter dated March 13, 2013 from Gary T. Holtzer, Counsel to Syncora Guarantee

            Inc., Regarding Status of Syncora's Limited Objections to Debtors' Sale of Mortgage Servicing Platform to Ocwen Loan Servicing, LLC, Given Pendency of Similar Outstanding Sale Objections [Docket No. 3186]

    **(iii)**    Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3449]

    **(iv)**    Amendment to Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3706]

    **(v)**    Second Amendment to Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3776]

    **Status**:    The hearing on this matter has been adjourned to July 10, 2013.

**Replies**:

**a.**    Debtors' Omnibus Reply to Objections to Debtors' Sale Motion [Docket No. 2135]

**b.**    Debtors' Omnibus Reply to Objections to the (A) Assumption and Assignment of Certain Agreements and (B) Related Cure Amounts [Docket No. 2574]

## VIII.    ADVERSARY PROCEEDING MATTERS

### Jenkins v. Residential Funding Company, LLC, *et al*. (Adv. Proc. No. 12-01935)

**1.**    Case Management Conference

**Related Documents**:

**a.**    Complaint [Docket No. 1]

**b.**    Summons and Notice of Pre-Trial Conference [Docket No. 5]

**c.**    Agreed to Letter to Judge Glenn from Norman S. Rosenbaum Requesting an Extension of Deadline to Respond in Adversary Proceeding [Docket No. 7]

     **d.**       Memorandum Endorsed, So Ordered, Letter Signed on December 14, 2012 Extending the Defendants' Deadline to Answer or Otherwise Respond to the Complaint Until January 21, 2013 and Rescheduling the Pre-Trial Conference to January 29, 2013 at 10:00 AM. [Docket No. 8]

     **e.**       Defendant Judy Faber's Motion for Dismissal of Adversary Proceeding Pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket No. 9]

     **f.**       Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement [Docket No. 10]

     **g.**       Notice of Litigation Hold Notification [Docket No. 13]

     **h.**       Notice of Continued Pre-Trial Conference Scheduled for February 7, 2013 at 10:00 a.m. [Docket No. 14]

     **i.**       Notice of Adjournment of Continued Pre-Trial Conference and Hearing on Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement to March 5, 2013 at 10:00 a.m. [Docket No. 18]

     **j.**       Notice of Adjournment of Continued Pre-Trial Conference and Hearing on Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definite Statement to March 21, 2013 at 10:00 a.m. [Docket No. 21]

     **k.**       Order Granting Debtors' Motion Pursuant to Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(e) for a More Definitive Statement [Docket No. 26]

     **l.**       Notice of Adjournment of Case Management Conference to May 14, 2013 at 10:00 a.m. [Docket No. 28]

     **m.**       Notice of Adjournment of Case Management Conference to June 12, 2013 at 10:00 a.m. [Docket No. 29]

     **n.**       Amended Complaint [Docket No. 32]

**Status**:       The case management conference on this matter will be going forward.

## Hawthorne v. GMAC Mortgage, LLC (Adv. Proc. No. 12-02050)

**1.**       Pre-Trial Status Conference

     **Related Documents**:

     **a.**       Complaint to Determine Nature and Extent of Liens Pursuant to 11 U.S.C. § 506(a) [Docket No. 1]

     **b.**       Summons with Notice of Pre-Trial Conference [Docket No. 3]

    c.       Order Extending Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 4]

    d.       Letter from N. Rosenbaum to Judge Glenn requesting extension of time by which all Defendants must answer or otherwise respond to the Complaint [Docket No. 6]

    e.       Second Order Extending Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 7]

    f.       Order Directing the Applicability of Borrower Adversary Proceeding Procedures [Docket No. 9]

    g.       Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 10]

    h.       Defendant's Progress Report [Docket No. 12]

    **Status**:    The pre-trial status conference on this matter will be going forward.

## Solano v. GMAC Mortgage, LLC (Adv. Proc. No. 13-01255)

1.       Status Conference

    **Related Documents**:

    a.       Complaint to Determine Dischargeability of Debt [Docket No. 1]

    b.       Summons with Notice of Pre-Trial Conference

    c.       Letter from Norman S. Rosenbaum to Judge Glenn Requesting an Extension of Deadline to Respond in Adversary Proceeding [Docket No. 3]

    d.       Stipulation and Order Between Julio Solano and GMAC Mortgage, LLC [Docket No. 4]

    e.       Letter from Norman S. Rosenbaum to Judge Glenn Requesting an Extension of Deadline to Respond in Adversary Proceeding [Docket No. 6]

    f.       Stipulation and Order Between Julio Solano and GMAC Mortgage, LLC [Docket No. 7]

    g.       Notice of (I) Adjournment of Hearings on (A) Motion of Creditor Julio Solano for Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Bankruptcy Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation and (B) Motion to Extend Time for Julio Solano to File Proof of Claim to June 12, 2013 at 10:00 a.m. and (II) Abeyance of Adversary Proceeding Pending Continued Hearing [Docket No. 10]

**Status**:        A status conference on this matter will be going forward.

Dated:  June 10, 2013                          /s/ Gary S. Lee
        New York, New York                     Gary S. Lee
                                               Lorenzo Marinuzzi
                                               Norman S. Rosenbaum
                                               MORRISON & FOERSTER LLP
                                               1290 Avenue of the Americas
                                               New York, New York 10104
                                               Telephone: (212) 468-8000
                                               Facsimile: (212) 468-7900

                                               *Counsel for the Debtors and*
                                               *Debtors in Possession*