Presentment Date and Time: June 19, 2013 at 12:00 p.m. (ET)
Objection Deadline:  June 18, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP

1290 Avenue of the Americas

New York, New York 10104

Telephone:    (212) 468-8000

Facsimile:    (212) 468-7900

Gary S. Lee

Lorenzo Marinuzzi

James A. Newton

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------

|  |  |
|---|---|
| In re: | ) |
| | ) |
| | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |
| | ) |
| | ) |

----------------------------------------------------

**NOTICE OF PRESENTMENT OF DEBTORS' APPLICATION FOR AN ORDER
UNDER BANKRUPTCY CODE SECTIONS 327(a) AND 328(a) AUTHORIZING THE
EMPLOYMENT AND RETENTION OF NEWOAK CAPITAL ADVISORS LLC AS
CONSULTANT *NUNC PRO TUNC* TO MAY 24, 2013**

**PLEASE TAKE NOTICE** that the undersigned will present the attached proposed

*Application for an Order under Bankruptcy Code Sections 327(a) and 328(a) Authorizing the*

*Employment and Retention of Newoak Capital Advisors LLC as Consultant Nunc Pro Tunc to*

*May 24, 2013* (the "**Application**"), to the Honorable Martin Glenn, United States Bankruptcy

Judge, at the United States Bankruptcy Court for the Southern District of New York (the

"**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green, New York,

New York 10004, Room 501, for signature on **June 19, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **June 18, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention:  Gary S. Lee, Lorenzo Marinuzzi, and James A. Newton); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord and Enid N. Stuart); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention:

2

Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger,

Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention:  Thomas

Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA

19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia,

PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3

World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S.

Canellos, Regional Director); and (l) NewOak Capital, LLC, 485 Lexington Avenue, 25th

Floor, New York, NY 10017 (Attention:  Ron D'Vari).

     **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Application are

timely filed, served and received in accordance with this Notice, the Court may enter the

Order without further notice or hearing.

Dated: June 11, 2013
       New York, New York

                    Respectfully submitted,

                    /s/ Gary S. Lee
                    Gary S. Lee
                    Lorenzo Marinuzzi
                    James A. Newton
                    MORRISON & FOERSTER LLP
                    1290 Avenue of the Americas
                    New York, New York 10104
                    Telephone: (212) 468-8000
                    Facsimile: (212) 468-7900

                    *Counsel for the Debtors and*
                    *Debtors in Possession*

MORRISON & FOERSTER LLP

1290 Avenue of the Americas

New York, New York 10104

Telephone:    (212) 468-8000

Facsimile:    (212) 468-7900

Gary S. Lee

Lorenzo Marinuzzi

James A. Newton

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————  )
                                                              )
In re:                                                  )
                                                              )
                                                              )    Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.,    )
                                                              )    Chapter 11
                                  Debtors.          )
                                                              )    Jointly Administered
                                                              )
                                                              )
——————————————————————  )

**DEBTORS' APPLICATION FOR AN ORDER UNDER BANKRUPTCY CODE**
**SECTIONS 327(a) AND 328(a) AUTHORIZING THE EMPLOYMENT AND**
**RETENTION OF NEWOAK CAPITAL ADVISORS LLC AS**
**CONSULTANT *NUNC PRO TUNC* TO MAY 24, 2013**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases

(collectively, the "**Debtors**") hereby apply (the "**Application**") for entry of an order, the

proposed form of which is attached as <u>Exhibit 1</u>, under sections 327(a) and 328(a) of title 11

of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Southern District of New York (the

"**Local Rules**"), authorizing the employment and retention of NewOak Capital Advisors LLC

("**NewOak**") as a consultant for the Debtors *nunc pro tunc* to May 24, 2013.  In support of

this Application, the Debtors rely on the Declaration of Ron D'Vari (the "**D'Vari**

**Declaration**"), Chief Executive Officer of NewOak, attached hereto as <u>Exhibit 2</u>.  In further

support of this Application, the Debtors respectfully state as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This Court has jurisdiction to consider the Application under 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this

Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code

sections 327(a) and 328(a) as supplemented by Bankruptcy Rule 2014 and Local Rule 2014-1.

<u>**BACKGROUND**</u>

**A.  General Background**

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary

petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy

Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to

Bankruptcy Rule 1015(b).  No trustee has been appointed in these chapter 11 cases; however,

the Court has appointed an examiner.

4.      On May 16, 2012, the United States Trustee for the Southern District of New

York (the "**U.S. Trustee**") appointed a nine-member official committee of unsecured

creditors (the "**Creditors' Committee**").

