# **EXHIBIT 1**

**Proposed Order**

ny-1092494

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION**
**OF NEWOAK CAPITAL ADVISORS LLC AS CONSULTANT**
<u>*NUNC PRO TUNC*</u> **TO MAY 24, 2013**

Upon the application (the "**Application**")[1] dated June 11, 2013 of the Debtors for entry of an order, under Bankruptcy Code sections 327(a) and 328(a), Bankruptcy Rule 2014 and Local Rules 2014-1 authorizing the Debtors and debtors-in-possession to employ and retain NewOak Capital Advisors LLC ("**NewOak**") as their consultant *nunc pro tunc* to May 24, 2013; and the Debtors having submitted the D'Vari Declaration in support of the Application; and the Court being satisfied based on the representations made in the Application and the D'Vari Declaration that the managing directors, directors, associates, and analysts of NewOak who will be engaged in the chapter 11 cases represent no interest adverse to the Debtors' estates, and that they are disinterested persons as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it further appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

ny-1092494

further appearing that notice of the Application as set forth therein is sufficient under the circumstances, and that no further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Debtors, their estates and their creditors; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT**:

1. The Application is granted as set forth herein.

2. To the extent this Order is inconsistent with the Application or the D'Vari Declaration, the terms of this Order shall govern.

3. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, and subject to the terms of this Order, the Debtors are authorized to employ and retain NewOak as their consultant *nunc pro tunc* to the May 24, 2013, on the terms set forth in the Application and the D'Vari Declaration, to perform the services described therein.

4. Notwithstanding anything in the Engagement Letter, Application, or D'Vari Declaration to the contrary, NewOak shall be compensated and reimbursed in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines established by the Executive Office of the United States Trustee, and such other procedures as may be fixed by order of this Court (collectively, the "**Compensation Guidelines**").

5. Prior to any increases in NewOak's rates, NewOak shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the U.S. Trustee and any official committee. The supplemental affidavit shall explain the

basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether NewOak's client has consented to the rate increase. The U.S. Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

6. NewOak shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the Compensation Guidelines.

7. NewOak is authorized to provide the services set forth in the Schedule B to the Engagement Letter.

8. Prior to payment of NewOak for any services related to the allowance of MBIA's claims, as described in paragraph 17 of the Motion, NewOak shall file with the Court on notice of presentment a revised (or new) engagement letter outlining the services rendered or to be rendered in connection therewith and the fees to be charged.

9. The Engagement Letter, including, without limitation, the Indemnification Provisions, is incorporated herein by reference and approved in all respects except as otherwise set forth herein.

10. All requests by Indemnified Persons for the payment of indemnification as set forth in the Engagement Letter shall be made by means of an application to the Court and shall be subject to review by the Court to ensure that payment of such indemnity conforms to the terms of the Engagement Letter and is reasonable under the circumstances of the litigation or settlement in respect of which indemnity is sought; *provided*, *however*, that in no event shall an Indemnified Person be indemnified to the extent that any loss or

3

expense for which indemnification is sought resulted from the own bad faith, self-dealing, breach of fiduciary duty (if any), gross negligence, willful misconduct or fraud of that or any other Indemnified Person.

11. In the event that an Indemnified Person seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to the Engagement Letter, the invoices and supporting time records from such attorneys shall be included in NewOak's own applications, both interim and final, and such invoices and time records shall be subject to the Fee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

12. NewOak shall use its best efforts to avoid any duplication of services provided by any other counsel or professionals retained by the Debtors in the chapter 11 cases.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

14. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc. ("**AFI**"), Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the

District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

    15.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: June __, 2013

                                            THE HONORABLE MARTIN GLENN
                                            UNITED STATES BANKRUPTCY JUDGE