Glenn R. Meyers (gm3691)　　　　　　　　　Hearing Date       : July 24, 2013 at 10:00 a.m.
**The Meyers Law Firm**　　　　　　　　　　Objection Deadline : July 17, 2013
1123 Broadway, Suite 301
New York, New York 10010
(212) 252-1212
(212) 346-0867 Facsimile
themeyerslawfirm@gmail.com

Attorney for Movant/Creditor David Vasquez

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC., et al, | : | Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

### NOTICE OF HEARING ON MOTION FOR AN ORDER PURSUANT TO SECTION 362(d) b OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001 AND LOCAL RULE 4001-1 MODIFYING THE AUTOMATIC STAY TO ALLOW CONTINUATION OF PRE-PETITION LITIGATION

PLEASE TAKE NOTICE that a Hearing to consider David Vasquez' motion for an Order pursuant to 11 U.S.C. Section 362(d) granting relief from the automatic stay and authorizing David Vasquez to proceed with a State Court Action will be heard before the Honorable Judge Martin Glenn of the United States bankruptcy Court, One Bowling green, New York, New York 10004 on July 24, 2013 at 10:00 a.m. or as soon thereafter as counsel can be heard.

PLEASE TAKE FURTHER NOTICE that the scheduled hearing may be adjourned or continued from time to time without further notice other than by announcement in Court at the scheduled hearing

The relief requested in the Motion may be granted without a hearing if no objection is

timely filed and served in accordance with case management procedures.

Dated:    June 10, 2013

_____
Glenn R. Meyers
Attorney for movant/creditor David Vasquez

Glenn R. Meyers (gm3691)
**The Meyers Law Firm**
1123 Broadway, Suite 301
New York, New York 10010
(212) 252-1212
(212) 346-0867 Facsimile
themeyerslawfirm@gmail.com

Attorney for Movant/Creditor David Vasquez

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                        :
                                              :
                                              :   Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC., et al,             :   Chapter 11
                                              :
              Debotrs.                        :   Jointly Adminstered
                                              :
----------------------------------------------

**ATTORNEY'S AFFIRMATION IN FAVOR OF THE MOTION FOR AN ORDER PURSUANT TO SECTION 362(d) b OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001 AND LOCAL RULE 4001-1 MODIFYING THE AUTOMATIC STAY TO ALLOW CONTINUATION OF PRE-PETITION LITIGATION**

1. Movant/Creditor DAVID VASQUEZ as Plaintiff in a State Court Action vs GMAC Mortgage, LLC et. al. to declare a foreclosure sale of movant's home invalid and void as a matter of law and/or assess actual damages to compensate plaintiff for the loss of his home; actual damages in excess of the minimums for the court, exemplary damages in an amount four times actual damages, reasonable attorneys fees and expenses of litigation of at least $12,500; interest on the judgment at the legal rate until paid; common law fraud, breach of contract ,costs of suit and other relief deemed appropriate, brings this Motion pursuant to section 362(d) of Title 11, 11 U.S.C. Sec 101, Rule 4001 of the Federal Rules of bankruptcy Procedure, Local Rules for an order modifying the automatic stay to allow DAVID VASQUEZ' action against GMAC

Mortgage as defendant, to continue in the 346th Judicial District Court of El Paso County, Texas.

    2. The plaintiff/Movant DAVID VASQUEZ' has a good and meritorious cause of action and as such should be allowed to proceed in his case as a Creditor in Texas District Court.

    3. This action dates back to December 6, 2011 when Plaintiff/Movant's home was sold in a Foreclosure at the direction of GMAC Mortgage, LLC.

    4. The District Court of Texas requires Relief from the Automatic Stay to proceed.

## FACTS PURSUANT TO THE PETITION FOR DECLARATORY JUDGMENT ATTACHED HERETO

    5. On or about November 8, 1995, DAVID VASQUEZ purchased real property located in El Paso Texas known as 6224 Taos, El Paso, Texas 79905.

