**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**STIPULATION AND ORDER RESOLVING THE MOTION OF CITY OF EVANSDALE IOWA FOR ENTRY OF AN ORDER MODIFYING THE <u>AUTOMATIC STAY TO ALLOW CONDEMNDATION</u>**

**WHEREAS**, on May 14, 2012 (the "<u>Petition Date</u>"), Residential Funding Company, LLC ("<u>RFC</u>") and its affiliated debtor entities in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>"), filed in this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

**WHEREAS**, the Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

**WHEREAS**, on May 15, 2013, the City of Evansdale Iowa ("<u>Movant</u>") filed a motion (the "<u>Motion</u>") seeking relief from the automatic stay to permit Movant to proceed in the Iowa District Court pursuant to Iowa Code section 657A.10A to condemn the real property located at 115 Joy Dr., Evansdale, IA (the "<u>Property</u>") and obtain clean title to the Property so it may be demolished;

**WHEREAS**, the Debtors' records reflect that the Debtors have no interest in the Property;

**WHEREAS**, Movant alleges that the Property is vacant and unfit for human habitation;

**WHEREAS**, Movant alleges that the Property is in a state of extreme disrepair,

ny-1092351

constitutes a nuisance and a health hazard, is of no benefit to the Debtors' estates and is in fact a liability;

**WHEREAS**, Movant and the Debtors (collectively, the "Parties") have conferred, and Movant has agreed (i) to condemn the Property and obtain clean title to it so that the Property may be demolished without charging any demolition or other fees to the Debtors, and (ii) not to file any claims in the Debtors' bankruptcy cases relating to the Property or Movant's interest therein; and

**WHEREAS**, on the basis of the foregoing, the Debtors are prepared to stipulate to stay relief to the limited extent set forth herein.

**NOW THEREFORE**, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, that:

1. The automatic stay of Bankruptcy Code section 362(a) shall be modified solely to the extent set forth herein.

2. Movant may proceed in Iowa District Court pursuant to Iowa Code section 657A.10A to condemn the Property and obtain clean title to the Property so it may be demolished.

3. Movant shall not assert against the Debtors any claims for monetary damages or any other equitable relief, or file a proof of claim or request for payment of an administrative expense claim in the Debtors' Chapter 11 cases for any alleged damages arising out of the facts and circumstances addressed in Motion.

4. This Stipulation and Order shall not be deemed to be or constitute a modification of the automatic stay, except as otherwise expressly provided herein with respect to Movant. In all other respects, the automatic stay shall remain in full force and effect with respect

to any other parties who may be named in or who otherwise intervene in the condemnation action.

5. This Stipulation and Order shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment, or vacation in whole or part shall be subject to the approval of this Court.

6. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

7. Each person who executes this Stipulation and Order on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such party.

8. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

9. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

10. This Stipulation and Order shall be of no force or effect unless and until it is approved by the Court.

ny-1092351

11. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

Agreed to this 10th day of June, 2013.

| RESIDENTIAL FUNDING COMPANY, LLC | CITY OF EVANSDALE |
|---|---|
| By: /s/ Norman S. Rosenbaum | By: /s/ Michael C. Dunbar |
| Gary S. Lee<br>Norman S. Rosenbaum<br>Samantha Martin<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for Debtors and Debtors in Possession* | Michael C. Dunbar<br>**ATTORNEY FOR THE CITY OF EVANSDALE**<br>531 Commercial Street, Suite 500<br>Waterloo, Iowa 50701<br>Telephone: (319) 233-6327<br>Facsimile: (319) 233-0346<br><br>*Counsel for City of Evansdale* |

**SO ORDERED.**

Dated: June 13, 2013
      New York, New York

                               **/s/Martin Glenn**
                               MARTIN GLENN
                     United States Bankruptcy Judge

ny-1092351