UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER DENYING REQUEST FOR LATE-FILED PROOF OF CLAIM OF
DONNA CHINLOY**

On March 21, 2013, Donna Chinloy ("Chinloy"), appearing *pro se*, filed a letter with the Court requesting acceptance of a late-filed proof of claim. The Court will consider her letter as a motion for leave to file a late claim (the "Motion," ECF Doc. # 3315). Chinloy argues that the late claim should be accepted as she did not receive proper notice of the filing of the Debtors' bankruptcy petition. The Debtors filed an objection to the Motion ("Objection," ECF Doc. # 3892), arguing that Chinloy was properly served notice of the Bar Date and the commencement of the case at the movant's address. The Debtors also contend that the movant has failed to demonstrate excusable neglect for failing to timely file a claim. The Debtors annexed two Affidavits of Service from an employee of Kurtzman Carson Consultants LLC (the "Kurtzman Carson Affidavits," ECF Doc. # 3892-1 and 3892-2). For the following reasons, Chinloy's Motion is **DENIED**.

On April 12, 2006, Chinloy executed a promissory note (the "Note") and mortgage (the "Mortgage") with GMAC Bank (n/k/a Ally Bank) in connection with the purchase of Chinloy's property located in Broward County, Florida. GMAC Mortgage ("GMACM") acted as servicer for the Mortgage prior to the closing of the Platform Sale to Ocwen.

On August 14, 2009, GMACM filed a complaint and notice of *lis pendens* against Chinloy in the Circuit Court for the 17th Judicial Circuit, in and for Broward County Florida,

General Jurisdiction Division (the "Circuit Court"), instituting a foreclosure action, Case No. 09-45158 (the "Foreclosure Action"). In its complaint, GMACM asserted that Movant was in default under the terms of the Note and Mortgage, and sought to enforce the Note and Mortgage. On June 10, 2010, GMACM filed an amended complaint in the Foreclosure Action. On May 13, 2013, following the closing of the Platform Sale and transfer of the servicing of Chinloy's Mortgage from GMACM to Ocwen, Ocwen filed a motion to substitute Ocwen as plaintiff in the Foreclosure Action. As of the date of the Objection, a judgment has not been entered in the Foreclosure Action.

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11. On August 29, 2012, the Court entered an *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order," ECF Doc. # 1309), establishing November 9, 2012 as the general claims bar date (the "Bar Date"). The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* (ECF Doc. # 2093), extending the Bar Date to November 16, 2012. Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "Bar Date Notice").

The Kurtzman Carson Affidavits submitted by the Debtors establish that, on or before May 19, 2012, Chinloy was served via first class mail addressed to 2672 NW 124th Avenue, Coral Springs, FL 33065 with notice of pendency of the Debtors' chapter 11 cases. (*See* ECF Doc. # 3892-1.) Similarly, on or before October 5, 2012, Chinloy was served via first class mail addressed to the same address with a copy of the Bar Date Notice. (*See* ECF Doc. # 3892-2.)

"A rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and

mailed." *In re Borders Grp., Inc.*, 462 B.R. 48, 52 (Bankr. S.D.N.Y. 2011) (quoting *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005)). "The sender must provide evidence of actual mailing in the form of an affidavit submitted by an individual who supervised the mailing to allow the presumption to arise." *Id.* (citing *In re WorldCom, Inc.,* 2005 WL 3875192, at *3). "Additional evidence, other than an addressee's mere denial of receipt is required to rebut the presumption that the addressee received a properly addressed notice." *In re WorldCom, Inc.,* 2005 WL 3875192, at *3 (citing *Meckel v. Continental Resources Co.,* 758 F.2d 811, 817 (2d Cir. 1985)).

In cases where a creditor has failed to file a claim before the Bar Date despite having notice, "Bankruptcy Rule 9006(b)(1) gives the court the discretion to enlarge the time to file a claim 'where the failure to act was the result of excusable neglect.'" *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010) (quoting FED. R. BANKR. P. 9006(b)(1)). The Supreme Court has interpreted 'excusable neglect' to be a flexible standard— one that can include 'inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Id*. (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993)). "However, 'the determination is at bottom an equitable one' that must take 'account of all relevant circumstances surrounding the party's omission.'" *Id*. (quoting *Pioneer Inv. Serv. Co*., 507 U.S. at 395). The *Pioneer* Court established four factors to assist bankruptcy courts in evaluating excusable neglect: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer Inv. Serv. Co*., 507 U.S. at 395.

"The Second Circuit strictly observes bar dates and has adopted what has been characterized as a 'hard line' in applying the *Pioneer* test," meaning that this Court should focus its analysis "primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant." *In re Lehman Bros. Holdings Inc.*, 433 B.R. at 119-20. The court has noted that "the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *In re BH S&B Holdings LLC,* 435 B.R. 153, 163 (Bankr. S.D.N.Y. 2010). Instead, "only in unusual instances would . . . ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." *Id*. at 168.

Here, the Debtors have put forth two affidavits by an employee of Kurtzman Carson, the Debtors' claims and noticing agent, giving rise to the presumption that Chinloy timely received both the Bar Date Notice and notice of the commencement of the case. Chinloy has put forward no evidence to rebut the presumption.

In light of the policy of strict observance of bar dates, and in looking to the standard for excusable neglect, Chinloy has not met her burden. Chinloy has given no reason for the delay other than she never received notice, yet, she was served with both the notice of the commencement of the bankruptcy cases and of the Bar Date.

Chinloy asserts various other unrelated arguments, such as "Debtors have violated Creditors' Automatic Stay under 362(A)," but none of her other arguments merit discussion because none of them would excuse the late filing of a proof of claim.

4

Therefore, Chinloy's Motion for leave to file a late claim is **DENIED**.

**IT IS SO ORDERED.**

Dated:    June 13, 2013
          New York, New York

                               ___*Martin Glenn*_____
                                  MARTIN GLENN
                               United States Bankruptcy Judge