ORI

UNITED STATES BANKRUPTCY COURT

SOUNTHERN DISTRICT OF NEW YORK

------------------------------------------------

Jessica Angel Quiroz, Ramon Quiroz            **MOTION TO LIFT THE STAY**

vs                                            Re: Case No. 12-12020

In re Residential Capital, LLC, U.S. Bank

National Association as Trustee,              89-37 Metropolitan Ave Rego Park N.Y. 11374

                                              Block 3176 Lot 13 DWELLING ONLY-1 FAMILY

------------------------------------------------

RECEIVED JUN 10 2013 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

Upon all Pleading and Proceedings and the Exhibits annexed to it:

Helen Quiroz, Jessica Angel Quiroz and Ramon Quiroz Et Al, "CLAIMANTS" Property Owners of the above property and upon the following Exhibits and proceeding " OBJECT" Residential Capital, LLC, Case No. 12-12020 (MG) and related cases U.S. Bank National Association as Trustee, GMAC, Homecomings Mortgages: WHOM advised this Court that they filed a Bankruptcy proceeding with the United States Bankruptcy Court for the Southern District of New York on May 14, 2012. And in accordance with the United States Bankruptcy Code §362, 11.U.S.C. § 362., IT IS HEREBY ORDERED that this appeal is stayed.

Jessica Angel Quiroz give Durable Power of Attorney for Financial Manager to Ramon Quiroz Filed and Recorder in the City Office of the City Register of the City of New York 05-03-2012, as well transferred the Legal DEED in the Recording Office of the City of New York to Ramon Quiroz Recorded or Filed in the Office of the City Register of the City of New York, on 05/03/2012.

See Exhibit Attached No.3, No. 4

Residential Capital, LLC, Case No. 12-12020 (MG) and related cases) as US Bank National Association as Trustee, Homecomings and GMAC (collectively, the "**Chapter 11 Cases** Quirozs' El Al. Property Owners of *89-37 Metropolitan Ave Rego Park N.Y. 11374 Block 3176 Lot 13 DWELLING ONLY-1 FAMILY* "CONTEND" and denied mention proposed

1

*settlement of claims of the Settlement Trusts against ResCap in the Chapter 11 Cases. These claims include, without limitation, certain claims relating to the origination and sale by ResCap of mortgage loans and to certain aspects of ResCap's servicing of those mortgage loans. The proposed settlement would, if approved by the Court and accepted by the RMBS Trustee of a Settlement Trust, bind that Settlement Trust and related Certificateholders. Accordingly, the proposed settlement and related Court approval procedures materially affect the interests of the Certificateholders, and the RMBS Trustees respectfully request that all Certificateholders and other persons potentially interested in the Settlement Trusts.*

*Quiroz's Et Al was at risk of losing their home due for the improper and false order of Reference Index No. 25117/07 issued by U.S. Bank, GMAC, Homecomings: filed in the Supreme Court of the State of New York, County of Queens New York in the year 2008 to foreclose the Quiroz's family home, when in fact Quiroz's Et Al Proof to to the United States Court of Appeals for the Second Circuit, New York Index No. 11-3663, that US Bank National Association as Trustee in connection with GMAC, Homecomings and the Law Firm of Steven J. Baum P.C. a Bank Trustee who are unnamed holders of investment securities who in fact not even have legal title or mortgage and who, in all like-hood, never had standing to Institute the foreclosure proceeding herein ab initio) with the granting of this motion by the Supreme Court of the State of New York County of Queens New York Index ( 25117/07) it was greatly outweighed by the severe prejudice causing Mrs. Helen Quiroz Physical Harm pain en suffering and died on February 20, 2012, the Quiroz family have been devastated and still suffering for this illegal foreclosure procedure of their home.*

### **Relevant Deadlines & Court Hearings**

**On July 31, 2012, the Court entered an order setting forth a schedule of deadlines and the date of a hearing related to ResCap's motion seeking court approval to make a settlement offer to the RMBS Trustees on behalf of the Settlement Trusts (the "9019 Motion") and the RMBS Trustees' acceptance or rejection of the settlement (the "Order"). On September 25, 2012, the Court entered an amended order revising the schedule that was set forth in the Order (the "Second Revised Order"). On October 23, 2012, the Court further modified the Second Revised Order, revising the schedule that was set forth therein (the "Third Revised Order"). On December 27, 2012, the Court further modified the Third Revised Order, revising the schedule that was set forth therein (the "Fourth Revised Order"). During a hearing on March 1, 2013 (the "March 1st Hearing"), the Court further modified the Fourth Revised Order, revising the schedule that was set forth therein. The Court has scheduled an evidentiary hearing on the 9019 Motion (the "Hearing") on May 28, 29, 30, and 31, and June 3, 2013, excluding closing arguments, which will take place on July 1, 2013, after submission of post-trial briefing. If the Court grants the 9019 Motion, the RMBS Trustees must accept or reject the proposed settlement on behalf of any Settlement Trust within 30 days of the entry of an order approving the 9019 Motion.**

2

***Any Certificateholder or other person potentially having an interest in the Settlement Trusts may object to the 9019 Motion or any aspect of the proposed settlement may participate in the Hearing. The Court has previously directed that:***

