**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| RESIDENTIAL CAPITAL, LLC, et al. | ) Case No. 12-12020 (MG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## SEVENTH STIPULATION AND ORDER
## AMENDING THE AFI DIP AND CASH COLLATERAL ORDER

Subject to the approval of the Court, this stipulation and order (this "***Stipulation***") is made and entered into by and between the debtors and debtors in possession in the above-captioned bankruptcy case (collectively, the "***Debtors***"), Ally Financial Inc. ("***AFI***") and holders of the Junior Secured Notes[1] (the Junior Secured Notes, AFI, and the Debtors, collectively the "***Parties***") under the *Final Order Under Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014 (I) Authorizing the Debtors to Obtain Postpetition Financing on a Secured Superpriority Basis, (II) Authorizing the Debtors to Use Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties* [ECF No. 491] (the "***AFI DIP and Cash Collateral Order***") entered by the Court on June 25, 2012.

WHEREAS, the AFI DIP and Cash Collateral Order approved, among other things, the use of Cash Collateral of the Adequate Protection Parties and a debtor-in-possession financing facility of up to $220 million from AFI to the Debtors (the "***AFI DIP***"), attached as **Exhibit C** to the AFI DIP and Cash Collateral Order;

WHEREAS, paragraph 18(a)(ix) of the AFI DIP and Cash Collateral Order originally

---

[1]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the AFI DIP and Cash Collateral Order.

contained a covenant that required the effective date of the Debtors' chapter 11 plan to have occurred by December 15, 2012 (the "***Chapter 11 Plan Covenant***");

WHEREAS, paragraph 20(g) of the AFI DIP and Cash Collateral Order provides that, subject to a five business day grace period, failure by the Debtors to comply with the covenants contained therein results in a Termination Event;

WHEREAS, on October 23-25, 2012, the Debtors held two auctions for the sale of their assets.  Following the auctions, the Debtors declared Ocwen Loan Servicing, LLC ("***Ocwen***") and Walter Investment Management Corp. ("***Walter***") as the winning bidders for the Debtors' mortgage loan origination and servicing platform at a price of $3 billion (the "***Platform Sale***"), and Berkshire Hathaway Inc. as the winning bidder for the legacy loan portfolio at a price of $1.5 billion (the "***Legacy Sale***," and together with the Platform Sale, the "***Sales***");

WHEREAS, on November 21, 2012, the Court entered orders approving each of the Sales [ECF Nos. 2246 and 2247];

WHEREAS, on December 20, 2012, the Bankruptcy Court entered the *Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 2495], which revised the AFI DIP and Cash Collateral Order to remove the Chapter 11 Plan Covenant and established a Termination Date for the use of Cash Collateral as of the closing of the Platform Sale [ECF No. 2246];

WHEREAS, on February 5, 2013, the Legacy Sale closed, and the AFI DIP Facility was repaid in full from the proceeds of the Legacy Sale;

WHEREAS, the portion of the Platform Sale that was purchased by Walter closed on January 31, 2013, and the portion of the Platform Sale that was purchased by Ocwen closed on February 15, 2013;

WHEREAS, on February 15, 2013, the Bankruptcy Court entered the *Second Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 2927], which, among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) March 18, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers  after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties;

WHEREAS, on March 18, 2013, the Bankruptcy Court entered the *Third Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3230], which, among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) April 18, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers  after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties;

WHEREAS, on April 8, 2013, the Debtors filed the *Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral* [Docket No. 3374] (the "***Cash Collateral Motion***"), which currently is scheduled to be heard by the Court on June 12, 2013;

WHEREAS, on April 17, 2013, the Bankruptcy Court entered the *Fourth Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3458], which among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) April 30, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers  after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the

Adequate Protection Parties;

WHEREAS, on April 26, 2013, the Bankruptcy Court entered the *Fifth Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3534], which among other things, (i) extended the Termination Date to (a) the effective date of a Plan for any Debtor, (b) May 14, 2013, or (c) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers  after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties, and (ii) set forth an agreed schedule with respect to the discovery and deadlines related to the Cash Collateral Motion (the "***Schedule***");

WHEREAS, between May 6, 2013 and May 13, 2013, the Junior Secured Noteholders, AFI, and the Creditors' Committee filed responses to the Debtors' Cash Collateral Motion;

WHEREAS, on May 14, 2013, the Bankruptcy Court entered the *Sixth Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3720] (the "***Sixth Stipulation***"), which among other things, (i) limited the Debtors' ability to continue using Cash Collateral, (ii) extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) June 12, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers  after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties, and (iii) amended the Schedule to provide deadlines concerning evidentiary submissions and objections;

WHEREAS, the Parties have agreed to consensually amend the AFI DIP and Cash Collateral Order pursuant to the terms of this Stipulation so that the Court can hear the Cash Collateral Motion at an evidentiary hearing on June 26, 2013;

