**DECHERT LLP**
Glenn E. Siegel
Craig P. Druehl
James O. Moore
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**SEWARD & KISSEL LLP**
Mark D. Kotwick
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

**SEWARD & KISSEL LLP**
Dale C. Christensen, Jr.
Thomas Ross Hooper
Benay L. Josselson
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to Law Debenture Trust Company of New York, as Separate Trustee of Certain Mortgage-Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.,* | ) |
| | ) **Chapter 11** |
| Debtors. | ) **Jointly Administered** |

**JOINDER OF FGIC TRUSTEES TO THE DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019 FOR APPROVAL OF THE SETTLEMENT AGREEMENT AMONG THE DEBTORS, FGIC, THE FGIC TRUSTEES AND <u>CERTAIN INSTITUTIONAL INVESTORS</u>**

1

The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. (collectively, "**BNY Mellon**"), U.S. Bank National Association ("**U.S. Bank**"), Wells Fargo Bank, N.A. ("**Wells Fargo**"), and Law Debenture Trust Company of New York ("**Law Debenture**"),[1] each in their respective capacities as a Trustee[2] for certain FGIC Insured Trusts[3] (collectively, the "**FGIC Trustees**"), by and through their undersigned counsel, hereby file this joinder (the "**FGIC Joinder**")[4] to the *Debtors' Motion Pursuant to Fed. R. Bankr, P. 9019 For Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors* (the "**FGIC Motion**") [Docket No.3929] pursuant to which the Debtors seek the entry of an order, substantially in the form attached to the FGIC Motion as Exhibit 1 (the "**Proposed Order**"), approving the Settlement Agreement (the "**Settlement Agreement**"), dated May 23, 2013, among the Debtors, Financial Guaranty Insurance Corporation ("**FGIC**"), the FGIC Trustees and the Institutional Investors, and in support of the FGIC Joinder respectfully state as follows:

---

[1] For certain mortgage-backed securities trusts for which Wells Fargo serves as RMBS Trustee, Law Debenture was appointed Separate Trustee pursuant to orders dated November 7, 2012 and November 8, 2012 (the "**Minnesota Orders**") issued by the District Court, Fourth Judicial District, State of Minnesota. As Separate Trustee, Law Debenture is authorized, among other things, to pursue the claims covered by the RMBS Settlement Agreements. Each of Wells Fargo and Law Debenture joins in this Joinder to the extent of their respective obligations as Trustee or Separate Trustee under the Instruments of Appointment and Acceptance attached to the Minnesota Orders.

[2] The term "RMBS Trustees" has been defined, at different times in the Chapter 11 Cases, in slightly different ways. As used herein, unless the context dictates otherwise, the term "Trustees" or "FGIC Trustees" shall include BNY Mellon, U.S. Bank, Wells Fargo, and, from the time of its appointment as Separate Trustee, Law Debenture, and refers to such entities in their capacities as trustee, indenture trustee, separate trustee, securities administrator, co-administrator, paying agent, grantor trustee, custodian and/or other similar agencies or as master servicer for the FGIC Trusts.

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Joinder of Certain RMBS Trustees to the Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee and the Consenting Claimants* (the "**PSA Joinder**") [Docket No. 3940] or the FGIC Motion (as defined below).

[4] BNY Mellon and U.S. Bank file this FGIC Joinder solely in their capacity as FGIC Trustees and not as members of the Official Committee of Unsecured Creditors (the "**Committee**"). Law Debenture and Wells Fargo are not members of the Committee.

2

## JOINDER

1. The FGIC Trustees hereby join in the FGIC Motion, to the extent applicable to the FGIC Trustees.

2. On June 10, 2013, the FGIC Trustees, among other RMBS Trustees, filed the PSA Joinder, which, along with the Declarations submitted by the FGIC Trustees attached thereto (the "**Declarations**"), includes references to, and support for, the Settlement Agreement in connection with the Plan Support Agreement. The PSA Joinder and the Declarations are incorporated by reference herein.

3. Under the Settlement Agreement, the FGIC Trustees agreed to provide notice of the Settlement Agreement to all Investors in the FGIC Insured Trusts, and the parties to the Settlement Agreement agreed to request that the Bankruptcy Court order approving the Settlement Agreement contain certain findings relating to the FGIC Insured Trusts, the FGIC Trustees, and the Investors in the FGIC Insured Trusts. The FGIC Trustees submit this FGIC Joinder in part to provide the Bankruptcy Court with additional support for the requested findings contained in the Proposed Order.

4. The PSA Joinder and the Declarations support the findings in paragraphs C, D and E of the Proposed Order, which provide that (i) the Settlement Agreement and the transactions contemplated thereby, including the releases given therein, are in the best interests of, *inter alia*, the Investors in each FGIC Insured Trust, the FGIC Insured Trusts and the FGIC Trustees, (ii) the FGIC Trustees acted reasonably and in good faith and in the best interests of the Investors in each FGIC Insured Trust and each such FGIC Insured Trust in agreeing to the Settlement Agreement, and (iii) the notice of the Settlement Agreement,

including the FGIC Trustees' notice of same, was sufficient and effective to put the Investors in each FGIC Insured Trust on notice of the Settlement Agreement.

5. As set forth in the PSA Joinder, there is ample legal support for the FGIC Trustees' authority to enter into the Settlement Agreement, and for the Court's authority to approve the Settlement Agreement and to make it binding on all the Investors in the FGIC Insured Trusts. In exercising its authority to approve the Settlement Agreement, under well-settled law the Court should ratify the FGIC Trustees' judgment unless the FGIC Trustees acted dishonestly or with an improper motive, failed to use their judgment or acted beyond the bounds of a reasonable judgment. And finally, the Court will have jurisdiction over – and therefore can bind – all Investors in the FGIC Insured Trusts because the notice program utilized by the FGIC Trustees is robust and fully satisfies New York and federal due process requirements.

6. In light of the evidence demonstrating the satisfaction of their duties, the FGIC Trustees should not bear the risk of any claims by Investors that the FGIC Trustees failed to act reasonably and in good faith in entering into the Settlement Agreement, or that the notice of the Settlement Agreement provided by the FGIC Trustees was insufficient. As described in detail in the FGIC Motion, in the PSA Joinder, and in the Declarations, each FGIC Trustee has acted reasonably and in good faith in entering into the Settlement Agreement, and the Settlement Agreement is in the best interests of the FGIC Trusts and the Investors in the FGIC Insured Trusts.

7. The FGIC Trustees reserve the right to amend, supplement, alter or modify this FGIC Joinder and to reply to any objections to the FGIC Motion.

4

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the FGIC Trustees request that the Court approve the Settlement Agreement, enter the Proposed Order substantially in the form attached to the FGIC Motion as Exhibit 1, and grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

**DECHERT LLP**
By: /s/ Glenn E. Siegel
Glenn E. Siegel
Craig P. Druehl
James O. Moore
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**SEWARD & KISSEL LLP**
By: /s/ Mark D. Kotwick
Mark D. Kotwick
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
By: /s/ John C. Weitnauer
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

**SEWARD & KISSEL LLP**
By: /s/ Dale C. Christensen, Jr.
Dale C. Christensen, Jr.
Thomas Ross Hooper
Benay L. Josselson
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to Law Debenture Trust Company of New York, as Separate Trustee of Certain Mortgage-Backed Securities Trusts*

SK 03687 0119 1390689 v2