KATHLEEN G. CULLY PLLC
Kathleen G. Cully
180 Cabrini Boulevard
#128
New York, NY 10033-1167
(212) 447-9882

*Attorney for Lorraine McNeal*

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing Date: July 24, 2013 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 10:00 a.m. |

-----------------------------------------------------------------x

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| *Residential Capital, LLC, et al.*, | Chapter 11 |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------------x

### MOTION FOR CLARIFICATION OF FINAL SUPPLEMENTAL ORDER ENTERED JULY 13, 2012 OR, IN THE ALTERNATIVE, RELIEF FROM THE AUTOMATIC STAY

Lorraine McNeal ("McNeal"), the appellant in *Lorraine McNeal v. GMAC Mortgage, LLC, Homecomings Financial, LLC (a GMAC company)*, Case No. 11-11352 (11th Cir.), by and through her attorney, Kathleen G. Cully PLLC, as and for her motion for clarification of this Court's Final Supplemental Order Under Bankruptcy Code Sections 105(A), 362, 363, 502, 1107(A), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses, entered July 13, 2012, ECF No. 774 (the "Final Supplemental Order"), respectfully requests that, pursuant to the Order of the United States Court of Appeals for the 11th Circuit in *McNeal v. GMAC, supra,* entered April 2, 2013 (the "11th Circuit Order"), this Court clarify the Final Supplemental Order or, in the alternative, grant relief from the automatic stay imposed by Section 362 of Title 11 of the United States Code (the "Bankruptcy Code") to authorize and permit publication of the unpublished opinion and order (the "Avoidance Order"), entered May 11, 2012, of the United States Court of Appeals for the 11th Circuit authorizing McNeal to avoid the appellee's wholly unsecured lien on her residence.

In denying McNeal's request to publish its Avoidance Order, the 11th Circuit Court stated:

> That GMAC no longer owns or services the lien at issue . . . is undisputed. Because GMAC has no pertinent claim or lien against McNeal's property, the Final Supplemental Order does not unambiguously grant relief from the automatic stay for purposes of this appeal. Given that the application of the Final Supplemental Order to this appeal is unclear and given the bankruptcy court's explicit instruction that "[a]ny disputes regarding the extent, application and/or effect of the automatic stay under [its] Order" be heard and determined by the bankruptcy court, we leave it to the bankruptcy

court to decide whether the automatic stay still reaches this appeal and whether relief from the stay should be granted for this appeal.

11th Circuit Order, at 2-3. In accordance with the 11th Circuit's directive, McNeal requests the assistance of this Court to secure publication of the Avoidance Order.

Publishing the Avoidance Order would not affect either the debtors in this case or the property of their estate; it would only render the Avoidance Order binding rather than (as it currently is) persuasive authority as to other cases in the 11th Circuit. Moreover, none of the debtors, who do not own or service the loan at issue, even have an interest in this matter. Consequently, McNeal respectfully requests that this Court clarify the Final Supplemental Order or, in the alternative, grant relief from the automatic stay to permit publication of the Avoidance Order.

## STATEMENT OF FACTS

1. McNeal filed her bankruptcy petition on July 13, 2009 in the bankruptcy court for the Northern District of Georgia (case no. 09-78173-pwb) and, on August 11, 2009, her motion to avoid as wholly unsecured the second-priority lien against her residence that was then serviced by GMAC Mortgage, LLC ("GMAC"), ECF No. 12.

2. On April 12, 2010, the bankruptcy court denied McNeal's motion. ECF No. 20. She appealed that decision first to the District Court for the District of Georgia (case no. 10-cv-01612-TCB) and, after the District Court affirmed the Bankruptcy Court's decision, to the 11th Circuit Court of Appeals (*Lorraine McNeal v. GMAC Mortgage, LLC, supra*).

3. On or about August, 2011, the lien at issue was sold, servicing-released, and is now serviced by BSI Financial Services, Inc. GMAC's Reply to McNeal's Response to Notice of Bankruptcy, Document No. 01116618632. As a result, neither GMAC nor any of its affiliates or their estates now have any interest in McNeal's residence or any lien thereon.

4. On May 11, 2012, the 11th Circuit entered its Avoidance Order reversing the decision of the bankruptcy court and holding that GMAC's lien was voidable.

5. On May 14, 2012, Residential Capital, LLC, and certain of its affiliates (including GMAC) filed voluntary bankruptcy petitions in this case in the Southern District of New York. These bankruptcy proceedings are jointly administered pursuant to an Order entered the same day.

6. On July 13, 2012, this Court entered the Final Supplemental Order.

7. On January 30, 2013, McNeal filed her Motion for Publication of Opinion, requesting publication of the Avoidance Order. Document No. 01116869054.

8. On February 22, 2013, the 11th Circuit Court entered its Order staying all proceedings. Document No. 01116899077.

9. On February 27, 2013, McNeal filed her Response to Order of February 22, 2013, arguing that the automatic stay should not prevent publication of the Avoidance Order and citing the Final Supplemental Order in support of her position. Document No. 01116905192.

10.  On April 2, 2013, the 11th Circuit Court entered the 11th Circuit Order referring the decision on McNeal's Response to this Court. Document No. 01116949083.

## ARGUMENT

11.  This is merely a question of the precise interpretation of the Final Supplemental Order. As the 11th Circuit Court stated, neither the debtors nor their estate have an interest in the lien involved in this case. 11th Circuit Order at 2.

12.  Even if they had, the publication of an unpublished opinion would not affect them or the property of their estate and therefore is not subject to the automatic stay. *See* 11 U.S.C. § 362.

13.  Moreover, as paragraphs 15(a)(iii) and (iv) of the Final Supplemental Order permit the substantive actions that are the subject of the Avoidance Order, the Avoidance Order (and, *a fortiori*, publication of the Avoidance Order) would be permitted by the Final Supplemental Order.

## RELIEF REQUESTED

14.  WHEREFORE, the Appellant respectfully requests that this Court:

a.  Clarify the Final Supplemental Order to permit publication of the unpublished Avoidance Order; or, in the alternative,

b.  Grant relief from the automatic stay to permit publication of the unpublished Avoidance Order; and, in either case,

c.  Grant such other and further relief as this Court may deem just and proper.

Dated: June 18, 2013  
New York, New York

KATHLEEN G. CULLY PLLC

/s/ Kathleen G. Cully  
Kathleen G. Cully  
Attorney for Lorraine McNeal  
180 Cabrini Boulevard  
#128  
New York, NY 10033-1167  
Telephone (212) 447-9882  
Fax (800) 979-0423