Hearing Date:  To Be Determined by the Court
Objection Deadline: To Be Determined by the Court

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Joel C. Haims
James J. Beha II
Naomi Moss

*Counsel for the Debtors and
 Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY
CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE
DEBTORS TO ADVANCE THE NJ CARPENTERS
<u>NOTICE COSTS AND TRANSFER THOSE FUNDS INTO ESCROW</u>**

ny-1096000

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...........................................................................................................1

JURISDICTION AND VENUE ..........................................................................................................4

BACKGROUND ...................................................................................................................................4

I.     THE CLASS ACTION ...........................................................................................................4

II.    THE DEBTORS' BANKRUPTCY .......................................................................................5

        a.     General Background ...................................................................................................5

        b.     Plan Negotiations ........................................................................................................6

        c.     The NJ Carpenters Settlement ...................................................................................7

RELIEF REQUESTED .........................................................................................................................8

BASIS FOR THE RELIEF ...................................................................................................................8

NOTICE ...............................................................................................................................................11

NO PRIOR REQUEST .......................................................................................................................11

CONCLUSION ...................................................................................................................................11

ny-1096000

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adelphia Commc'ns Corp. v. Am. Channel, LLC (In re Adelphia Commc'ns Corp.)*,
   345 B.R. 69 (Bankr. S.D.N.Y. 2006) ....................................................................................... 9

*Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*,
   60 B.R. 612 (Bankr. S.D.N.Y. 1986) ....................................................................................... 9

*In re Aerovox, Inc.*,
   269 B.R. 74 (Bankr. D. Mass. 2001) ....................................................................................... 9

*In re Borders Grp., Inc.*,
   453 B.R. 477 (Bankr. S.D.N.Y. 2011) ..................................................................................... 8

*In re Metaldyne Corp.*,
   409 B.R. 661 (Bankr. S.D.N.Y. 2009) ..................................................................................... 9

*LTV Steel Co. v. Bd. Of Educ. Of Cleveland City Sch. Dist. (In re Chateaugay Corp.)*,
   93 B.R. 26 (S.D.N.Y. 1988) ..................................................................................................... 9

*Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*,
   147 B.R. 650 (S.D.N.Y. 1992) ............................................................................................. 8, 9

*Official Comm. of Unsecured Creditors of LTV Aerospace and Def. Co. v. LTV Corp. (In re Chateaugay Corp.)*,
   973 F.2d 141 (2d Cir. 1992) .................................................................................................... 8

*Smith v. Van Gorkom*,
   488 A.2d 858 (Del. 1985) ........................................................................................................ 8

**STATUTES**

11 U.S.C. § 105(a) ........................................................................................................................ 9

11 U.S.C. § 363(b)(1) ................................................................................................................... 8

TO THE HONORABLE JUDGE GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The above captioned debtors and debtors in possession (each a "Debtor" and, collectively, the "Debtors") submit this motion (the "Motion") pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") seeking expedited relief[1] for entry of an order, substantially in the form attached hereto as Exhibit 1, authorizing the Debtors to advance certain funds into escrow to be used to pay for the costs to notify potential class members of the proposed settlement of the NJ Carpenters Claims.[2]  In support hereof, the Debtors submit the Declaration of Lewis Kruger (the "Kruger Declaration"), Chief Restructuring Officer of the Debtors, attached hereto as Exhibit 2, and respectfully state as follows:

## PRELIMINARY STATEMENT

1. As the Court is aware, the Debtors have reached consensus on the terms of a Chapter 11 plan (the "Plan Support Agreement") to be jointly proposed with the Official Committee of Unsecured Creditors of Residential Capital, LLC (the "Creditors' Committee") that contemplates a substantial contribution from Ally Financial Inc. ("AFI") and is endorsed by individual Creditors' Committee members, and certain additional Consenting Claimants.[3]

2. The Plan Support Agreement contemplates a near-global resolution of substantial litigation and a resolution of complex disputed matters in these Chapter 11 cases, to

