## Exhibit 3

**Settlement Agreement**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, ET AL., <br><br> Plaintiffs, <br><br> *v.* <br><br> RESIDENTIAL CAPITAL, LLC, ET AL., <br><br> Defendants. | Civ. No. 08-cv-8781-HB |

## STIPULATION AND AGREEMENT
## OF SETTLEMENT WITH CERTAIN DEFENDANTS

Subject to Final approval of the District Court (defined below), confirmation of the ResCap Chapter 11 Plan (defined below) and the occurrence of the Plan Effective Date (defined below), this Stipulation and Agreement of Settlement with the Settling Defendants (the "Settlement") is entered into by (i) the New Jersey Carpenters Health Fund (the "Carpenters Health Fund" or "Lead Plaintiff") and the other named Plaintiffs (defined below), on behalf of themselves and the proposed Settlement Class (defined below), by and through their counsel; and the (ii) Settling Defendants (defined below), by and through their respective counsel (collectively, the "Settling Parties").

This Settlement is intended by the Settling Parties to fully, finally and forever compromise, resolve, discharge and settle the Released Claims (defined below), subject to the terms and conditions set forth below, Final approval of the District Court, confirmation of the ResCap Chapter 11 Plan and the occurrence of the Plan Effective Date (defined below). This Settlement does not compromise, resolve, discharge or settle any of the claims pending against the Non-Settling Defendants (defined below).

WHEREAS:

A.      All terms with initial capitalization shall have the meanings ascribed to them in paragraph 1 below or as otherwise defined herein.

B.      On September 22, 2008, the Carpenters Health Fund filed a complaint against the Settling Defendants, and certain other defendants, in the New York State Supreme Court, New York County, Index No. 2008/602727, asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act").

C.      On October 14, 2008, Defendants removed the action to the United States District Court for the Southern District of New York, Civ. No. 08-8781.  The case was assigned to the Honorable Harold Baer, Jr.

D.      On January 12, 2009, the Carpenters Health Fund moved for appointment as lead plaintiff and approval of its selection of Schoengold Sporn Laitman & Lometti, P.C., as lead counsel.

E.      On April 15, 2009, Lead Plaintiff moved to substitute Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as proposed lead counsel.

F.      On June 30, 2009, the District Court appointed the Carpenters Health Fund as lead plaintiff and approved the Carpenters Health Fund's selection of Cohen Milstein as lead counsel.

G.      On May 18, 2009, Lead Plaintiff filed the Consolidated First Amended Securities Class Action Complaint (the "First Amended Complaint").  The First Amended Complaint asserted claims concerning 59 offerings of mortgage-backed securities (the "Offerings" as defined below) and named as plaintiffs Lead Plaintiff and additional named plaintiffs Boilermaker Blacksmith National Pension Trust ("Boilermaker Pension Trust") and New Jersey Carpenters Vacation Fund (the "Carpenters Vacation Fund") (collectively, the "Original Plaintiffs").[1]

H.      On July 17, 2009, the Defendants moved to dismiss the First Amended Complaint.

I.      On March 31, 2010, the Court issued a memorandum and order granting in part and denying in part Defendants' motions to dismiss.  In the March 31 Order, the Court found that the Original Plaintiffs had adequately alleged violations of the Securities Act against the Settling Defendants, and the underwriters that participated in the Offerings in which the Original

---

[1] The First Amended Complaint named as defendants Goldman, Sachs & Co., Inc. ("GSC"), RBS Securities, Inc. f/k/a Greenwich Capital Markets, Inc. d/b/a RBS Greenwich Capital ("GCM"), Deutsche Bank Securities, Inc. ("DBS"), Citigroup Global Markets, Inc. ("CITI"), Credit Suisse Securities (USA) LLC ("CSS"), Bank of America Securities, LLC as *successor-in-interest* to Merrill Lynch, Pierce, Fenner & Smith, Inc. ("ML"), UBS Securities, LLC ("UBS"), JPMorgan Chase, Inc. as *successor-in-interest* to Bear, Stearns & Co., Inc. ("BSC"),Morgan Stanley & Co., Inc. ("MS") (collectively, the "Underwriter Defendants") and the Settling Defendants.

Plaintiffs purchased securities, namely CITI, GSC and UBS (the "Remaining Underwriter Defendants"). The Court however dismissed all claims based on any offering in which no Original Plaintiff purchased securities. The Court also dismissed claims based on the allegations that credit rating models were outdated, that credit enhancements were inadequate and that Defendants purportedly omitted disclosure of material conflicts of interest with rating agencies. The Court further dismissed control person liability claims against the Remaining Underwriter Defendants (other than defendant Residential Securities Funding Corporation).

J. On May 26, 2010, the Settling Defendants and Remaining Underwriter Defendants filed their answers to the First Amended Complaint.

K. On June 10, 2010, Mississippi Public Employees' Retirement System ("Mississippi PERS") moved to intervene in the Action on behalf of purchasers in certain offerings. On April 28, 2011, the Court issued an Opinion and Order dismissing Mississippi PERS from the action for failure to prosecute its claims.[2]

L. On July 2, 2010, Police and Fire Retirement System of the City of Detroit ("Detroit PFRS") moved to intervene as an additional named plaintiff in the Action.

M. On July 13, 2010, the Original Plaintiffs jointly moved with Midwest Operating Engineers Pension Trust Fund ("Midwest OE") to intervene on behalf of purchasers of other offerings in which the Original Plaintiffs did not themselves purchase securities.

N. Likewise, on July 30, 2010, Iowa Public Employees' Retirement System ("IPERS") and Orange County Employees Retirement System ("OCERS") moved jointly with the Original Plaintiffs to intervene in this Action.

O. On December 22, 2010, the District Court granted the Intervenor Plaintiffs' motions to intervene in this Action.

---

[2] Because the offerings on which Mississippi PERS sought to intervene overlapped with those offerings in which OCERS (defined below) also intervened, Mississippi PERS offered to withdraw its motion in the event the Court granted OCERS' motion to intervene.

P.      On January 3, 2011, the Plaintiffs filed the Consolidated Second Amended Securities Class Action Complaint ("Second Amended Complaint").  The Second Amended Complaint named as defendants the Settling Defendants and Remaining Underwriter Defendants (collectively, the "Remaining Defendants") and asserted claims as to the four Original Offerings and six Intervenor Offerings.  The Second Amended Complaint also asserted claims against one of the previously dismissed Underwriter Defendants, DBS.

Q.      On August 16, 2010, after conducting substantial discovery, subpoenaing numerous entities for trading records, and reviewing thousands of pages of documents produced by the Remaining Defendants, the Original Plaintiffs moved to certify a class of purchasers of the four Original Offerings, to certify the Original Plaintiffs as Class Representatives and to appoint Cohen Milstein as Lead Counsel (the "First Class Certification Motion").

R.      On January 18, 2011, the Court issued an Opinion and Order denying the First Class Certification Motion. While the Court found that the Original Plaintiffs had satisfied all of the Rule 23(a) factors, including numerosity, commonality, adequacy and typicality, the Court also found that individual issues of knowledge predominated, thereby precluding class certification.

S.      On January 24, 2011, the Original Plaintiffs petitioned the United States Court of Appeals for the Second Circuit, pursuant to Fed. R. Civ. P. 23(f), for permission to appeal the Court's denial of class certification.  On February 29, 2011, the Second Circuit granted the Original Plaintiffs' request to appeal.

T.      On January 25, 2011, the Defendants moved to dismiss the Intervenor Plaintiffs' claims asserted in the Second Amended Complaint.

U.      On April 28, 2011, the Court issued an Opinion and Order granting in part and denying in part the Remaining Defendants' motions to dismiss the Intervenor Plaintiffs' claims. The Court dismissed the Intervenor Plaintiffs' Section 12 claims because the Intervenor Plaintiffs did not allege that they purchased their Certificates from one of the Remaining Defendants.  The

Case 2:08-cv-08781-HB-RLE  Document 226  Filed 06/18/13  Page 6 of 42

Court also dismissed the Intervenor Plaintiffs' Section 15 claims and OCERS' claims relating to RALI Series 2006-QO6.  The Court denied the motions to dismiss in all other respects and sustained the Intervenor Plaintiffs' Section 11 claims on five of the Intervenor Offerings.

V.      In a letter dated May 5, 2011, Lead Counsel requested that the Court stay the Action pending the Second Circuit's decision on the appeal of the Court's First Class Certification Decision.  On May 12, 2011, the District Court granted Lead Counsel's request to stay the proceedings.

W.      On April 30, 2012, the Second Circuit affirmed the District Court's denial of Class Certification "without prejudice to further motion practice in the District Court."  The Second Circuit held that the District Court did not abuse its discretion by denying class certification but limited its review only to the class definition that the District Court rejected, and to the record as it stood at the time of the First Class Certification Motion.

X.      On May 7, 2012, the District Court granted Lead Counsel's request for additional discovery and set an August 6, 2012 deadline for the submission of any additional class certification motions.  As a result, Lead Counsel took certain depositions of each of the underwriters of the Original Offerings.

Y.      On May 14, 2012, the Debtors (defined below) filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  The Debtors' chapter 11 cases are being jointly administered as *In Re Residential Capital, LLC, et al.,* Case No. 12-12020-mg (Bankr. S.D.N.Y. 2012) (the "ResCap Chapter 11 Case").

Z.      On August 6, 2012, the Original Plaintiffs filed their renewed motion for class certification as to the Original Offerings (the "Second Class Certification Motion").

AA.     On October 15, 2012, the Court granted in part the Second Class Certification Motion and appointed the Original Plaintiffs as the class representatives ("Class Representatives") for the four Original Offerings (the "Second Class Certification Order").  The

Court limited the Class definition to those purchasers who bought the securities on the date of offering directly from the issuers.

BB.    On November 5, 2012, the Original Plaintiffs sought reconsideration of the Second Class Certification Order seeking to expand the Class to include those who purchased Certificates on the offering date or up to ten trading days thereafter.

CC.    On November 16, 2012, Plaintiffs sought reconsideration of the Court's prior decision dismissing claims as to those offerings in which no Original Plaintiff purchased securities in light of *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("*NECA-IBEW*"), which held, in part, that a plaintiff in certain circumstances had class standing to assert claims on behalf of purchasers that purchased securities in offerings in which the named plaintiff did not purchase securities.  As a result, Plaintiffs' reconsideration motion sought to reinstate claims with respect to all 59 Offerings originally at issue in the First Amended Complaint.

DD.    On November 16, 2012, Residential Funding Securities Corporation n/k/a Ally Securities, LLC ("Ally Securities") and the Remaining Underwriter Defendants sought to dismiss the Intervenor Offerings Claims as barred by the statute of repose, and sought to stay the proceedings in light of the ResCap Chapter 11 Case.

EE.    On November 16, 2012, the Carpenters Health Fund and the Carpenters Vacation Fund filed class proofs of claim numbers 4805, 4806 and 4807 against the Debtor Defendants in the ResCap Chapter 11 Case (the "Bankruptcy Proofs of Claim").

FF.    On January 3, 2013, the Court denied Ally Securities' and the Remaining Underwriter Defendants' motion to dismiss and motion for a stay, and denied Plaintiff's motion for reconsideration under *NECA-IBEW* without prejudice for renewal following resolution of the proceedings before the U.S. Supreme Court.  The Court, however, granted Plaintiff's application for modification of the class definition (the "Amended Second Class Certification Order").  The Court expressly modified the class definition to include initial purchasers that bought the

7

Case 2:08-cv-08781-JB-RLE    Document 226    Filed 05/09/13    Page 8 of 42

securities directly from the underwriters or their agents no later than ten trading days after the applicable offering date and appointed New Jersey Carpenters Health Fund and New Jersey Carpenters Vacation Fund as class representatives.

GG.    On October 31, 2012 and January 18, 2013, Ally Securities and the Remaining Underwriter Defendants petitioned the Second Circuit for permission to appeal the District Court's Second Class Certification Order and Amended Second Class Certification Order pursuant to Fed. R. Civ. P. 23(f).  The Second Circuit denied the petitions on March 26, 2013.

HH.    On April 30, 2013, following the U.S. Supreme Court's denial of the *certiorari* petition in *NECA-IBEW*, the Court granted in part and denied in part Plaintiffs' motion for reconsideration of the Court's decision on the First Motion to Dismiss.  As a result, the Court reinstated claims as to 37 of the original 59 offerings (the "Reinstated Offerings").[3]

II.    On May 10, 2013, Plaintiffs filed the Consolidated Third Amended Securities Class Action Complaint ("Third Amended Complaint") asserting claims against the Settling Defendants, the Remaining Underwriter Defendants and DBS.[4]

JJ.    In or around April 2013, Lead Counsel began participating in mediations in the ResCap Chapter 11 Case that had commenced in January, 2013 by order of the Bankruptcy Court and which were supervised by court-appointed mediator, the Honorable James M. Peck.  Lead Counsel participated in several in-person mediation sessions, including a full day session on May 20, 2013, and numerous follow-up conference calls.

KK.    Throughout the mediation, there were ongoing negotiations between, among other parties, Lead Counsel, the Settling Defendants, the Debtors and the Official Committee of Unsecured Creditors appointed in the ResCap Chapter 11 Case (the "Creditors' Committee"), in the context of achieving a global resolution in the ResCap Chapter 11 Case.  Because of the

---

[3] The 37 offerings included the 5 Intervenor Offerings that were previously reinstated pursuant to the Court's December 22, 2010 order granting the motions to intervene of the Intervenor Plaintiffs.

[4] Lehman Brothers, Inc., now in a Securities Investor Protection Act proceeding, also originated some of the Reinstated Offerings but was not named as a defendant in the Third Amended Complaint.

pending ResCap Chapter 11 Case, and its interrelationship with the claims asserted in this Action against the Settling Defendants, the Lead Plaintiffs conducted parallel settlement negotiations with both counsel for the Settling Defendants and counsel for various participants in the ResCap Chapter 11 Case.

LL.    As a result of the mediation sessions, on May 14, 2013, the Debtors, Creditors' Committee, certain creditors in the ResCap Chapter 11 Case (the "Consenting Creditors")[5] and Ally Financial Inc. ("AFI") and its non-debtor subsidiaries and affiliates, including Ally Securities (collectively, "Ally"), executed a chapter 11 plan support agreement (the "Plan Support Agreement"), which outlined the terms of the ResCap Chapter 11 Plan agreed upon by the parties to the Plan Support Agreement.

MM.    On May 23, 2013, the Debtors filed a motion in the Bankruptcy Court to approve the Plan Support Agreement.

NN.    Also on May 23, 2013, the Settling Parties executed a letter agreement setting forth certain terms of the Settlement subject to the completion of definitive documentation.

OO.    Lead Counsel has conducted discovery relating to the claims and the underlying events and transactions alleged in the Third Amended Complaint.  Lead Counsel has analyzed evidence adduced in discovery, including analyzing nearly one million pages of documents produced by all Defendants and third parties and examining witnesses, and has researched the applicable law with respect to the claims of Plaintiffs and the Settlement Class against the Settling Defendants, as well as the potential defenses thereto.

---

[5] The Consenting Creditors consist of AIG Asset Management (U.S.), LLC; Allstate Insurance Company; Financial Guaranty Insurance Company ("FGIC"), which has executed the Plan Support Agreement pending approval by the New York State Supreme Court with jurisdiction over FGIC's rehabilitation proceeding; counsel to the putative class of persons represented in the consolidated class action captioned *In re Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation*, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 05-1386 (W.D. Pa.); Massachusetts Mutual Life Insurance Company; MBIA Insurance Corporation; certain holders of ResCap's senior unsecured notes; Prudential Insurance Company of America; certain holders of residential mortgage-backed securities ("RMBS") sponsored by the Debtors between 2004 and 2007 and represented by Kathy Patrick of Gibbs & Bruns LLP and Keith H. Wofford of Ropes & Gray LLP; Talcott Franklin of Talcott Franklin, P.C. as counsel for certain RMBS holders; Wilmington Trust, N.A., in its capacity as Indenture Trustee for ResCap's senior unsecured notes; and certain trustees or indenture trustee for certain RMBS trusts.

PP.    Based upon its investigation, Lead Counsel has concluded that the terms and conditions of this Settlement are fair, reasonable and adequate, and are in the best interests of the Plaintiffs and the Settlement Class.  The Plaintiffs have agreed to settle the claims raised in the Action against the Settling Defendants pursuant to the terms and provisions of this Settlement, after considering (i) the benefits that Plaintiffs and the members of the Settlement Class will receive from resolution of the Action against the Settling Defendants, (ii) the attendant risks of litigation and collectability from any Settling Defendants to satisfy a judgment; (iii) the complexities and issues raised by the ResCap Chapter 11 Case; and (iv) the desirability of permitting the Settlement to be consummated as provided by the terms of the Settlement.

QQ.    This Settlement shall in no way be construed or deemed to be evidence of, or an admission or concession on the part of any of the Settling Defendants with respect to any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Settling Defendants have, or could have, asserted.  This Settlement shall not be construed or deemed to be a concession by Plaintiffs of any infirmity in the claims asserted in the Action.

NOW THEREFORE, without any admission or concession by Plaintiffs of any lack of merit of the Action whatsoever, and without any admission or concession by Settling Defendants of any liability or wrongdoing or lack of merit in the defenses whatsoever, it is hereby:

STIPULATED AND AGREED, by and among the Settling Parties, through their respective attorneys, subject to confirmation by the Bankruptcy Court of the ResCap Chapter 11 Plan, the occurrence of the Plan Effective Date and Final approval of this Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and other conditions set forth herein, in consideration of the benefits flowing to the Settling Parties hereto, that the Action and all Released Claims as against the Released Parties shall be fully, finally and forever compromised, settled, released, discharged and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1.      As used in this Settlement, the following terms shall have the meanings specified below.

