MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Joel C. Haims
Naomi Moss

*Counsel for the Debtors and*
 *Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ADVANCE THE NJ CARPENTERS NOTICE COSTS AND TRANSFER THOSE FUNDS INTO ESCROW**

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] respectfully submit this motion (the "Motion") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9006-1(b) and 9077 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules") to shorten the time for notice of and scheduling a hearing to consider the *Debtors' Motion For an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Advance the NJ Carpenters Notice Costs and Transfer Those Funds Into Escrow* (the

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below).

1

ny-1095440

"NJ Carpenters Motion").[2]  In support of the Motion, the Debtors rely upon and incorporates by reference the Declaration, pursuant to Local Rule 9077, of Joel C. Haims (the "Haims Declaration"), attached hereto as Exhibit 1.  In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1.  This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Bankruptcy Rules 9006-1(b) and 9077.

## BACKGROUND

2.  The Debtors were formerly a leading residential real estate finance company indirectly owned by AFI, which is not a Debtor.  Prior to the closing of the Debtors' Court-approved asset sales, the Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6] (the "Whitlinger Affidavit").

3.  On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Bankruptcy Code.  The Debtors are

---

[2]  Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the NJ Carpenters Motion.

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.  On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

4. On May 16, 2012, the United States Trustee for the Southern District of New York appointed the nine member Creditors' Committee.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order (a) shortening the notice period for the NJ Carpenters Motion such that it may be heard by the Court on June 26, 2013 at 10:00 a.m. (Prevailing Eastern Time) and scheduling the hearing for the NJ Carpenters Motion for such date, and (b) requiring that objections to the NJ Carpenters Motion, if any, be filed and served so that they are received by 5:00 p.m. (Prevailing Eastern Time) on June 21, 2013, with any responses due by 5:00 p.m. on June 24, 2013 and served on the objecting parties.

## BASIS FOR RELIEF

6. Bankruptcy Rule 2002(a)(2) requires 21-days notice of "a proposed use, sale or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time…" Bankruptcy Rule 2002(a)(2).  Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing.

7. The Debtors request that this Court enter an order pursuant to Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) shortening notice and setting the time for the hearing on the NJ Carpenters Motion and a deadline for filing objections thereto.

8. For the reasons set out in the NJ Carpenters Motion, the Kruger Declaration and the Haims Declaration, the shortened time is necessary because the NJ Carpenters Settlement contemplates final approval of the NJ Carpenters Settlement by the District Court prior to confirmation of the Plan. In light of the nature of the litigation underlying the NJ Carpenters Class Action, determining who the potential members of the class are and providing those parties with notice of the NJ Carpenters Settlement is expected to be an extensive process. An important component of the Plan Support Agreement is the NJ Carpenters Settlement. In order to effectuate the NJ Carpenters Settlement, class members must be apprised of the NJ Carpenters Settlement in order to determine whether to participate. Therefore, the Debtors believe it is in the best interests of these estates to advance the Notice Amount to facilitate the approval process immediately following preliminary approval of the NJ Carpenters Settlement by the District Court.

9. Accordingly, the Debtors believe that the NJ Carpenters Motion should be heard at the same time as the PSA Approval Motion. In addition, prompt relief as requested in the NJ Carpenters Motion is necessary to ensure that the Debtors are able to work towards confirmation of the Plan on the schedule agreed upon by the parties to the Plan Support Agreement.

10. For these reasons, it is imperative that the Motion be approved on an expedited basis. To this end, *ex parte* relief is warranted so that the NJ Carpenters Motion may be heard on June 26, 2013 at 10:00 a.m. (Prevailing Eastern Time).

11. No parties in interest would be prejudiced by the shortened notice requested herein or by the approval of this Motion on an *ex parte* basis.

12. The Debtors have consulted with counsel for the Creditors' Committee and have been informed that the Creditors' Committee does not oppose the shortened notice requested herein or by the approval of this Motion on an *ex parte* basis.

## NOTICE

13. Notice of this Motion has been provided in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] (the "Case Management Order").

## NO PRIOR REQUEST

14. No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court (a) enter an order substantially in the form attached as Exhibit 2 hereto shortening the time for notice of the NJ Carpenters Motion and (b) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: June 19, 2013
New York, New York

/s/ Gary S. Lee
Gary S. Lee
Joel C. Haims
Naomi Moss
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

ny-1095440