# **EXHIBIT 1**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Joel C. Haims
Naomi Moss

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF JOEL C. HAIMS IN SUPPORT OF THE MOTION PURSUANT TO FED. R. BANKR. P. 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ADVANCE THE NJ CARPENTERS NOTICE COSTS AND TRANSFER THOSE FUNDS INTO ESCROW**

I, Joel C. Haims, pursuant to 28 U.S.C. § 1746 and Local Bankruptcy Rule 9077, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a partner of the firm of Morrison & Foerster LLP, which maintains offices for the practice of law at, among other locations, 1290 Avenue of the Americas, New York, New York 10104. I am admitted, practicing and a member in good standing of the bars of the State of New York, the United States District Court for the Southern District of New York, the Eastern District of New York, and the Supreme Court of the United States. I submit this declaration and statement in support of the Debtors' motion (the "Motion to Shorten Notice")

ny-1095440

pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure, and Rules 9006-1(b) and 9077 of the Local Bankruptcy Rules for the Southern District of New York to shorten the time for notice of and scheduling a hearing to consider the *Debtors' Motion For an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Advance the NJ Carpenters Notice Costs and Transfer Those Funds Into Escrow* (the "NJ Carpenters Motion"),[1] filed concurrently herewith. I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2. Pursuant to the NJ Carpenters Motion, the Debtors seek the entry of an order under Bankruptcy Code sections 105(a) and 363(b) authorizing the Debtors to advance certain funds into escrow to be used to pay for the costs to notify potential class members of the proposed settlement of the NJ Carpenters Claims.

3. The Debtors request that the NJ Carpenters Motion be heard on June 26, 2013 at 10:00 a.m. (Prevailing Eastern Time).

4. Ample cause exists to expedite approval of the NJ Carpenters Motion and to grant the Motion to Shorten Notice on an *ex parte* basis. The NJ Carpenters Settlement contemplates final approval of the NJ Carpenters Settlement by the District Court prior to confirmation of the Plan. In light of the nature of the litigation underlying the NJ Carpenters Class Action, determining who the potential members of the class are and providing those parties with notice of the NJ Carpenters Settlement is expected to be an extensive process. A fundamental component of the Plan Support Agreement is the NJ Carpenters Settlement. In order to effectuate the NJ Carpenters Settlement, class members must be notified of the NJ Carpenters Settlement. Therefore, the Debtors believe it is in the best interests of these estates to advance the Notice Amount, following preliminary approval of the NJ Carpenters Settlement by

---

[1] Capitalized terms used and not otherwise defined herein have the meaning ascribed to them in the NJ Carpenters Motion.

ny-1095440

2

the District Court, to facilitate the final approval process, which is already on a compressed timeframe. Additionally, because the Notice Amount is to be deducted from the Settlement Amount, the Debtors' estates are not expected to incur any additional costs by advancing the Notice Amount.

5. For these reasons, and pursuant to the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 141], cause also exists because shortening the notice period would permit the NJ Carpenters Motion to be heard at the same time the Court is scheduled to consider approving the relief requested in the PSA Approval Motion. Because the relief requested in the NJ Carpenters Motion is subject to approval of the PSA Approval Motion, considering both matters at the same hearing will help parties in interest understand the scope of the relief being requested in the NJ Carpenters Motion. In addition, prompt relief as requested in the NJ Carpenters Motion is necessary to ensure that the Debtors are able to facilitate the settlements contemplated in the Plan Support Agreement.

6. To this end, *ex parte* relief is warranted so that the NJ Carpenters Motion may be heard at a hearing to be scheduled before this Court on June 26, 2013 at 10:00 a.m. (Prevailing Eastern Time).

7. I declare under penalty of perjury that the preceding statements are true and correct.

Dated:  New York, New York
        June 19, 2013

                    MORRISON & FOERSTER LLP

                    By:  /s/ Joel C. Haims
                        Joel C. Haims