MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jennifer L. Marines
James A. Newton

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF REVISED ORDER GRANTING DEBTORS'**
**MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS**
**105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ENTER INTO**
**A PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE**
**CREDITORS' COMMITTEE, AND CERTAIN CONSENTING CLAIMANTS**

**PLEASE TAKE NOTICE** that on May 23, 2013, the debtors and debtors in possession

in the above-captioned cases (collectively, the "Debtors") filed the *Debtors' Motion For an*

*Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into*

*and Perform Under a Plan Support Agreement With Ally Financial, Inc., the Creditors'*

*Committee, and Certain Consenting Claimants* [Docket No. 3814] (the "Motion").

**PLEASE TAKE NOTICE** that the Debtors hereby submit the revised proposed *Order*

*Granting Debtors' Motion For an Order Under Bankruptcy Code Sections 105(a) and 363(b)*

*Authorizing the Debtors to Enter Into a Plan Support Agreement with Ally Financial, Inc., the*

*Creditors' Committee, and Certain Consenting Claimants* (the "<u>Revised Proposed Order</u>"),

annexed hereto as <u>Exhibit 1</u>.  A comparison of the proposed order attached to the Motion and the

Revised Proposed Order is attached hereto as <u>Exhibit 2</u>.

**PLEASE TAKE FURTHER NOTICE THAT** a copy of the Motion and the Revised

Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the

Debtors' restructuring website at www.kccllc.net/rescap.

Dated: June 19, 2013
       New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Jennifer L. Marines
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

2

# EXHIBIT 1

ny-1096078

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
                                                )
In re:                                          )    Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,               )    Chapter 11
                                                )
                        Debtors.                )    Jointly Administered
                                                )
-------------------------------------------------------------------

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY
CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO
ENTER INTO A PLAN SUPPORT AGREEMENT WITH ALLY
FINANCIAL INC., THE CREDITORS' COMMITTEE, AND
CERTAIN CONSENTING CLAIMANTS**

Upon consideration of the motion (the "**Motion**")[1] of the above-captioned

debtors and debtors in possession (collectively, the "**Debtors**" and each, a "**Debtor**") for entry of

an order authorizing the Debtors to enter into and perform under a Plan Support Agreement by

and among the Debtors, Ally, the Creditors' Committee and certain Consenting Claimants, and

upon the Kruger Declaration and any submission in support of the Motion filed by the RMBS

Trustees; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this

proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient

notice of the Motion having been given; and on the affidavits of mailing to all investors in the

RMBS Trusts of the RMBS Trustees' Notice; and it appearing that no other or further notice

need be provided; and the Court having found that the relief requested in the Motion is in the

best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in

each RMBS Trust, each such RMBS Trust, the RMBS Trustees; and the Court having found that

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

each of the parties to the Agreement, including the RMBS Trustees have acted reasonably, in good faith and in the best interests of their respective constituencies in entering into the Agreement; and after due deliberation and sufficient cause appearing therefor, it is hereby

## ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is **GRANTED** to the extent set forth below.

2.      The Debtors are hereby authorized to enter into and perform under the Plan Support Agreement.

3.      The Agreement, including the transactions contemplated therein, are in the best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in each RMBS Trust and each such RMBS Trust, and the RMBS Trustees, as a compromise of each RMBS Trust's asserted claims against the Debtors.

4.      The RMBS Trustees acted reasonably, in good faith and in the best interests of the Institutional Investors, the investors in each RMBS Trust and each such RMBS Trust in agreeing to the Agreement.

5.      Notwithstanding anything herein to the contrary, including without limitation, ordering paragraph 3 and 4 above, other than with respect to the parties to the Agreement, nothing herein shall (i) prejudice any party in interest's rights to fully prosecute an objection with respect to any proposed disclosure statement or Chapter 11 plan or any other motion, including the motion to approve the FGIC Settlement Agreement, that seeks to effectuate the terms of the Agreement, and (ii) be deemed to constitute any finding of fact or conclusion of law in connection with the approval or confirmation of, as applicable, any disclosure statement, Chapter 11 plan or other motion, including the motion to approve the FGIC Settlement Agreement, that seeks to effectuate the terms of the Agreement.

6.      Notice of the RMBS Settlement, the FGIC Settlement Agreement, and the

Agreement, including the RMBS Trustees' Notice, was sufficient and effective in satisfaction of

federal and state due process requirements and other applicable law to put the parties in interest

in these Chapter 11 cases and others, including the Institutional Investors and the investors in

each RMBS Trust, on notice of the Agreement, the RMBS Settlement, and the FGIC Settlement

Agreement.

