William G. McGuinness, Esq.
Israel David, Esq.
Gary L. Kaplan, Esq.
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000

*Counsel to the RALI Certificate Underwriters*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC., *et al.*, | ) ) ) | Case No. 12-12020 (MG) |
| Debtors. | ) ) | Jointly Administered |

**RESERVATION OF RIGHTS IN CONNECTION WITH THE DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER A PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE CREDITORS' COMMITTEE AND CERTAIN CONSENTING CLAIMANTS**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Citigroup Global Markets Inc. ("**Citigroup**"), Deutsche Bank Securities Inc. ("**DBSI**"), Goldman, Sachs & Co. ("**GS&Co.**") and UBS Securities, LLC ("**UBS**" and together with Citigroup, DBSI and GS&Co., the "**RALI Certificate Underwriters**") in their capacities as underwriters in connection with certain Residential Accredit Loans, Inc. ("**RALI**") Mortgage Asset-Backed Pass-Through Certificates offered by certain RALI trusts, as creditors of the above captioned debtors and debtors in possession (collectively, the "**Debtors**"), by and through their undersigned counsel hereby submit this reservation of rights (the "**Reservation of Rights**") in

connection with the motion (the "**PSA Motion**")[1] of the Debtors for an Order, pursuant to Section 105(a) and 363(b) under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") authorizing the Debtors to enter into and perform under a plan support agreement (the "**PSA**") with Ally Financial Inc. and certain of its affiliates as described in the PSA (collectively, "**Ally**"), the Creditors' Committee and certain Consenting Claimants.  In support of this Reservation of Rights, the RALI Certificate Underwriters respectfully state as follows:

## BACKGROUND

1. The RALI Certificate Underwriters along with Ally Securities LLC f/k/a Residential Funding Securities Corporation d/b/a GMAC RFC Securities and certain other parties are defendants in a securities class action (the "**Securities Class Action**") entitled *New Jersey Carpenters Health Fund, et al. v. Residential Capital, LLC, et al.*, pending in the U.S. District Court for the Southern District of New York (Civ. No. 08-8781(HB)).

2. The RALI Certificate Underwriters each filed proofs of claim against certain Debtors for (i) claims arising from certain underwriting agreements, pursuant to which certain Debtors agreed to indemnify the RALI Certificate Underwriters against certain claims, losses, damages and liabilities and (ii) claims based upon their rights of subrogation, contribution, indemnity and similar remedies.

3. The RALI Certificate Underwriters also have similar claims against the non-debtor defendants in the Securities Class Action as well as other third parties, based on, among other things, their rights of subrogation, contribution, indemnity and similar remedies.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the PSA Motion.

2

4. On May 23, 2013, the Debtors filed the PSA Motion (Docket No. 3814). The PSA provides that the Debtors will file a plan that contains broad release and exculpation provisions that, if approved, would provide a full and complete discharge and release to numerous non-debtor third parties, including each of Ally's and the Debtors' respective successors and assigns, members, shareholders, partners, non-debtor affiliates, former and current officers, former and current directors, former and current principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants and other professionals. The settlement underlying the plan and PSA contemplates Ally's contribution to the Debtors' estate, which includes $100 million to the Securities Class Action plaintiffs.

## RESERVATION OF RIGHTS

5. As noted above, the PSA requires that the plan contain broad third-party releases for the benefit of Ally and the Debtors' officers and directors, among others. The RALI Certificate Underwriters' significant and valuable claims against Ally and its officers and directors and the Debtors' officers and directors would be released and barred. To date, the Debtors have not provided justification for such broad releases.

6. In this Circuit, in order for third-party releases to be granted, the releasees must provide a substantial financial contribution that is necessary to the plan. *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136, 142 (2d Cir. 2005); *see also*, *St. Vincents Catholic Med. Ctrs. v. Goodman (In re St. Vincents Catholic Med. Ctrs.)*, 417 B.R. 688 (S.D.N.Y. 2009); *Rosenberg v. XO Communs., Inc. (In re XO Communs., Inc.)*, 330 B.R. 394, 440 (Bankr. S.D.N.Y. 2005). Here, it is unclear whether the beneficiaries of the third-party releases are making a sufficient financial contribution necessary to the Debtors' successful reorganization. The plan has yet to be presented so its detailed provisions are yet unknown. The Examiner's report remains sealed and

the RALI Certificate Underwriters have not yet conducted discovery of Ally and the Debtors to understand the extent of the claims against Ally and the relative size of its contribution to the Debtors' plan versus its total liability. Moreover, the plan provides for broad releases of directors, officers, agents and others of Ally and the Debtors, but it is unclear whether any are making a significant financial contribution to the Debtors. And it remains to be seen what consideration (including by way of judgment reduction) will be provided for the releases.

7. The RALI Certificate Underwriters recognize that the Court is not being asked to approve the releases at this time, as the releases will be considered in connection with confirmation of the plan and approval of the disclosure statement. While the RALI Certificate Underwriters may oppose the releases at the appropriate time, they submit this Reservation of Rights so that the Court does not have the misconception that all parties in interest have fully vetted and consented to the releases to be contained in the plan. Accordingly, the RALI Certificate Underwriters expressly reserve all of their rights with respect to (i) the disclosure statement, (ii) the plan and (iii) the underlying settlement agreement.

[Remainder of page intentionally left blank]

Dated: New York, New York  
      June 19, 2013

Respectfully Submitted,

By: /s/ Gary L. Kaplan  
William G. McGuinness, Esq.  
Israel David, Esq.  
Gary L. Kaplan, Esq.  
FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP  
One New York Plaza  
New York, New York  10004  
Telephone: (212) 859-8000  
Facsimile:  (212) 859-4000  
E-mail: william.mcguinness@friedfrank.com  
      israel.david@friedfrank.com  
      gary.kaplan@friedfrank.com

*Counsel to the RALI Certificate Underwriters*

5

8996490