Hearing Date and Time: June 26, 2013 at 10:00 a.m. (ET)
Objection Deadline: June 19, 2013 at 4:00 p.m. (ET)

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Jeffrey S. Trachtman
David Blabey Jr.
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |

------------------------------------------------------------- x

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' LIMITED
OBJECTION TO MOTION OF BERKSHIRE HATHAWAY INC. TO
UNSEAL THE EXAMINER'S REPORT PURSUANT TO 11 U.S.C. § 107(a)**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby files this limited objection to the motion (the "Motion to Unseal") of Berkshire Hathaway Inc. ("Berkshire") to unseal the report of the Court-appointed examiner Arthur J. Gonzalez (the "Examiner's Report" or "Report") that was temporarily filed under seal on May 13, 2013.

**Preliminary Statement**

1.  The Committee supports the unsealing of the Examiner's Report. The Committee submits this limited objection only to request that the Report remain temporarily under seal on the terms of the existing order (the "Temporary Sealing Order") [Dkt. No. 3739] pursuant to which this Court ordered that the Report be sealed until the earlier of July 3, 2013 or the Court's determination of the Debtors' pending motion (the "PSA Motion") [Dkt. No. 3814] for authority to enter into and perform under a plan support agreement (the "Plan Support Agreement") with the Committee, Ally Financial Inc., and certain other parties. Unsealing of the Report in advance of approval of the PSA Motion would constitute a termination event under the Plan Support Agreement, allowing any of the settling parties to walk away from the deal. Accordingly, because the Court has authority under sections 107(a) and 105(a) of the Bankruptcy Code to defer unsealing of the Report for a limited time, because of the critical importance of the complex and hard-fought settlement embodied in the Plan Support Agreement, and because neither Berkshire nor any other party is prejudiced by the short delay in access to the Report occasioned by the Temporary Sealing Order, the Committee submits that the Motion to Unseal should be temporarily denied or held in abeyance.[1]

**Limited Objection**

2.  In accordance with section 105(a) of the Bankruptcy Code – which authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," including to ensure the orderly conduct of the bankruptcy

---

[1] In the event the Court enters an order granting the relief sought in the PSA Motion prior to July 3, 2013, the Report would be unsealed at that time. Given that the PSA Motion is scheduled to be heard on June 26, 2013 – the same day as the Motion to Unseal – the relief sought by the Motion to Unseal will likely become moot.

proceedings – this Court acted well within its authority in permitting the temporary filing of the Report under seal, and may continue to ensure that it remain under seal in accordance with the Temporary Sealing Order pending a determination on the PSA Motion.  Indeed, authorizing the Report to remain under seal for a limited time pursuant to section 105 of the Bankruptcy Code does not contravene, and is entirely consistent with, the provisions of section 107 of the Bankruptcy Code, which itself provides a separate basis for temporarily sealing the Report.[2]

3.   Section 107(a) of the Bankruptcy Code provides that, with certain exceptions not applicable here, "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge."  11 U.S.C. § 107(a).  This statutory provision, which adheres to the common law presumption in favor of public access to court records, "supplants the common law for purposes of determining public access to papers filed in a bankruptcy case."  *In re Food Mgmt. Grp., LLC*, 359 B.R. 543, 554 (Bankr. S.D.N.Y. 2007) (Glenn, J) (quoting *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 8 (1st Cir. 2005)); *see also In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (same).

4.   Importantly, section 107(a) does not require that a court grant immediate access to papers filed in a bankruptcy case.  Instead, the provision requires only that such papers be open to examination "*at reasonable times*."  This standard modifies the rule that arguably would prevail outside of bankruptcy under the common law.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 113 (2d Cir. 2006) (holding that sealed documents were "judicial

---

[2] The United States Trustee filed a response [Dkt. No. 3976] in limited support of the Motion to Unseal arguing, among other things, that section 105(a) of the Bankruptcy Code provided no support for the Temporary Sealing Order.  While the Debtors relied upon section 105(a) in their oral application to the Court, for the reasons set forth herein section 107(a) provides an independent and specific basis for temporarily sealing the Report.  Thus, the Court need not determine whether, or in what circumstances, section 105(a), alone, would provide authority for sealing.

documents to which a presumption of immediate access applies under both the common law and the First Amendment"); *but see Gannett Co. v. DePasquale*, 443 U.S. 368, 393 (1979) (denial of public access to pretrial suppression hearing did not violate any First or Fourteenth Amendment right because, among other things, denial of access "was not absolute but only temporary" where hearing transcript was released after danger of prejudice to defendant had dissipated).

5. The phrase "at reasonable times" is not defined in the Bankruptcy Code, and no court appears to have interpreted it in the context of section 107. However, two other sections of the Code make use of the same phrase. *See* 11 U.S.C. § 1113(b)(2) (requiring, in context of rejection of collective bargaining agreements, that debtor "meet, at reasonable times, with the [covered employees'] authorized representative to confer in good faith in attempting to reach mutually satisfactory modifications of such agreement") and § 1114(f)(2) (imposing similar requirement in context of application seeking modification of retiree benefits). In the context of those sections, the phrase "at reasonable times" is not the equivalent of "during business hours," but instead has a broader meaning that allows for the deferral of the obligation in question to a more reasonable future date. *See In re Pinnacle Airlines Corp.*, 483 B.R. 381, 411 n.218 (Bankr. S.D.N.Y. 2012) (holding, in evaluating whether debtor airline had fulfilled its obligation under section 1113 to meet "at reasonable times" with pilots' union, that "[d]eferring negotiations pending validation of Delta's assertions [regarding a price gap among Pinnacle and its competitors] and considering how they might affect Pinnacle's arrangements with its various unions was at least appropriate, if not also essential").

6. In this case, the Committee does not oppose Berkshire's motion to unseal the Examiner's Report in principle, but instead merely requests that access to the Report be deferred to a more "reasonable time" – *i.e.*, until the earlier of July 3, 2013 or the approval of the

PSA Motion.  This very brief deferral is necessary because of the provision in section 6.1(g) of the Plan Support Agreement that permits any party to terminate the agreement in the event the Examiner's Report is disclosed on or before the date the Bankruptcy Court enters an order approving the PSA Motion.  As set forth in the PSA Motion – and as will be further detailed in the Committee's forthcoming statement in support thereof – the settlement embodied in the Plan Support Agreement reflects a massive investment of time and resources by the settling parties and a complex and delicate balance of competing interests.  It would represent an enormous and perhaps irretrievable loss to these estates if the agreement were to founder on the basis of a minor issue of timing at this preliminary stage, without giving the parties to the Plan Support Agreement the opportunity to present their case for confirmation of the proposed Plan.

7. Fortunately, section 107 of the Bankruptcy Code does not require such a result.  As set forth above, deferral of the release of the Examiner's Report for a short additional period of time – no more than seven days from the hearing on the Motion – is not inconsistent with section 107(a)'s requirement that records be made available "at reasonable times." Importantly, moreover, this brief delay would not prejudice Berkshire or any other party. Berkshire's motion is premised, primarily, on its view that the Report "is critical to the ability of creditors and other stakeholders to evaluate the PSA and any plan of reorganization."  Motion to Unseal at ¶ 4.  But a confirmation hearing in these cases is not contemplated to occur until October, and, indeed, a Plan and Disclosure Statement have yet to be filed.  The Examiner's Report, whether it is unsealed on June 26 or on July 3, will be available to all parties in interest

sufficiently in advance of confirmation that each such party will have a full opportunity to seek to use the Report for whatever confirmation-related purposes it sees fit.[3]

## Conclusion

WHEREFORE, the Committee respectfully requests that the Court temporarily deny the Motion to Unseal or hold it in abeyance and maintain the Examiner's Report under seal until the earlier to occur of July 3, 2013 or the approval of the PSA Motion.

Dated: New York, New York
June 19, 2013

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Kenneth H. Eckstein
Kenneth H. Eckstein
Douglas H. Mannal
Jeffrey S. Trachtman
David Blabey Jr.
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

---

[3] Berkshire further premises its Motion to Unseal on the strong public policy in favor of public access to court records. *See* Motion to Unseal at ¶ 19. Whatever the merits of this more generalized concern, it is rendered moot by the fact that no party has opposed unsealing of the Report at an appropriate time and the Court has already made clear its intent to unseal the Report.