Irena M. Goldstein
Jeffrey Chubak
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for Assured Guaranty*
*Municipal Corp. f/k/a Financial Security Assurance*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| **RESIDENTIAL CAPITAL, LLC**, *et al.*, | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ASSURED GUARANTY MUNICIPAL CORP. WITH RESPECT TO MOTION FOR ORDER AUTHORIZING DEBTORS TO ENTER INTO AND PERFORM UNDER PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE CREDITORS' COMMITTEE, AND CERTAIN CONSENTING CLAIMANTS AND TO JOINDER THERETO FILED BY CERTAIN RMBS TRUSTEES**

Assured Guaranty Municipal Corp., f/k/a Financial Security Assurance Inc. ("Assured") submits this limited objection and reservation of rights with respect to the motion of Residential Capital, LLC and its affiliated debtors and debtors and possession in the above-captioned cases (the "Debtors") for an order authorizing the Debtors to enter into and perform under a plan support agreement (a "PSA") with Ally Financial Inc. ("Ally"), the creditors' committee in the above-captioned cases (the "Committee"), and certain "consenting claimants" (the "Consenting Claimants"), filed May 23, 2013 [Docket No. 3814] (the "Motion") and certain RMBS trustees' joinder in support of the Motion, filed June 10, 2013 [Docket No. 3940] (the "Joinder"), and respectfully represents as follows.

1

**PRELIMINARY STATEMENT**

1.  There is no doubt that the PSA is an important milestone in these cases. Nonetheless, because it is impossible to determine the treatment of Assured's claims under the PSA and related transaction documents, Assured is not supporting the PSA at this time, and is, thus not a Consenting Claimant. Assured files this limited objection solely with respect to certain provisions of the PSA relating to the rights of monolines and otherwise reserves its rights to object to the Debtors' plan of reorganization and to take such other action necessary to preserve its rights in these cases.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

2.  Assured provided financial guaranty insurance covering in excess of $1 billion of residential mortgage-backed securities ("RMBS") backed by mortgage loans originated or acquired by certain of the Debtors. Pursuant to the terms of such insurance policies, Assured is required to make payments to RMBS trusts for the benefit of holders of RMBS in the event of a payment default. The indenture trustee for the relevant RMBS trust, and not the Debtors, is the party with the right to make a claim under the financial guaranty insurance policies.

3.  The Supplemental Term Sheet, annexed as Exhibit B to the PSA, sets forth the terms of the Debtors' future chapter 11 plan (the "Plan"). Pursuant to the Supplemental Term Sheet, the Plan will provide:

> Any RMBS Trust that has an insurance policy with a Monoline (referred to as an "Insured RMBS Trust") reserves the ability to enforce its rights, in the Bankruptcy Court or otherwise, against any Monoline (other than FGIC) that does not, in the future, perform in accordance with an insurance policy for the benefit of that RMBS Trust (the "Monoline Reservation").

> Nothing herein shall be construed to impede the rights of the Debtors, Ally or their Representatives to coverage, including coverage for settlement of the Monoline Claims (other than FGIC), under insurance policies issued by a Monoline to the Debtors or Ally.

4. The above "reservations of rights" imply rights that in fact do not exist. For example, the Insured RMBS Trust has no "right" to enforce any claim it may have against a monoline in this Court because this Court lacks jurisdiction over such a dispute. "Bankruptcy jurisdiction is appropriate over 'third-party non-debtor claims that directly affect the res of the bankruptcy estate.'" *Pfizer Inc. v. Law Offices of Peter G. Angelos (In re Quigley Company, Inc.)*, 676 F.3d 45, 53 (2d Cir. 2012), quoting *In re Johns-Manville Corp.*, 517 F. 3d 52, 66 (2d Cir. 2008), rev'd sub nom. *Travelers Indem. Co. v. Bailey,* 557 U.S. 137 (2009) (additional citation omitted).[1] "The test for determining whether litigation has a significant connection with a pending bankruptcy [sufficient to confer bankruptcy jurisdiction] is whether its outcome might have any conceivable effect on the bankruptcy estate." *Id.,* quoting *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 114 (2d Cir. 1992).

5. Any dispute between an Insured RMBS Trust and Assured will have no "conceivable effect" on the case because the Debtors have no rights to any proceeds of the financial guaranty insurance policies issued by Assured.[2]

6. In this regard, the insurance policies issued by Assured, an example of which is attached as Exhibit A to the Declaration of Jeffrey Chubak ("<u>Chubak Declaration</u>"), make clear that the insurance is for the benefit of the RMBS holders which cannot, by definition be the Debtors. *See* Policy, Endorsement No. 1, p. 1 ("'Holder' or 'Noteholder' … shall not include the Obligor [the RMBS trust] or the Depositor [a Debtor entity] in the event that the Obligor or the

---

[1] The Supreme Court reversed the Manville decision on "narrow grounds" and "did not contradict the conclusion of [the court's] jurisdictional inquiry"). *In re Manville,* 600 F. 3d 135, 152 (2d Cir. 2010).

[2] In addition, there is no current litigation pending between Assured and the RMBS Trusts it issued insurance to. As a result, to the extent that a dispute exists in the future, it is more likely than not that the Debtors will have emerged from bankruptcy.

3

Depositor is a registered or beneficial owner of the Obligation"). It is the indenture trustee for an Insured RMBS Trust that has the sole right to submit a notice of claim.

7. Accordingly, neither the Debtors nor Ally have any rights under the insurance policies, they are not beneficiaries and are not entitled to any "coverage." As a result, this Court lacks jurisdiction over any dispute between an Insured RMBS Trust and Assured and the Debtors' and indenture trustees' reservation of rights are improper.

8. In light of the foregoing, it is troubling, to say the least, that the RMBS trustees consider the "monoline reservation" "an essential component" of the PSA. *See* Joinder at p. 18. Certainly, Assured is not contending that the RMBS trustees should waive the RMBS trusts' rights with respect to financial guaranty policies issued to such trusts, but the RMBS trusts should not be gaining additional rights *vis a vis* Assured through any Plan, *i.e.,* access to this Court.

9. Moreover, the RMBS trustees greatly exaggerate their rights in connection with RMBS trusts that are insured. *See* Joinder at pp. 8-9, ¶12 ("Pursuant to the Governing Agreements, the RMBS trustees alone have the right to litigate, and accordingly to settle, any of the RMBS Trust Claims"). As made clear in the Notice of Claim and Certificate, attached to the insurance policy annexed as Exhibit A to the Chubak Declaration, in the event of a bankruptcy proceeding, the indenture trustee "appoints [Assured] as agent and attorney-in-fact for the Indenture Trustee and each such Noteholder in any legal proceeding with respect to the Obligations." Assured has made, and continues to make, payments under its insurance policies; accordingly, it has the sole rights to enforce the noteholders' rights with respect to the Debtors. Moreover, the respective indentures make clear that Assured has the right "to direct the time, method and place of conducting any Proceeding for any remedy available to the Indenture

4

Trustee with respect to the Notes or exercising any trust or power conferred on the Indenture Trustee." *See* section 5.11 of the Indenture between Home Equity Loan Trust 2006-HSA3 and JPMorgan Chase Bank, National Association, dated as of May 25, 2006, annexed as Exhibit B of the Chubak Declaration.

10. Finally, the RMBS trustees' statement that "[t]he economic stakeholders of the RMBS Trusts are the current Investors who hold the mortgage-backed securities notes and certificates related to the RMBS Trusts" (Joinder at ¶1) is simply wrong with respect to the Insured RMBS Trusts. The performing monolines, such as Assured, are the parties which have borne, and who will continue to bear, the economic consequences of the Debtors' breaches of representations and warranties as they relate to the insured securities.

11. Assured is not seeking to undo the hard work of the parties to the PSA. Nonetheless, it could not remain silent and implicitly accept the statements made by the parties both in the PSA and the Joinder.

Dated: June 19, 2013  
      New York, New York

Respectfully submitted,

/s/ Irena M. Goldstein  
Irena M. Goldstein  
Jeffrey Chubak  
PROSKAUER ROSE LLP  
Eleven Times Square  
New York, New York 10036  
Tel: (212) 969-3000  
Fax: (212) 969-2900

*Attorneys for Assured Guaranty Municipal Corp. f/k/a Financial Security Assurance*