Wollmuth Maher & Deutsch LLP
500 Fifth Avenue
New York, New York 10110
(212) 382-3300
Paul R. DeFilippo
Randall R. Rainer

*Attorneys for Syncora Guarantee Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No: 12-12020-MG |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF RANDALL R. RAINER, ESQ. IN SUPPORT OF
OBJECTION OF SYNCORA GUARANTEE INC. TO DEBTORS' MOTION
FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 363(B)
AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER A PLAN
SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE CREDITORS'
COMMITTEE AND CERTAIN CONSENTING CLAIMANTS**

Pursuant to 28 U.S.C. § 1746, I, Randall R. Rainer, Esq. declare:

1.  I am a partner at Wollmuth Maher & Deutsch LLP, attorneys for Syncora Guarantee Inc. ("Syncora"). I submit this declaration on personal knowledge and a review of Syncora business records, except as otherwise indicated, in support of Syncora's Objection (the "Objection")[1] to Debtors' Motion for an Order under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter into and Perform under a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee and Certain Consenting Claimants.

---

[1] All capitalized terms not otherwise defined herein shall have that meaning ascribed to them in the Objection.

1

2. Annexed hereto as Exhibit A is a true and correct copy of the form of Pooling and Servicing Agreement for the securitization named SunTrust Acquisition Closed-End Seconds Trust, Series 2007-1 ("STACS 2007-1"), dated as of April 1, 2007.

3. Annexed hereto as Exhibit B is a true and correct copy of the Insurance and Indemnity Agreement between and among XL Capital Assurance, Inc. (now known as Syncora), Debtor GMAC Mortgage, LLC ("GMACM"), SunTrust Asset Funding LLC, SunTrust Bank, ACE Securities Corp. and Wells Fargo Bank, National Association for STACS 2007-1, dated as of May 15, 2007.

4. Annexed hereto as Exhibit C is a true and correct copy of the Transcript of proceedings held in this bankruptcy case on June 17, 2013.

5. Pursuant to a series of financial guaranty insurance policies, Syncora insured the payment of interest and principal on more than $2 billion of RMBS pass-through certificates issued by RMBS Trusts for which the Debtor GMACM has acted as Servicer or Master Servicer, including STACS 2007-1 (the "Syncora Transactions").

6. Syncora insures only certain (less than a majority of) tranches of mortgage pass-through certificates issued by the securitization named Residential Accredit Loans Inc. Series 2006-Q04 ("RALI 2006-Q04).

7. Syncora has paid insurance claims totaling nearly $750 million in respect of the Syncora Transactions, including paying $148,914,678 in claims for STACS 2007-1 and $74,816,151 in claims for RALI 2006-Q04.

8. In order to obtain a greater understanding of the terms of the PSA, the PSA Term Sheet and the Supplemental Term Sheet, on June 10, 11, 12 and 13, 2013, I and colleagues spoke by telephone with counsel for the Debtors and counsel for the RMBS Trustees and one Master

Servicer for the Syncora Transactions. During the course of those conversations, it became clear to me that neither the Debtors' counsel nor the RMBS Trustees' counsel we spoke to had a full, or even the same, understanding of certain highly material terms of the PSA, such as the treatment of Insured Trusts and how the RMBS Trust Protocol operates with respect to Insured Trusts.

9.     For example, whereas counsel for one Trustee told us that an Insured Trust's repurchase claims against a Debtor would be released if the RMBS Trust Settlement is consummated, counsel for another Trustee told us that such repurchase claim would not be released and that the Insurer would become vested to assert the claim. In other instances, Trustee counsel stated that Duff & Phelps could provide an understanding of how the PSA terms operate and were derived, and their rationale to exclude certain insured trusts from sharing in recoveries.

10.    Accordingly, and in light of the high-level summary description of Duff & Phelps' work set forth in each of the RMBS Trustees' joinder affidavits filed in connection with this Motion, on June 13, 2013 I asked the Trustees' counsel to arrange for our access to the Duff & Phelps work that reportedly (a) implemented a methodology for assessing the value of RMBS Trust servicer claims against GMACM, including with respect to the Syncora Transactions, and (b) devised the RMBS Trust Allocation Protocol, in which Insured Trusts purportedly could participate in some fashion.

11.    On Friday, June 14, 2013, I was advised by Trustee counsel that the other Trustees had consented to my speaking with Duff & Phelps on behalf of Syncora in order to learn Duff & Phelps' methodologies and ask questions about the RMBS Trust Allocation Protocol it developed, and the same day I telephoned and spoke with the designated Duff & Phelps executive (Charles Parekh) to schedule an initial call for such purpose. Mr. Parekh

confirmed the same understanding and said he would get back to me on scheduling a discussion and potentially providing me with a written report of Duff & Phelps' work.

12. Then, on Sunday evening June 17, I received an email from the Trustees' counsel in which they performed an abrupt about-face and reneged on their agreement, contending all of a sudden that such information was not relevant. As a result of the conduct of the RMBS Trustees – the same Trustees seeking an exculpatory finding from this Court with respect to their decision to enter into the PSA – I remain unable to get even a glimpse into the Duff & Phelps methodology upon which the RMBS Trustees' settlement of RMBS Trust claims is largely based, or understand the factors the Trustees considered in determining that it purportedly is in the best interests of each RMBS Trust for the Trustees to enter into the PSA on these terms.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 19th day of June, 2013.

_____
Randall R. Rainer

4