**GRANT & EISENHOFER P.A**.
485 Lexington Avenue, 29th Floor
New York, New York 10017
(646) 722-8500
Jay W. Eisenhofer, Esq.
Geoffrey C. Jarvis, Esq.
Matthew P. Morris, Esq.

*Counsel for Huntington Bancshares Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.,*<br><br>       Debtors.<br><br>---<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>       Plaintiffs,<br><br>   v.<br><br>ALLSTATE INS. CO. *et al.*,<br><br>       Defendants. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered<br><br><br><br>Adv. Pro. No. 12-01671 (MG) |

**HUNTINGTON BANCSHARES INC.'S LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER A PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE CREDITORS' COMMITTEE, <u>AND CERTAIN CONSENTING CLAIMANTS</u>**

Huntington Bancshares Inc. (hereinafter, "Huntington"), plaintiff-appellant in *Huntington Bancshares Inc. v. Ally Fin. Inc. et al.*, pending in the Minnesota Court of Appeals, Case No. A13-0247 (the "Huntington Action"), and defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"), hereby objects to Debtors' Motion For An Order Under Bankruptcy Code Sections 105(A) And 363(B) Authorizing The Debtors To Enter Into And Perform Under A Plan Support Agreement With Ally Financial Inc., The Creditors' Committee, And Certain Consenting Claimants (the "Motion") [Dkt. #3814] and respectfully states as follows:

**A.    THE HUNTINGTON ACTION**

The Huntington Action was filed on October 10, 2011 in Minnesota District Court for the Fourth Judicial District, County of Hennepin. The operative complaint in the Huntington Action alleged the following claims against the Debtors,[1] Ally entities, and individual defendants[2]:

1. *Common-Law Fraud:* AFI; ResCap; Ally Securities, LLC; GMAC Mortgage Corporation; GMAC Residential Funding Corporation; Homecomings Financial, LLC; Residential Accredit Loans, Inc.; and Residential Funding Mortgage Securities I, Inc.

2. *Aiding and Abetting Fraud:* AFI; ResCap; Ally Securities, LLC; GMAC Mortgage Corporation; GMAC Residential Funding Corporation; Homecomings Financial, LLC; Residential Accredit Loans, Inc.; Residential Funding Mortgage Securities I, Inc.; Kenneth Duncan; Ralph Flees; Jack Katzmark; Lisa Lundsten; Davee Olson; Bruce Paradis; Julie Steinhagen; and David Walker.

3. *Negligent Misrepresentation:* AFI; ResCap; Ally Securities, LLC; GMAC Mortgage Corporation; GMAC Residential Funding Corporation; Homecomings Financial, LLC; Residential Accredit Loans, Inc.; Residential Funding Mortgage Securities I, Inc.; Kenneth Duncan; Ralph Flees; Jack Katzmark; Lisa Lundsten; Davee Olson; Bruce Paradis; Julie Steinhagen; and David Walker.

---

[1] Unless otherwise defined herein, capitalized terms have the meanings assigned to them in the Motion.

[2] Each of the individual defendants named in the Huntington Action are present or former directors or corporate officers of Debtor or Ally entities.

2

4. *Violation of the Minnesota Securities Act:* AFI; ResCap; Ally Securities, LLC; GMAC Mortgage Corporation; GMAC Residential Funding Corporation; Homecomings Financial, LLC; Residential Accredit Loans, Inc.; and Residential Funding Mortgage Securities I, Inc.

On December 12, 2012, the District Court entered an order dismissing all claims in the Huntington Action with prejudice. The Huntington Action is currently on appeal before the Minnesota Court of Appeals, with a decision expected in late 2013. Appellate briefing will be complete on June 27, 2013, and oral argument has not yet been scheduled.

B. THE MOTION

The Motion discusses certain provisions of the soon-to-be filed Chapter 11 Plan (The "Plan") relevant to the disposition of the Huntington Action. In particular, according to the Motion, the Plan contemplates a global compromise and settlement of securities claims asserted against the Debtors and Ally, including the Huntington Action. *See* Supplemental Term Sheet, at p. 7-9, attached to the Motion as Exhibit B. The Plan provides that a Private Securities Claim Trust shall be established for the benefit of the holders of securities claims against the Debtors and Ally, including Huntington, and that separate tiers of claims will be established based upon the nature and status of the claims. *See id.* Based on conversations with counsel for the Debtors and Ally, and attorneys for certain private securities claimants, Huntington understands that the claims in the Huntington Action are currently valued at $0 under the contemplated tier structure, due to the District Court's dismissal of the Huntington Action, but would otherwise be valued at significantly more based on the claims asserted and the anticipated recovery at the tier level where the Huntington Action would fall.

The Plan also contemplates a stay of all litigation (including contested motions) brought by the Creditors' Committee or any Supporting Party against the Debtors or Ally. Motion at p. 10-11. Huntington has been advised by Debtors' counsel that the Plan will also likely contain a

3

provision staying all litigation against Debtors, Ally, and Ally's non-debtor affiliates and officers and directors.

### C.     HUNTINGTON'S OBJECTIONS TO THE MOTION

Huntington previously entered into stipulations with the Debtors to consensually stay the Huntington Action, but such stipulations provided that briefing and argument on the appeal in the Huntington Action could proceed. The consensual stay stipulation between Huntington and the Debtors expired on April 30, 2013, and Huntington has not consented to any further stay of the Huntington Action, and filed a timely Answer to the Debtors' pending adversary complaint to extend the stay (which Debtors' counsel have indicated to Huntington they are not proceeding with at this time). The stay as disclosed in the Motion, by its terms, does not apply to the Huntington Action. *See* Plan Support Agreement at p. 10-11, attached to Motion as Exhibit 3 ("As long as this Agreement has not been terminated . . . the Creditors' Committee and each Supporting Party agrees, ***solely with respect to itself*** . . . to stay all litigation[.]")[3] Nonetheless, to the extent that the Motion, the Plan Support Agreement and/or the coming Plan stay, or may be construed as staying, the Huntington Action, Huntington hereby objects to any such stay. Additionally, when the Plan is filed, Huntington intends to object to any provision of the Plan that stays the appeal in the Huntington Action, and hereby reserves its rights to do so. Huntington will argue that the appeal of the Huntington Action should be allowed to proceed and, to the extent that the District Court's decision is ultimately reversed, that the Huntington Action be considered within the tier structure it would have been in had the District Court not dismissed Huntington's claims, and that it receive the same treatment as other claimants in that tier.

---

[3] Huntington is neither a member of the Creditors' Committee nor a Supporting Party. *See* Motion at 1.

Huntington expects to brief the legal arguments against any stay of the Huntington Action in the Plan at a later point, and will not burden the Court at this point with extended case analysis. Suffice it to say now, that the Hunting Action is proceeding only against AFI, Ally Securities, LLC, and the individual defendants, none of whom are Debtors. As such, Section 362 of the Bankruptcy Code provides no basis to stay the Huntington Action without Huntington's consent. "By its terms, section 362 applies only to debtors, property of the debtor, or property of the estate, and does not apply to stay proceedings against non-debtors." *In re Calpine Corp.*, 365 B.R. 401, 408 (S.D.N.Y. 2007). A court considering the scope of Section 362's application in a multiple-claim or multiple-party case should carefully tailor the stay so as not to delay the resolution of claims that will not have an immediate adverse effect on the debtors.

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, Section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.

*Chord Assocs. v. Proteach 2003-D, LLC*, No. 07-5138, 2010 WL 1257874, at *11 (E.D.N.Y. Mar. 25, 2010); *quoting Maritime Elec. Co. Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1991). Accordingly, even claims against co-defendants that are closely related to the debtors, or claims with a close legal and factual nexus to the claims against the debtors, are generally ***not*** stayed pursuant to Section 362.

> If an extension of the [Section 362] stay would work a hardship on plaintiffs, by giving an unwarranted immunity from suit to solvent co-defendants, which would contravene the purposes underlying the automatic stay, then the stay should be denied. Therefore, a Section 362 stay is not ordinarily extended to entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor.

12-12020-mg    Doc 4033    Filed 06/19/13    Entered 06/19/13 17:09:53    Main Document
Pg 6 of 8


*CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990) (internal citations and quotations omitted); *see also Teachers Ins. and Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *In re McCormick*, 381 B.R. 594, 600 (Bankr. S.D.N.Y. 2008) ("The Second Circuit has explained that the automatic stay pursuant to § 362(a) is generally limited to debtors and does not encompass nonbankrupt codefendants."). Accordingly, "courts in this circuit regularly refuse to extend a debtor corporation's § 362 stay to its non-debtor officers and principals." *Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y. 1999).

*CAE Indus. Ltd. v. Aerospace Holdings Co.*, 116 B.R. 31, 32 (S.D.N.Y. 1990) (internal citations and quotations omitted); *see also Teachers Ins. and Annuity Ass'n of America v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."); *In re McCormick*, 381 B.R. 594, 600 (Bankr. S.D.N.Y. 2008) ("The Second Circuit has explained that the automatic stay pursuant to § 362(a) is generally limited to debtors and does not encompass nonbankrupt codefendants."). Accordingly, "courts in this circuit regularly refuse to extend a debtor corporation's § 362 stay to its non-debtor officers and principals." *Gray v. Hirsch*, 230 B.R. 239, 242 (S.D.N.Y. 1999).

## CONCLUSION

For the reasons stated herein, Huntington respectfully requests that this Court deny the Motion only insofar as the Motion or the Plan Support Agreement may be interpreted as staying the Huntington Action. Huntington further reserves its right to object to any provision of the Plan that stays the Huntington Action so as to allow the appeal to proceed and, if successful, for the Huntington Action to receive the treatment within the Plan tier structure that it otherwise would.

Dated: June 19, 2013

**GRANT & EISENHOFER P.A.**

*/s/ Matthew P. Morris*
Jay W. Eisenhofer
Geoffrey C. Jarvis
Matthew P. Morris
485 Lexington Ave., 29th Floor
New York, NY  10017
Tel:  (646) 722-8500
Fax:  (646) 722-8501

*Counsel for Huntington Bancshares Inc.*

# CERTIFICATE OF SERVICE

I, Matthew P. Morris, hereby certify that, on the 19th day of June, 2013, I caused true and correct copies of **Huntington Bancshares Inc.'s Limited Objection and Reservation of Rights With Respect to Debtors' Motion for an Order Under Bankruptcy Code Sections 105(A) and 363(B) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement With Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants** to be served through the Court's CM/ECF system upon all registered electronic filers appearing in these cases, and by first class mail, postage prepaid, and by electronic mail, upon the parties set forth below.

/s/ Matthew P. Morris
Matthew P. Morris

Joel C Haims
Gary S. Lee
Larren M. Nashelsky
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
(212) 468-8238
Fax : (212)468-7900
jhaims@mofo.com
glee@mofo.com
lnashelsky@mofo.com

Steven J. Reisman
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178
(212) 696-6065
Fax : (212) 697-1559
sreisman@curtis.com

Andrew Behlmann
Michael S. Etkin
LOWENSTEIN SANDLER LLP
65 Livingston Avenue
Roseland, NJ 07068
(973) 597.2500
Fax : (973) 597.2400
abehlmann@lowenstein.com
metkin@lowenstein.com

Amy Williams-Derry
KELLER ROHRBACK, LLP
1201 3rd Avenue
Suite 3200
Seattle, WA 98101
(206) 623-1900
Fax : (206) 623-3384
awilliams-derry@kellerrohrback.com

Steven S. Fitzgerald
WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, NY 10110
(212) 382-3300
sfitzgerald@wmd-law.com

Paul Nii-Amar Amamoo
Andrew K. Glenn
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, NY 10019
(212) 506-1700
Fax : (212) 506-1800
namamoo@kasowitz.com
aglenn@kasowitz.com

Mark B. Holton
GRAIS & ELLSWORTH LLP
1211 Avenue of the Americas, 32nd Floor
New York, NY 10036
(212) 755-5693
Fax : (212) 755-0052
mholton@graisellsworth.com