**Hearing Date and Time: June 26, 2013, 10:00 a.m. (EDT)**

PREET BHARARA
United States Attorney for the
Southern District of New York
By:  JOSEPH N. CORDARO
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2745
Facsimile: (212) 637-2686
E-mail: joseph.cordaro@usdoj.gov

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**STATEMENT OF THE UNITED STATES OF AMERICA**
**CONCERNING MOTION FOR ORDER AUTHORIZING DEBTORS**
**TO ENTER INTO AND PERFORM UNDER PLAN SUPPORT AGREEMENT**

The United States of America (the "United States" or the "Government"), by its attorney

Preet Bharara, United States Attorney for the Southern District of New York, respectfully

submits this Statement concerning *Debtors' Motion for an Order Under Bankruptcy Code*

*Sections 105(a) and 363(b) Authorizing the Debtors to Enter into and Perform Under a Plan*

*Support Agreement with Ally Financial Inc., the Creditors' Committee, and Certain Consenting*

*Claimants* [Docket # 3814], filed on May 23, 2013 (the "Motion").[1]  While not objecting to the

specific relief sought in the Motion, the United States files this Statement in order to place all

interested parties on notice of its position with respect to certain provisions of the Plan Term

Sheet annexed to the proposed Plan Support Agreement.  Specifically, the Plan Term Sheet

---

[1]        Capitalized terms not defined herein have the same meaning as in the Motion.

provides the non-debtor Ally Financial Inc. ("AFI") and its affiliates will make a monetary

contribution to the estate and have no further obligations under the historic DOJ/AG Settlement,

discussed *infra*.  To the extent Debtors and their estates are obligated to perform certain agreed-

upon monetary obligations under the DOJ/AG Settlement and accompanying Consent Judgment

and are unable to do so, AFI has obligated itself to perform those obligations.  In addition, AFI

has obligations under the DOJ/AG Settlement as a signatory to a Consent Judgment entered in

connection with that settlement.  Put simply, those obligations must be fulfilled.  To the extent

that any proposed Plan attempts to release AFI from liability to the United States under the

DOJ/AG Settlement, thereby posing a risk that the monetary obligations undertaken by Debtors

and AFI will not be fully satisfied, the Government reserves its right to object to confirmation of

the Plan at the appropriate time.

**THE DOJ/AG MORTGAGE LOAN SERVICING AGREEMENT**

1.      On February 9, 2012, the Department of Justice announced that the Government

and the attorneys general from forty-nine states and the District of Columbia had reached a

landmark agreement (the "DOJ/AG Settlement") addressing mortgage loan servicing and

foreclosure abuses with the nation's five largest mortgage servicers: Bank of America

Corporation, JPMorgan Chase & Co., Wells Fargo & Company, Citigroup Inc., and AFI

(collectively, the "Servicers").  On April 5, 2012, the DOJ/AG Settlement and accompanying

consent judgments were filed in the United States District Court for the District of Columbia in

the matter styled *United States v. Bank of America Corp.*, No. 12-cv-361-RCC.  The parties to

the relevant consent judgment for this bankruptcy (the "Consent Judgment") are debtors

Residential Capital, LLC ("ResCap") and GMAC Mortgage, LLC (together with ResCap and Residential Funding Company, LLC ("ResFunding"), the "ResCap Parties") and AFI.[2]

2.      Under the DOJ/AG Settlement, the Servicers agreed to make $25 billion in cash payments and implement broad reforms designed to protect homeowners, including thorough reviews to determine whether any service members were foreclosed upon or charged excessive interest in violation of the Servicemembers Civil Relief Act ("SCRA") during specified time periods, and compensation for any affected service members.  To ensure that these and other reforms are fully implemented, the Servicers agreed to oversight by an independent Monitor.  Among the Monitor's tasks are overseeing implementation of the servicing standards required by the DOJ/AG Settlement, measuring their performance, and identifying violations of the settlement that may result in monetary penalties.

3.      As a party and signatory to the Consent Judgment, AFI is responsible for the performance of many of the obligations imposed by that judgment.  In addition, in recognition of the financial situation of the ResCap Parties and certain of their affiliates at the time of the settlement, the parties agreed to an Addendum to the DOJ/AG Settlement that was annexed to the Consent Judgment as Exhibit I.  Pursuant to Exhibit I, the ResCap Parties were required to make a direct settlement payment of $109,628,425 no later than seven days after the effective date of the Consent Judgment.  Consent. J., Ex. I at ¶ 1.  Exhibit I also provides that AFI shall be responsible for certain additional monetary obligations under the DOJ/AG Settlement in the event that the ResCap Parties do not perform such obligations.  *See, e.g.*, *id.* at ¶ 3(a) (ResCap

---

[2]      On May 30, 2013, the Court approved a Stipulation and Order between Debtors and the United States modifying the automatic stay, to the extent applicable, to allow the Government, the ResCap Parties, and AFI to file a joint motion pursuant to Rule 60(a) of the Federal Rules of Civil Procedure in the District of Columbia to correct a clerical error in the Consent Judgment by adding ResFunding as a signatory [Docket # 3845].  The Government anticipates that the Rule 60(a) motion will be filed in the near future.

Parties and AFI jointly and severally obligated to make certain payments in connection with the settlement, including certain payments specified in Exhibit D (consumer relief requirements) and Exhibit H (SCRA)).

## THE PLAN SUPPORT AGREEMENT MOTION

4.      Debtors seek approval from the Court to enter into a Plan Support Agreement (the "PSA") with AFI, the Creditors' Committee and certain Supporting Parties.  The Supporting Parties have agreed to support a Chapter 11 Plan that encompasses and comports with the terms of the Plan Term Sheet and Supplemental Term Sheet, which are annexed to the PSA.  Among other things, the Plan Term Sheet provides for a contribution by AFI and its affiliates (collectively, "Ally") of $2.1 billion in exchange for certain releases in favor of Ally.  Plan Term Sheet at 5.

5.      The Plan Term Sheet indicates that "[t]he Plan shall provide that the Debtors and/or the Debtors' estates shall perform all respective obligations under the DOJ/AG Settlement . . . other than those obligations . . . that Ocwen performs under the Ocwen APA . . . including, for the avoidance of doubt, completing or otherwise satisfying in full the foreclosure review obligations, unless the foreclosure review obligations are otherwise settled, fulfilling all specific performance obligations, and satisfying all monetary obligations in full in cash."  *Id.* at 11. However, the Plan Term Sheet also provides that "Ally shall have no monetary obligations under the . . . DOJ/AG Settlement."  *Id.*; *see also id.* at 5 ("The Ally Contribution is final and capped at $2,100,000,000. . . . Ally will not make any additional contributions to the Debtors or the estates of any creditor of the Debtors for any cost related to the Debtors, including contributions on account of the [DOJ/AG Settlement]."

6.      The importance of the commitments undertaken by the Servicers in the DOJ/AG

Settlement cannot be overstated.  The funds at issue are intended to compensate individual

service members who lost their homes (or were otherwise disadvantaged) in violation of SCRA,

to provide incentives for the Servicers to comply with their new obligations to the most

vulnerable of American homeowners, or to ensure that, through the Monitor, the abuses of the

past are corrected.  Because of the ResCap Parties' uncertain financial situation, and in return for

other consideration granted to the ResCap Parties in the DOJ/AG Settlement, the Government

and States specifically insisted that AFI agree to satisfy the ResCap Parties' monetary

obligations under the DOJ/AG Settlement to the extent the ResCap Parties were unable to do so.

7.      The United States is not certain at this time whether AFI will in fact incur any

monetary obligations under the DOJ/AG Settlement, and if so, the amount of those obligations.

It is clear, however, that such obligations *could* arise.  For example, the DOJ/AG Settlement

requires an independent investigation of completed foreclosures on active duty servicemember-

borrowers during a specified time period.  *See* Consent J., Ex H.  That investigation is still

ongoing.  To the extent any of the completed foreclosures violated SCRA, those servicemembers

must be compensated.  *See id.*  In addition, the Servicers have obligations arising out of the

Monitor's enforcement powers under the DOJ/AG Settlement.  If the ResCap Parties are unable

to satisfy these obligations, AFI has committed to do so.

8.      Since the filing of the Motion, the United States has engaged in ongoing

discussions with counsel for AFI, the Debtors, and the Creditors' Committee.  The Government

is satisfied to date that the parties appreciate the importance of the monetary obligations under

the DOJ/AG Settlement and Consent Judgment, and that those obligations must be fulfilled.  The

Government also is cognizant of the significant efforts expended by the relevant parties and the

Plan Mediator to bring about the consensus described in the Motion. The United States intends to continue discussions in order to reach a resolution that ensures full compliance with the DOJ/AG Settlement monetary obligations, which are critical to protecting homeowners and deterring future abuse. Nevertheless, the Government reserves its right to object to any proposed Plan on the ground that the releases provided therein would result in less than full satisfaction of the monetary obligations under the DOJ/AG Settlement and Consent Judgment.[3]

Dated: New York, New York
       June 19, 2013

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney for the
                              Southern District of New York
                              *Attorney for the United States of America*

                    By:     */s/ Joseph N. Cordaro*
                              JOSEPH N. CORDARO
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Telephone: (212) 637-2745
                              Facsimile:  (212) 637-2686
                              Email: joseph.cordaro@usdoj.gov

---

[3]     Of course, the United States also reserves its right to object to a proposed disclosure statement or Plan for any appropriate reason, including, but not limited to, issues concerning non-debtor releases. *See generally Deutsche Bank AG v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136 (2d Cir. 2005). As the Motion does not seek approval of the settlements underlying the PSA, such objections need not be filed until a later date. *See* Proposed Order filed June 19, 2013 [Docket # 4006] at ¶ 5; Motion at 19 n.14 ("Importantly, however, Debtors do not seek approval of any of the settlements embodied in the Agreement. Approval of those settlements will await confirmation, and any and all parties-in-interest that oppose confirmation of the Plan will retain their rights to object to confirmation of the Plan at the appropriate time."); May 29, 2013 Hrg. Tr. at 50 (issues concerning non-debtor releases to be resolved at confirmation).