AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)
Daniel H. Golden
David M. Zensky
Philip C. Dublin
Rachel Ehrlich Albanese

*Special Counsel to UMB Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
                                                      :
In re:                                                :        Chapter 11
                                                      :
RESIDENTIAL CAPITAL, LLC, *et al.*,                   :        Case No. 12-12020 (MG)
                                                      :        (Jointly Administered)
                              Debtors.                :
                                                      :
------------------------------------------------------------------------x

**UMB BANK, N.A.'s (I) JOINDER IN THE STATEMENT AND RESERVATION OF RIGHTS OF THE AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS IN CONNECTION WITH THE DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 363(b) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER A PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE CREDITORS' COMMITTEE, AND CERTAIN CONSENTING CLAIMANTS AND (II) RESERVATION OF RIGHTS**

        UMB Bank, N.A., as successor indenture trustee (the "Notes Trustee") under that certain

Indenture, dated as of June 6, 2008, by and through its attorneys, Akin Gump Strauss Hauer &

Feld LLP, hereby files this (i) joinder in the Statement and Reservation of Rights [ECF No.

4018] (the "Statement") of the Ad Hoc Group of Junior Secured Noteholders ("JSNs") in

connection with the motion (the "Motion") filed by the above-captioned debtors (the "Debtors")

for an order authorizing the Debtors to enter into and perform under a Plan Support Agreement[1]

(the "PSA") with Ally Financial Inc., the official committee of unsecured creditors (the

"Committee") and certain consenting claimants and (ii) reservation of rights, and respectfully

submits as follows:

       1.      The Notes Trustee joins in the Statement filed by the Ad Hoc Group of JSNs as

set forth herein.  The Debtors and the Committee should be forthright with respect to the relief

they are seeking in the Motion and the meaning of certain provisions of the PSA, including the

waiver of a "fiduciary out" as it relates to the Debtors and the Committee.

       2.      The Notes Trustee does not object to the relief requested in the Motion to the

extent the Debtors are merely seeking comfort that their entry into the PSA does not violate 11

U.S.C. § 1125(b).  *See* Mot. ¶ 32.  The merits of the global settlement and the plan of

reorganization that are embodied in the PSA are not now before the Court, however, and nothing

in the order approving the Debtors' entry into the PSA should, or should purport to, affect

parties' substantive rights in that regard.  *See* Mot. ¶ 26 n.14 ("Importantly, the Debtors do not

seek approval of any of the settlements embodied in the [PSA].  Approval of those settlements

will await confirmation . . .").

       3.      In an effort to preserve the *status quo* and ensure that entry of an order approving

the Debtors' entry into the PSA does not prejudice the rights and remedies of the Notes Trustee

and/or the JSNs, the Notes Trustee believes that the proposed order approving the Motion needs

to be modified.  The Debtors filed a revised form of order (the "Revised Proposed Order")[2]

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

[2] *See* Notice of Filing of Revised Order Granting Debtors' Motion for an Order Under Bankruptcy Rule 105(A) and 363(B) Authorizing the Debtors to Enter into a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants [ECF No. 4006].

104854122 v3

shortly before the expiration of the objection deadline, but the Revised Proposed Order fails to

remedy certain defects in the original form of order.

4.      The Revised Proposed Order contains a finding that the PSA, including the

transactions contemplated therein, is in the best interests of the Debtors, their estates, their

creditors and certain other parties.  This proposed finding, as it relates to the Debtors' estates and

their creditors, is not required by the terms of the PSA and is clearly premature.

5.      Moreover, as set forth in the Statement, there is a fundamental question whether,

if the JSNs are found to be oversecured, the plan of reorganization that is the subject of the PSA

could even be confirmed.  There are provisions of the proposed settlement that may be

dispositive of this issue, thereby giving rise to the possibility that a determination as to

oversecurity will result in the failure of a condition in the plan.  The Debtors have conceded that

those issues are not ripe, and the Notes Trustee respectfully submits that the Court should not

prejudge them in connection with the Motion.  The Notes Trustee therefore requests that any

order entered by the Court not include a finding that the PSA is in the best interests of the

Debtors, their estates and their creditors.

6.      Accordingly, for the Court's convenience, the Notes Trustee has attached hereto

as Exhibit A a clean and blacklined version of a form of order showing proposed revisions

against the Revised Proposed Order which the Notes Trustee believes is appropriate under the

circumstances presented here.

7.      The Notes Trustee expressly reserves all of its rights and remedies relating to the

proposed global settlement and approval of a plan of reorganization and related disclosure

statement, including with respect to the transactions that are the subject of the PSA.

3

104854122 v3

8.      For the reasons stated herein, the Notes Trustee respectfully requests that if the

Court determines to grant the Motion, the Court modify the order as set forth herein.

Dated:      New York, New York
            June 20, 2013

                                        AKIN GUMP STRAUSS HAUER & FELD LLP


                            By:     */s/*  Daniel H. Golden
                                    Daniel H. Golden
                                    David M. Zensky
                                    Philip C. Dublin
                                    Rachel Ehrlich Albanese
                                    Akin Gump Strauss Hauer & Feld LLP
                                    One Bryant Park
                                    New York, New York 10036
                                    (212) 872-1000 (Telephone)
                                    (212) 872-1002 (Facsimile)
                                    dgolden@akingump.com
                                    dzensky@akingump.com
                                    pdublin@akingump.com
                                    ralbanese@akingump.com

                                    *Special Counsel to UMB Bank, N.A.*

4

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY
CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO
ENTER INTO A PLAN SUPPORT AGREEMENT WITH ALLY
FINANCIAL INC., THE CREDITORS' COMMITTEE, AND
<u>CERTAIN CONSENTING CLAIMANTS</u>**

Upon consideration of the motion (the "**Motion**")[3] of the above-captioned

debtors and debtors in possession (collectively, the "**Debtors**" and each, a "**Debtor**") for entry of

an order authorizing the Debtors to enter into and perform under a Plan Support Agreement by

and among the Debtors, Ally, the Creditors' Committee and certain Consenting Claimants, and

upon the Kruger Declaration and any submission in support of the Motion filed by the RMBS

Trustees; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this

proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient

notice of the Motion having been given; and on the affidavits of mailing to all investors in the

RMBS Trusts of the RMBS Trustees' Notice; and it appearing that no other or further notice

need be provided; and the Court having found that the relief requested in the Motion ~~is in the~~

~~best interests of~~<u>may provide substantial benefits to</u> the Debtors' estates, their creditors~~, the~~

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

~~ny 1095965~~104858787 v3

~~Institutional Investors, the investors in each RMBS Trust, each such RMBS Trust, the RMBS~~

~~Trustees; and the Court having found that each of the parties to the Agreement, including the~~

~~RMBS Trustees have acted reasonably, in good faith and in the best interests of their respective~~

~~constituencies in entering into the Agreement~~ <u>and other parties-in-interest</u>; and after due

deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is **GRANTED** <u>solely</u> to the extent set forth below.

2.    The Debtors are hereby authorized to enter into and perform under the

Plan Support Agreement.

~~3.    The Agreement, including~~ the transactions contemplated therein, ~~are in the~~

~~best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in~~

~~each RMBS Trust and each such RMBS Trust, and the RMBS Trustees, as a compromise of each~~

~~RMBS Trust's asserted claims against the Debtors.~~

~~4~~<u>3</u>.    The RMBS Trustees acted reasonably, in good faith and in the best

interests of the Institutional Investors, the investors in each RMBS Trust and each such RMBS

Trust in agreeing to the Agreement.

~~5~~<u>4</u>.    ~~Notwithstanding anything herein to the contrary, including without~~

~~limitation, ordering paragraph 3 and 4 above, other than with respect to the parties to the~~

~~Agreement, nothing~~<u>Nothing</u> herein shall ~~(i)~~ prejudice <u>or waive</u> any party in interest's rights ~~to~~

~~fully prosecute an objection with respect to any proposed disclosure statement or Chapter 11 plan~~

~~or any other motion, including the motion to approve the FGIC Settlement Agreement, that seeks~~

~~to effectuate the terms of the Agreement, and (ii)~~<u>or</u> be deemed to constitute any finding of fact or

conclusion of law ~~in connection with the approval or confirmation of, as applicable, any~~<u>with</u>

respect to (i) any proposed disclosure statement, ~~Chapter~~(ii) any proposed chapter 11 plan of

reorganization, (iii) any motion or other ~~motion, including the motion~~proceeding that seeks to

approve and/or effectuate the terms of the PSA and the transactions contemplated therein,

including the FGIC Settlement Agreement, ~~that seeks to effectuate the terms of the Agreement.~~or

(iv) Adversary Proceedings Nos. 13-01277 and 13-01343.

~~6~~5.     Notice of the RMBS Settlement, the FGIC Settlement Agreement, and the

Agreement, including the RMBS Trustees' Notice, was sufficient and effective in satisfaction of

federal and state due process requirements and other applicable law to put the parties in interest

in these Chapter 11 cases and others, including the Institutional Investors and the investors in

each RMBS Trust, on notice of the Agreement, the RMBS Settlement, and the FGIC Settlement

Agreement.

~~7~~6.     Neither the Debtors' entry into nor the Debtors' performance under the

Plan Support Agreement shall constitute solicitations of votes of Ally or the Consenting

Claimants in violation of section 1125(b) of the Bankruptcy Code.

~~8~~7.     The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

~~9~~8.     All objections to the Agreement, the Motion or the relief requested therein

that have not been withdrawn, waived, or settled, and all reservations of rights included therein,

are overruled on the merits.

~~10.     The discretionary rights granted in the Treatment of Securities Claims~~

~~Section of the Supplemental Term Sheet are hereby approved.~~

~~11~~9.     Notwithstanding anything herein to the contrary, this Order shall not

modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

        ~~12~~10.    This Court shall retain jurisdiction with respect to all matters arising or

related to the implementation of this Order.

Dated:  June __, 2013
        New York, New York


                                        _____
                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                                              )
In re:                                        )    Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>.,      )    Chapter 11
                                              )
                         Debtors.             )    Jointly Administered
                                              )
---------------------------------------------------------

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY**
**CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO**
**ENTER INTO A PLAN SUPPORT AGREEMENT WITH ALLY**
**FINANCIAL INC., THE CREDITORS' COMMITTEE, AND**
<u>**CERTAIN CONSENTING CLAIMANTS**</u>

Upon consideration of the motion (the "**Motion**")[4] of the above-captioned

debtors and debtors in possession (collectively, the "**Debtors**" and each, a "**Debtor**") for entry of

an order authorizing the Debtors to enter into and perform under a Plan Support Agreement by

and among the Debtors, Ally, the Creditors' Committee and certain Consenting Claimants, and

upon the Kruger Declaration and any submission in support of the Motion filed by the RMBS

Trustees; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this

proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient

notice of the Motion having been given; and on the affidavits of mailing to all investors in the

RMBS Trusts of the RMBS Trustees' Notice; and it appearing that no other or further notice

need be provided; and the Court having found that the relief requested in the Motion may

provide substantial benefits to the Debtors' estates, their creditors and other parties-in-interest;

---

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

104854122 v3

and after due deliberation and sufficient cause appearing therefor, it is hereby

## ORDERED, ADJUDGED, AND DECREED THAT:

1.      The Motion is **GRANTED** solely to the extent set forth below.

2.      The Debtors are hereby authorized to enter into and perform under the

Plan Support Agreement.

3.      The RMBS Trustees acted reasonably, in good faith and in the best

interests of the Institutional Investors, the investors in each RMBS Trust and each such RMBS

Trust in agreeing to the Agreement.

4.      Nothing herein shall prejudice or waive any party in interest's rights or be

deemed to constitute any finding of fact or conclusion of law with respect to (i) any proposed

disclosure statement, (ii) any proposed chapter 11 plan of reorganization, (iii) any motion or

other proceeding that seeks to approve and/or effectuate the terms of the PSA and the

transactions contemplated therein, including the FGIC Settlement Agreement, or (iv) Adversary

Proceedings Nos. 13-01277 and 13-01343.

5.      Notice of the RMBS Settlement, the FGIC Settlement Agreement, and the

Agreement, including the RMBS Trustees' Notice, was sufficient and effective in satisfaction of

federal and state due process requirements and other applicable law to put the parties in interest

in these Chapter 11 cases and others, including the Institutional Investors and the investors in

each RMBS Trust, on notice of the Agreement, the RMBS Settlement, and the FGIC Settlement

Agreement.

6.      Neither the Debtors' entry into nor the Debtors' performance under the

Plan Support Agreement shall constitute solicitations of votes of Ally or the Consenting

Claimants in violation of section 1125(b) of the Bankruptcy Code.

104854122 v3

7.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.      All objections to the Agreement, the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

9.      Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

10.      This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: June __, 2013
         New York, New York

 

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE