MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071
Telephone:    (213) 683-9100
Facsimile:    (213) 687-3702
Thomas B. Walper (Pro Hac Vice)
Seth Goldman (Pro Hac Vice)
Daniel J. Harris

*Counsel for Berkshire Hathaway Inc*.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | CASE NO.  12-12020 (MG) |
| | Chapter 11 |
| | Jointly Administered |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | |
| Debtors. | |

**JOINDER OF BERKSHIRE HATHAWAY INC.**
**IN THE STATEMENT AND RESERVATION OF RIGHTS OF THE**
**AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS IN CONNECTION**
**WITH THE DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE**
**SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ENTER INTO**
**AND PERFORM UNDER A PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL**
**INC., THE CREDITORS' COMMITTEE, AND CERTAIN CONSENTING CLAIMANTS**

Berkshire Hathaway Inc. ("<u>Berkshire</u>"), by and through its undersigned counsel, hereby

files this joinder in the statement and reservation of rights [ECF No. 4018] (the "<u>Statement</u>") of

the Ad Hoc Group of Junior Secured Noteholders (the "<u>JSNs</u>") in connection with the motion

1

(the "Motion")[1] filed by the above-captioned debtors the ("Debtors") for an order authorizing the

Debtors to enter into the Plan Support Agreement (the "PSA") with Ally Financial, Inc., the

official committee of unsecured creditors and certain consenting claimants and respectfully

submits as follows.

       1.      Berkshire joins in the Statement filed by the Ad Hoc Group of JSNs.

In addition, Berkshire objects to the revised form of order for the Motion [ECF No. 4006] (the

"Revised Proposed Order").  Paragraph 3 of the Revised Proposed Order includes a finding that

"[t]he Agreement, including the transactions contemplated therein, are in the best interests of the

Debtors' estates . . . ."  *See* Revised Proposed Order, ¶ 3.  If the Court approves the PSA, there is

insufficient evidence and it is unnecessary to find that the Plan Term Sheet, the Supplemental

Term Sheet, and all transactions contemplated in the Agreement are in the best interests of the

Debtors' estates.  Indeed, these are issues that will be ripe at the hearing on the global settlement,

not at the hearing to approve the PSA.  Accordingly, Berkshire respectfully requests that to the

extent the Court approves the Motion, the Court modify paragraph 3 of the Revised Proposed

Order by striking any ruling or finding related to the transactions that underlie the PSA.

Berkshire requests that the language of paragraph 3 read as follows:

> The Plan Support Agreement is in the best interests of the Debtors' estates, their
> creditors, the Institutional Investors, the investors in each RMBS Trust and each
> such RMBS Trust, and the RMBS Trustees.

---

[1] Capitalized terms used but otherwise not defined herein shall have the meaning ascribed to them in the Motion.

      2.      Berkshire expressly reserves all of its rights and remedies relating to the proposed

global settlement and any plan of reorganization or disclosure statement proposed in these

chapter 11 cases.

Dated: June 20, 2013                     Respectfully submitted,

                                 MUNGER, TOLLES & OLSON LLP

                                 /s/  *Thomas B. Walper*
                                 Thomas B. Walper
                                 Seth Goldman
                                 Daniel J. Harris
                                 355 South Grand Avenue
                                 Los Angeles, California, 90071
                                 thomas.walper@mto.com
                                 seth.goldman@mto.com
                                 daniel.harris@mto.com

                                 *Attorneys for Berkshire Hathaway Inc.*