**QUINN EMANUEL URQUHART
  & SULLIVAN, LLP**
Daniel L. Brockett
Susheel Kirpalani
Jennifer Barrett
Maria Ginzburg
Scott C. Shelley
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

**QUINN EMANUEL URQUHART
  & SULLIVAN, LLP**
Eric D. Winston (admitted *pro hac vice*)
Jeremy D. Andersen (admitted *pro hac vice*)
865 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for*

*AIG Asset Management (U.S.), LLC. et al.,*
*Allstate Insurance Company, et al.,*
*Massachusetts Mutual Life Insurance Company, and*
*Prudential Insurance Company of America, et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**OMNIBUS RESPONSE OF AIG ASSET MANAGEMENT (U.S.), LLC,
THE ALLSTATE ENTITIES, MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY, AND THE PRUDENTIAL ENTITIES TO
OBJECTIONS TO DEBTORS' MOTION FOR AUTHORIZATION
TO ENTER INTO PLAN SUPPORT AGREEMENT**

AIG Asset Management (U.S.), LLC and affiliated entities (collectively, "AIG"), Allstate

Insurance Company and affiliated entities (collectively, "Allstate"), Massachusetts Mutual Life

Insurance Company ("MassMutual"), and Prudential Insurance Company of America and

affiliated entities (collectively, "Prudential," and, with AIG, Allstate, and MassMutual, the

01456.62468/5377694.2

"Investors"), holders of general unsecured claims against Residential Capital, LLC and its debtor-subsidiaries (the "Debtors"), by and through their undersigned counsel, hereby submit this omnibus response to the various objections to the Debtors' motion (the "PSA Motion") seeking authorization for the Debtors to enter into the Plan Support Agreement, dated as of May 13, 2013 (the "PSA"), and in support thereof respectfully state as follows:

**RESPONSE**

1.  The Investors, who collectively hold more than $1.75 billion in fraud and other claims arising under state and federal securities laws and common law, are parties to the PSA. The PSA is the product of countless hours of intense negotiations and discussions among dozens of parties, and represents a significant milestone in these cases. The Investors support approval of the PSA Motion.

2.  Various parties have filed objections to the PSA Motion, yet few target the relief actually requested in the PSA Motion, namely, authorization from this Court for the Debtors to enter into the PSA. Despite the handful of objections that were filed, approval of the PSA appears to be supported by the vast majority of stakeholders in these cases. Indeed, of the seventeen holders of claims that are proposed Private Securities Claims Trust claimants,[1] only a small minority (four claimants) filed responses to the PSA Motion – Huntington Bancshares, Inc. ("Huntington") and the three Federal Home Loan Bank claimants – FHLB Boston, FHLB Chicago and FHLB Indianapolis (the "FHLB Claimants") – that filed a joint response.

3.  Instead, many of the objecting parties raise objections that go to confirmation of a chapter 11 plan for the Debtors, focusing on issues such as third-party releases and claims classification. For example, the arguments raised by the FHLB Claimants concern plan

---

[1] There are twenty-one proposed Private Securities Claims Trust claimants; the undersigned four are already signatories to the PSA Motion.

confirmation and the sealing of the Examiner's Report, and do not address the Private Securities Claims Trust. *See* FHLB Claimant Obj. at 9-10. These objections to the PSA Motion should be overruled. Objecting parties will be afforded the opportunity to pursue these objections at the appropriate time, namely, in connection with plan confirmation.

4. The limited objection filed by Huntington does not challenge the substance of the PSA, but instead focuses on the procedural issue of whether the consensual stay among the parties to the PSA applies to Huntington. By its terms, it does not. The undersigned parties are in continuing discussions with Huntington regarding the proposed treatment of its claim, and are hopeful that an agreement will be reached. But Huntington's limited objection provides no basis to deny approval of the PSA.

5. The objection filed by the National Credit Union Administration Board ("NCUAB") focuses largely on claim classification. As noted, this is a confirmation issue; thus, the objection on this point should be overruled. NCUAB objection also raises questions concerning paragraph 9 of the proposed form of order, which approves the "discretionary rights" set forth in the Treatment of Private Securities Claims section of the Supplemental Term Sheet (which is Exhibit B to the PSA Motion). The purpose of this paragraph is not to grant to the Debtors any broad, discretionary rights.[2] Rather, this paragraph was included to highlight that because the complete terms of the Private Securities Claims Trust have not been fully negotiated (nor could they have been, due to the fact that the mediation necessarily did not involve the participation of all creditors that will participate in the trust), various parties – including the Debtors, Ally Financial, the Investors (referred to in the PSA Motion as the "Settling Private

---

[2] Indeed, paragraph 9 of the form of order refers to a specific section of the Supplemental Term Sheet, namely, the section setting forth the "Treatment of Private Securities Claims."

Securities Claimants") and the Creditors' Committee – will play a role in finalizing the terms of the Private Securities Trust Agreement.

6. Paragraph 6 of the Private Securities Claims Section of the Supplemental Term Sheet specifically states that "[t]he Private Securities Claims Trust Agreement, including the terms, methodology, criteria and procedures for distributing the Private Securities Claims Assets to holders of allowed Private Securities Claims" must be "in form and substance reasonably acceptable to the Settling Private Securities Claimants, each in their individual capacity." If these parties are unable to agree on the form and substance of the Private Securities Claims Trust Agreement, the Settling Private Securities Claimants will not be obligated to continue to perform under the PSA.

7. To clarify this point, the Settling Private Securities Claimants have proposed to add language to the order as follows: "¶. The discretionary rights granted in **paragraph 6 of** the Treatment of Securities Claims Section of the Supplemental Term Sheet are hereby approved." Counsel for NCUAB have indicated that they believe this language is sufficient to address their concerns regarding the form of order. Accordingly, the NCUAB objection concerning the proposed form of order is resolved.

*[signature page follows]*

                                    Respectfully submitted,

Dated: June 24, 2013
       New York, New York

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

   /s/  Susheel Kirpalani
Daniel L. Brockett
Susheel Kirpalani
Jennifer Barrett
Maria Ginzburg
Scott C. Shelley

51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile:  (212) 849-7100

Eric D. Winston (admitted *pro hac vice*)
Jeremy D. Andersen (admitted *pro hac vice*)
865 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for AIG Asset Management (U.S.), LLC, et al., Allstate Insurance Company, et al., Massachusetts Mutual Life Insurance Company, and Prudential Insurance Company of America, et al.*