# EXHIBIT 1

**Chart of Arguments Raised in Objections and Reservations of Rights**

In re Residential Capital, LLC, et al., 12-12020 (MG)
Summary of Responses to Plan Support Agreement Motion and Debtors' Replies

| D.I. | Responding Party | Objection/Response | Reply |
|---|---|---|---|
| 4007 | Landon Rothstein, *et. al.* | • The anticipated Plan does not provide sufficient funding for the *Rothstein* putative class action Plaintiffs to share in.<br><br>• The Plan proposes "improper third-party releases." | • Respondent correctly recognizes that this should be addressed through the Plan confirmation process. See Debtors' Reply § II.B.<br><br>• This objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II.A; AFI's Reply § III.B. |
| 4008 | Amherst | • The RMBS Trust claim allocation should be determined by investors or investors should have input into the allocation through an independent outside professional.<br><br>• Allocation of administrative expenses to RFC and GMAC Mortgage is improper, and no justification has been provided for the contemplated allocation.<br><br>• Payment of the Institutional Investors' professionals' fees out of the RMBS investor claims is improper, especially as to the RMBS Trusts that opt out of the RMBS Settlement.<br><br>• The Trust Unit (as defined in the Supplemental Term Sheet) allocation does not contain a reserve mechanism for the RMBS Trusts that choose to opt-out of the RMBS Settlement.<br><br>• A post-confirmation deadline for the RMBS Trusts should be set. | • This objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II.B; Trustees' Reply § I.<br><br>• This objection is premature and the appropriateness of the agreement must be brought within the Plan confirmation process. See Debtors' Reply § II.B.<br><br>• This objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II.B; Committee's Reply § D; Trustees' Reply § I.<br><br>• Amherst continues to have the ability to direct the RMBS Trustees to opt-out of the RMBS Settlement. In addition, the Plan Support Agreement and term sheets are not intended to exhaustively address all Plan issues and Amherst may challenge such issues through confirmation. See Debtors' Reply § II.B; Committee's Reply § D; Trustees' Reply § I.<br><br>• This objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II.B; Trustees' Reply § I. |
| 4009 | Ambac | • Ambac lacks sufficient information regarding treatment of its claims and reserves its rights to object to any plan and disclosure statement. | • Respondent correctly recognizes that this should be addressed through the Plan confirmation process. See Debtors' Reply § II.C; Committee's Reply § D. |

In re Residential Capital, LLC, et al., 12-12020 (MG)
Summary of Responses to Plan Support Agreement Motion and Debtors' Replies

| D.I. | Responding Party | Objection/Response | Reply |
|---|---|---|---|
| 4012 | Citigroup Global Markets Inc, Deutsche Bank Securities Inc., Goldman Sachs & Co. and UBS Securities | • "[I]t is unclear whether" certain third-party releasees have provided a substantial financial contribution and what consideration will be provided for the releases. | • Respondent correctly recognizes that this should be addressed through the Plan confirmation process. See Debtors' Reply § II.A; AFI's Reply § III.B. |
| 4015 | Lloyd's, London, Twin City Fire Insurance Company, Continental Casualty Company, Clarendon National Insurance Company, Swiss Re International S.E. (formerly known as [f/k/a] SR International Business Insurance Company Ltd.), St. Paul Mercury Insurance Company, and Axcelera Specialty Risk as managing general agent of North American Specialty Insurance Company, and certain other insurers | • The Debtors' should confirm that any plan will be "insurance neutral" before the Plan Support Agreement motion may be approved. | • The Debtors will ensure that the as-yet-to-be-filed Plan complies with all requirements pursuant to the Bankruptcy Code. See Debtors' Reply § II; Committee's Reply §§ C.iv, D. |
| 4018, 4055 | Ad Hoc Group | • The Ad Hoc Group objects to the anticipated Plan based on the Plan's expected treatment of intercompany claims and the JSNs' alleged entitlement to postpetition interest.<br>• The Debtors and Creditors' Committee should confirm that the "fiduciary out" restriction relates only to the part of the Plan Support Agreement that relates to the settlement of claims against Ally and that the Debtors and Creditors' Committee may modify other aspects of the Plan over the objection of supporting parties. | • The Court has set a schedule to determine whether the JSNs are entitled to postpetition interest. In addition, this objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § IV.A; Committee's Reply § C.i.<br>• Pursuant to the Plan Support Agreement, the parties expressly waived any fiduciary out only in connection with the Examiner's Report. See Debtors' Reply § IV.A; Committee's Reply § C.i. |

In re Residential Capital, LLC, et al., 12-12020 (MG)
Summary of Responses to Plan Support Agreement Motion and Debtors' Replies

| D.I. | Responding Party | Objection/Response | Reply |
|---|---|---|---|
| | | • Referencing the first amended complaint in the adversary proceeding *Residential Capital LLC, et al. v. UMB Bank, N.A., et al.*, the Ad Hoc Group asserts that adverse Debtor entities have prematurely reached a definitive conclusion to waive prepetition and postpetition claims against one another prior to submission of a proposed Plan. | • The Debtors will propose as part of the Plan that intercompany claims are waived. However, the Debtors are not seeking to waive such claims in connection with the Motion. See Debtors' Reply § II. |
| 4019 | Credit Suisse | • The anticipated third-party releases are "defective on their face" and, therefore, the Court should not approve the Plan Support Agreement.<br>• The Court lacks jurisdiction to grant third-party releases as to Credit Suisse.<br>• The anticipated third-party releases do not satisfy the *Metromedia* requirements.<br>• The release of Credit Suisse's claims can not be saved by characterizing the release as a bar order in a settlement of the underlying securities litigation.<br>• The Debtors do not need approval of the Plan Support Agreement and the Court lacks authority to approve it.<br>• Approval of the Plan Support Agreement should not bind parties in interest to the transactions contemplated by the Agreement. | • This objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II.A; Committee's Reply § D; AFI's Reply § III.B.<br>• The claims of both Credit Suisse and Ally are insured under the same joint policy and, accordingly, any claims filed by either entity would affect the res of the Debtors' estates. See AFI's Reply § III.A.<br>• This objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II.A; AFI's Reply § III.B.<br>• This objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II; Committee's Reply § D.<br>• Pursuant to the Plan Support Agreement and applicable sections of the Bankruptcy Code, the Debtors believe it was appropriate to file the Motion and that the Court has authority to approve it. See Debtors' Reply § IV.C(i); Committee's Reply § A.iii; AFI's Reply § II.<br>• The Debtors have filed a revised Proposed Order, including language reserving all parties' rights to object to the soon-to-be-filed disclosure statement, Plan, and the transactions contemplated in the Plan. See Debtors' Reply § II; Proposed Order ¶ 5; Committee's Reply § B. |

ny-1096220                                                                                   3

12-12020-mg   Doc 4066-1   Filed 06/24/13   Entered 06/24/13 14:24:59   Exhibit 1 - Chart of Arguments   Pg 5 of 9

In re Residential Capital, LLC, et al., 12-12020 (MG)
Summary of Responses to Plan Support Agreement Motion and Debtors' Replies

| D.I. | Responding Party | Objection/Response | Reply |
|---|---|---|---|
| | | • The Court should not grant the Motion without disclosure of the Examiner's Report.<br><br>• The Motion should not be entitled to a business judgment standard of review because the Debtors did not review the Examiner's findings and conclusions before entering into the Plan Support Agreement.<br><br>• The Bankruptcy Code favors public disclosures of documents and, on this basis, the Court should disclose the Examiner's Report prior to approving the Motion. | • All parties will have a full and fair opportunity to review the Examiner's Report alongside the Plan and disclosure statement that will be filed on or prior to July 3, 2013 and can raise any valid objections within the confirmation process. See Debtors' Reply § IV.C(ii); Committee's Reply § A.ii.<br><br>• The Debtors' decision to execute the Plan Support Agreement without considering the Examiner's Report was consistent with their fiduciary duties and, moreover, was not viewed by the Court or Judge Peck as a condition to settlement. See Debtors' Reply § IV.C(ii); Committee's Reply § A.ii.<br><br>• See Debtors' Reply § IV.C(ii); *Debtors' Objection to Motion of Berkshire Hathaway Inc. to Unseal the Examiner's Report Pursuant to 11 U.S.C. § 107(a)* [Docket No. 4016]; Committee's Reply § A.ii. |
| 4020 | NCUAB | • NCUAB's claims fit within the Supplemental Term Sheet's definition of Private Securities Claims and should share in the assets of the Private Securities Claim Trust.<br><br>• There is insufficient evidence for the Court to make certain findings contained in the Proposed Order regarding the RMBS Trustees' decision-making process and whether they acted in the best interests of investors in the RMBS Trusts. | • NCUAB did not assert any claims against Ally prepetition and the Debtors filed an objection to all eleven of NCUAB's proofs of claim, seeking to disallow those claims on the basis that, among others, NCUAB's claims are barred by the applicable statutes of limitation. [Docket No. 4050]. These claims are not similar to the Private Securities Claims. See Debtors' Reply § II.B; Committee's Reply §§ C.iii, D; Investors' Reply.<br><br>• The record amply supports the findings requested by the Debtors in the Proposed Order. See Debtors' Reply § III.C; Committee's Reply § B; Trustees' Reply § III; Investors' Reply. |

In re Residential Capital, LLC, et al., 12-12020 (MG)
Summary of Responses to Plan Support Agreement Motion and Debtors' Replies

| D.I. | Responding Party | Objection/Response | Reply |
|---|---|---|---|
| 4023 | Monarch Alternative Capital, LP ("**Monarch**") and Stonehill Capital Management LLC ("**Stonehill**") | • The FGIC Settlement is not in the best interests of the RMBS Trusts' investors. | • As recognized by Monarch and Stonehill, the merits of the FGIC Settlement are more appropriately addressed in connection with approval of the FGIC Settlement, and the Debtors have included a reservation of rights in the Proposed Order to permit these parties to challenge the merits of the FGIC Settlement.  See Committee's Reply § B; Proposed Order ¶ 5; Trustees' Reply § V. |
| 4025 | Assured Guaranty Municipal Corp. ("**Assured**") | • Assured does not have sufficient information regarding the treatment of its claims and, therefore, is not supporting the Plan Support Agreement at this time.<br>• Certain of the terms of the reservation of rights of the Debtors, Ally, and the RMBS Trusts with respect to the Monoline Insurers (other than FGIC) suggest rights that do not exist under the relevant insurance policies. | • The Plan Support Agreement and term sheets are not intended to exhaustively address all Plan issues, which will be appropriately addressed within the Plan confirmation process.  See Debtors' Reply § II.B; Trustees' Reply § II.A.<br>• The terms of the associated insurance policies govern the rights of the various parties.  See also Trustees' Reply § II.A. |
| 4026 | Federal Home Loan Mortgage Corporation  ("**Freddie Mac**") | • Freddie Mac joins the reservation of rights filed by Monarch and Stonehill. | • See reply to Monarch and Stonehill response, above. |
| 4028 | Syncora | • The Court lacks jurisdiction to enter an order extinguishing or otherwise impairing third-party claims against RMBS Trustees.<br><br>• The Plan Support Agreement does not fully explain Syncora's treatment under the anticipated Plan.<br><br>• The Plan Support Agreement does not contemplate a confirmable Plan and, therefore, the Motion should be denied. | • The Motion does not seek any release of, or injunction against, any claim by Syncora.  To the extent Syncora objects to third-party releases, this objection is premature and must be brought within the Plan confirmation process.  See Debtors' Reply § III.B; Committee's Reply § D; Trustees' Reply § II.B.<br>• This objection is premature and must be brought within the Plan confirmation process.  The Debtors will continue to work with Syncora to address any concerns it may have.  See Debtors' Reply §§ II.B & IV.B; Committee's Reply §§ B, C.vi; Trustees' Reply § II.B.<br>• This objection is premature and must be brought within the Plan confirmation process.  See Debtors' Reply § II.B; Committee's Reply § D. |

In re Residential Capital, LLC, et al., 12-12020 (MG)
Summary of Responses to Plan Support Agreement Motion and Debtors' Replies

| D.I. | Responding Party | Objection/Response | Reply |
|---|---|---|---|
| | | • The Motion should be considered under a heightened scrutiny standard and fails to meet that standard. | • The Motion and the Plan Support Agreement should be considered under, and satisfies, the business judgment standard. See Debtors' Reply § I.A. If considered under a heightened standard, that standard would be met. See Debtors' Reply § I.B; Committee's Reply § A.i; AFI's Reply § I. |
| | | • Payment of certain parties' attorneys' fees is inappropriate and the Plan Support Agreement fails to supply any rationale for this distribution. | • This objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II.B. |
| 4031 | United States Trustee | • Approval of the Plan Support Agreement could be construed as approving third-party releases. | • As indicated in the Plan Support Agreement, once the contemplated Plan has been formally proposed and solicited, the Debtors will seek approval of the third-party releases within the Plan confirmation process. See Debtors' Reply § II.A; Committee's Reply § C.ii; AFI's Reply § III. |
| | | • Payment of the RMBS Trustees' professional fees is not permitted by any provision in the Bankruptcy Code. | • The Debtors have paid the RMBS Trustees' professionals' fees throughout the case pursuant to the *Final Supplement Order Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774]. To the extent not addressed in that order, this objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II; Committee's Reply § C.ii; Trustees' Reply § IV. |
| 4032 | Pension Benefit Guaranty Corp. ("**PBGC**") | • PBGC does not object to the Plan Support Agreement, but does object to the broad releases of Ally, which could be construed to release Ally of its statutory obligations with respect to the minimum funding requirements owed to the GMAC Mortgage pension plan. | • The Debtors will continue to work with PBGC to resolve any issues PBGC may have in connection with the releases to be contained in the Plan. See Debtors' Reply § II.A; Committee's Reply §§ C.vii, D; AFI's Reply § III. |

12-12020-mg    Doc 4066-1    Filed 06/24/13    Entered 06/24/13 14:24:59    Exhibit 1 - Chart of Arguments    Pg 8 of 9

In re Residential Capital, LLC, et al., 12-12020 (MG)
Summary of Responses to Plan Support Agreement Motion and Debtors' Replies

| D.I. | Responding Party | Objection/Response | Reply |
|---|---|---|---|
| 4033 | Huntington | - Huntington objects to any provision in an upcoming plan that would stay its pending appeal and value its claim at $0. | - As Huntington recognizes in its response, "[t]he stay as disclosed in the Motion, by its terms, does not apply to the Huntington Action." To the extent issues regarding treatment of Huntington's claims cannot be resolved, Huntington can object to its treatment within the Plan confirmation process. See Debtors' Reply § II; Committee's Reply § C.v; Investors' Reply. |
| 4034 | FHLBs | - The Motion and Plan Support Agreement should be considered under a heightened standard.<br><br>- The Examiner's Report should be unsealed before the Motion is considered because the FHLBs are at a disadvantage as other Consenting Claimants have had the benefit of the Examiner's Report during negotiations.<br>- The Plan Support Agreement does not provide specific information regarding payment to securities claimants within the Private Securities Claims Trusts.<br>- The third-party releases are inappropriate because the Court only has jurisdiction to enjoin non-debtor claims that directly affect the res of the bankruptcy estate, and here, the Debtors' res is not implicated by the claims being released against Ally. | - The Motion and the Plan Support Agreement should be considered under, and satisfy, the business judgment standard. See Debtors' Reply § I.A. If considered under a heightened standard, that standard would be met. See Debtors' Reply § I.B; Committee's Reply § A.i; AFI's Reply § I.<br>- Only the Court has access to the Examiner's Report at this time and no other party has reviewed its contents. See Debtors' Reply § IV.C(ii).<br><br>- The information that the FHLBs believe should be included in the Plan Support Agreement would be more appropriate for inclusion in a disclosure statement and Plan. See Debtors' Reply § II; Investors' Reply.<br><br>- This objection is premature and must be brought within the Plan confirmation process. See Debtors' Reply § II.A; Committee's Reply § D; AFI's Reply § III.A. |

In re Residential Capital, LLC, et al., 12-12020 (MG)
Summary of Responses to Plan Support Agreement Motion and Debtors' Replies

| D.I. | Responding Party | Objection/Response | Reply |
|---|---|---|---|
| 4035 | United States of America | • The United States reserves its right to object to the releases of Ally and its affiliates to the extent such releases would absolve Ally of liability under the DOJ/AG Settlement should the Debtors fail to comply fully with their obligations under such Settlement. | • The United States correctly recognizes that the appropriateness of releases proposed in an as-yet-to-be-filed Plan should be addressed through the Plan confirmation process. See Debtors' Reply § IV.D; AFI's Reply § III. |
| 4038 | Frank Reed | • The Court should strike a clause in the Plan Support Agreement that deals with the Debtors' obligations to satisfy certain regulatory obligations "unless the foreclosure review obligations are otherwise settled." | • The Debtors are working to agree upon a settlement with the Federal Reserve Board regarding their foreclosure review obligations under the Consent Order. Mr. Reed may challenge a settlement of the Debtors' foreclosure review obligations if and when such a settlement is proposed. |
| 4045 | UMB. | • The findings that the Plan Support Agreement and transactions contemplated therein are in the best interests of the Debtors and other entities are inappropriate and premature. | • The record amply supports the findings requested by the Debtors in the Proposed Order. See Debtors' Reply § III.A; Trustees' Reply §§ II.B, III & V. |
| 4049 | Berkshire Hathaway Inc. | • There is insufficient evidence, and it is unnecessary at this point in time, for the Court to find that the Plan Support Agreement is in the "best interests" of the Debtors' estates. | • The Plan Support Agreement is in the collective best interest of the Debtors' estates because, if approved, the Plan contemplated therein will: (a) bring substantial funds to the table from non-Debtor Ally; and (b) avoid the uncertainty and substantial expense of lengthy litigation that would otherwise deplete the Debtors' resources. See Debtors' Reply § III.A; Committee's Reply § B. |

ny-1096220

8