# **EXHIBIT 3**

## **Comparison of Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
)
In re: ) Case No. 12-12020 (MG)
)
RESENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., ) Chapter 11
)
Debtors. ) Jointly Administered
)
---------------------------------------------------------------------

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ENTER INTO A PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE CREDITORS' COMMITTEE, AND <u>CERTAIN CONSENTING CLAIMANTS</u>**

Upon consideration of the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" and each, a "**Debtor**") for entry of an order authorizing the Debtors to enter into and perform under a Plan Support Agreement by and among the Debtors, Ally, the Creditors' Committee and certain Consenting Claimants, and upon the Kruger Declaration and ~~any~~<u>each</u> submission in support of the Motion filed by the RMBS Trustees; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and on the affidavits of mailing to all investors in the RMBS Trusts of the RMBS Trustees' Notice; and it appearing that no other or further notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in each RMBS Trust, each such RMBS Trust, the RMBS Trustees; and the Court having found that each of the parties to the

ny-1095965

Agreement, including the RMBS Trustees<ins>,</ins> have acted reasonably, in good faith and in the best interests of their respective constituencies in entering into the Agreement; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** to the extent set forth below.

2. The Debtors are hereby authorized to enter into and perform under the Plan Support Agreement.

3. The Agreement, including the ~~transactions~~<ins>RMBS Trustees' performance</ins> contemplated ~~therein, are~~<ins>thereunder, is</ins> in the best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in each RMBS Trust and each such RMBS Trust, and the RMBS Trustees, as a compromise of each RMBS Trust's asserted claims against the Debtors.

4. The RMBS Trustees acted reasonably, in good faith and in the best interests of the Institutional Investors, the investors in each RMBS Trust and each such RMBS Trust in agreeing to the Agreement.

5. Notwithstanding anything herein to the contrary, including without limitation, ordering ~~paragraph~~<ins>paragraphs</ins> 3 and 4 above, other than with respect to the parties to the Agreement, nothing herein shall ~~(i)~~ prejudice <ins>or waive</ins> any party in interest's rights to fully prosecute an objection ~~with respect to any proposed disclosure statement or Chapter 11 plan or any other motion, including the motion to approve the FGIC Settlement Agreement, that seeks to effectuate the terms of the Agreement, and (ii)~~<ins>, or</ins> be deemed to constitute any finding of fact or conclusion of law ~~in connection with the approval or confirmation of, as applicable, any disclosure statement, Chapter 11 plan or other motion, including the motion to approve~~ <ins>the FGIC Settlement</ins>

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1095965

~~Agreement, that seeks to~~, with respect to: (i) any proposed disclosure statement, (ii) any proposed chapter 11 plan, (iii) any other motion or other proceeding in this court or the FGIC Rehabilitation Court (as defined in the Plan Term Sheet) that seeks to approve and/or effectuate the terms of the Agreement and the transactions contemplated therein, including the FGIC Settlement Agreement, or (iv) the adversary proceedings relating to the Junior Secured Noteholders (as defined in the Agreement) [Adv. Proc. Nos. 13-01277 and 13-01343].

6. Notice of the RMBS Settlement, the FGIC Settlement Agreement, and the Agreement, including the RMBS Trustees' Notice, was sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the parties in interest in these Chapter 11 cases and others, including the Institutional Investors and the investors in each RMBS Trust, on notice of the Agreement, the RMBS Settlement, and the FGIC Settlement Agreement.

7. Neither the Debtors' entry into nor the Debtors' performance under the Plan Support Agreement shall constitute solicitations of votes of Ally or the Consenting Claimants in violation of section 1125(b) of the Bankruptcy Code.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All objections to the Agreement, the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

10. The discretionary rights granted in paragraph 6 of the Treatment of Securities Claims Section of the Supplemental Term Sheet are hereby approved.

ny-1095965

11.	Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

12.	This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: June __, 2013
         New York, New York

                                            THE HONORABLE MARTIN GLENN
                                            UNITED STATES BANKRUPTCY JUDGE

ny-1095965