Irena M. Goldstein
Jeffrey Chubak
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for Assured Guaranty*
*Municipal Corp., f/k/a Financial*
*Security Assurance Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11** |
| | : | |
| **RESIDENTIAL CAPITAL, LLC, *et al.*,** | : | **Case No. 12-12020 (MG)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------- x

**NOTICE OF FILING OF CORRECTED EXHIBIT A**
**TO DECLARATION OF JEFFREY CHUBAK IN SUPPORT OF**
**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF ASSURED**
**GUARANTY MUNICIPAL CORP. WITH RESPECT TO MOTION FOR ORDER**
**AUTHORIZING DEBTORS TO ENTER INTO AND PERFORM UNDER PLAN**
**SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE CREDITORS'**
**COMMITTEE, AND CERTAIN CONSENTING CLAIMANTS AND TO**
**JOINDER THERETO FILED BY CERTAIN RMBS TRUSTEES**

PLEASE TAKE NOTICE THAT on June 19, 2013, Assured Guaranty Municipal Corp.,

f/k/a Financial Security Assurance Inc. ("Assured") filed (a) a limited objection and reservation

of rights [Docket No. 4025] (the "Limited Objection") with respect to the motion of Residential

Capital, LLC and its affiliated debtors and debtors and possession in the above-captioned cases

(the "Debtors") for an order authorizing the Debtors to enter into and perform under a plan

support agreement with Ally Financial Inc., the creditors' committee in the above-captioned

cases, and certain consenting claimants, filed May 23, 2013 [Docket No. 3814] (the "Motion"),

and certain RMBS trustees' joinder in support of the Motion, filed June 10, 2013 [Docket No.

3940]; and (b) a declaration of Jeffrey Chubak in support of Assured's Limited Objection

[Docket No. 4029] (the "Declaration").

PLEASE TAKE FURTHER NOTICE that in their omnibus reply to responses to the

Motion, filed June 24, 2013 [Docket No. 4061], the RMBS trustees argue Assured "failed to

establish that any RMBS Trustee is bound by the Notice of Claim and Certificate" attached to the

Declaration as Exhibit A because such document "is simply a copy of an unsigned sample form,

and Assured offers no evidence that it has ever received a signed copy of the same document by

any of the RMBS Trustees."   Accordingly, Assured respectfully submits a corrected copy of

Exhibit A to the Declaration, attached hereto as Exhibit 1, which corrected copy includes four

Notices of Claims and Certificates executed by two of the aforementioned RMBS trustees (The

Bank of New York Mellon and U.S. Bank N.A.).

Dated: June 24, 2013
    New York, New York

 

Respectfully submitted,


/s/ Irena M. Goldstein
Irena M. Goldstein
Jeffrey Chubak
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036
Tel: (212) 969-3000
Fax: (212) 969-2900

*Attorneys for Assured Guaranty*
*Municipal Corp., f/k/a Financial*
*Security Assurance Inc.*

**EXHIBIT 1**

**(Insurance Policy and Notices of Claims and Certificates)**




**FINANCIAL**
**SECURITY**
**ASSURANCE** ®

# FINANCIAL GUARANTY
# INSURANCE POLICY

Obligor:     Home Equity Loan Trust 2006-HSA3
Obligations: $201,014,000 Home Equity Loan-Backed Term Notes
             Series 2006-HSA3 and Up to a Maximum of $30,450,148
             Variable Funding Notes

Policy No.: 51733 -N
Date of Issuance: 5/25/06

FINANCIAL SECURITY ASSURANCE INC. ("Financial Security"), for consideration received, hereby UNCONDITIONALLY AND IRREVOCABLY GUARANTEES to each Holder, subject only to the terms of this Policy (which includes each endorsement hereto), the full and complete payment by the Obligor of Scheduled Payments of principal of, and interest on, the Obligations.

For the further protection of each Holder, Financial Security irrevocably and unconditionally guarantees:

(a)    payment of the amount of any distribution of principal of, or interest on, the Obligations made during the Term of this Policy to such Holder that is subsequently avoided in whole or in part as a preference payment under applicable law (such payment to be made by Financial Security in accordance with Endorsement No. 1 hereto).

(b)    payment of any amount required to be paid under this Policy by Financial Security following Financial Security's receipt of notice as provided in Endorsement No. 1 hereto.

Financial Security shall be subrogated to the rights of each Holder to receive payments under the Obligations to the extent of any payment by Financial Security hereunder.

Except to the extent expressly modified by an endorsement hereto, the following terms shall have the meanings specified for all purposes of this Policy. "Holder" means the registered owner of any Obligation as indicated on the registration books maintained by or on behalf of the Obligor for such purpose or, if the Obligation is in bearer form, the holder of the Obligation. "Scheduled Payments" means payments which are scheduled to be made during the Term of this Policy in accordance with the original terms of the Obligations when issued and without regard to any amendment or modification of such Obligations thereafter; payments which become due on an accelerated basis as a result of (a) a default by the Obligor, (b) an election by the Obligor to pay principal on an accelerated basis or (c) any other cause, shall not constitute "Scheduled Payments" unless Financial Security shall elect, in its sole discretion, to pay such principal due upon such acceleration together with any accrued interest to the date of acceleration. "Term of this Policy" shall have the meaning set forth in Endorsement No. 1 hereto.

This Policy sets forth in full the undertaking of Financial Security, and shall not be modified, altered or affected by any other agreement or instrument, including any modification or amendment thereto, or by the merger, consolidation or dissolution of the Obligor. Except to the extent expressly modified by an endorsement hereto, the premiums paid in respect of this Policy are nonrefundable for any reason whatsoever, including payment, or provision being made for payment, of the Obligations prior to maturity. This Policy may not be cancelled or revoked during the Term of this Policy. THIS POLICY IS NOT COVERED BY THE PROPERTY/CASUALTY INSURANCE SECURITY FUND SPECIFIED IN ARTICLE 76 OF THE NEW YORK INSURANCE LAW.

In witness whereof, FINANCIAL SECURITY ASSURANCE INC. has caused this Policy to be executed on its behalf by its Authorized Officer.

FINANCIAL SECURITY ASSURANCE INC.

By_____
              Authorized Officer

A subsidiary of Financial Security Assurance Holdings Ltd.
31 West 52nd Street, New York, N.Y. 10019                    (212) 826-0100
Form 100NY (5/89)

ENDORSEMENT NO. 1
TO  FINANCIAL GUARANTY TO INSURANCE POLICY


FINANCIAL SECURITY ASSURANCE INC.
31 West 52nd Street
New York, New York  10019

| | |
|---|---|
| Obligor: | Home Equity Loan Trust 2006-HSA3, established pursuant to the Amended and Restated Trust Agreement, dated as of May 25, 2006, between Residential Funding Mortgage Securities II, Inc., as Depositor, and Wilmington Trust Company, as Owner Trustee. |
| Obligations: | $201,014,000 Home Equity Loan-Backed Term Notes, Series 2006-HSA3 and up to a maximum of $30,450,148 of Variable Funding Notes |
| Policy No.: | 51733-N |
| Date of Issuance: | May 25, 2006 |


      1.    <u>Definitions</u>.  For all purposes of this Policy, the terms specified below shall have the meanings or constructions provided below.  Capitalized terms used herein and not otherwise defined herein shall have the meanings provided in Appendix A to the Indenture unless the context shall otherwise require.

      "<u>Business Day</u>" means any day other than (a) a Saturday or Sunday or (b) a day on which banking institutions in the State of New York, the State of Minnesota, the State of California, the State of Illinois, the State of Delaware, or in the city in which the Corporate Trust Office of the Indenture Trustee is located, are authorized or obligated by law or executive order to be closed.

      "<u>Deficiency Amount</u>"  means, with respect to any Payment Date, the excess, if any of Scheduled Payments over the amount available for distribution on such Payment Date to Noteholders pursuant to Section 3.05 of the Indenture.

      "<u>Financial Security</u>" means Financial Security Assurance Inc., a New York stock insurance company.

      "<u>Guaranteed Payment Amount</u>" means the aggregate outstanding Security Balance of the Obligations on the Payment Date occurring in May 2036, after giving effect to all other distributions of principal on the Obligations on such Payment Date from all sources other than the Policy.

      "<u>Holder</u>" or "<u>Noteholder</u>" shall have the meaning set forth in Appendix A to the Indenture; <u>provided, however</u>, that "Holder" or "Noteholder" shall not include the Obligor or the

Policy No. 51733-N                                           Date of Issuance: May 25, 2006

Depositor in the event that the Obligor or the Depositor is a registered or beneficial owner of the Obligation.

"Indenture" means the indenture, dated as of May 25, 2006, pertaining to the Securities among Home Equity Loan Trust 2006-HSA3 as issuer and JPMorgan Chase Bank, N.A., as Indenture Trustee, as the same may be amended, modified or supplemented from time to time with the consent of Financial Security.

"Indenture Trustee" means JPMorgan Chase Bank, N.A., a national banking association, in its capacity as Indenture Trustee under the Servicing Agreement and the Indenture and any successor in such capacity.

"Policy" means this Financial Guaranty Insurance Policy and includes each endorsement thereto.

"Receipt" and "Received" mean actual delivery to Financial Security and to the Fiscal Agent (as defined below), if any, prior to 12:00 noon, New York City time, on a Business Day; delivery either on a day that is not a Business Day, or after 12:00 noon, New York City time, shall be deemed to be receipt on the next succeeding Business Day.  If any notice or certificate given hereunder by the Indenture Trustee is not in proper form or is not properly completed, executed or delivered, or contains any misstatement, it shall be deemed not to have been Received, and Financial Security or its Fiscal Agent shall promptly so advise the Indenture Trustee and the Indenture Trustee may submit an amended notice.

"Scheduled Payments" means, with respect to each Payment Date, the payment to be made to Holders in an aggregate amount equal to (i) the Interest Distribution Amount due on the Obligations calculated in accordance with the original terms of the Obligations and the Indenture after giving effect to amendments or  modifications to which Financial  Security has given its written consent, (ii) for the Payment Date occurring in May 2036, the Guaranteed Payment Amount, (iii) for any other Payment Date, the principal portion of any Liquidated Loss Amount to the extent not covered by the Overcollateralization Amount and after application of any excess interest, in each case in accordance with the original terms of the Indenture and the Obligations when issued and without regard to any amendment or modification of the Indenture or the Obligations except amendments or modifications to which Financial Security has given its prior written consent.

"Scheduled Payments" will not include, nor shall coverage be provided under this Policy in respect of, any Relief Act Shortfalls or any Net WAC Cap Shortfalls that may be incurred or that may be distributable to the Obligations.  Scheduled Payments shall not include payments that become due on an accelerated basis as a result of a default by the Obligor, an election by the Obligor to pay principal on an accelerated basis, the occurrence of an Event of Default under the Indenture or any other cause, unless Financial Security elects, in its sole discretion, to pay in whole or in part such principal due upon acceleration, together with any accrued interest to the date of acceleration. In the event Financial Security does not so elect, this Policy will continue to guarantee payment on the Obligations in accordance with their original terms. Scheduled Payments shall not include any amounts due in respect of the Obligations attributable to any increase in interest rate, penalty or other sum payable by the Obligor by

2

Policy No. 51733-N                                    Date of Issuance: May 25, 2006

reason of any Default or Event of Default in respect of the Obligations, or by reason of any deterioration of the creditworthiness of the Obligor, nor shall Scheduled Payments include, nor shall coverage be provided under this Policy in respect of, any taxes, withholding or other charge imposed by any governmental authority due in connection with the payment of any Scheduled Payment to a Holder.

"Term Of This Policy" means the period from and including the Date of Issuance to and including the date on which (i) the Security Balance of the Obligations has been reduced to zero after giving effect to all payments, (ii) any period during which any Scheduled Payment could have been avoided in whole or in part as a preference payment under applicable bankruptcy, insolvency, receivership or similar law has expired, and (iii) if any proceedings requisite to avoidance as a preference payment have been commenced prior to the occurrence of (i) and (ii), a final and nonappealable order in resolution of each such proceeding has been entered.

2.    Notices and Conditions to Payment in Respect of Scheduled Payments. Following Receipt by Financial Security of a notice and certificate from the Indenture Trustee in the form attached as Exhibit A to this Endorsement, Financial Security will pay any amount payable hereunder in respect of Scheduled Payments on the Obligations out of the funds of Financial Security on the later to occur of (a) 12:00 noon, New York City time, on the second Business Day following such Receipt; and (b) 12:00 noon, New York City time, on the date on which such payment is due on the Obligations. Payments due hereunder in respect of Scheduled Payments will be disbursed to the Indenture Trustee by wire transfer of immediately available funds.

Financial Security shall be entitled to pay any amount hereunder in respect of Scheduled Payments on the Obligations, including any amount due on the Obligations on an accelerated basis, whether or not any notice and certificate shall have been Received by Financial Security as provided above; provided, however, that by acceptance of this Policy the Indenture Trustee agrees to provide to Financial Security upon Financial Security's request to the Indenture Trustee, a notice and certificate in respect of any such payments made by Financial Security. Financial Security shall be entitled to pay hereunder any amount that becomes due on the Obligations on an accelerated basis at any time or from time to time after such amount becomes due, in whole or in part, prior to the scheduled date of payment thereof; Scheduled Payments insured hereunder shall not include interest, in respect of principal paid hereunder on an accelerated basis, accruing from and after the date of such payment of principal. Financial Security's obligations hereunder in respect of Scheduled Payments shall be discharged to the extent such amounts are paid by the Obligor in accordance with the Indenture or disbursed by Financial Security as provided herein whether or not such funds are properly applied by the Indenture Trustee except as otherwise provided in paragraph 3 of this Endorsement.

3.    Notices and Conditions to Payment in Respect of Scheduled Payments Avoided as Preference Payments. If any Scheduled Payment is avoided as a preference payment under applicable bankruptcy, insolvency, receivership or similar law, Financial Security will pay such amount out of the funds of Financial Security on the later of (a) the date when due to be paid pursuant to the Order referred to below or (b) the first to occur of (i) the fourth Business

3

Policy No. 51733-N                                     Date of Issuance: May 25, 2006

Day following Receipt by Financial Security from the Indenture Trustee of (A) a certified copy of the order of the court or other governmental body that exercised jurisdiction to the effect that the Noteholder is required to return principal of or interest paid on the Obligations during the Term Of This Policy because such payments were avoidable as preference payments under applicable bankruptcy law (the "Order"), (B) a certificate of the Noteholder that the Order has been entered and is not subject to any stay and (C) an assignment duly executed and delivered by the Noteholder, in such form as is reasonably required by Financial Security and provided to the Noteholder by Financial Security, irrevocably assigning to Financial Security all rights and claims of the Noteholder relating to or arising under the Obligations against the estate of the Obligor or otherwise with respect to such preference payment, and (ii) the date of Receipt by Financial Security from the Indenture Trustee of the items referred to in clauses (A), (B) and (C) above if, at least four Business Days prior to such date of Receipt, Financial Security shall have Received written notice from the Indenture Trustee that such items were to be delivered on such date and such date was specified in such notice. Such payment shall be disbursed to the receiver, conservator, debtor-in-possession or trustee in bankruptcy named in the Order and not to the Indenture Trustee or any Noteholder directly (unless a Noteholder has previously paid such amount to the receiver, conservator, debtor in-possession or trustee in bankruptcy named in the Order, in which case such payment shall be disbursed to the Indenture Trustee for distribution to such Noteholder upon proof of such payment reasonably satisfactory to Financial Security). In connection with the foregoing, Financial Security shall have the rights provided pursuant to Section 5.17 of the Indenture, including, without limitation, the right to direct all matters relating to any Preference Claim and subrogation to the rights of the Indenture Trustee and each Holder of an Obligation in the conduct of any proceeding with respect to a Preference Claim.

    4.    <u>Governing Law</u>. This Policy shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to the conflict of laws principles thereof.

    5.    <u>Fiscal Agent</u>. At any time during the Term Of This Policy, Financial Security may appoint a fiscal agent (the "Fiscal Agent") for purposes of this Policy by written notice to the Indenture Trustee at the notice address specified in the Indenture specifying the name and notice address of the Fiscal Agent. From and after the date of receipt of such notice by the Indenture Trustee, (i) copies of all notices and documents required to be delivered to Financial Security pursuant to this Policy shall be simultaneously delivered to the Fiscal Agent and to Financial Security and shall not be deemed Received until Received by both and (ii) all payments required to be made by Financial Security under this Policy may be made directly by Financial Security or by the Fiscal Agent on behalf of Financial Security. The Fiscal Agent is the agent of Financial Security only and the Fiscal Agent shall in no event be liable to any Noteholder for any acts of the Fiscal Agent or any failure of Financial Security to deposit, or cause to be deposited, sufficient funds to make payments due under this Policy.

    6.    <u>Waiver of Defenses</u>. To the fullest extent permitted by applicable law, Financial Security agrees not to assert, and hereby waives, for the benefit of each Noteholder, all rights (whether by counterclaim, setoff or otherwise) and defenses (including, without limitation, the defense of fraud), whether acquired by subrogation, assignment or otherwise, to the extent that such rights and defenses may be available to Financial Security to avoid payment of its obligations under this Policy in accordance with the express provisions of this Policy. Nothing

Policy No. 51733-N                                              Date of Issuance: May 25, 2006

in this paragraph shall be construed to limit or otherwise impair Financial Security's right to pursue recovery or claims (based on contractual rights, securities law violations, fraud or other causes of action) against any person or entity, or, except as provided in paragraph 3 of this Endorsement, to require payment by Financial Security of any amounts that have been previously paid or that are not otherwise due in accordance with the express provisions of this Policy or the Obligations. Nothing in this Policy shall be construed to require payment to the extent any force majeure event or governmental act prevents Financial Security from performing its obligations under this Policy or such performance is otherwise rendered impossible, in which event Financial Security agrees to (i) use commercially reasonable efforts to perform its obligations under this Policy notwithstanding such force majeure event, governmental act or impossibility of performance and (ii) perform its obligations under this Policy promptly following cessation of such force majeure event, governmental act or impossibility of performance.

        7.      Notices. All notices to be given hereunder shall be in writing (except as otherwise specifically provided herein) and shall be mailed by registered mail or personally delivered or telecopied to Financial Security as follows:

                Financial Security Assurance Inc.
                31 West 52nd Street
                New York, New York  10019
                Attention: Managing Director -- Transaction Oversight
                Re:     $201,014,000 Home Equity Loan-Backed Term Notes,
                        Series 2006-HSA3 and up to a maximum of $30,450,148 of
                        Variable Funding Notes
                        Policy No.:  51733-N
                Telecopy No.:  (212) 339-3518
                Confirmation:  (212) 826-0100

Financial Security may specify a different address or addresses by writing mailed or delivered to the Indenture Trustee.

        8.      Priorities. In the event that any term or provision of the face of this Policy is inconsistent with the provisions of this Endorsement, the provisions of this Endorsement shall take precedence and shall be binding.

        9.      Exclusions From Insurance Guaranty Funds. This Policy is not covered by the Property/Casualty Insurance Security Fund specified in Article 76 of the New York Insurance Law. This Policy is not covered by the Florida Insurance Guaranty Association created under Part II of Chapter 631 of the Florida Insurance Code. In the event Financial Security were to become insolvent, any claims arising under this Policy are excluded from coverage by the California Insurance Guaranty Association, established pursuant to Article 14.2 of Chapter 1 of Part 2 of Division 1 of the California Insurance Code.

        10.     Surrender of Policy. The Indenture Trustee shall surrender this Policy to Financial Security for cancellation upon expiration of the Term Of This Policy.

5

Policy No. 51733-N

Date of Issuance: May 25, 2006

IN WITNESS WHEREOF, FINANCIAL SECURITY ASSURANCE INC. has caused this Endorsement No. 1 to be executed by its Authorized Officer.

FINANCIAL SECURITY ASSURANCE INC.

By_____

Authorized Officer

6



## CLAIMS PAYMENT AUTHORIZATION - / AGC - AGM

| | |
|---|---|
| Date: | December 22, 2009 |
| Policy Number: | 51733-N |
| Policy Name: | GMAC RFC |
| | Home Equity Loan 2006-HSA3, HELOC |
| Amount: | $1,034,613.85 |
| Date Due: | December 28, 2009 |

Wiring Instructions:

| | |
|---|---|
| Bank: | The Bank of New York |
| ABA or SWIFT: | 021-000-018 |
| G.L. Acct Number: | 211705 |
| FFC TAS #: | 618664 |
| Reference: | RMFSII 2006 HSA3 |
| Attn: | Joanne Murray (713) 483-6154 |

Signed: _____  12/22/09
[Oversight Officer]  [Date]

Approved: _____  12/22/09
[Team Leader, MD of Department or CUO]  [Date]

Policy No. 51733-N

Date of Issuance: May 25, 2006

Exhibit A
To Endorsement 1

## NOTICE OF CLAIM AND CERTIFICATE
(Letterhead of Indenture Trustee)

Financial Security Assurance Inc.
31 West 52nd Street
New York, New York 10019

Re:    HOME EQUITY LOAN TRUST 2006-HSA3

      The undersigned, a duly authorized officer of JPMorgan Chase Bank, N.A. (the "Indenture Trustee"), hereby certifies to Financial Security Assurance Inc. ("Financial Security"), with reference to Financial Guaranty Insurance Policy No. 51733-N issued on May 25, 2006 (the "Policy") issued by Financial Security in respect of $201,014,000 Home Equity Loan-Backed Term Notes, Series 2006-HSA3 and up to a maximum of $30,450,148 of Variable Funding Notes (collectively, the "Notes") of the above referenced Trust, that:

      (i)     The Indenture Trustee is the Indenture Trustee for the Noteholders under the Indenture.

      (ii)     The sum of all amounts on deposit (or scheduled to be on deposit) in the Collection Account and available for distribution to the Noteholders pursuant to the Indenture will be $ 1,034,613.85   (the "Shortfall") less than the aggregate amount of Scheduled Payments due on December 28, 2009

      (iii)     The Indenture Trustee is making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Payments.

      (iv)     The Indenture Trustee agrees that, following receipt of funds from Financial Security, it shall (a) hold such amounts in trust and apply the same directly to the payment of Scheduled Payments on the Obligations when due; (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Indenture Trustee and (d) maintain an accurate record of such payments with respect to each Obligation and the corresponding claim on the Policy and proceeds thereof and, if the Obligation is required to be surrendered or presented for such payment, shall stamp on each such Obligation the legend "$[insert applicable amount] paid by Financial Security and the balance hereof has been cancelled and reissued" and then shall deliver such Obligation to Financial Security.

      (v)     The Indenture Trustee, on behalf of the Noteholders, hereby assigns to Financial Security (a) the rights of the Noteholders with respect to the Obligations to the extent of any payments under the Policy and (b) any claims of and amounts due to the Noteholders in respect of securities law, fraud or other claims arising out of or relating to the offer and sale of the Obligations. The foregoing assignments are in addition to, and not in limitation of, rights of subrogation otherwise available to Financial Security in respect of such payments. Payments to Financial Security in respect of the foregoing assignments shall in all cases be subject to and subordinate to the rights of the Noteholders to receive all Scheduled Payments in respect of the

A-1

Obligations. The Indenture Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Financial Security to effectuate the purpose or provisions of this clause (v).

(vi)    The Indenture Trustee, on its behalf and on behalf of the Noteholders, hereby appoints Financial Security as agent and attorney-in-fact for the Indenture Trustee and each such Noteholder in any legal proceeding with respect to the Obligations. The Indenture Trustee hereby agrees that Financial Security may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters relating to such Insolvency Proceeding, including, without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim, at the expense of Financial Security but subject to reimbursement as provided in the Insurance Agreement, and (C) the posting of any surety, supersedeas, or performance bond pending any such appeal. In addition, Indenture Trustee hereby agrees that Financial Security shall be subrogated to, and the Indenture Trustee on its behalf and on behalf of each Noteholder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Indenture Trustee and each Noteholder in the conduct of any Insolvency Proceeding, including, without limitation, all rights of any party to an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding.

(vii)    Payment should be made by wire transfer directed to the [Specify Account].

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

A-2

IN WITNESS WHEREOF, the Indenture Trustee has executed and delivered this Notice of Claim and Certificate as of the 22 day of December 2009

JPMORGAN CHASE BANK, N.A.,
not in its individual capacity but solely as Indenture
Trustee

By: _____ Joanne Murray _____
Title: _____ Vice President _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

For [_____] Use Only

Wire transfer sent on _____ by _____

Confirmation Number _____

A-3



**A**SSURED
**G**UARANTY®
ENDURING FINANCIAL STRENGTH℠

## CLAIMS PAYMENT AUTHORIZATION - AGM

| | |
|---|---|
| Date: | February 22, 2012 |
| Policy Number: | 51733-N |
| Policy Name: | GMAC RFC |
| | Home Equity Loan 2006-HSA3, HELOC |
| Amount: | $ 725,660.86 |
| Date Due: | February 27, 2012 |

Wiring Instructions:

| | |
|---|---|
| Bank: | The Bank of New York |
| ABA or SWIFT: | 021-000-018 |
| G.L. Acct #: | 211705 |
| FFC TAS # | 618664 |
| Reference: | RMFSII 2006 HSA3 |
| Attn: | Joanne Murray (713) 483-6154 |

Signed: _____   2/22/12
                    Taylor Mak                    Date

Approved: _____   2/22/12
                    Errol Uhr                    Date

Policy No. 51733-N                                      Date of Issuance: May 25, 2006

### NOTICE OF CLAIM AND CERTIFICATE
(Letterhead of Indenture Trustee)

Financial Security Assurance Inc.
31 West 52nd Street
New York, New York  10019

Re:     HOME EQUITY LOAN TRUST 2006-HSA3

The undersigned, a duly authorized officer of JPMorgan Chase Bank, N.A. (the "Indenture Trustee"), hereby certifies to Financial Security Assurance Inc. ("Financial Security"), with reference to Financial Guaranty Insurance Policy No. 51733-N issued on May 25, 2006 (the "Policy") issued by Financial Security in respect of $201,014,000 Home Equity Loan-Backed Term Notes, Series 2006-HSA3 and up to a maximum of $30,450,148 of Variable Funding Notes (collectively, the "Notes") of the above referenced Trust, that:

(i)     The Indenture Trustee is the Indenture Trustee for the Noteholders under the Indenture.

(ii)     The sum of all amounts on deposit (or scheduled to be on deposit) in the Collection Account and available for distribution to the Noteholders pursuant to the Indenture will be $725,660.86 (the "Shortfall") less than the aggregate amount of Scheduled Payments due on February 27, 2012.

(iii)     The Indenture Trustee is making a claim under the Policy for the Shortfall to be applied to the payment of Scheduled Payments.

(iv)     The Indenture Trustee agrees that, following receipt of funds from Financial Security, it shall (a) hold such amounts in trust and apply the same directly to the payment of Scheduled Payments on the Obligations when due; (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the Indenture Trustee and (d) maintain an accurate record of such payments with respect to each Obligation and the corresponding claim on the Policy and proceeds thereof and, if the Obligation is required to be surrendered or presented for such payment, shall stamp on each such Obligation the legend "$[insert applicable amount] paid by Financial Security and the balance hereof has been cancelled and reissued" and then shall deliver such Obligation to Financial Security.

(v)     The Indenture Trustee, on behalf of the Noteholders, hereby assigns to Financial Security (a) the rights of the Noteholders with respect to the Obligations to the extent of any payments under the Policy and (b) any claims of and amounts due to the Noteholders in respect of securities law, fraud or other claims arising out of or relating to the offer and sale of the Obligations. The foregoing assignments are in addition to, and not in limitation of, rights of subrogation otherwise available to Financial Security in respect of such payments. Payments to Financial Security in respect of the foregoing assignments shall in all cases be subject to and subordinate to the rights of the Noteholders to receive all Scheduled Payments in respect of the

A-1

Obligations. The Indenture Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Financial Security to effectuate the purpose or provisions of this clause (v).

(vi)    The Indenture Trustee, on its behalf and on behalf of the Noteholders, hereby appoints Financial Security as agent and attorney-in-fact for the Indenture Trustee and each such Noteholder in any legal proceeding with respect to the Obligations.  The Indenture Trustee hereby agrees that Financial Security may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership, rehabilitation or similar law (an "Insolvency Proceeding") direct all matters relating to such Insolvency Proceeding, including, without limitation, (A) all matters relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim, at the expense of Financial Security but subject to reimbursement as provided in the Insurance Agreement, and (C) the posting of any surety, supersedeas, or performance bond pending any such appeal.  In addition, Indenture Trustee hereby agrees that Financial Security shall be subrogated to, and the Indenture Trustee on its behalf and on behalf of each Noteholder hereby delegates and assigns, to the fullest extent permitted by law, the rights of the Indenture Trustee and each Noteholder in the conduct of any Insolvency Proceeding, including, without limitation, all rights of any party to an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding.

(vii)    Payment should be made by wire transfer directed to the [Specify Account].

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

A-2

IN WITNESS WHEREOF, the Indenture Trustee has executed and delivered this Notice of Claim and Certificate as of the 22 day of February, 2012

Bank of New York Mellon as successor to

JPMORGAN CHASE BANK, N.A.,
not in its individual capacity but solely as Indenture Trustee

By: _____

Title: Vice President _____

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

For [_____] Use Only

Wire transfer sent on _____ by _____

Confirmation Number _____

A-3



## ASSURED GUARANTY
ENDURING FINANCIAL STRENGTH ℠

### CLAIMS PAYMENT AUTHORIZATION - AGM

| | |
|---|---|
| Date: | January 20, 2012 |
| Policy Number: | 51527-N |
| Policy Name: | GMACM 2004-HE3 |
| Amount: | $ 902,754.14 |
| Date Due: | January 25, 2012 |

Wiring Instructions:

| | |
|---|---|
| Bank: | US Bank Trust NA |
| Bank # ABA: | 091000022 |
| Account # : | 173103322058 |
| Attn : | Tanveer  651-495-3882 |
| Further Credit: | GMACM 2004-HE3  ac  144302000 |

Signed: _____   1/20/12
                       Taylor Mak                                    Date

Approved: _____   1/20/12
                       Errol Uhr                                      Date



All of **us** serving you·

Policy No. : 51527- N

Date of Issuance: June 30, 2004
Exhibit A
To Endorsement 1

## NOTICE OF CLAIM AND CERTIFICATE

Financial Security Assurance Inc.
350 Park Avenue
New York, NY 10022

Re: GMACM Home Equity Loan Trust 2004-HE3

The undersigned, a duly authorized officer of U.S.Bank N.A. (the "Indenture Trustee"), hereby certifies to Financial Security Assurance Inc. ("FinancialS Security"), with reference to Financial Guaranty Insurance Policy No. 51527-N dated June 30, 2004 (the "Policy") issued by Financial Security in respect of the GMACM Home Equity Loan-Backed Term Notes, Series 2004-HE3, Class A-1 ($430,000,000 Initial Note Balance), Class A-2 ($285,000,000 Initial Note Balance) and Class A-3 ($237 320,000 Initial Note Balance) and- GMACM Home Equity Loan-Backed Variable Pay Revolving Notes, Series 2004-HE3, Class A-1 VPRN-1 ($24,960,000 Initial Note Balance), Class A-2 VPRN-1 ($0 Initial Note Balance) and Class A-3 VPRN-1 ($0 Initial Note Balance) (the "Obligation"), that:

(i) The Indenture Trustee is the Indenture Trustee for the Holders under the Indenture.

(ii) The sum of all amounts on deposit (or scheduled to be on deposit) in the Note Payment Account and available for distribution to the Holders pursuant to the Indenture will be $902,754.14 (the "Shortfall" ) less than the aggregate amount of Scheduled Payments due on January 25, 2012.
".

(iii) The Indenture Trustee is making a claim under the Policy for the Shortfall, to be applied to the payment of Scheduled Payments.

(iv) The Indenture Trustee agrees that, following receipt of funds from Financial Security, it shall (a) hold such amounts in trust and apply the same directly to the payment of Schedule Payments on the Obligations when due; (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the indenture Trustee and (d) maintain an accurate record of



All of **us** serving you·

Policy No. : 51527- Date off Issuance: June 30, 2004

such payments with respect to each Obligation and the corresponding claim on the Policy and proceeds thereof, and, if the Obligation is required to be surrendered or presented for such payment, shall stamp on each such Obligation the legend $(insert applicable amount) paid by Financial Security and the balance hereof has been cancelled and reissued" and then shall deliver such Obligation to Financial Security.

(v) The Indenture Trustee, on behalf of the Holders, hereby assigns to Financial Security the rights of the Holders with respect to the Obligations to the extent of any payments under the Policy, including, without limitation, any amounts, due to the Holders in respect of securities law violations arising from the offer, and sale of the Obligations. The foregoing assignment is in addition to, and not in limitation of, rights of subrogation otherwise available to Financial Security, in respect of such payments. Payments to Financial Security in respect of the foregoing assignment shall in all cases be subject to and subordinate to the rights of the Holders to receive all Scheduled Payments in respect of the Obligations. The Indenture Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Financial ' Security to effectuate the purpose or provisions of this clause(v).

(vi) The Indenture Trustee, on its behalf and on behalf of the Holders, hereby appoints, Financial Security as agent and attorney-in- fact for, the Indenture Trustee and each such Holder in any legal proceeding with respect to the Obligations. The Indenture Trustee hereby agrees that Financial Security may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership; rehabilitation or similar law (an "Insolvency Proceeding ) direct all matters relating to such Insolvency Proceeding, including without limitation, (A) all matter relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim, at the expense of Financial Security but subject to reimbursement provided in the Insurance Agreement, and (C) the posting , of any surety, supersede as or performance bond pending any such appeal. In addition, the Indenture Trustee agrees that Financial Security shall be subrogated to, and the Indenture Trustee on its behalf and on behalf of each Holder, hereby delegates



All of **us** serving you*

Policy No. : 51527- Date of Issuance: June 30, 2004

and assigns, to the fullest extent permitted by law, the rights of the Indenture
Trustee and each Holder in the conduct of any Insolvency Proceeding, including,
without limitation, all rights of any party to an adversary proceeding or action with
respect to any court order issued in connection with any such Insolvency
Proceeding.

(vii) Payment should be made by wire transfer directed to Policy
Payments Account.

Wiring Instructions:
US Bank Trust NA
aba 091000022
ac 173103322058
Minneapolis, Minnesota
Attn: Tanveer 651-495-3882
Further credit: Gmacm 2004-HE3 ac 144302000

Unless the context otherwise requires, capitalized terms used in this Notice of
Claim and Certificate and not defined herein shall have the meanings provided in the
Policy.

IN WITNESS WHEREOF, the indenture Trustee has executed and delivered this
Notice of Claim and Certificate as of the 20th day of January, 2012.

U.S. Bank N.A., as
Indenture Trustee

By: ...................
Title: ....Tanveer Aslam
        Trust Officer.

For Financial Security or Fiscal Agent Use Only
Wire transfer sent on ............... by...........................
Confirmation Number ..............................

| GMAC 2004-HE3 | | Accrued |
| --- | --- | --- |
| | Beg Bal | Interest |
| Class A-3 | 137,559,145.66 | 58,020.92 |
| Var. Pay Revolving Notes - A-2 | 94,110,384.54 | 40,452.83 |
| | 231,669,530.20 | 98,473.75 |
| Beginning Balance | | 231,669,530.20 |
| Principal | | 2,323,246.66 |
| Loss of Prin | | 902,754.14 |
| Ending Balance | | 228,443,529.40 |
| Net Interest Collected | | 669,497.44 |
| MBIA Premium | 0.12% | 24,638.28 |
| | | 644,859.16 |
| **Draw Amount** | | **902,754.14** |
| **Reimbursement Amount** | | **546,385.41** |
| Net Draw Amount | | 356,368.73 |
| Ending Unreimbursed Draw Amount | | 15,386,087.93 |



## CLAIMS PAYMENT AUTHORIZATION - AGM

| | |
|---|---|
| Date: | January 22, 2013 |
| Policy Number: | 51527-N |
| Policy Name: | GMACM 2004-HE3 |
| Amount: | $ 514,271.88 |
| Date Due: | January 25, 2013 |

Wiring Instructions:

| | |
|---|---|
| Bank: | US Bank Trust NA |
| Bank # ABA: | 091000022 |
| Account # : | 173103322058 |
| Attn : | Tanveer  651-495-3882 |
| Further Credit: | GMACM 2004-HE3  ac  144302000 |

Signed:  _____  1/22/13
                      Taylor Mak                          Date

Approved:  _____  1/22/13
                      Errol Uhr                              Date



All of **us** serving you®

Policy No. : 51527- N

Date of Issuance: June 30, 2004
Exhibit A
To Endorsement 1

## NOTICE OF CLAIM AND CERTIFICATE

Financial Security Assurance Inc.
350 Park Avenue
New York, NY 10022

Re: GMACM Home Equity Loan Trust 2004-HE3

The undersigned, a duly authorized officer of U.S.Bank N.A. (the "Indenture Trustee"), hereby certifies to Financial Security Assurance Inc. ("FinancialS Security"), with reference to Financial Guaranty Insurance Policy No. 51527-N dated June 30, 2004 (the "Policy") issued by Financial  Security in respect of the GMACM Home Equity Loan-Backed Term Notes, Series 2004-HE3, Class A- I ($430,000,000 Initial Note Balance), Class A-2 ($285,000,000 Initial Note Balance) and Class A-3 ($237 320,000 Initial Note Balance) and- GMACM Home Equity Loan-Backed Variable Pay Revolving Notes, Series 2004-HE3, Class A-1 VPRN-1 ($24,960,000 Initial Note Balance), Class A-2 VPRN-1 ($0 Initial Note Balance) and Class A-3 VPRN-1 ($0 Initial Note Balance) (the "Obligation"), that:

(i) The Indenture Trustee is the Indenture Trustee for the Holders under the Indenture.

(ii) The sum of all amounts on deposit (or scheduled to be on deposit) in the Note Payment Account and available for distribution to the Holders pursuant to the Indenture will be $514,271.88 (the "Shortfall" ) less than the aggregate amount of Scheduled Payments due on January 25, 2013.
".

(iii) The Indenture Trustee is making a claim under the Policy for the Shortfall, to be applied to the payment of Scheduled Payments.

(iv) The Indenture Trustee agrees that, following receipt of funds from Financial Security, it shall (a) hold such amounts in trust and apply the same directly to the payment of Schedule Payments on the Obligations when due; (b) not apply such funds for any other purpose; (c) not commingle such funds with other funds held by the indenture Trustee and (d) maintain an accurate record of



Policy No. : 51527- Date off Issuance: June 30, 2004

such payments with respect to each Obligation and the corresponding claim on the Policy and proceeds thereof, and, if the Obligation is required to be surrendered or presented for such payment, shall stamp on each such Obligation the legend $(insert applicable amount) paid by Financial Security and the balance hereof has been cancelled and reissued" and then shall deliver such Obligation to Financial Security.

(v) The Indenture Trustee, on behalf of the Holders, hereby assigns to Financial Security the rights of the Holders with respect to the Obligations to the extent of any payments under the Policy, including, without limitation, any amounts, due to the Holders in respect of securities law violations arising from the offer, and sale of the Obligations. The foregoing assignment is in addition to, and not in limitation of, rights of subrogation otherwise available to Financial Security, in respect of such payments. Payments to Financial Security in respect of the foregoing assignment shall in all cases be subject to and subordinate to the rights of the Holders to receive all Scheduled Payments in respect of the Obligations. The Indenture Trustee shall take such action and deliver such instruments as may be reasonably requested or required by Financial ' Security to effectuate the purpose or provisions of this clause(v).

(vi) The Indenture Trustee, on its behalf and on behalf of the Holders, hereby appoints, Financial Security as agent and attorney-in- fact for, the Indenture Trustee and each such Holder in any legal proceeding with respect to the Obligations. The Indenture Trustee hereby agrees that Financial Security may at any time during the continuation of any proceeding by or against the Obligor under the United States Bankruptcy Code or any other applicable bankruptcy, insolvency, receivership; rehabilitation or similar law (an "Insolvency Proceeding ) direct all matters relating to such Insolvency Proceeding, including without limitation, (A) all matter relating to any claim in connection with an Insolvency Proceeding seeking the avoidance as a preferential transfer of any payment made with respect to the Obligations (a "Preference Claim"), (B) the direction of any appeal of any order relating to any Preference Claim, at the expense of Financial Security but subject to reimbursement provided in the Insurance Agreement, and (C) the posting , of any surety, supersede as or performance bond pending any such appeal. In addition, the Indenture Trustee agrees that Financial Security shall be subrogated to, and the Indenture Trustee on its behalf and on behalf of each Holder, hereby delegates



All of **us** serving you®

Policy No. : 51527- Date of Issuance: June 30, 2004

and assigns, to the fullest extent permitted by law, the rights of the Indenture Trustee and each Holder in the conduct of any Insolvency Proceeding, including, without limitation, all rights of any party to an adversary proceeding or action with respect to any court order issued in connection with any such Insolvency Proceeding.

(vii) Payment should be made by wire transfer directed to Policy Payments Account.

Wiring Instructions:
US Bank Trust NA
aba 091000022
ac 173103322058
Minneapolis, Minnesota
Attn: Tanveer 651-495-3882
Further credit: Gmacm 2004-HE3 ac 144302000

Unless the context otherwise requires, capitalized terms used in this Notice of Claim and Certificate and not defined herein shall have the meanings provided in the Policy.

IN WITNESS WHEREOF, the indenture Trustee has executed and delivered this Notice of Claim and Certificate as of the 22nd day of January, 2013.

U.S. Bank N.A., as
Indenture Trustee

By: ...................
Title: ...Tanveer Ashraf
Assistant Vice President

For Financial Security or Fiscal Agent Use Only
Wire transfer sent on ............... by.............................
Confirmation Number ...............................

| GMAC 2004-HE3 | | Accrued |
|---|---|---|
| | Beg Bal | Interest |
| Class A-3 | 115,554,267.28 | 42,341.01 |
| Var. Pay Revolving Notes - A-2 | 79,055,859.77 | 29,626.18 |
| | 194,610,127.05 | 71,967.19 |
| Beginning Balance | | 194,610,127.05 |
| Principal | | 2,453,395.51 |
| Loss of Prin | | 514,271.88 |
| Ending Balance | | 191,642,459.66 |
| Net Interest Collected | | 518,259.19 |
| MBIA Premium | 0.12% | 21,110.94 |
| | | 497,148.25 |
| **Draw Amount** | | **514,271.88** |
| **Reimbursement Amount** | | **425,181.06** |
| Net Draw Amount | | 89,090.82 |
| Ending Unreimbursed Draw Amount | | 17,699,566.27 |