MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Jennifer L. Marines
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF FURTHER REVISED PROPOSED ORDER GRANTING
DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS
105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ENTER INTO
A PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE
<u>CREDITORS' COMMITTEE, AND CERTAIN CONSENTING CLAIMANTS</u>**

**PLEASE TAKE NOTICE** that on May 23, 2013, the debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") filed the *Debtors' Motion For an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement With Ally Financial, Inc., the Creditors' Committee, and Certain Consenting Claimants* [Docket No. 3814] (the "**Motion**").

**PLEASE TAKE FURTHER NOTICE** that the Debtors hereby submit the further revised proposed *Order Granting Debtors' Motion For an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into a Plan Support Agreement*

ny-1097099

*with Ally Financial, Inc., the Creditors' Committee, and Certain Consenting Claimants* (the "**Revised Proposed Order**"), annexed hereto as <u>Exhibit 1</u>.  A comparison of the proposed order attached to the Motion and the Revised Proposed Order is attached hereto as <u>Exhibit 2</u>.

  **PLEASE TAKE FURTHER NOTICE** that a copy of the Motion and the Revised Proposed Order may be obtained via PACER at http://www.nysb.uscourts.gov or from the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: June 26, 2013
   New York, New York

                <u>/s/ Gary S. Lee</u>
                Gary S. Lee
                Lorenzo Marinuzzi
                Jennifer L. Marines
                James A. Newton
                MORRISON & FOERSTER LLP
                1290 Avenue of the Americas
                New York, New York 10104
                Telephone: (212) 468-8000
                Facsimile: (212) 468-7900

                *Counsel for the Debtors and*
                *Debtors in Possession*

# **EXHIBIT 1**

ny-1097099

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

---

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ENTER INTO A PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE CREDITORS' COMMITTEE, AND CERTAIN CONSENTING CLAIMANTS**

Upon consideration of the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" and each, a "**Debtor**") for entry of an order authorizing the Debtors to enter into and perform under a Plan Support Agreement by and among the Debtors, Ally, the Creditors' Committee and certain Consenting Claimants, and upon the Kruger Declaration and each submission in support of the Motion filed by the RMBS Trustees; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and on the affidavits of mailing to all investors in the RMBS Trusts of the RMBS Trustees' Notice; and it appearing that no other or further notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in each RMBS Trust, each such RMBS Trust, the RMBS Trustees; and the Court having found that

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1095965

each of the parties to the Agreement, including the RMBS Trustees, have acted reasonably, in good faith and in the best interests of their respective constituencies in entering into the Agreement; and after due deliberation and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is **GRANTED** to the extent set forth below.

2. The Debtors are hereby authorized to enter into and perform under the Plan Support Agreement.

3. The Agreement, including the RMBS Trustees' performance contemplated thereunder, is in the best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in each RMBS Trust and each such RMBS Trust, and the RMBS Trustees, as a compromise of each RMBS Trust's asserted claims against the Debtors.

4. The RMBS Trustees acted reasonably, in good faith and in the best interests of the Institutional Investors, the investors in each RMBS Trust and each such RMBS Trust in agreeing to the Agreement.

5. Notwithstanding anything herein to the contrary, including without limitation, ordering paragraphs 3, 4 and 9, other than with respect to the parties to the Agreement, nothing herein shall prejudice or waive any party in interest's rights to fully prosecute an objection, or be deemed to constitute any finding of fact or conclusion of law, with respect to: (i) any proposed disclosure statement, (ii) any proposed chapter 11 plan, (iii) any other motion or other proceeding in this court or the FGIC Rehabilitation Court (as defined in the Plan Term Sheet) that seeks to approve and/or effectuate the terms of the Agreement and the transactions contemplated therein, including the FGIC Settlement Agreement, or (iv) the

ny-1095965

adversary proceedings relating to the Junior Secured Noteholders (as defined in the Agreement) [Adv. Proc. Nos. 13-01277 and 13-01343].

6. Notice of the RMBS Settlement, the FGIC Settlement Agreement, and the Agreement, including the RMBS Trustees' Notice, was sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the parties in interest in these Chapter 11 cases and others, including the Institutional Investors and the investors in each RMBS Trust, on notice of the Agreement, the RMBS Settlement, and the FGIC Settlement Agreement.

7. Neither the Debtors' entry into nor the Debtors' performance under the Plan Support Agreement shall constitute solicitations of votes of Ally or the Consenting Claimants in violation of section 1125(b) of the Bankruptcy Code.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. All objections to the Agreement, the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and, subject to paragraph 5, all reservations of rights included therein, are overruled on the merits.

10. The discretionary rights granted in paragraph 6 of the Treatment of Securities Claims Section of the Supplemental Term Sheet are hereby approved.

11. Notwithstanding anything to the contrary in paragraph 4 of the Borrower Claims Trust section of the Supplemental Term Sheet, notice of any increase in funding of the Borrower Claims Trust pursuant to the Borrower Trust True-Up (each as defined in the Supplemental Term Sheet) shall be filed as part of the plan supplement.

12. Notwithstanding anything herein to the contrary, this Order shall not

ny-1095965

modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: June __, 2013
New York, New York

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1095965

# **EXHIBIT 2**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 363(B) AUTHORIZING THE DEBTORS TO ENTER INTO A PLAN SUPPORT AGREEMENT WITH ALLY FINANCIAL INC., THE CREDITORS' COMMITTEE, AND CERTAIN CONSENTING CLAIMANTS**

Upon consideration of the motion (the "**Motion**")[1] of the above-captioned debtors and debtors in possession (collectively, the "**Debtors**" and each, a "**Debtor**") for entry of an order authorizing the Debtors to enter into and perform under a Plan Support Agreement by and among the Debtors, Ally, the Creditors' Committee and certain Consenting Claimants, and upon the Kruger Declaration and ~~any~~each submission in support of the Motion filed by the RMBS Trustees; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and on the affidavits of mailing to all investors in the RMBS Trusts of the RMBS Trustees' Notice; and it appearing that no other or further notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in each RMBS Trust, each such RMBS Trust, the RMBS Trustees; and the Court having found that each of the parties to the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1095965 ~~v1~~

Agreement, including the RMBS Trustees, have acted reasonably, in good faith and in the best interests of their respective constituencies in entering into the Agreement; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** to the extent set forth below.

2. The Debtors are hereby authorized to enter into and perform under the Plan Support Agreement.

3. The Agreement, including the ~~transactions~~ RMBS Trustees' performance contemplated ~~therein, are~~ thereunder, is in the best interests of the Debtors' estates, their creditors, the Institutional Investors, the investors in each RMBS Trust and each such RMBS Trust, and the RMBS Trustees, as a compromise of each RMBS Trust's asserted claims against the Debtors.

4. The RMBS Trustees acted reasonably, in good faith and in the best interests of the Institutional Investors, the investors in each RMBS Trust and each such RMBS Trust in agreeing to the Agreement.

5. Notwithstanding anything herein to the contrary, including without limitation, ordering paragraphs 3, 4 and 9, other than with respect to the parties to the Agreement, nothing herein shall prejudice or waive any party in interest's rights to fully prosecute an objection, or be deemed to constitute any finding of fact or conclusion of law, with respect to: (i) any proposed disclosure statement, (ii) any proposed chapter 11 plan, (iii) any other motion or other proceeding in this court or the FGIC Rehabilitation Court (as defined in the Plan Term Sheet) that seeks to approve and/or effectuate the terms of the Agreement and the transactions contemplated therein, including the FGIC Settlement Agreement, or (iv) the adversary

ny-1095965 ~~v1~~

proceedings relating to the Junior Secured Noteholders (as defined in the Agreement) [Adv. Proc. Nos. 13-01277 and 13-01343].

6.    5. Notice of the RMBS Settlement, the FGIC Settlement Agreement, and the Agreement, including the RMBS Trustees' Notice, was sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the parties in interest in these Chapter 11 cases and others, including the Institutional Investors and the investors in each RMBS Trust, on notice of the Agreement, the RMBS Settlement, and the FGIC Settlement Agreement.

7.    6. Neither the Debtors' entry into nor the Debtors' performance under the Plan Support Agreement shall constitute solicitations of votes of Ally or the Consenting Claimants in violation of section 1125(b) of the Bankruptcy Code.

8.    7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.    8. All objections to the Agreement, the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and, subject to paragraph 5, all reservations of rights included therein, are overruled on the merits.

10.    9. The discretionary rights granted in paragraph 6 of the Treatment of Securities Claims Section of the Supplemental Term Sheet are hereby approved.

11.    Notwithstanding anything to the contrary in paragraph 4 of the Borrower Claims Trust section of the Supplemental Term Sheet, notice of any increase in funding of the Borrower Claims Trust pursuant to the Borrower Trust True-Up (each as defined in the Supplemental Term Sheet) shall be filed as part of the plan supplement.

12.    10. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

13.    11. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: June __, 2013
New York, New York

THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1095965 v1

Document comparison by Workshare Professional on Tuesday, June 25, 2013 9:57:37 PM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://NEW YORK/1095965/1 |
| Description | NEW YORK-#1095965-v1-ResCap:_Order_Granting_PSA_Approval_Motion_(Revised) |
| Document 2 ID | PowerDocs://NEW YORK/1095965/8 |
| Description | NEW YORK-#1095965-v8-ResCap:_Order_Granting_PSA_Approval_Motion_(Revised) |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 12 |
| Deletions | 12 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 24 |