**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION FOR AN ORDER
UNDER BANKRUPTCY CODE SECTIONS 105(A) AND 363(B)
AUTHORIZING THE DEBTORS TO ADVANCE THE NJ CARPENTERS
SETTLEMENT NOTICE COSTS AND TRANSFER THOSE FUNDS INTO ESCROW**

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors" and each, a "Debtor") for entry of an order authorizing the Debtors to transfer $450,000 into escrow to be used to pay the costs to notify potential class members of the proposed NJ Carpenters Settlement and administer the claims process in the NJ Carpenters Action, and upon the Kruger Declaration; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this proceeding on the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given; and any objections (if any) to the Motion having been withdrawn or overruled; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** to the extent set forth below.

2. The Debtors are hereby authorized to deposit $450,000 into a segregated escrow account maintained and controlled by Lead Counsel for the benefit of the Settlement Class, following preliminary approval of the NJ Carpenters Settlement by the District Court, which funds may be applied in the manner contemplated in the Settlement Agreement.

3. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. In the event the Settlement Agreement is terminated, Lead Counsel shall be deemed to hold such funds for the benefit of the Debtors and shall release such funds to the Debtors, as directed by the Debtors.

5. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

6. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: June 26, 2013
      New York, New York

                                                   **/s/Martin Glenn**
                                                   MARTIN GLENN
                                      United States Bankruptcy Judge