**Hearing Date: July 24, 2013**
                                                    **Time: 10:00 a.m.**
                                                    **Objection Deadline: July 17, 2013 at 4:00 p.m.**

Alan Halperin, Esq.
Donna H. Lieberman, Esq.
**HALPERIN BATTAGLIA RAICHT, LLP**
40 Wall Street – 37th Floor
New York, New York 10005
212- 765-9100

   and

Thomas R. Lehman, Esq.
Jennifar M. Hill, Esq.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131
305-403-8700

*Co-counsel to Redwood Recovery Services, LLC and Elevenhome Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al*., | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

-----------------------------------------------------------

**NOTICE OF APPLICATION BY REDWOOD RECOVERY SERVICES, LLC
AND ELEVENHOME LIMITED FOR AN ORDER DIRECTING DEBTOR
GMAC MORTGAGE, LLC TO PRODUCE DOCUMENTS AND APPEAR
FOR ORAL EXAMINATION PURSUANT TO RULE 2004
<u>OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

      1.    On June 28, 2013, Redwood Recovery Services, LLC ("<u>Redwood</u>") and

Elevenhome Limited ("<u>Elevenhome</u>") filed concurrently herewith their Application for an Order

{00208837.1 / 1009-001 }

Directing Debtor GMAC Mortgage, LLC to Produce Documents and Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Application").

2.  A hearing ("Hearing") to consider the Application shall be held by the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, or such other courtroom as may be announced on the date of the Hearing on **July 24, 2013 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel and the parties may be heard.

3.  Any objection to the Application must be made in writing, filed with the Court (with a copy to Chambers) in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures entered by this Court on May 23, 2012 [ECF No. 141] (the "Case Management Order"), and served on the Special Service List, as the term is defined in the Case Management Order, so as to be received no later than **July 17, 2013 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

4.  The relief requested in the Application may be granted without a hearing if no objection is timely filed and served in accordance with the Case Management Order, in which case, Redwood and Elevenhome may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Application as **Exhibit "A"**, which order may be entered without a hearing, and without further notice to any party.

Dated: New York, New York
June 28, 2013

          HALPERIN BATTAGLIA RAICHT, LLP

          By: */s/ Alan Halperin*
          Alan Halperin, Esq.
          Donna H. Lieberman, Esq.
          40 Wall Street – 37th Floor
          New York, New York 10005
          212-765-9100

          and

          Thomas R. Lehman, Esq.
          Jennifar M. Hill, Esq.
          LEVINE KELLOGG LEHMAN SCHNEIDER
          + GROSSMAN LLP
          201 South Biscayne Boulevard, 22nd Floor
          Miami, FL 33131
          305-403-8700

          *Co-counsel to Redwood Recovery Services, LLC*
          *and Elevenhome Limited*

                                        **Hearing Date: July 24, 2013**
                                        **Time: 10:00 a.m.**
                                        **Objection Deadline: July 17, 2013 at 4:00 p.m.**

Alan Halperin, Esq.
Donna H. Lieberman, Esq.
**HALPERIN BATTAGLIA RAICHT, LLP**
40 Wall Street – 37th Floor
New York, New York 10005
212-765-9100

      and

Thomas R. Lehman, Esq.
Jennifar M. Hill, Esq.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131
305-403-8700

*Co-counsel to Redwood Recovery Services, LLC and Elevenhome Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

-----------------------------------------------------------

**APPLICATION BY REDWOOD RECOVERY SERVICES, LLC AND ELEVENHOME LIMITED FOR AN ORDER DIRECTING DEBTOR GMAC MORTGAGE, LLC TO PRODUCE DOCUMENTS AND APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

      Redwood Recovery Services, LLC ("<u>Redwood</u>") and Elevenhome Limited ("<u>Elevenhome</u>" and together, the "<u>Movants</u>"), parties in interest in the bankruptcy case of Debtor GMAC Mortgage, LLC, successor by merger to GMAC Mortgage Company ("<u>GMACM</u>"),

Bankruptcy Case No. 12-12032, move for the entry of an order, substantially in the form of the proposed order attached as **Exhibit "A"**, requiring a representative of GMACM to appear and testify under oath at a 2004 examination (if necessary) on a date and time agreeable to GMACM, Redwood and Elevenhome on not less than fourteen days notice from Redwood and Elevenhome to GMACM ("2004 Examination"), and requiring GMACM to produce the documents specified in the order within twenty-one calendar days from the date of entry of the order ("Document Production"). In support thereof, Redwood and Elevenhome respectfully state:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## INTRODUCTION

2. As set forth in greater detail below, Redwood and Elevenhome hold judgments aggregating more than seventeen million dollars against American Residential Equities, LLC ("ARE") and American Residential Equities LIII, LLC ("ARE 53"), an entity that is ARE's alter ego. ARE in turn has asserted substantial claims and commenced an adversary proceeding against Debtor GMACM, alleging, among other things, that GMACM holds property of ARE. The Movants have sought information about their judgment debtor ARE's assets directly from ARE, but to date, due to ARE's lack of cooperation and insufficient disclosures, Redwood and

2

Elevenhome have very little information.[1] For that reason, they seek discovery from Debtor GMACM relating to ARE's assets.

## STATEMENT OF FACTS

3. The above-captioned debtors ("Debtors"), including GMACM, voluntarily filed petitions for relief under Chapter 11 of the Bankruptcy Code on May 14, 2012. This Court authorized the joint administration of the Debtors' cases.

4. The Debtors have continued to manage their businesses and affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code since May 14, 2012.

**ARE's Adversary Proceeding Against GMACM**

5. On November 9, 2012, ARE commenced Adversary Proceeding Number 12-01934-MG ("Adversary Proceeding") by filing its complaint [ECF No. 1; Adv. Proc.[2]] against GMACM and Balboa Insurance Company.. On March 22, 2013, ARE filed its First Amended Complaint [ECF No. 26; Adv. Proc.] ("Amended Complaint"), adding Ally Financial Inc. as a defendant. All three defendants have now filed motions to dismiss the complaint or the amended complaint, as appropriate. [According to the Amended Complaint, ARE acquired a mortgage loan portfolio and related assets ("Assets") from Goldman Sachs, and GMACM serviced the loans for ARE between 2004 and 2010. [ECF No. 26 ¶¶ 24-26 and 51; Adv. Proc.] ARE's and GMACM's relationship was governed by a series of servicing agreements (collectively, the "Servicing Agreement")[3] whereby GMACM agreed to manage the Assets by, among other things: collecting and applying mortgage loan payments, ensuring that properties collateralizing

---

[1] The Movants have issued subpoenas and propounded discovery requests to learn about the assets of ARE and ARE 53 in various states. As of the date of this Application, the judgment debtors have provided almost no meaningful information to Redwood and Elevenhome, and certainly nothing that in any way evidences the "loan portfolio" that ARE references in the Amended Complaint. Indeed, ARE's former C.F.O., William Hirschkowitz, testified during his September 26, 2011 deposition that he has deleted ARE's electronic financial records on a yearly basis after 2007. [*See* Hirschkowitz Depo. Trans. ECF No. 35, Ex. F at 3-20; Adv. Proc.]

[2] The "Adv. Proc." designation after an ECF number means that the document was filed in the Adversary Proceeding.

[3] The Servicing Agreement is attached to the Amended Complaint as Exhibit "B". [ECF No. 26, Ex. B; Adv. Proc.]

3

the Assets are properly insured and maintained, commencing foreclosure cases in the name of GMACM, establishing one or more custodial accounts to segregate proceeds of the Assets, taking title to foreclosed properties in the name of GMACM, and protecting and disposing of foreclosed properties held by GMACM. [ECF No. 26 ¶¶ 1, 2, 28 and 51, and Ex. B; Adv. Proc.]

6.    The Amended Complaint alleges that GMACM breached the Servicing Agreement by, among other things: failing to provide ARE with required reports and documentation, and failing to furnish complete mortgage loan files in April 2010 to ARE's subsequent servicer. [*See* ECF No. 26, ¶¶ 32-35 and Ex. B; Adv. Proc.]  ARE asserts claims for declaratory judgment, an accounting, turnover of all Assets in the possession of GMACM and affiliates, and damages based on GMACM's alleged breach of contract, conversion, and breach of fiduciary duty. [*See* ECF No. 26, ¶¶ 5-7; Adv. Proc.]

7.    In its motion to dismiss the amended complaint [ECF No. 35; Adv. Proc.] ("Motion to Dismiss"), GMACM argues that the Adversary Proceeding should be dismissed because it contravenes the bankruptcy claims process or, alternatively, for failure to state a claim. [ECF No. 35 at 9[4]; Adv. Proc.]  Specifically, GMACM argues that ARE's claims replicate its claims brought in June 2010 in an action pending in the United States District Court for the Southern District of Florida, Case No. 1:10-cv-21943-ASG ("Pending Florida Action"). [ECF No. 35 at 13, ¶ 12; Adv. Proc.]  The Pending Florida Action was stayed as a result of GMACM's bankruptcy filing and the resulting automatic stay.  [ECF No. 35 at 14, ¶ 15; Adv. Proc.]  However, prior to the bankruptcy filing and stay, GMACM asserts that the parties (ARE and GMACM) engaged in extensive discovery, and that GMACM produced over 550,000 documents to ARE.  [ECF No. 35 at 14, ¶ 15; Adv. Proc.]

---

[4]    Page numbers referenced in the Motion to Dismiss are the Court-stamped page numbers at the top of each page.

4

8. GMACM also argues that ARE's declaratory judgment and turnover claims are disguised breach of contract claims regarding funds held in a custodial account, and the claims should be dismissed. [ECF No. 35 at 19-20, ¶¶ 25-28; Adv. Proc.] The arguments in the Motion to Dismiss do not directly address ARE's allegations regarding GMACM's failure to provide reports, documentation and mortgage loan files to ARE and to the subsequent servicer of the Assets.[5]

**Redwood and Elevenhome's Involvement**

9. The Movants are not currently parties to the Adversary Proceeding and take no position at this time with respect to the allegations in the Amended Complaint or the Motion to Dismiss. Rather, Redwood and Elevenhome are attempting to gather information about the extent, nature and location of the assets of their judgment debtors, ARE and its alter ego, ARE 53. Redwood holds a judgment of more than $10.5 million against ARE, and Elevenhome holds a judgment of more than $6.65 million against ARE 53, which Elevenhome asserts is the alter ego of ARE.

10. ARE filed a proof of claim on November 16, 2012 in GMACM's bankruptcy case, Claim No. 5718 ("ARE Claim"), to assert a claim in the event that the recoupment of Assets via the Adversary Proceeding is not sufficient to compensate ARE. [ECF No. 26 ¶ 8; Adv. Proc.] After reviewing the ARE Claim, Redwood and Elevenhome each submitted proofs of claim (respectively, the "Redwood Claim" and "Elevenhome Claim") to the Debtors' claims servicing agent on April 16, 2013. A copy of the letter transmitting the Redwood Claim and Elevenhome Claim, together with the claims themselves, is attached hereto as **Exhibit "B"**.

11. The addendum to the Redwood Claim explains that the basis of and reason for the Redwood Claim is that Redwood holds a $10.5 million judgment against ARE and, therefore,

---

[5] GMACM asserts that the subsequent servicer of the Assets is Acqura Loan Services, which was purchased by Vantiuum. [ECF No. 35 at 4, ¶ 10, Adv. Proc.]

has a direct interest in all of ARE's assets subject to execution, including any recoveries from the ARE Claim. The addendum also states that Redwood intends to intervene in the Adversary Proceeding.

12.     The addendum to the Elevenhome Claim explains that Elevenhome holds a $6.65 million judgment against ARE 53, which Elevenhome believes is the alter ego of ARE. Based on its alter ego theory (and any additional theories which may be learned through discovery), Elevenhome has an interest in ARE's assets that are subject to execution, including recoveries on the ARE Claim. Similar to the Redwood Claim, the Elevenhome Claim states that Elevenhome intends to intervene in the Adversary Proceeding.

**Dispute over the Character of the Adversary Proceeding Assets**

13.     The Amended Complaint asserts that the Assets are owned by ARE, solely as a trustee for the benefit of third-party beneficiaries. It alleges that the Adversary Proceeding is brought by ARE "in its own individual capacity and in its capacity as Trustee under that certain American Residential Equities LLC Master Trust Agreement dated August 8, 2005, as amended . . . ." [ECF No. 26 at 1; Adv. Proc.] It is further alleged that "ARE, solely in its capacity as Trustee, was authorized to take title to certain mortgage loans and/or REO Property . . .", and that "GMAC had actual and constructive knowledge that ARE was acting in its capacity of Trustee or on behalf of other third-parties." [ECF No. 26 ¶¶ 20-21; Adv. Proc.]

14.     In the Motion to Dismiss, GMACM argued the following in opposition to ARE's purported status as a trustee:

> ARE, as Trustee, lacks standing to assert any claims against GMACM. It was not a party to the Servicing Agreement. It did not have any relationship with GMACM. ARE represented that it, individually, was the owner of the mortgage loans serviced by GMACM. See Servicing Agreement ¶ 9.06 (ARE "is the owner of all right, title and interest in and to the Mortgage Loan (and the servicing rights appurtenant thereto"). ARE was prohibited from assigning the mortgage loans unless it did so in writing and such writing was provided to GMACM. See Servicing Agreement ¶ 8.05.

6

[ECF No. 35 at 9, n.1; Adv. Proc.]

15. The Adversary Proceeding clearly involves a dispute over the character of the Assets as they pertain to ARE's standing to bring the action. Based on limited information received about the Assets to date, Redwood and Elevenhome agree with GMACM that the Assets were or are directly owned by ARE, and not in any trustee capacity. Indeed, it is apparent from the face of the Servicing Agreement that ARE claimed to be the "Owner" of the Assets.

**The Movants' Request for Documents and Information**

16. Based on the information currently possessed by Redwood and Elevenhome, they believe that the Assets are subject to execution to satisfy their judgments against ARE and ARE 53. Consequently, in the event that this Court does not dismiss the Adversary Proceeding, Redwood and Elevenhome will seek to intervene in the Adversary Proceeding to protect their rights and interests in any of the Assets that are in the possession of GMACM and its affiliates.[6]

17. Since it is unclear from the papers filed in the Adversary Proceeding whether GMACM is in possession of mortgage loan files and reports about the performance of the Assets, Redwood and Elevenhome seek the production of any documents that are in GMACM's possession, custody or control that are related to the Assets.

18. The Movants contacted GMACM in advance of making this Application, and are in continuing discussions with counsel to GMACM about the possible consensual production of the narrow categories of documents sought by the Movants. However, obtaining information has become increasingly urgent because of the Movants' concerns that ARE and ARE 53 are transferring and dissipating assets. For that reason, Redwood and Elevenhome have determined that it is necessary to make this Application.

---

[6] The Movants are aware that pursuant to stipulation, the deadline for ARE to respond to Ally Financial Inc.'s motion to dismiss is currently June 27, 2013.

7

19.    Redwood and Elevenhome hope to continue to communicate with counsel to GMACM to insure that the Document Production and the deposition (in the event that a deposition is necessary) are effected with minimal distraction to GMACM or its estate. Moreover, to the extent that a confidentiality agreement between the Movants and GMACM is necessary under the Gramm-Leach-Bliley Act, the Movants are of course prepared to enter into an appropriately tailored agreement.

## DISCUSSION

20.    By this Application, Redwood and Elevenhome seek entry of the proposed order attached hereto as **Exhibit "A"** (the "Proposed Order"), pursuant to Rule 2004 of the Bankruptcy Rules, directing a representative of GMACM to appear for the 2004 Examination and to produce and deliver to co-counsel for Redwood and Elevenhome, Halperin Battaglia Raicht, LLP, the Document Production within twenty-one days after entry of the Proposed Order, as it may be amended.

21.    Bankruptcy Rule 2004(a) provides that "[o]n motion of any party in interest, the court may order the examination of any entity." That Rule permits a bankruptcy court to order the examination of any person and the production of documentary evidence relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Fed. R. Bankr. P. 2004(b). The scope of a Bankruptcy Rule 2004 examination is often described as "unfettered and broad." *In re Table Talk, Inc.,* 51 B.R. 143, 145 (Bankr. D. Mass. 1985) (citing *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr.D.Mass. 1983)[7]); *see also In re Enron Corp.*, 281 B.R. 836, 840

---

[7]    Although the bankruptcy court in this case did not authorize a Bankruptcy Rule 2004 examination, it is because the examination was sought by the debtors to learn insider information about a creditor. *Id.* at 455. The court explained: "A Rule 2004 examination is not intended to provide the *debtors* unlimited access to the internal affairs of its creditors and those employed by its creditors." *Id.* Here, Redwood and Elevenhome seek information *from* a bankruptcy debtor, as intended by Bankruptcy Rule 2004.

8

(Bankr. S.D.N.Y. 2002). Bankruptcy Rule 2004 is a discovery device designed for the "purpose of discovering assets and unearthing frauds" and has been compared to "a fishing expedition". *Id.* (citing *GHR Energy Corp.*, 33 B.R. at 453-54).

22.   Here, Redwood and Elevenhome seek information and documents that are within the scope of Rule 2004, and their request is considerably narrower than the 'fishing expedition" referenced by the *GHR* Court.  It cannot be disputed that the Adversary Proceeding may involve a determination concerning ARE's standing, and thus whether the Assets are trust assets. Consequently, as judgment creditors of ARE and ARE's alter ego, Redwood and Elevenhome have a direct interest in the Assets and the right to be heard concerning the Assets, and have filed proofs of claim to evidence their interests in and claims against the Assets.  However, given the lack of clarity regarding the extent to which GMACM possesses mortgage loan files and related Assets, Redwood and Elevenhome seek the Document Production to determine whether their interest in the Adversary Proceeding extends beyond any recovery ARE may receive.

23.   The discovery sought relates to "acts, conduct, or property or to the liabilities and financial condition of the debtor" and thus, is squarely within the parameters of Bankruptcy Rule 2004. *See In re Washington Mutual, Inc.,* 408 B.R. 45, 52 (Bankr. D. Del. 2009) (granting a motion for a 2004 examination despite the possibility that the examinee could intervene in a pending action).  Moreover, the Movants do not seek broad discovery, but rather have limited their requests to documents and information relevant to ARE and the Assets, and the relationship between Debtor GMACM and ARE.  As the Movants have already communicated to counsel to GMACM, they are prepared to work with GMACM in order to obtain the necessary documents with as little distraction to GMACM as reasonably possible.

9

## WAIVER OF MEMORANDUM OF LAW

24.     Redwood and Elevenhome request that the Court waive the requirement set forth in Local Bankruptcy Rule 9013-1(b) that a memorandum of law accompany any application filed.  This Application raises no novel issues of law and the relevant legal authorities are discussed herein.

## NO PREVIOUS REQUEST

25.     No previous application for the relief sought herein has been made by Redwood or Elevenhome to this or any other court.

**WHEREFORE**, Redwood and Elevenhome respectfully request that the Court enter the Proposed Order granting the relief requested and such other and further relief as the Court deems just and proper.

Dated: New York, New York
      June 28, 2013

HALPERIN BATTAGLIA RAICHT, LLP
By:     */s/ Alan Halperin*
     Alan Halperin, Esq.
     Donna H. Lieberman, Esq.
     40 Wall Street – 37th Floor
     New York, New York 10005
     212-765-9100

       and

Thomas R. Lehman, Esq.
Jennifar M. Hill, Esq.
LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP
201 South Biscayne Boulevard, 22nd Floor
Miami, FL 33131
305-403-8700

Co-counsel to Redwood Recovery Services, LLC and Elevenhome Limited

10