UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:                                    )        CASE No 12-12020
                                          )
RESIDENTIAL CAPITAL, LLC, ET AL.,         )        CHAPTER 11
                                          )
                        DEBTORS           )
                                          )
                                          )

RECEIVED
JUN 2 7 2013
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL ACTION

UNKNOWN PURPORTED PLAINTIFF,
    Purported Plaintiff

                                                  CASE NO.: 08-000252-CA

VS.

RONALD P GILLIS, et al,
    Purported Defendant

## OBJECTION TO ATTEMPT TO EXPUNGE CLAIM

COMES NOW, Creditor #444 and Amended/Superseded Claim #913 and Purported Defendant Ronald P Gillis in Charlotte County Civil Case #08-252-CA, who is a Native North American and appears by special appearance only for the limited purpose of Objecting to the Attempt to Expunge claims # 444 & 913 in the Bankruptcy Court, Southern District of New York, case # 12-12020, hereinafter NY Bankruptcy Case, for the following reasons:

### Facts and History of Charlotte County Civil Case #08-252-CA

The undersigned has been involved in what appears to be a fraudulent civil case for well over five years now in Charlotte County Civil Case # 08-252-CA. The purported

plaintiff in this Charlotte County Civil case according to the purported Complaint filed in January of 2008 was *Deutsche Bank Trust Company Americas as Trustee* (See Exhibit 1) however, in filings in the case to date no trust name has ever been revealed after numerous discovery requests and requests for admissions have been ignored.  The Charlotte County Civil Case appears to have been filed without standing and for the sole purpose of stealing real estate property of the undersigned in the amount of $209,859.68.  Further, on July 15, 2009, there was what purports to be an Assignment of Mortgage placed on Public Records in Charlotte County Clerk of the Court Records, dated June 23, 2009 – (See Exhibit 2), which purports to claim transfer of a purported mortgage from Mortgage Electronic Registration Systems Inc as Nominee for Wachovia Mortgage Corporation to Deutsche Bank Trust Company Americas as Trustee for a trust that again, to date still has never been revealed.  There are numerous appearances of fraud with this document including the fact that the purported notary of this document was never a notary until February 13, 2009 (thirteen [13] months after the start of the Charlotte County Civil Case) (See Exhibit 3). Further, the undersigned has two affidavits, one from Lynn  Szymoniak and another from John O'Brien, Recorder of Deeds from South Essex, Massachusetts indicating this document to be fraudulent in nature for a variety of reasons. (Available Upon request)

Additionally, in September, 2009, a motion to the Charlotte County Civil Court which purportedly was made to "correct" the name of the purported plaintiff in the Charlotte County Civil Case to *Deutsche Bank Trust Company Americas as Trustee for GMAC-RFC Master Servicing.*  This motion was granted in December 2009.  (See Exhibit 4)  This was granted over an objection, without following proper rules of Florida Rules of Civil

Procedure, and such change requests in other cases have been denied by Judge Richards as he has stated them to be improper, but it was done before a different judge *ex-parte* and granted.  GMAC and RFC (Residential Funding Corporation) are the Debtors in the NY Bankruptcy Case.

Further, on May 04, 2012, there was a purported "Corporate Assignment of Mortgage" dated May 02, 2012, that purports to "correct" the previous purported Assignment of Mortgage and states Deutsche Bank Trust Company Americas as Trustee for RALI 2006-QS8. (See Exhibit 5)

Then, on June 26, 2012, an Affidavit as to Amounts Due and Owing was filed into the Charlotte County Civil Case, which on pages 11-13, there is email correspondence indicating a wrong plaintiff is suing in the Charlotte County Case, yet the attorney wants to proceed forward with the case even with a lack of standing and the failure of the Charlotte County Court having Subject Matter Jurisdiction.  (See Exhibit 6)

## Grounds for Objection to Expungment of Claim

While the undersigned has repeatedly maintained the utilization of GMAC and RFC in the Charlotte County Civil case is wrong, and that the undersigned does not have any loan or agreement with GMAC or RFC.  The mere fact that no original document bearing the wet-ink signature of the undersigned, to date, has been produced in the Charlotte County Civil Case, substantiates this fact.  However, the Attorney of record, who purports to be the attorney of whoever is the plaintiff in the Charlotte County Civil case appears to insist otherwise, and if he were correct, this purported mortgage must be an asset in the NY Bankruptcy Court Case.  After much research, it is the belief of the undersigned that this is

not listed as an asset in the NY Bankruptcy Case, and therefore either bankruptcy fraud has been committed by the GMAC Debtors which is the subject of Bankruptcy County Southern District of New York case # 12-12020 or a fraud upon the Court in Charlotte County Civil Case has occurred.

By purporting the plaintiff trust name to be GMAC-RFC Master Servicing in the Charlotte County Civil case, if that is in fact false, as is the belief of the undersigned, the use of that entity name has caused slander to the property title by that entity by way of Florida Attorney Andrew Lee Fivecoat who has repeatedly insisted that is who he purports to represent in the Charlotte County Civil Case.

WHEREFORE, Purported Defendant Ronald P. Gillis respectfully objects to the expungment of the claim, as the property title has been slandered by the entity which seeks bankruptcy protection of the Bankruptcy Court, Southern District of New York. In the alternative if the expungment is ordered, then this is evidence that a fraud upon the Charlotte County Civil Court has occurred, which was perpetrated by attorney Andrew Lee Fivecoat and all liability for damages with fall to Mr Fivecoat.

_____
Ronald Gillis
All Rights Reserved without prejudice

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that by signing this below, a true and correct copy of the foregoing **OBJECTION TO ATTEMPT TO EXPUNGE CLAIM** was furnished by USPS 1st Class Mail on the 24th day of June, 2013 to:

1) United States Bankruptcy Court - Southern District of New York
One Bowling Green
New York, NY 10004

2) Abertelli Law – Andrew Lee Fivecoat
600 North Westshore Blvd, Suite 400
Tampa, FL 33609

3) Counsel to the Debtors - Larren M. Nashelsky & Gary S. Lee &
   Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104

4) Counsel to the Official Committee of Unsecured Creditors
Kenneth H. Eckstein & Thomas Moers Mayer & Douglas H. Mannal
Kramer Levin Naftallis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036

5) ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

6) Office of the United States Trustee - Tracy Hope Davis
Office of the United State Trustee
33 Whitehall St 21st Fl, Region 2
New York, NY 10004-2111

7) Counsel to the Examiner
Howard Seife & David M. LeMay & Robert J. Gayda & Marc B. Roitman
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112

8) Charlotte County Justice Center, Clerk of the Court, Barbara T. Scott
350 E. Marion Ave
Punta Gorda, FL 33950


Ronald Gillis     (413) 622-2282
P O Box 380842
Murdock, FL 33938-0842

_____

By: Ronald Gillis
All Rights Reserved without prejudice

IN THE CIRCUIT COURT OF THE TWENTIETH
JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL ACTION

DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE,

     Plaintiff,

             CASE NO.    08-252CA

vs.             DIVISION

SPACE FOR RECORDING ONLY F.S.§695.26

RONALD R. GILLIS; THE UNKNOWN SPOUSE OF RONALD P. GILLIS; SUNTRUST
BANK; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER,
AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT
KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY
CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER
CLAIMANTS;  TENANT #1,  TENANT #2,  TENANT #3, and  TENANT #4 the names
being fictitious to account for parties in possession
             Defendant(s).
_____/

## NOTICE OF LIS PENDENS

To the above-named Defendant(s) and all others whom it may concern:

You are notified of the institution of this action by the above-named Plaintiff, against you seeking to

foreclose a mortgage on the following property in Charlotte County, Florida:

LOT 3, BLOCK 1422, PORT CHARLOTTE SUBDIVISION, SECTION 27, A SUBDIVISION,
ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 5, PAGES 20A
THROUGH 20F, OF THE PUBLIC RECORDS OF CHARLOTTE COUNTY, FLORIDA.
A/K/A 21238 COACHMAN AVENUE, PORT CHARLOTTE, FL 33952

Dated this 15 day of _____ ,2008.

             Albertelli Law
             777 South Harbour Island Blvd., Suite 940
             Tampa, Florida  33602
             (813) 221-4743

             By:_____
             ANDREW L. FIVECOAT, ESQ.
             FLORIDA BAR NO. 0122068

- 07-02944

IN THE CIRCUIT COURT OF THE TWENTIETH
JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL ACTION

DEUTSCHE    BANK    TRUST    COMPANY
AMERICAS AS TRUSTEE,

        Plaintiff,

                            CASE NO.   08·252CA

vs.                             DIVISION

RONALD P. GILLIS; THE UNKNOWN SPOUSE OF RONALD P. GILLIS; SUNTRUST
BANK;  ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER,
AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT
KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY
CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER
CLAIMANTS;  TENANT #1,  TENANT #2,  TENANT #3, and  TENANT #4 the names
being fictitious to account for parties in possession

          Defendant(s).

_____/



## MORTGAGE FORECLOSURE COMPLAINT

      Plaintiff, Deutsche Bank Trust Company Americas as Trustee, sues Defendants,  Ronald P. Gillis;

The Unknown Spouse of Ronald P. Gillis; SunTrust Bank;   Any and All Unknown Parties Claiming By,

Through, Under, and Against the Herein Named Individual Defendant(s) Who Are Not Known to be Dead or

Alive, Whether Said Unknown Parties May Claim an Interest as Spouses, Heirs, Devisees, Grantees, or Other

Claimants;  Tenant #1,  Tenant #2,  Tenant #3, and  Tenant #4, the names being fictitious to account for

parties in possession, and alleges:

### COUNT 1 - MORTGAGE FORECLOSURE

     1.    This is an in rem action to foreclose a mortgage on real property located and situated in

Charlotte County, Florida.

2.       On May 1, 2006, there was executed and delivered a Promissory Note ("Mortgage Note") and a Mortgage ("Mortgage") securing the payment of the Mortgage Note. The Mortgage was recorded on May 5, 2006, in Official Records Book 2961 at Page 416 of the Public Records of Charlotte County, Florida, (All subsequent recording references are to the public records of Charlotte County, Florida) and mortgaged the real and personal property ("Property") described therein, then owned by and in possession of the Mortgagor(s). Copies of the original Mortgage Note and Mortgage are attached hereto and incorporated herein as an Exhibit.

3.       Plaintiff now owns and holds the Mortgage Note and Mortgage.

4.       The Property is now owned of record by Defendant(s), Ronald P. Gillis.

5.       The Mortgage Note and Mortgage are in default. The required installment payment of October 1, 2007, was not paid, and no subsequent payments have been made. The Mortgage is contractually due for the October 1, 2007 payment. The last payment received was applied to the September 1, 2007 installment, and no subsequent payments have been applied to the loan.

6.       Plaintiff declares the full amount payable under the Mortgage Note and Mortgage to be now due.

7.       Plaintiff must be paid $143,497.94 in principal on the Mortgage Note and Mortgage, together with interest from September 1, 2007, late charges, and all costs of collection including title search expenses for ascertaining necessary parties to this action and reasonable attorney's fees.

8.       All conditions precedent to the acceleration of the Mortgage Note and foreclosure of the Mortgage have been performed or have occurred.

9.       Plaintiff has retained the law firm of Albertelli Law in this action and is obligated to pay it a reasonable fee for its services in bringing this action as well as all costs of collection.

10.      The interests of each Defendant are subject, subordinate, and inferior to the right, title, interest, and lien of Plaintiff's Mortgage with the exception of any special assessments that are superior pursuant to Florida Statutes 159, and/or 170.9.

11.      Ronald P. Gillis may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of a Warranty Deed recorded in Official Records Book 1394, Page 2198, or may otherwise claim an interest in the Property.

12.      SunTrust Bank may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of a second Home Equity Line of Credit Mortgage recorded in Official Records Book 3033, Page 1182, or may otherwise claim an interest in the Property.

13.      The Unknown Spouse of Ronald P. Gillis may have or claim an interest in the Property that is the subject of this Foreclosure action by virtue of homestead rights, possession, or any right of redemption, or may otherwise claim an interest in the Property.

14.      Tenant #1, Tenant #2, Tenant #3 and Tenant #4, the names being fictitious to account for parties in possession may claim some interest in the Property that is the subject of this foreclosure action by

virtue of an unrecorded lease or purchase option, by virtue of possession, or may otherwise claim an interest in the Property. The names of these Defendants are unknown to the Plaintiff.

WHEREFORE, Plaintiff requests that the Court ascertain the amount due Plaintiff for principal and interest on the Mortgage Note and Mortgage and for late charges, abstracting, taxes, expenses and costs, including attorney's fees, plus interest thereon; that if the sums due Plaintiff under the Mortgage Note and Mortgage are not paid immediately, the Court foreclose the Mortgage and the Clerk of the Court sell the Property securing the indebtedness to satisfy Plaintiff's mortgage lien in accordance with the provisions of Section 45.031, Florida Statutes (1999); that the rights, title and interest of any Defendant, or any party claiming by, through, under or against any Defendant named herein or hereafter made a Defendant be forever barred and foreclosed; that the Court appoint a receiver of the Property and of the rents, issues, income and profits thereof, or in the alternative, order sequestration of rents, issues, income and profits pursuant to Section 697.07, Florida Statutes (1995); and that the Court retain jurisdiction of this action to make any and all further orders and judgments as may be necessary and proper, including the issuance of a writ of possession and the entry of a deficiency decree, when and if such deficiency decree shall appear proper, if borrower(s) has not been discharged in bankruptcy.

## COUNT II – RE-ESTABLISHMENT OF NOTE

15.    This is an action to re-establish a lost Mortgage Note pursuant to Section 673.3091, Florida Statutes.

16.    Defendant(s) herein above-named, is/are affected by this action.

17.    On May 1, 2006, there was executed and delivered a Promissory Note ("Mortgage Note") to Mortgage Electronic Registration Systems, Inc., as nominee for Wachovia Mortgage Corporation. (See attached, a copy of the substantial terms of the note.)

18.    The terms of the Note are as follows:

    a.    Original loan amount: $ 146,150.00

    b.    Amount of monthly principal and interest payment: $ 822.12

    c.    Interest rate: 6.875%

    d.    Loan beginning date: May 1, 2006

    e.    Loan maturity date: June 1, 2036

19.    Plaintiff owns the Mortgage Note and is entitled to enforce said Mortgage Note.

20.    At some time between May 1, 2006, and the present, the Mortgage Note has either been lost or destroyed and the Plaintiff is unable to state the manner in which this occurred. The Mortgage Note is not now in the custody and control of the Plaintiff.

21.    The Plaintiff and the Defendants named herein are the only persons known to Plaintiff to have an interest for or against the re-establishment of the Mortgage Note.

22.    Plaintiff was in possession of the Mortgage Note and entitled to enforce it when loss of possession occurred or Plaintiff has been assigned the right to enforce the Mortgage Note.

23.    The Mortgage Note has been destroyed or lost. After due and diligent search, Plaintiff has been unable to obtain possession of the Mortgage Note.

24.    The Mortgage Note has not been seized or transferred by Plaintiff.

WHEREFORE, Plaintiff requests that the Court re-establish the Mortgage Note which this Mortgage secures.

Albertelli Law
777 South Harbour Island Blvd., Suite 940
Tampa, FL 33602
(813) 221-4743

By: _____
ANDREW L. FIVECOAT, ESQ.
FLORIDA BAR NO. 0122068

- 07-02944

CHARLOTTE COUNTY CLERK OF THE CIRCUIT COURT OR BOOK 3402, PGS 750-750  1 pg(s)
INSTR # 1864249 Doc Type ASG, Recorded 07/15/2009 at 04:35 PM    Rec. Fee:
$10.00 Cashier By: VERONICAT





**Record and Return To:**
Albertelli Law
P.O. Box 23028
Tampa, FL 33623

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, on or before December 10, 2007, the undersigned assignor ("Assignor") whose address is P.O. Box 2026 Flint, MI 48501, does hereby grant, bargain, sell, assign, transfer and convey to the following assignee ("Assignee"): Deutsche Bank Trust Company Americas as Trustee whose address is c/o Wachovia Mortgage Corporation, 1270 Northlan Drive, Suite 200, Mendota Heights, MN 55120 all of Assignor's right, title and interest all beneficial interest under a certain Mortgage, dated May 1, 2006, made and executed by Ronald P. Gillis, to Mortgage Electronic Registration Systems, Inc., as nominee for Wachovia Mortgage Corporation, recorded on May 5, 2006 in Official Records Book 2961 at Page 416, of the Public Records of Charlotte County, Florida, which encumbers the real property more particularly described as follows:

LOT 3, BLOCK 1422, PORT CHARLOTTE SUBDIVISION, SECTION 27, A SUBDIVISION, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 5, PAGES 20A THROUGH 20F, OF THE PUBLIC RECORDS OF CHARLOTTE COUNTY, FLORIDA.

together with all the indebtedness currently due and to become due under the terms of any promissory note or evidence of indebtedness secured thereby. This assignment is made without recourse to Assignor and without representation or warranty by Assignor, express or implied.

[CORPORATE SEAL]

ASSIGNOR:
Mortgage Electronic Registration Systems, Inc., as nominee for Wachovia Mortgage Corporation

By: _____
Bethany Hood, VP

STATE OF MN
COUNTY OF Dakota

The undersigned, a notary public in and for the above-said County and State, does hereby acknowledge that on the day and year set forth below, personally appeared
___Bethany Hood___ as ___VP___ on behalf of the corporation. She/He is personally known to me or has produced _personal knowledge_ as identification and did/did not take an oath.

WITNESS my hand and official seal this day 23 of June , 2009.

_____
Notary Public:
My commission expires: 1-31-14

07-02944
0005999168

Christina Anne Sauerer
NOTARY PUBLIC - MINNESOTA
MY COMMISSION
EXPIRES JAN. 31, 2014

32101080002



**OFFICE OF THE**
**SECRETARY OF STATE**
Retirement Systems of MN Building
60 Empire Drive, Suite 100
St. Paul, MN 55103
651-296-2803 (toll free at 1-877-551-6767)
Press Option 3
Email: notary.sos@state.mn.us

(For Department Use Only)

**NOTARY COMMISSION APPLICATION**

| COMMISSION NUMBER | DATE PROCESSED |
|---|---|
| 3031198 | 2-13-09 |

The data which you furnish on this form will be used by the Office of the Secretary of State and the Department of Commerce to assess your qualifications for a license. After issuance of the commission your name and designated address is public pursuant to Minnesota Statutes, Chapter 13.

**A.    APPLICATION** (Check applicable box)

- ☑ **NEW APPOINTMENT** Fee: $40
- ☐ **REAPPOINTMENT** Fee: $40 (commission has expired)
- ☐ **RENEWAL** Fee: $40 (can also be renewed online at notary.sos.state.mn.us)
- ☐ **ADDRESS CHANGE** No Fee (can also update online at notary.sos.state.mn.us)
- ☐ **NAME CHANGE** No Fee (attach legal documentation)

**B.    COMMISSION NUMBER** (Required for reappointment, renewal, address change and name change)

CURRENT COMMISSION NUMBER

**C.    APPLICANT INFORMATION** (List your name the way it appears on your driver's license, tax returns and legal documents.)

| FIRST NAME | MIDDLE NAME OR INITIAL | LAST NAME |
|---|---|---|
| Christina | Anne | Sauerer |

RESIDENT STREET ADDRESS (PO Box must include Rural Route or Street Address)
101 15th Ave So.    Apt 2

| CITY | STATE | ZIP CODE |
|---|---|---|
| South St. Paul | Mn | 55075 |

| DATE OF BIRTH (Applicant must be 18 years old) mo/day/yr: 08/04/87 | TELEPHONE NUMBER with area code (651) 353-1445 | EMAIL ADDRESS littledena@hotmail.com |
|---|---|---|

COUNTY OF RESIDENCE    (Non-residents must list the Minnesota County that borders the non-resident County of Residence)
Dakota

**D.    BUSINESS NAME AND ADDRESS** (Optional)

BUSINESS NAME
Lender Processing Services

BUSINESS ADDRESS (Business location where the licensee conducts business, PO Box must include Rural Route or Street Address)
1270 Northland Dr    Ste. 200

| CITY | STATE | ZIP CODE |
|---|---|---|
| Mendota Heights | mn | 55120 |

TELEPHONE NUMBER with area code
(    )

Check address you want shown on public lists: (Must check one and can check both. If none are checked, default is residential)

☐ Residential Address          ☐ Business Address

**E.    FORMER RESIDENT ADDRESS** (required if filing an address change)

FORMER RESIDENT STREET ADDRESS (PO Box must include Rural Route or Street Address)

**F.    FORMER NAME** (required if filing a name change)

FORMER NAME (Must attach legal document showing the name change; i.e. copy of marriage certificate, divorce decree, driver's license, court order, etc.)

# ALL applicants MUST answer questions 1-4.

If the answer to any question is YES, you must attach an explanation including the specific dates, charges, resolution, attach copies of legal documentation and complete the BCA form. **All items including these answered questions, Notary Application, BCA Form and supporting documentation when applicable, must be mailed together to the Office of the Secretary of State. Do not send the BCA Form to the Department of Commerce.**

| | | YES | NO |
|---|---|---|---|
| 1. | Have you ever been the subject of any inquiry or investigation with respect to a notary commission or by any division of the Minnesota Commerce Department? (If yes, attach written explanation and copies of Department letters or order.) | ☐ | ☑ |
| 2. | Have you or has any occupational license held by you been censured, suspended, revoked, canceled, terminated or been the subject to any type of administrative action in any state including Minnesota? (If yes, attach written explanation and copies of Department letters or order.) | ☐ | ☑ |
| 3. | Have you ever been charged with, or convicted of, or been indicted for, or entered a plea to, any criminal offense (felony, gross misdemeanor or misdemeanor), in any State or Federal Court? (If yes, attach written explanation and copies of complaint, sentencing and disposition documents, and if currently on probation, attach letter from probation officer stating compliance with terms of probation.) Note: This does NOT include traffic violations such as DUI, DWI, speeding, etc. | ☐ | ☑ |
| 4. | Have you been a defendant in any lawsuit involving claims of fraud, misrepresentation, conversion, mismanagement of funds, breach of fiduciary duty or breach of contract? (If yes, attach written explanation and copies of court documents.) | ☐ | ☑ |

**APPOINTMENT OF THE SECRETARY OF STATE AS AGENT FOR SERVICE OF PROCESS. KNOW ALL PEOPLE BY THESE PRESENT:** That in compliance of the Laws of the State of Minnesota, I, the undersigned applicant, if a nonresident, do hereby appoint the Secretary of State of the State of Minnesota, his/her successor or successors, as my true and lawful agent upon whom may be served all legal process in any action or proceeding in which I may be a party arising out of or relating to the transactions or the commission, and do hereby expressly consent and agree that service upon such agent shall be as valid and binding as if due and personal process has been made upon me and that such appointment shall be irrevocable.

I certify that the statements in this application and attachments are true and complete and that this document has not been altered or changed in any manner from the form adopted by the Office of the Secretary of State.

**OATH:** I swear to uphold the duties of a Notary Public in the State of Minnesota.

_____                    2-5-09
Signature of Notary Applicant                Date



| | | |
|---|---|---|
| **OFFICE OF THE**<br>**SECRETARY OF STATE**<br>Retirement Systems of Minnesota Building<br>60 Empire Drive, Suite 100<br>St. Paul, MN 55103<br>(651) 296-2803 or 1-877-551-6767<br>Email: Notary.sos@state.mn.us | **BCA FORM**<br><br>Bureau of Criminal Apprehension<br>Criminal Background Check |

THIS BCA FORM MUST BE COMPLETED BY ALL NOTARY PUBLIC APPLICANTS. THE DEPARTMENT OF COMMERCE USES THIS INFORMATION TO CONDUCT CRIMINAL HISTORY CHECKS.

**TO:**    Bureau of Criminal Apprehension

**RE:**    Request for Criminal Background Check

### ***PLEASE PRINT***

**PROVIDE COMPLETE LEGAL NAME OF APPLICANT**

| LAST NAME | FIRST NAME | MIDDLE NAME |
|---|---|---|
| Sauerer | Christina | Anne |

DATE OF BIRTH (mo/day/yr)

08/04/87

TYPE OF LICENSE FOR WHICH YOU ARE APPLYING

**Notary Commission**

**THE FOLLOWING CERTIFICATION AND AUTHORIZATION MUST BE SIGNED BY ALL APPLICANTS:**

I, the undersigned, have made application to the Office of the Secretary of State for a regulated notary commission.

I certify that I have provided complete and accurate answers to all questions on my application.

I hereby request/authorize the Bureau of Criminal Apprehension to conduct a background check of me through their records for licensing or notary commission purposes.

_____                    2-5-09
**Signature of Applicant**                                    **Date**

**MAILING INSTRUCTIONS:** This form should be completed and mailed to:

**Office of the Secretary of State**
**Retirement Systems of Minnesota Building**
Attn: Notary
60 Empire Drive, Suite 100
St. Paul, MN 55103

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL ACTION

DEUTSCHE    BANK    TRUST    COMPANY
AMERICAS  AS  TRUSTEE  FOR  GMAC-RFC
MASTER SERVICING,
      Plaintiff,

vs.

CASE NO.: 08-000252-CA
DIVISION:

RONALD P. GILLIS, et al,
      Defendant(s).

_____/



## ORDER GRANTING MOTION TO CORRECT NAME OF PLAINTIFF

THIS MATTER came on for consideration upon the Plaintiff's Motion to Correct Name of

Plaintiff, and the Court being fully advised in the premises, it is, ORDERED AND ADJUDGED:

1.    The Plaintiff's Motion to Correct Name of Plaintiff is hereby GRANTED.

2.    The correct name of the Plaintiff is "Deutsche Bank Trust Company Americas as Trustee for

GMAC-RFC Master Servicing."  The case style of the above referenced action shall be amended to reflect

same.

DONE AND ORDERED in Chambers this ___ day of _____, 2009 in Charlotte

County, Florida.

_____
Circuit Court Judge

Conformed Copies to:
Albertelli Law
P.O. Box 23028
Tampa, FL 33623
All parties listed on the attached service list
EMRQ - 07-02944

CHARLOTTE COUNTY CLERK OF THE CIRCUIT COURT BOOK 3654, PGS 1347-1348  2
pg(s) INSTR # 2093516 Doc Type ASG, Recorded 05/04/2012 at 11:38 AM   Rec.
Fee: $18.50 Cashier By: MARGEC

*index no*

Recording Requested By:
WELLS FARGO BANK, N.A.

When Recorded Return To:

DEFAULT ASSIGNMENT
WELLS FARGO BANK, N.A.
MAC: X9999-018
PO BOX 1629
MINNEAPOLIS, MN  55440-9790

Certified to be a true and correct
copy of the original document on file.
☐ This copy has no redactions
☐ This copy has been redacted pursuant
to law.
Witness my hand and official seal this
____ day of May, 20 12
Clerk of Circuit Court
_____ Deputy Clerk

### CORPORATE ASSIGNMENT OF MORTGAGE

Charlotte, Florida
"GILLIS"

MERS #: 100013700059991685  SIS #: 1-888-679-6377

Date of Assignment: April 30th, 2012
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR WACHOVIA
MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS at BOX 2026 FLINT MI 48501, 1901 E
VOORHEES ST STE C, DANVILLE, IL  61834
Assignee: DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RALI 2006-QS8 at 1761 EAST
SAINT ANDREW PLACE, SANTA ANA, CA  92705-4934
Executed By: RONALD P GILLIS  A SINGLE PERSON  To: MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., AS NOMINEE FOR WACHOVIA MORTGAGE CORPORATION, ITS SUCCESSORS AND
ASSIGNS
Date of Mortgage: 05/01/2006 Recorded: 05/05/2006 in Book/Reel/Liber: 2961 Page/Folio: 416-433 as Instrument
No.: 1547619 In the County of Charlotte, State of Florida.

Property Address: 21238 COACHMAN AVE, PORT CHARLOTTE, FL  33952

Legal: N/A
                    CORRECTIVE ASSIGNMENT
*This assignment is being recorded to correct the scriveners error in the assignment recorded on July 15, 2009 as
Instrument No. 1864249 in Book 3402, Page750-750, as that assignment listed the assignee name as "Deutsche
Bank Trust Company Americas as Trustee" and should have listed the assignee as "Deutsche Bank Trust Company
Americas, as Trustee for RALI 2006-QS8".

   KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of
which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said
Mortgage having an original principal sum of $146,150.00 with interest, secured thereby, with all moneys now owing
or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee,
the Assignor's beneficial interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR WACHOVIA MORTGAGE
CORPORATION, ITS SUCCESSORS AND ASSIGNS
On _5/2/2012_

By: _____
     **Ramesch Vardan**
Assistant Secretary

2

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Minnesota
COUNTY OF Dakota

On 5/2/2012 , before me, __Taehoony Chin__ , a Notary Public in Dakota County in the
State of Minnesota, personally appeared __Ramesch Vardan__ , Assistant Secretary,
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

__Taehoony Chin__
Notary Expires: 01/31/2013

TAEHOONY CHIN
Notary Public
Minnesota
My Commission Expires January 31, 2013

(This area for notarial seal)

Prepared By: Yves Kenao, WELLS FARGO BANK, N.A. 2701 WELLS FARGO WAY, MAC X9999-018, MINNEAPOLIS, MN
55487-8000 1-866-234-8271

07-02944

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL ACTION

DEUTSCHE BANK TRUST COMPANY
AMERICAS AS TRUSTEE FOR GMAC-RFC
MASTER SERVICING,

       Plaintiff,

vs.

                                               CASE NO.: 08-000252-CA
                                               DIVISION:

RONALD P. GILLIS, et al,

       Defendant(s).

_____/

**AFFIDAVIT AS TO AMOUNTS DUE AND OWING**

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

BEFORE ME this day personally appeared Sharon A. Jackson, (Affiant) who, first being duly sworn, deposes on personal knowledge and says:

1. I am Assistant Secretary of Residential Funding Company, LLC the servicer for the Plaintiff and Vice President of Loan Documentation of Wells Fargo Bank, N.A., the sub servicer for the Plaintiff (hereinafter "Wells Fargo") and as such am authorized to execute this affidavit and to make the representations contained herein.

2. Affiant is authorized to make this Affidavit on behalf of the Plaintiff. In the regular performance of my job functions, I am familiar with business records maintained by Wells Fargo for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Wells Fargo. It

001-FL-V2

IMAGED

Certified to be a true and correct
copy of the original document on file.
☒ This copy has no redactions
☐ This copy has been redacted pursuant
to law.
Witness my hand and official seal this
_____ day of _____ JULY _____ 20 12
Clerk of Circuit Court
By _____, Deputy Clerk

CHARLOTTE COUNTY
STATE
OF
FLORIDA
CLERK OF THE CIRCUIT COURT

is the regular practice of Wells Fargo's mortgage servicing business to make these records. In connection with

making this affidavit, I have acquired personal knowledge of the matters stated herein by personally examining

these business records. A copy of said business record(s) is/are attached.

3.    Plaintiff is entitled to enforce the note that is subject of this action.

4.    The borrower has defaulted under the terms of the Note and Mortgage, the default has not been cured, making

the entire balance due and owing in accordance with the terms of the loan, along with accrued interest and

Plaintiff is owed the following sums of money:

The total amount due the Plaintiff on said Note through 06/01/2012 is $209,859.68 which breaks down as

follows:

| | |
|---|---|
| Principal | $143,497.94 |
| Interest | |
| From 09/01/2007 to 06/01/2012 @ 6.875% | $46,861.05 |
| Pre-acceleration Late Charges | $41.11 |
| Hazard Insurance Disbursements | $14,929.90 |
| Tax Disbursements | $3,652.68 |
| Property Inspections/Preservation | $877.00 |
| PMI\MIP Insurance | $0.00 |
| Other    (specify charges/fees) | $0.00 |
| | |
| Escrow Balance Credit | $0.00 |
| Credits to Borrower | $0.00 |
| | |
| Total | $209,859.68 |

001-FL-V2

5.   The per diem interest amount in accordance with the promissory note as of the date of this affidavit is $27.03

Plaintiff has agreed to pay its attorneys a reasonable fee for services rendered in the above-styled litigation

FURTHER AFFIANT SAYETH NOT.

*Sharon A. Jackson*
Sharon A. Jackson

**Assistant Secretary of Residential Funding Company, LLC/
Vice President Loan Documentation, Wells Fargo Bank, NA**

State of North Carolina

County of Mecklenburg

The foregoing instrument was sworn to and subscribed before me this 5th day
of June, 2012, by Sharon A. Jackson, who is personally
known to me.

NOTARY PUBLIC, State of North Carolina
My commission expires: 05-01-2017

001-FL-V2

6/4/2012
Mortgage Co. Loan number: ▉▉▉▉▉▉▉
Due Date 10/1/2007
Judgment Date 6/1/2012
Please use these figures for judgment through 6/1/2012

| | | |
|---|---|---|
| Principal Balance | | $143,497.94 |
| Interest from 9/1/2007 to 6/1/2012 | | $46,861.05 |
| Per Diem Rate: 6.875% Amount: $27.03 | | |

Late charges assessed through 10/31/2007

| | | | |
|---|---|---|---|
| Allowable Late Charges | | | $41.11 |
| | Per Month | $41.11 | |
| Suspense Balance | | | $0.00 |
| Escrow Balance | | | $0.00 |
| Escrow Advance | | | $18,582.58 |
| | Tax Advances | $3,652.68 | |
| | Hazard Insurance Advances | $14,929.90 | |
| | MIP/PMI Advances | $0.00 | |

***Warning Message: Judgment Corporate
Advance Research Needed***.

| | | | |
|---|---|---|---|
| Corporate Advance | | | $770.00 |
| | Property Inspections Fees | $540.00 | |
| | BPO/Appraisals | $230.00 | |
| | Property Preservation Adv(s) | $0.00 | |
| | Water and Sewer Fees | $0.00 | |
| | Condo Association Fees | $0.00 | |
| | Electric and Gas | $0.00 | |
| | Insurance | $0.00 | |
| | Principal | $0.00 | |
| | Bankruptcy Atty Fees | $0.00 | |
| | Bankruptcy Costs | $0.00 | |
| | Foreclosure Atty Fees and Costs | $0.00 | |
| | PMI MIP | $0.00 | |
| | Trip Charge Fees | $0.00 | |
| | Photo Fees | $0.00 | |
| | Corp. Adv. for unpaid Haz/Tax | $0.00 | |
| | Corporate Advance Credit Balance at Time of Referral | $0.00 | |
| | Corporate Advance Credit Balance Current FC Action | $0.00 | |
| 203K Disbursement | | | $0.00 |
| Other Fees | | | $107.00 |



|  | | |
|---|---|---|
| Other Returned Items | $0.00 | |
| Other Inspection Fees | $107.00 | |
| Total Debt as of Judgment Date | | $209,859.68 |

Sincerely,
Pre-Foreclosure Specialist

## ARM LOAN BREAKDOWN

| Interest From | Rate | Amount |
|---|---|---|
| 9/1/2007 | 6.875% | $46,861.05 |
| 6/1/2012 | 6.875% | |
| 6/1/2012 | | |

## UNIDENTIFIED ESCROW ADVANCE ITEMS
----------------------------------------------

DATE  AMOUNT  DESCRIPTION

## CORPORATE ADVANCE BREAKDOWN
----------------------------------------------

| DATE | AMOUNT | PAYEE | ACCOUNT | REASON CODE | DESCRIPTION |
|---|---|---|---|---|---|
| 5/23/2012 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 4/18/2012 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 3/19/2012 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 2/22/2012 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 1/25/2012 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 12/23/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 12/15/2011 | $85.00 | RE-PRMRASS | 01R01 | BROK | BPO |
| 12/1/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 11/2/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 9/28/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 8/31/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 8/1/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 6/30/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 5/27/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 5/9/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 3/30/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 3/8/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 2/7/2011 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 12/31/2010 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 12/2/2010 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |

Filed: 06/28/2012 12:59:41 Charlotte Co



| Date | Amount | | | | |
|------|--------|---|---|---|---|
| 10/27/2010 | $20.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 9/23/2010 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 9/1/2010 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 8/3/2010 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 7/29/2010 | $50.00 | RE-PRMRASS | 01R01 | BROK | BPO |
| 7/2/2010 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 6/1/2010 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 5/4/2010 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 4/7/2010 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 3/8/2010 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 2/2/2010 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 1/28/2010 | $95.00 | RE-PRMRASS | 01R01 | BROK | BPO |
| 12/30/2009 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |
| 12/2/2009 | $15.00 | SE-FIRST | 01R01 | INSP | INSPECTION |

TOTAL CORPORATE $770.00

UNIDENTIFIED CORPORATE ADVANCE ITEMS
-----------------------------------------------------

| DATE | AMOUNT | PAYEE | ACCOUNT | REASON CODE | DESCRIPTION |
|------|--------|-------|---------|-------------|-------------|
| 7/3/2009 | $125.00 | FLALBERT | 10R10 | LITI | LITIGATION |
| 6/29/2009 | $187.50 | FLALBERT | 10R10 | ATTF | ATTY.FEE - F/C |
| 2/21/2008 | $261.00 | FLALBERT | 54R51 | FIFC | FILING FEE-F/C |
| 2/21/2008 | $325.00 | FLALBERT | 54R51 | TISR | TITLE SEARCH |
| 2/21/2008 | $840.00 | FLALBERT | 54R51 | ATTF | ATTY.FEE - F/C |

LATE CHARGE BREAKDOWN
---------------------

| Description | Date Assessed | Amount | Date Paid | Amount | Date Waived | Amount |
|-------------|---------------|--------|-----------|--------|-------------|--------|
| LATE FEE | 10/17/2007 | $41.11 | | | | |

TOTAL LATE CHARGES $41.11



IN THE CIRCUIT COURT OF THE TWENTIETH
JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL ACTION


DEUTSCHE    BANK    TRUST    COMPANY
AMERICAS AS TRUSTEE,

      Plaintiff,

                                CASE NO. 0 8 - 2 5 2 C A
vs.                                  DIVISION

RONALD P. GILLIS; THE UNKNOWN SPOUSE OF RONALD P. GILLIS; SUNTRUST
BANK;  ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER,
AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT
KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY
CLAIM AN INTEREST AS SPOUSES, HEIRS, DEVISEES, GRANTEES, OR OTHER
CLAIMANTS;   TENANT #1, TENANT #2, TENANT #3, and  TENANT #4 the names
being fictitious to account for parties in possession.

      Defendant(s).
_____/

## MORTGAGE FORECLOSURE COMPLAINT

    Plaintiff, Deutsche Bank Trust Company Americas as Trustee, sues Defendants, Ronald P. Gillis;

The Unknown Spouse of Ronald P. Gillis; SunTrust Bank;   Any and All Unknown Parties Claiming By,

Through, Under, and Against the Herein Named Individual Defendant(s) Who Are Not Known to be Dead or

Alive, Whether Said Unknown Parties May Claim an Interest as Spouses, Heirs, Devisees, Grantees, or Other

Claimants;  Tenant #1,  Tenant #2,  Tenant #3, and  Tenant #4, the names being fictitious to account for

parties in possession, and alleges:


## COUNT I - MORTGAGE FORECLOSURE

    1.    This is an in rem action to foreclose a mortgage on real property located and situated in

Charlotte County, Florida.



Page: 1 Document Name: unt. led

```
P190 LN ████████         L O A N   S T A T U S  1              06/04/12
NAME RP GILLIS     INV-LN B0F-001-0010696683 DUE 10-01-07 TYPE 13-A
RR PR MAN F P-TYPE 1 INT .0687500 FIRST PB   143,497.94  2ND PB        .00
RDYTD INT      .00 PRIN        .00 TAX      .00 HAZ   3447.75 TERM 360
RECON 660      GUAR               MIP       .00 LIEN       .00 MAT 06-36
BILL  RONALD P GILLIS           CONTRACT/POOL NO
NAME                            TAX NAME
&     P O BOX 380842            PROPERTY  21238    COACHMAN AVE
ADDR  MURDOCK         FL 33938 ADDRESS  PORT CHARLOTT        FL 33952
BALANCES            PAYMENT            STOPS          OTHER
ESCROW        .00   P&I        822.12 PROCESS 4      LEVEL SF       .00
ADVANCE  18582.58   2ND P&I       .00 BAD CK  0      SF RATE  .00250000
SUSPENSE      .00   ESCROW     258.68 PIF     0
LC DUE   2219.94    REPL          .00 FC      2      LAST ANAL    02-10
REPL RES      .00   MISC          .00 NOTICE  0      LOAN DATE 05-01-06
RES ESC       .00   LIFE          .00 ANALYZE 1      INT/ESC
INT DUE       .00   A&H           .00 A&H     0      TEL 1 941-629-0471
HUD           .00   BSC           .00 LIFE    0      TEL 2 000-000-0000
DEFICIT   952.33-   TOTAL     1080.80 DISB    0      TEL CD           0
DISC BAL      .00   HUD-P         .00 CASHIER 5      TIMES DELQ      12
ORIG DIS      .00   NET PMT   1080.80 ACCRUAL 3      BILL MODE        9
ORIG LOAN 146150    PMT FREQUENCY  12 L/C     0      FC TRACK         A
          SEE MEMO PAD       MEM1████████       SEE SCREEN P192
```

Date: 6/5/2012 Time: 11:24:42 AM

Page: 1 Document Name: unt_led

```
FOR3 ████████        ___    FOR TRACKING    E0Q B0F/001    06/04/12   11:23:55
RP GILLIS      L:  F:A B:  R:   10/01/07 TYPE CONV. RES.    ARM      M:F F:2
21238 COACHMAN AVE PORT CHARLOTT FL 33952-2624              GUAR
------------------------------------------------------------------------MORE>
ACT SCHED   ACTUAL STEP      STEP DESCRIPTION     PRED FLT   COST   G R C L F P T
   120507 121007 U01 RFR 2 ATTY & ASGN 2 PRCSR         0              *   1
   121007 032612 U88 2ND BPO ORDERED            U01     0
   121007 121007 K33 REFERRAL IN DESKTOP        U01     0
   121007 070811 E13 PAYOFF PROVIDED GOOD THRU  U01     0
   121007 102009 Y47 HAMP LETTER SENT           U01     0
   122007 030410 N82 NOTE RECEIVED BY ATTY      U01    10
   122007 012010 U33 RECEIVE 1ST BPO            N82     0        *
   012010 040212 U53 RECEIVE 2ND BPO            U33     0        *
   012010 112511 U91 RECEIVED 3RD BPO           U33     0
   122007 030410 K56 RECORDED MTG/DOT TO ATTY   U01    10
   122007 110509 U52 PRELIMINARY TITLE RECVD    U01    10        *
   111009 110509 U98 PRELIMINARY TITLE CLEAR    U52     5
   010908 011508 T01 1ST LEGAL ACTN COMPLETED*  U01    30        *   2
   021408 020508 T05 SVC ON DFNS COMPLETED      T01    30
   072113        T17 ATTY SCHD SUMMARY JUDGM    U53   475
   031511 031111 E24 FEE APPROVED (3)           T17     0   2162.50
   020508 050812 U08 SEND JUDGM FIGS TO ATTY    T05     0
```

Date: 6/5/2012 Time: 11:23:57 AM

```
FOR3 ████████      __        FOR TRACKING    E0Q B0F/001     06/04/12   11:24:35
RP GILLIS      L:  F:A B:   R:    10/01/07 TYPE CONV. RES.     ARM      M:F F:2
21238 COACHMAN AVE PORT CHARLOTT FL 33952-2624            GUAR
-----------------------------------------------------------------------------<MORE-
ACT SCHED  ACTUAL  STEP     STEP DESCRIPTION      PRED FLT    COST     G R C L F P T
    072113          T14 JUDGM ENTERED/GRANTED     T17   0              *
    121010 111810  E22 FEE APPROVED (1)           T14   0     25.00
    111810 120210  E23 FEE APPROVED (2)           E22   0   3125.00
    082613          U20 F/C SCHEDULED SALE DATE   T14  36              *    3
    081013          U99 FINAL TITLE CLEAR         T14  20
    102513          U31 SEND BID INSTRCTN TO ATTY T14  96              *
    082613          T32 F/C SALE HELD             U20   0              *    4
    082713          U47 CREATE 1099 RECORD        T32   1              *
    082713          U48 CHNG MAN CODE TO R        T32   1
    082813          U50 FILE ROUTED TO POST SALE  T32   2              *
    093009 093009  Z39 WACHOVIA ACQUISITION       U50   0
    093009 122809  Y97 HAMP LM OPTIONS EXHAUSTED  Z39   0
    122809 032612  U32 ORDER BPO                  Y97   0              *
```

## Dietrich, Melissa

| | |
|---|---|
| **From:** | David Miller [DMiller@albertellilaw.com] |
| **Sent:** | Tuesday, June 05, 2012 10:07 AM |
| **To:** | Dietrich, Melissa; Ryan Weeks |
| **Subject:** | RE: Message in desktop---RUSH FILE |
| **Attachments:** | ATT00003.txt; ATT00004.htm |

**Importance:**    High

Since there is no association in this action, please execute the affidavit "as is" and we will assign the bid at sale to the appropriate entity.  Just to clarify, the bid should be assigned from Deutsche Bank, the current plaintiff, to U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RALI 2006-QS8, correct?

**From:** MELISSA.D.DIETRICH@wellsfargo.com [mailto:MELISSA.D.DIETRICH@wellsfargo.com]
**Sent:** Tuesday, June 05, 2012 9:57 AM
**To:** David Miller
**Cc:** MELISSA.D.DIETRICH@wellsfargo.com
**Subject:** FW: Message in desktop---RUSH FILE

David here is the message that I need a reply on that was sent in desktop, thanks

We are in the process of trying to complete the judgment affidavit on this file however the one that was received has the plaintiff as DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR GMAC-RFC MASTER SERVICING. We have the plaintiff as U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR RALI 2006-QS8. Once the change is acknowledged by your office we will execute the affidavit received. Your office can assign the bid at sale or the affidavit can be resubmitted to judgmentaffidavit@wellsfargo.com mailbox with an amended plaintiff name. Either option is acceptable to us – please advise on how your office will proceed within 48 hours or the file will be stopped, thanks

## Melissa Dietrich

## Exceptions

## Foreclosure Document Execution Department

**Wells Fargo Home Mortgage |401 S Tryon St  10th FL | Charlotte, NC 28202**

**MAC D1050-10F**

melisssa.dietrich@wellsfargo.com

---

**From:** Dawn Buck [mailto:dbuck@albertellilaw.com]
**Sent:** Tuesday, June 05, 2012 9:47 AM
**To:** Dietrich, Melissa
**Cc:** David Miller
**Subject:** RE: Message in desktop---RUSH FILE

Hi David,

Please see below. Please note that Dominique has just uploaded the complaint to LPS and sent a copy to Melissa below. Was there something else you needed from Melissa? Please see below.

1



Melissa, you may contact David directly if needed.

Thank you,
Dawn Aquila Buck
Final Judgments Section Manager
813-221-4743 ext. 1454

**From:** MELISSA.D.DIETRICH@wellsfargo.com [mailto:MELISSA.D.DIETRICH@wellsfargo.com]
**Sent:** Tuesday, June 05, 2012 9:01 AM
**To:** Dawn Buck
**Subject:** RE: Message in desktop---RUSH FILE

*Hey looks like the rush request came from David Miller just an FYI .*

*Thank you for your help!*

## Melissa Dietrich

## Exceptions

## Foreclosure Document Execution Department

**Wells Fargo Home Mortgage |401 S Tryon St  10th FL | Charlotte, NC 28202**

**MAC D1050-10F**

**melisssa.dietrich@wellsfargo.com**

**From:** Dawn Buck [mailto:dbuck@albertellilaw.com]
**Sent:** Tuesday, June 05, 2012 8:52 AM
**To:** Dietrich, Melissa
**Cc:** Dominique Loper
**Subject:** RE: Message in desktop---RUSH FILE

Hi Dominique,

Can you Please assist Melissa with her request below?

Melissa- Dominique is the manager of our complaints department.

Thank you,
Dawn Aquila Buck
Final Judgments Section Manager
813-221-4743 ext. 1454

**From:** MELISSA.D.DIETRICH@wellsfargo.com [mailto:MELISSA.D.DIETRICH@wellsfargo.com]
**Sent:** Tuesday, June 05, 2012 8:40 AM
**To:** Dawn Buck

2

**Cc:** Myrna Ruiz; MELISSA.D.DIETRICH@wellsfargo.com
**Subject:** RE: Message in desktop---RUSH FILE

*No one sent me a message in desktop about the rush, I sent a message about the vesting and we need a copy of the complaint, thanks*

## Melissa Dietrich

### Exceptions

### Foreclosure Document Execution Department

**Wells Fargo Home Mortgage |401 S Tryon St  10th FL | Charlotte, NC 28202**

**MAC D1050-10F**

melisssa.dietrich@wellsfargo.com

---

**From:** Dawn Buck [mailto:dbuck@albertellilaw.com]
**Sent:** Tuesday, June 05, 2012 8:38 AM
**To:** Dietrich, Melissa
**Cc:** Myrna Ruiz
**Subject:** RE: Message in desktop---RUSH FILE

Hello Melissa,

So that I can be of more assistance; who sent you the message in desktop?

Myrna- I see you email may have been copied wrong below- Can you help Melissa?

Thank you,
Dawn Aquila Buck
Final Judgments Section Manager
813-221-4743 ext. 1454

---

**From:** MELISSA.D.DIETRICH@wellsfargo.com [mailto:MELISSA.D.DIETRICH@wellsfargo.com]
**Sent:** Monday, June 04, 2012 5:16 PM
**To:** Dawn Buck; mruiz@alvertellilaw.com
**Cc:** MELISSA.D.DIETRICH@wellsfargo.com
**Subject:** Message in desktop---RUSH FILE
**Importance:** High

*Hello we have rec'd a rush request from your office on the file listed below, however, I have sent a message in desktop that needs to be answered ASAP before I can move forward as there is vesting issues and we need a copy of the complaint, thanks*

708-███████

3



**Melissa Dietrich**

**Exceptions**

**Foreclosure Document Execution Department**

**Wells Fargo Home Mortgage |401 S Tryon St  10th FL | Charlotte, NC 28202**

**MAC D1050-10F**

melisssa.dietrich@wellsfargo.com

4

| 708 | ▆▆▆▆▆▆▆▆ | Deutsche Bank Trust Company Americas, as Trustee for RALI 2006-QS8 |



GILLIS

## INTEREST FIRST NOTE

May     1    , 2006                    CHARLOTTE      , FLORIDA
     [Date]                              [City]         [State]

21238 COACHMAN AVE                 PORT CHARLOTTE, FL  33952
                              [Property Address]

**1.    BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $____146,150.00____ (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is __WACHOVIA MORTGAGE CORPORATION__
_____ . I will make all payments under this Note in the form of cash, check or money order.
     I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.    INTEREST**
Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of ___6.875___ %.
     The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.    PAYMENTS**
     **(A)    Time and Place of Payments**
     I will make a payment every month. This payment will be for interest only for the first ___120___ months, and then will consist of principal and interest.
     I will make my monthly payment on the ___1st___ day of each month beginning on ___July     1___, 2006. I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and if the payment includes both principal and interest it will be applied to interest before principal. If, on ___June     1___, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
     I will make my monthly payments at ___1100 CORPORATE CENTER DRIVE    RALEIGH, NC  27607-5066___ or at a different place if required by the Note Holder.
     **(B)    Amount of Monthly Payments**
     My monthly payment will be in the amount of U.S. $___837.32___ for the first ___120___ months of this Note, and thereafter will be in the amount of U.S. $___1,122.16___ . The Note Holder will notify me prior to the date of change in monthly payment.

**4.    BORROWER'S RIGHT TO PREPAY**
     I have the right to make payments of Principal at any time before they are due. A payment of principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.
     I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the Principal and the interest required under this Note will be paid prior to the Maturity Date.

FLORIDA INTEREST FIRST FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT        Form 3271.16   1/01
█████(02/01)  ████                              Page 1 of 3
                                                                    LCW



GILLIS

**5.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.    BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A)    Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of ____15____ calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000 %** of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B)    Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C)    Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D)    No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E)    Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.    WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

LCW



GILLIS

**10.    UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions.  In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.  Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.   The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**11.    DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____    _____(Seal)    _____( Seal)
RONALD P GILLIS                                    - Borrower                                  -Borrower

_____    _____(Seal)    _____(Seal)
                                                         - Borrower                                  -Borrower

_____    _____(Seal)    _____(Seal)
                                                         -Borrower                                  -Borrower

_____    _____(Seal)    _____(Seal)
                                                         -Borrower                                  -Borrower

[Sign Original Only]

PAY TO THE ORDER OF

~~RESIDENTIAL FUNDING CORPORATION~~
WITHOUT RECOURSE
WACHOVIA MORTGAGE CORPORATION
BY:_____
Assistant Vice President
KAREN DAVIS

PAY TO THE ORDER OF
Deutsche Bank Trust Company Americas as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

BY _____
Judy Faber, Vice President

FLORIDA INTEREST FIRST FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3271.10    1/01
(02/01)                                                             Page 3 of 3                                                LCW



Wells Fargo Home Mortgage
MAC X2302-017
1 Home Campus
Des Moines, IA 50328-0001

REQ BY ASQ                 CUSTOMER ACCOUNT ACTIVITY STATEMENT          DATE 02/21/12
                                                                       PAGE    1

RONALD P GILLIS                        THIS IS YOUR PAYMENT HISTORY FOR THE
P O BOX 380842                         DATES REFERENCED BELOW.   IF YOU HAVE ANY
MURDOCK                    FL 33938    QUESTIONS, PLEASE CONTACT OUR CUSTOMER
                                       SERVICE DEPARTMENT AT 800-423-5021.

LOAN NUMBER: ▉▉▉▉▉▉▉▉
***********************************************************************************
----------------------- CURRENT ACCOUNT INFORMATION ----------------------
   DATE        TOTAL      PRINCIPAL       LOAN        CURRENT
  PAYMENT     PAYMENT     & INTEREST    INTEREST     PRINCIPAL         ESCROW
   DUE        AMOUNT       PAYMENT        RATE        BALANCE          BALANCE
 10-01-07    1,080.80       822.12      6.87500     143,497.94       15,134.83-
***********************************************************************************

Page: 1 Document Name: unt_ led

FEE1 ▓▓▓▓▓▓▓▓               FEE ACTIVITY LEDGER          06/04/12  11:32:46
SELECTED CODES 1_____     FROM MMDDYY                  PAGE   1  OF   5
RONALD P GILLIS                      P O BOX 380842
                                     MURDOCK

                                                       FL 33938-0842

| FEE CODE | DESCRIPTION | DATE ASSESSED | AMOUNT | DATE PAID | AMOUNT | DATE WAIVED | AMOUNT |
|---|---|---|---|---|---|---|---|
| 1 | LATE FEE | 06-19-07 | 41.14 | | | | |
| 1 | LATE FEE | | | | | 06-28-07 | 41.14 |
| 1 | LATE FEE | 07-17-07 | 41.12 | | | | |
| 1 | LATE FEE | | | 07-31-07 | 41.12 | | |
| 1 | LATE FEE | 08-17-07 | 41.12 | | | | |
| 1 | LATE FEE | | | 08-21-07 | 41.11 | | |
| 1 | LATE FEE | | | 09-13-07 | 0.01 | | |
| 1 | LATE FEE | 10-17-07 | 41.11 | | | | |
| 1 | LATE FEE | 11-19-07 | 41.11 | | | | |
| 1 | LATE FEE | 12-17-07 | 41.11 | | | | |
| 1 | LATE FEE | 01-17-08 | 41.11 | | | | |
| 1 | LATE FEE | 02-19-08 | 41.11 | | | | |
| 1 | LATE FEE | 03-17-08 | 41.11 | | | | |
| NET | 2219.94 | TOTALS | 2343.32 | | 82.24 | | 41.14 |



Page: 1 Document Name: untitled

FEE1 ▬▬▬▬▬                    FEE ACTIVITY LEDGER               06/04/12   11:33:33
SELECTED CODES 1_____      FROM 110107                       PAGE   1   OF   5
RONALD P GILLIS                        P O BOX 380842
                                       MURDOCK

                                               FL 33938-0842

| FEE CODE | DESCRIPTION | DATE ASSESSED | AMOUNT | DATE PAID | AMOUNT | DATE WAIVED | AMOUNT |
|---|---|---|---|---|---|---|---|
| 1 | LATE FEE | 11-19-07 | 41.11 | | | | |
| 1 | LATE FEE | 12-17-07 | 41.11 | | | | |
| 1 | LATE FEE | 01-17-08 | 41.11 | | | | |
| 1 | LATE FEE | 02-19-08 | 41.11 | | | | |
| 1 | LATE FEE | 03-17-08 | 41.11 | | | | |
| 1 | LATE FEE | 04-17-08 | 41.11 | | | | |
| 1 | LATE FEE | 05-19-08 | 41.11 | | | | |
| 1 | LATE FEE | 06-17-08 | 41.11 | | | | |
| 1 | LATE FEE | 07-17-08 | 41.11 | | | | |
| 1 | LATE FEE | 08-18-08 | 41.11 | | | | |
| 1 | LATE FEE | 09-17-08 | 41.11 | | | | |
| 1 | LATE FEE | 10-17-08 | 41.11 | | | | |
| 1 | LATE FEE | 11-17-08 | 41.11 | | | | |
| NET | 2178.83 | TOTALS | 2178.83 | | 0.00 | | 0.00 |



Date: 6/5/2012 Time: 11:33:35 AM

Page: 1 Document Name: unt...ed

```
P309 LN [redacted]              MORTGAGE LOAN HISTORY                        06-03-12
NAME RP GILLIS                  INV-LN B0F-001-0010696683 DUE 10-01-07  TYPE 13-A
ER PR MAN F P-TYPE 1 INT .0687500 FIRST PB    143,497.94  2ND PB           .00
HUD    .00  NET   1080.80  SF .00250000 SUSP          .00 STOP D B P F N A D L
REP    .00  RES        .00                                  4 0 0 2 0 1 0 0
```

| | | | | |
|---|---|---|---|---|
| APP | 05-23 | 05-16 | 05-01 | 04-27 | 04-18 |

| Field | | | | | |
|---|---|---|---|---|---|
| APP | 05-23 | 05-16 | 05-01 | 04-27 | 04-18 |
| SEG#/DUE | 00-00 | 10-07 | 00-00 | 00-00 | 00-00 |
| TYPE/TRAN | 6  31 | 1  52 | 6  01 | 6  33 | 6  31 |
| AMOUNT | .00 | .00 | .00 | .00 | .00 |
| PRIN-PD | .00 | .00 | .00 | .00 | .00 |
| PRIN-BAL | 143,497.94 | 143,497.94 | 143,497.94 | 143,497.94 | 143,497.94 |
| INT-PD | .00 | .00 | .00 | .00 | .00 |
| ESC-PD | .00 | .00 | .00 | .00 | .00 |
| ESC-BAL | .00 | .00 | .00 | .00 | .00 |
| A&H-INS | .00 | .00 | .00 | .00 | .00 |
| LIFE-INS | .00 | .00 | .00 | .00 | .00 |
| LC/FEES | .00 | 1   41.11- | .00 | .00 | .00 |
| MISC-PD | .00 | .00 | .00 | .00 | .00 |
| ADV-BAL | 18,582.58 | 18,582.58 | 18,582.58 | 18,582.58 | 18,582.58 |
| SUSP | .00 | .00 | .00 | .00 | .00 |
| SC/PAYEE | SE-FIRST | | RF09015 | RE-PRMRASS | SE-FIRST |

```
PAGE 001 OF 008    TOTAL TRANS AVAILABLE 0037    OLDEST TRAN 06-16-11 /P
```

Date: 6/4/2012 Time: 12:37:45 PM

Page: 1 Document Name: unt. led

```
PDCH ████████     CORPORATE ADVANCE HISTORY SCREEN  B0F/001 06/04/12  11:31:58
RP GILLIS      L:  F:A B:  R:     10/01/07 TYPE CONV. RES.   ARM      MAN F
21238 COACHMAN AVE PORT CHARLOTT FL 33952-2624
--------------------------------------------------------- * MORE *-------
R____ C/A PAYEE ____ TRAN ____ RSN ___ USR _____ ESC PAYEE
   _ SORT        _ SORT    _ SORT    _ SORT          _ SORT
DATE RANGE:  12/10/07 THRU 06/01/12
                                       C/A
TRN USR DATE      TRAN AMT    ESC PAYEE  PAYEE RSN  DESCRIPTION     ORIG DSB
631 DKH 05/23/12      15.00   SE-FIRST   01R01 INSP INSPECTION
631 DKH 04/18/12      15.00   SE-FIRST   01R01 INSP INSPECTION
630 DKH 04/13/12     187.50   ATY-FL-JAM 01R01 ATTY ATTORNEY FEES
632 DKH 03/21/12      75.00   ATY-FL-JAM 01R01 TITL TITLE POLICY
632 DKH 03/21/12     700.00   ATY-FL-JAM 01R01 MEDI ST RQ MEDIATION
631 DKH 03/19/12      15.00   SE-FIRST   01R01 INSP INSPECTION
631 DKH 02/22/12      15.00   SE-FIRST   01R01 INSP INSPECTION
631 DKH 01/25/12      15.00   SE-FIRST   01R01 INSP INSPECTION
631 DKH 12/23/11      20.00   SE-FIRST   01R01 INSP INSPECTION
633 V6J 12/15/11      85.00   RE-PRMRASS 01R01 BROK BPO
```

Date: 6/5/2012 Time: 11:32:02 AM

Page: 1 Document Name: untitled

```
DCH ████████        CORPORATE ADVANCE HISTORY SCREEN  B0F/001 06/04/12  11:32:03
RP GILLIS     L:  F:A B:  R:    10/01/07 TYPE CONV. RES.    ARM     MAN F
21238 COACHMAN AVE PORT CHARLOTT FL 33952-2624
-------------------------------------------------------------- * MORE *-------
R____ C/A PAYEE  ____ TRAN    ____ RSN    ____ USR  _____  ESC PAYEE
 _ SORT       _ SORT       _ SORT     _ SORT              _ SORT
DATE RANGE:  12/10/07 THRU 06/01/12
                                         C/A
TRN USR DATE      TRAN AMT      ESC PAYEE  PAYEE RSN  DESCRIPTION      ORIG DSB
631 DKH 12/01/11       20.00   SE-FIRST   01R01 INSP  INSPECTION
631 DKH 11/02/11       20.00   SE-FIRST   01R01 INSP  INSPECTION
630 DKH 10/28/11      912.50   ATY-FL-JAM 01R01 ATTY  ATTORNEY FEES
631 DKH 09/28/11       20.00   SE-FIRST   01R01 INSP  INSPECTION
631 DKH 08/31/11       20.00   SE-FIRST   01R01 INSP  INSPECTION
631 DKH 08/01/11       20.00   SE-FIRST   01R01 INSP  INSPECTION
631 DKH 06/30/11       20.00   SE-FIRST   01R01 INSP  INSPECTION
631 DKH 05/27/11       20.00   SE-FIRST   01R01 INSP  INSPECTION
631 DKH 05/09/11       20.00   SE-FIRST   01R01 INSP  INSPECTION
631 DKH 04/13/11       35.00   SE-FIRST   01R01 TRIP  TRIP CHARGE
```

Date: 6/5/2012 Time: 11:32:04 AM

Page: 1 Document Name: untitled

```
DCH ████████         CORPORATE ADVANCE HISTORY SCREEN   B0F/001  06/04/12   11:32:06
RP GILLIS      L:   F:A B:   R:     10/01/07 TYPE CONV. RES.     ARM      MAN F
21238 COACHMAN AVE PORT CHARLOTT FL 33952-2624
-------------------------------------------------------------- * MORE *-------
R____ C/A PAYEE ____ TRAN _____ RSN ____ USR _____ ESC PAYEE
   _ SORT           _ SORT       _ SORT     _ SORT              _ SORT
DATE RANGE:  12/10/07 THRU 06/01/12
                                         C/A
TRN USR DATE        TRAN AMT      ESC PAYEE  PAYEE RSN  DESCRIPTION       ORIG DSB
630 DKH 04/12/11    1,525.00      ATY-FL-JAM 01R01 ATTY ATTORNEY FEES
631 DKH 03/30/11       20.00      SE-FIRST   01R01 INSP INSPECTION
631 DKH 03/08/11       20.00      SE-FIRST   01R01 INSP INSPECTION
630 DKH 02/28/11    3,075.00      ATY-FL-JAM 01R01 ATTY ATTORNEY FEES
631 DKH 02/07/11       20.00      SE-FIRST   01R01 INSP INSPECTION
631 DKH 12/31/10       20.00      SE-FIRST   01R01 INSP INSPECTION
631 DKH 12/02/10       20.00      SE-FIRST   01R01 INSP INSPECTION
631 DKH 10/27/10       20.00      SE-FIRST   01R01 INSP INSPECTION
631 DKH 09/23/10       15.00      SE-FIRST   01R01 INSP INSPECTION
631 DKH 09/01/10       15.00      SE-FIRST   01R01 INSP INSPECTION
```

Date: 6/5/2012 Time: 11:32:07 AM

Page: 1 Document Name: untitled

```
DDCH ████████      CORPORATE ADVANCE HISTORY SCREEN  B0F/001 06/04/12  11:32:07
RP GILLIS      L:  F:A B:  R:     10/01/07 TYPE CONV. RES.    ARM     MAN F
21238 COACHMAN AVE PORT CHARLOTT FL 33952-2624
--------------------------------------------------------- * MORE *-------
 R____ C/A PAYEE  ____ TRAN    ____ RSN    ____ USR  _____ ESC PAYEE
   _ SORT         _ SORT       _ SORT      _ SORT              _ SORT
 DATE RANGE:  12/10/07 THRU 06/01/12
                                        C/A
 TRN USR DATE      TRAN AMT     ESC PAYEE  PAYEE RSN  DESCRIPTION      ORIG DSB
 631 DKH 08/03/10       15.00   SE-FIRST   01R01 INSP INSPECTION
 633 DNX 07/29/10       50.00   RE-PRMRASS 01R01 BROK BPO
 630 DKH 07/07/10    1,073.40   ATY-FL-JAM 01R01 ATTY ATTORNEY FEES
 631 DKH 07/02/10       15.00   SE-FIRST   01R01 INSP INSPECTION
 631 DKH 06/01/10       15.00   SE-FIRST   01R01 INSP INSPECTION
 631 DKH 05/04/10       15.00   SE-FIRST   01R01 INSP INSPECTION
 630 DKH 04/30/10      162.50   ATY-FL-JAM 01R01 ATTY ATTORNEY FEES
 631 DKH 04/07/10       15.00   SE-FIRST   01R01 INSP INSPECTION
 631 DKH 03/08/10       15.00   SE-FIRST   01R01 INSP INSPECTION
 631 DKH 02/02/10       15.00   SE-FIRST   01R01 INSP INSPECTION
```

Date: 6/5/2012 Time: 11:32:08 AM

Page: 1 Document Name: unti led

```
DCH                    CORPORATE ADVANCE HISTORY SCREEN  B0F/001 06/04/12   11:32:08
P GILLIS       L:  F:A B:  R:     10/01/07 TYPE CONV. RES.     ARM     MAN F
1238 COACHMAN AVE PORT CHARLOTT FL 33952-2624
------------------------------------------------------------  * MORE *-------
R____ C/A PAYEE    ___ TRAN      ____ RSN     ___ USR   _____ ESC PAYEE
_ SORT            _ SORT       _ SORT      _ SORT              _ SORT
DATE RANGE:   12/10/07 THRU 06/01/12
                                        C/A
TRN USR DATE         TRAN AMT    ESC PAYEE PAYEE RSN  DESCRIPTION     ORIG DSB
633 49F 01/28/10        95.00    RE-PRMRASS 01R01 BROK BPO
631 DKH 12/30/09        15.00    SE-FIRST   01R01 INSP INSPECTION
632 DKH 12/21/09       129.51    ATY-FL-JAM 01R01 CLER CLERK COSTS
630 DKH 12/21/09     1,987.50    ATY-FL-JAM 01R01 ATTY ATTORNEY FEES
632 DKH 12/16/09       330.45    ATY-FL-JAM 01R01 CLER CLERK COSTS
631 DKH 12/02/09        15.00    SE-FIRST   01R01 INSP INSPECTION
630 Y99 07/03/09       125.00    FLALBERT   10R10 LITI LITIGATION
630 Y99 06/29/09       187.50    FLALBERT   10R10 ATTF ATTY.FEE - F/C
632 Y99 02/21/08       261.00    FLALBERT   54R51 FIFC FILING FEE-F/C
632 Y99 02/21/08       325.00    FLALBERT   54R51 TISR TITLE SEARCH
```

Date: 6/5/2012 Time: 11:32:09 AM

Page: 1 Document Name: untitled

```
DDCH                  CORPORATE ADVANCE HISTORY SCREEN  B0F/001 06/04/12   11:32:09
RP GILLIS      L:  F:A B:  R:    10/01/07 TYPE CONV. RES.   ARM     MAN F
21238 COACHMAN AVE PORT CHARLOTT FL 33952-2624
------------------------------------------------------------- * END *--------
 R____ C/A PAYEE ____ TRAN  _____ RSN  ___ USR  _____ ESC PAYEE
  _ SORT          _ SORT        _ SORT       _ SORT
 DATE RANGE:  12/10/07 THRU 06/01/12
                                    C/A
 TRN USR DATE       TRAN AMT    ESC PAYEE  PAYEE RSN  DESCRIPTION     ORIG DSB
 632 Y99 02/21/08      225.00   FLALBERT   54R51 PROC PROCESS SERVICE
 630 Y99 02/21/08      840.00   FLALBERT   54R51 ATTF ATTY.FEE - F/C



** TOTAL SELECTED DDCH CORP ADV TRANS:         12,926.86
```

Date: 6/5/2012 Time: 11:32:10 AM

Page: 1  Document Name: unt. .ed

```
SER1  ████████              _____   CUSTOMER SERVICE  INV B0F/001   06/03/12  12:40:18
RONALD P GILLIS              000-00-████ 0    TYPE CONV. RES.    ARM        MAN F
                            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      IR  6.87500  BR PR    941-629-0471
21238 COACHMAN AVE      PORT CHARLOTT FL 33952-2624      0 000-000-0000
  _____  < PD ALBERTELLI ICLEAR INV#07-02944LITIGATIONN  >: 04/12/12
----~ARM1---------------------* ARM TYPE *----------------------------------
PLAN  IR INDX  INDEX NAME            LEAD TIME   -------- ORIGINAL ---------
IOX7  1  IOFR DEFAULT INDEX CODE - DO   0 / 0        837.32  : P&I
IOFR/0/000/120-012/NON ARM IO FIXED R                07/01/36  : IR  CHG DT
NEXT PEND DATE PER(PMTS)  ORIG IR:  6.87500          07/01/16  : P&I CHG DT
IR: 07/01/36   120    INIT INDEX:                      360  : TERM
P&I: 07/01/16  120    INIT IR:            146,150.00  : PRIN BAL
LTR/TAP               MARGIN:         --CURR PRIN BAL/DUE DATE---
MAX PB:               ROUND:            143,497.94  : 10/01/07
--------------------* ARM LOAN CHANGE HISTORY *-----* PF8 ADDL INFO *----
 CHANGE   IR CALC              PAYMENT        P&I      IR CARRY
  DATE    METHOD    INDEX    INT RATE   CALC RATE   PAYMENT  OVER BAL
07/01/36    1                -UNAVAIL-
07/01/16    1                6.87500                 -UNAVAIL-
10/01/07    1                6.87500                  822.12
---* PF2 FOR ADDL MESSAGES *---------------------* PF4 FOR ARM INDEX TABLE *---
PRESS PF14 FOR MEMOS                    ACTIVE FORECLOSURE
DIST-TYPE = 1 INTEREST-ONLY LOAN
LOAN IS IN FORECLOSURE, F/C STOP = 2   PROC STOP = 4   FORECLOSURE
```

Date: 6/4/2012 Time: 12:40:22 PM