**Hearing Date and Time: August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 22, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Joel C. Haims
James J. Beha II

*Counsel for the Debtors and*
*Debtors in Possession*[1]

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, NY 10178-0061
Telephone: 212-696-6000
Facsimile:   212-697-1559
Steven J. Reisman
Theresa Foudy
Maryann Gallagher

*Conflicts Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### NOTICE OF DEBTORS' TENTH OMNIBUS CLAIMS OBJECTION (FACIALLY DEFECTIVE AND TIME-BARRED SECURITIES CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Tenth Omnibus Claims Objection (Facially Defective and Time-Barred Securities Claims)*

(the "Omnibus Objection"), which seeks to alter your rights by either disallowing,

modifying and/or reducing your claim against the above-captioned Debtors.

---

[1] With respect to Claimants *Bayerische Landesbank, BlueMountain Credit Alts. Master Fund LP, Diocese of Brooklyn Pension Plan Core Bond Portfolio, EFG Resid. Mortg. Backed Fund Ltd., Enter. Bank of Fl., Everest Int'l Reins., Ltd., Everest Global Services, Inc., Independence IV CDO, Ltd., Independence VI CDO, Ltd., Independence VII CDO, Ltd., Jane Street Global Trading, LLC, JMG Capital Partners, LP JMG Triton Offshore, Ltd., Michelin N.A., Inc. Master Trust, Newcastle Invest. Corp., Pine Mountain CDO Ltd., Senior Health Ins. Co. of Penn., Smith Breeden Securitized Credit Opp. Master Ltd., Smith Breeden Short Duration Ltd., State Bd. of Admin. of Fl., Straits Global ABS CDO I, Ltd., TCT Fed. Credit Union, TIFF Keystone Fund, L.P. TIFF Multi Asset Fund, Tom Huston Jr, as Tr. of Revocable Trust UAD 8-2- 1982, Underlying Funds Trust, Unisys Master Trust.*

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection will take place on **August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **July 22, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Joel C. Haims, and James J. Beha II) and conflicts counsel to the Debtors, Curtis, Mallet-Prevost, Colt & Mostle LLP, 101 Park Avenue, New York, NY 10178 (Attention: Steven J. Reisman, Theresa A. Foudy, and Maryann Gallagher); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: U.S. Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of

New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) and special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY  11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: July 1, 2013
      New York, New York

Respectfully submitted,

/s/ Gary S. Lee
Gary S. Lee
Joel C. Haims
James J. Beha II
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*[2]

           -   *And*   -

Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
CURTIS, MALLET-PREVOST, COLT
& MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors and
Debtors in Possession*

---

[2] With respect to Claimants *Bayerische Landesbank, BlueMountain Credit Alts. Master Fund LP, Diocese of Brooklyn Pension Plan Core Bond Portfolio, EFG Resid. Mortg. Backed Fund Ltd., Enter. Bank of Fl., Everest Int'l Reins., Ltd., Everest Global Services, Inc., Independence IV CDO, Ltd., Independence VI CDO, Ltd., Independence VII CDO, Ltd., Jane Street Global Trading, LLC, JMG Capital Partners, LP JMG Triton Offshore, Ltd., Michelin N.A., Inc. Master Trust, Newcastle Invest. Corp., Pine Mountain CDO Ltd., Senior Health Ins. Co. of Penn., Smith Breeden Securitized Credit Opp. Master Ltd., Smith Breeden Short Duration Ltd., State Bd. of Admin. of Fl., Straits Global ABS CDO I, Ltd., TCT Fed. Credit Union, TIFF Keystone Fund, L.P. TIFF Multi Asset Fund, Tom Huston Jr, as Tr. of Revocable Trust UAD 8-2-1982, Underlying Funds Trust, Unisys Master Trust.*

**Hearing Date and Time: August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 22, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

| | |
|---|---|
| MORRISON & FOERSTER LLP | CURTIS, MALLET-PREVOST, |
| 1290 Avenue of the Americas | COLT & MOSLE LLP |
| New York, New York 10104 | 101 Park Avenue |
| Telephone:    (212) 468-8000 | New York, NY 10178-0061 |
| Facsimile:    (212) 468-7900 | Telephone: 212-696-6000 |
| Gary S. Lee | Facsimile:  212-697-1559 |
| Joel C. Haims | Steven J. Reisman |
| James J. Beha II | Theresa A. Foudy |
| | Maryann Gallagher |

*Counsel for the Debtors and Debtors in*
*Possession*[1]

*Conflicts Counsel for the Debtors and*
*Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------- ) | | |

**DEBTORS' TENTH OMNIBUS CLAIMS OBJECTION**
**(FACIALLY DEFECTIVE AND TIME-BARRED SECURITIES CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL JAMES J. BEHA II AT (212) 468-8000.**

---

[1] With respect to Claimants *Bayerische Landesbank, BlueMountain Credit Alts. Master Fund LP, Diocese of Brooklyn Pension Plan Core Bond Portfolio, EFG Resid. Mortg. Backed Fund Ltd., Enter. Bank of Fl., Everest Int'l Reins., Ltd., Everest Global Services, Inc., Independence IV CDO, Ltd., Independence VI CDO, Ltd., Independence VII CDO, Ltd., Jane Street Global Trading, LLC, JMG Capital Partners, LP JMG Triton Offshore, Ltd., Michelin N.A., Inc. Master Trust, Newcastle Invest. Corp., Pine Mountain CDO Ltd., Senior Health Ins. Co. of Penn., Smith Breeden Securitized Credit Opp. Master Ltd., Smith Breeden Short Duration Ltd., State Bd. of Admin. of Fl., Straits Global ABS CDO I, Ltd., TCT Fed. Credit Union, TIFF Keystone Fund, L.P. TIFF Multi Asset Fund, Tom Huston Jr, as Tr. of Revocable Trust UAD 8-2-1982, Underlying Funds Trust, Unisys Master Trust.*

# TABLE OF CONTENTS

**Page**

RELIEF REQUESTED ....................................................................................................1

JURISDICTION .............................................................................................................3

BACKGROUND .............................................................................................................3

    A.    The Chapter 11 Cases ......................................................................................3

    B.    The Debtors' RMBS, the Financial Crisis, and Related Litigation .....................3

    C.    The Disputed Claims .......................................................................................5

THE DISPUTED CLAIMS SHOULD  BE DISALLOWED AND EXPUNGED .....................5

    A.    The Applicable Legal Standard .........................................................................5

    B.    The Disputed Claims Do Not Allege Facts Sufficient to Support the
Claims.............................................................................................................7

    C.    The Disputed Claims Are Barred by the Securities Act Statutes of
Limitation and Repose......................................................................................7

    *The One-Year Statute of Limitations Bars the Disputed Claims* ........................8

    *The Three-Year Statute of Repose Bars the Disputed Claims* ..........................10

    *The Claims Do Not Identify Any Valid Basis for Any State Law Claims* .........11

RESERVATION OF RIGHTS........................................................................................12

NOTICE ......................................................................................................................12

NO PRIOR REQUEST..................................................................................................12

CONCLUSION ............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ...........................................................................6

*In re Adelphia Commc'ns Corp.,*
    359 B.R. 54 (Bankr. S.D.N.Y. 2006) ....................................................5

*In re Alper Holdings USA,*
    No. 07 Br. 12148 (BRL), 2008 WL 160203 (Bankr. S.D.N.Y. Jan. 15, 2008),
    *aff'd,* 398 B.R. 736 (S.D.N.Y. 2008).....................................................5

*In re Arcade Publ'g,*
    455 B.R. 373 (Bankr. S.D.N.Y. 2011) ...................................................6

*Police and Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc.,*
    No. 11 Civ. 2998(L) (2d Cir. Jun. 27, 2013) .......................................10

*Footbridge Ltd. Trust v. Countrywide Fin. Corp.,*
    770 F. Supp. 2d 618 (S.D.N.Y. 2011) ..................................................10

*In re Hess,*
    404 B.R. 747 (Bankr. S.D.N.Y. 2009) ...............................................6, 8

*John Hancock Life Ins. Co. (U.S.A.) v. JP Morgan Chase & Co.,*
    No. 12 Civ. 3184 (RJS), 2013 WL 1385010 (S.D.N.Y. Mar. 29, 2013)..................8

*Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.,*
    821 F. Supp. 2d 616 (S.D.N.Y. 2011) ....................................................7

*Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,*
    597 F.3d 84 (2d Cir. 2010) ..................................................................10

*In re MarchFirst, Inc.,*
    431 B.R. 436 ......................................................................................6

*In re Morgan Stanley Mortg. Pass-Through Certificates Litig.,*
    No. 09 Civ. 2137 (LTS), 2010 WL 3239430 (S.D.N.Y. Aug. 17, 2010) ...............9

*In re Nortel Networks, Inc.,*
    469 B.R. 478 (Bankr. D. Del. 2012).......................................................5

*P. Stolz Family P'ship L.P. v. Daum,*
    355 F.3d 92 (2d Cir. 2004) .................................................................10

*Penn. Pub. Sch. Employees' Ret. Sys. v. Bank of Am. Corp.*,
    874 F. Supp. 2d 341 (S.D.N.Y. 2012) ...................................................................9

*Siemens Solar Indus. v. Atl. Richfield Co.*,
    No. 93 Civ. 1126 (LAP), 1994 WL 86368 (S.D.N.Y. Mar. 16, 1994)......................8

*In re Wachovia Sec. Litig.*,
    753 F. Supp. 2d 326 (S.D.N.Y. 2011) ...................................................................9

**STATUTES, RULES & REGULATIONS**

11 U.S.C.
    § 502(b) ...........................................................................................................1, 6
    § 558 ....................................................................................................................6
    § 1107(a) ..............................................................................................................5
    § 1108 ..................................................................................................................5

15 U.S.C.
    § 77*k* ..................................................................................................................2
    § 77*l* ...................................................................................................................2
    § 77*m* ..........................................................................................................2, 7, 8

28 U.S.C.
    § 157 ....................................................................................................................3
    § 1334 ..................................................................................................................3
    § 1408 ..................................................................................................................3
    § 1409 ..................................................................................................................3

Fed. R. Bankr. P.
    3007(d) ..............................................................................................................1, 5
    1015(b) ................................................................................................................5

ny-1095017

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC, and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**RELIEF REQUESTED**

1.      The Debtors file this tenth omnibus claims objection (the "Tenth Omnibus Claims Objection") and the accompanying declaration of Lewis Kruger in support of the Tenth Omnibus Claims Objection (the "Kruger Dec.") under Section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order, in a form substantially similar to the Proposed Order attached as **Exhibit 1**, disallowing and expunging the claims listed on **Exhibit A** to the Proposed Order (collectively, the "Disputed Claims").   **Exhibit A** lists the Disputed Claims as they appear on the official claims registers maintained in these Chapter 11 Cases.[1]

2.      Specifically, the Debtors object to the Disputed Claims because they fail to allege facts sufficient to support the claims and are therefore facially defective.  In addition, to the extent that the Debtors are able to identify a potential claim from the face of the Disputed Claims, those claims are barred by applicable statutes of limitation and repose.

3.      Each Disputed Claim appears to assert claims related to residential mortgage-backed securities ("RMBS") that the Debtors issued between 2001 and 2007.  But they

---

[1] The Debtors reserve all of their rights to object on any other basis to the Disputed Claims.  Without limitation, the Debtors expressly reserve their rights to seek a declaration that the Disputed Claims should be subordinated for distribution purposes under Bankruptcy Code Section 510.

do not provide sufficient detail about the alleged claims for the Debtors to evaluate their validity. While a legally sufficient claim is presumed valid, these Disputed Claims do not provide any basis to presume their validity and fail to meet even the relatively low burden of legal sufficiency.

4.        To the extent that the Debtors can identify a claim from the face of the Disputed Claims, they appear to assert claims based on alleged misstatements in the offering materials for RMBS the Debtors issued between 2001 and 2007.  Those types of claims arise under Sections 11 and 12(a)(2) of the Securities Act of 1933, 15 U.S.C. §§ 77*k*, 77*l* (the "Securities Act").  Section 11 creates civil liability for a misstatement in a registration statement; Section 12(a)(2) creates civil liability for a misstatement in a prospectus or oral communication.

5.        Securities Act Section 13 requires a plaintiff to bring a Section 11 or 12(a)(2) claim within one year from when the plaintiff discovered (or reasonably could have discovered) the alleged misstatement and within three years from when the security was offered or sold.  15 U.S.C. § 77m.  The Disputed Claims are untimely because they were not brought within those time periods.

6.        Accordingly, the Disputed Claims should be disallowed and expunged from the Debtors' claims register.

7.        No Borrower Claims (as defined in the Procedures Order) are included in this Tenth Omnibus Claims Objection.

8.        The Debtors expressly reserve all rights to object on any other basis to any Disputed Claim to the extent the Court does not grant the relief requested herein.

## JURISDICTION

9.      This Court has jurisdiction to consider this Tenth Omnibus Claims

Objection under 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court under 28 U.S.C.

§§ 1408 and 1409.  This is a core proceeding under Bankruptcy Code Section 157(b).

## BACKGROUND

### A.      The Chapter 11 Cases

10.      On May 14, 2012 (the "Petition Date"), the Debtors filed voluntary

chapter 11 petitions in this Court.  The Debtors are managing and operating their businesses as

debtors-in-possession under Bankruptcy Code Sections 1107(a) and 1108.  These Chapter 11

Cases are being jointly administered under Bankruptcy Rule 1015(b).

11.      The Court appointed Kurtzman Carson Consultants LLC as notice and

claims agent, authorizing it to (a) receive, maintain, record, and otherwise administer the proofs

of claim filed in these Chapter 11 Cases; and (b) maintain each Debtor's official claims register.

[Docket No. 798.]  To date, approximately 6,860 proofs of claim have been filed in these

Chapter 11 Cases as reflected on the Debtors' claims register.

12.      Earlier this year, the Court entered the Procedures Order authorizing the

Debtors to file omnibus objections to no more than 150 claims at a time on the grounds listed in

Bankruptcy Rule 3007(d) and additional grounds set forth in the Procedures Order.  The Debtors

submit this Tenth Omnibus Claims Objection under the Procedures Order.

### B.      The Debtors' RMBS, the Financial Crisis, and Related Litigation

13.      From 2001 to 2007, the Debtors issued RMBS certificates with an

aggregate original principal balance of approximately $330 billion.  (*See, e.g.*, Local Rule 7056-1

Statement of Stipulated Undisputed Facts and Agreed-To Exhibits ¶ 1, *Residential Capital, LLC*

*v. Allstate Ins. Co.,* No. 13-ap-01262-mg, ECF No. 23.)  In these securitizations, the Debtors

3

pooled together mortgage loans and conveyed them to trusts in exchange for certificates that were sold to sophisticated investors, like the claimants here. (*Id.* ¶ 2.) The RMBS certificates entitle their holders to receive principal and interest collected on the mortgage loans held by the trusts. (*Id.* ¶ 3.) Although not the subject of any pre-petition lawsuit initiated by the claimants, the Disputed Claims appear to arise from the claimants' purchases of Debtor-issued RMBS certificates.

14.    In 2007, U.S. home prices began to drop and RMBS and other credit markets began to freeze up. By the fall of 2008, several major financial institutions—including Lehman Brothers, Bear Stearns, and Wachovia—failed, and the country entered its greatest financial crisis since the Great Depression.

15.    In the years following the financial crisis, scores of RMBS investors sued the Debtors (and every other major RMBS issuer). Almost five years ago, a putative class action was commenced against the Debtors and certain non-debtor affiliates. *N.J. Carpenters Health Fund v. Residential Capital, LLC*, No. 08-CV-8781 (HB) (S.D.N.Y. filed Sept. 22, 2008) (the "*NJ Carpenters* litigation"). The plaintiffs in the *NJ Carpenters* litigation brought Section 11 and 12(a)(2) claims on behalf of a purported class of purchasers of 59 different Debtor RMBS offerings from 2006 and 2007. (*Id.*) This initiated a flood of RMBS litigation against the Debtors and their affiliates. As of the Petition Date, RMBS investors had filed dozens of lawsuits asserting Section 11 and 12(a)(2) claims (and various state law claims) against the Debtors and their affiliates. (Kruger Decl. ¶ 2.)

16.    In addition to those dozens of pre-petition lawsuits, several RMBS investors entered into agreements with the Debtors or their affiliates to toll the applicable limitation periods for those investors' securities claims. (Kruger Decl. ¶ 3.)

4

C.    **The Disputed Claims**

17.    Based on their review of the Disputed Claims, the Debtors believe that the 144 Disputed Claims all assert claims based on investments in RMBS securities the Debtors issued between 2001 and 2007.

18.    None of the Disputed Claims, however, actually state the basis upon which the claimant seeks a recovery from the Debtors.  Many simply identify a class of RMBS certificates without saying anything more, others provide dates on which the claimant allegedly purchased Debtor-issued RMBS—but without providing any supporting documentation.  Even those claims that provide documentation of the claimants' purchases do not document any losses on their certificates or explain why they are entitled to recover from the Debtors for those losses (if any).

19.    In the years between the collapse of the RMBS market and the flood of investors lawsuits (in 2007 and 2008) and the May 12, 2012 Petition Date, none of the investors who filed the Disputed Claims ever commenced an action against the Debtors in connection with their RMBS securities.  (Kruger Decl. ¶ 4.)  Nor did any of those investors enter tolling agreements with the Debtors, or otherwise assert their claims, before the Petition Date.  (*Id.*)

## THE DISPUTED CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

A.    **The Applicable Legal Standard**

20.    A proof of claim is *prima facie* evidence of the validity of a claim *only* if it is legally sufficient.  *In re Alper Holdings USA*, No. 07-BR-12148 (BRL), 2008 WL 160203, at *3 (Bankr. S.D.N.Y. Jan. 15, 2008), *aff'd*, 398 B.R. 736 (S.D.N.Y. 2008).  That is, among other things, it "allege[s] facts sufficient to support the claim." *Id.*  "[M]ost courts"—including bankruptcy courts in this district—"apply the federal pleading standards to proofs of claims." *In re Nortel Networks, Inc.*, 469 B.R. 478, 497 (Bankr. D. Del. 2012) (citing *In re DJK Residential,*

5

*LLC*, 416 B.R. 100, 106-07 (Bank. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, 359 B.R.

54, 56 n.5 (Bankr. S.D.N.Y. 2006)).  Under that standard, a claim "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).

      21.    Some other courts simply require that a proof of claim "'allege facts

sufficient to support the claim' without mentioning notice or any other standard by which

sufficiency might be determined." *In re MarchFirst, Inc.*, 431 B.R. 436, 443 n.10 (Bankr. N.D.

Ill. 2010 (quoting *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992)).  But there is no

question that a claim must allege some facts to explain why the claimant is entitled to recover

from the Debtor.

      22.    If a proof of claim is legally sufficient, "[c]reditors' entitlements in

bankruptcy arise in the first instance from the underlying substantive law creating the debtor's

obligations." *In re Arcade Publ'g*, 455 B.R. 373, 378 (Bankr. S.D.N.Y. 2011) (Glenn, J.)

(quoting *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 444 (2007)

(alteration in original and internal quotation marks omitted).  Accordingly, a claim will be

disallowed if it is "unenforceable against the debtor and property of the debtor, under any

agreement or applicable law."  11 U.S.C. § 502(b)(1).  And a debtor's estate has "the benefit of

any defense available to the debtor as against any entity other than the estate, including statutes

of limitation."  11 U.S.C. § 558.  "[T]he plain language of §§ 502(b)(1) and 558 indicates that if

the applicable . . . statute of limitations bars enforceability of a claim, it is not allowable." *In re*

*Hess*, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (Glenn, J.) (sustaining debtor's objection to

untimely claims).

**B.**       **The Disputed Claims Do Not Allege Facts Sufficient to Support the Claims**

23.       The Disputed Claims all make some reference to RMBS certificates that the Debtors issued, but none of them are based upon pre-petition RMBS complaints.  As a result, the Proofs of Claims themselves are the only documents the Debtors have to attempt to identify the basis for the claims.  Many of them are purportedly unliquidated claims.  But those claims do not explain why the claimant has any claim related to the RMBS certificates identified.  Others claims state a fixed amount without providing any basis for the amount.  Others state a fixed amount that appears to be the original principal balance of the securities that claimants purportedly purchased but do not explain why the Debtors owe the claimant the original principal balance of the securities it purchased.

24.       The Disputed Claims provide no basis for the Debtors to evaluate their validity and, thus, no basis for this Court to accept them as *prima facie* valid.  In short, they do not provide Debtors "notice of the particulars:  the 'who, what, when, where and how'" required to state a claim.  *Landesbank Baden-Wurttemberg v. Goldman, Sachs & Co.*, 821 F. Supp. 2d 616, 622 (S.D.N.Y. 2011) (quoting *Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993)).  As a result, if these claims are allowed, then the claimants could receive recoveries to which they are not entitled, to the detriment of all other creditors.  Accordingly, the Debtors respectfully request that the Court disallow and expunge the Disputed Claims.

**C.**       **The Disputed Claims Are Barred by the Securities Act Statutes of Limitation and Repose**

25.       To the extent that it is possible to determine the bases for the Disputed Claims, the Disputed Claims appear to seek to recoup investment losses on the Debtors' RMBS securities.  Securities Act Sections 11 and 12(a)(2) govern those claims.  As a result, they must be brought within the time periods provided in Securities Act Section 13.

26.       Section 13 provides that:

> No action shall be maintained to enforce any liability created under section 77k or
> 77*l*(a)(2) … unless brought within one year after the discovery of the untrue
> statement or the omission, or after such discovery should have been made by the
> exercise of reasonable diligence, or, if the action is to enforce a liability created
> under section 77*l*(a)(1) …, unless brought within one year after the violation upon
> which it is based. In no event shall any such action be brought to enforce a
> liability created under section 77*k* or 77*l*(a)(1) … more than three years after the
> security was bona fide offered to the public, or under section 77*l*(a)(2) … more
> than three years after the sale.

15 U.S.C. § 77*m*.

27.     The first sentence of Section 11—the statute of limitations—provides that any claim must be brought within one year of when the alleged misstatement was discovered or could have been discovered. *See John Hancock Life Ins. Co. (U.S.A.) v. JP Morgan Chase & Co.*, No. 12 Civ. 3184 (RJS), 2013 WL 1385010, at *4 (S.D.N.Y. Mar. 29, 2013). The second sentence—the statute of repose—provides that any claims must be brought within three years of the relevant offering or sale date. *Id.*

28.     The Disputed Claims were not subject to pre-petition litigation or tolling agreements. As a result, to state a valid claim, the Disputed Claims must have been timely on the Petition Date. *See In re Hess*, 404 B.R. at 749 (Glenn, J.) (relevant inquiry is whether claims were valid "at the time a petition is filed"). To be timely under Section 13, then, the Disputed Claims must have first been discovered (or reasonably discoverable) on or after May 14, 2011—a year before the Petition Date. And they must be based on securities offered or sold on or after May 14, 2009—three years before the Petition Date. The Disputed Claims do not meet either of these time requirements and should be disallowed.

### The One-Year Statute of Limitations Bars the Disputed Claims

29.     The one-year Securities Act statute of limitations runs from the "discovery of the untrue statement or the omission" or when discovery "should have been made by the exercise of reasonable diligence." 15 U.S.C. §77m. Accordingly, "a plaintiff will be deemed to

8

have discovered [the alleged misstatement] for purposes of triggering the one-year statute of

limitations when a reasonable investor of ordinary intelligence would have discovered the

[alleged misstatement]." *Siemens Solar Indus. v. Atl. Richfield Co.*, No. 93 Civ. 1126 (LAP),

1994 WL 86368, at *3 (S.D.N.Y. Mar. 16, 1994) (citing *Dodds v. Cigna Secs.*, *Inc*., 12 F.3d 346,

350 (2d Cir. 1993)).

30.    While the Debtors do not admit their offering materials contained material

misstatements, a reasonable investor of ordinary intelligence would have discovered any alleged

misstatements by September 22, 2008, at the very latest.  That was the day the *N.J. Carpenters*

litigation was commenced, alleging misstatements in offering documents for RMBS the Debtors

issued in 2006 and 2007.  Any reasonable investor could have discovered a Securities Act claim

when another investor filed a highly-publicized lawsuit asserting the very same claim against the

same defendants.  *See Penn. Pub. Sch. Employees' Ret. Sys. v. Bank of Am. Corp.*, 874 F. Supp.

2d 341, 365-66 (S.D.N.Y. 2012) (dismissing Section 11 claims as time barred and holding that

limitations period began to run at the latest upon filing of a previous RMBS-related lawsuit

against the same defendant); *see also In re Wachovia Sec. Litig.*, 753 F. Supp. 2d 326, 371

(S.D.N.Y. 2011) (Securities Act claim could have been discovered based on media coverage of

Wachovia's deterioration).  Indeed, courts in the Southern District of New York have held that

RMBS investors were on notice of potential claims by mid-2008, at the latest.  *See In re Morgan

Stanley Mortg. Pass-Through Certificates Litig.*, No. 09 Civ. 2137 (LTS), 2010 WL 3239430,

at *8 (S.D.N.Y. Aug. 17, 2010) (dismissing RMBS-related claims as time-barred and holding

that the "body of information makes it plain that inquiry notice arose well before May 2008").

31.    Because the limitations period began to run—at the very latest—when the

*NJ Carpenters* litigation was filed on September 22, 2008, it expired on September 22, 2009—

9

more than two years before the Petition Date.  As a result, the Securities Act statute of limitations bars the Disputed Claims.

### The Three-Year Statute of Repose Bars the Disputed Claims

32.     The Securities Act's three-year statute of repose also bars the Disputed Claims.  While the statute of limitations may be subject to some forms of equitable tolling, the statute of repose "affect[s] the availability of the underlying right:  That right is no longer available on the expiration of the specified period of time.  In theory, at least, the legislative bar to subsequent action is absolute, subject to legislatively created exceptions . . . set forth in the statute of repose." *P. Stolz Family P'ship L.P. v. Daum,* 355 F.3d 92, 102 (2d Cir. 2004) (citations omitted).

33.     As the Second Circuit has explained, "statutes of repose and statutes of limitations are often confused, though they are distinct.  A statute of limitations creates an affirmative defense where plaintiff failed to bring suit within a specified period of time after his cause of action accrued, often subject to tolling principles.  By contrast, a statute of repose *extinguishes* a plaintiff's cause of action after the passage of a fixed period of time, usually measured from one of the defendant's acts." *Ma v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 597 F.3d 84, 88 n.4 (2d Cir. 2010) (internal citations omitted).

34.     As a result, even if some of the Disputed Claims are ultimately determined to be subject to equitable tolling—including *American Pipe* tolling in connection with the *NJ Carpenters* litigation—such equitable tolling arguments do not apply to the Securities Act statute of repose. *See Police and Fire Ret. Sys. of the City of Detroit v. IndyMac MBS, Inc.*, 11-2998-cv(L) (2d Cir. June 27, 2013) ("*American Pipe*'s tolling rule does not apply to the three-year statute of repose in Section 13").

10

ny-1095017

35.     Under Section 13, the Securities Act statute of repose begins to run on the effective date of the prospectus supplement for Section 11 claims and on the date of the sale for Section 12(a)(2) claims.  *See Footbridge Ltd. Trust v. Countrywide Fin. Corp.*, 770 F. Supp. 2d 618, 623 (S.D.N.Y. 2011).

36.     The Debtors issued all of the RMBS identified in the Disputed Claims in 2007 or earlier, so the statute of repose for any Section 11 claims—which begins to run when the securities are "bona fide offered to the public"—expired at the end of 2010 at the latest, well before the Petition Date.

### *The Claims Do Not Identify Any Valid Basis for Any State Law Claims*

37.     In addition to Section 11 and 12(a)(2) claims, some of the pre-petition litigations that other claimants filed also asserted various state statutory and common law claims, some of which may have different statutes of limitation or repose.  None of the Disputed Claims specifically identifies any asserted state law claims.  But many of those claims may now be time-barred, as well.  While the Debtors have not analyzed every conceivable state law claim that might have been asserted by the creditors filing the Disputed Claims, the Debtors do not believe that the Disputed Claims rest on valid state law claims against the Debtors

*                              *                              *

38.     Because the Disputed Claims fail to allege facts or attached documentation sufficient to support the claims, they are facially defective and should be disallowed and expunged.

39.     In addition, to the extent that the Disputed Claims seek to assert claims under the Securities Act, they are barred by the statutes of limitation and repose and should be disallowed and expunged.

11

## RESERVATION OF RIGHTS

40.    The Debtors expressly reserve the right to amend, modify, or supplement this Tenth Omnibus Claims Objection and to file additional objections to the Disputed Claims on any other bases.

## NOTICE

41.    The Debtors have served notice of this Tenth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

42.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order disallowing and expunging the Disputed Claims and granting such other relief as is just and proper.

Dated:  July 1, 2013
       New York, New York

/s/    Joel C. Haims
Gary S. Lee
Joel C. Haims
James J. Beha II
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*[2]

-   *And*   -

Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher
CURTIS, MALLET-PREVOST, COLT
& MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors and
Debtors in Possession*

---

[2] With respect to Claimants *Bayerische Landesbank, BlueMountain Credit Alts. Master Fund LP, Diocese of Brooklyn Pension Plan Core Bond Portfolio, EFG Resid. Mortg. Backed Fund Ltd., Enter. Bank of Fl., Everest Int'l Reins., Ltd., Everest Global Services, Inc., Independence IV CDO, Ltd., Independence VI CDO, Ltd., Independence VII CDO, Ltd., Jane Street Global Trading, LLC, JMG Capital Partners, LP JMG Triton Offshore, Ltd., Michelin N.A., Inc. Master Trust, Newcastle Invest. Corp., Pine Mountain CDO Ltd., Senior Health Ins. Co. of Penn., Smith Breeden Securitized Credit Opp. Master Ltd., Smith Breeden Short Duration Ltd., State Bd. of Admin. of Fl., Straits Global ABS CDO I, Ltd., TCT Fed. Credit Union, TIFF Keystone Fund, L.P. TIFF Multi Asset Fund, Tom Huston Jr, as Tr. of Revocable Trust UAD 8-2-1982, Underlying Funds Trust, Unisys Master Trust.*

13

**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------  )
                                                               )
In re:                                                         )    Case No. 12-12020 (MG)
                                                               )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                       )    Chapter 11
                                                               )
                                    Debtors.                   )    Jointly Administered
                                                               )
-------------------------------------------------------------  )

### ORDER GRANTING DEBTORS' TENTH OMNIBUS OBJECTION TO CLAIMS
### (FACIALLY DEFECTIVE AND TIME-BARRED SECURITIES CLAIMS)

Upon the tenth omnibus objection to claims, dated July 1, 2013 (the "<u>Tenth</u>
<u>Omnibus Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the
above-referenced Chapter 11 Cases, as debtors and debtors-in-possession (collectively, the
"<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States
Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and
this Court's order approving procedures for the filing of omnibus objections to proofs of claim
[Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Disputed Claims on
the basis that each such claim is facially defective and is barred by applicable statutes of
limitation and repose all as more fully described in the Tenth Omnibus Claims Objection; and it
appearing that this Court has jurisdiction to consider the Tenth Omnibus Claims Objection
pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Tenth Omnibus Claims
Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C.
§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and
due and proper notice of the Tenth Omnibus Claims Objection having been provided, and it

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
        in the Debtors' Tenth Omnibus Claims Objection.

appearing that no other or further notice need be provided; upon consideration of the Tenth

Omnibus Claims Objection and the *Declaration of Lewis Kruger in Support of the Debtors'*

*Tenth Omnibus Objection to Claims (Facially Defective and Time-Barred Securities Claims)*,

annexed to the Tenth Omnibus Claims Objection as <u>Exhibit 1</u>; and the Court having found and

determined that the relief sought in the Tenth Omnibus Claims Objection is in the best interests

of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the Tenth Omnibus Claims Objection establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Tenth Omnibus Claims Objection is

granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Disputed Claims</u>") are disallowed and

expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Disputed Claims identified on the

schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the

Debtors' claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Tenth Omnibus Claims Objection as provided

therein shall be deemed good and sufficient notice of such objection, and the requirements of

Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket

No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that all rights to object on any basis are expressly reserved with respect to any Disputed Claim listed on Exhibit A annexed hereto or any other claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the Disputed Claims identified on Exhibit A, annexed hereto, as if each such Disputed Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1097340

**<u>Exhibit A</u>**

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 1 | Alea (Bermuda) Ltd.<br><br>c/o Alea North America Company<br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5118 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 2 | Alea (Bermuda) Ltd.<br><br>c/o Alea North America Company<br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5120 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 3 | Alea (Bermuda) Ltd.<br><br>c/o Alea North America Company<br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5121 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 4 | Alea (Bermuda) Ltd.<br><br>c/o Alea North America Company<br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5122 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 5 | Alea (Bermuda) Ltd.<br><br>c/o Alea North America Company<br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5125 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 6 | Alea (Bermuda) Ltd.<br><br>c/o Alea North America Company<br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5356 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 7 | Alea Holdings US Company<br><br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5107 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 8 | Alea Holdings US Company<br><br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5106 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 9 | Alea Holdings US Company<br><br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5109 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 10 | Alea North America Insurance Company<br><br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5111 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 11 | Alea North America Insurance Company<br><br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5114 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 12 | Alea North America Insurance Company<br><br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5115 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 13 | Alea North America Insurance Company<br><br>Attn: Carl Speck<br>55 Capital Boulevard<br>Rocky Hill, CT 06067 | 5358 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 14 | Bayerische Landesbank<br><br>Attn: Vincent Dolan<br>560 Lexington Avenue<br>New York, NY 10022 | 5841 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$99,105,681.16 General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 15 | Bayerische Landesbank<br><br>Attn: Vincent Dolan<br>560 Lexington Avenue<br>New York, NY 10022 | 5842 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$56,979,982.72 General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 16 | Bayerische Landesbank<br><br>Attn: Vincent Dolan<br>560 Lexington Avenue<br>New York, NY 10022 | 5843 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$116,502,827.16 General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 17 | Bayerische Landesbank<br><br>Attn: Vincent Dolan<br>560 Lexington Avenue<br>New York, NY 10022 | 5845 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$126,594,341.78 General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 18 | BlueMountain Credit Alternatives Master Fund LP<br><br>c/o Patton Hahn<br>Baker Donelson Bearman Caldwell & Berkowitz, PC<br>420 20th St. N., Ste. 1400<br>Birmingham, AL 35203 | 4716 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 19 | BlueMountain Credit Alternatives Master Fund LP<br><br>c/o Patton Hahn<br>Baker Donelson Bearman Caldwell & Berkowitz, PC<br>420 20th St. N., Ste. 1400<br>Birmingham, AL 35203 | 4717 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 20 | BlueMountain Credit Alternatives Master Fund LP<br><br>c/o Patton Hahn<br>Baker Donelson Bearman Caldwell & Berkowitz, PC<br>420 20th St. N., Ste. 1400<br>Birmingham, AL 35203 | 4719 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 21 | BlueMountain Credit Alternatives Master Fund LP<br><br>c/o Patton Hahn<br>Baker Donelson Bearman Caldwell & Berkowitz, PC<br>420 20th St. N., Ste. 1400<br>Birmingham, AL 35203 | 4721 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 22 | BlueMountain Credit Alternatives Master Fund LP<br><br>c/o Patton Hahn<br>Baker Donelson Bearman Caldwell & Berkowitz, PC<br>420 20th St. N., Ste. 1400<br>Birmingham, AL 35203 | 4724 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 23 | Burroughs Wellcome Fund<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2822 | 11/9/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 24 | Diocese of Brooklyn Pension Plan Core Bond Portfolio<br><br>Attn: Thomas Granite<br>Cobble Hill Financial Services, Inc.<br>99 West Main Street, Suite 200<br>Moorestown, NJ 08057 | 3718 | 11/8/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$285.71 General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 25 | Diocese of Brooklyn Pension Plan Core Bond Portfolio<br><br>Attn: Thomas Granite<br>Cobble Hill Financial Services, Inc.<br>99 West Main Street, Suite 200<br>Moorestown, NJ 08057 | 3721 | 11/8/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$11,930.96 General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 26 | EFG Residential Mortgage Backed Fund Limited<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2825 | 11/9/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 27 | EFG Residential Mortgage Backed Fund Limited<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2837 | 11/9/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 28 | EFG Residential Mortgage Backed Fund Limited<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2842 | 11/9/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 29 | EFG Residential Mortgage Backed Fund Limited<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 4575 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 30 | EFG Residential Mortgage Backed Fund Limited<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 4582 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 31 | EFG Residential Mortgage Backed Fund Limited<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 4584 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 32 | Enterprise Bank of Florida<br><br>Patti Martin<br>3910 RCA Blvd. Suite 1001<br>Palm Beach Gardens, FL 33410 | 4830 | 11/15/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$124,506.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 33 | Enterprise Bank of Florida<br><br>Patti Martin<br>3910 RCA Blvd. Suite 1001<br>Palm Beach Gardens, FL 33410 | 4832 | 11/15/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$62,710.00 General Unsecured | Residential Capital, LLC | 12-12020 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 34 | Everest International Reinsurance, Ltd.<br><br>c/o Everest Global Services, Inc.<br>Attn: Lorraine Day<br>477 Martinsville Rd, PO Box 830<br>Liberty Corner, NJ 07938-0830 | 3481 | 11/7/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$548,910.29 General Unsecured | Residential Capital, LLC | 12-12020 |
| 35 | Everest Reinsurance (Bermuda), Ltd.<br><br>c/o Everest Global Services, Inc.<br>Attn: Lorraine Day<br>477 Martinsville Rd, PO Box 830<br>Liberty Corner, NJ 07938-0830 | 3480 | 11/7/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$2,755,072.23 General Unsecured | Residential Capital, LLC | 12-12020 |
| 36 | FIF V MBS Holdings LLC<br><br>c/o Fortress Investments Group<br>Attn: John Morrissey<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5291 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 37 | FIF V MBS Holdings LLC<br><br>c/o Fortress Investments Group<br>Attn: John Morrissey<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5306 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 38 | FIF V MBS Holdings LLC<br><br>c/o Fortress Investments Group<br>Attn: John Morrissey<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5316 | 11/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 39 | FIF V MBS III Holdings LLC<br><br>c/o Fortress Investments Group<br>Attn: John Morrissey<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5310 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 40 | FIF V MBS III Holdings LLC<br><br>c/o Fortress Investments Group<br>Attn: John Morrissey<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5299 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 41 | FIF V MBS III Holdings LLC<br><br>c/o Fortress Investments Group<br>Attn: John Morrissey<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5307 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 42 | FIF V MBS III Holdings LLC<br><br>c/o Fortress Investments Group<br>Attn: John Morrissey<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5309 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 43 | General American Life Insurance Company<br><br>Attn: William Ding, Esq<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5630 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 44 | General American Life Insurance Company<br><br>Attn: William Ding, Esq<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5633 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 45 | General American Life Insurance Company<br><br>Attn: William Ding, Esq<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5637 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 46 | General American Life Insurance Company<br><br>Attn: William Ding, Esq<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5640 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 47 | General American Life Insurance Company<br><br>Attn: William Ding, Esq<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5645 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 48 | General American Life Insurance Company<br><br>Attn: William Ding, Esq<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5648 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 49 | Hallmark Cards, Incorporated Master Trust<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2828 | 11/9/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 50 | Hallmark Cards, Incorporated Master Trust<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2843 | 11/9/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 51 | Hallmark Cards, Incorporated Master Trust<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2845 | 11/9/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 52 | Independence IV CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4271 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$4,000,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 53 | Independence IV CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4328 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$8,000,000.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 54 | Independence IV CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4343 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$8,000,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 55 | Independence IV CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4351 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$8,000,000.00 General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 56 | Independence IV CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4275 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$8,000,000.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 57 | Independence V CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4255 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$13,746,296.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 58 | Independence V CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4280 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$18,622,500.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 59 | Independence V CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4333 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,920,000.00 General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 60 | Independence V CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4344 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$19,765,993.00 General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 61 | Independence V CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4347 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$18,622,500.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 62 | Independence V CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4352 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$18,622,500.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 63 | Independence VI CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4276 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$3,063,493.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 64 | Independence VI CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4334 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$3,063,493.00 General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 65 | Independence VI CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4341 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$3,063,493.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 66 | Independence VI CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4342 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$3,063,493.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 67 | Independence VII CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4247 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$20,507,296.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 68 | Independence VII CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4299 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$29,149,599.00 General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 69 | Independence VII CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4326 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$55,156,402.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 70 | Independence VII CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4330 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$26,006,803.00 General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 71 | Independence VII CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4332 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$55,156,402.00 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 72 | Independence VII CDO, Ltd.<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4340 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$55,156,402.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 73 | Jane Street Global Trading, LLC<br><br>One New York Plaza, 33rd floor<br>New York, NY 10004 | 5292 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$6,000,000 General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 74 | JMG Capital Partners, LP<br><br>Noelle Newton<br>11601 Wilshire Blvd. Suite 1925<br>Los Angeles, CA 90025 | 4465 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$67,315.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 75 | JMG Triton Offshore, Ltd<br><br>Noelle Newton<br>11601 Wilshire Blvd. Suite 1925<br>Los Angeles, CA 90025 | 4442 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$67,315.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 76 | Metlife Alico Life Insurance K.K.<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5651 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 77 | Metlife Inc.<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5601 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 78 | Metlife Inc.<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5592 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

In re RESIDENTIAL CAPITAL, LLC, et al. (Case No. 12-12020 (MG)) (JOINTLY ADMINISTERED)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 79 | MetLife Insurance Company of Connecticut<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5696 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 80 | MetLife Insurance Company of Connecticut<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5661 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 81 | MetLife Insurance Company of Connecticut<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5664 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| 82 | MetLife Insurance Company of Connecticut<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5669 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 83 | MetLife Insurance Company of Connecticut<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5672 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 84 | MetLife Insurance Company of Connecticut<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5676 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 85 | MetLife Insurance Company of Connecticut<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5679 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 86 | Metlife Investors Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5593 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 87 | Metlife Investors USA Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5689 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 88 | Metlife Investors USA Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5681 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 89 | Metlife Investors USA Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5687 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 90 | Metlife Investors USA Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5691 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 91 | Metlife Investors USA Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5693 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 92 | Metropolitan Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5608 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

In re RESIDENTIAL CAPITAL, LLC, et al. (Case No. 12-12020 (MG)) (JOINTLY ADMINISTERED)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 93 | Metropolitan Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5611 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 94 | Metropolitan Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5614 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 95 | Metropolitan Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5618 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 96 | Metropolitan Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5621 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 97 | Metropolitan Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5624 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| 98 | Metropolitan Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5628 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 99 | Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5598 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 100 | Metropolitan Tower Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5551 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 101 | Metropolitan Tower Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5555 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 102 | Metropolitan Tower Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5577 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 103 | Metropolitan Tower Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5579 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 104 | Metropolitan Tower Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5584 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 105 | Metropolitan Tower Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5586 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |
| 106 | Michelin N.A., Inc. Master Trust<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 5528 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$674,095.16 General Unsecured | Residential Capital, LLC | 12-12020 |
| 107 | Michelin N.A., Inc. Master Trust<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 5530 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$674,095.16 General Unsecured | Residential Funding Company, LLC | 12-12019 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|
| 108 | Michelin N.A., Inc. Master Trust<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 5533 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$674,095.16 General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 109 | Michelin N.A., Inc. Master Trust<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 5535 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$674,095.16 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 110 | Michelin N.A., Inc. Master Trust<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 5536 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$674,095.16 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 111 | Michelin N.A., Inc. Master Trust<br><br>Attn: Matthew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 5540 | 11/12/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$674,095.16 General Unsecured | Residential Accredit Loans, Inc. | 12-12052 |
| 112 | New England Life Insurance Company<br><br>Attn: William Ding, Esq.<br>10 Park Avenue<br>Morristown, New Jersey 07962 | 5595 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 113 | Newcastle Investment Corp.<br><br>Attn: Randal Nardone<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5701 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 114 | Newcastle Investment Corp.<br><br>Attn: Randal Nardone<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5703 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|---|
| 115 | Newcastle Investment Corp.<br><br>Attn: Randal Nardone<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5705 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 116 | Newcastle Investment Corp.<br><br>Attn: Randal Nardone<br>1345 Avenue of the Americas, 46th Floor<br>New York, NY 10105 | 5708 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 117 | Partners in Prophet Ltd<br><br>Prophet Capital Asset Management, LP<br>5000 Plaza On The Lake, Suite 180<br>Austin, Texas 78746 | 4837 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$22,790,584.65 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 118 | PCM Provident Agency Master Fund LP<br><br>14601 27th Ave. N. Suite 102<br>Plymouth, MN 55447 | 5526 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,188,515.80 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 119 | Pine Mountain CDO Ltd.<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2840 | 11/9/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 120 | Prophet Opportunity Partners, LP<br><br>Prophet Capital Asset Management, LP<br>5000 Plaza On the Lake, Suite 180<br>Austin, Texas 78746 | 4838 | 11/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,166,867.28 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 121 | Senior Health Insurance Company of Pennsylvania<br><br>Attn: Paul Lorentz, SVP, Finance<br>1289 City Center Drive, Suite 200<br>Carmel, IN 46032 | 5655 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$23,601,212.04 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|---|
| 122 | Serengeti Opportunities MM LP<br><br>c/o Serengeti Asset Management LP<br>Attn: Marc Baum<br>632 Broadway, 12th Floor<br>New York, NY 10012 | 5265 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 123 | Serengeti Opportunities MM LP<br><br>c/o Serengeti Asset Management LP<br>Attn: Marc Baum<br>632 Broadway, 12th Floor<br>New York, NY 10012 | 5600 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 124 | Smith Breeden Securitized Credit Opportunities Master Ltd.<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2831 | 11/9/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 125 | Smith Breeden Short Duration Ltd.<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2833 | 11/9/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 126 | State Board of Administration of Florida<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2827 | 11/9/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 127 | Stonebridge Life Insurance Company<br><br>Attn: Paul Lorentz, SVP, Finance<br>1289 City Center Drive, Suite 200<br>Carmel, IN 46032 | 5675 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,729,074.30 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|---|
| 128 | Straits Global ABS CDO I, Ltd.<br><br>Attn: Mathew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4304 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 129 | Straits Global ABS CDO I, Ltd.<br><br>Attn: Mathew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4345 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,157,413.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 130 | Straits Global ABS CDO I, Ltd.<br><br>Attn: Mathew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4346 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,157,413.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 131 | Straits Global ABS CDO I, Ltd.<br><br>Attn: Mathew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4348 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,157,413.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 132 | Straits Global ABS CDO I, Ltd.<br><br>Attn: Mathew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4349 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,157,413.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 133 | Straits Global ABS CDO I, Ltd.<br><br>Attn: Mathew P. Morris<br>Grant & Eisenhofer P.A.<br>485 Lexington Ave.<br>New York, NY 10017 | 4350 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,157,413.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 134 | TCT FEDERAL CREDIT UNION<br><br>416 Federal Credit Union<br>Ballston Spa, NY 12012 | 2888 | 11/8/2012 | $0.00<br>$0.00<br>$199,350.00<br>$0.00<br>$50,196.85 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|---|
| 135 | TIFF Keystone Fund, L.P.<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2834 | 11/9/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 136 | TIFF Multi Asset Fund (Smith Breeden Securitized Credit Opp. High Alpha Account)<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2836 | 11/9/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 137 | Tom Huston Jr Trustee of Revocable Trust UAD 8-2-1982<br><br>Tom Huston Jr.<br>1121 Madruga Ave #401<br>Coral Gables, FL 33146 | 4639 | 11/13/2012 | $0.00<br>$0.00<br>$6,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| 138 | Underlying Funds Trust, on behalf of its series Relative Value<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2830 | 11/9/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 139 | Underlying Funds Trust, on behalf of its series Relative Value<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2838 | 11/9/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |
| 140 | Unisys Master Trust<br><br>c/o Smith Breeden Associates, Inc.<br>280 South Mangum Street, Suite 301<br>Durham, NC 27701 | 2841 | 11/9/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Securities Corporation | 12-12054 |

[1]Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Case Number[1] |
|---|---|---|---|---|---|---|---|
| 141 | University of Minnesota Foundation<br><br>c/o Fortress Mortgage Portfolio Strategies Advisors LLC<br>Attn: John Morrissey<br>1345 Ave of the Americas, 23rd Floor<br>New York, NY 10105 | 5126 | 11/16/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 142 | University of Minnesota Foundation<br><br>c/o Fortress Mortgage Portfolio Strategies Advisors LLC<br>Attn: John Morrissey<br>1345 Ave of the Americas, 23rd Floor<br>New York, NY 10105 | 5127 | 11/16/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Asset Mortgage Products, Inc. | 12-12053 |
| 143 | University of Minnesota Foundation<br><br>c/o Fortress Mortgage Portfolio Strategies Advisors LLC<br>Attn: John Morrissey<br>1345 Ave of the Americas, 23rd Floor<br>New York, NY 10105 | 5128 | 11/16/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 144 | University of Minnesota Foundation<br><br>c/o Fortress Mortgage Portfolio Strategies Advisors LLC<br>Attn: John Morrissey<br>1345 Ave of the Americas, 23rd Floor<br>New York, NY 10105 | 5129 | 11/16/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

[1] Upon Debtors' review of the Disputed Claims, it appears that certain claimants asserted an incorrect case number.  Exhibit A reflects the case number that corresponds with the Debtor against whom such claim was filed.