UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 |

### ORDER DENYING RELIEF SOUGHT BY STEPHANIE HARRIS

Pending before the Court is the *Motion to Reassign Stephanie Harris as a Creditor in Possession and for Evidentiary Hearing* ("Motion," ECF Doc. # 2976). At a hearing held before this Court on April 11, 2013, the Court requested that SilvermanAcampora LLP ("SALLP"), Special Counsel to the Official Committee of Unsecured Creditors, further investigate Harris' concerns and file a pleading that clearly outlined the relief Harris sought in the Motion. Per this Court's instruction, SALLP filed its *Statement of Special Counsel to Official Committee of Unsecured Creditors Regarding Relief Sought by Stephanie Harris* ("SALLP Statement," ECF Doc. # 3473). Harris filed another pleading shortly thereafter (ECF Doc. # 3644). The Debtors responded to both SALLP and Harris' pleadings ("Debtors' Reply," ECF Doc. # 3532), and supported their reply with the declaration of Lauren Delehey ("Delehey Decl."). Harris has also filed a proof of claim in this case in a secured amount of $450,000 and an unsecured amount of $4,550,000. *See* SALLP Statement, Ex. K.

Harris' request for relief concerns a note and mortgage (together, the "Loan") executed on real property located at 1525 Lenox Avenue, Miami Beach, Florida 33139 ("Property"). Two foreclosure actions have been initiated against the Property, both brought by Deutsche Bank Trust Company Americas ("Deutsche Bank"). The first was ultimately dismissed. *See* SALLP Statement, Ex. H. The second appears to be pending. *Id.*, Ex. J. Harris has argued throughout

1

the pendency of these foreclosure actions that there are breaks in the chain of title with respect to the Property.  Harris' arguments are based on, among other things, the assertion that her original mortgagee, People's Choice Home Loan, Inc., never assigned, or fraudulently assigned, the Loan to Deutsche Bank as Trustee, and there have been numerous fraudulent assignments making it unclear what entity now owns the Loan.  Moreover, Harris believes that the Debtors had no interest in the Loan, and accordingly, were not authorized to sell the servicing rights to Ocwen Loan Servicing, LLC ("Ocwen").

The Debtors contend that, as of the Petition Date, Residential Funding Company, LLC was the master servicer of the Loan, and GMAC Mortgage, LLC was the primary servicer of the Loan.  Those rights were transferred to Ocwen in connection with the sale of the Debtors' mortgage loan servicing and origination platform to Ocwen.  Delehey Decl. ¶ 4.  In addition, the Debtors state that the pending foreclosure action "should have been commenced in the name of U.S. Bank, as trustee for the RAAC Series 2007-SP3 Trust, and the Debtors will be taking appropriate steps to correct this error."  Debtors' Reply ¶ 10; Delehey Decl. ¶ 6.

Based on SALLP's conversations with Harris, it appears that Harris seeks an order of this Court (1) rescinding the Debtors' sales to Ocwen of their servicing rights over her Loan, (2) transferring title to Harris' property to Harris until the true owner, if any, of the Loan is determined, (3) dismissing the second foreclosure action pending against Harris, and (4) authorizing Harris to file a proof of claim.  The Court denies Harris' Motion.

First, Harris did not timely object to the sale of the loan origination and servicing platform to Ocwen and is now estopped from doing so.  The Court entered the orders approving the sales on November 21, 2012, and by their own terms, those orders were effective

immediately.  Moreover, ownership of the Property is distinct from ownership of the Debtors' loan servicing rights, and neither the Loan nor the Property were the subject of the Ocwen sale.

Second, this Court has granted Harris limited relief from the automatic stay to "assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment (defined as any judgment where the right to appeal or seek reconsideration has expired or has been exhausted) permitting the foreclosure or eviction has not been awarded or, with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims." *See* Supplemental Servicing Order ¶ 14(a) (ECF Doc. # 774).  Accordingly, Harris can and should pursue her defenses to foreclosure in the pending action before the Florida Court without this Court's intervention.

Lastly, Harris has already filed a proof of claim, and regardless, this Court need not authorize her to do so.

Therefore, for all these reasons, Harris' Motion is denied.

**IT IS SO ORDERED.**

Dated: July 2, 2013
     New York, New York

                                                          /s/Martin Glenn
                                                           MARTIN GLENN
                                        United States Bankruptcy Judge