# KIRBY McINERNEY LLP

825 Third Avenue
New York, NY 10022
212.371.6600
Fax. 212.751.2540
WWW.KMLLP.COM

Of Counsel
  Roger W. Kirby
  Alice McInerney

July 2, 2013

**VIA ELECTRONIC MAIL**

The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

      Re:    *In re Residential Capital, LLC*, Case No. 12-12020 (MG) –
*Motion by Ally Financial Inc. and Ally Bank for an Order
Enforcing the Automatic Stay Pursuant to 11 U.S.C. §
362(A)(3) by (1) Enjoining Prosecution of Alter Ego and
Veil Piercing Claims in the Class Action Entitled Landon
Rothstein, et al. v. GMAC Mortgage, LLC, et al., and (2)
Declaring Such Claims Void Ab Initio* [Docket No. 2511]

Dear Judge Glenn:

      This responds to the June 30, 2013 letter submitted by movants' counsel on behalf of themselves, the Debtors and the Creditor's Committee, with respect to scheduling of any supplemental briefing and a hearing on the above-referenced matter.

      There is no reason for delay. The matter should be heard on July 24, 2013, with any supplemental papers filed by July 17, 2013. The sole disputed issue is whether the *Rothstein* Plaintiffs' claims against Ally Bank are derivative or direct. The Court has already determined that that issue– which was raised by movants themselves in their December 2012 papers and has been briefed by all parties – should be heard. *See* Transcript of July 12, 2013 hearing (attached as Exhibit A) at 21-23 ("THE COURT: .... I think, in the first instance, let's get the rest of the briefing done and get the matter on the calendar for a ResCap omnibus day.").

      Movants' proposed withdrawal and refiling of their motion in order to seek alternate relief under Section 105 is unnecessary. As we have repeatedly informed movants, the *Rothstein* Plaintiffs

are willing to agree to a 105 stay until plan confirmation.[1]  Hence, movants' proposal would merely result in unnecessary delay and expense.

                                          Respectfully submitted,

                                          /s/  Mark A. Strauss
                                          Mark A. Strauss

Enclosure

---

[1] Additionally, the Creditors' Committee already asked for relief under 105 [Docket No. 3345].

NEW YORK        CALIFORNIA

# EXHIBIT A

# In Re:

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020(MG)*

*June 12, 2013*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



**Min-U-Script® with Word Index**

```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  SOUTHERN DISTRICT OF NEW YORK
 4
 5  - - - - - - - - - - - - - - - - - - - - - -x
 6  In the Matter of:
 7                                  Case No. 12-12020-mg
 8  RESIDENTIAL CAPITAL, LLC, et al.,
 9           Debtors.
10  - - - - - - - - - - - - - - - - - - - - - -x
11  JENKINS ET AL.,
12                 Plaintiffs,
13      -against-              Adv. Proc. No. 12-01935-mg
14  RESIDENTIAL FUNDING COMPANY, LLC ET AL.,
15                 Defendants.
16  - - - - - - - - - - - - - - - - - - - - - -x
17  SOLANO,
18                 Plaintiff,
19      -against-              Adv. Proc. No. 13-01255-mg
20  GMAC MORTGAGE LLC, ET AL.,
21                 Defendants.
22  - - - - - - - - - - - - - - - - - - - - - -x
23
24
25
```

1           THE COURT:  Is the motion before me fully briefed?

2           MR. STRAUSS:  From our point of you, yes.  And we

3   don't think there's any discovery required for this issue.

4   This is simply a matter of what's pled in the complaint and

5   what the law is.

6           THE COURT:  All right.  Let me hear -- anybody else

7   want to be heard on this?

8           MR. STRAUSS:  Thank you, Your Honor.

9           THE COURT:  Thank you.

10          MR. MANNAL:  Your Honor, Doug Mannal, on behalf of the

11  creditors' committee again.

12          Your Honor, we did not address in our papers the issue

13  as to whether or not these are direct claims.  To the extent

14  we're going to have a hearing on whether or not the claims

15  against Ally Bank are direct claims under an agency theory,

16  we'd ask to be able to put in additional briefing on that.

17          THE COURT:  Here's what I'd like done.  The parties

18  who want to be heard on this motion, I want them to confer, to

19  agree on a schedule that -- because what I'm hearing from

20  counsel today, this issue of whether they're direct or

21  derivative claims is perhaps not ultimately determinative of

22  the outcome, but may well be.  Certainly, even if they're

23  direct claims, meaning that they are claims that don't belong

24  to the estate but belong to the plaintiffs, the Court has

25  authority to stay prosecution of those claims against the

1  nondebtor parent in connection with other pending actions
2  around the country, including some in the Southern District of
3  New York.
4          The Court had previously entered a preliminary
5  injunction.  Most of those were resolved with consent orders.
6  One required a decision by the Court.  So the Court would have
7  authority to stay the actions.  That doesn't mean that that's
8  the most appropriate result at this point.  But obviously, if
9  the claims are derivative claims, they do belong to the estate
10 and they couldn't be prosecuted by the plaintiffs.  And the
11 decision of whether they're derivative and therefore property
12 of the estate, is clearly a matter for the bankruptcy court to
13 decide.
14         So what I'd like is for parties to confer, agree on a
15 schedule.  I'll permit one more round of briefs that just
16 address that.  And I don't remember what omnibus dates we have
17 in July or August, but work with Mr. Strauss about coming up
18 with an agreed schedule that would have this motion heard in
19 July or August.
20         It may well be that the decision of the Court would
21 be, whether they're direct or derivative, is to put a stay in
22 place with respect to Ally Financial.  I've done that -- that's
23 happened before, as I've referenced.  And then it may well be a
24 confirmation issue.  If the plaintiffs object to confirmation
25 on the grounds of the scope of the third-party nondebtor

1  release, I mean, that's -- we'll have to deal with that.  But I
2  think, in the first instance, let's get the rest of the
3  briefing done and get the matter on the calendar for a ResCap
4  omnibus day.
5           Okay, Mr. Marinuzzi?
6           MR. MARINUZZI:  We'll do that, Your Honor.
7           THE COURT:  All right.  Mr. Strauss, you'll work with
8  other counsel in trying to work out a schedule on that?
9           MR. STRAUSS:  Yes, Your Honor.
10          THE COURT:  One other question, Mr. Strauss.  I don't
11 know what Judge Nathan's practice is in terms of scheduling
12 motions, so I don't know whether you expect to hear from her
13 that a date's going to be set or -- do you know?
14          MR. STRAUSS:  I don't know, Judge.
15          THE COURT:  Okay.  So certainly -- are there any
16 conferences -- case management conferences scheduled with Judge
17 Nathan at this point?
18          MR. STRAUSS:  No.
19          THE COURT:  All right.  Mr. Schrock, is Judge
20 Nathan -- did you file something in the district court
21 referencing what you believe the issues are as to whether these
22 are derivative claims?  You know, I think Judge Nathan has
23
24
25