MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' LIMITED OBJECTION TO MOTION OF RBS CITIZENS N.A.
FOR AN ANNULMENT OF THE AUTOMATIC STAY**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this limited objection to the Motion for an Annulment of the Automatic Stay [Docket No. 3848], dated May 30, 2013 (the "**Motion**") filed by RBS Citizens N.A. ("**Movant**"). In support hereof, the Debtors respectfully represent:

**BACKGROUND**

1. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being

ny-1097405

jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"). No trustee has been appointed in these chapter 11 cases. On July 3, 2012, the Office of the United States Trustee for the Southern District of New York (the "**United States Trustee**") appointed the Honorable Arthur T. Gonzalez, former Chief Judge of the United States Bankruptcy Court for the Southern District of New York, as examiner.

2. On May 16, 2012, the United States Trustee appointed a nine member official committee of unsecured creditors.

3. On October 15, 2012, the Court entered its *Order Pursuant to Bankruptcy Code Sections 105(a) and 362(d) Approving Procedures by which Third Parties may Request and Obtain Stipulated Relief from the Automatic Stay to Commence or Continue Actions to Foreclose Senior Liens* [Docket No. 1824] (the "**Procedures Order**").

4. On January 4, 2013, Movant submitted a Request (as defined in the Procedures Order) for relief from the automatic stay regarding the property of John Taylor and Tammy M. Taylor located at 11941 Delvin Drive, Sterling Heights, MI 48313. In connection with the Request, Movant requested retroactive annulment of the automatic stay to authorize a foreclosure sale of the Property that was completed on July 20, 2012.

5. The Debtors informed Movant on January 24, 2013, that they did not believe that the Procedures Order permitted a retroactive annulment of the automatic stay and advised Movant that it would be required to file a formal motion in order to seek such relief.

6. On May 30, 2013, Movant filed the Motion.

**LIMITED OBJECTION**

7. By the Motion, Movant seeks retroactive annulment of the automatic stay to affirm the validity of a postpetition foreclosure sale of the Property that was conducted without first obtaining relief from the automatic stay. The Debtors, throughout their chapter 11

2

ny-1097405

cases, generally have consented to relief from the automatic stay to permit holders of senior liens to foreclose on properties that are subject to junior liens held or serviced by the Debtors, as long as the subject property's value is insufficient to fully cover the senior lien.  However, the Debtors are concerned that if they consent, subject to Court approval, to requests for retroactive annulment of the automatic stay, they may subject themselves to actions by borrowers whose properties were foreclosed upon by a senior lien holder after the Petition Date but without relief from the automatic stay or otherwise become embroiled in such litigation.  Accordingly, the Debtors believe that any retroactive annulment of the automatic stay should be conditioned upon the requesting party's indemnification of the Debtors for the potential costs and expenses incurred by the Debtors with respect to any such challenge.

8.  The filing of a bankruptcy case acts as a stay, of, among other things, "any act . . . to exercise control over property of the estate.  11 U.S.C. § 362(a)(2).  Bankruptcy Code section 362(d) provides for orders of the Court "terminating, annulling, modifying, or conditioning."  However, "[t]he automatic stay should not be annulled under [Bankruptcy Code section] 362(a) to give effect to actions taken in violation of the stay except in limited circumstances."  *In re Lizeric Realty Corp.*, 188 B.R. 499, 506 (Bankr. S.D.N.Y. 1995) (citing *In re Albany Parts., Ltd.*, 749 F.2d 670, 675 (11th Cir. 1984)).  Courts have considered a variety of factors when determining whether retroactive stay relief is appropriate.  *See In re Stockwell*, 262 B.R. 275, 281 (Bankr. D. Vt. 2001).[1]

---

[1] For example, courts have considered "(1) if the creditor had actual or constructive knowledge of the bankruptcy filing and, therefore, of the stay; (2) if the debtor has acted in bad faith; (3) if there was equity in the property of the estate; (4) if the property was necessary for an effective reorganization; (5) if grounds for relief from the stay existed and a motion, if filed, would likely have been granted prior to the automatic stay violation; (6) if failure to grant retroactive relief would cause unnecessary expense to the creditor; and (7) if the creditor has detrimentally changed its position on the basis of the action taken." *In re Stockwell*, 262 B.R. 275, 281 (Bankr. D. Vt. 2001) (quoting *In re Lett,* 238 B.R. 167, 195 (Bankr.W.D.Mo.1999).

9. The Debtors' records, along with information submitted by Movant, indicate that the value of the Property is less than the amount of Movant's lien and that the Debtors no longer have an interest in the Property. However, at the time of the foreclosure sale, the Debtors serviced a lien on the Property. Based on this information, the Debtors concede that they likely had no equity in the affected property (the Debtors' lien) and that there is no suggestion that Movant acted in bad faith. Accordingly, the Debtors have no objection to a prospective modification of the automatic stay to permit Movant to take action in connection with the Property that may have an effect on the lien the Debtors previously serviced.

10. Nonetheless, in recent months, the Debtors have received numerous requests for retroactive annulment of the automatic stay (including under the Procedures Order) from parties purporting to hold senior liens on properties also subject to liens currently or previously held or serviced by the Debtors. These parties essentially request the Debtors to agree, subject to Court approval, to "ratify" prior actions taken in violation of the automatic stay. The Debtors are concerned that by agreeing to these Requests, they may be dragged into lawsuits (even if unmeritorious) by borrowers challenging the prior foreclosures and asserting that the Debtors should not have agreed to "ratify" the foreclosure. In order to avoid exposure to potential costs and expenses that may result in these circumstances, the Debtors have informed parties requesting retroactive annulment of the stay, including the Movant, that the Debtors would consent to the relief requested outside of the procedures set forth in the Procedures Order subject to Court approval, but would condition their consent upon the requesting party's agreement to indemnify the Debtors for any and all costs and expenses incurred in defending any lawsuit arising out of or related to the requesting party's postpetition foreclosure. The Debtors have indicated that they would otherwise oppose retroactive relief from the automatic stay.

ny-1097405

11. Movant indicated that it would not provide the Debtors with the requested indemnification. While the Debtors do not object to the relief requested, generally, any retroactive relief granted should be conditioned upon Movant providing the Debtors with an appropriate indemnification, as outlined above.

WHEREFORE, for the foregoing reasons, the Debtors request that if the Court grants the Motion, it condition relief upon Movant providing an appropriate indemnity to the Debtors.

New York, New York
Dated: July 3, 2013

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
James A. Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

ny-1097405