**Hearing Date and Time:  August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' ELEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)**

      **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Eleventh Omnibus Objection to Claims (Misclassified Claims)* (the "<u>Omnibus</u>

<u>Objection</u>"), which seeks to alter your rights by either disallowing, modifying and/or

reducing your claim against the above-captioned Debtors.

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors,

Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104

(Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and

Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S.

Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

(Attention: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State

Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq.

and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of

New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro,

Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street,

New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the

committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas

Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West

52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: July 3, 2013                                    Respectfully submitted,
      New York, New York

                                              /s/ Norman S. Rosenbaum
                                              Gary S. Lee
                                              Norman S. Rosenbaum
      Jordan A. Wishnew
      MORRISON & FOERSTER LLP
      1290 Avenue of the Americas
      New York, New York 10104
      Telephone: (212) 468-8000
      Facsimile: (212) 468-7900

      *Counsel for the Debtors and*
      *Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- )
                                                                  )
In re:                                                            )     Case No. 12-12020 (MG)
                                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,        )     Chapter 11
                                                                  )
                                           Debtors.      )     Jointly Administered
                                                                  )
----------------------------------------------------------------- )

**DEBTORS' ELEVENTH OMNIBUS OBJECTION TO CLAIMS**
**(MISCLASSIFIED CLAIMS)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EXHIBIT A ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

        Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

        1.    The Debtors file this eleventh omnibus objection to claims (the "Eleventh Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 1, reclassifying the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Eleventh Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Eleventh Omnibus Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

        2.    The Debtors examined the proofs of claim identified on Exhibit A to the Proposed Order, and determined that each proof of claim listed on Exhibit A to the Proposed Order (collectively, the "Misclassified Claims") improperly asserts a security interest against the Debtors and/or a priority claim under section 503 or 507 of the Bankruptcy Code.

        3.    The Misclassified Claims do not meet the criteria required for entitlement to priority or secured status, and, therefore, are not entitled to priority or secured status as

---

[1]    Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

asserted in these proofs of claim.  Accordingly, the Debtors seek to reclassify the Misclassified

Claims as indicated on <u>Exhibit A</u> to accurately reflect the nature and priority of the Misclassified

Claims as general unsecured claims on the claims register maintained in the Chapter 11 Cases,

and preserve the Debtors' right to later object to the Misclassified Claims (as reclassified).

4.      No Borrower Claims (as defined in the Procedures Order) are included in

this Eleventh Omnibus Claims Objection.

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.      On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.      On June 20, 2012, the Court directed that an examiner be appointed (the

"Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner

[Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket

Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public

[Docket No. 4099].

9.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

10.      On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").    The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").   (Bar Date Order ¶¶ 2, 3).   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

11.      To date, approximately 6,860 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

12.      On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## THE MISCLASSIFIED CLAIMS SHOULD BE RECLASSIFIED AS GENERAL UNSECURED CLAIMS

13.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).   If an objection refuting at least one of the claim's essential

3

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).   Section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to

the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law."  11 U.S.C. § 502(b)(1).

14.    Pursuant to Bankruptcy Rule 3007(d)(8), a debtor may object to claims

and seek their disallowance where such claims "assert priority in an amount that exceeds the

maximum amount under § 507 of the Code."  Fed. R. Bankr. P. 3007(d)(8).

15.    Moreover, the U.S. Supreme Court has held that conferring secured status

"'to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of

distribution; it dilutes the value of the priority for those creditors Congress intended to prefer.'"

Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 667-68 (2006) (citation

omitted); see also In re WorldCom, Inc., 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying

a purportedly secured claim as unsecured because it was based on a lapsed lien); Karakas v.

Bank of New York (In re Karakas), Case No. 06-32961, Chapter 13, Adv. Pro. No. 06-80245,

2007 Bankr. LEXIS 1578, at *22-23 (Bankr. N.D.N.Y. May 3, 2007) (reclassifying purportedly

secured claim as unsecured based on valuation of underlying property).

16.    Based upon their review of the proofs of claim filed on the claims register

maintained by KCC, the Debtors determined that each Misclassified Claim identified on Exhibit

A annexed to the Proposed Order under the heading "Claims to be Reclassified" improperly

asserts secured and/or administrative priority status for all or a portion of such claim, including

priority under section 503(b)(9) of the Bankruptcy Code, where such proofs of claim do not

4

contain any valid basis for treatment as a secured and/or administrative priority claim.    The
Misclassified Claims set forth on Exhibit A annexed to the Proposed Order are claims for alleged
prepetition general unsecured liabilities, and are therefore not entitled to secured status or
priority status against the Debtors' estates under section 506 or 507 of the Bankruptcy Code.    To
allow such claims to remain and be treated as secured and/or administrative priority claims
would result in certain claimants receiving a disproportionately higher distribution on account of
the asserted liabilities to the detriment of other similarly-situated claimants.    (See Horst
Declaration ¶ 4).

17.    Moreover, with respect to all Misclassified Claims that are the subject of
this Eleventh Omnibus Claims Objection, the Debtors further object to such claims pursuant to
Bankruptcy Rule 3007(d)(6) on the grounds that the Misclassified Claims fail to provide
documentation sufficient to support the classification asserted in such claims.    Accordingly, the
Debtors seek to reclassify the Misclassified Claims on the official claims register maintained for
the Debtors in these Chapter 11 Cases, and preserve the Debtors' right to later object to any
Misclassified Claim on any other basis.    (See Horst Declaration ¶ 4).

18.    Thus, in order to preserve the intended order of priority of claims as set
forth by the Bankruptcy Code, and to prevent any improper recoveries, the Debtors request entry
of the Proposed Order reclassifying the Misclassified Claims listed on Exhibit A to the Proposed
Order as general unsecured claims in accordance with the Bankruptcy Code.    The Misclassified
Claims will remain on the claims register subject to further objections on any other basis.

## NOTICE

19.    The Debtors have served notice of this Eleventh Omnibus Claims
Objection in accordance with the Case Management Procedures entered on May 23, 2012

[Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

20.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  July 3, 2013
        New York, New York

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

6

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------ )
                                                                         )
In re:                                                                   )        Case No. 12-12020 (MG)
                                                                         )
RESIDENTIAL CAPITAL, LLC, et al.,                                        )        Chapter 11
                                                                         )
                                        Debtors.                         )        Jointly Administered
                                                                         )
------------------------------------------------------------------------ )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**ELEVENTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap for eleven years, the last year in my current position.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

1

and Client Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

the *Debtors' Eleventh Omnibus Objection to Claims (Misclassified Claims)* (the "<u>Objection</u>").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other members of the Debtors' management or other employees of the Debtors, the

Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the

Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify

competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately

familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

(the "<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of

financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and

reconciliation of claims, and/or my review of relevant documents.  I or my designee at my

direction have reviewed and analyzed the proof of claim forms and supporting documentation, if

any, filed by the claimants listed on <u>Exhibit A</u> annexed to the Proposed Order.  In connection

with such review and analysis, where applicable, the Debtors have reviewed (i) information

supplied or verified by personnel in departments within the Debtors' various business units, (ii)

the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official

claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Based on a thorough review of the proofs of claim at issue, the Debtors have determined that based on the face of the proof of claim and/or the Debtors' Books and Records, each claim listed on <u>Exhibit A</u> annexed to the Proposed Order should be reclassified as non-priority, general unsecured claims and accorded the proposed treatment described in the Objection.  If the Misclassified Claims are not reclassified accordingly, the claimants asserting such claims may potentially receive a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly-situated claimants.

5.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Misclassified Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 3, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

3

## **Exhibit 2**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
                                            )
In re:                                      )        Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, et al.,           )        Chapter 11
                                            )
                            Debtors.        )        Jointly Administered
                                            )
-------------------------------------------------------------------

### ORDER GRANTING DEBTORS' ELEVENTH OMNIBUS OBJECTION
### TO CLAIMS (MISCLASSIFIED CLAIMS)

Upon the eleventh omnibus claims objection, dated July 3, 2013 (the "Eleventh

Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the

above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the

"Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "Procedures Order"), reclassifying the Misclassified Claims to reflect

their proper classification as general unsecured claims, all as more fully described in the

Eleventh Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider

the Eleventh Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Eleventh Omnibus Claims Objection and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Eleventh Omnibus

Claims Objection having been provided, and it appearing that no other or further notice need be

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
       in the Debtors' Eleventh Omnibus Claims Objection.

provided; and upon consideration of the Eleventh Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Eleventh Omnibus Objection to Claims (Misclassified Claims), annexed to the Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the Eleventh Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eleventh Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Eleventh Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that each Misclassified Claim listed on <u>Exhibit A</u> annexed hereto is hereby reclassified as a general unsecured non-priority claim as indicated on <u>Exhibit A</u>; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to reclassify the Misclassified Claims identified on the schedule annexed as <u>Exhibit A</u> hereto pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Eleventh Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ny-1094787

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Misclassified Claims that are reclassified pursuant to this Order, all rights to object on any basis are expressly reserved with respect to such reclassified claims as listed on <u>Exhibit A</u> annexed to this Order, and the Debtors' and all parties in interests' rights to object on any basis are expressly reserved with respect to any such claim that is not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Misclassified Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such Misclassified Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

ELEVENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | AIRCASTLE MORTGAGE SERVICES LLC 2340 MISTLETOE BLVD PO BOX 106 FORT WORTH, TX 76110 | 4201 | 11/09/2012 | $2,920.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $2,920.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 2 | ALL PRO ROOFING INC 2502 W 45TH AMARILLO, TX 79110 | 1549 | 10/23/2012 | $1,166.65 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $1,166.65 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 3 | ASSOCIATED APPRAISERS OF BROWN 1337 BENJAMIN CT GREEN BAY, WI 54311 | 6271 | 11/09/2012 | $400.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $400.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 4 | B FISCHER CONSTRUCTION LLC 1044 MAYER ST MENASHA, WI 54952 | 2563 | 11/07/2012 | $4,963.48 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $4,963.48 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 5 | BEVERLY GROUP INC 660 4TH STREET STE 116 SAN FRANCISCO, CA 94107 | 2206 | 11/05/2012 | $7,500.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $7,500.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 6 | C B PANORAMA REALTY INC 1204 E MAIN ST PO BOX 148 LURAY, VA 22835 | 1558 | 10/23/2012 | $1,618.20 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $1,618.20 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 7 | CITY OF PUNTA GORDA BILLING AND COLLECTION DIVISION 126 HARVEY ST PUNTA GORDA, FL 33950-3615 | 1475 | 10/22/2012 | $106.09 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $106.09 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

ELEVENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | CITY OF PUNTA GORDA<br>BILLING AND COLLECTION DIVISION<br>126 HARVEY ST<br>PUNTA GORDA, FL 33950-3615 | 1476 | 10/22/2012 | $68.17<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$68.17 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 9 | GARY KURON REAL ESTATE APPRAISER<br>4645 AIRPORT ROAD<br>NEWPORT, VT 05855 | 545 | 09/17/2012 | $550.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$550.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 10 | GLOVER & DAHNK - PRIMARY<br>1103 Princess Anne St<br>P.O. Box 207<br>Fredericksburg, VA 22404 | 675 | 09/24/2012 | $2,485.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,485.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 11 | HOPE REALTY<br>720 E 3RD ST<br>HOPE, AR 71801 | 926 | 10/02/2012 | $200.00<br>$0.00<br>$0.00<br>$0.00<br>$200.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$400.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 12 | J AND S APPRAISAL SERVICES<br>4615 PINERIDGE DR S<br>MOBILE, AL 36613 | 4206 | 11/09/2012 | $850.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$850.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 13 | Jose B. Rodriguez<br>Beroz Construction Services<br>14140 SW 151 Ct<br>Miami, FL 33196 | 2256 | 11/05/2012 | $13,047.31<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$13,047.31 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 14 | KESHA JONES AND JONES BUILDING MAINTENANCE<br>29 HARDY PLACE RD<br>JOHNSTON, SC 29832-2631 | 622 | 09/21/2012 | $2,000.00<br>$0.00<br>$0.00<br>$0.00<br>$1,600.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,600.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

ELEVENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 15 | LA BUENA VIDA ESTATES 21448 N 75TH AVE STE 6 GLENDALE, AZ 85308 | 544 | 09/17/2012 | $380.16 $0.00 $0.00 $0.00 $25.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 $0.00 $0.00 $0.00 $405.16 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 16 | MARINELLI APPRAISAL & REAL PROP SVC 152 E 41ST ST ERIE, PA 16504-2008 | 1374 | 10/18/2012 | $1,400.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $1,400.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 17 | SHEBOYGAN WATER UTILITIY 72 PARK AVE SHEBOYGAN, WI 53081-2958 | 940 | 10/04/2012 | $48.53 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $48.53 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 18 | TOTAL AIR TECH 13235 W HART ST WADSWORTH, IL 60083 | 4545 | 11/13/2012 | $7,745.50 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $7,745.50 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |
| 19 | TRAINING PRO 11350 MCCORMICK RD EXECUTIVE PLZ III HUNT VALLEY, MD 21031 | 550 | 09/18/2012 | $1,195.00 $0.00 $0.00 $0.00 $1,583.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 $0.00 $0.00 $0.00 $2,778.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claimant improperly assert(s) a security interest and/or priority claim(s) against the Debtors. |