**Hearing Date and Time:  August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF DEBTORS' TWELFTH OMNIBUS OBJECTION**
**TO CLAIMS (NO LIABILITY – PAID AND SATISFIED TAX CLAIMS)**

      **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Twelfth Omnibus Objection to Claims (No Liability - Paid and Satisfied Tax Claims)* (the

"Omnibus Objection"), which seeks to alter your rights by either disallowing, modifying

and/or reducing your claim against the above-captioned Debtors.

      **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors,

Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104

(Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and

Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S.

Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

(Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State

Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq.

and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of

New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro,

Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street,

New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the

committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas

Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West

52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: July 3, 2013                  Respectfully submitted,
      New York, New York

                                 /s/ Norman S. Rosenbaum
                                 Gary S. Lee
                                 Norman S. Rosenbaum
                                 Jordan A. Wishnew
                                 MORRISON & FOERSTER LLP
                                 1290 Avenue of the Americas
                                 New York, New York 10104
                                 Telephone: (212) 468-8000
                                 Facsimile: (212) 468-7900

                                 *Counsel for the Debtors and*
                                 *Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ------------------------------------------------------- ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------- ) | | |

**DEBTORS' TWELFTH OMNIBUS OBJECTION**
<u>**TO CLAIMS (NO LIABILITY– PAID AND SATISFIED TAX CLAIMS)**</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### RELIEF REQUESTED

1.    The Debtors file this twelfth omnibus objection to claims (the "Twelfth

Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket

No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to

that attached hereto as Exhibit 1, to disallow and expunge the claims listed on Exhibit A[1]

annexed to the Proposed Order.  In support of this Twelfth Omnibus Claims Objection, the

Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Twelfth Omnibus

Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently

herewith.

2.    The Debtors have examined the proofs of claim identified on Exhibit A to

the Proposed Order filed by certain taxing authorities (collectively, the "Taxing Authorities")

and determined that the proofs of claim listed under the heading "*Claims to be Disallowed and

Expunged*" (collectively, the "Paid and Satisfied Tax Claims") are no longer valid because the

Debtors fully satisfied such claims in the ordinary course of business, as authorized by the

---

[1]    Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

Court.[2]  Accordingly, the Debtors seek entry of the Proposed Order disallowing and expunging the Paid and Satisfied Tax Claims from the claims register.

3.      The Debtors expressly reserve all rights to object on any other basis to any Paid and Satisfied Tax Claim as to which the Court does not grant the relief requested herein.

### JURISDICTION

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### BACKGROUND

5.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

7.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

8.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and

---

[2]      The *Final Order Under Bankruptcy Code Sections 105(a), 363, 506(a), 507(a)(8), 541 and 1129 and Bankruptcy Rule 6003 Authorizing Payment of Taxes and Regulatory Fees* [Docket No. 384] permits the Debtors, among other things, to pay taxes and regulatory fees to Taxing Authorities in the ordinary course of their businesses, including, but not limited to, such taxes and fees relating to amounts accrued prepetition and postpetition.

2

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

9.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order"). The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

10.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

11.    To date, approximately 6,860 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

### THE PAID AND SATISFIED TAX CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

12.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors determined that each Paid and Satisfied Tax Claim identified on Exhibit A annexed to the Proposed Order under the heading "*Claims to be Disallowed and Expunged*" has been satisfied in full during these Chapter 11 Cases pursuant to the authority granted to the Debtors by order of the Court, applicable law, or otherwise. Accordingly, these

ny-1094999

claims do not represent valid prepetition claims against the Debtors.  If the Paid and Satisfied

Tax Claims are not disallowed and expunged, the Taxing Authorities who filed these proofs of

claim may potentially receive a wholly improper recovery to the detriment of other creditors in

these Chapter 11 Cases.  (See Horst Declaration ¶ 4).

13.    A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

14.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law."  11 U.S.C. 502(b)(1).  In

addition, pursuant to Bankruptcy Rule 3007(d)(5), a debtor may object to claims and seek their

disallowance where such claims "have been satisfied or released during the case in accordance

with the Code, applicable rules, or a court order."  Fed. R. Bankr. P. 3007(d)(5).  The Debtors

diligently analyzed the proofs of claim identified on Exhibit A to the Proposed Order in

combination with a review of their books and records, and determined that each Paid and

Satisfied Tax Claim is no longer valid, as it has been fully satisfied by the Debtors in the

ordinary course of business.

15.    Accordingly, to avoid the possibility that the Taxing Authorities receive

improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not

prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge

in their entirety the Paid and Satisfied Tax Claims.  Further, the Debtors reserve the right to

object to any Paid and Satisfied Tax Claim as to which the Court does not grant the relief requested herein on any other basis.

## NOTICE

16.     The Debtors have served notice of this Twelfth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

17.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  July 3, 2013
        New York, New York

> /s/ Norman S. Rosenbaum
> Gary S. Lee
> Norman S. Rosenbaum
> Jordan A. Wishnew
> **MORRISON & FOERSTER LLP**
> 1290 Avenue of the Americas
> New York, New York 10104
> Telephone:  (212) 468-8000
> Facsimile:  (212) 468-7900
>
> *Counsel for the Debtors and*
> *Debtors in Possession*

5

## **Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------  )
                                                                         )
In re:                                                                   )    Case No. 12-12020 (MG)
                                                                         )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                                 )    Chapter 11
                                                                         )
                                              Debtors.                   )    Jointly Administered
                                                                         )
-----------------------------------------------------------------------  )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**TWELFTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(NO LIABILITY – PAID AND SATISFIED TAX CLAIMS)**</u>

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap for eleven years, the last year in my current position.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

the *Debtors' Twelfth Omnibus Objection to Claims (No Liability – Paid and Satisfied Tax Claims)* (the "Objection").[2]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1095010

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Based on a thorough review of the proofs of claim at issue and the Debtors' Books and Records, each claim on <u>Exhibit A</u> annexed to the Proposed Order should be disallowed and expunged because these claims were satisfied in full during these Chapter 11 Cases pursuant to the authority granted to the Debtors by order of the Court.  If the Paid and Satisfied Tax Claims are not disallowed and expunged, the Taxing Authorities asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

5.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Paid and Satisfied Tax Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 3, 2013

  /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

3

**Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------------

### ORDER GRANTING DEBTORS' TWELFTH OMNIBUS OBJECTION TO CLAIMS
### (NO LIABILITY – PAID AND SATISFIED TAX CLAIMS)

Upon the twelfth omnibus claims objection, dated July 3, 2013 (the "<u>Twelfth Omnibus Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Paid and Satisfied Tax Claims on the grounds that each Paid and Satisfied Tax Claim represents a tax obligation for which the Debtors have no liability, all as more fully described in the Twelfth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Twelfth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Twelfth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Twelfth Omnibus Claims Objection having been

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twelfth Omnibus Claims Objection.

provided, and it appearing that no other or further notice need be provided; and upon consideration of the Twelfth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Twelfth Omnibus Objection to Claims (No Liability – Paid and Satisfied Tax Claims), annexed to the Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Twelfth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Twelfth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twelfth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that each Paid and Satisfied Tax Claim listed on Exhibit A annexed hereto is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the Paid and Satisfied Tax Claims identified on the schedule annexed as Exhibit A hereto pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Twelfth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and the Debtors' and all party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on <u>Exhibit A</u> annexed hereto, and any claim that is listed on <u>Exhibit A</u> to the extent this Court grants any claimant leave to amend its Paid and Satisfied Tax Claim under section 502(d) of the Bankruptcy Code; and it is further

ORDERED that this Order shall be a final order with respect to each of the Paid and Satisfied Tax Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such Paid and Satisfied Tax Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
      New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWELFTH OMNIBUS OBJECTION - NO LIABILITY - PAID CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Bernalillo County Treasurers Office Patrick J. Padilla, Treasurer P.O. Box 627 Albuquerque , NM 87103-0627 | 2238 | 11/05/2012 | $1,290.36 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | BROOKFIELD TOWN TAX COLLECTOR 6 CENTRAL ST BROOKFIELD, MA 01506 | 505 | 09/17/2012 | $0.00 $0.00 $816.33 $0.00 $18.79 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | Burnet Central Appraisal District, Collecting Property Taxes for The County of Burnet, Texas, Burnet Consolidated Independent Lee Gordon McCreary, Veselka, Bragg & Allen, P.C. PO Box 1269 Round Rock, TX 78680-1269 | 2036 | 11/01/2012 | $0.00 $0.00 $3,711.14 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | Catalina Tax Co LLC US Bank as Cust for Tower C/O Catalina Tax Co LLC PO Box 645040 Cincinnati, OH 45264-5040 | 460 | 09/04/2012 | $0.00 $0.00 $3,773.65 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | City of Mesquite and Mesquite Independent School District c/o Schuerenberg & Grimes, P.C. Gary Allmon Grimes 120 W. Main Street, Suite 201 Mesquite, TX 75149 | 54 | 06/04/2012 | $0.00 $0.00 $1,876.04 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWELFTH OMNIBUS OBJECTION - NO LIABILITY - PAID CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | City of Princeton<br>Elizabeth Banda Calvo<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 13430<br>Arlington, TX 76094-0430 | 8 | 05/21/2012 | $0.00<br>$0.00<br>$884.84<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | Clear Creek Independent School District<br>Carl O. Sandin<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>1235 North Loop West<br>Suite 600<br>Houston, TX 77008 | 6262 | 11/30/2012 | $0.00<br>$0.00<br>$110.23<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 8 | Columbiana County Treasurer<br>105 S. Market St. Ste 8<br>Lisbon, OH 44432 | 914 | 10/01/2012 | $0.00<br>$0.00<br>$3,637.97<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 9 | COVENTRY TOWN<br>1670 FLAT RIVER RD<br>COVENTRY TOWN TAX COLLECTOR<br>COVENTRY, RI 02816 | 695 | 09/24/2012 | $0.00<br>$0.00<br>$0.00<br>$3,265.43<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 10 | Cypress Hill Municipal Utility District #1<br>Carl O. Sandin<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>1235 North Loop West<br>Suite 600<br>Houston , TX 77008 | 6267 | 11/30/2012 | $0.00<br>$0.00<br>$2,407.03<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWELFTH OMNIBUS OBJECTION - NO LIABILITY - PAID CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | Don Armstrong, Property Tax Commissioner<br>Shelby County Property Tax Commission<br>PO Box 1298<br>Columbiana, AL 35051 | 347 | 07/30/2012 | $0.00<br>$0.00<br>$0.00<br>$1,533.84<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 12 | Doug Belden, Hillsborough County Tax Collector<br>Attn Doug Belden<br>Tax Collector, Hillsborough County<br>601 E Kennedy Blvd 14th Floor<br>PO Box 172920<br>Tampa, FL 33672-2920 | 364 | 08/02/2012 | $0.00<br>$0.00<br>$2,864.66<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 13 | Elko County<br>Elko County Treasurer<br>571 Idaho Street, Suite 101<br>Elko, NV 89801 | 698 | 09/24/2012 | $0.00<br>$0.00<br>$1,079.31<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 14 | HARRIS COUNTY WCID 96L<br>11111 KATY FWY STE 725<br>LEARED ASSESSOR COLLECTOR<br>HOUSTON, TX 77079 | 5958 | 11/28/2012 | $0.00<br>$0.00<br>$5,127.72<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 15 | Harrison Central Appraisal District, collecting property taxes for<br>Hallsville Independent School District<br>Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>PO Box 1269<br>Round Rock, TX 78680-1269 | 2031 | 11/01/2012 | $0.00<br>$0.00<br>$1,612.92<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWELFTH OMNIBUS OBJECTION - NO LIABILITY - PAID CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | Howard County Assessors Office 220 N Main St Room 226 Kokomo, IN 46901 | 1284 | 10/15/2012 | $0.00 $0.00 $1,512.97 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 17 | MARION COUNTY PO BOX 2511 SALEM, OR 97308 | 1212 | 10/15/2012 | $0.00 $0.00 $3,400.64 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 18 | MARION COUNTY PO BOX 2511 MARION COUNTY TAX COLLECTOR SALEM, OR 97308 | 1214 | 10/15/2012 | $0.00 $0.00 $1,431.31 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 19 | Mason County Treasurer Attn Brittany P.O. Box 429 Shelton, WA 98584 | 946 | 10/04/2012 | $0.00 $0.00 $348.68 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 20 | MC DUFFIE COUNTY 406 MAIN STREET PO BOX 955 TAX COMMISSIONER THOMSON, GA 30824 | 855 | 09/28/2012 | $0.00 $0.00 $0.00 $408.28 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage USA Corporation | 12-12031 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWELFTH OMNIBUS OBJECTION - NO LIABILITY - PAID CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 21 | Orange County<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 253 | 07/06/2012 | $0.00<br>$0.00<br>$5,080.76<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 22 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 233 | 07/02/2012 | $0.00<br>$0.00<br>$5,827.66<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 23 | Princeton Independent School District<br>Elizabeth Banda Calvo<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 13430<br>Arlington, TX 76094-0430 | 5 | 05/21/2012 | $0.00<br>$0.00<br>$1,790.11<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 24 | SCITUATE TOWN<br>195 DANIELSON PIKE<br>SCITUATE TOWN TAX COLLECTOR<br>SCITUATE, RI 02857 | 585 | 09/20/2012 | $0.00<br>$0.00<br>$2,264.22<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 25 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 329 | 07/23/2012 | $0.00<br>$0.00<br>$4,761.69<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWELFTH OMNIBUS OBJECTION - NO LIABILITY - PAID CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 26 | WEBSTER TOWNSHIP 5665 WEBSTER CHURCH RD TREASURER WEBSTER TWP DEXTER, MI 48130 | 5787 | 11/19/2012 | $0.00 $0.00 $11,719.64 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 27 | YUMA COUNTY YUMA COUNTY TREASURER 410 MAIDEN LN YUMA, AZ 85364 | 5373 | 11/19/2012 | $0.00 $0.00 $0.00 $1,544.32 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |