**Hearing Date and Time: August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ---------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ---------------------------------------------- | ) | |

**NOTICE OF DEBTORS' THIRTEENTH OMNIBUS OBJECTION**
<u>**TO CLAIMS (NO LIABILITY - BOOKS AND RECORDS TAX CLAIMS)**</u>

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Thirteenth Omnibus Objection to Claims (No Liability - Books and Records Tax Claims)*

(the "<u>Omnibus Objection</u>"), which seeks to alter your rights by either disallowing,

modifying and/or reducing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: July 3, 2013       Respectfully submitted,
   New York, New York

            /s/ Norman S. Rosenbaum
            Gary S. Lee
            Norman S. Rosenbaum
            Jordan A. Wishnew
            MORRISON & FOERSTER LLP
            1290 Avenue of the Americas
            New York, New York 10104
            Telephone: (212) 468-8000
            Facsimile: (212) 468-7900

            *Counsel for the Debtors and*
            *Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

-------------------------------------------------------------------

## DEBTORS' THIRTEENTH OMNIBUS OBJECTION
## <u>TO CLAIMS (NO LIABILITY– BOOKS AND RECORDS TAX CLAIMS)</u>

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

1.     The Debtors file this thirteenth omnibus objection to claims (the "Thirteenth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 1, to disallow and expunge the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Thirteenth Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Thirteenth Omnibus Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

2.     The Debtors have examined the proofs of claim identified on Exhibit A to the Proposed Order filed by certain taxing authorities (collectively, the "Taxing Authorities") as well as the books and records the Debtors maintain in the ordinary course of business, and determined that the proofs of claim listed on Exhibit A to the Proposed Order (collectively, the "No Liability Tax Claims") are not liabilities of the Debtors.  Accordingly, the Debtors seek

---

[1]     Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

ny-1095697

entry of the Proposed Order disallowing and expunging the No Liability Tax Claims from the claims register.

3.      The Debtors expressly reserve all rights to object on any other basis to any No Liability Tax Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

5.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

7.      On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

8.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

9.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").    The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").    (Bar Date Order ¶¶ 2, 3).    On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

10.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

11.    To date, approximately 6,860 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

## THE NO LIABILITY TAX CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

12.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors determined that their books and records do not reflect any basis for the No Liability Tax Claims identified on Exhibit A annexed to the Proposed Order. Accordingly, these claims do not represent valid prepetition claims against the Debtors.  If the No Liability Tax Claims are not disallowed and expunged, then the Taxing Authorities who filed

4

these proofs of claim may potentially receive a wholly improper recovery to the detriment of other creditors in these Chapter 11 Cases.  (<u>See</u> Horst Declaration ¶ 4).

13.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  <u>See</u> <u>In re Oneida Ltd.</u>, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); <u>In re Adelphia Commc'ns Corp.</u>, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); <u>In re Rockefeller Ctr. Props.</u>, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. 502(b)(1).

14.    Generally, when property taxes are assessed and/or have accrued, the property owner is obligated to the taxing authority for the payment of all taxes ultimately imposed for that given tax year because taxes create liens that run with the land.  <u>See</u> 85 C.J.S. Taxation § 1114.  However, if an entity is a servicer of the loan secured by the underlying real property, and not the owner of that property, the servicer may make the property tax payments on behalf of the borrower or property owner, if so provided in the loan documents, but does not incur an obligation to the taxing authority for the payment of such taxes.[2]  The servicer is not liable to a taxing authority to make such tax payments; rather, the borrower or owner of the property retains direct liability for the financial obligation to make tax payments to the taxing authority.  Thus, the obligation of the servicer is only owed to the borrower or property owner.

---

[2]    In their capacities as mortgage loan servicers, the Debtors frequently made tax payments in connection with loans they serviced; however, the Debtors, as servicers, did not incur any obligation to the taxing authorities, but rather were contractually obligated solely to the borrower or property owner to pay property taxes on their behalf if, and to the extent, provided in the loan documents.

15.     The Debtors diligently analyzed the proofs of claim identified on <u>Exhibit A</u> to the Proposed Order, as well as researched and compared the property and parcel information provided therein to the information contained within their books and records.  The liabilities set forth in the No Liability Claims are not reflected in the Debtors' books and records, including their active and inactive servicing records.  More specifically, and as set forth on <u>Exhibit A</u> attached to the Proposed Order, none of the property or parcel information provided by these Taxing Authorities, or taxes purportedly owing to the Taxing Authorities correspond to liabilities in the Debtors' servicing databases.  (<u>See</u> Horst Declaration ¶ 4).  For instance, some proofs of claim contained a tax parcel or property address, but upon a search of their record management systems and servicing systems—active and inactive— the Debtors were unable to identify a Debtor as either a servicer[3] or owner of the underlying real property.  <u>Id.</u>  In other instances, the Debtors did locate the relevant parcel or property address information within their record management systems and servicing systems—active and inactive, but their Books and Records reflect that (i) the Debtor was only acting as servicer of the related loan, and was not the owner of the underlying real property, during the period of time for which the Taxing Authorities claim unpaid taxes, or (ii) the unpaid taxes cited within the proof of claim accrued for a period of time (a) after the loan was paid off, or (b) to the extent the Debtors actually owned a property for a period of time following a foreclosure as Real Estate Owned, after the property was sold.  <u>Id.</u> Therefore, the Debtors assert that they are not responsible for any of the No Liability Tax Claims.  <u>Id.</u> ¶ 5.

16.     Accordingly, to avoid the possibility that the Taxing Authorities receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not

---

[3]     As noted above, even if the Debtors determined they are or were a current or former servicer with respect to the loan, this would not give rise to a liability on the part of the servicer.

ny-1095697

prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Tax Claims.  Further, the Debtors reserve the right to object on any other basis to any No Liability Tax Claim as to which the Court does not grant the relief requested herein.

## NOTICE

17.    The Debtors have served notice of this Thirteenth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

18.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

*[Remainder of Page Intentionally Left Blank.]*

Dated:  July 3, 2013
        New York, New York

/s/ Norman S. Rosenbaum

Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and*
*Debtors in Possession*

8

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )    Chapter 11
                                                    )
                                        Debtors.    )    Jointly Administered
                                                    )
-----------------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**THIRTEENTH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY – BOOKS AND RECORDS TAX CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap for eleven years, the last year in my current position.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

the *Debtors' Thirteenth Omnibus Objection to Claims (No Liability – Books and Records Tax Claims)* (the "Objection").[2]

2.       Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.       In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order. In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]     Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

2

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Specifically, the Debtors reviewed the property and parcel information provided in the proofs of claim filed by the Taxing Authorities, and searched their active and inactive servicing records for corresponding information.  Before the sale of their mortgage loan servicing platform, it was the Debtors' business practice to maintain property tax payment information in their loan servicing databases.  The Debtors searched both their active and inactive servicing records for any files corresponding to such property and parcel information identified in the No Liability Tax Claims.  For instance, some proofs of claim contained a tax parcel or property address, but upon a search of their record management systems and servicing systems—active and inactive— the Debtors were unable to identify a Debtor as either a servicer or owner of the underlying real property.  In other instances, the Debtors did locate the relevant parcel or property address information within their record management systems and servicing systems—active and inactive, but their Books and Records reflect that (i) the Debtor was only acting as servicer of the related loan, and was not the owner of the underlying real property, during the period of time for which the Taxing Authorities claim unpaid taxes, or (ii) the unpaid taxes cited within the proof of claim accrued for a period of time (a) after the loan was paid off, or (b) to the extent the Debtors actually owned a property for a period of time following a foreclosure as Real Estate Owned, after the property was sold.

5.      Thus, based on a thorough review of the proofs of claim at issue and the Debtors' Books and Records, each claim listed on <u>Exhibit A</u> annexed to the Proposed Order should be disallowed and expunged because such claims were not reflected in the Debtors' Books and Records.  If the No Liability Tax Claims are not disallowed and expunged, the Taxing

3

Authorities asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

6.    Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each No Liability Tax Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 3, 2013

 /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

4

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|                                          |     |                          |
|------------------------------------------|-----|--------------------------|
|                                          | )   |                          |
| In re:                                   | )   | Case No. 12-12020 (MG)   |
|                                          | )   |                          |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | )   | Chapter 11               |
|                                          | )   |                          |
|                              Debtors.    | )   | Jointly Administered     |
|                                          | )   |                          |

---------------------------------------------------------------

### ORDER GRANTING DEBTORS' THIRTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY – BOOKS AND RECORDS TAX CLAIMS)

Upon the thirteenth omnibus claims objection, dated July 3, 2013 (the "<u>Thirteenth</u> <u>Omnibus Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the No Liability Tax Claims on the grounds that each No Liability Tax Claim represents a tax obligation for which the Debtors have no liability, all as more fully described in the Thirteenth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Thirteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Thirteenth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Thirteenth Omnibus Claims Objection having been

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Thirteenth Omnibus Claims Objection.

provided, and it appearing that no other or further notice need be provided; and upon consideration of the Thirteenth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Thirteenth Omnibus Objection to Claims (No Liability – Books and Records Tax Claims), annexed to the Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Thirteenth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Thirteenth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Thirteenth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, each No Liability Tax Claim listed on Exhibit A annexed hereto is hereby disallowed and expunged as indicated on Exhibit A; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the No Liability Tax Claims identified on the schedule annexed as Exhibit A hereto pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Thirteenth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and the Debtors' and all party in interest's rights to object on any basis are expressly reserved with respect to any such claim not listed on <u>Exhibit A</u> annexed hereto, and any claim that is listed on <u>Exhibit A</u> to the extent this Court grants any claimant leave to amend its No Liability Tax Claim under section 502(d) of the Bankruptcy Code; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Tax Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such No Liability Tax Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1095722

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 1 | Alachua County Tax Collector<br>PO BOX 140960<br>GAINESVILLE, FL 32614-0960 | 410 | 08/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$583.10 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 2 | Allen County Treasurer<br>1 East Main Street, Suite 104<br>Fort Wayne, IN 46802-1811 | 91 | 06/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,510.30 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 3 | AMADOR COUNTY TAX COLLECTOR<br>ATTN - MICHAEL E RYAN<br>810 COURT STREET<br>JACKSON, CA 95642-2132 | 762 | 09/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$733.69 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 4 | Austin County Appraisal District<br>Michael J. Darlow<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>1235 North Loop West<br>Suite 600<br>Houston , TX 77008 | 6266 | 11/30/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$13,931.87 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 5 | Barry Willingham Cullman County Revenue Commission<br>PO Box 2220<br>Cullman, AL 35056-2220 | 212 | 06/28/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$267.22 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 6 | Belmont County Treasurer<br>101 W Main St<br>St Clairsville, OH 43950 | 732 | 09/25/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$5,544.68 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 7 | Black Hawk County Treasurer<br>316 E Fifth St<br>Waterloo, IA 50703 | 1440 | 10/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$5,778.50 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 8 | BOOTHBAY HARBOR TOWN<br>TOWN OF BOOTHBAY HARBOR<br>11 HOWARD ST<br>BOOTHBAY HARBOR, ME 04538 | 1011 | 10/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 9 | Brown County Appraisal District, Collecting Property Taxes for The County of Brown, Texas, Brown County Road and Flood and Br<br>Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>PO Box 1269<br>Round Rock, TX 78680-1269 | 2034 | 11/01/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,366.13 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 10 | BURTON CITY<br>TREASURER<br>4303 S CENTER ROAD<br>BURTON, MI 48519 | 917 | 10/01/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,505.23 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 11 | Butte County Treasurer-Tax Collector<br>25 County Center Drive, Suite 125<br>Oroville, CA 95965 | 1104 | 10/10/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$917.19 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 12 | CARRABASET VALLEY TOWN<br>1001 CARRIAGE RD<br>TOWN OF CARRABASSETT VALLEY<br>CARRABASSETT, ME 04947 | 514 | 09/17/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$6,035.59 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 13 | CHARTIER HOUSTON SCHOOL DISTRICT<br>2 BUCCANEER DR<br>T C OF CHARTIER HOUSTON SCH DIST<br>HOUSTON, PA 15342 | 747 | 09/25/2012 | $0.00<br>$0.00<br>$590.78<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 14 | Chatham County Tax Commissioner<br>P.O. Box 8324<br>Savannah, GA 31412 | 48 | 05/29/2012 | $0.00<br>$0.00<br>$0.00<br>$1,688.99<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 15 | Cheorkee County Tax Commissioner<br>2780 Marietta Hwy<br>Canton, GA 30114 | 1350 | 10/22/2012 | $0.00<br>$0.00<br>$1,676.74<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Real Estate Holdings, LLC | 12-12062 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 16 | Cheorkee County Tax Commissioner<br>2780 Marietta Hwy<br>Canton, GA 30114 | 1356 | 10/22/2012 | $0.00<br>$0.00<br>$1,216.39<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 17 | City and County of Denver / Treasury<br>Attn Karen Katros, Bankruptcy Analyst<br>201 W. Colfax Avenue, Department 1001<br>Denver, CO 80202 | 5962 | 11/28/2012 | $0.00<br>$0.00<br>$15,594.13<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | EPRE LLC | 12-12024 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 18 | City of Alexandria, Virginia<br>Attn Shanta Washington<br>Revenue Division<br>PO Box 178<br>Alexandria, VA 22313 | 1988 | 10/30/2012 | $0.00<br>$0.00<br>$561.35<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 19 | City of Battle Creek<br>P.O. Box 1717<br>Battle Creek, MI 49016-1717 | 1569 | 10/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$4,101.64 Priority<br>$0.00 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 20 | City of Burleson<br>Elizabeth Banda Calvo<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 13430<br>Arlington, TX 76094-0430 | 14 | 05/21/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,429.38 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 21 | City of Cleburne<br>Elizabeth Banda Calvo<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 13430<br>Arlington, TX 76094-0430 | 18 | 05/21/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$809.45 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 22 | City of Edinburg<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 193 | 06/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$594.14 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 23 | City of Garland<br>c/o Gay, McCall, Isaacks, Gordon & Roberts, P.C.<br>1919 S. Shiloh Road, Suite 310, LB40<br>Garland, TX 75042 | 1100 | 10/10/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$591.91 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 24 | City of Joshua<br>Elizabeth Banda Calvo<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>PO Box 13430<br>Arlington, TX 76094-0430 | 16 | 05/21/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$368.18 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 25 | City of Mesquite and Mesquite Independent School District c/o Schuerenberg & Grimes, P.C. Gary Allmon Grimes 120 W. Main Street, Suite 201 Mesquite, TX 75149 | 57 | 06/04/2012 | $0.00 $0.00 $2,349.43 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 26 | City of Mesquite and Mesquite Independent School District Gary Allmon Grimes c/o Schuerenberg & Grimes, P.C. 120 W. Main #201 Mesquite, TX 75149 | 1014 | 10/05/2012 | $0.00 $0.00 $1,665.52 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 27 | City of Mesquite and/or Mesquite Independent School District c/o Schuerenberg & Grimes, P.C. Gary Allmon Grimes 120 W. Main #201 Mesquite, TX 75149 | 1012 | 10/05/2012 | $0.00 $0.00 $1,854.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 28 | CITY OF NEWPORT NEWS PO BOX 975 NEWPORT NEWS, VA 23607 | 1328 | 10/18/2012 | $0.00 $0.00 $3,436.38 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 29 | City of Raleigh City Attorneys Office One Exchange Plaza, Suite 1020 City of Raleigh-Raleigh Raleigh, NC 27601 | 6043 | 11/29/2012 | $0.00 $0.00 $409.69 $0.00 $175.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 30 | CLARK COUNTY TREASURER 1300 FRANKLIN STREET 2ND FLOOR VANCOUVER, WA 98660 | 652 | 09/24/2012 | $0.00 $0.00 $4,068.99 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 31 | CLARKE COUNTY TAX COMMISSIONER<br>PO BOX 1768<br>ATHENS, GA 30603 | 282 | 07/16/2012 | $0.00<br>$0.00<br>$0.00<br>$10,128.97<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 32 | Clay County Tax Collector<br>PO Box 218<br>Green Cove Springs, FL 32043 | 127 | 06/18/2012 | $0.00<br>$0.00<br>$729.12<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 33 | Clay County Tax Collector<br>PO Box 218<br>Green Cove Springs, FL 32043 | 141 | 06/18/2012 | $0.00<br>$0.00<br>$813.28<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 34 | COFFEE COUNTY ENTERPRISE<br>101 S EDWARDS<br>REVENUE COMMISSIONER<br>ENTERPRISE, AL 36330 | 596 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$2,251.09<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 35 | Collingsworth County Appraisal District<br>DLayne Peeples Carter<br>Perdue, Brandon, Fielder, Collins & Mott LLP<br>PO Box 9132<br>Amarillo, TX 79105-9132 | 403 | 08/06/2012 | $0.00<br>$0.00<br>$954.07<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 36 | Coppell ISD<br>Elizabeth Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | 29 | 05/29/2012 | $0.00<br>$0.00<br>$269.50<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 37 | Crowley Independent School District<br>Elizabeth Banda Calvo<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 13430<br>Arlington, TX 76094-0430 | 6 | 05/21/2012 | $0.00<br>$0.00<br>$2,017.59<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 38 | Cumberland County Tax Collector<br>PO Box 449<br>Fayetteville, NC 28302 | 742 | 09/25/2012 | $0.00<br>$0.00<br>$2,278.23<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 39 | Cumberland County Tax Collector<br>PO Box 449<br>Fayetteville, NC 28302 | 743 | 09/25/2012 | $0.00<br>$0.00<br>$755.56<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 40 | Cypress - Fairbanks ISD<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 38 | 05/29/2012 | $0.00<br>$0.00<br>$1,277.35<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Model Home Finance I, LLC | 12-12030 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 41 | DALTON TOWN<br>TAX COLLECTOR OF DALTON TOWN<br>756 DALTON RD<br>DALTON, NH 03598-5730 | 1407 | 10/19/2012 | $0.00<br>$0.00<br>$11,967.28<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 42 | DEFIANCE COUNTY<br>Defiance County Treasurer, Vickie Myers<br>501 Second Street, Suite 101<br>Defiance , OH 43512 | 1395 | 10/18/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 43 | Denton Independence School District<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr.<br>Denton, TX 76210 | 469 | 09/12/2012 | $0.00<br>$0.00<br>$15,187.36<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 44 | Denton Independent School District<br>Sawko & Burroughs, P.C.<br>1172 Bent Oaks Dr.<br>Denton, TX 76210 | 431 | 08/20/2012 | $0.00<br>$0.00<br>$15,187.36<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 45 | Dodge County, State of Wisconsin<br>c/o Tom Luz, Esq.<br>370 Lexington Avenue, 24th Fl<br>New York, NY 10017 | 239 | 06/29/2012 | $0.00<br>$0.00<br>$3,048.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 46 | Don Armstrong, Property Tax Commissioner<br>Shelby County Property Tax Commission<br>PO Box 1298<br>Columbiana, AL 35051 | 348 | 07/30/2012 | $0.00<br>$0.00<br>$0.00<br>$1,072.44<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 47 | Don Armstrong, Property Tax Commissioner<br>Shelby County Property Tax Commission<br>PO Box 1298<br>Columbiana, AL 35051 | 346 | 07/30/2012 | $0.00<br>$0.00<br>$0.00<br>$996.84<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 48 | Douglas County Tax Commissioner<br>P.O. Box 1177<br>Douglasville, GA 30133 | 413 | 08/07/2012 | $0.00<br>$0.00<br>$0.00<br>$1,249.95<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 49 | Douglas County Tax Commissioner<br>P.O. Box 1177<br>Douglasville, GA 30133 | 411 | 08/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$275.92 Priority<br>$0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 50 | Edinburg CISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 199 | 06/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,160.02 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 51 | EL PASO CO WID NO. 1<br>DAVID G. AELVOET<br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>711 NAVARRO STE 300<br>SAN ANTONIO, TX 78205 | 177 | 06/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 52 | ELMORE COUNTY<br>150 S 4E STE 4<br>ELMORE COUNTY TREASURER<br>MOUNTAIN HOME, ID 83647 | 2455 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 53 | FAYETTE COUNTY<br>TAX COMMISSIONER<br>PO BOX 70<br>140 W STONEWALL AVE 110<br>FAYETTEVILLE, GA 30214 | 556 | 09/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$13,429.38 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 54 | Fresno County Tax Collector<br>PO Box 1192<br>Fresno, CA 93715 | 2740 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$568.67 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | RAHI Real Estate Holdings, LLC | 12-12050 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 55 | Fresno County Tax Collector<br>PO Box 1192<br>Fresno, CA 93715 | 2746 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$250.72 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | PATI Real Estate Holdings, LLC | 12-12047 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 56 | Frisco ISD Tax Assessor/Collector<br>c/o Gay McCall Isaacks et al<br>777 East 15th Street<br>Plano, TX 75074 | 1959 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$5,517.52 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 57 | GADSEN COUNTY<br>16 S CALHOUN ST<br>PO BOX 817<br>QUINCY, FL 32351 | 863 | 09/28/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$3,419.21 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 58 | Garland Independent School District<br>c/o Gay, McCall, Isaacks, Gordon & Roberts, P.C.<br>1919 S. Shiloh Road, Suite 310, LB40<br>Garland, TX 75042 | 1101 | 10/10/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,691.33 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 59 | Garland Independent School District<br>c/o Gay, McCall, Isaacks, Gordon & Roberts, P.C.<br>1919 S. Shiloh Road, Suite 310, LB40<br>Garland, TX 75042 | 1097 | 10/10/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$967.30 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 60 | Greene County Collector of Revenue<br>Collector of Revenue<br>940 N. Boonville Ave.<br>Springfield, MO 65802 | 149 | 06/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,330.89 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 61 | Guildford County Tax Department<br>PO Box 3328<br>Greensboro, NC 27402 | 571 | 09/20/2012 | $0.00<br>$0.00<br>$5,256.97<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 62 | HARNETT COUNTY<br>TAX COLLECTOR<br>COUNTY COURTHOUSE<br>PO BOX 250<br>LILLINGTON, NC 27546 | 4488 | 11/13/2012 | $0.00<br>$0.00<br>$1,267.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 63 | Harris County, et al<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 31 | 05/29/2012 | $0.00<br>$0.00<br>$1,630.55<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | RAHI Real Estate Holdings, LLC | 12-12050 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 64 | Harry E Hagen Treasurer-Tax Collector<br>PO Box 579<br>Santa Barbara, CA 93102 | 5964 | 11/28/2012 | $0.00<br>$0.00<br>$0.00<br>$3,305.27<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 65 | Harry E Hagen Treasurer-Tax Collector<br>PO Box 579<br>Santa Barbara, CA 93102 | 5965 | 11/28/2012 | $0.00<br>$0.00<br>$0.00<br>$1,079.96<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 66 | Hays CISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5923 | 11/23/2012 | $0.00<br>$0.00<br>$3,393.73<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 67 | Hays CISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 186 | 06/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,348.64 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 68 | Hill County Appraisal District, Collecting Property Taxes for Malone Independent School District<br>Lee Gordon<br>McCreary, Veselka, Bragg & Allen, P.C.<br>PO Box 1269<br>Round Rock , TX 78680-1269 | 2027 | 11/01/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$257.10 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 69 | HOT SPRINGS COUNTY<br>415 ARAPAHOE ST<br>MICKEY JEAN FORD TREASURER<br>THERMOPOLIS, WY 82443 | 548 | 09/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,728.88 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 70 | Howard County<br>Assessors Office<br>220 N Main St Rm 226<br>Kokomo, IN 46901 | 1286 | 10/15/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$168.83 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 71 | IREDELL COUNTY TAX COLLECTOR<br>PO BOX 1027<br>TAX COLLECTOR<br>STATESVILLE, NC 28687 | 641 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$702.16 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Asset Securities Corporation | 12-12054 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 72 | Iredell County Tax Collector<br>Tax Collector<br>PO BOX 1027<br>Statesville, NC 28687 | 640 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,891.89 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 73 | J. Dennis Semler Tulsa County Treasurer<br>500 S Denver<br>Tulsa, OK 74103 | 208 | 06/25/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$820.77 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 74 | Jack Tedder<br>Taylor County<br>PO Box 30<br>Perry, FL 32348 | 612 | 09/20/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 75 | JACKSON COUNTY<br>TAX COLLECTOR<br>2915 CANTY ST - SUITE B<br>PASCAGOULA, MS 39567 | 5887 | 11/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$3,045.82 Priority<br>$0.00 General Unsecured | RAHI Real Estate Holdings, LLC | 12-12050 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 76 | Jackson County Director of Collections<br>Attn Bankruptcy<br>Jackson County - Collection Department<br>415 E. 12th St. Room 100<br>Kansas City, MO 64106 | 343 | 07/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,099.91 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 77 | Jasper County<br>John P. Dillman<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 3064<br>Houston, TX 77253-3064 | 471 | 09/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$918.72 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 78 | JOHNSTON TOWN<br>JOHNSTON TOWN- TAX COLLECTOR<br>1385 HARTFORD AVE<br>JOHNSTON, RI 02919 | 1266 | 10/15/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$7,690.34 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 79 | KALAMAZOO COUNTY TREASURER<br>201 W KALAMAZOO AVE<br>KALAMAZOO, MI 49007 | 142 | 06/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,749.90 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 80 | Ken Burton, Jr., Manatee County Tax Collector<br>Susan D. Profant, CFCA, CLA, FRP, Paralegal<br>4333 US 301 North<br>Ellenton, FL 34222 | 128 | 06/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,691.93 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 81 | Ken Burton, Jr., Manatee County Tax Collector<br>Susan D. Profant, CFCA, CLA, FRP, Paralegal<br>4333 US 301 North<br>Ellenton, FL 34222 | 129 | 06/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$898.74 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 82 | Ken Burton, Jr., Manatee County Tax Collector<br>Susan D. Profant, CFCA, CLA, FRP, Paralegal<br>4333 US 301 North<br>Ellenton, FL 34222 | 130 | 06/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,740.24 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 83 | KNOX COUNTY TRUSTEE<br>C/O CHADWICK B. TINDELL<br>400 MAIN ST RM 418<br>TRUSTEE KNOX COUNTY<br>KNOXVILLE, TN 37902 | 951 | 10/04/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$504.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 84 | Kristen M. Scalise, Summit County Fiscal Officer<br>Regina M. VanVorous, Assistant Prosecuting Attorney<br>53 University Avenue, 7th Floor<br>Akron, OH 44308 | 5278 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$7,106.22 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 85 | Lake County Tax Collector<br>Attn Bankruptcy<br>P.O. Box 327<br>Tavares, FL 32778 | 5945 | 11/27/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 86 | LAKE COUNTY TREASURER<br>2293 N MAIN ST<br>CROWN POINT, IN 46307 | 842 | 09/28/2012 | $0.00<br>$0.00<br>$1,053.55<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 87 | LAKE COUNTY TREASURER<br>2293 N MAIN ST<br>CROWN POINT, IN 46307 | 843 | 09/28/2012 | $0.00<br>$0.00<br>$3,100.91<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 88 | Liberty County Tax Commissioner<br>100 Main Street, Suite 1545<br>Hinesville, GA 31313 | 5359 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$490.85<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 89 | Lien Solutions, LLC<br>Albrektson & Wakild, LLC<br>PO Box 648<br>Crestwood, KY 40014 | 1062 | 10/09/2012 | $0.00<br>$0.00<br>$1,773.73<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 90 | Live Oak CAD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 198 | 06/29/2012 | $0.00<br>$0.00<br>$1,207.32<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 91 | Macon-Bibb County Tax Commissioner c/o Blake Edwin Lisenby, Esq. Sell & Melton, LLP P.O. Box 229 Macon, GA 31202-0229 | 1213 | 10/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $1,703.64 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 92 | MADISON CITY MADISON CITY TREASURER PO BOX 2999 210 MLK BLVD. RM 107 MADISON, WI 53703 | 4474 | 11/13/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $1,687.34 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 93 | MADISON COUNTY TAX COLLECTOR LYNDA HALL TAX COLLECTOR MADISON COUNTY COURTHOUSE HUNTSVILLE, AL 35801-4820 | 1889 | 10/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $3,272.74 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 94 | Maricopa County Treasurer Lori A. Lewis Maricopa County Attorneys Office 222 N. Central Avenue, Suite 1100 Phoenix, AZ 85004 | 97 | 06/18/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $9,372.03 Secured $0.00 Priority $0.00 General Unsecured | ditech, LLC | 12-12021 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 95 | Maricopa County Treasurer Lori A. Lewis Maricopa County Attorneys Office 222 N. Central Avenue, Suite 1100 Phoenix, AZ 85004 | 108 | 06/18/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $946.82 Secured $0.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 96 | MARTIN COUNTY TAX COLLECTOR 3485 SE WILLOUGHBY BLVD STUART, FL 34994 | 125 | 06/04/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $5,580.11 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 97 | Mecklenburg County Tax Office<br>PO Box 71063<br>Charlotte, NC 28272 | 366 | 08/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$757.23 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 98 | Mecklenburg County Tax Office<br>PO Box 71063<br>Charlotte, NC 28272 | 372 | 08/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$7,320.03 Priority<br>$20,893.31 General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 99 | Metropolitan Trustee of Metropolitan Government of Nashville & Davidson County<br>Metropolitan Department of Law<br>PO Box 196300<br>Nashville, TN 37219-6300 | 225 | 07/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$834.33 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 100 | MONTGOMERY COUNTY<br>100 E MAIN ST RM 101<br>MONTGOMERY COUNTY TREASURER<br>CRAWFORDSVILLE, IN 47933 | 3916 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$848.35 Priority<br>$0.00 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 101 | NEW HANOVER COUNTY<br>230 MARKETPLACE190 POB18000 ZP28406<br>TAX COLLECTOR<br>WILMINGTON, NC 28403-1696 | 626 | 09/21/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,537.84 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 102 | Palm Beach County Tax Collector<br>Anne M. Gannon, Constitutional Tax Collector<br>Serving Palm Beach County<br>PO Box 3715<br>West Palm Beach, FL 33402-3715 | 23 | 05/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 103 | Palm Beach County Tax Collector<br>Anne M. Gannon, Constitutional Tax Collector<br>Serving Palm Beach County<br>PO Box 3715<br>West Palm Beach, FL 33402-3715 | 25 | 05/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 104 | Park County Treasurer<br>PO Box 638<br>Fairplay, CO 80440 | 947 | 10/04/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$734.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 105 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 226 | 07/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 106 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 227 | 07/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,237.35 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 107 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 235 | 07/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 108 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 229 | 07/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,700.11 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 109 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 230 | 07/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 110 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 231 | 07/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 111 | Pierce County Budget & Finance<br>615 South 9th St, Ste 100<br>Tacoma, WA 98405 | 232 | 07/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,272.84 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 112 | PINAL COUNTY TREASURER<br>DOLORES J DOOLITTLE<br>PO BOX 729<br>FLORENCE, AZ 85132-3014 | 131 | 06/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,470.65 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 113 | Placer County Tax Collector<br>Placer County Tax Collectors Office<br>2976 Richardson Dr<br>Auburn, CA 95603 | 5776 | 11/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$176.84 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 114 | PLEASANTON ISD<br>DAVID G. AELVOET<br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>711 NAVARRO STE 300<br>SAN ANTONIO, TX 78205 | 173 | 06/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 115 | PLEASANTON ISD<br>DAVID G. AELVOET<br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>711 NAVARRO STE 300<br>SAN ANTONIO, TX 78205 | 5775 | 11/19/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$910.22 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 116 | PORTER COUNTY<br>155 INDIANA AVE STE 209<br>VALPARAISO, IN 46383 | 678 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,839.64 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 117 | Prince Georges County, Maryland<br>c/o Meyers, Rodbell & Rosenbaum, P.A.<br>6801 Kenilworth Avenue, Suite 400<br>Riverdale, MD 20737-1385 | 2164 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$352.87 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 118 | Richardson Independent School District<br>Elizabeth Banda Calvo<br>Perdue, Brandon, Fielder, Collins & Mott, L.L.P.<br>P.O. Box 13430<br>Arlington, TX 76094-0430 | 4 | 05/21/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,204.11 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 119 | RIVERSIDE COUNTY TAX COLLECTOR<br>Attn Sheree Raphael<br>4080 LEMON ST<br>RIVERSIDE, CA 92501 | 5909 | 11/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | PATI Real Estate Holdings, LLC | 12-12047 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 120 | RIVERSIDE COUNTY TAX COLLECTOR<br>Attn Sheree Raphael<br>4080 LEMON ST<br>RIVERSIDE, CA 92501 | 5911 | 11/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>UNLIQUIDATED Secured<br>$0.00 Priority<br>$0.00 General Unsecured | RAHI Real Estate Holdings, LLC | 12-12050 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 121 | SAN JUAN COUNTY<br>PO BOX 880<br>100 S OLIVER STE 300<br>AZTEC, NM 87410 | 868 | 09/28/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$4,944.91 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Equity Investment I, LLC | 12-12025 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 122 | San Marcos CISD<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5919 | 11/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$931.43 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 123 | San Mateo County Tax Collector<br>555 County Center, 1st Floor<br>Redwood City, CA 94063-0966 | 2162 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$4,257.22 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 124 | SCOTT COUNTY TREASURER<br>600 W 4TH ST<br>DAVENPORT, IA 52801 | 924 | 10/02/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,110.30 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 125 | Sebastian County Tax Collector<br>P O Box 1358<br>Fort Smith, AR 72902 | 662 | 09/24/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$158.73 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 126 | Seminole County Tax Collector<br>Ray Valdes<br>1101 East First Street<br>PO Box 630<br>Sanford, FL 32772 | 152 | 06/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,457.62 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 127 | Seminole County Tax Collector<br>Ray Valdes<br>1101 East First Street<br>PO Box 630<br>Sanford, FL 32772 | 156 | 06/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,539.70 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 128 | Seminole County Tax Collector<br>Ray Valdes<br>1101 East First Street<br>PO Box 630<br>Sanford, FL 32772 | 163 | 06/22/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$5,452.46 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 129 | Shabbir A. Khan, San Joaquin County Tax Collector<br>P.O. Box 2169<br>Stockton, CA 95201-2169 | 2246 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$529.25 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | RAHI Real Estate Holdings, LLC | 12-12050 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 130 | Sharon Troglin, Tax Commissioner<br>Pickens County Tax Office<br>1266 East Church Street Suite 113<br>Jasper, GA 30143 | 6004 | 11/26/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$1,295.12 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 131 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 323 | 07/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$6,170.30 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 132 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 330 | 07/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$2,254.31 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 133 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 321 | 07/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$738.83 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 134 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 322 | 07/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$3,278.88 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 135 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 325 | 07/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,650.17 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 136 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 326 | 07/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,939.81 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 137 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 327 | 07/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$1,536.71 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 138 | Shelby County Trustee<br>P.O. Box 2751<br>Memphis, TN 38101-2751 | 328 | 07/23/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$365.82 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | PATI Real Estate Holdings, LLC | 12-12047 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 139 | Spring Meadows Municipal Utility District<br>Young & Brooks, Attorneys<br>10000 Memorial Drive Suite 260<br>Houston , TX 77024 | 953 | 10/04/2012 | $0.00<br>$0.00<br>$1,580.60<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 140 | ST LUCIE COUNTY<br>2300 VIRGINIA AVE<br>FORT PIERCE, FL 34982 | 5903 | 11/26/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Equity Investment I, LLC | 12-12025 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 141 | ST LUCIE COUNTY<br>ST LUCIE COUNTY TAX COLLECTOR<br>2300 VIRGINIA AVE<br>FORT PIERCE, FL 34982 | 5907 | 11/26/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Equity Investment I, LLC | 12-12025 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 142 | ST LUCIE COUNTY TAX COLLECTOR<br>2300 VIRGINIA AVE<br>FT PIERCE, FL 34982 | 5906 | 11/26/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 143 | St. Louis County Collector of Revenue<br>41 S Central Ave<br>Clayton, MO 63105 | 135 | 06/18/2012 | $0.00<br>$0.00<br>$2,505.67<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 144 | Starr County<br>Diane W. Sanders<br>Linebarger Goggan Blair & Sampson, LLP<br>P.O. Box 17428<br>Austin, TX 78760-7428 | 5916 | 11/23/2012 | $0.00<br>$0.00<br>$91.55<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

THIRTEENTH OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 145 | Tax Auth. for Washington Co., Maryland MD/Treasurers Office 35 W. Washington St., Suite 102 Hagerstown, MD 21740 | 104 | 06/15/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $1,054.10 Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 146 | The County of Brazos, Texas, Collecting Property Taxes for Itself and for The City of Bryan, Texas and Bryan Independent Scho Lee Gordon McCreary, Veselka, Bragg & Allen, P.C. PO Box 1269 Round Rock, TX 78680-1269 | 2039 | 11/01/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $2,521.87 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Unpaid taxes cited within the Proof of Claim were for a period of time after the loan paid off or after the Real Estate Owned (REO) was sold. |
| 147 | TIFT COUNTY TAX COMMISSIONER PO BOX 930 COUNTY COURTHOUSE TIFTON, GA 31793-0930 | 497 | 09/17/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $1,475.04 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtor was not a property owner. Debtors acted as the servicer of the underlying mortgage loan during the relevant period of time, and therefore is not liable for the unpaid taxes. |
| 148 | TOOLE COUNTY COUNTY COURTHOUSE 226 1ST ST S TOOLE COUNTY TREASURER SHELBY, MT 59474 | 480 | 09/14/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $3,866.67 Priority $0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 149 | Town of Boothbay Harbor 11 Howard St Boothbay Harbor, ME 04538 | 1010 | 10/05/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $4,114.78 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |
| 150 | Town of Braintree John D. Finnegan, Esq. (BBO#646824) Tarlow, Breed, Hart & Rodgers, P.C. 101 Huntington Ave., Suite 500 Boston, MA 02199 | 1878 | 10/29/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $32.31 Secured $0.00 Priority $192.00 General Unsecured | Residential Capital, LLC | 12-12020 | Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan. |