**Hearing Date and Time:  August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
-------------------------------------------------------------

**NOTICE OF DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(NO LIABILITY– INSUFFICIENT DOCUMENTATION TAX CLAIMS)**</u>

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Fifteenth Omnibus Objection to Claims (No Liability – Insufficient Documentation Tax*

*Claims)* (the "<u>Omnibus Objection</u>"), which seeks to alter your rights by either

disallowing, modifying and/or reducing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: July 3, 2013
       New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
-------------------------------------------------------------

**DEBTORS' FIFTEENTH OMNIBUS OBJECTION**
**TO CLAIMS (NO LIABILITY– INSUFFICIENT DOCUMENTATION TAX CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

### RELIEF REQUESTED

1.      The Debtors file this fifteenth omnibus objection to claims (the "Fifteenth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 1, to disallow and expunge the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Fifteenth Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Fifteenth Omnibus Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

2.      The Debtors examined the proofs of claim identified on Exhibit A to the Proposed Order filed by certain taxing authorities (collectively, the "Taxing Authorities"), and determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "No Liability Tax Claims") violate the Bar Date Order (defined below), as they were submitted without sufficient alleged facts or documentation to support

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

either the validity or amount of these alleged claims.  Further, the No Liability Tax Claims were

submitted without any or adequate supporting documentation to allow the Debtors to determine

whether they have any liability for these claims, or an explanation as to why such documentation

was unavailable.  Therefore, the No Liability Tax Claims do not constitute valid *prima facie*

claims, and accordingly, the Debtors seek entry of the Proposed Order disallowing and

expunging the No Liability Tax Claims in their entirety from the claims register.

3.    The Debtors expressly reserve all rights to object on any other basis to any

No Liability Tax Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

5.    On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b).

6.    On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

7.    On June 20, 2012, the Court directed that an examiner be appointed, and

on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

8.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain an official claims register for each of the Debtors.

9.      On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").   The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").   (Bar Date Order ¶¶ 2, 3).   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

10.      The Bar Date Order requires, among other things, that "each proof of claim must: . . . (ii) include supporting documentation . . . or an explanation as to why documentation is not available . . . ."  (Bar Date Order ¶ 5(e)).  Furthermore, the Bar Date Order provides that "any holder of a claim against one or more of the Debtors who is required, but fails, to timely file a proof of such claim in appropriate form in accordance with the terms of this [Bar Date] Order shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) . . . ."  (Id. ¶ 11).  A copy of the Bar Date Order was made publicly available at http://www.kccllc.net/rescap.

11.      On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.

   12. To date, approximately 6,860 proofs of claim have been filed in these

Chapter 11 Cases as reflected on the Debtors' claims register.

## THE NO LIABILITY TAX CLAIMS SHOULD BE
## DISALLOWED AND EXPUNGED

   13. A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to

the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law." 11 U.S.C. 502(b)(1).

   14. A proof of claim will lose its *prima facie* validity if the claimant fails to

attach the documentation required by Bankruptcy Rule 3001. In re Lundberg, No. 02-34542

(LMW), 2008 WL 4829846, at *2 (Bankr. D. Conn. 2008) ("If the claimant fails to allege facts

in the proof of claim that are sufficient to support the claim, *e.g.*, by failing to attach sufficient

documentation to comply with Fed. R. Bankr. P. 3001(c), the claim is . . . deprived of any prima

facie validity which it could otherwise have obtained."). The burden of persuasion is on the

holders of such proofs of claim to establish a valid claim against a debtor. In re Allegheny Int'l,

Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re Feinberg),

442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of

persuasion as to the allowance of [its] claim."). If a claim fails to comply with each of the

4

requirements pursuant to the Bankruptcy Rules, it is not entitled to *prima facie* validity under

Bankruptcy Rule 3001.  Ashford v.  Consolidated Pioneer Mortg. (In re Consolidated Pioneer

Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996).  Courts in

the Second Circuit have decided that claims can be disallowed for failure to include adequate

documentation supporting the validity of the claim.  See In re Minbatiwalla, 424 B.R. 104, 119

(Bankr. S.D.N.Y. 2010) (J. Glenn) (determining that "in certain circumstances, claims can be

disallowed for failure to support the claim with sufficient evidence, even if [it] is not a

specifically enumerated reason for disallowance under 11 U.S.C. § 502(b), because absent

adequate documentation, the proof of claim is not sufficient for the objector to concede the

validity of a claim."); see also In re Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to

analysis).

15.     Claimants were specifically provided notice of the requirements for proofs

of claim, as set forth in the Bar Date Order, which included instructions on how to complete

proof of claim forms and a warning that failure to comply with those instructions would result in

claims being barred.  (Bar Date Order ¶ 11).  Nevertheless, the Taxing Authorities filed the No

Liability Claims and failed to attach any or adequate supporting documentation to demonstrate

the validity of these claims.  (See Horst Declaration ¶ 4).  The Taxing Authorities also did not

include an explanation as to why such documentation is unavailable.  Id.  The Debtors diligently

evaluated any information provided by the Taxing Authorities in their proofs of claim, and

proceeded to contact each of the Taxing Authorities and request that they provide additional

property and tax-related information so that the Debtors could reconcile the filed claims with

their books and records.  Id.  Despite the Debtors' efforts, Taxing Authorities failed to either

respond to the Debtors' requests or to provide the additional information needed by the Debtors

to perform their diligence of these claims.  Id.

16.     The Taxing Authorities asserting the No Liability Tax Claims failed to allege facts sufficient and/or attach adequate documentation sufficient for the Debtors to determine the validity or appropriate amount of their claims.   The No Liability Tax Claims contain insufficient factual support on which this Court could reasonably rely to accept such proofs of claim as *prima facie* valid.   In addition, the No Liability Tax Claims fail to comply with the Bar Date Order's specific requirements that claims include supporting documentation or an explanation for the lack of such documentation.   Furthermore, by comparing the information contained on the No Liability Tax Claims with the Debtors' books and records, the Debtors confirmed that the Debtors' schedules do not reflect claims or amounts for claimants holding No Liability Tax Claims.   (<u>See</u> Horst Declaration ¶ 3).   Because the No Liability Tax Claims are not sufficiently substantiated, no *prima facie* validity attaches to such claims.   See <u>Minbatiwalla</u>, 424 B.R. at 119.

17.     To avoid the possibility that the Taxing Authorities receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Tax Claims.   The Debtors reserve the right to object on any other basis to any No Liability Tax Claim as to which the Court does not grant the relief requested herein.

## NOTICE

18.     The Debtors have served notice of this Fifteenth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.   The Debtors submit that no other or further notice need be provided.

6

**NO PRIOR REQUEST**

19.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  July 3, 2013
        New York, New York

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

----------------------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**FIFTEENTH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY – BOOKS AND RECORDS TAX CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap for eleven years, the last year in my current position.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1095804

the *Debtors' Fifteenth Omnibus Objection to Claims (No Liability – Insufficient Documentation Tax Claims)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]      Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1095804

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  In these instances, the No Liability Tax Claims failed to attach any or adequate supporting documentation sufficient to allow the Debtors to determine (i) whether they have any liability for these claims, (ii) the validity of these claims, and/or (iii) the appropriate amount of these claims.  Further, the Taxing Authorities who filed the No Liability Tax Claims failed to include an explanation as to why such documentation is unavailable. Specifically, the Debtors diligently evaluated any information provided by the Taxing Authorities in the proofs of claim, and proceeded to contact the respective Taxing Authorities to request additional property and tax-related information in an attempt to reconcile the filed claims with their books and records.  In some cases, certain Taxing Authorities responded to the Debtors' inquiries; however, in these cases, the response yielded inadequate or no additional information evidencing the validity of these claims.  Thus, despite the Debtors' efforts, the Taxing Authorities either failed to either respond altogether, or their response was inadequate and failed to provide any additional information needed by the Debtors to properly diligence and assess these claims.  If the No Liability Tax Claims are not disallowed and expunged, then the Taxing Authorities asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other claimants.

5.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I believe that each No Liability Tax Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

3

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 3, 2013

_/s/ Deanna Horst_____
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

4

## **Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,            )    Chapter 11
                                                    )
                                     Debtors.       )    Jointly Administered
                                                    )
---------------------------------------------------------------

## ORDER GRANTING DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY – INSUFFICIENT DOCUMENTATION TAX CLAIMS)

Upon the fifteenth omnibus claims objection, dated July 3, 2013 (the "<u>Fifteenth Omnibus Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the No Liability Tax Claims on the grounds that each No Liability Tax Claim represents a tax obligation for which the Debtors have no liability, all as more fully described in the Fifteenth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifteenth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Fifteenth Omnibus Claims Objection having been provided, and it

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Fifteenth Omnibus Claims Objection.

appearing that no other or further notice need be provided; and upon consideration of the Fifteenth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Fifteenth Omnibus Objection to Claims (No Liability – Insufficient Documentation Tax Claims), annexed to the Objection as Exhibit 1; and the Court having found and determined that the relief sought in the Fifteenth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Fifteenth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Fifteenth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that each No Liability Tax Claim listed on Exhibit A annexed hereto is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the No Liability Tax Claims identified on the schedule annexed as Exhibit A hereto pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifteenth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and all party in interest's rights to object on any basis are expressly reserved with respect to any such claim that is not listed on Exhibit A annexed hereto, and any claim that is listed on Exhibit A to the extent this Court grants any claimant leave to amend its No Liability Tax Claim under section 502(d) of the Bankruptcy Code; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Tax Claims identified on Exhibit A, annexed hereto, as if each such No Liability Tax Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
        New York, New York


                                    _____
                                    THE HONORABLE MARTIN GLENN
                                    UNITED STATES BANKRUPTCY JUDGE

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Anne Arundel County, Maryland<br>County Finance Office<br>PO Box 2700, MS 1103<br>Annapolis, MD 21404 | 2123 | 11/02/2012 | $0.00<br>$0.00<br>$4,204.28<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | BRUNSWICK COUNTY<br>75 STAMP ACT DRIVE PO BOX 29<br>TAX COLLECTOR<br>BOLIVIA, NC 28422 | 1055 | 10/09/2012 | $0.00<br>$0.00<br>$692.24<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | City of Mesquite and Mesquite Independent School District<br>c/o Schuerenberg & Grimes, P.C.<br>Gary Allmon Grimes<br>120 W. Main Street, Suite 201<br>Mesquite, TX 75149 | 59 | 06/04/2012 | $0.00<br>$0.00<br>$2,780.10<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | CITY OF PARKERSBURG<br>ATTN DARCI DYKE<br>1 GOVERNMENT SQUARE<br>PARKERSBURG, WV 26101-5347 | 849 | 09/28/2012 | $0.00<br>$0.00<br>$0.00<br>$779.81<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 5 | COLUMBIA COUNTY<br>PO BOX 98<br>COLLECTOR<br>MAGNOLIA, AR 71754 | 637 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$779.17<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | Crenshaw County<br>Sherry McSwean<br>Crenshaw County Revenue Commissioner<br>PO Box 208<br>Luverne, AL 36049 | 639 | 09/21/2012 | $0.00<br>$0.00<br>$285.52<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | DUNBARTON TOWN<br>1011 SCHOOL ST<br>DUNBARTON TOWN<br>GOFFSTOWN, NH 03046-4816 | 1545 | 10/23/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 8 | Frank D. Hodges, Tuolumne County Treasurer-Tax Collector<br>PO Box 3248<br>Sonora, CA | 760 | 09/26/2012 | $0.00<br>$0.00<br>$672.49<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 9 | Fresno County Tax Collector<br>PO Box 1192<br>Fresno, CA 93715 | 2750 | 11/09/2012 | $0.00<br>$0.00<br>$1,389.15<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 10 | Frisco ISD Tax Assessor/Collector<br>c/o Gay McCall Isaacks et al<br>777 East 15th Street<br>Plano, TX 75074 | 1874 | 10/29/2012 | $0.00<br>$0.00<br>$4,824.12<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | HILLVIEW CITY<br>CITY OF HILLVIEW<br>283 CRESTWOOD LN<br>LOUISVILLE, KY 40229-3210 | 651 | 09/24/2012 | $0.00<br>$0.00<br>$0.00<br>$73.71<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 12 | Kathryn J. Hill, Desoto County Tax Collector<br>Kathryn J. Hill, CFC<br>PO Box 729<br>Arcadia, FL 34265 | 145 | 06/21/2012 | $0.00<br>$0.00<br>$766.71<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 13 | KNOX COUNTY<br>111 N 7TH ST<br>TREASURER KNOX COUNTY<br>VINCENNES, IN 47591 | 1271 | 10/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,323.29 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 14 | LAUREL PARK TOWN<br>441 WHITE PINE DR<br>TOWN OF LAUREL PARK<br>LAUREL PARK, NC 28739 | 4547 | 11/13/2012 | $0.00<br>$0.00<br>$2,890.08<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 15 | LAWRENCE COUNTY CLERK AND MASTER<br>240 W GAINES ST NBU 13<br>LAWRENCEBURG, TN 38464 | 1873 | 10/29/2012 | $0.00<br>$0.00<br>$0.00<br>$764.50<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | Lewisville Independent School District c/o Andrea Sheehan Law Offices of Robert E. Luna, P.C. 4411 North Central Expressway Dallas, TX 75205 | 1334 | 10/24/2012 | $0.00 $0.00 $41,498.22 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 17 | Los Angeles County Treasurer and Tax Collector PO Box 54110 Los Angeles, CA 90054-0110 | 109 | 06/19/2012 | $0.00 $0.00 $389,702.37 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 18 | Los Angeles County Treasurer and Tax Collector PO Box 54110 Los Angeles, CA 90054-0110 | 110 | 06/19/2012 | $0.00 $0.00 $63,244.57 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 19 | LYMAN COUNTY LYMAN COUNTY TREASURER PO BOX 37 KENNEBEC, SD 57544 | 728 | 09/25/2012 | $0.00 $0.00 $960.01 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 20 | MARENGO COUNTY 101 E COATS AVE BOX 480578 LINDEN, AL 36748 | 699 | 09/24/2012 | $0.00 $0.00 $568.05 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 21 | Maricopa County Treasurer<br>Lori A. Lewis<br>Maricopa County Attorneys Office<br>222 N. Central Avenue, Suite 1100<br>Phoenix, AZ 85004 | 107 | 06/18/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$562.04 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 22 | MENDOCINO COUNTY<br>MENDOCINO COUNTY TAX COLLECTOR<br>501 LOWGAP RD ROOM 1060<br>UKIAH, CA 95482 | 1013 | 10/05/2012 | $0.00<br>$0.00<br>$572.11<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 23 | Nassau County Treasurer<br>Attn Patrick R. Gallagher<br>c/o County Attorney<br>One West St<br>Mineola, NY 11501-4813 | 6780 | 03/06/2013 | $0.00<br>$0.00<br>$47,680.29<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 24 | ORANGEBURG COUNTY MOBILE HOMES<br>TAX COLLECTOR<br>1437 AMELIA ST PO BOX 9000<br>ORANGEBURG, SC 29115 | 1451 | 10/22/2012 | $0.00<br>$0.00<br>$179.01<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 25 | Perry Village Co T Perry<br>c/o David M. Dimatteo, Esq<br>PO Box 190<br>Warsaw, NY 14569 | 1721 | 10/26/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 26 | Perry Village TN Castile<br>c/o David M. Dimatteo, Esq<br>PO Box 190<br>Warsaw, NY 14569 | 1722 | 10/26/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 27 | Perry Village TN Perry<br>c/o David M. DiMatteo, Esq<br>87 North Main Street<br>PO Box 190<br>Warsaw, NY 14569 | 1723 | 10/26/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 28 | Polk County Tax Collector<br>Joe G. Tedder, CFC<br>PO Box 2016<br>Bartow, FL 33831-2016 | 5940 | 11/27/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 29 | RUMFORD TOWN<br>145 CONGRESS ST TAX OFFICE<br>TOWN OF RUMFORD<br>RUMFORD, ME 04276 | 1387 | 10/19/2012 | $0.00<br>$0.00<br>$0.00<br>$2,283.22<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 30 | SALINE COUNTY<br>10 E POPLAR ST<br>SALINE COUNTY TREASURER<br>HARRISBURG, IL 62946 | 1106 | 10/11/2012 | $0.00<br>$0.00<br>$0.00<br>$10,857.78<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 31 | SAN BENITO COUNTY TAX COLLECTOR 440 5TH STREET COURTHOUSE ROOM 107 HOLLISTER, CA 95023-3894 | 4456 | 11/13/2012 | $0.00 $0.00 $578.56 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 32 | SAN BENITO COUNTY TAX COLLECTOR 440 5TH STREET COURTHOUSE ROOM 107 HOLLISTER, CA 95023-3894 | 4458 | 11/13/2012 | $0.00 $0.00 $3,664.46 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 33 | SEMINOLE COUNTY TAX COMMISSIONER 200 S KNOX AVE COURTHOUSE DONALSONVILLE, GA 39845 | 1367 | 10/17/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 34 | SEMINOLE COUNTY TAX COMMISSIONER 200 S KNOX AVE COURTHOUSE DONALSONVILLE, GA 39845-1593 | 1365 | 10/17/2012 | $0.00 $0.00 $0.00 UNLIQUIDATED $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 35 | Spring Independent School District Yolanda M. Humphrey Perdue, Brandon, Fielder, Collins & Mott, L.L.P. 1235 North Loop West Suite 600 Houston, TX 77008 | 6260 | 11/30/2012 | $0.00 $0.00 $956.88 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 36 | Spring Meadows Municipal Utility District<br>Young & Brooks, Attorneys<br>10000 Memorial Drive Suite 260<br>Houston , TX 77024 | 954 | 10/04/2012 | $0.00<br>$0.00<br>$1,388.46<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 37 | ST CROIX COUNTY TREASURER<br>1101 CARMICHAEL RD<br>HUDSON, WI 54016 | 100 | 06/14/2012 | $0.00<br>$0.00<br>$248.07<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 38 | State Board of Equalization<br>Special Operations Branch, MIC 55<br>P.O. Box 942879<br>Sacramento, CA 94279-0055 | 1575 | 10/23/2012 | $0.00<br>$0.00<br>$0.00<br>$1,939.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 39 | STONE HARBOR BORO<br>9508 2ND AVE<br>STONE HARBOR BORO COLLECTOR<br>STONE HARBOR, NJ 08247 | 6009 | 11/29/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 40 | Tarrant County<br>Elizabeth Weller<br>Linebarger Goggan Blair & Sampson, LLP<br>2323 Bryan Street, Ste 1600<br>Dallas, TX 75201 | 22 | 05/29/2012 | $0.00<br>$0.00<br>$2,096.87<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 41 | Tennessee Department of Revenue C/O Attorney General P.O Box 20207 Nashville, TN 37202-0207 | 1043 | 10/08/2012 | $0.00 $0.00 $0.00 $1,801.11 $275.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 42 | The County of Cherokee, Texas Lee Gordon McCreary, Veselka, Bragg & Allen, P.C. PO Box 1269 Round Rock, TX 78680-1269 | 2032 | 11/01/2012 | $0.00 $0.00 $110.44 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 43 | TIFT COUNTY PO BOX 930 TAX COMMISSIONER TIFTON, GA 31793 | 499 | 09/17/2012 | $0.00 $0.00 $0.00 $626.56 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Equity Investment I, LLC | 12-12025 |
| 44 | Town of Derry, NH Tax Collector Derry 14 Manning St Derry, NH 03038 | 27 | 05/29/2012 | $0.00 $0.00 $2,831.03 $0.00 $4.85 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 45 | TREASURER AUGUSTA COUNTY PO BOX 590 VERONA, VA 24482 | 4554 | 11/13/2012 | $0.00 $0.00 $0.00 $0.00 $720.22 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

FIFTEENTH OMNIBUS OBJECTION - NO LIABILITY - INSUFFICIENT DOCUMENTATION (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|
| 46 | Treasurer, City of Detroit, Property Tax Unit<br>City of Detroit Law Department<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226 | 2496 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$644.73 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 47 | Treasurer, City of Detroit, Property Tax Unit<br>City of Detroit Law Department<br>660 Woodward Avenue, Suite 1650<br>Detroit, MI 48226 | 2509 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$53.68 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 48 | TREAUSERER NOTTOWAY COUNTY<br>PO BOX 85<br>NOTTOWAY, VA 23955 | 557 | 09/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$359.92 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 49 | Twin Falls County Treasurer<br>P.O. Box 88<br>Twin Falls, ID 83303 | 490 | 09/17/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$595.20 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |