**Hearing Date and Time:  August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
--------------------------------------------------------------------

**NOTICE OF DEBTORS' SIXTEENTH OMNIBUS**
**OBJECTION TO CLAIMS (REDUNDANT CLAIMS)**

    **PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Sixteenth Omnibus Objection to Claims (Redundant Claims)* (the "Omnibus Objection"),

which seeks to alter your rights by either disallowing, modifying and/or reducing your

claim against the above-captioned Debtors.

    **PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**July 26, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors,

Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104

(Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and

Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S.

Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

(Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State

Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq.

and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of

New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro,

Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street,

New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the

committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas

Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West

52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: July 3, 2013
      New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

-------------------------------------------------------------------

**DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(REDUNDANT CLAIMS)**</u>

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this sixteenth omnibus objection to claims (the "Sixteenth

Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket

No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to

that attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A[1]

annexed to the Proposed Order.  In support of the Sixteenth Omnibus Claims Objection, the

Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Sixteenth Omnibus

Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently

herewith.

2.      The Debtors have examined the proofs of claim identified on Exhibit A to

the Proposed Order and have determined that the proofs of claim listed under the heading

"*Claims to be Disallowed and Expunged*" (collectively, the "Redundant Claims") are

substantially duplicative of the corresponding claims identified under the heading "*Surviving

Claims*" (collectively, the "Surviving Claims").  Redundant claims are distinguishable from

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

duplicate claims in that they are not exact replicas of certain proofs of claim, but are substantially similar to such proofs of claim in that they appear to be filed by the same claimant, against the same Debtor, and on account of a single claim. The Debtors seek to disallow and expunge the Redundant Claims from the official claims register maintained in these Chapter 11 Cases and preserve the Debtors' right to later object to any Surviving Claim on any other basis.

3.      This Sixteenth Omnibus Claims Objection does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims. Further, the Debtors expressly reserve all rights to object on any other basis to any Surviving Claim and to any Redundant Claim as to which the Court does not grant the relief requested herein.

4.      No Borrower Claims (as defined in the Procedures Order) are included in this Sixteenth Omnibus Claims Objection.

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

2

8.      On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

9.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for reach of the Debtors.

10.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").   The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").   (Bar Date Order ¶¶ 2, 3).   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

11.     To date, approximately 6,860 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

12.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150

3

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

## THE REDUNDANT CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

13.     Based upon their review of the proofs of claim reflected on the claims register in these Chapter 11 Cases maintained by KCC, the Debtors determined that each Redundant Claim identified on Exhibit A annexed to the Proposed Order has already been asserted in the proofs of claim identified under the row titled "Surviving Claim" on Exhibit A annexed to the Proposed Order.  The Debtors believe that it was not the intention of the claimants asserting these Redundant Claims to seek a double recovery against the Debtors' estates.  Instead, the filing of the Redundant Claims appears to be a function of the claimants filing one or more additional (though not identical) proofs of claim against the same Debtor, for the same dollar amount, and on account of the same obligations, as reflected in the corresponding Surviving Claim.  (See Horst Declaration ¶¶ 3, 4).  Regardless of the claimants' reasons for filing the Redundant Claims, at most, only one claim against the Debtors' estates should potentially be allowed for each claimant.

14.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

15.     Pursuant to Bankruptcy Rule 3007(d), a debtor may object to claims and seek their disallowance where such claims "duplicate other claims."   Fed. R. Bankr. P. 3007(d)(1).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim

4

may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative and/or redundant claims filed by the same creditor against the same debtor. See, e.g., Order Sustaining, in Part, Debtors' Eighteenth Omnibus Objection to Claims [Docket No. 3501], In re Eastman Kodak Co., Case No. 12-0202 (ALG) (Bankr. S.D.N.Y. Apr. 17, 2013) (ordering the disallowance and expungement of redundant claims identified by the debtors in their eighteenth omnibus claims objection); In re Worldcom, Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim).

16.     The Debtors are not required to make a distribution to a creditor on the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Moreover, elimination of the Redundant Claims will enable the Debtors to maintain a claims register that more accurately reflects the universe of claims asserted against the Debtors.

17.     Accordingly, to avoid the possibility of multiple recoveries on a single claim by the same creditor, the Debtors request that the Court disallow and expunge in their entirety the Redundant Claims listed on Exhibit A to the Proposed Order.[2] The Surviving Claims will remain on the claims register subject to further objections on any other basis.

---

[2]     Where a creditor has filed different documentation in support of the Redundant Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

ny-1091744

**NOTICE**

18.    The Debtors have served notice of this Sixteenth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

**NO PRIOR REQUEST**

19.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  July 3, 2013
        New York, New York

 /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and*
*Debtors in Possession*

6

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
                                                                     )
In re:                                                               )    Case No. 12-12020 (MG)
                                                                     )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                             )    Chapter 11
                                                                     )
                                      Debtors.                       )    Jointly Administered
                                                                     )
-------------------------------------------------------------------- )

### DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (REDUNDANT CLAIMS)

I, Deanna Horst, hereby declare as follows:

       1.     I am the Senior Director of Claims Management for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of ResCap for eleven years, the last year in my current position.  I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.  In my current position, I am responsible for Claims Management and Reconciliation

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on <u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

1

and Client Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

the *Debtors' Sixteenth Omnibus Objection to Claims (Redundant Claims)* (the "<u>Objection</u>").[2]

2.    Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other members of the Debtors' management or other employees of the Debtors, the

Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the

Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify

competently to the facts set forth in the Objection on that basis.

3.    In my capacity as Senior Director of Claims Management, I am intimately

familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

(the "<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of

financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and

reconciliation of claims, and/or my review of relevant documents.  I or my designee at my

direction have reviewed and analyzed the proof of claim forms and supporting documentation, if

any, filed by the claimants listed on <u>Exhibit A</u> annexed to the Proposed Order.  In connection

with such review and analysis, where applicable, the Debtors have reviewed (i) information

supplied or verified by personnel in departments within the Debtors' various business units, (ii)

the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official

claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]    Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the
Objection.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Based on a thorough review of the proofs of claim at issue, the Debtors have determined that each claim listed in the rows below the column entitled "*Claim to be Disallowed and Expunged*" on <u>Exhibit A</u> annexed to the Proposed Order duplicates (though is <u>not</u> identical to) at least one other claim filed (i) by the same claimant, (ii) against the same Debtor, (iii) for the same dollar amount, and (iv) on account of the same obligations as the corresponding claim listed below the column entitled "*Surviving Claim*" on <u>Exhibit A</u> annexed to the Proposed Order.  If the Redundant Claims are not disallowed and expunged, the claimants who filed these Redundant Claims may potentially receive a wholly improper recovery to the detriment of other creditors.  Where a creditor has filed different documentation in support of the Redundant Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

5.    Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Redundant Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 3, 2013

  /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

3

## **Exhibit 2**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
)
In re:                                              )        Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,    )        Chapter 11
)
                                        Debtors.    )        Jointly Administered
---------------------------------------------------------------------
)

## ORDER GRANTING DEBTORS' SIXTEENTH OMNIBUS OBJECTION TO CLAIMS (REDUNDANT CLAIMS)

Upon the sixteenth omnibus claims objection, dated July 3, 2013 (the "Sixteenth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Redundant Claims on the basis that such claims are duplicates of (though not identical to) corresponding surviving claims, all as more fully described in the Sixteenth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Sixteenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Sixteenth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Sixteenth Omnibus Claims Objection having been provided, and it appearing that

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Sixteenth Omnibus Claims Objection.

no other or further notice need be provided; and upon consideration of the Sixteenth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Sixteenth Omnibus Objection to Claims (Redundant Claims), annexed to the Objection as <u>Exhibit 1</u>; and the Court having found and determined that the relief sought in the Sixteenth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Sixteenth Omnibus Claims Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Sixteenth Omnibus Claims Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto under the heading "*Claims to be Disallowed*" (collectively, the "<u>Redundant Claims</u>") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Redundant Claims identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Debtors' official claims register; and it is further

ORDERED that the claims listed on <u>Exhibit A</u> annexed hereto under the heading "Surviving Claims" (collectively, the "<u>Surviving Claims</u>") will remain on the claims register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Redundant Claims does not constitute any admission or finding with respect to any of the Surviving Claims; and it is further

ny-1091751

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Sixteenth Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Claims or of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and all parties in interests' right to object on any basis are expressly reserved with respect to any Surviving Claim listed on Exhibit A or any such claim not listed on Exhibit A annexed hereto, and any Redundant Claim listed on Exhibit A to the extent this Court grants any claimant leave to amend its Redundant Claim under section 502(d) of the Bankruptcy Code; and it is further

ORDERED that this Order shall be a final order with respect to each of the Redundant Claims identified on Exhibit A, annexed hereto, as if each such Redundant Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
      New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1091751

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTEENTH OMNIBUS OBJECTION - REDUNDANT CLAIMS (NON-BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | ALAMEDA COUNTY TAX COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 | 3928 | 11/13/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | ALAMEDA COUNTY TAX COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 | 5896 | 11/26/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 2 | ALAMEDA COUNTY TAX COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 | 3929 | 11/13/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | ALAMEDA COUNTY TAX COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 | 5895 | 11/26/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 3 | ALAMEDA COUNTY TAX COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 | 3930 | 11/13/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | ALAMEDA COUNTY TAX COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 | 5898 | 11/26/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 4 | ALAMEDA COUNTY TAX COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 | 3931 | 11/13/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 | ALAMEDA COUNTY TAX COLLECTOR 1221 OAK STREET OAKLAND, CA 94612 | 5899 | 11/26/2012 | $0.00 Administrative Priority $0.00 Administrative Secured UNLIQUIDATED Secured $0.00 Priority $0.00 General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 5 | Knuckles, Komosinski, and Elliott, LLP 565 Taxter Road, Suite 590 Elmsford, NY 10523 | 4116 | 11/09/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $20,227.32 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Knuckles, Komosinski, and Elliott, LLP 565 Taxter Road, Suite 590 Elmsford, NY 10523 | 5758 | 11/19/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $20,227.32 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 6 | New York State Department of Taxation and Finance Bankruptcy Section PO Box 5300 Albany, NY 12205-0300 | 1 | 05/17/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $45.37 Priority $55.27 General Unsecured | GMAC Mortgage, LLC | 12-12032 | New York Department of Taxation and Finance Bankruptcy Section P O Box 5300 Albany , NY 12205-0300 | 65 | 06/06/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $45.37 Priority $55.27 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 7 | Prodigus Opportunity Fund, LLC 402 Macy Dr Rosewell, GA 30076-6353 | 2432 | 11/06/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,401,964.43 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Prodigus Opportunity Fund, LLC 402 Macy Dr Rosewell, GA 30076-6353 | 2520 | 11/06/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $1,401,964.43 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 8 | Sutter County Treasurer - Tax Collector James D. Sharpe, CPA PO Box 463 Yuba City, CA 95992 | 244 | 07/02/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $1,367.21 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Sutter County Tax Collector PO Box 546 Yuba City, CA 95991 | 669 | 09/24/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $1,367.21 Secured $0.00 Priority $0.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 9 | Texas Comptroller of Public Accounts Office of the Attorney General Bankruptcy Section - Collections Division P.O. Box 12548 Austin, TX 78711-2548 | 369 | 08/07/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $500,000.00 Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Texas Comptroller of Public Accounts Office of the Attorney General Bankruptcy Section - Collections Division P.O. Box 12548 Austin, TX 78711-2548 | 402 | 08/06/2012 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured EXPUNGED Priority $0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SIXTEENTH OMNIBUS OBJECTION - REDUNDANT CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claims to be Disallowed and Expunged | | | | | | | | Surviving Claims | | | |
| 10 | The Wolf Firm, a Law Corporation | 3896 | 11/09/2012 | $0.00 | Administrative Priority | Residential | 12-12020 | The Wolf Firm, a Law Corporation | 5875 | 11/21/2012 | $0.00 | Administrative Priority | Residential | 12-12020 |
| | Alan Steven Wolf | | | $0.00 | Administrative Secured | Capital, LLC | | Alan Steven Wolf | | | $0.00 | Administrative Secured | Capital, LLC | |
| | 2955 Main Street, Second Floor | | | $273,944.83 | Secured | | | 2955 Main Street, Second Floor | | | $0.00 | Secured | | |
| | Irvine, CA 92614 | | | $0.00 | Priority | | | Irvine, CA 92614 | | | $0.00 | Priority | | |
| | | | | $0.00 | General Unsecured | | | | | | $273,944.83 | General Unsecured | | |