**Hearing Date and Time: August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: August 4, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------

**NOTICE OF DEBTORS' SEVENTEENTH OMNIBUS OBJECTION**
**<u>TO CLAIMS (MISCLASSIFIED BORROWER CLAIMS)</u>**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* (the

"<u>Omnibus Objection</u>"), which seeks to alter your rights by either disallowing, modifying

and/or reducing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus

Objection must be made in writing, conform to the Federal Rules of Bankruptcy

Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the

Notice, Case Management, and Administrative Procedures approved by the Bankruptcy

Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy

Court's electronic case filing system, and be served, so as to be received no later than

**August 4, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the

Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104

(Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office

of the United States Trustee for the Southern District of New York, 33 Whitehall Street,

21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and

Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S.

Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001

(Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State

Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq.

and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of

New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro,

Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street,

New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the

committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas

Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West

52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand

Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman);

(j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by

overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-

5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World

Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos,

Regional Director); and (l) special counsel to the Committee, SilvermanAcampora LLP,

100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated: July 3, 2013
      New York, New York

                                                   Respectfully submitted,

                                                   /s/ Norman S. Rosenbaum
                                                 Gary S. Lee
                                                 Norman S. Rosenbaum
                                                 Jordan A. Wishnew
                                                 MORRISON & FOERSTER LLP
                                                 1290 Avenue of the Americas
                                                 New York, New York 10104
                                                 Telephone: (212) 468-8000
                                                 Facsimile: (212) 468-7900

                                                 *Counsel for the Debtors and
                                                 Debtors in Possession*

**Hearing Date and Time: August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time:  August 4, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------
|                                         )
In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                          )
                          Debtors.        )    Jointly Administered
                                          )
----------------------------------------------------------------

**DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS**
**(MISCLASSIFIED BORROWER CLAIMS)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND**
**CLAIMS ON EXHIBIT A ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this seventeenth omnibus objection to claims (the

"Seventeenth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing

of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures

Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form

substantially similar to that attached hereto as Exhibit 1, reclassifying the claims listed on

Exhibit A[1] annexed to the Proposed Order.  In support of this Seventeenth Omnibus Claims

Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors'

Seventeenth Omnibus Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1

and filed concurrently herewith.

2.      The Debtors examined the proofs of claim identified on Exhibit A to the

Proposed Order, and determined that each proof of claim listed on Exhibit A to the Proposed

Order (collectively, the "Misclassified Borrower Claims") improperly asserts a security interest

against the Debtors and/or a priority claim under section 503 or 507 of the Bankruptcy Code.

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

3.      The Misclassified Borrower Claims do not meet the criteria required for entitlement to priority or secured status, and, therefore, are not entitled to priority or secured status as asserted in these proofs of claim.   Accordingly, the Debtors seek to reclassify the Misclassified Borrower Claims as indicated on <u>Exhibit A</u> to accurately reflect the nature and priority of the Misclassified Borrower Claims as general unsecured claims on the claims register maintained in the Chapter 11 Cases, and preserve the Debtors' right to later object to the Misclassified Borrower Claims (as reclassified).

4.      The proofs of claim identified on <u>Exhibit A</u> annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "<u>Borrower Claims</u>" and each a "<u>Borrower Claim</u>"). As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

## JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[2]      The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1097693

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

8.      On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

9.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

10.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").   The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

11.     To date, approximately 6,860 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

ny-1097693

12.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

13.    The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claims (the "Borrower Claim Procedures").  Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.  For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter").  (See Procedures Order at 4).

14.    However, if the Debtors' objection to a Borrower Claim is premised on certain non-substantive grounds, including that the Borrower's proof of claim was incorrectly classified, then the Debtors are not required to send a Request Letter to such Borrower before filing an objection to such Borrower's Claim.  (See Procedures Order at 3).  Accordingly, the Debtors submit that they are in compliance with the Borrower Claim Procedures set forth in the Procedures Order.  (See Horst Declaration ¶ 5).

## THE MISCLASSIFIED BORROWER CLAIMS SHOULD BE RECLASSIFIED AS GENERAL UNSECURED CLAIMS

15.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).   Section

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to

the extent that "such claim is unenforceable against the debtor and property of the debtor, under

any agreement or applicable law."  11 U.S.C. § 502(b)(1).

16.    Pursuant to Bankruptcy Rule 3007(d)(8), a debtor may object to claims

and seek their disallowance where such claims "assert priority in an amount that exceeds the

maximum amount under § 507 of the Code."  Fed. R. Bankr. P. 3007(d)(8).

17.    Moreover, the U.S. Supreme Court has held that conferring secured status

"'to a claimant not clearly entitled thereto is not only inconsistent with the policy of equality of

distribution; it dilutes the value of the priority for those creditors Congress intended to prefer.'"

Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co., 547 U.S. 651, 667-68 (2006) (citation

omitted); see also In re WorldCom, Inc., 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying

a purportedly secured claim as unsecured because it was based on a lapsed lien); Karakas v.

Bank of New York (In re Karakas), Case No. 06-32961, Chapter 13, Adv. Pro. No. 06-80245,

2007 Bankr. LEXIS 1578, at *22-23 (Bankr. N.D.N.Y. May 3, 2007) (reclassifying purportedly

secured claim as unsecured based on valuation of underlying property).

18.    Based upon their review of the proofs of claim filed on the claims register

maintained by KCC, the Debtors determined that each Misclassified Borrower Claim identified

on Exhibit A annexed to the Proposed Order under the heading "*Claims to be Reclassified*"

improperly asserts secured and/or administrative priority status for all or a portion of such claim,

including priority under section 503(b)(9) of the Bankruptcy Code, where such proofs of claim

do not contain any valid basis for treatment as a secured and/or administrative priority claim.

5

ny-1097693

The Misclassified Borrower Claims set forth on Exhibit A annexed to the Proposed Order are claims for alleged prepetition general unsecured liabilities, and are therefore not entitled to secured status or priority status against the Debtors' estates under section 506 or 507 of the Bankruptcy Code.    To allow such claims to remain and be treated as secured and/or administrative priority claims would result in certain claimants receiving a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly-situated claimants.    (See Horst Declaration ¶ 4).

19.    Moreover, with respect to all Misclassified Borrower Claims that are the subject of this Seventeenth Omnibus Claims Objection, the Debtors further object to such claims pursuant to Bankruptcy Rule 3007(d)(6) on the grounds that the Misclassified Borrower Claims fail to provide documentation sufficient to support the classification asserted in such claims. Accordingly, the Debtors seek to reclassify the Misclassified Borrower Claims on the official claims register maintained for the Debtors in these Chapter 11 Cases, and preserve the Debtors' right to later object to any Misclassified Borrower Claim on any other basis.

20.    Thus, in order to preserve the intended order of priority of claims as set forth by the Bankruptcy Code, and to prevent any improper recoveries, the Debtors request entry of the Proposed Order reclassifying the Misclassified Borrower Claims listed on Exhibit A to the Proposed Order as general unsecured claims in accordance with the Bankruptcy Code.    The Misclassified Borrower Claims will remain on the claims register subject to further objections on any other basis.

## NOTICE

21.    The Debtors have served notice of this Seventeenth Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012

6

[Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

22.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  July 3, 2013
          New York, New York

> /s/ Norman S. Rosenbaum
> Gary S. Lee
> Norman S. Rosenbaum
> Jordan A. Wishnew
> **MORRISON & FOERSTER LLP**
> 1290 Avenue of the Americas
> New York, New York 10104
> Telephone:  (212) 468-8000
> Facsimile:  (212) 468-7900
>
> *Counsel for the Debtors and
> Debtors in Possession*

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

|                                              |     |                          |
|----------------------------------------------|-----|--------------------------|
|                                              | )   |                          |
| In re:                                       | )   | Case No. 12-12020 (MG)   |
|                                              | )   |                          |
| RESIDENTIAL CAPITAL, LLC, et al.,            | )   | Chapter 11               |
|                                              | )   |                          |
|                               Debtors.       | )   | Jointly Administered     |
|                                              | )   |                          |

-------------------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS**
**(MISCLASSIFIED BORROWER CLAIMS)**

I, Deanna Horst, hereby declare as follows:

        1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap for eleven years, the last year in my current position.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1097695

the *Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* (the "Objection").[2]

2.     Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.     In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order. In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[2]     Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Objection.

ny-1097695

4.     Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Based on a thorough review of the proofs of claim at issue, the Debtors have determined that based on the face of the proof of claim and/or the Debtors' Books and Records, each claim listed on <u>Exhibit A</u> annexed to the Proposed Order should be reclassified as non-priority, general unsecured claims and accorded the proposed treatment described in the Objection.  If the Misclassified Borrower Claims are not reclassified accordingly, the claimants asserting such claims may potentially receive a disproportionately higher distribution on account of the asserted liabilities to the detriment of other similarly-situated claimants.

5.     The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order.  The Debtors have sought to comply with these procedures. In this instance, given the basis of the Objection, the Debtors determined that they may object to these Misclassified Borrower Claims without first having to send a Request Letter to such Borrowers requesting additional information.

6.     Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Misclassified Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

3

Dated:  July 3, 2013

  /s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

4

**<u>Exhibit 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------------

### ORDER GRANTING DEBTORS' SEVENTEENTH OMNIBUS OBJECTION
### TO CLAIMS (MISCLASSIFIED BORROWER CLAIMS)

Upon the seventeenth omnibus claims objection, dated July 3, 2013 (the "<u>Seventeenth Omnibus Claims Objection</u>"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), reclassifying the Misclassified Borrower Claims to reflect their proper classification as general unsecured claims, all as more fully described in the Seventeenth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Seventeenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Seventeenth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Seventeenth Omnibus Claims Objection having been provided, and it appearing that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Seventeenth Omnibus Claims Objection.

no other or further notice need be provided; and upon consideration of the Seventeenth Omnibus

Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Seventeenth

Omnibus Objection to Claims (Misclassified Borrower Claims), annexed to the Objection as

Exhibit 1; and the Court having found and determined that the relief sought in the Seventeenth

Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Seventeenth Omnibus

Claims Objection establish just cause for the relief granted herein; and the Court having

determined that the Seventeenth Omnibus Claims Objection complies with the Borrower Claim

Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Seventeenth Omnibus Claims

Objection is granted to the extent provided herein; and it is further

ORDERED that each Misclassified Borrower Claim listed on Exhibit A annexed

hereto is hereby reclassified as a general unsecured non-priority claim as indicated on Exhibit A;

and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is authorized and directed to reclassify the Misclassified Borrower Claims

identified on the schedule annexed as Exhibit A hereto pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Seventeenth Omnibus Claims Objection, as

provided therein, shall be deemed good and sufficient notice of such objection, and the

requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23,

2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Misclassified Borrower Claims that are reclassified pursuant to this Order, all rights to object on any basis are expressly reserved with respect to such reclassified claims as listed on <u>Exhibit A</u> annexed to this Order, and the Debtors' and all parties in interests' rights to object on any basis are expressly reserved with respect to any claim that is not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Misclassified Borrower Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such Misclassified Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2013
       New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTEENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Alicia D. Kates 5 Dartmouth Ave. Somerdale, NJ 08083 | 1537 | 10/22/2012 | $0.00 $0.00 $190,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | EPRE LLC | 12-12024 | $0.00 $0.00 $0.00 $0.00 $190,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged secured status. |
| 2 | Annette Appelzoller 8132 Lowd Ave El Paso, TX 79907 | 4475 | 11/13/2012 | $0.00 $0.00 $66,266.34 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $66,266.34 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged secured status. |
| 3 | Anthony L. Davide 8841 SW 105th Street Miami, FL 33176 | 482 | 09/10/2012 | $0.00 $0.00 $15,751.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 $0.00 $0.00 $0.00 $15,751.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged secured status. |
| 4 | April M. Lowe 11 Negus Street Webster, MA 01570 | 2127 | 11/02/2012 | $1,537.16 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $1,537.16 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 5 | Audrey Mills Robert W. Dietrich Dietrich Law Firm 3815 W. Saint Joseph St., Suite B-400 Lansing, MI 48917 | 857 | 09/28/2012 | $0.00 $0.00 $0.00 $1,272.01 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $1,272.01 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged priority status. |
| 6 | Ben & Patricia Butler 1703 SE 59th Ave Portland, OR 97215 | 1463 | 10/22/2012 | $3,733.59 $0.00 $383,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $386,733.59 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to (i) satisfy requirements of 503(b)(9) and (ii) provide basis for alleged secured status. |
| 7 | Bette Warter Trustee of Dorothy Dean Estate 742 Don Tab Way Plant City, FL 33565 | 4010 | 11/09/2012 | $0.00 $0.00 $14,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | ditech, LLC | 12-12021 | $0.00 $0.00 $0.00 $0.00 $14,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged secured status. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTEENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 8 | Candy Shively<br>Shore Line Realty & Associates, Inc<br>1407 Viscaya Pkwy # 2<br>Cape Coral, FL 33990 | 1672 | 10/25/2012 | $0.00<br>$0.00<br>$3,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 9 | CHARYL ROY AND FLOORING SOLUTIONS FACTORY DIRECT<br>9760 US HIGHWAY 80 E<br>BROOKLET, GA 30415-6734 | 1232 | 10/15/2012 | $0.00<br>$0.00<br>$192,094.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$192,094.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 10 | Clover Earle<br>3631 N.W. 41st Street<br>Lauderdale Lakes, FL 33309 | 4569 | 11/08/2012 | $75,000.00<br>$0.00<br>$95,000.00<br>$16,000.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$186,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to (i) satisfy requirements of 503(b)(9) and (ii) provide basis for alleged secured and priority status. |
| 11 | Daniel G. Gauthier & Kathryn A. Gauthier<br>7815 Brookpines Drive<br>Clarkston, MI 48348-4469 | 1994 | 10/30/2012 | $0.00<br>$0.00<br>$89,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$89,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 12 | Daniel ORourke and Tina ORourke<br>5760 Sunset Ave. NE<br>Bremerton, WA 98311 | 4835 | 11/15/2012 | $0.00<br>$0.00<br>$7,760.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$7,760.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 13 | David L Smith & Cheryl A Smith<br>6090 E 100 S<br>Columbus, IN 47201 | 3902 | 11/09/2012 | $0.00<br>$0.00<br>$224,652.85<br>$2,032.16<br>$5,034.42 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$231,719.43 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured and priority status. |
| 14 | Edgar A. Soto & Sara Soto<br>210 S. 44th Ave.<br>Northlake , IL 60164 | 2865 | 11/07/2012 | $0.00<br>$0.00<br>$174,700.00<br>$1,825.00<br>$53,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$229,525.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured and priority status. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTEENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 15 | Everado L. Velasco 22601 Baker Road Bakersfield, CA 93314 | 1990 | 10/30/2012 | $0.00 $0.00 $134,094.19 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $134,094.19 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged secured status. |
| 16 | Florence Anne & Michael P Barry 28 Bradford St New Providence, NJ 07974-1913 | 1976 | 10/29/2012 | $857.28 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $857.28 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 17 | Gabriel Toala-Moreno 636 SW 107th Ave. Pembroke Pines, FL 33025 | 4210 | 11/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged secured status. |
| 18 | James David Derouin Deborah Lee Derouin 17690 Norborne Redford Twp, MI 48240 | 4750 | 11/14/2012 | $0.00 $0.00 $58,195.07 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $58,195.07 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged secured status. |
| 19 | James Getzinger 2575 Peachtree Rd NE #15A Atlanta, GA 30305 | 3512 | 11/07/2012 | $0.00 $0.00 $0.00 $4,792.10 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $4,792.10 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged priority status. |
| 20 | JAMES PENNAZ SANDRA J. PENNAZ 957 KAUKA PLACE HONOLULU, HI 96825 | 1679 | 10/25/2012 | $0.00 $0.00 $0.00 $2,467.82 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $2,467.82 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged priority status. |
| 21 | Jay Williams 5731 Post Rd. Bronx, NY 10471 | 6295 | 12/03/2012 | $595,000.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $595,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTEENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 22 | John E. Koerner<br>P.O. Box 24<br>Williston Park, NY 11596 | 1604 | 10/24/2012 | $217,000.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$217,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 23 | John J Metkus III<br>9218 Edgeloch Dr<br>Spring, TX 77379 | 2597 | 11/06/2012 | UNLIQUIDATED<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 24 | Kenneth Ferrier and Michelle Ferrier<br>PO Box 390093<br>Keauhou, HI 96739 | 3791 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$2,237.05<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,237.05 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged priority status. |
| 25 | Kenneth J. and Marjorie Canty<br>2707 Hughes St.<br>Smyrna, GA 30080 | 2369 | 11/05/2012 | $4,953.55<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,953.55 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 26 | Kim & Todd Scott<br>5583 Hutchinson Road<br>Sebastopol, CA 95472 | 1609 | 10/24/2012 | $30,000.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$30,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 27 | Loretta V. Kelaher<br>123 Clermont Ave<br>Brooklyn, NY 11205 | 2484 | 11/06/2012 | $0.00<br>$0.00<br>$131,086.22<br>$0.00<br>$21,093.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$152,179.22 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 28 | Lynn C. Greene & James Cassidy<br>6526 Wauconda Dr.<br>Larkspur, CO 80118 | 3484 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$28,800.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$28,800.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged priority status. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTEENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 29 | Margaret Ann Howard<br>359 Rambling Ridge Ct<br>Pasadena, MD 21122 | 4421 | 11/09/2012 | $494.52<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$494.52 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 30 | Maria Aljaksina<br>2016 Harbor Village<br>Keego Harbor, MI 48320 | 2006 | 10/30/2012 | $0.00<br>$0.00<br>$0.00<br>$213.46<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$213.46 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged priority status. |
| 31 | Marsha Muwwakkil<br>6314 Homeview Dr.<br>Houston, TX 77049 | 4160 | 11/09/2012 | $750.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$750.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 32 | Martha R & David J Petty<br>8864 SE Jardin Street<br>Hobe Sound, FL 33455 | 6449 | 02/19/2013 | $0.00<br>$0.00<br>$0.00<br>$1,400.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,400.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged priority status. |
| 33 | MARY ANN TAYLOR AND DC BUILDERS<br>49 WEDGEWOOD COVE<br>JACKSON, TN 38305 | 4232 | 11/09/2012 | $0.00<br>$0.00<br>$142,000.00<br>$0.00<br>$6,469.72 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$148,469.72 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 34 | MARY NASCIMENTO AND CARY RECONSTRUCTION CO INC<br>55 ELIJAH CT<br>CAMERON, NC 28326-6496 | 4038 | 11/09/2012 | $9,985.17<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$9,985.17 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 35 | Michael A. Riley and Dyanne S. Riley<br>4323 N. Imperial Way<br>Provo, UT 84604 | 1992 | 10/30/2012 | $0.00<br>$0.00<br>$0.00<br>$10,000.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$10,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged priority status. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTEENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 36 | Michael G. Weiss<br>1085 90th St. NE.<br>Monticello, MN 55362 | 1919 | 10/29/2012 | $1,981.70<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,981.70 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 37 | Michelle Renee Strickland<br>8301 E. 93rd St.<br>Kansas City, MO 64138 | 2371 | 11/05/2012 | $0.00<br>$0.00<br>$29,956.37<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$29,956.37 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 38 | Mr. Larry Sipes<br>413 30-1/4 Rd.<br>(GMAC Mortgage Tracking # 155093)<br>Grand Junction, CO 81504 | 2102 | 11/02/2012 | $0.00<br>$0.00<br>$55,634.91<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$55,634.91 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 39 | Pamela S. James Robin T. James<br>27701 James Road<br>Laurel, DE 19956 | 3800 | 11/08/2012 | $0.00<br>$0.00<br>$241,623.19<br>$2,600.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$244,223.19 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured and priority status. |
| 40 | Peake, David G and Sandra J. Peake<br>9660 Hillcroft Ste 430<br>Houston, TX 77096 | 3813 | 11/08/2012 | $17,500.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$17,500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 41 | Perry E. Goerner<br>12 Wantage School Road<br>Sussex, NJ 07461 | 3515 | 11/07/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 42 | Peter Vidikan<br>1631 Cicero Drive<br>Los Angeles, CA 90026-1603 | 5285 | 11/16/2012 | $0.00<br>$0.00<br>$111,287.22<br>$2,600.00<br>$9,978.28 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$123,865.50 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured and priority status. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTEENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (BORROWER CLAIMS)

| Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|
| 43 Quintella Bonnett<br>762 Bayard Ave<br>St Louis, MO 63108 | 4127 | 11/09/2012 | $49,500.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$49,500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 44 RAMONA M ROBERTS<br>424 TOWNSEND DR SE<br>HUNTSVILLE, AL 35811-8763 | 1948 | 10/29/2012 | $245,458.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$245,458.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 45 Randall Branson<br>202 Archer Ave.<br>Marshall, IL 62441 | 2063 | 10/31/2012 | $0.00<br>$0.00<br>$111,443.39<br>$0.00<br>$40,371.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$151,814.39 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 46 Rene Evans & Joanne<br>10941 Wingate Rd<br>Jacksonville, FL 32218 | 1937 | 10/29/2012 | $0.00<br>$0.00<br>$14,784.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$14,784.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 47 Richard F. Cousins and Alice Arant-Cousins<br>1624 W. Lewis Avenue<br>Phoenix, AZ 85007 | 2356 | 11/05/2012 | $0.00<br>$0.00<br>$104,458.78<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$104,458.78 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |
| 48 RICHARD ROWBACK AND PEGASUS GATE CONSTRUCTION SERVICES LLC<br>1814 FM 1462<br>ROSHARON, TX 77583 | 1295 | 10/16/2012 | $11,229.40<br>$0.00<br>$81,058.60<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$92,288.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to (i) satisfy requirements of 503(b)(9) and (ii) provide basis for alleged secured status. |
| 49 Robert A. Kirk<br>12 Atlantic Way<br>Rockaway Pt., NY 11697 | 1601 | 10/25/2012 | $0.00<br>$0.00<br>$130,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$130,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim fails to provide basis for alleged secured status. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTEENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|---|---|
| 50 | Robert Earl Smith<br>840 Daniel Moss Road<br>Coahoma, MS 38617 | 2364 | 11/05/2012 | $711.82 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$711.82 General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 51 | ROGER A. OLSEN<br>DONNA R. OLSEN<br>2909 DUNCAN DRIVE<br>MISSOULA, MT 59802 | 4014 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$652.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$652.00 General Unsecured | Claim fails to provide basis for alleged priority status. |
| 52 | Roger J. and Karen Evans<br>9481 S. Johnson Ct<br>Littleton, CO 80127 | 3528 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$397,653.47 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$397,653.47 General Unsecured | Claim fails to provide basis for alleged secured status. |
| 53 | Ronald & Gail Matheson<br>22424 Poplar Ct<br>Murrieta, CA 92562 | 3447 | 11/07/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$20,846.29 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$20,846.29 General Unsecured | Claim fails to provide basis for alleged secured status. |
| 54 | Ryan Ramey<br>Ryan Ramey or Ava Ramey (Agent)<br>P.O. Box 1000<br>Otisville, NY 10963 | 4586 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$23,552.40 Secured<br>$0.00 Priority<br>$23,552.41 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$47,104.81 General Unsecured | Claim fails to provide basis for alleged secured status. |
| 55 | SHEILA LA RUE AND CAL STATE ROOFING<br>10683 ALTA SIERRA DR<br>GRASS VALLEY, CA 95949-6847 | 3885 | 11/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$7,912.86 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$7,912.86 General Unsecured | Claim fails to provide basis for alleged priority status. |
| 56 | Tara T. Merritt<br>10701 Brook Bend Circle<br>Pensacola, FL 32506 | 4690 | 11/14/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$92,065.86 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$92,065.86 General Unsecured | Claim fails to provide basis for alleged secured status. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

SEVENTEENTH OMNIBUS OBJECTION - RECLASSIFY / MISCLASSIFIED CLAIMS (BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 57 | Thomas S. Lee 1214 Devonshire Dr Sumter, SC 29154 | 1727 | 10/26/2012 | $945.15 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $945.15 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to satisfy requirements of 503(b)(9). |
| 58 | Vivian L. Ladson 309 Lafayette Avenue, Apt. 10F Brooklyn , NY 11238 | 1258 | 10/15/2012 | $0.00 $0.00 $200,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 | $0.00 $0.00 $0.00 $0.00 $200,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged secured status. |
| 59 | Wendell & Mary Bricker 305 Whippoorwill Road Seymour, MO 65746-9043 | 2208 | 11/05/2012 | UNLIQUIDATED $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to (i) satisfy requirements of 503(b)(9) and (ii) provide basis for alleged secured status. |
| 60 | William M. Velotas and Barbara M. Velotas 5803 Boyce Springs Houston, TX 77066 | 3543 | 11/07/2012 | $0.00 $0.00 $0.00 $1,744.17 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 $0.00 $0.00 $0.00 $1,744.17 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Claim fails to provide basis for alleged priority status. |