| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & |
| Gary S. Lee | FRANKEL LLP |
| Lorenzo Marinuzzi | Kenneth H. Eckstein |
| Todd M. Goren | Douglas H. Mannal |
| Jennifer L. Marines | Stephen D. Zide |
| Daniel J. Harris | 1177 Avenue of the Americas |
| 1290 Avenue of the Americas | New York, New York 10036 |
| New York, New York 10104 | Telephone:    (212) 715-9100 |
| Telephone:    (212) 468-8000 | Facsimile:    (212) 715-8000 |
| Facsimile:    (212) 468-7900 | |

*Counsel for Debtors and Debtors-in Possession*　　　　　　*Counsel for the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

------------------------------------------------------------------

**PLAN PROPONENTS' MOTION FOR AN ORDER (I) APPROVING
DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR
SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT
THE PLAN PROPONENTS' JOINT CHAPTER 11 PLAN, (III) APPROVING
THE FORM OF BALLOTS, (IV) SCHEDULING A HEARING ON
CONFIRMATION OF THE PLAN, (V) APPROVING PROCEDURES FOR NOTICE
OF THE CONFIRMATION HEARING AND FOR FILING OBJECTIONS TO
<u>CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

JURISDICTION ............................................................................. 3

BACKGROUND ............................................................................. 3

PLAN AND DISCLOSURE STATEMENT ......................................................... 5

RELIEF REQUESTED......................................................................... 8

I.      APPROVAL OF THE DISCLOSURE STATEMENT ...................................... 8

     A.     Approval of the Disclosure Statement ................................... 8

     B.     The Disclosure Statement Provides Sufficient Notice of Injunction,
Exculpation and Release Provisions in the Plan ................................. 13

II.     APPROVAL OF THE FORM AND MANNER OF THE DISCLOSURE
STATEMENT HEARING NOTICE ................................................. 14

III.    APPROVAL OF CERTAIN DATES AND DEADLINES SET FORTH IN THE
PLAN CONFIRMATION SCHEDULE.............................................. 16

     A.     The Voting Record Date ............................................ 17

     B.     The Voting Deadline................................................ 18

     C.     The Plan Objection Deadline ........................................ 19

     D.     The Confirmation Hearing .......................................... 20

IV.    APPROVAL OF THE SOLICITATION PROCEDURES.............................. 20

     A.     Parties Entitled To Vote............................................ 21

     B.     Objections to Claims for Voting Purposes Only......................... 22

     C.     Temporary Allowance of Claims for Voting Purposes.................... 22

     D.     Approval of Solicitation Packages and Procedures for Distribution Thereof...... 26

     E.     Approval of Form of Ballots......................................... 30

     F.     Approval of Form of Notices to Non-Voting Classes ..................... 34

     G.     Approval of Notice of Filing the Plan Supplement ...................... 35

     H.     Tabulation Procedures ............................................. 36

V.     APPROVAL OF THE CONFIRMATION PROCEDURES........................... 42

     A.     Confirmation Hearing Notice ....................................... 43

     B.     Objection Procedures .............................................. 45

     C.     Non-Substantive Modifications ...................................... 46

NOTICE..................................................................... 46

CONCLUSION ............................................................... 46

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Abel v. Shugrue (In re Ionosphere Clubs, Inc.),
179 B.R. 24 (S.D.N.Y. 1995)...........................................................................................9, 10

BSL Operating Corp. v. 125 E. Taverns, Inc. (In re BSL Operating Corp.),
57 B.R. 945 (Bankr. S.D.N.Y. 1986)............................................................................9

In re Chemtura Corp.,
No. 09-11233 (REG) (Bankr. S.D.N.Y. Aug. 5, 2010) ........................................30

In re Copy Crafters Quickprint, Inc.,
92 B.R. 973 (Bankr. N.D.N.Y. 1988) .........................................................................10

In re PC Liquidation Corp.,
383 B.R. 856 (E.D.N.Y. 2008) ..................................................................................10

In re Phoenix Petroleum Co.,
278 B.R. 385 (Bankr. E.D. Pa. 2001) ................................................................10, 14

In re Worldcom, Inc.,
No. M-47 HB, 2003 WL 21498904 (S.D.N.Y. June 30, 2003) ..............................10

Kirk v. Texaco, Inc.,
82 B.R. 678 (S.D.N.Y. 1988).......................................................................................10

STATUTES

11 U.S.C.
§ 1108......................................................................................................................................4
§ 1125.............................................................................................................................. *passim*
§ 1125(a)(1) ........................................................................................................................9
§ 1126(f).............................................................................................................................34
§ 1126(g).............................................................................................................................35
§ 1128(a) .............................................................................................................................19

28 U.S.C.
§ 157......................................................................................................................................3
§ 157(b)(2) ..........................................................................................................................3
§ 1334..................................................................................................................................3
§ 1408..................................................................................................................................3
§ 1409..................................................................................................................................3

ny-1090609

**TABLE OF AUTHORITIES**

(continued)

**Page**

RULES

Fed. R. Bankr. P.

    Rule 1015(b) .................................................................................................................4
    Rule 2002 ...............................................................................................................41, 43
    Rule 2002(b) ..................................................................................................... *passim*
    Rule 2002(d) ...............................................................................................................42
    Rule 2002(l) ..........................................................................................................15, 16
    Rule 3001(e) .........................................................................................................17, 18
    Rule 3016(c) ...............................................................................................................13
    Rule 3017(a) ...............................................................................................................14
    Rule 3017(c) ..................................................................................................... *passim*
    Rule 3017(d) ..................................................................................................... *passim*
    Rule 3018(a) ..................................................................................................... *passim*
    Rule 3018(c) ...............................................................................................................36
    Rule 3020(b)(l) ...........................................................................................................19

Bankr. S.D.N.Y. L.R.

    Rule 3017-1(b) ...........................................................................................................14
    Rule 3018-1 ...........................................................................................................1, 41
    Rule 3020-1 .................................................................................................................19

The debtors and debtors in possession in the above-captioned cases (each a

"Debtor" and collectively the "Debtors")[1] and the Official Committee of Unsecured Creditors

therefor (the "Creditors' Committee," and together with the Debtors, the "Plan Proponents")

hereby file this motion (the "Motion")[2] pursuant to sections 1125, 1126, and 1128 of title 11 of

the United States Code (the "Bankruptcy Code"), Rules 2002, 3016, 3017, 3018, 3020, and 9006

of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 3017-1, 3018-

1 and 3020-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules"), for entry of an order substantially in the form attached hereto as Exhibit 1 (the

"Disclosure Statement Approval Order").  In support of the Motion, the Plan Proponents

respectfully represent as follows:

## PRELIMINARY STATEMENT[3]

1.    The Plan Proponent's filing of the Disclosure Statement and Plan, which

was preceded by a Plan Support Agreement that garnered the support of the vast majority of the

Debtors' creditor constituencies — including the Creditors' Committee and Ally — represents a

watershed moment in these Chapter 11 Cases.  After months of intensive negotiations led by the

Mediator and attended by the Debtors, their major claimant constituencies, and their

professionals, and after several more weeks of nearly round-the-clock negotiations, the parties

reached consensus on the terms of a Chapter 11 plan.  Consensus on the terms of a plan was a

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings*, filed on May 14, 2012 [Docket No. 6].

[2]    Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief
requested in this Motion may refer to http://www.kccllc.net/rescap for additional information.

[3]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the *Disclosure
Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al.* (the "Disclosure Statement") and the
*Joint Chapter 11 Plan of Residential Capital, LLC, et al.* (the "Plan") each filed contemporaneously herewith,
or elsewhere throughout this Motion, as applicable.

1

remarkable achievement given the Debtors' complicated capital structure, and the breadth and

complexity of the disputed issues posed in these Chapter 11 Cases.  The Plan embodies a near-

global resolution of extensive intra-Debtor and inter-creditor issues, permits the distribution of

available proceeds to creditors, and is the best means to fairly and efficiently resolve the

Debtors' Chapter 11 Cases.

        2.      By this Motion, the Plan Proponents respectfully request that the Court

(a) approve the Disclosure Statement as providing "adequate information" within the meaning of

section 1125(a); (b) authorize certain procedures for the solicitation of votes on the Plan (the

"Solicitation Procedures") and procedures for the tabulation of such votes (the "Tabulation

Procedures"); (c) authorize the form of ballots, notices, and certain other documents to be

distributed in connection with the solicitation of the Plan as set forth in Exhibits A through F

attached to the Disclosure Statement Approval Order; (d) approve certain key dates described

herein relating to the confirmation of the Plan (the "Plan Confirmation Schedule") and the

deadlines contained in the Solicitation Procedures; and (e) approve procedures for notice of the

Confirmation Hearing and filing objections to confirmation of the Plan, all as more fully set forth

herein.

        3.      For the convenience of the Court and other parties in interest, the

following is a summary of the Plan Confirmation Schedule[4]:

---

[4]     **All dates in this table and elsewhere in this Motion are proposed dates that have not been set or approved by the Court.  This table is for illustrative purposes only and keyed off of a proposed Disclosure Statement Hearing date of August 21, 2013, which date the Court has <u>not</u> approved.  Once the Court schedules the Disclosure Statement Hearing, the Plan Proponents will provide notice of such dates in the Disclosure Statement Notice.**

| Event | Proposed Date[5] |
|---|---|
| Deadline for Objections/Responses to Disclosure Statement | August 5, 2013 at 4:00 p.m. |
| Deadline for Replies to Objections/Responses to Disclosure Statement | August 16, 2013 at 4:00 p.m. |
| Voting Record Date | August 16, 2013 at 5:00 p.m. |
| Disclosure Statement Hearing Date | August 21, 2013 at 10:00 a.m. |
| Solicitation Deadline | August 29, 2013 |
| Deadline to Publish Confirmation Hearing Notice | August 29, 2013 |
| Deadline for Objections to Claims for Voting Purposes | September 10, 2013 |
| Deadline for Filing Temporary Allowance Request Motions | September 20, 2013 at 4:00 p.m. |
| Deadline for Objections/Responses to Temporary Allowance Request Motions | October 1, 2013 at 12:00 p.m. |
| Deadline to File Plan Supplement | October 1, 2013 |
| Deadline for Replies to Objections/Responses to Temporary Allowance Request Motions | October 3, 2013 at 4:00 p.m. |
| Deadline for Entry of Order Granting Temporary Allowance Request Motions | October 9, 2013 |
| Deadline for Objections/Responses to Confirmation of the Plan | October 10, 2013 at 4:00 p.m. |
| Voting Deadline | October 10, 2013 at 7:00 p.m. |
| Voting Certification Deadline | October 25, 2013 at 5:00 p.m. |
| Deadline for Replies to Objections/Responses to Confirmation of Plan | October 30, 2013 |
| Confirmation Hearing | November 6, 2013 at 10:00 a.m. |

## JURISDICTION

4.      The Court has subject matter jurisdiction to consider this matter pursuant

to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5.      On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

---

[5]    Unless otherwise specified, the proposed deadlines listed herein will be 11:59 p.m. on the date listed.  All times
noted are in the Eastern Time zone.

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  These Chapter 11 Cases are being jointly administered for procedural purposes

pursuant to Bankruptcy Rule 1015(b).

6.    On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

7.    On June 20, 2012, the Court directed that an examiner be appointed, and

on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "Examiner")

[Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report [Docket 3698], which

was unsealed by the Court by order dated June 26, 2013 [Docket No. 4099].

8.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing

Kurtzman Carson Consultants LLC ("KCC") as the Debtors' administrative agent in these

Chapter 11 Cases.[6]  Among other things, KCC is authorized to (a) tabulate votes and perform

subscription services as may be requested or required in connection with any and all plans filed

by the Debtors and provide ballot reports and related balloting and tabulation services to the

Debtors and their professionals, and (b) generate an official ballot certification and testify, if

necessary, in support of the ballot tabulation results.

9.    On August 29, 2012, this Court entered an order approving the Debtors'

motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.

1309] (the "Bar Date Order").  The Bar Date Order established, among other things,

(a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date"); and (b)

November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental

---

[6]    KCC was also retained as the Debtors' claims and noticing agent pursuant to a separate order [Docket No. 96].

units to file proofs of claim (the "<u>Governmental Bar Date</u>").  (Bar Date Order ¶¶ 2, 3).  On

November 7, 2012, the Court entered an order extending the General Bar Date to November 16,

2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date

was **<u>not</u>** extended.  To date, approximately 6,850 proofs of claim have been filed in these

Chapter 11 Cases as reflected on the Debtors' claims registers.[7]

> 10.    On June 26, 2013, the Court entered an order authorizing the Debtors to

enter into and perform under the Plan Support Agreement [Docket No. 4098].  The Disclosure

Statement and Plan, as filed, are consistent with the Plan Support Agreement.

## **<u>PLAN AND DISCLOSURE STATEMENT</u>**

> 11.    Contemporaneously with the filing of this Motion, the Plan Proponents

have filed the Disclosure Statement and Plan, which are the product of extensive, good-faith

negotiations with their various creditor constituencies.  The Plan groups the Debtors into three

Debtor Groups, solely for the purposes of describing treatment under the Plan and making

distributions under the Plan, as follows:

> (i)    The "**<u>ResCap Debtors,</u>**" comprised of ResCap, GMAC Residential
> Holding Company, LLC, and GMAC-RFC Holding Company, LLC;

> (ii)   The "**<u>GMACM Debtors</u>**," comprised of each of the direct and indirect
> Debtor subsidiaries of GMAC Residential Holding Company, LLC. [8]
> Prior to the Asset Sales, the GMACM Debtors were primarily

---

[7]    To date, approximately 120 claims have been disallowed and expunged from the Debtors' claims register
pursuant to three orders granting the Debtors' omnibus objection to various claims [Docket Nos. 3907, 3908,
3909].  The Debtors have filed seventeen additional omnibus objections to various claims that are currently
pending before the Court.

[8]    The GMACM Debtors include ditech, LLC; ETS of Virginia, Inc.; ETS of Washington, Inc.; Executive Trustee
Services, LLC; GMAC Mortgage USA Corporation; GMAC Mortgage, LLC; GMAC RH Settlement Services,
LLC; GMACM Borrower LLC; GMACM REO LLC; GMACR Mortgage Products, LLC; Home Connects
Lending Services, LLC; Ladue Associates, Inc.; Passive Asset Transactions, LLC; PATI A, LLC; PATI B,
LLC; PATI Real Estate Holdings, LLC; Residential Consumer Services of Alabama, LLC; Residential
Consumer Services of Ohio, LLC; Residential Consumer Services of Texas, LLC; Residential Consumer
Services, LLC; and Residential Mortgage Real Estate Holdings, LLC.

responsible for conducting the Debtors' business operations, including originating, brokering, and servicing loans; and

(iii)    The "**RFC Debtors**," comprised of each of the direct and indirect Debtor subsidiaries of GMAC-RFC Holding Company, LLC. [9]  Prior to the Asset Sales, the RFC Debtors were the private issuers of mortgage-backed and home equity loan asset-backed securities.

12.    Each Class of the Debtor Groups will contain sub-Classes for each of the Debtors within a particular Debtor Group[10] (*i.e.*, there will be three (3) sub-Classes for the ResCap Debtors, twenty-one (21) sub-Classes for the GMACM Debtors, and twenty seven (27) sub-Classes for the RFC Debtors), as more fully set forth in the Plan.[11]

13.    The Plan provides for the treatment of classes of Claims against and Equity Interests in the Debtors, as follows:

---

[9]    The RFC Debtors include  Residential Funding Company, LLC; DOA Holding Properties, LLC; DOA Properties IX (Lots-Other), LLC; EPRE LLC; Equity Investment I, LLC; GMAC Model Home Finance I, LLC; HFN REO SUB II, LLC; Homecomings Financial Real Estate Holdings, LLC; Homecomings Financial, LLC; RAHI A, LLC; RAHI B, LLC; RAHI Real Estate Holdings, LLC; RCSFJV2004, LLC; Residential Accredit Loans, Inc.; Residential Asset Mortgage Products, Inc.; Residential Asset Securities Corporation; Residential Funding Mortgage Exchange, LLC; Residential Funding Mortgage Securities I, Inc.; Residential Funding Mortgage Securities II, Inc.; Residential Funding Real Estate Holdings, LLC; RFC–GSAP Servicer Advance, LLC; RFC Asset Holdings II, LLC; RFC Asset Management, LLC; RFC Borrower LLC; RFC Construction Funding, LLC; RFC REO LLC; and RFC SFJV-2002, LLC.

[10]    As more fully set forth in the Plan, in the event there are no creditors in a given sub-Class for a particular Debtor, such sub-Class will be considered vacant and deemed eliminated from the Plan for purposes of voting to accept or reject the Plan, and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that sub-Class.

[11]    Notwithstanding the foregoing, the Plan Proponents reserve the right to seek to consolidate any two or more Debtors for purposes of administrative convenience, provided that such consolidation does not materially and adversely impact the amount of distributions to any Person under the Plan and is in accordance with the terms of the Plan Support Agreement.

**ResCap Debtors**

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| R-1 | Other Priority Claims | Unimpaired | No (presumed to accept) |
| R-2 | Other Secured Claims | Unimpaired | No (presumed to accept) |
| R-3 | Junior Secured Notes Claims | Impaired / Unimpaired | Yes / No (presumed to accept) |
| R-4 | ResCap Unsecured Claims | Impaired | Yes |
| R-5 | Borrower Claims | Impaired | Yes |
| R-6 | Private Securities Claims | Impaired | Yes |
| R-7 | NJ Carpenters Claims | Impaired | Yes |
| R-8 | General Unsecured Convenience Claims | Impaired | Yes |
| R-9 | Intercompany Balances | Impaired | No (deemed to reject) |
| R-10 | Equity Interests | Impaired | No (deemed to reject) |
| R-11 | FHFA Claims | Impaired | No (deemed to reject) |
| R-12 | Revolving Credit Facility Claims | Impaired | Yes |

**GMACM Debtors**

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| GS-1 | Other Priority Claims | Unimpaired | No (presumed to accept) |
| GS-2 | Other Secured Claims | Unimpaired | No (presumed to accept) |
| GS-3[12] | Junior Secured Notes Claims | Impaired / Unimpaired | Yes / No (presumed to accept) |
| GS-4 | GMACM Unsecured Claims | Impaired | Yes |
| GS-5 | Borrower Claims | Impaired | Yes |
| GS-6 | Private Securities Claims | Impaired | Yes |
| GS-7 | General Unsecured Convenience Claims | Impaired | Yes |
| GS-8 | Intercompany Balances | Impaired | No (deemed to reject) |
| GS-9 | Equity Interests | Impaired | No (deemed to reject) |
| GS-10 | Revolving Credit Facility Claims | Impaired | Yes |

---

[12]    The holders of Junior Secured Notes Claims are impaired and entitled to vote on the Plan at the following GMACM Debtors: GMACM; they are unimpaired and deemed to accept the Plan at the following GMACM Debtors:  Passive Asset Transactions, LLC; Residential Mortgage Real Estate Holdings, LLC; Home Connects Lending Services, LLC; GMACR Mortgage Products, LLC; ditech, LLC; Residential Consumer Services, LLC; and GMAC Mortgage USA Corporation.

**RFC Debtors**

| Class | Designation | Impairment | Entitled to Vote |
|-------|-------------|------------|------------------|
| RS-1 | Other Priority Claims | Unimpaired | No (presumed to accept) |
| RS-2 | Other Secured Claims | Unimpaired | No (presumed to accept) |
| RS-3[13] | Junior Secured Notes Claims | Impaired / Unimpaired | Yes / No (presumed to accept) |
| RS-4 | RFC Unsecured Claims | Impaired | Yes |
| RS-5 | Borrower Claims | Impaired | Yes |
| RS-6 | Private Securities Claims | Impaired | Yes |
| RS-7 | NJ Carpenters Claims | Impaired | Yes |
| RS-8 | General Unsecured Convenience Claims | Impaired | Yes |
| RS-9 | Intercompany Balances | Impaired | No (deemed to reject) |
| RS-10 | Equity Interests | Impaired | No (deemed to reject) |
| RS-11 | FHFA Claims | Impaired | No (deemed to reject) |
| RS-12 | Revolving Credit Facility Claims | Impaired | Yes |

**RELIEF REQUESTED**

**I.    APPROVAL OF THE DISCLOSURE STATEMENT**

    **A.    Approval of the Disclosure Statement**

        14.    Section 1125 of the Bankruptcy Code provides that before a debtor may solicit votes on a Chapter 11 plan of reorganization, it must provide its creditors with a disclosure statement that is "approved, after notice and a hearing, by the court as containing adequate information."  As discussed in more detail below, the Plan Proponents submit that the Disclosure Statement contains "adequate information" that would enable a hypothetical investor to make an informed judgment about the Plan because it includes, among other things: (a) a discussion about the compromises reflected in the Plan including the basis for the Plan releases and the factual predicates relating thereto, a description of the settlement of the RMBS Trust

---

[13]    The holders of Junior Secured Notes Claims are impaired and entitled to vote on the Plan at the following RFC Debtors: RFC and Homecomings Financial, LLC; they are unimpaired and deemed to accept the Plan at the following RFC Debtors:  GMAC Model Home Finance I, LLC; DOA Holding Properties, LLC; RFC Asset Holdings II, LLC; RFC Construction Funding, LLC; Residential Funding Real Estate Holdings, LLC; Homecomings Financial Real Estate Holdings, LLC; Residential Funding Mortgage Securities I, Inc.; RFC Asset Management, LLC; RFC SFJV-2002, LLC; and RCSFJV2004, LLC.

Claims and claims of MBIA and FGIC that will be settled pursuant to the Plan, the establishment

of a Borrower Claims Trust, which sets a floor of available assets for distributions to borrowers,

the settlement of the Private Securities Claims through the establishment of a Private Securities

Claims Trust, and the treatment of the Junior Secured Noteholders under the Plan, (b) a

discussion of the history of the Debtors and the events leading up to the filing of the Chapter 11

Cases, (c) a summary of the developments during the Chapter 11 Cases, including the successful

mediation sessions that led to entry into the Plan Support Agreement, as well as a summary of

the Examiner's findings and conclusions, and (d) a summary of the Plan, including the treatment

of claims and interests thereunder, the solicitation procedures relating thereto, and the tax

consequences thereof.

15.    Section 1125(a)(1) of the Bankruptcy Code defines "adequate

information" to mean as follows:

> [I]nformation of a kind, and in sufficient detail, as far as is
> reasonably practicable in light of the nature and history of the
> debtor and the condition of the debtor's books and records . . . that
> would enable such a hypothetical investor of the relevant class to
> make an informed judgment about the plan . . . [I]n determining
> whether a disclosure statement provides adequate information, the
> court shall consider the complexity of the case, the benefit of
> additional information to creditors and other parties in interest, and
> the cost of providing additional information. . . .

Thus, a debtor's disclosure statement must, as a whole, provide information that is "reasonably

practicable" to permit an "informed judgment" by creditors and interest holders entitled to vote

on the debtor's plan of reorganization.  Abel v. Shugrue (In re Ionosphere Clubs, Inc.), 179 B.R.

24, 25 n.1 (S.D.N.Y. 1995); see also BSL Operating Corp. v. 125 E. Taverns, Inc. (In re BSL

Operating Corp.), 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986); In re Copy Crafters Quickprint,

Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988).

16.     Courts have broad discretion in determining whether a disclosure statement contains "adequate information."  See In re Worldcom, Inc., No. M-47 HB, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) ("The determination of what is adequate information is subjective and made on a case by case basis.  This determination is largely within the discretion of the bankruptcy court.") (quoting Ionosphere, 179 B.R. at 29) (citation omitted); Kirk v. Texaco, Inc., 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a) . . ."); see also In re PC Liquidation Corp., 383 B.R. 856, 865 (E.D.N.Y. 2008) ("what constitutes 'adequate information' in any particular situation is determined on a case-by-case basis . . . with the determination being largely within the discretion of the bankruptcy court.") (internal citations omitted).  Accordingly, the determination of the adequacy of information in a disclosure statement must be made on a case-by-case basis, focusing on the unique facts and circumstances of each case.  See In re Phoenix Petroleum Co., 278 B.R. 385, 393 (Bankr. E.D. Pa. 2001).

17.     The Plan Proponents request that the Court approve the Disclosure Statement as providing "adequate information" pursuant to section 1125 of the Bankruptcy Code.  The Plan Proponents believe that the Disclosure Statement contains ample and adequate information to allow parties in interest to make informed judgments to vote, to the extent appropriate, on the Plan.  The Disclosure Statement sets forth the following key sections and information contained therein:

| | |
|---|---|
| Introduction and Plan Summary (Article II) | Article II contains an overview of the Chapter 11 process, the solicitation and voting procedures approved by the Bankruptcy Court, and a summary of the Classes of Claims and Equity Interests under the Plan. |
| The Global Settlement (Article III) | Article III contains a description of the process by which the Debtors, the Creditors' Committee, Ally, and the Debtors' major creditor constituencies reached a global compromise that is embodied in the Plan and a plain language summary of the predicate for the settlements therein, including a discussion of the following:<br><br>    1.   the Plan provisions relating to the release of claims that have been or may be |

brought against Ally and its current and former officers and directors relating to the Debtors' businesses. The Disclosure Statement also includes a discussion of Ally's substantial contributions, as well as the importance of the Ally Releases to the negotiations over the terms of the Plan Support Agreement and the potential impact on the Debtors' Estates if the releases are not approved;

2.  the Plan provisions describing and implementing the terms of a settlement of RMBS Trust Claims that provides for, among other things, the allowance, priority, and allocation of claims that have been asserted by trustees for all residential mortgage-backed securitization transactions against the Debtors. The Disclosure Statement describes the components of the settlement with the RMBS Trusts, the treatment of the RMBS Trusts under the Plan and an allocation mechanism. The Disclosure Statement also includes a discussion of how the settlement of RMBS Trust Claims benefits the Debtors' Estates, including a resolution of the single largest set of disputed claims against the Debtors' Estates;

3.  the Plan provisions describing and implementing a settlement of the claims filed by FGIC and MBIA, in their capacities as financial guarantors of certain securities issued by Debtor-sponsored securitization trusts alleging breaches of representations, warranties, and/or covenants in various governing documents and offering documents related to RMBS. The Disclosure Statement includes a full discussion of the treatment of FGIC's and MBIA's claims under the Plan, a description of the process and analysis the Debtors undertook to determine that the settlements, as outlined in the Plan, represent a reasonable resolution of the novel and fact-intensive issues that could burden the Debtors' Estates with expensive and time-consuming litigation;

4.  the Plan provisions relating to the release of claims against the Debtors' current and former directors regarding their pre- and post-petition actions;

5.  the Plan provisions relating to the Debtors' performance of all respective obligations under the DOJ/AG Settlement (other than those obligations under the DOJ/AG Settlement that Ocwen and Walter perform under the Ocwen APA), the Consent Order, and the Order of Assessment, and the release of Ally and the Debtors' directors and officers from all further obligations relating thereto;

6.  the Plan provisions relating to the treatment of the Junior Secured Noteholders which provides that the Junior Secured Noteholders will receive payment in full on account of their Allowed Claims plus any interest the Court determines is allowed pursuant to the pending adversary proceedings challenging the extent and validity of the Junior Secured Noteholders' claims and security interests. The Disclosure Statement describes the Debtors' and the Creditors' Committee's position that the Junior Secured Noteholders are significantly undersecured and not entitled to any post-petition interest;

7.  a description of the rationale for the resolution of subrogation issues and a settlement of Intercompany Claims, including the steps the Debtors took in evaluating each of the Intercompany Claims to reach the conclusion that settlement of the Intercompany Claims is in the best interests of the Estates

| | and all creditors; |
|---|---|
| | 8. the Plan provisions relating to the treatment of securities claims and borrower claims through the creation of a Private Securities Claims Trust and the Borrower Claims Trust that will streamline recoveries to holders of these claims; and |
| | 9. the agreed upon allocation of the Available Assets among the Debtor Groups and creditor constituencies to fund accrued and projected administrative expenses. |
| Background (Article IV) | Article IV contains a description of the history of the Debtors, their businesses, their prepetition restructuring initiatives, and the events leading up to these Chapter 11 Cases, including the pre-petition discussions between the Debtors and AFI and the Debtors and certain institutional investors in Debtor-sponsored securitization trusts. In particular, Article II includes a description of the benefits conferred upon the Estates by entering into the Pre-petition AFI-ResCap Settlement Agreement, the post-petition settlement between Ally and the Debtors as embodied in the Plan Support Agreement, and the impact that claims against Ally could have on the Debtors' Estate through indemnification, contribution and insurance obligations among Ally and the Debtors. Article IV also includes a comprehensive discussion of the pre-petition settlement agreements entered into by the Debtors and certain RMBS Trustees, the benefits conferred upon the Estates through entry into such agreements and the settlement between the RMBS Trustees and the Debtors as embodied in the Plan Support Agreement. Finally, Article IV also includes a discussion of the JSN Plan Support Agreement with the Ad Hoc Group prior to the Petition Date, which agreement has subsequently been terminated by the Ad Hoc Group. |
| Developments in the Chapter 11 Cases (Article V) | Article V contains a description of developments in these Chapter 11 Cases, including the consummation of the Asset Sales, appointment of the Examiner, appointment of the Mediator, appointment of a Chief Restructuring Officer and a thorough discussion of pre- and post-petition litigations involving the Debtors and their Estates. Article V also includes a description of the Plan Support Agreement, the claims resolution process the Debtors have undertaken, and the basis for the Debtors determination that the intercompany balances reflected in the Debtors' Schedules are properly compromised pursuant to the Plan Support Agreement. Article V also includes a summary of the findings and conclusions reached by the Examiner in the Examiner's Report and the Debtors belief that the Examiner's Report is inadmissible as unsubstantiated hearsay and should not have any meaningful impact on confirmation of the Plan. |
| Summary of the Plan (Article VI) | Article VI contains detailed information concerning the Plan, including, among other things, information regarding treatment of Claims and Equity Interests under the Plan and creation and implementation of various trusts to administer the Estates following consummation of the Plan. |
| Voting Procedures (Article VII) | Article VII contains information concerning the voting and tabulation procedures for Classes of Claims and Equity Interests entitled to vote on the Plan. |
| Recovery Analysis (Article VIII) | Article VIII contains a summary of the potential recoveries for holders of Claims and Equity Interests if the Plan is confirmed, including a liquidation analysis intended to reflect satisfaction of the "best interests of creditors" test. |
| Confirmation of the | Article IX contains information to assist the Court and parties in interest in |

| Plan (Article IX) | determining whether the Plan complies with the Bankruptcy Code. |
| Risk Factors (Article X) | Article X sets forth certain risk factors that may affect the Plan, including risks associated with the Debtors' businesses, approval of the release and exculpation provisions in the Plan and the litigation between the Debtors, the Creditors' Committee and the Junior Secured Noteholders regarding their entitlement to post-petition interest and the impact on creditor recoveries, as well as certain risks associated with forward-looking statements.  Article X also contains disclaimers regarding the information provided by and set forth in the Disclosure Statement. |
| Certain U.S. Federal Income Tax Consequences of the Plan (Article XI) | Article XI contains a description of certain U.S. federal income tax law consequences of the Plan. |
| Securities Law Matters (XII) | Article XII contains a description of certain securities law matters relating to the issuance of the Liquidation Trust Units pursuant to section 1145 of the Bankruptcy Code and section 4 of the Securities Act. |
| Conclusion and Recommendation (Article XIV) | Article XIV contains a recommendation by the Debtors and the Creditors' Committee that holders of Claims and Equity Interests in the voting classes should vote to accept the Plan. |

18.     Accordingly, the Plan Proponents submit that the Disclosure Statement contains more than sufficient information for a hypothetical reasonable investor to make an informed judgment about the Plan and complies with all aspects of section 1125 of the Bankruptcy Code and, accordingly, respectfully request that the Court approve the Disclosure Statement.  See Phoenix Petroleum, 278 B.R. at 393 n.6 (listing the factors courts consider when determining the adequacy of information provided in a disclosure statement).

**B.     The Disclosure Statement Provides Sufficient Notice of Injunction, Exculpation and Release Provisions in the Plan**

19.     Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to the injunction.  Fed. R. Bankr. P. 3016(c).

20.     Article V of the Disclosure Statement describes in detail the entities subject to an injunction under the Plan and the acts that they are enjoined from pursuing.

Further, the language in Article V of the Disclosure is in bold, making it conspicuous to anyone who reads it. Accordingly, the Plan Proponents respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c) by conspicuously describing the conduct and parties enjoined by the Plan.

## II.    APPROVAL OF THE FORM AND MANNER OF THE DISCLOSURE STATEMENT HEARING NOTICE

21.    Bankruptcy Rule 3017(a) requires that notice of the hearing to consider a proposed disclosure statement be provided to creditors, equity security holders and other parties in interest. See Fed. R. Bankr. P. 3017(a) (providing that after a disclosure statement is filed, it must be mailed with the notice of the hearing to consider the disclosure statement and any objections or modifications thereto on no less than 28 days' notice); see also Fed. R. Bankr. P. 2002(b) (requiring not less than 28 days' notice by mail of the time for filing objections and the hearing to consider the approval of a disclosure statement). Additionally, Local Rule 3017-1(b) requires that a proposed disclosure statement contain a specific disclaimer that the proposed disclosure statement has not yet been approved.

22.    The Debtors, with the assistance of KCC, will provide notice in the form attached as Exhibit 2 (the "Disclosure Statement Hearing Notice"), of the hearing to consider approval of the Disclosure Statement (the "Disclosure Statement Hearing"). The Disclosure Statement Hearing Notice identifies the date, time and place of the Disclosure Statement Hearing as [August 21, 2013] at 10:00 a.m. (Eastern Time), indicated the deadline, [August 5, 2013] at 4:00 p.m. (Eastern Time) (the "Disclosure Statement Objection Deadline") and procedures for filing objections to approval of the Disclosure Statement and explained how to obtain the Disclosure Statement (which includes the disclaimer required by Local Rule 3017-1(b)) and/or the exhibits thereto. The Disclosure Statement Hearing Notice was provided [on at least twenty-

eight (28)] calendar days' notice, by electronic transmission, by overnight mail, or by first class

mail upon:

(a)    the United States Trustee;

(b)    counsel to the Creditors' Committee;

(c)    all persons or entities that have requested notice of the proceedings in the Chapter 11 cases;

(d)    all persons or entities that have filed claims as of the date hereof;

(e)    all known creditors or known holders of prepetition claims as of the date of this Order, including all persons or entities listed in the Schedules at the addresses stated therein;

(f)    all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules[14] at the addresses stated therein;

(g)    all parties to litigation with the Debtors;

(h)    all parties to litigation with Ally relating to the Debtors' businesses, regardless of whether such parties are entitled to vote on the Plan;

(i)    all known members of potential class action lawsuits;

(j)    the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney for the Southern District of New York and any other required governmental units;

(k)    the parties listed on the Special Service List and the General Service List (each as defined in the Case Management Procedures Order[15]);

(l)    known potential creditors with claims unknown by the Debtors;

(m)    all holders of Claims and Equity Interests regardless of whether such holders are entitled to vote on the Plan; and

(n)    such additional persons and entities as deemed appropriate by the Plan Proponents.

---

[14]    See Docket Nos. 548-649.

[15]    See Case Management Procedures, dated May 23, 2012 [Docket No. 141].

23.     Bankruptcy Rule 2002(l) permits the Court to order "notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  In addition to mailing the Disclosure Statement Hearing Notice, the Debtors will publish the Disclosure Statement Notice on or before [July 9, 2013], once in each of the national editions of *The Wall Street Journal* and *USA Today*.  The Plan Proponents believe that such publication of the Disclosure Statement Hearing Notice will provide sufficient notice to persons who do not otherwise receive notice by mail.[16]

24.     The Debtors will not re-distribute any Disclosure Statement Hearing Notice that is returned as undeliverable with no forwarding address.  The Debtors will post the Disclosure Statement Hearing Notice on the Debtors' restructuring website at www.kccllc.net/rescap, where it can be reviewed without charge.

25.     The Plan Proponents submit that, through these procedures, they have provided adequate notice of the hearing on the adequacy of the Disclosure Statement and request that the Court approve such notice as appropriate and in compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## III.     APPROVAL OF CERTAIN DATES AND DEADLINES SET FORTH IN THE PLAN CONFIRMATION SCHEDULE

26.     The Plan Proponents also request that the Court approve the Plan Confirmation Schedule, in accordance with section 1126(c) of the Bankruptcy Code and Bankruptcy Rules 3017(d) and 3018(a).

---

[16]    The Debtors will provide notice of the Disclosure Statement Hearing by publication to all current or former mortgagors under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors (collectively, "Borrowers"), and who received notice of the General Bar Date, but failed to file a proof of claim. The Debtors submit that such notice by publication is fair, adequate, and sufficient notice of the Disclosure Statement Hearing under the circumstances of these Chapter 11 Cases.  However, as set forth below, the Borrowers will receive a Confirmation Hearing Notice.

A.    **The Voting Record Date**

27.    Bankruptcy Rule 3017(d) provides that upon approval of a disclosure

statement, except to the extent that the Court orders otherwise with respect to one or more

unimpaired classes of creditors or equity security holders, a debtor shall mail to all creditors and

equity security holders, and the United States Trustee, a copy of the plan, the disclosure

statement, notice of the voting deadline, and such other information as the court may direct.

Fed. R. Bankr. P. 3017(d).

28.    For purposes of soliciting votes in connection with the confirmation of a

plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures,

notes and other securities of record on the date the order approving the disclosure statement is

entered or another date fixed by the court, for cause, after notice and a hearing." Id.

Additionally, Bankruptcy Rule 3018(a) provides, in relevant part, that:

> [A]n equity security holder or creditor whose claim is based on a
> security of record shall not be entitled to accept or reject a plan
> unless the equity security holder or creditor is the holder of record
> of the security on the date the order approving the disclosure
> statement is entered or on another date fixed by the court, for
> cause, after notice and a hearing.

Fed. R. Bankr. P. 3018(a).

29.    Bankruptcy Rule 3001(e) permits holders of claims against a debtor to

transfer those claims to another party after the original claimant files its proof of claim

("Transferred Claims") and also requires the transferee of a Transferred Claim to file evidence of

the transfer with the Clerk of the Court.  The Plan Proponents propose that the transferee of a

Transferred Claim will be entitled to receive a Solicitation Package and cast a Ballot on account

of such Transferred Claim only if (a) all actions necessary to effect the transfer of the Claim

pursuant to Bankruptcy Rule 3001(e) have been completed by 5:00 p.m. (Eastern Time) one (1)

business day prior to the Voting Record Date, or (b) the transferee files one (1) business day prior to the Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.

30.     The Plan Proponents request that the Court exercise its authority under Bankruptcy Rules 3017(d) and 3018(a) and establish [August 16, 2013] at 5:00 p.m., as the voting record date (the "Voting Record Date").  The retroactive establishment of the Voting Record Date is appropriate to (a) facilitate the determination of which creditors are entitled to vote or accept or reject the Plan, or, in the case of holders of Claims and Equity Interests in the Non-Voting Classes, to receive the Notice of Non-Voting Status – Unimpaired Classes or Notice of Non-Voting Status – Impaired Classes and (b) to determine whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the Claim.

**B.     The Voting Deadline**

31.     Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the court shall set a time within which the holders of claims or equity interest may accept or reject a plan.  Fed. R. Bankr. P. 3017(c).  The Plan Proponents anticipate completing transmission of the Solicitation Packages by [August 29, 2013] (the "Solicitation Deadline").  Accordingly, the Plan Proponents request that the Court exercise its authority under Bankruptcy Rule 3017(c) to establish [October 10, 2013] at 7:00 p.m. (Eastern Time) as the deadline for voting on the Plan (the "Voting Deadline").  The Plan Proponents propose that for votes to be counted, all Ballots and Master Ballots must be properly executed, completed, and delivered to KCC by (a) first class mail; (b) overnight courier; or (c) personal delivery, so that they are **actually received by KCC no later than the Voting Deadline**.  The Confirmation Hearing Notice will prominently state the Voting Deadline.

32.     Authority is requested to extend, for any reason deemed appropriate by the Plan Proponents, the time which Ballots may be accepted.  Such extensions may be made by the Plan Proponents by oral or written notice to KCC.  Any instance in which the Voting Deadline is extended shall be highlighted and listed in the Voting Certification.

33.     The Plan Proponents submit that the following proposed solicitation period – approximately [43] days – is a sufficient and adequate period within which creditors can make informed decisions to accept or reject the Plan and submit timely Ballots, and for the Voting Nominees to distribute the Beneficial Owner Ballots and complete and submit Master Ballots.

### C.     The Plan Objection Deadline

34.     The Plan Proponents request that the Court direct the manner in which objections to confirmation shall be made.  Fed. R. Bankr. P. 3020(b)(1).  Pursuant to Bankruptcy Rule 3020(b)(l), objections to confirmation of a plan must be filed and served "within a time fixed by the Court."  Fed. R. Bankr. P. 3020(b)(1).  Local Rule 3020-1 further provides that objections to confirmation of a plan must be submitted "not later than seven days prior to the first date set for the hearing to consider confirmation of the plan."  Bankr. S.D.N.Y. L.R. 3020-1. The Plan Proponents request that the Court establish [October 10, 2013] at 4:00 p.m. Eastern Time as the deadline (the "Plan Objection Deadline") by which objections to the Plan, if any, must be filed and served in accordance with the Confirmation Hearing Notice.  The Plan Proponents believe that the Plan Objection Deadline will afford the Court, the Plan Proponents, and other parties in interest reasonable time to consider the objections and proposed modifications prior to the Confirmation Hearing.

### D.    The Confirmation Hearing

35.    Section 1128(a) of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  11 U.S.C. § 1128(a).  Bankruptcy Rule 3017(c) provides, in relevant part, that "[o]n or before approval of the disclosure statement, the court . . . may fix a date for the hearing on confirmation [of the plan]."  Fed. R. Bankr. P. 3017(c).

36.    In accordance with section 1128 of the Bankruptcy Code and Bankruptcy Rule 3017(c), the Plan Proponents request that the Confirmation Hearing be scheduled on [November 6, 2013] at 10:00 a.m. (Eastern Time) (the "Confirmation Hearing").  The Plan Proponents propose that the Confirmation Hearing may be continued from time to time by the Court or the Plan Proponents without further notice other than by such adjournment being announced in open court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court

37.    The Plan Proponents submit that the proposed timing for the Confirmation Hearing is in compliance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules and will enable the Plan Proponents to pursue confirmation on a timely basis.

### IV.    APPROVAL OF THE SOLICITATION PROCEDURES

38.    The Plan Proponents seek Court approval of the Solicitation Procedures in order to facilitate an efficient and expeditious solicitation process in connection with the Plan utilizing the services of KCC to act as claims, solicitation, and ballot agent.  The Solicitation Procedures include: (a) the forms of voting ballots; (b) the form of the notice relating to certain key dates and facts relating to Plan confirmation; (c) the contents of and the form of documents comprising the proposed Solicitation Package (as defined below) to be distributed to creditors in connection with solicitation of votes on the Plan; (d) the contents and form of documents

distributed to those creditors not entitled to vote on the Plan; (e) the deadline for submitting

voting ballots; and (f) the Voting Record Date.

39.    As described in more detail below, the Plan Proponents respectfully

submit that the Solicitation Procedures provide adequate notice to the large number of Claim and

Interest Holders in these cases, and affords a fair and reasonable opportunity to vote on the Plan.

### A.    Parties Entitled To Vote

40.    The Debtors have filed schedules of assets and liabilities (collectively, and

as may be amended, the "Schedules") and on August 29, 2012, the Court entered the Bar Date

Order.  Claimants who have timely filed proofs of claim or have been scheduled by the Debtors

and are classified in the Plan in the following classes of Claims are entitled to vote:  **R-3, R-4, R-**

**5, R-6, R-7, R-8, R-12, GS-3, GS-4, GS-5, GS-6, GS-7, GS-10, RS-3, RS-4, RS-5, RS-6, RS-**

**7, RS-8, and RS-12**[17] (collectively, the "Voting Classes").  Holders of Claims in the Voting

Classes may vote **unless** such a claim meets the following criteria (the "Voting Non-Eligibility

Criteria")—

> (a) as of the Voting Record Date, the outstanding amount of such claim is not
>     greater than zero ($0.00);
>
> (b) as of the Voting Record Date, such claim has been disallowed or
>     expunged;
>
> (c) the Debtors scheduled such claim as contingent, unliquidated, or disputed
>     and a proof of claim was not filed by the General Bar Date or deemed
>     timely filed by order of the Court at least five (5) business days prior to the
>     Voting Deadline; or
>
> (d) such claim is subject to an objection by [September 10, 2013].

---

[17]    Holders of Junior Secured Notes Claims in Classes **R-3, GS-3 and RS-3** are unimpaired at certain Debtors and,
with respect to such Debtors, are presumed to have accepted the Plan.  Accordingly, votes submitted by holders
of Junior Secured Notes at such Debtors will not be counted.

41.    Creditors who are not included in the Schedules and who have not timely filed a proof of claim by the General Bar Date, or meet the Voting Non-Eligibility Criteria, will not be entitled to vote.

42.    The following classes of Claims and Equity Interests are not entitled to vote (collectively, the "Non-Voting Classes"): **R-1, R-2, R-9, R-10, R-11, GS-1, GS-2, GS-8, GS-9, RS-1, RS-2, RS-9, RS-10, and RS-11**.

**B.    Objections to Claims for Voting Purposes Only**

43.    The proposed deadline for filing and serving objections, if any, to claims solely for the purpose of determining which creditors are entitled to vote to accept or reject the plan ("Objection for Voting Purposes") is [September 10, 2013] (the "Voting Purposes Objection Deadline").  The Voting Purposes Objection Deadline is a deadline solely for the purpose of determining whether a claim meets the Voting Non-Eligibility Criteria.  The deadline is not intended to be a deadline by which the Plan Proponents or any other party must file objections to the allowance of any Claim or Equity Interest for any other purpose.

**C.    Temporary Allowance of Claims for Voting Purposes**

44.    Bankruptcy Rule 3018(a) provides that "the court after notice and hearing may temporarily allow [any] claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan."  The following proposed procedures provide a fair and reasonable voting process for all creditors.

45.    For voting purposes, it is proposed that each claim within the Voting Classes be counted for voting purposes in an amount equal to the amount of the claim as set forth in (a) the Schedules or (b) the filed proof of claim as reflected in the claims register maintained by KCC as of the Voting Record Date, subject to the following exceptions:

(a) If a claim meets any of the Voting Non-Eligibility Criteria such claim will be disallowed for voting purposes;

(b) If a claim is deemed allowed in accordance with the Plan, an order of the Court or a stipulated agreement between the parties, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(c) If a proof of claim was timely filed in accordance with the applicable procedures set forth in the Bar Date Order, in a liquidated amount, such claim will be temporarily allowed in the amount set forth in the proof of claim, unless such claim is contingent on its face (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) or disputed as set forth in subparagraph (h) below;

(d) If a claim for which a proof of claim has been timely filed is (i) contingent or unliquidated (as determined on the face of the proof of claim or after a review of the supporting documentation by the Plan Proponents), or (ii) does not otherwise specify a fixed or liquidated amount, the claimant will be allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(e) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim will be disallowed for voting purposes;

(f) If a claim is represented by a timely filed proof of claim and determined by the Plan Proponents (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) to be contingent or unliquidated in part, such claim will be temporarily allowed in the amount that it is liquidated and non-contingent for voting purposes only;

(g) Notwithstanding anything to the contrary contained herein, if an unsecured claim for which a proof of claim has been timely filed also contains a secured claim in an unliquidated amount based solely on a reservation of a right of setoff, the claimant will only be entitled to vote the unsecured claim in the applicable unsecured Plan class and will not be entitled to vote the secured claim in the otherwise applicable secured Plan class;

(h) If the Plan Proponents have filed an objection to a claim no later than the Voting Purposes Objection Deadline, such claim will be temporarily disallowed for voting purposes, except as otherwise ordered by the Court pursuant to a Temporary Allowance Request Motion; *provided, however*, that if the Plan Proponents' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim will be temporarily allowed for voting purposes in the reduced amount and/or reclassified,

except as otherwise ordered by the Court before the Voting Deadline
pursuant to a Temporary Allowance Request Motion;

(i) If a claim is allowed pursuant to an order of the Court on or before
[October 9, 2013] in connection with a Temporary Allowance Request
Motion, then such claimant will be entitled to vote to accept or reject the
Plan in accordance with the terms of such order;

(j) If a claim has been allowed for voting purposes by order of the Court, such
claim will be temporarily allowed in the amount so allowed by the Court
for voting purposes only, and not for purposes of allowance or
distribution;

46.      If any claimant elects to challenge the disallowance or classification or its

claim for voting purposes, such claimant shall file with the Court a motion (a "Temporary

Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it

may assert is proper, including the temporary allowance or reclassification of its claim solely for

voting purposes.  The claimant's Ballot will not be counted, unless temporarily allowed by an

order entered on or before [October 9, 2013] or as otherwise ordered by the Court.  The

following sets forth the proposed briefing schedule for the filing of a Temporary Allowance

Request Motions:

(a) All Temporary Allowance Request Motions must be filed and served on or
before the [10th] day after the later of (i) service of the Confirmation
Hearing Notice if an objection to a specific claim is pending, and (ii)
service of a notice of an objection, if any, as to the specific claim, but in
no event later than [September 20, 2013];

(b) All objections and responses to Temporary Allowance Request Motions
must be filed and served on or before [October 1, 2013] at 12:00 p.m.;

(c) A claimant may file a reply to any objection or response to its motion on
or before [October 3, 2013] at 4:00 p.m.; and

(d) Any order temporarily allowing such claims must be entered on or before
[October 9, 2013] or as otherwise ordered by the Court.

47.    Notwithstanding the foregoing, the Plan Proponents and a claimant may agree and stipulate to treatment of specific claims for voting purposes pursuant to a notice of presentment that is filed with the Court on no less than three (3) days' notice.

48.    Temporary Allowance Request Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the claimant(s) pursuing the Temporary Allowance Request Motion; (d) set forth the name(s) of the Debtor(s) against which the claim(s) is/are asserted; (e) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (f) be filed and served in accordance with the Case Management Procedures Order, in each case so as to be received by the following parties (the "Notice Parties") (with a copy to the chambers of the Honorable Martin Glenn, United States Bankruptcy Judge) no later than [September 20, 2013]:

(a)    the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn: Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com;

(b)    the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com;

(c)    Ally, if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn: William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and

(d)    the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street,

Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

49.    Temporary Allowance Request Motions not compliant with the foregoing will not be considered by the Court and deemed denied except as otherwise ordered by the Court.

50.    Any claimant timely filing and serving a Temporary Allowance Request Motion shall be provided with a Ballot and shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline, pending a determination of such motion by the Court.  No later than two (2) business days after the filing and service of such Temporary Allowance Request Motion, KCC will send the movant a Solicitation Package, and the movant shall be required to return its ballot to KCC by the Voting Deadline.

51.    If the Plan Proponents and such claimant are unable to resolve the issues raised by the Temporary Allowance Request Motion prior to the Voting Deadline, such Temporary Allowance Request Motion shall be considered by the Court at such time as it shall direct.  At such hearing, the Court shall determine whether the provisional Ballot should be allowed to the extent for voting purposes and the amount(s) of the claim(s) that may be voted.

**D.    Approval of Solicitation Packages and Procedures for Distribution Thereof**

52.    Bankruptcy Rule 3017(d) specifies the materials that must be provided to holders of claims and equity interests for the purpose of solicitation of their votes and providing adequate notice of the hearing on confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor-in-possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1)    the plan or a court approved summary of the plan;

(2)     the disclosure statement as approved by the court;

(3)     notice of the time within which acceptances and
        rejections of the plan may be filed; and

(4)     any other information as the court may direct,
        including any court opinion approving the
        disclosure statement or a court-approved summary
        of the opinion.

53.     In addition, notice of the time established for filing and service of

objections and the hearing on confirmation will be sent to all creditors entitled to vote in

accordance with Bankruptcy Rule 2002(b), together with a form of ballot conforming to Official

Bankruptcy Form No. 14, substantially in the form attached to the Disclosure Statement

Approval Order as Exhibits A-1 though A-7 (the "Ballots"), as modified to reflect the amount

and nature of the claimant's claim, will be sent to claimants entitled to vote on the Plan.

54.     After approval of the Disclosure Statement as containing adequate

information as required by section 1125, the Plan Proponents propose to mail or cause to be

mailed the following materials in connection with the voting on the Plan and notice of the

Confirmation Hearing the ("Solicitation Packages") containing the materials described below or

as otherwise ordered by the Court and will transmit or cause the Solicitation Packages to be

transmitted by no later than [August 29, 2013] or as soon thereafter as reasonably practicable.

55.     In accordance with Bankruptcy Rule 3017(d), each Solicitation Package

shall contain a copy of–

(a) a copy of the Disclosure Statement Approval Order granting the relief
    requested herein (without any exhibits);

(b) the Confirmation Hearing Notice; and

(c) if the recipient is a Voting Creditor or Voting Nominee, (i) the
    Confirmation Hearing Notice, (ii) the Disclosure Statement, including the
    Plan as an attachment, (iii) a Ballot, and (iv) letters explaining the Plan
    Proponents' recommendation that the creditor vote in favor of the Plan, in

the form attached to the Disclosure Statement Order as <u>Exhibit D</u>, and, as
appropriate, a postage-prepaid envelope;[18] **OR**

(d) if the recipient is a holder of a claim or equity interest is a Non-Voting
Class, **only** a Notice of Non-Voting Status – Unimpaired Classes or a
Notice of Non-Voting Status – Impaired Classes (together, the "<u>Notices of
Non-Voting Status</u>"); and

(e) such other materials as may be ordered or permitted by the Court.

56.    For the avoidance of doubt, holders of Junior Secured Notes Claims in

Classes **R-3, GS-3, and RS-3** will receive Ballots for all of the Debtors at which they have

Claims regardless of whether Junior Secured Noteholder Claims at such Debtor are unimpaired

and deemed to have accepted the Plan.  Holders of Junior Secured Notes Claims shall be allowed

to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline with

respect to each Debtor against which they have Claims, *provided* that votes cast in classes in

which holders of Junior Secured Notes Claims are unimpaired shall not be counted for voting

purposes.

57.    Each lead plaintiff or class representative in a class action lawsuit filed

against the Debtors that has been settled, resolved prior to, or in connection with, confirmation of

the Plan, or as otherwise allowed for voting purposes, will receive a Ballot which will be

tabulated as provided for in the Tabulation Procedures.

58.    In addition, to avoid duplication and reduce expenses, the Plan Proponents

request that KCC be authorized (but not directed) to provide creditors who have filed duplicate

claims against the Debtors (whether against the same or multiple Debtors) which are classified

---

[18]    Consistent with securities industry practice in bankruptcy solicitations, Ballots will be distributed to Voting
Nominees together with the Solicitation Packages to be forwarded by them to the beneficial owners.
Solicitation Packages will be distributed to beneficial owners approximately seven (7) days after the initial
distribution of Solicitation Packages to the Voting Nominee.

under the Plan in the same class with only one Solicitation Package and the appropriate number

of Ballots (if applicable) for voting their claims with respect to that class.

59.     In the interests of economy, copies of the Disclosure Statement and the

Plan included in the Solicitation Package will be provided in PDF format on an optical disc, such

as a CD-ROM (with the exception of the Ballots and the Confirmation Hearing Notice, which

will be provided in printed hard copies) instead of printed hard copies.  Nonetheless, if requested

in writing to KCC at ResCap Balloting Center, c/o KCC, 2335 Alaska Ave, El Segundo, CA

90245, or by calling (888) 251-2914 by a party in interest, printed hard copies will be provided

to such person.  The Solicitation Package (except the Ballots) can also be obtained by accessing

www.kccllc.net/rescap.  In addition, copies of the Disclosure Statement and Plan are on file with

the Office of the Clerk of the Court (One Bowling Green, New York, New York, 10004) for

review during normal business hours.[19]

60.     The distribution of the Solicitation Packages by [August 29, 2013] will

provide all holders of Claims entitled to vote on the Plan with the requisite materials and

sufficient time to make an informed decision with respect to the Plan.  See Fed. R. Bankr. P.

3017(d) (providing that, after approval of a disclosure statement, a debtor must transmit the plan,

the approved disclosure statement, a notice of the time within which acceptances and rejections

of such plan may be filed, and any other information that the Court may direct to certain holders

of claims); Fed. R. Bankr. P. 2002(b) (requiring not less than 28 days' notice by mail of the time

for filing objections and the hearing to consider the confirmation of a chapter 11 plan).

---

[19]  Similar procedures have been approved in numerous other chapter 11 cases in this district.  See, e.g., In re Gen.
Maritime Corp., No. 11-15285 (MG) (Bankr. S.D.N.Y. Feb. 29, 2012) [Docket No. 341]; In re Sbarro, Inc., No.
11-11527 (SCC) (Bankr. S.D.N.Y.  Oct. 11, 2011) [Docket No. 582]; In re Chemtura Corp., No. 09-11233
(REG) (Bankr. S.D.N.Y. Aug. 5, 2010) [Docket No. 3491]; In re Lyondell Chem. Co., No. 09-10023 (REG)
(Bankr. S.D.N.Y. Mar. 11, 2010) [Docket No. 3941]; In re The Readers' Digest Ass'n, No. 09-23529 (RDD)
(Bankr. S.D.N.Y. Nov. 30, 2009) [Docket No. 318]; In re Mark IV Indus., Inc., No. 09-12795 (SMB) (Bankr.
S.D.N.Y. Jul. 30, 2009) [Docket No. 377].

61.     The Plan Proponents anticipate that some notices and/or Solicitation

Packages may be returned by the United States Postal Service as undeliverable.  The Plan

Proponents believe that it would be costly and wasteful to mail such notices and/or Solicitation

Packages to the same addresses to which undeliverable notices were mailed.  Therefore, the Plan

Proponents request that the Court waive the strict notice provisions of Bankruptcy Rules 2002(b)

and 3017(d) unless a new mailing address is provided to KCC and Debtors before [August 28,

2013].

62.     The Plan Proponents submit that the proposed notice and service

procedures are adequate and sufficient for the purposes of section 1125 of the Bankruptcy Code

and should be approved and that the Solicitation Packages contain all of the materials required to

be transmitted pursuant to Bankruptcy Rule 3017(d).

**E.      Approval of Form of Ballots**

63.     Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot that

substantially conforms to Official Form No. 14 only to "creditors and equity security holders

entitled to vote on the plan."  The Plan Proponents intend to distribute the Ballots to the parties

entitled to vote on the Plan.  The forms for the Ballots are based on Official Form No. 14, but

have been modified to address the particular aspects of the Plan and these Chapter 11 Cases, to

include certain additional information that may be relevant and appropriate for each class of

claims entitled to vote.  Only the holders of Claims in the Voting Classes are entitled to vote on

the Plan.  To be counted, all votes must be cast by using the ballot enclosed with the Solicitation

Package and be received by Voting Deadline.

64.    Holders of Claims in Classes **R-4,**[20] **GS-4, and RS-4** will receive a Ballot substantially in the form annexed to the Disclosure Statement Approval Order as <u>Exhibit A-5</u> ("<u>General Ballot A</u>"), which may be non-substantively marked and identified to the specific class of claimant.  For the Allowed Claims of the RMBS Trusts classified in Classes GS-4 and RS-4, the respective RMBS Trustees will receive a conformed copy General Ballot A as marked and identified to the specific class.  The respective RMBS Trustees will vote on behalf of the RMBS Trusts via a consolidated Ballot substantially in the form of General Ballot A (collectively, the "<u>RMBS Trustee Ballots</u>"), to which the respective RMBS Trustees will provide an annex listing all the RMBS Trusts with an Allowed Claim for which each RMBS Trustee is voting.

65.    Holders of Claims in Classes **R-5, R-6, R-7, R-8, GS-5, GS-6, GS-7, RS-5, RS-6, RS-7, and RS-8**[21] will receive a Ballot substantially in the form annexed to the Disclosure Statement Approval Order as <u>Exhibit A-6</u> ("<u>General Ballot B</u>", and together with General Ballot A, the "<u>General Ballot</u>"), which may be non-substantively marked and identified to the specific class of claimant.  The primary difference between General Ballot A and General Ballot B is that General Ballot A provides recipients with an election to be treated as a Class R-8 ResCap General Unsecured Convenience Claim, a Class GS-7 GMACM General Unsecured Convenience Claim or a Class RS-8 RFC General Unsecured Convenience Claim, as applicable.

66.    With respect to the Ballots that will be sent to holders of Junior Secured Notes Claims or Senior Unsecured Notes Claims in Classes **R-3, R-4, GS-3, and RS-3** (together, the "<u>Notes Claims</u>"), the Plan Proponents request authority to send Ballots to record holders of

---

[20]    In accordance with paragraphs 66 through 68 below, holders of Senior Unsecured Notes in Class **R-4** will receive a Master Ballot and a Beneficial Holder Ballot, attached to the Disclosure Statement Approval Order as <u>Exhibits A-3 and A-4</u>, respectively.

[21]    Holders of Borrower Claims, Private Securities Claims, and NJ Carpenters Claims may not elect to be placed into a convenience class and are only entitled to receive recoveries from the Borrower Claims Trust, the Private Securities Claims Trust, and the NJ Carpenters Claims Distribution, as applicable.

such Notes Claims including the bank, brokerage firm, or other agent or nominees (collectively, the "Voting Nominee").[22]  With respect to **Classes R-3, GS-3, and GS-3**, each Voting Nominee will be entitled to receive reasonably sufficient copies of beneficial owner Ballots for holders of holding Notes Claims in substantially the form annexed to the Disclosure Statement Approval Order in Exhibit A-1 (each a "Beneficial Owner Ballot") and Solicitation Packages to distribute to the beneficial owners of the Notes Claims for whom such Voting Nominee holds such Notes Claims.  The Debtors shall be responsible for each such Voting Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of Beneficial Owner Ballots and Solicitation Packages to the beneficial owners of the Notes Claims and tabulation of the Beneficial Owner Ballots.  Additionally each Voting Nominee will receive returned Beneficial Owner Ballots from the beneficial owners, tabulate the results, and return, *inter alia*, such results to KCC, in a ballot in the form annexed to the Disclosure Statement Approval Order in Exhibit A-2 (a "Master Ballot") by the Voting Deadline, or arrange for beneficial holders to receive "prevalidated" Ballots for direct return for KCC before the Voting Deadline.

67.    A Voting Nominee has two options with respect to voting.  Under the first option, the Voting Nominee will forward the Solicitation Package to each beneficial owner of the Notes Claims entitled to vote on the Plan for voting and include a return envelope provided by and addressed to the Voting Nominee, so that the beneficial owner may return the completed

---

[22]    The Plan Proponents also propose to transmit an electronic copy of the Solicitation Package to Euroclear Bank S.A./N.V. ("Euroclear") and to Clearstream Banking, société anonyme ("Clearstream") to transmit the Solicitation Package to Voting Nominees who hold the Junior Secured Notes or Senior Unsecured Notes through Euroclear or Clearstream, respectively, as of the Voting Record Date.  The Voting Nominees will then forward the Solicitation Package to beneficial owners of Junior Secured Notes or Senior Unsecured Notes who hold such Junior Secured Notes or Senior Unsecured Notes through them, for voting pursuant to the procedures described below.  The Voting Nominee will also instruct Euroclear or Clearstream, as applicable, to disclose their Voting Record Date position to KCC.  Transmittal of Solicitation Packages to any holders of Junior Secured Notes or Senior Unsecured Notes held exclusively through Euroclear or Clearstream shall be deemed good, adequate, and sufficient notice if it is delivered by electronic mail on or before [August 29, 2013] on Euroclear and Clearstream.

Beneficial Owner Ballot to the Voting Nominee.  The Voting Nominee will then summarize the individual votes of its respective beneficial owners from their individual Beneficial Owner Ballots on the appropriate Master Ballot, in substantially the form of the Master Ballot, and then return the Master Ballot to KCC by the Voting Deadline.  The Voting Nominee should advise the beneficial owners to return their Beneficial Owner Ballots to the Voting Nominee by a date calculated by the Voting Nominee to allow it to prepare and return the Master Ballot to KCC so that the Master Ballot is **actually received** by KCC by the Voting Deadline.

68.    Under the second option, the Voting Nominee elects to "prevalidate" the Beneficial Owner Ballot contained in the Solicitation Package and then forward the Solicitation Package to the beneficial owners of the Notes Claims for voting within seven (7) business days after the receipt by such Voting Nominee of the Solicitation Package, with the beneficial owners then returning the Beneficial Owner Ballots directly to KCC in the return envelope provided in the Solicitation Package.  A Voting Nominee "prevalidates" a beneficial owner's Beneficial Owner Ballot by, *inter alia*, (a) indicating thereon the name and address of the record holder of the Notes Claim to be voted, the amount of the Notes Claim held by the beneficial owners as of the Voting Record Date, and the appropriate account numbers through which the beneficial owner's holdings are derived, and (b) executing the beneficial owner's Beneficial Owner Ballot. The beneficial owner shall return the "prevalidated" Beneficial Owner Ballot directly to KCC by the Voting Deadline.

69.    The procedures described above adequately and sufficiently recognize the complex structures relating to the public securities and, also, facilitate transmission of solicitation materials to the holders of the publicly traded bondholder claims.  The procedures

afford holders of the Notes Claims a fair, informed and reasonable opportunity to vote to accept

or reject the Plan.

70.    Holders of Claims in Classes **R-12, GS-10, and RS-12** shall receive a

ballot substantially in the form annexed hereto as Exhibit A-7 (the "Secured Claim Ballot"),

which may be non-substantively marked and identified to the specific class of claimant.

### F.    Approval of Form of Notices to Non-Voting Classes

a.    Notice of Non-Voting Status to Holders of Claims Presumed to
Accept the Plan

71.    Bankruptcy Rule 3017(d) provides, in relevant part:

> If the court orders that the disclosure statement and the plan
> or a summary of the plan shall not be mailed to any
> unimpaired class, notice that the class is designated in the
> plan as unimpaired and notice of the name and address of
> the person from whom the plan or summary of the plan and
> disclosure statement may be obtained upon request and at
> the plan proponent's expense, shall be mailed to members
> of the unimpaired class together with the notice of the time
> fixed for filing objections to and the hearing on
> confirmation.

Fed. R. Bankr. P. 3017(d).

72.    Claims in Classes **R-1, R-2, GS-1, GS-2, RS-1, and RS-2**[23] are

unimpaired, and, therefore, the holders of claims in such classes are conclusively presumed to

accept the Plan.  See 11 U.S.C. § 1126(f).

73.    In an effort to conserve the resources of the estates, the Plan Proponents

propose to send to holders of such unimpaired claims a notice of non-voting status, substantially

in the form attached to the Disclosure Statement Approval Order as Exhibit B (the "Notice of

Non-Voting Status – Unimpaired Classes"), which (a) identifies the treatment of classes

---

[23]    Holders of Junior Secured Notes Claims in Classes **R-3, GS-3 and RS-3** are unimpaired at certain Debtors and,
with respect to such Debtors, are presumed to have accepted the Plan.

designated as unimpaired; (b) sets forth the manner in which a copy of the Disclosure Statement

and Plan may be obtained; and (c) provides notice of the Confirmation Hearing and the Plan

Objection Deadline.

74.    The Plan Proponents submit that such notice satisfies the requirements of

Bankruptcy Rule 3017(d).  The Plan Proponents request that the Court determine that they are

not required to distribute copies of the Disclosure Statement and Plan to any holder of an

unimpaired claim.

        b.    Notice of Non-Voting Status to Holders of Claims and Equity
           Interests Deemed to Reject the Plan

75.    Holders of Claims and Equity Interests in Classes **R-9, R-10, R-11, GS-8,**

**GS-9, RS-9, RS-10, and RS-11** will not receive or retain any property under the Proposed Plan

and, therefore, are deemed to reject the Proposed Plan.  See 11 U.S.C. § 1126(g).

76.    In an effort to conserve the resources of these estates, the Plan Proponents

propose to mail a notice of non-voting status substantially in the form annexed to the Disclosure

Statement Approval Order as Exhibit C (the "Notice of Non-Voting Status – Impaired Classes")

to the holders of interests in such class(es), which (a) describes the treatment of the impaired

classes; (b) sets forth the manner in which a copy of the Disclosure Statement and Plan may be

obtained and (c) provides notice of the Confirmation Hearing and the Plan Objection Deadline.

The Plan Proponents respectfully submit that sending the Notices of Non-Voting Status as

described above satisfies the requirements of Bankruptcy Rule 3017(d).

**G.    Approval of Notice of Filing the Plan Supplement**

77.    The Plan defines "Plan Supplement" to mean  a compilation of

documents and forms of documents, schedules, and exhibits to the Plan to be Filed on notice

to parties-in-interest, and additional documents filed as supplements or amendments to the

Plan Supplement including the following: (a) the Assumption Schedule, (b) the Liquidating

Trust Agreement, (c) the Borrower Claims Trust Agreement, (d) the Private Securities

Claims Trust Agreement, (e) the stipulated amounts of the Allowed Fee Claims in

accordance with Article IV.B, (f) the identities of the initial Liquidating Trust Board, (g) the

identities of the initial Liquidating Trust Management, (h) the identity of the Borrower

Claims Trustee, (i) the identity of the Securities Claims Trustee, (j) the amount of the

Borrower Trust True-Up, and (k) a cooperation agreement by and between the Liquidating

Trustee and the Kessler Settlement Class.

78.     The Plan Proponents will file the Assumption Schedule no later than

21 days before the commencement of the Confirmation Hearing, and the remainder of the

substantially complete versions of the materials comprising the Plan Supplement no later

than ten (10) days prior to the Voting Deadline or such later date as may be approved by the

Bankruptcy Court, except as otherwise provided under the Plan

79.     To ensure that all holders of Claims receive notice of the Plan

Proponents' filing of the Plan Supplement, the Plan Proponents propose to serve notice of

the filing of the Plan Supplement in substantially the form annexed to the Disclosure

Statement Approval Order as Exhibit E (the "Plan Supplement Notice") on [October 1, 2013]

or as soon as practicable thereafter, on those parties receiving the Solicitation Package.

H.     Tabulation Procedures[24]

80.     Bankruptcy Code section 1126(c) provides that for a class of claims to

accept a chapter 11 plan, the plan must be accepted by "at least two-thirds in amount and more

than one-half in number of the allowed claims of such class held by creditors . . . that have

---

[24]   For the avoidance of doubt, and notwithstanding the consolidation for voting purposes, KCC shall maintain
tabulation results indicating the votes submitted for each Debtor on a Class-by-Class basis.

accepted or rejected such plan." Additionally, Bankruptcy Rule 3018(c) provides, in part, that

"[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or

rejected, be signed by the creditor or equity security holder or an authorized agent and conform

to the appropriate Official Form." The Plan Proponents submit that the following Tabulation

Procedures will be used to tabulate Ballots:

(a) Whenever a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b) The following Ballots will not be counted: (i) any Ballot that is properly completed, executed, and timely returned to KCC, but does not indicate either an acceptance or rejection of the Plan; (ii) any Ballot submitted for which the holder of a Claim entitled to vote to accept or reject the Plan votes to both accept and reject the Plan; (iii) in the absence of any extension of the Voting Deadline granted by the Debtor, any Ballot received after the Voting Deadline; (iv) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (v) any Ballot cast by a person or entity that does not hold a Claim that is entitled to vote to accept or reject the Plan; (vi) any unsigned Ballot; or (vii) any Ballot transmitted to KCC by fax, e-mail, other electronic means of transmission, unless otherwise agreed to by the Plan Proponents;

(c) If no holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class;

(d) In the event there are no creditors in a given sub-Class for a particular Debtor, such sub-Class shall be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that sub-Class;

(e) Ballots cast by lead plaintiff(s) or class representative(s) in a class action lawsuit filed against the Debtors that has been settled, otherwise resolved prior to, or in connection with, confirmation of the Plan, or otherwise allowed for voting purposes shall be: (i) counted as a separate vote for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the Plan, and (ii) counted as one vote either to accept or reject the Plan as directed by such lead

plaintiff(s) or class representative(s), in each case on a collective basis, in the aggregate amount of the allowed claim pertaining to such class action lawsuit forth in the Plan or as otherwise ordered by the Court, for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code; and

(f)   RMBS Trustee Ballots will be counted for voting purposes: (i) as a separate vote per each of the allowed claims listed on such ballot for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the Plan, and (ii) in the amount of such claim(s) set forth in the Plan for each of the Allowed Claims listed on such ballot for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code.

81.    Further, the Plan Proponents request that the following procedures apply to the tabulation of Master Ballots.

(a)   Votes cast by holders of Notes Claims through Voting Nominees will be applied to the applicable positions held by such Voting Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Voting submitted by a Voting Nominee shall not be counted in excess of the amount of Notes Claims held by such Voting Nominee as of the Record Date;

(b)   If conflicting votes or "over-votes" are submitted by a Voting Nominee, the Plan Proponents shall use reasonable efforts to reconcile discrepancies with the Voting Nominee;

(c)   If over-votes are submitted by a Voting Nominee which are not reconciled prior to the preparation of the Voting Certification, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Voting Nominee, but only to the extent of the Voting Nominee's Voting Record Date position in the Junior Senior Notes and/or Senior Unsecured Notes.

(d)   For the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its Notes Claims; any principal amounts thus voted will be thereafter adjusted by KCC, on a proportionate basis with a view to the amount of Junior

Secured Notes and/or Senior Unsecured Notes actually voted, to reflect the corresponding claim amount, including, in the case of the Junior Secured Notes, any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(e) A single Voting Nominee may complete and deliver to KCC multiple Master Ballots. Votes reflected on multiple Master Ballots shall be counted, except to the extent that they are duplicative of another Master Ballot. If two or more Master Ballots are inconsistent, the latest dated validly executed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede, and revoke any prior Master Ballot.

82.    Each Holder of a Claim in the Voting Classes must vote all of its respective Claims in one Class either to accept or reject the Plan and may not split its votes within such Class. By signing and returning a Ballot (or Master Ballot in the case of beneficial Holders of Notes Claims voting through a Voting Nominee), each Holder of a Claim (or its Voting Nominee) will certify to the Court and the Plan Proponents that no other Ballot or Master Ballot with respect to such Claim has been cast or, if any other Ballots or Master Ballots have been cast, that such other Ballots or Master Ballots are revoked.

83.    The Plan Proponents may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided, however*, that (a) any such waivers shall be documented in the Voting Certification, and (b) neither the Plan Proponents, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

84.    Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by KCC and the Plan Proponents, which determination shall be final and binding.

85.    <u>Withdrawal of Vote</u>.  Any creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw such Ballot, subject to any rights of the Plan Proponents to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to KCC, at any time prior to the Voting Deadline; *provided, however*, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification by KCC.  A notice of withdrawal, to be valid, shall (a) contain the description of the claim(s) to which it relates and the aggregate principal amount represented in such claims(s), (b) be executed by the withdrawing creditor, (c) contain a certification that the withdrawing creditor owns the claim(s) and possesses the right to withdraw the Ballot, and (d) be received by KCC prior to the Voting Deadline.  The Plan Proponents expressly reserve the right to contest the validity of any withdrawals of votes on the Plan

86.    <u>Changing Votes</u>.  Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last properly completed Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to reflect the voter's intent and will supersede any prior Ballots or Master Ballots, as the case may be, without prejudice to any rights of the Plan Proponents to object to the validity or allowance for voting purposes of the later Ballot or Master Ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the next-most recent properly completed Ballot or Master Ballot received by KCC for all purposes; *provided, however*, that as to any instance in which a vote is changed by the filing of a superseding Ballot, the Voting Certification to be filed by KCC shall indicate the changing of the particular vote.

87.     No Division of Claims or Votes.  Except as set forth below and as it may

relate to the procedures applicable to Master Ballots or as set forth in paragraphs 66-68 above,

each claimant who votes must vote the full amount of each claim in any one class either to accept

or reject the Plan, and, therefore: (a) separate claims held by a single creditor in any one class

will be aggregated, for purposes of the numerosity requirement of section 1126(c) of the

Bankruptcy Code, as if such creditor held one claim against the Debtors in such class, (b) such

creditor will receive a single Ballot with respect to all of its claims in such class; and (c) the

votes related to such claims will be treated as a single vote to accept or reject the Plan.

Notwithstanding anything to the contrary herein, separate ballots will be provided, and the votes

of creditors will not be aggregated, in the event that separate Ballots are requested by a creditor

in a Temporary Allowance Request Motion prior to the deadline set forth in paragraph 47 for

filing any such motion and such motion is approved by the Court prior to the Voting Deadline.

88.     To assist in the solicitation process, the Plan Proponents requests that the

Court grant authority (but not require) KCC to contact parties that submit incomplete or

otherwise deficient Ballots in order to cure such deficiencies and allow the Plan Proponents to

waive such deficiencies in their discretion and without further order of the Court.

89.     Certification of Vote.  KCC will process and tabulate Ballots and Master

Ballots for each Class entitled to vote to accept or reject the Plan and, prior to the Confirmation

Hearing, will file the voting certification (the "Voting Certification") no later than (7) seven days

prior the Confirmation Hearing as required by Local Rule 3018-1 (the "Voting Certification

Deadline") (on or about [October 25, 2013] at 5:00 p.m.).

90.     Such Voting Certification shall list, *inter alia*, all instances in which (a)

Ballots were withdrawn, (b) votes were changed by the filing of superseding Ballots, (c) the

Voting Deadline was extended, and (d) every irregular Ballot and Master Ballot including, without limitation, those Ballots and Master Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or necessary information, damaged, or received via facsimile, e-mail, or any other means.  With regard to section (d) of this paragraph, the Voting Certification shall indicate the Plan Proponents' intentions with regard to such irregular Ballots and Master Ballots.

91.    The Voting Certification shall be served on (a) all Notice Parties, (b) all parties entitled to notice pursuant to Case Management Procedures Order, (c) all known holders of claims listed on the Schedules (as amended or supplemented from time to time) at the addresses stated therein, (d) all parties who filed proofs of claim against any of the Debtors' estates that have not been expunged and disallowed by final order, (e) all parties who have requested notice pursuant to Bankruptcy Rule 2002, and (f) all parties who received Solicitation Packages, and the Voting Certification shall be posted on the Debtors' restructuring website, www.kccllc.net/rescap, as soon as practicable after such Voting Certification is filed.

## V.    APPROVAL OF THE CONFIRMATION PROCEDURES

92.    Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation."  In accordance with Bankruptcy Rules 2002(b) and 3017(c), the Plan Proponents request that the Confirmation Hearing be scheduled for [November 6, 2013] at 10:00 a.m.  The Confirmation Hearing Notice will note that the Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with

the Court.  The proposed date for the Confirmation Hearing is in compliance with the

Bankruptcy Rules and the Local Rules.

### A.    Confirmation Hearing Notice

93.    Bankruptcy Rule 2002(b) provides that "the clerk, or some other person as

the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less

than 28 days' notice by mail of the time fixed . . . for filing objections and the hearing to

consider confirmation of a . . . chapter 11 . . . plan."  Bankruptcy Rule 2002(d) further provides

that the "clerk, or some other person as the court may direct, shall in the manner and form

directed by the court give notice to all equity security holders of the time . . . fixed for filing

objections to and the hearing to consider confirmation of a plan. . . ."

94.    In accordance with these rules, the Plan Proponents propose to provide all

creditors and equity interest holders, together with their Solicitation Packages, a copy of the

Confirmation Hearing Notice attached to the Disclosure Statement Approval Order substantially

in the form as Exhibit F (the "Confirmation Hearing Notice"), setting forth (a) the Voting Record

Date; (b) the Voting Deadline, (c) the procedures for Temporary Allowance Requests; (d) the

Plan Objection Deadline and procedures for filing objections and responses to confirmation of

the Plan, (e) disclosure regarding the releases, injunction and exculpation provided for in the

Plan; and (f) the time, date, and place of the Confirmation Hearing.  By containing this

information, the Plan Proponents respectfully request that the Court find that the Confirmation

Hearing Notice complies with the requirements of the Bankruptcy Rules and Local Rules, and

provides sufficient disclosure of the releases, exculpation, and injunction provisions, contained in

Article IX of the Plan and the deadlines related to confirmation.

95.    The Plan Proponents also propose to mail a copy of the Confirmation

Hearing Notice (to the extent not already provided in the distributions above) to: (a) the United

States Trustee; (b) counsel to the Creditors' Committee; (c) all persons or entities that have

requested notice of the proceedings in the Chapter 11 cases; (d) all persons or entities that have

filed claims as of the date hereof; (e) all known creditors or known holders of prepetition claims

as of the date of this Order, including all persons or entities listed in the Schedules at the

addresses stated therein; (f) all counterparties to the Debtors' executory contracts and unexpired

leases listed on the Schedules at the addresses stated therein; (g) all parties to litigation with the

Debtors; (h) all parties to litigation with Ally relating to the Debtors' businesses, regardless of

whether such parties are entitled to vote on the Plan; (i) all known members of potential class

action lawsuits; (j) the Internal Revenue Service, the Securities and Exchange Commission, the

United States Attorney for the Southern District of New York and any other required

governmental units; (k) the parties listed on the Special Service List and the General Service List

(each as defined in the Case Management Procedures Order); (l) known potential creditors with

claims unknown by the Debtors; (m) all holders of Claims and Equity Interests regardless of

whether such holders are entitled to vote on the Plan; (n) individual borrowers whose loans were

serviced by the Debtors as of September 20, 2012; and (o) such additional persons and entities as

deemed appropriate by the Plan Proponents.

96.     The Confirmation Hearing Notice will be published once in each of the

national editions of *The Wall Street Journal* and *USA Today* within ten (10) business days after

entry of the Disclosure Statement Approval Order (on or about [August 29, 2013]).

Additionally, the Confirmation Hearing Notice will be available electronically at the Debtors'

restructuring website, www.kccllc.net/rescap.

97.     The Plan Proponents believe that publication of the Confirmation Hearing

Notice will provide sufficient notice of the Voting Deadline, the time fixed for filing objections

to confirmation of the Plan, and the time, date, and place of the Confirmation Hearing to persons

who do not otherwise receive notice by mail as provided for in the Disclosure Statement

Approval Order.

      **B.**     **Objection Procedures**

      98.     Objections and responses, if any, to confirmation of the Plan, must (a) be

in writing, (b) conform to the Bankruptcy Rules, the Local Rules and the Case Management

Procedures Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature

and amount of the claim(s) or equity interest(s) held or asserted by the objection party/(ies)

against the Debtors, (e) state with particularity the legal and factual bases relied upon for the

objection or response, (f) be filed electronically with the Bankruptcy Court in accordance with

the Case Management Procedures Order; and (g) be served pursuant to General Order M-399

(which can be found at www.nysb.uscourts.gov) upon the Notice Parties on or prior to the Plan

Objection Deadline.

      99.     The Confirmation Hearing Notice will provide parties in interest with

more than thirty (30) days' notice of the proposed Plan Objection Deadline.  The Plan Objection

Deadline will afford the Plan Proponents and other parties in interest adequate and sufficient

time to consider the objections and responses, if any, to file replies, and to propose Plan

modifications, if appropriate, as well as to provide the Court with sufficient time to consider any

such pleadings in preparation for the Confirmation Hearing.

      100.    The Plan Proponents request the opportunity to file and serve, as

appropriate, replies or an omnibus reply on or before [October 30, 2013] to objections or

responses that may be served and filed.  Depending on the number of objections, the Plan

Proponents will also include with any reply or omnibus reply a chart summarizing objections to

the Plan and any proposed resolutions thereto for the Court's convenience.

101.    The Plan Proponents request that objections to confirmation of the Plan not timely filed and served in accordance with the provisions of an order granting the Motion not be considered by the Court and be denied and overruled.

102.    The proposed procedures pursuant to Bankruptcy Rule 3020 for filing objections and responses to the Plan and replies, if any, are fair and reasonable and in the best interests of the Debtors' Chapter 11 cases.

C.    **Non-Substantive Modifications**

103.    Subject to the terms of the Plan Support Agreement, the Plan Proponents request authorization to make non-substantive changes to the Solicitation Package (including the Plan, Disclosure Statement, Ballots and Master Ballots), the Confirmation Hearing Notice, the Notices of Non-Voting Status, the procedures contained herein and all related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation Package, the Confirmation Hearing Notice, and/or the Notices of Non-Voting Status prior to distribution of such materials.

**NOTICE**

104.    The Plan Proponents have provided notice of this Motion in accordance with the Case Management Procedures Order.

## **CONCLUSION**

WHEREFORE, the Plan Proponents respectfully request that the Court enter an

order granting the relief requested and such other or further relief as is just and proper.

Dated: July 3, 2013                    Respectfully submitted,
      New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

KRAMER LEVIN NAFTALIS & FRANKEL
LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

# **Exhibit 1**

Proposed Disclosure Statement Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

### ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) ESTABLISHING PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE PLAN PROPONENTS' JOINT CHAPTER 11 PLAN, (III) APPROVING THE FORM OF BALLOTS, (IV) SCHEDULING A HEARING ON CONFIRMATION OF THE PLAN, (V) APPROVING PROCEDURES FOR NOTICE OF THE CONFIRMATION HEARING AND FOR FILING OBJECTIONS TO <u>CONFIRMATION OF THE PLAN, AND (VI) GRANTING RELATED RELIEF</u>

Upon the motion (the "<u>Motion</u>")[1] of the Debtors and Creditors' Committee

(together, the "<u>Plan Proponents</u>"), for an order (this "<u>Disclosure Statement Order</u>"), pursuant to

Bankruptcy Code sections 1125, and 1126 and 1128 of the Bankruptcy Code, Bankruptcy Rules

2002, 3016, 3017, 3018, 3020, and 9006, and Local Rules 3017-1, 3018-1, and 3020-1 (a)

approving the Disclosure Statement as providing "adequate information" within the meaning of

section 1125(a); (b) authorizing certain procedures for the solicitation of votes on the Plan (the

"<u>Solicitation Procedures</u>") and procedures for the tabulation of such votes (the "<u>Tabulation</u>

<u>Procedures</u>"); (c) authorizing the form of ballots, notices, and certain other documents to be

distributed in connection with the solicitation of the Plan as set forth in <u>Exhibits A through F</u>

hereto; (d) approving certain key dates described herein relating to the confirmation of the Plan

(the "<u>Plan Confirmation Schedule</u>"),and the deadlines contained Solicitation Procedures; and (e)

approving procedures for notice of the confirmation hearing and filing objections to confirmation

---

[1]    Capitalized terms used but not defined herein shall have the meanings set forth in the Plan, the Disclosure Statement, or the Motion, as applicable.

of the Plan, all as more fully set forth therein; and due and proper notice of the Motion and the

deadline for objecting thereto having been provided; and a hearing having been held on

[_____], 2013 to consider the relief requested in the Motion (the "Hearing"); and upon the

record of the Hearing and all of the proceedings had before the Court; and the Court having

determined that the relief sought in the Motion is in the best interests of the Debtors, their

estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and all objections to the Motion

being overruled or withdrawn; and after due deliberation and sufficient cause appearing therefor,

it is

FOUND AND DETERMINED THAT:

**I.     Jurisdiction and Venue**

A.    Consideration of the Motion and the relief requested therein is a core

proceeding pursuant to 28 U.S.C. § 157(b).

B.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and

1409.

C.    The Court has jurisdiction to consider the Motion and the relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of

Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of

New York, dated January 31, 2012 (Preska, C.J.).

**II.    The Disclosure Statement**

D.    As to each of the Debtors, the Disclosure Statement contains adequate

information within the meaning of section 1125 of the Bankruptcy Code, and no further

information is necessary.

       E.      The Disclosure Statement complies with Bankruptcy Rule 3016(c) and

describes, in specific and conspicuous language, the acts to be enjoined and the entities subject to

the injunction, exculpation, and release (including third party release) provisions contained in the

Plan.

       F.      The Disclosure Statement complies with all applicable Local Rules.

## III.    Disclosure Statement Hearing Notice

Actual notice of the Hearing and the deadline for filing objection or responses to the

Disclosure Statement was provided to (a) the United States Trustee; (b) counsel to the Creditors'

Committee; (c) all persons or entities that have requested notice of the proceedings in the

Chapter 11 cases; (d) all persons or entities that have filed claims as of the date hereof; (e) all

known creditors or known holders of prepetition claims as of the date of this Order, including all

persons or entities listed in the Schedules at the addresses stated therein; (f) all counterparties to

the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses

stated therein; (g) all parties to litigation with the Debtors; (h) all parties to litigation with Ally

relating to the Debtors' businesses, regardless of whether such parties are entitled to vote on the

Plan; (i) all known members of potential class action lawsuits; (j) the Internal Revenue Service,

the Securities and Exchange Commission, the United States Attorney for the Southern District of

New York and any other required governmental units; (k) the parties listed on the Special

Service List and the General Service List (each as defined in the Case Management Procedures

Order); (l) known potential creditors with claims unknown by the Debtors; (m) all holders of

Claims and Equity Interests regardless of whether such holders are entitled to vote on the Plan;

and (n) such additional persons and entities as deemed appropriate by the Plan Proponents.

Further, such notice was published on [July 9], 2013 in each of the national editions of *The Wall*

*Street Journal* and *USA Today*. Such notice constitutes good and sufficient notice to all interested parties, and no further notice is necessary.

      G.     The form and manner of notice of the time set for filing objections or responses to, and the time, date, and place of, the Hearing to consider the approval of the Disclosure Statement was adequate and complies with due process.

      H.     All notices to be provided pursuant to the procedures hereby approved constitute good and sufficient notice to all parties in interest as to all matters relating to the Disclosure Statement Hearing and the Confirmation Hearing and no other or further notice need be provided.

## IV.   <u>Solicitation and Tabulation Procedures</u>

      I.     The Solicitation and Tabulation Procedures, set forth below, for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with sections 1125 and 1126 of the Bankruptcy Code.

      J.     The form of ballots and master ballots attached hereto as <u>Exhibits A-1-A-7</u> (collectively, the "<u>Ballots</u>"), including all voting instructions provided therein, are consistent with Official Form No. 14, address the particular needs of these Chapter 11 cases, and provide adequate information and instructions for each entity entitled to vote to accept or reject the Plan. No further information or instructions are necessary.

      K.     Claims in Classes **<u>R-4, R-5, R-6, R-7, R-8, R-12, GS-4, GS-5, GS-6, GS-7, GS-10, RS-4, RS-5, RS-6, RS-7, RS-8, and RS-12</u>**, along with certain sub-Classes of Claims in Classes **<u>R-3, GS-3</u>**[2] **<u>and RS-3</u>**,[3] are impaired and, accordingly, holders of such claims are

---

[2]    The holders of Junior Secured Notes Claims are impaired and entitled to vote on the Plan at the following GMACM Debtors: GMACM.

entitled to vote on account of such claims (collectively, the "Voting Creditors" and the classes

containing such Voting Creditors defined as, collectively, "Voting Classes").

       L.       Claims in Classes **R-1, R-2, GS-1, GS-2, RS-1, and RS-2**, along with

certain sub-Classes of Claims in Classes **R-3, GS-3[4] and RS-3**,[5] are unimpaired under the Plan

and, accordingly, holders of such Claims are presumed to have accepted the Plan and are not

entitled to vote on account of such Claims (collectively, the "Unimpaired Creditors" and the

classes containing such Unimpaired Creditors defined as, collectively, "Unimpaired Classes").

       M.       Claims in Classes **R-9, R-10, R-11, GS-8, GS-9, RS-9, RS-10, and RS-**

**11** will not receive or retain any property and, accordingly, holders of such Claims and Equity

Interest are deemed to have rejected the Plan and are not entitled to vote on account of such

Claims or Equity Interests  (collectively, the "Rejecting Creditors," and with the Unimpaired

Creditors, the "Non-Voting Creditors," and the classes containing such Rejecting Creditors

defined as, collectively, "Rejecting Classes," and with the Unimpaired Class, the "Non-Voting

Classes").

       N.       The Notice of Non-Voting Status – Impaired Classes, substantially in the

form annexed hereto as Exhibit B and the Notice of Non-Voting Status – Unimpaired Classes,

substantially in the form annexed hereto as Exhibit C complies with the Bankruptcy Code, the

---

[3]    The holders of Junior Secured Notes Claims are impaired and entitled to vote on the Plan at the following RFC
Debtors: RFC and Homecomings Financial, LLC.

[4]    The holders of Junior Secured Notes Claims are unimpaired and deemed to accept the Plan at the following
GMACM Debtors:  Passive Asset Transactions, LLC; Residential Mortgage Real Estate Holdings, LLC; Home
Connects Lending Services, LLC; GMACR Mortgage Products, LLC; ditech, LLC; Residential Consumer
Services, LLC; and GMAC Mortgage USA Corporation.

[5]    The holders of Junior Secured Notes Claims are unimpaired and deemed to accept the Plan at the following
RFC Debtors:  GMAC Model Home Finance I, LLC; DOA Holding Properties, LLC; RFC Asset Holdings II,
LLC; RFC Construction Funding, LLC; Residential Funding Real Estate Holdings, LLC; Homecomings
Financial Real Estate Holdings, LLC; Residential Funding Mortgage Securities I, Inc.; RFC Asset Management,
LLC; RFC SFJV-2002, LLC; and RCSFJV2004, LLC.

Bankruptcy Rules, and the Local Rules and, together with the Confirmation Hearing Notice,

provides adequate notice to holders of claims and equity interests in the Non-Voting Classes of

their non-voting status and of the Confirmation Hearing (defined below).  No further notice is

necessary.

O.    The proposed distribution and contents of the Solicitation Packages

comply with Bankruptcy Rules 2002, 3017, and Local Rule 3017(b), and constitute sufficient

notice to all interested parties of the Voting Record Date, the Voting Deadline, Plan Objection

Deadline, Confirmation Hearing, and all related matters.

P.    The period, set forth below, during which the Debtors may solicit

acceptances of the Plan is a reasonable and sufficient time for Voting Creditors to make an

informed decision whether to accept or reject the Plan and timely return Ballots evidencing such

decision.

## V.    The Confirmation Hearing

Q.    The procedures, set forth below, regarding notice to all parties in interest

of the time, date, and place of the hearing to consider confirmation of the Plan (the

"Confirmation Hearing") and for filing objections or responses to the Plan, provide due, proper

and adequate notice and comply with Bankruptcy Rules 2002 and 3017.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED

THAT:

1.    The Motion is granted as provided herein.

## I.    Disclosure Statement

2.    The Disclosure Statement contains adequate information within the

meaning of section 1125 of the Bankruptcy Code and is **APPROVED**.

3.        All objections to the Disclosure Statement that have not been withdrawn

or resolved previously or at the Hearing hereby are overruled.

**II.    Approval of Plan Confirmation Schedule**

4.        The following dates and deadlines in connection with the Solicitation

Procedures, the Tabulation Procedures, and the Confirmation Hearing are hereby **APPROVED**.

**A.     Voting Record Date**

5.        The Voting Record Date shall be [August 16], 2013 at 5:00 p.m.

6.        The transferee of a Transferred Claim will be entitled to receive a

Solicitation Package and cast a Ballot on account of such Transferred Claim only if (a) all

actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have

been completed by 5:00 p.m. (prevailing Eastern time) one (1) business day prior to the Voting

Record Date or (b) the transferee files one (1) business day prior to the Voting Record Date (i)

the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn

statement of the transferor supporting the validity of the transfer.

**B.     Voting Deadline**

7.        The Voting Deadline shall be [October 10], 2013 at 7:00 p.m. (Eastern

Time).

**C.     Plan Objection Deadline**

8.        The Plan Objection Deadline is [October 10], 2013 at 4:00 p.m. (Eastern

Time).

**D.     Confirmation Hearing**

9.        The Confirmation Hearing shall be held at [November 6], 2013 at [10:00

a.m. (Eastern Time)].  The Confirmation Hearing may be adjourned from time to time by the

Court or the Plan Proponents without further notice other than adjournments announced in open

Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court.

### E.      Other Dates

10.      Any and all other dates and deadlines requested to be approved in the Motion are hereby approved.

### III.     <u>Approval of Solicitation Procedures</u>

### A.      Parties Entitled to Vote

11.      Each holder of a Claim in the Voting Classes shall be entitled to vote to accept or reject the Plan, unless such a claim meets the following criteria (the "<u>Voting Non-Eligibility Criteria</u>")—

> (a) as of the Voting Record Date, the outstanding amount of such claim is not greater than zero ($0.00);
>
> (b) as of the Voting Record Date, such claim has been disallowed or expunged;
>
> (c) the Debtors scheduled such claim as contingent, unliquidated, or disputed and a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Court at least five (5) business days prior to the Voting Deadline; or
>
> (d) such claim is subject to an objection by [September 10], 2013.

### B.      Temporary Allowance of Claims for Voting Purposes

12.      For voting purposes, each claim within the Voting Classes will be counted for voting purposes in an amount equal to the amount of the claim as set forth in (i) the Schedules or (ii) the filed proof of claim as reflected in the claims register maintained by KCC as of the Voting Record Date, subject to the following exceptions:

> (a) If a claim meets any of the Voting Non-Eligibility Criteria such claim will be disallowed for voting purposes;

(b) If a claim is deemed allowed in accordance with the Plan, an order of the Court or a stipulated agreement between the parties, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(c) If a proof of claim was timely filed in accordance with the applicable procedures set forth in the Bar Date Order, in a liquidated amount, such claim will be temporarily allowed in the amount set forth in the proof of claim, unless such claim is contingent on its face (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) or disputed as set forth in subparagraph (h) below;

(d) If a claim for which a proof of claim has been timely filed is (i) contingent or unliquidated (as determined on the face of the proof of claim or after a review of the supporting documentation by the Plan Proponents), or (ii) does not otherwise specify a fixed or liquidated amount, the claimant will be allowed to cast one vote valued at one dollar ($1.00) for voting purposes only;

(e) If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a proof of claim was not (i) filed by the General Bar Date or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, such claim will be disallowed for voting purposes;

(f) If a claim is represented by a timely filed proof of claim and determined by the Plan Proponents (after a review by the Plan Proponents of the supporting documentation attached to the proof of claim form) to be contingent or unliquidated in part, such claim will be temporarily allowed in the amount that is liquidated and non-contingent for voting purposes only;

(g) Notwithstanding anything to the contrary contained herein, if an unsecured claim for which a proof of claim has been timely filed also contains a secured claim in an unliquidated amount based solely on a reservation of a right of setoff, the claimant will only be entitled to vote the unsecured claim in the applicable unsecured Plan class and will not be entitled to vote the secured claim in the otherwise applicable secured Plan class;

(h) If the Plan Proponents have filed an objection to a claim no later than the Voting Purposes Objection Deadline, such claim will be temporarily disallowed for voting purposes, except as otherwise ordered by the Court pursuant to a Temporary Allowance Request Motion; *provided, however*, that if the Plan Proponents' objection seeks to reclassify or reduce the allowed amount of such claim, then such claim will be temporarily allowed for voting purposes in the reduced amount and/or reclassified, except as otherwise ordered by the Court before the Voting Deadline pursuant to a Temporary Allowance Request Motion;

(i)  If a claim is allowed pursuant to an order of the Court on or before [October 9], 2013 in connection with a Temporary Allowance Request Motion, then such claimant will be entitled to vote to accept or reject the Plan in accordance with the terms of such order; and

(j)  If a claim has been allowed for voting purposes by order of the Court, such claim will be temporarily allowed in the amount so allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

**C.    Objection to Claims for Voting Purposes Only**

13.    The Voting Purposes Objection Deadline is [September 10], 2013.  The Voting Purposes Objection Deadline is a deadline solely for the purpose of determining whether a claim meets the Voting Non-Eligibility Criteria and shall not be a deadline by which the Plan Proponents or any other party must file objections to the allowance of any Claim or Equity Interest for any other purpose.

**D.    Filing of Temporary Allowance Request Motions**

14.    If any claimant elects to challenge the disallowance or classification or its claim for voting purposes, such claimant shall file with the Court a motion (a "Temporary Allowance Request Motion") pursuant to Bankruptcy Rule 3018(a) requesting such relief as it may assert is proper, including the temporary allowance or reclassification of its claim solely for voting purposes.  The claimant's Ballot will not be counted, unless temporarily allowed by an order entered on or before [October 9], 2013 or as otherwise ordered by the Court.  The following sets forth the proposed briefing schedule for the filing of a Temporary Allowance Request Motion:

(a)  All Temporary Allowance Request Motions must be filed and served on or before the [10th] day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than [September 20], 2013;

    (b) All objections and responses to Temporary Allowance Request Motions must be filed and served on or before [October 1], 2013 at 12:00 pm.;

    (c) A claimant may file a reply to any objection or response to its motion on or before [October 3], 2013 at 4:00 p.m.; and

    (d) Any order temporarily allowing such claims must be entered on or before [October 9], 2013 or as otherwise ordered by the Court.

15.    Notwithstanding the foregoing, the Plan Proponents and a claimant may agree and stipulate to treatment of specific claims for voting purposes pursuant to a notice of presentment that is filed with the Court on no less than three (3) days' notice.

16.    Temporary Allowance Request Motions must: (a) be made in writing; (b) comply with the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; (c) set forth the name of the claimant(s) pursuing the Temporary Allowance Request Motion; (d) set forth the name(s) of the Debtor(s) against which the claim(s) is/are asserted; (e) state with particularity the legal and factual bases relied upon for the relief requested by the Temporary Allowance Request Motion; and (f) be filed and served in accordance with the Case Management Order, in each case so as to be received by the following parties (the "Notice Parties") (with a copy to the chambers of the Honorable Martin Glenn, United States Bankruptcy Judge) no later than [September 20], 2013:

    (a) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:  Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com;

    (b) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com;

(c) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the
Americas, New York, NY 10036; Attn:  William B. Solomon and Timothy
Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue,
New York, New York 10022, Attn:  Richard M. Cieri and Ray C. Schrock;
(ii) if by email to: richard.cieri@kirkland.com and
ray.schrock@kirkland.com; and

(d) the Office of the United States Trustee, Southern District of New York,
by mail or courier to: U.S. Federal Office Building, 201 Varick Street,
Suite 1006, New York, New York 10014, Attn: Brian Masumoto and
Michael Driscoll.

17.     Temporary Allowance Request Motions not compliant with the foregoing
will not be considered by the Court and deemed denied except as otherwise ordered by the Court.

18.     Any claimant timely filing and serving a Temporary Allowance Request
Motion shall be provided with a Ballot and shall be allowed to cast a provisional vote to accept
or reject the Plan on or before the Voting Deadline, pending a determination of such motion by
the Court.  No later than two (2) business days after the filing and service of such Temporary
Allowance Request Motion, KCC will send the movant a Solicitation Package, and the movant
shall be required to return its ballot to KCC by the Voting Deadline.

19.     If the Plan Proponents and such claimant are unable to resolve the issues
raised by the Temporary Allowance Request Motion prior to the Voting Deadline, such
Temporary Allowance Request Motion shall be considered by the Court at such time as it shall
direct.  At such hearing, the Court shall determine whether the provisional Ballot should be
allowed to the extent for voting purposes and the amount(s) of the claim(s) that may be voted.

IV.     **Approval of Solicitation Packages and Solicitation Procedures**

A.     **Solicitation Packages**

20.     The Solicitation Packages are **APPROVED**.

21.      The Debtors shall assemble, or cause to be assembled, the Solicitation Packages and shall transmit, or cause to be transmitted, the Solicitation Packages by [August 29], 2013, or as soon thereafter as reasonably practicable.

22.      In accordance with Rule 3017(d), each Solicitation Package shall contain a copy of –

    (a) this Disclosure Statement Order (without any of the exhibits hereto);

    (b) if the recipient is a Voting Creditor or Voting Nominee, (i) the Confirmation Hearing notice, (ii) the Disclosure Statement, including the Plan as an attachment, (iii) a Ballot, and (iv) letters explaining the Plan Proponents' recommendation that the creditor vote in favor of the Plan, in the form attached to the Disclosure Statement Order as Exhibit D, and, as appropriate, a postage-prepaid envelope;[6] **OR**

    (c) if the recipient is a holder of a claim or equity interest is a Non-Voting Class, **only** a Notice of Non-Voting Status – Unimpaired Classes or a Notice of Non-Voting Status – Impaired Classes; and

    (d) such other materials as may be ordered or permitted by the Court.

23.      For the avoidance of doubt, holders of Junior Secured Notes Claims in Classes **R-3, GS-3 and RS-3** will receive Ballots for all of the Debtors at which they have Claims regardless of whether Junior Secured Noteholder Claims at such Debtor is unimpaired and deemed to have accepted the Plan.  Holders of Junior Secured Notes Claims shall be allowed to cast a provisional vote to accept or reject the Plan on or before the Voting Deadline with respect to each Debtor against which they have Claims, *provided that* votes cast in classes in which holders of Junior Secured Notes Claims are unimpaired shall not be counted for voting purposes.

---

[6]    Consistent with securities industry practice in bankruptcy solicitations, Ballots shall be distributed to Voting Nominees together with the Solicitation Packages to be forwarded by them to the beneficial owners. Solicitation Packages will be distributed to beneficial owners approximately seven (7) days after the initial distribution of Solicitation Packages to the Voting Nominee.

24.    Each lead plaintiff or class representative in a class action lawsuit filed against the Debtors that has been settled, resolved prior to, or in connection with, confirmation of the Plan, or as otherwise allowed for voting purposes, shall receive a Ballot which will be tabulated as provided for in the Tabulation Procedures.

25.    To avoid duplication and reduce expenses, the KCC is authorized (but not directed) to provide creditors who have filed multiple Claims against the Debtors (whether against the same or multiple Debtors) with only one Solicitation Package and the appropriate number of Ballots (if applicable) for voting their Claims with based on the nature of the claims held and the Debtors against which such Claims are held.

26.    Copies of the Disclosure Statement and the Plan included in the Solicitation Package shall be provided in PDF format on an optical disc, such as a CD-ROM (with the exception of the Ballots and the Confirmation Hearing Notice, which will be provided in printed hard copies) instead of printed hard copies.

27.    For Disclosure Statement Hearing Notices and/or Solicitation Packages returned as undeliverable, the Debtors are excused from mailing Disclosure Statement Hearing Notices and/or Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before [August 28], 2013, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities shall not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017(d).

**B.    Ballots**

28.    The forms of Ballots are **APPROVED**.

29.    To be counted as a vote to accept or reject the Plan, each General Ballot, Secured Claim Ballot, and Master Ballot must be properly executed, completed and delivered to KCC by (a) mail, (b) courier, or (c) personal delivery, so that it is <u>actually received</u> by KCC no later than the Voting Deadline.  Ballot submitted by facsimile, email, or other electronic means of transmission shall not be accepted, except in the sole absolute discretion of the Plan Proponents.

30.    Holders of Junior Secured Notes Claims in Classes **R-3, GS-3, and RS-3**, shall receive Ballots to record holders of such Claims including the bank, brokerage firm, or other agent or nominees (the "<u>Voting Nominee</u>").[7]  Each Voting Nominee shall be entitled to receive reasonably sufficient copies of beneficial owner Ballots for holders of holding Notes Claims in substantially the form annexed hereto as <u>Exhibit A-1</u> and Solicitation Packages to distribute to the beneficial owners of the Notes Claims for whom such Voting Nominee holds such Notes Claims.  The Debtors shall be responsible for each such Voting Nominee's requested reasonable, documented costs and expenses associated with the distribution of copies of Beneficial Owner Ballots and Solicitation Packages to the beneficial owners of the Notes Claims and tabulation of the Beneficial Owner Ballots.  Additionally each Voting Nominee shall receive returned Beneficial Owner Ballots from the beneficial owners, tabulate the results, and return, inter alia, such results to KCC, in a ballot in the form annexed hereto in <u>Exhibit A-2</u> by the

---

[7]    The Plan Proponents shall transmit an electronic copy of the Solicitation Package to Euroclear Bank S.A./N.V. ("<u>Euroclear</u>") and to Clearstream Banking, société anonyme ("<u>Clearstream</u>") to transmit the Solicitation Package to Voting Nominees who hold the Junior Secured Notes or Senior Unsecured Notes through Euroclear or Clearstream, respectively, as of the Voting Record Date.  The Voting Nominees will then forward the Solicitation Package to beneficial owners of Junior Secured Notes or Senior Unsecured Notes who hold such Junior Secured Notes or Senior Unsecured Notes through them, for voting pursuant to the procedures described below.  The Voting Nominee will also instruct Euroclear or Clearstream, as applicable, to disclose their Voting Record Date position to KCC.  Transmittal of Solicitation Packages to any holders of Junior Secured Notes or Senior Unsecured Notes held exclusively through Euroclear or Clearstream shall be deemed good, adequate, and sufficient notice if it is delivered by electronic mail on or before [August 29], 2013 on Euroclear and Clearstream.

Voting Deadline, or arrange for beneficial holders to receive "prevalidated" Ballots for direct return for KCC before the Voting Deadline.

31.      Holders of Claims in Classes **R-4,**[8] **GS-4, and RS-4** shall receive a Ballot substantially in the form annexed hereto as Exhibit A-5 ("General Ballot A"), which may be non-substantively marked and identified to the specific class of claimant.  For the Allowed Claims of the RMBS Trusts classified in Classes GS-4 and RS-4, the respective RMBS Trustees will receive a conformed copy General Ballot A as marked and identified to the specific class.  The respective RMBS Trustees will vote on behalf of the RMBS Trusts via a consolidated Ballot substantially in the form of General Ballot A (collectively, the "RMBS Trustee Ballots"), to which the respective RMBS Trustees will provide an annex listing all the RMBS Trusts with an Allowed Claim for which each RMBS Trustee is voting.

32.      Holders of Claims in Classes **R-5, R-6, R-7, R-8, GS-5, GS-6, GS-7, RS-5, RS-6, RS-7, and RS-8**[9] shall receive a Ballot substantially in the form annexed to the Disclosure Statement Approval Order as Exhibit A-6 ("General Ballot B", and together with General Ballot A, the "General Ballot"), which may be non-substantively marked and identified to the specific class of claimant.

33.      Holders of Claims in Classes **R-12, GS-10, and RS-12** shall receive a ballot substantially in the form annexed hereto as Exhibit A-7 (the "Secured Claim Ballot"), which may be non-substantively marked and identified to the specific class of claimant.

---

[8]    With respect to the Ballots that will be sent to holders of Senior Unsecured Notes Claims in Class **R-4**, the Plan Proponents shall send Ballots to Voting Nominees in the form attached hereto as Exhibits A-3 and A-4.

[9]    Holders of Borrower Claims, Private Securities Claims, and NJ Carpenters Claims may not elect to be placed into a convenience class and are only entitled to receive recoveries from the Borrower Claims Trust, the Private Securities Claims Trust, and the NJ Carpenters Claims Distribution, as applicable.

C.      **Notice of Non-Voting Status**

34.      The Notices of Non-Voting Status are **APPROVED**.

35.      The Debtors shall distribute a Notice of Non-Voting Status – Unimpaired Class, substantially in the form annexed hereto as <u>Exhibit B</u> to the holders of claims in **<u>R-1, R-2, GS-1, GS-2, RS-1, and RS-2</u>** as of the close of business on the Voting Record Date, which classes are unimpaired and therefore not entitled to vote to accept or reject the Plan.

36.      The Debtors shall distribute a Notice of Non-Voting Status – Impaired Class, substantially in the form annexed hereto as <u>Exhibit C</u> to the holders of claims in **<u>R-9, R-10, R-11, GS-8, GS-9, RS-9, RS-10, and RS-11</u>** as of the close of business on the Voting Record Date, which classes will not receive or retain any property under the Plan and will not be not entitled to vote to accept or reject the Plan.

37.      The Notices of Non-Voting Status satisfy the requirements of the Bankruptcy Code and the Bankruptcy Rules, and the Debtors therefore are not required to distribute copies of the Plan, the Disclosure Statement, and the Confirmation Hearing Notice to any holder of Claims and Interests in Classes **<u>R-1, R-2, R-9, R-10, R-11, GS-1, GS-2, GS-8, GS-9, RS-1, RS-2, RS-9, RS-10, and RS-11</u>**.   Such documents shall also be posted on the Debtors' restructuring website, www.kccllc.net/rescap.

**V.      <u>Approval of Notice of Filing the Plan Supplement</u>**

38.      The Plan Supplement Notice in the form annexed hereto as Exhibit E is **APPROVED**.

39.      The Plan Proponents shall serve the Plan Supplement by [October 1], 2013 or as soon as practicable thereafter, on those parties receiving the Solicitation Package.

40.      The Plan Proponents will file the Assumption Schedule no later than 21 days before the commencement of the Confirmation Hearing, and the remainder of the

substantially complete versions of the materials comprising the Plan Supplement no later than ten (10) days prior to the Voting Deadline or such later date as may be approved by the Court, except as otherwise provided under the Plan.

## VI.    Approval of Tabulation Procedures

### A.    Tabulation Procedures

41.    The following Tabulation Procedures are **APPROVED**.

(a) Whenever a creditor casts more than one Ballot voting the same claim(s) before the Voting Deadline, the last properly completed Ballot received before the Voting Deadline will be deemed to reflect the voter's intent, and thus, to supersede any prior Ballots;

(b) The following Ballots will not be counted: (i) any Ballot that is properly completed, executed, and timely returned to KCC, but does not indicate either an acceptance or rejection of the Plan; (ii) any Ballot submitted for which the holder of a Claim entitled to vote to accept or reject the Plan votes to both accept and reject the Plan; (iii) in the absence of any extension of the Voting Deadline granted by the Debtor, any Ballot received after the Voting Deadline; (iv) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (v) any Ballot cast by a person or entity that does not hold a Claim that is entitled to vote to accept or reject the Plan; (vi) any unsigned Ballot; or (vii) any Ballot transmitted to KCC by fax, e-mail, other electronic means of transmission, unless otherwise agreed to by the Plan Proponents;

(c) If no holders of Claims eligible to vote in a particular Class vote to accept or reject the Plan, the Plan shall be deemed accepted by the holders of such Claims in such Class;

(d) In the event there are no creditors in a given sub-Class for a particular Debtor, such sub-Class will be deemed eliminated from the Plan for purposes of voting to accept or reject the Plan and disregarded for purposes of determining whether the Plan satisfies section 1129(a)(8) of the Bankruptcy Code with respect to that sub-Class;

(e) Ballots cast by lead plaintiff(s) or class representative(s) in a class action lawsuit filed against the Debtors that has been settled, otherwise resolved prior to, or in connection with, confirmation of the Plan, or otherwise allowed for voting purposes shall be: (i) counted as a separate vote for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class

held by creditors that have accepted or rejected the Plan, and (ii) counted as one vote either to accept or reject the Plan as directed by such lead plaintiff(s) or class representative(s), in each case on a collective basis, in the aggregate amount of the allowed claim pertaining to such class action lawsuit forth in the Plan or as otherwise ordered by the Court, for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code; and

(f) RMBS Trustee Ballots will be counted for voting purposes: (i) as a separate vote per each of the allowed claims listed on such ballot for purposes of determining whether the Plan has been accepted by creditors that hold at least one-half in number of the allowed claims of such class held by creditors that have accepted or rejected the Plan, and (ii) in the amount of such claim(s) set forth in the Plan for each of the Allowed Claims listed on such ballot for purposes of determining whether the Plan has been accepted by creditors that hold at least two-thirds in amount of the allowed claims in such class held by creditors that have accepted or rejected the Plan, each pursuant to section 1126(c) of the Bankruptcy Code.

42.    The following additional Tabulation Procedures with respect to tabulating

Master Ballots are **APPROVED**:

(g) Votes cast by holders of Notes Claims through Voting Nominees will be applied to the applicable positions held by such Voting Nominees as of the Voting Record Date, as evidenced by the record and depository listings. Voting submitted by a Voting Nominee shall not be counted in excess of the amount of Notes Claims held by such Voting Nominee as of the Record Date;

(h) If conflicting votes or "over-votes" are submitted by a Voting Nominee, the Plan Proponents shall use reasonable efforts to reconcile discrepancies with the Voting Nominee;

(i) If over-votes are submitted by a Voting Nominee which are not reconciled prior to the preparation of the Voting Certification, the votes to accept and to reject the Plan shall be approved in the same proportion as the votes to accept and to reject the Plan submitted by the Voting Nominee, but only to the extent of the Voting Nominee's Voting Record Date position in the Junior Senior Notes and/or Senior Unsecured Notes.

(j) For the purposes of tabulating votes, each beneficial holder shall be deemed (regardless of whether such holder includes interest in the amount voted on its Ballot) to have voted only the principal amount of its Notes

Claims; any principal amounts thus voted will be thereafter adjusted by the KCC, on a proportionate basis with a view to the amount of Junior Secured Notes and/or Senior Unsecured Notes actually voted, to reflect the corresponding claim amount, including, in the case of the Junior Secured Notes, any accrued but unpaid prepetition interest, with respect to the securities thus voted; and

(k) A single Voting Nominee may complete and deliver to KCC multiple Master Ballots.  Votes reflected on multiple Master Ballots shall be counted, except to the extent that they are duplicative of another Master Ballot.  If two or more Master Ballots are inconsistent, the latest dated validly executed Master Ballot received prior to the Voting Deadline shall, to the extent of such inconsistency, supersede, and revoke any prior Master Ballot.

43.	The Plan Proponents may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline; *provided, however*, that (a) any such waivers shall be documented in the Voting Certification, and (b) neither the Plan Proponents, nor any other entity, shall be under any duty to provide notification of such defects or irregularities other than as provided in the Voting Certification, nor will any of them incur any liability for failure to provide such notification.

44.	Unless otherwise ordered by the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of Ballots shall be determined by KCC and the Plan Proponents, which determination shall be final and binding.

**B.	Withdrawal of Vote**

45.	Any creditor who has delivered a properly completed Ballot for the acceptance or rejection of the Plan may withdraw such Ballot, subject to any rights of the Plan Proponents to contest the validity of such withdrawal, such acceptance or rejection by delivering a written notice of withdrawal to KCC, at any time prior to the Voting Deadline; provided, however, that any instance in which a Ballot is withdrawn shall be listed in the Voting Certification by KCC.  A notice of withdrawal, to be valid, shall (a) contain the description of the

claim(s) to which it relates and the aggregate principal amount represented in such claims(s), (b)

be executed by the withdrawing creditor, (c) contain a certification that the withdrawing creditor

owns the claim(s) and possesses the right to withdraw the Ballot, and (d) be received by KCC

prior to the Voting Deadline.  The Plan Proponents expressly reserve the right to contest the

validity of any withdrawals of votes on the Plan

### C.    Changing of Votes

46.    Notwithstanding Bankruptcy Rule 3018(a), whenever two or more Ballots

or Master Ballots are cast voting the same claim(s) prior to the Voting Deadline, the last properly

completed Ballot or Master Ballot received prior to the Voting Deadline shall be deemed to

reflect the voter's intent and will supersede any prior Ballots or Master Ballots, as the case may

be, without prejudice to any rights of the Plan Proponents to object to the validity or allowance

for voting purposes of the later Ballot or Master Ballot on any basis permitted by law, including

under Bankruptcy Rule 3018(a), and, if the objection is sustained, to count the next-most recent

properly completed Ballot or Master Ballot received by KCC for all purposes; provided,

however, that as to any instance in which a vote is changed by the filing of a superseding Ballot,

the Voting Certification to be filed by KCC shall indicate the changing of the particular vote.

### D.    No Division of Claims or Votes

47.    Except as set forth below and as it may relate to the procedures applicable

to Master Ballots or as set forth in paragraphs 66-68 of the Motion, each claimant who votes

must vote the full amount of each claim in any one class either to accept or reject the Plan, and,

therefore: (a) separate claims held by a single creditor in any one class will be aggregated, for

purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, as if such

creditor held one claim against the Debtors in such class, (ii) such creditor will receive a single

Ballot with respect to all of its claims in such class; and (iii) the votes related to such claims will

be treated as a single vote to accept or reject the Plan.  Notwithstanding anything to the contrary herein, separate ballots will be provided, and the votes of creditors will not be aggregated, in the event that separate Ballots are requested by a creditor in a Temporary Allowance Request Motion prior to the deadline set forth in paragraph 47 of the Motion for filing any such motion and such motion is approved by the Court prior to the Voting Deadline.

48.    KCC is authorized (but not required) to contact parties that submit incomplete or otherwise deficient Ballots in order to cure such deficiencies and allow the Plan Proponents to waive such deficiencies in their discretion and without further order of the Court.

### E.    Certification of Votes

49.    KCC will process and tabulate Ballots and Master Ballots for each Class entitled to vote to accept or reject the Plan and, prior to the Confirmation Hearing, will file the voting certification (the "Voting Certification") no later than (7) seven days prior the Confirmation Hearing as required by Local Rule 3018-1 (the "Voting Certification Deadline") (on or about [October 25], 2013 at 5:00 p.m.).

50.    Such Voting Certification shall list, inter alia, all instances in which (a) Ballots were withdrawn, (b) votes were changed by the filing of superseding Ballots, (c) the Voting Deadline was extended, and (d) every irregular Ballot and Master Ballot including, without limitation, those Ballots and Master Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or necessary information, damaged, or received via facsimile, e-mail, or any other means.  With regard to section (d) of this paragraph, the Voting Certification shall indicate the Plan Proponents' intentions with regard to such irregular Ballots and Master Ballots.

51.    The Voting Certification shall be served on (a) all Notice Parties, (b) all parties entitled to notice pursuant to Case Management Procedures Order; (c) all known holders

of claims listed on the Schedules (as amended or supplemented from time to time) at the addresses stated therein; (d) all parties who filed proofs of claim against any of the Debtors' estates that have not been expunged and disallowed by final order; and (e) all parties who have requested notice pursuant to Bankruptcy Rule 2002.

## VII.   **Approval of the Confirmation Procedures**

### A.   **Confirmation Hearing Notice**

52.     The Confirmation Hearing Notice substantially in the form annexed hereto as Exhibit F is **APPROVED**.

53.     The Plan Proponents shall mail a copy of the Confirmation Hearing Notice (to the extent not already provided in the distributions above) to: (a) the United States Trustee; (b) counsel to the Creditors' Committee; (c) all persons or entities that have requested notice of the proceedings in the Chapter 11 cases; (d) all persons or entities that have filed claims as of the date hereof; (e) all known creditors or known holders of prepetition claims as of the date of this Order, including all persons or entities listed in the Schedules at the addresses stated therein; (f) all counterparties to the Debtors' executory contracts and unexpired leases listed on the Schedules at the addresses stated therein; (g) all parties to litigation with the Debtors; (h) all parties to litigation with Ally relating to the Debtors' businesses, regardless of whether such parties are entitled to vote on the Plan; (i) all known members of potential class action lawsuits; (j) the Internal Revenue Service, the Securities and Exchange Commission, the United States Attorney for the Southern District of New York and any other required governmental units; (k) the parties listed on the Special Service List and the General Service List (each as defined in the Case Management Procedures Order); (l) known potential creditors with claims unknown by the Debtors; (m) all holders of Claims and Equity Interests regardless of whether such holders are entitled to vote on the Plan; (n) individual borrowers whose loans were serviced by the Debtors

as of September 20, 2012; and (o) such additional persons and entities as deemed appropriate by the Plan Proponents.

54.     The Plan Proponents shall publish the Confirmation Hearing Notice in each of the national editions of *The Wall Street Journal* and *USA Today* within ten (10) business days after entry of the Disclosure Statement Approval Order (on or about [August 29, 2013]).

### B.     Objections to Confirmation of the Plan

55.     Objections and responses, if any, to confirmation of the Plan, must (a) be in writing, (b) conform to the Bankruptcy Rules, the Local Rules and the Case Management Procedures Order, (c) set forth the name(s) of the objecting party/(ies), (d) set forth the nature and amount of the claim(s) or equity interest(s) held or asserted by the objection party/(ies) against the Debtors, (e) state with particularity the legal and factual bases relied upon for the objection or response, (f) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures Order; and (g) be served General Order M-399 (which can be found at www.nysb.uscourts.gov) upon the Notice Parties on or prior to the Plan Objection Deadline.

56.     Any objections or responses must also be served upon and received by the Notice Parties no later than the Plan Objection Deadline

57.     Objections to confirmation of the Plan not timely filed and served in accordance with the provisions of this Order shall not be considered by the Court and are denied and overruled unless otherwise ordered by the Court.

58.     The Plan Proponents may file and serve, as appropriate, replies or an omnibus reply on or before [October 30], 2013 to objections or responses that may be served and filed.

59.     Subject to the terms of the Plan Support Agreement, the Plan Proponents may make non-substantive changes to the Solicitation Package (including the Plan, Disclosure Statement, Ballots and Master Ballots), the Confirmation Hearing Notice, the Notices of Non-Voting Status, the Plan Supplement Notice, the procedures contained herein and all related documents, without further order of the Court, including, without limitation, filling in any missing dates or other missing information, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, any other materials in the Solicitation Package, the Confirmation Hearing Notice, the Notices of Non-Voting Status, and/or the Plan Supplement Notice, prior to distribution of such materials.

60.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2013
New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit A-1**

Junior Secured Notes Claims (Beneficial Owner Ballot)

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR**
**REJECTING THE JOINT CHAPTER 11 PLAN**
**PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND**
**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS [GS-3] — JUNIOR SECURED NOTES CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

- 1 -

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED) MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u> BY KCC BY [_____], 2013 AT 7:00 P.M.] (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:</u>[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT INCLUDING YOUR VOTE TO KCC BY THE VOTING DEADLINE.  PLEASE CONTACT YOUR NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO KCC.

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC</u>**:**
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE, YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO KCC SO IT IS **<u>ACTUALLY</u> <u>RECEIVED</u>** BY THE VOTING DEADLINE.

On [____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [July 3], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [July 3, 2013].  The Plan is <u>Exhibit A</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Class [GS-3] Junior Secured Notes Claims that were voted to accept or reject the Plan, as applicable, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a) of the Bankruptcy Code.

---

[1]     "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class [GS-3] Junior Secured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A. as Junior Secured Notes Indenture Trustee.

ny-1097774

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class [GS-3] Junior Secured Notes Claims. If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE [__] OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE [__] CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

**VOTING INSTRUCTIONS**

1. All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2. To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that were included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3. **Return of Beneficial Owner Ballots**: Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is [_____],

- 3 -

2013, at 7:00 p.m. (Eastern Time). To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

    (i)    <u>Pre-validated Beneficial Owner Ballot</u>: If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually received** by KCC on or before the Voting Deadline.

    (ii)    <u>Not pre-validated Beneficial Owner Ballot</u>: If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4.    If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted. Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

    (i)    Beneficial Owner Ballots sent to any of the Debtors, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), any indenture trustee or the Debtors' financial or legal advisors;

    (ii)    Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

    (iii)    any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

    (iv)    any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

    (v)    any unsigned Beneficial Owner Ballot; and/or

    (vi)    any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.    Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.    The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service. In all cases, holders should allow sufficient time to assure timely delivery.

7.    If multiple Beneficial Owner Ballots are received from the same holder of a Class [GS-3] Junior Secured Notes Claim with respect to the same Class [GS-3] Junior Secured Notes Claim prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

- 4 -

8.      If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before [_____], 2013 at 4:00 p.m. (prevailing Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

10.     This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

11.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

12.     Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC
(INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL NOT BE ACCEPTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT (877) 833-4150.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS [GS-3] JUNIOR SECURED NOTES CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of [_____], 2013 (the "**Voting Record Date**"), it held a Class [GS-3] Junior Secured Notes Claim in the below amount:

Claim Amount _____

ITEM 2.        **Vote.**  The holder of the Class [GS-3] Junior Secured Notes Claim that relates to this Ballot votes:

☐   **to ACCEPT the Plan.**                    ☐   **to REJECT the Plan.**

**IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:**

THE RELEASE IN ARTICLE [__] OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.**

**FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES. NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.**

ITEM 3.     **Certifications as to Class [GS-3] Junior Secured Notes Claims.** By completing and returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that either (1) it has not submitted any other Ballots for other Class [GS-3] Junior Secured Notes Claims held in other accounts or other record names or (2) it has provided the information specified in the following table for all other Class [GS-3] Junior Secured Notes Claims for which it has submitted additional Beneficial Owner Ballots, each of which indicates the same vote to accept or reject the Plan (please use additional sheets of paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS [GS-3] JUNIOR SECURED NOTES CLAIMS ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Account Number with other Nominee (if applicable) | | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class [GS-3] Junior Secured Notes Claims Voted |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

- 7 -

ITEM 4.        **Certification.**  By signing this Ballot, the holder of the Class [GS-3] Junior Secured Notes Claims certifies that it:

        a.   is the holder of the Class [GS-3] Junior Secured Notes Claims to which this Ballot pertains;

        b.   has been provided with a copy of the Plan, Disclosure Statement and the Disclosure Statement Order and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

        c.   has not submitted any other Ballots relating to the Class [GS-3] Junior Secured Notes Claims that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):        _____

Social Security or Federal Tax I.D. No. (Optional):        _____

Signature:        _____

Name of Signatory:        _____

If Authorized Agent of Claimant, Title of Agent:        _____

Street Address:        _____

City, State, and Zip Code:        _____

Telephone Number:        _____

Email Address (if any):        _____

Date Completed:        _____

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-
VALIDATED) <u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS
BENEFICIAL OWNER BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE
VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS
BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES,
OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE
DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT
(877)-833-4150.**

ny-1097774

# **Exhibit A-2**

Junior Secured Notes Claims (Master Ballot)

> **NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------------

## MASTER BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

### CLASS [GS-3] — JUNIOR SECURED NOTES CLAIMS

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

On [____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [July 3, 2013] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [July 3, 2013]. The Plan is <u>Exhibit A</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of

a Beneficial Owner of Class [GS-3] Junior Secured Notes Claims under the Plan as of [____], 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class [GS-3] Junior Secured Notes Claims and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class [GS-3] Junior Secured Notes Claims and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class [GS-3] Junior Secured Notes Claims and you wish to vote the Class [GS-3] Junior Secured Notes Claims for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class [GS-3] Junior Secured Notes Claims.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

> ARTICLE [__] OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE [__] CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through UMB Bank, N.A., as indenture trustee or successor indenture trustee under the Junior Secured Notes Indenture, together with its respective successors and assigns.

applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.  You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class [GS-3] Junior Secured Notes Claims, and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.  If you are both the record holder and the Beneficial Owner of any principal amount of the Class [GS-3] Junior Secured Notes Claims and you wish to vote any Class [GS-3] Junior Secured Notes Claims on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.  If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC.  Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.  **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class [GS-3] Junior Secured Notes Claims voted the amount of the Class [GS-3] Junior Secured Notes Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived.  If you choose to pre-validate individual Beneficial Owner Ballots, you must immediately:  (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

    (i)  the pre-validated Beneficial Owner Ballot;

    (ii)  a return envelope addressed to KCC as follows:  ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

    (iii)  clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before 7:00 pm (Eastern Time) on [_____], 2013 (the "Voting Deadline").

6.  **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**:  If you do NOT choose to pre-validate individual Beneficial Owner Ballots, you must:

    (i)  immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including:  (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

- 3 -

> (ii)    upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:
>
>> a.    compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;
>>
>> b.    execute the Master Ballot;
>>
>> c.    transmit such Master Ballot to KCC by the Voting Deadline; and
>>
>> d.    retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.    If a Master Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will <u>NOT</u> be counted:

> (i)    Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;
>
> (ii)    Master Ballots sent by facsimile, e-mail or any other electronic means;
>
> (iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;
>
> (iv)    any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;
>
> (v)    any unsigned Master Ballot;
>
> (vi)    any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or
>
> (vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.    Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan <u>until</u> you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.    The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee. Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand

- 4 -

delivery service. Facsimile or other electronic transmissions of this Master Ballot will not be accepted. In all cases, Nominees should allow sufficient time to assure timely delivery.

10.     If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.     The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.     This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.     **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.     No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan. The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.


**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**


**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

- 5 -

> **If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
> the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
> Owners' votes transmitted hereby will not be counted.**

ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of [_____], 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

- ❑   is a Nominee for the Beneficial Owners of the aggregate amount of Class [GS-3] Junior Secured Note Claims listed in Item 2 below and is the registered holder of the Class [GS-3] Junior Secured Note Claims represented by any such Class [GS-3] Junior Secured Note Claims;

- ❑   is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class [GS-3] Junior Secured Note Claims listed in Item 2 below; or

- ❑   has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class [GS-3] Junior Secured Note Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class [GS-3] Junior Secured Note Claims described in Item 2 below.

ITEM 2.        **Vote With Respect to Class [GS-3] Junior Secured Notes Claims.**

<u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class [GS-3] Junior Secured Notes Claims.  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class [GS-3] Junior Secured Notes Claims and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

<u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class [GS-3] Junior Secured Notes Claims to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

ny-1097776

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class [GS-3] Junior Secured Note Claim** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

## IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:

THE RELEASE IN ARTICLE [___] OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.

FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES. NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.

ITEM 3.    **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class [GS-3] Junior Secured Notes Claims Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class [GS-3] Junior Secured Notes Claims for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

- 8 -

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM [ITEM 4] OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class [GS-3] Junior Secured Note Claims Voted | Principal Amount of Other Class [GS-3] Junior Secured Note Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.    it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.    it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.    it is the registered holder of the Class R-3 Junior Secured Notes Claims being voted, or an agent therefor;

4.    it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.    it has properly disclosed:

(i)    the number of Beneficial Owners who completed Beneficial Owner Ballots;

- 9 -

(ii)    the respective amounts of the Class R-3 Junior Secured Notes Claims  by each Beneficial Owner who completed a Beneficial Owner Ballot;

(iii)    each such Beneficial Owner's respective vote concerning the Plan;

(iv)    each such Beneficial Owner's certification as to other Class R-3 Junior Secured Notes Claims voted; and

(v)    the customer account or other identification number for each such Beneficial Owner;

6.    each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.    it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

---

Name of Nominee: _____

(Print or Type)

Participant Number: _____

☐    Name of Proxy Holder or Agent
        for Nominee: _____

(Print or Type)

Social Security or Federal Tax Identification
Number: _____

Signature: _____

Name of Signatory: _____

(If other than Nominee)

Title: _____

Address: _____

_____

_____

Date Completed: _____

---

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan.  The Debtors will however, upon written request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such

- 10 -

certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER
BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

---

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

---

**IF KCC DOES NOT _ACTUALLY_ _RECEIVE_ THIS MASTER BALLOT BY THE VOTING
DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST
HEREBY WILL NOT BE COUNTED.**

- 11 -

# **Exhibit A-3**

Senior Unsecured Notes Claims (Beneficial Owner Ballot)

> **NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR
REJECTING THE JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — SENIOR UNSECURED NOTES CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

- 1 -

**IN ORDER FOR YOUR VOTE TO BE COUNTED, ALL PRE-VALIDATED
BENEFICIAL OWNER BALLOTS (INCLUDING MASTER BALLOTS CAST
ON BEHALF OF BENEFICIAL OWNER BALLOTS THAT WERE NOT PRE-VALIDATED)
MUST BE COMPLETED, EXECUTED AND RETURNED SO AS TO BE <u>ACTUALLY
RECEIVED</u> BY KCC BY [_____], 2013 AT 7:00 P.M.] (EASTERN TIME) (THE "<u>VOTING
DEADLINE</u>") IN ACCORDANCE WITH THE FOLLOWING:**

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE:</u>[1]
YOU MUST RETURN THIS BENEFICIAL OWNER BALLOT TO YOUR NOMINEE IN
ACCORDANCE WITH THE ENCLOSED INSTRUCTIONS FROM YOUR NOMINEE, AND IN ANY
EVENT, IN SUFFICIENT TIME TO PERMIT YOUR NOMINEE TO DELIVER A MASTER BALLOT
INCLUDING YOUR VOTE TO KCC BY THE VOTING DEADLINE.  PLEASE CONTACT YOUR
NOMINEE WITH ANY QUESTIONS REGARDING THE DATE IT NEEDS TO RECEIVE YOUR
BENEFICIAL OWNER BALLOT TO TIMELY SUBMIT THE MASTER BALLOT TO KCC.

<u>IF YOU RECEIVED A RETURN ENVELOPE ADDRESSED TO KCC</u>:
YOUR NOMINEE HAS PRE-VALIDATED THIS BENEFICIAL OWNER BALLOT.  THEREFORE,
YOU MUST RETURN THIS PRE-VALIDATED BENEFICIAL OWNER BALLOT DIRECTLY TO
KCC SO IT IS <u>**ACTUALLY**</u> <u>**RECEIVED**</u> BY THE VOTING DEADLINE.

On [____], 2013, the United States Bankruptcy Court for the Southern District of New
York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure
Statement dated [July 3] 2013 (as the same may be amended, modified, and/or supplemented, including
all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By
Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be
amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the
Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation
of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-
possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and
together with the Debtors, the "**Plan Proponents**") on [July 3, 2013].  The Plan is <u>Exhibit A</u> to the
Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation
Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by
the Court.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is
accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of
the Class R-4 Senior Unsecured Notes Claims that were voted to accept or reject the Plan, as applicable,
and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.
If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it
finds that the Plan (i) provides fair and equitable treatment to, and does not unfairly discriminate against,
the Class or Classes rejecting the Plan and (ii) otherwise satisfies the requirements under section 1129(a)
of the Bankruptcy Code.

---

[1] "**Nominee**" is the broker, dealer, commercial bank, trust company or other agent nominee holding Class R-5 Senior
Unsecured Notes Claims on behalf of Beneficial Owners as record owners/holders. A "**Beneficial Owner**" means a beneficial
owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below)
pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it
holds such securities on its own behalf) holding Claims through Wilmington Trust as Senior Unsecured Notes Indenture Trustee.

ny-1098057

You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

This Beneficial Owner Ballot is being sent to the Beneficial Owners of Class R-4 Senior Unsecured Notes Claims.  If you hold Claims in other classes in which you are entitled to vote, you will receive a Ballot for each such other class.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap Restructuring at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE [__] OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE [__] CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

## VOTING INSTRUCTIONS

1.     All capitalized terms used in the Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as applicable. In the event of a conflict between the Plan, the Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.     To ensure that your vote is counted, you <u>must</u>: (a) complete your Beneficial Owner Ballot in accordance with these instructions (and as explained in greater detail in the Confirmation Hearing Notice that were included in the Solicitation Package); (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Beneficial Owner Ballot; (c) review and complete Items 4 and 5 in accordance with the instructions therein; <u>and</u> (d) clearly sign and return an original of your Beneficial Owner Ballot to the address set forth on the enclosed pre-addressed envelope.

3.     **Return of Beneficial Owner Ballots**:  Your Beneficial Owner Ballot (if pre-validated) and/or the Master Ballot incorporating the vote cast on your Beneficial Owner Ballot MUST be returned to KCC so as to be **actually received** by KCC on or before the Voting Deadline, which is [_____],

2013, at 7:00 p.m. (Eastern Time).  To ensure your vote is counted toward confirmation of the Plan, please read the following information carefully so that you understand where your Beneficial Owner Ballot must be sent in order for it to be received before the Voting Deadline:

   (i)    <u>Pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to KCC, you must return your completed Beneficial Owner Ballot <u>directly to KCC</u> so that it is **actually** **received** by KCC on or before the Voting Deadline.

   (ii)    <u>Not pre-validated Beneficial Owner Ballot</u>:  If you received a Beneficial Owner Ballot and a return envelope addressed to your Nominee, you must return your completed Beneficial Owner Ballot <u>directly to your Nominee</u> in sufficient time to permit your Nominee to deliver a Master Ballot including your vote to KCC by the Voting Deadline.

4.    If a Master Ballot or pre-validated Beneficial Owner Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Beneficial Owner Ballots will <u>NOT</u> be counted:

   (i)    Beneficial Owner Ballots sent to any of the Debtors, the Debtors' agents (other than the pre-validated Beneficial Owner Ballots sent to KCC), any indenture trustee or the Debtors' financial or legal advisors;

   (ii)    Beneficial Owner Ballots sent by facsimile, e-mail or any other electronic means;

   (iii)    any Beneficial Owner Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim;

   (iv)    any Beneficial Owner Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

   (v)    any unsigned Beneficial Owner Ballot; and/or

   (vi)    any Beneficial Owner Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

5.    Beneficial Owner Ballots that indicate both acceptance and rejection of the Plan or indicate neither an acceptance nor rejection of the Plan will not be counted.

6.    The method of delivery of Beneficial Owner Ballots to KCC or your Nominee is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Beneficial Owner Ballot or Master Ballot incorporating the Beneficial Owner Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  In all cases, holders should allow sufficient time to assure timely delivery.

7.    If multiple Beneficial Owner Ballots are received from the same holder of a Class R-4 Senior Unsecured Notes Claim with respect to the same Class R-4 Senior Unsecured Notes Claim prior to the Voting Deadline, the last valid Beneficial Owner Ballot timely received will supersede and revoke any earlier received Beneficial Owner Ballots.

- 4 -

8.      If you believe you received the wrong Ballot, or if you need additional Ballots, please immediately contact KCC.

9.      This Ballot does not constitute, and shall not be deemed to be, a proof of claim or an assertion or admission of a Claim.

10.     If you hold Claims in more than one class under the Plan, you may receive more than one Ballot for each different class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by KCC, the Plan Proponents or the Court, must submit proper evidence to the requesting party to so act on behalf of such holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS BALLOT WILL <u>NOT</u> BE ACCEPTED.

**IF YOU HAVE ANY QUESTIONS REGARDING THE BALLOT OR THE PROCEDURES GENERALLY, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT <u>(877) 833-4150</u>.  PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

**THIS BALLOT IS TO BE USED BY BENEFICIAL OWNERS OF CLASS R-4 SENIOR UNSECURED NOTES CLAIMS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT IN THE ENCLOSED ENVELOPE.**

ITEM 1.     **Claim Amount for Voting Purposes.**  The undersigned certifies that as of [____], 2013 (the "**<u>Voting Record Date</u>**"), it held a Class R-4 Senior Unsecured Notes Claim in the below amount:

Claim Amount _____

ITEM 2.     **Vote.**  The holder of the Class R-4 Senior Unsecured Notes Claim that relates to this Ballot votes:

☐     **to ACCEPT the Plan.**                    ☐     **to REJECT the Plan.**

- 5 -

IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:

THE RELEASE IN ARTICLE [__] OF THE PLAN PROVIDES:

ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.

FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES. NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS

- 6 -

**HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS
NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS
AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS
ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER
CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO
ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN
INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE
INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN
RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND,
WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S
ALTERNET SELLER GUIDE.**

ITEM 3.　　　**Certifications as to Class R-4 Senior Unsecured Notes Claims.** By completing and
returning this Beneficial Owner Ballot, the undersigned Beneficial Owner certifies that
either (1) it has not submitted any other Ballots for other Class R-4 Senior Unsecured
Notes Claims held in other accounts or other record names or (2) it has provided the
information specified in the following table for all other Class R-4 Senior Unsecured
Notes Claims for which it has submitted additional Beneficial Owner Ballots, each of
which indicates the same vote to accept or reject the Plan (please use additional sheets of
paper if necessary):

ONLY COMPLETE THIS SECTION IF YOU
HAVE VOTED OTHER CLASS R-4 SENIOR UNSECURED NOTES CLAIMS ON A BENEFICIAL
OWNER BALLOT OTHER THAN THIS BENEFICIAL OWNER BALLOT.

| Account Number with other Nominee (if applicable) | | Name of Registered Holder or Other Nominee (if applicable) | Principal Amount of Other Class R-4 Senior Unsecured Notes Claims Voted |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

ITEM 4.　　　**Certification.** By signing this Ballot, the holder of the Class R-4 Senior Unsecured
Notes Claims certifies that it:

　　　a.　is the holder of the Class R-4 Senior Unsecured Notes Claims to which this
Ballot pertains;

　　　b.　has been provided with a copy of the Plan, Disclosure Statement and the
Disclosure Statement Order and acknowledges that the vote set forth on this

- 7 -

Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order; and

c.  has not submitted any other Ballots relating to the Class R-4 Senior Unsecured Notes Claims that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):    _____

Social Security or Federal Tax I.D. No. (Optional):    _____

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of Agent:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Email Address (if any):    _____

Date Completed:    _____

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such certificates surrendered together with this Ballot.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

ny-1098057

**PLEASE COMPLETE, SIGN AND DATE THIS BENEFICIAL OWNER
BALLOT AND RETURN IT <u>PROMPTLY</u> IN THE ENVELOPE PROVIDED.**

**IF KCC DOES NOT <u>ACTUALLY</u> <u>RECEIVE</u> THIS BENEFICIAL OWNER BALLOT (IF PRE-
VALIDATED) <u>OR</u> THE MASTER BALLOT INCORPORATING THE VOTE CAST BY THIS
BENEFICIAL OWNER BALLOT ON OR BEFORE THE VOTING DEADLINE (AND IF THE
VOTING DEADLINE IS NOT EXTENDED), YOUR VOTE TRANSMITTED BY THIS
BENEFICIAL OWNER BALLOT WILL <u>NOT</u> BE COUNTED TOWARD CONFIRMATION.**

**IF YOU HAVE QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES,
OR IF YOU NEED AN ADDITIONAL BALLOT OR ADDITIONAL COPIES OF THE
DISCLOSURE STATEMENT OR OTHER ENCLOSED MATERIALS, PLEASE CALL KCC AT
(877)-833-4150.**

ny-1098057

# **Exhibit A-4**

Senior Unsecured Claims (Master Ballot)

> **NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO
> MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE
> MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY
> THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------------

**MASTER BALLOT FOR ACCEPTING OR REJECTING
THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL
CAPITAL, LLC, ET AL. AND THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS**

**CLASS R-4 — SENIOR UNSECURED NOTES CLAIMS**

> **PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS
> FOR COMPLETING THIS BALLOT CAREFULLY BEFORE
> COMPLETING THIS BALLOT.**

On [____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [July 3, 2013] (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [July 3, 2013]. The Plan is Exhibit A to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

The Plan Proponents have sent this Master Ballot to you because our records indicate that you are a broker, dealer, commercial bank, trust company, or other agent nominee (each, a "**Nominee**") of

a Beneficial Owner of Class R-4 Senior Unsecured Notes Claims under the Plan as of [_____], 2013 (the "**Voting Record Date**").[1]

As a Nominee, you are required to immediately deliver a Solicitation Package, including a Beneficial Owner Ballot, to each Beneficial Owner for whom you hold Class R-4 Senior Unsecured Notes Claims and take any action required to enable such Beneficial Owner to timely vote its Claim to accept or reject the Plan. You should include in each Solicitation Package a return envelope addressed to you (and not include a return envelope addressed to KCC), unless you choose to pre-validate such Beneficial Owner Ballot, in which case the Solicitation Package should include a return envelope addressed only to KCC. With respect to any Beneficial Owner Ballots returned to you, you must (1) execute this Master Ballot so as to reflect the voting instructions given to you in the Beneficial Owner Ballots by the Beneficial Owners for whom you hold Class R-4 Senior Unsecured Notes Claims and (2) forward this Master Ballot to KCC in accordance with the Master Ballot Instructions accompanying this Master Ballot.

If you are both the record holder and a Beneficial Owner of any Class R-4 Senior Unsecured Notes Claims and you wish to vote the Class R-4 Senior Unsecured Notes Claims for which you are a Beneficial Owner, you may complete a Beneficial Owner Ballot or this Master Ballot with respect to such Class R-4 Senior Unsecured Notes Claims.

Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order and certain other materials). If you received Solicitation Package materials in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

> ARTICLE [___] OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE [___] CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

## VOTING INSTRUCTIONS

1.    All capitalized terms used in the Master Ballot or these instructions but not otherwise defined therein shall have the meanings ascribed to them in the Plan or the Disclosure Statement Order, as

---

[1]    A "**Beneficial Owner**" means a beneficial owner of publicly-traded securities whose Claims have not been satisfied prior to the Voting Record Date (as defined below) pursuant to Bankruptcy Court order or otherwise, as reflected in the records maintained by the Nominees (or its own records if it holds such securities on its own behalf) holding Claims through Wilmington Trust, as indenture trustee under the Senior Unsecured Notes Indenture, together with its respective successors and assigns.

applicable. In the event of a conflict between the Plan, the Master Ballot and the Disclosure Statement, the terms of the Plan shall control.

2.       You should immediately distribute Solicitation Package(s), including Beneficial Owners Ballots, to each Beneficial Owner (or intermediary nominees, if applicable) of Class R-4 Senior Unsecured Notes Claims, and take any action required to enable each such Beneficial Owner to timely vote their Claims.

3.       If you are both the record holder and the Beneficial Owner of any principal amount of the Class R-4 Senior Unsecured Notes Claims and you wish to vote any Class R-4 Senior Unsecured Notes Claims on account thereof, you may complete and execute either an individual Beneficial Owner Ballot or a Master Ballot and return the same to KCC in accordance with these instructions.

4.       If you are transmitting the votes of any Beneficial Owners other than yourself, you may, at your option, elect to pre-validate the Beneficial Owner Ballots sent to you by KCC. Based on your decision as to whether or not to pre-validate Beneficial Owners Ballots, the instructions in either paragraph (5) or paragraph (6) apply (but not both).

5.       **PRE-VALIDATED BENEFICIAL OWNER BALLOTS**: A Nominee "pre-validates" a Beneficial Owner Ballot by indicating thereon the Beneficial Owner of the Class R-4 Senior Unsecured Notes Claims voted the amount of the Class R-4 Senior Unsecured Notes Claims held by the Beneficial Owner and the appropriate account numbers through which the Beneficial Owner's holdings are derived. If you choose to pre-validate individual Beneficial Owner Ballots, you must immediately: (a) "pre-validate" the individual Beneficial Owner Ballot contained in the Solicitation Package sent to you by KCC, and (b) forward the Solicitation Package to the Beneficial Owner for voting, including:

       (i)       the pre-validated Beneficial Owner Ballot;

       (ii)      a return envelope addressed to KCC as follows: ResCap Balloting Center, c/o KCC, 599 Lexington Avenue, 39th Floor, New York, NY 10022; and

       (iii)     clear instructions stating that Beneficial Owners must return their pre-validated Beneficial Owner Ballot directly to KCC so that it is **actually received** by KCC on or before 7:00 pm (Eastern Time) on [____], 2013 (the "Voting Deadline").

6.       **NON PRE-VALIDATED BENEFICIAL OWNER BALLOTS**: If you do NOT choose to pre-validate individual Beneficial Owner Ballots, you must:

       (i)       immediately forward the Solicitation Package(s) sent to you by KCC to each Beneficial Owner for voting, including: (a) the Beneficial Owner Ballot; (b) a return envelope addressed to the Nominee; and (c) clear instructions stating that Beneficial Owners must return their Beneficial Owner Ballot directly to the Nominee so that it is actually received by the Nominee on or before that date ("**Return Date**") calculated by the Nominee so as to afford the Nominee with enough time to prepare the Master Ballot and return the Master Ballot to KCC so it is **actually received** by KCC on or before the Voting Deadline, which Return Date the Nominee must also insert in the blank on the first page of the Beneficial Owner Ballot before transmitting it to the Beneficial Owner; and

(ii)    upon receipt of completed and executed Beneficial Owner Ballots returned to you by a Beneficial Owner (or intermediary nominee), you must:

a.    compile and validate the votes and other relevant information of each such Beneficial Owner on the Master Ballot using the customer account number or other identification number assigned by you or an intermediary nominee to each such Beneficial Owner;

b.    execute the Master Ballot;

c.    transmit such Master Ballot to KCC by the Voting Deadline; and

d.    retain such Beneficial Owner Ballots in your files for a period of one year after the Effective Date of the Plan (as you may be ordered to produce the Beneficial Owner Ballots to the Debtors or the Court).

7.    If a Master Ballot is received <u>after</u> the Voting Deadline and if the Voting Deadline is not extended, it will not be counted.  Additionally, the following Master Ballots (and therefore Beneficial Owner Ballots) will <u>NOT</u> be counted:

(i)    Master Ballots sent to any of the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors;

(ii)    Master Ballots sent by facsimile, e-mail or any other electronic means;

(iii)    any Master Ballot that is illegible or contains insufficient information to permit the identification of the Beneficial Owner of the Claim;

(iv)    any Master Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan;

(v)    any unsigned Master Ballot;

(vi)    any Master Ballot not marked to accept or reject the Plan or the portion of any Master Ballot that is marked, with respect to a single account number, both to accept and reject the Plan; and/or

(vii)    any Master Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

8.    Any Ballot returned to you by a Beneficial Owner of a Claim or intermediary nominee shall not be counted for purposes of accepting or rejecting the Plan <u>until</u> you properly complete and deliver to KCC a Master Ballot that reflects the vote of such Beneficial Owners or intermediary nominees by the Voting Deadline or otherwise validate the Beneficial Owner Ballot in a manner acceptable to KCC.

9.    The method of delivery of Master Ballots to KCC is at the election and risk of each Nominee. Except as otherwise provided herein, such delivery will be deemed made only when KCC **actually** **receives** the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Nominees use an overnight or hand

- 4 -

delivery service.  Facsimile or other electronic transmissions of this Master Ballot will not be accepted.  In all cases, Nominees should allow sufficient time to assure timely delivery.

10.     If multiple Master Ballots are received from the same Nominee with respect to the same Beneficial Owner Ballot belonging to a Beneficial Owner of a Claim prior to the Voting Deadline, the last Master Ballot timely received will supersede and revoke any earlier received Master Ballots.

11.     The Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan and make certifications with respect to the Beneficial Owner Ballots.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing their Claims and you should not accept delivery of any such certificates or instruments surrendered together with a Beneficial Owner Ballot.

12.     This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

13.     **Please be sure to properly execute your Master Ballot**.  You must: (a) sign and date your Master Ballot; (b) if applicable, indicate that you are signing a Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation or otherwise acting in a fiduciary or representative capacity and, if required or requested by KCC, the Plan Proponents or the Court, submit proper evidence to the requesting party to so act on behalf of such Beneficial Owner; and (c) provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Master Ballot.

14.     No fees or commissions or other remuneration will be payable to any Nominee for soliciting Beneficial Owner Ballots accepting the Plan.  The Debtors will however, upon written request, reimburse you for reasonable and customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.


**PLEASE MAIL YOUR BALLOT PROMPTLY.  FACSIMILE OR OTHER ELECTRONIC (INCLUDING E-MAIL) TRANSMISSION OF THIS MASTER BALLOT WILL <u>NOT</u> BE ACCEPTED.**


**IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC BY: (A) WRITING TO RESIDENTIAL CAPITAL, LLC, C/O KURTZMAN CARSON CONSULTANTS LLC, 2335 ALASKA AVENUE, EL SEGUNDO, CALIFORNIA 90245; OR (B) TELEPHONE AT (877) 833-4150. PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

> **If KCC does not <u>actually</u> <u>receive</u> this Master Ballot on or before
> the Voting Deadline, and if the Voting Deadline is not extended, the Beneficial
> Owners' votes transmitted hereby will not be counted.**

ITEM 1.        **Claim Amount for Voting Purposes.**  The undersigned certifies that as of [____], 2013 (the "**<u>Voting Record Date</u>**"), the undersigned (please check the applicable box):

☐    is a Nominee for the Beneficial Owners of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below and is the registered holder of the Class R-4 Senior Unsecured Note Claims represented by any such Class R-4 Senior Unsecured Note Claims;

☐    is acting under a power of attorney and/or agency agreement (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate amount of Class R-4 Senior Unsecured Note Claims listed in Item 2 below; or

☐    has been granted a proxy (an original of which is annexed hereto) from (a) a Nominee or (b) a Beneficial Owner, that is the registered holder of the aggregate amount of the Class R-4 Senior Unsecured Note Claims listed in Item 2 below and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Owners of the Class R-4 Senior Unsecured Note Claims described in Item 2 below.

ITEM 2.        **Vote With Respect to Class R-4 Senior Unsecured Notes Claims.**

        <u>Number of Beneficial Owners</u>:  The undersigned transmits the following votes of Beneficial Owners in respect of their Class R-4 Senior Unsecured Notes Claims.  The undersigned certifies that the following Beneficial Owners of such Claims, as identified by their respective customer account numbers set forth below, are Beneficial Owners of the Class R-4 Senior Unsecured Notes Claims and as of the Voting Record Date have delivered to the undersigned, as Nominee, Beneficial Owner Ballots casting such votes.

        <u>To Properly Complete the Following Table</u>:  Indicate in the appropriate column below the aggregate principal amount voted for each account (please use additional sheets of paper if necessary and, if possible, attach such information to this Master Ballot in the form of the following table).  <u>Please note</u>:  (1) each account of a Beneficial Owner must vote all such Beneficial Owner's Class R-4 Senior Unsecured Notes Claims to accept or reject the Plan and may <u>not</u> split such vote; and (2) any Beneficial Owner Ballot executed by the Beneficial Owner that does not indicate an acceptance or rejection of the Plan or that indicates both an acceptance and a rejection should not be counted as either an acceptance or a rejection of the Plan.

| VOTE ON CHAPTER 11 PLAN | | |
|---|---|---|
| **Your Customer Account Number for Each Beneficial Holder of Voting Class R-4 Senior Unsecured Note Claim** | **ACCEPT THE PLAN** | **REJECT THE PLAN** |
| 1. | $ | $ |
| 2. | $ | $ |
| 3. | $ | $ |
| 4. | $ | $ |
| 5. | $ | $ |
| 6. | $ | $ |
| 7. | $ | $ |
| 8. | $ | $ |
| 9. | $ | $ |
| 10. | $ | $ |
| **TOTALS:** | $ | $ |

**IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:**

THE RELEASE IN ARTICLE [___] OF THE PLAN PROVIDES:

      ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.

ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.

NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.

FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES. NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.

ITEM 3.        **Certification as to Transcription of Information from Item 3 of the Beneficial Owner Ballots as to Class R-4 Senior Unsecured Notes Claims Voted Through Other Beneficial Owner Ballots.**

The undersigned certifies that the undersigned has transcribed in the following table the information, if any, provided by Beneficial Owners in Item 3 of each of the Beneficial Owner's original Beneficial Owner Ballots, identifying any Class R-4 Senior Unsecured Notes Claims for which such Beneficial Owners have submitted other Beneficial Owner Ballots (*e.g.*, to other voting nominees) other than to the undersigned:

| Your Customer Account Number for Each Beneficial Holder Who Completed Item 3 of the Ballots | TRANSCRIBE FROM [ITEM 4] OF THE BALLOTS: | | | |
|---|---|---|---|---|
| | Account Number | Name of Holder | CUSIP Number or Description of Other Class R-4 Senior Unsecured Note Claims Voted | Principal Amount of Other Class R-4 Senior Unsecured Note Claims Voted |
| 1. | | | | $ |
| 2. | | | | $ |
| 3. | | | | $ |
| 4. | | | | $ |
| 5. | | | | $ |
| 6. | | | | $ |
| 7. | | | | $ |
| 8. | | | | $ |
| 9. | | | | $ |
| 10. | | | | $ |

ITEM 4.        **Certification.**

By signing this Master Ballot, the undersigned certifies that:

1.  it has received a copy of the Disclosure Statement, the Beneficial Owner Ballots and the Solicitation Package and has delivered the same to the Beneficial Owners listed on the Beneficial Owner Ballots or to any intermediary nominee, as applicable;

2.  it has received a completed and signed Beneficial Owner Ballot from each Beneficial Owner listed in Item 2 of this Master Ballot or from an intermediary nominee, as applicable;

3.  it is the registered holder of the Class R-4 Senior Unsecured Notes Claims being voted, or an agent therefor;

4.  it has been authorized by each such Beneficial Owner or intermediary nominee, as applicable, to vote on the Plan and to make applicable elections;

5.  it has properly disclosed:

        (i)        the number of Beneficial Owners who completed Beneficial Owner Ballots;

- 9 -

(ii)      the respective amounts of the Class R-4 Senior Unsecured Notes Claims  by each Beneficial Owner who completed a Beneficial Owner Ballot;

(iii)      each such Beneficial Owner's respective vote concerning the Plan;

(iv)      each such Beneficial Owner's certification as to other Class R-4 Senior Unsecured Notes Claims voted; and

(v)      the customer account or other identification number for each such Beneficial Owner;

6.  each such Beneficial Owner has certified to the undersigned or to an intermediary nominee, as applicable, that it is eligible to vote on the Plan; and

7.  it will maintain Beneficial Owner Ballots and evidence of separate transactions returned by Beneficial Owners or by intermediary nominees (whether properly completed or defective) for at least one year after the Voting Deadline and disclose all such information to the Court or the Debtors, as the case may be, if so ordered.

Name of Nominee: _____
(Print or Type)

Participant Number: _____

☐      Name of Proxy Holder or Nominee: _____
(Print or Type)

Social Security or Federal Tax Identification Number: _____

Signature: _____

Name of Signatory: _____
(If other than Nominee)

Title: _____

Address: _____

_____

_____

Date Completed: _____

No fees, commissions or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan.  The Debtors will however, upon written request, reimburse you for customary mailing and handling expenses incurred by you in forwarding the Beneficial Owner Ballots and other enclosed materials to your customers.  This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Holders should not surrender, at this time, certificates representing their securities.  KCC will not accept delivery of any such

- 10 -

certificates surrendered together with a Master Ballot.  Moreover, this Master Ballot shall not constitute or be deemed to be a proof of claim or equity interest or an assertion of a claim or equity interest.

**PLEASE COMPLETE, SIGN, AND DATE THIS
MASTER BALLOT AND RETURN IT PROMPTLY VIA FIRST CLASS MAIL,
OVERNIGHT COURIER SERVICE, OR HAND DELIVERY TO:**

**ResCap Balloting Center, c/o KCC,
599 Lexington Avenue, 39th Floor
New York, NY 10022**

**IF KCC DOES NOT _ACTUALLY_ _RECEIVE_ THIS MASTER BALLOT BY THE VOTING DEADLINE (AND IF THE VOTING DEADLINE IS NOT EXTENDED), THE VOTES CAST HEREBY WILL NOT BE COUNTED.**

- 11 -

# Exhibit A-5

General Ballot A

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------------------

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT**
**CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.**
**AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**[DEBTOR-CLASS] — [DESIGNATION]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY KCC ON OR BEFORE [_____] 2013 AT 7:00 P.M.] (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

**THIS BALLOT MUST BE TRANSMITTED BY <u>MAIL, HAND DELIVERY OR OVERNIGHT COURIER</u>. BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT BE ACCEPTED.**

---

On [_____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [July 3], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [July 3, 2013]. The Plan is <u>Exhibit A</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of [*Insert Debtor-Class and Designation Information*] under the Plan.  If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class.  Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

---

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A** [*Insert Debtor-Class and Designation Information*] **AS FOLLOWS:**

DEBTOR:_____

AMOUNT:_____

---

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION,
AND INJUNCTION PROVISIONS, AND **ARTICLE IX CONTAINS A THIRD
PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN
CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap Restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

**ITEM 1.**        **Claim Amount for Voting Purposes.**

The undersigned certifies that as of [_____], 2013, it held a [*Insert Debtor-Class and Designation Information*] under the Plan in the below amount:

[*Insert Debtor-Class and Designation Information*] Amount _____

- 2 -

**ITEM 2.**      **Vote.** The holder of the [*Insert Debtor-Class and Designation Information*] identified in Item 1 votes:

☐      to ACCEPT the Plan.            ☐      to REJECT the Plan.

**ITEM 3.**      **Optional Election to be Treated as a [*Insert Debtor-Class and Designation Information*] Convenience Class**.

By checking the box below, regardless of the amount of your [*Insert Debtor-Class and Designation Information*], you elect to have your Claim reduced to an amount not to exceed $[  ] and to have such Claim treated as a [*Insert Debtor-Class and Designation Information*].  Holders of Allowed General Unsecured Convenience Claims in Class [*Insert-Debtor Class*] shall receive a distribution in Cash equal to [__]% of such holder's Claim.

> ☐
> **The undersigned elects to have its Claim treated as a [*Insert Debtor-Class and Designation Information*] and acknowledges that any valid claim will be allowed in an amount not to exceed $[__]**

**IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:**

THE RELEASE IN ARTICLE [__] OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

- 3 -

ny-1097771

NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.

FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES. NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.

**ITEM 4.     Certification.**

By signing this Ballot, the holder certifies that it:

 a. is the holder of the Claim in Item 1 to which this Ballot pertains;

 b. has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

 c. has the full power to vote to accept or reject the Plan; and

 d. has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

ny-1097771

Name of Claim Holder (Print or Type):    _____

Social Security or Federal Tax I.D. No.    _____
(Optional):

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of    _____
Agent:

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Email Address (if any):    _____

Date Completed:    _____


No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**<u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.</u>**

<u>KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.</u>

ny-1097771

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.　　The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.　　The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.　　In order for your vote to count, you must:

　　　　(i)　　Complete and certify the amount of your Claim in Item 1;

　　　　(ii)　　Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

　　　　(iii)　　Review Item 3, the Plan provisions relating to the ability to elect to be treated as a General Unsecured Convenience Claim, and follow the instructions therein;

　　　　(iv)　　Review and sign the certifications in Item 4;

　　　　(v)　　Return your <u>original</u> Ballot in order for your vote to count;

　　　　(vi)　　If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

　　　　(vii)　　Return the original, completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

**Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline:**
ResCap Balloting Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on [_____], 2013.  Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.　　You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.　　If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise.  The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is

recommended, though not required, that holders use an overnight or hand delivery service. **In all cases, holders should allow sufficient time to assure timely delivery. No Ballot should be sent to any of the Debtors, the Debtors' agents (other than KCC), or the Debtors' financial, or legal advisors, and if so sent will not be counted.**

6.     If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.     If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before [_____], 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**"). A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief. In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all. The Court will schedule a hearing on such motion.

9.     This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.    If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account. Each Ballot votes only your Claims indicated on that Ballot. Please complete and return each Ballot you received.

11.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.    If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

## **PLEASE MAIL YOUR BALLOT PROMPTLY!**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

# **Exhibit A-6**

General Ballot B

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------
                                                    )
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )        Chapter 11
                                                    )
                                   Debtors.          )        Jointly Administered
                                                    )
--------------------------------------------------------------------

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT
CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.
AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**[DEBTOR-CLASS] — [DESIGNATION]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY KCC ON OR BEFORE [_____] 2013 AT 7:00 P.M.] (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

**THIS BALLOT MUST BE TRANSMITTED BY <u>MAIL, HAND DELIVERY OR OVERNIGHT COURIER</u>.  BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT BE ACCEPTED.**

On [_____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [July 3], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [July 3, 2013].  The Plan is <u>Exhibit A</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of [*Insert Debtor-Class and Designation Information*] under the Plan.  If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class.  Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

---

**YOU ARE RECEIVING THIS BALLOT BECAUSE THE DEBTORS' RECORDS INDICATED THAT YOU HOLD A** [*Insert Debtor-Class and Designation Information*] **AS FOLLOWS:**

DEBTOR:_____

AMOUNT:_____

---

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement carefully before submitting a Ballot.  You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

---

ARTICLE [___] OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE [___] CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap Restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

**ITEM 1.        Claim Amount for Voting Purposes.**

The undersigned certifies that as of [_____], 2013, it held a [*Insert Debtor-Class and Designation Information*] under the Plan in the below amount:

[*Insert Debtor-Class and Designation Information*] Amount _____

**ITEM 2.**      **Vote.**  The holder of the [*Insert Debtor-Class and Designation Information*] identified in Item 1 votes:

☐      **to ACCEPT the Plan.**            ☐      **to REJECT the Plan.**

## IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:

THE RELEASE IN ARTICLE [___] OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.**

**FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES.  NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS**

- 3 -

**THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.**

**ITEM 3.        Certification.**

By signing this Ballot, the holder certifies that it:

      a.   is the holder of the Claim in Item 1 to which this Ballot pertains;

      b.   has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

      c.   has the full power to vote to accept or reject the Plan; and

      d.   has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

ny-1098015

Name of Claim Holder (Print or Type):    _____

Social Security or Federal Tax I.D. No.    _____
(Optional):

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of    _____
Agent:

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Email Address (if any):    _____

Date Completed:    _____


No fees, commissions, or other remuneration will be payable to any broker, dealer or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.**

**PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.**

KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.

[BELOW LEGEND ONLY FOR CLASS R-6, CLASS GS-6 AND CLASS RS-6 BALLOTS]

---

**ATTENTION BORROWERS:**

**SILVERMANACAMPORA LLP HAS BEEN APPROVED AS SPECIAL BORROWER COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND IS AVAILABLE TO ANSWER ANY QUESTIONS YOU MAY HAVE AS A BORROWER WHOSE LOAN WAS ORIGINATED, SOLD, CONSOLIDATED, PURCHASED, AND/OR SERVICED BY RESIDENTIAL CAPITAL LLC OR ANY OF ITS SUBSIDIARIES.**

**PLEASE CALL 866-269-5217 IF YOU HAVE QUESTIONS REGARDING ANY NOTICE YOU RECEIVED FROM RESIDENTIAL CAPITAL, LLC OR ANY OF ITS SUBSIDIARIES.**

---

ny-1098015

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.      The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.      The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.      In order for your vote to count, you must:

      (i)      Complete and certify the amount of your Claim in Item 1;

      (ii)      Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

      (iii)      Review and sign the certifications in Item 3;

      (iv)      Return your <u>original</u> signature is required on the Ballot in order for your vote to count;

      (v)      If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

      (vi)      Return the completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

---

**Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline:**
ResCap Balloting Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

---

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on [\_\_\_\_\_], 2013.  Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.      If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise.  The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  **In all cases, holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to any of**

- 6 -

**the Debtors, the Debtors' agents (other than KCC) or the Debtors' financial or legal advisors, and if so sent will not be counted.**

6.    If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.    If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before [_____], 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

9.    This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.   If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you received.

11.   The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.   If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

**PLEASE MAIL YOUR BALLOT PROMPTLY!**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

ny-1098015

# **Exhibit A-7**

Secured Claim Ballot

**NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

------------------------------------------------------------------------------

**BALLOT FOR ACCEPTING OR REJECTING THE JOINT**
**CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, ET AL.**
**AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**[DEBTOR-CLASS] — [DESIGNATION]**

---

**PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS FOR COMPLETING THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

**THIS BALLOT MUST BE COMPLETED, EXECUTED AND THE ORIGINAL RETURNED SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY KCC ON OR BEFORE [_____] 2013 AT 7:00 P.M.] (EASTERN TIME) (THE "<u>VOTING DEADLINE</u>").**

**THIS BALLOT MUST BE TRANSMITTED BY <u>MAIL, HAND DELIVERY OR OVERNIGHT COURIER</u>. BALLOTS TRANSMITTED BY OTHER MEANS (INCLUDING FACSIMILE, E-MAIL OR OTHER ELECTRONIC MEANS OF TRANSMISSION) WILL NOT BE ACCEPTED.**

---

On [_____], 2013, the United States Bankruptcy Court for the Southern District of New York (the "**Court**") signed an order (the "**Disclosure Statement Order**") which approved the Disclosure Statement dated [July 3], 2013 (as the same may be amended, modified, and/or supplemented, including all exhibits thereto, the "**Disclosure Statement**") with respect to the *Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, including all exhibits or supplements thereto, including the Plan Supplement, the "**Plan**") and which establishes certain procedures for the solicitation and tabulation of votes to accept or reject the Plan. The Plan was filed by the above-captioned debtors and debtors-in-possession (the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Committee**," and together with the Debtors, the "**Plan Proponents**") on [July 3, 2013]. The Plan is <u>Exhibit A</u> to the Disclosure Statement, which is part of the package that accompanies this Ballot (the "**Solicitation Package**"). The Court's approval of the Disclosure Statement does not indicate approval of the Plan by the Court.

This ballot (the "**Ballot**") is being sent to the holders of [*Insert Debtor-Class and Designation Information*] under the Plan.  If you hold Claims in another Class in which you are entitled to vote, you will receive a Ballot for such other Class.  Please use this Ballot to cast your vote to either <u>accept</u> or <u>reject</u> the Plan.

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.**  Please read the Plan and Disclosure Statement carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

---

ARTICLE [__] OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE [__] CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

If you received the Solicitation Package in CD–ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap Restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov).  Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**  The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code, the foregoing, as and to the extent applicable to the Debtors' cases.

**ITEM 1.**      **Principal Amount of Class [*Insert Debtor-Class*] – Revolving Credit Facility Claims.**

The undersigned certifies that as of [_____], 2013, it held a [*Insert Debtor-Class*] – Revolving Credit Facility Claims under the Plan in the below amount:

[*Insert Debtor-Class and Designation Information*] Amount _____

**ITEM 2.**      **Vote.**  The holder of the Claim identified in Item 1 votes:

☐   **to ACCEPT the Plan.**            ☐   **to REJECT the Plan.**

- 2 -

**IMPORTANT INFORMATION REGARDING THIRD PARTY RELEASES:**

THE RELEASE IN ARTICLE [__] OF THE PLAN PROVIDES:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.**

**FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES.  NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF**

ny-1098127

THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.

**ITEM 3.        Certification.**

By signing this Ballot, the holder certifies that it:

        a.   is the holder of the Claim in Item 1 to which this Ballot pertains;

        b.   has been provided with a copy of the Solicitation Package containing the Plan, the Disclosure Statement (together with its exhibits), the Disclosure Statement Order, the Confirmation Notice, and a copy of any letters recommending approval of the Plan, and acknowledges that the vote set forth on this Ballot is subject to all the terms and conditions set forth in the Plan, Disclosure Statement, and the Disclosure Statement Order;

        c.   has the full power to vote to accept or reject the Plan; and

        d.   has not submitted any other Ballots relating to the Claim in Item 1 that are inconsistent with the votes as set forth in this Ballot or that, as limited by the terms of the Disclosure Statement Order and the instructions attached hereto, if such other Ballots were previously submitted, they either have been or are hereby revoked or changed to reflect the vote set forth herein.

Name of Claim Holder (Print or Type):    _____

Social Security or Federal Tax I.D. No. (Optional):    _____

Signature:    _____

Name of Signatory:    _____

If Authorized Agent of Claimant, Title of Agent:    _____

Street Address:    _____

City, State, and Zip Code:    _____

Telephone Number:    _____

Email Address (if any):    _____

Date Completed:    _____

No fees, commissions, or other remuneration will be payable to any broker, dealer, or other person for soliciting votes on the Plan.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Moreover, this Ballot shall not constitute or be deemed to be a proof of claim or an assertion of a claim.

ny-1098127

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES,
PLEASE CONTACT KCC AT (888) 251-2914.**

**<u>PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.</u>**

<u>KCC IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.</u>

ny-1098127

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.    The Plan Proponents are soliciting the votes of holders of Claims with respect to the Plan attached as **Exhibit A** to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "**Ballot Instructions**") but not otherwise defined therein or herein shall have the meaning set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable, copies of which also accompany the Ballot.

2.    The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.    In order for your vote to count, you must:

     (i)    Complete and certify the amount of your Claim in Item 1;

     (ii)   Cast ONE vote to accept or reject the Plan by checking the proper box in Item 2;

     (iii)  Review and sign the certifications in Item 3;

     (iv)   Return your <u>original</u> signature is required on the Ballot in order for your vote to count;

     (v)    If you are completing the Ballot on behalf of an entity, indicate your relationship with such entity and the capacity in which you are signing, and provide proof of your authorization to so sign.  In addition, please provide your name and mailing address if different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot; and

     (vi)   Return the original, completed Ballot to KCC in the preaddressed stamped envelope enclosed with this Ballot.

> **Ballots Should Be Returned to KCC to the Below Address Prior to the Voting Deadline:**
> ResCap Balloting Center, c/o KCC
> 2335 Alaska Ave
> El Segundo, CA 90245

**The Voting Deadline for the receipt of Ballots by KCC is 7:00 p.m. (Eastern Time) on [_____], 2013.  Your completed Ballot must be received by KCC on or before the Voting Deadline.**

4.    You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Plan Proponents may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.    If a Ballot is received after the Voting Deadline, it will not be counted unless the Plan Proponents determine otherwise.  The method of delivery of Ballots to KCC is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when KCC actually receives the originally executed Ballot.  Instead of effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service.  **In all cases, holders should allow sufficient time to assure timely delivery.  No Ballot should be sent to any of**

- 6 -

**the Debtors, the Debtors' agents (other than KCC), or the Debtors' financial, or legal advisors, and if so sent will not be counted.**

6.      If multiple Ballots are received from the same person with respect to the same Claims prior to the Voting Deadline, the last valid Ballot timely received will supersede and revoke any earlier received Ballot.

7.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor KCC will accept delivery of any such certificates or instruments surrendered together with a Ballot.

8.      If you wish to have your Claim allowed for purposes of voting on the Plan in a manner that is inconsistent with the Ballot you received, you must serve on the Debtors and file with the Bankruptcy Court, on or before [_____], 2013 at 4:00 p.m. (Eastern Time), a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (the "**Temporary Allowance Request Motion**").  A Temporary Allowance Request Motion must set forth with particularity the amount and classification of which you believe your Claim should be allowed for voting purposes and the evidence in support of your belief.  In respect of any timely-filed Temporary Allowance Request Motion, the Ballot in question shall be counted (a) in the amount established by the Bankruptcy Court in an order entered on or before the Voting Deadline, or (b) if such an order has not been entered by the Voting Deadline and unless the Debtors and you have come to an agreement as to the relief requested in the Temporary Allowance Request Motion, in an amount equal to the preprinted amount on the Ballot or in the event you did not receive a Ballot, you shall not have a Ballot counted at all.  The Court will schedule a hearing on such motion.

9.      This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.     If you hold Claims in more than one Class under the Plan or in multiple accounts, you may receive more than one Ballot coded for each different Class or account.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you received.

11.     The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unsigned Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Disclosure Statement Order.

12.     If you believe you have received the wrong Ballot, you should contact KCC immediately at (888) 251-2914.

## **PLEASE MAIL YOUR BALLOT PROMPTLY!**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KCC AT (888) 251-2914.

# **Exhibit B**

Notice of Non-Voting Status – Unimpaired Class

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )    Chapter 11
                                                    )
                              Debtors.              )    Jointly Administered
                                                    )
--------------------------------------------------------------------

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED**
**CLASSES PRESUMED TO ACCEPT THE PLAN PROPONENTS' PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    **APPROVAL OF DISCLOSURE STATEMENT**.  By order dated August __, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed By Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors*, dated [_____], 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**").  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.    **NOTICE OF NON-VOTING STATUS.**  You are receiving this notice because, pursuant to the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are Unimpaired.  Pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are therefore, not entitled to vote on the Plan.  Accordingly, this notice is being sent to you for informational purposes only.

3.    **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES**. If you have timely filed a proof of claim and you disagree with the  classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Temporary Allowance Request Motions must be filed and served before the [10th] day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than [_____], 2013.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before [_____], 2013.  Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

4.    **CONFIRMATION HEARING**.  A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held at **[_____], 2013 at [10:00 a.m.] (Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One

- 1 -

Bowling Green, New York, New York 10004-1408. The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

5.  **INJUNCTIONS, RELEASES, AND EXCULPATION**.  The Plan contains certain injunction, release, and exculpation provisions, including **third party releases**, that are subject to approval by the Bankruptcy Court and may be found at Article IX of the Plan and Article V of the Disclosure Statement.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

6.  **THIRD PARTY RELEASES**.  Article IX of the Plan provides for the following Third Party Release:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.**

**FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES. NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.**

7.     **OBJECTIONS TO CONFIRMATION**.  Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (prevailing Eastern Time) on [        ], 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:  Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn:  William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:    Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

8.     ADDITIONAL INFORMATION.  Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap Restructuring website at /www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access

documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

**If you have any questions related to this notice,
please call the Debtors' bankruptcy hotline at (888) 251-2914.**

**Please note that KCC is not authorized to provide, and will not provide, legal advice.**

---

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-269-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

Dated: New York, New York
August __, 2013

| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| Gary S. Lee | Kenneth H. Eckstein |
| Lorenzo Marinuzzi | Douglas H. Mannal |
| Todd M. Goren | Stephen D. Zide |
| Jennifer L. Marines | 1177 Avenue of the Americas |
| Daniel J. Harris | New York, New York 10036 |
| 1290 Avenue of the Americas | Telephone:   (212) 715-3280 |
| New York, New York 10104 | Facsimile:   (212) 715-8000 |
| Telephone:   (212) 336-4323 | |
| Facsimile:   (212) 468-7900 | |
| | |
| *Counsel for Debtors and Debtors in Possession* | *Counsel for the Official Committee of Unsecured Creditors* |

- 4 -

# **Exhibit C**

Notice of Non-Voting Status – Impaired Class

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
)
In re:                                                          )        Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, et al.,     )        Chapter 11
                                                                )
                                          Debtors.        )        Jointly Administered
                                                                )
---------------------------------------------------------------------

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO IMPAIRED
CLASSES DEEMED TO REJECT THE PLAN PROPONENTS' PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      **APPROVAL OF DISCLOSURE STATEMENT**.  By order dated August __, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors*, dated [____], 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**").  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.      **NOTICE OF NON-VOTING STATUS**. You are receiving this notice because, under the terms of Article III of the Plan your Claim(s) against the Debtors are Impaired and you will receive no distribution on account of such Claim(s) under the Plan.  Accordingly, pursuant to section 1126(g) of the Bankruptcy Code, you are deemed to have rejected the Plan and are, therefore, <u>not entitled to vote on the Plan</u>.  Accordingly, this notice is being sent to you for informational purposes only.

3.      **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES**. If you have timely filed a proof of claim and you disagree with the  classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Temporary Allowance Request Motions must be filed and served before the [10th] day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than [____], 2013.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before [____], 2013.  Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

4.      **CONFIRMATION HEARING**.  A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held **at [____], 2013 at [10:00 a.m.] (Eastern time)** before the Honorable

- 1 -

Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408. The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

     5.    **INJUNCTIONS, RELEASES, AND EXCULPATION**.  The Plan contains certain injunction, release, and exculpation provisions, including **third party releases**, that are subject to approval by the Bankruptcy Court and may be found at Article IX of the Plan and Article V of the Disclosure Statement.

> ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND **INJUNCTION PROVISIONS, AND ARTICLE IX CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

     6.    **THIRD PARTY RELEASES**.  Article IX of the Plan provides for the following Third Party Release:

     **ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

     **ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.

FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES. NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.

7.    **OBJECTIONS TO CONFIRMATION**.  Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (Eastern Time) on [_____], 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:  Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn:  William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.

8.    **ADDITIONAL INFORMATION**.  Copies of the Disclosure Statement and Plan may be

- 3 -

obtained (i) from KCC (a) at the ResCap Restructuring website at www.kcclllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

**If you have any questions related to this notice,
please call the Debtors' bankruptcy hotline at (888) 251-2914.**

**Please note that KCC is not authorized to provide, and will not provide, legal advice.**

---

**<u>ATTENTION BORROWERS</u>:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-269-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

Dated: New York, New York
August __, 2013

| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| Gary S. Lee | Kenneth H. Eckstein |
| Lorenzo Marinuzzi | Douglas H. Mannal |
| Todd M. Goren | Stephen D. Zide |
| Jennifer L. Marines | 1177 Avenue of the Americas |
| Daniel J. Harris | New York, New York 10036 |
| 1290 Avenue of the Americas | Telephone:     (212) 715-3280 |
| New York, New York 10104 | Facsimile:     (212) 715-8000 |
| Telephone:     (212) 336-4323 | |
| Facsimile:     (212) 468-7900 | |
| | |
| *Counsel for Debtors and Debtors in Possession* | *Counsel for the Official Committee of Unsecured Creditors* |

# __Exhibit D__

Recommendation Letters

# **Exhibit E**

Plan Supplement Notice

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 715-3280
Facsimile:    (212) 715-8000

*Counsel for the Debtors and
Debtors in Possession*

*Counsel for the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------
In re:

RESIDENTIAL CAPITAL, LLC, et al.,

                                        Debtors.
----------------------------------------------------------------

)
)
)
)
)
)
)
)

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**NOTICE OF FILING OF EXHIBITS TO THE PLAN
SUPPLEMENT FOR THE DEBTORS' JOINT CHAPTER 11 PLAN
PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al. AND
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

**PLEASE TAKE NOTICE** that the undersigned hereby file certain exhibits to the

Plan Supplement for the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and

the Official Committee of Unsecured Creditors* dated _____, 2013 [Docket No. ____] (the

"**Plan**")[1]:

- **Exhibit A** – Assumption Schedule

- **Exhibit B** – Liquidating Trust Agreement

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Plan.

- 1 -

- **<u>Exhibit C</u>** – Borrower Claims Trust Agreement

- **<u>Exhibit D</u>** – Private Securities Claims Trust Agreement

- **<u>Exhibit E</u>** – Stipulated amounts of Allowed Fee Claims in accordance with Article IV.B of the Plan

- **<u>Exhibit F</u>** – Identities of the Initial Liquidating Trust Board

- **<u>Exhibit G</u>** – Identities of the Initial Liquidating Trust Management

- **<u>Exhibit H</u>** – Identity of the Borrower Claims Trustee

- **<u>Exhibit I</u>** – Identity of the Securities Claims Trustee

- **<u>Exhibit J</u>** – Amount of Borrower Trust True-Up

- **<u>Exhibit K</u>** – Cooperation Agreement by and between the Liquidating Trustee and the Kessler Settlement Class

*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE FURTHER NOTICE** that the undersigned reserves the right to alter, amend, modify or supplement any document in the Plan Supplement as provided by the Plan; *provided that* if any document in the Plan Supplement is altered, amended, modified or supplemented in any material respect, the Debtors will file a blackline of such document with the Bankruptcy Court.

Dated: October __, 2013

_____
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-3280
Facsimile:  (212) 715-8000

*Counsel for the Official Committee of
Unsecured Creditors*

# **Exhibit F**

Confirmation Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | )  | |
|--|--|--|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------

**NOTICE OF (I) APPROVAL OF DISCLOSURE
STATEMENT, (II) DEADLINE FOR VOTING ON PLAN,
(III) HEARING TO CONSIDER CONFIRMATION OF PLAN, AND
(IV) DEADLINE FOR FILING OBJECTIONS TO CONFIRMATION OF PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    **APPROVAL OF DISCLOSURE STATEMENT**.  By order dated August [__], 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, dated [____], 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**").  Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2.    **RECORD DATE FOR VOTING PURPOSES**.  Only creditors who hold Claims on [____], 2013 (the "Voting Record Date") are entitled to vote on the Plan.

3.    **VOTING DEADLINE**.  All votes to accept or reject the Plan must be actually received by the Debtors' voting agent, Kurtzman Carson Consultants, LLC ("**KCC**") by no later than **[7:00 p.m.] (Eastern Time) on [____], 2013** (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.  Ballots received by facsimile or e-mail, or any other means other than by mail, hand delivery or overnight courier, **will not** be counted.

4.    **ENTITLEMENT TO VOTE ON PLAN**.  Holders of Claims in the following classes are entitled to vote to accept or reject the Plan: **R-3, R-4, R-5, R-6, R-7, R-8, R-12, GS-3, GS-4, GS-5, GS-6, GS-7, GS-10, RS-3, RS-4, RS-5, RS-6, RS-7, RS-8, and RS-12**.

The following creditors are **not** entitled to vote on the Plan: (i) holders of Claims in the following classes: **R-1, R-2, R-9, R-10, R-11, GS-1, GS-2, GS-8, GS-9, RS-1, RS-2, RS-9, RS-10, and RS-11**; (ii) holders of Claims that are the subject to filed objections by [_____], 2013, (iii) holders of Claims with an outstanding amount of not greater than zero ($0.00) as of the Voting Record Date, (iv) holders of Claims that have been disallowed or expunged as of the Voting Record Date, (v) holders of Claims scheduled by the Debtors as contingent, unliquidated, or disputed when a proof of claim was not filed by the General Bar Date or deemed timely filed by order of the Bankruptcy Court at least five (5) business days prior to the Voting Deadline, and (vi) creditors who are not included in the Schedules and who have not filed a Proof of Claim by

- 1 -

the General Bar Date.

5.  **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES.** If you have timely filed a proof of claim and you disagree with the classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Temporary Allowance Request Motions must be filed and served before the [10th] day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than [____], 2013. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before [____], 2013. Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

6.  **CONFIRMATION HEARING**. A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held at **[____], 2013 at [10:00 a.m.] (Eastern Time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408. The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

7.  **INJUNCTIONS, RELEASES, AND EXCULPATION**. The Plan contains certain injunction, release, and exculpation provisions, including **third party releases**, that are subject to approval by the Bankruptcy Court and may be found at Article IX of the Plan and Article V of the Disclosure Statement.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX CONTAINS A THIRD PARTY RELEASE**. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

8.  **THIRD PARTY RELEASES**. Article IX of the Plan provides for the following Third Party Release:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS, SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY**

- 2 -

**OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS: (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.**

**FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS & OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES. NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.**

**OBJECTIONS TO CONFIRMATION**. Responses and objections, if any, to confirmation of the Plan **must**: (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (Eastern Time) on [____], 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC,

- 3 -

Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn: Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn: William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

**CONFIRMATION OBJECTIONS NOT TIMELY FILED AND SERVED IN THE MANNER SET FORTH HEREIN MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND MAY BE OVERRULED WITHOUT FURTHER NOTICE.**

9.    **ADDITIONAL INFORMATION**.    Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap Restructuring website at www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

*[Remainder of Page Intentionally Left Blank]*

- 4 -

> **IF YOU HAVE ANY QUESTIONS RELATED TO THIS NOTICE,**
> **PLEASE CALL THE DEBTORS' BANKRUPTCY HOTLINE AT (888) 251-2914.**
>
> **PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE,**
> **LEGAL ADVICE.**

> **ATTENTION BORROWERS:**
>
> **SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**
>
> **Please call 866-269-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

Dated: New York, New York
August ___, 2013

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 336-4323
Facsimile:    (212) 468-7900

*Counsel for Debtors and Debtors in Possession*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 715-3280
Facsimile:    (212) 715-8000

*Counsel for the Official Committee of Unsecured Creditors*

- 5 -

# **Exhibit 2**

Disclosure Statement Hearing Notice

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
                                                    )
In re:                                              )      Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )      Chapter 11
                                                    )
                              Debtors.              )      Jointly Administered
                                                    )
---------------------------------------------------------------------

## NOTICE OF DISCLOSURE STATEMENT HEARING

**TO:    ALL KNOWN CREDITORS OF THE DEBTORS AND OTHER PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On July 3, 2013, Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors therefor (the "**Committee**," and with the Debtors, the "**Plan Proponents**") filed the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as may be amended, modified or supplemented, the "**Disclosure Statement**") [Docket No. ____] with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").  The Plan Proponents submitted the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code for use in the solicitation of votes on the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "**Plan**") [Docket No. ____], a copy of which was filed with the Bankruptcy Court on July 3, 2013.  The Plan Proponents expect to file an amended Plan and Disclosure Statement prior to the Disclosure Statement Hearing (as defined below) and reserve the right to amend, supplement, or modify such documents further.  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or Disclosure Statement, as the context so requires.

2.      A hearing currently is scheduled before the Honorable Martin Glenn, United States Bankruptcy Judge for the Southern District of New York, for **10:00 a.m. (ET) on [____], 2013** (the "**Disclosure Statement Hearing**") at the Bankruptcy Court, One Bowling Green, New York, NY 10004 to consider the entry of an order approving, among other things, (a) the Disclosure Statement as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (b) procedures for soliciting, receiving and tabulating votes on the Plan and for filing objections to the Plan; (c) the form of ballots, notices, and certain other documents to be distributed in connection with the solicitation of the Plan; (d) the deadlines contained in the solicitation and confirmation procedures; and (e) the procedures for notice of the confirmation hearing and filing objections to confirmation of the Plan.  The specific courtroom where the Disclosure Statement Hearing will take place will be disclosed prior to the Disclosure Statement Hearing and will be posted on the Debtors' bankruptcy website at www.kccllc.net/rescap and on the Bankruptcy Court's docket.

---

**PLEASE BE ADVISED THAT THE DISCLOSURE STATEMENT HEARING
MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE PLAN PROPONENTS
WITHOUT FURTHER NOTICE OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED
IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT.**

---

3.      Copies of the Disclosure Statement and Plan may be obtained (i) from Kurtzman Carson Consultants, LLC (a) at www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service

Center at www.pacer.psc.uscourts.gov).  Copies of the Disclosure Statement and Plan may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

4.    **INJUNCTIONS, RELEASES, AND EXCULPATION.**  The Plan contains certain injunction, release, and exculpation provisions, including **third party releases**, that are subject to approval by the Bankruptcy Court and may be found at Article IX of the Plan and Article V of the Disclosure Statement.

---

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND **ARTICLE IX CONTAINS A THIRD PARTY RELEASE**.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER**.**

---

5.    **THIRD PARTY RELEASES**.  Article IX of the Plan provides for the following Third Party Release:

**ON AND AS OF THE EFFECTIVE DATE OF THE PLAN, THE HOLDERS OF CLAIMS AND EQUITY INTERESTS SHALL BE DEEMED TO PROVIDE A FULL AND COMPLETE DISCHARGE AND RELEASE TO THE ALLY RELEASED PARTIES AND THEIR RESPECTIVE PROPERTY FROM ANY AND ALL CAUSES OF ACTION WHATSOEVER, WHETHER KNOWN OR UNKNOWN, ASSERTED OR UNASSERTED, DERIVATIVE OR DIRECT, FORESEEN OR UNFORESEEN, EXISTING OR HEREINAFTER ARISING, IN LAW, EQUITY, OR OTHERWISE, WHETHER FOR TORT, FRAUD, CONTRACT, VIOLATIONS OF FEDERAL OR STATE SECURITIES LAWS, VEIL PIERCING OR ALTER-EGO THEORIES OR LIABILITY, OR OTHERWISE, ARISING FROM OR RELATED IN ANY WAY TO THE DEBTORS, INCLUDING THOSE IN ANY WAY RELATED TO RMBS ISSUED AND/OR SOLD BY THE DEBTORS OR THEIR AFFILIATES AND/OR THE CHAPTER 11 CASES OR THE PLAN, AND ANY OBLIGATIONS UNDER THE DOJ/AG SETTLEMENT, THE CONSENT ORDER, AND THE ORDER OF ASSESSMENT.**

**ENTRY OF THE CONFIRMATION ORDER SHALL CONSTITUTE THE BANKRUPTCY COURT'S APPROVAL, UNDER SECTION 1123 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, OF THE THIRD PARTY RELEASE, AND FURTHER, SHALL CONSTITUTE THE BANKRUPTCY COURT'S FINDING THAT THIS THIRD PARTY RELEASE IS:  (1) IN EXCHANGE FOR THE GOOD, VALUABLE AND SUBSTANTIAL CONSIDERATION PROVIDED BY THE ALLY RELEASED PARTIES; (2) IN THE BEST INTERESTS OF THE DEBTORS, THE ESTATES, THE LIQUIDATING TRUST AND ALL HOLDERS OF CLAIMS AND EQUITY INTERESTS; (3) FAIR, EQUITABLE AND REASONABLE; (4) GIVEN AND MADE AFTER DUE NOTICE AND OPPORTUNITY FOR A HEARING; (5) JUSTIFIED BY TRULY UNUSUAL CIRCUMSTANCES; (6) AN ESSENTIAL COMPONENT AND CRITICAL TO THE SUCCESS OF THE PLAN; (7) RESULTED IN DISTRIBUTIONS TO THE CREDITORS THAT WOULD OTHERWISE HAVE BEEN UNAVAILABLE; (8) THE RESULT OF AN IDENTITY OF INTEREST BETWEEN THE DEBTORS AND THE ALLY RELEASED PARTIES REGARDING THE PLAN; AND (9) A BAR TO ANY PARTY ASSERTING A CLAIM OR CAUSE OF ACTION RELEASED PURSUANT TO THIS THIRD PARTY RELEASE AGAINST ANY OF THE ALLY RELEASED PARTIES.**

**NOTWITHSTANDING ANYTHING TO THE CONTRARY HEREIN, THE THIRD PARTY RELEASE SHALL NOT APPLY TO ANY CLAIMS HELD BY (I) THE FDIC, IN ITS CAPACITY AS A RECEIVER, AGAINST ALLY, AND (II) THE FHFA AGAINST ALLY.**

**FOR THE AVOIDANCE OF DOUBT, THE THIRD PARTY RELEASE SHALL NOT EXTEND TO ANY RIGHTS, DEFENSES, OR COUNTERCLAIMS UNDER ANY DIRECTORS &**

- 2 -

**OFFICERS OR ERRORS & OMISSIONS INSURANCE POLICIES SOLD BY ANY OF THE CONSENTING CLAIMANTS OR THEIR AFFILIATES AND COVERING EITHER THE DEBTORS OR ANY OF THE ALLY RELEASED PARTIES.  NOR DOES THE THIRD PARTY RELEASE EXTEND TO (I) ANY INDEMNITY RIGHTS HELD BY DEBTORS' REPRESENTATIVES AGAINST ALLY ARISING FROM CLAIMS NOT RELEASED BY THIS THIRD PARTY RELEASE, (II) ANY INDEMNITY RIGHTS AGAINST NON-ALLY RELEASED PARTIES ARISING OUT OF THE KESSLER CLASS ACTION, OR (III) ANY OTHER INDEMNITY RIGHT ARISING OUT OF ANY OTHER CLAIMS OF BORROWERS; SPECIFICALLY, THESE RELEASES DO NOT EXTEND TO ANY INDEMNITY RIGHTS RFC MAY HAVE AGAINST ANY SUCCESSORS IN INTEREST TO CBNV AND GNBT, INCLUDING, BUT NOT LIMITED TO, THOSE INDEMNITY RIGHTS EXTENDING OUT OF THE CLIENT CONTRACTS BETWEEN RFC, ON THE ONE HAND, AND EITHER CBNV OR GNBT, ON THE OTHER HAND, WHICH INCORPORATE BY REFERENCE THE INDEMNITY PROVISIONS OF RFC'S ALTERNET SELLER GUIDE.**

6.       Responses and objections, if any, to the approval of the Disclosure Statement or any of the other relief sought by the Plan Proponents in connection with approval of the Disclosure Statement, **must** (i) be in writing, (ii) state the name and address of the objecting or responding party and the amount and nature of the claim or interest of such party, (iii) state with particularity the basis and nature of any objection or response and include, where appropriate, proposed language to be incorporated into the Disclosure Statement to resolve any such objection or response, (iv) conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, (v) be filed electronically with the Bankruptcy Court in accordance with the Case Management Procedures, dated May 23, 2012 [Docket No. 141] (available at www.kccllc.net/rescap), and (vi) served in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) so as to be actually received **on or before 4:00 p.m. (Eastern Time) on [____], 2013** on the following parties: (a) the Clerk of the Bankruptcy Court, One Bowling Green, New York, New York 10004-1408; (b) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004; (c) the Debtors, (i) if by mail or courier to: Residential Capital LLC, Lewis Kruger, CRO, c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104; with copies to: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York, 10104, Attn:  Gary Lee, Lorenzo Marinuzzi, and Todd Goren; (ii) if by email to: Lewis.Kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com, and tgoren@mofo.com; (d) the Creditors' Committee, (i) if by mail or courier to: Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York, 10036, Attn: Kenneth H. Eckstein, Douglas H. Mannal and Stephen D. Zide; (ii) if by email to: keckstein@kramerlevin.com, dmannal@kramerlevin.com, and szide@kramerlevin.com; (e) Ally, (i) if by mail or courier to: Ally Financial, Inc., 1177 Avenue of the Americas, New York, NY 10036; Attn:  William B. Solomon and Timothy Devine; with copies to: Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn:  Richard M. Cieri and Ray C. Schrock; (ii) if by email to: richard.cieri@kirkland.com and ray.schrock@kirkland.com; and (f) the Office of the United States Trustee, Southern District of New York, by mail or courier to: U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Brian Masumoto and Michael Driscoll.

7.       **IF ANY OBJECTION TO THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED STRICTLY AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND MAY NOT BE HEARD AT THE HEARING.**

8.       Upon approval of the Disclosure Statement by the Bankruptcy Court, holders of Claims against the Debtors who are entitled to vote on the Plan will receive a copy of the Disclosure Statement, the Plan, and various documents related thereto, unless otherwise ordered by the Bankruptcy Court.

ny-1097773

---

**If you have any questions related to this notice,
please call the Debtors' bankruptcy hotline at (888) 251-2914.**

**Please note that KCC is not authorized to provide, and will not provide, legal advice.**

---

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official
Committee of Unsecured Creditors and is available to answer any questions you may have
as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced
by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-269-5217 if you have questions regarding any notice you received from Residential
Capital, LLC or any of its subsidiaries.**

---

Dated: New York, New York
July ___, 2013

MORRISON & FOERSTER LLP
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Jennifer L. Marines
Daniel J. Harris
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 336-4323
Facsimile:   (212) 468-7900

*Counsel for Debtors and Debtors in
Possession*

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 715-3280
Facsimile:   (212) 715-8000

*Counsel for the Official Committee
of Unsecured Creditors*

ny-1097773