UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**SCHEDULING ORDER**

Whereas, the Debtors have filed a motion with this Court that is the subject of this revised proposed omnibus scheduling order: the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval Of The Settlement Agreement Among The Debtors, FGIC, The FGIC Trustees And Certain Individual Investors*, [Docket No. 3929] (the "FGIC 9019 Motion").[1]

Whereas, The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., U.S. Bank National Association, Wells Fargo Bank, N.A., and Law Debenture Trust Company of New York solely in their capacities as trustees, indenture trustees, or separate trustees (collectively, the "Trustees"), Residential Capital, LLC and its direct and indirect subsidiaries (collectively, the "Debtors"), the Institutional Investors, and Financial Guaranty Insurance Company ("FGIC," together with the Trustees, the Creditors' Committee (defined below), and the Debtors, the "Settlement Parties") have entered into the FGIC Settlement Agreement relating to certain residential mortgage-backed securitizations;

Whereas, Monarch Alternative Capital LP ("Monarch") on behalf of certain advisory clients, Stonehill Capital Management LLC ("Stonehill") on behalf of certain advisory clients, and CQS ABS Master Fund Limited, CQS ABS Alpha Master Fund Limited (together, "CQS"),

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the FGIC 9019 Motion, as applicable.

ny-1096860                                      -1-

and Bayview Fund Management LLC ("Bayview", and together with Monarch, Stonehill, and CQS the "Investors"), Federal Home Loan Mortgage Corporation in conservatorship ("Freddie Mac"), and the Ad Hoc Group of Junior Secured Noteholders ("Ad Hoc Group", and together with the Investors, the "Objecting Parties," and together with the Settlement Parties, the "Parties," and each a "Party") have stated their intention to object to the FGIC 9019 Motion;

Whereas, conferences were held on these issues on June 14, 2013, June 17, 2013, June 19, 2013, and June 24, 2013. In addition to these conferences, counsel for various of the Parties have met and conferred in good faith;

Whereas, the Court has considered, solely with respect to the objections of the Objecting Parties, the proposed schedule in connection with the FGIC 9019 Motion, it is hereby:

**ORDERED** that:

1. Fact discovery will commence immediately.

2. The Objecting Parties' and the Settlement Parties' initial requests for production of documents shall have been served as of June 26, 2013.

3. All written responses and objections to discovery shall be served by Friday, June 28, 2013, at 5:00 p.m., Prevailing Eastern Time.

4. The Objecting Parties shall produce documents responsive to the requests for production on or before Friday, June 28, 2013 at 5:00 p.m., Prevailing Eastern Time.

5. The Settlement Parties shall produce documents responsive to the requests for production on or before Friday, June 28, 2013 at 5:00 p.m., Prevailing Eastern Time.

6. The Parties shall identify the witnesses from whom they intend to introduce testimony at the hearing in connection with the FGIC 9019 Motion on or before Tuesday, July 2, 2013, at 5:00 p.m., Prevailing Eastern Time.

7. Depositions of fact witnesses shall be completed by Wednesday, July 17, 2013 at 5:00 p.m., Prevailing Eastern Time. The Objecting Parties shall be limited to six depositions, and the Settlement Parties shall be limited to six depositions, and each deposition shall be presumptively limited to no more than 4 hours each.

8. Fact discovery shall be completed by Wednesday, July 17, 2013 at 5:00 p.m., Prevailing Eastern Time.

9. Any party seeking to introduce expert testimony at the Hearing shall provide expert declarations setting forth that testimony on or before Friday, July 19, 2013 at 5:00 p.m., Prevailing Eastern Time.

10. Depositions of experts shall be completed by Friday, July 26, 2013 at 5:00 p.m., Prevailing Eastern Time.

11. Objections by the Objecting Parties shall be filed and served on or before Monday, July 29, 2013, at 5:00 p.m., Prevailing Eastern Time.

12. Direct testimony, lists of exhibits, and lists of adverse witnesses to be introduced at the hearing on the 9019 Motion shall be filed and served on or before Wednesday, July 31, 2013, at 5:00 p.m., Prevailing Eastern Time.

13. Replies to objections shall be filed and served by Friday, August 2, 2013, at 5:00 p.m., Prevailing Eastern Time.

14. The Hearing will take place on Friday, August 16, at 9:00 a.m., Prevailing Eastern Time, and Monday, August 19, 2013, at 9:00 a.m., Prevailing Eastern Time.

15. This schedule is without prejudice to any Party seeking leave of this Court to adjust dates set forth herein as warranted, and the Parties may agree to adjust any dates, other than the hearing date on the 9019 Motion, without leave.

16.  This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation of this Order.

Dated: July 8, 2013

        **/s/Martin Glenn**
        MARTIN GLENN
        United States Bankruptcy Judge