UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | § | Jointly Administered |
| DEBTORS. | § | CHAPTER 11 |

### RESPONSE BY BETH M. TSOUNAKAS
### TO OBJECTION TO CLAIM FILED BY DEBTOR, RESIDENTIAL CAPITAL, LLC
### AND REQUEST TO ALLOW LATE FILED CLAIM

TO THE HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY JUDGE:

NOW COMES CLAIMANT, BETH M. TSOUNAKAS, ("Claimant"), to file this Response to the Objection to Claim No. 5766, (the "Objection"), filed by Joint Debtors, REIDENTIAL CAPITAL, LLC, et al., (collectively referred to as "Debtor"), and Request to Allow Late Filed Claim and would show unto the Court as follows:

1.    Claimant does not recall exactly when notice of this bankruptcy proceeding was received. Claimant has been on disability since a back surgery in June 2011 and continues to require pain medication and a lot of sleep. One of the reasons for Claimant's continued disability is that she has problems with sleepiness, memory loss, and confusion. It takes her longer than it used to, to perform tasks and collect her thoughts. Claimant believes that the first time she became aware of this bankruptcy proceeding was when she received a Notice of Deadlines for Filing Proofs of Claim, (the "Notice") sometime in September 2012. Around the same time that she received the Notice, Claimant discovered that she forgot to pay her Cobra insurance premium and was notified that her health insurance was cancelled. She was under extreme stress with fear of being uninsured, trying to get the insurance reinstated, and trying to obtain some type of health insurance that would cover her pre-existing conditions. It took

Claimant a lot of time, numerous phone calls, and letters, to deal with this issue and thus took a while for her to get around to reading the Notice in this case. .

2.      As mentioned above, Claimant is unemployed, on disability, and living on a fixed income, which does not allow extra funds in order to pay attorneys' fees. Additionally, the amount of the claim is approximately $2,010.42, making it not cost-effective for Claimant to pay attorney's fees. Therefore, Claimant was unable to seek the advice of an attorney to assist with the filing of the Proof of Claim. Claimant recalls placing a call to Debtor's attorney some time after reviewing the Notice and being told that they could not provide legal advice to Claimant and that she should consult with an attorney. After reviewing the notice, at first Claimant thought it unnecessary to file a claim, since the Debtor is her mortgage company. On subsequent review and after discussions with friends, Claimant believed that she could have a claim based on Debtor's overcharging of Private Mortgage Insurance, ("PMI"). At that time, Claimant thought she missed the bar date, but discovered that the bar date for filing claims was extended to November 16, 2012 at 5:00 p.m. The Notice stated, and Claimant was advised by GMAC representatives, that the document could not be faxed or emailed but had to be sent by regular mail or hand delivery.

3.      In order to obtain the necessary documentation to file Claim No. 5766, Claimant contacted Brandy, ID# 22555, a representative of Debtor, GMAC Mortgage, in early November 2012 and requested a loan history. Claimant was advised that this information could not be emailed but had to be sent by regular mail and would take up to ten days. Claimant received this information by mail on or about November 14, 2012 and immediately thereafter prepared her Proof of Claim. Unfortunately, Claimant lives

in San Antonio, Texas and due to her financial circumstances was without the means to have the Proof of Claim hand delivered or overnight delivered to Debtor's attorneys. Claimant did not have a working printer at the time and it was necessary to go to the library to print and copy the Proof of Claim. Afterwards, Claimant went directly to the post office and mailed the Claim on November 15, 2012, the post-mark on the envelope should indicate that date. Based on Claimant's previous experience and in most circumstances, once a document is placed in the mail, it is deemed to be filed, so Claimant believes that she technically filed the Claim on time. Unfortunately, it appears that Debtor received the Proof of Claim on Monday, November 19, 2012.

4.    Claimant believes that she made reasonable efforts to comply with the bar date based on her logistical and financial circumstances and hereby requests the Court to allow the claim, since it was "late" due to circumstances beyond her control.

5.    <u>Background regarding Claim</u> -  Claimant was advised at the time that she contracted to borrow funds from Debtor – GMAC Mortgage – that PMI would stop being charged once the debt to equity ratio reached 80/20% or 79/21% (Claimant does not recall the exact number as this was approximately 12 years ago). According to the information obtained from GMAC, in 2004 Claimant reached a 79.80% debt to equity ratio. Somewhere around that time, when the charges did not automatically stop, Claimant made several requests to GMAC to stop the PMI charges, to no avail. Claimant was told that she would have to obtain an appraisal. This was not relayed to Claimant when she entered into the loan agreement with GMAC. At that time, she was told that the PMI charges would stop once the appropriate debt to equity ratio was reached. Requiring an appraisal was an unfair request, as it would cost Claimant a

-3-

considerable amount of money to obtain an appraisal. According to the tax assessment, it was obvious that the value of the property had appreciated considerably. In fact, using that information, the debt to equity ratio would have been at 80/20 much sooner, but GMAC representatives advised that the tax information could not be used and that an appraisal, at Claimant's expense, was necessary. Claimant could not afford to spend somewhere near $500 to save $27.54 per month, so she did not obtain an appraisal and Debtor continued to charge Claimant PMI for 73 more months. It would appear that GMAC was taking unfair advantage of borrowers with this tactic. This amount – $27.54 per month – times 73 months is the basis for Claimant's claim.

6.       <u>Request to allow late filed claim.</u>  Claimant respectfully requests this Court to allow Claim No. 5766 and deem it timely filed because, in addition to her health situation, she did not have "all of the required information" in sufficient time to comply with the Bar Date, and, therefore, should not be penalized for her alleged failure to timely file the Claim. Though she hoped that since she took the Claim directly to the post office it might make it on time, it apparently took four (4) days (including the weekend) for the Claim to arrive. Claimant reviewed Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure and learned that the Court may, upon cause shown, extend the time within which proofs of claim may be filed. Further, Bankruptcy Rule 9006(b)(1) provides that a proof of claim may be deemed timely filed by the Court "where the failure to act was the result of excusable neglect. In doing on-line research, Claimant notes that excusable neglect has been defined by the Supreme Court as encompassing omissions caused by "inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control". Claimant suggests to the

Court that the timing of her claim filing is attributable to "excusable neglect" for the following reasons:

    a.    Claimant requested information from GMAC, the receipt of which was beyond her control.

    b.    Claimant did not received the necessary information for filing the claim until November 14 and immediately prepared and mailed the claim upon receipt of the information.

    c.    There is no danger of prejudice to the Debtor because the Debtor had to be aware of the potential claim of Claimant since Debtor sent Claimant a Notice of Proof of Claim Bar Date along with a claim form.

    d.    The Claim was only one (1) business day late, as, according to Debtor's Objection, it was received on Monday, November 19, 2012.

    e.    The Debtor's Disclosure Statement was just recently filed and the Plan has not yet been confirmed.

    f.    Allowing Claimant to file the after the Bar Date should not cause any harm to the Debtor as it is an unsecured claim of a minimal amount and should not have any effect on Debtor's confirmation of Debtor's Plan.

Claimant believes she has acted in good faith and filed her claim as soon as possible, given her circumstances – logistic, financial and health related. It should be noted that the computer Claimant used at the time of filing her Proof of Claim has since crashed and Claimant is unable to retrieve any pertinent notes that she may have saved on that computer.

    7.    <u>Timing of Response</u> -  Claimant received notice of this Objection on or about June 14, 2013. On June 15, 2013, Claimant went out of town to New Mexico and Colorado with her daughter. Claimant was out of town for approximately 16 days and returned at approximately 3:00 a.m. on July 1, 2013. Fearing that she would miss the deadline for filing responses due to the July 4th holiday and upcoming weekend, on July 3, 2013, Claimant placed a phone call to Debtor's attorneys to inquire about a way to file this Response via email or facsimile, at the listed phone number of (212) 468-8000 and was forwarded to the voice mail of attorney Lewis Krueger. On July 4, 2013, Claimant

received a returned telephone call from Mr. Krueger's secretary, Doreen, who advised that she would get a message to Mr. Krueger, who was out of town. Claimant later spoke with Mr. Jordan Wishnew, of the firm Morrison & Foerster, LLP, who advised that he was one of Debtor's attorneys. Claimant advised Mr. Wishnew that she did not have the funds, nor did she believe it was cost effective to overnight her response, as she was unaware as to whether or not Debtor's Plan proposed any payment to unsecured creditors. Mr. Wishnew advised that the Disclosure Statement was recently filed and appeared on the docket "yesterday". Mr. Wishnew advised Claimant to fax her claim to his office at (212) 468-7900 and that he would see that it was somehow presented to the Judge. He stated that he was unable to speak to the Debtor at the time, but would request the Debtor to consider Claimant's claim. He advised Claimant to also place the response in the mail. He also advised Claimant to check the Court's website to obtain a fax number or email address for filing the response. Claimant found the email address of the Courtroom Deputy and in addition to faxing the Response to Debtor's counsel and mailing the Response to the required parties, Claimant will email this Response to Ms. Deanna Anderson, Courtroom Deputy, at deanna_anderson@nysb.uscourts.gov, in order to ensure that this response is "received by the chambers of the Honorable Martin Glenn" as stated on the Notice of Hearing on Fourth Omnibus Objection to Claims (Late-Filed Claims).

WHEREFORE, Claimant respectfully requests that this Court allow Claimant's Proof of Claim No. 5766, deny Debtor's Objection to Claim No. 5766, and consider this Response timely filed even if it arrives via mail after the July 8, 2013 response deadline, and provide all other relief that is just.

Respectfully submitted by,

Beth M. Tsounakas, Pro Se
10 Brieley
San Antonio, Texas 78250
(210) 863-1595 (cell)
(210) 682-6589 (home)
mstupware@sbcglobal.net (email)

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Response was forwarded as indicated to the parties listed below on July 4, 2013.

**Via E-mail – deanna_anderson@nysb.uscourts.gov & U.S. Mail**
The Chambers of the
Honorable Martin Glenn
One Bowling Green
Courtroom 501
New York, NY  10004

**Via Facsimile (212) 468-7900 & U.S. Mail**
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY  10104
Attention:  Gary S. Lee, Esq., Norman S. Rosenbaum, Esq.,
and Jordan A. Wishnew, Esq.
ATTORNEYS FOR DEBTORS

**Via Facsimile (212) 715-8000 & U.S. Mail**
Kramer Levin Naftalis & Frankel LLP
1117 Avenue of the Americas
New York, NY  10036
Attention:  Kenneth H. Eckstein, Esq. and Douglas H. Mannal, Esq.
ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Beth M. Tsounakas, Pro Se