Tomas Diaz
5200 SW 122 Ave
Miami, FL 33175
July 3, 2013

Case no 12-12020(MG)

Honorable Judge Martin Glenn
One Bowling Green
New York, NY
10004 Courtroom 501

Dear Judge Glenn

My response to notice of heating on debtors eight omnibus objections to claims (redundant claims) Tomas Diaz Claim no. 1913 Amount $400,000 10/29/2012 Claim no. 4702 Amount 400,000 11/14/2012

Im sole creditor of one claim for $400,000.00, as an investor & owner of the property on 5200 SW 122 Ave Miami, FL 33175.

The reason for these "redundant claims" documents (Exhibit 1) what to file ( any holder of the claim against more than one debtor, must file a separate proof of claim
This creates confusion because my loan, my money and my trust have been changed over four times on the list of debtors. I didn't know that these were affiliated with Bankruptcy Chapter 11 , with distinct case numbers
Example:
Residential Capital LLC. Case no 12-12020(MG)
Homecomings Financial LLC Case no 12-12042 (MG)
Residential Funding Company LLC Case # 12-12019 (MG)
Homecoming Financial REH LLC. Case # 12-12040 (MG)

In regards to my claim which is one of these is the correct debtor? Which one is incorrect?

This is my reply to the argument by Morrisons Foerster LLP , in relation to the objection proposes claim(s) to be disallowed and expunged because of "redundant " claims

Respectfully,

Tomas Diaz



RECEIVED
JUL -8 2013
U.S. BANKRUPTCY COURT, SDNY

## Service Mailing List

ResCap Claims Processing Center
c/o Kurtzman Carson Cosultants LLC
2335 Alaska Avenue
El Segundo, CA 90245

Judge Martin Glenn
The United States Bankruptcy Court
For the Southern District of New Cork
One Bowling Green, Room 501
New York, NY 10004

Kramer Levin Naftallis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10005

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104

AlixPartners LLP
200 Town Center, Suite 2400
Southfiled, MI 48075

Moelis & Company LLC
399 Park Avenue
5th Floor
Ney York, NY 10022

Curtis, Mallet- Prevost, Colt & Mosle LLP
101 Park Avenue
New York, NY 10178-0061

FTI Consulting Inc.
3 Times Square, 9th Floor
New York, NY 10036

Centerview Parters LLC
31 West 52nd Street, 22nd Floor
New York, NY 10019

Arthur J. Gonzalez Esq.
New York University School of Law
40 Washington Square South, 314A
New York, NY 10012

United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

**THIS IS A NOTICE REGARDING YOUR CLAIM. YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' EIGHTH OMNIBUS OBJECTION TO
CLAIMS
(REDUNDANT CLAIMS)**

**Tomas Diaz**

| Proposed Claim(s) to be Disallowed and Expunged | | | | Basis For Objection | Surviving Claim(s) | | | |
|---|---|---|---|---|---|---|---|---|
| Claim No(s).; Date Filed | Debtor | Classification | Amount | | Claim No(s).; Date Filed | Debtor | Classification | Amount |
| 1913 10/29/12 | Homecomings Financial, LLC | Administrative Priority | N/A | Redundant | 4702 11/14/12 | Homecomings Financial, LLC | Administrative Priority | N/A |
| | | Administrative Secured | N/A | | | | Administrative Secured | N/A |
| | | Secured | $400,000.00 | | | | Secured | $400,000.00 |
| | | Priority | N/A | | | | Priority | N/A |
| | | General Unsecured | N/A | | | | General Unsecured | N/A |

PLEASE TAKE NOTICE that, on June 7, 2013 Residential Capital, LLC and certain of its affiliates (collectively, the "**Debtors**") filed their Eighth Omnibus Objection to Claims (Redundant Claims) (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").[1] The category of claim objection applicable to you is identified in the table above in the column entitled "**Basis for Objection**".

The Objection requests that the Bankruptcy Court expunge, and/or disallow one or more of your claims listed above under PROPOSED CLAIM(S) TO BE DISALLOWED

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

AND EXPUNGED on the ground that the claim(s) are redundant. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the expungement, and/or disallowance of your claim(s) listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the expungement, and/or disallowance of your claim(s) listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED, then you MUST file with the Bankruptcy Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on July 8, 2013 (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, and/or expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Gary S. Lee, Esq., Norman S. Rosenbaum, Esq. and Jordan A. Wishnew, Esq., attorneys for the Debtors; and (iii) Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036, Attn: Kenneth H. Eckstein, Esq. and Douglas H. Mannal, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

A hearing will be held on July 15, 2013 to consider the Objection. The hearing will be held at 11:00 a.m. Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

Whether or not the Bankruptcy Court disallows, and/or expunges your claim(s) listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED, the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed, including any SURVIVING CLAIM(S) listed above) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Bankruptcy Court's instructions, which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.kccllc.net/rescap. If you have any questions about this notice or the Objection, or if you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Kurtzman Carson Consultants, LLC at (888) 926-3479. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:    June 10, 2013
          New York, New York

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

# EXHIBIT 1

1.  **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.  **WHAT TO FILE**

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order). Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap. Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant. Each proof of claim must be written in English and be denominated in United States currency. You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted. A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

## Exhibit A
### Debtor Names and Case Numbers

| Name of Debtor | Case Number |
|---|---|
| Residential Funding Company, LLC | 12-12019 (MG) |
| Residential Capital, LLC | 12-12020 (MG) |
| ditech, LLC | 12-12021 (MG) |
| DOA Holding Properties, LLC | 12-12022 (MG) |
| DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) |
| EPRE LLC | 12-12024 (MG) |
| Equity Investment I, LLC | 12-12025 (MG) |
| ETS of Virginia, Inc. | 12-12026 (MG) |
| ETS of Washington, Inc. | 12-12027 (MG) |
| Executive Trustee Services, LLC | 12-12028 (MG) |
| GMAC-RFC Holding Company, LLC | 12-12029 (MG) |
| GMAC Model Home Finance I, LLC | 12-12030 (MG) |
| GMAC Mortgage USA Corporation | 12-12031 (MG) |
| GMAC Mortgage, LLC | 12-12032 (MG) |
| GMAC Residential Holding Company, LLC | 12-12033 (MG) |
| GMACRH Settlement Services, LLC | 12-12034 (MG) |
| GMACM Borrower LLC | 12-12035 (MG) |
| GMACM REO LLC | 12-12036 (MG) |
| GMACR Mortgage Products, LLC | 12-12037 (MG) |
| HFN REO Sub II, LLC | 12-12038 (MG) |
| Home Connects Lending Services, LLC | 12-12039 (MG) |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) |
| Homecomings Financial, LLC | 12-12042 (MG) |
| Ladue Associates, Inc. | 12-12043 (MG) |
| Passive Asset Transaction, LLC | 12-12044 (MG) |
| PATI A, LLC | 12-12045 (MG) |
| PATI B, LLC | 12-12046 (MG) |
| PATI Real Estate Holdings, LLC | 12-12047 (MG) |
| RAHI A, LLC | 12-12048 (MG) |
| RAHI B, LLC | 12-12049 (MG) |
| RAHI Real Estate Holdings, LLC | 12-12050 (MG) |
| RCSFJV2004, LLC | 12-12051 (MG) |
| Residential Accredit Loans, Inc. | 12-12052 (MG) |
| Residential Asset Mortgage Products, Inc. | 12-12053 (MG) |
| Residential Asset Securities Corporation | 12-12054 (MG) |
| Residential Consumer Services of Alabama, LLC | 12-12055 (MG) |
| Residential Consumer Services of Ohio, LLC | 12-12056 (MG) |
| Residential Consumer Services of Texas, LLC | 12-12057 (MG) |
| Residential Consumer Services, LLC | 12-12058 (MG) |
| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) |
| RFC Asset Holdings II, LLC | 12-12065 (MG) |
| RFC Asset Management, LLC | 12-12066 (MG) |
| RFC Borrower LLC | 12-12068 (MG) |
| RFC Construction Funding, LLC | 12-12069 (MG) |
| RFC REO LLC | 12-12070 (MG) |
| RFC SFJV-2002, LLC | 12-12071 (MG) |

Search Results for Residential Capital, LLC et al. Page 1 of 1

# KCC

Search All KCC Court Documents

Client Login  

Corporate Restructuring : Active Cases : Residential Capital, LLC et al.

- FAQs for Counterparties to Assumed Contracts
- FAQs for Notice of Bar Date
- Adversary Proceedings
- Court Documents
- Claims Register
- First Day Motions
- First Day Orders
- Monthly Service List
- Prepetition Credit Documents
- Press Releases
- Sale Documents
- Schedules/Statements
- Voluntary Petition(s)
- Disclaimer
- Help

Bankruptcy Industry Links | Proof Of Claim Form | Claim/Creditor Search | Submit an Inquiry

**Residential Capital, LLC et al. Search Results**
Debtor(s): All Debtors
Creditor Name: Begins With "tomas diaz"
Claim Amount Type: Filed Claim Amount
Claim #: 1913

| Date Claim Filed | Claim No. | Name | Filed Claim Amount | Filed Claim Nature | Debtor |
|---|---|---|---|---|---|
| 10/29/2012 | 1913 | Tomas Diaz | $400,000.00 | Secured | Homecomings Financial, LLC |

This website is maintained for the public's convenience and for informational purposes only. Users of this website should not take or refrain from taking any action based upon content included in the website or in the results of any search made on this site without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") filed in the bankruptcy case/s of the debtor/s.

Without limiting the generality of the foregoing, any failure by a debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated". Further, each debtor reserves the right to amend their Schedules and Statements of Financial Affairs as necessary and appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their schedules or filed against a Debtor, including objecting to the amount, liability classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated".

Kurtzman Carson Consultants   Terms of Use   Privacy Statement

**KCC**

Search All KCC Court Documents

Client Login | Available on the App Store

Corporate Restructuring : Active Cases : KCC Court Documents Search

- FAQs for Counterparties to Assumed Contracts
- FAQs for Notice of Bar Date
- Adversary Proceedings
- Court Documents
- Claims Register
- First Day Motions
- First Day Orders
- Monthly Service List
- Prepetition Credit Documents
- Press Releases
- Sale Documents
- Schedules/Statements
- Voluntary Petition(s)
- Disclaimer

Bankruptcy Industry Links | Proof Of Claim Form | Claim/Creditor Search | Submit an Inquiry

Residential Capital, LLC et al. Search Results
Debtor(s): All Debtors
Creditor Name: Begins With "tomas diaz"
Claim Amount Type: Filed Claim Amount
Claim #: 4702

| Date Claim Filed | Claim No. | Name | Filed Claim Amount | Filed Claim Nature | Debtor |
|---|---|---|---|---|---|
| 11/14/2012 | 4702 | Tomas Diaz | $400,000.00 | Secured | Homecomings Financial, LLC |

This website is maintained for the public's convenience and for informational purposes only. Users of this website should not take or refrain from taking any action based upon content included in the website or in the results of any search made on this site without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") filed in the bankruptcy case/s of the debtor/s.

Without limiting the generality of the foregoing, any failure by a debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated". Further, each debtor reserves the right to amend their Schedules and Statements of Financial Affairs as necessary and appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their schedules or filed against a Debtor, including objecting to the amount, liability classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated".

Help

Kurtzman Carson Consultants   Terms of Use   Privacy Statement

Tomas Diaz
5200 SW 122nd Ave
Miami, FL 33175
masterpicasso@yahoo.com

October 3, 2012

*Gary S. Lee*
*Lorenzo Marinzzi*
MORRISON & FORESTER LLP
1290 Avenue of the Americas
New York, New York 10104
*(sent via US Mail)*


Re: *Request for Proof of Claim form for Residential Capital, LLC / Case No.: 12-12020 (MG) BK court S.District of New York.*

    My name is Tomas Diaz and I am requesting the proof of claim form for the above referenced specifically for Case No.: 12-12042(MG). My information regarding Homecomings Financial is as follows;

| | |
|---|---|
| Borrower: | Thomas Diaz |
| Loan Number: | 0441375243 |
| Property Address: | 5200 SW 122nd Ave |
| | Miami, FL 33175 |

Thank you,

_____
Tomas Diaz

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|
| Name of Debtor: HOMECOMINGS FINANCIAL LLC    Case Number: 12-12042 (MG) | |

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property): TOMAS DIAZ

**Name and address where notices should be sent:**
TOMAS DIAZ
5200 SW 122 AVE
MIAMI FLA 33175

Telephone number: (305) 244-5159    email: MASTERPICASSO@YAHOO.COM

**Name and address where payment should be sent (if different from above):**
TOMAS DIAZ
5200 SW 122 AVE
MIAMI FL 33175

Telephone number: (305) 244-5159    email: MASTERPICASSO@YAHOO.COM

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____ (if known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 400,000.00
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** MORTGAGE / NOTE DOWN PAYMENT
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 5243

**3a. Debtor may have scheduled account as:** _____
**3b. Uniform Claim Identifier (optional):** _____

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☒ Real Estate ☐ Motor Vehicle ☐ Other
Describe:
Value of Property: $ 1,600,000.00    Annual Interest Rate 7.498 %  ☐ Fixed ☒ Variable (when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ _____    Basis for perfection: _____
Amount of Secured Claim: $ 400,000.00    Amount Unsecured: $ _____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ 0    (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: TOMAS DIAZ
Title: _____
Company: _____
Address and telephone number (if different from notice address above): _____

(Signature) _____    (Date) 10/23/12

Telephone number: (305) 244 5159    Email: MASTERPICASSO@YAHOO.COM

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ _____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

COURT USE ONLY