MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------- ) | |
| In re:                                          ) | Case No. 12-12020 (MG) |
|                                                 ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,        ) | Chapter 11 |
|                                                 ) | |
|                             Debtors.            ) | Jointly Administered |
| ------------------------------------------------- ) | |

## AMENDED[1] PROPOSED AGENDA FOR MATTERS
## <u>SCHEDULED TO BE HEARD ON JULY 10, 2013 AT 10:00 A.M. (EST)</u>

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY 10004-1408

**I.**        **ADJOURNED MATTERS**

**1.**        Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2044]

          **<u>Related Documents</u>**:

          **a.**        Memorandum of Law in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2045]

          **b.**        Declaration of R. Fredrick Walters, David M. Skeens and R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2047]

---

[1] Amended items appear in **bold**.

c.       Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims to February 7, 2013 at 10:00 a.m. [Docket No. 2399]

d.       Notice of Adjournment of Hearing on Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims to February 28, 2013 at 2:00 p.m. [Docket No. 2730]

e.       Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 3029]

f.       Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to May 30, 2013 at 10:00 a.m. [Docket No. 3299]

g.       Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to June 12, 2013 at 10:00 a.m. [Docket No. 3360]

h.       Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to July 10, 2013 at 10:00 a.m. [Docket No. 3851]

i.       Notice of Adjournment of Hearing on Motion of Lead Plaintiffs and the Putative Class to Apply Bankruptcy Rule 7023 and to Certify Class Claims to August 21, 2013 at 10:00 a.m. **[Docket No. 4177**]

**Responses**:

a.       Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2337]

b.       Declaration of K. Lee Marshall in Support of Debtors' Opposition to Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2338]

c.       Response and Reservation of Rights of PNC Bank, N.A. to Motion of Rowena Drennan, Flora Gaskin, Roger Turner, Christie Turner, John Picard and Rebecca Picard to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2343]

d.       Statement and Reservation of Rights of the Official Committee of Unsecured Creditors with Respect to the Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims Filed by Rowena Drennen [Docket No. 2869]

**Replies**:

**a.**    Reply to Debtors' Objection to Class Certification Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2874]

**b.**    Supplemental Declaration of R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2875]

**c.**    Declaration of David M. Skeens and R. Keith Johnston in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2876]

**d.**    Declaration of Roy Fredrick Walters in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2877]

**e.**    Second Supplemental Declaration of R. Bruce Carlson in Support of Motion to Apply Bankruptcy Rule 7023 and to Certify Class Claims [Docket No. 2880]

**Status**:    The hearing on this matter has been adjourned to August 21, 2013.

**2.**    Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2401]

**Related Documents**:

**a.**    Notice of Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2421]

**b.**    [Proposed] Order Granting Connecticut Housing Finance Authority ("CHFA") Relief from the Automatic Stay, for Cause, Pursuant to 11 U.S.C. §§ 105 & 362(d) [Docket No. 2422]

**c.**    Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to January 29, 2013 at 10:00 a.m. [Docket No. 2624]

**d.**    Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 7, 2013 at 10:00 a.m. [Docket No. 2729]

**e.**    Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief

from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 28, 2013 at 2:00 p.m. [Docket No. 2848]

f.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to March 21, 2013 at 10:00 a.m. [Docket No. 3008]

g.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to April 30, 2013 at 10:00 a.m. [Docket No. 3239]

h.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to May 14, 2013 at 10:00 a.m. [Docket No. 3539]

i.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to June 12, 2013 at 10:00 a.m. [Docket No. 3682]

j.      Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to July 10, 2013 at 10:00 a.m. [Docket No. 3948]

k.      **Notice of Adjournment of Hearing on Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to July 26, 2013 at 10:00 a.m. [Docket No. 4186]**

**Responses**:

a.      Debtors' Response and Reservation of Rights to Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2623]

**Status**:      **The hearing on this matter has been adjourned to July 26, 2013.**

3.      Plaintiffs' [New Jersey Carpenters Health Fund, *et al.*] Motion for Order Certifying Class for Purposes of Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3480]

**Related Documents**:

**a.**    Memorandum of Law in Support of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3481]

**b.**    Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3663]

**c.**    Notice of Adjournment of Hearing of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3854]

**d.**    Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 4129]

**Responses**:    None.

**Status**:    The hearing on this matter has been adjourned to July 26, 2013.

**4.**    Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order [Docket No. 3511]

**Related Documents**:

**a.**    Declaration of Constance Boland in Support of the Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Discovery from the Debtor and Relief from the Stay Imposed by the FHFA Order [Docket No. 3512]

**b.**    Memorandum of Law in Support of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA [Docket No. 3513]

**c.**    Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) [Docket No. 3905]

**d.**    Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to July 10, 2013 at 10:00 a.m. [Docket No. 3928]

**e.**    Amended Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery

from the Debtors and Relief from Stay Imposed by the FHFA Order to July 26, 2013 at 10:00 a.m. [Docket No. 4160]

**Responses**:        None.

**Status**:        The hearing on this matter has been adjourned to July 26, 2013.

## II.        ADJOURNED ADVERSARY PROCEEDING MATTERS

### Hawthorne v. GMAC Mortgage, LLC (Adv. Proc. No. 12-02050)

1.        Status Conference

        **Related Documents**:

        **a.**        Complaint to Determine Nature and Extent of Liens Pursuant to 11 U.S.C. 506(a) [Docket No. 1]

        **b.**        Summons and Notice of Pre-Trial Conference [Docket No. 3]

        **c.**        Order Extending Defendant Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 4]

        **d.**        Letter from N. Rosenbaum to Judge Glenn requesting extension of time by which all Defendants must answer or otherwise respond to the Complaint [Docket No. 6]

        **e.**        Second Order Extending Defendant Defendants' Deadline to Answer or Otherwise Respond to Adversary Complaint [Docket No. 7]

        **f.**        Order Directing the Applicability of Borrower Adversary Proceeding Procedures [Docket No. 9]

        **g.**        Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 10]

        **h.**        Defendant's Progress Report [Docket No. 12]

        **i.**        Defendant's Status Report [Docket No. 15]

        **Status**:        The status conference on this matter will be adjourned to August 21, 2013.

### Nora v. Residential Capital, LLC (Adv. Proc. No. 13-01208)

1.        Pre-Trial Status Conference

**Related Documents**:

a.  Complaint for Violations of the Racketeer Influenced and Corrupt Organizations Act and Violations [18 U.S.C. § 1964], The Fair Debt Collection Practices Act [15 U.S.C. § 1692(e), and Complaint to Determine These Claims Nondischargeable for Fraud and Theft [11 U.S.C. § 523(a)(2)] and Malicious Injury [11 U.S.C. § 523(a)(6)] for Turnover of Plaintiff's Home and the Personal Property Seized From the Premises Which Are Not Assets of the Estate Having Been Taken by Forged Documents and Ex Parte Process Pursuant to 11 U.S.C. § 548 and for Declaratory Relief [Docket No. 1]

b.  Amended Complaint for Violations of the Racketeer Influenced and Corrupt Organizations Act and Violations [18 U.S.C. § 1964], The Fair Debt Collection Practices Act [15 U.S.C. § 1692(e), and Complaint to Determine These Claims Nondischargeable for Fraud and Theft [11 U.S.C. § 523(a)(2)] and Malicious Injury [11 U.S.C. § 523(a)(6)] for Turnover of Plaintiff's Home and the Personal Property Seized From the Premises Which Are Not Assets of the Estate Having Been Taken by Forged Documents and Ex Parte Process Pursuant to 11 U.S.C. § 548 and for Declaratory Relief [Docket No. 3]

c.  Amended Summons with Notice of Pre-Trial Conference [Docket No. 4]

d.  Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 5]

e.  Joint Progress Report [Docket No. 11]

f.  Notice of Proposed Order Approving Late-Filing of Joint Status Report [Docket No. 17]

g.  Joint Progress Report [Docket No. 18]

**Status**:  The pre-trial status conference on this matter has been adjourned to a date to be determined.

## Universal Restoration Services, Inc. v. GMAC Mortgage, LLC (Adv. Proc. No. 13-01278)

1.  Pre-Trial Conference in Adversary Proceeding

**Related Documents**:

a.  Universal Restoration Services, Inc.'s Adversary Complaint to Recover Money Pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure [Docket No. 1]

b.  Summons with Notice of Pre-Trial Conference [Docket No. 2]

    **c.**      Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 3]

    **d.**      Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 5]

    **e.**      Stipulation and Order Between Universal Restoration Services, Inc. and GMAC Mortgage, LLC [Docket No. 7]

    **f.**      Defendant's Motion to Dismiss Plaintiff's Adversary Complaint [Docket No. 9]

    **g.**      Notice of Adjournment of Pre-Trial Conference [Docket No. 11]

    <u>**Responses**</u>:    None.

    <u>**Status**</u>:    The pre-trial conference on this matter has been adjourned to August 21, 2013.

**2.**    Defendant's Motion to Dismiss Plaintiff's Adversary Complaint [Docket No. 9]

    <u>**Related Documents**</u>:    None.

    <u>**Responses**</u>:    None.

    <u>**Status**</u>:    A stipulation has been submitted to chambers.  The hearing on this matter is being adjourned to August 21, 2013.

### <u>Wilson v. Residential Capital LLC (Adv. Proc. No. 12-01936)</u>

**1.**    Pre-Trial Status Conference

    <u>**Related Documents**</u>:

    **a.**      Complaint [Docket No. 1]

    **b.**      Amended Summons with Notice of Pre-Trial Conference [Docket No. 3]

    **c.**      Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 4]

    **d.**      Amended Notice of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 5]

    **e.**      Notice of Adjournment of Pretrial Conference [Docket No. 6]

f.      Notice of Adjournment of Hearing on Debtors' Motion for Dismissal of
        Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP
        12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention
        Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 11]

g.      Notice of Adjournment of Hearing on Debtors' Motion for Dismissal of
        Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP
        12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention
        Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 13]

h.      Plaintiff's Opposition to Debtors' Motion for Dismissal of Adversary
        Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and
        12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28
        U.S.C. § 1334(c)(1) [Docket No. 14]

i.      Memorandum of Points and Authorities in Support of Plaintiff's Opposition
        to Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to
        Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the
        Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1)
        [Docket No. 15]

j.      Plaintiff's Objection to Declaration of Jennifer Scoliard, In-House Senior
        Bankruptcy Counsel at Residential Capital, LLC, in Support of Debtors'
        Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy
        Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative,
        Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 16]

k.      Memorandum of Points and Authorities in Support of Plaintiff's Objection
        to Declaration of Jennifer Scoliard, In-House Senior Bankruptcy Counsel
        at Residential Capital, LLC, in Support of Debtors' Motion for Dismissal of
        Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP
        12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention
        Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 17]

l.      Amended Notice of Adjournment of Hearing on Debtors' Motion for
        Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b)
        and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive
        Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 19]

m.      Notice of Applicability of the Order Approving Mandatory Supplemental
        AP Procedures for AP Actions [Docket No. 21]

n.      Joint Progress Report [Docket No. 23]

o.      Joint Progress Report [Docket No. 25]

**Status**:    The pre-trial status conference on this matter has been adjourned to July
               26, 2013.

**Pruitt v GMAC (Residential Capital, LLC, et al.) (Adv. Proc. No. 13-01350)**

1.     **Pre-Trial Conference**

        **Related Documents**:

                a.      **Motion for Adversary Proceeding / Cause for Complaint – Wrongful Foreclosure, Assignment and Title, Violation of Holder in Due Course Law, Fraud/Slander of Title, Violation of Duty of Good Faith and Fair Dealing, Violation of the Doctrine of Privity, Claim for Litigation Fees and Costs and Punitive Damages, Violation of Bankruptcy Law, Rob-Signing, Intentional Emotional Distress, Violation of the UCC (Uniform Commercial Code), Foreclosure Agent File is Defective [Docket No. 1]**

                b.      **Summons with Notice of Pre-Trial Conference [Docket No. 2]**

                c.      **Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 3]**

                d.      **Amended Adversary Complaint [Docket No. 4]**

                e.      **Revised Summons with Notice of Pre-Trial Conference [Docket No. 5]**

                f.      **Plaintiff's Statement Regarding Title of Company on Paperwork [Docket No. 7]**

                g.      **Plaintiff's Motion to Compel [Docket No. 10]**

                h.      **Plaintiff's Request for Admission to be Answered by the Defendant [Docket No. 13]**

                i.      **Plaintiff's Affirmation Requesting Clerk's Entry of Default [Docket No. 16]**

                j.      **Notice of Adjournment of Pre-Trial Conference to August 21, 2013 at 10:00 a.m. [Docket No. 17]**

        **Status:**   **The pre-trial conference on this matter has been adjourned to August 21, 2013.**

III.    **STATUS CONFERENCES**

1.     **Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among the Debtors, FGIC, The FGIC Trustees and Certain Institutional Investors [Docket No. 3929]**

        **Related Documents:**     **None.**

**Responses**:

a.      **Joinder of FGIC Trustees to the Debtors' Motion Pursuant to Fed. R. BANKR. P. 9019 for the Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors [Docket No. 3982]**

b.      **Objection of the Ad Hoc Group of Junior Secured Noteholders to the Debtors Motion Pursuant to Fed. R. Bankr. P. 9019 for the Approval of the Settlement Agreement among the Debtors, FGIC, The FGIC Trustees and Certain Institutional Investors [Docket No. 4027]**

c.      **Scheduling Order [Docket No. 4168]**

**Status**:     **A status conference on this matter will be going forward.**

2.      **Motion By Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362 (a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, Et Al. v GMAC Mortgage, LLC et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2511]**

**Related Documents**:

a.      **Declaration of Richard G. Haddad in Support of Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362(a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2512]**

b.      **Notice of Adjournment of Hearing and Extension of Objection Deadline With Respect to Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 USC 362(a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2891]**

c.      **Notice of Adjournment of Hearing and Extension of Reply Deadline with Respect to Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. § 362 (a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 3472]**

    d.      **Notice of (I) Status Conference and (II) Adjournment of Hearing with respect to Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. Sec. 362 (a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v GMAC Mortgage, LLC et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 3913]**

    e.      **Letter to Judge Glenn from Mark A. Strauss dated June 26, 2013 Regarding Briefing and Hearing Schedule for Motion [Docket No. 4103]**

    f.      **Letter to Judge Glenn from Ray C. Schrock dated July 1, 2013 in Response to June 26, 2013 Letter Regarding Briefing and Hearing Schedule for Motion [Docket No. 4118]**

    g.      **Letter to Judge Glenn from Mark A. Strauss dated July 2, 2013 in Response to July 1, 2013 Letter Regarding Briefing and Hearing Schedule for Motion [Docket No. 4130]**

**<u>Responses</u>:**

    a.      **Debtors' Joinder to Motion By Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362 (a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2793]**

    b.      **Limited Objection of Wilmington Trust, National Association to Motion By Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362 (a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2809]**

    c.      **Debtors' Amended Joinder to Motion By Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. 362 (a)(3) By (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 2834]**

    d.      **Objection of Plaintiffs in *Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, No. 12-cv-3412-AJN (S.D.N.Y.) to the Motion of Ally Financial, Inc. and Ally Bank For An Order Enforcing The Automatic Stay Pursuant To 11 U.S.C. § 362(A)(3) By (1) Enjoining Prosecution Of Alter Ego and Veil-Piercing Claims In Rothstein, and (2) Declaring Such Claims Void *Ab Initio*; and Cross-Motion For An Order**

Granting Relief From The Automatic Stay Pursuant To 11 U.S.C. § 362(D) To The Extent Any Claims Asserted By Plaintiffs Are Subject To The Automatic Stay [Docket No. 3343]

e.    Response of The Official Committee Of Unsecured Creditors To The Motion By Ally Financial Inc. And Ally Bank For An Order Enforcing The Automatic Stay Pursuant To 11 U.S.C. § 362(A)(3) By (1) Enjoining Prosecution Of Alter Ego And Veil Piercing Claims In The Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.*, And (2) Declaring Such Claims Void *Ab Initio* [Docket No. 3345]

**Replies**:

a.    Reply of Ally Financial Inc. and Ally Bank in Support of Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant To 11 U.S.C. 362 (a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC et al.*, and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 3565]

b.    Debtors' Reply in Further Support of Their Joinder to Motion by Ally Financial Inc. and Ally Bank for an Order Enforcing the Automatic Stay Pursuant to 11 U.S.C. Section 362(a)(3) by (1) Enjoining Prosecution of Alter Ego and Veil Piercing Claims in the Class Action Entitled *Landon Rothstein, et al. v. GMAC Mortgage, LLC, et al.* and (2) Declaring Such Claims Void *Ab Initio* [Docket No. 3891]

**Status**:    A status conference on this matter will be going forward.

## IV.    CONTESTED MATTERS

1.    Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1357]

**Related Documents**:

a.    Notice of Filing Supplemental Exhibits to Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1527]

b.    Notice of Adjournment of Hearing [Docket No. 1556]

    **c.**       Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1799]

    **d.**       Second Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewatehouseCoopers LLP, for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 2622]

    **e.**       Third Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Compensation for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3062]

    **f.**       Fourth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3290]

    **g.**       Fifth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3425]

    **h.**       Sixth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3543]

    **i.**       Seventh Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3703]

**j.**        Eighth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy
            Rule 6004 (I) Authorizing the Debtors to Compensation
            PricewaterhouseCoopers, LLP for Foreclosure Review Services in
            Furtherance of the Debtors' Compliance Obligations Under Federal
            Reserve Review Board Consent Order and (II) Reaffirming Relief Granted
            in the GA Servicing Order [Docket No. 3961]

**Responses**:

**a.**        Limited Objection of Wilmington Trust, National Association to Debtors'
            Motion for Entry of an Order (I) Authorizing Debtors to Compensate
            PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II)
            Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1465]

**b.**        Omnibus Objection of the Official Committee of Unsecured Creditors to
            (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code
            Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
            Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
            Services in Furtherance of the Debtors' Compliance Obligations Under
            Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
            in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
            and (C) Hudson Cook Retention Application [Docket No. 1493]

**c.**        Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I)
            PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson
            Cook Retention Applications and (B) Status Report Regarding the
            Committee's Related Discovery Requests [Docket No. 1573]

**d.**        Supplemental Objection of the Official Committee of Unsecured Creditors
            to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code
            Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
            Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
            Services in Furtherance of the Debtors' Compliance Obligations Under
            Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
            in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
            and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

**a.**        Debtors' Statement in Further Support of (A) Debtors' Motion for an Order
            (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
            Services and (II) Reaffirming Relief Granting in the GA Servicing Order
            (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as
            Special Counsel, and (C) Debtors' Application to Employ and Retain
            Pepper Hamilton LLP as Special Foreclosure Review Counsel for
            Bankruptcy Issues [Docket No. 1749]

**Status**:    The final hearing on this motion will not be going forward.  The Debtors intend to submit to the Court a ninth interim order authorizing continued interim approval.

2.    Debtors' Application for an Order Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Debtors to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 1426]

**Related Documents**:

a.    Notice of Adjournment of Hearing [Docket No. 1556]

b.    Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No. 1797]

c.    Second Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 2621]

d.    Third Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3061]

e.    Fourth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3291]

f.    Fifth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3423]

g.    Sixth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3545]

h.    Seventh Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3705]

     **i.**       Eighth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3959]

**Responses**:

     **a.**       Omnibus Objection of the Official Committee of Unsecured Creditors to (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

     **b.**       Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

     **c.**       Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

     **a.**       Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket No. 1749]

     **Status**:     The final hearing on this motion will not be going forward.  The Debtors intend to submit to the Court a ninth interim order authorizing continued interim approval.

**3.**     Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Hudson Cook, LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 1427]

**Related Documents**:

**a.**        Notice of Adjournment of Hearing [Docket No. 1556]

**b.**        Interim Order Authorizing the Retention and Employment of Hudson
             Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
             Petition Date [Docket No. 1798]

**c.**        Second Interim Order Authorizing the Retention and Employment of
             Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tun*c to
             the Petition Date [Docket No. 2620]

**d.**        Third Interim Order Authorizing the Retention and Employment of Hudson
             Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
             Petition Date [Docket No. 3063]

**e.**        Fourth Interim Order Authorizing the Retention and Employment of
             Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to
             the Petition Date [Docket No. 3292]

**f.**        Fifth Interim Order Authorizing the Retention and Employment of Hudson
             Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
             Petition Date [Docket No. 3424]

**g.**        Sixth Interim Order Authorizing the Retention and Employment of Hudson
             Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the
             Petition Date [Docket No. 3544]

**h.**        Seventh Interim Order Authorizing the Retention and Employment of
             Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to
             the Petition Date [Docket No. 3704]

**i.**        Eighth Interim Order Authorizing the Retention and Employment of
             Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to
             the Petition Date [Docket No. 3960]

**Responses**:

**a.**        Omnibus Objection of the Official Committee of Unsecured Creditors to
             (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code
             Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to
             Compensate PricewaterhouseCoopers, LLP for Foreclosure Review
             Services in Furtherance of the Debtors' Compliance Obligations Under
             Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
             in the GA Servicing Order, (B) Pepper Hamilton Retention Application,
             and (C) Hudson Cook Retention Application [Docket No. 1493]

    **b.**    Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

    **c.**    Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

    **a.**    Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket No. 1749]

**Status**:    The final hearing on this motion will not be going forward.  The Debtors intend to submit to the Court a ninth interim order authorizing continued interim approval.

**4.**    Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3374]

**Related Documents**:

    **a.**    Declaration of Marc D. Puntus in Support of Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3375]

    **b.**    Declaration of Jill Horner in Support of Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3394]

    **c.**    Notice of Filing of Exhibit 2 to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3437]

    **d.**    Notice of Presentment of the Application of the Ad Hoc Group of Junior Secured Noteholders Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Case Management Order for an Order Authorizing It to File Under Seal (A) and Unredacted Copy of the Ad Hoc

Group's Supplemental Objection to Debtors' Motion for Entry of an Order to Permit Debtors to Continue Using Cash Collateral and (B) Unredacted Supporting Exhibits [Docket No. 3692]

**e.**     Notice of Filing of Revised Proposed Order Authorizing the Debtors to Continue Using Cash Collateral (filed by the Ad Hoc Group of Junior Secured Noteholders) [Docket No. 3695]

**f.**     Order Granting Application of the Ad Hoc Group of Junior Secured Noteholders Pursuant to Section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Case Management Order for an Order Authorizing It to File Under Seal (A) and Unredacted Copy of the Ad Hoc Group's Supplemental Objection to Debtors' Motion for Entry of an Order to Permit Debtors to Continue Using Cash Collateral and (B) Unredacted Supporting Exhibits [Docket No. 3769]

**g.**     Notice of Adjournment of Status Conference and Evidentiary Hearing on Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3896]

## **Responses**:

**a.**     Statement of Citibank, N.A. with Respect to the Debtors' Motion for Entry of an Order to Permit the Debtors to Continue to Use Cash Collateral [Docket No. 3483]

**b.**     Limited Objection of UMB Bank, N.A., as Successor Indenture Trustee, to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3498]

**c.**     Ally Financial Inc.'s Limited Objection to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3623]

**d.**     Limited Objection of the Official Committee of Unsecured Creditors to the Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3624]

**e.**     Objection of Ad Hoc Group of Junior Secured Noteholders to Debtors Motion For Entry of Order to Permit Debtor To Continue Using Cash Collateral [Docket No. 3625]

**f.**     Supplemental Statement of the Official Committee of Unsecured Creditors with Respect to the Objections of Ally Financial Inc. and the Ad Hoc Group of Junior Secured Noteholders to the Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3679]

**g.**     Supplemental Objection of Ad Hoc Group of Junior Secured Noteholders to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3691]

**Replies**:

**a.**     Debtors' Omnibus Reply to Responses to Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral [Docket No. 3678]

**Status**:     An evidentiary hearing on this matter will be going forward.

**5.**     Motion of RBS Citizens Bank, N.A. for an Annulment of the Automatic Stay [Docket No. 3848]

**Related Documents**:     None.

**Responses**:

**a.**     Debtors' Limited Objection to Motion of RBS Citizens N.A. for an Annulment of the Automatic Stay [Docket No. 4143]

**Status**:     The hearing on this matter will be going forward.

**V.     CURE OBJECTIONS HEARING**:

**1.**     **Sale Motion**:  Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto: (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]

**Related Documents**:

**a.**     **Sale Procedures Order**:  Order  Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538]

**Cure Notices**

    **(i)**    Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924]

    **(ii)**    First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1459]

    **(iii)**    First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1484]

    **(iv)**    First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2076]

    **(v)**    Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2077]

**b.**    **Ocwen Sale Order**:  Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;, (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief [Docket No. 2246]

**c.**    **Ocwen APA**:  Ocwen Loan Servicing, LLC Asset Purchase Agreement (as attached as Exhibit 1 to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

**d.**    **Berkshire Hathaway Sale Order**:  Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway, Inc.; (B) Sale of Purchased Assets Free and Clear of

Liens, Claims, Encumbrances and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief [Docket No. 2247]

e.    **Berkshire Hathaway APA**:  Berkshire Hathaway Inc. Amended and Restated Asset Purchase Agreement (as attached as <u>Exhibit 4</u> to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

**<u>Adjourned Cure Objection(s)</u>**:

a.    Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice Docket No. 1746]

   **(i)**    Declaration of Lori Sinanyan in Support of the Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice] [Docket No 1748]

   **(ii)**    Memorandum Endorsed So-Ordered Letter dated March 13, 2013 from Gary T. Holtzer, Counsel to Syncora Guarantee Inc., Regarding Status of Syncora's Limited Objections to Debtors' Sale of Mortgage Servicing Platform to Ocwen Loan Servicing, LLC, Given Pendency of Similar Outstanding Sale Objections [Docket No. 3186]

   **(iii)**    Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3449]

   **(iv)**    Amendment to Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3706]

   **(v)**    Second Amendment to Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3776]

   **(vi)**    Third Amendment to Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3962]

      **(vii)** Notice of Adjournment of Hearing on the Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3990]

**Status**: The hearing on this matter has been adjourned to July 26, 2013.

**Replies**:

**a.** Debtors' Omnibus Reply to Objections to Debtors' Sale Motion [Docket No. 2135]

**b.** Debtors' Omnibus Reply to Objections to the (A) Assumption and Assignment of Certain Agreements and (B) Related Cure Amounts [Docket No. 2574]

## VI.    ADVERSARY PROCEEDING MATTERS

### DeMustchine v. RAHI Real Estate Holdings, LLC (Adv. Proc. No. 12-02065)

**1.** Case Management Conference

**Related Documents**:

**a.** Complaint [Docket No. 1]

**b.** Summons and Notice of Pre-Trial Conference [Docket No. 3]

**c.** Notice of Adjournment of Hearing of Pre-Trial Conference to February 28, 2013 at 2:00 p.m. [Docket No. 4]

**d.** Defendant's Answer to Plaintiff's Complaint [Docket No. 6]

**e.** Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 9]

**f.** Joint Progress Report Pursuant to Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 11]

**g.** Order Modifying Automatic Stay with Respect to First Circuit Appeal [Docket No. 12]

**h.** Case Management and Scheduling Order [Docket No. 13]

**Status**:         The case management conference on this matter will be going forward.

Dated:  July 9, 2013                    /s/ Gary S. Lee
           New York, New York           Gary S. Lee
                                        Lorenzo Marinuzzi
                                        Norman S. Rosenbaum
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Counsel for the Debtors and
                                        Debtors in Possession*