**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER CONCERNING USE OF DISCOVERY OBTAINED IN CONNECTION WITH THE RULE 9019 FGIC SETTLEMENT HEARING**

This Court is scheduled to hear the Rule 9019 Motion to approve a settlement among ResCap, FGIC and others on August 16 and 19, 2013 ("FGIC Settlement," ECF Doc. # 3929). Objections to the FGIC Settlement have been filed so approval of the FGIC Settlement raises a contested matter. The Court has permitted discovery in connection with the contested matter. The parties have been negotiating the terms of a Confidentiality Order that will apply in connection with the discovery in the contested matter, but they have failed to agree on the form of the order.

Under the Plan Support Agreement approved by this Court, both this Court and the state court in which the FGIC rehabilitation proceeding is pending must approve the FGIC Settlement. The parties disagree whether the Confidentiality Order in this case should contain a provision limiting the use of discovery obtained in this case that is subject to the Confidentiality Order to this case, or whether such discovery may also be used in the state court rehabilitation proceeding. The proponents of the FGIC Settlement in this Court argue that the discovery obtained in this case should be limited to use in this case; the objectors argue that they should be able to use the discovery in state court.

All parties acknowledge that there are different standards for approval of the FGIC Settlement by each court. Because different standards apply and because the nature of the two

1

court proceedings differ substantially, whether discovery should be permitted (and the scope of permissible discovery) may well differ in the two different proceedings.

This Court has no authority over the state court rehabilitation proceeding, and no action by this Court can or will determine the course of proceedings in the state court. Therefore, discovery obtained in this case that is subject to the Confidentiality Order will be limited to use in this case.

If Justice Ling Cohan, before whom the state court proceeding is pending, determines that discovery should be permitted in the matter before her, she is obviously free to make that determination. Nothing in the Confidentiality Order, or in any other ruling of this Court, limits or restricts permitted discovery undertaken in the state court proceeding. Obviously, Justice Ling Cohan cannot alter the terms of the order entered by this Court; nor may this Court alter the terms of any order entered by her. If Justice Ling Cohan chooses to permit discovery from the same parties of the same (or different) scope as the discovery undertaken in this case, she can obviously do so.

A separate Confidentiality Order will be entered. Other disagreements between the parties on the terms of that order have been resolved by the Court, but are not addressed in this separate order.

**IT IS SO ORDERED.**

Dated:   July 10, 2013
         New York, New York

                                    ___*Martin Glenn*___
                                    MARTIN GLENN
                                    United States Bankruptcy Judge