UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>. | ) ) ) | Case No. 12-12020 (MG) |
| Debtors. | ) ) ) | Jointly Administered |

**STIPULATION AND ORDER IN RESPECT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER TO PERMIT THE DEBTORS TO CONTINUE USING CASH COLLATERAL [DOCKET NO. 3374]**

WHEREAS, on June 25, 2012, the Court entered the *Final Order Under Sections 105, 361, 362, 363, and 364 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, 6004, and 9014 (I) Authorizing the Debtors to Obtain Postpetition Financing on a Secured Superpriority Basis, (II) Authorizing the Debtors to Use Cash Collateral, and (III) Granting Adequate Protection to Adequate Protection Parties* [ECF No. 491] (the "***AFI DIP and Cash Collateral Order***");[1]

WHEREAS, the AFI DIP and Cash Collateral Order approved, among other things, the use of Cash Collateral of the Adequate Protection Parties and a debtor-in-possession financing facility of up to $220 million from AFI to the Debtors (the "***AFI DIP***"), annexed as **Exhibit C** to the AFI DIP and Cash Collateral Order;

WHEREAS, paragraph 18(a)(ix) of the AFI DIP and Cash Collateral Order originally contained a covenant that required the effective date of the Debtors' chapter 11 plan to have occurred by December 15, 2012 (the "***Chapter 11 Plan Covenant***");

WHEREAS, paragraph 20(g) of the AFI DIP and Cash Collateral Order provides that,

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the AFI DIP and Cash Collateral Order.

1

subject to a five business day grace period, failure by the Debtors to comply with the covenants contained therein results in a Termination Event;

WHEREAS, on October 23-25, 2012, the Debtors held two auctions for the sale of their assets. Following the auctions, the Debtors declared Ocwen Loan Servicing, LLC ("**Ocwen**") and Walter Investment Management Corp. ("**Walter**") as the winning bidders for the Debtors' mortgage loan origination and servicing platform at a price of $3 billion (the "**Platform Sale**"), and Berkshire Hathaway Inc. as the winning bidder for the legacy loan portfolio at a price of $1.5 billion (the "**Legacy Sale**," and together with the Platform Sale, the "**Sales**");

WHEREAS, on November 21, 2012, the Court entered orders approving each of the Sales [ECF Nos. 2246 and 2247];

WHEREAS, on December 20, 2012, the Bankruptcy Court entered the *Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 2495], which revised the AFI DIP and Cash Collateral Order to remove the Chapter 11 Plan Covenant and established a Termination Date for the use of Cash Collateral as of the closing of the Platform Sale [ECF No. 2246];

WHEREAS, on February 5, 2013, the Legacy Sale closed, and the AFI DIP Facility was repaid in full from the proceeds of the Legacy Sale;

WHEREAS, the portion of the Platform Sale that was purchased by Walter closed on January 31, 2013, and the portion of the Platform Sale that was purchased by Ocwen closed on February 15, 2013;

WHEREAS, on February 15, 2013, the Bankruptcy Court entered the *Second Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 2927], which, among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor,

2

(ii) March 18, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties;

WHEREAS, on March 18, 2013, the Bankruptcy Court entered the *Third Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3230], which, among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) April 18, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties;

WHEREAS, on April 8, 2013, the Debtors filed the *Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collateral* [Docket No. 3374] (the "**Cash Collateral Motion**"), which has not yet been heard by the Court;

WHEREAS, on April 17, 2013, the Bankruptcy Court entered the *Fourth Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3458], which among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) April 30, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties;

WHEREAS, on April 26, 2013, the Bankruptcy Court entered the *Fifth Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3534], which among other

3

things, (i) extended the Termination Date to (a) the effective date of a Plan for any Debtor, (b) May 14, 2013, or (c) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties, and (ii) set forth an agreed schedule with respect to the discovery and deadlines related to the Cash Collateral Motion (the "**_Schedule_**");

WHEREAS, between May 6, 2013 and May 13, 2013, the Junior Secured Noteholders, AFI, and the Creditors' Committee filed responses to the Debtors' Cash Collateral Motion;

WHEREAS, on May 14, 2013, the Court entered the *Sixth Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3720], which among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) June 12, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties;

WHEREAS, on June 14, 2013, the Court entered the *Seventh Stipulation and Order Amending the AFI DIP and Cash Collateral Order* [ECF No. 3981], which among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) June 27, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties;

WHEREAS, on June 28, 2013, the Court entered the *Eighth Stipulation and Order*

4

*Amending the AFI DIP and Cash Collateral Order* [ECF No. 4115], which among other things, extended the Termination Date to (i) the effective date of a Plan for any Debtor, (ii) July 11, 2013, or (iii) the date upon which written notice is given by the AFI Lender or the Junior Secured Parties, as applicable, to the Borrowers after the occurrence and during the continuance of any of the Termination Events beyond any applicable grace period, unless waived by the Adequate Protection Parties (collectively with the other stipulations referenced herein, the "***Cash Collateral Stipulations***");

NOW THEREFORE, it is hereby stipulated and agreed as between the parties to this *Stipulation and Order in Respect of Debtors' Motion for Entry of an Order to Permit the Debtors to Continue to use Cash Collateral* (the "***Stipulation***"), through their undersigned counsel, that:

1. Paragraphs 18(a)(vi)-(ix) of the AFI DIP and Cash Collateral Order are hereby stricken in their entirety solely on a prospective basis.

2. The Debtors' rights to use Cash Collateral that is an asset or proceeds of an asset under the columns "Ally Revolver," "Blanket" and "Ally LOC" set forth on Exhibit A to the AFI DIP and Cash Collateral Order (the "***Stipulated Cash Collateral***") pursuant to the AFI DIP and Cash Collateral Order and Cash Collateral Stipulations are terminated effective as of July 11, 2013 (the "***Termination Date***").[2] The Junior Secured Noteholders shall no longer be entitled to the Adequate Protection Payments or the Additional Adequate Protection set forth in paragraphs 18(a)(ii)-(v) of the AFI DIP and Cash Collateral Order; <u>provided, however</u>, that, notwithstanding the foregoing, (i) the Debtors shall make Adequate Protection Payments for (a) all fees and

---

[2] For the avoidance of doubt, notwithstanding the terms hereof, the Debtors have not stipulated that the Junior Secured Parties' have any lien on the assets that secure the Ally LOC, other than as provided for in paragraph 16 of the AFI DIP and Cash Collateral Order. Nonetheless, the Debtors are agreeing to voluntarily cease the use of such cash pursuant to this Stipulation, subject to the right to seek on appropriate motion and notice the use thereof at any time in the future and for any reason (including that the Ally LOC cash does not constitute the Cash Collateral of the Junior Secured Parties).

5

expenses incurred through May 31, 2013 without regard to when an invoice or statement is or has been submitted, subject to the objection period set forth in the AFI DIP and Cash Collateral Order and the terms specified therein, and (b) all fees and expenses for which an invoice is due and payable pursuant to the AFI DIP and Cash Collateral Order on or before the Termination Date, the Debtors shall be authorized to use Cash Collateral for the limited purpose of making such payments; and (ii) for the period beginning on July 11, 2013 and ending on December 15, 2013, the Debtors shall have the right to use Stipulated Cash Collateral to fund servicer advance obligations solely to the extent such funding creates a receivable that is the collateral of the Junior Secured Parties and AFI in the same amount of such funding and any cash collected on account of such receivable shall be the Cash Collateral of the Adequate Protection Parties; provided that (i) the maximum amount of Stipulated Cash Collateral that may be used to fund gross servicer advance obligations shall not exceed $54 million for each calendar month, less amounts which, pursuant to the Debtors' projections, would have been used to fund servicer advance obligations after the closing of any sales of the corresponding mortgage servicer rights, and (ii) the aggregate month-end outstanding servicer advance receivable balance that is the collateral of the Adequate Protection Parties shall not be greater than (a) as of July 31, 2013, the June 30, 2013 advance balance as set forth in the monthly collateral report due on or about July 22, 2013 plus $5 million (the "Advance Cap") (provided that the Debtors' determination of the Advance Cap shall be subject to challenge by the Junior Secured Parties), and (b) the Advance Cap less $2 million per month, as of the end of each calendar month after July 31, 2013, in each case, reduced by the cumulative proceeds of any post-June 30, 2013 sales of outstanding servicer advance receivables; provided further, however, that notwithstanding the Adequate Protection Parties' agreement to permit the Debtors to use Cash Collateral on the limited terms described in

6

this paragraph, the Junior Secured Parties and AFI reserve all rights with respect to and to the extent that any prior use of Cash Collateral by the Debtors was unauthorized. All rights of the Adequate Protection Parties to object to the application of Cash Collateral to the Expenses shall not be prejudiced by entry of this Order, including any rights and remedies provided under the AFI DIP and Cash Collateral Order.

3. The Debtors shall be permitted to use unencumbered cash to fund any advances in excess of the Advance Cap (as adjusted in paragraph 2 above), and any receivable resulting from such funding and any cash collected on account of such receivable shall be unencumbered. For the avoidance of doubt, the Debtors' payment of any advances in excess of the Advance Cap (as adjusted in paragraph 2 above), shall not constitute a Termination Event if such advance is funded with unencumbered cash. The Debtors shall maintain appropriate records to determine which receivables, if any, are unencumbered.

4. Except as set forth in paragraph 1, nothing herein shall be deemed to modify the rights of the parties, all such rights being expressly reserved, under the AFI DIP and Cash Collateral Order, which shall continue in full force and effect in accordance with its terms. Without limiting the foregoing, nothing herein shall impair any adequate protection granted to the Junior Secured Parties and AFI pursuant to the AFI DIP and Cash Collateral Order, which adequate protection shall continue (other than, in each case with respect to the Junior Secured Parties, payment of the Adequate Protection Payments, which shall only be made pursuant to paragraph 2 of this Stipulation, and the Additional Adequate Protection set forth in paragraphs 18(a)(ii)-(v), which such Additional Adequate Protection shall terminate) for, among other things, the use of the Prepetition Collateral, including for the use of Cash Collateral, if any, that is not Stipulated Cash Collateral, to the extent the Court determines that such collateral

7

constitutes collateral of the Junior Secured Parties and that there has been a diminution in value with respect thereto.

5. Upon entry of this Stipulation, the Cash Collateral Motion shall be deemed withdrawn without prejudice to the Debtors' rights to seek use of Cash Collateral for any purpose. The Debtors expressly reserve the right to seek on appropriate notice authorization to replenish from Cash Collateral any unencumbered funds used for the purposes referenced in paragraph 30 of the Cash Collateral Motion (the "*Expenses*") for the period following May 14, 2013, as though such expenses had been paid in the first instance from Cash Collateral, and the Debtors' right to seek such authorization and the Adequate Protection Parties' rights to contest such authorization shall not in any way be prejudiced by the termination of the Debtors' use of Cash Collateral or entry of this Stipulation. All rights of the Adequate Protection Parties to object to the application of Cash Collateral to the Expenses shall not be prejudiced by entry of this Order, including any rights and remedies provided under the AFI DIP and Cash Collateral Order.

6. The entry of this Stipulation shall not prejudice any parties' right to seek on appropriate notice the prospective modification of the adequate protection to be provided to the Adequate Protection Parties or any provision of the AFI DIP and Cash Collateral Order, or any parties' rights to contest such relief.

*7.* Nothing in this Stipulation shall modify, or otherwise impact, the *Order Granting Debtors' Amended Motion for Entry of an Order Under 11 U.S.C. §§ 105 and 363 Authorizing the Debtors to Satisfy Certain Secured Claim*s [Docket No. 3967].

8. This Stipulation shall constitute the Carve Out Notice under the AFI DIP and Cash Collateral Order, and all parties' rights with respect to the Carve Out are reserved.

8

9. The entry of this Stipulation shall not prejudice the Adequate Protection Parties' rights to seek additional adequate protection, relief from the automatic stay or other relief, or the Debtors or any other parties' rights to contest such request.

10. This Stipulation shall be binding on the parties upon execution and approval by this Court.

11. This Stipulation shall not be modified, altered, amended, or vacated without the approval of this Court.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation.

[*Remainder of page intentionally left blank*]

Dated: July 10, 2013

*/s/ Todd M. Goren*_____
Gary S. Lee
Todd M. Goren

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

Dated: July 10, 2013

*/s/ J. Christopher Shore*_____
J. Christopher Shore
Harrison Denman

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

*Counsel to the Ad Hoc Group of Holders
of Junior Secured Notes*

Dated: July 10, 2013

*/s/ Ray C. Schrock*_____
Richard M. Cieri
Ray C. Schrock
Stephen E. Hessler

KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: 212-446-4800
Facsimile: 212-446-4900

*Counsel to Ally Financial Inc. and
Ally Bank*

Dated: July 10, 2013

*/s/ Gerard Uzzi*_____
Gerard Uzzi

MILBANK , TWEED, HADLEY &
MCCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219

*Counsel to the Ad Hoc Group of Holders
of Junior Secured Notes*

**IT IS SO ORDERED**

Dated: July 10, 2013
      New York, New York

     **__/s/Martin Glenn_____**
     MARTIN GLENN
   United States Bankruptcy Judge

**STIPULATION AND ORDER IN RESPECT OF THE DEBTORS' MOTION FOR ENTRY OF AN ORDER
TO PERMIT THE DEBTORS TO CONTINUE USING CASH COLLATERAL [DOCKET NO. 3374]**