**Hearing Date and Time:  August 28, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: August 9, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

<table>
<tr>
<td>

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

</td>
<td>

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Michael A. Cohen
Maryann Gallagher

*Conflicts Counsel for the Debtors and*
*Debtors in Possession*

</td>
</tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

-------------------------------------------------------

**NOTICE OF DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO**
**CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Twenty-second Omnibus Objection to Claims (Borrower Claims with Insufficient*

*Documentation)* (the "Omnibus Objection"), which seeks to alter your rights by

disallowing and expunging your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **August 28, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **August 9, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) co-counsel to the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178 (Attention: Steven J. Reisman, Michael A. Cohen, Maryann Gallagher); (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (d) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (e) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (f) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (g) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (h) counsel for the

committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue

of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas

Mannal); (i) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West

52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(j) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand

Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman);

(k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by

overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-

5016); (l) Securities and Exchange Commission, New York Regional Office, 3 World

Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos,

Regional Director); and (m) special counsel to the Committee, SilvermanAcampora LLP,

100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

[The rest of this page is intentionally left blank]

Dated:  July 10, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman
Steven J. Reisman
Michael A. Cohen
Maryann Gallagher
**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors and
Debtors in Possession*

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **CURTIS, MALLET-PREVOST,** |
| 1290 Avenue of the Americas | **COLT & MOSLE LLP** |
| New York, New York 10104 | 101 Park Avenue |
| Telephone:  (212) 468-8000 | New York, New York  10178-0061 |
| Facsimile:  (212) 468-7900 | Telephone:  (212) 696-6000 |
| Gary S. Lee | Facsimile:  (212) 697-1559 |
| Norman S. Rosenbaum | Steven J. Reisman |
| Jordan A. Wishnew | Michael A. Cohen |
| | Maryann Gallagher |

| | |
|---|---|
| *Counsel for the Debtors and* | *Conflicts Counsel for the Debtors and* |
| *Debtors in Possession* | *Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

## DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS <br> (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

<div style="border:1px solid black; padding:10px;">

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON
<u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

</div>

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

1.      The Debtors file this twenty-second omnibus claims objection (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 5, disallowing and expunging the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of the Objection, the Debtors submit the declaration of Deanna Horst, Senior Director of Claims Management for Residential Capital, LLC (the "Horst Declaration", attached hereto as Exhibit 1), the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Debtors (the "Rosenbaum Declaration", attached hereto as Exhibit 2), and the declaration of Robert D. Nosek of SilvermanAcampora LLP as Special Counsel ("Special Counsel") to the Creditors' Committee for Borrower Issues (the "Nosek Declaration", attached hereto as Exhibit 3).

2.      The Debtors, in consultation with Special Counsel, have determined that the proofs of claim identified on Exhibit A to the Proposed Order (collectively, the "Insufficient

---

[1]     Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

Documentation Claims") lack sufficient supporting documentation as to their validity and amount and have no basis in the Debtors' books and records.  Such determination was made after the respective holders of the Insufficient Documentation Claims were given an opportunity under the Procedures Order to supply supporting documentation.  Accordingly, the Debtors request that the Insufficient Documentation Claims be disallowed and expunged in their entirety.

3.      The Insufficient Documentation Claims only include claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim"). As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

4.      The Debtors expressly reserve all rights to object on any other basis to any Insufficient Documentation Claim to the extent such Insufficient Documentation Claim is not disallowed or expunged pursuant to the Proposed Order.

### JURISDICTION

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### BACKGROUND

6.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.   These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[2]      The terms "Borrower" and "Borrower Claims" have the same meanings ascribed to them in the Procedures Order [Docket No. 3294].

ny-1098242

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

8.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674]. The examiner's report was filed under seal on May 13, 2013 [Docket No. 3698].  The report was subsequently unsealed on June 26, 2013 [Docket No. 4099].

9.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

10.      To date, over 6,860 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.

11.      On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various grounds, including that "the Claims do not include sufficient documentation to ascertain the validity of the Claims[.]"  See Procedures Order at 2.

12.       Based on substantial input from counsel to the Creditors' Committee and Special Counsel, the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims (the "Borrower Claim Procedures").

3

13.     The Borrower Claim Procedures generally provide, *inter alia*, that prior to objecting to Borrower Claims, the Debtors must (i) consult with Special Counsel and provide Special Counsel with a list of the claims at issue, and (ii) review their books and records to determine if any amounts are owed to such Borrowers.  For Borrower Claims filed with no or insufficient documentation, prior to filing an objection, the Debtors, in cooperation with Special Counsel, must also send each Borrower claimant a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). See Procedures Order at 4.

14.     In connection with the claims reconciliation process, the Debtors identified the Insufficient Documentation Claims as claims filed by Borrowers that either (i) fail to identify the amount of the claim and the basis for the claim or (ii) identify the claim amount but do not provide any explanation or attach any supporting documentation to substantiate the claim amount.

15.     In May 2013, after consulting with Special Counsel, the Debtors sent Request Letters, substantially in the form as those attached as Exhibit 4, to the Borrowers who filed the Insufficient Documentation Claims requesting additional documentation in support of such claims.  As required by the Procedures Order, the Request Letters state that the claimant must (i) respond within 30 days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief from the Debtors and (ii) provide copies of any and all documentation that the claimant believes supports the basis for its claim.  See Request Letters at 1.  The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within

ny-1098242

30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. Id.

16.    The Response Deadline has passed, and the Debtors have not received any response to the Request Letters from the holders of the Insufficient Documentation Claims. (See Horst Declaration ¶ 4; Nosek Declaration ¶¶ 5, 8).

## THE INSUFFICIENT DOCUMENTATION CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

17.    After consulting with Special Counsel and complying with the Borrower Claim Procedures, the Debtors have determined that the Insufficient Documentation Claims listed on Exhibit A to the Proposed Order are claims that should be disallowed and expunged because they lack sufficient documentation and are unsupported by the Debtors' books and records. (See Horst Declaration ¶¶ 4, 5).

18.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").

19.    Bankruptcy Rule 3001(c)(1) instructs that:

[w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be

> filed with the proof of claim. If the writing has been lost or
> destroyed, a statement of the circumstances of the loss or
> destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

20.    If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.  See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (J. Glenn).

21.    Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed.  See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

22.    In this case, the claimants who filed the Insufficient Documentation Claims failed to attach any or adequate supporting documentation to demonstrate the validity of these claims, see Horst Declaration ¶ 4, and the claimants fail to provide any explanation as to why such documentation is unavailable.  Id.  The Debtors diligently evaluated the information provided by the claimants in their proofs of claim and proceeded to contact each of the claimants to request additional information so that the Debtors could reconcile the filed claims with their books and records.  Id.  The claimants failed to respond to the Debtors' requests, id., and the

Debtors' books and records do not reflect any present liability due and owing to the claimants identified in <u>Exhibit A</u> to the Proposed Order.

23.    Therefore, to avoid the possibility that the claimants at issue receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety each of the Insufficient Documentation Claims.

## NOTICE

24.    The Debtors have served notice of the Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

25.    No previous request for the relief sought herein as against the holders of the Insufficient Documentation Claims has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  July 10, 2013
       New York, New York

       /s/ Norman S. Rosenbaum

Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

-and-

/s/ Steven J. Reisman

Steven J. Reisman
Michael A. Cohen
Maryann Gallagher
**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559

*Conflicts Counsel for the Debtors and
Debtors in Possession*

ny-1098242

# **Exhibit 1**

**Horst Declaration**

ny-1098242

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------------

### DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of ResCap for eleven years, the last ten months in my current position.  I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

this role.  In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.  I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Twenty-second Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units,

---

[2]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

(ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.       Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.   In this case, the claimants who filed the Insufficient Documentation Claims, listed on <u>Exhibit A</u> to the Proposed Order, failed to attach any or adequate supporting documentation to demonstrate the validity of these claims, and the claimants did not include an explanation as to why such documentation is unavailable.   The Debtors diligently evaluated any information provided by the claimants in their proofs of claim and, in accordance with the Borrower Claim Procedures, the Debtors proceeded to contact each of the claimants and request that they provide additional information so that the Debtors could reconcile the filed claims with their books and records.   In May 2013, the Debtors sent Request Letters, substantially in the form as those attached at <u>Exhibit 4</u> to the Objection, to the claimants requesting additional documentation in support of the Insufficient Documentation Claims.   The claimants failed to respond to the Debtors' requests.   The Debtors cannot find any evidence in their books and records that reflects any present liability due and owing to such claimants.

5.       Before filing this Objection, the Debtors fully complied with the Borrower Claim Procedures set forth in the Procedures Order, including consulting with Special Counsel as to the scope of the Objection.

6.       Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Insufficient Documentation Claim that is the subject of the Objection should be afforded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
is true and correct.

Dated:  July 8, 2013

                                                   /s/ Deanna Horst
                                                  Deanna Horst
                                                  Senior Director of Claims Management for
                                                  Residential Capital, LLC

## Exhibit 2

**Rosenbaum Declaration**

ny-1098242

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- )
                                                                     )
In re:                                                               )       Case No. 12-12020 (MG)
                                                                     )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                             )       Chapter 11
                                                                     )
                                           Debtors.                  )       Jointly Administered
                                                                     )
-------------------------------------------------------------------- )

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF
DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS
<u>(BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)</u>**

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").[1]  M&F

maintains offices for the practice of law, among other locations in the United States and

worldwide, at 1290 Avenue of the Americas, New York, New York 10104.  I am an attorney

duly admitted to practice before this Court and the courts of the State of New York.  By this

Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital,

LLC and its affiliated debtors (the "<u>Debtors</u>").

---

[1]    Unless otherwise indicated herein, capitalized terms used herein shall have the meanings
ascribed to them in the Objection.

2.      I submit this declaration (the "Declaration") in support of the Debtors' Twenty-second Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order entered in March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) claim objection procedures; (ii) borrower claim procedures; (iii) settlement procedures; and (iv) schedule amendment procedures [Docket No. 3294] (the "Claims Objection Procedures Order").

3.      It is my understanding that in connection with the filing of the Objection, the Debtors have complied with the Claim Objection Procedures. I have been advised by M&F attorneys under my supervision that in accordance with the Claims Objection Procedures Order, prior to filing the Objection, the Debtors' personnel: (i) provided SilvermanAcampora LLP as Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel") with a preliminary Borrower Claim List (as defined in the Claims Objection Procedures Order) which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List"); and (ii) conferred with Special Counsel to ensure the accuracy of that list, and agreed with Special Counsel on a final Objection Claim List. In arriving at the final Objection Claim List, I am further advised that the Debtors first reviewed that list and the corresponding proofs of claim to determine if such claims were actually filed with no supporting documentation, or documentation insufficient to determine the amount, priority, and/or validity of such claims, and thereafter, the Debtors conferred with Special Counsel and agreed that each claimant on the Objection Claim List should receive a request letter in accordance with the Claim Objection Procedures Order (each, a "Request Letter").

4.      I am further advised that the Debtors also conferred with Special Counsel in

drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to those Borrowers that the Debtors and Special Counsel agreed should receive a Request Letter, with the Debtors providing copies of such letters to Special Counsel.

5.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors and Special Counsel have fully complied with all other relevant terms of the Claims Objection Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in New York, New York on July 8, 2013

/s/ Norman S. Rosenbaum

**<u>Exhibit 3</u>**

**Nosek Declaration**

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Robert D. Nosek

*Special Counsel for Borrower Issues to the*
*Official Committee of Unsecured Creditors*
*of Residential Capital, LLC, et al.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al. | |
| | (Jointly Administered) |
| Debtors. | |

------------------------------------------------------------------x

## DECLARATION OF ROBERT D. NOSEK IN SUPPORT OF THE DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

Robert D. Nosek, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am counsel to the firm SilvermanAcampora LLP ("SilvermanAcampora"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753.   I am duly admitted to practice law before this Court and the courts of the State of New York.   By this Court's Order entered November 30, 2012, SilvermanAcampora was retained as special counsel to the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "Debtors") for borrower issues.

2.      I submit this declaration (the "Declaration") in support of the Debtors' Twenty-second Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy

Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claims Objections Procedures Order").

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth and, if called as a witness, I could and would testify competently thereto.

4.      Pursuant to the Claims Objections Procedures Order, prior to filing the Objection, the Debtors provided SilvermanAcampora with a preliminary Borrower Claim List[1] which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List").

5.      I or my designee at my direction reviewed the Objection Claim List, conferred with the Debtors to ensure the accuracy of that list, with SilvermanAcampora agreeing with the Debtors on a final Objection Claim List.

6.      In arriving at the final Objection Claim List with the Debtors, I or my designee at my direction first reviewed that list and the corresponding proofs of claim to determine if such claims were actually filed with no supporting documentation, or documentation insufficient to determine the amount, priority, and/or validity of such claims.  Thereafter, I or my designee at my direction conferred with the Debtors and agreed that each claimant on the Objection Claim List should receive a Request Letter.

7.      I or my designee at my direction also conferred with the Debtors in drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to those

---

[1]  Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objections Procedures Order.

borrowers that the Debtors and SilvermanAcampora agreed should receive a Request Letter, with the Debtors providing copies of such letters to SilvermanAcampora.

8.      For the borrowers whose claims are subject to the Objection, both the Debtors and SilvermanAcampora have reviewed the basis of each borrower claim and the additional documents provided by such borrower in response to the Request Letters, if any, and SilvermanAcampora does not object to the Debtors' determination and reasoning for filing the Objection.

9.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors and SilvermanAcampora have fully complied with all other relevant terms of the Claims Objections Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.
Executed in Jericho, New York on July 8, 2013

 /s/ Robert D. Nosek
Robert D. Nosek

**<u>Exhibit 4</u>**

**Request Letters**

                    MORRISON | FOERSTER

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  We are unable to determine from the Proof of Claim form and the document(s), if any, you submitted why you believe you are owed money or other relief from one of the Debtors.  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you must respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe that one of the Debtors owed you money as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim.  Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the requested explanation and supporting documentation by no later than June 17, 2013, the Debtors may file a formal objection to your Proof of Claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Note**: The Debtors previously provided notices about their bankruptcy filings and the claim process to current customers and mortgage loan applicants.  You may have received one or more of those notices.

Nothing in those notices and nothing in this letter changes your obligations under your mortgage loan agreement (i.e. if you were obligated to make, or were making, mortgage loan payments before the ResCap bankruptcy case commenced, you should continue to make mortgage loan payments). However, if the only reason you filed a Proof of Claim was because you received a notice from the Debtors <u>and</u> you do not believe that ResCap, GMAC Mortgage or any of the other Debtors owes you money or other relief, please reply to us via email or letter stating so.  This information is necessary to evaluate your claim.

**<u>Questions:</u>**

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**<u>You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;</u>**

      (i)       **<u>Claims.Management@gmacrescap.com</u>, or**
      (ii)     **Residential Capital, LLC**
                **P.O. Box 385220**
                **Bloomington, Minnesota 55438**

**<u>Please mark each piece of correspondence with the Claim Number referenced above.</u>**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1]  Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

MORRISON | FOERSTER

**ResCap**

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:

We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  In the process of reviewing the Proof of Claim form and the document(s), if any, you submitted, we noticed that you left the "Basis for Claim" field on the Proof of Claim form blank, or indicated that the basis for your claim is "unknown".  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:

In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:

If you do not provide the basis for your claim and the supporting documentation by June 17, 2013, the Debtors may file a formal objection to your Proof of Claim on, among others, the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the

information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

       (i)    **Claims.Management@gmacrescap.com, or**
      (ii)   **Residential Capital, LLC**
          **P.O. Box 385220**
          **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**<u>Exhibit 5</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------  )
                                                                         )
In re:                                                                   )    Case No. 12-12020 (MG)
                                                                         )
RESIDENTIAL CAPITAL, LLC, et al.,                                        )    Chapter 11
                                                                         )
                                              Debtors.                   )    Jointly Administered
-----------------------------------------------------------------------  )

### ORDER GRANTING DEBTORS' TWENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

Upon the twenty-second omnibus claims objection, dated July 10, 2013 (the "Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Insufficient Documentation Claims on the grounds that each Insufficient Documentation Claim lacks sufficient supporting documentation as to its validity and amount and has no basis in the Debtors' books and records, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

no other or further notice need be provided; and upon consideration of the Objection and the Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum, and the Declaration of Robert D. Nosek, annexed to the Objection as Exhibits 1-3, respectively, the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that each Insufficient Documentation Claim listed on Exhibit A annexed hereto is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the Insufficient Documentation Claims identified on the schedule annexed as Exhibit A hereto pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order,

and the Debtors' and any party in interest's rights to object on any basis are expressly reserved

with respect to any such claim that is not listed on <u>Exhibit A</u> annexed hereto, and any claim that

is listed on <u>Exhibit A</u> to the extent this Court grants any claimant leave to amend its Insufficient

Documentation Claim under section 502(d) of the Bankruptcy Code; and it is further

ORDERED that this Order shall be a final order with respect to each of the

Insufficient Documentation Claims identified on <u>Exhibit A</u>, annexed hereto, as if each such

Insufficient Documentation Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:_____, 2013
       New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A to Proposed Order

**Insufficient Documentation Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SECOND OMNIBUS OBJECTION (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Barbara B. Smith<br>482 Belview Drive<br>Killen, AL 35645 | 1085 | 10/09/2012 | $0.00<br>$0.00<br>$3,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | CAMPBELL, JAMES<br>815 CAMPBELL LN<br>ATHENS, GA 30606 | 888 | 10/01/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 |
| 3 | CARLOS PEREZ<br>7 RAYO DRIVE<br>SHELTON, CT 06484 | 617 | 09/21/2012 | $0.00<br>$0.00<br>$306,212.22<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 4 | CHARLES AND SHIRLEY MILLER<br>35 VERSAILLES CT<br>AND PROFESSIONAL HOME IMPROVEMENT INC<br>WHEELING, IL 60090 | 938 | 10/04/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | George Davis<br>52 Poor Farm Road<br>Pennington, NJ 08534 | 3443 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$357,546.89 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SECOND OMNIBUS OBJECTION (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | John Lawrence<br>3419 Shumard Ct<br>Spring, TX 77388 | 1241 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$6,986.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 7 | Jose R. Gonzalez<br>8709 SW 56th Avenue Road<br>Ocala, FL 34476 | 3847 | 11/09/2012 | $0.00<br>$0.00<br>$189,000.00<br>$0.00<br>$60,636.28 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 8 | KENNEDY, JULIE L & KENNEDY, JOHN S<br>3859 W CHENANGO AVE<br>LITTLETON, CO 80123-1642 | 778 | 09/27/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 9 | MARC AND STEPHANIE CAMPBELL<br>815 CAMPBELL LN<br>AND JAMES CAMPBELL CONTRACTOR<br>ATHENS, GA 30606 | 908 | 10/01/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Residential Holding Company, LLC | 12-12033 |
| 10 | PATRICIA RICHARDSON AND HARRY LUCIEN<br>11100 WOODVINE LN<br>NEW ORLEANS, LA 70128 | 720 | 09/24/2012 | $0.00<br>$0.00<br>BLANK<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SECOND OMNIBUS OBJECTION (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | Victoria R. Shemaria<br>1671 Old Oak Road<br>Los Angeles, CA 90049 | 3890 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 12 | Vince Sabatini<br>54110 Verona Park Dr<br>Macomb, MI 48042 - 5779 | 1398 | 10/18/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 13 | Vincent J. Conigliaro, Elizabeth B. Conigliaro<br>Vincent J. Conigliaro<br>14 Bradford Drive<br>Tabernacle, NJ 08088 | 1201 | 10/12/2012 | $0.00<br>$0.00<br>BLANK<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 14 | VINCENT R KRAMER JR ATT AT LAW<br>17 WATCHUNG AVE<br>CHATHAM, NJ 07928 | 781 | 09/27/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 15 | WARAKOMSKI, HELEN D<br>3467 3469 CONESTOGA RD<br>GLENMOORE, PA 19343 | 615 | 09/21/2012 | $0.00<br>$0.00<br>$110,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SECOND OMNIBUS OBJECTION (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | Warren Richardson<br>10 Maxwell Avenue<br>Montgomery, AL 36108-2022 | 4698 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 17 | Wayne Joseph LeBoeuf & Tammy Broussard LeBouef<br>P.O. Box 315<br>Montegut, LA 70377 | 3789 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 18 | Wei Hsiang Lin<br>c/o Tzu K Lin<br>1921 Wickshire Ave<br>La Puente, CA 91745-0000 | 1465 | 10/22/2012 | $0.00<br>$0.00<br>$250,277.00<br>$2,600.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 19 | Wilbur D. Triplett<br>John Peter Lee, Ltd.<br>830 Las Vegas Boulevard South<br>Las Vegas, NV 89101 | 2894 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$513,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 20 | WILKINS, ROY<br>PO BOX 240874<br>MONTGOMERY, AL 36124-0874 | 1078 | 10/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SECOND OMNIBUS OBJECTION (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 21 | William and Bonnie Aliberti<br>535 Lowell St<br>Lawrence, MA 01841 | 4555 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$525,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 22 | William C. Walker & Keiran J. Walker<br>PO Box 2324<br>Antioch, CA 94531 | 5529 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$402,433.20 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 23 | WILLIAM KERRY<br>DIANN KERRY<br>865 N GULLEY<br>DEARBORN HEIGHTS, MI 48127 | 2108 | 11/02/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 24 | WILLIAM L CHIGNOLA ATT AT LAW<br>40 GLEASON ST<br>FRAMINGHAM, MA 01701 | 759 | 09/26/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 25 | William R Powell & Marsha A. Powell<br>4270 Defender Dr, Unit 301<br>Cincinnati, OH 45252 | 3825 | 11/09/2012 | $0.00<br>$0.00<br>$43,305.01<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SECOND OMNIBUS OBJECTION (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 26 | William R. Jolluck<br>104 Gold Leaf Dr<br>Hampton, GA 30228 | 2470 | 11/06/2012 | $0.00<br>$0.00<br>$74,600.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 27 | William Sanford Martin - by Cheryl Christian, Daughter<br>462 Ebenezer Rd<br>Amherst, VA 24521 | 2269 | 11/05/2012 | $0.00<br>$0.00<br>$79,334.68<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 28 | William Troy Duff<br>42229 Weeping Willow Ln<br>Murrieta, CA 92562 | 1426 | 10/19/2012 | $0.00<br>$0.00<br>$549,974.97<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 29 | WILLIAMS, LYDIA<br>4410 MICHAEL JOHN LN<br>UNIVERSAL RESTORATION SVCS OF IN<br>RICHTON PARK, IL 60471 | 1877 | 10/29/2012 | $0.00<br>$0.00<br>$171,972.06<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 30 | Winnie Coleman<br>74 Beaverdam Rd<br>Indianola, MS 38751 | 1940 | 10/29/2012 | $0.00<br>$0.00<br>$31,495.30<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SECOND OMNIBUS OBJECTION (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 31 | WOJCIK, PHILIP<br>47 EMERSON ST<br>PEABODY, MA 01960 | 599 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 32 | Yolande Jones<br>11257 Engleside<br>Detroit, MI 48205-3209 | 2116 | 11/02/2012 | $0.00<br>$0.00<br>$0.00<br>$53,000.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 33 | Zina D. Vanderhall<br>c/o 106 Richberry Dr.<br>Dothan, AL 36303 | 3654 | 11/08/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$1,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |