UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

### ORDER DIRECTING THE CLAIMS AND NOTICING AGENT
### TO REDACT PERSONAL INFORMATION FROM PROOFS OF CLAIM

WHEREAS Residential Capital, LLC ("ResCap") and certain of its affiliates, as debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"), having filed *Debtors' Application for (I) Establishing Deadline for Filing Proofs of Claim and (II) Approving the Form and Manner of Notice Thereof* (the "Bar Date Application") [Docket No. 1014] requesting entry of an order establishing a deadline for the filing of proofs of claim; and upon consideration of the Bar Date Application this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (the "Bar Date Order") [Docket No. 1309]; and this Court having entered the *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093]; and it appearing that numerous proofs of claim asserted against the Debtors are not in compliance with Rule 9037 of the Federal Rules of Bankruptcy Procedure; and it appearing that this Court has jurisdiction to order the relief provided herein pursuant to 28 U.S.C §§ 157 and 1334, and 11 U.S.C. § 107(c); and it appearing that venue of these Chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief provided herein is in the best interests of the claimants, the Debtors' estates, their creditors and other parties in interest; and that entry of this

ny-1089745

Order without a hearing is appropriate in light of the relief provided herein; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Debtors' Claims and Noticing Agent[1] shall, subject to the terms and conditions of the Retention Order and the KCC Services Agreement, redact information from proofs of claim in accordance with Rule 9037 of the Federal Rules of Bankruptcy Procedure as provided herein prior to providing copies of such proofs of claim to any party-in-interest other than the claimants and their counsel, the Debtors and the Creditors' Committee[2] and their respective professionals, and the United States Trustee.

2. All redactions required to be made by the Claims and Noticing Agent hereunder shall be made solely under the direction and control of the Debtors. The Claims and Noticing Agent and the Debtors shall develop reasonable procedures to comply with the terms of this Order. The Claims and Noticing Agent may rely on the direction of the Debtors and shall not be required to provide any proofs of claim to any party-in-interest other than those specified in paragraph 1 of this Order until it receives direction from the Debtors or their professionals on specific data to be redacted in compliance with the terms of this Order, which Debtors and their professionals shall promptly provide.

3. The Debtors' Claims and Noticing Agent shall use commercially reasonable efforts to review all proofs of claim filed in the Debtors' cases in order to determine if such

---

[1] On May 16, 2012, the Court approved the retention and appointment of Kurtzman Carson Consultants LLC (the "Claims and Noticing Agent") pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96].

[2] On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member committee of unsecured creditors (the "Creditors' Committee").

proofs of claim contain an individual's social security number, taxpayer-identification number or birth date, the name of an individual, known to the Debtors or the Claims and Noticing Agent to be, and identified as, a minor, or a financial-account number (collectively, "<u>Personal Information</u>").  If the Claims and Noticing Agent determines that a requested proof of claim contains Personal Information, the Claims and Noticing Agent shall restrict access to the original proof of claim maintained in the official registry of claims to any party-in-interest except as specified in paragraph 1 of this Order, and shall redact the Personal Information from a copy of the proof of claim also to be maintained in the official registry of claims, so as to reflect, as applicable, only:

>   (a) the last four digits of any social-security number or taxpayer-identification number;
>
>   (b) the year of any individual's birth;
>
>   (c) a minor's initials; and
>
>   (d) the last four digits of any financial-account number.

4.  The Debtors and Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order

5.  Nothing in this Order shall be construed to limit the right of any party-in-interest or other party to seek relief from the Court from any aspect of this Order.

6.  This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: July 11, 2013
      New York, New York

                                          _____/s/Martin Glenn_____
                                              MARTIN GLENN
                                      United States Bankruptcy Judge

ny-1089745