MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:      (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ ) | | |

**DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 554(a)**
**AUTHORIZING ABANDONMENT OF CERTAIN REAL ESTATE OWNED BY**
**<u>DOA PROPERTIES IX (LOTS-OTHER), LLC</u>**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors"), hereby move (the "Motion") for entry of an order substantially in the

form annexed hereto as **Exhibit 1** (the "Proposed Order") under sections 105(a) and

554(a) of title 11 of the United States Code, as amended (the "Bankruptcy Code"),

authorizing the abandonment of certain real estate held by Debtor DOA Properties IX

(LOTS-OTHER), LLC ("DOA Properties IX").  In support of the Motion, the Debtors

rely upon and incorporate by reference the Declaration of William Tyson, a copy of

which is annexed hereto as **Exhibit 2**.  In support of this Motion, the Debtors represent as

follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and

this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and legal predicates for the relief requested herein are

Bankruptcy Code sections 105(a) and 554(a).

## BACKGROUND

**A.      General Case Background**

3.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a

voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code.

The Debtors are managing and operating their businesses as debtors in possession

pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly

administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

4.    On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine-member official committee of unsecured creditors.

5.    On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "Examiner") [Docket No. 674].

6.    On August 29, 2012, the Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").  The Court subsequently entered an *Order Extending Deadline for Filing Proof of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

**B.    The DOA Property**

7.    Debtor DOA Properties IX is a subsidiary of Debtor DOA Holding Properties, LLC ("DOA Holding").  (Tyson Decl. ¶ 4.)  DOA Holding and DOA Properties IX operated under the Debtors' Business Capital Group or "BCG," which provided loans, made private equity investments or participated in joint ventures in connection with residential housing development and construction.  Id.  As of 2009, BCG discontinued active operations and the majority of the entities in BCG currently hold no assets.  Id.

8.    DOA Properties IX previously held lot option properties located in Arizona, Colorado, Florida, Maryland, Minnesota, North Carolina, New York, Pennsylvania and Texas.  (Tyson Decl. ¶ 5.)  DOA Properties IX has since disposed of all

2

those properties but still owns certain real property located in St. Johns County, Florida (the "DOA Property").  Id.  The DOA Property consists of 68.03 acres of raw land located in southern Jacksonville, Florida.  Id.  The parcel is part of the Aberdeen Development of Regional Impact (DRI), a proposed mixed-use, master-planned community on approximately 1,313 acres, and is scheduled to be developed into 300 lots. Id.  Debtor Residential Funding Corporation ("RFC") holds a mortgage on the DOA Property in the outstanding principal amount of $4,641,212.73, secured by a first priority security interest in the DOA Property (the "RFC Mortgage").  Id.

9.    The DOA Property is located within the Durbin Crossing Community Development District (the "District").  (Tyson Decl. ¶ 6.)  The District is an independent local unit of special-purpose government established on November 5, 2003 pursuant to Rule 422MM-1, Florida Administrative Code, of the Florida Land and Water Adjudicatory Commission.

10.    On or about October 28, 2005, the District issued the Durbin Crossing Community Development District, Series 2005 A Special Assessment Bonds in the amount of $54,995,000 (the "Series 2005 A Bonds") for purposes of financing construction and acquisition costs of certain public infrastructure improvements in the District.  See Series 2005 A Bond Offering Circular, attached hereto as **Exhibit 3**.

11.    On or about November 29, 2006, the District issued the Durbin Crossing Community Development District, Series 2006-1 Special Assessment Bonds in the amount of $11,365,000 (the "Series 2006-1 Bonds" and, together with the Series 2005 A Bonds, the "Bonds") for purposes of financing construction and acquisition costs of

3

certain public infrastructure improvements in the District.  See Series 2006-1 Bond

Offering Circular, attached hereto as **Exhibit 4**.

12.     The Bonds and the interest due thereon are payable solely from, and are

secured by the levy of, non-ad valorem or special assessments against lands within the

District, which benefit from the construction, acquisition, establishment, and operation of

the District's improvements.  See Series 2005 A Bond Offering Circular at 15-16; Series

2006-1 Bond Offering Circular at 13-14.  The assessments operate as a lien against the

real property from the date levied and are *in rem* in nature.  Id.  Accordingly, a property

owner is not personally liable to pay the assessments although the failure to pay the

assessments will result in the sale of tax certificates or foreclosure.

13.     Pursuant to certain District resolutions, non-ad valorem special

assessments securing the Bonds were levied against the DOA Property in the amount of

$5,256,408.00 (the "Special Assessments").  See Final Judgment of Foreclosure, attached

hereto as **Exhibit 5**.  The Special Assessments are secured by priority liens against the

DOA Property (collectively, the "District Lien"), and were due no later than October 1,

2010.  See Resolution 2009-10 at 3, attached hereto as **Exhibit 6**.  The District Lien is

senior in priority to the RFC Mortgage.  See Final Judgment of Foreclosure.

14.     The Special Assessments were delinquent as of October 2, 2010, and

accrued interest at a rate of 1% per month, through February 16, 2011.  See Resolution

2009-10 at 3, Final Judgment of Foreclosure.

15.     On February 16, 2011, the District obtained a final judgment of

foreclosure on the DOA Property (the "Final Judgment") in the amount of $6,025,138.49,

consisting of the Special Assessments, interest accrued to date, and costs and fees arising

ny-1084075

as a result of the foreclosure.  See Final Judgment of Foreclosure.  As of that date, interest on the Special Assessments continues to accrue at the rate of 6% per anum.  Id.

16.     The foreclosure sale of the DOA Property (the "Foreclosure Sale") has not yet been completed and the District Lien on the DOA Property remains outstanding. (Tyson Decl. ¶ 9.)

17.     The District timely filed proofs of claim against DOA Properties IX in the Chapter 11 Cases (Claim Nos. 2084, 2085, 2087, and 4461) (collectively, the "Proofs of Claim"), on account of the Final Judgment.

18.     In addition to the non-ad valorem Special Assessments, the DOA Property is also subject to conventional ad valorem property taxes.  The Debtors have not paid property taxes due on the DOA Property since 2007.  (Tyson Decl. ¶ 10.)  As of May 2013, the estimated amount of property taxes accrued and unpaid totaled approximately $1,820,756.47.  See Delinquent Tax Notice, attached hereto as **Exhibit 7**.  Under Florida law, the failure to pay property taxes when due may result in the sale of tax certificates secured by the underlying property.  Id.

19.     Matanzas Investment Group, LLC ("Matanzas") holds a tax certificate in the face amount of $477,477.14 bearing interest at 17.50% secured by a lien (the "Matanzas Lien") on the DOA Property.  See Notice of Ad Valorem Taxes and Non-Ad Valorem Assessments, attached hereto as **Exhibit 8**.  The Debtors understand that the Matanzas Lien is senior in priority to the RFC Mortgage.  (Tyson Decl. ¶ 10.)

20.     In 2008, the Debtors determined that the DOA Property was unmarketable and have reflected a value of $0 for the DOA Property on their books since that time. (Tyson Decl. ¶ 7.)

ny-1084075

21.     According to a brokers' price opinion obtained by the Debtors dated June
17, 2013, which was based on a survey of comparable sales of five nearby tracts in the
last three years, the DOA Property has an estimated value of $2,150,000.  See letter from
CBRE, Inc., dated June 17, 2013, attached hereto as **Exhibit 9**.

## **RELIEF REQUESTED**

22.     By this Motion, the Debtors respectfully request, pursuant to Bankruptcy
Code sections 105(a) and 554(a), that this Court enter an order, substantially in the form
annexed hereto as Exhibit 1, authorizing the abandonment of the DOA Property.  The
Debtors submit that the abandonment of the DOA Property is reasonable and represents
an appropriate exercise of sound business judgment.

## **BASIS FOR RELIEF**

23.     The Debtors currently are in the process of evaluating and reconciling
claims against the Debtors' estates.  As part of this analysis, the Debtors have determined
that the amount of accrued and unpaid property taxes and the District Lien far exceed the
estimated value of the DOA Property, and that the District holds claims secured by the
DOA Property senior in priority to the RFC Mortgage.  (Tyson Decl. ¶¶ 8, 11.)  Indeed,
the District has already obtained a judgment of foreclosure against the DOA Property,
although a foreclosure sale of the DOA Property has not yet been held due to the
imposition of the automatic stay arising as a result of the commencement of the Debtors'
chapter 11 cases.

24.     The DOA Property is burdensome to the estate and is not needed for the
wind down of the Debtors' business operations.  (Tyson Decl. ¶ 12.)  Nor will its
continued retention or ultimate disposition generate proceeds for the benefit of any
creditors other than the District.  Id.  By abandoning the DOA Property to the District, the

ny-1084075

Debtors will avoid incurring unnecessary costs in connection with maintaining real estate
that provides no tangible benefit to the Debtors' estates.  In addition, while the Debtors
do not concede that they have any personal liability with respect to the District's Proofs
of Claim, the District has agreed to withdraw its Proofs of Claim with prejudice upon the
abandonment of the DOA Property, and has consented to the entry of the Proposed Order
providing for the expungement of the Proofs of Claim from the claims register.

25.     For the reasons set forth above, the abandonment of the DOA Property is
in the best interests of the Debtors' estates, their creditors and other parties in interest,
and represents a sound exercise of their business judgment.

## APPLICABLE AUTHORITY

26.     The Debtors submit that the standard set forth in section 554(a) of the
Bankruptcy Code is satisfied.  Section 554(a) provides that a debtor in possession may
abandon, subject to court approval, "property of the estate that . . . is of inconsequential
value and benefit to the estate." 11 U.S.C. §554(a).  Before authorizing abandonment of
property, a Bankruptcy Court must find either that: (i) the property is burdensome to the
estate, or (ii) the property is of inconsequential value and inconsequential benefit to the
estate.  *See, e.g., Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 497
(1986); *TWA, Inc. v. Texaco, Inc. (In re Texaco, Inc.)*, 92 B.R. 38, 44 (S.D.N.Y. 1988); *In
re Crowthers McCall Pattern, Inc.*, 114 B.R. 877, 882 n.7 (Bankr. S.D.N.Y. 1990).

27.     Here, the Debtors have determined that the DOA Property is of minimal or
no value to the Debtors' estates and burdensome insofar as any costs and expenses of
maintaining the DOA Property would exceed any proceeds realizable by the Debtors
upon its sale.  In addition, the abandonment will allow for the withdrawal of the District's
Proofs of Claim.  Accordingly, the Debtors submit that the abandonment of the DOA

7

Property should be approved because it is in the best interests of the Debtors' estates and represents a proper exercise of the Debtors' business judgment.

## **NOTICE**

28.     The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially in the form annexed hereto as **Exhibit 1**, granting the relief requested in this Motion and such other and further relief as may be just and proper.

*[Signature page follows]*

8

New York, New York                    /s/ Norman S. Rosenbaum
Dated: July 11, 2013                   Gary S. Lee
                                       Norman S. Rosenbaum
                                       Erica J. Richards
                                       MORRISON & FOERSTER LLP
                                       1290 Avenue of the Americas
                                       New York, New York 10104
                                       Telephone: (212) 468-8000
                                       Facsimile: (212) 468-7900

                                       *Counsel to the Debtors
                                       and Debtors in Possession*