# **Exhibit 2**

## **Tyson Declaration**

ny-1091134

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF WILLIAM TYSON IN SUPPORT OF DEBTORS' MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 554(a) AUTHORIZING ABANDONMENT OF CERTAIN REAL ESTATE OWNED BY DOA PROPERTIES IX (LOTS-OTHER), LLC**

I, William Tyson, declare as follows:

       1.     I am a Senior Vice President of GMAC Mortgage, LLC ("GMACM"), a limited liability company organized under the laws of the state of Delaware and one of the debtors and debtors in possession in the above-captioned Chapter 11 cases (collectively, the "Debtors"). I joined GMACM in May 2012, and I have served as Senior Vice President and Manager of the Asset Disposition Group since June 2012. Prior to joining GMACM, I was employed by Ally Financial, Inc. ("AFI"), where I served in a number of positions, including, most recently, as Manager of the Special Asset Group and Chief Risk Officer. As Manager of the Asset Disposition Group

ny-1091134

of GMACM, I am responsible for disposing of and liquidating the Debtors' remaining assets and loans, winding up and dissolving certain non-debtor affiliates (primarily international companies), and managing servicing and sub-servicing contracts in connection with the sale of the Debtors' servicing platform.

2. I am authorized to submit this declaration (the "Declaration") in support of the *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 554(a), Authorizing Abandonment of Certain Real Estate Owned by DOA Properties IX (Lots-Other), LLC* (the "Motion").[1]

3. In my capacities as Senior Vice President and Manager of the Asset Disposition Group, I am generally familiar with the operations and assets of DOA Properties IX (Lots-Other), LLC ("DOA Properties IX"). Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; my discussions and correspondence with ResCap employees, and my review of the relevant documents. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

4. Debtor DOA Properties IX is a subsidiary of Debtor DOA Holding Properties, LLC ("DOA Holding"). DOA Holding and DOA Properties IX operated under the Debtors' Business Capital Group or "BCG," which provided loans, made private equity investments or participated in joint ventures in connection with residential housing development and construction. As of 2009, BCG discontinued active operations and the majority of the entities in BCG currently hold no assets.

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

ny-1091134

5. DOA Properties IX previously held lot option properties located in Arizona, Colorado, Florida, Maryland, Minnesota, North Carolina, New York, Pennsylvania and Texas. DOA Properties IX has since disposed of all those properties but still owns certain real property located in St. Johns County, Florida (the "DOA Property"). The DOA Property consists of 68.03 acres of raw land located in southern Jacksonville, Florida. The parcel is part of the Aberdeen Development of Regional Impact (DRI), a proposed mixed-use, master-planned community on approximately 1,313 acres, and is scheduled to be developed into 300 lots. Debtor Residential Funding Corporation ("RFC") holds a mortgage on the DOA Property in the outstanding principal amount of $4,641,212.73, secured by a first priority security interest in the DOA Property (the "RFC Mortgage").

6. The DOA Property is located within the Durbin Crossing Community Development District (the "District").

7. In 2008, the Debtors determined that the DOA Property was unmarketable and have valued the DOA Property at $0 since that time.

8. On February 16, 2011, the District obtained a final judgment of foreclosure on the DOA Property (the "Final Judgment") in the amount of $6,025,138.49, consisting of the Special Assessments, interest accrued to date, and costs and fees arising as a result of the foreclosure. I understand that the Final Judgment continues to accrue interest. The District holds claims, including the Final Judgment, secured by liens on the DOA Property that I am advised are senior in priority to the RFC Mortgage.

9. The foreclosure sale of the DOA Property (the "Foreclosure Sale") has not yet been completed and the District Lien on the DOA Property remains outstanding.

ny-1091134

10. The Debtors have not paid property taxes due on the DOA Property since 2007. As of May 2013, the estimated amount of property taxes accrued and unpaid totaled approximately $1,820,756.47. I understand that the failure to pay these property taxes when due may result in the sale of tax certificates secured by the underlying property. I further understand that, to date, tax certificates have been sold in the face amount of at least $477,477.14 bearing interest at 17.50%, which I have been advised are secured by liens on the DOA Property that are senior in priority to the RFC Mortgage.

11. Based on, among other things, a review of a broker's price opinion obtained by the Debtors dated June 17, 2013, which estimates the value of the DOA Property to be $2,150,000, the Debtors have determined that the aggregate amount of the property taxes owed (over $1.8 million) and the District Lien (over $6 million) far exceeds the estimated value of the DOA Property.

12. In light of the foregoing, it is my opinion that the DOA Property is burdensome to the Debtors' estate, has minimal or no value to the estate, and is not needed for the wind down of the Debtors' business operations.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       July 11, 2013

                                                  /s/ William Tyson
                                                  William Tyson
                                                  Senior Vice President of
                                                  GMAC Mortgage, LLC

ny-1091134