**Hearing Date: August 28, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: July 22, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Daniel J. Harris

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ---------------------------------------------------------------- ) | |
| In re:                                              ) | Case No. 12-12020 (MG) |
|                                                      ) | |
| RESIDENTIAL CAPITAL, LLC, et al.,    ) | Chapter 11 |
|                                                      ) | |
|                                 Debtors.     ) | Jointly Administered |
| ---------------------------------------------------------------- ) | |

### NOTICE OF DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND REGIONS BANK

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion*

*for an Order Pursuant to Section 105 of the Bankruptcy Code and Rule 9019 of the*

*Federal Rules of Bankruptcy Procedure Approving the Settlement Agreement Between*

*Debtor GMAC Mortgage, LLC and Regions Bank* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take

place on **August 28, 2013 at 10:00 a.m. (prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic

case filing system, and be served, so as to be received no later than **July 22, 2013 at 4:00**

**p.m. (Prevailing Eastern Time)**, upon (a) counsel to the Debtors, Morrison & Foerster

LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee,

Norman S. Rosenbaum and Daniel J. Harris); (b) the Office of the United States Trustee

for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY

10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the

Office of the United States Attorney General, U.S. Department of Justice, 950

Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney

General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The

Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.);

(e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews

Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally

Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022

(Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of

unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the

Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal);

(h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd

Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i)

counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand

Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman);

(j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by

overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-

5016); and (k) Securities and Exchange Commission, New York Regional Office, 3

World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S.

Canellos, Regional Director).

   **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written objection to the relief requested in the Motion, the Bankruptcy Court may deem

any opposition waived, treat the Motion as conceded, and enter an order granting the

relief requested in the Motion without further notice or hearing.

Dated: July 12, 2013
   New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Daniel J. Harris
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Daniel J. Harris

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 105 OF THE
BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT
<u>BETWEEN DEBTOR GMAC MORTGAGE, LLC AND REGIONS BANK</u>**

# TABLE OF CONTENTS

**Page**

JURISDICTION, VENUE AND STATUTORY PREDICATE ...................................................... 1

BACKGROUND .................................................................................................................... 2

    A.    GMAC Mortgage, LLC v. Curtis and Carol Mathews ......................................... 2

    B.    GMAC Mortgage, LLC v. Regions Bank ............................................................ 5

RELIEF REQUESTED ........................................................................................................... 6

BASIS FOR RELIEF .............................................................................................................. 6

    A.    The Settlement is Fair, Reasonable and Adequate Pursuant to Bankruptcy
            Rule 9019 ........................................................................................................ 6

NOTICE ................................................................................................................................ 9

NO PRIOR MOTION ............................................................................................................ 9

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Case v. Los Angeles Lumber Prods. Co.,
    308 U.S. 106 (1939).................................................................................................6

Inv. Exch. Grp. et al. v. Colorado Capital Bank (In re 1031 Tax Grp., LLC),
    Case No. 07-11448, 2007 WL 2455176 (Bankr. S.D.N.Y. Aug. 23, 2007) .........................6,7

In re Adelphia Commc'ns Corp.,
    327 B.R. 143 (Bankr. S.D.N.Y. 2005)..................................................................7,8

In re East 44th Realty, LLC,
    No. 07-CV-8799, 2008 WL 217103 (S.D.N.Y. Jan. 23, 2008 ) ...............................7

In re Hibbard Brown & Co.,
    217 B.R. 41 (Bankr. S.D.N.Y. 1998)......................................................................7

In re Ionosphere Clubs, Inc.,
    156 B.R. 414 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994)...........................7

In re Iridium Operating LLC,
    478 F.3d 452 (2d Cir. 2007)................................................................................6, 7

In re Purofied Down Prods. Corp.,
    150 B.R. 519 (S.D.N.Y. 1993)...............................................................................8

In re W.T. Grant Co.,
    699 F.2d 599 (2d Cir. 1983)..................................................................................8

In re Worldcom, Inc.,
    347 B.R. 123 (Bankr. S.D.N.Y. 2006)...................................................................7

Key3Media Grp., Inc. v. Pulver.com, Inc. (In re Key3Media Grp., Inc.),
    336 B.R. 87 (Bankr. D. Del. 2005).........................................................................9

Myers v. Martin (In re Martin),
    91 F.3d 389 (3d Cir. 1996)....................................................................................9

Plaza Equities LLC v. Pauker (In re Copperfield Invs.),
    401 B.R. 87 (Bankr. S.D.N.Y. 2009).....................................................................7

Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,
    390 U.S. 414 (1968)..............................................................................................6

TMT Trailer Ferry, Inc. v. Anderson,
    390 U.S. 414 (1968)..................................................................................................................10

Vaughn v. Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp.,
    Inc.),
    134 B.R. 499 (Bankr. S.D.N.Y. 1991).........................................................................................6

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 9019(a) ............................................................................................................6

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors")[1] hereby move (the "Motion")[2] for the entry of an order, the proposed form of which

is attached hereto as Exhibit 1 (the "Proposed Order"), pursuant to section 105 of title 11 of the

United States Code (the "Bankruptcy Code") and rule 9019 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), approving the Mediated Settlement Agreement (the

"Settlement Agreement"), attached as Exhibit A to the Proposed Order, between Debtor GMAC

Mortgage, LLC ("GMACM") and Regions Bank ("Regions").  In support of the Motion, the

Debtors rely upon and incorporate by reference the Declaration of Lauren Delehey (the "Delehey

Decl."), attached hereto as Exhibit 2.  In further support of the Motion, the Debtors, by and

through their undersigned counsel, respectfully state as follows:

## JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      The Court has subject matter jurisdiction to consider and determine this

Motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  Venue is proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are section 105(a)

of the Bankruptcy Code and Bankruptcy Rule 9019.

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings [Docket No. 6] (the "Whitlinger Affidavit").

[2]     Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the
relief requested in this Application may refer to http://www.kccllc.net/rescap for additional information.

## BACKGROUND

3.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases.

4.    On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine-member official committee of unsecured creditors (the "Creditors' Committee").

5.    Prior to the sale of the mortgage loan servicing platform earlier this year, the Debtors were a leading residential real estate finance company indirectly owned by Ally Financial Inc. which is not a Debtor.  The Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

### A.    GMAC Mortgage, LLC v. Curtis and Carol Mathews

6.    On July 24, 2006, Curtis and Carol Mathews executed a $700,000.000 note in favor of Metrocities Mortgage, LLC (the "Note"), secured by a Deed of Trust encumbering the Mathews' property at 165 Hickory Drive, Highlands, NC 28741 (the "Property").  Metrocities later assigned the Note and Deed of Trust to GMACM.  The Property was insured by Auto-Owners Insurance Company ("Auto Owners"), Policy No. 45-029-288-00 (the "Policy").  The Mathews filed for Chapter 7 bankruptcy protection on or about June 23, 2008 and were discharged on October 1, 2008.  See Delehey Decl. ¶ 4.

7.      The Property was destroyed by fire on or about October 30, 2008, shortly after the Mathews' discharge in bankruptcy.  Following the fire, the Mathews submitted an insurance claim to Auto Owners (Claim Number 083-0004493).  On March 25, 2009, Auto Owners issued Check No. 0045490642 in the amount of $474,600.00, in payment of Claim No. 083-0004493-2008 (the "Check").  The Check was made payable to Curtis J. Mathews & Carol Mathews, The Neuman Law Office, PLLC, GMAC Mortgage, LLC ISAOA & Nantahala Bank & Trust Co. ISAOA.  See Delehey Decl. ¶ 5.

8.      Although the Check required GMACM's indorsement to be properly negotiated, Curtis Mathews admitted that he placed GMACM's indorsement on the Check and deposited it to the Mathews' account at Regions.  As noted in the Deed of Trust,[3] the proceeds of the Check were to be applied to restoration or repair of the Property or to settlement of the Mathews' mortgage loan.  None of the proceeds were spent on repairs to the residence on the

---

[3]      Paragraph 5 of the Deed of Trust entitled "Property Insurance" provides, in relevant part:

> In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender.  Lender may make proof of loss if not made promptly by Borrower.  Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened.  During such repair or restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. . . If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.  Such insurance proceeds shall be applied in the order provided for in Section 2. . . . [I]f Lender acquires the Property [pursuant to foreclosure], Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property.  Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

Property or payment of any portion of the mortgage loan. Instead, the Mathews spent much of the proceeds and defaulted on their mortgage loan. See Delehey Decl. ¶ 6.

9.      GMACM foreclosed on the Mathews' Property on July 28, 2009, at which time the unpaid balance on the Mathews' mortgage loan was $691,890.00. GMACM sold the fire-damaged Property at foreclosure sale for $27,851.00 on November 10, 2009. See Delehey Decl. ¶ 7. Due to the Mathews' Chapter 7 bankruptcy discharge, a judgment for the deficiency was not available to GMACM.

10.     On or about July 27, 2010, GMACM filed a civil action against the Mathews in the United States District Court for the Western District of North Carolina, Bryson City Division (the "District Court") (Case No. 2:10-cv-00019) (the "GMACM-Mathews Action"). GMACM filed an Amended Complaint in the GMACM-Mathews Action on September 16, 2010. In the GMACM-Mathews Action, GMACM alleged that the Mathews fraudulently indorsed an insurance proceeds check in the amount of $474,600.00 in the name of GMACM, deposited or cashed the Check and retained and/or spent the proceeds of the Check in violation of the Deed of Trust. The Mathews subsequently filed an Answer, Affirmative Defenses and Counterclaims, in which they allege that GMACM gave them oral permission to indorse the Check in the name of GMACM. See Delehey Decl. ¶ 8.

11.     GMACM filed a motion for prejudgment attachment and preliminary injunction in the GMACM-Mathews Action, which was heard on July 5, 2011. The District Court ordered pre-judgment attachment of any and all insurance proceeds held in various accounts owned by the Mathews and also issued an order barring the Mathews from transferring, distributing and/or spending any of the insurance proceeds still in their possession. The District

Court also directed GMACM to post a bond in the amount of $1,000 as security for the issuance

of the preliminary injunction. <u>See</u> Delehey Decl. ¶ 9.

12.     Through the mediation and settlement of the GMACM-Mathews Action,

GMACM was able to recover $225,000.000 from the Mathews. The GMACM-Mathews Action

was voluntarily dismissed prior to the Petition Date pursuant to a settlement between the parties

on December 16, 2011. <u>See</u> Delehey Decl. ¶ 10.

**B.     GMAC Mortgage, LLC v. Regions Bank**

13.     On July 27, 2012, GMACM filed an action against Regions in the General

Court of Justice, Superior Court Division, Wake County, North Carolina (Docket No. 12-cv-

010639) (the "<u>GMACM-Regions Action</u>"). In that Action, GMACM sought to recover from

Regions the balance of the proceeds of the Check ($249,600.00), which Regions improperly

accepted for deposit over the forged or missing necessary indorsement of GMACM. GMACM

asserted a statutory conversion claim against Regions, pursuant to Uniform Commercial Code

section 3-420, as adopted by North Carolina at N.C. Stat. 25-3-420. <u>See</u> Delehey Decl. ¶ 11.

14.     On August 22, 2012, Regions filed a Notice of Removal of the GMACM-

Regions Action to the United States District Court for the Eastern District of North Carolina,

Western Division (Case No. 5:12-cv-00553-FL). On September 27, 2012, Regions filed an

Answer and Affirmative Defenses to GMACM's Complaint, in which they argued that GMACM

consented to Curtis Mathews' indorsement for GMACM, that Regions exercised reasonable

commercial standards applicable to banks in accepting the Check for deposit, and that

GMACM's settlement with the Mathews barred GMACM's claim against Regions. <u>See</u> Delehey

Decl. ¶ 12.

15.     On May 31, 2013, GMACM and Regions participated in a court-ordered

mediation session. In an effort to avoid the expense and risk of further discovery and trial,

GMACM and Regions entered into the Settlement Agreement pursuant to which GMACM

agreed to accept $135,000 in full and final settlement of its claims against Regions.  See Delehey

Decl. ¶ 13.

## RELIEF REQUESTED

16.    By this Motion, the Debtors seek entry of an order under Bankruptcy Code

section 105 and Bankruptcy Rule 9019 approving the Settlement Agreement and authority for

the Debtors to perform their obligations thereunder.

## BASIS FOR RELIEF

**A.    The Settlement is Fair, Reasonable and
       Adequate Pursuant to Bankruptcy Rule 9019**

17.    Bankruptcy Rule 9019(a) provides, in relevant part, that: "[o]n motion by

the [debtor in possession] and after notice and a hearing, the court may approve a compromise

and settlement," Fed. R. Bankr. P. 9019(a), if it is in the best interests of the estate.  Vaughn v.

Drexel Burnham Lambert Grp., Inc. (In re Drexel Burnham Lambert Grp., Inc.), 134 B.R. 499,

505 (Bankr. S.D.N.Y. 1991).  Settlements and compromises are "a normal part of the process of

reorganization."  Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v.

Anderson, 390 U.S. 414, 424 (1968) (quoting Case v. Los Angeles Lumber Prods. Co., 308 U.S.

106, 130 (1939)).  "[C]ompromises are favored in bankruptcy because they minimize the costs of

litigation and further the parties' interest in expediting the administration of the bankruptcy

estate."  Inv. Exch. Grp. et al. v. Colorado Capital Bank (In re 1031 Tax Grp., LLC), Case No.

07-11448, 2007 WL 2455176, at *3 (Bankr. S.D.N.Y. Aug. 23, 2007); see also In re Iridium

Operating LLC, 478 F.3d 452, 455 (2d Cir. 2007) ("In Chapter 11 bankruptcies, settlements . . .

help clear a path for the efficient administration of the bankruptcy estate[.]").

18.     To approve a compromise and settlement under Bankruptcy Rule 9019(a), courts have held that the proposed compromise and settlement should be fair and equitable, reasonable and in the best interests of the debtor's estate.  See Plaza Equities LLC v. Pauker (In re Copperfield Invs.), 401 B.R. 87, 91 (Bankr. S.D.N.Y. 2009); In re Worldcom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006); In re Ionosphere Clubs, Inc., 156 B.R. 414, 426 (S.D.N.Y. 1993), aff'd, 17 F.3d 600 (2d Cir. 1994).  "The settlement need not be the best that the debtor could have obtained.  Rather, the settlement must fall 'within the reasonable range of litigation possibilities.'"  In re Adelphia Commc'ns Corp., 327 B.R. 143, 159 (Bankr. S.D.N.Y. 2005) (citations omitted).  Moreover, the Bankruptcy Court should exercise its discretion to approve a settlement "in light of the general public policy favoring settlements."  In re Hibbard Brown & Co., 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).

19.     In the Second Circuit, this analysis is guided by six factors: (i) the balance between the litigation's possibility of success and the settlement's future benefits; (ii) the likelihood of complex and protracted litigation, with its attendant expense, inconvenience, and delay, including the difficulty in collecting on the judgment; (iii) the paramount interest of the creditors, including each affected class's relative benefits and the degree to which creditors either do not object or affirmatively support the proposed settlement; (iv) whether other parties in interest support the settlement; (v) the competency and experience of counsel supporting the settlement; and (vi) the extent to which the settlement is the product of arms-length bargaining. In re Iridium Operating LLC, 478 F.3d at 462; see also In re East 44th Realty, LLC, No. 07-CV-8799, 2008 WL 217103, at *12 (S.D.N.Y. Jan. 23, 2008) (applying Iridium factors and approving settlement as within the range of reasonableness);  In re 1031 Tax Grp., LLC, 2007

-7-

WL 2455176, at *3 (applying Iridium factors and approving settlement as fair and equitable and in the best interest of the estates).

20.    In determining whether to approve a proposed settlement, a Bankruptcy Court need not decide the numerous issues of law and fact raised by the settlement, but rather should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'"  In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983); see also In re Purofied Down Prods. Corp., 150 B.R. 519, 522 (S.D.N.Y. 1993) ("[T]he court need not conduct a 'mini-trial' to determine the merits of the underlying litigation."). "[T]he court only need be apprised of those facts that are necessary to enable it to evaluate the settlement and to make a considered and independent judgment about the settlement."  In re Adelphia Commc'ns Corp., 327 B.R. at 159.

21.    The relevant factors set forth above support a finding that the Settlement Agreement is well within the range of reasonableness and the compromise that is embodied in the Settlement Agreement is fair and equitable, in the best interest of the Debtors' estates and should be approved.  First, continued litigation with Regions would be costly and time consuming, and the Settlement Agreement resolves the uncertainty regarding the claims raised by GMACM and defenses asserted by Regions in the GMACM-Regions Action.  Further, by entering into the Settlement Agreement, the Debtors are assured of a recovery of a significant percentage of the amount sought by GMACM in the GMACM-Regions Action and will avoid litigation over whether GMACM consented to the Mathews' indorsement of the Check on behalf of GMACM.  Accordingly, to avoid unnecessary costs to the estate and the attendant litigation risk, the Debtors determined that entry into the Settlement Agreement was in the best interests of all parties.

22.    The settlement amount is fair and reasonable.  The Debtors undertook a thorough review and analysis of the claims and defenses asserted by Regions.  See Delehey Decl. ¶ 14.  Furthermore, the costs that would inevitably accrue if the Debtors were required to continue litigating the claims against Regions would be substantial.  See id.

23.    The Debtors assert that the settlement is in the best interests of their estates.  "When determining whether a compromise is in the best interests of the estate, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal."  Key3Media Group, Inc. v. Pulver.com, Inc. (In re Key3Media Group, Inc.), 336 B.R.87, 93 (Bankr. D. Del. 2005) (quoting Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (citing TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968))).  The Debtors believe they will realize appropriate value from the Settlement Agreement and avoid the costs that would inevitably accrue if the Debtors were required to continue litigating the claims against Regions.

24.    Accordingly, the Debtors respectfully request that the Court approve the Settlement Agreement pursuant to Bankruptcy Rule 9019.

## NOTICE

25.    The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR MOTION

26.    No previous motion requesting the relief sought herein has been made to this or any other Court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: July 12, 2013

    /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Daniel J. Harris
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------
                                                    )
 In re:                                             )        Case No. 12-12020 (MG)
                                                    )
 RESIDENTIAL CAPITAL, LLC, et al.,                  )        Chapter 11
                                                    )
                                    Debtors.         )        Jointly Administered
                                                    )
-------------------------------------------------------------------------

### ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT BETWEEN DEBTOR GMAC MORTGAGE, LLC AND REGIONS BANK

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in

possession in these Chapter 11 Cases (collectively, the "Debtors"), for the entry of an order

pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, approving the

Settlement Agreement entered into between GMACM and Regions, a true and correct copy of

which is annexed hereto as Exhibit A; and it appearing that this Court has jurisdiction to consider

the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter

11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it

appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court

having determined that the relief requested in the Motion is in the best interests of the Debtors,

their estates, their creditors and other parties in interest; and this Court having found that proper

and adequate notice of the Motion and the relief requested therein has been provided in

accordance with the Bankruptcy Rules, the Local Rules, and the Case Management Procedures

Order [Docket No. 141] for these Chapter 11 Cases, and that no other or further notice is

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

necessary; and any objections (if any) to the Motion having been withdrawn or overruled on the

merits; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.        The Motion is GRANTED as set forth herein.

2.        The Settlement Agreement between GMACM and Regions is hereby approved

pursuant to Bankruptcy Rule 9019(a) and the applicable decisional case law, and the Debtors are

hereby authorized and ordered to take any and all actions as may be necessary to effectuate and

implement the settlement embodied therein, subject to the terms thereof.

3.        The Settlement Agreement meets the standards established by the Second Circuit

for the approval of a compromise and settlement in bankruptcy, and is fair and reasonable to, and

in the best interest of, all interested parties, including but not limited to the Debtors and their

respective creditors.

4.        Notice of the Settlement Agreement and the Motion given by the Debtors in these

bankruptcy cases was sufficient and effective in satisfaction of federal and state due process

requirements and other applicable law to put the parties in interest in this bankruptcy proceeding

on notice of the Settlement Agreement, the Motion and the relief requested therein.

5.        The terms and conditions of this Order shall be effective and enforceable

immediately upon entry of this Order.

6.        This Court shall retain jurisdiction with respect to all matters arising from or

related to the enforcement of this Order.

New York, New York
Date: _____ __, 2013

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:12-cv-00553-FL**

| | | |
|---|---|---|
| GMAC MORTGAGE, LLC, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| REGIONS BANK, | ) | |
| | ) | |
| Defendant and Third Party Plaintiff, | ) | **MEDIATED SETTLEMENT** |
| | ) | **AGREEMENT** |
| vs. | ) | |
| | ) | |
| CURTIS J. MATHEWS and | ) | |
| CAROL W. MATHEWS, | ) | |
| | ) | |
| Third Party Defendants. | ) | |

   ***THIS MEDIATED SETTLEMENT AGREEMENT*** has been entered into between ***GMAC Mortgage, LLC***, a Delaware limited liability company duly authorized to transact business in the State of North Carolina ("GMAC"), and ***Regions Bank***, an Alabama corporation duly authorized to transact business in the State of North Carolina ("Regions"), as a result of a Mediated Settlement Conference held on the 31st day of May, 2013, in Raleigh, North Carolina, with W. Sidney Aldridge as Mediator. The terms of the settlement are as follows:

   1.    Regions shall pay to GMAC a total of One Hundred Thirty-Five Thousand and No/100 Dollars ($135,000.00) in full settlement of all claims of GMAC against Regions as set forth in the above-captioned case ("Settlement Funds").

   2.    GMAC, which is presently in a Chapter 11 Bankruptcy proceeding, must have this Mediated Settlement Agreement approved by the appropriate United States Bankruptcy Court. GMAC will take all appropriate actions to present this Mediated Settlement Agreement to the Bankruptcy Court and recommend its approval.

   3.    The Settlement Funds shall be paid by Regions to GMAC within fifteen (15) days of service on counsel for Regions of a copy of the non-appealable Order of the appropriate United States Bankruptcy Court approving this settlement. Payment shall be made payable to GMAC Mortgage, LLC, and delivered to William E. Hubbard, The Law Office of John T. Benjamin, Jr., P.A., 1115 Hillsborough Street, Raleigh, North Carolina 27603.

4.    Within ten (10) days of receipt of the Settlement Funds, GMAC and Regions shall file a mutual voluntary dismissal or consent order, with prejudice, of any and all claims by and between GMAC and Regions in this matter.  Regions shall retain all rights in its third party claims against Third Party Defendants Curtis J. Mathews and Carol W. Mathews, and this settlement and the dismissal shall not affect said claims.

5.    GMAC and Regions will cooperate in obtaining the approval of the Court for a stay and/or extension of all pending court deadlines in this litigation.

6.    GMAC and Regions agree to enter into a mutual release of all claims related to this litigation, said release to be drafted and approved by GMAC and Regions, which release shall be effective upon approval of the settlement by the Bankruptcy Court and payment of the Settlement Funds.

7.    This Mediated Settlement Agreement represents a compromise of disputed claims and does not constitute an admission of liability or recognition of any claim or defense offered by either GMAC or Regions with regard to the other party's position.

8.    This Mediated Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of North Carolina.

9.    GMAC and Regions shall be separately responsible for their own attorneys' fees and costs, including this Mediated Settlement Conference.

10.    GMAC AND REGIONS ACKNOWLEDGE THAT ALL OF THEIR AGREEMENTS REACHED IN THIS MEDIATED SETTLEMENT CONFERENCE, AND EVERY PART OF EVERY AGREEMENT SO REACHED, ARE SET OUT ABOVE.  THIS AGREEMENT SETS FORTH ALL MATERIAL TERMS OF THE PARTIES' SETTLEMENT, AND IT MAY BE SPECIFICALLY ENFORCED BY THE COURT WITHOUT FURTHER DOCUMENTS OR TESTIMONY.

Dated this 31st day of May, 2013.

THE LAW OFFICE OF JOHN T. BENJAMIN, JR., P.A.
*Attorneys for GMAC Mortgage, LLC*

BY: _____
         William E. Hubbard

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
*Attorneys for Regions Bank*

BY: _____
         Amanda G. Ray

*(Signatures continued on next page)*

GMAC MORTGAGE, LLC

BY: _____

Lauren G. Delehey, Legal Officer


REGIONS BANK

BY: _____

Patricia P. Austin, Senior Vice President
Consumer Service and Operations Manager

**EXHIBIT 2**

ny-1094411

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Daniel J. Harris

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
                                                    )
In re:                                              )          Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,            )          Chapter 11
                                                    )
                                    Debtors.        )          Jointly Administered
                                                    )
---------------------------------------------------------------------

**DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE**
**LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF**
**DEBTORS' MOTION FOR AN ORDER PURSUANT TO SECTION 105 OF THE**
**BANKRUPTCY CODE AND RULE 9019 OF THE FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE APPROVING THE SETTLEMENT AGREEMENT**
**<u>BETWEEN DEBTOR GMAC MORTGAGE, LLC AND REGIONS BANK</u>**

I, Lauren Graham Delehey, declare as follows:

**A.     Background and Qualifications**

1.     I serve as In-House Litigation Counsel in the legal department at

Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of

the state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "<u>Debtors</u>").  I have held this position since I joined

ResCap on August 1, 2011.

2.        In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions and multi-district litigation.  Additionally, as a result ResCap's Chapter 11 filing, my role has significantly expanded to include assisting the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases.  I am authorized to submit this declaration (the "Declaration") in support of the Debtors' Motion for an Order Pursuant to Section 105 of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure Approving the Settlement Agreement Between Debtor GMAC Mortgage, LLC and Regions Bank (the "Motion").[1]

3.        In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the GMACM-Mathews Action and the GMACM-Regions Action.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history.  In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and

---

[1]  Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Motion.

other information.  If I were called to testify as a witness in this matter, I would testify

competently to the facts set forth herein.

**A.      GMAC Mortgage, LLC v. Curtis and Carol Mathews**

4.      On July 24, 2006, Curtis and Carol Mathews executed a $700,000.000

note in favor of Metrocities Mortgage, LLC (the "Note"), secured by a Deed of Trust

encumbering the Mathews' property at 165 Hickory Drive, Highlands, NC 28741 (the

"Property").  Metrocities later assigned the Note and Deed of Trust to GMACM.  The Property

was insured by Auto-Owners Insurance Company ("Auto Owners"), Policy No. 45-029-288-00.

The Mathews filed for Chapter 7 bankruptcy protection on or about June 23, 2008 and were

discharged on October 1, 2008.

5.      The Property was destroyed by fire on or about October 30, 2008, shortly

after the Mathews' discharge in bankruptcy.  Following the fire, the Mathews submitted an

insurance claim to Auto Owners (Claim Number 083-0004493).  On March 25, 2009, Auto

Owners issued Check No. 0045490642 in the amount of $474,600.00, in payment of Claim No.

083-0004493-2008 (the "Check").  The Check was made payable to Curtis J. Mathews & Carol

Mathews, The Neuman Law Office, PLLC, GMAC Mortgage, LLC ISAOA & Nantahala Bank

& Trust Co. ISAOA.

6.      Although the Check required GMACM's indorsement to be properly

negotiated, Curtis Mathews admitted that he placed GMACM's indorsement on the Check and

deposited it to the Mathews' account at Regions.  As noted in the Deed of Trust,  the proceeds of

the Check were to be applied to restoration or repair of the Property or to settlement of the

Mathews' mortgage loan.  None of the proceeds were spent on repairs to the residence on the

Property or payment of any portion of the mortgage loan.  Instead, it is my understanding that the

Mathews spent much of the proceeds and defaulted on their mortgage loan.

7.      GMACM foreclosed on the Mathews' Property on July 28, 2009, at which time the unpaid balance on the Mathews' mortgage loan was $691,890.00.  GMACM sold the fire-damaged Property at foreclosure sale for $27,851.00 on November 10, 2009.

8.      On or about July 27, 2010, GMACM filed a civil action against the Mathews in the United States District Court for the Western District of North Carolina, Bryson City Division (the "District Court") (Case No. 2:10-cv-00019).  GMACM filed an Amended Complaint in the GMACM-Mathews Action on September 16, 2010.  In the GMACM-Mathews Action, GMACM alleged that the Mathews fraudulently indorsed an insurance proceeds check in the amount of $474,600.00 in the name of GMACM, deposited or cashed the Check and retained and/or spent the proceeds of the Check in violation of the Deed of Trust.  The Mathews subsequently filed an Answer, Affirmative Defenses and Counterclaims, in which they allege that GMACM gave them oral permission to indorse the Check in the name of GMACM.

9.      GMACM filed a motion for prejudgment attachment and preliminary injunction in the GMACM-Mathews Action, which was heard on July 5, 2011.  The District Court ordered pre-judgment attachment of any and all insurance proceeds held in various accounts owned by the Mathews and also issued an order barring the Mathews from transferring, distributing and/or spending any of the insurance proceeds still in their possession.  The District Court also directed GMACM to post a bond in the amount of $1,000 as security for the issuance of the preliminary injunction.

10.     Through the mediation and settlement of the GMACM-Mathews Action, GMACM was able to recover $225,000.000 from the Mathews.  The GMACM-Mathews Action was voluntarily dismissed pursuant to a settlement between the parties on December 16, 2011.

B.    **GMAC Mortgage, LLC v. Regions Bank**

11.    On July 27, 2012, GMACM filed an action against Regions in the General

Court of Justice, Superior Court Division, Wake County, North Carolina (Docket No. 12-cv-

010639).  In the GMACM-Regions Action, GMACM sought to recover from Regions the

balance of the proceeds of the Check ($249,600.00), which Regions improperly accepted for

deposit over the forged or missing necessary indorsement of GMACM.  GMACM asserted a

statutory conversion claim against Regions, pursuant to Uniform Commercial Code section 3-

420, as adopted by North Carolina at N.C. Stat. 25-3-420.

12.    On August 22, 2012, Regions filed a Notice of Removal of the GMACM-

Regions Action to the United States District Court for the Eastern District of North Carolina,

Western Division (Case No. 5:12-cv-00553-FL).  On September 27, 2012, Regions filed an

Answer and Affirmative Defenses to GMACM's Complaint, in which they argued that GMACM

consented to Curtis Mathews' indorsement for GMACM, that Regions exercised reasonable

commercial standards applicable to banks in accepting the Check for deposit, and that

GMACM's settlement with the Mathews' barred GMACM's claim against Regions.

13.    On May 31, 2013, GMACM and Regions participated in a court-ordered

mediation session.  In an effort to avoid the expense and risk of further discovery and trial,

GMACM and Regions entered into the Settlement Agreement pursuant to which GMACM

agreed to accept $135,000 in full and final settlement of its claims against Regions.

14.    Based upon my analysis of the GMACM-Regions Action, the Settlement

Agreement constitutes a fair and reasonable resolution.  This conclusion is based upon an

extensive review of the facts underlying the GMACM-Mathews Action and the GMACM-

Regions Action and the allegations made therein.  Among other factors, we, along with outside

litigation counsel, assessed the strengths and weaknesses of the asserted claims and defenses in

the GMACM-Regions Action and determined that continued litigation with Regions would be costly and time consuming.  To ensure that the Debtors receive a recovery of a significant percentage of the amount sought in the underlying action, and to avoid the costs that would inevitably accrue if the Debtors were required to continue litigating the claims against Regions, the Debtors determined that entry into the Settlement Agreement was in the best interest of the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 12, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC