MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York  10104
Telephone: (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Naomi Moss
James A. Newton

*Counsel for the Debtors and*
*Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### EX PARTE MOTION PURSUANT TO BANKRUPTCY RULE 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE SECTION 363(b)(1) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER AMENDMENT TO CONSENT ORDER

The debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**")[1] respectfully submit this motion (the "**Motion**") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 9006-1(b) and 9077 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**") to shorten the time for notice of and scheduling a hearing to consider the *Debtors' Motion For an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent*

---

[1]   The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Whitlinger Affidavit (defined below).

*Order* (the "**FRB Amendment Motion**").[2] In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration, pursuant to Local Rule 9077, of Lorenzo Marinuzzi (the "**Marinuzzi Declaration**"), attached hereto as Exhibit 1. In further support of the Motion, the Debtors respectfully represent as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Rule 9006(c) and Local Bankruptcy Rules 9006-1(b) and 9077.

## BACKGROUND

2. The Debtors were formerly a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. Prior to the closing of the Debtors' Court-approved asset sales, the Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6] (the "**Whitlinger Affidavit**").

3. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of Bankruptcy Code. The Debtors are

---

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the FRB Amendment Motion.

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. On June 20, 2012, the Court directed that an examiner be appointed [Docket No. 454], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674].

4. On May 16, 2012, the United States Trustee for the Southern District of New York appointed the nine member Creditors' Committee.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order (a) shortening the notice period for the FRB Amendment Motion such that it may be heard by the Court on July 26, 2013 at 10:00 a.m. (Prevailing Eastern Time) and scheduling the hearing for the FRB Amendment Motion for such date, and (b) requiring that objections to the FRB Amendment Motion, if any, be filed and served so that they are received by 4:00 p.m. (Prevailing Eastern Time) on July 19, 2013.

## BASIS FOR RELIEF

Bankruptcy Rule 2002(a)(2) & (3) requires 21-days notice of "a proposed use, sale or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time . . . " or "the hearing on approval of a compromise or settlement of a controversy . . . ." Bankruptcy Rule 2002(a)(2) & (3). Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) authorize the Court, for cause shown, to reduce the notice period required for a hearing.

6. The Debtors request that this Court enter an order pursuant to Bankruptcy Rule 9006(c)(1) and Local Bankruptcy Rule 9006-1(b) shortening notice and setting the time for the hearing on the FRB Amendment Motion and a deadline for filing objections thereto.

7. The shortened time is necessary in order to avoid incurring additional expenses in connection with the FRB Foreclosure Review. The FRB Term Sheet provides for a 30-day suspension of the FRB Foreclosure Review once the Settlement Amount was transferred into an escrow account. The FRB Foreclosure Review was suspended on June 28, 2013, and the parties have been working since then to document the terms of the Amendment in a form that could be filed with this Court. Therefore, the Debtors believe it is in the best interests of these estates for the Court to consider the relief requested in the FRB Amendment Motion prior to the expiration of the FRB Foreclosure Review suspension.

8. For these reasons, it is imperative that the Motion be approved on an expedited basis. To this end, *ex parte* relief is warranted so that the FRB Amendment Motion may be heard on July 26, 2013 at 10:00 a.m. (Prevailing Eastern Time).

9. No parties in interest would be prejudiced by the shortened notice requested herein or by the approval of this Motion on an *ex parte* basis.

10. The Debtors have consulted with counsel for the Creditors' Committee and have been informed that the Creditors' Committee does not oppose the shortened notice requested herein or by the approval of this Motion on an *ex parte* basis.

## NOTICE

11. Notice of this Motion has been provided in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] (the "**Case Management Order**").

## **NO PRIOR REQUEST**

12. No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that this Court (a) enter an order substantially in the form attached as <u>Exhibit 2</u> hereto shortening the time for notice of the FRB Amendment Motion and (b) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: July 12, 2013
New York, New York

/s/ Gary S. Lee
Gary S. Lee
Lorenzo Marinuzzi
Naomi Moss
James Newton
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

# **EXHIBIT 1**

ny-1099365

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF LORENZO MARINUZZI IN SUPPORT OF EX PARTE MOTION PURSUANT TO BANKRUPTCY RULE 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 FOR ENTRY OF AN ORDER SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE SECTION 363(b)(1) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER AMENDMENT TO CONSENT ORDER**

I, Lorenzo Marinuzzi, pursuant to 28 U.S.C. § 1746 and Local Bankruptcy Rule 9077, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am a partner of the firm of Morrison & Foerster LLP, which maintains offices for the practice of law at, among other locations, 1290 Avenue of the Americas, New York, New York 10104. I am admitted to practice in and a member in good standing of the bars of the State of New York, the State of New Jersey and the United States District Courts for the Southern and Eastern Districts of New York. I submit this declaration and statement in support of the Debtors' motion (the "**Motion to Shorten Notice**") pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure, and Rules 9006-1(b) and 9077 of the Local Bankruptcy Rules for the Southern District of New York to shorten the time for notice of and scheduling a hearing to consider the *Debtors' Motion For an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order* (the "**FRB Amendment Motion**"),[1] filed concurrently herewith. I

---

[1] Capitalized terms used and not otherwise defined herein have the meaning ascribed to them in the FRB Amendment Motion.

ny-1099365

have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

2. Pursuant to the FRB Amendment Motion, the Debtors seek the entry of an order under Bankruptcy Rule 9019 and Bankruptcy Code section 363(b)(1) authorizing the Debtors to enter into and perform under the Amendment to the Consent Order.

3. The Debtors request that the FRB Amendment Motion be heard on July 26, 2013 at 10:00 a.m. (Prevailing Eastern Time).

4. Ample cause exists to expedite approval of the FRB Amendment Motion and to grant the Motion to Shorten Notice on an *ex parte* basis. The FRB Term Sheet provides for only a limited 30-day suspension of the FRB Foreclosure Review. The Debtors are required to perform under the Amendment prior to the expiration of that 30-day period, in order to avoid incurring additional professional fees in connection with the FRB Foreclosure Review. The Debtors believe it is in the best interests of these estates to perform under the Amendment while the FRB Foreclosure Review is suspended so as not to waste estate assets.

5. For these reasons, and pursuant to the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 141], cause exists to shorten the notice period for the FRB Amendment Motion.

6. To this end, *ex parte* relief is warranted so that the FRB Amendment Motion may be heard at a hearing to be scheduled before this Court on July 26, 2013 at 10:00 a.m. (Prevailing Eastern Time).

7. I declare under penalty of perjury that the preceding statements are true and correct.

Dated:   July 12, 2013
         New York, New York

MORRISON & FOERSTER LLP

By:  /s/ Lorenzo Marinuzzi
     Lorenzo Marinuzzi

**EXHIBIT 2**

ny-1099365

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER PURSUANT TO BANKRUPTCY RULE 9006 AND LOCAL BANKRUPTCY RULES 9006-1 AND 9077 SHORTENING THE TIME FOR NOTICE OF AND SCHEDULING A HEARING TO CONSIDER THE DEBTORS' MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE SECTION 363(b)(1) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER AMENDMENT TO CONSENT ORDER**

Upon consideration of the motion (the "**Motion**"),[1] of Residential Capital, LLC, and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**") for entry of an order pursuant to Bankruptcy Rule 9006 and Local Bankruptcy Rule 9006-1(b) shortening the time for notice of and scheduling a hearing to consider the *Debtors' Motion For an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtor to Enter Into and Perform Under Amendment to Consent Order* (the "**FRB Amendment Motion**"); and upon the declaration, pursuant to Local Bankruptcy Rule 9077, of Lorenzo Marinuzzi; and the Court having determined that granting the relief requested in the Motion is appropriate; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is granted as set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ny-1099365

2. The hearing to consider the FRB Amendment Motion shall be held on July 26, 2013 at 10:00 a.m. (Prevailing Eastern Time) before the Honorable Judge Martin Glenn, One Bowling Green, New York, NY 10004, Courtroom 501. The hearing on the FRB Amendment Motion may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates in open court. Notice of such adjourned date(s) will be available on the electronic case filing docket.

3. The Debtors shall serve a copy of this Order as promptly as practicable on the day of entry thereof by fax, e-mail, or overnight mail, on those parties entitled to receive notice pursuant to the Case Management Order.

4. Any objections ("**Objections**") to the approval of the FRB Amendment Motion shall be filed and served so that they are received no later than 4:00 p.m. (Prevailing Eastern Time) on July 19, 2013 in accordance with the Case Management Order. Objections not timely filed and served in the manner set forth above shall not be considered and shall be overruled.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____ ___, 2013
      New York, New York

                                                                                                                    _____
                                                                                                                   THE HONORABLE MARTIN GLENN
                                                                                                                    UNITED STATES BANKRUPTCY JUDGE