UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X    Chapter 11
                                                         :
In re:                                                   :    Case No. 12-12020 (MG)
                                                         :
RESIDENTIAL CAPITAL, LLC. *et al*.,                      :    Jointly Administered
                                                         :
                                    Debtors.             :
                                                         :
------------------------------------------------------- X

## ORDER REGARDING
## THE EXCHANGE OF CONFIDENTIAL INFORMATION

It is hereby Ordered, that discovery by and among Residential Capital, LLC and its

debtor affiliates, (collectively, the "Company" or the "Debtors"),[1] Monarch Alternative Capital LP

("Monarch") on behalf of certain advisory clients, Stonehill Capital Management LLC

("Stonehill") on behalf of certain advisory clients, and CQS ABS Master Fund Limited, CQS

ABS Alpha Master Fund Limited (together "CQS"), and Bayview Fund Management LLC

("Bayview," and together with Monarch, Stonehill, and CQS "the Investors"), Federal Home

Loan Mortgage Corporation ("Freddie Mac"), the Ad Hoc Group of Junior Secured Noteholders

(the "Ad Hoc Group"), Financial Guaranty Insurance Company ("FGIC"), the Creditors'

Committee, and the following each in their respective capacities as a Trustee for certain RMBS

Trusts: the Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A.

(collectively, "BNY Mellon"), U.S. Bank National Association ("U.S. Bank"), Wells Fargo

Bank, N.A. ("Wells Fargo"), and Law Debenture Trust Company of New York ("Law

Debenture" and collectively with BNY Mellon, U.S. Bank and Wells Fargo, the "Trustees"), in

connection with the *Debtors' Motion for an Order under Bankruptcy Code Sections 105(a) and*

*363(b) Authorizing the Debtors to Enter into and Perform under a Plan Support Agreement with*

---

[1]    "Debtors" includes Residential Capital, LLC, its affiliated debtors and debtors-in-possession as described
in Annex 1 to Debtors' chapter 11 petition filed May 14, 2012.

*Ally Financial Inc., the Creditors' Committee and Certain Consenting Claimants*, dated May 23, 2013, [Docket No. 3814] (the "PSA Motion") and/or the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval Of The Settlement Agreement Among The Debtors, FGIC, The FGIC Trustees And Certain Individual Investors*, dated June 7, 2013 [Docket No. 3929] (the "FGIC 9019 Motion" and together with the PSA Motion, "the Motions") shall be subject to the terms and conditions of this Order Regarding the Exchange of Confidential Information (the "Order") to protect the confidentiality of proprietary, non-public, and sensitive information:

1.      For purposes of this Order, the following terms shall have the following indicated meanings:

"Advisors" shall include counsel, consultants, accountants, experts, auditors, examiners, financial advisors, appraisers or other agents or professionals.

"Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York.

"Confidential Information" means any and all proprietary and confidential, nonpublic information (whether in writing or orally or in any other format) produced by a Disclosing Party (defined below) as part of discovery in connection with the Motions and that at the time of production is marked or designated by such Disclosing Party as being "Confidential," including, without limitation, information relating to the Disclosing Party's assets, liabilities, business operations, business practices, business plans, financial projections, financial and business analyses, corporate governance, intellectual property, trade secrets and compilations and studies relating to the foregoing. Confidential Information includes, but is not limited to, all analyses, compilations, forecasts, studies or other documents prepared by a Receiving Party which contain or reflect or are based upon any such Confidential Information provided by the Disclosing Party hereunder.

- 2 -

The term Confidential Information will not include information that:

(i)  is or becomes publicly available other than as a result of a disclosure by any Receiving Party or any of its Representatives or Advisors in breach of this Order,

(ii)  a Receiving Party or any of its Representatives or Advisors obtains independently, not pursuant to this Order,

(iii)  is or becomes available to the Receiving Party or any of its Representatives or Advisors on a non-confidential basis from a source (other than a Disclosing Party), which source is not known to the Receiving Party (who shall have no duty of investigation in this regard) to be subject to any prohibition from disclosing such information to the Receiving Party,

(iv)  is independently developed by such Receiving Party or any of its Representatives or Advisors without violating its obligations hereunder and without using any Confidential Information,

(v)  is disclosed or is required to be disclosed by law, rule, regulation or legal process, subject to the requirements of paragraph 9 below, or

(vi)  is determined by a court of competent jurisdiction not to be Confidential Information.

"Disclosing Party" means any person producing Discovery Material in connection with the Motions.

"Discovery Material" refers to all discovery documents, deposition testimony, interrogatory answers, and other information produced, by or on behalf of any Disclosing Party as part of discovery in connection with the Motions.

"Or" shall not be construed as exclusive.

"Highly Confidential Information" means Confidential Information the Disclosing Party reasonably believes contain (i) proprietary information related to the Disclosing Party's previous, existing or ongoing business operations for which restricted access is necessary to prevent a risk of competitive harm to the Disclosing Party in the ongoing operation of its business, or (ii) non-privileged internal analyses regarding the treatment and/or valuation of existing or potential claims in connection with the sale of mortgages or mortgage backed securities.

"Receiving Party" means any person receiving Discovery Material pursuant to this Order and any person who agrees to be bound by the terms of this Order by executing the undertaking attached hereto as Exhibit A.

"Representatives" shall include directors, officers; partners, members, and employees of a Receiving Party and its affiliates.

2.    Each Receiving Party hereby will:

(a)    keep the Confidential Information confidential and will not (except as required by applicable law, rule, regulation or legal process, and only after compliance with paragraph 9 below), without the Disclosing Party's prior written consent, disclose any Confidential Information to any other person or entity, except as provided for in this Order;

(b)    not use, and its Representatives and Advisors will not use, any Confidential Information for any purpose other than in connection with the Motions.

(c)    use reasonable efforts (which in no case shall be less than efforts used to protect its own Confidential Information) to safeguard the Confidential Information and to protect the Confidential Information against disclosure (except as provided for in this Order),

misuse, espionage, loss, and theft by any corporation, company, partnership or individual to the extent not inconsistent with applicable law or regulation.

(d)    to the extent it discloses Confidential Information to any of its Representatives or Advisors, the Receiving Party will (i) advise such party of this Order and the Receiving Party's obligations hereunder, and (ii) will request that such party maintains the confidentiality of the Confidential Information, to the extent not inconsistent with such party's regulatory duties or not otherwise prohibited by applicable law or regulation.

3.    Except with the prior written consent of the Disclosing Party or order of the Court, no Confidential Information may be disclosed to any person other than the following:

(a)    The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, and professional court reporters engaged to transcribe testimony;

(b)    Except for Representatives of the Investors, Representatives of a Receiving Party who are actually engaged in assisting the Receiving Party in connection with the Motions and to whom disclosure is reasonably necessary in connection with the Motions so long as such individuals execute Exhibit A attached hereto and use such Confidential Information only in connection with the Motions;

(c)    Subject to paragraph 3(j) below, Representatives of the Investors who are actually engaged in assisting each such Receiving Party in connection with the Motions and to whom disclosure is reasonably necessary in connection with the Motions so long as such individuals execute Exhibit A attached hereto and use such Confidential Information only in connection with the Motions (in which case, paragraph 3(j) shall not apply), provided that such Representatives shall comply with all applicable laws and regulations regarding insider trading;

(d)     Advisors who represent or who are retained by the Receiving Party in connection with the Motions, including necessary contract attorneys, paralegals, secretarial, clerical and litigation support or document reproduction service personnel assisting such Advisors;

(e)     Deponents or witnesses and their counsel, to whom disclosure is reasonably necessary for the Motions and who have signed Exhibit A hereto;

(f)     Any person who authored or was an actual or intended recipient of the document;

(g)     Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

(h)     Clerical and data processing personnel involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of Discovery Material, to the extent reasonably necessary to assist the parties or their counsel in connection with the Motions;

(i)     Any other person whom counsel for the parties agree in writing, on the record at deposition, or in any hearing or status conference before the Court, should have access to such Confidential Information; provided however, that the person agrees to be bound by the terms of this Order by executing the undertaking attached as Exhibit A;

(j)     None of the Investors shall receive any Confidential Information or Highly Confidential Information unless and until such time as each determines it wishes to receive such information, in which event each Investor individually shall provide notice to that effect in accordance with paragraph 17 and this paragraph 3(j) shall be automatically amended to include Michael Kelly, Esq., Managing Principal and Chief Legal Officer, Monarch and Colin Daniels,

Esq., Associate General Counsel, Monarch (if Monarch provides such notice), Paul D. Malek, Esq., General Counsel, Stonehill (if Stonehill provides such notice), Michael B. Guss, Esq., First Vice President and Corporate Counsel, Bayview, (if Bayview provides such notice), or James Lightbourne, Esq., General Counsel and Luke Maier, Esq., Legal Counsel, CQS (if CQS provides such notice) (collectively, "Investors' In-House Counsel") who shall be automatically bound by the terms of this paragraph 3(j); provided further that the Investors' In-House Counsel shall not share Confidential Information or Highly Confidential Information with any person other than (x) members or associates of their outside legal counsel, Willkie Farr & Gallagher LLP, who represent or work for the Investors in connection with the Motions, and (y) members of senior management of the Investors who, due to their duties and responsibilities, have a legitimate need to know the Confidential Information or Highly Confidential Information so long as such individuals execute Exhibit A attached hereto and use such Confidential Information or Highly Confidential Information only in connection with their senior managerial responsibilities, and (z) legal and compliance personnel of the Investors who, due to their duties and responsibilities, have a legitimate need to know the Confidential Information or Highly Confidential Information so long as such individuals execute Exhibit A attached hereto and use such Confidential Information or Highly Confidential Information only in connection with their legal and compliance responsibilities, and provided further that the Investors shall take reasonable steps necessary to prevent access to or disclosure of Confidential Information or Highly Confidential Information, whether in electronic, hardcopy or any other form, provided to other persons, including but not limited to trading personnel and investment advisory personnel of the Investors – i.e., a "screening wall" – in such a manner that the Investors shall not be obligated to refrain from trading in any securities whatsoever, including but not limited to

securities issued by the Debtors or any certificates of any residential mortgage backed security issued by any trust for which the Debtors serve or have served as sponsor, servicer, or master servicer; and provided further that nothing set forth in this Order shall constitute an admission by any party that debt obligations of the Debtors or non-debtor affiliates constitute "securities" as such term is defined in the Securities Act of 1933, as amended;

(k)    Regulators, liquidators, or conservators of a Receiving Party, if the Disclosing Party is provided advance notification by the Receiving Party that disclosure is required by such regulators, liquidators, or conservators;

(l)    The Superintendent of Financial Services of the State of New York as the court-appointed rehabilitator of FGIC (the "Rehabilitator"), the Rehabilitator's agents and representatives at the New York Liquidation Bureau (the "NYLB"), and the Representatives and Advisors of the Rehabilitator and his agents and representatives at the NYLB; and

(m)    Any other person designated by the Court, upon such terms as the Court may deem proper.

4.    Except with the prior written consent of the Disclosing Party or order of the Court, no Highly Confidential Information may be disclosed to any person other than the following:

(a)    The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, and professional court reporters engaged to transcribe testimony;

(b)    Advisors who represent or who are retained by the Receiving Party in connection with the Motions, including necessary contract attorneys, paralegals, secretarial,

clerical and litigation support or document reproduction service personnel assisting such Advisors;

      (c)     Any person who authored or was an actual or intended recipient of the document;

      (d)     Court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Highly Confidential Information is disclosed;

      (e)     Clerical and data processing personnel involved in the production, reproduction, organization, filing, coding, cataloging, converting, storing, retrieving and review of Discovery Material, to the extent reasonably necessary to assist counsel in connection with the Motions; and

      (f)     Any other person whom counsel for the parties agree in writing, on the record at deposition, or in any hearing or status conference before the Court, should have access to such Highly Confidential Information; provided however, that the person agrees to be bound by the terms of this Order by executing the undertaking attached as Exhibit A;

      (g)     Regulators, liquidators, or conservators of a Receiving Party, if the Disclosing Party is provided advance notification by the Receiving Party that disclosure is required by such regulators, liquidators, or conservators;

      (h)     The Superintendent of Financial Services of the State of New York as the court-appointed rehabilitator of FGIC (the "Rehabilitator"), the Rehabilitator's agents and representatives at the New York Liquidation Bureau (the "NYLB"), and the Representatives and Advisors of the Rehabilitator and his agents and representatives at the NYLB; and

      (i)     Any other person designated by the Court, upon such terms as the Court may deem proper.

5.      The Disclosing Party may designate the specific testimony during a

deposition or proceeding as "Confidential" or "Highly Confidential" either on the record at the

deposition or other proceeding, or in writing no later than three (3) business days following the

date on which the transcript of the deposition or other proceeding is made available to attorneys

for the Disclosing Party (the "Transcript Designation Period"); provided that testimony

designated as Confidential or Highly Confidential shall remain subject to such designation

during the Transcript Designation Period.  If testimony is not so designated within the Transcript

Designation Period, then such testimony shall not be deemed Confidential except as ordered by

the Court.

6.      A Disclosing Party may designate a document as Confidential Information

by affixing a legend reading "CONFIDENTIAL" to the document.  The Confidential designation

is intended to be used by Disclosing Parties reasonably and in good faith.  A Disclosing Party

may designate a document as Highly Confidential by affixing a legend reading "HIGHLY

CONFIDENTIAL" to the document.  The Highly Confidential designation is intended to be used

by Disclosing Parties sparingly, reasonably, and in good faith.

7.      Notwithstanding the foregoing, should the Receiving Party disagree with

the Disclosing Party's designation of information as Confidential Information or Highly

Confidential Information,  counsel for the Disclosing Party and the Receiving Party shall confer

in good faith to resolve the issue on an expedited basis.  Upon written notice from either the

Disclosing Party or the Receiving Party that a consensual resolution has not been achieved, the

Receiving Party may, within three (3) business days, upon written notice to the Disclosing Party

and on an expedited basis, request that the Bankruptcy Court resolve the issue (subject to the

Court's availability).  The material in question shall be treated as it was initially designated by

the Disclosing Party pending resolution of the issue. If challenged pursuant to this paragraph 7, the Disclosing Party shall bear the burden of establishing that any such material challenged by the Receiving Party is entitled to the designation of "Confidential" assigned by the Disclosing Party.

8.      Any Receiving Party that intends to file any Confidential Information or Highly Confidential Information with the Court in connection with the Motions shall (1) obtain the advance written consent of the Disclosing Party to such offer or use, (2) file under seal the Confidential Information or Highly Confidential Information and any substantive references thereto, or (3) obtain an order of the Bankruptcy Court to permit such disclosure after written notice and a reasonable opportunity for Disclosing Party to be heard on such requested relief. Once an application has been made to file under seal, while awaiting a ruling on such application, papers shall not be publicly filed except in redacted form (with all references to Confidential Material redacted).

9.      Except as otherwise set forth herein, if a Receiving Party or any of the Receiving Party's Representatives is requested pursuant to, or becomes legally compelled by, applicable law, rule, regulation, regulatory authority, or legal process to make any disclosure that is prohibited or otherwise constrained by this Order, the Receiving Party or such Representative, as the case may be, shall provide written notice of such legal proceedings or disclosure (unless such notice is prohibited by applicable law, such regulatory authority or process) to the Disclosing Party or the Disclosing Party's counsel identified in paragraph 17 below, pursuant to the notice provisions set forth herein, promptly upon receiving such request and, unless such disclosure by its terms compels the Receiving Party to disclose such Confidential Information or Highly Confidential Information in a shorter period, at least three (3) business days prior to

compliance by the Receiving Party with the request for Confidential Information or Highly

Confidential Information, so that the Disclosing Party may, at the expense of the Disclosing

Party, seek an appropriate protective order or other appropriate relief, or, in the Disclosing

Party's sole discretion, waive compliance with the terms of this Order.  In the absence of a

protective order or the Receiving Party's receiving such a waiver from disclosure, the Receiving

Party or its Representative shall disclose only that portion of the Confidential Information or

Highly Confidential Information that the Receiving Party or the Representative is advised by the

Receiving Party's counsel is legally required to disclose and shall inform (in writing) any person

to whom any Confidential Information or Highly Confidential Information is so disclosed of the

confidential nature of such Confidential Information.

     10.  Each Receiving Party acknowledges that no Disclosing Party makes any

express or implied representation or warranty hereunder as to the accuracy or completeness of

the Confidential Information or Highly Confidential Information, and each Receiving Party

agrees that no Disclosing Party shall have any liability arising from disclosure of the

Confidential Information or Highly Confidential Information hereunder or for any errors therein

or omissions therefrom.

     11.  This Order shall automatically terminate on the date that is the earliest of

six months following:  (a) approval of a Disclosure Statement in connection with any Plan of

Reorganization of or involving the Debtors; (b) the dismissal of the chapter 11 cases, or (c) the

conversion of the chapter 11 cases to cases under chapter 7 (the "Termination Date").  After the

Termination Date and upon the written request of the Disclosing Party or any of its

Representatives, the Receiving Party shall either (at the Receiving Party's election) (i) promptly

destroy all physical copies of the Confidential Information or Highly Confidential Information in

its possession, and use commercially reasonable efforts to erase or otherwise destroy any

electronic copies of the Confidential Information or Highly Confidential Information that may be

stored on its electronic tapes, drives or other storage systems (other than those maintained for

disaster recovery or archival purposes), or (ii) promptly deliver to the Disclosing Party all copies

of the Confidential Information or Highly Confidential Information in its possession; provided,

however, that the Receiving Party may retain all analyses, compilations, forecasts, studies or

other documents prepared by the Receiving Party and such other Confidential Information or

Attorney's Eyes Only Information that such Receiving Party is required to retain by law or

reasonable and customary internal document retention policies including any internal document

retention policies in effect as of the Termination Date (collectively the "Retained Information");

and provided, however, that backup copies of electronic communications containing Confidential

Information or Highly Confidential Information which are automatically generated through

Receiving Party's data backup and/or archiving systems and which are not readily accessible by

Receiving Party's business personnel (the "electronic copies") shall not be deemed to violate this

Order, so long as such electronic copies are not disclosed or used in violation of the terms of this

Order; provided, further, however, that the Receiving Party shall not be required to return or

destroy any Confidential Information or Highly Confidential Information if the Disclosing Party

agrees in writing that the Receiving Party may retain such Confidential Information or Highly

Confidential Information or the Receiving Party obtains an order of the Bankruptcy Court

authorizing it to retain such Confidential Information or Highly Confidential Information.  If

requested in writing by the Disclosing Party, a Receiving Party shall provide a certification as to

the destruction of any materials in accordance with the foregoing.  Any Receiving Party that

retains any Retained Information or other Confidential Information or Highly Confidential

Information pursuant to the foregoing sentence will continue to be subject to the terms of this Order.

13.    Each Receiving Party acknowledges that a Disclosing Party may seek injunctive relief restricting the further release of Confidential Information or Highly Confidential Information, or the specific performance of the terms of this Order restricting the further release of Confidential Information or Highly Confidential Information, for any breach of this Order by a Receiving Party without proof of actual damages and without the requirement of obtaining any bond or giving any security in connection with the granting of any such relief.

13.    To the extent any party to this Order has not already submitted to the jurisdiction of the Bankruptcy Court, each party to this Order hereby submits to the jurisdiction of the Bankruptcy Court solely with respect to all disputes, action, suits and proceedings arising out of or pursuant to this Order, and expressly agree that nothing in this Order submits the parties to this Order to the jurisdiction of the Bankruptcy Court for any other claim, lawsuit, action or proceeding whether brought with a claim arising out of or pursuant to this Order or not.  The parties to this Order also waive a right to trial by jury of any dispute arising out of or pursuant to this Order.

14.    In addition to the conditions on use of Discovery Material designated "Confidential" set forth in the Order, which apply with equal force to any such Discovery Material relating solely to the personal information of any mortgage loan borrowers (and not to any Debtors) ("NPBI"), NPBI may not be used by the Receiving Party or its experts, consultants, professional vendors, counsel or other secondary recipients or affiliates for the purpose of contacting borrowers or their employers or accountants, whether through formal process or otherwise, or for the purpose of re-verifying borrower credit information, including, but not

limited to, obtaining credit reports and/or verifying employment, income, place of residence,

citizenship, debts or assets, except pursuant to an order from the Bankruptcy Court or a

competent authority authorizing the specific request to seek such information.

15.     To the extent any federal or state law or other legal authority governing

the disclosure or use of NPBI (hereinafter, "Non-Party Borrower Information Law") permits

disclosure of such information pursuant to an order of a court, this Order shall constitute

compliance with such requirement.  To the extent any Non-Party Borrower Information Law

requires a Disclosing Party to obtain a court-ordered subpoena or give notice to or obtain

consent, in any form or manner, from any person or entity before disclosure of any NPBI, the

Court finds that, in view of the protections provided for the information disclosed in this Order,

the volume of documents to be produced and the ongoing oversight of the Court, there is good

cause to excuse such requirement, and this Order shall constitute an express direction that the

Disclosing Party is exempted from obtaining a court-ordered subpoena or having to notify and/or

obtain consent from any person or entity prior to the disclosure of NPBI in the Action(s).  To the

extent that any Non-Party Borrower Information Law requires that any person or entity be

notified prior to disclosure of NPBI except where such notice is prohibited by court order, the

Court directs that, in view of the protections provided for the information disclosed in this Order,

the volume of documents to be produced and the ongoing oversight of the Court, any Disclosing

Party is explicitly prohibited from providing such notice in the Action(s).  Any Disclosing Party

may seek additional orders from this Court that such party believes may be necessary to comply

with any Non-Party Borrower Information Law.

16.     No failure or delay by the Disclosing Party in exercising any right, power

or privilege hereunder will operate as a waiver thereof, nor will any single or partial exercise

thereof preclude any other or further exercise thereof or the exercise of any right, power or privilege hereunder.

17.    All notices and other communications to the parties required or permitted under this Order shall be in writing and shall become effective when delivered by facsimile transmission, electronic mail, overnight courier service, registered or certified mail (postage prepaid) or hand delivery, addressed as follows or to such other addresses as may be thereafter designated in writing by such party to the other parties:

<div style="margin-left:2em">

If to the Debtors or any Disclosing Party:

Residential Capital, LLC
1100 Virginia Drive
Fort Washington, Pennsylvania 19034
Attn:    Tammy Hamzehpour
        Tammy.hamzehpour@gmacrescap.com

With a copy to:

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Attn:    J. Alexander Lawrence, Esq.
        alawrence@mofo.com

If to Monarch:

Monarch Alternative Capital LP
535 Madison Avenue
New York, NY 10022
Attn:    Michael Kelly, Esq.

With a copy to:

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, N.Y. 10019-60997
Attn:    Marc Abrams
        Mary Eaton
        mabrams@willkie.com
        meaton@willkie.com

</div>

If to Stonehill:

Stonehill Capital Management LLC
885 Third Avenue, 30th Floor
New York, NY 10022
Attn:   Paul D. Malek, Esq.

With a copy to:

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, N.Y. 10019-60997
Attn:   Marc Abrams
        Mary Eaton
        mabrams@willkie.com
        meaton@willkie.com

If to CQS:

Legal Department
CQS
5th Floor
33 Grosvenor Place
London SW1X 7HY
United Kingdom
Attn:   Luke Maier, Esq.

With a copy to:

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, N.Y. 10019-60997
Attn:   Marc Abrams
        Mary Eaton
        mabrams@willkie.com
        meaton@willkie.com

If to Bayview:

Bayview Fund Management, LLC
4425 Ponce de Leon Blvd.
Coral Gables, FL 33146
Attn:   Michael B. Guss, Esq.

With a copy to:

Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, N.Y. 10019-60997
Attn:   Marc Abrams
        Mary Eaton
        mabrams@willkie.com
        meaton@willkie.com

If to the Ad Hoc Group:

White & Case LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Attn: J. Christopher Shore

and

Milbank, Tweed, Hadley, & McLoy LLP
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Gerard Uzzi

If to Freddie Mac:

Federal Home Loan Mortgage Corp.
Legal Division
8200 Jones Branch Drive
McLean, VA 22101-3110
Attn:   Barry Parsons, Esq.

With a copy to:

McKool Smith P.C.
One Bryant Park, 47th Floor
New York, N.Y. 10036
Attn:   Michael R. Carney, Esq.
mcarney@mckoolsmith.com

If to Wells Fargo:

Wells Fargo Bank, National Association
625 Marquette Avenue / 16th Floor
MAC N9311-161
Minneapolis, MN 55402

Attn:   Mary L. Sohlberg
mary.l.sohlberg@wellsfargo.com

With a copy to:

Alston & Bird LLP
90 Park Avenue
New York, New York 10016
Attn:   John C. Weitnauer, Esq.
            Michael E. Johnson, Esq.
            kit.weitnauer@alston.com
            michael.johnson@alston.com

If to BNY Mellon:

Robert Major
The Bank of New York Mellon Trust Company, N.A.,
400 South Hope Street, Suite 400
Los Angeles, CA 90071
robert.major@bnymellon.com

With a copy to:

Dechert LLP
1095 Avenue of the Americas
New York, New York 10036-6797
Attn: Glenn E. Siegel, Esq.
glenn.siegel@dechert.com

If to U.S. Bank:

Ms. Mamta K. Scott
Vice President
U.S. Bank National Association
190 S. LaSalle St.
Chicago, IL 60603
mamta.scott@usbank.com

With a copy to:

Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004
Attn:   Ronald L. Cohen, Esq.
            Mark D. Kotwick, Esq.
            cohen@sewkis.com

kotwick@sewkis.com

If to Law Debenture:

Thomas Musarra
Law Debenture Trust Company of New York
400 Madison Avenue
New York, NY 10017
Thomas.Musarra@lawdeb.com

With a copy to:

Seward & Kissel LLP
One Battery Park Plaza
New York, New York 10004
Attn:   Dale C. Christensen, Jr., Esq.
        christensen@sewkis.com

If to FGIC

Financial Guaranty Insurance Company
125 Park Avenue
New York, NY 10017
Attn:     A. Edward Turi, III, Esq.
          edward.turi@fgic.com

With a copy to:

Jones Day
222 East 41st Street
New York, NY 10017
Attn:     Richard L. Wynne, Esq.
          Howard F. Sidman, Esq.
          rlwynne@jonesday.com
          hfsidman@jonesday.com
Counsel for FGIC

-and-

Weil, Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Attn:     Gary T. Holtzer, Esq.
          Richard W. Slack, Esq.
          gary.holtzer@weil.com

richard.slack@weil.com
Counsel for the Rehabilitator

18.     Subject to the Receiving Party's right to challenge any assertion of privilege or prohibition from disclosure, nothing in this Order shall require disclosure of information by a Disclosing Party that the Disclosing Party's Advisors contends is protected or prohibited from disclosure by the attorney-client privilege, the work-product doctrine, or any other legally cognizable privilege or immunity.  If information protected or prohibited from disclosure is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any (i) claim of privilege or work-product immunity for such information or any other information that may be protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other legally cognizable privilege or immunity.  If a Disclosing Party inadvertently or mistakenly produces information to the Receiving Party that is protected or prohibited from disclosure, upon written request by the Disclosing Party after the discovery of such inadvertent or mistaken production, the Receiving Party shall use all commercially reasonable efforts to return or destroy the information for which a claim of inadvertent production is made and all copies of it, including any work product containing, identifying, or referencing such information, within five (5) business days of such request, and the Receiving Party shall not use such information for any purpose other than in connection with a motion to compel production of the information.

**IT IS SO ORDERED.**

Dated: July 16, 2013
        New York, New York

                                    _____/s/Martin Glenn_____
                                    MARTIN GLENN
                                    United States Bankruptcy Judge

## EXHIBIT A

## CONFIDENTIALITY DECLARATION

I, the undersigned, hereby certify that I have read and understand the Order Regarding The Exchange of Confidential Information (the "Order") in connection with the *Debtors' Motion for an Order under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter into and Perform under a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee and Certain Consenting Claimants*, dated May 23, 2013, [Docket No. 3814] (the "PSA Motion") and/or the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval Of The Settlement Agreement Among The Debtors, FGIC, The FGIC Trustees And Certain Individual Investors*, dated June 7, 2013 [Docket No. 3929] (the "FGIC 9019 Motion" and together with the PSA Motion, "the Motions"), reached in *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y.). I understand that Confidential Information or Highly Confidential Information being provided to me is governed by the terms of the Order. I agree to be bound by the terms of the Order and to submit to the jurisdiction of the U.S. Bankruptcy Court for the Southern District of New York with respect to any proceeding related to the enforcement of the Order. I will not disclose Confidential Information or Highly Confidential Information to anyone other than people specifically authorized by the Order or use the Confidential Information or Highly Confidential Information for any purpose other than in connection with the Motions. I will maintain all such Confidential Information or Highly Confidential Information including copies, notes or other transcriptions made from Confidential Information or Highly Confidential Information in a secure manner to prevent unauthorized access to it. I will return the Confidential Information or Highly Confidential Information or cause such Confidential Information or Highly Confidential Information to be returned, including copies, notes or other transcriptions made from Confidential Information or Highly Confidential Information to the counsel from whom I received such materials or destroy such materials subject to and in a manner consistent with the Order.

I declare that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

Dated: _____        Signature: _____