# EXHIBIT A

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 24, 2013

**By Email**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, New York  10004

      Re:    *In re Residential Capital, LLC, et al.*, Chapter 11 Case No. 12-12020 (MG)

Dear Judge Glenn:

      We represent Monarch Alternative Capital LP ("Monarch"), Stonehill Capital Management LLC ("Stonehill"), CQS ABS Master Fund Limited, CQS ABS Alpha Master Fund Limited (together "CQS"), and Bayview Fund Management LLC ("Bayview" and together with Monarch, Stonehill, and CQS, the "Investors"), in their capacity as investment advisors to funds which have investments in "wrapped" securities issued by certain of the residential mortgage-backed securities trusts insured by FGIC.  Collectively, the Investors hold more than $716 million current face value in 24 of the 47 FGIC-wrapped trusts.  Pursuant to the Court's direction at the telephonic Status Conference held on June 19, we hereby submit a proposed scheduling order for the hearing on the Investors objection to the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval Of The Settlement Agreement Among The Debtors, FGIC, The FGIC Trustees And Certain Individual Investors*, [Docket No. 3929] (the "Motion").

      At the Status Conference, the Court indicated that it was available to conduct an evidentiary hearing on the Motion on July 23-24 or on August 19-20, although it preferred that the hearing proceed in July.  We appreciate the Court's desire to resolve the Motion with dispatch, and consistent with the Court's admonition to the parties to "get going" and "keep working," we have made every effort to move discovery forward so that the hearing can proceed without undue delay.  Unfortunately, virtually all of our efforts have been rebuffed with the result that, should the hearing proceed in July, the Investors will be deprived of a full and fair opportunity to protect their rights.  Accordingly, we respectfully submit that the hearing on this Motion should be set for August, for the reasons set forth below.

*Background*

On June 13, the Investors served document demands and deposition notices upon the Trustees, the Debtors and others in accordance with the Court's direction at the May 29 status conference. To date, we have not received any documents whatsoever and virtually no information that would enable us to set a meaningful deposition schedule.[1]

With respect to document production, we have repeatedly requested that the documents be produced, and agreed to treat them on an "attorneys' eyes only" basis and not to use them in connection with any other proceeding until a mutually acceptable confidentiality agreement could be finalized, so that no time would be lost. Notwithstanding those efforts, we were told that the Settlement Parties[2] believed they were entitled to withhold responsive documents until June 26, the date set forth in their *proposed* scheduling order, although of course they had no authority to do so under the Rules. The only document we have seen thus far is a copy of the report prepared by Duff & Phelps (the "Report"), who allegedly provided independent expert advice to the Trustees regarding the reasonableness of the Commutation Amount, a critical issue in dispute.[3] However, we were only permitted access to the Report until Friday, June 21 unless we had concluded a confidentiality agreement by then, supposedly because FGIC (which did not engage Duff & Phelps and did not commission the Report) demanded that it remain confidential and set a limit on our review period. When the parties could not come to terms on a confidentiality agreement by Friday, we timely destroyed the Report as agreed. Nevertheless, we were falsely accused of "reneging" on the Agreement by not "returning" it instead and were told that our commitment, as officers of the Court, to treat all documents on an attorneys' eyes only basis would not suffice. As such, almost two weeks after serving our document requests – and agreeing to narrow those requests in the interests of efficiency after multiple meet-and-confer sessions – we are left without a single document from the Trustees or FGIC, and a small document production from the Debtors.

Apart from the Settlement Parties' calculated attempt to delay producing documents for as long as possible, as we mentioned to the Court at the Status Conference, it is evident that they intend to

---

[1] At approximately 11:45 p.m. last night, the Debtors produced approximately 2,000 pages of documents. This production arrived one hour and five minutes after counsel for the Debtors wrote to us stating they had "not located any responsive documents that are neither privileged nor governed by the mediation confidentiality order." Because of the manner in which they were produced to us, we have not been able to review any of those documents as of the time of writing. None of the other Settlement Parties have produced any documents.

[2] The "Settlement Parties" include The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A., U.S. Bank National Association, Wells Fargo Bank, N.A., and Law Debenture Trust Company of New York solely in their capacities as trustees, indenture trustees, or separate trustees (collectively, the "Trustees"), Residential Capital, LLC and its direct and indirect subsidiaries (collectively, the "Debtors"), the Institutional Investors, and Financial Guaranty Insurance Company ("FGIC").

[3] *See*, *e.g.*, Declaration of Mamta K. Scott in support of *Joinder of Certain RMBS Trustees to the Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants*, dated June 10, 2013 [Docket No. 3940-5] at 19-22, and 65.

9775296

withhold documents on the grounds of privilege without producing a privilege log. Throughout our numerous meet-and-confer sessions, and in their objections to our requests for documents, the Trustees have asserted that the documents in their possession or control are privileged to the extent they include communications with counsel. But it is well established that where, as here, a trustee has materials created or obtained in connection with the performance of its fiduciary duties on behalf of beneficiaries, such documents cannot be withheld on the ground that they are subject to the attorney-client privilege.[4] In other words, the Trustees cannot, on the one hand, claim that materials pertaining to the FGIC Settlement Agreement were not created or obtained in connection with the performance of their fiduciary duties while, on the other hand, simultaneously ask this Court to find that they "*acted* . . . in the best interests of the Investors"[5] by entering into the very same Agreement. Further, to the extent the Trustees and the other Settlement Parties intend to assert the mediation privilege, that privilege (at least in part) may be inapplicable here. The Second Circuit has made clear that otherwise confidential mediation documents are discoverable where, as here, the party seeking production can show (1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality.[6] While we have requested that any documents withheld on the basis of the mediation privilege be logged so that we may challenge the log, if appropriate, the Settlement Parties have neither logged the documents nor substantiated the burden they claim they would suffer in doing so.

Our attempts to work out a mutually acceptable deposition schedule have likewise proved to be futile. During the meet-and-confer process, we proposed that certain of the deponents the Investors had noticed for deposition could proceed via Rule 30(b)(6) so as to eliminate the need for multiple individual witnesses. That proposal was ignored. We also suggested that we could focus on a set of core depositions following which we could determine whether any further depositions were necessary. That approach was rejected. We then asked who the Settlement Parties planned to call at trial so we could focus our attentions on them. No response to that question has been forthcoming. Instead, all we have been told is that "fact discovery needs to be completed on July 10, 2013" ostensibly because "two of the key witnesses for the Trustees will be traveling during the prior week." When we inquired about the identity of the "two key witnesses," why they were unavailable, and whether there were other witnesses who likewise had scheduling issues, our questions were almost entirely disregarded. While we were advised that one of these "key witnesses" is on vacation the week of July 1, we do not know

---

[4]     *See*, *e.g.*, *Official Comm. of Asbestos Claimants of G-I Holding, Inc. v. Heyman*, 342 B.R. 416, 424 (S.D.N.Y. 2006) ("Lower courts in the Second Circuit, including this Court, have applied the fiduciary exception" to attorney-client privilege); *Garner v. Wolfinbarger*, 430 F.2d 1093, 1103 (5th Cir. 1970) ("management judgment must stand on its merits, not behind an ironclad veil of secrecy which under all circumstances preserves it from being questioned by those for whom it is, at least in part, exercised."), *cert denied*, 401 U.S. 974 (1971).

[5]     Proposed Order attached as Exhibit 1 to *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among FGIC, the Debtors, the Trustees and the Institutional Investors* filed June 6, 2013 [Docket No. 3939-1] at C.

[6]     *In re Teligent, Inc.*, 640 F.3d 53, 58 (2d Cir. 2011).

9775296

the identity of either "key witness," or, for that matter, what other scheduling impediments may exist for any of the other witnesses we have already noticed.[7]

### *The Investors' Proposed Schedule*.

The Investors respectfully submit that the hearing should proceed in August, in accordance with the proposed order submitted by Federal Home Loan Mortgage Corporation ("Freddie Mac"). In addition to the reasons set forth by Freddie Mac in its submission to the Court, the Investors believe that the Settlement Parties' proposal that the Motion be heard in July is unworkable and unfair.

*First*, the July proposal does not provide sufficient time, given the circumstances, to conclude discovery in a rational fashion. As set forth above, it is evident that the Settlement Parties have no desire to proceed with a schedule that is both expeditious and fair. Rather, their transparent aim is to secure an expedited hearing while foot-dragging on their discovery obligations. Their July proposal, for example, contemplates that they will not produce any documents until Wednesday, June 26 and that depositions will be completed within two weeks immediately thereafter. The July 4 holiday, however, falls the next week and at least two (and possibly more) witnesses will be unavailable then. Even under the Settlement Parties' proposal, at least 12 depositions are to take place within that time frame (and we believe there will be more). That leaves approximately three business days to complete all of those depositions, after factoring in only a few days to review the long-overdue productions before the witnesses are to testify, and without taking into account the need to resolve disputes regarding the Settlement Parties' privilege claims. What is more, the July proposal requires the Investors to produce expert reports two business days after documents are produced and before depositions begin, which is backwards. Expert disclosures should take place after fact discovery is complete, not before.

*Second*, the July proposal does not permit discovery in the Rehabilitation Proceeding and this Motion to proceed in parallel because it does not leave enough time to finish discovery in respect of this Motion in a rational manner, let alone in both proceedings. Under the August proposal by contrast, discovery in both proceedings can be coordinated, preventing duplication and fostering efficiency.

*Third*, there is simply no reason for the Motion to be determined on such an expedited basis. Indeed, since the Settlement Agreement must be approved by the Rehabilitation Court (which is slated to hear a motion for approval on the Agreement on August 6), the Debtors cannot proceed with their plan until the Rehabilitation Court concludes its process. Accordingly, there is no reason to rush this process, particularly given the important issues at stake.

---

[7]  Counsel for the Debtors has supplied availability dates for two witnesses, both of whom supplied declarations in support of the FGIC 9019 Motion. We have not received any response from counsel for any of the other Settlement Parties.

In sum, if the Settlement Parties truly wished to get this matter resolved in July, they should have and could have done what was necessary to accomplish that goal, including by producing documents in a timely fashion and working together to set a meaningful schedule. Having thrown up roadblocks at every turn, however, they should not be rewarded for their recalcitrance particularly where they would suffer no prejudice by having the Motion determined only a few weeks later and in coordination with a parallel proceeding. In the event the Court should determine that the Motion cannot await an August hearing date, we have enclosed an alternative July proposal which we believe would better meet the needs of the parties than that proposed by the Settlement Parties.

Respectfully submitted,

*M. Eaton.*

Mary Eaton


cc: Charles L. Kerr, Esq. (by electronic delivery)
    James L. Garrity, Esq. (by electronic delivery)
    Glenn E. Siegel, Esq. (by electronic delivery)
    Mark. D. Kotwick, Esq. (by electronic delivery)
    John C. Weitnauer, Esq. (by electronic delivery)
    Dale. C. Christensen, Jr., Esq. (by electronic delivery)
    Kenneth H. Eckstein, Esq. (by electronic delivery)
    Howard F. Sidman, Esq. (by electronic delivery)

9775296