# EXHIBIT A

## Exhibit A
## Summary of Trustees' Document Productions

| Producing Party | Bates Range | Summary of Production |
|---|---|---|
| **BNY** **Total documents produced: 38** | BNYM 1 – 200 | • Confidentiality Agreement (between Debtors and BNY in connection with Gibbs & Bruns Settlement, • Confidentiality Agreement between Debtors and Trustees • Confidentiality Agreement between Talcott Franklin & Trustees • UCC Bylaws • Order Appointing Mediator • Confidentiality Order re. Examiner Submissions • Joinder to Confidentiality Order re. Examiner Submissions • Confidentiality Agreement between FGIC and Trustees • Confidentiality letter from Lazard to Trustees re Duff & Phelps disclosures • May 8, 2013 email attaching Duff & Phelps analysis • Signature page of FGIC/Trustee NDA, April 2013 • FGIC/Trustee NDA • Execution page of FGIC/Trustee NDA • Execution page from FGIC settlement agreement • Lazard/Trustee NDA • May 23, 2013 Redacted email chains between Counsel & BNY attaching FGIC Settlement Agreement signature page |
| **U.S. Bank** **Total documents produced: 19** | USB_MS 1 – 176 | • FGIC Settlement Agreement • FGIC/Trustee Confidentiality Agreement (x3) • May 8, 2013 email attaching D&P analysis • May 15, 2013 D&P analysis • Confidentiality Agreement re. Examiner Submissions • Confidentiality Agreement between Talcott Franklin & Trustees • Confidentiality Agreement between Debtors & Trustees (x2) • Order appointing Mediator • UCC Bylaws • Duff & Phelps Engagement Letter, July 23, 2012 |
| **Wells Fargo** **Total documents produced: 13** | WFB_MS 1- 84 | • May 8, 2013 D&P analysis • Confidentiality Agreement re. Examiner Submissions • Joinder to Confidentiality Order re Examiner Submissions • Confidentiality Agreement between Debtors & Trustees (x2) • Confidentiality Agreement between FGIC and Trustees • Confidentiality Agreement between FGIC & Trustees (not executed) • Confidentiality Agreement between FGIC & Trustees • Order appointing Mediator • Lazard Engagement Letter |

# EXHIBIT B

**Williams, Pia**

| | |
|---|---|
| **From:** | Kahan, Rebecca [Rebecca.Kahan@dechert.com] |
| **Sent:** | Monday, July 15, 2013 8:06 PM |
| **To:** | Eaton, Mary; Baio, Joseph; James, Emma |
| **Cc:** | 'Hao, William'; Shalhoub, Paul; Hardy, Jennifer; 'Eckstein, Kenneth H.'; EXT munno@sewkis.com; rlwynne@jonesday.com; hfsidman@JonesDay.com; 'Kaufman, Philip S.'; jgarrity@morganlewis.com; rmauceri@morganlewis.com; 'Weitnauer, Kit'; 'Johnson, Michael'; jgoodchild@morganlewis.com; jrosenthal@morganlewis.com; 'Ringer, Rachael'; mcarney@mckoolsmith.com; pgoodman@mckoolsmith.com; bumari@mckoolsmith.com; Espana, Mauricio; Kotwick, Mark; 'Howard S. Koh'; Gelfarb@mosskalish.com; 'Lawrence, J. Alexander'; Maloney, Brian; Charles L. Kerr; Shore, Christopher; glee@mofo.com; Siegel, Glenn; Espana, Mauricio; Moore, James |
| **Subject:** | In re Residential Capital, LLC, et al., Case No. 12-12020 |
| **Attachments:** | 2013 07 15 Production.zip; 2013.07.15 Ltr from Kahan to Eaton.PDF |

Please see the attached.

Regards,

Rebecca

_____

Rebecca S. Kahan
Dechert LLP
+1 212 698 3861 Direct
rebecca.kahan@dechert.com
www.dechert.com

This e-mail is from Dechert LLP, a law firm, and may contain information that is confidential or privileged. If you are not the intended recipient, do not read, copy or distribute the e-mail or any attachments. Instead, please notify the sender and delete the e-mail and any attachments. Thank you.


LLP

1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

REBECCA S. KAHAN

rebecca.kahan@dechert.com
+1 212 698 3861 Direct
+1 212 698 0447 Fax

July 15, 2013

**VIA ELECTRONIC MAIL**

Mary Eaton, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019-6099

Re:  *In re Residential Capital, LLC, et al.,*
      Case No. 12-12020 (MG)

Dear Ms. Eaton:

On behalf of The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A. (collectively, "BNY Mellon"), we are producing to you as counsel for Monarch Alternative Capital LP, Stonehill Capital Management LLC, CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited, and Bayview Fund Management LLC documents bearing Bates-labels BNYM-MS 000179 through BNYM-MS 000199. Additionally, we are reproducing to you documents bearing Bates-labels BNYM-MS 000102 through BNYM-MS 000111, BNYM-MS 000116 through BNYM-MS 000148, and BNYM-MS 000153 through BNYM-MS 000154.

These documents are being produced subject to the objections and limitations set forth in (i) The Trustees' Objections and Responses to Monarch Alternative Capital LP and Stonehill Capital Management LLC's first Request for the Production of Documents to the Trustees dated June 16, 2013; (ii) The Trustees' Objections and Responses to Monarch Alternative Capital LP and Stonehill Capital Management LLC's Supplemental Request for the Production of Documents to the Trustees dated June 28, 2013; and (iii) The Trustees' Objections and Responses to Monarch Alternative Capital LP, Stonehill Capital Management LLC, CQS ABS Master Fund Limited, CQS ABS Alpha Master Fund Limited, and Bayview Fund Management LLC's Supplemental Request for the Production of Documents to the Trustees dated June 28, 2013. The documents in the enclosed production have been labeled "Confidential" and, in accordance with the Court's directive at the conference on June 24, 2013, shall be treated as "Professionals' Eyes Only" pending the entry of an agreed upon confidentiality agreement.

14989079.1

US  Austin  Boston  Charlotte  Hartford  Los Angeles  New York  Orange County  Philadelphia  Princeton  San Francisco  Silicon Valley
Washington DC    EUROPE  Brussels  Dublin  Frankfurt  London  Luxembourg  Moscow  Munich  Paris    ASIA  Beijing  Hong Kong



Mary Eaton, Esq.
July 15, 2013
Page 2

Please feel free to call or email me if you have any questions.

Sincerely,

Rebecca S. Kahan

cc:      Peter S. Goodman, Esq.

RSK

# EXHIBIT C

**DECHERT LLP**
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**SEWARD & KISSEL LLP**
Mark D. Kotwick
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | ) |
| | ) **Chapter 11** |
| Debtors. | ) |
| | ) **Jointly Administered** |

**THE TRUSTEES' OBJECTIONS AND RESPONSES TO MONARCH ALTERNATIVE CAPITAL LP, STONEHILL CAPITAL MANAGEMENT LLC, CQS ABS MASTER FUND LIMITED, CQS ABS ALPHA MASTER FUND LIMITED, AND BAYVIEW FUND MANAGEMENT LLC'S SUPPLEMENTAL REQUEST FOR THE <u>PRODUCTION OF DOCUMENTS TO THE TRUSTEES</u>**

Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034 (the "Bankruptcy
Rules") and the Local Rules of this Court, The Bank of New York Mellon, The Bank of New
York Mellon Trust Company, N.A. (collectively, "BNY Mellon"), U.S. Bank National
Association ("U.S. Bank"), and Wells Fargo Bank, N.A. ("Wells Fargo"), solely in their
respective capacities as trustee, indenture trustee, securities administrator, co-administrator,
paying agent, grantor trustee, custodian and/or other similar agencies or as master servicer for
certain mortgage backed securities trusts (collectively, the "Trustees"), by and through their
undersigned counsel, hereby object and respond as follows to Monarch Alternative Capital LP
("Monarch"), Stonehill Capital Management LLC ("Stonehill"), CQS ABS Master Fund Limited
and CQS ABS Alpha Master Fund Limited (together, "CQS"), and Bayview Fund Management
LLC's ("Bayview", together with Monarch, Stonehill, and CQS the "Advisors") Supplemental
Request for the Production of Documents to the Trustees (the "Additional Document Requests").

## GENERAL OBJECTIONS

The Trustees object to the Additional Document Requests as a whole on the grounds set
forth below.  To avoid repetition, the Trustees hereby incorporate the following general
objections (the "General Objections") to each of their specific answers set forth below as if these
objections were set forth in their entirety in each answer.

1.    The Trustees object to the Additional Document Requests to the extent
they purport to be directed to the Trustees in any capacity other than as Trustee for those certain
mortgage backed securities Trusts (as defined by the Additional Document Requests).  In
responding to the Additional Document Requests, the Trustees will respond solely in that
capacity.

- 2 -

2.    The Trustees object to the definition of "Trustees" or "You" with respect to the Trustees as overbroad and unduly burdensome to the extent it encompasses persons or entities other than the Trustees (i.e., consultants, representatives, advisors, attorneys or agents) or otherwise calls for documents not in the Trustees' possession, custody or control.

3.    The Trustees object to the Additional Document Requests as unduly burdensome insofar as they served the Trustees by email at 11:57 p.m. on June 26, 2013 and called for production by 5:00 p.m. on June 28, 2013.

4.    The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable, inadmissible, protected by the mediation privilege or otherwise not discoverable pursuant to General Order Amending, and Restating M-143 and M-211, dated December 1, 2009, and/or the Bankruptcy Court's December 26, 2012 Order Appointing Mediator (Docket No. 2519; the "Mediation Order"), which provides, in relevant part that:

> all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator, (b) any mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the mediation shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or party participating in the mediation, whether a direct participant or member of a committee or group, including counsel for any Mediation Party or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer or counteroffer that may be made or provided in connection with the mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court.

5.    The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable, or otherwise not discoverable pursuant to (i) that certain Confidentiality Agreement between Financial Guaranty Insurance Company and Wells Fargo dated April 12, 2013, (ii) that certain Confidentiality Agreement between Financial Guaranty Insurance Company and BNY Mellon dated April 15, 2013, and/or (iii) that certain Confidentiality Agreement between Financial Guaranty Insurance Company and U.S. Bank dated April 15, 2013 (i, ii, and iii, each a "FGIC Confidentiality Agreement," and together the "FGIC Confidentiality Agreements").

6.    The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable, or otherwise not discoverable pursuant to that certain Confidentiality Agreement by and among Residential Capital, LLC, and its debtor affiliates, and Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas (collectively, "Deutsche Bank"), BNY Mellon, Wells Fargo, and U.S. Bank, executed by the parties in July 2012 (the "ResCap Debtors Confidentiality Agreement").

7.    The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable, or otherwise not discoverable pursuant to (i) that certain Confidentiality Undertaking between Gibbs & Bruns LLP and Wells Fargo, dated June 25, 2012, (ii) that certain Confidentiality Undertaking between Gibbs & Bruns LLP and BNY Mellon, dated June 14, 2012, (iii) that certain Confidentiality Undertaking between Gibbs & Bruns LLP and U.S. Bank, dated June 18, 2012, (iv) that certain Confidentiality Undertaking between Talcott Franklin P.C. and Wells Fargo, dated June 25, 2012, (v) that certain Confidentiality Undertaking between Talcott Franklin P.C. and BNY Mellon, dated September 5, 2012, and (vi) that certain Confidentiality Undertaking between

Talcott Franklin P.C. and U.S. Bank, dated August 9, 2012 (i, ii, iii, iv, v, and vi, each a "Steering Committee and Talcott Franklin Confidentiality Agreement," and together the "Steering Committee and Talcott Franklin Confidentiality Agreements").

      8.    The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable or otherwise not discoverable pursuant to the By-Laws of the Official Committee of Unsecured Creditors of Residential Capital, LLC, *ET AL.* (Bankr. S.D.N.Y.), Case No. 12-12020 (MG), dated June 2012 (the "Committee Confidentiality Agreement").[1]

      9.    The Trustees object to the Additional Document Requests to the extent they are overbroad and unduly burdensome, call for the production of documents which are neither material nor necessary to the prosecution of this matter, nor reasonably calculated to lead to the discovery of admissible evidence.  In particular and without limitation, the Trustees object to the Additional Document Requests to the extent they seek documents that are irrelevant and beyond the scope of the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees, and Certain Individual Investors*, dated June 7, 2013 (Docket No. 3929; the "FGIC Settlement Motion").

      10.    The Trustees object to the Additional Document Requests and the instructions and definitions contained therein to the extent they seek to impose burdens upon the Trustees that are different from or in addition to those authorized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

---

[1] BNY Mellon and U.S. Bank are each members of the Committee.  Wells Fargo is not.

- 5 -

11.    The Trustees object to the Additional Document Requests to the extent they request information protected by the attorney-client privilege, work-product doctrine, common interest privilege, settlement privilege, or any other privilege or immunity. Nothing contained in documents or information produced is intended as, or shall in any way be deemed, a waiver of any such applicable privilege or doctrine.

12.    The Trustees object to the Additional Document Requests to the extent that they seek or purport to seek information that is already in the possession, custody or control of Holders or Holders' counsel, or which is readily available from other parties, third parties or in the public domain.

13.    The Trustees object to the Additional Document Requests to the extent they are overbroad and unduly burdensome, call for the production of documents which are neither material nor necessary to the prosecution of this matter, nor reasonably calculated to lead to the discovery of admissible evidence.

14.    The Trustees object to the Additional Document Requests to the extent that they are cumulative, duplicative and/or repetitious.

15.    The Trustees object to the Additional Document Requests to the extent that they seek oral communications and/or conversations which were not documented and which cannot reasonably be reproduced.

16.    The Trustees object to the Additional Document Requests to the extent that they seek production of confidential, proprietary and/or trade secret information, or information or documents containing commercially sensitive information relating to the clients,

- 6 -

business, internal policies, procedures, programs and/or guidelines of the Trustees ("Confidential Information"). The Trustees shall not produce any Confidential Information prior to the Holders entering into an appropriate confidentiality stipulation providing that Confidential Information shall not be disclosed to third parties nor used for any purpose other than prosecuting the Holders' objections in this case.

17.    The Trustees object to the Additional Document Requests to the extent that they would require the Trustees to search backup tapes or drives, deleted data or legacy data from obsolete systems for responsive documents. These types of media are not reasonably accessible and would entail undue burden and expense to restore and search.

18.    The Trustees object to the unilateral protocol regarding the production of electronically stored information ("ESI") purportedly imposed by the Holders. Counsel for the Trustees agrees to meet and confer to discuss a mutually acceptable protocol regarding the production of ESI.

19.    The Trustees object to the Additional Document Requests to the extent that they can be construed to suggest, infer, or imply that the documents requested actually exist, or to the extent that the Holders seek to assert facts or legal conclusions in defining the requested information in the Additional Document Requests. To the extent the Trustees agree to produce documents responsive to an Additional Document Request, such agreement does not confirm that the documents exist or that there are any such documents in the possession, custody or control of the Trustees. Any agreement to produce documents responsive to an Additional Document Request indicates merely that the Trustees will produce documents responsive to such

- 7 -

Additional Document Request, if any, that are located upon a reasonable search, subject to all responses and objections, general and specific, set forth herein.

20.     The Trustees reserve their right to supplement their responses as permitted by the Federal Rules of Civil Procedure.

21.     The Trustees' responses to the Additional Document Requests are hereby made without in any way waiving or intending to waive, but rather preserving and intending to preserve: (a) all questions as to relevance, materiality, and admissibility as evidence for any purpose in this or any other court action or judicial or administrative proceeding or investigation; (b) the right to object on any ground to the use of the information in this or any other court action or judicial or administrative proceeding or investigation; (c) the right to object at any time in any further response to this or any other discovery request; and (d) the right to supplement these answers at any time.

## SPECIFIC OBJECTIONS AND RESPONSES
## TO REQUESTS FOR PRODUCTION

**Request for Production No. 1:** *All documents (including communications) concerning any opinion of counsel requested by or rendered to the Trustees concerning the FGIC Settlement Agreement, the PSA, the FGIC Rehabilitation Action, or the Commutation Amount.*

**Response to Request for Production No. 1:**

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request as unnecessary and duplicative of Supplemental Request for Production 53. The Trustees refer the Advisors to and incorporate by reference as if fully stated herein their responses and specific objections to that Request.

**Request for Production No. 2:** *All documents (including communications) concerning the proposed findings 3, 4, and 5 in the Proposed PSA Order and the proposed findings in paragraphs C, D, and E in the Proposed Settlement Agreement Order including but not limited to the submissions to the court concerning the PSA Motion and the 9019 Motion (including but not limited to any statements made in such submissions whether in supporting declarations or otherwise) and all documents concerning any indemnification agreement entered into by the*

- 8 -

*Trustees in connection with the PSA, the FGIC Settlement Agreement, or any agreement related to and including the FGIC Rehabilitation Plan.*

**Response to Request for Production No. 2:**

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request as unnecessary and duplicative of Supplemental Request for Production 57. The Trustees refer the Advisors to and incorporate by reference as if fully stated herein their responses and specific objections to that Request.

**Request for Production No. 3:** *All documents (including communications) concerning any direction or instruction to the Trustees by any Holder regarding the FGIC Settlement Agreement, the PSA, the FGIC Rehabilitation Plan or the Commutation Amount.*

**Response to Request for Production No. 3:**

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request to the extent it seeks production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Trustees object to this Request to the extent that it seeks production of documents that are not subject to discovery pursuant to the Mediation Order. Subject to and without waiving the specific and General Objections set forth herein, and subject to entry into an appropriate confidentiality stipulation, the Trustees will produce non-privileged or non-protected documents that they reasonably understand to be responsive to the portion of this Request that seeks communications related to the FGIC Settlement Agreement or the Commutation Amount, if any.

**Request for Production No. 4:** *All documents (including communications) concerning the disclosure or non-disclosure of information by the Trustees to any Holder concerning the Chapter 11 Cases or the FGIC Rehabilitation Action, including but not limited to FGIC Settlement Agreement [sic], the PSA, the FGIC Rehabilitation Plan, or the Commutation Amount.*

**Response to Request for Production No. 4:**

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request to the extent it seeks production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Trustees object to this Request on the grounds that it is unduly burdensome and overly broad. The Trustees object to this Request to the extent that it seeks production of documents that are not subject to discovery pursuant to the Mediation Order. Subject to and without waiving the specific and General Objections set forth herein, and subject to entry into an appropriate confidentiality stipulation, the Trustees will produce non-privileged or non-protected documents that they reasonably understand to be responsive to the portion of this Request that seeks communications related to the FGIC Settlement Agreement or the Commutation Amount, if any.

**Request for Production No. 5:** *To the extent You refuse to produce documents responsive to any Request for documents propounded by the Advisors on the grounds of confidentiality, all*

- 9 -

*contracts, agreements or understandings that allegedly require You to maintain the documents or information in confidence, and all documents concerning Your alleged obligation to maintain the documents or information in confidence pursuant to such contracts, agreements or understandings.*

### Response to Request for Production No. 5:

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request to the extent it seeks production of documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Trustees object to this Request on the grounds that it is unduly burdensome and overly broad. The Trustees object to this Request to the extent that it seeks production of documents that are not subject to discovery pursuant to the Mediation Order. The Trustees object to this Request to the extent it seeks documents protected by the attorney-client privilege, the common interest privilege, and/or the work product immunity doctrine. Subject to and without waiving the specific and General Objections set forth herein, the Trustees will produce non-privileged or non-protected documents responsive to this Request.

*[remainder of this page intentionally left blank.]*

Dated:  New York, New York

June 28, 2013

**DECHERT LLP**
By: /s/ Glenn E. Siegel
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
By: /s/ Michael E. Johnson
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

**SEWARD & KISSEL LLP**
By: /s/ Mark D. Kotwick
Mark D. Kotwick
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

SK 03687 0119 1394438 v2

- 11 -

# EXHIBIT D

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee*
*of Certain Mortgage Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 12-12020 (MG) |
| Residential Capital, LLC, *et al.*, | ) |
| | ) Chapter 11 |
| Debtors. | ) |
| | ) Jointly Administered |

**RESPONSES AND OBJECTIONS OF WELLS FARGO BANK, N.A. TO**
**MONARCH ALTERNATIVE CAPITAL LP, STONEHILL CAPITAL MANAGEMENT**
**LLC, CQS ABS ALPHA MASTER FUND LIMITED, CQS ABS MASTER FUND**
**LIMITED, AND BAYVIEW FUND MANAGEMENT LLC'S**
**FIRST AND SECOND SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rule 7033 of the Federal

Rules of Bankruptcy Procedure, Wells Fargo Bank, N.A., solely in its capacity as trustee for

certain mortgage backed securities trusts ("**Wells Fargo**"), hereby responds and objects to (i) the

June 21, 2013 First Set of Interrogatories (the "**First Interrogatories**") by Monarch Alternative

Capital LP, Stonehill Capital Management LLC, CQS ABS Alpha Master Fund Limited, CQS

ABS Master Fund Limited, and Bayview Fund Management LLC (collectively, the "**Objecting**

**Parties**") and (ii) the June 26, 2013 Second Set of Interrogatories (the "**Second**

**Interrogatories**," together with the First Interrogatories, the "**Interrogatories**") by Monarch

Alternative Capital LP, Stonehill Capital Management LLC, CQS ABS Alpha Master Fund Limited, CQS ABS Master Fund Limited, and Bayview Fund Management LLC, as follows.

### General Objections

1.    Wells Fargo objects to the Interrogatories to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product or trial preparation doctrines, the joint defense and common interest privilege or other applicable privilege, as defined by statute, rule, or common law.

2.    Wells Fargo objects to the Interrogatories to the extent they purport to require Wells Fargo to identify persons not employed by Wells Fargo, as Wells Fargo does not have first-hand knowledge regarding such matters.

3.    Wells Fargo objects to the Interrogatories on the ground that they seek information that is neither relevant to the Objecting Parties' evaluation and/or assessment of Wells Fargo's decision to enter into the FGIC Settlement Agreement nor reasonably calculated to lead to the discovery of admissible evidence.    Further, Wells Fargo objects to the Interrogatories to the extent that they seek information that is beyond the scope of the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees, and Certain Individual Investors*, dated June 7, 2013 (Docket No. 3929; the "**FGIC Settlement Motion**").

4.    Wells Fargo objects to the Interrogatories to the extent they seek information that is subject to confidentiality restrictions contained in the Court's *Order Appointing Mediator* (Docket No. 2519).

5.    Wells Fargo objects to the Interrogatories on the grounds that they seek information that is in the possession, custody and control of others and is more properly sought from a different party.

6.    Wells Fargo objects to the Interrogatories to the extent they purport to be directed to Wells Fargo in any capacity other than as trustee, indenture trustee, securities administrator, co-administrator, paying agent, grantor trustee, custodian and/or other similar agencies or as master servicer for certain mortgage backed securities trusts.

7.    Wells Fargo objects to the Interrogatories and the definitions and instructions set forth therein to the extent they seek to impose broader obligations on Wells Fargo than imposed by Rule 33 of the Federal Rules of Civil Procedure, or Rule 7033 of the Federal Rules of Bankruptcy Procedure.

8.    Wells Fargo objects to the Interrogatories as unduly burdensome to the extent they purport to unilaterally shorten the period of time in which Wells Fargo is obligated to respond under Rule 33 of the Federal Rules of Civil Procedure, or Rule 7033 of the Federal Rules of Bankruptcy Procedure, to three business days.

9.    Wells Fargo objects to the Interrogatories as duplicative, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence insofar as the Objecting Parties have served a Fed. R. Civ. P. (30)(b)(6) notice of deposition on Wells Fargo that contains deposition topics that essentially subsumes the subjects in the First Interrogatories.

10.    Wells Fargo objects to each Interrogatory to the extent that it seeks information that is confidential information of third parties.  Wells Fargo will not divulge such information unless authorized by the relevant third-party in writing or compelled by court order.

11.    Wells Fargo objects to instruction number 5 contained in both the First Interrogatories and Second Interrogatories to the extent that it is overly broad, unduly burdensome and imposes burdens on Wells Fargo that exceed those imposed by the Federal

Rules of Bankruptcy Procedure. Further, Wells Fargo objects to instruction number 5 to the extent that it seeks the production of information from Wells Fargo's representatives and agents.

12.   Each General Objection is incorporated in each response set forth below and each response is made subject to these General Objections.

## Response to Interrogatories

**Interrogatory No. 1**

Identify each and every person with knowledge (whether personal or otherwise, direct or indirect) concerning:

a.   the basis for the statements set forth in paragraph C of the Proposed Settlement Agreement Order that the "Settlement Agreement" is "in the best interests" of the "Investors in each Trust" and "the Trustees";

b.   the basis for the statements set forth in paragraph D of the Proposed Settlement Agreement Order that the "Trustees acted reasonably, in good faith and in the best interests of the Investors in each Trust . . . in agreeing to the Settlement Agreement";

c.   the basis for the statements set forth in paragraph E of the proposed Settlement Agreement Order that "[n]otice of the Settlement Agreement, including the Trustee's notice of the same, is sufficient and effective in satisfaction of federal and state due process requirements and other applicable law" to put the "Investors in each Trust[] on notice of the Settlement Agreement";

d.   the basis for the statements set forth in paragraph 3 of the Amended Proposed PSA Order that the "Agreement" is "in the best interests" of the "investors in each RMBS Trust" and "the RMBS Trustees";

e.   the basis for the statements set forth in paragraph 4 of the Amended Proposed PSA Order that the "RMBS Trustees acted reasonably, in good faith and in the best interests of . . . the investors in each RMBS Trust . . . in agreeing to the Agreement";

f.   the basis for the statements set forth in paragraph 6 of the Amended Proposed PSA Order that "[n]otice of the . . . FGIC Settlement Agreement, and the Agreement, including the RMBS Trustee's Notice, was sufficient and effective in satisfaction of federal and state due process requirements and other applicable law" to put the "investors in each RMBS Trust[] on notice of the Agreement . . . and the FGIC Settlement Agreement";

4

g.   the basis for the statements set forth in paragraph 23 of the Holzer Affirmation that "the Rehabilitator has determined that the Settlement Agreement is in the best interests of FGIC and its policyholders";

h.   the basis for the statements set forth in paragraph 14 of the Kruger Declaration that the "Agreement" is "in the best interests" of the "investors in the RMBS Trusts"; and

i.   the basis for the determination of the Commutation Amount.

## Response to Interrogatory No. 1

In addition to the General Objections set forth above and incorporated herein by reference, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo objects to this Interrogatory on the grounds that it is vague and ambiguous, unduly burdensome and overly broad, including, without limitation, to the extent it purports to seek the identity of "each and every" person with knowledge, either personal "or otherwise," direct "or indirect." Further, Wells Fargo objects to subsections (g) and (h) of this Interrogatory to the extent that they seek information regarding the foundation of sworn statements made by individuals who are neither employed by, nor agents of, Wells Fargo. The information sought in subsections (g) and (h) of this Interrogatory is more properly sought from the individuals who submitted the sworn statements referred to in those subsections. Subject to, and without waiving these objections or the General Objections, Wells Fargo responds that the persons subject to its control (not including outside counsel) with knowledge of the subjects specified in each subparagraph of this Interrogatory are as follows:

a-f.   Mary L. Sohlberg, Vice President, Wells Fargo Bank, N.A. c/o Alston & Bird LLP.

g-h.   Wells Fargo states that it has no knowledge.

5

i.   Wells Fargo further objects that the phrase "basis for the determination of the Commutation Amount" is vague and ambiguous, and for that reason states that it has no knowledge.

## Interrogatory No. 2

Identify each and every legal counsel (excluding in-house counsel at Wells Fargo) who represent Wells Fargo (whether jointly with any other person or otherwise) concerning the FGIC Settlement Agreement, including any consideration, evaluation, or analysis of the Commutation Amount (the "Settlement Engagement") and, for each such legal counsel, with respect to the Settlement Engagement

a.   State the date on which legal counsel was engaged;

b.   Identify the person who is the client of such legal counsel;

c.   Describe the capacity in which the client identified in part b above is being represented, e.g., in a representative, fiduciary, or personal capacity; and

d.   Identify the person who paid, or is responsible for paying, the fees, retainer, or expenses of such legal counsel.

## Response to Interrogatory No. 2

In addition to the General Objections set forth above and incorporated herein by reference, Wells Fargo objects to this Interrogatory on the ground that it seeks information that is neither relevant to the Objecting Parties' evaluation and/or assessment of Wells Fargo's decision to enter into the FGIC Settlement Agreement nor reasonably calculated to lead to the discovery of admissible evidence. Further, Wells Fargo objects to this Interrogatory on the ground that it is beyond the scope of the FGIC Settlement Motion. Subject to and without waiving the specific and General Objections set forth herein, Wells Fargo responds that it engaged Alston & Bird LLP to represent it in connection with the above-captioned Chapter 11 cases, including with respect to the FGIC Settlement Agreement.

6

**Interrogatory No. 3**

Identify each and every legal counsel (excluding in-house counsel at Wells Fargo) who represent Wells Fargo (whether jointly with any other person or otherwise) concerning the dispute between the Beneficiaries and the Trustees with respect to the FGIC Settlement Agreement, including the Commutation Amount (the "Beneficiary Dispute Engagement") and, for each such legal counsel, with respect to the Beneficiary Dispute Engagement:

      a.    State the date on which legal counsel was engaged;

      b.    Identify the person who is the client of such legal counsel;

      c.    Describe the capacity in which the client identified in part b above is being represented, e.g., in a representative, fiduciary, or personal capacity; and

      d.    Identify the person who paid, or is responsible for paying, the fees, retainer, or expenses of such legal counsel.

**Response to Interrogatory No. 3**

In addition to the General Objections set forth above and incorporated herein by reference, Wells Fargo objects to this Interrogatory on the ground that it seeks information that is neither relevant to the Objecting Parties' evaluation and/or assessment of the reasonableness of Wells Fargo's decision to enter into the FGIC Settlement Agreement nor reasonably calculated to lead to the discovery of admissible evidence. Further, Wells Fargo objects to this Interrogatory on the ground that it is beyond the scope of the FGIC Settlement Motion. Finally, Wells Fargo objects to this Interrogatory on the ground that the term "dispute" is vague and ambiguous. Subject to and without waiving the specific and General Objections set forth herein, Wells Fargo responds that it engaged Alston & Bird LLP to represent it in connection with the above-captioned Chapter 11 cases, including with respect to the FGIC Settlement Agreement.

**Interrogatory No. 4**

To the extent Wells Fargo has refused to respond to any Interrogatory or to produce documents responsive to any document request propounded by the Investors on the grounds that such documents or information are protected from disclosure under the terms of a confidentiality agreement, contract or understanding between Wells Fargo and any other person, for each such agreement, contract or understanding:

a.   State whether the agreement, contract or understanding was memorialized in any writing and, if so, describe the type of writing (e.g., letter, memorandum, email);

b.   State the date on which such confidentiality agreement, contract or understanding was entered into or reached;

c.   Identify the persons who are party to the agreement, contract or understanding;

d.   Identify the persons who executed the agreement, contract or understanding; and

e.   Describe the capacity in which Wells Fargo entered into the agreement or understanding.

## Response to Interrogatory No. 4

In addition to the General Objections set forth above and incorporated herein by reference, Wells Fargo objects to this Interrogatory to the extent it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Wells Fargo further objects to this Interrogatory on the grounds that it is vague and ambiguous, unduly burdensome and overly broad. Subject to, and without waiving these objections or the General Objections and pursuant to Federal Rule of Civil Procedure 33, Wells Fargo will produce copies of the confidentiality agreements that are the subject of this Interrogatory.

8

As to the Objections:

**ALSTON & BIRD LLP**
By: /s/ Michael E. Johnson
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as
Trustee of Certain Mortgage Backed
Securities Trusts*

## VERIFICATION

I, Mary L. Sohlberg, am Vice President of Wells Fargo Bank, N.A. ("Wells Fargo"), and am authorized to make this verification on and for Wells Fargo, and I make this verification for that reason.

I have read the foregoing RESPONSES AND OBJECTIONS OF WELLS FARGO BANK N.A. TO MONARCH ALTERNATIVE CAPITAL LP, STONEHILL CAPITAL MANAGEMENT LLC, CQS ABS ALPHA MASTER FUND LIMITED, CQS ABS MASTER FUND LIMITED, AND BAYVIEW FUND MANAGEMENT LLC'S FIRST AND SECOND SET OF INTERROGATORIES and know its contents. I am informed and believe and on that ground allege that matters stated in the foregoing document are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 28th day of June 2013, at Minneapolis, Minnesota.

By: _____
Mary L. Sohlberg

Sworn to before me this
28th day of June, 2013.

_____
Notary Public



DENISE A. ROY
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/15