**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY
WITH RESPECT TO LANG FORECLOSURE ACTION**

This Stipulation and Order (the "Stipulation and Order") is made and entered into by, between and among GMAC Mortgage, LLC ("GMAC Mortgage") and Ruediger K.K. Lang ("Lang"), and, together with GMAC Mortgage, the "Parties" and each, a "Party"), by their respective undersigned counsel.

**WHEREAS**:

A.    On May 14, 2012 (the "Petition Date"), each of the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), including GMAC Mortgage, filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.    The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C.    On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower*

ny-1092427

*Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order").

      D.      On April 13, 2005, Lang obtained a loan (the "Loan") secured by a deed of trust from GMAC Mortgage Corporation in the amount of $269,230 against the property located at 987 South Grouse Lane, Wisconsin Dells, Wisconsin (the "Property"), which Loan was serviced by GMAC Mortgage.

      E.      On February 2, 2012, GMAC Mortgage filed a complaint (the "Complaint") commencing a foreclosure action (the "Foreclosure Action") against Lang in the Circuit Court for Columbia County in the State of Wisconsin (the "Wisconsin State Court"), captioned GMAC Mortgage, LLC v. Ruediger K.K. Lang, et al., (Case No. 12-cv-61).

      F.      On February 28, 2013, GMAC Mortgage filed a *Suggestion of Automatic Stay* in the Foreclosure Action.

      G.      At a hearing held on March 4, 2013, the Wisconsin State Court directed the Parties to obtain an order from this Court clarifying the scope of the automatic stay and the applicability of the Supplemental Servicing Order to the Foreclosure Action.

      H.      On March 6, 2012, Lang filed *Defendant's Answer, Affirmative Defenses, And Counterclaims* in the Foreclosure Action, asserting counterclaims for: (I) Breach of Good-Faith Duty, (II) Intentional Misrepresentation by Nondisclosure, and (III) Violation of Chapter 224 (the "Countercomplaint").

      I.      On March 19, 2013, Lang's attorney applied for pro hac vice admission to practice in front of this Court [Docket Nos. 3248, 3311], which was granted on April 8, 2013 [Docket No. 3371].

J.      On May 2, 2013, Lang filed the *Motion for Resolution of Dispute Regarding the Extent, Application and/or Effect of the Automatic Stay* [Docket No. 3580] (the "Motion for Clarification of Stay"), pursuant to which Lang sought entry of an order from this Court clarifying the scope of the automatic stay and the applicability of the Supplemental Servicing Order to the Foreclosure Action.

K.      In view of the relief as may be requested by Lang in the Foreclosure Action, GMAC Mortgage has conferred with Lang and has agreed to a limited modification of the automatic stay pursuant to the terms and subject to the conditions set forth in this stipulation and order (the "Stipulation and Order").

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, as follows:

**AGREEMENT**:

1.      Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by section 362 of the Bankruptcy Code shall, to the extent applicable, be modified solely for the limited purpose of permitting Lang to prosecute all claims and/or counterclaims asserted in the Foreclosure Action, whether arising in law or equity, solely to the extent such claims and/or counterclaims assert a claim to defend against, enjoin or preclude a foreclosure with respect to the Loan (each, a "Permitted Claim"), but Lang shall not be permitted to enforce any monetary claims against the Debtors.

2.      For the avoidance of doubt, the automatic stay is modified to the extent necessary to permit the Wisconsin State Court to determine whether any claim and/or counterclaim asserted by Lang in the Foreclosure Action is a Permitted Claim, and the Parties agree that the

3

ny-1092427

Foreclosure Action pending before the Wisconsin State Court (including any appeals therefrom) shall be the sole proceeding in which any such determinations may be sought.

3. Upon entry of this Stipulation and Order by the Court, Lang shall be deemed to have withdrawn the Motion for Clarification of Stay.

4. Lang hereby waives any right to assert any monetary claim or file a proof of claim arising from or relating to any pre-petition claims against the Debtors and the Debtors' chapter 11 estates.

5. Except as provided in paragraphs 1 and 2 hereof, the provisions of the automatic stay, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtors and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect, and Lang, together with Lang's respective agents, attorneys, or representatives, shall not take any action to execute, enforce or collect all of or any portion of any such judgment from the Debtors or its estates or properties.

6. This Stipulation and Order shall not become effective unless and until it is entered by the Bankruptcy Court.

7. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Bankruptcy Court.

8. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

9. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

ny-1092427

10. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

11. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

12. Except to the extent otherwise provided in paragraph 2, the Court shall retain jurisdiction to resolve all disputes relating to the implementation of this Stipulation and Order.

*[Remainder of page intentionally left blank]*

ny-1092427

Dated: July 2, 2013
      New York, New York

| GMAC MORTGAGE, LLC | RUEDIGER K.K. LANG |
|---|---|
| */s/* Norman S. Rosenbaum | */s/* Anthony Baer |
| Gary S. Lee | Anthony Baer, Esq. (Bar No. 1042955) |
| Norman S. Rosenbaum | Krekeler Strother, S.C., LLC |
| Erica J. Richards | 2301 W. Beltline Hwy |
| MORRISON & FOERSTER LLP | Madison, Wisconsin 53713 |
| 1290 Avenue of the Americas | Telephone: (608) 258-8555 |
| New York, New York 10104 | Facsimile: (608) 258-8299 |
| Telephone: (212) 468-8000 | |
| Facsimile: (212) 468-7900 | *Counsel for Ruediger K.K. Lang* |
| *Counsel for GMAC Mortgage, LLC* | |

**APPROVED AND SO ORDERED.**

Dated: July 17, 2013
      New York, New York

                                                           /s/Martin Glenn
                                                      MARTIN GLENN
                                      United States Bankruptcy Judge

ny-1092427