**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;**

(at Manhattan)

[18 USC §§ 2, 3, 241, 242, 245(b)(2)(B)][23 U.S.C. §§ 134(d)(i)&(j) 101 et seq.; 49 U.S.C. §§ 40115, 47502-47504, 44714, 5301 et seq.][42 U.S.C. §§ 3535(d), 4651 (2), 7401 et. seq., 7404(b)(4)][Non-compliance with HUD's mandatory and express Rules and Regulations under the National Housing Act[1], 12 U.S.C.A. § 1710(a), 4617(f), 1715b; 24 CFR §§ 203.500 to 203.662 et seq.][Declaration of Taking Act, Pub. L. No. 71-736, ch. 307, 46 Stat. 1421 (1931) (codified as amended at 40 U.S.C.A. § 3114 (West 2005))][Non-compliance with "lead pollution" under clean air act from Aircraft-emissions as Control of Air Pollution from Aircraft and Aircraft Engines (40 CFR part 87); 14 CFR §§ 34.3(e)&(f), 34.89, 150 et seq.]

| | | |
|---|---|---|
| In Re: Residential Capital, LLC., et al. | ) | Case No. 12-12020 (MG) |
| | ) | (Ch.11) |
| Debtor | ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| | ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| | ) | JUDGE: GLENN, MARTIN |

## FACTS AND AUTHORITIES TO SUPPLEMENT CLAIMS 932 AND 933

**UNITED STATES BANKRUPTCY COURT**

**FOR THE SOUTHERN DISTRICT OF OHIO;**

(at Columbus)

| | | |
|---|---|---|
| In Re: SIDNEY T. LEWIS, pro se, | ) | Case No. 2:07-bk-57237 |
| | ) | (Ch.7) |
| Debtor | ) | (Related Bankr Case No. 2:05-bk-75111) |
| | ) | |

RECEIVED JUL 16 2013 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

---

[1] "The language contained in the H.U.D. mortgage servicing requirements cited by the defendants in their affirmative defenses is mandatory and expressly requires compliance. These requirements also have the force and effect of law, having been adopted as regulations pursuant to the authority conferred on H.U.D. by the United States Congress in 12 U.S.C. sections 1709(a), 1709(b)(1), 1715(b), 1715(u) (1982); and 42 U.S.C. section 3535(d) (1976)." (See: Bankers Life Co. v. Denton, 120 Ill. App. 3d 576, 458 N.E.2d 203, 204-205 (Ill. App. Ct. 3d Dist. 1983)

| | | |
|---|---|---|
| Social Security No.: xxx-xx-5959 | ) | JUDGE: HOFFMAN, JOHN, Jr. |
| In Re: Yvonne D. Lewis, | ) | Case No. 2:05-bk-75111 |
| | ) | (Ch.7) |
| Debtor | ) | (Related Case No. 2:07-bk-57237) |
| | ) | |
| Social Security No.: xxx-xx-2390 | ) | JUDGE: HOFFMAN, JOHN, Jr. |

**RECEIVED JUL 16 2013 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO;

### (at Columbus)

**UNITED STATES of America, Ex Rel.,**

| | | |
|---|---|---|
| Sidney T. Lewis, et al., | ) | Action No. 2:08-cv-1042 |
| Plaintiffs | | (Related Cases 2:96-cv-494; 2:06-cv-312, 2:08- |
| Vs. | ) | cv-16; 2:08-cv-75; 2:09-cv-1792: 09-cv-179); |
| | | JUDGE: HOLSCHUH |
| Larry McClatchey, et al., | ) | Magistrate Judge: <u>KING</u> |
| Defendants. | | |

FACTS AND AUTHORITIES TO SUPPLEMENT CLAIMS 932 AND 933 IN CONNECTION WITH "GOVERNMENTAL TAKINGS" OF FHA MORTGAGES ON PRIVATE PROPERTIES CONCERNING SERVICER-GMAC MORTGAGE Co. LLC., IN THE ARGYLE PARK SUBDIVISION OF COLUMBUS, OHIO; GROUNDED ON VIOLATIONS OF THE 5TH AMENDMENT OF THE UNITED STATES CONSTITUTION, HUD/FHA AND DOT/ FHWA & FAA REGULATIONS.

Creditors, **Sidney Lewis** as heir/executrix of Bettie Hamilton Robert Hamilton (deceased) CLAIM 933, and **Yvonne D. Lewis** as beneficiary of FHA Foreclosure Alternatives, CLAIM 932 against the debtor/SERVICER-GMAC MORTGAGE LLC, be allowed to proceed under "equitable defenses" to FHA-insured mortgages herein to Full and Complete Settlement of secured claims under FHA recorded Mortgage Deeds as marked thereon as Attachment A & B.

Creditors, submit these claims due to the FAA[2] and City of Columbus, Ohio's 1987 "Taking" of uncompensated private residential subdivision aviation-easements (Flight Tracks) on private lands (Lots 11 & 17) in the Argyle Park Subdivision ("APS"); and Debtor's 2011 false Averments and Affidavits of Default as "Unlawful Disclosure of Information, 49 U.S.C. §46311" on FHA-insured mortgages in violation of provisions of the 'HUD Handbook and regulations[3]' under the authority in Fleet Real Estate Funding Corp. v. Smith, 530 A.2d 919 and BAC Home Loans Servicing v. Taylor, 986 N.E.2d 1028, pp. 1032-1033 (Ohio Ct. App., Summit County 2013), citing GMAC Mortgage of Pennsylvania v. Gray, 10th Dist. No. 91AP-650, 1991 Ohio App. LEXIS 6004, 1991 WL 268742, *6-7 (Dec. 10, 1991). The Court in the **Fleet** case stated:

> "…a mortgagor of an FHA-insured mortgage may raise as an equitable defense to foreclosure, the mortgagee's deviation from compliance with the forbearance provisions of the HUD Handbook and regulations."

**(See: Fleet Real Estate Funding Corp. v. Smith, 530 A.2d 919, 923 (Pa. Super. Ct. 1987))**

It follows that the creditors "equitable defense" of CLAIM 932 for FHA/GMAC note no.0307192889 (See: **EXHIBITS B**, FHA Mortgage Deed with Dower executed Sept. 30, 1975 and recorded Oct. 8, 1975, FHA/GMAC loan no.0307192889) is grounded on the fact

---

[2] "To effect a taking, the federal government was required to expressly describe the interest or interests taken. Declaration of Taking Act, Pub. L. No. 71-736, ch. 307, 46 Stat. 1421 (1931) (codified as amended at 40 U.S.C.A. § 3114 (West 2005))." **(See: Norton v. Town of Long Island, 883 A.2d 889, 897 (Me. 2005));**

[3] "'under the HUD regulations, [a bank] c[an] not commence foreclosure proceedings . . . until it ha[s] complied with the regulations.' Wells Fargo Bank, N.A. v. Isaacs, 1st Dist. No. C-100111, 2010 Ohio 5811, ¶ 11." (See: **BAC Home Loans Servicing v. Taylor, 986 N.E.2d 1028, pp. 1032-1033 (Ohio Ct. App., Summit County 2013)**, citing GMAC Mortgage of Pennsylvania v. Gray, 10th Dist. No. 91AP-650, 1991 Ohio App. LEXIS 6004, 1991 WL 268742, *6-7 (Dec. 10, 1991) (concluding that plaintiff's failure to comply with HUD regulations may be raised as an affirmative defense to a foreclosure action).")

that debtor GMAC, servicer/mortgagee, as alleged holder of a 1975 FHA note failed to comply with HUD regulations that mortgagee/holder of the FHA note satisfy face-to-face meeting before foreclosing, 24 C.F.R. §§ 203.604, and before three full monthly installments due on the mortgage are unpaid. (See: **CitiMortgage, Inc. v. Carpenter, 2012 Ohio 1428, at P19; 2012 Ohio App. LEXIS 1230, at \*14, (Ohio Ct. App., Montgomery County Mar. 30, 2012))**;(see also: GMAC Mortgage of Pennsylvania, supra).

The second count of "equitable defense" of CLAIM 932 for FHA/GMAC note no.0307192889 is the fact that FAA/City of Columbus Certification for AIP project grant for maps under AIP grant no. 84-2-3-39-0025-3-85 caused a FHA Mortgage loan default by "taking" of private lands under the "FAA approved Flight Tracks" **[See: 14 CFR §§ 150.21]** without compliance with the "abatement of leaded aircraft emissions" under sections 231 of the Clean Air Act **[See: 14 CFR §§ 34.3(e)&(f)]** absent "just compensation" under the 5th Am., U.S. Const., for uncompensated private subdivision Aviation-Easements ("S Av-E") in "APS".

It follows that the Creditors "equitable defense" of CLAIM 933 is grounded on the fact that debtor GMAC service/mortgagee, as alleged holder of a FHA/GMAC note no.0306810833 as alleged holder of a 1968 FHA note under HUD/FHA loan no.413-012598-203 (See: **EXHIBITS A**, Deed recorded Jan. 26, 1968, FHA loan no. 413-012598-203), failed to comply with mandatory HUD regulations that a FHA mortgagee, as alleged holder of a FHA note, seek a mandatory assignment of the mortgage to HUD when defendants met all the requirements for a mandatory assignment under authority of the United States Congress as set forth in Section 203.650, Title 24, C.F.R. pursuant to the authority conferred on H.U.D.

"The court in Denton noted that the language contained in the HUD mortgage servicing requirements, cited by defendants in their affirmative defenses, "* * * is

mandatory and expressly requires compliance * * *," and that the requirements "* * * also have the force and effect of law, having been adopted as regulations pursuant to the authority conferred on H.U.D. by the United States Congress * * *." Id. at 204-205."

(see: **GMAC Mortg. of Pennsylvania v. Gray, 1991 Ohio App. LEXIS 6004, at pg. 16, (Ohio Ct. App., Franklin County Dec. 10, 1991)**, citing Bankers Life Co. v. Denton (Ill. App. 1983), 458 N.E.2d 203, at 204-205.)

Furthermore, the Ohio Court of Appeals in **CitiMortgage, Inc. v. Carpenter, 2012 Ohio 1428**, stated in pertinent parts:

> face-to-face meeting before foreclosing, 24 C.F.R. 203.604, and before three full monthly installments due on the mortgage are unpaid." **(See: CitiMortgage, Inc. v. Carpenter, 2012 Ohio 1428, at P19; 2012 Ohio App. LEXIS 1230, at *14. (Ohio Ct. App., Montgomery County Mar. 30, 2012)** (see also: GMAC Mortgage of Pennsylvania, supra).

It appears that GMAC is also a victim of the FAA "taking" of **flight paths** for uncompensated "S Av-E" under FAR part 150 according to the allocation of liability set forth in Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624 as the Burbank court stated in pertinent parts:

> The Court says that the 1972 "Act reaffirms and reinforces the conclusion that FAA, now in conjunction with EPA, has full control over aircraft noise, pre-empting state and local control." *Ante*, at 633."

(See: Burbank v. Lockheed Air Terminal, Inc., 411 U.S. 624,pp.633)

> "49 U.S.C. § 40103(a) **(expressly pre-empting, inter alia, local regulation of aircraft noise by regulating flight paths)** and City of Burbank, 411 U.S. at 633, 93 S. Ct. at 1859-60 (concluding that "pervasive nature" of federal regulation impliedly pre-empts local control of aircraft noise)."

(See: Nat'l Bus. Aviation Ass'n v. City of Naples Airport Auth., 162 F. Supp. 2d 1343, 1352 (M.D. Fla. 2001))

It follows that the 1968 and 1975 HUD/FHA insured mortgages were vested when the FAA/City of Columbus seized private airspace for "lead emissions from aircraft and aircraft engines" as "lead pollution" on "APS" in uncompensated **flight paths** in violation of **HUD's** mandatory regulations to enforce the HUD program, such mortgagees on HUD-insured mortgages to low-income families as servicer GMAC assumed, could treat them differently than conventional mortgages upon default.

> "Without mandatory regulations to enforce the HUD program, mortgagees granting HUD-insured mortgages to low-income families could service them no differently than conventional mortgages. Binding regulations are intended to prevent mortgagees from instituting foreclosure actions immediately upon default. Associated's conduct here was clearly inconsistent with the spirit and intent of the regulations. Such conduct undermines "the avowed purpose of the federally-insured mortgage * * * to provide a decent home * * * for every American family * * * by permitting mortgagees to accept limited down payments, reduced interest rates, and longer maturity dates." 42 U.S.C.A. § 1441, 12 U.S.C.A. § 1709(b)(3), (5), (9). See Gov't Nat'l Mtg. Ass'n v. Screen, 85 Misc. 2d 86, 379 N.Y.S. 2d 327, 329 (Sup. Ct. 1976). Because of these unique benefits HUD-insured mortgages require special servicing."

(See: Associated East Mortg. Co. v. Young, 163 N.J. Super. 315, 328-329, 394 A.2d 899, 905-906 (Ch.Div. 1978))

It follows that GMAC cannot prevail without demonstrating its "special servicing" of APS mortgagors/owners under HUD-insured mortgages.

> "Dow can prevail only if the "taking" occurred while he was the owner. For it is undisputed that "[since] compensation is due at the time of taking, the owner at that time, not the owner at an earlier or later date, receives the payment." Danforth v. United States, 308 U.S. 271, 284; cf. United States v. Dickinson, 331 U.S. 745. We hold, contrary to the Court of Appeals, that the "taking" did not occur in 1946 when the Government filed its declaration of taking, but rather when the United States entered into possession of the land in 1943."

(See: UNITED STATES v. DOW, 357 U.S. 17, 20-21 (U.S. 1958), cited by Norton v. Town of Long Island, 883 A.2d 889, 897 (Me. 2005))

It follows that GMAC can prevail only if the FAA, FAR part 150/DOT "taking" occurred while it was the servicer/note holder of the 1968 and 1975 HUD/FHA insured mortgages. (Id., DOW)

(also see: Ohio v. Kovacs, 469 U.S. 274, 278-279 (U.S. 1985))

> To effect a taking, the federal government was required to expressly describe the interest or interests taken. Declaration of Taking Act, Pub. L. No. 71-736, ch. 307, 46 Stat. 1421 (1931) (codified as amended at 40 U.S.C.A. § 3114 (West 2005)).
>
> **See: Norton v. Town of Long Island, 883 A.2d 889, 897 (Me. 2005)**

It follows that the federal government, i.e., FAA/DOT and FHWA/DOT's uncompensated residential subdivision aviation easements, fail to expressly describe the interest or interests taken in the AP Subdivision including the metes and boundaries' for lots 11 and 17..

> "U.S. v. Am. Nat'l Bank & Trust Co., 443 F. Supp. 167, 175 (N.D. Ill. 1977) (in a foreclosure action, court denied summary judgment for government after recognizing HUD's disregard of its own regulations in the C.F.R. which expressly authorize alternatives to foreclosure, as well as HUD's responsibilities under the National Housing Act)." (See: Associated East Mortg. Co. v. Young, 163 N.J. Super. 315, 327-328, **394 A.2d 899, 905-906** (Ch.Div. 1978))

It follows that HUD's responsibilities under the National Housing Act herein is under 12 USC 4617(f) to enforce its own regulations in the C.F.R. which expressly authorize alternatives to foreclosure by the FNMA conservator under HERA of 2008.

Respectfully Submitted,

Dated: 07-10-13 *Sidney Lewis*          Dated: 07-10-13 *Yvonne D. Lewis*
Sidney T. Lewis, pro se                  Yvonne D. Lewis, pro se
1875 Alvason Avenue,                     1875 Alvason Avenue
Columbus, Ohio 43219                     Columbus, Ohio 43219
(614-940-3306)                           (614-940-3306)

Sidney T. Lewis, pro se                  Yvonne D. Lewis, pro se
P. O. Box 247916                         P. O. Box 247916
Columbus, Ohio 43224                     Columbus, Ohio 43224
(614-940-3306)                           (614-940-3306)