# EXHIBIT A

CLAIM NO. 933

1968 FHA DEED

1913 ARGYLE DRIVE

# RESCAP

**MORRISON | FOERSTER**

## Claim Information

| Claim Number | |
|---|---|
| | 933 |
| **Basis of Claim**<br><br>Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | 1987 FAA Approval of 1890 maps with 1991 Flight Tracks as master plan update for FAA/AIP Grant No. 84-2-3-39-0025-03-85 as "Planning and Technical Activities" pursuant to Titles 23 and 49 U.S.C., under 40 CFR 93.118(a), 127; 14 CFR 150.21 |

**If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.**

Loan Number: (GMAC - Loan No: 0306810833)
FHA Mrgt. Loan No. 413-012598-203 by Robert Weaver, Secretary of HUD   dated 1-26-68

Address of property related to the above loan number:
1913 Argyle Drive; legally described as Lot 11 of Argyle Park Subdivision; Book 2870 Pg 902

| City: | State: | ZIP Code: |
|---|---|---|
| Cols, Ohio; Franklin Co. | OHIO | 43219 |

**Additional resources may be found at - http://www.kccllc.net/rescap**

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN  55438

March 10, 1985 - 2005

Claim #933 Date Filed: 9/27/2012

B 10 Modified (Official Form 10) (12/11)

| United States Bankruptcy **COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: GMAC Mortgage LLC, Case No. 12-BK-12032 / 12-BK-12020

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*
*case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
SIDNEY T. LEWIS, for Betty HAMILTON

Name and address where notices should be sent:
SIDNEY T. LEWIS
1913 Argyle Dr
Cols., OH. 43219
(614) 940-3306
Telephone number: (614)    email: hasidNgave@Yahoo.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: 09-GR-57237 SD. OH.
(if known)

Filed on: 9/12/07

Name and address where payment should be sent (if different from above):
"    "
Telephone number: 614 940-3306    email: Same as above

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 5,000,000.40
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Skimming of Equity; false Claims; Easement, land, interference with gov. Program
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 1234

**3a. Debtor may have scheduled account as:** 05-CV-6544 /03-CV-6954
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☑Real Estate ☐Motor Vehicle ☐Other
Describe:
Value of Property: $ 82,136.00 Annual Interest Rate _____ % ☐Fixed ☐Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ _____
Basis for perfection: _____
Amount of Secured Claim: $ 0    Amount Unsecured: $ _____

RECEIVED OCT 05 2012 KURTZMAN CARSON CONSULTANTS

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(_).

Amount entitled to priority:
$ _____

*• Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$ _____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☐ I am the creditor. ☑ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)    (See Bankruptcy Rule 3004.)    (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: SIDNEY LEWIS
Title: Executor of Bettie Hamilton
Company:
Address and telephone number (if different from notice address above):    (Signature) *Sidney Lewis*    (Date) 9/15/12

RECEIVED SEP 27 2012 U.S. BANKRUPTCY COURT S. DIST. OF NEW YORK

Telephone number:    Email:

COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or b*

1212032120927000000000003

Deed for Ohio   vol. 2870 page 402   413-012598-203

1195

KNOW ALL MEN BY THESE PRESENTS, THAT, Robert C. Weaver , Secretary of
Housing and Urban Development, of Washington, D. C., acting by and through
the Federal Housing Commissioner, (hereinafter referred to as "Grantor")
who acquired title by deed recorded in Deed Book Volume 2852 , Page 508 ,
Recorder's Office Franklin County, Ohio, for and in consideration of
ONE DOLLAR ($1.00) to him paid by Robert Hamilton and Betty Hamilton
(hereinafter referred to as "Grantee(s)",)
whose tax mailing address will be 1913 Argyle Dr., Columbus, Ohio
the receipt of which is hereby acknowledged, and other good and valuable con-
siderations, does hereby grant, bargain, sell and convey to said Robert Hamilton
& Betty Hamilton and to the heirs and assigns of said Grantee(s)
forever the following REAL ESTATE, situated in the City of Columbus, County of Franklin
and State of Ohio and bounded and described as follows, to wit:

Being Lot No. 11 of Argyle Park Subdivision, as the same
is numbered and delineated upon the recorded plat thereof,
of record in Plat Book 36, Page 6, Recorder's Office, Franklin
County, Ohio.




TRANSFER TAX
EXEMPT
By: _____
ARCH J. WARREN
FRANKLIN COUNTY, AUDITOR

TRANSFERRED
JAN 23 1968
ARCH J. WARREN
AUDITOR
FRANKLIN COUNTY

JAN 23 1968

Received...... JAN 23 1968 19 ....at ...... O'Clock .... M
Recorded...... JAN 23 1968 19 ....in Franklin County
JAMES A. SCHAEFER, Recorder
Recorder's Fee $ ..........

BEING the same property acquired by the grantor pursuant to the pro-
visions of the National Housing Act, as amended (12 USC 1701 et seq.) and
the Department of Housing and Urban Development Act (79 Stat. 667).

SUBJECT TO ALL covenants, restrictions, reservations, easements, condi-
tions and rights appearing of record; and SUBJECT to any state of facts an
accurate survey would show.

TO HAVE AND TO HOLD said premises, with the appurtenances thereunto
belonging, to the said Grantee(s), and to the heirs and assigns of said
Grantee(s), forever, _____

AND THE SAID GRANTOR, and his successors hereby covenants with the
said Grantee(s), and the heirs and assigns of said Grantee(s), that said
premises are free and clear from all encumbrances whatsoever, by, from,
through or under said Grantor, EXCEPT restrictions, easements, rights,
reservations, exceptions, limitations, agreements, covenants and conditions
of record; and EXCEPT any state of facts which would be disclosed by an
accurate survey of the premises herein conveyed.

709



VOL 2870 PAGE 403
-2-

413-012598-203

SAID GRANTOR, and his successors, hereby further convenants that said Grantor, and his successors will FOREVER WARRANT AND DEFEND the same with the appurtenances thereunto belonging, unto said Grantee(s), and the heirs and assigns of said Grantee(s), against the lawful claims of all persons claiming by, from, through or under the said Grantor herein.

IN WITNESS WHEREOF the undersigned on January 2, 1958, has set his hand and seal as Field Office   Assistant Director , FHA Field Office, Columbus   Ohio, for and on behalf of the said Secretary of Housing and Urban Development, under authority and by virtue of the Code of Federal Regulations, Title 24, Chapter II, Part 200, Subpart D.

Robert C. Weaver
Secretary of Housing and Urban Development

Signed, acknowledged and de-
livered in the presence of:                   By: Federal Housing Commissioner

_____          By: _____ (SEAL)
                                               Edwin E. Davis   Assistant Director
_____          Field Office   Assistant Director
                                   FHA Field Office,   Columbus      , Ohio


STATE OF OHIO
COUNTY OF        Franklin          } ss

Before me, the undersigned, a notary public in and for the said State and County, personally appeared the above named   Edwin E. Davis   who is personally well known to me and known to me to be the duly appointed Field Office   Assistant Director     , FHA Field Office,   Columbus Ohio, and the person who executed the foregoing instrument bearing date of   January 2, 1968     , by virtue of the authority vested in him by the Code of Federal Regulations, Title 24, Chapter II, Part 200, Subpart D, and acknowledged the signing thereof, and that such signing was freely and voluntarily performed, as his free act and deed as Field Office Assistant Director       for and on behalf of   Robert C. Weaver      , Secretary of Housing and Urban Development, for the uses and purposes therein mentioned.

In testimony whereof, I have hereunto signed my name and affixed my official seal this    2nd       day of  January 1968.

_____
Notary Public

"The form of this instrument was prepared by the Office of the General Counsel of the Federal Housing Administration, and the material in the blank space in the form was inserted by or under the direction of ELMER E. HOLLEY, Chief, Home Mortgage Section, Office of the General Counsel, Federal Housing Administration, Washington, D. C. 20411."

UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF OHIO

**PROOF OF CLAIM**

| Name of Debtor | Case Number |
|---|---|
| **Sidney T. Lewis** | **07-57237-#7** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**FILED**

2008 MAY 13 PM 12: 28

KENNETH JORDAN CLERK
BANKRUPTCY COURT
COLUMBUS, OHIO

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**CITY OF COLUMBUS**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

Name and address where notices should be sent:

**DEPARTMENT OF PUBLIC UTILITES
910 DUBLIN ROAD
COLUMBUS, OHIO 43215**
Telephone number: (614) 645-7470

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:
**Cust. # 379915**

Check here if this claim:

[ ] **replaces claim filed**

[ ] **amends claim filed**

**1. Basis for Claim**
☐ Goods sold
☒ Services performed
☐ Money- loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other

☐ Retiree benefits as defined in 11 U. S. C. 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your SS #:_____
Unpaid compensation for services performed
from                    to

**2.** Date debt was incurred: **September 12, 2007**

**3.** If court judgment, date obtained:

**4.** Total Amount of Claim at Time Case Filed      (unsecured)  $ 292.15
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5.** Secured Claim.
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle
☐ Other
Value of Collateral: $

Amount of arrearage and other charges at time case filed included in secured claim, if any: $

**6.** Unsecured Priority Claim.
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority        $
Specify the priority of the claim:
☐ wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier- 1 1 U.S.C. § 507(a)(6).
☐ Contributions to an employee benefit plan - 1 1 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - I I U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - I I U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - I1 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of I I U.S.C. § 507(x)(-).
*Amounts are subject to adjustment on 4///04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7.** Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

**8.** Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**9.** Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| **May 10, 2008** | **JUDITH WARNER, CUSTOMER SERVICE CENTER** |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571. 71*

EXHIBIT B

CLAIM NO. 932

SEPT. 30, 1975  FHA
MORTGAGE DEED W/DOWER

# ResCap

**MORRISON | FOERSTER**

## Claim Information

| Claim Number | 932 |
|---|---|
| **Basis of Claim**<br><br>Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | 1987 FAA Approval of 1990 Maps with 1991 Flight Tracks as master plan update for FAA/AIP Grant No. 84-2-3-39-0025-03-85 as "planning and Technical Activities" pursuant to title 23 and 49 U.S.C., under 40 CFR 93.118(c), 121; 14 CFR 150.21. |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Loan Number:** FHA mortgage/NOTE recorded in Book No. 3553, page 21 in the office of the FRANKLIN County Recorder filed Sept. 30, 1975 (GMAC- LOAN NO: 0307192889) *recorded oct 8, 1975*

**Address of property related to the above loan number:**
1875 ALVASON Ave.; Legally described as Lot 17 of Argyle Park Subdivision,

| City: | State: | ZIP CODE: |
|---|---|---|
| Columbus (Franklin County) | OHIO | 43219 |

**Additional resources may be found at  -  http://www.kccllc.net/rescap**

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN  55438

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor and Case Number:**
GMAC MORTGAGE LLC, CASE NO. 12-bk-12032 / 12-bk-12020

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
SIDNEY T. LEWIS / YVONNE D. LEWIS

☑ Check this box if this claim amends a previously filed claim.

**Name and address where notices should be sent:**
Yvonne D. Lewis
Sidney T. Lewis
1875 Alvason Avenue
Columbus, OH 43219

PO Box 247916
43224

email: hasidngone@yahoo.com

Telephone number: (614) 940-3306   email:

Court Claim Number: 07-bk-57237
So., OH.
(If known)
Filed on:

**Name and address where payment should be sent** (if different from above):
Yvonne D. Lewis, Sidney T. Lewis
1875 Alvason Avenue
Columbus, OH 43219

Same as Above

Telephone number: (614) 940-3306   email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 25,000,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

* Also see: Notice of filing
* Proof of Claim, with Statement of Facts, at Exhibit A

**2. Basis for Claim:** False Claims; Equity Skimming; RICO; pension; Services Performed; etc.
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 1234

**3a. Debtor may have scheduled account as:** 03-cv-7346 / 05-cv-6455
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$ _____

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑ Real Estate ☐ Motor Vehicle ☐ Other
Describe: Lot 17

RECEIVED
OCT 0 5 2012
KURTZMAN CARSON CONSULTANTS

**Value of Property:** $ 81,480.00   **Annual Interest Rate** 7 % ☑ Fixed ☐ Variable (when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $ 0   **Basis for perfection:** _____

**Amount of Secured Claim:** $ _____   **Amount Unsecured:** $ _____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.   $ 0   (See instruction #6)

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**Amount entitled to priority:**
$ _____

**9. Signature:** (See instruction #9) Check the appropriate box.
☑ I am the creditor.   ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.   Yvonne D. Lewis

Print Name: Sidney Lewis
Title: _____
Company: _____
Address and telephone number (if different from notice address above):

(Signature) Sidney Lewis   (Date) 9/15/12

RECEIVED
SEP 27 2012
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

Telephone number: (614) 940-3306   Email: hasidngone@yahoo.com

**COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 1*

1212032120927000000000004



935530008

VOL **3553** PAGE **21**

STATE OF OHIO
FHA Form No. 2165M
Revised November 1972

P-27987

This form is used in connection with mortgages insured under the one to four family provisions of the National Housing Act.

# MORTGAGE DEED
## WITH DOWER                    19296

KNOW ALL MEN BY THESE PRESENTS, THAT **Ronald L. Moore**, by **Yvonne D. Moore**, his Attorney-in-Fact, and **Yvonne D. Moore**, husband and wife, both being over 18 years of age,

of the City of **Columbus**, County of **Franklin**, and State of Ohio, the Grantor, for and in consideration of the sum of **Twenty-four Thousand Eight Hundred and no 100's** Dollars ($24,800.00), to him paid by **CENTRAL SAVINGS AND LOAN COMPANY**, a corporation organized and existing under the laws of **The United States of America**, and having its principal place of business at **46 E. Gay Street, Columbus, Ohio 43215**, Grantee, the receipt of which is hereby acknowledged, does give, grant, bargain, sell, and convey unto the Grantee the following described premises, situated in the **City** of **Columbus**, County of **Franklin**, State of Ohio, and bounded and described as follows, to wit:

Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, page 6, Recorder's Office, Franklin County, Ohio.

Received OCT. 6 1975 at 4:05 O'Clock P. M
Recorded OCT. 9 1975 in Franklin County
JAMES A. SCHAEFER, Recorder
Recorder's Fee $ 4.00

Columbus, Ohio                    September 30, 1975
For value received, the undersigned hereby sells, assigns and sets over unto: CITIZENS MORTGAGE CORPORATION, a corporation organized and existing under the laws of the State of Delaware, whose address is, 24700 Northwestern Highway, Southfield, Michigan 48075, all its right, title and interest in and to the within Mortgage, without recourse.

CENTRAL SAVINGS AND LOAN COMPANY
JAMES L. BOGARD, TREAS.

JANE G. CLARKSON
ASST. SECY.

Together with the privileges and appurtenances thereunto belonging, and all the rents, issues, and profits which may arise or be had therefrom; and all the estate, title, and interest of the said Grantor, either in law or in equity, of, in, and to the said premises; to have and to hold the above-granted and bargained premises, with all the privileges and appurtenances thereto belonging, including all heating, plumbing, and lighting fixtures and equipment now or hereafter attached to or used in connection with the said premises, and all the rents, issues, and profits which may arise or be had therefrom, unto the said Grantee, its successors or assigns, forever. And the Grantor covenants that at and until the execution and delivery of these presents, he is well seised of the above-described premises in fee simple, and has good right to bargain and sell the same in manner and form above written, and that the same are free from all encumbrances whatsoever; and that he will warrant and defend said premises, with the above-mentioned appurtenances to the said Grantee, its successors and assigns, forever, against all lawful claims or claims and demands whatsoever.

And, for a valuable consideration, the said **Grantors** does hereby remise, release, and forever quitclaim, unto the Grantee his certain dower of dower, in the above-described premises.

The conditions of this deed are such that whereas the Grantor has executed and delivered to the Grantee his certain promissory note, of even date herewith, in the principal sum of **Twenty-four Thousand Eight Hundred and no/100's** Dollars ($24,800.00) with interest from date at the rate of **Nine** percentum ( 9 %) per annum on the unpaid balance until paid, said principal and interest being payable at the office of **Citizens Mortgage Corporation** at **24700 Northwestern Highway**, or at such other place as the holder may designate in writing, in monthly installments of **Southfield, Michigan 48075** Dollars ($ 199.64 ), commencing on the first day of **November**, 19 75 and on the first day of each month thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not sooner paid, shall be due and payable on the first day of **October**, 2005.

3221

BOOK 3553 PAGE 22

AND WHEREAS the Grantor further covenants and agrees that:

1. He will promptly pay the principal of and interest on the indebtedness evidenced by the said note, at the times and in the manner therein provided. Privilege is reserved to pay the debt in whole or in an amount equal to one or more monthly payments on the principal that are next due on the note, on the first day of any month prior to maturity: *provided, however,* that written notice of an intention to exercise such privilege is given at least thirty (30) days prior to prepayment.

2. In order more fully to protect the security of this deed, he will pay to the Grantee, together with, and in addition to, such payments of principal and interest, the following sums:

(a) An amount sufficient to provide the holder hereof with funds to pay the next mortgage insurance premium if this instrument and the note secured hereby are insured, or a monthly charge (in lieu of a mortgage insurance premium) if they are held by the Secretary of Housing and Urban Development, as follows:

(I) If and so long as said note of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the holder one (1) month prior to its due date the annual mortgage insurance premium, in order to provide such holder with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder; or

(II) If and so long as said note of even date and this instrument are held by the Secretary of Housing and Urban Development, a monthly charge (in lieu of a mortgage insurance premium) which shall be in an amount equal to one-twelfth (1/12) of one-half (½) per centum of the average outstanding balance due on the note computed without taking into account delinquencies or prepayments;

(b) A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance purchasing the premises covered hereby, plus taxes and assessments next due on the premises covered by this deed (all as estimated by the Grantee) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes and assessments will become delinquent, such sums to be held by the Grantee in trust to pay said ground rents, premiums, taxes and assessments before the same become delinquent; and

(c) All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the note secured hereby shall be added together, and the aggregate amount thereof shall be paid by the Grantor each month in a single payment to be applied by the Grantee to the following items in the order set forth:

(I) premium charges under the contract of insurance with Secretary of Housing and Urban Development, or monthly charge (in lieu of mortgage insurance premium), as the case may be;

(II) ground rents, taxes, special assessments, fire and other hazard insurance premiums;

(III) interest on the note secured hereby; and

(IV) amortization of the principal of said note.

Any deficiency in the amount of such aggregate monthly payments shall, unless made good by the Grantor prior to the due date of the next such payment, constitute an event of default under this deed. The Grantee may collect a "late charge" not to exceed two cents (2¢) for each dollar ($1) of each payment more than fifteen (15) days in arrears to cover the extra expense involved in handling delinquent payments.

3. If the total of the payments made by the Grantor under subsection (b) of paragraph 2 preceding shall exceed the amount of the payments actually made by the Grantor for ground rents, taxes, or assessments or insurance premiums, as the case may be, such excess, at the option of the Grantor, shall be credited by the Grantee on subsequent payments to be made by the Grantor, or refunded to the Grantor. If, however, the monthly payments made by the Grantor under said subsection shall not be sufficient to pay ground rents, taxes, or assessments of insurance premiums, when the same shall become due and payable, then the Grantor shall pay to the Grantee any amount necessary to make up the deficiency, on or before the date when payment of such ground rents, taxes, assessments or insurance premiums shall be due. If at any time the Grantor shall tender to the Grantee, in accordance with the provisions of said note, full payment of the entire indebtedness represented thereby, the Grantee shall, in computing the amount of such indebtedness, credit to the account of the Grantor all payments made under the provisions of subsection (a) of paragraph 2 above, which the Grantee has not become obligated to pay to the Secretary of Housing and Urban Development, and any balance remaining in the funds accumulated under the provisions of subsection (b) of paragraph 2. If there shall be a default under any of the provisions of this deed resulting in a public sale of the premises covered hereby or if the Grantee acquires the property otherwise after default, the Grantee shall apply, at the time of the commencement of such proceedings, or at the time the property is otherwise acquired, the balance then remaining in the funds accumulated under subsection (b) of paragraph 2 as a credit against the amount of principal then remaining unpaid under said note, and shall properly adjust any payments which shall have been made under subsection (a) of paragraph 2.

4. He will pay all ground rents, taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, levied upon said premises, or upon the interest of the Grantee in and to said premises, for which provisions has not been made hereinbefore, and in default thereof the Grantee may pay the same; and he will promptly deliver the official receipts therefor to the Grantee.

5. The Grantee, its successors or assigns, shall have the right to pay any ground rents, taxes, assessments, water rents, and other governmental or municipal charges, fines or impositions, which the Grantee has agreed to pay under paragraph 4, above, and in make any payments hereinbefore provided to be made by the Grantor in subsections (a) and (b) of paragraph 2 hereof, and any amount so paid by the Grantee shall then be added to the principal debt named herein and bear interest at the rate set forth in the note secured hereby, payable monthly, from the date of such payment, and be secured by this deed.

6. He will keep the improvements now existing or hereafter erected on the premises covered by this deed, insured as may be required from time to time by the Grantee against loss by fire and other hazards, casualties and contingencies including war damage insurance, in such amounts and for such periods as may be required by the Grantee and will pay promptly, when due, any premiums on such insurance provision for payment of which has not been made hereinbefore. All insurance shall be carried in companies approved by the Grantee and the policies and renewals thereof shall be held by the Grantee and have attached thereto loss-payable clauses in favor of and in form acceptable to the Grantee. In event of loss Grantor will give immediate notice by mail to the Grantee, who may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to the Grantee instead of to the Grantor and the Grantee jointly, and the insurance proceeds, or any part thereof, may be applied by the Grantee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of this mortgage deed, or other transfer of title to the property covered hereby in extinguishment of the indebtedness secured hereby, all right, title and interest of the Grantee in and to any insurance policies then in force shall pass to the purchaser or Grantee.

7. He will keep the mortgaged premises in as good order and condition as they are now, and will not commit or permit waste, reasonable wear and tear excepted.

8. That, if the premises, or any part thereof, be condemned under any power of eminent domain, or acquired for a public use, the damages, proceeds, and the consideration for such acquisition, to the extent of the fullamount of indebtedness upon this Mortgage, and the Note secured hereby remaining unpaid, are hereby assigned by the Grantor to the Grantee and shall be paid forthwith to the Grantee to be applied by it on account of the indebtedness secured hereby, whether due or not.

9. The Grantor further agrees that should this deed and the note secured hereby not be eligible for insurance under the National Housing Act within   60 days   from date hereof (written statement of any officer of the Department of Housing and Urban Development or authorized agent of the Secretary of Housing and Urban Development dated subsequent to the   aforesaid   time from the date of this deed, declining to insure said note and this deed, being deemed conclusive proof of such ineligibility) the Grantee or the holder of the note may, at its option, declare all sums secured hereby immediately due and payable.

VOL 3553 PAGE 23

10. Upon a default in any of the terms of the note secured hereby, or upon a breach of any condition or covenant of this deed, the rents of the real estate herein described shall immediately accrue to the benefit of the Grantee, and such rents shall be immediately payable to the Grantee.

11. Upon any default in the note secured hereby, or under this deed, foreclosure proceedings may be instituted, at the option of the Grantee. In any such action, the Grantee shall be entitled, without notice and without regard to the adequacy of the debt, to the appointment of a receiver of the rents and profits of the mortgaged premises and in case of any other sale, or legal proceeding, wherein the Grantee shall be made a party thereto by reason of this mortgage, its costs and expenses, and the reasonable fees and charges of the attorneys or solicitors of the Grantee, so made parties, for services in such suit or proceedings, shall be a further lien and charge upon the said premises under this mortgage, and all such expenses shall become so much additional indebtedness secured hereby and be allowed in any decree foreclosing this mortgage.

12. The Grantee is authorized and empowered to do all things provided to be done by a mortgagee under Section 1311-14 of the Revised Code, and under the Act of the Legislature passed May 27, 1915, 106 Ohio Laws, Pages 522-534, and any amendments or supplements thereto.

Now, therefore, if the Grantor shall well and truly perform all the conditions of this deed, and of the note secured hereby, then this deed shall be void; otherwise, it shall remain in full force and virtue.

The covenants herein contained shall bind, and the benefits and advantages shall inure to, the respective heirs, executors, administrators, successors and assigns of the parties hereto. Whenever used, the singular number shall include the plural, the plural the singular, and the use of any gender shall include all genders.

IN WITNESS WHEREOF, the Grantor (s) ha ve hereunto set **their** hand @ this 30th day of September A.D. 19 75

Ronald L. Moore By
Yvonne D. Moore Atty. In Fact

Ronald L. Moore
by Yvonne D. Moore, his Attorney-in-Fact

Signed, acknowledged and delivered in the presence of

x Yvonne D. Moore
Yvonne D. Moore

STATE OF OHIO  )
                        ) ss:
COUNTY OF Franklin  )

Before me, the undersigned, a Notary Public in and for said State and County, personally appeared the above-named, Ronald L. Moore, and Yvonne D. Moore, who, in the above mortgage deed, and severally acknowledged the signing thereof, and that such signing was their voluntary act and deed, for the uses and purposes therein mentioned.

IN TESTIMONY WHEREOF, I have hereunto signed my name, and affixed my official seal, this 30th day of September A.D. 19 75.

FRANK D. FARKAS
NOTARY PUBLIC, FRANKLIN COUNTY, OHIO
MY COMMISSION EXPIRES AUG. 27, 1978

The conditions of this mortgage have been complied with, and the same is fully paid, satisfied, and discharged.

The form of this instrument was prepared by the Office of the General Counsel, Department of Housing and Urban Development, and the material in the blank space in this form was inserted by or under the direction of Central Savings and Loan Company.

**OHIO**

| | |
|---|---|
| COUNTY OF | **FRANKLIN** |
| LOAN NO 1: | **002455384** |
| LOAN NO 2: | **4002455385** |
| INVESTOR: | **X00008225** |
| POOL NO: | **0008225** |

**WHEN RECORDED MAIL TO:**
Principal Portfolio Services, Inc.
3150 Bristol Street, Suite 250
Costa Mesa, CA  92626
Prepared By Evelia Barba



Instr.199710030109534        10/03/1997
Pages:1              Fee $16.00        7:46AM
Richard B. Metcalf        T199700055082
Franklin County Recorder        MEPPRINCIP

# Assignment of Real Estate Mortgage

FOR VALUE RECEIVED, the undersigned as Mortgagee ("ASSIGNOR"), hereby grants, conveys, assigns and transfers to

CHEMICAL MORTGAGE ~~CORPORATION~~, AN OHIO CORPORATION *COMPANY

200 OLD WILSON BRIDGE ROAD, WORTHINGTON, OH 43085-8500

("Assignee") all beneficial interest under that certain mortgage dated        **September 30, 1975**        executed by

RONALD L. MOORE, BY YVONNE D. MOORE, HIS ATTORNEY-IN-FACT, AND YVONNE D. MOORE, HUSBAND AND WIFE, BOTH BEING
OVER 18 YEARS OF AGE.

Mortgagor, to

CENTRAL SAVINGS AND LOAN COMPANY

Mortgagee, and

recorded as   InStrument No.        on   10/8/75   in   Book        3553
Page        **21**        , Micro Film No.        , of Official Records in the office of the County Clerk  of
**FRANKLIN**        County, Ohio   as described in said mortgage.

PIN: 10-136633
Together with the note or notes therein described or referred to, the money due and to become due thereon with interest ,
and all rights accrued or to accrue under said Mortgage.

Dated: _____ **6/1/97**

SOURCE ONE MORTGAGE SERVICES CORPORATION, A DELAWARE
CORPORATION, FKA FIREMAN'S FUND MORTGAGE CORPORATION, FKA
MANUFACTURERS HANOVER MORTGAGE CORPORATION, FKA CITIZENS
MORTGAGE CORPORATION

27555 FARMINGTON ROAD, FARMINGTON HILLS, MI 48334-3357

By _____
**FLORENCE FIAUI**
**ASSISTANT VICE PRESIDENT**

STATE OF   CALIFORNIA        )
)  SS
COUNTY OF   ORANGE        )

On _____ **7/11/97** _____, before me,        CLAUDIA GARCIA        personally appeared

**FLORENCE FIAUI**

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/ her/their signature(s) on the instrument the person(s) or the entity upon behalf
of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

NOTARY PUBLIC        CLAUDIA GARCIA
My commission expires   7/6/2001
This instrument was prepared by: Evelia Barba, Principal PSI
3150 Bristol Street, Suite 250, Costa Mesa, CA  92626

CLAUDIA GARCIA
COMM. #1146035
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires Jul. 6, 2001

This is to certify that the foregoing is a true and correct copy of
a. ASM e on record in Recorders Office, Franklin County,
Ohio, Instrument # 199710030109534 in testimony
whereof I have hereunto subscribed my name and affixed my
official seal this _____ day of _____ 20 _____

Terry J. Brown, Recorder
By _____ Deputy

8,848        2   1        97070346474

**OHIO**

| | |
|---|---|
| COUNTY OF | **FRANKLIN** |
| LOAN NO 1: | **002455361** |
| LOAN NO 2: | **4002455363** |
| INVESTOR: | **X00008225** |
| POOL NO: | **0008225** |

**WHEN RECORDED MAIL TO:**

Principal Portfolio Services, Inc.
3150 Bristol Street, Suite 250
Costa Mesa, CA 92626
Prepared By Evelia Barba



```
Instr:199710030109533    10/03/1997
Pages:1    Fee:$16.00    7:46AM
Richard B. Metcalf    T199700055002
Franklin County Recorder  MEPPRINCIP
```

## Assignment of Real Estate Mortgage

FOR VALUE RECEIVED, the undersigned as Mortgagee ("ASSIGNOR"), hereby grants, conveys, assigns and transfers to

**CHEMICAL MORTGAGE ~~CORPORATION~~, AN OHIO CORPORATION ✱COMPANY**

**200 OLD WILSON BRIDGE ROAD, WORTHINGTON, OH 43085-8500**

("Assignee") all beneficial interest under that certain mortgage dated      **October 14, 1975**      executed by

**CLYDE W. PULLEY AND MARY F. PULLEY, HUSBAND AND WIFE**

Mortgagor, to

**CENTRAL SAVINGS AND LOAN COMPANY**                Mortgagee, and

recorded as    InStrument No.                 on  **10/27/75**  in  Book              **3556**
Page        **140**     , Micro Film No.              , of Official Records in the office of the County Clerk of
**FRANKLIN**              County, Ohio   as described in said mortgage.

**PIN: 10-128810**
Together with the note or notes therein described or referred to, the money due and to become due thereon with interest ,
and all rights accrued or to accrue under said Mortgage.

Dated: _____**6/1/97**_____

**SOURCE ONE MORTGAGE SERVICES CORPORATION, A DELAWARE CORPORATION, FKA FIREMAN'S FUND MORTGAGE CORPORATION, FKA MANUFACTURERS HANOVER MORTGAGE CORPORATION, FKA CITIZENS MORTGAGE CORPORATION**

**27555 FARMINGTON ROAD, FARMINGTON HILLS, MI 48334-3357**

By _____

**FLORENCE FIAUI**
**ASSISTANT VICE PRESIDENT**

STATE OF    CALIFORNIA              )
                                    ) SS
COUNTY OF    ORANGE                 )

On    **7/11/97**    before me,    **CLAUDIA GARCIA**         personally appeared

**FLORENCE FIAUI**

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/ her/their signature(s) on the instrument the person(s) or the entity upon behalf
of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal



NOTARY PUBLIC
My commission expires   7/6/2001

**CLAUDIA GARCIA**

```
CLAUDIA GARCIA
COMM. #1146035
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires Jul. 6, 2001
```

**This instrument was prepared by:**  Evelia Barba, Principal PSI
3150 Bristol Street, Suite 250, Costa Mesa, CA 92626

This is to certify that the foregoing is a true and correct copy of a A5M4 on record in Recorders Office, Franklin County, Ohio, Instrument #199710030109533 in testimony whereof I have hereunto subscribed my name and affixed my official seal this 10-7-97 day of OCT 20 13

By _____
Terry J. Brown, Recorder
Deputy

8,847          1    1          97070346473

B0508359

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| In Re: | ) | CASE NO. 05-75111 |
| | ) | CHAPTER 7 |
| Yvonne Lewis | ) | |
| | ) | |
| Debtor | ) | JUDGE HOFFMAN |
| | ) | |
| | ) | (1875 Alvason Ave, Columbus) |

## AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM STAY

State of _PENNSYLVANIA_

County of _PHILADELPHIA_

I, _JOHN TIMSON_, being duly cautioned and sworn state as follows:

1. I am an employee of GMAC Mortgage Corporation, its successors and assigns, ("Creditor"), a creditor in the within bankruptcy. I am authorized to give this affidavit. The information contained in this affidavit is based upon my personal knowledge or based upon the Creditor's business records. These business records are kept in the normal course of business and the Creditor relies upon them in the conduct of its business. The information contained in these records was created at or near the events described therein. I am a custodian of those records.

2. Creditor holds the note and mortgage relating to debtor's real property referenced above. At the request of my attorney, I have reviewed those records and concluded that Debtor is currently due for the _2/1/05_ payment. The last payment received from the debtor was on _2/10/05_

in the amount of $ _312.98_ and it was applied to the _1/1/05_ payment. .  The funds being

held in suspense are _#0.00_ .    The total amount to reinstate the loan contractually is

$_10,968.28_ . The total amount to payoff this loan good through February 6, 2006, is $62,322.38.


FURTHER AFFIANT SAYETH NAUGHT.

_John Tinson_

Sworn to and subscribed in my presence this _26th_ day of _January_, 2006.

_Zahirah Y Sweet_

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Zahirah Y. Sweet, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires Mar. 7, 2009
Member, Pennsylvania Association of Notaries

## CERTIFICATE OF SERVICE

A copy of the foregoing Affidavit in Support of Motion for Relief from the Automatic Stay was served by regular U.S. Mail and/or electronically as permitted by the rules, this 27th day of January, 2006, upon the following parties at the addresses stated below.

Yvonne Lewis
1875 Alvason Ave
Columbus, OH 43219

Sidney Lewis
1875 Alvason Ave
Columbus, OH 43219

Clyde C. Hardesty, III, Trutee
P.O. Box 731
Newark, OH 43058-0731

Office of the U.S. Trustee
The Schaff Building
170 North High Street, Suite 200
Columbus, OH 43215

/S/ Andrew A. Paisley
Attorney for Movant





**Federal Register**

**Wednesday,
April 28, 2010**

**Part II**

# Environmental Protection Agency

**40 CFR Part 87**
**Advance Notice of Proposed Rulemaking on Lead Emissions From Piston-Engine Aircraft Using Leaded Aviation Gasoline; Proposed Rule**

20318F14

ATTACHMENT B
Avigation Easement

137475

TIME _10: 20A_ M
RECORDER FRANKLIN CO, OHIO

SEP 2 1992

- HOMEOWNER PARTICIPATION AGREEMENT
RESIDENTIAL SOUND INSULATION PROGRAM
Port Columbus International Airport

RICHARD B. METCALF, RECORDER

RECORDER'S FEE _18°°_

This easement is conveyed from _YVONNE DeCAROL WEBB_,
hereinafter called "Grantor", to the Columbus Municipal Airport
Authority of Columbus, Ohio, hereinafter called the "Grantee".
This easement is entered into this _20TH_ day of _APRIL_,
1992.

Grantor is the owner of land and improvements thereto located at
_1875 ALVASON AVE., COLUMBUS_, of the State of Ohio, and
described as follows:

### DESCRIPTION

Being Lot Number Seventeen (17) of Argyle Park Subdivision, as
the same is numbered and delineated upon the recorded plat
thereof, of record in Plat Book 36, page 6, Recorder's Office,
Franklin County, Ohio.

The Grantee is the proprietor of the Port Columbus International
Airport.

TRANSFER
NOT NECESSARY
SEP 2 1992
JOSEPH W. TESTA
AUDITOR
FRANKLIN COUNTY, OHIO

CONVEYANCE TAX
EXEMPT
JOSEPH W. TESTA
FRANKLIN COUNTY AUDITOR



**U.S. Department**
**of Transportation**

**Federal Aviation**
**Administration**

# Memorandum

| | | |
|---|---|---|
| **Subject:** | ACTION:  FAR Part 150 Noise Compatibility Program, Record of Decision; Port Columbus International Airport, Columbus, Ohio | **Date:** SEP 11 1987 |
| **From:** | Director, AGL-1 | **Reply to Attn. of:** Lamberts:384-7387 |

**To:**   Administrator

The city of Columbus, Public Utilities and Aviation Department, owner and operator of Port Columbus International Airport, has submitted noise exposure maps (NEM's) and a proposed noise compatibility program (NCP) to this office.  The NEM's were previously accepted by FAA effective July 27, 1987.  The proposed NCP must be approved or disapproved on or before January 23, 1988.  A Federal Register notice announcing the submission of the NCP for FAA approval was published July 27, 1987.  The maps and proposed program have been coordinated with airport users, community officials, land use planning agencies, and the public.  Documentation of this coordination is found in the appendices of the study report.

Earlier review of the proposed NCP by this office and APP-600 found the program to be compliant with the standards set forth in FAR Part 150, paragraph 150.23.  This submittal requests formal FAA review and approval of the NCP for Port Columbus International Airport.  The airport is situated in the eastern part of the city of Columbus, which is currently designated as a medium hub.  It has 184 based aircraft and had approximately 230,000 operations in 1986.  This Part 150 study was funded under AIP Grant 84-2-3-39-0025-03-85 with a Federal project share of $267,188, which includes a master plan update.

This office believes the NCP complies with published standards for FAR Part 150 submittals.  We have coordinated this report with Regional Counsel, the regional Planning Staff, and affected operational divisions.  We are pleased to forward this candidate NCP for your consideration.  We recommend you approve this NCP.

*Bill Pollard*

William H. Pollard

Attachment

2

Date:
Subject:  FAR Part 150 Noise Compatibility Program, Record of Decision;
Port Columbus International Airport, Columbus, Ohio

Associate Administrator for Airports, ARP-1

Concur/Non-concur: _____ Date: 9/16/87

Associate Administrator for Policy and International Aviation, API-1

Concur/Non-concur: _____ Date: 9/18/87

Chief Counsel, AGC-1

Concur/Non-concur: _____ Date: 9/21/87

Administrator, AOA-1

Approved/Disapproved: _____ Date: 9-25-87