

Investor Loan # 9725374
Custodian ID: RK1
This document was prepared by Ocwen Loan Servicing, LLC

After Recording Return To:
Ocwen Loan Servicing, LLC
Attention: Loss Mitigation
3700 J Street SW
Suite 555
Cedar Rapids, IA 52404

_____ [Space Above This Line For Recording Data] 74 39174590

# NON-HAMP LOAN MODIFICATION AGREEMENT

Loan Modification Agreement ("Agreement") made this 3/1/2013 ("Effective Date") between MAURICE LOVUOLO ("Borrower") and Ocwen Loan Servicing, LLC, Lender/Servicer or Agent for Lender/Servicer ("Lender") amends and supplements that certain promissory note ("Note") dated 3/25/2005 in the original principal sum of Two Hundred Eighty Thousand Dollars and No Cents ($280,000.00) executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on 4/7/2005 with Instrument Number 699115 in 600 and/or Page Number 158 of the real property records of SUFFOLK, MA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 78 WALNUT STREET HYDE PARK, MA 02136, which real property is more particularly described as follows:

( Legal Description if Applicable for Recording Only )

Borrower acknowledges that "Lender" is the legal holder and the owner, or agent/servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is $136,000.00.

2. If through a previous modification(s) there was principal deferment, Borrower's previously deferred principal in the amount of $0.00 is being forgiven. In addition, there may be new principal

AGB1C

1/2325602.2



forgiveness in the amount of $151,120.58. The total principal forgiveness is $151,120.58. Forgiveness of Principal may have tax consequences and Borrower should consult Borrower's tax advisor.

3. This New Principal Balance, along with any other amount outstanding, will be due when the Term of Borrower's loan expires (the Maturity Date), or when Borrower pays off Borrower's loan at the time when Borrower sells or transfers any interest in Borrower's home, refinances the loan, or when the last scheduled payment is due. "Lender" will be under no obligation to refinance Borrower's loan.

4. The Maturity Date is 3/1/2053.

5. Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument.

6. Interest will be charged on the unpaid, non-deferred, "New Principal Balance" until the non-deferred principal has been paid in full. Borrower promises to pay interest at the rate of 2.750% from 3/1/2013 until Borrower payoff Borrower's loan at the time when Borrower sell or transfer any interest in Borrower's home, refinance the loan, or when the last scheduled payment is due. If Step Rate: The rate of interest Borrower pay will change based upon Payment Schedule below.

7. Borrower promises to make monthly principal and interest payments of $467.46, beginning on 4/1/2013, and continuing thereafter on the same day of each succeeding month, according to the Payment Schedule below until all principal and interest is paid in full. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

8. The "Lender" will be under no obligation to refinance Borrower's loan.

9. Lender will collect and record personal information, including, but not limited to, borrower's name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. Borrower understands and consents to the disclosure of personal information and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for purposes similar to the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

10. If on 3/1/2053 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance" as provided for in this Agreement, Borrower will pay these amounts in full on that date.

11. If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late

AGB1C

1/2325602.2



payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly, but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

12. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend, rearrange, or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

13. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

14. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

15. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

AGB1C

1/2325602.2

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

AGB1C

1/2325602.2

3/8/2013 *[signature]*
Date         MAURICE LOVUOLO

_____
Date

_____
Date

_____
Date

**BORROWER ACKNOWLEDGMENT**

State of Massachusetts
County of Middlesex

On this 5th day of March, 2013, before me, the undersigned, a Notary Public in and for said county and state, personally appeared MAURICE LOVUOLO, personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.



_____
Notary Public
My Commission Expires: March 24th, 2017

AGBIC

1/2325602.2

Ocwen Loan Servicing, LLC

By: _Lisa K Howard_

Title: Authorized Officer

Date: 3/29/13

LENDER ACKNOWLEDGMENT

State of IOWA
County of Linn

On this 29 day of Mar, 2013, before me, the undersigned, a Notary Public in and for said county and state, personally appeared Lisa K Howard, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Authorized Officer of Ocwen Loan Servicing, LLC, said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_Alice M Decker_
Notary Public
My Commission Expires:

ALICE M. DECKER
Commission Number 743553
My Commission Expires
October 20, 2015