Hearing Date: July 26, 2013 at 0:00 a.m. (ET)
Objection Deadline Date: July 19, 2013 at 4:00 p.m. (ET)

DAVID J. BROWN
1135 Ulloa Street
San Francisco, CA 94127
Telephone: (415) 716-7786
E-Mail: djbrown2008@gmail.com

Attorney for Gerard Wiener

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X
**In re:**                                      :
                                                :   **Chapter 11**
**Residential Capital, LLC,** *et al.***,**     :
                                                :   **Case No. 12-12020**
              **Debtors,**                      :
                                                :   **Jointly Administered**
-------------------------------------------------------X

**OBJECTION OF GERARD WIENER TO DEBTORS' MOTION FOR AN ORDER
PURSUANT TO BANKRUPTCY RULE 9019, etc.**

      Gerard Wiener for himself and as representative of the Estate of Roland Wiener objects to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter into and Perform Under Amendment to Consent Order.   This Objection is based on the following problems that exist with the motion and its purported support:

      (A)  The new plan has ResCap and GMACM make the initial placement of the borrowers files that are being reviewed in the a matrix for payment, with a possible  review by their

"auditors" or some other entity under certain circumstances. Independence of review is abandoned.

    (B) The purported reasons for a change to the Consent Order are not clearly explained nor supported. The motion reeks with overgeneralization. In simple terms the original Agreement with the AG's and the FRB was purportedly not being accomplished within any reasonable timeframe but at an horrendous cost. This mismanagement is used as the excuse to sacrifice independence. The details of how that came to be and who allowed it to be are not stated nor otherwise explained.

    (C) Now the ever arrogant Debtors claim that they have the expertise to opine via their attorneys and Mr. Kruger that the proposed amendment is a good deal for all concerned and will be able to be accomplished by those involved (although they do not say precisely how that will be accomplished or what the final "deal" will be). They also want to short-cut the process by having the debtors do the reviews. This is a classic fox guarding the hen house situation. Considering the debtors' obvious bias, no "independence" will exist.

    (D) The Debtors blew the consent order and now want relief for their inability to put together a new deal in a timely manner as done by other servicers.

    (E) There is no reasonable support demonstrated backing-up Mr. Kruger's projected costs and considering how "off" earlier projections as to the costs involved under the original deal were, no credibility should be given to these new debtor projections.

    (F) The original Consent Order was not some simple administrative box to check—it was a remediation plan to remedy serious malfeasance and negligence by the loan servicers and their respective principals, What now seems to be happening is that the Debtors have continued their inability to cope, much less deal fairly with the borrowers they have harmed, with a

proposed result here that benefits the creditors other than the borrowers, at the expense of the borrowers.

(G)  Under the Amendment to the Consent Order, having the Debtors determine where the borrowers fit into the "waterfall" matrix is a ludicrous proposal.  Why should we now trust the bandits that created the improper foreclosure mess in the first place.

(H)  The Kruger Declaration is inadequate and subject to additional objections as follows:

1. None of the Debtors' books and records, relevant documents, and other information given to Mr. Kruger by the Debtors' employees or consultants and upon which Mr. Kruger says he relies is identified or supplied.

2. No detailed nor specific explanation of how the settlement amount was determined has been provided.

3. No explanation is give as to how review payments will be determined under the yet to be created new review plan.

This borrower asks the Court to reject this proposal as being inadequately supported and being a half-way/incomplete solution with many key factors not yet determined, including for example, the exact plan of compensation to be involved, and how qualification under that plan will properly determined by the Debtors.  If the Court is disinclined to reject this incomplete proposal, this party asks the Court to appoint a committee of 12 "foreclosure review" requestors for the purpose of advising the Court of their approval or concerns as the plan further develops and with their costs including experts and attorneys being paid by the estate as super-priority post-petition administrative expenses.

Lastly, this borrower, says that this Court should not abandon the independence of the process and put the foreclosure review back in the hands of the folks who made the mistakes that harmed and angered the borrowers and the various state AGs in the first place.

Dated:  July 19, 2013
San Francisco, California

                        Respectfully Submitted

                        **DAVID J. BROWN**

                        /s/ David J. Brown_____
                        David J. Brown, CA Bar No. 56628
                        1135 Ulloa Street
                        San Francisco, CA 94127
                        Telephone:  (415) 716-7786
                        E-Mail:  djbrown2008@gmail.com