MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
James A. Newton

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**DEBTORS' OBJECTION TO MOTION FOR AN ORDER PURSUANT TO
SECTION 362(d) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 4001
AND LOCAL RULE 4001-1 MODIFYING THE AUTOMATIC STAY TO
<u>ALLOW CONTINUATION OF PRE-PRE-PETITION LITIGATION</u>**

Residential Capital, LLC and its affiliated debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), including GMAC Mortgage, LLC ("**GMAC Mortgage**") hereby submit this objection (the "**Objection**") to the *Motion for an Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Pre-Petition Litigation* [Docket No. 3964] (the "**Motion**"). In support hereof, the Debtors respectfully state as follows:

**OBJECTION**

1. By his Motion, David Vasquez (the "**Movant**") seeks relief from the automatic stay in order to permit him to pursue claims against GMAC Mortgage in a state court

ny-1099280

lawsuit commenced by Movant on or about January 5, 2012, captioned *Vasquez v. GMAC Mortgage, LLC*, Case No. 2012-DCV00229 (346th Judicial Dist. Ct., El Paso Cty, Tex.) (the "**Action**").[1] In the Action, Movant asserts breach of contract and fraud claims and seeks to quiet title, each in connection with an allegedly improper December 6, 2011 foreclosure of property located at 6224 Taos Drive, El Paso, Texas 79905 (the "**Property**").[2] See Motion ¶¶ 2, 10. Movant asserts that he is entitled to relief from the automatic stay to permit him to proceed with his claims against the Debtors.

### A. Movant is Barred from Asserting Claims Against the Debtors Because He Failed to File a Proof of Claim

2. The Debtors object to the Motion because Movant has not filed a proof of claim in these chapter 11 cases. The claims bar date in this case occurred on November 16, 2012. Having not filed a proof of claim prior to the claims bar date, Movant is "forever barred, estopped and enjoined" from asserting any prepetition claims against the Debtors. *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* ¶ 11. Movant was served with the bar date notice at the Property and through his counsel in the Action, Mark T. Davis. See *Affidavit of Service* [Docket No. 1412], Exhibit I at 2645 (Movant), 6991 (Movant's counsel). An excerpt of the relevant pages of the *Affidavit of Service* is attached hereto as Exhibit 2.

3. The Court recently denied a similar request for relief from the automatic stay in connection with monetary damages claims that were filed by a party that had failed to timely file a proof of claim in these chapter 11 cases. The Court explained that in the absence of

---

[1] A copy of the relevant complaint in the Action is attached hereto as Exhibit 1.

[2] Movant also sought in the Action disclosure of certain general information regarding the defendants and the action pursuant to Texas Rule of Civil Procedure 194.2(a)-(i). The Debtors have already provided this information.

a timely filed proof of claim, the movant could not enforce any judgment against the Debtors and for that reason, among others, denied the motion. *Order Denying Motion for Relief from the Automatic Stay of 11 U.S.C. § 362 by MED&G Group LP* [Docket No. 3763]; Transcript of Hearing at 17-19, *In re Residential Capital, LLC*, 12-12020 (MG) (Bankr. S.D.N.Y. May 14, 2013).[3]

4.      The instant matter is no different than in the case of MED&G. Here, Movant failed to timely file a proof of claim and now seeks relief from the automatic stay to pursue damages claims against the Debtors. Granting Movant relief from the automatic stay to pursue his claims in the Action would be similarly futile here, because Movant would not be entitled to assert against the Debtors any money judgment arising from the Action.

5.      The Debtors are prepared, as they have been in prior cases, to enter into an appropriate form of stipulation with Movant providing for limited relief from the automatic stay (to the extent it is applicable) solely to permit Movant to continue to pursue in the Action his claim seeking declaratory relief, but will not consent to relief from the automatic stay to permit Movant to litigate in the Action his claims for monetary damages.

---

[3] An excerpt of the relevant pages of the May 14, 2013 hearing transcript is attached hereto as <u>Exhibit 3.</u>

WHEREFORE, the Debtors respectfully submit that for the foregoing reasons, the Motion should be denied with respect to Movant's monetary damages claims.

| | |
|---|---|
| New York, New York<br>Dated: July 19, 2013 | /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>James A. Newton<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |