# **EXHIBIT 1**

**First Amended Petition**

**346th Judicial District Court
of El Paso County, Texas**

FILED
NORMA L. FAVELA
DISTRICT CLERK

2012 FEB 21  PM 4:45

| | |
|---|---|
| David Vasquez<br>　　Plaintiff,<br><br>vs.<br><br>GMAC Mortgage, LLC and<br>Ramsy M. Esper<br>　　Defendent, | §<br>§<br>§<br>§ Cause No. 2012-DCV00229<br>§<br>§<br>§<br>§<br>§ |

### Plaintiff's First Amended Original Petition for Declaratory Judgment, Requests for Disclosure

Comes now David Vasquez, Plaintiff, complaining of GMAC Mortgage and Ramsy M. Esper, Defendants, and files this Petition for Declaratory Judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, and would show the Court the following:

### I.
### Discovery

Discovery should be conducted under level one of Texas Rules of Civil Procedure 190.

### II.
### Parties

Plaintiff is an individual and resident of El Paso County, Texas.

Defendant GMAC Mortgage, LLC, is a corporation and may be served with process upon its registered agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street Suite 620, Austin, Texas 78701-3218 USA.

Ramsy M. Esper is an individual and resident of El Paso County, Texas and can be served with process at 5780 Diamond Point Circle, El Paso, Texas 79912.

### III.
### Factual Background and Basis of Claim

On or about November 8, 1995, David Vasquez purchased the following real property located in El Paso County Texas:

> Lot 8, Block 13, THIRD SECTION TEJAS ADDITION, an addition to the city of El Paso County, Texas according to the Plat thereof Recorded in Volume 6, Page 71, Plat Records of El Paso County, Texas. Also known as 6224 Taos, El Paso, Texas 79905.

As part of the transaction David Vasquesz executed a Deed of Trust to secure a purchase money loan in the amount of $39,150.00 for the benefit of Pacific Southwest Bank. Beverly Mitrisin, as substitute trustee, was instructed by defendant GMAC Mortgage, LLC, to sell the plaintiffs home at foreclosure on the first Tuesday of December 6, 2011. Plaintiffs' statutory rights and contractual rights where violated by the sale of their home for one or more of the following reason:

1. While the defendant represented to the plaintiff that he had been approved for a loan modification the defendant proceeded to foreclosure.
2. Pacific Southwest Bank, the holder, did not make any assignment to GMAC Mortgage, LLC., and, in the alternative, failed to notify the plaintiff of any assignment.
3. There is not assignment filed of record among the deed records of the County of El Paso, where the real property of this lawsuit is located.
4. The Notice of sale was not posted as required by law, depriving the plaintiffs of a public sale.
5. The notice of default, right to cure, and notice of acceleration were not mailed or delivered as required by the deed of trust or the Texas Property Code.

### IV.
### Declaratory Relief

Plaintiff requests that the court provide declaratory relief and determine the rights of the parties in relation to one another pursuant to Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, including but no limited to declaring the Foreclosure to be without force and effect and that the foreclosure is invalid and in violation of the Plaintiff's rights.

## V.
## Breach of Contract

The facts alleged herein constitute breach of contract as the defendant is engaged in a course of conduct which is not authorized or a right created in contract between the parties. The plaintiff's damages are a direct and proximate cause of the breach of the defendant.

## VI.
## Common Law Fraud

There acts and omissions of the defendant, as alleged herein constitute common law fraud. The defendant represented to the plaintiff that it was considering a loan modification and that the plaintiff had been approved for a loan modification. The representations were both material and false and made knowingly. The defendant made the representations with the intent that the plaintiff would rely on them while the defendant proceeded to take the home of the plaintiff at a foreclosure sale, thereby preventing the plaintiff from taking actions which would have protected his rights to the property. As a direct and proximate cause of the fraudulent conduct of the defendant a cloud has been place on the title to the plaintiff's home and he is forced to defend both his right to the property but also his right to possession.

## VII. Quiet Title

The purchase of the plaintiff's home by Defendant Ramsy M. Esper creates a cloud on the title. The elements of a suit to quiet title are, (1) The defendant is asserting a claim to some interest adverse to the plaintiff's title and, (2) the claim must be one that if enforced would interfere with the plaintiff's enjoyment of the property. *Mauro v. Lavlies,* 386 S.W.2d 825, 827 (Tex. App. –Beaumont 1964, no writ). Based on its trustee's deed, defendant is seeking possession of the plaintiff's home by way of eviction. These facts meet all the elements of the cause of action of quiet title, an equitable remedy which does not seek monetary damages. *Ellis v. Waldrop,* 656 S.W.2d 905 (Tex. 1983).

## VIII.
## Request for Disclosure to GMAC Mortgage, LLC

Pursuant to Rule 194, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(i).

## IX.
## Relief Requested

Wherefore, Plaintiff requests that defendant be cited to appear and answer, and that on final trial, plaintiff have:

1. A declaration that the foreclosure sale and trustee's deed are invalid and void as a matter of law.

2. Or, in the alternative, that this Court assess actual damages against the defendant and in favor of plaintiff in an amount that would reasonably compensate the plaintiff for her loss.

3. Actual damages, in an amount in excess of the minimum jurisdictional limits of the Court;

4. Exemplary damages in the amount of four times actual damages.

5. Reasonable attorney's fees and expenses of litigation of at least $12,500.00;

6. Interest on the judgment at the legal rate until paid;

7. Costs of suit;

8. Such other and further relief to which Plaintiff may be justly entitled.



Respectfully submitted,

_____
Mark T. Davis
State Bar No. 00787338
1554 Lomaland Drive
El Paso, Texas 79935
Telephone No. (915) 779 - 3596
Facsimile No. (915) 629-9691
Attorney for David Vasquez

A TRUE COPY, I CERTIFY
NORMA L. FAVELA, District Clerk
By _____ Deputy

MAR 12 2013