## EXHIBIT 3

**Excerpt of May 14, 2013 Hearing Transcript**

**In Re:**

*RESIDENTIAL CAPITAL, LLC, et al.*

*Case No. 12-12020(MG)*

*May 14, 2013*

*eScribers, LLC*

*(973) 406-2250*

*operations@escribers.net*

*www.escribers.net*

*To purchase copies of this transcript, please contact us by phone or email*



**Min-U-Script® with Word Index**

1  order otherwise.

2          THE COURT:  Okay.  All right.  So, we'll -- the June

3  6th is an afternoon, it's 2 o'clock.  So, you'll add it to the

4  -- add just the status conference on this to the June 6th,

5  okay?

6          MR. GOREN:  Okay.

7          THE COURT:  All right.

8          MR. GOREN:  Thank you.

9          THE COURT:  Thank you, Mr. Goren.

10         MR. GOREN:  I'll turn the podium over to Mr. Newton.

11         THE COURT:  Okay.

12         MR. NEWTON:  Good morning, Your Honor.  James Newton,

13  Morrison & Foerster on behalf of the debtors.

14         The next matter on the agenda is a motion for relief

15  from stay filed by MED&G.  It's docket number 2274.

16         THE COURT:  Right.

17         MR. NEWTON:  Your Honor will recall that the parties

18  stipulated to permit MED&G to proceed with its equitable claims

19  in the underlying action.  So, the only remaining issue relates

20  to the monetary claims that MED&G has asserted in that action.

21  Since it's MED&G's motion, I will turn the podium over to

22  MED&G's counsel.

23         THE COURT:  Thank you.

24         MR. BANEY:  Good morning, Your Honor.  William Baney,

25  Wenig Saltiel for the movant.

12-12020-mg   Doc 4294-3   Filed 07/19/13   Entered 07/19/13 15:23:12   Exhibit 3 -
Excerpt of May 14   2013 Hearing Transcript   Pg 4 of 7

RESIDENTIAL CAPITAL LLC, ET AL.                    16

1          Your Honor, we asked that this motion -- the remainder

2    of the motion be adjourned to the omnibus hearing date of June

3    12th.  The reason for this is the parties in the underlying

4    case are exploring a settlement whereby the proof of claim from

5    the Inoways (ph.), the plaintiff in the underlying case will

6    assign their proof of claim to movant in which case the

7    monetary claims in the underlying case will become relevant and

8    we will be seeking relief from stay to proceed to address our

9    monetary damages.

10          THE COURT:  Mr. Newton?

11          MR. NEWTON:  Your Honor, at this point, I don't think

12   the debtors see a purpose in adjourning this matter out any

13   further.  At the April 30th hearing, Your Honor denied MED&G's

14   motion to file a late proof of claim.  So, all that we're left

15   with in connection with this motion is MED&G is seeking relief

16   to pursue monetary claims that it's barred from asserting

17   against the debtors.  There's a trial --

18          THE COURT:  To get an assignment of the proof of

19   claim, they'll deal with at the time.

20          MR. NEWTON:  I don't think that has anything to do

21   with the motion that's on for today.

22          THE COURT:  Yes, that's what I don't understand

23   because if you get an assignment of the claim what the --

24   Inoways or however they pronounce their name, they're

25   proceeding to trial; right?

12-12020-mg   Doc 4294-3   Filed 07/19/13   Entered 07/19/13 15:23:12   Exhibit 3 -
Excerpt of May 14   2013 Hearing Transcript   Pg 5 of 7

RESIDENTIAL CAPITAL LLC, ET AL.                    17

1          MR. BANEY:  No, Your Honor. If we can do the --

2          THE COURT:  Oh, you're trying to settle it.

3          MR. BANEY:  Yeah, if we would do the settlement, the

4    property would go back to the plaintiffs, we would get their

5    proof of claim to seek monetary damages against the debtors to

6    proceed with our monetary claims against the debtors.

7          THE COURT:  Okay.  I'm not going to decide now whether

8    -- go through the claims allow -- if you get an assignment of

9    the claim, you can go through the claims allowance process.  Is

10   the case trial-ready in California?

11         MR. BANEY:  Yes, Your Honor, it's the end of May.  I'm

12   not sure if it's the 30th or the 31st, but the trial -- if the

13   case goes forward and there's no settlement prior to, the trial

14   date is the end of May.

15         THE COURT:  All right.  Well, so why does that have

16   anything to do with whether I rule on this motion now?  Because

17   it's going to have no bearing on that at all; is it?

18         MR. BANEY:  Correct, Your Honor.  That's why we're

19   asking it to be adjourned.

20         THE COURT:  No, so that's why I am going to deny the

21   motion to lift the stay.  This matter was, just so we're clear,

22   pending before the Court is the MED&G Group, LP, motion to lift

23   the stay.  It's at ECF 2274.  MED&G asked the Court to lift the

24   automatic stay to permit it to assert counterclaims in the

25   California Superior Court action, Inoways v. GMAC Mortgage

12-12020-mg   Doc 4294-3   Filed 07/19/13   Entered 07/19/13 15:23:12   Exhibit 3 -
Excerpt of May 14   2013 Hearing Transcript   Pg 6 of 7

RESIDENTIAL CAPITAL LLC, ET AL.                              18

1    Corp.  It's case number SCV-248256.  The debtors filed an

2    objection to the motion at ECF 2680.  On May 8, 2013, I entered

3    an order -- the Court entered an order denying MED&G's request

4    to file a late proof of claim in the debtors' bankruptcy

5    proceeding.  I won't go through the whole procedural history

6    here.  In determining whether MED&G has established cause to

7    lift the stay, the Court considers the so-called Sonnax factors

8    from the Second Circuit's decision in Sonnax Industries, 907

9    F.2d 1280 at page 1286 (2d Cir. 1990).  Not all the factors are

10    relevant in every case and causes a broad and flexible concept

11    that must be determined on a case by case basis.  The moving

12    party bears the burden to demonstrate that good cause exists

13    for lifting the stay using the Sonnax factors and the Court may

14    deny the motion if the movant fails to make an initial showing

15    of cause.  See Sonnax 907 F.2d 1285.

16        The supplemental servicing order previously entered in

17    this case already allows MED&G to pursue counterclaims 1 and 2,

18    which were quiet title and declaratory judgment that MED&G was

19    a bona fide purchaser.  To the extent it does not, the debtors

20    have agreed to stipulate that MED&G may pursue its actions to

21    quiet title or obtain declaratory relief.  MED&G will not be

22    able to enforce any judgment ordered for counterclaims 3 and 4

23    against the debtors.  Those are the damage claims.

24        The Court held that MED&G may not file late proof of

25    claim in the debtors' bankruptcy case and thus MED&G is

12-12020-mg   Doc 4294-3   Filed 07/19/13   Entered 07/19/13 15:23:12   Exhibit 3 -
Excerpt of May 14   2013 Hearing Transcript   Pg 7 of 7

RESIDENTIAL CAPITAL LLC, ET AL.                                    19

1   "forever barred, estopped, enjoined" from asserting any

2   prepetition claims against the debtor.  See the bar order at

3   paragraph 11.

4            Four of the Sonnax factors weigh against lifting the

5   stay for counterclaims 3 and 4.  Having considered all of the

6   issues and arguments, the Court in the exercise of its

7   discretion determines that the motion to lift the automatic

8   stay is denied.  If you get an assignment of the claim -- of a

9   proof of claim that's been timely filed, you'll deal with it

10  here.  If you make another motion to lift the stay, I'll

11  consider whether the state court is the appropriate forum in

12  which to fix the amount of any claim.  We have a claims

13  allowance process and that's ordinarily how it gets done.

14           Certainly in other matters, I have lifted the stay

15  when a case was about ready to go to trial and it would resolve

16  the issue of the quantum of the claim but it's premature for me

17  to decide that.  So, for the reasons stated on the record, the

18  motion to lift the stay is denied.

19           MR. BANEY:  Thank you, Your Honor.

20           THE COURT:  Mr. Newton, just submit an order that

21  simply recites that for the reasons stated on the record, the

22  Court denies the motion to lift the stay.

23           MR. NEWTON:  I will do that.  Thank you, Your Honor.

24           Your Honor, the next item on the agenda is a motion

25  for contempt of bankruptcy filed by Albina Tikhonov.  This is