# EXHIBIT 3



B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor and Case Number:** Residential Accredit Loans, Inc., Case No. 12-12052

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
National Credit Union Administration Board, Liquidating Agent for Western Corporate Federal Credit Union

**Name and address where notices should be sent:**
Nelson C. Cohen
Zuckerman Spaeder LLP
1800 M Street, N.W.
Washington, D.C. 20036
Telephone number: (202) 778-1800    email: ncohen@zuckerman.com

**Name and address where payment should be sent (if different from above):**
National Credit Union Administration Board
4807 Spicewood Springs Road
Suite 5100
Austin, TX 78759
Telephone number: (512) 342-5600    email: Region4@ncua.gov

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____ (*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed: $71,458,336**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Damages for violations of Section 11 of the Securities Act of 1933
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** CUSIP #751153AC1

**3a. Debtor may have scheduled account as:** (See instruction #3a)

**3b. Uniform Claim Identifier (optional):** (See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**
**Value of Property:** $_____    **Annual Interest Rate** _____% ☐ Fixed ☐ Variable
(when case was filed)
**Amount of arrearage and other charges, as of the time case was filed, Included in secured claim,**
**if any:** $_____    **Basis for perfection:** _____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $71,458,336

Claim # 2628
Initials: *us*

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**
$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #8, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☐ I am the creditor.    ☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Nelson C. Cohen
Title: Counsel for National Credit Union Administration Board
Company: Zuckerman Spaeder LLP
Address and telephone number (if different from notice address above):
_____
Telephone number:_____    Email:_____

(Signature)    11/7/12 (Date)

**RECEIVED**
**NOV 0 8 2012**
**KURTZMAN CARSON CONSULTANTS**

COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See DEFINITIONS, below.)

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/ResCap.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## RESIDENTIAL ACCREDIT LOANS, INC.

## CASE NO.: 12-12052

## ATTACHMENT TO PROOF OF CLAIM FILED BY

## NATIONAL CREDIT UNION ADMINISTRATION BOARD

**CUSIP NUMBER:** 751153AC1

**ISSUER :** RALI Series 2006-Q010 Trust

**PURCHASER:** Western Corporate Federal Credit Union

**CLAIM AGAINST:** Residential Accredit Loans, Inc.

**AMOUNT OF CLAIM:** $71,458,336

### Documentation

Attached is an excerpt of the Complaint entitled <u>National Credit Union Administration Board v. Goldman Sachs & Co., et al.</u>, Case No. LACV11-6521 (U.S. District Court for the Central District of California, Western Division). The excerpt includes Count V (pages 140-142, Paragraphs 346-354) which alleges violation of Section 11 of Securities Act of 1933. A complete copy of the Complaint is attached to the Proof of Claim associated with CUSIP 74922JAC2 ($11,519,468).

3928046.1



COPY

1  Terry W. Bird – State Bar No. 49038
      twb@birdmarella.com
2  Peter J. Shakow – State Bar No. 198633
      psc@birdmarella.com
3  BIRD, MARELLA, BOXER, WOLPERT,
      NESSIM, DROOKS & LINCENBERG, P.C.
4  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
5  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
6
   George A. Zelcs
7     gzelcs@koreintillery.com
   Douglas R. Sprong
8  Peter H. Rachman
   Robert L. King
9  Diane Moore Heitman
   KOREIN TILLERY LLC
10 205 North Michigan Avenue, Suite 1950
   Chicago, IL 60601
11 Tel: (312) 641-9760
   Fax: (312) 641-9751
12
   Attorneys for Plaintiff National Credit
13 Union Administration Board

14 (See Signature Plage for Names and
   Addresses of Additional Counsel for
15 Plaintiffs)

16                UNITED STATES DISTRICT COURT

17         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

18 NATICHAL CREDIT UNION              CASE NO. LACV11-6521GHK(PLAx)
   ADMINISTRATION BOARD, as
19 Liquidating Agent of U.S. Central   COMPLAINT FOR DAMAGES
   Federal Credit Union and of Western FOR VIOLATION OF THE
20 Corporate Federal Credit Union,     SECURITIES ACT OF 1933, THE
                                       CALIFORNIA CORPORATE
21         Plaintiff,                  SECURITIES LAW OF 1968, AND
                                       THE KANSAS UNIFORM
22    vs.                              SECURITIES ACT

23 GOLDMAN, SACHS & CO.;               **JURY TRIAL DEMANDED**
   FREMONT MORTGAGE
24 SECURITIES CORP.; GS
   MORTGAGE SECURITIES CORP.;
25 and RESIDENTIAL ACCREDIT
   LOANS, INC.,
26
           Defendant.
27

28

**COMPLAINT FOR DAMAGES**

Filed stamp: CLERK, U.S. DISTRICT COURT, AUG - 9 2011, CENTRAL DISTRICT OF CALIFORNIA, BY DEPUTY

1  available, as alleged above.

2  342. U.S. Central purchased the certificates pursuant to and traceable to a defective registration statement, as alleged above.

343. At the time U.S. Central purchased the certificates, it did not know of the untrue statements and omissions contained in the registration statement.

344. Defendant Goldman Sachs's and Defendant Long Beach Securities Corp.'s conduct as alleged above violated Section 11.

345. U.S. Central and Plaintiff sustained damages as a result of Defendant Goldman Sachs's and Defendant Long Beach Securities Corp.'s violations of Section 11.

WHEREFORE, the NCUA Board requests the Court to enter judgment in its favor against Defendant Goldman Sachs and Defendant Long Beach Securities Corp., jointly and severally, awarding all damages, in an amount to be proven at trial, costs, and such other relief as the Court deems appropriate and just.

### FIFTH CLAIM FOR RELIEF
### Section 11 of the Securities Act of 1933
(RALI Series 2006-QO6 Trust, RALI Series 2006-QO10 Trust,
RALI Series 2007-QH2 Trust, RALI Series 2007-QH3 Trust,
RALI Series 2007-QH5 Trust, RALI Series 2007-QH6 Trust)

346. The NCUA Board realleges paragraphs 1 through 309 of this Complaint, as though fully set forth here, except those paragraphs specific to the Issuer Defendants other than Residential Accredit Loans, Inc., or specific to offerings other than the RALI Series 2006-QO6 Trust, RALI Series 2006-QO10 Trust, RALI Series 2007-QH2 Trust,

RALI Series 2007-QH3 Trust, RALI Series 2007-QH5 Trust and RALI Series 2007-QH6 Trust Offerings.

347. The NCUA Board brings this cause of action pursuant to Section 11 of the Securities Act, with respect to WesCorp's purchases of the RALI Series 2006-QO6 Trust, RALI Series 2006-QO10 Trust, RALI Series 2007-QH2 Trust, RALI Series 2007-QH3 Trust, RALI Series 2007-QH5 Trust and RALI Series 2007-QH6 Trust certificates against Defendant Goldman Sachs, as the underwriter, and against Defendant Residential Accredit Loans, Inc., as the issuer.

348. The NCUA Board expressly disclaims and disavows any allegation that could be construed as alleging fraud.

349. At the time the registration statement became effective, it (including the prospectus and any prospectus supplements) contained untrue statements and omitted facts that were necessary to make the statements made not misleading, as alleged above.

350. The untrue statements and omitted facts were material because a reasonably prudent investor deciding whether to purchase the certificates would have viewed them as important and as substantially altering the total mix of information available, as alleged above.

351. WesCorp purchased the certificates pursuant to and traceable to a defective registration statement, as alleged above.


12-12020-mg   Doc 4297-3   Filed 07/19/13   Entered 07/19/13 16:06:10   Exhibit 3
Case 2:11-cv-06521-GW-JEM   Document 1   Filed 08/09/11   Page 147 of 175   Page ID #:158

352. At the time WesCorp purchased the certificates, it did not know of the untrue statements and omissions contained in the registration statement.

353. Defendant Goldman Sachs's and Defendant Residential Accredit Loans, Inc.'s conduct as alleged above violated Section 11.

354. WesCorp and Plaintiff sustained damages as a result of Defendant Goldman Sachs's and Defendant Residential Accredit Loans, Inc.'s violations of Section 11.

WHEREFORE, the NCUA Board requests the Court to enter judgment in its favor against Defendant Goldman Sachs and Defendant Residential Accredit Loans, Inc., jointly and severally, awarding all damages, in an amount to be proven at trial, costs, and such other relief as the Court deems appropriate and just.

### SIXTH CLAIM FOR RELIEF
### Section 12(a)(2) of the Securities Act of 1933
(Alternative Loan Trust 2007-OA4, GSR Mortgage Loan Trust 2007-OA1, RALI Series 2006-QO10 Trust, RALI Series 2007-QH2 Trust, RALI Series 2007-QH3 Trust, RALI Series 2007-QH5 Trust, RALI Series 2007-QH6 Trust)

355. The NCUA Board realleges paragraphs 1 through 309 of this Complaint, as though fully set forth here, except those paragraphs specific to offerings other than the Alternative Loan Trust 2007-OA4, GSR Mortgage Loan Trust 2007-OA1, RALI Series 2006-QO10 Trust, RALI Series 2007-QH2 Trust, RALI Series 2007-QH3 Trust, RALI Series 2007-QH5 Trust and RALI Series 2007-QH6 Trust offerings.

356. The NCUA Board brings this cause of action pursuant to Section 12(a)(2)

142

COMPLAINT FOR DAMAGES