# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-6521-GW(JEMx) | Date | September 4, 2012 |
|---|---|---|---|
| Title | *National Credit Union Admin. Board v. Goldman Sachs and Co., et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** (IN CHAMBERS): ORDER ON MOTIONS TO DISMISS COMPLAINT

      The Court has reviewed the parties' supplement filings in this case since the Court heard oral argument on March 15, 2012, in particular docket numbers 93, 96, 97-2, 99, 101, 103-107, 109-10, 112-13, and 118 . It has also particularly reviewed the Supreme Court's decision this term in *Credit Suisse Securities (USA) LLC v. Simmonds*, 132 S.Ct. 1414 (2012), and the Southern District of New York's recent decisions in *Plumbers, Pipefitters & MES Local Union No. 392 Pension Fund v. Fairfac Financial Holdings Ltd.,* No. 11 Civ. 5097 (JFK), 2012 WL 3283481 (S.D.N.Y. Aug. 13, 2012), and *Fair Housing Finance Agency v. UBS Americas, Inc.*, No. 11 Civ. 5201 (DLC), 2012 WL 1570856 (S.D.N.Y. May 4, 2012). Except as discussed below and as altered on the record during oral argument on these motions, the Court now confirms the tentative ruling issued March 15 as its final ruling on the motions to dismiss the Complaint filed in this action.

      First, the Court observes that, on May 14, 2012, defendant Residential Accredit Loans, Inc. ("Residential") filed a voluntary petition for a Chapter 11 bankruptcy, creating an automatic stay of this litigation, at least insofar as it relates to Residential. *See* Docket No. 113. Thus, the Court cannot rule on Residential's motion to dismiss at this stage.

      Second, with respect to the question of whether *American Pipe* tolling applies where the class representative did not have standing, this Court is of the opinion that it *does* apply where a class representative purports to sue in connection with a particular security, at least until a court determines that plaintiff does not actually have standing. It does not apply, however, if that class representative *never* purports to sue in connection with that particular security.

      Third, the Court would require Plaintiff, in amending the Complaint, to plead *American Pipe* tolling in conformity with the requirements set forth in *Stichting Pensioenfonds ABP v. Countrywide*

|  | : |  |
|---|---|---|
| | Initials of Preparer | JG |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6521-GW(JEMx) | Date | September 4, 2012 |
|---|---|---|---|
| Title | *National Credit Union Admin. Board v. Goldman Sachs and Co., et al.* | | |

*Financial Corp.*, 802 F.Supp.2d 1125, 1131 (C.D. Cal. 2011).

      Finally, the Court concludes that the August 31, 2010 Tolling Agreement would allow Plaintiff to proceed with her Kansas state claim.

      Plaintiff's counsel is to prepare a proposed order. The Court set a status conference date of September 13, 2012, at 8:30 a.m. (Where the parties can appear telephonically with advance notice to the court clerk) and further orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

 

:

Initials of Preparer    JG