IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al. ) | Chapter 11 |
| ) | |
| Debtor. ) | Jointly Administered |
| ) | |

OBJECTION OF THE CITY OF NEWPORT NEWS TO
DEBTOR'S THIRTEENTH OMNIBUS OBJECTION TO CLAIMS
(NO LIABILITY - BOOKS AND RECORDS TAX CLAIMS)

The City of Newport News, Virginia, a municipal corporation created under the laws of the Commonwealth of Virginia ('the City"), objects to the Debtor's Thirteenth Omnibus Objection to Claims (No Liability - Books and Records Tax Claims) ("the Objection")(Document 4147) as follows:

1.  The City of Newport News ("the City"), has a secured claim for non-payment of real estate taxes, stormwater fees and nuisance abatement fees secured by real property located at 540 Bellwood Road, Newport News, Virginia ("the Property"). The City's Proof of Claim, Claim No. 1328, is attached as Exhibit 1.

Joseph M. DuRant
Virginia State Bar No. 25053 (admitted *pro hac vice*)
Office of the City Attorney
2400 Washington Avenue
Newport News, VA 23607
(757)926-8416
(757)926-8549 (fax)
jdurant@nngov.com

1

2. Residential Funding Company, LLC, one of the consolidated Debtors in this case, purchased said property at a foreclosure sale.

3. The Property was transferred by a Substitute Trustee's Deed recorded in the Office of the Clerk of the Circuit Court of the City of Newport News on November 18, 2010 as Instrument Number 10017732, a copy of which is attached as Exhibit 2.

4. The City assessed value of the property at the time of the Chapter 11 filing was $207,000.00.

5. As a consequence of purchase, Debtors were responsible for the payment of real estate ad valorum taxes on the Property.

6. Non-payment of these taxes results in a perfected lien against the real estate, which under Virginia Code §58.1-3340, has a first priority position over any other liens against the Property.

7. As reflected in the City's Proof of Claim, the unpaid real estate taxes as of the time this Chapter 11 action was filed amounted to $2,997.40. Real estate taxes continue to accrue post-petition.

8. The City, under the authority of Virginia Code §15.2-2114 and §37.1-14 of the Code of the City of Newport News, imposes a Stormwater Utility fee to each owner of real estate in the City of Newport News.

9. Failure to pay the Stormwater Utility fee results in a perfected lien of the same priority as unpaid real estate taxes.

10. At the time the petition was filed, Stormwater Utility fees of $124.00 were owed to the City by the Debtors. These fees have continued to accrue post-petition.

11. Also, under Virginia Code §15.2-901, the Debtors are required to maintain the property and to keep it free of trash and debris.

12. The City notified the Debtors that they had failed to maintain the Property, and that, should the Debtors fail to remove accumulated trash and debris, that the City would do so, and charge the costs back to the Debtors.

13. The Debtors failed to heed the notice, and the City removed the trash and debris, and charged it back to the Debtors in the amount of $314.98.

14. Under Virginia Code §15.2-901, the charge creates a lien with the same priority of real estate taxes.

15. The City's Proof of Claim, totals $3,436.38, which is the sum of the pre-petition real estate taxes, the Stormwater Utility fees, and the debris removal cost.

16. Debtors object to this claim on the basis that the liability is not reflected in Debtors' Books and Records. In the Objection they state "Debtor is neither a Servicer nor property owner with respect to the underlying mortgage loan".

17. As is indicated in Exhibit 2, Residential Funding Company, LLC, absolutely is the owner of the Property, having purchased it by deed from the foreclosure trustee.

18. Since Debtors are in the business of purchasing and financing real estate acquisitions, it is inconceivable that they would not know of the liability of real estate tax liens for non-payment of such taxes. A sale of the property by a holder of a Deed of Trust at foreclosure releases only inferior liens. All liens with priority above that of the foreclosing entity remain intact, and all future taxes are attributable to the title owner.

19. The Debtors, in their status as owners of the Property, are charged with knowledge of the laws that apply to taxation and collection of fees generated by the status of owning the Property.

20. The Debtors received notice of the outstanding charges due on real estate as they are billed for these charges on a regular basis.

21. If, in fact, these charges do not appear in the books and records of the Debtors, it is due to negligence, faulty accounting practices, or both. There is no legitimate excuse for not knowing of these claims and the liens that arise from them.

22. In addition, the Objection ignores the City's lien rights against the Property at issue.

23.. The City's lien appears to be fully secured based upon the value of the Property.

24. Since the liens are property rights of the City, it is subject to protection under the Fifth Amendment of the United States Constitution and Article 1, §11 of the Virginia Constitution, and the City cannot be deprived of the right without just compensation and due process of law.

25. The effect of granting the relief sought in the Objection would be to strip and extinguish the City's lien. If so, it is the City's position that the Objection to Claim is an improper method for accomplishing this purpose.

26. The City's lien cannot be modified by an objection to the claim A determination of the validity, priority or extent of a lien or other interest in property must be brought forward in an Adversary Procedure under Federal Rule of Bankruptcy Procedure 7001(2).

27. Any extinguishment of a lien requires the bringing of an Adversary Proceeding for that specific purpose, must specifically name the party whose lien is challenged as litigant and must otherwise satisfy the requirements of Federal Rule of Bankruptcy Procedure 7004. <u>Cen-Pen Corp.</u>

V. Hanson, 58 F.3d. 89, 92-94 (4th Cir. 1995); In re Linkous, 990 F.2d 160, 162 (4th Cir.1993).

28.  Since the Bankruptcy Code and the Bankruptcy Rules set this procedure, failure to institute such an action indicates that the City would be deprived of a property right without due process of law and just compensation.

29.  The City reserves all further rights, defenses, and immunities available to it under the Bankruptcy Code or as otherwise allowed by applicable law.

WHEREFORE, the City requests that the Court overrule the Objection, that an Order be entered allowing Claim No. 1328 or, in the alternative, that the Debtor be directed to file an Adversary Proceeding to determine the validity, priority or extent of the City's lien, and for such further relief as the Court deems necessary and proper.

CITY OF NEWPORT NEWS, VIRGINIA

By: _____
Joseph M. DuRant (admitted *pro hac vice*)
Deputy City Attorney
Office of the City Attorney
2400 Washington Ave.
Newport News, VA 23607
(757)926-8416
(757)926-8549 (fax)
jdurant@nngov.com

Date:  July 22, 2013

CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this Objection was sent via ECF and regular U.S. first class mail to the following parties on July 22, 2013:

Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER, LLP
1290 Avenue of the Americas
New York NY 10104

Office of the U.S. Trustee
33 Whitehall Street
New York, NY 10004

_____
Joseph M. DuRant

kdk9462

Joseph M. DuRant
Virginia State Bar No. 25053 (admitted *pro hac vice*)
Office of the City Attorney
2400 Washington Avenue
Newport News, VA 23607
(757)926-8416
(757)926-8549 (fax)
jdurant@nngov.com

6

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |

Name of Debtor: RESIDENTIAL CAPITAL, LLC
Case Number: 12-12020 (MG)

NOTE: This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
CITY OF NEWPORT NEWS

Name and address where notices should be sent: NameID: 10826420
CITY OF NEWPORT NEWS
PO BOX 975
NEWPORT NEWS, VA 23607

COPY

Telephone number: 757-926-8416     email: jdurant@nngov.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____ (if known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ 3,436.38

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: real estate tax, stormwater fee, nuisance abatement lien
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: 0738

3a. Debtor may have scheduled account as: _____
3b. Uniform Claim Identifier (optional): _____

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ 207,000   Annual Interest Rate 10 % ☒ Fixed ☐ Variable (when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ 3,436.38

Basis for perfection: Va Code §58.1-3340, 15.2-901, 15.2-2114

Amount of Secured Claim: $ 3,436.38   Amount Unsecured: $ _____

Claim # 1328
Initials ___

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority: $ _____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim. $ _____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
☐ I am the creditor.
☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)
☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Joseph M. DuRant
Title: Deputy City Attorney
Company: City of Newport News VA
Address and telephone number (if different from notice address above):

(Signature)  10-12-12  (Date)

Telephone number: _____   Email: _____

RECEIVED
OCT 18 2012
KURTZMAN CARSON CONSULTANTS

COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

```
09/19/2012                    CITY OF NEWPORT NEWS                      PAGE   1
                           BANKRUPTCY TRACKING SYSTEM                    BNKT01
                            PROOF OF CLAIM ATTACHMENTS


   CASE#: 12-12020-MG          SS#: 201 77 0738   NAME: RESIDENTIAL CAPITAL, LLC
                               SS#:               NAME:



                                   SECURED CLAIMS


   I.D. INFORMATION            DESCRIPTION                      TOTAL DEBT
   ------------------------    ---------------------------      ----------------
   RESIDENTIAL CAPITAL
   266001006 0809 1 SW   0809 STORM WATER @ 540 BELLWOOD ROAD        $41.97
   DATE OF DEBT: 12/05/2008
   TAX:        30.60  PENALTY:        0.00   INT:        11.37
   ASSESSED VALUE:    207,000
   DEPT: TREASURER                                 BY: KMARR

   RESIDENTIAL CAPITAL
   266001006 0809 2 SW   0809 STORM WATER @ 540 BELLWOOD ROAD        $40.45
   DATE OF DEBT: 06/05/2009
   TAX:        30.60  PENALTY:        0.00   INT:         9.85
   ASSESSED VALUE:    207,000
   DEPT: TREASURER                                 BY: KMARR

   RESIDENTIAL CAPITAL
   266001006 0910 1 RE   0910 RETAX @ 540 BELLWOOD ROAD            $1,592.37
   DATE OF DEBT: 12/05/2009
   TAX:     1,138.50  PENALTY:      113.85   INT:       340.02
   ASSESSED VALUE:    207,000
   DEPT: TREASURER                                 BY: KMARR

   RESIDENTIAL CAPITAL
   266001006 0910 1 SW   0910 STORM WATER @ 540 BELLWOOD ROAD        $41.58
   DATE OF DEBT: 12/05/2009
   TAX:        32.70  PENALTY:        0.00   INT:         8.88
   ASSESSED VALUE:    207,000
   DEPT: TREASURER                                 BY: KMARR

   RESIDENTIAL CAPITAL
   266001006 01 TRASH    TRASH LIEN REMOVAL PLACED 4/11/2011        $314.98
   DATE OF DEBT: 04/11/2011
   TAX:       314.98  PENALTY:         315
   ASSESSED VALUE:                            INT:         0.00
   DEPT: TREASURER                                 BY: KMARR

   RESIDENTIAL CAPITAL
   266001006 1011 2 RE   1011 RETAX @ 540 BELLWOOD ROAD            $1,405.03
   DATE OF DEBT: 06/05/2011
   TAX:     1,138.50  PENALTY:      113.85   INT:       152.68
   ASSESSED VALUE:    207,000
   DEPT: TREASURER                                 BY: KMARR


                              TOTAL SECURED CLAIMS              $3,436.38
                                                                ----------------
```

# NOTICE OF TAX LIEN

**A FIRST PRIORITY STATUTORY TAX LIEN FOR DELINQUENT REAL PROPERTY TAXES PURSUANT TO § 58.1-3340 OF THE CODE OF VIRGINIA, 1950, AS AMENDED, EXISTS AS A MATTER OF PUBLIC RECORD IN THIS CASE**

The Debtor(s), now or formerly a resident(s) of the City of Newport News, Virginia, is/are indebted to the City of Newport News, Virginia, for delinquent real property taxes, including penalties and interest, if any. As a consequence of the delinquent taxes, penalties and interest, and pursuant to the provisions of § 58.1-3340 of the Code of Virginia, 1950, as amended, the City of Newport News, Virginia, has been granted a statutory, first-priority tax lien on the real property subject to the real estate tax owned by the Debtor(s) as of the date of the order for relief in this case for those delinquent taxes as set out in its Proof of Claim to which this notice is attached.

*PLEASE BE ADVISED AND ON NOTICE THAT UNLESS OTHERWISE SPECIFICALLY PROVIDED BY LAW OR COURT ORDER, AFTER HEARING WITH NOTICE THEREOF TO THE CITY OF NEWPORT NEWS, VIRGINIA, AT THE ADDRESS NOTED BELOW, THE SUBJECT PROPERTY MAY NOT BE SOLD, GIVEN AWAY, SURRENDERED OR OTHERWISE CONVEYED FREE OF THE STATUTORY TAX LIEN WITHOUT SATISFYING ALL DELINQUENT TAXES, PENALTIES AND INTEREST DUE AND OWING ON THE PROPERTY.*

/s/    Joseph M. DuRant
Joseph M. Durant
Deputy City Attorney

Joseph M. DuRant, Esq. (VSB No. 25053)
Representing the City of Newport News, Virginia
Office of the City Attorney, 2400 Washington Ave.
Newport News, Virginia 23607
Phone: (757) 926-8416 / Fax:(757) 926-8549

*Notice of Tax Lien Real Property*

100017732

TAX MAP NO./GPIN#: 266001005

PREPARED BY & RETURN TO:
ETS OF VIRGINIA, INC.
3900 Westerre Parkway, Ste 300
Richmond Virginia 23233
Title Insurance underwriter (Pursuant to Virginia Code Ann. §17.1-223): UNKNOWN
FILE NO. VA-248373-C
LOAN NO. 0359531060
Consideration: $139,623.57 / 2010 Assessed Value: $191,100.00

LOT 5+6

## SUBSTITUTE TRUSTEE'S DEED

THIS DEED is made this **11/1/2010**, by and between **ETS OF VIRGINIA, INC., a Virginia corporation** ("Substitute Trustee"), whose address is 3900 Westerre Parkway, Ste 300, Richmond, Virginia 23233; **Residential Funding Company, LLC fka Residential Funding Corporation** ("Noteholder"), as beneficiary under a Deed of Trust granted by **JOSHUA SCHLESSELMAN** ("Borrower(s)"); Substitute Trustee, Noteholder and Borrower(s) are together the "Grantors"; and **Residential Funding Company, LLC fka Residential Funding Corporation** ("Grantee"), whose address is **c/o GMAC Mortgage, LLC, 500 Enterprise Road, Suite 150, Horsham, PA 19044**.

WHEREAS, by Deed of Trust dated **8/3/2006**, and recorded in the Office of the Clerk of the Circuit Court of **the City of Newport News, Virginia**, in Deed Book **2168**, Page **226** or as Instrument No. **N/A**, Borrower(s) did grant and convey the hereinafter described property (the "Property") to **PAUL S. BLILEY** in trust, to secure the payment of the principal sum of **$117,000.00**, with interest thereon and payable in monthly installments as stated in said deed of trust, and evidenced by a promissory note of even date with said deed; and

WHEREAS, by instrument recorded on **7/20/2010** as Instrument No. **100010870** in the aforesaid Clerk's Office, **ETS OF VIRGINIA, INC.**, was appointed Substitute Trustee, under the aforesaid Deed of Trust; and

1

EXHIBIT 2

**WHEREAS**, default was made in the payment of the indebtedness secured by said deed of trust, or breach was made of any covenant therein contained, and the Substitute Trustee, upon request of the Noteholder, after first having advertised the time, place and terms of said sale on **10/12/2010 and 10/19/2010** in the *DAILY PRESS*, a newspaper published or having general circulation in the County/City of **Newport News**, Virginia, and after providing notice of said sale to the Borrower(s), property owner(s), and subordinate lien holders as required by Section 55-59.1 of the Code of Virginia (1950) (as amended), sold the Property at public auction on **11/1/2010** to the highest bidder; and

**WHEREAS**, at said sale, GRANTEE became the purchaser of the Property for the purchase price of **$139,623.57** (the "Purchase Price"), it being the highest and last bid; and

**WHEREAS**, the Substitute Trustee herein asserts, to the best of its knowledge and belief, that the Borrower(s) is not / are not active members of the Armed Forces of the United States, and is not / are not entitled to the benefits of the Service Members Civil Relief Act.

**NOW THEREFORE**, WITNESSETH: That for and in consideration of the Purchase Price, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, **ETS OF VIRGINIA, INC.**, as Substitute Trustee, in execution of said deed of trust, does hereby grant and convey with **SPECIAL WARRANTY** unto the Grantee, the Property, as more fully described on Exhibit A attached hereto and made a part hereof.

In addition to the recitals outlined above, Substitute Trustee hereby incorporates into this Deed the certifications contained on the Trustee's Certification attached as Exhibit B hereto and made a part hereof.

This conveyance is made subject to all easements, restrictions and covenants of record which lawfully affect the Property herein conveyed.

2

**IN WITNESS WHEREOF**, the Substitute Trustee has caused this deed to be executed in its corporate name by a duly authorized officer of such corporation.

ETS OF VIRGINIA, INC., a Virginia corporation,
Substitute Trustee

By: _Virginia Fetta_ (SEAL)
Virginia Fetta, Limited Signing Officer

STATE OF VIRGINIA
COUNTY OF HENRICO, to-wit:

I, **Nicole Kemp**, a Notary Public in and for the Commonwealth of Virginia, do certify that **Virginia Fetta**, as Limited Signing Officer of **ETS OF VIRGINIA, INC.**, a Virginia corporation, whose name is signed to the writing above, acknowledged the same to before me on **11/8/2010**, on behalf of the corporation.

_Nicole Kemp_
NOTARY PUBLIC
My Commission Expires: 04/30/2012

[NOTARY SEAL]

NICOLE KEMP
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMM. EXP.: 04-30-2012
REG. NUMBER 354293

3

**EXHIBIT A**

<u>**THE PROPERTY**</u>

ALL THAT CERTAIN LOTS, PIECES OR PARCELS OF LAND SITUATE, LYING AND BEING IN THE CITY OF NEWPORT NEWS, VIRGINIA, KNOWN AND DESIGNATED AS LOT NUMBERED FIVE (5) AND SIX (6), IN BLOCK "A", AS SHOWN ON THAT CERTAIN PLAT ENTITLED "PROPERTY OF THE WARWICKSHIRE CORPORATION", DULY OF RECORD IN THE CLERK'S OFFICE IF THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS, ON THE 28TH DAY OF OCTOBER, 1988, IN PLAT BOOK ONE (1), PAGE 97, TO WHICH REFERENCE IS HERE MADE.

TOGETHER WITH ALL AND SINGULAR THE BUILDINGS AND IMPROVEMENTS THEREON, THE RIGHTS AND PRIVILEDGES, TENEMENTS, HEREDITAMENTS, EASEMENTS AND APPURTENANCES UNTO THE SAID LAND BELONGING OR IN ANYWISE APPERTAINING.

SUBJECT TO RESTRICTIONS, COVENANTS, CONDITIONS AND EASEMENTS OF RECORD CONTAINED IN DULY RECORDED DEEEDS, PLATS AND OTHER INSTRUMENTS CONSTITUTING ACTUAL OR CONSTRUCTIVE NOTICE IN THE CHAIN OF TITLE TO THE PROPERTY HEREBY CONVEYED, WHICH HAVE NOT EXPIRED OR HAVE NOT OTHERWISE BECOME INEFFECTIVE.

4

TS # VA-248373-C
LOAN # 0359531060

### Exhibit "B"

### TRUSTEE'S CERTIFICATION
### As To Foreclosure Proceedings

**THIS TRUSTEE'S CERTIFICATION** is made on 11/1/2010, by **ETS OF VIRGINIA, INC.**, Sole Acting Trustee:

By a certain deed of trust dated **8/3/2006**, and recorded in the Clerk's Office, Circuit Court, **the City of Newport News** Virginia, in Deed Book **2168**, page **226**, or as Instrument No. **N/A** (the "Deed of Trust"), **JOSHUA SCHLESSELMAN** did grant and convey unto **PAUL S. BLILEY**, Trustee(s), the following described real estate, to-wit:

### SEE ATTACHED SCHEDULE "A"
### ATTACHED HERETO AND MADE A PART HEREOF

in trust to secure a certain promissory note dated **8/3/2006**, in the principal amount of **$117,000.00**, made by **JOSHUA SCHLESSELMAN**, currently held by **Residential Funding Company, LLC fka Residential Funding Corporation** (the "Note").

Default was made in payment of the Note secured by the Deed of Trust and in the performance of the covenants in the Deed of Trust.

**Residential Funding Company, LLC fka Residential Funding Corporation** exercised the options given it in the Note and the Deed of Trust and declared the debts secured by the Deed of Trust to be immediately due and payable and directed the Trustee to sell the Property conveyed by the Deed of Trust.

The Trustee was empowered, upon default being made in payment of the Note, to sell the Property.

Being required to do so by the holder of the Note, the Trustee, in execution of the Deed of Trust, did, on **11/1/2010**, after giving at least fourteen (14) days notice by certified mail to the borrower, the owner(s) of the Property and to any lienholders of record, and after advertising the time, date, place and terms of sale two (2) times, on **10/12/2010 and 10/19/2010**, in the *DAILY PRESS*, a newspaper having general circulation in **the City of Newport News** Virginia, offered the Property for sale at public auction to the highest bidder, for cash, according to the terms of the Deed of Trust, at which auction sale **Residential Funding Company, LLC fka Residential Funding Corporation**, became the purchaser thereof, having made the highest bid in the sum of **$139,623.57**.

Title was/will be conveyed to **Residential Funding Company, LLC fka Residential Funding Corporation** as the successful bidder at the auction by Substitute Trustee's Deed. The conveyance was/will be made by Special Warranty Deed and was/will be made subject to any and all easements, conditions, and restrictions of record with respect to the Property to the extent that the same are applicable thereto, and further subject to the terms, conditions, disclosures, and limitations set forth in the Trustee's Statement of Sale announced at the subject auction (if

TS # VA-248373-C
LOAN # 0359531060

competitive bidders were present) and made a part of the final Accounting submitted pursuant to Va. Code §26-15 (1950, as amended).

The final Accounting required pursuant to Va. Code §25-15 (1950, as amended) has not been approved by the Commissioner of Accounts.

The foreclosure auction was conducted in accordance with the terms of the Deed of Trust and the requirements of Va. Code §§55-59.1 and §55-59.2. All notices required pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, specifically, 50 U.S.C.A. Section 501, et seq., are attached to the Accounting submitted to the Commissioner of Accounts.

The Trustee has not received any notice of filing for relief by the Borrower or current owner of the property pursuant to the provisions of 11 U.S.C. §101, et seq. (as amended) or any notice that the subject property is under the control of the U.S. Bankruptcy Court.

All real estate taxes due for the Property have been paid / will be paid through **11/1/2010**.

**IN WITNESS WHEREOF**, the Trustee has hereunto affixed its signature and seal.

ETS OF VIRGINIA, INC., Sole Acting Trustee

_____Virginie Fetth_____(SEAL)
BY: Virginia Fette, LIMITED SIGNING OFFICER

STATE OF VIRGINIA,
COUNTY OF HENRICO, to-wit:

The foregoing instrument was acknowledged before me on **11/8/2010**, by Virginia Fetts Limited Signing Officer of ETS of Virginia, Inc., a Virginia corporation, Sole Acting Trustee.

My Commission expires:

04/30/2012

_____
Notary Public

NICOLE KEMP
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMM. EXP.: 04-30-2012
REG. NUMBER 354293

6

S # VA-248373-C
LOAN # 0359531060

## SCHEDULE A

ALL THAT CERTAIN LOTS, PIECES OR PARCELS OF LAND SITUATE, LYING AND BEING IN THE CITY OF NEWPORT NEWS, VIRGINIA, KNOWN AND DESIGNATED AS LOT NUMBERED FIVE (5) AND SIX (6), IN BLOCK "A", AS SHOWN ON THAT CERTAIN PLAT ENTITLED "PROPERTY OF THE WARWICKSHIRE CORPORATION", DULY OF RECORD IN THE CLERK'S OFFICE IF THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS, ON THE 28TH DAY OF OCTOBER, 1988, IN PLAT BOOK ONE (1), PAGE 97, TO WHICH REFERENCE IS HERE MADE.

TOGETHER WITH ALL AND SINGULAR THE BUILDINGS AND IMPROVEMENTS THEREON, THE RIGHTS AND PRIVILEDGES, TENEMENTS, HEREDITAMENTS, EASEMENTS AND APPURTENANCES UNTO THE SAID LAND BELONGING OR IN ANYWISE APPERTAINING.

SUBJECT TO RESTRICTIONS, COVENANTS, CONDITIONS AND EASEMENTS OF RECORD CONTAINED IN DULY RECORDED DEEEDS, PLATS AND OTHER INSTRUMENTS CONSTITUTING ACTUAL OR CONSTRUCTIVE NOTICE IN THE CHAIN OF TITLE TO THE PROPERTY HEREBY CONVEYED, WHICH HAVE NOT EXPIRED OR HAVE NOT OTHERWISE BECOME INEFFECTIVE.

NEWPORT NEWS CIRCUIT COURT
REX A. DAVIS, CLERK; BY
2018 NOV 18 AM 10:40

DOC NO. 100017732

7