UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)
MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

This Stipulation and Order (the "Stipulation and Order") is made and entered into by, between and among GMAC Mortgage, LLC ("GMAC Mortgage") and Homecomings Financial, LLC ("Homecomings" and, together with GMAC Mortgage, the "Debtor Defendants"), on the one hand, and Lorraine McNeal ("McNeal"), and, together with the Debtor Defendants, the "Parties" and each, a "Party"), on the other hand, by their respective undersigned counsel.

**WHEREAS**:

A. On May 14, 2012 (the "Petition Date"), each of the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), including GMAC Mortgage, filed a voluntary petition in this Court for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

C. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action;*

ny-1096692

*(III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Final Supplemental Order").

D. On July 17, 2009, McNeal filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia (the "Georgia Bankruptcy Court"), which was assigned Case No. 09-87173 (the "Chapter 7 Case").

E. On August 11, 2009, McNeal filed a motion in the Chapter 7 Case seeking to void a second priority lien on her residence held by GMAC Mortgage in its capacity as servicer for a junior mortgage loan on the property (the "Second Priority Loan") pursuant to sections 506(a) and 506(d) of the Bankruptcy Code (the "Section 506 Motion").

F. On April 12, 2010, the Georgia Bankruptcy Court entered an order denying the Section 506 Motion (the "Section 506 Order").

G. On March 15, 2011, the United States District Court for the Northern District of Georgia entered an order affirming the Section 506 Order.

H. McNeal appealed the Section 506 Order to the United States Court of Appeals for the Eleventh Circuit (the "Circuit Court"), captioned in *Lorraine McNeal v. GMAC Mortgage, LLC, and Homecomings Financial, LLC*, Case No. 11-11352 (the "Appellate Proceeding").

I. On or about August 8, 2011, McNeal was notified that the servicing for the Second Priority Loan was transferred from GMAC Mortgage to BSI Financial Services, Inc.

J. On May 5, 2012, the Circuit Court entered an unpublished decision in the Appellate Proceeding reversing Section 506 Order and remanding to the Georgia Bankruptcy Court for additional proceedings consistent with its decision (the "Eleventh Circuit Order").

ny-1096692

K.   On January 28, 2013, the Chapter 7 Case was closed.

L.   On January 30, 2013, McNeal filed a motion in the Circuit Court requesting that the Eleventh Circuit Order be published (the "Motion for Publication").

M.   On February 22, 2013, the Circuit Court denied the Motion for Publication on the basis that the Appellate Proceeding was stayed pursuant to section 362(a) of the Bankruptcy Code as a result of the Debtors' pending Chapter 11 cases.

N.   On February 27, 2013, McNeal filed a request for reconsideration of the Motion for Publication in the Circuit Court.

O.   On April 2, 2013, the Circuit Court denied the request for reconsideration pending a determination by this Court whether the automatic stay applied to the Appellate Proceeding and, if so, whether relief from the stay should be granted to allow the Appellate Proceeding to continue.

P.   On June 18, 2013, McNeal filed the *Motion for Clarification of Final Supplemental Order Entered July 13, 2012 or, in the Alternative, Relief from the Automatic Stay*, filed on June 18, 2013 [Docket No. 3995] (the "Motion").

Q.   Through the Motion, McNeal seeks clarification that the Final Supplemental Order permits the continuation of the Appellate Proceeding, or, alternatively, an order granting McNeal relief from the automatic stay to authorize and permit the publication of the Eleventh Circuit Order.

R.   The Debtor Defendants have conferred with McNeal and have agreed to a limited modification of the automatic stay pursuant to the terms and subject to the conditions set forth in this stipulation and order (the "Stipulation and Order").

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Parties, as follows:

ny-1096692

**AGREEMENT**:

1. Upon entry of this Stipulation and Order by the Court, the automatic stay imposed by section 362(a) of the Bankruptcy Code shall, to the extent applicable, be modified solely for the limited purpose of allowing the Appellate Proceeding to continue to a final resolution, including, but not limited to, publication of the Eleventh Circuit Order, substitution of any parties, and the resolution of any motions or pleadings pending before the Circuit Court.

2. Upon entry of this Stipulation and Order by the Court, McNeal shall be deemed to have withdrawn the Motion.

3. This Stipulation and Order shall not become effective unless and until it is entered by the Bankruptcy Court.

4. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Bankruptcy Court.

5. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

6. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

7. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

ny-1096692

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| | |
|---|---|
| GMAC MORTGAGE, LLC and<br>HOMECOMINGS FINANCIAL, LLC | LORRAINE MCNEAL |
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>**Morrison & Foerster LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for Debtors and*<br>*Debtors in Possession* | By: /s/ Kathleen G. Cully<br>Kathleen G. Cully<br>**Kathleen G. Cully PLLC**<br>180 Cabrini Boulevard, #128<br>New York, New York 10033-1167<br>Telephone: (212) 447-9882<br>Facsimile: (800) 979-0423<br><br>*Counsel for Lorraine McNeal* |

**IT IS SO ORDERED.**

Dated: July 23, 2013
       New York, New York

                                             **/s/Martin Glenn**
                                                MARTIN GLENN
                                     United States Bankruptcy Judge