**Hearing Date: August 29, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: August 13, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 1154
# FILED BY KENNETH J. MALINOWSKI / NSEA

ny-1099376

## TABLE OF CONTENTS

Page

JURISDICTION, VENUE AND STATUTORY PREDICATE ................................................... 1

PRELIMINARY STATEMENT ........................................................................................... 2

BACKGROUND ..................................................................................................................... 3

    A.    Malinowski's Relationship to the Debtors ............................................................ 4

    B.    The United States Foreclosure Action ................................................................. 5

    C.    The Proof of Claim ............................................................................................... 6

RELIEF REQUESTED ........................................................................................................... 8

OBJECTION ............................................................................................................................ 8

    A.    The Claim Lacks Sufficient Documentation ........................................................ 9

    B.    The Debtors Have No Liability Arising From the Loan .................................... 10

    C.    The Claim Fails to State a Basis For Liability ................................................... 10

NOTICE ................................................................................................................................. 11

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.),
  178 B.R. 222 (B.A.P. 9th Cir. 1995), aff'd sub nom., Ashford v. Naimco, Inc. (In re
  Consol. Pioneer Mortg. Entities), 91 F.3d 151 (9th Cir. 1996) ................................................9

Feinberg v. Bank of N.Y. (In re Feinberg),
  442 B.R. 215 (Bankr. S.D.N.Y. 2010) ..................................................................................8, 9

In re Adelphia Commc'ns Corp.,
  Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ..........8

In re Allegheny Int'l, Inc.,
  954 F.2d 167 (3d Cir. 1992).......................................................................................................8

In re Minbatiwalla,
  424 B.R. 104 (Bankr. S.D.N.Y. 2010) (Glenn, J.)....................................................................9

In re Oneida Ltd.,
  400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co., L.P. v.
  Oneida Ltd., Case No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,
  2010) .........................................................................................................................................8

In re Porter,
  374 B.R. 471 (Bankr. D. Conn. 2007) ......................................................................................9

In re Rockefeller Ctr. Props.,
  272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
  Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
  App'x. 40 (2d Cir. 2002)...........................................................................................................8

**STATUTES**

11 U.S.C. § 502(a) ...........................................................................................................................8

11 U.S.C. § 502(b)(1) ......................................................................................................................8

Fed. R. Bankr. P. 3001(c)(1)............................................................................................................9

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Residential Capital, LLC and its affiliated debtors in the above-captioned chapter 11 cases (the "Chapter 11 Cases"),[1] as debtors and debtors in possession (collectively, the "Debtors")[2] hereby file this objection (the "Objection"), seeking to disallow and expunge Proof of Claim No. 1154 (the "Claim," a copy of which is attached hereto as Exhibit 1) filed by Kenneth J. Malinowski pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") on the grounds that the Claim: (a) lacks sufficient documentation in support of the alleged claim against the Debtors, (b) is not a liability of the Debtors, and (c) fails to state a basis for liability against the Debtors.[3]  The Debtors seek entry of an order, substantially in the form attached hereto as Exhibit 2 (the "Proposed Order"), granting the requested relief.  In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Lauren Graham Delehey (the "Delehey Decl."), attached hereto as Exhibit 3.  In further support of the Objection, the Debtors respectfully represent as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATE**

1.    This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

---

[1] Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 Cases or the relief requested in this Objection may refer to http://www.kccllc.net/rescap for additional information.

[2] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings [Docket No. 6].

[3] The Debtors reserve all of their rights to object on any other basis to the Claim not set forth in this Objection, and the Debtors reserve all of their rights to amend this Objection should any further bases come to light.

-1-

ny-1099376

2. The statutory predicate for the relief requested herein is Bankruptcy Code section 502(b) and Bankruptcy Rule 3007(a).

**PRELIMINARY STATEMENT**

3. The Claim filed against the Debtors by Mr. Malinowski lacks any factual or legal support whatsoever and should be disallowed and expunged in its entirety. Mr. Malinowski alleges that he has somehow been harmed by the Debtors' actions to the tune of $138 million, and attaches to the proof of claim form a series of irrelevant and incomprehensible documents to support the notion that the Debtors are somehow liable to him for "unlawful discharge." Mr. Malinowski has filed similar documents in other cases, including in a recent foreclosure action commenced by the United States Government on account of his failure to pay taxes which is discussed below.

4. The Claim—which asserts unsecured claims, secured claims, and priority claims—lacks any factual or legal support that would entitle Mr. Malinowski to any claim against the Debtors, let alone in the amount of $138 million. First, the Claim lacks sufficient documentation as it merely attaches a "UCC Financing Statement" and other purported "documents" to support the allegation that the Debtors are liable to Mr. Malinowski for some conduct. Second, the Debtors searched their books and records and have not identified any liability owing to Mr. Malinowski. Third, the Claim fails to state any basis for liability against the Debtors (*i.e.*, Mr. Malinowski fails to state any facts demonstrating how he claims to have been harmed by the Debtors). Accordingly, the Debtors request entry of an order disallowing and expunging the Claim.

**BACKGROUND**

5. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

7. On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "Examiner") [Docket Nos. 454, 674]. On May 13, 2013, the Examiner filed his report under seal and, on June 26, 2013, the Court entered an order unsealing the report [Docket Nos. 3698, 4099].

8. On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

9. On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").[4]

---

[4] The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar (Cont.'d)

-3-

10. On March 21, 2013, the Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), which approved certain procedures to be applied in connection with objections to claims filed by current or former borrowers (collectively, the "Borrower Claims," and the procedures relating thereto, the "Borrower Claim Procedures"). Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims. For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter"). (See Procedures Order at 4).

11. A Request Letter was sent to Mr. Malinowski on June 11, 2013, a copy of which is annexed hereto as Exhibit 4, requesting a response by July 11, 2013 and advising Mr. Malinowski that his failure to respond could result in the filing of an objection to the Claim. To date, Mr. Malinowski has not responded to the Request Letter. See Delehey Decl. ¶ 12.

A.  **Malinowski's Relationship to the Debtors**

12. On November 6, 1995, Kenneth J. Malinowski and Patricia I. Malinowski obtained a $97,600 loan from Harbourton Mortgage Co. (the "Loan"), which was secured by a Deed of Trust that encumbers the property located at 6037 White Cloud Court, Citrus Heights, California (the "Property"). On September 1, 1996, the Loan was assigned from Harbourton Mortgage Co. to Wells Fargo Bank, N.A. and GMAC Mortgage, LLC ("GMACM") began

---

Date was **not** extended. To date, approximately 6,860 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims registers.

servicing the Loan. On February 1, 2013, GMACM transferred the servicing of the Loan to Green Tree Servicing LLC. See Delehey Decl. ¶ 4.

13.   Pursuant to several grant and quitclaim deeds recorded in the Sacramento County Recorder's Office ("Sacramento County") between January 2000 and November 2005, the Malinowskis purported to convey the Property to various entities affiliated with Mr. Malinowski, including "Golden Bear Homes I, LP," "The Popular Society of Sovereign Ecclessia," "Tierra Land Trust," and "The Boaz Foundation, Kenneth John Malinowski/Trustee, a Non Profit Family Foundation" (the "Affiliated Entities"). See Delehey Decl. ¶ 5. The Claim filed against the Debtors makes no reference to any of the Affiliated Entities.

### B.    The United States Foreclosure Action

14.   Following issuance of the Loan to the Malinowskis, numerous federal tax liens were recorded against the Property between 2007 and 2011 for unpaid federal taxes, penalties, interest, and other statutory additions. On May 3, 2011, the United States Government (the "Government") filed a complaint (the "Complaint") in the United States District Court for the Eastern District of California (the "District Court"), Case No, 2:11-cv-01187-JAM-JFM, against, *inter alia*, the Malinowskis, the Affiliated Entities, and GMAC Mortgage Corporation (the "District Court Action"). A copy of the Complaint is annexed to the Delehey Decl. as Exhibit A.

15.   The District Court Action sought to (a) reduce to judgment federal tax assessments against the Malinowskis and (b) foreclose federal tax liens against the Property. The total amount of the assessments and accrued interest, plus applicable statutory additions and less any payments were over $2 million. Mr. Malinowski filed an answer on June 14, 2011, and the Government sought summary judgment on August 8, 2012. See Delehey Decl. ¶ 7. A copy of Mr. Malinowski's answer is annexed to the Delehey Decl. as Exhibit B.

-5-

16. On February 22, 2012, the District Court approved a stipulation between GMACM, Sacramento County, and the Government regarding the priority of the liens asserted against the Property (the "Stipulation"). Pursuant to the Stipulation, it was agreed that Sacramento County had a first priority lien on the Property, GMACM had a second priority lien on the Property, and the Government had a third priority lien on the Property. The Stipulation further provided that any proceeds from the sale of the Property would be used first to pay off the statutory liens held by Sacramento County and then to pay off the Loan before they are used to satisfy the Government's federal tax liens. See Delehey Decl. ¶ 8. A copy of the Stipulation is annexed to the Delehey Decl. as Exhibit C.

17. On September 20, 2012, the District Court granted the Government's motion for summary judgment and the Government obtained a judgment in excess of $2 million against Mr. Malinowski. A copy of the judgment is annexed to the Delehey Decl. as Exhibit D. On October 19, 2012, the District Court entered an "Order of Sale," which described the procedure by which the Property would be sold. A copy of the Order of Sale is annexed to the Delehey Decl. as Exhibit E. Mr. Malinowski responded to entry of the Order of Sale by filing a series of notices advising the District Court that its order was void. See Delehey Decl. ¶ 9. Mr. Malinowski's filings with respect to the Order of Sale are attached to the Delehey Decl. as Exhibit F.

18. On May 2, 2013, the Government notified Mr. Malinowski that if he did not vacate the Property by May 17, 2013, arrangements would be made for the United States Marshals to evict him. As of the date hereof, the Debtors are not aware of whether Mr. Malinowski has been evicted from the Property. See Delehey Decl. ¶ 10.

-6-

### C. The Proof of Claim

19. Mr. Malinowski filed the Claim on October 10, 2012 asserting an unsecured claim of $137,780,000.00 and a secured claim of $120,000.00 for "UNLAWFUL DISCHARGE" against a non-existent entity, "GMAC Mortgage Residential Capital LLC." The putative secured portion of the Claim is based upon "Real Estate" with a value of $120,000 that was perfected through a "county filing." Mr. Malinowski also asserted an unsecured priority claim under section 507(a) of the Bankruptcy Code by checking the "Other" box and writing in 507(a)(6) as the basis for the Claim's priority status.

20. In support of the Claim, Mr. Malinowski includes a series of irrelevant and indecipherable documents. The Claim attaches a "UCC Financing Statement," usually reserved for parties attempting to perfect a security interest, which references a series of exhibits to support the purported conclusion that the Debtors released their lien on Mr. Malinowski's property and the Debtors are liable to Mr. Malinowski for "unlawful discharge." Exhibit A to the UCC Financing Statement is document titled "Real Property Addendum." This "Addendum" appears to assert claim for a "Public Sewer Connection" violation since July 1, 1977, which violations result in a "total sum" due to Mr. Malinowski in the amount of $138,000,000.00. Exhibit B to the UCC Financing Statement is an incomprehensible "Notice to the State of California" that appears to be a notice from several government officials that the Property has been subjected to "hazardous substances/toxic pollutants that threaten the public health and welfare." Exhibit C to the UCC Financing Statement is a "Notice of Lien," dated August 27, 2012 purporting to grant Mr. Malinowski a lien in the amount of $138,000,000.00 for "unpaid damages resulting from discharge violations of the public health code due to negligence on the part of the United States Government." Exhibit D to the UCC Financing Statement is a "Notice

of Intent to Preserve Interest," purportedly filed by Mr. Malinowski as "Executor" of the National Standards Enforcement Agency Association.

21. Nothing in the Claim or any of the documents attached to the Claim clearly identifies the nature of the claims asserted against GMACM, any legal theory upon which the claims are based, or any basis for secured or priority status of the asserted claims. The Claim is devoid of any factual specificity and is an incoherent series of documents and unsubstantiated statements.

## RELIEF REQUESTED

22. The Debtors file this Objection pursuant to Bankruptcy Code section 502(b), seeking to disallow and expunge the Claim from the Debtors' claims register in its entirety.

## OBJECTION

23. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co., L.P. v. Oneida Ltd., Case No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. App'x. 40 (2d Cir. 2002). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re

Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim."). Further, Bankruptcy Code section 502(b)(1) provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. . . ." 11 U.S.C. § 502(b)(1).

        **A.    The Claim Lacks Sufficient Documentation**

24. The Court should expunge the Claim because it fails to attach any or adequate supporting documentation to demonstrate the validity of the claim. Bankruptcy Rule 3001(c)(1) instructs that:

> when a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

25. If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity. See Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd sub nom., Ashford v. Naimco, Inc. (In re Consol. Pioneer Mortg. Entities), 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (Glenn, J.).

26. Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed. See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the

objector to concede the validity of a claim."); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

27.     Here, the Claim fails to attach adequate supporting documentation to demonstrate the validity of the claims against the Debtors, see Delehey Decl. ¶ 11, and Mr. Malinowski fails to provide any explanation why such documentation is unavailable. Id. The Debtors made every effort to evaluate the documents attached to the Claim to determine whether the Debtors could discern any cognizable claim for "unlawful discharge" or otherwise against the Debtors. Id. However, the documentation attached to the Claim lacks any information upon which the Debtors could determine the amount, nature, and validity of the asserted claims.

28.     The supporting documentation is consistent with Mr. Malinowski's past practice of inundating the courts with documents that have no legal effect or validity. As with the District Court Action, Mr. Malinowski appears to have cobbled together a series of "official" documents and notices to support his Claim. However, even read in the most favorable light, the documents provided by Mr. Malinowski do not support a claim against the Debtors for $138 million or any other amount. Accordingly, the Debtors request that the Court disallow and expunge the Claim on the ground that it fails to provide adequate documentation.

**B.     The Debtors Have No Liability Arising From the Loan**

29.     The Claim should also be expunged because the Debtors, after reviewing the supporting documentation and their books and records, have determined that they have no liability for the Claim asserted by Mr. Malinowski. See Delehey Decl. ¶ 12. The Debtors only connection to Mr. Malinowski was as servicer of the Loan, and the Debtors' books and records do not reflect any record or allegation of money owed to Mr. Malinowski relating to their prior servicing activities. Id.

30. If the Claim remains on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Debtors' estates. Accordingly, the Debtors respectfully request that the Court disallow and expunge the Claim.

### C. The Claim Fails to State a Basis For Liability

31. The Claim should also be expunged because it fails to state a basis for liability against the Debtors. Though the "Basis for Claim" purportedly arises from "unlawful discharge," the Claim lacks any legally recognizable statutory or common law basis or explanation for such claim and the Debtors have never been a party to any litigation brought by the Malinowskis or any of the Affiliated Entities on the ground that there has been an "unlawful discharge" by GMACM. See Delehey Decl. ¶ 13. Accordingly, the Claim should be disallowed and expunged for failure to indicate on what legal basis Mr. Malinowski asserts "unlawful discharge" claims against GMACM.

### NOTICE

32. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: July 23, 2013

    /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*