## <u>Exhibit 3</u>

**Declaration of Lauren Graham Delehey**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— )
                                            )
In re:                                      )    Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, et al.,           )    Chapter 11
                                            )
                        Debtors.            )    Jointly Administered
———————————————————————— )

**DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE
LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN
SUPPORT OF DEBTORS' OBJECTION TO PROOF OF CLAIM
NO. 1154 FILED BY KENNETH J. MALINOWSKI / NSEA**

I, Lauren Graham Delehey, declare as follows:

**A.      Background and Qualifications**

1.      I serve as In-House Litigation Counsel in the legal department at

Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of

the state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors").  I have held this position since I joined

ResCap on August 1, 2011.

2.      In my role as In-House Litigation Counsel at ResCap, I am responsible for

the management of residential mortgage-related litigation, including class actions, mass actions

and multi-district litigation.  Additionally, as a result ResCap's Chapter 11 filing, my role has

significantly expanded to include assisting the Debtors and their professional advisors in

connection with the administration of the Chapter 11 Cases.  I am authorized to submit this

declaration (the "Declaration") in support of the Debtors' Objection to Proof of Claim No. 1154

Filed by Kenneth J. Malinowski / NSEA (the "Objection").[1]

        3.      In my capacity as In-House Litigation Counsel, I am generally familiar

with the Debtors' litigation matters, including the District Court Action involving Mr.

Malinowski.  Except as otherwise indicated, all statements in this Declaration are based upon my

personal knowledge; information supplied or verified by personnel in departments within the

Debtors' various business units; my review of the Debtors' litigation case files, books and

records, as well as other relevant documents; my discussions with other members of the Debtors'

legal department; information supplied by the Debtors' consultants and counsel; or my opinion

based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial

condition and history.  In making these statements based on my review of the Debtors' litigation

case files, books and records, relevant documents, and other information prepared or collected by

the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants,

and counsel accurately recording, preparing, collecting, or verifying any such documentation and

other information.  If I were called to testify as a witness in this matter, I would testify

competently to the facts set forth herein.

**A.**      **Malinowski's Relationship to the Debtors**

        4.      On November 6, 1995, Kenneth J. Malinowski and Patricia I. Malinowski

obtained a $97,600 loan from Harbourton Mortgage Co, which was secured by a Deed of Trust

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the
Objection.

that encumbers the property located at 6037 White Cloud Court, Citrus Heights, California.  On September 1, 1996, the Loan was assigned from Harbourton Mortgage Co. to Wells Fargo Bank, N.A. and GMAC Mortgage, LLC ("GMACM") began servicing the Loan.  On February 1, 2013, GMACM transferred the servicing of the Loan to Green Tree Servicing LLC.

5.    Pursuant to several grant and quitclaim deeds recorded in the Sacramento County Recorder's Office between January 2000 and November 2005, the Malinowskis purported to convey the Property to various entities affiliated with Mr. Malinowski, including "Golden Bear Homes I, LP," "The Popular Society of Sovereign Ecclessia," "Tierra Land Trust," and "The Boaz Foundation, Kenneth John Malinowski/Trustee, a Non Profit Family Foundation."

**B.    The United States Foreclosure Action**

6.    Following issuance of the Loan to the Malinowskis, I understand that numerous federal tax liens were recorded against the Property between 2007 and 2011 for unpaid federal taxes, penalties, interest, and other statutory additions.  On May 3, 2011, the United States Government filed a complaint in the United States District Court for the Eastern District of California, Case No. 2:11-cv-01187-JAM-JFM, against, inter alia, the Malinowskis, their Affiliated Entities, and GMAC Mortgage Corporation (the "Complaint").  A copy of the Complaint is annexed hereto as Exhibit A.

7.    The District Court Action sought to (a) reduce to judgment federal tax assessments against the Malinowskis and (b) foreclose federal tax liens against the Property. The total amount of the assessments and accrued interest, plus applicable statutory additions and less any payments were over $2 million.  Mr. Malinowski filed an answer on June 14, 2011, and the Government sought summary judgment on August 8, 2012.  A copy of Mr. Malinowski's answer is annexed hereto as Exhibit B.

8.     On February 22, 2012, the District Court approved a stipulation between

GMACM, Sacramento County, and the Government regarding the priority of the liens asserted

against the Property.  Pursuant to the Stipulation, it was agreed that Sacramento County had a

first priority lien on the Property, GMACM had a second priority lien on the Property, and the

Government had a third priority lien on the Property.  The Stipulation further provided that any

proceeds from the sale of the Property would be used first to pay off the statutory liens held by

Sacramento County and then to pay off the Loan before they are used to satisfy the

Government's federal tax liens.  A copy of the Stipulation is annexed hereto as <u>Exhibit C</u>.

9.     On September 20, 2012, the District Court granted the Government's

motion for summary judgment and obtained a judgment in excess of $2 million against Mr.

Malinowski.  A copy of the judgment is annexed hereto as <u>Exhibit D</u>.  On October 19, 2012, the

District Court entered an "Order of Sale," which described the procedure by which the Property

would be sold.  A copy of the Order of Sale is annexed hereto as <u>Exhibit E</u>.  I am advised that

Mr. Malinowski responded to entry of the Order of Sale by filing a series of notices advising the

District Court that its order was void.  Mr. Malinowski's District Court filings with respect to the

Order of Sale are attached hereto as <u>Exhibit F</u>.

10.    I have been advised by outside counsel that on May 2, 2013 the

Government notified Mr. Malinowski that if he did not vacate the Property by May 17, 2013,

arrangements would be made for the United States Marshals to evict him.  As of the date hereof,

I am not aware of whether Mr. Malinowski has been evicted from the Property.

## C.    The Debtors' Review of the Claim

11.    Based on my review of the Claim, I believe that it fails to attach adequate

supporting documentation to demonstrate the validity of the claims against the Debtors and Mr.

Malinowski fails to provide any explanation why such documentation is unavailable.  The

Debtors made every effort to evaluate the documents attached to the Claim to determine whether
the Debtors could discern any cognizable claim for "unlawful discharge" or otherwise against the
Debtors.

12.    The Debtors, after reviewing the supporting documentation and their
books and records, have determined that they have no liability for the Claim asserted by Mr.
Malinowski.  The Debtors' only connection to Mr. Malinowski was as servicer of the Loan, and
the Debtors' books and records do not reflect any record or allegation of money owed to Mr.
Malinowski relating to their prior servicing activities.  Further, a Request Letter was sent to Mr.
Malinowski on June 11, 2013 requesting a response by July 11, 2013 and advising Mr.
Malinowski that his failure to respond could result in the filing of an objection to the Claim.  As
of the date hereof, Mr. Malinowski has not responded to the Request Letter.

13.    The Debtors have never been a party to any litigation brought by the
Malinowskis or any of the Affiliated Entities on the grounds that there has been an "unlawful
discharge" by GMACM.  Accordingly, I believe that the Claim should be disallowed and
expunged for failure to indicate on what legal basis Mr. Malinowski asserts "unlawful discharge"
claims against GMACM.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
is true and correct.

Dated:  July 23, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC

# **Exhibit A**

1   BENJAMIN B. WAGNER
    United States Attorney
2
    ADAM R. SMART
3   Trial Attorney, Tax Division
    U.S. Department of Justice
4   P.O. Box 683, Ben Franklin Station
    Washington, D.C.  20044-0683
5   Telephone:    (202) 307-6422
    Facsimile:    (202) 307-0054
6   E-mail:       adam.r.smart@usdoj.gov

7   Attorneys for the United States of America

8                 IN THE UNITED STATES DISTRICT COURT FOR THE

9                      EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  UNITED STATES OF AMERICA, | Civil No. |
| 11              Plaintiff, | |
| 12          v. | **COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY** |
| 13  KENNETH J. MALINOWSKI; PATRICIA I. MALINOWSKI; KENNETH J. MALINOWSKI | |
| 14  and PATRICIA I. MALINOWSKI as trustees of the BOAZ FOUNDATION; THE POPULAR | |
| 15  SOCIETY OF SOVERIGN ECCLESIA aka THE POPULAR SOCIETY OF THE SOVEREIGN | |
| 16  ECCLESIA, KENNETH J. MALINOWSKI as Patriarch; STAN HOKENSON as trustee of | |
| 17  TIERRA LAND TRUST, aka TIERRA TRUST; GMAC MORTGAGE CORPORATION; STATE | |
| 18  OF CALIFORNIA FRANCHISE TAX BOARD; CITIBANK SOUTH DAKOTA, N.A.; | |
| 19  SACRAMENTO COUNTY | |
| 20 | |
| 21              Defendants. | |

22          COMES NOW, the United States of America, by its undersigned counsel, and complains and

23   alleges as follows:

24                          **JURISDICTION AND VENUE**

25          1.      This is a civil action brought by the United States of America (a) to reduce to judgment

26   federal tax assessments against defendants Kenneth J. Malinowski and Patricia I. Malinowski and (b) to

27   foreclose federal tax liens against certain real property located at 6037 White Cloud Ct., Citrus Heights,

28   CA 95621.

2.      This action is commenced pursuant to Sections 7401 and 7403 of the Internal Revenue Code (26 U.S.C.), at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Chief Counsel of the Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury.

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1340 and 1345, and pursuant to §§ 7402 and 7403 of the Internal Revenue Code (26 U.S.C.).

4.      Venue is proper in the Eastern District of California because defendant taxpayers Kenneth J. Malinowski and Patricia I. Malinowski reside in this judicial district, the federal tax liabilities that are the subject of this action arose in this judicial district, and the Subject Property is located within this judicial district.  28 U.S.C. §§1391 and 1396.

## IDENTIFICATION OF PROPERTY SOUGHT TO BE FORECLOSED

5.      Real property that is the subject of this action, located at 6037 White Cloud Ct., Citrus Heights, CA 95621 (herein referred to as the "Subject Property"), is situated in the County of Sacramento, State of California, and is more particularly described as follows:

> Lot 176 as shown on that certain map entitled "Plat of Greenback Wood Unit 2" filed in the office of the County Recorder of Sacramento County California, on October 3, 1980 in Book 1142 of Maps, at Page 1.

6.      Pursuant to a grant deed recorded on November 9, 1995, in the Sacramento County Recorder's Office, Golden Bear Homes I, LP conveyed the Subject Property to Kenneth J. Malinowski and Patricia I. Malinowski, husband and wife, as joint tenants.

7.      Pursuant to a quitclaim deed recorded on January 5, 2000, in the Sacramento County Recorder's Office, the Malinowskis purported to convey the Subject Property to "The Popular Society of Sovereign Ecclesia", of which Kenneth J. Malinowski has identified himself as Patriarch.

8.      Pursuant to a grant deed recorded on October 6, 2000, in the Sacramento County Recorder's Office, the Kenneth J. Malinowski, as Patriarch of "The Popular Society of Sovereign

Complaint                                    - 2 -                          Civil No.

Ecclesia" purported to convey the Subject Property from the "The Popular Society of Sovereign Ecclesia" to Tierra Land Trust.

9.      Pursuant to a quitclaim deed recorded on November 17, 2005, in the Sacramento County Recorder's Office, the Tierra Trust (aka Tierra Land Trust) purported to convey the Subject Property from the Tierra Trust to "The Boaz Foundation, Kenneth John Malinowski/Trustee, a Non Profit Family Foundation."

## DEFENDANTS

10.     Kenneth J. Malinowski resides at 6037 White Cloud Ct., Citrus Heights, CA 95621.  He is named as a defendant because his tax liabilities are the subject of this action.

11.     Patricia I. Malinowski resides at 6037 White Cloud Ct., Citrus Heights, CA 95621.  She is the wife of Kenneth J. Malinowski and is named as a defendant because her tax liabilities are the subject of this action.

12.     The Boaz Foundation, through Kenneth J. Malinowski and Patricia I. Malinowski as trustees, is named as a defendant because it is the alter-ego, nominee, and/or fraudulent transferee of the Malinowskis, and, pursuant to 26 U.S.C. § 7403(b),  because it may claim an interest in the Subject Property.

13.     The Popular Society of Soverign Ecclesia aka The Popular Society of the Sovereign Ecclesia with Kenneth J. Malinowski as Patriarch, is named as a defendant because it is the alter-ego, nominee, and/or fraudulent transferee of the Malinowskis, and, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

14.     The Tierra Land Trust, aka Tierra Trust, through Stan Hokenson as trustee is named as a defendant because it is the alter-ego, nominee, and/or fraudulent transferee of the Malinowskis, and, pursuant to 26 U.S.C. § 7403(b),  because it may claim an interest in the Subject Property.

15.     GMAC Mortgage Corporation is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

Complaint                                      - 3 -                        Civil No.

16.    The State of California Franchise Tax Board is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

17.    Citibank South Dakota, N.A. is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

18.    Sacramento County is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

**FIRST CLAIM FOR RELIEF: TO REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST KENNETH J. MALINOWSKI AND PATRICIA I. MALINOWSKI TO JUDGMENT**

19.    The United States incorporates by reference the allegations contained in paragraphs 1 through 18, above, as if fully set forth here.

20.    In the amounts and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendants Kenneth J. Malinowski and Patricia I. Malinowski jointly for unpaid federal taxes, penalties, interest, and other statutory additions accruing thereto as follows:

| Tax Type | Tax Period Ending | Date of Assessment | Amount Assessed | |
|----------|-------------------|--------------------|-----------------|--|
| 1040 | 12/31/1998 | 7/3/2006 | T[1] | $1,569.00 |
| | | 7/3/2006 | FPP | $392.25 |
| | | 7/3/2006 | LFP | $313.81 |
| | | 4/2/2007 | T | $102,814.00 |
| | | 4/2/2007 | FPP | $1,028.14 |
| | | 4/2/2007 | LFP | $25,742.72 |
| | | 4/2/2007 | AP | $21,314.00 |
| | | 4/2/2007 | I | $103,893.19 |
| | | 7/2/2007 | I | $5,131.32 |

---

[1]T = Tax; ETP = Estimated Tax Penalty; 26 U.S.C. § 6654; LFP = Late Filing Penalty; 26 U.S.C. § 6651(a)(1); FPP = Failure to Pay Penalty; 26 U.S.C. § 6651(a)(2); AP = Accuracy Penalty, 26 U.S.C. § 6662; I = Interest; FC = Fees and Collection Costs.

| Tax Type | Tax Period Ending | Date of Assessment | Amount Assessed | |
|---|---|---|---|---|
| 1040 | 12/31/1999 | 4/2/2007 | T | $154,766.00 |
| | | 4/2/2007 | AP | $31,716.40 |
| | | 4/2/2007 | I | $125,606.49 |
| | | 7/2/2007 | FPP | $1,547.66 |
| | | 7/2/2007 | I | $7,094.29 |
| 1040 | 12/31/2000 | 7/17/2006 | T | $2,207.00 |
| | | 7/17/2006 | FPP | $551.75 |
| | | 7/17/2006 | LFP | $441.41 |
| | | 4/2/2007 | T | $118,308.00 |
| | | 4/2/2007 | I | $75,780.57 |
| | | 4/2/2007 | AP | $24,362.00 |
| | | 4/2/2007 | LFP | $29,632.17 |
| | | 7/2/2007 | FPP | $1,183.08 |
| | | 7/2/2007 | I | $5,037.25 |
| 1040 | 12/31/2001 | 7/3/2006 | T | $2,084.00 |
| | | 7/3/2006 | LFP | $416.80 |
| | | 7/3/2006 | FPP | $521.00 |
| | | 4/2/2007 | T | $200,761.00 |
| | | 4/2/2007 | LFP | $50,242.35 |
| | | 4/2/2007 | AP | $41,001.00 |
| | | 4/2/2007 | I | $99,308.45 |
| | | 7/2/2007 | FPP | $2,007.61 |
| | | 7/2/2007 | I | $7,925.26 |
| 1040 | 12/31/2002 | 7/3/2006 | T | $778.00 |
| | | 7/3/2006 | LFP | $155.60 |
| | | 7/3/2006 | FPP | $194.50 |
| | | 4/2/2007 | T | $192,325.00 |
| | | 4/2/2007 | LFP | $48,100.70 |
| | | 4/2/2007 | AP | $38,875.00 |
| | | 4/2/2007 | I | $73,664.38 |
| | | 7/2/2007 | I | $7,123.81 |
| | | 7/9/2007 | FPP | $1,966.04 |
| | | 7/9/2007 | I | $554.50 |

21.     Timely notice has been given and demand for payment of the assessments described in paragraph 20 above, has been made.

22.     Despite timely notice and demand for payment of the assessments described in paragraph 20 above, defendants Kenneth J. Malinowski and Patricia I. Malinowski have neglected, failed or refused to fully pay the indebted amounts on those assessments.  The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any abatements, payments or credits, remain due and owing.

23.     Since the dates of the assessment described in paragraph 20 above, interest and statutory additions have accrued and continue to accrue as provided by law and as of May 6, 2011, the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments, credits or abatements, will be $317,306.69 for tax year 1998, $439,341.09 for tax year 1999, $312,526.44 for tax year 2000, $490,651.20 for tax year 2001, and $440,732.25 for tax year 2002, for a total of **$2,000,557.67**.

## SECOND CLAIM FOR RELIEF: TO REDUCE FEDERAL INCOME TAX ASSESSMENTS AND CIVIL PENALTY ASSESSMENTS AGAINST KENNETH J. MALINOWSKI INDIVIDUALLY TO JUDGMENT

24.     The United States incorporates by reference the allegations contained in paragraphs 1 through 23, above, as if fully set forth here.

25.     In the amounts and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendant Kenneth J. Malinowski individually for unpaid federal taxes, penalties, interest, and other statutory additions accruing thereto as follows:

Complaint                                    - 6 -                        Civil No.

| Tax Type | Tax Period Ending | Date of Assessment | Amount Assessed | |
|---|---|---|---|---|
| 1040 | 12/31/2003 | 4/2/2007 | T | $114,042.00 |
| | | 4/2/2007 | LFP | $25,659.45 |
| | | 4/2/2007 | ETP | $2,984.46 |
| | | 4/2/2007 | FPP | $10,833.99 |
| | | 4/2/2007 | I | $28,936.87 |
| | | 8/27/2007 | FPP | $12,544.62 |

26.    Timely notice has been given and demand for payment of the assessments described in paragraph 25 above, has been made.

27.    Despite timely notice and demand for payment of the assessments described in paragraph 25 above, defendant Kenneth J. Malinowski has neglected, failed or refused to fully pay the indebted amounts on those assessments.  The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any abatements, payments or credits, remain due and owing.

28.    Since the dates of the assessment described in paragraph 25 above, interest and statutory additions have accrued and continue to accrue as provided by law and as of May 6, 2011, the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments, credits or abatements, will be **$240,944.12**.


### THIRD CLAIM FOR RELIEF: TO REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST PATRICIA I. MALINOWSKI INDIVIDUALLY TO JUDGMENT

29.    The United States incorporates by reference the allegations contained in paragraphs 1 through 28, above, as if fully set forth here.

30.    In the amounts and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendant Patricia I. Malinowski individually for unpaid federal taxes, penalties, interest, and other statutory additions accruing thereto as follows:

Complaint                                    - 7 -                          Civil No.

| Tax Type | Tax Period Ending | Date of Assessment | Amount Assessed | |
|---|---|---|---|---|
| 1040 | 12/31/2003 | 4/2/2007 | T | $114,042.00 |
| | | 4/2/2007 | LFP | $25,659.45 |
| | | 4/2/2007 | ETP | $2,984.46 |
| | | 4/2/2007 | FPP | $10,833.99 |
| | | 4/2/2007 | I | $28,936.87 |
| | | 7/2/2007 | FPP | $10,833.99 |
| | | 7/2/2007 | I | $3,675.27 |

31.    Timely notice has been given and demand for payment of the assessments described in paragraph 30 above, has been made.

32.    Despite timely notice and demand for payment of the assessments described in paragraph 30 above, defendant Patricia I. Malinowski has neglected, failed or refused to fully pay the indebted amounts on those assessments.  The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any abatements, payments or credits, remain due and owing.

33.    Since the dates of the assessment described in paragraph 30 above, interest and statutory additions have accrued and continue to accrue as provided by law and as of May 6, 2011, the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments, credits or abatements, will be **$239,075.47**.

**FOURTH CLAIM FOR RELIEF: THAT THE BOAZ FOUNDATION HOLDS TITLE TO THE SUBJECT PROPERTY AS NOMINEE AND/OR ALTER-EGO OF THE MALINOWSKIS**

34.    The United States incorporates by reference the allegations contained in paragraphs 1 through 33, above, as if fully set forth here.

35.    Despite the series of purported transfers of the Subject Property from the Malinowskis eventually leading to The Boaz Foundation, described in paragraphs 7 through 9 above, the Malinowskis reside in the Subject Property, treat the property as their own residence, and also enjoy the use of and exercise of dominion and control over the Subject Property.

Complaint                                  - 8 -                         Civil No.

36.       The Kenneth J. Malinowski and/or Patricia J. Malinowski exercise control over the assets of the Boaz Foundation and have used assets of the Boaz Foundation, namely the Subject Property, for personal use.

37.       At all times pertinent herein, Kenneth J. Malinowski and/or Patricia I. Malinowski have been in a position of control and authority over The Boaz Foundation.

38.       The Boaz Foundation does not now have, nor has it ever had, any ownership or other controlling interest in the Subject Property. The Boaz Foundation is a mere nominee or alter ego of Kenneth J. Malinowski and Patricia I. Malinowski with respect to the title and ownership of the Subject Property.

39.       The United States is entitled to an order that title to the Subject Property is deemed to be in the name of Kenneth J. Malinowski and Patricia I. Malinowski.

**FIFTH CLAIM FOR RELIEF: FRAUDULENT TRANSFER CLAIM**

40.       The United States incorporates by reference the allegations contained in paragraphs 1 through 39, above, as if fully set forth here.

41.       The purported transfers of the Subject Property from the Malinowskis eventually leading to The Boaz Foundation, described in paragraphs 7 through 9 above, were intended by Kenneth J. Malinowski and Patricia I. Malinowski to hinder, delay, or defraud the United States of present and future lawful taxes. Therefore, pursuant to the California Uniform Fraudulent Transfer Act ("UFTA") § 3439.05, the transfers were and are fraudulent and of no effect as to the United States.

42.       The purported transfers of the Subject Property from the Malinowskis eventually leading to The Boaz Foundation, described in paragraphs 7 through 9 above, were made without the exchange of reasonably equivalent value and left Kenneth J. Malinowski and Patricia I. Malinowski with remaining assets which were unreasonably small or insufficient to pay their current and future debts, including their lawful tax liabilities; therefore, pursuant to California UFTA § 3439.02, the transfers were and are fraudulent and of no effect as to the United States.

Complaint                                    - 9 -                        Civil No.

43.     The purported transfers of the Subject Property from the Malinowskis eventually leading to The Boaz Foundation, described in paragraphs 7 through 9 above, were made without the exchange of reasonably equivalent value and during a period when Kenneth J. Malinowski and Patricia I. Malinowski, individually or jointly, incurred, intended to incur, or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due; therefore, pursuant to California UFTA § 3439.02, the transfers were and are fraudulent and of no effect as to the United States.

44.     The purported transfers of the Subject Property from the Malinowskis eventually leading to The Boaz Foundation, described in paragraphs 7 through 9 above, were made without the exchange of reasonably equivalent value, rendering Kenneth J. Malinowski and Patricia I. Malinowski insolvent; therefore, pursuant to California UFTA § 3439.02, the transfers were and are fraudulent and of no effect as to the United States.

45.     Despite the purported transfer of the Subject Property from the Malinowskis to "The Popular Society of Sovereign Ecclesia" the Malinowskis resided in the Subject Property, treated the property as their own residence, and also enjoyed the use of and exercise of dominion and control over the Subject Property while "The Popular Society of Sovereign Ecclesia" held bare legal title to the Subject Property.

46.     Despite the purported transfer of the Subject Property from "The Popular Society of Sovereign Ecclesia" to Terra Land Trust, the Malinowskis resided in the Subject Property, treated the property as their own residence, and also enjoyed the use of and exercise of dominion and control over the Subject Property while Terra Land Trust held bare legal title to the Subject Property.

47.     Kenneth J. Malinowski and/or Patricia J. Malinowski exercised control over the assets of "The Popular Society of Sovereign Ecclesia" and Terra Land Trust at all pertinent times and have used said assets, namely the Subject Property, for personal use.

48.     At all times pertinent herein, Kenneth J. Malinowski and/or Patricia I. Malinowski have been in a position of control and authority over "The Popular Society of Sovereign Ecclesia" and Terra Land Trust.

Complaint                                   - 10 -                        Civil No.

49.     "The Popular Society of Sovereign Ecclesia" and Terra Land Trust do not now have, nor
have they ever had, any ownership or other controlling interest in the Subject Property. "The Popular
Society of Sovereign Ecclesia" and Terra Land Trust are mere nominees or alter egos of
Kenneth J. Malinowski and Patricia I. Malinowski with respect to the title and ownership of the Subject
Property.

50.     The United States is entitled to an order setting aside the transfers of the Subject Property
described in paragraphs 7 through 9 above, and determining that such transfers were and are utterly null
and void and of no effect as to the rights of the United States.

51.     In the further alternative, United States is entitled to an order setting aside the transfer of
the Subject Property from the Terra Land Trust to The Boaz Foundation, and a finding that Terra Land
Trust is a nominee and/or alter-ego of Kenneth J. Malinowski and Patricia I. Malinowski, and that title to
the Subject Property is deemed to be in the name of Kenneth J. Malinowski and Patricia I. Malinowski.

52.     In the alternative the United States is entitled to an order setting aside the transfer of the
Subject Property from the Terra Land Trust to The Boaz Foundation, as well as the transfer from the
"The Popular Society of Sovereign Ecclesia" to Terra Land Trust, and a finding that "The Popular
Society of Sovereign Ecclesia" is a nominee and/or alter-ego of Kenneth J. Malinowski and Patricia I.
Malinowski, and that title to the Subject Property is deemed to be in the name of Kenneth J. Malinowski
and Patricia I. Malinowski.

## SIXTH CLAIM FOR RELIEF: TO FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY

53.     The United States incorporates by reference the allegations contained in paragraphs 1
through 52 above, as if fully set forth here.

**A.    Federal Tax Liens Attach to the Subject Property**

54.     Pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens arose in favor of the United States upon
all property and rights to property, whether real or personal, belonging to Kenneth J. Malinowski as of
the date of assessments described in paragraphs 20 and 25 above.

Complaint                              - 11 -                    Civil No.

55.     Pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens arose in favor of the United States upon all property and rights to property, whether real or personal, belonging to Patricia I. Malinowski as of the date of assessments described in paragraphs 20 and 30 above.

56.     The Subject Property, more particularly described in paragraph 5 above, is property belonging to defendants Kenneth J. Malinowski and Patricia I. Malinowski for the following independent reasons:

a.     The Boaz Foundation holds only bare legal title to the Subject Property as the nominee or is an alter-ego of Kenneth J. Malinowski and Patricia I. Malinowski.  Accordingly, the federal tax liens at issue attached to the Subject Property when the liens arose, and the tax liens have continued to the present to attach to the Subject Property without interruption;

b.     The transfers described in paragraphs 7 through 9 above were fraudulent and are utterly null and void and of no effect as to the rights of the United States.  Accordingly, the federal tax liens at issue attached to the Subject Property when the liens arose, and the tax liens have continued to the present to attach to the Subject Property without interruption;

c.     The transfer of the Subject Property from the Terra Land Trust to The Boaz Foundation was fraudulent and is utterly null and void and of no effect as to the rights of the United States, moreover, the Terra Land Trust held only bare legal title to the Subject Property as the nominee or is and alter-ego of Kenneth J. Malinowski and Patricia I. Malinowski.  Accordingly, the federal tax liens at issue attached to the Subject Property when the liens arose, and the tax liens have continued to the present to attach to the Subject Property without interruption; or

d.     The transfers of the Subject Property from the Terra Land Trust to The Boaz Foundation and from "The Popular Society of Sovereign Ecclesia" to Terra Land Trust prior to that were fraudulent and are utterly null and void and of no effect as to the rights of the United States, moreover, "The Popular Society of Sovereign Ecclesia" held only bare legal title to the Subject Property as the nominee or is and alter-ego of Kenneth J. Malinowski and Patricia I. Malinowski. Accordingly, the federal tax liens at issue attached to the Subject Property when the liens arose, and the tax liens have continued to the present to attach to the Subject Property without interruption;

**B.    Notice of Federal Tax Liens Filed As to the Malinowskis**

57.      On June 20, 2007, the IRS recorded a Notice of Federal Tax Lien against Kenneth J. and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with the County Recorder's Office of Sacramento County.

58.      On June 20, 2007, the IRS recorded a Notice of Federal Tax Lien against Kenneth J. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31 1999, December 31, 2000, and December 31, 2003, with the County Recorder's Office of Sacramento County.

59.      On June 20, 2007, the IRS recorded a Notice of Federal Tax Lien against Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 2003, with the County Recorder's Office of Sacramento County.

60.      On October 20, 2008, the IRS recorded a Notice of Federal Tax Lien against Kenneth J. and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999 and December 31, 2000, with the County Recorder's Office of Sacramento County.

61.      On May 25, 2010, the IRS recorded a Notice of Federal Tax Lien against Kenneth J. and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with the County Recorder's Office of Sacramento County.

**C.    Notice of Federal Tax Liens Filed As to Nominees/Alter-Egos**

    *i.        Popular Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia*

62.      On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Popular Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001, and December 31, 2002, with respect to the Subject Property.

Complaint                                    - 13 -                        Civil No.

63.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Popular Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999 and December 31, 2000, with respect to the Subject Property.

64.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Popular Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Kenneth J. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999, December 31, 2000 and December 31, 2003, with respect to the Subject Property.

65.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Popular Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax period ending December 31, 2003, with respect to the Subject Property.

66.    On May 24, 2010, the IRS recorded a Notice of Federal Tax Lien against Popular Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the Subject Property.

ii.    *Tierra Land Trust aka Tierra Trust*

67.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Tierra Land Trust aka Tierra Trust as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the Subject Property.

68.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Tierra Land Trust aka Tierra Trust as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999 and December 31, 2000, with respect to the Subject Property.

69.       On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Tierra Land Trust aka Tierra Trust as the nominee of Kenneth J. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999, December 31, 2000 and December 31, 2003, with respect to the Subject Property.

70.       On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Tierra Land Trust aka Tierra Trust as the nominee of Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax period ending December 31, 2003, with respect to the Subject Property.

71.       On May 24, 2010, the IRS recorded a Notice of Federal Tax Lien against Tierra Land Trust aka Tierra Trust as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the Subject Property.

*iii.       Boaz Foundation*

72.       On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the Subject Property.

73.       On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999 and December 31, 2000, with respect to the Subject Property.

74.       On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999, December 31, 2000 and December 31, 2003, with respect to the Subject Property.

75.       On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski, with respect to the Subject Property.

76.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax period ending December 31, 2003, with respect to the Subject Property.

77.    On May 24, 2010, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the Subject Property.

78.    Under 28 U.S.C. Section 7403(c), the United States is entitled to a decree of sale of the Subject Property to enforce its tax liens.

WHEREFORE, the plaintiff, the United States of America, prays as follows:

A.    That this Court determine and adjudge that defendants Kenneth J. Malinowski and Patricia I. Malinowski are jointly indebted to the United States in the amount of **$2,000,557.67**, for unpaid federal income tax liabilities for tax years 1998 through 2002, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since May 6, 2011, and that judgment in that amount be entered against Kenneth J. Malinowski and Patricia I. Malinowski and in favor of the United States;

B.    That this Court determine and adjudge that defendant Kenneth J. Malinowski is indebted to the United States in the amount of **$240,944.12** for unpaid federal income tax liabilities for tax year 2003, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since May 6, 2011, and that judgment in that amount be entered against Kenneth J. Malinowski and in favor of the United States;

C.    That this Court determine and adjudge that defendant Patricia I. Malinowski is indebted to the United States in the amount of **$239,075.47** for unpaid federal income tax liabilities for tax year 2003, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since May 6, 2011, and that judgment in that amount be entered against Patricia I. Malinowski and in favor of the United States;

D.    That this Court determine and adjudge that the United States has valid federal tax liens against all property and rights to property of Kenneth J. Malinowski and Patricia I. Malinowski, including but not limited to each of their interests in the Subject Property;

E.    That the federal tax liens against defendants Kenneth J. Malinowski and Patricia I. Malinowski encumbering the Subject Property be foreclosed, and the Subject Property be sold to satisfy the liens and outstanding and delinquent federal tax assessments against defendants Kenneth J. Malinowski and Patricia I. Malinowski subject to the rights of the remaining defendants in that property;

F.    That this Court determine the validity and priority of all liens on and other interests in the Subject Property and order that the proceeds from any judicial sale of such property be distributed accordingly; and

G.    That the United States be granted its costs and attorney's fees herein, and for such other and further relief as this Court deems just and proper.


Dated this 3rd day of May 2011.


                    BENJAMIN B. WAGNER
                    United States Attorney


                    /s/ Adam R. Smart
                    ADAM R. SMART
                    Trial Attorney, Tax Division
                    U.S. Department of Justice
                    P.O. Box 683, Ben Franklin Station
                    Washington, D.C. 20044
                    Telephone: (202) 307-6422

                    Attorneys for the United States of America

# **Exhibit B**

KENNETH J MALINOWSKI AND PATRICIA I MALINOWSKI, Estate
Executor Office
Nation California
General Post-Office
Fountain Square Ln. 6330,
Citrus Heights
United States Minor, Outlying Islands
Near [95621-9998]



FILED

JUN 14 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Light of day - of thirteen June two-zero one-one

7010 1870 0001 9859 6334

Office of Clerk of the Court
District Court of the United States
Attn  Victoria Minor
501 I Street
Sacramento, California
U.S.A. [95814]

To.    The Office of Clerk of the Court.

From   Executor Office   KENNETH J MALINOWSKI Estate and PATRICIA I MALINOWSKI under
coverture of KENETH J MALINOWSKI Estate

Regarding.    Unauthorized administration of KENNETH J MALINOWSKI, Estate and PATRICIA I
MALINOWSKI under coverture.
[Case No. 2 11-CV-01187-JAM-JFM]

Enclosed you will find "abandoned" paperwork which appears to erroneously "allege" that Benjamin B
Wagner, United States Attorney, Bar No. 163581, Adam Ryan Smart, US Attorney and John A Mendez,
United States District Judge who by their unwarranted acts, fraudulently claim authority from this
Executor Office to administrate for the KENNETH J MALINOWSKI Estate and PATRICIA I
MALINOWSKI, Estate under coverture. That false claim is hereby Adjourned sine die.
Find enclosed certificate of mailing by 3rd Party with copies of letters to all concerned.

govern yourself accordingly

By executor  kenneth john malin...
KENNETH J MALINOWSKI          and
PATRICIA I MALINOWSKI, Estate
Executor Office
Nation California
General Post-Office
Fountain Square 6330
Citrus Heights
United States Minor, Outlying Islands
Near [95621-9998]

Certified Document

Copy to:    **Office of Chief Counsel**          Cert. Mail 70082810000048421892
            **Adam Ryan Smart**
            **United States Department of Justice**
            **P.O. BOX 683 Ben Franklin Station**
            **Washington, DC 2044**

copy to:    **Office of Governor**               Cert. Mail 70092250000018767992
            **STATE OF CALIFORNIA**

KENNETH J MALINOWSKI AND PATRICIA I MALINOWSKI, Estate
Executor Office.
Nation California
General Post-Office
Fountain Square Ln. 6330.
Citrus Heights.
United States Minor, Outlying Islands
Near. [95621-9998]

Light of day   of eleven June two-zero one-one

7010 1870 0001 9859 6341

Office of United States Attorney
Attention: Benjamin B. Wagner
US DEPARTMENT OF JUSTICE
P.O. BOX 683, BEN FRANKLIN STATION
WASHIGTON D.C.
U.S.A  [20544]

To.   The Office of Federal Court Administrator

From: Executor Office - KENNETH J MALINOWSKI Estate and PATRICIA I MALINOWSKI under
coverture of KENETH J MALINOWSKI. Estate

Regarding.     Unauthorized administration of KENNETH J MALINOWSKI, Estate and PATRICIA I
MALINOWSKI under coverture:
          [Case No. 2.11-CV-01187-JAM-JFM]

Enclosed you will find "abandoned" paperwork received on June eleventh, 2011 for PATRICIA I

MALINOWSKI. Estate which appears to erroneously "allege" that Benjamin B. Wagner. United States

Attorney. Bar No. 163581,Adam Ryan Smart, US Attorney and John A Mendez, United States District

Judge who by their unwarranted acts, fraudulently claim authority from this Executor Office to

administrate for the KENNETH J MALINOWSKI Estate and PATRICIA I MALINOWSKI. Estate under

coverture. That false claim is hereby Adjourned sine die

Any future correspondence for the PATRICIA I MALINOWSKI. Estate to be sent to office of executor
Kenneth John Malinowski for the  KENNETH J MALINOWSKI & PATRICIA I MALINOWSKI.
Estate's.

You will forthwith return and transmit the specific written delegation of authority to "represent" that
authorization to administrate [act as trustee] the KENNETH J MALINOWSKI. Estate has been warranted, together with a certified copy of your oath for the Office of
Federal Court Administrator. accompanied by a certified copy of your Bar Bond. John A Mendez Federal
Court Administrator. and a detailed list of all bonds. sureties. indemnification. insurance and Court
Registry Investment System (CRIS) CUSIP numbers. and full accounting relating in any way to your or
any related actor's personal or professional involvement. as referenced above. through the unwarranted
presentation of the arrogated paperwork intrusion upon the KENNETH J MALINOWSKI. Estate and
PATRICIA I MALINOWSKI. Estate. Please give a full accounting of all damages against the KENNETH
J MALINOWSKI and PATRICIA I MALINOWSKI. Estate to date and make every effort to restore the
taken property back or to compensate the KENNETH J MALINOWSKI. Estate and PATRICIA I
MALINOWSKI. Estate

                    govern yourself accordingly

          By executor   Kennth ~John : malinou
                         KENNETH J MALINOWSKI, Estate and
                         PATRICIA I MALINOWSKI. Estate
                         Executor Office
                         Nation California
                         General Post-Office
                         Fountain Square 6330
                         Citrus Heights
                         United States Minor. Outlying Islands

# 3rd PARTY CERTIFICATE OF SERVICE

It is hereby certified, that on the date noted below, the undersigned 3rd Party mailed to:

## SEE ATTACHED LIST

On June 11, 2011 Richard Ensminger did mail to , "Recipient's," the documents and sundry papers pertaining to the Recipient's, regarding
**Abandoned Paper work** _____ as follows:

a total of **Nine separate offices** , by placing abandoned paper with cover letter in a postpaid envelope properly addressed to Recipient's at the said address and depositing same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of California.

By: _____
Richard Ensminger


Copy to:      Office of Chief Counsel              Cert. Mail 70082810000048421892
              Adam Ryan Smart
              United States Department of Justice
              P.O. BOX 683 Ben Franklin Station
              Washington, DC 2044


copy to:    • Office of Governor                  Cert. Mail 70092250000018767992
              STATE OF CALIFORNIA
              Gerald Brown, Governor
              c/o State Capitol Suite 1173
              Sacramento, California 95814

copy to:    • Office of Attorney General          Cert. Mail 7009 2250 0000 18776 8005
              STATE OF CALIFORNIA
              Kamala D. Harris, Attorney General
              P.O. BOX 944255
              Sacramento, California 94244

copy to:     Office of United States Marshal          Cert. Mail 7009 2250 0000 1876 8012
             USDC EASTERN DISTRICT OF CALIFORNIA
             Lenny Boyer, U.S. Marshal (Acting)
             501 I Street
             Sacramento, CA 95814

copy to:     Office of U.S. Attorney                   Cert. Mail 7009 2250 0000 1876 8029
             USDC EASTERN DISTRICT OF CALIFORNIA
             Benjamin B. Wagner, United States Attorney
             501 I Street
             Sacramento, Ca 95814

copy to:     Office of Court Administrator             Cert. Mail 7009 2250 0000 1876 8036
             USDC EASTERN DISTRICT OF CALIFORNIA
             Jacquelyn Strong, Administrative Officer
             501 I Street
             Sacramento, CA 95814

copy to:     Office of United States Attorney General  Cert Mail 7009 2250 0000 1876 8043
             DISTRICT OF COLUMBIA
             Eric H. Holder, United States Attorney General
             950 Pennsylvania NW'
             Washington, DC 20530

Office of Federal Court Administrator                  Cert ,Mail 7009 2250 0000 1876 8050
Attention: James C. Duff
Administrative Office of the United States Courts
One Columbus Circle, NE
Washington, District of Columbia.
U.S.A. [20544]

Light of day - of ten June two-zero one-one

**7009 2250 0000 1876 8050**

Office of Federal Court Administrator
Attention: James C. Duff
Administrative Office of the United States Courts
One Columbus Circle, NE
Washington, District of Columbia.
U.S.A. [20544]

To:    The Office of Federal Court Administrator

From:  Executor Office - KENNETH J MALINOWSKI Estate and PATRICIA I MALINOWSKI under coverture of KENETH J MALINOWSKI. Estate.

Regarding:    Unauthorized administration of KENNETH J MALINOWSKI. Estate and PATRICIA I MALINOWSKI under coverture.
[Case No. 2:11-CV-01187-JAM-JFM]

Enclosed you will find "abandoned" paperwork which appears to erroneously "allege" that Benjamin B. Wagner, United States Attorney. Bar No. 163581,Adam Ryan Smart, US Attorney and John A Mendez, United States District Judge who by their unwarranted acts, fraudulently claim authority from this Executor Office to administrate for the KENNETH J MALINOWSKI Estate and PATRICIA I MALINOWSKI. Estate under coverture. That false claim is hereby Adjourned sine die

You will forthwith return and transmit the specific written delegation of authority to "represent" that authorization to administrate [act as trustee] the KENNETH J MALINOWSKI. Estate and PATRICIA I MALINOWSKI. Estate has been warranted, together with a certified copy of your oath for the Office of Federal Court Administrator, accompanied by a certified copy of your Bar Bond, John A Mendez Federal Court Administrator, and a detailed list of all bonds, sureties, indemnification, insurance and Court Registry Investment System (CRIS) CUSIP numbers, and full accounting relating in any way to your or any related actor's personal or professional involvement, as referenced above, through the unwarranted presentation of the arrogated paperwork intrusion upon the KENNETH J MALINOWSKI, Estate and PATRICIA I MALINOWSKI. Estate. Please give a full accounting of all damages against the KENNETH J MALINOWSKI and PATRICIA I MALINOWSKI. Estate to date and make every effort to restore the taken property back or to compensate the KENNETH J MALINOWSKI. Estate and PATRICIA I MALINOWSKI, Estate.

govern yourself accordingly

By executor   : Kenth malsnowsL
KENNETH J MALINOWSKI. Estate and
PATRICIA I MALINOWSKI. Estate
Executor Office

DOREEN M. WALKER
COMM. # 1817850
NOTARY PUBLIC - CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES NOV. 13, 2013
embossed

State of California
County of    Sacramento
Subscribed and sworn to (or affirmed) before me on this  11TH  day of

Adam Ryan Smart
United States Department of Justice
P O BOX 683 Ben Franklin Station
Washington, DC 2044

copy to.    Office of Governor                    Cert. Mail 70092250000018767992
            STATE OF CALIFORNIA
            Gerald Brown, Governor
            c o State Capitol Suite 1173
            Sacramento, California 95814

copy to.    Office of Attorney General            Cert Mail 7009 2250 0000 18776 8005
            STATE OF CALIFORNIA
            Kamala D Harris, Attorney General
            P.O. BOX 944255
            Sacramento, California 94244

copy to.    Office of United States Marshal       Cert Mail 7009 2250 0000 1876 8012
            USDC EASTERN DISTRICT OF CALIFORNIA
            Lenny Boyer, U S Marshal (Acting)
            501 I Street
            Sacramento, CA 95814

copy to     Office of U S Attorney                Cert Mail 7009 2250 0000 1876 8029
            USDC EASTERN DISTRICT OF CALIFORNIA
            Benjamin B Wagner, United States Attorney
            501 I Street
            Sacramento, Ca 95814

copy to.    Office of Court Administrator         Cert. Mail 7009 2250 0000 1876 8036
            USDC EASTERN DISTRICT OF CALIFORNIA
            Jacquelyn Strong, Administrative Officer
            501 I Street
            Sacramento, CA 95814

copy to     Office of United States Attorney General   Cert Mail 7009 2250 0000 1876 8043
            DISTRICT OF COLUMBIA
            Eric H Holder, United States Attorney General
            950 Pennsylvania NW
            Washington, DC 20530

                                        Administered oath 6/11/11

STATE OF CALIFORNIA          )
                             )   JURAT
COUNTY OF SACRAMENTO         )

Subscribed and sworn to before me, _____ a Notary Public, this

11TH day of June 2011, upon satisfactory evidence to the identity of the affiant subscribed and sworn

above.

                                        See Attached California
                                        Acknowledgment/Jurat
                                        Dated  6/11/11

_____  (Seal)

NOTARY PUBLIC

KENNETH J MALINOWSKI AND PATRICIA I MALINOWSKI, Estate.
Executor Office
Nation California
General Post-Office
Fountain Square Ln. 6330.
Citrus Heights.
United States Minor, Outlying Islands
Near [95621-9998]

Light of day - of ten June two-zero one-one

⠠⠇⠊⠛⠓⠞ ⠕⠋ ⠙⠁⠽ ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀

**7010 1870 0001 9859 6372**

⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀

Office of Federal Court Judge
Attention: John A. Mendez
501 I Street
Sacramento. CA
U.S.A. [95814

To:     The Office of Judge

From: Executor Office - KENNETH J MALINOWSKI Estate and PATRICIA I MALINOWSKI under coverture of KENETH J MALINOWSKI Estate

Regarding:     Unauthorized administration of KENNETH J MALINOWSKI Estate and PATRICIA I MALINOWSKI under coverture.
                    [Case No. 2 11-CV-01187-JAM-JFM]

Enclosed you will find "abandoned" paperwork which appears to erroneously "allege" that Benjamin B

Wagner, United States Attorney, Bar No. 163581,Adam Ryan Smart, US Attorney and John A Mendez,

United States District Judge who by their unwarranted acts, fraudulently claim authority from this

Executor Office to administrate for the KENNETH J MALINOWSKI Estate and PATRICIA I

MALINOWSKI, Estate under coveture. That false claim is hereby Adjourned sine die.

You will forthwith return and transmit the specific written delegation of authority to "represent" that authorization to administrate [act as trustee] the KENNETH J MALINOWSKI Estate and PATRICIA I MALINOWSKI, Estate has been warranted, together with a certified copy of your oath for the Office of Federal Court Administrator, accompanied by a certified copy of your Bar Bond. John A Mendez Federal Court Administrator, and a detailed list of all bonds, sureties, indemnification, insurance and Court Registry Investment System (CRIS) CUSIP numbers, and full accounting relating in any way to your or any related actor's personal or professional involvement, as referenced above, through the unwarranted presentation of the arrogated paperwork intrusion upon the KENNETH J MALINOWSKI Estate and PATRICIA I MALINOWSKI, Estate. Please give a full accounting of all damages against the KENNETH J MALINOWSKI and PATRICIA I MALINOWSKI, Estate to date and make every effort to restore the taken property back or to compensate the KENNETH J MALINOWSKI, Estate and PATRICIA I MALINOWSKI, Estate.

Kenneth John Malinowski occupying the office of executor for KENNETH J MALINOWSKI herby accepts the Oath of Office and bond of John A  Mendez along with the United States Constitution, Declaration of Independence and Bill of Rights (see attached)
                    govern yourself accordingly
                    By executor   *Kenneth - John : malinowsk* .
                    KENNETH J MALINOWSKI, Estate and
                    PATRICIA I MALINOWSKI, Estate.
                    Executor Office
                    Nation California
                    General Post-Office
                    Fountain Square 6330.
                    Citrus Heights
                    United States Minor, Outlying Islands
                    Near [95621-9998]

UNITED STATES OF AMERICA Abom

V.

## SUMMONS IN A CIVIL CASE

**KENNETH JOHN MALINOWSKI, ET AL. ,**

•

CASE NO: **2:11–CV–01187-JAM –JFM**

TO: **Citibank South Dakota, N.A., GMAC
Mortgage Corporation, Stan Hokenson, Kenneth
John Malinowski, Patricia I. Malinowski,
Sacramento County, State of California Franchise
Tax Board, The Popular Society of Sovereign
Ecclesia**
Defendant's Address:

•

**YOU ARE HEREBY SUMMONED** and required to serve on

•

**Adam Ryan Smart
United States Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, DC 20044**

•

an answer to the complaint which is served on you with this summons. within 21 days after
service of this summons on you. exclusive of the day of service. If you fail to do so. judgment by
default will be taken against you for the relief demanded in the complaint. Any answer that you serve
on the parties to this action must be filed with the Clerk of this Court within a reasonable period
of time after service.

•

### VICTORIA C. MINOR

CLERK

•

•

•



(By) DEPUTY CLERK



ISSUED ON 2011-05-03 14:37:50.0, Clerk
USDC EDCA

- 

- 

- 

- 

- 

- 

- 

-

Check one box below to indicate appropriate method of service

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of bode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____

☐ Other (specify) : _____
_____

| **STATEMENT OF SERVICE FEES** | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____

Date

Signature of Server

Address of Server

3  ADAM K. SMART
   Trial Attorney, Tax Division
   U.S. Department of Justice
4  P.O. Box 683, Ben Franklin Station
   Washington, D.C. 20044-0683
5  Telephone:    (202) 307-6422
   Facsimile:    (202) 307-0054
6  E-mail:       adam.r.smart@usdoj.gov

7  Attorneys for the United States of America

8          •          IN THE UNITED STATES DISTRICT COURT FOR THE

9                         EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10  UNITED STATES OF AMERICA. | Civil No. |
| 11                   Plaintiff, | |
| 12          •        v. | **COMPLAINT TO REDUCE TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS ON REAL PROPERTY** |
| 13  KENNETH J. MALINOWSKI; PATRICIA I. | |
| 14  MALINOWSKI: KENNETH J. MALINOWSKI and PATRICIA I. MALINOWSKI as trustees of | |
| 15  the BOAZ FOUNDATION: THE POPULAR SOCIETY OF SOVERIGN ECCLESIA aka THE | |
| 16  POPULAR SOCIETY OF THE SOVEREIGN ECCLESIA, KENNETH J. MALINOWSKI as | |
| 17  Patriarch: STAN HOKENSON as trustee of | |
| 18  TIERRA LAND TRUST, aka TIERRA TRUST; GMAC MORTGAGE CORPORATION: STATE | |
| 19  OF CALIFORNIA FRANCHISE TAX BOARD; CITIBANK SOUTH DAKOTA, N.A.; | |
| 20  SACRAMENTO COUNTY | |
| 21                   Defendants. | |

22       COMES NOW. the United States of America. by its undersigned counsel, and complains and

23  alleges as follows:

24                            **JURISDICTION AND VENUE**

25       1.       This is a civil action brought by the United States of America (a) to reduce to judgment

26  federal tax assessments against defendants Kenneth J. Malinowski and Patricia I. Malinowski and (b) to

27  foreclose federal tax liens against certain real property located at 6037 White Cloud Ct., Citrus Heights.

28  CA 95621.

Code (26 U.S.C.). at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Chief Counsel of the Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1340 and 1345. and pursuant to §§ 7402 and 7403 of the Internal Revenue Code (26 U.S.C.).

4. Venue is proper in the Eastern District of California because defendant taxpayers Kenneth J. Malinowski and Patricia I. Malinowski reside in this judicial district, the federal tax liabilities that are the subject of this action arose in this judicial district, and the Subject Property is located within this judicial district. 28 U.S.C. §§1391 and 1396.

## IDENTIFICATION OF PROPERTY SOUGHT TO BE FORECLOSED

5. Real property that is the subject of this action, located at 6037 White Cloud Ct., Citrus Heights, CA 95621 (herein referred to as the "Subject Property"), is situated in the County of Sacramento, State of California, and is more particularly described as follows:

Lot 176 as shown on that certain map entitled "Plat of Greenback Wood Unit 2" filed in the office of the County Recorder of Sacramento County California. on October 3, 1980 in Book 1142 of Maps, at Page 1.

6. Pursuant to a grant deed recorded on November 9, 1995, in the Sacramento County Recorder's Office, Golden Bear Homes I, LP conveyed the Subject Property to Kenneth J. Malinowski and Patricia I. Malinowski, husband and wife, as joint tenants.

7. Pursuant to a quitclaim deed recorded on January 5, 2000, in the Sacramento County Recorder's Office, the Malinowskis purported to convey the Subject Property to "The Popular Society of Sovereign Ecclesia", of which Kenneth J. Malinowski has identified himself as Patriarch.

8. Pursuant to a grant deed recorded on October 6, 2000, in the Sacramento County Recorder's Office, the Kenneth J. Malinowski, as Patriarch of "The Popular Society of Sovereign

Complaint                                - 2 -                        Civil No.

Eccesia to Tierra Land Trust.

3    9.    Pursuant to a quitclaim deed recorded on November 17, 2005, in the Sacramento County
4    Recorder's Office, the Tierra Trust (aka Tierra Land Trust) purported to convey the Subject Property
5    from the Tierra Trust to the Boaz Foundation, Kenneth John Malinowski/Trustee, a Non Profit Family
6    Foundation."
7
                                             **DEFENDANTS**
8
9    •10.    Kenneth J. Malinowski resides at 6037 White Cloud Ct., Citrus Heights, CA 95621. He is
10   named as a defendant because his tax liabilities are the subject of this action.

11   11.    Patricia I. Malinowski resides at 6037 White Cloud Ct., Citrus Heights, CA 95621. She is
12   the wife of Kenneth J. Malinowski and is named as a defendant because her tax liabilities are the subject
13   of this action.

14   12.    The Boaz Foundation, through Kenneth J. Malinowski and Patricia I. Malinowski as
15   trustees, is named as a defendant because it is the alter-ego, nominee, and/or fraudulent transferee of the
16   Malinowskis, and, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject
17   Property.

18   13.    The Popular Society of Soverign Ecclesia aka The Popular Society of the Sovereign
19   Ecclesia with Kenneth J. Malinowski as Patriarch, is named as a defendant because it is the alter-ego,
20   nominee, and/or fraudulent transferee of the Malinowskis, and, pursuant to 26 U.S.C. § 7403(b), because
21   it may claim an interest in the Subject Property.

22   14.    The Tierra Land Trust, aka Tierra Trust, through Stan Hokenson as trustee is named as a
23   defendant because it is the alter-ego, nominee, and/or fraudulent transferee of the Malinowskis, and,
24   pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

25   15.    GMAC Mortgage Corporation is named as a defendant, pursuant to 26 U.S.C. § 7403(b),
26   because it may claim an interest in the Subject Property.

27   •

28   Complaint                          - 3 -                          Civil No.

•

U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

17. Citibank South Dakota, N.A. is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

18. Sacramento County is named as a defendant, pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Subject Property.

## FIRST CLAIM FOR RELIEF: TO REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST KENNETH J. MALINOWSKI AND PATRICIA I. MALINOWSKI TO JUDGMENT

19. The United States incorporates by reference the allegations contained in paragraphs 1 through 18, above, as if fully set forth here.

20. In the amounts and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendants Kenneth J. Malinowski and Patricia I. Malinowski jointly for unpaid federal taxes, penalties, interest, and other statutory additions accruing thereto as follows:

| Tax Type | Tax Period Ending | Date of Assessment | Amount Assessed | |
|----------|-------------------|--------------------|-----------------|---|
| 1040 | 12/31/1998 | 7/3/2006 | $T^1$ | $1,569.00 |
| | | 7/3/2006 | FPP | $392.25 |
| | | 7/3/2006 | LFP | $313.81 |
| | | 4/2/2007 | T | $102,814.00 |
| | | 4/2/2007 | FPP | $1,028.14 |
| | | 4/2/2007 | LFP | $25,742.72 |
| | | 4/2/2007 | AP | $21,314.00 |
| | | 4/2/2007 | I | $103,893.19 |
| | | 7/2/2007 | I | $5,131.32 |

$^1$T = Tax; ETP = Estimated Tax Penalty; 26 U.S.C. § 6654; LFP = Late Filing Penalty; 26 U.S.C. § 6651(a)(1); FPP = Failure to Pay Penalty; 26 U.S.C. § 6651(a)(2); AP = Accuracy Penalty, 26 U.S.C. § 6662; I = Interest; FC = Fees and Collection Costs.

Complaint                                    - 4 -                                    Civil No.

| | | | | |
|---|---|---|---|---|
| 1040 | 12/31/1999 | 4/2/2007 | T | $154,766.00 |
| | | 4/2/2007 | AP | $31,716.40 |
| | | 4/2/2007 | I | $125,606.49 |
| | | 7/2/2007 | FPP | $1,547.66 |
| | | 7/2/2007 | I | $7,094.29 |
| 1040 | 12/31/2000 | 7/17/2006 | T | $2,207.00 |
| | | 7/17/2006 | FPP | $551.75 |
| | | 7/17/2006 | LFP | $441.41 |
| | | 4/2/2007 | T | $118,308.00 |
| | | 4/2/2007 | I | $75,780.57 |
| | | 4/2/2007 | AP | $24,362.00 |
| | | 4/2/2007 | LFP | $29,632.17 |
| | | 7/2/2007 | FPP | $1,183.08 |
| | | 7/2/2007 | I | $5,037.25 |
| 1040 | 12/31/2001 | 7/3/2006 | T | $2,084.00 |
| | | 7/3/2006 | LFP | $416.80 |
| | | 7/3/2006 | FPP | $521.00 |
| | | 4/2/2007 | T | $200,761.00 |
| | | 4/2/2007 | LFP | $50,242.35 |
| | | 4/2/2007 | AP | $41,001.00 |
| | | 4/2/2007 | I | $99,308.45 |
| | | 7/2/2007 | FPP | $2,007.61 |
| | | 7/2/2007 | I | $7,925.26 |
| 1040 | 12/31/2002 | 7/3/2006 | T | $778.00 |
| | | 7/3/2006 | LFP | $155.60 |
| | | 7/3/2006 | FPP | $194.50 |
| | | 4/2/2007 | T | $192,325.00 |
| | | 4/2/2007 | LFP | $48,100.70 |
| | | 4/2/2007 | AP | $38,875.00 |
| | | 4/2/2007 | I | $73,664.38 |
| | | 7/2/2007 | I | $7,123.81 |
| | | 7/9/2007 | FPP | $1,966.04 |
| | | 7/9/2007 | I | $554.50 |

(handwritten) Abandon

paragraph 20 above, has been ~~made~~.

22.     Despite timely notice and demand for payment of the assessments described in paragraph 20 above, defendants Kenneth J. Malinowski and Patricia I. Malinowski have neglected, failed or refused to fully pay the indebted amounts on those assessments. The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any abatements, payments or credits, remain due and owing.

23.     Since the dates of the assessment described in paragraph 20 above, interest and statutory additions have accrued and continue to accrue as provided by law and as of May 6, 2011, the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments, credits or abatements, will be $317,306.69 for tax year 1998, $439,341.09 for tax year 1999, $312,526.44 for tax year 2000, $490,651.20 for tax year 2001, and $440,732.25 for tax year 2002, for a total of $2,000,557.67.

## SECOND CLAIM FOR RELIEF: TO REDUCE FEDERAL INCOME TAX ASSESSMENTS AND CIVIL PENALTY ASSESSMENTS AGAINST KENNETH J. MALINOWSKI INDIVIDUALLY TO JUDGMENT

24.     The United States incorporates by reference the allegations contained in paragraphs 1 through 23, above, as if fully set forth here.

25.     In the amounts and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendant Kenneth J. Malinowski individually for unpaid federal taxes, penalties, interest, and other statutory additions accruing thereto as follows:

Complaint                                    - 6 -                          Civil No.

| 1040 | 12/31/2003 | 4/2/2007 | T | $114,042.00 |
| | | 4/2/2007 | LFP | $25,659.45 |
| | | 4/2/2007 | ETP | $2,984.46 |
| | | 4/2/2007 | FPP | $10,833.99 |
| | | 4/2/2007 | I | $28,936.87 |
| | | 8/27/2007 | FPP | $12,544.62 |

26.     Timely notice has been given and demand for payment of the assessments described in paragraph 25 above, has been made.

27.     Despite timely notice and demand for payment of the assessments described in paragraph 25 above, defendant Kenneth J. Malinowski has neglected, failed or refused to fully pay the indebted amounts on those assessments. The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any abatements, payments or credits, remain due and owing.

28.     Since the dates of the assessment described in paragraph 25 above, interest and statutory additions have accrued and continue to accrue as provided by law and as of May 6, 2011, the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments, credits or abatements, will be **$240,944.12**.

## THIRD CLAIM FOR RELIEF: TO REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST PATRICIA I. MALINOWSKI INDIVIDUALLY TO JUDGMENT

29.     The United States incorporates by reference the allegations contained in paragraphs 1 through 28, above, as if fully set forth here.

30.     In the amounts and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendant Patricia I. Malinowski individually for unpaid federal taxes, penalties, interest, and other statutory additions accruing thereto as follows:

Complaint                              - 7 -                              Civil No.

| 1040 | 12/31/2003 | 4/2/2007 | T | $114,042.00 |
|---|---|---|---|---|
| | | 4/2/2007 | LFP | $25,659.45 |
| | | 4/2/2007 | ETP | $2,984.46 |
| | | 4/2/2007 | FPP | $10,833.99 |
| | | 4/2/2007 | I | $28,936.87 |
| | | 7/2/2007 | FPP | $10,833.99 |
| | | 7/2/2007 | I | $3,675.27 |

31.     Timely notice has been given and demand for payment of the assessments described in paragraph 30 above, has been made.

32.     Despite timely notice and demand for payment of the assessments described in paragraph 30 above, defendant Patricia I. Malinowski has neglected, failed or refused to fully pay the indebted amounts on those assessments. The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any abatements, payments or credits, remain due and owing.

33.     Since the dates of the assessment described in paragraph 30 above, interest and statutory additions have accrued and continue to accrue as provided by law and as of May 6, 2011, the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments, credits or abatements, will be **$239,075.47**.

**FOURTH CLAIM FOR RELIEF: THAT THE BOAZ FOUNDATION HOLDS TITLE TO THE SUBJECT PROPERTY AS NOMINEE AND/OR ALTER-EGO OF THE MALINOWSKIS**

34.     The United States incorporates by reference the allegations contained in paragraphs 1 through 33, above, as if fully set forth here.

35.     Despite the series of purported transfers of the Subject Property from the Malinowskis eventually leading to The Boaz Foundation, described in paragraphs 7 through 9 above, the Malinowskis reside in the Subject Property, treat the property as their own residence, and also enjoy the use of and exercise of dominion and control over the Subject Property.

Complaint                                        - 8 -                                        Civil No.

of the Boaz Foundation and have used assets of the Boaz Foundation, namely the Subject Property, for personal use.

37.     At all times pertinent herein, Kenneth J. Malinowski and/or Patricia I. Malinowski have been in a position of control and authority over The Boaz Foundation.

38.     The Boaz Foundation does not now have, nor has it ever had, any ownership or other controlling interest in the Subject Property. The Boaz Foundation is a mere nominee or alter ego of Kenneth J. Malinowski and Patricia I. Malinowski with respect to the title and ownership of the Subject Property.

39.     The United States is entitled to an order that title to the Subject Property is deemed to be in the name of Kenneth J. Malinowski and Patricia I. Malinowski.


## FIFTH CLAIM FOR RELIEF: FRAUDULENT TRANSFER CLAIM

40.     The United States incorporates by reference the allegations contained in paragraphs 1 through 39, above, as if fully set forth here.

41.     The purported transfers of the Subject Property from the Malinowskis eventually leading to The Boaz Foundation, described in paragraphs 7 through 9 above, were intended by Kenneth J. Malinowski and Patricia I. Malinowski to hinder, delay, or defraud the United States of present and future lawful taxes. Therefore, pursuant to the California Uniform Fraudulent Transfer Act ("UFTA") § 3439.05, the transfers were and are fraudulent and of no effect as to the United States.

42.     The purported transfers of the Subject Property from the Malinowskis eventually leading to The Boaz Foundation, described in paragraphs 7 through 9 above, were made without the exchange of reasonably equivalent value and left Kenneth J. Malinowski and Patricia I. Malinowski with remaining assets which were unreasonably small or insufficient to pay their current and future debts, including their lawful tax liabilities; therefore, pursuant to California UFTA § 3439.02, the transfers were and are fraudulent and of no effect as to the United States.

Complaint                                    - 9 -                          Civil No.

to The Boaz Foundation, described in paragraphs 7 through 9 above, were made without the exchange of

reasonably equivalent value and during a period when Kenneth J. Malinowski and Patricia I.

Malinowski, individually or jointly, incurred, intended to incur, or believed or reasonably should have

believed that they would incur debts beyond their ability to pay as they became due; therefore, pursuant

to California UFTA § 3439.02, the transfers were and are fraudulent and of no effect as to the United

States.

44. The purported transfers of the Subject Property from the Malinowskis eventually leading

to The Boaz Foundation, described in paragraphs 7 through 9 above, were made without the exchange of

reasonably equivalent value, rendering Kenneth J. Malinowski and Patricia I. Malinowski insolvent;

therefore, pursuant to California UFTA § 3439.02, the transfers were and are fraudulent and of no effect

as to the United States.

45. Despite the purported transfer of the Subject Property from the Malinowskis to "The

Popular Society of Sovereign Ecclesia" the Malinowskis resided in the Subject Property, treated the

property as their own residence, and also enjoyed the use of and exercise of dominion and control over

the Subject Property while "The Popular Society of Sovereign Ecclesia" held bare legal title to the

Subject Property.

46. Despite the purported transfer of the Subject Property from "The Popular Society of

Sovereign Ecclesia" to Terra Land Trust, the Malinowskis resided in the Subject Property, treated the

property as their own residence, and also enjoyed the use of and exercise of dominion and control over

the Subject Property while Terra Land Trust held bare legal title to the Subject Property.

47. Kenneth J. Malinowski and/or Patricia J. Malinowski exercised control over the assets of

"The Popular Society of Sovereign Ecclesia" and Terra Land Trust at all pertinent times and have used

said assets. namely the Subject Property, for personal use.

48. At all times pertinent herein. Kenneth J. Malinowski and/or Patricia I. Malinowski have

been in a position of control and authority over "The Popular Society of Sovereign Ecclesia" and Terra

Land Trust.

Complaint                                          - 10 -                              Civil No.

have they ever had, any ownership or other controlling interest in the Subject Property. The Popular Society of Sovereign Ecclesia" and Terra Land Trust are mere nominees or alter egos of Kenneth J. Malinowski and Patricia I. Malinowski with respect to the title and ownership of the Subject Property.

50. The United States is entitled to an order setting aside the transfers of the Subject Property described in paragraphs 7 through 9 above, and determining that such transfers were and are utterly null and void and of no effect as to the rights of the United States.

51. In the further alternative, United States is entitled to an order setting aside the transfer of the Subject Property from the Terra Land Trust to The Boaz Foundation, and a finding that Terra Land Trust is a nominee and/or alter-ego of Kenneth J. Malinowski and Patricia I. Malinowski, and that title to the Subject Property is deemed to be in the name of Kenneth J. Malinowski and Patricia I. Malinowski.

52. In the alternative the United States is entitled to an order setting aside the transfer of the Subject Property from the Terra Land Trust to The Boaz Foundation, as well as the transfer from the "The Popular Society of Sovereign Ecclesia" to Terra Land Trust, and a finding that "The Popular Society of Sovereign Ecclesia" is a nominee and/or alter-ego of Kenneth J. Malinowski and Patricia I. Malinowski, and that title to the Subject Property is deemed to be in the name of Kenneth J. Malinowski and Patricia I. Malinowski.

## SIXTH CLAIM FOR RELIEF: TO FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY

53. The United States incorporates by reference the allegations contained in paragraphs 1 through 52 above, as if fully set forth here.

### A. Federal Tax Liens Attach to the Subject Property

54. Pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens arose in favor of the United States upon all property and rights to property, whether real or personal, belonging to Kenneth J. Malinowski as of the date of assessments described in paragraphs 20 and 25 above.

Complaint                                   - 11 -                          Civil No.

all property and rights to property, whether real or personal, belonging to Patricia I. Malinowski as of the date of assessments described in paragraphs 20 and 30 above.

56.     The Subject Property, more particularly described in paragraph 5 above, is property belonging to defendants Kenneth J. Malinowski and Patricia I. Malinowski for the following independent reasons:

a.      The Boaz Foundation holds only bare legal title to the Subject Property as the nominee or is an alter-ego of Kenneth J. Malinowski and Patricia I. Malinowski. Accordingly, the federal tax liens at issue attached to the Subject Property when the liens arose, and the tax liens have continued to the present to attach to the Subject Property without interruption;

b.      The transfers described in paragraphs 7 through 9 above were fraudulent and are utterly null and void and of no effect as to the rights of the United States. Accordingly, the federal tax liens at issue attached to the Subject Property when the liens arose, and the tax liens have continued to the present to attach to the Subject Property without interruption;

c.      The transfer of the Subject Property from the Terra Land Trust to The Boaz Foundation was fraudulent and is utterly null and void and of no effect as to the rights of the United States, moreover, the Terra Land Trust held only bare legal title to the Subject Property as the nominee or is and alter-ego of Kenneth J. Malinowski and Patricia I. Malinowski. Accordingly, the federal tax liens at issue attached to the Subject Property when the liens arose, and the tax liens have continued to the present to attach to the Subject Property without interruption; or

d.      The transfers of the Subject Property from the Terra Land Trust to The Boaz Foundation and from "The Popular Society of Sovereign Ecclesia" to Terra Land Trust prior to that were fraudulent and are utterly null and void and of no effect as to the rights of the United States, moreover, "The Popular Society of Sovereign Ecclesia" held only bare legal title to the Subject Property as the nominee or is and alter-ego of Kenneth J. Malinowski and Patricia I. Malinowski. Accordingly, the federal tax liens at issue attached to the Subject Property when the liens arose, and the tax liens have continued to the present to attach to the Subject Property without interruption;

Complaint                              - 12 -                         Civil No.

57. On June 20, 2007, the IRS recorded a Notice of Federal Tax Lien against Kenneth J. and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with the County Recorder's Office of Sacramento County.

58. On June 20, 2007, the IRS recorded a Notice of Federal Tax Lien against Kenneth J. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31 1999, December 31, 2000, and December 31, 2003, with the County Recorder's Office of Sacramento County.

59. On June 20, 2007, the IRS recorded a Notice of Federal Tax Lien against Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 2003, with the County Recorder's Office of Sacramento County.

60. On October 20, 2008, the IRS recorded a Notice of Federal Tax Lien against Kenneth J. and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999 and December 31, 2000, with the County Recorder's Office of Sacramento County.

61. On May 25, 2010, the IRS recorded a Notice of Federal Tax Lien against Kenneth J. and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with the County Recorder's Office of Sacramento County.

C. **Notice of Federal Tax Liens Filed As to Nominees/Alter-Egos**

i. *Popular Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia*

62. On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Popular Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the Subject Property.

Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Kenneth J.

Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax

periods ending December 31, 1999 and December 31, 2000, with respect to the Subject Property.

64.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Popular

Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Kenneth J.

Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December

31, 1999, December 31, 2000 and December 31, 2003, with respect to the Subject Property.

65.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Popular

Society of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Patricia I.

Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax period ending December 31,

2003, with respect to the Subject Property.

66.    On May 24, 2010, the IRS recorded a Notice of Federal Tax Lien against Popular Society

of Soverign Ecclesia aka Popular Society of Sovereign Ecclesia as the nominee of Kenneth J.

Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax

periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the

Subject Property.

*ii.    Tierra Land Trust aka Tierra Trust*

67.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Tierra Land

Trust aka Tierra Trust as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid

federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31,

2001 and December 31, 2002, with respect to the Subject Property.

68.    On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Tierra Land

Trust aka Tierra Trust as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid

federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999 and December

31, 2000, with respect to the Subject Property.

Complaint                                  - 14 -                              Civil No.

Trust aka Tierra Trust as the nominee of Kenneth J. Malinowski for unpaid federal income tax

(Form 1040) for the tax periods ending December 31, 1999, December 31, 2000 and December 31, 2003, with respect to the Subject Property.

70.     On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Tierra Land Trust aka Tierra Trust as the nominee of Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax period ending December 31, 2003, with respect to the Subject Property.

71.     On May 24, 2010, the IRS recorded a Notice of Federal Tax Lien against Tierra Land Trust aka Tierra Trust as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the Subject Property.

*iii.     Boaz Foundation*

72.     On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the Subject Property.

73.     On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999 and December 31, 2000, with respect to the Subject Property.

74.     On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1999, December 31, 2000 and December 31, 2003, with respect to the Subject Property.

75.     On February 5, 2009, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski, with respect to the Subject Property.

Complaint                                    - 15 -                          Civil No.

Foundation as the nominee of Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax period ending December 31, 2003, with respect to the Subject Property.

77. On May 24, 2010, the IRS recorded a Notice of Federal Tax Lien against Boaz Foundation as the nominee of Kenneth J. Malinowski and Patricia I. Malinowski for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 1998, December 31, 2001 and December 31, 2002, with respect to the Subject Property.

78. Under 28 U.S.C. Section 7403(c), the United States is entitled to a decree of sale of the Subject Property to enforce its tax liens.

WHEREFORE, the plaintiff, the United States of America, prays as follows:

A. That this Court determine and adjudge that defendants Kenneth J. Malinowski and Patricia I. Malinowski are jointly indebted to the United States in the amount of $2,000,557.67, for unpaid federal income tax liabilities for tax years 1998 through 2002, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since May 6, 2011, and that judgment in that amount be entered against Kenneth J. Malinowski and Patricia I. Malinowski and in favor of the United States;

B. That this Court determine and adjudge that defendant Kenneth J. Malinowski is indebted to the United States in the amount of $240,944.12 for unpaid federal income tax liabilities for tax year 2003, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since May 6, 2011, and that judgment in that amount be entered against Kenneth J. Malinowski and in favor of the United States;

C. That this Court determine and adjudge that defendant Patricia I. Malinowski is indebted to the United States in the amount of $239,075.47 for unpaid federal income tax liabilities for tax year 2003, less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since May 6, 2011, and that judgment in that amount be entered against Patricia I. Malinowski and in favor of the United States;

Complaint - 16 - Civil No.

against all property and rights to property of Kenneth J. Malinowski and Patricia I. Malinowski,
including but not limited to each of their interests in the Subject Property;

E.     That the federal tax liens against defendants Kenneth J. Malinowski and Patricia I.
Malinowski encumbering the Subject Property be foreclosed, and the Subject Property be sold to satisfy
the liens and outstanding and delinquent federal tax assessments against defendants Kenneth J.
Malinowski and Patricia I. Malinowski subject to the rights of the remaining defendants in that property;

F.     That this Court determine the validity and priority of all liens on and other interests in the
Subject Property and order that the proceeds from any judicial sale of such property be distributed
accordingly; and

G.     That the United States be granted its costs and attorney's fees herein, and for such other
and further relief as this Court deems just and proper.


Dated this 3rd day of May 2011.

                                        BENJAMIN B. WAGNER
                                        United States Attorney


                                        /s/ Adam R. Smart
                                        ADAM R. SMART
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        P.O. Box 683, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 307-6422

                                        Attorneys for the United States of America


Complaint                                - 17 -                    Civil No.

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U S PLAINTIFF CASES)

County of Residence of First Listed Defendant    Sacramento
(IN U S PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Adam R. Smart, U.S. Department of Justice - Tax Division
PO Box 683, Washington DC 20044 - (202) 307-6422

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff

☐ 2   U.S. Government Defendant

☒ 3   Federal Question (U.S. Government Not a Party)

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety Health | | ☐ 490 Cable Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt Relations | ☐ 864 SSID Title XVI | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt Reporting | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☒ 870 Taxes (U.S. Plaintiff | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | 26 USC 7609 | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
26 U.S.C. s 7403(c)

Brief description of cause:
Suit to Reduce Federal Tax Assessments to Judgment and Foreclose Federal Tax Liens

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23

**DEMAND $**
2,480,577.26

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 05/03/2011 | /s/ Adam R. Smart |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Rule 305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

Office of the Clerk

501 I Street, Room 4-200

Sacramento, CA 95814

Office of the Clerk

2500 Tulare Street, Suite 1501

Fresno, CA 93721

vs.

CASE NO. **2:11–CV–01187–JAM –JFM**

KENNETH JOHN MALINOWSKI, ET AL. ,
Defendant(s)/Respondents(s).

---

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

---

□     **CONSENT TO JURISDICTION OF
UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: _____     Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for * _____

---

□     **DECLINE OF JURISDICTION OF
UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: _____     Signature: _____

Print Name: _____
( ) Plaintiff/Petitioner  ( ) Defendant/Respondent
( ) Counsel for * _____

*If representing more than one party, counsel must indicate name of each party responding.*

# NOTICE OF AVAILABILITY

# VOLUNTARY DISPUTE RESOLUTION

Pursuant to the findings and directives of Congress in 28 U.S.C. §§ 651 *et seq.,* and in recognition of the economic burdens and delay in the resolution of disputes that can be imposed by full formal litigation, Local Rule 271 governs the referral of certain actions to the Voluntary Dispute Resolution Program ("VDRP") at the election of parties. Plaintiff or removing party is to provide all other parties with copies of the notice at the time service is effected or, for parties already served, no more than fourteen (14) days after receiving notice from the Court. After filing of the original complaint or removal action, any party who causes a new party to be joined in the action shall promptly serve a copy of the notice on the new party.

It is the Court's intention that the VDRP shall allow the participants to take advantage of a wide variety of alternative dispute resolution methods. These methods may include, but are not limited to, mediation, negotiation, early neutral evaluation and settlement facilitation. The specific method or methods employed will be determined by the Neutral and the parties.

**PLEASE TAKE NOTICE** that pursuant to Local Rule 271, *this Local Rule applies to* all civil actions pending before any District Judge or Magistrate Judge in the District except that actions in the following categories are exempt from presumptive inclusion: (i) prisoner petitions and actions, including habeas corpus petitions, (ii) actions in which one of the parties is appearing pro se, (iii) voting rights actions, (iv) social security actions, (v) deportation actions, (vi) Freedom of Information Act actions, and (vii) actions involving the constitutionality of federal, state or local statutes or ordinances. The fact that a case falls in a category that is exempt from the presumptive applicability of this Local Rule neither (1) precludes the parties to such a case from agreeing to participate in an Alternative Dispute Resolution ("ADR") process, nor (2) deprives the Court of authority to compel participation in an appropriate ADR proceeding.

Parties may elect Voluntary Dispute Resolution with the Court indicating that all parties to the action agree to submit the action to VDRP pursuant to Local Rule 271. Actions may not be assigned to VDRP over the objection of a party. (Copy of sample stipulation attached hereto.) **At the time of filing, a copy of the stipulation shall be provided to the VDRP Administrator designated below:**

Sacramento Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
501 "I" Street , Suite 4-200
Sacramento, CA 95814
(916) 930-4280

Fresno Cases
Voluntary Dispute Resolution
Program Administrator
United States District Court
2500 Tulare Street , Suite 1501
Fresno, CA 93721
(559) 499-5600

Attorney(s) for:

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
                    Plaintiff(s)

NO. 2:11-CV-01187-JAM -JFM

v.

STIPULATION TO ELECT
REFERRAL OF ACTION TO VOLUNTARY
DISPUTE RESOLUTION PROGRAM (VDRP)
PURSUANT TO LOCAL RULE 271

**KENNETH JOHN MALINOWSKI, ET AL.,**
                    Defendant(s)
_____/

Pursuant to Local Rule 271, the parties hereby agree to submit the above-entitled action to

the Voluntary Dispute Resolution Program.

DATED:_____

                              _____
                              Name:
                              Attorney(s) for Plaintiff(s)

                              _____
                              Name:
                              Attorney(s) for Defendant(s)

Case Name:                        V.

## KENNETH JOHN MALINOWSKI, ET AL.,

This action has been assigned to Judge John A. Mendez. Pursuant to the

provisions of Fed. R. Civ. P. 16 and 26. **IT IS ORDERED THAT:**

1. Plaintiff(s) shall complete service of process on all parties within one

hundred twenty (120) days of the date of filing of the complaint.

2. Concurrefitly with the service of process, or as soon thereafter as

possible, plaintiff(s) shall serve upon each of the parties named herein, and upon all

parties subsequently joined, a copy of this Order, and shall file with the Clerk a

certificate reflecting such service;

3. In the event this action was originally filed in a state court and was

thereafter removed to this court, the removing party or parties shall, immediately

following such removal serve upon each of the other parties named herein, and upon

all parties subsequently joined, a copy of this Order, and shall file with the Clerk a

certificate reflecting such service;

4. Within sixty (60) days of service of the complaint on any party, or from the

date of removal, the parties shall confer as required by Fed. R. Civ. P. 26(f) and shall

prepare and submit to the court a joint status report that includes the Rule 26(f)

discovery plan. The status report shall address the following matters:

      a) The nature of the case:

      b) Progress in the service of process;

      c) Possible joinder of additional parties;

      d) Any expected or desired amendment of pleadings;

      e) Jurisdiction and venue;

                                **(CONTINUED)**

timing, form, or requirement for disclosures under
Rule 26(a), including a statement as to when
disclosures under Rule 26(a)(1) were made or will be
made;

(2) the subjects on which discovery may be needed,
when discovery should be completed, and whether
discovery should be conducted in phases or be
limited to or focused upon particular issues;

(3) what changes, if any, should be made in the limitations on
discovery imposed under the Civil Rules and what other
limitations, if any, should be imposed;

(4) the timing of the disclosure of expert witnesses and information
required by Rule 26(a)(2);

h) Future proceedings, including setting appropriate cut—off dates for
discovery, law and motion, and the scheduling of pretrial and trial;

i) Appropriateness of special procedures;

j) Estimate of trial time;

k) Modification of standard pretrial procedures specified by the rules due to
the relative simplicity or complexity of the action or proceedings;

l) Whether the case is related to any other case,
including any matters in bankruptcy;

m) Whether a settlement conference should be
scheduled;

n) Any other matters that may add to the just and
expeditious disposition of this matter.

5. The Court, upon review of the joint status report
may:

a) Issue a scheduling order incorporating the suggestions of
counsel as contained in the joint status report; or

b) By minute order, set a status conference to be held either by
telephone or in chambers.

**(CONTINUED)**

nongovernmental corporate party to an action assigned to Judge Mendez shall file with the

joint status report a statement identifying all its parent corporations and listing any

publicly held company that owns 10% or more of the party's stock.  A party shall

supplement the statement within a reasonable time of any change in the information.

DATE:  May 3, 2011

JOHN A. MENDEZ

UNITED STATES DISTRICT JUDGE

by:  /s/ A. Benson

Deputy Clerk

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **EASTERN DISTRICT OF CALIFORNIA**

10   **UNITED STATES OF AMERICA,**              Case No. **2:11–CV–01187–JAM –JFM**

11              Plaintiff(s),

12
                              vs.
13                                             ORDER RE PAGE LIMITS FOR CASES

14   **KENNETH JOHN MALINOWSKI, ET AL.,**      ASSIGNED TO JUDGE MENDEZ

15              Defendant(s).

# **Exhibit C**

Case 2:11-cv-01187-JAM -JFM   Document 50   Filed 02/22/12   Page 1 of 6

1 | KERRY W. FRANICH (State Bar No. 245857)
kwf@severson.com

2 | SEVERSON & WERSON
A Professional Corporation

3 | 19100 Von Karman Ave., Suite 700
Irvine, CA 92612

4 | Telephone: (949) 442-7110
Facsimile: (949) 442-7118

5

6 | MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com

7 | SEVERSON & WERSON
A Professional Corporation

8 | One Embarcadero Center, Suite 2600
San Francisco, CA 94111

9 | Telephone: (415) 398-3344
Facsimile: (415) 956-0439

10 | Attorneys for Defendant
GMAC MORTGAGE, LLC (erroneously

11 | sued as GMAC Mortgage Corporation)

12

**FILED**

FEB 22 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

13 |                    **UNITED STATES DISTRICT COURT**

14 |                    **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15    UNITED STATES OF AMERICA, | Case No.: 2:11-cv-01187 JAM (JFMx) |
| 16          Plaintiff, | Hon. John A. Mendez |
| | Ctrm. 6 |
| 17      vs. | |
| 18    KENNETH J. MALINOWSKI; PATRICIA I. | **STIPULATION FOR LIEN PRIORITY** |
|    MALINOWSKI; KENNETH J. | **AND [PROPOSED] ORDER** |
| 19    MALINOWSKI and PATRICIA I. | |
|    MALINOWSKI as trustees of the BOAZ | |
| 20    FOUNDATION; THE POPULAR SOCIETY | |
|    OF SOVEREIGN ECCLESIA aka THE | |
| 21    POPULAR SOCIETY OF THE SOVEREIGN | |
|    ECCLESIA, KENNETH J. MALINOWSKI as | |
| 22    Patriarch; STAN HOKENSON as trustee of | |
|    TIERRA LAND TRUST, aka TIERRA | |
| 23    TRUST; GMAC MORTGAGE | |
|    CORPORATION; STATE OF CALIFORNIA | |
| 24    FRANCHISE TAX BOARD; CITIBANK | |
|    SOUTH DAKOTA, N.A.; SACRAMENTO | |
| 25    COUNTY, | |
| 26          Defendants. | |

27

28

19000/0000/975209.1

1    Plaintiff United States of America, Defendant GMAC Mortgage, LLC, and Defendant

2    Sacramento County stipulate as follows:

3    1.    Plaintiff's lawsuit is an action to reduce tax assessments to judgment and to

4    foreclose tax liens that are recorded against real property. *See* 26 U.S.C. §§ 6502 and 7403.

5    2.    It is agreed that Defendant GMAC Mortgage, LLC is servicing a deed of trust

6    recorded on December 6, 1995 in the Sacramento County Recorder's Office as instrument

7    number 199511091009, which encumbers certain real property located at 6037 White Cloud

8    Court, Citrus Heights, CA 95621 ("Property").

9    3.    It is agreed that Defendant Sacramento County claims an interest in the Property

10    by virtue of statutory liens for delinquent real property taxes assessed against the Property.

11    4.    It is agreed that the statutory liens of Sacramento County referred to in paragraph

12    3 above are prior and paramount to GMAC Mortgage LLC's deed of trust referred to in paragraph

13    2 above, as well as the Internal Revenue Service federal tax liens described in paragraphs 54 and

14    55 of the Complaint.

15    5.    It is agreed that Defendant GMAC Mortgage, LLC's deed of trust referred to in

16    paragraph 2 above is prior and paramount to the Internal Revenue Service federal tax liens

17    described in paragraphs 54 and 55 of the Complaint.

18    6.    Neither Sacramento County nor GMAC Mortgage, LLC oppose judicial

19    foreclosure of the Property by Plaintiff should it prevail in this action.  However, because the

20    Plaintiff's interest in the Property is subordinate to the interests of Sacramento County and

21    GMAC Mortgage, LLC, any proceeds from the sale of the Property, as among these three parties,

22    will be used to first pay off the statutory liens held by Sacramento County and then to pay off the

23    loan secured by the GMAC Mortgage, LLC deed of trust before they are used to satisfy the

24    Internal Revenue Service federal tax liens referred to in paragraphs 54 and 55 of the Complaint.

25    Prior to filing an application for final order of the Court, Plaintiff agrees to provide an accounting

26    to GMAC Mortgage, LLC and Sacramento County setting forth the full disposition of the

27    proceeds from the sale of the Property.

28

- 1 -

1    7.    GMAC Mortgage, LLC and Sacramento County agree to provide Plaintiff with a

2    payoff quote for the amount owing on each loan secured by the deed of trust referred to in

3    paragraph 2 above upon Plaintiff's request prior to the sale of the Property

4    8.    The parties to this stipulation agree to bear their own costs and attorney fees.

5    9.    The parties to this stipulation agree that its contents will bind all their assigns and

6    successors in interest.

7    10.    Upon the execution of this stipulation by all parties and entry of the proposed

8    order by the Court, neither GMAC Mortgage, LLC nor Sacramento County shall be required to

9    appear at any future hearings in this litigation and shall be treated as non-parties for all purposes

10    including discovery purposes, unless ordered by the Court.

11    IT IS SO STIPULATED.

12    DATED: February 17, 2012                    JOHN A. DiCICCO
                                                  Principal Acting Assistant Attorney General
13
                                                  By:/s/Adam R. Smart
14                                                    ADAM R. SMART
                                                      Trial Attorney, Tax Division
15                                                    U.S. Department of Justice

16                                                Of Counsel:
                                                  BENJAMIN B. WAGNER
17                                                United States Attorney

18                                                Attorneys for Plaintiff
                                                  UNITED STATES OF AMERICA
19
      DATED: February 17, 2012                    SEVERSON & WERSON, APC
20

21                                                By:/s/Kerry W. Franich
                                                      KERRY W. FRANICH
22
                                                  Attorneys for Defendant
23                                                GMAC MORTGAGE, LLC

24    DATED: February 17, 2012                    ROBERT A. RYAN, Jr., County Counsel
25                                                Sacramento County, California

26
                                                  By: /s/ Diane McElhern
27                                                    DIANE McELHERN
                                                      Deputy County Counsel
28                                                          - 2 -

1 | **IT IS SO ORDERED.**

2

3 | DATED: _2 -21_ , 2012

4 |                                               Hon. John A. Mendez
   |                                               JUDGE OF THE U.S. DISTRICT COURT

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19000/0000/975209.1

Stipulation for Lien Priority and Non-Monetary Judgment

Case No. 2:11-cv-01187 JAM (JFM)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 17, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Diane McElhern
Scott Fera
County of Sacramento
700 H Street, Suite 2650
Sacramento, CA 95814
*Attorney for Sacramento County*

Jill Bowers
Attorney General Of California
1300 I Street, Suite 125
PO Box 944255
Sacramento, CA 94244
*Attorney for State of California Franchise Tax Board*

Kerry William Franich
Severson & Werson
19100 Von Karman Avenue
Suite 700
Irvine, CA 92612
*Attorney for GMAC Mortgage LLC*

and that service was made on this date by causing a copy of the foregoing to be sent via postage paid United States first class mail to the following:

Kenneth John Malinowski
General Post Office 6630 Fountain Square Lane
Citrus Heights, CA 95621
*Pro Se*

Kenneth John Malinowski
Post Office Box 483
Citrus Heights, CA 95611
*Pro Se*

Patricia I. Malinowski
General Post Office 6630 Fountain Square Lane
Citrus Heights, Ca 95621
*Pro Se*

- 4 -

Stipulation for Lien Priority and Non-Monetary Judgment

Case No. 2:11-cv-01187 JAM (JFM)

1  Patricia I. Malinowski
   Post Office Box 483
2  Citrus Heights, CA 95611
   *Pro Se*
3
4  Tierra Land Trust, aka Tierra Trust
   c/o Stan Hokenson
5  5431 Auburn Blvd #135
   Sacramento CA 95842
6
7  Boaz Foundation
   c/o Kenneth John Malinowski
8  6034 White Cloud Ct.
   Citrus Heights, CA 95621
9
10 Popular Society of Sovereign Ecclesia,
   aka the Popular Society of the Sovereign Ecclesia
11 c/o Kenneth John Malinowski
   6034 White Cloud Ct.
12 Citrus Heights, CA 95621
13
   Citibank South Dakota, N.A.
14 701 E. 60th Street N., MC 1251
   Sioux Falls, SD 57117
15
16
17                                    /s/ Adam R. Smart
                                      ADAM R. SMART
18                                    Trial Attorney, Tax Division
19
20
21
22
23
24
25
26
27
28
   19000/0000/975209.1

- 5 -

Stipulation for Lien Priority and Non-Monetary Judgment

Case No. 2:11-cv-01187 JAM (JFM)

# **Exhibit D**

1    KATHRYN KENEALLY
      Assistant Attorney General
2
      ADAM R. SMART
3    Trial Attorney, Tax Division
      U.S. Department of Justice
4    Ben Franklin Station, P.O. Box 683
      Washington, D.C.  20044
5    Telephone: (202) 307-6422
      Facsimile: (202) 307-0054
6    Email: Adam.R.Smart@usdoj.gov
              Western.Taxcivil@usdoj.gov
7    Attorney for the United States of America

8    BENJAMIN B. WAGNER
      United States Attorney
9    Eastern District of California
      Of Counsel
10

11                 IN THE UNITED STATES DISTRICT COURT FOR THE

12                        EASTERN DISTRICT OF CALIFORNIA

13    UNITED STATES OF AMERICA,                    Civil No. 2:11-cv-01187-JAM-JFM

14                    Plaintiff,

15            v.                                   **JUDGMENT**

16    KENNETH J. MALINOWSKI; PATRICIA I.
      MALINOWSKI; KENNETH J. MALINOWSKI
17    and PATRICIA I. MALINOWSKI as trustees of
      the BOAZ FOUNDATION; THE POPULAR
18    SOCIETY OF SOVERIGN ECCLESIA aka THE
      POPULAR SOCIETY OF THE SOVEREIGN
19    ECCLESIA, KENNETH J. MALINOWSKI as
      Patriarch; STAN HOKENSON as trustee of
20    TIERRA LAND TRUST, aka TIERRA TRUST;
      GMAC MORTGAGE CORPORATION; STATE
21    OF CALIFORNIA FRANCHISE TAX BOARD;
      CITIBANK SOUTH DAKOTA, N.A.;
22    SACRAMENTO COUNTY

23
24                    Defendants.

25

26            This action came to be considered before the Court on the United States' motion for summary

27    judgment. The issues have been considered and a decision has been rendered.

28

1    **IT IS ORDERED AND ADJUDGED** that the United States' Motion for Summary Judgment is

2    granted and **JUDGMENT** is entered in favor of the United States and against Kenneth J. and Patricia I.

3    Malinowski, jointly, in the amount of **$2,273,527.70**,  plus additional interest pursuant to 28 U.S.C.

4    §1961(c)(1) and 26 U.S.C. § 6621, and other statutory additions from August 4, 2012; against Kenneth J.

5    Malinowski individually in the amount of **$256,274.58**, plus additional interest pursuant to 28 U.S.C.

6    §1961(c)(1) and 26 U.S.C. § 6621, and other statutory additions from August 4, 2012; and against

7    Patricia I. Malinowski individually in the amount of $**256,037.46**, plus additional interest pursuant to 28

8    U.S.C. §1961(c)(1) and 26 U.S.C. § 6621, and other statutory additions from August 4, 2012.

9    **IT IS FURTHER ORDERED AND ADJUDGED** that the United States has a valid federal tax

10    liens for the unpaid income tax assessments at issue in this action against all property and rights to

11    property belonging to Kenneth J. Malinowski and Patricia I. Malinowski arising out of the tax periods at

12    issue in this action;

13    **IT IS FURTHER ORDERED AND ADJUDGED** that the United States' tax liens against

14    Kenneth J. Malinowski and Patricia I. Malinowski for federal income taxes for tax years 1998, 1999,

15    2000, 2001, 2002 and 2003 attached to the parcel of real property located at 6037 White Cloud Ct., Citrus

16    Heights, CA 95621 (the "Subject Property"), and legally described as follows:

17    
18    Lot 176 as shown on that certain map entitled "Plat of Greenback
Wood Unit 2" filed in the office of the County Recorder of Sacramento
County California, on October 3, 1980 in Book 1142 of Maps, at Page 1.

19    **IT IS FURTHER ORDERED AND ADJUDGED** that the United States's federal tax liens be

20    foreclosed upon the Subject Property.  Plaintiff shall submit a proposed Order of Sale setting forth the

21    terms and conditions of the sale of the property.

22    
23    IT IS SO ORDERED:

24    DATED:    September 19, 2012            /s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ

25    JUDGE OF THE UNITED STATES DISTRICT COURT

26    
27    
28    

Judgment                          - 2 -            Civil No. 2:11 cv 01187 JAM JFM

# **Exhibit E**

1    KATHRYN KENEALLY
     Assistant Attorney General
2
     ADAM R. SMART
3    Trial Attorney, Tax Division
     U.S. Department of Justice
4    Ben Franklin Station, P.O. Box 683
     Washington, D.C.  20044
5    Telephone: (202) 307-6422
     Facsimile: (202) 307-0054
6    Email: Adam.R.Smart@usdoj.gov
             Western.Taxcivil@usdoj.gov
7    Attorney for the United States of America

8    BENJAMIN B. WAGNER
     United States Attorney
9    Eastern District of California
     Of Counsel
10

11              IN THE UNITED STATES DISTRICT COURT FOR THE

12                  EASTERN DISTRICT OF CALIFORNIA

13   UNITED STATES OF AMERICA,              Civil No. 2:11-cv-01187-JAM-JFM

14                Plaintiff,

15          v.                                      **ORDER OF SALE**

16   KENNETH J. MALINOWSKI; PATRICIA I.
     MALINOWSKI; KENNETH J. MALINOWSKI
17   and PATRICIA I. MALINOWSKI as trustees of
     the BOAZ FOUNDATION; THE POPULAR
18   SOCIETY OF SOVERIGN ECCLESIA aka THE
     POPULAR SOCIETY OF THE SOVEREIGN
19   ECCLESIA, KENNETH J. MALINOWSKI as
     Patriarch; STAN HOKENSON as trustee of
20   TIERRA LAND TRUST, aka TIERRA TRUST;
     GMAC MORTGAGE CORPORATION; STATE
21   OF CALIFORNIA FRANCHISE TAX BOARD;
     CITIBANK SOUTH DAKOTA, N.A.;
22   SACRAMENTO COUNTY
23
24                Defendants.
25

26          This Court entered an Order on September 20, 2012 and final judgment in this action on that same

27   date, finding that the United States has valid federal tax liens for unpaid tax assessments against all

28   property and rights to property belonging to Kenneth and Patricia Malinowski.  The Court hereby

1  ORDERS that the United States' tax liens against Kenneth J. Malinowski and Patricia I. Malinowski for

2  federal income taxes for tax years 1998, 1999, 2000, 2001, 2002 and 2003 attached to the parcel of real

3  property located at 6037 White Cloud Ct., Citrus Heights, CA 95621, which is legally described as

4  follows:

5      Lot 176 as shown on that certain map entitled "Plat of Greenback Wood Unit 2" filed in the
       office of the County Recorder of Sacramento County California, on October 3, 1980 in Book

6      1142 of Maps, at Page 1.

7  (the "Property") and that the tax liens are foreclosed.  The Court further ORDERS that the Property be

8  sold under title 28, United States Code, §§ 2001 and 2002, to satisfy those liens, as follows:

9      1.    The United States Marshal, his/her representative, or an Internal Revenue Service Property

10  Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and

11  2002 to offer for public sale and to sell the Property.  The United States may choose either the United

12  States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any

13  sale as set forth in this Order:

14      2.    The Marshal, his or her representative, or a PALS representative is authorized to have free

15  access to the Property and to take all actions necessary to preserve the Property, including, but not limited

16  to, retaining a locksmith or other person to change or install locks or other security devices on any part of

17  the property, until the deed to the Property is delivered to the ultimate purchaser.

18      3.    The terms and conditions of the sale are as follows:

19          a.    the sale of the Property shall be by public auction to the highest bidder, free and

20  clear of all liens and interests of the United States, Kenneth J. Malinowski; Patricia I. Malinowski;

21  Kenneth J. Malinowski and Patricia I. Malinowski as Trustees of the Boaz Foundation; the Popular

22  Society of Soverign Ecclesia aka the Popular Society of the Sovereign Ecclesia, Kenneth J. Malinowski

23  as Patriarch; Stan Hokenson as Trustee of Tierra Land Trust, Aka Tierra Trust; GMAC Mortgage LLC;

24  State of California Franchise Tax Board; Citibank South Dakota, N.A.; and Sacramento County;

25

26

27

28

Order of Sale                                    - 2 -                          Civil No. 2:11 cv 01187 JAM JFM

1          b.      the sale shall be subject to building lines, if established, all laws, ordinances, and

2  governmental regulations (including building and zoning ordinances) affecting the Property, and

3  easements and restrictions of record, if any;

4          c.      the sale shall be held at the courthouse of the county or city in which the Property

5  is located, on the Property's premises, or at any other place in accordance with the provisions of 28

6  U.S.C. §§ 2001 and 2002;

7          d.      the date and time for sale are to be announced by the United States Marshal,

8  his/her representative, or a PALS;

9          e.      notice of the sale shall be published once a week for at least four consecutive

10  weeks before the sale in at least one newspaper regularly issued and of general circulation in Sacramento

11  County, and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice

12  deemed appropriate.  The notice shall contain a description of the Property and shall contain the terms

13  and conditions of sale in this order of sale;

14          f.      the minimum bid will be set by the Internal Revenue Service for the Property.  If

15  the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without

16  further permission of this Court, and under the terms and conditions in this order of sale, hold a new

17  public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

18          g.      the successful bidder(s) for the Property shall be required to deposit at the time of

19  the same with the Marshal, his/her representative, or a PALS a minimum of twenty (20) percent of the

20  bid, with the deposit to be made by certified or cashier's check or cash payable to the United States

21  District Court for the Eastern District of California.  Before being permitted to bid at the sale, bidders

22  shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this

23  requirement.  No bids will be received from any person(s) who have not presented proof that, if they are

24  the successful bidders(s), they can make the deposit required by this order of sale;

25          h.      the successful bidder(s) for the Property shall pay the balance of the purchase price

26  for the Property to the Clerk of this Court within thirty (30) days after the date the bid is accepted, by a

27  certified or cashier's check payable to the United States District Court for the Eastern District of

28  California.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied

1  to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any

2  amount remaining to be applied to the tax liabilities of Kenneth and Patricia Malinowski at issue herein.

3  The Property shall be again offered for sale under the terms and conditions of this order of sale.  The

4  United States may bid as a credit against its lien without tender of cash;

5          i.      the sale of the Property shall be subject to confirmation by this Court.  The

6  Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of

7  confirmation of sale, within forty-five (45) days from the date of receipt of the balance of the purchase

8  price;

9          j.      on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed

10  of judicial sale conveying the Property to the purchaser;

11          k.      on confirmation of the sale, all interests in, liens against, or claims to, the Property

12  that are held or asserted by all parties to this action are discharged and extinguished;

13          l.      on confirmation of the sale, the recorder of deeds, Sacramento County, California,

14  shall cause transfer of the Property to be reflected upon that county's register of title.  The successful

15  bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's

16  registry fees as provided by law; and

17          m.      the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of

18  redemption.

19      4.      Until the Property is sold, Kenneth and Patricia Malinowski shall take all reasonable steps

20  necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on

21  the property) in its current condition including, without limitation, maintaining a fire and casualty

22  insurance policy.  They shall neither commit waste against the Property nor cause or permit anyone else

23  to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor

24  cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take

25  any other action (such as running newspaper advertisements or posting signs) that may directly or

26  indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage

27  potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do

28  so.

5.    All persons occupying the Property shall leave and vacate the Property permanently within thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to leave and vacate the Property by the time specified in this Order, the United States Marshal's Office, alone, is authorized to take whatever action it deems appropriate to remove such person from the premises, including the use of reasonable force, whether or not the sale of such Property is being conducted by a PALS.  Unauthorized persons who re-enter the Property during the time this Order is in effect may be ejected by the United States Marshal or local law enforcement without further order of the Court.

6.    If any person fails or refuses to remove his or her personal property from the Property by the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Office and/or PALS is authorized to remove it and to dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

7.    The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far as they shall be sufficient, first to the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States) for the costs of the sale, then to the following items in the order specified below as per the Stipulations (Dkt. 49 & 64) and the February 21, 2012 and August 6, 2012 Orders of this Court (Dkt. 50 & 65):

| Rank | Lien Holder | Type | Lien Date/Date of Recording |
|---|---|---|---|
| 1 | Sacramento County | Property Tax Lien | N/A |
| 2 | GMAC Mortgage | Deed of Trust | 12/6/1995 |
| 3 | FTB (1998 TY) | NSTL | 9/12/2001 (3/27/2002) |
| 4 | FTB (1999 TY) | NSTL | 1/04/2002 (3/27/2002) |
| 5 | FTB (2000 TY) | NSTL | 10/27/2002 (3/7/2012) |
| 6 | FTB (2001 TY) | NSTL | 7/24/2004 (5/27/2010) |
| 7 | FTB (1998 TY) | NSTL | 2/19/2006 (5/27/2010) |
| 8 | FTB (1999 TY) | NSTL | 2/19/2006 (5/27/2010) |

| 9  | FTB (2000 TY) | NSTL | 2/19/2006 (5/27/2010) |
| 10 | FTB (2001 TY) | NSTL | 2/19/2006 (5/27/2010) |
| 11 | IRS (1998 TY) | NFTL | 4/10/2006 (6/20/2007) |
| 12 | FTB (2004 TY) | NSTL | 3/24/2007 (3/7/2012) |
| 13 | FTB (2003 TY) | NSTL | 3/24/2007 (3/7/2012) |
| 14 | IRS (1998 TY) | NFTL | 4/02/2007 (2/5/2009) |
| 15 | IRS (1999 TY) | NFTL | 4/02/2007 (10/20/2008) |
| 16 | IRS (2000 TY) | NFTL | 4/02/2007 (10/20/2008) |
| 17 | IRS (2001 TY) | NFTL | 4/02/2007 (2/5/2009) |
| 18 | IRS (2002 TY) | NFTL | 4/02/2007 (2/5/2009) |
| 19 | IRS (2003 TY) | NFTL | 4/02/2007 (2/5/2009) |
| 20 | IRS (1999 TY) | NFTL | 6/4/2007 (6/20/2007) |
| 21 | IRS (2000 TY) | NFTL | 6/4/2007 (6/20/2007) |
| 22 | IRS (2001 TY) | NFTL | 6/4/2007 (6/20/2007) |
| 23 | IRS (2002 TY) | NFTL | 6/4/2007 (6/20/2007) |
| 24 | IRS (2004 TY) | NFTL | 8/11/2008 (2/5/2009) |
| 25 | IRS (2003 TY) | NFTL | 2/23/2009 (4/13/2009) |
| 26 | FTB (2003 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 27 | FTB (1998 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 28 | FTB (2999 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 29 | FTB (2000 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 30 | FTB (2001 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 31 | FTB (2002 TY) | NSTL | 6/8/2009 (3/7/2012) |
| 32 | FTB (2007 TY) | NSTL | 7/3/2009 (3/7/2012) |
| 33 | FTB (2000 TY) | NSTL | 7/6/2009 (5/27/2010) |
| 34 | FTB (1998 TY) | NSTL | 7/6/2009 (5/27/2010) |
| 35 | FTB (1999 TY) | NSTL | 7/6/2009 (5/27/2010) |
| 36 | FTB (2001 TY) | NSTL | 7/6/2009 (5/27/2010) |
| 37 | FTB (2002 TY) | NSTL | 7/6/2009 (3/7/2012) |
| 38 | FTB (2008 TY) | NSTL | 8/20/2010 (3/7/2012) |
| 39 | FTB (2009 TY) | NSTL | 12/9/2011 (3/7/2012) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Finally, any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

IT IS SO ORDERED:

DATED:   10/19/2012

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
JUDGE OF THE UNITED STATES DISTRICT COURT

# **Exhibit F**

From: Kenneth-john: [malinowski] Beneficiary of the Trust and agents for the
KENNETH J MALINOWSKI a, trust entity
c/o Jacquie A Figg
315 W. LaCadena Dr,
Riverside, California

**FILED**

**NOV -1 2012**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

To Respondents:

Victoria Minor, Clerk,
UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA
Room 4-200
501 I Street
Sacramento, CA 95814                                    **FILE ON DEMAND**

Adam Ryan Smart
P.O. Box 683 Ben Franklin Station
Washington, D.C. 20044

John F. Mould, and John A. Mendez  and any other
Judges at this court who might be involved
c/o 501 I Street
Sacramento, CA 95814

For the Record: Reference: Case Number: Civil No. 2:11-cv-01187-JAM-JFM, UNITED STATES
DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, Document No. 88 ORDER OF
JUDICIAL SALE

**NOTICE OF VOID ORDER**

I, Kenneth - john: [malinowski], a man, speaking for myself, beneficiary of the Trust, hereinafter I,
me, my or mine, am competent to handle my own commercial affairs. I am, however, not trained
in the law or the procedures of law nor have I been able, as of this date, to retain competent
assistance of counsel who is not an officer of the court and as such does not have a conflict of
interest to advise me in this matter. Since I am not a bar approved attorney and can not move the
court, I can not recognize or conform to your rules as they do not apply to me. As a Foreign
Sovereign, foreign to your venue and jurisdiction, of necessity I can only give NOTICE. **My
NOTICE is just like any other NOTICE in commerce—a due process offer you can not
honorably refuse except for cause conforming to the Uniform Commercial Code or
California Commercial Code.  Please note that your private administrative court policies or
rules do not qualify as just cause to refuse this NOTICE without dishonor. Refusal equals
evidence of dishonor.** The Court is NOT exempt from the commercial law.
The Order to Vacate the Premises was obtained under duress on or around October 24th , 2012
without due process. Due process is "notice and opportunity to be heard". The court clearly
indicated that it did not hear me and did not take into consideration the documents I have placed
onto the court record to date.

All parties are duly NOTICED-October 29, 2012- As I say it, so it is done.

By: /Kennth Malinowl :/, beneficiary
**NOTICE OF VOID ORDER**
Page 1 of 2

12-12020-mg   Doc 4320-4   Filed 07/23/13   Entered 07/23/13 12:45:25   Exhibit 3 -
Delehey Declaration   Pg 83 of 100
Case 2:11-cv-01187-JAM-JFM   Document 33   Filed 11/01/12   Page 2 of 19
Kenneth - john: [malinowski], a man E.S.

PROOF OF SERVICE

I, the undersigned, hereby certify and affirm that I mailed the following document copies regarding Civil
No. 2:11-CV-01187 JAM-JFM:

1.    One original **NOTICE OF VOID ORDER** with original signature of kenneth - john:
      [malinowski], a man, dated October 29, 2012.
2.    W-8 CERTIFICATE OF FOREIGN STATUS
3.    Letter from IRS confirming W-8 Status
4.    Affidavit of Tax Exempt Foreign Status
5.    Form 56 revoking JUDGE JOHN A MENDEZ as Fiduciary
6.    Form 56 F appointing Victoria Minor as Fiduciary

by causing the above document to be sent by USPS First Class Mail and recorded in FIRM MAILING
BOOK, addressed to the following persons or entity:

Adam Ryan Smart
c/o Department of Justice
501 I Street, suite 10-100
Sacramento, California 95814

Kathryn Keneally
Assistant Attorney General
U.S. Department of Justice
Ben Franklin Station, P.O. BOX 683
Washington D.C. 20044

Dated: October 29, 2012 Affirmed by:

Jacquie Figg
c/o 315 W. La Cadena Dr.
Riverside, California 92501

cc: by First Class Mail:

1  KATHRYN KENEALLY
   Assistant Attorney General
2
   ADAM R. SMART
3  Trial Attorney, Tax Division
   U.S. Department of Justice
4  Ben Franklin Station, P.O. Box 683
   Washington, D.C.  20044
5  Telephone: (202) 307-6422
   Facsimile: (202) 307-0054
6  Email: Adam.R.Smart@usdoj.gov
           Western.Taxcivil@usdoj.gov
7  Attorney for the United States of America

8  BENJAMIN B. WAGNER
   United States Attorney
9  Eastern District of California
   Of Counsel
10

11              IN THE UNITED STATES DISTRICT COURT FOR THE

12                    EASTERN DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,              Civil No. 2:11-cv-01187-JAM-JFM

14                Plaintiff,

15        v.                               **ORDER OF SALE**

16  KENNETH J. MALINOWSKI; PATRICIA I.
17  MALINOWSKI; KENNETH J. MALINOWSKI
    and PATRICIA I. MALINOWSKI as trustees of
18  the BOAZ FOUNDATION; THE POPULAR
    SOCIETY OF SOVERIGN ECCLESIA aka THE
19  POPULAR SOCIETY OF THE SOVEREIGN
    ECCLESIA, KENNETH J. MALINOWSKI as
20  Patriarch; STAN HOKENSON as trustee of
21  TIERRA LAND TRUST, aka TIERRA TRUST;
    GMAC MORTGAGE CORPORATION; STATE
22  OF CALIFORNIA FRANCHISE TAX BOARD;
    CITIBANK SOUTH DAKOTA, N.A.;
23  SACRAMENTO COUNTY

24                Defendants.

25

26        This Court entered an Order on September 20, 2012 and final judgment in this action on that same

27  date, finding that the United States has valid federal tax liens for unpaid tax assessments against all

28  property and rights to property belonging to Kenneth and Patricia Malinowski.  The Court hereby

ORDERS that the United States' tax liens against Kenneth J. Malinowski and Patricia I. Malinowski for

federal income taxes for tax years 1998, 1999, 2000, 2001, 2002 and 2003 attached to the parcel of real

property located at 6037 White Cloud Ct., Citrus Heights, CA 95621, which is legally described as

follows:

> Lot 176 as shown on that certain map entitled "Plat of Greenback Wood Unit 2" filed in the office of the County Recorder of Sacramento County California, on October 3, 1980 in Book 1142 of Maps, at Page 1.

(the "Property") and that the tax liens are foreclosed. The Court further ORDERS that the Property be

sold under title 28, United States Code, §§ 2001 and 2002, to satisfy those liens, as follows:

1.    The United States Marshal, his/her representative, or an Internal Revenue Service Property

Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and

2002 to offer for public sale and to sell the Property. The United States may choose either the United

States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any

sale as set forth in this Order:

2.    The Marshal, his or her representative, or a PALS representative is authorized to have free

access to the Property and to take all actions necessary to preserve the Property, including, but not limited

to, retaining a locksmith or other person to change or install locks or other security devices on any part of

the property, until the deed to the Property is delivered to the ultimate purchaser.

3.    The terms and conditions of the sale are as follows:

a.    the sale of the Property shall be by public auction to the highest bidder, free and

clear of all liens and interests of the United States, Kenneth J. Malinowski; Patricia I. Malinowski;

Kenneth J. Malinowski and Patricia I. Malinowski as Trustees of the Boaz Foundation; the Popular

Society of Soverign Ecclesia aka the Popular Society of the Sovereign Ecclesia, Kenneth J. Malinowski

as Patriarch; Stan Hokenson as Trustee of Tierra Land Trust, Aka Tierra Trust; GMAC Mortgage LLC;

State of California Franchise Tax Board; Citibank South Dakota, N.A.; and Sacramento County;

      b.     the sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

      c.     the sale shall be held at the courthouse of the county or city in which the Property is located, on the Property's premises, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

      d.     the date and time for sale are to be announced by the United States Marshal, his/her representative, or a PALS;

      e.     notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Sacramento County, and, at the discretion of the Marshal, his/her representative, or a PALS, by any other notice deemed appropriate.  The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

      f.     the minimum bid will be set by the Internal Revenue Service for the Property.  If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid or sell to the highest bidder;

      g.     the successful bidder(s) for the Property shall be required to deposit at the time of the same with the Marshal, his/her representative, or a PALS a minimum of twenty (20) percent of the bid, with the deposit to be made by certified or cashier's check or cash payable to the United States District Court for the Eastern District of California.  Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS proof that they are able to comply with this requirement.  No bids will be received from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

      h.     the successful bidder(s) for the Property shall pay the balance of the purchase price for the Property to the Clerk of this Court within thirty (30) days after the date the bid is accepted, by a certified or cashier's check payable to the United States District Court for the Eastern District of California.  If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied

1    to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any

2    amount remaining to be applied to the tax liabilities of Kenneth and Patricia Malinowski at issue herein.

3    The Property shall be again offered for sale under the terms and conditions of this order of sale.  The

4    United States may bid as a credit against its lien without tender of cash;

5              i.      the sale of the Property shall be subject to confirmation by this Court.  The

6    Marshal or a PALS shall file a report of sale with the Court, together with a proposed order of

7    confirmation of sale, within forty-five (45) days from the date of receipt of the balance of the purchase

8    price;

9              j.      on confirmation of the sale, the Marshal or PALS shall execute and deliver a deed

10   of judicial sale conveying the Property to the purchaser;

11             k.      on confirmation of the sale, all interests in, liens against, or claims to, the Property

12   that are held or asserted by all parties to this action are discharged and extinguished;

13             l.      on confirmation of the sale, the recorder of deeds, Sacramento County, California,

14   shall cause transfer of the Property to be reflected upon that county's register of title.  The successful

15   bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's

16   registry fees as provided by law; and

17             m.      the sale is ordered pursuant to 28 U.S.C. § 2001, and is made without right of

18   redemption.

19         4.     Until the Property is sold, Kenneth and Patricia Malinowski shall take all reasonable steps

20   necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on

21   the property) in its current condition including, without limitation, maintaining a fire and casualty

22   insurance policy.  They shall neither commit waste against the Property nor cause or permit anyone else

23   to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor

24   cause or permit anyone else to do so.  They shall not record any instruments, publish any notice, or take

25   any other action (such as running newspaper advertisements or posting signs) that may directly or

26   indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage

27   potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do

28   so.

1       5.    All persons occupying the Property shall leave and vacate the Property permanently within

2  thirty (30) days of the date of this Order, each taking with them his or her personal property (but leaving

3  all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to

4  leave and vacate the Property by the time specified in this Order, the United States Marshal's Office,

5  alone, is authorized to take whatever action it deems appropriate to remove such person from the

6  premises, including the use of reasonable force, whether or not the sale of such Property is being

7  conducted by a PALS. Unauthorized persons who re-enter the Property during the time this Order is in

8  effect may be ejected by the United States Marshal or local law enforcement without further order of the

9  Court.

10      6.    If any person fails or refuses to remove his or her personal property from the Property by

11  the time specified herein, the personal property remaining on the Property thereafter is deemed forfeited

12  and abandoned, and the United States Marshal's Office and/or PALS is authorized to remove it and to

13  dispose of it in any manner it deems appropriate, including sale, in which case the proceeds of the sale are

14  to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

15      7.    The proceeds arising from sale are to be paid to the Clerk of this Court and applied as far

16  as they shall be sufficient, first to the United States Marshal or the PALS (whichever person conducted

17  the sale as arranged by the United States) for the costs of the sale, then to the following items in the order

18  specified below as per the Stipulations (Dkt. 49 & 64) and the February 21, 2012 and August 6, 2012

19  Orders of this Court (Dkt. 50 & 65):

| Rank | Lien Holder | Type | Lien Date/Date of Recording |
|------|-------------|------|------------------------------|
| 1 | Sacramento County | Property Tax Lien | N/A |
| 2 | GMAC Mortgage | Deed of Trust | 12/6/1995 |
| 3 | FTB (1998 TY) | NSTL | 9/12/2001 (3/27/2002) |
| 4 | FTB (1999 TY) | NSTL | 1/04/2002 (3/27/2002) |
| 5 | FTB (2000 TY) | NSTL | 10/27/2002 (3/7/2012) |
| 6 | FTB (2001 TY) | NSTL | 7/24/2004 (5/27/2010) |
| 7 | FTB (1998 TY) | NSTL | 2/19/2006 (5/27/2010) |
| 8 | FTB (1999 TY) | NSTL | 2/19/2006 (5/27/2010) |

| 9 | FTB (2000 TY) | NSTL | 2/19/2006 (5/27/2010) |
| 10 | FTB (2001 TY) | NSTL | 2/19/2006 (5/27/2010) |
| 11 | IRS (1998 TY) | NFTL | 4/10/2006 (6/20/2007) |
| 12 | FTB (2004 TY) | NSTL | 3/24/2007 (3/7/2012) |
| 13 | FTB (2003 TY) | NSTL | 3/24/2007 (3/7/2012) |
| 14 | IRS (1998 TY) | NFTL | 4/02/2007 (2/5/2009) |
| 15 | IRS (1999 TY) | NFTL | 4/02/2007 (10/20/2008) |
| 16 | IRS (2000 TY) | NFTL | 4/02/2007 (10/20/2008) |
| 17 | IRS (2001 TY) | NFTL | 4/02/2007 (2/5/2009) |
| 18 | IRS (2002 TY) | NFTL | 4/02/2007 (2/5/2009) |
| 19 | IRS (2003 TY) | NFTL | 4/02/2007 (2/5/2009) |
| 20 | IRS (1999 TY) | NFTL | 6/4/2007 (6/20/2007) |
| 21 | IRS (2000 TY) | NFTL | 6/4/2007 (6/20/2007) |
| 22 | IRS (2001 TY) | NFTL | 6/4/2007 (6/20/2007) |
| 23 | IRS (2002 TY) | NFTL | 6/4/2007 (6/20/2007) |
| 24 | IRS (2004 TY) | NFTL | 8/11/2008 (2/5/2009) |
| 25 | IRS (2003 TY) | NFTL | 2/23/2009 (4/13/2009) |
| 26 | FTB (2003 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 27 | FTB (1998 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 28 | FTB (2999 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 29 | FTB (2000 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 30 | FTB (2001 TY) | NSTL | 6/8/2009 (5/27/2010) |
| 31 | FTB (2002 TY) | NSTL | 6/8/2009 (3/7/2012) |
| 32 | FTB (2007 TY) | NSTL | 7/3/2009 (3/7/2012) |
| 33 | FTB (2000 TY) | NSTL | 7/6/2009 (5/27/2010) |
| 34 | FTB (1998 TY) | NSTL | 7/6/2009 (5/27/2010) |
| 35 | FTB (1999 TY) | NSTL | 7/6/2009 (5/27/2010) |
| 36 | FTB (2001 TY) | NSTL | 7/6/2009 (5/27/2010) |
| 37 | FTB (2002 TY) | NSTL | 7/6/2009 (3/7/2012) |
| 38 | FTB (2008 TY) | NSTL | 8/20/2010 (3/7/2012) |
| 39 | FTB (2009 TY) | NSTL | 12/9/2011 (3/7/2012) |

1       Finally, any balance remaining after the above payments shall be held by the Clerk until further

2  order of the Court.

3

4       IT IS SO ORDERED:

5  DATED:  10/19/2012          /s/ John A. Mendez

6                         THE HONORABLE JOHN A. MENDEZ
JUDGE OF THE UNITED STATES DISTRICT COURT

<pre>
 1   KATHRYN KENEALLY
     Assistant Attorney General
 2
     ADAM R. SMART
 3   Trial Attorney, Tax Division
     U.S. Department of Justice
 4   Ben Franklin Station, P.O. Box 683
     Washington, D.C.  20044
 5   Telephone: (202) 307-6422
     Facsimile: (202) 307-0054
 6   Email: Adam.R.Smart@usdoj.gov
             Western.Taxcivil@usdoj.gov
 7   Attorney for the United States of America
 8   BENJAMIN B. WAGNER
     United States Attorney
 9   Eastern District of California
     Of Counsel
10
</pre>

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 2:11-cv-01187-JAM-JFM |
| Plaintiff, | |
| v. | **JUDGMENT** |
| KENNETH J. MALINOWSKI; PATRICIA I. MALINOWSKI; KENNETH J. MALINOWSKI and PATRICIA I. MALINOWSKI as trustees of the BOAZ FOUNDATION; THE POPULAR SOCIETY OF SOVERIGN ECCLESIA aka THE POPULAR SOCIETY OF THE SOVEREIGN ECCLESIA, KENNETH J. MALINOWSKI as Patriarch; STAN HOKENSON as trustee of TIERRA LAND TRUST, aka TIERRA TRUST; GMAC MORTGAGE CORPORATION; STATE OF CALIFORNIA FRANCHISE TAX BOARD; CITIBANK SOUTH DAKOTA, N.A.; SACRAMENTO COUNTY | I herby certify that the annexed instrument is a true and correct copy of the original on file in my office. ATTEST: **VICTORIA C. MINOR** Clerk, U. S. District Court Eastern District of California By _____ Deputy Clerk Dated _____10-22-12_____ |
| Defendants. | |

This action came to be considered before the Court on the United States' motion for summary judgment. The issues have been considered and a decision has been rendered.

1    **IT IS ORDERED AND ADJUDGED** that the United States' Motion for Summary Judgment is

2    granted and **JUDGMENT** is entered in favor of the United States and against Kenneth J. and Patricia I.

3    Malinowski, jointly, in the amount of **$2,273,527.70**,  plus additional interest pursuant to 28 U.S.C.

4    §1961(c)(1) and 26 U.S.C. § 6621, and other statutory additions from August 4, 2012; against Kenneth J.

5    Malinowski individually in the amount of **$256,274.58**, plus additional interest pursuant to 28 U.S.C.

6    §1961(c)(1) and 26 U.S.C. § 6621, and other statutory additions from August 4, 2012; and against

7    Patricia I. Malinowski individually in the amount of **$256,037.46**, plus additional interest pursuant to 28

8    U.S.C. §1961(c)(1) and 26 U.S.C. § 6621, and other statutory additions from August 4, 2012.

9    **IT IS FURTHER ORDERED AND ADJUDGED** that the United States has a valid federal tax

10   liens for the unpaid income tax assessments at issue in this action against all property and rights to

11   property belonging to Kenneth J. Malinowski and Patricia I. Malinowski arising out of the tax periods at

12   issue in this action;

13   **IT IS FURTHER ORDERED AND ADJUDGED** that the United States' tax liens against

14   Kenneth J. Malinowski and Patricia I. Malinowski for federal income taxes for tax years 1998, 1999,

15   2000, 2001, 2002 and 2003 attached to the parcel of real property located at 6037 White Cloud Ct., Citrus

16   Heights, CA 95621 (the "Subject Property"), and legally described as follows:

17              Lot 176 as shown on that certain map entitled "Plat of Greenback
            Wood Unit 2" filed in the office of the County Recorder of Sacramento
18              County California, on October 3, 1980 in Book 1142 of Maps, at Page 1.

19   **IT IS FURTHER ORDERED AND ADJUDGED** that the United States's federal tax liens be

20   foreclosed upon the Subject Property.  Plaintiff shall submit a proposed Order of Sale setting forth the

21   terms and conditions of the sale of the property.

22
         IT IS SO ORDERED:
23
     DATED:    September 19, 2012        /s/ John A. Mendez
24                                        THE HONORABLE JOHN A. MENDEZ
25                                        JUDGE OF THE UNITED STATES DISTRICT COURT

26

27

28
     Judgment                              - 2 -                    Civil No. 2:11-cv-01187-JAM-JFM

Form **W-8**
(Rev. November 1992)
Department of the Treasury
Internal Revenue Service

## Certificate of Foreign Status

| Name of owner (If joint account, also give joint owner's name.) (See **Specific Instructions**.) | U.S. taxpayer identification number (if any) |
|---|---|
| KENNETH JOHN MALINOWKI | |

Please print or type

Permanent address (See **Specific Instructions**.) (Include apt. or suite no.)
5325 ELKHORN BLVD. #187

City, province or state, postal code, and country
CITRUS HEIGHTS, CALIFORNIA near [95842]          **United States**

Current mailing address, if different from permanent address (Include apt. or suite no.. or P.O. box if mail is not delivered to street address.)

City, town or post office, state, and ZIP code (If foreign address, enter city, province or state, postal code, and country.)

| List account information here (Optional, see **Specific Instructions**.) | Account number | Account type Account receivable | Account number RE424012857US | Account type post registered dep-acc |
|---|---|---|---|---|

**Notice of Change in Status.**—To notify the payer, mortgage interest recipient, broker, or barter exchange that you no longer qualify for exemption, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
If you check this box, reporting will begin on the account(s) listed.

**Certification.**—(Check applicable box(es)). Under penalties of perjury, I certify that:

☑ For **INTEREST PAYMENTS**, I am not a U.S. citizen or resident (or I am filing for a foreign corporation, partnership, estate, or trust).

**Please Sign Here**

☑ For **DIVIDENDS**, I am not a U.S. citizen or resident (or I am filing for a foreign corporation, partnership, estate, or trust).

☑ For **BROKER TRANSACTIONS** or **BARTER EXCHANGES**, I am an exempt foreign person as defined in the instructions below.

▶ Signature *Kennath Malinowi*    $10-20-12$
PER UCC 1-103,1-105,1-308,3-419 NUNC PRO TUNC FROM 1992 -2012

## General Instructions

*(Section references are to the Internal Revenue Code unless otherwise noted.)*

### Purpose

Use Form W-8 or a substitute form containing a substantially similar statement to tell the payer, mortgage interest recipient, middleman, broker, or barter exchange that you are a nonresident alien individual, foreign entity, or exempt foreign person not subject to certain U.S. information return reporting or backup withholding rules.

**Caution:** *Form W-8 does not exempt the payee from the 30% (or lower treaty) nonresident withholding rates.*

### Nonresident Alien Individual

For income tax purposes, "nonresident alien individual" means an individual who is neither a U.S. citizen nor resident. Generally, an alien is considered to be a U.S. resident if:

● The individual was a lawful permanent resident of the United States at any time during the calendar year, that is, the alien held an immigrant visa (a "green card"), or

● The individual was physically present in the United States on:

(1) at least 31 days during the calendar year, and

(2) 183 days or more during the current year and the 2 preceding calendar years (counting all the days of physical presence in the current year, one-third the number of days of presence in the first preceding year, and only one-sixth of the number of days in the second preceding year).

See **Pub. 519**, U.S. Tax Guide for Aliens, for more information on resident and nonresident alien status.

**Note:** *If you are a nonresident alien individual married to a U.S. citizen or resident and have made an election under section 6013(g) or (h), you are treated as a U.S. resident and may not use Form W-8.*

### Exempt Foreign Person

For purposes of this form, you are an "exempt foreign person" for a calendar year in which:

**1.** You are a nonresident alien individual or a foreign corporation, partnership, estate, or trust,

**2.** You are an individual who has not been, and plans not to be, present in the United States for a total of 183 days or more during the calendar year, and

**3.** You are neither engaged, nor plan to be engaged during the year, in a U.S. trade or business that has effectively connected gains from transactions with a broker or barter exchange.

If you do not meet the requirements of **2** or **3** above, you may instead certify on **Form 1001**, Ownership, Exemption, or Reduced Rate Certificate, that your country has a tax treaty with the United States that exempts your transactions from U.S. tax.

### Filing Instructions

**When To File.**—File Form W-8 or substitute form before a payment is made. Otherwise, the payer may have to withhold and send part of the payment to the Internal Revenue Service (see **Backup Withholding** below). This certificate

generally remains in effect for three calendar years. However, the payer may require you to file a new certificate each time a payment is made to you.

**Where To File.**—File this form with the payer of the qualifying income who is the withholding agent (see **Withholding Agent** on page 2). Keep a copy for your own records.

### Backup Withholding

A U.S. taxpayer identification number or Form W-8 or substitute form must be given to the payers of certain income. If a taxpayer identification number or Form W-8 or substitute form is not provided or the wrong taxpayer identification number is provided, these payers may have to withhold 20% of each payment or transaction. This is called backup withholding.

**Note:** *On January 1, 1993, the backup withholding rate increases from 20% to 31%.*

Reportable payments subject to backup withholding rules are:

● Interest payments under section 6049(a).

● Dividend payments under sections 6042(a) and 6044.

● Other payments (i.e., royalties and payments from brokers and barter exchanges) under sections 6041, 6041A(a), 6045, 6050A, and 6050N.

If backup withholding occurs, an exempt foreign person who is a nonresident alien individual may get a refund by filing **Form 1040NR**, U.S. Nonresident Alien Income Tax Return, with the Internal Revenue

*(Continued on back.)*

Cat. No. 10230M          Form **W-8** (Rev. 11-92)

# AFFIDAVIT OF TAX-EXEMPT FOREIGN STATUS

For the purposes of this Affidavit, the terms "United States" and "U.S." *mean only the Federal Legislative Democracy of the District of Columbia*, Puerto Rico, U.S. Virgin Islands, Guam, American Samoa, and any other Territory within the "United States," which entity has its origin and jurisdiction from Article 1, Section 8, Clause 17-18 and Article IV, Section 3, Clause 2 of the Constitution for the United States of America. *The terms "United States" and "U.S." are NOT to be construed to mean or include the sovereign, united 50 states of America.*

KNOW ALL MEN BY THESE PRESENT, that I, Kenneth John Malinowski Propia Persona, proceeding sui juris, man upon the land, a follower of the Almighty Supreme Creator, first and foremost and the laws of man when they are not in conflict (Leviticus 18:3, 4) Pursuant to Matthew 5:33 – 37 and James 5:12, let my yea be yea and my nay be nay, as supported by Federal Public Law 97-280, 96 Stat.1211 BEING DULY SWORN, depose and says:

1.  Neither born nor naturalized in the "United States" nor "subject to its jurisdiction," I am NOT and never have been, as described in 26 CFR 1.1-1(c) and the 14th Amendment, a "U.S. citizen." Therefore I AM an "alien" with respect to the "United States."

2.  I am NOT and never have been, as described in 26 USC 865(g)(1)(A), a "resident of the U.S."

3.  I have NEVER made, with ANY "knowingly intelligent acts" (Brady v. U.S., 397 U.S. 742, 748), ANY voluntary election under 26 USC 6013 or 26 CFR 1.871-4 to be treated as a "U.S. resident alien" for any purpose. Further, I have utterly NO intention of making such election in the future.

4.  I AM, as described in 26 USC 865(g)(1)(B), a "nonresident alien" of the "United States."

5.  I am NOT and never have been, as described in 26 USC 7701(a)(30), a "U.S. person."

6.  I am NOT and never have been, as described in 26 USC 7701(a)(14), a "taxpayer."

7.  I do NOT have and never had, as described in 26 USC 911(d)(3), a "tax home within the U.S."

8.  I AM therefore, as described in 26 CFR 1.871-2 and 26 USC 7701(b), a "nonresident alien" with respect to the "United States" and am outside the general venue and jurisdiction of the "U.S."

9.  I am NOT and never have been, as described in 26 USC 3401, an "officer," or an

"employee," or an "elected official" (of the "United States," or of a "State" or of
any political subdivision thereof, nor of the District of Columbia, nor of a
"domestic" corporation) earning "wages" from an "employer."

10.    I am NOT and never have been, as described in 31 USC 3713, a "fiduciary," or, as
described in 26 USC 6901, a "transferee" or a "transferee of a transferee."

11.    I am NOT and never have been, as described in 26 USC Subtitle B, a "donor" or a
"contributor," and as a "nonresident alien" excluded under 26 USC 2501(a)(2), I
am EXEMPT from any gift tax under 26 USC Subtitle B.

12.    As a "nonresident alien" NOT engaged in or effectively connected with any "trade
or business within the United States" I am NOT REQUIRED by law to obtain a
"U.S." Taxpayer Identification Number or a Social Security Number because of
my exemption under 26 CFR 301.6109-1(g). Further, I am NOT REQUIRED by
law to make, as described in 26 CFR 1.6015(a)-1, a "declaration" because I am
exempt under 26 CFR 1.6015(i)-1 and fundamental law.

13.    As a "nonresident alien," I have NO "self-employment income," as described in
26 CFR 1.1402(9b)-3(d).

14.    As a "nonresident alien," I derived NO "gross income... from sources within the
United States," --either "effectively connected" or "not effectively connected with
the conduct of a trade or business in the United States," as described in 26 USC
872(a).

15.    As a "nonresident alien," my private-sector remuneration is "from sources without
the United States" as described in 26 CFR 1.1441-3(a), does NOT constitute 26
USC 3401 "wages," and is therefore NOT "subject to" mandatory withholding
under 26 USC 3402(a), 3101(a), or 26 CFR 1.1441-1, because of its
EXEMPTION under 26 USC 3401(a)(6) and fundamental law.

16.    As a "nonresident alien," I did NEVER intentionally make, with ANY
"knowingly intelligent acts," ANY voluntary withholding "agreement" as
described in 26 USC 3402(p).

17.    As a "nonresident alien," my income is NOT included in "gross income" under
Subtitle A and is EXEMPT from withholding according to 26 CFR 1.441-3(a) and
26 CFR 31.3401(a)(6)-1(b).

18.    As a "nonresident alien," with NO income "from sources within the United
States," my private-sector, non-"U.S." income is FREE from all federal tax under
fundamental law (see Treasury Decisions 3146 and 3640, and United States v.
Morris, 125 F.Rept. 322, 331).

19.    As a "nonresident alien," my estate and/or trust is, as described in 26 USC

7701(a)(31), a TAX-EXEMPT "foreign estate or trust."

20.    As a "natural born Citizen" (see 11:1:5 of the Constitution), free Sovereign,
American Citizen and "nonresident alien" with respect to the federal "United
State," I did NEVER voluntarily, intentionally waive, with ANY "knowingly
intelligent acts" ANY of my unalienable rights, and have utterly NO intention of
doing so in the future. Any prima facie evidence or presumption to the contrary is
hereby rebutted. Any past signatures on DEPARTMENT OF THE UNITED
STATES TREASURY, INTERNAL REVENUE SERVICE (IRS) and SOCIAL
SECURITY ADMINISTRATION (SSA) forms, statements, etc., were in error
and involuntarily made under threat, duress, and coercion. I hereby revoke, cancel
and render void, Nunc Pro Tunc, both currently and retroactively to the time of
signing, any and all such signatures. I reserve my Common Law right NOT to be
compelled to perform under any agreement that I have not entered into
knowingly, voluntarily, and intentionally. I **DO NOT** accept the liability of the
"compelled benefit" of any unrevealed adhesion contract, commercial security
agreements, or bankruptcy.

21.    I am NOT a 26 USC 7203 "person required." I am a "nontaxpayer" outside both
general and tangential venue and jurisdiction of Title 26, United States Code.


I am not an expert in the law however I do know right from wrong. If there is any human
being damaged by any statements herein, if he will inform me by facts I will sincerely
make every effort to amend my ways. I, hereby and herein reserve the right to amend and
make amendment to this document as necessary in order that the truth may be ascertained
and proceedings justly determined. If the parties given notice by means of this document
have information that would controvert and overcome this Affidavit, please advise me in
WRITTEN AFFIDAVIT FORM within fifteen (30) days from receipt hereof proving me
with your counter affidavit, proving with particularity by stating all requisite actual law,
that this Affidavit Statement is substantially and materially false sufficiently to change
materially my status and factual declarations. Your silence stands as consent to, and tacit
approval of, the factual declarations herein being established as fact as a matter of law.
Reserving ALL Natural God – Given Unalienable Birthrights, Waiving None Ever under
28 USC §1746 rights and without prejudice to ANY of those rights (U.C.C. 1-207).


I declare under penalty of perjury under the law of the United Sates of America that the
foregoing is true and correct Pursuant 28 USC § 1746 and executed "without the United
States"


**FURTHER THIS AFFIANT SAITH NOT.**


Subscribed, sealed, and affirmed to this day, _4_, month, _September_, and year
of _2012_, I hereby affix my own signature and seal to all of the above affirmations

Subscribed, sealed, and affirmed to this day, _4_ , month, _September_ , and year
of _2012_ , I hereby affix my own signature and seal to all of the above affirmations
with explicit reservation of ALL my unalienable rights and without prejudice to ANY of
those rights Pursuant to U.C.C § 1-103, 1-105, 1-207,1-308,3-419.

By: _Kenneth John Malinowski_ .

Secured Party / Executor / Administrator / Trustee


Acknowledgment


State of California          )
                            ) SS
County of Sacramento         )


On _Sept 4, 2012_ before me, _Allana Jones_ notary public personally
appeared Kenneth Malinowski who proved to me on the basis of satisfactory evidence
to be the person whose name is subscribed to the within instrument and acknowledged
to me that he executed the same in his authorized capacity, and that by his signature
on the instrument the person, or the entity upon behalf of which the person acted,
executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

ALLANA ANN JONES
Commission # 1962742
Notary Public - California
Sacramento County
My Comm. Expires Jun 22, 2016

WITNESS my hand and official seal.

Signature _Allana Jones_                                   Notary Public

Form **56**
(Rev. December 2007)
Department of the Treasury
Internal Revenue Service

# Notice Concerning Fiduciary Relationship

(Internal Revenue Code sections 6036 and 6903)

OMB No. 1545-0013

**Part I**    **Identification**

| Name of person for whom you are acting (as shown on the tax return) | Identifying number |
|---|---|
| **KENNETH JOHN MALINOWSKI CORP.** | **46-1165560** |

Address of person for whom you are acting (number, street, and room or suite no.)
**C/O PO BOX 483**

City or town, state, and ZIP code (If a foreign address, see instructions.)
**CITRUS HEIGHTS, CALIFORNIA [95611]**

Fiduciary's name
**Kenneth John Malnowski Trustee**

Address of fiduciary (number, street, and room or suite no.)
**C/O 5325 Elkhorn Blvd. #1187**

City or town, state, and ZIP code
**Sacramento, California 95842**

*INTERNAL REVENUE SERVICE*
*W & I - FIELD ASSISTANCE*
*SACRAMENTO, CA 95821*

Telephone number (optional)
( **916** ) **878-9291**

**Part II**    **Authority**

*OCT 2 2 2012*

1    Authority for fiduciary relationship. Check applicable box:
*RECEIVED - COPY VERY ONLY*
*ACCEPTANCE FOR VALUE RETURN*
*THIS IS NOT AN OFFICIAL RECEIPT*

a(1) ☑ Will and codicils or court order appointing fiduciary . . . . . . .    (2) Date of death  **N/A Devine Estate**
b(1) ☐ Court order appointing fiduciary . . . . . . . . . . . . . .    (2) Date (see instructions) . . . . . . . . . . . . . . . . .
c    ☑ Valid trust instrument and amendments
d    ☑ Other. Describe ▶ **Private Will established for devine estate all property is exempt from levy and seizures**

**Part III**    **Nature of Liability and Tax Notices**

2    Type of tax (estate, gift, generation-skipping transfer, income, excise, etc.) ▶ **All tax matters for discharge and settlement**
3    Federal tax form number (706, 1040, 1041, 1120, etc.) ▶ **1040V, 1099A, 1099C, 1099OID, 1041,10966 for 10/15/2012**
4    Year(s) or period(s) (if estate tax, date of death) ▶ **10/15/2012**
5    If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for **all** items
    described on lines 2, 3, and 4, check here . . . . . . . . . . . . . . . . . . . . . . . . ▶    ☐
6    If the fiduciary listed in Part I is the person to whom notices and other written communications should be sent for **some** (but not all)
    of the items described on lines 2, 3, and 4, check here ▶    ☑ and list the applicable federal tax form number and the year(s) or
    period(s) applicable **In accordance with public law 7310, 48 stat 48, pgs 1-112, in accordance with the power of appoint**
    **act of 1951, 26 USC 23 & 6331, Mandatory rule of procedure 13.**

**Part IV**    **Revocation or Termination of Notice**

Section A—Total Revocation or Termination

7    Check this box if you are revoking or terminating all prior notices concerning fiduciary relationships on file with the Internal
    Revenue Service for the same tax matters and years or periods covered by this notice concerning fiduciary relationship  .  ▶    ☑
    Reason for termination of fiduciary relationship. Check applicable box:
a    ☐ Court order revoking fiduciary authority
b    ☐ Certificate of dissolution or termination of a business entity
c    ☑ Other. Describe ▶ **DEBTOR/BIC is insolvant, breach of fiduciary duty by failure to follow the will of the decedant**

Section B—Partial Revocation

8a    Check this box if you are revoking earlier notices concerning fiduciary relationships on file with the Internal Revenue Service for
    the same tax matters and years or periods covered by this notice concerning fiduciary relationship  .  .  .  .  .  .  .  ▶    ☑
b    Specify to whom granted, date, and address, including ZIP code.
    ▶ **John A Mendez DBA JUDGE JOHN A MENDEZ as appointed and accepted on record in the court of record for case**
    **2:11-cv-01187, revocation for breach of fidicuary duty**

Section C—Substitute Fiduciary

9    Check this box if a new fiduciary or fiduciaries have been or will be substituted for the revoking or terminating fiduciary and
    specify the name(s) and address(es), including ZIP code(s), of the new fiduciary(ies) .  .  .  .  .  .  .  .  .  ▶    ☑
    ▶ **Kenneth John Malinowski, a living soul and general executor of divine estatem, secured interest holder and attorney**

For Paperwork Reduction Act and Privacy Act Notice, see back page.        Cat. No. 16375I        Form **56** (Rev. 12-2007)

Form 56 (Rev. 12-2007)                                                                                              Page **2**

| **Part V** | **Court and Administrative Proceedings** |
|---|---|

| Name of court (if other than a court proceeding, identify the type of proceeding and name of agency)<br>**UNITED STATES DISTRICT COURT** | | | Date proceeding initiated<br>**May 1st, 2011** | | |
|---|---|---|---|---|---|
| Address of court<br>**501 i Street** | | | Docket number of proceeding<br>2-11-cv-01187 | | |
| City or town, state, and ZIP code<br>**Sacramento, California 95814** | Date<br>10/18/12 | | Time | a.m.<br>p.m. | Place of other proceedings |

| **Part VI** | **Signature** |
|---|---|

I certify that I have the authority to execute this notice concerning fiduciary relationship on behalf of the taxpayer.

**Please
Sign
Here**

▶ ___By Kennth Molinowo___    ___Anthony Rezed___    ___10-20-12___
   Fiduciary's signature            Title, if applicable              Date

Form **56** (Rev. 12-2007)

| Form **56-F** | **Notice Concerning Fiduciary Relationship** | OMB No. 1545-2159 |
|---|---|---|
| (Rev. December 2009) | **of Financial Institution** | For IRS Use Only |
| Department of the Treasury Internal Revenue Service | (Internal Revenue Code sections 6036, 6402, and 6903) | |

**Part I    Identification**

| | | |
|---|---|---|
| 1 | Name of person for whom you are acting (as shown on the tax return) **KENNETH JOHN MALINOWSKI CORP.** | 2 |
| 3 | Address of financial institution (number, street, and room or suite no.) **C/O PO BOX 483** | |

| 4 | City, state, and ZIP code **CITRUS HEIGHTS, CALIFORNIA [95611]** | 5 Telephone no. ( 916 )    878-9291 |
|---|---|---|

6    Check the applicable box for the type of financial institution:    ☑ Bank    ☐ Thrift
7    Check here ▶ ☐ if the financial institution is insolvent.
8    Enter the ending date of the financial institution's tax year (mo., day, yr.).    .    .    .    .    .    . ▶ **DECEMBER**

| 9 | Fiduciary's name **VICTORIA MINOR** | 10 Contact person |
|---|---|---|

| 11 | Address of fiduciary (number, street, and room or suite no.) **501 I STREET** | |
|---|---|---|

*INTERNAL REVENUE SERVICE W & I - FIELD ASSISTANCE SACRAMENTO, CA 95821*

| 12 | City or town, state, and ZIP code **SACRAMENTO, CALIFORNIA 95814** | 13 Telephone no. ( ) |
|---|---|---|

14    Check the applicable box if the fiduciary is a:
     ☐ Receiver    ☐ Conservator

*OCT 2 2 2012*

15    Check this box ▶☐ if the financial institution is a member of a group filing a consolidated return and complete lines 16 to 21 below: Lines 16 through 21 are to be completed only if there is a member of the group filing a consolidated return.

*PROOF OF DELIVERY ONLY THIS IS NOT AN OFFICIAL RECEIPT 53506*

| 16 | Name of person for whom you are acting (as shown on the tax return) | 17 Employer identification number |
|---|---|---|

18    Address of the common parent (number, street, and room or suite no.)

19    City, state, and ZIP code

20    Check here ▶ ☐ if a copy of this form has been sent to the common parent of the group.
21    Enter the tax year(s) that the financial institution is or was a member of the consolidated group ▶

**Part II    Authority**

22    Evidence of fiduciary authority. Check applicable box(es), and attach copy of applicable orders:
 a  ☐ Appointment of conservator          b  ☐ Replacement of conservator
 c  ☐ Appointment of receiver              d  ☐ Order of insolvency
 e  ☑ Other evidence of creation of fiduciary relationship (describe) ▶ **Public law 73-10, Power of Apppointment Act of 1981**

**Part III    Tax Notices**

23    All notices and other written communications with regard to income, employment, and excise taxes of the financial institution (listed in line 1) will be addressed to the fiduciary. Indicate below if other notices and written communications should be addressed to the fiduciary. Include the type of tax, tax periods or years involved.
**1040V,1040ES, (NR)1099A,1099C,1999OID,10966,1041ES,W2,W8, FROM 10/15/92**

**Part IV    Revocation or Termination of Notice**

Section A—Total Revocation or Termination

24    Evidence of termination or revocation of fiduciary authority (Check applicable box(es)):
 a  ☐ Certified copy of court order revoking fiduciary authority attached.
 b  ☐ Copy of certificate of dissolution or termination of a business entity attached.
 c  ☐ Other evidence of termination of fiduciary relationship (describe) ▶

I certify that I have the authority to execute this notice concerning fiduciary relationship on behalf of the taxpayer.

**Please Sign Here** ▶ *P. Kennth Mal/rnd.*    Fiduciary's signature    *Authared Represel*    Title, if applicable    *10-2/-/2* Date

For Paperwork Reduction Act Notice, see back of form.    Cat. No. 12784J    Form **56-F** (Rev. 12-2009)