CLAIM # 4702

# EXHIBIT   1

CLAIM # 4702

## "As Is" Sale and Purchase Contract
FLORIDA ASSOCIATION OF REALTORS

1. **SALE AND PURCHASE:** _____ Joaquin Valor _____ ("Seller")
   and _____ Tomas Diaz / _____ ("Buyer")
   agree to sell and buy on the terms and conditions specified below the property described as:
   Address: 5200 SW 122 Avenue Miami, Fl. 33175
   Legal Description: Bird Road Farmsites PB 46-3 _____ County: Miami-Dade
   _____ Tax ID No: 30-49-24-001-2322
   together with all improvements and attached items, including fixtures, built-in furnishings, built-in appliances, ceiling fans, light fixtures, attached wall-to-wall carpeting, rods, draperies and other window coverings. The only other items included in the purchase are: _____
   _____
   The following attached items are excluded from the purchase: _____
   The real and personal property described above as included in the purchase is referred to as the "Property." Personal property listed in this Contract is included in the purchase price, has no contributory value and is being left for Seller's convenience.

### PRICE AND FINANCING

2. **PURCHASE PRICE:** $ 1,400,000.00 payable by Buyer in U.S. currency as follows:
   (a) $ 10,000.00 Deposit received (checks are subject to clearance) March 25, 2005 by
   _____ for Global Title Group ("Escrow Agent")
         Signature              Name of Company
   (b) $ _____ Additional deposit to be delivered to Escrow agent by _____
   or ____ days from Effective Date (10 days if left blank).
   (c) _____ 75% Total financing (see Paragraph 3 below) (express as a dollar amount or percentage)
   (d) $ _____ Other: _____
   (e) $ At closing Balance to close (not including Buyer's closing costs, prepaid items and prorations). All funds paid at closing must be paid by locally drawn cashier's check, official bank check or wired funds.

3. **FINANCING:** (Check as applicable)
   ☐ (a) Buyer will pay cash for the Property with no financing contingency.
   ☒ (b) Buyer will apply for the financing specified in Paragraph 2(c) at the prevailing interest rate and loan costs based on Buyer's creditworthiness (the "Financing") within __3__ days from Effective Date (5 days if left blank) and provide Seller with a written Financing commitment or approval letter ("Commitment") within __7__ days from Effective Date (30 days if left blank) ("Commitment Period"). Buyer will keep Seller and Broker fully informed of the loan application status, progress and Commitment issues and authorizes the lender and mortgage broker to disclose all such information to Seller and Broker. Once Buyer provides the Commitment to Seller, the financing contingency is waived and Seller will be entitled to retain the deposits if the transaction does not close by the Closing Date unless (1) the Property appraises below the purchase price and either the parties cannot agree on a new purchase price or Buyer elects not to proceed, or (2) another provision of this Contract requires the deposits to be returned. If Buyer, using diligence and good faith, cannot provide the Commitment within the Commitment Period, this Contract will be terminated and Buyer's deposits refunded.

### CLOSING

4. **CLOSING DATE; OCCUPANCY:** Unless extended by other provisions of this Contract, this Contract will be closed on 15 days _____, _____ ("Closing Date") at the time established by the closing agent, by which time Seller will (a) have removed all personal items and trash from the Property and swept the Property clean and (b) deliver the deed, occupancy and possession, along with all keys, garage door openers and access codes, to Buyer. If on Closing Date insurance underwriting is suspended, Buyer may postpone closing up to 5 days after the insurance suspension is lifted. If this transaction does not close for any reason, Buyer will immediately return all Seller-provided title evidence, surveys, association documents and other items.

Buyer (TD)(___) and Seller (JV)(___) acknowledge receipt of a copy of this page, which is Page 1 of 6 Pages.
ASIS-3    Rev. 10/04    ©2004    Florida Association of Realtors

**5. CLOSING PROCEDURE; COSTS:** Closing will take place in the county where the Property is located and may be conducted by mail or electronic means. If title insurance insures Buyer for title defects arising between the title binder effective date and recording of Buyer's deed, closing agent will disburse at closing the net sale proceeds to Seller and brokerage fees to Broker as per Paragraph 19. In addition to other expenses provided in this Contract, Seller and Buyer will pay the costs indicated below.

(a) **Seller Costs:** Seller will pay taxes and surtaxes on the deed and recording fees for documents needed to cure title; Other: _____

(b) **Buyer Costs:** Buyer will pay taxes and recording fees on notes and mortgages; recording fees on the deed and financing statements; loan expenses; lender's title policy; inspections; survey; flood insurance; home warranty plan; Other: _____

(c) **Title Evidence and Insurance:** Check (1) or (2):
  ☐ (1) The title evidence will be a Paragraph 10(a)(1) owner's title insurance commitment as title evidence. ☐ Seller ☐ Buyer will select the title agent. ☐ Seller ☐ Buyer will pay for the owner's title policy, search, examination and related charges. Each party will pay its own closing fees.
  ☒ (2) Seller will provide an abstract as specified in Paragraph 10(a)(2) as title evidence. ☐ Seller ☒ Buyer will pay for the owner's title policy and select the title agent. Seller will pay fees for title searches prior to closing, including tax search and lien search fees, and Buyer will pay fees for title searches after closing (if any), title examination fees and closing fees.

(d) **Prorations:** The following items will be made current (if applicable) and prorated as of the day before Closing Date: real estate taxes, interest, bonds, assessments, association fees, insurance, rents and other current expenses and revenues of the Property. If taxes and assessments for the current year cannot be determined, the previous year's rates will be used with adjustment for exemptions and improvements. Buyer is responsible for property tax increases due to change in ownership.

(e) **Special Assessment by Public Body:** Regarding special assessments imposed by a public body, Seller will pay (i) the full amount of liens that are certified, confirmed and ratified before closing and (ii) the amount of the last estimate of the assessment if an improvement is substantially completed as of Effective Date but has not resulted in a lien before closing, and Buyer will pay all other amounts.

(f) **Tax Withholding:** Buyer and Seller will comply with the Foreign Investment in Real Property Tax Act, which may require Seller to provide additional cash at closing if Seller is a "foreign person" as defined by federal law.

## PROPERTY CONDITION

**6. INSPECTION PERIODS:** Buyer will complete any and all inspections of the Property by ___3 days___, _____ (within 10 days from Effective Date if left blank) ("Inspection Period"); the walk-through inspection on the day before Closing Date or any other time agreeable to the parties; and the survey referenced in Paragraph 10(c) by _____, _____ (at least 5 days prior to closing if left blank).

**7. REAL PROPERTY DISCLOSURE:** Seller represents that Seller does not know of any facts that materially affect the value of the Property, including but not limited to violations of governmental laws, rules and regulations, other than those that Buyer can readily observe or that are known by or have been disclosed to Buyer.

(a) **Energy Efficiency:** Buyer acknowledges receipt of the energy-efficiency information brochure required by Section 553.996, *Florida Statutes*.

(b) **Radon Gas:** Radon is a naturally occurring radioactive gas that, when it has accumulated in a building in sufficient quantities, may present health risks to persons who are exposed to it over time. Levels of radon that exceed federal and state guidelines have been found in buildings in Florida. Additional information regarding radon and radon testing may be obtained from your county public health unit. Buyer may, within the Inspection Period, have an appropriately licensed person test the Property for radon. If the radon exceeds acceptable EPA standards, Seller may choose to reduce the radon level to an acceptable EPA level, failing which either party may cancel this Contract.

(c) **Flood Zone:** Buyer is advised to verify by survey, with the lender and with appropriate government agencies which flood zone the Property is in, whether flood insurance is required and what restrictions apply to improving the Property and rebuilding in the event of casualty. If the Property is in a Special Flood Hazard Area or Coastal High Hazard area and the buildings are built below the minimum flood elevation, Buyer may cancel this Contract by delivering written notice to Seller within 20 days from Effective Date, failing which Buyer accepts existing elevation of the buildings and zone designation of the Property.

(d) **Homeowners' Association:** If membership in a homeowners' association is mandatory, an association disclosure summary is attached and incorporated into this Contract. BUYER SHOULD NOT SIGN THIS CONTRACT UNTIL BUYER HAS RECEIVED AND READ THE DISCLOSURE SUMMARY.

(e) **PROPERTY TAX DISCLOSURE SUMMARY:** BUYER SHOULD NOT RELY ON THE SELLER'S CURRENT PROPERTY TAXES AS THE AMOUNT OF PROPERTY TAXES THAT BUYER MAY BE OBLIGATED TO PAY IN THE YEAR SUBSEQUENT TO PURCHASE. A CHANGE OF OWNERSHIP OR PROPERTY IMPROVEMENTS TRIGGERS REASSESSMENTS OF THE PROPERTY THAT COULD RESULT IN HIGHER PROPERTY TAXES. IF YOU HAVE ANY QUESTIONS CONCERNING VALUATION, CONTACT THE COUNTY PROPERTY APPRAISER'S OFFICE FOR FURTHER INFORMATION.

Buyer (___) (___) and Seller (___) (___) acknowledge receipt of a copy of this page, which is Page 2 of 6 Pages.
ASIS-8  Rev. 10/04  © 2004  Florida Association of REALTORS®  All Rights Reserved



Seller's notice, either cancel this Contract or accept title with existing defects and close the transaction.
(c) **Survey:** **Buyer** may, at **Buyer's** expense, have the Property surveyed and deliver written notice to **Seller**, within 5 days from receipt of survey but no later than closing, of any encroachments on the Property, encroachments by the Property's improvements on other lands or deed restriction or zoning violations. Any such encroachment or violation will be treated in the same manner as a title defect and **Buyer's** and **Seller's** obligations will be determined in accordance with subparagraph (b) above. If any part of the Property lies seaward of the coastal construction control line, **Seller** will provide **Buyer** with an affidavit or survey as required by law delineating the line's location on the property, unless **Buyer** waives this requirement in writing.

## MISCELLANEOUS

**11. EFFECTIVE DATE; TIME:** The "Effective Date" of this Contract is the date on which the last of the parties initials or signs the latest offer. **Time is of the essence for all provisions of this Contract.** All time periods will be computed in business days (a "business day" is every calendar day except Saturday, Sunday and national legal holidays). If any deadline falls on a Saturday, Sunday or national legal holiday, performance will be due the next business day. All time periods will end at 5:00 p.m. local time (meaning in the county where the Property is located) of the appropriate day.

**12. NOTICES:** All notices will be made to the parties and Broker by mail, personal delivery or electronic media. **Buyer's failure to deliver timely written notice to Seller, when such notice is required by this Contract, regarding any contingencies will render that contingency null and void and the Contract will be construed as if the contingency did not exist.** Any notice, document or item given to or received by an attorney or Broker (including a transaction broker) representing a party will be as effective as if given to or by that party.

**13. COMPLETE AGREEMENT:** This Contract is the entire agreement between **Buyer** and **Seller**. Except for brokerage agreements, no prior or present agreements will bind **Buyer**, **Seller** or **Broker** unless incorporated into this Contract. Modifications of this Contract will not be binding unless in writing, signed or initialed and delivered by the party to be bound. This Contract, signatures, initials, documents referenced in this Contract, counterparts and written modifications communicated electronically or on paper will be acceptable for all purposes, including delivery, and will be binding. Handwritten or typewritten terms inserted in or attached to this Contract prevail over preprinted terms. If any provision of this Contract is or becomes invalid or unenforceable, all remaining provisions will continue to be fully effective. **Buyer** and **Seller** will use diligence and good faith in performing all obligations under this Agreement. This Contract will not be recorded in any public records.

**14. ASSIGNABILITY; PERSONS BOUND:** **Buyer** may not assign this Contract without **Seller's** written consent. The terms "**Buyer**," "**Seller**," and "**Broker**" may be singular or plural. This Contract is binding on the heirs, administrators, executors, personal representatives and assigns (if permitted) of **Buyer**, **Seller** and Broker.

## DEFAULT AND DISPUTE RESOLUTION

**15. DEFAULT:** (a) **Seller Default:** If for any reason other than failure of **Seller** to make **Seller's** title marketable after diligent effort, **Seller** fails, refuses or neglects to perform this Contract, **Buyer** may choose to receive a return of **Buyer's** deposit without waiving the right to seek damages or to seek specific performance as per Paragraph 16. **Seller** will also be liable to Broker for the full amount of the brokerage fee. (b) **Buyer Default:** If **Buyer** fails to perform this Contract within the time specified, including timely payment of all deposits, **Seller** may choose to retain and collect all deposits paid and agreed to be paid as liquidated damages or to seek specific performance as per Paragraph 16; and Broker will, upon demand, receive 50% of all deposits paid and agreed to be paid (to be split equally among cooperating brokers except when closing does not occur due to **Buyer** not being able to secure Financing after providing a Commitment, in which case Broker's portion of the deposits will go solely to the listing broker) up to the full amount of the brokerage fee.

**16. DISPUTE RESOLUTION:** This Contract will be construed under Florida law. All controversies, claims, and other matters in question arising out of or relating to this transaction or this Contract or its breach will be settled as follows:
(a) **Disputes concerning entitlement to deposits made and agreed to be made:** **Buyer** and **Seller** will have 30 days from the date conflicting demands are made to attempt to resolve the dispute through **mediation**. If that fails, Escrow Agent will submit the dispute, if so required by Florida law, to Escrow Agent's choice of arbitration, a Florida court or the Florida Real Estate Commission. **Buyer** and **Seller** will be bound by any resulting award, judgment, or order.
(b) **All other disputes:** **Buyer** and **Seller** will have 30 days from the date a dispute arises between them to attempt to resolve the matter through mediation, failing which the parties will resolve the dispute through neutral binding **arbitration** in the county where the Property is located. The arbitrator may not alter the Contract terms or award any remedy not provided for in this Contract. The award will be based on the greater weight of the evidence and will state findings of fact and the contractual authority on which it is based. If the parties agree to use discovery, it will be in accordance with the Florida Rules of Civil Procedure and the arbitrator will resolve all discovery-related disputes. Any disputes with a real estate licensee named in Paragraph 19 will be submitted to arbitration only if the licensee's broker consents in writing to become a party to the proceeding. This clause will survive closing.
(c) **Mediation and Arbitration; Expenses:** "Mediation" is a process in which parties attempt to resolve a dispute by submitting it to an impartial mediator who facilitates the resolution of the dispute but who is not empowered to impose a

Buyer (___) (___) and Seller (___) (___) acknowledge receipt of a copy of this page, which is Page 4 of 6 Pages.
ASIS-8  Rev. 10/04  © 2004  Florida Association of REALTORS®  All Rights Reserved                                Instanet

settlement on the parties. Mediation will be in accordance with the rules of the American Arbitration Association ("AAA") or other mediator agreed on by the parties. The parties will equally divide the mediation fee, if any. "Arbitration" is a process in which the parties resolve a dispute by a hearing before a neutral person who decides the matter and whose decision is binding on the parties. Arbitration will be in accordance with the rules of the AAA or other arbitrator agreed on by the parties. Each party to any arbitration will pay its own fees, costs and expenses, including attorneys' fees, and will equally split the arbitrators' fees and administrative fees of arbitration.

## ESCROW AGENT AND BROKER

**17. ESCROW AGENT: Buyer** and **Seller** authorize Escrow Agent to receive, deposit and hold funds and other items in escrow and, subject to clearance, disburse them upon proper authorization and in accordance with Florida Law and the terms of this Contract, including disbursing brokerage fees. The parties agree that Escrow Agent will not be liable to any person for misdelivery of escrowed items to **Buyer** or **Seller**, unless the misdelivery is due to Escrow Agent's willful breach of this Contract or gross negligence. If Escrow Agent interpleads the subject matter of the escrow, Escrow Agent will pay the filing fees and costs from the deposit and will recover reasonable attorneys' fees and costs to be paid from the escrowed funds or equivalent and charged and awarded as court costs in favor of the prevailing party. All claims against Escrow Agent will be arbitrated, so long as Escrow Agent consents to arbitrate.

**18. PROFESSIONAL ADVICE; BROKER LIABILITY:** Broker advises **Buyer** and **Seller** to verify all facts and representations that are important to them and to consult an appropriate professional for legal advice (for example, interpreting contracts, determining the effect of laws on the Property and transaction, status of title, foreign investor reporting requirements, etc.) and for tax, property condition, environmental and other specialized advice. Buyer acknowledges that Broker does not reside in the Property and that all representations (oral, written or otherwise) by Broker are based on Seller representations or public records. Buyer agrees to rely solely on Seller, professional inspectors and governmental agencies for verification of the Property condition, square footage and facts that materially affect Property value. Buyer and Seller respectively will pay all costs and expenses, including reasonable attorneys' fees at all levels, incurred by Broker and Broker's officers, directors, agents and employees in connection with or arising from **Buyer's** or **Seller's** misstatement or failure to perform contractual obligations. Buyer and Seller hold harmless and release Broker and Broker's officers, directors, agents and employees from all liability for loss or damage based on (1) **Buyer's** or **Seller's** misstatement or failure to perform contractual obligations; (2) Broker's performance, at Buyer's and/or Seller's request, of any task beyond the scope of services regulated by Chapter 475, F.S., as amended, including Broker's referral, recommendation or retention of any vendor; (3) products or services provided by any vendor; and (4) expenses incurred by any vendor. **Buyer** and **Seller** each assume full responsibility for selecting and compensating their respective vendors. This paragraph will not relieve Broker of statutory obligations. For purposes of this paragraph, Broker will be treated as a party to this Contract. This paragraph will survive closing.

**19. BROKERS:** The licensee(s) and brokerage(s) named below are collectively referred to as "Broker." **Instruction to Closing Agent:** Seller and Buyer direct closing agent to disburse at closing the full amount of the brokerage fees as specified in separate brokerage agreements with the parties and cooperative agreements between the brokers, except to the extent Broker has retained such fees from the escrowed funds. In the absence of such brokerage agreements, closing agent will disburse brokerage fees as indicated below. This paragraph will not be used to modify any MLS or other offer of compensation made by Seller or listing broker to cooperating brokers.

| Virginia Costa P.A. | | Coldwell Banker | |
|---|---|---|---|
| Selling Sales Associate/License No. | 0592865 | Selling Firm/Brokerage Fee: ($ or % of Purchase Price) | 2% |
| Julio Cotera | | Cotera Realty | |
| Listing Sales Associate/License No. | 0319357 | Listing Firm/Brokerage fee: ($ or % of Purchase Price) | 2% |

## ADDENDA AND ADDITIONAL TERMS

**20. ADDENDA:** The following additional terms are included in addenda and incorporated into this Contract (check if applicable):

| | | | |
|---|---|---|---|
| ❏ A. Condo. Assn. | ❏ H. As Is w/Right to Inspect | ❏ O. Interest-Bearing Account | ❏ V. Prop. Disclosure Stmt. |
| ❏ B. Homeowners' Assn. | ❏ I. Inspections | ❏ P. Back-up Contract | ❏ W. FIRPTA |
| ❏ C. Seller Financing | ❏ J. Insulation Disclosure | ❏ Q. Broker - Pers. Int. in Prop. | ❏ X. 1031 Exchange |
| ❏ D. Mort. Assumption | ☒ K. Pre-1978 Housing Stmt. (LBP) | ❏ R. Rentals | ❏ Y. Additional Clauses |
| ❏ E. FHA Financing | ❏ L. Insurance | ❏ S. Sale/Lease of Buyer's Property | ❏ Other_____ |
| ❏ F. VA Financing | ❏ M. Housing Older Persons | ❏ T. Rezoning | ❏ Other_____ |
| ❏ G. New Mort. Rates | ❏ N. Unimproved/Ag. Prop. | ❏ U. Assignment | ❏ Other_____ |

**21. ADDITIONAL TERMS:**

Buyer (TD)(___) and Seller (JV)(___) acknowledge receipt of a copy of this page, which is Page 5 of 6 Pages.
FIS-8  Rev. 10/04  © 2004  Florida Association of Realtors®  All Rights Reserved

(f) Mold: Mold is part of the natural environment that when accumulated in sufficient quantities may present health risks to susceptible persons. For more information, contact the county indoor air quality specialist or other appropriate professional.

CLAIM #4702

8. **As Is With Right to Inspect: Seller** makes no warranties other than marketability of title. **Seller** will keep the Property in the same condition from Effective Date until closing, except for normal wear and tear ("maintenance requirement"), and will convey the Property in its "as is" condition with no obligation to make any repairs.

   (a) **Inspection Right; Seller Obligations: Buyer** may, at **Buyer's** expense, conduct professional and walk-through inspections as described below. If **Buyer** fails to timely conduct any inspection which **Buyer** is entitled to make under this paragraph, **Buyer** waives the right to the inspection and accepts the Property "as is." **Seller** will provide access and utilities for **Buyer's** inspections. **Buyer** will repair all damages to the Property resulting from the inspections and return the Property to its pre-inspection condition.

   (b) **Professional Inspections:** The inspection(s) will be by a person who specializes in and holds an occupational license (if required by law) to conduct home inspections or who holds a Florida license to repair and maintain the items inspected.

   (c) **Cancellation Right: Buyer** may cancel this Contract by written notice to **Seller** within __1__ days (within 5 days if left blank) from the end of the Inspection Period if the estimated cost of treatment and repairs determined to be necessary by **Buyer** is greater than $___0.00___. For the cancellation to be effective, **Buyer** must include in the written notice a copy of the inspector's written report, if any, and treatment and repair estimates from the inspector or person(s) holding an appropriate Florida license to repair the items inspected. Any conditions not reported in a timely manner will be deemed acceptable to **Buyer**.

   (d) **Walk-through Inspection: Buyer** may walk through the Property solely to verify that **Seller** has fulfilled the contractual obligations. No other issues may be raised as a result of the walk-through inspection.

9. **RISK OF LOSS:** If any portion of the Property is damaged by fire or other casualty before closing and can be restored within 45 days from the Closing Date to substantially the same condition as it was on Effective Date, Seller will, at Seller's expense, restore the Property and the Closing Date will be extended accordingly. **Seller** will not be obligated to replace trees. If the restoration cannot be completed in time, **Buyer** may accept the Property "as is" with existing damage, in which case Seller will credit the deductible and assign the insurance proceeds, if any, to **Buyer** at closing in such amounts as are (i) attributable to the Property and (ii) not yet expended in making repairs and (iii) sufficient to restore the Property to its "as is" condition as of the Effective Date, failing which either party may cancel this Contract. If the Property is a condominium, this paragraph applies only to the unit and limited common elements appurtenant to the unit; if the Property is in a homeowners' association, this paragraph will not apply to common elements or recreation or other facilities.

## TITLE

10. **TITLE: Seller** will convey marketable title to the Property by statutory warranty deed or trustee, personal representative or guardian deed as appropriate to **Seller's** status.

    (a) **Title Evidence:** Title evidence will show legal access to the Property and marketable title of record in **Seller** in accordance with current title standards adopted by the Florida Bar, subject only to the following title exceptions, none of which prevent residential use of the Property: covenants, easements and restrictions of record; matters of plat; existing zoning and government regulations; oil, gas and mineral rights of record if there is no right of entry; current taxes; mortgages that **Buyer** will assume; and encumbrances that **Seller** will discharge at or before closing. **Seller** will deliver to **Buyer Seller's** choice of one of the following types of title evidence, which must be generally accepted in the county where the Property is located (specify in Paragraph 5(c) the selected type). **Seller** will use option (1) in Palm Beach County and option (2) in Miami-Dade County.

      (1) **A title insurance commitment** issued by a Florida-licensed title insurer in the amount of the purchase price and subject only to title exceptions set forth in this Contract and delivered no later than 2 days before Closing Date.

      (2) **An existing abstract of title** from a reputable and existing abstract firm (if firm is not existing, then abstract must be certified as correct by an existing firm) purporting to be an accurate synopsis of the instruments affecting title to the Property recorded in the public records of the county where the Property is located and certified to Effective Date. However if such an abstract is not available to **Seller**, then a **prior owner's title policy** acceptable to the proposed insurer as a base for reissuance of coverage. **Seller** will pay for copies of all policy exceptions and an update in a format acceptable to **Buyer's** closing agent from the policy effective date and certified to **Buyer** or **Buyer's** closing agent, together with copies of all documents recited in the prior policy and in the update. If a prior policy is not available to **Seller** then (1) above will be the title evidence. Title evidence will be delivered no later than 10 days before Closing Date.

    (b) **Title Examination: Buyer** will examine the title evidence and deliver written notice to **Seller**, within 5 days from receipt of title evidence but no later than closing, of any defects that make the title unmarketable. **Seller** will have 30 days from receipt of **Buyer's** notice of defects ("Curative Period") to cure the defects at **Seller's** expense. If **Seller** cures the defects within the Curative Period, **Seller** will deliver written notice to **Buyer** and the parties will close the transaction on Closing Date or within 10 days from **Buyer's** receipt of **Seller's** notice if Closing Date has passed. If **Seller** is unable to cure the defects within the Curative Period, **Seller** will deliver written notice to **Buyer** and **Buyer** will, within 10 days from receipt of

Buyer (_TB_)(____) and Seller (_TJ_)(____) acknowledge receipt of a copy of this page, which is Page 3 of 6 Pages.
ASIS-8  Rev. 10/04  © 2004  Florida Association of REALTORS®  All Rights Reserved                                Instanet

CLAIM #4702

6 % Seller contribution  TD. J.V.
Seller will stay on property 30 days after closing
on or before - J.V.

302  This is intended to be a legally binding contract. If not fully understood, seek the advice of an attorney prior to signing.

### OFFER AND ACCEPTANCE

304* (Check if applicable: ❏ Buyer received a written real property disclosure statement from Seller before making this Offer.)
305  Buyer offers to purchase the Property on the above terms and conditions. Unless this Contract is signed by Seller and a copy
306* delivered to Buyer no later than _____ ❏ a.m.❏ p.m. on _____, _____, this offer will be revoked
307  and Buyer's deposit refunded subject to clearance of funds.

308* Date: _____    Buyer: _____
309*                      Print name: TOMAS DIAZ

310* Date: _____    Buyer: _____
311* Phone: _____   Print name: _____
312* Fax: _____   Address: _____
313* E-mail: _____

314* Date: _____    Seller: _____
315*                      Print name: JOAQUIN VALOY

316* Date: _____    Seller: _____
317* Phone: _____   Print name: _____
318* Fax: _____   Address: _____
319* E-mail: _____

### COUNTER OFFER/REJECTION

321* ❏ Seller counters Buyer's offer (to accept the counter offer, Buyer must sign or initial the counter offered terms and deliver a copy
322* of the acceptance to Seller by 5:00 p.m. on _____, ____). ❏ Seller rejects Buyer's offer.

323* Effective Date: 3-25-05 (The date on which the last party signed or initialed acceptance of the final offer.)

324* Buyer (TD) (___) and Seller (JV) (___) acknowledge receipt of a copy of this page, which is Page 6 of 6 Pages.

The Florida Association of REALTORS and local Board/Association of REALTORS make no representation as to the legal validity or adequacy of any provision of this form in any specific transaction. This standardized form should not be used in complex transactions or with extensive riders or additions. This form is available for use by the entire real estate industry and is not intended to identify the user as a REALTOR. REALTOR is a registered collective membership mark that may be used only by real estate licensees who are members of the National Association of REALTORS and who subscribe to its Code of Ethics.
The copyright laws of the United States (17 U.S. Code) forbid the unauthorized reproduction of blank forms by any means including facsimile or computerized forms.
ASIS-8    Rev. 10/04    © 2004 Florida Association of REALTORS®    All Rights Reserved

This software is licensed to [Julio Cotera - Cotera Realty] www.instanetforms.com.

CLAIM #4702

**Addendum to Contract dated _03/25/2005_ between Joaquin Valor (Seller) and Tomas Diaz (Buyer)**

**April 8, 2005**

I, Joaquin Valor (Seller), agree to give Tomas Diaz (Buyer), $56,000.00 from my proceeds of the sale of the property located at 5200 S.W. 122nd Avenue, Miami, Florida.

I, Joaquin Valor further agree to lend Tomas Diaz $100,000.00 for the purchase of same property, which will be paid within 60 to 90 days from date of Closing.

_____
JOAQUIN VALOR

_____
TOMAS DIAZ

**Eastern National Bank**     **CASHIERS CHECK ORDER**

Customer Name: __Tomas Diaz__     Account No. __6802093906__

| Payable to: (please print) | CHARGE | C.C. NBR | CHECK AMOUNT |
|---|---|---|---|
| Experence Tile Solutions Inc. | 10 | 69105 | 72,300 - |
| | | | |
| | | | |
| | | | |
| DATE 4/18/05   PURCHASER'S SIGNATURE [signature] | | | 72,310 - |

**DEPARTMENT COPY**

| Payable to: (please print)    TITLE | CHARGE | C.C. NBR | CHECK AMOUNT |
|---|---|---|---|
| Experience Tile Solution inc. | 10 | 69106 | 200,400 - |
| | | | |
| | | | |
| | | | |
| DATE 4/18/05   PURCHASER'S SIGNATURE [signature] | | | 200,410 - |

**DEPARTMENT COPY**

Proof of my investment
CLAIM # 4702

```
  72,310
 200,410
  70,000
  70,000
---------
Total - $412,720
```

CLAIM #4702

CFN 2005R0410672
OR Bk 23304 Pgs 3069 - 3077; (9pgs)
RECORDED 04/25/2005 10:42:16
MTG DOC TAX 140.00
INTANG TAX 80.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

CLAIM #4702

This Instrument Prepared by:
GASTON R. ALVAREZ, P.A.
City National Bank Building
2701 LeJeune Road, Suite 407
Coral Gables, Florida 33134

THIS MORTGAGE DEED Executed the _15TH_ day of _April_, 2005, by TOMAS DIAZ, a single man, whose post office address is _5200 S. W. 122 Avenue, Miami, Fl. 33175_, hereinafter called the MORTGAGOR, which term as used in every instance shall include the MORTGAGOR'S herein, their executors, administrators, successors, legal representatives and assigns, either voluntary by act of the parties, or involuntary by operation of law, and shall denote the singular and/or plural, and the masculine and/or feminine and natural and/or artificial person, whenever and wherever the context so requires or admits, party of the first part, In favor of JOAQUIN VALOR, a single man, whose post office address is _3191 Coral Way, Suite 637, Miami, Fl.33145_, hereinafter called the Mortgagee:

WITNESSETH, that for good and valuable consideration, and also in consideration of the aggregate sum named in the promissory note of even date herewith, hereinafter described, the mortgagor hereby grants, bargains, sells, aliens, remises, conveys and confirms unto the mortgagee all the certain tract of land, of which the mortgagor is now seized and in possession, situated in Miami-Dade County, Florida, to wit:

LOT 2, OF ANCHELL TRACT, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 64, PAGE 142, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Together with all structures, buildings, improvements and fixtures now or hereinafter contained on the above described land (collectively, the "Mortgaged Property.")

THIS IS A SECOND MORTGAGE. The Mortgagor shall not create or suffer to be created any lien or encumbrance on the Mortgaged Property superior to or on a parity with the lien of this Mortgage in said Mortgaged Property.

TO HAVE AND TO HOLD the same, together with the tenements, hereditaments and appurtenances thereto belonging, and the rents, issues and profits, unto the mortgagee, in fee simple.

AND the mortgagor covenants with the mortgagee that the mortgagor is indefeasibly seized of said land in fee simple; that the mortgagor has good right and lawful authority to convey said land as aforesaid; that the mortgagor will make such further assurances to perfect the fee simple title to said land in the mortgagee as may reasonably be required; that the mortgagor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free and clear of all encumbrances.

PROVIDED ALWAYS, that if said mortgagor shall pay in full unto said mortgagee the certain promissory note hereinafter substantially copied or identified, to-wit:

"Promissory Note from TOMAS DIAZ, a single man , dated _April 15, 2005_, in the principal amount of $40,000.00, a copy of which is attached hereto (the "Note")".

TD

1



*CLAIM #4702*

IN WITNESS WHEREOF, the said mortgagor has hereunto signed and sealed these presents the day and year first above written.

Signed, sealed and delivered
in our presence of:

_____            _____
Witness Signature                                          TOMAS DIAZ
   Jarianna Marquez
_____
Printed Name

_____
Witness Signature
  Julio Cotera
_____
Printed Name

STATE OF   FLORIDA   )            I HEREBY CERTIFY that on this ____ day of April, 2005, before
                                  me, an officer duly authorized in the State and County
COUNTY OF MIAMI-DADE )            aforesaid to take acknowledgment, personally appeared TOMAS
                                  DIAZ, a single man, who produced ___valid driver's license___
                                  as identification, and who did take an oath.

                                  _____
Rubber Stamp Seal:                Notary Public, State of Florida
                                     Marianna Marquez
                                  Print Notary Signature

F:\RealEstate\MortgageDeed\JACK VALOR DIAZ).wpd

                                         Marianna Marquez
                                         My Commission DD201557
                                         Expires April 09, 2007

8

*CLAIM # 471*

## PROMISSORY NOTE

**$70,000.00**                                             Miami, Florida, April 15, 2005

    **FOR VALUE RECEIVED** the undersigned, jointly and severally, promises to pay to the order of___**JOAQUIN VALOR**___, the principal sum of **SEVENTY THOUSAND AND NO/100 ($70,000.00) DOLLARS**, together with interest thereon from date at the rate of **SEVEN (7%) percent** per annum until maturity, all payable in lawful money of the United States of America, as follows:

    **THE ENTIRE PRINCIPAL BALANCE TOGETHER WITH ACCRUED INTEREST SHALL BE DUE AND PAYABLE ON JUNE 15, 2005.**

    All payments shall apply first to accrued interest, and the remainder, if any, to the reduction of principal. If any installment of principal or interest is not paid when due, or upon any default in the performance of any of the covenants or agreements of this note, or of any instrument now or hereafter evidencing or securing this note or the obligation represented hereby, then the whole indebtedness (including principal and interest) remaining unpaid, shall, at the option of the holder, become immediately due, payable and collectible, and while in default, this note and deferred interest shall bear interest at the rate of __18%__ percent per annum.

Each maker and endorser further agrees, jointly and severally, to pay all costs of collection, including reasonable attorney's fees in case the principal of this note or any payment of the principal or any interest thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

Payable at:__3191 Coral Way, Suite 637, Miami, Fl. 33145.__
or such other place as shall be designated by the holder of this Note in writing.

This Note is secured by a Mortgage of even date herewith and is to be construed and enforced according to the laws of the State of Florida.

5200 S. W. 122 Ave. Miami, Fl.33175
    **Makers Address**                              _____
                                             **TOMÁS DIAZ**

```
CFN 2005R0410673
OR Bk 23304 Pgs 3078 - 3086; (9pgs)
RECORDED 04/25/2005 10:42:16
MTG DOC TAX 245.00
INTANG TAX 140.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
```

This Instrument Prepared by:
GASTON R. ALVAREZ, P.A.
City National Bank Building
2701 LeJeune Road, Suite 407
Coral Gables, Florida 33134

THIS MORTGAGE DEED Executed the _15TH_ day of _April_, 2005, by TOMAS DIAZ, a single man, whose post office address is _5200 S. W. 122 Avenue, Miami, Fl. 33175_, hereinafter called the MORTGAGOR, which term as used in every instance shall include the MORTGAGOR'S herein, their executors, administrators, successors, legal representatives and assigns, either voluntary by act of the parties, or involuntary by operation of law, and shall denote the singular and/or plural, and the masculine and/or feminine and natural and/or artificial person, whenever and wherever the context so requires or admits, party of the first part, in favor of JOAQUIN VALOR, a single man, whose post office address is _3191 Coral Way, Suite 637, Miami, Fl.33145_, hereinafter called the Mortgagee:

WITNESSETH, that for good and valuable consideration, and also in consideration of the aggregate sum named in the promissory note of even date herewith, hereinafter described, the mortgagor hereby grants, bargains, sells, aliens, remises, conveys and confirms unto the mortgagee all the certain tract of land, of which the mortgagor is now seized and in possession, situated in Miami-Dade County, Florida, to wit:

> LOT 26, BLOCK 5, OF AMENDED PLAT OF CENTRAL MIAMI, PART ONE, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 10, PAGE 75, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Together with all structures, buildings, improvements and fixtures now or hereinafter contained on the above described land (collectively, the "Mortgaged Property.")

THIS IS A THIRD MORTGAGE. The Mortgagor shall not create or suffer to be created any lien or encumbrance on the Mortgaged Property superior to or on a parity with the lien of this Mortgage in said Mortgaged Property.

TO HAVE AND TO HOLD the same, together with the tenements, hereditaments and appurtenances thereto belonging, and the rents, issues and profits, unto the mortgagee, in fee simple.

AND the mortgagor covenants with the mortgagee that the mortgagor is indefeasibly seized of said land in fee simple; that the mortgagor has good right and lawful authority to convey said land as aforesaid; that the mortgagor will make such further assurances to perfect the fee simple title to said land in the mortgagee as may reasonably be required; that the mortgagor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free and clear of all encumbrances.

PROVIDED ALWAYS, that if said mortgagor shall pay in full unto said mortgagee the certain promissory note hereinafter substantially copied or identified, to-wit:

> "Promissory Note from TOMAS DIAZ, a single man, dated _April 15, 2005_, in the principal amount of $70,000.00, a copy of which is attached hereto (the "Note")".



1

IN WITNESS WHEREOF, the said mortgagor has hereunto signed and sealed these presents the day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
Witness Signature
Marianna Marquez
Printed Name

_____
Witness Signature
Julio Cotera
Printed Name

_____
TOMAS DIAZ

_____

STATE OF FLORIDA )
COUNTY OF MIAMI-DADE )

I HEREBY CERTIFY that on this 15TH day of April, 2005, before me, an officer duly authorized in the State and County aforesaid to take acknowledgment, personally appeared TOMAS DIAZ, a single man, who produced **valid driver's license** as identification, and who did take an oath.

_____
Notary Public, State of Florida
Marianna Marquez
Print Notary Signature

Rubber Stamp Seal:

F:\RealEstate\MortgageDeedJACK VALOR DIAZ).wpd

Marianna Marquez
My Commission DD201557
Expires April 09, 2007

8

PROMISSORY NOTE

$70,000.00                                                          Miami, Florida, April 15, 2005

    FOR VALUE RECEIVED the undersigned, jointly and severally, promises to pay to the order of___JOAQUIN VALOR___, the principal sum of SEVENTY THOUSAND AND NO/100 ($70,000.00) DOLLARS, together with interest thereon from date at the rate of SEVEN (7%) percent per annum until maturity, all payable in lawful money of the United States of America, as follows:

**THE ENTIRE PRINCIPAL BALANCE TOGETHER WITH ACCRUED INTEREST SHALL BE DUE AND PAYABLE ON JUNE 15, 2005.**

    All payments shall apply first to accrued interest, and the remainder, if any, to the reduction of principal. If any installment of principal or interest is not paid when due, or upon any default in the performance of any of the covenants or agreements of this note, or of any instrument now or hereafter evidencing or securing this note or the obligation represented hereby, then the whole indebtedness (including principal and interest) remaining unpaid, shall, at the option of the holder, become immediately due, payable and collectible, and while in default, this note and deferred interest shall bear interest at the rate of _18%_ percent per annum.

Each maker and endorser further agrees, jointly and severally, to pay all costs of collection, including reasonable attorney's fees in case the principal of this note or any payment of the principal or any interest thereon is not paid at the respective maturity thereof, or in case it becomes necessary to protect the security hereof, whether suit be brought or not.

Payable at: 3191 Coral Way, Suite 637, Miami, Fl. 33145.
or such other place as shall be designated by the holder of this Note in writing.

This Note is secured by a Mortgage of even date herewith and is to be construed and enforced according to the laws of the State of Florida.

5200 S. W.122 Ave. Miami, Fl.33175
    **Makers Address**                                  TOMAS DIAZ

```
CFN 2005R0407938
OR Bk 23302 Ps 0698; (1ps)
RECORDED 04/22/2005 14:06:55
DEED DOC TAX 8,400.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE
```

This Instrument Prepared By:
GASTON R. ALVAREZ, P.A.
Attorney at Law
City National Bank Building
3701 Lejeune Road, Suite 407
Coral Gables, Florida 33134

Property Appraisers Parcel Identification No.: 30-4924-001-2222
Grantee(s) S.S.:

THIS WARRANTY DEED Made the **14TH** day of **APRIL**, A.D. 2005 by JOAQUIN VALOR, a single man, hereinafter called the Grantor, to TOMAS DIAZ, a single man, whose address is: **5200 S. W. 122 Avenue, Miami, Fl. 33175**, hereinafter called the Grantees.

WITNESSETH: That the Grantors, for and in consideration of the sum of $10.00 and other good valuable considerations, receipt whereof is hereby acknowledged, hereby grant, bargain, sell, aliens, remise, release, convey and confirm unto the Grantees, all that certain land situated in Miami-Dade County, Florida, to-wit:

SOUTH ONE-HALF OF TRACT 226, OF BIRD ROAD FARMSITES, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 46, AT PAGE 3, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

Subject to: Conditions, restrictions, limitations and easements of records, if any, without reimposing same, applicable zoning regulations and taxes for the year **2005** and subsequent years.

TOGETHER with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

TO HAVE AND TO HOLD, the same in fee simple forever.

AND the Grantors hereby covenant with said grantees that the grantors are lawfully seized of said land in fee simple; that the grantors have good right and lawful authority to sell and convey said land; that the grantors hereby fully warrant the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004.

IN WITNESS WHEREOF, the said Grantors have signed and sealed these presents the day and year first above written.

Signed, sealed and delivered
in the presence of:

Signature
Print Signature  Marianna Marquez
Signature
Print Signature  Elisabet Valls

_____ L.S.
JOAQUIN VALOR
Address: 3191 Coral Way, Suite 637
         Miami, Fl. 33145

STATE OF FLORIDA  )
                  : ss
COUNTY OF MIAMI-DADE )

I Hereby Certify that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared JOAQUIN VALOR, a single person, who is personally known to me or who produced valid driver's license as identification and who did not take an oath.

WITNESS my hand and official seal in the County and State last aforesaid this 14 day of April, 2005.

Notary Seal:

NOTARY PUBLIC, State of FLORIDA
Print Notary Signature  Marianna Marquez

F:\RealEstate\VALOR ST DELGADO ET AL\WarrantyDeed.Valorwpd.wpd

Marianna Marquez
My Commission DD201557
Expires April 09, 2007

per title

# My Home



miamidade.gov    ACTIVE TOOL: SELECT



**Show Me:**
Property Information ▼

**Search By:**
Select Item ▼

📄 Text only

🏠 Property Appraiser Tax Estimator

### Summary Details:

| Folio No.: | 30-4924-001-2322 |
|---|---|
| Property: | 5200 SW 122 AVE |
| Mailing Address: | TOMAS DIAZ |
| | 5200 SW 122 AVE MIAMI FL 33175-5529 |

### Property Information:

| Primary Zone: | 9000 AGRICULTURE |
|---|---|
| CLUC: | 0001 RESIDENTIAL- SINGLE FAMILY |
| Beds/Baths: | 5/3 |
| Floors: | 1 |
| Living Units: | 1 |
| Adj Sq Footage: | 5,735 |
| Lot Size: | 2 ACRES |
| Year Built: | 1970 |
| Legal Description: | 24 54 39 2.33 AC BIRD ROAD FARMSITES PB 46-3 S1/2 OF TR 226 LOT SIZE IRREGULAR OR 19560-3055 032001 1 COC 23302-0698 04 2005 1 |

### Sale Information:

| Sale O/R: | 23302-0698 |
|---|---|
| Sale Date: | 4/2005 |
| Sale Amount: | $1,400,000 |

### Assessment Information:

| Year: | 2006 | 2005 |
|---|---|---|
| Land Value: | $733,950 | $559,200 |
| Building Value: | $385,109 | $316,979 |
| Market Value: | $1,119,059 | $876,179 |
| Assessed Value: | $1,119,059 | $535,974 |
| Homestead Exemption: | $0 | $25,000 |
| Total Exemptions: | $0 | $25,000 |
| Taxable Value: | $1,119,059 | $510,974 |



Digital Orthophotography - 2006                    0 ———— 134 ft

💡 We appreciate your feedback, please take a minute to complete our survey.

My Home | Property Information | Property Taxes
| My Neighborhood | Property Appraiser

Home | Using Our Site | About | Phone Directory | Privacy | Disclaimer

If you experience technical difficulties with the Property Information application,
please click here to let us know.

E-mail your comments, questions and suggestions to Webmaster

Web Site
© 2002 Miami-Dade County.
All rights reserved.

CFN 2005R0919548
OR Bk 23735 Pg 4847; (1ps)
RECORDED 09/01/2005 08:44:34
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

CLAIM #4702

This Instrument Prepared by:
GASTON R. ALVAREZ, P.A.
City National Bank Building
2701 Le Jeune Road, Suite 407
Coral Gables, FL 33134

## SATISFACTION OF MORTGAGE

**KNOW ALL MEN BY THESE PRESENTS:** That JOAQUIN VALOR, the owner and holder of a certain Mortgage Deed executed by TOMAS DIAZ, a single man, bearing date the 15th day of April, 2005, recorded April 25, 2005, in Official Records Book 23304, Page 3078, in the office of the Clerk of the Circuit Court of MIAMI-DADE County, State of Florida, securing a certain note in the principal sum of SEVENTY THOUSAND AND NO/100 ($70,000.00) DOLLARS; in the office of the Clerk of the Circuit Court of MIAMI-DADE County, State of Florida, and certain promises and obligations set forth in said mortgage deed, upon the property situated in said State and County described as follows, to wit:

LOT 26, IN BLOCK 5 OF AMENDED PLAT OF CENTRAL MIAMI, PART ONE, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 10, AT PAGE 75, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.

I HEREBY acknowledge full payment and satisfaction of said note and mortgage deed, and surrender the same as canceled, and hereby direct the Clerk of the said Circuit Court to cancel the same of record.

WITNESS MY hand and seal this 1st day of Aug., 2005.

Signed, Sealed and Delivered
in Presence of:

_____ _____ L.S.
Signature                  JOAQUIN VALOR
Katina B. Sicre            Address: 3191 Coral Way, Suite 637
Print Name                          Miami, Florida 33145

_____
Signature
Verenia Campo
Print Name

STATE OF FLORIDA )
                 :
COUNTY OF MIAMI-DADE )

I HEREBY CERTIFY that on this 1st day of Aug., 2005, before me, an officer duly authorized in the State aforesaid and in the County aforesaid, to take acknowledgments, personally appeared JOAQUIN VALOR, who produced _Personally Known_ as identification and who did not take an oath.

WITNESS my hand and official seal in the County and State last aforesaid this 1st day of August, A.D., 2005.

Notary Rubber Stamp Seal:

_____
Notary Public-State of Florida

_____
Print Notary Signature

GASTON R. ALVAREZ
MY COMMISSION # DD375083
EXPIRES: February 19, 2009

P:\RealEstate\SatMortg(VALOR & GARCIA).001.wpd

Book23735/Page4847   CFN#20050919548   Page 1 of 1

# RENEWAL NOTICE 2013-14     JUNE 30, 2013

# LOCAL BUSINESS TAX

SEE REVERSE SIDE FOR MORE INFORMATION

140166

| ACCOUNT NUMBER | RECEIPT NUMBER | EXEMPTION | TOTAL NO. OF RECEIPTS | STATE/CC# |
|---|---|---|---|---|
| 6861406 | 7136088 | | 1 OF 1 | |

**DBA**    FRESH FISH MARKET & FRUITS

**Business Location:** OPERATING IN DADE COUNTY

**Municipality:** UNIN DADE COUNTY

**Owner/Corporation**
ATTENTION UNLIMITED CNTR FGP CORP

**Mailing Address:**
5200 SW 122 AVE
MIAMI, FL 33175

**Business Type**
220 LUNCH WAGON / TRUCK

**Phone** 305-244-5159

**NAICS Code** 722330

## DESCRIPTION OF TAXES     TAXES LEVIED

| | | |
|---|---|---|
| (Past Due) | Prior Years | 225.00 |
| Current Year | 2014 | |
| County Wide Tax | | 40.00 |
| Beacon Council - Economic Dev | | 20.00 |
| Unincorporated Area Tax | | 40.00 |

**Amount Due by September 30, 2013    $325.00**

**Amount due with penalties if paid after due date**

| OCTOBER 10% | NOVEMBER 15% | DECEMBER 20% | JANUARY 25% | FEBRUARY 25% + $100 |
|---|---|---|---|---|
| 335.00 | 340.00 | 345.00 | 350.00 | 450.00 |

↑ RETAIN FOR YOUR RECORDS ↑

↓ IF REQUESTING CHANGES, DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT ↓

Items with a ★ require documentation for requested change

**Receipt Number:** 7136088

★ Business Name _____    Phone Number _____

Business Address _____    Employees/Units _____

Mailing Address _____    ★ Owner Name _____

★ C/O (President) _____    ★ Employer Identification Number or Social Security Number _____

**Your receipt is on hold.** To receive your receipt, you must submit copies of the following documents.

State License or Certificate _____

↑ RETAIN FOR YOUR RECORDS ↑

↓ DETACH HERE AND RETURN THIS PORTION WITH YOUR PAYMENT ↓

| 6861406 | 7136088 |
|---|---|
| ACCOUNT NUMBER | RECEIPT NUMBER |

FRESH FISH MARKET & FRUITS
OPERATING IN DADE COUNTY

*7136088*

140166

**2013-14 LOCAL BUSINESS TAX**

**Amount due with penalties if paid after due date**

| OCTOBER 10% | NOVEMBER 15% | DECEMBER 20% | JANUARY 25% | FEBRUARY 25% + $100 |
|---|---|---|---|---|
| 335.00 | 340.00 | 345.00 | 350.00 | 450.00 |

**Amount Due**
by September 30, 2013
**$325.00**

Make checks payable to:
**Miami-Dade County Tax Collector** (in U.S. funds drawn on U.S. banks)

ATTENTION UNLIMITED CNTR FGP CORP
TOMAS DIAZ PRES
5200 SW 122 AVE
MIAMI, FL 33175

**SIGNATURE REQUIRED**
Application is hereby made for a receipt or permit for the business profession or occupation described hereon. I swear/affirm that the information is true and correct.

7000000000000000000071360882014000000100000000000000008