CLAIM # 4702

which are the subject matter of this lawsuit, such records were made at or near the time by, or from information transmitted by, a person with knowledge, such records were kept in the course of the regularly conducted business activity of the plaintiff, and it was the regular practice of the plaintiff to make such records.

4.  That each and every allegation in the Complaint is true.

5.  Plaintiff is the owner and holder of said Note and Mortgage; none of the defaults alleged in the Complaint filed herein has been cured; and there remains due to Plaintiff on account of said Note and Mortgage, the following sums:

| | |
|---|---|
| PRINCIPAL BALANCE OF NOTE: | $1,003,803.59 |
| INTEREST THEREON AT $220.01 PER DIEM FROM SEPTEMBER 1, 2006 TO OCTOBER 2, 2007: | $90,593.83 |
| LATE CHARGES: | $1,898.16 |
| INSPECTIONS CONDUCTED ON PROPERTY: | $130.50 |
| APPRAISAL(S): | $95.00 |
| NON-SUFFCIENT FUNDS: | $15.00 |
| AD VALOREM TAXES: | $27,274.68 |
| HAZARD INSURANCE PREMIUMS: | $23,310.74 |
| TOTAL DUE TO PLAINTIFF AS OF THE DATE HEREOF (EXCLUSIVE OF COSTS INCURRED BY PLAINTIFF'S ATTORNEY): | $1,147,121.50 |

5a.  All late charges were accrued prior to acceleration of the loan.

6.  The street address of the subject property is 5200 SE 122ND AVE, MIAMI, FL 33175.

7.  Interest on the note at the aforesaid rate shall continue to accrue at the daily rate of $220.01 for each day after the date of this affidavit; and subsequent to the defaults alleged in the

CLAIM # 4702

7. Interest on the note at the aforesaid rate shall continue to accrue at the daily rate of $220.01 for each day after the date of this affidavit; and subsequent to the defaults alleged in the Complaint filed herein, Plaintiff engaged its attorney of record and in so doing agreed and obligated itself to pay said attorneys a reasonable fee for their services.

8. This affidavit is intended to show that there is available competent testimony which can be introduced at trial, if necessary.

9. The undersigned Agent further states that the below-described Power of Attorney has not been heretofore revoked by the Principal and is still in full force and effect.

HOMECOMINGS FINANCIAL, LLC

By: _____
CHERYL SAMONS
as Authorized Signatory of The Law Offices of
David J. Stern, P.A., pursuant to Corporate
Resolution, Its Attorney-in-Fact, pursuant to Power
of Attorney, both recorded in the Public Records of
Broward County, Florida

STATE OF FLORIDA
COUNTY OF BROWARD

PERSONALLY APPEARED BEFORE ME, the undersigned authority in and for the aforesaid County and State, on this, the 6 day of September, 2007 within my jurisdiction, the within named CHERYL SAMONS, as Authorized Signatory of the Law Offices of David J. Stern, P.A., as Attorney in Fact for and on behalf of HOMECOMINGS FINANCIAL, LLC, known to me to be the person whose name is subscribed to the foregoing instrument, and she acknowledged to me that she executed the same for the purpose and consideration therein expressed as the act and deed of said corporation and in the capacity therein stated. She is personally known to me and did take an oath.

WITNESS my hand and official seal in the County and State last aforesaid this 6 day of September, 2007.


RUTH MARIE PINERO
MY COMMISSION # DD555216
EXPIRES May 22, 2010

NOTARY PUBLIC: Ruth Pinero
MY COMMISSION EXPIRES: May 22, 2010

Johnson & Associates
Reporting and Transcription, Inc.

Claim # 4702

Page 1

IN THE CIRCUIT COURT OF THE 15TH JUDICIAL
CIRCUIT IN AND FOR PALM BEACH COUNTY, FLORIDA

CASE NO: 50 2008 CA 028558 XXXX MB

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE FOR MORGAN STANLEY ABS CAPITAL 1 INC.
TRUST 2006-HE4,

          Plaintiff,
vs.

███████████████████████; ANY AND ALL
UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER
AND AGAINST THE HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR
ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM
AN INTEREST AS SPOUSES, HEIRS, DEVISEES,
GRANTEES OR OTHER CLAIMANTS; HYPOLUXO WEST
PROPERTY OWNERS ASSOCIATION, INC. F/K/A
CONCEPT HOMES OF LANTANA, PHASE 9, PROPERTY
OWNERS ASSOCIATION, INC; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC; JOHN DOE AND JANE
DOE AS UNKNOWN TENANTS IN POSSESSION,

          Defendants.
_____/

          900 South Pine Island Road
          Plantation, Florida
          Wednesday, May 20th, 2009
          2:15 p.m.

          DEPOSITION OF CHERYL SAMONS

    Taken before Ruthanne Machson, Notary Public, in
and for the State of Florida at large in the above cause.

Sensor & Associates
Reporting and Transcription, Inc.

Page 119

C E R T I F I C A T E   of   O A T H

The State of Florida, )
County of Broward   . )

      I, the undersigned authority, certify that CHERYL SAMONS did personally appeared before me on the 20th day of May, 2009 and was duly sworn.

      WITNESS my hand and official seal this 31st of May, 2009.

_____
RUTHANNE MACHSON, Court Reporter
Notary Public - State of Florida
Commission No. DD 774525
Expires March 31, 2012

---

Page 2

1        A P P E A R A N C E S
2
3
4    ON BEHALF OF THE PLAINTIFF:
5
6        Law Offices of David J. Stern, P.A.
         900 S. Pine Island Road, Suite 400
7        Plantation, Florida 33324
         BY:  DONNA EVERTZ, ESQUIRE
8
9
10   ON BEHALF OF THE DEFENDANTS:
11
12       Ice Legal, P.A.
         1975 Sansburys Way, Suite 115
13       West Palm Beach, Florida 33411
         BY:  THOMAS E. ICE, ESQUIRE
14
15
16   ON BEHALF OF THE WITNESS:
17
18       DAVID C. BAKALAR, ESQUIRE
         450 N. Park Road, Suite 410
19       Hollywood, Florida 33021
20
21
22
23
24
25                              ---

1
2
3

      DIRECT EXAMINATION by Mr. Ice....................4

4
      CROSS EXAMINATION by Ms. Evertz................114
      REDIRECT EXAMINATION by Mr. Ice...............115

5
      CROSS EXAMINATION by Mr. Bakalar..............118

6
7
8                    E X H I B I T S
9
10
11
12
     Exhibit:         Description:               Page:
13
14
15
16    A           Assignment of Mortgage
                for ████████████
17            █████                           38
    B           Mortgage for █████
18           first three pages         49
    C           MIN Summary              53
19    D           Notice of Deposition     66
    E           Corporate Resolution     68
20    F           Agreement for Signing
                Authority                73
21    G           Loan Information        79
    H           Composite of Assignments
22           Executed                 87
23
24
25                        ---

Sonsor & Associates
Reporting and Transcription, Inc.

CLAIM # 4702

Page 4

```
 1   Thereupon,
 2                    CHERYL SAMONS
 3   having been first duly sworn or affirmed, was examined
 4   and testified as follows:
 5                    DIRECT EXAMINATION
 6   BY MR. ICE:
 7         Q.    Could you state your full name for the
 8   record, please.
 9         A.    Cheryl Samons.
10         Q.    Do you have a middle name?
11         A.    Lynn.
12         Q.    What is your business address?
13         A.    900 South Pine Island Road.
14         Q.    That's in Plantation?
15         A.    Yes.
16         Q.    What business is located there?
17         A.    The Law Offices of David Stern.
18         Q.    That is where you are employed?
19         A.    Yes, sir.
20         Q.    How long have you been employed here?
21         A.    Fourteen years.
22         Q.    I take it you have been deposed many times
23   before?
24         A.    Yes, sir.
25         Q.    How many times roughly?
```

Page 5

| | | |
|---|---|---|
| 1 | A. | Oh, four or five. Really not many. Four |
| 2 | or five. | |
| 3 | Q. | Is it always in connection with your |
| 4 | execution of documents for Stern clients? | |
| 5 | A. | No. |
| 6 | Q. | Okay. How many cases have you given |
| 7 | depositions for your role in executing documents for | |
| 8 | clients of David J. Stern, P.A? | |
| 9 | A. | This will be my first. |
| 10 | Q. | Do you feel comfortable -- I mean you are |
| 11 | familiar with depositions? I mean, I don't need to go | |
| 12 | through the formalities? | |
| 13 | A. | No, sir. |
| 14 | Q. | No, you don't feel comfortable or -- |
| 15 | A. | No, you don't need to go through the |
| 16 | formalities. | |
| 17 | Q. | What is your job title here? |
| 18 | A. | Operations Manager. |
| 19 | Q. | How long have you had that job title? |
| 20 | A. | Since I started. |
| 21 | Q. | Fourteen years? |
| 22 | A. | Yes, sir. |
| 23 | Q. | I understand you joined David Stern when he |
| 24 | left Shapiro and Fishman? | |
| 25 | A. | Yes, sir. |

Sensor & Associates
Reporting and Transcription, Inc.

Page 7

```
1           A.    Yes, sir.
2           Q.    In addition to assignments you sometimes
3    sign affidavits?
4           A.    Yes, sir.
5           Q.    How many documents do you sign, on average,
6    say a week?
7           A.    To be honest with you, sir, I don't know.
8           Q.    Do you have any way of estimating how many
9    documents you sign over a given time period?
10          A.    No, sir.
11                MR. BAKALAR:  Object to the form.  Document
12          is vague and over.
13                THE WITNESS:  Because I do sign a lot of
14          documents.
15                MR. BAKALAR:  A letter is a document.
16                THE WITNESS:  Right.  I sign letters, I
17          signs checks, I sign -- I mean, I sign a lot.
18   BY MR. ICE:
19          Q.    Fair enough.  I'm interested right now in
20   documents that are filed in Stern cases such as
21   assignments, affidavits, things that you are signing on
22   behalf of David Stern clients.
23                Can you estimate --
24                MR. BAKALAR:  Filed where, filed in a
25          recorder's office, in a court file?  Could you be
```

Sensor & Associates    CLAIM # 4702
Reporting and Transcription, Inc.

Page 8

1    more specific?

2         MR. ICE: Well, either one.

3         THE WITNESS: I don't have an estimate,

4    sir. I really don't.

5    BY MR. ICE:

6         Q.    Do you sign these kinds of documents,

7    affidavits, assignments every day?

8         A.    Yes, sir.

9         Q.    How long do you spend each day executing

10   these kinds of documents?

11        A.    Probably two hours.

12        Q.    When you spend the two hours, can you

13   estimate how many of these assignments and affidavits and

14   documents you are executing you do in that two hours?

15        A.    Again, I would just be giving a random

16   guess, sir. I don't know. There are four floors. There

17   are documents on every floor. It would be just a number.

18   I have no idea.

19        Q.    Well, just so we can kind of get an idea.

20   I mean, we're not talking about four or five documents,

21   correct?

22        A.    No, sir.

23        Q.    Would you say that it's more than a

24   hundred?

25        A.    If I had to guess, yes, sir.

Page 48

1       Q.      Is Wells Fargo Home Mortgage a client of
2  David J. Stern, P.A?
3       A.      Yes.
4       Q.      Just to be clear, before I had asked about
5  Wells Fargo Bank, NA?
6       A.      Uh-huh.
7       Q.      Is that a yes?
8       A.      Yes.
9       Q.      Is there a written agreement between Wells
10 Fargo Home Mortgage and David J. Stern, P.A. for legal
11 services?
12      A.      Off the top of my head, I do not know.
13      Q.      Is Deutsche Bank National Trust Company a
14 client of David J. Stern, P.A?
15      A.      No.
16      Q.      Exhibit A also says that MERS is assigning
17 the note, correct?
18      A.      Yes.
19      Q.      Did MERS ever have any ownership of the
20 note in order to assign it?
21      A.      Yes.
22      Q.      When did it acquire ownership of the note?
23      A.      I do not know.
24      Q.      Why is it that you believe MERS had
25 ownership of the note?

1   printout from MyFlorida.com Notary Public Commission
2   Detail for Valerie Nemes, correct?
3       A.   Yes.
4       Q.   And it shows that the issue date for her
5   commission was August 20th of 2008, correct?
6       A.   That's what it says, yes.
7       Q.   So how is it possible that this was
8   notarized on June 19th, 2007 over a year before she was
9   issued that commission?
10      A.   I can't testify to that.  I didn't notarize
11  it.
12      Q.   Okay.  Do you know what the real date this
13  was executed?
14      A.   I don't off the top of my head because I
15  don't remember this particular piece of paper.
16      Q.   Is there any way to reconstruct that
17  now?
18      A.   Not to my knowledge, no.
19      Q.   Would you agree with the statement that
20  this assignment was backdated so that it would appear to
21  have been executed right before the case was filed?
22      A.   No, I would not.
23      Q.   Michele Grant is one of the witnesses on
24  that assignment, correct?
25      A.   Yes.

Ensor & Associates
Reporting and Transcription, Inc.

Page 117

1    you mean by pertaining when you say it.
2             MR. ICE:  Any document that lists the name
3    of the Plaintiff.
4             MR. BAKALAR:  Okay.
5    BY MR. ICE:
6         Q.   Plaintiff's name is Deutsche Bank National
7    Trust Company, as Trustee for Morgan Stanley ABS Capital
8    1 Inc. Trust 2006-HE4?
9         A.   Okay.
10        Q.   Everything after the 4, which would be
11   Morgan Stanley ABS Capital 1 Inc. Trust 2006-HE4, is the
12   name of the trust?
13        A.   Okay.
14        Q.   Correct?
15        A.   Yes.
16        Q.   That's not the name of a company?
17        A.   Are you asking me or telling me?
18        Q.   I'm asking you.
19            MR. BAKALAR:  What is your question?
20   Objection to the form of the question.  It doesn't
21   seem like you're asking any questions.
22            MR. ICE:  Objection noted.  You can answer.
23            THE WITNESS:  I don't know.
24   BY MR. ICE:
25        Q.   Do you know what the initials ABS stand for

Sansor & Associates
Reporting and Transcription, Inc.

Page 120

```
 1                    C E R T I F I C A T E
 2
 3
     The State of Florida,        )
 4   County of Broward.           )
 5
 6
                I, RUTHANNE MACHSON, Court Reporter and Notary
 7   Public in and for the State of Florida at large, do
     hereby certify that I was authorized to and did
 8   stenographically report the deposition of CHERYL SAMONS;
     that a review of the transcript was not requested; and
 9   that the foregoing pages, numbered from 1 to 118,
     inclusive, are a true and correct transcription of my
10   stenographic notes of said deposition.
11              I further certify that said deposition was
     taken at the time and place hereinabove set forth and
12   that the taking of said deposition was commenced and
     completed as hereinabove set out.
13
                I further certify that I am not an attorney or
14   counsel of any of the parties, nor am I a relative or
     employee of any attorney or counsel of party connected
15   with the action, nor am I financially interested in the
     action.
16
                The foregoing certification of this transcript
17   does not apply to any reproduction of the same by any
     means unless under the direct control and/or direction of
18   the certifying reporter.
19              DATED this 31st day of May, 2009.
20
21              _____
                RUTHANNE MACHSON, Court Report
22              Notary Public - State of Florida
                    Commission No. DD 774525
23                    Expires March 31, 2012
24
25                         ---
```

**FILE COPY**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT, IN AND FOR MIAMI-DADE COUNTY,
FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: 2007-16754-CA

CLAIM # 4703

DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE

    PLAINTIFF

VS.

TOMAS DIAZ, ET AL

    DEFENDANT(S)

## EX PARTE MOTION TO VACATE SUMMARY FINAL JUDGMENT

COMES NOW, Plaintiff, DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE, by and through its undersigned counsel, hereby files this Ex Parte Motion to Vacate Summary Final Judgment and in support therefore states:

1. That on JANUARY 10, 2008, a Summary Final Judgment of Foreclosure was entered.

2. Plaintiff has discovered additional and necessary defendant(s) to this action.

WHEREFORE, Plaintiff respectfully request that this Court enter an Order Vacating Summary Final Judgment.

I HEREBY CERTIFY that on this 1st day of September, 2010, a true and correct copy of the foregoing Motion to Vacate Summary Final Judgment was mailed to:

RANDALL NORDLUND, ESQUIRE
ATTORNEY FOR TOMAS DIAZ
ONE SE 3RD AVENUE
SUNTRUST INTERNATIONAL CENTER, SUITE 1980
MIAMI, FL 33131

UNKNOWN SPOUSE OF TOMAS DIAZ
10420 SW 58TH ST
MIAMI, FL 2835

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.
C/O CORPORATE COUNSEL
3300 S. W. 34th AVE., SUITE #101
OCALA, FL 34474

BENEFICIAL FLORIDA, INC.
C/O CT CORPORATION SYSTEM, R. A.
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

NELSON QUEVEDO AND ANA VICKY QUEVEDO
1415 GARCIA AVE.
CORAL GABLES, FL 33134

CURRENT TENANTS
5200 SW 122ND AVE.
MIAMI, FL 33175

RYAN D. JOHNSON
Law Offices of David J. Stern, P.A.
900 South Pine Island Road, #400
Plantation, Florida 33324-3920
(954) 233-8000
Fla. Bar No.: 69156

07-88388 (HCNW)

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT, IN AND FOR MIAMI-DADE COUNTY,
FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: 2007-16754-CA

DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE
    PLAINTIFF
VS.

TOMAS DIAZ, ET AL
    DEFENDANT(S)

### ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO RESET FORECLOSURE SALE

THIS CAUSE, having come before the Court upon Plaintiff's Ex Parte Motion to Reset Foreclosure Sale, and the same having been considered, and the Court being otherwise fully advised in the premises, it is hereby:

**ORDERED AND ADJUDGED** as follows:

1. That Plaintiff's Motion to Reset Foreclosure Sale be and the same is hereby GRANTED.
2. That the foreclosure sale in this cause is reset for _2/19/09_, 2008 at ROOM 908 of the MIAMI-DADE County Courthouse, at 11:00 a.m. at 140 W. FLAGLER STREET, MIAMI, Florida.

**DONE AND ORDERED** in Chambers at MIAMI-DADE County, MIAMI, this ___ day of _____, 2008.

                              Margarita Esquiroz, Circuit Court Judge

Copies to:
LAW OFFICE OF DAVID J. STERN, P.A.
900 SOUTH PINE ISLAND ROAD, SUITE 400
PLANTATION, FL 33324-3920

