CASE NO.: 50 2008 CA 035677 XXXX MB+AURORA LOAN SERVICES, LLC. +ED... Page 1 of 45
12-12020-mg    Doc 4328-7    Filed 07/18/13    Entered 07/24/13 11:35:52    Exhibit 4 (Part 3)    Pg 1 of 10

C/AIM # 4702

Mario Kenny ™

# CASE NO.: 50 2008 CA 035677 XXXX MB+AURORA LOAN SERVICES, LLC.,+EDZER B. RICHARD a/k/a EDZER RICHARD, et al.,+DEPOSITION OF JASON BURGE+ full deposition transcript+by Brian Korte

Posted on March 31, 2012 | Leave a comment

Rate This

1

1 IN THE CIRCUIT COURT OF THE 15TH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

2

CASE NO.: 50 2008 CA 035677 XXXX MB

3

4 AURORA LOAN SERVICES, LLC.,

5 Plaintiff(s),

6 vs.

7 EDZER B. RICHARD a/k/a
EDZER RICHARD, et al.,

8
Defendant(s).

9 _____/

10
DEPOSITION OF JASON BURGE

11

12

Follow

CASE NO. 50 2008 CA 035677 XXXX MB-AURORA LOAN SERVICES, LLC -ED... Page 2 of 45
12-12020-mg    Doc 4528-7    Filed 08/05/13    Entered 08/05/13 11:55:52    Exhibit 4
(Part 3)    Pg 2 of 10

CLAIM #4702

13 Tuesday, January 31, 2012
1:00 p.m. – 1:35 p.m.
14

*Theme: Coraline by Automattic.*
*Blog at WordPress.com.*

15

16 2041 Vista Parkway
Suite 102
17 West Palm Beach, Florida 33411

1 APPEARANCES:

2 ON BEHALF OF THE PLAINTIFF(S):

3 JOHN A. SALCEDO, ESQUIRE
LAW OFFICES OF MARSHALL C. WATSON, P.A.
4 1800 N.W. 49th Street, Suite 120
Fort Lauderdale, Florida 33309
5
ON BEHALF OF THE DEFENDANT(S):
6
BRIAN W. KORTE, ESQUIRE
7 -and-
ALLEGRA FUNG, ESQUIRE
8 KORTE & WORTMAN, P.A.
2041 Vista Parkway, Suite 102
9 West Palm Beach, Florida 33411

1 - - -
INDEX
2 - - -

3 WITNESS DIRECT CROSS REDIRECT RECROSS

4 JASON BURGE

5 By Mr. Korte: 4

6

- - -
EXHIBITS
10 - - -

Follow

CASE NO. 50 2008 CA 035677 XXXX MB AURORA LOAN SERVICES, LLC, et... Page 44 of 45
12-12020-mg    Doc 4328-7    Filed 07/18/13    Entered 07/24/13 11:33:52    Exhibit 4
(Part 3)    Pg 3 of 10

C/AIM # 4702

37

1 C E R T I F I C A T E

2 STATE OF FLORIDA

3 COUNTY OF PALM BEACH

4

5 I, Tracy Lyn Fazio, Notary Public in and
for the State of Florida at Large, do hereby certify
6 that the aforementioned witness was by me first duly
sworn to testify the whole truth; that I was
7 authorized to and did report said deposition in
stenotype; and that the foregoing pages are a true
8 and correct transcription of my shorthand notes of
said deposition.
9
I further certify that said deposition was
10 taken at the time and place hereinabove set forth
and that the taking of said deposition was commenced
11 and completed as hereinabove set out.

12 I further certify that I am not attorney or
counsel of any of the parties, nor am I a relative or
13 employee of any attorney or counsel of party connected
with the action, nor am I financially interested in the
14 action.

15 The foregoing certification of this
transcript does not apply to any reproduction of the
16 same by any means unless under the direct control
and/or direction of the certifying reporter.
17
Dated this 1st day of February, 2012.
18

19

20

21 _____

Follow

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: 2007-16754-CA

*CLAIM #4702*
*TOMAS DIAZ*
*5200 SW 122 AVE MIAMI*
*33175*

DEUTSCHE BANK TRUST COMPANY AMERICAS,
AS TRUSTEE
    PLAINTIFF
VS.
TOMAS DIAZ, ET AL
    DEFENDANT(S)

## EX PARTE MOTION TO RESET FORECLOSURE SALE

Plaintiff, by and through its undersigned counsel, hereby files this Ex Parte Motion to Reset Foreclosure Sale and in support thereof states:

1. The Plaintiff filed its Complaint on JUNE 1, 2007.
2. The Summary Final Judgment was entered on JANUARY 8, 2008 and the Foreclosure Sale was scheduled for MARCH 12, 2008.
3. On or about MARCH 12, 2008, the Plaintiff voluntarily canceled the foreclosure sale. DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE sold the loan to AURORA LOAN SERVICING, LLC.
4. No settlement has been achieved and the Plaintiff now elects to proceed with the foreclosure sale.
5. Plaintiff request to take title in the name of AURORA LOAN SERVICING, LLC.

**WHEREFORE**, Plaintiff requests that this Court enter an Order to Reset the Foreclosure Sale in this Cause.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Ex Parte Motion to Reset Sale was mailed this _9_ day of _May_, 2008 to:

RANDALL NORDLUND, ESQUIRE
ATTORNEY FOR TOMAS DIAZ
ONE SE 3RD AVENUE
SUNTRUST INTERNATIONAL CENTER
SUITE 1980
MIAMI, FL 33131

UNKNOWN SPOUSE OF TOMAS DIAZ
10420 SW 58TH ST
MIAMI, FL 2835

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
1595 SPRING HILL ROAD, SUITE 310
VIENNA, VA 22182

BENEFICIAL FLORIDA, INC.
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

NELSON QUEVEDO
ANA VICKY QUEVEDO
1415 GARCIA AVENUE
CORAL GABLES, FL 33134

_____
MATTHEW L. KAHL   *for*
Law Offices of David J. Stern, P.A.   *30077*
Attorney for Plaintiff
900 South Pine Island Road Suite 400
Plantation, FL 33324-3920
(954) 233-8000
Florida Bar #: 766801

Case #: 07-88388(HCNW)

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL
CIRCUIT, IN AND FOR MIAMI-DADE COUNTY,
FLORIDA
GENERAL JURISDICTION DIVISION
CASE NO: 2007-16754-CA

DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE
    PLAINTIFF
VS.

TOMAS DIAZ, ET AL
    DEFENDANT(S)

**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO RESET FORECLOSURE SALE**

**THIS CAUSE,** having come before the Court upon Plaintiff's Ex Parte Motion to Reset Foreclosure Sale, and the same having been considered, and the Court being otherwise fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. That Plaintiff's Motion to Reset Foreclosure Sale be and the same is hereby **GRANTED**.

2. That the foreclosure sale in this cause is reset for _August 1_, 2008 in Room 908 of the MIAMI-DADE County ~~Courthouse~~, at 11:00 a.m. at 140 W. FLAGLER STREET, MIAMI, Florida.

3. Plaintiff request to take title in the name of AURORA LOAN SERVICING, LLC _is granted._

**DONE AND ORDERED** in Chambers at MIAMI-DADE County, MIAMI, this ____ day of _JUL_____, 2008.

JUL 01 2008

_Margarita Esquiroz,_ Circuit Court Judge

Copies to:

LAW OFFICE OF DAVID J. STERN, P.A.
900 SOUTH PINE ISLAND ROAD, SUITE 400
PLANTATION, FL 33324-3920

RANDALL NORDLUND, ESQUIRE
ATTORNEY FOR TOMAS DIAZ
ONE SE 3RD AVENUE
SUNTRUST INTERNATIONAL CENTER
SUITE 1980
MIAMI, FL 33131

UNKNOWN SPOUSE OF TOMAS DIAZ
10420 SW 58TH ST
MIAMI, FL 2835

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
1595 SPRING HILL ROAD, SUITE 310
VIENNA, VA 22182

BENEFICIAL FLORIDA, INC.
C/O CT CORPORATION SYSTEM, REGISTERED AGENT
1200 S. PINE ISLAND ROAD
PLANTATION, FL 33324

NELSON QUEVEDO
ANA VICKY QUEVEDO
1415 GARCIA AVENUE
CORAL GABLES, FL 33134

Book 26500 Page 1777 Total Pages 1
CFN # 20080619337 Case # 07-016754-CA-01
Rec. Date 07/29/2008  Arleneg

Case #: 07-88388(HCNW)

UNITED STATES OF AMERICA
Before The
OFFICE OF THRIFT SUPERVISION

| | |
|---|---|
| In the Matter of | Order No.: NE-11-16 |
| **AURORA BANK FSB** | Effective Date: April 13, 2011 |
| Wilmington, Delaware<br>OTS Docket No. 06069 | |

## STIPULATION AND CONSENT TO ISSUANCE OF A CONSENT ORDER

The Office of Thrift Supervision (OTS) intends to impose a Consent Order on Aurora Bank FSB (Association) pursuant to 12 U.S.C. § 1818(b), for unsafe or unsound banking practices relating to mortgage servicing and the initiation and handling of foreclosure proceedings;

The Association, in the interest of compliance and cooperation, enters into this Stipulation and Consent to Issuance of a Consent Order (Stipulation) and consents to the issuance of a Consent Order (Order);

In consideration of the above premises, the OTS, through its authorized representative, and the Association, through its duly elected and acting Board of Directors, stipulate and agree to the following:

### Jurisdiction.

1. The Association is a "savings association" within the meaning of 12 U.S.C. § 1813(b) and 12 U.S.C. § 1462(4). Accordingly, the Association is "an insured depository institution" as

that term is defined in 12 U.S.C. § 1813(c).

2.     Pursuant to 12 U.S.C. § 1813(q), the Director of the OTS is the "appropriate Federal banking agency" with jurisdiction to maintain an administrative enforcement proceeding against a savings association. Therefore, the Association is subject to the authority of the OTS to initiate and maintain an administrative cease and desist proceeding against it pursuant to 12 U.S.C. § 1818(b).

**Consent.**

3.     The Association, without admitting or denying any wrongdoing, consents to the issuance by the OTS of the accompanying Order. The Association further agrees to comply with the terms of the Order upon the Effective Date of the Order and stipulates that the Order complies with all requirements of law.

**Finality.**

4.     The Order is issued by the OTS under 12 U.S.C. § 1818(b). Upon the Effective Date, the Order shall be a final order, effective, and fully enforceable by the OTS under the provisions of 12 U.S.C. § 1818(i).

**Waivers.**

5.     The Association waives the following:

(a)     the right to be served with a written notice of the OTS's charges against it as provided by 12 U.S.C. § 1818(b) and 12 C.F.R. Part 509;

(b)     the right to an administrative hearing of the OTS's charges as provided by 12 U.S.C. § 1818(b) and 12 C.F.R. Part 509;

(c) the right to seek judicial review of the Order, including, without limitation, any such right provided by 12 U.S.C. § 1818(h), or otherwise to challenge the validity of the Order; and

(d) any and all claims against the OTS, including its employees and agents, and any other governmental entity for the award of fees, costs, or expenses related to this OTS enforcement matter and/or the Order, whether arising under common law, federal statutes, or otherwise.

**OTS Authority Not Affected.**

6. Nothing in this Stipulation or accompanying Order shall inhibit, estop, bar, or otherwise prevent the OTS from taking any other action affecting the Association if at any time the OTS deems it appropriate to do so to fulfill the responsibilities placed upon the OTS by law.

**Other Governmental Actions Not Affected.**

7. The Association acknowledges and agrees that its consent to the issuance of the Order is solely for the purpose of resolving the matters addressed herein, consistent with Paragraph 6 above, and does not otherwise release, discharge, compromise, settle, dismiss, resolve, or in any way affect any actions, charges against, or liability of the Association that arise pursuant to this action or otherwise, and that may be or have been brought by any governmental entity other than the OTS.

**Miscellaneous.**

8. The laws of the United States of America shall govern the construction and validity of this Stipulation and of the Order.

Aurora Bank FSB
Stipulation and Consent to Issuance of a Consent Order
Page 3 of 5

9.     If any provision of this Stipulation and/or the Order is ruled to be invalid, illegal, or unenforceable by the decision of any Court of competent jurisdiction, the validity, legality, and enforceability of the remaining provisions hereof shall not in any way be affected or impaired thereby, unless the Regional Director in his or her sole discretion determines otherwise.

10.    All references to the OTS in this Stipulation and the Order shall also mean any of the OTS's predecessors, successors, and assigns.

11.    The section and paragraph headings in this Stipulation and the Order are for convenience only and shall not affect the interpretation of this Stipulation or the Order.

12.    The terms of this Stipulation and of the Order represent the final agreement of the parties with respect to the subject matters thereof, and constitute the sole agreement of the parties with respect to such subject matters. Nothing in this Stipulation or the Order, express or implied, shall give to any person or entity, other than the parties hereto, and their successors hereunder, any benefit or any legal or equitable right, remedy or claim under this Stipulation or the Order.

13.    The Stipulation and Order shall remain in effect until terminated, modified, or suspended in writing by the OTS, acting through its Regional Director or other authorized representative.

14.    For purposes of, and within the meaning of 12 C.F.R. §§ 563.555, 563.560, and 565.4, this Consent Order shall not be construed to be a "cease-and-desist order", "consent order", or "order", unless the OTS informs the Association otherwise.

**Signature of Directors/Board Resolution.**

15.    Each Director signing this Stipulation attests that he or she voted in favor of a Board Resolution authorizing the consent of the Association to the issuance of the Order and the execution of the Stipulation.

CLAIM # 4702

WHEREFORE, the Association, by its directors, executes this Stipulation.

**AURORA BANK FSB**  
**Wilmington, Delaware**

**OFFICE OF THRIFT SUPERVISION**

By: ____/s/_____  
William A. Wesp, Chairman

By: ____/s/_____  
Michael E. Finn  
Regional Director, Northeast Region

Date: See Effective Date on page 1

____/s/_____  
Theodore Janulis, Director

____/s/_____  
Lana Harber, Director

____/s/_____  
Douglas Lambert, Director

____/s/_____  
Dan Rabinowitz, Director