MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
-------------------------------------------------------------------


**DEBTORS' OMNIBUS REPLY IN SUPPORT OF DEBTORS'**
**FOURTH AND FIFTH OMNIBUS CLAIMS OBJECTIONS**
**TO LATE-FILED CLAIMS**

# TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ............................................................................................ 1

**BACKGROUND** ...................................................................................................................... 1

    **I.**     **ENTRY OF THE BAR DATE ORDER AND NOTICE OF THE
BAR DATE** ............................................................................................................ 1

    **II.**    **OBJECTIONS AND THE RESPONSES** ........................................................... 3

**ARGUMENT** ............................................................................................................................ 3

    **I.**     **SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT** .................... 3

    **II.**    **EACH RESPONDENT HAS FAILED TO DEMONSTRATE
EXCUSABLE NEGLECT** ................................................................................... 4

        **A.**    **The Reason for the Delay, Including Whether it was Within the
Reasonable Control of the Movant** ............................................................ 6

        **B.**    **The Danger of Prejudice to the Debtors** ................................................... 6

        **C.**    **Whether the Respondents Acted in Good Faith** ..................................... 8

        **D.**    **The Length of Delay and its Potential Impact on Judicial
Proceedings** ................................................................................................. 8

ny-1100661

# TABLE OF AUTHORITIES

Page(s)

CASES

Hagner v. United States,
   285 U.S. 427 (1932) ................................................................................................4

In re Alexander's Inc.,
   176 B.R. 715 (Bankr. S.D.N.Y. 1995) ...................................................................4

In re BGI, Inc.,
   476 B.R. 812 (Bankr. S.D.N.Y. 2012) (Glenn, J.) .............................................5, 9

In re BH S & B Holdings LLC,
   435 B.R. 153 (Bankr. S.D.N.Y. 2010) (Glenn, J.) .........................................5, 6, 7

In re Dana Corp.,
   No. 06–10354 (BRL), 2008 WL 2885901 (Bankr. S.D.N.Y. July 23, 2008) ...........7

In re Enron Corp.,
   419 F.3d 115 (2d Cir. 2005)..........................................................................5, 6, 7, 9

In re Lehman Brothers Holdings Inc.,
   433 B.R. 113 (Bankr. S.D.N.Y. 2010) ...................................................................6

In re Kmart Corp.,
   381 F.3d 709, 714-15 (7th Cir. 2004) .....................................................................9

In re WorldCom, Inc.,
   No. 02-13533, 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) ...............3

Pioneer Investment Services Co. v. Brunswick Associates Limted Partnership,
   507 U.S. 380 (1993)........................................................................................ passim

Riverhead Transit Mix Corp. v. Walsh Construction Co.,
   No. 091-7142-511, 1995 WL 1051649 (Bankr. S.D.N.Y. June 29, 1995) ..............................4

OTHER AUTHORITIES

Transcript of Hearing, In re Residential Capital, LLC, Case No. 12-12020 (Bankr.
   S.D.N.Y. Apr. 30, 2013) .........................................................................................7

Order Denying Request for Late-Filed Proof of Claim of Donna Chinloy [Docket No.
   3973], In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. June 13,
   2013) ......................................................................................................................7

Stipulation and Order Resolving (I) Motions by Julio Solano for (A) for Relief from the
   Automatic Stay and (B) to file a Late Proof of Clam and (II) Adversary Proceeding
   Filed by Julio Solano [Docket No. 4236], In re Residential Capital, LLC,
   Case No. 12-12020 (Bankr. S.D.N.Y. July 15, 2013)..............................................8

Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") hereby submit this omnibus reply (the "Reply") to certain responses, objections, and oppositions (collectively, the "Responses") interposed by those claimants (collectively, the "Respondents"), listed on Exhibit 1 annexed hereto, to the *Debtors' Fourth Omnibus Objection to Claims (Late-Filed Borrower Claims)* [Docket No. 3923] (the "Fourth Omnibus Claims Objection") and the *Debtors' Fifth Omnibus Objection to Claims (Late-Filed Borrower Claims)* [Docket No. 3924] (the "Fifth Omnibus Claims Objection" and together with the Fourth Omnibus Claims Objection, the "Objections"), and in further support of the Objections.  In support hereof, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1.     The Debtors have examined each of the Responses and the statements and exhibits submitted in support thereof.  Exhibit 1 contains a summary of each Respondent's purported justification for filing his or her proof of claim after the Bar Date (defined below).  For purposes of this Reply and the Objections, the Debtors have taken these statements at face value.  If the Court is not prepared to rule on the Objections with respect to any of the Respondents, the Debtors reserve the right to take discovery from any such Respondent.

2.     Each of the Respondents has failed to demonstrate that their respective circumstances satisfy the standards for excusable neglect applicable in this District so as to permit any of the Respondents to file an untimely proof of claim.  Accordingly, the relief sought in the Objections should be granted with respect to the Respondents.

ny-1100661

## BACKGROUND

I.    **ENTRY OF THE BAR DATE ORDER AND NOTICE OF THE BAR DATE**

3.      On August 29, 2012, this Court entered its *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").   The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

4.      Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "Bar Date Notice").   The Bar Date Notice states that, subject to certain exceptions not applicable here "You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date . . . even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date."   Bar Date Notice ¶ 1.   The Bar Date Notice further states:

> **ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

Bar Date Notice ¶ 6.

5.      In accordance with the Bar Date Order, on or before October 5, 2012, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' claims and noticing agent, served a

copy of the Bar Date Notice on each Respondent at the address for such Respondent reflected in the Debtors' books and records as of the Petition Date.[1]  See Affidavits of Kurtzman Carson Consultants, LLC [Docket Nos. 1412, 2179] reflecting service of the Bar Date Notice on each of the Respondents, annexed hereto as Exhibit 2.[2]

## II.     OBJECTIONS AND THE RESPONSES

6.      Subsequent to the Debtors' filing of the Objections and prior to the July 15, 2013 omnibus hearing date scheduled for the Objections, each of the Respondents submitted a Response, as set forth on Exhibit 1 annexed hereto.  Upon their initial review of the Responses and in consultation with SilvermanAcampora LLP ("SilvermanAcampora"), special borrowers' counsel to the official committee of unsecured creditors, the Debtors obtained the Respondents' consent to adjourn the matters relating to the Responses to the next omnibus hearing date scheduled for July 26, 2013.

### ARGUMENT

## I.     SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT

7.      Courts in this circuit support the view that "[a] rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed."  See In re WorldCom, Inc., No.

---

[1]     The Bar Date Notice was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, which additionally notified claimants that proofs of claim against the Debtors must be received on or before the Bar Date.  See Bar Date Notice ¶¶ 1, 3; see also *Amended Affidavit of Publication re: Notice of Deadlines for Filing Proofs of Claim in the Wall Street Journal and USA Today* [Docket No. 1660]. In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

[2]     Four of the Respondents were served with the Bar Date Notice on or before September 7, 2012 as part of the creditor matrix bar date mailing completed by KCC: (i) Mahnaz Rahbar; (ii) Christine and Harris Davis; (iii) Beverly Lynn Bartosz; and (iv) Todd Phelps.  The other four Respondents were served with the Bar Date Notice on or before October 5, 2012 as part of the customer list mailing completed by KCC: (i) Mark and Lynn Ostreicher; (ii) Kenneth and Kristi Walker; (iii) Aisha M. Harris; and (iv) James Fox.  The notices sent to those Respondents on the customer list were not made publicly available, pursuant to KCC's practices, for privacy reasons (as borrower information is included therein) and due to the voluminous size of the exhibit to the affidavit of service for customers, which includes information for over two million parties.

3

02-13533, 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) (finding that

a claimant received notice of a bar date based on evidence demonstrating that notice was

properly addressed and mailed); see also Hagner v. United States, 285 U.S. 427, 430 (1932)

("The rule is well settled that proof that a letter properly directed was placed in a post office

creates a presumption that it reached its destination in usual time and was actually received by

the person to whom it was addressed.").  See, e.g., In re Alexander's Inc., 176 B.R. 715, 721

(Bankr. S.D.N.Y. 1995) (it is "black letter law" that properly mailed bar date notice presumed to

be received); Riverhead Transit Mix Corp. v. Walsh Const. Co., No. 091-7142-511, 1995 WL

1051649, at *11 (Bankr. S.D.N.Y. June 29, 1995) ("affidavit of service is sufficient evidence to

raise a presumption of receipt by the party served").

8.    The Debtors are entitled to the presumption that each Respondent timely

received the Bar Date Notice.  As reflected in Exhibit 2, the Debtors properly and timely notified

the Respondents of the Bar Date.  KCC mailed the Bar Date Notice to Respondents at the

addresses reflected in the Debtors' records.  Nothing in any of the Responses, summarized on

Exhibit 1 annexed hereto, rebuts the presumption, which remains in favor of the Debtors.  See

Exhibit 1.  Accordingly, the Debtors satisfied due process requirements and the requirements of

the Bankruptcy Code and Rules.

## II.    EACH RESPONDENT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT

9.    The Supreme Court considered the test for determining whether a creditor

may be permitted to file a late proof of claim in Pioneer Inv. Servs. Co. v. Brunswick Assocs.

Ltd. P'ship, 507 U.S. 380 (1993).  In Pioneer,[3] the Court explained that Congress, in empowering

"the courts to accept late filings 'where the failure to act was the result of excusable neglect,'

---

[3]    Unless otherwise specified, references to Pioneer are to the Supreme Court's decision.

ny-1100661

plainly contemplated that courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." <u>Id.</u> at 388.  The Court explained that "the determination [regarding whether a failure to act constitutes excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (i) "the reason for the delay, including whether it was within the reasonable control of the movant," (ii)  "the danger of prejudice to the debtor," (iii) "whether the movant acted in good faith," and (iv) "the length of delay and its potential impact on judicial proceedings." <u>Id.</u> at 395.

10.    The Second Circuit takes a "hard line" approach in applying the <u>Pioneer</u> test.  <u>In re Enron Corp.</u>, 419 F.3d 115, 122 (2d Cir. 2005); <u>see also</u> <u>In re BGI, Inc.</u>, 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (Glenn, J.).  The Second Circuit has observed that three of the <u>Pioneer</u> factors typically will weigh in favor of the movant – the length of the delay, the danger of prejudice, and the movant's good faith.  <u>In re Enron Corp.</u>, 419 F.3d at 122; <u>see also</u> <u>In re BH S & B Holdings LLC</u>, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (Glenn, J.).  As a result, the Second Circuit has focused on the fourth factor, "the reason for the delay, including whether it was within the reasonable control of the movant." <u>In re Enron Corp.</u>, 419 F.3d at 123 (internal quotations omitted).  Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the <u>Pioneer</u> test." <u>Id.</u> at 123 (internal quotations omitted).  Instead, "[O]nly in unusual instances would inadvertence, ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." <u>In re BH S & B Holdings LLC</u>, 435 B.R. at 168 (quoting

5

In re Northwest Airlines Corp., 2007 WL 498285, at *3 (Bankr. S.D.N.Y. Feb. 9, 2007) (internal quotations omitted)).

11.    Here, each Respondent has failed to meet his or her burden of showing excusable neglect.  See In re PT-1 Commc'ns, Inc., 403 B.R. 250, 260 (Bankr. E.D.N.Y. 2009) (concluding that late filer bears burden of demonstrating excusable neglect); see also In re BH S & B Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on the movant). Each Respondent's failure to "follow the clear dictates of a court rule" and provide any justification or arguments as to why he or she should be permitted to file a late proof of claim in the Chapter 11 Cases simply cannot arise to the type of "unusual instance[]" in which "inadvertence, ignorance of the rules, or mistakes construing the rules . . . [would] constitute excusable neglect."  In re Enron Corp., 419 F.3d at 123; In re BH S & B Holdings LLC, 435 B.R. at 168.  The Debtors and SilvermanAcampora analyzed the Responses and related proofs of claim submitted by each of the Respondents.    After consultation, the Debtors and SilvermanAcampora both concluded that in each case, the Respondents failed to provide evidence to meet the excusable neglect standard.  Accordingly, SilvermanAcampora supports the Debtors' proposed treatment of the proofs of claim as set forth in the Objections.

**A.    The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant**

12.    Here, the Debtors submit that they served the Bar Date Notice at correct addresses for the Respondents.  Notwithstanding that timely service was made at valid addresses, the Respondents argue that they should be permitted to file late proofs of claim.  Even when a potential claimant somehow is confused by the notices that potential claimant received, mistakes by the recipient of a bar date notice or the recipient's failure to comprehend the notice's importance despite the notice's clear mandates do not constitute excusable neglect.  See In re

ny-1100661

Lehman Bros. Holdings Inc., 433 B.R. 113, 124 (Bankr. S.D.N.Y. 2010) (noting that individual creditor's failure to file proof of claim was within movant's reasonable control and "resulted from a failure to coordinate, a lack of supervision, or a mistake"); In re Dana Corp., No. 06–10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (lawyers' failure to comprehend significance of bar date notice was not sufficient reason for delay under Pioneer test).   Indeed, this Court recently denied a similar request in these Chapter 11 Cases in an instance where the movant failed to rebut the presumption that the Bar Date Notice was received. See Order Denying Request for Late-Filed Proof of Claim of Donna Chinloy [Docket No. 3973], In re Residential Capital, LLC, No. 12-12020 (Bankr. S.D.N.Y. June 13, 2013) (finding that "[i]n light of the policy of strict observance of bar dates, and in looking to the standard for excusable neglect," pro se borrower who has "put forward no evidence to rebut the presumption" and provided no viable reason to excuse the delay in filing a proof of claim failed to meet her burden and cannot have leave to file a late claim).   See also Transcript of Hearing[4] at 36:17-20, In re Residential Capital, LLC, Case No. 12-12020 (Bankr. S.D.N.Y. Apr. 30, 2013) (stating "[o]nly in unusual circumstances where ignorance of the rules or mistakes construing the rules constitute excusable neglect.") (citing In re BH S & B Holdings, LLC, 453 B.R. at 163. Accordingly, this factor weighs heavily in favor of denying the relief sought in the Responses and granting the relief sought in the Objections.

**B.    The Danger of Prejudice to the Debtors**

13.    Although the size of each Respondent's purported claim is small in comparison to the aggregate claims filed in the Debtors' Chapter 11 Cases, the Debtors would be prejudiced if the Court grants the relief requested by any of the Respondents.   Granting the relief

---

[4]    Discussing *Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim* [Docket No. 3238] and denying the relief requested therein.

sought in the Responses would negate the goal of finality that claims' bar dates are intended to instill. See In re Enron Corp., 419 F.3d at 131-32 (affirming bankruptcy court's denial of late filed proof of claim and noting that permitting the first claim could invite late claims from many other potential claimants with similar claims). On this basis, the relief sought in the Objections should be granted.

14.     The Debtors' concern that granting the relief requested in the Responses could open the floodgates to other similar requests is not unfounded. The Debtors are involved in thousands of lawsuits involving many active *pro se* and represented litigants. *See, e.g., Declaration of Lauren Graham Delehey, In-House Litigation Counsel at Residential Capital, LLC, in Support of Debtors' Objection to Plaintiffs' Motion to Lift Stay filed by Richard D. Rode [Docket Nos. 2153, 2154, and 2157]* [Docket No. 2682], Exhibit 1, ¶ 3 (describing pending litigation involving the Debtors, as of January 21, 2013, including "tens of thousands of foreclosure actions and borrower bankruptcies"). Permitting any of the Respondents to file a late proof of claim could be construed as an invitation for other parties to make similar requests. Indeed, to date, three parties have filed requests seeking to file untimely claims. As noted above, this Court denied two of such requests.[5]

15.     Similarly, creating uncertainty regarding the ability of other potential claimants to file late proofs of claim, particularly at this stage of the Chapter 11 Cases, could impair the Debtors' ability to efficiently move forward with the process of confirming the plan proposed in these Chapter 11 Cases [Docket No. 4153] (the "Plan"). As with any Chapter 11 plan, the Debtors, as a co-proponent of the Plan along with the official committee of unsecured

---

[5]     A third request was withdrawn by the movant. See Stipulation and Order Resolving (I) Motions by Julio Solano for (A) for Relief from the Automatic Stay and (B) to file a Late Proof of Clam and (II) Adversary Proceeding Filed by Julio Solano [Docket No. 4236], *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr. S.D.N.Y. July 15, 2013).

creditors, must ensure that similarly situated creditors are treated in a like manner under the terms of the Plan.  Confirmation of the Plan will require finality as to the scope and magnitude of the general unsecured claims pending against the Debtors' estates, and to the extent that claimants are permitted to file untimely claims, the Plan proponents will be unnecessarily burdened with having to assess, reconcile and address claims that are otherwise untimely and not to be recognized in a Chapter 11 proceeding.  Therefore, the Court should not open the door to untimely proofs of claim.  See In re BGI, Inc., 476 B.R. at 824 (factors to consider in assessing the danger of prejudice include "the disruptive effect permitting the late claim would have on plan formation."  (internal citations and quotations omitted)).

### C.    Whether the Respondents Acted in Good Faith

16.    The Debtors do not contend that the Respondents acted other than in good faith; although, the Debtors reserve the right to seek discovery from and depose any of the Respondents.

### D.    The Length of Delay and its Potential Impact on Judicial Proceedings

17.    Here, the delay between the Bar Date and the filing of the Respondents' proofs of claim ranges from approximately several days to two months.  In light of the clear notice provided to all claimants, including the Respondents, and the time provided to all claimants to file proofs of claim in these Chapter 11 Cases, any length of delay, along with the lack of reasons for the delay and the circumstances justifying the delay, support a finding that this Pioneer factor is at best neutral to the Respondents, particularly given the juncture of the Chapter 11 Cases.  See In re Enron Corp., 419 F.3d at 128 (length of the delay "must be considered in the context of the proceeding as a whole" and, in some instances, courts have rejected claims filed just one day late) (citing In re Kmart Corp., 381 F.3d 709, 714-15 (7th Cir. 2004), cert. denied sub nom. Simmons v. Kmart Corp., 543 U.S. 1056 (2005)).

9

WHEREFORE, the Debtors respectfully submit that the relief sought in the Objections

should be granted and the Respondents be barred from asserting any claims against the estates.

Dated:  July 24, 2013
     New York, New York

/s/  Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

10

ny-1100661

**Exhibit 1**

**Responses**

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| *Fourth Omnibus Claims Objection* | | | |
| Mahnaz Rahbar | *Response of Mahnaz Rahbar to Notice of Hearing on Fourth Omnibus Objection to Claims (Late-Filed Claims)* | 4165 | The proof of claim was filed on 11/20/12.<br><br>According to the response and backup documents, this claimant paid to have the proof of claim mailed and delivered by 11/16/12, but due to family advice, withdrew the package before it reached KCC. After a change of heart, the claimant re-sent the proof of claim, which was received by KCC on 11/20/12. The response does not satisfy the claimant's burden of demonstrating that her alleged circumstances meet the applicable standard of excusable neglect. |
| Christine and Harris Davis | *Response of Christine and Harris Davis to Fourth Omnibus Objection to Claims (Late-Filed Claims)* | 4181 | The proof of claim was filed on 1/14/13.<br><br>The response includes documentation purporting to support the proof of claim, including a statement of their mortgage history and letter from the Woodson Law Firm mentioning the same and the counterclaim claimants filed against GMAC Mortgage, LLC. There is no discussion or explanation as to why the proof of claim should be allowed despite its untimely filing. The response does not satisfy the claimants' burden of demonstrating that their alleged circumstances meet the applicable standard of excusable neglect. |

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Mark and Lynn Ostreicher | *Response of Mark and Lynn Ostreicher to Fourth Omnibus Objection to Claims (Late-Filed Claims)* | 4079 | The proof of claim was filed on 11/29/12.<br><br>The claimants assert that they were notified of the bar date on 11/8/12, but do not substantiate this allegation.  Claimants argue that the date they received the Bar Date Notice, combined with the fact that claimants are unfamiliar with bankruptcy practices and restructuring activities under chapter 11, support their position that they filed their proof of claim as quickly as possible.  Attached as <u>Exhibit 2</u> is the affidavit of service from KCC, which reflects service of the Bar Date Notice on these claimants on or before October 5, 2012.  The response does not satisfy the claimants' burden of demonstrating that their alleged circumstances meet the applicable standard of excusable neglect. |
| Kenneth and Kristi Walker | *Response of Kenneth and Kristi Walker to Fourth Omnibus Objection to Claims (Late-Filed Claims)* | 4171 | The proof of claim was filed on 12/4/12.<br><br>The response states that their claim should not be disallowed because they have been customers in connection with their loan since 2005, "and should be entitled to any settlement as a result of the lawsuit."  They admit that it was unfortunate that the Court received their claim too late, but state that they should be considered for any settlement in the amount of up to $12,000.  The response does not satisfy the claimants' burden of demonstrating that their alleged circumstances meet the applicable standard of excusable neglect. |

2

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Aisha M. Harris | *Response of Aisha M. Harris to Fourth Omnibus Objection to Claims (Late-Filed Claims)* | 4170 | The proof of claim was filed on 11/29/12.<br><br>In the response, claimant states that she did not understand that her legal rights would be affected by failing to meet the bar date deadline, and that she could not afford counsel to help her understand and/or formulate a response.  The response does not satisfy the claimant's burden of demonstrating that her alleged circumstances meet the applicable standard of excusable neglect. |
| James R. and Terri L. Fox | *Response of James R. and Terri L. Fox to Fourth Omnibus Objection to Claims (Late-Filed Claims)* | 4165 | The proof of claim was filed on 1/15/13.<br><br>This response states that the claimants do not understand why the Debtors are seeking to disallow and expunge their proof of claim.  They assert that their loan "was based on fraud, which has no time limit."  The response does not satisfy the claimants' burden of demonstrating that their alleged circumstances meet the applicable standard of excusable neglect. |

3

| CLAIMANT | RESPONSE | DOCKET NO. | COMMENTS |
|---|---|---|---|
| Mr. and Mrs. Norbert Barbosz | *Letter Regarding Objection to Debtors' Fourth Omnibus Claims Objection* | 4234 | The proof of claim was filed on 11/26/12.<br><br>In the response, claimants state only that the Company has the information to prove their claim. Claimants further state that they do not understand what to do or how to proceed, and do not have a lawyer. The response provides no excuse or other support for the untimely filing of their proof of claim. The response does not satisfy the claimants' burden of demonstrating that their alleged circumstances meet the applicable standard of excusable neglect. |
| *Fifth Omnibus Claims Objection* | | | |
| Todd Phelps | *Response of Todd Phelps to Debtors' Fifth Omnibus Objection to Claims (Late-Filed Borrower Claims)* | 4203 | The proof of claim was filed on 12/4/12.<br><br>Claimant's objection to the disallowance of his proof of claim reiterates the asserted basis for his claim. Claimant states he recovered some of the money lost, but not all. The objection provides no mention of any reason why the proof of claim was untimely filed. The response does not satisfy the claimant's burden of demonstrating that his alleged circumstances meet the applicable standard of excusable neglect. |

## **Exhibit 2**

**Affidavits of Service of Bar Date Notice**

Docket #1412  Date Filed: 9/11/2012

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                            :
In re                                       :          **Chapter 11**
                                            :
**RESIDENTIAL CAPITAL, LLC, et al.,** [1]   :          **Case No. 12-12020 (MG)**
                                            :
                                            :
                                            :          **(Jointly Administered)**
                **Debtors.**                :
-----------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A.  On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class mail upon the Monthly Service List attached hereto as **Exhibit A**, upon the Claimants and Notice Parties attached hereto as **Exhibit B**, upon the parties attached hereto as **Exhibit C**, via Overnight mail on service list attached hereto as **Exhibit D** for subsequent distribution to beneficial holders of the securities listed on the attached **Exhibit E**, and via Electronic mail upon the parties attached hereto as **Exhibit F**:

1.  Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as **Exhibit G**

2.  Proof of Claim Form attached here to as **Exhibit H**

*(This space intentionally left blank)*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274), EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1212020120911000000000007

B.  On or before September 7, 2012, at my direction and under my supervision, employees of KCC caused the following documents to be served via First Class mail upon the Creditor Matrix attached hereto as **Exhibit I**

1.  Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as **Exhibit G**

2.  [Customized] Proof of Claim Form

Dated:  September 11, 2012

_____
Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 11th of September, 2012, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

LYDIA PASTOR NINO
Commission # 1960751
Notary Public - California
Los Angeles County
My Comm. Expires Nov 18, 2015

2

# EXHIBIT A

12-12020-mg   Doc 3412   Filed 04/11/13   Entered 04/11/13 12:39:38   Exhibit
Pg 852 of 1501

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Christina Zayas | | 405 Holly Ann Drive | | | Landisville | PA | 17538 | |
| CHRISTINE A DUNAGIN ATT AT LAW | | 24 VARDRY ST STE 403 | | | GREENVILLE | SC | 29601 | |
| CHRISTINE A GENDRON | | 5 TAMARACK LN | | | FEEDING HILLS | MA | 01030 | |
| CHRISTINE A GIBSON | CHRISTINE A GIBSON | 12650 NE 3RD ST | | | BELLEVUE | WA | 98005 | |
| CHRISTINE A HANKINS | | 16605 LK CIR DR APT 317 | | | FORT MYERS | FL | 33908 | |
| CHRISTINE A JOHNSON ATT AT LAW | | 4096 HOLIDAY ST NW | | | CANTON | OH | 44718 | |
| CHRISTINE A WIARD | THOMAS G WIARD | 7401 RIMROCK DRIVE | | | GILLETTE | WY | 82718 | |
| CHRISTINE A WILSON | | 2618 NORTH DRYDEN PLACE | | | ARLIGTON HEIGHTS | IL | 60004 | |
| CHRISTINE A. FAZIO | | 72 AMESPORT LANDING | | | HALF MOON BAY | CA | 94019 | |
| CHRISTINE A. LUKOWSKI | | 3063 CONGRESS AVENUE | | | SAGINAW | MI | 48602 | |
| CHRISTINE A. SABATINO | | PO BOX 824 | | | WINDHAM | ME | 04062-0824 | |
| CHRISTINE A. TREMPER | MICHAEL K. TREMPER | 110 LYNNCREST | | | CHEEKTOWAGA | NY | 14225 | |
| CHRISTINE A. WROBLEWSKI | ROBERT A. WROBLEWSKI | 4260 COUNTY LINE RD | | | LENOX TWP | MI | 48050 | |
| CHRISTINE ABBOTT | | 89 LAKEWOOD CIR N | | | MANCHESTER | CT | 06040-7014 | |
| CHRISTINE ALEXIS GAY ATT AT LAW | | 1005 N DIXIE FWY | | | NEW SMYRNA BEACH | FL | 32168 | |
| CHRISTINE AND GEOFF CLARY AND | | 13154 S 116TH E AVE | GEOFFREY CLARY | | BROKEN ARROW | OK | 74011 | |
| CHRISTINE AND HARRIS DAVIS | | 1702 STACY CT | | | MARION | SC | 29571 | |
| CHRISTINE ANDON | | 21 MACDONALD DRIVE | | | NASHUA | NH | 03062 | |
| CHRISTINE B HILL ATT AT LAW | | 36 E 4TH ST STE 1304 | | | CINCINNATI | OH | 45202 | |
| CHRISTINE B HILL ATT AT LAW | | 830 MAIN ST STE 605 | | | CINCINNATI | OH | 45202 | |
| CHRISTINE BACKENS | | 4048 CANYON DR | | | RAPID CITY | SD | 57702 | |
| Christine Barlieb | | 1148 Horseshoe Drive | | | Blue Bell | PA | 19422 | |
| CHRISTINE BELISSARY ATT AT LAW | | 181 E EVANS ST | | | FLORENCE | SC | 29506 | |
| CHRISTINE BEST | MARK BEST | 411  NORTH FRANKLIN STREET | | | WEST CHESTER | PA | 19380 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| LYNN AND KATHRYN SWANGIN | | 356 POINT WINDEMERE PL | | | OCEANSIDE | CA | 92057 | |
| LYNN AND THOMAS HUFF | | 1066 HARBOUR GLEN PL | GENE STILWELL ASSOC | | PUNTA GORDA | FL | 33983 | |
| LYNN AND YVONNE WINKLER | | 21652 N LYRIC DR | | | SUN CITY WEST | AZ | 85375 | |
| LYNN ANDERSON | | 303 7TH STREET SO. | | | MONTROSE | MN | 55363 | |
| LYNN ANDERSON KOLLER ATT AT LAW | | 810 N CAMINO SANTIAGO UNIT 35 | | | TUCSON | AZ | 85745 | |
| LYNN B POLLARD ATT AT LAW | | PO BOX 959 | | | FAYETTEVILLE | WV | 25840 | |
| LYNN BARNES | | 118 CORDOBA AVE | | | CEDAR FALLS | IA | 50613 | |
| LYNN BARTHEL FINCKEL REAL ESTATE SE | | 111 WARWICK DR | | | LUTHERVILLE | MD | 21093 | |
| LYNN BARTOSZ, BEVERLY | | 208 SANFORD AVE | | | CATONSVILLE | MD | 21228 | |
| LYNN BEACH | JOSEPH BEACH | 7528 OLD TIMBER CT | | | NEW LOTHROP | MI | 48460 | |
| LYNN BOUDOIN, STEVIE | | 116 RENA DR | | | LAFAYETTE | LA | 70503 | |
| LYNN BRIGGS | | 14 ETON DR | | | SEWELL | NJ | 08080 | |
| LYNN BROGE | | 504 PLUM | | | WYANDOTTE | MI | 48192 | |
| LYNN BROOK MASTER ASSOC | | NULL | | | HORSHAM | PA | 19044 | |
| LYNN C GREENE AND JAMES CASSIDY | | 6526 WAUCONDA DR | | | LARKSPUR | CO | 80118 | |
| LYNN C RALSTON ATT AT LAW | | 1610 WOODSTEAD CT STE 440A | | | THE WOODLANDS | TX | 77380 | |
| LYNN C. MYERS | | 30950 FRANKLIN WOODS COURT | | | FRANKLIN | MI | 48025 | |
| LYNN C. WILLIS | LOUISE S. WILLIS | 10140  HILLCREST LANE | | | EAGLE RIVER | AK | 99577 | |
| LYNN CARNAHAN | | 2321 N CLOVERDALE | | | BOISE | ID | 83713 | |
| Lynn Chase | | 1109 Ivy Hill Drive | | | Mendota Heights | MN | 55118 | |
| LYNN CITY | LYNN CITY - TAX COLLECTOR | 3 CITY HALL SQUARE RM 204 / RUTH | | | LYNN | MA | 01901 | |
| LYNN CITY | | 3 CITY HALL SQUARE | FREDERICK B CRONIN TAX COLLECTOR | | LYNN | MA | 01901 | |
| LYNN CITY | | 3 CITY HALL SQUARE | RM 204 | | LYNN | MA | 01901 | |

12-12020-mg    Doc 4381-7    Filed 09/11/12    Entered 09/11/12 23:59:38    Exhibit
Exhibit E-5000

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| MAHER, FAWN C | | 9971 CRESTMONT AVE | | | PHILADELPHIA | PA | 19114 | |
| MAHER, GARY L & BROWN MAHER, JUDY | | 12438 PERCIVAL AVENUE | | | BATON ROUGE | LA | 70816-0000 | |
| MAHESHKUMAR SABHNANI | | 619 BADALI STREET | | | PITTSBURGH | PA | 15215 | |
| MAHIDA, DEVENDRA C | | 7 SYCAMORE WAY | | | WARREN | NJ | 07059-5661 | |
| MAHLAB AND YOUNG PC ATT AT LAW | | 1911 MCCALL RD | | | AUSTIN | TX | 78703 | |
| MAHLE, SHELLY | | 5071 PALO VERDE PL | CALDWELL BUILDERS LLC | | WEST PALM BEACH | FL | 33415 | |
| MAHLER LAW OFFICE | | 300 3RD AVE SE STE 202 | | | ROCHESTER | MN | 55904 | |
| MAHLER LOHIN AND ASSOCIATES LLC | | 575 PIERCE ST | | | KINGSTON | PA | 18704 | |
| MAHLER SHAFFER PUGLIESE AND FINN | | 575 PIERCE ST STE 500 | | | KINGSTON | PA | 18704 | |
| MAHLER, MARK | | 757 THIRD AVE | | | NEW YORK | NY | 10017 | |
| MAHLON L OUSTALET INC | | 3008 14TH ST | | | METAIRIE | LA | 70002-3702 | |
| MAHLOW, OLIN | | 1400 ACHISHOLM TRAIL | | | ROUND ROCK | TX | 78681 | |
| MAHMOOD R SHAHLAPOUR | | 18521 E QUEEN CREEK RD STE 105-410 | | | QUEEN CREEK | AZ | 85142-5844 | |
| MAHMOUD MALAS | | 6249 W BROWN DEER ROAD | | | BROWN | WI | 53223 | |
| MAHMOUD MICHAEL KEBRAEI | | 3467 PLEASANT VALE DR | | | CARLSBAD | CA | 92010 | |
| MAHN, ADA | | 25 GARDEN AVE | LEMUS CONSTRUCTION STANLEY STEEMER | | BELLEVILLE | NJ | 07109 | |
| MAHNAZ RAHBAR | | 748 PECAN WAY | | | CAMPBELL | CA | 95008-4534 | |
| MAHNOMEN COUNTY | | PO BOX 400 | MAHNOMEN COUNTY TREASURER | | MAHNOMEN | MN | 56557 | |
| MAHNOMEN COUNTY RECORDER | | 311 N MAIN | BOX 380 | | MAHNOMEN | MN | 56557 | |
| MAHOGANY RUN CONDO TRUST | | 507 LANCASTER ST STE 101 | | | LEOMINSTER | MA | 01453 | |
| MAHOI, LETITIA | | 3221 MULHOLLAND RD | JS HARRIS | | CORINTH | TX | 76210-4152 | |
| MAHON, ANDONETTE | | 9386 HARROWAY RD | PAUL DAVIS RESTORATION | | SUMMERVILLE | SC | 29485 | |

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| TODD M. KAY | | 875 MAPLE COVE | | | ADDISON TWP | MI | 48367 | |
| TODD M. RATHBUN | KAREN A. RATHBUN | 9630 EGRET LANE | | | CHESTERFIELD | VA | 23838 | |
| TODD MALAISE, J | | 909 NE LOOP 410 STE 300 | | | SAN ANTONIO | TX | 78209 | |
| TODD MALAISE, JOHN | | 606 N CARANCAHUA STE 1100 | | | CORPUS CHRISTI | TX | 78401 | |
| TODD MALAISE, JOHN | | 720 N POST OAK RD STE 365 | | | HOUSTON | TX | 77024 | |
| TODD MANNIS ATT AT LAW | | 4766 PARK GRANADA STE 101 | | | CALABASAS | CA | 91302 | |
| TODD MARKUM LAW OFFICE | | 6801 N BROADWAY STE 205 | | | OKLAHOMA CITY | OK | 73116 | |
| TODD MARRA | | 11455 SCARBOROUGH DRIVE | | | SHELBY TOWNSHIP | MI | 48315 | |
| TODD MARY AND ROBYN SIPPEL | | 1026 N MARSHFIELD | LEADS CONST COM INC | | CHICAGO | IL | 60622 | |
| TODD MAYER | COLLEEN MAYER | 656 PRESTON ST | | | BRICK | NJ | 08723 | |
| Todd Mayer | | 662 East Ontario St | | | Philadelphia | PA | 19134 | |
| TODD N GROSSHANDLER | SCOTT L GROSSHANDLER | 5316  BARTRAM PLACE | | | RALEIGH | NC | 27613 | |
| TODD N KENEIPP | TRACY M KENEIPP | 13408 OLD STATE ROAD | | | EVANSVILLE | IN | 47710 | |
| TODD N WILKINSON ATT AT LAW | | 8215 SW TUALATIN SHERWOOD RD | | | TUALATIN | OR | 97062 | |
| TODD N WILKINSON ATT AT LAW | | 9200 SUNNYBROOK BLVD | | | CLACKAMAS | OR | 97015 | |
| TODD NEILSON, R | | 2029 CENTURY PARK E STE 900 | | | LOS ANGELES | CA | 90067 | |
| TODD NIBERT, A | | 389 DEBBIE DR | | | GALLIPOLIS | OH | 45631 | |
| TODD NYE ATT AT LAW | | PO BOX 745 | | | GRAYLING | MI | 49738 | |
| TODD P GALLANT | | 72 WOODWORTH AVENUE | | | PORTSMOUTH | NH | 03801 | |
| TODD PETERSEN | | PO BOX 127 | | | SEAL BEACH | CA | 90740 | |
| TODD PHELPS | | 1749 17TH ST B | | | SANTA MONICA | CA | 90404 | |
| TODD PLUMB | | 1287 W BLOOMINGTON DRIVE S #13 | | | ST. GEORGE | UT | 84790 | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                        :
In re                                   :        Chapter 11
                                        :
**RESIDENTIAL CAPITAL, LLC, et al.,** [1]  :        Case No. 12-12020 (MG)
                                        :
                                        :
                                        :        **(Jointly Administered)**
                                        :
            Debtors.                    :
------------------------------------------------------------x

<u>**AFFIDAVIT OF SERVICE**</u>

    I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A.  On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail on the Individual Borrowers whose loans are serviced by the Debtors (Due to the voluminous and confidential nature of this list, the Exhibits are not attached hereto and are on file with KCC):

    1.  Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as <u>**Exhibit A**</u>

Dated: November 14, 2012

                                      _____
                                              Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 14th of November, 2012, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____



LYDIA PASTOR NINO
Commission # 1960751
Notary Public - California
Los Angeles County
My Comm. Expires Nov 18, 2015

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc (1445); ETS of Washington, Inc (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048), Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc (8240), Residential Asset Mortgage Products, Inc (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449), Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc (6294); Residential Funding Mortgage Securities II, Inc (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1212020121114000000000081

# EXHIBIT A

| If you have any questions related to this notice, please call (888) 926-3479 |
|---|

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------
|                                          | )  |                        |
|------------------------------------------|----|------------------------|
| In re:                                   | )  | Case No. 12-12020 (MG) |
|                                          | )  |                        |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | )  | Chapter 11             |
|                                          | )  |                        |
| Debtors.                                 | )  | Jointly Administered   |
|                                          | )  |                        |
-------------------------------------------------------

<u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

   On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the "U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

   The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.      **WHAT TO FILE**

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order). Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap. Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant. Each proof of claim must be written in English and be denominated in United States currency. You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted. A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

> (i) **If by mail or overnight courier**:
>
> **ResCap Claims Processing Center, c/o KCC**
> **PO Box 5004**
> **Hawthorne, CA 90250**

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)    Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)    Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)    Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)    Any person or entity whose claim has been paid in full by any of the Debtors;

(e)    Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)    Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)    Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)    Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)    Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)    Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

(k)     Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules. If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**PO Box 5004**
**Hawthorne, CA 90250**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
        August 29, 2012

BY ORDER OF THE COURT

Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*Counsel for the Debtors and*
*Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 926-3479**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
|  |  |  |
| In re | : | Chapter 11 |
|  | : |  |
| **RESIDENTIAL CAPITAL, LLC, et al.,** [1] : | | Case No. 12-12020 (MG) |
|  | : |  |
|  | : |  |
|  | : | (Jointly Administered) |
| **Debtors.** | : |  |
------------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On or before October 5, 2012 at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail upon **Mark and Lynn Ostreicher at 26803 N. 78th Ave., Peoria, AZ 85383**:

- **Notice of Deadlines for Filing Proofs of Claim**, attached hereto as **Exhibit A**

Dated:  July 22, 2013

Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 22nd of July, 2013, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____



ROSS BERNSTEIN
Commission # 2013582
Notary Public - California
Los Angeles County
My Comm. Expires Mar 21, 2017

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0788); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (0869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (3181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1

# EXHIBIT A

| If you have any questions related to this notice, please call (888) 926-3479 |
| --- |

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
---------------------------------------------------------------

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

    On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

    The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

**3.**      **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

---

(i) **If by mail or overnight courier**:

**ResCap Claims Processing Center, c/o KCC**
**PO Box 5004**
**Hawthorne, CA 90250**

---

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

**4.**      **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)      Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)      Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)     Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

(k)     Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules. If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**PO Box 5004**
**Hawthorne, CA 90250**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
        August 29, 2012

                        BY ORDER OF THE COURT

                        Gary S. Lee
                        Lorenzo Marinuzzi
                        MORRISON & FOERSTER LLP
                        1290 Avenue of the Americas
                        New York, New York 10104

                        *Counsel for the Debtors and*
                        *Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 926-3479**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                          :
In re                                     :        Chapter 11
                                          :
RESIDENTIAL CAPITAL, LLC, et al.,[1] :        Case No. 12-12020 (MG)
                                          :
                                          :
                                          :        (Jointly Administered)
        Debtors.                          :
--------------------------------------------------------x

<u>**AFFIDAVIT OF SERVICE**</u>

I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On or before October 5, 2012 at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail upon **Kenneth Walker & Kristi Walker, 1401 Nettleton Dr., De Soto, TX 75115**:

- **Notice of Deadlines for Filing Proofs of Claim**, attached hereto as **<u>Exhibit A</u>**

Dated:  July 22, 2013



Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 22nd of July, 2013, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

ROSS BERNSTEIN
Commission # 2013582
Notary Public - California
Los Angeles County
My Comm. Expires Mar 21, 2017

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0788); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (6665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFIV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (3181); Residential Asset Securities Corporation (2653); Residential Consumer Services, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1

# EXHIBIT A

| **If you have any questions related to this notice, please call (888) 926-3479** |
| --- |

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  | ) |  |
| --- | --- | --- |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------

<u>**NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM**</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

   On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the "U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

   The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

---

(i) **If by mail or overnight courier**:

**ResCap Claims Processing Center, c/o KCC
PO Box 5004
Hawthorne, CA 90250**

---

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)    Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)    Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)     Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

(k)  Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules.  If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**PO Box 5004**
**Hawthorne, CA 90250**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
         August 29, 2012

BY ORDER OF THE COURT

Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*Counsel for the Debtors and
Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 926-3479**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x
                                    :

In re                               :         Chapter 11
                                      :

RESIDENTIAL CAPITAL, LLC, et al.,[1] :     Case No. 12-12020 (MG)
                                      :

                                      :        (Jointly Administered)

          Debtors.           :

-----------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On or before October 5, 2012 at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail upon **Aisha M. Harris at 5517 St. James St., Birmingham, AL 35235**:

- **Notice of Deadlines for Filing Proofs of Claim**, attached hereto as **Exhibit A**

Dated: July 22, 2013

                                        _____
                                             Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 22nd of July, 2013, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

ROSS BERNSTEIN
Commission # 2013582
Notary Public - California
Los Angeles County
My Comm. Expires Mar 21, 2017

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (0869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1

# EXHIBIT A

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
|   |   |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |
-------------------------------------------------------------------

## <u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

   On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

   The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

## 1. WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2. WHAT TO FILE

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

3.      **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

(i) If by mail or overnight courier:

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.      **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)      Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)      Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)      Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

(k)     Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.      EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.      CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.      THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules.  If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic

Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**2335 Alaska Ave**
**El Segundo, CA 90245**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
         August 29, 2012

                                        BY ORDER OF THE COURT

                                        Gary S. Lee
                                        Lorenzo Marinuzzi
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104

                                        *Counsel for the Debtors and*
                                        *Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 251-2914**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------x
:
In re                                          :            **Chapter 11**
:
**RESIDENTIAL CAPITAL, LLC, et al.,** [1] :            **Case No. 12-12020 (MG)**
:
:
:            **(Jointly Administered)**
**Debtors.**                              :
-----------------------------------------------------x

## AFFIDAVIT OF SERVICE

I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A. On or before October 5, 2012 at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail upon **James Fox at 620 E. Fox Lane, Newcastle, OK 73065**:

- **Notice of Deadlines for Filing Proofs of Claim**, attached hereto as **Exhibit A**

Dated:  July 22, 2013



Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 22nd of July, 2013, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature: _____

ROSS BERNSTEIN
Commission # 2013582
Notary Public - California
Los Angeles County
My Comm. Expires Mar 21, 2017

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc. (1445); ETS of Washington, Inc. (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (0869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc. (8240); Residential Asset Mortgage Products, Inc. (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Funding Company, LLC (2167); Residential Funding Mortgage Exchange, LLC (1336); Residential Funding Mortgage Securities I, Inc. (6294); Residential Funding Mortgage Securities II, Inc. (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

# EXHIBIT A

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

## <u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

   On August 29, 2012, the United States Bankruptcy Court for the Southern District of New
York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing
**November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last
date and time for each person or entity (including individuals, partnerships, corporations, joint
ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against
Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those
proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order
established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and
time for each such governmental unit to file a proof of claim against the Debtors (the
"Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

   The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims
against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced
cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for
those holders of the claims listed in section 4 below that are specifically excluded from the
General Bar Date filing requirement.

1.      **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.      **WHAT TO FILE**

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

3.      **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

(i) If by mail or overnight courier:

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.      **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)      Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)      Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)      Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)  Any person or entity whose claim has been paid in full by any of the Debtors;

(e)  Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)  Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)  Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)  Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)  Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)  Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

(k)  Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules.  If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules.  If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic

Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**2335 Alaska Ave**
**El Segundo, CA 90245**

## 8.      RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds. The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
         August 29, 2012

                                        BY ORDER OF THE COURT

                                        Gary S. Lee
                                        Lorenzo Marinuzzi
                                        MORRISON & FOERSTER LLP
                                        1290 Avenue of the Americas
                                        New York, New York 10104

                                        *Counsel for the Debtors and*
                                        *Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 251-2914**

---