**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**STIPULATION AND ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT LIMITED THIRD PARTY DISCOVERY BY BANK OF THE WEST**

This Stipulation and Order (the "**Stipulation and Order**") is made and entered into by, between and among the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "**Debtors**") and Bank of the West ("**BOTW**" and, together with the Debtors, the "**Parties**" and each, a "**Party**").

WHEREAS Bank of the West is a defendant in an action currently pending in the District Court, City and County of Denver, Colorado, captioned *Lioudmila Belitchenko v. Bank of the West*, No. 2012-cv-6230 (the "**Colorado Action**");

WHEREAS the Debtors have never been named as defendants in the Colorado Action;

WHEREAS Debtor GMAC Mortgage, LLC ("**GMACM**") was the servicer for the mortgage loan of the named plaintiff in the Colorado Action ("**Belitchenko**"), and in such capacity, has custody of certain financial records of Belitchenko;

WHEREAS on February 15, 2013, BOTW served a third-party subpoena on GMACM requesting certain documents;

WHEREAS the Debtors filed voluntary petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on May 14, 2012 (the "**Petition Date**");

ny-1094181

WHEREAS the Debtors have not produced documents in response to the subpoenas;

WHEREAS on October 12, 2012, the Court entered the *Memorandum Opinion and Order Denying the Motions of the Federal Housing Finance Agency and Underwriter Defendants to Compel Document Discovery From the Debtors* [Docket No. 1813] (the "**Discovery Injunction**");

WHEREAS the Debtors assert that BOTW's non-party discovery requests are subject to the automatic stay imposed by Section 362(a) of the Bankruptcy Code pursuant to the Discovery Injunction;

WHEREAS the Debtors and BOTW have reached agreement under which the Debtors shall consent to a limited modification of the automatic stay and the Discovery Injunction to permit the production of certain agreed-upon documents on the terms and conditions contained herein, subject to Court approval of the Stipulation;

NOW THEREFORE, the Parties agree and stipulate as follows:

1.    The automatic stay of section 362(a) of Bankruptcy Code and the Discovery Injunction are hereby modified for these limited purposes, and subject to the terms and conditions set forth herein.

2.    The Debtors agree to produce only the items set forth on **Exhibit A**, annexed hereto (the "**Agreed Documents**").  The Debtors shall not be required to provide any other documents or items to BOTW under this Stipulation and Order, or to provide a witness to give live testimony in connection with the Colorado Action and shall not do so absent a further order of this Court.

3.    BOTW acknowledges and agrees that:

      a.    BOTW and its affiliates have no current or prospective claims against the Debtors or any of their affiliates; and

      b.    BOTW and its affiliates shall not use any of the Agreed Documents in connection with any claims against the Debtors or any of their affiliates.

4. This Stipulation and Order is without prejudice to the right of the Debtors to seek to enforce the automatic stay and/or the Discovery Injunction against BOTW in connection with any additional discovery requests or in any other context.

5. Except as specifically provided for herein, the Parties reserve all rights and defenses they may have in the above-captioned cases, and entry into this Stipulation and Order shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

6. This Stipulation and Order shall not become effective unless and until it is entered by the Court.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

8. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

9. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

*[Remainder of page intentionally left blank]*

| | |
|---|---|
| Dated: July 17, 2013 | Dated: July 17, 2013 |
| /s/ Norman S. Rosenbaum | /s/ Mark W. Williams |
| Norman S. Rosenbaum | Mark W. Williams (#15304) |
| Erica J. Richards | SHERMAN & HOWARD L.L.C. |
| MORRISON & FOERSTER LLP | 633 17th Street, Suite 3000 |
| 1290 Avenue of the Americas | Denver, Colorado 80202 |
| New York, New York 10104 | Telephone: (303) 297-2900 |
| Telephone: (212) 468-8000 | Facsimile: (303) 298-0940 |
| Facsimile: (212) 468-7900 | |
| | *Attorneys for Bank of the West* |
| *Counsel for the Debtors and Debtors in Possession* | |

**IT IS SO ORDERED**

Dated: July 24, 2013
      New York, New York

      **/s/Martin Glenn**
      MARTIN GLENN
      United States Bankruptcy Judge

## EXHIBIT A

**Agreed Upon Discovery Information**

1) Copy of Belitchenko loan file and application

2) Copies of payment history for Belitchenko loan from June 2010 through November 2012

3) Copies of monthly account statements for Belitchenko loan from January 2011 through November 2012

4) Copies of payments for Belitchenko loan from September 2011 through November 2012

ny-1094181