**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**STIPULATION AND ORDER RESOLVING THE MOTION OF**
**SYLVIA DADZIE FOR RELIEF FROM STAY**

**WHEREAS**, on May 14, 2012 (the "Petition Date"), GMAC Mortgage, LLC ("GMACM") and its affiliated debtor entities in the above-captioned chapter 11 cases (collectively, the "Debtors"), filed in this Court voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, the Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108;

**WHEREAS**, on February 25, 2011, Sylvia Dadzie ("Movant") filed a Chapter 7 bankruptcy petition in the Bankruptcy Court for the Southern District of New York, case number 11-10822, which was converted to a case under Chapter 13 on June 6, 2011 (the "Borrower Bankruptcy Case");

**WHEREAS**, on August 8, 2011, GMACM filed a proof of claim in the Borrower Bankruptcy Case (the "Claim"), and on February 19, 2013, the Claim was transferred to Green Tree Servicing, LLC;

**WHEREAS**, November 2, 2011, Movant filed an objection to the Claim in the Borrower Bankruptcy Case;

**WHEREAS**, on March 14, 2013, Movant filed the *Motion for Relief from Stay* [Docket

ny-1091018

No. 3383] in these Chapter 11 cases (the "Motion"), seeking relief from the automatic stay to permit Movant to commence an adversary proceeding to litigate the Claim in the Borrower Bankruptcy Case (the "Proposed Adversary Proceeding");

**WHEREAS**, on July 13, 2012, this Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order"), which provides, in pertinent part:

> except as set forth herein, a Bankruptcy Borrower or a trustee duly appointed under the Bankruptcy Code in the Bankruptcy Borrower's bankruptcy case (a "Bankruptcy Trustee") shall be entitled to: (i) assert and prosecute or continue to prosecute an objection to the Debtors' proof of claim filed in the Bankruptcy Borrower's bankruptcy case; . . . (iii) commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to determine the validity, priority or extent of a Debtor's lien against the Bankruptcy Borrower's property; (iv) commence or continue to prosecute against the Debtors a motion or adversary proceeding, as applicable, to reduce (including to reduce to $0) or fix the amount of the Debtors' claim or lien against the Bankruptcy Borrower's property;

Supplemental Servicing Order ¶ 15(a).

**WHEREAS**, Movant and the Debtors (collectively, the "Parties") have conferred, and Movant has agreed to limit any relief sought in the Proposed Adversary Proceeding to (i) determining the validity, priority or extent of the Debtors' lien against Movant's property; (ii) fixing the amount of the Claim in the Borrower Bankruptcy Case, and (iii) determining

2

whether the Claim should be equitably subordinated; and

**WHEREAS**, the Debtors believe the Proposed Adversary Proceeding is within the ambit of the relief granted by the Supplemental Servicing Order; nonetheless, to the extent the relief requested is not addressed by the Supplemental Servicing Order, the Debtors are prepared to stipulate to stay relief to the limited extent set forth herein.

NOW THEREFORE, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, that:

1. The automatic stay of Bankruptcy Code section 362(a) shall be modified solely to the extent set forth herein.

2. Movant may prosecute the Proposed Adversary Proceeding in the Borrower Bankruptcy Case and name GMACM as a named defendant solely for the purposes of (i) determining the validity, priority or extent of the Debtors' lien against Movant's property; (ii) fixing the amount of the Claim in the Borrower Bankruptcy Case, and (iii) determining whether the Claim should be equitably subordinated; <u>provided</u>, that such restrictions apply to the Debtors only and not to any other named party in the Proposed Adversary Proceeding.

3. The parties agree that this Stipulation does not preclude the parties from reaching a settlement, subject to the procedures set forth in the Supplemental Servicing Order and any other applicable orders entered by the Court. .

4. Movant shall not assert against the Debtors any claims for monetary damages, or any other equitable relief, in the Proposed Adversary Proceeding or file a proof of claim or request for payment of an administrative expense claim in the Debtors' Chapter 11 cases for any alleged damages alleged to have arisen out of the facts and circumstances to be addressed in the Proposed Adversary Proceeding.

5. This Stipulation and Order shall not prejudice the Debtors' right to defend against the Proposed Adversary Proceeding and the Debtors reserve all rights to do so.

6. This Stipulation and Order shall not be deemed to be or constitute a modification of the automatic stay, except as otherwise expressly provided herein with respect to Movant. In all other respects, the automatic stay shall remain in full force and effect with respect to any other parties who may be named in or who otherwise intervene in the Proposed Adversary Proceeding.

7. This Stipulation and Order shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment, or vacation in whole or part shall be subject to the approval of this Court.

8. This Stipulation and Order is the entire agreement between the Parties in respect of the subject matter hereof.

9. Each person who executes this Stipulation and Order on behalf of a party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such party.

10. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

11. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation and Order shall be immediately effective upon its entry.

12. This Stipulation and Order shall be of no force or effect unless and until it is approved by the Court.

13. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation and Order.

Agreed to this 23rd day of July, 2013.

| GMAC MORTGAGE, LLC | SYLVIA DADZIE |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Gary S. Lee<br>Norman S. Rosenbaum<br>Samantha Martin<br>**MORRISON & FOERSTER LLP**<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for Debtors*<br>*and Debtors in Possession* | By: /s/ David B. Shaev<br>David B. Shaev<br>**SHAEV & FLEISCHMAN, LLP**<br>350 Fifth Avenue, Suite 7210<br>New York, New York 10118<br>Telephone: (646) 722-8649<br><br>and<br><br>Linda Tirelli<br>**GARVEY TIRELLI & CUSHNER LTD.**<br>50 Main Street, Suite 390<br>White Plains, New York 10606<br>Telephone: 914-946-2200<br>Facsimile: 914-946-1300<br><br>*Counsel for Sylvia Dadzie* |

**IT IS SO ORDERED.**

Dated: July 24, 2013
       New York, New York

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                    United States Bankruptcy Judge