MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Norman S. Rosenbaum

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------ ) | |
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ------------------------------------------------ ) | |

**PROPOSED AGENDA FOR MATTERS SCHEDULED**
**TO BE HEARD ON JULY 26, 2013 AT 10:00 A.M. (EST)**

Location of Hearing:  United States Bankruptcy Court for the Southern District of New York,
Alexander Hamilton U.S. Custom House, Courtroom 501, One Bowling Green, New York, NY
10004-1408

**I.**        **ADJOURNED MATTERS**

**1.**        Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an
Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)
[Docket No. 2401]

        **Related Documents**:

        **a.**        Notice of Motion of Connecticut Housing Finance Authority ("CHFA") for
                the Entry of an Order Granting Relief from the Automatic Stay Pursuant to
                11 U.S.C. § 362(d) [Docket No. 2421]

        **b.**        [Proposed] Order Granting Connecticut Housing Finance Authority
                ("CHFA") Relief from the Automatic Stay, for Cause, Pursuant to 11
                U.S.C. §§ 105 & 362(d) [Docket No. 2422]

c.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to January 29,
2013 at 10:00 a.m. [Docket No. 2624]

d.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 7,
2013 at 10:00 a.m. [Docket No. 2729]

e.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to February 28,
2013 at 2:00 p.m. [Docket No. 2848]

f.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to March 21, 2013
at 10:00 a.m. [Docket No. 3008]

g.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to April 30, 2013
at 10:00 a.m. [Docket No. 3239]

h.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to May 14, 2013
at 10:00 a.m. [Docket No. 3539]

i.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to June 12, 2013
at 10:00 a.m. [Docket No. 3682]

j.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to July 10, 2013 at
10:00 a.m. [Docket No. 3948]

k.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief
from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to July 26, 2013 at
10:00 a.m. [Docket No. 4186]

l.      Notice of Adjournment of Hearing on Motion of Connecticut Housing
Finance Authority ("CHFA") for the Entry of an Order Granting Relief

from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) to August 29, 2013 at 10:00 a.m. [Docket No. 4348]

**Responses**:

a.  Debtors' Response and Reservation of Rights to Motion of Connecticut Housing Finance Authority ("CHFA") for the Entry of an Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d) [Docket No. 2623]

**Status**:  The hearing on this matter has been adjourned to August 29, 2013.

2.  Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3475]

**Related Documents**:

a.  Corrected Notice of Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3524]

b.  Order Granting Application of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC, Pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure, to File its Motion to Prosecute Claims and Other Causes of Action of the Residential Capital, LLC Estate Under Seal [Docket No. 3583]

c.  Notice of Presentment and Application to File Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate Under Seal [Docket No. 3601]

d.  Notice of Presentment of Application of Ally Financial Inc. To File Its Objection To The Motion Of Wilmington Trust, National Association, Solely In Its Capacity As Indenture Trustee For The Senior Unsecured Notes Issued By Residential Capital, LLC For An Order Authorizing It To Prosecute Claims And Other Causes Of Action On Behalf Of The Residential Capital, LLC Estate Under Seal [Docket No. 3638]

e.  Notice of Adjournment of Wilmington Trust, National Association's Motion for an Order Authorizing It to Prosecute Claims and Other Causes

of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3661]

f.  Order Authorizing Wilmington Trust, National Association to Exceed Page Limit for the Reply to Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3711]

g.  Order Granting Application of Ally Financial Inc. to File its Objection to the Motion of Wilmington Trust, National Association, Solely In Its Capacity As Indenture Trustee For The Senior Unsecured Notes Issued By Residential Capital, LLC For An Order Authorizing It To Prosecute Claims And Other Causes Of Action On Behalf Of The Residential Capital, LLC Estate Under Seal [Docket No. 3768]

h.  Order Granting Application to File Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate Under Seal [Docket No. 3771]

i.  Order Adjourning Hearing on Wilmington Trust, N.A. STN Motion [Docket No. 3880]

j.  Notice of Adjournment of Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing It to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3887]

**Responses**:

a.  Omnibus Objection of the Ad Hoc Group of Junior Secured Noteholders to (I) the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates and (II) the Motion of Wilmington Trust, National Association, Solely in Its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3563]

b.  Debtors' Limited Objection and Reservation of Rights with Respect to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other

Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3598]

c.     Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3602]

d.     Objection to Motion Objection of the Steering Committee Group of RMBS Holders to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3637]

e.     Ally Financial Inc.'s Objection To The Motion Of Wilmington Trust, National Association, Solely In Its Capacity As Indenture Trustee For The Senior Unsecured Notes Issued By Residential Capital, LLC For An Order Authorizing It To Prosecute Claims And Other Causes Of Action On Behalf Of The Residential Capital, LLC Estate Under Seal [Docket No. 3639]

f.     Objection of the Official Committee of Unsecured Creditors to the Motion of Wilmington Trust, National Association, for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate [Docket No. 3657]

g.     Limited Objection and Response of the Independent Directors of Residential Capital, LLC to the Motion of Wilmington Trust, National Association, For An Order Authorizing It To Prosecute Claims and Other Causes of Action on Behalf of The Residential Capital, LLC Estate [Docket No. 3602]

**Status**:     The hearing on this matter has been adjourned *sine die*.

3.     Plaintiffs' [New Jersey Carpenters Health Fund, *et al.*] Motion for Order Certifying Class for Purposes of Class Claims Pursuant to Federal Rules of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3480]

**Related Documents**:

a.     Memorandum of Law in Support of Plaintiffs' Motion for Order Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3481]

b.       Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for
        Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy
        Procedure 7023 and 9014(c) [Docket No. 3663]

c.       Notice of Adjournment of Hearing of Plaintiffs' Motion for Order
        Certifying Class for Purposes of the Class Claims Pursuant to Federal Rule
        of Bankruptcy Procedure 7023 and 9014(c) [Docket No. 3854]

d.       Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for
        Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy
        Procedure 7023 and 9014(c) [Docket No. 4129]

e.       Notice of Adjournment of Plaintiffs' Motion for Order Certifying Class for
        Purposes of the Class Claims Pursuant to Federal Rules of Bankruptcy
        Procedure 7023 and 9014(c) [Docket No. 4305]

**Responses**:       None.

**Status**:       The hearing on this matter has been adjourned to August 29, 2013.

4.     Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited
      Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order
      [Docket No. 3511]

      **Related Documents**:

      a.       Declaration of Constance Boland in Support of the Motion of U.S. Bank
              National Association, as Indenture Trustee, Seeking Discovery from the
              Debtor and Relief from the Stay Imposed by the FHFA Order [Docket No.
              3512]

      b.       Memorandum of Law in Support of U.S. Bank National Association, as
              Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief
              from Stay Imposed by the FHFA [Docket No. 3513]

      c.       Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the
              Automatic Stay Imposed by 11 U.S.C. § 362(a) [Docket No. 3905]

      d.       Notice of Adjournment of Hearing on Motion of U.S. Bank National
              Association, as Indenture Trustee, Seeking Limited Discovery from the
              Debtors and Relief from Stay Imposed by the FHFA Order to July 10, 2013
              at 10:00 a.m. [Docket No. 3928]

      e.       Amended Notice of Adjournment of Hearing on Motion of U.S. Bank
              National Association, as Indenture Trustee, Seeking Limited Discovery
              from the Debtors and Relief from Stay Imposed by the FHFA Order to July
              26, 2013 at 10:00 a.m. [Docket No. 4160]

      f.          Notice of Adjournment of Hearing on Motion of U.S. Bank National Association, as Indenture Trustee, Seeking Limited Discovery from the Debtors and Relief from Stay Imposed by the FHFA Order to September 11, 2013 at 10:00 a.m. [Docket No. 4317]

**Responses**:      None.

**Status**:      The hearing on this matter has been adjourned to September 11, 2013.

## II.      ADJOURNED ADVERSARY PROCEEDING MATTERS

### Wilson v. Residential Capital LLC (Adv. Proc. No. 12-01936)

1.      Status Conference

      **Related Documents**:

      a.          Complaint [Docket No. 1]

      b.          Amended Summons with Notice of Pre-Trial Conference [Docket No. 3]

      c.          Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 4]

      d.          Amended Notice of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 5]

      e.          Notice of Adjournment of Pretrial Conference [Docket No. 6]

      f.          Notice of Adjournment of Hearing on Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 11]

      g.          Notice of Adjournment of Hearing on Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 13]

      h.          Plaintiff's Opposition to Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 14]

**i.**        Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 15]

**j.**        Plaintiff's Objection to Declaration of Jennifer Scoliard, In-House Senior Bankruptcy Counsel at Residential Capital, LLC, in Support of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 16]

**k.**        Memorandum of Points and Authorities in Support of Plaintiff's Objection to Declaration of Jennifer Scoliard, In-House Senior Bankruptcy Counsel at Residential Capital, LLC, in Support of Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 17]

**l.**        Amended Notice of Adjournment of Hearing on Debtors' Motion for Dismissal of Adversary Proceeding Pursuant to Bankruptcy Rule 7012(b) and FRCP 12(b)(1) and 12(b)(6) Or, in the Alternative, Permissive Abstention Pursuant to 28 U.S.C. § 1334(c)(1) [Docket No. 19]

**m.**        Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions [Docket No. 21]

**n.**        Joint Progress Report [Docket No. 23]

**o.**        Joint Progress Report [Docket No. 25]

**p.**        Joint Progress Report [Docket No. 27]

**Status**:        The status conference on this matter has been adjourned to August 28, 2013.

## III.        SETTLED MATTERS

**1.**        Motion of Lorraine McNeal for Clarification of Final Supplemental Order Entered July 13, 2012 Or, in the Alternative, Relief from the Automatic Stay [Docket No. 3995]

### Related Documents

**a.**        Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) [Docket No. 4318]

**Responses**:     None.

**Status**:    This matter has been settled.  No hearing is required.

2.      Application by Redwood Recovery Services, LLC and Elevenhome Limited for an Order Directing Debtor GMAC Mortgage, LLC to Produce Documents and Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure [Docket No. 4111]

**Related Documents**:    None.

**Responses**:     None.

**Status**:    This matter has been resolved.  A stipulation and proposed order will be submitted to the Court.

## IV.     CONTESTED MATTERS

1.      Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4228]

**Related Documents**:

a.      Ex Parte Motion Pursuant to Bankruptcy Rule 9006 and Local Bankruptcy Rules 9006-1 and 9077 for Entry of an Order Shortening the Time for Notice of and Scheduling a Hearing to Consider the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4225]

b.      Order Pursuant to Bankruptcy Rule 9006 and Local Bankruptcy Rules 9006-1 and 9077 Shortening the Time for Notice of and Scheduling a Hearing to Consider the Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4226]

**Responses**:

a.      Objection of Gerard Wiener to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019, etc. [Docket No. 4292]

b.      Reservation of Rights of Ad Hoc Group of Junior Secured Noteholders with Respect to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4296]

    **c.**      *Pro Se* Creditor Frank Reed's Objection to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4335]

         **(i)**    Declaration of *Pro Se* Creditor Frank Reed in Support of Objection to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4336]

    **d.**      Statement of the Official Committee of Unsecured Creditors in Support of Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4329]

**Replies**:

    **a.**      Debtors' Omnibus Reply to Responses to Debtors' Motion for an Order Pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Section 363(b)(1) Authorizing the Debtors to Enter Into and Perform Under Amendment to Consent Order [Docket No. 4327]

**Status**:    The hearing on this matter will be going forward.

**2.**    Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1357]

**Related Documents**:

    **a.**      Notice of Filing Supplemental Exhibits to Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granting in the GA Servicing Order [Docket No. 1527]

    **b.**      Notice of Adjournment of Hearing [Docket No. 1556]

    **c.**      Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1799]

d.      Second Interim Order Under Bankruptcy Code Section 363 and
        Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate
        PricewatehouseCoopers LLP, for Foreclosure Review Services in
        Furtherance of the Debtors' Compliance Obligations Under Federal
        Reserve Board Consent Order and (II) Reaffirming Relief Granted in the
        GA Servicing Order [Docket No. 2622]

e.      Third Interim Order Under Bankruptcy Code Section 363 and Bankruptcy
        Rule 6004 (I) Authorizing the Debtors to Compensate
        PricewaterhouseCoopers, LLP for Compensation for Foreclosure Review
        Services in Furtherance of the Debtors' Compliance Obligations Under
        Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted
        in the GA Servicing Order [Docket No. 3062]

f.      Fourth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy
        Rule 6004 (I) Authorizing the Debtors to Compensation
        PricewaterhouseCoopers, LLP for Foreclosure Review Services in
        Furtherance of the Debtors' Compliance Obligations Under Federal
        Reserve Review Board Consent Order and (II) Reaffirming Relief Granted
        in the GA Servicing Order [Docket No. 3290]

g.      Fifth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy
        Rule 6004 (I) Authorizing the Debtors to Compensation
        PricewaterhouseCoopers, LLP for Foreclosure Review Services in
        Furtherance of the Debtors' Compliance Obligations Under Federal
        Reserve Review Board Consent Order and (II) Reaffirming Relief Granted
        in the GA Servicing Order [Docket No. 3425]

h.      Sixth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy
        Rule 6004 (I) Authorizing the Debtors to Compensation
        PricewaterhouseCoopers, LLP for Foreclosure Review Services in
        Furtherance of the Debtors' Compliance Obligations Under Federal
        Reserve Review Board Consent Order and (II) Reaffirming Relief Granted
        in the GA Servicing Order [Docket No. 3543]

i.      Seventh Interim Order Under Bankruptcy Code Section 363 and
        Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation
        PricewaterhouseCoopers, LLP for Foreclosure Review Services in
        Furtherance of the Debtors' Compliance Obligations Under Federal
        Reserve Review Board Consent Order and (II) Reaffirming Relief Granted
        in the GA Servicing Order [Docket No. 3703]

j.      Eighth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy
        Rule 6004 (I) Authorizing the Debtors to Compensation
        PricewaterhouseCoopers, LLP for Foreclosure Review Services in
        Furtherance of the Debtors' Compliance Obligations Under Federal

        Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 3961]

**k.**      Ninth Interim Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensation PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Review Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 4195]

**Responses**:

**a.**      Limited Objection of Wilmington Trust, National Association to Debtors' Motion for Entry of an Order (I) Authorizing Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granted in the GA Servicing Order [Docket No. 1465]

**b.**      Omnibus Objection of the Official Committee of Unsecured Creditors to (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

**c.**      Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

**d.**      Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

**a.**      Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain

Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket No. 1749]

**Status**:  The final hearing on this motion will not be going forward. The Debtors intend to submit to the Court a tenth interim order authorizing continued interim approval.

3.  Debtors' Application for an Order Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Debtors to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 1426]

**Related Documents**:

a.  Notice of Adjournment of Hearing [Docket No. 1556]

b.  Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors, *Nunc Pro Tunc* to the Petition Date [Docket No. 1797]

c.  Second Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 2621]

d.  Third Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3061]

e.  Fourth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3291]

f.  Fifth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3423]

g.  Sixth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3545]

h.  Seventh Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for

Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3705]

**i.**  Eighth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3959]

**j.**  Ninth Interim Order Authorizing the Retention and Employment of Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 4196]

**Responses**:

**a.**  Omnibus Objection of the Official Committee of Unsecured Creditors to (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

**b.**  Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

**c.**  Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

**a.**  Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket No. 1749]

**Status**:    The final hearing on this motion will not be going forward.  The Debtors intend to submit to the Court a tenth interim order authorizing continued interim approval.

4.    Debtors' Application Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 for Authorization to Employ and Retain Hudson Cook, LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to May 14, 2012 [Docket No. 1427]

**Related Documents**:

a.    Notice of Adjournment of Hearing [Docket No. 1556]

b.    Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 1798]

c.    Second Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tun*c to the Petition Date [Docket No. 2620]

d.    Third Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3063]

e.    Fourth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3292]

f.    Fifth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3424]

g.    Sixth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3544]

h.    Seventh Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3704]

i.    Eighth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc Pro Tunc* to the Petition Date [Docket No. 3960]

j.    Ninth Interim Order Authorizing the Retention and Employment of Hudson Cook, LLP as Special Counsel to the Debtors *Nunc* Pro *Tunc* to the Petition Date [Docket No. 4194]

**Responses**:

a.     Omnibus Objection of the Official Committee of Unsecured Creditors to (A) The Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1493]

b.     Ally Financial Inc.'s (A) Position Statement Regarding the Debtors' (I) PricewaterhouseCoopers Motion and (II) Pepper Hamilton and Hudson Cook Retention Applications and (B) Status Report Regarding the Committee's Related Discovery Requests [Docket No. 1573]

c.     Supplemental Objection of the Official Committee of Unsecured Creditors to (A) the Debtors' Motion for Entry of an Order Under Bankruptcy Code Section 363 and Bankruptcy Rule 6004 (I) Authorizing the Debtors to Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services in Furtherance of the Debtors' Compliance Obligations Under Federal Reserve Board Consent Order and (II) Reaffirming Relief Granted in the GA Servicing Order, (B) Pepper Hamilton Retention Application, and (C) Hudson Cook Retention Application [Docket No. 1725]

**Replies**:

a.     Debtors' Statement in Further Support of (A) Debtors' Motion for an Order (I) To Compensate PricewaterhouseCoopers, LLP for Foreclosure Review Services and (II) Reaffirming Relief Granting in the GA Servicing Order (B) Debtors' Application to Employ and Retain Hudson Cook, LLP as Special Counsel, and (C) Debtors' Application to Employ and Retain Pepper Hamilton LLP as Special Foreclosure Review Counsel for Bankruptcy Issues [Docket No. 1749]

**Status**:     The final hearing on this motion will not be going forward.  The Debtors intend to submit to the Court a tenth interim order authorizing continued interim approval.

5.     Motion of David Vasquez for an Order Pursuant to Section 362(d) of the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-1 Modifying the Automatic Stay to Allow Continuation of Pre-Petition Litigation [Docket No. 3964]

**Related Documents**:     None.

**Responses**:

a.       Debtors' Objection to Motion for an Order Pursuant to Section 362(d) of
the Bankruptcy Code, Bankruptcy Rule 4001 and Local Rule 4001-1
Modifying the Automatic Stay to Allow Continuation of Pre-Petition
Litigation [Docket No. 4294]

**Status**:       The hearing on this matter will be going forward.

6.       Debtors' Objection to Proofs of Claim Filed By The National Credit Union
Administration Board as Liquidating Agent for Western Corporate Federal Credit
Union and U.S. Central Federal Credit Union [Docket No. 4050]

**Related Documents**:

a.       Declaration of James J. Beha II [Docket No. 4051]

**Responses**:

b.       Response of National Credit Union Administration Board to Debtors'
Objection to Proofs of Claim Filed by the National Credit Union
Administration Board as Liquidating Agent for Western Corporate Federal
Credit Union and U.S. Central Federal Credit Union [Docket No. 4299]

(i)       Declaration of Nelson C. Cohen, Esq., in Support of
National Credit Union Administration Board's Response to
Debtors' Objection to Proofs of Claim Filed by the National
Credit Union Administration Board as Liquidating Agent
for Western Corporate Federal Credit Union and U.S.
Central Federal Credit Union [Docket No. 4297]

(ii)      Declaration of Laura E. Neish, Esq., in Support of National
Credit Union Administration Board's Response to Debtors'
Objection to Proofs of Claim Filed by the National Credit
Union Administration Board as Liquidating Agent for
Western Corporate Federal Credit Union and U.S. Central
Federal Credit Union [Docket No. 4298]

**Replies**:

a.       Debtors' Reply Memorandum in Further Support of Their Objection to the
NCUA's Proofs of Claim [Docket No. 4331]

**Status**:       A preliminary hearing on this matter will be going forward.

V.    **UNCONTESTED MATTERS**

1.    Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 554(a) Authorizing Abandonment of Certain Real Estate Owned by DOA Properties IX (Lots-Other), LLC [Docket No. 4217]

> **Related Documents**:    None.
>
> **Responses**:    None.
>
> **Status**:    The hearing on this matter will be going forward.

2.    Motion of Ad Hoc Group of Junior Secured Noteholders for Order in Aid of Mediation and Settlement [Docket No. 4286]

> **Related Documents**
>
> a.    Ex Parte Motion of Ad Hoc Group of Junior Secured Noteholders for Order Shortening Notice with Respect to Motion for Order in Aid of Mediation and Settlement [Docket No. 4287]
>
> b.    Order Shortening Notice with Respect to Motion for Order in Aid of Mediation and Settlement [Docket No. 4304]
>
> **Responses**:    None.
>
> **Status**:    The hearing on this matter will be going forward.

VI.    **CASE MANAGEMENT CONFERENCE**

1.    Ad Hoc Group of Junior Secured Noteholders' request to bring supplemental or new claims or counterclaims based solely on information set forth in the Examiner's Report

> **Related Documents**:
>
> a.    Case Management Order [Docket No. 4256]
>
> b.    Notice of Cancellation of Case Management Conference Scheduled for July 18, 2013 and Notice of Adjournment to July 26, 2013 at 10:00 a.m. [Docket No. 4277]
>
> **Responses**:    None.
>
> **Status**:    A conference on this matter will be going forward.

## VII.    CURE OBJECTIONS HEARING:

1.    **Sale Motion**:  Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 for Orders: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto: (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief [Docket No. 61]

**Related Documents**:

a.    **Sale Procedures Order**:  Order  Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice [Docket No. 538]

**Cure Notices**

(i)    Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 924]

(ii)    First Supplemental Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1459]

(iii)    First Amended and Restated Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto [Docket No. 1484]

(iv)    First Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2076]

        **(v)**      Second Notice of (I) Debtors' Intent to Assume and Assign Certain SBO Servicing Agreements as Executory Contracts and (II) Cure Amounts Related Thereto [Docket No. 2077]

**b.**      **Ocwen Sale Order**:  Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;, (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; (C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Thereto; (D) Related Agreements; and (II) Granting Related Relief [Docket No. 2246]

**c.**      **Ocwen APA**:  Ocwen Loan Servicing, LLC Asset Purchase Agreement (as attached as <u>Exhibit 1</u> to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

**d.**      **Berkshire Hathaway Sale Order**:  Order Under 11 U.S.C. §§ 105, 363 and 365 and Fed. R. Bankr. P. 2002, 6004, 6006 and 9014 (I) Approving (A) Sale of Debtors' Assets Pursuant to Asset Purchase Agreement with Berkshire Hathaway, Inc.; (B) Sale of Purchased Assets Free and Clear of Liens, Claims, Encumbrances and Other Interests; and (C) Related Agreements; and (II) Granting Related Relief [Docket No. 2247]

**e.**      **Berkshire Hathaway APA**:  Berkshire Hathaway Inc. Amended and Restated Asset Purchase Agreement (as attached as <u>Exhibit 4</u> to Amended Notice of Successful Bidders at the Auctions and Sales of (A) The Platform Assets to Ocwen Loan Servicing, LLC and (B) The Whole Loan Assets to Berkshire Hathaway Inc. and Notice of Filing (A) Ocwen APA and (B) Amended and Restated BH Legacy APA) [Docket No. 2050]

**<u>Adjourned Cure Objection(s)</u>**:

**a.**      Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice Docket No. 1746]

        **(i)**      Declaration of Lori Sinanyan in Support of the Limited Objection of Financial Guaranty Insurance Company to the Debtors' Sale Motion and Assumption Notice] [Docket No 1748]

        **(ii)**      Memorandum Endorsed So-Ordered Letter dated March 13, 2013 from Gary T. Holtzer, Counsel to Syncora Guarantee Inc., Regarding Status of Syncora's Limited Objections to Debtors' Sale of Mortgage Servicing Platform to Ocwen

Loan Servicing, LLC, Given Pendency of Similar Outstanding Sale Objections [Docket No. 3186]

(iii)   Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3449]

(iv)   Amendment to Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3706]

(v)   Second Amendment to Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3776]

(vi)   Third Amendment to Joint Scheduling Order Regarding Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3962]

(vii)   Notice of Adjournment of Hearing on the Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 3990]

(viii)   Notice of Adjournment of Hearing on the Limited Objection of Financial Guaranty Insurance Company to Debtors' Sale Motion and Assumption Notice [Docket No. 4346]

**Status**:   The hearing on this matter has been adjourned to September 11, 2013.

**Replies**:

a.   Debtors' Omnibus Reply to Objections to Debtors' Sale Motion [Docket No. 2135]

b.   Debtors' Omnibus Reply to Objections to the (A) Assumption and Assignment of Certain Agreements and (B) Related Cure Amounts [Docket No. 2574]

## VIII.   **OMNIBUS CLAIMS OBJECTIONS**

1.   Debtors' First Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 3573]

**Related Documents**:

a.      Notice of Hearing on Debtors' First Omnibus Objection to Claims (Late-Filed Claims) Against Angela Genesco (Claim No. 5732) and Kroll Ontrack (Claim No. 6325) on July 15, 2013 at 11:00 a.m. [Docket No. 4000]

b.      Notice of Adjournment of Hearing on Debtors' First Omnibus Objection to Claims (Late-Filed Claims) Against Kroll Ontrack (Claim No. 6325) to July 26, 2013 at 10:00 a.m. [Docket No. 4210]

c.      Notice of Adjournment of Hearing on Debtors' First Omnibus Objection to Claims (Late-Filed Claims) Against Kroll Ontrack (Claim No. 6325) to August 29, 2013 at 10:00 a.m. [Docket No. 4315]

**Responses**:

a.      Objection of Kroll Ontrack, Inc. to the Debtors' First Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 4162]

**Status**:    The hearing on the matter relating to the Objection of Kroll Ontrack, Inc. has been adjourned to August 29, 2013.

2.    Debtors' Fourth Omnibus Objection to Claims (Late-Filed Borrower Claims) [Docket No. 3923]

**Related Documents**:

a.      Notice of Adjournment of Hearing on Debtors' Fourth and Fifth Omnibus Objections to Claims (Late-Filed Borrower Claims) with Respect to Certain Claimants to July 26, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 4214]

**Responses**:

a.      Response of Mahnaz Rahbar to Notice of Hearing on Fourth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 4165]

b.      Response of Beth M. Tsounakas to Objection to Claim Filed by Debtor, Residential Capital, LLC and Request to Allow Late Filed Claim [Docket No. 4178]

c.      Response of Christine and Harris Davis to Fourth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 4181]

d.      Response of Mark and Lynn Ostreicher to Fourth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 4079]

**e.**          Response of Kenneth and Kristi Walker to Fourth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 4171]

**f.**          Response of Aisha M. Harris to Fourth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 4170]

**g.**          Response of James R. and Terri L. Fox to Fourth Omnibus Objection to Claims (Late-Filed Claims) [Not Docketed]

**h.**          Response of Nancy A. Kisting to Fourth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 4221]

**i.**          Letter from Mr. & Mrs. Norbert Bartosz regarding Fourth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 4234]

**Replies**:

**a.**          Debtors' Omnibus Reply in Support of Debtors' Fourth and Fifth Omnibus Claims Objections to Late-Filed Claims [Docket No. 4330]

**Status**:   The hearing on the matters relating to the Responses of Mahnaz Rahbar, Christine and Harris Davis, Mark and Lynn Ostreicher, Kenneth and Kristi Walker, Aisha M. Harris, and James R. and Terri L. Fox, and Mr. & Mrs. Norbert Bartosz will be going forward.  The hearing on the matters relating to the Responses of Beth M. Tsounakas and Nancy A. Kisting will be adjourned to a later date.

**3.**       Debtors' Fifth Omnibus Objection to Claims (Late-Filed Borrower Claims) [Docket No. 3924]

   **Related Documents**:

   **a.**          Notice of Adjournment of Hearing on Debtors' Fourth and Fifth Omnibus Objections to Claims (Late-Filed Borrower Claims) with Respect to Certain Claimants to July 26, 2013 at 10:00 a.m. (Prevailing Eastern Time) [Docket No. 4214]

   **Responses**:

   **a.**          Opposition of Tracey J. Marshall to Objection and Request for Disallowance and Expungement [Docket No. 4167]

          **(i)**          Notice of Withdrawal of Debtors' Fifth Omnibus Objection to Claims (Late-Filed Borrower Claims) Against Tracey J. Marshall (Claim No. 5726) [Docket No. 4342]

   **b.**          Response of Norma G. Green to Debtors' Fifth Omnibus Objection to Claims (Late-Filed Borrower Claims) [Docket No. 4184]

    c.        Response of Todd Phelps to Debtors' Fifth Omnibus Objection to Claims (Late-Filed Borrower Claims) [Docket No. 4203]

**Replies**:

    a.        Debtors' Omnibus Reply in Support of Debtors' Fourth and Fifth Omnibus Claims Objections to Late-Filed Claims [Docket No. 4330]

**Status**:    The hearing on the matters relating to the Response of Norma G. Green and Response of Todd Phelps will be going forward. The Debtors have withdrawn their objection against Tracey J. Marshall.

## IX.    ADVERSARY PROCEEDING MATTERS

### Official Committee of Unsecured Creditors v. UMB Bank, N.A. (Adv. Proc. No. 13-01277)

1.    Notice of Defendant UMB Bank, N.A.`s Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [Docket No. 20]

    **Related Documents**:

    a.        Defendant UMB Bank, N.A.`s Memorandum of Law in Support of its Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [Docket No. 21]

    b.        Order Adjourning Hearing on UMB Bank, N.A.'s Partial Motion to Dismiss [Docket No. 33]

    c.        Stipulation [Docket No. 34]

    **Responses**:

    a.        Joinder of Wells Fargo Bank, N.A. in its Capacity as Third Priority Collateral Agent and Collateral Control Agent Under that Certain Amended and Related Third Priority Pledge and Security Agreement and Irrevocable Proxy, Dated as of December 30, 2009, in Defendant UMB Bank, N.A.'s Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [Docket No. 23]

    b.        Official Committee of Unsecured Creditors' Opposition to Defendant UMB Bank, N.A.'s Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [Docket No. 28]

    c.        Declaration of John A. Morris in Support of the Committee's Opposition to Partial Motion to Dismiss [Docket No. 29]

    d.        Notice of Hearing on Motion to Dismiss [Docket No. 35]

**Replies**:

a.       Defendant UMB Bank, N.A.'s Reply Memorandum of Law in Further
Support of Its Partial Motion to Dismiss Pursuant to FRCP 12(b)(6)
[Docket No. 37]

**Status**:       The hearing on this matter will be going forward.

Dated:  July 24, 2013                        /s/ Gary S. Lee
        New York, New York                   Gary S. Lee
                                             Lorenzo Marinuzzi
                                             Norman S. Rosenbaum
                                             MORRISON & FOERSTER LLP
                                             1290 Avenue of the Americas
                                             New York, New York 10104
                                             Telephone: (212) 468-8000
                                             Facsimile: (212) 468-7900

                                             *Counsel for the Debtors and
                                             Debtors in Possession*