**Hearing Date and Time: August 29, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: August 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION**
**TO CLAIMS (NO LIABILITY – BOOKS AND RECORDS CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

   Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

## RELIEF REQUESTED

   1.  The Debtors file this twenty-third omnibus objection to claims (the

"Twenty-Third Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United

States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing

of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures

Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form

substantially similar to that attached hereto as **Exhibit 2**, disallowing and expunging the claims

listed on **Exhibit A**[1] annexed to the Proposed Order.  In support of the Twenty-Third Omnibus

Claims Objection, the Debtors submit the *Declaration of Deanna Horst in Support of the*

*Debtors' Twenty-Third Omnibus Claims Objection (No Liability – Books and Records Claims)*

(the "Horst Declaration"), attached hereto as **Exhibit 1** and filed concurrently herewith.

   2.  The Debtors have examined the proofs of claim identified on **Exhibit A** to

the Proposed Order, as well as the books and records the Debtors maintain in the ordinary course

of business, and determined that the Debtors have no liability for claims asserted in the proofs of

claim listed on **Exhibit A** under the heading "*Claims to be Disallowed and Expunged*"

---

[1]  Claims listed on **Exhibit A** are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

(collectively, the "No Liability Claims").  Accordingly, the Debtors seek entry of the Proposed

Order disallowing and expunging the No Liability Claims from the claims register.

       3.      The Debtors expressly reserve all rights to object on any other basis to any

No Liability Claim as to which the Court does not grant the relief requested herein.

       4.      No Borrower Claims (as defined in the Procedures Order) are included in

this Twenty-Third Omnibus Claims Objection.

## JURISDICTION

       5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

       6.      On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b).

       7.      On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

       8.      On June 20, 2012, the Court directed that an examiner (the "Examiner")

be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner

[Docket Nos. 454, 674].

       9.      On May 13, 2013, the Examiner filed his report under seal [Docket

No. 3698].

10.    On June 26, 2013, the Examiner's report was unsealed and made available to the public [Docket No. 4099].

11.    On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.    Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims registers for each of the Debtors.

12.    On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").    The Bar Date Order established, among other things, (a) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (b) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").    (Bar Date Order, ¶¶ 2, 3).    On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].    The Governmental Bar Date was **not** extended.

13.    To date, approximately 6,860 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' claims registers.

14.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

ny-1091820

## THE NO LIABILITY CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

15.    Based upon their review of the proofs of claim filed on the claims register maintained by KCC, the Debtors determined that their books and records do not reflect any basis for the No Liability Claims identified on **Exhibit A** annexed to the Proposed Order under the heading "*Claims to be Disallowed and Expunged.*"    Accordingly, these proofs of claim do not represent valid prepetition claims against the Debtors.    If the No Liability Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive a wholly improper recovery to the detriment of other creditors in these Chapter 11 Cases. (See Horst Declaration ¶ 4).

16.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."    11 U.S.C. § 502(a).    If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.    See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."    11 U.S.C. § 502(b)(1).

17.    The Debtors diligently analyzed the No Liability Claims and compared the claims set forth therein to their books and records and determined that each of the No Liability Claims is asserted against a Debtor that does not have liability for such claim for the reasons set forth on **Exhibit A** to the Proposed Order under the heading titled "*Reason for Disallowance.*" (See Horst Declaration ¶¶ 3-4).    Accordingly, to avoid the possibility that the parties that filed the No Liability Claims receive improper recoveries against the Debtors' estates, and to ensure

4

the Debtors' creditors are not prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge in their entirety the No Liability Claims. Further, the Debtors reserve the right to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

## NOTICE

18.      The Debtors have served notice of this Twenty-Third Omnibus Claims Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order. The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

19.      No previous request for the relief sought herein has been made by the Debtors to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  July 25, 2013
        New York, New York

                                   /s/ Norman S. Rosenbaum
                                  Gary S. Lee
                                  Norman S. Rosenbaum
                                  Jordan A. Wishnew
                                  MORRISON & FOERSTER LLP
                                  1290 Avenue of the Americas
                                  New York, New York 10104
                                  Telephone:  (212) 468-8000
                                  Facsimile:  (212) 468-7900

                                  *Counsel for the Debtors and*
                                  *Debtors in Possession*

6

## Exhibit 1

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## DECLARATION OF DEANNA HORST IN SUPPORT OF
## DEBTORS' TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY– BOOKS AND RECORDS CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").[1]  I have been employed by affiliates of

ResCap for eleven years, the last year in my current position.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, QA and Compliance—a position I

held until 2006, at which time I became the Vice President of the Credit Risk Group, managing

Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President,

Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.

In my current position, I am responsible for Claims Management and Reconciliation and Client

Recovery.  I am authorized to submit this declaration (the "Declaration") in support of the

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1091828

*Debtors' Twenty-Third Omnibus Objection to Claims (No Liability Claims – Books and Records)*
(the "Objection").[2]

      2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

      3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** to the Proposed Order.  In connection with this analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) the other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

      4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1091828

filed in these Chapter 11 Cases.  Based on a thorough review of the No Liability Claims at issue, the Debtors determined that each of the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" on **Exhibit A** to the Proposed Order is asserted against a Debtor that does not have liability for such claim for the reasons set forth in the corresponding column under the heading "*Reason for Disallowance.*"

5.       Accordingly, based upon this review, and for the reasons set forth in the Objection and **Exhibit A** to the Proposed Order, I have determined that each No Liability Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  July 25, 2013

*/s/* Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

ny-1091828

**<u>Exhibit 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                              |     |                          |
|------------------------------|-----|--------------------------|
|                              | )   |                          |
| In re:                       | )   | Case No. 12-12020 (MG)   |
|                              | )   |                          |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11           |
|                              | )   |                          |
| Debtors.                     | )   | Jointly Administered     |
|                              | )   |                          |

## ORDER GRANTING DEBTORS' TWENTY-THIRD OMNIBUS
## OBJECTION TO CLAIMS (NO LIABILITY – BOOKS AND RECORDS CLAIMS)

Upon the twenty-third omnibus objection to claims, dated July 25, 2013 (the

"Twenty-Third Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated

debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession

(collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and

expunging the No Liability Claims on the basis that such claims fail to articulate any legal or

factual justification for asserting a claim against the Debtors, all as more fully described in the

Twenty-Third Omnibus Claims Objection; and it appearing that this Court has jurisdiction to

consider the Twenty-Third Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334;

and consideration of the Twenty-Third Omnibus Claims Objection and the relief requested

therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Twenty-

Third Omnibus Claims Objection having been provided, and it appearing that no other or further

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-Third Omnibus Claims Objection.

notice need be provided; upon consideration of the Twenty-Third Omnibus Claims Objection

and the *Declaration of Deanna Horst in Support of the Debtors' Twenty-Third Omnibus

Objection to Claims (No Liability – Books and Records Claims)*, annexed to the Twenty-Third

Omnibus Claims Objection as <u>Exhibit 1</u>; and the Court having found and determined that the

relief sought in the Twenty-Third Omnibus Claims Objection is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set

forth in the Twenty-Third Omnibus Claims Objection establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Third Omnibus Claims

Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **<u>Exhibit A</u>** annexed hereto under the heading "Claims to be Disallowed and Expunged"

(collectively, the "<u>No Liability Claims</u>") are disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the No Liability Claims identified on the

schedule attached as **<u>Exhibit A</u>** hereto so that such claims are no longer maintained on the

Debtors' claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Twenty-Third Omnibus Claims Objection as

provided therein shall be deemed good and sufficient notice of such objection, and the

requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23,

2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on **Exhibit A**, and all rights to object on any basis are expressly reserved with respect to any other claim not listed on **Exhibit A**; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Claims identified on **Exhibit A**, annexed hereto, as if each such No Liability Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:  August ___, 2013
       New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1091832

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | AMABILE KOENIG<br>8625 JAMESTOWN DRIVE<br>WHITE LAKE, MI 48386 | 2782 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$940,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant is ineligible to receive severance under terms of employment contract, and claims for unpaid severance and damages for alleged emotional distress are therefore invalid. |
| 2 | Clark J. Gebman<br>8686 Sheridan Dr<br>Buffalo, NY 14221 | 5643 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$3,000,000,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim seeks damages for alleged tortious interference by Debtors; however, the claim is not based on any identified contract, business relationship or valid business expectancy that would form the predicate to support a finding against any Debtor. |
| 3 | Ivy Le<br>Michael J. Studenka, Esq.<br>Newmeyer & Dillion, LLP<br>895 Dove Street, Fifth Floor<br>Newport Beach, CA 92660 | 3532 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |
| 4 | Ivy Le<br>Michael J. Studenka, Esq.<br>Newmeyer & Dillion, LLP<br>895 Dove Street, Fifth Floor<br>Newport Beach, CA 92660 | 3534 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |
| 5 | Jenkins Teneka vs GMAC Mortgage LLC<br>Erin Patrick Lyons<br>Dutton Braun Staack and Hellman<br>PO Box 810<br>Waterloo, IA 50704 | 2871 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$130,179.55 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Complaint seeking alleged disability discrimination by Debtors was filed prepetition by claimant against GMAC Mortgage, LLC with the Iowa Civil Rights Commission ("ICRC"), Case No. 26A-2012-00351C (EEOC), Case No. 1-12-62002 (ICRC); however, ICRC dismissed the complaint, closed the matter on May 3, 2012, and accordingly, there is no legal basis for liability of any Debtor to claimant. |
| 6 | M Nawaz Raja et al v Indy Mac Bank FSB GMAC Mortage LLC GMAC LLC et al no other Ally or ResCap entities named<br>42907 Parkbrooke Ct<br>Broadlands, VA 20148 | 1276 | 10/12/2012 | $91,662,688.32<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant has never been a borrower under a mortgage loan owned or serviced by Debtors and, accordingly, there is no legal basis for liability of any Debtor to claimant. |
| 7 | M. Nawaz Raja vs Indy Mac Bank FSB, GMAC Mortgage LLC, GMAC LLC et al<br>42907 Parkbrooke Court<br>Broadlands, VA 20148 | 1511 | 10/22/2012 | $0.00<br>$0.00<br>$91,662,688.32<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant has never been a borrower under a mortgage loan owned or serviced by Debtors and, accordingly, there is no legal basis for liability of any Debtor to claimant. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 8 | Neelum Nawaz Raja vs. Indy Mac Bank FSB, GMAC Mortgage LLC, GMAC LLC et al 42907 Parkbrooke Court Broadlands, VA 20148 | 1510 | 10/22/2012 | $0.00 $0.00 $91,662,688.32 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant has never been a borrower under a mortgage loan owned or serviced by Debtors and, accordingly, there is no legal basis for liability of any Debtor to claimant. |
| 9 | Nicholas Hagar Michael J. Studenka, Esq. Newmeyer & Dillion, LLP 895 Dove Street, Fifth Floor Newport Beach, CA 92660 | 3522 | 11/09/2012 | $0.00 $0.00 $0.00 UNLIQUIDATED $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Debtors are not liable to claimant for payment of wages, salaries or commissions because claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions, in connection with claimant's termination of employment. |
| 10 | Nicholas Hagar Michael J. Studenka, Esq. Newmeyer & Dillion, LLP 895 Dove Street, Fifth Floor Newport Beach, CA 92660 | 3530 | 11/09/2012 | $0.00 $0.00 $0.00 UNLIQUIDATED $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Debtors are not liable to claimant for payment of wages, salaries or commissions because claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions, in connection with claimant's termination of employment. |
| 11 | RONALD WAGNER 464 ROSLYN AVE GLENSIDE, PA 19038 | 1095 | 10/10/2012 | $0.00 $0.00 $0.00 $11,692.41 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |
| 12 | Ross Thayer 28304 Golden Meadow Dr Rancho Palos Verdes, CA 90275 | 956 | 10/04/2012 | $0.00 $0.00 $0.00 $0.00 $36,242.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Debtors are not liable to claimant on account of asserted unpaid commissions because such amounts relate to loans that closed after termination of claimant's employment. |
| 13 | SUNCOAST MORTGAGE CORPORATION 4129 CHURCH RD MOUNT LAUREL, NJ 08054 | 2774 | 11/07/2012 | $0.00 $0.00 $0.00 $0.00 $2,400,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | RFC Asset Management, LLC | 12-12066 | As alleged claims for breach of contract and tortious interference with contract are based on allegations that Ally Bank stopped lending to claimant, there is no basis for liability of any Debtor to claimant on account of claims arising from such act. |
| 14 | The S.E. Farris Law Firm 116 East Lockwood St. Louis, MO 63119 | 2242 | 11/05/2012 | $0.00 $0.00 $0.00 $0.00 $200,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claim seeks payment of attorneys' fees in a foreclosure-related case in which claimant is plaintiff's counsel and GMAC Mortgage, LLC is a defendant; Debtors have determined that plaintiff is not entitled to attorneys' fees under any applicable statute. |

Claims to Be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 15 | Tony Bolton<br>Michael J. Studenka, Esq.<br>Newmeyer & Dillion, LLP<br>895 Dove Street, Fifth Floor<br>Newport Beach, CA 92660 | 3535 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |
| 16 | Tony Bolton<br>Michael J. Studenka, Esq.<br>Newmeyer & Dillion, LLP<br>895 Dove Street, Fifth Floor<br>Newport Beach, CA 92660 | 3537 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | In connection with claimant's termination of employment with Debtors, claimant executed a general release of claims against GMAC Mortgage, LLC and its affiliates, including claims for wages, salaries or commissions and, accordingly, Debtors are not liable to claimant on account of asserted claims. |
| 17 | William Lyon & Associates INC.<br>2261 River Plaza Dr #398<br>Sacramento , CA 95833 | 3657 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$217,310.82 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Debtors are not liable to claimant for reimbursement of expenses because such amounts were already paid and claims were released under a settlement agreement executed by claimant. |