UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------------------

### ORDER GRANTING DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 9019 AND BANKRUPTCY CODE SECTION 363(b)(1) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER AMENDMENT TO CONSENT ORDER

Upon the motion (the "**Motion**")[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 cases, as debtors in possession (collectively, the "**Debtors**"), pursuant to Bankruptcy Rule 9019 and Bankruptcy Code section 363(b)(1) authorizing the Debtors to enter into and perform under an Amendment to the Consent Order; and upon the Kruger Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the relief requested therein having been provided to all parties in interest in the Chapter 11 cases, and no other or further notice being necessary; and the Court having reviewed the Amendment; and any objections (if any) to the Motion having been withdrawn or overruled; and after due deliberation and for good cause shown, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is **GRANTED** to the extent set forth below.

---

[1] Capitalized terms otherwise not defined herein shall have the meanings ascribed to them in the Motion.

ny-1098336

2. The Amendment is hereby approved pursuant to Fed. R. Bankr. P. 9019(a) and ResCap and GMAC Mortgage are hereby authorized to take any and all actions as may be necessary to effectuate and implement the Amendment.

3. The Debtors are hereby authorized to direct the release of the Settlement Amount from the escrow account established in connection with the Escrow Order and FRB Term Sheet, and the release of any interest or other income earned on the Settlement Amount while held in escrow, into a Qualified Settlement Fund from which payments will be made pursuant to a distribution plan developed by the Regulator.

4. The Debtors are hereby authorized to take all actions and enter into such agreements as are necessary to perform under the Amendment, including the retention of a paying agent (the "**Paying Agent**").

5. GMAC Mortgage is authorized to pay any and all fees associated with the Paying Agent and the establishment and administration of the Fund.

6. Any and all objections to the Motion or the relief requested therein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled on the merits.

7. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among Ally Financial Inc., Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation except as provided in the Amendment, (b) the consent judgment entered April 5, 2012 by the United States District Court for the District of Columbia, dated February 9, 2012 (the "**Consent Judgment**"), (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as

ny-1098336

amended, dated February 10, 2012 (the "**Order of Assessment**"), and (d) all related agreements with Ally.

8. Notwithstanding anything herein, in the GA Servicing Order[2], or in any other order of the Bankruptcy Court to the contrary, this Order shall not waive or foreclose and is without prejudice to (i) any and all claims, causes of action and defenses that may be asserted by the Debtors or the Official Committee of Unsecured Creditors for any and all past or future costs of compliance with (a) the Consent Order, (b) the Consent Judgment and (c) the Order of Assessment (collectively, (a) through (c), the "**Compliance Claims**") against any and all parties, including, without limitation, claims for contribution and/or indemnification arising directly or indirectly, by contract or under common law, through subrogation or otherwise, (ii) all rights of Ally to object to any Compliance Claim on any and all bases and bring counterclaims against the Debtors for Compliance Claims, including asserting claims (x) that the costs of compliance in connection with the Compliance Claims are administrative expenses of the Debtors' estates pursuant to 11 U.S.C. § 503(b) and (y) that Ally relied on the Debtors' costs of compliance in its decision to support operationally and financially the Debtors' efforts to sell the assets of the Debtors' estates on a going concern basis and maximize the value of the estates, and (iii) all rights of the Debtors or any party-in-interest (including the Official Committee of Unsecured Creditors) to respond to any objections and contest any and all counterclaims asserted by Ally, provided, however, that in each case such claims shall not be resolved, waived or discharged by

---

[2] The "**GA Servicing Order**" refers to the *Final Order Under Sections 105(a), 361, 362, 363, 1107(a), and 1108 of the Bankruptcy Code (I) Authorizing the Debtors to Continue in the Ordinary Course of Business (A) Servicing Governmental Association Loans and (B) Foreclosure Activities Related to Certain Real Estate Owned by Fannie Mae, Freddie Mac, and Ginnie Mae; (II) Authorizing the Debtors to Pay Certain Prepetition Amounts Due to Critical Services Vendors and Foreclosure Professionals; (III) Granting Limited Stay Relief to Enable Borrowers to Assert Direct Claims and Related Counter-Claims in Foreclosure and Eviction Proceedings; (IV) Authorizing the Debtors to Use Cash Collateral Under the Fannie Mae EAF Facility; and (V) Granting Related Relief* [Docket No. 401].

3

ny-1098336

the Debtors without the consent of the Official Committee of Unsecured Creditors or further order of the Bankruptcy Court.

        9.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

        10.     The Bankruptcy Court shall retain jurisdiction with respect to all matters arising out of or related to the implementation of this Order.

Dated: July 26, 2013  
       New York, New York

                                              **/s/Martin Glenn**  
                                        THE HONORABLE MARTIN GLENN  
                                        UNITED STATES BANKRUPTCY JUDGE

ny-1098336