HEARING DATE:  JULY 30, 2013 AT 10:00 A.M. EST
OBJECTION DEADLINE:  JULY 26, 2013 AT 12:00 P.M. EST

**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
One Liberty Plaza
New York, NY 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Special Counsel for Wilmington Trust, National Association, as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Susheel Kirpalani
Daniel L. Brockett
Jennifer Barrett
Scott C. Shelley
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Eric D. Winston (admitted *pro hac vice*)
865 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for AIG Asset Management (U.S.), LLC, et al.,*
*Allstate Insurance Company, et al.,*
*Massachusetts Mutual Life Insurance Company, and*
*Prudential Insurance Company of America, et al.*

**CADWALADER, WICKERSHAM & TAFT LLP**
Mark C. Ellenberg
700 Sixth Street, N.W.
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

*Attorneys for MBIA Insurance Corporation*

**POLSINELLI SHUGHART PC**
Daniel J. Flanigan, Esq.
900 Third Avenue, Suite 2100
New York, New York 10022
Telephone: (212) 644-2090
Facsimile: (212) 759-8290

*Bankruptcy Counsel for Representative Plaintiffs and the Putative Class*

**JONES DAY**
Richard L. Wynne
Howard F. Sidman
222 East 41st Street
New York, New York  10017
Telephone: (212) 326-3939
Facsimile:  (212) 755-7306

*Attorneys for Creditor Financial Guaranty Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————X
                                                    :
**In re**                                           :          **Chapter 11 Case No.**
                                                    :
**RESIDENTIAL CAPITAL, LLC, et al.,**               :          **12-12020 (MG)**
                                                    :
              **Debtors.**                          :          **(Jointly Administered)**
                                                    :
                                                    :
————————————————————X

### JOINDER OF CERTAIN CONSENTING CREDITORS IN SUPPORT OF THE RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS' DISQUALIFICATION MOTION

**TO THE HONORABLE JUDGE GLENN,**
**UNITED STATES BANKRUPTCY JUDGE:**

The undersigned "Consenting Creditors," respectfully submit this joinder to the

Response (the "Response") of the Official Committee of Unsecured Creditors (the "Committee")

to the *Motion Of The Ad Hoc Group Of Junior Secured Noteholders For Entry Of An Order (i)*

*Directing Each of Debtors' Counsel, Including Morrison & Foerster LLP, Official Committee*

*Counsel, Including Kramer Levin Naftalis & Frankel LLP, And The Debtors' Management To*

*Remain Strictly Neutral In Any Dispute Regarding Claims By And Between Any Debtors, (ii)*

*Ordering The Limited Disqualification Of Each Of The Foregoing To The Extent Necessary To*

*Effectuate The Foregoing, And (iii) Granting Related Relief* (the "Motion") [Docket No. 4289].[1]

In support of this joinder, the Consenting Claimants represents as follows:

1.       The Motion should be denied for each of the reasons set forth in the Response.  At

bottom, the Motion seeks to disqualify qualified and experienced counsel and an independent CRO

---

[1]       Terms not defined herein shall have the same meaning as defined in the Response.

based on illusory conflicts—conflicts that allegedly stem from the fact that these professionals achieved precisely what this Court has long-encouraged the parties to achieve: reaching a global settlement.  The motion is an undisguised and improper litigation tactic, and is both legally and factually untenable.

2.       Given the events of the past year, this Motion simply has no relevance today.  The Debtors took appropriate and court approved steps to resolve any inter-debtor conflicts by appointing Mr. Lewis Kruger as CRO and independent fiduciary, by seeking Judge Peck's appointment as mediator, and by allowing the inter-debtor disputes to be resolved in a global mediation context, involving creditors with significant claims against each of the major Debtor estates.  The most significant remaining role of the Debtor and Committee professionals is to prosecute the settlement as they are obliged to do pursuant to the Plan Support Agreement (the "PSA"), which has been approved by this Court.

3.       The motion seeks to use an illusory conflict as the basis for disqualification purely to thwart the global settlement that the Ad Hoc Group Of Junior Secured Noteholders (the "JSNs") do not support.  Critically, the JSNs and any other dissatisfied creditor of any Debtor (to the extent any exist) have a forum to voice their objections.  It is this Court, and not the Debtors nor the Committee, that will determine the reasonableness of the settlement in the context of plan confirmation hearings, and creditors of every Debtor, including the JSNs, will have a full opportunity to participate.  It is simply absurd to suggest that the Debtors' and the Committee's counsel find themselves in a conflict of interest by supporting a plan settlement that has overwhelming support of creditors and the unanimous support of an Official Creditor's Committee, which itself includes the representatives of the largest unsecured creditors of each major estate.

3

4.      *Additionally*, the timing of the Motion—fourteen months into these cases—is itself reason to deny it.  Notably, the JSNs and their professionals raised no concern about inter-debtor conflicts when they entered into a plan support agreement, dated May 13, 2012, with the Debtors (the "JSN PSA").  The JSN PSA embraced a settlement calling for a $750 million cash contribution in full settlement of all claims against AFI, notwithstanding that the Debtors lacked a CRO, the settlement was not guided by a mediator and the significant majority of the Debtors' unsecured creditors had no input into, and certainly had not consented to, the settlement.  Only now, when the JSNs' objective is to silence the voices of the fiduciaries for the unsecured creditors of every estate for the sole purpose of enabling the JSNs to proceed unimpeded with their unjustified attempt to gain value at the expense of those unsecured creditors, have inter-debtor conflicts become a subject of their concern.  No principle of law justifies this.  It is in the common interest of all unsecured creditors and of every estate—and indeed a fiduciary imperative—for the court appointed fiduciaries in this case to vigorously object to the JSNs' claims.

5.      Not only did the JSNs fail to raise the conflict issues at the outset of the case, they failed to raise the purported conflicts as they continued to actively participate in the Chapter 11 cases or while the mediation was proceeding.  The JSNs themselves even recognized that a global settlement was the ultimate goal of the mediation but expressed doubt that a settlement would be reached.  On February 21, 2013, the JSNs objected to the Debtors' motion to further extend exclusivity stating:

> For the past two months, the Ad Hoc Group patiently participated in a plan mediation process that has, to date, not resulted in the global compromise envisioned by the Court at its inception.  Perversely, these well-intentioned efforts to achieve consensus through mediation have seemingly emboldened certain parties to harden their negotiating positions, secure in the nowledge [sic] that the Debtors' present plan construct – with its non-consensual third party release provisions with Ally – remains the only show in town.  Even the best efforts of a

4

sitting bankruptcy judge and experienced and respected mediator have been
unable to break this impasse.

JSN Objection to Debtors' Motion to Further Extend Exclusivity, p. 2.

6.        Now that the impasse has in fact been broken, and the JSNs' position has been

dramatically improved upon as compared to the treatment they agreed to in their aborted plan

support agreement at the beginning of the case, the JSNs cannot destabilize the case, and disable

the Estate Fiduciaries from acting appropriately.  This case bears no resemblance to the inter-

creditor warfare that plagued the *Adelphia* Chapter 11 case for years.  This Court should decline

the JSN's invitation to turn the case into a quagmire.

7.         For the reasons set forth above and in the Response, the Consenting Creditors

hereby join in and support the Response and respectfully request that the Court deny the Motion.

Dated:  New York, New York
         July 26, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON
LLP


By:  /s/ Thomas J. Moloney

Thomas J. Moloney (TJM-9775)
Sean A. O'Neal (SAO-4067)
A Member of the Firm
One Liberty Plaza
New York, NY 10006
*(212) 225-2000*

*Special Counsel for Wilmington Trust, National
Association, as Indenture Trustee for the Senior
Unsecured Notes Issued by Residential Capital,
LLC*

POLSINELLI SHUGHART

CADWALADER, WICKERSHAM & TAFT LLP


By:  /s/ Daniel J. Flanigan

Daniel J. Flanigan, Esq.
900 Third Avenue, Suite 2100
New York, New York 10022
(212) 644-2090 (Telephone)
(212) 759-8290 (Facsimile)

*Bankruptcy Counsel for Lead
Plaintiffs and the Putative Class*

By:  /s/ Mark C. Ellenberg

Mark C. Ellenberg
700 Sixth Street, N.W.
Washington, DC 20001
Telephone: (202) 862-2200
Facsimile: (202) 862-2400

*Attorneys for MBIA Insurance Corporation*

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

JONES DAY


By: _/s/ Susheel Kirpalani_____

By: _/s/ Richard L. Wynne_____

Susheel Kirpalani
Daniel L. Brockett
Jennifer Barrett
Scott C. Shelley
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Eric D. Winston (admitted *pro hac vice*)
865 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Richard L. Wynne
Howard F. Sidman
222 East 41st Street
New York, New York  10017
Telephone: (212) 326-3939
Facsimile:  (212) 755-7306

*Attorneys for Creditor*
*Financial Guaranty Insurance Company*

*Counsel for AIG Asset Management (U.S.), LLC,*
*et al.,*
*Allstate Insurance Company, et al.,*
*Massachusetts Mutual Life Insurance Company,*
*and*
*Prudential Insurance Company of America, et al.*

7