1

1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 12-12020-mg

5  - - - - - - - - - - - - - - - - - - - - -x

6  In the Matter of:

7

8  RESIDENTIAL CAPITAL, LLC, ET AL.,

9

10             Debtor.

11

12  - - - - - - - - - - - - - - - - - - - - -x

13

14             United States Bankruptcy Court

15             One Bowling Green

16             New York, New York

17

18             July 22, 2013

19             3:51 PM

20

21  B E F O R E:

22  HON. MARTIN GLENN

23  U.S. BANKRUPTCY JUDGE

24

25

2

1

2  In-Person Status Conference re: Motion of the Ad Hoc Group of

3  Junior Secured Noteholders, for an Order Directing Each of

4  Debtors' Counsel to Remain Neutral in Any Dispute re: Claims,

5  etc.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20  Transcribed by:  David Rutt, CET**D-635

21  eScribers, LLC

22  700 West 192nd Street, Suite #607

23  New York, NY 10040

24  (973)406-2250

25  operations@escribers.net

3

```
1
2  A P P E A R A N C E S :
3  MORRISON & FOERSTER LLP
4       Attorneys for Debtors
5       1290 Avenue of the Americas
6       New York, NY 10104
7
8  BY:   GARY S. LEE, ESQ.
9        TODD M. GOREN, ESQ.
10       JAMIE A. LEVITT, ESQ.
11
12
13  CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
14       Conflicts Counsel for Debtors
15       101 Park Avenue
16       New York, NY 10178
17
18  BY:   THERESA A. FOUDY, ESQ.
19        MICHAEL J. MOSCATO, ESQ.
20        DANIEL A. BLOOM, ESQ. (TELEPHONICALLY)
21
22
23
24
25
```

4

1

2    AKIN GUMP STRAUSS HAUER & FELD LLP

3         Attorneys for UMB Bank

4         One Bryant Park

5         New York, NY 10036

6

7    BY:   DANIEL H. GOLDEN, ESQ.

8

9    KIRKLAND & ELLIS LLP

10        Attorneys for Ally Financial Inc. & Ally Bank

11        601 Lexington Avenue

12        New York, NY 10022

13

14   BY:   RAY C. SCHROCK, ESQ.

15

16   KRAMER LEVIN NAFTALIS & FRANKEL LLP

17        Attorneys for the Creditors' Committee

18        1177 Avenue of the Americas

19        New York, NY 10036

20

21   BY:   KENNETH H. ECKSTEIN, ESQ.

22        GREGORY AARON HOROWITZ, ESQ.

23        DOUGLAS MANNAL, ESQ.

24        NATHANIEL ALLARD, ESQ. (TELEPHONICALLY)

25

5

1

2  MILBANK, TWEED, HADLEY & MCCLOY LLP

3        Attorneys for Ad Hoc Group of Junior Secured Noteholders

4        One Chase Manhattan Plaza

5        New York, NY 10005

6

7  BY:   DANIEL M. PERRY, ESQ.

8

9  PACHULSKI STANG ZIEHL & JONES

10        Committee Conflicts Counsel

11        780 Third Avenue

12        36th Floor

13        New York, NY 10017

14

15  BY:   ROBERT J. FEINSTEIN, ESQ.

16

17  WHITE & CASE LLP

18        Attorneys for Ad Hoc Group of Junior Secured Noteholders

19        1155 Avenue of the Americas

20        New York, NY 10036

21

22  BY:   J. CHRISTOPHER SHORE, ESQ.

23        HARRISON DENMAN, ESQ.

24        DWIGHT A. HEALY, ESQ.

25

6

```
 1
 2  MORRISON COHEN LLP
 3        Attorneys for Independent Directors
 4        909 Third Avenue
 5        New York, NY 10022
 6
 7  BY:   ROBERT K. DAKIS, ESQ. (TELEPHONICALLY)
 8        JOSEPH T. MOLDOVAN, ESQ. (TELEPHONICALLY)
 9
10  MUNGER, TOLLES & OLSON LLP
11        Attorneys for Berkshire Hathaway
12        355 South Grand Avenue
13        35th Floor
14        Los Angeles, CA 90071
15
16  BY:   SETH GOLDMAN, ESQ. (TELEPHONICALLY)
17        THOMAS B. WALPER, ESQ. (TELEPHONICALLY)
18
19  AURELIUS CAPITAL MANAGEMENT, LP
20  BY:   MATTHEW A. ZLOTO (TELEPHONICALLY)
21
22  DK PARTNERS
23  BY:   EPHRAIM DIAMOND (TELEPHONICALLY)
24
25
```

**RESIDENTIAL CAPITAL, LLC, et al.**

7

1                    P R O C E E D I N G S

2            THE COURT:  All right, please be seated.  Residential

3    Capital, number 12-12020.  Mr. Lee?

4            MR. LEE:  Good afternoon, Your Honor.  Thank you for

5    seeing us on such short notice.

6            THE COURT:  Sorry I'm running behind today.

7            MR. LEE:  We'll be very brief.  One of the advantages

8    of bringing everybody down to court, Your Honor, and doing

9    things on the record is -- it's remarkable how many things you

10   can achieve outside in the hallway.

11           Just briefly, Your Honor, what we wanted to discuss

12   today was the timing of the ad hoc bondholders' motion to

13   require plan neutrality on intercompany claims.  That hearing

14   is set for August the 21st, which is the same date as the

15   disclosure-statement hearing, which creates problems in and of

16   itself.

17           What we were hoping, Your Honor, and I've discussed

18   this with Mr. Shore who's counsel to the ad hoc group, is that

19   Your Honor set an accelerated briefing schedule and hearing on

20   the motion.  There are a number of different reasons why it

21   makes sense, from the estate's perspective, to accelerate the

22   briefing hearing and obviously a resolution of this issue

23   surrounding a proposed mediation session on July the 30th, and

24   various other things.  And we think it would be better for

25   everybody if we can get this issue briefed, heard and resolved

**RESIDENTIAL CAPITAL, LLC, et al.**

8

1    as soon as we can.

2            THE COURT:  You don't want to conduct a mediation, the

3    central issue that you can't discuss?

4            MR. LEE:  That would have been one of the two issues

5    that I would have gone into in some detail but for the fact

6    that Mr. Shore was prepared to accept an accelerated schedule,

7    Your Honor.

8            THE COURT:  All right, so tell me what the proposed

9    schedule is.

10            MR. LEE:  Your Honor, the proposed schedule would have

11    the debtors filing their responsive papers this Friday, and I'm

12    assuming the commit --

13            THE COURT:  I assume that's also the committee,

14    because they're also saying disqualify the committee.

15            MR. LEE:  And the committee as well and any other

16    interested party.

17            If the ad hoc noteholders want to file any responsive

18    papers, I would assume that would have to be on Monday.  I'm

19    not sure if there are any additional papers they'll need to

20    file.  And then we would have, Your Honor, a hearing on Tuesday

21    morning, if that was acceptable to Your Honor.

22        (Pause)

23            THE COURT:  That's interesting, because on Tuesday

24    morning I have a hearing in JMK Construction, a matter that

25    fits prominently into the motion papers that were filed.

**RESIDENTIAL CAPITAL, LLC, et al.**

9

1          (Pause)

2                THE COURT:  All right, I want any responsive -- any

3     objections to the motion, by Friday the 26th at noon.  We have

4     a ResCap calendar in the morning.  We'll set the hearing on the

5     motion, for Tuesday the 30th at 10 o'clock.

6                Let me just see --

7          (Pause)

8                THE COURT:  JMK is a status conference at 11; and if

9     we're not finished with the argument in this, I'll take JMK at

10    11 and then we'll resume the hearing on the motion as soon

11    as -- I don't think that'll be particularly long, but I'll take

12    them at the time that they're already scheduled, 11 o'clock.

13    So we'll start at 10 and then, if necessary, resume the

14    arguments on this motion.

15               Mr. Shore, you want to be heard?

16               MR. SHORE:  Chris Shore from White & Case, on behalf

17    of the ad hoc group.  Just two things:  At what time on Monday

18    would it be helpful for you to get the papers, recognizing I

19    got to just get people to sign off on pleadings?

20               THE COURT:  No later than noon.  I need time to be --

21    I'm not particularly happy having to deal with this.  I leave

22    on vacation on July 31; I am unreachable, I think, for most of

23    the time that I'm away.  This is a serious issue; I take it

24    seriously.  You may not get a ruling before I leave; we'll see;

25    I don't know.

**RESIDENTIAL CAPITAL, LLC, et al.**

10

1        MR. SHORE:  I'd also like to say Mr. Lee and I started

2    discussions yesterday, both about scheduling and also about the

3    possibility of trying to resolve this; I've spoken to

4    Mr. Eckstein this mor -- or this afternoon, about that.  We're

5    going to have some discussions over the week and we'll see if

6    we can come to some sort of agreed resolution as to what the

7    ground rules are, and we'll let you know as soon as possible --

8            THE COURT:  Let me know as soon as possible --

9            MR. SHORE:  -- if we're able to do that.  Okay.

10           THE COURT:  I read the motion.  I haven't seen what

11    the opposition is.  I mean, I take the issue seriously.  But to

12    give you all some focus for the objection and reply, I ask

13    myself the obvious questions.  What, there's fifty-one debtors

14    here?  You need fifty-one sets of counsel because nobody can

15    speak for the debtor?  Mr. Kruger, who's the CRO, with

16    acknowledged fiduciary obligation to all of the debtors -- I

17    mean, if -- and it may be -- what I've made clear at the time

18    of the PSA hearing on this -- the focus on the 9019 for the

19    settlement is -- look, I don't know whether the settlement's

20    going to get approved or not; if it doesn't, the plan doesn't

21    get confirmed.

22           But I'm struggling, Mr. Shore, with the notion that

23    the CRO, as a fiduciary of the debtors, in the context of all

24    of the claims being asserted in every different direction,

25    can't make an assessment consistent with his fiduciary duties.

**RESIDENTIAL CAPITAL, LLC, et al.**

11

1    Yet here's the landscape; here are the claims.  On the issue of

2    valuing intercompany claims at zero, there are substantial

3    arguments that have been made that some of the claims should be

4    rechar -- some or all of them should be recharacterized as

5    equity; some or all would be subject to equitable

6    subordination.  I don't know whether those arguments are good

7    or not.  But the proponents of the settlement are going to have

8    the burden of showing that they've satisfied the 9019

9    standards.

10         And the import of your motion, by saying "debtor and

11    committee neutrality", is that Mr. Kruger, as the CRO, with

12    acknowledged fiduciary obligation to all of the debtors, can't

13    reach the judgment that this proposed settlement is in the best

14    interest of all of the debtors and all of their separate

15    estates and is appropriate resolution of the issue.

16         So when you say that Debtors' counsel and the

17    committee's counsel are to be -- remain strictly neutral in any

18    dispute, and limited disqualification of each, I'm struggling.

19    Obviously, in a different context, as JMK is in a different

20    context, objections at the time of retention -- I don't back

21    off from anything I said in the JMK opinion.  Judge Bernstein,

22    in Granite -- it's a different context.  Here we are with

23    thirteen, fourteen, fifteen months into the case, and your

24    constituency may be the only one who's arguing that, 'No, the

25    debtor' -- 'Debtors' counsel, the committee's counsel, the CRO,

**RESIDENTIAL CAPITAL, LLC, et al.**

1    have to remain neutral; they can't take a position.'  I don't

2    know whether there's any other constituency in this case

3    asserting such a position.

4            It doesn't mean you're wrong, at all; I want to make

5    that clear.  It's a serious issue, but raised in this

6    context -- I'm sure you will address, at the time of

7    confirmation, whether this proposed settlement is fair,

8    reasonable and in the best interests of the estates, whether

9    Mr. Kruger appropriately has exercised his business judgment,

10   consistent with this fiduciary duty to all of the debtors, in

11   agreeing to enter into a settlement with these provisions.

12   That's what I'm -- I've only read your papers, but I haven't

13   seen the other papers.  It's a serious issue.

14           I certainly was aware earlier about what transpired in

15   Adelphia.  I respect Judge Gerber's views, but every case is

16   different.  And I'm not so sure I buy into -- I have no doubt

17   that the issue will be fully and fairly and strongly vetted

18   with evidence and argument if it proceeds to confirmation with

19   the debtor and the committee, as co-proponents of a plan,

20   arguing forcefully for why the Court should approve the 9019,

21   and you arguing just as forcefully that it shouldn't be

22   approved.

23           Anyway, I mean, that's -- you'll have a chance to file

24   the reply.  The committee and the debtor are going to have a

25   chance to file their objection.  If possible, do a single

**RESIDENTIAL CAPITAL, LLC, et al.**

13

1  brief; that would be really helpful; but if not -- I mean, I

2  just --

3        MR. SHORE:  We will focus our reply on addressing Your

4  Honor's concerns.  We're not arguing for fifty-one fiduciaries.

5  We'll try to resolve this week what, at least, the areas of the

6  dispute are, and ways in which we think that this can proceed

7  without a wholesale change in management or anything else,

8  allowing people to form views that -- I think the distinction

9  is going to be between forming views and acting on views, and

10  we'll focus on that.

11        THE COURT:  Well, "we'll see" is right.  Let me say

12  that -- hang on.  Just want to look at Friday's agenda.

13        Let me ask now:  Were you able to work out -- one of

14  the things you were going to try and work out before Friday,

15  Mr. Shore, was your request to bring supplemental or new

16  claims --

17        MR. SHORE:  I'm getting the counterclaims to them

18  tonight.  So we don't have a resolution of it yet but, again,

19  I'm hopeful we will.

20      (Pause)

21        THE COURT:  Okay, I haven't looked yet at the -- you

22  have, on shortened notice, the order in aid of the mediation,

23  and I haven't looked at it yet.

24        MR. LEE:  Yeah, Your Honor, first of all, obviously we

25  want to -- I understand the discomfort in having to resolve

**RESIDENTIAL CAPITAL, LLC, et al.**

14

1    this just before the break.

2            THE COURT:  Don't count on it being resolved before I

3    go away, Mr. Lee.

4            MR. LEE:  The -- there were really -- there are some

5    concerns, Your Honor; I think you hit the nail on the head on

6    one of them, which is, going into a mediation and effectively

7    how do you, when you're required to take no position with

8    respect to an issue, mix compromise --

9            THE COURT:  Well, unless and until I rule that you can

10   take no position on an issue, there's no order that prevents

11   you from taking a position on an issue; let me make that

12   crystal clear to everybody.  So unless and until you get a

13   ruling from me to the contrary, business as usual.

14           MR. LEE:  Okay, that's very helpful, Your Honor.

15   Thank you.

16           THE COURT:  Whether you all reach a resolution of

17   these issues in mediation, God willing.  We'll see.  If not,

18   we'll just proceed.  But I -- look, I take this issue that the

19   ad hoc committee has raised -- I take the issue seriously, and

20   I'm sure you'll make a serious response to it.  And I just --

21   all I've read is the one side's papers.  It's not an easy issue

22   from the Court's standpoint.  Maybe you'll convince me it is an

23   easy issue.

24           MR. LEE:  We hope to do that, Your Honor.

25           THE COURT:  Do you know yet how much of the rest of

**RESIDENTIAL CAPITAL, LLC, et al.**

15

1    the stuff that's on for Friday is actually going forward?  Does

2    anybody know?

3          MR. LEE:  Your Honor, I believe that the argument on

4    OID is going forward.  I think that, beyond that, everything

5    else is largely uncontested in the morning.  I think the FRB

6    motion -- there is one reservation of rights and one borrower

7    objection, which I'm not sure we're going to be able to

8    resolve.

9          THE COURT:  Okay.  All right.  See you on Friday.

10         MR. SHORE:  Okay, thank you, Your Honor.

11         THE COURT:  We're adjourned.

12      (Whereupon these proceedings were concluded at 4:08 PM)

13

14

15

16

17

18

19

20

21

22

23

24

25

16

1

2                              I N D E X

3

4                              RULINGS

5                                                Page        Line

6   Any objections to motion of the ad hoc group   9           3

7   of junior secured noteholders, for an order

8   directing each of debtors' counsel to remain

9   neutral in any dispute re: claims, etc., are

10  due by Friday, July 26th at 12 p.m.

11  Hearing on said motion of the ad hoc group of   9           5

12  junior secured noteholders, accelerated to

13  Tuesday, July 30th at 10:00 a.m.

14

15

16

17

18

19

20

21

22

23

24

25

17

1

2                    C E R T I F I C A T I O N

3

4    I, David Rutt, certify that the foregoing transcript is a true

5    and accurate record of the proceedings.

6

7

8

9    _____

10   DAVID RUTT

11   AAERT Certified Electronic Transcriber CET**D-635

12

13   eScribers

14   700 West 192nd Street, Suite #607

15   New York, NY 10040

16

17   Date:  July 23, 2013

18

19

20

21

22

23

24

25

RESIDENTIAL CAPITAL, LLC, ET AL.
Case No. 12-12020-mg

July 22, 2013

## A

**AARON (1)**
4:22
**able (3)**
10:9;13:13;15:7
**accelerate (1)**
7:21
**accelerated (2)**
7:19;8:6
**accept (1)**
8:6
**acceptable (1)**
8:21
**achieve (1)**
7:10
**acknowledged (2)**
10:16;11:12
**acting (1)**
13:9
**actually (1)**
15:1
**Ad (7)**
5:3,18;7:12,18;
8:17;9:17;14:19
**additional (1)**
8:19
**address (1)**
12:6
**addressing (1)**
13:3
**Adelphia (1)**
12:15
**adjourned (1)**
15:11
**advantages (1)**
7:7
**afternoon (2)**
7:4;10:4
**again (1)**
13:18
**agenda (1)**
13:12
**agreed (1)**
10:6
**agreeing (1)**
12:11
**aid (1)**
13:22
**AKIN (1)**
4:2
**ALLARD (1)**
4:24
**allowing (1)**
13:8
**Ally (2)**
4:10,10
**Americas (2)**
4:18;5:19
**Angeles (1)**
6:14
**appropriate (1)**

**11:15**
**appropriately (1)**
12:9
**approve (1)**
12:20
**approved (2)**
10:20;12:22
**areas (1)**
13:5
**arguing (4)**
11:24;12:20,21;
13:4
**argument (3)**
9:9;12:18;15:3
**arguments (3)**
9:14;11:3,6
**asserted (1)**
10:24
**asserting (1)**
12:3
**assessment (1)**
10:25
**assume (2)**
8:13,18
**assuming (1)**
8:12
**Attorneys (7)**
4:3,10,17;5:3,18;
6:3,11
**August (1)**
7:14
**AURELIUS (1)**
6:19
**Avenue (6)**
4:11,18;5:11,19;
6:4,12
**aware (1)**
12:14
**away (1)**
9:23;14:3

## B

**back (1)**
11:20
**Bank (2)**
4:3,10
**behalf (1)**
9:16
**behind (1)**
7:6
**Berkshire (1)**
6:11
**Bernstein (1)**
11:21
**best (2)**
11:13;12:8
**better (1)**
7:24
**beyond (1)**
15:4
**bondholders' (1)**
7:12

**borrower (1)**
15:6
**both (1)**
10:2
**break (1)**
14:1
**brief (2)**
7:7;13:1
**briefed (1)**
7:25
**briefing (2)**
7:19,22
**briefly (1)**
7:11
**bring (1)**
13:15
**bringing (1)**
7:8
**Bryant (1)**
4:4
**burden (1)**
11:8
**business (2)**
12:9;14:13
**buy (1)**
12:16

## C

**CA (1)**
6:14
**calendar (1)**
9:4
**can (7)**
7:10,25;8:1;10:6,
14;13:6;14:9
**CAPITAL (2)**
6:19;7:3
**CASE (5)**
5:17;9:16;11:23;
12:2,15
**central (1)**
8:3
**certainly (1)**
12:14
**chance (2)**
12:23,25
**change (1)**
13:7
**Chase (1)**
5:4
**Chris (1)**
9:16
**CHRISTOPHER (1)**
5:22
**claims (6)**
7:13;10:24;11:1,2,
3;13:16
**clear (3)**
10:17;12:5;14:12
**COHEN (1)**
6:2
**commit (1)**

**8:12**
**Committee (9)**
4:17;5:10;8:13,14,
15;11:11;12:19,24;
14:19
**committee's (2)**
11:17,25
**compromise (1)**
14:8
**concerns (2)**
13:4;14:5
**concluded (1)**
15:12
**conduct (1)**
8:2
**conference (1)**
9:8
**confirmation (2)**
12:7,18
**confirmed (1)**
10:21
**Conflicts (1)**
5:10
**consistent (2)**
10:25;12:10
**constituency (2)**
11:24;12:2
**Construction (1)**
8:24
**context (5)**
10:23;11:19,20,22;
12:6
**contrary (1)**
14:13
**convince (1)**
14:22
**co-proponents (1)**
12:19
**Counsel (7)**
5:10;7:18;10:14;
11:16,17,25,25
**count (1)**
14:2
**counterclaims (1)**
13:17
**COURT (21)**
7:2,6,8;8:2,8,13,23;
9:2,8,20;10:8,10;
12:20;13:11,21;14:2,
9,16,25;15:9,11
**Court's (1)**
14:22
**creates (1)**
7:15
**Creditors' (1)**
4:17
**CRO (4)**
10:15,23;11:11,25
**crystal (1)**
14:12

## D

**DAKIS (1)**
6:7
**DANIEL (2)**
4:7;5:7
**date (1)**
7:14
**deal (1)**
9:21
**debtor (4)**
10:15;11:10;12:19,
24
**debtor' (1)**
11:25
**debtors (7)**
8:11;10:13,16,23;
11:12,14;12:10
**Debtors' (2)**
11:16,25
**DENMAN (1)**
5:23
**detail (1)**
8:5
**DIAMOND (1)**
6:23
**different (6)**
7:20;10:24;11:19,
19,22;12:16
**direction (1)**
10:24
**Directors (1)**
6:3
**disclosure-statement (1)**
7:15
**discomfort (1)**
13:25
**discuss (2)**
7:11;8:3
**discussed (1)**
7:17
**discussions (2)**
10:2,5
**dispute (2)**
11:18;13:6
**disqualification (1)**
11:18
**disqualify (1)**
8:14
**distinction (1)**
13:8
**DK (1)**
6:22
**doubt (1)**
12:16
**DOUGLAS (1)**
4:23
**down (1)**
7:8
**duties (1)**
10:25
**duty (1)**
12:10
**DWIGHT (1)**
5:24

## E

**earlier (1)**
12:14
**easy (2)**
14:21,23
**ECKSTEIN (2)**
4:21;10:4
**effectively (1)**
14:6
**ELLIS (1)**
4:9
**else (2)**
13:7;15:5
**enter (1)**
12:11
**EPHRAIM (1)**
6:23
**equitable (1)**
11:5
**equity (1)**
11:5
**ESQ (15)**
4:7,14,21,22,23,24;
5:7,15,22,23,24;6:7,
8,16,17
**estates (2)**
11:15;12:8
**estate's (1)**
7:21
**everybody (3)**
7:8,25;14:12
**evidence (1)**
12:18
**exercised (1)**
12:9

## F

**fact (1)**
8:5
**fair (1)**
12:7
**fairly (1)**
12:17
**FEINSTEIN (1)**
5:15
**FELD (1)**
4:2
**fiduciaries (1)**
13:4
**fiduciary (5)**
10:16,23,25;11:12;
12:10
**fifteen (1)**
11:23
**fifty-one (3)**
10:13,14;13:4
**file (4)**
8:17,20;12:23,25
**filed (1)**
8:25

**filing (1)**
8:11
**Financial (1)**
4:10
**finished (1)**
9:9
**first (1)**
13:24
**fits (1)**
8:25
**Floor (2)**
5:12;6:13
**focus (4)**
10:12,18;13:3,10
**forcefully (2)**
12:20,21
**form (1)**
13:8
**forming (1)**
13:9
**forward (2)**
15:1,4
**fourteen (1)**
11:23
**FRANKEL (1)**
4:16
**FRB (1)**
15:5
**Friday (5)**
8:11;9:3;13:14;
15:1,9
**Friday's (1)**
13:12
**fully (1)**
12:17

## G

**Gerber's (1)**
12:15
**God (1)**
14:17
**GOLDEN (1)**
4:7
**GOLDMAN (1)**
6:16
**Good (2)**
7:4;11:6
**Grand (1)**
6:12
**Granite (1)**
11:22
**GREGORY (1)**
4:22
**ground (1)**
10:7
**Group (4)**
5:3,18;7:18;9:17
**GUMP (1)**
4:2

## H

**HADLEY (1)**
5:2
**hallway (1)**
7:10
**hang (1)**
13:12
**happy (1)**
9:21
**HARRISON (1)**
5:23
**Hathaway (1)**
6:11
**HAUER (1)**
4:2
**head (1)**
14:5
**HEALY (1)**
5:24
**heard (2)**
7:25;9:15
**hearing (9)**
7:13,15,19,22;8:20,
24;9:4,10;10:18
**helpful (3)**
9:18;13:1;14:14
**here's (1)**
11:1
**hit (1)**
14:5
**Hoc (7)**
5:3,18;7:12,18;
8:17;9:17;14:19
**Honor (15)**
7:4,8,11,17,19;8:7,
10,20,21;13:24;14:5,
14,24;15:3,10
**Honor's (1)**
13:4
**hope (1)**
14:24
**hopeful (1)**
13:19
**hoping (1)**
7:17
**HOROWITZ (1)**
4:22

## I

**import (1)**
11:10
**Inc (1)**
4:10
**Independent (1)**
6:3
**intercompany (2)**
7:13;11:2
**interest (1)**
11:14
**interested (1)**
8:16
**interesting (1)**
8:23

**interests (1)**
12:8
**into (6)**
8:5,25;11:23;
12:11,16;14:6
**issue (17)**
7:22,25;8:3;9:23;
10:11;11:1,15;12:5,
13,17;14:8,10,11,18,
19,21,23
**issues (2)**
8:4;14:17

## J

**JMK (5)**
8:24;9:8,9;11:19,
21
**JONES (1)**
5:9
**JOSEPH (1)**
6:8
**Judge (2)**
11:21;12:15
**judgment (2)**
11:13;12:9
**July (2)**
7:23;9:22
**Junior (2)**
5:3,18

## K

**KENNETH (1)**
4:21
**KIRKLAND (1)**
4:9
**KRAMER (1)**
4:16
**Kruger (3)**
10:15;11:11;12:9

## L

**landscape (1)**
11:1
**largely (1)**
15:5
**later (1)**
9:20
**least (1)**
13:5
**leave (2)**
9:21,24
**Lee (13)**
7:3,4,7;8:4,10,15;
10:1;13:24;14:3,4,14,
24;15:3
**LEVIN (1)**
4:16
**Lexington (1)**
4:11
**limited (1)**

11:18
**LLP (7)**
4:2,9,16;5:2,17;
6:2,10
**long (1)**
9:11
**look (3)**
10:19;13:12;14:18
**looked (1)**
13:21,23
**Los (1)**
6:14
**LP (1)**
6:19

## M

**makes (1)**
7:21
**MANAGEMENT (2)**
6:19;13:7
**Manhattan (1)**
5:4
**MANNAL (1)**
4:23
**many (1)**
7:9
**matter (1)**
8:24
**MATTHEW (1)**
6:20
**may (3)**
9:24;10:17;11:24
**Maybe (1)**
14:22
**MCCLOY (1)**
5:2
**mean (5)**
10:11,17;12:4,23;
13:1
**mediation (5)**
7:23;8:2;13:22;
14:6,17
**MILBANK (1)**
5:2
**mix (1)**
14:8
**MOLDOVAN (1)**
6:8
**Monday (2)**
8:18;9:17
**months (1)**
11:23
**mor (1)**
10:4
**morning (4)**
8:21,24;9:4;15:5
**MORRISON (1)**
6:2
**most (1)**
9:22
**motion (10)**
7:12,20;8:25;9:3,5,

10,14;10:10;11:10;
15:6
**much (1)**
14:25
**MUNGER (1)**
6:10
**myself (1)**
10:13

**N**

**NAFTALIS (1)**
4:16
**nail (1)**
14:5
**NATHANIEL (1)**
4:24
**necessary (1)**
9:13
**need (3)**
8:19;9:20;10:14
**neutral (2)**
11:17;12:1
**neutrality (1)**
7:13;11:11
**New (8)**
4:5,12,19;5:5,13,
20;6:5;13:15
**nobody (1)**
10:14
**noon (2)**
9:3,20
**Noteholders (3)**
5:3,18;8:17
**notice (2)**
7:5;13:22
**notion (1)**
10:22
**number (2)**
7:3,20
**NY (7)**
4:5,12,19;5:5,13,
20;6:5

**O**

**objection (3)**
10:12;12:25;15:7
**objections (2)**
9:3;11:20
**obligation (2)**
10:16;11:12
**obvious (1)**
10:13
**obviously (3)**
7:22;11:19;13:24
**o'clock (2)**
9:5,12
**off (2)**
9:19;11:21
**OID (1)**
15:4
**OLSON (1)**

6:10
**One (10)**
4:4;5:4;7:7;8:4;
11:24;13:13;14:6,21;
15:6,6
**only (2)**
11:24;12:12
**opinion (1)**
11:21
**opposition (1)**
10:11
**order (2)**
13:22;14:10
**out (2)**
13:13,14
**outside (1)**
7:10
**over (1)**
10:5

**P**

**PACHULSKI (1)**
5:9
**papers (8)**
8:11,18,19,25;
9:18;12:12,13;14:21
**Park (1)**
4:4
**particularly (2)**
9:11,21
**PARTNERS (1)**
6:22
**party (1)**
8:16
**Pause (4)**
8:22;9:1,7;13:20
**people (2)**
9:19;13:8
**PERRY (1)**
5:7
**perspective (1)**
7:21
**plan (3)**
7:13;10:20;12:19
**Plaza (1)**
5:4
**pleadings (1)**
9:19
**please (1)**
7:2
**PM (1)**
15:12
**position (4)**
12:3;14:7,10,11
**position' (1)**
12:1
**possibility (1)**
10:3
**possible (3)**
10:7,8;12:25
**prepared (1)**
8:6

**prevents (1)**
14:10
**problems (1)**
7:15
**proceed (2)**
13:6;14:18
**proceedings (1)**
15:12
**proceeds (1)**
12:18
**prominently (1)**
8:25
**proponents (1)**
11:7
**proposed (5)**
7:23;8:8,10;11:13;
12:7
**provisions (1)**
12:11
**PSA (1)**
10:18

**R**

**raised (2)**
12:5;14:19
**RAY (1)**
4:14
**reach (2)**
11:13;14:16
**read (3)**
10:10;12:12;14:21
**really (2)**
13:1;14:4
**reasonable (1)**
12:8
**reasons (1)**
7:20
**rechar (1)**
11:4
**recharacterized (1)**
11:4
**recognizing (1)**
9:18
**record (1)**
7:9
**remain (2)**
11:17;12:1
**remarkable (1)**
7:9
**reply (3)**
10:12;12:24;13:3
**request (1)**
13:15
**require (1)**
7:13
**required (1)**
14:7
**ResCap (1)**
9:4
**reservation (1)**
15:6
**Residential (1)**

7:2
**resolution (5)**
7:22;10:6;11:15;
13:18;14:16
**resolve (4)**
10:3;13:5,25;15:8
**resolved (2)**
7:25;14:2
**respect (2)**
12:15;14:8
**response (1)**
14:20
**responsive (3)**
8:11,17;9:2
**rest (1)**
14:25
**resume (2)**
9:10,13
**retention (1)**
11:20
**right (5)**
7:2;8:8;9:2;13:11;
15:9
**rights (1)**
15:6
**ROBERT (2)**
5:15;6:7
**rule (1)**
14:9
**rules (1)**
10:7
**ruling (2)**
9:24;14:13
**running (1)**
7:6

**S**

**same (1)**
7:14
**satisfied (1)**
11:8
**saying (2)**
8:14;11:10
**schedule (4)**
7:19;8:6,9,10
**scheduled (1)**
9:12
**scheduling (1)**
10:2
**SCHROCK (1)**
4:14
**seated (1)**
7:2
**Secured (2)**
5:3,18
**seeing (1)**
7:5
**sense (1)**
7:21
**separate (1)**
11:14
**serious (4)**

9:23;12:5,13;14:20
**seriously (3)**
9:24;10:11;14:19
**session (1)**
7:23
**set (3)**
7:14,19;9:4
**SETH (1)**
6:16
**sets (1)**
10:14
**settlement (5)**
10:19;11:7,13;
12:7,11
**settlement's (1)**
10:19
**SHORE (13)**
5:22;7:18;8:6;9:15,
16,16;10:1,9,22;13:3,
15,17;15:10
**short (1)**
7:5
**shortened (1)**
13:22
**showing (1)**
11:8
**side's (1)**
14:21
**sign (1)**
9:19
**single (1)**
12:25
**soon (4)**
8:1;9:10;10:7,8
**Sorry (1)**
7:6
**sort (1)**
10:6
**South (1)**
6:12
**speak (1)**
10:15
**spoken (1)**
10:3
**standards (1)**
11:9
**standpoint (1)**
14:22
**STANG (1)**
5:9
**start (1)**
9:13
**started (1)**
10:1
**status (1)**
9:8
**STRAUSS (1)**
4:2
**strictly (1)**
11:17
**strongly (1)**
12:17
**struggling (2)**

10:22;11:18
**stuff (1)**
  15:1
**subject (1)**
  11:5
**subordination (1)**
  11:6
**substantial (1)**
  11:2
**supplemental (1)**
  13:15
**sure (5)**
  8:19;12:6,16;
  14:20;15:7
**surrounding (1)**
  7:23

**T**

**TELEPHONICALLY (7)**
  4:24;6:7,8,16,17,
  20,23
**that'll (1)**
  9:11
**Third (2)**
  5:11;6:4
**thirteen (1)**
  11:23
**THOMAS (1)**
  6:17
**timing (1)**
  7:12
**today (2)**
  7:6,12
**TOLLES (1)**
  6:10
**tonight (1)**
  13:18
**transpired (1)**
  12:14
**try (2)**
  13:5,14
**trying (1)**
  10:3
**Tuesday (3)**
  8:20,23;9:5
**TWEED (1)**
  5:2
**two (2)**
  8:4;9:17

**U**

**UMB (1)**
  4:3
**uncontested (1)**
  15:5
**unless (2)**
  14:9,12
**unreachable (1)**
  9:22
**usual (1)**
  14:13

**V**

**vacation (1)**
  9:22
**valuing (1)**
  11:2
**various (1)**
  7:24
**vetted (1)**
  12:17
**views (4)**
  12:15;13:8,9,9

**W**

**WALPER (1)**
  6:17
**ways (1)**
  13:6
**week (2)**
  10:5;13:5
**Whereupon (1)**
  15:12
**WHITE (2)**
  5:17;9:16
**wholesale (1)**
  13:7
**who's (3)**
  7:18;10:15;11:24
**willing (1)**
  14:17
**without (1)**
  13:7
**work (2)**
  13:13,14
**wrong (1)**
  12:4

**Y**

**yesterday (1)**
  10:2
**York (7)**
  4:5,12,19;5:5,13,
  20;6:5

**Z**

**zero (1)**
  11:2
**ZIEHL (1)**
  5:9
**ZLOTO (1)**
  6:20

**1**

**10 (2)**
  9:5,13
**10005 (1)**
  5:5
**10017 (1)**

  5:13
**10022 (2)**
  4:12;6:5
**10036 (3)**
  4:5,19;5:20
**11 (3)**
  9:8,10,12
**1155 (1)**
  5:19
**1177 (1)**
  4:18
**12-12020 (1)**
  7:3

**2**

**21st (1)**
  7:14
**26th (1)**
  9:3

**3**

**30th (2)**
  7:23;9:5
**31 (1)**
  9:22
**355 (1)**
  6:12
**35th (1)**
  6:13
**36th (1)**
  5:12

**4**

**4:08 (1)**
  15:12

**6**

**601 (1)**
  4:11

**7**

**780 (1)**
  5:11

**9**

**90071 (1)**
  6:14
**9019 (3)**
  10:18;11:8;12:20
**909 (1)**
  6:4