UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

## ORDER IN AID OF MEDIATION AND SETTLEMENT

On December 26, 2012, the Court entered that certain Order Appointing Mediator [Docket No. 2519],[1] appointing the Honorable James M. Peck as mediator (the "**Mediator**") (as extended by the Orders Extending Appointment of Honorable James M. Peck as Mediator, dated March 5, 2013 and June 4, 2013 [Docket Nos. 3101 and 3877]) (the **"Mediation Order"**); and on June 26, 2013, the Court entered that certain Order Granting Debtors' Motion for an Order Under Bankruptcy Code Sections 105(A) and 363(B) Authorizing the Debtors to Enter into a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee and Certain Consenting Claimants [Docket No. 4098] (the **"PSA Order"**); and it appearing that, pursuant to the PSA Order, the above-captioned debtors and debtors in possession (the "**Debtors**") and the statutory committee of creditors appointed in these cases (the **"Committee"**) intend to pursue implementation of a "Global Settlement" through confirmation of a plan; and it appearing that certain parties in interest or any trustee, affiliate or agent acting on behalf of any such party in interest, including the holders of certain Junior Secured Notes[2] (the **"Junior Secured Noteholders"**), are not party to the Global Settlement (collectively, the "**Non-Settling**

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Mediation Order.

[2] The 9.625% Junior Secured Guaranteed Notes due 2015 issued under that certain Indenture dated as of June 6, 2008.

**Parties"**); and it appearing that entry of this order (the **"Supplemental Mediation Order"**) will facilitate mediation and settlement discussions among the Debtors, the Committee, the Consenting Claimants and the Non-Settling Parties (collectively, the **"Mediation Parties"** and each a **"Mediation Party"**); and the Debtors, the Committee, the Ad Hoc Group of Junior Secured Noteholders (the **"Ad Hoc Group"**), and the Mediator having reviewed the terms of this Supplemental Mediation Order; and the Ad Hoc Group having moved for entry of this Supplemental Mediation Order (the **"Motion"**); and this Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is **GRANTED** solely to the extent set forth below.

2. The Supplemental Mediation Order supplements the Mediation Order, as set forth herein.

3. No Mediation Party, including any Junior Secured Noteholder, shall (a) be or become an insider, a temporary insider or fiduciary of any Debtor, any affiliate of any Debtor, or any residential mortgage backed securitization trust for which any of the Debtors or affiliates thereof act or acted as sponsor, depositor, servicer, master servicer, or other similar capacity (an "**RMBS Trust**" and collectively with the Debtors and any affiliates of the Debtors, the "**Debtor Parties**"), (b) be deemed to owe any duty to any of the Debtor Parties, (c) undertake any duty to any party in interest, (d) be deemed to misappropriate any information of any of the Debtor Parties, with respect to each of foregoing clauses (a) through (d), as a result of (x) participating in any mediation conference conducted pursuant to the Mediation Order (a

2

**"Mediation Conference"**) or settlement conference without reliance on the Mediation Order (a **"Settlement Conference"**), or (y) being aware, or in possession, of any settlement proposal or counterproposal (each, a **"Settlement Proposal"**) delivered or received by any party in interest or their agents or advisors in connection with a Mediation Conference or Settlement Conference, or (z) acting together in a group with other holders of securities of the Debtor Parties (**"Debtor Party Securities"**).

4.  No party in interest in these bankruptcy cases, including each of the Debtors or any successor to the Debtors, shall have any claim, defense, objection, or cause of action of any nature against a Mediation Party or any other basis to withhold, subordinate, disallow, or delay payment or issuance of any consideration to a Mediation Party on account of a claim based on such Mediation Party's trading in Debtor Party Securities by reason of a Mediation Party's participation in any Mediation Conference or Settlement Conference or while having knowledge of (a) information that, at the time of such trading, such Mediation Party has no duty of confidentiality with respect to pursuant a Confidentiality Agreement (as defined below), or (b) a Settlement Proposal, whether or not such Settlement Proposal is confidential; provided, however, that nothing herein shall be deemed to waive any claims for non-compliance with this Supplemental Mediation Order or any other contractual confidentiality obligations.

5.  The terms of any confidentiality agreement entered into between any Mediation Party and the Debtors (each, a **"Confidentiality Agreement"**) and the Mediation Order shall govern any issues with respect to any party's disclosure of any material non-public information of the Debtor Parties to a Mediation Party, including the Junior Secured Noteholders. A Mediation Party shall have no duty of confidentiality or otherwise with respect to material non-public information except as expressly set forth in a Confidentiality Agreement;

provided, however, that, notwithstanding the foregoing, any Mediation Party that participated in mediation sessions prior to the date of entry of this Supplemental Mediation Order shall remain bound by the terms of the Mediation Order and/or any Confidentiality Agreement it entered into with the Debtors.  In the event that, from and after the date of entry of this Supplemental Mediation Order, a party shares material non-public information of the Debtor Parties with a Mediation Party other than pursuant to a Confidentiality Agreement, the Debtors shall promptly, but in no event less than twenty-four (24) hours after receipt of a demand by a Mediation Party, make such material non-public information public; provided, however, that such disclosure by the Debtors shall not in any way relieve any party of liability on account of having shared such material non-public information of the Debtor Parties with a Mediation Party other than pursuant to a Confidentiality Agreement.  Absent such disclosure, each Mediation Party is authorized to disclose such material non-public information.

6. Solely with respect to the Junior Secured Noteholders, such Mediation Conference shall be deemed terminated on August 16, 2013 at the time at which the Debtors make the Public Disclosure (as defined in a Confidentiality Agreement) unless extended with the consent of the Debtors, the Committee, and a majority of the Junior Secured Noteholders participating in a Mediation Conference.

7. Nothing in this Supplemental Mediation Order is intended to, nor shall it, waive, release, compromise, or impair in any way whatsoever, any claims or defenses that any party has or may have, whether now known or unknown, in connection with or relating to acts or omissions that took place prior to the entry of this Supplemental Mediation Order.

8. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Supplemental Mediation Order.

9. Settlement Proposals shall remain confidential unless each of the Mediation Parties agrees in writing to the disclosure of any Settlement Proposal.

10. Settlement Proposals shall be subject to protection under Rule 408 of the Federal Rules of Evidence.

11. Nothing in this Supplemental Mediation Order shall be binding on any governmental entity seeking to enforce the securities laws in actions or proceedings outside of these bankruptcy cases.

Dated: July 26, 2013
      New York, New York

                                                                         **/s/Martin Glenn**
                                                                         MARTIN GLENN
                                                    United States Bankruptcy Judge