**MOSS & KALISH, PLLC**
David B. Gelfarb
122 East 42nd Street, Suite 2100
New York, New York 10168
Telephone:  212-867-4488
Facsimile:  212-983-5276

*Co-Counsel for Federal Home Loan Mortgage Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Residential Capital, LLC, *et al.*, | ) | Case No. 12-12020 (MG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**EX PARTE MOTION OF FEDERAL HOME LOAN MORTGAGE
CORPORATION TO EXCEED PAGE LIMIT FOR OBJECTION TO
DEBTORS' MOTION PURSUANT TO FED R. R BANKR. P.  9019 FOR
APPROVAL OF THE SETTLEMENT AGREEMENT AMONG THE
DEBTORS, FGIC, THE FGIC TRUSTEES AND CERTAIN
<u>INSTITUTIONAL INVESTORS</u>**

Federal Home Loan Mortgage Corporation in conservatorship ("<u>Freddie Mac</u>"),[1] by and through its undersigned counsel, hereby submits this *ex parte* motion (the "<u>Motion</u>") requesting entry of an order, substantially in the form attached hereto as Exhibit 1 (the "<u>Proposed Order</u>") authorizing Freddie Mac's *Objection to the Debtors' Motion Pursuant to Fed. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors* (the "<u>Objection</u>") filed contemporaneously herewith to exceed the twenty-five (25) page limitation set forth in the Order Under Bankruptcy Code Sections 102(1), 105(A)

---

[1] On September 6, 2008, the Director of the Federal Housing Finance Agency (the "<u>FHFA</u>") placed Freddie Mac into conservatorship pursuant to express authority granted under the Housing and Economic Recovery Act of 2008 to preserve and conserve Freddie Mac's assets and property.  As Conservator, FHFA immediately succeeded to "all rights, titles, powers and privileges" of Freddie Mac.  *See* 12 U.S.C. § 4617(b)(2)(A)(i).  This pleading does not constitute submission to this Court's jurisdiction by the FHFA.

and 105(D), Bankruptcy Rules 1015(C), 2002(M) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order") by fewer than ten pages.  In support of the Motion, Freddie Mac respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. By this *ex parte* Motion, Freddie Mac respectfully requests entry of an order allowing Freddie Mac's Objection to exceed, by up to no more than ten pages of the twenty-five (25) page limit (the "Page Limit") established in § 11(i) of the Case Management Order.

## BASIS FOR RELIEF

3. Although Freddie Mac has made every attempt to file its Objection within the applicable Page Limit, the issues raised by the *Debtors' Motion Pursuant to Fed. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors* are complex and unique, and because of the magnitude of potential impact upon Freddie Mac, Freddie Mac submits it is necessary to provide this Court with a comprehensive factual background and analysis to set forth its case fully before this Court.

4. Courts routinely grant motions to file pleadings in excess of page limits specified by local rules where, as here, the issues addressed are significant and complex.  *See,*

*e.g.*, *Jannota v. Subway Sandwich Shops, Inc.*, 1995 U.S. Dist. LEXIS 7586, at *3 n.3 (N.D. Ill. June 1, 1995) (leave granted where parties represent that complexity of issues requires additional space). With respect to the Objection, both the complexity of the issues addressed and the significant impact of this Court's ruling require a detailed explanation so that the Court can make an informed decision.

5. For the reasons described above, Freddie Mac believes that allowing its Objection to exceed the Page Limit by up to 10 pages is appropriate under the circumstances.

**NO PRIOR REQUEST**

6. No prior request for the relief sought in this Motion has been made to this or any other Court.

**WHEREFORE**, Freddie Mac respectfully requests that the Court (i) enter an order, substantially in the form of the Proposed Order, granting the relief requested herein and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper under the circumstances.

Dated: July 29, 2013

        Respectfully submitted,

        **MOSS & KALISH, PLLC**

        /s/ David B. Gelfarb
        David B. Gelfarb
        122 East 42nd Street, Suite 2100
        New York, New York 10168
        Telephone: 212-867-4488
        Facsimile: 212-983-5276

*Co-Counsel for Federal Home Loan Mortgage Corporation*

**EXHIBIT 1: Proposed Order**

McKool 911892v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| Residential Capital, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**ORDER APPROVING *EX PARTE* MOTION OF FEDERAL HOME LOAN MORTGAGE CORPORATION TO EXCEED PAGE LIMIT FOR OBJECTION TO DEBTORS' MOTION PURSUANT TO FED R. R BANKR. P. 9019 FOR APPROVAL OF THE SETTLEMENT AGREEMENT AMONG THE DEBTORS, FGIC, THE FGIC TRUSTEES AND CERTAIN INSTITUTIONAL INVESTORS**

Upon the ex parte motion (the "Motion")[2] of Federal Home Loan Mortgage Corporation ("Freddie Mac") for entry of an order allowing Freddie Mac's *Objection to the Debtors' Motion Pursuant to Fed. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors* to exceed the twenty-five page limit (the "Page Limit") contained in § 11(i) of the Court's order establishing certain notice, case management and administrative procedures (Docket No. 141) (the "Case Management Order"); and the Court having reviewed the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and this being a core proceeding pursuant to 28 U.S.C. § 157(b); and that notice of the Motion was sufficient under the circumstances; and after due deliberation and sufficient and just cause appearing therefor, it is hereby

ORDERED that the Motion is GRANTED as set forth herein; and it is further

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED the Objection may exceed the Page Limit set forth in the Case Management Order by up to 10 pages; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE