# Exhibit A

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
J. Christopher Shore (JCS – 6031)
Harrison L. Denman (HD – 1945)

   and

MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Gerard Uzzi (GU – 2297)

Attorneys for the Ad Hoc Group
of Junior Secured Noteholders

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

**THE AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS' REQUEST TO THE DEBTORS FOR THE PRODUCTION OF DOCUMENTS**

  **TO**: Residential Capital, LLC and its affiliated debtors ("ResCap"), c/o Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Gary Lee, counsel of record for ResCap.

  **PLEASE TAKE NOTICE** that pursuant to Rules 7026, 7034 and 9014 of the Federal Rules of Bankruptcy Procedure, and Rules 26 and 34 of the Federal Rules of Civil Procedure, and Rule 7026-1 of the Local Rules for the United States Bankruptcy Court for the Southern

1

District of New York ("Local Rules"), the Ad Hoc Group of Junior Secured Noteholders (the "Ad Hoc Group") by and through its undersigned counsel, hereby requests that the Debtors produce, for inspection and copying, true and correct copies of the Documents requested in Exhibit A by July 8, 2013 at 9:00 a.m. (Eastern Standard Time) at the undersigned counsel's office in New York, or such other time and place as the parties shall agree.

Dated:  June 26, 2013
        New York, New York

>By: /s/ J. Christopher Shore
> J. Christopher Shore (JCS – 6031)
> Harrison L. Denman (HD – 1945)
> WHITE & CASE LLP
> 1155 Avenue of the Americas
> New York, New York 10036-2787
> Telephone: (212) 819-8200
> Facsimile: (212) 354-8113
>
> and
>
> MILBANK, TWEED, HADLEY & McCLOY LLP
> Gerard Uzzi (GU – 2297)
> 1 Chase Manhattan Plaza
> New York, New York 10005
> Telephone: (212) 530-5000
> Facsimile: (212) 530-5219
>
> Attorneys for the Ad Hoc Group of Junior Secured Noteholders

2

# **EXHIBIT A**

## **DEFINITIONS**

The terms and instructions below apply to the attached Deposition Topics:

1. This Notice incorporates by reference the Uniform Definitions in Discovery Requests set forth in Civil Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as incorporated by Rule 7026-1 of the Local Rules.

2. "Document" is used in its broadest sense and means any written, typed, printed, recorded or graphic matter of any kind, however produced or reproduced, and all non-identical copies thereof, whether different because of notes made thereon or otherwise, including, but not limited to, and by way of example only: letters or other correspondence, messages, telegrams, telexes, memoranda, notations, reports, analyses, summaries, charts, graphs, studies, tabulations, statements, notes, notebooks, work papers, telephone toll records, invoices, books, pamphlets, brochures, press releases, diaries, minutes of meetings or conferences, transcripts of telephone conversations, transcripts of testimony, cost sheets, financial reports, accountants' work papers, opinions or reports of consultants, checks (front and back), check stubs, receipts, ledgers, purchase orders, pictures, photographs, contracts, agreements, advertisements, motion picture films, tapes, tape recordings, videotapes, indices, microfilm, other data compilations, including computer data, computer diskettes or the memory units containing such data from which information can be obtained or translated into usable form, drafts of any of the foregoing, English translations or summaries of foreign language documents and all similar documents.

3

3. References to the singular shall include the plural and references to the plural shall include the singular; the conjunctive shall include the disjunctive and the disjunctive shall include the conjunctive.

4. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

5. "Any," "all" and "each" shall be construed broadly, and shall mean each, any and all as necessary to bring within the scope of the discovery request all responses that otherwise could be construed to be outside of its scope.

6. "Communication" means the transmittal of information of any kind, in any form and by any means. All such communications in writing shall include, without limitation, printed, typed, handwritten or other readable documents, correspondence, memos, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys and forecasts.

7. "Concerning" means comprising, consisting of, referring to, reflecting, regarding, supporting, evidencing, relating to, prepared in connection with, used in preparation for, or being in any way legally, logically or factually concerned with the matter or Document described, referred to or discussed.

8. "CRO" means the Debtors' Chief Restructuring Officer, Lewis Kruger, appointed on March 5, 2013 [Docket No. 2887].

9. "Debtors" shall mean the filing entities listed in Exhibit 1 of Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC In Support of Chapter 11

4

Petitions and First Day Pleadings [Docket No. 6], and counsel and advisors to the Debtors, including, but not limited to, Morrison & Foerster, LLP and Centerview Partners LLC.

10. "FGIC" means Financial Guaranty Insurance Company.

11. "FGIC Claims" mean the three proofs of claim, numbered 4868, 4870, and 4871, filed by FGIC against Debtors RFC, GMAC Mortgage and ResCap.

12. "FGIC Settlement Motion" means Debtors' Motion pursuant to Fed. R.Bankr.P.9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors [Docket No. 3939].

13. "Settlement Agreement" means the Settlement Agreement entered into as of May 23, 2013, by and among Residential Capital, LLC and its direct and indirect subsidiaries, FGIC Trustees and the Institutional Investors.

14. "Term Sheets" mean the Plan Term Sheet dated May 13, 2013 and the Supplemental Term Sheet dated May 23, 2013 attached to the Plan Support Agreement as Exhibits A and B [Docket No. 3814].

15. <u>Production Obligations</u>.  You are required to produce all responsive Documents that are in your possession, custody or control, which includes, without limitation, any responsive Document that was or is prepared, kept, or maintained for personal use, in the personal files, or as the personal property of any of the Debtors' Affiliates or representatives and any non-privileged Documents in the possession, custody or control of the Debtors' present and former attorneys, agents, or any other persons currently acting or who previously acted on the Debtors' behalf.

16. <u>Redaction</u>.  Each request for Documents seeks production of the Document in its entirety, without abbreviation, modification, or redaction, including, but not limited to, all

5

attachments, actual, proposed or contemplated envelopes, transmittal sheets, cover letters, exhibits, enclosures, or other matters affixed thereto.

17. <u>Drafts</u>. A request for Documents shall be deemed to include a request for all actual, proposed, or contemplated drafts or mark-ups thereof, revisions, modifications, or amendments thereto, and non-identical copies thereof, in addition to the Document itself.

18. <u>Continuing Requests</u>. These requests are continuing. If, after producing the requested Documents, the Debtors obtain or become aware of any further Documents responsive to these requests, the Debtors are required to produce such additional Documents.

19. <u>Privileged or Proprietary Matter</u>. In the event that Debtors withhold any Document on the basis of any legal objection or privilege, Debtors shall indicate the following information for each such withheld Document;

    a)    date of Document;

    b)    general character or type of Document (i.e. letter, memorandum, notes of meeting, etc.);

    c)    the identity of the person in possession of the Document;

    d)    the identity of the author of the Document;

    e)    the identity of the original recipient or holder of the Document;

    f)    relationship of the author, addressee and any other recipient;

    g)    the general subject matter of the Document; and

    h)    the legal basis, including, but not limited to, any legal objection or privilege for withholding the Document.

20. <u>Lost or Destroyed Documents</u>. If any Document that is the subject of these requests was at one time in existence, but was subsequently lost, discarded or destroyed,

6

identify such Document as completely as possible, including the following information: (a) type of Document, (b) date of Document, (c) date when the Document became lost, discarded or destroyed, (d) circumstances under which the Document was lost, discarded or destroyed and (e) identity of all persons having knowledge of the contents of the Document.

21. <u>Partial Production</u>. If any Document cannot be produced in full, produce it to the extent possible, stating the reasons for Debtors' inability to produce the remainder, as well as any information, knowledge or belief it has concerning the unproduced portion.

22. <u>No Responsive Documents</u>. If there are no Documents responsive to a particular request, state so in writing.

## **DOCUMENT REQUESTS**

1. All documents reviewed by the CRO in connection with any Debtor's consideration and/or determination to enter into the Settlement Agreement and Term Sheets as they pertain to any FGIC Claims, and all communications related thereto.

2. All corporate records of each of the Debtors, including but not limited to minutes, resolutions, consents and agreements, relating to the Settlement Agreement and Term Sheets as they pertain to any FGIC Claims.

7