> Presentment Date: August 12, 2013 at 12:00 p.m. (prevailing Eastern Time)
> Objection Deadline: August 5, 2013 at 4:00 p.m. (prevailing Eastern Time)

Marc Abrams
Joseph T. Baio
Mary Eaton
Paul Shalhoub
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Monarch Alternative Capital LP,
Stonehill Capital Management LLC and
Bayview Fund Management LLC, each in its
capacity as investment advisor to certain funds,
and for CQS ABS Master Fund Limited and
CQS ABS Alpha Master Fund Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, *et al.*, | : | 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

---------------------------------------------------------x

**NOTICE OF PRESENTMENT OF
APPLICATION OF MONARCH ALTERNATIVE
CAPITAL LP, STONEHILL CAPITAL MANAGEMENT
LLC, BAYVIEW FUND MANAGEMENT LLC, CQS ABS
MASTER FUND LIMITED AND CQS ABS ALPHA MASTER
FUND LIMITED PURSUANT TO 11 U.S.C. § 107(b) AND
RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE TO FILE THE UNREDACTED OBJECTION TO
DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019
FOR APPROVAL OF THE SETTLEMENT AGREEMENT
AMONG THE DEBTORS, FGIC, THE FGIC TRUSTEES AND
<u>CERTAIN INSTITUTIONAL INVESTORS UNDER SEAL</u>**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      Upon the annexed application (the "**Application**") of Monarch Alternative Capital LP, Stonehill Capital Management LLC and Bayview Fund Management LLC, each in

its capacity as investment advisor to certain funds, and CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited (collectively, the "**Investors**") for entry of an order authorizing the Investors to file certain portions of the *Objection of Monarch Alternative Capital LP, Stonehill Capital Management LLC, Bayview Fund Management LLC, CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited to Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval of the Settlement Agreement Among the Debtors, FGIC, The FGIC Trustees and Certain Institutional Investors* (the "**Objection**") and certain related exhibits under seal, the undersigned will present a proposed order (the "**Proposed Order**") approving the Application, substantially in the form attached to the Application as **Exhibit A**, to the Honorable Martin Glenn, United States Bankruptcy Judge, Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for a signature on **August 12, 2013 at 12:00 p.m.** (prevailing Eastern Time).

     2.     Any objections to the Proposed Order must be made in writing, filed with the Court (with a copy to Chambers) and served in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "**Case Management Order**"), and served upon the Special Service List, as that term is defined in the Case Management Order, so as to be actually received no later than **August 5, 2013 at 4:00 p.m.** (prevailing Eastern Time).

     3.     If no objections to the Application are timely filed and served on or before the objection deadline, the Court may enter the Proposed Order with no further notice or opportunity to be heard offered to any party. If an objection is received in accordance with the terms above, the Court will schedule a hearing with respect to the relief sought in the Application.

4.      A copy of the Application can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated:   July 29, 2013
         New York, New York

By: /s/ Paul Shalhoub
    Marc Abrams
    Joseph T. Baio
    Mary Eaton
    Paul Shalhoub

787 Seventh Avenue
New York, New York  10019
(212) 728-8000

**Presentment Date: August 12, 2013 at 12:00 p.m. (prevailing Eastern Time)**
**Objection Deadline: August 5, 2013 at 4:00 p.m. (prevailing Eastern Time)**

Marc Abrams
Joseph T. Baio
Mary Eaton
Paul Shalhoub
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Monarch Alternative Capital LP,*
*Stonehill Capital Management LLC and*
*Bayview Fund Management LLC, each in its*
*capacity as investment advisor to certain funds,*
*and for CQS ABS Master Fund Limited and*
*CQS ABS Alpha Master Fund Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>*et al.*</u>, | : | 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

--------------------------------------------------------x

**APPLICATION OF MONARCH ALTERNATIVE
CAPITAL LP, STONEHILL CAPITAL MANAGEMENT
LLC, BAYVIEW FUND MANAGEMENT LLC, CQS ABS
MASTER FUND LIMITED AND CQS ABS ALPHA MASTER
FUND LIMITED PURSUANT TO 11 U.S.C. § 107(b) AND
RULE 9018 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE TO FILE THE UNREDACTED OBJECTION TO
DEBTORS' MOTION PURSUANT TO FED. R. BANKR. P. 9019
FOR APPROVAL OF THE SETTLEMENT AGREEMENT
AMONG THE DEBTORS, FGIC, THE FGIC TRUSTEES AND
<u>CERTAIN INSTITUTIONAL INVESTORS UNDER SEAL</u>**

Monarch Alternative Capital LP, Stonehill Capital Management LLC and Bayview Fund Management LLC, each in its capacity as investment advisor to certain funds, and CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited (collectively, the "**Investors**") submit this application ("**Application**") for entry of an order in substantially the form attached hereto as **Exhibit A** (the "**Proposed Order**"), pursuant to section 107(b) of title 11 of the United States Code ("**Bankruptcy Code**") and Rule 9018 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), authorizing the Investors to file under seal the unredacted *Objection of Monarch Alternative Capital LP, Stonehill Capital Management LLC, Bayview Fund Management LLC, CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited to Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval of the Settlement Agreement Among the Debtors, FGIC, The FGIC Trustees and Certain Institutional Investors* (the "**Objection**") and certain related exhibits. In support of this Application, the Investors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The basis for the relief sought herein is section 107 of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

2. On May 14, 2012, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their

properties as debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

3.      Contemporaneously herewith, the Investors are filing a redacted version of the Objection in accordance with paragraph 8 of the *Order Regarding the Exchange of Confidential Information* [Docket No. 4249] (the "**Confidentiality Order**").

## RELIEF REQUESTED

4.      The Investors seek the entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to file the unredacted Objection and certain related exhibits under seal and ordering that the full contents of the Objection be made available only to those parties authorized to receive confidential information pursuant to the Confidentiality Order.

## BASIS FOR RELIEF

5.      Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may --
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

6. Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under the section 107(b) of the Bankruptcy Code, and provides that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

7. The Second Circuit has held that section 107(b) and Bankruptcy Rule 9018 do "not require that commercial information be the equivalent of a trade secret before protecting such information." Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994). Indeed, this Court has stated that it "is required to grant that relief upon the motion of a party in interest, assuming the information is of the type listed in section 107(b) . . . ." In re Global Crossing Ltd., 295 B.R. 720, 723 n.7 (Bankr. S.D.N.Y. 2003). In addition, the Second Circuit has held that a party seeking the sealing of information is only required to show that the information is confidential and commercial, and no showing of "good cause" is necessary. See Orion Pictures Corp., 21 F.3d at 28.

8. The Investors recognize their obligation to abide by the Confidentiality Order and, therefore, seek to file the unredacted Objection and certain related exhibits under seal because they contain certain information that has been designated or may be deemed "Confidential" for purposes of the Confidentiality Order. Confidentiality concerns of those parties-in-interest that exchanged information pursuant to the Confidentiality Order constitute good cause to file the unredacted Objection and certain related exhibits under seal, and the Investors respectfully request leave to do so. The Investors hereby reserve all of its rights to challenge the confidential and/or professional eyes only designation for any document filed under seal pursuant to this Application.

**NOTICE**

9. In accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9008 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "**Case Management Order**"), notice of this Application has been given to all parties listed on the Monthly Service List (as defined in the Case Management Order). Because of the nature of the relief requested, the Investors submit that such notice is sufficient and that no other or further notice need be given.

**NO PRIOR REQUEST**

10. No previous Application for the relief sought herein has been made to this or any other Court.

## **CONCLUSION**

WHEREFORE, the Investors respectfully submit that the Court enter an order, a form of which is attached hereto as **Exhibit A** pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, granting the relief requested herein, and for such other and further relief as may be just and proper.

Dated: New York, New York
      July 29, 2013

                WILLKIE FARR & GALLAGHER LLP
                Attorneys for Monarch Alternative Capital LP, Stonehill Capital Management LLC and Bayview Fund Management LLC, each in its capacity as investment advisor to certain funds, and for CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited

                By: /s/ Paul Shalhoub
                    Marc Abrams
                    Joseph T. Baio
                    Mary Eaton
                    Paul Shalhoub

                787 Seventh Avenue
                New York, New York  10019
                (212) 728-8000

**Exhibit A**

Marc Abrams
Joseph T. Baio
Mary Eaton
Paul Shalhoub
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Monarch Alternative Capital LP,
Stonehill Capital Management LLC and
Bayview Fund Management LLC, each in its
capacity as investment advisor to certain funds,
and for CQS ABS Master Fund Limited and
CQS ABS Alpha Master Fund Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, <u>et al.</u>, | : | 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |

---------------------------------------------------------x

**ORDER GRANTING APPLICATION
OF MONARCH ALTERNATIVE CAPITAL LP,
STONEHILL CAPITAL MANAGEMENT LLC,
BAYVIEW FUND MANAGEMENT LLC, CQS ABS
MASTER FUND LIMITED AND CQS ABS ALPHA
MASTER FUND LIMITED PURSUANT TO 11 U.S.C.
§ 107(b) AND RULE 9018 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE TO FILE THE
UNREDACTED OBJECTION TO DEBTORS' MOTION
PURSUANT TO FED. R. BANKR. P. 9019 FOR
APPROVAL OF THE SETTLEMENT AGREEMENT
AMONG THE DEBTORS, FGIC, THE FGIC TRUSTEES
<u>AND CERTAIN INSTITUTIONAL INVESTORS UNDER SEAL</u>**

Upon the application (the "**Application**"), dated July 29, 2013 of Monarch Alternative

Capital LP, Stonehill Capital Management LLC and Bayview Fund Management LLC, each in

its capacity as investment advisor to certain funds, and CQS ABS Master Fund Limited and CQS

ABS Alpha Master Fund Limited (collectively, the "**Investors**") for an order pursuant to section 107(b) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") authorizing the Investors to file the unredacted *Objection of Monarch Alternative Capital LP, Stonehill Capital Management LLC, Bayview Fund Management LLC, CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited to Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval of the Settlement Agreement Among the Debtors, FGIC, The FGIC Trustees and Certain Institutional Investors* and certain related exhibits under seal, as more fully described in the Application; and the Court having jurisdiction to consider the Application and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Application being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the Investors have provided notice of the Application as set forth in the Application, and no further notice being necessary; and the legal and factual bases set forth in the Application establishing just cause to grant the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDER, ADJUDGED AND DECREED THAT:

1. The Application is granted as provided herein.

2. Pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018, the Investors are authorized to file the unredacted Objection[1] and certain related exhibits under seal.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Application.

3. The full contents of the Objection shall not be disclosed to any parties in these cases other than those parties authorized to receive confidential information pursuant to the Confidentiality Order.

4. The rights of the Investors to challenge a confidential and/or professional eyes only designation for any document filed under seal pursuant to this Order are hereby preserved.

5. Parties receiving a sealed copy of the unredacted Objection shall treat it as Confidential as defined by the Confidentiality Order so long as the Objection, or any portion thereof, remains under seal by Order of this Court.

6. At the conclusion of this case, all copies of the Objection shall be returned to the Investors for disposal.

7. This Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Objection or any portion thereof.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated:_____, 2013
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE