**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**STIPULATION AND ORDER REGARDING THE**
**SATISFACTION OF CERTAIN SECURED CLAIMS**

WHEREAS, on June 13, 2013, the Court entered the *Order Granting Debtors' Amended Motion for Entry of an Order Under 11 U.S.C. §§ 105 and 363 Authorizing the Debtors to Satisfy Certain Secured Claims* [ECF No. 3967] (the "***Original Paydown Order***");[1]

WHEREAS, the Original Paydown Order authorized the Debtors to (i) pay the outstanding claims under the AFI LOC in the amount of $380,000,000, plus accrued and unpaid interest, (ii) pay the outstanding claims under the AFI Senior Secured Credit Facility in the amount of $747,127,553.39, plus accrued and unpaid interest, and (iii) partially satisfy the outstanding secured claims (the "***JSN Secured Claims***") of the holders (the "***Junior Secured Noteholders***") of the 9.625% Junior Secured Guaranteed Notes due 2015, issued by Debtor Residential Capital LLC (the "***Junior Secured Notes***") in the amount of $800 million;

WHEREAS, the Debtors have determined that it is in their best interests to make an additional payment on account of the JSN Secured Claims in the amount of $300 million in full and complete satisfaction of a portion of the principal amount and accrued prepetition interest of the JSN Secured Claims (the "***New Partial Paydown Amount***");

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Debtors' Amended Motion for Entry of an Order Under 11 U.S.C. §§ 105 and 363 Authorizing the Debtors to Satisfy Certain Secured Claims* [ECF No. 3872].

WHEREAS, in reaching this determination, the Debtors considered (i) the amount of cash available to the Debtors to continue the wind down of their estates following the payment of the New Partial Paydown Amount, (ii) the fact that the Debtors currently are not receiving any meaningful return on the approximately $4.1 billion in gross sale proceeds (prior to reduction for payment of assumed liabilities, cure costs and other associated liabilities) received by the Debtors from the sale of their business platform and legacy loan portfolio; and (iii) the risk that, notwithstanding the Debtors' strong beliefs to the contrary, the Junior Secured Noteholders may demonstrate to the Court that they are oversecured and entitled to postpetition interest;

NOW THEREFORE, it is hereby stipulated and agreed as between the parties to this *Stipulation and Order Regarding the Satisfaction of Certain Secured Claims* (the "**Stipulation**") (ECF Doc. # 4306), through their undersigned counsel, that:

1. Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized but not directed to remit to UMB Bank, N.A. in its capacity as Trustee under the JSN Indenture (the "***JSN Trustee***"), or any Paying Agent (as defined in the JSN Indenture) as set forth in paragraph 8 hereof, the New Partial Paydown Amount not earlier than one (1) business day following the entry of this Stipulation (the "***JSN Paydown Date***").

2. Notwithstanding anything herein to the contrary, the New Partial Paydown Amount shall not in any way prejudice the claim and lien challenges and adversary proceedings commenced by the Debtors and the Committee against the JSN Trustee, Wells Fargo Bank, N.A., in its capacity as Collateral Agent and Collateral Control Agent (the "***Collateral Agent***"), and the Ad Hoc Group of Junior Secured Noteholders; *provided* that in no event shall disgorgement or any similar remedy be available to any party with respect to the New Partial Paydown Amount.

2

3. Notwithstanding anything herein to the contrary, the Court has not determined the appropriate allocation of the New Partial Paydown Amount among the Debtors. Payment of all or a portion of the New Partial Paydown Amount by any particular Debtor shall be without prejudice to any inter-Debtor rights of, inter alia, allocation, subrogation, reimbursement, or contribution that may arise as a result of such payment or any subsequent substantive consolidation of the Debtors' estates.

4. Nothing herein shall limit or restrict the ability of the JSN Trustee or Junior Secured Noteholders from seeking allowance and payment on the remaining JSN Secured Claims, or of the Debtors and the Committee to contest or object to such claims. For the avoidance of doubt, nothing in this Stipulation shall constitute a determination or other ruling or decision with regard to the right of the Junior Secured Noteholders to obtain postpetition interest on account of the JSN Secured Claims, and all parties expressly reserve the right to seek payment of, or to object to payment of, the remaining JSN Secured Claims or any portion thereof; *provided* that under no circumstances shall post-petition interest accrue on the New Partial Paydown Amount following payment on the JSN Paydown Date by the Debtors in accordance with this Stipulation.

5. The liens and security interests securing the Junior Secured Notes (including but not limited to any Adequate Protection Liens, if any, in accordance with that certain Final Cash Collateral Order, Docket No. 491, as amended) shall continue to the same extent as they existed prior to the payment of the New Partial Paydown Amount; *provided* that such liens shall remain subject to the rights and obligations, if any, of the parties under the Intercreditor Agreement.

6. Nothing herein shall limit or impair (i) the right, if any, of AFI, the JSN

Trustee, the Collateral Agent, or any of the Junior Secured Noteholders to seek additional rights or remedies which any of AFI, the JSN Trustee, the Collateral Agent, or any of the Junior Secured Noteholders may have as the holder of a secured claim under the Bankruptcy Code, the JSN Indenture, the Junior Secured Notes, the Security Documents (as defined in the JSN Indenture) or applicable non-bankruptcy law, (ii) the JSN Trustee's and the Collateral Agent's lien or other priority in payment to which they are entitled, pursuant to the JSN Indenture or otherwise, against distributions to be made to the Junior Secured Noteholders for payment of the JSN Trustee's and the Collateral Agent's fees and expenses in accordance with Section 7.07 of the JSN Indenture and the security documents, or (iii) rights of any party to object to any relief sought as set forth in this paragraph; provided that such rights, if any, with respect to any party that is a party to the PSA shall be subject to the terms of the PSA approved by the Court pursuant to the *Order Granting Debtors' Motion for an Order Under Bankruptcy Code Sections 105(A) And 363(B) Authorizing the Debtors to Enter into a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants* [ECF No. 4098], as expanded in the Court's *Memorandum Opinion Approving the Plan Support Agreement* [ECF No. 4102].

7. Except with respect to the New Partial Paydown Amount, nothing contained herein shall affect the enforceability of the Intercreditor Agreement in accordance with, and subject to, the terms thereof and any applicable law, and all rights and obligations, if any, of the parties to the Intercreditor Agreement thereunder, or in connection therewith, are preserved.

8. The Debtors are authorized to pay the New Partial Paydown Amount to the Paying Agent or, if no such Paying Agent has been appointed, to the JSN Trustee, acting as Paying Agent on the JSN Paydown Date. Upon receiving the New Partial Paydown Amount, the

4

JSN Trustee shall distribute the New Partial Paydown Amount to the holders of the Junior Secured Notes in accordance with the JSN Indenture and this Stipulation; *provided*, *however*, that no payments shall be made at this time on account of post-petition interest. The record date for the payment of the New Partial Paydown Amount shall be July 29, 2013. The Debtors shall provide to the JSN Trustee such information as reasonably requested to enable the JSN Trustee to comply with the JSN Indenture.

9. Nothing in this Stipulation shall prejudice the rights of the Debtors or any other party in interest to seek authority from this Court by separate motion to pay down additional amounts under the JSN Indenture, nor shall anything in this Stipulation limit or impair the right of any party to object to any such request to pay down additional amounts under the JSN Indenture.

10. Nothing in this Stipulation shall modify the Original Paydown Order, the Final Cash Collateral Order, and the *Stipulation and Order in Respect of The Debtors' Motion for Entry of an Order to Permit the Debtors to Continue Using Cash Collatera*l [ECF No. 4193], or the rights and obligations thereunder of any party.

11. The Debtors are hereby authorized to execute and deliver all instruments and documents, and take all other actions, as may be necessary or appropriate to implement and effectuate the relief granted in this Stipulation.

12. This Stipulation is hereby deemed effective immediately pursuant to Federal Rule of Bankruptcy Procedure § 6004(h).

13. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Stipulation.

[*Remainder of page intentionally left blank*]

| | |
|---|---|
| Dated: July 29, 2013 | Dated: July 29, 2013 |
| /s/ Todd M. Goren<br>Gary S. Lee<br>Todd M. Goren<br>Samantha Martin | /s/ Ray C. Schrock<br>Richard M. Cieri<br>Ray C. Schrock<br>Stephen E. Hessler |
| MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: 212-446-4800<br>Facsimile: 212-446-4900 |
| *Counsel to the Debtors and Debtors in Possession* | *Counsel to Ally Financial Inc. and Ally Bank* |
| Dated: July 29, 2013 | Dated: July 29, 2013 |
| /s/ J. Christopher Shore<br>J. Christopher Shore<br>Harrison Denman | /s/ Gerard Uzzi<br>Gerard Uzzi |
| WHITE & CASE LLP<br>1155 Avenue of the Americas<br>New York, New York 10036<br>Telephone: (212) 819-8200<br>Facsimile: (212) 354-8113 | MILBANK , TWEED, HADLEY & MCCLOY LLP<br>1 Chase Manhattan Plaza<br>New York, New York 10005<br>Telephone: (212) 530-5000<br>Facsimile: (212) 530-5219 |
| *Counsel to the Ad Hoc Group of Holders of Junior Secured Notes* | *Counsel to the Ad Hoc Group of Holders of Junior Secured Notes* |

New York, New York
Dated: July 29, 2013

**IT IS SO ORDERED**

    **/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge