UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL ORDER GRANTING DEBTORS' FIFTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED BORROWER CLAIMS)**

Upon the fifth omnibus claims objection, dated June 7, 2013 (the "Fifth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Late-Filed Borrower Claims on the basis that they were filed after the applicable Bar Date, all as more fully described in the Fifth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Fifth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Fifth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Fifth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Fifth Omnibus Claims Objection.

provided; and upon consideration of the Fifth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of the Debtors' Fifth Omnibus Objection to Claims (Late-Filed Borrower Claims), annexed thereto as <u>Exhibit 1</u>; and upon consideration of *Todd Phelps' Objection to Proposed Claims to be Disallowed and Expunged* [Docket No. 4203] (the "<u>Response</u>"), relating to Claim No. 6315 in connection with the Fifth Omnibus Claims Objection; and upon consideration of the *Debtors' Omnibus Reply in Support of Debtors' Fourth and Fifth Omnibus Claims Objections to Late-Filed Claims* [Docket No. 4330] (the "<u>Reply</u>"); and the Court having considered the Fifth Omnibus Claims Objection, the Response and Reply at the hearing held on July 26, 2013; and the Court having found and determined that the relief sought in the Fifth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Fifth Omnibus Claims Objection establish just cause for the relief granted herein; and the Court having determined that the Fifth Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Fifth Omnibus Claims Objection is granted to the extent provided herein and the Response is overruled; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Claim No. 6315 filed by Todd Phelps (a "<u>Late-Filed Borrower Claim</u>") is hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Late-Filed Borrower Claim so that it is no longer maintained on the Debtors' official claims register; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Fifth Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Late-Filed Borrower Claim, as if such Late-Filed Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:  July 30, 2013
        New York, New York

                                        _____/s/Martin Glenn_____
                                            MARTIN GLENN
                                        United States Bankruptcy Judge