UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                          )
                    Debtors.              )    Jointly Administered
                                          )

------------------------------------------------------------

### FIRST SUPPLEMENTAL DECLARATION OF WILLIAM J. NOLAN PURSUANT TO FOURTH ADDENDUM TO ENGAGEMENT AGREEMENT WITH FTI CONSULTING, INC., AS FINANCIAL ADVISOR TO THE DEBTORS

I, William J. Nolan, being duly sworn, hereby depose and say:

A.    **Background and Qualifications**

1.    I am a Senior Managing Director with FTI Consulting, Inc., which together with its wholly owned subsidiaries, agents, independent contractors and employees (collectively, "FTI"), is an international consulting firm. I submit this declaration (the "Declaration") on behalf of FTI in furtherance of that certain prior order of the court titled *Order Approving Fourth Addendum To Engagement Agreement With FTI Consulting, Inc., As Financial Advisor To The Debtors, Authorizing Provision Of Litigation Support Services Nunc Pro Tunc To March 1, 2013,* entered on June 13, 2013, Docket No. 3971 (the "Litigation Support Approval and Procedures Order").[1] Except as otherwise noted, I have personal knowledge of the matters set forth herein.[2]

---

1 Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Litigation Support Approval and Procedures Order.

2 Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at FTI and are based on information provided by them.

B.     **Additional Litigation Support Services**

2.     Pursuant to the Litigation Support Approval and Procedures Order, FTI was authorized to provide certain Litigation Support Services in addition to the other services being provided by FTI, and to be compensated for such Litigation Support Services in addition to the compensation to which it was otherwise entitled for other services. In addition, the Litigation Support Approval and Procedures Order provides that FTI was authorized to provide additional Litigation Support Services to the Debtors in current or potential litigation matters; provided, that:

> (a) FTI will file a supplemental declaration with the Bankruptcy Court in advance of commencing the provision of such services – or in exigent circumstances as soon as practicable thereafter – detailing the matter or matters for which the services will be performed as well as the nature of the services to be performed (the "Supplemental Declaration"); (b) unless an objection to FTI providing such services is filed within seven (7) days after the filing of the Supplemental Declaration, FTI shall be authorized to provide such services without the necessity of a further application to, or order of, the Court, and to request and receive compensation and expense reimbursement on account of such services in accordance with the Interim Compensation Order, which compensation and expense reimbursement shall be in addition to any otherwise applicable Monthly Caps or Rollover Provisions; and (c) in the event of an unresolved objection to a Supplemental Declaration, a hearing will be scheduled in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

See Litigation Support Approval and Procedures Order, ¶ 3.

3.     Accordingly, by this Declaration, notice is hereby given that the Debtors have requested that FTI provide the additional Litigation Support Services in connection with the Ad Hoc Group Contested Matters, as described and defined below, for which, in accordance with the Litigation Support Approval and Procedures Order, FTI will be entitled to request and receive compensation and expense reimbursement on account of such services in accordance with the Interim Compensation Order. Such compensation and expense reimbursement shall be in

2

40000/0527-9728332v3

addition to any compensation to which FTI is otherwise entitled for other services, including, without limitation, any otherwise applicable Monthly Caps or Rollover Provisions. Although FTI commenced providing the services described herein prior to July 1, 2013, the engagement for such services will be *nunc pro tunc* to July 1, 2013.

4. The Debtors have requested that FTI provide Litigation Support Services in connection with certain contested matters and other litigation involving, among others, certain creditors who have identified themselves as the Ad Hoc Group of Junior Secured Noteholders (the "Ad Hoc Group"). By complaint filed on May 3, 2013, Docket No. 1 in Adversary Case No. 13-01343-mg, the Debtors commenced an adversary proceeding (the "JSN Adversary Proceeding") against, among others, UMB Bank, N.A. ("UMB") in its capacity as indenture trustee for the 9.625% Junior Secured Guaranteed Notes due 2015 issued by the Debtor Residential Capital, LLC (the "Junior Secured Notes"); Wells Fargo Bank, N.A. in its capacity as third priority collateral agent and collateral agent for the Junior Secured Notes, and the Ad Hoc Group. In addition, the Debtors have requested that FTI provide Litigation Support Services in connection with the Ad Hoc Group's stated intention that, if its demands are not met, "the Ad Hoc Group will, among other things, oppose confirmation of the Plan"[3] (the "Ad Hoc Group Confirmation Objections" and collectively with the JSN Adversary Proceeding, the "Ad Hoc Group Contested Matters").[4] It is FTI's understanding that, in addition to engaging Houlihan

---

[3] See that certain *Statement and Reservation of Rights of the Ad Hoc Group of Junior Secured Noteholders in Connection With the Debtors' Motion For An Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement With Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants*, filed on June 19, 2013 [Docket No.4018].

[4] By complaint filed on February 28, 2013, Docket No. 1 in Adversary Case No. 13-01277-mg, the Official Committee of Unsecured Creditors in these cases commenced an adversary proceeding against, among others, UMB in its capacity as indenture trustee for the Junior Secured Notes, seeking declaratory and other relief with respect to the Junior Secured Notes and the collateral alleged to have been pledged therefore (the "Committee JSN Adversary Proceeding"). In addition, the Ad Hoc Group filed a "Motion of Ad Hoc Group of Junior Secured Noteholders For Order In Aid of Mediation and Settlement," dated July 18, 2013, Docket No. 4286 (the "Ad Hoc Group Mediation

40000/0527-9728332v3

Lokey as financial advisors, the Ad Hoc Group has also engaged the services of Zolfo Cooper as its financial and litigation support advisor.

5. The nature of the services to be provided by FTI on behalf of the Debtors in connection with the Ad Hoc Group Contested Matters include assisting the Debtors with all aspects of discovery, including in terms of working with the Debtors to retrieve and organize documents and other information responsive to broad and extensive discovery requests. In addition to serving as the conduit for the production of these documents and other information, FTI has been organizing and categorizing the documents as well as tracking the status of the fulfillment of the requests to ensure timely production. FTI has also been asked to respond to broad and comprehensive discovery requests regarding FTI work product which will require, among other tasks, engaging e-discovery services to facilitate the search of the e-mails of multiple custodians for over 85 search terms which will result in the production of a very large volume of e-mails. These e-mails will have to be individually reviewed by an FTI professional in accordance with instructions from counsel for the Debtors. In addition, the Ad Hoc Group may seek to depose FTI personnel. FTI may also be called upon to provide expert consulting or testimony services, to address other requests as may be made by the Debtors, and to address issues and matters raised by both Houlihan Lokey and Zolfo Cooper as well as other advisors retained on behalf of the Ad Hoc Group, in each instance, specific to the Ad Hoc Group Contested Matters.

6. For the avoidance of doubt, the Litigation Support Services hereunder for which FTI will be entitled to compensation in addition to any otherwise applicable Monthly Caps or

---

Motion"). To the extent FTI is called upon to provide services in connection with the Committee JSN Adversary Proceeding and/or the Ad Hoc Group Mediation Motion, or any mediation in connection therewith, such services will be included as part of the Ad Hoc Group Contested Matters.

Rollover Provisions, shall not include services that would have been provided by FTI under terms of its otherwise applicable retention in the absence of the Ad Hoc Group Contested Matters.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 30 day of July, 2013.

_____
William J. Nolan