MARTHA E. ROMERO, State Bar No. 128144
ROMERO LAW FIRM
BMR Professional Building
Whittier, California 90601
Phone (562) 907-6800
Facsimile (562)907-6820
Email: Romero@mromerolawfirm.com

Attorneys for SECURED CREDITOR
COUNTY OF SAN BERNARDINO, CALIFORNIA
A CALIFORNIA TAXING AUTHORITY

IN THE UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>    Debtors. | Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>**LIMITED OBJECTION OF COUNTY OF SAN BERNARDINO, CALIFORNIA TO DEBTOR'S DISCLOSURE STATEMENT DATED JULY 4, 2013**<br><br>DATE: August 21, 2013<br>TIME: 10 AM<br>CRTRM: 501<br>US Bankruptcy Court,<br>Southern District of NY,<br>One Bowling Green, New York, New York 10004 |

**TO THE HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY JUDGE, AND TO INTERESTED PARTIES:**

The County of San Bernardino, California, a California Taxing Authority ("San Bernardino") hereby objects, as follows, to the Debtor's Disclosure Statement dated on July 4, 2013.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

Debtors own numerous parcels of real property in San Bernardino County, California, as further identified in Exhibit A, which is attached hereto. Also at issue are numerous parcels with respect to title in GMAC as further identified in Exhibit B, which is attached hereto. The grand total of the remaining parcels on both exhibits is **$22,946.88**. See Declaration of Arebalo.

The real properties are subject to the assessment of local property taxes by San Bernardino under California State law. The treatment of the real property taxes in the Disclosure Statement is the primary grounds of this Objection.

The San Bernardino County Office of the Tax Collector filed a claim on or about November 8, 2012[1] for $97,493.72 in real property taxes, including amounts due for tax years 2008 through 2012. This amount is subject to increase pursuant to 11 U.S.C. Section 506(b).

On January 1, 2013 the current year tax liens attached to each of the parcels for tax year 2013-14. San Bernardino is currently updating the amounts due and will provide them as requested. The entire amount of taxes due is therefore substantial. To conclude, there are both substantial pre-petition and post-petition taxes due on the parcels, the amounts of which continue to increase on a monthly basis due to the imposition of additional fees and interest.

---

[1] The Claim was stamped "RECEIVED NOV 08 2012 KURTZMAN CARSON CONSULTANTS".

## II. THE DISCLOSURE STATEMENT FAILS TO PROPERLY DISCLOSE REQUIRED SECURED TAX PAYMENTS.

### A. Post-Petition Secured Property Taxes.

Post-Petition Secured Property Taxes constitute an Administrative Claim and should be so treated. (11 USC Section 503(b)(1)(B)(I)) Instead, Debtor has entirely failed to mention any county property taxes, from any county, in the Disclosure Statement. In the instant case, this would include fiscal tax year 2013-14.

Post-petition secured property taxes should be included in the section of the Disclosure Statement for Administrative Claims, but they are not mentioned anywhere. The post-petition administrative tax claims of San Bernardino County should be included in the Disclosure Statement, as they have not been paid or discharged, and remain debts of the estate.

San Bernardino County respectfully proposes that the following language be added to the Administrative Claim section of the Disclosure Statement so as to cure this defect:

> The secured claim of the San Bernardino County California Taxing Authority will be paid timely and in the normal course of business with all applicable costs, fees, charges and interest pursuant to 11 USC Sections 506(b) and 511. A failure by the Debtor to make a payment to San Bernardino County pursuant to the terms of the Plan shall be an Event of Default. If the Debtor fails to cure an Event of Default as to tax payments within ten (10) days after service of written notice of default, then the San Bernardino County Taxing Authority may enforce the entire amount of its claim, plus all penalties and interest accrued under state law, against the Debtor in accordance with applicable state law remedies.

Insertion of the above language will resolve the objection

of San Bernardino as to treatment of its post-petition secured property tax claims.

In addition, the administrative claims section should also include this language concerning the filing of an administrative expense. Since the 2005 Reform Act, governmental units are now not required to submit a request for payment of an administrative expense. 11 U.S.C. Section 5039(b)(1)(D) states:

> Notwithstanding the requirements of subsection (a) a governmental unit shall not be required to file a request for the payment of an expense described in subparagraph (B) as a condition of its being an allowed administrative expense.

**B. Pre-Petition Secured Property Taxes.**

Pre-Petition secured property taxes constitute secured claims and should be disclosed and discussed in the section of Disclosure Statement for secured claims. However, Debtor has failed to mention any secured claims for property taxes filed by any county.

To remedy this failure as to San Bernardino, San Bernardino suggests insertion of the following language under the section of the Disclosure Statement for Secured Claims:

> The secured claim of the San Bernardino County California Taxing Authority will be paid over five years with all applicable costs, fees, charges and interest pursuant to 11 USC Sections 506(b) and 511. The secured claimant shall retain its lien until the secured tax is paid in full. The payments shall be made monthly. A failure by the Debtor to make a payment to San Bernardino County pursuant to the terms of the Plan shall be an Event of Default. If the Debtor fails to cure an Event of Default as to tax

payments within ten (10) days after service of written notice of default, then it may enforce the entire amount of its claim plus all penalties and interest accrued under state law, against the Debtor in accordance with applicable state law remedies. The payments shall commence on the effective date.

Inclusion of the above language will resolve the objection of San Bernardino as to treatment of its pre-petition secured property taxes.

**C. Failure to Adequately Set Forth Interest Rate and Default Provisions.**

Debtor's Disclosure Statement fails to set forth the state law interest rates, as required by 11 U.S.C. Sections 506(b) and 511. It also fails to set forth lien retention and a default provision in the event that taxes are not paid. As to San Bernardino, Debtor has failed to comply with the aforementioned provisions in the following manner:

**1. Interest Rate.**

The interest rate should be disclosed as 11 U.S.C. Section 511 requires that the interest rate be calculated under applicable nonbankruptcy law. The applicable nonbankruptcy law is found in California Revenue and Taxation Code Section 4103. That section provides that when taxes become defaulted the interest to be applied is 1.5 per cent per month, or 18% per annum. Since this is an over secured claim, given that base real property taxes are approximately 1% of the value, San Bernardino is entitled to such interest.

San Bernardino therefore requests that the Disclosure

Statement and Plan provide for interest be paid at its state statutory rate under California Revenue and Taxation Code Section 4103, 11 U.S.C. Section 506(b) and 11 U.S.C. Section 511, and that such interest be set forth in the Secured section of the Disclosure Statement. San Bernardino also requests post petition interest at the state statutory rate until the amounts are paid, and that such provision be set forth in the Administrative Claim section.

### 2. Default Provisions.

Debtor failed to set forth any provisions concerning default if San Bernardino's claims are not paid, and failed to provide that the San Bernardino liens will be retained until the secured real property taxes are paid in full, as required by 11 USC Section 1129. This language has been included in the above in the proposed administrative language section and in the regular claim treatment language.

The addition of the above language will bring the Disclosure Statement into compliance applicable law.

### III. REAL PROPERTY TAX ASSESSMENTS ARE MANDATED UNDER CALIFORNIA LAW.

Under California State Law, every piece of real property is subject to taxation.[2] California Revenue and Taxation Code section

---

[2] California Revenue and Taxation Code section 104 states: "Real estate or real property includes: (a) The possession of, claim to, ownership of or right to the possession of land."
   In California, property tax assessments consist of two components. The first component is the assessed value. The second is the tax rate. The latter is applied against the former to calculate the amount of taxes due. This equation is sometimes

401 states: "Every assessor shall assess all property subject to general property taxation at its full value." Under California State Law, real property is to be assessed at the same percentage of fair market value.[2] California Revenue and Taxation Code Section 401.3 provides that: "The assessor shall assess all property subject to general property taxation on the lien date as provided in Articles XIII and XIIIA of the Constitution. . . ." Real property taxes are assessed as of January 1 ("the lien date") of the year in which taxes become due.[3]

Additionally, the real property taxes are a first lien on the property. California Revenue and Taxation Code Section 2192.1 states:

> Every tax declared in this chapter to be a lien on real property . . . have priority over all other liens on the property, regardless of the time of their creation. Any

---

known as the tax ratio. For taxable real property, the assessed value is determined at the same percentage of fair market value. (California Constitution Article XIII section 1)

[3] California Revenue and Taxation Code, section 117 states: "Lien date is the time when taxes for any fiscal year become a lien on the property." California Revenue and Taxation Code Section 118 defines assessment year as "the period beginning with a lien date and ending immediately prior to the succeeding lien date for taxes levied by the same agency."
Revenue and Taxation Code section 2192 states:" . . . all tax liens attach annually as of 12:01 a.m. on the first day of January preceding the fiscal year for which the taxes are levied..."

In California, property taxes are <u>in rem</u> and are payable only through sale proceeds. California Revenue and Taxation Code Section 2187 states: " Every tax on real property is a lien against the property assessed." See <u>Long Beach v. Aistrap,</u> 164 Cal. App. 2d 41 (1958).

7

tax . . . described in the preceding sentence shall be given priority over matters including but not limited to any recognizance, deed, judgment, debt, obligation, or responsibility with respect to which the subject real property may become charged or liable.

Because the taxes are first priority liens on the property, they constitute a secured claim, and must be treated in that manner.

## IV. THE DISCLOSURE STATEMENT CANNOT BE APPROVED BECAUSE THE PLAN OF REORGANIZATION IS NOT CONFIRMABLE.

In addition to the absence of adequate information, "[a] clear showing that the plan is not confirmable justifies denial of the sufficiency of the Disclosure statement to avoid the cost and delay of a fruitless venture." (Citation omitted). In re S.E.T.Income Properties, III, 83 B.R. 791, 792 (Bankr. N.D. Oklahoma 1988). In essence, judicial resources should not be wasted in approving a Disclosure Statement for a plan which may not be confirmed.

In the present case, the plan is not confirmable because of the reasons cited above. This Limited Objection should therefore be sustained.

## V. CONCLUSION.

The court should decline to approve Debtor's Disclosure Statement until the provisions suggested above, or comparable

8

provisions, are included, voluntarily or by court order.

Dated: August 1, 2013                    ROMERO LAW FIRM

                                         By___/S/MARTHA E. ROMERO
                                         MARTHA E. ROMERO
                                         Attorney for Secured Creditor
                                         County of SAN BERNARDINO, CA
                                         A California Taxing Authority

## **EXHIBIT A**

APN:   0108-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
Situs: 1424 N. Grove Ave.
       Ontario, CA 91762
Amount: 537.64 (2012) as of 10/31/2013

APN:   0409-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
Situs: 15140 Sage St.
       Hesperia, CA 92345
Amount: $62.69 (2012 Supp. Bills) (as of 03/13/13)

APN:   3090-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
Situs: 17547 Dayton St.
       Victorville, CA 92395
Amount: $96.33 (2012- Supp. Bill that is billed to GMAC) - New Owner (as of 03/13/13)

APN:   3095-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
Situs: 12208 Cobblestone Dr.
       Victorville, CA 92392
Amount: $211.36 (2012- Supp. Bill that is billed to GMAC) - (AS OF 8/31/13) New Owner (as of 03/13/13)

**Grand Total: $908.02**

# EXHIBIT B

APN: 0113-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
Situs: 2019 Cherry Hill Ct.
      Ontario, CA 91761
Update: Amount: $476.26 (2008)(thru 8/31/13)


APN: 0140-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
Situs: 820 W. 7th St.
      San Bernardino, CA 92410
Update: $511.25 (2008) as of 08/31/2013


APN: 0146-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
Situs: 114 W. 13th St.
      San Bernardino, CA 92405
Update $740.19 (2008) as of 08/31/2013


APN: 0170-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
Situs: 1331 Sylvan Blvd.
      Redlands, CA 92374
Update: $1,996.62 (2009) as of 08/31/2013


APN: 0193-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
Situs: 9633 Juniper Ave.
      Fontana, CA 92335
Update: 1,199.02 (2008) as of 08/31/2013


APN: 0193-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
Situs: 16396 Windcrest Dr.
      Fontana, CA 92337
Update: $1,076.39 (2009) as of 08/31/2013


APN: 0228-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
Situs: 15687 Rockwell Ave.
      Fontana, CA 92336
Update: $1,456.27 (2008) as of 08/31/2013

APN: 0237-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
Situs: 14925 Woodcrest Dr.
Fontana, CA 92337
Update: $2,890.14 (2008) as of 08/31/2013

APN: 0271-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
Situs: 1285 E. 39th St.
San Bernardino, CA 92404
Update: $386.03 (2009) as of 08/31/2013

APN: 0318-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
Situs: 33832 Nebraska St.
Yucaipa, CA 92399
Update: $137.99 (2010) as of 08/31/2013

APN: 0332-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
Situs: 698 W. Victoria Ct.
San Bernardino, CA 92415
Update: $96.63 (2008) as of 08/31/2013

APN: 0343-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
Situs: 23058 Oak Ln.
Crestline, CA 92325
Update: $295.86 (2009) as of 08/31/2013

APN: 0399-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
Situs: 17891 Capri St.
Hesperia, CA 92345
Amount: $1,156.76 (2008) (as of 8/31/13)

APN: 1023-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
Situs: 13450 Treasure Way
Chino Hills, CA 91709
Amount: $2,976.24 (2008) (as of 8/31/13)

APN: 1028-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
Situs: 4267 Lugo Ave.
Chino Hills, CA 91709
Update: $1,272.95 (2008) as of 08/31/2013

APN:    1062-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
Situs:  6424 Garnet St.
        Rancho Cucamonga, CA 91701
Update: $1,774.34 (2008) as of 08/31/2013

APN:    1089-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
Situs:  12492 Veronica Ct.
        Rancho Cucamonga, CA 91739
Update: $1,931.03 (2008) as of 08/31/2013

APN:    3057-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
Situs:  13903 Plantain St.
        Hesperia, CA 92344
Update: $111.63 (2011) as of 08/31/2013

APN:    3103-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
Situs:  14447 Laguna Ct.
        Adelanto, CA 92301
Update: $790.70 (2008) as of 08/31/2013

APN:    3112-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
Situs:  15284 Nanticoke Rd.
        Apple Valley, CA 92307
Update: $762.56 (2008) as of 08/31/2013

**Grand Total: $22,038.86**