# Exhibit 11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
: 
In re: : Chapter 11
: 
DEWEY & LEBOEUF LLP, : Case No. 12-12321 (MG)
: 
Debtor. : 
: 
----------------------------------------------------------------x

### ORDER, FINDINGS OF FACT AND CONCLUSIONS OF LAW APPROVING SETTLEMENT OF MISMANAGEMENT AND OTHER CLAIMS

This matter coming before the Court on the Motion of Alan M. Jacobs, as Liquidating Trustee of the Dewey & LeBoeuf Liquidation Trust for entry of an Order pursuant to Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 362 and 363, Approving a Settlement Agreement among the Liquidation Trust, Steven Davis and XL;[1] and the Court having reviewed the Motion, the Limited Objections by Stephen DiCarmine ("DiCarmine") and Joel I. Sanders ("Sanders"), and statements of counsel and the evidence adduced regarding the Motion at the hearing (the "Hearing") before the Court; and the Court hereby concludes:

**Jurisdiction, Final Order and Statutory Predicates**

A. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. 157(b)(1) and 1334, and this matter is a core proceeding.

B. The predicates for the relief sought in the Motion are Bankruptcy Rule 9019 and Bankruptcy Code Sections 105, 362 and 363, Section 9.3 of the Plan, Paragraph 60 of the Confirmation Order, and Section 6.4(b) of the Liquidation Trust Agreement.

---

[1] Capitalized terms used, but not otherwise defined herein have the meanings ascribed to them in the Motion and the Settlement Agreement.

1

**Retention of Jurisdiction**

  C. It is necessary and appropriate for the Court to retain jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order and the Settlement Agreement.

**Notice**

  D. Notice of the Motion and the Hearing thereon was served in accordance with the Court's case management order entered May 30, 2012 [Dkt. No. 30] (the "Case Management Order"). In addition, notice of the Motion was provided to all known Insureds under the Policy and where known upon such Insured's counsel.

  E. A reasonable opportunity to object to the Motion and to be heard at the Hearing was given as required by the Bankruptcy Code, the Bankruptcy Rules and the Case Management Order to all persons entitled to or who received notice.

**Settlement Agreement**

  F. The Settlement Agreement was the product of arms-length negotiations among the Parties, including a mediation conducted under the supervision of the JAMS Mediator, Jed Melnick. The Settlement Agreement was negotiated and proposed, and entered into by the Parties in good faith and without fraud or collusion. The Parties understand and agree that the Settlement Agreement is a compromise of disputed claims. The Settlement Agreement and/or the resulting Order shall not be deemed or construed to be an admission or determination of coverage under the Policy or of wrongdoing or liability by any Insured.

  G. Davis denies any wrongdoing on his part in his managerial capacity at Dewey and certain of the Predecessor Entities in the period before the commencement of the Chapter 11 Case and maintains that he fulfilled his fiduciary duties and at all times acted in what he

reasonably believed was in the best interest of Dewey and its estate. It is understood that all other Insureds who have not previously settled with the Debtor vigorously contest any suggestion of liability or wrongdoing with respect to the claims being settled under the Settlement Agreement. The Liquidating Trustee is settling to avoid the expense, inconvenience, delay and uncertainty of litigation, and subject to the Settlement Agreement and this Order, the Liquidating Trustee reserves all his rights with respect to such liability or wrongdoing with respect to the claims being settled under the Settlement Agreement. The Court makes no finding of wrongdoing or liability on the part of Davis or any other Insured and such finding is not required for the relief requested in the Motion.

**Sound Business Judgment and Reasonableness**

H. The Settlement Agreement represents the exercise of the Liquidating Trustee's sound business judgment, is fair and reasonable, is in the best interests of creditors and the estate and satisfies the requirements of Bankruptcy Rule 9019.

I. The Liquidating Trustee, Davis and XL have entered into the Settlement Agreement in good faith. The Court finds that XL acted in good faith in: (i) negotiating and agreeing to the Settlement Agreement; (ii) agreeing to make the XL Settlement Payment; (iii) agreeing to the scope of the Settlement Agreement and the releases in favor of all the Insureds therein; and (iv) settling only the Debtor Released Claims and all other claims consensually released by the Secured Lenders in connection with the Settlement Agreement (collectively, and together with the Debtor Released Claims, the "Released Claims"). XL and the Excess Insurers are discharged from any and all liability based on or arising out of any and all claims: (x) for Wrongful Acts (as defined in the Policy) held by the Liquidation Trust or others that constitute Released Claims; (y) for their handling of any request for coverage by any Insured for any and

3

all claims for Wrongful Acts held by the Liquidation Trust that constitute Debtor Released Claims or otherwise constitute Released Claims, including but not limited to claims for breach of contract, breach of duty, negligence, "bad faith," breach of the duty of good faith and fair dealing, violation of any federal, state, local, or other statute or regulation, unfair claims handling, unfair or deceptive trade practices, or damages of any kind; and (z) relating to XL's agreement to the Settlement Agreement and to use the Policy proceeds to fund the XL Settlement Payment. To the extent necessary, the Court approves the use of Policy proceeds to make the XL Settlement Payment, and the limit of liability shall be depleted to the extent of such payment. For the avoidance of doubt, except with respect to the matters enumerated in clauses (i) through (iv) of this paragraph, the Released Claims shall not include claims that were not either (a) property of the Estate or derivative of a right assertable by, or belonging to, the Debtor, or (b) claims of the Secured Lenders that are being consensually released by the Secured Lenders in connection with the Settlement Agreement.

**Releases and Form of Injunction**

J. All Insureds are hereby enjoined from pursuing any claim against XL or the Excess Insurers that is discharged pursuant to this Order.

K. Notwithstanding anything to the contrary in this Order or the Settlement Agreement, nothing in this Order shall release: (i) any claims or abrogate any rights held by the Liquidating Trustee to insurance coverage relating to any claims against Dewey itself and costs of defense of such claims, under any applicable Dewey insurance policy, including the XL Policy; (ii) Davis's or any other Insureds' right to insurance coverage under any applicable Dewey insurance policy for costs of defense of any claims that have been or may be brought against Davis or any other Insured and for satisfaction of a judgment or payment of a settlement

4

amount in connection therewith, including Davis's and other Insureds' rights to recover, or assert any rights relating to the failure to cover and/or pay, defense expenses to the extent provided for by the Policy and subject to its limit of liability; or (iii) any party's rights or obligations under the Agreement or this Order.

L. The Liquidating Trustee has demonstrated that the releases, injunction and bar order contemplated by the Settlement Agreement are proper in scope and are either consensual or apply only to claims or causes of action that were either: (i) property of the Estate; (ii) derivative of a right assertable by, or belonging to, the Debtor; (iii) are Released Claims; or (iv) arise out of or relate to (a) negotiating and agreeing to the Settlement Agreement; (b) agreeing to make the XL Settlement Payment; (c) agreeing to the scope of the Settlement Agreement and the releases in favor of all the Insureds therein; and (d) settling only the Released Claims

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. DiCarmine and Sanders' claims that Brown Rudnick has a disqualifying conflict of interest with respect to its representation of the Liquidating Trustee and the Liquidation Trust in connection with the Motion and the Settlement Agreement have been withdrawn only as to the Motion and the Settlement Agreement. Likewise, DiCarmine and Sanders' claims that the Liquidating Trustee has a conflict of interest in connection with the Motion and the Settlement Agreement have been withdrawn only as to the Motion and the Settlement Agreement

3. Due and sufficient notice of the Hearing and the Motion was provided pursuant to Bankruptcy Rules 2002(a) and 9019 and the Case Management Order.

4. The Settlement Agreement is APPROVED in all respects.

5

5. The agreements and releases set forth in the Settlement Agreement have been entered into good faith by the Liquidating Trustee, Davis, and XL, are proper in scope and, solely with respect to the Released Claims, satisfy XL's duties and obligations to all Insureds under the Policy.

6. The parties to the Settlement Agreement are authorized to undertake all acts as may be necessary to consummate the Settlement Agreement in accordance with its terms.

7. The stay provisions of Section 362 of the Bankruptcy Code shall remain in effect and apply to all claims of the Estate and the Liquidating Trust that are Released Claims.

8. Upon the Liquidating Trustee's receipt of both the XL Settlement Payment and the Note, all Persons (as defined in the Plan) and entities are enjoined and barred from commencing or continuing any and all past, present or future Claims (as defined in the Plan) or Causes of Action (as defined in the Plan) and from asserting any and all allegations of liability or damages, of whatever kind, nature or description, direct or indirect, in law, equity or arbitration, absolute or contingent, in tort, contract, statutory liability or otherwise, whether or not based on strict liability, negligence, gross negligence, fraud, breach of fiduciary duty or otherwise (including attorneys' fees, costs or disbursements), against Davis and the other Insureds, and their successors, advisors, attorneys, and insurers, including but not limited to XL, solely in their capacity as such (collectively, the "Releasees") where the Claim constitutes or arises from a Released Claim, including any Claim that is duplicative of any Claim of the Debtor, is derivative of any Claim of the Debtor, or could have been brought by or on behalf of the Debtor or its estate including Claims based on alter ego or veil piercing or similar doctrine or otherwise based on the contention that the Partners of the Debtor or its Predecessor Entities or Related Entities are liable for the debts of the Debtor, or where the Claim arises out of or relates to (i) negotiating and

agreeing to the Settlement Agreement; (ii) agreeing to make the XL Settlement Payment; (iii) agreeing to the scope of the Settlement Agreement and the releases in favor of all the Insureds therein; and (iv) settling only the Released Claims, and further including:

a. The commencement or continuation in any manner, directly or indirectly, of any suit, action or other proceeding against or affecting the Releasees;

b. The enforcement, levy or attachment, collection or other recovery by any means in any manner, whether directly or indirectly on any judgment, award, decree or other order against the Releasees;

c. The creation, perfection or other enforcement in any manner directly or indirectly, of any encumbrance against the Releasees;

d. The setoff or assertion in any manner of a right to seek reimbursement, indemnification, contribution from or subrogation against or otherwise recoup in any manner, directly or indirectly, any amount against the Releasees; and

e. Any act to obtain possession of property or exercise control over the property of the Releasees;

*provided*, *however*, nothing herein shall release: (i) any claims or abrogate any rights held by the Liquidating Trustee to insurance coverage relating to claims against Dewey itself and costs of defense of such claims, under any applicable Dewey insurance policy, including the XL Policy; or (ii) XL or Davis from their obligations under the Settlement Agreement.

9. The Released Claims (except with respect to Davis as set forth in the Settlement Agreement) shall not include any (i) claims, obligations, demands, actions, causes of action, and liabilities that are not covered by the Policy, and (ii) claims arising under Chapter 5 of the Bankruptcy Code or unfinished business / Jewel claims (whether or not they are covered by the

7

Policy) and all of the Liquidating Trustee's rights to prosecute such claims are fully reserved. Notwithstanding the foregoing, the Court is making no findings with respect to coverage of Claims that the Liquidating Trustee has not settled and released, including Claims arising under Chapter 5 of the Bankruptcy Code (except as to Davis) and all such Claims held by the Liquidating Trust, as well as all rights and defenses of DiCarmine and Sanders with respect to such claims, are fully reserved; further, nothing in this Order or the Settlement Agreement shall constitute a determination of the extent of coverage available for a claim made or to be made against any Insured under any applicable Dewey insurance policy.

10. Upon the Liquidating Trustee's receipt of both the XL Settlement Payment and the Note, in consideration for the good and valuable consideration provided by Davis and XL, the adequacy of which is hereby confirmed, any and all Persons (including any Non-Participating Partners (as defined in the Plan)) shall be permanently barred, enjoined, and restrained from commencing, prosecuting, or asserting any Claim against the Releasees arising under any federal, state, or foreign statutory or common-law rule, however styled, whether for indemnification or contribution or otherwise denominated, where such Claim constitutes or arises from a Released Claim and the alleged injury to such Person arises from that Person's alleged liability to the Debtor, including any such Claim in which a Person seeks to recover from any of the Releasees (a) any amounts that such Person has or might become liable to pay to the Debtor and/or (b) any costs, expenses, or attorneys' fees from defending any Claim by the Debtor, or where the Claim arises out of or relates to (i) negotiating and agreeing to the Settlement Agreement; (ii) agreeing to make the XL Settlement Payment; (iii) agreeing to the scope of the Settlement Agreement and the releases in favor of all the Insureds therein; and (iv) settling only the Released Claims. All such Claims are hereby extinguished, discharged,

8

12-12321-mg Doc 1472 Filed 05/30/13 Entered 05/30/13 16:06:36 Main Document Pg 9 of 10

satisfied, and unenforceable. For the avoidance of doubt, this paragraph shall preclude any liability of any of the Releasees to any Person for indemnification, contribution, or otherwise, on any such Claim that is, or arises from, the Released Claims and where the alleged injury to such Person arises from that Person's alleged liability to the Debtor; *provided*, *however*, that if the Liquidating Trustee obtains any judgment against any such Person based upon, arising out of, or relating to the Released Claims for which such Person and any of the Releasees are found to be jointly liable, such Person shall be entitled to a judgment credit equal to an amount that corresponds to the Releasees' percentage of responsibility for the loss to the Debtor.

11. Notwithstanding anything stated in this Order, if any Person (a "Petitioner") commences against any of the Releasees any action either (a) asserting a Claim that is, or arises from, the Released Claims and where the alleged injury to such Person arises from that Person's alleged liability to the Debtor or (b) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and if such action or Claim is not barred by a court pursuant to this Order, neither this Order nor the Settlement Agreement shall bar Claims by that Releasee against (x) such Petitioner, (y) any Person who is or was controlled by, controlling, or under common control with the Petitioner, whose assets or estate are or were controlled, represented, or administered by the Petitioner, or as to whose Claims the Petitioner has succeeded, and (z) any Person that participated with any of the preceding Persons described in items (a) and (b) of this paragraph in connection with the assertion of the Claim brought against the Releasee(s).

12. Notwithstanding anything contained in this Order, the provisions set forth in paragraph 8 above (the "Injunction") and the provisions set forth in paragraph 10 above (the "Bar Order") are limited in purpose, scope, and effect and are not a third-party "bankruptcy

9

discharge." Neither the Injunction nor the Bar Order is a release of direct third party Claims, except to the extent such Claims: (a) were property of the Estate or derivative of a right assertable by, or belonging to, the Debtor, or are Released Claims; (b) are, solely with respect to the Bar Order, (i) asserted against Releasees by any Person based on theories of joint and several liability, or (ii) for set-off, indemnity, contribution, or apportionment of liability under New York General Obligations Law 15-108 or other applicable law; or (c) arise out of or relate to (i) negotiating and agreeing to the Settlement Agreement; (ii) agreeing to make the XL Settlement Payment; (iii) agreeing to the scope of the Settlement Agreement and the releases in favor of all the Insureds therein; and (iv) settling only the Released Claims; <u>provided</u>, <u>however</u>, that nothing in this Order or the Settlement Agreement shall be deemed to enjoin, bar, or restrain any Insured, in any action brought against such Insured to recover for a harm, from asserting or establishing that such Insured is only liable for its proportionate share of such harm, or asserting or establishing any other right of set-off against the entity seeking to recover for such harm, to the extent permitted under any applicable legal principle, including but not limited to, New York General Obligations Law 15-108, indemnity, or contribution.

13. The Court expressly reserves jurisdiction, including its exclusive jurisdiction pursuant to 28 U.S.C. § 1334(e), to enforce the stay provisions of Section 362 of the Bankruptcy Code, the injunction and bar order set forth in paragraphs 8 and 10 above, and over any and all disputes, actions, contested matters or other proceedings brought with respect to the Settlement Agreement, this Order or any of the Released Claims.

Dated: May 30, 2013
      New York, New York

    <u>/s/Martin Glenn</u>    
MARTIN GLENN
United States Bankruptcy Judge
