# Exhibit 12

SCANNED ON 8/2/2013

**SUPREME COURT OF THE STATE OF NEW YORK - NEW YORK COUNTY**
**PRESENT: Hon. Doris Ling-Cohan, Justice**                    **Part 36**

In the Matter of
The Rehabilitation of                                    **INDEX NO.  401265/12**
**FINANCIAL GUARANTY INSURANCE COMPANY**                **MOTION SEQ. NO. 022**

The following papers, numbered ___ were considered on this order to show cause:

| PAPERS | NUMBERED |
|---|---|
| Notice of Motion/Order to Show Cause, — Affidavits — Exhibits | 1, 2, 3 |
| Answering Affidavits — Exhibits _____ | _____ |
| Replying Affidavits _____ | _____ |

Cross-Motion:  [  ] Yes    [ X ] No                                    _____

**FILED**

**AUG 02 2013**

COUNTY CLERK'S OFFICE
NEW YORK

The court declines to sign this Order to Show Cause (OSC), brought by investors Monarch Alternative
Capital LP, Stonehill Capital Management LLC, Bayview Fund Management LLC, CQS ABS Master
Fund Limited, and CQS ABS Alpha Master Fund Limited (jointly "the Investors"), to: (1) intervene in
this Rehabilitation proceeding pursuant to CPLR 1012(a)(2) or (3), or CPLR 1013; and (2) conduct
limited and expedited discovery pursuant to CPLR 408.

<u>Procedural History</u>
This is a rehabilitation proceeding, brought under New York Insurance Law (NYIL) Article 74, in which
a rehabilitator of Financial Guaranty Insurance Company (FGIC) was appointed without objection, by
order dated June 28, 2012. Pursuant to such appointment, the rehabilitator proposed the Plan of
Rehabilitation, and thereafter the First Amended Plan of Rehabilitation. Numerous objections to the
proposed plan were filed with the court by interested parties. After much negotiation between the
rehabilitator and the interested parties, all objections were settled or withdrawn prior to the hearing date
scheduled for oral arguments on approval of the proposed plan. Thus, this court approved, without
objection, the First Amended Plan of Rehabilitation for FGIC by order dated June 11, 2013.

FGIC currently seeks this Court's approval of a tentative settlement agreement (mot. seq. no. 016),
negotiated in the Bankruptcy case of Residential Capital (Bankruptcy case), and entered into on May 23,
2013. Approval is also being sought in the Bankruptcy case, as approval by both courts is necessary.
Three objections to such settlement agreement were received by the court on July 16, 2013. By this
OSC, the Investors, having previously filed their objections, now move to intervene in this special
proceeding, and seek limited discovery.

<u>Intervention in Special Proceedings</u>
The Court notes that it is undisputed that this Rehabilitation proceeding is a special proceeding governed

by Article 4 of the CPLR. As such, the court declines to sign the Investors' OSC to intervene in this proceeding, as CPLR 1012 and 1013 specifically govern intervention in *actions*, rather than special proceedings. In fact, both statutes specifically use the words "[u]pon timely motion, any person...[is] permitted to intervene in any action..." *See* CPLR 1012(a) and 1013. Thus, by the language employed, limiting intervention to an "action", such statutes are inapplicable here.

The Court notes that nowhere in NYIL Article 74, which governs this special proceeding, does it permit intervention. This is in contrast to Article 78 (which is also a special proceeding governed by CPLR Article 4), which does specifically provide for intervention: "[t]he court...may allow other interested persons to intervene." CPLR 7802(d). The absence of such corresponding language in the NYIL Article 74 rehabilitation statute indicates that the Legislature did not intend for intervention in such rehabilitation proceedings. Similarly, CPLR Article 52, a special proceeding, also specifically permits intervention in CPLR 5225, 5227, and 5239, unlike a rehabilitation proceeding. *See Breezevale Ltd. v Dickinson*, 262 AD2d 248 (1st Dep't 1999).

Moreover, the Investors filed objections with the court on July 16, 2013 (which they now seek to be deemed their proposed pleadings pursuant to CPLR 1014). The Investors need not seek intervention in this proceeding in order to voice their objections, as such objections were filed, received and shall be considered. As such, this OSC to intervene is deemed moot.

### Discovery in Special Proceedings

Further, as to the request for limited discovery pursuant to CPLR 408, the Investors concede that there is no automatic right to discovery in special proceedings. Moreover, in seeking discovery, the Investors have failed to detail the discovery sought, or provide copies of any document demands, and, thus, this court is unable to determine whether such requested discovery is necessary and material, and narrowly tailored to clarify any allegedly disputed facts. *See New York University v Farkas*, 121 Misc.2d 643, 647 (Civ. Ct. N.Y. Cty 1983). Moreover, the Court notes that, according to movant, it is already engaging in ongoing discovery in the Bankruptcy case, and movant has not explained why discovery, if permitted here, would not be duplicative and merely serve to delay this summary proceeding.

### Standard to be Applied in Approving the Settlement Agreement

The Investors claim that the proposed settlement agreement "is not fair and equitable to the Investors", and, thus should not be approved by this Court. However, such claim ignores the standard which must govern the decision-making of this Court on whether to approve the tentative settlement agreement. The Rehabilitator is tasked with ensuring that the best interests of FGIC's policyholders as a whole are served. *See Corcoran v Frank B. Hall & Co., Inc.*, 149 AD2d 165 (1st Dep't 1989). Thus, the standard to be applied in determining this Court's approval of the settlement is whether the Rehabilitator acted arbitrary and capriciously, and abused his discretion in determining that the settlement agreement is in

the best interests of FGIC's policyholders as a whole. *Id.* Such standard is different than that which the Bankruptcy court will employ and the Investors' specific concerns can be raised there.

Dated: _____



**DORIS LING-COHAN, J.S.C.**

**Check one:    [  ] FINAL DISPOSITION       [ X ] NON-FINAL DISPOSITION**

**Check if Appropriate:  [  ] DO NOT POST**

J:\OSC\Matter of FGIC - decline to sign, intervention and discovery.wpd

**FILED**

AUG 02 2013

COUNTY CLERK'S OFFICE
NEW YORK