### ATTACHMENT A

## UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK;
### (at Manhattan)

| | |
|---|---|
| In Re: Residential Capital, LLC., et al., And, ) | Case No. <u>12-bk-12020 (MG); 12-bk-12032;</u> |
| In Re: GMAC, Mortgage Co., et al, ) | Chapter____ <u>(Ch.11, Joint Admin.</u> ) |
|     Debtors ) | (Related BR Case No.07-bk-57237, S.D., OHIO) |
| ) | (Related BR Case No. 12-bk-12032, S.D., N.Y.) |
| ) | JUDGE: GLENN, MARTIN |
| UNITED STATES of America, Ex Rel., ) | |
| Yvonne D. Lewis, et al., ) | Adversary Case No.: <u>12-01731</u> |
|     Plaintiffs/ Surplus Creditors ) | (Related Case No.<u>1:12-cv-361, USDC, DC.</u>); |
| Vs. ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| ) | 05-CV-4555; 03-CV-6954);(12-AP-506, 11-AP- |
| GMAC, Mortgage Co., et al, ) | 875, 10-AP-110, COA10th Dist., OHIO |
|     Defendants/ Bankrupt Debtor, ) | (Related Case No.96-cv-494, USDC, S.D.,OH.) |

---

STATEMENT OF FACTS IN SUPPORT OF MOTION TO VACATE AND OBJECTIONS

BY CREDITORS' LEWIS TO DEBTOR GMAC, LLC, "PLAN" [DOC. 4153] AND

"DISCLOSURE STATEMENT" [DOC. 4157] FILED JULY 3-4, 2013; GROUNDED ON 5TH

AMEND., U.S. CONST., "TAKINGS CLAUSE" WITH MANDATORY HUD REG'S AS

"AFFIRMATIVE DEFENSES", FAA'S "JUDICIAL ESTOPPEL" &

DEBTOR GMAC'S FRAUD ON THE COURT.

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK
### (at Manhattan)

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel ) | |
| EDWARD O'DONNELL, et al., ) | Case No.: <u>12-cv-1422</u> |
| appearing QUI TAM, ) | (Related Case No.1:12-cv-361, USDC, D.C.; |
|     Plaintiff /Relator, ) | Related <u>11 Civ. 7010</u>, USDC, S.D.,NY; |
| Vs. ) | 05-CV-7346 (03-CV-7478); 03-CV-10836; |
| ) | 05CV-4555; 03CV-6954);(04-AP-469, 04-AP- |
| ) | 1135; 04-AP-1347; 11-AP-875; 12-AP-506; |
| BANK OF AMERICA CORP.., et al, ) | 10-AP-110, COA10th Dist., OH.; (Related |
|     Defendants. ) | 96cv-494; 08cv-75, 06-cv-312, USDC, SD, OH) |

RECEIVED
JUL 29 2013
U.S. BANKRUPTCY COURT
SO. DIS. OF NEW YORK

| | | |
|---|---|---|
| 1 | UNITED STATES OF AMERICA, ex rel, ) | |
| 2 | FED. HOUSING FINANCE AGENCY *etc.*, ) | Case No.: ___11 Civ. 7010___ |
| | ) (Related Case No.1:12-cv-361, USDC, D.C.; | |
| 3 | Plaintiffs, ) Related Case No.96-cv-494, USDC, S.D.,OH; | |
| | Vs. ) 05-CV-7346 (03-CV-7478); 03-CV-10836; | |
| 4 | ) 05-CV-4555; 03-CV-6954);(04-AP-469, 04-AP- | |
| 5 | ) 1135; 04-AP-1347; 11-AP-875; 12-AP-506; | |
| 6 | ALLY FINANCIAL INC. f/k/a GMAC LLC) 10-AP-110, COA10th Dist., OH.; (Related | |
| | )Case Nos.08-cv-75, 06-cv-312, USDC, S.D.,OH) | |
| 7 | Defendants. | |

1 UNITED STATES OF AMERICA, ex rel, )
2 FED. HOUSING FINANCE AGENCY *etc.*, )   Case No.: ___11 Civ. 7010___
 ) (Related Case No.1:12-cv-361, USDC, D.C.;
3 Plaintiffs, ) Related Case No.96-cv-494, USDC, S.D.,OH;
 Vs. ) 05-CV-7346 (03-CV-7478); 03-CV-10836;
4 ) 05-CV-4555; 03-CV-6954);(04-AP-469, 04-AP-
5 ) 1135; 04-AP-1347; 11-AP-875; 12-AP-506;
6 ALLY FINANCIAL INC. f/k/a GMAC LLC) 10-AP-110, COA10th Dist., OH.; (Related
 )Case Nos.08-cv-75, 06-cv-312, USDC, S.D.,OH)
7 Defendants.

8 In re: )
9 RESIDENTIAL CAPITAL, LLC, *et al.*, )
10 Debtors. )
 )   Chapter 11 Case No. 12-12020 (MG)
11 )   (Jointly Administered)

12
13 **UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF**
14 **OHIO;**
 **(at Columbus)**
15
16
17 In Re: SIDNEY T. LEWIS, pro se, )   Case No. 2:07-bk-57237
 )   (Ch.7 )
18 Debtor )   (Related Bankr Case No. 2:05-bk-75111)
19 ) (Related Case No.1:12-cv-361, USDC, D.C.)
 Social Security No.: xxx-xx-5959 )   JUDGE: HOFFMAN, JOHN, Jr.
20
21
22 In Re: Yvonne D. Lewis, )   Case No. 2:05-bk-75111
 )   (Ch.7 )
23 Debtor )   (Related Case No. 2:07-bk-57237)
 ) (Related BR Case No. 12-bk-12020, S.D., N.Y.)
24 Social Security No.: xxx-xx-2390 )   JUDGE: HOFFMAN, JOHN, Jr.
25
26 **IN THE UNITED STATES DISTRICT COURT, S. D. OF OHIO**
 **EASTERN DIVISION (at Columbus)**
27
28 UNITED STATES of America, Ex Rel., )
29 Sidney T. Lewis, et al., )   Action No. 2:08-cv-1042
 Plaintiffs ) (Related Ct. Cases 2:08-cv-16; 2:96-cv-494;
30 Vs. ) 2:09cv-179, 2:08-cv-75; 09-cv-936; 09-cv-944;
31 ) 2:06-cv-312; 08-cv-1040 and 08-cv-736);
32 Larry McClatchey, et al., of the )

| | | |
|---|---|---|
| Kegler, Brown, Hill & Ritter Lawfirm | ) | JUDGE: <u>HOLSCHUH</u> |
|     Defendants. | ) | Magistrate Judge: KING |

| | | |
|---|---|---|
| The Huntington National Bank, et al., | ) | Civil Action No. <u>2:08-cv-00073</u> |
|     Plaintiffs | ) | (Related Case No.08-cv-75, at Doc. 14-4, pg.4, |
| v. | ) | P.3; No. 96-cv-494, at Doc. 70; No. 08-cv-1040, |
| | ) | at Doc. 2-4, pgs.13, 18 at P.3 [No.05-JG-6455]); |
| Yvonne D. Lewis, et al., | ) | JUDGE <u>GRAHAM</u> |
|     Defendants. | ) | Magistrate Judge: ABEL |

| | | |
|---|---|---|
| Sidney T. Lewis, et al., | ) | Action No. <u>2:08-cv-1040</u> |
|     Plaintiffs, | ) | (Related S.D. Ct. Cases 2:08cv-73; 2:96-cv-494; |
| Vs. | ) | 2:09-cv-179, 2:08-cv-75; 09-cv-936; 09-cv-944; |
| | ) | 2:06-cv-312; 08-cv-1042 and 08-cv-736); |
| James Johnston, et al., involving | ) | |
|   Countrywide Home Loans. | ) | JUDGE: <u>HOLSCHUH</u> |
|     Defendants. | ) | Magistrate Judge: TERENCE P KEMP |

| | | |
|---|---|---|
| John P. Byrk, Pff, et al., | : | Case No. <u>96-cv-494</u> |
| | | (Related Case No. 06-cv-312; No 09-cv-179) |
| v. | : | Judge: <u>Joseph P. Kinnary</u> |
| | | RICO Enterprise (Corrupt Organization); |
| Dwight I. **HURD**, Def, et al., | : | false representations in registering securities. |

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) | |
| Plaintiff, | ) | Case No. <u>4:10-cv-87</u> |
| | ) | (Related Case No.94-CR-2155; No.11- |
| vs. | ) | -cv-12667, CPC, FR. CNTY., OHIO) |
| | ) | (Related Case Nos.12AP-88; 12AP-49; |
| AMERICAN EQUITY INVESTMENT LIFE | ) | No.96-AP-326; No.04-AP-469; |
| HOLDING COMPANY; | ) | No.11-AP-875, COA10th Dist., OH.) |
| DAVID J. NOBLE; and | ) | (Related C. No.12-bk-12020, S.D., NY.) |
| WENDY C. WAUGAMAN, | ) | (Related C. No.96-cv-494, S.D., OHIO) |
| Defendants. | ) | (Related Case No.05-cv-122, W.D., KY.) |

**UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF KENTUCKY;**

### LOUISVILLE DIVISION

| | |
|---|---|
| BEVERLY S. MALONE, Living Trust Beneficiary, ) | |
|     Plaintiff, ) | <u>Case No. 3:01-CV-259(H)</u> |
| ) | (Related W.D. Case 3: 05-CV-122(H)); |
| vs. ) | |
| ) | JUDGE: JOHN HEYBURN |
| AMERICAN EQUITY INVESTMENT LIFE ) | |
| HOLDING COMPANY ("AEL") et al., and ) | |
| ADDISON INSURANCE MARKETING (AIM) ) | |
|     Defendants. ) | |

### UNITED STATES SUPREME COURT

| | |
|---|---|
| Charles STRUBE, et al., Living Trust Matters, ) | <u>11th Cir. No. 06–35, Certiorari denied.</u> |
| Beverly MALONE, Living Trust Matters, ) | No. 05-13014 / No. 05-11461 |
|     Appellant, ) | Remo. USDC, M.D., FL, case # 01-cv-1236 |
| ) | [26 USC §§ 401(a), 4975(e)] |
| vs. ) | |
| ) | Reported below: 158 Fed. Appx. 198. |
| AMERICAN EQUITY ("AEL"), et al., ) | |
|     Appellee. ) | |

### UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT; AT FL.

| | |
|---|---|
| Charles STRUBE, et al., Living Trust Matters, ) | No. 05-11461 Non-Argument Calendar; |
| Beverly MALONE, Living Trust Beneficiary, ) | No. 05-13014 Non-Argument Calendar |
|     Plaintiffs/Appellants, ) | Removed from case nos. 6:01-cv-1236 and |
| ) | 3:01-CV-259(H); [26 USC §§ 401(a), 4975(e)] |
| vs. ) | 3:05-CV-122; |
| ) | Before ANDERSON, BLACK and PRYOR, |
| AMERICAN EQUITY ("AEL"), et al., ) | Circuit Judges. |
|     Defendants/Appellees. ) | |

### UNITED STATES DISTRICT COURT FOR THE
### CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| WHITE, et al | :    Case No. 05-cv-1070 DOC (MLGx) |
| vs. | :    Judge: <u>David Carter</u> |

1  EXPERIAN INFORMATION
2  SOLUTIONS, INC., et al.,                      :       **$45 MILLION SETTLEMENT**
                                                          **OF NATIONAL CLASS ACTION**
3  (Related C.A. Dist. Ct. Case Nos:             :
   Case #05-cv-1073, DOC (MLGx)
4  Case #05-cv-7821, DOC (MLGx)                   :
5  Case #06-cv-0392, DOC (MLGx)
   Case #06-cv-5060, DOC (MLGx)                   :
6
7
8              **COURT OF COMMON PLEAS, FRANKLIN COUNTY**
9                        **CIVIL DIVISION (at Columbus)**
10 UNITED STATES of America, Ex Rel.,       :      Case No. 11-CV-12667;
11 Yvonne D. Lewis, (Successor of Living Trust),  : Related CASE NO. # 02-MS-20,
12 Sidney T. Lewis, (Beneficiary of Trust & Annuities): fiche 92613, at D07; Related CASE NO.
        Plaintiffs/Relators/Successor Trustee,        4:10-cv-87, USDC, S.D., Iowa;
13                                                   Related CASE NO. 07-EVH-60047;
14 Vs.                                        :
15                                                  JUDGE: RICHARD SHEWARD
16 American Equity Inv. Life Holding Co. (AEL), et al.:("This is a refiled case no. 10-CV-12370,
        Defendants/ Respondent/Issuer.         : assigned to Judge R. Sheward")
17
18
19 UNITED STATES of America, Intervenor,    :      Case No. 05-CV-4814; 05-CV-7346;
20 Sidney T. Lewis, in Living Trust Capacity,    :      (Related Case Nos. 04-AP-1135;
        Plaintiffs,                                    No. 98-ap-326; No. 11-ap-875)
21                                                   (Related CPC Case No. 05-CV-4555;
22 Vs.                                         :      05-JG-7388; 05-JG-6455; *03-CV-474*)
                                                     Related US Dist Ct. Case No. 4:10-cv-87,
23 OLD REPUBLIC SURETY CO., et al.,         :      USDC, S.D., Iowa
        Defendants/ Under Liv. Trust Capacity,
24                                           : **"THIS IS A REFILLED CASE**
25                                             **NO. 03-CV-474 PREVIOUSLY**
                                             : **ASSIGNED TO JUDGE DEBORAH**
26                                             **O'NEILL" Fr. Cnty. Loc. R., 31.02D.**
27
28 UNITED STATES of America, Ex Rel.,       :      Case No. 03-CV-474; 11-CV-12667;
29 KIM AUSTIN, in Living Trust Capacity, et al.,: (Related Case Nos. 04-AP-1135;
        Plaintiffs,                                    No. 98-ap-326; No. 11-ap-875)
30                                                   (Related CPC Case No. 05-CV-4555;
31 Vs.                                         :      05-JG-7388; 05-JG-6455; 05-CV-4814)
                                                     Related US Dist Ct. Case
32                                           .

YVONNE D. LEWIS, et al.,                    :    No. 12-cv-361, USDC, D.C.
     Defendants/ Under Liv. Trust Capacity, (see 28 USC §§ 516, 530B, 2403)

Sidney T. Lewis, et al.,(Liv. TR. Beneficiary))    Case No. 03-cv-7478
    Plaintiffs,    )   (Related Case No. 05-cv-4814; No. 05-cv-7346)
Vs.    )

J.E. Wiggins & Co. et al., (Tax Preparer),    )
    Defendant,    )    JUDGE: SCHNEIDER

And    )       For IRS form 1099-Int. for Fraudulent
    )    Vacy O. Webb Living Trust sold under
Huntington National Bank, HNB,(Custodian))    Fraudulent "Business Model" of A.I.M.
For FLEX FUNDS, et al.,(Investment Co.)  )    through HNB [**15 USC § 80a–33 & 43**],
For Meeder, et al.,(Advisor);    )    FLEX FUNDS, and Meeder as Advisor
    Defendants.    )    **[15 USC §§ 80b–6(2) & 14(a), 80a–8(a)]**;
    )    (Under Ohio Rules of Professional Conduct,
    Rule 3.3(a)(1)&(c); and USDC, Ohio, S.D.,
    Loc. Rule 83.3(h)); 28 USC §§ 530B, 2403;
    Fed. R. Civ. Proc., Rule 24)

## COURT OF APPEALS OF OHIO, TENTH APPELLATE
## DISTRICT, FRANKLIN COUNTY (at Columbus)

UNITED STATES of America, Intervenor,    )
The Atty. Gen. for the State of OHIO, Intervenor, )    Case No. 13-AP-200, 217, 223,
KIMBERLY AUSTIN, beneficiary of ; And,    )    Appellate Case no.  04-AP-1135
SIDNEY T. LEWIS, an alleged beneficiary of,    )    Appellate Case No.  06-AP-320;
the Incurable VACY O. WEBB Living Trust;    )    No. 04-AP-469; No. 04-AP-1347;
on her/his own behalf and on behalf of    )    Related CPC Case Nos. 03-CV-6954;
all others similarly situated, et al.,    )    11-CV-12667; 02-MS-20; 03-CV-7478;
1875 Alvason Avenue    )    05-JG-6455; Related US Dist. Ct.
Columbus, Ohio  43219    )    Case No. 12-cv-361, USDC, D.C.
    Appellee/ Appellant /Relator;    )
    )    (see 28 USC §§ 516, 530B, 2403)
Vs.    )    15 U.S.C. §§77e(a) & (c), 80a-24(d),
    )
Yvonne D. Lewis, et al., VOW Successor Trustee  )
    Appellant-A/Relator;    )

State of OHIO, Pff-Aplee,    )   Case No. 96APA03-326
    (Cross-Aplt)    )   conspiracy to engage in a pattern of corrupt
    )   activity in violation of *R.C. 2923.01;*
    )   engaging in a pattern of corrupt activity

1
    v.

2

3  Dwight I. **HURD**, Def-Aplt, and,
   Robert D. HODGE, Def-Aplt, and

4  Beth A. EYERMAN, Def-Aplt.
     (Cross-Aple)

5

) ("RICO") in violation of *R.C. 2923.32;*
) aggravated theft, grand theft, and sale of
) unregistered securities *RC 1707.44(C)(1);*
) false representations in registering securities.
) (Related Case No. 96AP-328, No 96AP -327).
) No. 04AP-469 (consolidated); No. 04AP-1135;
   No. 11 AP-875;

6

7  Yvonne Lewis, Beneficiary of Liv. Trust, et al.:    Case No. 04-AP-469

8      (Plaintiff)    (On Appeal from No.03AP-7478, (Trust matters))

9  v.    :  (Related to O. Supr. Ct. No.05-150, (Liv. Trust)

10         (Related to C.P.C. No. 05-JG-6455 (Liv. Trust)

11  Huntington Nat'l Bank, Liv. Trust C/F., et al.: (Related to C.P.C. No. 05-CV-7346 (Liv. Trust)

12      (Defendant)    (Related to No. 05-CV-4814 (Liv. Trust);

13

14

15  **IN THE UNITED STATES OF AMERICA**
**FEDERAL TRADE COMMISSION**

16

17  FEDERAL TRADE COMMISSION, ( FTC )    :    Case No. 123 FTC 1092-1097

18      Relator,    (File No. 932 3019, dated Apr. 15, 1997

19  v.    :    Terminating on Apr. 14, 2017); FTC
    Cease and Desist ORDER, concealments and

20  Michael P. McIntyre, et al.,    : misrepresentations in sales of Living Trusts.

21      Respondent.    (see 97 FTC Lexis 91)

22

23  **UNITED STATES OF AMERICA**
**BEFORE THE**
**SECURITIES AND EXCHANGE COMMISSION**

24  **[18 USC § 1962; 15 USC §§ 80A–24(a)&(g), 77a et seq. ]**

25

26  INVESTMENT COMPANY ACT OF 1940
Release No. 30006/ March 22, 2012

27  _____

28  In the Matter of    :
    : (Related Doc. 240-12, at Exhibit 10, in

29  American Equity Life Annuity Account    : Case No. 6:01-cv-1236, USDC, M.D., FL.)

30  6000 Westown Parkway    :    And
   West Des Moines, Iowa 50266    : (Related Doc. 16, at Memorandum Opinion,

31      : in Case No. 3:05-cv-122, USDC, W.D., KY.)

32  (811-8663)    :

1

2

## IN THE UNITED STATES OF AMERICA
## SECURITIES AND EXCHANGE COMMISSION
**[18 USC § 1962; 15 USC §§ 80a–24(a)&(g), 77q; 17 CFR §§ 270.27d-1(a)(1)(j), 274.127d-1]**

IN THE MATTER OF                                    :    SEC FILE NUMBER: 333-46593

The American Equity Life Annuity Account,                (FILE NO. 333-46593, REGISTRATION
  (REGISTRANT)                                  :    STMNT., SECURITIES ACT OF 1933;

American Equity Inv. Life Ins. Co. ("AEL"),              FILE NO. 811-08663, REGISTRATION &
  (DEPOSITOR[1]).                             :    FILE NO. 811-03462, REGISTRATION;
                                  :    STMNT., INV. CO.  ACT OF 1940);

SECURITIES BEING OFFERED:

FLEXIBLE PREMIUM DEFERRED            :    (S.E.C. Form N-4/A, PROSPECTUS;

VARIABLE ANNUITY CONTRACTS;                FILM NUMBERS: 98644731 / 98644732)

    And,                         :    Filed as amended on **JUNE 9, 1998**.

FLEXIBLE PREMIUM VARIABLE           : (Related Case #96cv-494, USDC, S.D.,OH.,

LIFE INSURANCE POLICIES                   at Doc. 95, Final Order filed **JUNE 9, 1998**)

## UNITED STATES OF AMERICA BEFORE THE
## BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM
## WASHINGTON, D.C.

## FEDERAL DEPOSIT INSURANCE CORPORATION WASHINGTON, D.C.

In the Matter of                                         :              FRB Docket No. 11-020-B-HC

ALLY FINANCIAL INC.                            :                           11-020-B-DEO

 Detroit, Michigan                               :              FDIC-11-123b

                                  :

ALLY BANK                                           : (Related No.07-bk-57237, USDC, S.D., OH.,

 Midvale, Utah                                    :  at Doc. 108, pg. 4 of 4, at items 2 & 3)

                                  :

RESIDENTIAL CAPITAL, LLC              : (Related Case No.1:12-cv-361, USDC, DC.);

 Minneapolis, Minnesota                     : (Related Case No. 01-cv-1236, Id,  M.D., FL.);

                                  : (Related Case No. 96-cv-494, Id., S. D., OH.);

and                                                       : (Related Case # 05-CV-122, Id., W. D., KY.);

---

[1]  Compare: 17 CFR § 274.127d-1 - Form N-27D-1 "accounting of segregated trust account.";
With: 15 USC § 77q(a)- "Fraudulent interstate transactions"; To: 17 CFR § 270.27d-1(a)(1)-
"Reserve requirements…for the purpose of assuring the refund of charges required by sections
27(d) and 27(f) of the Act.")

1                                          : (Related Case No. 08-cv-75, Id., S. D., OH.);
                                           : (Related Case # 01-CV-259, Id., W. D., KY.);
2   GMAC MORTGAGE, LLC                     : (Related Case No. 10-cv-87, Id., S. D., IA.);
3   Fort Washington, Pennsylvania          : (Related Case No. 06-cv-312, Id., S. D., OH.);

4

5

6                              I.   OBJECTION/ NOTICE

7

8        Sidney T. Lewis, as executor of Betty Hamilton and Robert Hamilton, FHA insured

9   Mortgagors, P. O. Box 247916, Columbus, Ohio 43224 or 1875 Alvason Avenue, Columbus,

10  Ohio 43219 (claim 933 for $5,000,000.00); and Yvonne D. Lewis (Sidney T. Lewis), pro se, P.

11  O. Box 247916, Columbus, Ohio 43224 or 1875 Alvason Avenue, Columbus, Ohio 43219

12  (claim 932 for $24,918,520.00), as both landowners of Federal Aviation Administration/U.S.

13  Dept. of Transportation "FAA/DOT" UNCOMPENSATED PRIVATE RESIDENTIAL

14  SUBDIVISION AVIATION EASEMENTS 42 U.S.C. § 4651(2)[2] AND HUD/FHA insured

15  mortgagors for mandatory "lead pollution elimination" (See: 42 USC §§ 4822, 4851(7); 24

16  CFR §§ 35.1320(b)(2)(ii)[3], 200.35(a), 200.71) and DOT/FAA beneficiaries for mandatory

17  "lead pollution abatement" (See: 49 U.S.C. §§ 44701(a)(1)[4]&(2)(A), 44714; 42 U.S.C. §§ 7401

18  et seq.; see 14 CFR §§ 34.3(b)&(e), 150.21; 40 CFR § 87.6 [75 FR 22440 "Lead Emissions"])

---

[2] "The government is already required by law to **appraise property** which it intends to acquire through the eminent domain power, see 42 U.S.C. § 4651 (2) (1982). Therefore, assuming that the government will comply with the law and use an appraiser, … In effect, all that is guaranteed to landowners is a form of procedural due process: the government must follow a set of established procedures in eminent domain proceedings. The Equal Access to Justice Act, however, requires a higher showing. Not only must the government follow reasonable procedures, the government must take a reasonable position." (See: **United States v. 0.376 Acres of Land, 838 F.2d 819, 829 (6th Cir. Tenn. 1988)**)

[3] Compare: 24 CFR §§ 35.1320(b)(2)(ii) soil-lead hazard; With: 40 CFR §§ 745.227 (d)(8) "Soil samples shall be collected and analyzed for lead concentrations…");

[4] 49 U.S.C. §§ 44701(a)(1)&(2)(A) Reads: "(a) **Promoting Safety.—** The Administrator of the Federal Aviation Administration shall promote safe flight of civil aircraft in air commerce by prescribing – (1) minimum standards required in the interest of safety for *** aircraft engines***; (2) **regulations and minimum standards in the interest of safety** for - (A) *** aircraft, aircraft engines,***";

appear herein as objecting parties and Secured Creditors by virtue of the encumbered FHA mortgages pursuant to the "takings clause" under the 5th Am., U.S. Const., nature of the federally protected claim or interest of **SIDNEY LEWIS** CLAIM 933 (lot 11), and **YVONNE D. LEWIS** CLAIM 932 (lot 17) are stated herein with particularity below with reference to the above-captioned NEW YORK BR Case Nos. 1:12-bk-12020 and No. 1:12-bk-12032, S.D., NY.; and the basis of the claims relate to Debtor GMAC's inconsistent position against OHIO Discharged Debtors as Surplus Creditors in the above-captioned OHIO BR Case Nos. 2:05-bk-75111 and No. 2:07-bk-57237, S.D., Ohio, and incorporates by reference the mandatory FHA/HUD guidelines under 24 CFR § 203.604(b) for said federally protected claims [18 USC § 245(b)(1)(B)] in related adversary case no. 1:12-1731, U.S.D.C., S.D., NY., by objection to the Debtor GMAC, LLC's "PLAN" [**Doc 4153** at Article IX] filed JULY 3, 2013, "DISCLOSURE STATEMENT" [**Doc 4157** at Article V] filed JULY 4, 2013, and "AFFIDAVIT OF JAMES WHITLINGER" [**Doc 6**] filed MAY 14, 2012 on three (3) grounds:

I.   "Judicial Estoppel" by Debtor GMAC's "contrary positions" in State and Federal Courts (see Exhibit A at pgs. 021 & 025) (See also: **Maine**, Id., Infra, 532 U.S. 742, 749-751);

II.  Creditors "Affirmative Defenses" under 24 CFR § 203.605 to bar Debtor GMAC's 2011 FHA Foreclosures based on mortgagee's non-compliance with HUD guidelines. (see Id at pgs. 021 & 025 and pgs. 010 to 013) (See Also: **BAC Home Loans Servicing, Id., Infra.,** 986 N.E.2d 1028, 1032-1033); and,

III. Debtor GMAC's "Fraud upon the Court" by concealing (aiding and abetting) the City of Columbus' 'conspiracy to violate civil rights' (see Exhibit A at pgs. 040, 42 & 044), "equal protections" and the "taking clause" [U.S. Const., 5th & 14th Amend.] (see 14 CFR §§ 34.3(e), 158.5); Debtor's Counsels conduct to impede statutory "Affirmative Defenses" for borrowers 'participating in or enjoying any benefit' under FHA/HUD's mandatory "Forbearance Provisions" (see 12 USC §§1715u, 1715b) as "Federally Protected Activities" [See: 18 USC §§ 2, 241, 242, 245(b)(1)(B)]. Debtor GMAC's Disclosure Statement [Doc. 4157 at pgs. 130 to 141] conceals its "contrary

positions" in "Inconsistent Orders of Court" and prohibited "Eviction Proceedings" on **JULY 18, 2012** in companion bankruptcy case no. 05-bk-75111 and in foreclosure case no. 05-CV-4555 for "FAA[5] Regulatory Takings" on **JULY 18, 2012** (see Exhibit A at pg. 005; 40 CFR § 87.6 rev. at July 18, 2012). Debtor's Counsels conceal FAA liens on FHA insureds' "uncompensated private residential subdivision aviation easements under ASNA" for "public use" without 'declaration of taking' of passenger facility fee, "PFC[6]" (see Exhibit C, at 76 FR 12407 at PFC Application no. 10-09-C-00-CMH at $184,864,011). **APRIL 1, 2013** was the effective date for PFC's on FHA insured properties in violation of 5th Amend., U.S. Const., "Just Compensation Cl.", 14th Amend., U.S. Const., "Due Process Clause", "Equal Protection Clause"; Equal Access to Justice Act, Nat'l. Housing Act, Nat'l. Transportation Act, and Fed. Aviation Act of 1958. Debtor GMAC as purported "Debtor in possession of said uncompensated aviation easements" then filed its false proposed "Plan" and "Disclosure Statement" [Docs. 4153 & 4157] on July 3 & 4, 2013 with Notice of Disclosure Statement Hearing filed **JULY 9, 2013**. (See: Doc 4189 Notice of Hearing filed **JULY 9, 2013**).

Debtor conceals its inconsistent position under 2006, 2011, 2012 affidavits (compare: Doc 6; with: Exhibits B & B1), and concealment of the subject unresolved "Regulatory Takings" by DOT/FAA's uncompensated private subdivision aviation easements on subject HUD/FHA

---

[5] "The FAA implements ASNA through regulations found at 14 C.F.R. § 150 ("Part 150")." (See: **Nat'l Bus. Aviation Ass'n v. City of Naples Airport Auth., 162 F. Supp. 2d 1343, 1350 (M.D. Fla. 2001)**);

[6] "**CHICAGO'S PASSENGER FACILITY FEE-** "Now three Chicago suburbs, the Villages of Bensenville and Elk Grove and the City of Park Ridge, petition for review of the FAA's decision, alleging that, in approving Chicago's application, it violated the Federal Aviation Act of 1958, 49 U.S.C. §§ 40101 et seq., the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq., and its own regulations. Because the FAA did not find, as required by statute, that Chicago's passenger facility fee will generate only that revenue necessary to fund the EIS, we grant the municipalities' petition and remand for the FAA's further consideration." (See: **Bensenville v. FAA, 376 F.3d 1114, 1115-1116 (D.C. Cir. 2004)**);

USC §§ 1715u(a), 1710(a)(1)(A) due to the alleged default being not less than 3 full monthly installments on April 22, 2005.

### 2. Debtor's *Contrary Position* as *Inconsistent Claim*

Objection: on grounds that Peter Nocero's Affidavit filed Sept. 8, 2011 in Case No. 05-CV-4555 (see Exhibit B1, Aff. at pg. 2) falsely avers a monetary default on **JAN. 1, 2005** being more than 3 full monthly installments on April 22, 2005 (incorporated in Thomas Whitlinger's Affidavit, Doc. 6).   On Sept. 12, 2011 by "Void[8]" Order of Court (see Exhibit A at pg. 025), said monetary default was fraudulently affirmed for **JAN. 1, 2005** default totaling $53K. (compare: Id at pg. 025, at **JAN. 1, 2005**; with: Id at pg. 021, at **FEB. 1, 2005**),

### B) LAW & ARGUMENT:

#### THE ELEMENTS OF JUDICIAL ESTOPPEL

"The US Supreme Court in the case of New Hampshire v. Maine 532 U.S. 742, 749-751, 121 S.Ct. 1808, 1814-1815, 149 L. Ed. 2d 968 (U.S. 2001), set forth the elements of judicial estoppel: "[W]here a party assumes a *certain position* in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a *contrary position*, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him." Davis v. Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555, 39 L.Ed. 578 (1895). This rule, known as judicial estoppel, "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." Pegram v. Herdrich, 530 U.S. 211, 227, n. 8, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000); see 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a *claim* in a legal proceeding that is

---

[8] "A judgment entered by a court that proceeded without jurisdiction is void ab initio. Dollar Savings & Trust Co. v. Trocheck (1999), 132 Ohio App.3d 531, 535, 725 N.E.2d 710, and is a legal nullity for all purposes. Hayes v. Kentucky Joint Stock Land Bank of Lexington (1932), 125 Ohio St. 359, 181 N.E. 542." (See: **Countrywide Home Loans Servicing, L.P. v. Burden, 2011 Ohio 5949, P7-P9 (Ohio Ct. App., Montgomery County Nov. 18, 2011), also see:** Jordon v. Gilligan, 500 F.2d 701,pp.710 (6th Cir. 1974), cert. denied, 421 U.S. 991, 95 S. Ct. 1996, 44 L. Ed. 2d 481 (1975))

*inconsistent with a claim* taken by that party in a previous proceeding"); 18 C. Wright,
A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981)
(hereinafter Wright) ("absent any good explanation, a party should not be allowed to
gain an advantage by litigation on one theory, and then seek an inconsistent advantage
by pursuing an incompatible theory")."

(See: Jarr Loan, LLC v. Justo (In re Justo), 2010 Bankr. LEXIS 4267, at pages 9-10 (Bankr.
S.D. Fla. Dec. 3, 2010);(See Also: Clark v. P&G Mfg. Co., 2006 U.S. Dist. LEXIS 95919, at
pages 11-12 (W.D. Tenn. Jan. 26, 2006); Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002)
(quotation omitted)("*Judicial estoppel "preserve[s] the integrity of the courts by preventing a
party from abusing the judicial process through cynical gamesmanship*."); See also Reynolds
v. Commissioner, 861 F.2d 469, 472 (6th Cir.1988).))

It follows that 2006 Timson Affidavit in Bankruptcy proceedings claims a correct non-default
date on **FEB. 1, 2005** where GMAC was an active party creditor to <u>OHIO BR Case Nos. 2:05-
bk-75111</u> assumes a *certain position* (In re Justo, supra); While the 2011 Nocero Affidavit
assumes a *contrary position* (In re Justo, supra). Finally, the **AFFIDAVIT OF JAMES
WHITLINGER, CHIEF FINANCIAL OFFICER OF RESIDENTIAL CAPITAL, LLC,
IN SUPPORT OF CHAPTER 11 PETITIONS AND FIRST DAY PLEADINGS,** Doc 6
Filed 05/14/12, 74 of 101, at item 170, which follows the 2011 Nocero Affidavit.


This first objection is on grounds that the underlying 2006 & 2011 affidavits assume *contrary
positions.* Pursuant to the doctrine of judicial estoppel, the 2012 Affidavit of Thomas
Whitlinger (doc. 6) is "tainted with falsity" as it "incorporates by reference" a *contrary
position* of default date on **JAN. 1, 2005** via the 2011 Nocero Affidavit.


## II.  Affirmative Defenses

The DISCLOSURE STATEMENT FOR THE JOINT CHAPTER 11 PLAN PROPOSED BY
RESIDENTIAL CAPITAL, LLC, et al. AND THE OFFICIAL COMMITTEE OF

insured mortgages absent "condemnation proceedings" nor "declaration of taking" (See: 40

USC §§ 3113, 3114[7]; [5th & 14th Amendments, U.S. Const.]) and shows the court as follows:

## I.  Judicial Estoppel (Claim or Equity Interest)

The JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al.

AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, Doc 4153 Filed

07/03/13, at page 111 of 166, at item O. "Wavier or Estoppel Conflicts" falsely states in

pertinent parts:

> "Each holder of a Claim or Equity Interest <u>shall</u> be deemed to have waived any
> right to assert any *argument*, including the right to argue that its Claim or
> Equity Interest should be Allowed \*\*\*, if such agreement was not disclosed in
> the Plan, the Disclosure Statement, or papers Filed with the Bankruptcy Court
> prior to the Confirmation Date."

(See: Doc 4153 Filed 07/03/13, at page 111 of 166, at item O. "Estoppel Conflicts")

## A) FACTS:

1. Debtor's *Certain Position* on April 22, 2005

Objection: John Timson's Affidavit filed in <u>Case No. 2:05-bk-75111</u> (see Exhibit B, at pg. 1, at

2/1/05), on behalf of Debtor GMAC reveals that on Jan. 27, 2006 by Affidavit GMAC truely

averred a non-default on **FEB. 1, 2005** pursuant to 24 CFR § 203.604(b).  Then on June 20,

2005 by Order of Court in <u>Case No. 05-CV-4555</u> (see Exhibit A at pg. 021), said non-default

was affirmed for **FEB. 1, 2005** under HUD 'special forbearance provisions' pursuant to 12

---

[7] "To effect a taking, the federal government was required to expressly describe the interest or interests taken. Declaration of Taking Act, Pub. L. No. 71-736, ch. 307, 46 Stat. 1421 (1931) (codified as amended at 40 U.S.C.A. § 3114 (West 2005))." (**See: Norton v. Town of Long Island, 883 A.2d 889, 897 (Me. 2005)**)

1  UNSECURED CREDITORS, Doc 4157 Filed 07/04/13 at page 146 of 399, at ARTICLE VII.,

2  RECOVERY ANALYSIS incorporates AFFIDAVIT OF JAMES WHITLINGER Doc 6 Filed

3  05/14/12 at page 74 of 101, at item 170, with falsely states in pertinent parts:

A) FACT ONE:

"In their capacity as servicer, the Debtors currently are party to approximately 31,400 foreclosure proceedings. **It is my understanding that it is not uncommon for borrowers to raise defenses and related counter-claims against the Debtors in order to preserve their interest in the underlying property**. In addition, the <u>Debtors</u> may be required to bring **eviction proceedings against borrowers** or their tenants residing in properties subject to FHA guaranteed *** Loans upon which the Debtors have foreclosed. The counter-claims asserted by borrowers are or may be subject to the automatic stay under Bankruptcy Code section 362(a)."

(See: AFFIDAVIT OF JAMES WHITLINGER Doc 6 Filed 05/14/12, at page 74 of 101, at item 170)

B) FACT TWO:

"ARTICLE VII.

RECOVERY ANALYSIS

On January 31, 2013, the Debtors closed the sale of their originations and capital markets platform to Walter. **This sale also included the Fannie Mae MSR portion of the Debtors' servicing portfolio, representing approximately $43.8 billion in UPB at December 31, 2012**. On February 5, 2013, the Debtors then sold a Whole Loan Portfolio, made up of over 49,000 whole loans with $2.9 billion in UPB at December 31, 2012, to Berkshire. FinAlly, on February 15, 2013, the Debtors closed the sale of their servicing platform assets, representing approximately $175.4 billion of UPB (inclusive of master serviced loans) at December 31, 2012, to Ocwen.

Notwithstanding the significant transfer of assets included in the Platform and Legacy Sales, as of April 30, 2013, approximately $1.4 billion of non-cash assets as of April 30, 2013, after certain pro forma adjustments, remain in the Debtors' Estates to be monetized. **Most significantly, there are approximately $945 million of loans and Advances insured by the FHA or the VA that the Debtors intend to monetize for the Estate's benefit**. In addition, there are other residual financial assets to be monetized including, but not limited to, servicer Advances, non-FHA/VA Loans, trading securities, restricted cash balances, non-debtor equity interests, accounts receivable and other illiquid assets that will take some time to liquidate and ultimately yield value for the Debtors and the Estates.."

(See: Doc 4157 at page 146 of 399, Plan at ARTICLE VII., RECOVERY ANALYSIS)

C) LAW & ARGUMENT:

"The language contained in the H.U.D. mortgage servicing requirements cited by the defendants in their affirmative defenses is mandatory and expressly requires compliance. These requirements also have the force and effect of law, having been adopted as regulations pursuant to the authority conferred on H.U.D. by the United States Congress in 12 U.S.C. sections 1709(a), 1709(b)(1), 1715(b), 1715(u) (1982); and 42 U.S.C. section 3535(d) (1976)."

(See: Bankers Life Co. v. Denton, 120 Ill. App. 3d 576, 458 N.E.2d 203, 204-205 (Ill. App. Ct. 3d Dist. 1983)

It follows that H.U.D. mortgage servicing requirements intervenes for Creditor Lewis as borrowers to raise defenses (doc. 6) against the Debtors in order to preserve their interest in the underlying property as insurer under "forbearance provisions" as "affirmative defenses" which are mandatory and expressly requires compliance.

"In Banker's Life, the court found that the HUD servicing requirements were "adopted as regulations pursuant to the authority conferred on H.U.D. by the United State's Congress." 120 Ohio App.3d at 578, 458 N.E.2d 203. Accord, GMAC Mtge. of Pennsylvania, supra, 10th Dist. No. 91AP-650, 1991 WL 268742 at *6-7. In other words, the servicing requirements established by HUD were codified in the C.F.R., and were therefore determined by the court to have the force and effect of law."

(See: CitiMortgage, Inc. v. Carpenter, 2012 Ohio 1428, at P21; 2012 Ohio App. LEXIS 1230, at *16.  (Ohio Ct. App., Montgomery County Mar. 30, 2012), citing **GMAC Mortg. of Pennsylvania** v. **Gray**, 1991 Ohio App. LEXIS 6004, [*16] (Ohio Ct. App., Franklin County Dec. 10, 1991), citing Bankers Life Co. v. Denton (Ill. App. 1983), 458 N.E.2d 203, at 204-205, followed by **BAC Home Loans Servicing** v. **Taylor**, 986 N.E.2d 1028, pp. 1032-1033 (Ohio Ct. App., Summit County, 2013)

""It is the intent of the Department [of Housing and Urban Development] that no mortgagee shall commence foreclosure or acquire title to a property until the requirements of this subpart have been followed," 24 CFR 203.500; and: The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced * * *. 24 CFR 203.604 (emphasis added); Bankers Life at 578-579.In addition, the court noted that the word "shall" was used throughout the HUD requirements, indicating that the directives were mandatory in nature. Id."

**CitiMortgage, Inc. v. Carpenter, 2012 Ohio 1428, at P19; 2012 Ohio App. LEXIS 1230, at *14.  (Ohio Ct. App., Montgomery County Mar. 30, 2012)**

Objection on grounds that the sale of the Fannie Mae MSR portion of the Debtors' servicing

portfolio, representing approximately $43.8 billion in UPB at December 31, 2012 failed to

exclude approximately $5 billion dollars of uncompensated private residential aviation

easements for FHA insured properties (i.e. Lots 11 & 17 in Argyle Park Subdivision) regarding

"lead abatement" and "noise abatements" under FAA, FAR part 150 regulations and flight

operations at metropolitan airports (i.e. Metro Columbus) pursuant to 49 USC 47504(a)(2)(e),

HUD/FHA regulations and servicing requirements regulating "FHA insured Mortgages by

*Debtors in Possession*", and 5th & 14th Amendments, U.S. Const. (i.e. just compensation

clause/ due process and equal protection clauses).

(See: Doc 4157 Filed 07/04/13, at page 146 of 399)

### III. FRAUD ON THE COURT

A) FACTS:

1) The Plan [Doc. 4153] and Disclosure Statements [Doc. 4157] were proffered on July 3 &
   4, 2013 on part of counsels, i.e., "Gary S. Lee", "Lorenzo Marinuzzi", "Todd M. Goren",
   "Samantha Martin" and "Jennifer L. Marines" of MORRISON & FOERSTER LLP, and
   "Kenneth H. Eckstein", "Douglas H. Mannal", "Rachael L. Ringer" and "Stephen D.
   Zide" of KRAMER LEVIN NAFTALIS & FRANKEL LLP, as **officers of the court**;
   that

2) the Plan and Disclosure Statement is **directed to** the Honorable Martin Glenn, Judge of
   the United States Bankruptcy Court, S.D., New York, at Manhattan, as **the judicial
   machinery** itself;

3) **is intentionally false** as supported by Affidavit of Whitlinger [Doc. 6 at pg.74 of 101]
   concealing Debtor GMAC's "contrary position" for "alternative to foreclosure [see: 12
   USC §1715u(a)]" under Court Order (See and Compare Attached: Exhibit A,
   Indictment/Complaint at pg. nos.021 and 025) affirming Jan. 1, 2005 and Feb. 1, 2005
   "special forbearance" as "Affirmative Defenses" under mandatory FHA/HUD

"forbearance provisions" [see: 12 USC §§ 1715u, 1710(a)(1),(2)&(4); 24 CFR §§ 30.35(7),(10)-(14), 203.605(a) *"Duty to mitigate"*], **willfully blind to the truth** that the subject 1968 and 1975 HUD/FHA insured mortgages have "forbearance provisions" as a bar to the DOT/FAA's 1987 "takings" for PFC's [see 49 U.S.C. §§ 40101 et seq., 47111(a); 14 CFR § 158.5 "AUTHORITY TO IMPOSE PFC'S."] and prohibits GMAC's 2012 "eviction proceeding" (See Attached: Exhibit A, at 001 and 002) when the 1975 FHA mortgage (Id. at 016-018) had not been in a monetary default for 3 full monthly installments on Feb. 1, 2005 [see: Id. §1715u; Id. § 203.605(c)], or **is in reckless disregard for the truth** that the July 28, and Sept. 11, 1987 FAA/DOT letters fraudulently approved the City of Columbus' "Land Use Controls" for "Lead Pollution" from Av-gas' 'lead poisoning' on subject FHA/HUD insured private properties in Argyle Park Subdivision contrary to mandatory 'lead poisoning abatement measures' absent 'approval by the FAA, conditioned on the City of Columbus meeting the mitigation measures set forth in the conformity determination.' [see and compare: Id. at pgs. 007 and 016 under pgs. 044 and 040; 49 U.S.C. §§ 47504(a)(2)(D)&(E), 44714; 12 USC § 1715b; 24 CFR § 200.77; 40 CFR § 93.160(a)&(d) "MITIGATION OF AIR QUALITY IMPACTS."];

4) is a **positive averment** (See Docs 6, 4153 and 4157) **or a concealment** (see: Id. at pgs. 010 & 011, at pgs. 021 & 025, at pgs. 044 & 040); when one GMAC as FHA/HUD mortgage servicer is under a **duty to disclose** its *"Duty to mitigate"* (see 24 CFR § 203.605(a); 12 USC §§ 1715u), a **duty to disclose** its *"contrary position"* (see Exhibit A at pgs. 010 & 011 and 021 & 025); a **duty to disclose** Creditors Lewis' *"Affirmative Defenses"* (Compare: Exhibits B & B1, Affidavits of GMAC); and

5) **deceives the court** (state and federal) by false Disclosure [Doc. 4157] supported by EXHIBIT B, Affidavit of TIMSON in case no. 2:05-bk-75111 default date of Feb. 1, 2005 as *"contrary position"* of EXHIBIT B1, Affidavit of NIECRO in case no. 05-CV-4555 default date of Jan. 1, 2005 (see 24 CFR §§ 203.604(b), 203.605(a)).

    B) LAW & ARGUMENT:

ELEMENTS OF FRAUD ON THE COURT

*"Demjanjuk* defined fraud on the court as conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false,

willfully blind to the truth, or is in reckless disregard for the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court."

(See: Carter v. Anderson, **585 F.3d 1007, pp. 1011**; 2009 U.S. App. LEXIS 23904, p9, at HN2; citing *Demjanjuk v. Petrovsky*, **10 F.3d 338, 348 (6th Cir. 1993)**)

<u>ALLEGATION OF FRAUD ON THE COURT</u>

1) Conduct for the Debtor's Plan [Doc. 4153 at pg. 111 of 166] and Disclosure Statement [see Doc. 4157 at pg. 146 of 399] is on the part of an counsels of record of MORRISON & FOERSTER LLP, and of KRAMER LEVIN NAFTALIS & FRANKEL LLP, as **officers of the court**; that

2) is directed to the Honorable Martin Glenn, Judge [see Docs. 4153 & 4157] as the **judicial machinery itself**;

3) is **intentionally false** as the City of Columbus, Ohio is the real Debtor-In-Possession, absent title passing to the United States, for FAA/DOT approval (<u>See Attached</u>: Exhibit A, Indictment/Complaint at pg. nos. 040, 044 and 042) of 'land use controls' for borrowers' "uncompensated private residential subdivision aviation easements" on FHA/HUD insured mortgages for Lots 11 & 17 of the Argyle Park Subdivision, Columbus, Ohio (Id. at pg. 039) under 5th and 14th Amendments of the United States Constitution and FAA *"powers of eminent domain[9]"* (See: 40 USC §§ 3113, 3114), **willfully blind to the truth** that the DOT/FAA's eminent domain powers under the 5th Am., U.S. Const., and HUD/FHA's regulations[10]

---

[9] "There is no question that the federal government may take property through condemnation proceedings. "The United States may take property pursuant to its *power of eminent domain* in one of two ways: it can enter into physical possession of property without authority of a court order; or it can institute condemnation proceedings under various Acts of Congress providing authority for such takings." United States v. Dow, 357 U.S. 17, 21, 2 L. Ed. 2d 1109, 78 S. Ct. 1039 (1958). In either instance, title passes to the United States when the owner receives compensation or when the United States deposits the compensation into court. Id. at 21-22." **(See: Norton v. Town of Long Island, 883 A.2d 889, 897 (Me. 2005))**;

[10] "a mortgagor of an FHA-insured mortgage may raise as an equitable defense to foreclosure, the mortgagee's deviation from compliance with the forbearance provisions of the HUD Handbook and regulations." (See: **Fleet Real Estate Funding Corp. v. Smith, 530 A.2d 919, 923 (Pa. Super. Ct. 1987)**, followed by **BAC Home Loans Servicing v. Taylor, 986 N.E.2d 1028, pp. 1032-1033 (Ohio Ct. App., Summit County 2013)** citing **GMAC Mortgage of Pennsylvania v. Gray, 10th Dist. No. 91AP-650, 1991 Ohio App. LEXIS 6004, 1991 WL 268742, *6-7 (Dec. 10, 1991)** (concluding that plaintiff's failure to comply with HUD regulations may be raised as an *affirmative defense* to a foreclosure action).")

The Clerk of the Bankruptcy Court,
One Bowling Green,
New York, New York 10004-1408;

Chambers of the Honorable Martin Glenn, Judge

United States Bankruptcy Court for the Southern District of New York,

One Bowling Green,

New York, NY 10004

The Office of the United States Trustees, Southern District of New York,

Attn: Brian Masumoto and Michael Driscoll

U.S. Federal Office Building,

201 Varick Street, Suite 1006,

New York, New York 10014.

And by email to: lewis.kruger@gmacrescap.com, glee@mofo.com, lmarinuzzi@mofo.com,
and tgoren@mofo.com; and email to: keckstein@kramerlevin.com,
dmannal@kramerlevin.com, and szide@kramerlevin.com; And by email to:
richard.cieri@kirkland.com and ray.schrock@kirkland.com;.

Respectfully  Submitted,

Dated: 07-26-13                                    Dated: 07-26-13
Sidney T. Lewis, pro se                      Yvonne D. Lewis, pro se
1875 Alvason Avenue,                        1875 Alvason Avenue
Columbus, Ohio 43219                        Columbus, Ohio 43219
(614-940-3306)                                   (614-940-3306)

Sidney T. Lewis, pro se                      Yvonne D. Lewis, pro se
P. O. Box 247916                               P. O. Box 247916
Columbus, Ohio 43224                        Columbus, Ohio 43224
          (614-940-3306)                                   (614-940-3306)

mandate GMAC's **"Duty to mitigate"**(24 CFR § 230.605(a)&(c) states that "A mortgagee that is found to have failed to engage in loss mitigation as required under paragraph (a) of this section shall be liable for a civil money penalty as provided in § 30.35(c) of this title."), or is in **reckless disregard for the truth** that HUD/FHA's regulations provide mortgagors an *affirmative defense* to servicer GMAC's 2011 foreclosure actions for un-appraised Passenger Facility Charges known as "PFC's" [see fnt. 6, supra, at 49 U.S.C. §§ 40101 et seq., 47111(a); 14 CFR § 158.5 "AUTHORITY TO IMPOSE PFC'S."] for "flight tracks" on underlying "DOT/FHA approved uncompensated private residential subdivision aviation easements" (See Attached: Exhibit A, at pg. nos. 021, 025 and 011-013 49 U.S.C. §§ 47504(a)(2)(E) aviation easements);

4) **is a positive averment** Plan [Doc. 4153 at pg. 111 of 166] and Disclosure Statements [Doc. 4157 at pg. 146 of 399] or **a concealment** of DOT/FHA interest (Ex. A, at pg. 040) on HUD/FHA's regulated properties (Ex. A, at pg. 007-008 & 016-018) and "PFC collections, Id. § 158.5" absent "Declaration of Takings of condemnation proceedings [Id. §§ 3113, 3114]" when one debtor's counsel is under a **duty to disclose** [see Doc. 4157, pgs. 269 to 274 of 399, Article IX] that the Lewis' unresolved 1987 FHA and FAA "eminent domain" claims under the "just compensation clause" [Id. at 5th AM.] are federally protected interests [see 18 USC § 245(b)(2); 42 USC § 2000d] in a particular class under HUD "special forbearance provisions" [see 12 USC § 1715u(a)] and are <u>not</u> substantially similar to the other claims under GMAC's "SETTLEMENT, RELEASE, INJUNCTION, AND RELATED PROVISIONS" [Doc. 4157, at Art. IX] pursuant to the "special" authority conferred on H.U.D. as Congressional Delegated Authority [see 42 USC § 3535(d)[11]; 12 USC § 1715b]; and

5) **deceived the court** [Doc 4189 Filed 07/09/13, at pg.1 of 4, item 2] to set a hearing before the Honorable Martin Glenn, United States Bankruptcy Judge for the S.D. of New York, for 10:00 a.m. (ET) on August 21, 2013 in connection with DOT/FHA approved "PFC collections [Id. §§ 40101 et seq., 47111(a); Ex. A, at pg.040] on HUD/FHA's regulated properties absent "Declaration of Takings or condemnation proceedings [Id. §§ 3113, 3114]."

## CERTIFICATE OF SERVICE

We, the Creditors, Sidney T. Lewis and Yvonne D. Lewis, certify that the "STATEMENT OF FACTS IN SUPPORT OF MOTION TO VACATE AND OBJECTIONS" were served by regular U.S. Mail (postage prepaid) **on July 26, 2013** on the following parties:

_____

[11] (See: Bankers Life Co. v. Denton, 120 Ill. App. 3d 576, 458 N.E.2d 203, 204-205 (Ill. App. Ct. 3d Dist. 1983)("… the authority conferred on H.U.D. by the United States Congress in 12 U.S.C. sections 1709(a), 1709(b)(1), 1715(b), 1715(u) (1982); and 42 U.S.C. section 3535(d) (1976).");

## AUTHORITIES

### REGULATORY TAKINGS:

"To effect a taking, the federal government was required to expressly describe the interest or interests taken. Declaration of Taking Act, Pub. L. No. 71-736, ch. 307, 46 Stat. 1421 (1931) (codified as amended at 40 U.S.C.A. § 3114 (West 2005))."

**(See: Norton v. Town of Long Island, 883 A.2d 889, 897 (Me. 2005));**

It follows that in 1987 July 28, the Federal Aviation Administration (FAA) under the authority of the Department of Transportation (DOT) failed to file a ""taking implications assessment[12]"" for the AIP Grant 84-2-3-39-0025-03-85 for introduction of new "lead pollution (av-gas/auto-gas)" 14 CFR §§ 34.3(a),(b), &(e), 150 et seq., 158.7; 40 CFR §§ 86, 87.6 from moving sources in violation of the Clean Air Act, absent a Declaration of Taking under the Declaration of Taking Act, as also violation of the Dept. of Housing and Urban Development (HUD) and the Federal Housing Administration (FHA) for HUD/FHA's administration of FHA insured mortgages with mandates to eliminate old "lead pollution (lead-based paint hazards)" from stationary sources (and soil) under FHA mortgage grants. 24 CFR §§ 203.500, 35.1320(b)(2)(ii) soil-lead hazard.

### MANDATORY HUD REGULATIONS:

""under the HUD regulations, [a bank] c[an] not commence foreclosure proceedings . . . until it ha[s] complied with the regulations." Wells Fargo Bank, N.A. v. Isaacs, 1st Dist. No. C-100111, 2010 Ohio 5811, ¶ 11."

---

[12] "Pursuant to a 1988 Executive Order, executive agencies must analyze the takings implications of certain actions and must report any significant findings to the Office of Management and Budget: these reports are called **"Takings Implications Assessments."** See Cong. Budget Office, Regulatory Takings and Proposals for Change 45 (1998) (discussing Exec. Order No. 12630, 53 Fed. Reg. 8859 (1988)), available at http://www.cbo.gov/doc.cfm?index=1051&type=0&sequence=6.") (see: **Res. Invs., Inc. v. United States, 97 Fed. Cl. 545, 548, at fnt. 5, (Fed. Cl. 2011))**

(See: **BAC Home Loans Servicing v. Taylor, 986 N.E.2d 1028, pp. 1032-1033 (Ohio Ct. App., Summit County 2013)**, citing GMAC Mortgage of Pennsylvania v. Gray, 10th Dist. No. 91AP-650, 1991 Ohio App. LEXIS 6004, 1991 WL 268742, \*6-7 (Dec. 10, 1991) (concluding that plaintiff's failure to comply with HUD regulations may be raised as an affirmative defense to a foreclosure action).")

It follows that in 1987 July 28, the subject FHA insured mortgagors on FHA insured mortgages in the Argyle Park Subdivision were subjected to REGULATORY TAKINGS of their private aviation easements by the misconduct of the Federal Aviation Administration (FAA) under the authority of the Department of Transportation (DOT) in violation of the Clean Air Act, absent a Declaration of Taking and are entitled to compensation under the fifth amendment.

REGULATORY-TAKINGS LAW:

"Regulatory-Takings Law, [\*\*P33] Both the United States and the Ohio Constitutions provide that private property shall not be taken for public use without just compensation. Fifth and Fourteenth Amendments to the United States Constitution; Section 19, Article I, Ohio Constitution") following Armstrong v. United States (1960), 364 U.S. 40, 49, 80 S. Ct. 1563, 4 L. Ed. 2d 1554);"

**(See: State ex rel. R.T.G., Inc. v. State, 98 Ohio St. 3d 1 (Ohio 2002)** following Armstrong v. United States (1960), 364 U.S. 40, 49, 80 S. Ct. 1563, 4 L. Ed. 2d 1554**))**

It follows that on 2013 July 3, the subject Debtor's Disclosure Statement [Doc. 4157] and Plan [Doc. 4153] failed to disclose the non-compliance of mandatory duty of the FHA insured mortgagee, GMAC, LLC., 24 CFR 203.604(b) and failed to disclose the FAA/DOT's REGULATORY TAKINGS on FHA insured mortgages in 1987 July 28, with the illegal introduction of new "lead pollutions" as **"Takings Implication" (Res. Invs., Inc., supra.)** "…"[since] compensation is due at the time of taking" (See: **UNITED STATES v. DOW, 357 U.S. 17, 20-21 (U.S. 1958)).** (See: Attached Exhibits)

Dated: 07-26-13 _____     Dated: 07-26-13 _____
Sidney T. Lewis, pro se                              Yvonne D. Lewis, pro se

EXHIBIT
A

1  Carter Stewart,

2  United States Attorney

3  Attorney for Plaintiffs

RECEIVED

2013 JUL 17 PM 2: 28

UNITED STATES
ATTORNEY
COLUMBUS, OHIO

5              UNITED STATES DISTRICT COURT

6            FOR THE SOUTHERN DISTRICT OF OHIO

8  UNITED STATES OF AMERICA, ex rel.,        )

9  Sidney Lewis, Yvonne D. Lewis, and John   ) Criminal No.: _____

10 Doe, on behalf of themselves and all others ) (Related Cases: 2:96-cv-494; 2:06-cv-312;

11 similarly situated.                        ) 2:08-cv-75, 1042; 2:09-cv-179 & 944);

12         Plaintiffs,                        ) (Related State Cases: 98-CV-3445; 03-CV-

13      v.                                    ) 10836; 03-CV-6954; 05-CV-4555)

14 City of COLUMBUS, OHIO, et al., By         )   VIOLATIONS:

15 (1.0) RICHARD PFEIFFER City Attorney,      ) Title 18, U.S. Code, Section 242 -

16 (1.1) CHERYL ROBERTO, Asst. City Attorney,) DEPRIVATION OF RIGHTS UNDER

17                                            ) COLOR OF LAW; Title 18, U.S. Code,

18 County of FRANKLIN, Ohio (County Actors)   ) Section 245 - INTERFERENCE WITH,

19                                            ) FEDERALLY PROTECTED ACTIVITIES;

20 (2) Julie LYNCH, Putative Judge,           ) Title 18, U.S. Code, Section 2, AIDING

21                                            ) AND ABETTING; Title 18, U. S. Code

22 (3) Patrick E. SHEERAN, Putative Judge,    ) Section 1503 - OBSTRUCTION OF

23 (4) Patrick E. SHEERAN, Prosecuting Attorney,) JUSTICE; Title 18, U. S. Code, Section 3,

24                                            ) - ACCESSORY AFTER THE FACT

25 (5) John Doe;                              )

26         Defendants.                        )   Three (3) COUNTS TOTAL

27 _____                                    )   Judge: <u>Marbley</u>

29                 INDICTMENT/COMPLAINT

30 INTRODUCTION

32    The complainants charges that:

87.6)] for encumbered "*first* (FHA) *mortgage lien*[4]" on Lot 17 in the Argyle Park Subdivision being regulated under laws of the United States of America subject to Congressional Declarations of Purpose for the "Administrator of the Federal Aviation Administration" and under both Congressional Acts, ie.:

(1) the **CLEAN AIR ACT**, 42 USC CHAPTER 85 "**AIR POLLUTION PREVENTION AND CONTROL**" [See: 77 FR 36379 June 18, 2012, effective date JULY 18, 2012, (42 U.S.C. §§ 7401 et seq.; see 40 CFR § 87.6 "**AIRCRAFT SAFETY**"); and the "**NATIONAL TRANSPORTATION POLICY**", 49 USC CHAPTER 447, "**SAFETY REGULATIONS**" (49 U.S.C. §§ 44701(a)(1)[5]&(2)(A), 44714; "**REGULATIONS AND MINIMUM STANDARDS IN THE INTEREST OF SAFETY**")] and

(2) the **NATIONAL HOUSING ACT**, 42 USC CHAPTER 63, SUBCHAPTER IV- **PROHIBITION AGAINST FUTURE USE OF LEAD-BASED PAINT** [See: 42 USC §§ 4831, 4851(7)[6], 3601] and 42 USC CHAPTER 44 "**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**" [See: 42 USC §§ 3601 et seq., 3531, 2000d et seq., 4621(a)(2) & (c)(4), 4651(1)&(2)[7] "**UNIFORM POLICY ON REAL PROPERTY ACQUISITION PRACTICES**"], and 42 USC CHAPTER 63A – "**RESIDENTIAL LEAD-BASED PAINT HAZARD REDUCTION**" [See: 42 USC §§ 4851b(a)(1)[8]&(8)[9], and laws of the State of Ohio, the County of Franklin, and the City of Columbus.

---

[4]  See: 12 USC § 1707(a)(A) reads: "MORTGAGE, The term "mortgage" means (A) a first mortgage on real estate, in fee simple,***";

[5]  49 U.S.C. §§ 44701(a)(1)&(2)(A) Reads: "(a) **Promoting Safety.**— The Administrator of the Federal Aviation Administration shall promote safe flight of civil aircraft in air commerce by prescribing – (1) minimum standards required in the interest of safety for *** aircraft engines***; (2) **regulations and minimum standards in the interest of safety** for - (A) *** aircraft, aircraft engines,***";

[6]  42 U.S.C. § 4851(7) reads in pertinent parts: "The Congress finds that -(7) despite the enactment of laws in the early 1970's requiring the Federal Government to eliminate *** lead-based paint hazards in federally owned, assisted, and insured housing, the Federal response to this national crisis remains severely limited;";

[7]  42 U.S.C. § 4651(1)&(2) reads in pertinent parts: "(1) The head of a Federal agency shall make every reasonable effort to acquire expeditiously real property by negotiation. (2) Real property shall be appraised before the initiation of negotiations ***".;

[8]  42 U.S.C. § 4851b(a)(1) ABATEMENT reads in pertinent parts: "(a) The term "abatement" means any set of measures designed to permanently eliminate lead-based paint hazards in accordance with standards established by appropriate Federal agencies. Such term includes-(1) *** removal or covering of lead contaminated soil."

3.    At all times relevant to this indictment, the City Attorney, City Legal Department And City Assistant Attorney in the City of Columbus' Law Office, also known as the City District Attorney's (DA), was a law enforcement agency in the City of Columbus, Ohio, empowered to enforce "Removal of Action No. 98-CV-3445" pursuant to 28 USC § 1331 on or before <u>MAY 28, 1998</u> for purposes of compliance with the Clean Air Act [Id §§ 7401 (see 40 CFR §§ 87.6)] and "acquisition of uncompensated private subdivision aviation easements to abate "Noise and Lead Pollution" from 'flight [flight tracks] procedures' and 'airport operations' 49 USC § 47504(a)(2)(D)&(E)" in the non-attainment area of Argyle Park Subdivision "APS", consistent with the "Condemnation Proceedings Act, 40 USC § 3113" or "Declaration of Taking Act, 40 USC § 3114" as laws of the United States of America subject to the National Housing Act, [See: 12 USC §§1701, 1715u(a)[10]; 42 USC §§ 3535(d), 3601, 4621(a)(2) & (c)(4) "relocation assistance policies" & "Congressional Intent consistent with fair housing requirements and which assures all persons their rights under title VIII of the Act of April 11, 1968 (Public Law 90–284), commonly known as the Civil Rights Act of 1968 [42 USC §§ 3601 et seq.], and title VI of the Civil Rights Act of 1964 [42 USC §§ 2000d et seq.].") in the State of Ohio, the County of Franklin, and the City of Columbus.

4.    At all times relevant to this indictment, CHERYL ROBERTO, was an Assistant City Attorney[11] under then City Attorney Janet Jackson (now RICHARD PFEIFFER City Attorney), defendant(s) herein, was employed by the City of Columbus whose responsibilities included the continued supervision of court proceeding for "regulatory takings[12]" in case no. 98-CV-

---

[9]  Id.§ 4851b(8) **FEDERALLY OWNED HOUSING** reads in pertinent parts: "the term "Federal agency" includes the Department of Housing and Urban Development, ***, the Department of Transportation."
[10] "Upon default or imminent default, as defined by the Secretary of any mortgage insured under this subchapter, mortgagees shall engage in loss mitigation actions for the purpose of providing an alternative to foreclosure (including *** special forbearance, loan modification, ***) ***, as provided in regulations by the Secretary." (See: 12 USC § 1715u(a));
[11] (See: **Butz v. Economou**, 438 U.S. 478 (U.S. 1978); followed by **Crawford-El v. Britton**, 523 U.S. 574 (U.S. 1998), "see also Butz, 438 U.S. at 506 ("It is not unfair to hold liable the official who knows or should know he is acting outside the law . . . .").")
[12] "Regulatory-Takings Law, [**P33] Both the United States and the Ohio Constitutions provide that private property shall not be taken for public use without just compensation. Fifth and Fourteenth Amendments to the United States Constitution; Section 19, Article I, Ohio

1.  At all times relevant to this indictment/complaint, the Columbus Municipal Airport Authority, Aviation and Utilities Division, was an entity in the City of Columbus, Ohio, whose functions were to develop, manage, maintain, and otherwise administer Airport Improvement Grants (AIP[1]) from Passenger Facility Charges ("PFC's", see 14 CFR § 158.5) provided by the Federal Aviation Administration (FAA) for eligible persons in the City of Columbus, Ohio. These functions included the establishment of a "Noise Compatibility Program ("NCP" see 14 CFR part 150)" to provide Air and Noise Pollution Abatement services on or near Port Columbus International Airport property pursuant to the "Aviation Safety and Noise Abatement Act, 49 USC §§ 47502 to 47504" ("ASNA", see 14 CFR part 150), and the "Clean Air Act, 42 USC §§ 7401, 7571" ("CAA", see 40 CFR part 87).

2.  At all times relevant to this indictment (e.g. on <u>JULY 18, 2012</u>), the Franklin County Sheriffs Department And Franklin County Prosecuting Attorney's Office, also known as the Franklin County District Attorney's (DA), was a law enforcement agency in the Franklin County, Ohio, allegedly empowered to enforce "Federal agency" matters and "State Judicial" matters for both:

   **(A)** the <u>JULY 18, 2012</u> Writ of HABERE FACIAS aka Writ of Possession for an alleged encumbered first (conventional) mortgage liens on Lot 17 in the Argyle Park Subdivision in favor of "Mortgagee[2]/Servicer, GMAC LLC.", in Franklin County Common Pleas Court case no. 05-CV-4555 pursuant to state laws, ORC. §§ 2329.26, 2329.27(B)(1) "set aside[3]", (See: Exhibits 001 - 002, Copy of Writ of HABERE FACIAS); and,

   **(B)** the <u>JULY 18, 2012</u> (EPA) revision of citation 40 CFR part 87 "**CONTROL OF AIR POLLUTION FROM AIRCRAFT AND AIRCRAFT ENGINES**" [see attached: 75 FR 22440 April 28, 2010 "**ADVANCE NOTICE OF **** LEAD EMISSIONS FROM PISTON-ENGINE AIRCRAFT USING LEADED AVIATION GASOLINE**"; (40 CFR §

---

[1] Federal Grants (AIP Grant No. 84-2-3-39-0025-03-85, to the City of Columbus, Ohio)

[2] See: 12 USC § 1707(b) MORTGAGEE, The term "mortgagee" includes the original lender under a mortgage, and his successors and assigns approved by the Secretary;

[3] ORC. § 2329.27(B)(1) reads: "***, all sales of lands and tenements taken in execution that are made without compliance with the written notice requirements of division (A)(1)(a) of section 2329.26 of the Revised Code ,***shall be set aside**, on motion by any interested party, by the court to which the execution is returnable."

3445 for "Uncompensated Permanent Residential Subdivision Aviation Easement", whose primary mission was to inform the Franklin County Common Pleas Court of the City of Columbus's 1987-93 uncompensated "Takings" (i.e. absent "eminent domain" or "condemnation proceedings" on or before <u>JULY 18, 2012</u>) of private lands for permanent public use under "Federally Protected Activities", i.e. 42 USC CHAPTER 85, SUBCHAPTER I, eg., EPA/FAR part 87 program; FAA/FAR part 150 program; FHA/FAR part 203 et seq. program (See: 24 CFR § 203.605(a)[13] - "Loss mitigation performance"), to enforce <u>**laws**</u> prohibiting the "Taking" of land "under color of law [see 14 CFR §§ 150.21 et seq.; 24 CFR § 203.605(a)]" from "Federally Protected Activities [see 18 USC § 245(b)(2)(B)]", without just compensation paid to the homeowners under the 5th Amendment of the U.S. Constitution on or after May 28, 1998 in or about the Argyle Park Subdivision properties allegedly owned by the Columbus Municipal Airport Authority. (See: 53 FR 2800)

4. At all times relevant to this indictment, Julie LYNCH and Patrick E. SHEERAN, acts under "color of law" as Judge and/or Advocate and appear as defendants herein, were all acting in concert with "Mortgagee"/Servicer GMAC[14] LLC, to commit "**unconscionable acts**" to deprive Sidney Lewis ("child" of FHA-mortgagor ORC § 2323.52 on Lot 11, APS/son[15] of

---

Constitution; see, also, R.C. Chapter 163. The purpose of the Takings Clause is to prevent government from "forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." **Armstrong v. United States (1960), 364 U.S. 40, 49, 80 S. Ct. 1563, 4 L. Ed. 2d 1554.** [**P34] It was Justice Holmes who first recognized that "while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." Pennsylvania Coal Co. v. Mahon (1922), 260 U.S. 393, 43 S. Ct. 158, 67 L. Ed. 322." (See: **State ex rel. R.T.G., Inc. v. State, 98 Ohio St. 3d 1 (Ohio 2002), citing Armstrong v. United States (1960), 364 U.S. 40, 49, 80 S. Ct. 1563, 4 L. Ed. 2d 1554)**;

[13] 24 CFR § 203.605(a) reads: "**(a) Duty to mitigate.** Before four full monthly installments due on the mortgage have become unpaid, the mortgagee shall evaluate on a monthly basis all of the loss mitigation techniques *** to determine which is appropriate. Based upon such evaluations, the mortgagee shall take the appropriate loss mitigation action. Documentation must be maintained for the initial and all subsequent evaluations and resulting loss mitigation actions. ***"

[14] BAC Home Loans Servicing v. Taylor, 986 N.E.2d 1028, pp. 1032-1033 (Ohio Ct. App., Summit County 2013)(""under the HUD regulations, [a bank] c[an] not commence foreclosure proceedings . . . until it ha[s] complied with the regulations." Wells Fargo Bank, N.A. v. Isaacs, 1st Dist. No. C-100111, 2010 Ohio 5811, ¶ 11.")

[15] See: 12 USC § 1707(f) reads: "**(f)** The term "child" means, with respect to a mortgagor under such section, a son, stepson, daughter, or stepdaughter of such mortgagor.";

such mortgagor) and Yvonne Lewis ("original borrower" of FHA-mortgage on Lot 17, APS/ approved by the Secretary[16] of such mortgagor), plaintiffs, of "affirmative defenses" by circumventing the mandatory[17] HUD mortgage assignment procedures for FHA-insured mortgages set forth in §§ 203.650 through 203.664, as HUD handbook[18] and guidelines set forth in §§ 203.650, and HUD-promulgated C.F.R. regulations[19] set forth in §§ 203.604, and penalties set forth under 24 CFR 30.35(a) pursuant to the authority conferred on H.U.D. by the United States Congress in 12 U.S.C. §§ 1709(a), 1709(b)(1), 1715(b), 1715(u) (1982); and 42 U.S.C. §§ 3535(d) (see Denton, Supra, 458 N.E.2d 203, 204-205).    On some occasions defendants LYNCH and SHEERAN would act under a purported congressional delegated-power of the "federal agency", i.e. the Department of Housing and Urban Development or the Department of Transportation (see 42 U.S.C. § 4851b(8); 49 U.S.C. §§ 44701, 44714), or otherwise supervise compliance of abatement procedures for "Lead Emissions from Aircraft and Aircraft Engines" and "abatement/removal or covering of lead contaminated soil" (see 42 U.S.C. § 4851b(a)(1)) without a "Condemnation Proceeding" or "Declaration of Taking" (see 40 U.S.C. §§ 3113, 3114) in the aforesaid state court for companion case nos. 98- CV-3445, 03-CV-6954, 05-CV-4555, and 03-CV-10836 in connection with uncompensated easements under the 5th Amendment of the U.S. Constitution in the Argyle Park Subdivision, including,

---

[16] See: 12 USC § 1707(b) reads: "**(b)** term "mortgagor" includes the original borrower under a mortgage and his successors and assigns";

[17] "The language contained in the H.U.D. mortgage servicing requirements cited by the defendants in their affirmative defenses is <u>mandatory </u>and expressly requires compliance. These requirements also have the force and effect of law, having been adopted as regulations pursuant to the authority conferred on H.U.D. by the United States Congress in 12 U.S.C. sections 1709(a), 1709(b)(1), 1715(b), 1715(u) (1982); and 42 U.S.C. section 3535(d) (1976)." (See: Bankers Life Co. v. Denton, 120 Ill. App. 3d 576, 458 N.E.2d 203, 204-205 (Ill. App. Ct. 3d Dist. 1983)

[18] "a mortgagor of an FHA-insured mortgage may raise as an equitable defense to foreclosure, the mortgagee's deviation from compliance with the forbearance provisions of the HUD Handbook and regulations." (See: **Fleet Real Estate Funding Corp. v. Smith, 530 A.2d 919, 923 (Pa. Super. Ct. 1987)**);

[19] See: Associated East Mortg. Co. v. Young, 163 N.J. Super. 315, 327-328, <u>**394 A.2d 899, 905-906**</u> (Ch.Div. 1978) "The HUD-promulgated C.F.R. regulations were necessary to fulfill HUD's obligations under the National Housing Act. 12 U.S.C.A. § 1715b; see 515 Associates v. Newark, 424 F. Supp. 984, 991 (D.N.J. 1977) (legally binding regulations in the C.F.R. are necessary to carry out the provisions of the National Housing Act),***")

but not limited to Lots 11, 17, and 75, by failing to service FHA insured mortgages, in accordance with the requirements of 24 CFR part 203.

COUNT ONE:  *(18 U.S.C. §§ 241, 1503, 2, and 3)*

The Complainants charges that:

From approximately July 28, 1987 (see attached: **EXHIBIT 044,** FAA/DOT Letter dated July 28, 1987), to approximately July 18, 2012 (see and compare attached: **EXHIBITS 001-002,** Writ of Possession dated July 18, 2012; compare with attached: **EXHIBIT 003-005,** Revised 40 CFR part 87 dated July 18, 2012), in the City of Columbus, County of Franklin, State and Southern District of OHIO,

City Of COLUMBUS Actor:

(1.0) CHERYL ROBERTO, City Attorney,

(1.1) RICHARD PFEIFFER City Attorney,

County of FRANKLIN Actors:

(2) Julie LYNCH[20], putative Judge,

(3) Patrick E. SHEERAN, putative Judge,

(4) Pat SHEERAN, Prosecuting Attorney.

defendants herein, along with other persons known and unknown to the grand jury or complainants, and others, at all relevant times (then) were government actors from either: **(A)**

---

[20] "..all individuals, whatever their position in government, are subject to federal law: "No man in this country is so high that he is above the law. No officer of the law may set that law at defiance with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law, and are bound to obey it." United States v. Lee, 106 U.S., at 220. See also Marbury v. Madison, 1 Cranch 137 (1803); Scheuer v. Rhodes, 416 U.S., at 239-240" (See: **Butz v. Economou**, 438 U.S. 478 (U.S. 1978); followed by **Crawford-El v. Britton**, 523 U.S. 574 (U.S. 1998), "see also Butz, 438 U.S. at 506 ("It is not unfair to hold liable the official who knows or should know he is acting outside the law . . . .").")

political appointees from the Ohio Governor's office serving a political agenda for the Ohio

Executive Branch of State Government, and/or, (**B**) officer for the Franklin County Prosecuting

Attorney's Office serving a political agenda for the Executive Branch of County Government

with the Franklin County Sheriff's Department, and/or, (**C**) Judicial officer for the City of

Columbus, City Attorney's Office serving a political agenda for the Executive Branch of City

Government with the City of Columbus' Legal Department, while acting under **color of the**

**laws** of the State of OHIO, did willfully combine, conspire, and agree to financially injure,

deprive, oppress, threaten and intimidate plaintiffs, i.e. homeowners, mortgagors, original

borrowers and residents, including, but not limited to, the heirs at law 12 USC § 1707(b)&(f)

of real properties in the Argyle Park Subdivision, Lots 11, 17, & 75 "at issue" in CPC case nos.

98-CV-3445 (see attached: EXHIBITS 027 to 037 for Lot 75), 03-CV-6954 (see attached:

EXHIBITS 006 to 0014 for Lot 11), 05-CV-4555 and 03-CV-10836 (see attached: EXHIBITS

015 to 027 for Lot 17), as inhabitants of OHIO in the free exercise and enjoyment of the rights

and privileges secured to them by the Constitution and laws of the United States (**1**) to be free

from the deprivation of Property Rights without due process of law, which includes the right to

inherit real property under a FHA-Insured Mortgage (Id § 1707(b)&(f)), that is, the right to be

free from the intentional "*misuse of power*[21]", by one acting under **color of law** (42 USC §

3535(d)); (**2**) to be free from the deprivation of Property without due process of law, which

includes the right not to have "*false evidence*" of inconsistent claim in a legal proceeding with

inconsistent[22] dates of "nonmonetary default" (see 12 USC § 1710(a)(1)(ii))" on FHA-Insured

---

[21] See: *United States v. Classic, 313 U.S. 299, 326 (1941)*(misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken under color of law);

[22] "see 18 Moore's Federal Practice § 134.30, p. 134-62 (3d ed. 2000) ("The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding"); 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4477, p. 782 (1981) (hereinafter Wright) ("absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory")."(See: Jarr Loan, LLC v. Justo (In re Justo), 2010 Bankr. LEXIS 4267, at pages 9-10 (Bankr. S.D. Fla. Dec. 3, 2010));(Also See: Clark v. P&G Mfg. Co., 2006 U.S. Dist. LEXIS 95919, at pages 11-12 (W.D. Tenn. Jan. 26, 2006), ("Judicial estoppel "preserve[s] the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002) (quotation omitted). See also Reynolds v. Commissioner, 861 F.2d 469, 472 (6th Cir.1988)")

Mortgage knowingly presented by Julie LYNCH in violation of the 5th and 14th Amendments of the Constitution and laws of the United States (See and Compare: **EXHIBIT 021,** at the Court finds $53,138.32 due from **FEBRUARY 1, 2005**; Compare With: **EXHIBIT 025,** at the Court finds $53,138.32 due from **JANUARY 1, 2005**) as against them by one acting under **color of law,** and **(3)** to be free from the *"deprivation of property"* (i.e. Uncompensated Private Subdivision Aviation Easements) for abatement for "leaded aircraft emissions" and "leaded paint hazards" as air pollution [49 U.S.C. § 44714; 42 U.S.C. § 4851b(a)(1)]" in violation of the 5th, 13th and 14th Amendments of the Constitution and laws of the United States [See: **EXHIBITS 040-041 AND 044,** AIP Grant No. 84-2-3-39-0025-03-85, City of Columbus's Application to FAA for FAR part **150** submitted March 26, 1987] without due process of law by one acting under color of law, all in violation of Title *18, United States Code, Section 241.*

DATED:  June 24, 2013

COUNT TWO:   (18 U.S.C. § 242)

 The Complainants further charges that:

 On or about July 12, 2004 (see: **EXHIBIT 010,** SHEERAN, Pros. Atty.), and on Oct. 31, 2011 (see: **EXHIBIT 011,** SHEERAN, Judge), in case no. 03-CV-6954 in Columbus, OHIO, in the State and Southern District of OHIO,

                County of FRANKLIN Actor:
                        Patrick E. SHEERAN, Judge
                        Pat SHEERAN, Prosecuting Attorney.

defendant herein, Patrick E. SHEERAN[23] (see: Exhibit 010), then a prosecutor (Attorney License No. 0023425) with the Franklin County Prosecuting Attorney's Office, on behalf of

---

[23] The prosecutor's broad discretion in such areas as initiating or foregoing prosecutions, selecting or recommending specific charges, and terminating prosecutions by accepting guilty

Franklin County Sheriff's Department, for Appraisers Arthur E. Lee, Robert D. Timmons, and John L. Clarke, while acting under **color of the laws** of the State of OHIO, did willfully cause **false evidence**[24] to be presented to the Franklin County Common Pleas Court, Civil Division, during a hearing in case No. 03-CV-6954 on the County's petition for Approval of Application for Payment of Appraiser's Fees (see attached: EXHIBIT 010) charging that Sidney T. Lewis, et al., as an inhabitant of the State of OHIO, did possess an Uncompensated Aviation Easement "to run with the land" as the subject of a "sheriff's sale" for real property at 1913 Argyle Drive, in the Argyle Park Subdivision, a.k.a. Lot 11, parcel no. 010-136627-00 in connection with companion case no. 98-cv-3445, i.e. Robert Hamilton, et al. (see attached: EXHIBIT 007- 008, Hamilton's FHA Deed dated 1968), and did thereby willfully deprive heirs Sidney T. Lewis and Timothy Conley of compensation from aforesaid Permanent Residential Sub-Division Aviation Easements at lots 11 & 75 (see attached: EXHIBITS 007 & 029-030) as the right preserved and protected by the 13th and 14th Amendments of the Constitution of the United States <u>not</u> to be deprived Expectancy of Inheritance or otherwise property without *due process of law*[25], which includes the right <u>not</u> to have FALSE EVIDENCE, i.e., "Appraiser's Fees" (EXHIBIT 010) and the right to have the Av-easements "appraised before the initiation of negotiations with head of a Federal agency" (see: Fnt.7, supra) which conceals the true value of the "Uncompensated Private Aviation Easements" in violation of the 13th and 14th Amendments of the Constitution and laws of the United States; and "2011 Order of Sale" (see attached: EXHIBIT 011) which conceals the Owner, City of Columbus' 1998 Motion To Stay[26] (see attached: EXHIBIT 031 & 032), not conceding the subject "takings" of the "1992

---

pleas has been recognized on numerous occasions by the courts. (citations omitted). This discretion exists by virtue of his/her status as a member of the Executive Branch, which is charged under the Constitution with ensuring that the laws of the United States be "faithfully executed." U.S. Const. Art. § 3. *See Nader v. Saxbe*, 497 F.2d 676, 679 n. 18 (D.C. Cir. 1974);

[24] "No matter what the evidence was against him, he had the right to have an impartial judge. The judgment of the Supreme Court of Ohio must be reversed and the cause remanded for further proceedings not inconsistent with this opinion." (See: Tumey v. Ohio, 273 U.S. 510, 535 (U.S. 1927))

[25] "***But it certainly violates the Fourteenth Amendment, and deprives a defendant in a *** case of due process of law, to subject his liberty or property to the judgment of a court the judge of which has a direct, personal, substantial, pecuniary interest in reaching a conclusion against him in his case." (See: **Tumey v. Ohio, 273 U.S. 510, 523 (U.S. 1927)**);

[26] "Although in both classes of "taking" cases -- condemnation and physical seizure -- **title to the property passes to the Government only when the owner receives compensation**, see

cause false evidence to be continually used by the Franklin County Common Pleas Court to prevent "set asides" of "Order of Sale" case No. 03-cv-6954 (see: **EXHIBIT 011)** and "Order of Foreclosure" case No. 05-cv-4555 (see: **EXHIBITS 024 TO 027)** in connection with false Motions in case No. 98-cv-3445 (see: **EXHIBIT 032)** on the City's "Motion To Dismiss" charging that the Class Action Plaintiffs, Sidney Lewis and Robert Hamilton failed to state a claim upon which relief can be granted by allegations of a "takings" of uncompensated lands, under the 5th Amendment's "Just Compensation Clause", i.e. the "Permanent Residential Subdivision Aviation Easements" for the "at issue" Argyle Park Subdivision, at Lots 11, 17 & 75, in connection with three (3) Federally Protected Activities: **(1)** regulated FAA, FAR part 150 program (14 C.F.R. §§150 et seq., 158.5); and **(2)** a regulated 24 FAR part 203 FHA Insured mortgage loan program **(24 C.F.R § 203.604**); And **(3)** regulated EPA, 40 FAR part 87 program (40 C.F.R. §§ 87.6; **14 CFR 34.3**(e)&(f)); related to companion case no. 03-cv-6954, i.e. Bettie Hamilton and Robert Hamilton at Lot 11, then inhabitants of the State of OHIO, did possess 100% Fee Simple Interest (see: 12 USC § 1707(a)(A)) in the FHA Insured mortgage program related to the subject Private Subdivision Aviation Easement(s) for mortgage or sale, and did thereby willfully deprive the Heirs at Law of the right preserved and protected by the 5th, 13th and 14th Amendments of the Constitution of the United States not to be deprived of Expectancy of Property (Inheritance Right) by Inheritance without due process of law, which includes the right not to have false evidence intentionally presented to conceal equitable interests of Bettie Hamilton and Robert Hamilton in "Uncompensated Permanent Residential Subdivision Aviation Easement" for Lot 11, Argyle Park Subdivision, at an official proceeding in case No. 98-cv-3445 as judicial estoppel by one CHERYL ROBERTO and the City of Columbus' Legal Department, while acting under **color of law,** all in violation of Title *18, United States Code, Section 242, 1503, 245, 3, 2.*

## DOCTRINE OF JUDICIAL ESTOPPEL

""*The doctrine of judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position 'either as a preliminary matter or as part of a final disposition.'*" Browning, *283 F.3d at 775 (quoting Teledyne, 911 F.2d at 1218).* "

Subdivision Aviation Easement" for Argyle Park Subdivision properties (see attached: EXHIBIT 039), in violation of the 5th, 13th and 14th Amendments of the Constitution and laws of the United States as intentionally presented against the FHA insured mortgagors and the FHA insured mortgagor's heirs at law (Id § 1707(b)&(f)) as indispensable parties at official (companion) proceedings No. 98-CV-3445, No. 03-CV-10836, No. 05-CV-4555 and 03-CV-6954 by Patrick E. SHEERAN[27] (see: EXHIBIT 011), then a biased Judge, as one acting under color of law, all in violation of Title *18, United States Code, Section 242.*

DATED: June 24, 2013

COUNT THREE:    (18 U.S.C. §§ 242, 1503, 245, 3, 2)

The Complainants further charges that:

On or about JULY 18, 2012 (under ORC. §2329.27(B)(1)), in Columbus, OHIO, in the State and Southern District of OHIO,

City Of COLUMBUS Actors:
    (1) CHERYL ROBERTO, and
    (1.0) RICHARD PFEIFFER City Attorney,
defendant herein City of COLUMBUS, by RICHARD PFEIFFER City Attorney and CHERYL ROBERTO Asst. City Attorney (Attorney License No. 0039036), then an officer with the municipal corporation/political subdivision, in the City of Columbus' Legal Department, Executive Branch, while acting under **color of the laws** of the State of OHIO, did willfully

---

Albert Hanson Lumber Co. v. United States, 261 U.S. 581, 587, or when the compensation is deposited into court pursuant to the Taking Act, see infra, the passage of title does not necessarily determine the date of "taking."" **(See: United States v. Dow, 357 U.S. 17, 21-22, 2 L. Ed. 2d 1109, 78 S. Ct. 1039 (1958));**

[27] The Ohio Constitution, **§ 4.18** Powers and jurisdiction: "The several judges of the Supreme Court, of the common pleas, and of such other courts as may be created, shall, respectively, have and exercise such power and jurisdiction, at chambers, or otherwise, as may be directed by law."

*(See: Lorillard Tobacco Co. v. Chester, Willcox & Saxbe, LLP, 546 F.3d 752 (6th Cir. Ohio 2008), citing New Hampshire v. Maine, 532 U.S. 742, 750, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) (quotations and citation omitted): followed by Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002), quoting Teledyne Indus., Inc. v. Nat'l Labor Relations Board, 911 F.2d 1214, 1217-18 (6th Cir. 1990).)*

DATED:  July 17, 2013


                    A TRUE BILL


             _____          GRAND JURY FOREPERSON

_____

Carter Stewart

United States Attorney

Southern District of Ohio

(Approved as to Form _____)


         AUSA:


Approved:


Dated: 07-17-13 _Sidney Lewis_          Dated: 07-17-13 _Yvonne D. Lewis_
         Sidney T. Lewis, pro se                  Yvonne D. Lewis, pro se
         1875 Alvason Avenue,                     1875 Alvason Avenue
         Columbus, Ohio 43219                     Columbus, Ohio 43219
         (614-940-3306)                           (614-940-3306)


         Sidney T. Lewis, pro se                  Yvonne D. Lewis, pro se
         P. O. Box 247916                         P. O. Box 247916
         Columbus, Ohio 43224                     Columbus, Ohio 43224
              (614-940-3306)                           (614-940-3306)