EXHIBITS

001 Thr 044

E1672 – A4                                                        COC-CV-46-A REV. 12/99

# HABERE FACIAS

Rev. Code Sec. 2327.02

05CV4555

The State of Ohio, Franklin County, ss.                    To the Sheriff of Said County:

WHEREAS, at the 06-4 _____ Term, A.D. 20 12 _____ of the Court of Common

Pleas of the County and State aforesaid, GMAC MORTGAGE CORPORATION

_____

_____

recovered against YVONNE D LEWIS AKA YVONNE D WEBB-LEWIS _____

1875 ALVASON AVE _____

COLUMBUS, OH 43219 _____

the right to the possession of the real property as set forth in said order and decree, and which is described as

follows:

BEING LOT NUMBER SEVENTEEN OF ARGYLE PARK SUBDIVISION, IN PLAT BOOK 36,

PAGE 6 RECORDER'S OFFICE, FRANKLIN COUNTY, OHIO.

PARCEL NO. 010-136633-00

ADDRESS: 1875 ALVASON AVE., COLS, OH 43219

PACEL NO. 010-136633-00

E1672 - A5

*YOU ARE THEREFORE COMMANDED, to deliver the possession of the real property aforesaid to the plaintiff* GMAC MORTGAGE CORPORATION

*and that the goods and chattels, and for want thereof, then of the lands and tenements of the Defendant* YVONNE D LEWIS AKA YVONNE D WEBB-LEWIS

*you cause to be made the sum of $_____ damages for withholding the possession, and $ 40.00 the cost herein _____ and that you make due return of this writ within sixty days, with your proceedings under the same duly endorsed thereon.*

*WITNESS my hand and the seal of said Court at* Columbus, Ohio, this 16TH _____ day of JULY _____ 20 12 .

MARYELLEN O'SHAUGHNESSY _____ Clerk

By ALBERTA MCDOWELL _____ Deputy

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2002 SEP 10 AM 9: 05
CLERK OF COURTS

The State of Ohio, Franklin County, ss.    SHERIFF's RETURN

Received this writ July 18 A.D. 20 12 , at 11:33 o'clock A M. and pursuant to its command On 7-20-12, notice was posted at address listed within to vacate by 8-10-12 On 8-15-12 Geo - EVR notice posted, On 8-24-12 Evir. complete. Prop. restored to Plaintiff. Writ returned per Plaintiff's Atty on 9-4-12

| SHERIFF's FEES | Dolls. | Cts |
|---|---|---|
| Service 3 X 8 | 10 | — |
| Mileage | 85 | — |
| Return | | |
| Total | 85 | — |

Writ returned per Plaintiff's Atty
Zach Scott,
Sheriff Of Franklin County, OH

By _____ Deputy

No. 05CV4555
Doc. _____ Page _____
COMMON PLEAS COURT
FRANKLIN County, O.
GMAC MORTGAGE CORPORATION    Plaintiff
VS.
YVONNE D LEWIS ET AL.
1875 ALVASON AVE
COLUMBUS, OH 43219
et al. Defendants

HABERE FACIAS

Issued 07-17    20 12

7-20-12 POSTED TO VACATE BY 8-10-12
8-15-12 OCCUPIED, NEEDS SET-OUT,
8-24-12 EVICTION COMPLETE

ANDREW C CLARK 83519    Atty

PO BOX _____ 5028 (614) _____

✓

002



# SUBCHAPTER C—AIR PROGRAMS (CONTINUED)

## PART 87—CONTROL OF AIR POLLUTION FROM AIRCRAFT AND AIRCRAFT ENGINES

### Subpart A—General Provisions

Sec.
87.1    Definitions.
87.2    Acronyms and abbreviations.
87.3    General requirements.
87.4    [Reserved]
87.5    Special test procedures.
87.6    Aircraft safety.
87.7    Exemptions.
87.8    Incorporation by reference.

### Subpart B—Engine Fuel Venting Emissions (New and In-Use Aircraft Gas Turbine Engines)

87.10    Applicability.
87.11    Standard for fuel venting emissions.

### Subpart C—Exhaust Emissions (New Aircraft Gas Turbine Engines)

87.20    Applicability.
87.21    Standards for exhaust emissions.
87.23    Exhaust emission standards for Tier 6 and Tier 8 engines.

### Subpart D—Exhaust Emissions (In-Use Aircraft Gas Turbine Engines)

87.30    Applicability.
87.31    Standards for exhaust emissions.

### Subpart E—Certification Provisions

87.40    General certification requirement.
87.42    Production report to EPA.
87.46    Recordkeeping.
87.48    Derivative engines for emissions certification purposes.

### Subpart F—Exemptions and Exceptions

87.50    Exemptions and exceptions.

### Subpart G—Test Procedures

87.60    Introduction.
87.61    Turbine fuel specifications.
87.62    Test procedure (propulsion engines).
87.63    [Reserved]
87.64    Sampling and analytical procedures for measuring gaseous exhaust emissions.
87.65–87.70    [Reserved]
87.71    Compliance with gaseous emission standards.

### Subpart H—Test Procedures for Engine Smoke Emissions (Aircraft Gas Turbine Engines)

87.80    Introduction.
87.81    Fuel specifications.
87.82    Sampling and analytical procedures for measuring smoke exhaust emissions.
87.83–87.88    [Reserved]
87.89    Compliance with smoke emission standards.

AUTHORITY: 42 U.S.C. 7401–7671q.

EFFECTIVE DATE NOTE: At 77 FR 36379, June 18, 2012, the authority citation for part 87 was revised, effective July 18, 2012. For the convenience of the user, the revised text is set forth as follows:

AUTHORITY: 42 U.S.C. 7401 et seq.

SOURCE: 47 FR 58470, Dec. 30, 1982, unless otherwise noted.

## Subpart A—General Provisions

### §87.1  Definitions.

(a) As used in this part, all terms not defined herein shall have the meaning given them in the Act:

*Act* means the Clean Air Act, as amended (42 U.S.C. 7401 et seq.).

*Administrator* means the Administrator of the Environmental Protection Agency and any other officer or employee of the Environmental Protection Agency to whom authority involved may be delegated.

*Aircraft* means any airplane for which a U.S. standard airworthiness certificate or equivalent foreign airworthiness certificate is issued.

*Aircraft engine* means a propulsion engine which is installed in or which is manufactured for installation in an aircraft.

*Aircraft gas turbine engine* means a turboprop, turbofan, or turbojet aircraft engine.

*Class TP* means all aircraft turboprop engines.

*Class TF* means all turbofan or turbojet aircraft engines or aircraft engines designed for applications that otherwise would have been fulfilled by turbojet and turbofan engines except engines of class T3, T8, and TSS.

*Class T3* means all aircraft gas turbine engines of the JT3D model family.

*Class T8* means all aircraft gas turbine engines of the JT8D model family.

*Class TSS* means all aircraft gas turbine engines employed for propulsion of aircraft designed to operate at supersonic flight speeds.

*Commercial aircraft engine* means any aircraft engine used or intended for use by an "air carrier," (including those engaged in "intrastate air transportation") or a "commercial operator" (including those engaged in "intrastate air transportation") as these terms are defined in the Federal Aviation Act and the Federal Aviation Regulations.

*Commercial aircraft gas turbine engine* means a turboprop, turbofan, or turbojet commercial aircraft engine.

*Emission measurement system* means all of the equipment necessary to transport and measure the level of emissions. This includes the sample system and the instrumentation system.

*Engine Model* means all commercial aircraft turbine engines which are of the same general series, displacement, and design characteristics and are usually approved under the same type certificate.

*Exhaust emissions* means substances emitted to the atmosphere from the exhaust discharge nozzle of an aircraft or aircraft engine.

*Fuel venting emissions* means raw fuel, exclusive of hydrocarbons in the exhaust emissions, discharged from aircraft gas turbine engines during all normal ground and flight operations.

*In-use aircraft gas turbine engine* means an aircraft gas turbine engine which is in service.

*New aircraft turbine engine* means an aircraft gas turbine engine which has never been in service.

*Power setting* means the power or thrust output of an engine in terms of kilonewtons thrust for turbojet and turbofan engines and shaft power in terms of kilowatts for turboprop engines.

*Rated output (rO)* means the maximum power/thrust available for take-off at standard day conditions as approved for the engine by the Federal Aviation Administration, including re-heat contribution where applicable, but excluding any contribution due to water injection.

*Rated pressure ratio (rPR)* means the ratio between the combustor inlet pressure and the engine inlet pressure achieved by an engine operating at rated output.

*Sample system* means the system which provides for the transportation of the gaseous emission sample from the sample probe to the inlet of the instrumentation system.

*Secretary* means the Secretary of Transportation and any other officer or employee of the Department of Transportation to whom the authority involved may be delegated.

*Shaft power* means only the measured shaft power output of a turboprop engine.

*Smoke* means the matter in exhaust emissions which obscures the transmission of light.

*Smoke number (SN)* means the dimensionless term quantifying smoke emissions.

*Standard day conditions* means standard ambient conditions as described in the United States Standard Atmosphere, 1976, (i.e., Temperature =15 °C, specific humidity =0.00 kg/ $H_2$ O/kg dry air, and pressure =101325 Pa.)

*Taxi/idle (in)* means those aircraft operations involving taxi and idle between the time of landing roll-out and final shutdown of all propulsion engines.

*Taxi/idle (out)* means those aircraft operations involving taxi and idle between the time of initial starting of the propulsion engine(s) used for the taxi and turn on to duty runway.

[47 FR 58470, Dec. 30, 1982, as amended at 49 FR 31875, Aug. 9, 1984; 62 FR 25365, May 8, 1997]

EFFECTIVE DATE NOTE: At 77 FR 36379, June 18, 2012, §87.1 was revised, effective July 18, 2012. For the convenience of the user, the revised text is set forth as follows:

**§ 87.1   Definitions.**

The definitions in this section apply to this part. The definitions apply to all subparts. Any terms not defined in this section have the meaning given in the Clean Air Act. The definitions follow:

*Act* means the Clean Air Act, as amended (42 U.S.C. 7401 et seq.)

§87.6                                                                 40 CFR Ch. I (7–1–12 Edition)

the Secretary shall consult with the other.

EFFECTIVE DATE NOTE: At 77 FR 36381, June 18, 2012, §87.5 was removed, effective July 18, 2012.

§87.6  Aircraft safety.

The provisions of this part will be revised if at any time the Secretary determines that an emission standard cannot be met within the specified time without creating a safety hazard.

EFFECTIVE DATE NOTE: At 77 FR 36381, June 18, 2012, §87.6 was revised, effective July 18, 2012. For the convenience of the user, the revised text is set forth as follows:

§87.6  Aircraft safety.

The provisions of this part will be revised if at any time the DOT Secretary determines that an emission standard cannot be met within the specified time without creating a hazard to aircraft safety.

§87.7  Exemptions.

(a) *Exemptions based on flights for short durations at infrequent intervals.* The emission standards of this part do not apply to engines which power aircraft operated in the United States for short durations at infrequent intervals. Such operations are limited to:

(1) Flights of an aircraft for the purpose of export to a foreign country, including any flights essential to demonstrate the integrity of an aircraft prior to its flight to a point outside the United States.

(2) Flights to a base where repairs, alterations or maintenance are to be performed, or to a point of storage, and flights for the purpose of returning an aircraft to service.

(3) Official visits by representatives of foreign governments.

(4) Other flights the Secretary determines, after consultation with the Administrator, to be for short durations at infrequent intervals. A request for such a determination shall be made before the flight takes place.

(b) *Exemptions for very low production models.* The emissions standards of this part do not apply to engines of very low total production after the date of applicability. For the purpose of this part, "very low production" is limited to a maximum total production for United States civil aviation applica-

tions of no more than 200 units covered by the same type certificate after January 1, 1984.

(c) *Exemptions for New Engines in Other Categories.* The emissions standards of this part do not apply to engines for which the Secretary determines, with the concurrence of the Administrator, that application of any standard under §87.21 is not justified, based upon consideration of:

(1) Adverse economic impact on the manufacturer.

(2) Adverse economic impact on the aircraft and airline industries at large.

(3) Equity in administering the standards among all economically competing parties.

(4) Public health and welfare effects.

(5) Other factors which the Secretary, after consultation with the Administrator, may deem relevant to the case in question.

(d) *Time Limited Exemptions for In Use Engines.* The emissions standards of this part do not apply to aircraft or aircraft engines for time periods which the Secretary determines, with the concurrence of the Administrator, that any applicable standard under §87.11(a), §87.31(a), or §87.31(c), should not be applied based upon consideration of the following:

(1) Documentation demonstrating that all good faith efforts to achieve compliance with such standard have been made.

(2) Documentation demonstrating that the inability to comply with such standard is due to circumstances beyond the control of the owner or operator of the aircraft.

(3) A plan in which the owner or operator of the aircraft shows that he will achieve compliance in the shortest time which is feasible.

(4) Applications for a determination that any requirements of §87.11(a), §87.31(a) or §87.31(c) do not apply shall be submitted in duplicate to the Secretary in accordance with procedures established by the Secretary.

(e) The Secretary shall publish in the FEDERAL REGISTER the name of the organization to whom exemptions are granted and the period of such exemptions.

(f) No state or political subdivision thereof may attempt to enforce a

Environmental Protection Agency

standard respecting emissions from an aircraft or engine if such aircraft or engine has been exempted from such standard under this part.

[47 FR 58470, Dec. 30, 1982, as amended at 49 FR 31875, Aug. 9, 1984; 49 FR 41002, Oct. 16, 1984; 70 FR 69686, Nov. 17, 2005]

EFFECTIVE DATE NOTE: At 77 FR 36381, June 18, 2012, §87.7 was removed, effective July 18, 2012.

§87.8  Incorporation by reference.

We have incorporated by reference the documents listed in this section. The Director of the Federal Register approved the incorporation by reference as prescribed in 5 U.S.C. 552(a) and 1 CFR part 51. Anyone may inspect copies at the U.S. EPA, Air and Radiation Docket and Information Center, 1301 Constitution Ave., NW., Room B102, EPA West Building, Washington, DC 20460 or at the National Archives and Records Administration (NARA). For information on the availability of this material at NARA, call 202–741–6030, or go to: *http://www.archives.gov/ federal_register/ code_of_federal_regulations/ ibr_locations.html.*

(a) *ICAO material.* Table 1 of §87.8 lists material from the International Civil Aviation Organization that we have incorporated by reference. The first column lists the number and name of the material. The second column lists the sections of this part where we reference it. Anyone may purchase copies of these materials from the International Civil Aviation Organization, Document Sales Unit, 999 University Street, Montreal, Quebec, Canada H3C 5H7. Table 1 follows:

TABLE 1 OF §87.8—ICAO MATERIALS

| Document number and name | Part 87 reference |
|---|---|
| International Civil Aviation Organization Annex 16, Environmental Protection, Volume II, Aircraft Engine Emissions, Second Edition, July 1993, including Amendment 3 of March 20, 1997 (as indicated in footnoted pages.) | 87.6, 87.64, 87.71, 87.82, 87.89. |

(b) [Reserved]

[70 FR 69686, Nov. 17, 2005]

EFFECTIVE DATE NOTE: At 77 FR 36381, June 18, 2012, §87.8 was revised, effective July 18, 2012. For the convenience of the user, the revised text is set forth as follows:

10

005

LOT 11
1913 ARGYLE DRIVE
COLS., OH 43219

006

Deed for Ohio

VOL 2870 PAGE 402    403-012598-203
                                                1195

KNOW ALL MEN BY THESE PRESENTS, THAT, Robert C. Weaver    Secretary of
Housing and Urban Development, of Washington, D. C., acting by and through
the Federal Housing Commissioner, (hereinafter referred to as "Grantor")
who acquired title by deed recorded in Deed Book Volume 2052    Page
Recorder's Office, Franklin    County, Ohio, for and in consideration of
ONE DOLLAR ($1.00) to him paid by    Robert Hamilton and Betty Hamilton
                                (hereinafter referred to as "Grantee(s)",)
whose tax mailing address will be    1913 Argyle Dr., Columbus, Ohio
the receipt of which is hereby acknowledged, and other good and valuable con-
sideration, does hereby grant, bargain, sell and convey to said Robert Hamilton
& Betty Hamilton    and to the heirs and assigns of said Grantee(s)
forever the following REAL ESTATE, situated in the City of Columbus, County of Franklin
and State of Ohio and bounded and described as follows, to wit:

    Being Lot No. 11 of Argyle Park Subdivision, as the same
    is numbered and delineated upon the recorded plat thereof,
    of record in Plat Book 36, Page 6, Recorder's Office, Franklin
    County, Ohio.




TRANSFER TAX EXEMPT
By ____
ARCH J. WARREN
FRANKLIN COUNTY, AUDITOR

TRANSFERRED
JAN 23 1968
ARCH J. WARREN

JAN 23 1968

Received JAN 23 1968    in Franklin County
Recorded
JAMES A. SCHAEFER, Recorder
Recorder's Fee $ 2.00

    BEING the same property acquired by the grantor pursuant to the pro-
visions of the National Housing Act, as amended (12 USC 1701 et seq.) and
the Department of Housing and Urban Development Act (79 Stat. 667).

    SUBJECT TO ALL covenants, restrictions, reservations, easements, condi-
tions and rights appearing of record; and SUBJECT to any state of facts an
accurate survey would show.

    TO HAVE AND TO HOLD said premises, with the appurtenances thereunto
belonging, to the said Grantee(s), and to the heirs and assigns of said
Grantee(s), forever,

    AND THE SAID GRANTOR, and his successors hereby covenants with the
said Grantee(s), and the heirs and assigns of said Grantee(s), that said
premises are free and clear from all encumbrances whatsoever, by, from,
through or under said Grantor, EXCEPT restrictions, easements, rights,
reservations, exceptions, limitations, agreements, covenants and conditions
of record; and EXCEPT any state of facts which would be disclosed by an
accurate survey of the premises herein conveyed,

209



007

VOL 2870 PAGE 403   NO.9-012598-203

-2-

SAID GRANTOR, and his successors, hereby further covenants that said Grantor, and his successors will FOREVER WARRANT AND DEFEND the same with the appurtenances thereunto belonging, unto said Grantee(s), and the heirs and assigns of said Grantee(s), against the lawful claims of all persons claiming by, from, through or under the said Grantor herein.

IN WITNESS WHEREOF the undersigned on January 2, 1968, has set his hand and seal as Field Office Assistant Director, FHA Field Office, Columbus, Ohio, for and on behalf of the said Secretary of Housing and Urban Development, under authority and by virtue of the Code of Federal Regulations, Title 24, Chapter II, Part 200, Subpart D.

Robert C. Weaver

Secretary of Housing and Urban Development

Signed, acknowledged and de-
livered in the presence of:                    By: Federal Housing Commissioner

_____               By: _____ (SEAL)
                                                 Edwin B. Davis   Assistant Director
_____               Field Office
                                            FHA Field Office,   Columbus   , Ohio


STATE OF OHIO          }
COUNTY OF   Franklin   }  ss

Before me, the undersigned, a notary public in and for the said State and County, personally appeared the above named   Edwin B. Davis   who is personally well known to me and known to me to be the duly appointed Field Office Assistant Director   , FHA Field Office,   Columbus   , Ohio, and the person who executed the foregoing instrument bearing date of   January 2, 1968   by virtue of the authority vested in him by the Code of Federal Regulations, Title 24, Chapter II, Part 200, Subpart D, and acknowledged the signing thereof, and that such signing was freely and voluntarily performed, as his free act and deed as Field Office Assistant Director   for and on behalf of   Robert C. Weaver   , Secretary of Housing and Urban Development, for the uses and purposes therein mentioned.

In testimony whereof, I have hereunto signed my name and affixed my official seal this   2nd   day of January 1968.

_____
Notary Public

*The form of this instrument was prepared by the Office of the General Counsel of the Federal Housing Administration, and the material in the blank space in the form was inserted by or under the direction of ELMER E. HOLLEY, Chief, Home Mortgage Section, Office of the General Counsel, Federal Housing Administration, Washington, D. C. 20411.*



008

11169719

WHEN RECORDED MAIL TO:
THE LOMAS & NETTLETON COMPANY
ATTENTION: TERI WIMBERLY
1600 VICEROY DRIVE
DALLAS, TEXAS 75235

THIS INSTRUMENT WAS PREPARED BY:
Jeanne V. Bryant
THE LOMAS & NETTLETON COMPANY
1600 VICEROY DRIVE
DALLAS, TX  75235

013620

ASSIGNMENT OF MORTGAGE
STATE OF OHIO

STATE OF OHIO           )          Pool Number:   2346
COUNTY OF FRANKLIN      )          Loan Number:   01-34-25957

KNOW ALL MEN BY THESE PRESENTS, THE LOMAS & NETTLETON COMPANY, the Assignor named for and in consideration of the sum of One Dollar ($1.00), lawful money of the United States of America, to it in hand paid by FLEET MORTGAGE CORP., A RHODE ISLAND CORPORATION, at or before ensealing and delivery of these presents do grant, bargain, sell, assign, transfer, and set over unto the said FLEET MORTGAGE CORP., A RHODE ISLAND CORPORATION, 125 EAST WELLS ST., MILWAUKEE, WI  53203, Assignee, and its successors and assigns, the following stated Mortgage executed by ROBERT HAMILTON AND BETTY HAMILTON, HUSBAND AND WIFE, as Grantor(s), 1913 ARGYLE DR., COLUMBUS, OH 43219, to FEDERAL NATIONAL MORTGAGE ASSOCIATION, as Grantee, dated JANUARY 23, 1949, and recorded on JANUARY 29, 1969, as Instrument No. 857, in Mortgage Book 2911, Page 487, in the Recorder's Office of FRANKLIN County, State of Ohio, to secure payment of the sum of THIRTEEN THOUSAND FOUR HUNDRED FIFTY AND NO/100 DOLLARS ($13,450.00), together with all the rights, remedies, incidents and appurtenances thereunto belonging, or in anywise appertaining, and all the right, title, interest, estate, property, claim, and demand whatsoever of, in and to the same, and the premises therein described together with the bond or obligation in said Indenture of Mortgage mentioned, and thereby intended to be secured, and the warrant of attorney to confess judgement thereto annexed, and all moneys due and to grow due therefrom.

TO HAVE AND TO HOLD the same unto the said FLEET MORTGAGE CORP., A RHODE ISLAND CORPORATION, and its successors and assigns, to their proper use and behalf, subject to the provision or condition of redemption in said Indenture of Mortgage contained, and direct the recorder of said County to note upon the margin of the record of said Mortgage, this Assignment thereof.

IN WITNESS WHEREOF, the said Corporation has caused its Common and Corporate Seal to be affixed to this instrument by the hand of VICKI J. GILHOOLY, VICE PRESIDENT, and the same to be duly attested by its ASSISTANT SECRETARY this 31st day of July, A.D., 1987.

THE LOMAS & NETTLETON COMPANY

By:
   VICKI J. GILHOOLY,
   VICE PRESIDENT

ATTESTED BY:

BARBARA ANDERSON
ASSISTANT SECRETARY

FEB 12 1988

STATE OF TEXAS          )
COUNTY OF DALLAS        )

ON THE 31st day of July anno Domini, 1987, before me, the subscriber, a Notary Public, notarizing in and for the State of Texas, County of Dallas, personally appeared BARBARA ANDERSON, ASSISTANT SECRETARY of the said THE LOMAS & NETTLETON COMPANY who being duly sworn did depose and say ... ASSIGNMENT OF ... same use as ASSISTANT ... GILHOOLY, VICE PRESIDENT ... Corporation, in pursuance of a resolution ... Board of Directors thereof, and that the names of the said VICKI J. GILHOOLY, VICE PRESIDENT, and of himself deponent as ASSISTANT SECRETARY thereto ... thereof, are in their proper ...

My Commission Expires ...

009

# IN THE COURT OF COMMON PLEAS, FRANKLIN COUNTY, OHIO
## CIVIL DIVISION

GMAC Mortgage Company
Plaintiff,

A5456H11

V.

Case No. 03CVE06 6954

Sidney T Lewis et al
Defendant(s),

Judge Travis

## APPROVAL OF APPLICATION FOR PAYMENT OF APPRAISER'S FEES

Upon application of James A. Karnes, Sheriff of Franklin County, Ohio, for allowance of appraiser's fees in the total amount of $180.00, the Court being duly advised, agrees that the application should be allowed and the following named appraisers shall be paid the sum of $60.00 each for their services: Arthur E Lee, Robert D Timmons, John L Clarke.

Judge, Franklin County Common Pleas Court

Approved:

Patrick E. Sheeran #0023425
Assistant Prosecuting Attorney
373 South High Street, 15th Floor
Columbus, Ohio 43215, (614) 462-3520

ON COMPUTER

2

010

E1410 0 E1                    *Plures*

# ORDER OF SALE

---

**GMAC Mortgage Company**
_____
                        **PLAINTIFF**

                -vs-

Sidney Lewis, et al.
_____
                        **DEFENDANT**

CASE NO. 03 CVE 06 6954 _____
JUDGE Patrick E. Sheeran _____
ACTION CODE NO. 6030 _____
COMPLAINT FILED 06/17/2003 _____

**THE STATE OF OHIO,**          )  **To the Sheriff of said County, Greetings:**
**Franklin County, ss**         )

      WHEREAS, at a term of the Court of Common Pleas, held at Columbus, in and for said County on the ___19th___ day of ___Sept___ 20_03_ A.D. in this cause it was ordered, adjudged and decreed as follows, to wit:

      That an order of sale issued to the Sheriff of said County, directing him to ___appraise, advertise___ and sell as upon execution the following described premises to wit:

### PLEASE SEE ATTACHED SHEET

RECEIVED OF
FRANKLIN COUNTY SHERIFF
2011 JUL 27  AM 8: 55

PARCEL NO. _010-136627-00_  ADDRESS _1913 Argyle Drive, Columbus, OH 43219_____

    WE THEREFORE COMMAND YOU, That you proceed to carry out said order, judgment and decree into execution agreeable to the tenor thereof, and that you expose to sale the above described Real Estate, under the Statute regulating sales on Execution, and that you apply the proceeds of such sale in satisfaction of said judgment and decree, with costs and interest, as specified therein; and that you make report of your proceedings herein; to our Court of Common Pleas within sixty days from date hereof, and bring this order with you. And I certify under seal of this Court that the description of the property herein is correctly copied from the records on file in this office.

    WITNESS my signature as Clerk of our said Court of Common Pleas, and the seal of said Court at Columbus, this ___26th__ day of ___July_____ ,20_11_ A.D. John O'Grady, Clerk by _____ Deputy.
COC-CV-82 (Rev. 2-2001)

FILED
COMMON PLEAS COURT
FRANKLIN CO. OHIO
2011 OCT 31  PM 12: 42
CLERK OF COURTS

Ref# 03-0741/F1/jjc

_O 11_

E1410 - E2

## LEGAL DESCRIPTION

Situated in the County of Franklin, in the State of Ohio, and in the City of Columbus:

Being all of Lot No. Eleven (11) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, Page 6, Recorder's Office, Franklin County, Ohio.

Ref# 03-0741/F1/jjc

012

## E1410 – E3      SHERIFF'S RETURN OF ORDER OF SALE

GMAC Mortgage Company
Plaintiff

vs.

Sidney T Lewis et al
Defendant

Case No. 03CVE06 6954

Judge Sheeran

### THE STATE OF OHIO, FRANKLIN COUNTY, ss}

In obedience to the command of the Order of Sale hereto I did, on 8/2/2011 summon:
1. Arthur E Lee, 2. J Gregory Hart, 3. Robert D Timmons three disinterested freeholders, residents of said County, who were by me duly sworn to impartially appraise the lands and tenements therein described, upon actual view, and afterwards, on the date, said Appraisers returned to me, under their hands and seals, that they did, upon actual view of the premises, estimate and partially appraise the real value in money of the same at $48,000.00. The original of said appraisal I forthwith deposited in the Office of the Clerk of the Court of Common Pleas. And on 9/27/2011 I caused to be advertised in the Daily Reporter the said lands and tenements to be sold at public sale, in the Hall of Justice of said County, on 10/28/2011 and having advertised the said lands and tenements for more than thirty days previous to the day of sale, to wit: five consecutive weeks on the same day of the week each week; and in pursuance of said notice, I did at the time and place above mentioned, proceed to offer said lands and tenements at public sale, in the Hall of Justice, and then and there came above plaintiff who bid the sum of $82,136.00 and said sum being more than two thirds of the appraised value thereof, and being the highest and best bidder therefore, I then and there publicly sold and struck off lands and tenements to him/her for the above mentioned bid.

10/28/2011

PARCEL NO. 010-136627
ADDRESS     1913 Argyle Drive Columbus Ohio
43219
Rebecca R Shrader
(614)222-4921

Sheriff's Invoice for Fees

| | |
|---|---|
| Service and Return | $50.00 |
| Swearing Appraisers | $9.00 |
| Writing Advertisement | $1.00 |
| Total Sheriff's Fee | $60.00 |

Appraiser's Fees

| | |
|---|---|
| Three each at | $55.00 |
| Total | $165.00 |

ZACHARY SCOTT, SHERIFF

BY  _Shng K. Duffel_  DEPUTY

013

E1410 – E4

## REAL ESTATE JUDICIAL SALE
## PURCHASER INFORMATION FORM
As Prescribed by Buckeye State Sheriffs' Association
R.C. §2329.26 - R.C. §2329.27 - R.C. §2329.271
*Must be complete and legible or it will be returned.*
*Failure to provide the following information at the time of the sale may nullify the sale and cause the purchaser to be in contempt.*

In the Court of __Common Pleas, Franklin County, Ohio__

| | |
|---|---|
| Case # __03 CVE 06 6954__ | Sale Date __October 28, 2011__ |
| Parcel # __010-136627-00__ | Property Address __1913 Argyle Drive__ |
| City/Township __Columbus__ | County __Franklin__ |

**(A)** Is the property now **RESIDENTIAL RENTAL PROPERTY?** ☒ Yes ☐ No
Will the **PURCHASER** occupy the lands and tenements? ☐ Yes ☒ No

**(B) PURCHASER:**
(Required of **ALL** PURCHASERS)    (Must be readily accessible through **CONTACT PERSON** if any business entity listed in Section (D))

Name: __GMAC Mortgage Company, c/o GMAC Mortgage, LLC__
Address: __1100 Virginia Drive, Foreclosure Department__
City: __Fort Washington__
State: __Pennsylvania__    Zip: __19034__
Phone 1 __319-236-4784__
Phone 2 (_____) _____-_____

**(C) CONTACT PERSON:**
(Required if currently RESIDENTIAL RENTAL PROPERTY and PURCHASER is any business entity listed in Section (D))

Name __Shelley Peterson/Property Preservation Conveyance__
Address: __1100 Virginia Drive, Foreclosure Department__
City: __Fort Washington__
State: __Pennsylvania__    Zip: __19034__
Phone 1 __319-236-4784__
Phone 2 (_____) _____-_____
Email: __Shelley_Peterson@GMACM.COM__

**(D) The PURCHASER is a:** ("X" one)
(Required of ALL PURCHASERS)
- ☐ TRUST
- ☐ BUSINESS TRUST
- ☐ ESTATE
- ☐ PARTNERSHIP
- ☐ LIMITED PARTNERSHIP
- ☐ LIMITED LIABILITY COMPANY
- ☐ ASSOCIATION
- ☒ CORPORATION
- ☐ OTHER BUSINESS ENTITY
- ☐ NONE OF THE ABOVE (Non-Business)

**(E) The CONTACT PERSON is a:** ("X" one)
(Required if property is currently RESIDENTIAL RENTAL PROPERTY and PURCHASER is any business listed in Section (D))
- ☐ TRUSTEE (for Trust of Business Trust)
- ☐ EXECUTOR OR ADMINISTRATOR (for Estate)
- ☐ GENERAL PARTNER (for Partnership or Limited Partnership)
- ☐ MEMBER, MANAGER or OFFICER (for Limited Liability Company)
- ☐ ASSOCIATE (for Association)
- ☒ MEMBER, MANAGER or OFFICER (for any other Business Entity)

**(F)** PURCHASER'S principal place of business is located in: ("X" one) ☐ this County; ☐ State of Ohio; ☒ State of __Pennsylvania__

**(G) LOCAL CONTACT:**
(Required if NOT RESIDENTIAL RENTAL PROPERTY and PURCHASER is any business listed in Section (D))

Name: _____
Address: _____
City: _____
State: _____    Zip: _____
Phone 1 (_____) _____-_____
Email: _____

(This person must be a natural person who is employed by the purchasing entity and whom the purchasing entity has designated to receive notices or inquiries about the property and whose office is in:
1...this county, if principal place of business is in this county;
2 ...in Ohio, if principal place of business is in Ohio;
3 . the principal place of business, if principal place of business is outside of Ohio.)

**(H)    PROPERTY TO BE DEEDED TO:**
(Required of ALL PURCHASERS)

Name(s): __Federal National Mortgage Association__
Address: __P.O. Box 650043__
City: __Dallas__
State: __Texas__    Zip: __75265-0043__
Phone 1 (_____) _____-_____
Phone 2 (_____) _____-_____

(**\*\*NOTE\*\*** Once this form is submitted to the court, changes to the deed may only be made with a court order).

**\* \* NOTICE \* \***
This information must be obtained at the time of sale, shall be part of the sheriff's record of proceedings and shall be part of the record of the court of common pleas. The information is a public record and open to public inspection.

Ref# 03-0741/TM

014

LOT 17

1875 ALVASON AVENUE
COLS., OH 43219

015



STATE OF OHIO
FHA Form No. 3144h
Revised November 1973

P-27907

# MORTGAGE DEED
## WITH DOWER
### 19286

KNOW ALL MEN BY THESE PRESENTS, THAT Ronald L. Moore, by Yvonne D. Moore, his Attorney-in-Fact, and Yvonne D. Moore, husband and wife, both being over 18 years of age,

of The City of Columbus , County of Franklin 100%
and State of Ohio, the Grantor, for and in consideration of the sum of Twenty-four Thousand Eight Hundred and no/ Dollars ($24,800.00), to him paid by CENTRAL SAVINGS AND LOAN COMPANY

The United States of America , a corporation organized and existing under the laws of and having the principal place of business at 46 E. Gay Street,
Columbus, Ohio 43215 , Grantee, the receipt of which is hereby acknowledged, does give, grant,
bargain, sell, and convey unto the Grantee the following described premises, situated in the City
of Columbus , County of Franklin , State
of Ohio, and bounded and described as follows, to wit:

Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, page 6, Recorder's Office, Franklin County, Ohio.

Columbus, Ohio                                      September 30, 1975

For value received, the undersigned hereby sells, assigns and sets over unto CITIZENS MORTGAGE CORPORATION, a corporation organized and existing under the laws of the State of Delaware, whose address is, 24700 Northwestern Highway, Southfield, Michigan 48075, all its right, title and interest in and to the within Mortgage, without recourse.

CENTRAL SAVINGS AND LOAN COMPANY

JAMES L. GILLGARD, TREAS.

JANE G. CLARKSON
ASST. SECY.

And, for a valuable consideration, the said Grantors does hereby remise, release, and forever quitclaim, unto the Grantee all right and Title of Dower in the above-described premises.

The conditions of this deed are such that whereas the Grantor has executed and delivered to the Grantee his certain promissory note, of even date herewith, in the principal sum of Twenty-four Thousand Eight Hundred and no/100 Dollars ($24,800.00) with interest from date at the rate of Nine per centum ( 9 ) per annum

24700 Northwestern Highway Citizens Mortgage Corporation
Southfield, Michigan 48075
One Hundred Ninety-nine and 64/100 Dollars @ 199. 64 installments on the first day of November 19 75, the first day of each month thereafter until the principal and interest are fully paid, except that the final payment of principal and interest, if not sooner paid, shall be due and payable on the first day of October, 2005.

3223

016

VOL. 3553 PAGE 22

AND WHEREAS the Grantor further covenants and agrees that:

1. He will promptly pay the principal of and interest on the indebtedness evidenced by the said note, at the times and in the manner therein provided.

2. In order more fully to protect the security of this deed, he will pay to the Grantee, together with, and in addition to, each payment of principal and interest, the following sums:

(I) If and so long as said note of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the holder one (1) month prior to its due date the annual mortgage insurance premium, in order to provide such holder with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder; or

(II) If and so long as said note of even date and this instrument are held by the Secretary of Housing and Urban Development, a monthly charge (in lieu of a mortgage insurance premium) which shall be in an amount equal to one-twelfth (1/12) of one-half (½) per centum of the average outstanding balance due on the note computed without taking into account delinquencies or prepayments.

(b) A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and assessments next due on the mortgaged property (all as estimated by the Grantee) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, taxes and assessments will become delinquent, such sums to be held by Grantee in trust to pay said ground rents, premiums, taxes and special assessments before the same become delinquent.

(c) All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the note secured hereby shall be added together and the aggregate amount thereof shall be paid by the Grantor each month in a single payment to be applied by the Grantee to the following items in the order set forth:

(I) premium charges under the contract of insurance with Secretary of Housing and Urban Development, or monthly charge (in lieu of mortgage insurance premium), as the case may be;

(II) ground rents, taxes, special assessments, fire and other hazard insurance premiums;

(III) interest on the note secured hereby; and

(IV) amortization of the principal of said note.

Any deficiency in the amount of such aggregate monthly payment shall, unless made good by the Grantor prior to the due date of the next such payment, constitute an event of default under this deed. The Grantee may collect a "late charge" not to exceed two cents (2¢) for each dollar (1$) of each payment more than fifteen (15) days in arrears to cover the extra expense involved in handling delinquent payments.

3. If the total of the payments made by the Grantor under subsection (b) of paragraph 2 preceding shall exceed the amount actually made by the Grantee for ground rents, taxes or assessments or insurance premiums, as the case may be, such excess, if the loan is current, at the option of the Grantor, shall be credited by the Grantee on subsequent payments to be made by the Grantor, or refunded to the Grantor. If, however, the monthly payments made by the Grantor under subsection (b) of the preceding paragraph shall not be sufficient to pay ground rents, taxes and assessments or insurance premiums, as the case may be, when the same shall become due and payable, then the Grantor shall pay to the Grantee any amount necessary to make up the deficiency, on or before the date when payment of such ground rents, taxes, assessments, or insurance premiums shall be due. If at any time the Grantor shall tender to the Grantee, in accordance with the provisions of the note secured hereby, full payment of the entire indebtedness represented thereby, the Grantee shall, in computing the amount of such indebtedness, credit to the account of the Grantor any balance remaining in the funds accumulated under the provisions of subsection (a) of paragraph 2. If there shall be a default under any of the provisions of this deed resulting in a public sale of the premises covered hereby or if the Grantee acquires the property otherwise after default, the Grantee shall apply, at the time of the commencement of such proceedings or at the time the property is otherwise acquired, the balance then remaining in the funds accumulated under subsection (a) of paragraph 2 as a credit against the amount of principal then remaining unpaid under said note, and shall properly adjust any payments which shall have been made under subsection (a) of paragraph 2.

4. He will pay all ground rents, taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, levied upon said premises, or upon the interest of the Grantee in and to said premises, for which provision has not been made hereinbefore, and in default thereof the Grantee may pay the same; and he will promptly deliver the official receipts therefor to the Grantee.

5. The Grantee, its successors or assigns, shall have the right to pay any ground rents, taxes, assessments, water rents, and other governmental or municipal charges, fines, or impositions, which the Grantee has agreed to pay under paragraph 4, above, and in making any payments hereinbefore provided he be made by the Grantee in subsections (b) and (d) of paragraph 2 hereof, and any amount in trust by the Grantee shall be applied by the Grantee to the principal debt secured hereby and bear interest at the rate set forth in the note secured hereby, payable annually, from the date of such payments, and be secured by this deed.

6. He will keep the improvements now existing or hereafter erected on the premises insured as may be required from time to time by the Grantee against loss by fire and other hazards, casualties and contingencies in such amounts and for such periods as may be required by the Grantee and will pay promptly, when due, any premiums on such insurance provision for payment of which has not been made hereinbefore. All insurance shall be carried in companies approved by the Grantee and the policies and renewals thereof shall be held by the Grantee and have attached thereto loss payable clauses in favor of and in form acceptable to the Grantee. In event of loss Grantor will give immediate notice by mail to the Grantee, who may make proof of loss if not made promptly by Grantor, and each insurance company concerned is hereby authorized and directed to make payment for such loss directly to the Grantee instead of to the Grantor and Grantee jointly, and the insurance proceeds, or any part thereof, may be applied by the Grantee at its option either to the reduction of the indebtedness hereby secured or to the restoration or repair of the property damaged. In event of foreclosure of this mortgage or other transfer of title to the mortgaged property in extinguishment of the indebtedness secured hereby, all right, title and interest of the Grantor in and to any insurance policies then in force shall pass to the purchaser or Grantee.

7. He will keep the mortgaged premises in as good order and condition as they are now, and will not commit or permit any waste, reasonable wear and tear excepted.

8. That if the premises, or any part thereof, be condemned under any power of eminent domain, or acquired for a public use, the damages, proceeds, and the consideration for such acquisition, to the extent of the full amount of indebtedness upon this Mortgage, and the Note secured hereby remaining unpaid, are hereby assigned by the Grantor to the Grantee and shall be paid forthwith to the Grantee to be applied by it on account of the indebtedness secured hereby, whether due or not.

9. The Grantor further agrees that should this deed and the note secured hereby not be eligible for insurance under the National Housing Act within 60 days from date hereof (written statement of any officer of the Department of Housing and Urban Development or authorized agent of the Secretary of Housing and Urban Development dated subsequent to the aforesaid time from the date of this deed, declining to insure said note and this deed, being deemed conclusive proof of such ineligibility) the Grantee or the holder of the note may, at its option, declare all sums secured hereby immediately due and payable.

017

User Name: S. Lewis Date/Time: 2/6/2012 11:35:55 AM TransID: Free Printing



018

**OHIO**

| | |
|---|---|
| COUNTY OF | FRANKLIN |
| LOAN NO 1: | 002456384 |
| LOAN NO 2: | 4002455385 |
| INVESTOR: | X00009225 |
| POOL NO: | 0008225 |

WHEN RECORDED MAIL TO:
Principal Portfolio Services, Inc.
3150 Bristol Street, Suite 250
Costa Mesa, CA 92626
Prepared By Evelia Barba



## Assignment of Real Estate Mortgage

FOR VALUE RECEIVED, the undersigned as Mortgagee ("ASSIGNOR"), hereby grants, conveys, assigns and transfers to

CHEMICAL MORTGAGE CORPORATION, AN OHIO CORPORATION *COMPANY

200 OLD WILSON BRIDGE ROAD, WORTHINGTON, OH 43085-8500

("Assignee") all beneficial interest under that certain mortgage dated                September 30, 1975      executed by

RONALD L. MOORE, BY YVONNE D. MOORE, HIS ATTORNEY-IN-FACT, AND YVONNE D. MOORE, HUSBAND AND WIFE, BOTH BEING OVER 18 YEARS OF AGE.

Mortgagor, to

CENTRAL SAVINGS AND LOAN COMPANY

Mortgagee, and

recorded as   Instrument No.                on  10/8/75    in   Book        3553

Page        21      , Micro Film No.                  , of Official Records in the office of the County Clerk of
FRANKLIN              County, Ohio      as described in said mortgage.

PIN: 10-138833
Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Mortgage.

Dated:        6/1/97                 SOURCE ONE MORTGAGE SERVICES CORPORATION, A DELAWARE
                                     CORPORATION, FKA FIREMAN'S FUND MORTGAGE CORPORATION, FKA
                                     MANUFACTURERS HANOVER MORTGAGE CORPORATION, FKA CITIZENS
                                     MORTGAGE CORPORATION

                                     27555 FARMINGTON ROAD, FARMINGTON HILLS, MI 48334-3357

                                     By
                                         FLORENCE FIAUI
                                         ASSISTANT VICE PRESIDENT

STATE OF   CALIFORNIA          )
                              )  SS
COUNTY OF    ORANGE           )

On      7/11/97    , before me,       CLAUDIA GARCIA                        personally appeared
                    FLORENCE FIAUI

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf
of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal

NOTARY PUBLIC          CLAUDIA GARCIA
My commission expires  7/8/2001

This instrument was prepared by:  Evelia Barba, Principal PSI
3150 Bristol Street, Suite 250, Costa Mesa, CA 92626

CLAUDIA GARCIA
COMM. #1146035
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Comm. Expires Jul. 8, 2001

8,848       2   1         97070346474

019

## IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

B2719F14

| | |
|---|---|
| GMAC Mortgage Corporation | : Case No. 05CVE-04-4555 |
| **Plaintiff** | : |
| | : Judge J. Lynch |
| vs. | : |
| Yvonne D. Lewis aka Yvonne D. Webb-Lewis | : |
| **Defendants.** | : |

2005 JUN 20 PM 5:28
CLERK OF COURTS

### JUDGMENT ENTRY AND ORDER AND DECREE OF FORECLOSURE

This matter is before the Court on Plaintiff's Motion for Default Judgment.

The property that is the subject of this foreclosure action is commonly known as: 1875 Alvason Avenue, Columbus, OH 43219, parcel no. 010-136633-00 (the "Property"). The legal description of the Property is as follows:

Situated in the County of Franklin, in the State of Ohio, and in the City of Columbus:

Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, Page 6, Recorder's Office, Franklin County, Ohio.

Parcel No. 010-136633-00

Address: 1875 Alvason Avenue, Columbus, OH 43219

The following defendants have been served with a summons and complaint but are in default for failure to file an Answer or other responsive pleading:

- Yvonne D. Lewis aka Yvonne D. Webb-Lewis served by private process server on May 2, 2005

- Sidney T. Lewis served by private process server on May 2, 2005

1

The Court finds that the defendants identified above have been served with a summons and complaint but are in default for failure to file an Answer or other responsive pleading. The Court therefore grants Plaintiff's motion for default judgment with respect to such defendants.

The Court finds that Yvonne D. Lewis aka Yvonne D. Webb-Lewis executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due. The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage. The Court further finds that Yvonne D. Lewis aka Yvonne D. Webb-Lewis and Sidney T. Lewis executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $53,138.32 plus interest on the principal amount at the rate of 7.00% per annum from February 1, 2005. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law. The Court hereby enters judgment for all amounts due on the Note in favor of Plaintiff and against Yvonne D. Lewis aka Yvonne D. Webb-Lewis

The Court finds that the Mortgage was recorded with the County Recorder and is a valid

2

and subsisting first mortgage on the Property. Plaintiff's mortgage is, however, junior in priority

to the lien held by the County Treasurer to secure the payment of real estate taxes and

assessments. As a result, all amounts due to the County Treasurer for the payment of taxes and
B2719F16

assessments shall be paid from the proceeds of the sale before any distribution is made to other

lien holders.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that all defendants

in this action--regardless of whether an Answer has been filed--are forever barred from asserting

any right, title or interest in and to the Property. It is further ordered, adjudged and decreed that

unless the amount of the judgment set forth above is fully paid within three (3) days from the

entry of this decree the equity of redemption and dower of the current title holders in and to the

Property shall be foreclosed, the Property shall be sold, and an Order of Sale shall be issued to

the Sheriff of this County directing the Sheriff to appraise the Property, advertise the sale of the

Property in a paper of general circulation within the County, and sell the Property as upon

execution and according to law free and clear of the interests of all parties to this action.

Following the sale of the Property, the proceeds shall be distributed in the following order

of priority:

- First, the Clerk of Courts shall be paid for all costs of this action.

- Second, the Franklin County Treasurer shall be paid for all unpaid taxes,
  assessments, interest, and penalties on the Property.

- Third, Plaintiff shall be paid principal in the amount of $53,138.32, interest on the
  principal amount at the rate of 7.00% per annum from February 1, 2005, all late
  charges due under the Note and Mortgage, all advances made for the payment of
  real estate taxes and assessments and insurance premiums, and all costs and
  expenses incurred for the enforcement of the Note and Mortgage, except to the

3

extent the payment of one or more specific such items is prohibited by Ohio law.

- Fourth, the balance of the proceeds, if any, shall be held pending further order of
the Court. B2719F17

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

_Julie M. Lynch_
Judge J. Lynch
Common Pleas Judge
June 10, 2005

Approved:

_Rachel A. Leier_
Rachel A. Leier (0071471)
Manley Deas Kochalski LLC
495 S. High Street - Suite 300
Columbus OH 43215-5869
614-222-4921; Fax 614-220-5613
ral@mdk-llc.com

023
3

E1307 - Q74

TERMINATION NO. 12
BY: _____ 9/12/11

# IN THE COURT OF COMMON PLEAS
## FRANKLIN COUNTY, OHIO

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**GMAC Mortgage Corporation**

        **Plaintiff,**

vs.

**Yvonne D. Lewis aka Yvonne D. Webb-Lewis, et al.**

        **Defendants.**

**Case No. 05CVE-04-4555**

**Judge Julie M. Lynch**

**JUDGMENT ENTRY AND DECREE IN FORECLOSURE**

    This matter is before the Court on Plaintiff's Motion for Default Judgment.  The real property that is the subject of this foreclosure action (the "Property") is as follows:

    Situated in the County of Franklin, in the State of Ohio, and in the City of Columbus:

    Being Lot Number Seventeen (17) of ARGYLE PARK SUBDIVISION, as the same is numbered and delineated upon the recorded plat thereof, of record in Plat Book 36, Page 6, Recorder's Office, Franklin County, Ohio.

    Parcel No. 010-136633-00

    Address:  1875 Alvason Avenue, Columbus, OH 43219

    The Court further finds that Yvonne D. Lewis aka Yvonne D. Webb-Lewis executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due.  The Court further finds that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage.  The Court further finds that Yvonne D. Lewis aka Yvonne D. Webb-Lewis and Sidney T. Lewis executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that the Mortgage secures the amounts due under the Note.

E42

Ref# 05-2846/KS

E13Q7 - Q75

The Court finds that the Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made. The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due to Plaintiff on the Note principal in the amount of $53,138.32 plus interest on the principal amount at the rate of 7% per annum from January 1, 2005. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

The Court notes that, all personal obligations of Yvonne D. Lewis aka Yvonne D. Webb-Lewis on the Note have been discharged under the United States Bankruptcy Code. As a result, the Court does not grant personal judgment against Yvonne D. Lewis aka Yvonne D. Webb-Lewis for the amount due on the Note.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property. The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the Property. The Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Section 323.47 of the Ohio Revised Code shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within three (3) days from the date of the entry of this

E1307 - Q76

decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the Sheriff of Franklin County, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

**IT IS FURTHER ORDERED** that the Sheriff shall send counsel for the party requesting the Order of Sale a copy of the publication notice promptly upon its first publication. There is no just reason for delay in entering Judgment as aforesaid.

IT IS SO ORDERED.

_____
Judge Julie M. Lynch          9/12/11
Common Pleas Judge

026

3

E1307 - Q77

**Direction to Clerk:**
**Pursuant to Civ.R.58(B), you are to serve
notice of this judgment and its date of
entry upon the journal to all parties not
in default for failure to appear within
three days of the judgment's entry up
the journal, and note the service in the
appearance docket.**

Approved:

Matthew J. Richardson (0077157)
Manley Deas Kochalski LLC
P. O. Box 165028
Columbus, OH 43216-5028
Telephone: 614-222-4921
Fax: 614-220-5613
Email: mjr2@mdk-llc.com
Attorney for Plaintiff
MDK File Number 05-2846

0 2 7
4