UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

                                                            Chapter 11
                                          Case No. 12-12012 (MG)
                                                 Jointly Administered

Ir re:

Residential Capital, LLC, et al;
Debtors

---

Erlinda Abibas Aniel
    Plaintiff/Creditor, Pro se

vs.

GMAC Mortgage, LLC; Executive Trustee Services, LLC et al;
    Debtors/Defendants



---

## Letter to United States Trustee In Re: Creditor's Objections Regarding Fee Application For Third Interim Awards of Compensation by Severson & Werson, P.C.

    Plaintiff/Creditor, Erlinda Abibas Aniel, acting pro se, respectfully submits its objections to the Fee Application for Third Interim Awards of Compensation by Severson & Werson, P.C. ("Severson"), and request the United States Trustee ("UST") to take into consideration Creditor's objections when the UST files its objections.

    Creditor is a party of interest in Debtor's bankruptcy proceedings as a creditor based on her four proofs of claim filed in this court. Creditor filed a proof of claim against Debtors, GMAC and ETS, on June 19, 2012, which is designated as Claim numbers 112 and 114. Creditor also bases claims 112 and 114 on a pending California Court of Appeals case against Debtor, GMAC and ETS. See Case A132950 for the First District of California. On August 20, 2012, Creditor filed a Proof of Claim against Debtors, GMAC and ETS, which is designated as claim numbers 416 and 417. Creditor based its claim on a pending case in United States District Court

1

in Northern California, case No. 12-04201, on August 9, 2012, titled Aniel vs. GMAC Mortgage, LLC et al..

On or around September 01, 2012, the United States Bankruptcy Court for the Southern District of New York approved the application by Severson as the Debtor's California Litigation Counsel. On or around October 17, 2012, Severson filed its First Interim Request for Compensation and Reimbursement. Within that request was a copy of a statement disclosing work done in relation to my cases. On or around March 14, 2013, Severson filed its Second Interim Request for Compensation and Reimbursement. Within that request was a copy of a statement disclosing work done in relation to my cases.

Creditor has attached copies of each and every statement she was able to obtain through review all three of Severson's Request for Interim Compensation and Reimbursement. Creditor has the following concerns about the statements:

    a.    Creditor was led to believe that Ocwen Loan Servicing had purchased the servicing rights of the Debtor as of February of 2013. Based on the statement dated March 15, 2013, Severson seeks compensation of $600.75. See Exhibit "H". In its request for payment, Severson discloses in its statements that the client is Ocwen Financial Corporation. Therefore, Creditor questions why Severson is seeking compensation for work purportedly done for Ocwen Financial Corporation, who is not a Debtor in bankruptcy. This brings confusion to my case and it may harm creditors because the estate is making payments to Severson for work done for a different client. Creditor is of the opinion that the estate should not pay for Severson's work billed to a different client.

    b.    Creditor has the following concerns in relation to the statement regarding Creditor's cases. Based on the documentation, two numbers were designated by Severson in relation to all of, Creditor's husband, Fermin Solis Aniel, Creditor's son, Marc Jason Aniel, and Creditor's cases against the Debtor. Those numbers are GMAC Matter Numbers: 731553 and 732286.

    c.    In regards to Creditor's appellate case, Creditor was able to find three statements, which are dated September 11, 2012 (Exhibit "A"); October 10, 2012 (Exhibit "B"); and March 26, 2013 (Exhibit "C"). Severson designated number

731553 for the statements dated on September 11, 2012 (Exhibit "A"), and October 10, 2012 (Exhibit "B"). Severson designated number 732286 in the March 26, 2013, statement (Exhibit "C").

  d. In regards to the Creditor's U.S. District Court case, Creditor was able to find five statements, which are dated September 10, 2012 (Exhibit "D"); October 08, 2012 (Exhibit "E"); November 15, 2012 (Exhibit "F"); December 17, 2012 (Exhibit "G"); and March 15, 2013 (Exhibit "H"). Severson designated number 731553 to the statement dated on September 10, 2012 (Exhibit "D"). Severson designated number 732286 to the statements dated on October 08, 2012 (Exhibit "E"); November 15, 2012 (Exhibit "F"); December 17, 2012 (Exhibit "G"); and March 15, 2013 (Exhibit "H").

  e. In regards to my son's, Marc Jason Aniel, chapter 11 bankruptcy case, Creditor was able to find one statement dated March 15, 2013 (Exhibit "H"), with a designated number of 732286.

  f. Creditor questions why Severson chose to combine all three different matters into either GMAC matter number 731553 or 732286. Further, Creditor questions the use of two different GMAC matter numbers were associated with Creditor's appellate matter, Creditor's district court matter, and Creditor's son, Marc Jason Aniel's, bankruptcy case.

  g. Creditor also questions why Severson designated Erlinda Abibas Aniel for work done in relation to Marc Jason Aniel's bankruptcy case, which was also identified as work done for client Ocwen Financial Corporation. Creditor requests that the UST investigate these discrepancies with Severson's accounting of service done for the debtor.

  h. Creditor also questions why Severson designated the March 26, 2013, statement (Exhibit "C") as work done for client, Ocwen Financial Corporation, when the property was foreclosed upon well before Ocwen's purchase of the servicing rights of GMAC and before Creditor filed its appeal against GMAC. Creditor is unaware and does not believe that Ocwen also purchased GMAC's pending litigation.

  Creditor requests and prays that the UST takes Creditor's concerns into consideration when it files an objection to Severson's Third Interim Request for

3

Compensation and Reimbursement. While Creditor's objections only concern her own case, Creditor believes that other cases have similar problems, mainly the use of Ocwen as the client while seeking charges from Debtors.

Should the UST have any questions regarding my concern, please contact me with the contact information provided below. Creditor also requests that this letter be docketed under this pending case in the Bankruptcy Court.

Sincerely,

Erlinda Abibas Aniel
Creditor/Plaintiff
75 Tobin Clark Dr.
Hillsborough, CA 94010

## Service List

### United States Trustee
Office of the U.S. Trustee for the Southern District of New York
Attn: Tracy Hope Davis, Linda A Rifkin and Brian S. Masumoto
33 Whitehall Street, 21st Floor
New York, NY ~~10004~~ 10004

### Office of the United States Trustee
Attn: Eric J. Small, Esq.
355 Main Street—First Floor
Poughkeepsie, NY 12601

### Counsel for Debtors
Morrison & Foerster LLP
Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi
1290 Avenue of the Americas
New York, NY 10104

### Counsel for Creditor's Committee
Kramer Levin Naftalis & Frankel LLP
Attn: Kenneth H. Eckstein and Douglas H. Mannal
1177 Avenue of the Americas
New York, NY ~~10036~~ 10036

### Counsel for Ally Financial Inc.
Kirkland & Ellis
Attn: Richard M. Cieri and Ray C. Schrock
601 Lexington Avenue
New York, NY 10022