UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

                Debtors

Case No. 12-12020(MG)

Chapter 11

Jointly Administered

## CREDITOR'S RESPONSE OPPOSITION TO DEBTOR'S OBJECTION TO DISALLOW CLAIM

Particulars of this opposition

In further support of this opposition, this creditor states:

1. This creditor has filed a timely proof of claim, a copy of which is attached hereto and marked "Exhibit A."

2. In addition to the information contained in (and attached to) that proof of claim (Exhibit A), this creditor's claim is further based upon the existence of a counterclaim currently not adjudicated in New Jersey Superior Court, a copy of which is attached hereto and marked "Exhibit B".

3. The debtors' (GMAC Mortgage LLC, a Corporation) objection provides only conclusionary statements and otherwise inadequate notice has been provided of the substance of the objection.

4. The debtor's objection to the claim is designed to craftily bamboozle the court by submission and filing of statements and certification of individuals that have no firsthand knowledge of the matter and should be disregarded as hearsay not admissible in court.

5. This creditor is a real party in interest and is a proper person to represent his own claim.

6. The basis of Debtor's Objection is that the filer of Proof of Claim did not provide documentation to substantiate its claim.

7. GMAC Mortgage LLC is the servicer of claimant's mortgage loan.

8. Therefore, creditor's position In objecting to the Proof of Claim filed by the debtor Residential Capital, LLC (RESCAP) is that:

    a. RESCAP is not the beneficiary of the note;

    b. RESCAP has no financial rights under the note;

    c. RESCAP is not the real party in interest;

    d. The real party in interest has not been joined in this proceeding;

    e. GMAC Mortgage LLC converted claimants' personal property (the Note) for its personal use and profited form it.

    f. Due to all of the above, RESCAP has no standing to object to the proof of claim in this bankruptcy.

9. RESCAP has been unable to produce its Servicing Agreement, the Pooling and Servicing Agreement ("PSA") of the Securitized Trust. The PSA would include the cut-off dates for mortgage note transfers and delivery to the Trust.

10. A claim of conversion has been filed against GMAC Mortgage LLC.

11. In a securitized Trust, it is required to establish the unbroken chain of transfers, deliveries and acceptances of the mortgage note from the Originator to the Sponsor to the Depositor and finally to the Trust. The Originator in this case is Atlantic Stewardship Bank.

12. The purpose of the securitization process is to make the mortgage note legally protected from any claims a bankruptcy trustee or the FDIC might assert against the originator.

This requires a series of true sales and transfers pursuant to the mandatory transfer rules of the PSA.

13. The Trust and this Debtor have no authority to claim beneficial interest or any interest in the mortgage note unless there has been a complete and unbroken chain of assignments to the Trust pursuant to the strict terms of the PSA.

14. Proof of Claim and all of the exhibits annexed hereto proves a broken chain of title to ANY PARTY, or substantiate beneficial interest, real party in interest or standing.

## CONCLUSION

Upon the forgoing it is respectfully requested that Debtor's Objection be Overruled and that this Court direct that debtor be ordered to appear before this Court for testimony concerning the PSA and that RESCAP be directed to turnover to creditor the Pooling and Servicing Agreement associated with creditor's loan without further delay.

August 5, 2013

Ariel Barel, Sui-juris
114 Warbler Drive
Wayne, NJ 07470
973-460-4444
abar4444@gmail.com