Presentment Date:  August 13, 2013 at 12:00 p.m. (ET)
Objections Deadline:  August 12, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF DEBTORS' APPLICATION
PURSUANT TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014 FOR
AUTHORIZATION TO EMPLOY AND RETAIN TILGHMAN & CO., P.C. AS
NOTICING AGENT IN CONNECTION WITH THE KESSLER SETTLEMENT
<u>AGREEMENT</u>**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Application Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 for Authorization to Employ and Retain Tilghman & Co., P.C. as Noticing Agent in Connection with the Kessler Settlement Agreement* (the "<u>Application</u>"), to the Honorable Martin Glenn, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, Room 501, for signature on **August 13, 2013 at 12:00 p.m. (Prevailing Eastern Time)**.

ny-1103175                                1

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **August 12, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and

Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) Tilghman & Company, P.C., P.O. Box 11250, Birmingham, AL 35202 (Attention: L. Stephens Tilghman).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Application are timely filed, served and received in accordance with this Notice, the Court may enter the Order without further notice or hearing.

Dated: August 6, 2013
       New York, New York

Respectfully submitted,

/s/ Jordan A. Wishnew
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

Presentment Date: **August 13, 2013 at 12:00 p.m. (ET)**
Objections Deadline: **August 12, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014 FOR AUTHORIZATION TO EMPLOY AND RETAIN TILGHMAN & CO., P.C. AS NOTICING AGENT IN CONNECTION WITH THE KESSLER SETTLEMENT AGREEMENT**

The debtors and debtors in possession in the above-captioned cases (the "Debtors")[1] hereby submit this Application (the "Application") for entry of an order, substantially in the form annexed hereto as Exhibit 1 (the "Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules"), authorizing the Debtors to employ and retain Tilghman & Co., P.C. ("Tilghman & Co.") as noticing agent in connection with the

---

[1]   The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6] (the "Whitlinger Affidavit").

ny-1098383                                        1

Kessler Settlement Agreement (as defined herein). In support of the Application, the Debtors rely upon and incorporate by reference the Declaration of L. Stephens Tilghman, President of Tilghman & Co. (the "Tilghman Declaration") annexed hereto as Exhibit 2. In further support of the Application, the Debtors, by and through their undersigned counsel, respectfully represent:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief are section 327 of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules.

## BACKGROUND

### A. General Background

2. On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On May 16, 2012, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a nine member official committee of unsecured creditors (the "Creditors' Committee").

4. The Debtors were formerly a leading residential real estate finance company indirectly owned by Ally Financial Inc., which is not a Debtor. Prior to the closing of the Debtors' Court-approved asset sales, the Debtors and their non-debtor affiliates operated the fifth largest mortgage servicing business and the tenth largest mortgage origination business in

ny-1098383                                                2

the United States. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

5.   As the Court is aware, the Debtors have recently reached consensus on the terms of a Chapter 11 plan that is endorsed by the vast majority of the Debtors' significant creditor constituencies. That consensus is embodied in an agreement approved by this Court on June 26, 2013 (the "Plan Support Agreement"),[2] which provides for a near-global resolution of substantial litigation and disputed matters in these Chapter 11 cases through a plan structure that will yield meaningful value for creditors.

6.   In accordance with the Plan Support Agreement, on July 3, 2013, the Debtors and the Creditors' Committee filed a joint Chapter 11 plan (the "Plan") [Docket No. 4153].

### B.   The Kessler Settlement

7.   Debtor Residential Funding Company, LLC ("RFC") is a defendant in multi-district litigation captioned *In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation*, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688 and 05-1386 (the "Kessler Class Action"), commenced prior to the Petition Date and pending in the United States District Court for the Western District of Pennsylvania (the "District Court"). The Kessler Class Action is brought by named plaintiffs Rowena Drennen, Flora Gaskin, Roger Turner, Christie Turner, John Picard, and Rebecca Picard (collectively, the "Named Plaintiffs"), on behalf of a putative class of borrowers under second mortgage loans, and asserts claims based on alleged

---

[2]   *See Order Granting Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants* [Docket No. 4098].

violations of the Real Estate Settlement Practices Act, the Truth In Lending Act, the Home Ownership and Equity Protection Act and the Racketeer Influenced and Corrupt Organizations Act, for which the Named Plaintiffs contend that RFC is liable. The Named Plaintiffs also filed three purported class proofs of claim in the Chapter 11 cases arising out of the Kessler Class Action against RFC, Residential Capital, LLC, and GMAC Residential Holding Company, LLC (Claim Nos. 2110, 2117, and 2256, collectively the "Kessler Claims").

8. The Debtors and the Named Plaintiffs have recently entered into a settlement agreement (the "Kessler Settlement Agreement"), by which the parties have agreed to, *inter alia*, settle the Kessler Claims in exchange for an allowed unsecured claim against Debtor RFC. On July 31, 2013, the Debtors and the Named Plaintiffs filed a joint motion [Docket No. 4451] under section 105 of the Bankruptcy Code, Bankruptcy Rules 7023 and 9019, and Rule 23 of the Federal Rules of Civil Procedure for approval of the Kessler Settlement Agreement and additional class-related relief, including certification of the class for settlement purposes. It is contemplated and required by the terms of the Kessler Settlement Agreement that the Debtors seek and obtain final approval of the Kessler Settlement Agreement contemporaneously with the Plan confirmation process.

9. There are 44,535 known putative class members in the Kessler Class Action (the "Putative Class"). The parties have contemplated a thorough process by which the Putative Class will be identified, notified of the proposed Kessler Settlement Agreement, and afforded an opportunity to opt out or object to the Kessler Settlement Agreement. Under the Kessler Settlement Agreement, the Debtors are responsible for paying for the costs of providing notice to the Putative Class. The noticing process must commence promptly in order for final

approval of the Kessler Settlement Agreement to occur contemporaneously with confirmation of the Plan.

### RELIEF REQUESTED

10. By this Application, the Debtors respectfully request entry of an Order, pursuant to sections 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the employment and retention of Tilghman & Co. as noticing agent for the Debtors in connection with the Kessler Settlement Agreement under the terms set forth in the Administration Agreement between the Debtors and Tilghman & Co., annexed hereto as Exhibit 3 (the "Administration Agreement").

### APPLICABLE AUTHORITY

11. Title 11 U.S.C. § 327(a) provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

12. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

13. In particular, the Debtors seek to retain Tilghman & Co. to provide notice of the Kessler Settlement Agreement to the Putative Class and to perform such other ministerial

and administrative services in connection with the Kessler Settlement Agreement as may be requested by the Debtors (collectively, the "<u>Administrative Services</u>").

### RETENTION OF TILGHMAN & CO.

14. Tilghman & Co. is an experienced, professional services firm specializing in the administration of class action lawsuit settlements and awards. As an objective intermediary among plaintiffs, defendants, attorneys and class members, Tilghman & Co. provides an array of administrative services -- from the design, preparation and dissemination of notices to the disbursement of benefits. Over the past 18 years, Tilghman & Co. has administered over 400 settlements and has mailed over 36 million notices. Tilghman & Co. has particular experience with the Kessler Class Action, for which Tilghman & Co. has acted as noticing agent with respect to two prior proposed settlements (neither of which was consummated).

15. The Debtors submit that utilizing Tilghman & Co. to provide the Administrative Services will provide the most cost-effective and efficient notice to class members of the Kessler Class Action. Given Tilghman & Co.'s particular experience with the Kessler Class Action and the competitiveness of its fees, the Debtors believe that Tilghman & Co. is well qualified to serve as noticing agent, and that Tilghman & Co.'s retention in such capacity is in the best interests of the Debtors' estates and their creditors.

### TERMS OF RETENTION

16. Tilghman & Co. intends to apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred in connection with the performance of the Administrative Services in these Chapter 11 cases, subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, General Order M-447, the guidelines established by the U.S. Trustee, this

Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 797], and any other applicable procedures and orders of the Court, except that Tilghman & Co. requests a waiver of the requirement under General Order M-447 that it maintain time records in tenth of an hour increments in light of the limited administrative services to be provided.  Tilghman & Co. proposes to record its time in 0.25 hour increments.

17.    Tilghman & Co. informed the Debtors that, subject to Court approval, it will bill at its standard hourly rates, which are set forth in Exhibit A to the Administration Agreement.  The Debtors believe that these rates are consistent with market rates for comparable services.  Tilghman & Co. will maintain detailed records of actual and necessary costs and expenses incurred in connection with the Administrative Services described above.

**TILGHMAN & CO.'S DISINTERESTEDNESS**

18.    The Debtors have many creditors, and accordingly, Tilghman & Co. may have rendered and may continue to render services to certain of these creditors.  Tilghman & Co. has not and will not represent the separate interests of any such creditor in these Chapter 11 cases or in the Kessler Class Action.  Additionally, Tilghman & Co. employees may, in the ordinary course of their personal affairs, have relationships with certain creditors of the Debtors.  For example, one or more of Tilghman & Co.'s employees may have obligations outstanding with financial institutions that are creditors of the Debtors or may have used the Debtors' services.

19.    To the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Tilghman Declaration, Tilghman & Co. represents that it neither holds nor represents any interest adverse to the Debtors' estates in connection with any matter on which it would be employed and that it is a "disinterested person," as referenced in Bankruptcy Code

ny-1098383                                        7

§ 327(a) and as defined in Bankruptcy Code § 101(14), as modified by Bankruptcy Code § 1107(b).  Tilghman & Co. will supplement its disclosure to the Court if any facts or circumstances are discovered that would require disclosure.

## NOTICE

20. Notice of this Application has been provided in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR REQUEST

21. Except as otherwise noted herein, no prior application for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (i) enter an Order substantially in the form attached hereto as Exhibit 1 granting the relief requested in the Application; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: August 6, 2013
      New York, New York

RESIDENTIAL CAPITAL, LLC,

on behalf of itself and each of its Debtor subsidiaries

By: /s/ Tammy Hamzehpour
Name:  Tammy Hamzehpour
Title: Chief Business Officer