# **EXHIBIT 1**

**Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
| | )
In re: | ) Case No. 12-12020 (MG)
| )
RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11
| )
Debtors. | ) Jointly Administered
| )
---------------------------------------------------------------

**ORDER PURSUANT TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF TILGHMAN & CO., P.C. AS DEBTORS' NOTICING AGENT IN CONNECTION WITH THE KESSLER SETTLEMENT AGREEMENT**

Upon consideration of the application (the "Application")[1] of the Debtors for entry of an order (the "Order"), pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 2014-1 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Rules"), authorizing the employment and retention of Tilghman & Co., P.C. ("Tilghman & Co.") as noticing agent in connection with the Kessler Settlement Agreement on the terms and conditions set forth in the Administration Agreement between the Debtors and Tilghman & Co. and all as described more fully in the Application; and upon consideration of the Declaration of L. Stephens Tilghman, President of Tilghman & Co.; and the Debtors having estimated that the size and complexity of the Kessler Settlement Agreement warrants the retention of an agent to assist with certain noticing and other administrative duties; and the Court being satisfied that Tilghman & Co. has the capability and experience to provide such services and that Tilghman & Co. does not hold an interest adverse to the Debtors or their estates with respect to the matters upon which it is to be engaged; and it appearing that the Court has

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

ny-1098383

jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 157(b)(2)(A), (B), and (O); and it appearing that venue is proper in this district pursuant to 28 U.S.C. § 1408; and it appearing that Tilghman & Co. is disinterested and eligible for retention pursuant to sections 101(14) and 327(a) of the Bankruptcy Code and that the terms of the Administration Agreement, as modified by the terms of this Order and as applicable, are reasonable and appropriate; and good and sufficient notice of the Application having been given and no other or further notice being required; and it appearing that the employment of Tilghman & Co. is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is granted to the extent provided herein.

2. The Debtors are authorized pursuant to section 327(a) of the Bankruptcy Code to retain and employ Tilghman & Co. as noticing agent in connection with the Kessler Settlement Agreement to perform the Administrative Services, subject to the terms of the Application, the Administration Agreement, and this Order.

3. Tilghman & Co. shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 cases.

4. Tilghman & Co. is authorized to take such other actions to comply with all duties set forth in the Application.

5. Tilghman & Co. shall apply to the Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred in this case after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, General Order M-447, the guidelines established by the U.S. Trustee, and further

ny-1098383

orders of this Court; provided, Tilghman & Co. shall maintain its time records in 0.25 hour increments.

6. To the extent that the Application or the Administration Agreement is inconsistent with this Order, the terms of the Order shall govern.

7. The Administration Agreement may not be assigned by Tilghman & Co. without permission of the Court.

8. The Debtors and Tilghman & Co. are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

10. Notwithstanding anything herein to the contrary, this Order shall not modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

      11.    Notwithstanding any provision to the contrary in the Application or the Administration Agreement, the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York  
Date: _____, 2013            _____  
                                           THE HONORABLE MARTIN GLENN  
                                           UNITED STATES BANKRUPTCY JUDGE