# **EXHIBIT 2**

**Tilghman Declaration**

ny-1098383

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF L. STEPHENS TILGHMAN IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014 FOR AUTHORIZATION TO EMPLOY AND RETAIN TILGHMAN & CO., P.C. AS NOTICING AGENT IN CONNECTION WITH THE KESSLER SETTLEMENT AGREEMENT**

I, L. Stephens Tilghman, being duly sworn, depose and say:

1. I am the President of Tilghman & Co., P.C. ("<u>Tilghman & Co.</u>"), whose address is P.O. Box 11250, Birmingham, Alabama 35202, and I am authorized to submit this declaration ("<u>Declaration</u>") on behalf of Tilghman & Co. in support of the *Debtors' Application Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 for Authorization to Employ and Retain Tilghman & Co., P.C. as Noticing Agent in Connection With the Kessler Settlement Agreement* (the "<u>Application</u>"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. Tilghman & Co. is an experienced, professional services firm specializing in the administration of class action lawsuit settlements and awards. As an objective intermediary among plaintiffs, defendants, attorneys and class members, Tilghman & Co. provides an array of administrative services -- from the design, preparation and dissemination of notices to the disbursement of benefits. Over the past 18 years, Tilghman & Co. has administered over 400 settlements and mailed over 36 million notices. Tilghman & Co. has particular experience with

ny-1098383

the Kessler Class Action, for which Tilghman & Co. has acted as noticing agent with respect to two prior proposed settlements (neither of which was consummated).

3. To the best of my knowledge and belief, insofar as I have been able to ascertain after research and inquiry and except as disclosed herein, I believe that my employees and I: (a) do not have any material adverse connection with the Debtors, the Debtors' creditors or any other party in interest or its respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee with respect to the matters for which Tilghman & Co. will be employed; and (b) do not hold or represent an interest materially adverse to the Debtors' estates.

4. The Debtors have many creditors, and accordingly, Tilghman & Co. may have rendered and may continue to render services to certain of these creditors in matters unrelated to these cases in cases where Tilghman & Co. serves in a neutral capacity as a noticing agent or class action settlement administrator. Tilghman & Co. has not and will not represent the separate interests of any such creditor in these cases. To the best of my knowledge, neither Tilghman & Co., nor any of its professional personnel, has any relationship with the Debtors that would impair Tilghman & Co.'s ability to serve as noticing agent in connection with the Kessler Settlement. Tilghman & Co. may have working relationships with certain of the professionals retained by the Debtors and other parties herein, but such relationships are completely unrelated to the Debtors' cases. In addition, Tilghman & Co. personnel may have relationships with some of the Debtors' creditors. Such relationships are, however, of a personal, financial nature and are wholly unrelated to the Debtors' cases. Tilghman & Co. has and will continue to represent clients in matters unrelated to the Debtors' cases and has had and will continue to have

relationships in the ordinary course of its business with certain vendors and professionals in connection with matters unrelated to these cases.

5.  To the best of my knowledge and belief, insofar as I have been able to ascertain after research and inquiry, I believe that Tilghman & Co. is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as qualified by section 1107(b) of the Bankruptcy Code, in that its members and employees:

(a) Are not creditors,[1] equity security holders or insiders of the Debtors;

(b) Are not and were not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtors; and

(c) Do not have an interest adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.

6.  On behalf of Tilghman & Co., I hereby represent that

(a) Tilghman & Co. will not consider itself employed by the United States government (the "Government") and will not seek any compensation from the Government in its capacity as the noticing agent in connection with the Kessler Settlement;

(b) By accepting employment in these Chapter 11 cases, Tilghman & Co. waives any right to receive compensation from the Government in connection with these Chapter 11 cases;

(c) In its capacity as noticing agent in connection with the Kessler Settlement, Tilghman & Co. is not an agent of the Government and is not acting on behalf of the Government;

(d) Tilghman & Co. will not intentionally misrepresent any fact to the public; and

---

[1] Tilghman & Co. was owed a *de minimis* amount by one of the Debtors for services performed for a matter unrelated to these Chapter 11 Cases. However, Tilghman & Co. has not filed a proof of claim and has agreed to waive any such right to payment from the Debtors in connection with its retention in these Chapter 11 cases.

ny-1098383

      (e)      Tilghman & Co. will not employ any past or present employees of the Debtors in connection with its work as the noticing agent in connection with the Kessler Settlement.

7.      As compensation for its services, Tilghman & Co. will charge the rates set forth in Exhibit A to the Administration Agreement. These rates are comparable to those charged by other providers of similar services and they are at least as favorable as the rates Tilghman & Co. charges for similar services in comparable engagements.

8.      I declare under penalty of perjury that the foregoing is true and correct. Executed on this 5th day of August 2013.

/s/ R. Stephens Tilghman
L. Stephens Tilghman
President of Tilghman & Co., P.C.

ny-1098383