# **EXHIBIT 3**

## **Administration Agreement**

## ADMINISTRATION AGREEMENT

WHEREAS, Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") in their chapter 11 bankruptcy cases pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Case No. 12-12020 (MG), have executed a settlement agreement (the "Settlement Agreement") to resolve class action claims asserted against Debtor Residential Funding Company, LLC in the multi-district litigation captioned *In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation*, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688 and 05-1386 (the "Class Action"), pending in the United States District Court for the Western District of Pennsylvania (the "District Court");

WHEREAS, the Debtors desire to retain Tilghman & Co., P.C. ("Tilghman") to act on their behalf in providing notice of the Settlement Agreement to class members and related administrative and ministerial services; and

WHEREAS, Tilghman has agreed to serve as the noticing agent in connection with the Class Action, subject to the terms and conditions set forth herein:

NOW, THEREFORE, to effectuate the foregoing, the Debtors and Tilghman agree as follows:

1.    Tilghman is retained to provide notice of the Settlement Agreement to class members and related administrative and ministerial services.

2.    (a)  Tilghman agrees to treat as "Confidential Information" (i) any and all documents and information relating to the Settlement Agreement, including, without limitation, the class members' account numbers and account information, and (ii) all documents and information relating to the terms of and its activities under this Agreement.  Tilghman shall not use any Confidential Information for any purpose other than settlement of the Class Action, and shall not disclose any Confidential Information to any other person or entity, except that any documents in its possession relating to its activities under this Agreement may be made available

ny-1098383

for reasonable inspection by the Court, the Debtors, or Walters Bender Strohbehn & Vaughan, P.C. and Carlson Lynch Ltd. (together, "Class Counsel"), or otherwise in accordance with the Settlement Agreement.  Notwithstanding the foregoing, nothing herein shall prevent Tilghman from retaining one or more subcontracting parties for the purpose of performing tasks which are reasonably necessary in connection with the administration of the Settlement Agreement; provided that, prior to disclosing any Confidential Information to any such third party, Tilghman shall have obtained an agreement from such third party to refrain from further disclosure of Confidential Information and to use any such Confidential Information only as necessary to perform the administrative tasks associated with the Settlement Agreement.

(b)     If Tilghman is requested or required (by any means, including oral questions, interrogatories, requests for information or documents, subpoenas, civil investigative demands or similar processes) to disclose any Confidential Information, or any material containing or reflecting Confidential Information, Tilghman shall provide the Debtors with prompt notice of such request or requirement so that the Debtors may seek a protective order or other appropriate remedy.  Tilghman shall cooperate with the Debtors in any effort made by the Debtors to seek such a protective order or other appropriate remedy.  In the event that such protective order or other remedy is not obtained, or in the event that the Debtors waive compliance with the provisions hereof, Tilghman agrees to furnish only that portion of the Confidential Information which Tilghman is legally required to produce and to exercise its reasonable efforts to obtain assurance that confidential treatment will be afforded such Confidential Information.

3.     Pursuant to the Gramm-Leach-Bliley Act of 1999, Tilghman shall only disclose Confidential Information which has been provided to it by the Debtors where such information has been ordered to be disclosed by the Court, or where such information must be disclosed in conjunction with Tilghman's administration work in connection with the Class Action; or where such information must otherwise must be disclosed in order to comply with federal, state or local laws requiring as much.

ny-1098383

4.  The Debtors and Class Counsel shall have the right at any time to inspect Tilghman's records regarding the administration of the Settlement Agreement.

5.  On a monthly basis Tilghman shall bill the Debtors for costs and expenses incurred.  As required by the Settlement Agreement, copies of the invoice will be provided to Class Counsel.  Tilghman shall charge standard and customary rates, as shown on Exhibit A hereto, for the services rendered by its personnel.  Tilghman agrees to utilize those personnel whose skills (and billing rates) are reasonable and appropriate for the tasks to be performed.  Tilghman's statements for services rendered shall include an itemization of the work performed, the time spent and the job classification of the person who performed the work, and will record services rendered in .25 hour increments.

6.  Tilghman intends to apply to the Bankruptcy Court for allowance of compensation and reimbursement of out-of-pocket expenses incurred after the Petition Date in connection with the performance of the administrative services in connection with the Settlement Agreement, subject to Bankruptcy Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, General Order M-447, the guidelines established by the U.S. Trustee, the Bankruptcy Court's *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 797], and any other applicable procedures and orders of the Bankruptcy Court.

7.  In the event the Settlement Agreement is not approved by the Bankruptcy Court, Tilghman will be paid for services performed under this Agreement prior to the date that notice is provided to Tilghman to cease all activities under this Agreement.  In addition, Tilghman will be paid for services which it is reasonably required to perform in order to conclude work on those matters entrusted to it prior to its receipt of such notice.

8.  Tilghman and the Debtors agree to use their best efforts to resolve any dispute arising hereunder by themselves.  If any dispute cannot be so resolved, the parties hereto agree that any dispute arising out of or relating in any way to this Agreement shall be subject to the jurisdiction of the Bankruptcy Court.

DATED this 5th day of August 2013

RESIDENTIAL CAPITAL, LLC,
on behalf of itself and each of its Debtor subsidiaries

BY: _____

ITS: Chief Business Officer

TILGHMAN & CO., P.C.

BY: _____

ITS: President

ny-1098383

<u>Exhibit A</u>

**RATE SCHEDULE**

| <u>Provider</u> | <u>Hourly Rate</u> |
|---|---|
| L. Stephens Tilghman | $200 |
| Supervisory Personnel | $95-$110 |
| Clerical Personnel | |
|     Staff Services | $35-$45 |
|     Data Processing | $75-$95 |

ny-1098383