Katharine I. Crost (New York Bar No. 1391523)
Lorraine S. McGowen (New York Bar No. 2137727)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Telephone:  (212) 506-5000
Facsimile:  (212) 506-5151

*Special Securitization Transactional
and Litigation Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------------------

**THIRD INTERIM APPLICATION OF ORRICK, HERRINGTON & SUTCLIFFE LLP
AS SPECIAL SECURITIZATION TRANSACTIONAL AND LITIGATION COUNSEL
FOR THE DEBTORS FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES INCURRED FOR THE PERIOD
JANUARY 1, 2013 THROUGH APRIL 30, 2013**

For its third interim application for compensation and reimbursement of expenses (the "**Application**") for the period January 1, 2013 through April 30, 2013 (the "**Application Period**"), Orrick, Herrington & Sutcliffe LLP ("**Applicant**"), Special Securitization Transactional and Litigation Counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). This Application has been prepared in accordance with General Order M-446, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, entered January 23, 2013 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, effective January 30, 1996 (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**"). Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as **Exhibit A**.

**BACKGROUND**

**A.    The Chapter 11 Cases**

3. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

2

4.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket Nos. 454, 674].

B.      **Applicant's Retention and Interim Compensation**

6.      On July 27, 2012, the Court entered the *Order Under Section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1 Authorizing the Employment and Retention of Orrick, Herrington & Sutcliffe LLP as Special Securitization Transactional and Litigation Counsel to the Debtors, Nunc Pro Tunc to May 14, 2012* ("**Orrick Retention Order**") [Docket No. 930], approving Applicant's retention.

7.      On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 797].  Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to file and submit monthly fee statements to the Debtors and their counsel, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the United States Trustee (collectively, the "**Notice Parties**").

8.      On March 1, 2013, the Applicant served its eighth monthly fee statement covering the period from January 1, 2013 through January 31, 2013 (the "**Eighth Monthly Fee Statement**") on the Notice Parties.  On April 18, 2013, the Applicant served its ninth monthly fee statement covering the period from February 1, 2013 through February 28, 2013 (the "**Ninth Monthly Fee Statement**") on the Notice Parties.  On April 23, 2013, the Applicant served its

3

tenth monthly fee statement covering the period from March 1, 2013 through March 30, 2013 (the "**Tenth Monthly Fee Statement**") on the Notice Parties.  On May 14, 2013, the Applicant served its eleventh monthly fee statement covering the period from April 1, 2013 through April 30, 2013 (the "**Eleventh Monthly Fee Statement**," and together with the Eighth, Ninth and Tenth Monthly Fee Statements, the "**Monthly Fee Statements**") on the Notice Parties.  The Applicant did not receive any objections to the Monthly Fee Statements.

9. For the convenience of this Court and all parties in interest, attached hereto as **Exhibit B** is a schedule of the total amount of fees incurred under each of the Applicant's internal task codes during the Application Period.

10. The following payments have been received to date and applied to the invoices as follows:  $262,737.21 (May 14-June 30 2012 invoice); $186,457.67 (July 2012 invoice); $147,309.81 (August 2012 invoice); $175,580.48 (September 2012 invoice); $275,302.70 (October 2012 invoice); $90,101.73 (November 2012 invoice); $63,416.22 (December 2012 invoice); $80,012.16 (January 2013 invoice).

11. The Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors.  These records are maintained in the ordinary course of the Applicant's practice.  For the convenience of this Court and all parties in interest, attached hereto as **Exhibit C** is a billing summary for the Application Period, setting forth the name of each attorney and paraprofessional who rendered services during the Application Period, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for

4

each attorney and each paraprofessional at Applicant's current billing rates,[1] and the individual amounts requested for each professional.  The compensation requested by the Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

12. The Applicant also maintains computerized records of all expenses incurred in connection with the performance of professional services.  A detailed summary of the amounts and categories of expenses for which reimbursement is sought is attached hereto as **Exhibit D**.

13. Copies of the Applicant's computerized records of fees and expenses in the format specified by the Guidelines have been served on the Notice Parties with each of the Monthly Fee Statements and are attached hereto as **Exhibit E**.

14. There is no agreement or understanding between the Applicant and any other person, other than partners or associates of the firm, for the sharing of compensation to be received for services rendered in the Chapter 11 cases.

15. The Monthly Fee Statements submitted by the Applicant are subject to a 20% holdback (as is customary in this District) imposed by the Court on the allowance of fees.  The aggregate amount of the Applicant's holdback during the Application Period is $48,323.92.  The Applicant respectfully requests, in connection with the relief requested herein, that the Court allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.

---

[1] Orrick began representing certain of the Debtors more than twenty years ago.  In connection with its longstanding representation, Orrick has historically billed the company at a discounted hourly rate for legal services rendered to the company.  Orrick has agreed to continue to bill at its discounted hourly rates (subject to annual rate increases) during these Chapter 11 cases.  Accordingly, the fees included in Orrick's Monthly Fee Statements reflect Orrick's discounted hourly rates.

5

## DESCRIPTION OF SERVICES AND
## EXPENSES AND RELIEF REQUESTED

16. In general, the Applicant has represented the Debtors in connection with the following aspects of the Chapter 11 cases:

(a) provide advice to the Debtors and Morrison & Foerster (Debtors' lead bankruptcy counsel) regarding contractual provisions in securitization documents and servicing contracts, including with respect to document requirements relating to termination demands and other claims or rights asserted by parties to such operative documents as well as other interested parties;

(b) provide advice to the Debtors and Morrison & Foerster regarding the Debtors' rights and obligations relating to their securitization and servicing agreements, including matters that have arisen in connection with amendments to, or notifications required under the securitization and servicing agreements;

(c) obtain and analyze securitization documents and other relevant documentation regarding the Debtors' securitization and servicing assets and obligations; and

(d) assist the Debtors in the preparation of amendments to securitization documents and servicing agreements with third parties, and in the preparation of documentation related to such amendments, including negotiations with parties to such amendments, rating agencies, and other interested parties.

17. To provide an orderly and meaningful summary of the services rendered by the Applicant on behalf of the Debtors during the Application Period, the Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the Chapter 11 cases. The following is a summary of the most significant professional services rendered by the Applicant during the Application Period organized in accordance with the Applicant's internal system of task codes:

      (a)    **PSA Amendments (Matter 141)**

           **Fees:  $172,506.57; Expenses: $413.50; Hours: 306.40**

Orrick reviewed and analyzed various pooling and servicing agreements. Orrick also responded to comments and questions from the Debtors, Morrison & Foerster, Mayer Brown, Ocwen, certain rating agencies and various whole loan counterparties regarding servicing agreement amendments and related consent. In addition, Orrick responded to inquiries from the Debtors regarding Ocwen and Impac issues and provided updates on the status of the pooling and servicing agreement amendment process. Orrick participated in numerous telephone conferences with the Debtors, Morrison & Foerster, Mayer Brown, Ocwen, various counterparties and others regarding the pooling and servicing agreement amendments. Orrick also reviewed and drafted amendments for various entities and responded to comments regarding the same. In addition, Orrick reviewed numerous securitization deals for an opinion regarding certain omnibus amendments. Orrick also reviewed and responded to an inquiry from the Debtors regarding deal documents for certain accounting financing deals. In addition, Orrick reviewed and revised lost note indemnities and researched certain issues related thereto.

      (b)    **General Bankruptcy Administration (Matter 142)**

           **Fees: $765.70; Expenses: $0.00; Hours: 1.20**

Orrick corresponded with Carpenter Lipps in response to an inquiry regarding FGIC claims. Orrick also reviewed the status of the plan process and corresponded internally regarding the same.

      (c)    **Retention (Matter 143)**[2]

           **Fees: $2,299.00; Expenses: $0.00; Hours: 4.60**

Orrick prepared and filed a third supplemental declaration in support of its employment.

---

[2] Orrick voluntarily reduced its hours in connection with reviewing updated conflict reports for disclosure purposes pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure by 8.30 hours resulting in fees of $5,125.25. Accordingly, Orrick is not seeking compensation from the Debtors' estates for these fees.

  (d)  **Compensation (Matter 144)**[3]

    **Fees: $32,321.85; Expenses: $144.90; Hours: 68.20**

Orrick prepared its monthly fee statements for the months of November 2012, December 2012, January 2013 and February 2013. In addition, Orrick prepared, revised, finalized and filed its second interim fee application and summary exhibits in connection therewith. Orrick also participated telephonically in the Bankruptcy Court hearing regarding the second interim fee applications.

  (e)  **Securitization Questions (Matter 146)**

    **Fees: $2,785.89; Expenses: $0.00; Hours: 4.10**

Orrick reviewed and responded to inquiries from the Debtors regarding an annual certification issue. Orrick also participated in a telephone conference with the Debtors and Morrison & Foerster regarding the same. In addition, per the Debtors' request, Orrick researched certain issues regarding repurchase rights provisions. Orrick also responded to an inquiry from the Debtors regarding the form of issuers.

  (f)  **Resolution of Pre-Bankruptcy Transactions (Matter 148)**

    **Fees: $28,645.04; Expenses: $0.00; Hours 47.90**

Orrick revised a request for withdrawal of a registration statement and communicated with the Debtors and other parties regarding the same. Orrick also reviewed and revised certain mortgage loan purchase agreements and related documents in connection with a FHA loan sale. In addition, Orrick communicated with the Debtors, Sidley & Austin, Kramer Levin, Centerview Partners and others regarding the same. Orrick also analyzed certain tax issues and opinions and advised the Debtors regarding the same. Orrick reviewed and responded to an inquiry from the Debtors regarding REMIC tax returns. Orrick also reviewed various subservicing agreements and securitization agreements to determine certain issues relating to the servicer.

---

[3] During the Application Period, Orrick voluntarily reduced its hours in connection with reviewing, revising and finalizing its monthly time records by 21.80 hours resulting in a voluntary reduction of fees in the amount of $13,461.50. Orrick also voluntarily reduced its hours in connection with defending its second interim fee application in response to the U.S. Trustee's objections by 5.50 hours resulting in fees of $3,396.25. Orrick is aware of Judge Bernstein's August 24, 2010 decision in *In re CCT Communications, Inc.*, Case No. 07-10210, which held that reviewing and editing time records is not compensable. Judge Bernstein also stated that fees incurred in connection with defending against an objection to a fee application are, in some instances, not compensable from a debtor's estate. Accordingly, Orrick is not seeking compensation from the Debtors' estates for any of these fees.

      (g)    **Non-Securitization Issues (Matter 150)**

        **Fees: $2,295.68; Expenses: $0.00; Hours 3.20**

Orrick prepared, reviewed and revised an audit response letter and analyzed certain issues regarding the same.

    18.    The foregoing descriptions of services rendered by the Applicant in the specific project categories are not intended to be exhaustive of the scope of the Applicant's activities in the Chapter 11 cases. The time records attached hereto as **Exhibit E** present more completely the work performed by the Applicant in each project category during the Application Period.

## CONCLUSION

    19.    The Applicant believes that the services rendered during the Application Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330. Further, the expenses requested were actual and necessary for the performance of Applicant's services.

    20.    The Applicant therefore requests an order (i) approving interim compensation in the amount of $241,619.73 and interim reimbursement of expenses in the amount of $558.40,[4] (ii) directing payment of all compensation held back in connection with the Monthly Fee Statements in the aggregate amount of $48,323.92, and (iii) granting such other and further relief as may be just and proper.

---

[4] The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.

9

| | |
|---|---|
| Dated: August 7, 2013<br>New York, NY | */s/ Katharine I. Crost*<br>Katharine I. Crost (New York Bar No. 1391523)<br>Lorraine S. McGowen (New York Bar No. 2137727)<br>ORRICK HERRINGTON & SUTCLIFFE LLP<br>51 W. 52nd Street<br>New York, NY  10019-6142<br>Telephone:  (212) 506-5000<br>Facsimile:   (212) 506-5151<br><br>*Special Securitization Transactional<br>and Litigation Counsel to the Debtors<br>and Debtors in Possession* |

10