UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

-----------------------------------------------------------------

**STIPULATION AND ORDER WITH RESPECT TO THE APPLICATION OF REDWOOD RECOVERY SERVICES, LLC AND ELEVENHOME LIMITED FOR AN ORDER DIRECTING DEBTOR GMAC MORTGAGE, LLC TO PRODUCE DOCUMENTS AND APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

This Stipulation and Order (the "**Stipulation**") is made and entered into by (i) the debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "**Debtors**"), on the one hand, and (ii) Redwood Recovery Services, LLC and Elevenhome Limited (together, "**Redwood**"), on the other. The Debtors and Redwood shall together be referred to as the "**Parties**."

WHEREAS, by application dated June 28, 2013 (the "**Application**"), Redwood moved for the entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), directing Debtor GMAC Mortgage, LLC ("**GMACM**") to produce the documents identified in the document request attached to the Application, a copy of which is attached to this Stipulation as Exhibit A (the "**Document Request**"), and to appear and testify under oath at a Bankruptcy Rule 2004 examination;

WHEREAS, as set forth in the Application, Redwood contends that it holds judgments aggregating more than seventeen million dollars against American Residential Equities, LLC ("**ARE**") and American Residential Equities LIII, LLC, an affiliate of ARE, and Redwood

00210711.1

contends that it has made numerous unsuccessful attempts to obtain discovery from the ARE entities about their assets;

WHEREAS, ARE has asserted substantial claims and commenced an adversary proceeding against Debtor GMACM, *American Residential Equities, LLC v. GMAC Mortgage, LCC et al.,* Case No. 12-01934 (the "**Adversary Proceeding**"), alleging, among other things, that from 2004 until 2010, GMACM was the servicer of a mortgage loan portfolio owned by ARE, and that GMACM continues to hold assets of ARE;

WHEREAS, GMACM disputes all of ARE's claims asserted in the Adversary Proceeding and moved to dismiss the Adversary Proceeding;

WHEREAS, in a decision dated July 30, 2013, the Court abstained from adjudicating the Adversary Proceeding, dismissed the Adversary Proceeding without prejudice, and modified the automatic stay to permit the Florida Action (defined below) to proceed as against GMACM;

WHEREAS, Redwood takes no position at this time with respect to ARE's allegations against GMACM, but rather seeks documents and information about the assets of the ARE entities;

WHEREAS, the Parties have reached an agreement in resolution of the relief requested in the Application under which the Debtors shall produce certain agreed-upon documents to Redwood, on the terms and conditions contained herein and subject to Court approval of the Stipulation;

NOW THEREFORE, the Parties stipulate and agree as follows:

1. Within ten (10) days of the Court's approval of this Stipulation, GMACM will produce to the undersigned counsel to Redwood those documents in GMACM's possession, custody or control that were produced to ARE in the litigation between ARE and GMACM in the

00210711.1

United States District Court for the Southern District of Florida, Case No. 1:10-cv-21943-ASG (the "**Florida Action**") and that are responsive to Document Requests 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14 and 15.  Redwood shall reimburse GMACM for the actual and reasonable costs of such production, within ten business days of Redwood's receipt of an invoice therefore. The invoice shall be submitted by U.S. mail to Redwood Recovery Services, LLC c/o Levine Kellogg Lehman Schneider + Grossman LLP, 201 S. Biscayne Blvd, 22nd FL, Miami, Florida 33130 and by e-mail to Thomas Lehman, Esq. (trl@lklsg.com) and Lawrence Kellogg, Esq. (lak@lklsg.com).

2.      With respect to Document Request 12, GMACM will produce documents relating to the custodial accounts, including but not limited to remittance advances and trial balances, to the extent that the documents were produced to ARE in the Florida Action.  Bank account statements for the custodial accounts that were not produced by GMACM in the Florida Action will not be produced.

3.      Subject to the following paragraph, no other production will be furnished and no deposition will be taken at this time.

4.      This Stipulation is in full resolution of the relief requested in the Application; <u>provided</u>, however, this Stipulation is without prejudice to the rights of Redwood to seek additional discovery or a deposition at a later time by an appropriate application, and to GMACM's right to object to any such requests.

5.      All document production hereunder shall be governed by the terms of the protective order to be entered by the Court simultaneously herewith, substantially in the form annexed hereto as <u>Exhibit B</u>.

00210711.1

6. This Stipulation is subject to the approval of the Court. If the Stipulation is "so ordered" by the Court it shall become immediately effective and the Application shall be marked "settled."

7. If this Stipulation is not approved by the Court, the Application shall be scheduled for hearing on the next hearing date in these cases that is at least ten (10) days after the date that approval is denied, and any objection to the Application shall be due seven (7) days prior to such hearing date.  If the Stipulation is not approved, nothing contained herein shall be deemed an admission or waiver by any Party hereto.

8. The Court retains jurisdiction as to all matters arising from or related to the implementation of this Stipulation.

9. This Stipulation may only be modified by a writing signed by the Parties hereto or pursuant to further Order of the Court.

10. Each person who executes this Stipulation on behalf of a Party represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

[The rest of this page is intentionally left blank]

Dated: August 5, 2013

| | |
|---|---|
| /s/ Norman S. Rosenbaum, Esq. | /s/ Donna H. Lieberman |
| MORRISON & FOERSTER LLP | HALPERIN BATTAGLIA RAICHT, LLP |
| 1290 Avenue of the Americas | 40 Wall Street, 37th floor |
| New York, NY 10104 | New York, NY 10005 |
| Telephone: 212-468-8000 | Telephone: 212-765-9100 |
| | |
| *Counsel to the Debtors and Debtors in Possession* | -and- |
| | /s/ Thomas R. Lehman |
| | LEVINE KELLOGG LEHMAN SCHNEIDER + GROSSMAN LLP |
| | 201 South Biscayne Blvd., 22nd floor |
| | Miami, FL 33131 |
| | Telephone: 305-403-8700 |
| | |
| | *Co-counsel to Redwood Recovery Services, LLC and Elevenhome Limited* |

**SO ORDERED.**

Dated: August 7, 2013
        New York, New York

                                          **/s/Martin Glenn**
                                               MARTIN GLENN
                                United States Bankruptcy Judge

# EXHIBIT A

**(Document Request)**

## EXHIBIT 1 – REQUEST FOR PRODUCTION OF DOCUMENTS

### I. INSTRUCTIONS

     A.    If any Document is withheld from production under a claim of privilege or other exemption from production, state the title and nature of the Document, and furnish a list signed by the attorney of record giving the following information with respect to each Document withheld:

        i.    the name and title of the author and/or sender and the name and title of the recipient;

        ii.    the date of the Document's origination;

        iii.    the name of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the Document;

        iv.    the name and position, if any, of each person to whom the contents of the Documents has been communicated by copy, exhibition, reading or substantial summarization;

        v.    a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of the Document is limited to legal advice or information provided for the purpose of securing legal advice; and

        vi.    the identity and position, if any, of the person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

     B.    If any Documents requested were at one time in existence, but not longer exist, please so state, specifying in detail for each Document: the type of Document, the types of information contained therein, the date upon which it ceased to exist, the identity of all persons having knowledge of the circumstances under which it ceased to exist, and the identity of all persons having knowledge or who had knowledge of the contents thereof.

     C.    In producing Documents, segregate them so they are responsive to each request and note with respect to each group of Documents the request to which it is responsive.

     D.    To the extent available, electronically stored information shall be produced in such format rather than paper copies of requested information.

     E.    Every request for Documents herein shall be deemed a continuing request for production, and the Debtor is to supplement its answers promptly if and when it receives responsive Documents which add to or are in any way inconsistent with the Debtor's initial production.

     F.    These requests are not intended to be duplicative. If there are Documents that are responsive to more than one request below, please note and produce each such Document first in

response to the request that is more specifically directed to the subject matter of the particular Document.

## II. <u>DEFINITIONS</u>

A.  "All Documents" means every Document or group of Documents (as defined below) that are known to you or that can be located or discovered by reasonably diligent efforts.

B.  "And" and "or" shall be construed in the disjunctive or conjunctive as necessary in order to bring within the scope of each request all documents that might otherwise be construed to be outside its scope.

C.  "Bankruptcy Case" means Case No. 12-12032, the Debtor's bankruptcy case pending in the Bankruptcy Court for the Southern District of New York commenced under the Bankruptcy Code as a Chapter 11 case and the bankruptcy cases of the Debtor's affiliates, all of which are jointly administered under Case No. 12-12020.

D.  "Concerning," "In Connection" "Referring," "Reflecting," "Evidencing," "Related To," or "With Regard" means in any way directly or indirectly, concerning, referring to, disclosing, describing, confirming, supporting, evidencing or representing.

E.  "Custodial Account" shall have the meaning set forth in Section 2.04 of the Servicing Agreement, as referenced by the Debtor in paragraph 6 of its Motion for Dismissal of Adversary Proceeding [ECF No. 35; Adv. Proc. No. 12-01934-MG].

F.  "Debtor" means the bankruptcy debtor that filed the Bankruptcy Case, GMAC Mortgage, LLC, as successor by merger to GMAC Mortgage Company, and its attorneys, agents, representatives, members, officers, directors, employees and/or any persons acting on its behalf.

G.  "Document" means all materials within the full scope of Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure, including any original or copy of a document in your custody, possession of control, including, but not limited to, any printed, written, recorded, taped, electronically stored, graphic, or other tangible matter from whatever source, however produced or reproduced, whether in draft or otherwise, whether sent or received or neither, including the original, all amendments and addenda and any non-identical copy (whether different from the original because of notes made on or attached to such copy or otherwise) of any and all writings, correspondence, letters, telegrams, telex communications, cables, notes, notations, papers, newsletters, memoranda, inter-office communications, releases, agreements, contracts, books, pamphlets, notes or other record of indebtedness, loan files, mortgage documents, records of UCC filings or mortgage recordings, transfer or assignment doucments, studies, minutes of meetings, recordings or other memorials of any type of personal or telephone conversations, meetings or conferences (including, but not limited to, telephone bills and long distance charge slips), reports analyses, evaluations, estimates, projections, forecasts, receipts, statements, accounts, books of account, diaries, calendars, desk pads, appointment books, stenographer's notebooks, transcripts, ledgers, registers, worksheets, journals, statistical records, cost sheets, summaries, lists, tabulations, digests, cancelled or uncancelled checks or drafts, wire transfer instructions or confirmations, vouchers, charge slips, invoices, purchase orders, hotel charges, accountant's reports, financial statements, newspapers, periodical or magazine materials, and any material underlying, supporting or used in the preparation of any documents or record whatsoever.

{00208839.1 / 1009-001 }

  H. "Loan" means each and every individual mortgage loan serviced by the Debtor under the Servicing Agreement.

  I. "Mortgage" means each and every individual mortgage, deed of trust or other instrument securing a Note that is the associated with a Loan.

  J. "Note" means a promissory note or other evidence of indebtedness secured by a Mortgage.

  K. "Person" means any individual natural person, partnership, association, firm, corporation, organization, trust, governmental or public entity, and/or any of its agents, employees, assigns or representatives.

  L. "Remittance Advice" shall have the meaning as used in Section 3.02 of the Servicing Agreement, as referenced by the Debtor in paragraph 8 of its Motion for Dismissal of Adversary Proceeding [ECF No. 35; Adv. Proc. No. 12-01934-MG].

  M. "Servicing Advances" shall have the meaning as defined on page 10 of the Servicing Agreement, and as referenced by the Debtor in paragraph 7 and footnote 6 of its Motion for Dismissal of Adversary Proceeding [ECF No. 35; Adv. Proc. No. 12-01934-MG].

  N. "Servicing Agreement" means the July 29, 2004 Servicing Agreement between American Residential Equities, LLC, as "Owner", and GMAC Mortgage Corporation, as "Servicer", and all exhibits and amendments thereto. A true and correct copy of the Servicing Agreement is available as filed in Adversary Proceeding No. 12-01934 and attached to the Plaintiff's First Amended Complaint, ECF No. 26.

  O. "You" and "Your" means the Debtor, its attorneys, agents, representatives and/or any persons acting on its behalf with respect to the Bankruptcy Case.

  P. As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

### III. DOCUMENTS REQUESTED

  1. All Notes in the Loan files.

  2. All Mortgages in the Loan files.

  3. All closing statements in the Loan files.

  4. All Documents related to assignments of the Mortgages including, but not limited to, recorded copies of each assignment and copies of checks and wire transfer instructions showing payment of related fees.

  5. All allonges to the Notes in the Loan files.

6. All Documents related to the modification of Loans.

7. Amortization schedules for the Loans.

8. All Documents related to Loan payment records.

9. All Documents related to current broker price opinions and original appraisals associated with the Mortgages or Loans.

10. All legal filings and letters to borrowers concerning the Loans.

11. All Documents concerning asset purchase agreements, including exhibits, related to the Loans including, but not limited to: legal opinions, all reports that list the Loans acquired and details about the loans acquired, proof of payment and closing of the sale.

12. All Documents related to the Custodial Account.

13. All Remittance Advices and Documents related thereto.

14. All Documents related to unreimbursed Servicing Advances.

15. All Documents related to the transfer, assignment and/or modification of the Servicing Agreement.

# EXHIBIT B

**(Protective Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

-------------------------------------------------------------

PROTECTIVE ORDER WITH RESPECT TO THE APPLICATION OF REDWOOD RECOVERY SERVICES, LLC AND ELEVENHOME LIMITED FOR AN ORDER DIRECTING DEBTOR GMAC MORTGAGE, LLC TO PRODUCE DOCUMENTS AND APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

**1.    PURPOSES AND LIMITATIONS**

1.1    On June 28, 2013, Redwood Recovery Services, LLC ("Redwood") and Elevenhome Limited ("Elevenhome", and together with Redwood, the "Applicants") filed a *Notice of Application by Redwood Recovery Services, LLC and Elevenhome Limited for an Order Directing Debtor GMAC Mortgage, LLC to Produce Documents and Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "Application") [Docket No. 4111].

1.2    The Applicants assert that they hold judgments totaling over $17 million (the "Judgments") against American Residential Equities, LLC, plaintiff in *American Residential Equities, LLC v. GMAC Mortgage, LCC et al.,* Case No. 12-01934 (the "Adversary Proceeding"), and one of ARE's affiliates, American Residential Equities LIII, LLC (together, "ARE"). The Applicants assert that the Judgments give the Applicants a direct interest in all of ARE's assets subject to execution, including, without limitation, any recoveries against debtor GMAC Mortgage, LLC ("GMACM") in the Adversary Proceeding, the Florida Action (as defined in the Stipulation) and these bankruptcy cases generally . Accordingly, in the

00210711.1

Application, the Applicants request GMACM to produce certain documents relating to the Adversary Proceeding and the Florida Action.

1.3    GMACM has agreed to produce certain documents to the Applicants pursuant to the terms of a *Stipulation and Order with Respect to the Application of Redwood Recovery Services, LLC and Elevenhome Limited for an Order Directing Debtor GMAC Mortgage, LLC to Produce Documents and Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* that is being entered into contemporaneously herewith (the "Stipulation").  GMACM will be producing Confidential Material (as defined below), including personally identifying Borrower Information (as defined below) subject to the protection of the Gramm-Leach-Bliley Act and equivalent federal and state laws and regulations, and other private or commercially sensitive information for which special protection from public disclosure and from use for any purpose other than enforcement and collection of the Judgments from ARE and its principals, affiliate judgment debtors and transferees is warranted.  Accordingly, the Applicants and GMACM hereby stipulate to and petition the Court to enter the following stipulated protective order (the "Order") pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence.

**2.    DEFINITIONS**

2.1    Borrower Information: any information relating to any non-party to the Order that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, including, but not limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial or credit information for any person together with personally identifiable information with

00210711.1

respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.

2.2     Confidential Material: all items and information produced or given by GMACM in response to the Application -- regardless of the medium or manner generated, stored, or maintained and regardless of whether such items and information are designated by GMACM as confidential -- except that documents that (i) have been publicly filed or recorded or (ii) are lawfully obtained by the Applicants from a source other than GMACM are not Confidential Material.

**3.    SCOPE**

3.1     The protections conferred by this Order cover not only Confidential Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Applicants or their counsel in settings that might reveal Confidential Material.

**4.    DURATION**

4.1     The confidentiality obligations imposed by this Order shall remain in effect until GMACM agrees otherwise in writing or this Court orders otherwise.

**5.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

5.1     The Applicants may access or use Confidential Material that is disclosed or produced by GMACM only in connection with the enforcement and collection of the Judgments from ARE and its principals, affiliate judgment debtors and transferees. Except as required by law (including court order or subpoena), Confidential Material may not be used for any other purpose. Confidential Material may be disclosed only to the categories of persons and under the

conditions described in this Order. Following expiration of the Judgments, the Applicants must comply with the provisions of section 8 of this Order.

    5.2    Confidential Material must be stored and maintained by the Applicants at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    5.3    <u>Disclosure of Confidential Material</u>: Unless otherwise permitted in writing by GMACM or ordered by the Court, Confidential Material may be disclosed only to the following persons:

    (a)    the Applicants and their members, officers, directors and employees;

    (b)    the Applicants' counsel;

    (c)    experts, independent contractors and/or consultants retained by the Applicants or their counsel to serve as an expert witness or consultant or to otherwise assist Applicants in connection with the enforcement and collection of the Judgments, <u>provided</u> that any part of a report created by such experts, independent contractors or consultants incorporating Confidential Material in whole or in part shall be designated appropriately as confidential; and <u>provided further</u> that such persons/entities agree to preserve the confidentiality of Confidential Material and to be bound by the terms of this Order and may not use Confidential Material to their competitive advantage or for any purpose that does not relate to the Applicants' enforcement and collection of the Judgments;

00210711.1

(d)     a court and its personnel, court reporters and/or videographers and their staffs, to the extent that such disclosure is reasonably necessary for the collection of the Judgments from ARE;

(e)     deponents or witnesses, and their counsel, to the extent that such disclosure is reasonably necessary for the collection of the Judgments ; <u>provided</u> that such parties and their counsel agree to preserve the confidentiality of Confidential Material and to be bound by the terms of this Order;

(f)     any other person or entity agreed to by GMACM in writing.

5.4     <u>Retention of Confidential Material:</u> Unless otherwise agreed to by GMACM in writing or ordered by the Court, no persons or entities who have been shown Confidential Material shall retain copies thereof.

**6.     UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

6.1     If the Applicants learn that, by inadvertence or otherwise, they have disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Applicants must, as soon as practicable, but in any event, not longer than two (2) weeks after discovery by counsel of record of the disclosure, (a) notify in writing GMACM of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order. The Applicants agree that irreparable harm would occur in the event of unauthorized disclosure of Confidential Material. Accordingly, GMACM shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Material.

00210711.1

**7.    FILING CONFIDENTIAL MATERIAL**

7.1    In the event that in connection with any hearing or motion filed in the collection of the Judgments, counsel for the Applicants determines to file or submit in writing to the Clerk of Court's office any Confidential Material, or any papers containing or making reference to the substance of such material or information, unless GMACM agrees in writing otherwise, such documents or portions thereof containing or making reference to such material or information shall be filed with a request that the documents be filed under seal in accordance with the rules of the Court or administrative tribunal, and kept under seal until further order of the Court or tribunal. In the event that the Court or administrative tribunal denies the request for filing under seal, the Applicants shall promptly notify counsel to GMACM of such denial and unless required to file earlier pursuant to Court or administrative order, the Applicants shall not file such Confidential Material with the Court until at least five business days after notice to counsel to GMACM, in order to provide GMACM with an opportunity to object to the filing.

**8.    FINAL DISPOSITION**

8.1    Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by GMACM, within sixty (60) calendar days after the expiration of the Judgments, the Applicants shall undertake reasonable efforts to return to GMACM all Confidential Material or, at the option of GMACM, to destroy all Confidential Material. In either case, the Applicants shall provide GMACM with a certification stating that it has taken reasonable efforts to destroy or return the Confidential Material.

8.2    If the Applicants take the position that they cannot comply with the return or destruction provisions of this section within the 60-day destruction period, and that they must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law

or other regulatory authority" provision of this section, then they must, in their certification, (i) state the law or other regulatory authority they believe requires them to retain those documents, and (ii) describe the documents they intend to retain pursuant to that law or regulatory authority. Any such archival copies that are subject to this Order shall remain subject to this Order until GMACM agrees otherwise in writing or this Court orders otherwise.

8.3     This Order shall survive the expiration of the Judgments, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of the Adversary Proceeding. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for GMACM or by an Order of the Court.

**9.     PRODUCTION OF BORROWER INFORMATION BY GMACM**

9.1     To the extent any federal or state law or other legal authority governing the disclosure or use of Borrower Information (hereinafter, "<u>Borrower Information Law</u>") conditions disclosure of such information on obtaining an order of a court, this Order shall constitute compliance with such requirement.

9.2     To the extent any Borrower Information Law requires a producing party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Borrower Information, the Court finds that, in view of the protections provided for in this Order and the volume of documents to be produced, there is good cause to excuse such requirement and this Order shall constitute an express direction that GMACM is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Borrower Information.

00210711.1

9.3    To the extent that any Borrower Information Law requires that any person or entity be notified prior to disclosure of Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for in this Order and the volume of documents to be produced, GMACM is explicitly prohibited from providing such notice prior to the production described in this Order.

## 10.  SUBPOENA BY OTHER COURTS OR AGENCIES

10.1    If another court or an administrative agency subpoenas or orders production of Confidential Material produced in response to the Application and subject to this Order, the Applicants shall promptly notify GMACM of the pendency of such subpoenas or order and provide GMACM with an opportunity to object to the production.  If, in the absence of a protective order or the receipt of a waiver hereunder, Applicants are, nonetheless, compelled to disclose Confidential Information or else stand liable for contempt or suffer other censure or penalty, Applicants may disclose such information pursuant to such request or requirement without liability hereunder.

## 11.  RESPONSIBILITY OF ATTORNEYS

11.1    The Applicants' primary counsel of record, Levine Kellogg Lehman Schneider + Grossman LLP, shall notify the Applicants of their obligations hereunder and provide the Applicants with a copy of this Order.

## 12.  MISCELLANEOUS

12.1    <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, GMACM does not waive any rights it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, GMACM does not

00210711.1

waive any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

12.2    Governing Law: Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York without regard to conflict of law principles. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

DONE AND ORDERED this ___ day of _____, 2013.

_____
UNITED STATES BANKRUPTCY JUDGE

00210711.1