Hearing Date:  September 11, 2013 at 10:00 a.m. (ET)
Objection Deadline:  August 21, 2013 at 4:00 p.m. (ET)

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**

101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher

*Conflicts Counsel for the Debtors and*
  *Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Case No. 12-12020 (MG) |
| | : | |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] | : | Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |

------------------------------------------------------------------x

**SUMMARY OF THE THIRD INTERIM APPLICATION OF CURTIS,
MALLET-PREVOST, COLT & MOSLE LLP, AS CONFLICTS COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE AND PAYMENT OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM JANUARY 1, 2013 THROUGH AND INCLUDING APRIL 30, 2013**

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in support of
the Debtors' "first day" pleadings, dated May 14, 2012 [Docket No. 6].

| | |
|---|---|
| NAME OF APPLICANT: | CURTIS, MALLET-PREVOST, COLT & MOSLE LLP |
| AUTHORIZED TO PROVIDE PROFESSIONAL SERVICES TO: | RESIDENTIAL CAPITAL, LLC., *ET AL.* DEBTORS AND DEBTORS-IN-POSSESSION |
| DATE CASE FILED: | MAY 14, 2012 |
| DATE OF RETENTION: | ORDER ENTERED ON JULY 16, 2012, RETAINING CURTIS, MALLET-PREVOST, COLT & MOSLE LLP *NUNC PRO TUNC* TO MAY 14, 2012 [DOCKET NO. 781] |
| PERIOD FOR WHICH COMPENSATION AND REIMBURSEMENT IS SOUGHT: | JANUARY 1, 2013 THROUGH AND INCLUDING APRIL 30, 2013 |
| AMOUNT OF COMPENSATION SOUGHT AS ACTUAL, REASONABLE AND NECESSARY: | $1,480,650 |
| AMOUNT OF EXPENSE REIMBURSEMENT SOUGHT AS ACTUAL, REASONABLE AND NECESSARY: | $3,085.90 |
| TOTAL COMPENSATION AND EXPENSE REIMBURSEMENT REQUESTED: | $1,483,735.90 |
| TOTAL COMPENSATION AND EXPENSES PREVIOUSLY REQUESTED AND AWARDED: | $1,109,289.40[2] |
| BLENDED RATE OF PROFESSIONALS AND PARAPROFESSIONALS: | $503.52 |
| BLENDED RATE OF PROFESSIONALS: | $515.58 |

---

[2] *See Order Granting Applications for Allowance of Interim Compensation and Reimbursement of Expenses* [Docket No. 2530] (the "First Interim Compensation Order") and *Order Granting Applications for Allowance of Interim Compensation and Reimbursement of Expenses* [Docket No. 3556] (the "Second Interim Compensation Order").

15638010

This is a(n):   _____ monthly   __X__ interim   _____ final application.

| Interim Fee Period | Fees Requested | Fees Allowed | Fees Held Back | Fees Paid | Expenses Requested | Expenses Paid |
|---|---|---|---|---|---|---|
| May 14, 2012 – Aug. 31, 2012 | $496,548.50 | $486,689.25 | $48,668.93 | $436,538.73 [3] | $3,093.40 | $3,092.50 |
| Sept. 1, 2012 – Dec. 31, 2012 | $623,725.50 | $617,369.55 | $61,736.95 | $384,554.00 [4] | $2,137.20 | $901.50 |

**Summary of Monthly Fee Statements for the Third Interim Fee Period**
**(January 1, 2013 Through and Including April 30, 2013)**

| Date Served | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 4/19/13 | 1/1/13-1/31/13 | $184,279.50 | $938.70 | $0.00 | $0.00 | $36,855.90 |
| 5/22/13 | 2/1/13-2/28/13 | $339,817.50 | $1,004.60 | $0.00 | $0.00 | $67,963.50 |
| 6/24/13 | 3/1/13-3/31/13 | $400,102.00 | $43.70 | $0.00 | $0.00 | $80,020.40 |
| 7/26/13 | 4/1/13-4/30/13 | $556,451.00 | $1,098.90 | $0.00 | $0.00 | $111,290.20 |
| **TOTAL** | 1/1/13-4/30/13 | $1,480,650.00 | $3,085.90 | $0.00 | $0.00 | $296,130.00 |

---

[3]   In the First Interim Compensation Order, the Court allowed Curtis' fees in the amount of $486,689.25, subject to a hold-back amount equal to ten (10%) percent or $48,668.92. At the request of the Debtors, Curtis subsequently reduced one of its invoices attributable to the First Interim Fee Period by $750. In accordance with this adjustment, Curtis has reduced the corresponding amount applied on account of the First Interim Fee Period pursuant to the First Interim Compensation Order and the remaining amounts sought in this Application.

[4]   In the Second Interim Compensation Order, the Court allowed Curtis' fees in the amount of $617,369.55 subject to a hold-back amount equal to ten (10%) percent or $61,736.95. As of the date of the Application, fees and expenses allowed for the month of December 2012 and the amount of holdback released pursuant to the Second Interim Compensation Order were unpaid.

15638010

### Summary of Hours Billed By
### Professionals and Paraprofessionals For The Third Interim Fee Period
### (January 1, 2013 Through and Including April 30, 2013)

| Name | Department and Year Admitted (NY) | Hourly Billing Rate | Total Hours Worked | Total Compensation Requested |
|---|---|---|---|---|
| **Partners** | | | | |
| Steven J. Reisman | Restructuring and Insolvency Admitted 1991 | $830 | 296.30 | $245,929.00 |
| Turner P. Smith | Litigation Admitted 1981 | 830 | 4.00 | 3,320.00 |
| Andrew H. Seiden | Corporate Admitted 1993 | 800 | 6.20 | 4,960.00 |
| Michael J. Moscato | Litigation Admitted 1982 | 785 | 38.90 | 30,536.50 |
| Michael A. Cohen | Restructuring and Insolvency Admitted 2000 | 730 | 0.50 | 365.00 |
| Theresa A. Foudy | Litigation Admitted 1994 | 730 | 384.90 | 280,977.00 |
| | **Total Partners** | | **730.80** | **$566,087.50** |
| **Of-Counsel** | | | | |
| Maryann Gallagher | Restructuring and Insolvency Admitted 1988 | $625 | 325.80 | $203,625.00 |
| | **Total Of-Counsel** | | **325.80** | **$203,625.00** |
| **Associates** | | | | |
| James V. Drew | Restructuring and Insolvency Admitted 2002 | $590 | 0.20 | $118.00 |
| Andrew B. Zinman | Litigation Admitted 1996 | 590 | 50.90 | 30,031.00 |
| Daniel A. Bloom | Restructuring and Insolvency Admitted 2009[5] | 480 | 501.30 | 240,624.00 |
| Julia B. Mosse | Litigation Admitted 2010 | 435 | 61.10 | 26,578.50 |
| Peter J. Buenger | Restructuring and Insolvency Admitted 2010[6] | 425 | 85.80 | 36,465.00 |

---

[5]    Daniel A. Bloom was admitted in New Jersey in 2008.

[6]    Peter J. Buenger was admitted in Georgia in 2009.

15638010

| Name | Department and Year Admitted (NY) | Hourly Billing Rate | Total Hours Worked | Total Compensation Requested |
|------|-----------------------------------|---------------------|--------------------|------------------------------|
| Joseph F. Clyne | Litigation<br>Admitted 1984 | $425 | 0.40 | $170.00 |
| J. Derek Mize | Litigation<br>Admitted 2009 | 425 | 146.90 | 62,432.50 |
| Kevin Arthur Meehan | Litigation<br>Admitted 2009 | 375 | 3.60 | 1,350.00 |
| A. Robert Dawes | Litigation<br>Admitted 2012 | 350 | 103.40 | 36,190.00 |
| James E. Zimmer | Restructuring and Insolvency<br>Admitted 2011 | 345 | 54.00 | 18,630.00 |
| Edward Combs | Litigation<br>Admission Pending | 305 | 125.70 | 38,338.50 |
| Bryan M. Kotliar | Restructuring and Insolvency<br>Admission Pending | 305 | 578.30 | 176,381.50 |
| Stephanie R. Morris | Litigation<br>Admission Pending | 305 | 18.40 | 5,612.00 |
| John Thomas Weber | Restructuring and Insolvency<br>Admission Pending | 305 | 28.10 | 8,570.50 |
| **Total Associates** | | | **1,758.10** | **$681,491.50** |
| **Paraprofessionals** | | | | |
| Farai Chidavaenzi | Not Applicable | $235 | 1.50 | $352.50 |
| Georgia Faust | Not Applicable | 235 | 56.90 | 13,371.50 |
| Franklin Guenthner | Not Applicable | 235 | 1.20 | 282.00 |
| Brittany Patane | Not Applicable | 235 | 0.30 | 70.50 |
| Melissa Rutman | Not Applicable | 235 | 18.00 | 4,230.00 |
| Rebecca Srulowitz | Not Applicable | 235 | 19.90 | 4,676.50 |
| Alana Dreiman | Not Applicable | 230 | 28.10 | 6,463.00 |
| **Total Paraprofessionals** | | | **125.90** | **$29,446.00** |
| **Total** | | | **2,940.60** | **$1,480,650.00** |

15638010

| | |
|---|---|
| Total Billed Hours for Attorneys ................................ | 2,814.70 |
| Total Billed Hours for Paraprofessionals .................... | 125.90 |
| Total Billed Hours .................................................... | 2,940.60 |
| Total Fee Requested .................................................. | $1,480,650.00 |
| Blended Rate for Attorneys and Paraprofessionals ..... | $503.52 |
| Blended Rate for Attorneys ........................................ | $515.58 |

15638010

# TABLE OF CONTENTS

**Page**

JURISDICTION ................................................................................................... **2**

COMPLIANCE WITH THE GUIDELINES ................................................... **3**

DISCLOSURE OF COMPENSATION AND REQUESTED AWARD …………………........... **4**

BACKGROUND …………………........................................................................ **6**

SUMMARY OF PROFESSIONAL SERVICES …………………................................... **9**

REASONABLE AND NECESSARY SERVICES RENDERED BY
CURTIS…………………........................................................................ **19**

ACTUAL AND NECESSARY EXPENSES INCURRED BY CURTIS …………………........... **20**

CURTIS' REQUESTED COMPENSATION AND REIMBURSEMENT SHOULD BE
ALLOWED …………………........................................................................ **21**

NO PRIOR REQUEST …………………. ...................................................... **23**

NOTICE…………………........................................................................ **23**

CONCLUSION …………………. .................................................................. **24**

# EXHIBITS

Exhibit A      Certification of Steven J. Reisman

Exhibit B      Summary of Time by Project Category for the Third Interim Fee Period

Exhibit C      Summary of Time Billed by Attorneys and Paraprofessionals for the Third Interim Fee Period

Exhibit D      Summary of Expenses and Disbursements for the Third Interim Fee Period

Exhibit D-1    Detail of Expenses and Disbursements for the Third Interim Fee Period

Exhibit E      Time Records for the Third Interim Fee Period

15638010

## TABLE OF AUTHORITIES

**Statutes**                                                                    **Page(s)**

11 U.S.C. § 327 ..........................................................................................    **1, 2, 21**

11 U.S.C. § 330(a) .....................................................................................    **1, 2, 21, 22, 24**

11 U.S.C. § 331 ……………… ...................................................................    **1, 2, 21**

11 U.S.C. § 503(b) ……………… ..............................................................    **1, 2**

28 U.S.C. § 157(b)(2) ……………… .........................................................    **2**

28 U.S.C. § 1334 ……………… ................................................................    **2**

28 U.S.C. § 1408 ……………… ................................................................    **2**

**Other Authorities**

Fed. R. Bankr. P. 2016 ……………… ........................................................    **1, 2, 9**

Local Bankruptcy Rule 2016-1 ……………… .............................................    **1, 2**

15638010

Hearing Date:  September 11, 2013 at 10:00 a.m. (ET)
Objection Deadline:  August 21, 2013 at 4:00 p.m. (ET)

**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher

*Conflicts Counsel for the Debtors and*
 *Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re:                                                    :    Case No. 12-12020 (MG)
                                                          :
RESIDENTIAL CAPITAL, LLC, et al.,[1]                      :    Chapter 11
                                                          :
                                    Debtors.              :    Jointly Administered
----------------------------------------------------------------x

**THIRD INTERIM APPLICATION OF
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP AS CONFLICTS COUNSEL TO
THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM JANUARY 1, 2013 THROUGH AND INCLUDING APRIL 30, 2013**

Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), conflicts counsel for the debtors

and debtors in possession (collectively, the "Debtors"), in the above-captioned Chapter 11 cases

(these "Chapter 11 Cases"), submits this third interim application (the "Application") pursuant to

sections 327, 330(a), 331, and 503(b) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") and Rule 2016-1 of the Local Bankruptcy Rules for the Southern

---

[1]     The names of the Debtors in these cases and their respective tax identification numbers are identified on
Exhibit 1 to the affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in support of
the Debtors' "first day" pleadings [Docket No. 6], dated May 14, 2012.

District of New York (the "Local Bankruptcy Rules") for (a) the interim allowance of compensation in the aggregate amount of $1,480,650 for professional services performed and the reimbursement of actual and necessary expenses in the aggregate amount of $3,085.90 incurred by Curtis during the period from January 1, 2013 through and including April 30, 2013 (the "Third Interim Fee Period"); (b) payment of the unpaid portion of such allowed fees and expenses, including amounts held back pursuant to the Interim Compensation Order (as defined herein) in the amount of $296,130 (the "Holdback"); and (c) payment of $110,330.87, which represents 10% of fees that were allowed on an interim basis but held back relating to the periods from May 12, 2012 through August 31, 2012 (the "First Interim Fee Period") and September 1, 2012 through December 31, 2012 (the "Second Interim Fee Period").[2]   In support of the Application, Curtis respectfully states as follows.

## Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. § 1408.

3.      The bases for the relief requested herein are sections 327, 330(a), 331, and 503(b) of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1.

---

[2]      In the First Interim Compensation Order, the Court allowed Curtis' fees in the amount of $486,689.25, subject to a holdback equal to ten (10%) percent, or $48,668.92. At the request of the Debtors, Curtis subsequently reduced one of its invoices attributable to the First Interim Fee Period by $750.  In accordance with this adjustment, Curtis has reduced the corresponding amount applied on account of the First Interim Fee Period and the remaining amounts sought in this Application.  In the Second Interim Compensation Order, the Court allowed Curtis' fees in the amount of $617,369.55, subject to a hold-back amount equal to ten (10%) percent or $61,736.95.

15638010

## Compliance with the Guidelines

4.     The Application was prepared in accordance with (a) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines") established and adopted by the Court pursuant to *General Order M-447*, (b) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, adopted on January 30, 1996 (the "UST Guidelines"), and (c) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 797] (the "Interim Compensation Order" and, together with the Local Guidelines and the UST Guidelines, collectively, the "Guidelines").

5.     Pursuant to, and consistent with, the relevant requirements of the Guidelines, as applicable, the following exhibits are annexed hereto:

a.     **Exhibit A** contains a certification by the undersigned counsel regarding compliance with the Guidelines;

b.     **Exhibit B** contains a list of Curtis' project categories, in accordance with the activity codes recommended by the Guidelines, and the total time billed to each category;

c.     **Exhibit C** contains a billing summary for the Third Interim Fee Period that includes the name of each attorney and paraprofessional for whose work compensation is sought, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each professional and each paraprofessional and the corresponding hourly billing rate at Curtis' current billing rates, and an indication of the individual amounts requested as part of the Application;

d.     **Exhibit D** contains a summary of Curtis' total actual and necessary out-of-pocket expenses and disbursements during the Third Interim Fee Period. In addition, attached hereto as **Exhibit D-1** is a schedule of all the expenses incurred during the Third Interim Fee Period; and

e.     **Exhibit E** contains Curtis' time records and expenses for the Third Interim Fee Period prepared and submitted in accordance with the Guidelines.

15638010

## Disclosure of Compensation and Requested Award

6.      By the Application, Curtis requests (a) an aggregate award for the Third Interim Fee Period of $1,480,650 for fees for services rendered and $3,085.90 for reimbursement of actual expenses, for a total request of $1,483,735.90; (b) payment of the Holdback; and (c) payment of the ten (10%) percent of fees that were allowed on an interim basis but held back relating to the First Interim Fee Period and the Second Interim Fee Period.[3]

7.      Pursuant to the Interim Compensation Order, Curtis has already received a total of $821,092.73 for legal services provided to the Debtors for the First and Second Interim Fee Periods and $3,994.00 for expenses incurred in connection therewith, which represents approximately 90% of Curtis' legal fees and 100% of out-of-pocket expenses incurred and submitted by Curtis during the First Interim Fee Period and approximately 80% of Curtis' legal fees and 100% of out-of-pocket expenses incurred and submitted by Curtis during the Second Interim Fee Period for September 1, 2013 through November 30, 2013.  Amounts allowed for Curtis' December monthly billing statement remain outstanding.  To date, Curtis has not received payment for fees and expenses requested in connection with the Third Interim Fee Period, but anticipates that payments will be made prior to the hearing on the Application.

8.      During the Third Interim Fee Period, after internal review, as a courtesy to the Debtors, Curtis took voluntary reductions in fees in excess of $19,320.00.  In addition, Curtis incurred expenses totaling $32,031.81, which it has not charged to the Debtors in accordance with the terms of its engagement agreement with the Debtors.

9.      Curtis provided the Notice Parties (as defined by the Interim Compensation Order) with the following monthly fee statements:

---

[3]     *See supra* n.2.

4

15638010

a)      For January 1, 2013 through January 31, 2013 – fees of $184,279.50 and expenses of $938.70 (the "January 2013 Fee Statement");

b)      For February 1, 2013 through February 28, 2013 – fees of $339,817.50 and expenses of $1,004.60 (the "February 2013 Fee Statement");

c)      For March 1, 2013 through March 31, 2013 – fees of $400,102 and expenses of $43.70 (the "March 2013 Fee Statement"); and

d)      For April 1, 2013 through April 30, 2013 – fees of $556,451 and expenses of $1,098.90 (the "April 2013 Fee Statement", and together with the January 2013 Fee Statement, the February 2013 Fee Statement, and the March 2013 Fee Statement, the "Monthly Fee Statements").

10.      No objections to the Monthly Fee Statements have been made as of the date hereof.[4] Due to certain time constraints, Curtis was unable to provide the Debtors with a copy of this Application prior to its filing on the docket of these Chapter 11 Cases.

11.      The fees sought in the Application reflect an aggregate of 2,940.60 hours expended by Curtis professionals and paraprofessionals during the Third Interim Fee Period rendering necessary and beneficial legal services to the Debtors at a blended average hourly rate of $503.52 for both attorneys and paraprofessionals (or $515.58 for attorneys only).  Curtis maintains computerized records of the time expended in the performance of the professional services required by the Debtors and their estates.  These records are maintained in the ordinary course of Curtis' practice.  The billing rates charged by Curtis have not changed during the Third Interim Fee Period.

12.      The hourly rates and corresponding rate structure utilized by Curtis in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure predominantly used by Curtis for restructuring, workout, bankruptcy, insolvency and comparable matters, and similar complex corporate matters whether in court or otherwise, regardless of

---

[4]      The deadline to object to the April 2013 Fee Statement is August 14, 2013.

15638010

whether a fee application is required.  The rates and rate structure reflect that Curtis' matters are typically national in scope and generally involve great complexity, high stakes, and severe time pressures.

13.     Curtis' hourly rates are set at a level designed to compensate Curtis fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

14.     Curtis regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary.  Moreover, in accordance with the Guidelines, Curtis regularly reduces its expenses, particularly expenses related to travel and overtime meals.  In addition, in accordance with the terms of Curtis' engagement by the Debtors, Curtis has absorbed the cost of certain categories of expenses that otherwise would be compensable under the Guidelines.

15.     The Application is Curtis' third interim request for compensation for services rendered and reimbursement of expenses incurred as conflicts counsel for the Debtors.

**Background**

***General Background***

16.     On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 14, 2012, the Court entered an order [Docket No. 59] authorizing the joint administration and procedural consolidation of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On May 16, 2012, the United States Trustee for the

Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 102]. On June 28, 2012 the Court entered an order approving the appointment of an examiner pursuant to section 1104(c) of the Bankruptcy Code [Docket No. 536], and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner [Docket No. 674] (the "Examiner"). In May 2013 the Examiner concluded his investigation, and on June 26, 2013, the Court entered an order unsealing the Examiner report [Docket No. 4099].

17. On July 3 and 4, 2013, respectively, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *[Proposed] Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement"). A hearing on the Disclosure Statement is currently scheduled for August 21, 2013 at 10:00 a.m. (prevailing Eastern Time).

18. The Debtors have paid all quarterly fees to the U.S. Trustee and all required monthly operating reports have been filed.

### *Retention and Disinterestedness of Curtis*

19. On July 16, 2012, the Court entered the *Order Authorizing the Retention and Employment of Curtis, Mallet-Prevost, Colt & Mosle LLP as Conflicts Counsel for the Debtors and Debtors in Possession Nunc Pro Tunc to the Petition Date* [Docket No. 781] (the "Retention Order"), approving the Debtors' employment and retention of Curtis *nunc pro tunc* to the Petition Date. Pursuant to the Retention Order, Curtis is authorized to be compensated on an hourly basis for professional services rendered to the Debtors and reimbursed for actual and necessary expenses incurred by Curtis in connection therewith. In accordance with the Retention

Order, Curtis applied the balance of the retainer provided by the Debtors to the first fees approved following the Petition Date.

20.     As disclosed in the *Declaration of Steven J. Reisman in Support of Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Curtis, Mallet-Prevost, Colt & Mosle LLP as Conflicts Counsel for the Debtors and Debtors in Possession Effective Nunc Pro Tunc to the Petition Date* (the "Retention Application Declaration") [Docket No. 527, Ex. 2] and *First Supplemental Declaration of Steven J. Reisman on Behalf of Curtis, Mallet-Prevost, Colt & Mosle LLP Pursuant to Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure* [Docket No. 2130] (the "Supplemental Declaration" and, together with the Retention Application Declaration, the "Declarations"), Curtis does not hold or represent any interest adverse to the Debtors' estates and is a disinterested person as that term is defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy Code.

21.     Curtis may have in the past represented, may currently represent, and likely in the future will represent, parties in interest in connection with matters unrelated to the Debtors in these Chapter 11 Cases.  In the Declarations, Curtis disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.  Curtis will file additional declarations, as appropriate, if Curtis becomes aware of relevant and material new information.

22.     Curtis performed the services for which it is seeking compensation by this Application on behalf of or for the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

23.    Curtis has received no payment and no promises for payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with these Chapter 11 Cases.

24.    Pursuant to Bankruptcy Rule 2016(b), Curtis has not shared, nor has Curtis agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of Curtis, or (b) any compensation another person or party has received or may receive from the Debtors.

<b><u>Summary of Professional Services</u></b>

25.    To provide a meaningful summary of services rendered on behalf of the Debtors and their estates, Curtis has established, in accordance with the Guidelines and its internal billing procedures, the following matter numbers in connection with these Chapter 11 Cases that are applicable to this Application:

| Matter Number | Matter Description |
|---|---|
| 100 | Case Administration |
| 210 | Asset Analysis, Sales and Recoveries |
| 220 | Cash Collateral, DIP & Other Financing |
| 300 | General Claims and Equity Matters |
| 320 | Claims Administration and Objections |
| 330 | Contracts/Leases Assumption and Rejection |
| 350 | Hearings and Court Matters |
| 400 | General Litigation Matters |
| 410 | Adversary Proceedings and Contested Matters |
| 430 | Automatic Stay/Adequate Protection Matters |
| 500 | Plans and Disclosure Statements |
| 700 | Curtis Retention/Billing/Fee Applications |

15638010

26.    The following is a summary, by matter, of the most significant professional services rendered by Curtis in connection with its role as Debtors' conflicts counsel during the Third Interim Fee Period.  This summary is organized in accordance with Curtis' internal system of matter numbers.   The detailed descriptions set forth in the Monthly Fee Statements and incorporated herein by reference demonstrate that Curtis was involved in performing reasonable and necessary services for the Debtors on a regular basis to meet the Debtors' needs in these Chapter 11 Cases.[5]

**A.    Case Administration (Matter #100)**

Total Fees:        $31,932

Total Hours:      61.20

27.    A total of 61.20 hours of services were performed and Curtis is seeking allowance of $31,932 in fees.   This matter covers services undertaken by Curtis attorneys and paraprofessionals in the general administration of these Chapter 11 Cases.  During the Third Interim Fee Period, to fulfill its role as conflicts counsel to the Debtors and to remain able to step in at a moment's notice for the Debtors' lead bankruptcy counsel, Morrison & Foerster LLP ("MoFo"), Curtis attorneys and paraprofessionals continued to spend time on case administration matters in order to remain informed with respect to matters for which MoFo had, or may potentially have had, a conflict of interest.  Services rendered by Curtis in connection with case administration included the monitoring of the case docket for pleadings with potential conflicts implications, reviewing and maintaining a case docket of significant pleadings with conflicts implications that were filed with the Court, attendance at omnibus hearings covering matters

---

[5]    This summary of services rendered during the Third Interim Fee Period is not intended to be a detailed or exhaustive description of the work performed by Curtis but, rather, is intended to highlight certain key areas where Curtis provided services to the Debtors during the Third Interim Fee Period.  More detailed descriptions of the work performed in the Third Interim Fee Period, categorized by project code, and those day-to-day services and the time expended in performing such services are set forth in the Monthly Fee Statements.

15638010

involving actual and potential conflict parties, development of internal action plans, distribution of responsibilities and coordination of assignments related to conflicts matters among Curtis attorneys and paraprofessionals, and maintaining a calendar of critical dates and deadlines in these Chapter 11 Cases.

**B.    Asset Analysis, Sales and Recoveries (Matter #210)**

Total Fees:        $7,743

Total Hours:       12.40

28.    A total of 12.40 hours of services were performed and Curtis is seeking allowance of $7,743 in fees.  Following the completion of the Debtors' sales of their legacy portfolio and mortgage loan and servicing platform (the "Asset Sales"), Curtis attorneys worked to resolve outstanding cure objections asserted by conflict parties, including PNC Mortgage, in connection with the assumption and assignment of contracts in connection with the Asset Sales.

**C.    Claims Administration and Objections (Matter #320)**

Total Fees:        $26,347

Total Hours:       51.30

29.    A total of 51.30 hours of services were performed and Curtis is seeking allowance of $26,347 in fees.  During the Third Interim Fee Period, in connection with its role as conflicts counsel, Curtis attorneys represented the Debtors in connection with preparing the *Debtors Motion Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007, and 9019(b) for Approval of (i) Claim Objections Procedures, (ii) Borrower Claim Procedures, (iii) Settlement Procedures, and (iv) Schedule Amendment Procedures* [Docket No. 3123]. Curtis also assisted the Debtors in preparing various omnibus claims objections, negotiating resolutions, and reviewing and analyzing of proofs of claim filed by numerous conflicts parties,

11

15638010

including PNC Mortgage, Calpine Corporation, Banc of America Funding, and certain holders of the Debtors' residential mortgage backed securities who are conflict parties.

**D.    Contracts/Leases Assumption and Rejection (Matter #330)**

Total Fees:        $1,840.50

Total Hours:      3.10

30.    A total of 3.10 hours of services were performed and Curtis is seeking allowance of $1,840.50 in fees.   During the Third Interim Fee Period, Curtis attorneys reviewed and analyzed the schedules of assumed and assigned contracts, for conflicts purposes, in connection with certain cure obligations arising from a number of assumed and assigned contracts, relating to the Asset Sales.

**E.    Hearings and Court Matters (Matter #350)**

Total Fees:     $1,941

Total Hours:   6.20

31.    A total of 6.20 hours of services were performed and Curtis is seeking allowance of $1,941 in fees.   During the Third Interim Fee Period, in connection with Curtis' role as conflicts counsel, a single Curtis attorney attended a hearing regarding cure objections arising from the Asset Sales.   Attendance at this hearing was necessary in order to obtain insight and important information regarding the resolution of potential outstanding cure obligations, in connection with a conflict matter Curtis is handling for the Debtors.

**F.    General Litigation Matters (Matter #400)**

Total Fees:     $1,181,034

Total Hours:   2,321.90

32.    A total of 2,321.90 hours of services were performed and Curtis is seeking allowance of $1,181,034 in fees.

12

33.     During the Third Interim Fee Period, Curtis attorneys assisted MoFo in representing the Debtors in connection with commencing and prosecuting an adversary proceeding to subordinate the claims held by certain holders of the Debtors' residential mortgage backed securities (the "Investors") which included conflict parties AIG Asset Management (US), LLC and its affiliated entities, Massachusetts Mutual Life Insurance Company, and Prudential Insurance Company of America and its affiliated entities.  Earlier in these Chapter 11 Cases, the Investors filed a motion pursuant to Bankruptcy Rule 3013 seeking a determination that their securities claims were not subject to subordination under section 510(b) of the Bankruptcy Code and requested that those claims be classified as general unsecured claims [Docket No. 2284] (the "Rule 3013 Motion").   On February 19, 2013, Curtis attorneys represented the Debtors in responding to the Rule 3013 Motion by filing an opposition to the motion [Docket No. 2953] (the "Opposition"),[6] and then immediately commencing an adversary proceeding against the Investors seeking a determination that their claims were subordinated (the "Subordination Adversary Proceeding").  *See Complaint, Residential Capital, LLC v. Allstate Ins. Co. (In re Residential Capital, LLC)*, Case No. 12-12020 (MG), Adv. Pro. 13-01262 (MG) (Bankr. S.D.N.Y. Feb. 19, 2013) [Docket No. 2970, Adv. Pro. Docket No. 1].

34.     Thereafter, Curtis and MoFo attorneys worked closely to prosecute the Subordination Adversary Proceeding as efficiently as possible.  Pursuant to the Court's direction, the parties negotiated a joint stipulation of facts.  *See Local Rule 7056-1 Statement of Stipulated Undisputed Facts and Agreed-to Exhibits* [Adv. Pro. Docket No. 23].   The parties then

---

[6]     Also in connection with the Opposition, Curtis filed the (i) *Declaration of Tammy Hamzehpour in Support of the Debtors' Opposition to Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company and the Prudential Entities for an Order Under Bankruptcy Rule 3013 Concerning Subordination of Investors' Securities Claims* [Docket No. 2956], and (ii) *Declaration of Bryan M. Kotliar in Support of the Debtors' Opposition to Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company and the Prudential Entities for an Order Under Bankruptcy Rule 3013 Concerning Subordination of Investors' Securities Claims* [Docket No. 2958].

proceeded on cross-motions for summary judgment. *See Debtors' Motion for Summary Judgment* [Adv. Pro. Docket No. 25]; *Memorandum of Law in Support of Debtors' Motion for Summary Judgment* [Adv. Pro. Docket No. 26]; *Memorandum of Law in Opposition to the Motion of AIG Asset Management (U.S.), LLC, the Allstate Entities, Massachusetts Mutual Life Insurance Company, and the Prudential Entities for Summary Judgment* [Adv. Pro. Docket No. 42].[7]

35.    Representing the Debtors in the Subordination Adversary Proceeding required Curtis attorneys to (i) draft and file multiple pleadings, briefs, and notices with the Court on both the main and adversary proceeding dockets; (ii) attend numerous teleconferences with MoFo, counsel for the Investors, the Court, and other parties in interest in these Chapter 11 Cases; (iii) coordinate extensively with counsel for the Investors, as well as certain joining parties in the Subordination Adversary Proceeding, (iv) comply with the parties' meet and confer requirement, (v) prepare the joint stipulation of facts, and circulate to counsel for the Investors and other interested parties, (vi) schedule multiple chambers conferences regarding, *inter alia*, procedural issues and discovery disputes, (vii) review the Investors' claims and their underlying documentation, and (viii) research novel procedural and substantive issues under bankruptcy law and applicable federal securities laws.  In order to draft pleadings and prepare for legal argument with respect to a host of issues related to the Subordination Adversary Proceeding, Curtis attorneys conducted extensive research regarding sections 510(a), (b), and (c) of the Bankruptcy Code and related case law and federal securities laws, including relevant rules, regulations, and legislative history.

---

[7]    After the Third Interim Fee Period closed, in connection with the Subordination Adversary Proceeding, Curtis also filed the *Reply Memorandum of Law in Further Support of Debtors' Motion for Summary Judgment* [Adv. Pro. Docket No. 53].

36.    Also during the Third Interim Fee Period, Curtis attorneys assisted MoFo with responding to the motion for standing to assert claims on behalf of the estates filed by Wilmington Trust, N.A., as indenture trustee, on behalf of the holders of the senior unsecured notes, which included potential conflict parties (the "SUN Standing Motion").  In connection with this response, Curtis attorneys analyzed the relevant standards governing the ability of individual creditors to obtain standing to assert and settle claims on behalf of a debtor's estate. Curtis attorneys coordinated extensively with MoFo on performing the research necessary for, and drafting a response to, the SUN Standing Motion, as MoFo was currently engaged in responding to a motion for standing to assert estate claims filed by the Committee [Docket No. 3412].[8]  On May 6, 2013, after the close of the Third Interim Fee Period, the Debtors filed a limited objection to the SUN Standing Motion based in part on research and analysis performed during the Third Interim Fee Period.

37.    In addition, during the Third Interim Fee Period, Curtis attorneys assisted MoFo in preparing responses to submissions made to the Examiner by various conflict and non-conflict parties, who raised similar issues, addressing (i) the prepetition plan support agreement between the Debtors' and the Debtors' parent, Ally Financial, Inc. ("AFI"), (ii) certain actions authorized by the Debtors' directors and officers prior to the Petition Date, and (iii) certain prepetition transactions between the Debtors and AFI.   Specifically, Curtis attorneys assisted MoFo in researching issues for and drafting sections of the *Debtors' Response to (I) Submission Papers of the Official Committee of Unsecured Creditors and (II) Reply in Further Support Filed by the Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC*.   This response

---

[8]    *See Debtors' Limited Objection and Reservation of Rights with Respect to the Motion of Wilmington Trust, National Association, Solely in its Capacity as Indenture Trustee for the Senior Unsecured Notes Issued by Residential Capital, LLC for an Order Authorizing it to Prosecute Claims and Other Causes of Action on Behalf of the Residential Capital, LLC Estate* [Docket No. 3598].

required Curtis attorneys to review papers submitted to the Examiner as well as research relevant issues.  In connection with addressing these issues, Curtis attorneys conferred extensively with MoFo attorneys regarding background and facts related to these Chapter 11 Cases in order to minimize the duplication of efforts in preparing this response.

## G.    Adversary Proceedings and Contested Matters (Matter #410)

Total Fees:        $196,822

Total Hours:       398.60

38.    A total of 398.60 hours of services were performed and Curtis is seeking allowance of $196,822 in fees.  During the Third Interim Fee Period, Curtis attorneys coordinated with MoFo to prepare for the commencement of an adversary proceeding (the "Adversary Proceeding") against the holders of the Junior Secured Notes (the "JSNs") (some of whom are conflict parties), Wells Fargo, N.A., as collateral agent, and UMB Bank, N.A., as successor indenture trustee, seeking, *inter alia*, declarations with respect to the validity and extent of their liens.[9]  In various pleadings and statements made to the Court, the JSNs, through their counsel, asserted that they were oversecured and entitled to postpetition interest, fees, and expenses on account of their secured claims.  In order to address this dispute, Curtis attorneys assisted MoFo with preparing a complaint against the JSNs.  This task required Curtis attorneys to coordinate with MoFo on various research topics and perform legal analysis on certain issues with respect to the JSNs' purported liens on certain Debtor property.  Curtis attorneys also reviewed several drafts of the Complaint prior to filing and provided extensive comments to MoFo in connection with the issues researched by Curtis.

---

[9]    On May 3, 2013, the Debtors commenced an adversary proceeding against the JSNs.  *See Complaint to Determine Extent of Liens and for Declaratory Judgment, Residential Capital v. UMB Bank, N.A. (In re Residential Capital, LLC)*, Case No. 12-12020 (MG), Adv. Pro. 13-01343 (MG) (Bankr. S.D.N.Y.) [Docket No. 1].

15638010

39.     Additionally, Curtis attorneys continued to represent the Debtors in connection with a dispute involving the managing member of CMH Holdings LLC, a joint venture between one of the Debtors and Cerberus Capital Management, L.P., a conflict party.  In addition, during the Third Interim Fee Period, Curtis attorneys represented the Debtors in connection with efforts to continue to extend the automatic stay to certain non-debtor affiliates with respect to certain actions commenced by a number of conflict parties.

**H.     Automatic Stay/Adequate Protection Matters (Matter #430)**

Total Fees:        $5,313.50

Total Hours:       9.10

40.     A total of 9.10 hours of services were performed and Curtis is seeking allowance of $5,313.50 in fees.  During the Third Interim Fee Period, Curtis attorneys represented the Debtors in connection with responding to the *Motion of J.P. Morgan Mortgage Acquisition Corporation for Relief from Stay* [Docket No. 2646], filed by a conflict party, seeking relief from the automatic stay in connection with litigation pending in the United States District Court for the Western District of Virginia [Docket No. 2646].

**I.     Plans and Disclosure Statements (Matter #500)**

Total Fees:        $4,183

Total Hours:       7.00

41.     A total of 7.00 hours of services were performed and Curtis is seeking allowance of $4,183 in fees.  During the Third Interim Fee Period, Curtis attorneys analyzed potential claim classification issues which arose out of the Debtors effort to formulate a Chapter 11 plan.

15638010

J.       **Curtis Retention/Billing/Fee Applications (Matter #700)**

Total Fees:          $23,494

Total Hours:         69.80

42.      A total of 69.80 hours of services were performed and Curtis is seeking allowance of $23,494 in fees.   During the Third Interim Fee Period, Curtis professionals prepared fee statements for the months of November and December 2012, and January and February 2013, as well as the *Second Interim Application of Curtis, Mallet-Prevost, Colt & Mosle LLP as Conflicts Counsel to the Debtors and Debtors in Possession for Allowance and Payment of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From September 1, 2012 Through and Including December 31, 2012* [Docket No. 3209].   In addition, although related fees were not charged to the Debtors' estates, Curtis attended to addressing and resolving the *Omnibus Objection of the United States Trustee Regarding Fee Applications for Second Interim Awards of Compensation and Reimbursement of Out-of Pocket Expenses* [Docket No. 3310], including preparing updated billing statements and the *Notice of Supplemental Materials in Support of Second Interim Fee Application of Curtis, Mallet-Prevost, Colt & Mosle LLP, as Conflicts Counsel to the Debtors and Debtors in Possession* [Docket No. 3387].   Curtis represents that the fees and expenses incurred in connection with these matters and billed to the Debtors' estates were approximately 1.58% of the total fees and expenses requested for the Third Interim Fee Period.

<u>**Reasonable and Necessary Services Rendered by Curtis**</u>

43.      The foregoing professional services rendered by Curtis on behalf of the Debtors during the Third Interim Fee Period were reasonable, necessary, and appropriate to the administration of the these Chapter 11 Cases.

15638010

44.     Many of the services performed by partners and associates of Curtis were rendered by Curtis' Restructuring and Insolvency Group.  Curtis has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with 15 attorneys focusing exclusively on this area of law.  The attorneys at Curtis working on these Chapter 11 Cases have represented debtors and creditors' committees as either primary or conflicts counsel and have acted as special counsel to debtors and creditors' committees in many large Chapter 11 cases.  In addition, due to the facts and circumstances of these Chapter 11 Cases, attorneys from Curtis' litigation and corporate practice groups were involved with Curtis' representation of the Debtors.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, Curtis brings to these Chapter 11 Cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

45.     During the Third Interim Fee Period, Curtis advised and assisted the Debtors in a number of key aspects of these Chapter 11 Cases.  To this end, as set forth in detail in **Exhibit C** of the Application, Curtis partners, counsel, associates, and paraprofessionals from various Curtis practice groups expended time rendering professional services on behalf of the Debtors and their estates.

46.     During the Third Interim Fee Period, as in the earlier interim fee periods, Curtis' hourly billing rates for the attorneys primarily responsible for managing these Chapter 11 Cases ranged from $305 to $830.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $515.58 (based on 2,814.70 recorded attorney hours at Curtis' regular billing rates in effect at the time of the performance of services).  The hourly rates and corresponding rate structure utilized by Curtis in these Chapter 11 Cases are

equivalent to the hourly rates and corresponding rate structure predominantly used by Curtis for restructuring, workout, bankruptcy, insolvency and comparable matters, and similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  These rates and rate structure reflect that such particular matters are typically national in scope and typically involve great complexity, high stakes, and severe time pressures.

## Actual and Necessary Expenses Incurred by Curtis

47.    As set forth in **Exhibit D** attached hereto, Curtis has invoiced a total of $3,085.90 in expenses on behalf of the Debtors during the Third Interim Fee Period.  Curtis states as follows regarding these expenses:  Curtis charges $0.10 per page for internal black and white copying or printing charges at its copy centers in its U.S. offices and $0.50 per page for internal color copying or printing charges at its copy centers in its U.S. offices; and Curtis charges for external copying charges at the provider's cost of $0.10 without markup.  The basis for these rates is Curtis' calculation of the actual cost of these services. The other expenses charged to the Debtors are at the provider's cost without markup.  These charges are intended to cover Curtis' direct operating costs, which costs are not incorporated into Curtis' hourly billing rates.  Only clients who actually use services of the types set forth in **Exhibit D** of the Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

48.    The time constraints imposed by the circumstances of these Chapter 11 Cases sometimes required Curtis attorneys and other employees to devote time during the evenings and on weekends to perform legal services on behalf of the Debtors.  These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis from various

15638010

creditors and other stakeholders, and to satisfy the demands of the Debtors' businesses and

ensure the orderly administration of their estates.   Consistent with firm policy, as further

disclosed in the Curtis retention application, attorneys and other Curtis employees who worked

late in the evenings or on weekends were reimbursed for their reasonable meal and transportation

costs.  Curtis' regular practice is not to include components for those charges in overhead when

establishing billing rates, but rather to charge its clients for these and all other out-of-pocket

disbursements incurred during the regular course of providing legal services.  However, in these

Chapter 11 Cases, pursuant to the terms of Curtis' engagement with the Debtors, Curtis is

absorbing these overtime meal and transportation expenses.

49.      In addition, on a number of occasions, overnight or hand delivery of documents

and other materials was required as a result of the exigencies and circumstances of these Chapter

11 Cases.  The disbursements for such services are not included in Curtis' overhead for the

purpose of setting billing rates and Curtis has made every effort to minimize its disbursements in

these Chapter 11 Cases.

50.      The actual expenses incurred by Curtis in providing professional services during

the Third Interim Fee Period were necessary, reasonable, and justified under the circumstances to

serve the needs of the Debtors in these Chapter 11 Cases.

**Curtis' Requested Compensation and Reimbursement Should Be Allowed**

51.      Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code

to govern the Court's award of such compensation.   Section 330 of the Bankruptcy Code

provides that a court may award a professional employed under section 327 of the Bankruptcy

Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement

for actual, necessary expenses."

15638010

52.     Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement.  In determining the amount of reasonable compensation to be awarded, the Court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including:

a.     the time spent on such services;

b.     the rates charged for such services;

c.     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

d.     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;

e.     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

f.     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

53.     In these Chapter 11 Cases, Curtis respectfully submits that the services for which it seeks compensation in the Application were necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates.  Curtis respectfully submits that the services rendered to the Debtors were performed economically, effectively, and efficiently and that the results obtained to date have benefited not only the Debtors but all stakeholders in these Chapter 11 Cases.  Curtis further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

15638010

54.     Curtis attorneys and paraprofessionals spent a total of 2,940.60 hours during the Third Interim Fee Period, which services have a fair market value of 1,480,650.    As demonstrated by the Application and all of the exhibits submitted in support hereof, Curtis spent its time economically and without unnecessary duplication.  In addition, the work conducted was carefully assigned to appropriate attorneys or paraprofessionals according to the experience and level of expertise required for each particular task.  In summary, the services rendered by Curtis were necessary and beneficial to the Debtors and their estates, and were consistently performed in a timely manner commensurate with the complexity, importance, novelty, and nature of the issues involved.

55.     Accordingly, Curtis respectfully submits that approval of the compensation and expense reimbursement sought herein is warranted.

## **No Prior Request**

56.     No prior application for the relief requested herein has been made to this or any other court.

## **Notice**[10]

57.     Curtis has provided a copy of the Application to:  (a) the Debtors; (b) lead counsel for the Debtors; (c) counsel to the Committee; (d) counsel to Ally Financial Inc.; and (e) the U.S. Trustee.[11]  A copy of this Application is available for a fee on the docket for these Chapter 11 Cases at http://www.nysb.uscourts.gov and free of charge at http://www.kccllc.net/rescap.

---

[10]    Portions of Curtis' detailed time records attached hereto as Exhibit E have been redacted to prevent the disclosure of confidential information and privileged litigation strategy.  Unredacted copies of Curtis' detailed time records have been provided to the Court, the U.S. Trustee and the Committee.

[11]    Pursuant to the *Notice of Withdrawal of Notice of Appearance and Request for Service of All Notices, Documents and Pleadings* [Docket No. 3439], Curtis did not serve a copy of the April 2013 Monthly Fee Statement or the Application to counsel for Barclays Bank, PLC.  In the future, Curtis will not serve counsel for Barclays Bank, PLC with monthly fee statements or interim fee applications.

15638010

## Conclusion

58.     Curtis believes that the services rendered during the Third Interim Fee Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330.  Further, the expenses incurred for which reimbursement is requested were actual and necessary to the performance of Curtis' services.

WHEREFORE, for the reasons set forth herein, Curtis respectfully requests that the Court enter an order granting the relief requested and such other and further relief as the Court deems appropriate.

Dated:  August 7, 2013
        New York, New York

Respectfully submitted,

By:  */s/ Steven J. Reisman*
     Steven J. Reisman
     Theresa A. Foudy
     Maryann Gallagher
     **CURTIS, MALLET-PREVOST,
       COLT & MOSLE LLP**
     101 Park Avenue
     New York, New York 10178-0061
     Telephone: (212) 696-6000
     Facsimile:  (212) 697-1559
     Email:      sreisman@curtis.com
                 tfoudy@curtis.com
                 mgallagher@curtis.com

     *Conflicts Counsel for the Debtors and
       Debtors in Possession*

24

## **Exhibit A**

**Certification of Compliance**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
Theresa A. Foudy
Maryann Gallagher

*Conflicts Counsel for the Debtors and*
  *Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | |
|---|---|
| In re: | : | Case No. 12-12020 (MG) |
| | : | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,[1] | : | Chapter 11 |
| | : | |
| Debtors. | : | Jointly Administered |

-------------------------------------------------------------x

**CERTIFICATION OF STEVEN J. REISMAN PURSUANT TO
GENERAL ORDER M–447 REGARDING THE THIRD INTERIM APPLICATION OF
CURTIS, MALLET-PREVOST, COLT & MOSLE LLP AS CONFLICTS COUNSEL TO
THE DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE AND
PAYMENT OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM JANUARY 1, 2013 THROUGH AND INCLUDING APRIL 30, 2013**

I, Steven J. Reisman, certify as follows:

1.      I am a partner at the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP

("<u>Curtis</u>"), with responsibility for the Chapter 11 cases of Residential Capital, LLC and certain of

its affiliates, as debtors and debtors in possession (collectively, the "<u>Debtors</u>") in respect of,

among other things, compliance with (a) the Amended Guidelines for Fees and Disbursements

for Professionals in Southern District of New York Bankruptcy Cases (the "<u>Local Guidelines</u>")

---
[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in support of
the Debtors' "first day" pleadings [Docket No. 6], dated May 14, 2012.

established and adopted by the United States Bankruptcy Court for the Southern District of New York pursuant to *General Order M-447*, (b) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, adopted on January 30, 1996* (the "UST Guidelines") and (c) the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [Docket No. 185] (the "Interim Compensation Order" and, together with the Local Guidelines and UST Guidelines, collectively, the "Guidelines").

2.    With respect to Section B.1 of the Local Guidelines, I certify that:

a.    I have read Curtis' third interim application for compensation and reimbursement of expenses (the "Application");[2]

b.    To the best of my knowledge, information and belief, insofar as I can tell after reasonable inquiry, the fees and disbursements sought in the Application fall within the Guidelines, except as specifically noted in this Certification and described in the Application;

c.    Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by Curtis and generally accepted by Curtis' clients; and

d.    In providing a reimbursable service, Curtis does not make a profit on the service, whether the service is performed by Curtis in-house or through a third party.

3.    With respect to Section B.2 of the Local Guidelines, I certify that, in accordance with the terms of the Interim Compensation Order, the Debtors, lead counsel to the Debtors, counsel to the Committee, counsel to Barclays Bank, PLC, counsel to Ally Financial Inc., and the U.S. Trustee have been provided with a statement of the fees and disbursements accrued

---

[2]    All capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Application.

15638010

during each month of the Third Interim Fee Period,[3] which statement of fees and disbursements contained a list of professionals and paraprofessionals providing services, their respective billing rates, the aggregate hours spent by each professional and paraprofessional, a general description of services rendered, a reasonably detailed breakdown of the disbursements incurred, and an explanation of billing practices.

4.      With respect to Section B.3 of the Local Guidelines, I certify that the Debtors, lead counsel to the Debtors, counsel to the Committee, counsel to Ally Financial Inc., and the U.S. Trustee have been provided with a copy of the Application at least 14 days before the date set by the Court and any applicable rules for filing fee applications.[4]

Dated:  August 7, 2013
        New York, New York

                                        _____
                                        */s/ Steven J. Reisman*
                                        STEVEN J. REISMAN
                                        A Member of the Firm

---

[3]    Pursuant to the *Notice of Withdrawal of Notice of Appearance and Request for Service of All Notices, Documents and Pleadings* [Docket No. 3439], Curtis did not serve a copy of the April 2013 Monthly Fee Statement or the Application to counsel for Barclays Bank, PLC.  In the future, Curtis will not serve counsel for Barclays Bank, PLC with monthly fee statements or interim fee applications.

[4]    Portions of Curtis' detailed time records attached to the Application as <u>Exhibit E</u> have been redacted to prevent the disclosure of confidential information and privileged litigation strategy.  Unredacted copies of Curtis' detailed time records have been provided to the Court, the U.S. Trustee and the Committee.

3

**<u>Exhibit B</u>**

**In re: RESIDENTIAL CAPITAL, LLC,** *et al.*
**CHAPTER 11**
**CASE NO. 12-12020**

**SUMMARY OF FEES AND EXPENSES BILLED BY SUBJECT MATTER**
**FOR THE THIRD INTERIM FEE PERIOD**
**(JANUARY 1, 2013 THROUGH AND INCLUDING APRIL 30, 2013)**

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested | Total Expenses Requested | Total Compensation |
|---|---|---|---|---|---|
| 100 | Case Administration | 61.20 | $31,932.00 | $1,391.40 | $33,323.40 |
| 210 | Asset Analysis, Sales and Recoveries | 12.40 | 7,743.00 | 432.40 | 8,175.40 |
| 320 | Claims Administration and Objections | 51.30 | 26,347.00 | 0.00 | 26,347.00 |
| 330 | Contracts/Leases Assumption and Rejection | 3.10 | 1,840.50 | 0.00 | 1,840.50 |
| 350 | Hearings and Court Matters | 6.20 | 1,941.00 | 60.20 | 2,001.20 |
| 400 | General Litigation Matters | 2,321.90 | 1,181,034.00 | 1,117.00 | 1,182,151.00 |
| 410 | Adversary Proceedings and Contested Matters | 398.60 | 196,822.00 | 71.90 | 196,893.90 |
| 430 | Automatic Stay/Adequate Protection Matters | 9.10 | 5,313.50 | 0.00 | 5,313.50 |
| 500 | Plan and Disclosure Statements | 7.00 | 4,183.00 | 0.00 | 4,183.00 |
| 700 | Curtis Retention/Billing/Fee Applications | 69.80 | 23,494.00 | 13.00 | 23,507.00 |
| | **Totals** | **2,940.60** | **$1,480,650.00** | **$3,085.90** | **$1,483,735.90** |

**<u>Exhibit C</u>**

**In re: RESIDENTIAL CAPITAL, LLC,** *et al.*
**CHAPTER 11**
**CASE NO. 12-12020**

**SUMMARY OF HOURS BILLED BY PROFESSIONALS AND PARAPROFESSIONALS
DURING THE THIRD INTERIM FEE PERIOD
(JANUARY 1, 2013 THROUGH AND INCLUDING APRIL 30, 2013)**

| Name | Department and Year Admitted (NY) | Hourly Billing Rate | Total Hours Worked | Total Compensation Requested |
|---|---|---|---|---|
| **Partners** | | | | |
| Steven J. Reisman | Restructuring and Insolvency Admitted 1991 | $830 | 296.30 | $245,929.00 |
| Turner P. Smith | Litigation Admitted 1981 | 830 | 4.00 | 3,320.00 |
| Andrew H. Seiden | Corporate Admitted 1993 | 800 | 6.20 | 4,960.00 |
| Michael J. Moscato | Litigation Admitted 1982 | 785 | 38.90 | 30,536.50 |
| Michael A. Cohen | Restructuring and Insolvency Admitted 2000 | 730 | 0.50 | 365.00 |
| Theresa A. Foudy | Litigation Admitted 1994 | 730 | 384.90 | 280,977.00 |
| | **Total Partners** | **730.80** | | **$566,087.50** |
| **Of-Counsel** | | | | |
| Maryann Gallagher | Restructuring and Insolvency Admitted 1988 | $625 | 325.80 | $203,625.00 |
| | **Total Of-Counsel** | **325.80** | | **$203,625.00** |
| **Associates** | | | | |
| James V. Drew | Restructuring and Insolvency Admitted 2002 | $590 | 0.20 | $118.00 |
| Andrew B. Zinman | Litigation Admitted 1996 | 590 | 50.90 | 30,031.00 |
| Daniel A. Bloom | Restructuring and Insolvency Admitted 2009 [1] | 480 | 501.30 | 240,624.00 |

---

[1]    Daniel A. Bloom was admitted in New Jersey in 2008.

| Name | Department and Year Admitted (NY) | Hourly Billing Rate | Total Hours Worked | Total Compensation Requested |
|---|---|---|---|---|
| Julia B. Mosse | Litigation Admitted 2010 | $435 | 61.10 | $26,578.50 |
| Peter J. Buenger | Restructuring and Insolvency Admitted 2010[2] | 425 | 85.80 | 36,465.00 |
| Joseph F. Clyne | Litigation Admitted 1984 | 425 | 0.40 | 170.00 |
| J. Derek Mize | Litigation Admitted 2009 | 425 | 146.90 | 62,432.50 |
| Kevin Arthur Meehan | Litigation Admitted 2009 | 375 | 3.60 | 1,350.00 |
| A. Robert Dawes | Litigation Admitted 2012 | 350 | 103.40 | 36,190.00 |
| James E. Zimmer | Restructuring and Insolvency Admitted 2011 | 345 | 54.00 | 18,630.00 |
| Edward Combs | Litigation Admission Pending | 305 | 125.70 | 38,338.50 |
| Bryan M. Kotliar | Restructuring and Insolvency Admission Pending | 305 | 578.30 | 176,381.50 |
| Stephanie R. Morris | Litigation Admission Pending | 305 | 18.40 | 5,612.00 |
| John Thomas Weber | Restructuring and Insolvency Admission Pending | 305 | 28.10 | 8,570.50 |
| | Total Associates | | 1,758.10 | $681,491.50 |
| **Paraprofessionals** | | | | |
| Farai Chidavaenzi | Not Applicable | $235 | 1.50 | $352.50 |
| Georgia Faust | Not Applicable | 235 | 56.90 | 13,371.50 |
| Franklin Guenthner | Not Applicable | 235 | 1.20 | 282.00 |
| Brittany Patane | Not Applicable | 235 | 0.30 | 70.50 |
| Melissa Rutman | Not Applicable | 235 | 18.00 | 4,230.00 |

---

[2]   Peter J. Buenger was admitted in Georgia in 2009.

2

| Name | Department and Year Admitted (NY) | Hourly Billing Rate | Total Hours Worked | Total Compensation Requested |
|---|---|---|---|---|
| Rebecca Srulowitz | Not Applicable | $235 | 19.90 | $4,676.50 |
| Alana Dreiman | Not Applicable | 230 | 28.10 | 6,463.00 |
| **Total Paraprofessionals** | | | **125.90** | **$29,446.00** |
| **Total** | | | **2,940.60** | **$1,480,650.00** |

Total Billed Hours for Attorneys ................................ 2,814.70

Total Billed Hours for Paraprofessionals .................... 125.90

Total Billed Hours...................................................... 2,940.60

Total Fee Requested.................................................... $1,480,650.00

Blended Rate for Attorneys and Paraprofessionals ..... $503.52

Blended Rate for Attorneys......................................... $515.58

3

15638010

## <u>Exhibit D</u>

**In re: RESIDENTIAL CAPITAL, LLC, *et al*.**
**CHAPTER 11**
**CASE NO. 12-12020**

**EXPENSE SUMMARY FOR THE THIRD INTERIM FEE PERIOD**
**(JANUARY 1, 2013 THROUGH AND INCLUDING APRIL 30, 2013)[1]**

| Expense Category | Amount |
|---|---|
| External Photocopy Services | $2,313.60 |
| Pacer - ECF | 772.30 |
| **Total** | **$3,085.90** |

---

[1] All expenses have been billed in accordance with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

**<u>Exhibit D-1</u>**

**IN RE: RESIDENTIAL CAPITAL, LLC, *ET AL*.**
**CHAPTER 11**
**CASE NO. 12-12020 (MG)**

**DETAIL OF DISBURSEMENTS AND OTHER CHARGES**
**FOR THE THIRD INTERIM FEE PERIOD**
**(JANUARY 1, 2013 THROUGH AND INCLUDING APRIL 30, 2013)**

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 01/07/13 | EXTERNAL PHOTOCOPY SERVICES | $94.70 |
| 01/08/13 | EXTERNAL PHOTOCOPY SERVICES | 8.80 |
| 01/08/13 | EXTERNAL PHOTOCOPY SERVICES | 3.00 |
| 01/15/13 | EXTERNAL PHOTOCOPY SERVICES | 60.20 |
| 01/31/13 | EXTERNAL PHOTOCOPY SERVICES | 63.50 |
| 02/19/13 | EXTERNAL PHOTOCOPY SERVICES | 161.60 |
| 02/19/13 | EXTERNAL PHOTOCOPY SERVICES | 127.90 |
| 02/19/13 | EXTERNAL PHOTOCOPY SERVICES | 60.60 |
| 02/20/13 | EXTERNAL PHOTOCOPY SERVICES | 594.40 |
| 02/20/13 | EXTERNAL PHOTOCOPY SERVICES | 28.20 |
| 03/20/13 | EXTERNAL PHOTOCOPY SERVICES | 23.80 |
| 03/20/13 | EXTERNAL PHOTOCOPY SERVICES | 16.60 |
| 03/20/13 | EXTERNAL PHOTOCOPY SERVICES | 3.30 |
| 04/08/13 | EXTERNAL PHOTOCOPY SERVICES | 69.30 |
| 04/10/13 | EXTERNAL PHOTOCOPY SERVICES | 2.80 |
| 04/24/13 | EXTERNAL PHOTOCOPY SERVICES | 23.00 |
| 04/24/13 | EXTERNAL PHOTOCOPY SERVICES | 59.50 |
| 04/02/13 | EXTERNAL PHOTOCOPY SERVICES | 576.90 |
| 04/02/13 | EXTERNAL PHOTOCOPY SERVICES | 61.80 |
| 04/03/13 | EXTERNAL PHOTOCOPY SERVICES | 120.10 |
| 04/05/13 | EXTERNAL PHOTOCOPY SERVICES | 153.60 |
| | **TOTAL EXTERNAL PHOTOCOPY SERVICES** | **$2,313.60** |
| | | |
| 01/18/13 | Pacer – ECF | $108.40 |
| 01/18/13 | Pacer – ECF | 384.50 |
| 01/18/13 | Pacer – ECF | 23.50 |
| 01/18/13 | Pacer – ECF | 9.20 |
| 01/18/13 | Pacer – ECF | 30.00 |
| 01/18/13 | Pacer – ECF | 47.90 |
| 01/18/13 | Pacer – ECF | 6.00 |
| 01/18/13 | Pacer – ECF | 90.10 |
| 01/18/13 | Pacer – ECF | 5.10 |
| 01/18/13 | Pacer – ECF | 3.80 |
| 02/21/13 | Pacer – ECF | 31.90 |
| 04/21/13 | Pacer – ECF | 31.90 |
| | **TOTAL DEPOSITION REPORTING/TRANSCRIPTS** | **$772.30** |

**TOTAL DISBURSEMENTS AND OTHER CHARGES**       **$3,085.90**

**Exhibit E**



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

April 17, 2013

Inv. # 1575869
Our Ref. 062108-000100
SJR

Attention:    Residential Capital, LLC

**Re:   Case Administration**

---

| 01/04/13 | MG8 | Review recent docket activity for potential conflict purposes, including Morgan Stanley proof of claim papers, Morrison & Foerster supplemental declaration, notice of rejection of lease, stipulation and proposed order with resepct to agreement between GMAC Mortgage and Ally Bank, motion to join motion of AIG, Allstate, Mass Mutual and Prudential seeking to classify RMBS fraud claims in same class as securitization trusts for plan purposes and directing that such claims not be subordinated (1.30) | 1.30 |
|---|---|---|---|
| 01/07/13 | MG8 | Review recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.70) | 0.70 |
| 01/08/13 | MG8 | Attend to review of daily docket activity in connection with Curtis' role as Debtors' conflicts counsel (.60) | 0.60 |
| 01/09/13 | MG8 | Review daily docket activity in connection with Curtis' role as Debtors' conflicts counsel (.70) | 0.70 |
| 01/10/13 | MG8 | Review recent docket activity for potential conflicts purposes, including numerous filings relating to stay relief and statement of United States with respect to the Debtors' proposed sale of FHA loans (.50) | 0.50 |
| 01/11/13 | MG8 | Attend to brief review of recent docket activity for conflicts purposes (.50) | 0.50 |
| 01/14/13 | MG8 | Review recent docket activity for potential conflict purposes (.70) | 0.70 |
| 01/15/13 | MG8 | Attend to review of daily docket activity for potential conflicts purposes, including numerous filings relating to stay relief and proposed stipulation amending Berkshire Hathaway APA (.80) | 0.80 |
| 01/15/13 | AD | Update "Pleadings and Submissions to the Examiner Relevant to Mediation" binder per B. Kotliar's request (.40) | 0.40 |
| 01/16/13 | MG8 | Review revised hearing agenda and prepare for omnibus hearing in connection with Curtis' role as | 0.60 |

April 17, 2013
Inv # 1575869
Our Ref #  062108-000100

Page  2

|  |  |  |  |
|---|---|---|---|
|  |  | Debtors' conflicts counsel (.60) |  |
| 01/17/13 | MG8 | Attend to review of recent docket activity for potential conflicts purposes (.40) | 0.40 |
| 01/17/13 | AD | Update internal case calendar to reflect hearing dates and deadlines as set by the Court for matters in which Curtis is involved as conflicts counsel (.10) | 0.10 |
| 01/18/13 | MG8 | Attend to review of daily docket activity for potential conflicts purposes (.30) | 0.30 |
| 01/22/13 | MG8 | Attend to review of recent docket activity for conflicts purposes (.80) | 0.80 |
| 01/23/13 | AD | Update internal case calendar to reflect upcoming hearing dates and deadlines as set by the Court (.10) | 0.10 |
| 01/24/13 | MG8 | Review docket activity in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |
| 01/25/13 | MG8 | Telephone conference w/ J. Glenn's chambers regarding entry of SBO Servicer stipulation and related follow-up with M. Crespo regarding outcome of same (.50) | 0.50 |
| 01/28/13 | MG8 | Review heavy docket activity in connection with Curtis' role as Debtors' conflicts counsel (.60) | 0.60 |
| 01/28/13 | AD | Locate and assemble binder for January 29, 2013 hearing per M. Gallagher's request (.50) | 0.50 |
| 01/29/13 | MG8 | Review recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, including numerous filings relating to stay relief requests and extension of stay (.80) | 0.80 |
| 01/29/13 | AD | Retrieve court documents regarding the Boilermakers-Blacksmith National Pension Trust Fund claim objection in the Lehman Brothers bankruptcy for conflicts purposes and provide same to T. Foudy, M. Gallagher and B. Kotliar for use in connection with response to Investors' Rule 3013 Motion (.80) | 0.80 |
| 01/29/13 | AD | Confer with Judge Peck's Chambers regarding telephonic court appearances in the Lehman Brothers Holdings Corp. bankruptcy case as it relates to Investors Rule 3013 Motion filed in the Residential Capital bankruptcy case (.20) | 0.20 |
| 01/29/13 | AD | Assemble a binder re: court documents regarding the Boilermakers-Blacksmith National Pension Trust Fund and provide same to T. Foudy (.80) | 0.80 |
| 01/31/13 | MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |

April 17, 2013
Inv # 1575869
Our Ref #  062108-000100

Page  3

TOTAL HOURS                    14.30

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 11.40 | 625 | 7,125.00 |
| Alana Dreiman | Legal Assistant | 2.90 | 230 | 667.00 |
| | | **14.30** | | **$7,792.00** |

TOTAL SERVICES                                      $7,792.00

**Summary of Expenses**

Pacer - ECF                              228.50

TOTAL EXPENSES                                    $228.50

TOTAL THIS INVOICE                              $8,020.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**    Bank:              Citibank
                       ABA Routing #:      021000089
                       F/B/O:             Curtis Mallet-Prevost Colt & Mosle LLP
                       Account#           40585074

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
                       General Post Office
                       P.O. Box 27930
                       New York, NY 10087-7930

                       Residential Capital, LLC
                       Inv. # 1575869

                       Total Services                 7,792.00

                       Total Expenses                  228.50

                       **Total This Invoice**         **$8,020.50**

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

April 17, 2013

Inv. # 1575875
Our Ref. 062108-000210
SJR

Attention:    Residential Capital, LLC

Re:    **Asset Analysis, Sales and Recoveries**

---

| Date | | Description | Hours |
|---|---|---|---|
| 01/03/13 | MG8 | Review PNC Mortgage's proposed revisions to stipulation addressing SBO servicer concerns relating to advance reimbursement (.40) | 0.40 |
| 01/07/13 | MG8 | Review and comment on Debtors' Omnibus Reply to Cure Objections of certain SBO Servicers, including PNC Mortgage and CitiMortgage and other parties for conflicts purposes (1.20) | 1.20 |
| 01/07/13 | MG8 | Review and comment on further revised Omnibus Reply to Cure Objections, related charts and proposed order with respect to same (.40) | 0.40 |
| 01/09/13 | MG8 | Attend to matters relating to adjournment of January 10th hearing, including cure objections of PNC Mortgage (.10) | 0.10 |
| 01/09/13 | MG8 | Attend to matters relating to preparation of materials for hearing on cure objections (.60) | 0.60 |
| 01/09/13 | MG8 | Correspond with A. Root of PNC Mortgage regarding proposed stipulation addressing SBO Servicer concerns and follow-up with M. Crespo at Morrison & Foerster regarding same (.50) | 0.50 |
| 01/10/13 | MG8 | Attend to several correspondence with T. Witten and his team at Residential Capital regarding review of PNC Mortgage's requests for reimbursement of advances that are not yet payable and follow-up re: same (.30) | 0.30 |
| 01/10/13 | MG8 | Participate in telephone conference with A. Root, counsel to PNC Mortgage, regarding last comments to the stipulation resolving SBO servicer cure objection and review request for reimbursement of advances and related follow-up (.40) | 0.40 |
| 01/11/13 | MG8 | Correspond with C. Hager of Residential Capital regarding review of PNC Mortgage spreadsheet listing current requests for reimbursement of advances (.30) | 0.30 |
| 01/11/13 | MG8 | Attend to several communications with A. Root, counsel to PNC Mortgage, regarding SBO servicer | 0.50 |

April 17, 2013
Inv # 1575875
Our Ref #  062108-000210

Page  2

| | | stipulation and review chart with current PNC requests for advance reimbursement for conflicts purposes (.50) | |
|---|---|---|---|
| 01/14/13 | MG8 | Attend to correspondence with M. Beck and T. Witten of Residential Capital regarding certain PNC Mortgage SBO servicing agreements to be included on assumed contract list in connection with Debtors' asset sales for conflicts purposes (.30) | 0.30 |
| 01/14/13 | MG8 | Attend to correspondence with A. Root, of PNC Mortgage, regarding reconciliation of requests for reimbursement of servicing advances (.20) | 0.20 |
| 01/15/13 | MG8 | Attend to matters related to finalization and execution of the SBO Servicer Stipulation with PNC Mortgage and follow-up with M. Crespo of Morrison & Foerster regarding same (.30) | 0.30 |
| 01/15/13 | MG8 | Correspond with Curtis team regarding issues relating to PNC SBO servicer agreements to be included in assumed contract schedules (.20) | 0.20 |
| 01/15/13 | MG8 | Draft correspondence to M. Beck, T. Witten and C. Hager regarding PNC Mortgage SBO servicing agreements to be included in assumed contract schedules (.30) | 0.30 |
| 01/15/13 | MG8 | Review PNC Mortgage SBO servicing agreements forwarded by T. Witten in connection with assumption schedules for conflicts purposes (.30) | 0.30 |
| 01/15/13 | MG8 | Prepare for January 16th hearing on, among other things, outstanding cure issues in connection with Curtis' role as Debtors' conflicts counsel (.60) | 0.60 |
| 01/16/13 | MG8 | Review fully executed copy of SBO Servicer Stipulation and related follow-up correspondence with T. Foudy and A. Root (.20) | 0.20 |
| 01/18/13 | MG8 | Attend to correspondence with M. Beck of Morrison & Foerster regarding PNC Mortgage SBO servicing agreements to be included in schedule of assumed contracts for sales to Ocwen and Berkshire Hathaway and follow-up with A. Root, of PNC Mortgage, re: same for conflicts purposes (.20) | 0.20 |
| 01/24/13 | MG8 | Telephone call with M. Crespo of Morrison & Foerster regarding SBO servicer stipulation (.10) | 0.10 |
| 01/25/13 | MG8 | Attend to correspondence with A. Root of PNC Mortgage regarding entry of SBO Servicer Stipulation (.20) | 0.20 |
| 01/28/13 | MG8 | Prepare for omnibus hearing on numerous matters, including notices seeking to assume and assign certain agreements in connection with Debtors' sale of platform and legacy portfolio assets (.70) | 0.70 |

April 17, 2013
Inv # 1575875
Our Ref #  062108-000210

Page  3

| Date | | Description | Hours |
|---|---|---|---|
| 01/29/13 | MG8 | Attend hearing in connection with assumption of various agreements in connection with Debtors' sale motion (2.50) | 2.50 |
| 01/31/13 | JD3 | Participate in teleconference with C. DiCicco and M. Gallagher re: Calpine REO settlement and review of REO order re: same (.20) | 0.20 |
| 01/31/13 | MG8 | Review notice of proposed order and notice of filing of amended proposed order regarding assumption and assignment of executory contracts in connection with sale of Debtors' platform assets in connection with Curtis' role as conflicts counsel (.20) | 0.20 |
| 01/31/13 | MG8 | Participate in telephone conference with C. DiCicco of ResCap and J. Drew regarding CPN settlement and transfer of REO property to CPN (.20) | 0.20 |
| 01/31/13 | MG8 | Follow-up communication with H. Jones, outside counsel to Residential Capital, in connection with the REO transfer to Calpine (.40) | 0.40 |
| | | TOTAL HOURS | 11.80 |

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 11.60 | 625 | 7,250.00 |
| James V. Drew | Associate | 0.20 | 590 | 118.00 |
| | | **11.80** | | **$7,368.00** |

| | | |
|---|---|---|
| **TOTAL SERVICES** | | **$7,368.00** |

### Summary of Expenses

| | |
|---|---|
| Pacer - ECF | 432.40 |
| **TOTAL EXPENSES** | **$432.40** |

| | |
|---|---|
| **TOTAL THIS INVOICE** | **$7,800.40** |



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

|  |  |  |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
|  | ABA Routing #: | 021000089 |
|  | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
|  | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1575875

| | |
|---|---|
| Total Services | 7,368.00 |
| Total Expenses | 432.40 |
| **Total This Invoice** | **$7,800.40** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



### CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

April 17, 2013

Inv. # 1575880
Our Ref. 062108-000320
SJR

Attention:     Residential Capital, LLC

Re:    **Claims Administration and Objections**

---

| 01/07/13 | MG8 | Review claims filed by actual and potential conflict parties from Morrison & Foerster retention application and list of matters in which Curtis has previously acted as Debtors' conflicts counsel in connection with mediation before Judge Peck and follow-up with B. Kotliar with respect to organization of same including need for preparation of chart detailing status of same (1.60) | 1.60 |
|---|---|---|---|
| 01/07/13 | BMK | Draft schedule of proofs of claims filed by actual conflict parties by reviewing claims register including discussions on same with M. Gallagher (3.40) | 3.40 |
| 01/07/13 | BMK | Draft schedule of proofs of claim re: parties for which Morrison & Foerster has disclosed as a current client or affiliate of current client (3.70) | 3.70 |
| 01/07/13 | BMK | Review resulting data from conflict party claims chart to ensure accuracy, including review of Morrison & Foerster retention application (1.10) | 1.10 |
| 01/07/13 | BMK | Draft email on findings regarding conflict party claims chart for circulation to M. Gallagher and T. Foudy (.10) | 0.10 |
| 01/08/13 | BMK | Revise schedule of claims filed by conflict parties per M. Gallagher's edits (.20) | 0.20 |
| 01/09/13 | MG8 | Review precedent for claims objection procedures, including Lehman, MF Global and General Maritime, in connection with commenting on draft claims objection procedures motion circulated by Morrison & Foerster in connection with Curtis' role as Debtors' conflicts counsel (1.30) | 1.30 |
| 01/10/13 | MG8 | Review and comment on draft procedures for claims objections, settlements and schedule amendments and correspond with J. Wishnew of Morrison & Foerster regarding same (2.10) | 2.10 |
| 01/11/13 | MG8 | Draft correspondence to T. Foudy regarding securities fraud related claims asserted by Investors who filed Rule 3013 Motion and necessary research relating to | 0.20 |

April 17, 2013
Inv # 1575880
Our Ref #  062108-000320

Page  2

|  |  |  |  |
|---|---|---|---|
|  |  | same (.20) |  |
| 01/11/13 | MG8 | Briefly review materials from the Washington Mutual case relating to securities fraud related claims in connection with review of Investors' claims (.50) | 0.50 |
| 01/11/13 | MG8 | Correspond with B. Kotliar and T. Foudy regarding research on securities fraud related claims, including obtaining materials from the Washington Mutual case relevant to same for claims objection purposes (.20) | 0.20 |
| 01/16/13 | MG8 | Review B. Kotliar's research regarding claims objection procedures that provide for ability to object to claims in different objections for conflicts purposes (.40) | 0.40 |
| 01/16/13 | MG8 | Review motion for claims procedures and approval order from Borders' Chapter 11 cases for procedures similar to those included in current draft of procedures motion proposed for Residential Capital (.30) | 0.30 |
| 01/16/13 | MG8 | Confer with J. Wishnew of Morrison & Foerster regarding status of draft motion for approval of claims objection procedures and related procedures (.10) | 0.10 |
| 01/16/13 | BMK | Draft email to M. Gallagher re: research findings re: claims objection procedures motions and orders explaining reservation of rights language with respect to multiple objections to the same claims (.80) | 0.80 |
| 01/16/13 | BMK | Research whether prior claims procedures and orders have ███████████████████████████████ ███████████████████████████████ (.50) | 0.50 |
| 01/16/13 | BMK | Correspond with M. Gallagher re: research summary re: claims procedures███████████████████ ███████████████████████████████████ (.30) | 0.30 |
| 01/16/13 | BMK | Conduct research re: treatment of claims objections in recent bankruptcies by reviewing case dockets for motions, proposed orders, omnibus claims objections and orders (1.30) | 1.30 |
| 01/30/13 | MG8 | Review and provide to J. Wishnew comments to updated draft of claims procedures motion (.60) | 0.60 |
|  |  | TOTAL HOURS | 18.70 |

April 17, 2013
Inv # 1575880
Our Ref #  062108-000320

Page  3

**Summary of Services**

|  | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 7.30 | 625 | 4,562.50 |
| Bryan M. Kotliar | Associate | 11.40 | 305 | 3,477.00 |
|  |  | **18.70** |  | **$8,039.50** |

**TOTAL SERVICES**                                           $8,039.50

**TOTAL THIS INVOICE**                                      $8,039.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1575880

| | |
|---|---|
| Total Services | 8,039.50 |
| Total Expenses | 0.00 |
| **Total This Invoice** | **$8,039.50** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

April 17, 2013

Inv. # 1575881
Our Ref. 062108-000330
SJR

Attention:      Residential Capital, LLC

**Re:   Contracts/Leases Assumption and Rejection**

---

| | | | |
|---|---|---|---|
| 01/08/13 | SJR | Review Omnibus Reply and edits to Debtors' Omnibus Reply to Objections to Assumption and Assignment of Certain Agreements in connection with sale of assets where Curtis is handling matters related to PNC Mortgage for conflicts purposes (1.10) | 1.10 |
| 01/08/13 | SJR | Follow up regarding status of Omnibus Reply to objections to Assumption and Assignment of Certain Agreements in efforts to resolve Objections (.30) | 0.30 |
| 01/15/13 | BMK | Draft Correspondence to M. Gallagher re: findings on assumed and assigned contracts re: PNC Mortgage's 2004 and 2002 NCMC contracts for conflicts purposes (.30) | 0.30 |
| 01/15/13 | BMK | Review debtors' schedules of assumed and assigned contracts for contracts related to PNC re: whether NCMC 2004 contract includes the prior 2002 version (.90) | 0.90 |
| | | TOTAL HOURS | 2.60 |

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 1.40 | 830 | 1,162.00 |
| Bryan M. Kotliar | Associate | 1.20 | 305 | 366.00 |
| | | **2.60** | | **$1,528.00** |

| | |
|---|---|
| **TOTAL SERVICES** | **$1,528.00** |

April 17, 2013
Inv # 1575881
Our Ref #  062108-000330

Page  2

**TOTAL THIS INVOICE**                                      **$1,528.00**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

|  |  |  |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
|  | ABA Routing #: | 021000089 |
|  | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
|  | Account# | 40585074 |

**Mail Checks to -**    Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1575881

| | |
|---|---|
| Total Services | 1,528.00 |
| Total Expenses | 0.00 |
| **Total This Invoice** | **$1,528.00** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

April 17, 2013

Inv. # 1575882
Our Ref. 062108-000350
SJR

Attention:    Residential Capital, LLC

**Re:  Hearings and Court Matters**

---

| Date | | Description | Hours |
|------|------|-------------|------|
| 01/09/13 | BMK | Review objections by conflict parties PNC Mortgage and Citimortgage in connection with upcoming cure objection hearing (.80) | 0.80 |
| 01/09/13 | BMK | Coordinate with A. Dreiman for production of materials for cure objection hearing scheduled for January 10th, 2013 (.50) | 0.50 |
| 01/09/13 | AD | Prepare a binder for the "Cure Objections Hearing" on January 10, 2013 at 2:00 p.m. per T. Foudy and M. Gallagher's request (3.00) | 3.00 |
| 01/15/13 | BMK | Coordinate with A. Dreiman regarding production of necessary materials for hearing on cure objections (.30) | 0.30 |
| 01/15/13 | AD | Update January 16, 2012 "Cure Objections Hearing" binder per B. Kotliar's request (.60) | 0.60 |
| 01/16/13 | MG8 | Attend hearing in connection with Curtis' role as conflicts counsel with respect to certain parties who filed cure objections (1.00) | 1.00 |
| | | TOTAL HOURS | 6.20 |

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|-------|-------|------|--------|
| Maryann Gallagher | Counsel | 1.00 | 625 | 625.00 |
| Bryan M. Kotliar | Associate | 1.60 | 305 | 488.00 |
| Alana Dreiman | Legal Assistant | 3.60 | 230 | 828.00 |
| | | **6.20** | | **$1,941.00** |

**TOTAL SERVICES**                    $1,941.00

April 17, 2013
Inv # 1575882
Our Ref #  062108-000350

Page  2

### Summary of Expenses

External Photocopy Services                              60.20

**TOTAL EXPENSES**                                           **$60.20**


**TOTAL THIS INVOICE**                                    **$2,001.20**



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**
Bank:                Citibank
ABA Routing #:       021000089
F/B/O:               Curtis Mallet-Prevost Colt & Mosle LLP
Account#             40585074

**Mail Checks to -**
Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1575882

Total Services                    1,941.00

Total Expenses                      60.20

**Total This Invoice**            **$2,001.20**

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**Curtis, Mallet-Prevost, Colt & Mosle LLP**

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

April 17, 2013

Inv. # 1575895
Our Ref. 062108-000400
SJR

Attention:    Residential Capital, LLC

**Re:   General Litigation Matters**

| Date | Initials | Description | Hours |
|---|---|---|---|
| 01/01/13 | BMK | Draft chart and outline of Residential Capital's prepetition credit facilities detailing specifically obligations owed to various creditor constituencies as would be relevant to Curtis' role as conflicts counsel in upcoming mediation (2.50) | 2.50 |
| 01/02/13 | SJR | Review research and pleadings filed related to Plan negotiation and background on same in preparation for meeting with Mediator Judge Peck, regarding efforts to resolve numerous disputes with actual and potential conflict parties in the Residential Capital case which are subject to litigation or potential litigation and impediments to a plan (4.60) | 4.60 |
| 01/02/13 | SJR | Attend to review and revision of sections of submission to Examiner in response to submission to Examiner by JSN/SUNS (1.60) | 1.60 |
| 01/02/13 | TF1 | Review and attend to responding to comments to specified sections of response to JSNs/SUNs submission to examiner for conflicts purposes (2.80) | 2.80 |
| 01/02/13 | TF1 | Review and take notes on background materials, including pleadings filed and internal research in preparation for participation in mediation on plan negotiations before Judge Peck (4.10) | 4.10 |
| 01/02/13 | TF1 | Follow-up with PNC Mortgage on comments to SBO servicing stipulation for conflicts purposes (.10) | 0.10 |
| 01/02/13 | BMK | Draft email to K. Meehan re: Morrison & Foerster's comments to Curtis' draft response to JSN/SUN submission to examiner re:████████████████ ███████████████████████ ██████████(.50) | 0.50 |
| 01/02/13 | BMK | Draft email to T. Foudy, M. Gallagher and K. Meehan re: facts of IB Finance Transaction in 2008-2009 in connection with response to JSN/SUNS Examiner submission (1.80) | 1.80 |
| 01/02/13 | BMK | Draft outline of bankruptcy case timeline to be used as | 0.80 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  2

|            |     | a reference chart during plan mediation before Judge Peck for conflicts purposes (.80)                                                                                                                                |      |
| 01/02/13   | BMK | Prepare materials for upcoming mediation re: examiner work plans and supplements (.40)                                                                                                                                | 0.40 |
| 01/02/13   | BMK | Review and summarize RMBS Trust Settlement motion and objections in connection with the $8.7 billion allowed claim as it pertains to the mediation negotiations for conflicts purposes (3.20)                          | 3.20 |
| 01/02/13   | MR2 | Continue to revise compilation of materials re: Pleadings and Examiners Submissions Relevant to Mediation including additional documents and updates to the order of documents at request of B. Kotliar (1.40)          | 1.40 |
| 01/02/13   | KAM | Research whether ███████████████████████████████████████████████████████████████ (1.50)                                                                                                                             | 1.50 |
| 01/02/13   | KAM | Revise Debtors' response to the Submissions of the Trustee for the Senior Unsecured Notes and the Ad Hoc Group of Junior Unsecured Noteholders (1.90)                                                                  | 1.90 |
| 01/03/13   | SJR | Review draft Response to Examiner and attend to issues regarding responding to JSN's and SUN's submission to the Examiner and correspondence with T. Foudy and M. Gallagher regarding same (1.10)                      | 1.10 |
| 01/03/13   | SJR | Attend to review of materials regarding submission to Examiner including numerous pleadings and internal research and follow up correspondence with T. Foudy and M. Gallagher on possible need for additional materials to be provided to Examiner (1.10) | 1.10 |
| 01/03/13   | TF1 | Review/edit/revise drafts of JSN/SUNs' response to Examiner (2.00)                                                                                                                                                    | 2.00 |
| 01/03/13   | TF1 | Conference call with A. Barrage to discuss comments and revisions to draft of JSN/SUN's response to Examiner for conflicts purposes (.50)                                                                              | 0.50 |
| 01/03/13   | TF1 | Emails with A. Barrage and client on certain factual information pertinent to JSN/SUNS' response (.40)                                                                                                                 | 0.40 |
| 01/03/13   | TF1 | Review/analyze PNC Mortgage comments to SBO Servicing Stipulation and forward same to M. Beck (.50)                                                                                                                    | 0.50 |
| 01/03/13   | TF1 | Conference call with A. Root, PNC Mortgage counsel, on PNC comments to SBO Servicing Stipulation (.10)                                                                                                                 | 0.10 |
| 01/03/13   | MG8 | Review proposed revisions to sections of draft submission to Examiner in response to JSN and SUNs submissions that are being handled by Curtis for                                                                     | 0.60 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  3

conflicts purposes (.60)

| Date | Init | Description | Hours |
|------|------|-------------|-------|
| 01/03/13 | MG8 | Correspondence with A. Barrage and T. Foudy regarding additional research for submission to Examiner and timing for sending to Examiner's counsel (.30) | 0.30 |
| 01/03/13 | BMK | Perform supplemental caselaw research for cases re: ██████████ for response to JSNs submission to the Examiner (1.20) | 1.20 |
| 01/03/13 | BMK | Review JSNs Indenture agreement for provisions ██████████ (.30) | 0.30 |
| 01/03/13 | BMK | Draft email to T. Foudy and K. Meehan re: caselaw and indenture research re:██████████ for the response to the JSN and SUN submission to the examiner (.30) | 0.30 |
| 01/04/13 | SJR | Review documentation regarding various issues in the Residential Capital case including draft of presentation for Judge Peck as Mediator, waterfall analysis for Mediator and other materials regarding strengths and weaknesses of particular claims and strategy regarding Plan process and Mediation process including conference with T. Foudy and B. Kotliar on same (4.70) | 4.70 |
| 01/04/13 | SJR | Attend to participation in conference call with Morrison & Foerster, M. Gallagher and T. Foudy to discuss Plan related conflict issues and upcoming mediation with Bankruptcy Judge Peck (1.10) | 1.10 |
| 01/04/13 | SJR | Follow up with Morrison & Foerster regarding issues subsequent to conference call regarding upcoming mediation with Judge Peck (.30) | 0.30 |
| 01/04/13 | TF1 | Review and edit latest drafts of JSN/SUNs' response to Examiner and provide comments on ██████████ argument contained in same (5.20) | 5.20 |
| 01/04/13 | TF1 | Follow-up with M. Beck on comments to SBO servicing stipulation resolving cure claims and finalizing same for conflicts purposes (.60) | 0.60 |
| 01/04/13 | TF1 | Conference call with G. Lee to discuss participation in mediation with Judge Peck (.30) | 0.30 |
| 01/04/13 | TF1 | Meet with S. Reisman and B. Kotliar to go over key case dynamics/facts in preparation for mediation involvement for conflicts purposes (3.10) | 3.10 |
| 01/04/13 | TF1 | Participate in call with Morrison & Foerster, S. Reisman, M. Gallagher, and B. Kotliar for purposes related to preparation for meeting with Judge Peck | 1.10 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  4

|            |      | regarding mediation (1.10)                                                                                                                                                    |       |
|------------|------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
| 01/04/13   | TF1  | Review mediation presentation materials for Judge Peck (.60)                                                                                                                   | 0.60  |
| 01/04/13   | MG8  | Review and revise drafts of submission to Examiner in response to JSN and SUNs submissions (1.60)                                                                              | 1.60  |
| 01/04/13   | MG8  | Participate in conference call with Morrison & Foerster, S. Reisman, T. Foudy and B. Kotliar to review plan-related conflict issues and discuss upcoming mediation with Judge Peck (1.10) | 1.10  |
| 01/04/13   | BMK  | Review Morrison & Foerster retention application and retention order for AIG's status as conflicts party in event that Curtis may be requested to handle AIG issues in upcoming mediation (.70) | 0.70  |
| 01/04/13   | BMK  | Correspondence with S. Reisman re: procedures for filing adversary proceeding under Bankruptcy Rule 7001 to subordinate claims (.40)                                           | 0.40  |
| 01/04/13   | BMK  | Conference with S. Reisman and T. Foudy re: Curtis' role in upcoming mediation and factual information and dynamics relevant to Curtis' role as conflicts counsel (3.10)       | 3.10  |
| 01/04/13   | BMK  | Coordinate preparation of necessary materials for mediation (.40)                                                                                                              | 0.40  |
| 01/04/13   | BMK  | Review draft response to SUN Noteholders' submission to Examiner for support and citation accuracy (.70)                                                                       | 0.70  |
| 01/04/13   | BMK  | Supplement draft response to SUN/JSN submission to Examiner with case citations re: ██████████ ████████████████████████████████ ████████████████████████████████ ██████(1.40) | 1.40  |
| 01/04/13   | BMK  | Multiple emails with T. Foudy re: necessary edits to response to Examiner submissions of SUNs and JSNs such as case citations and supplemental research (.50)                  | 0.50  |
| 01/04/13   | BMK  | Teleconference with S. Reisman, T. Foudy and Morrison & Foerster team re: upcoming mediation materials for Judge Peck and potential strategies for a Chapter 11 plan (1.10)    | 1.10  |
| 01/04/13   | MR2  | Attend to final edits to compilation re: Pleadings and Examiners Submissions Relevant to Mediation for B. Kotliar (1.60)                                                       | 1.60  |
| 01/04/13   | KAM  | Review response to SUN/JSN submission to Examiner and provide comments to same (.20)                                                                                           | 0.20  |
| 01/07/13   | SJR  | Follow up regarding matters related to preparation for mediation and review materials in preparation for same                                                                  | 2.70  |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  5

|          |     |                                                                                                                                                                                 |      |
|----------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|          |     | including discussions with M. Gallagher and review of background documentation including internal research regarding mediation (2.70)                                            |      |
| 01/07/13 | SJR | Review materials in preparation for mediation including issues related to Third-Party Releases, Examiner's Submissions, Cure Objections, Inter-Company Claims, possible Third-Party Actions, etc. (3.40) | 3.40 |
| 01/07/13 | TF1 | Review and edit latest draft of response to JSNs/SUNs Examiner Submission (2.10)                                                                                                | 2.10 |
| 01/07/13 | TF1 | Review and take notes on SUNs Submission in connection with same (.80)                                                                                                          | 0.80 |
| 01/07/13 | TF1 | Follow-up on SBO Servicing Stipulation with M. Gallagher, M. Beck and A. Root, PNC's counsel (.40)                                                                              | 0.40 |
| 01/07/13 | TF1 | Review key caselaw on propriety of third-party releases, B. Kotliar's notes on factual background, and other key material for participation in mediation before Judge Peck (1.90) | 1.90 |
| 01/07/13 | TF1 | Review/provide comments to Omnibus Reply to cure objections and discuss same with M. Gallagher (1.10)                                                                           | 1.10 |
| 01/07/13 | MG8 | Review and provide final comments on Debtors' submission to Examiner in response to JSN and SUNs submissions (1.20)                                                             | 1.20 |
| 01/07/13 | MG8 | Review revised proposed stipulation and order addressing SBO Servicer issues circulated by Morrison & Foerster and follow-up with T. Foudy and A. Root, counsel to PNC Mortgage (.30) | 0.30 |
| 01/07/13 | MG8 | Confer with T. Foudy regarding comments to Debtors' Omnibus Reply to Certain Cure Objections and follow-up re: same (.20)                                                       | 0.20 |
| 01/07/13 | MG8 | Confer with S. Reisman regarding upcoming plan mediation and preparations relating to the same for conflicts purposes (.30)                                                     | 0.30 |
| 01/07/13 | BMK | Coordinate production of materials necessary to aid mediation (.30)                                                                                                             | 0.30 |
| 01/08/13 | SJR | Review materials regarding analysis of Residential Capital claims, waterfall analysis, mediation and party position analysis and other materials in connection with tomorrow's mediation session with Bankruptcy Judge Peck (6.20) | 6.20 |
| 01/08/13 | SJR | Participate in conference call with Morrison & Foerster regarding upcoming Mediation Meeting with Judge Peck and confer with T. Foudy and M. Gallagher regarding same (1.20)     | 1.20 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  6

| Date | Init | Description | Hours |
|---|---|---|---|
| 01/08/13 | TF1 | Follow-up with Morrison & Foerster and PNC on finalizing of SBO Servicing Stipulation, including conference call with PNC's counsel on same and proof of claim for conflicts purposes (.80) | 0.80 |
| 01/08/13 | TF1 | Confer with M. Gallagher on PNC and cure objections to claim (.50) | 0.50 |
| 01/08/13 | TF1 | Review and provide comments to multiple drafts of omnibus reply on cure objections and chart thereto (1.90) | 1.90 |
| 01/08/13 | TF1 | Continue review and notetaking on background materials relevant to participation in plan mediation vis-a-vis conflict parties (.80) | 0.80 |
| 01/08/13 | TF1 | Participate in conference call with Morrison & Foerster to prepare for mediation meeting with Judge Peck and follow-up discussion with S. Reisman (1.20) | 1.20 |
| 01/08/13 | MG8 | Confer with T. Foudy regarding issues with respect to PNC Mortgage cure objection and follow-up regarding hearing on certain cure objections for conflicts purposes (.50) | 0.50 |
| 01/08/13 | MG8 | Review briefly final version of Debtors' Submission to Examiner in response to submission of SUNs and JSNs and related cover letter (.50) | 0.50 |
| 01/08/13 | MG8 | Confer with S. Reisman re: upcoming Mediation meeting with Judge Peck (.20) | 0.20 |
| 01/08/13 | BMK | Review debtors' submission to Examiner re: JSNs and SUNs specifically for portions handled by Curtis for conflicts purposes (.50) | 0.50 |
| 01/08/13 | BMK | Research whether filing of adversary proceeding to subordinate a claim▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮(.80) | 0.80 |
| 01/09/13 | SJR | Attend mediation session with Judge Peck and attorneys from Morrison & Foerster regarding presentation of position of various parties in connection with potential for settling inter-company and inter-creditor disputes through a mediation process Ordered by Court (6.80) | 6.80 |
| 01/09/13 | SJR | Review e-mail from Gary Lee of Morrison & Foerster regarding assistance needed in connection with subordination matter related to potential conflict parties, including AIG, and review documentation in connection with same (1.70) | 1.70 |
| 01/09/13 | TF1 | Review and edit draft claims procedures motion papers circulated by Morrison & Foerster (1.50) | 1.50 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  7

| | | | |
|---|---|---|---|
| 01/09/13 | TF1 | Follow-up on SBO Servicing Stipulation and preparation for cure hearing, including emails with Morrison & Foerster and PNC's counsel regarding comments to same, and review/edit new revised drafts of same, review hearing notices/agenda, and supervise preparation of hearing binders (2.20) | 2.20 |
| 01/09/13 | TF1 | Review updated presentations to Judge Peck for mediation (.70) | 0.70 |
| 01/09/13 | BMK | Input comments to draft subordination complaint from Morrison & Foerster for review by S. Reisman (1.20) | 1.20 |
| 01/09/13 | BMK | Review draft subordination complaint of Trusts' misrepresentation claims (.90) | 0.90 |
| 01/10/13 | TF1 | Follow-up regarding resolution of PNC Mortgage Cure Objection, including review of new draft of SBO Servicing Stipulation and emails with client and PNC regarding outstanding advances spreadsheet (.80) | 0.80 |
| 01/10/13 | BMK | Review submissions by AIG, Allstate, MassMutual and Prudential to the Investors Motion pursuant to Rule 3013 seeking classification of Investors' claims with claims of RMBS Trust to aid preparation of draft subordination complaint (1.30) | 1.30 |
| 01/11/13 | SJR | Attend to review of draft memorandum and case law as well as draft Motion to Subordinate Claims of AIG, Allstate, MassMutual and Prudential and other claim and securities fraud claims against the Debtors in connection with project on behalf of ResCap to subordinate claims for determination of recovery (3.20) | 3.20 |
| 01/11/13 | TF1 | Review and analyze draft motion to subordinate claims of AIG, Allstate, MassMutual and Prudential and potentially other securities fraud claimants (1.20) | 1.20 |
| 01/11/13 | TF1 | Research law in connection with drafting of motion to subordinate claims of certain conflict parties and other securities fraud claimants (.90) | 0.90 |
| 01/11/13 | TF1 | Review email with Morrison & Foerster on comments to draft claims procedures motion (.10) | 0.10 |
| 01/11/13 | TF1 | Follow-up on finalization of SBO Servicing Stipulation/resolution of cure objections of conflict parties, including review of spreadsheet of claims and conferring with PNC Mortgage and client on same and conferring with Morrison & Foerster on status of resolution (.80) | 0.80 |
| 01/11/13 | BMK | Draft email to S. Reisman, T. Foudy and M. Gallagher circulating documents relevant to draft subordination papers in response to Investors' Rule 3013 Motion from Morrison & Foerster re: subordination issues in similar | 0.50 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  8

| | | large mortgage company bankruptcy (.50) | |
|---|---|---|---|
| 01/14/13 | TF1 | Attend to follow-up on finalization and execution of SBO Servicing Stipulation with PNC Mortgage counsel and Morrison & Foerster for conflicts purposes (.40) | 0.40 |
| 01/14/13 | TF1 | Confer with M. Gallagher on draft memorandum in support of subordination of Investors' claims and strength of various arguments in regards to same (.70) | 0.70 |
| 01/14/13 | TF1 | Follow-up on research regarding subordination of securities fraud claims of conflict parties and begin review of key WAMU pleadings regarding same (1.60) | 1.60 |
| 01/14/13 | TF1 | Discussion with M. Cohen and M. Gallagher re: objection to trust claims pursuant to section 510 of the Bankruptcy Code in connection with Debtors' potential motion to subordinate Investors' securities fraud claims (.50) | 0.50 |
| 01/14/13 | MG8 | Confer with T. Foudy re: issues relating to potential claims for subordination of Investors' securities fraud claims and follow-up re: same (.70) | 0.60 |
| 01/14/13 | MG8 | Discussion with M. Cohen and T. Foudy on objection to Investors' securities fraud claims pursuant to section 510 of the Bankruptcy code for conflicts purposes (.50) | 0.50 |
| 01/14/13 | MAC | Confer with M. Gallagher and T. Foudy re: objection to Investors' securities fraud claims pursuant to section 510 of the Bankruptcy Code for conflicts purposes (.50) | 0.50 |
| 01/14/13 | BMK | Coordinate with A. Dreiman for the production of transcripts from several hearings in similar mortgage company bankruptcy case in connection with research or subordination issues (.20) | 0.20 |
| 01/14/13 | BMK | Draft email to T. Foudy re: findings on pleadings re: similar issues re: statutory language of section 510(b) (.40) | 0.40 |
| 01/14/13 | BMK | Research docket of similar bankruptcy cases for pleadings on the issue of amending the court's prior decision re: subordination (.40) | 0.40 |
| 01/14/13 | BMK | Draft email to T. Foudy summarizing pleadings and findings re: subordination issues in similar major mortgage company bankruptcy cases (.80) | 0.80 |
| 01/14/13 | BMK | Draft follow up email to T. Foudy explaining findings on pleadings re: similar issues in major mortgage company bankruptcy cases re: statutory language of section 510(b) (.30) | 0.30 |
| 01/14/13 | BMK | Research subordination issues in similar mortgage company bankruptcy case re: issues in connection with statutory language of section 510(b) (.80) | 0.80 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  9

| 01/14/13 | BMK | Correspondence with T. Foudy re: findings in In re Accredited Home Lenders re: subordination issues (.40) | 0.40 |
|---|---|---|---|
| 01/14/13 | BMK | Research recently filed mortgage company bankruptcy cases re: subordination issues re: securities holders claims in connection with response to Investors' Rule 3013 Motion (3.60) | 3.60 |
| 01/14/13 | AD | Locate and retrieve court transcripts for hearings held in the Washington Mutual case on June 28, 2011 and May 7, 2012 per B. Kotliar's request and related to Investors' Rule 3013 Motion (.20) | 0.20 |
| 01/15/13 | TF1 | Follow-up finalization of SBO servicing stipulation with PNC Mortgage and address new issue regarding additional PNC Mortgage contracts, including participating in calls with M. Gallagher, M. Beck, M. Beck, T. Witten and C. Hager on new issue and multiple calls with PNC Mortgage counsel on new issue (1.60) | 1.60 |
| 01/15/13 | TF1 | Review agenda for upcoming cure hearing at which Curtis will represent the Debtors in connection with PNC Mortgage (.10) | 0.10 |
| 01/15/13 | TF1 | Follow-up emails with B. Kotliar on status of research for subordination motion (.30) | 0.30 |
| 01/15/13 | TF1 | Call with G. Lee regarding Examiner submission in response to SUNs' submission and draft follow-up email regarding same (1.90) | 1.90 |
| 01/15/13 | MG8 | Participate in call with M. Beck, T. Witten, C. Hager and T. Foudy regarding issue relating to additional PNC Mortgage SBO servicing agreements (.40) | 0.40 |
| 01/15/13 | MG8 | Participate in telephone conference with A. Root and T. Foudy regarding PNC Mortgage SBO servicing agreements to be included in assumed agreement schedules for conflicts purposes (.30) | 0.30 |
| 01/15/13 | MG8 | Participate in call with A. Root, counsel to PNC Mortgage and T. Foudy regarding potential new issue relating to certain SBO servicer agreements (.20) | 0.20 |
| 01/15/13 | MG8 | Review materials regarding research on issues relating to subordination of Investors' securities fraud claims (.20) | 0.20 |
| 01/15/13 | BMK | Conduct research re: subordination issues in other recently filed mortgage company bankruptcy cases (2.20) | 2.20 |
| 01/15/13 | BMK | Correspond with T. Foudy re: treatment of subordination issues re: trusts and trusts' shareholders | 0.40 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  10

| | | | |
|---|---|---|---|
| | | in recent similar mortgage company bankruptcy case (.40) | |
| 01/16/13 | TF1 | Review email updates on cure hearing and SBO Servicing Objection (.10) | 0.10 |
| 01/16/13 | TF1 | Follow-up emails with Morrison & Foerster concerning subordination legal research related to Investors' Rule 3013 Motion (.10) | 0.10 |
| 01/16/13 | TF1 | Conference call with N. Moss regarding status of research regarding subordination issues (.10) | 0.10 |
| 01/16/13 | TF1 | Continue review of key Washington Mutual papers on 510(b) subordination issue for purposes of responding to Investors' Rule 3013 Motion and potential subordination complaint (.80) | 0.80 |
| 01/16/13 | TF1 | Review PNC Mortgage SBO contracts in regards to issue regarding assumption and correspond with M. Gallagher on same (.50) | 0.50 |
| 01/16/13 | MG8 | Correspond with T. Foudy regarding review of PNC Mortgage 2004 and 2002 SBO servicing agreements and follow-up with M. Beck regarding inclusion on schedules for assumption and assignment (.20) | 0.20 |
| 01/16/13 | BMK | Review T. Foudy summary of recent mortage company bankruptcies treatment of securitization trusts' claims in Chapter 11 plans (.80) | 0.80 |
| 01/16/13 | BMK | Conduct research re: recent mortgage company bankruptcies treatment of securitization trusts contract and misrepresentation claims in chapter 11 plans (2.80) | 2.80 |
| 01/17/13 | TF1 | Review Washington Mutual hearing transcripts relevant to 510(b) subordination and follow-up regarding research on 510(b) subordination motion (1.10) | 1.10 |
| 01/17/13 | TF1 | Review JPMorgan motion to lift stay and emails discussing same in the event Curtis needs to respond (.80) | 0.80 |
| 01/17/13 | BMK | Review research material and cases received from Morrison & Foerster re: section 510(b) subordination in connection with Investors' Rule 3013 Motion (1.60) | 1.60 |
| 01/18/13 | TF1 | Follow-up on resolution of PNC Mortgage contract issue and informing PNC counsel regarding same for conflicts purposes (.20) | 0.20 |
| 01/18/13 | TF1 | Confer with M. Gallagher on JPM motion for relief from stay and review follow-up emails on scheduling call concerning same and gathering further information on potential effects on Debtors from same for conflicts purposes (.30) | 0.30 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  11

| Date | Code | Description | Hours |
|------|------|-------------|-------|
| 01/18/13 | TF1 | Call J. Haims regarding coordination on Debtors' potential subordination motion with respect to Investors' securities fraud claims (.10) | 0.10 |
| 01/18/13 | MG8 | Telephone conference with T. Foudy regarding JPMorgan motion for stay relief in connection with Canterbury litigation (.30) | 0.30 |
| 01/21/13 | SJR | Attend to review of Wilmington Trust Objection, MBIA Objection, Junior Secured Noteholders Limited Objection, as well as other documentation submitted in addition to documentation in support of RMBS Settlement and other materials in connection with mediation (2.80) | 2.80 |
| 01/22/13 | TF1 | Review underlying pleadings and prior lift stay papers and information on claims filed in bankruptcy suit in conjunction with Canterbury suit in preparation for conference call on response/strategy to motion (1.50) | 1.50 |
| 01/22/13 | TF1 | Participate in conference call with J. Newton, L. Delehy, J. Lynch and M. Gallagher on JPMorgan motion to lift stay with respect to Canterbury lawsuit (.40) | 0.40 |
| 01/22/13 | MG8 | Participate in telephone conference with J. Newton, L. Delehy, J. Lynch and T. Foudy regarding development of strategy for JPMorgan to lift the stay in connection with the Canterbury TILA litigation (.50) | 0.50 |
| 01/23/13 | TF1 | Review new motions to assume and assign additional contracts with focus on conflict party contracts (.70) | 0.70 |
| 01/23/13 | TF1 | Emails with A. Root on status regarding SBO servicing stipulation with PNC Mortgage (.20) | 0.20 |
| 01/24/13 | TF1 | Follow-up regarding response to JPMorgan motion for relief from stay (.10) | 0.10 |
| 01/24/13 | TF1 | Take notes on research regarding 510(b) subordination motion (1.70) | 1.70 |
| 01/25/13 | SJR | Review draft Brief In Support of Subordination of Securities Claims under Section 510 of the Bankruptcy Code provided by Morrison & Foerster in connection with Curtis acting as conflicts counsel with respect to AIG, Allstate, MassMutual and Prudential (1.40) | 1.40 |
| 01/25/13 | SJR | Review case law and other materials cited regarding Brief In Support of Subordination of Securities Claims under Section 510 of the Bankruptcy Code regarding covering sections to be addressed by Curtis Mallet as Conflicts Counsel with respect to AIG, Allstate, Prudential and MassMutual for certain issues related to subordination (2.70) | 2.70 |
| 01/25/13 | SJR | Confer with B. Kotliar of Curtis regarding marking up of | 0.30 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  12

draft Subordination Motion/Adversary Proceeding (.30)

| | | | |
|---|---|---|---|
| 01/25/13 | TF1 | Review and forward to PNC Mortgage counsel filed version of SBO Servicing Stipulation (.10) | 0.10 |
| 01/25/13 | TF1 | Correspondence with M. Gallagher on coverage for Tuesday hearing on Assumption and Assignment Motions (.10) | 0.10 |
| 01/25/13 | TF1 | Conference call with N. Moss on status of subordination motion (.20) | 0.20 |
| 01/25/13 | TF1 | Begin review of revised draft subordination motion in connection with securities fraud claims asserted by AIG, Allstate, MassMutual and Prudential for conflicts purposes (.60) | 0.60 |
| 01/25/13 | BMK | Discuss revisions to draft Subordination Motion/Adversary Proceeding with S. Reisman (.30) | 0.30 |
| 01/27/13 | BMK | Provide comments and markup to draft subordination motion for Investors' claims (1.80) | 1.80 |
| 01/27/13 | BMK | Draft email correspondence re: comments and markup to draft subordination motion of Investors' claims (.40) | 0.40 |
| 01/28/13 | SJR | Review documentation regarding legal analysis on subordination motion with respect to subordination claim of securities fraud claimants (.40) | 0.40 |
| 01/28/13 | SJR | Review pleadings and documentation of Lehman Brothers' Boilermakers case regarding claims related to subordination issues of counter-parties for analogous claims being asserted in Residential Capital case in connection with securities fraud claims asserted by AIG, Allstate, MassMutual and Prudential (1.10) | 1.10 |
| 01/28/13 | SJR | Internal discussion with M. Gallagher and T. Foudy regarding subordination of securities fraud claims, probable procedural mechanism for securities subordination claims with respect to AIG and other conflict parties and general timing of litigation (.30) | 0.30 |
| 01/28/13 | TF1 | Continue review and comment to draft subordination motion (1.30) | 1.30 |
| 01/28/13 | TF1 | Follow-up review on procedural issues in regards to subordination motion including discussion with B. Kotliar on same (.40) | 0.40 |
| 01/28/13 | TF1 | Review and approve new stipulations to extend stay with respect to FHLB parties and comment on same (.60) | 0.60 |
| 01/28/13 | TF1 | Review pleadings/information on Lehman/Boilermakers' claims relevant to AIG in connection with securities fraud claims (1.50) | 1.50 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  13

| | | | |
|---|---|---|---|
| 01/28/13 | TF1 | Meet with S. Reisman and M. Gallagher to discuss subordination of AIG, MassMutual, Allstate and Prudential's securities fraud claims (.30) | 0.30 |
| 01/28/13 | TF1 | Meet with D. Bloom and M. Gallagher to discuss research of procedural issue in regard to subordination of investors' claims (.60) | 0.60 |
| 01/28/13 | TF1 | Participate in call with Morrison & Foerster to discuss papers regarding subordination of investors' securities claims (.40) | 0.40 |
| 01/28/13 | MG8 | Meet with T. Foudy and D. Bloom to discuss research regarding procedure for responding to motion to classify Investor Claims with Trust Claims and follow-up re: same (.60) | 0.60 |
| 01/28/13 | MG8 | Meet with S. Reisman and T. Foudy to discuss approach for responding to motion to classify Investor Claims with Trust Claims (.30) | 0.30 |
| 01/28/13 | MG8 | Review Bankruptcy Code sections and Bankruptcy Rules implicated by motion to classify Investor Claims with Trust Claims and attend to follow-up in connection with preparation of response to same for conflicts purposes (.60) | 0.60 |
| 01/28/13 | MG8 | Review and take notes on updated draft response addressing motion to classify Investor Claims with Trust Claims in connection with certain conflicts parties (1.50) | 1.50 |
| 01/28/13 | MG8 | Draft email to T. Foudy re: response to AIG motion to classify Investor Claims with Trust Claims (.20) | 0.20 |
| 01/28/13 | MG8 | Review and comment, while reviewing and editing B. Kotliar's preliminary comments, on updated draft response to motion seeking to classify Investor Claims with Trust Claims (2.80) | 2.80 |
| 01/28/13 | MG8 | Attend to correspondence from G. Lee and Morrison & Foerster team regarding strategy for responding to motion to classify Investor Claims with Trust Claims (.30) | 0.30 |
| 01/28/13 | BMK | Participate in conference with T. Foudy re: classification arguments in draft subordination motion (.20) | 0.20 |
| 01/28/13 | BMK | Research treatises, case law, and memorandums in support of plan confirmation re: classification ███████ ██████████████████████████ ████████████████████████████ ████████████████ (2.70) | 2.70 |
| 01/28/13 | BMK | Draft emails to M. Gallagher and T. Foudy re: prior cases handled by Curtis involving issues of | 0.80 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  14

| | | | |
|---|---|---|---|
| | | classification ████████████ (.80) | |
| 01/28/13 | DAB | Participate in conference with T. Foudy and M. Gallagher re: Investor Claimant classification motion for conflicts purposes because Morrison & Foerster cannot be adverse to, among others, AIG (.20) | 0.20 |
| 01/28/13 | DAB | Draft email memorandum to T. Foudy and M. Gallagher regarding status of research of procedural issues related to classification of claims pursuant to Bankruptcy Rule 3013 and subordination of claims pursuant to Bankruptcy Code section 510(a)-(c) (.40) | 0.40 |
| 01/28/13 | DAB | Research procedural issues related to classification of claims pursuant to Bankruptcy Rule 3013 and subordination of claims pursuant to Bankruptcy Code section 510(a)-(c) (4.30) | 4.30 |
| 01/28/13 | DAB | Review Investor Claimant classification motion filed by AIG, Allstate, MassMutual and Prudential that Curtis is responding to as conflicts counsel (.10) | 0.10 |
| 01/29/13 | SJR | Review draft of Brief In Support of Subordination of Securities Claims as well as analysis of issues regarding same and revise Brief with comments (2.70) | 2.70 |
| 01/29/13 | SJR | Review of comments to Subordination Brief related to AIG matter and other potential securities claims (1.30) | 1.30 |
| 01/29/13 | SJR | Continue revising Subordination Brief with comments and reviewing of case law and supporting legal authority for positions taken in Brief (3.40) | 3.40 |
| 01/29/13 | TF1 | Formulate general comments to draft brief seeking subordination of securities fraud claims asserted by AIG, Allstate, MassMutual and Prudential and draft email to Morrison & Foerster on same (1.40) | 1.40 |
| 01/29/13 | TF1 | Review and provide comments in draft brief on subordination in track changes and incorporate internal comments (2.40) | 2.40 |
| 01/29/13 | TF1 | Review D. Bloom email regarding procedural research on subordination and follow-up regarding same (1.10) | 1.10 |
| 01/29/13 | TF1 | Follow-up on preparation for, and coverage of, Lehman hearing on similar subordination issue raised by Investors' Rule 3013 Motion (.40) | 0.40 |
| 01/29/13 | TF1 | Exchange emails with Morrison & Foerster team on import of papers/hearing in Lehman on same issue (.60) | 0.60 |
| 01/29/13 | MG8 | Review preliminary results from D. Bloom on research relating to motion to classify Investor Claims with Trust Claims and related follow-up correspondence (.30) | 0.30 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  15

| | | | |
|---|---|---|---|
| 01/29/13 | MG8 | Conduct research on Rules 3007 and 7001 in connection with consideration of approach for addressing motion to classify Investor Claims with Trust Claims (1.20) | 1.20 |
| 01/29/13 | MG8 | Review filings in Lehman case relevant to Debtors' efforts to subordinate Boilermaker claims pursuant to section 510(b) in connection with addressing motion to classify Investor Claims with Trust Claims and follow-up related to the same for conflicts purposes (1.60) | 1.60 |
| 01/29/13 | MG8 | Meet with D. Bloom to review research relating to procedure for addressing motion seeking to classify Investor Claims with Trust Claims and follow-up research questions (.50) | 0.50 |
| 01/29/13 | BMK | Draft email to S. Reisman with recent case decisions, articles, and summaries from the In re Lower Bucks Hospital decision re: third party releases in plans of reorganization (.40) | 0.40 |
| 01/29/13 | BMK | Draft correspondence to T. Foudy re: claims classification issues in draft subordination proceeding for conflicts purposes where Curtis is responding to Investors' 3013 Motion (.30) | 0.30 |
| 01/29/13 | BMK | Draft case citations with parenthetical explanations re: circumstances of FRBP 3013 in context of plan process (1.10) | 1.10 |
| 01/29/13 | BMK | Draft insert to subordination brief re: different classification of similar claims pursuant to reasonable basis standard for conflicts purposes (2.10) | 2.10 |
| 01/29/13 | BMK | Assist D. Bloom with drafting internal memorandum re: procedural issues in connection with subordination motion related to Investors' securities fraud claims (2.40) | 2.40 |
| 01/29/13 | BMK | Review Lehman proceedings re: subordination provisions in confirmed plan and re: subordination arguments raised in connection with Boilermakers claims objection for inclusion in internal memorandum (2.20) | 2.20 |
| 01/29/13 | BMK | Research case law and advisory committee notes to rule 3013 re: procedural issues regarding filing adversary proceedings and claims objections (1.30) | 1.30 |
| 01/29/13 | BMK | Research cases cited by Investors' classification motion on bankruptcy rule 3013 (1.40) | 1.40 |
| 01/29/13 | BMK | Coordinate with R. Srulowitz re: production of documents re: subordination issue in Lehman Brothers bankruptcy (.20) | 0.20 |

April 17, 2013
Inv # 1575895
Our Ref # 062108-000400

Page 16

| | | | |
|---|---|---|---|
| 01/29/13 | BMK | Attend to multiple correspondences with M. Gallagher and T. Foudy re: upcoming teleconference with Morrison & Foerster re: subordination procedural issues for conflicts purposes (.30) | 0.30 |
| 01/29/13 | BMK | Circulate comments of draft subordination motion to S. Reisman, T. Foudy and M. Gallagher (.10) | 0.10 |
| 01/29/13 | BMK | Review mark-up and comments of M. Gallagher to draft subordination motion (.70) | 0.70 |
| 01/29/13 | DAB | Conduct further research regarding procedural issues related to classification of claims pursuant to Bankruptcy Rule 3013 and subordination of claims pursuant to Bankruptcy Code section 510(a)-(c) (6.00) | 6.00 |
| 01/29/13 | DAB | Draft and revise memorandum detailing research regarding procedural issues related to classification of claims for conflicts purposes (2.40) | 2.40 |
| 01/29/13 | DAB | Confer with B. Kotliar to discuss research regarding claim subordination and classification and draft internal memorandum on same (.20) | 0.20 |
| 01/29/13 | DAB | Confer with M. Gallagher re: details of research relating to classification of claims for use in response to Investors' 3013 Motion (.50) | 0.50 |
| 01/30/13 | SJR | Review and analysis of procedural issues in connection with AIG Claim Subordination Motion (.60) | 0.60 |
| 01/30/13 | TF1 | Review D. Bloom memo on procedural issues concerning response to AIG motion to classify (.40) | 0.40 |
| 01/30/13 | TF1 | Review update from M. Gallagher on Assumption and Assignment Motions hearing (.10) | 0.10 |
| 01/30/13 | TF1 | Follow-up regarding resolution of JPMorgan stay motion and claims procedures motion (.20) | 0.20 |
| 01/30/13 | TF1 | Prepare to participate in call with Morrison & Foerster to discuss papers/procedures for subordination of AIG and other Investors' securities fraud claims (1.30) | 1.30 |
| 01/30/13 | TF1 | Participate in call with Morrison & Foerster to discuss papers and procedures for subordination securities claims (.90) | 0.90 |
| 01/30/13 | TF1 | Post-call meeting with M. Gallagher and B. Kotliar to discuss tasks in connection with preparation of pleadings for subordination of securities claims (.40) | 0.40 |
| 01/30/13 | TF1 | Continue to review, research and take notes on research and pleadings relevant to responding to AIG motion to classify and to subordinating securities claims of conflict parties (3.00) | 3.00 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  17

| | | | |
|---|---|---|---|
| 01/30/13 | TF1 | Confer with B. Kotliar on research regarding new potential argument in connection with same and review emails from him regarding same (.80) | 0.80 |
| 01/30/13 | MG8 | Prepare for and participate in conference call on issues relating to AIG parties' motion to classify Investor Claims with Trustee Claims and follow-up meeting with T. Foudy and B. Kotliar re: same (1.80) | 1.80 |
| 01/30/13 | MG8 | Review and comment on updated research memo on issues relating to subordination of securities claims in connection with claims filed in Residential Capital case, including those of AIG and other conflict party investors (.70) | 0.70 |
| 01/30/13 | MG8 | Participate in telephone conference with L. Marinuzzi regarding issues related to AIG parties motion to classify Investor Claim with Trust Claims and related follow-up for conflicts purposes (.20) | 0.20 |
| 01/30/13 | BMK | Research whether certain claims are barred as duplicative as requested by T. Foudy in connection with addressing issues raised by Investors' Rule 3013 motion (.80) | 0.80 |
| 01/30/13 | BMK | Attend conference call with Morrison & Foerster re: procedural issues regarding subordination of Investors' claims (1.00) | 1.00 |
| 01/30/13 | BMK | Attend status meeting with T. Foudy and M. Gallagher re: follow up to Morrison & Foerster call re: procedural issues regarding subordination (.50) | 0.50 |
| 01/30/13 | BMK | Draft summary of research re: whether duplicative claims are barred in connection with claims filed by Investors (.50) | 0.50 |
| 01/30/13 | BMK | Prepare materials re: subordination authorities relied upon in connection with duplicative claims for Curtis team in preparation for call with Morrison & Foerster (.90) | 0.90 |
| 01/30/13 | RMS | Compile and prepare materials relevant to Section 510(b) Subordination Issues, per the request of B. Kotliar (1.10) | 1.10 |
| 01/30/13 | DAB | Participate in call with Morrison & Foerster regarding procedural issues related to potential motion to subordinate Investors' claims (1.00) | 1.00 |
| 01/30/13 | DAB | Revise draft memorandum regarding classification and subordination of claims per M. Gallagher and B. Kotliar comments (.20) | 0.20 |
| 01/31/13 | TF1 | Confer with M. Gallagher concerning arguments in response to AIG motion pursuant to Rule 3013 (.30) | 0.30 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  18

| Date | | Description | Hours |
|------|------|-------------|-------|
| 01/31/13 | TF1 | Research 1122 issues raised by AIG 3013 Motion for preparing response to that motion (.80) | 0.80 |
| 01/31/13 | TF1 | Follow-up on duplicate claims research and information on AIG's purchases/sales/holdings (.50) | 0.50 |
| 01/31/13 | MG8 | Confer with T. Foudy regarding open issues relating to response to AIG Group motion pursuant to Rule 3013 seeking to classify Investor Claims with Trust Claims (.30) | 0.30 |
| 01/31/13 | MG8 | Attend to matters relating to claims of parties to AIG Parties' motion seeking to classify Investor Claims with Trust Claims (.40) | 0.40 |
| 01/31/13 | BMK | Coordinate with C. Cu at KCC re: production of proofs of claims related to Investors Classification Motion (.30) | 0.30 |
| 01/31/13 | BMK | Conduct research re: application of single satisfaction rule in bankruptcy regarding multiple theories of liability per filed claim where bankruptcy recovery per general unsecured creditor will be less than one hundred cents on the dollar in connection with response to Investors' 3013 Motion (3.40) | 3.40 |
| 01/31/13 | BMK | Attend to internal correspondences re: research findings re: single satisfaction rule in bankruptcy regarding multiple theories of liability per filed claim including discussions with J. Zimmer on same (1.40) | 1.40 |
| 01/31/13 | BMK | Attend to internal correspondences re: Rule 2019 Statement filed by Quinn Emanuel in connection with representation of Investors (.30) | 0.30 |
| 01/31/13 | RMS | Update documents related to section 510(b) subordination issues, per the request of B. Kotliar (1.30) | 1.30 |
| 01/31/13 | JZ | Review claims register and docket in connection with AIG proofs of claim filed in the Residential Capital case (.30) | 0.30 |
| 01/31/13 | JZ | Work with B. Kotliar regarding issues regarding multiple theories of liability per filed claim related to AIG proofs of claim filed in the Residential Capital case (.30) | 0.30 |
| | | TOTAL HOURS | 250.50 |

April 17, 2013
Inv # 1575895
Our Ref #  062108-000400

Page  19

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 56.70 | 830 | 47,061.00 |
| Theresa A. Foudy | Partner | 77.60 | 730 | 56,648.00 |
| Michael Ari Cohen | Partner | 0.50 | 730 | 365.00 |
| Maryann Gallagher | Counsel | 23.30 | 625 | 14,562.50 |
| Daniel Alan Bloom | Associate | 15.30 | 480 | 7,344.00 |
| Kevin Arthur Meehan | Associate | 3.60 | 375 | 1,350.00 |
| James Zimmer | Associate | 0.60 | 345 | 207.00 |
| Bryan M. Kotliar | Associate | 67.30 | 305 | 20,526.50 |
| Rebecca M. Srulowitz | Legal Assistant | 2.40 | 235 | 564.00 |
| Melissa Rutman | Legal Assistant | 3.00 | 235 | 705.00 |
| Alana Dreiman | Legal Assistant | 0.20 | 230 | 46.00 |
| | | **250.50** | | **$149,379.00** |

| | | | | |
|---|---|---|---|---|
| **TOTAL SERVICES** | | | | **$149,379.00** |

**Summary of Expenses**

| | | |
|---|---|---|
| Duplicating | 170.00 | |
| Pacer - ECF | 34.60 | |
| **TOTAL EXPENSES** | | **$204.60** |

| | |
|---|---|
| **TOTAL THIS INVOICE** | **$149,583.60** |



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**    Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1575895

| | |
|---|---|
| Total Services | 149,379.00 |
| Total Expenses | 204.60 |
| **Total This Invoice** | **$149,583.60** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

April 17, 2013

Inv. # 1575934
Our Ref. 062108-000430
SJR

Attention:    Residential Capital, LLC

**Re:    Automatic Stay/Adequate Protection Matters**

---

| 01/17/13 | MG8 | Attend to several communications with J. Newton of Morrison & Foerster regarding assistance with JPMorgan motion for stay relief in connection with Canterbury litigation due to potential conflicts and related follow-up with Curtis team (.40) | 0.40 |
|---|---|---|---|
| 01/17/13 | MG8 | Review JPMorgan motion for stay relief in connection with stayed litigation commenced by S. Canterbury against JPMorgan and GMAC asserting, among other things, TILA liability (.40) | 0.40 |
| 01/18/13 | SJR | Attend to matters regarding assistance with JPMorgan Motion to Lift the Automatic Stay including reviewing the Motion with respect to litigation and ability to pursue next steps to be taken by Curtis as Conflicts Counsel for ResCap (.70) | 0.70 |
| 01/18/13 | MG8 | Review correspondence from B. Kotliar regarding claims against Debtors relating to Canterbury litigation subject of the JPMorgan stay relief motion and review summary of status of that litigation (.40) | 0.40 |
| 01/18/13 | MG8 | Attend to several communications with J. Newton and outside counsel to Residential Capital regarding JPMorgan stay relief motion with respect to Canterbury litigation for conflicts purposes (.30) | 0.30 |
| 01/18/13 | MG8 | Briefly review underlying complaints, motions to dismiss and other related pleadings and filings in the Canterbury litigation against JPMorgan and GMAC in connection with JPMorgan motion for stay relief (1.30) | 1.30 |
| 01/18/13 | MG8 | Direct B. Kotliar to review JPMorgan proofs of claim and review docket in Canterbury litigation that is subject of JPMorgan's motion for stay relief (.20) | 0.20 |
| 01/18/13 | BMK | Review proofs of claim filed by JPMorgan to determine whether any filed claims relate to litigation which is the subject of the JPMorgan lift stay motion including communication with J. Zimmer on same (.40) | 0.40 |
| 01/18/13 | BMK | Draft summary of Canterbury litigation by reviewing | 0.90 |

April 17, 2013
Inv # 1575934
Our Ref #  062108-000430

Page  2

|            |     |                                                                                                                                                                   |      |
|------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|            |     | documents filed in the District Court for the Western District of Virginia (.90)                                                                                  |      |
| 01/18/13   | JZ  | Confer and correspond with B. Kotliar regarding issues related to JPMorgan lift stay motion including review of numerous proofs of claim filed by JPMorgan for conflicts purposes (.20) | 0.20 |
| 01/22/13   | MG8 | Discuss with J. Zimmer the potential for an objection to the lift stay motion of JPMorgan for conflicts purposes (.10) | 0.10 |
| 01/22/13   | JZ  | Confer with M. Gallagher regarding potential need for filing of objection to lift stay motion of JPMorgan for conflicts purposes (.20) | 0.20 |
| 01/24/13   | MG8 | Correspond with J. Newton regarding JPMorgan motion for stay relief and related follow-up (.20) | 0.20 |
| 01/28/13   | MG8 | Review draft stipulations further extending automatic stay with respect to John Hancock, FHLB entities and other conflict parties and follow-up with respect to the same (.50) | 0.50 |
| 01/29/13   | MG8 | Review briefly JPMorgan filed proofs of claim in connection with JPMorgan motion for stay relief in the Canterbury litigation (.70) | 0.70 |
| 01/29/13   | MG8 | Review entered stipulation and orders further extending automatic stay to non-debtor affiliates executed by various conflict parties and related follow-up (.30) | 0.30 |
| 01/29/13   | MG8 | Confer with J. Newton of Morrison & Foerster re: status of negotiations with JPMorgan regarding possible consensual resolution to motion for stay relief in connection with the Canterbury TILA litigation (.20) | 0.20 |
| 01/30/13   | MG8 | Correspond with J. Newton of Morrison & Foerster regarding potential consensual resolution of JPMorgan motion for stay relief with respect to Canterbury litigation (.20) | 0.20 |
| 01/31/13   | MG8 | Review briefly motion to shorten time and motion to extend stay in adversary proceeding in which Curtis acts as counsel to Debtors in connection with certain conflict parties who are defendants (.30) | 0.30 |
|            |     | TOTAL HOURS                                                                                                                                                        | 7.90 |

April 17, 2013
Inv # 1575934
Our Ref #  062108-000430

Page  3

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 0.70 | 830 | 581.00 |
| Maryann Gallagher | Counsel | 5.50 | 625 | 3,437.50 |
| James Zimmer | Associate | 0.40 | 345 | 138.00 |
| Bryan M. Kotliar | Associate | 1.30 | 305 | 396.50 |
| | | **7.90** | | **$4,553.00** |

**TOTAL SERVICES**                                    $4,553.00

**TOTAL THIS INVOICE**                          $4,553.00



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1575934

Total Services                                4,553.00

Total Expenses                                0.00

**Total This Invoice**                        **$4,553.00**

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

April 17, 2013

Inv. # 1575935
Our Ref. 062108-000500
SJR

Attention:    Residential Capital, LLC

Re:   **Plan and Disclosure Statements**

---

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 01/04/13 | MG8 | Review draft presentation for Judge Peck and related draft waterfall analysis in connection with upcoming mediation (.60) | 0.60 |
| 01/08/13 | MG8 | Supervise preparation of materials for plan mediation, including numerous discussions with B. Kotliar regarding the same (1.70) | 1.70 |
| 01/08/13 | BMK | Update mediation materials per recent examiner submissions re response to JSNs and SUN submissions in conference with M. Gallagher (.60) | 0.60 |
| 01/09/13 | MG8 | Briefly review preliminary draft pleading circulated by Morrison & Foerster relating to certain issues raised by actual or potential certain conflict parties relating to claim classification (.60) | 0.60 |
| 01/28/13 | MG8 | Participate in conference call with K. Sadeghi of Morrison & Foerster regarding issues related to responding to motion to classify Investor Claims with Trust Claims for conflicts purposes (.40) | 0.40 |

TOTAL HOURS    3.90

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|-------|-------|------|--------|
| Maryann Gallagher | Counsel | 3.30 | 625 | 2,062.50 |
| Bryan M. Kotliar | Associate | 0.60 | 305 | 183.00 |
| | | **3.90** | | **$2,245.50** |

**TOTAL SERVICES**    $2,245.50

April 17, 2013
Inv # 1575935
Our Ref #  062108-000500

Page  2

**TOTAL THIS INVOICE**                              **$2,245.50**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1575935

| | |
|---|---|
| Total Services | 2,245.50 |
| Total Expenses | 0.00 |
| **Total This Invoice** | **$2,245.50** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

April 17, 2013

Inv. # 1575936
Our Ref. 062108-000700
SJR

Attention:    Residential Capital, LLC

Re:   **Curtis Retention/Billing/Fee Applications**

---

| 01/08/13 | JZ | Draft correspondence to A. Dreiman regarding preparation of December 2012 Monthly Fee Statement, including comments to chart and narratives on cover letter for same (.10) | 0.10 |
|---|---|---|---|
| 01/15/13 | JZ | Correspond with A. Dreiman regarding preparation of November 2012 Monthly Fee Statement, including comments to chart and narratives on cover letter for same (.10) | 0.10 |
| 01/15/13 | JZ | Review and revise draft of November 2012 Monthly Fee Statement in accordance with UST guidelines, including revisions to charts and cover letter for same (.40) | 0.40 |
| 01/16/13 | MG8 | Attend to preparation of November 2012 Monthly Fee Statement in order to assure compliance with UST guidelines and interim fee order (.50) | 0.50 |
| 01/16/13 | JZ | Review and revise draft of November 2012 Monthly Fee Statement, including revisions to charts and cover letter for same (.30) | 0.30 |
| 01/16/13 | JZ | Correspond with A. Dreiman regarding preparation of November 2012 Monthly Fee Statement, including providing comments to charts and related cover letter (.20) | 0.20 |
| 01/17/13 | JZ | Correspond with A. Dreiman regarding preparation of December 2012 and November 2012 Monthly Fee Statements, including providing comments to narratives in cover letters for both (.10) | 0.10 |
| 01/22/13 | JZ | Review and revise draft of December 2012 Monthly Fee Statement in accordance with UST guidelines, including revision of narratives in cover letter for same (.40) | 0.40 |
| 01/25/13 | JZ | Correspondence with A. Dreiman regarding preparation of November 2012 and December 2012 Monthly Fee Statement, including providing comments to narratives on cover letters for both (.10) | 0.10 |

April 17, 2013
Inv # 1575936
Our Ref #  062108-000700

Page  2

| | | |
|---|---|---|
| 01/28/13  MG8 | Review and revise cover letter and schedules to Monthly Fee Statement for November 2012 in accordance with UST guidelines including communication with J. Zimmer on same (.80) | 0.80 |
| 01/28/13  JZ | Confer and correspond with M. Gallagher regarding preparation of November 2012 and December 2012 Monthly Fee Statements including providing comments to narratives on cover letters for both (.10) | 0.10 |
| | TOTAL HOURS | 3.10 |

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 1.30 | 625 | 812.50 |
| James Zimmer | Associate | 1.80 | 345 | 621.00 |
| | | **3.10** | | **$1,433.50** |

| | | |
|---|---|---|
| | **TOTAL SERVICES** | **$1,433.50** |

**Summary of Expenses**

| | | |
|---|---|---|
| Pacer - ECF | 13.00 | |
| **TOTAL EXPENSES** | | **$13.00** |

| | |
|---|---|
| **TOTAL THIS INVOICE** | **$1,446.50** |



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**  Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1575936

Total Services                           1,433.50

Total Expenses                            13.00

**Total This Invoice**                **$1,446.50**

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



# CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington PA 19034

May 17, 2013

Inv. # 1578332
Our Ref. 062108-000100
SJR

Attention:   Residential Capital, LLC

**Re:  Case Administration**

---

| | | | |
|---|---|---|---|
| 02/01/13 | AD | Update internal case calendar to reflect hearing dates and deadlines as set by the Court including numerous omnibus hearing dates (.10) | 0.10 |
| 02/04/13 | AD | Update internal case calendar to reflect hearing dates and deadlines as set by the Court, including the Second Interim Fee Application filing deadline (.10) | 0.10 |
| 02/06/13 | MG8 | Attend to review of recent docket activity for potential conflicts purposes (.50) | 0.50 |
| 02/07/13 | MG8 | Review recent docket activity for potential conflicts purposes (.50) | 0.50 |
| 02/08/13 | MG8 | Review recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.70) | 0.70 |
| 02/11/13 | MG8 | Review recent docket activity, including Wells Fargo stipulation regarding assumption and assignment of servicing agreements and motion to appoint CRO, in connection with Curtis' role as conflicts counsel to the Debtors (.60) | 0.60 |
| 02/12/13 | SJR | Review Motion of Residential Capital Estate to appoint Lou Krugar as CRO for conflicts purposes (.40) | 0.40 |
| 02/12/13 | DAB | Review and analyze CRO-related pleadings and draft correspondence to M. Gallagher and B. Kotliar regarding same for conflicts purposes (.70) | 0.70 |
| 02/13/13 | MG8 | Attend to review of recent docket activity for potential conflict issues, including numerous stipulations and orders, notices of adjournment, and motion for stay relief (.60) | 0.60 |
| 02/13/13 | MG8 | Review proposed stipulation and order amending Ally DIP facility and cash collateral order in connection with Curtis' role as conflicts counsel (.20) | 0.20 |
| 02/14/13 | MG8 | Review recent and voluminous docket activity in connection with Curtis' role as Debtors' conflict counsel, including Committee motion seeking to exclude | 1.80 |

May 17, 2013
Inv # 1578332
Our Ref #  062108-000100

Page  2

|  |  | Debtors' reliance on advice of counsel in connection with RMBS settlement, exclusivity extension motion and several stipulations and order relating to current litigations or disputes (1.80) |  |
| 02/14/13 | AD | Prepare "Draft Documents from Morrison & Foerster LLP Re: Subordination" binder for D. Bloom and S. Reisman (.90) | 0.90 |
| 02/14/13 | AD | Following the receipt of additional documents from Morrison & Foerster, update "Draft Documents from Morrison & Foerster LLP Re: Subordination" binder for D. Bloom and S. Reisman (.60) | 0.60 |
| 02/15/13 | MG8 | Review daily docket activity for potential conflicts issues in connection with Curtis' role as Debtors' conflicts counsel, including stipulation amending AFI Dip and Cash Collateral, proposed stipulation and order relating to Ambac objection to Sale Motion, various joinders to Committee's motion to preclude Debtors' use of evidence of reliance on counsel advice in connection with RMBS Trust Settlement (.50) | 0.50 |
| 02/15/13 | AD | Per M. Gallagher's request, retrieve and assemble February 13th Lehman Brothers Transcript with respect to Boilermakers claim objection as it is similar to subordination issue raised in Residential Capital cases (.10) | 0.10 |
| 02/19/13 | AD | Update internal case calendar to reflect hearings and deadlines as set by the Court, including recently adjourned hearing date (.10) | 0.10 |
| 02/20/13 | RMS | Compile key documents re: pleadings filed in connection with the Investors' classification motion for Curtis Team (2.30) | 2.30 |
| 02/20/13 | MR2 | Prepare copies of key documents for B. Kotliar in connection with upcoming telephonic hearing in connection with complaint seeking subordination of Investors' Claims (.30) | 0.30 |
| 02/20/13 | AD | Assemble two "Debtors' Pleadings Filed on February 19, 2013" binders to transmit to Judge Glenn's chambers (2.00) | 2.00 |
| 02/20/13 | AD | Per M. Gallagher's request, revise Letter to Judge Glenn regarding documents filed on February 19, 2013 (.20) | 0.20 |
| 02/20/13 | AD | Circulate letter to Judge Glenn amongst the attorneys of notice at Curtis, Mallet and Morrison & Foerster, along with the documents filed on February 19, 2013 (.20) | 0.20 |
| 02/20/13 | AD | Travel to and from Court to deliver two "Debtors' Pleadings Filed on February 19, 2013" binders to Judge | 1.00 |

May 17, 2013
Inv # 1578332
Our Ref #  062108-000100

Page  3

|            |     |                                                                                                                                                                                                                                          |      |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|            |     | Glenn's Chambers at One Bowling Green, with Letter to Judge Glenn, signed by M. Gallagher, and a CD with searchable versions of the documents included in the binders (1.00)                                                               |      |
| 02/20/13   | AD  | Begin assembling "Pleadings Filed in Connection with the Investors' Classification Motion" binders and "Subordination Pleadings Filed on February 19, 2013" binders for S. Reisman, T. Foudy, M. Gallagher, D. Mize, A. Zinman and B. Kotliar (.60) | 0.60 |
| 02/25/13   | MG8 | Attend to review of recent docket activity for potential conflict purposes (.80)                                                                                                                                                         | 0.80 |
| 02/25/13   | AD  | Update internal case calendar to reflect hearing dates and deadlines as set by the Court, including recently adjourned hearing (.20)                                                                                                      | 0.20 |
| 02/26/13   | MG8 | Attend to review of recent docket activity for potential conflicts issues (.70)                                                                                                                                                          | 0.70 |
| 02/27/13   | MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.50)                                                                                                                          | 0.50 |
| 02/27/13   | BMK | Review numerous case filings in January and February to continue to remain current on issues in connection with Curtis' role as conflicts counsel (1.50)                                                                                | 1.50 |
| 02/27/13   | AD  | Update internal case calendar to reflect hearing dates and deadlines as set by the Court, including recently adjourned hearing (.20)                                                                                                      | 0.20 |
| 02/28/13   | TF1 | Review M. Gallagher summary of court hearing (.20)                                                                                                                                                                                        | 0.20 |
| 02/28/13   | TF1 | Review Wilmington Trust statement in regards to CRO motion and exclusivity extension for conflicts purposes (.30)                                                                                                                        | 0.30 |
| 02/28/13   | MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, including filings relating to foreclosure review required by Federal Reserve Board consent order, excutory contracts and Committee complaint against UMB Bank and Wells Fargo (.70) | 0.70 |

|                | TOTAL HOURS | 20.10 |
|----------------|-------------|-------|

May 17, 2013
Inv # 1578332
Our Ref #  062108-000100

Page  4

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 0.40 | 830 | 332.00 |
| Theresa A. Foudy | Partner | 0.50 | 730 | 365.00 |
| Maryann Gallagher | Counsel | 8.10 | 625 | 5,062.50 |
| Daniel A. Bloom | Associate | 0.70 | 480 | 336.00 |
| Bryan M. Kotliar | Associate | 1.50 | 305 | 457.50 |
| Rebecca M. Srulowitz | Legal Assistant | 2.30 | 235 | 540.50 |
| Melissa Rutman | Legal Assistant | 0.30 | 235 | 70.50 |
| Alana Dreiman | Legal Assistant | 6.30 | 230 | 1,449.00 |
| | | **20.10** | | **$8,613.00** |

TOTAL SERVICES                    $8,613.00

**Summary of Expenses**

| | |
|---|---|
| External Photocopy Services | 944.50 |
| Pacer - ECF | 31.90 |

TOTAL EXPENSES                    $976.40

TOTAL THIS INVOICE                    $9,589.40



CURTIS
Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK  10178-0061

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**    Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1578332

| | |
|---|---|
| Total Services | 8,613.00 |
| Total Expenses | 976.40 |
| **Total This Invoice** | **$9,589.40** |

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

May 17, 2013

Inv. # 1578333
Our Ref. 062108-000210
SJR

Attention:    Residential Capital, LLC

Re:   **Asset Analysis, Sales and Recoveries**

---

| | | | |
|---|---|---|---|
| 02/07/13  MG8 | Review Debtors' third motion for assumption and assignment of executory contracts in connection with platform sale to Ocwen in connection with Curtis' role as conflicts counsel to Debtors (.20) | | 0.20 |
| 02/07/13  MG8 | Correspondence with K. Piper and H. Jones relating to settlement with Calpine over title dispute with respect to California REO property on which Calpine has lien and gas line easement which transfers property to Calpine (.30) | | 0.30 |
| | TOTAL HOURS | | 0.50 |

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 0.50 | 625 | 312.50 |
| | | **0.50** | | **$312.50** |

**TOTAL SERVICES**                                        **$312.50**

**TOTAL THIS INVOICE**                                        **$312.50**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**  Bank:              Citibank
ABA Routing #:     021000089
F/B/O:             Curtis Mallet-Prevost Colt & Mosle LLP
Account#           40585074

**Mail Checks to -**  Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1578333

Total Services                                    312.50

Total Expenses                                    0.00

**Total This Invoice**                        **$312.50**

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

May 17, 2013

Inv. # 1578335
Our Ref. 062108-000320
SJR

Attention:    Residential Capital, LLC

Re:   **Claims Administration and Objections**

---

| | | | |
|---|---|---|---|
| 02/01/13 | TF1 | Review and make suggested revisions to new draft of claims objection procedures motion (1.60) | 1.60 |
| 02/01/13 | MG8 | Correspondence with B. Kotliar and T. Foudy regarding research on duplicate theories for recovery on claims in connection with issues raised by AIG, Prudential, Allstate and MassMutual for conflicts purposes and related follow-up (.60) | 0.60 |
| 02/04/13 | SJR | Attend to issues regarding AIG parties Motion to request that their investor claims be found to be legitimate Creditor claims against the ResCap Estate and attend to matters regarding same for conflicts purposes (1.30) | 1.30 |
| 02/04/13 | MG8 | Confer with B. Kotliar regarding his research on certain potentially duplicate claims filed by RMBS Investors and related matters (.30) | 0.30 |
| 02/04/13 | MG8 | Confer with D. Bloom regarding research relating to classification of claims asserted by certain conflicts parties, including AIG, Prudential and Allstate (.20) | 0.20 |
| 02/04/13 | MG8 | Review latest draft of claims and settlement procedures motion and provide comments to J. Wishnew with respect to the same (1.20) | 1.20 |
| 02/04/13 | MG8 | Review and revise memorandum addressing certain aspects of potentially duplicative claims filed in connection with claims of certain Investors, including AIG (.80) | 0.80 |
| 02/04/13 | MG8 | Confer with D. Bloom regarding additional research on classification in connection with response to AIG Parties' motion to classify the Investor Claims with Trust Claims (.20) | 0.20 |
| 02/04/13 | BMK | Review proofs of claim filed by RMBS Investors re: whether Investors continue to hold RMBS certificates and confer with M. Gallagher re: same (1.20) | 1.20 |
| 02/04/13 | DAB | Confer with M. Gallagher re: research regarding | 0.20 |

May 17, 2013
Inv # 1578335
Our Ref #  062108-000320

Page  2

separate classification of contract versus tort claims
under the Bankruptcy Code in connection with
Investors' classification motion (.20)

| | | | |
|---|---|---|---|
| 02/04/13 | DAB | Confer with M. Gallagher re: research on classification for response to AIG Parties motion to classify the Investor Claims with the Trust Claims (.20) | 0.20 |
| 02/05/13 | MG8 | Review research memorandum addressing issue of duplicate recovery theories in connection with addressing claims of Investors (.40) | 0.40 |
| 02/05/13 | MG8 | Review research memorandum prepared by D. Bloom relating to classification issues in connection with responding to Investors' motion pursuant to Bankruptcy Rule 3013 seeking to have Investor claims classified with Trust claims (.40) | 0.40 |
| 02/15/13 | GF | Assist M. Rutman with preparation of proofs of claim chart re: losses per request of B. Kotliar (.60) | 0.60 |
| 02/15/13 | MR2 | Assist B. Kotliar with organization of proofs of claim as received in spreadsheet format (2.10) | 2.10 |
| | | TOTAL HOURS | 11.30 |

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 1.30 | 830 | 1,079.00 |
| Theresa A. Foudy | Partner | 1.60 | 730 | 1,168.00 |
| Maryann Gallagher | Counsel | 4.10 | 625 | 2,562.50 |
| Daniel A. Bloom | Associate | 0.40 | 480 | 192.00 |
| Bryan M. Kotliar | Associate | 1.20 | 305 | 366.00 |
| Georgia Faust | Legal Assistant | 0.60 | 235 | 141.00 |
| Melissa Rutman | Legal Assistant | 2.10 | 235 | 493.50 |
| | | **11.30** | | **$6,002.00** |

**TOTAL SERVICES**                 **$6,002.00**

May 17, 2013
Inv # 1578335
Our Ref #  062108-000320

Page  3

**TOTAL THIS INVOICE**                                    **$6,002.00**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

| | |
|---|---|
| **Mail Checks to -** | Curtis Mallet-Prevost Colt & Mosle LLP |
| | General Post Office |
| | P.O. Box 27930 |
| | New York, NY 10087-7930 |

Residential Capital, LLC
Inv. # 1578335

| | |
|---|---|
| Total Services | 6,002.00 |
| Total Expenses | 0.00 |
| **Total This Invoice** | **$6,002.00** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

May 17, 2013

Inv. # 1578336
Our Ref. 062108-000330
SJR

Attention:    Residential Capital, LLC

Re:   **Contracts/Leases Assumption and Rejection**

---

| | | | |
|---|---|---|---|
| 02/07/13 | MG8 | Review orders relating to assumption and assignment of executory contracts in connection with Curtis' role as Debtors' conflicts counsel (.50) | 0.50 |
| | | TOTAL HOURS | 0.50 |

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 0.50 | 625 | 312.50 |
| | | **0.50** | | **$312.50** |

**TOTAL SERVICES**          $312.50

**TOTAL THIS INVOICE**          $312.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**  Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1578336

Total Services                                          312.50

Total Expenses                                         0.00

**Total This Invoice**                              **$312.50**

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK 10178-0061**

Residential Capital, LLC                                                May 17, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                         Inv. # 1578472
Fort Washington  PA 19034                                               Our Ref. 062108-000400
                                                                        SJR

Attention:    Residential Capital, LLC

**Re:   General Litigation Matters**

---

| | | | |
|---|---|---|---|
| 02/01/13 | TF1 | Follow-up on research regarding Investors' securities claims as impermissible duplicative claims for purposes related to RMBS securities claims (.40) | 0.40 |
| 02/01/13 | TF1 | Review update on extend stay adversary proceeding where Curtis is adverse to FHLB Parties, John Hancock, and others (.10) | 0.10 |
| 02/01/13 | TF1 | Follow-up on information on purchase/sale information related to AIG, Allstate, Prudential and MassMutual as involved in classification motion (.30) | 0.30 |
| 02/01/13 | TF1 | Continue to research and review research concerning Section 1122 issue and subordination for responding to AIG Parties' classification motion for purposes related to RMBS securities claims (.80) | 0.80 |
| 02/01/13 | TF1 | Review information on rescheduling of Lehman hearing on subordination of securities claims as it relates to issues raised in Investors' Classification Motion pursuant to Rule 3013 (.10) | 0.10 |
| 02/01/13 | BMK | Correspond with C. Cu at KCC re: production of proofs of claims in connection with Investors' Classification Motion (.20) | 0.20 |
| 02/01/13 | BMK | Correspondence with M. Gallagher and T. Foudy re: section 510(b) subordination issue in similar bankruptcy cases (.30) | 0.30 |
| 02/01/13 | BMK | Begin researching cases for memorandum re: duplicative proofs of claim and single satisfaction rule (1.60) | 1.60 |
| 02/01/13 | BMK | Review proofs of claims filed by Investors for dates of purchases of RMBS certificates (2.40) | 2.40 |
| 02/01/13 | BMK | Follow up correspondence re: review of Investors' proofs of claims in connection with Investors' Classification Motion (.20) | 0.20 |
| 02/02/13 | BMK | Draft fact section of memorandum re: objection to | 2.70 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  2

|  |  | Investors' claims under single satisfaction rule on the basis that they are duplicative claims (2.70) |  |
|---|---|---|---|
| 02/02/13 | BMK | Review researched cases on duplicative claims and single satisfaction issue for inclusion in memorandum re: same (2.70) | 2.70 |
| 02/02/13 | BMK | Draft outline re: memorandum re: objection to Investors' claims under single satisfaction rule on the basis that they are duplicative claims (1.40) | 1.40 |
| 02/03/13 | BMK | Review additional cases re: procedures relating to duplicative claims and single satisfaction objections (1.80) | 1.80 |
| 02/03/13 | BMK | Draft memorandum re: duplicative claims objections and single satisfaction rule in connection with possible objection to Investors' claims under same theories (3.70) | 3.70 |
| 02/04/13 | SJR | Review of responsive papers in connection with Residential Capital's Motion to Approve RMBS Settlement (.80) | 0.80 |
| 02/04/13 | SJR | Follow up regarding related conflict issues being addressed by Curtis as Conflicts Counsel for ResCap in connection with the AIG Parties' classification motion (1.60) | 1.60 |
| 02/04/13 | TF1 | Follow-up on drafting response to AIG Parties'/Investors' classification motion including review of key legal precedent, discussion of research tasks, and holding information for movants (1.80) | 1.80 |
| 02/04/13 | TF1 | Begin review of voluminous papers submitted vis-a-vis objections to RMBS settlement, with particular attention to 510(b) subordination issues and related discussion on same with M. Gallagher (3.20) | 3.20 |
| 02/04/13 | MG8 | Review numerous responsive papers filed in connection with Debtors' motion to approve RMBS Trust settlement and related follow-up with T. Foudy for potential conflict purposes particularly with respect to 510(b) subordination issues raised by the AIG Parties/Investors (3.40) | 3.40 |
| 02/04/13 | BMK | Finalize memorandum re: duplicative claims objections and potential objection to Investors' claims under single satisfaction rule (2.20) | 2.20 |
| 02/04/13 | BMK | Edit memorandum re: duplicative claims objections and potential ability to object to Investors' claims under single satsifaction rule per edits of D. Bloom and M. Gallagher (1.80) | 1.80 |
| 02/04/13 | DAB | Draft memorandum detailing research regarding separate classification of contract versus tort claims | 1.00 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  3

| | | | |
|---|---|---|---|
| | | under the Bankruptcy Code and relevant case law (1.00) | |
| 02/04/13 | DAB | Conduct extensive research regarding s█████ ████████████████ and review relevant published and unpublished case law in connection with responding to Investors' Classification Motion and related strategy (5.60) | 5.60 |
| 02/05/13 | SJR | Review of draft Opposition concerning subordination of securities claims of AIG and other Investors related to RMBS securities claims provided Morrison & Foerster as well as review of case law and other materials in connection with subordination analysis (4.30) | 4.30 |
| 02/05/13 | SJR | Attention to matters regarding potential litigation related to AIG, Allstate and Prudential and review issues regarding parties which can be sued by Curtis (1.30) | 1.30 |
| 02/05/13 | SJR | Follow up regarding issues related to drafting of Subordination Motion and opposition to Investors' Classification Motion and editing of same█████████ ████████████████████████████.50) | 0.50 |
| 02/05/13 | SJR | Review Memorandum regarding Single Satisfaction Rule regarding objecting to investor misrepresentation claims and case law related to same for purposes related to securities claims of AIG related to RMBS securities claims (1.40) | 1.40 |
| 02/05/13 | TF1 | Review SUNs' letter to Board and exchange emails in regards to same (.30) | 0.30 |
| 02/05/13 | TF1 | Review and provide comments to B. Kotliar regarding memo on duplicative claim disallowance/single satisfaction rule in connection with possible objection to Investors' claims (.80) | 0.80 |
| 02/05/13 | TF1 | Review and provide comments to D. Bloom email with Section 1122 research in connection with preparation of response to Investors' 3013 Motion (.70) | 0.70 |
| 02/05/13 | TF1 | In preparation for "all hands" claims meeting, confer with M. Gallagher concerning subordination issues and other items regarding conflict parties including AIG, in connection with RMBS securities claims (.80) | 0.80 |
| 02/05/13 | TF1 | ██████████████████████████████████ ███████.60) | 0.60 |
| 02/05/13 | TF1 | Prepare for all hands Claims meeting at Morrison & Foerster offices (.70) | 0.70 |
| 02/05/13 | TF1 | Attend all hands claims meeting at Morrison & | 2.10 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  4

|  |  |  |  |
|---|---|---|---|
|  |  | Foerster's offices to discuss numerous claims related issues, including securities claims of AIG related to RMBS securities issues (2.10) |  |
| 02/05/13 | MG8 | Review letter from potential conflict party to Residential Capital board of directors requesting reconsideration of certain decisions and correspond with T. Foudy regarding same (.30) | 0.30 |
| 02/05/13 | MG8 | Prepare for "all hands" claims meeting at Morrison & Forester, including review of claims of certain major constituents and submissions made and related discussions with T. Foudy on same (1.50) | 1.50 |
| 02/05/13 | MG8 | Participate in "all hands" meeting at Morrison & Foerster to discuss issues and strategy for claims resolution process including various potential litigations (2.10) | 2.10 |
| 02/05/13 | BMK | Review and revise duplicative claims/single recovery memorandum in connection with potential objection to Investors' claims under single satisfaction rule per T. Foudy's edits (2.90) | 2.90 |
| 02/05/13 | BMK | Conduct additional research re: duplicative claims memorandum in connection with potential objection to Investors' claims re: overlapping claims under various state law causes of action in bankruptcy cases (3.40) | 3.40 |
| 02/05/13 | DAB | Conduct research regarding separate classification of "substantially similar" claims under the Bankruptcy Code and relevant case law in connection with addressing issues raised by Investors' Rule 3013 Motion and potential objection to same (4.30) | 4.30 |
| 02/05/13 | DAB | Conduct further research regarding separate classification of contract versus tort claims under the Bankruptcy Code and relevant case law (3.50) | 3.50 |
| 02/06/13 | TF1 | Follow-up on ███████████████████████ ███████████████████████ (.30) | 0.30 |
| 02/06/13 | TF1 | Review email from B. Kotliar on follow-up research questions related to claims subordination issues and duplicative claims (.20) | 0.20 |
| 02/06/13 | DAB | Conduct further research regarding separate classification of "substantially similar" claims under the Bankruptcy Code and relevant case law in connection with issues raised by Investors' Rule 3013 Motion and in connection with potential objection to same (6.00) | 6.00 |
| 02/06/13 | DAB | Draft memorandum regarding separate classification of "substantially similar" claims under the Bankruptcy Code and relevant case law in connection with issues | 2.50 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  5

|  |  |  |  |
|---|---|---|---|
|  |  | raised by Investors' Rule 3013 Motion and in connection with potential objection to same (2.50) |  |
| 02/07/13 | BMK | Edit memorandum re: classification of substantially similar claims in different classes for plan voting purposes in connection with issues raised by Investors' Rule 3013 Motion (1.40) | 1.40 |
| 02/07/13 | DAB | Further revise memorandum regarding separate classification of "substantially similar" claims under the Bankruptcy Code and relevant case law in connection with issues raised by Investors' Rule 3013 Motion and in connection with drafting possible objection to same (3.00) | 3.00 |
| 02/08/13 | SJR | Attend to issues regarding classification motion and research regarding Section 510(b) subordination and arguments with respect to subordination of claims of particular conflict parties, including AIG, Allstate, and Prudential (2.30) | 2.30 |
| 02/08/13 | TF1 | Review additional information on trading by conflict parties involved in classification motion submission, including AIG (.30) | 0.30 |
| 02/08/13 | TF1 | Continued follow-up correspondence with B. Kotliar regarding research concerning duplicative claims and Section 510(b) in connection with addressing issues raised in Investors' Rule 3013 Motion (.30) | 0.30 |
| 02/08/13 | TF1 | Review D. Bloom email on research concerning section 1122 argument with respect to Investors' classification motion (.20) | 0.20 |
| 02/08/13 | TF1 | Begin review of Wilmington Trust/SUNs' objection to RMBS settlement for conflicts purposes (.40) | 0.40 |
| 02/08/13 | BMK | Draft email summarizing research findings re: duplicative claims of securities holders to T. Foudy (.90) | 0.90 |
| 02/08/13 | BMK | Conduct additional research re: duplicative claims re: securities claimants in bankruptcy proceedings in connection with issues raised by Investors' Rule 3013 Motion (2.50) | 2.50 |
| 02/08/13 | BMK | Begin drafting chart summarizing objections filed to RMBS Trustees settlement (2.60) | 2.60 |
| 02/09/13 | BMK | Continue drafting chart summarizing objections filed to RMBS Trustees settlement (5.50) | 5.50 |
| 02/11/13 | TF1 | Review B. Kotliar follow-up research on duplicative claims and key cases on Section 510(b) in connection with issues raised by Investors' Rule 3013 Motion in connection with drafting possible objection to same (2.00) | 2.00 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  6

| | | | |
|---|---|---|---|
| 02/11/13 | TF1 | Review and take notes on Wilmington Trust/SUNs' and UCC objections to RMBS settlement for purposes of plan mediation/discussions and responding to Investors' Rule 3013 Motion (2.10) | 2.10 |
| 02/11/13 | TF1 | Edit most recent draft of objection to Investors' classification motion and review facts/law in connection therewith in connection with issues raised by Investors' Rule 3013 Motion in connection with drafting possible objection to same (2.70) | 2.70 |
| 02/11/13 | MG8 | Research consolidation of adversary proceeding and contested matter in connection with determining strategy for addressing issues raised by Investors' Rule 3013 motion seeking to classify Investor Claims with claims of RMBS Trusts (1.50) | 1.50 |
| 02/11/13 | BMK | Review latest draft of opposition to Investors' classification motion for internal references, citations, defined terms, and other document errors for edits and comments to be shared with debtors' primary bankruptcy counsel (5.50) | 5.50 |
| 02/11/13 | BMK | Multiple correspondences with T. Foudy and D. Bloom re: draft opposition to Investors' classification motion and commencement of adversary proceeding seeking declaratory judgment on issues under Section 510 (.40) | 0.40 |
| 02/11/13 | BMK | Review chart summarizing RMBS Trustees settlement objections (1.40) | 1.40 |
| 02/11/13 | DAB | Draft reservation of rights language for Response to classification motion with respect to AIG, Prudential, and Allstate (.30) | 0.30 |
| 02/12/13 | SJR | Review of case law and memoranda regarding Section 510(b) issue in connection with Classification Motion on which Curtis is acting as Conflicts Counsel with respect to AIG, Allstate, and Prudential (2.30) | 2.30 |
| 02/12/13 | SJR | Review of mark-up of Curtis' comments to draft Opposition to AIG Motion concerning subordination or allowance of RMBS Securities claims (1.70) | 1.70 |
| 02/12/13 | SJR | Continue work on revising draft subordination response in connection with AIG Parties' Rule 3013 Motion and potential subordination adversary proceeding in connection with same (2.70) | 2.70 |
| 02/12/13 | TF1 | Continue to review/edit classification motion opposition, including collating comments of S. Reisman and M. Gallagher (2.50) | 2.50 |
| 02/12/13 | TF1 | Attend to matters concerning coordination with Morrison & Foerster over complaint, motion for summary judgment and supporting papers and related | 0.60 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  7

|  |  |  |  |
|---|---|---|---|
|  |  | coordination with M. Gallagher (.60) |  |
| 02/12/13 | TF1 | Review key cases and memos from Morrison & Foerster on 510(b) issue in connection with revisions to classification opposition and related documents (2.10) | 2.10 |
| 02/12/13 | TF1 | Review Section 1122 memo from D. Bloom in connection with revisions to classification motion opposition (.80) | 0.80 |
| 02/12/13 | MG8 | Review and comment to updated draft of opposition to AIG Parties' motion requesting classification of Investor Claims with Trust Claims and directing that Investor Claims not be subordinated and related follow-up with B. Kotliar (1.80) | 1.80 |
| 02/12/13 | MG8 | Attend to numerous communications with T. Foudy and Morrison & Foerster teams regarding response to AIG parties motion pursuant to Rule 3013 seeking to classify Investor Claims with Trust Claims (.40) | 0.40 |
| 02/12/13 | MG8 | Review research regarding subordination of noteholders claims for amounts not relating to collection of underlying debt in connection with addressing issues raised by Investors' Rule 3013 Motion (.30) | 0.30 |
| 02/12/13 | BMK | Review recent edits and comments to most recent opposition to Investors' reclassification motion and circulate to T. Foudy and M. Gallagher to be sent to Morrison & Foerster and related follow-up with M. Gallagher (1.50) | 1.50 |
| 02/12/13 | BMK | Further review and comment on most recent draft of opposition to Investors' Rule 3013 reclassification motion (2.60) | 2.60 |
| 02/13/13 | SJR | Review outline and case law regarding subordination of claims in connection with drafting of motion seeking subordination of securities claims of Investors (1.40) | 1.40 |
| 02/13/13 | SJR | Numerous discussions with M. Gallagher and T. Foudy regarding staffing, strategy and timing of bringing action for subordination of Investors' claims (.60) | 0.60 |
| 02/13/13 | SJR | Review documentation regarding possible adversary proceeding related to subordination of claims of certain securities fraud claimants, including AIG, and Allstate (1.70) | 1.70 |
| 02/13/13 | TF1 | Attend to matters concerning staffing and preparation for filing of multiple papers on subordination of securities fraud claims and related discussions with S. Reisman and M. Gallagher (1.00) | 1.00 |
| 02/13/13 | TF1 | Conference call with K. Sadeghi to discuss papers/argument and preparation for filing of complaint | 0.30 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  8

and motion for subordination of Investors' securities
claims (.30)

| | | | |
|---|---|---|---|
| 02/13/13 | TF1 | Revise draft summary of hearing in Lehman regarding subordination of Boilermaker's claims for S. Reisman and M. Gallagher (.90) | 0.90 |
| 02/13/13 | TF1 | Continue review of key cases on subordination issues for purposes related to drafting of classification motion (2.10) | 2.10 |
| 02/13/13 | TF1 | Meet with A. Zinman and D. Mize on preparation for filing subordination papers (.80) | 0.80 |
| 02/13/13 | TF1 | Attend Lehman hearing on 510(b) subordination of RMBS securities as the dispute is similar to that raised by the Investors' Classification Motion pursuant to Rule 3013 (2.00) | 2.00 |
| 02/13/13 | MG8 | Review and research various service and procedural issues relating to commencement of adversary proceeding and service of summons and complaint in connection with possible action for subordination of claims against AIG, Allstate, MassMutual, Prudential and other Investors and coordinate with S. Reisman and T. Foudy regarding same (2.20) | 2.20 |
| 02/13/13 | BMK | Research Southern District of New York bankruptcy cases for rule 7042(a) consolidation motions in connection with contemplated adversary proceeding seeking subordination of Investors' Claims (.60) | 0.60 |
| 02/13/13 | BMK | Coordinate obtaining proofs of claims re: NCUAB with claims agent (.30) | 0.30 |
| 02/13/13 | BMK | Draft summary of Lehman Brothers hearing re: subordination issue to be circulated to S. Reisman, T. Foudy, M. Gallagher and D. Bloom and Debtors' counsel (2.60) | 2.60 |
| 02/13/13 | BMK | Review parties to Classification Motion for purposes of arranging for service (.30) | 0.30 |
| 02/13/13 | BMK | Attend Lehman Brothers hearing re: subordination of MBS claims pursuant to section 510(b) of the Bankruptcy Code as the dispute is similar to that raised by the Investors' Classification Motion pursuant to Rule 3013 (2.00) | 2.00 |
| 02/13/13 | DAB | Review emails from T. Foudy, M. Gallagher and B. Kotliar regarding opposition to Investor Motion and potential adversary proceeding filing (.30) | 0.30 |
| 02/13/13 | DAB | Review list of parties to Investor Motion to compile list of potential defendants (.20) | 0.20 |
| 02/13/13 | DAB | Review CMO, Bankruptcy and Local Rules with respect | 1.00 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  9

| | | | |
|---|---|---|---|
| | | to procedural issues in connection with filing of adversary complaint and draft related correspondence to T. Foudy and B. Kotliar regarding same (1.00) | |
| 02/13/13 | DAB | Review precedent with respect to possible subordination complaint and followup with A. Dreiman regarding tasks associated with the same (.80) | 0.80 |
| 02/13/13 | DAB | Review and revise draft summary of Lehman/Boilermaker hearing on 510 Subordination issue (.40) | 0.40 |
| 02/13/13 | DAB | Communication with A. Dreiman regarding review of unpublished case law in connection with filing (.20) | 0.20 |
| 02/13/13 | DAB | Review Debtors' draft opposition brief to Investors' 3013 Motion in order to assemble declaration or affidavit of relevant exhibits (.50) | 0.50 |
| 02/13/13 | DAB | Review precedent with respect to possible subordination complaint in connection with Investors' securities claims and followup with A. Dreiman regarding same (.80) | 0.80 |
| 02/13/13 | DAB | Coordinate preliminary filing preparation tasks and correspondence with B. Kotliar regarding same (.30) | 0.30 |
| 02/13/13 | JDM | Correspondence and meeting with T. Foudy and A. Zinman regarding motions to file and strategy for assuming pleadings and briefs from Morrison & Foerster (1.40) | 1.40 |
| 02/13/13 | AD | Per D. Bloom's request, conduct research regarding sample adversary complaints seeking subordination pursuant to Bankruptcy Code Section 510 in the Southern District of New York Bankruptcy Court and Delaware Bankruptcy Court including several discussions with D. Bloom on details of same (2.20) | 2.20 |
| 02/13/13 | ABZ | Conference call with T. Foudy and D. Mize re: subordination motion papers, opposition and potential adversary complaint (.80) | 0.80 |
| 02/13/13 | ABZ | Review AIG's classification motion in order to prepare for assuming responsive papers and filing (.40) | 0.40 |
| 02/14/13 | SJR | Participate in conference call with T. Foudy and Gary Lee to discuss strategy regarding Section 510 adversary proceeding and preparation of Complaint, Motion for Relief and factual affidavits in connection with subordination of claims including preparations and follow-up for same by reviewing substantive materials and coordinating with T. Foudy and M. Gallagher (2.20) | 2.20 |
| 02/14/13 | SJR | Review case law and documentation in connection with adversary proceeding to be commenced related to subordination of particular securities law claimants in | 2.70 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  10

| | | | |
|---|---|---|---|
| | | the ResCap case where Curtis is acting on behalf of the Debtors as Conflicts Counsel with respect to AIG, Allstate, and Prudential (2.70) | |
| 02/14/13 | SJR | Review and comment on draft Complaint in connection with subordination of particular securities law claims in connection with conflct parties AIG, Allstate, and Prudential (2.30) | 2.30 |
| 02/14/13 | TF1 | Continue review of key cases on 510(b) for purposes related to preparation of complaint and motion for relief in connection with subordination of claims (1.20) | 1.20 |
| 02/14/13 | TF1 | Confer with M. Gallagher, B. Kotliar, D. Bloom, D. Mize and A. Zinman to discuss division of tasks (.80) | 0.80 |
| 02/14/13 | TF1 | Call with G. Lee and S. Reisman on strategy regarding Section 510 action and preparation of complaint, motion for relief and factual affidvits in connection with subordination of Investors' claims (1.30) | 1.30 |
| 02/14/13 | TF1 | Attend to matters concerning preparation of set of papers necessary for subordination opposition, complaint, and motion for affirmative relief, including calls with Morrison & Foerster on status of drafts and preparation of factual affidavits and internal conferences with S. Reisman and M. Gallagher regarding same (1.00) | 1.00 |
| 02/14/13 | TF1 | Conference call with D. Mize on editing of complaint for subordination of Investors' claims (.20) | 0.20 |
| 02/14/13 | MG8 | Correspondence with D. Bloom regarding procedure issue relating to motion for relief Adversary Proceeding to be commenced relating to subordination of Investor Claims (.30) | 0.30 |
| 02/14/13 | MG8 | Review and comment on draft complaint in support of subordinaton action relating to relief requested in Investor Rule 3013 Motion and related follow-up with S. Reisman and T. Foudy (1.20) | 1.20 |
| 02/14/13 | MG8 | Review and revise draft affidavit of T. Hamzepour in support of Opposition to Investor Motion and follow-up with T. Foudy and S. Reisman regarding same (.50) | 0.50 |
| 02/14/13 | MG8 | Attend to issues relating to obtaining and analyzing proofs of claims filed by parties to Investor Motion and related follow-up with S. Reisman and T. Foudy in connection with preparation of supporting materials for Opposition to Investor Motion seeking to classify Investor Claims with Trust Claims (.70) | 0.70 |
| 02/14/13 | MG8 | Review and comment on latest draft Opposition to Investor Rule 3013 Motion circulated by Morrison & Foerster (1.80) | 1.80 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  11

| Date | Init | Description | Hours |
|------|------|-------------|-------|
| 02/14/13 | MG8 | Meet with T. Foudy, B. Kotliar, D. Bloom, D. Mize and A. Zinman prepare for completion of and filing of Opposition to Investor Motion Seeking to Classify Investor Claims with Trust Claims, related Adversary Complaint and varous related supporting documents (.80) | 0.80 |
| 02/14/13 | BMK | Attend internal meeting with T. Foudy, M. Gallagher, D. Bloom, D. Mize and A. Zinman re: upcoming filing of subordination papers in connection with Investors' Motion to Reclassify and adversary proceeding seeking subordination of Investors' Claims (.80) | 0.80 |
| 02/14/13 | BMK | Coordinate various documents on Curtis' internal systems for use in drafting subordination papers (.50) | 0.50 |
| 02/14/13 | BMK | Multiple correspondences with KCC claims agent and M. Gallagher re: obtaining NCUAB's proofs of claim for use in connection with opposition to Investors' Rule 3013 Motion and adversary proceeding seeking subordination (.60) | 0.60 |
| 02/14/13 | BMK | Review Investors' proofs of claims for securitizations held and the extent of overlap with the trusts that have agreed to the RMBS Trust Settlement for use in connection with opposition to Investors' Rule 3013 Motion and adversary proceeding seeking subordination (4.80) | 4.80 |
| 02/14/13 | BMK | Coordinate documents cited by subordination papers from bankruptcy docket and other courts' dockets and certain proofs of claim (.80) | 0.80 |
| 02/14/13 | BMK | Correspondence with A. Zinman re: Kotliar Declaration in support of Opposition to Rule 3013 Motion based upon initial review of investors' claims (.30) | 0.30 |
| 02/14/13 | DAB | Attend team meeting with T. Foudy, M. Gallagher, B. Kotliar, D. Mize and A. Zinman with respect to draft pleadings including adversary complaint and opposition to Investor Motion and follow up correspondence with M. Gallagher and B. Kotliar with respect to same (.80) | 0.80 |
| 02/14/13 | DAB | Correspondence with J. Clyne, B. Kotliar and A. Dreiman regarding status of Minnesota state court Allstate litigation related to Allstate proofs of claim and review of docket with respect to same (.30) | 0.30 |
| 02/14/13 | DAB | Correspondence with D. Mize regarding edits to draft complaint seeking declaratory judgment that Investors' claims are subordinated under Section 510 (.20) | 0.20 |
| 02/14/13 | DAB | Evaluate potential discovery requests in connection with adversary proceeding complaint seeking subordination of Investors' claims (.50) | 0.50 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  12

| 02/14/13 | DAB | Revise caption for adversary proceeding complaint and ancillary documents, and correspondence with M. Gallagher and T. Foudy regarding same (.30) | 0.30 |
|---|---|---|---|
| 02/14/13 | DAB | Review Lehman Boilermaker transcript in connection with drafting of subordination complaint (.20) | 0.20 |
| 02/14/13 | DAB | Extensive work conforming and editing complaint seeking subordination of Investors' claims (3.80) | 3.80 |
| 02/14/13 | DAB | Coordinate with IT to fix metadata issues with respect to MoFo draft pleadings (.30) | 0.30 |
| 02/14/13 | DAB | Review Bankruptcy and Local Rules with respect to necessity for filing of corporate disclosure form in connection with complaint and communication with team regarding same (.20) | 0.20 |
| 02/14/13 | DAB | Create and review new versions of draft subordination pleadings for Investors' claims received from Morrison & Foerster (.20) | 0.20 |
| 02/14/13 | DAB | Review and revise draft index of Morrison & Foerster draft subordination documents for internally distributed binders (.10) | 0.10 |
| 02/14/13 | DAB | Create and conform captions and signature pages of draft subordination pleadings received from Morrison & Foerster and performed various global conforming edits (.70) | 0.70 |
| 02/14/13 | DAB | Review local rules with respect to page limits of legal briefs and communication with T. Foudy, M. Gallagher, B. Kotliar regarding same in connection with anticipated filings seeking subordination of Investors' Claims (.10) | 0.10 |
| 02/14/13 | DAB | Review and revise corporate disclosure form for adversary proceeding seeking subordination per Morrison & Foerster request (.10) | 0.10 |
| 02/14/13 | DAB | Review Morrison & Foerster markup to draft subordination pleadings (.40) | 0.40 |
| 02/14/13 | DAB | Review precedent and draft reservation of rights language with respect to retention of right to object to the validity, etc. of Investor Claims and correspondence with M. Gallagher regarding same (.40) | 0.40 |
| 02/14/13 | JDM | Communications and meeting with T. Foudy, M. Gallagher, A. Zinman, D. Bloom and B. Kotilar regarding T. Foudy's communications with Morrison & Foerster and the plan for which documents will be included in the upcoming filings related to subordination of Investors' Claim, specifically whether the Debtor will move for summary judgment (1.60) | 1.60 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  13

| 02/14/13 | JDM | Review and revise draft of adversary complaint seeking subordination of Investors' Claims (3.10) | 3.10 |
|---|---|---|---|
| 02/14/13 | AD | Per B. Kotliar and D. Bloom's request, retrieve a "First Amended Complaint" relevant to the Residential Capital proceedings originally filed in a Minnesota District Court and identify whether or not the complaint has been removed to Federal Court, which it has not (1.00) | 1.00 |
| 02/14/13 | ABZ | Participate in Curtis strategy meeting re: opposition papers to Investors' Rule 3013 Motion and adversary proceeding seeking subordination under Section 510 (.80) | 0.80 |
| 02/14/13 | ABZ | Research bankruptcy rules and FRCP re: service requirements in connection with subordination issues (.30) | 0.30 |
| 02/14/13 | ABZ | Draft declaration of B. Kotliar for use in connection with subordination pleadings (1.00) | 1.00 |
| 02/14/13 | ABZ | Commence review of draft proposed Adversary Complaint in connection with subordination issues (.80) | 0.80 |
| 02/14/13 | ABZ | Review local rules, case management order and part rules re: procedural requirements for filings on subordination (.40) | 0.40 |
| 02/14/13 | ABZ | Review draft Hamzehpour declaration for use in connection with subordination papers (1.00) | 1.00 |
| 02/15/13 | SJR | Review comments as well as draft of Opposition to Investors' Motion to Classify Investors' Claims with Trust Claims and follow-up on strategy regarding same (1.40) | 1.40 |
| 02/15/13 | SJR | Attention to matters regarding examination of Complaint and Brief in connection with Subordination Motion for AIG and review case law related to same (4.30) | 4.30 |
| 02/15/13 | SJR | Follow up regarding matters related to adversary proceeding against AIG on subordination of securities claims and review and comment on same (2.30) | 2.30 |
| 02/15/13 | TF1 | Confer with Morrison & Foerster on procedural issues concerning Debtors' subodination adversary complaint and motion for relief sought therein (1.10) | 1.10 |
| 02/15/13 | TF1 | Review/edit Rule 7056.1 letter to Judge Glenn and meet with D. Mize to discuss comments to same (1.30) | 1.30 |
| 02/15/13 | TF1 | Follow-up on factual affidavits necessary for Tuesday filing of subordination complaint and motion for summary judgment (.80) | 0.80 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  14

| | | | |
|---|---|---|---|
| 02/15/13 | TF1 | Review/edit opposition brief for Investors' Rule 3013 Motion and adversary complaint regarding subordination of claims (1.20) | 1.20 |
| 02/15/13 | TF1 | Review research findings regarding procedures and local rules relevant to filing of adversary complaint and motion to subordinate claims of Investors (.60) | 0.60 |
| 02/15/13 | TF1 | Meet with A. Zinman to discuss finalization of papers for filing of complaint and motion to subordinate claims (.50) | 0.50 |
| 02/15/13 | TF1 | Meeting with M. Gallagher, B. Kotliar and A. Zinman to discuss finalization of papers for filing (.80) | 0.80 |
| 02/15/13 | TF1 | Review additional comments to opposition brief to Investors' Rule 3013 Motion from Morrison & Foerster (.70) | 0.70 |
| 02/15/13 | MG8 | Multiple correspondences with T. Foudy and S. Reisman regarding procedural matters relating to subordination issue addressed in the Opposition to the Investors' Motion concerning classification and subordination (1.40) | 1.40 |
| 02/15/13 | MG8 | Review and revise letter pursuant to Local Rule 7056-1 in connection with potential motion for summary judgment in adversary proceeding regarding subordination of Investor Claims in follow-up coordination meeting with A. Zinman, T. Foudy and B. Kotliar (.70) | 0.70 |
| 02/15/13 | MG8 | Review additional comments to draft Complaint and draft Opposition to Investors' Motion to Classify Investor Claims with Trust Claims circulated by Morrison & Foerster and coordinate implementation of same with T. Foudy and B. Kotliar (1.20) | 1.20 |
| 02/15/13 | MG8 | Review Committee motion regarding preclusion of Debtors' use of attorney-client privilege evidence in support RMBS trust settlement and correspondence with S. Reisman regarding the same for potential conflicts purposes (.70) | 0.70 |
| 02/15/13 | MG8 | Attend to matters relating to certain exhibits to be attached to Opposition to Investors' Rule 3013 Motion and related follow-up with Morrison & Foerster and S. Reisman (.60) | 0.60 |
| 02/15/13 | BMK | Attend meeting with T. Foudy, M. Gallagher and A. Zinman re: procedural issues in connection with subordination summary judgment motion and upcoming tasks for subordination papers (.80) | 0.80 |
| 02/15/13 | BMK | Coordinate subordination project management with M. Gallagher, T. Foudy and B. Kotliar (1.10) | 1.10 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  15

| 02/15/13 | BMK | Numerous conferences with M. Gallagher re: various filing issues, necessary documents, and status of various subordination papers (.50) | 0.50 |
|----------|-----|---|------|
| 02/15/13 | BMK | Meet with A. Zinman to discuss draft Kotliar Declaration for use in support of Debtors' subordination papers with respect to Investors' securities claims (.30) | 0.30 |
| 02/15/13 | BMK | Numerous conferences with D. Bloom re: status of subordination papers with respect to Investors' securities claims and next steps re: same (.50) | 0.50 |
| 02/15/13 | BMK | Coordinate exhibits and documents in support of Debtors' Opposition to Reclassification Motion and circulate list of same to D. Bloom, T. Foudy and M. Gallagher (1.60) | 1.60 |
| 02/15/13 | BMK | Additional review of Investors' securitization holdings for factual assertions relied upon in Kotliar Declaration for use in support of Debtors' subordination papers with respect to Investors' securities claims (5.50) | 5.50 |
| 02/15/13 | BMK | Numerous correspondences with R. Baehr at Morrison & Foerster re: review of investors' holdings (.60) | 0.60 |
| 02/15/13 | BMK | Multiple conferences throughout the day with D. Bloom re: proper procedure for seeking subordination and additional case law research re: same (.80) | 0.80 |
| 02/15/13 | DAB | Draft email regarding inclusion of Local Rule 7008-1 statement in draft complaint (.20) | 0.20 |
| 02/15/13 | DAB | Draft correspondence to T. Foudy and M. Gallagher re: Investor Claimant classification motion (.20) | 0.20 |
| 02/15/13 | DAB | Research and draft email summary to team regarding proper procedural basis for seeking subordination under Bankruptcy Rules 7001(8) and/or related declaratory relief under Bankruptcy Rule 7001(9) (1.30) | 1.30 |
| 02/15/13 | DAB | Review and revise draft of Kotliar Declaration for use in support of Debtors' subordination papers (.20) | 0.20 |
| 02/15/13 | DAB | Research and draft email regarding necessity to seek prior court approval of summary judgment motion in adversary proceeding, and possible mechanisms for avoiding this requirement (.50) | 0.50 |
| 02/15/13 | DAB | Review certain draft exhibits from Morrison & Foerster and Debtors for inclusion in declarations for use in support of Debtors' subordination papers (.30) | 0.30 |
| 02/15/13 | DAB | Research case law, bankruptcy and local rules and relevant unpublished precedent with respect to possible procedural basis for seeking expedited relief in connection with filing of adversary proceeding, and | 2.30 |

May 17, 2013
Inv # 1578472
Our Ref # 062108-000400

Page  16

| | | | |
|---|---|---|---|
| | | draft email memorandum to M. Gallagher and T. Foudy regarding same (2.30) | |
| 02/15/13 | DAB | Draft and revise pre-filing task list and communicate with B. Kotliar regarding same (.50) | 0.50 |
| 02/15/13 | DAB | Review Morrison & Foerster's further comments to draft opposition brief to Investors' Rule 3013 Motion and revise pleadings to incorporate certain global changes (.80) | 0.80 |
| 02/15/13 | DAB | Correspondence with B. Kotliar regarding procedural basis for filing a motion for relief following an adversary proceeding complaint and review responses to same (.30) | 0.30 |
| 02/15/13 | JDM | Attend meeting with T. Foudy regarding the documents, including Rule 7056.1 letter, that will be filed in support of the opposition and the adversary complaint in connection with subordination of Investors' securities claims (1.10) | 1.10 |
| 02/15/13 | JDM | Draft Correspondence to T. Foudy, M. Gallagher, B. Kolitar, A. Zinman and D. Bloom regarding the coordination of arguments, terms and evidence (2.40) | 2.40 |
| 02/15/13 | JDM | Review and revise brief in opposition to investors' motion to reclassify, specifically with respect to citations, declarations and references to supporting evidence (2.00) | 2.00 |
| 02/15/13 | ABZ | Discuss opposition brief and adversary proceeding regarding subordination of Investors' securities claims with T. Foudy (.50) | 0.50 |
| 02/15/13 | ABZ | Meeting with T. Foudy, B. Kotliar and M. Gallagher re: upcoming filings regarding subordination of Investors' securities claims (.40) | 0.40 |
| 02/15/13 | ABZ | Review and revise adversary complaint seeking subordination of Investor Claims (2.00) | 2.00 |
| 02/15/13 | ABZ | Discuss revisions to Kotliar declaration in support of Debtors' filings relating to subordination of Investors' claims and Opposition to Rule 3013 Motion with B. Kotliar (.30) | 0.30 |
| 02/15/13 | ABZ | Revise Hamzehpour and Kotliar declarations (.60) | 0.60 |
| 02/15/13 | ABZ | Draft, revise and discuss 7056-1(b) letter to Court with T. Foudy with respect to finalizing same (4.80) | 4.80 |
| 02/16/13 | TF1 | Emails with M. Gallagher regarding work-in-progress and tasks for finalizing subordination papers for filing on Tuesday (.50) | 0.50 |
| 02/16/13 | TF1 | Review and revise draft opposition brief to be filed in | 1.70 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  17

connection with Investors' Rule 3013 Motion (1.70)

| Date | Init | Description | Hours |
|---|---|---|---|
| 02/16/13 | MG8 | Correspondence throughout the day with T. Foudy and S. Reisman relating to revisions to opposition and complaint seeking subordination of Investors' securities claims and drafting of declarations and Rule 7056-1 letter requesting status conference in connection with adversary proceeding and related matters (1.80) | 1.80 |
| 02/16/13 | BMK | Final review of Investors' securitization holdings and overlap with Trust Settlement for Kotliar Declaration and factual assertions in opposition (4.50) | 4.50 |
| 02/16/13 | BMK | Review opposition for open issues for clarification by Morrison & Foerster and update Curtis team re: same (.70) | 0.70 |
| 02/16/13 | BMK | Call with D. Bloom to discuss and flag open issues in subordination papers for next round of review (.40) | 0.40 |
| 02/16/13 | BMK | Review and revise language in opposition to Investors' Rule 3013 Motion pertaining to Kotliar Declaration relied upon for factual assertions (.50) | 0.50 |
| 02/16/13 | DAB | Review and conform defined terms, references to exhibits, and Bankruptcy Code and Rule references in draft subordination complaint and opposition brief to Investors' Rule 3013 Motion (2.70) | 2.70 |
| 02/16/13 | DAB | Confer with B. Kotliar regarding draft pleadings for subordination matters related to Investors' securities claims and followup regarding same (.40) | 0.40 |
| 02/16/13 | DAB | Correspondence with A. Zinman regarding drafting summary judgment motion in connection with adversary proceeding complaint seeking subordination of Investors' securities claims (.40) | 0.40 |
| 02/16/13 | DAB | Review and revise draft Rule 7056-1 Letter to Court for summary judgment motion on subordination and conform edits to same (.50) | 0.50 |
| 02/16/13 | DAB | Review revised draft pleadings on subordination matters and revise list of open issues (.50) | 0.50 |
| 02/16/13 | JDM | Review and revise brief in opposition to Investors' Motion to Classify, specifically with respect to citations, declarations and references to supporting evidence (6.70) | 6.70 |
| 02/16/13 | ABZ | Revise Rule 7056-1 letter to Court in connection with contemplated motion in adversary seeking subordination (1.50) | 1.50 |
| 02/16/13 | ABZ | Revise draft adversary complaint in connection with contemplated motion in adversary seeking subordination (1.50) | 1.50 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  18

| Date | Initials | Description | Hours |
|---|---|---|---|
| 02/17/13 | SJR | Review of research regarding ability to file a Motion for Declaratory Judgment with respect to subordination claims and follow up on same (.70) | 0.70 |
| 02/17/13 | SJR | Review materials including draft of letter pursuant to Local Bankruptcy Rule 7056-1 in connection with moving for Summary Judgment on subordination issues under 510 of the Bankruptcy Code for ResCap and follow-up with T. Foudy and M. Gallagher on same (2.10) | 2.10 |
| 02/17/13 | TF1 | Review and revise draft letter pursuant to Rule 7056.1 regarding status conference in connection with adversary proceeding seeking subordination of Investors' securities claims (.80) | 0.80 |
| 02/17/13 | TF1 | Confer with S. Reisman on comments to Rule 7056-1 letter in connection with moving for Summary Judgment on subordination issues and incorporate therein (.30) | 0.30 |
| 02/17/13 | TF1 | Confer with M. Gallagher and B. Kotliar on various tasks and status of preparing set of papers for filing in connection with subordination issues (1.10) | 1.10 |
| 02/17/13 | TF1 | Conference call with A. Barrage on subordination issues (.50) | 0.50 |
| 02/17/13 | TF1 | Review latest comments from Morrison & Foerster and incorporate into opposition brief in connection with Investors' Rule 3013 Motion and editing down opposition in light of page limitation (3.10) | 3.10 |
| 02/17/13 | TF1 | Correspondence with Morrison & Foerster regarding filing of corporate disclosure statement in adversary proceeding (.20) | 0.20 |
| 02/17/13 | TF1 | Review article and emails on question of investor standing to pursue securities claims (.40) | 0.40 |
| 02/17/13 | TF1 | Circulate draft Rule 7056.1 letter regarding status conference for summary judgment motion on subordination matters (.10) | 0.10 |
| 02/17/13 | MG8 | Correspondence with G. Lee of Morrison & Foerster regarding filings in response to Investors' motion regarding subordination and classification of securities fraud claims (.20) | 0.20 |
| 02/17/13 | MG8 | Numerous communications and discussions throughout the day with T. Foudy, S. Reisman, B. Kotliar and D. Bloom regarding various filings in connection with subordination of investors' claims (1.20) | 1.20 |
| 02/17/13 | MG8 | Review and comment on several drafts of the Rule 7056-1 letter requesting status conference, the draft Rule 7056-1 statement, the draft opposition to the | 6.30 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  19

|  |  | Investor's motion regarding subordination and the related declarations, the complaint in preparation for filings of Opposition and Complaint on February 19, 2013 (6.30) |  |
|---|---|---|---|
| 02/17/13 | BMK | Call with T. Foudy re: edits to opposition and procedural issues re: summary judgment motion (.10) | 0.10 |
| 02/17/13 | BMK | Summarize and circulate most recent subordination papers related to Investors' securities claims to T. Foudy, M. Gallagher, D. Bloom, D. Mize and A. Zinman received from A. Barrage at Morrison & Foerster and explain various versions of the document and prior edits (.80) | 0.80 |
| 02/17/13 | BMK | Various emails with T. Foudy, M. Gallagher, and D. Bloom re: Kotliar Declaration in support of subordination pleadings, its citation and reference in the Debtors' Opposition, and next steps (.40) | 0.40 |
| 02/17/13 | BMK | Conform subordination papers to correct citation format for internal documents and ensure consistency throughout documents to be filed (1.50) | 1.50 |
| 02/17/13 | BMK | Update draft Hamzehpour Declaration in support of Summary Judgment motion on subordination (.30) | 0.30 |
| 02/17/13 | BMK | Update draft Kotliar Declaration in support of Summary Judgment Motion on subordination (.60) | 0.60 |
| 02/17/13 | BMK | Final edits and revisions to Kotliar Declaration in support of summary judgment motion on subordination and circulate same to T. Foudy, M. Gallagher and D. Bloom (1.20) | 1.20 |
| 02/17/13 | BMK | Correspondence with D. Mize re: exhibits and attachments to Debtors' Opposition to Investors' Rule 3013 Motion and citation issues (.40) | 0.40 |
| 02/17/13 | BMK | Correspondence with T. Foudy, M. Gallagher and D. Bloom throughout the day re: open issues, resolved issues, and next steps for subordination papers to be filed (.80) | 0.80 |
| 02/17/13 | DAB | Confer with M. Gallagher regarding changes to draft adversary proceeding complaint seeking subordination and changes to same based on comments (.70) | 0.70 |
| 02/17/13 | DAB | Correspondence with A. Zinman and B. Kotliar regarding further revisions to Rule 7056-1 letter to court in connection with adversary proceeding (.20) | 0.20 |
| 02/17/13 | DAB | Correspondence with A. Zinman regarding citations to facts in summary judgment motion on subordination of Investors' securities claims (.20) | 0.20 |
| 02/17/13 | DAB | Further correspondence with T. Foudy and B. Kotliar | 0.40 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  20

|  |  |  |  |
|---|---|---|---|
|  |  | regarding status of pleadings in connection with subordination issues (.40) |  |
| 02/17/13 | DAB | Further review and conforming of defined terms, Bankruptcy Code and Rule references, and numerous other edits to draft complaint on subordination of Investors' securities claims and opposition brief to Investors' Rule 3013 Motion (2.50) | 2.50 |
| 02/17/13 | DAB | Draft and circulate status report to team regarding open issues with respect to draft pleadings (.30) | 0.30 |
| 02/17/13 | DAB | Review standing argument, communicate with team regarding same and revise draft subordination pleadings to include reservation of rights with respect to same (.50) | 0.50 |
| 02/17/13 | DAB | Review local rules regarding Debtors' need for Corporate Disclosure in connection with adversary proceeding complaint, and email to T. Foudy regarding same (.20) | 0.20 |
| 02/17/13 | DAB | Review case law, Bankruptcy Rules and unpublished precedent with respect to Rule 7056.1 statement of undisputed facts and correspondence with A. Zinman regarding drafting of same (.70) | 0.70 |
| 02/17/13 | DAB | Correspondence to B. Kotliar regarding global change to subordination pleadings per M. Gallagher comments (.20) | 0.20 |
| 02/17/13 | DAB | Confer with A. Zinman and B. Kotliar regarding multiple issues related to format and content of subordination pleadings with respect to Investors' securities claims (.80) | 0.80 |
| 02/17/13 | DAB | Review and revise B. Kotliar's draft email to T. Foudy, M. Gallagher and A. Zinman in connection with subordination pleadings with respect to Investors' securities claims (.10) | 0.10 |
| 02/17/13 | DAB | Draft email to T. Foudy regarding classification argument contained in draft opposition brief to Investors' Rule 3013 Motion and reviewed response with respect to same (.20) | 0.20 |
| 02/17/13 | DAB | Correspondence with T. Foudy and M. Gallagher regarding status of subordination pleadings with respect to Investors' securities claims and parties listed in caption (.20) | 0.20 |
| 02/17/13 | JDM | Review and revise brief in opposition to Investors' motion to classify pursuant to Rule 3013, specifically with respect to citations, declarations and references to supporting evidence (8.20) | 8.20 |
| 02/17/13 | ABZ | Revise and circulate proposed letter pursuant to Rule | 0.80 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  21

|  |  | 7056-1 to Court to Curtis team (.80) |  |
|---|---|---|---|
| 02/17/13 | ABZ | Commence draft of summary judgment motion brief on subordination of Investors' claims pursuant to Section 510 and follow-up with D. Bloom on same (4.00) | 4.00 |
| 02/17/13 | ABZ | Update draft of local rule 7056-1 Statement Undisputed Facts in support of summary judgment on subordination of Investors' claims pursuant to Section 510 (3.80) | 3.80 |
| 02/18/13 | SJR | Review and revise draft letter to Judge Glenn regarding 7056 Motion for Summary Judgment and Opposition Brief on subordination and classification (1.70) | 1.70 |
| 02/18/13 | SJR | Review of latest draft of Opposition to Motion of AIG Asset Management and others concerning subordination of investor security claims and review documentation regarding same including draft of Adversary Proceeding Complaint, draft declarations in support of opposition and documentation (2.80) | 2.80 |
| 02/18/13 | TF1 | Review/edit multiple drafts of Rule 7056.1 Letter regarding status conference in adversary proceeding seeking subordination and Opposition Brief on subordination (3.30) | 3.30 |
| 02/18/13 | TF1 | Conference call with L. Kruger on Investor claims subordination issue (.30) | 0.30 |
| 02/18/13 | TF1 | Review emails with Morrison & Foerster on coordination with L. Kruger and communications with Quinn on matters related to Debtors' opposition and motion on subordination of Investors' securities claims (.60) | 0.60 |
| 02/18/13 | TF1 | Review comments to subordination papers with respect to Investors' securities claims received from Morrison & Foerster (.50) | 0.50 |
| 02/18/13 | TF1 | Various conferences/emails with M. Gallagher, S. Reisman, D. Bloom and B. Kotliar on summary judgment papers and complaint and finalization of subordination papers (1.30) | 1.30 |
| 02/18/13 | MG8 | Attend to multiple correspondence from A. Barrage, including review of attachments, with respect to issues raised in context of other motions and in examiner submissions for consideration in connection with pleadings and submissions to be made by Debtors in connection with subordination matters related to Investors' securities claims (1.40) | 1.40 |
| 02/18/13 | MG8 | Attend to review of and comment on current draft documents to be filed on February 19 in opposition to Investors' motion regarding classification/subordination and related adversary proceeding to be filed and | 5.50 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  22

|  |  |  |  |
|---|---|---|---|
|  |  | numerous follow-up communications with S. Reisman and T. Foudy regarding the same (5.50) |  |
| 02/18/13 | MG8 | Supervise finalization of Opposition to Investors' motion pursuant to Rule 3013, related documents as well as adversary complaint seeking subordination pursuant to Rule 3013, including numerous discussions with T. Foudy, B. Kotliar and D. Bloom re: same (1.50) | 1.50 |
| 02/18/13 | MG8 | Review and revise draft subordination complaint with respect to Investors' securities claims, including numerous follow-ups with Morrison & Foerster and client regarding certain open points (1.50) | 1.50 |
| 02/18/13 | BMK | Highlight open issues in opposition brief to Investors' Rule 3013 motion for M. Gallagher and T. Foudy and debtors' counsel (1.60) | 1.60 |
| 02/18/13 | BMK | Confer with D. Bloom and A. Zinman re: status of subordination papers seeking subordination of Investors' securities claims pursuant to Section 510 and open issues in subordination pleadings (.80) | 0.80 |
| 02/18/13 | BMK | Review case management order and docket for adversary proceeding procedures in connection with filing of adversary complaint seeking subordination (.40) | 0.40 |
| 02/18/13 | BMK | Draft list of exhibits for reference in opposition to Investors' Rule 3013 Motion and subordination complaint (.60) | 0.60 |
| 02/18/13 | BMK | Update Kotliar and Hamzehpour declaration in support of subordination to reflect authorities relied upon in opposition brief (1.50) | 1.50 |
| 02/18/13 | BMK | Review entire factual section of opposition brief to Investors' Rule 3013 motion and all references and citations to pooling and servicing agreements, the prospectus, and the prospectus supplement for accuracy and supplemental facts and update brief to reflect same (3.20) | 3.20 |
| 02/18/13 | BMK | Update subordination complaint to include proofs of claim numbers for defendant NCUAB (.30) | 0.30 |
| 02/18/13 | DAB | Review Local Rule 5070-1 requirement for obtaining return and draft email to T. Foudy and M. Gallagher regarding same for motion for summary judgment on subordination of Investors' claims (.10) | 0.10 |
| 02/18/13 | DAB | Review and verify consistency of exhibit references in draft declarations in support of adversary complaint seeking subordination pursuant to Section 510 (.50) | 0.50 |
| 02/18/13 | DAB | Draft email to M. Gallagher and T. Foudy with further revised draft papers of subordination papers (.20) | 0.20 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  23

| | | | |
|---|---|---|---|
| 02/18/13 | DAB | Extensive revisions to draft opposition to Investors' Rule 3013 Motion and subordination complaint to address comments by K. Sadeghi, A. Barrage, T. Foudy and M. Gallagher (2.80) | 2.80 |
| 02/18/13 | DAB | Review Case Management Order, local rules, and chambers rules with respect to filing of adversary proceedings and review of subordination complaint and ancillary documents to ensure compliance with same and related follow-up with B. Kotliar on same (1.30) | 1.30 |
| 02/18/13 | DAB | Summarize open factual items for Morrison & Foerster comment in connection with Debtors' opposition to Investors' Rule 3013 Motion and subordination complaint and provide same via email to M. Gallagher and T. Foudy (.50) | 0.50 |
| 02/18/13 | DAB | Work with IT department to fix problem with metadata in draft of opposition to Investors' Rule 3013 Motion (.30) | 0.30 |
| 02/18/13 | DAB | Conduct further review of precedent and relevant case law in connection with drafting summary judgment motion seeking subordination of Investors' claims pursuant to Section 510 (.80) | 0.80 |
| 02/18/13 | DAB | Start draft of summary judgment memorandum of law in connection with subordination complaint and accompanying notice of motion and circulate same to M. Gallagher and A. Zinman (1.30) | 1.30 |
| 02/18/13 | DAB | Further revisions to complaint seeking subordination of Investors' claims pursuant to Section 510 per A. Zinman and M. Gallagher comments and distribute redline of same (1.50) | 1.50 |
| 02/18/13 | DAB | Review draft schematic provided by Morrison & Foerster regarding securitization process and correspondence with T. Foudy regarding use of same as an exhibit in connection with opposition to Investors' Rule 3013 Motion and summary judgment motion on subordination (.20) | 0.20 |
| 02/18/13 | DAB | Cite check secondary source in opposition of Debtors to Rule 3013 Motion for accuracy and correspond with M. Gallagher regarding same (.20) | 0.20 |
| 02/18/13 | DAB | Draft email to team with latest draft adversary complaint, opposition, and ancillary documents relating to subordination (.10) | 0.10 |
| 02/18/13 | DAB | Conduct further review and edits to draft opposition and complaint seeking subordination pursuant to Section 510 (.70) | 0.70 |
| 02/18/13 | DAB | Correspondence with M. Gallagher regarding | 0.20 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  24

|  |  | comments to draft opposition to Investors' Rule 3013 Motion and notice for the summary judgment motion seeking subordination (.20) |  |
| --- | --- | --- | --- |
| 02/18/13 | JDM | Review and edit draft Opposition to Investors' Rule 3013 Motion and adversary complaint seeking subordination pursuant to Section 510 (8.30) | 8.30 |
| 02/18/13 | ABZ | Revise draft memorandum in support of motion for summary judgment seeking subordination pursuant to Section 510 including correspondence with B. Kotliar and D. Bloom regarding same (4.50) | 4.50 |
| 02/18/13 | ABZ | Revise local rule 7056-1 statement for summary judgment motion seeking subordination of Investors' claims (3.50) | 3.50 |
| 02/18/13 | ABZ | Revise draft adversary complaint seeking subordination of Investors' claims pursuant to Section 510 (1.50) | 1.50 |
| 02/19/13 | SJR | Review draft of correspondence to Judge Martin Glenn regarding claim against Allstate Insurance Company and filing of adversary proceeding and moving for Summary Judgment seeking subordination pursuant to Section 510 and related follow-up with M. Gallagher (.70) | 0.70 |
| 02/19/13 | SJR | Review and revise Opposition to Classification Motion and review Declarations in connection with same including correspondence regarding moving for Summary Judgment seeking subordination pursuant to Section 510 (2.30) | 2.30 |
| 02/19/13 | SJR | Review of draft of Complaint by Residential Capital against Allstate Insurance Company regarding subordination of securities-type claims pursuant to Section 510 (2.20) | 2.20 |
| 02/19/13 | TF1 | Review page extension order for opposition to Investors' Rule 3013 Motion (.20) | 0.20 |
| 02/19/13 | TF1 | Call with Quinn Emanuel on Adversary Proceeding seeking subordination of Investors' claims and requested court call (.30) | 0.30 |
| 02/19/13 | TF1 | Attend to review/edit/finalization of Opposition to Investors' Classification Motion, Declarations submitted in connection therewith, Adversary Complaint seeking subordination, Rule 7056.1 Letter to Court including related coordination with M. Gallagher and D. Bloom (7.20) | 7.20 |
| 02/19/13 | TF1 | Call with Committee Counsel on issues related to drafting of Opposition to Classification Motion (.30) | 0.30 |
| 02/19/13 | MG8 | Attend to matters relating to organization of service of opposition and subordination complaint documents filed | 1.40 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  25

| | | | |
|---|---|---|---|
| | | in adversary proceeding and in main case, in order to ensure parties noticed of telephonic conference for adversary proceeding, including numerous communications with KCC and drafting correspondence to affected parties (1.40) | |
| 02/19/13 | MG8 | Attend to matters relating to completion and filing of Rule 7056-1 letter in connection with Debtors' request to file summary judgment motion on subordination issue, review and revision of same (.50) | 0.50 |
| 02/19/13 | MG8 | Attend to matters relating to completion of Opposition to Investors' 3013 motion regarding classification, including review and revision of document, confirmation of certain statements and supporting documentation and filing and service of the same (3.70) | 3.70 |
| 02/19/13 | MG8 | Review revised securitization flow chart and Master Servicing spreadsheet prepared by client for use in Opposition to Investors' 3013 Motion, Declarations and Adversary Complaint seeking subordination of Investors' claims (.40) | 0.40 |
| 02/19/13 | MG8 | Review and revise Rule 7056-1 letter to Court from S. Reisman and related follow-up with S. Reisman (.30) | 0.30 |
| 02/19/13 | MG8 | Attend to review and revision of adversary complaint seeking subordination of Investors' claims pursuant to Section 510, including numerous follow-up communications with D. Bloom and T. Foudy (2.50) | 2.50 |
| 02/19/13 | MG8 | Attend to preparations for telefonic conference regarding Debtors' request pursuant to Local Rule 7056-1 in connection with adversary proceeding seeking subordination of Investors' claims (1.40) | 1.40 |
| 02/19/13 | MG8 | Attend to matters relating to completing of Kotliar Declaration in support of subordination matters, including review and revision of the same, resolution of issues relating to certain exhibits and numerous follow-up communications with B. Kotliar regarding the same (1.20) | 1.20 |
| 02/19/13 | GF | Prepare exhibits for Declarations of B. Kotliar and T. Hamzehpour at direction of B. Kotliar (2.90) | 2.90 |
| 02/19/13 | GF | Assist in preparations and filing of Opposition to Investors' Rule 3013 Motion and related Declarations (1.60) | 1.60 |
| 02/19/13 | GF | Assist in preparations and filing of Complaint against Allstate Insurance Company, et al. (1.80) | 1.80 |
| 02/19/13 | GF | Correspondence with KCC re: service of Opposition to Investors' 3013 Motion and Complaint against Allstate, et al. (1.80) | 1.80 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  26

| | | | |
|---|---|---|---|
| 02/19/13 | GF | Several discussions throughout day with B. Kotliar and coordination with A. Dreiman re: subordination filings (1.00) | 1.00 |
| 02/19/13 | GF | Review dockets for relevant filings and prepare compilations of materials for internal meetings and for submission of chambers' copies to court (5.50) | 5.50 |
| 02/19/13 | BMK | Circulate last minute edits and comments to opposition to Investors' 3013 Motion highlighting remaining issues for review by M. Gallagher, T. Foudy, D. Bloom and Morrison & Foerster (.50) | 0.50 |
| 02/19/13 | BMK | Confer with M. Gallagher re: changes to and status of Hamzehpour Declaration before filing in connection with opposition to Investors' 3013 Motion (.80) | 0.80 |
| 02/19/13 | BMK | Update and finalize exhibits to documents related to subordination filings and supervise G. Faust's work re: same (.70) | 0.70 |
| 02/19/13 | BMK | Update and finalize declarations in support of subordination filings in anticipation of filing (.60) | 0.60 |
| 02/19/13 | BMK | Coordinate production of all subordination filings with G. Faust so as to prepare M. Gallagher, T. Foudy and D. Bloom for chambers conference call (.60) | 0.60 |
| 02/19/13 | BMK | Draft summary of all objections, responses, and joinders filed to the Investors' Motion regarding classification pursuant to Rule 3013 (4.50) | 4.50 |
| 02/19/13 | BMK | Confer with D. Mize re: citation and reference checking to ensure accuracy of legal authorities relied upon for Debtors' Opposition to Investors' Rule 3013 Motion (1.00) | 1.00 |
| 02/19/13 | BMK | Supervise filing of opposition brief to Investors' Rule 3013 Motion, Hamzehpour Declaration, and Kotliar Declaration (.70) | 0.70 |
| 02/19/13 | BMK | Supervise filing of complaint seeking subordination of Investors' securities claims in new adversary proceeding specifically regarding list of all defendants named in complaint and letter for permission to file summary judgment motion seeking subordination pursuant to Section 510 (1.10) | 1.10 |
| 02/19/13 | BMK | Respond to miscellaneous inquiries throughout the day re: open issues and revisions to subordination pleadings to be filed (.90) | 0.90 |
| 02/19/13 | BMK | Attend to final revisions to and review of Debtors' opposition to Investors' Rule 3013 Motion before filing of same (1.50) | 1.50 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  27

| | | | |
|---|---|---|---|
| 02/19/13 | BMK | Attend to numerous correspondences re: final changes and revisions to documents in connection with subordination pleadings and Investors' Rule 3013 motion to ready for filing (.50) | 0.50 |
| 02/19/13 | BMK | Resolve final issues re: complaint seeking subordination pursuant to Section 510 and letter so as to ready for filing (.90) | 0.90 |
| 02/19/13 | DAB | Further revisions to draft subordination complaint and opposition to Investors' 3013 Motion per T. Foudy and M. Gallagher comments (1.00) | 1.00 |
| 02/19/13 | DAB | Correspondence with T. Foudy and M. Gallagher regarding list of Defendants against whom subordination complaint is being filed and strategic issues connected with same (.30) | 0.30 |
| 02/19/13 | DAB | Correspondence with B. Kotliar regarding inclusion of defendant AIG Asset Management (U.S.), LLC as defendant in complaint seeking subordination pursuant to Section 510 (.10) | 0.10 |
| 02/19/13 | DAB | Conduct detailed review and revision of draft complaint seeking subordination of Investors' claims for conflicts purposes pursuant to Section 510 (1.10) | 1.10 |
| 02/19/13 | DAB | Revise draft notice of summary judgment motion with respect to subordination complaint to incorporate Case Management Order and local rule requirements (.50) | 0.50 |
| 02/19/13 | DAB | Correspondence with A. Dreiman regarding exhibit size for filing purposes and inclusion of e-signatures on pleadings to be filed in connection with opposition to Investors' Rule 3013 Motion (.20) | 0.20 |
| 02/19/13 | DAB | Attend to modification of standing language in subordination complaint and opposition to Investors' 3013 Motion per correspondence with M. Gallagher (.20) | 0.20 |
| 02/19/13 | DAB | Correspondence with T. Foudy regarding revisions to complaint caption (.10) | 0.10 |
| 02/19/13 | DAB | Revise draft subordination complaint pursuant to Section 510 to incorporate T. Foudy, A. Zinman and M. Gallagher comments (2.20) | 2.20 |
| 02/19/13 | DAB | Correspondence with A. Zinman regarding summary judgment motion seeking subordination of Investors' claims and ancillary documents (.20) | 0.20 |
| 02/19/13 | DAB | Insert language throughout subordination complaint and opposition brief specifying that Debtors were Master Servicer of each Trust when Investor Claims arose per team and Morrison & Foerster comments | 0.40 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  28

|  |  | (.40) |  |
|---|---|---|---|
| 02/19/13 | DAB | Correspondence with A. Dreiman regarding transmitting filed pleadings to Chambers (.10) | 0.10 |
| 02/19/13 | DAB | Conduct research regarding subordination of a claim by a nondebtor entity (.60) | 0.60 |
| 02/19/13 | DAB | Review email correspondence with respect to status of Debtors as Master Servicer on each of the securitizations that involve Investors'/Movants to Rule 3013 Motion and review pleadings globally for references to same (.80) | 0.80 |
| 02/19/13 | DAB | Follow up emails with A. Zinman regarding status of draft summary judgment motion papers (.20) | 0.20 |
| 02/19/13 | DAB | Review NCUAB joinder to Investors' Rule 3013 Motion and Rule 7056-1 letter for T. Foudy (.20) | 0.20 |
| 02/19/13 | DAB | Further review of precedent with respect to summary judgment motions (.30) | 0.30 |
| 02/19/13 | JDM | Review and edit Opposition to Investors' Rule 3013 Motion and adversary complaint seeking subordination pursuant to Section 510 including discussions with B. Kotliar on details of same (6.70) | 6.70 |
| 02/19/13 | AD | Prepare documents to file in Main Bankruptcy Case, assist G. Faust with filing of three documents in the Main Bankruptcy Case, retrieve as-filed versions of same and send to Curtis team (2.00) | 2.00 |
| 02/19/13 | AD | Prepare Letter to Judge Glenn's Chambers regarding February 19th Filings in the main and adversary proceeding cases in connection with subordination of Investors' claims (.60) | 0.60 |
| 02/19/13 | AD | Per B. Kotliar's request, retrieve and assemble "Pleadings Filed in Connection with the Investors' Classification" Binder for S. Reisman, T. Foudy, M. Gallagher, D. Bloom, B. Kotlair, A. Zinman and D. Mize (1.50) | 1.50 |
| 02/19/13 | ABZ | Finalize Hamzehpour declaration in support of pleadings seeking subordination of Investor claims and email J. Rothberg re: same (.50) | 0.50 |
| 02/19/13 | ABZ | Review and revise draft of opposition to Investors' Rule 3013 Motion (1.40) | 1.40 |
| 02/19/13 | ABZ | Continue drafting and revising summary judgment papers seeking subordination of Investors' claims pursuant to Section 510 (5.00) | 5.00 |
| 02/20/13 | SJR | Follow up regarding preparation for Court Hearing on status conference with respect to subordination dispute | 1.80 |

May 17, 2013
Inv # 1578472
Our Ref # 062108-000400

Page 29

|  |  |  |  |
|---|---|---|---|
|  |  | with Quinn Emanuel clients AIG, Allstate, Prudential, MassMutual, etc. who are asserting securities claims as legitimate claims against the ResCap Estate in connection with Curtis' role as conflicts counsel on behalf of ResCap to subordinate such claims and related discussions and calls with T. Foudy and M. Gallagher (1.80) |  |
| 02/20/13 | SJR | Review of subordination responses/objections filed with respect to AIG's Motion for Classification of Claims Pursuant to Rule 3013 (1.60) | 1.60 |
| 02/20/13 | TF1 | Discuss next steps with S. Reisman and M. Gallagher regarding open issues and strategy for telephonic conference call with Judge Glenn on Investors' Motion regarding classification and subordination (.40) | 0.40 |
| 02/20/13 | TF1 | Participate in call with court regarding subordination dispute and Investors' motion regarding classification (.80) | 0.80 |
| 02/20/13 | TF1 | Follow-up calls with J. Haims, S. Shelley, E. Winston, S. Reisman, M. Gallagher and A. Steinberg regarding response to request made by Quinn, counsel to Investors who moved for classification, and issues to discuss during telephonic conference with Judge Glenn (.60) | 0.60 |
| 02/20/13 | TF1 | Draft email to Quinn and Zuckerman on proposed status/schedule for summary judgment motion on subordination (.80) | 0.80 |
| 02/20/13 | TF1 | Follow-up call with G. Siegel regarding proposed status/schedule for summary judgment motion on subordination (.20) | 0.20 |
| 02/20/13 | TF1 | Emails with Morrison & Foerster on issue raised by G. Siegel regarding proposed status/schedule for summary judgment motion on subordination pursuant to Section 510 (.40) | 0.40 |
| 02/20/13 | TF1 | Call with Zuckerman Spaeder re: subordination dispute with investors (.30) | 0.30 |
| 02/20/13 | TF1 | Prepare for Court status conference on subordination dispute with Investors, including review of key cases, chart of pleadings filed by other parties (5.40) | 5.40 |
| 02/20/13 | TF1 | Confer with Morrison & Foerster on court conferences and continuing negotiations with Quinn (.50) | 0.50 |
| 02/20/13 | TF1 | Multiple calls with Quinn re: subordination dispute with Investors (.70) | 0.70 |
| 02/20/13 | MG8 | Participate in telephonic status conference with Judge Glenn in connection with subordination issues raised by Investors' Reclassification Motion and Debtors' | 0.80 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  30

adversary proceeding seeking subordination of
Investors' claims (.80)

| | | | |
|---|---|---|---|
| 02/20/13 | MG8 | Review objections and joinders filed by various parties in connection with Investors' motion seeking to classify Investors' Claims with Trust Claim and seeking declaration that Investor Claims cannot be subordinated pursuant section 510(b) (2.20) | 2.20 |
| 02/20/13 | MG8 | Attend to organization of materials for future use in connection with subordination adversary proceeding (.50) | 0.50 |
| 02/20/13 | MG8 | Follow-up call with S. Shelley, E. Winston, T. Foudy, J. Haims and S. Reisman regarding response to request made by Quinn Emanuel in earlier call and issues to discuss during telephonic conference with Judge Glenn (.40) | 0.40 |
| 02/20/13 | MG8 | Meet with T. Foudy and S. Reisman to discuss open issues and strategy for telephonic conference call with Judge Glenn on Investors' motion regarding classification and subordination and Debtors' Opposition and adversary proceeding seeking subordination (.40) | 0.40 |
| 02/20/13 | MG8 | Attend to issues relating to supervision of organization of documents filed by all parties in connection with Investors' motion for classification and Debtors' adversary seeking subordination, providing chambers with copies for court of pleadings and filings made in connection with Investors' motion and complaint for subordination, including review and revision of transmittal letter, confirming court's rules on related matters (1.80) | 1.80 |
| 02/20/13 | MG8 | Correspondence with T. Foudy and S. Reisman following conference call with Court to determine allocation of tasks and next steps for endeavoring to comply with Court's directive about meet and confer with Investors and issues outlined by Court with respect to summary judgment motions(.30) | 0.30 |
| 02/20/13 | MG8 | Conference call with J. Haims following call with Quinn Emanuel regarding next steps for issues raised in call regarding potential resolutions of issues (.30) | 0.30 |
| 02/20/13 | MG8 | Participate in call with Quinn Emanuel, counsel to Investors, to discuss issues and potential resolutions in advance of Court conference scheduled for later in day (.70) | 0.70 |
| 02/20/13 | MG8 | Follow-up correspondence with Morrison & Foerster and Quinn regarding possible call for February 22 to go through issues outlined by Court for status report letter due in two weeks (.20) | 0.20 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  31

| 02/20/13 | MG8 | Review and revise draft email to Quinn Emanuel and Zuckerman Spaeder summarizing five items that the Court wants addressed in a status letter relating to the consolidated Investors' Motion and adversary proceeding seeking subordination (.30) | 0.30 |
|---|---|---|---|
| 02/20/13 | MG8 | Participate in call with Morrison & Foerster to discuss strategy for telephonic conference with Judge Glenn regarding subordination issues raised by Investors' Motion and Debtors' adversary proceeding (.80) | 0.80 |
| 02/20/13 | BMK | Coordinate delivery of courtesy copies of subordination motion and complaint to chambers (.80) | 0.80 |
| 02/20/13 | BMK | Prepare for chambers teleconference, including organizing materials and documents for T. Foudy, M. Gallagher and D. Bloom and call procedures (.80) | 0.80 |
| 02/20/13 | BMK | Coordinate production and distribution to T. Foudy, M. Gallagher and D. Bloom binders re: recent filings (opposition, complaint, letter, and declarations) (.50) | 0.50 |
| 02/20/13 | BMK | Draft chart of Debtors' recent filings for reference by T. Foudy, M. Gallagher and D. Bloom and revise same regarding other objections (4.20) | 4.20 |
| 02/20/13 | BMK | Numerous conferences with D. Bloom re: procedural issues and summary judgment motion on subordination issues and filing thereof (1.00) | 1.00 |
| 02/20/13 | DAB | Review sample joint letters to chambers in connection with addressing issues raised by Court in connection with summary judgment motions (.20) | 0.20 |
| 02/20/13 | DAB | Email to T. Foudy and M. Gallagher regarding table of authorities for summary judgment motion on subordination (.10) | 0.10 |
| 02/20/13 | DAB | Correspondence with A. Zinman regarding summary judgment motion on subordination (.20) | 0.20 |
| 02/20/13 | DAB | Post-court call correspondence with B. Kotliar, T. Foudy, M. Gallagher and A. Zinman regarding next steps (.30) | 0.30 |
| 02/20/13 | DAB | Revise draft summary judgment motion seeking to subordinate Investors' claims pursuant to Section 510 and statement of undisputed facts in support of same (2.30) | 2.30 |
| 02/20/13 | DAB | Correspondence with A. Zinman regarding compliance of our service of the adversary proceeding complaint with requirements of Case Management Order, chamber rules, and local rules (.20) | 0.20 |
| 02/20/13 | DAB | Draft memorandum setting forth all relevant sections of | 1.00 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  32

|  |  |  |  |
|---|---|---|---|
|  |  | the Case Management Order, chamber rules, and the local rules with respect to adversary proceedings in discussion with B. Kotliar on same for use in adversary proceedings handled by Curtis for Debtors (1.00) |  |
| 02/20/13 | JDM | Edit and review summary judgment motion and Rule 7056.1 statement (2.20) | 2.20 |
| 02/20/13 | JDM | Attend telephonic hearing before J. Glenn regarding Opposition to Investors' Rule 3013 Motion and Debtors' letter requesting leave for summary judgment motion in connection with Complaint requesting declaration judgment for subordination of Investors' Claims pursuant to Section 510 (1.30) | 1.30 |
| 02/20/13 | ABZ | Participate on conference call with Court in connection with Rule 7056-1 letter request for permission to file summary judgment in connection with complaint seeking subordination (1.00) | 1.00 |
| 02/20/13 | ABZ | Update draft summary judgment motion papers in connection with complaint seeking subordination pursuant to Section 510 (5.00) | 5.00 |
| 02/21/13 | TF1 | Begin review/analysis of multiple opposition papers filed to AIG Parties motion on classification under Rule 3013 (1.50) | 1.50 |
| 02/21/13 | TF1 | Correspondence with Morrison & Foerster and S. Reisman on follow-up in connection with AIG Parties motion on classification under Rule 3013 (.20) | 0.20 |
| 02/21/13 | TF1 | Conference call with M. Gallagher, B. Kotliar and D. Bloom on research needed in connection with issue raised by G. Siegel in connection with AIG Parties motion on classification under Rule 3013 (.80) | 0.80 |
| 02/21/13 | TF1 | Review emails describing research progress on issues relevant to Debtors' proposed summary judgment motion with respect to subordination of securities claims and ask clarifying questions on same (.90) | 0.90 |
| 02/21/13 | MG8 | Attend to organization of materials relating to subordination pleadings, research and correspondence for later use in case (.50) | 0.50 |
| 02/21/13 | MG8 | Confer with T. Foudy, D. Bloom and B. Kotliar regarding research on issue relating to section 510(b) and related procedural questions on issues relevant to Debtors' proposed summary judgment motion with respect to subordination of securities claims (.80) | 0.80 |
| 02/21/13 | MG8 | Correspondence with T. Foudy, S. Reisman and Morrison & Foerster regarding new potential conflict matter (.30) | 0.30 |
| 02/21/13 | BMK | Conference with T. Foudy, M. Gallagher, and D. Bloom | 0.70 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  33

|  |  |  |  |
|---|---|---|---|
|  |  | re: procedural research issues re: adversary complaint and motions for summary judgment on subordination under Section 510 (.70) |  |
| 02/21/13 | BMK | Multiple conferences with D. Bloom re: status of research and additional research projects re: procedures governing ███████ (.90) | 0.90 |
| 02/21/13 | BMK | Research and summarize ███████ filed in large bankruptcies in the Southern District of New York (1.40) | 1.40 |
| 02/21/13 | BMK | Numerous correspondences throughout the day with D. Bloom, M. Gallagher and T. Foudy re: status of research re: procedural aspects ███████ (.50) | 0.50 |
| 02/21/13 | BMK | Research and summarize case law re: ███████ (3.80) | 3.80 |
| 02/21/13 | DAB | Meetings with B. Kotliar, T. Foudy and M. Gallagher regarding research required in connection with adversary proceeding complaint and opposition to Investors' classification motion (.70) | 0.70 |
| 02/21/13 | DAB | Correspondence with T. Foudy and M. Gallagher regarding implications of research on potential ███████ (.30) | 0.30 |
| 02/21/13 | DAB | Research whether affiliates are insiders under the Bankruptcy Code ███████ (1.50) | 1.50 |
| 02/21/13 | DAB | Draft memorandum summarizing research with respect to insiders as affiliates and ███████ (1.00) | 1.00 |
| 02/21/13 | DAB | Research relevant procedures with respect to ███████ (.80) | 0.80 |
| 02/21/13 | DAB | Research whether ███████ .80) | 0.80 |
| 02/21/13 | DAB | Research status of joinder parties with respect to ███████ .20) | 0.20 |
| 02/21/13 | DAB | Draft summary of findings regarding ███████ | 0.30 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  34

████████████████████████████████
████████████████████████████
████████████ (.30)

| Date | Init | Description | Hours |
|------|------|-------------|-------|
| 02/21/13 | DAB | Conduct followup research with respect to ████████ issue per T. Foudy request (.40) | 0.40 |
| 02/22/13 | TF1 | Finish review and note-taking on oppositions filed to AIG classification motion (1.20) | 1.20 |
| 02/22/13 | TF1 | Confer with D. Bloom on follow-up research regarding issue raised by G. Siegel with respect to ████████ Section 510 (.40) | 0.40 |
| 02/22/13 | TF1 | Pre-call with J. Haims to discuss meet and confer call with Quinn on summary judgment motions on subordination under Section 510 (.30) | 0.30 |
| 02/22/13 | TF1 | Draft email to Morrison & Foerster on results of follow-up research regarding ████████ issue raised by G. Siegel (.20) | 0.20 |
| 02/22/13 | TF1 | Prepare for conference call with Quinn regarding status of proceedings with respect to subordination of Investors' claim (.40) | 0.40 |
| 02/22/13 | TF1 | Participate in conference call with Quinn and follow-up discussion with J. Haims (.50) | 0.50 |
| 02/22/13 | TF1 | Review JSNs' objection to extension of Debtors' exclusivity (.50) | 0.50 |
| 02/22/13 | TF1 | Review and edit draft statement of undisputed facts for summary judgment on subordination (2.20) | 2.20 |
| 02/22/13 | TF1 | Review and note comments/issues with draft reply on section 510(b) issue to JSNs' 9019 objection (.50) | 0.50 |
| 02/22/13 | BMK | Revise draft statement of undisputed facts for summary judgment motion to be sent to cousel for the defendants named in subordination complaint (3.80) | 3.80 |
| 02/22/13 | BMK | Numerous correspondences throughout the day re: issuance of the summons and service of the summons and complaint in adversary proceeding seeking subordination of Investors' claims pursuant to Section 510 (.90) | 0.90 |
| 02/22/13 | BMK | Discussions with D. Bloom re: status of research re: affiliates of the debtors and other procedural issues (.50) | 0.50 |
| 02/22/13 | DAB | Participate in call with Quinn Emanuel regarding status of proceedings (.40) | 0.40 |
| 02/22/13 | DAB | Conduct followup research per T. Foudy comments with respect to whether a ████████████ | 1.00 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  35

██████████████████████████ (1.00)

| 02/22/13 | DAB | Communicate with T. Foudy regarding Quinn call (.20) | 0.20 |
|---|---|---|---|
| 02/22/13 | DAB | Prepare for call with Quinn Emanuel regarding status of proceedings and current conflict matter being handled by Curtis (.30) | 0.30 |
| 02/22/13 | DAB | Draft memorandum with respect to w███████████ █████████████████████████████████(.50) | 0.50 |
| 02/22/13 | DAB | Research whether a█████████████████████ █████████████████2.00) | 2.00 |
| 02/22/13 | DAB | Confer with B. Kotliar regarding service of complaint and issuance of summons in connection with adversary proceeding seeking subordination of Investors' securities claims (.50) | 0.50 |
| 02/22/13 | JDM | Participate in teleconference with counsel for Investors (.80) | 0.80 |
| 02/22/13 | JDM | Draft summary of teleconference with Investors in connection with subordination of Investors' claims (.50) | 0.50 |
| 02/22/13 | JDM | Attend to review and editing of proposed undisputed facts in support of summary judgment of subordination of Investors' securities claims (2.10) | 2.10 |
| 02/23/13 | TF1 | Conference call with A. Barrage to discuss reply to JSNs' objection to Rule 9019 motion (.40) | 0.40 |
| 02/25/13 | SJR | Attention to matters regarding issues related to Residential Capital versus Allstate adversary proceeding and review of Rule 56.1 Statement of Undisputed Facts in connection with cross-motion for summary judgment and other issues (1.80) | 1.80 |
| 02/25/13 | TF1 | Review AIG reply submission to Examiner (.60) | 0.60 |
| 02/25/13 | TF1 | Review summons issued in adversary proceeding seeking subordination of Investors' claims and follow-up on requesting waiver of service of complaint and documentation of waiver (.50) | 0.50 |
| 02/25/13 | TF1 | Review case management order and judge's rules for information pertinent to adversary proceeding and summary judgment motion in connection with subordination of Investors' securities claim (.70) | 0.70 |
| 02/25/13 | TF1 | Review additional key 510(b) cases in connection with subordination of Investors' securities claim (.80) | 0.80 |
| 02/25/13 | TF1 | Review and take notes on JSNs' objection to Rule 9019 | 1.10 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  36

| | | settlement with RMBS Trustees (1.10) | |
|---|---|---|---|
| 02/25/13 | TF1 | Review draft reply to JSN's objection to RMBS settlement and send comments on same to A. Barrage (.90) | 0.90 |
| 02/25/13 | TF1 | Confer with Morrison & Foerster on comments to draft statement of undisputed facts for summary judgment motions on subordination and review written comments to same (.90) | 0.90 |
| 02/25/13 | TF1 | Edit draft statement of undisputed facts for summary judgment motions on subordination in light of Morrison & Foerster comments (1.40) | 1.40 |
| 02/25/13 | TF1 | Draft email to defendants with draft statement of undisputed facts for summary judgment motions on subordination (.40) | 0.40 |
| 02/25/13 | TF1 | Follow up on preparation of joint status report to judge in connection with adversary proceeding seeking subordination of Investor Claims and cross-motions summary judgment (.50) | 0.50 |
| 02/25/13 | TF1 | Review memo regarding settlement proposals for conflicts purposes (.30) | 0.30 |
| 02/25/13 | JFC | Research procedure for service of process upon insurance companies in bankruptcy adversary proceeding (.30) | 0.30 |
| 02/25/13 | JFC | Respond to B. Kotliar inquiry regarding procedure for service of process upon insurance companies in adversary proceeding (.10) | 0.10 |
| 02/25/13 | MG8 | Attend to issues relating to service of summons and complaint on defendants to subordination complaint and numerous follow-up communications with B. Kotliar regarding the same (.60) | 0.60 |
| 02/25/13 | MG8 | Review Debtors' response and Committee reply to Committee motion to exclude evidence of reliance of attorney advice in connection with RMBS settlement and related pleadings in connection with Curtis' role as Debtors' conflicts counsel (1.20) | 1.20 |
| 02/25/13 | MG8 | Review draft statement of undisputed facts for summary judgment motions prepared by Curtis in connection with instructions by Bankruptcy Court relating to subordination issues (.40) | 0.40 |
| 02/25/13 | MG8 | Review re-draft of statement of undisputed facts for summary judgment motions prepared by Curtis in connection with instructions by Bankruptcy Court relating to subordination issues to accomodate Morrison & Foerster comments (.30) | 0.30 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  37

| Date | Init | Description | Hours |
|------|------|-------------|-------|
| 02/25/13 | MG8 | Review proposed changes suggested by Morrison & Foerster to draft statement of undisputed facts for summary judgment motions prepared by Curtis in connection with instructions by Bankruptcy Court relating to subordination issues (.20) | 0.20 |
| 02/25/13 | BMK | Research defendants' corporate addresses, headquarters, and place of incorporation required for personal service of summons and complaint in connection with recently filed adversary proceeding and follow-up communication with M. Gallagher (4.50) | 4.50 |
| 02/25/13 | BMK | Research Bankruptcy Rule 7004 and Federal Rule of Civil Procedure 4 for service procedures and discuss internally with D. Bloom (.50) | 0.50 |
| 02/25/13 | BMK | Correspondence with J. Clyne re: service of summons and complaint on corporations in adversary proceedings (.30) | 0.30 |
| 02/25/13 | BMK | Review notice of appearances and other relevant court filings by defendants in adversary proceeding for instructions regarding service of summons and complaint and waivers of service (.50) | 0.50 |
| 02/25/13 | DAB | Review email from M. Gallagher regarding pre-trial conference in subordination adversary proceeding (.10) | 0.10 |
| 02/25/13 | DAB | Confer with B. Kotliar regarding service of defendants in subordination adversary proceeding and notices of appearance filed by same in main cases (.30) | 0.30 |
| 02/25/13 | DAB | Review precedent status report letters per T. Foudy request in order to draft status report letter for subordination adversary proceeding (.40) | 0.40 |
| 02/25/13 | DAB | Review and further revise draft statement of undisputed facts for inclusion in summary judgment motions regarding subordination of Investors' claims (.40) | 0.40 |
| 02/25/13 | JDM | Review and edit summary judgment motion with respect to subordination and related memorandum of law (2.10) | 2.10 |
| 02/26/13 | TF1 | Follow-up on preparation of summary judgment papers in connection with subordination of Investors' securities claims, documentation of waiver of service of process, and joint status report to judge and related correspondence with M. Gallagher in connection with subordination dispute (.40) | 0.40 |
| 02/26/13 | TF1 | Review Quinn 2019 statement filed in main case (.20) | 0.20 |
| 02/26/13 | TF1 | Review final draft of memo on objection on basis of duplicative claim (.30) | 0.30 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  38

| | | | |
|---|---|---|---|
| 02/26/13 | MG8 | Attend to review of Committee response in connection with Debtors' request to extend exclusivity and motion seeking appointment of CRO and related follow-up with D. Bloom, B. Kotliar and T. Foudy as the response relates to current conflicts matters that Curtis is working on (1.20) | 1.20 |
| 02/26/13 | MG8 | Attend to matters relating to procedural and logistical issues with obtaining waiver of service of summons and complaint in adversary proceeding seeking subordination of Investors' securities claims and numerous related communications with B. Kotliar and D. Bloom regarding the same (1.50) | 1.50 |
| 02/26/13 | BMK | Numerous correspondences and conferences with M. Gallagher and D. Bloom internally re: drafting waiver of service of summons and complaint in adversary proceeding seeking subordination of Investors' securities claims and status of defendants in the action regarding same (1.20) | 1.20 |
| 02/26/13 | BMK | Review waivers of service filed in other Residential Capital adversary proceedings as well as other large Southern District Bankruptcy cases for conformity with forms provided by federal rules (.50) | 0.50 |
| 02/26/13 | BMK | Coordinate drafting of waiver of service of summons and complaint in adversary proceeding seeking subordination of Investors' securities claims including correspondence with D. Bloom (2.20) | 2.20 |
| 02/26/13 | BMK | Update service information for defendants in subordination adversary proceeding organized by defendants' addresses on any notice of appearance, proofs of claim, and designated agent for service of process (2.50) | 2.50 |
| 02/26/13 | DAB | Communication with B. Kotliar and M. Gallagher with respect to legal issues pertaining to Zuckerman Spaeder waiver of service in adversary proceeding seeking subordination of Investors' securities claims (.20) | 0.20 |
| 02/26/13 | DAB | Review correspondence regarding Table of Authorities contained in draft summary judgment motion in adversary proceeding seeking subordination of Investors' securities claims (.10) | 0.10 |
| 02/26/13 | DAB | Correspond with B. Kotliar regarding verification of defendant contact information for potential service in the event that defendants do not waive service in adversary proceeding seeking subordination of Investors' securities claims (.10) | 0.10 |
| 02/26/13 | DAB | Correspond with T. Foudy email regarding Zuckerman Spaeder waiver of service of summons and complaint | 0.10 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  39

|          |     | in subordination adversary proceeding (.10) | |
| -------- | --- | --- | ---- |
| 02/26/13 | DAB | Correspond with T. Foudy and D. Mize regarding draft summary judgment papers seeking subordination of Investors' securities claims (.10) | 0.10 |
| 02/26/13 | DAB | Draft Joint Letter to Court and circulate same to T. Foudy and M. Gallagher (1.20) | 1.20 |
| 02/26/13 | DAB | Revise Zuckerman Spaeder waiver of service of summons and complaint in subordination adversary proceeding per M. Gallagher comments (.30) | 0.30 |
| 02/26/13 | DAB | Draft and revise Zuckerman Spaeder waiver of service of summons and complaint in subordination adversary proceeding (.80) | 0.80 |
| 02/26/13 | JDM | Continue to review and edit summary judgment motion seeking subordination of Investors' securities claims (3.70) | 3.70 |
| 02/27/13 | TF1 | Follow-up on service issues, including editing written waiver of summons and complaint in subordination adversary proceeding and sending to counsel (.40) | 0.40 |
| 02/27/13 | TF1 | Review agenda for Feb. 28th omnibus hearing (.20) | 0.20 |
| 02/27/13 | TF1 | Review Committee Response to motion to appoint CRO and extend exclusivity (.60) | 0.60 |
| 02/27/13 | TF1 | Email Quinn regarding notice of adjournment of hearing regarding AIG Rule 3013 Motion (.20) | 0.20 |
| 02/27/13 | TF1 | Calls/emails with Morrison & Foerster on coordination of subordination issues (.40) | 0.40 |
| 02/27/13 | TF1 | Review Washington Mutual papers concerning bond subordination dispute relevant to subordination of securities claimants in Residential Capital Chapter 11 (.80) | 0.80 |
| 02/27/13 | MG8 | Attend to numerous communications with respect to addressing five issues posed by Judge Glen in connection with Debtors' adversary complaint seeking subordination of Investors' claims and Investors' motion seeking classification and declaration that Investor claims should not be subordinated and related follow-up with D. Bloom (.80) | 0.80 |
| 02/27/13 | BMK | Circulate summary of Committee's response to Debtors' CRO and Exclusivity motions to Curtis Team specifically highlighting impact on current adversary proceeding (.80) | 0.80 |
| 02/27/13 | DAB | Review executed Zuckerman Spaeder waiver of service of summons and complaint in subordination adversary proceeding and communication with M. | 0.30 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  40

| | | | |
|---|---|---|---|
| | | Gallagher and B. Kotliar regarding filing of same (.30) | |
| 02/27/13 | DAB | Communication with T. Foudy, M. Gallagher and B. Kotliar regarding committee's response to the Debtors' CRO motion (.20) | 0.20 |
| 02/27/13 | DAB | Review and analyze committee's response to the Debtors' CRO motion (.50) | 0.50 |
| 02/27/13 | DAB | Communication with team regarding Quinn Emanuel/Investors' answer deadline with respect to complaint seeking subordination of Investors' claims (.10) | 0.10 |
| 02/27/13 | DAB | Analyze impact of CRO-led negotiations regarding various potentially contested claims on subordination issue (.20) | 0.20 |
| 02/27/13 | JDM | Review and edit summary judgment papers in adversary proceeding with respect to complaint seeking subordination of Investors' claims (3.10) | 3.10 |
| 02/28/13 | SJR | Attention to matters regarding litigation against Allstate Insurance and AIG regarding Section 510 and possibility of accepting service and Notice of Adjournment and review e-mails regarding same (1.10) | 1.10 |
| 02/28/13 | TF1 | Review response submissions and experts reports in regards to Rule 9019 motion from RMBS Trustees and Committee and exhibits thereto (2.10) | 2.10 |
| 02/28/13 | TF1 | Follow-up on service of Adversary Complaint with respect to complaint seeking subordination of Investors' claims (.20) | 0.20 |
| 02/28/13 | TF1 | Follow-up on coordination in regards to litigating with securities claimants, including conference call with J. Haims on same (.80) | 0.80 |
| 02/28/13 | TF1 | Review Debtors' joinder to AFI stay motion and Wilmington Trust Statement in regards to same (.60) | 0.60 |
| 02/28/13 | TF1 | Follow-up on analysis of impact of particular debtors against whom claims asserted on 510(b) analysis in connection with adversary proceeding seeking subordination of Investors' securities claims (.70) | 0.70 |
| 02/28/13 | MG8 | Attend to matters relating to obtaining and filing waivers of service of summons from Investors-Defendants to adversary proceeding seeking subordination (.60) | 0.60 |
| 02/28/13 | GF | Assist B. Kotliar with preparation and filing of Zuckerman/NCUAB Waiver of Service of Summons and Complaint in connection with adversary proceeding seeking subordination of Investors' securities claims (1.30) | 1.30 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  41

| 02/28/13 | BMK | Research proper filing procedures for waivers of service of the summons by reviewing local rules, contemporaneous filings in other cases, and conferencing with the court clerk supervisor (1.00) | 1.00 |
|---|---|---|---|
| 02/28/13 | BMK | Attend to filing NCUAB's waiver of the service of the summons on the adversary proceeding docket in connection with adversary proceeding seeking subordination of Investors' securities claims (.80) | 0.80 |
| 02/28/13 | BMK | Discuss with D. Bloom dates for answering complaints under Federal Rules of Bankruptcy Procedure 7004 & 7012 and Rule 4 of the Federal Rules of Civil Procedure re: answer times post waiver of the service of the summons (.70) | 0.70 |
| 02/28/13 | BMK | Review Investors' holdings re: claims asserted particular debtor entities for their roles in the securitization process and circulate draft summary to T. Foudy re: same in connection with Debtors' adversary proceeding seeking subordination of summon and complaint (.50) | 0.50 |
| 02/28/13 | DAB | Review and update draft status report letter to Judge Glenn in connection with Debtors' adversary proceeding seeking subordination of summon and complaint (.30) | 0.30 |
| 02/28/13 | DAB | Confer with B. Kotliar regarding Quinn Emanuel waiver of service of summon and complaint in connection with Debtors' adversary proceeding and drafting of same (.50) | 0.50 |
| 02/28/13 | DAB | Draft email to D. Mize regarding draft status report letter in connection with Debtors' adversary proceeding seeking subordination of summon and complaint (.10) | 0.10 |
| 02/28/13 | DAB | Communication with A. Dreiman regarding Quinn Emanuel client waiver of service of summon and complaint in connection with Debtors' adversary proceeding seeking subordination and followup regarding same (.10) | 0.10 |
| 02/28/13 | DAB | Review Bankruptcy Rule 7004 and Federal Rule 4(d)(1) and (4) to ascertain proper answer deadline for defendants to subordination adversary complaint waiving service of summons and complaint and review of relevant annotated statutes and advisory committee notes to confirm findings (.30) | 0.30 |
| 02/28/13 | AD | Per D. Bloom's request, revise Waiver of Service of Summons to include Quinn Emanuel signature block (.30) | 0.30 |

May 17, 2013
Inv # 1578472
Our Ref #  062108-000400

Page  42

TOTAL HOURS                    608.10

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 56.60 | 830 | 46,978.00 |
| Theresa A. Foudy | Partner | 104.60 | 730 | 76,358.00 |
| Maryann Gallagher | Counsel | 71.30 | 625 | 44,562.50 |
| Andrew B. Zinman | Associate | 48.10 | 590 | 28,379.00 |
| Daniel A. Bloom | Associate | 98.70 | 480 | 47,376.00 |
| Joseph F. Clyne | Associate | 0.40 | 425 | 170.00 |
| J. Derek Mize | Associate | 57.30 | 425 | 24,352.50 |
| Bryan M. Kotliar | Associate | 147.60 | 305 | 45,018.00 |
| Georgia Faust | Legal Assistant | 15.90 | 235 | 3,736.50 |
| Alana Dreiman | Legal Assistant | 7.60 | 230 | 1,748.00 |
| | | **608.10** | | **$318,678.50** |

**TOTAL SERVICES**                    $318,678.50

**TOTAL THIS INVOICE**                    $318,678.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

| | |
|---|---|
| **Mail Checks to -** | Curtis Mallet-Prevost Colt & Mosle LLP |
| | General Post Office |
| | P.O. Box 27930 |
| | New York, NY 10087-7930 |

Residential Capital, LLC
Inv. # 1578472

| | |
|---|---|
| Total Services | 318,678.50 |
| Total Expenses | 0.00 |
| **Total This Invoice** | **$318,678.50** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington PA 19034

May 17, 2013

Inv. # 1578513
Our Ref. 062108-000410
SJR

Attention:    Residential Capital, LLC

**Re:   Adversary Proceedings and Contested Matters**

---

| 02/01/13 | MG8 | Review filings relating to RMBS settlement, in connection with Curtis' role as Debtors' conflicts counsel in conversation with B. Kotliar regarding the same (.80) | 0.80 |
|---|---|---|---|
| 02/01/13 | BMK | Confer with M. Gallagher re: proofs of claims re: purchase dates of RMBS certificates by Investors seeking classification of their securities fraud claims with trust claims (.70) | 0.70 |

TOTAL HOURS                  1.50

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 0.80 | 625 | 500.00 |
| Bryan M. Kotliar | Associate | 0.70 | 305 | 213.50 |
| | | **1.50** | | **$713.50** |

**TOTAL SERVICES**                                    **$713.50**

**Summary of Expenses**

External Photocopy Services                28.20

**TOTAL EXPENSES**                                    **$28.20**

**TOTAL THIS INVOICE**                                    **$741.70**



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -** Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1578513

Total Services                    713.50

Total Expenses                    28.20

**Total This Invoice**            **$741.70**

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                May 17, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                         Inv. # 1578514
Fort Washington  PA 19034                               Our Ref. 062108-000430
                                                        SJR

Attention:    Residential Capital, LLC

**Re:    Automatic Stay/Adequate Protection Matters**

---

| Date | | Description | Hours |
|---|---|---|---|
| 02/06/13 | TF1 | Review update on omnibus hearing and resolution of JPMorgan relief stay motion as Curtis was involved as conflicts counsel (.10) | 0.10 |
| 02/06/13 | MG8 | Review status of JPMorgan motion to lift stay and confirm resolution with J. Newton, as JPMorgan is a potential conflict party (.20) | 0.20 |
| 02/07/13 | MG8 | Review stipulation and order resolving JPMorgan motion for relief from automatic stay in connection with Canterbury litigation in connection with Curtis' role as Debtors' conflicts counsel (.20) | 0.20 |
| 02/25/13 | MG8 | Review Wells Fargo motion for stay relief in connection with quiet title action in New York in connection with Curtis' role as Residential Capital's conflicts counsel and follow-up with Morrison & Foerster regarding the same (.50) | 0.50 |
| 02/26/13 | MG8 | Attend to correspondence with J. Newton of Morrision & Foerster regarding recent stay relief motion of Wells Fargo for potential contlicts purposes (.20) | 0.20 |
| | | TOTAL HOURS | 1.20 |

 

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Theresa A. Foudy | Partner | 0.10 | 730 | 73.00 |
| Maryann Gallagher | Counsel | 1.10 | 625 | 687.50 |
| | | **1.20** | | **$760.50** |

**TOTAL SERVICES**                                        **$760.50**

May 17, 2013
Inv # 1578514
Our Ref #  062108-000430

Page  2

**TOTAL THIS INVOICE**                                    **$760.50**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1578514

Total Services                              760.50

Total Expenses                               0.00

**Total This Invoice**                   **$760.50**

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

May 17, 2013

Inv. # 1578515
Our Ref. 062108-000500
SJR

Attention:    Residential Capital, LLC

Ro:    Pset  et n  Dd  ysi  l  dco  Svevor  ot  vl

---

| Date | | Description | Hours |
|------|--|-------------|-------|
| 02/06/13 | MG8 | Draft correspondence to plan mediator regarding subordination/classification issue raised by Investors' 3013 Motion (.40) | 0.40 |
| 02/08/13 | MG8 | Review and comment on research memorandum on classification issues prepared in connection with responding to Investors' motion pursuant to Rule 3013 seeking to classify investor claims with claims of RMBS Trusts (.60) | 0.60 |
| 02/27/13 | MG8 | Attend to brief review of responses to Debtors' motion to further extend exclusivity for conflicts purposes (.60) | 0.60 |
| 02/28/13 | MG8 | Prepare for and attend status conference on plan mediation and related matters in connection with Curtis' role as Debtors' conflicts counsel (1.50) | 1.50 |
| | | TOTAL HOURS | 3.10 |

Sdr  r  ecu  i  mSocf  ayol

| | Title | Hours | Rate | Amount |
|--|-------|-------|------|--------|
| Maryann Gallagher | Counsel | 3.10 | 625 | 1,937.50 |
| | | **2.10** | | **$1,327.50** |

**TOTAL SERVICES**                                    $1,327.50

**TOTAL THIS INVOICE**                            $1,327.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

Peur  ot vlt l vodyvei t l :

Wao Fdt nl vi  -    Bank:              Citibank
                    ABA Routing #:     021000089
                    F/B/O:             Curtis Mallet-Prevost Colt & Mosle LLP
                    Account#           40585074


Mea sChoykl vi  -   Curtis Mallet-Prevost Colt & Mosle LLP
                    General Post Office
                    P.O. Box 27930
                    New York, NY 10087-7930


                    Residential Capital, LLC
                    Inv. # 1578515


                    Total Services                 1,937.50

                    Total Expenses                     0.00
                                                   _____
                    Ti  vesThd  lt f i ayo           **$1,327.50**
                                                   _____


Imui d coqda o ndovhoc at m or evei t  oogecmat g pel vndo eyyi dt vl , psoel o yi t veyv
Chet net ao Di r e (Ayyi dt vl  Royoaf ebso Ci i cmat evi c) ev(919)823-6807.

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK 10178-0061**

Residential Capital, LLC                                             May 17, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                     Inv. # 1578516
Fort Washington  PA 19034                                          Our Ref. 062108-000700
                                                                   SJR

Attention:    Residential Capital, LLC

Re:   **Curtis Retention/Billing/Fee Applications**

---

| 02/04/13 | MG8 | Attend to issues relating to notice regarding Second Interim Fee Applications (.30) | 0.30 |
| 02/04/13 | AD | Per M. Gallagher's request, update November 2012 Monthly Fee Statement including revising charts and summary narratives in accordance with guidelines set by United States Trustee on cover letter for same (.30) | 0.30 |
| 02/05/13 | AD | Finalize November 2012 Monthly Fee Statement to reflect M. Gallagher's comments including revising charts and summary narratives in accordance with guidelines set by United States Trustee on cover letter for same (.50) | 0.50 |
| 02/05/13 | JZ | Review and revise draft of December 2012 Monthly Fee Statement including revising charts and summary narratives in cover letter for same in accordance with guidelines set by United States Trustee (.40) | 0.40 |
| 02/05/13 | JZ | Correspond with M. Gallagher and A. Dreiman regarding finalizing November 2012 Monthly Fee Statement, revisions to December 2012 Monthly Fee Statement, and preparation of Second Interim Fee Application in accordance with guidelines set by United States Trustee (.10) | 0.10 |
| 02/05/13 | JZ | Review and revise draft of Second Interim Fee Application including preparation of descriptive narratives contained in same, in accordance with guidelines set by United States Trustee (3.40) | 3.40 |
| 02/06/13 | JZ | Correspond with A. Dreiman regarding finalizing and serving November 2012 Monthly Fee Statement in accordance with United States Trustee guidelines (.10) | 0.10 |
| 02/06/13 | JZ | Review and revise November 2012 Monthly Fee Statement in accordance with the guidelines set by the United States Trustee, including review of charts and summary narrative on cover letter of same (.20) | 0.20 |
| 02/08/13 | JZ | Review and revise draft of Second Interim Fee Application pursuant to U.S. Trustee fee guidelines, | 0.20 |

May 17, 2013
Inv # 1578516
Our Ref #  062108-000700

Page  2

|            |    |                                                                                                                                                                 |      |
|------------|----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|            |    | including revisions to summary narratives contained in body of same (.20)                                                                                        |      |
| 02/11/13   | JZ | Review and revise draft of Second Interim Fee Application pursuant to U.S. Trustee guidelines including revisions to summary narrative descriptions (.90)         | 0.90 |
| 02/11/13   | JZ | Correspond with A. Dreiman regarding preparation of December 2012 Monthly Fee Statement and finalizing November 2012 Monthly Fee Statement (.20)                 | 0.20 |
| 02/14/13   | AD | Review and revise the December 2012 Monthly Fee Statement to reflect new United States Trustee Guidelines and as outlined in the Interim Compensation Order (.50) | 0.50 |
| 02/19/13   | JZ | Review and revise draft of December 2012 Monthly Fee Statement, including revisions to charts and narratives on cover letter in accordance with guidelines established by United States Trustee (.20) | 0.20 |
| 02/26/13   | JZ | Correspond with M. Gallagher and A. Dreiman regarding revisions to December 2012 Fee Statement in accordance with guidelines of U.S. Trustee (.10)               | 0.10 |

TOTAL HOURS      7.40

**Summary of Services**

| Name              | Title           | Hours | Rate | Amount     |
|-------------------|-----------------|-------|------|------------|
| Maryann Gallagher | Counsel         | 0.30  | 625  | 187.50     |
| James Zimmer      | Associate       | 5.80  | 345  | 2,001.00   |
| Alana Dreiman     | Legal Assistant | 1.30  | 230  | 299.00     |
|                   |                 | **7.40** |   | **$2,487.50** |

**TOTAL SERVICES**      $2,487.50

**TOTAL THIS INVOICE**      $2,487.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

| | |
|---|---|
| **Mail Checks to -** | Curtis Mallet-Prevost Colt & Mosle LLP |
| | General Post Office |
| | P.O. Box 27930 |
| | New York, NY 10087-7930 |

Residential Capital, LLC
Inv. # 1578516

| | |
|---|---|
| Total Services | 2,487.50 |
| Total Expenses | 0.00 |
| **Total This Invoice** | **$2,487.50** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                                       June 18, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                    Inv. # 1580059
Fort Washington  PA 19034                                     Our Ref. 062108-000100
                                                                                    SJR

Attention:    Residential Capital, LLC

**Re:    Case Administration**

---

| | | | |
|---|---|---|---|
| 03/01/13 | BMK | Draft summary of Committee's complaint against the Junior Secured Noteholders for S. Reisman, M. Gallagher and T. Foudy in connection with JSN lien dispute (2.70) | 2.70 |
| 03/01/13 | AD | Update internal case calendar to reflect hearing dates and deadlines as set by the Court, including adjourned hearing regarding AIG matters (.10) | 0.10 |
| 03/04/13 | TF1 | Review statements by JSNs and Ally regarding exclusivity extension in connection with Curtis' role as conflicts counsel, as certain holders of JSNs are potential conflict parties (.80) | 0.80 |
| 03/04/13 | MG8 | Attend to recent docket activity filed in ResCap Chapter 11 cases for potential conflicts purposes, including statement of Ad Hoc Committee of JSNs filed recently in response to the Committee's response to the Debtors CRO motion and request to extend exclusivity and Statement of Ally Financial Inc. and Ally Bank Regarding the Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and the Debtors' Motion for Appointment of a Chief Restructuring Officer, Examiner Motion regarding clawback requests, and notices and materials in connection with upcoming hearing on exclusivity and CRO motion and related follow-up (1.60) | 1.60 |
| 03/05/13 | SJR | Attend to review of issues and updates on matters in Residential Capital case regarding conflict matters being handled by Curtis Mallet and timeline of issues in connection with Examiner Report, extension of exclusivity and efforts to resolve any creditor issues (1.70) | 1.70 |
| 03/05/13 | TF1 | Review reports/emails concerning exclusivity hearing and confer with M. Gallagher regarding same (.30) | 0.30 |
| 03/05/13 | MG8 | Review order extending exclusive periods by 60 days and related follow-up (.20) | 0.20 |

June 18, 2013
Inv # 1580059
Our Ref #  062108-000100

Page  2

| | | | |
|---|---|---|---|
| 03/06/13 | MG8 | Review recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.60) | 0.60 |
| 03/07/13 | SJR | Review of MBIA Objection to RMBS Settlement Motion and issues being handled by Curtis as Conflicts Counsel (1.30) | 1.30 |
| 03/07/13 | BMK | Correspondence with C. Cu at KCC regarding service procedures required by the case management order (.50) | 0.50 |
| 03/07/13 | BMK | Coordinate production of timeline of recent case developments in order to remain current with respect to case issues where an actual or potential conflict exists (1.10) | 1.10 |
| 03/11/13 | MG8 | Review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.50) | 0.50 |
| 03/13/13 | MG8 | Review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, including responses filed in connection with Examiner's motion to modify uniform protective order, interim fee applications filed by various professionals, Syncora letter regarding objection to sale motion, and responses filed in connection with Debtors' motion seeking a determination that the FRB foreclosure review obligations are general unsecured claims and enforcement of such obligations is subject to the automatic stay (1.30) | 1.30 |
| 03/14/13 | MG8 | Review of daily docket activity in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |
| 03/18/13 | MG8 | Review docket activity for potential conflict matters in connection with Curtis' role as Debtors' conflicts counsel (.70) | 0.70 |
| 03/19/13 | MG8 | Review recent docket activity for potential conflict matters, including numerous stipulations regarding stay relief, papers regarding rejection and abandonment, the Debtors' reply and Committee's submission in connection with their motion pursuant to Rule 3013 regarding classification of FRB Foreclosure review claim (1.30) | 1.30 |
| 03/25/13 | GF | Review Fifth Omnibus Scheduling Order, draft and send correspondence re: internal case calendar relating to RMBS Trust Settlement at request of B. Kotliar (.70) | 0.70 |
| 03/26/13 | MG8 | Review recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.60) | 0.60 |

June 18, 2013
Inv # 1580059
Our Ref #  062108-000100

Page  3

TOTAL HOURS                    16.80

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 3.00 | 830 | 2,490.00 |
| Theresa A. Foudy | Partner | 1.10 | 730 | 803.00 |
| Maryann Gallagher | Counsel | 7.60 | 625 | 4,750.00 |
| Bryan M. Kotliar | Associate | 4.30 | 305 | 1,311.50 |
| Georgia Faust | Legal Assistant | 0.70 | 235 | 164.50 |
| Alana Dreiman | Legal Assistant | 0.10 | 230 | 23.00 |
| | | **16.80** | | **$9,542.00** |

**TOTAL SERVICES**                                $9,542.00

**TOTAL THIS INVOICE**                          $9,542.00



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**      Bank:                  Citibank
                         ABA Routing #:          021000089
                         F/B/O:                 Curtis Mallet-Prevost Colt & Mosle LLP
                         Account#               40585074

**Mail Checks to -**     Curtis Mallet-Prevost Colt & Mosle LLP
                         General Post Office
                         P.O. Box 27930
                         New York, NY 10087-7930

                         Residential Capital, LLC
                         Inv. # 1580059

                         Total Services                 9,542.00

                         Total Expenses                     0.00

                         Applied Credit                     0.00

                         **Total This Invoice**        **$9,542.00**

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

June 18, 2013

Inv. # 1580058
Our Ref. 062108-000210
SJR

Attention:    Residential Capital, LLC

**Re:   Asset Analysis, Sales and Recoveries**

---

| 03/04/13 MG8 | Review Committee's joinder to Debtors' reply to objection of Ambac to proposed assumption of executory contracts pursuant to sale to Ocwen for potential conflicts purposes (.10) | 0.10 |
|---|---|---|
| | TOTAL HOURS | 0.10 |

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 0.10 | 625 | 62.50 |
| | | **0.10** | | **$62.50** |

**TOTAL SERVICES**                                    $62.50

**TOTAL THIS INVOICE**                              $62.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**     Bank:                      Citibank
                        ABA Routing #:             021000089
                        F/B/O:                     Curtis Mallet-Prevost Colt & Mosle LLP
                        Account#                   40585074


**Mail Checks to -**    Curtis Mallet-Prevost Colt & Mosle LLP
                        General Post Office
                        P.O. Box 27930
                        New York, NY 10087-7930


                        Residential Capital, LLC
                        Inv. # 1580058


                        Total Services                        62.50

                        Total Expenses                         0.00

                        Applied Credit                         0.00

                        **Total This Invoice**              **$62.50**


**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                                   June 18, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                                      Inv. # 1580057
Fort Washington  PA 19034                                            Our Ref. 062108-000320
                                                                                    SJR

Attention:     Residential Capital, LLC

Re:   **Claims Administration and Objections**

---

| | | | |
|---|---|---|---|
| 03/03/13 | MG8 | Review of latest draft of claims procedure motion and follow up with J. Wishnew of Morrison & Foerster regarding same, as claims objections will involve conflict parties (.50) | 0.50 |
| 03/12/13 | MG8 | Review summaries of proofs of claims filed by Prudential and Allstate in connection with Curtis' role as Debtors' conflicts counsel (.40) | 0.40 |
| 03/25/13 | MG8 | Attend to matters relating to preparing for claims objections for claims asserted by conflict parties (.50) | 0.50 |
| 03/25/13 | MG8 | Follow-up with B. Kotliar relating to updating materials in connection with objectiond to claims asserted by conflicts parties (.20) | 0.20 |
| 03/25/13 | BMK | Review proofs of claim filed by actual and potential conflict parties, including Prudential and Allstate, received from KCC to coordinate with Debtors counsel re: objecting to claims by conflict parties (.70) | 0.70 |
| 03/25/13 | BMK | Confer with M. Gallagher re: updating claims spreadsheet to prepare for submission to Debtors' counsel to prepare for objecting to claims by conflict parties that Curtis has been adverse to in the Chapter 11 case (.20) | 0.20 |
| 03/26/13 | MG8 | Correspond with J. Wishnew of Morrison & Foerster regarding upcoming claims objections to claims filed by certain conflict parties (.20) | 0.20 |

|  | TOTAL HOURS | 2.70 |
|---|---|---|

June 18, 2013
Inv # 1580057
Our Ref #  062108-000320

Page  2

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Maryann Gallagher | Counsel | 1.80 | 625 | 1,125.00 |
| Bryan M. Kotliar | Associate | 0.90 | 305 | 274.50 |
| | | **2.70** | | **$1,399.50** |

**TOTAL SERVICES**                                      $1,399.50

**TOTAL THIS INVOICE**                              $1,399.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1580057

| | |
|---|---|
| Total Services | 1,399.50 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$1,399.50** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

June 18, 2013

Inv. # 1580053
Our Ref. 062108-000400
SJR

Attention:    Residential Capital, LLC

**Re:   General Litigation Matters**

---

| | | | |
|---|---|---|---|
| 03/01/13 | TF1 | Review M. Gallagher update on Residential Capital hearing in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants and discuss same with her (.40) | 0.40 |
| 03/01/13 | TF1 | Conference call with J. Haims to discuss strategy for meet and confer call with Quinn in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/01/13 | TF1 | Meet and confer call with Quinn in connection with subordination adversary proceeding and follow-up discussions with Morrison & Foerster regarding same (1.30) | 1.30 |
| 03/01/13 | TF1 | Review Steering Committee reply brief in support of Rule 9019 motion for RMBS Trusts and Debtors' non-Iridium factors reply brief (1.20) | 1.20 |
| 03/01/13 | MG8 | Attend RMBS Trust settlement status conference for conflicts purposes (1.10) | 1.10 |
| 03/01/13 | BMK | Follow up to call with Investors' counsel and Mofo re: status letter to chambers re: cross motions for summary judgment and disputed facts in connection with subordination adversary proceeding and potential arguments against disputed factual questions (.50) | 0.50 |
| 03/01/13 | BMK | Attend call with Quinn, counsel for the Investors, on the status of letter to chambers re: cross motions for summary judgment and disputed facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/01/13 | DAB | Correspond with B. Kotliar and D. Mize regarding next steps with respect to joint status letter requested by the court in connection with subordination adversary proceeding, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page 2

| | | | |
|---|---|---|---|
| 03/01/13 | DAB | Prepare for call with Quinn regarding joint status letter in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/01/13 | DAB | Call with Quinn regarding joint status letter in connection with subordination adversary pleading and followup with T. Foudy, M. Gallagher and B. Kotliar regarding same (1.00) | 1.00 |
| 03/01/13 | JDM | Participate in call with Securities Investors' counsel regarding draft stipulated facts and joint status letter to Judge Glenn in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.60) | 1.60 |
| 03/02/13 | SJR | Attend to issues regarding subordination adversary proceeding being addressed by Curtis as Conflicts Counsel in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/02/13 | MG8 | Correspondence with T. Foudy regarding issues with language proposed by Quinn/Investors in connection with consolidation question raised by the Court in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/02/13 | DAB | Extensive research regarding consolidation of contested matters with adversary proceedings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' Rule 3013 Motion (3.50) | 3.50 |
| 03/03/13 | SJR | Review issues regarding subordination adversary proceeding and status and strategy going forward including correspondence and internal e-mails and memoranda regarding strategy on subordination of Investors' securities claims including claims of AIG and other conflict parties (1.80) | 1.80 |
| 03/03/13 | MG8 | Review correspondence from D. Bloom summarizing conference call with Quinn on March 1 and strategy for letter required by court regarding consolidation of the Investors' classification motion with the adversary complaint seeking subordination and follow-up regarding the same (.30) | 0.30 |
| 03/03/13 | BMK | Research proceedings in other Southern District bankruptcy court cases for pleadings seeking consolidation of contested matters with adversary proceedings in connection with subordination adversary proceeding (1.40) | 1.40 |
| 03/03/13 | BMK | Research Bankruptcy Rules 7042 and 9014 for consolidating multiple proceedings in bankruptcy in connection with subordination adversary proceeding in | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  3

|  |  |  |  |
|---|---|---|---|
|  |  | which conflict parties including AIG, Allstate and Prudential are defendants (1.20) |  |
| 03/03/13 | BMK | Assist D. Bloom in drafting proposed consolidation language for joint status letter submission to Court in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/03/13 | BMK | Multiple conferences with D. Bloom re: procedural issues such as status of research and other open questions on consolidation in connection with subordination adversary proceeding (.80) | 0.80 |
| 03/03/13 | DAB | Extensive further research regarding consolidation of contested matters with adversary proceedings in connection with potential consolidation of Investors' Rule 3013 Motion with Debtors' subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.00) | 3.00 |
| 03/03/13 | DAB | Draft memorandum regarding consolidation of contested matters with adversary proceedings in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding (1.00) | 1.00 |
| 03/03/13 | DAB | Analyze language proposed by Quinn with respect to consolidation for inclusion in draft letter in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding (.30) | 0.30 |
| 03/03/13 | DAB | Communication with B. Kotliar regarding consolidation research in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding (.80) | 0.80 |
| 03/04/13 | SJR | Attend to matters regarding consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and follow up regarding various issues related to same (.60) | 0.60 |
| 03/04/13 | SJR | Review draft Joint Status Report for Court to be provided by parties in connection with consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/04/13 | TF1 | Review/analyze proposed language from Quinn concerning consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/04/13 | TF1 | Review D. Bloom email summarizing research results concerning consolidation of Investors' Rule 3013 Motion and subordination adversary proceeding (.30) | 0.30 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  4

| 03/04/13 | TF1 | Conference call with Morrison & Foerster regarding consolidation of Rule 3013 Motion and subordination adversary proceeding (.40) | 0.40 |
|----------|-----|---|------|
| 03/04/13 | TF1 | Review discovery proposed by securities claimants in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/04/13 | TF1 | Participate in "meet and confer" call in regards to consolidation of Investors' Rule 3013 Motion and subordination adversary proceeding (.50) | 0.50 |
| 03/04/13 | TF1 | Edit draft joint status report to court and draft email forwarding same to subordination adversary proceeding defendants (1.50) | 1.50 |
| 03/04/13 | TF1 | Review Debtors' Iridium brief in reply to objection in connection with Curtis' role as conflicts counsel, as certain holders of JSNs are potential conflict parties (1.20) | 1.20 |
| 03/04/13 | TF1 | Review revised proposal from Quinn regarding discovery in connection with subordination adversary proceeding and conference call with Morrison & Foerster on same (.80) | 0.80 |
| 03/04/13 | MG8 | Attend to matters relating to completion of joint status report regarding consolidation of Debtors' adversary proceeding seeking subordination of Investors' Securities claims with Investors' Rule 3013 Motion, including review and comment to draft report, review of draft document requests prepared by Investors, preparation for service and filing of joint status report, and numerous communications with T. Foudy, D. Bloom and B. Kotliar regarding the same (.90) | 0.90 |
| 03/04/13 | MG8 | Participation in call with counsel to Investors to satisfy meet and confer requirements (.50) | 0.50 |
| 03/04/13 | BMK | Assist drafting letter to court re: cross motions for summary judgment in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding (3.50) | 3.50 |
| 03/04/13 | BMK | Research parties to be given notice of summary judgment status letter based on responses and joinders to the Investors Rule 3013 Motion in connection with potential consolidation of Rule 3013 Motion with Debtors' subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.90) | 0.90 |
| 03/04/13 | BMK | Attend call with counsel for the Investors/Defendants in subordination adversary proceeding re: letter to court re: cross motions for summary judgment and follow up | 0.50 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  5

with T. Foudy, M. Gallagher, and D. Bloom in
connection with subordination adversary proceeding
(.50)

| | | | |
|---|---|---|---|
| 03/04/13 | BMK | Draft email explaining documents relied upon for subordination arguments to respond to evidentiary questions from Investors/Defendants in connection with subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.60) | 0.60 |
| 03/04/13 | DAB | Analyze informal discovery requests from Quinn in connection with subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.30) | 0.30 |
| 03/04/13 | DAB | Correspond with T. Foudy, M. Gallagher and B. Kotliar regarding transmittal of letter to chambers in connection with subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.20) | 0.20 |
| 03/04/13 | DAB | Conference call with Morrison & Foerster regarding joint status letter and followup regarding same in connection with subordination adversary proceeding against Investors' with securities claims, including conflict parties such as AIG (.40) | 0.40 |
| 03/04/13 | DAB | Review correspondence with Morrison & Foerster regarding joint status letter in connection with subordination adversary proceeding (.10) | 0.10 |
| 03/04/13 | DAB | Review M. Gallagher comments to joint status letter and revise same accordingly in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/04/13 | DAB | Review Quinn email and analyze underlying pleadings regarding exclusive reliance on PSAs for "affiliate" argument pursuant to section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.00) | 1.00 |
| 03/04/13 | DAB | Communication with B. Kotliar with respect to recipients and co-signers of the joint status letter and attention to same in connection with subordination adversary proceeding (1.00) | 1.00 |
| 03/04/13 | DAB | Substantial revision of draft joint status letter to incorporate updated information based on Quinn call and consolidation research in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.20) | 2.20 |
| 03/04/13 | JDM | Review draft letter to Judge Glenn regarding parameters of discovery in connection with | 1.80 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  6

|  |  | subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) |  |
|---|---|---|---|
| 03/04/13 | JDM | Review and revise drafts of summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding (2.70) | 2.70 |
| 03/04/13 | JDM | Attention to meet and confer to discuss parameters of discovery in connection with subordination adversary proceeding (.80) | 0.80 |
| 03/05/13 | SJR | Attend to issues regarding Joint Status Report in connection with securities claims subordination litigation and review final draft of same for sign-off (1.80) | 1.80 |
| 03/05/13 | TF1 | Follow-up with Quinn/Zuckerman/Morrison & Foerster on comments to Joint Status Report regarding securities claim subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants, negotiations surrounding discovery issues, and finalizing draft and distributing to other parties in interest (3.10) | 3.10 |
| 03/05/13 | TF1 | Follow-up on waiver of service by Quinn in connection with subordination adversary proceeding and edit written waiver in light of same (.50) | 0.50 |
| 03/05/13 | MG8 | Attend to review of draft waiver of service of summons for defendants to subordination adversary proceeding represented by Quinn Emanuel and related correspondence with T. Foudy, D. Bloom, B. Kotliar and S. Shelley regarding the same (.50) | 0.50 |
| 03/05/13 | MG8 | Attend to matters related to revising and updating draft of Joint Status Report to Court on consolidation and cross motions for summary judgment with respect to adversary proceeding on subordination in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' 3013 Motion and arranging for re-circulation and filing of the same, including numerous communications with T. Foudy, D. Bloom and B. Kotliar regarding the same (1.80) | 1.80 |
| 03/05/13 | BMK | Multiple conferences with M. Gallagher and D. Bloom re: status of summary judgment status letter to court and additional steps to be taken in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/05/13 | BMK | Correspondences with C. Cu from KCC re: filing and service of letters in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/05/13 | BMK | Assist drafting of email to parties participating in | 0.60 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  7

|  |  |  |  |
|---|---|---|---|
|  |  | summary judgment Joint Status Report letter to court in connection with subordination adversary proceeding (.60) |  |
| 03/05/13 | BMK | Correspondences with M. Gallagher re: service and filing issues for subordination summary judgment Joint Status Report in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/05/13 | DAB | Revise draft Quinn waiver in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and email same to T. Foudy (.50) | 0.50 |
| 03/05/13 | DAB | Analyze CRO and exclusivity motions' impact on subordination adversary proceeding (.20) | 0.20 |
| 03/05/13 | DAB | Revise draft cover email to recipients of Joint Status Report letter in connection with subordination adversary proceeding and communication with B. Kotliar regarding same (.80) | 0.80 |
| 03/05/13 | DAB | Correspond with B. Kotliar regarding CRO and exclusivity hearings and review summary of same in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/05/13 | JDM | Review and revise draft of summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.50) | 1.50 |
| 03/06/13 | SJR | Additional review of draft Joint Status Report letter regarding subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and comments by parties to same and attention to legal research and procedural issues in connection with subordination of securities Investors' claims (2.30) | 2.30 |
| 03/06/13 | TF1 | Review comments to Joint Status Report regarding subordination litigation in which conflict parties including AIG, Allstate and Prudential are defendants and multiple conferences with M. Gallagher to coordinate incorporation of comments/finalization and sign-off and filing and service of report (1.20) | 1.20 |
| 03/06/13 | MG8 | Correspondence with S. Shelley of Quinn regarding signatories to Joint Status Report in connection with subordination adversary proceeding and any outstanding issues with respect to same (.40) | 0.40 |
| 03/06/13 | MG8 | Final review and revisions to Joint Status Report in connection with subordination adversary proceeding in order to prepare for filing and service, and related follow-up with T. Foudy, D. Bloom, and B. Kotliar | 0.70 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  8

|  |  |  |  |
|---|---|---|---|
|  |  | regarding the same (.70) |  |
| 03/06/13 | MG8 | Telephone conference w/ L. Neish at Zuckerman Spaeder, counsel to NCUAB, to review all recent changes to Joint Status Report in connection with subordination adversary proceeding and sign-off on latest draft circulated to Investors (.30) | 0.30 |
| 03/06/13 | MG8 | Correspondence with KCC regarding service questions with respect to the Joint Status Report letter filed in the adversary proceeding and main case regarding the consolidation of the adversary proceeding and the Investors' Rule 3013 Motion (.20) | 0.20 |
| 03/06/13 | MG8 | Telephone conference w/ L. Neish of Zuckerman Spaeder regarding final review and sign-off on joint status report and follow-up correspondence to her regarding the same (.40) | 0.40 |
| 03/06/13 | MG8 | Incorporate comments of S. Shelley of Quinn into latest draft of Joint Status Report in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and consult with J. Haims and K. Sadeghi of Morrison & Foerster regarding same (.70) | 0.70 |
| 03/06/13 | MG8 | Multiple telephone conferences w/ S. Shelley regarding additional comments from the Investors to the Joint Status Report regarding the consolidation of the adversary proceeding and Investors' Rule 3013 Motion (.50) | 0.50 |
| 03/06/13 | MG8 | Further correspondence with L. Neish regarding sign-off on Joint Status Report regarding consolidation of subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Rule 3013 Motion (.20) | 0.20 |
| 03/06/13 | MG8 | Correspondence with T. Foudy regarding final sign-off, filing and service of Joint Status Report regarding consolidation of subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Rule 3013 Motion and related follow-up with D. Bloom and B. Kotliar regarding same (.50) | 0.50 |
| 03/06/13 | MG8 | Review and coordinate with K. Sadeghi of MoFo regarding incorporating comments of M. Etkin of Lowenstein to the draft Joint Status Report regarding consolidation of subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Rule 3013 Motion circulated by the Debtors and Investors, as requested by the Court (1.20) | 1.20 |
| 03/06/13 | MG8 | Numerous conferences w/ K. Sadeghi regarding comments to and sign-off on Joint Status Report | 0.30 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  9

|            |     |                                                                                                                                                                                       |      |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|            |     | regarding consolidation of adversary proceeding and Rule 3013 motion (.30)                                                                                                             |      |
| 03/06/13   | MG8 | Attend to addressing comments from counsel to US Bank to the draft Joint Status Report on consolidation of subordination adversary proceeding and Rule 3013 motion and related follow-up with T. Foudy and K. Sadeghi (.60) | 0.60 |
| 03/06/13   | MG8 | Draft language to insert into Joint Status Report in connection with subordination adversary proceeding to address issues of reliance on additional documents and follow-up with K. Sadeghi and J. Haims of Morrison & Foerster regarding the same (.80) | 0.80 |
| 03/06/13   | MG8 | Confer with T. Foudy regarding outstanding issues and sign-off on Joint Status Report regarding consolidation of subordination adversary proceeding and Rule 3013 motion (.30) | 0.30 |
| 03/06/13   | GF  | Correspond with and assist D. Bloom with revisions to March 6th Joint Status Letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/06/13   | GF  | Attend to preparations and filing of March 6th Joint Status Letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants on main and adversary dockets (2.40) | 2.40 |
| 03/06/13   | GF  | Assist B. Kotliar with preparation for filing of March 6th Joint Status Report letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants in main and adversary cases (.90) | 0.90 |
| 03/06/13   | BMK | Correspondences with C. Cu at KCC regarding service of Joint Status Report letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants filed on both dockets (.30) | 0.30 |
| 03/06/13   | BMK | Supervise G. Faust in connection with filing of Joint Status Report letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants on main and adversary proceeding dockets (.80) | 0.80 |
| 03/06/13   | BMK | Numerous correspondences throughout the day with M. Gallagher and D. Bloom re: status of Joint Status letter in connection with consolidation of Rule 3013 motion | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  10

| | | | |
|---|---|---|---|
| | | and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, and submission and filing procedures (1.20) | |
| 03/06/13 | BMK | Draft various emails to be sent to interested parties in connection with the filing and submitting the Joint Status Report letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/06/13 | DAB | Correspond with M. Gallagher regarding filing and service issues in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/06/13 | DAB | Coordinate drafting of cover letters and service issues with respect to joint status letter in connection with consolidation of Rule 3013 motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants with B. Kotliar (1.20) | 1.20 |
| 03/06/13 | DAB | Correspond with G. Faust regarding signature page of draft Joint Status Report letter in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/06/13 | DAB | Correspondence with B. Kotliar and KCC to verify email and paper service of Joint Status Report letter in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/06/13 | DAB | Review NCUAB comments to draft Joint Status Report letter and draft email to T. Foudy, B. Kotliar and M. Gallagher regarding incorporation of same into letter in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/06/13 | DAB | Review further emails from B. Kotliar and M. Gallagher regarding filing and service issues in connection with subordination adversary proceeding (.10) | 0.10 |
| 03/06/13 | DAB | Finalize draft Joint Status Report letter regarding consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants for filing with incorporated comments from joinder parties and defendants (.80) | 0.80 |
| 03/06/13 | JDM | Review summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding (2.20) | 2.20 |
| 03/07/13 | TF1 | Correspond with M. Gallagher on claims investigation ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮n connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are | 0.40 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  11

| | | | |
|---|---|---|---|
| | | defendants (.40) | |
| 03/07/13 | TF1 | Confer with Morrison & Foerster on claims investigation of standing of securities claimants (.30) | 0.30 |
| 03/07/13 | TF1 | Review MBIA objection to RMBS settlement motion in connection with Curtis' role as conflicts counsel (1.10) | 1.10 |
| 03/07/13 | TF1 | Continue to review information on parties against whom securities claimants have asserted claims in terms of issuer/affiliate analysis in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/07/13 | TF1 | Review Lowenstein letter to court regarding Joint Status Report and confer with Morrison & Foerster on same in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/07/13 | MG8 | Review and revise letter to Court transmitting joint status report letter regarding Investors' Rule 3013 Motion and related subordination adversary proceeding (.20) | 0.20 |
| 03/07/13 | MG8 | Review recent Second Circuit decision reversing motion to dismiss NJ Carpenters' complaint against certain parties to securitizations in connection with Curtis' role as conflicts counsel in connection with the Investors' Rule 3013 Motion and related subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/07/13 | MG8 | Review status letter submitted by M. Etkin of Lowenstein, counsel to the Joining Parties to the Investors' Rule 3013 Motion, and related follow-up with T. Foudy and D. Bloom re: same (.30) | 0.30 |
| 03/07/13 | GF | Prepare and submit for hand delivery chambers copy of Joint Status Report regarding consolidation of Rule 3013 motion and subordination adversary proceeding (.40) | 0.40 |
| 03/07/13 | GF | Draft email correspondence to counsel submitting chambers letter and filed Joint Status Report regarding consolidation of Rule 3013 motion and subordination adversary proceeding (.50) | 0.50 |
| 03/07/13 | GF | Draft letter to chambers re: filing of Joint Status Report regarding consolidation of Rule 3013 Motion and subordination adversary proceeding (.60) | 0.60 |
| 03/07/13 | BMK | Correspondence with D. Bloom re: procedural issues regarding service of Joint Status Report letter regarding consolidation of Rule 3013 Motion and subordination adversary proceeding (.20) | 0.20 |
| 03/07/13 | BMK | Coordinate delivery of courtesy hard copies to | 0.60 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  12

|  |  |  |  |
|---|---|---|---|
| | | chambers of recently filed and submitted Joint Status Report letter regarding consolidation of Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | |
| 03/07/13 | DAB | Correspond with B. Kotliar regarding service issues and chambers copy of status letter regarding consolidation of Rule 3013 Motion and subordination adversary proceeding (.10) | 0.10 |
| 03/07/13 | DAB | Correspond with T. Foudy and M. Gallagher regarding status of Quinn waiver of service in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/07/13 | DAB | Review and analyze letter filed by joinder parties to Rule 3013 Motion represented by Lowenstein Sandler in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/08/13 | SJR | Review draft waivers of service of Summons and Complaint in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/08/13 | TF1 | Follow-up on finalization and filing of waiver of service of complaint against parties represented by Quinn in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/08/13 | TF1 | Meet with D. Mize regarding drafting discovery requests regarding standing against conflict party in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/08/13 | TF1 | Exchange voicemails with J. Haims on status of issues related to subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.10) | 0.10 |
| 03/08/13 | MG8 | Correspondence with T. Foudy, D. Bloom and MoFo regarding finalization and filing of waivers of service for summons and complaint in adversary proceeding seeking subordination of Investors' securities claims (.50) | 0.50 |
| 03/08/13 | GF | Assist B. Kotliar with preparation and filing of Waiver of the Service of Summons by Defendants AIG, Allstate, Mass Mutual, and Prudential in the subordination adversary proceeding (1.30) | 1.30 |
| 03/08/13 | BMK | Coordinate service of Quinn's and Zuckerman's (NCUAB) waivers of service of the summons, filed on adversary docket 13-01262, in accordance with case management order in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/08/13 | BMK | Supervise filing of Quinn's waiver of service of the | 0.50 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  13

|  |  |  |  |
|---|---|---|---|
|  |  | summons in connection with subordination adversary proceeding (.50) |  |
| 03/08/13 | BMK | Multiple correspondences with Curtis Team re: waiver of service of summons from Quinn on behalf of certain Investor defendants in adversary proceeding seeking subordination (.80) | 0.80 |
| 03/08/13 | DAB | Revise Quinn waiver of service and attend to filing and service of same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/08/13 | JDM | Draft document requests concerning ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.00) | 2.00 |
| 03/08/13 | JDM | Confer with T. Foudy regarding assignment to research ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ and to draft document requests regarding same in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/10/13 | JDM | Review and revise draft of summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding (2.20) | 2.20 |
| 03/10/13 | JDM | Research regarding ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.50 |
| 03/11/13 | SJR | Attend to issues regarding ▮▮▮▮▮▮▮▮ in connection with representation of ResCap in pursuing subordination of securities claims brought by conflict parties including AIG and other Securities Investors (2.30) | 2.30 |
| 03/11/13 | TF1 | Review ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ issue in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/11/13 | BMK | Correspondence with D. Bloom re: status of subordination adversary proceeding re: service and summary judgment (.30) | 0.30 |
| 03/11/13 | BMK | Call with Bankruptcy Court clerk's office re: subordination adversary proceeding 13-01262 re: issuance of summons, service of defendants, answer deadlines, and updating internal case calendar (.30) | 0.30 |
| 03/11/13 | JDM | Extensive further research regarding ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ | 3.60 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  14

███████████████████████████████in connection with
subordination adversary proceeding (3.60)

| Date | Init | Description | Hours |
|------|------|-------------|-------|
| 03/12/13 | SJR | Attend to response regarding Investors' Rule 3013 Motion related to matter raised by Wilmington Trust (.40) | 0.40 |
| 03/12/13 | SJR | Review and revise draft of Summary Judgment papers in connection with subordination of Investor securities claims including those of AIG and other parties (2.70) | 2.70 |
| 03/12/13 | TF1 | Review Wilmington Trust response regarding Rule 3013 Motion (.10) | 0.10 |
| 03/12/13 | TF1 | Conference calls with Morrison & Foerster concerning subordination dispute (.30) | 0.30 |
| 03/12/13 | TF1 | Emails with D. Mize on status of ███████████████in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/12/13 | TF1 | Follow-up on analysis of entities with respect to subordination dispute (.40) | 0.40 |
| 03/12/13 | MG8 | Review and comment on latest drafts of summary judgment papers for adversary proceeding seeking subordination of Investors' securities claims (1.20) | 1.20 |
| 03/12/13 | MG8 | Draft email correspondence to T. Foudy regarding issues relating to summary judgment motion/request in connection with adversary proceeding seeking subordination of Investors' securities claims in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/12/13 | BMK | Review proofs of claim filed by Allstate and Prudential entities alleging claims against ResCap LLC and GMAC-RFC Holding Company, LLC for basis of such claims in connection with subordination adversary proceeding (1.80) | 1.80 |
| 03/12/13 | BMK | Draft email re: basis of claims filed by Allstate and Prudential entities against ResCap LLC and GMAC-RFC Holding Company, LLC in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/12/13 | DAB | Review B. Kotliar summary of claims filed by certain investor parties in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/12/13 | JDM | Review and revise draft of summary judgment notice, motion and memorandum of law in connection with subordination adversary proceeding (1.80) | 1.80 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  15

| | | | |
|---|---|---|---|
| 03/12/13 | JDM | Draft, review and revise memorandum regarding ███ ████████████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.50) | 4.50 |
| 03/13/13 | SJR | Correspond with D. Bloom and T. Foudy regarding comments to Summary Judgment papers (.20) | 0.20 |
| 03/13/13 | SJR | Attend to review of and comments on Summary Judgment papers (.80) | 0.80 |
| 03/13/13 | TF1 | Participate in call with Morrison & Foerster and Morrison Cohen regarding responses to examiner submissions of SUNs and Committee (.50) | 0.50 |
| 03/13/13 | TF1 | Review and take notes on SUNs' submission and Debtors' prior response to SUNs in preparation for drafting of response to same (1.80) | 1.80 |
| 03/13/13 | TF1 | Exchange emails with A. Barrage following up on response to SUNs' Examiner submission (.20) | 0.20 |
| 03/13/13 | TF1 | Calls with chambers regarding scheduling of telephonic conference with Judge and follow-up emails on same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/13/13 | TF1 | Follow-up on format/procedure with respect to subordination summary judgment papers (.50) | 0.50 |
| 03/13/13 | MG8 | Attend to matters relating to Court's request for a telephonic status conference regarding the potential consolidation of the Debtors' adversary proceeding seeking subordination of Investors' securities claims and the Investors' Rule 3013 motion, including follow-up correspondence with T. Foudy and D. Bloom regarding notice (.60) | 0.60 |
| 03/13/13 | MG8 | Review submissions to Examiner recently made by Committee and Wilmington Trust in preparation for call with Morrison & Foerster to discuss drafting of responses to same (2.80) | 2.80 |
| 03/13/13 | MG8 | Conference call with A. Barrage regarding responses to submissions to the Examiner recently made by the Committee and Wilmington Trust (.80) | 0.80 |
| 03/13/13 | MG8 | Review and revise draft notice of telephonic status conference for Rule 3013 motion and adversary proceeding seeking subordination (.30) | 0.30 |
| 03/13/13 | DAB | Review and update subordination summary judgment papers per conversation with D. Mize and circulate same (.80) | 0.80 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  16

| | | | |
|---|---|---|---|
| 03/13/13 | DAB | Correspond with S. Reisman and T. Foudy regarding revision to format of subordination summary judgment papers (.20) | 0.20 |
| 03/13/13 | DAB | Review draft memorandum by D. Mize regarding ███ ████████ and potential discovery requests in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/13/13 | JDM | Research regarding ██████████████ ███████ in connection with subordination adversary proceeding (2.20) | 2.20 |
| 03/13/13 | JDM | Review and edit summary judgment memorandum of law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.10) | 2.10 |
| 03/14/13 | TF1 | Review and take notes on Committee's Examiner submission concerning third-party releases (.90) | 0.90 |
| 03/14/13 | TF1 | Call with Chambers to arrange conference call and follow-up on arrangements/notifications and drafting/editing of Notice of conference in connection with subordination adversary proceeding (1.50) | 1.50 |
| 03/14/13 | TF1 | Review materials and prepare notes for conference call with court on subordination adversary proceeding (1.30) | 1.30 |
| 03/14/13 | TF1 | Pre-call with Morrison & Foerster to prepare for court conference in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/14/13 | TF1 | Follow-up with M. Gallagher and D. Bloom on needed materials needed to prepare for court conference in connection with subordination adversary poroceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/14/13 | MG8 | Confer with T. Foudy and D. Bloom to discuss preparation of materials for telephonic status conference with Court regarding consolidation of subordination adversary proceeding with Investors' Rule 3013 Motion (.20) | 0.20 |
| 03/14/13 | MG8 | Attend to numerous communications with counsel to various parties about telephonic status conference and coordinate with T. Foudy, D. Bloom and B. Kotliar regarding matters relating to telephonic status conference with Court regarding consolidation of subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' Rule 3013 motion (1.20) | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  17

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 03/14/13 | MG8 | Review and revise draft notice of telephonic status conference on subordination matters related to Investors' securities claims and coordinate with T. Foudy and D. Bloom regarding filing of the same in adversary proceeding and main case (.80) | 0.80 |
| 03/14/13 | MG8 | Participate in call with T. Foudy and Morrison & Foerster in preparation for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 motion (.60) | 0.60 |
| 03/14/13 | DAB | Confer with T. Foudy and M. Gallagher regarding courtcall setup for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination of securities Investor claims, in which conflict parties including AIG, Allstate and Prudential are defendants, and Investors' Rule 3013 Motion and Notice regarding same (.30) | 0.30 |
| 03/14/13 | DAB | Coordinate notice parties for service of Courtcall Notice for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 Motion (.20) | 0.20 |
| 03/14/13 | DAB | Confer with A. Dreiman and Courtcall to confirm hearing setup for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 Motion (.20) | 0.20 |
| 03/14/13 | DAB | Review and edit courtesy email regarding service of Notice for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' Rule 3013 Motion (.10) | 0.10 |
| 03/14/13 | DAB | Correspond with K. McGrath regarding technical issue with Notice exhibit for telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 Motion (.10) | 0.10 |
| 03/14/13 | DAB | Correspond with KCC regarding service issues in connection with telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and Investors' Rule 3013 Motion (.20) | 0.20 |
| 03/14/13 | DAB | Review and revise draft Notice regarding Courtcall in connection with telephonic status conference scheduled for March 15 with respect to consolidation of adversary proceeding seeking subordination and | 0.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  18

|          |      | Investors' Rule 3013 motion per T. Foudy and M. Gallagher comments (.20) |      |
|----------|------|-------------------------------------------------------------------------|------|
| 03/14/13 | DAB  | Draft timeline of key events related to Investors' Rule 3013 Motion and subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.00) | 1.00 |
| 03/14/13 | JDM  | Research regarding ███████████████ ████████████ in connection with subordination adversary proceeding (3.50) | 3.50 |
| 03/14/13 | AD   | Per M. Gallagher's request, notify parties and provide as-filed versions of the Notice of Telephonic Conference in Connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims (.50) | 0.50 |
| 03/14/13 | AD   | Per M. Gallagher's request, arrange for a telephonic conference in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims in which conflict parties including AIG, Allstate and Prudential are defendants for S. Reisman, T. Foudy and M. Gallagher (.80) | 0.80 |
| 03/14/13 | AD   | Circulate information re: telephonic conference in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims to S. Reisman, T. Foudy and M. Gallagher (.20) | 0.20 |
| 03/14/13 | AD   | Per D. Bloom's request, retrieve and assemble court and internal documents for S. Reisman, T. Foudy, M. Gallagher, D. Bloom and B. Kotliar for the telephonic conference with Judge Glenn on March 15th at 9:30 a.m. related to subordination dispute (.80) | 0.80 |
| 03/14/13 | AD   | File the Notice of Telephonic Conference in Connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims in the Chapter 11 cases and the Adversary Proceeding (.60) | 0.60 |
| 03/15/13 | SJR  | Attend to issues regarding subordination of Investors' securities claims and additional submissions by Curtis as Conflicts Counsel and being prepared by Curtis including Hamzehpour Supplemental Declaration (.60) | 0.60 |
| 03/15/13 | SJR  | Attention to matters regarding subordination dispute and status of litigation in which conflict parties including AIG, Allstate and Prudential are defendants and cross motions for Summary Judgment (1.80) | 1.80 |
| 03/15/13 | TF1  | Begin review of Committee submission to Examiner on claims against AFI (1.20) | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  19

| | | | |
|---|---|---|---|
| 03/15/13 | TF1 | Prepare for call with Court on subordination disputes with Investors (.50) | 0.50 |
| 03/15/13 | TF1 | Call with counsel for SUNs concerning depositions in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.10) | 0.10 |
| 03/15/13 | TF1 | Attend to matters concerning discovery in regards to subordination dispute with Investors in which conflict parties including AIG, Allstate and Prudential are defendants, including multiple emails with Quinn Emanuel regarding discovery issues and conferences with Morrison & Foerster in regards to same (.80) | 0.80 |
| 03/15/13 | TF1 | Attend to matters concerning conference with Court regarding subordination disputes, including coverage for same and docket notification (.50) | 0.50 |
| 03/15/13 | TF1 | Review and edit draft declaration regarding settlements for subordination proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/15/13 | TF1 | Participate in call with court, M. Gallagher and Morrison & Foerster in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/15/13 | TF1 | Follow up with M. Gallagher re: call with court in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/15/13 | MG8 | Review and revise draft supplemental declaration of T. Hamzehpour in connection with Debtors' complaint seeking subordination of Investors' claims and confer with T. Foudy regarding the same (.30) | 0.30 |
| 03/15/13 | MG8 | Participate in telephonic status conference with Judge Glenn regarding consolidation of subordination adversary proceeding and Investors' Rule 3013 Motion (.50) | 0.50 |
| 03/15/13 | MG8 | Telephone conference w/ T. Foudy regarding matters related to telephonic status conference on March 19 in connection with discovery relating to cross-motions for summary judgment on subordination issue (.50) | 0.50 |
| 03/15/13 | MG8 | Supervise B. Kotliar and D. Bloom in conducting additional research on issues related to section 510 of the Bankruptcy Code in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/15/13 | MG8 | Organize files on subordination matters relating to | 0.70 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  20

|  |  |  |  |
|---|---|---|---|
|  |  | Investors' claims for future use in ResCap chapter 11 cases (.70) |  |
| 03/15/13 | MG8 | Attend to numerous communications with Quinn regarding scheduling a deposition of the Debtors' witness and timing of receipt of comments to Debtors' proposed statement of agreed stipulated facts in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/15/13 | MG8 | Attend to review of and matters relating to completion, filing and service of notice of telephonic status conference relating to discovery in connection with summary judgment motions relating to subordination of Investors' claims, including numerous follow-up correspondence with T. Foudy, B. Kotliar and D. Bloom and Morrison & Foerster regarding same (.80) | 0.80 |
| 03/15/13 | BMK | Attend teleconference with chambers re: open issues re: cross motions for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/15/13 | BMK | Conduct additional research re: affiliate status under section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding (1.70) | 1.70 |
| 03/15/13 | BMK | Draft email summarizing conclusion of research re: affiliates for purposes of section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/15/13 | BMK | Confer with D. Bloom re: prior research re: affiliates under section 101 of the Bankruptcy code for section 510 purposes in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/15/13 | BMK | Review cited cases and other researched decisions for relevant timing of affiliate status in connection with subordination adversary proceeding (1.60) | 1.60 |
| 03/15/13 | BMK | Draft email summary re: relevant time for determining affiliate status for section 510(b) purposes to T. Foudy, M. Gallagher and D. Bloom in connection with subordination adversary proceeding (.60) | 0.60 |
| 03/15/13 | DAB | Prepare for court hearing in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and attend same telephonically (.80) | 0.80 |
| 03/15/13 | DAB | Confer with B. Kotliar to discuss research with respect to timing of affiliate status for section 510 of the Bankruptcy Code issue in connection with | 0.40 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  21

| | | | |
|---|---|---|---|
| | | subordination adversary proceeding (.40) | |
| 03/15/13 | DAB | Draft notice of additional Courtcall notice in connection with subordination adversary proceeding and solicit comments to same from T. Foudy and M. Gallagher (.50) | 0.50 |
| 03/15/13 | DAB | Correspond with A. Dreiman and KCC regarding filing and service of Notice and scheduling courtcall and conference room for upcoming telephonic hearing in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/15/13 | DAB | Conduct additional research regarding timing of affiliate status for purposes of subordination claim, per T. Foudy email in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.00) | 1.00 |
| 03/15/13 | JDM | Participate in call with Court regarding Rule 3013 motion and discovery being sought in advance of filing of subordination summary judgment cross-motions (.50) | 0.50 |
| 03/15/13 | JDM | Follow up correspondence with T. Foudy re: call with Court on Rule 3013 motion and open research issues (.60) | 0.60 |
| 03/15/13 | AD | Per D. Bloom's request, arrange for a telephonic conference to occur on March 19, 2013 in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims for S. Reisman, T. Foudy and M. Gallagher (.50) | 0.50 |
| 03/15/13 | AD | Circulate information re: March 19th telephonic conference in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims to S. Reisman, T. Foudy and M. Gallagher (.20) | 0.20 |
| 03/15/13 | AD | Assist D. Bloom and B. Kotliar with preparation for the 9:30 a.m. telephonic conference in connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/15/13 | AD | File the March 19th Notice of Telephonic Conference in Connection with the Investors' Rule 3013 Motion and related adversary proceeding concerning subordination of securities claims in the Chapter 11 cases and the Adversary Proceeding (.50) | 0.50 |
| 03/15/13 | AD | Notify parties and provide as-filed versions of the March 19th Notice of Telephonic Conference in Connection with the Investors' Rule 3013 Motion and | 0.50 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  22

|  |  |  |  |
|---|---|---|---|
|  |  | related adversary proceeding concerning subordination of securities claims (.50) |  |
| 03/16/13 | TF1 | Multiple emails with Quinn and Morrison & Foerster on scheduling of deposition in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/16/13 | MG8 | Review and take notes on AIG, Allstate, Prudential and MassMutual Reply Submission to Examiner per request of A. Barrage and J. Levitt to assist with response for use in relevant pleadings (.80) | 0.80 |
| 03/17/13 | SJR | Review of submission by AIG to Examiner in connection with subordination of AIG's claims in the ResCap case and review of subordination summary judgment papers in connection with same (2.60) | 2.60 |
| 03/17/13 | TF1 | Review and take notes on response submission to examiner by AIG and other securities claimants (.50) | 0.50 |
| 03/17/13 | TF1 | Emails with Morrison & Foerster concerning response to AIG Examiner submission (.20) | 0.20 |
| 03/17/13 | TF1 | Multiple emails with Morrison & Foerster and Quinn regarding scheduling of deposition and prep session for witness in subordination dispute involving conflict parties including AIG (.30) | 0.30 |
| 03/17/13 | MG8 | Correspondence with T. Foudy and A. Barrage of Morrison & Foerster regarding Debtors' position on Investors' Reply to submission to Examiner made by Ally (.20) | 0.20 |
| 03/18/13 | TF1 | Follow-up on matters concerning discovery/progress in subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, including preparing for M. Gallagher for telephonic conference with court (.30) | 0.30 |
| 03/18/13 | TF1 | Draft engagement letter for deponent in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/18/13 | TF1 | Emails/call with Morrison & Foerster and Quinn regarding arrangement and preparation for deposition, and declaration regarding settlements in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/18/13 | TF1 | Conference call with counsel for JSNs on subordination adversary proceeding (.10) | 0.10 |
| 03/18/13 | TF1 | Conference call with counsel for Wilmington Trust on subordination adversary proceeding (.20) | 0.20 |
| 03/18/13 | TF1 | Conference call with J. Haims and K. Sadeghi of | 0.70 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  23

| | | | |
|---|---|---|---|
| | | Morrison & Foerster to prepare for telephonic status conference and deposition in subordination adversary proceeding(.70) | |
| 03/18/13 | TF1 | Attend to preparation for deposition in connection with subordination adversary proceeding (.80) | 0.80 |
| 03/18/13 | MG8 | Follow-up with K. Sadeghi of Morrison & Foerster regarding supplemental declaration of T. Hamzehpour in support of subordination (.30) | 0.30 |
| 03/18/13 | MG8 | Attend to correspondence with Quinn Emanuel regarding status of comments to draft stipulated facts and declaration from Residential Capital regarding prior settlements, if any, of Investors' securities fraud claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/18/13 | MG8 | Prepare for status conference with Judge Glenn on subordination matters scheduled for March 19, 2013, including review of previously submitted and circulated materials and timeline relating to the same (.50) | 0.50 |
| 03/18/13 | MG8 | Participate in call with J. Haims, T. Foudy and K. Sadeghi regarding proposed deposition of Darsi Meyer and preparation for status conference with Bankruptcy Court regarding discovery and issues related to subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and Investors' 3013 motion (.70) | 0.70 |
| 03/18/13 | BMK | Coordinate production of documents relied upon by Investors for Rule 3013 Motion and opposition papers to same for S. Reisman, T. Foudy, M. Gallagher, and D. Bloom (.30) | 0.30 |
| 03/18/13 | DAB | Email to T. Foudy regarding exemplar for inclusion in subordination Summary Judgment pleadings (.10) | 0.10 |
| 03/18/13 | DAB | Extensive review and revisions to draft subordination Summary Judgment pleadings (3.00) | 3.00 |
| 03/18/13 | DAB | Prepare for court hearing regarding subordination summary judgment (.40) | 0.40 |
| 03/18/13 | MR2 | Prepare index and additional copies of Transaction Documents RALI 2006-QO3 Exemplar for B. Kotliar and T. Foudy (1.30) | 1.30 |
| 03/19/13 | SJR | Review draft Statement of Stipulated Facts from Quinn Emanuel, counsel for AIG, in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and follow up regarding matters related to same (1.10) | 1.10 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  24

| | | | |
|---|---|---|---|
| 03/19/13 | SJR | Follow up regarding subordination adversary proceeding and scheduling of discovery and hearings with respect to same (.60) | 0.60 |
| 03/19/13 | SJR | Meeting with M. Gallagher regarding potential claims against Cerberus on behalf of ResCap as conflict party (1.40) | 1.40 |
| 03/19/13 | SJR | Review documentation regarding potential claim against Cerberus (.40) | 0.40 |
| 03/19/13 | TF1 | In connection with subordination adversary proceeding, prepare for and participate in court call on discovery and scheduling issues (.80) | 0.80 |
| 03/19/13 | TF1 | Prepare for deposition of D. Meyer by gathering materials, drafting engagement letter and conferring with Morrison & Foerster on same (1.20) | 1.20 |
| 03/19/13 | TF1 | Review and edit Quinn Emanuel's draft statement of stipulated facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and confer/consult with M. Gallagher and D. Bloom on same (1.00) | 1.00 |
| 03/19/13 | TF1 | Continue to review and take notes on Committee's response submission to the Examiner regarding AFI claims (.90) | 0.90 |
| 03/19/13 | MG8 | Telephone conference w/ J. Shifer of Kramer Levin regarding deposition scheduled for subordination cross motions for summary judgment and related issues (.20) | 0.20 |
| 03/19/13 | MG8 | Review and comment on revised draft of stipulated facts circulated by Quinn Emanuel in connection with subordination dispute and coordinate updating and recirculation with D. Bloom (1.40) | 1.40 |
| 03/19/13 | MG8 | Telephone conference w/ counsel to Wilmington Trust regarding matters relating to subordination cross motions for summary judgment and discovery with respect to the same (.30) | 0.30 |
| 03/19/13 | MG8 | Attend to review of lengthy reply submission to Examiner made by MBIA in connection with Curtis' role as conflicts counsel in order to determine if further response by Debtors is appropriate (1.80) | 1.80 |
| 03/19/13 | MG8 | Prepare for and participate in telephonic status conference with Judge Glenn regarding discovery requested and scheduling in connection with cross motions for summary judgment in the Debtors' adversary proceeding seeking subordination of Investor Claims in which conflict parties including AIG, Allstate and Prudential are defendants and related motion of | 0.50 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  25

| | | | |
|---|---|---|---|
| | | Investors pursuant to Rule 3013 (.50) | |
| 03/19/13 | BMK | Attend call with Chambers re: outstanding issues for cross summary judgment motions in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/19/13 | BMK | Review statement of facts and confirm accuracy of open issues relating to stipulated facts by reviewing PSAs, Prospectus, Prospectus Supplement, Hamzehpour Declaration, and associated exhibits in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30) | 2.30 |
| 03/19/13 | BMK | Multiple correspondence with T. Foudy, M. Gallagher and D. Bloom re: review of stipulated facts for accuracy and resolution of open issues in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/19/13 | DAB | Review Trust responsibilities for accuracy of description of same in statement of facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/19/13 | DAB | Revise draft Stipulated Facts based on comment from T. Foudy and analysis in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/19/13 | DAB | Attend telephonic court hearing regarding summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/19/13 | DAB | Review and analyze additions to Stipulated Statement of Facts by Quinn and communication with B. Kotliar and M. Gallagher regarding same in connection with subordination adversary proceeding (1.90) | 1.90 |
| 03/20/13 | SJR | Follow up regarding cancellation of deposition in connection with subordination adversary proceeding related to AIG and other securities claimants and confer with T. Foudy regarding same (.40) | 0.60 |
| 03/20/13 | SJR | Review and edit stipulated facts regarding subordination adversary proceeding and note comments regarding same in connection with subordination litigation with Investors in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.50 |
| 03/20/13 | SJR | E-mails regarding discussions with Quinn Emanuel regarding stipulated facts regarding subordination adversary proceeding (.30) | 0.30 |
| 03/20/13 | TF1 | Review/edit draft stipulated facts for adversary proceeding on subordination and send comments to | 1.00 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  26

|  | | | |
|---|---|---|---|
|  | | Morrison & Foerster in regards to same (1.00) | |
| 03/20/13 | TF1 | Attend to preparation for deposition of D. Meyer in subordination proceeding, including review and revise engagement letter and documents needed for preparation (.40) | 0.40 |
| 03/20/13 | TF1 | Emails with Quinn Emanuel on page limits with respect to subordination briefs (.20) | 0.20 |
| 03/20/13 | TF1 | Conference call and emails with A. Barrage on response to Committee Examiner submission (.30) | 0.30 |
| 03/20/13 | TF1 | Review email from Quinn Emanuel on cancellation of deposition of Debtors' witness for subordination disputes and attend to matters in connection therewith, including notifying other parties in interest (.90) | 0.90 |
| 03/20/13 | MG8 | Review and revise papers to be filed in connection with subordination summary judgment motion and discuss same with D. Bloom (.60) | 0.60 |
| 03/20/13 | MG8 | Confer with B. Kotliar regarding comments to draft statement of undisputed facts in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/20/13 | MG8 | Correspondence with T. Foudy regarding cancellation of deposition and matters relating to statement of undisputed facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/20/13 | BMK | Correspondence with T. Foudy, M. Gallagher and D. Bloom on open issue re: status of affiliate in securities transaction documents in connection with Debtors' proposed subordination adversary proceeding (.10) | 0.10 |
| 03/20/13 | BMK | Confer with M. Gallagher re: draft Statement of Undisputed Facts in connection with Debtors' proposed subordination adversary proceeding (.20) | 0.20 |
| 03/20/13 | DAB | Further changes to Statement of Facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and circulate redline of same to T. Foudy (.40) | 0.40 |
| 03/20/13 | DAB | Review Chambers rules with respect to adversary proceedings and contested matters and communication with T. Foudy regarding same in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/20/13 | AD | Per D. Bloom's request, format subordination summary judgment papers and prepare footnotes for reference purposes (.30) | 0.30 |
| 03/21/13 | SJR | Attend to matters regarding response to Committee's | 1.40 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  27

| | | | |
|---|---|---|---|
| | | Examiner submission and responsive pleading being prepared as Conflicts Counsel (1.40) | |
| 03/21/13 | SJR | Review materials regarding today's hearing under Rule 3013 to have obligations to FRB under Consent Order classified as unsecured claims with respect to matters being addressed by Curtis as Conflicts Counsel for ResCap (1.10) | 1.10 |
| 03/21/13 | TF1 | Draft response to Examiner on $49 million payment and review research done in connection therewith (2.70) | 2.70 |
| 03/21/13 | TF1 | Review responses to Examiner that discussed $49 million indemnity payment for subordination adversary, review final version of supplemental declaration and forward same to Quinn Emanuel (1.30) | 1.30 |
| 03/21/13 | TF1 | Work on response to Examiner submissions regarding $49 million idemnity payment to Ally, including by reviewing witness interviews and pleadings describing same (2.30) | 2.30 |
| 03/21/13 | TF1 | Conference call with A. Barrage, T. Goren and M. Gallagher on $49 million idemnity payment to Ally (.40) | 0.40 |
| 03/21/13 | MG8 | Participate in call with T. Foudy, A. Barrage and T. Goren to discuss response to Committee submission to Examiner and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮in connection with $49 million payment of amounts owed to Ally (.40) | 0.40 |
| 03/21/13 | MG8 | Attend to issues relating to responding to certain claims ▮▮▮▮▮▮▮▮▮▮▮▮▮▮raised by Committee in Examiner's submission, including review of relevant portion of submission, review of examination reports of certain Residential Capital officers, review of Murano declaration in support of Ally servicing agreement and stipulation resolving the same (3.50) | 3.50 |
| 03/21/13 | MG8 | Research state of organization for GMAC Mortgage, LLC and other debtors and research under ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮in connection with Examiner Submission (2.80) | 2.80 |
| 03/21/13 | MG8 | Prepare for and attend hearing on Debtors' motion under Rule 3013 to have obligations to FRB under consent order classified as general unsecured claims because it related to other matters being handled by Curtis as Debtors' conflicts counsel (2.50) | 2.50 |
| 03/21/13 | MG8 | Review and revise draft insert to Debtors' response to Committee Examiner submission and follow up with T. Foudy regarding same (.60) | 0.60 |
| 03/21/13 | JTW | Research possible claims for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | 2.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  28

|  |  |  |  |
|---|---|---|---|
|  |  | ████████ (2.20) |  |
| 03/21/13 | JTW | Research ability to assert claims ████████ ████████████re: possible claims against CMH (2.30) | 2.30 |
| 03/21/13 | JTW | Research whether ████████ of preferential payment can constitute ████████████ for T. Foudy and M. Gallagher re: Debtor's submission to Examiner (2.20) | 2.20 |
| 03/21/13 | JTW | Correspond with J. Zimmer and P. Buenger re: research on potential preference exposure issues in connection with response to Committee's Examiner submission (.40) | 0.40 |
| 03/21/13 | DAB | Communicate with T. Foudy, B. Kotliar and J. Weber regarding fiduciary duty research in connection with Debtors' response to Examiner's submission by Committee(.30) | 0.30 |
| 03/21/13 | DAB | Email with D. Mize regarding summary judgment dates and deadlines in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/21/13 | PJB2 | Research re: breach of fiduciary duties by a director and/or officer of debtor corporation under Delaware state law and issue of damages as elements of action based on same in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (1.60) | 1.60 |
| 03/21/13 | PJB2 | Research re: breach of fiduciary duties against directors and officers of debtors prior to bankruptcy proceedings and ████████████ ████████████n connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (3.80) | 3.40 |
| 03/21/13 | PJB2 | Correspond with J. Zimmer and J. Weber re: research on potential preference exposure issues in connection with response to Committee's Examiner submission (.40) | 0.40 |
| 03/21/13 | JZ | Confer and correspond with J. Weber and P. Buenger regarding issues regarding research into potential preference exposure and breach of fiduciary in connection with same in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.40) | 0.40 |
| 03/21/13 | JZ | Research regarding ████████████ ████████████in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (3.20) | 3.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  29

| 03/22/13 | TF1 | Revise examiner submission discussion for comments from Morrison & Foerster (1.00) | 1.00 |
|---|---|---|---|
| 03/22/13 | TF1 | Review legal research for Examiner submission on $49 million payment and revise insert in light of same (1.40) | 1.40 |
| 03/22/13 | TF1 | Work on draft stipulated facts for summary judgment in subordination proceeding, including incorporation of Morrison & Foerster comments into same and sending draft to Quinn Emanuel (.60) | 0.60 |
| 03/22/13 | MG8 | Review research and revise insert to Debtors' response to Examiner with respect to Committee's submission ██████████████████████████████ (1.20) | 1.20 |
| 03/22/13 | JTW | Continued research for T. Foudy and M. Gallagher re: authorization of preferential payments ██████████████████ in connection with insert to Debtors' response to Examiner with respect to Committee's submission alleging ████████████████ (3.40) | 3.40 |
| 03/22/13 | DAB | Email redline of updated statement of facts to T. Foudy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.10) | 0.10 |
| 03/22/13 | PJB2 | Research re: Delaware state law as applied in federal bankruptcy courts re: breach of fiduciary duties, including breach of duty of care and duty of loyalty and whether or not such actions can be successfully plead when a plaintiff has not alleged any damages arising from same in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (2.30) | 2.30 |
| 03/22/13 | PJB2 | Multiple discussions with J. Weber and J. Zimmer re: research on breach of fiduciary duties ████████████████ ██████████████████████████████ in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.30) | 0.30 |
| 03/22/13 | PJB2 | Research on state or federal case law re: breach of fiduciary duties ████████████████████████ ██████████████████████████ in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (5.10) | 5.10 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  30

| | | | |
|---|---|---|---|
| 03/22/13 | JDM | Review recent docket materials filed in ████████ ████ ████ in connection with subordination adversary proceeding (2.80) | 2.80 |
| 03/22/13 | JZ | Research regarding fiduciary duties and preference exposure in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (5.50) | 5.50 |
| 03/22/13 | JZ | Confer with P. Buenger, J. Weber regarding research related to breach of fiduciary duty and preference liability in connection with request for assistance from Morrison &amp; Foerster in responding to the Committee's submission to the Examiner (.60) | 0.30 |
| 03/22/13 | JZ | Correspond with M. Gallagher regarding research related to breach of fiduciary duty and preference liability in connection with request for assistance from Morrison &AMP; Foerster in responding to the Committee's submission to the Examiner (.60) | 0.30 |
| 03/24/13 | SJR | Attention to matters regarding summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and review Statement of Facts in connection with same (.80) | 0.80 |
| 03/24/13 | DAB | Correspondence with B. Kotliar regarding current list of notice parties involved in subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/24/13 | DAB | Review of Morrison & Foerster memoranda regarding affiliate definition and analysis of potential arguments to be presented by Investors regarding applicable definition of same under securities laws and Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30) | 1.30 |
| 03/24/13 | DAB | Revision of draft Motion and Notice of Motion to accompany Memorandum of Law in Support of Subordination Summary Judgment, per M. Gallagher comments (1.30) | 1.30 |
| 03/24/13 | DAB | Review of Zuckerman Spaeder (counsel to NCUAB) comments and requested changes to draft Stipulated Facts to be filed in connection with Subordination Summary Judgment papers and circulate analysis and redline of same to T. Foudy and M. Gallagher (1.00) | 1.00 |
| 03/24/13 | JDM | Research regarding definition of "affiliate" under Section 510 of the Bankruptcy Code in connection with subordination adversary proceeding (2.20) | 2.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  31

| | | | |
|---|---|---|---|
| 03/25/13 | TF1 | Review N. Cohen email and comments to stipulated facts and confer with Morrison & Foerster regarding same in connection with subordination adversary procceding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/25/13 | TF1 | Send A. Barrage, of Morrison & Foerster, redline of latest changes to insert on $49 million payment (.10) | 0.10 |
| 03/25/13 | TF1 | Finish review of Committee submission to Examiner (.80) | 0.80 |
| 03/25/13 | TF1 | Draft email to J. Weber regarding research needed to respond to specific Committee argument in connection with Examiner submission (.20) | 0.20 |
| 03/25/13 | TF1 | Confer with D. Mize on AIG and subordination summary judgment papers (.10) | 0.10 |
| 03/25/13 | MG8 | Meet with D. Bloom, D. Mize and B. Kotliar to discuss open items for completing subordination summary judgment papers (.30) | 0.30 |
| 03/25/13 | MG8 | Research entire fairness standard for breach of fiduciary duty and discuss same with J. Weber and J. Zimmer in order to conduct more in depth research in connection with preparation of response to Committee's submission to Examiner (1.20) | 1.20 |
| 03/25/13 | MG8 | Review research completed in July 2012 by Morrison & Foerster in connection with arguments under section 510(b) and conduct additional research regarding the same in order to update draft memo of law and add new arguments in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/25/13 | MG8 | Numerous correspondences with T. Foudy, B. Kotliar and D. Bloom regarding updating research for memo of law supporting Debtors' summary judgment motion on subordination (.40) | 0.40 |
| 03/25/13 | MG8 | Research Judge Glenn decisions on summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/25/13 | GF | Review March 6th Letter to Judge Glenn re: Residential Capital v. Allstate, et al. subordination adversary proceeding and draft and send correspondence to Curtis team re: internal case calendar relating to proposed dates in same, as per B. Kotliar request (.40) | 0.40 |
| 03/25/13 | BMK | Draft table of stipulated exhibits by reviewing relevant pleadings in connection with Investors' Rule 3013 Motion and Opposition to same (1.20) | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  32

| | | | |
|---|---|---|---|
| 03/25/13 | BMK | Compare statement of undisputed facts with previous declarations filed in case to ensure accuracy of stipulated facts and completeness of record in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/25/13 | BMK | Review claims filed by NCUAB to review accuracy of stipulated statement of undisputed facts with regards to Investors claims for rescission and damages in connection with subordination adversary proceeding (.70) | 0.70 |
| 03/25/13 | BMK | Confer with M. Gallagher and D. Bloom re: division of work and status of open issues re: summary judgment papers in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/25/13 | BMK | Multiple email correspondences with T. Foudy, M. Gallagher and D. Bloom re: resolving open issues in statement of undisputed facts and other outstanding issues re: summary judgment papers in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/25/13 | JTW | Draft and circulate e-mail summary of research to T. Foudy and M. Gallagher re: applicability of entire fairness standard or business judgment standard in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (2.30) | 2.30 |
| 03/25/13 | JTW | Review of Committee's submission to Examiner in preparation for research re: Debtors submission to the Examiner (2.40) | 2.40 |
| 03/25/13 | JTW | Research re: applicability of "entire fairness" standard as opposed to business judgment standard in regards to an authorized preferential payment to an insider in relation to a breach of fiduciary duty claim for Examiner submission (3.40) | 3.40 |
| 03/25/13 | JTW | Research re: applicability of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (1.30) | 1.30 |
| 03/25/13 | JTW | Correspond with M. Gallagher re: business judgment and entire fairness standards in connection with request for assistance by Morrison & Foerster in responding to the Committee's Submission to the SUNs Reply to the Examiner (.60) | 0.60 |
| 03/25/13 | DAB | Draft email to D. Mize regarding subordination summary judgment pleading caption (.10) | 0.10 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  33

| | | | |
|---|---|---|---|
| 03/25/13 | DAB | Meet with D. Mize and B. Kotliar regarding plan for finalizing and filing subordination summary judgment papers (.30) | 0.30 |
| 03/25/13 | DAB | Draft email to B. Kotliar regarding subordination summary judgment scheduling (.10) | 0.10 |
| 03/25/13 | DAB | Review email correspondence related to revised statement of facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/25/13 | DAB | Correspond with B. Kotliar regarding updating research into affiliate issue in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/25/13 | DAB | Draft email correspondence to B. Kotliar and M. Gallagher regarding need for joint exhibits in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/25/13 | DAB | Draft summary of summary judgment paper status, including full description of open issues and recommendations for next steps regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/25/13 | JDM | Analyze AIG's proofs of claim for ███████ ████████████████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30) | 2.30 |
| 03/25/13 | JDM | Confer with M. Gallagher, D. Bloom and B. Kotliar re: filing subordination summary judgment papers (.30) | 0.30 |
| 03/25/13 | JDM | Confer with T. Foudy re: determination of standing AIG to pursue securities claims against the Debtors (.10) | 0.10 |
| 03/25/13 | JDM | Confer and correspond throughout the day with D. Bloom and B. Kotliar regarding subordination summary judgment papers (1.20) | 1.20 |
| 03/25/13 | JZ | Correspondences with M. Gallagher and J. Weber regarding research related to business judgment rule, entire fairness, and breaches of fiduciary duties in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.50) | 0.50 |
| 03/25/13 | JZ | Research regarding business judgment rule, entire fairness, and breach of fiduciary duty in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the | 3.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  34

|  |  |  |  |
|---|---|---|---|
|  |  | Examiner (3.20) |  |
| 03/26/13 | SJR | Attend to review of Debtors' Motion for summary judgment in connection with adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, seeking subordination of Investor claims and revisions to same and review of mark-up from other attorneys at Curtis (.80) | 0.80 |
| 03/26/13 | SJR | Review of Summary Judgment Motion papers in connection with subordination adversary proceeding against AIG, Allstate and other Investor parties (2.30) | 2.30 |
| 03/26/13 | SJR | Review of Memo regarding ▓▓▓▓▓▓▓ in connection with subordination adversary proceeding against AIG, Allstate and other Investor parties (.60) | 0.60 |
| 03/26/13 | TF1 | Follow-up on drafting of complete set of papers needed for summary judgment motion in subordination adversary in which conflict parties including AIG, Allstate and Prudential are defendants, including incorporating N. Cohen comments to stipulated facts, corresponding with Quinn regarding stipulated facts, review/edit of exhibit table, and review sample papers for form (2.60) | 2.60 |
| 03/26/13 | TF1 | Begin review of memo analysis of ▓▓▓▓▓▓▓ in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/26/13 | TF1 | Review filed revised scheduling order for Rule 9019 motion in connection with RMBS settlement (.20) | 0.20 |
| 03/26/13 | TF1 | Review results of research on fiduciary duty standards for Committee allegations regarding $49 million payment to Ally (.40) | 0.40 |
| 03/26/13 | MG8 | Revise Debtors' Motion seeking summary judgment in connection with Debtors' adversary proceeding seeking subordination of Investors' claims in order to make consistent with other documents being prepared in connection with the Debtors' intended summary judgment motion (.70) | 0.70 |
| 03/26/13 | MG8 | Review notice of motion for Debtors' summary judgment papers regarding subordination to correct certain issues and conform with required procedure and other documents (.50) | 0.50 |
| 03/26/13 | MG8 | Review research memorandum prepared by J. Weber on potential applicability of "entire fairness" doctrine to certain breach of fiduciary duty claims raised by Official Committee in their submission to Examiner and related follow-up with T. Foudy and J. Weber regarding the same in connection with request for assistance by Morrison & Foerster in responding to the Committee Submissions to the SUNS Reply to the Examiner (.70) | 0.70 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  35

| 03/26/13 | MG8 | Review and revise draft statement of stipulated facts for Cross Motions for Summary Judgment in connection with subordination adversary proceeding, in which conflict parties including AIG, Allstate and Prudential are defendants, to incorporate changes requested by N. Cohen of Zuckerman Spaeder (counsel to NCUAB) and certain accommodations suggested by T. Foudy, as well as to correct certain issues related to captions, signature blocks, headings and title (1.20) | 1.20 |
|---|---|---|---|
| 03/26/13 | BMK | Review proposed changes from Zuckerman and update joint stipulation of facts in connection with subordination adversary proceeding, in which conflict parties including AIG, Allstate and Prudential are defendants, in accordance with same (.50) | 0.50 |
| 03/26/13 | BMK | Email correspondence with T. Foudy re: updates to agreed to exhibits and form of pleadings in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/26/13 | BMK | Review all joinders/objections to Investors' Rule 3013 Motion for additional arguments to be included in memorandum of law in support of cross motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/26/13 | BMK | Correspondences with T. Foudy and M. Gallagher re: exhibits to joint stipulation of proposed facts in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/26/13 | BMK | Perform additional research on "affiliate" issue by reviewing Commercial Financial Services case slip opinion, various Second and Third Circuit case law, and all pleadings in connection with the Washington Mutual case for factual similarities with our case in connection with subordination adversary proceeding (2.50) | 2.50 |
| 03/26/13 | BMK | Review and revise all documents to conform captions, signature blocks, and form of pleadings in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/26/13 | BMK | Review and revise stipulation of facts and agreed to exhibits to reflect debtors' previously cited PSA, ProSupp, Pro, Hamzehpour and Kotliar declarations, and all attached exhibits in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20) | 1.20 |
| 03/26/13 | BMK | Circulate to T. Foudy, M. Gallagher, and D. Mize additional potential arguments and authorities to supplement memorandum of law in support of subordination cross motion from review of | 0.60 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  36

|  |  |  |  |
|---|---|---|---|
|  |  | joinders/objections to Rule 3013 Motion (.60) |  |
| 03/26/13 | JDM | Research regarding summary judgment standard applied by Judge Glenn in connection with subordination adversary proceeding (2.30) | 2.30 |
| 03/26/13 | JDM | Further research regarding definition of "affiliate" under Section 510 of the Bankruptcy Code in connection with subordination adversary proceeding (2.80) | 2.80 |
| 03/26/13 | JDM | Review and revise memorandum of law in support of motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.00) | 3.00 |
| 03/27/13 | SJR | Review comments and suggested revisions to Debtors' submissions to Examiner in connection with submissions filed by Committee and SUNs and confer with T. Foudy regarding same (.70) | 0.70 |
| 03/27/13 | TF1 | Review, revise, and comment on draft summary judgment papers for subordination adversary in which conflict parties including AIG, Allstate and Prudential are defendants (notice, motion, proposed order, stipulated facts and agreed-to exhibits, and memo of law) (4.10) | 4.10 |
| 03/27/13 | TF1 | Multiple conferences and correspondences with M. Gallagher, B. Kotliar and D. Mize regarding finalization and page limits for subordination summary judgment papers (.70) | 0.70 |
| 03/27/13 | TF1 | Conference call with Quinn Emanuel regarding subordination summary judgment papers (.20) | 0.20 |
| 03/27/13 | TF1 | Review B. Kotliar analysis of other opposition papers in connection with subordination summary judgment papers (.40) | 0.40 |
| 03/27/13 | TF1 | Review and correspond with Morrison & Foerster on comments to stipulated facts and exhibits in connection with subordination summary judgment papers (.30) | 0.30 |
| 03/27/13 | MG8 | Review changes to memorandum of law in support of Debtors' motion for summary judgment on subordination issues made by D. Mize in order to update on legal standards for summary judgment and other revisions suggested by me and T. Foudy (.30) | 0.30 |
| 03/27/13 | MG8 | Transmit to Morrison & Foerster comments on Debtors' response to Committee's Examiner Submission (.40) | 0.40 |
| 03/27/13 | MG8 | Respond to correspondence from T. Foudy regarding use of proposed order and how it should be presented in motion papers seeking summary judgment in connection with subordination adversary proceeding in | 0.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  37

| | | | |
|---|---|---|---|
| | | which conflict parties including AIG, Allstate and Prudential are defendants (.20) | |
| 03/27/13 | MG8 | Review further revised statement of stipulated facts for summary judgment motions circulated by S. Shelley in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/27/13 | MG8 | Correspondence with T. Foudy regarding filing and service of Debtors' summary judgment papers seeking subordination of Investors's claims and proposed order regarding the same (.20) | 0.20 |
| 03/27/13 | MG8 | Correspondence with T. Foudy and S. Shelley of Morrison & Foerster regarding inclusion of statement of facts in memoranda of law regarding section 510 of the Bankruptcy Code, in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/27/13 | MG8 | Review order re: scheduling hearing in Investors' and Debtors' summary judgment motions regarding subordination of Investor claims and related follow-up (.30) | 0.30 |
| 03/27/13 | MG8 | Provide comments and suggested revisions to Debtors' submission to Examiner in response to submissions filed by Committee and SUNs and follow-up with T. Foudy regarding the same (1.20) | 1.20 |
| 03/27/13 | MG8 | Correspond with T. Foudy and L. Marinuzzi regarding potential settlement discussions with respect to claims subject of Investors' Rule 3013 Motion (.30) | 0.30 |
| 03/27/13 | MG8 | Review most recent draft of stipulated facts and exhibits for summary judgment motions regarding subordination (.40) | 0.40 |
| 03/27/13 | MG8 | Review B. Kotliar's summary of arguments made in responses to Investors' Rule 3013 motion for consideration of how Debtors' memorandum of law might be revised to improve arguments in support of subordination and discuss same with T. Foudy (.40) | 0.40 |
| 03/27/13 | MG8 | Supervise B. Kotliar and D. Mize with respect to revisions and updates to summary judgment documents, statement of facts and exhibits to incorporate additional points and comments from Morrison & Foerster and T. Foudy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/27/13 | MG8 | Further review and revise stipulation of facts for cross motion for summary judgment on subordination matters and forward the same to T. Foudy (.20) | 0.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  38

| | | | |
|---|---|---|---|
| 03/27/13 | MG8 | Attend to supervision of preparation of notices of appearance for T. Foudy in main case and subordination adversary proceeding, review and revise same and coordinate filing (.50) | 0.50 |
| 03/27/13 | GF | Draft correspondence re: rescheduled oral argument on Cross-Motions for summary judgment in subordination adversary proceeding, for circulation (.30) | 0.30 |
| 03/27/13 | GF | Draft, revise and file Notice of Appearance for T. Foudy in main case and Notices of Appearance for T. Foudy and M. Gallagher in adversary proceeding and confer with B. Kotliar and M. Gallagher re: same (2.90) | 2.90 |
| 03/27/13 | BMK | Review and revise joint stipulation of facts and agreed to exhibits per Morrison & Foerster edits and comments in connection with subordination adversary proceeding (.70) | 0.70 |
| 03/27/13 | BMK | Coordinate production of notices of appearance to be filed in main and adversary cases with G. Faust to prepare same for filing in connection with subordination adversary proceeding against Investors (.40) | 0.40 |
| 03/27/13 | BMK | Numerous conferences with D. Mize re: supplementing legal arguments in memorandum of law in support of cross motion for summary judgment on subordination with arguments raised in joinders/oppositions to Rule 3013 motion (1.60) | 1.60 |
| 03/27/13 | BMK | Review and revise proposed order, notice, and motion per edits/comments of T. Foudy to reflect updates to notice parties, relief sought, proposed order, definitions, and procedural issues in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/27/13 | BMK | Assist in filing of notices of appearances in main and adversary cases for T. Foudy and M. Gallagher in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/27/13 | BMK | Review and revise draft notices of appearance for T. Foudy and M. Gallagher in main bankruptcy case and subordination adversary proceeding in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/27/13 | DAB | Review correspondence regarding summary judgment pleadings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/27/13 | JDM | Extensive further review and revisions to memorandum of law in support of motion for summary judgment in connection with subordination adversary proceeding | 2.50 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  39

|  |  |  |  |
|---|---|---|---|
|  |  | (2.50) |  |
| 03/27/13 | JDM | Numerous conferences and correspondences with B. Kotliar re: supplementing legal arguments in memorandum of law in support of cross motion fo summary judgements on subordination with arguments raised in joinders/oppositions to Rule 3013 motion (1.60) | 1.60 |
| 03/27/13 | JDM | Confer with T. Foudy re: finalizing subordination papers for filing and page limits (.50) | 0.50 |
| 03/28/13 | SJR | Attend to review of various submissions to Examiner including MBIA submission and other party submissions in connection with ongoing subordination adversary proceeding against certain Investors, including conflict party AIG, which Curtis is handling as Conflicts Counsel (1.80) | 1.80 |
| 03/28/13 | SJR | Attend to review of Debtors' response to Examiner with respect to Committee submission (.40) | 0.40 |
| 03/28/13 | TF1 | Review and edit draft response to examiner submissions by UCC and SUNs and send comments on same to Morrison & Foerster (1.60) | 1.60 |
| 03/28/13 | TF1 | Review and respond to emails regarding AIG settlement discussion in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/28/13 | TF1 | Review memo on ███████████████████ ███████████████████and confer with D. Mize in regards to follow-up on same (.60) | 0.60 |
| 03/28/13 | TF1 | Review and edit draft summary judgment papers and send to Morrison & Foerster for comment (1.50) | 1.50 |
| 03/28/13 | TF1 | Review A. Barrage comments to Debtors' summary judgment brief for subordination adversary proceeding and give instructions to D. Bloom on incorporation of same (.30) | 0.30 |
| 03/28/13 | TF1 | Exchange emails with A. Barrage regarding question on argument in subordination summary judgment brief (.10) | 0.10 |
| 03/28/13 | TF1 | Review MBIA submission to Examiner (1.70) | 1.70 |
| 03/28/13 | TF1 | Emails with Quinn and Morrison & Foerster in regards to request for oversized brief subordination summary judgment (.20) | 0.20 |
| 03/28/13 | TF1 | Review and harmonize comments to Stipulated Facts by Quinn and Morrison & Foerster and circulate new draft and redline for same in connection with subordination dispute (1.50) | 1.50 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  40

| 03/28/13 | TF1 | Review servicing distribution reports proposed for exhibits to subordination motion summary judgment and confer with Morrison & Foerster on same (.40) | 0.40 |
|---|---|---|---|
| 03/28/13 | MG8 | Attend to correspondence w/ T. Foudy and G. Lee regarding argument that ▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ and related follow-up with T. Foudy and G. Faust regarding tracking of related litigation (.50) | 0.50 |
| 03/28/13 | MG8 | Obtain and review assumption and assignment exhibit circulated by Quinn for use in subordination summary judgment motions and follow-up with T. Foudy, D. Bloom and K. Sadeghi of Morrison & Foerster regarding the same (.70) | 0.70 |
| 03/28/13 | MG8 | Review comments of A. Barrage to Debtors' subordination memorandum of law in support of subordination summary judgment on section 510 dispute and related follow-up w/ T. Foudy (.40) | 0.40 |
| 03/28/13 | MG8 | Review T. Foudy comments to Debtors' response to Committee's submission to the Examiner on breach of fiduciary duty issues (.30) | 0.30 |
| 03/28/13 | MG8 | Correspondence w/ S. Shelley of Quinn and K. Sadeghi of Morrison & Foerster regarding obtaining executed documents for 2006 - Q03 deal for use as exhibits for subordination summary judgment motions and related follow-up (.40) | 0.40 |
| 03/28/13 | MG8 | Correspondence w/ T. Foudy, J. Haims of Morrison & Foerster and S. Shelley of Quinn regarding page limits for subordination memoranda of law in support of summary judgment (.20) | 0.20 |
| 03/28/13 | MG8 | Correspond w/ B. Kotliar regarding further changes to statement of stipulated facts in response to comments from S. Shelley of Quinn, in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/28/13 | MG8 | Correspondence w/ K. Sadeghi of Morrison & Foerster regarding including Investor proofs of claim as exhibits to subordination summary judgment papers and related follow-up w/ B. Kotliar and T. Foudy (.20) | 0.20 |
| 03/28/13 | GF | Review materials relating to Hamzehpour Declaration exhibits per request of B. Kotliar in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/28/13 | GF | At request of M. Gallagher, review Lehman dockets and hearing transcripts for Boilermakers dispute for | 0.90 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  41

| | | | |
|---|---|---|---|
| | | reference and application to Residential Capital subordination adversary proceeding (.90) | |
| 03/28/13 | BMK | Confirm accuracy of citations in statement of facts in most recent draft of same with specific attention to most recent changes in connection with subordination adversary proceeding (.40) | 0.40 |
| 03/28/13 | BMK | Update statement of facts internally to reflect version received from Quinn in connection with subordination adversary proceeding (.10) | 0.10 |
| 03/28/13 | BMK | Correspondence with M. Gallagher and K. Sadeghi at Morrison & Foerster re: execution copies of cited exhibits in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/28/13 | DAB | Review Assumption and Assignment Agreement to be cited by Quinn in Statement of Facts, in connection with subordination adversary proceeding (.30) | 0.30 |
| 03/28/13 | DAB | Draft email to B. Kotliar regarding need to verify law firm information in draft subordination papers (.10) | 0.10 |
| 03/28/13 | JDM | Review and revise summary judgment memorandum of law, including incorporating edits from Morrison & Foerster and T. Foudy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.80) | 4.80 |
| 03/28/13 | JDM | Attention to review and edit of draft stipulated facts related to subordination summary judgment motion (2.20) | 2.20 |
| 03/29/13 | SJR | Review of Summary Judgment papers to be submitted in connection with subordination litigation (1.10) | 1.10 |
| 03/29/13 | SJR | Review revised Debtors' Notice Motion and Debtors' Brief in connection with Summary Judgment of subordination of claims dispute in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 03/29/13 | TF1 | Conference call with Morrison & Foerster's J. Haims and K. Sadeghi on subordination summary judgment papers (1.00) | 1.00 |
| 03/29/13 | TF1 | Review and revise Statement of Stipulated Facts and Agreed-to Exhibits for subordination summary judgment motion in light of comments from Morrison & Foerster and opposing counsel (1.90) | 1.90 |
| 03/29/13 | TF1 | Review proofs of claim filed by opposing parties in subordination dispute and draft sections of motion papers and statement of facts to incorporate same (1.70) | 1.70 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  42

| | | | |
|---|---|---|---|
| 03/29/13 | TF1 | Emails with Morrison & Foerster and opposing counsel regarding latest drafts of subordination dispute summary judgment papers (.90) | 0.90 |
| 03/29/13 | TF1 | Review and revise motion, notice of motion, proposed order, and brief for subordination summary judgment dispute in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.50 |
| 03/29/13 | MG8 | Correspond throughout the day w/ D. Bloom, B. Kotliar, D. Mize and T. Foudy regarding numerous open issues with subordination summary judgment papers (.80) | 0.80 |
| 03/29/13 | MG8 | Review further revised stipulated agreed-to facts and exhibits for summary judgment motions on subordination issues and follow-up correspondence w/ S. Shelley and S. Kirpalani of Quinn and T. Foudy regarding same (.50) | 0.50 |
| 03/29/13 | MG8 | Correspondence with D. Bloom regarding service of Debtors' summary motion papers with respect to adversary proceeding seeking subordination of Investor claims and issues relating to the same (.20) | 0.20 |
| 03/29/13 | MG8 | Correspondence w/ T. Foudy regarding completion of memo of law, motion and related documents for Debtors' summary judgment motion in adversary proceeding seeking subordination of Investor securities claims in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |
| 03/29/13 | MG8 | Review revised draft motion and proposed order for Debtors' summary judgment motion circulated by D. Bloom, updated to include additional request for relief that Investors' Rule 3013 motion be denied and follow-up w/ D. Bloom re: same (.40) | 0.40 |
| 03/29/13 | BMK | Revise portions of draft Memorandum of Law in support of subordination summary judgment motion for accuracy to reflect updated statement of facts (.60) | 0.60 |
| 03/29/13 | BMK | Review open issues in stipulation of facts in connection with subordination adversary proceeding by reviewing underlying documents such as the Pooling and Servicing Agreements and prospectuses (1.10) | 1.10 |
| 03/29/13 | BMK | Review proofs of claim filed by defendant-Investors to be included in stipulation of facts for subordination summary judgment papers for claims and securities held in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.60) | 1.60 |
| 03/29/13 | BMK | Email T. Foudy, M. Gallagher, D. Bloom, and D. Mize re: findings re: review of deal documents for open issues in stipulation of facts in connection with | 0.40 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  43

|  |  |  |  |
|---|---|---|---|
|  |  | subordination adversary proceeding (.40) |  |
| 03/29/13 | BMK | Multiple correspondences with C. Cu at KCC re: request for additional proofs of claim of recently added investor-defendants in connection with subordination adversary proceeding (.50) | 0.50 |
| 03/29/13 | BMK | Conference with D. Bloom and D. Mize re: follow up to call, status of documents, allocation of work, and next steps in connection with subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/29/13 | BMK | Attend conference call with T. Foudy, D. Mize, and D. Bloom with counsel at Morrison & Foerster re: latest statement of facts and proposed changes by defendants in connection with subordination adversary proceeding (1.00) | 1.00 |
| 03/29/13 | BMK | Attend to email correspondence with T. Foudy re: proofs of claim inclusion to stipulation of facts summarizing research findings (.60) | 0.60 |
| 03/29/13 | SRM | Check citations on Westlaw for the state blue sky law statutes defining the term "issuer" for D. Mize in connection with the draft subordination Memorandum of Law (1.90) | 1.90 |
| 03/29/13 | DAB | Review and analyze additional comments by Quinn to draft stipulated facts and communication with T. Foudy and B. Kotliar regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20) | 1.20 |
| 03/29/13 | DAB | Participate in call with Morrison & Foerster regarding stipulated facts in connection with subordination adversary proceeding (1.00) | 1.00 |
| 03/29/13 | DAB | Communicate with KCC to address service of summary judgment pleadings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |
| 03/29/13 | DAB | Communicate with D. Mize and B. Kotliar regarding coordination of final tasks relating to memorandum of law in connection with subordination adversary proceeding (.20) | 0.20 |
| 03/29/13 | DAB | Further revision to draft subordination summary judgment pleadings in light of Morrison & Foerster and internal comments (1.20) | 1.20 |
| 03/29/13 | DAB | Further review and revision to draft stipulated facts and communication with T. Foudy and B. Kotliar regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, | 0.90 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  44

| | | Allstate and Prudential are defendants (.90) | |
|---|---|---|---|
| 03/29/13 | JDM | Confer with D. Bloom and B. Kotliar regarding subordination summary judgment papers and process for filing same (.20) | 0.20 |
| 03/29/13 | JDM | Review and revise draft of letter requesting discovery relating to AIG's standing to pursue securities claims against the Debors in connection with subordination adversary proceeding (1.20) | 1.20 |
| 03/29/13 | JDM | Review and edit memorandum of law in support of summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.00) | 4.00 |
| 03/29/13 | JDM | Participate in telephone conference with Morrison & Foerster regarding edits to statement of facts in connection with subordination adversary proceeding (1.00) | 1.00 |
| 03/29/13 | JDM | Edit and review stipulated statement of facts in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20) | 1.20 |
| 03/30/13 | TF1 | Conference call with K. Sadeghi on Morrison & Foerster's additional comments to subordination summary judgment brief (.30) | 0.30 |
| 03/30/13 | TF1 | Emails with A. Barrage, M. Gallagher, D. Bloom, D. Mize, and B. Kotliar on Morrison & Foerster's suggested changes to summary judgment brief (.20) | 0.20 |
| 03/30/13 | TF1 | Continue to review and revise summary judgment brief in light of Morrison & Foerster comments (.80) | 0.80 |
| 03/30/13 | MG8 | Review changes to memorandum of law in support of summary judgment on subordination issues circulated by J. Haims and K. Sadeghi of Morrison & Foerster and correspond with T. Foudy, B. Kotliar and D. Mize regarding comments relating to incorporation of statement of facts into the same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70) | 0.70 |
| 03/30/13 | MG8 | Follow up correspondence with D. Mize and B. Kotliar regarding incorporation of changes into statement of facts and memorandum of law in support of Debtors' motion for summary judgment on subordination issue, and remaining open issues for completion of motion papers (.40) | 0.40 |
| 03/30/13 | BMK | Correspond with C. Cu at KCC and M. Gallagher re: email service and deadlines for meeting service | 0.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  45

|  |  |  |  |
|---|---|---|---|
|  |  | requirements for filing cross motion for summary judgment (.20) |  |
| 03/30/13 | BMK | Review all proofs of claim filed by Investors party to subordination cross motions for summary judgment for inclusion as agreed-to exhibits to joint stipulation of proposed facts for use in subordination adversary proceeding (2.20) | 2.20 |
| 03/30/13 | BMK | Revise citations and authorities relied upon attached to Kotliar Declaration for inclusion to memorandum of law in support of cross motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60) | 0.60 |
| 03/30/13 | BMK | Correspondences with D. Mize and D. Bloom re: open issues in memorandum of law (.30) | 0.30 |
| 03/30/13 | SRM | Update citations to the state blue sky laws section of the draft subordination Memorandum of Law (.30) | 0.30 |
| 03/30/13 | DAB | Review of communication from D. Mize, T. Foudy and B. Kotliar regarding draft pleadings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 03/30/13 | DAB | In-depth review of defined terms used in summary judgment memo of law and motion to ensure conformity internally and to stipulated facts, and communication with B. Kotliar and D. Mize regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.40) | 1.40 |
| 03/30/13 | JDM | Review and edit summary judgment Memorandum of Law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.20) | 3.20 |
| 03/31/13 | TF1 | Review and respond to emails from M. Gallagher, B. Kotliar, and D. Bloom with questions regarding subordination summary judgment papers (.30) | 0.30 |
| 03/31/13 | MG8 | Correspond with D. Bloom about relief requested in motion for summary judgment with respect to subordination adversary proceeding (.20) | 0.20 |
| 03/31/13 | MG8 | Correspondence with B. Kotliar, D. Mize and T. Foudy regarding views on inclusion of background facts in the memorandum of law in addition to reliance on statement of stipulated facts for cross motions for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) | 0.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  46

| Date | Staff | Description | Hours |
|---|---|---|---|
| 03/31/13 | MG8 | Numerous correspondences with B. Kotliar and C. Cu of KCC regarding issues with respect to service of summary judgment papers on subordination of Investors' Claims and related review of case management order for resolution of the same (.60) | 0.60 |
| 03/31/13 | MG8 | Review additional changes to memorandum of law in support of summary judgment on subordination issues sent by K. Sadeghi of Morrison & Foerster and correspond with B. Kotliar regarding incorporation of the same (.60) | 0.60 |
| 03/31/13 | MG8 | Correspond w/ B. Kotliar and T. Foudy regarding request for relief in the Debtors' subordination summary judgment motion as well as citation to certain exhibits and conforming definitions for documents related to Debtors' motion for summary judgment (.70) | 0.70 |
| 03/31/13 | BMK | Correspond with T. Foudy and M. Gallagher re: recent updates and comments received from counsel at Morrison & Foerster for memorandum of law in support of motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 0.40 |
| 03/31/13 | BMK | Correspond with T. Foudy, M. Gallagher, and D. Mize re: open issues in pleadings to be filed in subordination adversary proceeding re: cross motions for summary judgment (.20) | 0.20 |
| 03/31/13 | BMK | Numerous conferences with D. Bloom re: open issues in subordination summary judgment memorandum of law and relief sought by motion and proposed order in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/31/13 | BMK | Extensive review and revisions to summary judgment memorandum of law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants to conform to joint stipulation of facts and agreed-to exhibits and previous fact section in opposition to rule 3013 motion (3.50) | 3.50 |
| 03/31/13 | DAB | Multiple discussions with B. Kotliar re: open issues in subordination summary judgment memorandum of law and relief sought by motion and proposed order in which conflict parties including AIG, Allstate and Prudential are defendants (.80) | 0.80 |
| 03/31/13 | JDM | Correspondence with B. Kotliar and S. Morris regarding edits to subordination summary judgment Memorandum of Law (1.20) | 1.20 |

June 18, 2013
Inv # 1580053
Our Ref #  062108-000400

Page  47

TOTAL HOURS                    445.50

**Summary of Services**

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 39.10 | 830 | 32,453.00 |
| Theresa A. Foudy | Partner | 79.90 | 730 | 58,327.00 |
| Maryann Gallagher | Counsel | 67.60 | 625 | 42,250.00 |
| Daniel A. Bloom | Associate | 51.60 | 480 | 24,768.00 |
| Peter Josef Buenger | Associate | 13.10 | 425 | 5,567.50 |
| J. Derek Mize | Associate | 77.00 | 425 | 32,725.00 |
| James Zimmer | Associate | 13.40 | 345 | 4,623.00 |
| Bryan M. Kotliar | Associate | 62.70 | 305 | 19,123.50 |
| Stephanie R. Morris | Associate | 2.20 | 305 | 671.00 |
| John Thomas Weber | Associate | 20.50 | 305 | 6,252.50 |
| Georgia Faust | Legal Assistant | 12.00 | 235 | 2,820.00 |
| Melissa Rutman | Legal Assistant | 1.30 | 235 | 305.50 |
| Alana Dreiman | Legal Assistant | 5.10 | 230 | 1,173.00 |
| | | **445.50** | | **$231,059.00** |

TOTAL SERVICES                    $231,059.00

TOTAL THIS INVOICE                    $231,059.00



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

|  |  |  |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
|  | ABA Routing #: | 021000089 |
|  | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
|  | Account# | 40585074 |

**Mail Checks to -**  Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1580053

| | |
|---|---:|
| Total Services | 231,059.00 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$231,059.00** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

June 18, 2013

Inv. # 1580055
Our Ref. 062108-000410
SJR

Attention:    Residential Capital, LLC

**Re:    Adversary Proceedings and Contested Matters**

---

| | | | |
|---|---|---|---|
| 03/01/13 | MG8 | Brief review of Committee complaint against UMB Bank and Wells Fargo seeking declaratory judgment and related relief with respect to secured status of JSNs and follow-up regarding same for potential conflict purposes (.40) | 0.40 |
| 03/01/13 | DAB | Revise summary and analysis of Committee's complaint against UMC and conflict party Wells Fargo and correspond with B. Kotliar regarding same for conflicts purposes (.80) | 0.80 |
| 03/01/13 | DAB | Correspond with B. Kotliar, M. Gallagher, and D. Mize regarding complaint against UMC and Wells Fargo for conflicts purposes, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 03/01/13 | DAB | Review Committee complaint against UMC and Wells Fargo for purposes of revising analysis of same, for conflicts purposes (.80) | 0.80 |
| 03/13/13 | MJM | Draft correspondence to with S. Reisman re: research issues in connection with purported dispute with JSNs over lien value and entitlement to post-petition interest (.30) | 0.30 |
| 03/13/13 | MJM | Review materials sent by attorneys from Morrison Foerster re: research issues Curtis will assist with, including outline of draft complaint against JSNS, legal memoranda supporting draft complaint, and Creditors' Committees' complaint against JSNS and exhibits thereto (1.50) | 1.50 |
| 03/14/13 | SJR | Attend to issues regarding JSNs and need for adversary proceeding in connection with same to be handled by Curtis as Conflicts Counsel (2.30) | 2.30 |
| 03/14/13 | SJR | Participate in conference call with M. Moscato, S. Engelhardt and others regarding JSN litigation where Curtis will be acting as Conflicts Counsel (1.10) | 1.10 |
| 03/14/13 | SJR | Review documentation and materials regarding JSN claim and possible lack of fully secured claim (.80) | 0.80 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  2

| 03/14/13 | TF1 | Correspondence with M. Moscato on background to Debtors' dispute with JSNs (.20) | 0.20 |
|---|---|---|---|
| 03/14/13 | TF1 | Call with M. Moscato, J. Mosse, and M. Gallagher on issues including JSNs' collateral package (.40) | 0.40 |
| 03/14/13 | MJM | Continue review of background documentation in preparation for call with Morrison & Foerster attorneys re: legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.70) | 0.70 |
| 03/14/13 | MJM | Participate in conference call with S. Reisman, J. Marines, S. Engelhardt and S. Martin re: research issues on which Curtis will assist for conflicts purposes in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest as Wells Fargo and certain noteholders are conflicts parties (1.10) | 1.10 |
| 03/14/13 | MJM | Discussion with D. Bloom re: assignment of legal research issue in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 03/14/13 | MJM | Review JSNs' submission to the Examiner in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/14/13 | MJM | Discussion with M. Gallagher re: background to Residential Capital potential litigation with JSNs (.20) | 0.20 |
| 03/14/13 | MJM | Discussion with J. Mosse (joined by D. Bloom) re: legal research issues to be assigned to them in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60) | 0.60 |
| 03/14/13 | MJM | Teleconference with T. Foudy and M. Gallagher re: background to potential litigation with JSNs (.40) | 0.40 |
| 03/14/13 | MJM | Review Berkshire and Ocwen sale orders in Residential Capital matter for background for legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.70) | 0.70 |
| 03/14/13 | MJM | Continue analysis of legal issues re: JSNs Curtis is analyzing as conflicts counsel in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict | 1.20 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  3

parties (1.20)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 03/14/13 | MG8 | Confer with M. Moscato regarding research project regarding junior secured noteholders' collateral, including follow-up call regarding documents as Wells Fargo and certain noteholders are conflcits parties (.20) | 0.20 |
| 03/14/13 | MG8 | Conference call with T. Foudy, M. Moscato and J. Mosse regarding issues relating to research project regarding Junior Secured Noteholder collateral and documents related to the same (.40) | 0.40 |
| 03/14/13 | MG8 | Review first day declaration, sale orders and financing orders, as well as press releases for information regarding collateral package of Junior Secured Notes in preparation for research requested by Morrision & Foerster due to certain potential and/or actual conflicts with Wells Fargo and certain holders of JSNs (2.40) | 2.40 |
| 03/14/13 | DAB | Confer with J. Mosse and M. Moscato regarding anticipated JSN arguments with respect to secured status and research with respect to same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60) | 0.60 |
| 03/14/13 | DAB | Review of, and email to, J. Mosse and M. Moscato regarding AFI Notes Collateral Order, transcript of Ocwen sale hearing, JSN powerpoint presentation, GM case regarding equitable lien issue, and JSN documents in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.00) | 2.00 |
| 03/14/13 | DAB | Review and analysis of background materials regarding Junior Secured Notes, including review of underlying Indenture and related intercreditor and security agreement, as well as court pleadings related to lien arguments in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.50) | 3.50 |
| 03/14/13 | DAB | Meeting with M. Moscato regarding research with respect to JSN issues and followup regarding same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/14/13 | DAB | Research regarding recent Judge Gerber decisions in the General Motors case pertaining to lien status in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.50) | 1.50 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  4

| Date | Initials | Description | Hours |
|---|---|---|---|
| 03/14/13 | JM | Research and review case law on creditor's ability to have lien on good will generated by sale of asset when creditor does not have lien on underlying asset in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/14/13 | JM | Gather and review ████████████████████████ ████████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.40) | 1.40 |
| 03/14/13 | JM | Call with M. Moscato, T. Foudy and M. Gallagher re details of ResCap sales to Ocwen and Berkshire Hathaway in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/14/13 | JM | Draft email memorandum to M. Moscato re ████████ █████████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/14/13 | JM | Attention to correspondence and case law from J. Marines of Morrison & Foerster re: allocation of good will generated from asset sales in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/14/13 | JM | Meet with M. Moscato, joined by D. Bloom, to discuss research on ability of JSNs to claim lien on good will generated by sale of MSRs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/14/13 | JM | Attend to correspondence from M. Gallagher regarding sale orders from ResCap sales to Ocwen and Berkshire Hathaway in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/15/13 | SJR | Analyze JSNs' potential arguments for being over-secured and legal and factual analysis to support that they are under-secured in connection with litigation being addressed by Curtis as Conflicts Counsel in connection with Wells Fargo, UBS and certain other holders of JSNs (2.30) | 2.30 |
| 03/15/13 | SJR | Attend to coordination of matters with Morrison & Foerster regarding conflict parties and need for involvement in connection with JSN dispute due to potential conflicts with Wells Fargo and certain JSNs (.70) | 0.70 |
| 03/15/13 | AHS | Correspond with J. Mosse and M. Moscato in | 0.60 |

June 18, 2013
Inv # 1580055
Our Ref # 062108-000410

Page 5

|            |     |                                                                                                                                                                                                                                                       |       |
|------------|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
|            |     | connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60)                                                             |       |
| 03/15/13   | AHS | Review J. Mosse outline re: memorandum in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30)                                                                                                 | 0.30  |
| 03/15/13   | AHS | Review J. Mosse email re: UCC issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30)                                                                                                   | 0.30  |
| 03/15/13   | AHS | Confer with J. Mosse re: UCC issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70)                                                                                                    | 0.70  |
| 03/15/13   | MJM | Review background materials in preparation for call with S. Martin of Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.70) | 0.70  |
| 03/15/13   | MJM | Prepare for call with S. Martin in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20)                                                                                                        | 0.20  |
| 03/15/13   | MJM | Conference with S. Martin and D. Bloom and J. Mosse re: legal research issues assigned to Curtis Mallet in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80)                                 | 0.80  |
| 03/15/13   | MJM | Follow-up discussion with D. Bloom and J. Mosse re: legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20  |
| 03/15/13   | MJM | Follow-up correspondence with S. Martin and D. Bloom re: research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30)                                                                | 0.30  |
| 03/15/13   | MJM | Review J. Mosse email updating her legal research as of 7:15 pm in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20)                                                                         | 0.20  |
| 03/15/13   | BMK | Confer with D. Bloom re: factual background to JSNs' and Debtor's secured financing and prepetition collateral issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00  |
| 03/15/13   | BMK | Circulate relevant filings re: JSNs' liens and                                                                                                                                                                                                      | 0.50  |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  6

|            |      | Committee's motion for standing and complaint against JSNs (.50) |      |
|------------|------|------------------------------------------------------------------|------|
| 03/15/13   | DAB  | Analyze JSN, SUN Examiner submissions with respect to lien perfection issues, and review Debtors' reply with respect to same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.20) | 1.20 |
| 03/15/13   | DAB  | Draft Statement of Assumed Facts in connection with Memorandum regarding JSNs' potential arguments with respect to oversecured status in connection with dispute with JSNs over lien value and entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.70) | 1.70 |
| 03/15/13   | DAB  | Confer with M. Moscato, J. Mosse and S. Martin of Morrison & Foerster regarding research issues including secured creditor's right to proceeds of avoidance actions and equitable and automatic liens (.80) | 0.80 |
| 03/15/13   | DAB  | Confer with B. Kotliar re: factual background to JSNs' and Debtor's secured financing and prepetition collateral issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00 |
| 03/15/13   | JM   | Review Creditors' Committee's motion for order authorizing it to prosecute and settle certain claims on behalf of the debtors' estates in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.50 |
| 03/15/13   | JM   | Review Notes Security and Revolver Security Agreements in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/15/13   | JM   | Confer with M. Moscato, D. Bloom, joined by S. Martin at Morrison & Foerster, re: factual background to research issues████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/15/13   | JM   | Correspond with M. Moscato and J. Marines at Morrison & Foerster re: scope of research████████ ████████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/15/13   | JM   | Continue extensive research and review of case law on ability of secured creditor to benefit from enhanced | 5.40 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  7

| | | | |
|---|---|---|---|
| | | value of property in which creditor does not have a security interest in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.40) | |
| 03/15/13 | JM | Confer with A. Seiden re: UCC issues relating to dispute with JSNs over lien value and purported entitlement to post-petition (.70) | 0.70 |
| 03/16/13 | MJM | Review J. Mosse email updating her legal research regarding ███████████████████████████████████ ████████████████████(.40) | 0.40 |
| 03/16/13 | MJM | Participate in teleconference with J. Mosse re: status of her research assignment regarding ███████████ ██████████████████████(.50) | 0.50 |
| 03/16/13 | BMK | Correspond with J. Mosse re: security agreements relevant to JSNs' collateral in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 03/16/13 | DAB | Review email correspondence regarding research from J. Mosse and B. Kotliar in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/16/13 | JM | Draft email to M. Moscato re: case law regarding lien on proceeds of sale in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/16/13 | JM | Participate in call with M. Moscato re: research on valuation of secured claim under Section 506 of the Bankruptcy Code in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.50 |
| 03/16/13 | JM | Draft email to M. Moscato re: American Home Mortgage case in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/16/13 | JM | Review American Home Mortgage (Bankr. D. Del.) case on mortgage servicing rights in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/16/13 | JM | Draft memorandum re: issue of valuation of a secured claim under Section 506(a) of Bankruptcy Code and potential argument regarding ██████████████████ | 4.90 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  8

███████████████████████████ in connection
with dispute with JSNs over lien value and entitlement
to post-petition interest (4.90)

| | | | |
|---|---|---|---|
| 03/16/13 | JM | Research and review case law on ████████████ ████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.10) | 1.10 |
| 03/16/13 | JM | Review case law on potential interest in proceeds of sale without having lien on underlying assets in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/16/13 | JM | Review CRO Discussion Materials received from JSNs and forwarded by J. Marines in connection with dispute with JSNs over collateral value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/17/13 | DAB | Draft summary of preliminary findings with respect to ████████████ under bankruptcy law and relevant state law in connection with dispute with JSNs over collateral value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/17/13 | DAB | Extensive research regarding ████████████ ████████████ under bankruptcy law and relevant state law in connection with anticipated JSN argument regarding same as a result of the prepetition AFI transactions, in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (6.50) | 6.50 |
| 03/17/13 | DAB | Draft summary notes regarding research with respect to ████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 03/17/13 | JM | Continue to draft memorandum re: valuation of a secured claim under Section 506(a) of Bankruptcy Code and potential argument regarding ██████ ████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (5.10) | 5.10 |
| 03/17/13 | JM | Continue to research and review cases discussing ████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (3.60) | 3.60 |
| 03/18/13 | SJR | Attend to analysis of various potential JSN arguments regarding purported liens in prepetition collateral and | 3.40 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  9

|  |  |  |  |
|---|---|---|---|
|  |  | review of research being done in connection with alleged security interests of JSNs and possible under-secured nature of same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.40) |  |
| 03/18/13 | MJM | Confer with D. Bloom and B. Kotliar re: legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/18/13 | MG8 | Correspondences with D. Bloom regarding issues relating to research on JSN matters that Curtis is covering due to potential conflcits with Wells Fargo, UBS and other holders of JSNs and review powerpoint presentation to CRO prepared by Milbank and White & Case outling JSNs' position on various plan related matters in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/18/13 | BMK | Review facts of Debtors' prepetition transactions with AFI and JSNs and circulate links to relevant documents of same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.00) | 1.00 |
| 03/18/13 | BMK | Research secondary sources for ███████████ ███████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20) | 3.20 |
| 03/18/13 | BMK | Numerous conferences and correspondence throughout the day with D. Bloom re: research and follow up to research re: ███████████ ███ avoidance action liens for memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/18/13 | BMK | Conference with M. Moscato and D. Bloom re: status of researching ███████████ and creditor's rights to avoidance recoveries in bankruptcy (.40) | 0.40 |
| 03/18/13 | DAB | Meet with M. Moscato and B. Kotliar regarding progress on research (.40) | 0.40 |
| 03/18/13 | DAB | Coordinate with A. Dreiman regarding General Motors docket tracking in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/18/13 | DAB | Prepare for meeting with M. Moscato regarding | 0.60 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  10

|            |     |                                                                                                                                                                                                                                                            |       |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|-------|
|            |     | research progress on equitable and other types of liens (.60)                                                                                                                                                                                              |       |
| 03/18/13   | DAB | Extensive further research regarding ████████ ████████████████████ and analysis of same in light of relevant facts and governing documents including Indenture, Security Agreement, Intercreditor and prior JSN and SUN Examiner submissions (3.50)        | 3.50  |
| 03/18/13   | DAB | Further research regarding ████████████ ████████ and analysis of same in light of relevant facts and governing documents including Indenture, Security Agreement, Intercreditor and prior JSN and SUN submissions (.50)                                    | 0.50  |
| 03/18/13   | DAB | Research regarding various ████████ and analysis of same in light of relevant facts and governing documents including Indenture, Security Agreement, Intercreditor and prior JSN and SUN submissions in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties(4.00) | 2.80  |
| 03/18/13   | DAB | Confer and correspond throughout the day with B. Kotliar re: research and follow up to research re: ████████ memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20)                          | 1.20  |
| 03/19/13   | SJR | Review analysis of ████████████ with respect to JSN's and under-secured nature of claims in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (2.20)                                                   | 2.20  |
| 03/19/13   | SJR | Analysis of JSNs' claims regarding potential liens on avoidance action recoveries in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.10) | 1.10  |
| 03/19/13   | MJM | Discussion with D. Bloom re legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20)             | 0.20  |
| 03/19/13   | MG8 | Meet with J. Zimmer regarding preparation of materials for CMH Holdings payment dispute (.20)                                                                                                                                                             | 0.20  |
| 03/19/13   | MG8 | Draft correspondence to T. Smith regarding request to escalate CMH Holdings dispute with Cerberus, and staffing relating to the same (.30)                                                                                                                | 0.30  |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  11

| | | | |
|---|---|---|---|
| 03/19/13 | MG8 | Draft correspondence to S. Reisman re: potential litigation against Cerberus in connection with CMH Holdings dispute (.30) | 0.30 |
| 03/19/13 | BMK | Draft portions of memo re: avoidance proceeds as subject to prepetition liens in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.60) | 3.60 |
| 03/19/13 | BMK | Attend to multiple conferences and correspondence with D. Bloom re: extensive revisions to lien avoidance research memorandum (1.60) | 1.60 |
| 03/19/13 | BMK | Research inside and outside Second Circuit re: whether liens may attach to avoidance action proceeds in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.80) | 5.80 |
| 03/19/13 | DAB | Analysis of arguments made in JSN and SUN examiner submission with respect to proceeds of avoidance actions in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/19/13 | DAB | Email to B. Kotliar regarding inclusion of potential avoidance action proceeds discussion in draft memorandum in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.10) | 0.10 |
| 03/19/13 | DAB | Review case law and secondary sources regarding avoidance actions and section 544 of the Bankruptcy Code in connection with memorandum regarding JSNs' potential claims regarding same (1.80) | 1.80 |
| 03/19/13 | DAB | Draft detailed summary of facts of Judge Gerber's GM decision in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties and apply same to present research issue and circulate same to M. Moscato (.60) | 0.60 |
| 03/19/13 | DAB | Further review of ▌▌▌▌▌▌▌▌▌▌ case law per discussion with M. Moscato re: same, in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/19/13 | DAB | Outline and begin draft memorandum regarding ▌▌▌▌▌▌▌▌▌▌s in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.30) | 1.30 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  12

| | | | |
|---|---|---|---|
| 03/19/13 | DAB | Review and extensive analysis of Judge Gerber's lengthy GM decision regarding validity of UCC termination statements based on presence or absence of authority and extensive review of supporting pleadings filed in connection with same, in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.10) | 5.10 |
| 03/19/13 | DAB | Discussion with M. Moscato re research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/19/13 | JM | Correspond re: valuation of secured claim and extent of creditor's liens with M. Moscato in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/19/13 | JM | Update memorandum re: Section 506(a) of the Bankruptcy Code and extent of creditor's liens per discussion with M. Moscato in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.80) | 2.80 |
| 03/19/13 | JM | Research and review additional case law related to potential extent of creditor's lien when creditor does not have security interest in underlying asset in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.30) | 1.30 |
| 03/19/13 | JZ | Confer and correspond with M. Gallagher regarding preparation of materials in connection with background to CMH Holdings payment dispute (.20) | 0.20 |
| 03/19/13 | JZ | Prepare for meeting regarding███████████████ in connection with CMH payment dispute (.80) | 0.80 |
| 03/20/13 | SJR | Review documentation regarding dispute with Cerberus and update on call with client regarding strategy for moving forward with potential litigation for efforts to resolve matters amicably without an adversary proceeding (1.20) | 1.20 |
| 03/20/13 | TPS | CMH Holdings: review background to dispute for client call regarding████████████████████ (.70) | 0.70 |
| 03/20/13 | TPS | Conference call with L. Delehey and D. Marquardt and J. Zimmer and M. Gallagher regarding Cerberus dispute (.30) | 0.30 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  13

| 03/20/13 | MJM | Review J. Gerber's opinion in the GM adversary proceeding in connection with D. Bloom's legal research memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.80) | 0.80 |
| 03/20/13 | MJM | Review J. Mosse legal research memo re: JSN issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | MJM | Meet with J. Mosse re: her legal research memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | MJM | Meet with D. Bloom and B. Kotliar re: J. Gerber opinion and D. Bloom's legal research memo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | MJM | Teleconference with J. Marines re: legal research issues and memos in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 03/20/13 | MJM | Review prior Curtis memos on valuation and post-filing interest in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest in order to send them to J. Marines (.50) | 0.50 |
| 03/20/13 | MJM | Follow-up correspondence with D. Bloom re: his legal research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/20/13 | MG8 | Participate in call with L. Delehy and T. Smith and J. Zimmer regarding CMH Holdings payment dispute and potential efforts to elevate matter (.30) | 0.30 |
| 03/20/13 | MG8 | Follow-up email to D. Marquardt regarding CMH Holdings payment dispute matter (.20) | 0.20 |
| 03/20/13 | BMK | Assist D. Bloom in drafting memorandum re: JSNs' liens and avoidance issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.50) | 3.50 |
| 03/20/13 | BMK | Additional follow-up research re: facts underlying cases relied upon in memo re: JSNs' liens and avoidance issues for application to Debtors (1.80) | 1.80 |
| 03/20/13 | BMK | Review and revise memorandum re: JSNs' liens and avoidance issues for factual accuracy, case citations, citation accuracy, and general edits (3.10) | 3.10 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  14

| | | | |
|---|---|---|---|
| 03/20/13 | BMK | Confer with M. Moscato and D. Bloom re: ███████ ██████████ and follow up correspondence re: same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | BMK | Draft footnotes for inclusion in JSN lien memo supplementing main issues with relevant additional key legal analysis (1.50) | 1.50 |
| 03/20/13 | BMK | Review secondary sources ███████████ ████████████████ for memo in connection with subordination adversary proceeding (1.10) | 1.10 |
| 03/20/13 | BMK | Attend meeting with J. Mosse and D. Bloom re: status of research memo and additional research issues (.30) | 0.30 |
| 03/20/13 | DAB | Review of B. Kotliar research regarding avoidance action proceeds in connection with dispute with JSNs over lien value and entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00 |
| 03/20/13 | DAB | Extensive research and review of case law and secondary materials regarding ██████████ ██████████████ ██████████████████ ██████████████ with respect to same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.30) | 5.30 |
| 03/20/13 | DAB | Correspond with S. Reisman regarding format of draft memorandum regarding JSN issues (.10) | 0.10 |
| 03/20/13 | DAB | Meet with M. Moscato and B. Kotliar regarding status of research with respect to proceeds of avoidance actions and ████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | DAB | Correspond with J. Mosse regarding status of ███████████ research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/20/13 | DAB | Correspond with B. Kotliar and M. Moscato regarding integration of ███████████ and avoidance memoranda in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  15

| 03/20/13 | DAB | Further drafting of portion of JSN memorandum regarding ████████████████████████ ████████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.50) | 2.50 |
|----------|-----|---|------|
| 03/20/13 | DAB | Correspond with A. Dreiman regarding retrieval of unpublished pleadings in connection with research memorandum with respect to disputes with JSN over extent of liens and collateral values (.20) | 0.20 |
| 03/20/13 | DAB | Correspond with M. Moscato regarding potential JSN ratification argument in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/20/13 | DAB | Call with J. Mosse and B. Kotliar regarding additional research issues and next steps in connection with JSN lien issues (.30) | 0.30 |
| 03/20/13 | DAB | Further research regarding ████████████████ ████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.50) | 1.50 |
| 03/20/13 | DAB | Correspond with B. Kotliar regarding avoidance research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest and provide direction for followup research regarding same (.50) | 0.50 |
| 03/20/13 | JM | Draft portion of memorandum to Morrison & Foerster re: briefs and decisions citing In re Chateaugay in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.60) | 1.60 |
| 03/20/13 | JM | Draft executive summary portion of memorandum to Morrison & Foerster re: ████████████████████ ████████████████████████████████████████ ████████████████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/20/13 | JM | Review case law re: whether an asset sale generated goodwill in connection with drafting memorandum to Morrison & Foerster regarding dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  16

| | | | |
|---|---|---|---|
| 03/20/13 | JM | Draft portion of memorandum to Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest re: decisions on allocation of sale proceeds amongst encumbered assets (1.70) | 1.70 |
| 03/20/13 | JM | Review case law on ▓▓▓▓▓▓▓▓▓▓▓ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/20/13 | JM | Draft portion of memorandum to Morrison & Foerster re: case law on limitation of secured claim to extent of underlying collateral in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.60) | 0.60 |
| 03/20/13 | JM | Review case law and briefs citing In re Chateaugay in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/20/13 | JM | Draft email to M. Moscato re: ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/20/13 | JM | Review case law re: limitation of secured claim to extent of underlying collateral in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.10) | 1.10 |
| 03/20/13 | JM | Call with D. Bloom and B. Kotliar re: ▓▓▓▓▓▓ portion of memorandum to Morrison & Foerster and ▓▓▓▓▓▓ case law in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/20/13 | JM | Meet with M. Moscato re: memorandum of Section 506(a) and on addressing ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ in connection with dispute with JSNs over lien value and entitlement to post-petition interest (.50) | 0.50 |
| 03/20/13 | JM | Update portion of memorandum to Morrison & Foerster re: cases addressing ▓▓▓▓▓▓▓ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.30) | 1.30 |
| 03/20/13 | JZ | Review Joint Venture agreement and purchase agreement of CMH Holdings and other related documents in connection with ▓▓▓▓▓▓▓ in connection with payment dispute (.90) | 0.90 |
| 03/20/13 | JZ | Confer and correspond with M. Gallagher regarding | 0.30 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  17

|  |  | strategy and next steps in connection with █████ ████████████████ connection with CMH Holdings dispute with Cerberus (.30) |  |
|---|---|---|---|
| 03/20/13 | JZ | Conference call with L. Delehey, D. Marquardt, T. Smith and M. Gallagher regarding Cerberus dispute (.30) | 0.30 |
| 03/21/13 | MJM | Review and edit current version of J. Mosse legal research memo re: JSN lien dispute (.80) | 0.80 |
| 03/21/13 | MJM | Meeting with J. Mosse to discuss revisions to her legal research memo to JSN lien dispute (1.00) | 1.00 |
| 03/21/13 | MG8 | Confer with N. Rosenbaum regarding issues relating to disputes with Cerberus in connection with CMH Holdings payment dispute (.20) | 0.20 |
| 03/21/13 | GF | Review and organize internal reference materials and correspondence re: Junior Secured Noteholders litigation at request of M. Moscato (.90) | 0.90 |
| 03/21/13 | BMK | Finalize JSN lien memo and submit for S. Reisman and M. Moscato review by resolving open issues in facts, case citations, relevant legal and factual accuracy of cases relied upon, and application to facts of ResCap case in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (6.50) | 6.50 |
| 03/21/13 | BMK | Additional research re: ███████████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.60) | 1.60 |
| 03/21/13 | BMK | Draft memo section re: ████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest with particular focus on recent Judge Glenn decisions on the subject (1.50) | 1.50 |
| 03/21/13 | DAB | Followup research and drafting of section of memorandum regarding JSN security interest perfection and avoidance action proceeds in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.30) | 2.30 |
| 03/21/13 | DAB | Research regarding impact of ███████████████████████████████████████ with respect to same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.50) | 1.50 |

| | | | |
|---|---|---|---|
| 03/21/13 | DAB | Correspondence with B. Kotliar regarding potential distinction between ██████████████████ ██████████████ with respect to this issue in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/21/13 | DAB | Extensive research regarding ██████████████ ████████████████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (4.30) | 4.30 |
| 03/21/13 | DAB | Review of Judge Glenn cases pertaining to ████████ ███████and review of draft insert for JSN lien memorandum regarding same in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/21/13 | DAB | Correspond with B. Kotliar regarding inclusion in memorandum of additional case regarding ████████ ████████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.20) | 0.20 |
| 03/21/13 | DAB | Review draft insert for JSN lien memorandum regarding section 550 of the Bankruptcy Code in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 03/21/13 | DAB | Revise draft JSN lien memorandum in advance of sending same to M. Moscato for review, with B. Kotliar (1.30) | 1.30 |
| 03/21/13 | DAB | Email draft memorandum regarding JSN lien issues to M. Moscato with cover email (.10) | 0.10 |
| 03/21/13 | DAB | Draft email to M. Moscato regarding status of draft memorandum (.10) | 0.10 |
| 03/21/13 | JM | Meet with M. Moscato re: portion of memorandum to Morrison & Foerster ███████████████████ ████████████████████ ████████████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00 |
| 03/21/13 | JM | Update portion of memorandum to Morrison & Foerster | 3.90 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  19

|            |     | ███████████████████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest per M. Moscato's comments (3.90) |      |
|------------|-----|-------------|------|
| 03/22/13 | SJR | Attend to review of Memorandum regarding JSN ███████████████████████████ in connection with JSN lien dispute and whether or not JSNs are under-secured, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.70) | 1.70 |
| 03/22/13 | MJM | Edit draft memo re: ███████████ issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.20) | 1.20 |
| 03/22/13 | MJM | Meeting with D. Bloom and B. Kotliar re: draft memo re: ███████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.90) | 0.90 |
| 03/22/13 | BMK | Revise memorandum per comments of M. Moscato to reflect updated section headings, revised application to facts, and additional emphasis on relevant legal views taken by courts on subject analyzed in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20) | 3.20 |
| 03/22/13 | BMK | Confer with M. Moscato and D. Bloom re: JSN lien memo edits and open structural and substantive issues (.90) | 0.90 |
| 03/22/13 | BMK | Circulate draft of JSN lien memo to S. Reisman and M. Moscato for review (.20) | 0.20 |
| 03/22/13 | BMK | Assist D. Bloom in revising relevant sections of JSN lien memorandum per M. Moscato's comments (1.50) | 1.50 |
| 03/22/13 | DAB | Communicate with B. Kotliar to address additional revisions to draft JSN memorandum in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, in advance of circulation to S. Reisman (.70) | 0.70 |
| 03/22/13 | DAB | Draft cover email to accompany draft JSN lien memo for S. Reisman (.10) | 0.10 |
| 03/22/13 | DAB | Correspond with M. Moscato regarding status of draft JSN lien memo for S. Reisman (.10) | 0.10 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  20

| 03/22/13 | DAB | Correspond with B. Kotliar regarding several additional edits to JSN lien memorandum regarding ███████ ███████ prior to circulation (.10) | 0.10 |
| 03/22/13 | DAB | Extensive revisions to draft JSN lien memorandum to incorporate and address M. Moscato comments and followup research queries, update short answers and conclusions regarding potential arguments ███████ ███████ ███████ ███████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.30) | 3.30 |
| 03/22/13 | DAB | Research regarding burden of proof with respect to ███████ ███████ ██ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.10) | 1.10 |
| 03/22/13 | DAB | Meet with M. Moscato and B. Kotliar regarding draft memorandum regarding JSNs' purported ability to recover proceeds under avoidance action in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.90) | 0.90 |
| 03/22/13 | DAB | Review additional research issues to address M. Moscato comments to draft memorandum regarding JSNs' purported ability to recover proceeds of avoidance action (.80) | 0.80 |
| 03/24/13 | BMK | Research re: additional bases to deny lien on avoidance recoveries in connection with preparation of memorandum to be sent to Morrison & Foerster regarding JSNs' purported ability to recover proceeds under avoidance action, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.70) | 1.70 |
| 03/24/13 | DAB | Review draft memorandum regarding JSNs' purported ability to recover proceeds of avoidance action in advance of circulation to Morrison & Foerster (.80) | 0.80 |
| 03/25/13 | BMK | Finalize memoranda re: ███████ ███████ ███████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest and email to M. Moscato (.50) | 0.50 |
| 03/25/13 | DAB | Additional edits to draft memorandum regarding JSNs' | 0.50 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  21

|  |  |  |  |
|---|---|---|---|
|  |  | ability to recover proceeds under avoidance action in advance of circulation to Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) |  |
| 03/26/13 | AHS | Teleconference with M. Moscato and J. Mosse re: UCC lien issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.50 |
| 03/26/13 | AHS | Research re: UCC issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.40) | 1.40 |
| 03/26/13 | MJM | Conference call with J. Marines re: follow-up to legal research issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/26/13 | MJM | Meeting with J. Mosse and A. Seiden and B. Kotliar re: ▮▮▮▮▮▮▮▮▮▮ follow-up legal research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/26/13 | MJM | Meeting with B. Kotliar re: follow-up avoidance legal research issue (.30) | 0.30 |
| 03/26/13 | BMK | Correspondence with J. Mosse re: indenture, pledge and security agreement, and intercreditor agreement in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.20) | 0.20 |
| 03/26/13 | BMK | Review follow up research issues from Morrison & Foerster re: research memoranda re: ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ (.40) | 0.40 |
| 03/26/13 | BMK | Perform follow up research to memorandum re: ▮▮▮ ▮▮▮▮▮▮▮▮▮▮ per follow up questions of Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.10) | 3.10 |
| 03/26/13 | BMK | Meeting with M. Moscato re: follow-up avoidance legal research issue re: JSNs liens (.30) | 0.30 |
| 03/26/13 | JM | Confer with M. Moscato, B. Kotliar, and A. Seiden re: follow-up research issues requested by J. Marines on liens on ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ in connection with dispute with JSNs over lien value and purported entitlement to post-petition | 0.50 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  22

|  |  |  |  |
|---|---|---|---|
|  |  | interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) |  |
| 03/27/13 | AHS | Draft email to J. Mosse regarding ███████████ ███████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.10) | 0.10 |
| 03/27/13 | AHS | Review stalking horse APA in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/27/13 | AHS | Review Security Agreement in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/27/13 | AHS | Review Stalking Horse Bid Motion in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
| 03/27/13 | AHS | Teleconferences with J. Mosse in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/27/13 | MJM | Particiipate in portion of teleconference with J. Marines, J. Mosse, and B. Kotliar regarding follow-up legal research issues in connection with ████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 03/27/13 | BMK | Teleconference with M. Moscato, J. Mosse, and J. Marines at Morrison & Foerster re: updates and revisions to JSN-related memoranda to incorporate follow up research proposed by Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.80) | 0.80 |
| 03/27/13 | BMK | Perform additional research to address follow-up issues raised by J. Marines at Morrison & Foerster re: memorandum re: ███████████████ ██████████████████████ ██████████████████████ ████████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (5.50) | 5.50 |
| 03/27/13 | JM | Draft email to and correspond with S. Martin re: scope of JSNs' security interest under security agreement in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  23

| | | | |
|---|---|---|---|
| 03/27/13 | JM | Draft email to M. Moscato re: call with A. Seiden on ███████ issue, in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.10) | 0.10 |
| 03/27/13 | JM | Review Amended and Restated Third Priority Pledge and Security Agreement and Irrevocable Proxy dated as of December 30, 2009 among ResCap, US Bank and Wells Fargo in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.30) | 0.30 |
| 03/27/13 | JM | Call with J. Marines and B. Kotliar, joined by M. Moscato, re: follow-up research on extent of JSNs' liens and ███████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/27/13 | JM | Call with A. Seiden re: ███████ in connection with follow-up research from J. Marines related to dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |
| 03/27/13 | JM | Research ███████ in connection with follow-up research from J. Marines regarding JSN lien dispute (1.70) | 1.70 |
| 03/28/13 | SJR | Attend to review of draft Complaint seeking Declaratory Judgment against JSNs in the ResCap case in connection with JSN lien dispute where Curtis is acting as Conflicts Counsel with respect to certain Noteholders and note comments regarding same (2.80) | 2.80 |
| 03/28/13 | SJR | Follow up regarding matters related to ███████ in connection with JSN potential litigation claims (1.30) | 1.30 |
| 03/28/13 | MJM | Meet with D. Bloom and B. Kotliar re: legal issues raised on yesterday's conference call with J. Marines (.50) | 0.50 |
| 03/28/13 | MJM | Begin review of Morrison & Foerster's draft Declaratory Judgment Adversary Complaint against the JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.20) | 1.20 |
| 03/28/13 | BMK | Review and revise memo regarding JSN lien avoidance issues in light of recent updates per J. Marines' request in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.80) | 0.80 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  24

| | | | |
|---|---|---|---|
| 03/28/13 | BMK | Draft portions of updated JSN avoidance memo to reflect follow up research in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.00) | 1.00 |
| 03/28/13 | BMK | Review and revise draft adversary complaint from Morrison & Foerster in connection with dispute with JSNs over lien value and entitlement to post-petition interest (.80) | 0.80 |
| 03/28/13 | BMK | Review relied upon cases and authorities for JSN avoidance issue in memo with D. Bloom in connection with dispute with JSNs over lien value and entitlement to post-petition interest (.50) | 0.50 |
| 03/28/13 | BMK | Perform additional research re: ███████████ ███████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.10) | 1.10 |
| 03/28/13 | BMK | Conferences with D. Bloom re: ███████████ ███████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80) | 0.80 |
| 03/28/13 | BMK | Conference with M. Moscato and D. Bloom re: follow up research for Memo requested by J. Marines at Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/28/13 | BMK | Assist D. Bloom in drafting update to JSN avoidance issue in memo with specific attention to s███████ ███████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (3.50) | 3.50 |
| 03/28/13 | BMK | Additional research re: ███████████ ███████████in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.60) | 1.60 |
| 03/28/13 | DAB | Correspondence and conferences with B. Kotliar regarding J. Marines of Morrison & Foerster follow up research questions in connection with memorandum on JSN avoidance issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties, and discussion of plan with respect to same (1.10) | 1.10 |
| 03/28/13 | DAB | Followup research regarding███████████████ ███████████████████████in | 2.80 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  25

|  |  |  |  |
|---|---|---|---|
|  |  | connection with J. Marines of Morrison & Foerster follow up research questions in connection with Memorandum on JSN avoidance issues (2.80) |  |
| 03/28/13 | DAB | Incorporation of followup JSN avoidance action research into revised memorandum (1.50) | 1.50 |
| 03/28/13 | DAB | Meet with M. Moscato and B. Kotliar regarding followup research for J. Marines in connection with JSN avoidance issues (.50) | 0.50 |
| 03/28/13 | DAB | Review, analyze and comment on draft adversary complaint seeking declaratory judgment with respect to extent of JSNs' liens in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (2.30) | 2.30 |
| 03/28/13 | DAB | Followup research regarding ████████████ ████████████ in connection with J. Marines followup research questions in connection with Memorandum on JSN avoidance action issues in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.50) | 2.50 |
| 03/28/13 | JM | Review and comment on Debtors' draft adversary complaint to determine extent of liens and for declaratory judgment (.40) | 0.40 |
| 03/29/13 | SJR | Attend to review of draft Adversary Complaint concerning JSNs' security interest and issues in connection with JSN lien dispute, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.30) | 1.30 |
| 03/29/13 | TF1 | Correspond with M. Moscato on draft complaint concerning JSN's collateral (.30) | 0.30 |
| 03/29/13 | MJM | Continued review and editing of Morrison & Foerster's draft Declaratory Judgment Adversary Complaint against the JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.80) | 1.80 |
| 03/29/13 | MJM | Drafting session with D. Bloom (joined by J. Mosse) to create a revised redlined version of the above draft Declaratory Judgment Adversary Complaint against the JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.40) | 2.40 |
| 03/29/13 | MJM | Follow-up conversation with J. Mosse re revised version of draft Declaratory Judgment Adversary Complaint against the JSNs (.70) | 0.70 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  26

| 03/29/13 | BMK | Attend portion of call with M. Moscato and D. Bloom re: discussions of changes to draft declaratory judgment adversary complaint in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.40) | 0.40 |
|---|---|---|---|
| 03/29/13 | BMK | Conferences with D. Bloom re: status of follow up memo and edits/comments to draft declaratory judgment adversary complaint in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.50) | 0.50 |
| 03/29/13 | BMK | Assist J. Mosse re: JSN security agreements, Ally loan documents, and intercreditor agreement in connection with dispute with JSNs over lien value and entitlement to post-petition interest (.30) | 0.30 |
| 03/29/13 | BMK | Draft portions of JSNs' memo re: clarification of issues research (.70) | 0.70 |
| 03/29/13 | BMK | Research re: additional issues under ███████████ ████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.80) | 1.80 |
| 03/29/13 | DAB | Further communication with J. Mosse regarding further comments to JSN declaratory judgment adversary complaint (.30) | 0.30 |
| 03/29/13 | DAB | Review and analyze prepetition agreements referenced in draft adversary complaint seeking declaratory judgment with respect to JSNs' liens (.80) | 0.80 |
| 03/29/13 | DAB | Confer and correspond with M. Moscato and J. Mosse regarding Curtis comments to draft adversary complaint seeking declaratory judgment with respect to JSN's liens, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.00) | 1.00 |
| 03/29/13 | DAB | Confer and correspond with M. Moscato and J. Mosse regarding Curtis comments to draft adversary complaint seeking declaratory judgment with respect to JSN's liens, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.50) | 0.50 |
| 03/29/13 | JM | Call with M. Moscato re: comments to Debtors' draft adversary complaint seeking declaratory judgment with respect to JSNs' liens, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.70) | 0.70 |
| 03/29/13 | JM | Review portion of Debtors' draft adversary complaint relating to lien on AFI LOC Collateral and cross reference documents cited therein to check accuracy of block quotes and argument in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.70) | 0.70 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  27

| 03/29/13 | JM | Call with M. Moscato and D. Bloom re: comments to Debtors' draft adversary complaint seeking declaratory judgment with respect to JSNs' liens (.90) | 0.90 |
|---|---|---|---|
| 03/29/13 | JM | Draft email to S. Engelhardt re comments to Debtors' draft adversary complaint seeking declaratory judgment with respect to JSNs' liens (.10) | 0.10 |
| 03/29/13 | JM | Confer with D. Bloom re comments to Debtors' draft adversary complaint seeking declaratory judgment with respect to JSNs' liens (.10) | 0.10 |
| 03/29/13 | JM | Review updated draft adversary complaint, incorporating comments from D. Bloom and M. Moscato, and input additional comments based upon conversation with M. Moscato in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.60) | 1.60 |
| 03/30/13 | DAB | Further research per J. Marines of Morrison & Foerster request regarding ▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉n connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.00) | 2.00 |
| 03/31/13 | SJR | Attend to review of issues related to JSN litigation in connection with JSN lien dispute and analysis being done by Curtis as Conflicts Counsel with respect to Wells Fargo, UBS and other holders of JSNs in connection with same including with respect to equity exception and avoidance action proceeds issues (1.40) | 1.40 |
| 03/31/13 | BMK | Discuss revisions and comments to updated revised memorandum re:▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉with D. Bloom to reflect incorporated follow-up research per questions of J. Marines at Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60) | 0.60 |
| 03/31/13 | DAB | Extensive analysis and revision to draft memorandum per J. Marines followup regarding▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20) | 3.20 |

June 18, 2013
Inv # 1580055
Our Ref #  062108-000410

Page  28

TOTAL HOURS                    295.10

## Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 23.60 | 830 | 19,588.00 |
| Turner P. Smith | Partner | 1.00 | 830 | 830.00 |
| Andrew H. Seiden | Partner | 6.20 | 800 | 4,960.00 |
| Michael J. Moscato | Partner | 27.10 | 785 | 21,273.50 |
| Theresa A. Foudy | Partner | 0.90 | 730 | 657.00 |
| Maryann Gallagher | Counsel | 6.10 | 625 | 3,812.50 |
| Daniel A. Bloom | Associate | 92.80 | 480 | 44,544.00 |
| Julia Mosse | Associate | 60.70 | 435 | 26,404.50 |
| James Zimmer | Associate | 2.50 | 345 | 862.50 |
| Bryan M. Kotliar | Associate | 73.30 | 305 | 22,356.50 |
| Georgia Faust | Legal Assistant | 0.90 | 235 | 211.50 |
| | | **295.10** | | **$145,500.00** |

TOTAL SERVICES                         $145,500.00

## Summary of Expenses

| | | |
|---|---|---|
| Duplicating | | 43.70 |

TOTAL EXPENSES                         $43.70

TOTAL THIS INVOICE                     $145,543.70



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**       Bank:                Citibank
                          ABA Routing #:       021000089
                          F/B/O:               Curtis Mallet-Prevost Colt & Mosle LLP
                          Account#             40585074


**Mail Checks to -**      Curtis Mallet-Prevost Colt & Mosle LLP
                          General Post Office
                          P.O. Box 27930
                          New York, NY 10087-7930


                          Residential Capital, LLC
                          Inv. # 1580055


                          Total Services                    145,500.00

                          Total Expenses                         43.70

                          Applied Credit                          0.00
                                                          _____
                          **Total This Invoice**            **$145,543.70**


**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS
Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                        June 12, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                        Inv. # 1580052
Fort Washington  PA 19034                              Our Ref. 062108-000700
                                                       SJR

Attention:    Residential Capital, LLC

**Re:   Curtis Retention/Billing/Fee Applications**

---

| | | | |
|---|---|---|---|
| 03/05/13 | JZ | Correspond with G. Faust regarding preparation of December fee statement and second interim fee application all in accordance with UST guidelines, including revisions to charts of same (.20) | 0.20 |
| 03/07/13 | JZ | Review and revise draft of second interim fee application in accordance with UST guidelines, including numerous revisions to charts and summary narratives contained in same (1.10) | 1.10 |
| 03/08/13 | BMK | Multiple correspondence with J. Zimmer and M. Gallagher re: drafting narratives and other portions of Second Interim Fee Statement (.50) | 0.50 |
| 03/08/13 | BMK | Draft narratives portion of Second Interim Fee Application with specific attention to detailing work performed by Curtis attorneys during the Second Fee Period, all in accordance with UST guidelines (2.20) | 2.20 |
| 03/08/13 | RMS | Update charts for second interim fee application, per the request of B. Kotliar (1.80) | 1.80 |
| 03/08/13 | JZ | Correspond with B. Kotliar regarding revisions to second interim fee application and December fee statement, all in accordance with the UST guidelines (.20) | 0.20 |
| 03/11/13 | SJR | Review draft of Second Interim Fee Application of Curtis Mallet as Conflicts Counsel for ResCap and note comments regarding same (.60) | 0.60 |
| 03/11/13 | MG8 | Review and revise draft of second interim fee application, including revisions to chart and summary narratives on same with particular focus on compliance with Amended Guidelines issued by the Bankruptcy Court (1.50) | 1.50 |
| 03/11/13 | BMK | Multiple correspondence with J. Zimmer re: second interim fee application edits and relevant S.D.N.Y. procedures and guidelines (.50) | 0.50 |
| 03/11/13 | BMK | Multiple correspondence with M. Gallagher re: edits | 0.30 |

June 12, 2013
Inv # 1580052
Our Ref #  062108-000700

Page  2

|  |  | and updates re: Second Interim Fee Application (.30) |  |
|---|---|---|---|
| 03/11/13 | JZ | Review and revise draft of second interim fee application including revisions to charts and narratives contained in same, all in accordance with UST guidelines (.60) | 0.60 |
| 03/12/13 | BMK | Confer throughout the day with J. Zimmer re: open issues re: Second Interim Fee Application and work on same (.70) | 0.70 |
| 03/12/13 | BMK | Revise Second Interim Fee Application per edits of M. Gallagher to reflect updates to narratives describing work performed by Curtis attorneys all in accordance with UST guidelines (.80) | 0.80 |
| 03/12/13 | BMK | Correspondence with N. Moss at MoFo re: notice parties to Second Interim Fee Application (.20) | 0.20 |
| 03/12/13 | RMS | Continue to update the Second Interim Fee Application including update expense breakdown for same (2.90) | 2.90 |
| 03/12/13 | JZ | Work with B. Kotliar on reviewing and revising draft of second interim fee application in accordance with UST guidelines (.20) | 0.20 |
| 03/13/13 | MG8 | Review and revise of Second Interim Fee Application for Curtis, including numerous correspondences with B. Kotliar regarding same (.50) | 0.50 |
| 03/13/13 | BMK | Multiple conferences with J. Zimmer re: open issues re: Second Interim Fee Application including issues related to service of same (.50) | 0.50 |
| 03/13/13 | BMK | Review procedural requirements of UST Guidelines, SDNY Guidelines, general order M-447, and case guidelines from MoFo and conform Second Interim Fee Application (1.20) | 1.20 |
| 03/13/13 | BMK | Email correspondence with M. Gallagher and E. Richards at Morrison & Foerster re: holdback amounts re: Second Interim Fee Application (.20) | 0.20 |
| 03/13/13 | BMK | Coordinate with R. Srulowitz re: calculation of blended rates and cover sheet amounts for Second Interim Fee Application (.50) | 0.50 |
| 03/13/13 | RMS | Continue to update the Second Interim Fee Application, including revisions to charts and narratives contained in same, all in accordance with UST guidelines and work with B. Kotliar on calculation of blended rate and cover sheet amounts for same (4.00) | 4.00 |
| 03/13/13 | AD | Prepare, assemble and transmit December 2012 Monthly Fee Statement to Service List, D. McFadden, J. Shank, E. Richards, L. Guido and R. Nielsen (1.00) | 1.00 |

June 12, 2013
Inv # 1580052
Our Ref #  062108-000700

Page  3

| 03/13/13 | JZ | Review and revise drafts of December fee statement and second interim fee application, including charts of same, all in accordance with the UST guidelines (.30) | 0.30 |
|---|---|---|---|
| 03/14/13 | MG8 | Attend to final review and comment on Curtis' Second Interim Fee Application and matters relating to completion of the same, including numerous communications with B. Kotliar regarding finalization, filing and service of the same (1.30) | 1.30 |
| 03/14/13 | GF | Revise, finalize and file the Second Interim Application for Professional Compensation (3.00) | 3.00 |
| 03/14/13 | BMK | Attend to filing and resolve multiple issues re: filing Second Interim Fee Application (1.20) | 1.20 |
| 03/14/13 | BMK | Email as filed Second Interim Fee Application to T. Hamzehpour and E. Richards (.10) | 0.10 |
| 03/14/13 | BMK | Attend to internal issues re: amounts received and holdback amounts per First Fee Order with J. Zimmer, M. Gallagher and R. Srulowitz (.50) | 0.50 |
| 03/14/13 | BMK | Numerous correspondences with S. Reisman re: edits/comments to Second Interim Fee Application and approval to file (.50) | 0.50 |
| 03/14/13 | BMK | Review and revise Second Interim Fee Application to reflect edits/comments of S. Reisman, M. Gallagher and J. Zimmer, December fee statement, internal department figures, and other changes (2.40) | 2.40 |
| 03/14/13 | BMK | Coordinate production of court courtesy copies of Second Interim Fee Application (.20) | 0.20 |
| 03/14/13 | BMK | Correspondence with M. Gallagher re: status and filing of Second Interim Fee Application (.50) | 0.50 |
| 03/14/13 | RMS | Finalize Second Interim Fee Application and confer with B. Kotliar, J. Zimmer and M. Gallagher re: same (3.10) | 3.10 |
| 03/14/13 | JZ | Confer and correspond with B. Kotliar and M. Gallagher regarding issues related to finalizing, filing, and serving Curtis' second interim fee application (.40) | 0.40 |
| 03/15/13 | GF | Prepare chambers letter and chambers copies re: Second Interim Fee Application as filed 3/14/13 (1.70) | 1.70 |
| 03/15/13 | BMK | Coordinate court copies and draft letter re: Second Interim Fee Application (.40) | 0.40 |
| 03/25/13 | SJR | Review of Objection of U.S. Trustee to Second Interim Fee Application and attend to efforts to resolve same including providing explanation to U.S. Trustee regarding certain matters (.30) [all time not billed as courtesy to client] | 0.30 |

June 12, 2013
Inv # 1580052
Our Ref # 062108-000700

Page 4

| Date | | Description | Hours |
|------|------|-------------|-------|
| 03/25/13 | MG8 | Review objections filed by the U.S. Trustee to second interim fee applications and follow-up with S. Reisman regarding same (.50) | 0.50 |
| 03/26/13 | MG8 | Telephone conference w/ B. Driscoll of U.S. Trustee's office to discuss omnibus objection to second interim fee application and US Trustee's preferred method for addressing objections, and follow-up with S. Reisman regarding the same (.30) | 0.30 |

TOTAL HOURS      38.90

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|-------|-------|------|--------|
| Steven J. Reisman | Partner | 0.90 | 830 | 747.00 |
| Maryann Gallagher | Counsel | 4.10 | 625 | 2,562.50 |
| James Zimmer | Associate | 3.00 | 345 | 1,035.00 |
| Bryan M. Kotliar | Associate | 13.40 | 305 | 4,087.00 |
| Georgia Faust | Legal Assistant | 4.70 | 235 | 1,104.50 |
| Rebecca M. Srulowitz | Legal Assistant | 11.80 | 235 | 2,773.00 |
| Alana Dreiman | Legal Assistant | 1.00 | 230 | 230.00 |
| | | **38.90** | | **$12,539.00** |

**TOTAL SERVICES**      $12,539.00

**TOTAL THIS INVOICE**      $12,539.00



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**  Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1580052

| | |
|---|---|
| Total Services | 12,539.00 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$12,539.00** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington   PA 19034

July 24, 2013

Inv. # 1584488
Our Ref. 062108-000100
SJR

Attention:    Residential Capital, LLC

**Re:  Case Administration**

---

| 04/02/13 | BP | Update internal case calendar to reflect upcoming omnibus hearing dates, hearing date regarding motion for relief from automatic stay and relevant deadlines as set by Court (.30) | 0.30 |
|---|---|---|---|
| 04/04/13 | MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, including numerous notices, objections to stay relief and correspondence to Court (.50) | 0.50 |
| 04/05/13 | MG8 | Attend to review of recent docket activity including numerous filings regarding foreclosure review, operating report of Examiner, extension of time to remove actions and other notices and correspondence in connection with Curtis' role as Debtor's Conflicts Counsel (.80) | 0.80 |
| 04/07/13 | SJR | Attend to review of AFI's Supplemental Brief In Support of Objection to Debtors' Proceedings regarding FRB Foreclosure Review in connection with conflict matters for the ResCap Estate (.80) | 0.80 |
| 04/08/13 | MG8 | Review recent docket activity, including motion seeking to extend cash collateral and related materials in connection with Curtis' role as Debtors' conflicts counsel (70) | 0.70 |
| 04/09/13 | MG8 | Review of recent docket activity, including numerous filings relating to hearing to be held on April 11, Employee retention and incentive plans, the Committee's preclusion motion and the motion to reclassify obligations under the Fed. Consent Order as general unsecured claims in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |
| 04/12/13 | MG8 | Review docket activity for the day, including several memorandum opinions, stipulations regarding stay relief, various orders and notices in connection with Curtis' role as conflicts counsel for the Debtors (.70) | 0.70 |
| 04/12/13 | GF | Update internal case calendar re: scheduling of hearing on Committee's Motion for Standing to Prosecute | 0.50 |

July 24, 2013
Inv # 1584488
Our Ref #   062108-000100

Page   2

Claims Against the Debtors' Parent AFI (.50)

| | | | |
|---|---|---|---|
| 04/15/13 | MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |
| 04/16/13 | MG8 | Review recent docket activity, including order approving Key Employee Retention Plan, in connection with Curtis' role as Debtors' conflicts counsel (.50) | 0.50 |
| 04/18/13 | MG8 | Review recent docket activity, including statement of special counsel to the Committee, in connection with Curtis' role and Debtors' conflicts counsel (.50) | 0.50 |
| 04/19/13 | MG8 | Review statement of Citibank with respect to the Debtors' continued use of cash collateral, as Citibank is a potential conflict party (.20) | 0.20 |
| 04/22/13 | MG8 | Attend to review of recent docket activity including order approving supplement to case management order and objections to use of cash collateral in connection with Curtis role as Debtors' conflicts counsel (.50) | 0.50 |
| 04/22/13 | RMS | Update internal case calendar to reflect change in date of Hearing on Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute and Settle Certain Claims on Behalf of the Debtors' Estates, per the request of M. Gallagher (.30) | 0.30 |
| 04/23/13 | MG8 | Review recent docket activity, including notice of rejection of executory contracts and declaration in support of relief from stay, in connection with Curtis' role as Debtors' conflicts counsel and follow-up related to the same (.50) | 0.50 |
| 04/25/13 | MG8 | Attend to review of recent docket activity, including stipulation and order amending AFI DIP, in connection with Curtis' role as Debtors' conflicts counsel (.80) | 0.80 |
| 04/29/13 | MG8 | Attend to review of recent docket activity in connection with Curtis' role as Debtors' conflicts counsel, in particular as it related to matters scheduled for April 30 hearings, the Debtors' request to extend exclusive periods, and Committee's motion for standing to prosecute certain causes of action that were subject of Examiner's submissions (.80) | 0.80 |

TOTAL HOURS          10.00

July 24, 2013
Inv # 1584488
Our Ref #   062108-000100

Page    3

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 0.80 | 830 | 664.00 |
| Maryann Gallagher | Counsel | 8.10 | 625 | 5,062.50 |
| Georgia Faust | Legal Assistant | 0.50 | 235 | 117.50 |
| Rebecca M. Srulowitz | Legal Assistant | 0.30 | 235 | 70.50 |
| Brittany Patane | Legal Assistant | 0.30 | 235 | 70.50 |
| | | **10.00** | | **$5,985.00** |

**TOTAL SERVICES**                                                $5,985.00

### Summary of Expenses

| | Amount |
|---|---|
| External Photocopy Services | 154.60 |
| Pacer - ECF | 31.90 |

**TOTAL EXPENSES**                                                $186.50

**TOTAL THIS INVOICE**                                          $6,171.50



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

**Wire Funds to -**    Bank:              Citibank
                       ABA Routing #:     021000089
                       F/B/O:             Curtis Mallet-Prevost Colt & Mosle LLP
                       Account#           40585074

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
                       General Post Office
                       P.O. Box 27930
                       New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1584488

| | |
|---|---:|
| Total Services | 5,985.00 |
| Total Expenses | 186.50 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$6,171.50** |

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

July 24, 2013

Inv. # 1584491
Our Ref. 062108-000320
SJR

Attention:    Residential Capital, LLC

**Re:    Claims Administration and Objections**

---

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 04/01/13 | TF1 | Review email from Morrison & Foerster's M. Rothchild with question regarding PNC's claims and attached proof of claim filed by PNC, as PNC is a conflict party (.40) | 0.40 |
| 04/01/13 | MG8 | Review correspondence from M. Rothchild of Morrison & Foerster regarding SBO servicing documents for PNC Mortgage in connection with review of PNC Mortgage proofs of claim (.30); review SBO servicing files and transmit relevant documents to M. Rothchild (.80) | 0.80 |
| 04/02/13 | MG8 | Correspond with M. Rothchild of Morrison & Foerster regarding potential objections to proofs of claims filed by PNC Mortgage with respect to SBO servicing (.20) | 0.20 |
| 04/03/13 | TF1 | Follow-up on locating and transmitting to M. Rothchild of Morrison & Foerster contracts pertinent to responding to PNC Proof of Claim, as PNC is a conflict party (.40) | 0.40 |
| 04/18/13 | SJR | Attend to review of Omnibus Claims Objection, Declaration and proposed Order in connection with claims where Curtis is acting as Conflicts Counsel for ResCap with respect to claim Objections and sign-off on same (1.10) | 1.10 |
| 04/19/13 | SJR | Confer with M. Gallagher regarding Objection to Claims of Bank of America, PNC and other parties where Curtis is acting as Conflicts Counsel (.30) | 0.30 |
| 04/19/13 | TF1 | Review and edit draft omnibus claims objections and proposed orders (2.10) | 2.10 |
| 04/19/13 | MG8 | Attend to correspondence from M. Rothchild of Morrison & Foerster regarding Curtis' potential need to be adverse to Bank of America entities, Merrill, PNC Mortgage and other parties in connection with upcoming claims objections and related follow-up with S. Reisman and T. Foudy (.50) | 0.50 |
| 04/21/13 | SJR | Review documentation supporting Ominibus Objection | 0.80 |

July 24, 2013
Inv # 1584491
Our Ref #  062108-000320

Page  2

| | | | |
|---|---|---|---|
| | | to Claims where Curtis is acting as Conflicts Counsel for ResCap related to PNC Mortgage, Bank of America and certain other parties (.80) | |
| 04/21/13 | MG8 | Review and comment on draft documents for first, second and third omnibus objections to claims, as PNC Mortgage, Bank of America and certain other conflict parties are intended to be subject to those omnibus claims objections (1.20) | 1.20 |
| 04/22/13 | SJR | Review and revise First Omnibus Objection to Claims with respect to late-filed claims and review of attached Declaration in Support of same (1.10) | 1.10 |
| 04/22/13 | MG8 | Compare T. Foudy comments to draft omnibus claims objections papers to my comments and coordinate implementation of collective comments with P. Buenger (.70); attend to correspondence with M. Rothchild of Morrison & Foerster regarding revisions to draft omnibus claims objections and related follow-up with P. Buenger re: same (.50) | 1.20 |
| 04/22/13 | PJB2 | Revise Third Omnibus Objection to Claims amended and superseded against the Debtors and attached Declaration of D. Horst in Support of Omnibus Objection and Proposed Order Approving Omnibus Objection due to certain conflict parties' proofs of claims included within omnibus objection (1.40); revise First Omnibus Objection to Claims late-filed against the Debtors and attached Declaration of D. Horst in Support of Omnibus Objection and Proposed Order Approving Omnibus Objection due to certain conflict parties' proofs of claims included within omnibus objection (2.20); review excel sheets and draft exhibits to Debtors' First, Second and Third Omnibus Objections to Claims to ensure correct proofs of claims listed on the exhibits fall into proper categories of the related objections (.30); further revisions to First, Second and Third Omnibus Objections to Claims by the Debtors pursuant to comments and discussions with M. Gallagher (.60); finalize and provide revised various Omnibus Objections with redline versions to M. Gallagher to share with Debtors' lead counsel (.30); multiple discussions and correspondence with M. Gallagher throughout the day re: reviewing and revising multiple omnibus objections to claims and related declarations and proposed orders in connection with same due to certain conflict parties and objected proofs of claims (.50); revise Second Omnibus Objection to Duplicate Claims against the Debtors and attached Declaration of D. Horst in Support of Omnibus Objection and Proposed Order Approving Omnibus Objection due to certain conflict parties' proofs of claims included within omnibus objection (1.60) | 6.90 |
| 04/23/13 | PJB2 | Review various claims and excel sheet for conflicts | 1.60 |

July 24, 2013
Inv # 1584491
Our Ref #  062108-000320

Page  3

purposes with respect to filing Debtors' omnibus
objections to claims based upon duplicate claims,
late-filed claims and claims amended and superseded
(1.40); draft follow-up correspondence to M. Gallagher
re: same (.20)

TOTAL HOURS                18.60

**Summary of Services**

|  | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 3.30 | 830 | 2,739.00 |
| Theresa A. Foudy | Partner | 2.90 | 730 | 2,117.00 |
| Maryann Gallagher | Counsel | 3.90 | 625 | 2,437.50 |
| Peter Josef Buenger | Associate | 8.50 | 425 | 3,612.50 |
|  |  | **18.60** |  | **$10,906.00** |

**TOTAL SERVICES**                          $10,906.00

**TOTAL THIS INVOICE**                    $10,906.00



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1584491

| | |
|---|---|
| Total Services | 10,906.00 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$10,906.00** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK   10178-0061

Residential Capital, LLC                                    July 24, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                            Inv. # 1584493
Fort Washington   PA 19034                                 Our Ref. 062108-000400
                                                           SJR

Attention:    Residential Capital, LLC

Re:   **General Litigation Matters**

---

| | | | |
|---|---|---|---|
| 04/01/13 | SJR | Review of documentation in connection with stipulated undisputed facts and agreed to exhibits in connection with cross-motions for Summary Judgment by Residential Capital and by Allstate, AIG, Prudential and other defendants and review and comment on same (2.80); review Notice of Motion for Summary Judgment as well as Motion for Summary Judgment and Memorandum of Law in support of Motion for Summary Judgment on behalf of Residential Capital with respect to argument that investor claims are subordinated pursuant to Section 510(b) of the Bankruptcy Code and review case law and final sign-off on motion for filing (1.90); attention to issues regarding Subordination Adversary Proceeding and further provide comments and edits to Motion for Summary Judgment (1.40) | 6.10 |
| 04/01/13 | TF1 | Review Morrison & Foerster comments to summary judgment brief and confer with K. Sadeghi of Morrison & Foerster on same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); confer with M. Gallagher on comments to summary judgment brief and supporting papers (.30); review and respond to multiple emails from opposing counsel concerning requested changes to stipulated facts and exhibits (.70); review and attend to matters concerning requested additional exhibits (.60); attend to matters concerning finalization of draft summary judgment papers, including review and edit of motion, notice of motion, stipulated facts, and brief (6.30); confer with M. Gallagher and B. Kotliar on issues surrounding logistics of service and filing of summary judgment papers (.20); review and respond to G. Lee inquiry regarding recent information on potential issue related to ████████ and review ████████ ████████ in connection with response to same (.90) | 9.80 |
| 04/01/13 | MG8 | Attend to correspondence with T. Foudy and K. Sadeghi regarding comments of Lowenstein, Sandler to statement of stipulated facts and related follow up in which conflict parties including AIG, Allstate and Prudential are defendants (.30); revise memorandum of | 7.70 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   2

law in support of Debtors' motion to summary judgment in accordance with recent comments of K. Sagedhi of Morrison & Foerster and related follow-up with T. Foudy (.80); numerous conversations with S. Morris throughout day regarding creation of tables for memorandum of law and completion of cite checking (.40); confer with T. Foudy regarding issues related to request for denial of Investors' 3013 Motion and strategy with respect to the same in connection with subordination adversary proceeding (.30); revise motion for summary judgment, proposed order and notice of motion for summary judgment to make consistent with relief requested in Complaint seeking subordination of Investor Claims and case management orders, etc., including related follow-up with B. Kotliar with respect to the same (1.70); review and comment on 7056-1 Statement and follow-up with B. Kotliar with comments to the same (.40); review several additional exhibits for statement of facts and agreed exhibits for cross motions for summary judgment supplied by S. Shelley of Quinn Emanuel, counsel to several defendants, and coordinate with B. Kotliar regarding preparation of the same for filing (1.00); further revise memorandum of law in support of Debtors' Motion for Summary Judgment in connection with subordination Complaint per recent comments of A. Barrage of Morrison & Foerster, and follow-up with B. Kotliar and T. Foudy regarding the same (1.10); revise memorandum of law to reflect decision to incorporate agreed stipulation of facts and remove separate statement of facts and related follow-up with T. Foudy (.60); review and comment on latest draft of memorandum of law in support of Debtors' motion for summary judgment and follow-up with B. Kotliar with respect to the same (.50); confer with B. Kotliar regarding ████████████████████████████████ in follow-up to inquiry of G. Lee regarding ██████████████████████████████████ and review findings with respect to the same for potential relevance to subordination motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); confer with T. Foudy and B. Kotliar re: service and filing procedures (.20)

| | | |
|---|---|---|
| 04/01/13  BMK | Correspond with M. Gallagher re: updates to notice and proposed order re: relief sought and edits received by counsel for the Debtors at Morrison & Foerster (.30); review notice and motion with proposed order to reflect changes to relief sought and coordinate requested relief with other documents to be filed contemporaneously that evening (.80); multiple correspondences with. T. Foudy and M. Gallagher and counsel for Investors represented by Quinn and Zuckerman re: necessary documents for joint | 10.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    3

stipulation of agreed to facts and exhibits (.90); review and revise citations to joint stipulation of facts, agreed-to exhibits, declarations and other exhibits/authorities relied upon by summary judgment papers (2.40); multiple correspondences with S. Morris re: table of authorities for memorandum of law and updated cite check of all authorities cited and relied upon in pleadings to be filed in adversary proceeding 13-01262 (.70); review and revise joint stipulation of undisputed facts for adversary proceeding 13-01262 re: revisions to exhibits list per comments from counsel for parties in interest, proofs of claims attached as exhibits, and various changes by parties in interest (1.40); perform cite check of various sections of memorandum of law to check for accuracy of propositions cited and accuracy of authority relied upon (1.30); ensure accuracy of exhibit attached by Quinn as counsel for investors scheduling investors' proofs of claims to ensure accuracy of purported claims (.70); research and explain ████████████ ████████████████████████████ (.90); follow up conference with M. Gallagher re: same to discuss standing arguments (.50); confer with T. Foudy and M. Gallagher re: service and filing procedures confirmed with KCC (.20)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/01/13 | SRM | Highlight and categorize all authorities in the Memorandum of Law in preparation for the creation of the Table of Authorities in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.50); confirm accuracy of citations to all legal authorities relied upon in same (7.60) | 9.10 |
| 04/01/13 | JDM | Review and edit summary judgment memorandum of law in connection with subordination adversary proceeding (2.30); attend to draft of letter asserting document requests concerning AIG's standing to bring securities claims (2.00) | 4.30 |
| 04/02/13 | SJR | Attend to issues regarding finalizing Motion for Summary Judgment related to subordination of Investor claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential and review comments of various parties to final documentation (2.20) | 2.20 |
| 04/02/13 | TF1 | Confer with A. Zinman on drafting stand-alone back-up papers if agreement not reached on stipulated facts with defendants in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); confer with M. Gallagher on process for filing and finalizing papers and back-up plan if agreement not reach with defendants on stipulated facts (.50); multiple | 6.60 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    4

emails with defense counsel on final comments and
sign-off to stipulated facts and exhibits for motion for
summary judgment on subordination complaint (.90);
review comments by Morrison & Foerster to subordination
brief (.40); attend to finalization of summary judgment
motion papers, including reviews/edits and incorporation
of comments into brief, notice, motion, and stipulated facts
(4.50)

| | | | |
|---|---|---|---|
| 04/02/13 | MG8 | Supervise filing of Debtors' papers in connection with Motion for Summary Judgment in adversary proceeding seeking subordination of Investors' Claims in which conflict parties including AIG, Allstate and Prudential are defendants and Rule 7056-1 Statement of Stipulated Facts and Agreed-To Exhibits (.80); attend to finalization and filing of Rule 7056-1 Statement of Stipulated Facts and 26 Agreed-To Exhibits, including adjustment implementation of final comments from various signatories including Defendants and other parties in interest, and numerous related communications with S. Shelley of Quinn, A. Behlman of Lowenstein, L. Neish of Zuckerman, T. Foudy, B. Kotliar and G. Faust (3.50); attend to finalization and filing of memorandum of law in support of Debtors' motion for summary judgment seeking subordination of Investors' Claims, including resolving issues relating to remaining comments of Morrison & Foerster, issues with tables of contents and authorities, including numerous conversations with B. Kotliar, T. Foudy, S. Morris and G. Faust (2.10); several telephone conferences and additional communications with C. Cu of KCC regarding issues related to service of same filings (.40); confer with T. Foudy re: process for finalizing, filing and serving summary judgment motion papers (.50) | 7.30 |
| 04/02/13 | GF | Coordinate with C. Cu of KCC re: service of pleadings filed in connection with summary judgment in adversary proceeding today in which conflict parties including AIG, Allstate and Prudential are defendants (.40); attend to preparations of pleadings filed today for purposes of service to counsel and chambers copy at request of B. Kotliar (1.30); assist B. Kotliar throughout the day with the preparation, revisions, finalization and filing of pleadings relating to Summary Judgment in the Adversary Proceeding including Motion, Notice of Motion, Memorandum of Law and Local Rule 7506-1 Stipulation along with agreed upon exhibits (5.20) | 6.90 |
| 04/02/13 | BMK | Circulate email of Debtors' filings in adversary proceeding 13-01262 to attorneys involved on case and parties also receiving hardcopy and email service as a courtesy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); review and revise joint stipulation of facts and agreed to exhibits by | 13.40 |

July 24, 2013
Inv # 1584493
Our Ref #  062108-000400

Page   5

reviewing underlying documents for accuracy, reviewing recent correspondences re: proposed changes, and updating facts to finalize for filing (2.20); multiple correspondences with C. Cu at KCC and M. Gallagher re: procedures and deadlines for complying with case management order by filing and serving in accordance with same (.80); review and revise final version of draft brief to address final open issues and ensure accuracy of authorities, defined terms, and relief sought (.80); conferences with P. Buenger re: prior versions of proposed facts and edits to memorandum of law (.50); coordinate production of exhibits and cover sheets with M. Rutman for joint stipulation of facts and agreed to exhibits to be filed in adversary proceeding 13-01262 (.50); numerous conferences with S. Morris and administrative personnel re: ▓▓▓▓▓▓▓▓▓▓ relied upon in memorandum of law in support of motion for summary judgment (1.40); conference call with C. Cu at KCC and M Gallagher re: deadlines for filing cross motions for summary judgment papers and service procedures to comply with case management order for general and special service lists (.20); coordinate ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with administrative personnel to ensure ability to appropriately file on the docket due to document restrictions (.30); conferences with A. Zinman re: update on status on joint stipulation of proposed facts and exhibits and prior versions of draft facts (.40); review and ensure accuracy of all cited exhibits attached to joint stipulation of facts for Summary Judgment cross-motion (1.00); review and ensure accuracy of all documents to be filed (notice, motion, proposed order, memorandum of law and stipulation of facts and exhibits) to prepare same for filing (.70); input final edits from A. Behlman at Lowenstein Sandler and circulate revised updated joint stipulation of proposed facts and agreed to exhibits to T. Foudy and M. Gallagher (.40); revise all summary judgment pleadings per final comments and edits of Morrison & Foerster, T. Foudy, and M. Gallagher (1.10); numerous conferences with M. Rutman and G. Faust re: preparations of exhibits for attachment to joint stipulation of facts and agreed to exhibits to be field in adversary proceeding 13-01262 (1.50); attend to and supervise G. Faust filing of joint stipulation of facts and 26 agreed to exhibits, notice of motion, motion for summary judgment with proposed order, and memorandum of law in support of motion (1.30)

| | | |
|---|---|---|
| 04/02/13  SRM | Review Table of Authorities generated by Word Processing, noting all changes to be made to summary judgment papers where conflict parties AIG, Allstate, and Prudential are defendants (1.10); incorporate edits to the Table of Authorities, incorporating changes from B. Kotliar T. Foudy, and M. Gallagher (5.50); conduct further citation checks in Westlaw for the Memorandum | 7.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   6

of Law for T. Foudy to ensure accuracy of authorities relied upon (.50)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/02/13 | DAB | Review extensive correspondence related to Debtors' summary judgment motion and memorandum of law in support seeking subordination of the securities claims of certain investors (including AIG, Prudential and Mass Mutual) (.90); extensive correspondence with B. Kotliar regarding filing issues, Investors' arguments, and post-filing steps in connection with subordination summary judgment motions and related filings (1.60) | 2.50 |
| 04/02/13 | PJB2 | Coordinate with Curtis Word Processing Center and M. Gallagher to incorporate final revisions prior to filing memorandum of law in support of summary judgment motion against Investors, including AIG, Allstate, and Prudential (.30); conferences with B. Kotliar re: finalizing summary judgment motion against Investors to be filed in adversary proceeding and resolving open issues in connection with same (.50); review and provide comments to memorandum of law in support of summary judgment motion against Investors' claims and subordination of same (1.30); review underlying documents including contracts and Debtors' opposition to Investors' claims in preparation for final review and revisions to memorandum of law in support of summary judgment motion against Investors' claims and subordination of same (2.30) | 4.40 |
| 04/02/13 | MR2 | Assist B. Kotliar with preparation of exhibits and other materials to be including in filing of joint stipulation of facts in adversary proceeding later today in which conflict parties including AIG, Allstate and Prudential are defendants (1.30) | 1.30 |
| 04/02/13 | ABZ | Confer with T. Foudy re: filing non-consensual statement of facts and proceeding on SJM papers (.30); revise summary judgment papers (notice, proposed order, motion, memorandum of law and local 7056-1 statement) and prepare all for filing in the event the parties can not agree on stipulated undisputed facts and exhibits in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.80 |
| 04/03/13 | SJR | Review investors' Motion for Summary Judgment and Notice in connection with same including review of cases and arguments cited in connection with allowance of claims which Residential Capital claims should be subordinated pursuant to Section 510 of the Bankruptcy Code (3.70); review issues related to ▮▮▮▮▮▮ in connection with ▮▮▮▮▮▮▮▮▮ ▮▮▮ (.80) | 4.50 |
| 04/03/13 | TF1 | Review emails with counsel to AIG concerning settlement discussions (.10); review ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ | 1.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    7

████████████ in connection with subordination
adversary proceeding in which conflict parties including
AIG, Allstate and Prudential are defendants (1.20)

| | | | |
|---|---|---|---|
| 04/03/13 | MG8 | Attend to correspondence with T. Foudy regarding Investors' cross-motions for summary judgment on section 510 subordination (.20); review cross-motions for summary judgment filed by AIG, Allstate, Prudential and MassMutual, NCUAB, RMBS Trustees and Lowenstein clients (1.70); review and take notes on updated submission to Examiner in response to Committee's and SUNs' submission, with focus on ████████████ ████████ in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.60); coordinate with B. Kotliar regarding organization and distribution of cross-motions for summary judgment filed by RMBS Trustees, AIG parties, NCUAB and Lowenstein clients in connection with subordination adversary proceeding (.30); confer with D. Bloom and B. Kotliar on research required to respond to same and preparation of outline arguments with respect to same (.30); attend to completion of letter to chambers transmitting summary judgment papers filed by Debtors in connection with adversary proceeding seeking subordination of Investors' Claims (.20) | 3.30 |
| 04/03/13 | GF | Draft cover letter to chambers re: submission of courtesy copies of 4/2/13 summary judgment filings including coordination with B. Kotliar and M. Gallagher on same in connection with subordination adversary proceeding (.70); prepare and assemble materials for chambers copy submission and internal case team reference re: same as per B. Kotliar including communication with B. Kotliar re: details to same (2.50) | 3.20 |
| 04/03/13 | BMK | Coordinate and assist G. Faust with production of chambers copies, draft letter to court explaining recently filed documents, hard disk containing exhibits and filings, and all filings with exhibits in connection with subordination adversary proceeding (1.20); review all pleadings filed on April 2 re: cross motions for summary judgment in adversary proceeding 13-01262 including cross motions, notices, and statements (1.70); confer with M. Gallagher and D. Bloom re: open research questions raised in summary judgment papers (.30); coordinate production of documents filed by all parties in interest on April 2 re: cross motions for summary judgment and circulate to T. Foudy, M. Gallagher, D. Mize, and D. Bloom (.20) | 3.40 |
| 04/03/13 | DAB | Review as-filed versions of Debtors' and Investors' subordination summary judgment papers in connection with preparation for drafting of opposition to same in connection with subordination adversary proceeding in | 11.00 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   8

which conflict parties including AIG, Allstate and Prudential are defendants (.40); review Investors' subordination summary judgment motion and notice of motion in connection with preparation for drafting of opposition to same (2.30); communication with B. Kotliar regarding Investors' pleadings in connection with preparation for drafting of opposition to same (.60); review sources cited in Investors' summary judgment motion in connection with preparation for drafting of opposition to same (1.70); further review and analysis of cited cases in Investors' Summary Judgment Motion in connection with preparation for drafting of opposition to same (2.00); draft detailed outline and analysis of Investors' subordination summary judgment motion and key citations in connection with preparation for drafting of opposition to same, including analysis of Investors' arguments pertaining to innaplicability of subordination pursuant to sections 510(a) through (c) of the Bankruptcy Code in light of ███████ and discussion of classification of claims by Investors in connection with subordination of their claims (3.70); confer with M. Gallagher and B. Kotliar re: open research questions raised in summary judgment papers (.30)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/03/13 | PJB2 | Read and review motion of AIG, the Allstate Entities, Massachusetts Mutual Life Insurance and the Prudential Entities for summary judgment filed against the Debtors adversary proceeding for subordination of claims filed by same in preparation for assisting in drafting an opposition to the same (1.10) | 1.10 |
| 04/04/13 | SJR | Continue review of case law in connection with Summary Judgment Motion related to subordination of securities laws claims and correspondence related to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); attend to issues regarding Summary Judgment in connection with subordination of Investor claims and review of case law regarding same as well as materials prepared by D. Bloom for responding to SJM papers (1.30) | 3.60 |
| 04/04/13 | TF1 | Review and edit latest draft of response submission to SUNs' and Committee's March Examiner submission in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (1.80); discuss same with M. Gallagher (.20) incorporate M. Gallagher changes into draft of comments sent to Morrison & Foerster (.40); edit draft letter to AIG seeking discovery on standing issue related to subordination adversary proceeding (.40); confer with D. Bloom on case binders, preparation of argument outline, research issues, and staffing for opposing securities fraud claimants' motion for | 4.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   9

summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); meet with R. Dawes to discuss research issue regarding ███████████ for opposing summary judgment motion (.50); confer with M. Gallagher on staffing for opposing securities fraud claimants' motion for summary judgment (.20)

| 04/04/13 | MG8 | Confer with T. Foudy regarding research required to respond to Investors' cross-motions for summary judgment and staffing with respect to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); draft comments to Debtors' most recent draft of submission to Examiner in response to Committee's and SUNs' recent submissions and coordinate with T. Foudy regarding the same in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (.70); confer with T. Foudy regarding same (.20) | 1.10 |

| 04/04/13 | BMK | Review summary of arguments raised by cross motions for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70); review and revise draft outline of arguments related to same in order to provide framework for research team and assignments for drafting opposition papers (.30) | 1.00 |

| 04/04/13 | DAB | Correspondences with B. Kotliar regarding assembly of cases cited by Investors in their subordination summary judgment motion and direction to B. Kotliar regarding cases to be included in same (.50); confer with T. Foudy regarding cases cited by Investors in their subordination summary judgment motion (.60); review same with focus on Investors' argument that the Trusts lack "person" status under Bankruptcy Code and case law, including analysis of cases cited by Investors in support of "person" argument in connection with preparation for drafting of opposition to same (2.00); correspondence with T. Foudy regarding coordination with R. Dawes and E. Combs on Bankruptcy Code Section 510(a) and (b) research in preparation for drafting of opposition to Investors' subordination summary judgment motion (.20); correspondence with B. Kotliar regarding analysis of ███████████ in connection with preparation for drafting of opposition to Investors' subordination summary judgment motion (.40); review of underlying securitization documentation in order to analyze same in light of Investors' subordination-related arguments (1.40); draft and revise detailed analysis of Investors' subordination summary judgment motion and arguments that their claims should not be subordinated | 9.40 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    10

under each of subsection 510(a), (b), and (c), and
extensive summary, discussion and analysis of key cases
cited in Investors' subordination summary judgment
motion (4.30)

| | | | |
|---|---|---|---|
| 04/04/13 | ARD | Begin review of relevant case filings and exhibits in connection with arguments re: securities "of" debtor or affiliate per Bankruptcy Code section 510 in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.00); confer with T. Foudy re: status of case and arguments re: same (.50) | 3.50 |
| 04/05/13 | SJR | Attend to review of submissions by Investors and RMBS Trustee in connection with subordination of securities claims and review of defenses to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.70); attend to review of Investor Summary Judgment Motion and underlying case law in connection with subordination under Section 510 of potential securities claims (2.30); review securitization documentation in connection with analysis of subordination claims (1.30) | 6.30 |
| 04/05/13 | TF1 | Follow-up on scheduling of initial case management conference for subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, including call with K. Sadeghi regarding same and emails with Investors' counsel on same (.40); review and take notes on submissions by Investors and RMBS Trustees on summary judgment motions on subordination of securities claims (1.50); review ▮▮▮▮▮▮▮▮▮▮▮ used in securitizations in connection with same (.40); review certain caselaw on ▮▮▮▮▮▮▮▮ in connection with same (.30); review summary of arguments made by Quinn and chart of same (.60); attend to assignment and explanation of various research projects needed for drafting opposition to Quinn's summary judgment motion (.90) | 4.10 |
| 04/05/13 | GF | Draft index and prepare and assemble binders regarding Stipulation for cross-motions for Summary Judgment in which conflict parties including AIG, Allstate and Prudential are defendants and related exhibits for internal reference at request of B. Kotliar (1.90) | 1.90 |
| 04/05/13 | BMK | Review and revise outline of arguments raised by Investors' cross motion for summary judgment per edits/comments of D. Bloom (1.30); numerous conferences with D. Bloom re: outline and summary sheet for responding to arguments raised by Investors' cross motion for summary judgment (.80); review | 4.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    11

Investors' cross motion for summary judgment for arguments to include in draft chart outlining submission to coordinate draft response (1.60); coordinate production of authorities relied upon by Investors' cross motion for summary judgment with M. Rutman (.40); coordinate with G. Faust for internal production of exhibits attached to Joint Stipulation filed in connection with cross motions for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20)

| 04/05/13 | DAB | Final edits to draft outline of Investors' subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); revisions to same to incorporate comments from M. Gallagher, T. Foudy and B. Kotliar (.40); draft detailed chart setting forth point-by-point analysis of Investors' subordination arguments for purpose of ▇▇▇▇▇▇▇ potential inclusion in draft opposition to Investors' subordination summary judgment motion (3.90); review and analysis of Debtors' PLS Trust securitization documents in connection with various assertions made by Investors with respect to the Trust certificates in order to ▇▇▇▇▇▇▇ Trust certificates, for purpose of preparing draft opposition to Investors' subordination summary judgment motion (.90); conferences with B. Kotliar re: same including discussion of the outline and summary sheet responding to relevant arguments (.80) | 6.80 |

| 04/05/13 | MR2 | Prepare case law binder in connection with Investors' cross motion for summary judgment at the request of B. Kotliar in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.10) | 3.10 |

| 04/05/13 | ARD | Begin legal research re: Bankruptcy Code definitions of "affiliate," "person," "corporation," "entity" and "business trust" under Bankruptcy Code for purposes of subordination under section 510(b) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30) | 2.30 |

| 04/06/13 | SJR | Attend to review of issues in connection with 510(b) subordination claim in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and review of research, underlying documentation and internal analysis of claims in connection with summary | 2.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    12

judgment (2.80)

| | | | |
|---|---|---|---|
| 04/06/13 | EC | Review and analyze pleadings in Investor securities law claim adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and formulate strategy for countering Investor arguments, particularly focusing on claim that subordination ███████ ████████████████ (3.90); conduct research relating to Lone Star case and related precedent to formulate argument that 510(a) can ██████ ████████████████████ (1.20); conduct research relating to use section 510(a) to subordinate separate fraud claim arising from subordinated facility (2.10) | 7.20 |
| 04/06/13 | DAB | Review correspondence from T. Foudy and B. Kotliar regarding research required in order to evaluate and draft section of opposition to Investors' subordination summary judgment motion related to section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); follow up correspondence with B. Kotliar regarding research required in order to evaluate and draft section of opposition to Investors' subordination summary judgment motion related to section 510(b) of the Bankruptcy Code (.80); research regarding ████████████████ ████████ under the Bankruptcy Code, relevant case law, and relevant SEC securities regulations (2.00) | 3.00 |
| 04/06/13 | ARD | Continue review of relevant case filings and exhibits in connection with arguments re: securities "of" debtor or affiliate per Bankruptcy Code section 510 in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.80); continue legal research re: Bankruptcy Code definitions of "affiliate," "person," "corporation," "entity" and "business trust" under Bankruptcy Code for purposes of subordination under section 510(b) (.40) | 3.20 |
| 04/07/13 | EC | Research relating to subordination of ████████████ ████████ arising from subordinated certificates under 11 USC 510(a) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90) | 0.90 |
| 04/07/13 | BMK | Draft correspondence to D. Bloom re: updated outline detailing arguments raised by Investors' cross motion for summary judgment, with specific attention to ████████ arguments in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); update outline re: same (.50); review Investors' cross | 1.40 |

July 24, 2013
Inv # 1584493
Our Ref #  062108-000400

Page    13

|  |  | | |
|---|---|---|---|
| | | motion for summary judgment for equitable subordination under section 510(c) of the Bankruptcy Code arguments and review Debtors' opposition and cross motion for counter arguments (.70) | |
| 04/07/13 | DAB | Further analysis of Investors' arguments in their subordination summary judgment motion, and cross referencing of same with arguments contained in all prior Debtor, Investor and third-party pleadings with respect to subordination under all subsections of section 510 of the Bankruptcy Code, as well as all responses and objections filed in connection with the Investors' Rule 3013 Motion seeking classification of the Investors' claims with certain R&W claims pursuant to Rule 3013 of the Bankruptcy Rules in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.70); update draft chart to include results of analysis and suggestions with respect to drafting of arguments for opposition in light of analysis (1.30); extensive and in-depth review and analysis of case law and legislative history pertaining to so-called "deemed" issuer status under the '33 and '34 Acts, including 17 C.F.R. § 230.191, 70 Fed. Reg. 1506-01 and SEC ABS Rules (4.50); further revisions to draft chart analyzing Investors' subordination summary judgment arguments and potential response to same to incorporate discussion of ▮▮▮▮▮▮▮▮▮▮ and section 510(c) of the Bankruptcy Code and potential arguments to refute the Investors' interpretation of Washington Mutual decision regarding subordination of securities claims (1.30) | 9.80 |
| 04/07/13 | ARD | Email correspondence with T. Foudy re: research regarding meaning of "affiliate," "person," "corporation," "entity" and "business trust" under Bankruptcy Code for purposes of section 510 subordination in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); continue legal research re: same (4.70) | 5.30 |
| 04/08/13 | SJR | Attend to analysis of subordination issues and review of AIG subordination pleadings in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70); attend to issues regarding adjournment of status conference and review of notice in connection with same (.30); analysis of issues regarding securities laws in connection with subordination litigation and update on same (1.30) | 3.30 |
| 04/08/13 | TF1 | Review new materials from ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in connection with subordination adversary proceeding (.30); review results of research on definition of | 3.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    14

"person," secured argument, and "deemed" issuer argument from AIG subordination papers and suggest follow-up research (.80); meet with E. Combs on 510(a) argument and research (.30); review/edit Notice of Adjournment of pre-trial conference in Adversary (.30); conference calls with Morrison & Foerster's K. Sadeghi on adjournment of pre-trial conference, arguments/research issues for responding to Investors' motion on subordination, and division of tasks related to same (.70); meet with team (M. Gallagher; D. Bloom; B. Kotliar; E. Combs; R. Dawes) to discuss status of research and arguments and division of tasks (.70)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/08/13 | MG8 | Attend to matters relating to notice of adjournment of status conference for adversary proceeding on subordination of Investors' claims in which conflict parties including AIG, Allstate and Prudential are defendants and related follow-up with T. Foudy and B. Kotliar (.40); review and revise draft notice of adjournment of status conference in adversary proceeding and correspondence re: same with T. Foudy and B. Kotliar, including filing and service of the same (.30); participate in meeting with T. Foudy, R. Dawes, E. Combs, B. Kotliar and D. Bloom regarding research issues and problems and drafting of response to Investors' cross motion for summary judgment adversary proceeding regarding subordination of Investors' claims pursuant to section 510(b) (.70) | 1.40 |
| 04/08/13 | EC | Attend meeting with T. Foudy, M. Gallagher, D. Bloom, B. Kotliar and R. Dawes to formulate strategy and responsibility in drafting summary judgement reply in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70); research relating to applicability of 510(a) subordination provision ████████ ████████████████████ (4.70); draft insert for summary judgment motion distinguishing AIG cited case law on securities claims from subordination argument (.40); conference with T. Foudy re: same (.30) | 6.10 |
| 04/08/13 | BMK | Supervise filing of Notice of Adjournment of Pre-Trial and coordinate service and courtesy emails in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); review and revise outline of arguments re: section 510 of the Bankruptcy Code for arguments raised by the Investors' summary judgment motion (.60); review all securities laws, statutes, rules, and legislative history relied upon by Debtors and Investors for context and accuracy for use in future research and constructing arguments under section 510(b) of the Bankruptcy Code that the Investors' securities are "of" the debtor (2.80); prepare | 6.90 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    15

for casework meeting by reviewing chart and outline of arguments under section 510 of the Bankruptcy Code (.30); draft Notice of Adjournment of Pre-Trial Conference and edit per comments of T. Foudy and M. Gallagher (.70) coordinate with T. Foudy and D. Bloom re: securities laws, statutes, and rules relied upon by Debtors and Investors in summary judgment motions and research assignments (.10); conference with D. Bloom re: research assignments under sections 510(b) and (c) of the Bankruptcy Code and open issues underlying securities laws arguments (.50); conference with D. Bloom and R. Dawes re: section 510(b arguments and additional research and open issues in connection with subordination adversary proceeding (.40); coordinate production of relevant securities laws materials and circulate same to T. Foudy, M. Gallagher, and D. Bloom (.30); attend casework meeting with T. Foudy, M. Gallagher, D. Bloom, R. Dawes, and E. Combs re: research assignments, division of work, open issues and general drafting assignments re: opposition to Investors' summary judgment motion (.70)

04/08/13  DAB    Further review of legislative history pertaining to ███████████████ pursuant to applicable securities laws in connection with drafting of opposition to Investors' subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70); extensive review of secondary literature (including industry publications and law review articles) regarding ███████████ pursuant to applicable securities laws in connection with drafting of opposition to Investors' subordination summary judgment motion (2.50); further review of ████████ and ███████████ to analyze applicability of same in light of facts at issue in connection with drafting of opposition to Investors' subordination summary judgment motion (1.20); analyze exemplar Prospectus, Prosupp and related PLS Trust securitization documents to evaluate nature of Investors' purported 'backup' security interest as argued in Investors' subordination summary judgment motion (1.30); review and edit binder of legislative history cited by Investors in subordination summary judgment motion pre-distribution to T. Foudy (.40); confer with R. Dawes and B. Kotliar to discuss plan research regarding various arguments in Investors' subordination summary judgment motion (.40); draft notice adjourning the pre-trial conference in the subordination adversary proceeding originally scheduled for April 11, 2013 to May 14, 2013 (.60); correspondence with B. Kotliar regarding equitable subordination/Nolan case research and required further review of PLS Trust documents in connection with analysis of 'backup' security interest concept set forth in Investors' subordination summary judgment motion in

9.30

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   16

section highlighting ███████████████ (.30); correspondence with T. Foudy to discuss distribution of research and potential counterarguments for incorporation into draft opposition to Investors' subordination summary judgment motion and follow up communication with B. Kotliar regarding same (.20); attend case meeting with T. Foudy, M. Gallagher, B. Kotliar, R. Dawes, E. Combs re: response to Investors' SJM papers (.70)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/08/13 | JDM | Attention to preparing memo regarding ██████████████ in light of recent case law developments in connection with subordination adversary proceeding (2.50) | 2.50 |
| 04/08/13 | MR2 | Assist B. Kotliar with filing of Notice of Adjournment of Pre-Trial Conference in connection with subordination adversary proceeding (.60); update caselaw binder prepared previously for B. Kotliar in connection with Investors' cross motion (1.00) | 1.60 |
| 04/08/13 | ARD | Begin drafting brief insert re: court interpretation of terms "affiliate," "person," "corporation," "entity" and "business trust" under Bankruptcy Code for purposes of subordination under section 510(b) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.20); finish same legal research (5.60); correspond with T. Foudy re: legal research re: definitions of "person" and "business trust" under Bankruptcy Code (.20); review correspondence from D. Bloom re: security interest arguments (.20); meet with T. Foudy, M. Gallagher, D. Bloom, E. Combs and B. Kotliar re: status of case and brief drafting and research (.70); meet with D. Bloom and B. Kotliar re: status of case and subordination research (.40) | 10.30 |
| 04/09/13 | SJR | Review documentation in connection with pending issues in litigation against AIG and moving forward with respect to same including analysis of legal issues in subordination litigation in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.20) | 2.20 |
| 04/09/13 | TF1 | Confer with M. Gallagher on research and arguments for drafting opposition to Investors' motion for summary judgment in subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.30) confer with D. Mize or ██████████████ (.30); call with M. Lightner at Cleary, counsel to SUNs, regarding opposition to Investors' motion for summary judgment on subordination dispute (.50); review and exchange emails with D. Bloom on results of research for drafting opposition section on "of" the issuer (.40); begin review of transaction documents for drafting opposition section on "of" the issuer (.80); | 3.10 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    17

review research on ███████████████████ ██████ for drafting opposition to Investor's summary judgment motion (.60); call with K. Sadeghi re: call with M. Lightner re: same (.20)

| | | | |
|---|---|---|---|
| 04/09/13 | MG8 | Throughout the day, review numerous updates from D. Bloom regarding securities law research relating to the "of the Debtor" issue under section 510(b) of the Bankruptcy Code, and related follow-up correspondence with T. Foudy regarding the same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); correspondence with D. Bloom regarding research on "of the Debtor" issue under section 510(b) of the Bankruptcy Code raised by the Investors in their motion for summary judgment (.30); confer with T. Foudy regarding arguments to be made and issues to be researched in connection with objection to Investors' motion for summary judgment in the adversary proceeding seeking subordination of Investor Claims (.30) attend to additional research for summary judgment filings (.90) | 2.30 |
| 04/09/13 | EC | Research relating to legislative history and commentary on passage of section 510 and general purpose of section for reply brief in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.80); review PSA and disclosure materials associated with trusts and issuance of securities to determine █████████████ subordination arrangement (1.40); research relating to subordination of ████████████████ in accordance with party intent under Section 510(a) (2.90) | 7.10 |
| 04/09/13 | BMK | Research SEC No Action letters cited by Investors' summary judgment motion for arguments that securities are "of" the debtor under section 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); review cases citing to ████████████████████████ to construct argument re: Investors' summary judgment motion re: availability of no fault equitable subordination in the Second Circuit (2.20); research Securities Act and Securities Exchange Act statutes, rules, regulations, and legislative history for arguments for subordination under section 510(b) of the Bankruptcy Code for opposition to Investors' summary judgment motion (1.70); email correspondences with D. Bloom re: research findings re: SEC no action letter and securities laws legislative history for arguments under section 510(b) of the Bankruptcy Code for draft opposition to summary judgment motion (.50) | 5.00 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    18

04/09/13  DAB    Correspondence with B. Kotliar regarding subordination          10.60
briefing schedule and coverage with respect to same in
connection with subordination adversary proceeding in
which conflict parties including AIG, Allstate and
Prudential are defendants (.30); extensive further review
of legislative history pertaining to "issuer" definition and
survey of SEC reporting requirements pertaining to
asset-backed securities per T. Foudy request in
connection with drafting of opposition to Investors'
subordination summary judgment motion (2.10); draft
email correspondence to with T. Foudy, M. Gallagher and
B. Kotliar regarding legislative history pertaining to
"issuer" definition and SEC reporting requirements
pertaining to asset-backed securities in connection with
same (.60); analysis of research findings and application
to ResCap facts in draft email memorandum in connection
with same (1.00); review various comment letters
regarding 2005 revisions to securities regulations by
securitization industry groups in connection with same
(.90); analysis of comment letters with focus on scope of
"issuer" status in securities laws in connection with same
(.80); review of treatise Securitization of Financial Assets
(Kravitt) with focus on purview of depositor's status as
issuer, and application of same to bankruptcy context in
preparation for drafting of opposition to Investors'
subordination summary judgment motion in connection
with same (.50); review of ███████████████ and
explanations of ████████████████████ in the
course of explaining revisions to ██████████████ under
revised ████████ in connection with same (.90);
draft email T. Foudy and M. Gallagher regarding ratings
agency articles and significance of same with respect to
"of the debtor" section of opposition (.30); email R. Dawes
and E. Combs regarding ████████████████████
████████████████ (.20); review email from E
Combs regarding "No Action" Letters in connection with
same (.10); review of T. Foudy and Cleary emails
pertaining to "deemed issuer" reference in legislative
history in connection with same (.20); communication with
B. Kotliar regarding "No Action" Letters in connection with
same (.20); review of ResCap exemplar PLS Trust
securitization documents in order to review ████████
████████████████████████████████████████
████████████████████████████████████████
████████████████ for purpose of drafting of opposition to Investors'
subordination summary judgment motion (.80); draft
multiple email memoranda comparing legislative history of
the '33 Act with '34 Act as pertaining to depositor being
"deemed" or considered issuer of securities in certain
situations in preparation for drafting of opposition to
Investors' subordination summary judgment motion (.70);
review and analyze B.

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Kotliar email regarding references in PLS Trust documents to "business trust" status of Trusts in connection with same (.30); follow up research for M. Gallagher regarding securities regulation legislative history (70 FR 1506, 1562 (2005)) in preparation for drafting of opposition to Investors' subordination summary judgment motion (.20); review B. Kotliar emails analyzing references to ratings agencies in PLS Trust documents for inclusion of analysis in draft opposition to Investors' subordination summary judgment motion (.50)

| Date | Init. | Description | Hours |
|------|-------|-------------|-------|
| 04/09/13 | JDM | Attention to review and revisions to letter requesting ████████ regarding ████████ securities claims per request of T. Foudy in connection with subordination adversary proceeding where AIG is a conflict party (1.50); confer with T. Foudy re: same (.30) | 1.80 |
| 04/09/13 | MR2 | Prepare case materials for review by B. Kotliar related to Investors' no fault equitable subordination cases in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.10) | 1.10 |
| 04/10/13 | SJR | Review transaction documentation regarding Summary Judgment Motions on Securities Claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.20) | 3.20 |
| 04/10/13 | TF1 | Review transaction documents in connection with responding to Investors' arguments in motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); review emails with research on responding to Investors' arguments in motion for summary judgment on "of" the debtor argument and draft responsive emails with thoughts and follow-up (1.50) | 2.10 |
| 04/10/13 | MG8 | Attend to numerous communications throughout the day with T. Foudy and D. Bloom regarding research on issue under section 510(b) raised by Investors in cross motion for summary judgment on subordination issues and ideas for further research with respect to legislative history in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 04/10/13 | EC | Research relating to application of 510(a) with particular focus on use of section to give effect to ████████ ████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.70) | 2.70 |
| 04/10/13 | BMK | Research and shepherdize cases construing section | 2.20 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    20

510(b) of the Bankrupty Code in the asset-backed securities context to analyze use of the term "issuer" from the Securities Acts for arguments to be included in opposition to Investors' summary judgment motion (1.10); conferences with D. Bloom re: open issues and research assignments re: legislative history to Securities Act and Securities Exchange Act regarding "depositor" and "issuer" in the asset-backed mortgage context for arguments under section 510(b) of the Bankruptcy Code for opposition to Investors' summary judgment motion (.60); circulate research findings re: "depositor" and "issuer" terms used in Securities Acts to D. Bloom for inclusion to arguments for mandatory subordination under section 510(b) of the Bankruptcy Code (.50)

04/10/13  DAB    Further review and analysis of case law pertaining to "of the debtor" requirement/language of section 510(b) of the Bankruptcy Code in connection with drafting of opposition to Investors' subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.00); draft analysis of certain cases pertaining to "of the debtor" requirement of section 510(b) of the Bankruptcy Code in connection with possible citation of same in draft opposition to Investors' Summary Judgment Motion (.80); in-depth review and analysis of legislative history of section 510 of the Bankruptcy Code and secondary literature regarding same with particular focus on Congressional discussion of underlying rationales of section 510(b) in connection with drafting of opposition to Investors' subordination summary judgment motion (2.90); detailed further review and analysis of published Congressional testimony of various experts arguing in favor or against enactment of section 510(b) mandatory subordination of securities rescission claims in connection with drafting of opposition to Investors' subordination summary judgment motion (1.50); review of JSNs' objection to Investors' subordination summary judgment motion in connection with drafting of opposition to same (.60); email correspondence with T. Foudy and M Gallagher regarding potential arguments in support of section 510(b) subordination, including ratings agency commentary regarding servicer risk and references to ratings agency requirements in the PLS Trust securitization documents (.70); draft outline of "of the debtor" argument in connection with drafting of opposition to Investors' subordination summary judgment motion (.60); confer with B. Kotliar regarding obtaining additional Congressional testimony regarding section 510(b) of the Bankruptcy Code (.60); review of additional Congressional testimony regarding section 510(b) of the Bankruptcy Code in connection with drafting of opposition to Investors' subordination

10.80

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   21

|            |     |                                                                                                                                                                                                                                                                                                                                                                             |      |
|------------|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|------|
|            |     | summary judgment motion (.40); review of Black's law dictionary and other non-legal dictionaries for definition of "deem" and variants of same in connection with analysis of securities regulation legislative history and drafting of opposition to Investors' subordination summary judgment motion (.30); draft memorandum summarizing findings and analysis of same with respect to Congressional and SEC intent with respect to enactment of Section 510(b) of the Bankruptcy Code in connection with drafting of opposition to Investors' subordination summary judgment motion (.40) |      |
| 04/10/13   | JDM | Attention to drafting memo regarding ███████ ███████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.10)                                                                                                                                                                            | 2.10 |
| 04/11/13   | SJR | Review Motion of the Official Committee of Unsecured Creditors for standing to prosecute claims against Ally Financial Inc. (1.40); confer with S. Engelhardt at Morrison & Foerster regarding need for Curtis' involvement responding Committee's Motion and need for research related to same (1.20)                                                                         | 2.60 |
| 04/11/13   | TF1 | Meet with E. Combs to discuss research/response to Investors' argument on 510(a) in summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); review and provide comments on new draft response to March submissions to examiner by SUNs and UCC (1.50); attend court hearing on JSN adversary and motion to preclude evidence on reliance of counsel in connection with Rule 9019 motion (1.80); travel to court while reviewing agenda items [1 hour billed at half time] (.50); review emails and circulated materials regarding research on responding to Investors' argument regarding "of" the Debtors for purposes of drafting opposition to summary judgment motion (1.00) | 5.20 |
| 04/11/13   | MG8 | Review and comment on near-final version of Debtors' submission to Examiner in response to Committee's and Wilmington Trust's recent submissions to the Examiner and transmit comments to A. Barrage at Morrison & Foerster in connection with request for assistance from Morrison & Foerster in responding to the Committee's submission to the Examiner (1.20)             | 1.20 |
| 04/11/13   | EC  | Meet with T. Foudy to analyze and prepare strategy for 510(a) argument in reply brief in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); prepare first draft insert presenting facts and law relating to application of section 510(a) to subordinated RMBS claims for motion reply (2.80); research relating to scope of subordination provisions | 5.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    22

|  |  |  |  |
|---|---|---|---|
|  |  | and interpretation of such provisions under New York state law for memorandum insert (1.90) |  |
| 04/11/13 | BMK | Correspondence with D. Bloom re: research findings for arguments for subordination under section 510(b) for response to Investors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); assist D. Bloom with research re securities laws, legislative history, and SEC ABS Final Rule all for the use of the word "issuer" and reporting requirement attributable to that definition (.80); correspondence with D. Bloom re: research findings for arguments for subordination under section 510(b) for response to Investors' summary judgment motion (.20); circulate summary of Committee motion seeking standing to pursue Estate causes of action to S. Reisman, T. Foudy, M. Gallagher, and D. Bloom (.20) | 1.40 |
| 04/11/13 | DAB | Conduct detailed review of ▮▮▮▮▮▮▮▮▮▮ contained in the Code of Federal Regulations and SEC comments related to same in connection with drafting of Slaine/Kripke article risk/reward argument in draft opposition brief to Investors' subordination summary judgment motion in connection with subordination adversary proceeding (1.40); attend to extensive drafting of opposition to Investors' subordination summary judgment motion with focus on legislative history underlying "of the debtor" argument, including detailed analysis of Med. Diversified and related cases, Congressional intent as evidenced by the Congressional record and testimony of proponents and opponents of enactment of Section 510(b) of the Bankruptcy Code, discussion and analysis of securities regulations and SEC comments to proposed and enacted securities regulations as pertaining to "issuer" status, discussion and analysis of Slain/Kripke twin rationales for subordination of rescission claims, discussion and argument related to ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and discussion and analysis of Investors' "deemed" issuer argument contained in their subordination summary judgment motion (5.50); correspondence with B. Kotliar regarding cite check of draft "of the Debtor" section of opposition (.60); review PLS Trust PSA/ProSupp provisions related to ▮▮▮▮▮▮▮▮▮▮▮▮ in "of the Debtor" section of section 510(b) of the Bankruptcy Code subordination argument for purpose of referencing same in draft opposition to Investors' subordination summary judgment motion (1.90); review email memorandum from B. Kotliar regarding defendant NCUAB issuer statements (.50) | 9.90 |
| 04/12/13 | SJR | Review and comment on Debtors' Subordination | 2.30 |

July 24, 2013
Inv # 1584493
Our Ref #  062108-000400

Page   23

|  |  |  |  |
|---|---|---|---|
|  |  | Opposition Brief (2.10); correspondences with T. Foudy regarding comments to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20) |  |
| 04/12/13 | TF1 | Follow-up with E. Combs on research and status regarding Section 510(a) argument and research for Debtors' opposition to Investors' Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); review motion for standing by Committee to sue AFI (1.90); review emails concerning research on "of" the debtor issues (.60); review and revise section 510(a) argument of subordination summary judgment motion opposition brief (2.60); review draft "of" the Debtors' section of brief, take notes on argument, and draft email to D. Bloom, B. Kotliar and M. Gallagher with comments (1.20) | 6.70 |
| 04/12/13 | MG8 | Review briefly draft sections on objections to Investors' cross motions for summary judgment addressing arguments made by investors relating to sections 510(a) and 510(b) of the Bankruptcy Code and related securities regulations in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); review draft insert on section 510(a) for objection to Investors' motion for summary judgment in adversary proceeding seeking subordination of Trustee's claims (.30) | 0.80 |
| 04/12/13 | EC | Meet with T. Foudy to discus alternative grounds for 510(a subordination by prospective breach of implied covenant of good faith and fair dealing in connection with preparation of Debtors' Opposition to Investors' Summary Judgment Motion in connection with subordination adversary proceeding (.40); research relating to implied covenant of good faith and fair dealing and applicability of covenant to subordination claims (1.10); draft and revise section 510(a) brief insert for reply memorandum (.90); conduct research relating to construction of subordination agreements under state law ███████ (4.40); prepare initial draft of Section 510(a) insert for reply memo discussing subordination of fraud claims pursuant to agreed subordination structure in related contract (2.90) | 9.70 |
| 04/12/13 | BMK | Research servicing duties and other RMBS securitizations for arguments relating to securities laws definition of "issuer" for purposes of subordination under section 510(b for draft opposition to summary judgment in connection with subordination adversary | 1.20 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    24

|  |  |  |  |
|---|---|---|---|
|  |  | proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20) |  |
| 04/12/13 | DAB | Further drafting of section of Debtors' opposition to Investors' subordination summary judgment motion related to legislative history underlying "of the debtor" argument, including analysis of ████████ Congressional Record, SEC testimony, securities regulations and SEC comments to same, Slain/Kripke article twin rationales for subordination of rescission claims, inequity of double recovery, and "deemed" issuer argument contained in Investors' Summary Judgment Motion filed in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.90); correspondences with B. Kotliar regarding confirmation of certain citations contained in "of the debtor" section of opposition brief in connection with previous cite check (.80) | 4.70 |
| 04/13/13 | TF1 | Work on draft opposition section concerning Section 510(a), including review of 510(a) cases and implied covenant research and M. Gallagher comments and revising section in light of same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.50) | 2.50 |
| 04/13/13 | MG8 | Research legislative history of section 510(b) for insert to response to Investors' cross motion for Summary Judgment in subordination adversary proceeding and related follow-up with B. Kotliar and D. Bloom (1.70); several correspondences with B. Kotliar and T. Foudy regarding draft insert on section 510(b) for response to Investors' cross motion for summary judgment (.40) | 2.10 |
| 04/13/13 | EC | Research relating to assertion of implied covenant of good faith and fair dealing to imply expanded scope of subordination agreement for section 510(a) in ████████ ████████████████████████████████████ to Investors' Summary Judgment Motion in connection with subordination adversary proceeding (2.80); draft proposed insert asserting good faith and fair dealings implied subordination of certificateholder securities law claims (1.30) | 4.10 |
| 04/13/13 | BMK | Draft outline of section 510(b) response to Investors by coordinating arguments from summary judgment motion, investors motion, and response chart and outline (1.50); research ████████████████████████ claim by reviewing cases from all circuits applying ████████████ for research memorandum in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.00); email correspondences with M. Gallagher re: ████████████ | 7.90 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    25

draft section 510(b) response with additional arguments
from summary judgment papers (.20); Begin drafting
research memorandum re: section 510(c) of the
Bankrutpcy Code (1.50); discuss open issues in initial
draft of section 510(b) response, specifically referencing a
point-by-point discussion of the Investors' arguments and
related responses (.50); extensive conferences with D.
Bloom regarding status and details of research in
connection with various "of the Debtor" arguments
contained in Investors' Summary Judgment Motion (1.20)

04/13/13  DAB    Review and analyze Washington Mutual bankruptcy court        6.10
pleadings in connection with drafting of opposition to
Investors' subordination summary judgment motion ██
██████████████████████████████████████████
██████████████████████████████████████████
██████████ in connection with subordination adversary
proceeding in which conflict parties including AIG, Allstate
and Prudential are defendants (1.30); conduct follow up
research regarding use of term "issuer" in case law and
statute outside the securitization context in connection
with drafting of opposition to Investors' subordination
summary judgment motion (1.00); further review and
analysis of legislative history underlying section 510 of the
Bankruptcy Code and ABS-related securities laws and
regulations and detailed review of secondary materials
discussing same for purpose of expanding and revising
draft opposition per direction of T. Foudy (2.60); extensive
conferences with B. Kotliar regarding research pertaining
to various "of the Debtor" arguments contained in
Investors' Summary Judgment Motion (1.20)

04/13/13  ARD    Begin drafting memorandum re: interpretation of "affiliate"     8.50
for subordination purposes under Section 510, including
definitions and interpretations of "person," "business
trust," "corporation," "operating agreement," and
"operating" in connection with subordination adversary
proceeding in which conflict parties including AIG, Allstate
and Prudential are defendants (7.20); continue legal
research re: same (.50); review prior research, case filings
and exhibits in connection with drafting memorandum re:
same (.80)

04/14/13  EC    Research relating to breadth of good faith and fair          1.60
dealings causes of action under New York law and
analysis of fair dealings ████████████████████████
████████████████████ with subordination adversary
proceeding in which conflict parties including AIG, Allstate
and Prudential are defendants (1.60)

04/14/13  BMK    Review and revise draft of section 510(b) subordination       3.80
arguments in draft opposition re application of law to facts
and supporting arguments with relevant ██████

July 24, 2013
Inv # 1584493
Our Ref #  062108-000400

Page    26

████████████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); research re: subordination under section 510(b) including history of asset-backed mortgages,███████████ and litigation █████████ re: importance of servicers and issuers to the RMBS process (1.50); multiple conferences with D. Bloom discussing arguments under section 510(b) of the bankruptcy code for subordination, specifically under relevant case law in the second circuit, the Washington Mutual decision, and relevant securities laws (1.80)

04/14/13  DAB    Review and analyze T. Foudy and M. Gallagher comments to Debtors' draft "of the debtor" section of opposition subordination brief in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); review E. Combs and T. Foudy draft of section 510(a) argument for inclusion in draft opposition subordination brief (.50); further review of legislative history underlying section 510 of the Bankruptcy Code and ABS-related securities laws and secondary materials discussing same in connection with T. Foudy comments to draft argument (1.30); extensive communication and work with B. Kotliar regarding factual and legal issues pertaining to various arguments contained in Investors' subordination summary judgment motion (1.80); review and analysis of ResCap's prepetition "Request for No Action Letter" cited by Investors in their subordination summary judgment motion and review of underlying securitization documents pertaining to same in light of Investors' arguments with respect to same in their summary judgment motion (1.10); additional review of case law cited by Investors in their subordination summary judgment motion████████ (1.60); draft expanded argument per T. Foudy comments regarding risk/reward and equity cushion rationales underlying subordination per Slaine/Kripke article and Congress's citation to same and in light of research and analysis of █████████████ (2.50); draft expanded argument per T. Foudy comments distinguishing Washington Mutual case facts and decision based on various distinguishing features and based on further review of underlying facts, history of case and unpublished filings (1.20); draft and revise new sections of opposition in collaboration with B. Kotliar to distinguish or refute various other Investor arguments contained in Investors' subordination summary judgment motion (3.20); draft expanded section of brief distinguishing between securities of a company and those issued by a company in light of T. Foudy comments and research regarding same (.60); further

14.60

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   27

correspondence with B. Kotliar regarding revisions and cite-check with respect to expanded section 510(b) section of opposition brief (.30)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/14/13 | ARD | Continue drafting memorandum re: interpretation of "affiliate" for subordination purposes, including definitions and interpretations of "person," "business trust," "corporation," "operating agreement," and "operating" in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (6.80); finish legal research re: same (2.70) | 9.50 |
| 04/15/13 | SJR | Attend to review of Debtors' Opposition to Investors' Cross-Motion for Summary Judgment under Section 510(b) (1.00); review of case law related to the same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); review "no-action letter" cited by Investors in connection with subordination action (.80); analysis and review of research on legislative history regarding Section 510 with respect to Summary Judgment Motions (1.30) | 3.90 |
| 04/15/13 | MG8 | Numerous discussions throughout the day with D. Bloom in order to supervise his preparation of a portion of the section to the objection to the Investors' cross motion for summary judgment relating "of the Debtor" argument for purposes of section 510(b), and several follow ups by email in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20); review no-action letter and request for no-action letter submitted by ResCap and cited by Investors in cross motion for summary judgment and related follow-up with D. Bloom regarding ways to distinguish the letter (.60); attend to review of certain legislative history relating to section 510 of the Bankruptcy Code and related follow-up correspondences with B. Kotliar and D. Bloom with respect to inclusion in objection to Investors' cross motion for summary judgment (.70) | 2.50 |
| 04/15/13 | EC | Continue drafting insert for opposition memorandum discussing use of implied covenant of good faith and fair dealing to give effect to party intent of subordination in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.20); research availability of ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ on relevant issue (1.80); review PSA and prospectus documents for support of proposition that promise to subordinate claims is linked to promises made by parties not to upset structure of payments for opposition memorandum (.80); research relating to implied covenant of good faith and fair dealing under New York | 6.90 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    28

law and extent to ████████████████
████████████ and benefits agreed to by
parties (2.10)

04/15/13  BMK    Research status of no-fault equitable subordination in the        15.00
second circuit after Noland and cases construing the
Mobile Steel test requiring inequitable conduct in
connection with Debtors' Opposition to Investors'
Summary Judgment Motion in subordination adversary
proceeding (1.50); research reports issued key RMBS
industry experts such as ████████████████
████████████████ to supplement arguments
regarding servicing related activities and subordination
under section 510(b) in draft opposition (.80); email
correspondence with D. Bloom circulating most recent
draft opposition and explaining open issues to be
addressed regarding subordination under section 510(b)
of the Bankruptcy Code (.30); review legislative history to
section 510 of the Bankruptcy Code by specifically
reviewing the congressional record and hearing
transcripts and statements in the House and Senate
Reports (1.50); research cases construing Supreme Court
requirements from Noland and CF&I Fabricators re: no
fault equitable subordination for research memorandum
discussing potential arguments for draft opposition (2.00);
revise draft arguments under section 510(b) of the
Bankruptcy Code for opposition to summary judgment by
revising discussion of Washington Mututal, supplementing
relevant fact citations to underlying deal documents, and
reviewing cases and authorities relied upon for accuracy
(2.10); assist with securities laws research by reviewing
legislative history to the Securities Act and Securities
Exchange Act and relevant recent SEC rule reports (1.10)
review Supreme Court decisions in Noland and CF&I
Fabricators regarding no fault equitable subordination for
memorandum discussing arguments related to section
510(c) for opposition papers with specific attention as to
viability of claims and requirements for subordination
(2.20); draft research memorandum summarizing and
highlighting Noland, CF&I fabricators, the status of no
fault equitable subordination in other circuits, same for the
Second Circuit, and a comparison of the holdings of these
cases (3.50)

04/15/13  DAB    Emails to B. Kotliar and T. Foudy regarding status of draft        11.80
of Section 510(b) "of the Debtor"/issuer portion of
oppostition to Investors' subordination summary judgment
motion in connection with subordination adversary
proceeding in which conflict parties including AIG, Allstate
and Prudential are defendants (.40); further revisions to
Section 510(b) "of the debtor"/issuer section of draft
opposition brief per T. Foudy comments (2.90);
correspondences with B. Kotliar and M. Gallagher with
respect to various open issues in

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   29

connection with draft opposition to Investors'
subordination summary judgment motion (.20); research
regarding history and purpose of equitable subordination
pursuant to section 510(c) of the Bankruptcy Code in
connection with opposition to Investors' subordination
summary judgment motion (2.60); email to M. Gallagher
regarding ResCap "Request for No Action Letter" cited by
Investors and strategy for addressing opposition to
Investors' subordination summary judgment motion (.20);
emails to M. Gallagher and B. Kotliar regarding legislative
history of section 510 of the Bankruptcy Code in
connection with opposition to Investors' subordination
summary judgment motion (.50); follow up research in
connection with ResCap "Request for No Action Letter,"
analysis of SEC reporting requirements and
cross-reference of ResCap entities and Debtors
referenced in same in connection with opposition to
Investors' subordination summary judgment motion (1.40);
analysis of "deemed" issuer usage in legislative history in
connection with opposition to Investors' subordination
summary judgment motion (.40); additional research
regarding reporting requirements and risk factors used by
various major ratings agencies in assessing riskiness of
RMBS products (.90); email to B. Kotliar regarding
analysis of Moody's, Fitch and S&P asset-backed
securities ratings criteria for possible inclusion in draft
opposition (.20); draft section of opposition regarding
ratings agencies assigning weight to servicer risk in
RMBS deals per T. Foudy comments (.30);
communication with B. Kotliar regarding various updates
to draft opposition for purpose of cite-checking same (.40)
cover email to T. Foudy with draft section 510(b) "of the
debtor" section explaining updates to same included in
latest draft (.20); multiple conferences with M. Gallagher
throughout the day re: draft section opposing Investors'
SJM papers re: "of the Debtor" arguments (1.20)

| Date | Init. | Description | Hours |
|---|---|---|---|
| 04/15/13 | ARD | Finish drafting memorandum re: interpretation of "affiliate" for subordination purposes, including definitions and interpretations of "person," "business trust," "corporation," "operating agreement," and "operating" in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (9.70); follow-up legal research re: same (3.30) | 13.00 |
| 04/16/13 | SJR | Review draft of Opposition to Summary Judgment Motion in connection with subordination adversary proceeding under Section 510 of the Bankruptcy Code and review research and transaction documents related to same (5.30) | 5.30 |
| 04/16/13 | TF1 | Conference calls with K. Sadeghi of Morrison & Foerster on 510(a) subordination and status of draft | 8.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   30

|  |  |  |  |
|---|---|---|---|
|  |  | opposition to subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); meet with E. Combs, R. Dawes, and M. Gallagher to discuss status of research on 510(a) and affiliate issues (.90); related follow-up discussion with M. Gallagher on "of" the issuer argument (.40); review and revise brief section on "of" the issuer argument and review research/transaction documents/Investors' brief in connection therewith (6.70) |  |
| 04/16/13 | MG8 | Meet with T. Foudy, E. Combs and R. Dawes regarding research on "of the affiliate of the Debtor," as well as the points under section 510(a) requested to respond to the Investors' cross motion for summary judgment on subordination in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); meet with T. Foudy to strategize over how to structure arguments to be included in the Debtors' response to the Investors' cross motion for summary judgment on subordination (.40); review and comment on initial draft section of response to Investors' cross motion for summary judgment addressing the "of the debtor" point under section 510(b), and related follow-up with D. Bloom (.80); research on the meaning of "of" for use in Debtors' response to Investors' cross motion for summary judgment on subordination issues (.90) | 3.00 |
| 04/16/13 | EC | Meet with T. Foudy, R. Dawes and M. Gallagher to discuss drafting of arguments for Debtors' opposition brief relating to 510(a), good faith and fair dealings arguments, and 510(b) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); conduct research relating to good faith and fair dealings claims under New York law and extent to which implied obligation must arrise from ▓▓▓▓▓▓▓▓▓▓▓▓▓ (1.40); review transaction documentation to identify responsibilities of trust and master servicer obligation that were delegated to it by the trust for reply brief (2.30) | 4.60 |
| 04/16/13 | BMK | Draft case discussion of no-fault equitable subordination for opposition memorandum in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants, including case history, relevant procedural information, case outcomes, and a thorough analysis of the issues and the rationale of the decisions (5.50); multiple conferences with D. Bloom re: research findings re: section 510 no fault equitable subordination and general application of the doctrine post-Noland (.70); research and review every case discussing no fault equitable subordination since the | 13.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   31

Supreme Court's decision in Noland (2.40); review and revise memorandum re: no fault equitable subordination, focusing on case discussions and facts relevant to arguments that Investors' securities should be equitably subordinated under section 510(c) of the Bankruptcy Code (2.70); review and revise portion of draft Debtors' opposition to summary judgment motion of Investors pertaining to arguments under section 510(b) by reviewing for accuracy underlying deal documents such as PSA, Pros. and ProSupp and providing proper citations (.80); draft ██████████████████████████████████ ████████████████████████████████████████ ███████████████████████████ (1.20)

04/16/13  DAB    Confer with B. Kotliar regarding required research and analysis in connection with addressing "no fault" subordination argument contained in Investors' subordination summary judgment motion and basic statutory predicate in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70); extensive revisions to draft "of the debtor"/issuer section of opposition brief per M. Gallagher comments/suggested revisions to same (1.80); email to T. Foudy with further revised draft "of the debtor"/issuer section of opposition brief incorporating global comments to same (.20); additional review of █████████████████████████ in connection with inclusion of reference to same in draft opposition to Investors' subordination summary judgment motion (.50); review and analyze prior Investor, Debtor pleadings with attention to arguments regarding "no fault" equitable subordination and Section 510(c) of the Bankruptcy Code (.50); additional review of bankruptcy case law and legislative history pertaining to Section 510(c) of the Bankruptcy Code with attention to development of "no fault" doctrine and development of court-created exceptions to same ██████████████ ████████████████████████████████████████ ██████████████████████████ (2.80); review and revisions to B. Kotliar memorandum regarding equitable subordination in connection with drafting of opposition to Investors' subordination summary judgment motion (1.20); review T. Foudy's comments and revisions to draft opposition to incorporate same into further revised version of same (.80); review case law interpreting the word "of" for analysis of meaning of the phrase "of the debtor" in section 510(b) of the Bankruptcy Code in connection with draft opposition to Investors' subordination summary judgment motion (.70); survey prior versions of Black's law dictionary in connection with research on definition of "of" (.10)

9.30

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    32

| 04/16/13 | MR2 | Update binder and index containing case law re: Investor's No Fault Equitable Subordination argument per B. Kotliar's request in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.10) | 1.10 |
|---|---|---|---|
| 04/16/13 | ARD | Follow-up research re: 510(b) subordination "affiliate" definition (.20); meet with T. Foudy, M. Gallagher, E. Combs re: legal research in connection with response to Investors' Summary Judgment (.90); begin review of Residential Capital and Trust historical documents in connection with developing arguments re: Trust as "affiliate" for subordination purposes (3.20) | 4.30 |
| 04/17/13 | SJR | Attend to review and revision of Opposition to Investors' Summary Judgment Motion provisions related to Issuer argument and review research from B. Kotliar, D. Bloom, R. Dawes, and E. Combs regarding same (2.40) | 2.40 |
| 04/17/13 | TF1 | Revise draft argument for summary judgment opposition on the Investors' "of" the issuer argument and review research and factual materials in connection with same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.30) | 3.30 |
| 04/17/13 | MG8 | Review and comment to draft insert to opposition to Investors' cross motion for summary judgment on section 510(b) "of" the issuer argument, and related follow-up with D. Bloom and T. Foudy in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 04/17/13 | EC | Review prospectus supplement for duties of trust, trustee, and additional information dealing with subordination of certificateholders for Debtors' opposition brief in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30) | 2.30 |
| 04/17/13 | BMK | Correspond with D. Bloom re: open issues underlying securities laws arguments for section 510(b) subordination under the bankruptcy code that the securities are "of" the debtor in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); perform additional research re: availability of no fault equitable subordination argument by reviewing all cases relied upon by Investors and Debtors in summary judgment motions and shepherdizing same (1.50) | 2.00 |
| 04/17/13 | DAB | Emails with B. Kotliar regarding service of Debtors' opposition to Investors' subordination summary | 9.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    33

judgment motion and review of communications with KCC regarding same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); review and analyze T. Foudy's numerous comments to latest draft of same (1.30); further research per T. Foudy's comments with respect to legislative history underlying Section 510 of the Bankruptcy Code, Washington Mutual case as it pertains to "issuer" status, use of the term "issuer" in securities law legislative history, and description of servicer duties in PLS Trust documents in response to T. Foudy's comments to latest draft of Debtors' opposition to Investors' subordination summary judgment motion (1.80); review and revise latest draft opposition to Investors' subordination summary judgment motion to address and synthesize comments to same from T. Foudy, M. Gallagher and B. Kotliar, conform various global elements, citations and defined terms, and prepare draft for circulation to Morrison & Foerster for review and comment (3.50); correspondences with B. Kotliar regarding additional open issues in connection with same, including revision of citations and clarification of footnote regarding Debtors' "Request for No Action Letter" in light of B. Kotliar analysis of ██████ and fact checking with respect to same (.60); review and analysis of secondary sources provided by M. Gallagher regarding broad application of section 510(b) of the Bankruptcy Code by bankruptcy courts and legislative history underlying same for purpose of inclusion of source material from same in draft opposition to Investors' subordination summary judgment motion, and analysis of various cases cited in secondary sources in connection with same (1.60); email to T. Foudy regarding ██████ rating agencies for consideration for potential inclusion of reference to same in opposition to Investors' subordination summary judgment motion (.10)

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 04/17/13 | ARD | Continue to review Residential Capital and RMBS Trust historical documents in connection with developing arguments re: Trust as "affiliate" for subordination purposes in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.60); revise memorandum to T. Foudy re: arguments in connection with "affiliate" status of business trusts under Section 510(b) (.30) | 2.90 |
| 04/18/13 | SJR | Review and comment on draft of Opposition to Subordination Investors' Motion for Summary Judgment and review of case law cited therein in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and | 3.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   34

Prudential are defendants (3.60); confer with T. Foudy
regarding status of research and status of responsive
pleading (.20)

04/18/13  TF1    Review and edit/provide comments on Morrison &
Foerster initial updated draft of opposition to subordination
Investors' summary judgment motion and review relevant
documents and research materials in connection
therewith in connection with subordination adversary
proceeding in which conflict parties including AIG, Allstate
and Prudential are defendants (4.70); review R. Dawes
research memo on "affiliate" legal issues in connection
therewith (.80); review B. Kotliar research memo on
no-fault equitable subordination in connection therewith
(.50); review B. Kotliar suggested edits to equitable
subordination section of opposition and incorporate as
appropriate into draft (.60); attend to matters concerning
preparation for citecheck/finalization of papers including
conference call with K. Sadeghi on brief and page limits
(.40); conference call with K. Sadeghi on comments and
questions on Debtors' opposition (.50); confer with S.
Reisman re: same and update on status of summary
judgment filings (.20)                                                 7.70

04/18/13  MG8    Review memo prepared by B. Kotliar on section 510(c) for
use in submissions in adversary proceeding seeking
subordination of Investors' securities fraud claims in which
conflict parties including AIG, Allstate and Prudential are
defendants (.60); confer with B. Kotliar regarding his
memo on section 510(c) and updating relevant section of
draft opposition to Investors' motion for summary
judgment with respect to non-fault equitable subordination
(.20); organize files relating to subordination issues and
certain cure objections for future use in ResCap chapter
11 cases (.80); review and comment on draft opposition to
Investors' summary judgment motion circulated by K.
Sadeghi of Morrison & Foerster and related follow-up with
D. Bloom and B. Kotliar (1.80); confer with B. Kotliar and
D. Bloom regarding next steps in completion of opposition
to Investors' motion for summary judgment on
subordination issue (.30)                                              3.70

04/18/13  EC    Review draft opposition of ResCap for subordination
response to Investors' motion and prepare comments to
draft of same in connection with subordination adversary
proceeding in which conflict parties including AIG, Allstate
and Prudential are defendants (.60); review PSA and
prospectus for duties of Trustee and Trust ██████████
███████████████████████████████████████
██████████████████████ (5.20)                                         5.80

04/18/13  BMK    Discuss section 510(c) no fault equitable subordination
arguments with M. Gallagher to provide comments to                    6.20

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   35

draft response in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.20); review and revise memorandum re: no fault equitable subordination (1.60); email correspondences with T. Foudy and M. Gallagher re completion of no fault equitable subordination memorandum and review of section 510(c) arguments (.20); email correspondences with D. Bloom re: Washington Mutual case discussion in draft summary judgment opposition and perform additional research to resolve open issues (.50); review and revise recent draft of Debtors' opposition subordination papers globally to provide general comments and edits (1.20); perform additional research re: standards governing equitable subordination to address D. Bloom comments to memo (.60); comment on draft of Debtors' opposition re: section 510(c) no fault equitable subordination arguments by reviewing case law relied upon, factual predicate for application to the Debtors' case, and Investors' arguments (1.60); confer with M. Gallagher and D. Bloom re: resolving final open issues re: SJM papers (.30)

| 04/18/13 | DAB | Review and comment with respect to Morrison & Foerster's draft opposition to the Investors' subordination summary judgment motion with focus on arguments pertaining to subsections 510(a) and (c) of the Bankruptcy Code and the Debtors' "affiliate" argument of subsection 510(b) of the Bankruptcy Code in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); review Case Management Order to clarify conformance of Opposition with same (.10); revise Morrison & Foerster's draft opposition to Investors' subordination summary judgment motion to address extensive comments from T. Foudy, M. Gallagher, and B. Kotliar and conform numerous defined terms and internal references contained in same (2.60); review correspondence regarding table of authorities and table of contents to be included in same (.20); confer with B. Kotliar regarding open issues in same and proposed solutions with respect to same (.80); further review of Washington Mutual decision, hearing transcript and underlying briefs in connection with necessary clarifying revisions to certain arguments related to Washington Mutual case contained in same for potential inclusion in Opposition to Investors' Summary Judgment Motion (.80); confer with M. Gallagher and B. Kotliar regarding citation issues requiring attention in same (.40); correspondence with B. Kotliar regarding application of ███████ Washington Mutual decision to ResCap facts in connection with draft opposition to the Investors' summary judgment motion (.40); draft multiple email memoranda to T. Foudy and M. Gallagher summarizing updated analysis of certain | 8.40 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    36

aspects of Washington Mutual case in connection with draft opposition to the Investors' summary judgment motion (.30); email to T. Foudy regarding open issues with respect to same and necessary minor revisions to same (.20); confer with M. Gallagher and B. Kotliar re: resolving open SJM issues and briefing schedule (.30)

| | | | |
|---|---|---|---|
| 04/18/13 | ARD | Finish review of Residential Capital and Trust historical documents in connection with developing arguments re: Trust as "affiliate" for subordination purposes in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); draft email correspondence to T. Foudy re: revisions to Morrison & Foerster draft of brief re: Section 510 subordination (.40); review draft Opposition brief re: subordination arguments (.40); comment on same (2.10); draft memorandum describing all Trust and Master Servicer duties, rights and obligations listed in the various Trust and RMBS transaction documents (2.90); correspond with T. Foudy and E. Combs re: arguments re: Trust and Master Servicer responsibilities for use in Debtors' Opposition (.10); conduct follow-up legal research re: definition of "affiliate" under Section 510(b) (.30) | 8.60 |
| 04/19/13 | SJR | Review Motion of Wilmington Trust to file certain portions of Motion to prosecute claims on behalf on Debtors' Estate Under Seal where Curtis is addressing matters as Conflicts Counsel (1.40); review Motion of Wilmington Trust to pursue actions on behalf of Residential Capital where Curtis is being asked to file a response on behalf of ResCap (2.30); review proposed Complaint by Wilmington Trust against Ally and outline of issues related to same (2.10); attend to further review of Motion of Wilmington Trust as Indenture Trustee for Senior Unsecured Notes for standing to prosecute action on behalf of Debtors (2.30); further review draft Complaint (.80); attend to matters regarding strategy and responding to Motion as Conflicts Counsel for ResCap (.40); attend to matters regarding Opposition Brief on Subordination Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and review e-mails regarding same including page limits, timing of filing, edits to response, etc. (1.60) | 10.90 |
| 04/19/13 | TF1 | Review Wilmington Trust's motion for standing to prosecute estate and other claims (1.80); review R. Dawes suggested comments to opposition brief on subordination motion (.50); call with K. Sadeghi on opposition brief on subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties include AIG, Allstate and Prudential are defendants (.30); calls with Quinn Emanuel on page limits for opposition brief on | 4.90 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    37

|  |  |  |  |
|---|---|---|---|
|  |  | subordination summary judgment motion (.20); discuss same with M. Moscato, including case strategy in responding to SUN standing motion (.50); conference with M. Moscato and B. Kotliar re: research assignment re: Debtors' counsel opposing STN standing motions (.40); teleconference with M. Gallagher re: same (.80); review and provide comment on draft reservation of rights by Morrison & Foerster on SUNs' standing motion (.40) |  |
| 04/19/13 | MJM | Review motion for standing to pursue estate and other claims and proposed complaint by Wilmington Trust in its capacity as indenture trustee to SUNs (.80); discuss strategy related to above motion and proposed complaint with T. Foudy (.50); conference call with T. Foudy and J. Levitt re: above motion and proposed complaint (.20); meeting with T. Foudy and B. Kotliar to discuss legal research assignment re standing issues implicated by above motion and proposed complaint (.40) | 1.90 |
| 04/19/13 | MG8 | Review motion of Wilmington Trustee, as Trustee to SUNs, seeking standing to prosecute estate claims and attached proposed complaint, as Wilmington Trust is a potential conflict party (1.60); telephone conference w/ T. Foudy regarding potential conflict issues and possible scenarios related to the SUNs' motion for standing to prosecute the Holdco claims that are unique to the creditors of Holdco (.80) | 2.40 |
| 04/19/13 | EC | Review PSA and prospectus to determine extent of trustee duties and activities undertaken by trust in support of argument that trust ███████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80) | 1.80 |
| 04/19/13 | BMK | Review and provide comments to most recent draft of Debtors' opposition to Investors' summary judgment motion re: section 510(c) no fault equitable subordination arguments in connection with subordination adversary proceeding (.50); conference with T. Foudy and M. Moscato discussing research project re: ███████████ ███████████ SUNs Standing Motion (.30); review SUNs' Standing Motion and Committee Standing Motion to analyze claims held by each individual debtor at the holding and operating company levels (1.00); confer with D. Bloom re: same and relevant Second Circuit Standards governing STN motions (.80) | 2.60 |
| 04/19/13 | DAB | Correspondence with B. Kotliar and M. Gallagher regarding service issues in connection with opposition to the Investors' subordination summary judgment motion in connection with subordination adversary | 6.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   38

proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); confer with C. Cu at KCC regarding service of same (.20); conduct detailed review of "special" and "additional" service parties provided by C. Cu at KCC in connection with opposition to the Investors' subordination summary judgment motion (.40); email to C. Cu with comments to same in connection with same (.20); communication with B. Kotliar regarding paralegal support in connection with filing of Opposition (.10); email to M. Gallagher regarding arrangements in connection with service (.10); review, analyze and summarize New Jersey Carpenters Health Fund, New Jersey Carpenters Vacation Fund and Boilermaker Blacksmith National Pension Trust motion for class certification in connection with pending adversary proceeding seeking subordination of securities claims pursuant to Section 510(b) of the Bankruptcy Code (.60); email correspondence with E. Combs, R. Dawes and B. Kotliar regarding status of draft subordination opposition and strategy for addressing open issues with respect to same (.10); draft and circulate summary of SUN Trustee's motion for standing to pursue estate claims against Ally in connection with potential response to same by Debtors (.30); review and analyze SUN Trustee standing motion and draft complaint in connection with prospective JSN declaratory judgment adversary proceeding and possible drafting of response to same (1.30); confer with B. Kotliar regarding SUN Trustee standing motion and strategy for next steps with respect to research and analysis in connection with same (.80); conduct preliminary research regarding third-party standing pursuant to the STN trilogy of cases in connection with possible response to SUN Trustee standing motion (1.70)

| Date | Initials | Description | Hours |
|---|---|---|---|
| 04/19/13 | ARD | Correspondence with E. Combs re: final edits to Residential Capital opposition to Investors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); revise document listing all Trust and Master Servicer duties, rights and obligations to reflect Prospectus Supplement (.60); review Prospectus Supplement in connection with developing arguments re: Trust as "affiliate" for subordination purposes (.80); correspondence with T. Foudy re: discussions with co-counsel re: "affiliate" arguments in draft brief (.20) | 1.90 |
| 04/20/13 | SJR | Review Motion of Wilmington Trust for standing to pursue claims on behalf of Estate and review of e-mails internally and from Morrison & Foerster regarding same (2.30) | 2.30 |
| 04/20/13 | EC | Research issues presented under Section 510 of Bankruptcy Code to ▮▮▮▮▮▮▮▮ | 4.30 |

July 24, 2013
Inv # 1584493
Our Ref #    062108-000400

Page    39

██████████████████████████████████ in
preparation for filing of same in connection with
subordination adversary proceeding in which conflict
parties including AIG, Allstate and Prudential are
defendants (1.20); review and analyze co-counsel draft of
opposition to motion for summary judgment and revise
same draft (.80); review and revise draft opposition to
motion for summary judgment to reflect updated research
(2.30)

| 04/20/13 | BMK | Perform research re: ██████████████████████ (2.40); review underlying factual claims and background to issues re: STN Standing Motion (.80); research Morrison & Foerster and Curtis ███████████████ and entered orders re: ███████████ (.50); begin drafting fact section of memorandum including Morrison & Foerster and Curtis Retention, STN and Committee Standing Motions (1.50); review ████████ and pleadings, including bankruptcy and district courts, re: ██████████████████████ (2.50) | 7.70 |

| 04/20/13 | DAB | Review email communication from T. Foudy, E. Combs and K. Sadeghi regarding further revised draft opposition to Investors' subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30) | 0.30 |

| 04/20/13 | ARD | Begin final revisions to Residential Capital Opposition to Investors' Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.40) | 1.40 |

| 04/21/13 | SJR | Review revised draft Opposition received from Morrison & Foerster regarding opposition to Investors' Summary Judgment Motion and note comments to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70) | 1.70 |

| 04/21/13 | MG8 | Review and comment on revised draft of Debtors' opposition to Investors' cross motion for summary judgment on issues of subordination of Investors' claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.80); attend to correspondence with D. Bloom regarding updating cites to Debtors' opposition to Investors' cross motion for summary judgment (.20) | 2.00 |

| 04/21/13 | EC | Review additional research to confirm authority in draft opposition to motion for summary judgment and revise draft to accurately reflect updated research in connection with subordination adversary proceeding in | 2.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    40

which conflict parties including AIG, Allstate and
Prudential are defendants (2.30)

| | | | |
|---|---|---|---|
| 04/21/13 | DAB | Review of, and revisions to, further-revised draft received from Morrison & Foerster of opposition to the Investors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.50); email correspondence with M. Gallagher and E. Combs regarding cite-checking of various citations contained in further-revised draft received from Morrison & Foerster (.20); review cite-check of same performed by E. Combs (.30); email to T. Foudy and M. Gallagher with revisions to further-revised draft of same in track changes with explanatory cover email (.20) | 3.20 |
| 04/21/13 | ARD | Complete comments to Residential Capital Opposition to Investors' Summary Judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.70); follow-up legal research on "affiliate" and "issuer" issues in connection with final revisions to Residential Capital opposition motion (2.60) | 7.30 |
| 04/22/13 | SJR | Review research and analysis performed with respect to STN Standing Motion in response to SUN Trustee's request for standing to pursue claims on behalf of the Estate (2.30); participate in calls with T. Foudy and M. Gallagher of Curtis and Morrison & Foerster regarding coordination of Debtors' response to SUN Trustee Standing Motion and Curtis taking the lead on same (1.30); review latest draft of subordination opposition pleadings and comment on same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.60) | 5.20 |
| 04/22/13 | TF1 | Review research and precedent papers concerning responses to Motions for STN Standing for response to Wilmington Trust's standing motion (1.70); confer with M. Moscato on same (.40); call with A. Barrage to discuss same (.50); call with G. Lee, J. Levitt and A. Barrage to discuss response to Wilmington Trust's motion for STN standing, with follow-up calls to counsel for Debtors' directors and A. Barrage (2.10); call with K. Sadeghi on current draft of opposition to subordination summary judgment motion (.40); review/revise latest drafts of subordination opposition and review comments/edits from Morrison & Foerster in regards to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.50) | 8.60 |
| 04/22/13 | MJM | Confer with T. Foudy re standing issues raised by Wilmington Trust's STN motion and proposed | 1.10 |

July 24, 2013
Inv # 1584493
Our Ref #  062108-000400

Page    41

|  |  |  |  |
|---|---|---|---|
|  |  | complaint (.10); participate in strategy session re Wilmington Trust's STN motion and proposed complaint, with T. Foudy, M. Gallagher, D. Bloom, and B. Kotliar (1.00) |  |
| 04/22/13 | MG8 | Participate in call with J. Levitt, A. Barrage, T. Foudy and G. Lee to discuss issues related to SUNs motion for standing and strategies for addressing the same (2.10); meet with T. Foudy, M. Moscato, D. Bloom and B. Kotliar to discuss issues related to Wilmington Trust's motion for standing to prosecute certain causes of actions on behalf of Residential Capital, LLC (1.00); participate in conference call with T. Foudy, B. Kotliar, D. Bloom of Curtis and A. Barrage of Morrison & Foerster to discuss issues relating to Wilmington Trust's STN motion for standing to bring causes of action belonging to Residential Capital, LLC and related issues (.50); review materials related to STN standing standards in connection with Wilmington Trust's motion seeking standing to prosecute certain estate causes of actions (.20) | 3.80 |
| 04/22/13 | EC | Conduct research relating to Section 510(a) and (c) issues and relating to securities "of" the debtor for incorporation in draft opposition to Investors' motion for summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); analyze and revise precedent cited in final draft of opposition to summary judgment motion in order to finalize for submission (3.40); review draft opposition motion and revise and update brief to reflect additional research (1.70); confer with D. Bloom re: ▮▮▮▮▮▮▮ ▮▮▮▮▮▮ in connection with same (.20) | 6.20 |
| 04/22/13 | BMK | Research case law re: STN Motions and debtors' responses where directors and officers ▮▮▮▮▮▮ ▮▮▮ are alleged (1.00); research pleadings related to STN and disqualification motions in Adelphia (.80); conference with D. Bloom re: research plan for draft response to STN Standing Motion (.40); meeting with T. Foudy, M. Moscato, M. Gallagher, and D. Bloom re: ▮▮▮▮▮▮ and ▮▮▮▮▮▮ issues underlying▮▮▮▮▮▮▮ (1.00); participate in follow-up conference call with same and A. Barrage of Morrison & Foerster re: same (.50); revise memo incorporating discussions throughout the day with T. Foudy, M. Moscato, and M. Gallagher, and teleconferences with Morrison & Foerster to reflect updates to case application (1.50); analyze estate and third party claims in STN Proposed Complaint and Committee Standing Motion for claim basis and potential overlap (1.80); teleconference with T. Foudy, M. Gallagher, and D. Bloom of Curtis, and A. Barrage of Morrison & Foerster re: outlining response to SUNs Standing Motion and discussing potential | 12.20 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    42

arguments (2.10); review and revise memorandum re:
conflicts arising from interdebtor disputes (1.30);
numerous conferences with D. Bloom re: same and
review and discussion of ongoing resarch re: Standing
motions and caselaw (1.80)

| 04/22/13 DAB | Confer with B. Kotliar regarding status of research with respect to third party standing to pursue estate causes of action in connection with SUN Trustee motion seeking standing to pursue estate causes of action against AFI and various purported third-party claims (.40); strategy meeting with T. Foudy, M. Moscato and M. Gallagher regarding research required in connection with drafting of response to SUN Trustee standing motion (1.00); follow up teleconference with same and A. Barrage re: same (.50); review notes from meeting and draft outline of research required to determine approach with respect to four types of claims SUN Trustee ███████████ in standing motion in connection with response to standing motion (.30); numerous conversations with B. Kotliar to discuss ongoing research regarding third-party standing to pursue estate causes of action and analysis of SUN Trustee motion seeking same in connection with response to SUN Trustee standing motion (1.80); analyze unsecured creditors' committee standing motion seeking to pursue certain claims on behalf of the estates and prepare detailed comparison between claims which committee and SUN Trustee each seek standing to pursue (1.20); review and revise draft chart setting forth detailed comparison of same (.80); review of T. Foudy's revisions to Morrison & Foerster's draft opposition to Investors' summary judgment motion regarding subordination of their claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); review ███████████████ in connection with same (.20); confer with E. Combs regardin ██████ with respect to twin rationales underlying section 510(b) of the Bankruptcy Code and servicer ratings article citations, and suggested revisions to same (.20); review E Combs and T. Foudy emails with respect to suggested revisions to same (.10); email correspondence with T. Foudy regarding unredacted version of SUN Trustee standing motion in connection with Debtors' response to same (.10); research and analyze case law discussing a debtor's rights and abilities to ███████████ in the context of third-party standing motions in connection with drafting of response to SUN Trustee standing motion (1.50); review unpublished pleadings and court filings in cases within and outside the Second Circuit to ascertain nature and extent of Chapter 11 debtors' ███████████ | 13.50 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    43

█████████████████████████████████████

in connection with drafting of response to
SUN Trustee standing motion (1.00); call with Morrison &
Foerster, Morrison Cohen, T. Foudy, M. Moscato and M.
Gallagher and follow up regarding same in connection
with drafting of response to SUN Trustee standing motion
(2.10); extensive review and analysis of cases within the
Second Circuit involving requests and grants of third-party
standing to creditors █████████████████

████████████████████████████████ in connection with
response to SUN Trustee standing motion (1.50)

| 04/22/13 | ARD | Final revisions to Debtors' opposition brief to Investors' Motion for Summary Judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.70); correspond with E. Combs and T. Foudy re: same (.20) | 0.90 |

| 04/23/13 | SJR | Review various email correspondences regarding STN Standing Motion by Wilmington Trust/SUN Trustee (.40); review and comment on Opposition to Summary Judgment Motion regarding subordination claims of AIG plaintiffs in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); attend to review of case law on STN standing (1.10); review e-mails and coordinate matters regarding same (.40); review of investors' Opposition to Debtors' Motion for Summary Judgment in connection with subordination of investor claims pursuant to Section 510 of the Bankruptcy Code (1.10); review case law cited therein (.90) | 6.20 |

| 04/23/13 | TF1 | Correspondence with M. Moscato re: update on strategy for response to SUN Trustee's motion for STN standing (.30); conduct final review/edits of opposition to subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (2.30); exchange emails with Quinn Emanuel on timing of filing of same (.10); meet with E. Combs to discuss research needed regarding STN standing procedures (.50); review/edit B. Kotliar memo on inter-debtor disputes and forward same to Morrison & Foerster (1.10); review key research/cases on ████████ for response to SUN Trustee's STN motion (1.60); confer with M. Gallagher and B. Kotliar on progress on research (.30); review K. Sadeghi comments to subordination summary judgment opposition and confer with him on same | 7.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    44

(.30); review JSNs' response to subordination summary judgment motion (.90); exchange emails on crafting of response to SUN Trustee's motion for STN standing (.40)

04/23/13  MG8   Supervise filing and service of Debtors' opposition to Investors' Joint Motion for Summary Judgment on subordination pursuant to section 510 of the Bankruptcy Code and related follow-up with D. Bloom, M. Rutman and C. Cu (of KCC) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); review Investors' opposition to Debtors' motion for summary judgment in connection with subordination of Investors' claims pursuant to section 510 of the Bankruptcy Code, as well as other various joinders and responses to both the Debtors' motion and the Investors' motion for summary judgment (1.10); review research memorandum addressing inter-debtor disputes prepared by B. Kotliar (.30); confer with T. Foudy and B. Kotliar re: status of research re: Investor/Officer liability (.30); attend to numerous communications with T. Foudy and A. Barrage regarding strategy on responding to Wilmington Trust's request for standing to assert certain causes of actions belonging to Residential Capital, LLC. (.40); review substantially completed Debtors' opposition to Investors' cross motion for summary judgment on subordination issues and follow-up with E. Combs regarding minor comments to the same (.70)   3.40

04/23/13  EC   Prepare Debtors' opposition to Investors' motion for summary judgment for filing by proofreading and making all necessary revisions in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (3.40); prepare email to T. Foudy presenting research relating to prosecution of claims by creditors on behalf of debtors in connection with Wilmington Trust Standing Motion (.40); meeting with T. Foudy to discuss standing of Senior Unsecured Noteholders and research relating to mandatory criteria for protection of debtors' interests in standing (.50); research relating to mandatory requirements imposed for the protection of debtors upon grant of standing to creditor for prosecution of claim of the estate and potential protective criteria built in to STN and Commodore standards (3.90)   8.20

04/23/13  BMK   Finalize and edit memorandum of law in opposition to Investors' summary judgment in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50); review Investors' opposition to Debtors' motion for summary judgment and NCUAB's   10.70

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   45

joinder, and JSNs joinder to Debtors' opposition to
summary judgment motion (1.50); correspond with S.
Reisman, T. Foudy, M. Gallagher, and D. Bloom
summarizing Lowenstein parties' joinders and circulating
other relevant filings (.30); assist filing of Summary
Judgment Opposition, circulate courtesy copies via email
to parties in interest, and coordinate production of court
copies with M. Rutman (.50); multiple conferences with D.
Bloom research findings re: STN Motions and director and
officer liability ██████████████        and additional
research to be performed for draft response to SUN
Standing Motion (1.40); revise draft response to SUNs
Standing Motion by breaking out arguments relating to the
four categories of claims asserted (1.40); revise draft
response to SUNs Standing Motion by providing
comments to and reviewing factual assertions and
procedural background and claims related arguments
(.70); confer with T. Foudy and M. Gallagher re: research
findings re: STN Motions generally re: director and officer
liability and progress of research (.30); research STN
motions from recent large chapter 11 bankruptcies (1.50);
draft email summarizing research findings re director and
officer liability and STN Motions ████████████████
████████ (.90); circulate memorandum re:
██████████████████████████ (.10);
review and revise memorandum re:
████████████████████████ (1.30);
email correspondence with T. Foudy re: pleadings in
████████████████ (.30)

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 04/23/13 | JTW | Prepare ████████████████ ████████ support response to SUN Trustee's standing motion for D. Bloom (1.30); provide D. Bloom with authority and support to be cited in Debtors' response to SUN Trustee's motion (1.40); review ████████████████████████████████████████████████████████████ to provide factual support to Debtors' response to SUN trustee's standing motion (2.70); confer with D. Bloom re: factual support for response to SUN Trustee's standing motion (.20) | 5.60 |
| 04/23/13 | DAB | Review ██████ pleadings in connection with draft response to SUN Trustee standing motion (.50); further research regarding conflicts of interest and a debtor's ability to object to prosecution of estate claims by third party in connection with preparation of response to SUN Trustee Standing Motion (1.20); multiple conferences with B. Kotliar regarding research with respect to same (1.40); review of A. Barrage's email discussing Morrison & Foerster's views with respect to framework of Debtors' response to SUN Trustee standing motion (.30); review and analyze Debtors' | 14.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    46

most recent exclusivity motion to obtain relevant background for inclusion in same (.60); review and analyze Examiner submissions at M. Gallagher's direction for inclusion of background from same in Debtors' draft response to SUN Trustee standing motion (1.00); draft detailed outline of same per T. Foudy's and Morrison & Foerster's guidance with respect to same (.80); research with respect to third-party standing issues in connection with same (.60); confer with J. Weber regarding ███ ███████ for inclusion in same (.20); review J. Weber's fee analysis (.30); further direction to J. Weber regarding drafting of inserts containing data from same for inclusion in response to SUN Trustee standing motion (.20); review J. Weber's draft inserts and direction regarding revisions to same and drafting of several citations for inclusion in response to SUN Trustee standing motion (.20); review and analyze Debtors' March Examiner submission per M. Gallagher's direction in connection with response to SUN Trustee standing motion (.80); correspondence with B. Kotliar and M. Gallagher regarding status of draft opposition to Investors' subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants and pre-filing and service issues related to same (.30); review final draft of same and further revisions to same in advance of 4 p.m. filing deadline (.60); analyze classification of SUN Trustee's proposed equitable subordination claim against AFI and characterization by SUN Trustee of same as third-party claim in connection with draft response to SUN Trustee standing motion (.50); multiple emails to C. Cu of KCC regarding service of Debtors' opposition to Investors' subordination summary judgment motion in subordination adversary proceeding (.20); email to T. Foudy and M. Gallagher regarding post-filing tasks in connection with same (.30); email to R. Dawes regarding summary of Investors' opposition to Debtors' subordination summary judgment motion (.10); review and analyze joinders of Zuckerman Spaeder and Lowenstein Sandler to Investors' opposition to Debtors' summary judgment motion and partial joinder of the JSNs to the Debtors' subordination opposition in connection with drafting of reply to Investors' subordination opposition (1.10); circulate summaries and copies of same to S. Reisman, T. Foudy and M. Gallagher (.30); draft Debtors' response to SUN Trustee standing motion based on T. Foudy and Morrison & Foerster guidance, Curtis research findings, and analysis of SUN Trustee's requested relief as compared to Committee's requested standing to pursue claims against AFI on behalf of the estates (2.30); review email from M. Gallagher regarding inclusion of reference to ███████████ in draft

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    47

|  |  |  |  |
|---|---|---|---|
|  |  | response to SUN Trustee standing motion, and review same (.30) |  |
| 04/23/13 | JDM | Attention to status of adversary proceeding with Investors to establish discovery to bring with respect to securities claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30) | 1.30 |
| 04/23/13 | MR2 | Prepare CD and chambers letter per M. Gallagher's request for filing of Debtors' Memo of Law in Opposition to Investors' Summary Judgment Motion (.80); attend to filing of the Debtors' Memorandum of Law with B. Kotliar and D. Bloom (.60) | 1.40 |
| 04/23/13 | JZ | Correspond with J. Weber regarding assistance with preparation of chart detailing summary of ██████ ████████████████████████ in connection with preparing response to Wilmington Trust's Motion for Standing (.20); review case docket and revise chart of ████████████████████ in connection with case (.50) | 0.70 |
| 04/23/13 | ARD | Review Investors' opposition to Debtors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); begin drafting abstract of arguments made in Investors' opposition to Debtors' summary judgment motion (2.20); correspondence with T. Foudy and D. Bloom re: Investors' opposition motion filed today (.10) | 2.70 |
| 04/24/13 | SJR | Review research and coordination of matters including responding to SUN Trustee's Motion with respect to STN standing (2.10); review Investors' Opposition to Summary Judgment Motion and schedule for hearing response to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.10); review draft of Response to SUN Trustee's STN Standing Motion and strategy regarding same (1.40); various internal emails and review of correspondence regarding comments to response to STN Standing Motion (.60) | 5.20 |
| 04/24/13 | TF1 | Review and take notes on Investors' opposition to Debtors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30); meet with M. Moscato on response to SUNs' STN motion (.10); review research on procedural safeguards for STN motions and exchange emails on content of opposition in light of same; review joinder opposiitons to our summary judgment motion on subordination (.20); review and note comments to draft opposition to SUNS' summary judgment motion (1.30); meet with D. Bloom, B. Kotliar, and M. | 4.50 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    48

|  |  |  |  |
|---|---|---|---|
|  |  | Gallagher to discuss same (.80); review Debtors' motion to extend exclusivity and affidavit submitted in support of same (.80) |  |
| 04/24/13 | MJM | Review drafts of Debtors' objection and Reservation of Rights re Motion of Wilmington Trust for STN Standing (.40); confer with T. Foudy re: same (.10) | 0.50 |
| 04/24/13 | MG8 | Review and revise draft response to SUNs' motion seeking standing to bring claims against AFI and certain of the Debtors (1.20); attend meeting with T. Foudy, D. Bloom and B. Kotliar to discuss revised strategy for response to SUN Trustee's motion seeking standing to bring claims against AFI and certain of the Debtors (.80); further revise portions of Debtors' draft response to SUN Trustee's motion seeking standing to bring claims against AFI and certain of the Debtors to address reservation of rights and request for relief and follow-up with D. Bloom regarding the same (.50); review summary of Investors' opposition to summary judgment motion prepared by R. Dawes for consideration in preparation of reply in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40) | 2.90 |
| 04/24/13 | GF | Prepare binder of pleadings regarding oppositions to summary judgment filed in the adversary case involving subordination in which conflict parties including AIG, Allstate and Prudential are defendants on 4/23 at the request of B. Kotliar (1.50) | 1.50 |
| 04/24/13 | EC | Conduct research relating to interpretation of contracts for implication of specific duties with respect to good faith and fair dealings claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.60); begin draft reply brief to Investors' opposition to Debtors' Summary Judgment Motion relating to subordination of investor claims pursuant to Section 510(a) (2.80); research relating to requirements for granting of creditor standing to assert debtor claims and protections of debtor interests inherent therein (.70); review AIG and other creditor opposition submissions and prepare brief outline of arguments relating to 510(a) and (b) in preparation for drafting reply brief (1.80) | 5.90 |
| 04/24/13 | BMK | Correspondence with D. Bloom re: finalizing draft response to STN Standing Motion and resolving open issues on same (.30); prepare for conference with T. Foudy, M. Gallagher, and D. Bloom by reviewing SUNs Standing Motion, draft response, and exclusivity motion (.30); perform additional case research re: background to Examiner and Committee investigations, procedural posture re: standing motions, characterization of | 9.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    49

claims, and additional arguments to standing re: same
(2.00); perform additional research re: STN standing
motions in other large chapter 11 bankruptcies ███████
███████████████████████████████████████████████
(1.10); conferences with D. Bloom re: outstanding
research issues and additional drafting concerns and
remaining arguments re: limited objection to SUN
Standing Motion (.60); revise draft response to STN
Standing Motion by editing factual assertions and
incorporating caselaw regarding administrative burden
(.30); review email correspondence from T. Foudy re:
additional arguments to be included in STN Standing
Motion (.40); review and revise draft Limited Objection
and Reservation of Rights re: SUN Trustee's Standing
Motion per edits and comments of T. Foudy and M.
Gallagher specefically categorizing "buckets" of claims
and descriptions of relief sought by standing motions
(2.80); finalize Limited Objection to prepare for circulating
to T. Foudy and M. Gallagher, specifically reviewing
outstanding arguments and ensuring accuracy in
underlying documents (.70); conference with T. Foudy, M.
Gallagher, and D. Bloom re: revisions to draft response to
SUN Standing Motion and arguments for objecting to
motion █████████████████████████ (.80)


04/24/13   DAB    Review published cases citing ██████████████
████████████████████████████████████████████████     10.90
bankruptcy in connection with draft response to SUN
Trustee motion (.30); review E. Combs's research
regarding ███████████████████████████████████
████████████████████████ decision in connection with
same (.20); email to T. Foudy regarding status of
preliminary draft response to SUN Trustee standing
motion (.10); revise preliminary draft of same (1.10);
circulate same to T. Foudy and M. Gallagher for review
and comment (.10); review M. Gallagher's comments to
preliminary draft of same (.20); email T. Foudy regarding
issues raised in M. Gallagher's comments to draft of same
(.10); revise preliminary draft of same to incorporate M.
Gallagher comments (.70); review correspondence from T
Foudy, M. Gallagher and M. Moscato regarding revising
draft response to the SUN Trustee's standing motion to
object to certain types of claims the SUN Trustee seeks to
pursue (.40); correspond with B. Kotliar regarding same
and additional related follow-up (.20); email to R. Dawes
regarding status of summary of Investors' subordination
opposition (.10); additional review of various Examiner
submissions and recent Debtor filings in order to augment
draft response to SUN Trustee standing motion with
further history of the chapter 11 cases, mediation, and
negotiation between parties towards a consensual
settlement (.50); email to

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    50

T. Foudy regarding contents of exclusivity motion and supporting Kruger declaration (.10); conference with T. Foudy, M. Gallagher and B. Kotliar to discuss status of research with respect to, and extensive revisions to, Debtors' draft response to SUN Trustee standing motion (.80); review M. Gallagher's email regarding revision to "request for relief" paragraph in draft of same and respond to M. Gallagher email regarding same (.20); review of, and comment to, R. Dawes's draft summary of Investors' opposition to the Debtors' subordination summary judgment motion (1.10); extensive structural changes to, and augmenting of, draft response to SUN Trustee standing motion in light of guidance from T. Foudy and Morrison & Foerster with respect to same, including drafting of detailed history of Debtors' sale and discussion of ██████████████████ discussion of ongoing mediation and negotiation efforts, ████████ ██████████, revision and expansion of discussion of 'overlap' between estate claims against AFI which SUN Trustees seek standing to bring and claims committee seeks standing to bring, and drafting of detailed claim-by-claim comparison and analysis (4.10); conferences with B. Kotliar regarding arguments related to overlap between Committee's and SUN Trustee's proposed claims and SUN Trustee's purported third-party claims and direction regarding cite check and insertion of new cites into draft limited objection to SUN Trustee standing motion (.60)

| Date | Initials | Description | Hours |
|------|----------|-------------|-------|
| 04/24/13 | PJB2 | Research re: whether claims for equitable subordination under section 510 of the Bankruptcy Code may be brought by a committee or individual creditor within a bankruptcy proceeding in connection with SUNs' motion seeking standing to bring certain causes of action (2.60) | 2.60 |
| 04/24/13 | FRG | Assemble binders for distribution re: Opposition to Summary Judgment as per B. Kotliar in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.50) | 0.50 |
| 04/24/13 | ARD | Finish drafting summary of Investors' Opposition Submission to Debtors' Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (8.30); correspondence with D. Bloom re: outline of Investor Opposition Motion (.10) | 8.40 |
| 04/25/13 | SJR | Attend to additional work in connection with SUN Trustee's Motion for Standing in connection with pursuit of litigation against Ally and others (1.30) | 1.30 |
| 04/25/13 | TF1 | Call with K. Sadeghi to discuss reply brief on subordination summary judgment proceedings in | 7.50 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   51

connection with subordination adversary proceeding in
which conflict parties including AIG, Allstate and
Prudential are defendants (.30); meet with D. Bloom, M.
Gallagher, E. Combs, B. Kotliar, and R. Dawes to discuss
division of tasks for subordination reply brief (.80); call
with A. Barrage on reservation of rights in regards to
Committee standing motion and response to SUN
Trustee's standing motion (.30); review and respond to G.
Lee email regarding status and assessment of
subordination dispute (.90); review proposed fifth
amendment and stipulation regarding Debtors' use of
cash collateral (.10); discuss response to SUN Trustee's
standing motion with M. Moscato (.20); review Debtors'
motion to extend exclusivity and affidavit in support for
information relevant to dealing with conflict matters (.80);
meet with D. Bloom, M. Gallagher, and P. Buenger to
discuss work needed on response to SUN Trustee's
standing motion (.50); review/edit response to SUN
Trustee's standing motion and review motion in
connection with same (3.60)

| | | | |
|---|---|---|---|
| 04/25/13 | MJM | Edit current version of Objection to Wilmington Trust's standing motion to prosecute, among others, estate claims against Ally (1.10); discussion with T. Foudy re draft Objection to Wilmington Trust's standing motion (.20) | 1.30 |
| 04/25/13 | MG8 | Review and revise draft email to G. Lee on status of cross motions for summary judgment on subordination of Investor claims in which conflict parties including AIG, Allstate and Prudential are defendants for his use in today's plan mediation, and related follow-up with T. Foudy (.20); review and comment on updated draft of Debtors' response to SUN Trustee's request for standing to pursue claims against, among others, AFI and certain of the Debtors and follow-up with D. Bloom regarding same (.60); participate in meeting to discuss work allocation and new research for Reply for Motion for Summary Judgment Debtors' Subordination Complaint in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.80); conference with T. Foudy D. Bloom and P. Buenger re: SUN STN motion objection, drafting and next steps (.50); review submission to Examiner in response to submissions of SUNs and JSNs to facilitate response to motion of Wilmington Trust seeking standing to prosecute certain claims of ResCap, and related follow-up with D. Bloom and P. Buenger (.80); review summary of AIG parties' opposition to Debtors' motion for summary judgment on subordination of Investors' Claims prepared by R. Dawes to facilitate ideas for Debtors' reply submission (.30); attend to numerous correspondences with A. Barrage, J. Levitt and T. Foudy regarding potential ▮▮▮▮▮▮▮▮ SUN Trustee's request for standing and reasons for | 3.50 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   52

███████████████████████ (.30)

| | | | |
|---|---|---|---|
| 04/25/13 | GF | Assist B. Kotliar with preparation of binder re: materials in connection with Response to SUN Trustee's STN Motion for S. Reisman (2.00) | 2.00 |
| 04/25/13 | EC | Draft portion of reply memorandum dealing with subordination of a fraud claim related to a subordinated security as a matter of law in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.90); attend to research relating to the applicability of the implied covenant of good faith and fair dealings ███████████████████████████ (2.10); attend to research relating to subordination under 510(a) ████████████████████████████████████████████████████ 1.40); prepare outline reply on 510(a) subordination issues raised in Investors' opposition relating to both subordination as a matter of law and use of good faith and fair dealings to imply larger reach of agreement's subordination provision (1.40); meeting with T. Foudy, M. Gallagher, D. Bloom, R. Dawes and B. Kotliar to discuss brief in opposition to summary judgment motion and prepare startegy for reply brief (.80) | 6.60 |
| 04/25/13 | BMK | Review district and state court complaints filed by Investors prepetition to determine their use of the term "issuer" as it applies to Debtor entities in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.00); prepare for conference re: reply to Investors' cross opposition by outlining no fault equitable subordination arguments under section 510(c) of the Bankruptcy Code, and reviewing outline prepared by R. Dawes re: Investors opposition (.40); conference meeting with T. Foudy, M. Gallagher, D. Bloom, R. Dawes, and E. Combs re: drafting reply to Investors' cross opposition to summary judgment motion and assignment of research tasks (.80); research Impac order referenced by Investors' cross opposition to summary judgment motion (.20); research recent large Chapter 11 bankruptcies for cases involving orders granting committee's derivative standing to prosecute and settle estate claims (1.00); email correspondence with D. Bloom and P. Buenger re: ████████████████████████ and equitable subordination as property of the estate (.20); research STN Trilogy cases from the Second Circuit and recent cases applying holdings re: same (1.10); coordinate | 8.40 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    53

with G. Faust re: production of relevant materials for SUN
Trustee Motion, including prior analysis of issues (.40);
draft email response to T. Foudy re: STN Trilogy cases
and the legal standards governing the SUN Trustee
Standing Motion (.50); email correspondence with D.
Bloom summarizing research re: ResCap LLC and
███████████████ in RMBS trust settlement (.20); research
prior case filings re: RMBS Trust Settlement re: █████
████████████████████ including motions to approve
the settlement, objections, and replies (.50); draft email to
D. Bloom and P. Buenger re: recent cases granting
committee's motions for derivate standing to pursue
estate claims and provide citations to same for use in
objection to SUN Trustee Standing Motion (.50); perform
additional research re: SUN Trustee Proposed Order re:
derivative standing and compare to Committee's proposed
order for its motion for proposed standing to review
potential discrepancies regarding ████████████████████
████████████████ in the context of plan
negotiations (.50); discuss background to SUN Trustee
Standing Motion with P. Buenger and explain relevant
standards governing standing motions under the second
circuit STN trilogy (.50); numerous discussions with D.
Bloom re: open issues underlying objection to SUN
Trustee Standing Motion including relevant case law,
background to mediation, updating objection grounds, and
colorability of claims (.60)

04/25/13  DAB    Further research and analysis of case law discussing                10.00
Commodore, STN and Housecraft standing, and review of
cases citing same ████████████████████████████████
████████████████████████████████████████████████
██████████ for purpose of potential inclusion of case law in
revised draft limited objection to SUN Trustee's standing
motion (1.50); confer with B. Kotliar regarding same (.60);
further revision of draft limited objection to SUN Trustee's
standing motion, including drafting of analysis of
additional case law regarding Second Circuit's approach
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████ conforming of defined terms throughout draft,
review of citations throughout draft for internal consistency
and global edits to same based on additional review of
same (2.10); review and analyze SUN Trustee's request
for settlement authority both within and outside the plan
context in the SUN Trustee's motion seeking standing to
pursue estate and third-party claims and accompanying
proposed order, and detailed comparison against
authority sought by Committee in Committee's motion
seeking standing to pursue estate claims and
accompanying proposed order, and

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   54

comparison of same against settlement authority obtained by Committee in order approving Committee's standing motion to pursue claims against the JSNs (.90); draft email memoranda analyzing SUN Trustee's and Committee's proposed (and, in the case of the JSN standing motion, approved) settlement authority to T. Foudy and M. Gallagher (.70); per direction of T. Foudy, expand draft sections of limited objection to SUN Trustee standing motion to include more detailed legal argument to support the Committee's right to pursue claims on behalf of the estates for alter ego/veil peircing, successor liability, and equitable subordination (.80); meet with T. Foudy, M. Gallagher and D. Bloom re: drafting assignment re: objection to SUN STN standing motion (.50); work with P. Buenger to further revise draft limited objection to SUN Trustee's motion for standing to pursue estate and purported third-party claims (2.10); meet with T Foudy, M. Gallagher, R. Dawes, E. Combs and B. Kotliar re: assignment and delegation of research issues and drafting re: reply to Investors' Summary Judgment Motion (.80)

| 04/25/13 | PJB2 | Research re: case law where an official committee of unsecured creditors is the preferred party to bring estate claims over an individual creditor of the estate for purposes of objection to SUN Trustee's motion for standing to bring various claims on behalf of Residential Capital, LLC (3.20); review SUN Trustee's motion for standing re: third-party claims and proposed complaint attached for Debtors' objection to same (.40); meet with D. Bloom, M. Gallagher and T. Foudy to discuss drafting of objection to Wilmington Trust motion for standing to pursue Debtors' claims and further research required for same (.50); discussions with D. Bloom, M. Gallagher and B. Kotliar on research re: extending stay to directors and officers and courts preferring providing official committees to have standing to pursue estate lawsuits as opposed to creditors in relation to responding to standing motion of senior unsecured notes (.40); research re: whether certain alter ego claims, equitable subordination, and successor liability claims belong to the Debtors' estates for incorporation into Debtors' objection to SUN Trustee's motion for standing to bring various claims on behalf of Residential Capital, LLC (3.20); work with D. Bloom on drafting objection to SUN Trustee's motion for standing to bring various claims on behalf of Residential Capital, LLC (2.10); conference with B. Kotliar re: various research issues concerning Debtors' objection to SUN Trustee's standing motion and drafting of same (.50) | 10.30 |

| 04/25/13 | FRG | Assemble and distribute binders re: Opposition to Summary Judgment as per B. Kotliar in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are | 0.70 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   55

defendants (.70)

| | | | |
|---|---|---|---|
| 04/25/13 | ARD | Meet with T. Foudy, M. Gallagher, D. Bloom, E. Combs and B. Kotliar re: reply to Investors' opposition to Debtors' Summary Judgment Motion in connection with subordination adversary proceeding (.80); correspond with D. Bloom and E. Combs re: summary of arguments made by JSNs in their Opposition (.10) | 0.90 |
| 04/26/13 | TF1 | Review memo on research regarding affiliate status and plan voting for reply to subordination summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); review M. Gallagher comments to response to SUN Trustee's STN motion (.30); edit/revise draft response to SUNs' STN motion (3.30) | 4.00 |
| 04/26/13 | MG8 | Review and provide comments on draft response of Wilmington Trust motion seeking standing, and related follow-up with P. Buenger and D. Bloom (.80); attend to correspondence from G. Lee regarding comments to draft response to Sun Trustee's motion seeking standing and related follow-up with P. Buenger and D. Bloom (.20); attend to correspondence with P. Buenger and A. Barrage regarding obtaining updated list of HoldCo officers and directors in connection with response to SUN Trustee's request for standing (.30) | 1.30 |
| 04/26/13 | EC | Draft reply memorandum on subordination of fraud claims under Section 510(a) where underlying security was also subordinated and equitable considerations that such claims not escape subordination by overly strict statutory construction in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70); research relating to legislative history of '33 Act and relevant portion of Bankruptcy Code for rebuttal of Investor arguments in applicability of Section 510(b) subordination (.90); meeting with D. Bloom to discuss strategy in adressing 510(b) "of the debtor" opposition argument made by Investors (.60); research refining understanding doctrine of good faith and fair dealing with respect to applicability in agreement that is entirely silent on particular issue and influence of patent party intent in drafting to determine scope of duty thereunder (.80); draft reply memorandum section relating to good faith and fair dealing applicability to Section 510(a subordination where agreement is silent on issue (2.80) | 6.80 |
| 04/26/13 | BMK | Correspondences with E. Combs re: obtaining ███████ Investors' Opposition to Doctors' summary judgment motion in connection with subordination adversary proceeding in which conflict parties including AIG, | 4.80 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    56

Allstate and Prudential are defendants (.10); circulate as filed versions of summary judgment brief and opposition to T. Foudy and K. Sadeghi at Morrison & Foerster (.10); review all prepetition complaints filed by Investors party to summary judgment motion in state and district courts for use of the word "issuer" and reference to securities laws (1.00); draft email correspondence to D. Bloom and E. Combs detailing findings re: Investors prepetition complaints' use of the term "issuer" and reference to the securities laws (.90);    review and revise references to case documents relied upon in objection to SUN Trustee Motion (.20); correspondences with P. Buenger and D. Bloom re: prior equitable subordination research ███████ ███████████████████ (.20); review prior research re: alter ego and successor liability re: substantially all assets provisions in indenture agreements for inclusion to objection to SUN Trustee Motion (.50); review equitable subordination research previously performed re: Examiner submissions and circulate research findings to D. Bloom and P. Buenger for objection to SUN Trustee Standing Motion (.30); review and revise objection to SUN Trustee purported third party claims re: equitable subordination re: estate claim (.40); review ████████████ ██████████████████████████████ for objection to SUN Trustee Standing Motion (.30); conference with D. Bloom and P. Buenger re: Committee Claims vs. HoldCo claims asserted by SUN Trustee in standing motion and arguments re: estate property vs. individual creditor harm (.50); assist with drafting background section for objection to SUN Trustee Standing Motion by reviewing mediation motions, orders, and exclusivity extension motions and providing citations to same (.30)

| | | |
|---|---|---|
| 04/26/13  JTW | Research re: extension of automatic stay to cover non-debtor officers and directors for Debtor's response to SUN Trustee's standing motion (.70) | 0.70 |
| 04/26/13  DAB | Circulate revised version of Debtors' draft limited objection to SUN Trustee's motion to T. Foudy and M. Gallagher with cover email describing various updates to same (.20); review and address M. Gallagher's and T. Foudy's comments to Debtors' draft limited objection to SUN Trustee's motion (.80); work with P. Buenger to revise section of Debtors' draft objection to SUN Trustee's motion for standing with focus on an individual creditor's ability to bring equitable subordination claims under section 510 of the Bankruptcy Code (.40); review multiple emails from B. Kotliar regarding veil piercing/alter ego and equitable subordination claims in connection with Debtors' draft limited objection to SUN Trustee's motion (.20); analyze Impac decision cited by Investors (including conflict parties AIG, Prudential and Mass Mutual) in their | 7.90 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   57

opposition to the Debtors' subordination summary judgment motion for purpose of distinguishing holding of same in Debtors' reply to Investors' opposition in connection with subordination adversary proceeding (.80); review and analyze ███████████████ ██████ for purpose of distinguishing holding of Impac decision in Debtors' reply to Investors' subordination opposition in connection with subordination adversary proceeding (1.00); draft several inserts for inclusion in Debtors' revised draft limited objection to SUN Trustee's motion per T. Foudy and M. Gallagher request, including section on ResCap's and key stakeholders' mediation/negotiation efforts, section regarding inappropriateness of granting the SUN Trustee plan control and overbroad settlement authority, expanded preliminary statement, language addressing Sun Trustee's assertion that the Debtors have treated the SUNs inequitably in the chapter 11 cases, and various other updates to existing sections (1.90); correspondence with M. Gallagher and P. Buenger regarding Sun Trustee's proposed D&O breach of duty claim and identity of D&Os at issue (.20); review and insert P. Buenger's draft footnote ██████████████ into Debtors' draft limited objection to SUN Trustee's standing motion (.10); review B. Kotliar email analyzing references to Debtors as "issuers" of RMBS contained in certain of the Investors' prepetition complaints and proofs of claim, in connection with drafting of Debtors' reply to Investors' subordination opposition in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.30); work with P. Buenger re: draft insert regarding SUN Trustee's proposed D&O claim in connection with Debtors' draft limited objection to SUN Trustee's motion (.40); review email memorandum from B. Kotliar regarding ████████████████ ██████ in connection with Debtors' draft limited objection to SUN Trustee's motion (.60); email to B. Kotliar regarding status of research regarding ███████████ ████████████████████████ in connection with drafting of Debtors' reply to Investors' subordination opposition (.50); confer with P. Buenger and B. Kotliar re: estate versus particular, individual harm in connection with standing motions (.50)

| | | |
|---|---|---|
| 04/26/13  PJB2 | Draft section of Debtors' objection to SUN Trustee's standing motion re: extension of the automatic stay under section 362 of the Bankruptcy Code (.60); research re: extension of the automatic stay under section 362 of the Bankruptcy Code to current and past directors and officers of a debtor entity for drafting Debtors' objection to SUN Trustee's motion for standing (4.40); correspondence with Debtors' lead counsel and M. Gallagher re: ████████████████ | 10.70 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   58

███████████████████████████ for
purposes of incorporating same into Debtors' objection to
SUN Trustee's standing motion (.30); research re:
whether successor liability claims against a debtor's
parent are estate claims for Debtors' objection to SUN
Trustee standing motion (3.40); draft section of Debtors'
objection to SUN Trustee's standing motion re: successor
liability claims against a debtor's parent are estate claims
(.80); confer with B. Kotliar and D. Bloom re: estate
property v. particular, individualized harm in connection
with SUN and Committee Standing motions (.50); multiple
correspondence with T. Foudy re: finalizing of Debtors'
objection to SUN Trustee's standing motion and providing
same to lead counsel (.30); work with D. Bloom on section
of Debtors' objection to SUN Trustee's motion for standing
re: an individual creditor can bring equitable subordination
claims under section 510 of the Bankruptcy Code (.40)

| Date | Init. | Description | Hours |
|---|---|---|---|
| 04/26/13 | FC | Locate and retrieve ████████████████ in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.50) | 1.50 |
| 04/26/13 | ARD | Begin drafting reply brief insert for section 510(b) "affiliate" issues in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70) | 1.70 |
| 04/27/13 | SJR | Review and comment on draft Limited Objection to SUN Trustee's Motion for STN Standing (1.30); review filings in connection with B&O insurance coverage and indemnity case and claims (.40); follow up and review e-mails related to status of SUN Trustee's Motion and strategy regarding same (.30) | 2.00 |
| 04/27/13 | EC | Resaerch relating to ███████ of "issuer" concept under securities law and whether that effects issuer status of a depositor for purposes of 510(b) in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.70) | 1.70 |
| 04/27/13 | BMK | Email correspondence with P. Buenger addressing comments from Morrison & Foerster re: Limited Objection to SUN Trustee Standing Motion (.30); email correspondence with P. Buenger detailing ██████████ under relevant case law (.30); email correspondence with P. Buenger re: ██████████ and ResCap LLC Claim as set forth in motions to approve RMBS Trust Settlements re: addressing certain issues in connection with same for objection to SUN Trustee Standing Motion (.30) | 0.90 |
| 04/27/13 | DAB | Review and analyze G. Lee/Morrison & Foerster comments to draft limited objection to SUN Trustee's | 4.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    59

motion (.40); review extensive correspondence between P
Buenger, B. Kotliar and M. Gallagher regarding G. Lee's
comments to same (.50); confer with P. Buenger
regarding edits to same to address certain of G. Lee's
comments (.80); review and further revise sections of draft
regarding veil piercing/alter ego claims belonging to
Debtors' estates pursuant to Delaware law and the
Bankruptcy Code, and expiration of AFI
███████████████ (.80)
review Debtors' Examiner submissions and adversary
proceeding filings regarding ResCap D&O insurance
coverage and indemnification obligations in connection
with inclusion of reference to same in draft limited
objection to SUN Trustee standing motion (.60); review
case law cited in same regarding same (.50);
incorporation of discussion of ResCap's D&O insurance
coverage and indemnification obligations and legal
arguments with respect to same in draft limited objection
to SUN Trustee's motion (.30); draft detailed email to P.
Buenger and B. Kotliar summarizing various open issues
requiring further review and consideration in connection
with G. Lee's comments to draft limited objection to SUN
Trustee's motion, including further refining of discussion of
AFI PSA and ████████████ description of costs to the
estate of a grant of SUN Trustee standing, ████████
███████████████ in connection with revisions to draft
limited objection to SUN Trustee's motion (.20)

04/27/13  PJB2    Multiple correspondences and calls with B. Kotliar re:
revising Objection to SUN Trustee's Standing Motion
pursuant to comments from Debtors' lead counsel and
additional research needed to address issues re: same
(.80); review various versions of RMBS Settlement
Agreement and docket pleadings related to same re:
proposal of prior amendments re: debtor Residential
Capital, LLC and benefits to ResCap for purposes of
incorporating same into draft Objection to SUN Trustee's
Standing Motion (2.80); revise Objection to SUN Trustee's
Standing Motion pursuant to comments from Debtors' lead
counsel and after research re: procedures dealing with
████████████████ and review of various docket pleadings
(1.80); research re:
██████████████████████████████
██████████████ (3.80); confer with D. Bloom to
work on revising Objection to SUN Trustee's Standing
Motion pursuant to comments from G. Lee, Debtors' lead
counsel (.80); review prior Plan Support Agreement and
related documents of same in regard to Debtors' asset
sales for purposes of incorporating background of same
into draft Objection to SUN Trustee's Standing Motion with
respect to expiration of    10.30

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    60

the Plan Support Agreement (1.30)

| | | | |
|---|---|---|---|
| 04/27/13 | ARD | Finish drafting Debtors' reply brief insert for section 510(b) "affiliate" issues in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (4.70) | 4.70 |
| 04/28/13 | EC | Research relating to issues raised in Investors' opposition to 510(b) subordination for Debtors' reply with respect to arguments that the securities are "of" the debtor in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.30); research relating to legislative history of Securities Act and Bankruptcy Code to determine applicability of issuer status to 510(b) subordination (2.40) | 3.70 |
| 04/28/13 | BMK | Email correspondence with D. Bloom and P. Buenger re: addressing Morrison & Foerster's comments re: creditors of HoldCo and the OpCos for addressing statements in connection with the SUN Trustee Motion for standing to prosecute and settle estate claims (.30); review draft complaint seeking declaratory judgment with respect to liens held by Junior Secured Noteholders, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.50) | 0.80 |
| 04/28/13 | DAB | Correspondence with P. Buenger re: revisions to Debtors' objection to SUN Trustee's motion for standing to bring various claims on behalf of ResCap pursuant to comments from Morrison & Foerster and T. Foudy (.30); email to B. Kotliar regarding claims analysis and master claims spreadsheet from KCC (.10); conduct detailed review of claims register to substantiate assertion in Debtors' draft limited objection to SUN Trustee's standing motion ██████████████ (.60); call with P. Buenger re: revised draft objection to SUN Trustee's and provision of same to T. Foudy (.20); draft and circulate email to T. Foudy summarizing open issues and revisions made to draft of same to address G. Lee's comments to same (.20) | 1.40 |
| 04/28/13 | PJB2 | Call with D. Bloom re: revised draft Objection to SUN Trustee's and providing same to T. Foudy (.20); correspond with B. Kotliar and D. Bloom re: revised draft Objection to SUN Trustee's provided by D. Bloom and providing same to T. Foudy (.30); review revised draft Objection to SUN Trustee's provided by D. Bloom (.40) | 0.90 |
| 04/28/13 | ARD | Draft summary of JSN Opposition to Investors' Summary Judgment Motion and related arguments from Investors' Summary Judgment Motion in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and | 2.10 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   61

|  |  |  |  |
|---|---|---|---|
|  |  | Prudential are defendants (2.10) |  |
| 04/29/13 | SJR | Review comments to Sun Trustee's STN Motion and feedback from Morrison & Foerster and Curtis Attorneys regarding same (1.60); review draft response to SUN Trustee's Motion for STN Standing and comments on same (2.10) | 3.70 |
| 04/29/13 | TF1 | Review research and past briefs/submissions with pertinent information to response to SUN Trustee's STN Motion response (2.50); edit/revise response to SUN Trustee's STN Motion in light of comments by G. Lee and A. Barrage to same (3.60); review emails regarding AFI and Committee positions on SUN Trustee's STN Motion (1.00); call with A. Barrage and M. Gallagher on SUN Trustee's STN Motion response (.40) | 7.60 |
| 04/29/13 | MG8 | Teleconference with T. Foudy and A. Barrage regarding issues related to Wilmington Trust's motion for standing to assert certain causes of action belonging to the Debtors and preparation of response to the same (.40); review and comment on drafts of Debtors' limited objection the Wilmington Trust's motion for standing to assert certain causes of actions and coordinate comments of Curtis and Morrison & Foerster with respect to the same (1.60); attend to review of updated ███████████████ and compare the same to ████████████████████████ draft complaint submitted by SUNs' Trustee in connection with preparation of Debtors' response to motion for standing filed by SUNs' Trustee (.40); review and respond to numerous communications with D. Bloom regarding response to SUN Trustee's motion for standing to prosecute and settle certain causes of action in connection with preparation of Debtors' response to the same (.30) | 2.70 |
| 04/29/13 | EC | Review line of precedent ███████████████████ ███████████████████████ definition of "issuer" and whether trust, as "issuing entity" is only actual source of securities, despite securities law treatment of depositor as such in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.20); review ████████ ████████████████████ and related authority set forth therein in order to prepare effective reply brief addressing Investors' assertions that a narrow reading of 510(b) is mandated, despite the aparently broad and encompassing treatment received in those cases (2.60); draft email to D. Bloom discussing research findings from review and setting forth proposed arguments for reply to Investor opposition memoranda (.60); review precedent cited in Investor opposition memoranda, with particular focus | 7.50 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    62

on Washington Mutual decision and precedent cited
therein for the non-subordination of trust issued asset
backed securities and whether issuer status was ever
addressed in those decisions (2.30); research relating to
legislative history of the Bankruptcy Code with respect to
establishing congressional intent for an expansive reading
on 510(b) that would encompass related trust claims (.80)

| | | | |
|---|---|---|---|
| 04/29/13 | DAB | Respond to T. Foudy's email regarding G. Lee's comments to draft limited objection to SUN Trustee's motion (.10); multiple emails to T. Foudy regarding Whitlinger Affidavit cited in same draft limited objection (.20); correspondences with B. Kotliar and P. Buenger regarding removal of ▮▮▮▮▮ for purpose of revising discussion of same in draft limited objection to SUN Trustee Standing Motion (.20); review and respond to email memorandum by E. Combs regarding legislative history underlying Section 510 of the Bankruptcy Code and SEC regulations cited in Investors' subordination summary judgment motion and opposition to Debtors' subordination summary judgment motion (.30); review emails from M. Gallagher and B. Kotliar regarding ▮▮▮▮▮ for purpose of analyzing extension of automatic stay to include same in connection with draft limited objection to SUN Trustee's motion (.20) | 1.00 |
| 04/29/13 | PJB2 | Review transcripts of prior hearings regarding ▮▮▮▮▮ and settlement agreements with respect to relevant information on previous ▮▮▮▮▮ for inserting same into objection to SUN Trustee's standing motion (3.20) | 3.20 |
| 04/30/13 | SJR | Attend to review of Objection to UCC Standing Motion filed by various parties (.70); confer with T. Foudy regarding status of matters regarding STN standing motions and relevance to Debtors' response to SUN Trustee's motion (.20) | 0.90 |
| 04/30/13 | TF1 | Review objections to UCC standing motion filed by SUNs, JSNs, and AFI (.60); exchange emails with Morrison & Foerster regarding modifications to SUN Trustee's STN response in light of same (.30); edit response to SUNs' STN in light of same and forward to Morrison & Foerster (.80); review objection by JSNs to Debtors' motion to extend exclusivity (.40); draft email with detailed instructions for cite-checking response to SUN Trustee's STN motion (.10): call with K. Sadeghi on status of reply brief on subordination dispute in which conflict parties including AIG, Allstate and Prudential are defendants (.30) review and respond to Quinn Emanuel request regarding time to answer subordination adversary complaint (.20) | 2.90 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    63

| | | | |
|---|---|---|---|
| 04/30/13 | MG8 | Review objections of AFI, SUNs and JSNs to motions by Committee and Wilmington Trust seeking standing to prosecute certain claims against AFI and other claims of Debtors' estates, as they relate to Debtors' response to Wilmington Trust standing motion (1.50); review and revise portion of draft response to SUN Trustee's standing motion relating to settlement authority and follow-up with D. Bloom regarding the same (.70); review Committee statement regarding motion seeking standing and attached partially redacted motion, as it relates to Debtors' limited objection to similar motion made by Wilmington Trust (SUN Trustee) (1.10) | 3.30 |
| 04/30/13 | EC | Conduct research relating to rule making history of asset backed securities regulation for reply discussion of depositor as issuer ██████████████████ ████████████████████ (2.30); review AIG opposition to Debtors' Summary Judgment Motion and cited cases and preparing brief synopsis of proposed responses on critical points raised therein (1.30); research relating to legislative history of Exchange Act, Securities Act and Bankruptcy Act for reply memorandum insert relating to issuer status establishing "of the debtor" status for the purpose of 510(b (1.90); draft reply brief section relating to borrowing from securities law for bankruptcy law where bankruptcy does not specifically define securities related terms (1.10) | 6.60 |
| 04/30/13 | BMK | Review AFI, SUN Trustee, and JSN objections to Committee Motion seeking standing to prosecute and settle estate claims (.80); assist with drafting portion of objection to SUN Trustee Standing Motion re: settlements by ensuring accuracy of assertions with respect to Committee and SUN Trustee Proposed Orders and citations (1.10); perform citecheck of all cases and pleadings cited and relied upon in Limited Objection to SUN Trustee Standing Motion including prior and subsequent case history, accuracy of parenthetical explanations and support for underlying assertions, and conformity with citation requirements (4.20); Review notes and comments from prior week meeting discussing section 510(c) of the Bankruptcy Code re: drafting section of reply brief in further support of Debtors' motion for summary judgment seeking subordination of Investors' RMBS fraud claims in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (.40); draft outline of Section 510(b) subordination section of reply brief focusing on no fault equitable subordination case law investors relied upon cases, and legal and factual assertions of | 13.40 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page   64

same (.80); review joint stipulation of facts and attached exhibits for facts to support arguments that particular facts and circumstances justify no fault equitable subordination and is not categorical (1.50); draft Section 510(c) of reply brief incorporating arguments from outline and particular facts from joint stipulation (1.40); outline arguments re: Investors' double recovery through Trust Claims and RMBS fraud claims (1.20); draft portion of brief re: same with specific attention to caselaw re: duplicative/overlapping claims, multiple recoveries (1.10); review investors' cited cases for proposition that they are entitled to both contract and fraud recoveries (.50); incorporate arguments addressing same into draft reply brief (.40)

| | | | |
|---|---|---|---|
| 04/30/13 | JTW | Review and compare Committee's redacted standing motion and partially redacted standing motion for D. Bloom for use in connection with response to SUN Trustee Standing Motion (.40) | 0.40 |
| 04/30/13 | DAB | Correspondence with M. Gallagher and P. Buenger regarding draft limited objection to SUN Trustee's standing motion (.10); review limited objection to ensure compliance with case management order (.20); review P. Buenger email regarding status of draft limited objection (.10); communication with M. Gallagher and J. Weber regarding unredacted Committee standing motion and Committee's proposed causes of action contained therein (.10); review and analysis of various cases cited and distinguished by the Investors (including AIG, Prudential and Mass Mutual) in their opposition to the Debtors' subordination summary judgment motion for purpose of drafting counterarguments with respect to same for inclusion in reply to same in connection with subordination adversary proceeding in which conflict parties including AIG, Allstate and Prudential are defendants (1.50); further review and analysis of Impac case cited by Investors and ██████████████████████████ for purpose of distinguishing holding of Impac decision in Debtors' reply to Investors' subordination opposition (1.00); draft detailed outline of reply to Investors' opposition to Debtors' subordination summary judgment motion, including, among other topics, legal arguments related to applicability of case law cited by Debtors interpreting "issuer" definition, inapplicability and distinguishability of Impac decision, inaccurate reading of exclusory language in SEC regulations, and inaccurate interpretation of Washington Mutual decision (1.00); confer with E. Combs regarding required analysis of Alfa v Enron case in order to distinguish same in draft reply to Investors' opposition to Debtors' subordination summary judgment motion (.20); review and analyze SUN Trustee and Ally objections to Committee standing motion in connection with revisions to draft | 8.30 |

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    65

limited objection to SUN Trustee's standing motion (.80);
review comments from A. Barrage, G. Lee, T. Foudy, and
M. Gallagher regarding strategy with respect to draft
limited objection to SUN Trustee STN Motion for purpose
of incorporating same into revised version of same (.50);
review and analyze case law discussing ███████
███████████ including ███████ and ███████
███ in connection with revisions to draft limited
objection to SUN Trustee STN Motion (.80); draft
expanded insert ███████████████████████████
███████████████ for inclusion in Debtors' revised draft limited
objection to SUN Trustee's standing motion per T. Foudy
request (.90); confer with P. Buenger and B. Kotliar
regarding G. Lee and A. Barrage comments to draft
limited objection (.10); review M. Gallagher comments to
third-party settlement authority argument and incorporate
same into draft limited objection (.60); review further
correspondence from A. Barrage and J. Levitt regarding
additional revisions to draft limited objection (.30); confer
with T. Foudy regarding further revised draft limited
objection to SUN Trustee standing motion (.10)

04/30/13  PJB2    Correspondences throughout the day with D. Bloom re:       3.90
revisions to objection to SUN Trustee's motion for
standing to bring various claims on behalf of Residential
Capital, LLC pursuant to comments from Debtors' lead
counsel and T. Foudy (.30); review omnibus objection of
Junior Secured Noteholders to standing motions of the
Committee and the SUN Trustee to bring estate claims
(.40); review transcripts of court hearings re: previous
RMBS Settlement Motions and different version of RMBS
settlements with respect to previous treatment of claims
against Residential Capital, LLC and insertion of ███████
███████████████████████ objection to SUN Trustee's motion for
standing to bring various claims on behalf of Residential
Capital, LLC pursuant to comments from Debtors' lead
counsel and T. Foudy (2.80); revise objections to SUN
Trustee's motion for standing to bring various claims on
behalf of Residential Capital, LLC pursuant to comments
from Debtors' lead counsel and T. Foudy (.40)

04/30/13  JDM    Attention to tracking issue of ███████████████       0.60
███████████ in connection with subordination
adversary proceeding in which conflict parties including
AIG, Allstate and Prudential are defendants (.60)

TOTAL HOURS       1,017.80

July 24, 2013
Inv # 1584493
Our Ref #   062108-000400

Page    66

## Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 93.90 | 830 | 77,937.00 |
| Michael J. Moscato | Partner | 4.80 | 785 | 3,768.00 |
| Theresa A. Foudy | Partner | 115.70 | 730 | 84,461.00 |
| Maryann Gallagher | Counsel | 62.70 | 625 | 39,187.50 |
| Andrew B. Zinman | Associate | 2.80 | 590 | 1,652.00 |
| Daniel A. Bloom | Associate | 228.10 | 480 | 109,488.00 |
| Peter Josef Buenger | Associate | 47.40 | 425 | 20,145.00 |
| J. Derek Mize | Associate | 12.60 | 425 | 5,355.00 |
| A. Robert Dawes | Associate | 103.40 | 350 | 36,190.00 |
| James Zimmer | Associate | 0.70 | 345 | 241.50 |
| Edward Combs | Associate | 125.70 | 305 | 38,338.50 |
| Bryan M. Kotliar | Associate | 169.30 | 305 | 51,636.50 |
| Stephanie R. Morris | Associate | 16.20 | 305 | 4,941.00 |
| John Thomas Weber | Associate | 6.70 | 305 | 2,043.50 |
| Georgia Faust | Legal Assistant | 15.50 | 235 | 3,642.50 |
| Melissa Rutman | Legal Assistant | 9.60 | 235 | 2,256.00 |
| Farai Chidavaenzi | Legal Assistant | 1.50 | 235 | 352.50 |
| Franklin R. Guenthner | Legal Assistant | 1.20 | 235 | 282.00 |
| | | **1,017.8** | | **$481,917.50** |

TOTAL SERVICES                                      $481,917.50

## Summary of Expenses

Duplicating                                        912.40

TOTAL EXPENSES                                      $912.40

TOTAL THIS INVOICE                                  $482,829.90



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

ATTORNEYS AND COUNSELLORS AT LAW
101 PARK AVENUE
NEW YORK, NEW YORK  10178-0061

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**   Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1584493

| | |
|---|---:|
| Total Services | 481,917.50 |
| Total Expenses | 912.40 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$482,829.90** |

**If you require further information regarding past due accounts, please contact
Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



## CURTIS

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

Residential Capital, LLC                                      July 24, 2013
1100 Virginia Drive
MC: 190_FTW-M01                                          Inv. # 1584494
Fort Washington  PA 19034                                Our Ref. 062108-000410
                                                                        SJR

Attention:     Residential Capital, LLC

**Re:   Adversary Proceedings and Contested Matters**

---

| | | | |
|---|---|---|---|
| 04/01/13 | MJM | Edit revised version of legal memo from Curtis to Morrison & Foerster re ▮▮▮▮▮▮ in connection with JSN dispute, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.10) | 1.10 |
| 04/01/13 | BMK | Review and revise memorandum re: ▮▮▮▮▮▮▮▮ edits/comments of D. Bloom to reflect updated research requested by Morrison & Foerster in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.40) | 1.40 |
| 04/02/13 | SJR | Correspondence with M. Gallagher and T. Smith ▮▮▮▮▮ with respect to CMH payment dispute with Cerberus and issues regarding same (.30); attend to review of research regarding ▮▮▮▮▮▮▮▮▮ in connection with research on JSNs and claims to be over-secured (1.30) | 1.60 |
| 04/02/13 | MJM | Meeting with B. Kotliar to discuss edits to revised legal memo re ▮▮▮▮▮ in the JSN dispute, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.60) | 0.60 |
| 04/02/13 | MG8 | Telephone conference w/ A. Barrage of Morrison & Foerster regarding CMH situation with Cerberus and concerns about Examiner investigation (.20); review correspondence from L. Delehey of ResCap regarding ▮▮▮▮ CMH dispute with Cerberus (.10); draft summary of CMH situation for N. Rosenbaum ▮▮ ▮▮▮▮▮▮▮▮ against Cerberus parties for withheld payments to MHF (.80); correspond with N. Rosenbaum regarding CMH Holdings dispute with Cerberus and possible issues relating to Examiner investigation (.20); attend to correspondence with S. Reisman and T. Smith regarding ▮▮▮▮▮▮ ▮▮▮▮▮ CMH payment dispute with Cerberus, and related follow-up (.30) | 1.60 |
| 04/02/13 | BMK | Conference with M. Moscato re: comments/edits to updated memorandum reflecting additional issues and | 0.60 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  2

research topics proposed by Morrison & Foerster (.60)

| 04/03/13 | SJR | Attend to matters regarding update on research for possible ████████████ Cerberus related to amounts to ResCap (.80) | 0.80 |
|---|---|---|---|
| 04/03/13 | MJM | Meeting with D. Bloom and B. Kotliar re revised legal memo re ████████████ in JSN dispute, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 04/03/13 | MG8 | Conferences and correspondence with P. Buenger and J. Zimmer regarding research on ████████████ ████████████ CM Holdings and Cerberus regarding failure to pay distributions and related follow-up correspondence (.50) | 0.50 |
| 04/03/13 | BMK | Review and revise per edits/comments of M. Moscato and D. Bloom updated memorandum re: ████████████ ████████████ re: ████████████ follow up research requests of Morrison & Foerster (1.60); conference with M. Moscato and D. Bloom re: discuss recent edits/comments to updated memoranda and timetable for sending documents to Morrison & Foerster (.30); circulate draft updated memorandum to S. Reisman, M. Moscato, and D. Bloom (.10) | 2.00 |
| 04/03/13 | DAB | Further research regarding ████████████ for inclusion in revised draft research memorandum regarding ████████████ ████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (1.70); review email correspondence from M. Moscato and B. Kotliar related to same (.30); confer with M. Moscato and B. Kotliar to discuss comments to same (.20); review M. Moscato comments to same, and further revisions to same (.80); review and edit revised draft memorandum prior to circulation to Morrison & Foerster (.40); correspond with B. Kotliar regarding S. Reisman review of same (.10) | 3.60 |
| 04/03/13 | PJB2 | Research re: ████████████ ████████████ against conflict party Cerberus Capital Management arising under a LLC agreement with the Debtors (3.40); research re: ████████████ ████████████ ████████████ in connection with potential claims against conflict party Cerberus arising from joint venture with certain of the Debtors (1.50); research re: ████████████ ████████████ ████████████ in connection with potential claims against conflict party Cerberus arising from joint venture with | 7.70 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  3

certain of the Debtors (2.30); multiple discussions with M. Gallagher and J. Zimmer on research re: █████████ █████████ Cerberus Capital Management LLC under the bankruptcy code (.50).

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 04/03/13 | JZ | Research in connection with CMH Holdings dispute regarding ████████████████████████ ██████ (.80); confer and correspond with M. Gallagher and P. Buenger regarding ███████ ████████████████████████ (.50); research in connection with CMH Holdings dispute regarding ████████████████████████ (.60) | 1.90 |
| 04/04/13 | SJR | Review extensive Memorandum on Junior Secured Noteholders' Rights with Respect to ████████ █████████ and other research related to same as requested by ResCap in connection with Curtis' Representation of ResCap as Conflicts Counsel, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20); review research in connection with potential ███████ against Cerberus in connection withholding of funds owed to Debtor (1.30) | 4.50 |
| 04/04/13 | MG8 | Attend to correspondence with N. Rosenbaum of Morrison & Foerster regarding status of dispute with Cerberus over CMH Holdings (.20) | 0.20 |
| 04/04/13 | BMK | Review and revise draft memorandum of research relating ████████████████████████ and re: ███████████████ as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.80) | 0.80 |
| 04/04/13 | DAB | Further review of legal issues analyzed in draft memorandum regarding █████████████████ in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest (.80); correspondences with B. Kotliar regarding status of draft (.20); draft cover email summarizing findings and attach clean and redline of same for transmission to Morrison & Foerster (.40) | 1.40 |
| 04/04/13 | PJB2 | Research re: ████████████████████████████ █████ in connection with potential claims against conflict party Cerberus arising from joint venture with certain of the Debtors (1.90); research re: ████████████████████ in | 5.60 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  4

|  |  | connection with ███████████████ ████████ against conflict party Cerburus as part of joint venture with the Debtor (2.60); research re: ████████████████████████ in connection with potential claims against conflict party Cerberus arising from withheld payments by Cerberus as manager of CMH Holdings LLC (1.10) |  |
| 04/04/13 | JZ | Research in connection with CMH Holdings dispute regarding ████████ to withhold payments due under LLC agreement (4.80); correspondence with P. Buenger regarding status of research in connection with CMH Holdings dispute regarding ███████████████ withhold payments due under terms of LLC agreement (.30); research regarding ██████████████ withheld payments pursuant to JV agreement in connection with CMH Holdings matter (.20) | 5.30 |
| 04/08/13 | DAB | Coordinate with B. Patane regarding ███████████ ████████ in connection with prospective filing of JSN lien-related adversary proceeding, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30) | 0.30 |
| 04/08/13 | JZ | Research in connection with CMH Holdings payment dispute with Cerberus, specifically regarding ████████ ████████████████████████ (1.30) | 1.30 |
| 04/09/13 | JZ | Research regarding CMH Holdings payment dispute, regarding ██████████████ withhold payments due under terms of contract (1.70); correspondence with M. Gallagher regarding status of CMH Holdings dispute and ████████████████ (.10) | 1.80 |
| 04/10/13 | JZ | Research regarding CMH Holdings payment dispute and whether withholding payment to debtor is violation of automatic stay (.50) | 0.50 |
| 04/12/13 | MG8 | Review Committee motion seeking standing to assert causes of actions against Ally, many of which were also asserted by conflict parties (including Committee members) in submissions to the Examiner (1.70) | 1.70 |
| 04/16/13 | MG8 | Telephone conference w/ N. Rosenbaum regarding payment dispute with Cerberus over CMH Holdings and related follow-up with L. Delehey of Residential Capital regarding the same (.40) | 0.40 |
| 04/17/13 | MG8 | Attend to correspondence with L. Delehey of Residential Capital regarding next steps for CMH Holdings' dispute, and related follow-up about April 18 | 0.40 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  5

|  |  | call with T. Smith and J. Zimmer (.40) |  |
|---|---|---|---|
| 04/17/13 | JZ | Review numerous CMH Holdings' related documents in preparation for upcoming meeting regarding ▮▮▮▮ same (.20); correspond with T. Smith and M. Gallagher regarding upcoming conference call regarding CMH dispute (.30) | 0.50 |
| 04/18/13 | SJR | Attend to matters regarding Cerberus payment issue in connection with CMH Holdings and update on status (.20) | 0.20 |
| 04/18/13 | TPS | Review CMH materials to prepare for client call (.30); conference call with M. Gallagher, J. Zimmer, L. Delehey and D. Marquardt regarding strategy on ▮▮▮▮ (.40); prepare correspondence to Cerberus counsel re-opening CHM distribution issues for discussion (.40) | 1.10 |
| 04/18/13 | MG8 | Participate in conference call with T. Smith, J. Zimmer, L. Delehey and D. Marquart to discuss next steps in withheld CMH Holding distribution payment issue with Cerberus (.40); prepare for call with L. Delehey and D. Marquart regarding next steps in CMH dispute with Cerberus, including brief review of prior correspondence and LLC agreement (.60) | 1.00 |
| 04/18/13 | DAB | Emails with B. Kotliar regarding draft JSN memorandum analyzing ▮▮▮▮ in connection with Debtors' forthcoming complaint seeking declaratory judgment with respect to the JSNs' liens, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.10) | 0.10 |
| 04/18/13 | PJB2 | Review and revise summary of research re: ▮▮▮▮ actions under section 542(b) of the Bankruptcy Code ▮▮▮▮ Cerberus ▮▮▮▮ arising from LLC agreement of CMH Holdings with certain of the Debtors and provide same to M. Gallagher (1.30) | 1.30 |
| 04/18/13 | JZ | Participate in call with T. Smith, M. Gallagher and client regarding CMH payment dispute and next steps in connection with same (.40); correspond with M. Gallagher regarding back up for CMH dispute and payments in connection with same (.30); prepare for conference call regarding CMH withheld payment dispute and next steps in connection with same (.60) | 1.30 |
| 04/19/13 | TPS | Attention to reply from Cerberus' counsel on re-opening CMH Holdings discussions (.10) | 0.10 |
| 04/19/13 | JZ | Research regarding ▮▮▮▮ context, for purposes related to CMH Holding's | 0.40 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  6

| Date | Initials | Description | Hours |
|---|---|---|---|
| | | payment dispute (.30); correspond with T. Smith and M. Gallagher regarding future call with Cerberus' counsel in connection with CMH payment dispute (.10) | |
| 04/21/13 | BMK | Perform additional research by ▬▬▬▬ (1.50); draft memorandum re: ▬▬▬▬ (4.80); research standards governing ▬▬▬▬ (2.20) | 8.50 |
| 04/23/13 | MG8 | Correspond with D. Marquardt of Residential Capital regarding status of CMH Holdings dispute with Cerberus regarding withheld distributions from LLC and potential discussion with counsel to Cerberus, the CMH Holdings' managing member (.20) | 0.20 |
| 04/23/13 | JZ | Research in connection with CMH payment dispute with Cerberus, specifically regarding ▬▬▬▬ (.90); correspond with M. Gallagher regarding CMH payment dispute and status of communications with counsel to CMH and possible need for research in connection with same (.30) | 1.20 |
| 04/24/13 | JZ | Research regarding ▬▬▬▬ related to CMH payment dispute with Cerberus (5.10) | 5.10 |
| 04/25/13 | JZ | Correspondence with T. Smith, M. Gallagher and J. Pollack, counsel to Cerberus, regarding CMH payment dispute and attempts to resolve same (.20) | 0.20 |
| 04/26/13 | SJR | Review research regarding SUN Trustee motion to obtain standing under relevant STN caselaw (.60) | 0.60 |
| 04/26/13 | TPS | Review CMH Holdings materials for call with counsel to Cerberus (.90) | 0.90 |
| 04/26/13 | MJM | Review current draft of Complaint against JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.10); draft email to S. Reisman, D. Bloom, and B. Kotliar re comments concerning draft complaint against JSNs (.30) | 1.40 |
| 04/26/13 | JZ | Attend to correspondence with T. Smith, M. Gallagher, and J. Pollack regarding attempts to resolve CMH payment dispute (.10) | 0.10 |
| 04/28/13 | SJR | Attend to review and comment on draft Complaint regarding Junior Secured Noteholders seeking Declaratory Judgment with respect to whether or not Junior Secured Noteholders are entitled to post-Petition interest and whether or not they are over secured with | 3.20 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  7

|  |  | | |
|---|---|---|---|
|  |  | respect to collateral, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (3.20) |  |
| 04/28/13 | DAB | Review email from Morrison & Foerster containing revised and expanded draft complaint against the JSNs seeking a declaratory judgment with respect to the extent of the JSNs' purported liens on Debtor collateral and entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.30); review and comment on draft complaint (2.30); correspond with B. Kotliar regarding same (.10) | 2.70 |
| 04/28/13 | JM | Review updated draft Complaint to Determine Extent of Liens and for Declaratory Judgment, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (.40) | 0.40 |
| 04/29/13 | SJR | Attend to review and comment on draft Complaint for Declaratory Judgment with respect to JSN claims and secured nature of same and alleging that JSNs are under-secured, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (2.70); review Cerberus situation regarding releasing of funds held by CMH Holdings and strategy regarding obtaining same ██████████████ (.40) | 3.10 |
| 04/29/13 | TPS | Review CMH indemnity provisions (.30); conference with M. Gallagher, J. Zimmer, A. Harris and J. Pollack regarding Cerberus' position on releasing distributions withheld by CMH Holdings (.40); follow-up with client regarding call with Cerberus (.20) | 0.90 |
| 04/29/13 | MJM | Revise current draft of Complaint against the JSNs in connection with dispute with JSNs over lien value and purported entitlement to post-petition interest, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.20); meet with D. Bloom and B. Kotliar re edits to current draft of Complaint against the JSNs (.70); review new edited draft of Complaint against the JSNs (.80); meet with D. Bloom and B. Kotliar to discuss final redline reflecting Curtis's edits to draft Complaint against the JSNs (.50); edit cover email transmitting revisions to draft Complaint against the JSNs (.40) | 3.60 |
| 04/29/13 | MG8 | Participate in call with T. Smith, J. Zimmer, J. Pollack and A. Harris, counsel to Cerberus, to discuss Cerberus' view on withholding by Cerberus of distributions owed to MHF under CMH Holding LLC agreement (.40); draft correspondence to client regarding call with counsel to Cerberus in connection with withheld distributions by CMH Holdings (.30) | 0.70 |
| 04/29/13 | BMK | Numerous meetings with M. Moscato and D. Bloom re: edits and comments to draft complaint initiating adversary proceeding to determine the extent of the liens of the Junior Secured Noteholders, as Wells | 6.70 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  8

Fargo and noteholders UBS and Loomis are potential conflict parties (1.20); incorporate edits and comments of M. Moscato to draft complaint (.60); review same re: ensuring accuracy of citations and quotes to underlying documents such as the Indenture and Pledge and Security Agreement to ensure internal consistency throughout draft (2.30); review additional edits and comments of M. Moscato and D. Bloom and ensure consistency post-changes throughout draft complaint (.60); finalize same for circulating to Morrison & Foerster and Committee for comments (1.20); draft email correspondence with S. Martin at Morrison & Foerster re: open issues and concerns of draft complaint (.20); correspondence with D. Bloom and P. Buenger re: ██████████ and "ResCap LLC Claim" set forth in Debtors' motions to approve the RMBS Trust Settlements for description included in objection to SUN Trustee Standing Motion (.30); review underlying documents such as RMBS Settlement Agreements and Motions to Approve re: same (.30)

| | | | |
|---|---|---|---|
| 04/29/13 | DAB | Confer with M. Moscato and B. Kotliar regarding Morrison & Foerster's draft complaint against the JSNs seeking a declaratory judgment with respect to the extent of the JSNs' liens on Debtor collateral and entitlement to post-petition interest and discuss required revisions/comments to same with same, as Wells Fargo and noteholders UBS and Loomis are potential conflict parties (1.20); address and incorporate various comments of M. Moscato and B. Kotliar to same into revised draft of same (.50); additional review and comment to same based on detailed review of defined terms and legal arguments for internal consistency and accuracy, with focus on discussion of servicer advances, avoidance proceeds and equitable lien arguments (2.80); conform documents to match those filed in prior ResCap adversary proceedings (.20); email to S. Reisman and M. Moscato regarding references to Curtis in draft complaint (.10); draft detailed cover email on behalf of M. Moscato detailing comments to draft JSN declaratory judgment complaint and revise same per M. Moscato direction (.60); email same with clean and redline versions to M. Moscato for review and transmittal to Morrison & Foerster (.10); review Morrison & Foerster's response to Curtis's comments to draft JSN declaratory judgment complaint (.10) | 5.60 |
| 04/29/13 | JZ | Correspondences with M. Gallagher, T. Smith and J. Pollack regarding scheduling call to discuss CMH payment dispute issues (.30); call with T. Smith, M. Gallagher, J. Pollack, and A. Harris regarding CMH payment dispute and possible resolution of same (.40); correspondence with M. Gallagher regarding ████████ ███████████████████████ for purposes relevant to | 1.40 |

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  9

|  |  |  |  |
|---|---|---|---|
|  |  | same (.20); review and provide comments to M. Gallagher's correspondence with client regarding summary of call with CMH's counsel in connection with potential resolution of CMH payment dispute (.30); prepare for call with T. Smith, M. Gallagher, and J. Pollack regarding same (.20) |  |
| 04/30/13 | JTW | Review Committee's standing motion re: whether it includes request for authority to pursue claims against CMH Holdings or Cerberus (.70); confer with J. Zimmer re: related research project (.20) | 0.90 |
| 04/30/13 | JZ | Confer with J. Weber regarding research needed in connection with CMH Holdings with respect to Committee Standing Motion and treatment of Cerberus in same (.20); correspond with M. Gallagher regarding research involving CMH payment dispute issues, including ███████████████████████████ (.50) | 0.70 |

TOTAL HOURS                    102.00

### Summary of Services

| | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 14.00 | 830 | 11,620.00 |
| Turner P. Smith | Partner | 3.00 | 830 | 2,490.00 |
| Michael J. Moscato | Partner | 7.00 | 785 | 5,495.00 |
| Maryann Gallagher | Counsel | 6.70 | 625 | 4,187.50 |
| Daniel A. Bloom | Associate | 13.70 | 480 | 6,576.00 |
| Julia Mosse | Associate | 0.40 | 435 | 174.00 |
| Peter Josef Buenger | Associate | 14.60 | 425 | 6,205.00 |
| James Zimmer | Associate | 21.70 | 345 | 7,486.50 |
| Bryan M. Kotliar | Associate | 20.00 | 305 | 6,100.00 |
| John Thomas Weber | Associate | 0.90 | 305 | 274.50 |
| | | **102.00** | | **$50,608.50** |

**TOTAL SERVICES**                    $50,608.50

July 24, 2013
Inv # 1584494
Our Ref #  062108-000410

Page  10

**TOTAL THIS INVOICE**                                    $50,608.50



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -** Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1584494

| | |
|---|---|
| Total Services | 50,608.50 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$50,608.50** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.



**CURTIS**

Curtis, Mallet-Prevost, Colt & Mosle LLP

**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK 10178-0061**

Residential Capital, LLC
1100 Virginia Drive
MC: 190_FTW-M01
Fort Washington  PA 19034

July 24, 2013

Inv. # 1584495
Our Ref. 062108-000700
SJR

Attention:    Residential Capital, LLC

Re:   **Curtis Retention/Billing/Fee Applications**

---

| | | | |
|---|---|---|---|
| 04/04/13 | SJR | Confer with M. Gallagher regarding responding to Objection of U.S. Trustee to Second Interim Fee Application (.20) | 0.20 |
| 04/04/13 | MG8 | Confer with S. Reisman regarding submission to U.S. Trustee of response and materials with respect to the Omnibus Objection to Second Interim Fee Applications, and related follow-up (.20) | 0.20 |
| 04/04/13 | GF | Draft coversheet and annexed exhibits including totals calculations to January 2013 Fee Statement for J. Zimmer review and according to UST guidelines (3.20) | 3.20 |
| 04/04/13 | JZ | Confer with G. Faust regarding comments to January monthly fee statement, including comments regarding charts and narratives in cover letter to same in accordance with UST guidelines (.10) | 0.10 |
| 04/05/13 | GF | Analyze backup cost materials re: UST guidelines and revise coversheet and annexed exhibits to January 2013 Fee Statement in order to reflect details of same for J. Zimmer review including numerous discussions with J. Zimmer on same (1.00) | 1.00 |
| 04/05/13 | PJB2 | Draft summary and script in preparation for upcoming hearing on Curtis' Second Interim Fee Application (1.10) | 1.10 |
| 04/05/13 | JZ | Review and revise draft of January fee statement in accordance with UST guidelines, including revisions to charts and cover letter attached to same and numerous discussions with G. Faust on same (.40) | 0.40 |
| 04/08/13 | PJB2 | Draft script summarizing fees and expenses incurred by Curtis as conflicts counsel to the Debtors during the Second Interim Fee Period in preparation for the upcoming hearing on same, follow-up with M. Gallagher on same (.80) | 0.80 |
| 04/09/13 | MR2 | Attend to correspondence with Chambers regarding Notice of Supplemental Materials in Support of Second Interim Fee Application of Curtis, Mallet-Prevost, Colt & | 0.80 |

July 24, 2013
Inv # 1584495
Our Ref #  062108-000700

Page  2

|  |  | Mosle LLP, as Conflicts Counsel to the Debtors and Debtors in Possession (.80) |  |
|---|---|---|---|
| 04/10/13 | PJB2 | Work with M. Gallagher on preparing for upcoming hearing on Curtis' Interim fee application and background re: underlying fees and objection and resolution of United States Trustee to same (.30) | 0.30 |
| 04/10/13 | MR2 | Attend to preparations of CD and related correspondence to send to Chambers re: supplemental fee app materials (.90) | 0.90 |
| 04/10/13 | JZ | Coordinate with G. Faust regarding preparation of January and February monthly fee statements in accordance with UST guidelines including numerous comments to charts of same (.20) | 0.20 |
| 04/11/13 | MG8 | Prepare for and attend hearing on Second Interim Fee Applications as Curtis representative (2.20) | 2.20 |
| 04/12/13 | JZ | Review and revise draft of January monthly fee statement to incorporate M. Gallagher's comments to same, including revising narratives of cover letter all in accordance with U.S. Trustee guidelines (.30) | 0.30 |
| 04/15/13 | RMS | Revise and update the January Monthly Fee Statement in accordance with U.S. Trustee Guildelines including revisions to charts and exhibits of same, per the request of J. Zimmer (2.80); confer with J. Zimmer re: same (.30) | 3.10 |
| 04/15/13 | JZ | Review and revise draft of January and February monthly fee statements including providing comments to charts and narratives contained in cover letter all in accordance with U.S. Trustee guidelines (.50); confer with R. Srulowitz regarding preparation of January and February monthly fee statements, including providing comments to charts and summary narratives contained in cover letter to same (.30) | 0.80 |
| 04/16/13 | SJR | Attend to review of draft Order with respect to Second Interim Fee Application in ResCap case and sign-off on same (.40) | 0.40 |
| 04/16/13 | MG8 | Review draft proposed order approving Second Interim Fee Applications and follow up with E. Richards of Morrison & Foerster regarding the same (.20) | 0.20 |
| 04/16/13 | JZ | Review and revise draft of January monthly fee statement, including updating charts and cover letter to conform with M. Gallagher's comments to same (.30); correspondence with E. Richards of Morrison & Foerster regarding review of proposed interim fee order and proper service parties for fee application (.30); work with R. Srulowitz regarding preparation of January monthly fee statement, including revisions to charts and cover letter to same, all in accordance with U.S. | 0.80 |

July 24, 2013
Inv # 1584495
Our Ref #  062108-000700

Page  3

|  |  | Trustee guidelines (.20) |  |
|---|---|---|---|
| 04/17/13 | JZ | Review and revise drafts of same fee statements in accordance with UST guidelines, including revisions to charts and summary narratives contained in cover letter for same (.30) | 0.30 |
| 04/18/13 | JZ | Correspondence with S. Reisman and M. Gallagher regarding review of January monthly fee statement and comments to charts and exhibits of same (.20); finalize same, including revisions to charts and cover letter for same (.30) | 0.50 |
| 04/19/13 | GF | Finalize and prepare submission of January Fee Statement, per conversation with J. Zimmer, including email submission to counsel and electronic submission to Residential Capital billing committee according to updated protocol (1.90) | 1.90 |
| 04/19/13 | JZ | Correspond with M. Gallagher regarding service of January monthly fee statement (.10); work with G. Faust regarding service of same and issues related to finalizing of same (.30) | 0.40 |
| 04/29/13 | JZ | Review correspondence from E. Richards of Morrison & Foerster providing as filed order approving Second Interim Fee Applications as well as providing thorough descriptions of fee procedures going forward (.30) | 0.30 |
|  |  | TOTAL HOURS | 20.40 |

### Summary of Services

| Name | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Steven J. Reisman | Partner | 0.60 | 830 | 498.00 |
| Maryann Gallagher | Counsel | 2.60 | 625 | 1,625.00 |
| Peter Josef Buenger | Associate | 2.20 | 425 | 935.00 |
| James Zimmer | Associate | 4.10 | 345 | 1,414.50 |
| Georgia Faust | Legal Assistant | 6.10 | 235 | 1,433.50 |
| Rebecca M. Srulowitz | Legal Assistant | 3.10 | 235 | 728.50 |
| Melissa Rutman | Legal Assistant | 1.70 | 235 | 399.50 |
|  |  | **20.40** |  | **$7,034.00** |

**TOTAL SERVICES**                                     **$7,034.00**

July 24, 2013
Inv # 1584495
Our Ref #  062108-000700

Page  4

**TOTAL THIS INVOICE**                                    **$7,034.00**



**ATTORNEYS AND COUNSELLORS AT LAW**
**101 PARK AVENUE**
**NEW YORK, NEW YORK  10178-0061**

PLEASE RETURN THIS REMITTANCE WITH YOUR PAYMENT

**Payment Instructions:**

| | | |
|---|---|---|
| **Wire Funds to -** | Bank: | Citibank |
| | ABA Routing #: | 021000089 |
| | F/B/O: | Curtis Mallet-Prevost Colt & Mosle LLP |
| | Account# | 40585074 |

**Mail Checks to -**  Curtis Mallet-Prevost Colt & Mosle LLP
General Post Office
P.O. Box 27930
New York, NY 10087-7930

Residential Capital, LLC
Inv. # 1584495

| | |
|---|---|
| Total Services | 7,034.00 |
| Total Expenses | 0.00 |
| Applied Credit | 0.00 |
| **Total This Invoice** | **$7,034.00** |

**If you require further information regarding past due accounts, please contact**
**Chandanie Doma (Accounts Receivable Coordinator) at (212)839-6807.**

Federal & New York State
Identification Number 13-5018900

This Statement is payable when rendered
in USD.