Joseph T. Baio
Mary Eaton
Emma J. James
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Monarch Alternative Capital LP,*
*Stonehill Capital Management LLC, and Bayview Fund*
*Management LLC, each in its capacity as*
*investment advisor to certain funds, and for CQS ABS Master*
*Fund Limited and CQS ABS Alpha Master*
*Fund Limited.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Residential Capital, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**NOTICE OF FILING OF MONARCH ALTERNATIVE CAPITAL LP, STONEHILL CAPITAL MANAGEMENT LLC, CQS ABS ALPHA MASTER FUND LIMITED, CQS ABS MASTER FUND LIMITED, AND BAYVIEW FUND MANAGEMENT LLC'S MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF S.P. KOTHARI REGARDING THE DEBTORS' 9019 MOTION (*IN LIMINE* MOTION TWO)**

**PLEASE TAKE NOTICE** that, pursuant to the *Scheduling Order* [ECF No. ], dated August , 2013, entered by the Bankruptcy Court in connection with the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees, and Certain Individual Investors* [ECF No. 3929] (the "**9019 Motion**"), Monarch Alternative Capital LP, Stonehill Capital Management LLC, and Bayview Fund Management LLC, each in its capacity as investment advisor to certain funds, and CQS

ABS Alpha Master Fund Limited and CQS ABS Master Fund Limited (collectively, the "**Investors**") hereby file the Investors' *Motion in Limine to Preclude the Testimony of S.P. Kothari Regarding the Debtors' 9019 Motion (In Limine Motion Two)*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Regarding Exchange of Confidential Information* [ECF No. 4249] (the "**Confidentiality Order**"), dated July 16, 2013, entered by the Bankruptcy Court in connection with the 9019 Motion, certain portions of the Motion in Limine are hereby filed in redacted form and under seal. Unredacted copies of the Motion in Limine will be provided to the Bankruptcy Court and served on parties to the Confidentiality Order.

Dated: August 7, 2013
      New York, New York

                         WILLKIE FARR & GALLAGHER LLP

                        By: /s/ Joseph T. Baio
                              Joseph T. Baio

                        Mary Eaton
                        Emma J. James
                        787 Seventh Avenue
                        New York, New York 10019
                        (212) 728-8000

                        *Attorneys for Monarch Alternative Capital LP, Stonehill Capital Management LLC, and Bayview Fund Management LLC, each in its capacity as investment advisor to certain funds, and for CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited.*

Joseph T. Baio
Mary Eaton
Emma J. James
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Monarch Alternative Capital LP,
Stonehill Capital Management LLC, and Bayview Fund
Management LLC, each in its capacity as
investment advisor to certain funds, and for CQS ABS Master
Fund Limited and CQS ABS Alpha Master
Fund Limited.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| Residential Capital, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**MONARCH ALTERNATIVE CAPITAL LP, STONEHILL CAPITAL MANAGEMENT LLC, CQS ABS ALPHA MASTER FUND LIMITED, CQS ABS MASTER FUND LIMITED, AND BAYVIEW FUND MANAGEMENT LLC'S
MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF S.P. KOTHARI
REGARDING THE DEBTORS' 9019 MOTION (*IN LIMINE* MOTION TWO)**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Monarch Alternative Capital LP, Stonehill Capital Management LLC, and Bayview Fund Management LLC, each in its capacity as investment advisor to certain funds, and CQS ABS Alpha Master Fund Limited and CQS ABS Master Fund Limited (collectively, the "**Investors**") hereby file this motion *in limine* to preclude the expert testimony of S.P. Kothari regarding the Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors (the "**9019 Motion**").

## PRELIMINARY STATEMENT

[redacted]



Mr. Kothari should therefore be precluded from testifying because 1) his opinion is unreliable because he failed to independently verify the method used to arrive at the Commutation Payment Amount of $253.3 million; 2) his opinion is unreliable because he failed to conduct an independent analysis of the discount rates used by Duff & Phelps; 3) his opinion is unreliable because he failed to analyze FGIC's potential litigation recoveries; 4) his opinion about price declines in FGIC-wrapped securities post-Settlement Agreement is an impermissible *ipse dixit* conclusion; 5) his opinion is unreliable because he failed to verify the accuracy of the underlying information that he relied on; and 6) his opinion will not aid the Court because he offers no opinion on whether the Settlement Agreement is in the best interests of investors or whether the Trustees acted in good faith.

## BACKGROUND





## ARGUMENT

A court has a "basic gatekeeping obligation" regarding the admissibility of expert testimony to ensure that expert testimony "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147, 152 (1999). As gatekeeper, a court must "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

As a result, a court acting as a gatekeeper pursuant to *Daubert* must consider: 1) whether the witness is "qualified as an expert"; 2) whether the expert's "opinion is based upon reliable data and methodology"; and 3) whether the expert's testimony on a particular issue "will assist the trier of fact." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (internal quotation marks omitted).

---

7 ▌
8 ▌
9 ▬▬▬▬
10 ▬

## I. Dr. Kothari Should Be Precluded from Testifying Because His Opinions are Unreliable and Unfounded

In deciding whether an expert opinion is reliable, a court must consider the indicia of reliability outlined in Rule 702, and, in particular, whether: "the testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702(b)-(d).

Additionally, "it is critical that an expert's analysis be reliable at every step." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002). In determining whether an expert's analysis is unreliable, a court "should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Id.* Although a minor flaw may not automatically make an expert's opinion inadmissible, a court should bar an expert's testimony when "the flaw is large enough that the expert lacks good grounds for his or her conclusions." *Id.*; *see also Celebrity Cruises Inc. v. Essef Corp.*, 434 F. Supp. 2d 169, 186-87 (S.D.N.Y. 2006) (rejecting expert conclusion on the basis that the expert relied "on projections that were not borne out in reality.").

Finally, an "expert must do more than merely provide "a 'because I said so' explanation." *E.E.O.C. v. Bloomberg L.P.*, No. 07 Civ. 8383, 2010 WL 3466370, at *15 (S.D.N.Y. Aug. 31, 2010). A court is not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

A.  *Dr. Kothari Blindly Accepts the Information Underlying Duff & Phelps' Analysis*

[redacted]

B.  *Dr. Kothari Failed to Verify the Method Used to Arrive at the Commutation Payment Amount*

[redacted]

---

16  Kothari Direct ¶ 6.

███████████████████████████████████████████████████████

██████████████████████

　　███████████████████████████████████████

█████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████

　　█████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████　███████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████

C.　*Dr. Kothari Failed to Independently Calculate a Discount Rate Range*

████████████████████████████████████████████████████

████　███████████████████████████████████████████████

████████████████████████████████████████████████████

---

17　████████████████████████████████████████████████████

18　███████████████

19　████████████████████████████████████████████████████

20　█████████████████

21　██████████████████████████████████

- 8 -



---

24    Ibbotson Cost of Capital 2013 Yearbook, page 7 (Eaton Decl. Ex. 39).



D.   *Dr. Kothari Unreasonably Failed to Consider FGIC's Potential Litigation Recoveries*



---

26   Kothari Direct ¶ 6.

27   *Id.* at ¶ 26.

28   ▇

29   ▇

30   ▇

31   ▇



---



████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

E.  *Dr. Kothari Provides No Support for His Price Decline Conclusion*

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

## II. Dr. Kothari Should Be Precluded from Testifying Because His Opinion Will Not Aid the Court

Federal Rule of Evidence 702 provides that expert testimony will only be admissible "[i]f the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). "This condition goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.

████████████████████████████████████████████████

████████████████████████████████████████████████

---

38 ████████████



## CONCLUSION

WHEREFORE, the Investors respectfully request that the Court enter an Order precluding S.P. Kothari from offering expert testimony at the hearing regarding the 9019 Motion to be held on August 16 and August 19, 2013.

---

39
40
41



Dated: August 7, 2013
    New York, New York

               WILLKIE FARR & GALLAGHER LLP

               By: /s/ Joseph T. Baio
                   Joseph T. Baio

Mary Eaton
Emma J. James
787 Seventh Avenue
New York, New York 10019
(212) 728-8000

*Attorneys for Monarch Alternative Capital LP, Stonehill Capital Management LLC, and Bayview Fund Management LLC, each in its capacity as investment advisor to certain funds, and for CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited.*