**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**ORDER PURSUANT TO SECTION 105 OF THE BANKRUPTCY**
**CODE AND RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE APPROVING THE SETTLEMENT AGREEMENT**
**BETWEEN DEBTOR GMAC MORTGAGE, LLC AND REGIONS BANK**

Upon the motion (the "<u>Motion</u>")[1] of the above-captioned debtors and debtors in possession in these Chapter 11 Cases (collectively, the "<u>Debtors</u>"), for the entry of an order pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, approving the Settlement Agreement entered into between GMACM and Regions, a true and correct copy of which is annexed hereto as <u>Exhibit A</u>; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that proper and adequate notice of the Motion and the relief requested therein has been provided in accordance with the Bankruptcy Rules, the Local Rules, and the Case Management Procedures Order [Docket No. 141] for these Chapter 11 Cases, and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

ny-1101583

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED as set forth herein.

2. The Settlement Agreement between GMACM and Regions is hereby approved pursuant to Bankruptcy Rule 9019(a) and the applicable decisional case law, and the Debtors are hereby authorized and ordered to take any and all actions as may be necessary to effectuate and implement the settlement embodied therein, subject to the terms thereof.

3. The Settlement Agreement meets the standards established by the Second Circuit for the approval of a compromise and settlement in bankruptcy, and is fair and reasonable to, and in the best interest of, all interested parties, including but not limited to the Debtors and their respective creditors.

4. Notice of the Settlement Agreement and the Motion given by the Debtors in these Chapter 11 Cases was sufficient and effective in satisfaction of federal and state due process requirements and other applicable law to put the parties in interest in this bankruptcy proceeding on notice of the Settlement Agreement, the Motion and the relief requested therein.

5. The terms and conditions of this Order shall be effective and enforceable immediately upon entry of this Order.

6. This Court shall retain jurisdiction with respect to all matters arising from or related to the enforcement of this Order.

Dated: August 7, 2013
      New York, New York

                                                            /s/Martin Glenn
                                                           MARTIN GLENN
                                          United States Bankruptcy Judge

ny-1101583

# Exhibit A

ny-1101583

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:12-cv-00553-FL

| | |
|---|---|
| GMAC MORTGAGE, LLC,   )<br>   )<br>Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>REGIONS BANK,   )<br>   )<br>Defendant and Third Party Plaintiff,   )<br>   )<br>vs.   )<br>   )<br>CURTIS J. MATHEWS and   )<br>CAROL W. MATHEWS,   )<br>   )<br>Third Party Defendants.   ) | **MEDIATED SETTLEMENT<br>AGREEMENT** |

**THIS MEDIATED SETTLEMENT AGREEMENT** has been entered into between **GMAC Mortgage, LLC**, a Delaware limited liability company duly authorized to transact business in the State of North Carolina ("GMAC"), and **Regions Bank**, an Alabama corporation duly authorized to transact business in the State of North Carolina ("Regions"), as a result of a Mediated Settlement Conference held on the 31st day of May, 2013, in Raleigh, North Carolina, with W. Sidney Aldridge as Mediator. The terms of the settlement are as follows:

1. Regions shall pay to GMAC a total of One Hundred Thirty-Five Thousand and No/100 Dollars ($135,000.00) in full settlement of all claims of GMAC against Regions as set forth in the above-captioned case ("Settlement Funds").

2. GMAC, which is presently in a Chapter 11 Bankruptcy proceeding, must have this Mediated Settlement Agreement approved by the appropriate United States Bankruptcy Court. GMAC will take all appropriate actions to present this Mediated Settlement Agreement to the Bankruptcy Court and recommend its approval.

3. The Settlement Funds shall be paid by Regions to GMAC within fifteen (15) days of service on counsel for Regions of a copy of the non-appealable Order of the appropriate United States Bankruptcy Court approving this settlement. Payment shall be made payable to GMAC Mortgage, LLC, and delivered to William E. Hubbard, The Law Office of John T. Benjamin, Jr., P.A., 1115 Hillsborough Street, Raleigh, North Carolina 27603.

4. Within ten (10) days of receipt of the Settlement Funds, GMAC and Regions shall file a mutual voluntary dismissal or consent order, with prejudice, of any and all claims by and between GMAC and Regions in this matter. Regions shall retain all rights in its third party claims against Third Party Defendants Curtis J. Mathews and Carol W. Mathews, and this settlement and the dismissal shall not affect said claims.

5. GMAC and Regions will cooperate in obtaining the approval of the Court for a stay and/or extension of all pending court deadlines in this litigation.

6. GMAC and Regions agree to enter into a mutual release of all claims related to this litigation, said release to be drafted and approved by GMAC and Regions, which release shall be effective upon approval of the settlement by the Bankruptcy Court and payment of the Settlement Funds.

7. This Mediated Settlement Agreement represents a compromise of disputed claims and does not constitute an admission of liability or recognition of any claim or defense offered by either GMAC or Regions with regard to the other party's position.

8. This Mediated Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of North Carolina.

9. GMAC and Regions shall be separately responsible for their own attorneys' fees and costs, including this Mediated Settlement Conference.

10. GMAC AND REGIONS ACKNOWLEDGE THAT ALL OF THEIR AGREEMENTS REACHED IN THIS MEDIATED SETTLEMENT CONFERENCE, AND EVERY PART OF EVERY AGREEMENT SO REACHED, ARE SET OUT ABOVE. THIS AGREEMENT SETS FORTH ALL MATERIAL TERMS OF THE PARTIES' SETTLEMENT, AND IT MAY BE SPECIFICALLY ENFORCED BY THE COURT WITHOUT FURTHER DOCUMENTS OR TESTIMONY.

Dated this 31st day of May, 2013.

THE LAW OFFICE OF JOHN T. BENJAMIN, JR., P.A.
*Attorneys for GMAC Mortgage, LLC*

BY: _____
William E. Hubbard

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
*Attorneys for Regions Bank*

BY: _____
Amanda G. Ray

*(Signatures continued on next page)*

GMAC MORTGAGE, LLC

BY: _____
Lauren G. Delehey, Legal Officer

REGIONS BANK

BY: _____
Patricia P. Austin, Senior Vice President
Consumer Service and Operations Manager

Page 3