Joseph T. Baio
Mary Eaton
Emma J. James
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Monarch Alternative Capital LP,*
*Stonehill Capital Management LLC, and Bayview Fund*
*Management LLC, each in its capacity as*
*investment advisor to certain funds, and for CQS ABS Master*
*Fund Limited and CQS ABS Alpha Master*
*Fund Limited.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Residential Capital, LLC, *et al.*, | ) | Case No. 12-12020 (MG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF FILING OF MONARCH ALTERNATIVE CAPITAL LP, STONEHILL
CAPITAL MANAGEMENT LLC, CQS ABS ALPHA MASTER FUND LIMITED, CQS
ABS MASTER FUND LIMITED, AND BAYVIEW FUND MANAGEMENT LLC'S
MOTION IN LIMINE TO PRECLUDE THE TESTIMONY OF ALLEN M. PFEIFFER
REGARDING THE DEBTORS' 9019 MOTION (MOTION *IN LIMINE* THREE)**

    **PLEASE TAKE NOTICE** that, pursuant to the *Scheduling Order* [ECF No. ],

dated August , 2013, entered by the Bankruptcy Court in connection with the *Debtors' Motion*

*Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among the*

*Debtors, FGIC, the FGIC Trustees, and Certain Individual Investors* [ECF No. 3929] (the "**9019**

**Motion**"), Monarch Alternative Capital LP, Stonehill Capital Management LLC, and Bayview

Fund Management LLC, each in its capacity as investment advisor to certain funds, and CQS

ABS Alpha Master Fund Limited and CQS ABS Master Fund Limited (collectively, the

"**Investors**") hereby file the Investors' *Motion in Limine to Preclude the Testimony of Allen M.*

*Pfeiffer Regarding the Debtors' 9019 Motion (In Limine Motion Three)*.

        **PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Regarding*

*Exchange of Confidential Information* [ECF No. 4249] (the "**Confidentiality Order**"), dated

July 16, 2013, entered by the Bankruptcy Court in connection with the 9019 Motion, certain

portions of the Motion in Limine are hereby filed in redacted form and under seal.  Unredacted

copies of the Motion in Limine will be provided to the Bankruptcy Court and served on parties to

the Confidentiality Order.

Dated: August 7, 2013
     New York, New York

                   WILLKIE FARR & GALLAGHER LLP

                   By: /s/ Joseph T. Baio
                      Joseph T. Baio

                   Mary Eaton
                   Emma J. James
                   787 Seventh Avenue
                   New York, New York 10019
                   (212) 728-8000

                   *Attorneys for Monarch Alternative Capital LP,*
                   *Stonehill Capital Management LLC, and Bayview*
                   *Fund Management LLC, each in its capacity as*
                   *investment advisor to certain funds, and for CQS*
                   *ABS Master Fund Limited and CQS ABS Alpha*
                   *Master Fund Limited.*

Joseph T. Baio
Mary Eaton
Emma J. James
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 728-8000
Facsimile: (212) 728-8111

*Attorneys for Monarch Alternative Capital LP,*
*Stonehill Capital Management LLC, and Bayview Fund*
*Management LLC, each in its capacity as*
*investment advisor to certain funds, and for CQS ABS Master*
*Fund Limited and CQS ABS Alpha Master*
*Fund Limited.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Residential Capital, LLC, *et al.*, | ) | Case No. 12-12020 (MG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**MONARCH ALTERNATIVE CAPITAL LP, STONEHILL CAPITAL MANAGEMENT**
**LLC, CQS ABS ALPHA MASTER FUND LIMITED, CQS ABS MASTER FUND**
**LIMITED, AND BAYVIEW FUND MANAGEMENT LLC'S**
**MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF ALLEN M. PFEIFFER**
**REGARDING THE DEBTORS' 9019 MOTION (MOTION *IN LIMINE* THREE)**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

Monarch Alternative Capital LP, Stonehill Capital Management LLC, and Bayview Fund

Management LLC, each in its capacity as investment advisor to certain funds, and CQS ABS

Alpha Master Fund Limited and CQS ABS Master Fund Limited (collectively, the "**Investors**")

hereby file this motion *in limine* to preclude the expert testimony of Allen M. Pfeiffer regarding

the Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement

Agreement Among the Debtors, FGIC, the FGIC Trustees (the "**Trustees**") and Certain

Institutional Investors (the "**9019 Motion**").

## PRELIMINARY STATEMENT

**BACKGROUND**











## ARGUMENT

I.     **Pfeiffer Should Be Precluded From Testifying At Trial Because The Trustees Failed To Abide By Their Expert Disclosure Obligations.**

Under the Federal Rules, all "facts or data" considered or relied upon by an expert who is to testify at trial must be disclosed, as well as all "assumptions" the expert utilized in formulating his opinions. Fed. R. Civ. P. 26(a)(2) and 26(b)4). This includes the expert's "notes," as well as materials concerning "alternative analyses, testing methods, or approaches to the issues on which [the expert is] testifying, whether or not the expert considered them in forming the opinions expressed. " Advisory Committee Note to the 2010 Amendment of Rule 26(b)(4). Indeed, it is well-established that "material generated by the expert in connection with his report and expert testimony," must be produced, and cannot be withheld on the ground that such materials are protected by the work product privilege because it is "quite clear that Rule 26 does not include within the definition of 'work product' documents generated or consulted by experts in connection with litigation." *B.C.F. Oil Refining, Inc. v. Consolidated Edison Co. of New York, Inc.* 171 F.R.D. 57, 62 (S.D.N.Y. 1997) (quoting *Hewlett-Packard Co. v. Bausch & Lomb*, 116 F.R.D. 533, 536 (N.D. Cal. 1987). *See also Dongguk University v. Yale University*, No. 3:08-

---

17

CV-00441, 2011 WL 1935865, at *1 (D. Conn. 2011) ("as a general matter, an expert's notes are
not protected by 26(b)(4)(B) or (C), as they are neither drafts of an expert report nor
communications between party's attorney and the expert witness").

Referencing the above Rules and the Advisory Committee Notes respecting their
interpretation, this Court made it clear that no expert would be permitted to testify if the required
disclosures were not made:

> The question now is whether Pfeiffer considered other documents
> or information ... that have not been disclosed through document
> production or deposition testimony. If the answer is no, then
> Pfeiffer may testify at trial. If the answer is yes, then Pfeiffer may
> not testify at trial unless the addition documents or information is
> disclosed.[18]



Similarly, where a testifying expert has "reviewed documents in his role as an expert that
he previously had reviewed in his role as consultant, the delineation between those roles would
become blurred and those documents would be discoverable." *Grace A. Detwiler Trust v.*

---

[18]

*Offenbecher*, 124 F.R.D. 545, 546 (S.D.N.Y. 1989). Documents considered by a testifying

expert during his consulting engagement are only shielded where such expert is "retained to

testify and in addition to advise counsel *outside the subject of his testimony*." *Beverage Mktg.*

*Corp. v. Ogilvy & Mather, Direct Response, Inc.*, 563 F. Supp. 1013, 1014 (S.D.N.Y. 1983)

(emphasis added); *In re Air Crash at Dubrovnik*, No. MDL 1180, 2001 WL 777433, at *3 (D.

Conn. 2001) (where "an expert is retained as both a consultant and a testifying witness, the work-

product doctrine may be invoked to protect work completed by the expert in [his] consultative

capacity as long as there exists a clear distinction between the two roles.").

19 ████████████████████

20 ████████████████████████████

21 ████████████████████████████



Under Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information ... as required by Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence ... at a hearing or a trial, unless the failure was substantially justified or is harmless." *See also Millennium Pipeline Co., L.L.C. v. Certain Permanent and Temporary Easements*, --- F. Supp. 2d ---, 2013 WL 310403, at *2-3  (W.D.N.Y. 2013) (court precluded the defendant from offering testimony of his purported expert witness where the witness, *inter alia*, did not identify the facts or data considered by the witness in forming his opinions, and noted that "[a] party that fails to satisfy the Rule 26 disclosure requirements without justification is precluded from offering expert witnesses at trial") (quoting *Smolowitz v. Sherwin-Williams Co.*, No.. 02-CV-5940, 2008 WL 4862981, at *3 (E.D.N.Y. 2008)).

_____

22

23



**CONCLUSION**

WHEREFORE, the Investors respectfully request that the Court enter an Order

precluding Mr. Pfeiffer from offering expert testimony at the hearing regarding the 9019 Motion

to be held on August 16 and August 19, 2013.

24

Dated: August 7, 2013
     New York, New York

                WILLKIE FARR & GALLAGHER LLP

                By: /s/ Joseph T. Baio
                    Joseph T. Baio

                Mary Eaton
                Emma J. James
                787 Seventh Avenue
                New York, New York 10019
                (212) 728-8000

                *Attorneys for Monarch Alternative Capital LP,
                Stonehill Capital Management LLC, and Bayview
                Fund Management LLC, each in its capacity as
                investment advisor to certain funds, and for CQS
                ABS Master Fund Limited and CQS ABS Alpha
                Master Fund Limited.*