Richard L. Wynne
Howard F. Sidman
JONES DAY
222 East 41st Street
New York, NY 10017.6702
Telephone:    212-326-3939
Facsimile:    212-755-7306

Attorneys for Creditor
*Financial Guaranty Insurance Company*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------- x
                                                    )
In re:                                              )    Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, et al.,                   )    Chapter 11
                                                    )
        Debtors.                                    )    Jointly Administered
                                                    )
                                                    )
--------------------------------------------------- x

**FINANCIAL GUARANTY INSURANCE COMPANY'S MOTION *IN LIMINE***

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

BACKGROUND ................................................................................................... 3

I.    THE GIBSON OPINION .............................................................................. 3

II.   THE GOLDSTEIN OPINION....................................................................... 3

ARGUMENT ........................................................................................................ 4

I.    STANDARDS FOR EXPERT TESTIMONY................................................ 4

II.   THE GIBSON OPINION SHOULD BE EXCLUDED ................................... 5

III.  THE GOLDSTEIN OPINION SHOULD BE EXCLUDED ............................ 7

IV.   THE TESTIMONY OF CERTAIN FACT WITNESSES SHOULD BE
      EXCLUDED .......................................................................................... 8

CONCLUSION.................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

CASES

*Amorgianos v. Nat'l R.R. Passenger Corp.,*
   303 F.3d 256 (2d Cir. 2002)..........................................................................4, 5

*Carroll v. United States,*
   2008 WL 4482230 (2d Cir. Oct. 2, 2008)..........................................................5, 7

*Daubert v. Merrell Dow Pharm., Inc.,*
   509 U.S. 579 (1993)....................................................................................4, 5

*Faiveley Transport USA, Inc. v. Wabtec Corp.,*
   2013 WL 440200 (2d Cir. Feb. 6, 2013)............................................................5, 7

*In re 4Kids Entm't, Inc.,*
   463 B.R. 610 (Bankr. S.D.N.Y. 2011)..................................................................5

*In re Fosamax Prods. Liab. Litig. (Secrest v. Merck & Co.),*
   807 F. Supp. 2d 168 (S.D.N.Y. 2011)..............................................................5, 7

*In re Worldcom, Inc.,*
   371 B.R. 33 (Bankr. S.D.N.Y. 2007)....................................................................4

*Kumho Tire Co. v. Carmichael,*
   526 U.S. 137 (1999)........................................................................................4

*LaSalle Bank Nat'l Ass'n v. CIBC Inc.,*
   2012 WL 466785 (S.D.N.Y. Feb. 14, 2012).........................................................6

*Lee v. Kucker & Bruh, LLP,*
   2013 WL 680929 (S.D.N.Y. Feb. 25, 2013).........................................................9

*Medisim Ltd. v. BestMed LLC,*
   861 F. Supp. 2d 158 (S.D.N.Y. 2012)..............................................................5, 6

*Nimely v. City of New York,*
   414 F.3d 381 (2d Cir. 2005)..............................................................................4

*Sea Tow Int'l, Inc. v. Pontin,*
   246 F.R.D. 421 (E.D.N.Y. 2007).........................................................................9

*U.S. v. Yonkers Bd. of Educ.,*
   946 F.2d 180 (2d Cir. 1991)..............................................................................9

# TABLE OF AUTHORITIES
(continued)

Page

**STATUTES AND RULES**

Fed. R. Evid. 702 ..........................................................................................................1, 2, 4, 5

**EXHIBITS**

Exhibit 1: Declaration of Scott R. Gibson, July 19, 2013

Exhibit 2: Excerpts from the Transcript of the Deposition of Scott R. Gibson, July 24, 2013

Exhibit 3: Expert Witness Report of Charles R. Goldstein, July 19, 2013

Exhibit 4: Excerpts from the Transcript of the Deposition of Charles R. Goldstein, July 26, 2013

Exhibit 5: Letter from the Monarch Investors' counsel, June 28, 2013

Exhibit 6: Proposed Order

Financial Guaranty Insurance Company ("FGIC"), by and through its undersigned counsel, respectfully moves for the entry of an order, pursuant to Federal Rule of Evidence 702, excluding the expert testimony of Scott R. Gibson and Charles R. Goldstein as well as the testimony of certain other witnesses.

## INTRODUCTION

1.     FGIC submits this motion *in limine* to exclude expert testimony of Scott R. Gibson, the expert witness proffered by The Federal Home Loan Mortgage Corporation ("Freddie Mac"), and Charles R. Goldstein, the expert witness proffered by Monarch Alternative Capital LC, Stonehill Capital Management LLC, CQS ABS Alpha Master Fund Limited, CQS ABS Master Fund Limited, and Bayview Fund Management LLC (the "Monarch Investors" and together with Freddie Mac, the "Investor Objectors"), from the hearing on the pending *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees and Certain Individual Investors* (Dkt. No. 3929) (the "FGIC 9019 Motion").[1]

2.     The essence of the Gibson and Goldstein Opinions is that, ███████████ ████████████████████████████████████████████████ ███████████████████████████████████████████████████

---

[1]   The "Gibson Opinion" consists of the Declaration of Scott R. Gibson, dated July 19, 2013 (the "Gibson Report") (attached hereto as Exhibit 1); the transcript of the deposition of Scott R. Gibson, dated July 24, 2013 (excerpts attached hereto as Exhibit 2); the Declaration of Scott R. Gibson, dated July 31, 2013 (Dkt. No. 4447); and the Amended Declaration of Scott R. Gibson, dated July 31, 2013.

The "Goldstein Opinion" consists of the Expert Witness Report of Charles R. Goldstein, dated July 19, 2013 (the "Goldstein Report") (attached hereto as Exhibit 3); the transcript of the deposition of Charles Ronald Goldstein, dated July 26, 2013 (excerpts attached hereto as Exhibit 4); and the Declaration of Charles R. Goldstein in Support of Objection of Monarch Alternative Capital LP, Stonehill Capital Management LLC, Bayview Fund Management LLC, CQS ABS Master Fund Limited to Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors, dated July 31, 2013 (Dkt. No. 4435).

██████████████████████████████████████████████████

████████████████████████ [2]

3.      The Gibson and Goldstein Opinions, however, should be excluded, in part,

because Messrs. Gibson and Goldstein make fundamental errors by incorporating factually

incorrect assumptions about ██████████████████████, which produce flawed

valuations of investor recovery under the FGIC Rehabilitation Plan. The Gibson Opinion

wrongly assumes that ████████████████████████████████████

████████████████████████████████, which evidences a

fundamental misunderstanding of the mechanics of the Plan Support Agreement and Settlement

Agreement. Similarly, the Goldstein Opinion wrongly assumes that ██████████████

██████████████████████████████████████████

████████████. These faulty assumptions constitute impermissible speculation by

expert witnesses and render a significant portion of the Gibson and Goldstein Opinions useless to

the Court.

4.      Accordingly, the Gibson and Goldstein Opinions should be excluded pursuant to

Federal Rule of Evidence 702.

5.      FGIC further moves to preclude testimony from Gary T. Holtzer and Marcelo

Messer, both of whom are listed as witnesses for the Investor Objectors. The Investor Objectors

have identified these individuals as potential witnesses at the hearing, but have either not

submitted direct testimony from them or have improperly identified them as adverse witnesses.

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the FGIC 9019 Motion.

## BACKGROUND

### I.   THE GIBSON OPINION

6.     Mr. Gibson is a Senior Vice President, Independent Pricing Service & Analytics, at MountainView IPS, LLC, a company that provides analytics and fair value pricing of mortgage-backed securities, asset-backed securities, and residential whole loans.

7.     Mr. Gibson opines that ███████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████. Nevertheless, Mr. Gibson assumes that, █████████████████ ████████████████████████████████████████████ ██████████ Gibson Report ¶ 17.

### II.   THE GOLDSTEIN OPINION

8.     Mr. Goldstein is a managing director of Protiviti Inc., a financial advisory and professional consulting firm, and the leader of its Restructuring & Litigation Services practice area.

9.     Similar to Mr. Gibson, Mr. Goldstein opines, in part, that ████████████ ███████████████████████████████████████████ ████████████████████████████████████████████████

10.     Mr. Goldstein argues, in particular, that ██████████████████████ ████████████████████████████████████████████ ████████████████████████████████ ████████████████████████████████. Goldstein Report ¶ 31.

## ARGUMENT

### I.    STANDARDS FOR EXPERT TESTIMONY

11.    Federal Rule of Evidence 702 permits a court to admit expert evidence only if the "knowledge, skill, experience, training, or education" qualifies the witness as an expert in the relevant subject matter, ***and then*** only if "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

12.    Rule 702 "establishes a standard of evidentiary reliability" for expert testimony. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993).[3] Under this standard, "where such testimony's factual basis, data, principles, methods, or their application are called sufficiently into question, the trial judge must determine whether the testimony has a reliable basis in the knowledge and experience of the relevant discipline." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149 (1999) (alteration and citation omitted). "[I]t is critical that an expert's analysis be reliable *at every step*." *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 267 (2d Cir. 2002) (emphasis added).

13.    To apply the expert reliability standard, the "court should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Id.* When there is not "a sufficiently rigorous analytical connection between [an expert's] methodology and the expert's conclusions," *Nimely v. City of New York*, 414 F.3d 381, 396 (2d Cir. 2005), such that an expert's data or methodology "are simply inadequate to support the

---

[3]   Rule 702 and related *Daubert* principles are applied regularly in bankruptcy proceedings. *See, e.g., In re Worldcom, Inc.*, 371 B.R. 33 (Bankr. S.D.N.Y. 2007) (granting motion *in limine* to preclude expert testimony).

conclusions reached, *Daubert* and Rule 702 *mandate* the exclusion of that unreliable opinion testimony," *Amorgianos*, 303 F.3d at 266 (emphasis added).

14.    The Gibson and Goldstein Opinions fail to meet these standards. As detailed below, the Gibson and Goldstein Opinions lack the "rigorous analytical connection" between methodology and conclusions that *Daubert* demands, were formed in reliance upon materials not properly disclosed, and are based on false assumptions and incomplete analysis. Accordingly, the Gibson and Goldstein Opinions will not help the Court and should be excluded to the extent of these failures.

## II.    THE GIBSON OPINION SHOULD BE EXCLUDED BECAUSE IT IMPROPERLY RELIES ON A FAULTY ASSUMPTION ████████████ ████████████████

15.    The Gibson Opinion should be stricken to the extent that ███████████ ██████████████████████████. A court may exclude expert testimony based on unreliable, speculative assumptions. *See, e.g., Faiveley Transport USA, Inc. v. Wabtec Corp.*, 2013 WL 440200, at *2 (2d Cir. Feb. 6, 2013) (affirming trial court's exclusion of expert testimony "detached from the actual evidence"); *Carroll v. United States*, 2008 WL 4482230, at *2 (2d Cir. Oct. 2, 2008) (holding that "magistrate judge did not err in striking the testimony of [] economic expert because it was based on [a] speculative assumption . . . ."); *In re Fosamax Prods. Liab. Litig. (Secrest v. Merck & Co.)*, 807 F. Supp. 2d 168, 183 (S.D.N.Y. 2011) (excluding expert testimony "based on hypothetical assumptions . . . rather than concrete facts"); *In re 4Kids Entm't, Inc.*, 463 B.R. 610, 679 (Bankr. S.D.N.Y. 2011) (stating that "conclusory assertions without a factual basis were afforded little to no weight by the Court"). Courts may also exclude *ipse dixit* expert testimony—*i.e.*, opinions that an expert asserts, but does not prove. *See Medisim Ltd. v. BestMed LLC*, 861 F. Supp. 2d 158 (S.D.N.Y. 2012) (excluding expert opinion that "is an unsupported *ipse dixit* conclusion, the acceptance of

which is tantamount to an abdication of the court's role as gatekeeper of expert testimony");

*LaSalle Bank Nat'l Ass'n v. CIBC Inc.*, 2012 WL 466785, at *10 (S.D.N.Y. Feb. 14, 2012)

(excluding expert testimony that "would be a mere *ipse dixit*, unsupported by an articulable

analysis").

16.    The Gibson Opinion wrongly assumes that ██████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████.

17.    This assumption, however, is faulty.  The approval of the Settlement Agreement

is a key milestone in the Plan Support Agreement and if the Settlement Agreement is not

approved by August 19, 2013, a large number of parties may terminate the Plan Support

Agreement. *See* Plan Support Agreement § 6.1(i) (Dkt. No. 3814); Plan Term Sheet at 4 (Dkt.

No. 3814).  If the Plan Support Agreement is terminated, the Plan will not be approved, and

FGIC will not receive the projected $206.5 million distribution.  Therefore, ██████████

██████████████████████████████████████████████. Because Mr.

Gibson's comparison of investor recoveries under the FGIC Rehabilitation Plan and the

Settlement Agreement is based upon a false assumption, his *ipse dixit* opinion is not useful to

this Court and should be disregarded.

### III.    THE GOLDSTEIN OPINION SHOULD BE EXCLUDED BECAUSE IT IMPROPERLY RELIES ON A FAULTY ASSUMPTION ███████████ █████████████████████████

18.    The Goldstein Opinion should be stricken to the extent that ████████████ ██████████████████████████████. As discussed above, a court may

exclude expert testimony based upon unreliable, speculative assumptions. *See*, *e.g.*, *Faiveley*

*Transport USA*, 2013 WL 440200 at *2; *Carroll*, 2008 WL 4482230 at *2; *In re Fosamax*, 807

F. Supp. 2d at 183. ███████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████.

19.    █████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████.

████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████

## IV.    THE TESTIMONY OF CERTAIN FACT WITNESSES SHOULD BE EXCLUDED

22.    The Investor Objectors should not be allowed to call to testify at a hearing any individuals that have not been deposed or submitted direct testimony, pursuant to the Court's Scheduling Order, dated July 8, 2013 (Dkt. No. 4168), which required written direct testimony from any such witness.

23.    Freddie Mac has identified Marcelo Messer of Rothschild, Inc., the financial advisor to an Ad Hoc Committee in the FGIC Rehabilitation process, of which Freddie Mac was a member, as a potential witness at the hearing.  But Freddie Mac failed to provide any written

testimony for this witness. Accordingly, Mr. Messer should not be allowed to testify at the hearing on this matter.

24.    Monarch Investors identified Gary T. Holtzer of Weil, Gotshal & Manges as an adverse witnesses.[4] The rationale for seeking to call Mr. Holtzer, counsel to the Rehabilitator, is unclear, and appears to be completely improper. Indeed, when the FGIC Trustees sought to depose counsel to the Monarch Investors with respect to a confidentiality agreement he signed but his clients did not, Monarch Investors strongly objected, based upon the longstanding policy of disfavoring the depositions of adverse counsel. *See* June 28, 2013 letter from the Monarch Investors' counsel (attached hereto as Exhibit 5), citing *Lee v. Kucker & Bruh, LLP*, 2013 WL 680929 (S.D.N.Y. Feb. 25, 2013) (denying deposition of counsel where counsel lacks first-hand knowledge and deposing party's theory does not support the need for deposition); *see also U.S. v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991) ("depositions of opposing counsel are disfavored" in the Second Circuit); *Sea Tow Int'l, Inc. v. Pontin*, 246 F.R.D. 421, 426 (E.D.N.Y. 2007) (denying defendants' request to depose opposing counsel where the information can be obtained from the defendants themselves or plaintiffs' representatives). Mr. Holtzer has been the Rehabilitator's lead counsel, and, on August 6, 2013, argued the motion by the Rehabilitator to the State Court for approval of this very settlement. No valid reason has been advanced for his testimony, either formally or informally. Mr. Holtzer should not be required to testify at the hearing on this matter.

---

[4]    The Monarch Investors have also identified Michael W. Miller of Lazard as an adverse witness. The Court ruled that Lazard, financial advisor for the Rehabilitator, should not be subject to discovery in this proceeding. *In re Residential Capital, LLC, et al.*, Case No. 12-12020, Hearing Tr. 31:13-32:7 (July 25, 2013).

## CONCLUSION

For the reasons discussed above, FGIC respectfully requests that the Court (a) enter an

order substantially in the form attached hereto as Exhibit 6, granting the relief requested herein;

and (b) grant such other and further relief to the FGIC and the proponents of the Settlement

Agreement as the Court may deem proper.


Dated: August 7, 2013

                                      */s/ Richard L. Wynne*
                                    Richard L. Wynne
                                    Howard F. Sidman
                                    JONES DAY
                                    222 East 41st Street
                                    New York, NY 10017.6702
                                    Telephone:   212-326-3939
                                    Facsimile:   212-755-7306

                                    Attorneys for Creditor
                                    *Financial Guaranty Insurance Company*

# Exhibit 1

# CONFIDENTIAL: Filed Under Seal

# Exhibit 2

# CONFIDENTIAL: Filed Under Seal

# Exhibit 3

# CONFIDENTIAL: Filed Under Seal

# Exhibit 4

# CONFIDENTIAL: Filed Under Seal

# Exhibit 5

# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

June 28, 2013

**VIA EMAIL**

John C. Weitnauer, Esq.                     Ronald D. Cohen
Michael E. Johnson, Esq.                    Mark D. Kotwick
Alston & Bird LLP                           Arlene R. Alves
90 Park Avenue                              Seward & Kissel LLP
New York, NY 10016                          One Battery Park Place
                                            New York, NY 10004
Michael Martinez
Mayer Brown LLP
1675 Broadway
New York, NY 10019

Re:     *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG)

Dear Counsel:

We write in response to the Trustees' Subpoena addressed to Willkie Farr & Gallagher ("Willkie Farr"), as well as the Trustees' Subpoena addressed to Marc Abrams, both dated June 26, 2013 (together, the "Subpoenas"). For the reasons set forth below, the Subpoenas are patently improper and constitute harassment.

With respect to the Subpoena seeking Mr. Abrams's deposition, as you must or should know, depositions of counsel are disfavored and rarely granted. *See, e.g., Lee v. Kucker & Bruh, LLP*, 2013 WL 680929 (S.D.N.Y. Feb. 25, 2013). We know of no reason why such a deposition is warranted here. If you contend otherwise, we demand that you disclose the basis for your contention in writing forthwith.

To the extent the Subpoenas seek the production of documents, they are superfluous. Under the established law of this Circuit, documents within a client's "control" within the meaning of Rule 34 must be produced in response to a document demand or subpoena directed to the client, including documents within the possession of the client's attorneys. *See, e.g., MTB Bank v. Federal Armored Exp., Inc.*, 1998 WL 43125 (S.D.N.Y. Feb. 2, 1998). In accordance with that well-settled rule, we

NEW YORK    WASHINGTON    PARIS    LONDON    MILAN    ROME    FRANKFURT    BRUSSELS
in alliance with Dickson Minto W.S., London and Edinburgh

Page 2

have searched for and are producing non-privileged documents from Willkie Farr files that are responsive to the document demands which the Trustees served on our clients. Tellingly, when we inquired as to whether you, as counsel to the Trustees, were likewise meeting your production responsibilities in this regard, you acknowledged that you were not. Unless those documents are produced by 5:00 p.m. today in accordance with the Court-imposed deadline, we intend to seek appropriate relief from Judge Glenn.

Apart from those fundamental defects in the Subpoenas, they are objectionable on other bases as well, including but not limited to the following grounds: that the Subpoenas seek information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest privilege, or any other applicable claim of privilege or protection from or restriction against disclosure under federal, state, or any other applicable or relevant law, regulation, case authority, or principle; that the Subpoenas seek documents not in either Willkie's or Mr. Abrams's possession, custody, or control; that the Subpoenas seek discovery of documents that are neither relevant to the issues in this action nor reasonably calculated to lead to the discovery of admissible evidence; that the Subpoenas are overbroad and unduly burdensome as to time and subject matter; and that the Subpoenas are vague and ambiguous.

Consistent with the foregoing objections, neither Willkie Farr nor Mr. Abrams will be responding to the Subpoenas.

Sincerely,

/s/

Mary Eaton

cc: All Counsel

# Exhibit 6

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- x
                                                         )
In re:                                                   )       Case No. 12-12020 (MG)
                                                         )
RESIDENTIAL CAPITAL, LLC, et al.,                        )       Chapter 11
                                                         )
         Debtors.                                        )       Jointly Administered
                                                         )
                                                         )
-------------------------------------------------------- x

### ORDER ON FINANCIAL GUARANTY INSURANCE COMPANY'S MOTION *IN LIMINE*

This matter having come before the Court on the Motion *in Limine*, filed by Financial

Guarantee Insurance Company ("FGIC"); the Court having reviewed the Motion; and the Court

having found that:  the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    Consistent with the Motion, the expert testimony of Charles R. Goldstein,

including the Expert Witness Report of Charles R. Goldstein, dated July 19, 2013; the transcript

of the deposition of Charles Ronald Goldstein, dated July 26, 2013; and the Declaration of

Charles R. Goldstein in Support of Objection of Monarch Alternative Capital LP, Stonehill

Capital Management LLC, Bayview Fund Management LLC, CQS ABS Master Fund Limited to

Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement

among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors, dated July 31,

2013; is hereby deemed inadmissible in part and shall be excluded from the record, pursuant to Federal Rule of Evidence 702.

3.      Consistent with the Motion, the expert testimony of Scott R. Gibson, including the Declaration of Scott R. Gibson, dated July 19, 2013; the transcript of the deposition of Scott R. Gibson, dated July 24, 2013; the Declaration of Scott R. Gibson, dated July 31, 2013; and the Amended Declaration of Scott R. Gibson, dated July 31, 2013; is hereby deemed inadmissible in part and shall be excluded from the record, pursuant to Federal Rule of Evidence 702.

4.      Marcelo Messer of Rothschild, Inc. and Gary T. Holtzer of Weil, Gotshal & Manges will not testify at the hearing on *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees and Certain Individual Investors* (Dkt. No. 3929).

5.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.


Dated:  New York, New York

        _____, 2013



                        _____
                        HON. MARTIN GLENN,
                        UNITED STATES BANKRUPTCY JUDGE