**Hearing Date:  September 11, 2013 at 10:00 a.m. (ET)**
**Objection Deadline:  August 21, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards
Meryl L. Rothchild

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ )
                                                             )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                     )    Chapter 11
                                                             )
                                         Debtors.            )    Jointly Administered
                                                             )
------------------------------------------------------------- )

**COVERSHEET FOR THIRD INTERIM APPLICATION OF**
**MORRISON & FOERSTER LLP AS BANKRUPTCY**
**COUNSEL FOR THE DEBTORS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD**
<u>**JANUARY 1, 2013 THROUGH APRIL 30, 2013**</u>

This is a(n):    ___ monthly    _x_ interim    ___ final application.

| | |
|---|---|
| Name of Applicant: | Morrison & Foerster LLP ("**Applicant**") |
| Authorized to Provide Professional Services to: | Residential Capital, LLC, *et al*. (collectively, the "**Debtors**") |
| Date of Retention: | Order entered on July 16, 2012 retaining Applicant *nunc pro tunc* to May 14, 2012 |
| Period for which Compensation and Reimbursement is sought: | January 1, 2013 through April 30, 2013 (the "**Application Period**") |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $22,790,342.60 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $350,910.44 |

ii

**Summary of Monthly Applications for Application Period:**

| Date Submitted | Compensation Period | Requested Fees (80%) | Requested Expenses | Fees Paid | Expenses Paid | 20% Holdback |
|---|---|---|---|---|---|---|
| 5/2/2013 | 1/1/2013 – 1/31/2013 | $5,218,322.00 | $93,209.96 | $5,218,322.00 | $93,209.96 | $1,304,580.50 |
| 6/17/2013 | 2/1/2013 – 2/28/2013 | $4,829,140.08 | $145,990.82 | $4,829,140.08 | $145,990.82 | $1,207,285.02 |
| 7/26/2013 | 3/1/2013 – 3/31/2013 | $4,194,696.00 | $63,903.74 | $0.00 | $0.00 | $1,048,674.00 |
| 8/2/2013 | 4/1/2013 – 4/30/2013 | $4,002,746.40 | $49,649.26 | $0.00 | $0.00 | $1,000,686.60 |
| **TOTAL** | | **$18,244,904.48** | **$350,910.44**[1] | **$10,047,462.08** | **$239,200.78** | **$4,559,423.62**[2] |

---

[1] This figure has been reduced to reflect additional deductions by Applicant in the amount of $1,843.34 for meal and travel expense accommodations.

[2] This figure has been reduced reflect additional deductions by Applicant in the amount of $1,802.50 for travel within New York City.

**Summary of Previous Interim Applications:**

| Date and Docket Number of Application | Period Covered by Application | Date of Order on Application | Interim Fees Requested | Interim Fees Allowed | Interim Fees Paid | Interim Expenses Requested | Interim Expenses Allowed | Interim Expenses Paid |
|---|---|---|---|---|---|---|---|---|
| 10/11/2012 (Dkt. No. 1885) | 5/14/2012-8/31/2012 | 12/28/2012 (Dkt. No. 2530) | $14,667,747.50 | $14,273,523.50 | $12,977,676.26 | $598,549.72 | $587,369.72 | $587,369.72 |
| 3/14/2013 (Dkt. No. 3200) | 9/1/2012 – 12/31/2012 | 4/29/2013 (Dkt. No. 3556) | $20,712,177.25 | $20,622,177.25 | $18,559,959.53 | $418,544.90 | $418,544.90 | $418,544.90 |
| **TOTAL** | | | **$35,379,924.75** | **$34,895,700.75** | **$31,537,635.79** | **$1,017,094.62** | **$1,005,914.62** | **$1,005,914.62** |

iv

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------ ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ------------------------------------------------------ ) | | |

**THIRD INTERIM APPLICATION OF**
**MORRISON & FOERSTER LLP AS BANKRUPTCY**
**COUNSEL FOR THE DEBTORS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD**
**JANUARY 1, 2013 THROUGH APRIL 30, 2013**

For its third interim application for compensation and reimbursement of expenses

(the "**Application**") for the period January 1, 2013 through April 30, 2013 (the "**Application**

**Period**"), Morrison & Foerster LLP ("**Applicant**"), bankruptcy counsel to Residential Capital,

LLC., *et al.*, as debtors and debtors in possession (collectively, the "**Debtors**"), respectfully

represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157

and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue

of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "**Local Rules**"). This Application has been prepared in accordance with General Order M-447, *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, effective as of January 29, 2013 (the "**Local Guidelines**"), and the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective January 30, 1996 (the "**UST Guidelines**" and, together with the Local Guidelines, the "**Guidelines**").   Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit A.

## BACKGROUND

### A.    The Chapter 11 Cases

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).  No trustee has been appointed in these Chapter 11 cases (the "**Chapter 11 Cases**").

2

4.      On May 16, 2012, the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed a nine member official committee of unsecured creditors (the "**Creditors' Committee**").

5.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "**Examiner**") [Docket Nos. 454, 674].  On July 27, 2012, the Court entered an *Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner* [Docket No. 925], including the issuance of a report (the "**Examiner's Report**").  On November 26, 2012, the Examiner filed the *Second Supplement to Work Plan of Arthur J. Gonzalez, Examiner* [Docket No. 2263].  On February 8, 2013, the Examiner filed the *Third Supplement to Work Plan of Arthur J. Gonzalez, Examiner* (the "**Third Examiner Supplement**") [Docket No. 2868].  On May 13, 2013, the Examiner filed the Examiner's Report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the Examiner's Report was unsealed and made available to the public [Docket No. 4099].

6.      On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of the servicing and origination platform (the "**Platform Sale**") to Ocwen Loan Servicing, LLC ("**Ocwen**") for $3 billion.  On October 25, 2012, the Debtors conducted an auction for the sale of their whole loan portfolio assets (the "**Whole Loan Sale**") to Berkshire Hathaway Inc. ("**Berkshire**") for $1.5 billion.

7.      At a hearing held on November 19, 2012, the Court approved the Sale Motion[1] on the record.  On November 21, 2012, the Court entered orders approving the Platform Sale

---

[1]     *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123 and Fed R. Bankr. P. 2002, 6004, 6006 and 9014 for Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Hearing and Sale Deadline; (III) Approving Form and Manner of Notice Thereof and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset*
(continued...)

(which incorporated the sale and assignment of certain of the servicing and original platform assets to Walter Investment Management Corporation ("**Walter**")) and the Whole Loan Sale (collectively, the "**Asset Sales**") [Docket Nos. 2246 and 2247].  The transactions comprising the Debtors' Platform Sale closed in two parts: a sale to Walter that closed on January 31, 2013, and a sale to Ocwen that closed on February 15, 2013.  The Debtors' Whole Loan Sale to Berkshire closed on February 5, 2013.

8.      On December 26, 2012, the Court entered an order approving the appointment of the Honorable Judge James M. Peck as mediator (the "**Mediator**") to assist the plan negotiations process for an initial term through and including February 28, 2013 [Docket No. 2519]. Mediation commenced shortly after the Mediator was appointed.  On March 5, 2013, the Court *sua sponte* extended the appointment of the Mediator through and including May 31, 2013 [Docket No. 3101], and on June 4, 2013, the Court further extended such appointment until October 31, 2013 [Docket No. 3877].  On April 22 and 23, 2013, parties in interest attended a mediation "summit" with the Mediator, the Debtors' CRO (defined below) and advisors and/or business level leaders of each of the Debtors' major claimant constituencies to provide a structure in which these parties could resolve complex legal issues and develop a consensual plan of reorganization.

9.      On February 22, 2013, the Court entered a bridge order extending the Debtors' exclusive period to file a chapter 11 plan [Docket No. 3007].  The Court subsequently entered orders during the Application Period further extending the Debtors' exclusive period to file a

_____

(continued...)

*Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* (the "**Sale Motion**") [Docket No. 61].

plan [Docket Nos. 3102, 3440, 3634, 3919, 3958], extending the period in which the Debtors have the exclusive right to file a plan through and including August 21, 2013, and extending the period in which the Debtors have the exclusive right to solicit votes on a plan through and including October 21, 2013.

10.     On March 5, 2013, the Court entered an *Order Granting Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for an Order Authorizing the Debtors to Appoint Lewis Kruger as Chief Restructuring Officer* [Docket No. 3103], pursuant to which Lewis Kruger was appointed as the Debtors' Chief Restructuring Officer ("**CRO**").

11.     On June 26, 2013, the Court entered an order authorizing the Debtors to enter into and perform under a plan support agreement by and among the Debtors, Ally, the Creditors' Committee, and certain consenting claimants [Docket No. 4098].

12.     On July 3, 2013 and July 4, 2013, respectively, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC,* et al. *and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC,* et al. *and the Official Committee of Unsecured Creditors* [Docket No. 4157].

13.     All quarterly fees have been paid to the U.S. Trustee and all required monthly operating reports have been filed.

14.     As of the date of this Application, the Debtors have approximately $1,301,585,778.00 in cash on hand or on deposit, of which approximately $490,947,514.00 is unencumbered. The Debtors estimate that as of June 30, 2013, the date of the most recent closing of the Debtors' monthly financial statements, the estates have accrued approximately

5

$300,000,000.00 in unpaid administrative expenses on account of operating expenses, employee liabilities (including compensation), professional fees, and other miscellaneous liabilities.

**B.    Applicant's Retention and Interim Compensation**

15.    On July 16, 2012, the Court entered the *Order Authorizing the Retention and Employment of Morrison & Foerster LLP as Bankruptcy Counsel to the Debtors Nunc Pro Tunc to the Petition Date* [Docket No. 786], approving Applicant's retention.

16.    On July 17, 2012, the Court entered the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 797] (the "**Interim Compensation Order**").  Pursuant to the terms of the Interim Compensation Order, Applicant, among others, is authorized to submit monthly invoices to the Debtors, counsel for the Creditors' Committee, counsel for Ally Financial Inc., counsel for Barclays Bank PLC, and the U.S. Trustee (collectively, the "**Notice Parties**").

17.    On October 11, 2012, Applicant filed its first interim fee application covering the period from May 14, 2012 through August 31, 2012 (the "**First Interim Fee Application**"). The First Interim Fee Application was granted pursuant to, and to the extent set forth in, the *Order Granting Applications for Allowance of Interim Compensation and Reimbursement of Expenses* [Docket No. 2530], which provided, among other things, that the fees allowed thereunder remained subject to a 10% holdback.

18.    On March 14, 2013, Application filed its second interim fee application covering the period from September 1, 2012 through December 31, 2012 (the "**Second Interim Fee Application**").  The Second Interim Fee Application was granted pursuant to, and to the extent set forth in, the *Order Granting Applications for Allowance of Interim Compensation and*

6

*Reimbursement of Expenses* [Docket No. 3556], which provided, among other things, that the fees allowed thereunder remained subject to a 10% holdback.

19.     On May 2, 2013, Applicant served its monthly invoice covering the period from January 1, 2013 through January 31, 2013 (the "**January Invoice**") on the Notice Parties.  On June 17, 2013, Applicant served its monthly invoice covering the period from February 1, 2013 through February 28, 2013 (the "**February Invoice**") on the Notice Parties.  On July 26, 2013, Applicant served its monthly invoice covering the period from March 1, 2013 through March 31, 2013 (the "**March Invoice**").  On August 2, 2013, Applicant served its monthly invoice covering the period from April 1, 2013 through April 30, 2013 (the "**April Invoice**" and together with the January Invoice, the February Invoice, and the March Invoice, the "**Monthly Invoices**") on the Notice Parties.  As of the date hereof, Applicant had not received any objection to the Monthly Invoices.[2]

20.     For the convenience of this Court and all parties in interest, attached hereto as Exhibit B is a schedule of the total amount of fees incurred under each of Applicant's internal task codes during the Application Period.

21.     The total payments received by Applicant on account of the Monthly Invoices as of the date hereof are equal to: (i) 80% of requested compensation from the January Invoice and February Invoice and (ii) 100% of requested expenses from the January Invoice and February Invoice.  Specifically, to date, the Applicant has received payments totaling $10,286,662.86, representing $10,047,462.08 in fees and $239,200.78 in expenses.[3]  The Monthly Invoices

---

[2]     The objection periods for the March Invoice and April Invoice expire on August 16, 2013 and August 23, 2013, respectively.

[3]     In the event no timely objections to the March Invoice and April Invoice are received, Applicant will request, and expects to receive prior to the hearing on this Application, payment of 80% of fees and 100% of expenses for the applicable compensation periods, which will bring the total fees paid for the Application Period to
(continued...)

reflect voluntary aggregate deductions of $1,802.50 in fees during the Application Period and a 50% reduction of non-working travel ($126,278.00), review of the Monthly Invoices for privilege and compliance with compensation guidelines ($97,507.00), and time billed by associates who billed less than five hours total during the Application Period ($13,985.50).

22.     Applicant maintains computerized records of the time expended in the rendering of the professional services required by the Debtors.  These records are maintained in the ordinary course of Applicant's practice.  For the convenience of this Court and all parties in interest, attached hereto as Exhibit C is a billing summary for the Application Period, setting forth the name of each attorney and paraprofessional who rendered services during the Application Period, each attorney's year of bar admission and area of practice concentration, the aggregate time expended by each attorney and each paraprofessional, the hourly billing rate for each attorney and each paraprofessional at Applicant's current billing rates, and the individual amounts requested for each professional.  The compensation requested by Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

23.     Applicant also maintains computerized records of all expenses incurred in connection with the performance of professional services.  A summary of the amounts and categories of expenses for which reimbursement are sought is attached hereto as Exhibit D.[4]  The

_____

(continued...)

$18,244,904.48 and total expenses paid for the Application Period to $350,910.44, bringing the aggregate amount of payments received by Applicant for the Application Period to $18,595,814.92.

[4]     To the extent that the descriptions of expenses for travel and transportation to and/or from the Court, either after 8:00 a.m. or before 8:00 p.m., do not state the purpose for the use of a cab or car, Applicant submits that such expenses were incurred by the Applicant's professionals for the purpose of transporting voluminous hearing materials to and/or from Court.

8

Monthly Invoices reflect aggregate deductions of $67,908.98 in expenses incurred during the Application Period.  Additionally, as an accommodation to the Debtors made in accordance with prepetition practices, Applicant does not charge the Debtors for expenses incurred by Applicant for Lexis or Westlaw research, overtime meals, in-house document preparation fees, or secretarial overtime.  These expenses are in addition to the deductions described above.

24.     Copies of Applicant's computerized records of fees and expenses in the format specified by the Guidelines have been served on the Notice Parties with each of the Monthly Invoices and are attached hereto collectively as Exhibit E.

25.     There is no agreement or understanding between Applicant and any other person, other than partners of the firm, for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

26.     The Monthly Invoices submitted by Applicant are subject to a 20% holdback (as is customary in this District) imposed by the Court on the allowance of fees.  The aggregate amount of Applicant's holdback during the Application Period is $4,559,423.62.[5]  In light of the significant progress made in these Chapter 11 Cases to date, Applicant respectfully requests, in connection with the relief requested herein, that the Court allow this holdback amount on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.  Applicant further requests that the Court allow the remaining 10% holdback with respect to the First Interim Fee Application and Second Interim Fee Application on an interim basis pursuant to sections 330 and 331 of the Bankruptcy Code and authorize the Debtors to satisfy such amounts.

---

[5]     This figure has been reduced from $4,561,226.12 to reflect additional deductions by Applicant in the amount of $1,802.50 for travel within New York City.

9

## DESCRIPTION OF SERVICES AND
## EXPENSES AND RELIEF REQUESTED

27.     In general, Applicant has represented the Debtors in connection with the

following aspects of the Chapter 11 Cases:

(a)     advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

(b)     attending meetings and negotiating with creditors and parties in interest;

(c)     advising the Debtors in connection with any sale of assets in these Chapter 11 Cases;

(d)     taking all necessary action to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors' interests in negotiations concerning all litigation in which the Debtors are involved, including, but not limited to, objections to claims filed against the Debtors or their estates;

(e)     preparing all motions, applications, answers, orders, reports, and papers necessary to the administration of the Chapter 11 Cases;

(f)     taking any necessary action on behalf of the Debtors to obtain approval of solicitation procedures, a disclosure statement and confirmation of a Chapter 11 plan, including engaging in plan mediation under the direction of the Mediator;

(g)     providing U.S. tax advice to the Debtors regarding restructuring matters;

(h)     appearing before this Court, any appellate courts, and the United States Trustee to protect the interests of the Debtors' estates before such Courts and the United States Trustee;

(i)     performing other necessary legal services for the Debtors in connection with the Chapter 11 Cases, including (i) analyzing the Debtors' leases and executory contracts and the assumption or assignment thereof, (ii) analyzing the validity of liens against the Debtors, and (iii) advising on corporate, litigation, and other legal matters;

(j)     facilitating and cooperating with the Examiner's investigation, including preparing written submissions in response to Examiner inquiries and responding to voluminous discovery requests;

ny-1100797

     (k)     taking all steps necessary and appropriate to bring the Chapter 11 Cases to conclusion.

28.    To provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Debtors during the Application Period, Applicant established, in accordance with the Guidelines and its internal billing procedures, separate task codes in connection with the Chapter 11 Cases. The following is a summary of the most significant professional services rendered by Applicant during the Application Period organized in accordance with Applicant's internal system of task codes:

     **(a)     Asset Analysis and Recovery – 001.**

     **Fees: $26,750.00; Total Hours: 35.1**

29.    This category includes time spent by Applicant's professionals reviewing and analyzing materials regarding the Debtors' assets and liabilities, including: analysis of strategies for liquidating certain non-Debtor affiliates incorporated under the laws of the United Kingdom; analysis of the Debtors' loan repurchase recovery efforts with respect to charged off loans, the creation of a presentation to the Creditors' Committee regarding the same; and research and analysis of issues related to unclaimed borrower funds.

     **(b)     Asset Dispositions/Sales – 002.**

     **Fees: $2,154,939.00; Total Hours: 3,054.3**

30.    This category includes time devoted by the Applicant to all matters related to the Asset Sales by and between the Debtors and Ocwen, Walter, and Berkshire, respectively, which generated an aggregate of approximately $4.5 billion in sale proceeds for the Debtors' estates, as well as various *de minimus* asset sales. This category includes time billed to: preparing for and participating in numerous meetings and calls with the various parties in interest regarding open sale issues, including meetings and calls between the Debtors and Ocwen, Berkshire, and Walter,

ny-1100797

various third parties, the Creditors' Committee, AFI and Ally Bank, and governmental entities; researching, negotiating, and drafting certain amendments to the asset purchase agreement for the Platform Sale with Ocwen and asset purchase agreement for the Whole Loan Sale with Berkshire; preparing for and participating in numerous meetings and calls with Ocwen, Walter, Berkshire, and the Creditors' Committee regarding closing and operational requirements and mechanics related to the Asset Sales; drafting, revising, and executing numerous Platform Sale and Whole Loan Sale closing documents, as well as the various schedules, disclosure memoranda and non-disclosure agreements, power of attorney agreements, purchase price adjustments, and amendments related thereto; drafting and preparing certain notices of assumption and assignment for servicing agreements to be assumed and assigned to Ocwen and Berkshire, respectively, in connection with the Asset Sales; and preparing and conducting analyses in connection with a potential sale of FHA/VA loan agreements.

31.    In addition, Applicant spent significant time in connection with managing other issues related to the Asset Sales, including: drafting and preparing replies, including an omnibus reply, to certain cure and sale objections, and drafting and negotiating stipulations, including stipulations with certain SBO servicers, relating to the resolution of the same; reviewing and engaging in negotiations and discovery, where applicable, to reconcile certain outstanding asserted cure claims; reviewing and analyzing post-closing issues, including, but not limited to, obtaining the extension of Ginnie Mae PIIT authorization, and documentation of the same, the reconciliation of servicing and subservicing agreements, and true-up payments with Ocwen, Berkshire, and Walter; drafting, analyzing, revising, and discussing with parties in interest certain primary servicing, master servicing, subservicing, and servicing transfer agreements, as well as statements of work issues post-closing of the Sales; managing the sale proceeds

allocation and transfer of funds relating to various components of the Asset Sales, as well as analyzing the rights of the RMBS Trustees regarding post-closing payment of fees; and continuing to review, analyze, negotiate, and reconcile remaining asserted cure claims and cure amount and sale objections.

(c)    **Business Operations and Advice – 003.**

**Fees:  $836,513.00; Total Hours:  945.8**

32.    This category includes matters related to advising the Debtors with respect to their business operations, in connection with both day-to-day matters and long-term strategic planning, including:  preparation for and participation in board meetings and providing advice to the Debtors' directors regarding, among other things, wind-down activities and estate management post-closing of the Asset Sales, directors' fiduciary duties, estate operations, governance issues, board composition, including the addition of new directors and the role of independent directors post-closing of the Asset Sales, advising on the mechanics for transitioning employees and separation of services following the closing of the Asset Sales, and director indemnification post-closing of the Asset Sales.

33.    In connection with providing advice to the Debtors in connection with the Debtors' business and management, Applicant's professionals invested significant time in the following: providing updates and analyses as to the status of the Chapter 11 Cases and negotiations with various creditor constituencies; advising the Debtors on plan negotiations and status of same; correspondence and meetings with the Debtors regarding the necessity and impact of selecting a CRO to assist the Debtors and the estates in plan negotiations and wind-down activities, the management of the search for, selection and interview process of CRO candidates for the Debtors' consideration, and discussions concerning the scope of the CRO's duties and CRO compensation in the Chapter 11 Cases; providing analyses of cash management

13

estate budgets, and servicing issues; advising the Debtors as to the run rates, fee limits, and quarterly reporting for ordinary course professionals retained by the Debtors; assisting the Debtors with resolving various operational issues including those related to the preparation of monthly operating reports and other required periodic reporting and related audits, such as drafting and preparing the Debtors' 2012 year-end consolidated financial statements and related financial statement notes.

**(d)    Case Administration – 004.**

**Fees:  $306,990.00; Total Hours:  585.7**

34.    This category includes matters related to the administration of the Debtors' cases, including:  reviewing and monitoring the main Chapter 11 Cases docket and related dockets; managing task lists, and tracking deadlines; assisting the Debtors with tracking and payment of invoices for retained professionals, ordinary course professionals, RMBS trustees, and contract attorneys; and preparation for and participation in various working group meetings to discuss case strategy and status, upcoming hearing matters, and allocation and coordination of tasks. Applicant's professionals, in accordance with past practice, participate in a weekly call in which the attorneys bearing material responsibility for every workstream in the Chapter 11 Cases engage in discussions addressing a wide range of topics, such as plan negotiations and settlement discussions with various creditor constituencies, mediation efforts, the claims reconciliation process, and estate planning efforts, among others.  Such discussions, which address many confidential matters, directly assist Applicant's professionals in understanding the impact of issues arising in one workstream on various other workstreams, and are necessary for the coordination of overall case strategy and planning to progress the Debtors' Chapter 11 Cases.

14

(e)    **Claims Administration and Objections – 005.**

**Fees:  $3,065,869.50; Total Hours:  4,524.2**

35.    This category includes time spent by Applicant's professionals in connection with the review and analysis of claims asserted against the Debtors, including: researching, drafting and revising the Debtors' motion seeking approval of omnibus claims objection procedures, borrower claims procedures, settlement procedures and schedule amendment procedures; drafting and preparing omnibus claims objections to certain claims; researching and analyzing issues and claims reconciliation strategy with the Debtors' claims management and reconciliation team, the Creditors' Committee, and other Debtors' professionals and local counsel in connection with certain class action claims, large general unsecured claims, and the administration and treatment of borrower claims to manage the Debtors' claims register; researching and analyzing issues related to various class action claims and class certification, and filing certain objections and a stipulation of settlement in connection with certain asserted class action claims; litigating certain requests to file late proofs of claim and negotiating and drafting various bar date stipulations with parties in interest; and preparing for and participating in meetings with Debtors' personnel regarding claim reconciliation process and strategy.

36.    In addition, Applicant expended significant efforts in managing the Debtors' strategy in the treatment of certain classes of claims in the Chapter 11 Cases, including: researching and analyzing issues surrounding asserted monoline proofs of claim and engaging in litigation through the preparation of adversary complaints and discovery activity, as well as settlement negotiations relating to the treatment of same; continuation of research and analysis of equitable subordination issues and preparing briefs in connection with the subordination of certain classes of claims; reviewing and analyzing issues concerning the classification of securities claims, the estimation of such claims and asserted damages, related indemnification

agreements in connection therewith, and related strategy; researching and analyzing certain administrative claims, indemnification claims, and intercompany transactions, debt forgiveness and balance issues, and the impact of the same on the Debtors' estates.

        **(f)       Executory Contracts – 006.**

        **Fees:  $322,117.00; Total Hours:  497.3**

37.    This category includes time spent by Applicant's professionals related to the review, analysis and assumption/rejection of executory contracts and unexpired leases prior to and after the closing of the Asset Sales, including:  researching and analyzing issues relating to the rejection of certain servicing agreements and agreements relating to home equity lines of credit, and preparing notices of rejection in connection with the same; identifying and analyzing provisions relating to requirements for assumption and assignment of pooling and servicing agreements and intellectual property licenses as part of the Asset Sales; negotiating and preparing stipulations in connection with the assumption and assignment of certain agreements and resolution of related cure issues; identifying and analyzing certain borrower rewards programs, borrower loss mitigation programs, and VA programs and determining whether to assume and assign contracts relating to the same; corresponding and negotiating with counterparties in connection with the consensual extension of certain lease agreements and timing in connection with the potential assumption and assignment of the same; preparation of notices of assumption and assignment of certain executory contracts and unexpired leases.

        **(g)       Fee/Employment Applications – 007.**

        **Fees:  $240,745.00; Total Hours:  409**

38.    This category includes matters related to the review and analysis of retention applications and associated exhibits, affidavits, and conflicts reports filed by various retained professionals in the Chapter 11 Cases, and providing advice and assistance to the Debtors and

16

the Debtors' other professionals retained in connection with their retention in these cases, including, but not limited to, Perkins Coie, Pepper Hamilton, Bradley Arant Boult Cummings, Hudson Cook, PWC, Orrick, FTI, Centerview, Deloitte & Touche, Ernst & Young, Locke Lord, Zeichner, Ellman & Krause, and various ordinary course professionals utilized by the Debtors. In addition, Applicant devoted time to researching and preparing the CRO's engagement letter, the motion to approve the retention and employment of the CRO and related affidavits and exhibits in connection therewtih, and engaging in communications with the Creditors' Committee and other parties in interest in negotiating the terms of the CRO's engagement.

39.    This category also includes time spent preparing Applicant's second interim fee application, advising various retained professionals and the Debtors regarding the process for applying for, and obtaining, payment in accordance with the Interim Compensation Order, reviewing and analyzing monthly fee statements and interim fee applications for retained professionals in the Chapter 11 Cases, and preparing and revising the omnibus order approving second interim fee applications.

### (h)    Fee/Employment Objections – 008.

**Fees:  $16,607.00; Total Hours:  39.5**

40.    This category includes time spent by Applicant's professionals in connection with the review, analysis, response to, and resolution of objections to fee and retention applications. This category includes time spent assisting and advising various retained professionals regarding the process for resolving objections to fee applications in advance of the hearing on the second interim fee applications, preparation of a chart summarizing these resolutions, and corresponding with the U.S. Trustee and chambers regarding the status of same.  Applicant does not include time spent by its professionals in responding to or resolving the U.S. Trustee's objection to Applicant's Second Interim Fee Application.

17

    (i)       **Financing – 009.**

    **Fees:  $235,975.00; Total Hours:  337.6**

41.    This category includes matters related to the Debtors' financing arrangements, including:  drafting of and participating in negotiations regarding an amendment to the Citibank DIP facility and AFI DIP facility, and correspondence with parties in interest regarding same; analysis of and correspondence with Barclays, Citibank, the Creditors' Committee, the Debtors' financial advisors, and other parties in interest in connection with the extension of the DIP facilities, the use of cash collateral post-closing of the Asset Sales, DIP repayment procedures, and revised expense allocation methodology.  Applicant also devoted time to drafting and preparing the Debtors' motion for the continued use of cash collateral and related documentation in connection with same, correspondence with the Debtors' financial advisors in connection with the analysis of same, and engaging in discovery activity related to same; drafting and negotiating a cash collateral extension and scheduling stipulation in connection with the same; preparing a stipulation and order amending the AFI DIP facility.

    (j)       **Plan, Disclosure Statement and Confirmation Matters – 010.**

    **Fees:  $875,209.00; Total Hours:  1,268.7**

42.    This category includes time spent by Applicant's professionals in connection with the preparation, review, analysis, and negotiation of the Debtors' chapter 11 plan structure, including correspondence with parties to plan support agreements, AFI, the Creditors' Committee, and various governmental entities, and research regarding various plan issues including, but not limited to, consensual and non-consensual third party releases and claims subordination.  In addition, Applicant devoted substantial time in negotiating with the Creditors' Committee and the Debtors' major creditor constituencies, reviewing proposed draft plan term sheets proposed by certain creditor constituencies, and analyzing the same with the Debtors'

18

CRO.  Applicant engaged in discussions with the CRO and the Debtors' financial advisors in analyzing and negotiating various plan waterfall structures and recovery scenarios in preparation for proposing a plan term sheet for a proposed plan of reorganization.  Furthermore, Applicant commenced drafting a joint plan term sheet, as well as engaged in internal discussions to frame and draft the Debtors' plan and disclosure statement, in addition to: researching, analyzing, and discussing issues relating to the Debtors' solicitation and voting procedures, the treatment of certain classes of creditors under various settlement structures; and discussing proposed waterfall scenarios with the Debtors' other professionals, AFI, and the Creditors' Committee, among others.

43.     This category also includes time spent drafting and revising the motion to extend exclusivity and the reply to objections regarding same; reviewing, analyzing and revising materials regarding various recovery scenarios; and reviewing and analyzing third party discovery requests in connection with plan negotiations and research issues related to same.

(k)     **Relief from Stay Proceedings – 012.**

**Fees:  $441,333.50; Total Hours:  831**

44.     This category includes time spent by Applicant's professionals in connection with the review and analysis of dozens of motions for stay relief filed in the Chapter 11 Cases, correspondence with the Debtors and outside counsel in connection with such motions, and preparation of responses to such motions, including objections to requested relief and stipulations granting such relief, in whole or in part.  In addition, Applicant expended significant time analyzing issues and drafting opposition papers in connection with FHFA's motion to seek relief from the automatic stay to secure certain of the Debtors' loan files.  This category also includes time spent negotiating with certain movants regarding stipulated stay relief, discussions

19

with counsel for the Creditors' Committee regarding the same, and appeals of decisions regarding motions for stay relief.

   **(l)  Hearings – 013.**

   **Fees:  $426,561.00; Total Hours:  756.1**

   45.  This category includes all matters related to preparation for and attendance at hearings in the Chapter 11 Cases, including:  preparation of agendas, scripts, binders and outlines; meetings with potential witnesses to prepare for hearings and correspondence with various of the Debtors' retained professionals in advance of hearings; coordination with chambers, the Creditors' Committee, and other parties in regarding scheduling issues; attendance at the hearings held on January 16, 2013, January 29, 2013, February 7, 2013, February 28, 2013, March 1, 2013, March 5, 2013, March 15, 2013, March 19, 2013 March 21, 2013, April 11, 2013 and April 30, 2013; and preparation for and attendance at numerous telephonic and in-person status conferences.

   46.  In accordance with the Court's billing guidelines, where multiple attorneys attended omnibus hearings, no more than three of Applicant's professionals billed for the entire length of the hearing.  In further recognition of this Court's directive, Applicant's professionals who spent time arguing or appearing, or specifically supporting work on particular matters heard at the omnibus hearings, billed for their time in connection with those matters.

   **(m)  Tax Matters – 014.**

   **Fees:  $105,820.00; Total Hours:  162.2**

   47.  This category includes time spent by Applicant's professionals in connection with analyzing various tax issues related to the Chapter 11 Cases and the Debtors' operations, including: analysis of tax allocation issues arising with respect to the Asset Sales and potential chapter 11 plan structures; research, review, and analysis of the Debtors' tax ownership of

ny-1100797

certain REMIC residual interests and the tax implications of the assignment of such interests; and research and analysis of the status and treatment of NERDS (non-economic residual interest) in bankruptcy proceedings. Applicant also expended efforts in reviewing and analyzing the Debtors' obligations under their tax sharing agreement with AFI, analyzing tax consequences in connection with the liquidation of United Kingdom subsidiaries, and correspondence with counsel for the Creditors' Committee regarding the foregoing. Lastly, Applicant spent time analyzing the Internal Revenue Service claim, and reviewing and analyzing tax considerations and tax planning during the wind-down phase of the Chapter 11 Cases and in preparation of the Debtors' emergence from bankruptcy.

(n)      <strong>Plan Support Agreement Matters – 016.</strong>

<strong>Fees:  $5,512.00; Total Hours:  7.4</strong>

48.      This category includes time spent by Applicant's professionals in connection with the potential extension and eventual termination of plan support agreements with AFI and the Creditors' Committee, including analysis of the disclosure of non-public material information in connection with plan support and global settlement negotiations, and correspondence and meetings with various parties in interest including counsel for the trustees, the insurers, and the Creditors' Committee regarding the foregoing.

(o)      <strong>PLS Litigation – 017.</strong>

<strong>Fees:  $3,207,107.50; Total Hours:  5,055.9</strong>

49.      This category includes time spent by Applicant's professionals in connection with: the Debtors' analysis of certain settlement agreements with the RMBS litigation plaintiffs represented by Gibbs & Brun LLP/Ropes & Gray LLP and Talcott Franklin; extensive analysis of and discussions with Applicant's professionals and counsel for AFI, the Creditors' Committee, insurers, and the trustees for the respective RMBS trusts regarding the proposed

21

amended RMBS settlement trust allocation methodology; continuing research and analysis of precedent with respect to various settlement issues; preparation of replies and related declarations in support thereof to objections regarding the settlements, including those briefing the analysis of the factors in support of the reasonableness of entry into such settlements; reviewing and analyzing Daubert motions in bankruptcy litigation and potential Daubert challenges to certain experts in connection with the 9019 trial on the RMBS settlement; research, analysis, and preparation of issues in response to motions to preclude certain evidence at issue in the RMBS 9019 settlement, including research for and preparation of motions in limine to exclude certain allegedly irrelevant evidence; and the negotiation and preparation of multiple scheduling orders in connection with the foregoing.

50.    Applicant continued assisting and advising the Debtors in preparing for trial regarding Debtors' Rule 9019 motion seeking approval of the RMBS settlements, including: review and analysis of expert reports and disclosures regarding the settlements and preparations for the RMBS 9019 trial, including preparation of information and accounting memoranda for additional experts and submissions in connection with Debtors' reply in support of RMBS settlement agreements; drafting and preparing direct and cross examination outlines for RMBS 9019 trial witnesses, including the certain of the Debtors' directors, the Debtors' advisors, and certain experts, and analyzing the application of the rules of evidence in connection with the same in anticipation of the issues to be raised at trial.  In addition, Applicant assisted the Debtors in preparing, revising, and updating the list of exhibits to be used in connection with the RMBS 9019 reply briefs, statements in support of entry into the RMBS settlement agreements and allocation strategy set forth therein, use at trial.

22

**(p)    Litigation (Other) – 018.**

**Fees:  $1,055,449.90; Total Hours:  1,618.2**

51.    This category includes time spent by Applicant's professionals in connection with: participation in various adversary proceedings and associated appeals, including the Debtors' proceedings to extend the automatic stay to third parties and reply in opposition of the FHFA's appeal of discovery order to the Court of Appeals for the Second Circuit; engaging with counterparties, including borrowers, through the application of the Debtors' supplemental case management procedures for adversary proceedings, and participation in pre-trial status conferences and settlement discussions in connection with resolving such proceedings; research and analysis of issues in connection with the Debtors' pending litigation in other jurisdictions, and correspondence with the Debtors' in-house legal department, outside counsel, and the Creditors' Committee regarding the same.   In addition, Applicant expended significant time researching and analyzing certain lien and security interest issues in connection with the Debtors' adversary proceeding complaint against the junior secured noteholders, and drafting a complaint to reflect the same.

**(q)    Government/Regulatory – 019.**

**Fees:  $993,209.00; Total Hours:  1,347.9**

52.    This category includes time spent by Applicant's professionals with respect to matters related to the Debtors' interactions with various state and federal governmental or regulatory bodies, including, but not limited to:  correspondence with Ginnie Mae, Freddie Mac, and Fannie Mae and analysis of issues related to the Debtors' relationships with and obligations to each of the foregoing; correspondence with the Federal Reserve Board ("**FRB**"), the Department of Justice ("**DOJ**") and various state attorneys general and other regulators regarding the Debtors' continued compliance with the FRB and DOJ consent orders; analyzing

23

related research, and preparing the Debtors' motion in connection with the foreclosure review and nature of the FRB's claim, and supplemental motion brief relating to the foreclosure review and the Debtors' obligations in connection with same; discussions with the FRB, the DOJ, and the Creditors' Committee's regulatory counsel in connection with the same and the FRB's reply brief in connection with the foreclosure review motion; extensive negotiations to discuss proposed settlement with the FRB in connection with the foreclosure review; extensive negotiations related to the employment of third party professionals and payment of costs in connection with the foreclosure review being conducted in connection with the FRB consent order; review and analysis of issues and strategies in connection with the pending investigations being conducted and certain subpoenas issued by governmental agencies, as well as certain issues relating to the claw back of produced documents in connection with such investigations. Lastly, Applicant negotiated a stipulation and order to permit such parties to file a joint Rule 60(a) motion in the District Court for the District of Columbia to enable parties to correct a clerical error to the FRB Consent Order.

**(r)    Insurance Matters – 021.**

**Fees:  $355,944.00; Total Hours:  453.9**

53.    This category includes time spent by Applicant's professionals in connection with matters related to insurance benefits and coverage, including: correspondence and analysis regarding insurance coverage for pending litigation, the scope of D&O and E&O insurance claims and policies, as well as related shared insurance issues between the Debtors and AFI; analyzing the scope and availability of insurance policy coverage and proceeds in connection with potential use towards the settlement of certain class action claims and other categories of claims; discussions and correspondence of such insurance issues with Perkins Coie, the Debtors' insurance coverage counsel; analyzing and presenting information relating to insurance available

to the Debtors and use of proceeds to the Creditors' Committee and other parties in interest; and reviewing and analyzing the potential use of available insurance proceeds with AFI and the Creditors' Committee.

**(s)    Communication with Creditors – 022.**

**Fees:  $51,360.00; Total Hours:  69.8**

54.    This category includes time spent by Applicant's professionals communicating with Creditors' Committee members, general unsecured creditors and other parties in interest regarding the status of the Debtors' bankruptcy proceedings, including providing updates to the Creditors' Committee and claimants regarding settlement discussions with the FRB and DOJ in connection with the foreclosure review, plan negotiations, treatment of proofs of claim, borrower-related issues, and various case issues, as well as responding to requests from the Creditors' Committee and other parties in interest for information regarding the foregoing; the negotiation and preparation of confidentiality agreements with creditors; and the preparation of materials and presentations for the Creditors' Committee professionals.

**(t)    Meetings of Creditors – 023.**

**Fees:  $17,574.50; Total Hours:  21.1**

55.    This category includes time spent by Applicant's professionals preparing for and participating in meetings with the Creditors' Committee and/or its professionals to discuss the status of the case, new developments relating to plan negotiations, estate management issues, insurance issues, and other matters of significance to general unsecured creditors, and preparing for and participating in meetings with other creditor constituents including counsel for senior unsecured noteholders, junior secured noteholders, and RMBS plaintiffs to discuss plan negotiations, waterfall analyses, and secured creditor positions.

      (u)      **Employee Matters – 024.**

      **Fees:  $396,867.00; Total Hours:  554**

    56.    This category includes time spent by Applicant addressing issues related to employee matters, including:  review and analysis of key employee lists and related incentive programs; research, analysis, and preparation of certain executive non-compete agreements and separation agreements for certain directors, including related severance payment issues; research and analysis of CRO compensation metrics and discussion of same with the Debtors' management and the Creditors' Committee; analysis of TARP restrictions on executive compensation and director compensation alternatives in consideration of post-closing of Asset Sales; review and analysis of employment agreements with the Debtors' key executives; preparation and revision of an employee reimbursement protocol motion and annual incentive plan motion and correspondence with U.S. Trustee and Creditors' Committee regarding same; research, analysis, preparation and revisions regarding the Debtors' proposed key employee incentive program ("**KEIP**"), preparation of a motion seeking approval of the revised KEIP and declarations in support thereof; review, analysis, and research regarding objections to the revised KEIP, and preparation of responses to the same; and review and analysis of potential estate severance and indemnification obligations.

      (v)      **Discovery or Rule 2004 Requests – 025.**

      **Fees:  $3,554,144.20; Total Hours:  9,681.2**

    57.    This category includes time spent by Applicant analyzing and responding to numerous document and information requests from the Examiner pursuant to Bankruptcy Rule 2004 on various topics in connection with the Examiner's investigation for the Examiner's Report.  In addition, the Applicant engaged in reviewing, analyzing, preparing and compiling responsive materials, reviewing responsive materials for relevance, confidentiality, and

privilege, as well as preparing privilege logs, transmitting materials, and negotiating non-disclosure agreements with parties seeking discovery or access to confidential materials.   In connection with the production of such documents to the Examiner, Applicant analyzed and discussed with counsel to the Examiner and other parties in interest issues surrounding the claw back of certain produced documents.

58.    In addition, Applicant devoted time to analyzing and responding to Creditors' Committee document requests in connection with, but not limited to, the investigation of estate claims and causes of action by the Creditors' Committee, the PLS and Ally settlements, the Debtors' prepetition transactions with AFI and Ally Bank, and the Debtors' entry into the RMBS settlement agreement.   Applicant also spent time managing and analyzing certain discovery requests, including analyzing and responding to document and information requests in connection with the Debtors' motion for continued use of cash collateral, the Debtors' proceedings against monoline claims and securities claims, the RMBS 9019 trial, as well as document requests in connection with certain adversary proceedings.

(w)    **Schedules and Statements – 026.**

**Fees: $652.50; Total Hours: .9**

59.    This category includes time spent by Applicant's professionals advising the Debtors and working with the Debtors' employees and other professionals to prepare and amend the Debtors' schedules and statements of financial affairs.

(x)    **Other Motions and Applications – 028.**

**Fees: $413,922.50; Total Hours: 591.1**

60.    This category includes matters related to the review, analysis, research, and preparation of motions, applications and objections filed in these Chapter 11 Cases to the extent not addressed specifically under other task codes (*i.e.*, fee and employment applications (007,

27

008), motions for stay relief (012) and other general litigation (018)) with respect to the Debtors' cases, including, among others, the motion for supplemental case management procedures for adversary proceedings, the stipulation and order for the settlement of Green Planet claims, Debtors' motion relating to the prepayment to junior secured noteholders, the Debtors' joinder to AFI's motion to enforce the automatic stay in connection with the Rothstein litigation, the Debtors' Bankruptcy Rule 9019 motion to approve claim settlement agreements with the People's Choice debtors, review and analysis of the Creditors' Committee motion for standing to prosecute certain claims and causes of action, and Wilmington Trust's motion for standing to prosecute certain claims and causes of action.

> **(y)    Non-Working Travel – 029.**
>
> **Fees:  $252,556.00; Total Hours:  439.6**

61.    This category includes time spent by Applicant's professionals in non-working travel while representing the Debtors, excluding time spent by attorneys traveling within New York City.[6]  Applicant billed one-half of the total time that such professionals spent on non-working travel.

> **(z)    Monthly Fee Statements – 030.**
>
> **Fees:  $97,507.00; Total Hours:  145.9**

62.    This category includes all time spent by Applicant's professionals reviewing Applicant's monthly invoices to ensure that the time detail and expenses complied with applicable compensation guidelines, as well as to ensure that no privileged or confidential

---

[6]    Applicant has taken additional reductions totaling $1,802.50 on account of time incurred in connection with non-working travel within New York City that was initially included in the February Invoice.

ny-1100797

information was disclosed therein.  In accordance with the Court's billing guidelines, Applicant has deducted 100% of the time within this task code.

> **(aa)    Ally Settlement – 032.**
>
> **Fees:  $512.50; Total Hours:  .5**

63.    This category contains time spent by Applicant's professionals in connection with the eventual termination of the Debtors' proposed settlement with AFI.

> **(bb)    Examiner – 033.**
>
> **Fees:  $2,718,924.50; Total Hours:  5,011.3**

64.    This category contains time spent by Applicant's professionals related to the Debtors' cooperation with the Examiner's investigation, including: review, research, and analysis of the proposed scope of the Examiner's duties and advising the Debtors regarding compliance with same; facilitating Debtors' cooperation with the Examiner's investigation, including the production and identification of relevant materials, assisting with and responding to requests for information pursuant to the uniform protective order for Examiner discovery, and assisting the Debtors' employees and directors with the preparation and participation in Examiner interviews.

65.    In addition, Applicant devoted significant time to reviewing and analyzing submissions to the Examiner, and drafting the Debtors' reply submissions to the Examiner. Applicant also discussed with the Examiner and certain parties the Examiner's request to use highly confidential and "professional eyes only" material in the Examiner's Report.

ny-1100797

      **(cc)**    **Minimal Hours Associates – 035.**
               **Fees:  $13,985.50; Total Hours:  26.0**

This category includes time spent by Applicant's associates that billed less than five hours in total during the Application Period.  In accordance with the U.S. Trustee Guidelines, Applicant has deducted 100% of the time within this task code.

      **(dd)**    **Mediation Issues– 037.**

      **Fees:  $853,243.50; Total Hours:  999.4**

66.    This category includes time spent by Applicant's professionals in connection with the plan mediation, including: preparation for and participation in mediation sessions with the Mediator and with the CRO to analyze plan waterfall scenarios and positions of creditor constituencies in connection with participation in mediation to discuss plan distribution scenarios; discuss disclosures and proposed confidentiality agreement for parties participating in mediation; extensive preparation for and participation in the April mediation "summit" whereby the Debtors, AFI (and its indirect non-debtor subsidiaries), the Creditors' Committee, and certain major creditor constituencies engaged in discussions and negotiations concerning numerous recovery scenarios based on varying AFI settlement contributions to the Debtors' estates, in an effort to form the foundation for a consensual chapter 11 plan of reorganization; discussions with the Debtors and the Mediator in connection with NJ Carpenters and securities claims mediation efforts as well as FHFA mediation and future loss analysis for further FHFA mediation.

67.    The foregoing descriptions of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in the Chapter 11 Cases.  The time records attached hereto as <u>Exhibit E</u> present more completely the work performed by Applicant in each billing category during the Application Period.

ny-1100797

## **CONCLUSION**

68.     Applicant believes that the services rendered during the Application Period on behalf of the Debtors were reasonable and necessary within the meaning of Bankruptcy Code section 330.  Further, the expenses requested were actual and necessary to the performance of Applicant's services.

69.     Applicant therefore requests an order (i) approving interim compensation in the amount of $22,790,342.60 and interim reimbursement of expenses in the amount of $350,910.44,[7] (ii) directing payment of all compensation held back in connection with the Monthly Invoices, (iii) directing payment of all compensation held back in connection with allowed fees under the First Interim Fee Application and Second Interim Fee Application, and (iv) granting such other and further relief as may be just and proper.


New York, New York
Dated: August 7, 2013

/s/ Lorenzo Marinuzzi
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards
Meryl L. Rothchild
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

---

[7]     The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.

ny-1100797

**<u>EXHIBIT A</u>**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Erica J. Richards
Meryl L. Rothchild

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                                      )
In re:                                                )    Case No. 12-12020 (MG)
                                                      )
RESIDENTIAL CAPITAL, LLC, et al.,                     )    Chapter 11
                                                      )
                                    Debtors.          )    Jointly Administered
                                                      )
---------------------------------------------------------------

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF THE THIRD INTERIM
APPLICATION OF MORRISON & FOERSTER LLP AS BANKRUPTCY
COUNSEL FOR THE DEBTORS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES INCURRED FOR THE PERIOD
JANUARY 1, 2013 THROUGH APRIL 30, 2013**

I, Lorenzo Marinuzzi, hereby certify that:

1.      I am a partner with the applicant firm, Morrison & Foerster LLP (the "**Firm**"),

which serves as bankruptcy counsel to Residential Capital, LLC., *et al.*, as debtors and debtors in

possession (collectively, the "**Debtors**").

2.      This certification is made in respect of the Firm's compliance with *General Order

M-447, Amended Guidelines for Fees and Disbursements for Professionals in Southern District

of New York Bankruptcy Cases, effective as of January 29, 2013* (the "**Local Guidelines**"), the

A-1

United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 effective January 30, 1996 (the "**UST Guidelines**" and, together with the Amended Local Guidelines, the "**Guidelines**"), and the *Order to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "**Interim Compensation Order**") [Docket No. 172], in connection with the Firm's application, dated August 7, 2013 (the "**Application**"), for interim compensation and reimbursement of expenses for the period commencing January 1, 2013 through and including April 30, 2013, in accordance with the Guidelines.

3.      In respect of Section B.1 of the Local Guidelines, I certify that:

    (a)      I have read the Application;

    (b)      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

    (c)      the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Firm and generally accepted by the Firm's clients; and

    (d)      in providing the reimbursable services reflected in the Application, the Firm did not make a profit on those services, whether performed by the Firm in-house or through a third party.

4.      In respect of Section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that the Firm has complied with the provisions requiring it to provide the United States Trustee for the Southern District of New York and the Debtors and their attorneys with a statement of the Firm's fees and expenses accrued during the previous month although, due to administrative limitations, such statements were not always provided within the timetables set forth in the Local Guidelines and the Interim Compensation Order.

A-2

5.      In respect of Section B.3 of the Amended Local Guidelines, I certify that the Debtors, their attorneys, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

6.      I certify that any airfare for which reimbursement is sought under this Application was for a coach class or economy fare.  In addition, I certify that cars and cabs taken to and/or from the Court by the Applicant's professionals, when taken after 8:00 a.m. and before 8:00 p.m., were for the purpose of that professional's transportation of voluminous hearing materials.

Dated: August 7, 2013                 /s/ Lorenzo Marinuzzi_____
                                      Lorenzo Marinuzzi
                                      MORRISON & FOERSTER LLP
                                      1290 Avenue of the Americas
                                      New York, New York 10104
                                      Telephone: (212) 468-8000
                                      Facsimile: (212) 468-7900

                                      *Counsel for the Debtors and
                                      Debtors in Possession*

A-3

**EXHIBIT B**

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROJECT CATEGORY
BY MORRISON & FOERSTER LLP ON BEHALF OF THE DEBTORS FOR THE
PERIOD JANUARY 1, 2013 THROUGH APRIL 30, 2013**

| Task Code | Matter Description | Total Billed Hours | Total Compensation |
|---|---|---|---|
| 1 | Asset Analysis and Recovery | 35.1 | $26,750.00 |
| 2 | Asset Disposition/Sales | 3,054.3 | $2,154,939.00 |
| 3 | Business Operations and Advice | 945.8 | $836,513.00 |
| 4 | Case Administration | 585.7 | $306,990.00 |
| 5 | Claims Administration and Objection | 4,524.2 | $3,065,869.50 |
| 6 | Executory Contracts | 497.3 | $322,117.00 |
| 7 | Fee/Employment Applications | 409 | $240,745.00 |
| 8 | Fee/Employment Objections | 39.5 | $16,607.00 |
| 9 | Financing | 337.6 | $235,975.00 |
| 10 | Plan, Disclosure Statement and Confirmation Matters | 1,268.7 | $875,209.00 |
| 12 | Relief from Stay Proceedings | 831 | $441,333.50 |
| 13 | Hearings | 756.1 | $426,561.00 |
| 14 | Tax Matters | 162.2 | $105,820.00 |
| 16 | Plan Support Agreement Matters | 7.4 | $5,512.00 |
| 17 | PLS Litigation | 5,055.9 | $3,207,107.50 |
| 18 | Litigation (Other) | 1,618.2 | $1,055,449.90 |
| 19 | Government/Regulatory | 1,347.9 | $993,209.00 |
| 21 | Insurance Matters | 453.9 | $355,944.00 |
| 22 | Communication with Creditors | 69.8 | $51,360.00 |
| 23 | Meetings of Creditors | 21.1 | $17,574.50 |
| 24 | Employee Matters | 554 | $396,867.00 |
| 25 | Discovery or Rule 2004 Requests | 9,681.2 | $3,554,144.20 |
| 26 | Schedules and Statements | 0.9 | $652.50 |
| 28 | Other Motions and Applications | 591.1 | $413,922.50 |
| 29 | Non-Working Travel | 439.6 | $252,556.00 |
| 30 | Monthly Fee Statements (Non-Billable) | 145.9 | $97,507.00 |
| 32 | Ally Settlement | 0.5 | $512.50 |
| 33 | Examiner | 5,011.3 | $2,718,924.50 |
| 37 | Mediation | 999.4 | $853,243.50 |
|  | **Total Incurred** | 39,444.6 | $23,029,915.60 |
|  | **Less Client Accommodations for:** |  |  |
| 29 | Monthly Fee Statements (100%) |  | $(97,507.00) |
| 30 | Non-Working Travel (50%) |  | $(126,278.00) |

|    | Additional Non-Working New York City Travel (100%) |  | $(1,802.50) |
|----|---|---|---|
| 35 | Minimal Hours Associates (100%) |  | $(13,985.50) |
| **Total Requested** |  |  | **$22,790,342.60** |

A-2

**EXHIBIT C**

**SUMMARY OF PROFESSIONAL SERVICES RENDERED BY PROFESSIONAL**
**BY MORRISON & FOERSTER LLP ON BEHALF OF THE DEBTORS**
**FOR THE PERIOD JANUARY 1, 2013 THROUGH APRIL 30, 2013[10]**

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| **Partners** | | | | | |
| Jeremy C. Jennings-Mares | Department: | Capital Markets | | | |
| | Licensure: | England/Wales (1993) | $1,240.00 | 13.1 | $16,244.00 |
| | Department: | Tax | | | |
| | Licensure: | CA (1977) | | | |
| Thomas A. Humphreys | | NY (1980) | $1,200.00 | 34.2 | $41,040.00 |
| | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (1992) | | | |
| Larren M. Nashelsky | | CT (1991) | $1,100.00 | 11.2 | $12,320.00 |
| | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (1983) | | | |
| Anthony Princi | | FL (1985) | $1,025.00 | 507.6 | $520,290.00 |
| | Department: | Litigation | | | |
| Charles L. Kerr | Licensure: | NY (1984) | $1,025.00 | 5.5 | $5,637.50 |
| | Department: | Litigation | $1,025.00 | 590.6 | $605,365.00 |
| Darryl P. Rains | Licensure: | CA (1982) | $975.00 | 0.5 | $487.50 |
| | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (1991) | | | |
| Gary S. Lee | | England/Wales (1995) | $1,025.00 | 955.4 | $979,285.00 |
| | Department: | Capital Markets | | | |
| James R. Tanenbaum | Licensure: | NY (1977) | $1,025.00 | 748.4 | $767,110.00 |
| | Department: | Capital Markets | | | |
| David H. Kaufman | Licensure: | NY (1984) | $950.00 | 4.5 | $4,275.00 |
| | Department: | Litigation | | | |
| | Licensure: | DC (1992) | | | |
| Deanne E. Maynard | | VA (1991) | $950.00 | 16.5 | $15,675.00 |
| | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (1996) | | | |
| Lorenzo Marinuzzi | | NJ (1997) | $945.00 | 787 | $743,715.00 |
| | Department: | Financial Services Group | | | |
| Barbara R. Mendelson | Licensure: | NY (1982) | $925.00 | 0.5 | $462.50 |
| | Department: | Litigation | | | |
| | Licensure: | CA (1991) | | | |
| Michael J. Agoglia | | MA (1989) | $925.00 | 10.1 | $9,342.50 |

---

[10] Exhibit C lists all of Applicant's professionals who provided services during the Application Period, including those who billed less than five hours during such period as reflected in the Application. Applicant has deducted from its fees all amounts billed by associates for work amounting to less than five hours.

A-3

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Oliver I. Ireland | Department:<br>Licensure: | Financial Services<br>DC (2002)<br>IL (1980)<br>MA (1974) | $920.00 | 155.4 | $142,968.00 |
| Jamie A. Levitt | Department:<br>Licensure: | Litigation<br>NY (1993)<br>NJ (1992) | $900.00 | 752.1 | $676,890.00 |
| Randall J. Fons | Department:<br>Licensure: | Litigation<br>CO (2006)<br>IL (1989) | $900.00 | 26.2 | $23,580.00 |
| Sean T. Prosser | Department:<br>Licensure: | Litigation<br>CA (1993) | $900.00 | 26.1 | $23,490.00 |
| Eugene G. Illovsky | Department:<br>Licensure: | Litigation<br>CA (1985)<br>DC (1984)<br>PA (1990) | $895.00 | 443.3 | $396,753.50 |
| George C. Harris | Department:<br>Licensure: | Litigation<br>CA (1983)<br>UT (1997) | $895.00 | 95.7 | $85,651.50 |
| Paul C. Borden | Department:<br>Licensure: | Tax<br>CA (1983) | $895.00 | 13 | $11,635.00 |
| Joel C. Haims | Department:<br>Licensure: | Litigation<br>NY (1994) | $875.00 | 388.8 | $340,200.00 |
| Sharon Parella | Department:<br>Licensure: | Financial Services<br>NY (1989) | $875.00 | 11.2 | $9,800.00 |
| Stefan W. Engelhardt | Department:<br>Licensure: | Business Restructuring & Insolvency<br>CA (1990) | $875.00 | 850.5 | $744,187.50 |
| Peter C. Dopsch | Department:<br>Licensure: | Financial Transactions<br>MA (1983)<br>NY (1987) | $865.00 | 0.3 | $259.50 |
| J. Alexander Lawrence | Department:<br>Licensure: | Litigation<br>CA (2000)<br>DC (2001)<br>GA (1996)<br>NY (2002) | $850.00 | 843.5 | $716,975.00 |
| Jonathan S. Gowdy | Department:<br>Licensure: | Litigation<br>DC (1998)<br>FL (1997) | $850.00 | 1 | $850.00 |
| Norman S. Rosenbaum | Department:<br>Licensure: | Business Restructuring & Insolvency<br>NY (1990) | $850.00 | 962.1 | $817,785.00 |
| Russell G. Weiss | Department:<br>Licensure: | Technology Transactions<br>CA (1994) | $825.00 | 197 | $162,525.00 |
| Brian R. Matsui | Department:<br>Licensure: | Litigation<br>CA (2004)<br>DC (2005) | $800.00 | 23.4 | $18,720.00 |
| Andrew M. Smith | Department:<br>Licensure: | Financial Services<br>DC (1997) | $800.00 | 4.9 | $3,920.00 |
| Robert A. Salerno | Department:<br>Licensure: | Litigation<br>DC (1991)<br>VA (1990) | $800.00 | 155.5 | $124,400.00 |

A-4

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Todd M. Goren | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (2003) | $795.00 | 864.2 | $687,039.00 |
| Jeffery Bell | Department: | Corporate | | | |
| | Licensure: | NY (2001) | $775.00 | 1 | $775.00 |
| Remmelt A. Reigersman | Department: | Tax | | | |
| | Licensure: | NY (2007) | $775.00 | 28.2 | $21,855.00 |
| Geoffrey R. Peck | Department: | Financial Transactions | | | |
| | Licensure: | NY (1999) | $750.00 | 25.2 | $18,900.00 |
| **Associates and Of Counsel** | | | | | |
| Jack C. Auspitz | Department: | Litigation | | | |
| | Licensure: | NY (1969) | $1,100.00 | 1 | $1,100.00 |
| Jerry R. Marlatt | Department: | Capital Markets | | | |
| | Licensure: | CA (1997) | | | |
| | | DC (1980) | | | |
| | | NY (1985) | $925.00 | 0.2 | $185.00 |
| Joseph Gabai | Department: | Financial Services | | | |
| | Licensure: | CA (1976) | $895.00 | 2.7 | $2,416.50 |
| Adam A. Lewis | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | CA (1979) | $865.00 | 95.9 | $82,953.50 |
| Kathleen E. Schaaf | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (1978) | $815.00 | 56.6 | $46,129.00 |
| Kenneth E. Kohler | Department: | Corporate | | | |
| | Licensure: | CA (1981) | $800.00 | 506.2 | $404,960.00 |
| Nilene R. Evans | Department: | Capital Markets | | | |
| | Licensure: | NY (1980) | $795.00 | 285.5 | $226,972.50 |
| Peter B. Kanter | Department: | Tax | | | |
| | Licensure: | CA (1991) | $750.00 | 3.8 | $2,850.00 |
| Lashann M. Dearcy | Department: | Litigation | | | |
| | Licensure: | NY (2001) | $725.00 | 680.8 | $493,580.00 |
| Alexandra S. Barrage | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (2002) | | | |
| | | DC (2003) | $720.00 | 549.3 | $395,496.00 |
| Jordan A. Wishnew | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (2002) | | | |
| | | NJ (2003) | $720.00 | 686.7 | $494,424.00 |
| Panagiotis C. Bayz | Department: | Project Finance | | | |
| | Licensure: | DC (1992) | | | |
| | | MD (1991) | $715.00 | 0.4 | $286.00 |
| Craig B. Whitney | Department: | Litigation | | | |
| | Licensure: | CA (2001) | | | |
| | | NY (2006) | $705.00 | 11.5 | $8,107.50 |
| Kayvan B. Sadeghi | Department: | Litigation | | | |
| | Licensure: | NY (2004) | $700.00 | 366.3 | $256,410.00 |
| Melissa D. Beck | Department: | Capital Markets | | | |
| | Licensure: | NY (2004) | $700.00 | 431.4 | $301,980.00 |
| Mee Jung Kim | Department: | Real Estate | | | |
| | Licensure: | NY (1992) | $695.00 | 28.2 | $19,599.00 |

A-5

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Jennifer L. Marines | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (2005) | $690.00 | 871.7 | $601,473.00 |
| David S. Brown | Department: | Litigation | | | |
| | Licensure: | NY (2002) | $685.00 | 296.6 | $203,171.00 |
| Brian N. Hoffman | Department: | Litigation | | | |
| | Licensure: | CO (2001) | $675.00 | 154.5 | $104,287.50 |
| Nathan D. Taylor | Department: | Financial Services Group | | | |
| | Licensure: | DC (2004) | | | |
| | | VA (2003) | $670.00 | 7.2 | $4,824.00 |
| Leah A. Ramos | Department: | Litigation | | | |
| | Licensure: | NY (2005) | $695.00 | 5.6 | $3,892.00 |
| Marc-Alain Galeazzi | Department: | Financial Services Group | | | |
| | Licensure: | NY (2007) | $695.00 | 6.9 | $4,795.50 |
| Edward M. Welch | Department: | Capital Markets | | | |
| | Licensure: | NY (2006) | $690.00 | 102.7 | $70,863.00 |
| John A. Pintarelli | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (2007) | | | |
| | | NY (2006) | $690.00 | 72.9 | $50,301.00 |
| Adam Jackson Heintz | Department: | Litigation | | | |
| | Licensure: | NY (2007) | $ 685.00 | 77.5 | $53,087.50 |
| James J. Beha II | Department: | Litigation | | | |
| | Licensure: | NY (2007) | $685.00 | 210.1 | $143,918.50 |
| Paul A. Galante | Department: | Litigation | | | $ |
| | Licensure: | NY (2002) | $685.00 | 147.4 | 100,969.00 |
| Diana Luo | Department: | Litigation | | | |
| | Licensure: | CA (2004) | $660.00 | 112.6 | $74,316.00 |
| Emily E. Huters | Department: | Litigation | | | |
| | Licensure: | NY (2008) | $660.00 | 65.7 | $43,362.00 |
| Erica J. Richards | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (2007) | $660.00 | 682.2 | $450,252.00 |
| Jonathan C. Rothberg | Department: | Litigation | | | |
| | Licensure: | NY (2008) | $660.00 | 405.1 | $267,366.00 |
| Samantha Martin | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | NY (2008) | $660.00 | 695.5 | $459,030.00 |
| Vincent J. Novak | Department: | Business Restructuring & Insolvency | | | |
| | Licensure: | CA (2004) | $660.00 | 2.3 | $1,518.00 |
| Angela Kleine | Department: | Litigation | | | |
| | Licensure: | CA (2008) | | | |
| | | NY (2006) | $655.00 | 3.5 | $2,292.50 |
| Marc A. Hearron | Department: | Litigation | | | |
| | Licensure: | DC (2008) | | | |
| | | TX (2005) | $655.00 | 93.8 | $61,439.00 |
| Nicole K. Serfoss | Department: | Litigation | | | |
| | Licensure: | CO (2005) | $655.00 | 53.3 | $34,911.50 |
| Danielle Coleman | Department: | Litigation | | | |
| | Licensure: | CA (2007) | $650.00 | 86.5 | $56,225.00 |
| Kristin A. Hiensch | Department: | Business Restructuring & | $650.00 | 46.3 | $30,095.00 |

A-6

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| | | Insolvency | | | |
| | Licensure: | CA (2011) | | | |
| | | NY (2007) | | | |
| | Department: | Tax | | | |
| Scott M. Reiber | Licensure: | CA (2006) | $650.00 | 3.9 | $2,535.00 |
| | Department: | Litigation | | | |
| Samuel J.B. Lunier | Licensure: | CA (2007) | $635.00 | 2.5 | $1,587.50 |
| | Department: | Tax | | | |
| Daniel J. Harris | Licensure: | CA (2006) | $625.00 | 148.9 | $93,062.50 |
| | Department: | Business Restructuring & Insolvency | | | |
| Stacy L. Molison | Licensure: | NY (2009) | $625.00 | 388 | $242,500.00 |
| | Department: | Financial Services | | | |
| | Licensure: | MA (2008) | | | |
| Tiffany Ma | | NY (2008) | $625.00 | 1.2 | $750.00 |
| | Department: | Litigation | | | |
| Mathew W. Dos Santos | Licensure: | CA (2006) | $620.00 | 158.1 | $98,022.00 |
| | Department: | Litigation | | | |
| Daniel A. Zlatnik | Licensure: | CA (2008) | $585.00 | 11.2 | $6,552.00 |
| | Department: | Capital Markets | | | |
| | Licensure: | England & Wales (2010) | | | |
| Afia Fening | | South Africa (2006) | $580.00 | 16.6 | $9,628.00 |
| | Department: | Litigation | | | |
| Ariel Francisco Ruiz | Licensure: | NY (2010) | $575.00 | 604.1 | $347,357.50 |
| | Department: | Litigation | | | |
| Jeffrey K. Rosenberg | Licensure: | CA (2009) | $575.00 | 90.1 | $51,807.50 |
| | Department: | Financial Transactions | | | |
| | Licensure: | NY (2010) | | | |
| Joshua C. Pierce | | MA (2010) | $575.00 | 15.6 | $8,970.00 |
| | Department: | Litigation | | | |
| | Licensure: | NY (2010) | | | |
| Leda A. Moloff | | NJ (2009) | $575.00 | 148 | $85,100.00 |
| | Department: | Corporate | | | |
| Luke T. Bagley | Licensure: | NY (2010) | $575.00 | 9.6 | $5,520.00 |
| | Department: | Business Restructuring & Insolvency | | | |
| Meryl L. Rothchild | Licensure: | NY (2010) | $575.00 | 747.3 | $429,697.50 |
| | Department: | Capital Markets | | | |
| Michael J. Rosenberg | Licensure: | NY (2010) | $575.00 | 80.4 | $46,230.00 |
| | Department: | Business Restructuring & Insolvency | | | |
| Naomi Moss | Licensure: | NY (2009) | $575.00 | 829.9 | $477,192.50 |
| | Department: | Litigation | | | |
| Sarah L. Prutzman | Licensure: | NY (2010) | $575.00 | 0.8 | $460.00 |
| | Department: | Litigation | | | |
| Chris Dalton | Licensure: | CA (2009) | $545.00 | 26.5 | $14,442.50 |
| | Department: | Litigation | | | |
| Christopher Sousa | Licensure: | CA (2009) | $545.00 | 39.7 | $21,636.50 |
| | Department: | Litigation | | | |
| | Licensure: | CA (2009) | | | |
| Huzefa N. Kapadia | | DC (2010) | $545.00 | 114.4 | $62,348.00 |
| Javier Serrano | Department: | Litigation | $545.00 | 735.5 | $400,847.50 |

A-7

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| | Licensure: | CA (2007) | | | |
| Jeremy Ben Merkelson | Department:<br>Licensure: | Litigation<br>DC (2010)<br>VA (2009) | $545.00 | 13.3 | $7,248.50 |
| Johanna E. Sheehe | Department:<br>Licensure: | Litigation<br>CA (2012)<br>IL (2009) | $545.00 | 45.6 | $24,852.00 |
| Nathan Cooper | Department:<br>Licensure: | Litigation<br>CA (2008) | $545.00 | 358.4 | $195,328.00 |
| Robert Travis Petraglia | Department:<br>Licensure: | Litigation<br>DC (2009) | $545.00 | 217.9 | $118,755.50 |
| Ying Huang | Department:<br>Licensure: | Corporate<br>CA (2009) | $545.00 | 5.1 | $2,779.50 |
| David A. Ziegler | Department:<br>Licensure: | Litigation<br>NY (2011) | $530.00 | 616.3 | $326,639.00 |
| James A. Newton | Department:<br><br><br>Licensure: | Business Restructuring & Insolvency<br>NY (2011)<br>FL (2009) | $530.00 | 908.5 | $481,505.00 |
| Meimay L. Law | Department:<br>Licensure: | Tax<br>NY (2010) | $530.00 | 21.6 | $11,448.00 |
| Neeraj Kumar | Department:<br>Licensure: | Capital Markets<br>NY (2010) | $530.00 | 153.7 | $81,461.00 |
| Peter Seligson | Department:<br>Licensure: | Capital Markets<br>NY (2012) | $530.00 | 34.9 | $18,497.00 |
| Robert J. Baehr | Department:<br>Licensure: | Litigation<br>NY (2011) | $530.00 | 666.5 | $353,245.00 |
| Steven J. Bleiberg | Department:<br>Licensure: | Capital Markets<br>NY (2009) | $530.00 | 93.3 | $49,449.00 |
| Annabel R. Chang | Department:<br>Licensure: | Litigation<br>CA (2009) | $480.00 | 125.2 | $60,096.00 |
| Ashley M. Washington | Department:<br>Licensure: | Litigation<br>CA (2011) | $480.00 | 6.3 | $3,024.00 |
| Aurora V. Kaiser | Department:<br>Licensure: | Litigation<br>CA (2010) | $480.00 | 17.8 | $8,544.00 |
| Clara Lim | Department:<br>Licensure: | Tax<br>CA (2012)<br>NY (2010) | $480.00 | 131 | $62,880.00 |
| Felicia Marian Gilbert | Department:<br>Licensure: | Litigation<br>CA (2011) | $480.00 | 54 | $25,920.00 |
| Jamie Haruko Kitano | Department:<br>Licensure: | Litigation<br>CA (2009) | $480.00 | 258 | $123,840.00 |
| Jeffrey M. David | Department:<br>Licensure: | Litigation<br>CA (2009)<br>DC (2011) | $480.00 | 60.3 | $28,944.00 |
| Kelly Lowenberg | Department:<br>Licensure: | Litigation<br>CA (2009) | $480.00 | 581.4 | $279,072.00 |
| Kevin M. Coles | Department:<br>Licensure: | Litigation<br>CA (2010) | $480.00 | 57.5 | $27,600.00 |
| Matthew William Janiga | Department:<br>Licensure: | Financial Services Group<br>DC (2010)<br>NY (2009) | $480.00 | 1.5 | $720.00 |

A-8

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| | | VA (2011) | | | |
| Paul L. Navarro | Department: Licensure: | Litigation CA (2010) | $480.00 | 114.9 | $55,152.00 |
| Peter H. Day | Department: Licensure: | Litigation CA (2010) | $480.00 | 875.6 | $420,288.00 |
| Tiffany A. Rowe | Department: Licensure: | Litigation NY (2011) NY (2010) DC (2011) | $480.00 | 162.6 | $78,048.00 |
| Joanna L. Simon | Department: Licensure: | Litigation CA (2010) | $480.00 | 22.6 | $10,848.00 |
| Megan Chauffe Kiefer | Department: Licensure: | Litigation CA (2010) | $480.00 | 42.2 | $20,256.00 |
| Jonathan M. Petts | Department: Licensure: | Business Restructuring & Insolvency NY (2018) | $455.00 | 28.4 | $12,922.00 |
| Laurence Min Yuan | Department: Licensure: | General Finance NY (2010) | $455.00 | 0.9 | $409.50 |
| Melissa M. Crespo | Department: Licensure: | Business Restructuring & Insolvency NY (2012) | $455.00 | 673 | $306,215.00 |
| Andrea Contreras | Department: Licensure: | Litigation CA (2012) | $430.00 | 74.1 | $31,863.00 |
| Elizabeth Balassone | Department: Licensure: | Litigation CA (2011) | $430.00 | 6.4 | $2,752.00 |
| Jonder Ho | Department: Licensure: | Litigation CA (2011) | $430.00 | 8 | $3,440.00 |
| Laura Heiman | Department: Licensure: | Litigation DC (2012) | $430.00 | 33 | $14,190.00 |
| Nicholas A. Datlowe | Department: Licensure: | Litigation DC (2011) VA (2010) | $430.00 | 42.1 | $18,103.00 |
| Andreea R. Vasiliu | Department: Licensure: | Litigation NY (2013) | $395.00 | 303 | $119,685.00 |
| Charlie Mileski | Department: Licensure: | Real Estate NY (2013) | $395.00 | 3.6 | $1,422.00 |
| David J. Goett | Department: Licensure: | Tax NY (2012) | $395.00 | 6.1 | $2,409.50 |
| David N. De Ruig | Department: Licensure: | Tax AZ (2007) CA (2008) | $395.00 | 1.5 | $592.50 |
| Justin B. Kamen | Department: Licensure: | Capital Markets Awaiting Admission | $395.00 | 4.3 | $1,698.50 |
| Monica K. Castro | Department: Licensure: | Litigation Awaiting Admission | $395.00 | 608.9 | $240,515.50 |
| Muhannad R. Al Najjab | Department: Licensure: | Capital Markets Awaiting Admission | $395.00 | 35.9 | $14,180.50 |
| Ashley Nakamura | Department: Licensure: | Litigation CA (2012) | $370.00 | 637.5 | $235,875.00 |
| Dylan James Raife | Department: Licensure: | Litigation CA (2012) | $370.00 | 96.9 | $35,853.00 |

A-9

| Name of Professional Individual | Department and Licensure | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Jeremiah Michael Levine | Department: | Litigation | | | |
| | Licensure: | CA (2012) | $370.00 | 96.8 | $35,816.00 |
| Julie A. Nicholson | Department: | Litigation | | | |
| | Licensure: | CA (2012) | $370.00 | 220.1 | $81,437.00 |
| Michael T. Baldock | Department: | Litigation | | | |
| | Licensure: | CA (2012) | $370.00 | 81.6 | $30,192.00 |
| Natalie Elizabeth Wheatfall | Department: | Litigation | | | |
| | Licensure: | CA (2011) | $370.00 | 371.4 | $137,418.00 |
| Rachelle A. Fernandes | Department: | Real Estate | | | |
| | Licensure: | NY (2012) NJ (2012) | $395.00 | 22.7 | $8,966.50 |
| **Temporary Attorneys[11]** | | | | | |
| Fiona L. McKenna | Department: | Litigation | | | |
| | Licensure: | NY (2005) | $195.00 | 625.4 | $121,953.00 |
| Karen Shelar | Department: | Litigation | | | |
| | Licensure: | NY (2004) | $195.00 | 627.4 | $122,343.00 |
| Laura A. Slezinger | Department: | Litigation | | | |
| | Licensure: | NY (2011) | $195.00 | 725 | $141,375.00 |
| Lisa H. Sherrod | Department: | Litigation | | | |
| | Licensure: | NY (2004) | $195.00 | 811.3 | $158,203.50 |
| Marissa H. Lackey | Department: | Litigation | | | |
| | Licensure: | NY (2005) | $195.00 | 728.1 | $141,979.50 |
| Marshall P. Traster | Department: | Litigation | | | |
| | Licensure: | NY (2007) | $195.00 | 740.7 | $144,436.50 |
| Connor Mocsny | Department: | Litigation | | | |
| | Licensure: | NY (2009) | $195.00 | 663.8 | $129,441.00 |
| **Total Attorneys (Incurred)** | | | | **35,556.30** | **$21,888,619.00** |
| | | | | | |
| **Paraprofessionals** | | | | | |
| | | | | | |
| Eric R. Roberts | Director, Forensic Accounting | | | | |
| | Department: | Litigation | $850.00 | 51 | $43,350.00 |
| Kay Pauley | Senior Policy Analyst | | | | |
| | Department: | Financial Services Group | $395.00 | 0.8 | $316.00 |
| Shruti Chandhok | Department: | Corporate | | | |
| | Licensure: | Awaiting Admission | $390.00 | 16.7 | $ 6,513.00 |
| Anne C. Suffern | Senior Paralegal | | | | |
| | Department: | Business Restructuring & Insolvency | $310.00 | 270.4 | $83,824.00 |
| David W. Ridnell | Senior Paralegal | | | | |
| | Department: | Litigation | $310.00 | 35.9 | $11,129.00 |
| Edgar J. Roberts, III | Senior Paralegal | | | | |
| | Department: | Finance | $310.00 | 71.7 | $22,227.00 |
| John T. Kline | Senior Paralegal | | | | |
| | Department: | Business Restructuring & Insolvency | $310.00 | 83.3 | $25,823.00 |
| Susan A.T. Tice | Senior Paralegal | | $310.00 | 916.4 | $284,084.00 |

---

[11]    Applicant bills temporary attorneys at an hourly rate no greater than those billed by the applicable placement agency.

A-10

| Name of Professional Individual | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| | Department:        Litigation | | | |
| Thomas E. Beyer | Senior Paralegal<br>Department:        Litigation | $305.00 | 11.9 | $3,629.50 |
| Daniel Quevedo | Senior Paralegal<br>Department:        Real Estate | $300.00 | 1.5 | $450.00 |
| Bethany F. DeRuiter | eDiscovery Project Manager<br>Department:        Litigation | $295.00 | 6.4 | $1,888.00 |
| Jessica Elizabeth Taylor | eDiscovery Project Manager<br>Department:        Litigation | $295.00 | 3.1 | $914.50 |
| Laura Antonia Guido | Paralegal<br>Department:        Business Restructuring & Insolvency | $295.00 | 571.1 | $168,474.50 |
| Thuan H. Nguyen | eDiscovery Project Manager<br>Department:        Litigation | $295.00 | 2.8 | $826.00 |
| Vadim Bergelson | eDiscovery Project Manager<br>Department:        Litigation | $295.00 | 265.2 | $78,234.00 |
| Mark T. Smoot | Senior Paralegal<br>Department:        Litigation | $290.00 | 67.5 | $19,575.00 |
| Stephanie A. Lenkey | Paralegal<br>Department:        Litigation | $290.00 | 26.7 | $7,743.00 |
| Elizabeth J. Minnick | Paralegal<br>Department:        Litigation | $285.00 | 11.2 | $3,192.00 |
| Joshua Aaron Roy | Managing Attorney | $285.00 | 11.3 | $3,220.50 |
| David Chan | eDiscovery Analyst<br>Department:        Litigation | $275.00 | 6.4 | $1,760.00 |
| Janell E. Gehrke | Paralegal<br>Department:        Litigation | $275.00 | 7.1 | $1,952.50 |
| Kenneth L. MacCardle | Paralegal<br>Department:        Litigation | $275.00 | 273.6 | $75,240.00 |
| Ronald D. Hasman | eDiscovery Analyst<br>Department:        Litigation | $275.00 | 1 | $275.00 |
| Blake B. Miller | Paralegal<br>Department:        Litigation | $270.00 | 116.7 | $31,509.00 |
| Corey J. Russ | Paralegal<br>Department:        Litigation | $270.00 | 17.1 | $4,617.00 |
| Chris Keener | eDiscovery Analyst<br>Department:        Litigation | $268.00 | 6.7 | $1,795.60 |
| Douglas C. Loi | Paralegal<br>Department:        Litigation | $265.00 | 19.3 | $5,114.50 |
| Joseph L. Gaston | eDisc Analyst<br>Department:        Litigation | $265.00 | 2.3 | $609.50 |
| Ruby R. Grossman | Paralegal<br>Department:        Litigation | $265.00 | 621.3 | $164,644.50 |
| Alonzo Johnson | Paralegal<br>Department:        Litigation | $260.00 | 54.1 | $14,066.00 |
| Carole E. Garner McSweeney | Paralegal<br>Department:        Litigation | $260.00 | 5.3 | $1,378.00 |
| Andrew R. Penacho | Paralegal<br>Department:        Litigation | $255.00 | 0.8 | $204.00 |
| Hazel B. Bradshaw | Paralegal<br>Department:        Litigation | $250.00 | 7 | $1,750.00 |

A-11

| Name of Professional Individual | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Michael J. Rutledge | Senior Paralegal<br>Department:         Finance | $250.00 | 8 | $2,000.00 |
| Olivia J. Puerta | Paralegal<br>Department:         Litigation | $250.00 | 6.6 | $1,650.00 |
| Abhishek Vajpayee | eDiscovery Analyst<br>Department:         Litigation | $250.00 | 11.6 | $2,900.00 |
| Laura M. Coppola | Senior Litigation Docket Specialist<br>Department:         Litigation Docket | $240.00 | 4.7 | $1,128.00 |
| Sherry C. Lau | eDiscovery Analyst<br>Department:         Litigation | $240.00 | 19.5 | $4,680.00 |
| Jason Soo | eDiscovery Analyst<br>Department:         Litigation | $230.00 | 11 | $2,530.00 |
| Stephanie A. Mariani | Paralegal<br>Department:         Litigation | $220.00 | 181.1 | $39,842.00 |
| Lisa B. Seiden | Research Analyst<br>Department:         Library Services | $215.00 | 2.3 | $494.50 |
| Amy Ruth Dietrich | Research Analyst<br>Department:         Library Services | $215.00 | 2 | $430.00 |
| Daniel B. Zeidman | Research Analyst<br>Department:         Library Services | $215.00 | 2.8 | $602.00 |
| Joyce N. Lee | Research Analyst<br>Department:         Library Services | $215.00 | 0.2 | $43.00 |
| Laura Ray | Research Analyst<br>Department:         Library Services | $215.00 | 1 | $215.00 |
| Mary E. Chessler | Research Analyst<br>Department:         Library Services | $215.00 | 2 | $430.00 |
| Mary E. Shackleton | Research Analyst<br>Department:         Library Services | $215.00 | 5.7 | $1,225.50 |
| Michael E. Willens | Research Analyst<br>Department:         Library Services | $215.00 | 0.7 | $150.50 |
| Pamela K. Lewis | Research Services Manager<br>Department:         Library Services | $215.00 | 0.3 | $64.50 |
| Rita A. Kaiser | Information Resources Manager<br>Department:         Library Services | $215.00 | 5 | $1,075.00 |
| Steve Susoyev | Legal Support Specialist<br>Department:         Legal Document Services | $210.00 | 2.3 | $483.00 |
| Emma S. Marshak | Paralegal<br>Department:         Litigation | $205.00 | 5.7 | $1,168.50 |
| James H. Lassiter | Paralegal<br>Department:         Capital Markets | $200.00 | 16.6 | $3,320.00 |
| Adrienne Y. Lee | Paralegal<br>Department:         Litigation | $195.00 | 11 | $2,145.00 |
| Karim Mahmoud | Litigation Docket Specialist<br>Department:         Litigation Docket | $195.00 | 2.9 | $565.50 |
| Krista Friedman | Research Analyst<br>Department:         Library Services | $195.00 | 0.8 | $156.00 |
| Andrea M. Hunt | Research Analyst<br>Department:         Library Services | $180.00 | 1.5 | $270.00 |
| Christina M. Belisario | Research Analyst<br>Department:         Library Services | $180.00 | 1 | $180.00 |
| York Chow | Litigation Docket Specialist<br>Department:         Litigation Docket | $175.00 | 18.4 | $3,220.00 |

A-12

| Name of Professional Individual | Department and Licensure | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| **Total Paraprofessionals (Incurred)** | | | **3,888.3** | **$1,141,296.60** |
| **Total Incurred (All Professionals)** | | | **39,444.6** | **$23,029,915.60** |
| Less Client Accommodations for: | | | | |
| Monthly Fee Statements (100%) | | | | $(97,507.00) |
| Non-Working Travel (50%) | | | | $(126,278.00) |
| Additional Non-Working New York City Travel (100%) | | | | $(1,802.50) |
| Minimal Hours Associates (100%) | | | | $(13,985.50) |
| **Total Fees Requested** | | | | **$22,790,342.60** |

A-13

## EXHIBIT D

### SUMMARY OF EXPENSES INCURRED BY
### MORRISON & FOERSTER LLP ON BEHALF OF THE DEBTORS
### FOR THE PERIOD JANUARY 1, 2013 THROUGH APRIL 30, 2013[12]

| Expenses Category | Amount |
|---|---|
| Postage | $19.88 |
| Photocopies | $6,008.52 |
| Color Copies | $1,415.70 |
| Corporation Service Search Fees | $279.90 |
| Filing Fees | $820.52 |
| Reporting Fees | $13,690.38 |
| Search Fees | $23.33 |
| Expert Fees | $74,874.06 |
| Travel | $114,690.93 |
| EDiscovery Fees | $72,885.92 |
| Court Filing Service | $717.00 |
| Business Meals | $23,575.63 |
| Travel Meals | $3,382.32 |
| Outside Copying Service | $28,876.24 |
| Air Freight | $4,663.75 |
| Messenger Service | $1,910.49 |
| Meeting, Deposition and Interview Expenses | $3,904.99 |
| Document Retrieval Service | $1,014.22 |
| **Total Incurred** | **$352,753.78** |
| Less Additional Meal and Travel Expense Accommodation | $(1,843.34) |
| **Total Requested** | **$350,910.44** |

---

[12]    Applicant has reduced the amount of reimbursement sought for expenses incurred during the Application Period in the aggregate amount of $67,908.98.  Additionally, as an accommodation to the Debtors made in accordance with prepetition practices, Applicant does not charge the Debtors for expenses incurred by Applicant for Lexis or Westlaw research, overtime meals, in-house document preparation fees, or secretarial overtime.