Hearing Date and Time: August 21, 2013 at 10:00 a.m. (ET)<br>
Objection Deadline: August 14, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Naomi Moss

*Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF DEBTORS' MOTION FOR THE ENTRY OF AN ORDER
FURTHER EXTENDING THEIR EXCLUSIVE PERIODS TO FILE A
<u>CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF</u>**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take place on **August 21, 2013 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

ny-1103344

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **August 14, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Lorenzo Marinuzzi, Todd M. Goren and Naomi Moss); (b) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal);

ny-1103344

(h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written objection to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

Dated: August 7, 2013  
       New York, New York

Respectfully submitted,

/s/ Gary S. Lee  
Gary S. Lee  
Lorenzo Marinuzzi  
Todd M. Goren  
Naomi Moss  
MORRISON & FOERSTER LLP  
1290 Avenue of the Americas  
New York, New York 10104  
Telephone: (212) 468-8000  
Facsimile: (212) 468-7900

*Counsel to the Debtors and Debtors in Possession*

ny-1103344

Hearing Date: August 21, 2013 at 10:00 a.m. (ET)
Objection Deadline: August 14, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Lorenzo Marinuzzi
Todd M. Goren
Naomi Moss

*Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DEBTORS' MOTION FOR THE ENTRY OF AN ORDER
FURTHER EXTENDING THEIR EXCLUSIVE PERIODS TO FILE A
<u>CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF</u>**

ny-1102479

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................... 1
JURISDICTION ........................................................................................................................ 4
BACKGROUND ....................................................................................................................... 4
RELIEF REQUESTED .............................................................................................................. 5
BASIS FOR THE RELIEF ........................................................................................................ 5
    A.    The Requested Extension of the Exclusive Periods is Justified by the Size and Complexity of the Debtors' Chapter 11 Cases ................................................. 7
    B.    The Debtors Have Made Good Faith Progress Toward Reorganization and in Negotiations With Creditors ............................................................................... 8
    C.    The Debtors are Using Their Exclusive Periods for a Proper Purpose and Competing Plans Could Derail Efforts to Confirm the Plan .................................. 9
    D.    The Existence of Unresolved Contingencies Warrants a Final Extension of the Exclusive Periods ........................................................................................... 11
    E.    The Other Adelphia Factors Favor an Extension of the Exclusive Periods ......... 12
CONCLUSION ........................................................................................................................ 12
NOTICE ................................................................................................................................... 12
NO PRIOR REQUEST ............................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re Adelphia Commc'ns Corp.*,
  352 B.R. 578 (Bankr. S.D.N.Y. 2006) ................................................................. 6, 7, 8, 9

*In re Ames Dep't Stores, Inc.*,
  No. M-47 (PKL), 1991 WL 259036 (S.D.N.Y. Nov. 25, 1991) ................................... 6

*In re Amko Plastics, Inc.*,
  197 B.R. 74 (Bankr. S.D. Ohio 1996) ........................................................................ 8

*In re Borders Grp., Inc.*,
  460 B.R. 818 (Bankr. S.D.N.Y. 2011) ................................................................ 5, 7, 8

*In re Corvus Corp.*,
  122 B.R. 685 (Bankr. E.D. Va. 1991) ........................................................................ 9

*In re Lexington Precision Corp.*,
  Ch. 11 Case No. 08-11153 (Bankr. S.D.N.Y. Oct. 31, 2008) [Docket No. 457] ...... 8

*In re Lionel L.L.C.*,
  No. 04-17324, 2007 WL 2261539 (Bankr. S.D.N.Y. Aug. 3, 2007) .......................... 7

*In Re Pub. Serv. of New Hampshire*,
  88 B.R. 521 (Bankr. Dist. N.H. 1988) ........................................................................ 6

**STATUTES**

11 U.S.C.
  § 1121(c) ..................................................................................................................... 9
  § 1121(d)(1) ................................................................................................................ 5
  § 1121(d)(2) ................................................................................................................ 5

**OTHER AUTHORITIES**

*Collier on Bankruptcy*, P. 1121.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ........... 10

H.R. Rep. No. 95-595 (1978), *reprinted in* 1978 U.S.C.C.A.N. 6191 ........................................... 7

Novica Petrovski, *The Bankruptcy Code, Section 1121: Exclusivity Reloaded*,
  11 Am. Bankr. Inst. L. Rev. 451 (2003) .................................................................. 10

Transcript of Hearing, *In re Residential Capital, LLC*,
  No. 12-12020 (MG) (Bankr. S.D.N.Y. Sept. 11, 2012) ............................................ 8

Transcript of Hearing, *In re Residential Capital, LLC,*
    No. 12-12020 (MG) (Bankr. S.D.N.Y. Dec. 20, 2012) ............................................................ 8

Transcript of Hearing, *In re Residential Capital, LLC*,
    No. 12-12020 (MG) (Bankr. S.D.N.Y. Mar. 5, 2013) ............................................................. 6

Transcript of Hearing, *In re Residential Capital, LLC*,
    No. 12-12020 (MG) (Bankr. S.D.N.Y. May 7, 2013) ............................................................. 7

iii

ny-1102479

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors")[1] hereby move (the "Motion") for the entry of an order substantially in the form attached hereto as Exhibit 1, further (i) extending the exclusive period during which only the Debtors may file a Chapter 11 plan (the "Exclusive Plan Period") through and including November 14, 2013 and (ii) extending the period during which the Debtors have the exclusive right to solicit acceptances thereof through and including January 14, 2014 (the "Exclusive Solicitation Period" and, together with the Exclusive Plan Period, the "Exclusive Periods").[2] In support of this Motion, the Debtors submit the declaration of Lewis Kruger, Chief Restructuring Officer of the Debtors (the "Kruger Declaration"), filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. As the Court is well aware, following months of intense settlement negotiations, the Debtors and the Official Committee of Unsecured Creditors of Residential Capital, LLC (the "Creditors' Committee") reached consensus on the terms of a Chapter 11 plan (the "Plan Support

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "Whitlinger Affidavit") [Docket No. 6].

[2] On September 11, 2012, the Court entered an order granting an extension of the Debtors' exclusive period to file a plan to December 20, 2012, and granting an extension of the period to solicit votes to February 18, 2013 [Docket No. 1413]. On December 20, 2012, the Court entered an order granting a further extension of the Debtors' exclusive period to file a plan to February 28, 2013, and granting an extension of the period to solicit votes to April 29, 2013 [Docket No. 2489]. On February 22, 2013, the Court entered a bridge order extending exclusivity through and including March 5, 2013 [Docket No. 3007]. On March 5, 2013, the Court entered an order granting a further extension of the Debtors' exclusive period to file a plan to April 30, 2013, and granting an extension of the period to solicit votes to July 1, 2013 [Docket No. 3102]. On April 15, 2013, the Court entered a bridge order extending exclusivity through and including May 7, 2013 [Docket No. 3440]. On May 7, 2013, the Court entered an order granting a further extension of the Debtors' exclusive period to file a plan to June 6, 2013, and granting an extension of the period to solicit votes to August 5, 2013 [Docket No. 3634]. On June 7, 2013, the Court entered a bridge order extending exclusivity through and including June 12, 2013 [Docket No. 3919]. On June 12, 2013, the Court entered an order granting a further extension of the Debtors' exclusive period to file a plan to August 21, 2013, and granting an extension of the period to solicit votes to October 21, 2013 [Docket No. 3958].

ny-1102479

Agreement") that contemplates a substantial contribution from Ally Financial Inc. ("AFI") and is endorsed by individual Creditors' Committee members, and certain additional Consenting Claimants.[3] On July 3, 2013, the Debtors and the Creditors' Committee filed their *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] (the "Plan").[4] The Plan comports with the Plan Support Agreement and terms of the Global Settlement contemplated by the Plan Support Agreement.

2. Pursuant to the Plan Support Agreement, AFI and each of the Consenting Claimants has agreed to support a Chapter 11 plan that provides for, among other things: (i) a $2.1 billion contribution from AFI, comprised of (a) $1,950,000,000 in cash on the effective date of the Plan and (b) $150,000,000, anticipated to come from a settlement between AFI and its insurers, but in any event to be paid by AFI no later than September 30, 2014, in exchange for, among other things, Debtor Releases and Third Party Releases in favor of AFI, (ii) the allocation of proceeds available for distribution to creditors based on a mediated compromise and settlement of disputed intercreditor and interdebtor issues and (iii) the creation of various trusts to provide distributions to creditors and to administer the estates following confirmation of the Plan.

3. The achievement of consensus on the terms of a Chapter 11 plan that has the support of a majority of the Debtors' key stakeholders is a tremendous accomplishment. Because the Debtors' creditors hold extremely divergent interests settling plan issues was not an

---

[3] On May 23, 2013, the Debtors filed the *Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee, and Certain Consenting Claimants* [Docket No. 3814] (the "PSA Approval Motion"). The Court approved the PSA Approval Motion on June 26, 2013 [Docket No. 4098]. Capitalized terms otherwise not defined herein shall have the meanings ascribed to them in the Plan Support Agreement or PSA Approval Motion.

[4] Also on July 3, 2013, the Debtors' and the Creditors' Committee filed the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LCC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157] (the "Disclosure Statement").

2

ny-1102479

easy task. Throughout these cases, the Debtors and their major stakeholders have utilized the Debtors' exclusivity to resolve plan issues and make progress towards their unified goal of confirming a largely consensual Chapter 11 plan. The Plan Support Agreement is a reflection of tireless efforts made, both in and out of mediation, by the Debtors, the Creditors' Committee, its members, the Consenting Claimants, and of the Honorable James M. Peck.[5] The Debtors believe that a further and final extension of exclusivity will allow the parties to successfully conclude these cases and confirm the Plan.

4. The Plan Support Agreement establishes certain plan milestones (the "<u>Milestones</u>"), including (i) Court approval of the Disclosure Statement by August 30, 2013 and (ii) an effective date of 30 days following the confirmation of the Plan, but no later than December 15, 2013.[6] The hearing on the Disclosure Statement is currently scheduled for August 21, 2013 and the Debtors expect that the confirmation hearing will take place in November 2013.[7]

5. Because the Plan was filed prior to the expiration of the Exclusive Plan Period, the Debtors believe that no party can file a competing plan until the current Exclusive Solicitation Period expires, but are seeking an extension of both Exclusive Periods out of an abundance of caution. Moreover, the current Exclusive Solicitation Period expires on October 21, 2013, which coincides with the currently anticipated deadline to vote on the Plan. The Debtors believe that an extension of the Exclusive Solicitation Period beyond the currently anticipated effective date of the Plan is in the best interests of these estates. The filing of

---

[5] On December 26, 2012, the Court appointed the Honorable James M. Peck as mediator [Docket No. 2519].
[6] *See* PSA Approval Motion at 13.
[7] *See* Disclosure Statement at 3.

3

ny-1102479

competing plans prior to the confirmation hearing would undoubtedly serve only to disturb and potentially derail efforts to confirm the Plan.

6. As discussed herein and in the Kruger Declaration, the Debtors have made remarkable progress toward confirmation of a Chapter 11 plan, and are prepared to drive that process to conclusion. Mr. Kruger, the Debtors and their advisors believe that it is appropriate under the unique facts of these cases to further extend exclusivity to allow the Debtors and the Creditors' Committee to prosecute the Plan through confirmation without the potential distraction of competing plans. Accordingly, the Debtors believe that a final extension of the Exclusive Periods is warranted and is in the best interests of these estates.

## JURISDICTION

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 1121(d) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

8. As of May 14, 2012 (the "Petition Date"), the Debtors were a leading residential real estate finance company indirectly owned by AFI, which is not a Debtor. A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit.

9. On the Petition Date, each of the Debtors filed a voluntary petition with the Court for relief under Chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and

1108. These cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). No trustee has been appointed in these Chapter 11 cases.

10.     On May 16, 2012, the United States Trustee for the Southern District of New York appointed the nine member Creditors' Committee.

## RELIEF REQUESTED

11.     The Debtors hereby move the Court, pursuant to section 1121(d) of the Bankruptcy Code, for an order: (a) extending the period during which the Debtors have the exclusive right to file a Chapter 11 plan through and including November 14, 2013, and (b) extending the period during which the Debtors have the exclusive right to solicit acceptances thereof through and including January 14, 2014.

## BASIS FOR THE RELIEF

12.     Sections 1121(b) and (c) of the Bankruptcy Code provide, respectively, that a debtor has the exclusive right to propose a Chapter 11 plan for the first 120 days of a Chapter 11 case and the exclusive right to solicit votes for its plan for an additional 60 days.

13.     Section 1121(d) of the Bankruptcy Code provides that the Court may, "for cause," extend these periods: "on request of a party in interest…and after notice and a hearing, the Court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). However, the 120-day period "may not be extended beyond a date that is 18 months after the [commencement] date…" and the 180-day period "may not be extended beyond a date that is 20 months after the [commencement] date…" 11 U.S.C. § 1121(d)(2).

14.     A decision to extend exclusivity for "cause" is a fact-specific inquiry and the Court has broad discretion in granting such requests. *In re Borders Grp., Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) (in granting an 120-day extension, this Court noted that, "The

determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 586 (Bankr. S.D.N.Y. 2006) (same); *In Re Pub. Serv. of New Hampshire*, 88 B.R. 521, 536 (Bankr. Dist. N.H. 1988) ("Cause may be measured by a more lenient standard in the determination to grant an extension of time in which to gain acceptance to a filed plan than in other circumstances."). "The purpose of the Bankruptcy Code's exclusivity period is to allow the debtor flexibility to negotiate with its creditors." *See In re Ames Dep't Stores, Inc.*, No. M-47 (PKL), 1991 WL 259036, at *3 (S.D.N.Y. Nov. 25, 1991).[8]

15.    Furthermore, a number of courts, including this Court in considering the Debtors' prior requests for extensions of their Exclusive Periods,[9] consider the factors utilized by Judge Gerber in *In re Adelphia Commc'ns Corp.* (the "<u>Adelphia Factors</u>") when determining whether "cause" exists to increase a debtor's exclusivity period. The Adelphia Factors, any one of which alone can justify an extension of exclusivity, include:

>    (a) the size and complexity of the case;
>
>    (b) the necessity for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
>
>    (c) the existence of good faith progress toward reorganization;
>
>    (d) the fact that the debtor is paying its bills as they become due;
>
>    (e) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
>
>    (f) whether the debtor has made progress in negotiations with creditors;
>
>    (g) the amount of time which has elapsed in the case;
>
>    (h) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

---

[8]  A copy of this decision is attached hereto as <u>Exhibit 2</u>.

[9]  *See* Transcript of Hearing at 39, *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Mar. 5, 2013).

(i) whether an unresolved contingency exists.

*In re Borders Grp., Inc.*, 460 B.R. at 822 (citing *In re Adelphia Commc'ns Corp.*, 352 B.R. at 587); *In re Lionel L.L.C.*, No. 04-17324, 2007 WL 2261539, at *6 (Bankr. S.D.N.Y. Aug. 3, 2007);[10] *See* Transcript of Hearing at 78:14-19, *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. May 7, 2013) (the "May 7 Transcript") (considering three of the Adelphia Factors in granting an extension of exclusivity).

16. The Debtors respectfully submit that the facts and circumstances of these Chapter 11 cases satisfy the Adelphia Factors and demonstrate that sufficient cause exists to grant the Debtors' request for a final extension of the Exclusive Periods. None of the Adelphia Factors militates against granting the Debtors a further extension of the Exclusive Periods. As discussed below, the application of the most critical of the Adelphia Factors to the circumstances of these cases demonstrates that a further extension of the Debtors' Exclusive Periods is warranted.

    A.    **The Requested Extension of the Exclusive Periods is Justified by the Size and Complexity of the Debtors' Chapter 11 Cases**

17. The size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive period to file a plan. The legislative history is clear on this point: "[I]f an unusually large company were to seek reorganization under Chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement." H.R. Rep. No. 95-595, at 231, 232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 6191, 6362.

18. As recognized by the Court in connection with the Debtors' prior exclusivity extension requests, the size and complexity of these Chapter 11 cases "weigh heavily in favor" of a further extension of the Exclusive Periods.[11] The complexity of these cases demanded and

---

[10] A copy of this decision is attached hereto as Exhibit 2.
[11] "At least three of the Adelphia factors weigh heavily in favor of granting the request for an extension of exclusivity here: the size and complexity of the case; the existence of good-faith progress towards

7

ny-1102479

still demands the attention of the Debtors and their advisors on monetizing the Debtors' remaining assets, operational issues and prosecuting the Plan through confirmation.

19.  The size and complexity of these Chapter 11 cases alone support the requested extension of the Exclusive Periods.

**B.  The Debtors Have Made Good Faith Progress Toward Reorganization and in Negotiations With Creditors**

20.  Other important[12] Adelphia Factors require an assessment by the Court of a debtor's progress towards rehabilitation, development of a consensual plan and in negotiations with creditors.  *See, e.g. In re Lexington Precision Corp.*, Ch. 11 Case No. 08-11153 (Bankr. S.D.N.Y. Oct. 31, 2008) [Docket No. 457, at 5]; *In re Borders Grp., Inc.*, 460 B.R. at 825; *In re Adelphia Commc'ns Corp.*, 352 B.R. at 588-89; *In re Amko Plastics, Inc.*, 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).

21.  The Debtors believe that they have clearly satisfied these Adelphia Factors.  After months of intense negotiations following approval of the Debtors' major asset sales in November 2012, a series of all-day mediation sessions led by Judge Peck and attended by the Debtors, AFI, the Creditors' Committee, the Debtors' major claimant constituencies, and their respective professionals, and after several more weeks of nearly round-the-clock negotiations, the parties to the mediation reached consensus on the terms of the Plan.  The Plan contemplates a substantial contribution from AFI and is endorsed by the Creditors' Committee and most of the Debtors' largest creditor constituencies.  The unquestionable progress made in developing a

---

reorganization; and whether there remain any unresolved – whether any unresolved contingencies exist."  May 7, 2013 Transcript at 78:14-19.  "It is extremely complicated, because of the number of debtors, the capital structure, the different creditor constituencies."  Transcript of Hearing at 44:24-25, *In re Residential Capital, LLC,* No. 12-12020 (MG) (Bankr. S.D.N.Y. Dec. 20, 2012).

[12] At the hearing held on September 11, 2012, the Court stated that "…whether the debtor has made progress in negotiations with its creditors…it's an important factor."  Transcript of Hearing at 61:11-15, *In re Residential Capital, LLC*, No. 12-12020 (MG) (Bankr. S.D.N.Y. Sept. 11, 2012).

8

Chapter 11 plan with substantial creditor support warrants a further extension of the Exclusive Periods.

22. During the last exclusivity extension, the Debtors and the Creditors' Committee worked hand-in-hand to draft the Plan and the Disclosure Statement. As noted above, the Plan and the Disclosure Statement were filed on July 3, 2013, in accordance with the Milestones set forth in the Plan Support Agreement. The hearing on the Disclosure Statement is scheduled for August 21, 2013. The Debtors expect that the confirmation hearing will occur in November 2013. The Debtors believe that a final extension of exclusivity, as requested herein, will allow the Debtors and the Creditors' Committee to confirm the Plan.

### C. The Debtors are Using Their Exclusive Periods for a Proper Purpose and Competing Plans Could Derail Efforts to Confirm the Plan

23. Courts consider a debtor's motive in determining whether to grant a request for an extension of exclusivity. *See In re Adelphia Commc'ns Corp.*, 352 B.R. at 589. That the Debtors are not seeking to pressure creditors should be obvious by the significant creditor support for the Plan Support Agreement and Plan. During each prior extension of the Debtors' Exclusive Periods, the Debtors worked diligently with parties in interest to achieve consensus on major plan issues. The Debtors intend to utilize a further and final extension of exclusivity to continue these efforts, as they have in the past, and achieve their goal of confirming a largely consensual Chapter 11 plan.

24. Allowing exclusivity to expire while the Debtors are seeking confirmation of a Chapter 11 plan with major creditor support could derail the plan process by distracting parties in interest. While the Debtors believe that competing plans may not be filed during the Exclusive Solicitation Period, they are also seeking an extension of the Exclusive Plan Period out of an abundance of caution. *See, e.g.*, 11 U.S.C. § 1121(c); *In re Corvus Corp.*, 122 B.R.

9

685, 686 (Bankr. E.D. Va. 1991) (denying committee's request to file a plan so long as debtors filed a plan of reorganization prior to expiration of 120-day period and noting that "[i]f the debtor files a plan within the 120 day period, the debtor is given a period of 180 days, commencing on the date the order of relief is entered, during which the debtor may solicit acceptances of its plan . . . . *No other person may file a plan during such periods*.") (citations omitted and emphasis added); Novica Petrovski, *The Bankruptcy Code, Section 1121: Exclusivity Reloaded*, 11 Am. Bankr. Inst. L. Rev. 451, 497 (2003) ("…once a debtor files a plan, no one can file a plan up to 180 days from the order for relief while the debtor seeks acceptance of the plan. Subsection (c)(3) reinstates the exclusivity for a debtor during the process of acceptance of the plan, preventing other parties from filing a plan while the debtor is seeking acceptance of its own plan."); *Collier on Bankruptcy*, P. 1121.04 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) ("During this extended [solicitation] exclusivity period, no other party in interest may file a plan.").

25.    Although the Debtors and the Creditors' Committee filed the Plan within the current Exclusive Plan Period, the confirmation hearing will take place after the current Exclusive Solicitation Period is set to expire on October 21, 2013. As a result, a party may file a competing plan after October 21, 2013. Both in and out of mediation, the parties to the Plan Support Agreement worked tirelessly to accomplish the Global Settlement. The filing of competing plans while the Debtors, Creditors' Committee and Consenting Claimants are preparing for confirmation of the Plan, which is premised on the Global Settlement, would serve only to distract parties in interest. Additionally, the filing of a competing plan could undo much of the progress made to date and threaten confirmation of the Plan. Granting an extension of the Exclusive Periods is not coercive because those creditor constituents that do not support the

Plan will have an opportunity to address the merits of the Plan through the voting and confirmation process.

26. The unnecessary disruption arising from the filing of a competing plan would unquestionably result in the accrual of additional administrative expenses associated with those filings. The Debtors believe that the Plan, which encompasses a near global settlement of major plan issues, will expedite creditor recoveries and facilitate substantial cost savings by obviating continued litigation and expenses associated therewith. A further and final extension of the Debtors' Exclusivity Periods will allow the Debtors and the Creditors' Committee to work towards this goal without distraction.

### D. The Existence of Unresolved Contingencies Warrants a Final Extension of the Exclusive Periods

27. The existence of certain unresolved contingencies warrants a further extension of the Exclusive Periods. Specifically, as discussed in connection with the Debtors' previous exclusivity extension requests, the issue of whether the holders of Junior Secured Guaranteed Notes (the "JSNs") are oversecured and entitled to any postpetition interest remains an important issue that has not been resolved to date. The Debtors, the Creditors' Committee and the JSNs are engaged in ongoing discussions regarding those issues. If they cannot be resolved consensually, the Debtors and the Creditors' Committee are prepared to litigate prior to the Plan confirmation whether in fact the JSNs are entitled to postpetition interest.[13] The initial phase of the JSN Adversary Proceeding is scheduled for October 2013.

---

[13] Two actions were commenced against the JSNs, which have been consolidated by the Court (the "JSN Adversary Proceeding"). On February 28, 2013, the Creditors' Committee commenced an adversary proceeding against UMB Bank, N.A. and Wells Fargo, N.A. (Bankr. S.D.N.Y. Adv. Pro. 13-01277 [Docket No. 1]). On May 3, 2013, the Debtors commenced an adversary proceeding against UMB Bank, N.A., Wells Fargo Bank, N.A. and the Ad Hoc Group (Bankr. S.D.N.Y. Adv. Pro. No. 13-01343 [Docket No. 1].

28. This factor also provides strong support for the Debtors' proposed extension of the Exclusive Periods.

### E. The Other Adelphia Factors Favor an Extension of the Exclusive Periods

29. None of the other Adelphia Factors militates against granting an extension of the Exclusive Periods. The Debtors have been paying their bills as they come due. Just over fifteen months have passed since the Petition Date. In the context of these cases, extending (i) the Debtors' Exclusive Plan Period for approximately 80 days and (ii) the Debtors' Exclusive Solicitation Period for 60 days thereafter to secure confirmation of the Plan is *de minimus*.

## CONCLUSION

30. The Debtors' prospects of successfully achieving their goal of confirming a Chapter 11 plan with significant creditor support will be enhanced if exclusivity is extended to allow the parties to the Plan Support Agreement to focus on prosecuting the Plan without the distraction of competing plans.

31. For the reasons set forth above, the Debtors respectfully submit that cause exists under the Bankruptcy Code and the applicable case law for the requested final extension of the Exclusive Periods.

## NOTICE

32. The Debtors have provided notice of this Motion in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

## NO PRIOR REQUEST

33. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated: August 7, 2013 | /s/ Gary S. Lee<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>Todd M. Goren<br>Naomi Moss<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel to the Debtors and*<br>*Debtors in Possession* |

13

ny-1102479