**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

## DECLARATION OF LEWIS KRUGER IN SUPPORT OF DEBTORS' MOTION FOR THE ENTRY OF AN ORDER FURTHER EXTENDING THEIR EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF

I, Lewis Kruger, being duly sworn, state the following under penalty of perjury:

1.  I am the Chief Restructuring Officer ("<u>CRO</u>") of the above-captioned debtors and debtors and debtors in possession (collectively, the "<u>Debtors</u>"). I submit this declaration (the "<u>Declaration</u>") in support of the *Debtors' Motion for Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "<u>Exclusivity Motion</u>"),[1] filed contemporaneously herewith. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## BACKGROUND

2.  On February 11, 2013, I was appointed by the Debtors to serve as CRO of the Debtors and spearhead the plan process. On the same day, the Debtors filed the *Debtors' Motion Pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code for an Order Authorizing the Debtors to Appoint Lewis Kruger as Chief Restructuring Officer* [Docket No.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Exclusivity Motion.

ny-1103041

2887].[2]  On March 5, 2013, the Court entered an order approving my appointment. [Docket No. 3103].

3.     Prior to my role as CRO, I was a partner and Co-Chair of the Financial Restructuring Group at Stroock & Stroock & Lavan LLP, a law firm that has extensive experience in all aspects of restructuring and insolvency matters.  I have over fifty years of restructuring experience.  I have played a role in many significant reorganization proceedings in the United States, representing debtors, official and ad hoc creditors' committees, financial institutions and acquirers of assets.

4.     I was privy to, and involved in, the plan negotiations among the Debtors and their major stakeholders, as well as entry into the Plan Support Agreement.  Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my discussions and correspondence with the Debtors' employees and professionals and my review of the Plan Support Agreement.

## PLAN PROGRESS

5.     Since my appointment as CRO, the Debtors have made strides towards a consensual reorganization plan.  Along with the Debtors' advisors, one of my primary focuses since appointment as CRO has been to achieve consensus on the terms of a Chapter 11 plan that has broad creditor support and paves the way for the Debtors' exit from bankruptcy protection, while at the same time maximizing recoveries to creditors.  I believe that the progress made in plan negotiations, culminating in the filing of the Plan, warrants a further and final extension of the Exclusive Periods.

---

[2]  The scope of the CRO's authority was modified pursuant to Amendment 1 to the Engagement Letter.  A copy of Amendment 1 to the Engagement Letter as Exhibit 1 was filed with the Court on March 1, 2013 [Docket No. 3074].

6.I believe that a further and final extension of exclusivity will allow the parties to successfully conclude these cases and confirm the Plan.  The Debtors intend to utilize a further extension of exclusivity to continue these efforts, as they have in the past, and achieve their goal of confirming the largely consensual Plan.

7.I believe that the threat of competing plans, as likely or unlikely as that may be, while the Debtors are focused on confirming the Plan would only distract parties in interest.  This could result in delay, and inevitably burden these estates with additional costs and diminish creditor recoveries.  It is my opinion that any such plan or plans could not offer a greater return to creditors than that contemplated in the Plan.

8.I am confident that a further extension of exclusivity is in the best interests of these estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.


Dated:  August 7, 2013/s/ Lewis Kruger
New York, New YorkLewis Kruger