## **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------
| )
In re:                                      | )      Case No. 12-12020 (MG)
                                            | )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,    | )      Chapter 11
                                            | )
                                            | )      Jointly Administered
Debtors.                                    | )
-------------------------------------------------------------------------

**CERTIFICATION UNDER GUIDELINES FOR FEES AND**
**DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF**
**THIRD INTERIM APPLICATION OF CARPENTER LIPPS & LELAND**
**LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED**
**FOR THE PERIOD JANUARY 1, 2013 THROUGH APRIL 30, 2013**

I, David A. Beck, hereby certify that:

1.      I am Of Counsel with the applicant firm, Carpenter Lipps & Leland LLP (the

"**Firm**"), and am authorized to make this Certification on behalf of the Firm which serves as

special litigation counsel to Residential Capital, LLC, *et al.*, as debtors and debtors in possession

(collectively, the "**Debtors**").

2.      This certification is made in respect of the Firm's compliance with the *Amended*

*Guidelines for Fees and Disbursements for Professionals in Southern District of New York*

*Bankruptcy Cases*, Administrative Order M-447, adopted by the Court on January 29, 2013 (the

"**Local Guidelines**"), the *United States Trustee Guidelines for Reviewing Applications for*

*Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on*

*January 30, 1996* (the "**UST Guidelines**") and the *Order to Establish Procedures for Interim*

*Monthly Compensation and Reimbursement of Expenses of Professionals* (the "**Interim**

**Compensation Order**") (Docket No. 172), and collectively with the Local Guidelines and UST

Guidelines, the "**Guidelines**"), in connection with the Firm's application, dated August 7, 2013

(the "**Application**"), for interim compensation and reimbursement of expenses for the period

commencing January 1, 2013 through and including April 30, 2013, in accordance with the

Guidelines.

3.      In respect of Section B.1 of the Local Guidelines, I certify that:

(1)      I have read the Application;

(2)      to the best of my knowledge, information, and belief
formed after reasonable inquiry, the fees and expenses
sought fall within the Guidelines;

(3)      subject to certain discounts agreed to with the Debtors, the
fees and disbursements sought are billed at rates and in
accordance with practices customarily employed by the
Firm and generally accepted by the Firm's clients; and

(4)      in providing the reimbursable expenses reflected in the
Application, the Firm did not make a profit on those
services, whether performed by the Firm in-house or
through a third party.

4.      In respect of Section B.2 of the Local Guidelines and as required by the Interim

Compensation Order, I certify that the Firm has served by overnight delivery on the parties

specified on the Interim Compensation Order the monthly fee statements referenced in the

summary section of the Application on the dates specified in the Application.

5.      In respect of Section B.3 of the Local Guidelines, I certify that each of the

Debtors, their attorneys, and the United States Trustee for the Southern District of New York is

being served with a copy of the Application.

6.      In accordance with the requests of the Court at the hearing on December 20, 2012,

I certify to the following with respect to the compensation and reimbursement of expenses

requested in the Fee Application:

(1)      All fees billed to the client for air travel reflect coach or
economy class tickets;

    (2)      CLL is not requesting reimbursement of out-of-town travel meals in excess of $20.00 per person per meal (CLL does not charge the estate for meals working late at its home offices);

    (3)      CLL passes through contract document attorney charges at the cost charged by the third-party service provider;

    (4)      CLL does not charge for in-house copying, outside vendor invoices were passed through at cost; and

    (5)      Taxi charges involving travel within New York City reflect travel to or from the airport or where voluminous materials were taken to Court.

Dated: August 7, 2013

/s/ David A. Beck
David A. Beck
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Phone:  (614) 365-4100
Fax:  (614) 365-9145

*Special Litigation Counsel to the Debtors and Debtors in Possession*