Hearing Date and Time:  September 11, 2013 at 10:00 a.m. (Eastern Time)
Objection Deadline:  August 28, 2013 at 4:00 p.m. (Eastern Time)

**LEONARD, STREET AND DEINARD**
*Professional Association*
Robert T. Kugler, Esq.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

*Special Minnesota Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al.,[1] | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

**FIRST INTERIM APPLICATION OF LEONARD, STREET AND DEINARD PROFESSIONAL ASSOCIATION, SPECIAL MINNESOTA COUNSEL TO THE EXAMINER, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM APRIL 15, 2013 THROUGH AND INCLUDING APRIL 30, 2013**

| | |
|---|---|
| Name of Applicant: | Leonard, Street and Deinard Professional Association |
| Authorized to Provide Professional Services To: | The Examiner |
| Date of Retention: | April 29, 2013, *nunc pro tunc* to April 15, 2013 |
| Period for Which Compensation and Reimbursement is Sought: | April 15, 2013 through and including April 30, 2013 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $88,103.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $2,345.00 |

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

This is a(n):     _____ Monthly        __x__ Interim      _____ Final Application

Dated:  Minneapolis, Minnesota
        August 7, 2013

**LEONARD, STREET AND DEINARD**
*Professional Association*

By: */s/ Robert T. Kugler*
     Robert T. Kugler, Esq.
     150 South Fifth Street, Suite 2300
     Minneapolis, MN 55402
     Telephone:  (612) 335-1500
     Facsimile:  (612) 335-1657

     *Special Minnesota Counsel for the Examiner*

2

**Prior Monthly Fee Statement**[2]**:**

| Date Served | Period Covered | Fees Requested | Expenses Requested | Fees Approved (80%) | Expenses Approved |
| --- | --- | --- | --- | --- | --- |
| 6/17/2013 | 4/15/2013 - 4/30/2013 | $88,103.00 | $2,345.00 | $70,482.40 | $2,345.00 |

---

[2]    Both a redacted and unredacted copy of the Monthly Fee Statement was provided to the U.S. Trustee.  Leonard Street requested that the U.S. Trustee destroy the unredacted copy of the Monthly Fee Statement following the U.S. Trustee's review.

3

**Hearing Date and Time:  September 11, 2013 at 10:00 a.m. (Eastern Time)**
**Objection Deadline:  August 28, 2013 at 4:00 p.m. (Eastern Time)**

**LEONARD, STREET AND DEINARD**
*Professional Association*
Robert T. Kugler, Esq.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

*Special Minnesota Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

**FIRST INTERIM FEE APPLICATION OF LEONARD, STREET AND DEINARD PROFESSIONAL ASSOCIATION FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL MINNESOTA COUNSEL FOR THE EXAMINER FOR THE PERIOD FROM APRIL 15, 2013 THROUGH APRIL 30, 2013**

TO:    THE HONORABLE MARTIN GLENN
       UNITED STATES BANKRUPTCY JUDGE:

Leonard, Street and Deinard Professional Association (the "Applicant" or "Leonard Street"), as special Minnesota counsel in these chapter 11 cases (the "Chapter 11 Cases"), hereby submits its first interim application for compensation (the "Application"), pursuant to Sections 330(a) and 331 of title 11, United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

Bankruptcy Rules for the Southern District of New York (the "Local Bankruptcy Rules"), for the interim allowance of compensation for professional services performed by Leonard Street for the period commencing April 15, 2013 through and including April 30, 2013 (the "First Interim Fee Period"), and for reimbursement of its actual and necessary expenses incurred during the First Interim Fee Period, and in support thereof, respectfully represents as follows:

### JURISDICTION

1.     This Court has subject matter jurisdiction to consider and determine this Application pursuant to 28 U.S.C. §§ 157 and 1334.

2.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

### BACKGROUND

3.     The Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code on May 14, 2012, and the Court authorized joint administration of the cases.  The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.     On June 4, 2012, Berkshire Hathaway, Inc. filed a motion (the "Examiner Motion") for the appointment of an examiner pursuant to 11 U.S.C. § 1104(c).  On June 20, 2012, the Court issued a Memorandum Opinion and Order granting the Examiner Motion (the "Memorandum Decision").  On June 28, 2012, the Court entered the Order Directing the Appointment of an Examiner Pursuant to Section 1104(c) of the Bankruptcy Code (the "Examiner Order").

5.     On July 3, 2012, the United States Trustee for the Southern District of New York appointed Arthur J. Gonzalez as Examiner in the Chapter 11 Cases (the "Examiner"), subject to

2

Court approval.   On that same date, the Court entered an order approving the Examiner's appointment.

6.      Pursuant to the Examiner Order, and in accordance with the Memorandum Decision, the Examiner was directed to conduct an investigation of a scope, timing, and budget to be set by the Court after the Examiner had conferred with other parties in interest.  Examiner Order at p. 2.  After the requisite consultations, the Court mandated that the Examiner conduct an investigation covering the topics set forth in the Order Approving Scope of Investigation of Arthur J. Gonzalez, Examiner, dated July 27, 2012 (the "Scope Order").

7.      On April 19, 2013, the Examiner filed an Application for Order Authorizing the Retention and Employment of Leonard, Street and Deinard Professional Association as Special Minnesota Counsel to the Examiner *Nunc Pro Tunc* to April 15, 2013.  On April 29, 2013, the Court entered an order (the "Retention Order") approving Leonard Street's retention.

8.      On May 13, 2013, the Examiner filed his report under seal.  On June 26, 2013, the Court entered its Order Unsealing the Examiner's Report.

9.      On July 3, 2013, the Debtor field the Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Plan").

## PRELIMINARY STATEMENT AND RETENTION OF LEONARD STREET

10.     The Examiner determined that certain transactions under investigation pursuant to the Scope Order may be governed by the Uniform Fraudulent Transfer Act as enacted in Minnesota (the "Minnesota UFTA").   Pursuant to the Retention Order, the Debtors were authorized and empowered to employ and retain Leonard Street as special Minnesota counsel to the Examiner, to assist and advise the Examiner with respect to matters of Minnesota law that may be relevant to the Examiner's investigation, including issues arising under the Minnesota UFTA.  The Retention Order provided that the employment of Leonard Street was necessary for

3

9895970v3

the conclusion of the Examiner's investigation and in the best interests of the Debtors, their estates and creditors.

11.     The Retention Order authorized Leonard Street to receive compensation upon appropriate application pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable guidelines.

## COMPLIANCE WITH GUIDELINES AND ORDER GOVERNING APPLICATIONS FOR PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES

12.     This Application has been prepared in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447, dated January 29, 2013 (the "Local Guidelines"), the United States Trustee Fee Guidelines – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST Guidelines", and together with the Local Guidelines, the "Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 797) (the "Interim Compensation Order").  Pursuant to the Local Guidelines, a certification of Robert T. Kugler regarding compliance with the same is attached as Exhibit A hereto.  The Examiner has been provided with a copy of the Application for review and will have completed such review prior to the hearing on the Application.

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

13.     Leonard Street seeks first interim allowance of fees for professional services rendered during the First Interim Fee Period in the aggregate amount of $88,103.00 (the "First Interim Fees") and reimbursement of expenses incurred in connection with rendition of those services in the aggregate amount of $2,345.00 (the "First Interim Expenses").  During the First

4

Interim Fee Period, Leonard Street's attorneys expended a total of approximately 223.70 hours for which compensation is requested.

14.    There is no agreement or understanding between Leonard Street and any other person, other than members of Leonard Street, for the sharing of compensation to be received for services rendered to the Examiner in connection with these Chapter 11 Cases.

15.    The fees charged by Leonard Street in these Chapter 11 Cases are billed in accordance with its existing billing rates and procedures set forth in the Retention Application in effect during the First Interim Fee Period.

16.    Leonard Street's hourly rates for the services rendered by its professionals in these Chapter 11 Cases are the same rates that Leonard Street charges for professional services rendered in comparable bankruptcy and non-bankruptcy matters.  Leonard Street's fees are based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

17.    Pursuant to the Guidelines, annexed hereto as <u>Exhibit B</u> is a schedule setting forth the name, applicable billing rate and title for each professional employed by Leonard Street who performed services in these Chapter 11 Cases during the First Interim Fee Period, the year in which each attorney was first admitted to practice law, and the total hours billed and total amount of billing for each professional during the First Interim Fee Period.

18.    Pursuant to the Guidelines, annexed hereto as <u>Exhibit C</u> is a schedule listing the categories of expenses for which Leonard Street is seeking reimbursement and the total amount for each such expense category.  All of Leonard Street's expenses for which reimbursement is requested are expenses which Leonard Street customarily charges its non-bankruptcy clients.  All of the expenses for which reimbursement is sought are expenses actually incurred by Leonard

5

Street and necessarily incurred in connection with these Chapter 11 Cases.  Leonard Street made the following voluntary reductions and does not seek reimbursement for expenses incurred (a) for local transportation/parking expenses in the amount of $11.00; and (b) meals expenses in the amount of $18.41.

19.    Pursuant to the UST Guidelines, annexed hereto as Exhibit D is a summary of Leonard Street's time billed during the First Interim Fee Period, broken down by project categories as hereinafter described.

20.    Leonard Street maintains computerized records of the time spent by all of Leonard Street's attorneys in connection with its representation of the Examiner.  These records were used to prepare detailed time descriptions in accordance with the Guidelines, organized by project/matter number, and summarized in Exhibit D.  These detailed time records, along with the detailed listings of the expenses incurred in connection with the services rendered, were submitted to the "Notice Parties" specified in the Interim Compensation Order as part of the Monthly Fee Statement (defined below).  Redacted copies of the time records for the First Interim Fee Period reported in chronological order under each respective project/matter number are annexed hereto as Exhibit E.

21.    Leonard Street has provided the appropriate Notice Parties with a Monthly Fee Statement for which compensation is sought pursuant to the Interim Compensation Order established in these Chapter 11 Cases.  For the fees and expenses requested during the First Interim Fee Period, Leonard Street provided Notice Parties with the following monthly fee statement:

    a.    For April 15, 2013 through April 30, 2013, fees of $88,103.00 and expenses of $2,345.00 (the "Monthly Fee Statement" or the "April Fee Statement").

6

9895970v3

22.    In total, Leonard Street has submitted one Monthly Fee Statement during the First Interim Fee Period for fees of $88,103.00 and expenses of $2,345.00.

23.    The deadline to timely object to Leonard Street's Monthly Fee Statement was July 8, 2013.  No objections have been made to Leonard Street's Monthly Fee Statement.

24.    Prior to the service of the Monthly Fee Statement, Leonard Street conducted an internal review of fees and expenses incurred during that month.  As a result of such review, Leonard Street made certain reductions in its billing judgment and made voluntary reductions of $11.00 for local transportation/parking expenses and $18.41 for meals expenses.

25.    In accordance with the Interim Compensation Order, Leonard Street sought payment for 80% of its fees and 100% of its expenses incurred.  With respect to the Monthly Fee Statement, if no objection to the fees or expenses sought by Leonard Street was received on or before July 8, 2013, the Debtors were authorized to promptly pay 80% of the fees and 100% of the expenses identified in the Monthly Fee Statement.  On or about July 16, 2013, Leonard Street received payment on account of its Monthly Fee Statement in the amount of $72,827.40, representing 80% of fees ($70,482.40) and 100% of expenses ($2,345.00) requested.

26.    In total, therefore, pursuant to this Application, Leonard Street respectfully requests that the Court enter an order awarding Leonard Street, on a first interim basis, fees in an aggregate amount of $88,103.00, and the reimbursement of actual and necessary expenses Leonard Street incurred during the First Interim Fee Period in the aggregate amount of $2,345.00.

27.    The Examiner has reviewed and approved the Application.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

28.    The professional services for which compensation is requested were rendered solely in connection with the Examiner's investigation pursuant to the Scope Order and at the

9895970v3

Examiner's request.  The services performed were reasonable and necessary for the Examiner's investigative duties pursuant to the Scope Order and beneficial at the time the services were rendered.  All services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed.

29.     The principal shareholders, counsel and associates of Leonard Street who have rendered professional services in these cases during the First Interim Fee Period are: Robert T. Kugler (Shareholder), Bryant D. Tchida (Shareholder), Edwin H. Caldie (Associate), Peter J. Schwingler (Associate), Phillip J. Ashfield (Associate) and Jennifer L. Olson (Associate).

30.     The compensation requested is consistent with the nature and extent of the services rendered for the Examiner during the First Interim Fee Period, the size and complexity of the Debtors' Chapter 11 Cases, the time, labor and special expertise required, and other related factors.  The compensation requested is reasonable based on the customary compensation charged by comparably skilled practitioners in this and other firms in non-bankruptcy cases.  As such, the compensation is reasonable within the meaning of sections 330 and 331 of the Bankruptcy Code.

31.     Leonard Street has played an active role during the First Interim Fee Period.  To support these results, Leonard Street provided substantial assistance and advice to the Examiner in his investigation of matters involving Minnesota law, including issues arising under the Minnesota UFTA.

32.     The legal services rendered by Leonard Street during the First Interim Fee Period are summarized below.  The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services have been fully set forth in the time records submitted to the Notice Parties in the Monthly Fee

8

Statement.  Rather, in compliance with the Guidelines, the following summary highlights certain areas in which services were rendered by Leonard Street to and for the benefit of the Examiner, and identifies some of the issues to which Leonard Street devoted significant time and efforts during the First Interim Fee Period.

33.    The summary is divided according to the project/matters that Leonard Street created to reflect the tasks that it has been requested to perform for the Examiner in connection with these Chapter 11 Cases.    Nevertheless, under the circumstances, and given the interconnectedness of the issues in these Chapter 11 Cases, certain of these categories may overlap with each other.

**A.    Matters of Minnesota Law Relevant to the Examiner's Investigation**

**Matter No. 1**
**(Fees: $84,571.00/Hours Billed: 214.30)**

34.    This category includes services pertaining to assisting and advising the Examiner on aspects of Minnesota law pertinent to his investigation, including the research and analysis of issues under the Minnesota UFTA.  This matter includes services pertaining to examining and analyzing certain documents and factual analysis pertinent to Leonard Street's retention; conducting extensive legal research and analysis regarding the Minnesota UFTA and potential claims under Minnesota law; analyzing strategy with primary counsel for the Examiner and reporting on research findings and development of analysis; participating in strategy conferences with primary counsel for Examiner; preparing memorandum analyzing certain aspects of the Minnesota UFTA; analyzing and preparing research summaries for primary counsel for the Examiner; identifying other necessary research issues; addressing follow-up questions and communicating with primary counsel for the Examiner regarding interpretation of relevant case

9

law; and researching and analyzing case law and other relevant authority pertinent to aspects of the Examiner's investigation implicating Minnesota law.

35.    The professionals that rendered services on this project are as follows: Robert T. Kugler (Shareholder), Bryant D. Tchida (Shareholder), Edwin H. Caldie (Associate), Peter J. Schwingler (Associate), Phillip J. Ashfield (Associate) and Jennifer L. Olson (Associate).

**B.    Fee/Retention Applications**

**Matter No. 2**
**(Fees: $3,532.00/Hours Billed: 9.40)**

36.    This category includes services pertaining to preparing Leonard Street's employment application; drafting and revising the declaration in support of Leonard Street's employment application; communicating with primary counsel for the Examiner regarding retention issues; reviewing the status of Leonard Street's retention application; revising the exhibit in support of Leonard Street's application documents regarding the disclosure of connections with various parties in interest; and analyzing issues relating to fee applications and discussing same with primary counsel for the Examiner.

37.    The professionals that rendered services on this project are as follows: Robert T. Kugler (Shareholder), and Edwin H. Caldie (Associate).

## STATEMENT OF LEONARD STREET

38.    The foregoing professional services performed by Leonard Street were appropriate and necessary.  The professional services were in the best interests of the Debtors, creditors, the Debtors' estates and other parties-in-interest and performed at the request of the Examiner.  Compensation for the foregoing professional services as requested is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.  The professional services were performed in an appropriately expeditious and efficient manner.

9895970v3

39.    The professional services performed by Leonard Street on behalf of the Examiner during the First Interim Fee Period required an aggregate expenditure of approximately 223.70 recorded hours by Leonard Street's professionals.   Of the aggregate time expended, 76.20 recorded hours were expended by shareholders, and 147.50 recorded hours were expended by associates of Leonard Street.

40.    During the First Interim Fee Period, Leonard Street's hourly billing rates for attorneys ranged from $300.00 to $545.00 per hour.  Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $393.85 per hour (based upon 223.70 recorded hours for attorneys at Leonard Street's regular billing rates in effect at the time of the performance of professional services).  As noted, attached hereto in Exhibit B is a schedule listing each Leonard Street professional who performed services in these Chapter 11 Cases during the First Interim Fee Period, the hourly rate charged by Leonard Street for services performed by each individual, and the aggregate number of hours and charges by each individual.  Leonard Street's fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases.

**ACTUAL AND NECESSARY EXPENSES OF LEONARD STREET**

41.    As set forth in Exhibit C hereto, Leonard Street has disbursed $2,345.00 in expenses incurred in providing professional services during the First Interim Fee Period. Leonard Street has adopted more stringent guidelines and procedures for billing its expenses incurred in these Chapter 11 Cases in comparison to expenses routinely billed to and paid by Leonard Street's clients.  For example, Leonard Street has not sought reimbursement for any costs associated with travel, overnight lodging or long-distance telephone calls.  This has resulted in a significant savings and benefit to the estate, as the needs of the Examiner often

11

demanded that Leonard Street attorneys participate in meetings and conferences and incur long-distance telephone charges due to the locations of the Examiner and the Examiner's professionals.

42.     With respect to photocopying expenses, Leonard Street charges $0.20 per page. In accordance with the Guidelines, however, Leonard Street will only seek reimbursement for photocopying expenses at $0.10 per page.  Leonard Street does not charge for facsimile transmissions, other than the cost of long distance facsimiles at applicable toll charge rates (and for which Leonard Street is not seeking reimbursement).  Each of the categories of expenses for which Leonard Street seeks reimbursement does not exceed the maximum rate set by the Guidelines.  Leonard Street's regular practice is not to include components for those charges in overhead when establishing its billing rates and to charge clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.  These expenses are routinely billed to and paid by Leonard Street's clients.  A determination of Leonard Street's actual expenses per page for photocopying is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.  However, Leonard Street generally does not make a profit on this service.

43.     Leonard Street has made every effort to minimize its disbursements in these cases and, as described above, to voluntarily reduce the categories of expenses for which it has sought reimbursement.  The First Interim Expenses relate entirely to legal research costs incurred in providing professional services at the request of the Examiner and were absolutely necessary, reasonable, and justified under the circumstances to enable Leonard Street to serve the needs of the Examiner.

9895970v3

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

44.    Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of 11 U.S.C. § 330 to govern the Court's award of such compensation. See 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under 11 U.S.C. § 328 "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." See 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . , the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including —
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
>
> 11 U.S.C. § 330(a)(3).

45.    Here, Leonard Street respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for, beneficial to, and in the best interests of, the Debtors and the Debtors' estates.  Leonard Street

13

further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Examiner. The services rendered by Leonard Street were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved. Leonard Street respectfully submits that approval of the compensation sought herein is warranted.

## NOTICE

46.     Notice of this Application has been provided in accordance with the Interim Compensation Order to (i) counsel for the Debtors, Morrison & Foerster LLP (Attn: Larren M. Nashelsky, Gary S. Lee and Lorenzo Marinuzzi); (ii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (iii) counsel for the Official Committee of Unsecured Creditors, c/o Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn: Kenneth H. Eckstein and Douglas H. Mannal); (iv) counsel for Ally Financial Inc., Kirkland & Ellis, 601 Lexington Avenue, New York, NY 10022 (Attn: Richard M. Cieri and Ray C. Schrock); and (v) counsel for Barclays Bank PLC, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, NY 10036 (Attn: Kenneth S. Ziman and Jonathan H. Hofer).  In light of the nature of the relief requested herein, Leonard Street submits that no further or other notice is required.

## NO PRIOR REQUEST

47.     No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, Leonard Street respectfully requests that the Court enter an order (i) authorizing compensation in the amount of $88,103.00 for professional services rendered and

14

9895970v3

reimbursement of actual and necessary expenses incurred in connection therewith in the amount

of $2,345.00 for a total fee and expense request for the First Interim Fee Period of $90,448.00;

(ii) authorizing and directing the Debtors to remit payment to Leonard Street as set forth herein,

less all amounts previously paid on account of such fees and expenses; and (iii) granting such

other and further relief as this Court deems just and proper.


Dated:  August 7, 2013

*/s/  Robert T. Kugler*
Robert T. Kugler, Esq.
**LEONARD, STREET AND DEINARD**
  *Professional Association*
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
Facsimile:  (612) 335 1657

*Special Minnesota Counsel for the Examiner*

15

**EXHIBIT A**

**Certification of Robert T. Kugler**

**LEONARD, STREET AND DEINARD**
*Professional Association*
Robert T. Kugler, Esq.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Facsimile:  (612) 335-1657

*Special Minnesota Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,[1]<br><br>                     Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

## CERTIFICATION OF ROBERT T. KUGLER

I, Robert T. Kugler, hereby certify that:

1.      I am a shareholder of Leonard, Street and Deinard Professional Association (the "Applicant" or "Leonard Street") and special Minnesota counsel to the Examiner in these chapter 11 cases (the "Chapter 11 Cases").

2.      I make this certification in support of the First Interim Fee Application of Leonard, Street and Deinard Professional Association for Allowance of Compensation for Services Rendered and Reimbursement of Expenses Incurred as Special Minnesota Counsel for the Examiner for the Period From April 15, 2013 through April 30, 2013 (the "Application").

---

[1]    The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012.  Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

1

3.      I am responsible for ensuring compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases pursuant to General Order M-447, dated January 29, 2013 (the "Local Guidelines"), the United States Trustee Fee Guidelines – Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST Guidelines") and the Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (Docket No. 797) (the "Interim Compensation Order," and together with the Local Guidelines and UST Guidelines, the "Guidelines").

4.      I have read the Application and to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

5.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expenses sought are billed at rates and in accordance with practices customarily employed by Leonard Street and generally accepted by Leonard Street's clients.

6.      In providing a reimbursable service, Leonard Street generally does not make a profit on the service, whether the service is performed in-house by Leonard Street or through a third party.

7.      Leonard Street has provided monthly statements of Leonard Street's fees and disbursements in accordance with the Local Guidelines by serving monthly statements in accordance with the Interim Compensation Order.  Counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") have been provided a statement of Leonard Street's fees and disbursements accrued during the previous month.

2

8.      The Debtors, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors and the U.S. Trustee are each being provided with a copy of the Application at least fourteen days before the hearing on the Application.

9.      The Examiner has reviewed and approved the Application.

Dated:   August 7, 2013

                                                 */s/ Robert T. Kugler*
                                                   Robert T. Kugler, Esq.

9895970v3

**EXHIBIT B**

**SUMMARY OF FIRST INTERIM APPLICATION OF LEONARD, STREET AND
DEINARD PROFESSIONAL ASSOCIATION FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED FOR THE PERIOD
FROM APRIL 15, 2013 THROUGH APRIL 30, 2013**

| Name of Professional (SHAREHOLDERS and OF COUNSEL) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 1988 | 57.4 | $545.00 | $31,283.00 |
| Bryant D. Tchida | Shareholders | 2001 | 18.8 | $425.00 | $7,990.00 |
| **Grand Total** | | | **76.2** | | **$39,273.00** |

| Name of Professional (ASSOCIATES) | Title | Year Admitted to Bar | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|---|
| Edwin H. Caldie | Associate | 2004 | 36.0 | $360.00 | $12,960.00 |
| Peter J. Schwingler | Associate | 2008 | 23.1 | $360.00 | $8,316.00 |
| Phillip J. Ashfield | Associate | 2008 | 36.7 | $300.00 | $11,010.00 |
| Jennifer L. Olson | Associate | 2010 | 51.7 | $320.00 | $16,544.00 |
| **Grand Total** | | | **147.5** | | **$48,830.00** |

| Professionals Total | Total Hours Billed | Total Compensation |
|---|---|---|
| Shareholders | 76.2 | $39,273.00 |
| Associates | 147.5 | $48,830.00 |
| **Total** | **223.7** | **$88,103.00** |
| **Blended Attorney Rate** | | **$393.85** |

**EXHIBIT C**

**Summary of Expenses/Disbursements**

| EXPENSES – Description | AMOUNT |
|---|---|
| Computer-Assisted Research | $2,345.00 |
| **Total Disbursements** | $2,345.00[1] |

---

[1]    Leonard Street made the following voluntary reductions and does not seek reimbursement for expenses incurred (a) for local transportation/parking expenses in the amount of $11.00; and (b) meals expenses in the amount of $18.41.

**EXHIBIT D**

**Summary of Time by Billing Category from April 15, 2013 through April 30, 2013**

| MATTER NO. | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 1 | Matters of Minnesota Law Relevant to the Examiner's Investigation | 214.3 | $84,571.00 |
| 2 | Fee/Retention Applications | 9.4 | $3,532.00 |
| **TOTAL** | | **223.7** | **$88,103.00** |

**Matter No. 1 – Matters of Minnesota Law Relevant to the Examiner's Investigation**

| Name | Title | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 56.60 | $545.00 | $30,847.00 |
| Bryant D. Tchida | Shareholder | 18.8 | $425.00 | $7,990.00 |
| Edwin H. Caldie | Associate | 27.4 | $360.00 | $9,864.00 |
| Peter J. Schwingler | Associate | 23.1 | $360.00 | $8,316.00 |
| Phillip J. Ashfield | Associate | 36.7 | $300.00 | $11,010.00 |
| Jennifer L. Olson | Associate | 51.7 | $320.00 | $16,544.00 |
| **Total** | | **214.3** | | **$84,571.00** |

**Matter No. 2 – Fee/Retention Applications**

| Name | Title | Total Hours Billed | Hourly Rate | Total Compensation |
|---|---|---|---|---|
| Robert T. Kugler | Shareholder | 0.8 | $545.00 | $436.00 |
| Edwin H. Caldie | Associate | 8.6 | $360.00 | $3,096.00 |
| **Total** | | **9.4** | | **$3,532.00** |

**EXHIBIT E**

**Copies of the detailed time records for the First Interim Fee Period in chronological order
under each project code.**

# LEONARD STREET AND DEINARD

Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402

## CONFIDENTIAL

Arthur Gonzalez as Court Appointed Examiner for
Residential Capital, LLC and Affiliated Debtors
c/o Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112

| | |
|---|---|
| Invoice Number | 565780 |
| Invoice Date | 06/10/13 |
| Matter Number | 71359.00001 |

### THIS INVOICE IS PAYABLE UPON RECEIPT

For professional services rendered through April 30, 2013 in connection with
ResCap LLC:

### REDACTED

| Date | Tkpr | | Hours | Value |
|---|---|---|---|---|
| 04/15/13 | RTK | Analyze status and strategy regarding Minnesota issues (1.1). | 1.10 | 599.50 |
| | RTK | Participate in telephone conference with Howard Seife and David LeMay regarding strategy for development issues (.3). | 0.30 | 163.50 |
| | RTK | Review documents : | 2.90 | 1,580.50 |
| 04/16/13 | EHC | Examine factual analysis | 1.10 | 396.00 |
| | RTK | Analyze _____ and other documents | 3.80 | 2,071.00 |
| | RTK | Review status and strategy for conducting research regarding Minnesota law (.6). | 0.60 | 327.00 |
| | JLO | Participate in strategy conference with PJS regarding necessary research and potential claims based on Minnesota law (.2). | 0.20 | 64.00 |

71359
71359.00001
June 10, 2013

Arthur Gonzalez as Court Appointed
Examiner for
Residential Capital, LLC and Affiliated
Debtors
ResCap LLC

Invoice Number     565780
Page 2

| Date | Tkpr | | Hours | Value |
|------|------|---|-------|-------|
| | PJS | Review e-mail from Eric Daucher transmitting case law related to Minnesota (.1); conduct legal research related to Minnesota participate in telephone conference with David LeMay, Eric Daucher, and RTK regarding ; analyze preliminary analysis with JLO regarding ; review and analyze Minnesota legal issues implicated by transactions at issue (.6); review e-mail from Eric Daucher regarding legal research and prepare e-mail to Eric Daucher regarding same (.2). | 4.30 | 1,548.00 |
| 04/17/13 | RTK | Review documents analyze issues regarding research of Minnesota law in light of same (1.6); prepare research strategy (1.1); direct research assignments (.7). | 5.20 | 2,834.00 |
| | JLO | Conduct research regarding Minnesota Uniform Fraudulent Transfer Act participate in strategy conferences with PJS regarding ; review | 8.30 | 2,656.00 |

**REDACTED**

71359.00001
June 10, 2013

Arthur Gonzalez as Court Appointed
Examiner for
Residential Capital, LLC and Affiliated
Debtors
ResCap LLC

Invoice Number    565780
Page 3

| Date | Tkpr | | Hours | Value |
|------|------|---|-------|-------|
| | PJS | Review : **REDACTED** analyze :; analyze Minnesota Uniform Fraudulent Transfer Act with JLO (.1); review Minnesota Uniform Fraudulent Transfer Act; research whether participate in telephone conference with Eric Daucher regarding : | 6.30 | 2,268.00 |
| 04/18/13 | PJA | Participate in telephone conference with Eric Daucher and PJS regarding ; research | 2.30 | 690.00 |
| | EHC | Analyze under the Minnesota Fraudulent Transfers Act (2.4). | 2.40 | 864.00 |
| | RTK | Analyze issues involving Minnesota research and Minnesota Uniform Fraudulent Transfers Act (1.6); develop research strategy regarding same (.7); and assign research topics (.3). | 2.60 | 1,417.00 |
| | JLO | Review analyze Minnesota Uniform Fraudulent Transfer Act | 8.80 | 2,816.00 |

71359.00001
June 10, 2013

Arthur Gonzalez as Court-appointed
Examiner for
Residential Capital, LLC and Affiliated
Debtors
ResCap LLC

Invoice Number    565780
Page 4

**REDACTED**

| Date | Tkpr | | Hours | Value |
|------|------|---|-------|-------|
| | PJS | Research _____ Minnesota Uniform Fraudulent Transfer Act (4.4); strategize with RTK, EHC, and JLO regarding research topics and assignments (.3); participate in telephone conference with Eric Daucher and PJA regarding _____ MUFTA' _____ (.2); research _____ MUFTA's _____ provision t _____ ; prepare memorandum analyzing the same and suggesting additional research (.9). | 8.90 | 3,204.00 |
| 04/19/13 | PJA | Research whether _____ Minnesota's UFTA (2.8); prepare summary _____ regarding same (.6); participate in telephone conference with Eric Daucher regarding research issues and status (.3). | 3.70 | 1,110.00 |
| | EHC | Research case law and other authority regarding _____ under the Minnesota fraudulent transfers act (.6). | 1.70 | 612.00 |
| | RTK | Review status of research issues regarding _____ under Minnesota state law (1.3). | 1.30 | 708.50 |
| | RTK | Analyze research regarding MUFTA (1.4). | 1.40 | 763.00 |
| | JLO | Continue review and analysis _____ strategize with PJS regarding further necessary research (.8); analyze _____ participate in strategy conference with RTK, EHC, and PJA regarding outstanding research issues; (.3); participate in strategy conference with Eric Daucher and PJA regarding same (.3). | 6.30 | 2,016.00 |

71359
71359.00001
June 10, 2013

Arthur Gonzalez as Court-appointed
Examiner for
Residential Capital, LLC and Affiliated
Debtors
ResCap LLC

Invoice Number    565780
Page 5

**REDACTED**

| Date | Tkpr | | Hours | Value |
|------|------|---|-------|-------|
| | PJS | Research applicability of MUFTA | 2.30 | 828.00 |
| | | ; analyze research and analysis regarding same with JLO (.8); prepare e-mails to Eric Daucher and RTK regarding same (.1). | | |
| 04/20/13 | EHC | Research case law and other authority regarding : under Minnesota fraudulent transfer law (.8); analyze case law and other authority regarding | 1.40 | 504.00 |
| | RTK | Review analysis of : | 1.70 | 926.50 |
| | JLO | Analyze Minnesota Uniform Fraudulent Transfer Act analyze ; analyze Minnesota Statute and case law interpreting same (2.8). | 4.30 | 1,376.00 |
| 04/21/13 | JLO | Conduct legal research regarding | 2.10 | 672.00 |
| 04/22/13 | PJA | Draft a written summary of research regarding conduct legal research regarding under Minnesota's UFTA (.9); participate in telephone conference with client regarding same and related issues (.4); research | 4.20 | 1,260.00 |

71359.00001
June 10, 2013

Arthur Gonzalez as Court-Appointed
Examiner for
Residential Capital, LLC and Affiliated
Debtors
ResCap LLC

Invoice Number     565780
Page 6

**REDACTED**

| Date | Tkpr | | Hours | Value |
|---|---|---|---|---|
| | EHC | Research and analyze case law and other authority regarding _____ under Minnesota law (1.7); draft a summary of research findings (.8); address related questions ‚ | 3.10 | 1,116.00 |
| | RTK | Review status of research (.4); analyze research summaries (.9); participate in conference with Examiner's counsel regarding same and research issues (.7); analyze Minnesota law on UFTA (1.3); analyze c_____ | 4.20 | 2,289.00 |
| | JLO | Review and analyze case law regarding i_____ _____, review and analyze case law regarding ‚_____ participate in a telephone conference with David LeMay, Meghan Towers, Eric Daucher, RTK, EHC, and PJA regarding necessary research issues (4); research related issues (.9). | 7.70 | 2,464.00 |
| 04/23/13 | PJA | Deliver summary of ‚_____ research and analysis to client (.3); continue research regarding _____ Minnesota law (.6); draft a written summary of _____ research findings (.8). | 1.70 | 510.00 |
| | EHC | Research and analyze issues relating to _____ the Minnesota Uniform Fraudulent Transfers Act (.4); research issues relating to _____ Minnesota law (.8); analyze issues relating to a | 2.70 | 972.00 |

analyze ‚

71359.00001
June 10, 2013

Arthur Gonzalez as Court Appointed
Examiner for
Residential Capital, LLC and Affiliated
Debtors
ResCap LLC

Invoice Number   565780
Page 7

**REDACTED**

| Date | Tkpr | | Hours | Value |
|---|---|---|---|---|
| | RTK | Analyze research regarding Minnesota UFTA _____; analyze research regarding Minnesota ____; review _____. under MUFTA (2.6). | 5.30 | 2,888.50 |
| | JLO | Participate in a telephone conference with Eric Daucher regarding _____ review and analyze case law regarding _____; prepare memorandum of analysis regarding _____ research and analyze case law regarding _____ | 7.00 | 2,240.00 |
| | BDT | Analyze :_____ | 1.10 | 467.50 |
| 04/24/13 | PJA | Research case law regarding _____ connection with MUFTA (2.3); draft summary of research (.6). | 2.90 | 870.00 |
| | EHC | Analyze research relating to _____ under the Minnesota fraudulent transfers act (.6); analyze research regarding _____); analyze issues relating to the _____ under Minnesota fraudulent transfer law (.8). | 2.30 | 828.00 |
| | RTK | Review research memorandum regarding Minnesota UFTA and _____; review _____ issues implicated by the Minnesota UFTA (1.4). | 3.10 | 1,689.50 |
| | JLO | Prepare memorandum regarding _____ under Minnesota law (.7). | 0.70 | 224.00 |
| | BDT | Examine issues regarding _____ and Minnesota' _____ statute (.7). | 0.70 | 297.50 |

71359.00001                    Arthur Gonzalez as Court Appointed        Invoice Number    565780
June 10, 2013                  Examiner for                              Page 8
                               Residential Capital, LLC and Affiliated
                               Debtors
                               ResCap LLC

# REDACTED

| Date | Tkpr | | Hours | Value |
|------|------|--|-------|-------|
| 04/25/13 | PJA | Research _____ law, as incorporated into Minnesota's _____ , begin drafting summary of same (.9); finalize research and summary analysis regarding . _____ | 4.60 | 1,380.00 |
| | EHC | Analyze : _____ . _____ the Minnesota Fraudulent Transfers Act (.9); analyze issues regarding Minnesota's _____ analyze issues regarding Minnesota' _____ _____ analyze research regarding _____ under Minnesota law (.4); review and revise the related summary of findings and conclusions (.4). | 3.00 | 1,080.00 |
| | RTK | Analyze research regarding _____ the Minnesota UFTA (2.1); analyze research regarding Minnesota' _____ | 3.40 | 1,853.00 |
| | BDT | Research and analysis regarding Minnesota _____ | 5.30 | 2,252.50 |
| 04/26/13 | PJA | Continue researching _____ under Minnesota law (2.9); continue drafting summary of research findings regarding same (2.1); finalize research summaries (.6) and deliver emails on · research (.1). | 5.70 | 1,710.00 |
| | EHC | Analyze : _____ relevant to the _____ Minnesota Fraudulent Transfers Act (.8); research case law and other authority regarding _____ · Minnesota law (1.8); draft and revise a summary of research relating to the _____ ); communicate with primary counsel regarding related questions (.4). | 5.30 | 1,908.00 |

Arthur Gonzalez, as Court-Appointed
Examiner for
Residential Capital, LLC and Affiliated
Debtors
ResCap LLC

**REDACTED**

| Date | Tkpr | | Hours | Value |
|---|---|---|---|---|
| | RTK | Review summary of _____ Minnesota UFTA (.8); analyze research (.4); evaluate research regarding _____; analyze research regarding analysis of _____ in Minnesota law (1.2); analyze research and findings regarding Minnesota _____; review status of _____ and address related issues (.3). | 6.10 | 3,324.50 |
| | BDT | Research issues regarding Minnesota _____ _____; draft memorandum analyzing the same (5.1). | 11.30 | 4,802.50 |
| 04/27/13 | EHC | Research issues relating to potential _____ under Minnesota law (1.1); review and respond to questions posed by primary counsel relating to the same (.3). | 1.40 | 504.00 |
| 04/28/13 | PJA | Research issues regarding _____ | 0.60 | 180.00 |
| | EHC | Research issues relating to _____ Minnesota Uniform Fraudulent Transfers Act (.4). | 0.40 | 144.00 |
| | RTK | Review research regarding Minnesota UFTA issues (2.4); exchange e-mail correspondence with Examiner's counsel regarding research and strategy (.7). | 3.10 | 1,689.50 |
| 04/29/13 | PJA | Continue researching _____ _____ under MUFTA (3.1); draft summary of research and deliver to client (1.4); telephone conference with Eric Daucher regarding same (.2). | 4.70 | 1,410.00 |
| | EHC | Revise the analysis of _____ Minnesota fraudulent transfers act _____ | 0.40 | 144.00 |

71359                                    Arthur Gonzalez as Court-appointed        Invoice Number    565780
71359.00001                              Examiner for                             Page 10
June 10, 2013                            Residential Capital, LLC and Affiliated
                                         Debtors
                                         ResCap LLC

| Date | Tkpr | **REDACTED** | Hours | Value |
|------|------|---------------|-------|-------|
| | RTK | Review and analyze ⌐_____ _____; review research regarding Minnesota UFTA issues and _____ _____; participate in telephone conference with Examiner's counsel regarding | 4.90 | 2,670.50 |
| | JLO | Analyze case law regarding _____ | 1.40 | 448.00 |
| | BDT | Analyze Minnesota · _____ | 0.40 | 170.00 |
| 04/30/13 | PJA | Research Minnesota_____ _____. draft summary of · _____ and deliver to client (.9); research _____ the UFTA in Minnesota (1.2); draft summary of UFTA _____ and deliver to client (.6); address follow-up question posed by Eric Daucher with respect to ·· _____ | 6.30 | 1,890.00 |
| | EHC | Research case law regarding the _____ Minnesota fraudulent transfer law (.9); research case law regarding ·' · _____ under Minnesota fraudulent transfer law (1.1); communicate with primary counsel regarding the interpretation of relevant case law and follow-up research questions (.2). | 2.20 | 792.00 |
| | RTK | Analyze research issues under Minnesota UFTA (1.3); ____ _____ review and analyze _____ _____ analyze research and findings regarding Minnesota UFTA issues and ' · ·· _____ Minnesota law (1.2); analyze research and findings regarding Minnesota | 5.60 | 3,052.00 |

71359.00001
June 10, 2013

Arthur Gonzalez as Court Appointed
Examiner for
Residential Capital, LLC and Affiliated
Debtors
ResCap LLC

Invoice Number    565780
Page 11

| Date | Tkpr | **REDACTED** | Hours | Value |
|------|------|------|-------|-------|
| | JLO | Research _____ ; prepare written analysis regarding same (.6); analyze issues with PJS regarding _____ ; research case law regarding _____ ); analyze issues with EHC, PJS, and PJA regarding | 4.90 | 1,568.00 |
| | PJS | Analyze strategy with JLO regarding _____ _____ under the Uniform Fraudulent Transfer Act (.4); analyze with JLO and EHC whether _____ _____ Fraudulent Transfer Act (.9). | 1.30 | 468.00 |

## TIMEKEEPER TIME SUMMARY:

| Timekeeper | Title | Hours | | Rate | | Value |
|------------|-------|-------|---|------|---|-------|
| Robert T. Kugler | Shareholder | 56.60 | at | 545.00 | = | 30,847.00 |
| Bryant D. Tchida | Shareholder | 18.80 | at | 425.00 | = | 7,990.00 |
| Edwin H. Caldie | Associate | 27.40 | at | 360.00 | = | 9,864.00 |
| Peter J. Schwingler | Associate | 23.10 | at | 360.00 | = | 8,316.00 |
| Jennifer L. Olson | Associate | 51.70 | at | 320.00 | = | 16,544.00 |
| Phillip J. Ashfield | Associate | 36.70 | at | 300.00 | = | 11,010.00 |

TOTAL FOR PROFESSIONAL SERVICES          84,571.00

## OTHER EXPENSES:

| | | | Quantity | Rate | Amount |
|------|------|------|----------|------|--------|
| 04/21/13 | Computer-Assisted Research | | 1 | 80.00 | 80.00 |
| 04/22/13 | Computer-Assisted Research | | 1 | 835.00 | 835.00 |
| 04/23/13 | Computer-Assisted Research | | 1 | 100.00 | 100.00 |

71359.00001
June 10, 2013

Arthur Gonzalez as Court Appointed
Examiner for
Residential Capital, LLC and Affiliated
Debtors
ResCap LLC

Invoice Number    565780
Page 12

| | | Quantity | Rate | Amount |
|---|---|---|---|---|
| 04/29/13 | Computer-Assisted Research | 1 | 500.00 | 500.00 |
| 04/29/13 | Computer-Assisted Research | 1 | 285.00 | 285.00 |
| 04/30/13 | Computer-Assisted Research | 1 | 545.00 | 545.00 |
| | TOTAL FOR OTHER EXPENSES | | | 2,345.00 |

**TOTAL AMOUNT OF THIS INVOICE**                          $86,916.00

# LEONARD, STREET AND DEINARD

Law Office

Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402

## CONFIDENTIAL

Arthur Gonzalez as Court Appointed Examiner for
Residential Capital, LLC and Affiliated Debtors
c/o  Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY  10112

| | |
|---|---|
| Invoice Number | 565780 |
| Invoice Date | 06/10/13 |
| Matter Number | 71359.00001 |

### THIS INVOICE IS PAYABLE UPON RECEIPT

For professional services rendered through April 30, 2013:

Current Invoice
Services:                                                  84,571.00
Expenses:                                                  2,345.00

**TOTAL BALANCE DUE (USD):**                    **$86,916.00**

EXPENSES, IF ANY, NOT YET BILLED WILL APPEAR ON A
LATER STATEMENT

PLEASE RETURN THIS REMITTANCE COPY WITH YOUR PAYMENT

Federal I.D. 41-1682773

Wire and ACH Instructions: US Bank/Phone: 612-303-3191
Routing #: 091000022/Account #: 104780923140

For questions concerning your invoice call your attorney
or the Billing Department at 612-335-1564

# LEONARD, STREET AND DEINARD

Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402

## CONFIDENTIAL

| | |
|---|---|
| Arthur Gonzalez as Court Appointed Examiner for | Invoice Number    566406 |
| Residential Capital, LLC and Affiliated Debtors | Invoice Date    06/14/13 |
| c/o  Chadbourne & Parke LLP | Matter Number    71359.00002 |
| 30 Rockefeller Plaza | |
| New York, NY  10112 | |

### THIS INVOICE IS PAYABLE UPON RECEIPT

For professional services rendered through April 30, 2013 in connection with
ResCap, LLC - retention/fee application and related issues:

| Date | Tkpr | | Hours | Value |
|---|---|---|---|---|
| 04/16/13 | EHC | Draft Leonard Street's employment application (.8); draft and revise the declaration in support of Leonard Street's employment application (1.3). | 2.10 | 756.00 |
| 04/17/13 | EHC | Communicate with primary counsel regarding retention issues (.2); revise Leonard Street's employment application (.5); revise the declaration in support of Leonard Street's employment application (.7); revise exhibit in support of Leonard Street's application documents disclosing connections between the firm and various parties in interest (.3). | 1.70 | 612.00 |
| | RTK | Review status regarding Leonard Street's retention application (.4). | 0.40 | 218.00 |
| 04/18/13 | EHC | Prepare Leonard Street's employment application (.9); prepare the declaration in support of Leonard Street's employment application (.7); revise exhibit in support of Leonard Street's application documents in order to expand upon disclosure of connections between the firm and various parties in interest (.6). | 2.40 | 864.00 |

| 71359 | Arthur Gonzalez as Court Appointed | Invoice Number | 566406 |
| 71359.00002 | Examiner for | Page 2 | |
| June 14, 2013 | Residential Capital, LLC and Affiliated | | |
| | Debtors | | |
| | ResCap Time Keeping | | |

| Date | Tkpr | | Hours | Value |
|------|------|---|-------|-------|
| 04/19/13 | EHC | Communicate with primary counsel regarding retention issues (.4); revise Leonard Street's retention application (.7); revise Leonard Street's declaration in support of retention (.6). | 0.60 | 216.00 |
| | RTK | Analyze issues regarding scope and status of Leonard Street's retention (.4). | 0.40 | 218.00 |
| 04/23/13 | EHC | Analyze issues relating to fee applications (.4); discuss related issues with primary counsel for the Examiner (.2). | 0.60 | 216.00 |
| 04/24/13 | EHC | Analyze issues relating to supplemental disclosures to be made in support of Leonard Street's employment application (.5). | 0.50 | 180.00 |
| 04/25/13 | EHC | Address issues relating to supplemental disclosures to be made in support of Leonard Street's employment application (.3); revise Leonard Street's supplemental disclosures and the related declaration accordingly (.4). | 0.70 | 252.00 |

TIMEKEEPER TIME SUMMARY:

| Timekeeper | Hours | | Rate | | Value |
|------------|-------|---|------|---|-------|
| Robert T. Kugler | 0.80 | at | 545.00 | = | 436.00 |
| Edwin H. Caldie | 8.60 | at | 360.00 | = | 3,096.00 |

**TOTAL AMOUNT OF THIS INVOICE**                                   **$3,532.00**

# LEONARD, STREET AND DEINARD

Professional Association
Suite 2300
150 South Fifth Street
Minneapolis, Minnesota 55402

---

### CONFIDENTIAL

---

| | | |
|---|---|---|
| Arthur Gonzalez as Court Appointed Examiner for | Invoice Number | 566406 |
| Residential Capital, LLC and Affiliated Debtors | Invoice Date | 06/14/13 |
| c/o  Chadbourne & Parke LLP | Matter Number | 71359.00002 |
| 30 Rockefeller Plaza | | |
| New York, NY  10112 | | |

---

### THIS INVOICE IS PAYABLE UPON RECEIPT

For professional services rendered through April 30, 2013:

Current Invoice
   Services:                                          3,532.00
   Expenses:                                      0.00

**TOTAL BALANCE DUE (USD):**             **$3,532.00**

EXPENSES, IF ANY, NOT YET BILLED WILL APPEAR ON A
LATER STATEMENT

PLEASE RETURN THIS REMITTANCE COPY WITH YOUR PAYMENT

Federal I.D. 41-1682773

Wire and ACH Instructions: US Bank/Phone: 612-303-3191
Routing #: 091000022/Account #: 104780923140

For questions concerning your invoice call your attorney
or the Billing Department at 612-335-1564

**EXHIBIT F**


**[Proposed Order]**

**LEONARD, STREET AND DEINARD**
*Professional Association*
Robert T. Kugler, Esq.
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500
Facsimile: (612) 335-1657

*Special Minnesota Counsel for the Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER GRANTING APPLICATION OF LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION FOR ALLOWANCE OF FIRST INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL MINNESOTA COUNSEL
TO THE EXAMINER**

Upon consideration of Application for Allowance of First Interim Compensation and Reimbursement of Expenses of Leonard, Street and Deinard Professional Association as Special Minnesota Counsel to the Examiner (the "Application") for professional services rendered and expenses incurred during the period commencing April 15, 2013 through April 30, 2013; and a hearing having been held before this Court to consider the Application; and notice have been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(7) and (c)(2); and due consideration having been given to any responses thereto; and sufficient cause having been shown therefor; it is hereby

---

[1] The names of the Debtors in these cases and their respective tax identification numbers are identified on Exhibit 1 to the Declaration of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court on May 14, 2012. Additional subsidiaries and affiliates of the Debtors may file Chapter 11 petitions on a rolling basis. As used herein, the term "Debtors" includes any such entities.

ORDERED, that the Application is granted to the extent set forth in Schedule A.

Dated: _____

_____
Martin Glenn
United States Bankruptcy Judge

**Schedule A**

**Case No.:  12-12020 (MG)**

**Case Name:  Residential Capital, LLC, et al.**

| Applicant | Date / Docket No. of Application | Period Covered by Application | Fees Requested | Fees Approved | Expenses Requested | Expenses Approved |
|---|---|---|---|---|---|---|
| Leonard, Street and Deinard Professional Association | August 7, 2013 / Docket No. ___ | April 15, 2013 – April 30, 2013 | $88,103.00 | $[_____] | $2,345.00 | $[_____] |