Hearing Date: August 21, 2013 at 10:00 a.m. (ET)  
Objection Deadline: August 8, 2013 at 4:00 p.m. (ET)

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)
Michael S. Etkin
Tania Ingman
Andrew D. Behlmann

*Bankruptcy Counsel for RESPA Plaintiffs and the Putative Class*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| | Related Docs: 4189 |
| Debtors.[1] | (Jointly Administered) |

**RESPA PLAINTIFFS' STATEMENT REGARDING THE**
**DISCLOSURE STATEMENT AND RESERVATION OF RIGHTS**

Donna Moore and Keith McMillon, together with named plaintiff Frenchola Holden (collectively, the "RESPA Plaintiffs") in the putative class action styled *Donna Moore, Frenchola Holden and Keith McMillon, Individually and on Behalf of All Others Similarly Situated v. GMAC Mortgage, LLC, GMAC Bank, and Cap Re of Vermont, Inc.,* Civil Action No. 2:07-cv-4296-PD (the "RESPA Litigation"), filed in the United States District Court for the Eastern District of Pennsylvania (the "District Court"), on behalf of themselves and all others similarly situated (the "Putative Class,") submit this statement and reservation of rights (the "Statement") with regard to the *Disclosure Statement for the Debtors' Joint Chapter 11 Plan*

---

[1] The names of the debtors (collectively the "Debtors" and each individual a "Debtor") in these cases and their respective tax identification numbers are identified on Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

*Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Disclosure Statement") and respectfully state as follows:

## BACKGROUND

**The RESPA Litigation**

1. In 2007, the RESPA Plaintiffs commenced the RESPA Litigation against non-debtor GMAC Bank, now known as Ally Bank, and certain of its affiliates and/or subsidiaries, including Debtor, GMAC Mortgage, LLC, and non-Debtor, Cap Re of Vermont, Inc., asserting that the defendants entered into "captive reinsurance agreements" for the purpose of receiving kickbacks, referral payments and unearned fee splits disguised as "reinsurance premiums" from private mortgage insurers in violation of 12 U.S.C. § 2607(a)-(b) of the Real Estate Settlement Procedures Act of 1974 ("RESPA").

2. Following the commencement of these chapter 11 proceedings, the proceedings against the Debtors were stayed pursuant to 11 U.S.C. § 362. The District Court further stayed the entire RESPA Litigation pending further proceedings in the Bankruptcy Cases (defined below). The RESPA Plaintiffs and the defendants have engaged in formal mediation in an attempt to resolve this matter after the Petition Date (defined below). Very recently, the parties reached an agreement in principle which would settle the RESPA Litigation subject to certain approvals and execution of definitive documentation. This Statement is therefore submitted to preserve the rights of the RESPA Plaintiffs subject to the agreement being memorialized and, hopefully, implemented.

**Relevant Bankruptcy Proceedings**

3. On May 14, 2012 (the "Petition Date"), the Debtors filed their voluntary petitions (the "Bankruptcy Cases") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

4.    On November 16, 2012, the RESPA Plaintiffs filed a class proof of claim against Debtor, GMAC Mortgage, LLC (Claim No. 5284) (the "<u>Class Proof of Claim</u>" or "<u>Class Claim</u>") on behalf of the Putative Class for damages resulting from violations of RESPA by GMAC Mortgage LLC and the other named Debtor and non-Debtor Defendants in the RESPA Litigation.

## **STATEMENT**

5.    The RESPA Plaintiffs file this Statement regarding the Disclosure Statement because, in the absence of a formal agreement settling the RESPA Litigation, the RESPA Plaintiffs will need further information about their proposed treatment and the treatment of the similarly situated creditors under the Plan.[2] The Disclosure Statement provides that material aspects of the distribution to Borrowers will be governed by the Borrower Claims Trust Agreement. The Borrower Claims Trust Agreement will apparently include the following provisions crucial to any determination of a potential distribution under the Plan: "(i) participation and qualification criteria for holders of Borrower Claims to receive a distribution from the Borrower Claims Trust Assets, (ii) procedures for the prosecution and settlement of objections to Borrower Claims, including those previously filed by the Debtors or any other party, (iii) the establishment of reserves for Disputed Borrower Claims; and (iv) the establishment of procedures to resolve Disputed Borrower Claims, inclusive of any counterclaims or offsets in favor of the Debtors." Disclosure Statement p. 104. Therefore, a complete review of the Borrower Claims Trust Agreement, which has not been filed, is critical to discern such fundamental issues including but not limited to who will be eligible to participate in the Borrower Claims Trust, who will make such determinations and what recourse will be available to a Borrower who challenges such determination, whether and to what extent reserves will be established, how distributions from the reserves will occur, the scope of the Borrower

---

[2] Capitalized terms used herein but not defined herein shall have the meanings ascribed to such terms in the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "<u>Plan</u>").

-3-

-4-

Claims Trust assets, the administration of those assets and of who will pay the costs of administering the Borrower Claims Trust. Thus, in the absence of a resolution of the RESPA Litigation as described above, the RESPA Plaintiffs will ultimately need this and other information to be able to understand the distribution Borrowers can expect and make an informed judgment about the Plan, including the Third Party Releases contemplated thereunder.

[*Remainder of this Page Intentionally Left Blank*]

**RESERVATION OF RIGHTS**

6.      The RESPA Plaintiffs reserve all rights to raise any objections to the Plan at the confirmation hearing.  The RESPA Plaintiffs also reserve the right to supplement this Statement and to appear and be heard at the hearing to consider approval of the Disclosure Statement. Furthermore, to the extent the RESPA Plaintiffs or any member of the Putative Class is impacted in any way by the contents of any supplements or amendments to the Disclosure Statement or the Plan, which may be filed after any Disclosure Statement or Plan confirmation objection deadline, the RESPA Plaintiffs reserve the right to object and take a position with respect thereto.

Dated:  August 8, 2013

LOWENSTEIN SANDLER LLP

/s/   *Michael S. Etkin*
Michael S. Etkin
Tania Ingman
Andrew D. Behlmann
1251 Avenue of the Americas
New York, NY  10020
(212) 262-6700 (Telephone)
metkin@lowenstein.com
tingman@lowenstein.com
abehlmann@lowenstein.com

--and—

KESSLER TOPAZ MELTZER & CHECK LLP
Edward W. Ciolko, Esq.
Terrence S. Ziegler, Esq.
Donna Siegel Moffa, Esq.
280 King of Prussia Road
Radnor, PA   19087
(610) 667-7706 (Telephone)
(610) 667-7056 (Facsimile)