James S. Carr, Esq.
Eric R. Wilson, Esq.
Jason R. Adams, Esq.
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, New York 10178
Tel:  (212) 808-7800
Fax:  (212) 808-7987

Counsel for UMB Bank, N.A.,
As Successor Indenture Trustee

**Hearing Date: August 21, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: August 8, 2013 at 4:00 p.m. (ET)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**UMB BANK, N.A.'S (I) JOINDER IN OBJECTION OF AD HOC GROUP OF JUNIOR
SECURED NOTEHOLDERS TO PLAN PROPONENTS' MOTION FOR AN ORDER,
<u>INTER ALIA</u>, APPROVING THE DISCLOSURE STATEMENT AND ESTABLISHING
PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT
OR REJECT THE PLAN PROPONENTS' JOINT CHAPTER 11 PLAN; AND
(II) LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO
MOTION TO APPROVE DISCLOSURE STATEMENT**

UMB Bank, N.A., in its capacity as Successor Indenture Trustee ("<u>UMB</u>" or the "<u>Notes

Trustee</u>") with respect to the 9.625% Junior Secured Guaranteed Notes due 2015 issued by

Residential Capital, LLC, pursuant to that certain Indenture, dated as of June 6, 2008 (the

"<u>Indenture</u>"), by and through its undersigned counsel, hereby files this: (i) joinder in the

objection (the "<u>JSN Objection</u>") of the Ad Hoc Group of Junior Secured Noteholders (the

"<u>JSNs</u>") to the *Plan Proponents' Motion For An Order (I) Approving Disclosure Statement,

(II) Establishing Procedures For Solicitation And Tabulation Of Votes To Accept Or Reject The

Plan Proponents' Joint Chapter 11 Plan, (III) Approving The Form Of Ballots, (IV) Scheduling*

*A Hearing On Confirmation Of The Plan, (V) Approving Procedures For Notice Of The Confirmation Hearing And For Filing Objections To Confirmation Of The Plan, And (VI) Granting Related Relief* (the "Motion")[1] filed by the above-captioned debtors (the "Debtors") and the Official Committee of Unsecured Creditors (the "Committee"); and (ii) limited objection and reservation of rights with respect to the Motion. In support thereof, UMB respectfully states as follows:

## BACKGROUND

1. On May 14, 2012 (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner") and, on July 3, 2012, the Court approved the Honorable Arthur J. Gonzalez as the Examiner. On May 13, 2013, the Examiner filed his report, which the Court unsealed by order dated June 26, 2013.

3. On July 3, 2013, the Debtors and the Committee filed the Motion, seeking entry of an order approving: (i) the Disclosure Statement (the "Disclosure Statement") for the Joint Chapter 11 Plan proposed by Residential Capital, LLC, *et al.* and the Official Committee of Unsecured Creditors (the "Plan"); and (ii) solicitation and tabulation procedures with respect to the Plan.

---

[1] Docket No. 4152.

**JOINDER**

4. The Notes Trustee joins in the JSN Objection. The JSN Objection raises a multitude of significant issues regarding the adequacy of the information contained in the Disclosure Statement and the provision of basic information regarding matters of primary concern to the Debtors' creditors. The Notes Trustee supports the JSN Objection and agrees that the Motion should be denied as set forth therein.

**LIMITED OBJECTION AND RESERVATION OF RIGHTS**

5. In addition to the issues raised in the JSN Objection, the Notes Trustee further objects to the Motion and Disclosure Statement as set forth below.[2] Prior to filing this limited objection and reservation of rights, the Notes Trustee contacted the Debtors with respect to each of the below objections. The Notes Trustee is hopeful that the parties will be able to resolve some or all of these issues prior to the hearing on the Disclosure Statement. The Notes Trustee, however, reserves its rights to raise such objections and additional objections to the Disclosure Statement and Plan at or prior to the hearing on the Disclosure Statement and/or confirmation of the Plan.

A. <u>Notes Trustee's Charging Lien and Cancellation of Indenture</u>[3]

6. The Disclosure Statement fails to provide adequate information regarding the preservation of the Notes Trustee's charging lien under the Indenture and the preservation of the Indenture to effectuate the Notes Trustee's duties thereunder. More specifically, the Plan provides for distributions to be made free and clear of the Notes Trustee's charging lien in violation of the express terms of the Indenture. The Plan must be revised to preserve the

---

[2] Terms used but not defined herein shall have the meanings ascribed thereto in the Motion or the Plan, as applicable.

[3] Plan Art. I.A, IV.K, VII.G and VIII.M.; Disclosure Statement Art. V.D, V.E. and V.T.

3

charging lien, and the Disclosure Statement must be revised to provide sufficient information to the holders of Junior Secured Notes with respect to the charging lien and the preservation thereof.

7. The Plan provides for all indentures to be deemed automatically cancelled on the Effective Date, but provides a carve-out for the continuation of the Senior Unsecured Notes Indenture for certain limited purposes. The Plan should also explicitly carve-out the Indenture to provide for its survival for certain limited purposes, including to allow for distributions in accordance therewith and for preserving the Notes Trustee's charging lien. The Disclosure Statement should similarly be revised to provide sufficient information to the holders of Junior Secured Notes and other creditors regarding these necessary revisions.

B. <u>Distribution Procedures and Payment of Notes Trustee's Fees and Expenses</u>[4]

8. The Disclosure Statement fails to provide adequate information with respect to the delivery and distribution mechanisms required under the Indenture, including the preservation of the Notes Trustee's charging lien discussed above. The Plan fails to provide for the Debtors' or the Liquidating Trustee's payment of the Notes Trustee's fees and expenses incurred with respect to making disbursements under the Plan. The Plan should be revised to accurately reflect the distribution mechanisms required under the Indenture and provide for the payment of fees and expenses incurred by the Notes Trustee in making distributions. The Disclosure Statement should similarly be revised to provide adequate notice to holders of Junior Secured Notes regarding these provisions.

---

[4] Plan Art. VII.G.

4

C.    <u>Voting Nominee's Fees and Expenses</u>[5]

9.    The Motion provides that the Debtors shall be responsible for each Voting Nominee's reasonable, documented costs and expenses associated with distribution and tabulation of ballots. However, the "Beneficial Owner" ballots provide that no expenses of the Voting Nominee will be paid and the "Master Ballots" limit reimbursable expenses to mailing and handling expenses. Both sets of ballots should be revised to provide for the Debtors' payment of all reasonable, documented fees and expenses incurred by Voting Nominees in connection with the solicitation process.

D.    <u>Challenge to Reasonableness of Notes Trustee's and Ad Hoc Group's Fees</u>[6]

10.    The Disclosure Statement should be revised to clarify whether the Plan Proponents are attempting to preserve the right to challenge the reasonableness of adequate protection payments made under the Final Cash Collateral Order.[7] The Plan's provisions regarding this Court's retention of jurisdiction improperly imply that the Debtors, and other parties in interest, retain the right to challenge the reasonableness of the fees and expenses of the Notes Trustee and the JSNs.

11.    Under the Final Cash Collateral Order, the junior secured parties were granted various forms of adequate protection, including the payment of reasonable fees and expenses of the Notes Trustee and the JSNs.[8] The Final Cash Collateral Order provided a procedure for

---

[5]    Motion at ¶ 66, Exhibit A-1 and A-2 (Junior Secured Notes Claims Ballots).

[6]    Plan Art. XII.

[7]    *See* Final Order Under Sections 105, 361, 362, 363 And 364 Of The Bankruptcy Code And Bankruptcy Rules 2002, 4001, 6004, and 9014 (I) Authorizing The Debtors To Obtain Postpetition Financing On A Secured Superpriority Basis, (II) Authorizing The Debtors To Use Cash Collateral, And (III) Granting Adequate Protection To Adequate Protection Parties [Docket No. 491].

[8]    Final Cash Collateral Order at ¶ 16(c)(v).

payment and an opportunity for the Debtors, the Committee and the U.S. Trustee to object to such fees and expenses.

12. The deadline to object to the reasonableness of the fees paid under the Final Cash Collateral Order has long since expired. Neither the Debtors nor any other party in interest retains the right to challenge the reasonableness of payments made pursuant to the Court-approved procedures set forth in that order.

13. As currently drafted, however, the Plan provides for the Court's retention of jurisdiction to resolve disputes regarding the reasonableness of fees incurred by the Notes Trustee and the JSNs. As the Plan does not provide for the Debtors' or the Liquidating Trustee's payment of any additional costs of the Notes Trustee or the JSNs, there is no basis for such retention of jurisdiction. The payment of further costs is governed by the Junior Secured Notes Indenture and any agreements among the Notes Trustee, the JSNs, and their professionals, and should not be subject to the jurisdiction of this Court. If the Plan is revised to provide for the payment of additional costs incurred by the Notes Trustee and the JSNs, the Court's jurisdiction should be limited to any additional costs paid pursuant to the Plan and not fees and expenses previously paid as adequate protection under the Final Cash Collateral Order.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court: (i) grant this limited objection; (ii) deny the Motion unless the Disclosure Statement is modified as requested herein; and (iii) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       August 8, 2013

KELLEY DRYE & WARREN LLP

By: */s/ James S. Carr*
    James S. Carr, Esq.
    Eric R. Wilson, Esq.
    Jason R. Adams, Esq.
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Counsel for UMB Bank, N.A.,
As Successor Indenture Trustee

# CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of *UMB Bank, N.A.'s (I) Joinder in Objection of Ad Hoc Group of Junior Secured Noteholders to Plan Proponents' Motion for an Order, Inter Alia, Approving the Disclosure Statement and Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan; and (II) Limited Objection and Reservation of Rights With Respect to Motion to Approve Disclosure Statement* upon each attorney of record via this court's CM/ECF System as listed on the Court's ECF noticing, via U.S. first class mail or courier, and/or via email upon those listed on the annexed service list.

                                                              */s/ Timothy B. Martin*
                                                              Timothy B. Martin

| | |
|---|---|
| **United States Bankruptcy Court** <br> **Clerk of the Bankruptcy Court** <br> **One Bowling Green** <br> **New York, New York 10004-1408** <br> **BY COURIER** | **Chambers of the Honorable Martin Glenn,** <br> **United States Bankruptcy Court** <br> **One Bowling Green,** <br> **New York, New York 10004-1408** <br> **BY COURIER** |
| **Office of the United States Trustee** <br> **U.S. Federal Office Building,** <br> **201 Varick Street, Suite 1006** <br> **New York, New York 10014,** <br> **Attn:  Brian Masumoto** <br> **         Michael Driscoll** <br> **BY COURIER** | **Residential Capital LLC** <br> **Lewis Kruger, CRO** <br> **c/o Morrison & Foerster LLP** <br> **1290 Avenue of the Americas** <br> **New York, New York 10104** <br> **VIA FIRST CLASS MAIL** |
| **Morrison & Foerster LLP,** <br> **1290 Avenue of the Americas** <br> **New York, New York, 10104,** <br> **Attn:  Gary Lee** <br> **         Lorenzo Marinuzzi** <br> **         Todd Goren** <br> **VIA FIRST CLASS MAIL** | **Kramer Levin Naftalis & Frankel LLP** <br> **1177 Avenue of the Americas** <br> **New York, New York 10036** <br> **Attn:  Kenneth H. Eckstein** <br> **         Douglas H. Mannal** <br> **         Stephen D. Zide** <br> **VIA FIRST CLASS MAIL** |
| **Ally Financial, Inc.** <br> **1177 Avenue of the Americas** <br> **New York, New York 10036** <br> **Attn:  William B. Solomon** <br> **         Timothy Devine** <br> **VIA FIRST CLASS MAIL** | **Kirkland & Ellis LLP** <br> **601 Lexington Avenue** <br> **New York, New York 10022** <br> **Attn:  Richard M. Cieri** <br> **         Ray C. Schrock** <br> **VIA FIRST CLASS MAIL** |
| **VIA EMAIL:** <br><br> **Lewis.Kruger@gmacrescap.com** <br> **glee@mofo.com** <br> **lmarinuzzi@mofo.com** <br> **tgoren@mofo.com** <br> **keckstein@kramerlevin.com** <br> **dmannal@kramerlevin.com** <br> **szide@kramerlevin.com** <br> **richard.cieri@kirkland.com** <br> **ray.schrock@kirkland.com** | |

NY01\ViciM\1907863.1