**Presentment Date: August 15, 2013 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: August 14, 2013 at 4:00 p.m. (Eastern Time)**

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
J. Christopher Shore

     - and -

MILBANK, TWEED, HADLEY & M$^c$CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Gerard Uzzi

*Attorneys for the Ad Hoc Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| | (Jointly Administered) |
| Debtors. | |

**NOTICE OF PRESENTMENT OF THE APPLICATION OF AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND CASE MANAGEMENT ORDER FOR AUTHORITY TO FILE OBJECTION TO MOTION TO APPROVE DISCLOSURE STATEMENT UNDER SEAL**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.    Upon the annexed application (the "Application") of the Ad Hoc Group of Junior Secured Noteholders (the "Ad Hoc Group")[1] for entry of an order authorizing the Ad Hoc Group to file under seal an unredacted copy of the Objection of Ad Hoc Group of Junior Secured

---

[1]    The Ad Hoc Group is comprised of certain entities (the "Junior Secured Noteholders") that hold or manage holders of 9.625% Junior Secured Guaranteed Notes due 2015 issued under that certain Indenture dated as of June 6, 2008 (the "Junior Secured Notes").

Noteholders to Plan Proponents' Motion for an Order, <u>inter alia</u>, Approving the Disclosure Statement and Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, the undersigned will present a proposed order (the "<u>Proposed Order</u>") approving the Application, substantially in the form attached to the Application as Exhibit A, to the Honorable Martin Glenn, United States Bankruptcy Judge, Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, for signature on August 15, 2013 at 10:00 a.m. (prevailing Eastern Time).

2.    Any objections to the Proposed Order must be made in writing (an "<u>Objection</u>"), filed with the Court (with a copy to Chambers) and served in accordance with the Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "<u>Case Management Order</u>"), and served upon the Special Service List, as that term is defined in the Case Management Order, so as to be actually received no later than August 14, 2013 at 4:00 p.m. (prevailing Eastern Time) (the "<u>Objection Deadline</u>").

3.    If no Objections to the Application are timely filed and served on or before the Objection Deadline, the Court may enter the Proposed Order with no further notice or opportunity to be heard offered to any party.  If an Objection is received in accordance with the terms above, the Court will schedule a hearing with respect to the relief sought in the Application.

4.    A Copy of the Application can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated:  August 8, 2013
        New York, New York

**WHITE & CASE LLP**
J. Christopher Shore
Harrison L. Denman
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
cshore@whitecase.com
harrison.denman@whitecase.com

- and -

**MILBANK, TWEED, HADLEY & McCLOY LLP**

/s/ Gerard Uzzi
Gerard Uzzi
Daniel Perry
Atara Miller
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
guzzi@milbank.com
dperry@milbank.com
amiller@milbank.com

*Attorneys for the Ad Hoc Group*

3

**Presentment Date: August 15, 2013 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: August 14, 2013 at 4:00 p.m. (Eastern Time)**

WHITE & CASE LLP
1155 Avenue of the Americas
New York, New York 10036-2787
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
J. Christopher Shore (JCS – 6031)
Harrison L. Denman (HD – 1945)

    - and -

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Facsimile: (212) 530-5219
Gerard Uzzi (GU – 2297)

*Attorneys for the Ad Hoc Group*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | Case No. 12-12020 (MG) |
| | (Jointly Administered) |
| Debtors. | |

**APPLICATION OF AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS PURSUANT TO SECTION 107(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 9018, AND CASE MANAGEMENT ORDER FOR AUTHORITY TO FILE OBJECTION TO MOTION TO APPROVE DISCLOSURE STATEMENT UNDER SEAL**

TO:    THE HONORABLE MARTIN GLENN,
        UNITED STATES BANKRUPTCY JUDGE:

The Ad Hoc Group of Junior Secured Noteholders (the "<u>Ad Hoc Group</u>"),[1] by and

through its undersigned counsel, hereby submits this application (the "<u>Application</u>") pursuant to

---

[1] The Ad Hoc Group is comprised of certain holders of 9.625% Junior Secured Guaranteed Notes due 2015 (the "<u>Junior Secured Noteholders</u>") issued under that certain Indenture dated as of June 6, 2008.

section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Case Management Order[2] for authority (i) to file in partially redacted form the Ad Hoc Group's Objection to Plan Proponents' Motion for an Order, inter alia, Approving the Disclosure Statement and Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan[3] (the "Objection"); and (ii) to file unredacted copies of the Objection under seal. The Ad Hoc Group respectfully states as follows:

**Jurisdiction**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2). The statutory predicates for the relief requested herein are Section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

**Relevant Factual Background**

2.  On February 17, 2012 White & Case LLP as counsel to the Ad Hoc Group (together with Milbank Tweed Hadley & M$^c$Cloy LLP,[4] "Counsel") entered into a nondisclosure agreement with the Debtors (the "NDA") under which the Debtors agreed to furnish certain information (the "Evaluation Material") to Counsel. As a condition to receipt of the Evaluation Material, Counsel agreed to certain restrictions with respect to the disclosure of any such Evaluation Material.

---

[2] Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order").

[3] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Objection.

[4] Milbank, Tweed, Hadley & M$^c$Cloy LLP is co-counsel to the Ad Hoc Group.

2

3.    In certain instances, the Objection refers to and/or includes certain non-public Evaluation Material.  In accordance with the NDAs, any such reference to or inclusion of Evaluation Material has been redacted from the Objection as filed to the Docket.

### Relief Requested

4.    By this Motion, the Ad Hoc Group requests entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, pursuant to Section 107(b) of Bankruptcy Code, Bankruptcy Rule 9018, and the Case Management Order authorizing the Ad Hoc Group (i) to file in partially redacted form the Objection and (ii) to file unredacted copies under seal.

### Basis for Relief

5.    Section 107(b) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b).  In addition, Bankruptcy Rule 9018 provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development or commercial information." Fed. R. Bankr. P. 9018(1).

6.    Paragraph 22 of the Case Management Procedures provides:

> If a party seeks to file any document (including any Filing) or part thereof under seal, such party shall file either (a) a motion with the Court seeking such relief (a "Motion to File Under Seal"), with notice thereof to parties entitled to such notice under the Bankruptcy Rules, and shall schedule a hearing on such motion at the next Omnibus Hearing in accordance with the provisions of this Order or (b) a notice of presentment of an order granting such relief (a "Seal Order") pursuant to Local Bankruptcy Rule 9074-1(b) (a "Notice of Presentment of Seal Order"), with notice thereof to parties entitled to such notice under Local Bankruptcy Rule 9074-1(b). Contemporaneously with the filing of a Motion to File Under Seal or a Notice of Presentment of Seal Order, the party shall transmit to the Court's chambers a copy of such Motion to File Under Seal or Seal Order and, if the movant determines it is necessary or appropriate, the

3

        document(s) sought to be sealed. The party may seek to shorten the notice period for a Motion to File Under Seal or a Notice of Presentment of Seal Order upon proper motion (which may be made as part of the Motion to File Under Seal).

7. To comply with the confidentiality restrictions in the NDAs, the Ad Hoc Group seeks authority (i) to file in partially redacted form the Objection and (ii) to file unredacted copies under seal.

8. No party in interest will be prejudiced by the relief requested.

9. For the foregoing reasons, the Ad Hoc Group respectfully requests that this Court grant the relief requested herein.

## Prior Requests

10. No prior request for the relief sought in this Application has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

### **Conclusion**

11. WHEREFORE, the Ad Hoc Group respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A, authorizing the Ad Hoc Group (i) to file in partially redacted form the Objection, (ii) to file unredacted copies under seal, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: August 8, 2013
      New York, New York

      **WHITE & CASE LLP**
      J. Christopher Shore
      Harrison L. Denman
      1155 Avenue of the Americas
      New York, New York 10036-2787
      Telephone: (212) 819-8200
      Facsimile: (212) 354-8113
      cshore@whitecase.com
      harrison.denman@whitecase.com

      - and -

      **MILBANK, TWEED, HADLEY & M$^{c}$CLOY LLP**

      /s/ Gerard Uzzi
      Gerard Uzzi
      Daniel Perry
      Atara Miller
      1 Chase Manhattan Plaza
      New York, New York 10005
      Telephone: (212) 530-5000
      Facsimile: (212) 530-5219
      guzzi@milbank.com
      dperry@milbank.com
      amiller@milbank.com

      *Attorneys for the Ad Hoc Group*

## EXHIBIT A

## FORM OF PROPOSED ORDER

6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re | ) Chapter 11 |
|  | ) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Case No. 12-12020-MG |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) |

**ORDER GRANTING APPLICATION OF THE AD HOC GROUP TO FILE UNDER SEAL AD HOC GROUP'S OBJECTION TO MOTION TO APPROVE DISCLOSURE STATEMENT**

Upon the application dated August 8, 2013 (the "Application") of the Ad Hoc Group of Junior Secured Noteholders (the "Ad Hoc Group")[1] pursuant to Section 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Case Management Order[2] for authority (i) to file in partially redacted form the Ad Hoc Group's objection to the Debtors' motion for approval of the Disclosure Statement[3] (the "Objection"), and (ii) to file unredacted copies under seal; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Application as set forth therein is sufficient, and that no other or further notice need be provided; and it further appearing that the relief requested in the Application is in the best interests of the Debtors and their estates and creditors; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby

---

[1]  The Ad Hoc Group is comprised of certain holders of 9.625% Junior Secured Guaranteed Notes due 2015 (the "Junior Secured Noteholders") issued under that certain Indenture dated as of June 6, 2008.

[2]  Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures [Docket No. 141] (the "Case Management Order").

[3]  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Objection.

ORDERED that the Application is granted; and it is further

ORDERED that the Ad Hoc Group is authorized to file in partially redacted form the Objection; and it is further

ORDERED that the Ad Hoc Group is authorized to file unredacted copies under seal; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

ORDERED that this Order is without prejudice to the rights of any party in interest, including the United States Trustee for Region 2, to seek to unseal the Objection or any part of it.

Dated: August __, 2013

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

2