Hearing Date:  August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline:  August 9, 2013 at 4:00 p.m. (Prevailing Eastern Time) (extended by agreement)
Reply Deadline: August 16, 2013 at 12:00 p.m. (Prevailing Eastern Time)

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| Daniel L. Brockett | Eric D. Winston (admitted *pro hac vice*) |
| Susheel Kirpalani | Jeremy D. Andersen (admitted *pro hac vice*) |
| Jennifer Barrett | 865 South Figueroa Street |
| Maria Ginzburg | Los Angeles, California 90017 |
| Scott C. Shelley | Telephone: (213) 443-3000 |
| 51 Madison Avenue, 22nd Floor | Facsimile: (213) 443-3100 |
| New York, New York 10010 | |
| Telephone: (212) 849-7000 | |
| Facsimile:  (212) 849-7100 | |

*Counsel for*

AIG Asset Management (U.S.), LLC. et al.,
Allstate Insurance Company, et al.,
Massachusetts Mutual Life Insurance Company, and
Prudential Insurance Company of America, et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESERVATION OF RIGHTS OF AIG ASSET MANAGEMENT (U.S.), LLC, ALLSTATE INSURANCE COMPANY, MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, AND THE PRUDENTIAL INSURANCE COMPANY OF AMERICA WITH RESPECT TO JUDGMENT REDUCTION PROVISIONS IN PLAN AND DISCLOSURE STATEMENT**

AIG Asset Management (U.S.), LLC ("AIG"), Allstate Insurance Company ("Allstate"),

Massachusetts Mutual Life Insurance Company ("MassMutual"), and Prudential Insurance

Company of America ("Prudential," and, with AIG, Allstate, and MassMutual, the "Investors"),

holders of general unsecured claims against Residential Capital, LLC and its debtor-subsidiaries (the "Debtors"), by and through their undersigned counsel, hereby submit this reservation of rights concerning the judgment reduction provision in the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors (the "Plan")[1] and the accompanying disclosure statement (the "Disclosure Statement"), and in support thereof respectfully state as follows:

## DISCUSSION

1.      The Investors, who collectively hold more than $1.75 billion in fraud and other claims arising under state and federal securities laws and common law, are parties to the Plan Support Agreement, dated as of May 13, 2013 (the "PSA") and approved by the Court by order dated June 26, 2013.  Under the PSA, $225.7 million was allocated for distribution to the twenty-one (21) Private Securities Claimants.  Following extensive negotiations with the other Private Securities Claimants, the Investors are pleased to report that they have reached an agreement in principle among all Private Securities Claimants regarding the allocation of the $225.7 million. Notably, none of the Private Securities Claimants has filed an objection to the Disclosure Statement; however, the objection deadline was extended for several claimants, and one troubling issue remains unresolved, namely, the appropriate terms of a "judgment reduction" provision to be included in the Plan.

2.      The PSA requires the Plan Proponents (the Debtors and the Creditors' Committee) to file a Plan and Disclosure Statement that are consistent with the PSA, and not to materially and adversely change the treatment set forth in the PSA for any class of creditors. PSA, §§ 2, 6.1(h).  Notwithstanding the clear dictates of the PSA, the Plan and Disclosure

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings set forth in the Plan.

Statement filed on July 3, 2013 contain a judgment reduction provision that is inconsistent with the PSA and is unacceptable to the Investors, as it represents an attempt to materially and adversely change the treatment of Private Securities Claims.  The current judgment reduction provision, as drafted, seeks to give non-settling co-defendants enhanced judgment reduction rights, which could impact the ability of Private Securities Claimants to recover judgments against non-settling co-defendants.  In sum, the judgment reduction provisions included in the Plan and Disclosure Statement are inconsistent with the PSA and must revised, a fact that is not disclosed in Disclosure Statement.

3.      Counsel to the Investors brought this to the attention of the Creditors' Committee several weeks ago, and have been working diligently with counsel to the Creditors' Committee to reach agreement on revised language for an appropriate judgment reduction provision.  The Investors were willing to accept a provision that preserved common law and statutory rights to judgment reduction, but were unwilling to agree to a provision that offered non-settling co-defendants enhanced rights.  Following discussions between the Investors and the Creditors' Committee, it was agreed that enhanced treatment – particularly at great expense to Private Securities Claimants – was not appropriate.  The parties convened a conference call on August 6, 2013, and reached agreement on a revised judgment reduction provision.

4.      On August 6, 2012, shortly after the conference call, counsel to the Investors sent the follow revised judgment reduction provision to counsel to the Creditors' Committee:

> **Judgment Reduction for Co-Defendants in Securities Litigation**
> A defendant against whom a judgment is obtained (whether in a proceeding now or hereafter commenced) on an Investor-related securities claim that is subject to the Third Party Releases shall be entitled to a judgment credit, for each such claim, state or federal, for which contribution or indemnity from an Ally Released Party would be available if not for the Third Party Releases, in

accordance with, and to the extent permitted under, applicable statutory or common law rules, as determined by a court of competent jurisdiction; provided that (i) no Ally Released Party shall be deemed to have admitted to such fault by virtue of this provision; (ii) nothing herein shall create a right for a defendant to obtain discovery from any Ally Released Party, or an obligation for any Ally Released Party to participate in any proceeding to determine fault, in connection with such claim; and (iii) no finding in any proceeding to determine fault shall create any claim against any Ally Released Party or obligation of any Ally Released Party to satisfy any claim. For the avoidance of doubt, nothing herein shall impact any rights to discovery or any rights to request any Ally Released Party to participate in any proceeding to determine fault to the extent such rights independently exist in connection with such proceeding.

5.  On August 8, 2013, counsel for the Creditors' Committee stated that although they were engaged in continuing discussions with counsel for non-settling co-defendants, "[i]n the event we are not successful working out language, we intend to use the language that we discussed on our last call." Notwithstanding this agreement, the Investors continued to work in good faith with the Creditors' Committee to try to achieve language that would resolve all objections, including the concerns of the non-settling co-defendants.

6.  On August 9, 2013, counsel for the Creditors' Committee informed the Investors' that notwithstanding their commitment to "use the language we discussed on our last call" (i.e., the August 6th call) if further agreement could not be achieved, they were continuing to try to accommodate the non-settling co-defendants, and that if an agreement with those parties could not be reached, counsel for the Creditors' Committee "will propose language for inclusion in the Plan that does not contain a pre-determined formula for how the judgment credit is to be determined and properly preserves all parties' rights." The Investors submit that the language quoted above in Paragraph 4 achieves these goals, and are troubled by the apparent decision by counsel for the Creditors' Committees to back away from what was agreed.

7.     Because it is not clear what language counsel for the Creditors' Committee will ultimately propose, the Investors are filing this reservation of rights. Any judgment reduction provision included in the Plan and Disclosure Statement should do no more than preserve the statutory and common law rights of non-settling co-defendants to judgment reduction in accordance with applicable law. The Investors thus reserve all rights in respect of these matters, including in respect of the inclusion in any Plan or Disclosure Statement of a judgment reduction provision that seeks to grant enhanced treatment to non-settling co-defendants, at the expense of the Investors.

*[signature page follows]*

                                        Respectfully submitted,

Dated: August 9, 2013
       New York, New York

                                        **QUINN EMANUEL URQUHART &**
                                        **SULLIVAN, LLP**

                                            /s/ Susheel Kirpalani
                                        Daniel L. Brockett
                                        Susheel Kirpalani
                                        Jennifer Barrett
                                        Maria Ginzburg
                                        Scott C. Shelley

                                        51 Madison Avenue, 22nd Floor
                                        New York, New York 10010
                                        Telephone: (212) 849-7000
                                        Facsimile: (212) 849-7100

                                        Eric D. Winston (admitted *pro hac vice*)
                                        Jeremy D. Andersen (admitted *pro hac vice*)
                                        865 South Figueroa Street
                                        Los Angeles, California 90017
                                        Telephone: (213) 443-3000
                                        Facsimile: (213) 443-3100

*Counsel for AIG Asset Management (U.S.), LLC, et al., Allstate Insurance Company, et al., Massachusetts Mutual Life Insurance Company, and Prudential Insurance Company of America, et al.*

01456.62468/5463467.1