**Hearing Date: August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: August 9, 2013 at 4:00 p.m. (Prevailing Eastern Time) (extended by agreement)**
**Reply Deadline: August 16, 2013 at 12:00 p.m. (Prevailing Eastern Time)**

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 Telephone
(212) 262-7402 Facsimile
Michael S. Etkin (ME 0570)
Andrew Behlmann (AB 1174)
    and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 Telephone
(973) 597-2481 Facsimile

*Bankruptcy Counsel for the Class Action Parties*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al*., | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF NEW JERSEY CARPENTERS HEALTH FUND, NEW JERSEY CARPENTERS VACATION FUND, AND BOILERMAKER BLACKSMITH NATIONAL PENSION TRUST, FOR THEMSELVES AND ON BEHALF OF THE CERTIFIED CLASS, WITH RESPECT TO APPROVAL OF THE DISCLOSURE STATEMENT FOR THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

New Jersey Carpenters Health Fund, the court-appointed lead plaintiff (the "<u>Lead Plaintiff</u>") in the consolidated securities class action styled as *New Jersey Carpenters Health Fund, et al., on Behalf of Themselves and All Others Similarly Situated v. Residential Capital, LLC, et al.*, pending in the United States District Court for the Southern District of New York (the "<u>District Court</u>"), Case No. 08-CV-8781 (HB) (the "<u>Class Action</u>"), together with New Jersey Carpenters Vacation Fund and Boilermaker Blacksmith National Pension Trust (collectively with Lead Plaintiff, the "<u>Class Action Plaintiffs</u>"), for themselves and on behalf of

the class of purchasers defined and certified in the Class Action (the "Certified Class" and collectively with the Class Action Plaintiffs, the "Class Action Parties"), hereby submit this statement (the "Statement") with respect to approval of the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* (the "Disclosure Statement") [Docket No. 4157] filed by the above-captioned debtors and debtors-in-possession (the "Debtors") and the Official Committee of Unsecured Creditors appointed in these chapter 11 cases (the "Committee" and collectively with the Debtors, the "Plan Proponents") for their proposed joint chapter 11 plan (the "Plan") [Docket No. 4153]. In connection with this Statement, the Class Action Plaintiffs respectfully submit as follows:

## BACKGROUND

**The Class Action**

1.      On September 22, 2008, Lead Plaintiff commenced the Class Action in the New York Supreme Court, County of New York. The Class Action was removed to the District Court on October 14, 2008. In the Class Action, the Class Action Plaintiffs, for themselves and on behalf of the Certified Class, assert causes of action for violations of sections 11, 12(a), and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77K, 77(a)(2), and 77o, in connection with the purchase of residential mortgage-backed securities backed by mortgages originated and/or serviced by certain of the Debtors.

2.      On June 14, 2013, the Class Action Plaintiffs entered into a *Stipulation and Agreement of Settlement With Certain Defendants* (the "Settlement Stipulation")[1] with the

---

[1] A copy of the Settlement Stipulation is annexed to the *Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Advance the NJ Carpenters Notice Costs and Transfer Those Funds Into Escrow* [Docket No. 4002] as Exhibit 3.

following defendants in the Class Action: Debtors Residential Capital, LLC, Residential Funding

Company, LLC, and Residential Accredit Loans, Inc., and non-Debtors Bruce J. Paradis,

Kenneth M. Duncan, Davee L. Olson, Ralph T. Flees, Lisa R. Lundsten, James G. Jones, David

M. Bricker, James N. Young, and Ally Securities (collectively, the "Settling Defendants").  The

Settlement Stipulation embodies a settlement of the claims asserted against the Settling

Defendants in the Class Action (the "Settlement").

　　　　3.　　　　The Settlement Stipulation requires the Class Action Plaintiffs and the Settling

Defendants to "use their reasonable best efforts" to include in any order granting final approval

of the Settlement a bar order that bars, enjoins, and restrains claims for contribution or indemnity

against the parties released under the Settlement.  See Settlement Stipulation, ¶ 42.  The

Settlement Stipulation further provides that any person or entity so enjoined "shall be entitled to

appropriate judgment reduction in accordance with applicable statutory or common law rule to

the extent permitted under the Securities Act for the claims alleged" in the Class Action.  See id.,

¶ 43.

　　　　4.　　　　On June 14, 2013, the Class Action Plaintiffs filed a motion in the District Court

seeking, among other relief, entry of an order (a) granting preliminary approval of the

Settlement, (b) certifying a settlement class, (c) approving the form of notice of the Settlement,

and (d) scheduling a hearing on final approval of the Settlement.

　　　　5.　　　　On June 28, 2013, the District Court entered an order that, among other relief,

granted preliminary approval of the Settlement, certified a settlement class for purposes of the

Settlement, scheduled a hearing to consider final approval of the Settlement for October 7, 2013

at 9:30 a.m. (Eastern), and approved procedures for giving notice of the Settlement (the

"Preliminary Approval Order").

**STATEMENT**

6.    The Plan sets forth a judgment reduction mechanism, apparently for the benefit of

non-debtor defendants in securities litigation, which provides as follows (the "Judgment

Reduction Provision"):

### J.    Judgment Reduction for Co-Defendants in Securities Litigation

A defendant against which a judgment is obtained on a securities-related claim that is subject to the Third Party Releases shall be entitled to a judgment credit, for each such claim, state or federal, for which contribution or indemnity from an Ally Released Party would be available if not for the Third Party Releases, in an amount that is the greater of (a) the amount of the applicable Ally Released Party's indemnification or contribution obligation under the relevant contract(s) as determined by a court of competent jurisdiction or (b) the proportionate share of the applicable Ally Released Party's fault as to such claim; provided that (i) no Ally Released Party shall be deemed to have admitted to such fault by virtue of this provision; (ii) nothing herein shall create a right for a defendant to obtain discovery from any Ally Released Party, or any obligation for any Ally Released Party to participate in any proceeding to determine fault, in connection with such claim; and (iii) no finding in any proceeding to determine fault shall create any claim against any Ally Released Party or obligation of any Ally Released Party to satisfy any claim.

See Plan, Art. IX.J.

7.    Neither the plan support agreement nor the term sheets attached thereto require

the Plan to contain the Judgment Reduction Provision, and the Disclosure Statement provides no

explanation for its inclusion.  The Class Action Plaintiffs further maintain that the Judgment

Reduction Provision would contravene the judgment reduction language in the Settlement

Stipulation, to which certain Debtors are parties, and is improper for a variety of other reasons.

8.    The Class Action Plaintiffs have been engaged in discussions with counsel for the

Committee in an attempt to resolve the Class Action Plaintiffs' concerns regarding the Judgment

Reduction Provision and the accompanying disclosure issues, and intend to continue to work toward a resolution with the Plan Proponents.  The Class Action Plaintiffs therefore reserve all rights with respect to the Judgment Reduction Provision and any other provision related to judgment reduction that may be proposed in future versions of the Plan and/or the Disclosure Statement.  The Class Action Plaintiffs further reserve their right to supplement this Statement if resolution is not reached and to appear and be heard at the hearing to consider approval of the Disclosure Statement.

## **<u>RESERVATION OF RIGHTS</u>**

9.      The Class Action Plaintiffs reserve all rights with respect to the Debtors' bankruptcy cases, the claims of the Class Action Parties, the Class Action, and the Plan.

*[ signature page follows ]*

Dated:  August 9, 2013
New York, New York

Respectfully submitted,

*/s/ Michael S. Etkin*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (ME 0570)
Andrew Behlmann (AB 1174)
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 (Telephone)
(212) 262-7402 (Facsimile)

and

65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
(973) 597-2481 (Facsimile)

*Bankruptcy Counsel for the Class Action
  Parties*