Hearing Date: August 21, 2013 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: August 9, 2013 at 4:00 p.m. (Prevailing Eastern Time) (extended by agreement)
Reply Deadline: August 16, 2013 at 12:00 p.m. (Prevailing Eastern Time)

**LOWENSTEIN SANDLER LLP**
1251 Avenue of the Americas, 17th Floor
New York, New York 10020
(212) 262-6700 Telephone
(212) 262-7402 Facsimile
Michael S. Etkin (ME 0570)
Andrew Behlmann (AB 1174)
    and
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 Telephone
(973) 597-2481 Facsimile

*Bankruptcy Counsel for Cambridge Place
   Investment Management Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | (Jointly Administered) |

**STATEMENT OF CAMBRIDGE PLACE INVESTMENT MANAGEMENT INC. WITH RESPECT TO APPROVAL OF THE DISCLOSURE STATEMENT FOR THE JOINT CHAPTER 11 PLAN PROPOSED BY RESIDENTIAL CAPITAL, LLC, et al., AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Cambridge Place Investment Management Inc. ("CPIM"), plaintiff in the civil actions styled as *Cambridge Place Investment Management Inc. v. Morgan Stanley & Co., Inc., et al.*, pending in the Superior Court of Massachusetts, Case Nos. 10-2741-BLS1 and 11-0555-BLS1 (collectively, the "CPIM Actions"), hereby submits this statement (the "Statement") with respect to approval of the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* (the "Disclosure Statement") [Docket No. 4157] filed by the above-captioned debtors and debtors-in-possession (the "Debtors") and the Official Committee of Unsecured Creditors appointed in these chapter 11

cases (the "Committee" and collectively with the Debtors, the "Plan Proponents") for their proposed joint chapter 11 plan (the "Plan") [Docket No. 4153]. In connection with this Statement, CPIM respectfully submits as follows:

## BACKGROUND

**The CPIM Actions**

1. CPIM filed the CPIM Actions in the Superior Court of Massachusetts, Suffolk County, on July 9, 2010 and February 11, 2011.[1] The CPIM Actions named as defendants several entities not affiliated with the Debtors or Ally Financial Inc., their ultimate parent, and Debtors Residential Accredit Loans, Inc., Residential Asset Mortgage Products, Inc., and Residential Asset Securities Corporation. The CPIM Actions assert causes of action arising under sections 410(a)(2) and 410(b) of the Massachusetts Uniform Securities Act (the "MUSA"), MASS. GEN. LAWS ch. 110A (2012). Certain claims asserted in the CPIM Actions are among the claims to be resolved through the Private Securities Claims Trust under the proposed Plan.

## STATEMENT

2. The Plan sets forth a judgment reduction mechanism, apparently for the benefit of non-debtor defendants in securities litigation, which provides as follows (the "Judgment Reduction Provision"):

> **J. Judgment Reduction for Co-Defendants in Securities Litigation**
>
> A defendant against which a judgment is obtained on a securities-related claim that is subject to the Third Party Releases shall be entitled to a judgment credit, for each such claim, state or federal, for which contribution or indemnity from an Ally Released Party would be available if not for the Third Party Releases, in an amount that is the greater of (a) the amount of the applicable Ally Released Party's indemnification or contribution obligation under

---

[1] CPIM filed the two separate amended complaints in the CPIM Actions pursuant to a *Stipulation and Proposed Order* dated October 7, 2011.

-2-

>   the relevant contract(s) as determined by a court of competent jurisdiction or (b) the proportionate share of the applicable Ally Released Party's fault as to such claim; provided that (i) no Ally Released Party shall be deemed to have admitted to such fault by virtue of this provision; (ii) nothing herein shall create a right for a defendant to obtain discovery from any Ally Released Party, or any obligation for any Ally Released Party to participate in any proceeding to determine fault, in connection with such claim; and (iii) no finding in any proceeding to determine fault shall create any claim against any Ally Released Party or obligation of any Ally Released Party to satisfy any claim.

See Plan, Art. IX.J.

3. Neither the plan support agreement nor the term sheets attached thereto require the Plan to contain the Judgment Reduction Provision, and the Disclosure Statement provides no explanation for its inclusion. CPIM further maintains that the Judgment Reduction Provision is improper for a variety of reasons.

4. CPIM has been engaged in discussions with counsel for the Committee in an attempt to resolve CPIM's concerns regarding the Judgment Reduction Provision and the accompanying disclosure issues, and intends to continue to work toward a resolution with the Plan Proponents. CPIM therefore reserves all rights with respect to the Judgment Reduction Provision and any other provision related to judgment reduction that may be proposed in future versions of the Plan and/or the Disclosure Statement. CPIM further reserves its right to supplement this Statement if resolution is not reached and to appear and be heard at the hearing to consider approval of the Disclosure Statement.

## **RESERVATION OF RIGHTS**

5. CPIM reserves all rights with respect to the Debtors' bankruptcy cases, CPIM's claims, the CPIM Actions, and the Plan.

Dated: August 9, 2013
New York, New York

        Respectfully submitted,

        */s/ Michael S. Etkin*
        **LOWENSTEIN SANDLER LLP**
        Michael S. Etkin (ME 0570)
        Andrew Behlmann (AB 1174)
        1251 Avenue of the Americas, 17th Floor
        New York, New York 10020
        (212) 262-6700 (Telephone)
        (212) 262-7402 (Facsimile)

        and

        65 Livingston Avenue
        Roseland, New Jersey 07068
        (973) 597-2500 (Telephone)
        (973) 597-2481 (Facsimile)

        *Bankruptcy Counsel for Cambridge Place*
          *Investment Management Inc.*