UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE:

W.J. Smith aka Winland Smith and
Irma Elizabeth Smith,

      Debtors.

Case No. 06-10898
Chapter 13

---

W.J. SMITH aka WINLAND SMITH and
IRMA ELIZABETH SMITH,

      Plaintiffs,

vs.

GMAC MORTGAGE, LLC

      Defendant.

ADVERSARY PROC. NO.

---

**COMPLAINT SEEKING ORDER OF CONTEMPT, SANCTIONS, AND DAMAGES
IN CORE PROCEEDING**

### INTRODUCTION

1. This is an action for actual and punitive damages filed by the Debtors pursuant to Sections 105, 524, 1327 and 1328 of the Bankruptcy Code, Rules 7001 and 7054 of the Federal Rules of Bankruptcy Procedure.

2. This action is also filed to enforce the Order of Discharge duly entered in this Chapter 13 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

### JURISDICTION

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtors in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, and Section 157(b)(2) of Title 28 of the United States Code.

5. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding, then and in that event, the Plaintiffs consent to the entry of a final order by the Bankruptcy Judge.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

## PARTIES

7. The Debtors/Plaintiffs in this case are the Debtors under Chapter 13 of Title 11 of the United States Bankruptcy Code in Case Number 06-10898. Debtors were discharged on December 6, 2011 and the Chapter 13 Trustee rendered the Final Report and Final Account on December 7, 2011. The Bankruptcy Case was closed on January 10, 2012.

8. The Defendant, GMAC Mortgage, LLC (hereinafter "GMAC"), upon information and belief, is a Delaware limited liability company with its principal address at 100 Witmer Road, Horsham, PA 19044. GMAC is in the business of originating and servicing residential and commercial mortgage loans. GMAC's registered agent for service in the State of Alabama is CSC Lawyers Incorporating Service, Inc., 150 S. Perry Street, Montgomery, AL 36104.

9. GMAC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by Debtors/Plaintiffs.

## FACTUAL ALLEGATIONS

10. On August 12, 2005, Debtors entered into a mortgage loan transaction with Mortgage Corporation of the South. The Debtors signed a Note promising to pay Mortgage Corporation of the South $50,000.00 at 8.75 percent interest over fifteen years at $499.72 per month. The Note was secured by a Mortgage on the Debtors' property located at 1206 Snowden Drive, Andalusia, Covington County, Alabama.

11. The Debtors filed a voluntary Chapter 13 petition with this Court on August 25, 2006.

12. The Debtors' original Chapter 13 plan was confirmed on December 14, 2006.

13. On or about October 29, 2010, GMAC filed a Motion for Relief from Automatic Stay alleging Debtors were in post-petition default of their mortgage loan, alleging an amount due as follows:

| | |
|---|---:|
| 4 payments (07/10 through 10/10) of $579.45 each | $2,317.80 |
| Accrued Unpaid Late Charges | 624.47 |
| Debtor Suspense | -522.21 |
| Bankruptcy Attorney Fees/Costs for MFR | <u>650.00</u> |
| Total | $3,070.06 |

14. Following a hearing on said Motion, an Order was entered on December 3, 2010, conditionally denying the Motion for Relief (see ***Exhibit A***, attached hereto and incorporated herein by reference). The Debtors' Chapter 13 plan was amended to provide for a fixed payment and add the post-petition mortgage payments through November 2010, plus attorney fees and costs in connection with GMAC's Motion. GMAC filed a claim for said amount:

| | |
|---|---:|
| 4 payments at $579.45 for 08/10 through 11/10 | $2,317.80 |
| Accrued Late Charges | 624.47 |
| Minus Partial Payment | -522.21 |
| Attorney Fees and Costs | <u>600.00</u> |
| Total to be added to and paid through the plan | $3,020.06 |

15. The Debtors continued future regular monthly mortgage payments directly to GMAC with the December 2010 payment.

16. The Debtors filed a proposed amended Chapter 13 plan on December 28, 2010 reflecting the terms of the December 3, 2010 Order.

17. The Order granting Debtors' proposed amended Chapter 13 Plan was entered on January 24, 2011.

18. The Discharge Order was entered in Debtors' Chapter 13 on December 6, 2011 (see ***Exhibit B***, attached hereto and incorporated herein by reference).

19. The Trustee's Final Report and Account were entered on December 7, 2011.

20. No objections to the Discharge Order were filed and on January 10, 2012, the Debtors' Chapter 13 was closed.

21. Unknown fees and charges showed up on the Debtors' monthly mortgage statements, prompting Debtors to contact GMAC.

22. On February 9, 2012, GMAC responded to the Debtors' inquiry on alleged default-related fees appearing on the Debtors' statement. According to the February 9, 2012 letter faxed to the Debtor, GMAC stated that "*[T]he fees were assessed in connection with the bankruptcy. There are various fees including legal fees, property inspection fees and miscellaneous delinquency fees.*" [Emphasis added.] A copy of the letter is attached hereto as *Exhibit C*, and incorporated herein by reference.

23. GMAC's letter instructed the Debtors to contact GMAC's bankruptcy attorney, Sirote & Permutt, to discuss any additional questions regarding the Debtors' account.

24. On or about February 24, 2012, Tracey Erickson, claiming to be "a HOPE representative with GMAC," sent a letter to Debtors to schedule a meeting in Pensacola, Florida on March 10, 2012 to discuss the Debtors' mortgage loan.

25. The February 24, 2012 letter from GMAC was, in fact, an attempt to collect a debt as evidenced by GMAC's disclosure "*Please be advised that this communication and all subsequent communication (written and/or oral) is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose.*" A copy of the letter is attached hereto as *Exhibit D*, and incorporated herein by reference.

26. On April 3, 2012, GMAC sent a notice to the Debtors demanding payment in the amount of $1,852.73 within 35 days from the date of the notice in order to avoid foreclosure.

27. The April 3, 2012 notice from GMAC was, in fact, an attempt to collect a debt as evidenced by GMAC's disclosure *"This is an attempt to collect a debt and any information obtained will be used for that purpose."*

28. The April 3, 2012 notice from GMAC further stated that *"…if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt."* A copy of the notice is attached hereto as *Exhibit E*, and incorporated herein by reference.

29. The Debtors allege that they have been damaged by having to retain counsel to resolve this matter with GMAC.

30. The Debtors allege that they are in fear that they will lose their home, and that the actions of GMAC have caused Debtors tremendous anxiety and stress.

31. The Debtors have been agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the actions of GMAC.

32. The Debtors allege that GMAC's actions show a blatant disregard for the authority of this Honorable Court.

33. GMAC has failed to properly credit Trustee payments and/or Debtors' payments to Debtors' account, and has added additional fees and costs to Debtors' account during the course of Debtors' bankruptcy and GMAC failed to notify the Court, Trustee, Debtors' attorney, or the Debtors.

34. GMAC has ignored Orders of this Court, and has put the Debtors in the untenable position of allegedly being in default on their mortgage within a month of the successful completion of their bankruptcy.

35. The Debtors allege the actions of GMAC are a gross and willful violation of the Order conditionally denying GMAC's Motion for Relief and the Order of Discharge and, as such, Defendant should be found to be in contempt of same.

## FIRST CLAIM FOR RELIEF
### Violation of the Bankruptcy Court's Permanent Injunction
### Pursuant to 11 U.S.C. § 524

36. The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

37. The Debtors are informed and believe and therefore allege that the actions of GMAC constitute a gross and willful violation of this Court's injunction against collection of a discharged debt as set forth in 11 U.S.C. § 524.

38. The Debtors are informed and believe and therefore allege that the attempt to collect the fees and expenses that have either been paid through Debtors' plan or added to Debtors' account without Court approval constitutes an unlawful and illegal attempt to collect a debt and is inconsistent with the general bankruptcy discharge.

39. As a result of the above described violations of 11 U.S.C. § 524, GMAC should be held liable to the Debtors for actual damages, punitive damages, and legal fees, and/or should be held liable for contempt of this Court's discharge order pursuant to 11 U.S.C. § 105(a).

## SECOND CLAIM FOR RELIEF
### Violation of the Fair Debt Collection Practices Act ("FDCPA")

40. The allegations contained in the preceding paragraphs are realleged and incorporated herein by reference.

41. GMAC violated the FDCPA by engaging in conduct the natural consequences of which are to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

42. GMAC violated the FDCPA by attempting to collect a discharged debt.

43. As a result of the above violations of the FDCPA, GMAC is liable to the Debtors for actual damages, statutory damages of $1,000.00, and attorney's fees.

WHEREFORE, the Debtors, having set forth their claims for relief against the Defendant, respectfully pray of this Honorable Court as follows:

1. That the Debtors have and recover against Defendant a sum to be determined by the Court in the form of actual damages;

2. That the Debtors have and recover against Defendant a sum to be determined by the Court in the form of statutory damages;

3. That the Debtors have and recover against Defendant a sum to be determined by the Court in the form of punitive damages;

4. That the Debtors have and recover against Defendant all reasonable legal fees and expenses incurred herein;

5. That the Court find Defendant to be in contempt of the Court's Order entered into the record on December 3, 2010;

6. That the Court find Defendant to be in contempt of the Court's Order of Discharge entered December 6, 2011;

7. That Defendant be required to report a corrected trade line with the three national credit reporting agencies indicating that the Debtors' mortgage is current;

8. That the underlying debt be forever canceled and discharged and GMAC be ordered to release all liens on the residence of the Debtors and mark "paid in full" on all loan documents with said documents to be delivered to the Debtors with all liens duly canceled and released; and

9. That the Debtors have such other and further relief as this Court may deem just and proper.

Dated this 24th day of April, 2012.

        Respectfully submitted,

        /s/Nick Wooten
        Nick Wooten
        Nick Wooten - Bar No. WOO084
        Nick Wooten, LLC
        P.O. Box 3389
        Auburn, AL 36831
        Tel. (334) 887-3000
        Fax (334) 821-7720
        Email: nick@nickwooten.com

**EXHIBIT A**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | } | |
| SMITH, W. J. | } | CASE NO:   06-10898-DHW-13 |
| SSN xxx-xx-3357 | } | |
| SMITH, IRMA ELIZABETH | } | |
| SSN xxx-xx-7533 | } | |
| Debtor(s) | } | |

### ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
### FILED BY GMAC MORTGAGE, LLC

This matter coming before the Court on the Motion for Relief from Automatic Stay filed by GMAC MORTGAGE, LLC (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Chapter 13 plan is hereby amended to provide for a fixed payment and add the post-petition mortgage payments through November, 2010 plus the attorney fees and costs in connection with Creditor's Motion for Relief from Stay. The Creditor shall file a claim for that amount.

   | | |
   |---|---|
   | 4 payments @ $579.45 for 08/10 through 11/10: | $2,317.80 |
   | Accrued Late Charges: | $ 624.47 |
   | Minus Partial Payment: | ($ 522.21) |
   | Attorney Fees and Costs: | $ 600.00 |
   | Total: | $3,020.06 |

2. The Creditor shall file a post-petition claim for **TOTAL ARREARAGE** of $3,020.06.
3. The Chapter 13 plan payments are hereby increased to $112.00 a week.
4. The fixed payments to the Creditor are increased to $335.00 per month.
5. The Motion for Relief from Stay filed by GMAC MORTGAGE, LLC is hereby conditionally denied. However, should the Debtor default under the mortgage agreement between the parties beginning December, 2010, the Motion for Relief from Stay is granted if the Creditor gives the Debtor and the Debtor's attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further order of the Court. Further, the Creditor is allowed to communicate with the Debtor(s) any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default. The Debtor is responsible for reasonable attorney fees involved in the enforcement of this order.

Done this the 3rd day of December, 2010.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

Prepared by:
ENSLEN CROWE
SIROTE & PERMUTT, P.C.
P.O. Box 55887
Birmingham, Alabama 35255-5887
Telephone: (205) 918-5013

This order was approved by Debtor's attorney and Curtis C. Reding, Trustee.

B18WJ (12/03)

<span style="background-color:yellow">**EXHIBIT B**</span>

# United States Bankruptcy Court

Middle District of Alabama

**Case No. 06–10898**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):

| | |
|---|---|
| W.J. Smith<br>aka Winland Smith<br>1206 Snowden Drive<br>Andalusia, AL 36420 | Irma Elizabeth Smith<br>1206 Snowden Drive<br>Andalusia, AL 36420 |

Social Security No.:
xxx–xx–3357                                                                 xxx–xx–7533

Employer's Tax I.D. No.:

## DISCHARGE OF JOINT DEBTORS AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtor(s) is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under § 1328(a) of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Done this 6th day of December, 2011.

/s/ Dwight H. Williams Jr.
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18WJ continued (7/99)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:]* [There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to § 502 of the Bankruptcy Code.

**Debts that are Not Discharged.**

Some of the common types of debts which are <u>not</u> discharged in a chapter 13 bankruptcy case are:

a. Debts that are in the nature of alimony, maintenance, or support;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle while intoxicated;

e. Debts provided for under § 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due; and

f. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

**EXHIBIT C**

# GMAC Mortgage

| | |
|---|---|
| Date | February 9, 2012 |
| Number of pages including cover sheet | 2 |

| TO: | W J Smith | FROM: | MK |
|---|---|---|---|
| Attn: | | | **GMAC MORTGAGE** |
| | | | 3451 Hammond Avenue |
| | | | Waterloo, IA 50702 |
| Phone | | | |
| | | Phone | 800-766-4622 |
| | | Fax Phone | 319-236-5167 |
| Fax | 334-■■-■■ | | |
| | | Account Number | ■■■8199 |

| REMARKS: | X | Urgent | | For your review | | Reply ASAP | | Please Comment | | See Attached |
|---|---|---|---|---|---|---|---|---|---|---|

The information contained in this communication is confidential and privileged proprietary information intended only for the personal and confidential use of the individual or entity to whom it is addressed. If you are not the addressee indicated in this message (or an agent responsible for delivery of the message to such person), you are hereby notified that you have received this communication in error and that any review, dissemination, copying or unauthorized use of this message is strictly prohibited. In such case, you should destroy this message and kindly notify the sender by reply fax. Please advise immediately if you or your employer do not consent to fax messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of the Company shall be understood as neither given nor endorsed by it. It is the Company's policy that faxes are intended for and should be used for business purposes only.

# GMAC Mortgage

February 9, 2012

W J Smith
1206 Snowden Dr
Andalusia AL 36420-4726

RE:    Account Number         8199
       Property Address       1206 Snowden Drive
                              Andalusia AL 36420

Dear W J Smith:

This is in response to your inquiry regarding the default-related fees assessed to the above-referenced account.

The fees were assessed in connection with the bankruptcy. There are various fees including legal fees, property inspection fees and miscellaneous delinquency fees.

To obtain a break down of these fees, please contact your bankruptcy attorney with further questions. Also, your attorney may contact our bankruptcy attorney to discuss any additional questions regarding the status of your account.

> Sirote & Permutt
> 2311 Highland Avenue South
> Birmingham AL 35205
> Phone: 205-930-5150

If you have any further questions, please contact Customer Care at 1-800-766-4622, between the hours of 6:00 am to 10:00 pm CT, Monday through Friday and 9:00 am to 1:00 pm CT on Saturday.

Customer Care
Loan Servicing

mk

www.gmacmortgage.com            Tel: (800) 766-4622
3451 Hammond Ave
Waterloo, IA 50702

# GMAC Mortgage

PO Box 780
Waterloo, IA 50704-0780

**EXHIBIT D**

02/24/12

158

W.J. SMITH
1206 SNOWDEN DR
ANDALUSIA, AL  36420-4726

Loan Number: ▓▓▓▓8199

Dear W.J. SMITH:

GMAC Mortgage, LLC is committed to work with homeowners to retain ownership. We want to see you succeed and get your finances back on track.

I Tracey Erickson, a HOPE representative with GMAC Mortgage, LLC, would like the chance to meet with you and discuss your mortgage loan. I will be available at Vickrey Resource Center, 2130 Summit Blvd, Pensacola, Fl. 32502, on March 10th from 10:00 AM - 5:00 PM. To ensure we have a productive meeting, **please bring the following with you to your appointment:**

1) **Signed letter explaining the cause of default or imminent (future) default and signed Hardship Affidavit**

2) **Completed Financial Analysis Form**

3) **Copies of the two most recent pay stubs (for each borrower on the loan) or, if self-employed, a current income statement, balance sheet, statement of owner's equity and a 6-month profit and loss statement**

4) **Copy of your most recent Federal Tax return with all schedules and completed Request for Transcript of Tax Return, Form 4506-T**

5) **Proof of homeowner's insurance (if not included in your mortgage payment).**

Appointments are limited. Therefore, we encourage you to schedule your appointment at your earliest convenience. You can schedule your appointment online at www.Pensacola.timetrade.com, or you can also contact me directly at **800-799-9266**. If you are unable to attend this event on the scheduled date(s) and times, you can submit the documents via fax to **866-502-9347**.  I look forward to assisting you.

Sincerely,

Tracey Erickson
GMAC Mortgage, LLC
HOPE / KeyChain Alliance

Enclosure

*Please be advised that this communication and all subsequent communication (written and/or oral) is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose.*

GMAC Mortgage
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780



April 3, 2012

03/14/12 10 00 3   0004009 20120404 H00VG102 GMACDUPL 1 OZ DOM H00VG10000T 160275 DM

||||||··||····||··||··||····||··||····||····||··||····||····||····||····|

IRMA SMITH
1206 SNOWDEN DRIVE
ANDALUSIA AL   36420-4726



**EXHIBIT E**

RE:    Account Number         ████8199
       Property Address       1206 SNOWDEN DRIVE
                              ANDALUSIA AL 36420

Dear W.J. SMITH:

We have not received your mortgage payments for the months of 02/01/12 through 04/01/12. This means your account is now in default. This is a demand for payment of the total amount due as of April 3, 2012:

| | |
|---|---|
| Payments | $ 1769.73 |
| Late charges | $ 0.00 |
| Fees, costs, and other accrued to date | $ 83.00 |
| Suspense | $ - 0.00 |
| Total Amount Due | $ 1852.73 |

To avoid foreclosure, you need to pay this amount no later than 35 days from the date of this notice. You also need to pay for all additional payments and fees that accumulate during this period.

Unless we receive full payment of all past-due amounts within 35 days from the date of this notice, we will require immediate payment of your entire loan and begin foreclosure proceedings. This could result in the loss of your home. You may have the right to bring a court action to challenge the default, or assert other defenses to immediate payment and sale that may be available in your mortgage documents or under state law.

If your payment is not accepted for any reason or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved.

(Continued on next page)



April 3, 2012
Account Number ████ 8199
Page Two

Once in foreclosure, you have the right to reinstate your account up to five days before the foreclosure sale of your home if: 1) you pay the total amount due plus any fees, costs, and other amounts that accumulate through the reinstatement date, and 2) you take any other action reasonably required by us to assure the security of the property. Your obligations under the loan documents will still apply during this time.

Your credit rating may be negatively affected if you do not resolve this matter. We may visit your property from time to time to determine its condition and occupancy status. You will be responsible for the costs of these inspections.

HUD-approved counseling is available on FHA guaranteed loans by calling 1-800-569-4287. If you would like to discuss this letter, we encourage you to contact our loan counselors immediately at 800-850-4622 (weekdays, 8:00 a.m. - 11:00 p.m. CT; Saturday, 8:00 a.m. - 12:00 p.m.).

Sincerely,


Collection Department
Loan Servicing


Please Note:
This is an attempt to collect a debt and any information obtained will be used for that purpose.

If you have filed for bankruptcy and your case is still active or if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally. If you have surrendered your property during your bankruptcy case, please disregard this notice.

If you are currently in bankruptcy under Chapter 13, you should continue to make payments in accordance with your Chapter 13 Plan and disregard this notice.

5020