# Exhibit 11

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: __BERNARD J. FRIED___    PART __60__
         HON. BERNARD J. FRIED  Justice    E-FILE

---

MBIA Insurance Corp.,

               Plaintiff,

- v -

Residential Funding Co., LLC,
               Defendant.

INDEX NO.        __603552/2008__
MOTION DATE      _____
MOTION SEQ. NO.  __003__
MOTION CAL. NO.  _____

The following papers, numbered 1 to ___ were read on this motion to/for _____

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | |
| Answering Affidavits — Exhibits _____ | |
| Replying Affidavits _____ | |

Cross-Motion:  ☐ Yes   ☐ No

    With this motion, Motion Sequence 003, Defendant Residential Funding Co., LLC (RFC) moves for an Order, pursuant to CPLR § 3211(a)(7), dismissing with prejudice the Fifth, Sixth, Seventh, and Eighth Causes of Action alleged in the First Amended Complaint by Plaintiff MBIA Insurance Corp. (MBIA). The Fifth Cause of Action alleges negligent misrepresentation. The Sixth Cause of Action alleges a breach of the duty of good faith and fair dealing. The Seventh Cause of Action is for equitable and implied indemnification. The Eight Cause of Action is for unjust enrichment.

    Neither party makes any arguments regarding the Sixth, Seventh, and Eighth Causes of Action. These are merely re-alleged so that they are preserved for appeal; RFC moves to dismiss them, and MBIA opposes the motion, on the same grounds as were argued with respect to the similar Causes of Action contained in the original Complaint. Accordingly, the Sixth, Seventh, and Eighth Causes of Action are dismissed for the reasons set forth in my opinion, dated December 22, 2009, dismissing certain Causes of Action alleged in the original Complaint. For the reasons set forth below, the Fifth Cause of Action is dismissed as well.

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
    FOR THE FOLLOWING REASON(S):

This case concerns an alleged breach of five contracts for the provision of financial guaranty insurance - pertaining to five separate mortgage-backed securities - and of certain representations and warranties made in connection with those contracts. On December 22, 2009, I issued an Order dismissing certain claims alleged in the original Complaint and permitted MBIA to amend its Complaint. Among those claims that I dismissed was Plaintiff's claim for negligent misrepresentation, which is re-alleged as the Fifth Cause of Action in the First Amended Complaint, which Plaintiff filed on March 29, 2010 and RFC now moves to dismiss.

RFC argues that the Fifth Cause of Action, for negligent misrepresentation, should be dismissed because it is duplicative of the breach of contract claims alleged in the Amended Complaint which comprise the primary causes of action in this matter. RFC argues that it is a well-settled principle of New York Law that a party cannot maintain both a tort and a contract claim for one same alleged misrepresentation or set of misrepresentations. According to RFC, the alleged misrepresentations that form the basis of MBIA's negligent misrepresentation claim are "merely the representations and warranties contained in the Securitization agreements." Def. Opening Br. at 6. Consequently, RFC argues, the negligent misrepresentation claim cannot stand.

RFC also argues that the Fifth Cause of Action is insufficiently pled because it does not adequately allege the existence of a "special relationship" between RFC and MBIA, which is a necessary element of a claim for negligent misrepresentation. Specifically, in my December 22, Order, I held that, "MBIA must [also] plead facts showing a special relationship of trust and confidence between the parties, which created a duty on the part of RFC to impart correct information about the mortgage loans to MBIA, and that MBIA reasonably relied on incorrect information about the mortgage loans to its detriment." Dec. 22, 2009 Order (citations omitted). RFC argues that MBIA fails to plead any facts that permit the inference that such a "special relationship" exists. This is the central question before me now: Has MBIA sufficiently pled the existence of a special relationship?

2

In support of its argument, RFC cites to a recent decision by Judge Bransten, dismissing a claim for negligent misrepresentation (also alleged by MBIA) in a similar case to this one, with similar facts and a similar complaint to that at issue here. In that case, *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, et al., Index No. 602825/2008 (Sup. Ct. N.Y. Cty. Apr. 27, 2010), Judge Bransten dismissed the Amended Complaint, holding that, "MBIA fails to replead a cause of actioon for negligent misrepresentation. . . . MBIA merely alleges an 'ordinary business relationship' upon which a negligent misrepresentation may not be based." *Id.* at *10. RFC argues that MBIA fails in this case, as well, to plead the existence of a special relationship and, consequently, its negligent misrepresentation claim must be dismissed.

In opposition, MBIA argues that it does, in fact, allege the existence of a special relationship between RFC and MBIA that is sufficient to survive a motion to dismiss. MBIA argues that courts have found a special relationship to exist when one of the parties has superior knowledge, initiates contact, and induces the other party to forgo ordinary due diligence or to rely upon that party's misrepresentation to engage in the transaction at issue. MBIA argues that, according to these criteria, the Amended Complaint sufficiently alleges the existence of a special relationship between the parties that developed before the Securitization agreements. Specifically, MBIA contends that "MBIA's Amended Complaint sets forth new allegations with respect to RFC's pre-contractual conduct" that induced MBIA to execute the Securitization agreements. Plf. Opposition Br. at 11.

Furthermore, MBIA argues, its negligent misrepresentation claim is not duplicative of its contract claims because MBIA has pled the existence of a legal duty on the part of RFC - by virtue of the parties' special relationship - that exists independently of any duty imposed by the Securitization agreements.

In reply, RFC argues that the Amended Complaint simply fails to allege the existence of any special relationship between the parties that exists independently of RFC's contractual obligations to MBIA as established by the Securitization

3

agreements. Relatedly, RFC points out that, "**MBIA does not allege that RFC made any misrepresentations during those pre-contractual meetings.**" Def. Reply Br. at 6 (emphasis in original). Accordingly, RFC argues, MBIA's own pleadings allege only that two sophisticated parties negotiated at arms' length - without any pre-existing special relationship - to execute the Securitization agreements that are the basis of MBIA's contractual claims against RFC. Furthermore, RFC argues that the law in New York is clear that no special relationship can exists as a matter of law where there is an identical contractual remedy available.

After hearing argument and reviewing the papers regarding this motion, I now hold that the First Amended Complaint fails to allege the existence of a special relationship between MBIA and RFC that is the necessary basis for a claim of negligent misrepresentation in connection with an arms' length transaction between two sophisticated parties such as these. As Judge Bransten held in the *Countrywide* case before her, a special relationship exists where (1) a defendant possesses "unique or special expertise" that goes beyond knowledge of "the particulars" of its own business, (2) the defendant makes some "affirmative effort to gain plaintiffs' trust and confidence," and (3) "the special relationship [] exist[s] before the contractual relationship giving rise to the alleged wrong, and not as a result of it." *MBIA Ins. Corp. v. Countrywide Home Loans, Inc.*, et al., Index No. 602825/2008, at *8-9 (Sup. Ct. N.Y. Cty. Apr. 27, 2010) (citations omitted). Applying these criteria, MBIA's First Amended Complaint does not sufficiently allege that MBIA and RFC had a special relationship of the sort that would sustain a negligent misrepresentation claim against RFC.

4

Consequently, the Fifth Cause of Action is dismissed and I reserve judgment on whether this Cause of Action is duplicative of the contract claims that are alleged against RFC. Furthermore, as discussed above, the Sixth, Seventh, and Eighth Causes of Action are dismissed as well. Accordingly, it is

**ORDERED** that this motion is GRANTED; and it is further

**ORDERED** that the parties are hereby directed to appear for the status conference that has been set for Wednesday, February 23, 2011 at 9:30 am at Part 60 of the Courthouse at 60 Centre Street, Room 248.

Dated: 11/8/2010

J.S.C.

HON. BERNARD J. FRIED

Check one:  ☐ FINAL DISPOSITION    ☒ NON-FINAL DISPOSITION

Check if appropriate:    ☐ DO NOT POST    ☐ REFERENCE

5