# Exhibit 17

# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

Direct Number: (212) 326-3418
hfsidman@JonesDay.com

July 29, 2013

VIA E-MAIL

Michael R. Carney, Esq.
McKool Smith, P.C.
One Bryant Park, 47th Floor
New York, NY 10036

Joseph T. Baio, Esq.
Mary Eaton, Esq.
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019

J. Christopher Shore, Esq.
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036

Re:   *In re Residential Capital, LLC, et al.*, Chp. 11 Case No. 12-12020 (MG)

Counsel:

I write on behalf of Financial Guaranty Insurance Company ("FGIC") to respond to certain requests for information made at the deposition of Ron D'Vari of NewOak Capital Advisors LLC ("NewOak") on July 25, 2013.

NewOak was retained by FGIC's outside counsel to provide independent advisory services to FGIC in the fourth quarter of 2010 and into 2011, estimating future cash flow liabilities for FGIC under certain stress scenarios with respect to FGIC's financial guaranty portfolio, including wrapped public finance and structured finance transactions (the "Prior FGIC Engagement"). NewOak's analysis in connection with the Prior FGIC Engagement was performed at the request of FGIC's outside counsel and in connection with FGIC's preparation for its restructuring and in anticipation of potential litigation relating to its restructuring.

Shortly after Dr. D'Vari's retention by the Debtors to provide expert testimony in connection with the pending motion to approve the FGIC Settlement Agreement, the Debtors publicly disclosed that NewOak had previously performed work for FGIC in 2010 and 2011. *See*

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Michael R. Carney, Esq.
July 29, 2013
Page 2

*Notice of Presentment of Debtors' Application for an Order under Bankruptcy Code Sections 327(A) and 328(A) Authorizing the Employment and Retention of NewOak Capital Advisors LLC as Consultant Nunc Pro Tunc to May 24, 2013* (Docket No. 3953). The application specifically provides that "NewOak provided independent advisory services to FGIC in the fourth quarter of 2010 and into 2011, estimating future cash flow liabilities for FGIC under certain stress scenarios with respect to FGIC's financial guaranty portfolio, including wrapped public finance and structured finance transactions." D'Vari Declaration, dated June 11, 2013 (Docket No. 3953-2).

      At his deposition, Dr. D'Vari was asked a number of questions seeking information about the Prior FGIC Engagement, which is protected from disclosure by work product doctrine, attorney-client privilege, and a confidentiality agreement. Accordingly, FGIC's counsel repeatedly objected to these questions and instructed Dr. D'Vari to not answer "[t]o the extent it is revealing confidential information about the [FGIC] engagement." *See*, *e.g.*, Tr. 134:20-135:13, 41:2-42:7. During the deposition, Mr. Baio requested that FGIC produce materials prepared by FGIC in consultation with NewOak that Lazard reviewed, as described in paragraph 12 of the Affidavit of Michael Miller. Tr. 168:9-172:17; D'Vari Ex. 4. For the following reasons, FGIC objects to producing these materials.

      <u>First</u>, Dr. D'Vari, an expert witness, testified that he did not consider, rely on, or use these materials in preparing his expert opinion set forth in his declaration in support of the pending Rule 9019 Motion ("D'Vari Expert Declaration"). Tr. 132:24-133:5, 136:10-138:22. Dr. D'Vari testified that he did not consider or use any of this work on the Prior FGIC Engagement in forming his opinions. *Id*. He also testified that none of his staff at NewOak who worked on the D'Vari Expert Declaration also worked on the Prior FGIC Engagement. Tr. 129:6-22. Therefore, under neither Federal Rule of Civil Procedure 26(a)(2)(B), to the extent it applies in a contested matter under Bankruptcy Rule 9014(c), nor Federal Rule of Civil Procedure 26(b)(4), was Dr. D'Vari required to disclose the details of his work on the Prior FGIC Engagement. He did not consider or rely on that work in the D'Vari Expert Declaration.

      <u>Second</u>, Dr. D'Vari is not a fact witness. Dr. D'Vari has been designated by the Debtors solely as an expert witness. Not only has the Court-ordered deadline for fact discovery passed, but the objecting parties have already taken the six fact depositions allotted to them under the Scheduling Order prior to Dr. D'Vari's deposition. As Judge Glenn noted at the July 25, 2013 conference, the objecting parties cannot take additional fact depositions in contravention of the Scheduling Order. In addition, FGIC objects to the request to the extent it is seeking information for use at a deposition of Lazard, which the Court denied Ms. Eaton's request to take. July 25, 2013 Hearing Tr. 31:13-32:7.

JONES DAY

Michael R. Carney, Esq.
July 29, 2013
Page 3

      <u>Third</u>, the objecting parties clearly seek information subject to the attorney-client privilege and that constitutes work product prepared in anticipation of litigation.

      <u>Fourth</u>, Dr. D'Vari's analysis in the Prior FGIC Engagement—an estimation of future cash flow liabilities for FGIC under certain stress scenarios with respect to FGIC's financial guaranty portfolio which was prepared in 2011—has no bearing on the issues presented in this motion. The objecting parties certainly could not establish the "substantial need" required to invade the work product privilege to obtain this information.

      Finally, the demand that FGIC produce Dr. D'Vari's prior unrelated work product is untimely. The Debtors disclosed the Prior FGIC Engagement prior to the commencement of any discovery in connection with the pending motion. Specifically, Dr. D'Vari's retention application was on file days before the objecting parties served their initial document demands in this matter. Nonetheless, the document requests served on FGIC—which are expressly limited to documents from the time period from May 14, 2012 through the present—include no request for Dr. D'Vari's analysis in connection with the Prior FGIC Engagement. Furthermore, at no point prior to Dr. D'Vari's deposition did anyone ask that this analysis be produced.

      For these reasons, FGIC will not produce any materials in response to Mr. Baio's request or authorize Dr. D'Vari to produce such materials.

      Please contact me if you want to discuss these issues further.

                               */s/ Howard F. Sidman*

                               Howard F. Sidman

cc:    Counsel for the Debtors
        Counsel for the FGIC Trustees