Hearing Date:  August 14, 2013 at 4:00 pm

**DECHERT LLP**
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**SEWARD & KISSEL LLP**
Mark D. Kotwick
Brian P. Maloney
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 12-12020 (MG) |
| **RESIDENTIAL CAPITAL, LLC,** *et al.,* | ) |
| | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

### JOINDER OF THE TRUSTEES TO
### OPPOSITIONS TO IN LIMINE MOTION FIVE

The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. (collectively, "**BNY Mellon**"), U.S. Bank National Association ("**U.S. Bank**"), and Wells Fargo Bank, N.A. ("**Wells Fargo**"), each in their respective capacities as a Trustee[1] for certain FGIC

---

[1] The term "FGIC Trustees" and "Trustees" has been defined, at different times in the Chapter 11 Cases, in slightly different ways. As used herein, unless the context dictates otherwise, the term "Trustees" shall include BNY

1

Insured Trusts[2] (collectively, the "**Trustees**"), by and through their undersigned counsel, hereby file this joinder (the "**Joinder**")[3] to (i) the portion of *Debtors' Omnibus Opposition to the Motions in Limine of the Parties Objecting to the Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors* that addresses *In Limine* Motion Five (as defined below) ("**Debtors' in Limine Five Response**"), (ii) the portion of the *Response of the Official Committee of Unsecured Creditors to those Portions of the Motions in Limine Filed by the Monarch Group and the JSNs that Seek to Exclude Evidence Concerning the General Nature and Characteristics of the Mediation Process through which the FGIC 9019 Settlement was Reached* that addresses *In Limine* Motion Five ("**Committee in Limine Five Response**"), and (iii) the portion of *Financial Guaranty Insurance Company's* ("**FGIC**") O*mnibus Opposition to Motions in Limine Seeking Exclusion of Certain Testimony of John Dubel Concerning Negotiations Leading Up to Settlement Agreement* that addresses *In Limine* Motion Five ("**FGIC in Limine Five Response**," and together with the Debtors' *in Limine* Five Response and the Committee *in Limine* Five Response, the "**In Limine Five Responses**").

The *In Limine* Five Responses were filed, *inter alia*, in response to the *Monarch Alternative Capital LP, Stonehill Capital Management LLC, CQS ABS Alpha Master Fund Limited, CQS ABS Master Fund Limited, and Bayview Fund Management LLC's* (the "**Monarch

---

Mellon, U.S. Bank, and Wells Fargo, and refers to such entities in their capacities as trustee, indenture trustee, separate trustee, securities administrator, co-administrator, paying agent, grantor trustee, custodian and/or other similar agencies or as master servicer for the FGIC Trusts.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Joinder of Certain FGIC Trustees to the Debtors' Motion for an Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee and the Consenting Claimants* [Docket No. 3940] (the "**PSA Joinder**") or the FGIC 9019 Motion (as defined below).

[3] BNY Mellon and U.S. Bank file this Joinder solely in their capacity as Trustees and not as members of the Official Committee of Unsecured Creditors (the "**Committee**"). Law Debenture and Wells Fargo are not members of the Committee.

2

**Group**") *Motion* in Limine *to Preclude Evidence on the Debtors' 9019 Motion Concerning the Negotiations Leading up to the FGIC Settlement Agreement and the Conclusory Statements Offered by the FGIC Trustees and Others About the Nature of those Negotiations* [Docket No. 4545] ("**In Limine Motion Five**"), filed with respect to the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 For Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors* (the "**FGIC 9019 Motion**") [Docket No. 3929], pursuant to which the Debtors seek the entry of an order, substantially in the form attached to the FGIC 9019 Motion as Exhibit 1 (the "**Proposed Order**"),[4] approving the Settlement Agreement (the "**Settlement Agreement**"), dated May 23, 2013, among the Debtors, FGIC, the Trustees and the Institutional Investors.

## JOINDER

1.   The Monarch Group seeks to exclude the portions of the trial testimony of the Trustees that relate to topics covered by the Court's Mediation Confidentiality Order[5] and General Order M-390.  Specifically, the Monarch Group asserts that the Court should preclude the Trustees from offering into evidence the portions of the declarations submitted by their representatives[6] that address topics which those individuals were (allegedly) instructed by counsel

---

[4]   The Proposed Order includes the findings in paragraphs C, D and E of the Proposed Order (the "**Findings**"), which provide that: (i) the Settlement Agreement and the transactions contemplated thereby, including the releases given therein, are in the best interests of, *inter alia*, the Investors in each FGIC Insured Trust, the FGIC Insured Trusts and the Trustees, (ii) the Trustees acted reasonably and in good faith and in the best interests of the Investors in each FGIC Insured Trust and each such FGIC Insured Trust in agreeing to the Settlement Agreement, and (iii) the notice of the Settlement Agreement, including the Trustees' notice of same, was sufficient and effective, in satisfaction of federal and state due process requirements and other applicable law, to put the Investors in each FGIC Insured Trust on notice of the Settlement Agreement.

[5]   Order Appointing Mediator, entered December 26, 2012 [Dkt. No. 2519] (the "Mediation Confidentiality Order").

[6]   *Declaration of Robert H. Major, as Officer of the Bank of New York Mellon Trust Company, N.A., RMB Trustee, in Support of Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019* (July 31, 2013) [Docket No. 4438]; *Declaration of Mamta K. Scott, as Officer of U.S. Bank, as RMBS Trustee, in Support of Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among the Debtors, FGIC Trustees and Certain Individual Investors* (July 31, 2013) [Docket No. 4444]; and *Declaration of Mary L. Sohlberg, as*

not to answer during their depositions on the basis of the Mediation Confidentiality Order. *See In Limine* Motion Five, at 8. However, as the chart attached to Debtors' *in Limine* Five Response as Exhibit 1 demonstrates, to the extent that questions were asked, the representatives of the Trustees did in fact answer questions on these topics during their depositions, and thus there is no basis for excluding their testimony.

2. Moreover, the deposition transcripts reflect that the representatives of the Trustees were only sparingly instructed by their counsel not to answer questions based on the Mediation Confidentiality Order. Robert H. Major of BNY Mellon was instructed not to answer pursuant to the Mediation Confidentiality Order only ten times over the course of approximately four hours of testimony;[7] Mamta K. Scott of U.S Bank was instructed not to answer pursuant to the Mediation Confidentiality Order only five times;[8] and Mary L. Sohlberg of Wells Fargo was instructed not to answer pursuant to the Mediation Confidentiality Order only eleven times.[9]

3. Further, contrary to the Monarch Group's contention, the Trustees will seek to introduce evidence that is consistent with their compliance with the terms of the Mediation Confidentiality Order. The Trustees will only seek to introduce evidence that reflects the process they undertook in deciding whether to enter into the FGIC Settlement Agreement. The Trustees will not at trial, and have not in the declarations submitted to date, seek to introduce evidence that is subject to the Mediation Confidentiality Order.

---

*Officer of Wells Fargo Bank, N.A., RMBS Trustee, in Support of Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees, and Certain Individual Investors* (July 31, 2013) [Docket No. 4442].

[7] A copy of the transcript of the deposition of Robert H. Major, the Rule 30(b)(6) designee of BNY Mellon, is attached to Debtors' *in Limine* Five Response as Exhibit 6.

[8] A copy of the transcript of the deposition of Mamta K. Scott, the Rule 30(b)(6) designee of U.S. Bank, is attached to Debtors' *in Limine* Five Response as Exhibit 4.

[9] A copy of the transcript of the deposition of Mary L. Sohlberg, the Rule 30(b)(6) designee of Wells Fargo, is attached to Debtors' *in Limine* Five Response as Exhibit 5.

4.      The Trustees hereby join in (i) the Debtors' *in Limine* Five Response, (ii) the Committee *in Limine* Five Response and (iii) the FGIC *in Limine* Five Response, each to the extent applicable to the Trustees. The Trustees reserve the right to amend, supplement, alter or modify this Joinder.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Trustees request that the Court deny the relief sought in *In Limine* Motion Five, and grant such other and further relief as the Court deems appropriate.

[*Remainder of Page Intentionally Left Blank*]

Dated: New York, New York
       August 13, 2013

Respectfully submitted,

**DECHERT LLP**

By: /s/ Glenn E. Siegel
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**SEWARD & KISSEL LLP**

By: /s/ Mark D. Kotwick
Mark D. Kotwick
Brian P. Maloney
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**

By: /s/ Michael E. Johnson
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

15008119.4