**DECHERT LLP**
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

**SEWARD & KISSEL LLP**
Mark D. Kotwick
Brian P. Maloney
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | ) |
| | ) **Chapter 11** |
| **Debtors.** | ) |
| | ) **Jointly Administered** |

### NOTICE OF FILING OF FGIC TRUSTEES' RESPONSE
### TO MOTION *IN LIMINE* THREE (PFEIFFER TESTIMONY)

PLEASE TAKE NOTICE that The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. (collectively, "**BNY Mellon**"), U.S. Bank National Association ("**U.S. Bank**"), and Wells Fargo Bank, N.A. ("**Wells Fargo**"), solely in their

respective capacities as trustee or indenture trustee for certain mortgage backed securities trusts (collectively, the "**FGIC Trustees**") hereby file the *FGIC Trustees' Response To Motion In Limine Three (Pfeiffer Testimony)* (the "**Response to Motion in Limine Three**"), attached hereto as **Exhibit A**.

       **PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Regarding Exchange of Confidential Information* [ECF No. 4249] (the "**Confidentiality Order**"), dated July 16, 2013, certain portions of the Response to Motion in Limine Three are hereby filed in redacted form and under seal.  Unredacted copies of Response to Motion in Limine Three will be provided to the Bankruptcy Court and served on parties to the Confidentiality Order.

       [*Remainder of page intentionally left blank.*]

Dated:  New York, New York
       August 13, 2013

**DECHERT LLP**
By: /s/ Glenn E. Siegel_____
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon
and The Bank of New York Mellon Trust
Company, N.A., as Trustee of Certain
Mortgage-Backed Securities Trusts*

**SEWARD & KISSEL LLP**
By: /s/ Mark D. Kotwick_____
Mark D. Kotwick
Brian P. Maloney
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association,
as Trustee of Certain Mortgage-Backed
Securities Trusts*

**ALSTON & BIRD LLP**
By: /s/ William Hao_____
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as
Trustee of Certain Mortgage Backed
Securities Trusts*

# EXHIBIT A

**DECHERT LLP**
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

**SEWARD & KISSEL LLP**
Mark D. Kotwick
Brian P. Maloney
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | ) |
| | ) **Chapter 11** |
| Debtors. | ) |
| | ) **Jointly Administered** |

## FGIC TRUSTEES' RESPONSE TO
## MOTION *IN LIMINE* THREE (PFEIFFER TESTIMONY)

# TABLE OF CONTENTS

**Page**

I.     PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . .1

II.    FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

III.   THE OPINIONS EXPRESSED IN THE EXPERT REPORT AND THE
         "WORK PAPERS". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       A.     Comparison of the Present Value of the Projected Payments to the
              Commutation Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

       B.     Duff & Phelps' Estimate of the Potential Value of the Chapter 11 Plan to the
              FGIC Insured Trusts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

IV.   THE PRODUCTION OF DOCUMENTS AND DISCLOSURES
         REGARDING THE DUFF PRESENTATION MATERIALS AND THE EXPERT
         REPORT FULLY COMPLIED WITH, AND WENT BEYOND
         THE REQUIREMENTS OF RULE 26. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*B.C.F. Oil Ref. v. Consolidated Edison Co.,*
   171 F.R.D. 57 (S.D.N.Y. 1997) ...........................................................................13

*Grdinich v. Bradlees,*
   187 F.R.D. 77 (S.D.N.Y. 1999) ...........................................................................15

*Harvey v. District of Columbia,*
   949 F. Supp. 874 (D.D.C. 1996) .........................................................................14

*Hein v. Cuprum,*
   53 Fed. Appx. 134 (2d Cir. 2002) .......................................................................15

*In re Commer. Money Ctr., Inc.,*
   248 F.R.D. 532 (N.D. Ohio 2008) .......................................................................12

*In re Google Adwords Litigation,*
   No. C08-03369 JW (HRL), 2010 U.S. Dist. LEXIS 136757 (N.D. Cal. Dec. 8, 2010) ..........14

*Lorme v. Delta Air Lines, Inc.,*
   251 Fed. Appx. 691 (2d Cir. 2007) .....................................................................15

*McNerney v. Archer Daniels Midland Co.,*
   164 F.R.D. 584 (W.D.N.Y. 1995) .........................................................................15

*Monaghan v. SZS 33 Assocs., L.P.,*
   148 F.R.D. 500 (S.D.N.Y. 1993) .........................................................................16

*Rmed Int'l v. Sloan's Supermarkets,*
   No. 94 Civ. 5587 (PKL) (RLE), 2002 U.S. Dist. LEXIS 23829 (S.D.N.Y. Dec. 11,
   2002) .................................................................................................16

*Thieriot v. Jaspan Schlesinger Hoffman LLP,*
   No. CV 07-5315 (TCP) (AKT), 2011 U.S. Dist. LEXIS 111566 (E.D.N.Y. Sept. 28,
   2011) .................................................................................................14

*USA Gateway, Inc. v. Spring Travel,*
   No. 03 Civ. 4026 (JFK) (RLE), 2004 U.S. Dist. LEXIS 26139 (S.D.N.Y. Dec. 29,
   2004) ..............................................................................................15, 16

*Ward v. Nat. Geographic Soc'y*
   No. 99 Civ. 12835, 2002 U.S. Dist. LEXIS 310 (S.D.N.Y. Jan. 11, 2002) ...........................15

*Western Resources, Inc. v. Union Pac. R.R. Co.*,
    No. 00-2043-CM, 2002 U.S. Dist. LEXIS 1911 (D. Kan. Jan. 31, 2002) .............................12

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*,
    170 F.3d 985 (10th Cir. 1999) ................................................................................................18

**OTHER AUTHORITIES**

Fed. R. Bank. P. 7026 ....................................................................................................................4

Fed. R. Bank. P. 9014 ....................................................................................................................4

Fed. R. Civ. P. 37 .....................................................................................................................17, 20

Fed. R. Civ. P. 26 ............................................................................................................... passim

The **FGIC Trustees**[1] respond to **Motion *in Limine* Three**[2] – which seeks to preclude

Allen M. Pfeiffer ("**Mr. Pfeiffer**") from testifying as an expert witness – as follows:

### I.  Preliminary Statement





## II.  Factual Background





6.      On July 25, 2013, this Court held a hearing (the "**Hearing**"), which had been

convened:

> [i]n connection with a dispute arising in connection with the FGIC 9019
> settlement proceeding; [concerning]  discovery from FGIC and Lazard regarding
> documents or information that FGIC asserts is protected by the mediation
> privilege.

Transcript of Hearing held July 25, 2013 (the "**Transcript**")[11] at 6:3-8.

7.      After some detailed discussion at the Hearing between the Court and Mr. Johnson,

counsel for one of the FGIC Trustees (who was speaking on behalf of all of the FGIC Trustees)

concerning documents or information provided by FGIC and considered by Duff,[12]  Mr. Johnson

turned to the "work paper" issue:

> MR. JOHNSON:   Your Honor, from our perspective, the trustees have fully
> complied with the requirements of ... Rule 26(a)(2)(B) ... Your Honor, I think
> what this comes down to actually, but it's not very clear, I don't think, from the
> correspondence, is work papers. ... But in any event, Your Honor, while we have
> been clear in our position that work papers aren't covered by that Rule, we have
> turned over work papers. I brought today, Your Honor, a stack. It's very hard to
> print them out, because it's several Excel spreadsheets; but they're sitting there on
> the table, and you can see them.   Significant work papers have been disclosed
> already.
>
> ...
>
> THE COURT: ... But you're representing that work papers have been produced
> and, if any more are identified, you'll produce them as well?

---

[11]    A true and correct copy of the transcript of the July 25 Hearing is attached to the Hao Declaration as Ex. 1.
[12]    Transcript 11:14-23; 12:1-22.

MR. JOHNSON:  Well, Your Honor, I think that we – the second part I think we might have a problem with. ... We have provided what we consider to be the primary work papers.  We don't know what further information they might be looking for, but there may be layers of information below that that we – that have not been produced.  For example, there may be spreadsheets that might feed into the base work paper documents that are documents.  And, Your Honor, quite honestly, producing that would be very, very cumbersome.  And again, we don't know if there's –

THE COURT: It's actually pretty easy; you produce worksheet -- Excel spreadsheets electronically; that's not very cumbersome.  *But that's not the issue that I consider before me today.*  ... And I know that Ms. Eaton's letter does address the work product issue, but I don't believe that's properly framed before me at this point.

Transcript 15:4 – 16:6; 17:2 – 25 (emphasis added).

8.      Towards the end of the Hearing, the "work paper" issue was referred to again:

MS. EATON:  Very well, Your Honor.  And with respect to the separate issue of the work papers that Your Honor indicated was not right –

THE COURT: That issue is not sufficiently presented to me at this point.  *Mr. Johnson has represented that some volume of work papers were provided.  You need to confer with him further.*  Hopefully, you'll resolve – be able to resolve this issue without further court intervention.

MS. EATON: Thank you, Your Honor.

Transcript 33:8-16 (emphasis added).

9.      Finally, at the conclusion of the hearing, the Court stated:

All right. Let me go back to the work product – the work papers issue. With respect to the work papers, I expect that you'll cooperate with Ms. Eaton and – so that you can assure her that the work papers have been provided to the extent that, as I indicated, discovery is permitted, disclosure is required with respect to any alternative analyses, testing methods or approaches to the issues on which the expert will be testifying.  *So if there are work papers that include such alternative analyses, testing methods or approaches to the issues on which the expert will be testifying, they must be produced.*  To the extent that the work papers reflect drafts of the expert report that has been provided, doesn't the Rule – the Rule was amended in 2010 to make clear that the drafts don't have to be provided.  So if the work papers reflect drafts of the report, they don't have to be provided.  *If they reflect alternative analyses, et cetera, that are not included in the report, they do have to be provided.*

Transcript 36:9 – 37:1 (emphasis added).





### III. The Opinions Expressed in the Expert Report and the "Work Papers"

A.    *Comparison of the Present Value of the Projected Payments to the Commutation Payment*









B.    *Duff & Phelps' Estimate of the Potential Value of the Chapter 11 Plan to the FGIC Insured Trusts*





**IV.  The Production of Documents and Disclosures Regarding
the Duff Presentation Materials and the Expert Report Fully
Complied With, and Went Beyond, the Requirements
of Rule 26**







[*remainder of page intentionally left blank.*]

Dated:  New York, New York
        August 13, 2013

**DECHERT LLP**

By:  /s/ Glenn E. Siegel

Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon
and The Bank of New York Mellon Trust
Company, N.A., as Trustee of Certain
Mortgage-Backed Securities Trusts*

**SEWARD & KISSEL LLP**

By:  /s/ Mark D. Kotwick

Mark D. Kotwick
Brian P. Maloney
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association,
as Trustee of Certain Mortgage-Backed
Securities Trusts*

**ALSTON & BIRD LLP**

By:  /s/ John C. Weitnauer

John C. Weitnauer (*pro hac vice*)
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as
Trustee of Certain Mortgage Backed
Securities Trusts*