# Exhibit 2

Claim #2781  Date Filed: 11/7/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **GMAC Mortgage, LLC, Case No. 12-12032**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Syncora Guarantee Inc., formerly known as XL Capital Assurance Inc.**

Name and address where notices should be sent:

Syncora Guarantee Inc.
135 West 50th Street 20th Floor, New York, New York  10020
Attention: R. Sharon Smith, Esq.
With copies to counsel, as provided on the attached addendum.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

Telephone number: 212-478-3673     email: rsharon.smith@scafg.com

Name and address where payment should be sent (if different from above):
**Same.**

Telephone number:     email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ **Unliquidated**

   If all or part of the claim is secured, complete item 4.
   If all or part of the claim is entitled to priority, complete item 5.
   ☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: **See attached**
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: **N/A** | 3a. Debtor may have scheduled account as: **N/A** (See instruction #3a) | 3b. Uniform Claim Identifier (optional): **N/A** (See instruction #3b) |
|---|---|---|

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $_____   Annual Interest Rate _____% ☐ Fixed ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____                      Basis for perfection: _____

Amount of Secured Claim: $_____         Amount Unsecured: $_____

6. **Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

7. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. **Signature:** (See instruction #9) Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent.  ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   (See Bankruptcy Rule 3004.)   (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: R. Sharon Smith, Esq.
Title: Managing Director and Associate General Counsel                              Nov. 6, 2012
Company: Syncora Guarantee Inc.
Address and telephone number (if different from notice address above):            (Signature)                (Date)

Telephone number:         Email:
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ _____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**
**NOV 0 7 2012**
KURTZMAN CARSON CONSULTANTS

1212032121107000000000028

# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8122 tel
+1 212 310 8007 fax

Sara Coelho, Esq.

November 6, 2012

ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

To whom it may concern:

Enclosed are two copies of a proof of claim from Syncora Guarantee Inc. to be filed in the ResCap Cases (In re Residential Capital, LLC et al. Case No. 12-12020 (MG)). Please acknowledge receipt by stamping and return the enclosed copy of the proof of claim in the enclosed self-addressed envelope.

Very truly yours,

*[signature]*

Sara Coelho

Encl.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Gary T. Holtzer
Ronit J. Berkovich

*Attorneys for Syncora Guarantee Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re:                                                         :   Chapter 11
                                                               :
Residential Capital, LLC, *et al.*                             :   Case No. 12-12020 (MG)
                                                               :
                             Debtors.                          :   (Jointly Administered)
                                                               :
---------------------------------------------------------------x

## ADDENDUM TO SYNCORA GUARANTEE INC.'S PROOF OF CLAIM

1.      On May 14, 2012 (the "***Commencement Date***"), GMAC Mortgage, LLC, formerly known as GMAC Mortgage Corporation, ("***GMAC***") and certain affiliated entities (collectively, the "***Debtors***") sought relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Southern District of New York (the "***Bankruptcy Court***").

2.      Syncora Guarantee Inc., formerly known as XL Capital Assurance Inc., ("***Syncora***") insured payment of principal and interest for the benefit of the holders of certain securities issued by three of the trusts (the "***Syncora-Related Trusts***")[1] that own loans serviced by GMAC. Syncora is a party to, is a third-party beneficiary of, or has rights arising under or

---

[1] The Syncora-Related Trusts are (i) the Bear Stearns Second Lien Trust 2007-SV1, (ii) the Greenpoint Mortgage Funding Trust 2006-HE1 and (iii) the SunTrust Acquisition Closed-End Seconds Trust, Series 2007-1.

related to, the agreements and documents associated with each such trust (collectively, including all other offering documents, agreements, documents, amendments, exhibits and appendices related to the Syncora-Related Trusts, the "***Trust Documents***"), including, without limitation, the Trust Documents listed on Exhibit "A" attached hereto.

3. The basis for Syncora's claim is Syncora's rights arising out of, arising under, related to, or associated with the Syncora-Related Trusts, including, without limitation, all rights arising out of or related to the Trust Documents, which includes, without limitation, rights of indemnification, reimbursement and subrogation and all other rights (including those arising out of common law) that Syncora has as a result of a breach of or in connection with any provision in the Trust Documents for which Syncora is a beneficiary, whether through the explicit terms of such provision, through Syncora's third-party beneficiary or subrogation rights or otherwise. For the avoidance of doubt, Syncora asserts a claim based on all of its rights associated with the Syncora-Related Trusts and the Trust Documents, regardless of whether any such right arises from a Trust Document, including, without limitation, any and all rights of setoff or counterclaim, and any and all rights against GMAC for liabilities incurred in connection with the origination, sale, or transfer of the loans ultimately sold or transferred into the Syncora-Related Trusts (including any repurchase obligations incurred in connection with such origination, sale or transfer) or in connection with the creation of the Syncora-Related Trusts and the issuance of the securities backed by such loans.

4. In the event that any of the Trust Documents are rejected by GMAC, this proof of claim is also a proof of claim for the claims under any Trust Document or portion of a Trust Document that is rejected pursuant to section 365 of the Bankruptcy Code; *provided,*

2

*however*, that Syncora reserves the right to file additional proofs of claim asserting additional rejection damages claims following any such rejection.

5.  Syncora does not waive its rights to any claims or other rights by referencing or not referencing any such claim or right, or by not stating a specific figure therefor at this time.

6.  Upon information and belief, the Debtors have copies of all of the documents and writings upon which this claim is founded, and those writings are voluminous. Copies of relevant supporting documents, subject to any confidentiality and privilege restrictions, will be made available to the Debtors upon request.

7.  No judgment has been rendered on this claim.

8.  This claim is not subject to any right of setoff or counterclaim held by GMAC.

9.  The execution and filing of this proof of claim is not: (i) a waiver or release of the rights of Syncora against any entity or person, including, without limitation, entities or persons that may be liable for all or any part of the claims claimed herein; (ii) a waiver or release of any obligation owed to Syncora or any right to any security that may be determined to be held by a third party for the benefit of Syncora; (iii) a waiver of any past, present, or future defaults (or events of default) by GMAC or others in connection with the Trust Documents; (iv) a consent by Syncora to the jurisdiction of the Bankruptcy Court, or the authority of the Bankruptcy Court to enter a final order, with respect to any proceeding which has been or may be commenced in these cases against or otherwise involving Syncora; (v) a waiver of the right to move for the withdrawal of reference with respect to the subject matter of this claim, any objection or other proceedings commenced with respect thereto, or any other proceeding which

3

has been or may be commenced in these cases against or otherwise involving Syncora; or (vi) an election of remedies or a waiver or limitation of any procedural or substantive rights or any procedural or substantive defenses to any claim that may be asserted by or against Syncora.

10. Syncora reserves the right to (i) amend, modify, supplement, or otherwise revise this proof of claim to reflect any additional claims of whatever kind or nature that Syncora has or may have against GMAC or any other Debtor, and (ii) file proofs of claim for additional claims, whether arising from or relating to any of the Trust Documents, or with respect to any other liability or indebtedness of GMAC. Although, at this time, Syncora is unaware of claims against the Debtors in these cases other than GMAC, Syncora reserves the right to file claims against Debtors other than GMAC if additional claims are discovered. In addition, Syncora reserves the right to withdraw this proof of claim, or any portion hereof, for any reason whatsoever.

11. This proof of claim does not encompass claims that Syncora has or may have that are entitled to administrative priority, and Syncora expressly reserves its rights to file such claims or any similar claims at the appropriate time.

12. Syncora reserves the right to attach or bring forth additional documents supporting this proof of claim and additional documents that may become available after further investigation and discovery.

13. To the extent that Syncora has or may have a right to subrogation under 11 U.S.C. § 509 or any other equitable claim under common law against GMAC, Syncora expressly preserves such rights.

14. All notices concerning and payments in connection with this proof of claim should be sent to:

> Syncora Guarantee Inc.
> 135 West 50th Street 20th Floor
> New York, New York 10020
> Attention: R. Sharon Smith, Esq. (rsharon.smith@scafg.com)
> Telephone: 212-478-3673

A copy of all notices concerning this proof of claim should also be sent to:

> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, New York 10153
> Attention: Gary T. Holtzer, Esq. (Gary.Holtzer@weil.com)

Dated: November 6, 2012

          **SYNCORA GUARANTEE INC.**

By: _[signature]_
      Name: R. Sharon Smith, Esq.
      Title: Managing Director and Associate General Counsel

# Exhibit A

## Syncora-Related Servicing Agreements

Bear Stearns Transaction

- Servicing Agreement, dated as of May 1, 2001, as amended by Amendment No. 1, dated as of October 1, 2001, Amendment No. 2, dated as of July 31, 2002 and Amendment No. 3, dated as of December 20, 2005, between EMC Mortgage Corporation and GMAC Mortgage, LLC

- Insurance and Indemnity Agreement, dated as of March 30, 2007, among XL Capital Assurance Inc., EMC Mortgage Corporation, SACO I Inc., GMAC Mortgage, LLC and Citibank, N.A.

- Side Letter Agreement, dated as of March 30, 2007, between GMAC Mortgage, LLC and XL Capital Assurance Inc.

- Assignment, Assumption and Recognition Agreement, dated as of March 30, 2007, among EMC Mortgage Corporation, Citibank, N.A. and GMAC Mortgage, LLC

- Pooling and Servicing Agreement, dated as of March 1, 2007, among SACO I Inc., EMC Mortgage Corporation, Wells Fargo Bank, National Association and Citibank, N.A.

- Financial Guaranty Insurance Policy No. CA03636A, effective as of March 30, 2007, executed by XL Capital Assurance Inc. in relation to Bear Stearns Second Lien Trust 2007-SV1 Class A-2 and A-3 Certificates

- All other documents (including offering documents) related to the Bear Stearns Transaction

GreenPoint Transaction

- Transfer and Servicing Agreement, dated as of August 1, 2006, as amended by Amendment No. 1, dated as of September 1, 2006, among GreenPoint Mortgage Funding Trust 2006-HE1, as issuer, Structured Asset Securities Corporation, as depositor, GMAC Mortgage Corporation, as servicer and U.S. Bank National Association, as indenture trustee

- Insurance and Indemnity Agreement, dated as of August 28, 2006, among XL Capital Assurance Inc., Lehman Brothers Holdings Inc., Structured Asset Securities Corporation, Greenpoint Mortgage Funding Trust 2006- HE1, GMAC Mortgage Corporation and U.S. Bank National Association

- Side Letter Agreement, dated as of September 12, 2006, between GMAC Mortgage Corporation and XL Capital Assurance Inc.

- Custodial Agreement, dated as of August 1, 2006, among Deutsche Bank National Trust Company, as custodian, U.S. Bank National Association, as indenture trustee and GreenPoint Mortgage Funding Trust 2006-HE1, as issuer

- Custodial Agreement, dated as of August 1, 2006, among U.S. Bank National Association, as custodian and as trustee and GreenPoint Mortgage Funding Trust 2006-HE1, as issuer

- Indenture, dated as of August 1, 2006, between Greenpoint Mortgage Funding Trust 2006-HE1, as issuer, and U.S. Bank National Association, as Indenture Trustee

- Financial Guaranty Insurance Policy No. CA03248A, effective as of August 28, 2006, executed by XL Capital Assurance Inc. in relation to Greenpoint Mortgage Funding Trust 2006-HE1 Class Ax Notes

- Flow Revolving Credit Loan Purchase and Warranties Agreement, dated as of September 26, 2005, between GMAC Mortgage Corporation, as Purchaser and Greenpoint Mortgage Funding, Inc., as Seller

- Flow Mortgage Loan Purchase and Warranties Agreement, dated as of July 26, 2006, between GMAC Mortgage Corporation, as Purchaser and Greenpoint Mortgage Funding, Inc., as Seller

- Assignment, Assumption and Recognition Agreement, dated as of July 28, 2006, among GMAC Mortgage Corporation, Lehman Brothers Bank, FSB, and Greenpoint Mortgage Funding, Inc.

- Mortgage Loan Sale and Assignment Agreement, dated as of August 1, 2006, between Lehman Brothers Holdings Inc., as Seller and Structured Asset Securities Corporation, as Purchaser

- All other documents (including offering documents) related to the GreenPoint Transaction

SunTrust Transaction

- Pooling and Servicing Agreement, dated as of April 1, 2007, among ACE Securities Corp., as depositor, GMAC Mortgage, LLC, as servicer, Wells Fargo Bank, National Association, as master servicer and securities administrator and HSBC Bank USA, National Association, as trustee

- Insurance and Indemnity Agreement, dated as of May 15, 2007, among XL Capital Assurance Inc., Suntrust Asset Funding, LLC, Suntrust Bank, ACE Securities Corp., GMAC Mortgage, LLC and Wells Fargo Bank, National Association

2

- GMACM Side Letter Agreement, dated as of May 15, 2007, between GMAC Mortgage, LLC and XL Capital Assurance Inc.

- Credit Risk Management Agreement, dated as of May 14, 2007, between GMAC Mortgage, LLC and Clayton Fixed Income Services Inc.

- Premium Letter, dated as of May 15, 2007, among XL Capital Assurance Inc., HSBC Bank USA, National Association, Wells Fargo Bank, National Association, Suntrust Asset Funding, LLC, GMAC Mortgage, LLC and ACE Securities Corp.

- Custodial Agreement, dated as of April 1, 2007, among HSBC Bank USA, National Association, as trustee, GMAC Mortgage, LLC, as servicer and Deutsche Bank National Trust Company, as custodian

- Financial Guaranty Insurance Policy No. CA03757A, effective as of May 15, 2007, executed by XL Capital Assurance Inc. in relation to SunTrust Acquisition Closed-End Seconds Trust, Series 2007-1 Class A Certificates

- Mortgage Loan Purchase and Sale Agreement, dated as of May 15, 2007, between GMAC Mortgage, LLC as purchaser and SunTrust Asset Funding, LLC

- Assignment, Assumption and Recognition Agreement, dated May 15, 2007 among GMAC Mortgage, LLC, ACE Securities Corp., SunTrust Asset Funding, LLC, and Wells Fargo Bank, N.A.

- All other documents (including offering documents) related to the SunTrust Transaction