**DECHERT LLP**
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon
and The Bank of New York Mellon Trust
Company, N.A., as Trustee of Certain
Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as
Trustee of Certain Mortgage Backed
Securities Trusts*

**SEWARD & KISSEL LLP**
Mark D. Kotwick
Jeffrey M. Dine
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association,
as Trustee of Certain Mortgage-Backed
Securities Trusts*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | ) |
| | ) **Chapter 11** |
| Debtors. | ) |
| | ) **Jointly Administered** |

### NOTICE OF FILING OF FGIC TRUSTEES' RESPONSE
### TO MOTION *IN LIMINE* TWO (KOTHARI TESTIMONY)

**PLEASE TAKE NOTICE** that The Bank of New York Mellon, The Bank of New

York Mellon Trust Company, N.A. (collectively, "**BNY Mellon**"), U.S. Bank National

Association ("**U.S. Bank**"), and Wells Fargo Bank, N.A. ("**Wells Fargo**"), solely in their

respective capacities as trustee or indenture trustee for certain mortgage backed securities trusts (collectively, the "**FGIC Trustees**") hereby file the *FGIC Trustees' Response To Motion In Limine Of Monarch Alternative Capital LP, Stonehill Capital Management LLC, CQS ABS Alpha Master Fund Limited, CQS ABS Master Fund Limited And Bayview Fund Management LLC To Preclude The Testimony Of S.P. Kothari (In Limine Motion Two)*, attached hereto as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that, pursuant to the *Order Regarding Exchange of Confidential Information* [ECF No. 4249] (the "**Confidentiality Order**"), dated July 16, 2013, certain portions of the Response to Motion in Limine Two are hereby filed in redacted form and under seal. Unredacted copies of Response to Motion in Limine Three will be provided to the Bankruptcy Court and served on parties to the Confidentiality Order.

[*Remainder of page intentionally left blank.*]

- 2 -

Dated:  New York, New York
        August 13, 2013

**DECHERT LLP**
By: /s/ Glenn E. Siegel
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon
and The Bank of New York Mellon Trust
Company, N.A., as Trustee of Certain
Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
By: /s/ William Hao
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
William Hao
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as
Trustee of Certain Mortgage Backed
Securities Trusts*

**SEWARD & KISSEL LLP**
By: /s/ Mark D. Kotwick
Mark D. Kotwick
Jeffrey M. Dine
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association,
as Trustee of Certain Mortgage-Backed
Securities Trusts*

SK 03687 0119 1406649

## EXHIBIT A

**DECHERT LLP**
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

**SEWARD & KISSEL LLP**
Mark D. Kotwick
Jeffrey M. Dine
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) |
| | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**FGIC TRUSTEES' RESPONSE TO MOTION *IN LIMINE*
OF MONARCH ALTERNATIVE CAPITAL LP, STONEHILL CAPITAL
MANAGEMENT LLC, CQS ABS ALPHA MASTER FUND LIMITED, CQS ABS
MASTER FUND LIMITED AND BAYVIEW FUND MANAGEMENT LLC
TO PRECLUDE THE TESTIMONY OF S.P. KOTHARI (*IN LIMINE* MOTION TWO)**

# TABLE OF CONTENTS

                                                                              Page

TABLE OF AUTHORITIES ....................................................................................ii

PRELIMINARY STATEMENT ................................................................................2

STATEMENT OF FACTS .........................................................................................6

    A.    Dr. Kothari ...................................................................................6

    B.    The Duff Report ...........................................................................7

    C.    The Kothari Report .....................................................................8

ARGUMENT .............................................................................................................9

I.    BECAUSE THE HEARING WILL BE WITHOUT A JURY, THE COURT SHOULD SIMPLY WEIGH DR. KOTHARI'S EVIDENCE AT THE HEARING............9

II.    DR. KOTHARI'S REPORT AND DIRECT TESTIMONY ARE RELIABLE AND SHOULD BE ADMITTED .....................................................................11

    A.    █████████████████████████████████ ...............................11

    B.    █████████████████████████ ...................................................12

    C.    █████████████████████████████ .......................................14

    D.    ███████████████████████████████ ...................................16

    E.    Dr. Kothari Supported His Conclusion That Any Price Decline, Taken In Isolation, Does Not Mean That The Settlement Is Unfavorable To Holders ...........18

III.    DR. KOTHARI'S OPINION IS RELEVANT AND SHOULD BE CONSIDERED...........19

CONCLUSION .......................................................................................................20

# TABLE OF AUTHORITIES

Page

## CASES

*Bank of N.Y. Mellon Trust Co., Nat'l Ass'n v. Solstice ABS CBO II, Ltd.,*
  910 F. Supp. 2d 629 (S.D.N.Y. 2012) ................................................................ 19

*Campbell v. Metro. Prop. & Cas. Ins. Co.*, 239 F.3d 179 (2d Cir. 2001) ...................................... 19

*Crown Cork & Seal Co. v. Credit Suisse First Boston Corp.*, No. 12-cv-05803,
  2013 U.S. Dist. LEXIS 34368 (S.D.N.Y. Mar. 12, 2013) ........................................... 10, 12

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ............................ 10, 11, 19

*Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840 (6th Cir 2004) ............................................. 10

*Joseph S. v. Hogan*, 06 Civ. 1042, 2011 U.S. Dist. LEXIS 76762
  (E.D.N.Y. July 15, 2011) ...................................................................... 3-4, 10, 11

*Kumho Tire Co., Ltd.  v. Carmichael*, 526 U.S. 137 (1999) ......................................................... 10

*Louis Vuitton Malletier v. Donney & Bourke, Inc.*, 525 F. Supp. 2d 558
  (S.D.N.Y. 2007) ................................................................................................ 10

*Nimely v. City of New York*, 414 F.3d 381 (2d Cir. 2005) ......................................................... 10

*Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76 (2d Cir. 1997) ......................................................... 19

*TV Tokyo Corp. v. 4Kids Entm't, Inc. (In re 4Kids Entm't, Inc.)*, 463 B.R. 610
  (Bankr. S.D.N.Y. 2011) ..................................................................................... 9

*U.S. v. Brown*, 415 F.3d 1257 (11th Cir. 2005) ..................................................................... 10

## OTHER AUTHORITIES

Committee Note to 2000 Amendment to Fed. R. Evid. 702 ......................................................... 10

Fed. R. Evid. 401 ................................................................................................ 19

Fed. R. Evid. 702 ................................................................................................ 10

Fed. R. Evid. 704 ............................................................................................ 6, 19

The **FGIC Trustees**[1] hereby submit this memorandum of law in response (the "**Response**") to the motion *in limine* ("***In Limine* Motion Two**" or the "**Motion**") of Monarch Alternative Capital LP, Stonehill Capital Management LLC, Bayview Fund Management LLC, CQS ABS Alpha Master Fund Limited and CQS ABS Master Fund Limited (collectively, the "**Objectors**") to preclude the expert testimony of Dr. S.P. Kothari ("**Dr. Kothari**"). The FGIC Trustees respectfully state as follows:

## PRELIMINARY STATEMENT

Dr. Kothari's expert testimony should be admitted. The Motion misstates the applicable law, misrepresents Dr. Kothari's work in forming his opinions and does not make a dent in his conclusions. Dr. Kothari is abundantly qualified to testify as an expert, his opinion is based upon reliable data and methodology and it is highly relevant to the matters at issue in the FGIC 9019 Motion.

In the course of evaluating the Settlement Agreement, the Trustees retained Duff & Phelps to evaluate its reasonableness, particularly with respect to the proposed lump sum cash payment therein (the "**Commutation Amount**"). Counsel for the FGIC Trustees subsequently retained Dr. Kothari to review certain aspects of Duff & Phelps's analysis. Dr. Kothari is a professor at the Sloan School of Management at the Massachusetts Institute of Technology ("MIT") who has extensive academic, professional and consulting expertise in accounting and valuation, a fact which the Objectors do not challenge.

---

[1]    The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. (collectively, "**BNY Mellon**"), U.S. Bank National Association ("**U.S. Bank**") and Wells Fargo Bank, N.A. ("**Wells Fargo**"), solely in their respective capacities as trustee, indenture trustee, securities administrator, co-administrator, paying agent, grantor trustee, custodian and/or other similar agencies or as master servicer for those forty-seven mortgage backed securities trusts (the "**FGIC Insured Trusts**") that are the subject of *Debtors' Motion Pursuant to Fed. R. Bankr, P. 9019 For Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors* (the "**FGIC 9019 Motion**") [Docket No. 3929] pursuant to which the Debtors seek the entry of an order approving the Settlement Agreement (the "**Settlement Agreement**"), dated May 23, 2013, among the Debtors, Financial Guaranty Insurance Corporation ("**FGIC**"), the FGIC Trustees and the Institutional Investors..

Dr. Kothari was asked to offer an opinion on four issues: ███████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████

Dr. Kothari found that:    ██████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████

The Objectors now seek to exclude Dr. Kothari's expert testimony as unreliable and unfounded. To the contrary, Dr. Kothari's expert testimony as to each of his opinions was carefully and fully considered, and will be both relevant and reliable.

As a threshold matter, the Objectors misapply the standard for admission of expert testimony. *Daubert* affords the Court in a bench trial the ability to relax its "gatekeeper" function and to "take in the evidence freely and separate helpful conclusions from ones that are not grounded in reliable methodology." *Joseph S. v. Hogan*, 06 Civ. 1042, 2011 U.S. Dist.

LEXIS 76762, at *9 (E.D.N.Y. July 15, 2011).  The Objectors will have full opportunity to cross-examine Dr. Kothari at trial and introduce whatever evidence they believe contradicts his expert opinions.  The Court can consider this testimony and decide for itself the weight that testimony deserves.  For that reason alone, the Motion should be denied.  *See* Point I.

*See* Point II.A.

*See* Point II.B.



*See* Point II.C.

*See* Point II.D.

The Objectors' criticism that Dr. Kothari's opinion on the price decline of certain

FGIC wrapped securities by ResCap and GMAC trusts is an *ipse dixit* conclusion is not well

founded.  As Dr. Kothari discussed, there was no evidence of a price decline in the illiquid and

non-public FGIC-wrapped trust notes after announcement of the settlement, and even if there had

---

[2] Relevant excerpts are annexed as Exhibit 1 to the Declaration of Jeffrey M. Dine dated August 13, 2013 ("**Dine Decl.**").

been a decline, there could be a number of causes other than a purported market belief that the

Settlement Agreement undervalues the potential return on the notes. *See* Point II.E.



*See* Point III.

### STATEMENT OF FACTS

**A.**   **Dr. Kothari**

Dr. Kothari is the Gordon Y Billard Professor in Management at the Sloan School

of Management at the Massachusetts Institute of Technology ("**MIT**").   Expert Report of S.P.

Kothari, Ph.D., dated July 19, 2013 (the "**Kothari Report**") (Dine Decl. Ex. 2), at ¶ 1 & Ex. 1.

He is also the School's Deputy Dean.  *Id.*  Between 2008 and 2010, Dr. Kothari served as Global

Head of Equity Research with Barclays Global Investors.  *Id.*  Previously he served on the

faculty of the University of Rochester, while also holding visiting positions at MIT, the

University of Technology in Sydney, Baruch College of the City University of New York, and

the City University in London.  *Id.*  Dr. Kothari received his B.E. degree in Chemical

Engineering from the Birla Institute of Technology and Science in 1979, his M.B.A. in

Accounting and Finance from the Indian Institute of Management in 1982, and his Ph.D. in Accounting from the University of Iowa in 1986. *Id.*

Dr. Kothari is the co-editor of two books in the field of accounting and financial analysis – *Financial Statement Analysis*, published by McGraw-Hill, and *Contemporary Accounting Research: Synthesis and Critique*, published by North-Holland Publishing. Kothari Report ¶ 2 & Ex. 1 Since 1997, he has also been an Editor of the *Journal of Accounting & Economics*, a leading academic journal in the field of accounting. *Id.*

## B.    The Duff Report

In determining whether to enter into the Settlement Agreement, the FGIC Trustees retained Duff & Phelps, a "sophisticated and competent financial advisor," to review and analyze the Settlement Agreement. Reply ¶ 32.[3] Duff & Phelps was asked, *inter alia*, to analyze and compare the economic terms of the Settlement Agreement against the Projected Payments under the FGIC Rehabilitation Plan, and to provide a recommendation to the FGIC Trustees. *Id.*



---

[3] Full title: *Statement of the FGIC Trustees (I) In Support of The Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement Among the Debtors, FGIC, the FGIC Trustees and Certain Institutional Investors and (II) in Reply to Certain Objections Thereto filed August 2, 2013* [Docket No. 4475] (the "Reply").



**C.**     <u>**The Kothari Report**</u>

Dr. Kothari was retained by the FGIC Trustees to opine on the following issues:



Kothari Report ¶ 5(i)-(iv).  With respect to each, Dr. Kothari concluded as follows:





Dr. Kothari's Report was served July 19, 2013. Dr. Kothari also produced documents to the Objectors on the same day. Dr. Kothari was deposed by the Objectors on July 26, 2013.[4] On July 31, 2013, Dr. Kothari submitted a declaration [Docket No. 4443] ("**Kothari Direct**"), which consists of the direct testimony Dr. Kothari will offer in this matter.

## ARGUMENT

### I.

### BECAUSE THE HEARING WILL BE WITHOUT A JURY, THE COURT SHOULD SIMPLY WEIGH DR. KOTHARI'S EVIDENCE AT THE HEARING

In deciding whether to admit expert opinion, the Court must consider: "(1) whether the witness is qualified as an expert to testify as to a particular matter; (2) whether that opinion is based upon reliable data and methodology; and (3) whether the expert's testimony is relevant." *TV Tokyo Corp. v. 4Kids Entm't, Inc. (In re 4Kids Entm't, Inc.)*, 463 B.R. 610, 677 (Bankr. S.D.N.Y. 2011). It should, as a general matter, "presume [such] expert evidence is

---

[4] Relevant excerpts of the transcript of his deposition ("**Kothari Dep. Tr.**") cited herein are annexed as Dine Decl. Ex. 3.

reliable." *Crown Cork & Seal Co. v. Credit Suisse First Boston Corp.*, No. 12-cv-05803, 2013 U.S. Dist. LEXIS 34368, at *32 (S.D.N.Y. Mar. 12, 2013).

Since the Supreme Court's landmark *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993), expert testimony has seldom been excluded in total. *See* Committee Note to 2000 Amendment to Fed. R. Evid. 702 ("A review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule."). This is because "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof [that] are the traditional and appropriate means" of assessing such evidence. *Daubert*, 509 U.S. at 596.

Moreover, although the Objectors place great emphasis on the court's "gatekeeper [function] pursuant to *Daubert*" (*see, e.g.*, Motion at 5), it is well established that this function is much more "relaxed in a bench trial situation, where the judge is serving as factfinder." *U.S. v. Brown*, 415 F.3d 1257, 1268 (11th Cir. 2005); *see also Deal v. Hamilton Cnty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir 2004) ("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial."); *Louis Vuitton Malletier v. Donney & Bourke, Inc.*, 525 F. Supp. 2d 558, 629 (S.D.N.Y. 2007) (citing *Deal and Brown*). In this case, and unlike each of the cases cited by the Objectors on this point,[5] the Court will be the sole trier of fact and the role it would otherwise play as "gatekeeper" in preventing jury confusion under Federal Rule of Evidence 403 is of little importance here. *See Joseph S.*, 2011 U.S. Dist. LEXIS 76762, at *9 ("Indeed, without the risk of poisoning the jury with misleading expert testimony of

---

[5] *Daubert*, 509 U.S. at 584 (trial court granted summary judgment and excluded expert evidence upon concluding expert evidence was insufficient to create a "reasonably disputable jury issue"); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 153 (1999) (trial court granted summary judgment and excluded expert evidence on the basis that it "fell outside the range where experts might reasonably differ, and where the jury must decide among the conflicting views of different experts"); *Nimely v. City of New York*, 414 F.3d 381, 384 (2d Cir. 2005) (appeal from jury verdict in favor of defendant).

limited probative value, . . . the Court can take in the evidence freely and separate helpful

conclusions from ones that are not grounded in reliable methodology." (citing *Daubert*, 509 U.S.

at 595)). "[T]he Court does not err in admitting the evidence subject to the ability later to

exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule

702." *Id.* at *8 (internal quotation marks omitted). For that reason alone, the Motion should be

denied.

**II.**
**DR. KOTHARI'S REPORT AND DIRECT**
**<u>TESTIMONY ARE RELIABLE AND SHOULD BE ADMITTED</u>**

**A.**





**B.**



C.







**D.**



███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

**E.    Dr. Kothari Supported His Conclusion That Any Price Decline,
Taken In Isolation, Does Not Mean That The Settlement Is Unfavorable To Holders**

       The Objectors criticize as *ipse dixit* Dr. Kothari's opinion, that to the extent that

prices of certain FGIC-wrapped securities may have declined around the  time of the Settlement

Agreement, "one cannot conclude from these price declines, taken in isolation, that the

settlement agreement is unfavorable to the holders of these securities." Kothari Report ¶ 6.  Dr.

Kothari's analysis was not conclusory.  As a threshold matter, the notes do not trade in a

transparent market, but rely on specific quote requests to dealer-contacts. Kothari Direct ¶ 29.

Notwithstanding the absence of evidence of price decline, Dr. Kothari stated a number of reasons

for price changes in the market:

> Investor reaction to new material information about the future risk
> and/or cash flows to a security will depend on the market's
> expectations at the time of the news announcement.  Instead of
> conveying negative news about the size of the lump sum payment,
> the May 23, 2013 settlement agreement could have alternatively
> informed the market that expected payouts to ResCap
> Policyholders under FGIC's rehabilitation plan were lower than
> previously thought.  In addition, security prices can change due to
> market and industry factors, which must be controlled for before
> drawing any conclusion about a causal link between information
> events and security price changes.

Kothari Direct ¶ 29.

       Dr. Kothari's analysis of the meaning of purported price changes is well taken and

will be helpful to the Court.  It should be admitted.

- 18 -

## III.

### DR. KOTHARI'S OPINION IS RELEVANT AND SHOULD BE CONSIDERED



## CONCLUSION

WHEREFORE, for the reasons set forth herein, the FGIC Trustees request that

the Court deny the Objectors' *In Limine* Motion Two to preclude the testimony of Dr. S.P.

Kothari, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 13, 2013

Respectfully submitted,

**DECHERT LLP**
By: /s/ Glenn E. Siegel
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**SEWARD & KISSEL LLP**
By: /s/ Mark D. Kotwick
Mark D. Kotwick
Jeffrey M. Dine
Ryan Suser
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
By: /s/ Martin G. Bunin
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

SK 03687 0119 1406619