# Exhibit 3

## Delehey Declaration

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Melissa A. Hager
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF LAUREN GRAHAM DELEHEY, IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC, IN SUPPORT OF DEBTORS' OBJECTION TO PROOFS OF CLAIM FILED BY THOMAS LACASSE AGAINST HOMECOMINGS FINANCIAL, LLC (CLAIM NO. 3852) AND RESIDENTIAL FUNDING COMPANY, LLC (CLAIM NOS. 3856 AND 3860)**

I, Lauren Graham Delehey, declare as follows:

A.   **Background and Qualifications**

1.   I serve as In-House Litigation Counsel in the legal department at Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). I have held this position since I joined ResCap on August 1, 2011.

ny-1103048

2. In my role as In-House Litigation Counsel at ResCap, I am responsible for the management of residential mortgage-related litigation, including class actions, mass actions and multi-district litigation. Additionally, as a result ResCap's Chapter 11 filing, my role has significantly expanded to include assisting the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases. I am authorized to submit this declaration (the "**Declaration**") in support of the *Debtors' Objection to Proofs of Claim Filed by Thomas LaCasse Against Homecomings Financial, LLC (Claim No. 3852) and Residential Funding Company, LLC (Claim Nos. 3856 and 3860) Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007* (the "**Objection**").[1]

3. In my capacity as In-House Litigation Counsel, I am generally familiar with the Debtors' litigation matters, including the actions involving Mr. LaCasse ("**Claimant**"). Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' consultants and counsel; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and

---

[1] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the Objection.

ny-1103048                                    2

other information.  If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

A.  **Claimant's Prior Litigation**

    1.  **The Aurora Action**

    4.  Claimant was a borrower under a loan (the "**Park Drive Loan**") evidenced by a note (the "**Park Drive Note**") in the principal amount of $600,000 executed on November 15, 2006, in favor of Homecomings, which was secured by a mortgage (the "**Park Drive Mortgage**") on property located at 270 Park Drive, Longmeadow, Massachusetts (the "**Park Drive Property**"), identifying Mortgage Electronic Registration Systems, Inc. ("**MERS**") as nominee for Homecomings.  Homecomings subsequently transferred the Park Drive Note to Aurora Loan Services, LLC ("**Aurora**").

    5.  On November 22, 2010, the Park Drive Property was sold in a foreclosure auction pursuant to a September 15, 2009 foreclosure judgment issued by the Commonwealth of Massachusetts Land Court.

    6.  On or about December 8, 2010, Claimant filed a complaint against Aurora and MERS (the "**Aurora Complaint**") in the Superior Court for the Judicial District of Stamford-Norwalk, Connecticut (the "**State Court**"), commencing a case captioned *LaCasse v. Aurora Loan Services, LLC, et al.*, CV10-6007676-S (the "**Aurora Action**").

    7.  No Debtor is named as a party in the Aurora Action, and no Debtor was involved in the foreclosure of the Park Drive Property.

    8.  To the best of my knowledge, as of the date hereof, the Aurora Action is still pending, and no determination has been made as to the liability of Aurora or MERS.

ny-1103048                            3

### 2. The Foreclosure Action

9. Claimant was a borrower under a loan (the "**Valley Forge Loan**") evidenced by a note (the "**Valley Forge Note**") in the principal amount of $650,000 executed on January 30, 2006, in favor of Homecomings, which was secured by a mortgage (the "**Valley Forge Mortgage**") on property located at 153 Valley Forge Road, Weston, Connecticut (the "**Valley Forge Property**"), identifying MERS as nominee for Homecomings.

10. In 2006, Homecomings sold the Valley Forge Note and specifically indorsed it to Residential Funding Corporation, which later changed its name to Residential Funding Company, LLC. The Valley Forge Note was indorsed in blank and held by Wells Fargo on behalf of RFC under a custodial agreement. On April 26, 2009, RFC acquired possession of the original Valley Forge Note and transferred it to its counsel to conduct the foreclosure.

11. After Claimant defaulted on the Valley Forge Note, on May 18, 2009, RFC filed a complaint (the "**RFC Complaint**") in the State Court, thereby commencing an action captioned *Residential Funding v. LaCasse*, CV09-5011591-S (the "**Foreclosure Action**") for strict foreclosure on the Valley Forge Loan. A copy of the RFC Complaint is annexed hereto as **Exhibit A**.

12. Claimant failed to participate in foreclosure mediation or even appear in the Foreclosure Action prior to the expiration of the foreclosure mediation period, which expired on June 18, 2009. On August 18, 2009, the State Court entered a default against Claimant for failure to appear.

13. On August 18, 2009, RFC filed a Motion for Judgment of Strict Foreclosure. In connection with this motion, RFC submitted an Affidavit of Debt signed by Jeffrey Stephan. On September 2, 2009, the State Court granted RFC's motion and entered a

ny-1103048                                        4

Judgment of Strict Foreclosure in favor of RFC, with law days set to run beginning on October 20, 2009.  A copy of the Judgment of Strict Foreclosure is annexed hereto as **Exhibit B**.

    14.  On October 20, 2009, Claimant filed a voluntary Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts (the "**Massachusetts Bankruptcy Court**"), Case No. 09-31866, thereby vacating the law days and reopening the Judgment of Strict Foreclosure.  On December 8, 2009, the Claimant's Chapter 13 bankruptcy case was dismissed.  A copy of the Order of Dismissal is annexed hereto as **Exhibit C**.

    15.  On January 19, 2010, Claimant filed a voluntary Chapter 7 bankruptcy petition in the Massachusetts Bankruptcy Court, Case No. 10-30088.  On November 4, 2010, the Massachusetts Bankruptcy Court issued an Order of Relief permitting RFC to proceed with the Foreclosure Action.  A copy of the Order of Relief is annexed hereto as **Exhibit D**.

    16.  On or about November 30, 2010, RFC filed a *Motion to Reset Law Days and Reenter Judgment in the Foreclosure Action*, a copy of which is annexed hereto as **Exhibit E**.  In connection with this motion, RFC submitted a revised Affidavit of Debt signed by Douglas Wilson (the "**Wilson Affidavit**").  A copy of the Wilson Affidavit is annexed hereto as **Exhibit F**.

    17.  On or about November 11, 2011, more than two years after the Judgment of Strict Foreclosure was obtained, Claimant filed a *Motion to Vacate Judgment and Dismiss With Prejudice* (the "**Motion to Vacate**") in the Foreclosure Action.  A copy of the Motion to Vacate is annexed hereto as **Exhibit G**.

    18.  On January 23, 2012, RFC filed an objection to the Motion to Vacate, a copy of which is annexed hereto as **Exhibit H**.

19. On February 7, 2012, Claimant filed a reply in further support of the Motion to Vacate, a copy of which is annexed hereto as **Exhibit I**.

20. The State Court scheduled an evidentiary hearing on the Motion to Vacate. The evidentiary hearing (following several continuances) was scheduled for September 14, 2012.

21. Before the scheduled evidentiary hearing was conducted, the State Court issued a stay of this proceeding based upon RFC's bankruptcy filing. The State Court specifically requested that RFC obtain an order from this Court (the "**Stay Relief Order**") granting relief allowing the Foreclosure Action to proceed.

22. On May 14, 2013, RFC filed a notice of entry of the Stay Relief Order entered by this Court in the Foreclosure Action. However, to date, no further proceedings have been held before the State Court following entry of that order.

B.   **The Debtors' Review of the Proofs of Claim**

23. The Debtors, after reviewing the supporting documentation and their books and records, have determined that they have no liability for the Proofs of Claim asserted by Claimant. The Homecomings Proof of Claim and Second RFC Proof of Claim both seek damages related to the foreclosure of the Park Drive Property. However, no Debtor is named as a party in the related Aurora Action, and no Debtor was involved in the foreclosure of the Park Drive Property. The First RFC Proof of Claim is based entirely on the claims asserted in the Claimant's Motion to Vacate, by which Claimant seeks to vacate the Judgment of Strict Foreclosure obtained by RFC in the Foreclosure Action nearly four years ago. Based on my review of the relevant pleadings and case law, in consultation with outside counsel, I have determined that the First RFC Claim fails to establish any basis for liability of the Debtors with respect to the Foreclosure Action. Accordingly, I believe that the Proofs of Claim should be

disallowed and expunged for failure to state a claim against the Debtors in connection with those legal actions.

24. Based on my review of the Proofs of Claim, I believe that they fail to attach adequate supporting documentation to demonstrate the validity and amount of the claims against the Debtors, and Claimant fails to provide any explanation why such documentation is unavailable. The Debtors made every effort to evaluate the documents attached to the Proofs of Claim to determine whether the Debtors could discern any cognizable claim for "fraudulent foreclosure" or otherwise against the Debtors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 13, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC