**Residential Capital, LLC, SD, NY, Bankruptcy #12-12020**
**Claim #2427, Basic Life Resources; Claim #2429, Hill**

<u>INDEX</u>

<u>Introduction</u>

SUPPLEMENTAL INFORMATION TO BE CONSIDERED FOR CLAIM # 2427 - Basic Life Resources  pp 1-5
BASIS OF CLAIM # 2429 – Pamela Z. Hill pp 6-10

<u>Tabs</u>

Tab 1: Proof of Claim (Official Form 10) one for BLR; one for Hill pp 11-16
        Tab 1 A:  Deed of Trust Hill/Keeva to Peoples Bank pp 17-19
        Tab 1 B:  GMAC Mortgage 6675 Wahl Rd., Freeland, WA 98249 p 20
        Tab 1 C:  Certificate of Incorporation to Basic Life Resources p 21
        Tab 1 D:  Letter of July 11, 2012 to Morrison & Foerster  p 22
        Tab 1 E:  Letter of August 3, 2012 to Morrison & Foerster  p 23

Tab 2:  Letter of December 21, 2012 to Clerk, w/ enclosed Joint Motion of BLR/Hill (w/ NOTICE) pp 24-32
        Tab 2 A: USPS Express Mail #EI 598338235 Mailing routing, delivery, receipt signature pp 33-34

Tab 3:  AFFIDAVIT OF SERVICE AND CERTIFICATES OF NO OBJECTION pp 35-48

Tab 4:  Copy of U.S. Trustee's copy of 12/21/2012 letter to Clerk w/ unsigned Joint Motion pp 49-57

Tab 5:  Order of Court entered 1/16/13, Doc. #2645 pp 58-59

Tab 6:  DEBTORS' OBJECTION 1/9/13, Doc. #2591 pp 60-63

Tab 7: Copy of Page 7, Order entered 5/23/12, Doc. #141 pp 64

Tab 8: Court Conference confirmation and Invoice, Conference ID# 5380397 p 65

Tab 9:  Correspondence with Clerk of the Court (27 pages) pp 66-92

Tab 10: Order Denying Motion for Reconsideration entered 1/25/13, Doc. #2714 pp 93-94

Tab 11
        Tab 11A: Letter of BLR to Morrison & Foerster of May 15, 2013 p 95
        Tab 11B: Letter of Hill to Morrison & Foerster of May 16, 2013 p 96`

SUPPLEMENTAL INFORMATION TO BE CONSIDERED FOR CLAIM # 2427 - Basic Life Resources

## SUPPLEMENTAL INFORMATION TO BE CONSIDERED FOR CLAIM
### RESCAP CLAIM # 2427
## Basic Life Resources

Additional legal and factual reasons why Basic Life Resources (hereafter "BLR") is owed money and is entitled to other relief in the matter of Residential Capital, LLC, SDNY Bankruptcy #12-12020, the above entitled claim # 2427 at the current time are as follows:

Without prejudice to any claim against Morrison & Foerster, LLP (hereafter "Morrison"), or any of its attorneys, staff, employees or agents individually or collectively, the United States of America and/or its Department of Justice, or any of its attorneys, staff, employees or agents, and likewise without prejudice to any proceedings which may be present concerning the filed Notice of Intent to Appeal in the above-entitled action #12-12020, the Recipient hereof is directed to consider all of the enclosures to BLR's application noted as received on November 5, 2012 resulting in Rescap Claim #2427 and including the following:

Exhibit 1
These have already been submitted, but for ready reference they are attached here as Exhibit 1 hereto, "PROOF OF CLAIMS BASIC LIFE RESOURCES/PAMELA Z. HILL" (4 pages including BLR's "Claim and Declaration") and its five attached Exhibits A through E, having been submitted to the Court and on file with the said Clerk of the Court.

Exhibit 2 and 2A
On December 21, 2012, by a joint letter, a Joint Petition and Motion for Findings of Fact, Conclusions at Law and its attached Drafts Exhibits A and B, was signed by each of the named parties, including BLR the provider hereof. Both the letter and the documents submitted to the Clerk of the Court by Express Mail, delivered December 26, 2012. See Exhibit 2A for proof of delivery, including the name of the signing recipient in the Clerk's Office.

These were signed originals in all places so indicated. By copy of that letter, as can be seen, unsigned copies were provided to the Special Services List plus in addition, with the mailing of the letter it is shown copies of both letter and pleadings were specifically mailed to The Chambers of the Judge (on these 2 it was inadvisedly noted "Electronically case filed" which turned out, when attempted, to not be possible unless attorneys for a party registered. It was thus removed from all others before transmission

Residential Capital, LLC, SD, NY Bankruptcy #12-12020 (MG)
Supplemental Information #2427 – Basic Life Resources
Page 1

/

to Morrison and to the Office of the United States Trustee for the Southern District of New York.  Copies
of both letter and pleadings are attached as Exhibit 2. The originals of both were properly signed when
submitted in all the designated places thereon.  (Note that from then KCC supplied Services and Special
Services Lists, Morrison was actually additionally timely provided with 5 copies; both mailings and emails
with attachments, one to each of the designated Morrison noted individuals therein.)

Exhibits 3 and 4
Further to be considered are all of the submissions to the Court in connection with the Joint Application,
Declaration and Motions to be found in the Court's file, including, but not limited to, Exhibit 3 hereto,
AFFIDAVIT OF SERVICE AND CERTIFICATES OF NO OBJECTION, dated January 9, 2013.  Please note at the
time Exhibit 3 was prepared and filed, the Clerk of the Court had "lost" Exhibit 2 hereto, and through
some legerdemain, it purportedly just" magically" appeared at the last minute to be filed as Docket
#2590 1/9/2013 Exhibit 4.

However Exhibit 4 was not provided to the Petitioners until a request was made for it to Kurtzman
Carson Consultants LLC (KCC), and honored (Clarissa Cu email of 5/31/13).  It should be noted that the
Docket #2590 attached hereto is not signed nor is the forwarding letter.  The signed originals submitted
by the Applicants have never been disclosed since their proven delivery to the Clerk of the Court .

The copy of the forwarding letter in the file delivered by KCC for #2590 shows at the cc: thereon that the
document which is Exhibit 4 came from the Office of the U.S. Trustee.

Exhibits 5, 6, 7 and 8

The Court, then being presumptively unaware that the Original had been "lost" and commenting on the
lack of "docketing" on ECF, (see footnote 1 of Exhibit 5), attempted to explain away why Debtor's
objection was timely.  In fact it was late (being filed-stamped and noted as "Entered 01/09/13 16:33:04"
as can be seen thereon at Exhibit 6) and through no intention or fault of the Moving Parties; particularly
since the Moving Parties had been denied the opportunity to use ECF directly and had to depend upon
the Clerk of the Court.

The entire ruling of the Court then as can be seen from examination of the entire document submitted
hereto as Exhibit 5, is based upon the "timely" objection of Morrison.   Not only was Morrison's
Objection untimely filed, but it was not then or ever has been served upon BLR as required for it to be
admissible and to be considered.

Residential Capital, LLC, SD, NY Bankruptcy #12-12020 (MG)
Supplemental Information #2427 – Basic Life Resources
Page 2

The Court made no effort or mention of any *sua sponte* consideration or independent decision. Had there been no "timely" objection, it is doubtful it could have done so anyway. <u>The fact remains it did not.</u> (Timeliness being determined by the Court's own Order filed In this Matter on May 23, 2012, Document #141, page 7 of which is attached hereto as <u>Exhibit 7</u>). Required "service" as stated thereon was not and has not ever been made. BLR has never consented or acted in any way to consent to electronic "service", "redacted" or otherwise.

<u>NB</u>: At the time of permitted telephonic oral argument, <u>Exhibit 8</u>, Judge Glenn immediately ruled, this case being called, that he would hear no argument and have no discussion with Petitioners concerning the Morrison "late" filing. He would "hang up" or words to that effect, if it was. Now in retrospect it would appear from that and the Court's notes, other circumstances, such as <u>Exhibit 4</u> hereto, there was knowing, improper collaboration, without any then disclosure to Petitioners, to hide the fact that the timely filing of the Petition (original of <u>Exhibit 4</u> ) had been "lost" and the actions(s) that followed with the active participation of these parties, apparently obvious and presumptively; Morrison, Clerk, Trustee and the Office of Judge Glenn.

<u>Exhibit 9</u>

No one has ever offered any explanation why or how all this occurred despite numerous emails and letters to both Pedro Garcia, the Clerk of the Court and to his designated representative, Gemma Philbert. See <u>Exhibit 9</u> for copies of all Clerk's correspondence. (27 pages). (Please note here the very 1st page dated 11/26/12 concerning ECF discussed throughout therein and herein.)

<u>Exhibit 10</u>

The Court in its subsequent Order Denying Motion for Reconsideration of Basic Life Resources and Pamela Z. Hill entered on January 25, 2013, attached as <u>Exhibit 10</u>, obviously as were the Moving Parties BLR and Hill, that there was "data that the court overlooked – matters in other words, that might be reasonably expected to alter the conclusion of the court." Since neither BLR nor Hill knew nor had any indication to form the ability to know the Court was supplied with an improperly, falsely filed document, neither could do so. In addition, in what had by now become *dicta*, the Court stated it could "retain the discretion to consider the opposition even if it had not been timely filed." That flies directly in the face of the Court's own rule set forth *inter alia* in <u>Exhibit 7</u> above.

<u>Residential Capital, LLC, SD, NY Bankruptcy #12-12020 (MG)</u>
Supplemental Information #2427 – Basic Life Resources
Page 3

On February 6, 2013 Eric Holder, Jr., U.S. Attorney General of The Department of Justice was requested to investigate the Clerk's actions and refusal to respond. No response to date has ever been received from Mr. Holder or any designated representative of his.  Now that the filing document and its letter designated as #2590 have been received, that too will soon be brought to the attention of the Justice Department.

Judge Glenn was requested to investigate in BLR's Application to the Court resulting in <u>Exhibit 10</u>, which as can be seen from examination of its language was ignored by Judge Glenn.

In the meantime, a copy of all of the above and its attachments will be the subject of a Standard Form 95 which will soon be submitted to the U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

<u>Exhibit 11</u>

The current amount of this claim is set forth The BL5 letter of May 15, 2013, being $8,032,606 as of that date.  It is attached hereto as <u>Exhibit 11</u>.  Obviously this need never have reached this amount now owed.

<u>So in conclusion, the following is submitted:</u>

    (1)  The right to the claimed amount as of May 15, 2013 is $8,032,606 as set forth in <u>Exhibit 11</u>.

    (2)  This right is based upon:

        a.  The fact that there was no timely valid objection of any party litigant or participant to the Entitled Proceedings, and Judge Glenn, without any, much less, due required notice to the undersigned or BLR, participated, obtained and considered an unsigned document which had been improperly provided by an unauthorized source.

        b.  Quite obviously, the United States Trustee, Morrison, the Clerk of the Court and the Judge all, without notice to the undersigned and apparently concealing such fact sought to subvert BLR's claim; and

        c.  In doing so, by the Judge's decision, should this action be corrected, in fact did not otherwise rule against or abrogate the validity of BLR's claim; although it did clearly  address and declare that BLR's claim did not fall with, or in any expedited payment provision.  The daily $14,986 thus continues.

<u>Residential Capital, LLC, SD, NY Bankruptcy #12-12020 (MG)</u>
Supplemental Information #2427 – Basic Life Resources
Page 4

And therefore demand is made for acknowledgement of BLR's monetary claim, for its proper payment in due course, or if not timely and the existing error corrected, then at the additional rate of $14,986 per additional day afterward, commencing January 1, 2014.

And further to note, until this is done, BLR will soon once again request the Department of Justice to investigate, by inclusion of a copy of this document and its Enclosures; BLR will file a Standard Form 95 claim under the Federal Tort Claims Act with the Department of Justice, and will also, using this document and its Enclosures, to formally object as may be appropriate to any otherwise potentially adverse provisions  of the Matter now scheduled to be brought before the Court at 10:00 a.m., (ET) on August 21, 2013; and to reserve the right to commence suit against the court (judge, Clerk(s) and Court personnel), the Department of Justice (including the appropriate, but as yet to be discovered individuals and personnel of the Office of the U.S. Trustee for the Southern District of New York and Morrison, together with any and all member and/or partners of that firm, individually and collectively, jointly and severally.

Dated July 21, 2013

Basic Life Resources, by

*Michael M. Moore* (electronic email signature)

_____

Michael M. Moore, Managing Director

BASIS OF CLAIM # 2429 – Pamela Z. Hill

# RESCAP

**MORRISON | FOERSTER**

## Claim Information

| Claim Number | 2429 |
|---|---|

| **Basis of Claim** | |
|---|---|
| Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | *See attached Basis of Claim Rescap Claim #2429 Pamela Z. Hill* |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: | *GMAC # 0602246812  Hill/Keeva* |
|---|---|

| Address of property related to the above loan number: |
|---|
| *6675 Wahl Road* |

| City: | State: | ZIP Code: |
|---|---|---|
| *Freeland* | *WA* | *98249* |

Additional resources may be found at – http://www.kccllc.net/rescap

Residential Capital, LLC   P.O. Box 385220   Bloomington, MN  55438

*b*

Claim Number: 2429
Pamela Z. Hill
Type: POC

# BASIS OF CLAIM

### RESCAP CLAIM # 2429
Pamela Z. Hill

The legal and factual reasons why I am owed money and am entitled to other relief in the matter of
Residential Capital, LLC, SDNY Bankruptcy #12-12020, the above entitled claim # 2429 <u>at the current</u>
<u>time</u> are as follows:

Without prejudice to any claim against Morrison & Foerster, LLP (hereafter "Morrison"), or any of its
attorneys, staff, employees or agents individually or collectively, the United States of America and/or its
Department of Justice, or any of its attorneys, staff, employees or agents, and likewise without prejudice
to any proceedings which may be present concerning my Notice of Intent to Appeal in the above-
entitled action #12-12020, the Recipient hereof is directed to consider all of the enclosures to my
application noted as received on  November 5, 2012  resulting in Rescap Claim #2427 and including  the
following:

Exhibit 1
These have already been submitted, but comply with your request they are attached here as <u>Exhibit 1</u>
hereto, "PROOF OF CLAIMS BASIC LIFE RESOURCES/PAMELA Z. HILL" (4 pages including my "Claim and
Declaration") and its five attached Exhibits A through E, having been submitted to the Court  and on file
with the Clerk of the Court.

Exhibit 2 and 2A
On December 21, 2012, by a joint letter, a Joint Petition and Motion for Findings of Fact, Conclusions at
Law and its attached Drafts Exhibits A and B, was signed by each of the named parties, including Pamela
Z. Hill, your Applicant herein.  Both the letter and the documents submitted to the Clerk of the Court by
Express Mail, delivered December 26, 2012.  See <u>Exhibit 2A</u> for proof of delivery.   These were signed
originals in all places so indicated. By copy of that letter, as can be seen, unsigned copies were provided
to the Special Services List plus in addition, with the mailing of the letter it is shown copies of both letter
and pleadings were specifically mailed to The Chambers of the Judge(on these 2 it was inadvisedly noted
"Electronically case filed" which turned out when attempted to not be possible unless attorneys for a
party registered, and thus removed from all others before transmission), Morrison  and to the Office of
the United States Trustee for the Southern District of New York.  Copies of both letter and pleadings are
attached as <u>Exhibit 2</u>. (Note from that Special Services List Morrison was actually provided with 5 email
copies, one to each of the designated individuals therein.)

<u>Residential Capital, LLC, SD, NY Bankruptcy #12-12020 (MG)</u>
Basis of Claim #2429 – Hill
Page 1

Exhibits 3 and 4

Further to be considered are all of the submissions to the Court in connection with the Joint Application, Declaration and Motions to be found in the Court's file, including, but not limited to, Exhibit 3 hereto, AFFIDAVIT OF SERVICE AND CERTIFICATES OF NO OBJECTION, dated January 9, 2013.  Please note at the time this was prepared and filed, the Clerk of the Court had "lost" Exhibit 2 hereto, and through some legerdemain, it purportedly just" magically" appeared at the last minute to be filed as Docket #2590 1/9/2013  Exhibit 4.

However Exhibit 4 was not provided to the Petitioners until a request was made to Kurtzman Carson Consultants LLC (KCC), and honored (Clarissa Cu email of 5/31/13).  It should be noted that the Docket #2590 attached hereto is not signed nor is the forwarding letter.  The originals submitted by the Applicants have never been disclosed since their proven delivery to the Clerk of the Court . The copy of the forwarding letter in the file delivered by KCC for #2590 shows at the cc: thereon that the document which is Exhibit 4 came from the Office of the U.S. Trustee.

Exhibits 5, 6, 7 and 8

The Court then being presumptively unaware that the Original had been "lost" and commenting on the lack of "docketing" on ECF, (see footnote 1 of Exhibit 5), attempted to explain away why Debtor's objection was timely.  In fact it was late (being filed-stamped and noted as "Entered 01/09/13 16:33:04" as can be seen thereon at Exhibit 6) and through no intention or fault of the Moving Parties; particularly since the Moving Parties had been denied the opportunity to use ECF directly and had to depend upon the Clerk of the Court.  The entire ruling of the court then as can be seen from examination of the entire document submitted hereto as Exhibit 5, is based upon the "timely" objection of Morrison.  The Court made no effort or mention of any *sua sponte* consideration or independent decision.  Had there been no "timely" objection, it is doubtful it could have done so anyway.  The fact remains it did not.  (Timeliness being determined by the Court's own Order filed In this Matter on May 23, 2012, Document #141, page 7 of which is attached hereto as Exhibit 7).  Required "service" was not and has not ever been made.

NB:  At the time of permitted telephonic oral argument, Exhibit 8, Judge Glenn immediately ruled, this case being called, that he would hear no argument and have no discussion with Petitioners concerning the Morrison "late" filing.  Now in retrospect it would appear from that and the Court's notes, other circumstances, such as Exhibit 4 hereto, there was knowing, improper collaboration, without any then disclosure to Petitioners, to hide the fact that the timely filing of the Petition (original of Exhibit 4 ) had been "lost".

Residential Capital, LLC, SD, NY Bankruptcy #12-12020 (MG)
Basis of Claim #2429 – Hill
Page 2

Exhibit 9

No one has ever offered any explanation why or how all this occurred despite numerous emails and letters to both Pedro Garcia, the Clerk of the Court and to his designated representative, Gemma Philbert.  See Exhibit 9  for copies of all Clerk's correspondence. (27 pages). (Please note here the very 1st page dated 11/26/12 concerning ECF discussed throughout.)

 Exhibit 10

The Court in its subsequent Order Denying Motion for Reconsideration of Basic Life Resources and Pamela Z. Hill entered on January 25, 2013, attached as Exhibit 10, obviously as were the Moving Parties BLR and Hill, that there was "data that the court overlooked – matters in other words, that might be reasonably expected to alter the conclusion of the court." Since neither BLR nor Hill knew or had any ability to know the Court was supplied with an improperly, falsely filed document, neither could do so. In addition in what had by now become *dicta*, the Court stated it could "retain the discretion to consider the opposition even if it had not been timely filed."  That flies directly in the face of the Court's own rule set forth *inter alia* as Exhibit 7 above.

On February 6, 2013 Eric Holder, Jr., U.S. Attorney General of The Department of Justice was requested to investigate the Clerk's actions and refusal to respond. No response to date has ever been received from Mr. Holder or any designated representative of his.  Now that the filing document and its letter designated as #2590 have been received, that too will be brought to the attention of the Justice Department.

In the meantime, a copy of all of the above and its attachments will be the subject of a Standard Form 95 which will soon be submitted to the U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

Exhibit 11

The current amount of this claim is set forth in my letter of May 16, 2013, being $395,569.98 as of that date.  It is attached hereto as Exhibit 11.

Residential Capital, LLC, SD, NY Bankruptcy #12-12020 (MG)
Basis of Claim #2429 – Hill
Page 3

So in conclusion, the following is submitted:

9

(1) The right to the claimed amount as of May 16, 2013 is $395,569.98 as set forth in <u>Exhibit 11</u>.

(2) This right is based upon:

    a.   The fact that there was no timely valid objection of any party litigant or participant to the Entitled Proceedings, and Judge Glenn, without any, much less, due required notice to the undersigned or BLR, participated, obtained and considered an unsigned document which had been improperly provided by an unauthorized source.

    b.   Quite obviously, the United States Trustee, Morrison, the Clerk of the Court and the Judge all, without notice to the undersigned and apparently concealing such fact sought to subvert my claim; and

    c.   In doing so, by the Judge's decision, should this action be corrected, in fact did not otherwise rule against or abrogate the validity of my claim; although it did clearly and properly address and establish that my claim did not fall within any expedited payment provision.

And therefore demand is made for acknowledgement of my monetary claim, for its proper payment in due course.

And further to note, until this is done so, I will once again request the Department of Justice to investigate, by inclusion of a copy of this document and its Enclosures; I will file a Standard Form 95 claim under the Federal Tort Claims Act with the Department of Justice, and will also, using this document and its Enclosures, to formally object as may be appropriate to any otherwise potentially adverse provisions of the Matter now scheduled to be brought before the Court at 10:00 a.m., (ET) on August 21, 2013; and to reserve the right to commence suit against the court (judge, Clerk(s) and Court personnel), the Department of Justice (including the appropriate, but as yet to be discovered individuals and personnel of the Office of the U.S. Trustee for the Southern District of New York and Morrison, together with any and all member and/or partners of that firm, individually and collectively, jointly and severally.

Dated July 18, 2013

S/

Pamela Z. Hill

<u>Residential Capital, LLC, SD, NY Bankruptcy #12-12020 (MG)</u>

Basis of Claim #2429 – Hill

Page 4

Proof of Claim (Official Form 10) one for BLR; one for Hill
Tab 1 A:  Deed of Trust Hill/Keeva to Peoples Bank
Tab 1 B:  GMAC Mortgage 6675 Wahl Rd., Freeland, WA 98249
Tab 1 C:  Certificate of Incorporation to Basic Life Resources
Tab 1 D:  Letter of July 11, 2012 to Morrison & Foerster
Tab 1 E:  Letter of August 3, 2012 to Morrison & Foerster

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY **COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **PROOF OF CLAIM** |
|---|---|

Name of Debtor and Case Number: **Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Basic Life Resources, a Washington State non-profit corporation**

Name and address where notices should be sent:

**Basic Life Resources**
**P.O. Box 665**
**Coupeville, WA 98239**

Telephone number: 360-466-8977          email: Cribstone@aol.com

Name and address where payment should be sent (if different from above):

**All same as above**

Telephone number: 360-466-8977          email: Cribstone@aol.com

□ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
(If known)

Filed on:_____

□ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed: $** 1,700,000

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

□ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See attached Proof of Claim and Declaration with exhibits
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 6812

**3a. Debtor may have scheduled account as:** Joseph Keeva/Pamela Z. Hill
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):** none
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ■ Real Estate □ Motor Vehicle □ Other
Describe:

Value of Property: $ attached     Annual Interest Rate_____% □ Fixed □ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,

if any: $_____          Basis for perfection: _____

Amount of Secured Claim: $ 1,700,000     Amount Unsecured: $ to be decided

**6. Claim Pursuant to 11 U.S.C § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$ none          (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
□ I am the creditor.    ■ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)

□ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)

□ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Michael M. Moore
Title: Managing director
Company: Basic Life Resources
Address and telephone number (if different from notice address above):
Same
Same

(Signature)          (Date) 11/2/2012  10/31/2012

Telephone number: 360-466-8977     Email: Cribstone@aol.com

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

□ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

□ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

□ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

□ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

□ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

■ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$ 1,700,000

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

11

Claim #2429 Date Filed: 11/5/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

**Name of Debtor and Case Number:**
Residential Capital, LLC, Case No. 12-12020

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Pamela Z. Hill, a single woman

**Name and address where notices should be sent:**

Pamela Z. Hill
P.O. Box 665
Coupeville, WA 98239

Telephone number: 360-678-2095        email: Pamela@WhidbeyViewHomes.com

**Name and address where payment should be sent** (if different from above):
All same as above

Telephone number: 360-678-2095        email: Pamela@WhidbeyViewHomes.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim**
**Number:** _____
(*If known*)

Filed on: _____

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ 389,331

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** See attached Proof of Claim and Declaration with exhibits, with appended affirmation by Claimant
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 6812 | 3a. Debtor may have scheduled account as: Joseph Keeva/Pamela Z. Hill-Keeva (See instruction #3a) | 3b. Uniform Claim Identifier (optional): none (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒Real Estate ☐Motor Vehicle ☐Other
Describe:

Value of Property: $ attached        Annual Interest Rate_____% ☐Fixed ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____        Basis for perfection: _____

Amount of Secured Claim: $ _____        Amount Unsecured: $ 389,331

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ 389,331

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.        $ none        (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, ~~ completed, and redacted copies of documents providing eviden definition of "redacted".~~

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DC

If the documents are not available, please explain:

12120201211050000000000102

\* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**9. Signature:** (See instruction #9) Check the appropriate box.
☒ I am the creditor.   ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Pamela Z. Hill        11/2/2012   ~~10/31/2012~~
Title: _____
Company: _____        *Pamela Hill*
Address and telephone number (if different from notice address above):        (Signature)        (Date)
Same
Same
Telephone number: 360-678-2095        Email: Pamela@WhidbeyViewHomes.com

**RECEIVED**

NOV 0 5 2012

KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

12

Basic Life Resources, A Washington non-profit corporation
6675 Wahl Road
Freeland, Washington 98249
Email:Cribstone@aol.com, 360-466-8977

Mailing Address:
P.O. Box 665
Coupeville, WA 98239
*Pro se*
by:
Michael M. Moore, Managing Director, BLR
Pamela Z. Hill, individually, a single woman

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.,* | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | PROOF OF CLAIMS |
| | | BASIC LIFE RESOURCES/PAMELA Z. HILL |

To:    The Clerk of the Court
and to: Morrison & Foerster, LLP
        Gary S. Lee & Lorenzo Marinuzzi

---

COMES NOW BASIC LIFE RESOURCES, a Washington State non-profit corporation and through its Managing Director, Michael M. Moore, avers and pleads as follows by way of a claim against Residential Capital, LLC, and its affiliates, particularly GMAC, and also Morrison & Foerster, LLC, a claim for compensation, dismissal and such other relief as this Court deems just and equitable:

### CLAIM

The Claimant herein, Basic Life Resources, through Michael M. Moore, *pro se.* claims the sum of U.S. $1.7 million as of the date this Claim is signed and further the additional amount of U.S. $14,986 for each and every day thereafter until paid or satisfied in full, together with interest thereon at a rate to be established by this Bankruptcy Court.

### PROOF OF CLAIM

The above-entitled is a Chapter 11 Proceeding and this Proof of Claim is based upon an obligation that arose before May 14, 2012, namely a note secured by a Deed of Trust dated February 20, 2009, now an asset of GMAC Mortgage, whose parent company is Residential Capital, LLC, the petitioner for Restructuring herein.

Basic Life Resources/Hill Claim page 1

*13*

A copy of the pertinent part (3 pages) of that underlying Deed of Trust is appended hereto as Exhibit A. A copy of GMAC's monthly statement thereon is appended as Exhibit B. (All Exhibits appended hereto are incorporated as if fully set forth herein.)

This Proof of Claim is based upon the Claim made herein of Basic Life Resources, and the Declaration of Michael M. Moore, subjoined hereto and by this reference made a part hereof.

## DECLARATION

Michael M. Moore, does hereby declare as follows:

I am a citizen of the United States of America, a resident of the State of Washington, over the age of majority and competent to make the following Declaration.

Basic Life Resources (hereinafter "BLR) is a current Washington State Non-profit corporation, Washington UBI Number 603-206-022 and is registered with the federal IRS as a Section 501 c. 3. corporation by its EIN Number 46-1006251. Its corporate filing with the Washington Secretary of State was completed May 11, 2012. A copy of BLR's Certificate of Incorporation is attached as Exhibit C.

Its corporate purpose as stated at the time of filing is (and remains) "To enhance the development of natural geographic and biological assets of Puget Sound" (in Washington State).

After the notification by the Washington Secretary of State that BLR's filing was complete, I was unanimously designated as the Managing Director by BLR's Directors of Record in its application to incorporate.

In accordance with its dedicated purpose of record and with Board of Directors' request and approval, I initiated action for BLR to acquire certain second class tidelands in Island County, Washington. Those selected were "all of the tidelands of the second class situate in front of, adjacent to, and/or abutting thereon ; all to the extreme low tide of Lots 5 and 6 and the Northwesterly 37 feet of Lot 4, Sheerness Waterfront Tracts ......" the approximately 25 acres strategically on Admiralty Inlet owned of record by Pamela Z. Hill as a result of a deed to her by one Richard Francisco dated and recorded with the Island County Auditor on June 21, 2012, using the then required Island County Assessor's and Treasurer's Property Tax Parcel/Account #S8155-00-00005-0, noting on the Excise Tax form required for recording the need for segregation.

As such BLR now holds in unencumbered of record fee by Statutory Warranty Deed from Pamela Z. Hill, a single woman, Island County Auditor's recording number 4325446, those certain second class tidelands in Island County, Washington State once again in part associated with Parcel I. D. Number S8155-00-00005-0 and thus coincidentally the Deed of Trust as a cloud.

Previous to these transactions and Deeds as above, on February 20, 2009, Joseph W. Keeva and Pamela Z. Hill-Keeva executed a Deed of Trust in favor of Peoples Bank, for the uplands consisting of "Lots 5

Basic Life Resources/Hill Claim page 2

14

and 6 and the Northwesterly 37 feet of Lot 4, Plat of Sheerness Waterfront Tracts........", naming also "Parcel ID Number S8155-00-00005-0". There is no mention of any tidelands whatsoever in either this deed of Trust or its underlying Statutory Warranty Deed to Keevas. See Exhibit A again.

Somehow, unknown to your Declarant, Peoples transferred its interest through intermediate banking and mortgage packaging to eventually become that of GMAC Mortgage and thus also RESCAP.

As can be seen on Exhibit A, the borrowers are "Joseph W. Keeva and Pamela Hill-Keeva, husband and wife...." The Keevas were divorced and by award of the court in that proceeding, *inter alia* Pamela's name of Hill was restored and she was awarded the fee ownership of the property which secures this Deed of Trust.

The formal application for segregation as noted below was July 2, 2012, in preparation for transfer from Hill to BLR as described above. In the meantime there existed and still exists a potential cloud on the title to the tidelands because of the common Tax I. D. number S8155-00-00005-0 since it is also of record set forth on Exhibit A. This cloud must be removed for now dedicated purposes.

On July 11, 2012, I prepared and personally placed in the United States Postal Service mail system, a postage prepaid letter to Morrison & Foerster, as appears on Exhibit D appended hereto and by this reference incorporated herein.

No reply was ever received from the addressed party or any representative thereof. The mail was never returned. Hence, because of the necessity of moving forward with a clear, unencumbered unquestionable title from Hill free of any cloud in favor of the Exhibit A Deed of Trust, I sent another letter by the same means to Morrison & Foerster on August 3, 2012 as appears on Exhibit E also appended hereto and by this reference incorporated herein.

Once again no reply or response whatsoever has ever been received. And once again, the mail was never returned.

Since it became obvious Morrison & Foerster, for whatever reason they may have had, intended to ignore my letters addressed to them, after waiting for more than a month and one-half, and losing many opportunities as they arose for association with recognized, well-established, experienced conservation partners, it was agreed to convey the tidelands to BLR in order to complete the segregation process and avail itself of what remaining opportunities, while of a much lesser character and reputation could be had and in time for eventual submission of a claim as this before time for such would expire when that requirement occurred, as could be anticipated in the then near future in the course of bankruptcy events.

Since BLR once properly affiliated has the opportunity to achieve an annual income of an estimated (and will be proven over the coming years) of $5.47 million U.S. Dollars, and has been denied that opportunity now for over 4 months, it has to date suffered damages of at least $1.7 million U.S. Dollars, all as a direct result of Morrison & Foerster's non-action and ignoring of Exhibits D & E and the inaccurate and incorrect initial Deed of Trust (Exhibit A) not corrected thereby.

This lost income is determined by the precise location of the tidelands now deeded to BLR by which arrangements are to be made for it to receive from an administrative surcharge on both foreign vessel

Basic Life Resources/Hill Claim page 3

15

shipping traffic proceeding into and departing Admiralty Inlet of Puget Sound an amount equal to one-half of one tenth of one percent of the current annual value foreign shipping, being now U.S. $80 billion annually. To this is added US $2.00 for each and every of the 735,000 cruise ship passengers who transit annually through Admiralty Inlet. This then annually amounts to U.S. $4 million for foreign vessel freight and U.S. $1.47 million from cruise ships, for a total annual income of U.S. $5.47 million. The sum of U.S. $1.7 million has accrued as of the date this Claim. The daily loss, continuing after November 2, 2012, is U.S. $14,986.

Because this income source is not yet a matter of public record, I cannot disclose further details without the protection of a Court Order sealing the record of this matter to prevent public disclosure until such time as it may be publicized. If and when that is done, I will promptly disclose to the Court the further details and source(s) of funds and income.

I declare under penalty of perjury that the information provided in this Declaration is true and correct to the best of my knowledge, information and reasonable belief.

Michael M. Moore _____, dated 11/2/2012.

### Claim and Declaration of Pamela Z. Hill

I have read the entire contents of the Claim and Declaration above, and confirm and approve and incorporate the same into my personal Claim and Declaration as if fully set forth herein, with the exception that I limit my claim to the current amount due and owing on the note securing the Deed of Trust, to wit: $389,331.31 by way of damages I have suffered. And further request the Court to apply such sum as set-off against any claim of GMAC Mortgage or its parent, Residential Capital, LLC, and this court further order that any and obligations thereunder of myself shall hence forth null and void and without further effect, and GMAC Mortgage and/or Residential Capital record full satisfaction with the Island County, Washington Auditor.

I declare under penalty of perjury that the information provided in this Declaration is true and correct to the best of my knowledge, information and reasonable belief.

Pamela Z. Hill _____, Dated: 11/2/2012.

Mailing Address:
P.O. Box 665
Coupeville, WA 98239
Email: Pamela@WhidbeyViewHomes.com
360-678-2095/360-320-2411

Basic Life Resources/Hill Claim page 4

*16*

**Tab 1 A:  Deed of Trust Hill/Keeva to Peoples Bank**

Return To:

Peoples Bank - Coupeville
107 S Main Street Ste C101,
Coupeville, WASHINGTON 98239

Assessor's Parcel or Account Number: S8155-00-00005-0
Abbreviated Legal Description: Lots 5 & 6, Ptn. Lot 4 Sheerness Waterfront Tracts

[Include lot, block and plat or section, township and range]          Full legal description located on page
Trustee: Stewart Title, PO Box 699, Oak Harbor, WA 98277
                                                        Additional Grantees located on page

———————————————— [Space Above This Line For Recording Data] ————————————————

# DEED OF TRUST

MIN 100135900000155512

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are
also provided in Section 16.

(A) "Security Instrument" means this document, which is dated February 20, 2009          ,
together with all Riders to this document.

(B) "Borrower" is Joseph W Keeva and Pamela Z Hill-Keeva, husband and wife as
Joint Tenants With Right of Survivorship and not as Tenants in Common

Borrower is the trustor under this Security Instrument.

(C) "Lender" is Peoples Bank - Coupeville 107 S Main Street Ste C101
Coupeville, WASHINGTON 98239

5209368-401
WASHINGTON-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS          Form 3048  1/01

(VMP) -6A(WA) (0811)
Page 1 of 15          Initials:_____
        VMP Mortgage Solutions, Inc.



Lender is a **Corporation**
organized and existing under the laws of **WASHINGTON**
Lender's address is **107 S Main Street Ste C101 Coupeville, WASHINGTON 98239**

(D) "Trustee" is **Stewart Title, PO Box 699, Oak Harbor, WA 98277**

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(F) "Note" means the promissory note signed by Borrower and dated **February 20, 2009**
The Note states that Borrower owes Lender **Four Hundred Fifteen Thousand and 00/100**

Dollars

U.S $415,000.00                ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **March 01, 2039**

(G) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider   ☐ Condominium Rider           ☐ Second Home Rider
☐ Balloon Rider           ☐ Planned Unit Development Rider ☐ 1-4 Family Rider
☐ VA Rider                ☐ Biweekly Payment Rider       ☐ Other(s) [specify]

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

5203368-401
WASHINGTON-Single Family-Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT WITH MERS**
6A(WA) (0811)                    Page 2 of 15       Initials: _____       Form 3048 1/01

18

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY
The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the                County              [Type of Recording Jurisdiction]
of            ISLAND                    [Name of Recording Jurisdiction]:
Lots 5 and 6 and the Northwesterly 37 feet of Lot 4, Plat of Sheerness Waterfront Tracts, as per plat recorded in Volume 3 of Plats, page 44, records of Island County, Washington.
Situate in the County of Island, State of Washington.

Parcel ID Number: 38155-00-00005-0                      which currently has the address of
6675 Wahl Rd                                                    [Street]
FREELAND                                      [City] , Washington 98249     [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.
    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

5209368-401
WASHINGTON-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS
-6A(WA) (0811)                              Page 3 of 15         Initials:_____          Form 3048  1/01

19

**Tab 1 B:  GMAC Mortgage 6675 Wahl Rd., Freeland, WA 98249**

# GMAC Mortgage

**CUSTOMER INFORMATION**

Name:
Joseph W Keeva
Pamela Z Hill Keeva
Account Number: 0602246812
Home Phone #: (360)331-3105

**PROPERTY ADDRESS**
6675 WAHL RD
FREELAND          WA 98249

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement; detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 0602246812 |
| Statement Date | October 04, 2012 |
| Maturity Date | March 01, 2039 |
| Interest Rate | 5.12500 |
| Interest Paid Year-to-Date | $15,077.86 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $0.00 |
| Principal Balance(PB)* | $389,331.32 |

For Customer Care inquiries call: 1-800-766-4622
For Insurance inquiries call: 1-800-256-9962
For Payment Arrangements call: 1-800-850-4622

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $2,259.63 |
| Subsidy/Buydown | $0.00 |
| Escrow | $42.95 |
| Home warranty | $0.00 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $2,302.58 |
| Account Due Date | November 01, 2012 |

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 10/01/12 | 10/04/12 | $2,302.58 | $594.32 | $1,665.31 | | $42.95 | | |

*The above principal balance is only the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Service number, or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).

Failure to pay a monthly charge for an Optional Product billed under "Add'l Products" will not cause
your mortgage account to be in default.

# EXHIBIT B

See Reverse Side For Important Information And State Specific Disclosures

70

Mail This Portion With Your Payment

Tab 1 C:  Certificate of Incorporation to Basic Life Resources



# UNITED STATES OF AMERICA

# The State of Washington

## Secretary of State

**I, SAM REED,** Secretary of State of the State of Washington and custodian of its seal, hereby issue this

## CERTIFICATE OF INCORPORATION

to

## BASIC LIFE RESOURCES

a/an WA Non-Profit Corporation. Charter documents are effective on the date indicated below.

Date: 5/10/2012

UBI Number: 603-206-022



Given under my hand and the Seal of the State of Washington at Olympia, the State Capital

Sam Reed, Secretary of State

EXHIBIT C