**Tab 4:  Copy of letter U.S. Trustee's copy of 12/21/2012 letter to Clerk w/ unsigned copy of Joint Motion**

**Basic Life Resources/Pamela Z. Hill**
Post Office Box 665
Coupeville, WA 98239
360-466-8977/360-678-2095
Cribstone@aol.com
Pamela@WhidbeyViewHomes.com

December 21, 2012

Clerk of the Court
United States Bankruptcy Court of the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

Re:  In re: RESIDENTIAL CAPITAL, LLC, *et al.*
Case No. 12-12020, Chapter 11

Dear Clerk of the Court:

Enclosed you will find the original Joint Petition and Motion for Findings of Fact, Conclusions at Law and its attached Drafts Exhibits A and B.

2 copies have been provided to Chambers by separate cover.

Please file this in the Court's file and acknowledge receipt and filing by file-stamping the copy of this letter enclosed also in the space provided below and returning that copy to the undersigned in the self-addressed, stamped envelope provided herein for your use and convenience.

Thank you very much.

Sincerely,

Michael M. Moore, Managing Director
for Basic Life Resources

Pamela Z. Hill

cc: w/ encls.

Morrison & Foerster LLP
Office of the United States Trustee for the Southern District of New York

49

Basic Life Resources, a Washington non-profit corporation
And
Pamela Z. Hill
6675 Wahl Road
Freeland, Washington 98249
Email: Cribstone@aol.com, 360-466-8977
        Pamela@WhidbeyViewHomes.com
        360-678-2095/360-320-2411

Mailing Addresses:
P.O. Box 665
Coupeville, WA 98239

Objection Date:  January 9, 2013
Hearing Date:    January 16, 2013
Scheduled Omnibus Hearing Date

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| In re: | ) | |
|---|---|---|
| | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | JOINT MOTION FOR FINDINGS |
| | ) | OF FACT, CONCLUSIONS AT LAW |
| | | JUDGMENT AND ORDER |

To:   The Clerk of the Court;
To:   Special Service List;
And to: Morrison & Foerster, LLP

With: 2 Courtesy copies to: Courtroom Deputy, Deanna Anderson

NOTICE:  The relief requested hereby may be granted without a Hearing if no objection is timely filed and served in accordance with the Case Management Procedures set forth in this Court's Order establishing certain notice, case management and administrative procedures signed by Hon. Martin Glenn, United States Bankruptcy Judge dated May 23, 2012.

COME NOW Basic Life Resources a non-profit corporation by and through its Managing Director, Michael M. Moore and Pamela Z. Hill, both *pro se* and Petition this Court by this Motion to make and enter the Findings of Fact, Conclusions at Law and Judgment, draft proposals attached hereto as further identified by their headings.

This is a Joint Petition as the claims of your named Petitioners and as set forth below relate to the same basis for claim and the properties of the same Island County, Washington, tax identification identifying number(s).  Relief may be granted to one Petitioner without relief otherwise sought being granted to the other.

Motion/Petition BLR/Hill 12/20/2012
Page 1

50



This Petition and Motion is based upon the records and files of the Clerk of this Court and the Declarations of Michael M. Moore and Pamela Z. Hill subjoined hereto as follows:

### DECLARATION OF MICHAEL M. MOORE

I, Michael M. Moore, am the Managing Director of Basic Life Resources, a Washington State non-profit corporation and am authorized to file this Petition and make this Declaration.

Basic Life Resources has timely filed a Creditor's Proof of Claim as directed by this Court by its Order filed May 23, 2012, Court Clerk's File Document 141, and such Claim was duly received on November 5, 2012 and assigned Claim Number 2427.

Further, this Claim together with its Proof of Claim with its supporting documents was received and filed by the Clerk of this Court on November 19, 2012, Court Clerk's File Document 2249. By enclosure to that filing cover letter by the undersigned, Morrison & Foerster, LLP (attention to Gary S. Lee, Lorenzo Marinuzzi) were provided with copies of all documents so filed. No response whatsoever has ever been received from Morrison & Foerster.

Further, Morrison & Foerster were sent a letter by the undersigned on behalf of Basic Life Resources (BLR) referring to Claim 2427, of BLR specifically indicating the amounts of the Claim to be $1.7 million (secured) and $14,986 per day from November 2, 2012. That letter was delivered to their offices by Fedex on December 14, at 9:49 a.m. EST, and signed for by J. Dowee. In that letter, Morrison, et al., were given until December 20, 2012, for their response by email or letter to be received. Once again, no response whatsoever by any means has been received by the undersigned and the designated response time has expired.

Neither Morrison et al., nor any other party to these proceedings has filed or served the undersigned with objection filed or served upon the undersigned or BLR.

The relief sought herein is an "emergency" as BLR has now, through no fault of its own, suffered and will continue to suffer financial losses as described in its Declaration of Claim 2427. Further details and explanation may be found at its website, basiclifcresources.org, which will soon be completed and published. Likewise, the sooner the relief sought in this matter, the sooner the Debtors will no longer be obligated to pay $14,986 per day to BLR, a savings to all parties concerned in this Proceeding.

I declare under penalty of perjury that the information provided in this Declaration is true and correct to the best of my knowledge, information and reasonable belief.

Dated: 12/20/2012   _____

Michael M. Moore
Managing Director, BLR, *pro se*

Motion/Petition BLR/Hill 12/20/2012
Page 2

57

## PETITION OF BASIC LIFE RESOURCES

Accordingly, under the Bankruptcy Laws of the United States, the Local Rules governing this Court and this Court's Order establishing certain notice, case management and administrative procedures signed by Hon. Martin Glenn, United States Bankruptcy Judge dated May 23, 2012, Basic Life Resources is entitled to a granting of its Motion hereby made to Findings of Fact and Conclusions at Law and further to the entry of a Judgment and Decree in accordance with the Draft appended hereto as Exhibit A.

Respectfully submitted:

Dated: 12/20/2012 _____

Michael M. Moore
Managing Director, BLR, pro se

## DECLARATION OF PAMELA Z. HILL

I am Pamela Z. Hill, a single woman.

I have timely filed a Creditor's Proof of Claim as directed by this Court by its Order filed May 23, 2012, Court Clerk's File Document 141, and such Claim was duly received on November 5, 2012 and assigned Claim Number 2429.

Further, this Claim together with its Proof of Claim with its supporting documents was received and filed by the Clerk of this Court on November 19, 2012, Court Clerk's File Document 2249. By enclosure to that filing cover letter by the undersigned, Morrison & Foerster, LLP (attention to Gary S. Lee, Lorenzo Marinuzzi) were provided with copies of all documents so filed. No response whatsoever has ever been received from Morrison & Foerster.

Further, Morrison & Foerster were sent a letter by the undersigned referring to Claim 2429, specifically indicating the amounts of the Claim to be $389,331. That letter was delivered to their offices by Fedex on December 14, at 9:49 a.m. EST, and signed for by J. Dowee. In that letter, Morrison, et al., were given until December 20, 2012, for their response by email or letter to be received. Once again, no response whatsoever by any means has been received by the undersigned and the designated response time has expired.

Neither Morrison & Foerster LLP, nor any other party to these proceedings has filed or served the undersigned with objection or challenge to my Claim whatsoever.

I declare under penalty of perjury that the information provided in this Declaration is true and correct to the best of my knowledge, information and reasonable belief.

Dated: 12/20/2012_____

Pamela Z. Hill, *pro se*

Motion/Petition BLR/Hill 12/20/2012
Page 3

## PETITION OF PAMELA Z. HILL

Accordingly, under the Bankruptcy Laws of the United States, the Local Rules governing this Court and this Court's Order establishing certain notice, case management and administrative procedures signed by Hon. Martin Glenn, United States Bankruptcy Judge dated May 23, 2012, I am entitled to the granting of my Motion hereby made to Findings of Fact and Conclusions at Law and further to the entry of a Judgment and Decree in accordance with the Draft appended hereto as Exhibit B.

Respectfully submitted:

Dated: 12/20/2012    _____
              Pamela Z. Hill, *pro se*

Motion/Petition BLR/Hill 12/20/2012
Page 4

53

EXHIBIT A
TO JOINT PETITION/MOTION
BASIC LIFE RESOURCES/HILL

Basic Life Resources, A Washington non-profit corporation
6675 Wahl Road
Freeland, Washington 98249
Email: Cribstone@aol.com, 360-466-8977
Mailing Address:
P.O. Box 665
Coupeville, WA 98239

Objection Date: January 9, 2013
Hearing Date:    January 16, 2013
Scheduled Omnibus Hearing Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) Chapter 11 |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) DRAFT FINDINGS OF FACT, |
| | ) CONCLUSIONS AT LAW AND |
| | JUDGMENT AND ORDER |
| | FOR BASIC LIFE RESOURCES |

To:    The Clerk of the Court;
To:    Special Service List;
And to: Morrison & Foerster, LLP

With: 2 Courtesy copies to: Courtroom Deputy, Deanna Anderson

This Court having considered the records and files herein, the Petition and Declaration of Michael M.
Moore on behalf of Claimant, Basic Life Resources, a Washington non-profit corporation, and further
this Court by and through the Undersigned hereby enters the following:

FINDINGS OF FACT AND CONCLUSIONS AT LAW

The Claimant, Basic Life Resources has timely and properly filed a claim in accordance with the Rules
established for these Proceedings and has likewise timely and properly filed a Petition and made a
Motion for consideration of this Court.

No objections or challenge of any nature whatsoever have been timely served and filed within the terms
United States Bankruptcy Laws, the Local Rules of this Court and/or as required by Order of this Court
dated May 23, 2012.

Draft Findings/Judgment/Order BLR
Page 1

54

The relief sought by Basic Life Resources in its Claim number 2427 is just, fair and reasonable under the circumstances and Basic Life Resources is entitled to emergency implementation.

It is hereby Ordered as follows:

## JUDGMENT AND ORDER

### JUDGMENT

Basic Life Resources (BLR) thereby is entitled to the following Judgment and Order:

Judgment shall hereby enter against Debtors, Residential Capital, and each and every one of their named subsidiaries herein and/or their attorneys of record, Morrison & Foerster, LLP, each and all, jointly and severally, in the amount of $1.7 million for the period of June 2, 2012, to November 2, 2012, and in the further amount of $14,986 per day from November 2, 2012, until payment is received by Basic Life Resources, payment to be made by either by certified check or wire transfer to a bank account of BLR, to be supplied by BLR by return email at the email request of debtors and/or their said attorneys.

Interest on this Judgment in favor of BLR shall enter at the rate of 12% per annum on any unpaid amount after this date of signature below.

FURTHER, in the event this judgment is not paid and satisfied in full within 10 calendar days of its entry and notice to Debtors and/or their attorneys, said Debtors and their attorneys shall be deemed without further Motion or Order to be in contempt of this Court, and shall be thus required to pay treble the amounts so Ordered herein.

### ORDER

Debtors are hereby Ordered to immediately take such steps and file such documents as will clear the cloud on the title of BLR's portion of Island County Treasurer/Assessor's tax Identification Number S8155-00-00005-0. Failure to so record a suitable and acceptable document within 10 calendar days of the entry of this Order will likewise result in a finding of contempt of this Court and Judgment for damages assessed in favor of BLR at the rate of treble $14,986 ($44,958) per day until so completed to BLR and Island County's satisfaction.

New York, New York
This _____ day of January, 2013.

 

_____
MARTIN GLENN
United States Bankruptcy Judge

Presented by:  Basic Life Resources, *pro se*
                by: Michael M. Moore, Managing Director

Draft Findings/Judgment/Order BLR
Page 2

55

EXHIBIT B
TO JOINT PETITION/MOTION
BASIC LIFE RESOURCES/HILL


Pamela Z. Hill
6675 Wahl Road
Freeland, Washington 98249
Email: Pamela@WhidbeyViewHomes.com
Mailing Address:
P.O. Box 665
Coupeville, WA 98239

Objection Date:  January 9, 2013
Hearing Date:    January 16, 2013
Scheduled Omnibus Hearing Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, ). | Chapter 11 |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | DRAFT FINDINGS OF FACT, |
| | CONCLUSIONS AT LAW, |
| | JUDGMENT AND ORDER FOR |
| | PAMELA Z. HILL |

To:    The Clerk of the Court;
To:    Special Service List;
And to: Morrison & Foerster, LLP

With: 2 Courtesy copies to: Courtroom Deputy, Deanna Anderson

This Court having considered the records and files herein, the Petition and Declaration of Pamela Z. Hill, further this Court by and through the Undersigned hereby enters the following:

FINDINGS OF FACT AND CONCLUSIONS AT LAW

The Claimant, Pamela Z. Hill, has timely and properly filed a claim in accordance with the Rules established for these Proceedings and has likewise timely and properly filed a Petition and made a Motion for consideration of this Court.

No objections or challenge of any nature whatsoever have been timely served and filed within the terms United States Bankruptcy Laws, the Local Rules of this Court and/or as required by Order of this Court dated May 23, 2012.

Draft Findings/Judgment/Order Hill
Page 1

The relief sought by Pamela Z. Hill in her Claim number 2429 is just, fair and reasonable under the circumstances and she is entitled to immediate implementation.

It is hereby Ordered as follows:

## JUDGMENT AND ORDER

### JUDGMENT

Pamela Z. Hill thereby is entitled to the following Judgment, Order and Decree:

Judgment shall hereby enter against Debtors, Residential Capital, and each and every one of their named subsidiaries herein and/or their attorneys of record, Morrison & Foerster, LLP, each and all, jointly and severally, in the amount of $389,331 and for return of any and all funds she may have paid after November 2, 2012, until payment is received by Pamela Z. Hill, payment to be made by either by certified check or wire transfer to a bank account of Hill, to be supplied by Hill by return email at the email request of debtors and/or their said attorneys.

Interest on this Judgment in favor of Hill shall enter at the rate of 12% per annum on any unpaid amount after this date of signature below.

FURTHER, in the event this judgment is not paid and satisfied in full within 10 calendar days of its entry and notice to Debtors and/or their attorneys, said Debtors and their attorneys shall be deemed without further Motion or Order to be in contempt of this Court, and shall be thus required to pay treble the amounts so Ordered herein.

### ORDER

Debtors are hereby Ordered to immediately take such steps and file such documents as will clear the cloud on the title of Hill's portion of her property transferred by warranty deed to Basic Life Resources Island County Treasurer/Assessor's tax Identification Number S8155-00-00005-0. Failure to so record a suitable and acceptable document within 10 calendar days of the entry of this Order will likewise result in a finding of contempt of this Court and Judgment for damages assessed in favor of Hill at the rate of $1,000 per day until so completed to Hill and Island County's satisfaction.

New York, New York
This _____ day of January, 2013.

_____
MARTIN GLENN
United States Bankruptcy Judge

Presented by: Pamela Z. Hill, *pro se*

Draft Findings/Judgment/Order Hill
Page 2



**Tab 5:  Order of Court entered 1/16/13, Doc. #2645**

*Sua Sponte?*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

                      Debtors.

Case No. 12-12020 (MG)

Jointly Administered

## ORDER DENYING JOINT MOTION OF BASIC LIFE RESOURCES AND PAMELA Z. HILL FOR EMERGENCY PAYMENT OF CLAIMS

      Pending before the Court is the *Joint Motion of Basic Life Resources and Pamela Z. Hill for Findings of Fact, Conclusions at Law Judgment and Order* (the "Motion," ECF Doc. # 2590). The Debtors filed an objection (the "Objection," ECF Doc. # 2591). The movants filed a short response that argues that the objection is not timely filed.[1] (ECF Doc. # 2611.)

      On November 5, 2012, Basic Life Resources ("BLR") and Pamela Z. Hill ("Hill") filed separate proofs of claim. BLR's claim, number 2427, asserted a secured priority claim against Debtor Residential Capital, LLC in the aggregate amount of $1.7 million, plus additional amounts of $14,986 per day for each day after November 2, 2012 that the claim remains unpaid, for alleged lost income and damages. Hill's claim, number 2429, was filed against the same debtor in the amount of $389,331, as an unsecured priority claim for alleged damages. In the Motion, Hill now seeks "return of any and all funds she may have paid after November 2, 2012." (Mot. at Ex. B).

      Although Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the court shall fix the time within which proofs of claim must

*FILED*

---

[1]   The Debtors' deadline for responding to the Motion was 4:00 p.m. on January 9, 2013. While the Debtors had been served with the Motion, as of January 9, 2013, the Motion had not been docketed on ECF by the moving parties. After the Debtors forwarded an electronic copy of the Motion to chambers, chambers asked Debtors to file their objection papers *after* the Motion was docketed on ECF, which occurred on or about 4:00 p.m. on January 9, 2013. The Debtors filed their objection half an hour later. Therefore, the Court concludes the Debtors' objection was timely filed.

be filed in a Chapter 11 case, there is no requirement in the Bankruptcy Code or Bankruptcy

Rules that the Debtors object to claims by a date certain in their chapter 11 cases. *See, e.g.,* 11

U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is

deemed allowed, unless a party in interest . . . objects."); Bankruptcy Rule 3007(a) ("An

objection to the allowance of a claim shall be in writing and filed. A copy of the objection with

notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or

debtor in possession, and the trustee at least 30 days prior to the hearing."). *See also* Bankruptcy

Rule 3021 (stating that "after a plan is confirmed, distribution shall be made to creditors whose

claims have been allowed, to interest holders whose interests have not been disallowed, and to

indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed").

Nothing in the Motion indicates any extenuating reason why these creditors should be

paid immediately (assuming that their claims are allowed) and the Bankruptcy Code would not

allow these creditors to jump the line and receive payment for claims that have not been fully

vetted (especially given that we are far from plan confirmation in this case). The Debtors should

have the opportunity to object to a claim they believe is not valid. Having reviewed these proofs

of claim, it is far from clear that these creditors will have allowed claims in the amounts sought

in these two proofs of claim.

Therefore, the Motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:   January 16, 2013
New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

59

Tab 6:  DEBTORS' OBJECTION 1/9/13, Doc. #2591

Docket #2591 Date Filed: 1/9/2013

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Samantha Martin

*Counsel for the Debtors and
Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## DEBTORS' OBJECTION TO JOINT MOTION OF BASIC LIFE RESOURCES AND PAMELA Z. HILL FOR FINDINGS OF FACT, CONCLUSIONS AT LAW JUDGMENT AND ORDER

The debtors and debtors in possession (collectively, the "Debtors"), by and through their

undersigned counsel, hereby file this Objection (the "Objection") to the *Joint Motion of Basic*

*Life Resources and Pamela Z. Hill for Findings of Fact, Conclusions at Law Judgment and*

*Order* [Docket No. 2590] (the "Motion").

In support of this Objection, the Debtors represent as follows:

### BACKGROUND

1.    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary

petition in this Court for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are

managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee has been appointed in these Chapter 11 cases.[1]

2.     On November 5, 2012, Basic Life Resources ("BLR") filed a proof of claim, number 2427 (the "BLR Claim") against Debtor Residential Capital, LLC asserting a secured priority claim in the aggregate amount of $1.7 million, plus additional amounts of $14,986 per day for each day after November 2, 2012 that the claim remains unpaid, for alleged lost income and damages.

3.     On November 5, 2012, Pamela Z. Hill ("Hill", and together with BLR, the "Movants") filed a proof of claim, number 2429 (together with the BLR Claim, the "Claims") against Debtor Residential Capital, LLC asserting an unsecured priority claim in the aggregate amount of $389,331 for alleged damages.[2]

4.     On November 7, 2012, the Court entered an order extending the deadline for general creditors to file proofs of claim in the Debtors' chapter 11 cases to November 16, 2012, but maintaining November 30, 2012 as the deadline for governmental entities to file proofs of claim in the Debtors' chapter 11 cases [Docket No. 2093].[3]

---

[1] The Debtors are a leading residential real estate finance company indirectly owned by Ally Financial, Inc. ("AFI"), which is not a Debtor.  The Debtors and their non-debtor affiliates operate the fifth largest servicing business and the tenth largest mortgage origination business in the United States.  A more detailed description of the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these bankruptcy cases, is set forth in the Whitlinger Affidavit [Docket No. 6].

[2] In the proof of claim, Hill requested the aggregate amount of $389,331.  However, in the Motion, it appears that Hill also seeks "return of any and all funds she may have paid after November 2, 2012."  See Mot. at Ex. B.

[3] The original order established November 9, 2012 as the deadline for general creditors to file proofs of claim in the Debtors' cases [Docket No. 1309].

61

## ARGUMENT

5.      The Motion—which seeks "emergency" payment in an amount of nearly $3 million—wholly fails to demonstrate entitlement to any relief whatsoever.  The Motion should be denied because there is no basis for any of the relief sought.

6.      The Movants are not entitled to any current distribution on their claims. Although Rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the court shall fix the time within which proofs of claim must be filed in a Chapter 11 case, there is no requirement in the Bankruptcy Code or Bankruptcy Rules that the Debtors object to claims by a date certain in their chapter 11 cases.  See e.g., 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects.") (no deadline specified for objection); Bankruptcy Rule 3007(a) ("An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.") (no deadline specified for objection).

7.      Following the November 2012 proof of claim deadlines, approximately 6,632 creditors filed proofs of claim in the Debtors' cases in the aggregate amount of over $97 billion. The Debtors currently are in the process of reviewing and reconciling the claims that were filed, and the Movants' claims will be included as part of this process.   The Movants will receive notice of any action the Debtors intend to take with respect to their claims and, like every other creditor, will be given an opportunity to respond.

8.      This Court has recognized that claimants "are only entitled to receive payment on their claims in connection with a confirmed plan of reorganization, and only after the Debtors

3

determine that their claims are allowed and no longer subject to objection." See *Order Denying the Lewises' Emergency Motion for Order to Distribute Payment of Claim Nos. 932 and 933* [Docket No. 2588]. See also Bankruptcy Rule 3021 ("after a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, to interest holders whose interests have not been disallowed, and to indenture trustees who have filed claims under Rule 3003(c)(5) that have been allowed."). Thus, the Movants are not entitled to be paid currently on their claims.

## CONCLUSION

For the reasons set forth above, the Court should deny the Motion, and grant such other relief as is just and proper.

Dated: New York, NY
       January 9, 2013

By:   /s/ Norman S. Rosenbaum
      _____
      Gary S. Lee
      Norman S. Rosenbaum
      Samantha Martin
      MORRISON & FOERSTER LLP
      1290 Avenue of the Americas
      New York, NY 10104-0050
      Telephone: (212)-468-8000
      Fascimile: (212)-468-7900


      *Counsel for the Debtors and
      Debtors in Possession*

63

**Tab 7: Copy of Page 7, Order entered 5/23/12, Doc. #141**

must be filed and served at least seven days before the presentment
date and objections thereto must be filed and served at least one
day before the presentment date.

(d)   Each Motion shall be served in accordance with the provisions of
the Bankruptcy Rules, the Local Bankruptcy Rules, and this Case
Management Order. In addition, each Motion shall state in the
upper right-hand corner of its caption the objection date and time
for the Motion and the hearing date and time for the Motion.

(e)   All Motions, and courtesy copies of Motions, shall include a table
of contents listing all affidavits and exhibits. Affidavits and
exhibits shall be clearly identified by tabs on both the original and
courtesy copies. Exhibits shall be marked sequentially such that
no exhibit number or letter repeats, regardless of the affidavit to
which it is attached. Exhibits for Debtors should be marked by
numbers; exhibits for other parties should be marked by letters.

(f)   Any objection to a Motion (an "Objection") shall be filed and
served, with a hard copy to chambers, no later than 4:00 p.m. (New
York City time) on the earlier of (i) ten days after the date of filing
of a Motion or (ii) seven days prior to the date of the Omnibus
Hearing at which the Motion is scheduled to be heard unless either
(y) the movant establishes a longer response date or (z) the movant
and the objecting party mutually agree to extend such deadline;
provided, however, that an Objection shall not be filed later than
4:00 p.m. (New York City time) on the date that is seven days
prior to the date of the Omnibus Hearing without leave of the
Court. The Objection shall be served upon the movant, the parties
identified on the Special Service List and such parties upon whom
the Motion was required to be served pursuant to the Case
Management Order. Service of an Objection shall be made so as
to be received by those parties required to be served no later than
the deadline for filing the Objection.

**NOTE: NO SERVICE MADE**

(g)   If no Objection is filed and served in a timely fashion, the movant
may submit an order granting the relief requested in the Motion to
the Court along with a Certificate of No Objection stating that no
objection has been filed or served on the movant. By filing such
certification, counsel for the movant is representing to the Court
that the movant is unaware of any Objection to the Motion and that
counsel has reviewed the Court's docket and no objection appears
thereon. Upon receipt of the Certificate of No Objection, the Court
may enter the order submitted with the Certificate of No Objection
without conducting a hearing.

**Tab 8: Court Conference confirmation and Invoice, Conference ID# 5380397**

# Court Conference, a division of CourtCall

## Confirmation and Invoice (No separate statement will be sent)

**Attorney Name :** Michael M. Moore

**Firm Name :** Michael M. Moore - In Pro Per/Pro Se

**Tel :** 360-331-4233   **Fax:** -

**Representing :** Interested Party, Michael M Moore / LIVE

**Customer Ref. # :**

**Appearance Date/Time :** Wednesday, January 16th, 2013 at 10:00 AM ET

**Judge Name :** Judge Martin Glenn

**Court Name :** U.S. Bankruptcy Court-S.D. New York

**Case Name :** Residential Capital, LLC

**Case Number :** 12-12020

**Proceeding Type :** Hearing

**Court Conference ID# :** 5380397

---

**Mandatory procedures for your CourtCall® Telephonic Appearance are as follows:**

1. It is the participant's responsibility to dial into the conference at least ten minutes prior to the scheduled hearing time by dialing (877) 715-5317. CourtCall does not call the participant. If you are unavoidably late and Court is already in session, you must wait for an appropriate moment to announce yourself. Do not interrupt the Judge.

2. Please take a moment to review this Confirmation. If a change or correction is required, or if you have not received a Confirmation for each reservation made, please contact us at: (866) 582-6878 or (310) 743-1886.

> **Do not use a payphone, cellular phone, headset or speakerphone or incorporate/join this call into another conference call.**
> **Never place this conference on hold.**

3. Once you have joined the call do not place the call on hold or allow anyone else to hold on your behalf. During the entirety of the call, you should be in a **quiet area** with your attention focused solely on the conference. Refrain from making or allowing any unnecessary background noise such as cell phones ringing, intercoms, typing, paper-shuffling, dogs barking, etc. If your matter is being heard in Court, the Judge will not tolerate any disruptions on the conference line. If you are comfortable using the mute feature on your phone, you may use it but be sure to un-mute it when your matter is called.

4. Unless you have been designated a "listen only" line, you will be in "open conference" mode. Listen carefully to Court proceedings as the Court may make general observations applicable to all matters, which will not be repeated. **When speaking with the Court identify yourself each time you speak.** The Court expects you to act professionally and failure to adhere to these instructions may result in the termination of your call or the entire conference, sanctions for a non-appearance, an order to appear in Court at the next session or other consequences the Court deems appropriate, as well as withdrawing the privilege of appearing telephonically in the future.

5. It is the participant's (or scheduling party's) responsibility to notify CourtCall of any continuance or cancellation prior to the scheduled hearing time to have any previously paid fees applied to the continued hearing or to be eligible for a refund, as the Court will not notify CourtCall of any continuance or cancellation of your matter. Matters continued at the time of the hearing must be rescheduled and a new fee will apply. To continue or cancel your CourtCall Telephonic Appearance, call (866) 582-6878 prior to the scheduled appearance time.

6. Please hang up your phone immediately after the Judge concludes your case.

7. Subject to the incremental fees set forth below: If you have multiple appearances during one calendar, you will be charged the appearance fee for each separate matter. If the Judge hears your cases consecutively, you will be charged one fee for all consecutive appearances.

COURTCALL'S LIABILITY CONCERNING THIS TELEPHONIC APPEARANCE IS LIMITED TO THE FEE PAID TO COURTCALL

---

The charge for this Court Conference appearance is $30.00.

This fee will be supplemented based on the length of the call as follows: First 45 minutes = $30.00, each additional 15 minutes = $7.00.

If you have a CourtCall Debit Account with us or have previously provided credit card information, your account or card will be automatically charged and no separate statement will be sent. Otherwise, you will receive an invoice for the total amount within 30 days of the appearance date. If paying by check, please mail it with a copy of this Confirmation or your Invoice, payable to CourtCall at 6383 Arizona Circle, Los Angeles, CA 90045.

Melanie Alvarez ext. 166 [CS]          CONFIRMATION FOR COURTCALL® TELEPHONIC APPEARANCE          OUR TAX ID #:95-4568415

COS