NANCY K LAYNE
c/o 95580 South Coos River Lane
Coos Bay, Oregon
Creditor

RECEIVED
AUG 9 2013
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINTON C. LAYNE<br>NANCY K. LAYNE<br>Plaintiff/Creditor<br><br>vs.<br><br>GMAC MORTGAGE, LLC;<br>RESIDENTIAL CAPITAL, LLC;<br>Defendant | Case No. 12-12032<br>Docket No. 3294 filed March 21, 2013<br>Claim No. 292<br><br>NOTICE OF COMPLAINT TO DETERMINE SECURED STATUS AND GRANT RELEASE OF LIEN OF GMAC MORTGAGE, LLC, PURSUANT TO 11 U.S.C.§506(a) AND §1322<br><br>[PROPOSED] ORDER |

COME NOW the Plaintiffs/Creditors above-named, and hereby file their Complaint to Determine Secured Status and Avoid Liens of SIERRA PACIFIC MORTGAGE COMPANY, INC. (original lienholder), GMAC MORTGAGE, LLC (servicer), Residential Capital, LLC (holding company of GMAC), pursuant to 11 U.S.C. §506(a) and §1322.

Plaintiffs allege that this Court has both personal and subject matter jurisdiction over this case pursuant to 28 U.S.C. §1344 and 157(b)(2). This is a core proceeding.

Upon information and belief, GMAC MORTGAGE, LLC, identified as loan #0359305664, serviced the loan in question. Upon information and belief, based upon information provided by SIERRA PACIFIC MORTGAGE COMPANY, INC., the loan has been sold to GMAC MORTGAGE, LLC,.

- 1 -
NOTICE OF COMPLAINT TO DETERMINE SECURED STATUS AND GRANT RELEASE OF
LIEN OF GMAC MORTGAGE, LLC, PURSUANT TO 11 U.S.C.§506(a) AND §1322

1  Creditors will serve all entities, which appear to have an interest in the loan. GMAC

2  MORTGAGE, LLC has filed a Chapter 11 Bankruptcy proceeding,

3      Case No: 12-2032, Northern District of New York. The GMAC MORTGAGE,

4  LLC case along with numerous other cases, has been consolidated under the case of

5  Residential Capital, LLC, Case No: 12-2020, Northern District of New York. Upon

6  information and belief, GMAC MORTGAGE, LLC is a subsidiary of Residential

7  Capital, LLC. The Automatic Stay regarding actions such as this one was lifted by a

8  Court Order entered on 7/3/2012 at Docket #774 in the consolidated case.

## FACTS

14  Defendants filed a Chapter 13 bankruptcy on January 26, 2012.

16  The Defendants have proposed a Plan of Reorganization.

19  GMAC MORTGAGE, LLC can be served with a Summons and Complaint c/o David

20  Applegate, CEO, 4 Walnut Grove Drive, Horsham, PA 19044. GMAC MORTGAGE,

21  LLC is, upon information and belief, owned by Residential Capital, LLC which can be

22  served on James Whitlinger, CFO, Residential Capital, LLC, One Meridian Crossings,

23  Minneapolis, MN 55423; and on Stefan W. Engelhardt, Esq., Morrison and Foerster

24  LLP, 1290 Avenue of the Americas, New York, NY 10104, attorney for Residential

25  Capital and GMAC MORTGAGE, LLC in the pending bankruptcy proceedings.

- 2 -
NOTICE OF COMPLAINT TO DETERMINE SECURED STATUS AND GRANT RELEASE OF
LIEN OF GMAC MORTGAGE, LLC, PURSUANT TO 11 U.S.C.§506(a) AND §1322

1. On the date of filing, Creditors owned and have claimed as their homestead exemption the real property located at 2186 E Main Street, Hillsboro Oregon 97420 (hereinafter the "Property") and legally described as follows:

   Tract 14, amended Plat of Fairview Addition to the City of Hillsboro, County of Washington and State of Oregon, described as follows: Beginning at the Northwest corner of Tract 14 and running thence South 0°23' West along the West line of said Tract 14, a distance of 135.1 feet to a point; thence South 85°21' East parallel to E. Main Street, a distance of 70.0 feet, more or less, to an iron rod; thence North 0°23' East 105.0 feet to an iron rod; thence continuing North 0°23' East 30.1 feet to a point in the center of E. Main Street; thence North 85 21' West in the center of E. Main Street, being also the Northerly boundary of said Tract 14, a distance of 70.0 feet, more or less to the point of the beginning.

2. The current value of the property is approximately $116,908.00 according to current comparable sales and listings.

3. At the time of filing of the Petition, the property was subject to a first priority lien held by Investors as the certificate holders of CWABS, INC. CHL Mortgage Pass Through trust 2006-HYB4, Mortgage Pass Through certificated, Series 2006-HYB4 in the amount of $140,800.00, and/or part and parcels of said Investment vehicle. The holder of the second lien on the residence was GMAC MORTGAGE, LLC in the approximate amount of $35,200.00. Based upon inquiry as of 20 June 2013, the current servicer is now GMAC MORTGAGE, LLC.

4. On the date the bankruptcy was filed, no equity existed in the property above the claims of the first mortgage by BAC HOME LOAN SERVICING, L.P. The second

mortgage claim was wholly unsecured on the petition date, and if the Property were sold at auction, the lender would receive nothing for the second mortgage. As of the date of filing this Complaint, Creditors have not retained an appraiser to offer expert testimony, but will do so if an answer is filed.

## LEGAL ARGUMENT

The Ninth Circuit, along with other courts, have all adopted the view that the holder of a purported junior lien on a Debtor's residence is wholly unsecured and not entitled to the protection of §1322(b)(2), when the value of that residence is less than, or equal to the amount owed on superior liens. In re Zimmer, 313 F.3d 1220 (9th Cir. 2002); In re Lane, 280 F.3d 663, 667-69 (6th Cir. 2002); Pond v. Farm Specialist Realty (In re Pond), 252 F.3d 122,126 (2nd Cir, 2001); Tanner v. FirstPlus Fin., (In re Tanner), 217 F.3d 1357,1359-60 (11* Cir. 2000); In re McDonald 205 F.3d 606 (3* Cir. 2000).

In *In re Zimmer*, 313 F.3rd 1120 (9th Cir. 2002), the Court stated that a wholly unsecured lienholder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2). Specifically, the Court held:

> Section 506(a) divides the creditors' claims into "secured claims" and unsecured claims". Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the Debtors' property, §506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on the property in which the estate has an interest... is a secured claim to the extent of the value of such creditor's interest in the state's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest... is less than the amount of such allowed claim... To put it more simply, a claim such as a

Mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is thus a term of art; not every claim that is secured by a lien on the property will be considered a "secured claim". Here, it is plain that PSB Lending's claim for the repayment of its loan is an unsecured claim, because its deed of trust is a junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the house.

Accordingly, since Defendants' claim is wholly unsecured (in that there is no extant equity above the first mortgage in the property), the Court should reclassify Defendants' claim to a general unsecured claim if any claim is valid.

**WHEREFORE**, Creditors pray that this Court enter an order that:

A. Judgment be granted in favor of Creditors;

B. Creditors account with Defendants' be classified as a paid in full.

AND FURTHER ORDER THAT:

C. Upon discharge of Defendant's Bankruptcy proceeding, Defendants shall provide a release of the lien on the real property to the Creditors within thirty (30) days of the date of the Order granting discharge;

D. Defendants shall file notice with the Washington County, OREGON Recorders Office of the release of said lien. If Defendants fail to release the lien as required herein, a recorded copy of the Court Order shall serve to release said lien.

F. Each party will bear their own costs and expenses associated with this action.

G. That the Order apply to the current lien holder and its successors and assigns.

DATED: August 5, 2013

_____
Nancy Kay Layne
Plaintiff/Creditor

/////

/////

- 5 -
NOTICE OF COMPLAINT TO DETERMINE SECURED STATUS AND GRANT RELEASE OF
LIEN OF GMAC MORTGAGE, LLC, PURSUANT TO 11 U.S.C. §506(a) AND §1322

# ORDER

LINTON C. LAYNE )  Case No. 12-12032
NANCY K. LAYNE )  Docket No. 3294 filed March 21, 2013
    Plaintiff/Creditor ) Claim No. 292
  vs. )
) **[PROPOSED] ORDER**
GMAC MORTGAGE, LLC; )
RESIDENTIAL CAPITAL, LLC; )
    Defendant )

After this matter being herd, IT IS HEREBY ORDERED THAT:

A. Judgment be granted in favor of Creditors;

B. Creditors account with Defendants' be classified as a paid in full.

C. Upon discharge of Defendant's Bankruptcy proceeding, Defendants shall provide a release of the lien on the real property to the Creditors within thirty (30) days of the date of the Order granting discharge;

D. Defendants shall file notice with the Washington County, OREGON Recorders Office of the release of said lien. If Defendants fail to release the lien as required herein, a recorded copy of the Court Order shall serve to release said lien.

F. Each party will bear their own costs and expenses associated with this action.

G. That the Order apply to the current lien holder and its successors and assigns.

IT IS SO ORDERED.

DATE _____ of _____ 2013.

_____

- 6 -

NOTICE OF COMPLAINT TO DETERMINE SECURED STATUS AND GRANT RELEASE OF
LIEN OF GMAC MORTGAGE, LLC, PURSUANT TO 11 U.S.C.§506(a) AND §1322