Hearing Date: August 21, 2013 at 10:00 a.m.
Objection Deadline: August 14, 2013 at 4:00 p.m.

**BALLARD SPAHR LLP**
Vincent J. Marriott (admitted *pro hac vice*)
Sarah Schindler-Williams
1735 Market St, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 665-8500
Facsimile: (215) 864-8999

*Counsel for PNC Bank, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------ x
In re:                                                   : Chapter 11
                                                         :
Residential Capital, LLC, et al.,                        :
                                                         :
                                                         : Case No. 12-12020 (MG)
                    Debtors.                             :
                                                         :
                                                         : Jointly Administered
------------------------------------------------------ x

**LIMITED OBJECTION OF PNC BANK, N.A. TO THE NAMED PLAINTIFFS' AND DEBTORS' JOINT MOTION PURSUANT TO 11 U.S.C. § 105 AND FED. R. BANKR. P. 7023 AND 9019 FOR AN ORDER (1) GRANTING CLASS CERTIFICATION FOR PURPOSES OF SETTLEMENT ONLY, (2) APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL FOR PURPOSES OF SETTLEMENT ONLY, (3) PRELIMINARILY APPROVING THE SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS, ON THEIR OWN BEHALF AND ON BEHALF OF THE CLASS OF SIMILARLY SITUATED PERSONS, AND THE DEBTORS, (4) APPROVING THE FORM AND MANNER OF NOTICE TO THE CLASS, (5) SCHEDULING A FAIRNESS HEARING TO CONSIDER APPROVAL OF THE SETTLEMENT AGREEMENT ON A FINAL BASIS AND RELATED RELIEF AND (6) APPROVING THE SETTLEMENT AGREEMENT ON A FINAL BASIS AND GRANTING RELATED RELIEF**

# TABLE OF CONTENTS

**Page**

RELEVANT FACTS ................................................................................................................... 2

RELIEF REQUESTED ................................................................................................................ 4

ARGUMENT ................................................................................................................................ 5

    I.    The Proposed Bar Order Is Not Fair and Equitable ................................................ 5

RESERVATION OF RIGHTS ..................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Agway, Inc. Emps' 401(k) Thrift Inv. Plan v. Magnuson*,
   409 F. Supp. 2d 136 (N.D.N.Y. 2005) ............................................................................... 7

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006) ........................................................................................... 6, 8

*Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*,
   416 F.3d 136 (2d Cir. 2005) ............................................................................................... 3

*Gerber v. MTC Elec. Techs. Co., Ltd.*,
   329 F.3d 297 (2d Cir. 2003) ..................................................................................... 5, 6, 7, 8

*Gillman v. Continental Airlines (In re Continental Airlines)*,
   203 F.3d 203 (3d Cir. 2000) ............................................................................................... 3

*In re Initial Pub. Offering Sec. Litig.*,
   226 F.R.D. 186 (S.D.N.Y. 2005) ....................................................................................... 6

*In re Masters Mates & Pilots Pension Plan*,
   957 F.2d 1020 (2d Cir. 1992) ............................................................................................ 7

*In re MTC Elec. Techs. Shareholder Litig.*,
   No. 93-CV-876 (JG), 95-CV-2499 (JG), 2005 WL 1322889 (E.D.N.Y. May 31, 2005) .......... 8

*In re WorldCom Inc., ERISA Litig.*,
   339 F. Supp. 2d 561 (S.D.N.Y. 2004) ............................................................................... 8

*Rafool v. The Goldfarb Corp. (In re Fleming Packaging Corp.)*,
   No. 04-8166, 2007 WL 4556981 (Bankr. C.D. Ill., Dec. 20, 2007) ................................... 6

*U.S. v. AWECO, Inc. (In re AWECO, Inc.)*,
   725 F.2d 293 (5th Cir. 1984) ............................................................................................. 6

*Walsh v. Hefren-Tillotson, Inc. (In re Devon Capital Mgmt., Inc.)*,
   261 B.R. 619 (Bankr. W.D. Pa. 2001) .............................................................................. 5

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

PNC Bank, N.A. ("**PNC**"), by and through its undersigned counsel, submits this limited objection and reservation of rights (the "**Limited Objection**") concerning the Named Plaintiffs' and the Debtors' Joint Motion (the "**Joint Motion**" or "**Motion**")[1] pursuant to section 105 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "**Bankruptcy Code**") and Rules 7023 and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") (1) granting class certification for purposes of settlement only, (2) appointing the Named Plaintiffs as representatives of the Kessler Settlement Class and appointing class counsel for purposes of settlement only, (3) preliminarily approving the settlement agreement (the "**Settlement Agreement**") between (i) Named Plaintiffs, on their own behalf and on behalf of the Class Members and (ii) the Settling Defendants, (4) approving the form and manner of notice to the Kessler Settlement Class, (5) scheduling a fairness hearing to consider approval of the Settlement Agreement on a final basis and related relief and (6) approving the Settlement Agreement on a final basis and granting related relief filed in this Court on July 31, 2013 [Dkt. No. 4451].

PNC is interposing this Limited Objection solely to the Settlement Agreement's proposed "Bar Order Provision" to be incorporated into the Final Approval Order which acts to permanently enjoin the rights of PNC to contribution and indemnity without PNC's consent and without the corresponding entry of appropriate judgment reduction and other language to protect the rights of PNC as a non-settling co-defendant, contrary to the well-established law of class

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings as ascribed to them in the Motion.

action settlements, as well as applicable bankruptcy law. In support of the Limited Objection, PNC respectfully states as follows:

**RELEVANT FACTS**

1. On May 14, 2012 (the "**Petition Date**"), the above-captioned debtors and debtor-in-possession (the "**Debtors**") filed for bankruptcy protection in this Court.

2. Prior to the Petition Date, one of the Debtors, Residential Funding Company, LLC ("**RFC**") was participating as a named defendant, along with PNC, in multi-district litigation pending in the Western District of Pennsylvania under the caption, *In re Community Bank of Northern Virginia Second Mortgage Lending Practice Litigation*, MDL No. 1674, Case Nos. 03-0425, 02-01201, 05-0688, 051386 (the "**Litigation**" or the "**MDL**"). Following the Petition Date, the MDL was stayed solely as to RFC.

3. On November 14, 2012, PNC filed a proof of claim number 4760 in RFC's bankruptcy case concerning PNC's claims for contribution and indemnity against RFC that may result from the MDL.[2]

4. On July 3, 2013, the Debtors filed a Joint Plan of Liquidation (the "**Plan**") and Disclosure Statement [Dkt. Nos. 4153, 4157] reflecting a "global settlement" reached with various parties in interest in these cases, including the Named Plaintiffs[3] and their counsel. At the time of filing the Plan and Disclosure Statement, the Plan and Disclosure Statement contained little information regarding the final terms of a settlement involving the Kessler Class Claimants and the claims asserted against RFC in the MDL. (*See* Disclosure Statement at 32.)

---

[2] The Debtors filed an objection to PNC's proof of claim on August 9, 2013 [Dkt. No.4603].

[3] Upon information and belief, of the Named Plaintiffs involved in negotiating the Settlement Agreement, only Ms. Gaskin and Mr. and Mrs. Picard remain as parties to the MDL. (*See* Mot'n at Ex. 9 at 1, listing plaintiffs.).

2

5. On July 31, 2013, the Named Plaintiffs and the Debtors (collectively the "**Settling Parties**") filed the instant Motion to approve the Settlement Agreement reached between them to resolve the MDL as to RFC and the Debtors and limit the liability of the Debtors to approximately $57.6 million from funds to be distributed to a Borrower Claims Trust and the assignment of certain insurance rights for the benefit of the Borrower Claims Trust. (*See* Settlement Agr. at § 5.)

6. The Settlement Agreement and its corresponding, proposed Final Approval Order (Settlement Agr. at Ex. C,) contain a bar order provision (the "**Bar Order Provision**") that would permanently bar any and all persons and entities, including PNC, from "instituting, commencing, prosecuting, asserting or pursuing any claim against any of the Released Parties[4] for contribution or indemnity . . . based upon or related in any way to the Released Claims or the claims and allegations asserted in the [MDL]. . . " (Settlement Agr. at § 8(e); Settlement Agr. at Ex. C ¶ 15.) The Settlement Agreement and Final Approval Order go on to note that "any person or entity so barred and enjoined shall be entitled to appropriate judgment reduction, if applicable, in accordance with applicable statutory or common law rule to the extent permitted for the claims alleged herein." (*Id*.)

---

[4] Neither the term "Released Party" nor "Released Parties" is defined in the Settlement Agreement. PNC believes this is a typographical error as the Settlement Agreement does define "Released Persons" as including the Debtors and the Settling Defendants. (Settlement Agr. at § 2.26.) "Released Party" is currently defined in the Debtor's Plan to include the Kessler Class Claimants. (*See* Plan at Art. I.A. §§ 56, 64, 209.) To the extent the inclusion of the Kessler Class Claimants within the definition of Released Parties is intentional, it comprises an "extraordinary" non-consensual third party release for which no factual justification has been provided and must not be granted by approval of the Settlement Agreement or otherwise. *See Gillman v. Continental Airlines (In re Continental Airlines)*, 203 F.3d 203, 212, 214 (3d Cir. 2000); *also Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136, 142 (2d Cir. 2005).

3

## RELIEF REQUESTED

7.      Pursuant to Bankruptcy Rule 9019 and the law of the Second Circuit as applied to multi-party litigation settlements, PNC proposes that the current Bar Order Provision be amended to include the bolded language which would adopt the "capped proportionate share method" to the judgment reduction and make the Bar Order mutual as follows:

> 15. **Contribution, Indemnity and Other Claims**. **(a)** Any and all persons and entities (including but not limited to non-settling defendants in the Litigation, their successors or assigns, and any other person or entity later named as a defendant or third party in the Litigation) are permanently enjoined, barred and restrained from instituting, commencing, prosecuting, asserting or pursuing any claim against any of the Released **Persons** for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related in any way to the Released Claims or claims and allegations asserted in the Litigation (or any other claims where the alleged injury to the entity/individual is the entity/individual's actual or threatened liability to one or more members of the Kessler Settlement Class), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or in any court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued.
>
> **(b) The Released Persons are also hereby permanently barred, enjoined, and restrained from instituting, commencing, prosecuting, asserting or pursuing any claim against any and all persons and entities (including but not limited to non-settling defendants in the Litigation, their successors or assigns, and any other person or entity later named as a defendant or third party in the Litigation) for contribution or indemnity (whether contractual or otherwise), however denominated, arising out of, based upon or related in any way to the Released Claims or claims and allegations asserted in the Litigation (or any other claims where the alleged injury to the entity/individual is the entity/individual's actual or threatened liability to one or more members of the Kessler Settlement Class), whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, whether asserted in this Court, in any federal or state court, or**

4

in any court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued.

**(c)** All such claims **described in the preceding two paragraphs** will be extinguished, discharged, satisfied and unenforceable, subject to a hearing to be held by the Court, if necessary. Any person or entity so barred and enjoined shall be entitled to appropriate judgment reduction, **as hereinafter provided**.

**(d) In the event that any Kessler Class Claimant, either individually or as part of a class or putative class, seeks to recover damages or any other form of monetary relief ("Damages") from any person, association, or entity, based upon or related in any way to the Released Claims or claims and allegations asserted in the Litigation (or any other claims where the alleged injury to the entity/individual is the entity/individual's actual or threatened liability to one or more members of the Kessler Settlement Class), any verdict or judgment in such action in favor of such Kessler Class Claimant(s) shall be reduced by the greater of: (a) the amount of recovery obtained by such Kessler Class Claimant(s) in connection with the Agreement; or (b) the amount of any and all of the Settling Defendants' percentage share of responsibility for the Damages, as determined in such action.**

## ARGUMENT

### I. The Proposed Bar Order Is Not Fair and Equitable

8. As an initial matter, the law of the Second Circuit is clear that a bar order proposed as part of a settlement must be fair to the non-settling parties. *See Gerber v. MTC Elec. Techs. Co., Ltd.*, 329 F.3d 297, 302 (2d Cir. 2003). The fairness of the Settlement Agreement to PNC must be considered not simply in the context of the standards established under approval of settlements in multi-defendant litigation, but also in connection with the requirements of the Bankruptcy Rule 9019 governing settlements. "Even if a settlement is fair and equitable to the parties to the settlement, approval is not appropriate if the rights of others who are not parties to the settlement will be unduly prejudiced." *Walsh v. Hefren-Tillotson, Inc. (In re Devon Capital*

5

*Mgmt., Inc.)*, 261 B.R. 619, 623 (Bankr. W.D. Pa. 2001) (approving settlement agreement only after it was modified to avoid prejudice to third parties). Ignoring the effect of a settlement on rights of third parties "contravenes a basic notion of fairness." *U.S. v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 298 (5th Cir. 1984) (holding that bankruptcy court abused discretion in approving settlement without considering fairness of settlement agreement to third parties); *Rafool v. The Goldfarb Corp. (In re Fleming Packaging Corp.)*, No. 04-8166, 2007 WL 4556981 at \*\*3-4 (Bankr. C.D. Ill., Dec. 20, 2007) (rejecting settlement agreement containing provision that acted as a bar order that unduly prejudiced third parties). The Bar Order Provision as proposed is patently and presumptively *unfair* creating an "obvious deficiency" in the proposed Settlement Agreement requiring denial or revision even at the preliminary approval stage. *See In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005).

9. "Ordinarily, the potential harshness of a bar order is mitigated by a judgment credit provision that protects a nonsettling party from paying damages exceeding its own liability." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 274 (2d Cir. 2006). Here, the Bar Order Provision contains a judgment credit component, but does not specify the methodology for calculating that credit, instead leaving the determination of the credit to "applicable" law. In *Denney*, the Second Circuit expressly held that a judgment credit component of a bar order may not leave its calculation methodology to "applicable law," but instead must specify its methodology. 443 F.3d at 274-75 (citing *In re Jiffy Lube*, 927 F.2d 155 (4th Cir. 1991)).

10. As for the particular methodology to be specified, the Second Circuit has approved the "capped proportionate share" formula. *See Gerber*, 329 F.3d at 303. Under that formula, the judgment credit is determined by the greater of (i) the amount the plaintiff received in settlement for common damages, or (ii) the amount of the proportionate share of the settling

6

defendant's liability for such damages as determined at trial. As the Second Circuit explained, this method comports with the Circuit's requirement that any partial settlement satisfy the "one satisfaction" rule – under which a plaintiff may not recover more than "'one satisfaction for each injury'" – because it "ensures that a judgment credit is at *least* the amount of the settlement for common damages…." *Gerber*, 329 F.3d at 303 (quoting *Singer v. Olympia Brewing Co.*, 878 F.2d 596, 600 (2d Cir. 1989)). *Accord Agway, Inc. Emps' 401(k) Thrift Inv. Plan v. Magnuson*, 409 F. Supp. 2d 136, 143 (N.D.N.Y. 2005) ("The entry of a bar order such as that now proposed is appropriate . . . if under it the non-settling co-defendants stand to realize a judgment reduction credit equal to or greater than the amount paid by the settlement defendant. *Id*. This method, which is proposed in this case, of determining the appropriate reduction in any judgment realized against the non-settling defendants has sometimes been referred to as the 'capped proportionate share' approach…"). The application of the one satisfaction rule to determine the fairness of partial settlements in multi-party litigation in this Circuit is mandatory and depends on the principles of joint and several liability, not simply whether the non-settling defendants may possess a statutory or common law right to contribution or indemnity. *See In re Masters Mates & Pilots Pension Plan*, 957 F.2d 1020, 1031 (2d Cir. 1992) ("a court should not approve a settlement bar that grants a nonsettling defendant a judgment reduction less than the amount paid by settling defendants toward damages for which the nonsettling defendant would be jointly and severally liable").

11.     Notably, the Debtors, including RFC, already have agreed in the proposed Plan to a capped proportionate share judgment credit for their co-defendants in certain securities litigation, and PNC has modeled its proposed Bar Order Provision after language already contained therein. (*See* Dkt. No. 4153 at Art. IX.J.) Further, it is of no further cost or harm to

the estate to ensure the fairness of the Settlement by according PNC with the same certainty provided to other nonsettling co-defendants regarding the method of judgment reduction to be applied should PNC later be found liable in the multi-district Litigation. *Denney*, 443 F.3d at 276; *Gerber*, 329 F.3d at 309 ("[t]he settling defendant remains no worse off than if the one satisfaction rule were not in place"). Nor does the protection of the basic principles of joint and several liability and the one satisfaction rule have a financial impact on the Named Plaintiffs who will be compensated for the full amount of injury they may prove at trial. *See In re WorldCom Inc., ERISA Litig.*, 339 F. Supp. 2d 561, 568 (S.D.N.Y. 2004).

12.     In order to ensure fairness to all parties to the Litigation, the Bar Order Provision should also be made mutual to bar any future contribution or indemnity claims as against PNC. *See Gerber*, 329 F.3d at 309 (holding that the fairness of a non-mutual bar order must be evaluated in light of all parties' rights, not simply the settling parties). The Second Circuit has strongly signaled its preference for mutuality in bar orders. In *Gerber*, the court explained that "a mutual rule may avoid creating incentives for collusion between the settling parties, while not putting the settling defendants at any unfair advantage." 329 F.3d at 308. The collusion in connection with a non-mutual bar order would potentially occur because, in the litigation between the plaintiff and the non-settling defendant, "the settling defendant would be able to increase the amount of contribution it was entitled to by showing that the non-settling defendant was more at fault, and the plaintiff would want to avoid a situation in which the proportionate share of the settling defendant was found to be greater than the settlement amount." *Id*. at 309. The Second Circuit in *Gerber* also noted that it was significant that Congress determined in the Private Securities Litigation Reform Act that mutuality in bar orders was "the better approach." *Id*. at 309. *See also In re MTC Elec. Techs. Shareholder Litig.*, No. 93-CV-876 (JG), 95-CV-

8

2499 (JG), 2005 WL 1322889, at *3 (E.D.N.Y. May 31, 2005) (ordering entry of mutual bar order based on considerations discussed in *Gerber*, as well as fact that, under mutual bar order, settling defendant "can fairly be required to bear the lesser risk that any settling party bears: that its settlement payment exceeds the liability that would have been imposed against it at trial.").

### **RESERVATION OF RIGHTS**

13. PNC hereby reserves any and all of its rights to raise these or any other objections to the Settlement Agreement and Final Approval Order at any final fairness hearing and/or hearing on confirmation of the Plan.

WHEREFORE, PNC respectfully requests that the Court only grant the Motion subject to the relief requested herein, and grant such other and further relief as the Court deems just and proper.

Dated: August 14, 2013

          BALLARD SPAHR LLP

          /s/ *Vincent J. Marriott, III*
          Vincent J. Marriott, III (admitted *pro hac vice*)
          Sarah Schindler-Williams (SW-8179)
          1735 Market St, 51st Floor
          Philadelphia, PA 19103
          Telephone: (215) 665-8500
          Facsimile: (215) 864-8999
          marriott@ballardspahr.com
          schindlerwilliamss@ballardspahr.com

          *Counsel for PNC Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on or about August 14, 2013, I caused the foregoing document to be served by email on all parties registered for ECF service in these cases, Debtors' counsel, counsel for the Kessler Class Claimants, and the Monthly Service List, and by first class mail on all parties on the Debtors' Special Service List.

/s/ *Sarah Schindler-Williams*
Sarah Schindler-Williams