UNITED STATES BANKRUPCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | ) Case No. 12-12020 |
|  | ) |
| SONYA ANTHONY CURRY, Borrower | ) Chapter 11 |
| vs | ) |
|  | ) |
|  | ) |
| RESIDENTIAL CAPITAL, LLC, et al, | ) |
| Debtors. | ) |

RECEIVED AUG - 8 2013 U.S. BANKRUPTCY COURT, SDNY

## BORROWER RESPONSE TO NOTICE OF HEARING ON TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

I, Sonya Anthony Curry (Borrower), oppose the expungement and/or disallowance of proposed claim number 5288, file dated 11/16/12. Basis for this motion is that Borrower has sufficient evidence to support the claim and was unaware of any additional requests for evidence as Borrower did not receive the notification letter referenced in Debtor's Objection.

This claim should not be disallowed because due to Debtor error in Borrower's 2010 HAMP Modification, Debtor erroneously added an additional $50,435.32 to the loan instead of separating the amount from the original New Principal Balance for deferment. This error violated the HAMP terms & greatly increased the loan balance. Also, the Interest Bearing Principal amount is incorrect.

See Attachment "A"- Page 2---- #3B states, The new Principal Balance of my Note will be 180,414.86 (the 'New Principal Balance").

#3D states that $50, 435.31 of the New Principal Balance shall be deferred (the Deferred Principal Balance. The New Principal Balance less the Deferred

Principal Balance shall be referred to as the Interest Bearing Principal and this amount is $180,414.86. (ERROR)

The Interest Bearing Principal amount of 180,414.86 is erroneous because it should not be the same amount as the New Principal Balance because the Interest Bearing Principal is the New Principal less/minus the Deferred Principal Balance.

Illustration-
New Principal Balance – Deferred Principal Balance = Interest Bearing Principal
180.414.86        --        50,435.31        = 129,979.55
***Interest Bearing Principal should have reflected 129,979.55 instead of the same amount as the New Principal Balance
***Deferred Principal Balance of 50, 435.31 comes from the New Principal Balance to be separated/deferred, not added in addition to .

See GMAC Mortgage Statements Attachments November 2010 & December 2010
Post Modification Mortgage statements reflected the New Principal Balance per the HAMP Modification until December 2010. This statement shows where another $50,435.32 was added to the New Principal Balance to increase in contrast to the terms of the HAMP Modification.

Response Date- Due to issues with my PACER account, I was unable to file this response electronically. I ask that you please regard the date stamped on the expedited carrier mail as timely.

I affirm the following information is true and correct under penalties of perjury.

Sonya Anthony Curry _____        August 5, 2013
1213 Summerside Drive
DeSoto, TX 75115

*Attachment "A" - Page 1*
*Claim #5288*

4817

Investor Loan # |_____|

**After Recording Return To:**
GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA 50702

This document was prepared by <u>GMAC Mortgage, LLC</u>

_____[Space Above This Line For Recording Data]_____

# MODIFICATION AGREEMENT

Borrower ("I"): SONYA CURRY
Lender ("Lender"): GMAC Mortgage, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 1/9/2004
Loan Number: 7437484488
Property Address *[and Legal Description if recordation is necessary]* ("Property"): 1213 SUMMERSIDE DRIVE   DESOTO TX 75115

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in Book  and/or Page number  of the real property records of DALLAS County, TX. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 1213 SUMMERSIDE DRIVE  DESOTO TX 75115, which real property is more particularly described as follows. "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's Successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

**(Legal Description – Attached as Exhibit if Recording Agreement)**

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.  **My Representations.** I certify, represent to Lender and agree:

    A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
    B. I live in the Property as my principal residence, and the Property has not been condemned;
    C. There has been no change in the ownership of the Property since I signed the Loan Documents;

---
If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we) and vice versa where appropriate.

D. I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for a modification of the Loan Documents);

E. Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and,

F. If Lender requires me to obtain credit counseling in connection with the Program, I will so; and;

G. I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. TIME IS OF THE ESSENCE under this Agreement;

   B. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

   C. I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 02/01/2010 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on 02/01/2010.

   A. The new Maturity Date will be: 2/1/2034.

   B. The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not previously credited to my Loan. The new Principal balance of my Note will be 180,414.86 (the "New Principal Balance").

   C. The new monthly principal and interest payment will be calculated based on an extended amortization (repayment) period of 480 months. The actual remaining Term of your loan, however, will be 289. As a result, your new monthly payment will not be sufficient to fully repay the entire amount of your loan over the actual remaining term. Therefore, at the end of the Term of your loan, your Maturity Date, you will be required to pay your loan in full. [See Attached Balloon Disclosure]

   D. $50,435.31 of the New Principal Balance shall be deferred (the Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The new Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $180,414.86. Interest at the rate of 4.375% will begin to accrue on the Interest Bearing Principal Balance as of 1/1/2010 and the first new monthly payment on the Interest Bearing Principal will be due on 02/01/2010. My payment schedule for the modified Loan is as follows:


Attachment A - page 3
Claim #5288

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 4.375% | 1/1/2010 | 796.63 | $574.38, adjusts annually after year 1 | 1,371.01, adjusts annually after year 1 | 02/01/2010 | 01/01/2015 |
| 5.125% | 01/01/2015 | 877.31 | Adjusts Annually | Adjusts Annually | 02/01/2015 | 2/1/2034 |

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

E. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

F. If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

G. I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the new Maturity Date.

H. If I make a partial prepayment of Principal, the Lender may apply that partial prepayment first to any Deferred Principal Balance before applying such partial prepayment to other amounts due.

4. **Additional Agreements.** I agree to the following:

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.
B. That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.
C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.
D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.
E. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.
F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents, except that the Note, and the payment obligation created thereunder, are not enforceable against me personally.
G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or

    transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan. This Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer of the Property.

I. That, as of the Modification Effective Date, any provision in the Note, as amended for the assessment of a penalty for full or partial prepayment of the Note is null and void.

J. That MERS holds only legal title to the interests granted by the Borrower in the mortgage, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and canceling the mortgage Loan.

In Witness Whereof, the Lender and I have executed this Agreement.

(Seal) _____  
SONYA CURRY  
01-19-2010  
Date

(Seal) _____  

_____  
Date

(Seal) _____  

_____  
Date

(Seal) _____  

_____  
Date

_____  
Witness

_____  
Print Name

_____  
Witness

_____  
Print Name

_____  
Witness

_____  
Print Name

_____  
Witness

_____  
Print Name

# GMAC Mortgage Account Statement

**GMAC Mortgage**

| CUSTOMER INFORMATION | | PROPERTY ADDRESS |
|---|---|---|
| Name: | Sonya Curry | 1213 SUMMERSIDE DRIVE |
| | | DESOTO  TX  75115 |
| Account Number: | 7437484488 | |
| Home Phone #: | (214)384-2863 | |

Claim #5288

Visit us at www.gmacmortgage.com for account information or to apply on-line.

~~XXX~~ December 2010

02/11/10 11:00 3   0001090 20101221 JL193801 GMREG   1 OZ DOM JL19080000* 146316   GM

SONYA CURRY
1213 SUMMERSIDE DRIVE
DESOTO TX  75115-1490

December 2010

For information about your existing account please call: 1-800-766-4622.

For information about refinancing or obtaining a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 7437484488 |
| Statement Date | December 20, 2010 |
| Maturity Date | January 01, 2050 |
| Interest Rate | 4.37500 |
| Interest Paid Year-to-Date | $5,879.09 |
| Taxes Paid Year-to-Date | $4,496.53 |
| Escrow Balance | $5,280.27- |
| Principal Balance(PB)* | $227,282.19 |
| Deferred Prin. Bal.(inc. in PB) | $50,435.32 |

For Customer Care inquiries call: 1-800-766-4622
For Insurance inquiries call: 1-800-256-9962
For Payment Arrangements call: 1-800-850-4622

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $796.63 |
| Subsidy/Buydown | $0.00 |
| Escrow | $570.88 |
| Amount Past Due | $2,735.02 |
| Outstanding Late Charges | $199.15 |
| Other | $718.63 |
| Total Amount Due | $5,020.31 |
| Account Due Date | November 01, 2010 |

→ additional amount that was added erroneously to increase the New Principal Balance in violation of the HAMP terms Modification

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| School Tax Paid | 10/01/10 | 11/29/10 | $3,632.41 | | | $3,632.41 | | | |
| HMP Inctv to Prncpl | 10/01/10 | 11/29/10 | $750.00 | $750.00 | | | | | |
| PROP INSPECTION FEE | 10/01/10 | 11/23/10 | $11.25 | | | | | | $11.25 |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

**Happy Holidays!** Your Annual Loan Statement (Form 1098) information will be mailed with your mortgage account statement in January to the address above. In addition, you can obtain year-end tax information at www.gmacmortgage.com as early as 1/5/2011. Our office hours for customer service and payment processing on Friday, 12/31/2010 will be 6:00AM - 7:00PM CT. Payments received after 7:00PM CT on 12/31 will be posted in 2011 for tax purposes.

Attachment A

November 2010

Claim # 5288

## GMAC Mortgage Account Statement

**GMAC Mortgage**

**CUSTOMER INFORMATION**
Name: Sonya Curry
Account Number: 7437484488
Home Phone #: (214)384-2863

**PROPERTY ADDRESS**
1213 SUMMERSIDE DRIVE
DESOTO TX 75115

Visit us at www.gmacmortgage.com for account information or to apply on-line.

02/11/10 11:00:3 0006115 20101118 JK163803 GMREG 1 OZ DOM JK16380000 146316 GM

SONYA CURRY
1213 SUMMERSIDE DRIVE
DESOTO, TX 75115-1490

November 2010

For information about your existing account please call: 1-800-766-4622.

For information about refinancing or obtaining a new loan, please call: 1-866-690-8322.

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

### Account Information

| | |
|---|---|
| Account Number | 7437484488 |
| Current Statement Date | November 17, 2010 |
| Maturity Date | January 01, 2050 |
| Interest Rate | 4.37500 |
| Current Principal Balance* | $177,596.87 |
| Current Escrow Balance | $1,647.86- |
| Interest Paid Year-to-Date | $5,879.09 |
| Taxes Paid Year-to-Date | $864.12 |

For Customer Care inquiries call: 1-800-766-4622
For Insurance inquiries call: 1-800-256-9962
For Payment Arrangements call: 1-800-850-4622

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $796.63 |
| Subsidy/Buydown | $0.00 |
| Escrow | $570.88 |
| Amount Past Due | $1,367.51 |
| Outstanding Late Charges | $159.32 |
| Other | $707.38 |
| Total Amount Due | $3,601.72 |
| Account Due Date | November 01, 2010 |

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| PD SPEEDPAY FEE | 10/01/10 | 11/17/10 | $7.50 | | | | | | $7.50 |
| SPEEDPAY FEE | 10/01/10 | 11/17/10 | $7.50 | | | | | | $7.50 |
| Payment | 10/01/10 | 11/17/10 | $1,367.51 | $148.60 | $648.03 | $570.88 | | | |
| County Tax Paid | 09/01/10 | 11/08/10 | $864.12 | | | $864.12 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

This is a reminder that we have not received your current payment and a late charge has been assessed to your account. Please contact us at 800-850-4622 to make payment arrangements.

At this time you have an outstanding late charge balance of $159.32.
Please remit this amount with your payment for a total amount due of $3,601.72.

See Reverse Side For Important Information And State Specific Disclosures