## **EXHIBIT 4**

Page 1

1

2                   UNITED STATES DISTRICT COURT

3                  SOUTHERN DISTRICT OF NEW YORK

4

5

6     IN RE:                        )

      RESIDENTIAL CAPITAL, LLC,     )

7     Et al.,                       )

                                    )Civil Action No.

8                 Debtors,          )12-12020 (MG)

9

10

11

12

13

14        CONFIDENTIAL DEPOSITION OF JOHN S. DUBEL

15                  New York, New York

16               Wednesday, July 10, 2013

17

18

19

20

21

22

23

24    Reported by:

      JOMANNA DeROSA, CSR

25    JOB NO. 63468

1          J. DUBEL - CONFIDENTIAL

2               MR. BAIO:  All right.

3          Q.    Who brought up the concept of

4     commutation in those discussions?

5               MR. SIDMAN:  Objection.  I'm going

6          to instruct the -- my client not to answer on

7          the -- on the basis of the mediation

8          privilege.

9          Q.    You mentioned that there were

10    meetings from time to time that you participated

11    in on the official committee.  Is that correct?

12               MR. EGGERMANN:  I'm going to

13          interject for one moment.  Daniel Eggermann

14          from Kramer Levin on behalf of the creditors

15          committee.  I want to caution the witness not

16          to disclose any privileged communications with

17          counsel.

18               MR. BAIO:  So you're trying to get

19          me coming and going is what I'm hearing.

20          Q.    Anyway, you've heard the caution.

21               My question is:  You mentioned that

22    there had been meetings from time to time that you

23    participated in on the official committee.  Is

24    that correct?  You had meetings from time to time?

25          A.    I serve as a member of the official

1           J. DUBEL - CONFIDENTIAL

2    were drafts of the Settlement Agreement that were

3    communicated to -- from FGIC to other parties and

4    it came back from other parties with comments.

5           Q.    When was the first such term sheet,

6    if you can recall?

7              MR. SIDMAN:  I'm going to object

8         and instruct the witness not to answer that

9         question on the basis of mediation privilege.

10             MR. BAIO:  Again, I'm not asking

11        for the substance.  I believe that to test the

12        claim that this is all part of the mediation

13        and nothing else is subject to my being able

14        to challenge and explore.

15          Q.    Did you see a document request that

16   we served in this case?

17             MR. SIDMAN:  Objection to the form.

18          A.    I don't know what the technical

19   term of it was, but I saw a request to FGIC of --

20   it was a document request or, you know, notice of

21   discovery.  I don't know what the actual term was.

22   I saw something to that effect, yes.

23          Q.    Okay.  And did you search for

24   documents in connection with that?

25             MR. SIDMAN:  I'm going to object --