**EXHIBIT 6**

```
                                                         Page 1
 1
 2    UNITED STATES BANKRUPTCY COURT
      SOUTHERN DISTRICT OF NEW YORK
 3    ---------------------------)
      IN RE:                     )    Case No. 12-120202
 4                               )             (MG)
      RESIDENTIAL CAPITAL,       )
 5    LLC, et al.,               )    Chapter 11
               Debtors.          )    Adminstered Jointly
 6    ---------------------------)
 7
 8                        July 16, 2013
                          9:09 a.m.
 9
10
11            DEPOSITION of MARY SOHLBERG,
12    30(b)(60) witness on behalf of Wells Fargo,
13    pursuant to Notice, held at the offices of
14    Wilkie Farr & Gallagher, LLP, 787 Seventh Avenue,
15    New York, New York, before Eileen Mulvenna,
16    CSR/RMR/CRR, Certified Shorthand Reporter,
17    Registered Merit Reporter, Certified Realtime
18    Reporter and Notary Public of the State of New
19    York.
20
21
22
23
24
25
```

|    |    |
|----|----|
| 1  | Mary Sohlberg |
| 2  | What do you mean by "participate"? |
| 3  | BY MS. EATON: |
| 4  | Q.    Did you understand the question? |
| 5  | A.    I'm struggling with the question. |
| 6  | MR. JOHNSON: You want to ask her if |
| 7  | she attended the mediation? That might be |
| 8  | a place to start. |
| 9  | MS. EATON: That's a separate -- |
| 10 | that's a separate question. |
| 11 | BY MS. EATON: |
| 12 | Q.    Who was directing Wells Fargo with |
| 13 | respect to the negotiations during the mediation |
| 14 | process? |
| 15 | A.    Counsel. |
| 16 | Q.    Who at Wells Fargo gave authority to |
| 17 | counsel to make -- to participate in the |
| 18 | negotiations during the mediation process? |
| 19 | A.    I did, as the account manager |
| 20 | responsible for the ResCap bankruptcy. |
| 21 | Q.    Did you give authority to counsel to |
| 22 | make offers and counteroffers during the |
| 23 | mediation process? |
| 24 | MR. WYNNE: I couldn't hear that, |
| 25 | Mary. Could you repeat it. |

1                    Mary Sohlberg

2              MR. JOHNSON:  -- calls for a legal

3       conclusion.

4              You can answer.

5              THE WITNESS:  Yes.

6   BY MS. EATON:

7       Q.    And it was during those discussions

8   that -- that -- is it true that it was during

9   those discussions that you first learned that an

10  offer had been made to make a lump-sum payment?

11             MR. KAUFMAN:  Objection.  To the

12       extent the witness just indicated that --

13       based on your question, that counsel was

14       reporting to her concerning the mediation,

15       to me that's part of the mediation process.

16             MR. JOHNSON:  Miss Sohlberg, I

17       direct you not to answer that question.

18             THE WITNESS:  I can't answer that.

19  BY MS. EATON:

20      Q.    Did Wells Fargo negotiate the amount

21  of the lump-sum payment?

22             MR. JOHNSON:  Objection to form;

23       calls for a legal conclusion.

24             And, Miss Sohlberg, I direct you not

25       to answer on the basis that doing so would


Page 81

1           Mary Sohlberg
2       implicate both the attorney-client
3       privilege and the mediation privilege.
4  BY MS. EATON:
5       Q.    Are you going to follow your
6  counsel's instruction?
7       A.    Yes.
8       Q.    Were the negotiations over the FGIC
9  settlement agreement hard fought?
10            MR. JOHNSON:  Objection to form.
11            And, Miss Sohlberg, in answering
12       that question, I direct you not to disclose
13       any attorney-client privileged information
14       that you might have received.
15            THE WITNESS:  I don't know.
16  BY MS. EATON:
17       Q.    Did Wells Fargo take great pains to
18  preserve and protect the investors' rights during
19  the negotiation of the FGIC settlement agreement?
20            MR. WYNNE:  I'm sorry, could you
21       repeat that.  You dropped at the end.
22            Or just could the reporter read that
23       back.
24            (Record read.)
25            MR. WYNNE:  Thank you.

1                    Mary Sohlberg
2              MR. JOHNSON:  Objection --
3    BY MS. EATON:
4         Q.    Didn't you?
5              MR. JOHNSON:  Objection to form;
6         vague.
7              THE WITNESS:  Yes.
8    BY MS. EATON:
9         Q.    Why don't you turn to page 19.  I'm
10   referring to the little numbers at the bottom of
11   the page, middle bottom of the page.
12             Do you have that page?
13        A.    Yes.
14        Q.    And directing your attention now to
15   paragraph 34, where it states, "As described in
16   the RMBS trustee declarations, each of the above
17   deal points was the result of hard-fought
18   negotiations with the RMBS trustees taking great
19   pains to preserve and protect the investors'
20   rights and the RMBS trusts' interests and ensure
21   that the agreement and the settlements
22   contemplated therein are in the best interests of
23   the RMBS trusts and the investors."
24             Do you see that?
25        A.    Yes.

```
                                              Page 86

 1                Mary Sohlberg
 2        Q.      Did you submit -- did you submit --
 3   you, Miss Sohlberg, did you submit a declaration
 4   in connection with that motion?
 5        A.      I submitted a declaration, yes.
 6        Q.      And was it true that the agreement
 7   was the result of hard-fought negotiations, as
 8   stated in paragraph 34 of the RMBS trustees'
 9   joinder?
10             MR. JOHNSON:  Objection to form;
11        asked and answered.
12             And in answering that question,
13        please do not disclose any privileged
14        communications that Wells Fargo received
15        from counsel.
16             THE WITNESS:  Could you repeat the
17        question.
18   BY MS. EATON:
19        Q.      Is it true that the FGIC settlement
20   agreement was the result of, quote, hard-fought
21   negotiations, close quote, as is stated in
22   paragraph 34 of Sohlberg Exhibit 2?
23             MR. KERR:  Objection to form.
24             MR. JOHNSON:  Same objections as I
25        previously stated.
```

1                Mary Sohlberg
2  handwriting that appears to read "Settlement
3  discount."
4            Do you see that?
5       A.   Yes.
6       Q.   What does that refer to?
7            MR. JOHNSON:  Objection to form.
8            THE WITNESS:  That refers to the
9       haircut that's mentioned on the left side
10      of the page.
11 BY MS. EATON:
12      Q.   That is the haircut of 40 percent on
13 unpaid payout claim estimates?
14      A.   Yes.
15      Q.   What was the basis for applying a
16 40 percent haircut on unpaid payout claim
17 estimates?
18           MR. JOHNSON:  Objection to form;
19      assumes facts not in evidence.
20           THE WITNESS:  I don't recall how
21      Duff addressed the 60 percent other than I
22      believe they referred to it as the
23      settlement discount.
24 BY MS. EATON:
25      Q.   Do you have any recollection of what

```
                                              Page 137
 1                  Mary Sohlberg
 2   they meant when they referred to it as the
 3   settlement discount?
 4              MR. JOHNSON:  Objection to form.
 5              THE WITNESS:  No.
 6   BY MS. EATON:
 7         Q.   And I take it from your last answer
 8   that you did not ask Duff & Phelps any questions
 9   about what they meant when they referred to it as
10   a settlement discount?
11              MR. JOHNSON:  Objection to form.
12              THE WITNESS:  I did not ask any
13         questions, no.
14   BY MS. EATON:
15         Q.   Did you form a view in your own mind
16   as to the appropriateness of the settlement
17   discount Duff & Phelps applied?
18              MR. JOHNSON:  Objection to form;
19         assumes facts not in evidence.
20              There's been no testimony that
21         Duff & Phelps as opposed to FGIC applied a
22         40 percent haircut.
23              THE WITNESS:  Could you repeat the
24         question.
25
```