**<u>EXHIBIT 15</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                              )
In re:                                        )    Case No. 12-12020 (MG)
                                              )
RESIDENTIAL CAPITAL, LLC, et al.,             )    Chapter 11
                                              )
        Debtors.                              )    Jointly Administered
                                              )
---------------------------------------------------------------

### DEBTORS' RESPONSES AND OBJECTIONS TO MONARCH ALTERNATIVE CAPITAL LP AND STONEHILL CAPITAL MANAGEMENT LLC'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO RESIDENTIAL CAPITAL, LLC

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable

herein by Rules 9014 and 7034 of the Federal Rules of Bankruptcy Procedure, the above-

captioned debtors and debtors in possession (the "Debtors"), through their attorneys, hereby

object and respond to the First Request for the Production of Documents to Residential Capital,

LLC, dated June 12, 2013 (the "Requests"), propounded by Monarch Alternative Capital LP and

Stonehill Capital Management LLC (collectively, "Monarch"), as those Requests have now been

limited by Monarch.[1]

### GENERAL OBJECTIONS

1.      The Debtors object to the Requests to the extent that they seek to impose a burden

or obligation beyond those required or permitted by the Federal Rules of Civil Procedure, the

---

[1] During telephone conferences on Friday, June 14, 2013 and Tuesday, June 18, 2013, in which the parties met and conferred regarding the Requests, counsel for Monarch and withdrew all Requests other than Request Nos. 3, 4, 5, 6, 7, 15, 17, 19, 21, 24, 27, 31, 36, 37, 39, 42, 45, 51, 53 and 57. Counsel for Monarch further agreed to reformulate Requests Nos. 10, 53, 55, and 56. Counsel for Monarch subsequently emailed their revised requests on Wednesday, June 19, 2013. These revised requests consisted of a reformulated Request No. 53 and a new Request No. 57, which consolidated Requests Nos. 10, 55, and 56. Counsel for Monarch has further withdrawn the complete separate set of Requests for Production directed to NewOak Capital LLC, which employs the Debtors' retained expert witness in this case.

ny-1095215

Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, other applicable law, or any orders of the Court.

2.      The Debtors object to the Requests to the extent that the information sought is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, less burdensome or less expensive, with due consideration of the Debtors' limited resources.

3.      The Debtors further object to the Requests to the extent they seek information already available to Monarch through the publicly accessible sources.

4.      The Debtors object to the Requests to the extent they request the production of electronically stored information that is not reasonably accessible because of *inter alia* undue burden or cost.

5.      The Debtors object to the Requests to the extent they are overly broad, unduly burdensome or seek information that is not relevant to the claims or defenses asserted by the parties in this litigation, or are otherwise outside the scope of discovery permitted by the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.  The Debtors also object to the Requests to the extent they are vague, ambiguous, or fail to specify the documents sought with reasonable particularity.

6.      The Debtors object to the Requests to the extent they seek documents that contain non-public personal information, including personally identifiable financial information relating to borrowers and/or consumers (such as individuals' Social Security numbers, credit card and bank account numbers, employment information and salary data and other highly personal financial information ("PII") and/or documents or data which may constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("Consumer

Reports"). Without waiver or limitation of any other objections, the Debtors state such documents containing PII will be produced only if a suitable Confidentiality Order is entered by the Court.

7.     The Debtors object to the Requests to the extent they seek information or documents that are protected by the attorney-client privilege, that are protected by the work product doctrine, that were prepared in anticipation of litigation, that constitute or disclose the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of the Debtors concerning this or any other litigation, or that are protected by any other privilege or doctrine. To the extent that the Requests call for documents protected by the attorney-client privilege, attorney work product immunity, or other privileges or immunities, such documents will not be produced.

8.     The Debtors object to the Requests to the extent that they seek information or documents protected by the Order Appointing Mediator, dated December 26, 2012 (the "Mediation Order") and/or the General Order Amending, and Restating M-143 and M-211, dated December 1, 2009.

9.     The Debtors object to the Requests to the extent they purport to require the Debtors to produce documents and information outside their possession, custody or control, including documents and information in the possession, custody or control of third parties such as the Trustees, the Financial Guaranty Insurance Company ("FGIC"), Lazard Freres & Co. ("Lazard") and Duff and Phelps ("Duff").

10.     The Debtors object to the Requests to the extent they purport to require production of "all" documents, without limitation (including as to subject matter, materiality, or accessibility), as overbroad and unduly burdensome. In reviewing its files for records and

3

documents potentially responsive to the Requests, the Debtors will undertake to conduct a reasonable search for potentially responsive documents in the files of those employees most likely to have responsive documents and in centrally located files and databases in which the information related to such matters ordinarily would be expected to be found to the extent that such files and/or databases are reasonably accessible.

11.    The Debtors object to any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.  The Debtors' response that they will produce or make available for inspection and copying documents responsive to a Request, or that they have no documents responsive to a Request, is not intended to mean that the Debtors agree with or accept any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests.

12.    Any objections or response to the Requests, including the Debtors' agreement to produce documents responsive to any Request, does not necessarily mean that documents responsive to a particular Request exist or are in the possession, custody, or control of the Debtors.

13.    When the Debtors respond to a specific Request by stating that they will produce or make available for inspection and copying documents "subject to" their specific or General Objections, "subject to" means that the Debtors will produce or make available for inspection and copying documents responsive to the specific Request as limited by their specific and general objections.

14.    The Debtors object to the Requests to the extent they require the Debtors to produce duplicative documents.

15.    The Debtors object to the definitions of "Communication", "Document(s)", "Identify", "Person(s)" and "Concerning" to the extent that those definitions are broader than the

definition of those terms in Local Civil Rule 26.3 of the United States District Court for the

Southern District of New York.

16.    These responses are made without in any way waiving or intending to waive:

(i)    any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, for any purpose, of any documents produced in response to the Requests or the subject matter thereof;

(ii)    the right to object on any ground to the use of the documents produced in response to the Requests or the subject matter thereof at any trial, hearing, or other stage of the proceedings;

(iii)    the right to object on any ground at any time to a demand for further response to the Requests; and/or

(iv)    the right at any time to revise, supplement, correct, or add to these responses and objections.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

Subject to the foregoing General Objections, which are incorporated into each response

whether or not repeated for emphasis, and the specific objections set forth below, and expressly

stating that their responses are subject to all such objections, the Debtors respond to each specific

Request as follows:

**No. 3**:  All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that entry into the FGIC Settlement Agreement was in the best interests of the Holders of the Securities that are insured by FGIC.

**Response No. 3:**  In addition to their General Objections, the Debtors object to Request

Number 3 on the grounds that it is overly broad and calls for the production of documents

covered by the Mediation Order.  The Debtors further object to this Request in that it calls for the

production of documents that should be sought from the Trustees in that it seeks documents

regarding "any determination by the Trustees" not the Debtors.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 4**:  All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that entry into the FGIC Settlement Agreement was in the best interests of the Holders of the Securities that are not insured by FGIC.

**Response No. 4**: In addition to their General Objections, the Debtors object to Request Number 4 on the grounds that it is overly broad and calls for the production of documents covered by the Mediation Order.  The Debtors further object to this Request in that it calls for the production of documents that should be sought from the Trustees in that it seeks documents regarding "any determination by the Trustees" not the Debtors.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 5**:  All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that the Commutation Amount constituted adequate consideration for the commutation of the Policies.

**Response No. 5**: In addition to their General Objections, the Debtors object to Request Number 5 on the grounds that it is overly broad and calls for the production of documents covered by the Mediation Order.  The Debtors further object to this Request in that it calls for the

ny-1095215

production of documents that should be sought from the Trustees in that it seeks documents

regarding "any determination by the Trustees" not the Debtors.

Subject to, as limited by and without waiving the General Objections and any foregoing

specific objections, the Debtors will produce or make available for inspection and copying, at a

mutually convenient time and place, non-privileged documents not covered by the Mediation

Order that are responsive to this Request, to the extent that they exist and can be located after a

reasonable search.

> **No. 6**: All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that entry into the FGIC Settlement Agreement did not or should not require the consent of the Holders under the Governing Agreements.

**Response No. 6**: In addition to their General Objections, the Debtors object to Request

Number 6 on the grounds that it is overly broad and calls for the production of documents

covered under the Mediation Order.  The Debtors further object to this Request in that it calls for

the production of documents that should be sought from the Trustees in that it seeks documents

regarding "any determination by the Trustees" not the Debtors.

Subject to, as limited by and without waiving the General Objections and any foregoing

specific objections, the Debtors will produce or make available for inspection and copying, at a

mutually convenient time and place, non-privileged documents not covered by the Mediation

Order that are responsive to this Request, to the extent that they exist and can be located after a

reasonable search.

> **No. 7**: All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that entry into the FGIC Settlement Agreement did not or should not require the consent of the insured Holders under the Governing Agreements.

**Response No. 7**: In addition to their General Objections, the Debtors object to Request

Number 7 on the grounds that it is overly broad and calls for the production of documents

ny-1095215

covered under the Mediation Order.  The Debtors further object to this Request in that it calls for

the production of documents that should be sought from the Trustees in that it seeks documents

regarding "any determination by the Trustees" not the Debtors.

Subject to, as limited by and without waiving the General Objections and any foregoing

specific objections, the Debtors will produce or make available for inspection and copying, at a

mutually convenient time and place, non-privileged documents not covered by the Mediation

Order that are responsive to this Request, to the extent that they exist and can be located after a

reasonable search.

> **No. 15**:  All documents (including communications) concerning any version of the FGIC
> Settlement Agreement, whether executed or unexecuted or actual or proposed, including
> all drafts thereof or amendments thereto.

> **Response No. 15**:  In addition to their General Objections, the Debtors object to Request

Number 15 on the grounds that it is overly broad and calls for the production of documents

covered by the Mediation Order.  The Debtors further object that the Request seeks documents

protected by the attorney client privilege, the common interest privilege, and/or the work product

immunity doctrine.

Subject to, as limited by and without waiving the General Objections and any foregoing

specific objections, the Debtors will produce or make available for inspection and copying, at a

mutually convenient time and place, non-privileged documents not covered by the Mediation

Order that are responsive to this Request, to the extent that they exist and can be located after a

reasonable search.  In addition, Debtors refer Monarch to the executed version of the FGIC

Settlement Agreement, which is available as Docket No. 3929-2 on the Court's PACER Website.

> **No. 17**:  All documents (including communications) concerning any version of the Duff
> Report, including all drafts thereof or amendments thereto.

ny-1095215

**Response No. 17**:  In addition to their General Objections, the Debtors object to Request Number 17 on the grounds that it is overly broad and calls for the production of documents covered under the Mediation Order.  The Debtors further object to this Request in that it calls for the production of documents that should be sought from the Trustees or Duff, in that it seeks information that the Trustees and/or Duff have in their possession, custody, or control.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 19**:  All documents (including communications) concerning any version of the Lazard Report, including all drafts thereof or amendments thereto.

**Response No. 19**:  In addition to their General Objections, the Debtors object to Request Number 19 on the grounds that it is overly broad.  The Debtors further object to this Request in that it calls for the production of documents that should be sought from the Trustees, FGIC or Lazard, in that it seeks information that the Trustees, FGIC, and/or Lazard have in their possession, custody, or control.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 21**:  All documents (including communications) concerning any version of any Duff Engagement, whether executed or unexecuted or actual or proposed, including all drafts thereof or amendments thereto.

**Response No. 21**:  In addition to their General Objections, the Debtors object to Request Number 21 on the grounds that it is overly broad and calls for the production of documents covered under the Mediation Order.  The Debtors further object to this Request in that it calls for the production of documents that should be sought from the Trustees or Duff, in that it seeks information that the Trustees and/or Duff have in their possession, custody, or control.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 24**:  All documents (including communications) concerning any version of any Lazard Engagement, whether executed or unexecuted or actual or proposed, including all drafts thereof or amendments thereto.

**Response No. 24**:  In addition to their General Objections, the Debtors object to Request Number 24 on the grounds that it is overly broad and calls for the production of documents covered under the Mediation Order.  The Debtors further object to this Request in that it calls for the production of documents that should be sought from FGIC or Lazard, in that it seeks information that FGIC and/or Lazard have in their possession, custody, or control.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 27**:  All documents (including communications) concerning any projection, evaluation, analysis or estimate of the value of any claims asserted by FGIC in the

ny-1095215

Chapter 11 Cases, or the process for calculating same, including, without limitation, any such documents prepared by Duff or Lazard.

**Response No. 27**:  In addition to their General Objections, the Debtors object to Request Number 27 on the grounds that it is overly broad and calls for the production of documents covered by the Mediation Order.  The Debtors further object that the Request seeks documents protected by the attorney client privilege, the common interest privilege, and/or the work product immunity doctrine.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 31**:  All documents (including communications) concerning any projection, evaluation, analysis, or estimate of any recovery for the Trusts, the Holders, or any other policyholders or claimants in the Rehabilitation Action, or the process for calculating same.

**Response No. 31**:  In addition to their General Objections, the Debtors object to Request Number 31 on the grounds that it is overly broad and calls for the production of documents covered under the Mediation Order.  The Debtors further object to this Request in that it calls for the production of documents that should be sought from the Trustees, FGIC, Duff or Lazard, in that it seeks information that the Trustees, FGIC, Duff and/or Lazard have in their possession, custody, or control.  The Debtors further object to this Request on the grounds that they are not parties to the Rehabilitation Action.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation

11

Order that are responsive to this Request, to the extent that they exist and can be located after a

reasonable search.

> **No. 36**: All projections, evaluations, assessments, analyses, or estimates of the size,
> amount, value, or scope of liabilities or obligations in connection with the Policies from
> which FGIC would be released under the FGIC Settlement Agreement, including,
> without limitation, any such documents prepared by Duff or Lazard.

**Response No. 36**: In addition to their General Objections, the Debtors object to Request

Number 36 on the grounds that it is overly broad and calls for the production of documents

covered by the Mediation Order. The Debtors further object to this Request in that it calls for the

production of documents that should be sought from FGIC, the Trustees, Duff or Lazard, in that

it seeks documents regarding obligations to the Trustees from which FGIC would be released.

The Debtors further object that the Request seeks documents protected by the attorney client

privilege, the common interest privilege, and/or the work product immunity doctrine.

Subject to, as limited by and without waiving the General Objections and any foregoing

specific objections, the Debtors will produce or make available for inspection and copying, at a

mutually convenient time and place, non-privileged documents not covered by the Mediation

Order that are responsive to this Request, to the extent that they exist and can be located after a

reasonable search.

> **No. 37**: All documents (including communications) concerning any projection,
> evaluation, analysis or estimate of the size, amount, or scope of liabilities or obligations
> in connection with the Policies from which FGIC would be released under the FGIC
> Settlement Agreement, or any such documents concerning the process for calculating
> same.

**Response No. 37**: In addition to their General Objections, the Debtors object to Request

Number 37 on the grounds that it is overly broad and calls for the production of documents

covered under the Mediation Order. The Debtors further object to this Request in that it calls for

ny-1095215

the production of documents that should be sought from the Trustees, FGIC or Lazard, in that it seeks documents regarding obligations to the Trustees from which FGIC would be released.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 39**: All documents (including communications) concerning any projection, evaluation, analysis or estimate of the Commutation Amount.

**Response No. 39**: In addition to their General Objections, the Debtors object to Request Number 39 on the grounds that it is overly broad and calls for the production of documents covered under the Mediation Order. The Debtors further object to this Request in that it calls for the production of documents that should be sought from the Trustees, FGIC, Duff or Lazard, in that it seeks information that the Trustees, FGIC, Duff, and/or Lazard have in their possession, custody, or control.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 42**: All documents (including communications) concerning or evidencing any direction or instruction to the Trustees by the Holders or the Institutional Investors regarding the FGIC Settlement Agreement (or any unexecuted or draft version thereof).

**Response No. 42**: In addition to their General Objections, the Debtors object to Request Number 42 on the ground that it is unduly broad, calls for the production of documents covered

ny-1095215

by the Mediation Order.  The Debtors further object to this Request in that it calls for the production of documents that should be sought from the Trustees or the Institutional Investors in that it seeks documents evidencing communications between the Trustees, the Holders, or the Institutional Investors, not the Debtors.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 45**:  All documents (including communications) concerning any version of the PSA, whether executed or unexecuted or actual or proposed, including all drafts thereof or amendments thereto.

**Response No. 45**:  In addition to their General Objections, the Debtors object to Request Number 45 on the grounds that it is overly broad and calls for the production of documents covered by the Mediation Order.  The Debtors further object that the Request seeks documents protected by the attorney client privilege, the common interest privilege, and/or the work product immunity doctrine.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.  In addition, Debtors refer Monarch to the executed version of the Plan Support Agreement and Plan Term Sheet, each dated May 13, 2013, and the Supplemental Term Sheet, dated May 23, 2013, which are available as part of Docket No. 3814 on the Court's PACER Website.

ny-1095215

**No. 51**: Documents sufficient to identify the amount of Securities held by the Institutional Investors, including, without limitation, documents sufficient to identify the amount of such holdings by tranche or trust.

**Response No. 51**: In addition to their General Objections, the Debtors object to Request Number 51 on the grounds that it calls for the production of documents covered by the Mediation Order. The Debtors further object to this Request in that it calls for the production of documents that should be sought from the Institutional Investors or the Trustees, in that it seeks information that the Institutional Investors and/or Trustees have the sole responsibility to maintain.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

**No. 53**: All documents (including communications) concerning any opinion of counsel rendered to the Trustees in connection with the FGIC Settlement Agreement, the PSA, the FGIC Rehabilitation Plan, or the Commutations.

**Response No. 53**: In addition to their General Objections, the Debtors object to Request Number 53 on the grounds that it calls for the production of documents covered by the Mediation Order. The Debtors further object that the Request seeks documents protected by the attorney client privilege, the common interest privilege, and/or the work product immunity doctrine. The Debtors further object to this Request in that it calls for the production of documents that should be sought from the Trustees, in that it seeks opinions of counsel, if any, "rendered to the Trustees."

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation

15

Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

> **No. 57**:  All documents (including communications) concerning the proposed findings 3, 4, and 5 in the Proposed PSA Order and the proposed findings in paragraphs C, D, and E in the Proposed 9019 Order including but not limited to the submissions to the court concerning the PSA Motion and the 9019 Motion (including but not limited to any statements made in such submissions whether in supporting declarations or otherwise) and all documents concerning any indemnification agreement entered into by the Trustees in connection with the PSA, the FGIC Settlement, or any agreement related to and including the FGIC Rehabilitation Plan.

> **Response No. 57**: In addition to their General Objections, the Debtors object to Request Number 57 on the grounds that it calls for the production of documents covered by the Mediation Order.  The Debtors further object that the Request seeks documents protected by the attorney client privilege, the common interest privilege, and/or the work product immunity doctrine.

Subject to, as limited by and without waiving the General Objections and any foregoing specific objections, the Debtors will produce or make available for inspection and copying, at a mutually convenient time and place, non-privileged documents not covered by the Mediation Order that are responsive to this Request, to the extent that they exist and can be located after a reasonable search.

Dated: June 20, 2013

Gary S. Lee
Charles L. Kerr
J. Alexander Lawrence
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and Debtors in Possession*

16