## **EXHIBIT 16**

Richard L. Wynne
Howard F. Sidman
JONES DAY
222 East 41st Street
New York, NY 10017
Telephone: 212.326.3939
Facsimile: 212.755.7306
E-mail:  rlwynne@jonesday.com
E-mail:  hfsidman@jonesday.com

Carl E. Black
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: 216.586.7035
Facsimile: 216.579.0212
E-mail:  ceblack@jonesday.com

*Attorneys for Financial Guaranty Insurance Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **RESIDENTIAL CAPITAL, LLC, et al.,** | **Case No. 12-12020 (MG)** |
| **Debtors.** | **Jointly Administered** |

**FINANCIAL GUARANTY INSURANCE COMPANY'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO MONARCH ALTERNATIVE CAPITAL LP AND STONEHILL CAPITAL MANAGEMENT LLC'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil

Procedure, made applicable herein by Rules 9014 and 7034 of the Federal Rules of Bankruptcy

Procedure, Financial Guaranty Insurance Company ("FGIC"), by and through its counsel, hereby

supplements its initial responses and objections, dated June 14, 2013, with these supplemental

responses and objections to the First Request for the Production of Documents to FGIC (the

"Document Requests"), dated June 12, 2013, of Monarch Alternative Capital LP and Stonehill

Capital Management LLC (collectively, the "Investor Objectors"), as those Document Requests

have now been limited by the Investor Objectors.[1]

## GENERAL OBJECTIONS TO ALL DOCUMENT REQUESTS

1.      FGIC objects to the Document Requests on the ground that they purport to require

documents to be produced at the offices of Willkie Farr & Gallagher LLP, within two days from

service of the Document Requests, because requiring this would be unduly burdensome,

oppressive, vexatious, harassing, and contrary to applicable rules, including Federal Rule of Civil

Procedure 34(b)(2)(A).  Without waiver or limitation of any of the objections set forth below,

FGIC states that any documents produced will be made available at a mutually convenient time

and place, in a mutually convenient manner.  In addition, the costs of copying and performing

searches for electronically stored data (including the cost of extracting any such data from

computers or other media) to obtain documents sought by the Investor Objectors should be borne

by the Investor Objectors.

2.      FGIC objects to the Document Requests because the Investor Objectors has not

established standing to pursue discovery from FGIC in this proceeding.  FGIC further objects to

the Interrogatories because the Investor Objectors have failed to comply with Federal Rule of

Bankruptcy Procedure 2019, and thus should not be deemed to have standing or have properly

appeared and objected.

---

[1] During telephone conferences on Friday, June 14, 2013 and Tuesday, June 18, 2013, in which the parties met and conferred regarding the Document Requests, counsel for the Investor Objectors declined to pursue all Document Requests other than Request Nos. 3, 4, 5, 6, 7, 15, 17, 19, 21, 24, 27, 31, 36, 37, 39, 42, 45, 51, 53 and 57.  Counsel for the Investor Objectors further agreed to reformulate Requests Nos. 10, 53, 55, and 56. Counsel for the Investor Objectors later emailed their revised requests on Wednesday, June 19, 2013.  These revised requests consisted of a reformulated Request No. 53 and a new Request No. 57, which consolidated Requests Nos. 10, 55, and 56.

3.      FGIC objects to the Document Requests insofar as they call for documents not in possession, custody, or control of FGIC and/or individuals under their control.  FGIC directs the Investor Objectors to the Debtors and the Trustees, both of whom are in a better position to provide the information sought by the Document Requests.[2]

4.      FGIC objects to the Document Requests, including the Definitions and Instructions contained therein, to the extent that they purport to impose any obligation on FGIC beyond the scope of, or inconsistent with, obligations imposed by the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, other applicable law, or any orders of the Court.

5.      FGIC objects to the Document Requests to the extent that they are overbroad, vague, and/or ambiguous and therefore require subjective judgment on the part of FGIC as to what documents are requested.

6.      FGIC objects to each and every Document Request to the extent that it lacks particularity and seeks production of "all" documents responsive to a particular description where the production of "all" such documents is not reasonably calculated to lead to the discovery of relevant evidence, or production of all such documents would be unduly burdensome.

7.      FGIC objects to the Document Requests to the extent that they seek documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in connection with the 9019 Motion or the FGIC Settlement Agreement.  In providing any of the

---

[2] Capitalized terms not defined in these responses and objections have the meanings ascribed to them in the Document Requests.

documents requested, FGIC does not concede the relevance thereof to the subject matter of the

proceeding.

8.      FGIC objects to the Document Requests on the ground that they purport to require

unreasonably costly and time-consuming efforts to locate and produce responsive documents.

FGIC further objects to the Document Requests on the ground that they purport to require FGIC

to produce documents that cannot be located by means of a reasonably diligent, good faith

review of its files.  For example, FGIC objects to the Document Requests to the extent they call

for FGIC to restore archived electronic materials and on the ground that this renders the

Document Requests unduly burdensome and oppressive.

9.      FGIC objects to the Document Requests to the extent they do not provide any

limitation on the Investor Objectors' ability to use any documents or materials that FGIC

produces in response to the Document Requests.  In particular, FGIC objects to the Document

Requests to the extent they permit the Investor Objectors to use documents or materials produced

by FGIC for any purpose other than in connection with the 9019 Motion or the FGIC Settlement

Agreement.

10.     FGIC objects to the Document Requests to the extent that the documents sought:

(a) are subject to the attorney-client privilege; (b) constitute work product prepared in

anticipation of litigation, or (c) are otherwise privileged or protected from discovery under state

or federal law.  Nothing contained in these responses is intended as, or shall in any way be

deemed, a general, inadvertent, implicit, subject matter, separate, independent, or other waiver of

such privilege or protection, and nothing herein shall put in issue or constitute the affirmative use

of advice of counsel or of any privileged or protected communications.  FGIC further objects to

the Document Requests to the extent they seek privileged communications by and among FGIC,

Benjamin M. Lawsky (Superintendent of Financial Services of the State of New York as

Rehabilitator of FGIC), and their counsel, or work product provided to and prepared by Lazard

Freres & Co. and all other experts retained by counsel to FGIC or the Rehabilitator.

11.    FGIC objects to the Document Requests to the extent they seek documents

protected by the Bankruptcy Court's December 26, 2012 Order Appointing Mediator [Docket

No. 2519] (the "Mediation Order").

12.    FGIC objects to the Document Requests to the extent that they:  (a) are

unreasonably cumulative or duplicative; (b) seek documents that are publicly available or

reasonably obtainable from some other source that is more convenient, less burdensome or less

expensive, including FGIC's rehabilitation website (www.fgicrehabilitation.com), and/or (c)

otherwise constitute an abuse of discovery under Rule 7026 of the Federal Rules of Bankruptcy

Procedure and/or Rule 26(b)(2) of the Federal Rules of Civil Procedure.

13.    FGIC objects to the Document Requests to the extent that they seek documents

that are or contain confidential information of FGIC or third parties.  FGIC will not produce such

information in the absence of an appropriate confidentiality order or unless authorized by the

relevant third party in writing or compelled by court order.  FGIC further objects to the

Document Requests to the extent they call for the disclosure of personal financial information

protected under the Gramm Leach Bliley Act.

14.    FGIC objects to each and every Document Request that seeks information from

any time period not relevant to the 9019 Motion or the FGIC Settlement Agreement.  FGIC will

only produce documents from a limited time period relevant to the 9019 Motion and the FGIC

Settlement Agreement.

15.     FGIC objects generally to the "Definitions" and "Instructions" sections of the Document Requests to the extent that they are vague, ambiguous, overly broad, or seek information that is irrelevant, or are not reasonably calculated to lead to the discovery of relevant evidence in connection with the 9019 Motion of the FGIC Settlement Agreement.

16.     FGIC objects to the definition of "Document" on the grounds that this term calls for the production of electronic documents and other electronically-stored information, the retrieval and production of which would be unduly burdensome, costly, oppressive and not reasonably calculated to lead to the discovery of admissible evidence relevant to the 9019 Motion or the FGIC Settlement Agreement.

17.     FGIC objects to the Definition of "FGIC" as overly broad, unduly burdensome, and encompassing persons or entities over which FGIC has no control.  In responding to the Document Requests, FGIC interprets "FGIC" to mean only Financial Guaranty Insurance Company.

18.     FGIC objects to the Definition of "You" as overly broad, unduly burdensome, and encompassing persons or entities over which FGIC has no control.  In responding to the Document Requests, FGIC interprets "You" to mean Financial Guaranty Insurance Company.

19.     FGIC will produce documents in response to the Document Requests only after FGIC and the Investor Objectors have entered into a confidentiality agreement for the protection of information, documents, and other material produced or given as part of the disclosure, discovery, or litigation process between FGIC and the Investor Objectors in the above-captioned action.

20.     FGIC's responses are based upon information currently available.  FGIC will respond to the Document Requests to the best of its present knowledge, but reserves the right to

rely on any facts, documents, or other evidence that may develop or subsequently come to its attention, to assert additional objections, and to supplement or amend these responses.  FGIC also reserves the right to object to further disclosure of any document and/or information.  Further, the provision of any document in response to the Document Requests does not constitute an admission that such document is responsive to the Document Requests or to any one of the Document Requests.

21.    FGIC reserves all objections as to the admissibility into evidence of any documents produced in response to the Document Requests (and in any further responses to the Document Requests or their subject matter) or in response to any previous discovery requests in these chapter 11 cases or any other legal proceeding, including, without limitation, on the grounds of privilege, relevance or materiality.  Any production in response to the Document Requests is made on the basis of discovery that has occurred to date, and is made without waiver of, or prejudice to, any other objections FGIC may make, and all such objections are expressly preserved.

<u>**SPECIFIC RESPONSES AND OBJECTIONS**</u>

Subject to and without waiving any of the foregoing general objections, which are incorporated by reference into each of the following specific responses and objections, FGIC hereby responds to the Document Requests:

<u>**REQUEST NUMBER 3:**</u>

All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that entry into the FGIC Settlement Agreement was in the best interests of the Holders of the Securities that are insured by FGIC.

**RESPONSE:**

FGIC objects to Document Request Number 3 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.  FGIC also objects to Document Request Number 3 on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in connection with the 9019 Motion or the FGIC Settlement Agreement.  FGIC further objects to Document Request Number 3 because it is vague, ambiguous, overbroad, and unduly burdensome.

FGIC objects Document Request 3 because it seeks documents relating to "any determination by the Trustees" and thus is more appropriately directed to the Trustees who are in a better position to know what documents may support their "determination." FGIC also objects to Document Request Number 3 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  FGIC understands that the Trustees are in the process of producing non-privileged documents responsive to this Request, to the extent such documents exist.  FGIC should not be required to produce documents that duplicate what the Trustees may produce.  Notwithstanding the foregoing objections, FGIC states that after the Investor Objectors review the Trustees' production, it can meet and confer to discuss what additional non-privileged documents, if any, FGIC may have in its possession custody, or control that would not be in the possession, custody and control of the Trustees and are responsive to this Request.

**REQUEST NUMBER 4:**

All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that entry into the FGIC Settlement Agreement was in the best interests of the Holders of the Securities that are not insured by FGIC.

**RESPONSE:**

FGIC objects to Document Request Number 4 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.  FGIC also objects to Document Request Number 4 on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in connection with the 9019 Motion or the FGIC Settlement Agreement.  FGIC further objects to Document Request Number 4 because it is vague, ambiguous, overbroad, and unduly burdensome.

FGIC objects Document Request 4 because it seeks documents relating to "any determination by the Trustees" and thus is more appropriately directed to the Trustees who are in a better position to know what documents may support their "determination." FGIC also objects to Document Request Number 4 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  FGIC understands that the Trustees are in the process of producing non-privileged documents responsive to this Request, to the extent such documents exist.  FGIC should not be required to produce documents that duplicate what the Trustees may produce.  Notwithstanding the foregoing objections, FGIC states that after the Investor Objectors review the Trustees' production, it can meet and confer to discuss what additional non-privileged documents, if any, FGIC may have in its possession custody, or control that would not be in the possession, custody and control of the Trustees and are responsive to this Request.

**REQUEST NUMBER 5:**

All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that the Commutation Amount constituted adequate consideration for the commutation of the Policies.

## RESPONSE:

FGIC objects to Document Request Number 5 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.  FGIC also objects to Document Request Number 5 on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in connection with the 9019 Motion or the FGIC Settlement Agreement.  FGIC further objects to Document Request Number 5 because it is vague, ambiguous, overbroad, and unduly burdensome.

FGIC objects Document Request 5 because it seeks documents relating to "any determination by the Trustees" and thus is more appropriately directed to the Trustees who are in a better position to know what documents may support their "determination." FGIC also objects to Document Request Number 5 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  FGIC understands that the Trustees are in the process of producing non-privileged documents responsive to this Request, to the extent such documents exist.  FGIC should not be required to produce documents that duplicate what the Trustees may produce.  Notwithstanding the foregoing objections, FGIC states that after the Investor Objectors review the Trustees' production, it can meet and confer to discuss what additional non-privileged documents, if any, FGIC may have in its possession custody, or control that would not be in the possession, custody and control of the Trustees and are responsive to this Request.

## REQUEST NUMBER 6:

All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that entry into the FGIC Settlement Agreement did not or should not require the consent of the Holders under the Governing Agreements.

**RESPONSE:**

FGIC objects to Document Request Number 6 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.  FGIC also objects to Document Request Number 6 on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in connection with the 9019 Motion or the FGIC Settlement Agreement.  FGIC further objects to Document Request Number 6 because it is vague, ambiguous, overbroad, and unduly burdensome.

FGIC objects Document Request 6 because it seeks documents relating to "any determination by the Trustees" and thus is more appropriately directed to the Trustees who are in a better position to know what documents may support their "determination." FGIC also objects to Document Request Number 6 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  FGIC understands that the Trustees are in the process of producing non-privileged documents responsive to this Request, to the extent such documents exist.  FGIC should not be required to produce documents that duplicate what the Trustees may produce.  Notwithstanding the foregoing objections, FGIC states that after the Investor Objectors review the Trustees' production, it can meet and confer to discuss what additional non-privileged documents, if any, FGIC may have in its possession custody, or control that would not be in the possession, custody and control of the Trustees and are responsive to this Request.

**REQUEST NUMBER 7:**

All documents (including communications) concerning, evidencing, underlying, or supporting any determination by the Trustees that entry into the FGIC Settlement Agreement did not or should not require the consent of the insured Holders under the Governing Agreements.

**RESPONSE:**

FGIC objects to Document Request Number 7 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.  FGIC also objects to Document Request Number 7 on the grounds that it seeks documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence in connection with the 9019 Motion or the FGIC Settlement Agreement.  FGIC further objects to Document Request Number 7 because it is vague, ambiguous, overbroad, and unduly burdensome.

FGIC objects Document Request 7 because it seeks documents relating to "any determination by the Trustees" and thus is more appropriately directed to the Trustees who are in a better position to know what documents may support their "determination." FGIC also objects to Document Request Number 7 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  FGIC understands that the Trustees are in the process of producing non-privileged documents responsive to this Request, to the extent such documents exist.  FGIC should not be required to produce documents that duplicate what the Trustees may produce.  Notwithstanding the foregoing objections, FGIC states that after the Investor Objectors review the Trustees' production, it can meet and confer to discuss what additional non-privileged documents, if any, FGIC may have in its possession custody, or control that would not be in the possession, custody and control of the Trustees and are responsive to this Request.

**REQUEST NUMBER 15:**

All documents (including communications) concerning any version of the FGIC Settlement Agreement, whether executed or unexecuted or actual or proposed, including all drafts thereof or amendments thereto.

**RESPONSE:**

FGIC objects to Document Request Number 15 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity. FGIC also objects to Document Request Number 15 because it is vague, ambiguous, overbroad, and unduly burdensome. FGIC further objects to Document Request Number 15 to the extent that it seeks documents outside of FGIC's possession, custody, or control. On these bases, FGIC will not produce documents responsive to this Document Request.

**REQUEST NUMBER 17:**

All documents (including communication) concerning any version of the Duff Report, including all drafts thereof or amendments thereto.

**RESPONSE:**

FGIC objects to Document Request Number 17 because it is overbroad and unduly burdensome. FGIC also objects to Document Request Number 17 to the extent that it seeks documents outside of FGIC's possession, custody, or control and should be sought from Duff and/or the Trustees. Additionally, FGIC objects to Document Request Number 17 to the extent that it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, the Mediation Order, and/or any other applicable privilege or immunity. FGIC states that the only copy of the Duff Report in its possession, custody, or control is the final version, which FGIC received for the first time when it was produced in response to an identical request to the Trustees by the Investor Objectors.

## REQUEST NUMBER 19:

All documents (including communications) concerning any version of the Lazard Report, including all drafts thereof or amendments thereto.

## RESPONSE:

FGIC objects to Document Request Number 19 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.  FGIC also objects to Document Request Number 19 because it is overbroad and unduly burdensome.  FGIC further objects to Document Request Number 19 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  Notwithstanding the foregoing and without waiver of the same, FGIC is prepared to work with the Investor Objectors in an effort to understand and narrow this Document Request to a reasonable scope and to make a limited production of responsive documents to the extent they exist, if agreement can be reached.

## REQUEST NUMBER 21:

All documents (including communication) concerning any version of any Duff Engagement, whether executed or unexecuted or actual or proposed, including all drafts thereof or amendments thereto.

## RESPONSE:

FGIC objects to Document Request Number 21 because it is vague, ambiguous, overbroad, and unduly burdensome.  FGIC also objects to Document Request Number 21 to the extent that it seeks documents outside of FGIC's possession, custody, or control and should be sought from Duff and/or the Trustees.  Additionally, FGIC objects to Document Request Number 21 to the extent that it seeks documents protected from discovery by the attorney-client

privilege, work product doctrine, the Mediation Order, and/or any other applicable privilege or

immunity.  Based on the information currently available to FGIC, it does not believe it has any

documents in its possession, custody, or control responsive to this Request.  Nonetheless, FGIC

will conduct a reasonable search for responsive documents.

**REQUEST NUMBER 24:**

All documents (including communications) concerning any version of any Lazard

Engagement, whether executed or unexecuted or actual or proposed, including all drafts thereof

or amendments thereto.

**RESPONSE:**

FGIC objects to Document Request Number 24 on the grounds that it seeks documents

that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence

in connection with the 9019 Motion or the FGIC Settlement Agreement.  FGIC further objects to

Document Request Number 24 because it is vague, ambiguous, overbroad, and unduly

burdensome.  FGIC also objects to Document Request Number 24 to the extent that it seeks

documents outside of FGIC's possession, custody, or control and should be sought from the

Debtors and/or the Trustees.  Additionally, FGIC objects to Document Request Number 24 to the

extent that it seeks documents protected from discovery by the attorney-client privilege, work

product doctrine, the Mediation Order, and/or any other applicable privilege or immunity.

**REQUEST NUMBER 27:**

All documents (including communications) concerning an projection, evaluation, analysis

or estimate of the value of any claims asserted by FGIC in the Chapter 11 Cases, or the process

for calculating same, including, without limitation, any such documents prepared by Duff or

Lazard.

**RESPONSE:**

FGIC objects to Document Request Number 27 to the extent that it seeks documents

protected from discovery by the attorney-client privilege, work product doctrine, the Mediation

Order, and/or any other applicable privilege or immunity.  FGIC also objects to Document

Request Number 27 because it is vague, ambiguous, overbroad, and unduly burdensome.  FGIC

further objects to Document Request Number 27 to the extent that it seeks documents outside of

FGIC's possession, custody, or control.  Notwithstanding the foregoing and without waiver of

the same, FGIC is prepared to work with the Investor Objectors in an effort to understand and

narrow this Document Request to a reasonable scope and to make a limited production of

responsive documents to the extent they exist, if agreement can be reached.

**REQUEST NUMBER 31:**

All documents (including communications) concerning any projection, evaluation,

analysis, or estimate of any recovery for the Trusts, the Holders, or any other policyholders or

claimants in the Rehabilitation Action, or the process for calculating same.

**RESPONSE:**

FGIC objects to Document Request Number 31 to the extent that it seeks documents

protected from discovery by the attorney-client privilege, work product doctrine, the Mediation

Order, and/or any other applicable privilege or immunity.  FGIC also objects to Document

Request Number 31 because it is vague, ambiguous, overbroad, and unduly burdensome.  FGIC

further objects to Document Request Number 31 to the extent that it seeks documents outside of

FGIC's possession, custody, or control.  Notwithstanding the foregoing and without waiver of

the same, FGIC is prepared to work with the Investor Objectors in an effort to understand and

narrow this Document Request to a reasonable scope and to make a limited production of responsive documents to the extent they exist, if agreement can be reached.

## REQUEST NUMBER 36:

All projections, evaluations, assessments, analysis, or estimates of the size, amount, value, or scope of liabilities or obligations in connection with the Policies from which FGIC would be released under the FGIC Settlement Agreement, including, without limitation, any such documents prepared by Duff or Lazard.

## RESPONSE:

FGIC objects to Document Request Number 36 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity.  FGIC also objects to Document Request Number 36 because it is vague, ambiguous, overbroad, and unduly burdensome.  FGIC further objects to Document Request Number 36 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  Notwithstanding the foregoing and without waiver of the same, FGIC is prepared to work with the Investor Objectors in an effort to understand and narrow this Document Request to a reasonable scope and to make a limited production of responsive documents to the extent they exist, if agreement can be reached.

## REQUEST NUMBER 37:

All documents (including communications) concerning any projection, evaluation, analysis or estimate of the size, amount, or scope of liabilities or obligations in connection with the Policies from which FGIC would be released under the FGIC Settlement Agreement, or any such documents concerning the process for calculating same.

**RESPONSE:**

FGIC objects to Document Request Number 37 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity. FGIC also objects to Document Request Number 37 because it is vague, ambiguous, overbroad, and unduly burdensome. FGIC further objects to Document Request Number 37 to the extent that it seeks documents outside of FGIC's possession, custody, or control. Notwithstanding the foregoing and without waiver of the same, FGIC is prepared to work with the Investor Objectors in an effort to understand and narrow this Document Request to a reasonable scope and to make a limited production of responsive documents to the extent they exist, if agreement can be reached.

**REQUEST NUMBER 39:**

All documents (including communications) concerning any projection, evaluation, analysis or estimate of the Commutation Amount, or the process for calculating same.

**RESPONSE:**

FGIC objects to Document Request Number 39 to the extent that it seeks documents protected from discovery by the Mediation Order, attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity. FGIC also objects to Document Request Number 39 because it is vague, ambiguous, overbroad, and unduly burdensome. FGIC further objects to Document Request Number 39 to the extent that it seeks documents outside of FGIC's possession, custody, or control. Notwithstanding the foregoing and without waiver of the same, FGIC is prepared to work with the Investor Objectors in an effort to understand and narrow this Document Request to a reasonable scope and to make a limited production of responsive documents to the extent they exist, if agreement can be reached.

**REQUEST NUMBER 42:**

All documents (including communications) concerning or evidencing any direction or instruction to the Trustees by the Holders or the Institutional Investors regarding the FGIC Settlement Agreement (or any unexecuted or draft version thereof).

**RESPONSE:**

FGIC objects to Document Request Number 42 because it is vague, ambiguous, overbroad, and unduly burdensome.  Additionally, FGIC objects to Document Request Number 42 to the extent that it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, the Mediation Order, and/or any other applicable privilege or immunity.

FGIC objects Document Request 42 because it seeks documents relating to "direction or instruction to the Trustees" and thus is more appropriately directed to the Trustees who are in a better position to know what "direction and instruction" they received.  FGIC also objects to Document Request Number 42 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  FGIC understands that the Trustees are in the process of producing non-privileged documents responsive to this Request, to the extent such documents exist.  FGIC should not be required to produce documents that duplicate what the Trustees may produce.  Notwithstanding the foregoing objections, FGIC states that after the Investor Objectors review the Trustees' production, it can meet and confer to discuss what additional non-privileged documents, if any, FGIC may have in its possession custody, or control that would not be in the possession, custody and control of the Trustees and are responsive to this Request.

**REQUEST NUMBER 45:**

All documents (including communications) concerning any version of the PSA, whether executed or unexecuted or actual or proposed, including all drafts thereof or amendments thereto.

**RESPONSE:**

FGIC objects to Document Request Number 45 because it is vague, ambiguous, overbroad, and unduly burdensome.  FGIC also objects to Document Request Number 45 to the extent that it seeks documents outside of FGIC's possession, custody, or control and should be sought from the Debtors and/or the Trustees.  Additionally, FGIC objects to Document Request Number 45 to the extent that it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, the Mediation Order, and/or any other applicable privilege or immunity.  On these bases, FGIC will not produce documents responsive to this Document Request.

**REQUEST NUMBER 51:**

Documents sufficient to identify the amount of Securities held by the Institutional Investors, including, without limitation, documents sufficient to identify the amount of such holdings by tranche or trust.

**RESPONSE:**

FGIC objects to Document Request Number 51 because it is vague, ambiguous, overbroad, and unduly burdensome.  FGIC also objects to Document Request Number 51 to the extent that it seeks documents outside of FGIC's possession, custody, or control and should be sought from the Debtors and/or the Trustees.  Additionally, FGIC objects to Document Request Number 51 to the extent that it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, the Mediation Order, and/or any other applicable privilege or immunity.  On these bases, FGIC will not produce documents responsive to this Document Request.

**REQUEST NUMBER 53:**

All documents (including communications) concerning any opinion of counsel rendered to the Trustees in connection with the FGIC Settlement Agreement, the PSA, the FGIC Rehabilitation Plan, or the Commutations.

**RESPONSE:**

FGIC objects to Document Request Number 53 because it is vague, ambiguous, overbroad, and unduly burdensome.  Additionally, FGIC objects to Document Request Number 53 to the extent that it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, the Mediation Order, and/or any other applicable privilege or immunity.

FGIC objects Document Request 53 because it seeks documents relating to "any opinion of counsel rendered to the Trustees" and thus is more appropriately directed to the Trustees who are in a better position to know what "opinion of counsel" was rendered to them.  FGIC also objects to Document Request Number 53 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  FGIC understands that the Trustees are in the process of producing non-privileged documents responsive to this Request, to the extent such documents exist.  FGIC should not be required to produce documents that duplicate what the Trustees may produce.  Notwithstanding the foregoing objections, FGIC states that after the Investor Objectors review the Trustees' production, it can meet and confer to discuss what additional non-privileged documents, if any, FGIC may have in its possession custody, or control that would not be in the possession, custody and control of the Trustees and are responsive to this Request. Based on the information currently available to FGIC, it does not believe it has any documents in its possession, custody, or control responsive to this Request.  Nonetheless, FGIC will conduct a reasonable search for responsive documents.

**REQUEST NUMBER 57:**

All documents (including communications) concerning the proposed findings 3, 4, and 5 in the Proposed PSA Order and the proposed findings in paragraphs C, D, and E in the Proposed 9019 Order including but not limited to the submissions to the court concerning the PSA Motion and the 9019 Motion (including but not limited to any statements made in such submissions whether in supporting declarations or otherwise) and all documents concerning any indemnification agreement entered into by the Trustees in connection with the PSA, the FGIC Settlement, or any agreement related to and including the FGIC Rehabilitation Plan.

**RESPONSE:**

FGIC objects to Document Request Number 57 because it is vague, ambiguous, overbroad, and unduly burdensome.  Additionally, FGIC objects to Document Request Number 57 to the extent that it seeks documents protected from discovery by the attorney-client privilege, work product doctrine, the Mediation Order, and/or any other applicable privilege or immunity.

FGIC objects Document Request 57 is more appropriately directed to the Trustees who are in a better position to produce responsive documents.  FGIC also objects to Document Request Number 57 to the extent that it seeks documents outside of FGIC's possession, custody, or control.  FGIC understands that the Trustees are in the process of producing non-privileged documents responsive to this Request, to the extent such documents exist.  FGIC should not be required to produce documents that duplicate what the Trustees may produce.  Notwithstanding the foregoing objections, FGIC states that after the Investor Objectors review the Trustees' production, it can meet and confer to discuss what additional non-privileged documents, if any, FGIC may have in its possession custody, or control that would not be in the possession, custody and control of the Trustees and are responsive to this Request.

Dated:  June 23, 2013
        New York, New York

JONES DAY

By:    /s/ Howard F. Sidman
       Richard L. Wynne
       Howard F. Sidman
       JONES DAY
       222 East 41st Street
       New York, NY 10017
       Telephone: 212.326.3939
       Facsimile: 212.755.7306
       E-mail:  rlwynne@jonesday.com
       E-mail:  hfsidman@jonesday.com

       Carl E. Black
       JONES DAY
       North Point
       901 Lakeside Avenue
       Cleveland, Ohio 44114
       Telephone: 216.586.7035
       Facsimile: 216.579.0212
       E-mail:  ceblack@jonesday.com

       *Attorneys for Financial Guaranty Insurance
       Company*