# **<u>EXHIBIT 17</u>**

**DECHERT LLP**
Glenn E. Siegel
Mauricio A. España
Rebecca S. Kahan
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts*

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts*

**SEWARD & KISSEL LLP**
Mark D. Kotwick
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC,** *et al.*, | ) |
| | ) **Chapter 11** |
| **Debtors.** | ) |
| | ) **Jointly Administered** |

**THE TRUSTEES' OBJECTIONS AND RESPONSES TO MONARCH ALTERNATIVE CAPITAL LP, STONEHILL CAPITAL MANAGEMENT LLC, CQS ABS MASTER FUND LIMITED, CQS ABS ALPHA MASTER FUND LIMITED, AND BAYVIEW FUND MANAGEMENT LLC'S SUPPLEMENTAL REQUEST FOR THE <u>PRODUCTION OF DOCUMENTS TO THE TRUSTEES</u>**

Pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7034 (the "Bankruptcy Rules") and the Local Rules of this Court, The Bank of New York Mellon, The Bank of New York Mellon Trust Company, N.A. (collectively, "BNY Mellon"), U.S. Bank National Association ("U.S. Bank"), and Wells Fargo Bank, N.A. ("Wells Fargo"), solely in their respective capacities as trustee, indenture trustee, securities administrator, co-administrator, paying agent, grantor trustee, custodian and/or other similar agencies or as master servicer for certain mortgage backed securities trusts (collectively, the "Trustees"), by and through their undersigned counsel, hereby object and respond as follows to Monarch Alternative Capital LP ("Monarch"), Stonehill Capital Management LLC ("Stonehill"), CQS ABS Master Fund Limited and CQS ABS Alpha Master Fund Limited (together, "CQS"), and Bayview Fund Management LLC's ("Bayview", together with Monarch, Stonehill, and CQS the "Advisors") Supplemental Request for the Production of Documents to the Trustees (the "Additional Document Requests").

## GENERAL OBJECTIONS

The Trustees object to the Additional Document Requests as a whole on the grounds set forth below. To avoid repetition, the Trustees hereby incorporate the following general objections (the "General Objections") to each of their specific answers set forth below as if these objections were set forth in their entirety in each answer.

1.  The Trustees object to the Additional Document Requests to the extent they purport to be directed to the Trustees in any capacity other than as Trustee for those certain mortgage backed securities Trusts (as defined by the Additional Document Requests). In responding to the Additional Document Requests, the Trustees will respond solely in that capacity.

2. The Trustees object to the definition of "Trustees" or "You" with respect to the Trustees as overbroad and unduly burdensome to the extent it encompasses persons or entities other than the Trustees (i.e., consultants, representatives, advisors, attorneys or agents) or otherwise calls for documents not in the Trustees' possession, custody or control.

3. The Trustees object to the Additional Document Requests as unduly burdensome insofar as they served the Trustees by email at 11:57 p.m. on June 26, 2013 and called for production by 5:00 p.m. on June 28, 2013.

4. The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable, inadmissible, protected by the mediation privilege or otherwise not discoverable pursuant to General Order Amending, and Restating M-143 and M-211, dated December 1, 2009, and/or the Bankruptcy Court's December 26, 2012 Order Appointing Mediator (Docket No. 2519; the "<u>Mediation Order</u>"), which provides, in relevant part that:

> all (a) discussions among any of the Mediation Parties, including discussions with or in the presence of the Mediator, (b) any mediation statements and any other documents or information provided to the Mediator or the Mediation Parties in the course of the mediation, and (c) correspondence, draft resolutions, offers, and counteroffers produced for or as a result of the mediation shall be strictly confidential and shall not be admissible for any purpose in any judicial or administrative proceeding, and no person or party participating in the mediation, whether a direct participant or member of a committee or group, including counsel for any Mediation Party or any other party, shall in any way disclose to any non-party or to any court, including, without limitation, in any pleading or other submission to any court, any such discussion, mediation statement, other document or information, correspondence, resolution, offer or counteroffer that may be made or provided in connection with the mediation, unless otherwise available and not subject to a separate confidentiality agreement that would prevent its disclosure or as authorized by this Court.

5.      The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable, or otherwise not discoverable pursuant to (i) that certain Confidentiality Agreement between Financial Guaranty Insurance Company and Wells Fargo dated April 12, 2013, (ii) that certain Confidentiality Agreement between Financial Guaranty Insurance Company and BNY Mellon dated April 15, 2013, and/or (iii) that certain Confidentiality Agreement between Financial Guaranty Insurance Company and U.S. Bank dated April 15, 2013 (i, ii, and iii, each a "FGIC Confidentiality Agreement," and together the "FGIC Confidentiality Agreements").

6.      The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable, or otherwise not discoverable pursuant to that certain Confidentiality Agreement by and among Residential Capital, LLC, and its debtor affiliates, and Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas (collectively, "Deutsche Bank"), BNY Mellon, Wells Fargo, and U.S. Bank, executed by the parties in July 2012 (the "ResCap Debtors Confidentiality Agreement").

7.      The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable, or otherwise not discoverable pursuant to (i) that certain Confidentiality Undertaking between Gibbs & Bruns LLP and Wells Fargo, dated June 25, 2012, (ii) that certain Confidentiality Undertaking between Gibbs & Bruns LLP and BNY Mellon, dated June 14, 2012, (iii) that certain Confidentiality Undertaking between Gibbs & Bruns LLP and U.S. Bank, dated June 18, 2012, (iv) that certain Confidentiality Undertaking between Talcott Franklin P.C. and Wells Fargo, dated June 25, 2012, (v) that certain Confidentiality Undertaking between Talcott Franklin P.C. and BNY Mellon, dated September 5, 2012, and (vi) that certain Confidentiality Undertaking between

- 4 -

Talcott Franklin P.C. and U.S. Bank, dated August 9, 2012 (i, ii, iii, iv, v, and vi, each a "<u>Steering Committee and Talcott Franklin Confidentiality Agreement</u>," and together the "<u>Steering Committee and Talcott Franklin Confidentiality Agreements</u>").

8.  The Trustees object to the Additional Document Requests to the extent they seek documents that are confidential, nondisclosable or otherwise not discoverable pursuant to the By-Laws of the Official Committee of Unsecured Creditors of Residential Capital, LLC, *ET AL.* (Bankr. S.D.N.Y.), Case No. 12-12020 (MG), dated June 2012 (the "<u>Committee Confidentiality Agreement</u>").[1]

9.  The Trustees object to the Additional Document Requests to the extent they are overbroad and unduly burdensome, call for the production of documents which are neither material nor necessary to the prosecution of this matter, nor reasonably calculated to lead to the discovery of admissible evidence. In particular and without limitation, the Trustees object to the Additional Document Requests to the extent they seek documents that are irrelevant and beyond the scope of the *Debtors' Motion Pursuant to Fed. R. Bankr. P. 9019 for Approval of the Settlement Agreement among the Debtors, FGIC, the FGIC Trustees, and Certain Individual Investors*, dated June 7, 2013 (Docket No. 3929; the "<u>FGIC Settlement Motion</u>").

10. The Trustees object to the Additional Document Requests and the instructions and definitions contained therein to the extent they seek to impose burdens upon the Trustees that are different from or in addition to those authorized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

---

[1] BNY Mellon and U.S. Bank are each members of the Committee. Wells Fargo is not.

- 5 -

11. The Trustees object to the Additional Document Requests to the extent they request information protected by the attorney-client privilege, work-product doctrine, common interest privilege, settlement privilege, or any other privilege or immunity. Nothing contained in documents or information produced is intended as, or shall in any way be deemed, a waiver of any such applicable privilege or doctrine.

12. The Trustees object to the Additional Document Requests to the extent that they seek or purport to seek information that is already in the possession, custody or control of Holders or Holders' counsel, or which is readily available from other parties, third parties or in the public domain.

13. The Trustees object to the Additional Document Requests to the extent they are overbroad and unduly burdensome, call for the production of documents which are neither material nor necessary to the prosecution of this matter, nor reasonably calculated to lead to the discovery of admissible evidence.

14. The Trustees object to the Additional Document Requests to the extent that they are cumulative, duplicative and/or repetitious.

15. The Trustees object to the Additional Document Requests to the extent that they seek oral communications and/or conversations which were not documented and which cannot reasonably be reproduced.

16. The Trustees object to the Additional Document Requests to the extent that they seek production of confidential, proprietary and/or trade secret information, or information or documents containing commercially sensitive information relating to the clients,

business, internal policies, procedures, programs and/or guidelines of the Trustees ("<u>Confidential Information</u>").  The Trustees shall not produce any Confidential Information prior to the Holders entering into an appropriate confidentiality stipulation providing that Confidential Information shall not be disclosed to third parties nor used for any purpose other than prosecuting the Holders' objections in this case.

17. The Trustees object to the Additional Document Requests to the extent that they would require the Trustees to search backup tapes or drives, deleted data or legacy data from obsolete systems for responsive documents.  These types of media are not reasonably accessible and would entail undue burden and expense to restore and search.

18. The Trustees object to the unilateral protocol regarding the production of electronically stored information ("<u>ESI</u>") purportedly imposed by the Holders.  Counsel for the Trustees agrees to meet and confer to discuss a mutually acceptable protocol regarding the production of ESI.

19. The Trustees object to the Additional Document Requests to the extent that they can be construed to suggest, infer, or imply that the documents requested actually exist, or to the extent that the Holders seek to assert facts or legal conclusions in defining the requested information in the Additional Document Requests.  To the extent the Trustees agree to produce documents responsive to an Additional Document Request, such agreement does not confirm that the documents exist or that there are any such documents in the possession, custody or control of the Trustees.  Any agreement to produce documents responsive to an Additional Document Request indicates merely that the Trustees will produce documents responsive to such

Additional Document Request, if any, that are located upon a reasonable search, subject to all responses and objections, general and specific, set forth herein.

20. The Trustees reserve their right to supplement their responses as permitted by the Federal Rules of Civil Procedure.

21. The Trustees' responses to the Additional Document Requests are hereby made without in any way waiving or intending to waive, but rather preserving and intending to preserve: (a) all questions as to relevance, materiality, and admissibility as evidence for any purpose in this or any other court action or judicial or administrative proceeding or investigation; (b) the right to object on any ground to the use of the information in this or any other court action or judicial or administrative proceeding or investigation; (c) the right to object at any time in any further response to this or any other discovery request; and (d) the right to supplement these answers at any time.

**SPECIFIC OBJECTIONS AND RESPONSES
TO REQUESTS FOR PRODUCTION**

**Request for Production No. 1:** *All documents (including communications) concerning any opinion of counsel requested by or rendered to the Trustees concerning the FGIC Settlement Agreement, the PSA, the FGIC Rehabilitation Action, or the Commutation Amount.*

**Response to Request for Production No. 1:**

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request as unnecessary and duplicative of Supplemental Request for Production 53. The Trustees refer the Advisors to and incorporate by reference as if fully stated herein their responses and specific objections to that Request.

**Request for Production No. 2:** *All documents (including communications) concerning the proposed findings 3, 4, and 5 in the Proposed PSA Order and the proposed findings in paragraphs C, D, and E in the Proposed Settlement Agreement Order including but not limited to the submissions to the court concerning the PSA Motion and the 9019 Motion (including but not limited to any statements made in such submissions whether in supporting declarations or otherwise) and all documents concerning any indemnification agreement entered into by the*

- 8 -

*Trustees in connection with the PSA, the FGIC Settlement Agreement, or any agreement related to and including the FGIC Rehabilitation Plan.*

**Response to Request for Production No. 2:**

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request as unnecessary and duplicative of Supplemental Request for Production 57.  The Trustees refer the Advisors to and incorporate by reference as if fully stated herein their responses and specific objections to that Request.

**Request for Production No. 3:** *All documents (including communications) concerning any direction or instruction to the Trustees by any Holder regarding the FGIC Settlement Agreement, the PSA, the FGIC Rehabilitation Plan or the Commutation Amount.*

**Response to Request for Production No. 3:**

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request to the extent it seeks production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Trustees object to this Request to the extent that it seeks production of documents that are not subject to discovery pursuant to the Mediation Order.  Subject to and without waiving the specific and General Objections set forth herein, and subject to entry into an appropriate confidentiality stipulation, the Trustees will produce non-privileged or non-protected documents that they reasonably understand to be responsive to the portion of this Request that seeks communications related to the FGIC Settlement Agreement or the Commutation Amount, if any.

**Request for Production No. 4:** *All documents (including communications) concerning the disclosure or non-disclosure of information by the Trustees to any Holder concerning the Chapter 11 Cases or the FGIC Rehabilitation Action, including but not limited to FGIC Settlement Agreement [sic], the PSA, the FGIC Rehabilitation Plan, or the Commutation Amount.*

**Response to Request for Production No. 4:**

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request to the extent it seeks production of documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Trustees object to this Request on the grounds that it is unduly burdensome and overly broad. The Trustees object to this Request to the extent that it seeks production of documents that are not subject to discovery pursuant to the Mediation Order.  Subject to and without waiving the specific and General Objections set forth herein, and subject to entry into an appropriate confidentiality stipulation, the Trustees will produce non-privileged or non-protected documents that they reasonably understand to be responsive to the portion of this Request that seeks communications related to the FGIC Settlement Agreement or the Commutation Amount, if any.

**Request for Production No. 5:** *To the extent You refuse to produce documents responsive to any Request for documents propounded by the Advisors on the grounds of confidentiality, all*

*contracts, agreements or understandings that allegedly require You to maintain the documents or information in confidence, and all documents concerning Your alleged obligation to maintain the documents or information in confidence pursuant to such contracts, agreements or understandings.*

**Response to Request for Production No. 5:**

In addition to the General Objections set forth above and incorporated herein by reference, the Trustees object to this Request to the extent it seeks production of documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Trustees object to this Request on the grounds that it is unduly burdensome and overly broad. The Trustees object to this Request to the extent that it seeks production of documents that are not subject to discovery pursuant to the Mediation Order. The Trustees object to this Request to the extent it seeks documents protected by the attorney-client privilege, the common interest privilege, and/or the work product immunity doctrine. Subject to and without waiving the specific and General Objections set forth herein, the Trustees will produce non-privileged or non-protected documents responsive to this Request.

[*remainder of this page intentionally left blank.*]

Dated: New York, New York

     June 28, 2013

| | |
|---|---|
| **DECHERT LLP**<br>By: /s/ Glenn E. Siegel<br>Glenn E. Siegel<br>Mauricio A. España<br>Rebecca S. Kahan<br>1095 Avenue of the Americas<br>New York, New York 10036-6797<br>Telephone: (212) 698-3500<br>Facsimile: (212) 698-3599<br><br>*Counsel to The Bank of New York Mellon and The Bank of New York Mellon Trust Company, N.A., as Trustee of Certain Mortgage-Backed Securities Trusts* | **SEWARD & KISSEL LLP**<br>By: /s/ Mark D. Kotwick<br>Mark D. Kotwick<br>Ronald L. Cohen<br>Arlene R. Alves<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 574-1200<br>Facsimile: (212) 480-8421<br><br>*Counsel to U.S. Bank National Association, as Trustee of Certain Mortgage-Backed Securities Trusts* |
| **ALSTON & BIRD LLP**<br>By: /s/ Michael E. Johnson<br>John C. Weitnauer (*pro hac vice*)<br>Michael E. Johnson<br>90 Park Avenue<br>New York, NY 10016<br>Telephone: (212) 210-9400<br>Facsimile: (212) 210-9444<br><br>*Counsel to Wells Fargo Bank, N.A., as Trustee of Certain Mortgage Backed Securities Trusts* | |

SK 03687 0119 1394438 v2