# **EXHIBIT 34**

**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

July 24, 2013

**BY ELECTRONIC MAIL**

The Honorable Martin Glenn
United States Bankruptcy Judge
United States Bankruptcy Court
 for the Southern District of New York
One Bowling Green
New York, New York  10004

      Re:   *In re Residential Capital, LLC, et al., Chapter 11 Case No. 12-12020 (MG)*

Dear Judge Glenn:

      We represent Monarch Alternative Capital LP ("Monarch"), Stonehill Capital Management LLC ("Stonehill"), Bayview Fund Management LLC ("Bayview"), each in their capacity as investment advisors to certain funds, CQS ABS Master Fund Limited, and CQS ABS Alpha Master Fund Limited ( "CQS" and together with Monarch, Stonehill, and Bayview, the "Objecting Parties").

      We write regarding the proposed order submitted by FGIC on July 23, 2013.  We object to entry of the proposed order on the grounds set forth herein.  In particular, it is the position of the Objecting Parties that the Settling Parties and their advisors -- including FGIC, the Trustees, Duff & Phelps, LLC ("Duff & Phelps"), and Lazard Freres & Co. LLC ("Lazard") -- are not entitled to withhold documents that were considered, reviewed or created by Duff & Phelps in (i) advising the Trustees with respect to the FGIC Settlement Agreement or (ii) preparing its expert opinions the Trustees seek to introduce at trial in this matter.

*Background*

      On or about August 30, 2012, the Trustees engaged Duff & Phelps as a consulting expert to provide analysis and advice with respect to various issues arising out of the ResCap bankruptcy.  In our about March 2013, the Trustees received a proposal from FGIC regarding a potential resolution of the parties' dispute, which contemplated the commutation of certain insurance policies on the FGIC-wrapped Trusts, and which ultimately came to be embodied in the FGIC Settlement Agreement.  The Trustees requested that Duff & Phelps analyze the proposal from a financial perspective, which Duff & Phelps did.  In a report to the Trustees dated May 15, 2013, Duff & Phelps concluded that the FGIC

Hon. M. Glenn
July 24, 2013
Page 2

proposal was "within the range of reasonableness" (the "D&P Consultancy Report"). The Trustees relied on that analysis in concluding that the FGIC Settlement Agreement was in the "best interests" of the investors of the FGIC-Wrapped Trusts, including the Objecting Parties.

Beginning on June 12, 2013, the Objecting Parties served the FGIC, Lazard, the Trustees, and Duff & Phelps with requests for the production of documents. Each of those requests sought the production of all documents concerning the work performed by Duff & Phelps. The Settling Parties and their advisors each objected to these requests on a host of grounds, including that the requests improperly sought the production of documents that are protected from disclosure under the attorney client privilege, the attorney work product doctrine and the mediation privilege. With one exception, however, the documents that had been withheld were not itemized on the responding parties' respective privilege logs.

On July 19, 2013, the Trustees designated Allen M. Pfeiffer as a testifying expert and served the Objecting Parties with his "expert report" under Rule 26 (the "D&P Expert Report"). Mr. Pfeiffer is a Managing Director of Duff & Phelps and the person at that firm responsible for the D&P Consultancy Report. As set forth in the D&P Expert Report, the expert conclusions Mr. Pfeiffer reached resulted from the work Duff & Phelps performed in its capacity as a consultant to the Trustees as reflected in the D&P Consultancy Report, which is attached to the D&P Expert Report as an exhibit. (*See* D&P Expert Report, Attachment III.) In other words, the work performed by Duff & Phelps in its capacity as a consultant concerns the very same issues as the work performed by Duff & Phelps in its capacity as a testifying expert.

Duff & Phelps appeared to base its conclusions on certain information furnished by FGIC and Lazard, including information that was confidential. (D&P Expert Report ¶ 14.) However, Duff & Phelps performed its own financial analyses in reaching its expert opinion, including calculating "collateral loss projections on the FGIC Insured Trusts on a trust-by-trust basis" (*id*. ¶ 34), "monthly prepayment and default rates for each Trust" (*id*. ¶ 36), "cash flows under various scenarios" (*id*. ¶ 37), "severity rates at the sub-cohort level" (*id*. ¶ 38), and "$92 million additional value to be "distributed to the FGIC Insured Trusts" under the Plan Support Agreement (*id*. ¶ 59).

Following the designation of Duff & Phelps as the Trustees' testifying expert, the Objecting Parties reiterated their request for documents concerning the work performed by Duff & Phelps. Counsel for the Trustees responded that such documents were "privileged" and that Rule 26 did not require the production of an expert's "work papers." (7/23/13 Email from M. Johnson to M. Carney.) Nevertheless, counsel for the Trustees claimed they wished to produce a document that FGIC disclosed to the Trustees as part of the mediation that Duff & Phelps considered during their expert engagement, that they had sought permission of FGIC to produce that document, and that FGIC was willing to do so provided the parties enter into a stipulation to be so-ordered by the Court. (7/21/13 Email from M. Johnson to M. Eaton.) Upon reviewing the stipulation, however, the Objecting Parties rejected the conditions set forth therein as unreasonable and unnecessary. (7/23/13 Email from M. Eaton to H. Sidman.) Despite the lack of agreement, FGIC voluntarily produced the document at the deposition of Mr. Pfeiffer, which took place earlier today.

9959438.3

Hon. M. Glenn
July 24, 2013
Page 3

Although this single document has belatedly been produced, based on the testimony of Mr. Pfeiffer, the Objecting Parties have learned that there are numerous other documents that should have been produced.

*Argument*

**1.    The Duff & Phelps Documents Are Not Privileged Under Rule 26(b)(4)(D).**

Ordinarily, a party may not discover facts known or opinions held by an expert who has been retained in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial – *i.e.*, a "consulting expert". Fed. R. Civ. P. 26(b)(4)(D). However, the courts have taken a very different approach where an expert has been engaged to serve as both a consulting and testifying expert. Where an expert serves in a dual capacity as both a consulting and testifying expert with respect to the same or overlapping issues, no claim of privilege over the expert's work as a consultant will lie. *See Carroll Co. v. Sherwin-Williams Co.*, No. WMN-11-1700, 2012 WL 4846167, at *4 (D. Md 2012) ("the required disclosure of information considered by a testifying expert trumps the work product protection provided by Rule 26(b)(4)(D)") (quoting *Oklahoma v. Tyson Foods, Inc.*, No. 05-CV-329-GKF-PJC, 2009 WL 1578937, at *4 (N.D. Okla. 2009)).

Accordingly, where a testifying expert has "reviewed documents in his role as an expert that he previously had reviewed in his role as consultant, the delineation between those roles would become blurred and those documents would be discoverable." *Grace A. Detwiler Trust v. Offenbecher*, 124 F.R.D. 545, 546 (S.D.N.Y. 1989). Such documents are only shielded where the expert is "retained to testify and in addition to advise counsel *outside the subject of his testimony*." *Beverage Mktg. Corp. v. Ogilvy & Mather, Direct Response, Inc.*, 563 F. Supp. 1013, 1014 (S.D.N.Y. 1983) (emphasis added). In the event that ambiguity exists as to which hat an expert was wearing, "any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in the favor of the party seeking discovery." *B.C.F. Oil Refining, Inc. v. Consolidated EdisonCo. Of New York, Inc.*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997); *Construction Industry Services Corp. v. Hanover Ins. Co.*, 206 F.R.D. 43, 52-53 (E.D.N.Y. 2001) (determining that "it is impossible to segregate [the expert's] role as a business consultant who advised [plaintiff] regarding many aspects of the litigation with his role as a testifying expert," because nothing before the court demonstrated how the expert could have separated knowledge obtained during his consultant role from the facts and data he considered as a testifying expert.[1]

The work done by Duff & Phelps as a testifying expert relates to the very same subject of the work it performed as a consultant and in fact is based upon that prior work. As such it is impossible to conclude that Duff & Phelps was retained to consult on issues "outside the subject of [its] testimony," or that there was a "clear distinction" between its role as consultant and subsequent role of expert. *See*

---

[1] The Court also noted that the fact that the expert acted as a consultant prior to being "hired" as a testifying expert was not dispositive, because of the opportunity for parties to try to "shield disclosure of otherwise discoverable documents considered by their experts simply by hiring those individuals first as consultants and later as experts would be too great"

9959438.3

Hon. M. Glenn
July 24, 2013
Page 4

*Beverage Mktg.* 563 F. Supp. at 1014. Thus, no privilege exists to shield the documents at issue, which were considered, reviewed, relied upon or created by Duff & Phelps in creating the D&P Consultancy Report.

2.  **The Duff & Phelps Documents Are Not Immune From Discovery Under Rules 26(a)(2)(B) or 26(b)(4)(C).**

    It is equally clear that expert work papers are not immune from discovery, as the Trustees have incorrectly asserted here. The recent amendments to Rule 26, which extend the work-product privilege to draft expert reports and to communications between expert witnesses and counsel does not operate to bar discovery of an expert's work papers. In particular, the amendments "do not impede discovery about the opinions to be offered by the expert or the development, foundation or basis of those opinions. For example, the expert's testing of material involved in litigation, and notes of any such testing, would not be exempted from discovery by this rule." Fed. R. Civ. P. 26 advisory committee's note on the 2010 amendments. In addition, the newly-added Rule 26(b)(4)(C) excludes from privilege two categories relevant to the instant matter: communications that "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed," and communications that "identify assumptions that the party's attorney provided and that the expert relied on informing the opinions to be expressed." Fed. R. Civ. P. 26(b)(4)(C)(ii and iii). Moreover, "the intention is that "facts or data" [as used in R. 26(a)(2)(B)] be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert." Fed. R. Civ. P. 26 advisory committee's note on 2010 amendments. As the court stated in *B.C.F.*, 171 F.R.D. at 62, it "is quite clear that Rule 26 does not include within the definition of 'work product' documents generated or consulted by experts in connection with litigation" (internal quotations omitted).

3.  **Under The Rule Against Selective Waiver, All Documents On The Same Subject Must Be Produced.**

    The doctrine of partial or selective waiver precludes a party from selectively waiving the privilege over certain documents while simultaneously withholding documents as privileged that concern the same subject matter. *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) ("A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes.") (internal citations omitted); *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 235 (2d Cir. 1993) ("selective assertion of privilege should not be merely another brush on an attorney's palette, utilized and manipulated to gain tactical or strategic advantage."). Rather, the voluntary disclosure of a privileged communication operates as an implied waiver "as to all such communications concerning the particular matter addressed in the disclosed communications. *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 484–85 (S.D.N.Y.1993); *see also Bilzerian*, 926 F.2d at 1292 ("the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications"); *Alpex Computer Corp. v. Nintendo Co., Ltd.,* 1994 WL 330381 *2 (S.D.N.Y.1994) ("Testimonial use of material otherwise protected by the attorney-client privilege or the work product privilege results in a subject matter

9959438.3

Hon. M. Glenn
July 24, 2013
Page 5

waiver of material related to the testimony and necessary and proper to the evaluation of it."). Here, because the Trustees and FGIC *voluntarily produced* a document over which they have claimed privilege, they are obligated to produce all other documents on the same subject.

4.  **Exceptional Circumstances Require The Production Of The Duff & Phelps Documents In This Case.**

Even if the Duff & Phelps documents were somehow privileged from discovery, the Court should order the production of the Duff & Phelps documents nonetheless. Under Rule 26(b)(4)(D), for example, facts known or opinions held by a consulting expert are discoverable on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means. Similarly, under Rule 26(b)(3)(A), materials otherwise protected from disclosure under the attorney work product doctrine are discoverable if the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means. Here, the documents are critical to the Objecting Parties' ability to understand the Duff & Phelps analysis, and launch an effective challenge to it. The documents thus go to the heart of the Objecting Parties' position that the FGIC Settlement Agreement was not in their best interests from an economic perspective. As there is no other means by which the Objecting Parties may access these facts and opinions, production of the documents reflecting them is appropriate. *See 800 Front Street Corp. v. Travelers Property Cas. Co. of America*, No. CV 06-500 (LDW)(ARL), 2006 WL 3370350, at *2 (E.D.N.Y. 2006) (finding exceptional circumstances where information "central to the reliability" of one party's expert's finding is only known by the other party).

For all of the foregoing reasons, we respectfully request that the Court issue an order requiring the Settling Parties to produce all documents concerning (i) any facts or data that Duff & Phelps considered in forming the opinions expressed in the D&P Consultancy Report and the D&P Expert Report, regardless of the source of those facts or data, (ii) any assumptions that Duff & Phelps relied upon in forming the opinions expressed in the D&P Consultancy Report and the D&P Expert Report, regardless of the source of those assumptions, (iii) all work papers that Duff & Phelps generated in forming the opinions expressed in the D&P Consultancy Report and the D&P Expert Report. In light of recent testimony making it clear Duff & Phelp's analysis was based on information supplied by Lazard, we also request an opportunity to take the deposition of a representative of Lazard, which the Objecting Parties had previously requested and were led to believe would be produced.

We thank the Court for its attention and look forward to discussing these matters further tomorrow morning at 9:00 a.m.

Respectfully submitted,

/s/ Mary Eaton

Mary Eaton

9959438.3

Hon. M. Glenn
July 24, 2013
Page 6

cc (by electronic mail, w/o encls):   Charles L. Kerr, Esq.
James L. Garrity, Esq.
Glenn E. Siegel, Esq.
Mark. D. Kotwick, Esq.
John C. Weitnauer, Esq.
Dale. C. Christensen, Jr., Esq.
Kenneth H. Eckstein, Esq.
Howard F. Sidman, Esq.

9959438.3