## EXHIBIT 38

**DECHERT LLP**
Glenn E. Siegel
Craig P. Druehl
James O. Moore
1095 Avenue of the Americas
New York, New York 10036-6797
Telephone: (212) 698-3500
Facsimile: (212) 698-3599

*Counsel to The Bank of New York Mellon and
The Bank of New York Mellon Trust Company,
N.A., as Trustee of Certain Mortgage-Backed
Securities Trusts*

**ALSTON & BIRD LLP**
John C. Weitnauer (*pro hac vice*)
Michael E. Johnson
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

*Counsel to Wells Fargo Bank, N.A., as Trustee
of Certain Mortgage Backed Securities Trusts*

**SEWARD & KISSEL LLP**
Mark D. Kotwick
Ronald L. Cohen
Arlene R. Alves
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel to U.S. Bank National Association, as
Trustee of Certain Mortgage-Backed Securities
Trusts*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | ) |
| | ) **Case No. 12-12020 (MG)** |
| **RESIDENTIAL CAPITAL, LLC, *et al.*,** | ) |
| | ) **Chapter 11** |
| **Debtors.** | ) |
| | ) **Jointly Administered** |

**DECLARATION OF ALLEN M. PFEIFFER**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

I, Allen M. Pfeiffer, hereby declare, pursuant to 28 U.S.C. § 1746, that the following is

true and correct to the best of my knowledge, information, and belief:

1.      I am a Managing Director in the New York, NY and the Morristown, NJ offices of Duff & Phelps, LLC ("**D&P**"). I am the Global Service Leader of Dispute Consulting - Complex Valuation and Bankruptcy Litigation.

2.       I have personal knowledge of the facts set forth herein, except as to certain matters, specifically set out below, that I believe to be true based on information provided by my colleagues at D&P.

3.      This declaration is submitted in response to the directions and orders of this Court announced at the hearing held on July 25, 2013.

*Documents or Information Provided to D&P.*

4.      At my deposition taken on July 24, 2013, I was shown and testified about a one page document that was marked as Pfeiffer Exhibit 3.  Deposition of Allen M. Pfeiffer, held on July 24, 2013 ("**Pfeiffer Deposition**") at p. 107, ll. 9-25 to p. 108, l. 7.

5.      Pfeiffer Exhibit 3 is the only document provided to D&P by or on behalf of either FGIC or Lazard in connection with, or that relates to, (i) the settlement proposal made by FGIC or (ii) the Settlement Agreement dated May 23, 2013 that ultimately resulted from that settlement proposal.

6.      Pfeiffer Exhibit 3 was not listed as one of the documents that I considered in connection with my Expert Report of Allen M. Pfeiffer dated July 19, 2013, which was marked at my deposition as Pfeiffer Exhibit 1 ("**Pfeiffer Report**").  Pfeiffer Deposition at 9:5-14.  As noted in the Pfeiffer Report, I reserved the right to update Attachment II, and I will do so.

7.      However, I think it appropriate to explain why Pfeiffer Exhibit 3 was not originally listed on Attachment II.  Pfeiffer Exhibit 3 was *FGIC's explanation* for the basis of the offer of $253

million in lieu of the Projected Payments[1] under FGIC's Rehabilitation Plan.  While FGIC's explanation was reported to the FGIC Trustees in D&P's presentation to them, see p. 5 of Attachment III of the Pfeiffer Report, *FGIC's explanation* for its offer was not necessary when D&P made its independent analysis of the proposed settlement.  Pfeiffer Deposition at 225:5 – 226:25.

*Existence of Notes, etc.*

8.      I have (again) conferred with all appropriate personnel at D&P about the possible existence of any notes taken at or in connection with (i) the meeting between D&P, on the one hand, and FGIC and Lazard, on the other hand or (ii) the several follow up telephone calls between D&P and FGIC and/or Lazard, or other documents evidencing such conversations.  I have been informed that no such notes were taken, and that there are no such documents, as I testified at my deposition to the extent I was so questioned.  Pfeiffer Deposition at 33:22 – 34:7; 38:12- 23.

*Instructions Regarding Certain Answers.*

9.      At my deposition, I was given instructions by counsel for FGIC regarding my answers to certain questions.[2]  I now understand that, by using  the word "rely" as compared to the word "considered", the instruction was not in accordance with the applicable standard.

---

[1] Capitalized terms not defined herein have the meanings given in the Pfeiffer Report.

[2] Pfeiffer Deposition at 81:16 -19:

> MR. SIDMAN:  Same instruction.
> MR. BAIO:  Not to answer?
> MR. SIDMAN:  No, to answer only to the extent he used that information in connection with the report or relied on that information in connection with the report.

See also Pfeiffer Deposition at 83:16, 84:14; 85:20; 91:7; 93:24.

Pfeiffer Deposition at 96:13:

> MR. SIDMAN:  Same instruction with respect to these questions and this bullet.  Do you understand my instruction?
> THE WITNESS:  If you would like to repeat it, you can.

10.     I have reviewed all of the questions subject to these instructions, and all of my corresponding answers, and none of my answers would have been different had the instruction contained the word "considered" rather than the word "rely."

Dated this 30th day of July, 2013

Allen M. Pfeiffer

---

MR. SIDMAN:  That's fine.  I only ask that you provide information that you relied on in connection with preparing your analysis that is reflected in the Exhibit 1, the expert report of Allen Pfeiffer.

See also Pfeiffer Deposition at 98:10; 108:19; 109:17; 110:7.