**EXHIBIT 44**

# Biller, Arthur

| | |
|---|---|
| **From:** | Johnson, Michael [Michael.Johnson@alston.com] |
| **Sent:** | Tuesday, August 06, 2013 7:02 PM |
| **To:** | Eaton, Mary |
| **Cc:** | Weitnauer, Kit; Hao, William; Simmons, Bethany; Bart Green; James, Emma; Baio, Joseph; mcarney@McKoolSmith.com; bumari@McKoolSmith.com; 'glenn.siegel@dechert.com'; 'kotwick@sewkis.com'; 'munno@sewkis.com'; 'christensen@sewkis.com'; 'glee@mofo.com'; pgoodman@McKoolSmith.com; 'ckerr@mofo.com'; 'alawrence@mofo.com'; 'keckstein@kramerlevin.com'; 'pkaufman@kramerlevin.com'; 'deggermann@kramerlevin.com'; 'alevine@kramerlevin.com'; 'jgarrity@morganlewis.com'; 'rmauceri@morganlewis.com'; 'JGoodchild@morganlewis.com'; 'jrosenthal@morganlewis.com'; 'john.kibler@newyork.allenovery.com'; 'michael.martinez@mayerbrown.com'; Richard L Wynne; Howard F Sidman; Steven C. Bennett |
| **Subject:** | RE: In re Residential Capital, LLC, et al. (Case No. 12-12020 (MG)) - Email 1 of 2 |

Mary: despite your failure to meet and confer on the work papers issue, the FGIC Trustees have determined to produce additional materials from Duff & Phelps. In our view, these additional documents go far beyond any possible interpretation of FRCP 26. All such materials are designated as "Professionals Eyes Only" under the Confidentiality Order.

As you know, in order for D&P to evaluate whether the proposed commutation payment was within the range of reasonableness, D&P had to know (i) the realized losses of the 47 FGIC insured trusts as well as (ii) the projected losses (and the timing of those losses) for those trusts (the "**Loss Information**"). The Loss Information was a narrow subset of information extracted from extremely extensive set of loss information for 1,075 trusts that D&P had analyzed for a completely different purpose – the evaluation of the proposed RMBS Settlement [ECF 320] and the R+W claims of the "non-settling trusts," a project that began long before there was any FGIC settlement proposal. The Loss Information was already included in the spreadsheets provided to you earlier.

The Loss Information was used to analyze the range of present values of the estimated Projected Payments under FGIC's Rehabilitation Plan that would be made to those trusts for those actual and projected losses. Neither at the time of D&P's analysis in May 2013, nor in connection with Allen Pfeiffer's expert report dated July 19, 2013 or his direct testimony declaration dated July 31, 2013, did D&P "look behind," "revise" or otherwise create any work papers that altered the Loss Information for purposes of analyzing the commutation payment. Accordingly, we cannot understand how anything other than the Loss Information itself – contained in the spreadsheets already provided – can be considered work papers "created or relied upon in formulating any version of" Mr. Pfeiffer's report (your email to me dated July 22, 2013).

In short, we don't believe that we are obligated to make any further production. Notwithstanding the foregoing, in an effort to avoid further dispute over the work papers issue, we will be producing the following additional information tomorrow:
(i)     a spreadsheet that is the only external file that is "linked" to the spreadsheets that were produced to you earlier (responsive to your "broken links" comment below); and
(ii)    a hard drive that contains several gigabytes of raw databases, secondary databases with D&P's calculations, combinations and categorizations, and Excel files that serve as the next level of information "underneath" the Loss Information, including Intex program files for the 47 Trusts.

On a separate issue, you have requested information that supports Mr. Pfeifer's testimony about $92 million in potential recovery for these 47 trusts under the proposed Plan, and we will also be producing tomorrow a spreadsheet that sets out those calculations.

1

Michael E. Johnson
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
(212) 210-9584
michael.johnson@alston.com

---

**From:** Johnson, Michael
**Sent:** Friday, August 02, 2013 10:33 AM
**To:** Eaton, Mary
**Cc:** Weitnauer, Kit; Hao, William; Simmons, Bethany; Bart Green; James, Emma; Baio, Joseph; mcarney@McKoolSmith.com; bumari@McKoolSmith.com; 'glenn.siegel@dechert.com'; 'kotwick@sewkis.com'; 'munno@sewkis.com'; 'christensen@sewkis.com'; 'glee@mofo.com'; pgoodman@McKoolSmith.com; 'ckerr@mofo.com'; 'alawrence@mofo.com'; 'keckstein@kramerlevin.com'; 'pkaufman@kramerlevin.com'; 'deggermann@kramerlevin.com'; 'alevine@kramerlevin.com'; 'jgarrity@morganlewis.com'; 'rmauceri@morganlewis.com'; 'JGoodchild@morganlewis.com'; 'jrosenthal@morganlewis.com'; 'john.kibler@newyork.allenovery.com'; 'michael.martinez@mayerbrown.com'; Richard L Wynne; Howard F Sidman; Steven C. Bennett
**Subject:** RE: In re Residential Capital, LLC, et al. (Case No. 12-12020 (MG)) - Email 1 of 2

Mary:  as you know, Duff's primary work papers have been produced.  At the July 25 conference, Judge Glenn fully understood the scope of the work papers production, and he did not order that "everything" had to be produced.  Instead, he instructed you to meet-and-confer, which you have failed to do thus far.  We're not refusing to produce anything, but as it is right now we don't know what it is you're looking for, other than information about the "broken links" you describe below.  We still expect you to abide by the court's directive and participate in good faith in a meet-and-confer, describing what it is that you or your experts feel they need and considering reasonable compromises in an effort to resolve the apparent dispute.  Please let us know your availability to meet-and-confer by telephone on Monday afternoon or Tuesday.  We'll consider your "broken links" assertion with Duff prior to the call, and I reiterate our request that you specify in advance what documents you're looking for.

Michael E. Johnson
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
(212) 210-9584
michael.johnson@alston.com

---

**From:** Eaton, Mary [mailto:meaton@willkie.com]
**Sent:** Thursday, August 01, 2013 7:04 PM
**To:** Johnson, Michael
**Cc:** Weitnauer, Kit; Hao, William; Simmons, Bethany; Bart Green; James, Emma; Baio, Joseph; mcarney@McKoolSmith.com; bumari@McKoolSmith.com; 'glenn.siegel@dechert.com'; 'kotwick@sewkis.com'; 'munno@sewkis.com'; 'christensen@sewkis.com'; 'glee@mofo.com'; pgoodman@McKoolSmith.com; 'ckerr@mofo.com'; 'alawrence@mofo.com'; 'keckstein@kramerlevin.com'; 'pkaufman@kramerlevin.com'; 'deggermann@kramerlevin.com'; 'alevine@kramerlevin.com'; 'jgarrity@morganlewis.com'; 'rmauceri@morganlewis.com'; 'JGoodchild@morganlewis.com'; 'jrosenthal@morganlewis.com'; 'john.kibler@newyork.allenovery.com'; 'michael.martinez@mayerbrown.com'; Richard L Wynne; Howard F Sidman; Steven C. Bennett
**Subject:** RE: In re Residential Capital, LLC, et al. (Case No. 12-12020 (MG)) - Email 1 of 2

Michael:

Respectfully, it is not for you to judge what would be useful for our cross-examination nor to require us to specify what must be produced.  The rules provide what they provide and Judge Glenn has made abundantly clear that he expects the parties to abide by them – including by producing the work papers -- or the witness(es) will not be permitted to testify.  In any event, even if we agreed to provide you with a list of what we think is missing, we cannot know what you have

hidden precisely because you have hidden it.  All we can tell you is what we know -- not what we don't know -- and what know is that you have failed to produce certain work papers because (a) there are broken links in the work papers you have produced so far, (b) you yourself told the Court you only produced what you regard to be the "primary" work papers and (c) it is inconceivable that there are not other work papers in existence given the opinions Mr. Pfeiffer expressed.

As for the meet-and-confer, here is our position (which you know full well because we have been telling you this for some time now):  produce everything as required, and as Judge Glenn made clear.  If you believe you have a basis for not producing anything, you need to tell us what you are withholding and why you feel you are entitled to withhold it.  We request an answer no later than tomorrow morning.

Thanks and have a pleasant evening,
Mary

---

**From:** Johnson, Michael [mailto:Michael.Johnson@alston.com]
**Sent:** Thursday, August 01, 2013 6:29 PM
**To:** Eaton, Mary
**Cc:** Weitnauer, Kit; Hao, William; Simmons, Bethany; Bart Green; James, Emma; Baio, Joseph; mcarney@McKoolSmith.com; bumari@McKoolSmith.com; 'glenn.siegel@dechert.com'; 'kotwick@sewkis.com'; 'munno@sewkis.com'; 'christensen@sewkis.com'; 'glee@mofo.com'; pgoodman@McKoolSmith.com; 'ckerr@mofo.com'; 'alawrence@mofo.com'; 'keckstein@kramerlevin.com'; 'pkaufman@kramerlevin.com'; 'deggermann@kramerlevin.com'; 'alevine@kramerlevin.com'; 'jgarrity@morganlewis.com'; 'rmauceri@morganlewis.com'; 'JGoodchild@morganlewis.com'; 'jrosenthal@morganlewis.com'; 'john.kibler@newyork.allenovery.com'; 'michael.martinez@mayerbrown.com'; Richard L Wynne; Howard F Sidman; Steven C. Bennett
**Subject:** RE: In re Residential Capital, LLC, et al. (Case No. 12-12020 (MG)) - Email 1 of 2

Mary:  nothing is "overdue."  At page 32 of the transcript, Judge Glenn directed you to meet-and-confer on the work papers issue ("You need to confer with him further"), which you failed to do prior to the deadline for submission of direct testimony declarations.  Notwithstanding the extremely limited (if any) utility that production of even more work papers could have at this time, we're prepared to meet-and-confer promptly after you specify in writing precisely what it is that your clients are looking for.  That information is needed so that we can consider the request in advance with Duff & Phelps, facilitating a productive meet-and-confer call.  Thanks.

Michael E. Johnson
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
(212) 210-9584
michael.johnson@alston.com

---

**From:** Eaton, Mary [mailto:meaton@willkie.com]
**Sent:** Thursday, August 01, 2013 6:00 PM
**To:** Johnson, Michael; Bart Green; James, Emma; Baio, Joseph; mcarney@McKoolSmith.com; pgoodman@McKoolSmith.com; bumari@McKoolSmith.com; 'glenn.siegel@dechert.com'; 'kotwick@sewkis.com'; 'munno@sewkis.com'; 'christensen@sewkis.com'; 'glee@mofo.com'; 'ckerr@mofo.com'; 'alawrence@mofo.com'; 'keckstein@kramerlevin.com'; 'pkaufman@kramerlevin.com'; 'deggermann@kramerlevin.com'; 'alevine@kramerlevin.com'; 'jgarrity@morganlewis.com'; 'rmauceri@morganlewis.com'; 'JGoodchild@morganlewis.com'; 'jrosenthal@morganlewis.com'; 'john.kibler@newyork.allenovery.com'; 'michael.martinez@mayerbrown.com'; Richard L Wynne; Howard F Sidman; Steven C. Bennett
**Cc:** Weitnauer, Kit; Hao, William; Simmons, Bethany
**Subject:** RE: In re Residential Capital, LLC, et al. (Case No. 12-12020 (MG)) - Email 1 of 2

Dear Michael:

3

At the hearing on July 25, you represented to the Court that you "have provided what we consider to be the primary work papers." (Hr'g Tr. at 17.) It is our position that you are not entitled to pick and choose which work papers to produce. Rather, all work papers must be produced, "primary" or otherwise, and irrespective of whether the expert considered them in forming the opinions expressed. (See Hr'g Tr. at 16-17, 36-37.) Based on our review of the documents produced, and the comments you made to the Court, it is evident that those work papers have not been produced. Kindly produce them now. They are long overdue.

Thanks in advance.

Sincerely,
Mary

---

**From:** Johnson, Michael [mailto:Michael.Johnson@alston.com]
**Sent:** Wednesday, July 24, 2013 5:11 PM
**To:** Bart Green; Eaton, Mary; James, Emma; Baio, Joseph; mcarney@McKoolSmith.com; pgoodman@McKoolSmith.com; bumari@McKoolSmith.com; 'glenn.siegel@dechert.com'; 'kotwick@sewkis.com'; 'munno@sewkis.com'; 'christensen@sewkis.com'; 'glee@mofo.com'; 'ckerr@mofo.com'; 'alawrence@mofo.com'; 'keckstein@kramerlevin.com'; 'pkaufman@kramerlevin.com'; 'deggermann@kramerlevin.com'; 'alevine@kramerlevin.com'; 'jgarrity@morganlewis.com'; 'rmauceri@morganlewis.com'; 'JGoodchild@morganlewis.com'; 'jrosenthal@morganlewis.com'; 'john.kibler@newyork.allenovery.com'; 'michael.martinez@mayerbrown.com'; Richard L Wynne; Howard F Sidman; Steven C. Bennett
**Cc:** Weitnauer, Kit; Hao, William; Simmons, Bethany
**Subject:** RE: In re Residential Capital, LLC, et al. (Case No. 12-12020 (MG)) - Email 1 of 2

Counsel: please see the attached letter, which was just sent to chambers.

Michael E. Johnson
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
(212) 210-9584
michael.johnson@alston.com

**From:** Bart Green [mailto:bartgreen@JonesDay.com]
**Sent:** Tuesday, July 23, 2013 10:33 PM
**To:** meaton@willkie.com; EJames@willkie.com; jbaio@willkie.com; mcarney@McKoolSmith.com; pgoodman@McKoolSmith.com; bumari@McKoolSmith.com; 'glenn.siegel@dechert.com'; 'kotwick@sewkis.com'; 'munno@sewkis.com'; 'christensen@sewkis.com'; Weitnauer, Kit; Johnson, Michael; Hao, William; 'glee@mofo.com'; 'ckerr@mofo.com'; 'alawrence@mofo.com'; 'keckstein@kramerlevin.com'; 'pkaufman@kramerlevin.com'; 'deggermann@kramerlevin.com'; 'alevine@kramerlevin.com'; 'jgarrity@morganlewis.com'; 'rmauceri@morganlewis.com'; 'JGoodchild@morganlewis.com'; 'jrosenthal@morganlewis.com'; 'john.kibler@newyork.allenovery.com'; 'michael.martinez@mayerbrown.com'
**Cc:** Richard L Wynne; Howard F Sidman; Steven C. Bennett
**Subject:** Fw: In re Residential Capital, LLC, et al. (Case No. 12-12020 (MG)) - Email 1 of 2

Please see the email below from Chambers requesting letter briefs from all relevant parties by tomorrow at 5pm, not to exceed 5 pages, unless the parties can agree.

Bart Green
Associate
Jones Day
222 E. 41st St.
New York, NY 10017
Phone: 212-326-3968
Fax: 212-755-7306

4

Email: bartgreen@jonesday.com

----- Forwarded by Bart Green/JonesDay on 07/23/2013 10:29 PM -----

| | |
|---|---|
| From: | Jeannie_Chung@nysb.uscourts.gov |
| To: | "Bart Green" <bartgreen@JonesDay.com> |
| Cc: | "Richard L Wynne" <rlwynne@JonesDay.com>, "Howard F Sidman" <hfsidman@JonesDay.com> |
| Date: | 07/23/2013 10:19 PM |
| Subject: | Re: In re Residential Capital, LLC, et al. (Case No. 12-12020 (MG)) (Proposed Order) |

All,

The Court would like letter briefs from all relevant parties by tomorrow at 5pm, not to exceed 5 pages, unless the parties can agree.

The Court would also like to schedule a hearing on this matter for 9am Thursday (if this hasn't been resolved).

Please let all relevant parties know of these deadlines and keep chambers informed of any developments.

Thank you,
Jeannie


Sent from my iPhone

On Jul 23, 2013, at 4:57 PM, "Bart Green" <bartgreen@JonesDay.com> wrote:

Attached please find a letter to Judge Glenn from Howard Sidman on behalf of Financial Guaranty Insurance Company enclosing a proposed order relating to a deposition scheduled to be taken tomorrow at 8 a.m.  We understand that Naomi Moss of Morrison Foerster spoke to Chambers today about passing on the letter and proposed order to Judge Glenn.  A Word version of the proposed order is also attached.

Respectfully,

Bart Green
Associate
Jones Day
222 E. 41st St.
New York, NY  10017
Phone: 212-326-3968
Fax: 212-755-7306
Email: bartgreen@jonesday.com


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

<July 23, 2013 Letter.pdf>

<Proposed Order.DOCX>

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


NOTICE: This e-mail message and all attachments may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient, you are hereby notified that you may not read, copy, distribute or otherwise use this message or its attachments. If you have received this message in error, please notify the sender by email and delete all copies of the message immediately.

*********************************************************************

IMPORTANT NOTICE:  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.
*********************************************************************

*********************************************************************

IMPORTANT NOTICE:  This email message is intended to be received only by persons entitled to receive the confidential information it may contain.  Email messages to clients of Willkie Farr & Gallagher LLP presumptively contain information that is confidential and legally privileged; email messages to non-clients are normally confidential and may also be legally privileged.  Please do not read, copy, forward or store this message unless you are an intended recipient of it.  If you have received this message in error, please forward it back.  Willkie Farr & Gallagher LLP is a limited liability partnership organized in the United States under the laws of the State of Delaware, which laws limit the personal liability of partners.
*********************************************************************