Hearing Date and Time: September 24, 2013 at 10:00 a.m. (ET)
Objection Deadline:  September 5, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------
                                        )
In re:                                  )    Case No. 12-12020 (MG)
                                        )
RESIDENTIAL CAPITAL, LLC, et al.,       )    Chapter 11
                                        )
                          Debtors.      )    Jointly Administered
                                        )
----------------------------------------------------------------

### NOTICE OF DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 5677 FILED BY GALINA VALEEVA AND EVELINA OKOUNEVA

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Objection to Proof of Claim No. 5677 filed by Galina Valeeva and Evelina Okouneva*

(the "Objection").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take

place on **September 24, 2013 at 10:00 a.m. (Eastern Time)** before the Honorable

Martin Glenn, at the United States Bankruptcy Court for the Southern District of New

York, Alexander Hamilton Custom House, One Bowling Green, New York, New York

10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 5, 2013 at 4:00 p.m. (Eastern Time)**, upon (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d) Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention: Jennifer C. DeMarco and Adam Lesman);

(i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand

Avenue, Los Angeles, CA 90071 (Attention:  Thomas Walper and Seth Goldman);

(j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by

overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-

5016); and (k) Securities and Exchange Commission, New York Regional Office, 3

World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S.

Canellos, Regional Director).

> **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Objection, the Bankruptcy Court may deem

any opposition waived, treat the Objection as conceded, and enter an order granting the

relief requested in the Objection without further notice or hearing.

Dated: August 15, 2013         Respectfully submitted,
New York, New York

                  /s/ Norman S. Rosenbaum
                Gary S. Lee
                Norman S. Rosenbaum
                Jordan A. Wishnew
                MORRISON & FOERSTER LLP
                1290 Avenue of the Americas
                New York, New York 10104
                Telephone: (212) 468-8000
                Facsimile: (212) 468-7900

                *Counsel to the Debtors and*
                *Debtors in Possession*

**Hearing Date: September 24, 2013 at 10:00 a.m. (ET)**
**Objection Deadline: September 5, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------  )
In re:                                                    )    Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                    )    Chapter 11
                                                          )
                        Debtors.                          )    Jointly Administered
                                                          )
-----------------------------------------------------------------------  )

**DEBTORS' OBJECTION TO PROOF OF CLAIM NO. 5677 FILED**
**BY GALINA VALEEVA AND EVELINA OKOUNEVA**

## <u>TABLE OF CONTENTS</u>

**Page**

JURISDICTION, VENUE AND STATUTORY PREDICATE ................................................... 1

PRELIMINARY STATEMENT ...................................................................................... 2

BACKGROUND .......................................................................................................... 3

    A.    Valeeva's Relationship to the Debtors .................................................. 5

    B.    The Debtors' Foreclosure Action .......................................................... 5

    C.    The Proof of Claim ................................................................................ 9

RELIEF REQUESTED .............................................................................................. 10

OBJECTION ............................................................................................................ 10

    A.    The Claim Lacks Sufficient Documentation ......................................... 11

    B.    The Debtors Have No Liability Arising From the Loan ........................ 12

    C.    The Claim Fails to State a Basis For Liability ...................................... 13

NOTICE .................................................................................................................. 13

CONCLUSION ......................................................................................................... 14

ny-1099369

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.),
178 B.R. 222 (B.A.P. 9th Cir. 1995), aff'd sub nom., Ashford v. Naimco, Inc. (In re
Consol. Pioneer Mortg. Entities), 91 F.3d 151 (9th Cir. 1996) ................................................11

Feinberg v. Bank of N.Y. (In re Feinberg),
442 B.R. 215 (Bankr. S.D.N.Y. 2010) ...................................................................................10

In re Adelphia Commc'ns Corp.,
Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ........10

In re Allegheny Int'l, Inc.,
954 F.2d 167 (3d Cir. 1992) ...................................................................................................10

In re Minbatiwalla,
424 B.R. 104 (Bankr. S.D.N.Y. 2010) (Glenn, J.) ..................................................................11

In re Oneida Ltd.,
400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co., L.P. v.
Oneida Ltd., Case No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,
2010) .......................................................................................................................................10

In re Rockefeller Ctr. Props.,
272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
Props. (In re Rockefeller Ctr. Props.), 226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
App'x. 40 (2d Cir. 2002) .........................................................................................................10

STATUTES

11 U.S.C.
§ 502(a) ..................................................................................................................................10
§ 502(b) ..............................................................................................................................1,2, 11
§ 1107(a) ..................................................................................................................................3
§ 1108 .......................................................................................................................................3

28 U.S.C.
§ 157(b) ....................................................................................................................................1
§ 1334 .......................................................................................................................................1
§ 1408 .......................................................................................................................................1
§ 1409 .......................................................................................................................................1

## OTHER AUTHORITIES

Fed. R. Bankr. P. 1015(b) .................................................................................................3

Fed. R. Bankr. P. 3001(c) ...............................................................................................11

Fed. R. Bankr. P. 3001(c)(1)...........................................................................................11

Fed. R. Bankr. P. 3007(a) .................................................................................................2

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

Residential Capital, LLC and its affiliated debtors in the above-captioned chapter 11

cases (the "Chapter 11 Cases"),[1] as debtors and debtors in possession (collectively, the

"Debtors")[2] hereby file this objection (the "Objection"), seeking to disallow and expunge Proof

of Claim No. 5677 (the "Claim," a copy of which is attached hereto as Exhibit 1) filed by Galina

Valeeva and Evelina Okouneva pursuant to section 502(b) of title 11 of the United States Code

(the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") on the grounds that the Claim: (a) lacks sufficient documentation in support

of the alleged claim against the Debtors, (b) is not a liability of the Debtors, and (c) fails to state

a basis for liability against the Debtors.[3]  The Debtors seek entry of an order, substantially in the

form attached hereto as Exhibit 2 (the "Proposed Order"), granting the requested relief.  In

support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of

Lauren Graham Delehey (the "Delehey Decl."), attached hereto as Exhibit 3.  In further support

of the Objection, the Debtors respectfully represent as follows:

### JURISDICTION, VENUE AND STATUTORY PREDICATE

1.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.

This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court

under 28 U.S.C. §§ 1408 and 1409.

---

[1]    Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 Cases or the
       relief requested in this Objection may refer to http://www.kccllc.net/rescap for additional information.

[2]    The names of the Debtors in these cases and their respective tax identification numbers are identified on
       Exhibit 1 to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
       of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6].

[3]    The Debtors reserve all of their rights to object on any other basis to the Claim not set forth in this Objection,
       and the Debtors reserve all of their rights to amend this Objection should any further bases come to light.
       Further, to the extent necessary, the Debtors reserve the right to seek discovery from Ms. Valeeva.

1

2.       The statutory predicate for the relief requested herein is Bankruptcy Code

section 502(b) and Bankruptcy Rule 3007(a).

**PRELIMINARY STATEMENT**[4]

3.       By way of background, the Debtors commenced a foreclosure action

against Ms. Valeeva in August 2009.  Rather than opposing the foreclosure by traditional means,

Ms. Valeeva responded to the foreclosure complaint by filing immaterial and often

incomprehensible documents to support the allegation that the Debtors purportedly released their

lien on the real property at issue.[5]  Likewise, prior to the Petition Date, Ms. Valeeva never

pursued affirmative claims against GMACM in the foreclosure action or any monetary damages

from GMACM in its capacity as servicer of the Loan but now purports to seek nearly $7 million

in damages.  Now, Ms. Valeeva takes the same approach with respect to the Debtors' Chapter 11

Cases by filing copies of the same documents (along with a few new ones) while failing to state

any basis for a nearly $7 million claim against the Debtors.

4.       The Claim should be expunged and disallowed in its entirety because it

lacks any factual or legal support.  The Claim—asserting more than $3 million in unsecured and

secured claims based upon a "Mortgage Note" and a purported $3.7 million section 503(b)(9)

reclamation claim—is wholly lacking in sufficient documentation.  By failing to attach: (a) the

mortgage note evidencing the debt, and (b) invoices or other documentation indicating that Ms.

Valeeva provided goods to the Debtors within 20 days of the Petition Date, Ms. Valeeva has

failed to meet her burden of establishing the validity of the Claim.  Moreover, after a diligent

search of their books and records, the Debtors have determined that they have no liability to Ms.

---

[4]   Capitalized terms in this Preliminary Statement shall have the meanings ascribed to such terms elsewhere in this Objection.

[5]   The Debtors adamantly dispute that they ever released their lien on the property.

Valeeva.  Simply put, the pleadings filed by Ms. Valeeva are devoid of any factual or legal

support and are insufficient to maintain a claim against the Debtors.

## BACKGROUND

5.      On May 14, 2012, each of the Debtors filed a voluntary petition in this

Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and

operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule

1015(b).

6.      On May 16, 2012, the United States Trustee for the Southern District of

New York appointed a nine member official committee of unsecured creditors [Docket No. 102].

7.      On June 20, 2012, the Court directed that an examiner be appointed, and

on July 3, 2012, the Court approved Arthur J. Gonzalez as the examiner (the "Examiner")

[Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal and, on June

26, 2013, the Court entered an order unsealing the report [Docket Nos. 3698, 4099].

8.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise

administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain official claims

registers for each of the Debtors.

3

9.       On August 29, 2012, this Court entered an order approving the Debtors'

motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.

1309] (the "Bar Date Order").[6]

10.      On March 21, 2013, the Court entered an order approving procedures for

the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the

"Procedures Order"), which approved certain procedures to be applied in connection with

objections to claims filed by current or former borrowers (collectively, the "Borrower Claims,"

and the procedures relating thereto, the "Borrower Claim Procedures").  Based on substantial

input from the Creditors' Committee and Special Counsel to the Creditors' Committee for

Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for

borrowers and sets forth a process for the Debtors to follow before objecting to certain categories

of Borrower Claims.  For example, the Borrower Claim Procedures require that prior to objecting

to certain categories of Borrower Claims, the Debtors must furnish the individual borrower with

a letter, with notice to Special Counsel, requesting additional documentation in support of the

purported claim (the "Request Letter").  See Procedures Order at 4.

11.      A Request Letter was sent to Ms. Valeeva on June 11, 2013 requesting a

response by July 11, 2013 and advising Ms. Valeeva that her failure to respond could result in

the filing of an objection to the Claim.  A copy of the Request Letter is attached hereto as Exhibit

4.  To date, Ms. Valeeva has not responded to the Request Letter.  See Delehey Decl. ¶ 18.

---

[6]     The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern
Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar
Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m.
(Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar
Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar
Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar
Date was **not** extended. To date, approximately 6,860 proofs of claim have been filed in these Chapter 11 Cases
as reflected on the Debtors' claims registers.

4

A.    **Valeeva's Relationship to the Debtors**

12.    On July 25, 2005, Ms. Valeeva and her mother, Evelina Okouneva,

obtained a residential mortgage loan from Builders Affiliated Mortgage Services with a principal

balance of $217,450.00 (the "Loan"), secured by real property located at 24837 Portofino Drive,

Lutz, FL 33559 (the "Property").  See Delehey Decl. ¶ 4.

13.    The associated mortgage includes a second home rider, establishing that

the Property was not the borrowers' primary residence.  Ms. Valeeva signed all the documents

on behalf of herself as well as on behalf of her mother (via a power of attorney).  The Loan itself

was acquired by Fannie Mae in 2005, and GMAC Mortgage, LLC ("GMACM") began to service

the Loan in 2006.  See Delehey Decl. ¶ 5.

14.    In 2008, Ms. Valeeva began inquiring about a modification of the Loan

and indicated in some phone calls that she had lost the renter in the Property.  The last payment

Ms. Valeeva submitted to GMACM on the Loan was in May 2009.  See Delehey Decl. ¶ 6.

B.    **The Debtors' Foreclosure Action**[7]

15.    The Loan was referred to foreclosure in August 2009, and GMACM

commenced the foreclosure case styled GMAC Mortgage, LLC v. Galina Valeeva, Evelina

Okouneva, et al., Case No. 09-CA-83121 (the "Foreclosure Action") in The Circuit Court of the

Sixth Judicial Circuit In and For Pasco County, Florida (the "State Court").

---

[7]    Even if the Court grants the relief requested herein and disallows and expunges the Claim from the Debtors' claims register, Ms. Valeeva will not be barred from continuing to defend the Foreclosure Action, but may not seek any monetary relief against the Debtors.  See *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures For Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order"), at ¶ 14.

ny-1099369

16.     On September 18, 2009, Ms. Valeeva filed a Pro Se[8] Response to

Complaint "denying all claims in lawsuit" and "requesting a hearing to state my case in person."

In 2010, Ms. Valeeva began sending frivolous debt elimination scheme documents to GMACM

directly, or through filings with the State Court, or both.  See Delehey Decl. ¶ 8.

17.     The first such document sent to GMACM was a September 2010 "Reply

to your Demand or Notice – 1st notice," which referred to an acceptance of GMACM's "offer"

(of unknown origin) and demanded $724,899 or a power of attorney in order to "sell off

[GMACM's] property without [GMACM's] protest and without further notice to [GMACM]."

This document was later filed with the State Court.  Ms. Valeeva continued to send a series of

documents in which she referred to herself and Ms. Okouneva as "an artificial entity, limited

liability legal fiction trademark" and to send demands along the lines of "should you fail to

immediately pay me $724,899.00 you agree to grant me Power of Attorney to handle this

business on behalf of the beneficiary including all LENDER and AGENT'S . . . ."  See Delehey

Decl. ¶ 9.  A copy of this document is attached as Exhibit A to the Delehey Decl.

18.     On November 4, 2010, Ms. Valeeva filed a Motion to Dismiss for failure

to state a claim in the Foreclosure Action.  That motion was denied in December 2010.  See

Delehey Decl. ¶ 10.

19.     In 2011, Ms. Valeeva recorded a purported power of attorney from

"Valeena, debtor and grantor" to "Valeeva, Secured Party Creditor and Grantee," which was a

purported "Possessory Lien" against GMACM.  She later filed an "International Bill of

Exchange" from herself to United States Secretary of the Treasury, Tim Geithner, which was

attached to the Claim.  See Delehey Decl. ¶ 11.

---

[8]    Ms. Valeeva retained counsel on February 8, 2011.

20.     Ms. Valeeva continued to send a steady stream of documents to GMACM

in 2011.  For example, on September 16, 2011, Valeeva mailed to GMACM a 29-page document

comprising a certificate of service, a three-page "Good Faith Statement of Account," and a 25-

page "Notice of Conditional Acceptance," (the "NCA") the latter of which was subtitled a

"Tender of Payment."  A copy of the NCA is attached to the Delehey Decl. as Exhibit B.  The

Good Faith Statement claimed that the balance on the borrowers' account was $0.00, and

purported to offer GMACM 14 days to rebut that assertion. The NCA stated that borrowers were

willing to pay $219,941.30 to discharge the note.  The rest of the NCA, however, set forth what

the borrowers termed "conditions precedent" to their offer.  Those conditions included

GMACM's provision to them of the original "unaltered" note and GMACM's response to some

70 questions which were functionally interrogatories, requests for production, and requests for

admissions.  Those questions were followed by another 19 "negative averments," and then by an

amalgam of quasi-legal terms which incorrectly suggest that the borrowers had the power to

unilaterally cancel their mortgage debt.  The NCA listed out 29 separate statutes or alleged

causes of action which, if GMACM did not rebut, borrowers claimed, GMACM would have

admitted.  The document then set out nearly 50 more statements or propositions that GMACM

supposedly would agree to by default, barring a Herculean response to them all.  See Delehey

Decl. ¶ 12.

21.     According to the NCA, if GMACM did not rebut the borrowers'

allegations, it was also purportedly agreeing to damages of $300,000.00 for 10 separate

violations, and the borrowers required payment of such damages in a monetary unit they defined

as a "One Ounce Silver coin of 99.999% pure silver, or the equivalent par value."  Finally, a

separate and somewhat inconsistent set of demands purported to unilaterally require GMACM to

7

return the note, pay the borrowers another $775,500 (which demand was footnoted to again

define what was acceptable "money"), and, as usual, claimed that if GMACM did not pay and

admit or agree to the borrowers' more than one hundred demands, it would forever lose its claim

against the borrowers.  See Delehey Decl. ¶ 13.

       22.     On March 20, 2012, Valeeva subsequently filed a "Notice of Default,"

"Notice of Fault with Opportunity to Cure," and a "Certificate and Notice of Non-Response."

Those documents contend that GMACM did not respond to the September "Good Faith

Statement," and implicitly, the NCA.  The "Notice of Default," dated March 16, 2012 and

attached to the Claim, asserted that, because GMACM responded to none of the preceding

nonsensical documents, "Pursuant to UCC 3-603(b), the alleged debt is now DISCHARGED and

[GMAC is] ordered to immediately and forthwith provide Galina Valeeva and Evelina Okouneva

with a duly executed SATISFACTION OF MORTGAGE AND RELEASE OF LIEN for their

property."  See Delehey Decl. ¶ 14.

       23.     In June 2012, GMACM filed a Motion to Strike Valeeva's "militia

pleadings"[9] in the Foreclosure Action and the State Court has never given any credence to her

filings.  The State Court has not yet ruled on the motion.  See Delehey Decl. ¶ 15.

       24.     Ms. Valeeva's counsel moved to withdraw from his representation of her

in January 2012 but that motion was never set for hearing and ruled upon.  Since her counsel's

motion to withdraw, Ms. Valeeva has filed all pleadings without the assistance of counsel.  See

Delehey Decl. ¶ 16.

       25.     In June 2013, Ms. Valeeva filed a second motion to dismiss in the

Foreclosure Action, which was denied on July 1, 2013.  That denial is the last activity in the

---

[9]     The filing of "militia pleadings," conceived and proliferated on the Internet, involves the filing of
incomprehensible and immaterial documents aimed at eliminating the debt owed to the lender.

ny-1099369

Foreclosure Action, which is postured for trial.  At no point has Ms. Valeeva asserted any

affirmative claims against GMACM in the Foreclosure Action.  See Delehey Decl. ¶ 17.

## C.    The Proof of Claim

26.    The Claim, filed against GMACM, asserts a secured claim of $241,633.00

and an unsecured claim for $3,752,874.00.  The nature of the secured claim is listed as "Real

Estate" and the Claim provides that the "Basis for Claim" is a "Mortgage Note."  The Claim also

asserts a 503(b)(9) reclamation claim in the amount of $3,994,507.00 for goods received by the

Debtors within 20 days of the Petition Date.  The Claim, purportedly filed by both Valeeva and

Okouneva was signed by Ms. Valeeva on her own behalf and on behalf of Ms. Okouneva  as her

attorney in fact.  The Claim fails to attach or reference the existence of a valid power of attorney

permitting Ms. Valeeva to file the Claim on Ms. Okouneva's behalf.

27.    In support of the Claim, Ms. Valeeva attaches several documents that,

upon information and belief, are intended to demonstrate that the Debtors purportedly released

their lien on the Property and that the Loan has been discharged.  The documents filed with the

Claim—many of which are duplicative of those Ms. Valeeva filed in the Foreclosure Action—

are incomprehensible and apparently, in large part, fabricated.  For example, Ms. Valeeva

attaches the March 20, 2012 "Notice of Default" discussed above, alleging that the Debtors

defaulted under the Loan and their failure to respond to the notice is a tacit admission that the

foreclosure proceeding is meritless and that Ms. Valeeva is discharged from the debt.  As stated

above, these allegations are without merit and the subject of a motion to strike in the State Court.

They should be given no weight whatsoever, as they lack any foundation in law or fact.

## RELIEF REQUESTED

28.     The Debtors file this Objection pursuant to Bankruptcy Code section

502(b), seeking to disallow and expunge the Claim from the Debtors' claims register in its

entirety.

## OBJECTION

29.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon

Co., L.P. v. Oneida Ltd., Case No. 09-CV-2229, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,

2010); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at

*15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr.

S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.),

226 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. App'x. 40 (2d Cir. 2002).  The burden of persuasion

is on the holder of a proof of claim to establish a valid claim against a debtor.  In re Allegheny

Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re

Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden

of persuasion as to the allowance of [its] claim.").  Further, Bankruptcy Code section 502(b)(1)

provides, in relevant part, that a claim may not be allowed to the extent that "such claim is

unenforceable against the debtor and property of the debtor, under any agreement or applicable

law. . . ."  11 U.S.C. § 502(b)(1).

A.    **The Claim Lacks Sufficient Documentation**

30.    The Court should expunge the Claim because it fails to attach any or adequate supporting documentation to demonstrate the validity of the claims.  Bankruptcy Rule 3001(c)(1) instructs that:

> when a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

31.    If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.  See Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.), 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), aff'd sub nom., Ashford v. Naimco, Inc. (In re Consol. Pioneer Mortg. Entities), 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (Glenn, J.).

32.    Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed.  See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

33.    Here, the Claim fails to attach adequate supporting documentation to demonstrate the validity of a single claim against the Debtors.  See Delehey Decl. ¶ 18.  In addition, Ms. Valeeva fails to provide any explanation why such documentation is unavailable. Id.  The Debtors made every effort to evaluate the documents attached to the Claim to determine

whether the Debtors could discern any cognizable claim against the Debtors.  Id.  In fact, the

Debtors sent Ms. Valeeva a Request Letter prompting Ms. Valeeva to provide additional support

for her claims but, as of the date hereof, no response has been provided.  Id.  Simply, the

documentation attached to the Claim lacks any information upon which the Debtors could

determine the amount, nature, and validity of the asserted claims.

34.     The documentation proffered in support of the Claim is consistent with

Ms. Valeeva's practice of inundating the courts with indecipherable "militia pleadings" that have

no legal effect or validity.  As with the Foreclosure Action, Ms. Valeeva filed several immaterial

documents and notices to support the Claim.  However, even read in the most favorable light, the

documents accompanying the Claim provide virtually no support for a claim against the Debtors

as they fail to provide any objective evidence to substantiate the elements of the Claim.  First,

Ms. Valeeva fails to attach the any documentation relating to the "Mortgage Note" that serves as

the purported basis for the Claim.  Second, Ms. Valeeva fails to attach invoices, affidavits or

other documentation proving that she provided goods to the Debtors within 20 days of the

Petition Date.  In sum, the attachments to the Claim fail to provide even a modicum of support

for the claims asserted and the Debtors request that the Court disallow and expunge the Claim on

the grounds that it fails to provide adequate documentation.

**B.      The Debtors Have No Liability Arising From the Loan**

35.     The Claim should also be expunged because the Debtors have reviewed

the supporting documentation and their books and records and determined that the Debtors have

no liability for the Claim asserted by Ms. Valeeva.  See Delehey Decl. ¶ 19.  Though Ms.

Valeeva obtained the Loan from the Debtors and such loan is in default, the Debtors' books and

records do not reflect any record of money owed to Ms. Valeeva relating to the Loan.

36.     If the Claim remains on the claims register, the potential exists for

recoveries by parties who do not hold valid claims against the Debtors' estates.  Accordingly, the

Debtors respectfully request that the Court disallow and expunge the Claim.

**C.     The Claim Fails to State a Basis For Liability**

37.     The Claim should also be expunged because it fails to state a basis for

liability against the Debtors.  Though the "Basis for Claim" purportedly arises from the

"Mortgage Note" related to the Property, the Claim fails to indicate what legally recognizable

statutory or common law theory Ms. Valeeva posits in support of her claims against the Debtors.

See 11 U.S.C. § 502(b)(1) (providing that a claim will be disallowed if it is unenforceable under

applicable law).  Accordingly, the Claim should be disallowed and expunged for failure to

indicate a proper legal basis upon which Ms. Valeeva could assert a claim against GMACM.

**NOTICE**

38.     The Debtors have provided notice of this Motion in accordance with the

Procedures Order and Case Management Procedures Order, approved by this Court on May 23,

2012 [Docket No. 141].

13

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the

relief requested herein and such other and further relief as the Court may deem proper.

Dated: August 15, 2013

                /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

14