5.      After months of arm's-length negotiations, the Debtors' and most of their

claimant constituencies reached a settlement embodied in a plan support agreement (the "**Plan**

2

Support Agreement") and Plan Term Sheet (the "**Plan Term Sheet**"), each dated May 13,

2013, and the Supplemental Term Sheet (the "**Supplemental Plan Term Sheet**"), dated May

23, 2013, for which the Debtors also seek Court approval (the **Plan Support Agreement**, the

**Plan Term Sheet**, and the **Supplemental Plan Term Sheet**, collectively, the "**Global Plan

Support Agreement**").[1]  The settlement with FGIC, as described in detail below and in the

Debtors' motion seeking approval of the FGIC Settlement (as defined below) represents a

critical component of the Global Plan Support Agreement.  The Debtors seek to retain

NewOak to implement the FGIC Settlement.

### B. The FGIC Settlement

6.        Prior to the Petition Date, certain of the Debtors acted as Sponsor, Depositor,

Master Servicer, Primary Servicer, or Subservicer in connection with transactions (the

"**RMBS Transactions**") involving the securitization of residential mortgages through

securitization trusts.  Financial Guaranty Insurance Company ("**FGIC**") issued sixty (60)

financial guaranty insurance policies (the "**Policies**") in connection with forty-seven (47)

RMBS Transactions sponsored by the Debtors (the "**FGIC Insured Trusts**"), which policies

guaranteed principal and interest payments to certain classes of securities in order to enhance

the marketability of those securities.

7.        FGIC has asserted claims against the Debtors for, among other things, breach

of representations and warranties in the Policies and other governing documents relating to

the FGIC Insured Trusts.  In addition to the claims asserted by FGIC, the FGIC Trustees[2]

---

[1] Copies of the Plan Support Agreement, the Plan Term Sheet, and the Supplemental Term Sheet are contained
in Exhibit 3 to *Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363 (b) Authorizing
the Debtors to Enter Into and Perform Under a Plan Support Agreement with Ally Financial Inc., the Creditors'
Committee, and Certain Consenting Claimants* [Docket No. 3814].

[2] The "**FGIC Trustees**" include The Bank of New York Mellon, The Bank of New York Mellon Trust Company,
*(cont'd)*

assert claims against the Debtors on behalf of these trusts.  The FGIC Trustees have

maintained that, in the absence of settlement, their asserted claims against the Debtors could

equal the aggregate estimated lifetime reductions in the value of the collateral pools

underlying the FGIC Trusts – *i.e.* the estimated lifetime collateral losses of the FGIC Insured

Trusts.[3]

8.      As part of the Global Plan Settlement Agreement, the Debtors reached a

settlement with FGIC, the FGIC Trustees and certain investors in the FGIC Insured Trusts

regarding certain claims asserted by these parties (the "**FGIC Settlement**").  The Debtors'

anticipate filing a motion seeking approval of the FGIC Settlement pursuant to Bankruptcy

Rule 9019 (the "**Approval Motion**").  Part of the FGIC Settlement includes a release of a

portion of the FGIC Trustees' claims in connection with the FGIC Insured Trusts in exchange

for a settlement payment that FGIC will make directly to the FGIC Insured Trusts.  The

Debtors have engaged NewOak to provide an independent analysis of the value of these

releases to the Debtors' estates to support the Approval Motion.

### C. Analysis of MBIA's Claims

9.      The Global Plan Support Agreement also resolves the claims asserted by

MBIA Insurance Corp. ("**MBIA**").  MBIA has asserted, among other claims against the

Debtors' estates, claims for breach of representations and warranties that are substantially

similar to FGIC's claims (the "**MBIA Claims**").  The Debtors anticipate that they may require

an independent financial analysis of MBIA's claims and the value of the claims being

_____
*(cont'd from previous page)*
N.A., Law Debenture Trust Company of New York, U.S. Bank National Association and Wells Fargo Bank,
N.A., each solely in their respective capacities as trustees, indenture trustees or separate trustees for certain FGIC
Insured Trusts.
[3] The Debtors reserve all rights to dispute this assertion in the event the FGIC Settlement is not approved.

ny-1092494

released against the Debtors' estates to support confirmation of the Plan (as defined in the

Global Plan Support Agreement).  Accordingly, the Debtors also seek approval to retain

NewOak to provide these services to avoid the added expense and burden of later seeking an

amendment to the scope of NewOak's retention.  If the Debtors request that NewOak review

the MBIA Claims, the Debtors will file an amended Engagement Letter (as defined below) on

presentment with the Court reflecting the additional services.

### RELIEF REQUESTED

10.     By this Application, the Debtors seek entry of an order, pursuant to sections

327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1,

authorizing the employment and retention of NewOak as the Debtors' consultant *nunc pro

tunc* to May 24, 2013 in accordance with the provisions of this Application and the

engagement letter dated May 24, 2013, by and between NewOak and Morrison & Foerster

LLP ("**Morrison & Foerster**") on behalf of the Debtors, a copy of which is attached hereto as

Exhibit 3 and incorporated by reference herein (the "**Engagement Letter**"), and for such

similar services as may be necessary in connection with the allowance of MBIA's Claims in

accordance with the Global Plan Support Agreement, subject to the procedure describe below.

### BASIS FOR RELIEF

11.     Pursuant to section 327(a) of the Bankruptcy Code, a debtor in possession is

authorized to employ professional persons "that do not hold or represent an interest adverse to

the estate, and that are disinterested persons, to represent or assist the [debtor in possession] in

carrying out [its] duties under [the Bankruptcy Code.]" 11 U.S.C. §327(a).

12.     Section 328(a) provides, in relevant part, that the Debtors "with the court's

approval, may employ or authorize the employment of a professional person under section

ny-1092494

327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an

hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. §

328(a).

13.    Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the
> [firm] to be employed, the reasons for the selection, the professional services
> to be rendered, and proposed arrangement for compensation, and, to the best of
> the applicant's knowledge, all of the [firm's] connections with the debtor,
> creditors, and any other party in interest, their respective attorneys and
> accountants, the United States trustee, or any person employed in the office of
> the United States Trustee.

Fed. R. Bankr. P. 2014.

### RETENTION OF NEWOAK IS WARRANTED

14.    Given the critical importance of a settlement with FGIC, the FGIC Trustees,

and investors in the FGIC Insured Trusts, the Debtors required the services of a capable and

experienced consultant to independently value the releases obtained from the FGIC Trustees

under the FGIC Settlement.  Similarly, the Debtors may also require the services of a capable

consultant to value the MBIA Claims and any releases related thereto in conjunction with the

settlement of the MBIA Claims in connection with confirmation of the Plan.

15.    NewOak is an integrated advisory, asset management and capital markets

services firm, specializing in distressed and complex assets and covering credits across

residential, commercial, consumer, corporate, public finance, project finance and financial

companies.  NewOak has considerable experience as a consultant and expert witness in cases

involving structured products, monolines and non-agency residential mortgage loans.  Given

NewOak's expertise in valuing complex structured products like those at issue in the FGIC

Settlement and with respect to MBIA, the Debtors believe that retaining NewOak as a

consultant and possible expert witness in connection with the FGIC Settlement and review of

the MBIA Claims is in the best interests of the Debtors' estates.

## SERVICES TO BE PROVIDED

16.     The services to be provided by NewOak, pursuant to the terms of the

Engagement Letter, will include the following:

- Analysis and confirmation of the tranche structure of the FGIC Insured Trusts and FGIC guarantees associated with the FGIC Settlement;

- Calculation of the expected lifetime losses from the date of issuance for each of the 61 mortgage pools underlying each of the FGIC Insured Trusts summarized in Exhibit I to the Engagement Letter;

- Calculation of the expected lifetime losses from the date of issuance for each of the tranches in the securitizations that are not guaranteed by FGIC as indicated in Exhibit I to the Engagement Letter; and

- Provision of such other expert-related testimony, consulting or advisory services as may be needed in connection with the FGIC Settlement.

17.     NewOak may provide similar valuation services in connection with an

independent analysis of the MIBA Claims as part of the Global Plan Support Agreement.

18.     NewOak will work closely with Morrison & Foerster to ensure there is no

unnecessary duplication of services in connection with NewOak's analysis of the FGIC

Settlement and MBIA Claims.

## PROFESSIONAL COMPENSATION

19.     NewOak has indicated its willingness to serve as a consultant for the Debtors

and to receive compensation and reimbursement in accordance with its standard billing

practices, the provisions of the Engagement Letter and the provisions of sections 328, 330 and

331 of the Bankruptcy Code, or as otherwise ordered by the Court.

ny-1092494

20.     The Debtors respectfully submit that both the flat-rates and hourly rates charged by NewOak are fair and reasonable.[4]  NewOak has two flat-rate components to its compensation in connection with its analysis of the FGIC Settlement:

- $1,000 for each of the 61 individual mortgage pools underlying the RMBS trusts summarized in <u>Exhibit I</u> of the Engagement Letter for which NewOak performs an expected lifetime loss calculation; and

- $1,000 for each CUSIP, tranche, or class of certificates not guaranteed by FGIC indicated in <u>Exhibit I</u> of the Engagement Letter, for which NewOak performs an expected lifetime loss calculation.

21.     For NewOak's other consulting (and potential expert witness) services performed in connection with the FGIC Settlement and review of the MBIA Claims, including reviewing the relevant agreements and preparing declarations, NewOak will charge hourly rates of:

- $950 per hour for the services of its consultants and expert witnesses at the Partner level or above, including those of NewOak's Chief Executive Officer, Ron D'Vari;

- $750 per hour for the services of its consultants at the Managing Director level;

- $600 per hour for the services of its consultants at the Director/Associate Director level;

- $500 per hour for the services of its consultants at the Associate level; and

- $400 per hour for the services of its consultants at the Analyst level.

22.     To the extent the Debtors require NewOak to perform similar services with respect to the MBIA Claims and any associated releases, the Debtors will file an amended Engagement Letter on notice of presentment.  To avoid the need to file a separate retention

---

[4] Although Morrison & Foerster has engaged NewOak, the Debtors have agreed to be responsible for NewOak's compensation and expense reimbursement as approved by the Court.

ny-1092494

application, the Debtors seek approval of NewOak's services in connection with the MBIA Claims by this Application.

23.     The Debtors will reimburse NewOak for all reasonable documented out-of-pocket expenses incurred in connection with its services.  NewOak will abide by the rules and regulations relating to reimbursement of expenses which have been adopted by this Court and by the Office of the U.S. Trustee.

24.     As described in the D'Vari Declaration, notwithstanding any provision of the Engagement Letter to the contrary, NewOak understands that payment of its fees for professional services rendered and reimbursement of expenses incurred in connection with these cases will be subject to the Court's approval and that NewOak will be required to comply with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, General Order M-447 regarding Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases, dated January 29, 2013, the U.S. Trustee Guidelines currently in effect, this Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 797], and any other applicable procedures and orders of the Court.

## INDEMNIFICATION PROVISIONS

25.     The Debtors have agreed to indemnify and reimburse NewOak in accordance with the provisions set forth in Schedule A of the Engagement Letter (the "**Indemnification Provisions**").  The Indemnification Provisions provide, among other things, that the Debtors will indemnify NewOak and other Indemnified Persons (as defined in the Engagement Letter), except to the extent that any loss, claim, damage, judgment, assessment, interest, cost, fine, amount paid in settlement, fees and expenses (including reasonable attorneys' fees), or other liability arises out of NewOak's intentional malfeasance or gross negligence.

9

26.     The Debtors respectfully submit that the Indemnification Provisions, as may be modified by the Court's order, are reasonable and consistent with indemnification provisions approved by this Court for other professionals of the Debtors in this case.  See, e.g., *Order Under Sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of FTI Consulting, Inc. as Financial Advisor Nunc Pro Tunc to May 14, 2012* at ¶ 12(a)-(b) [Docket No. 902] (approving indemnification of FTI except, *inter alia*, for acts of willful misconduct and gross negligence); *Order Under Bankruptcy Code Sections 327(a) and 328(a) Authorizing Employment and Retention of Centerview Parters LLC as Debtors' Investment Banker Nunc Pro Tunc to the Petition Date* at ¶ 11 [Docket No. 920] (approving indemnification of Centerview upon application to Court except, *inter alia*, for acts of willful misconduct and gross negligence).   Accordingly, as part of this Application, the Debtors request that this Court approve the Indemnification Provisions.

## **NEWOAK'S DISINTERESTEDNESS**

27.     In order to ascertain NewOak's "connections," as that term is used in Bankruptcy Rule 2014, with the Debtors, the Debtors' creditors and other parties in interest in these chapter 11 cases, NewOak conducted an internal search of its conflict database as to the parties listed on Exhibit B to the D'Vari Declaration (the "Interested Parties").  This internal inquiry regarding the Interested Parties was performed consistent with NewOak's normal and customary practices for determining conflicts of interest.

28.     The conflict check revealed that NewOak has in the past and may currently represent certain of the Interested Parties in other matters.  However, each of the matters was or is wholly unrelated to the Debtors and these Chapter 11 cases and, accordingly, none of the said representations is adverse to the interests of the Debtors or their estates.

10

29.     To the best of the Debtors' knowledge and except to the extent disclosed in the D'Vari Declaration, NewOak (a) is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), (b) does not hold or represent an interest adverse to the Debtors' estates, and (c) has no connection to the Debtors, their creditors, or their related parties.

## **NOTICE**

30.     Notice of this motion has been served in accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 141].

11

## CONCLUSION

31.    WHEREFORE, the Debtors respectfully request that the Court enter an order

(i) substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested in the

Application, (ii) approving the terms of the Engagement Letter, and (iii) granting such other

and further relief to the Debtors as the Court may deem just and proper.


Dated:  June 11, 2013                          RESIDENTIAL CAPITAL, LLC,
                                               on behalf of itself and each of its Debtor
                                               subsidiaries


                                               By:   /s/ Lewis Kruger
                                                     Chief Restructuring Officer of the
                                                     Debtors and Debtors in Possession

ny-1092494