    6. As part of the transaction DAVID VASQUEZ executed a deed of Trust to secure a purchase money loan in the amount of $39,150.00 for the benefit of Pacific Southwest Bank.

    7. The substitute trustee Beverly Mitrisin was instructed by GMAC Mortgage LLC to sell the home on Tuesday, December 6, 2011.

    8. Plaintiff's statutory and contractual rights were violated by the sale of their home for one or more of the following reasons:

    a) while defendant represented that the plaintiff/movant had been approved for a loan modification, the defendant proceeded to foreclosure;

    b) Pacific Southwest Bank, the holder did not make any assignment to GMAC Mortgage LLC and in the alternative failed to notify the plaintiff of any assignment;

    c) The Notice of Sale was not posted as required by law, depriving the plaintiff/Movant of a public sale;

    d) The notice of default, right to cure, and notice of acceleration were not mailed or delivered as required by deed of trust or the Texas Property Code.

## BANKRUPTCY PROCEEDINGS

9. Debtors filed voluntary petitions in this court under Chapter 11 of the Bankruptcy Code on May 12, 2012.

10. On or about June 25, 2012, an Order was issued by this Court granting partial relief from the automatic stay and issued a Final Supplemental Order. Page 12, "Actions involving Amount, Validity or Priority of Liens"

.

*D. Actions Involving Amount, Validity Or Priority Of Liens*

17. The stay imposed by section 362(a) of the Bankruptcy Code applicable to actions involving the amount, validity, and/or priority of liens commenced by third parties purporting to have a lien interest or other claim ("Third Party Claimants") with respect to properties that are subject to mortgages owned or serviced by the Debtors ("Title Disputes") is hereby modified pursuant to the following terms and conditions:

(a) except as otherwise set forth herein, a Third Party Claimant shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor in connection with any Title Dispute, and to prosecute appeals with respect to any such direct claims or counter-claims;

(b) absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Third Party Claimant direct claims and counter-claims: (i) for monetary relief of any kind and of any nature against the Debtors; (ii) for relief that is not necessary for the resolution of the Title Dispute; or (iii) asserted in the form of a class action or collective action;

(c) absent further order of the Court, the stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Third

            Party Claimant on behalf of any other Third Party Claimant or class of Third Party Claimants;

(d)    under no circumstances shall a Third Party Claimant be entitled to enforce against, recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of the Order;

(e)    the Debtors shall be entitled to take such actions as are necessary to clear title with respect to property that is subject to a Title Dispute or to otherwise

In the case brought by DAVID VASQUEZ against GMAC Mortgage, LLC, the purpose behind the claim is to quiet title as a result of GMAC Mortgage, LLC's foreclosure and sale of the property. GMAC was the holder of the senior mortgage of the property. The claim against GMAC is exclusively regarding the property.

## JURISDICTION

11. This court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157 and 1334. Venue of this motion is proper in this district pursuant to 28 U.S.C. 1408 and 1409. Thsi Motion is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(G).

## ARGUMENT

12. Your affirmant scoured other cases associated with this Debtor and found that this relief has been granted to other Third-Party actions. This document takes similar form as to other Plaintiff's/Movant's causes of action brought in this Chapter 11 for lift of stay or modified lift od stay.

13. Plaintiff/Movant DAVID VASQUEZ has been harmed by GMAC as his home was literally taken away from him as a result of GMAC's alleged negligent acts.

14. If the court does not modify the automatic stay, DAVID VASQUEZ will be forced to wait indefinitely to proceed with his case in Texas District Court or will have to sever the case from the non-Debtor defendant and try the case against the Debtor at another time. Judicial economy will be served if the action is permitted to resolve all of the litigation in a single trial. If VASQUEZ prevails against the purchaser of the house out of foreclosure, that non-debtor defendant will have a new cause of action against the debtor and further litigation will ensue. As the non-debtor may not be able to pay damages to DAVID VASQUEZ he or she may be forced out of their own home that they mistakenly believed was purchased in Good Faith with Good Title.

15. The District Court in Texas may not allow the case to be severed, and DAVID VASQUEZ will have to wait a very long time for litigation about such a personal item as your own home.

Standards for Modification of Automatic Stay

16. Section 362(d) of the Bankruptcy Code provides that the automatic stay shall be modified for cause. 11 U.S.C. 362 (d)(1). The Sonnax factors require a court to consider 1) whether relief would result in a particular or complete resolution of the issues; 2) lack of any connection with or interference with the bankruptcy case; 3) whether other proceeding s involve the debtor as fiduciary; 4) whether a specialized tribunal with the necessary expertise had to be established to hear the cause of action; 5) whether the debtor's insurer has assumed full responsibility for defending it; 6) whether the action primarily involves third parties; 7) whether litigation in another forum would prejudice the interests of the other creditors, 8) whether the judgment claim arising from the other action is subject to equitable subordination; 9) whether

movant's success in the other proceeding would result in judicial lien avoidable by the debtor; 10) the interests of judicial economy and the expeditious and economical resolution of litigation; 11) whether the parties are ready for trial in the other proceedings; and 12) impact of stay on other parties and the balance of the harms. Sonnax Indus., Inc v TRI Component Products Corp (In re Sonnax Indus., Inc) (2nd Cir 1990) 907 F.2d 1280, 1286.

17. In applying the Sonnax standard. 'It will often be more appropriate to permit proceeding to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and relive the bankruptcy court from many duties that may be handled elsewhere" Matter of Holtkamp (7th Cir. 1982) 669 R.2d 505, 508 (citing S. Rep. No. 989, 95th Cong., allow personal injury case to proceed because civil action did not jeopardize estate where insurer assumed full responsibility for defending the litigation). Not all of the Sonnax factors are relevant in each case, and the Court need not assign equal weight to each factor. In re New York Med. Group, P.C. (Bankr. S.D.N.Y 2011) 265 B.R.. 408, 413 (modifying automatic stay to allow medical malpractice suit to proceed against liquidating debtor.

18. All of the relevant factors under the Sonnax mandate modification of the Automatic Stay to permit this Creditor to proceed with his case in the State of Texas. This court should allow the Texas court to decide issues of real property in their state. When a bankruptcy court cannot adjudicate pre-petition claims, the stay should be modified to permit the action to continue in the original court. See In re Cook, WL 2102687, at *3.

19. Severe prejudice to DAVID VASQUEZ may result if the Stay is not modified. This matter dates back almost three years and has been on for final trial in Texas Court awaiting a

lifting and/or modification of the Bankruptcy Stay. VASQUEZ is entitled to his day in court and is extremely prejudiced by the Automatic Stay. The Debtor and the Chapter 11 Estate will not be prejudiced in that the Debtor has sufficient funds to pay its unsecured claims as it stated in its filings. *Voluntary Petition of GMAC Mortgage, LLC*

20. Relief from the automatic stay will provide for Judicial Economy and will allow the most efficient and expeditious resolution of this Creditor's claims.

21. Modifying the stay to allow this Creditor to continue would be the most efficient and effective way to achieve resolution of the issues underlying DAVID VASQUEZ' claim. As discussed earlier it would be extremely prejudicial and expensive for this matter to be tried twice. Judicial Economy and interest in expediting complete resolution of the issues raised by DAVID VASQUEZ.

22. The automatic stay should be modified where the purposes of section 362(a) of the bankruptcy Code would not be served by leaving the stay in effect. See e.g. In re Continental Airlines, Inc.(1993) 152 B.R. 420, 426 (finding cause to lift stay to permit movant in federal district court).

23. "[I]t would be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties in their chosen forum and to relieve the bankruptcy court from money duties that may be handled elsewhere." In re Holtkamp (1982) 669 F.2d 505, 508 (citing S. Rep. No. 989, 95th Cong. 2d Sess. 50).

Wherefore, it is respectfully requested that DAVID VASQUEZ be allowed to pursue his

claims in Texas District Court.

Dated: April 30, 2013

_____
Glenn R. Meyers
Attorney for Movant/creditor VASQUEZ