- any objections to the 9019 Motion, including expert reports, were due by November 28, 2012;
- the RMBS Trustees' statements in support of the 9019 Motion, objections to the 9019 Motion, and/or any responses to objections served by certificateholders of the RMBS Trusts, were due by December 14, 2012;
- the Debtors' replies to any objections to the 9019 Motion, and the RMBS Trustees' reply to the extent they have elected to support the 9019 Motion, along with Debtors' reply to expert reports were served upon the Parties, but not filed with the Court, by January 15, 2013;
- the Steering Committee's replies to any objections to the 9019 Motion were served upon the Parties, but not filed with the Court, by January 15, 2013;
- all objections to the 9019 Motion filed by the Official Committee of Unsecured Creditors, MBIA Insurance Corporation, Financial Guaranty Insurance Company, Wilmington Trust, N.A., the Steering Committee, the Talcott Franklin Group, the RMBS Trustees and Ally Financial, Inc. along with all any supporting expert reports previously served by the parties were filed with the Court on February 1, 2013; and
- all statements in support of the 9019 Motion or any objections to the 9019 Motion and/or any responses to objections served by certificateholders of the RMBS Trusts along with all any supporting expert reports previously served by the RMBS Trustees were filed with the Court on February 1, 2013.

The Court has also order that:

- all declarations and exhibits that will be used at the Hearing must be filed by May 14, 2013; and
- that the final pretrial conference will take place on May 23, 2013.

## "in rem" relief?

There is nothing more annoying than debtors who file repeated bankruptcies, stopping you from recovering your property.
The Quiroz's family Jessica Angel Quiroz and Ramon Quiroz Object to keep the fraudulent foreclosure procedure in place and by the Order of the Bankruptcy Court to "STAY". Quiroz's El Al demands this Court to get *in rem* relief and end the pain of serial filings.
The courts and the legislature don't like abusive bankruptcy filings any more than you do. It's one thing for debtors to properly gain some "breathing space" when

3

they file a bankruptcy. It's another thing altogether when they abuse the system to simply avoid moving out of your property -- all at your expense. Judge Naugle (recently retired) used to ask some of these folks whether they had "jumped over a broom" or something to get married -- there were/are abusive paralegal firms that will simply lump together totally unrelated people in a single bankruptcy, pretending they are "married debtors." Why file two abusive bankruptcies when you can save a filing fee and file only one?

Congress gave us some restrictions, limiting stays in successive bankruptcies by the same individuals. But, what if *different parties* file the successive bankruptcies? The courts have fashioned a remedy based on old-time property law. That is, the Relief from "Stay Order" is going to specify that it is binding on any one else claiming an interest in the property.

.

*Jessica Angel Quiroz and Ramon Quiroz " CONTEND: BY LAW THE STAY SHOULD BE LIFTED"*

*Respectfully requesting the United States Bankruptcy Court for the Southern District of New York to Lift the Stay Ordered on May 14, 2012, Based on the Order from the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, 2013.*

*Upon due Consideration been had in the United States of the Court of Appeals Second Circuit in the matter of the Civil Complaint filed in the United States District Court for the Eastern District of Brooklyn N.Y. E.D.N.Y. 10-cv-2485and by the ORDER of the United States Court of Appeals for the Second Circuit Present Honorable Ralph K. Winter, Guido Calabresi, Gerald E. Lynch Circuit Judges it is Hereby ORDERED that (1) Appellants Quiroz Et Al motion for Summary Judgment is CONSTRUED as motion for summary reversal of the District court's August 9, 2011 judgment dismissing the Appellants' complaint; (2) as so construed decision on the motion is DEFERRED pending the lifting or termination of the automatic stay, see 11 U.S.C. § 362 (a)(1); Johnson v. Morgenthau, 160 F. 3d 897, 899 (2d Cir.1998) (providing that this Court has "inherent power…to manage and control its docket")*

*See Exhibits Attached:*

*No. 1. United States Court of Appeals for the Second Circuit ORDERED on the 25th day of April 2013.*

*No. 2. Helen Quiroz Death Certificate*

*No. 3. Power of Attorney from Jessica Angel Quiroz's Daughter to Ramon Quiroz's Father.*

4

*No. 4. Ramon Quiroz:* DEED Recorded or Filed in the Office of the City Register of the City of New York, Recorder Filed 05/03/2012 14:28, City Register File No. (CRFM): 2012000176547.

*No 5. RESCAP proof of claim filed by Quiroz's Et Al, on November 8, 2012.*

### CERTIFICATE OF COMPLIANCE

I, the undersigned, do hereby certify that this motion is filed in good faith under the truth due and legal grounds and rights of the Constitution of the United States of America and in compliance with the local rules of this Court the United State Bankruptcy Code § 362, II.U.S.C. § 362.
ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)

Respectfully Submitted

*/s/ Ramon Quiroz*
Ramon Quiroz Pro-Per
89-37 Metropolitan Ave
Rego Park NY 11374
( 718-275-2192 )

I swear the above is true under penalties of perjury.

Sworn to before me

On June ....4.., 2013

*/s/ Ramon Quiroz*
Ramon Quiroz

STATE OF NEW YORK
COUNTY OF QUEENS

Signed and sworn to before me this 4 day of June, 2013

_____
Notary Public

MAREK HANUSCIK
Notary Public - State of New York
NO. 01HA6238497
Qualified in Queens County
My Commission Expires 2/4/15

5