WHEREAS, the Parties reserve all rights with respect to adequate protection under the AFI DIP and Cash Collateral Order, including with respect to the Debtors' allocation of expenses and whether such allocation is consistent with such Order;

WHEREAS, the AFI DIP and Cash Collateral Order is to remain in full force and effect as amended hereby, and the consent of the AFI Lender and the Junior Secured Parties to the continued use of Cash Collateral pursuant to this Stipulation shall not prejudice in any way the rights of any party, including the AFI Lender and the Junior Secured Parties, with respect to that final order;

NOW THEREFORE, it is hereby STIPULATED and AGREED by the Parties that:

1.     The AFI DIP and Cash Collateral Order is hereby amended by replacing the first full paragraph in paragraph 20 with the following: "20. *Termination*. The Borrowers' right to use Prepetition Collateral, including Cash Collateral, pursuant to this Final Order shall automatically terminate (the date of any such termination, the "***Termination Date***") without further notice or order of the Court (i) on the effective date of a Plan for any Debtor, (ii) June 27, 2013, or (iii) upon written notice (the "***Termination Notice***") by the AFI Lender (or, if the AFI Revolver has been paid in full, by the Junior Secured Parties) to the Borrowers (with a copy to counsel to the Creditors' Committee, the Administrative Agent and the Collateral Agent under the Barclays DIP Facility, and the United States Trustee) after the occurrence and during the continuance of any of the following events (unless waived by the Adequate Protection Parties, "***Termination Events***") beyond any applicable grace period set forth below:".

2.     The Debtors' rights to use Cash Collateral pursuant to the AFI DIP and Cash Collateral Order are expressly terminated as of the date hereof, except that the Debtors are permitted to use Cash Collateral from the period beginning on June 13, 2013 through and

including June 27, 2013 (the "*Seventh Extension Period*")  solely for payment of (i) the Cash Collateral Costs (as such term is defined in the Horner Declaration[2]) subject to the caps set forth in the Sixth Stipulation, and (ii) the Adequate Protection Payments (as provided in the AFI DIP and Cash Collateral Order); provided, however, that to the extent the Debtors use unencumbered funds during the Seventh Extension Period for the uses referenced in paragraph 30 of the Cash Collateral Motion (the "*Expenses*"), the Debtors reserve the right to seek authorization to replenish such unencumbered funds from Cash Collateral in connection with the entry of an order granting the Cash Collateral Motion and the Adequate Protection Parties reserve the right to argue that any such replenishment must be sought by separate motion, and the Debtors' right to seek such authorization and the Adequate Protection Parties' rights to contest such authorization shall not in any way be prejudiced by the adjournment of the Cash Collateral Motion.   All rights of the Adequate Protection Parties to object to the application of Cash Collateral to the Expenses shall not be prejudiced by entry of this Order, including any rights and remedies provided under the AFI DIP and Cash Collateral Order.

3.      All rights and provisions under the AFI DIP and Cash Collateral Order, including the Debtors' obligation to provide Adequate Protection to the AFI Lender and the Junior Secured Parties and to make the Adequate Protection Payments set forth in paragraph 16(c)(v) of the AFI DIP and Cash Collateral Order, remain in full force and effect, except as specifically set forth herein.

4.      The entry of this Stipulation shall not prejudice any Party's rights, except as specifically set forth herein.

---

[2] The "*Horner Declaration*" is the *Declaration of Jill Horner in Support of Debtors' Motion for Entry of Interim and Final Orders to Permit the Debtors to Continue Using Cash Collateral* [Docket No. 3394].

5.      This Stipulation shall be binding on the Parties upon execution and approval by this Court.

6.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

[*Remainder of page intentionally left blank*]

Dated:  June 13, 2013

/s/ *Gary S. Lee*
Gary S. Lee
Todd M. Goren


MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*


Dated:  June 13, 2013

/s/ *J. Christopher Shore*
J. Christopher Shore
Harrison Denman


WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Counsel to the Ad Hoc Group of Holders
of Junior Secured Notes*


Dated:  June 13, 2013

/s/ *Richard M. Cieri*
Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler


KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: 212-446-4800
Facsimile: 212-446-4900

*Counsel to Ally Financial Inc. and
Ally Bank*


Dated:  June 13, 2013

/s/ *Gerard Uzzi*
Gerard Uzzi


MILBANK , TWEED, HADLEY &
MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel to the Ad Hoc Group of
Holders of Junior Secured Notes*


**IT IS SO ORDERED**

Dated:  June 14, 2013
        New York, New York


        **/s/Martin Glenn**
        MARTIN GLENN
        United States Bankruptcy Judge


**SEVENTH STIPULATION AND ORDER
AMENDING THE AFI DIP AND CASH COLLATERAL ORDER**