---

[1] Concurrently herewith, the Debtors have filed the *Motion Pursuant to Fed. R. Bankr. P. 9006 and Local Bankruptcy Rules 9006-1 and 9077 for Entry of an Order Shortening the Time for Notice of and Scheduling a Hearing to Consider the Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Advance the NJ Carpenters Notice Costs and Transfer Those Funds Into Escrow.*

[2] The NJ Carpenters Claims refers to those claims against the Debtors, former directors and officers of the Debtors and Ally Securities, arising from the class action captioned *New Jersey Carpenters Health Fund, et al. v. Residential Capital, LLC, et al.*, pending in the U.S. District Court for the Southern District of New York (Civ. No. 08-8781 (HB)).

[3] As defined in the PSA Approval Motion.  On May 23, 2013, the Debtors filed the *Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants* [Docket No. 3814] (the "PSA Approval Motion").  The hearing on the PSA Approval Motion is scheduled for June 26, 2013.

ny-1096000

be implemented through a plan structure that will yield substantial value for creditors and facilitate the Debtors' exit from bankruptcy. An important aspect of that structure is the settlement (the "NJ Carpenters Settlement") of a securities class action pending against certain of the Debtors, former directors and officers of the Debtors, and Ally Securities, commonly referred to as the "NJ Carpenters Action." As described in the Settlement Agreement (defined below), the NJ Carpenters Claims are asserted on behalf of a class of purchasers of certain residential mortgage-backed securities ("RMBS") issued by the Debtors based on alleged misstatements in the securities' offering materials. On behalf of the class, the lead plaintiff asserts claims on RMBS certificates with face value of approximately $27 billion. Under the Plan Support Agreement, the Letter Agreement (defined below) and the Settlement Agreement (defined below), the parties have agreed to settle the NJ Carpenters Claims in exchange for payment to the class of $100,000,000 (the "Settlement Amount") under a contemplated joint plan of reorganization (the "Plan").

3. The Debtors, the director and officer defendants, Ally Securities and the Lead Plaintiff (defined below) have entered into a certain *Stipulation and Agreement of Settlement with Certain Defendants*, which sets forth the terms of the NJ Carpenters Settlement (the "Settlement Agreement"). The Settlement Agreement is attached hereto as Exhibit 3. The Settlement Agreement describes in detail the terms agreed among the Debtors, the Creditors' Committee, the Lead Plaintiff, the individual directors and officers, and Ally Securities, and set forth in the Letter Agreement.

4. Pursuant to the Settlement Agreement, the Debtors have agreed to deposit $450,000 (the "Notice Amount") into an escrow account[4] following preliminary approval[5] of the

---

[4] Pursuant to the Settlement Agreement, the escrow account will be maintained and controlled by Lead Counsel (as defined in the Settlement Agreement).

NJ Carpenters Settlement by the District Court, and to seek approval from this Court to do so on an expedited basis. The Notice Amount will be available for the purpose of paying costs, fees and expenses that are incurred by the claims administrator selected by the Lead Plaintiff in connection with (a) providing Notice[6] to the members of the class action; and (b) administering the claims process in the class action. Ultimately, the Notice Amount will be deducted from the Settlement Amount.

5. The members of the class are not known at this time, however, the parties have contemplated a thorough process by which the potential members of the class will be identified and notified of the proposed NJ Carpenters Settlement – as will be necessary to obtain final approval of the NJ Carpenters Settlement by the District Court. That process must commence immediately in order for final approval of the NJ Carpenters Settlement by the District Court to be achieved prior to confirmation of the Plan. For that to occur, the Notice Amount must be advanced by the Debtors to the Lead Plaintiffs to pay for the underlying costs.

6. As set forth below and in the Kruger Declaration, the Debtors have agreed to advance the Notice Amount, following preliminary approval of the NJ Carpenters Settlement by the District Court, and are seeking expedited authority to do so because they have determined in their business judgment that it is in the best interests of these estates to facilitate approval of the NJ Carpenters Settlement by the District Court.

---

[5] On June 14, 2013, the parties to the NJ Carpenters Settlement submitted the Settlement Agreement to the District Court. The relief requested herein is subject to the District Court's preliminary approval of the Settlement Agreement.

[6] As defined in the Settlement Agreement to include the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Reimbursement of Litigation Expenses.

## JURISDICTION AND VENUE

7. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

### I. THE CLASS ACTION

8. On September 22, 2008, the Carpenters Health Fund filed a complaint against certain of the Debtors, including Residential Capital, LLC, Residential Funding Company, LLC, Residential Accredit Loans, Inc. (the "Debtor Defendants") and certain other non-Debtor defendants, including Ally Securities, in the New York State Supreme Court, New York County, asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933. The Complaint asserted claims based on 13 RMBS offerings issued by the Debtors.

9. On October 14, 2008, the action was removed to the United States District Court for the Southern District of New York. The case was assigned to the Honorable Harold Baer, Jr.

10. On June 30, 2009, the District Court appointed the Carpenters Health Fund as lead plaintiff (the "Lead Plaintiff").

11. Following its appointment as Lead Plaintiff, the Carpenters Health Fund filed the Consolidated First Amended Complaint, asserting claims based on the original 13 RMBS offerings and 46 additional RMBS issuances. The defendants moved to dismiss the complaint. On March 31, 2010, the District Court granted in part and denied in part the defendants' motion to dismiss. In its order, the District Court held that the complaint adequately alleged that the Debtor Defendants violated the Securities Act in connection with only four RMBS offerings. Claims based on the additional offerings were dismissed.

12. After substantial class certification litigation, on October 15, 2012, the District Court certified a class of initial purchasers of four offerings of the Debtor Defendants' RMBS.

13. On April 30, 2013, the District Court reinstated claims as to 37 of the offerings that had been dismissed from the Consolidated First Amended Complaint.

14. On May 10, 2013, the Consolidated Third Amended Class Action Complaint was filed. That complaint included claims based on 41 of the Debtor Defendants' RMBS offerings.

15. On November 16, 2012, the Carpenters Health Fund and the N.J. Carpenters Vacation Fund filed class proofs of claim numbers 4805, 4806 and 4807 in this Chapter 11 case.

## II. THE DEBTORS' BANKRUPTCY

### a. General Background

16. The Debtors were formerly a leading residential real estate finance company indirectly owned by AFI, which is not a Debtor. Prior to the closing of the Debtors' Court-approved asset sales, the Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

17. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code

5

ny-1096000

sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

18. On May 16, 2012, the United States Trustee for the Southern District of New York appointed the nine member Creditors' Committee.

19. On May 25, 2012, the Debtors filed an adversary complaint and motion to extend the automatic stay to certain non-debtor affiliates (the "Stay Motion"). The adversary complaint was captioned *Residential Capital, LLC et al. v. Allstate Insurance Company, et al*, Case No. 12-ap-01671 (MG). In the adversary complaint and Stay Motion, the Debtors sought to stay the prosecution of certain residential mortgage-backed securities litigation, including the NJ Carpenters Action that was pending against its corporate affiliates, including Ally Securities and the Debtors' former officers and directors.

20. By stipulation dated August 30, 2012, the Debtors and the Lead Plaintiff agreed to a temporary stay of the NJ Carpenters Action through October 31, 2012. That stipulation resolved the Stay Motion and permitted certain discovery to proceed against Ally Securities. By stipulation dated October 19, 2012, the Debtors and Lead Plaintiff further agreed to a temporary stay of the NJ Carpenters Action through January 31, 2013. By stipulation dated February 4, 2013, the Debtors and the Lead Plaintiff again agreed to a temporary stay through March 31, 2013. The temporary stay expired, by its own terms, on March 31, 2013.

    b. **Plan Negotiations**

21. After months of intensive negotiations following approval of the Debtors' major asset sales in November 2012, a series of all-day mediation sessions led by the Honorable

6

James M. Peck[7] and attended by the Debtors, their major claimant constituencies, and their professionals, and after several more weeks of nearly round-the-clock negotiations, the Debtors achieved consensus on the terms of a plan that contemplates a substantial contribution from AFI and is endorsed by the Creditors' Committee and a substantial majority of the Debtors' largest creditor constituencies.

22. On May 23, 2013, the Debtors filed the PSA Approval Motion.

c. **The NJ Carpenters Settlement**

23. On May 23, 2013, the Settling Parties[8] executed a letter agreement (the "Letter Agreement") setting forth the terms of the NJ Carpenters Settlement.

24. On June 14, 2013, the Debtors, non-Debtor affiliate Ally Securities, certain former officers and directors of the Debtors, and the Lead Plaintiff entered into the Settlement Agreement.

25. On June 14, 2013, the parties submitted the Settlement Agreement to the District Court. The parties requested that the District Court preliminary approve the NJ Carpenters Settlement and certify a settlement class of all persons or entities who purchased or otherwise acquired beneficial interests in 59 of the Debtor Defendants' RMBS offerings and, subject to this Court's approval, direct the Debtor Defendants to transfer $450,000 into an escrow account for all reasonable notice and administrative costs incurred in notifying class members of the NJ Carpenters Settlement. The proposed order preliminarily approving the NJ Carpenters Settlement requires the Lead Plaintiff and its counsel to take certain steps to notify potential class members of the NJ Carpenters Settlement, including mailing a notice to all identifiable class members, publishing a settlement notice in *Investor's Business Daily* and over

---

[7] On December 20, 2012, the Court appointed the Honorable James M. Peck as mediator (the "Mediator").
[8] As defined in the Settlement Agreement.

the *PR Newswire,* and take reasonable efforts to notify nominee owners of the securities, such as brokerage firms. The Lead Plaintiff has retained Garden City Group, Inc. as claims administrator.

## RELIEF REQUESTED

26. By this Motion, the Debtors respectfully request an order, under Bankruptcy Code sections 105(a) and 363(b) authorizing the Debtors to advance a portion of the Settlement Amount by transferring the Notice Amount into escrow to be used for the payment of costs to notify potential class members of the NJ Carpenters Settlement, following preliminary approval of the NJ Carpenters Settlement by the District Court.

## BASIS FOR THE RELIEF

27. Section 363(b)(l) of the Bankruptcy Code authorizes a debtor in possession to "use, sell, or lease, other than in the ordinary course of business, property of the estate,…." subject to court approval. 11 U.S.C. § 363(b)(1). Courts will approve a debtor's use of property under Bankruptcy Code section 363 if the use is a sound exercise of the debtor's business judgment. *See Official Comm. of Unsecured Creditors of LTV Aerospace and Def. Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 144-45 (2d Cir. 1992); *In re Borders Grp., Inc.*, 453 B.R. 477, 482 (Bankr. S.D.N.Y. 2011). Once a debtor articulates a sound business justification, a presumption arises that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

28. As a result, the debtor's business judgment "should be approved by the court unless it is shown to be 'so manifestly unreasonable that it could not be based upon sound

business judgment, but only on bad faith, or whim or caprice." *In re Aerovox, Inc.*, 269 B.R. 74, 80 (Bankr. D. Mass. 2001) (internal quotations omitted); *accord Integrated Res.*, 147 B.R. at 656 ("Courts are loath to interfere with corporate decisions absent a showing of bad faith, self-interest or gross negligence."). Accordingly, courts will not generally substitute their business judgment for a debtor's. *In re Metaldyne Corp.*, 409 B.R. 661, 667 (Bankr. S.D.N.Y. 2009) (Glenn, B.J.). Instead, "[w]here the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct." *Comm. of Asbestos-Related Litigants and/or Creditors v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).

29. Further, section 105(a) of the Bankruptcy Code codifies the bankruptcy court's inherent equitable powers and authorizes it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Authorizing the Debtors to advance the Notice Amount, which will among other things, facilitate implementation of the Plan, falls soundly within the Court's equitable powers. *See, e.g. LTV Steel Co. v. Bd. Of Educ. Of Cleveland City Sch. Dist. (In re Chateaugay Corp.)*, 93 B.R. 26, 29 (S.D.N.Y. 1988) (court may use its equitable powers to assure the orderly conduct of the reorganization process); *Adelphia Commc'ns Corp. v. Am. Channel, LLC (In re Adelphia Commc'ns Corp.)*, 345 B.R. 69, 85 (Bankr. S.D.N.Y. 2006) (§ 105(a) provides courts with broad equitable powers to facilitate the reorganization process).

30. Advancement of the Notice Amount is a sound exercise of the Debtors' business judgment, and is necessary to facilitate the NJ Carpenters Settlement contemplated by the entry into the Plan Support Agreement. As set forth in the PSA Approval Motion, the

Debtors believe that entry into and performance under the Plan Support Agreement represents a sound exercise of their business judgment. The Plan Support Agreement provides a framework for the resolution of these highly litigious and fractional Chapter 11 cases and an expeditious emergence from Chapter 11. An important component of the Plan Support Agreement is the NJ Carpenters Settlement. In order to effectuate the NJ Carpenters Settlement, class members must be apprised of the NJ Carpenters Settlement. Therefore, the Debtors believe it is in the best interests of these estates to advance the Notice Amount to facilitate the approval process.

31. Because of the nature of the NJ Carpenters Action, identifying the members of the class is expected to be an extensive process. This process will be crucial to achieving final District Court approval of the NJ Carpenters Settlement, which is intended to occur before plan confirmation. Therefore, it is imperative that the class identification and notice process begin immediately. Absent settlement of the NJ Carpenters Claims, the Debtors would be required to engage in costly litigation regarding the liability for, and value of those claims. While the Debtors are not at this time seeking approval of the NJ Carpenters Settlement from this Court, they have determined that it is in the best interests of these estates to advance estate assets to facilitate approval of the NJ Carpenters Settlement by the District Court.

32. Additionally, the Notice Amount is to be deducted from the Settlement Amount. Therefore, this is not actually an additional cost to the Debtors above the agreed upon Settlement Amount. The Debtors have considered the risk that the Settlement Agreement may be terminated and that the NJ Carpenters Settlement may ultimately not be approved by the Court. Because the Notice Amount will be transferred into escrow and will be used to pay for costs as they accrue, even if the Settlement Agreement is terminated, any unused funds will be returned to the Debtors. The Debtors have determined in their business judgment that the

ny-1096000

benefits to be received if the NJ Carpenters Settlement is approved outweigh the risk that the NJ Carpenters Settlement will be terminated and the Notice Amount will not be returned to the Debtors.

33. For each of these reasons and for the reasons stated in the Kruger Declaration, the Debtors seek the expedited relief requested by this Motion, following preliminary approval of the NJ Carpenters Settlement by the District Court, to transfer the Notice Amount into escrow to be used to pay the costs of noticing the NJ Carpenters Settlement to the class members.

## NOTICE

34. Notice of this Motion has been provided in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR REQUEST

35. Except as otherwise noted herein, no prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

36. The NJ Carpenters Settlement is an important component of the Plan Support Agreement. The Debtors have concluded in their sound business judgment that that advancing the Notice Amount to provide notice of the terms of the NJ Carpenters Settlement to the class members is in the best interests of these estates. The Debtors therefore request that the Court authorize them, pursuant to Bankruptcy Code sections 105(a) and 363(b), to transfer the Notice Amount into escrow.

WHEREFORE, the Debtors respectfully request the entry of an order, substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

| | |
|---|---|
| New York, New York<br>Dated: June 19, 2013 | <u>/s/ Gary S. Lee</u><br>Gary S. Lee<br>Joel C. Haims<br>James J. Beha II<br>Naomi Moss<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors and Debtors in Possession* |

12

ny-1096000