(a)      "Action" means the securities class action styled *New Jersey Carpenters Health Fund, et al., v. Residential Capital, LLC, et al.,* No. 08-cv-8781 (HB).

(b)      "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York.

(c)      "Claims Administrator" shall mean the claims administrator selected by Lead Counsel to administer the Settlement.

(d)      "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to eligible Class Members.

(e)      "Class Member" or "Settlement Class Member" means a person or entity that is a member of the Settlement Class and that does not exclude himself, herself or itself by timely filing a request for exclusion in accordance with the requirements set forth in the Notice, or is not otherwise excluded because it is defined as a Private Securities Claimant in the Supplemental Term Sheet attached as Exhibit B to the Plan Support Agreement.

(f)      "Court" or "District Court" means the United States District Court for the Southern District of New York.

(g)      "Debtors" means Residential Capital, LLC and its direct and indirect subsidiaries, including Residential Accredit Loans, Inc. and Residential Funding, LLC.

(h)      "Defendants" means the Settling Defendants and the Non-Settling Defendants.

(i)      "Effective Date" means the first day following the day on which the settlement contemplated by this Settlement shall become effective as set forth in ¶ 36 below.

(j)      "Escrow Account" means an escrow account maintained by the Escrow Agent and controlled by Lead Counsel into which the Settlement Amount shall be deposited.

(k)    "Escrow Agent" means Lead Counsel.

(l)    "Final" means with respect to the Order and Final Judgment substantially in the form of Exhibit B hereto, when the last of the following shall occur: (i) the Plan Effective Date; and (ii) the entry of the Order and Final Judgment by the District Court so as to permit the consummation of the Settlement substantially in accordance with the terms and conditions of this Settlement Agreement, it being understood by the Settling Parties that the Plan Releases, upon the occurrence of the Plan Effective Date, shall preclude any relief on appeal in the event of an appeal of the Order and Final Judgment entered by the District Court. Any proceeding or order, or any appeal or petition for a writ of certiorari pertaining solely to the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund shall not in any way delay or preclude the Judgment from becoming Final.

(m)    "Final Approval Hearing" means the hearing set by the Court under Rule 23(e) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(n)    "Individual Defendants" means Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker and James N. Young.

(o)    "Intervenor Offerings" means the following offerings of mortgage pass-through certificates:  RALI Series 2006-QO9, RALI Series 2006-QO10, RALI Series 2006-QS8, RALI Series 2006-QS18 and RALI Series 2007-QO2.

(p)    "Intervenor Plaintiffs" shall mean Midwest Operating Engineers Pension Trust Fund ("Midwest OE"), Police and Fire Retirement System of the City of Detroit ("Detroit PFRS"), Iowa Public Employees' Retirement System ("OPERS") and Orange County Employees Retirement System ("OCERS").

(q)    "Investment Vehicle" means any investment company or pooled investment fund (including, but not limited to, mutual fund families, exchange-traded funds, fund of funds and hedge funds) in which any of the Defendants have or may have a direct or indirect interest, or as

to which its affiliates may act as investment advisors, but in which any of the Defendants or any of their respective affiliates is not a majority owner or does not hold a majority beneficial interest.

(r)   "Lead Counsel" or "Class Counsel" means the law firm of Cohen Milstein.

(s)   "Lead Plaintiff" means New Jersey Carpenters Health Fund.

(t)   "Litigation Expenses" means the reasonable costs and expenses incurred by Plaintiffs' Counsel in connection with commencing and prosecuting the Action, for which Lead Counsel intends to apply to the Court for reimbursement from the Settlement Fund.  Litigation Expenses may also include reimbursement of the expenses of Plaintiffs in accordance with 15 U.S.C. § 77z-1(a) (4).

(u)   "MBS" means residential mortgage-backed securities.

(v)   "Net Settlement Fund" means the Settlement Fund less:  (i) any Taxes and Tax Expenses; (ii) any Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the District Court.

(w)   "Non-Settling Defendants" means:  Goldman, Sachs & Co. ("GSC"); Deutsche Bank Securities Inc. ("DBS"); Citigroup Global Markets Inc. ("CITI"); and UBS Securities LLC ("UBS") as well as any other defendant(s) later brought into the case (but shall not include the Settling Defendants).

(x)   "Notice" means the Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Reimbursement of Litigation Expenses (substantially in the form attached hereto as Exhibit A-1), which is to be sent to members of the Settlement Class.

(y)   "Notice Amount" means four hundred fifty thousand dollars ($450,000) in cash.

(z)   "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator in connection with (i) providing notice to the Settlement Class; and (ii) administering the Claims process.

(aa)    "Notice Order" means the order (substantially in the form attached hereto as Exhibit A) to be entered by the Court, approving dissemination of the Notice and Publication Notice to the Settlement Class and certifying the Settlement Class for purposes of the Settlement.

(bb)    "Offerings" means the following offerings of mortgage pass-through certificates: the Original Offerings, the Intervenor Offerings, the Reinstated Offerings, RALI Series 2006-QA5, RALI Series 2006-QA9, RALI Series 2006-QH1, RALI Series 2006-QO4, RALI Series 2006-QS5, RALI Series 2006-QS16, RALI Series 2006-QS17, RALI Series 2007-QH1,  RALI Series 2007-QO1, RALI Series 2007-QS3, RALI Series 2007-QA4, RALI Series 2007-QH7, RALI Series 2007-QS8, RALI Series 2007-QS10, RALI Series 2006-QS12, RALI Series 2006-QS13, RALI Series 2006-QS6 and RALI Series 2007-QS9.

(cc)    "Order and Final Judgment" means the order(s) and final judgment(s) to be entered in this Action pursuant to ¶ 34 of this Settlement, substantially in the form of Exhibit B attached hereto.

(dd)    "Original Offerings" means RALI Series 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4 and RALI Series 2006-QO7.

(ee)    "Person" and "Persons" means any individual, corporation, limited liability company, limited partnership, partnership, professional corporation, association, affiliate, joint stock company, estate, trust, unincorporated association, entity, government and any political subdivision thereof, or any other type of business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

(ff)    "Plaintiffs" means Lead Plaintiff Carpenters Health Fund, additional named plaintiffs, Carpenters Vacation Fund, Boilermaker Pension Trust, Intervenor Plaintiffs Detroit PFRS, Midwest OE, OCERS and OPERS.

(gg)    "Plan Effective Date" means the date upon which the ResCap Chapter 11 Plan becomes effective pursuant to its terms.

(hh)    "Plaintiffs Counsel" means all counsel representing Lead Plaintiff, additional named plaintiffs and Intervenor Plaintiffs.

(ii)    "Plan of Allocation" means any plan of allocation of the Net Settlement Fund as the Court shall approve.  Any Plan of Allocation is not part of the Settlement, and the Settling Defendants shall have no responsibility therefor or liability with respect thereto.

(jj)    "Publication Notice" or "Summary Notice" means the Summary Notice, substantially in the form attached hereto as Exhibit A-2, to be published as set forth in the Notice Order.

(kk)    "Reinstated Offerings" means the following thirty-two (32) offerings of mortgage pass-through certificates:  RALI Series 2007-QS5; RALI Series 2006-QS7; RALI Series 2006-QS11; RALI Series 2007-QS4; RALI Series 2006-QA4; RALI Series 2006-QA6; RALI Series 2006-QA7; RALI Series 2006-QA8; RALI Series 2006-QA10; RALI Series 2006-QA11; RALI Series 2007-QA1; RALI Series 2007-QA2; RALI Series 2007-QO3; RALI Series 2007-QA3; RALI Series 2007-QA5; RALI Series 2007-QH8; RALI Series 2007-QH9; RALI Series 2007-QO5; RALI Series 2007-QS11; RALI Series 2007-QS6; RALI Series 2006-QS9; RALI Series 2007-QS7; RALI Series 2007-QH2; RALI Series 2007-QH5; RALI Series 2007-QH6; RALI Series 2006-QO3; RALI Series 2006-QO6; RALI Series 2007-QH3; RALI Series 2007-QS2; RALI Series 2006-QO8; RALI Series 2006-QO5; and RALI Series 2006-QS15.

(ll)    "Released Claims" means any and all claims, demands, rights, liabilities, and causes of action of every nature and description, known or Unknown (as defined below), suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, whether arising under federal, state, common or foreign law, that Plaintiffs or any Settlement Class Member (a) asserted in this Action, or (b) could have asserted in any forum arising from or related in any way to the acts, failures to act, transactions, facts, events, matters, disclosures, statements, occurrences, representations, or omissions asserted or that could have been asserted in the Action against the

Released Parties (defined below). "Released Claims" shall not include (a) any rights or claims against the Debtors that any Plaintiff or Settlement Class Member may possess or be entitled to as a holder of RALI RMBS pursuant to the RMBS Trust Settlement Agreement, dated as of May 13, 2012, by and among the Debtors and a steering committee group of RMBS holders represented by Gibbs & Bruns LLP and Ropes & Gray LLP, which is incorporated in the ResCap Chapter 11 Plan (the "RMBS Trust Settlement"), or any other distribution in the ResCap Chapter 11 Case in connection with the claims asserted in connection with the RMBS Trust Settlement, or (b) any claims against any Non-Settling Defendant in the Action.

(mm)  "Released Parties" means the Settling Defendants and their parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, and any entity in which any Settling Defendants has a controlling interest, and all of their respective property.

(nn)  "ResCap Chapter 11 Case" means the Debtors' chapter 11 cases being jointly administered as *In re Residential Capital LLC*, Case No. 12-12020-MG, pending in the United States Bankruptcy Court for the Southern District of New York.

(oo)  "ResCap Chapter 11 Plan" means the plan to be jointly proposed by the Creditors Committee and the Debtors, as outlined in the Plan Support Agreement filed in the ResCap Chapter 11 Case.

(pp)  "Settlement" means this Stipulation and Agreement of Settlement and the settlement contained herein.

(qq)  "Settlement Amount" means one hundred million U.S. dollars ($100,000,000.00).

(rr)  "Settlement Class" or "Class" means

All persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and who were allegedly damaged thereby: RALI Series 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4, RALI Series 2006-QO7, RALI Series 2007-QS5, RALI Series 2006-QS7, RALI Series 2007-QO2, RALI Series 2006-QS11, RALI Series 2007-QS4, RALI Series 2006-QA4, RALI Series 2006-QA6, RALI Series 2006-QA7, RALI Series 2006-QA8, RALI Series 2006-QA10, RALI Series 2006-QA11, RALI Series 2007-QA1, RALI Series 2007-QA2, RALI Series 2007-QO3, RALI Series 2007-QA3, RALI Series 2007-QA5, RALI Series 2007-QH8, RALI Series 2007-QH9, RALI Series 2007-QO5, RALI Series 2007-QS11, RALI Series 2007-QS6, RALI Series 2006-QS8, RALI Series 2006-QS9, RALI Series 2007-QS7, RALI Series 2007-QH2, RALI Series 2007-QH5, RALI Series 2007-QH6, RALI Series 2006-QS18, RALI Series 2006-QO10, RALI Series 2006-QO3, RALI Series 2006-QO6, RALI Series 2007-QH3, RALI Series 2007-QS2, RALI Series 2006-QO9, RALI Series 2006-QO8, RALI Series 2006-QO5, RALI Series 2006-QA5, RALI Series 2006-QA9, RALI Series 2006-QH1, RALI Series 2006-QO4, RALI Series 2006-QS5, RALI Series 2006-QS16, RALI Series 2006-QS17, RALI Series 2007-QH1,  RALI Series 2007-QO1, RALI Series 2007-QS3, RALI Series 2007-QA4, RALI Series 2007-QH7, RALI Series 2007-QS8, RALI Series 2007-QS10, RALI Series 2006-QS12, RALI Series 2006-QS13, RALI Series 2006-QS6, RALI Series 2007-QS9 and RALI Series 2006-QS15.  Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, executors, estates, administrators, successors and assigns, insurers, and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice and all persons or entities defined as Private Securities Claimants in the Supplemental Term Sheet attached as Exhibit B to the Plan Support Agreement.

(ss)    "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

(tt)    "Settling Defendants" means Residential Capital, LLC, Residential Funding Company, LLC, Residential Accredit Loans, Inc., Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young and Ally Securities.

(uu)    "Settling Debtors" means Residential Capital, LLC, Residential Funding Company, LLC, and Residential Accredit Loans, Inc.

(vv)    "Settling Defendants' Counsel" means Carpenter, Lipps & Leland LLP ("Carpenter Lipps") and Kirkland & Ellis LLP ("Kirkland & Ellis").

(ww)    "Settling Parties" means (i) Settling Defendants and (ii) Plaintiffs on behalf of themselves and the Settlement Class.

(xx)    "Tax Expenses" means any expenses and costs incurred in connection with the payment of Taxes (including, without limitation, expenses of tax attorneys and/or accountants and other advisors and expenses relating to the filing or failure to file all necessary or advisable tax returns).

(yy)    "Taxes" means any taxes due and payable with respect to the income earned by the Settlement Fund, including any interest or penalties thereon.

(zz)    "Unknown Claims" means any and all Released Claims that Lead Plaintiff, Original Plaintiffs, Intervenor Plaintiffs and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class.  With respect to any and all Released Claims, the parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each Class Member  shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542 (to the extent it applies to the Action), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally and forever settle and release – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally and forever settled and released – any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and Class Members by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

## CLASS CERTIFICATION

2.    The Settlement Class shall have the meaning set forth above in paragraph 1(qq). Solely for purposes of the Settlement and for no other purpose, the Settling Defendants stipulate and agree to: (a) certification of the Settlement Class as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class; (b) appointment of Plaintiffs as Class Representatives; (c) appointment of Lead Counsel as Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure; and (d) if the Settling Parties conclude it is necessary to effectuate the Settlement, certification of the Settlement Class pursuant to Rule 7023 of the Federal Rules of Bankruptcy Procedure. Certification of the Settlement Class and appointment of Class Counsel and the Class Representatives shall be binding only with respect to the Settlement of the Action and the Bankruptcy Proofs of Claim. In the event this Stipulation is terminated pursuant to its terms, or a Final Judgment and approval

of the Settlement and dismissal of the Action for any reason does not occur, certification of the
Settlement Class shall be nullified, and the Action shall proceed as though the Settlement Class
had never been certified, with the Settling Parties reserving all their rights regarding class
certification in this Action.

## SCOPE AND EFFECT OF SETTLEMENT

3.      The Settlement is subject to, among other things, the ResCap Chapter 11 Plan being
consistent in all material respects with the terms provided for herein.

4.      The obligations incurred pursuant to this Settlement shall be in full and final
disposition of the Action as against the Settling Defendants and any and all Released Claims as
against all Released Parties.

5.      Upon the Effective Date of this Settlement, Plaintiffs and all other Settlement
Class Members shall be deemed to have released, dismissed and forever discharged the Released
Claims against each and all of the Released Parties, with prejudice and on the merits, without
costs to any party.

6.      Upon the Effective Date, each of the Released Parties shall be deemed to have,
and by operation of the Final Order and Judgment shall have, fully, finally, and forever released,
relinquished and discharged the Lead Plaintiff, each and all of the Class Members, and Lead
Counsel (and other Plaintiffs' counsel) from all claims (including, without limitation, unknown
claims) arising out of, relating to, or in connection with the institution, prosecution, assertion,
Settlement or resolution of the Action or the Released Claims.

## THE SETTLEMENT CONSIDERATION

7.      In consideration of the Settlement of claims as set forth in this Settlement, the
ResCap Chapter 11 Plan shall provide for the payment of the Settlement Amount from the
Debtors' estates to Lead Plaintiff, on behalf of the Settlement Class.  Lead Plaintiff shall
distribute the Settlement Amount to the members of the Settlement Class pursuant to the Plan of
Allocation, which is subject to approval by, and is under the jurisdiction of, the District Court.

Subject to Bankruptcy Court approval, which the Settling Debtors agree to seek on an expedited basis upon preliminary approval of the Settlement by the District Court, the Settling Debtors shall deposit, from the Settlement Amount, the Notice Amount into the Escrow Account (established for the Settlement Fund by Lead Counsel for the benefit of the Settlement Class). For the avoidance of doubt, the Settlement Amount is final and capped and cannot be increased or decreased in any way, directly or indirectly.

8.      The Settling Debtors further agree, subject to the terms and conditions of this Settlement, to remit to Lead Plaintiff the Settlement Amount (net of the Notice Amount) within ten (10) business days of the Plan Effective Date.  The Settlement Fund shall be invested or held as provided in ¶ 14 hereof.  The Parties expressly acknowledge and agree that: (1) the Individual Defendants shall have no responsibility to pay any portion of the Settlement Amount; (2) Ally shall have no responsibility to pay any portion of the Settlement; and (3) all obligations of the Settling Debtors with respect to the Settlement Amount are subject to and conditioned on confirmation of the ResCap Chapter 11 Plan by the Bankruptcy Court, the occurrence of the Plan Effective Date, and Final approval of the Settlement by the District Court.

9.      On the Plan Effective Date, in the case of the ResCap Chapter 11 Plan, and on the Effective Date, in the case of the Settlement, each shall include full and complete releases by the Settlement Class of the Released Parties, from any and all Released Claims.  The releases provided in the Settlement to the Settling Defendants shall in no way limit the scope of the injunction and releases included in the ResCap Chapter 11 Plan (the "Plan Releases") protecting the Settling Defendants from any third-party claims, contribution claims, or indemnification claims related to this Action.  For the avoidance of doubt, nothing herein shall modify or limit the terms of the releases set forth in the Term Sheet for the proposed ResCap Chapter 11 Plan annexed to the Plan Support Agreement or the ResCap Chapter 11 Plan.

10.     Upon preliminary approval of the Settlement by the District Court, the Settling Debtors agree to cooperate in good faith with the production of documents in their possession,

custody or control reasonably requested by Lead Plaintiff in connection with the continued prosecution of the Action against the Non-Settling Defendants, including loan files and documents pertaining to due diligence conducted in connection with the RMBS offerings at issue in the Action (the "Offerings").  Notwithstanding the foregoing sentence, the Settling Debtors acknowledge that due to the sales of their loan servicing platforms, the Settling Debtors' access to, and ability to produce, certain documents (including loan files and documents pertaining to due diligence conducted in connection with the Offerings at issue) relevant to the Action may be limited and the Settling Defendants make no representations concerning the production of documents that are contingent on the cooperation and assistance of third parties.  All reasonable costs of production are to be borne by the Settling Debtors, up to an aggregate cost of $100,000, including reasonable attorneys' fees.  No Settling Defendant other than Settling Debtors shall be responsible for the costs of production of the Settling Debtors.  Nothing herein shall be construed as requiring Ally Securities or any of its parents, subsidiaries, or affiliates, or the Individual Defendants, to produce additional documents or bear the costs of any production by any of them or any other party, nor does this Settlement alter their obligations under the Federal Rules of Civil Procedure to respond to discovery requests.

11.    So long as the ResCap Chapter 11 Plan is consistent in all material respects with the terms of the Settlement, Lead Plaintiff, on behalf of the Settlement Class Members, shall (a) support confirmation of the ResCap Chapter 11 Plan and approval of the Plan Releases; (b) refrain from objecting to confirmation of the ResCap Chapter 11 Plan or otherwise opposing the ResCap Chapter 11 Plan or the Plan Releases; (c) upon filing a motion in the Court requesting preliminary approval of the Settlement, seek to implement a stay of litigation against the Settling Defendants pending Final approval of the Settlement; and (d) subject to preliminary approval of the Settlement, vote to accept the ResCap Chapter 11 Plan before the applicable voting deadline and not cause such votes to be withdrawn. For the avoidance of doubt, the Lead Plaintiffs, on behalf of the Settlement Class Members, shall support the ResCap Chapter 11 Plan

unless and until the Settlement has been terminated or the Court declines to approve the Settlement.

## USE OF SETTLEMENT FUND

12.      Subject to the terms and conditions of this Settlement, the Settlement Fund shall be used to pay:  (i) Taxes and Tax Expenses; (ii) Notice and Administration Costs; and (iii) any attorneys' fees and Litigation Expenses awarded by the District Court.  The Lead Plaintiffs shall distribute the balance remaining in the Settlement Fund, *i.e.,* the Net Settlement Fund to Authorized Claimants as provided below.  All costs and expenses incurred by or on behalf of the Plaintiffs and the other members of the Settlement Class associated with the Settlement shall be paid from the Settlement Fund as awarded by the Court.  In no event shall the Released Parties bear any responsibility for any such costs or expenses beyond payment of the Settlement Amount by the Settling Debtors.

13.      After the Settlement becomes Final, the Settlement Fund will be distributed in accordance with the Plan of Allocation consistent with this Settlement that Plaintiffs will submit at the appropriate time, subject to Court approval, and subject to any award of attorneys' fees and costs by the Court.  No distribution will be made to any person whose distribution would be less than $10.  Subsequent to the initial distribution of the Settlement Fund, in the sole discretion of Plaintiffs' Counsel, any remaining funds shall be held in the Escrow Account pending further recoveries in the Action and combined with any future recoveries for distribution at a later date.

14.      Except as provided herein or pursuant to orders of the District Court, the Net Settlement Fund shall remain in the Escrow Account prior to the distribution.  All funds held by the Escrow Agent shall be deemed to be in the custody of the District Court and shall remain subject to the jurisdiction of the District Court until such time as the funds shall be distributed or returned pursuant to the terms of this Settlement and/or further order of the District Court.  The Escrow Agent shall invest any funds in the Escrow Account in United States Treasury Bills (or a mutual fund invested solely in such instruments or another similarly secure investment) and shall

collect and reinvest all interest accrued thereon, except that any residual cash balance in the
Escrow Account of less than $250,000.00 may be held in a cash account in an FDIC-insured
financial institution or invested in money market mutual funds comprised exclusively of
investments secured by the full faith and credit of the United States.  In the event that the yield
on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any
portion of the funds held by the Escrow Agent may be deposited in a non-interest bearing
account that is fully insured by the FDIC.

15.    The Parties agree that the Settlement Fund is intended to be a Qualified
Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that the Claims
Administrator, under the supervision of Lead Counsel, as administrator of the Settlement Fund
within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for
filing or causing to be filed all informational and other tax returns as may be necessary or
appropriate (including, without limitation, the returns described in Treasury Regulation §
1.468B-2(k)) for the Settlement Fund.  Such returns shall be consistent with this paragraph and
in all events shall reflect that all Taxes on the income earned on the Settlement Fund shall be
paid out of the Settlement Fund as provided by ¶ 16 below.  The Claims Administrator, under the
supervision of, Lead Counsel shall also be solely responsible for causing payment to be made
from the Settlement Fund of any Taxes and Tax Expenses owed with respect to the Settlement
Fund.  The Settling Debtors will provide to Lead Counsel the statement described in Treasury
Regulation § 1.468B-3(e).  The Claims Administrator, under the supervision of Lead Counsel, as
administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-
2(k)(3), shall timely make such elections as are necessary or advisable to carry out this
paragraph, including, as necessary, making a "relation back election," as described in Treasury
Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the
earliest allowable date, and shall take or cause to be taken all actions as may be necessary or
appropriate in connection therewith.

16.    All Taxes (including any interest or penalties) and Tax Expenses shall be considered to be a cost of administration of the Settlement and shall be paid out of the Settlement Fund.  The Released Parties shall not have any liability or responsibility for any such Taxes or Tax Expenses.  The Claims Administrator, under the supervision of Lead Counsel, or its agents, shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund and the distributions and payments therefrom, including, without limitation, the tax returns described in Treas. Reg. § 1.468B-2(k), and, to the extent applicable, Treas. Reg. § 1.468B-2(l).  Such returns shall be consistent with the terms hereof and in all events shall reflect that all such Taxes, including any interest or penalties, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund, subject to the limitations set forth in this paragraph.  The Claims Administrator, under the supervision of Lead Counsel, or its agents, shall also timely pay Taxes and Tax Expenses, subject to the limitations set forth in this paragraph, out of the Settlement Fund, and are authorized to withdraw, without prior order of the District Court, from the Settlement Fund amounts necessary to pay Taxes and Tax Expenses. The Parties agree to cooperate with each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry out the terms of this Settlement.  The Released Parties shall have no responsibility or liability for the acts or omissions of the Claims Administrator, Lead Counsel or their agents, as described herein.

17.    This Settlement is not a claims-made settlement.  As of the Effective Date, neither the Settling Defendants, the Debtors' Chapter 11 estate, nor any other Person who paid any portion of the Settlement Fund on any of their behalf, shall have any right to the return of the Settlement Fund or any portion thereof after the Settlement Amount has been remitted pursuant to ¶¶ 7 and 8, irrespective of the number of Claims filed, the collective amount of losses of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  If any portion of the Net Settlement Fund remains following distribution pursuant to ¶ 12 and is of such an amount that in the discretion of

Case 2:08-cv-08781-B-RLE   Document 226   Filed 06/14/13   Page 26 of 42

Lead Counsel it is not cost effective or efficient to redistribute the amount to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes and Tax Expenses, shall be donated to a non-profit charitable organization selected by Plaintiffs and approved by the Court.

18.    The Claims Administrator shall discharge its duties under Lead Counsel's supervision and subject to the jurisdiction of the Court.  Except as otherwise expressly provided herein, the Released Parties shall have no responsibility whatsoever for the administration of the Settlement, and shall have no liability whatsoever to any person, including, but not limited to, the Settlement Class Members, in connection with any such administration.  Lead Counsel shall make available to the Settling Defendants' Counsel copies of all non-proprietary mailing lists used to serve the Notice in order for the Settling Debtors to provide notice of the ResCap Chapter 11 Plan Confirmation Hearing to the Settlement Class.  Lead Counsel shall cause the Claims Administrator to mail the Notice to those members of the Settlement Class who may be identified through reasonable effort, including through the cooperation of the Settling Debtors and/or their agents.  Lead Counsel will cause to be published the Summary Notice pursuant to the terms of the Notice Order or whatever other form or manner might be ordered by the Court. The Settling Debtors agree to cooperate reasonably with Lead Counsel in identifying the names and addresses of potential Class Members.

19.    Lead Counsel may pay up to $450,000 from the Escrow Account, without further approval from the Settling Defendants or further order of the Court, for reasonable Notice and Administration Costs actually incurred.  Such costs and expenses shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice and processing the submitted claims, and the reasonable fees, if any, of the Escrow Agent. To the extent that Notice and

Administration Costs exceed $450,000, they may be paid only pursuant to further Order of the
District Court.  In the event that the Settlement is terminated pursuant to the terms of this
Settlement, all Notice and Administration Costs properly paid or incurred, including any related
fees, shall not be returned or repaid to the Settling Defendants or other Person who paid any
portion of the Settlement Fund.  The finality of the Settlement shall not be conditioned on any
ruling by the District Court concerning the Plan of Allocation or any award of attorneys' fees or
reimbursement of Litigation Expenses.  Any order or proceeding relating to a request for
approval of the Plan of Allocation, or any appeal from any order relating thereto or reversal or
modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective
Date or the effectiveness or finality of the Order and Final Judgment and the release of the
Released Claims.  There shall be no distribution of any of the Settlement Fund to any Settlement
Class Member until the Plan of Allocation is finally approved and such order of approval is
affirmed on appeal and/or is no longer subject to review by appeal or certiorari, and the time for
any petition for rehearing, appeal, or review, by certiorari or otherwise, has expired.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

20.    Lead Counsel, on behalf of all Plaintiffs' Counsel, may apply to the Court for a
collective award from the Settlement Fund of attorneys' fees, plus interest.  Lead Counsel also
may apply to the Court for reimbursement from the Settlement Fund of Plaintiffs' Counsel's
Litigation Expenses, plus interest.  Litigation Expenses may include reimbursement of the
expenses of Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4).  Lead Counsel shall allocate
the attorneys' fees and expense awards amongst Plaintiffs' Counsel in a manner in which it in
good faith believes reflects the contributions of such counsel to the prosecution and settlement of
the Action.

21.    The Released Parties shall have no responsibility for, and no liability with respect
to, the attorneys' fees or Litigation Expenses that the District Court may award in the Action or
the allocation of the fees and Litigation Expenses that Lead Counsel may make to other

Plaintiffs' Counsel in connection with this Action or any other person who may assert some claim thereto.

22.    The procedure for and amounts of any award of attorneys' fees and Litigation Expenses, and the allowance or disallowance by the District Court thereof, shall not be a condition of the Settlement.  Lead Counsel shall request that its application for an award of attorneys' fees and Litigation Expenses be considered by the District Court separately from the District Court's consideration of the fairness and adequacy of the Settlement.  Any order or proceedings relating to such request, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the release of the Released Claims.  The finality of the Settlement shall not be conditioned on any ruling by the District Court concerning Lead Counsel's application for attorneys' fees and Litigation Expenses. The Settling Defendants will take no position on the request for attorneys' fees or reimbursement of expenses.

23.    The attorneys' fees and Litigation Expenses, as awarded by the District Court, shall be paid to Lead Counsel from the Escrow Account, immediately upon award, but in no event prior to the time the Settlement Amount is deposited into the Escrow Account and the Plan Effective Date, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.

## CLAIMS ADMINISTRATOR

24.    The Claims Administrator, subject to the supervision, direction and approval of Lead Counsel and the District Court, shall administer and calculate the Claims submitted by Settlement Class Members, oversee distribution of the Net Settlement Fund and perform all claims administration procedures necessary or appropriate in connection therewith.  Other than Settling Debtors' agreement to assist in identifying potential Settlement Class Members as provided herein, the Released Parties shall have no liability, obligation or responsibility for the Notice, administration or processing of claims or of the Settlement or disbursement of the Net

Settlement Fund, including without limitation, determinations as to the validity of any Proof of
Claim, the amounts of claims, distributions of the Settlement Fund, or any loss incurred by the
Escrow Agent or the Claims Administrator.  The Settling Defendants shall cooperate in the
administration of the Settlement to the extent reasonably necessary to effectuate its terms.

25.    The Claims Administrator shall receive Claims and administer them according to
the Plan of Allocation later approved by this Court.

26.    The future allocation of the Net Settlement Fund among Authorized Claimants is
a matter separate and apart from the proposed Settlement between the Settling Defendants and
Plaintiffs, and any decision by the Court concerning the Plan of Allocation shall not affect the
validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of
this Settlement, and it is not a condition of this Settlement that any particular plan of allocation
be approved by the Court.   Plaintiffs and Lead Counsel may not cancel or terminate the
Settlement based on this Court's or any appellate court's ruling with respect to the Plan of
Allocation or any plan of allocation in this Action.  Neither the Settling Defendants nor any other
Released Party shall have any responsibility or liability whatsoever for allocation of the Net
Settlement Fund, nor shall the Settling Defendants object to the Plan of Allocation proposed by
Plaintiffs.

27.    Any Class Member who does not timely submit a valid Claim Form at the time
later set by the Court will not be entitled to receive any distribution from the Net Settlement
Fund but will nevertheless be bound by all of the terms of the Settlement, including the terms of
the Order and Final Judgment to be entered in the Action and the releases provided for therein,
and will be permanently barred and enjoined from bringing any action, claim or other proceeding
of any kind against any Released Party concerning any Released Claim.

28.    Lead Counsel shall be responsible for supervising the administration of the
Settlement and disbursement of the Net Settlement Fund.  No Released Party shall have any
liability, obligation or responsibility whatsoever for the administration of the Settlement or

disbursement of the Net Settlement Fund.  No Released Party shall be permitted to contest or object to any Claim Form or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim Form or Claim for payment by a Class Member.

29.    Lead Counsel will apply to the Court, with reasonable notice to the Settling Defendants, for a Class Distribution Order, *inter alia*:  (i) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (ii) approving payment of any outstanding administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (iii) if the conditions set forth in ¶ 13 above have occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

30.    Payment pursuant to the Class Distribution Order shall be final and conclusive against any and all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Settlement, including the terms of the Order and Final Judgment to be entered in this Action and the releases provided for therein, and will be permanently barred and enjoined from bringing any action against any and all Released Parties concerning any and all of the Released Claims.

31.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.

## REQUESTS FOR EXCLUSION

32.    A Class Member requesting exclusion from the Settlement Class shall provide the following information to the Administrator:  (i) name, (ii) address, (iii) telephone number, (iv) identity and original face value of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise acquired) or sold, (v) prices or other consideration paid or received for

such mortgage pass-through certificates, (vi) the date of each purchase or sale transaction, and (vii) a statement that the person or entity wishes to be excluded from the Settlement Class. Unless otherwise ordered by the District Court, any Class Member who does not submit a timely written request for exclusion as provided by this section shall be bound by the Settlement. Plaintiffs shall request that the deadline for submitting requests for exclusion be 28 calendar days prior to the Final Approval Hearing.

33.    The Claims Administrator shall scan and send electronically copies of all requests for exclusion in PDF format (or such other format as shall be agreed) to Settling Debtors' Counsel and to Lead Counsel expeditiously (and not more than three (3) business days) after the Claims Administrator receives such a request.  As part of the motion papers in support of the partial settlement of the Action, Lead Counsel will cause to be provided a list of all the persons who have requested exclusion from the Settlement Class, and shall cause to be certified that all requests for exclusion received by the Claims Administrator have been copied and provided to Settling Debtors' Counsel.

### TERMS OF NOTICE ORDER
### IN CONNECTION WITH SETTLEMENT PROCEEDINGS

34.    Promptly after execution of this Settlement, Lead Plaintiffs, by and through Lead Counsel, with Settling Defendants' Counsel's consent, shall submit the Settlement together with its Exhibits to the District Court and shall move for entry of the Notice Order substantially in the form annexed hereto as Exhibit A.

### TERMS OF ORDER AND FINAL JUDGMENT

35.    Plaintiffs, by and through Lead Counsel, with Settling Defendants' Counsel's consent, shall request that the District Court enter an Order and Final Judgment substantially in the form attached hereto as Exhibit B.  The Settlement is expressly conditioned upon, among other things, the entry of an Order and Final Judgment substantially in the form attached hereto as Exhibit B and in all respects consistent with this Settlement.

**EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**

36.     The Effective Date of the Settlement shall be the latest date when all of the
following shall have occurred:

(a)     entry of the Notice Order;

(b)     Final approval by the District Court of the Settlement following notice to the
Settlement Class and a hearing in accordance with Rule 23 of the Federal Rules of Civil
Procedure;

(c)     entry by the District Court of an Order and Final Judgment.  In the event that the
District Court enters a judgment materially different than the proposed Final Judgment and Order
attached hereto as Exhibit B ("Alternative Judgment") and none of the Parties hereto elects to
terminate this Settlement, the date that such Alternative Judgment becomes Final;

(d)     payment of the Settlement Amount by the Settling Debtors; and

(e)     the occurrence of the Plan Effective Date.

37.     The Settling Defendants and Lead Plaintiffs each shall have the right to terminate
the Settlement by providing written notice of their election to do so ("Termination Notice") to
the other within twenty (20) days of the date on which: (a) the District Court declines to enter the
Notice Order in any material respect; (b) the District Court refuses to grant final approval to this
Settlement or any material part of it; (c) the District Court declines to enter the Order and Final
Judgment in any material respect that is not consistent with this Settlement, including, but not
limited to, the failure to enter the Order and Final Judgment at least two weeks prior to the
scheduled confirmation hearing of the ResCap Chapter 11 Plan; (d) an Alternative Judgment is
vacated, modified or reversed in any material respect that is not consistent with this Settlement;
(e) the ResCap Chapter 11 Plan is not confirmed by the Bankruptcy Court and the Plan Effective
Date does not occur; (f) the Effective Date of the Settlement otherwise does not occur; (g) the
payment of the Settlement Amount is not satisfied; or (h) the Plan Support Agreement is
terminated.  The foregoing list is not intended to limit or impair the parties' rights under the law

of contracts of the State of New York with respect to any breach of this Settlement. In the event the Settlement is terminated, the provisions of ¶¶ 19 and 38 shall survive termination.

38. Except as otherwise provided herein, in the event this Settlement is terminated prior to the Plan Effective Date or the Settlement Amount is not received in accordance with this Settlement, the Parties reserve their rights to proceed in all respects as if this Settlement had not been entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement, provided, that the Parties reserve their rights to revisit the scheduling order for the conduct of discovery in this Action. The Settling Defendants reserve their rights to argue (and Plaintiffs reserve their rights to oppose the argument) that the Plan Releases bar all Released Claims against the Settling Defendants, effective as of the Plan Effective Date, even if this Settlement is terminated for any reason.

## <u>NO ADMISSION OF WRONGDOING</u>

39. Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Settlement, including Exhibits, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a) shall not be offered or received against the Released Parties, Plaintiffs or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Plaintiffs or the other members of the Settlement Class with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

(b) shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to

any statement or written document approved or made by any Released Party, or against Plaintiffs or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the other members of the Settlement Class;

(c)    shall not be offered or received against the Released Parties, Plaintiffs or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Settlement, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that if this Settlement is approved by the District Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d)    shall not be construed against the Released Parties, Lead Counsel or Plaintiffs or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e)    shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other members of the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the Settlement Fund.

## MISCELLANEOUS PROVISIONS

40.    All of the Exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Settlement and the terms of any Exhibit hereto, the terms of this Settlement shall prevail.

41.    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted by the Plaintiffs or any other Class Member(s) against all Released Parties with respect to all Released Claims.

42.    The Parties shall use their reasonable best efforts to include in the Order and Final Judgment a bar order that permanently bars, enjoins and restrains:

Any and all persons and entities (including but not limited to Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) from instituting, commencing, prosecuting, asserting or pursuing any claim against any of the Released Parties for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related in any way to the Released Claims or claims and allegations asserted in the Action (or any other claims where the alleged injury to the entity/individual is the entity's/individual's actual or threatened liability to one or more members of the Settlement Class), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or Unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued.  All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary.

43.    Any person or entity so barred and enjoined shall be entitled to appropriate judgment reduction in accordance with applicable statutory or common law rule to the extent permitted under the Securities Act for the claims alleged herein.

44.    This Settlement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest.

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claim or of any wrongdoing or liability of any of the Released Parties; or (b) is or may be deemed to be or may be used as an admission or evidence of any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, any arbitration proceeding or any administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or the Order and Final Judgment.

47.     The parties to this Settlement intend it to be a final and complete resolution of all disputes asserted or which could be asserted by the Settlement Class Members and Plaintiffs against the Released Parties with respect to the Released Claims.  Accordingly, except in the event of Termination of this Settlement, Plaintiffs and Settling Defendants agree not to assert any claim under Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation, that the Action was brought or defended in bad faith or without a reasonable basis. The parties to this Stipulation agree that the amount paid and the other terms of the Settlement were negotiated at arm's length, in good faith by the parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

48.     While retaining their right to deny that the claims asserted in the Action were meritorious, the Settling Defendants in any statement made to any media representative (whether or not for attribution) will not deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Plaintiffs and the Settling Defendants shall refrain from any accusations of wrongful or

actionable conduct by either party concerning the prosecution and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

49.     The waiver by one party of any breach of this Settlement by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Settlement.

50.     This Settlement and its Exhibits constitute the entire agreement among the Parties, and no representations, warranties or inducements have been made to any party concerning this Settlement or its Exhibits, other than the representations, warranties and covenants contained and memorialized in such documents.

51.     This Settlement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via e-mail. All executed counterparts and each of them shall be deemed to be one and the same instrument.

52.     The parties hereto and their respective counsel of record agree that they will use their best efforts to obtain all necessary approvals of the District Court and Bankruptcy Court required by this Settlement.

53.     Each counsel signing this Settlement represents that such counsel has authority to sign this Settlement on behalf of Lead Plaintiffs or Settling Defendants, as the case may be, and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Settlement to effectuate its terms.

54.     This Settlement shall be binding upon and shall inure to the benefit of the successors and assigns of the parties hereto, including any and all Released Parties and any corporation, partnership, or other entity into or with which any party hereto may merge, consolidate or reorganize.

55.     Notices required by this Settlement shall be submitted either by any form of overnight mail, electronic e-mail, facsimile, or in person to each of the signatories below.

56.     The administration, consummation and enforcement of the Settlement as embodied in this Settlement shall be under the authority of the Court and the parties intend that the Court retain jurisdiction for the purpose of, *inter alia*, entering orders, providing for awards of attorneys' fees and Litigation Expenses, and enforcing the terms of this Settlement and the Settlement.

57.     The construction, interpretation, operation, effect and validity of this Settlement, and all documents necessary to effectuate it, shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

58.     This Settlement shall not be construed more strictly against one Settling Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations among the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Settlement.

59.     Class Counsel, and any other counsel representing Lead Plaintiff and the Settlement Class in the Action or in the ResCap Chapter 11 Case, agree that any representation, encouragement, solicitation or other assistance, including, but not limited to, referral to the other counsel, of or to any person seeking exclusion from the Settlement Class or any other person seeking to litigate with any of the Released Parties over any of the Released Claims or to represent any form of opt-out class from this Settlement, could place Class Counsel in an untenable conflict of interest with the Settlement Class Members.  Accordingly, Class Counsel and their respective firms agree (only to the extent that it is otherwise not violative of any applicable rules governing the practice of law) not to represent, encourage, solicit, or otherwise assist, in any way whatsoever (including, but not limited to referrals to other counsel) any Person in requesting exclusion from the Settlement Class, except that referring such person to the Notice or suggesting to any such person the option of obtaining separate counsel, without specifically

identifying options for such counsel, shall be permitted under the terms of this provision. Additionally, Class Counsel and their respective firms agree (only to the extent that it otherwise not violative of any applicable professional rules) not to represent, encourage, solicit or otherwise assist, in any way whatsoever, any Person who requests exclusion from the Settlement Class, or seeks to represent any form of opt-out class from this Settlement, or any other Person, in any subsequent litigation that Person may enter into with Released Parties regarding the Released Claims or any related claims, except that suggesting to any such Person the option of obtaining separate counsel, without specifically identifying options for such counsel, shall be permitted under the terms of this provision.

IN WITNESS WHEREOF, the parties hereto have caused this Settlement to be executed,

by their duly authorized attorneys as of June __, 2013.

**COHEN MILSTEIN SELLERS & TOLL PLLC**

_____

Joel P. Laitman
Christopher Lometti
Michael Eisenkraft
Richard Spiers
Daniel B. Rehns
Kenneth M. Rehns
88 Pine Street, 14th Fl.
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
meisenkraft@cohenmilstein.com
rspeirs@cohenmilstein.com
drehns@cohenmilstein.com
krehns@cohenmilstein.com

Steven J. Toll
Joshua S. Devore
S. Douglas Bunch
1100 New York Avenue, N.W.
Suite 500 West
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jdevore@cohenmilstein.com
dbunch@cohenmilstein.com
***Attorneys for Lead Plaintiff and the Class***

**KIRKLAND & ELLIS LLP**

_____

Robert J. Kopecky
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2084
Fax: (312) 862-2200
Robert.kopecky@kirkland.com
***Attorneys for Defendant Ally Securities, LLC***

**CARPENTER LIPPS & LELAND LLP**

_____

Jeffrey A. Lipps
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4105
Fax: (614) 365-9145
lipps@carpenterlipps.com
***Attorneys for the Individual Defendants and
Debtor Defendants***

IN WITNESS WHEREOF, the parties hereto have caused this Settlement to be executed,

by their duly authorized attorneys as of June __, 2013.

**COHEN MILSTEIN SELLERS & TOLL PLLC**

_____

Joel P. Laitman
Christopher Lometti
Michael Eisenkraft
Richard Spiers
Daniel B. Rehns
Kenneth M. Rehns
88 Pine Street, 14th Fl.
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
meisenkraft@cohenmilstein.com
rspeirs@cohenmilstein.com
drehns@cohenmilstein.com
krehns@cohenmilstein.com

Steven J. Toll
Joshua S. Devore
S. Douglas Bunch
1100 New York Avenue, N.W.
Suite 500 West
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jdevore@cohenmilstein.com
dbunch@cohenmilstein.com
*Attorneys for Lead Plaintiff and the Class*

**KIRKLAND & ELLIS LLP**

_____

Robert J. Kopecky
300 North LaSalle
Chicago, Illinois 60654
Tel: (312) 862-2084
Fax: (312) 862-2200
Robert.kopecky@kirkland.com
*Attorneys for Defendant Ally Securities, LLC*

**CARPENTER LIPPS & LELAND LLP**

_____

Jeffrey A. Lipps
280 North High Street
Columbus, Ohio 43215
Tel: (614) 365-4105
Fax: (614) 365-9145
lipps@carpenterlipps.com
*Attorneys for the Individual Defendants and
Debtor Defendants*

IN WITNESS WHEREOF, the parties hereto have caused this Settlement to be executed,

by their duly authorized attorneys as of June *14*, 2013.

**COHEN MILSTEIN SELLERS & TOLL PLLC**          **KIRKLAND & ELLIS LLP**

Joel P. Laitman                                  Robert J. Kopecky
Christopher Lometti                              300 North LaSalle
Michael Eisenkraft                               Chicago, Illinois 60654
Richard Spiers                                   Tel: (312) 862-2084
Daniel B. Rehns                                  Fax: (312) 862-2200
Kenneth M. Rehns                                 Robert.kopecky@kirkland.com
88 Pine Street, 14th Fl.                         *Attorneys for Defendant Ally Securities, LLC*
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745                              **CARPENTER LIPPS & LELAND LLP**
jlaitman@cohenmilstein.com
clometti@cohenmilstein.com
meisenkraft@cohenmilstein.com
rspeirs@cohenmilstein.com                        Jeffrey A. Lipps
drehns@cohenmilstein.com                         280 North High Street
krehns@cohenmilstein.com                         Columbus, Ohio 43215
                                                 Tel: (614) 365-4105
Steven J. Toll                                   Fax: (614) 365-9145
Joshua S. Devore                                 lipps@carpenterlipps.com
S. Douglas Bunch                                 *Attorneys for the Individual Defendants and*
1100 New York Avenue, N.W.                       *Debtor Defendants*
Suite 500 West
Washington, D.C. 20005
Tel: (202) 408-4600
Fax: (202) 408-4699
stoll@cohenmilstein.com
jdevore@cohenmilstein.com
dbunch@cohenmilstein.com
*Attorneys for Lead Plaintiff and the Class*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, ET AL., <br><br> Plaintiffs, <br><br> *v.* <br><br> RESIDENTIAL CAPITAL, LLC, ET AL., <br><br> Defendants. | Civ. No. 08-8781-HB |

## [EXHIBIT A TO STIPULATION]

## [PROPOSED] ORDER PRELIMINARILY APPROVING THE SETTLEMENT AND PROVIDING FOR NOTICE

**WHEREAS,** Lead Plaintiff, New Jersey Carpenters Health Fund, on behalf of itself, Plaintiffs and the Settlement Class, and defendants Residential Capital, LLC, Residential Funding Company, LLC, Residential Accredit Loans, Inc., Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young and Residential Funding Securities Corporation n/k/a Ally Securities, LLC (collectively, the "Settling Defendants") (with Plaintiffs, the "Settling Parties") have entered into a partial settlement of the claims asserted in the Action (the "Settlement"), the terms of which are set forth in the Stipulation and Agreement of Settlement with Certain Defendants (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims asserted in the Action on the merits and with prejudice as against the Settling Defendants only; and

**WHEREAS,** The Court having read and considered the Stipulation and Exhibits thereto, including the proposed (i) Notice; (ii) Publication Notice; and (iii) Order and Final

Case 2:08-cv-08781-JB-RLE    Document 220    Filed 06/14/13    Page 3 of 11

Judgment, and submissions relating thereto, and finding that substantial and sufficient grounds

exist for entering this Order.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.      The Court, for purposes of this Order, adopts all defined terms as set forth in

the Stipulation.

2.      The Court hereby certifies, for settlement purposes only (and without an

adjudication of the merits), pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil

Procedure, a Settlement Class defined as:

> All persons or entities who purchased or otherwise acquired beneficial interests
> in any of the following Certificates and who were allegedly damaged thereby:
> RALI Series 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4, RALI
> Series 2006-QO7, RALI Series 2007-QS5, RALI Series 2006-QS7, RALI Series
> 2007-QO2, RALI Series 2006-QS11, RALI Series 2007-QS4, RALI Series
> 2006-QA4, RALI Series 2006-QA6, RALI Series 2006-QA7, RALI Series 2006-
> QA8, RALI Series 2006-QA10, RALI Series 2006-QA11, RALI Series 2007-
> QA1, RALI Series 2007-QA2, RALI Series 2007-QO3, RALI Series 2007-QA3,
> RALI Series 2007-QA5, RALI Series 2007-QH8, RALI Series 2007-QH9, RALI
> Series 2007-QO5, RALI Series 2007-QS11, RALI Series 2007-QS6, RALI
> Series 2006-QS8, RALI Series 2006-QS9, RALI Series 2007-QS7, RALI Series
> 2007-QH2, RALI Series 2007-QH5, RALI Series 2007-QH6, RALI Series 2006-
> QS18, RALI Series 2006-QO10, RALI Series 2006-QO3, RALI Series 2006-
> QO6, RALI Series 2007-QH3, RALI Series 2007-QS2, RALI Series 2006-QO9,
> RALI Series 2006-QO8, RALI Series 2006-QO5, RALI Series 2006-QA5, RALI
> Series 2006-QA9, RALI Series 2006-QH1, RALI Series 2006-QO4, RALI
> Series 2006-QS5, RALI Series 2006-QS16, RALI Series 2006-QS17, RALI
> Series 2007-QH1, RALI Series 2007-QO1, RALI Series 2007-QS3, RALI Series
> 2007-QA4, RALI Series 2007-QH7, RALI Series 2007-QS8, RALI Series 2007-
> QS10, RALI Series 2006-QS12, RALI Series 2006-QS13, RALI Series 2006-
> QS6, RALI Series 2007-QS9 and RALI Series 2006-QS15.  Excluded from the
> Class are Defendants, and their respective officers, affiliates and directors at all
> relevant times, members of their immediate families and their legal
> representatives, executors, estates, administrators, successors and assigns,
> insurers, and any entity in which any defendants have or had a controlling
> interest, provided that any Investment Vehicle shall not be deemed an excluded
> person or entity by definition.  Also excluded from the Class are any persons or
> entities who exclude themselves by filing a valid request for exclusion in
> accordance with the requirements set forth in the Notice and all persons or

entities defined as Private Securities Claimants in the Supplemental Term Sheet attached as Exhibit B to the Plan Support Agreement.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the following plaintiffs are appointed as the Class Representatives: New Jersey Carpenters Health Fund, New Jersey Carpenters Vacation Fund, Boilermakers-Blacksmith National Pension Trust, Midwest Operating Engineers Pension Trust Fund, Police and Fire Retirement System of the City of Detroit, Iowa Public Employees' Retirement System and Orange County Employees Retirement System; and Cohen Milstein Sellers & Toll PLLC is appointed as Class Counsel for the Settlement Class.

4.      The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at the final approval hearing to be held before this Court at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, on _____, 2013 (the "Settlement Hearing" or "Final Approval Hearing"):

  a.  to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate, and should be approved by the Court;

  b.  to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action as to Settling Defendants, on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered;

  c.  to determine whether the application by Lead Counsel from reimbursement of litigation expenses incurred should be approved; and

  d.  to rule upon such other matters as the Court may deem appropriate.

5.      Lead Counsel has the authority to enter into the Stipulation on behalf of the Lead Plaintiff, on behalf of themselves, the Plaintiffs and the Settlement Class, and is

authorized to act on behalf of the Lead Plaintiff, on behalf of Plaintiffs and Settlement Class

Members, with respect to all acts or consents required by or that may be given pursuant to the

Stipulation, such as other acts that are reasonably necessary to consummate the Settlement.

6.      The Settling Debtors shall, subject to the approval of the Bankruptcy Court, cause

to be transferred into an Escrow Account created by and under the control of Lead Counsel,

$450,000 for all reasonable Notice and Administration Costs actually incurred (the "Notice

Fund").

7.      The Court approves the form, substance and requirements of the Notice and

the Publication Notice (together, the "Notices"); and finds that the procedures established for

publication, mailing and distribution of such Notices substantially in the manner and form

set forth in this Order constitute the best notice practicable under the circumstances and are in

full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of

Civil Procedure, and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-l(a)(7), as

amended by the Private Securities Litigation Reform Act of 1995.  Under no circumstances

shall any Settlement Class Member be relieved from the terms of the Settlement, including the

releases provided for therein, based upon the contention or proof that such Settlement Class

Member failed to receive adequate or actual notice.

8.      Lead Counsel shall cause the Notice, substantially in the form annexed to the

Stipulation as Exhibit A-1, to be mailed, by first class mail, postage prepaid, within seven

business days of this Order.  The Settling Debtors shall cooperate reasonably with Lead

Counsel in identifying the names and addresses of potential Class Members.

9.      Lead Counsel shall cause the Publication Notice, substantially in the form

annexed hereto as Exhibit A-2, to be published once in the national edition of *Investor's

Business Daily* and over the *PR Newswire* on or about the same day as the initial mailing of the

Notice.

10.     Lead Counsel shall, at or before the Settlement Hearing, file with the Court

proof of mailing of the Notice and proof of publication of the Publication Notice.

11.    To effectuate the provision of notice provided for in paragraph 7 hereof, Lead
Counsel or its agents shall lease and maintain a post office box of adequate size for the return of
relevant mailing.   The Notice shall designate said post office box as the return address for
the purposes designated in the Notice.   Lead Counsel or its agents shall be responsible for the
receipt of all responses from the Settlement Class and, until further order of the Court, shall
preserve all entries of appearance and all other written communications from Settlement Class
Members, nominees or any other person or entity in response to the Notices.

12.    Lead Counsel shall use reasonable efforts to give notice to nominee owners
such as brokerage firms and other persons or entities who purchased or otherwise acquired the
relevant securities as record owners but not as beneficial owners.   Such nominees who hold
or held such securities for beneficial owners who are Settlement Class Members are
directed to send a copy of the Notice to the beneficial owner of the securities postmarked
no more than seven (7) calendar days from the date of receipt of the Notice, or to provide the
names and addresses of such persons no later than seven (7) calendar days from the date of
receipt of the Notice to the Claims Administrator at the address specified in the Notice, who
shall promptly send a copy of the Notice to such beneficial owners.   Upon full compliance with
this Order, such nominees may seek reimbursement of their reasonable expenses actually
incurred in complying with this Order by providing the Claims Administrator with proper
documentation supporting the expenses for which reimbursement is sought.   Such properly
documented expenses incurred by nominees in compliance with the terms of this Order shall be
paid from the Notice Fund.

13.    The Court approves the selection of Garden City Group, Inc. by Lead Counsel as
the Claims Administrator.   Lead Counsel may pay up to $450,000 from  the Escrow Account,
without further approval from the Settling Defendants or further order of the Court, for all
reasonable Notice and Administration Costs actually incurred.   Such costs and expenses may

include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses actually incurred and fees reasonably charged by the Claims Administrator in connection with searching for Class Members and providing Notice, and the reasonable fees, if any, of the Escrow Agent.  To the extent that Notice and Administration Costs exceed $450,000, they may be paid only pursuant to further Order of the Court.

14.    Lead Counsel or its agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any Taxes or Tax Expenses due and owing to be paid from the Escrow Account without further Order of the Court, and to otherwise perform all obligations with respect to Taxes and any reportings or filings in respect thereof as contemplated by the Stipulation without further order of the Court.

15.    Lead Counsel shall submit its papers in support of final approval of the Settlement and the application for reimbursement of litigation expenses and the Fund for Payment of Expenses by no later than twenty-one (21) calendar days before the Settlement Hearing.

16.    Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request must mail the request in written form to the address designated in the Notice, such that it is received no later than twenty-eight days (28) calendar days prior to the Settlement Hearing.  Such request for exclusion must clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in *New Jersey Carpenters Health Fund v. Residential Capital, LLC,* Civil Action No. 08-CV-08781 (HB), and must be signed by such person.  Such persons requesting exclusion are also directed to provide the following information: (i) identify the original face value of mortgage pass-through certificates traceable to the Offerings

purchased (or otherwise acquired) or sold, (ii) prices or other consideration paid or received
for such mortgage pass-through certificates, (iii) the date of each purchase or sale transaction;
and (iv) proper evidence or documentation of the transactions. The request for exclusion shall
not be effective unless it provides the required information and is made within the time stated
above, or the exclusion is otherwise accepted by the Court.

17.    Any person or entity that requests to be and is excluded from the Settlement
Class shall not be entitled to receive any payment out of the Net Settlement Fund when that
Fund is distributed as described in the Stipulation and Settlement Notice.

18.    Any member of the Settlement Class who has not requested exclusion from
the Settlement Class may appear at the Settlement Hearing to show cause why the proposed
Settlement should not be approved as fair, reasonable and adequate; why a judgment should not
be entered thereon; or why Lead Counsel's application for reimbursement of expenses incurred to
date should not be granted provided, however, that no member of the Settlement Class shall be
heard or entitled to contest the approval of the terms and conditions of the proposed Settlement,
the Order and Final Judgment to be entered approving the same or the reimbursement of
litigation expenses requested, unless no later than fourteen (14) calendar days before the
Settlement Hearing, such Settlement Class Member has served by hand or by overnight delivery
written objections setting forth the basis therefor, and copies of any supporting papers and briefs
upon Lead Counsel, Joel Laitman, Cohen Milstein Sellers & Toll PLLC, 88 Pine Street 14th
Floor, New York, New York 10005, and the Settling Defendants' Counsel[1] (the "Settling
Defendants' Counsel"), and has filed said objections, papers and briefs, showing due proof of
service upon Lead Counsel and the Settling Defendants' Counsel, with the Clerk of the United
States District Court for the Southern District of New York, 500 Pearl Street, New York,
New York 10007.   Any objection must include: (a) the full name, address, and phone

---

[1] Settling Defendants' Counsel are: Robert J. Kopecky and Michael Keats; Kirkland & Ellis LLP, 300 North
LaSalle, Chicago, Illinois 60654 and 601 Lexington Avenue, New York, New York 10022; Jeffrey A. Lipps,
Carpenter Lipps & Leland LLP, 280 North High Street, Columbus, Ohio 43215.

Case 2:08-cv-08781-LB-RLE    Document 220    Filed 06/14/13    Page 9 of 11

number of the objecting Class Member; (b) a list and documentation of all of the Class Member's transactions RALI mortgage pass-through certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Settlement, and/or to Lead Counsel's application for reimbursement of litigation expenses, and who desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they intend to call to testify, and exhibits they intend to introduce into evidence at the Settlement Hearing. Should any objections be received, reply papers must be filed no later than seven (7) calendar days before the Settlement Hearing.

19.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, or the attorneys' request for reimbursement of litigation expenses.

20.    The Court expressly reserves the right to adjourn the Settlement Hearing without any further notice to Settlement Class Members other than an announcement at the Settlement Hearing, and to approve the Stipulation with modification approved by the parties to the Stipulation without further notice to Settlement Class Members. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and

dismissing the Action on the merits and with prejudice as to Settling Defendants, regardless of whether it has approved the reimbursement of litigation expenses and Fund for Payment of Expenses.

21.    None of the Settling Defendants, nor any other Released Party, shall have any responsibility whatsoever for any application for reimbursement of litigation expenses submitted by Lead Counsel in connection with final approval of this Proposed Settlement, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

22.    In the event the Settlement does not become Final for any reason (including any party's exercise of a valid right to terminate under the Stipulation), the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, including but not limited to the certification of the Settlement Class provided in paragraph (2) herein, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceedings by any person or entity.

23.    Pending final determination of whether the Settlement should be approved, Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action that asserts any of the Settlement Class Members' Released Claims against any of the Released Parties.

24.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: New York, New York
_____, 2013

_____

HONORABLE HAROLD BAER
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, ET AL., | |
| Plaintiffs, | Civ. No. 08-8781-HB |
| v. | |
| RESIDENTIAL CAPITAL, LLC, ET AL., | |
| Defendants. | |

## [EXHIBIT A-1 TO STIPULATION]

## NOTICE OF PENDENCY OF CLASS ACTION
## AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS
## HEARING AND MOTION FOR REIMBURSEMENT OF LITIGATION EXPENSES

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Action") if you purchased or otherwise acquired beneficial interests in any of the following Certificates and were allegedly damaged thereby: Residential Accredit Loans, Inc. ("RALI") Series 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4, RALI Series 2006-QO7, RALI Series 2007-QS5, RALI Series 2006-QS7, RALI Series 2007-QO2, RALI Series 2006-QS11, RALI Series 2007-QS4, RALI Series 2006-QA4, RALI Series 2006-QA6, RALI Series 2006-QA7, RALI Series 2006-QA8, RALI Series 2006-QA10, RALI Series 2006-QA11, RALI Series 2007-QA1, RALI Series 2007-QA2, RALI Series 2007-QO3, RALI Series 2007-QA3, RALI Series 2007-QA5, RALI Series 2007-QH8, RALI Series 2007-QH9, RALI Series 2007-QO5, RALI Series 2007-QS11, RALI Series 2007-QS6, RALI Series 2006-QS8, RALI Series 2006-QS9, RALI Series 2007-QS7, RALI Series 2007-QH2, RALI Series 2007-QH5, RALI Series 2007-QH6, RALI Series 2006-QS18, RALI Series 2006-QO10, RALI Series 2006-QO3, RALI Series 2006-QO6, RALI Series 2007-QH3, RALI Series 2007-QS2, RALI Series 2006-QO9, RALI Series 2006-QO8, RALI Series 2006-QO5, RALI Series 2006-QA5, RALI Series 2006-QA9, RALI Series 2006-QH1, RALI Series 2006-QO4, RALI Series 2006-QS5, RALI Series 2006-QS16, RALI Series 2006-QS17, RALI Series 2007-QH1,  RALI Series 2007-QO1, RALI Series 2007-QS3, RALI Series 2007-QA4, RALI Series 2007-QH7, RALI Series 2007-QS8, RALI Series 2007-QS10, RALI Series 2006-QS12, RALI Series 2006-QS13, RALI Series 2006-QS6, RALI Series 2007-QS9 and RALI Series 2006-QS15.[1]

---

[1]    All capitalized terms that are not defined herein shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement with Certain Defendants (the "Stipulation").

**NOTICE OF SETTLEMENT:** Please also be advised that Lead Plaintiff, New Jersey Carpenters Health Fund (the "Lead Plaintiff"), on behalf of the Settlement Class (as defined in ¶ 1 below), have reached a proposed settlement (the "Settlement") of the Action for a total of $100 million in cash that will resolve all claims in the Action against defendants Residential Capital, LLC, Residential Funding Company, LLC, Residential Accredit Loans, Inc., Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young and Residential Funding Securities Corporation n/k/a Ally Securities, LLC (collectively, the "Settling Defendants") on the terms set forth below.

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. Your legal rights will be affected whether or not you act. PLEASE READ THIS NOTICE CAREFULLY!

       1.      **Description of the Action and the Settlement Class**: This Notice relates to a proposed Settlement of a class action lawsuit with only the Settling Defendants.  The Settlement does not affect or compromise any claims asserted and ongoing against Non-Settling Defendants.[2]  The proposed Settlement, if approved by the Court, will apply to the following Class (the "Settlement Class"): all persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and were allegedly damaged thereby: RALI 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4, RALI Series 2006-QO7, RALI Series 2007-QS5, RALI Series 2006-QS7, RALI Series 2007-QO2, RALI Series 2006-QS11, RALI Series 2007-QS4, RALI Series 2006-QA4, RALI Series 2006-QA6, RALI Series 2006-QA7, RALI Series 2006-QA8, RALI Series 2006-QA10, RALI Series 2006-QA11, RALI Series 2007-QA1, RALI Series 2007-QA2, RALI Series 2007-QO3, RALI Series 2007-QA3, RALI Series 2007-QA5, RALI Series 2007-QH8, RALI Series 2007-QH9, RALI Series 2007-QO5, RALI Series 2007-QS11, RALI Series 2007-QS6, RALI Series 2006-QS8, RALI Series 2006-QS9, RALI Series 2007-QS7, RALI Series 2007-QH2, RALI Series 2007-QH5, RALI Series 2007-QH6, RALI Series 2006-QS18, RALI Series 2006-QO10, RALI Series 2006-QO3, RALI Series 2006-QO6, RALI Series 2007-QH3, RALI Series 2007-QS2, RALI Series 2006-QO9, RALI Series 2006-QO8, RALI Series 2006-QO5, RALI Series 2006-QA5, RALI Series 2006-QA9, RALI Series 2006-QH1, RALI Series 2006-QO4, RALI Series 2006-QS5, RALI Series 2006-QS16, RALI Series 2006-QS17, RALI Series 2007-QH1, RALI Series 2007-QO1, RALI Series 2007-QS3, RALI Series 2007-QA4, RALI Series 2007-QH7, RALI Series 2007-QS8, RALI Series 2007-QS10, RALI Series 2006-QS12, RALI Series 2006-QS13, RALI Series 2006-QS6, RALI Series 2007-QS9 and RALI Series 2006-QS15.[3]

       2.      **Statement of Settlement Class's Recovery:** Subject to Court approval, and as described more fully in ¶¶ 62-67 below, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle all Released Claims (as defined in ¶ 63 below) against the Settling Defendants and other Released Parties (as defined in ¶ 64 below) in exchange for a settlement payment of $100 million in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Gross Settlement Fund") and certain other terms. The Settlement Fund less all taxes, Notice and Administration Costs, and attorneys' fees and litigation expenses awarded to Lead Counsel (the "Net Settlement Fund")

---

[2]  The Non-Settling Defendants are: Goldman, Sachs & Co. ("GSC"); Deutsche Bank Securities Inc. ("DBS"); Citigroup Global Markets Inc. ("CIT"); and UBS Securities LLC ("UBS") as well as any other defendant(s) later brought into the case.

[3]  Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, executors, estates, administrators, successors and assigns, insurers, and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice and all persons or entities defined as Private Securities Claimants in the Supplemental Term Sheet attached as Exhibit B to the Plan Support Agreement..

will be distributed to Class Members in accordance with a plan of allocation (the "Plan of Allocation") that will be submitted and approved by the Court at a later time. Specifically, in order to avoid duplicative expenses to the Class, it is the Lead Plaintiff's intention to delay payment of the Net Settlement Fund generated by this Settlement until such time as there are additional funds available for distribution or a determination is made that no further funds will be available for distribution to the Class. Thus, the Net Settlement Fund will not be distributed until after the Settlement becomes final and after the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants. At that time, Lead Plaintiff will seek Court approval of a Plan of Allocation, which will set forth how all settlement funds (including the Net Settlement Fund and any other funds later recovered) are to be allocated among members of the Settlement Class.

3.    **Statement of Average Distribution Per $1,000 in Initial Certificate Value:** The Gross Settlement Fund consists of $100 million plus interest earned. Based on the total initial face dollar value of the Certificates as stated in the prospectus supplements (without subtracting the principal pay downs received on the Certificates), and assuming all purchasers of the initially offered certificates elect to participate, the estimated average distribution before reimbursement of litigation expenses, as discussed below, is $2.76 per $1,000 in initial certificate value of the RALI Certificates. Class Members may recover more or less than this amount depending on, among other factors, when their certificates were purchased or sold, the amount of principal that has been repaid, the value of the certificates on the applicable date of first suit, the number of Class Members who timely file Claims and the Plan of Allocation, as more fully described below in this Notice.

4.    **Statement of the Parties' Position on Damages:** Settling Defendants deny all claims of wrongdoing and deny that they are liable to the Plaintiffs and/or the Settlement Class or that the Plaintiffs or other members of the Settlement Class suffered any injury. Moreover, the parties do not agree on the amount of recoverable damages or on the average amount of damages per certificate that would be recoverable if Lead Plaintiff were to prevail on each of the claims. The issues on which the parties disagree include, but are not limited to: (1) whether the statements made or facts allegedly omitted were material, false or misleading; (2) whether the Settling Defendants are otherwise liable under the securities laws for those statements or omissions; and (3) whether all or part of the damages allegedly suffered by the Plaintiffs or members of the Settlement Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions.

5.    **Statement of Attorneys' Fees and Litigation Expenses Sought:** Prior to final distribution of funds, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred by Plaintiffs' Counsel in connection with the prosecution and resolution of the Action plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Litigation Expenses may include reimbursement of the expenses of the named Plaintiffs in accordance with 15 U.S.C. § 77z-1(a)(4).

As noted above, in order to avoid duplication of expenses to the Class, Plaintiffs intend to delay distribution of the Settlement Fund until not only after the Settlement becomes final but also after the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants. As such, Lead Counsel does not intend to request payment of their fees at this time. Rather, at this time Lead Counsel will request only that the Court allow Lead Counsel to receive reimbursement of prior expenses up to $1 million. Lead Counsel also reserves the right to apply to the Court on a periodic basis for reimbursement of future case related expenses, actually incurred in an amount not to exceed $2 million.

6.    **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are being represented by Cohen Milstein Sellers & Toll PLLC. Any questions regarding the Settlement should be directed to Joel

P. Laitman; Christopher Lometti or Daniel B. Rehns at Cohen Milstein, 88 Pine Street, 14th Floor, New York, New York, 10005 (212) 838-7797; jlaitman@cohenmilstein.com; clometti@cohenmilstein.com; or drehns@cohenmilstein.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS.** | This is the only way to get a payment. If you wish to obtain a payment as a member of the Settlement Class, you do not need to take any steps now, but upon further notice, will need to file a claim form (the "Claim Form"). If you fail to complete the Claim Form at that time, you will get no payment, but remain a class member and give up your rights.<br><br>In the interim, we advise that you provide updated contact information to the Claims Administrator at the email or address below. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Receive no payment pursuant to this Settlement. This is the only option that allows you to ever be part of any other lawsuit against any of the Settling Defendants or the other Released Parties concerning the claims that were, or could have been, asserted in this case.<br><br>**If you choose to opt out and have not filed a proof of claim in the ResCap Chapter 11 Case before the bar date, upon the confirmation and effectiveness of the ResCap Chapter 11 Plan, your claims may be released. See ¶ 75 below.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING WRITTEN OBJECTIONS SO THAT THEY ARE *RECEIVED* NO LATER THAN _____.** | Write to the Court and explain why you do not like the proposed Settlement or any request for reimbursement of expenses. You cannot object to the Settlement unless you are a Class Member and do not exclude yourself.<br><br>**If you object to or request exclusion from the Settlement without also seeking and obtaining a stay of the effectiveness of the ResCap Chapter 11 Plan, any objection may be rendered moot and no remedy will be available in connection with an appeal of any order and judgment approving the Settlement. See ¶ 76 below.** |
| **GO TO THE HEARING ON _____ AT _:__ _.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____.** | Ask to speak in Court about the fairness of the Settlement or any request for reimbursement of expenses. |

| **WHAT THIS NOTICE CONTAINS** |
|---|

| | |
|---|---|
| Why Did I Get This Notice? | Page |
| What Is This Case About? What Has Happened So Far? | Page |
| How Do I Know If I Am Affected By The Settlement? | Page |
| What Are The Lead Plaintiff's Reasons For The Settlement? | Page |
| What Might Happen If There Were No Settlement? | Page |
| How Much Will My Payment Be? | Page |
| What Rights Am I Giving Up By Agreeing To The Settlement? | Page |
| What Payment Are The Attorneys For The Class Seeking? | |
| How Will The Lawyers Be Paid? | Page |
| How Do I Participate In The Settlement? What Do I Need To Do? | Page |
| What If I Do Not Want To Be Part Of The Settlement? How Do I Exclude Myself? | Page |
| When And Where Will The Court Decide Whether To Approve The Settlement? | |
|   Do I Have To Come To The Hearing? May I Speak At The Hearing If I | |
|   Don't Like The Settlement? | Page |
| What If I Bought Shares On Someone Else's Behalf? | Page |
| Can I See The Court File? Who Should I Contact If I Have Questions? | Page |

| **WHY DID I GET THIS NOTICE?** |
|---|

7.        This Notice is being sent to you pursuant to an Order of the United States District Court for the Southern District of New York (the "Court") because you or someone in your family may have purchased or otherwise acquired the securities described above. The Court has directed us to send you this Notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

8.        A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives or lead plaintiffs, to sue on behalf of all people with similar claims, commonly known as the class or the class members. Once the class is certified, the Court must resolve all issues on behalf of the class members, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" located below.) In the Action, the Court has directed that Lead Plaintiff and Lead Counsel have primary responsibility for prosecuting all claims against Defendants on behalf of investors in the mortgage-backed securities described above.

9.        The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *New Jersey Carpenters Health Fund, et al., v. Residential Capital, LLC, et al.,* Civil Action No. 08 Civ. 08781 (HB) (the "Action"). The Judge presiding over this case is the Honorable Harold Baer, United States District Judge. The people who are suing are called plaintiffs, and those who are being sued are called defendants. In this case, the primary plaintiff is referred to as the Lead Plaintiff, on behalf of itself and the Class, and the defendants are certain investment banks that underwrote the Offerings (the "Underwriter Defendants"),  and the Settling Defendants. This Settlement is with the RALI Defendants only which includes Residential Capital, LLC, Residential Funding

Company, LLC, Residential Accredit Loans, Inc., Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young and Residential Funding Securities Corporation n/k/a Ally Securities, LLC. The action against the Underwriter Defendants continues. The Underwriter Defendants include Goldman Sachs & Co., Deutsche Bank Securities, Inc., Citigroup Global Markets Inc. and UBS Securities LLC.

10.    This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and the application by Lead Counsel for reimbursement of expenses incurred to date (the "Settlement Hearing").

11.    The Settlement Hearing will be held on _____, at _____ _.m., before the Honorable Harold Baer, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 23B, New York, New York 10007, to determine:

(i)    whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement (the "Stipulation") is fair, reasonable and adequate, and should be approved by the Court;

(ii)   whether a judgment should be entered dismissing the Action as to the Settling Defendants, on the merits and with prejudice, and whether the release by the Settlement Class of the Released Claims against the Released Parties (as defined in ¶¶ 63-65 below) should be ordered; and

(iii)  whether Lead Counsel's application for reimbursement of litigation expenses incurred approved by the Court.

12.    This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. Any distribution will not be paid until after the completion of all claims processing. Please be patient.

---

## WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?

13.    This action arises from the sale of 59 mortgage-backed certificates that were issued by Residential Accredit Loans, Inc. ("RALI") and sold by Residential Funding Securities Corporation and the Underwriter Defendants.

14.    On September 22, 2008, the Carpenters Health Fund filed a complaint against the Settling Defendants, and certain other defendants, in the New York State Supreme Court, New York County, Index No. 2008/602727, asserting claims under Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act"). The Action was removed to the Southern District of New York on October 14, 2008, Case No. 08-8781 (HB) and the Carpenters Health Fund was appointed Lead Plaintiff and Cohen Milstein was appointed Lead Counsel.

15.    On May 18, 2009, Lead Plaintiff filed the Consolidated First Amended Securities Class Action Complaint (the "First Amended Complaint") which asserted claims on 59 RALI Offerings and named Lead Plaintiff,

Boilermaker-Blacksmith National Pension Trust ("Boilermaker Pension Trust") and New Jersey Carpenters Vacation Fund (the "Carpenters Vacation Fund") (collectively, the "Original Plaintiffs") as plaintiffs. The defendants named in the First Amended Complaint were the Settling Defendants, and underwriters who variously participated in the 59 offerings.

16.     On March 31, 2010, the Court granted in part and denied in part the Defendants' motions to dismiss holding that plaintiffs' had adequately alleged violations of the Securities Act but dismissing claims based on offerings in which no named plaintiff purchased securities and all claims based on allegations that credit rating models were outdated, that credit enhancements were inadequate and that defendants omitted disclosure of material conflicts of interest with the rating agencies.

17.     On May 26, 2010, the Settling Defendants and Remaining Underwriter Defendants filed their answers to the First Amended Complaint.

18.     Between July 13, 2010 and July 30, 2010, in light of the Court's first motion to dismiss decision Midwest Operating Engineers Pension Trust Fund ("Midwest OE"), Police and Fire Retirement System of the City of Detroit ("Detroit PFRS"), Iowa Public Employees' Retirement System ("IPERS") and Orange County Employees Retirement System ("OCERS") (collectively, the "Intervenor Plaintiffs" and together with the Original Plaintiffs, the "Plaintiffs") moved to intervene in this Action on behalf of certain offerings (the "Intervenor Offerings"). Their motions were granted on December 22, 2010.

19.     On January 3, 2011, Plaintiffs filed the Consolidated Second Amended Securities Class Action Complaint ("Second Amended Complaint"). The Second Amended Complaint named as defendants the Settling Defendants, Goldman Sachs & Co., Citigroup Global Markets Inc. and UBS Securities LLC and asserted claims as to the four Original Offerings, RALI Series 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4 and RALI Series 2006-QO7 and the five Intervenor Offerings.

20.     On August 16, 2010, after conducting substantial discovery, subpoenaing numerous entities for trading records, and reviewing thousands of pages of documents produced by the Remaining Defendants Plaintiffs moved to certify a class of purchasers in the four Original Offerings.

21.     On January 18, 2011, the Court issued an Opinion and Order denying the first Class Certification motion. While the Court found that the Original Plaintiffs had satisfied all of the Rule 23(a) factors, including numerosity, commonality, adequacy and typicality, the Court also found that individual issues of knowledge predominated, thereby defeating class certification. On February 29, 2011, Plaintiffs were granted permission to appeal the District Court's denial of class certification to the Second Circuit Court of Appeals.

22.     At the same time, on January 25, 2011, the Defendants moved to dismiss the Intervenor Plaintiffs' claims asserted in the Second Amended Complaint.

23.     On April 28, 2011, the Court issued an Opinion and Order granting in part and denying in part Defendants' motions to dismiss the Intervenor Plaintiffs' claims. The Court dismissed the Intervenor Plaintiffs' Section 12 claims were dismissed because the Intervenor Plaintiffs did not allege that they purchased their Certificates from one of the Remaining Defendants. The Court also dismissed the Intervenor Plaintiffs' Section 15 claims and OCERS' claims relating to RALI Series 2006-QO6. The Court denied the motions to dismiss in all other respects and sustained the Intervenor Plaintiffs' Section 11 claims on five of the Intervenor Offerings.

24.     On April 30, 2012, the Second Circuit affirmed the District Court's denial of Class Certification "without prejudice to further motion practice in the District Court." The Second Circuit held that the District Court did not

abuse its discretion by denying class certification but limited its review only to the class definition that the District Court rejected, and to the record as it stood at the time of the First Class Certification.

25.     On May 7, 2012, the District Court granted Lead Counsel's request for additional discovery and set an August 6, 2012 deadline for the submission of any additional class certification motions.  As a result, Lead Counsel took the depositions of each of the Remaining Underwriters for the Original Offerings.

26.     On May 14, 2012, the Debtors (defined below) filed voluntary petitions under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court.  The Debtors Chapter 11 cases are being jointly administered as *In Re Residential Capital, LLC, et al.*, Case No. 12-12020-mg (Bankr. Ct. S.D.N.Y. 2012) (the "ResCap Chapter 11 Case").

27.     On August 6, 2012, the Original Plaintiffs filed their renewed motion for Class Certification.

28.     On October 15, 2012, in light of the expanded record created by the additional discovery, the Court granted in part the Second Class Certification Motion and appointed Carpenters Health Fund as the class representative ("Class Representatives") for the four Original Offerings (the "Second Class Certification Order").  The Court limited the Class definition to those purchasers who bought the securities on the date of offering directly from the issuers.

29.     On November 5, 2012, the Original Plaintiffs' sought reconsideration of the Second Class Certification Order seeking to expand the Class to include those who purchased Certificates on the offering date or up to ten trading days after.

30.     On November 16, 2012, Plaintiffs sought reconsideration of the Court's decision on Defendants' first motion to dismiss in light of the recent Second Circuit authority in *NECA-IBEW Health & Welfare Fund v. Goldman, Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012) ("NECA-IBEW"), which held, in part, that a plaintiff had class standing to assert claims on behalf of offerings in which the named plaintiff did not participate under certain circumstances.  As a result, Plaintiffs' reconsideration motion sought to reinstate claims with respect to all 59 Offerings originally at issue in the First Amended Complaint that shared a common originator in Homecomings Financial, LLC.  Also on November 16, 2012, Ally Securities and the Remaining Underwriter Defendants sought to dismiss the Intervenor Offerings as barred by the statute of repose, and sought to stay the proceedings in light of the ResCap Chapter 11 Case.

31.     On November 16, 2012, the Carpenters Health Fund and the Carpenters Vacation Fund filed class proofs of claim numbers 4805, 4806 and 4807 against the Debtor Defendants in the ResCap Chapter 11 Case (the "Bankruptcy Proofs of Claim").

32.     On January 3, 2013, the Court denied Ally Securities' and the Remaining Underwriter Defendants' motion to dismiss and motion for a stay, and denied Plaintiff's motion for reconsideration under *NECA-IBEW* without prejudice for renewal following resolution of the proceedings before the U.S. Supreme Court.  The Court, however, granted Plaintiff's application for modification of the class definition (the "Amended Second Class Certification Order").  The Court expressly modified the class definition to include initial purchasers that bought the securities directly from the underwriters or their agents no later than ten trading days after the applicable offering date and appointed New Jersey Carpenters Health Fund and New Jersey Carpenters Vacation Fund as class representatives.

33.     On October 31, 2012 and January 18, 2013, Ally Securities and the Remaining Underwriter Defendants petitioned the Second Circuit for permission to appeal the District Court's Second Class Certification Order and Amended Second Class Certification pursuant to Fed. R. Civ. P. 23(f).  The Second Circuit denied the petition on March 26, 2013.

34.     On April 30, 2013, following the U.S. Supreme Court's denial of the petition for Certiorari in *NECA-IBEW*, the Court granted in part and denied in part Plaintiffs' motion for reconsideration of the Court's decision on the First Motion to Dismiss.  As a result, the Court reinstated 37 of the original 59 offerings.  The five Intervenor Offerings that were previously reinstated pursuant to the Court's December 22, 2010 order on intervention were included in the 37 of the 59 offerings (the "Reinstated Offerings").

35.     On May 10, 2013, Plaintiffs filed the Third Amended Complaint asserting claims against the Settling Defendants, the Remaining Underwriter Defendants and DBS.

36.     In or around April 2013, Lead Counsel began participating in mediations in the ResCap Chapter 11 Case that had commenced in January, 2013 by order of the Bankruptcy Court and which were supervised by court-appointed mediator, the Honorable James M. Peck.  Lead Counsel participated in several in-person mediation sessions, including a full day session on May 20, 2013, and numerous follow-up conference calls.

37.     Throughout the mediation, there were ongoing negotiations between, among other parties, Lead Counsel, the Settling Defendants, the Debtors and the Official Committee of Unsecured Creditors appointed in the ResCap Chapter 11 Case (the "Creditors' Committee"), in the context of achieving a global resolution in the ResCap Chapter 11 Case.  Because of the pending ResCap Chapter 11 Case, and its interrelationship with the claims asserted in this Action against the Settling Defendants, the Lead Plaintiffs conducted parallel settlement negotiations with both counsel for the Settling Defendants and counsel for various participants in the ResCap Chapter 11 Case.

38.     As a result of the mediation sessions, on May 14, 2013, the Debtors, Creditors' Committee, certain creditors in the ResCap Chapter 11 Case (the "Consenting Creditors") and Ally Financial Inc. ("AFI") and its non-debtor subsidiaries and affiliates, including Ally Securities (collectively, "Ally"), executed a chapter 11 plan support agreement (the "Plan Support Agreement"), which outlined the terms of the ResCap Chapter 11 Plan agreed upon by the parties to the Plan Support Agreement.

39.     On May 23, 2013, the Debtors filed a motion in the Bankruptcy Court to approve the Plan Support Agreement.

40.     Also on May 23, 2013, the Settling Parties executed a letter agreement setting forth certain terms of the Settlement subject to the completion of definitive documentation.

41.     Lead Counsel has conducted discovery relating to the claims and the underlying events and transactions alleged in the Third Amended Complaint.  Lead Counsel has analyzed evidence adduced in discovery, including analyzing nearly one million pages of documents produced by Defendants and third parties and examining witnesses, and has researched the applicable law with respect to the claims of Plaintiffs and the Settlement Class against Defendants, as well as the potential defenses thereto.

42.     Based upon its investigation, Lead Counsel has concluded that the terms and conditions of the Settlement are fair, reasonable and adequate to Lead Plaintiff and the Settlement Class.

43.     On ___, the Court authorized this Notice to be sent to potential Class Members, certified the class for purposes of settlement and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

44.    If you are a member of the Class, you are subject to the Settlement unless you timely request to be excluded. The Class consists of all persons or entities who purchased or otherwise acquired beneficial interests in any of the following Certificates and were allegedly damaged thereby: RALI Series 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4, RALI Series 2006-QO7, RALI Series 2007-QS5, RALI Series 2006-QS7, RALI Series 2007-QO2, RALI Series 2006-QS11, RALI Series 2007-QS4, RALI Series 2006-QA4, RALI Series 2006-QA6, RALI Series 2006-QA7, RALI Series 2006-QA8, RALI Series 2006-QA10, RALI Series 2006-QA11, RALI Series 2007-QA1, RALI Series 2007-QA2, RALI Series 2007-QO3, RALI Series 2007-QA3, RALI Series 2007-QA5, RALI Series 2007-QH8, RALI Series 2007-QH9, RALI Series 2007-QO5, RALI Series 2007-QS11, RALI Series 2007-QS6, RALI Series 2006-QS8, RALI Series 2006-QS9, RALI Series 2007-QS7, RALI Series 2007-QH2, RALI Series 2007-QH5, RALI Series 2007-QH6, RALI Series 2006-QS18, RALI Series 2006-QO10, RALI Series 2006-QO3, RALI Series 2006-QO6, RALI Series 2007-QH3, RALI Series 2007-QS2, RALI Series 2006-QO9, RALI Series 2006-QO8, RALI Series 2006-QO5, RALI Series 2006-QA5, RALI Series 2006-QA9, RALI Series 2006-QH1, RALI Series 2006-QO4, RALI Series 2006-QS5, RALI Series 2006-QS16, RALI Series 2006-QS17, RALI Series 2007-QH1,  RALI Series 2007-QO1, RALI Series 2007-QS3, RALI Series 2007-QA4, RALI Series 2007-QH7, RALI Series 2007-QS8, RALI Series 2007-QS10, RALI Series 2006-QS12, RALI Series 2006-QS13, RALI Series 2006-QS6, RALI Series 2007-QS9 and RALI Series 2006-QS15.  Excluded from the Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, executors, estates, administrators, successors and assigns, insurers, and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition.  Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice and all persons or entities defined as Private Securities Claimants in the Supplemental Term Sheet attached as Exhibit B to the Plan Support Agreement..  (see section below entitled "What If I Do Not Want To Participate In The Class And The Settlement? How Do I Exclude Myself?").

**RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU ARE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT.**

## WHAT ARE THE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

45.    Lead Plaintiff and Lead Counsel believe that the claims asserted against the Settling Defendants have merit.  Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Settling Defendants through trial and appeals, as well as the difficulties in establishing liability. Lead Plaintiff and Lead Counsel have considered the uncertain outcome of trial and appellate risk in complex lawsuits like this one.  Lead Plaintiff and Lead Counsel have also considered the benefit of a partial settlement now, in light of the risks that the Settling Defendants, especially the Debtors, or their insurers could not satisfy a judgment materially larger than the Settlement Amount, and of their evaluation of the reduced amount of assets that may be available to the Settling Defendants after trial.

46.    The Settlement is subject to the confirmation of the ResCap Chapter 11 Plan and the occurrence of the Plan Effective Date.  Lead Plaintiff and Lead Counsel have considered the attendant risks associated with the Debtors' bankruptcy proceedings and the possibility that Plaintiffs and the class could have been precluded from any recovery from these defendants by virtue of those proceedings.

47.     In light of the risks of collecting any sums after trial, after confirmation of the ResCap Chapter 11 Plan, or the occurrence of the Plan Effective Date, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel also believe that the Settlement provides a substantial benefit now, namely the agreement of the Settling Debtors to provide discovery as well as the Settling Debtors' payment of $100 million (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

48.     In light of the risks of collecting any sums after trial, or by virtue of the related ResCap Chapter 11 Case and the amount of the Settlement to the Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Class.  Lead Plaintiff and Lead Counsel also believe that the Settlement provides a substantial benefit now, namely the payment of $100 million (less the various deductions described in this Notice), as compared to the risk that the claims against the Settling Defendants would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

49.     The Settling Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Action. The Settling Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any and all of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  The Settling Defendants have also contended by way of defense that all or a portion of the alleged damages to the Class were caused by economic conditions or factors other than the allegedly false or misleading statements or omissions asserted in the Action and that such damages are not recoverable. The Settling Defendants have further contended, among other things, that the claims are barred by the statute of limitations as to all or some of the members of the Class.  The Settling Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class have suffered any damage, or that Lead Plaintiff or the Class were harmed by the conduct alleged in the Action.  The Settling Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in a complex case such as this.  Nonetheless, the Settling Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

---

### WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

---

50.     If there were no Settlement and Lead Plaintiff continued to litigate against the Settling Defendants, they could miss any opportunity to benefit from the global settlement reached in connection with the ResCap Chapter 11 Plan, which is subject to approval in the Bankruptcy Court.  As a result, there would be a substantial possibility that if Lead Plaintiff was able to establish liability and obtain a judgment against the Settling Defendants, the applicable insurance policies and the Settling Defendants' assets would be exhausted, leaving Lead Plaintiff and the Class without any possibility of recovery.

51.     Further, if there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against the Settling Defendants, neither Lead Plaintiff nor the Class would recover anything from the Settling Defendants. Also, if the Settling Defendants were successful in proving any of their defenses, the Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.  Moreover, there is also a risk that there would be no funds available to satisfy any judgment obtained in this case after trial and appeal.

---

## HOW MUCH WILL MY PAYMENT BE?  WHEN WILL I RECEIVE IT?

---

52.      The Settling Debtors have agreed to pay the Settlement Amount (net of the Notice Amount) in cash within ten (10) business days of the Plan Effective Date.  At this time, it is not possible to make any determination as to how much individual Class Members may receive from the Settlement.

53.      As noted earlier, in order to avoid duplication of expenses to the Class, Plaintiffs intend to delay distribution of the Settlement Funds until after the Settlement becomes final and the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants. At that time, the Court will authorize additional Notice to the Class, including sending Claim Forms that must be completed by eligible Class Members in order to receive recovery under the Settlement.

54.      The Settlement Amount, and the interest earned thereon, will constitute the Gross Settlement Fund. The Net Settlement Fund will be distributed based on the acceptable Claim Forms submitted by members of the Settlement Class ("Authorized Claimants") after the final settlement or other disposition of claims against the Non-Settling Defendants. The Net Settlement Fund will be distributed to Authorized Claimants who timely submit acceptable Claim Forms under the Plan of Allocation later approved by the Court.

55.      Your share of the Net Settlement Fund will depend on the aggregate number of RALI mortgage pass-through certificates (represented by valid and acceptable Claim Forms) that members of the Settlement Class submit to the Claims Administrator, relative to the Net Settlement Fund; how many mortgage pass-through certificates you purchased; whether you held or sold those certificates; the date on which you purchased and/or sold those certificates; and the price at which you sold them.

56.      The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

57.      The Plan of Allocation will be submitted by Lead Plaintiff and Lead Counsel for the Court's approval after the Settlement becomes final and the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants.

58.      The objective of the Plan of Allocation will be to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a result of the alleged wrongdoing.

59.      Payment pursuant to the later-approved plan of allocation will be conclusive against Authorized Claimants. No person will have any claim against Lead Plaintiff, Lead Counsel, any other Plaintiffs and Plaintiffs' Counsel in the Action, the Settling Defendants, Defendants' Counsel, the other Released Parties or their counsel, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court. Lead Plaintiff, Lead Counsel, Settling Defendants, Defendants' Counsel, the other Released Parties and their counsel will have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator, the payment or withholding of taxes owed by the Gross Settlement Fund, or any losses incurred in connection therewith.

60.     Each Class Member will be deemed to have submitted to the jurisdiction of the United States District Court for the Southern District of New York with respect to his, her or its Proof of Claim.

61.     Persons and entities that exclude themselves from the Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim forms.

---

### WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT?

---

62.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against the Settling Defendants and will provide that Lead Plaintiff and all other Class Members will be deemed to have - and by operation of the Judgment will have - released, dismissed and forever discharged the Released Claims (as defined in paragraph 63 below), including Unknown Claims (as defined in paragraph 65 below) against each and all of the Released Parties (as defined in paragraph 64 below). For the avoidance of doubt, the releases provided in the Settlement to the Settling Defendants shall in no way limit the scope of the injunction and releases included in the ResCap Chapter 11 Plan protecting the Settling Defendants from any third-party claims, contribution claims, or indemnification claims related to this Action.

63.     "Released Claims" means any and all claims (including Unknown Claims as defined below), demands, rights, liabilities, and causes of action of every nature and description, known or unknown, suspected or unsuspected, contingent or non-contingent, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, whether arising under federal, state, common or foreign law, that Plaintiffs or any other member of the Settlement Class (a) asserted in this Action, or (b) could have asserted in any forum arising from or related in any way to the acts, failures to act, transactions, facts, events, matters, disclosures, statements, occurrences, representations, or omissions asserted or that could have been asserted in the Action against the Released Parties (defined below). "Released Claims" shall not include (a) any rights or claims against the Debtors that any Plaintiff or member of the Settling Class may possess or be entitled to as a holder of RALI RMBS pursuant to the RMBS Trust Settlement or any other distribution in the ResCap Chapter 11 Case in connection with the claims asserted in connection with the RMBS Trust Settlement or (b) any claims against any Non-Settling Defendants.

64.     "Released Parties" means the Settling Defendants and their parents, subsidiaries, and affiliates and all of their respective past, current, and future respective directors, officers, employees, partners, insurers, co-insurers, reinsurers, agents, controlling shareholders, shareholders, attorneys, accountants, auditors, advisors, investment advisors, personal or legal representatives, predecessors, successors, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, and any entity in which any Settling Defendants has a controlling interest, and all of their respective property.

65.     "Unknown Claims" means any and all Released Claims that Lead Plaintiff, Original Plaintiffs, Intervenor Plaintiffs and/or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Settlement Class. With respect to any and all Released Claims, the parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each Class Member shall be deemed to have waived, and by operation of the Order and Final Judgment shall have expressly waived, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by Cal. Civ. Code § 1542 (to the extent it applies to the Action), and any law of any state or territory of the United States, or principle of common law, or the law of any foreign jurisdiction, that is similar, comparable or equivalent to Cal. Civ. Code § 1542, which provides:

13

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

66.    There is a risk that Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally and forever settle and release – and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Order and Final Judgment shall have fully, finally and forever settled and released – any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and Class Members by law and operation of the Order and Final Judgment shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

67.    The Judgment also will provide that the Settling Defendants and each of the other Released Parties will be deemed to have released, dismissed and forever discharged the Lead Plaintiff, each and all of the Class Members, and Lead Counsel (and other Plaintiffs' counsel) from all claims (including, without limitation, unknown claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, Settlement or resolution of the Action or the Released Claims.

---

### WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

---

68.    Lead Counsel has not received any payment for its services in pursuing claims against defendants on behalf of the Class; nor has Lead Counsel been reimbursed for its out-of-pocket expenses. At a later time, Lead Counsel intends to apply to the Court for an award of attorneys' fees to Lead Counsel from the Settlement Fund.

In order to avoid duplication of expenses to the Class, Plaintiffs intend to delay distribution of the Settlement Amount until after both the Settlement becomes final and the Court approves final settlements or other dispositions against or in favor of the Non-Settling Defendants. As such, Lead Counsel does not intend to request payment of their fees at this time.  Lead Counsel will request only that the Court allow Lead Counsel to receive reimbursement of expenses already incurred up to $1 million.  Lead Counsel also reserves the right to apply to the Court on a periodic basis for reimbursement of case related expenses in an amount not to exceed $2 million.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

---

69.    If you purchased or otherwise acquired the certificates described above, and you are not excluded by the definition of the Class and you do not elect to exclude yourself from the Class, then you are a Class Member, and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Class. At this time, you do not need to take any additional steps to remain in the class.  After resolution of claims against the Non-Settling Defendants, however, you will receive a new Notice and a Claim Form, at which time you will need to submit a Claim Form and supporting documentation to establish your entitlement to share in the Settlement.  Claim Forms will be mailed to your attention, and also be made available on the website of the Claims

14

Administrator, www.RALIMBSSETTLEMENT.com as well as Lead Counsel's website at www.cohenmilstein.com.
Those who exclude themselves from the Class, and those who do not submit timely and valid Claim Forms with
adequate supporting documentation, will not be entitled to share in the Settlement.  Please retain all records of your
ownership of, or transactions in, the certificates, as they may be needed to document your Claim.

70.    As a Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an
appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel,
but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her
notice of appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide
Whether to Approve the Settlement?"

71.    If you do not wish to remain a Class Member, you may exclude yourself from the Class by following
the instructions in the section below entitled, "What If I Do Not Want To Be A Part Of The Class And The Settlement?
How Do I Exclude Myself?" If you exclude yourself from the Class, you will not be eligible to receive any benefit from
the Settlement and you should not submit a Claim Form, but you will retain the right to be a part of any other lawsuit
against any of the Released Parties (as defined in paragraph 64 above) with respect to any of the Released Claims (as
defined in paragraph 63 above) subject to the bankruptcy proceedings as described in paragraphs 75-76 below.

72.    If you wish to object to the Settlement or any of its terms, or to Lead Counsel's application for
reimbursement of litigation expenses, and if you do not exclude yourself from the Class, you may present your objections
by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve
the Settlement?" If you exclude yourself from the Class, you are not entitled to submit an objection.

---

### WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

73.    Each Class Member will be bound by all determinations and judgments in this lawsuit, including those
concerning the Settlement, whether favorable or unfavorable, unless such person or entity mails, by first class mail (or its
equivalent outside the U.S.), or otherwise delivers a written Request for Exclusion from the Class, addressed to RALI
MBS LITIGATION c/o Garden City Group, P.O. Box 9991, Dublin OH 43017-5991. The exclusion request must be
*received* no later than _____. Each Request for Exclusion must clearly indicate the name, address and telephone
number of the person seeking exclusion, that the sender requests to be excluded from the Settlement Class in the *New
Jersey Carpenters Health Fund v. Residential Capital., LLC, et al.,* Civil Action No. 08 Civ. 8781 (HB), and must be
signed by such person. Such persons requesting exclusion are also directed to provide the following information: (i) the
identity and original face value of mortgage pass-through certificates traceable to the Offerings purchased (or otherwise
acquired) or sold; (ii) the prices or other consideration paid or received for such mortgage pass-through certificates; (iii) the
date of each purchase or sale transaction; and (iv) proper evidence of the transactions. Requests for exclusion will not be
valid if they do not include the information set forth above and are not received within the time stated above, unless the
Court otherwise determines.

74.    If a person or entity requests to be excluded from the Class, that person or entity will not receive any
benefit provided for in the Stipulation.

75.    In the event you choose to opt out of the Settlement and you have not filed a proof of claim on or before
the bar date (November 16, 2012) for the filing of proofs of claim in the ResCap Chapter 11 Case, you will be precluded
from obtaining any recovery against the Debtors in the ResCap Chapter 11 Case.  In addition, the ResCap Chapter 11

15

Plan will, among other things, provide the Individual Defendants and Ally global releases of claims by third parties, including full releases for all pending and potential claims held by third parties related to the Debtors that could be brought against Ally, except for securities claims held by the Federal Housing Finance Agency and Federal Deposit Insurance Corporation, as receiver for certain failed banks. Upon the confirmation, and the effectiveness of, the ResCap Chapter 11 Plan, the prosecution of the Released Claims, including those from opt outs, will be enjoined. The Settling Defendants maintain that whether or not you opt out of the Settlement, any payment, if any, on account of your claims against the Settling Defendants, if the ResCap Chapter 11 Plan is confirmed and goes effective, will be paid under the Rescap Chapter 11 Plan confirmed in the ResCap Chapter 11 Case. You are therefore urged to consult your own counsel as well as all relevant documents filed in the ResCap Chapter 11 Case to review and assess the consequences of opting out of the Settlement.

76.    Moreover, in the event the releases and injunctions in favor of the Individual Defendants and Ally are approved by the Bankruptcy Court in the ResCap Chapter 11 Case, you will have no remedy against the Individual Defendants and Ally if you object to, or request exclusion from, the Settlement unless the confirmation order from the Bankruptcy Court is stayed pending any appeal. If you object to the Settlement and the ResCap Chapter 11 Plan has been confirmed with no stay issued in connection with that Plan's effectiveness, then any such objection may be rendered moot and no remedy will be available in connection with an appeal of any order and judgment approving the Settlement in the District Court.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**
**DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

77.    **If you do not wish to object in person to the proposed Settlement and/or the application for reimbursement of litigation expenses, you do not need to attend the Settlement Hearing. You can object to or participate in the Settlement without attending the Settlement Hearing.**

78.    The Settlement Hearing will be held on _____, at _:_ .m., before the Honorable Harold Baer, at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 23B, New York, New York 10007. The Court reserves the right to approve the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

79.    Any Class Member who does not request exclusion in accordance with ¶¶ 73-76 above may object to the Settlement or Lead Counsel's request for reimbursement of expenses already incurred. Objections or oppositions must be in writing. You must file any written objection or opposition, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before _____. You must also serve the papers on Lead Counsel for the Class and counsel for the Settling Defendants at the addresses set forth below so that the papers are *received* on or before _____.

| Clerk's Office | Lead Counsel for the Class | Counsel For Settling Defendants |
|---|---|---|
| UNITED STATES DISTRICT COURT FOR THE SOUTHERN | COHEN MILSTEIN SELLERS & TOLL<br>Joel P. Laitman | CARPENTER LIPPS & LELAND LLP<br>Jeffrey A. Lipps |

| | | |
|---|---|---|
| DISTRICT OF NEW YORK | Christopher Lometti | 280 North High Street |
| 500 Pearl Street | Michael Eisenkraft | Columbus, Ohio 43215 |
| New York, New York 10007 | Richard Speirs | |
| | Daniel B. Rehns | KIRKLAND & ELLIS LLP |
| | Kenneth M. Rehns | Michael Keats |
| | 88 Pine Street, 14th Floor | 601 Lexington Avenue |
| | New York, New York 10005 | New York, New York 10022 |

Steven J. Toll
Joshua S. Devore
S. Douglas Bunch
1100 New York Ave, N.W., Ste 500
Washington, D.C. 20005

80.     Any objection must include: (a) the full name, address, and phone number of the objecting Class Member; (b) a list and documentation evidencing all of the Class Member's transactions involving RALI mortgage pass-through certificates included in the Settlement Class definition, including brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the prices paid and/or received; (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Settlement Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. Persons who intend to object to the Settlement and/or to Lead Counsel's application for an award of litigation expenses, and who desire to present evidence at the Settlement Hearing, must include in their written objections the exhibits they intend to introduce into evidence at the Settlement Hearing.

81.     You may not object to the Settlement, or any aspect of it, if you excluded yourself from the Class.

82.     You may file a written objection without having to appear at the Settlement Hearing. You may not appear at the Settlement Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

83.     You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. If you decide to hire an attorney, which will be at your own expense, however, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before _____.

84.     The Settlement Hearing may be adjourned by the Court without further written notice to the Class. If you intend to attend the Settlement Hearing, you should confirm the date and time with Lead Counsel.

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement or Lead Counsel's request for reimbursement of expenses. Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT CERTIFICATES ON SOMEONE ELSE'S BEHALF?

85.    If you purchased or otherwise acquired the mortgage pass-through certificates described above for the beneficial interest of a person or organization other than yourself, you must either (i) send a copy of this Notice to the beneficial owner of such certificates, postmarked no later than seven (7) days after you receive this Notice, or (ii) provide to RALI MBS Litigation, c/o Garden City Group, P.O. Box 9991, Dublin OH 43017-5991, the names and addresses of such persons no later than seven (7) days after you receive this Notice. If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owner. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by calling Lead Counsel at (212) 838-7797 and may be downloaded from the settlement website, www.RALIMBSSETTLEMENT.com or from Lead Counsel's website, www.cohenmilstein.com.

---

### CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

86.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.RALIMBSSETTLEMENT.com, including, among other documents, copies of the Stipulation, Proof of Claim form, and the Third Amended Complaint. All inquiries concerning this Notice or the Claim Form should be directed to:

RALI MBS LITIGATION
c/o GARDEN CITY GROUP
P.O. Box 9991
Dublin, OH 43017-5991

**OR**

**Joel P. Laitman**
Christopher Lometti, Esq.
Daniel B. Rehns, Esq.
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7745
clometti@cohenmilstein.com
drehns@cohenmilstein.com

**Lead Counsel**

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: _____, 2013          By Order of the Clerk of Court
                                           United States District Court
                                           for the Southern District of New York

18

# EXHIBIT A-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, ET AL.,<br><br>Plaintiffs,<br><br>*v.*<br><br>RESIDENTIAL CAPITAL, LLC, ET AL.,<br><br>Defendants. | Civ. No. 08-8781-HB |

[EXHIBIT A-2 TO STIPULATION]

**SUMMARY NOTICE OF PENDENCY OF CLASS ACTION**
**AND PROPOSED SETTLEMENT, SETTLEMENT FAIRNESS**
**HEARING AND MOTION FOR REIMBURSEMENT OF LITIGATION EXPENSES**

TO: ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED BENEFICIAL INTERESTS IN ANY OF THE FOLLOWING OFFERINGS AND WERE ALLEGEDLY DAMAGED THEREBY: RESIDENTIAL ACCREDIT LOANS, INC. ("RALI") SERIES 2007-QS1, RALI SERIES 2007-QO4, RALI SERIES 2007-QH4, RALI SERIES 2006-QO7, RALI SERIES 2007-QS5, RALI SERIES 2006-QS7, RALI SERIES 2007-QO2, RALI SERIES 2006-QS11, RALI SERIES 2007-QS4, RALI SERIES 2006-QA4, RALI SERIES 2006-QA6, RALI SERIES 2006-QA7, RALI SERIES 2006-QA8, RALI SERIES 2006-QA10, RALI SERIES 2006-QA11, RALI SERIES 2007-QA1, RALI SERIES 2007-QA2, RALI SERIES 2007-QO3, RALI SERIES 2007-QA3, RALI SERIES 2007-QA5, RALI SERIES 2007-QH8, RALI SERIES 2007-QH9, RALI SERIES 2007-QO5, RALI SERIES 2007-QS11, RALI SERIES 2007-QS6, RALI SERIES 2006-QS8, RALI SERIES 2006-QS9, RALI SERIES 2007-QS7, RALI SERIES 2007-QH2, RALI SERIES 2007-QH5, RALI SERIES 2007-QH6, RALI SERIES 2006-QS18, RALI SERIES 2006-QO10, RALI SERIES 2006-QO3, RALI SERIES 2006-QO6, RALI SERIES 2007-QH3, RALI SERIES 2007-QS2, RALI SERIES 2006-QO9, RALI SERIES 2006-QO8, RALI SERIES 2006-QO5, RALI SERIES 2006-QA5, RALI SERIES 2006-QA9, RALI SERIES 2006-QH1, RALI SERIES 2006-QO4, RALI SERIES 2006-QS5, RALI SERIES 2006-QS16, RALI SERIES 2006-QS17, RALI SERIES 2007-QH1,  RALI SERIES 2007-QO1, RALI SERIES 2007-QS3, RALI SERIES 2007-QA4, RALI SERIES 2007-QH7, RALI SERIES 2007-QS8, RALI SERIES 2007-QS10, RALI SERIES 2006-QS12, RALI SERIES 2006-QS13, RALI SERIES 2006-QS6, RALI SERIES 2007-QS9 AND RALI SERIES 2006-QS15.

**PLEASE READ THIS NOTICE CAREFULLY.  YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a partial settlement of the Action that will resolve all claims in the Action against

defendants Residential Capital, LLC, Residential Funding Company, LLC, Residential Accredit Loans, Inc., Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young and Residential Funding Securities Corporation n/k/a Ally Securities, LLC (collectively, the "Settling Defendants") for $100 million in cash has been proposed. The Settlement will be funded as part of a global settlement and chapter 11 plan in the Residential Capital, LLC Chapter 11 bankruptcy proceedings, jointly administered as *In re Residential Capital LLC*, Case No. 12-12020-MG (Bankr. S.D.N.Y.) (the "ResCap Chapter 11 Case"), in exchange, in part, for third party releases and injunctions in favor of, *inter alia*, the Settling Defendants, and is thus conditioned upon approval of both the District Court herein as well as the confirmation of the ResCap Chapter 11 Plan in the ResCap Chapter 11 Case.  A hearing will be held on, at_:_ .m., before the Honorable Harold Baer, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York 10007, Courtroom 23B: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court; (b) to determine whether the Order and Final Judgment as provided for under the Stipulation should be entered, dismissing the Action, on the merits and with prejudice, against the Settling Defendants; (c) to determine whether the release by the Settlement Class of the Released Claims against the Released Parties, as set forth in the Stipulation, should be ordered; (d) to determine whether the application by Lead Counsel for reimbursement of litigation expenses should be approved; and (e) to rule upon such other matters as the Court may deem appropriate.  Lead Counsel does not intend to request payment of their fees at this time. Rather, at this time Lead Counsel will request only that the Court allow Lead Counsel to receive reimbursement of prior expenses up to $1,000,000.  Lead Counsel also reserves the right to apply to the Court on a periodic basis for reimbursement of future case related expenses, actually incurred, in an amount not to exceed $2 million.

In the event you choose to opt out of the Settlement and you have not filed a proof of claim on or before the bar date (November 16, 2012) for the filing of proofs of claim in the ResCap Chapter 11 Case, you will likely be precluded from obtaining any recovery against the ResCap Defendants in the ResCap Chapter 11 Case.  In addition, the ResCap Chapter 11 Plan contemplates global releases of claims by third parties in favor of the Individual Defendants and Ally, among other ResCap related parties, in connection with a broad range of claims and potential claims, including claims based upon the purchase of ResCap related MBS.  Upon the approval of such releases by the Bankruptcy Court, claims asserted by opt outs will be released and the prosecution of those claims will be enjoined.  You are therefore urged to consult your own counsel as well as all relevant documents filed in the ResCap Chapter 11 Case to review and assess the consequences of opting out of the Settlement.

In the event the releases and injunctions in favor of the Individual Defendants and Ally are approved by the Bankruptcy Court in the ResCap Chapter 11 Case, you will likely have no remedy against the Individual Defendants and Ally if you object to, or request exclusion from, the Settlement unless the confirmation order from the Bankruptcy Court is stayed pending any appeal.  If you object to the Settlement and the ResCap Chapter 11 Plan has been confirmed with no stay issued in connection with that Plan's effectiveness, then any such objection may be rendered moot and no remedy will be available in connection with an appeal of any order and judgment approving the Settling in the District Court.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED BY THE PENDING ACTION AND THE SETTLEMENT, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND. If you have not yet received the full printed Notice of Pendency of Class Action and Proposed Settlement, Settlement Fairness Hearing and Motion for Reimbursement of Litigation Expenses (the "Notice"), you may obtain a copy of the Notice by contacting the Claims Administrator:

**RALI MBS LITIGATION**

**C/O GARDEN CITY GROUP**

**P.O. BOX 9991**

**DUBLIN, OH 43017-5991**

Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.RALIMBSSETTLEMENT.com, or from Lead Counsel's website, www.cohenmilstein.com.

If you are a member of the Class, in order to be potentially eligible to share in the distribution of the Net Settlement Fund, you need not do anything now, but you will be required to submit a Claim Form at a later date. Subsequent notice will issue with the Claim Form and instructions after resolution of the remaining claims against Non-Settling Defendants.  To ensure you receive future notices, please provide the Claims Administrator with current contact information.

 If you are a member of the Class and do not exclude yourself from the Class, you will be bound by any judgment entered in the Action whether or not you make a Claim. To exclude yourself from the Class, you must submit a request for exclusion such that it is received no later than _____, 2013, in accordance with the instructions set forth in the Notice. Any objections to the proposed Settlement and/or Lead Counsel's application for reimbursement of litigation expenses must be filed with the Court and delivered to Lead Counsel and counsel for Settling Defendants such that they are received no later than, 2013, in accordance with the instructions set forth in the Notice. If you are a member of the Class and do not submit a proper Claim Form, you will not share in the Net Settlement Fund but you will nevertheless be bound by the Judgment of the Court.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the Notice and Claim Form, may be made to Lead Counsel:

Joel P. Laitman

Christopher Lometti

Daniel B. Rehns

COHEN MILSTEIN SELLERS & TOLL

88 Pine Street, 14th Floor

New York, New York 10005

(212) 838-7797

By Order of the Court

# EXHIBIT B

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW JERSEY CARPENTERS HEALTH FUND, ET AL., <br><br> Plaintiffs, <br><br> *v.* <br><br> RESIDENTIAL CAPITAL, LLC, ET AL., <br><br> Defendants. | Civ. No. 08-8781-HB |

## [EXHIBIT B TO STIPULATION]

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on _____ (the "Settlement Hearing"), on the application of Lead Plaintiff and the Settling Defendants (defined below), to determine whether the terms and conditions of the Stipulation and Agreement of Settlement with Certain Defendants (the "Stipulation" or the "Settlement") are fair, reasonable, adequate and in the best interest of the Settlement Class Members for the settlement of all claims asserted by Lead Plaintiff, New Jersey Carpenters Health Fund, on behalf of themselves, Plaintiffs and the Settlement Class, against defendants Residential Capital, LLC, Residential Funding Company, LLC, Residential Accredit Loans, Inc., Bruce J. Paradis, Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David M. Bricker, James N. Young and Residential Funding Securities Corporation n/k/a Ally Securities, LLC (collectively, the "Settling Defendants") in the above-captioned Action, and should be approved; and whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Settling Defendants and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom, and releasing the Class Members'

Released Claims as against all Released Parties.

The Court having considered all matters submitted to it at the Settlement Hearing and

otherwise;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.      This Order and Final Judgment hereby incorporates by reference the definitions

in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same

meanings as set forth in the Stipulation.

2.      This Court has jurisdiction to enter this Order and Final Judgment.  The Court

has jurisdiction over the subject matter of the Action and over all parties to the Action, including

all Settlement Class Members.

3.      The Court hereby certifies, for settlement purposes only, pursuant to Rule 23(a)

and 23(b)(3) of the Federal Rules of Civil Procedure, a Settlement Class defined as:

> All persons or entities who purchased or otherwise acquired beneficial interests
> in any of the following Certificates and who were allegedly damaged thereby:
> RALI Series 2007-QS1, RALI Series 2007-QO4, RALI Series 2007-QH4, RALI
> Series 2006-QO7, RALI Series 2007-QS5, RALI Series 2006-QS7, RALI Series
> 2007-QO2, RALI Series 2006-QS11, RALI Series 2007-QS4, RALI Series
> 2006-QA4, RALI Series 2006-QA6, RALI Series 2006-QA7, RALI Series 2006-
> QA8, RALI Series 2006-QA10, RALI Series 2006-QA11, RALI Series 2007-
> QA1, RALI Series 2007-QA2, RALI Series 2007-QO3, RALI Series 2007-QA3,
> RALI Series 2007-QA5, RALI Series 2007-QH8, RALI Series 2007-QH9, RALI
> Series 2007-QO5, RALI Series 2007-QS11, RALI Series 2007-QS6, RALI
> Series 2006-QS8, RALI Series 2006-QS9, RALI Series 2007-QS7, RALI Series
> 2007-QH2, RALI Series 2007-QH5, RALI Series 2007-QH6, RALI Series 2006-
> QS18, RALI Series 2006-QO10, RALI Series 2006-QO3, RALI Series 2006-
> QO6, RALI Series 2007-QH3, RALI Series 2007-QS2, RALI Series 2006-QO9,
> RALI Series 2006-QO8, RALI Series 2006-QO5, RALI Series 2006-QA5, RALI
> Series 2006-QA9, RALI Series 2006-QH1, RALI Series 2006-QO4, RALI
> Series 2006-QS5, RALI Series 2006-QS16, RALI Series 2006-QS17, RALI
> Series 2007-QH1, RALI Series 2007-QO1, RALI Series 2007-QS3, RALI Series
> 2007-QA4, RALI Series 2007-QH7, RALI Series 2007-QS8, RALI Series 2007-
> QS10, RALI Series 2006-QS12, RALI Series 2006-QS13, RALI Series 2006-
> QS6, RALI Series 2007-QS9 and RALI Series 2006-QS15.  Excluded from the

Class are Defendants, and their respective officers, affiliates and directors at all relevant times, members of their immediate families and their legal representatives, executors, estates, administrators, successors and assigns, insurers, and any entity in which any defendants have or had a controlling interest, provided that any Investment Vehicle shall not be deemed an excluded person or entity by definition. Also excluded from the Class are any persons or entities who exclude themselves by filing a valid request for exclusion in accordance with the requirements set forth in the Notice and all persons or entities defined as Private Securities Claimants in the Supplemental Term Sheet attached as Exhibit B to the Plan Support Agreement.

4.      With respect to the Settlement Class, this Court finds, solely for the purposes of the Settlement (and without an adjudication of the merits), that the prerequisites for a class action under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, in that: (a) the members of the Settlement Class are so numerous that joinder of all Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims by Lead Plaintiff are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Class Members; (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

5.      Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 27 of the Securities

Act of 1933, 15 U.S.C. §77z-l(a)(7), as amended by the Private Securities Litigation Reform Act
of 1995, and constituted the best notice practicable under the circumstances, and constituted due
and sufficient notice to all persons and entities entitled thereto.

6.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil
Procedure, the Court hereby finds that due and adequate notice of these proceedings was
directed to all persons and entities who are Settlement Class Members, advising them of the
Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all
persons and entities who are Settlement Class Members to be heard with respect to the
Settlement. Thus, it is hereby determined that all Settlement Class Members, other than those
persons and entities that are listed on Exhibit 1 hereto, are bound by this Order and Final
Judgment.

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all
respects, fair, reasonable and adequate, and in the best interests of the Settlement Class
Members.  This Court further finds that the Settlement set forth in the Stipulation is the result of
arm's-length negotiations between experienced counsel representing the interests of the Settling
Parties.  Accordingly, the Settlement embodied in the Stipulation is hereby approved in all
respects and shall be consummated in accordance with the terms and provisions of the
Stipulation.

8.      Within ten business (10) days of the Plan Effective Date, the Settling Debtors, on
behalf of the Settling Defendants, shall cause to be transferred into the same Escrow Account
controlled by Lead Counsel as the Notice Fund, the Settlement Amount (net of the Notice
Amount previously deposited).

9.      The Court finds and concludes that the Settling Parties and their respective
counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of
Civil Procedure in connection with the commencement, maintenance, prosecution, defense and

settlement of the Action.

10.    The Third Amended Complaint is hereby dismissed on the merits with prejudice as against the Released Parties only and without costs except for the payments expressly provided for in the Stipulation.

11.    Upon the Effective Date of the Settlement, Lead Plaintiff and all other Settlement Class Members shall be deemed to have released, dismissed and forever discharged the Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

12.    Upon the Effective Date of the Settlement, Lead Plaintiff and all other Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any of the Released Parties, and each of them, any of the Settlement Class Members' Released Claims.

13.    The releases provided in the Settlement to the Settling Defendants shall in no way limit the scope of the injunction and releases included in the ResCap Chapter 11 Plan protecting the Settling Defendants from any third-party claims, contribution claims, or indemnification claims related to this Action.

14.    The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    a.    shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the other members of the Settlement Class with respect to the truth of any fact alleged by Lead Plaintiff or the validity, or lack

thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

b. shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the other members of the Settlement Class;

c. shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

d. shall not be construed against the Released Parties, Lead Counsel or Lead Plaintiff or the other members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

Case 2:08-cv-08781B-RLE Document 2284    Filed 06/14/13    Page 8 of 10

    e.   shall not be construed as or received in evidence as an admission, concession

or presumption against Lead Plaintiff or the other members of the Settlement

Class or any of them that any of their claims are without merit or that damages

recoverable under the Complaint would not have exceeded the Settlement

Fund.

15.    The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Order and Final Judgment, (e) enforcing and administering the Stipulation, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

16.    A separate order shall be entered regarding Lead Counsel's application for reimbursement of litigation expenses as allowed by the Court.  Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

17.    Any order regarding the Plan of Allocation to be submitted in the future by Lead Plaintiff shall not disturb or affect any of the terms of this Order and Final Judgment.

18.    In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Settling Defendants or any of them who paid such Settlement Amount on behalf of the Settling Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and the Plaintiffs reserve their rights to proceed in all respects as if this Settlement had not been

Case 2:08-cv-08781-RLE   Document 229-4   Filed 06/14/13   Page 9 of 11

entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement, provided, that the Parties reserve their rights to revisit the scheduling order for the conduct of discovery in this Action. The Settling Defendants reserve their rights to argue (and Plaintiffs reserve their rights to oppose the argument) that in the event that the ResCap Chapter 11 Plan is approved and the Plan Effective Date occurs, the Plan Releases bar all Released Claims against the Settling Defendants, even if this Settlement is terminated for any reason prior to the Plan Effective Date.

19.    The Court hereby permanently bars, enjoins and restrains:

a.    Any and all persons and entities (including but not limited to Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) from instituting, commencing, prosecuting, asserting or pursuing any claim against any of the Settling Defendants for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related to the claims and allegations asserted in the Action (or any other claims where the alleged injury to the entity/individual is the entity's/individual's actual or threatened liability to the Plaintiffs), whether arising under state, federal or foreign law as claims, cross- claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or Unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued. All such claims are hereby extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary.

     b.  the Settling Defendants from asserting any claim against any person or entity (including the Non-Settling Defendants, their successors or assigns, and any other person or entity later named as a defendant or third-party in the Action) for indemnity or contribution, however denominated, seeking the recovery of all or any part of the settlement amount paid to the Plaintiffs or the cost of defending this Action, provided, however, that nothing herein shall be deemed to bar or enjoin the Settling Defendants from obtaining insurance coverage for the Settlement Amount.

20.    Any person or entity so barred and enjoined under paragraph 19 above, shall be entitled to appropriate judgment reduction in accordance with applicable statutory or common law rule to the extent permitted under the Securities Act for the claims alleged herein.

21.    Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: New York, New York

_____, 2013


_____
HONORABLE HAROLD BAER
UNITED STATES DISTRICT JUDGE