7.      Neither the Debtors' entry into nor the Debtors' performance under the

Plan Support Agreement shall constitute solicitations of votes of Ally or the Consenting

Claimants in violation of section 1125(b) of the Bankruptcy Code.

8.      The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

9.      All objections to the Agreement, the Motion or the relief requested therein

that have not been withdrawn, waived, or settled, and all reservations of rights included therein,

are overruled on the merits.

10.      The discretionary rights granted in the Treatment of Securities Claims

Section of the Supplemental Term Sheet are hereby approved.

11.      Notwithstanding anything herein to the contrary, this Order shall not

modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

        12.    This Court shall retain jurisdiction with respect to all matters arising or

related to the implementation of this Order.

Dated: June __, 2013
      New York, New York


                                                  _____
                                                  THE HONORABLE MARTIN GLENN
                                                  UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT 2**

ny-1096078

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

–––––––––––––––––––––––––––––––––––––––––––––––––––– )
In re:                                             )      Case No. 12-12020 (MG)
                                                   )
RESIDENTIAL CAPITAL, LLC, et al.,                  )      Chapter 11
                                                   )
                                    Debtors.       )      Jointly Administered
                                                   )
–––––––––––––––––––––––––––––––––––––––––––––––––––– )

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY
CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO
ENTER INTO A PLAN SUPPORT AGREEMENT WITH ALLY
FINANCIAL INC., THE CREDITORS' COMMITTEE, AND
CERTAIN CONSENTING CLAIMANTS**

Upon consideration of the motion (the "**Motion**")[1] of the above-captioned debtors

and debtors in possession (collectively, the "**Debtors**" and each, a "**Debtor**") for entry of an order

authorizing the Debtors to enter into and perform under a Plan Support Agreement by and among

the Debtors, Ally, the Creditors' Committee and certain Consenting Claimants, and upon the

Kruger Declaration and any submission in support of the Motion filed by the RMBS Trustees; and

it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the

Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion

having been given; and on the affidavits of mailing to all investors in the RMBS Trusts of the

RMBS Trustees' Notice; and it appearing that no other or further notice need be provided; and the

Court having found that the relief requested in the Motion is in the best interests of the Debtors'

estates, their creditors, the Institutional Investors, the investors in each RMBS Trust, each such

RMBS Trust, the RMBS Trustees; and the Court having found that each of the parties to the

––––––––––––––––––––––––

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Agreement, including the RMBS Trustees have acted reasonably, in good faith and in the best

interests of their respective constituencies in entering into the Agreement; and after due

deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is **GRANTED** to the extent set forth below.

2.      The Debtors are hereby authorized to enter into and perform under the Plan

Support Agreement.

3.      The Agreement, including the transactions contemplated therein, are in the

best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in

each RMBS Trust and each such RMBS Trust, and the RMBS Trustees, as a compromise of each

RMBS Trust's asserted claims against the Debtors.

4.      The RMBS Trustees acted reasonably, in good faith and in the best interests

of the Institutional Investors, the investors in each RMBS Trust and each such RMBS Trust in

agreeing to the Agreement.

5.      Notwithstanding anything herein to the contrary, including without

limitation, ordering paragraph 3 and 4 above, other than with respect to the parties to the

Agreement, nothing herein shall (i) prejudice any party in interest's rights to fully prosecute an

objection with respect to any proposed disclosure statement or Chapter 11 plan or any other

motion, including the motion to approve the FGIC Settlement Agreement, that seeks to effectuate

the terms of the Agreement, and (ii) be deemed to constitute any finding of fact or conclusion of

law in connection with the approval or confirmation of, as applicable, any disclosure statement,

Chapter 11 plan or other motion, including the motion to approve the FGIC Settlement Agreement,

that seeks to effectuate the terms of the Agreement.

6.    ~~5.~~ Notice of the RMBS Settlement, the FGIC Settlement Agreement, and the Agreement, including the RMBS Trustees' Notice, was sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the parties in interest in these Chapter 11 cases and others, including the Institutional Investors and the investors in each RMBS Trust, on notice of the Agreement, the RMBS Settlement, and the FGIC Settlement Agreement.

7.    ~~6.~~ Neither the Debtors' entry into nor the Debtors' performance under the Plan Support Agreement shall constitute solicitations of votes of Ally or the Consenting Claimants in violation of section 1125(b) of the Bankruptcy Code.

8.    ~~7.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.    ~~8.~~ All objections to the Agreement, the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

10.    ~~9.~~ The discretionary rights granted in the Treatment of Securities Claims Section of the Supplemental Term Sheet are hereby approved.

11.    ~~10.~~ Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit

Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

12. 11. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated:  June __, 2013
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE