## Exhibit 3

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————— )
                                            )
In re:                                      )      Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, et al.,           )      Chapter 11
                                            )
                               Debtors.     )      Jointly Administered
————————————————————————— )

**DECLARATION OF LAUREN GRAHAM DELEHEY,**
**IN-HOUSE LITIGATION COUNSEL AT RESIDENTIAL CAPITAL, LLC,**
**IN SUPPORT OF DEBTORS' DEBTORS' OBJECTION TO PROOF OF**
**CLAIM NO. 5677 FILED BY GALINA VALEEVA AND EVELINA OKOUNEVA**

I, Lauren Graham Delehey, declare as follows:

**A.      Background and Qualifications**

1.      I serve as In-House Litigation Counsel in the legal department at

Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of

the state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned chapter 11 cases (collectively, the "Debtors").  I have held this position since I joined

ResCap on August 1, 2011.

2.      In my role as In-House Litigation Counsel at ResCap, I am responsible for

the management of residential mortgage-related litigation, including class actions, mass actions

and multi-district litigation.  Additionally, as a result ResCap's Chapter 11 filing, my role has

significantly expanded to include assisting the Debtors and their professional advisors in

connection with the administration of the Chapter 11 Cases.  I am authorized to submit this

declaration (the "Declaration") in support of the Debtors' Objection to Proof of Claim No. 5677

Filed by Galina Valeeva and Evelina Okouneva (the "Objection").[1]

       3.      In my capacity as In-House Litigation Counsel, I am generally familiar

with the Debtors' litigation matters, including the Foreclosure Action involving Ms. Valeeva.

Except as otherwise indicated, all statements in this Declaration are based upon my personal

knowledge; information supplied or verified by personnel in departments within the Debtors'

various business units; my review of the Debtors' litigation case files, books and records, as well

as other relevant documents; my discussions with other members of the Debtors' legal

department; information supplied by the Debtors' consultants and counsel; or my opinion based

upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial

condition and history.  In making these statements based on my review of the Debtors' litigation

case files, books and records, relevant documents, and other information prepared or collected by

the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants,

and counsel accurately recording, preparing, collecting, or verifying any such documentation and

other information.  If I were called to testify as a witness in this matter, I would testify

competently to the facts set forth herein.

    **B.**    **Valeeva's Relationship to the Debtors**

       4.      On July 25, 2005, Ms. Valeeva and her mother, Evelina Okouneva,

obtained a residential mortgage loan from Builders Affiliated Mortgage Services with a principal

---

[1]    Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to such terms in the
Objection.

balance of $217,450.00, secured by real property located at 24837 Portofino Drive, Lutz, FL 33559.

5.    The associated mortgage includes a second home rider, establishing that the Property was not the borrowers' primary residence.  Ms. Valeeva signed all the documents both on behalf of herself as well as on behalf of her mother (via a power of attorney).  The Loan itself was acquired by Fannie Mae in 2005, and GMAC Mortgage, LLC ("GMACM") began to service the Loan in 2006.

6.    In 2008, Ms. Valeeva began inquiring about a modification of the Loan and indicated in some phone calls that she had lost the renter in the Property.  The last payment Ms. Valeeva submitted to GMACM on the Loan was in May 2009.

**C.    The Debtors' Foreclosure Action**

7.    The Loan was referred to foreclosure in August 2009, and GMACM commenced the foreclosure case styled GMAC Mortgage, LLC v. Galina Valeeva, Evelina Okouneva, et al., Case No. 09-CA-83121 in The Circuit Court of the Sixth Judicial Circuit In and For Pasco County, Florida.

8.    On September 18, 2009, Ms. Valeeva filed a Pro Se[2] Response to Complaint "denying all claims in lawsuit" and "requesting a hearing to state my case in person." In 2010, Ms. Valeeva began sending frivolous debt elimination scheme documents to GMACM directly, or through filings with the State Court, or both.

9.    The first such document sent to GMACM was a September 2010 "Reply to your Demand or Notice – 1st notice," which referred to an acceptance of GMACM's "offer" (of unknown origin) and demanded $724,899 or a power of attorney in order to "sell off

---

[2]    Ms. Valeeva retained counsel on February 8, 2011.

[GMACM's] property without [GMACM's] protest and without further notice to [GMACM]." This document was later filed with the State Court. Ms. Valeeva continued to send a series of documents in which she referred to herself and Ms. Okouneva as "an artificial entity, limited liability legal fiction trademark" and to send demands along the lines of "should you fail to immediately pay me $724,899.00 you agree to grant me Power of Attorney to handle this business on behalf of the beneficiary including all LENDER and AGENT'S . . . ." A copy of this document is attached hereto as <u>Exhibit A</u>.

10.    On November 4, 2010, Ms. Valeeva filed a Motion to Dismiss for failure to state a claim in the Foreclosure Action. That motion was denied in December 2010.

11.    In 2011, Ms. Valeeva recorded a purported power of attorney from "Valeena, debtor and grantor" to "Valeeva, Secured Party Creditor and Grantee," which was a purported "Possessory Lien" against GMACM. She later filed an "International Bill of Exchange" from herself to United States Secretary of the Treasury, Tim Geithner, which is attached to the Claim.

12.    Ms. Valeeva continued to send a steady stream of documents to GMACM in 2011. For example, on September 16, 2011, Valeeva mailed to GMACM a 29-page document comprising a certificate of service, a three-page "Good Faith Statement of Account," and a 25-page "Notice of Conditional Acceptance," the latter of which was subtitled a "Tender of Payment." The Good Faith Statement claimed that the balance on the borrowers' account was $0.00, and purported to offer GMACM 14 days to rebut that assertion. The NCA stated that borrowers were willing to pay $219,941.30 to discharge the note. The rest of the NCA, however, set forth what the borrowers termed "conditions precedent" to their offer. Those conditions included GMACM's provision to them of the original "unaltered" note and GMACM's response

to some 70 questions which were functionally interrogatories, requests for production, and requests for admissions. Those questions were followed by another 19 "negative averments," and then by an amalgam of quasi-legal terms which incorrectly suggest that the borrowers had the power to unilaterally cancel their mortgage debt. The NCA listed out 29 separate statutes or alleged causes of action which, if GMACM did not rebut, borrowers claimed, GMACM would have admitted. The document then set out nearly 50 more statements or propositions that GMACM supposedly would agree to by default, barring a Herculean response to them all. A copy of the NCA is attached hereto as Exhibit B.

13.    According to the NCA, if GMACM did not rebut the borrowers' allegations, it was also purportedly agreeing to damages of $300,000.00 for 10 separate violations, and the borrowers required payment of such damages in a monetary unit they defined as a "One Ounce Silver coin of 99.999% pure silver, or the equivalent par value." Finally, a separate and somewhat inconsistent set of demands purported to unilaterally require GMACM to return the note, pay the borrowers another $775,500 (which demand was footnoted to again define what was acceptable "money"), and, as usual, claimed that if GMACM did not pay and admit or agree to the borrowers' more than one hundred demands, it would forever lose its claim against the borrowers.

14.    On March 20, 2012, Valeeva subsequently filed a "Notice of Default," "Notice of Fault with Opportunity to Cure," and a "Certificate and Notice of Non-Response." Those documents contend that GMACM did not respond to the September "Good Faith Statement," and implicitly, the NCA. The "Notice of Default," dated March 16, 2012 and attached to the Claim, asserted that, because GMACM responded to none of the preceding nonsensical documents, "Pursuant to UCC 3-603(b), the alleged debt is now DISCHARGED and

[GMAC is] ordered to immediately and forthwith provide Galina Valeeva and Evelina Okouneva

with a duly executed SATISFACTION OF MORTGAGE AND RELEASE OF LIEN for their

property."

15.     In June 2012, GMACM filed a Motion to Strike Valeeva's "militia

pleadings" in the Foreclosure Action and it is my understanding that the State Court has never

given any credence to her filings. The State Court has not yet ruled on the motion.

16.     Ms. Valeeva's counsel moved to withdraw from his representation of her

in January 2012 but that motion was never set for hearing and ruled upon. Since her counsel's

motion to withdraw, Ms. Valeeva has filed all pleadings without the assistance of counsel.

17.     In June 2013, Ms. Valeeva filed a second motion to dismiss in the

Foreclosure Action, which was denied on July 1, 2013. That denial is the last activity in the

Foreclosure Action, which is postured for trial. At no point has Ms. Valeeva asserted any

affirmative claims against GMACM in the Foreclosure Action.

### D.     The Debtors' Review of the Claim

18.     Based on my review of the Claim, I believe that it fails to attach adequate

supporting documentation to demonstrate the validity of the claims against the Debtors. Ms.

Valeeva fails to provide any explanation why such documentation is unavailable. The Debtors

made every effort to evaluate the documents attached to the Claim to determine whether the

Debtors could discern any cognizable claim against the Debtors. In fact, the Debtors sent Ms.

Valeeva a Request Letter prompting Ms. Valeeva to provide additional support for her claims

but, as of the date hereof, no response has been provided.

19.     The Debtors, after reviewing the supporting documentation and their

books and records, have determined that they have no liability for the Claim asserted by Ms.

Valeeva.  Though Ms. Valeeva obtained the Loan from the Debtors, the Debtors' books and

records do not reflect any record of money owed to Ms. Valeeva.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  August 15, 2013

/s/ Lauren Graham Delehey
Lauren Graham Delehey
In-House Litigation Counsel for
Residential Capital, LLC

## Exhibit A to Declaration

GALINA VALEEVA
EVELINA OKOUNEVA
24837 PORTOFINO DRIVE
LUTZ, FL 33559
OCTOBER 2, 2010

GMAC MORTGAGE, LLC
ATTN: Customer Service Department,
34 HAMMOND AVE
WATERLOO, IA 50704

09CA8312ES

Reference: Property Address: 24837 PORTOFINO DRIVE
                                           LUTZ, FL 33559
PREVIOUSL LETTER DATED: _SEPTEMBER 1, 2010

**SUB: REPLY TO YOUR DEMAND OR NOTICE – SECOND NOTICE**

Dear GMAC MORTGAGE, LLC

I refer to your care package dated SEPTEMBER 1, 2010

THIS IS YOUR SECOND NOTICE TO RESPOND. I wish to advise you that your negotiated instrument
has been accepted for value upon proof of claim which may be substantiated by presenting the following
debt and document details **within 10 days of receipt of this Notice to the address listed above.**

1) Proof of the existence of the account or contract in the actual flesh and blood name of GALINA
VALEEVA AND EVELINA OKOUNEVA duly signed and witnessed by both parties, **not a unilateral
agreement** and upon which signed page there is reference to the entire agreement.

Note: GALINA VALEEVA AND EVELINA OKOUNEVA are an artificial entity, a limited liability
legal fiction trademark which constitutes valuable intellectual property and all rights, titles, and interests
are reserved.

2) Proof of Claim that you are the current holder of the due course of the Original Above Mentioned Debt
Instrument and it has not been sold to another party. I wish to have the aforementioned instrument
presented to me for visual inspection as well as the other documents mentioned in the previous letter
(enclosed). Not a copy, nor an affidavit, but the actual **ORIGINAL WET INK SIGNATURE
PROMISSORY NOTE plus the other listed documents.** You are required by law to maintain good
care of my legal instrument as per USC Title 18, Part 1, Chapter 101 § 2071.

3) Copy of the actual account whereby bank assay has occurred showing actual loss incurred of the
alleged debt from your client. Please stipulate via an affidavit that you are a creditor of the note and have
a right to be claim a debt is owed as a damaged part in the Mortgage, in accordance to Generally
Accepted Accounting Principles (GAAP).

Please be advised that I have replied with a counter claim is being issued against GMAC MORTGAGE,
LLC requesting presentment of my **ORIGINAL WET INK SIGNATURE PROMISSORY NOTE** and
other listed Mortgage documents, with the CIRCUIT COURT OF THEFLORIDA JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA, CIVIL DIVISION on OCTOBER 2, 2010.
Case # 51-2009-CA-008312ES. I have previously given you 30 days to comply with my request to
produce proof of claim, by presenting to me for visual inspection with the ORIGINAL WET INK
SIGNATURE PROMISSORY NOTE and other listed documents. You will find the copy of the case

8475149

FILED FOR RECORD
PASCO COUNTY, FLORIDA
2010 OCT 12 PM 5:00

enclosed. You were unable to comply with my request and as such have **defaulted on your
administrative remedy**.

As a matter of courtesy, I will further extend my request from this date for another 7 **days** for you to
provide me with the proof of claim (expiring on OCTOBER 9, 2010. You are hereby given notice that
failure to produce proof of claim after this courtesy means **you will have exhausted your administrative
remedy and no further claim can be made against me nor my property.**

Please Note: Incorrectly addressed mail shall be returned unopened and unread. Any or all
correspondence from this point must be by mail only.

GALINA VALEEVA AND EVELINA OKOUNEVA do not authorize the recording of their voices at
any time for any purpose nor do they consent to be contacted by telephone and shall enforce their
copyright in all instances such as copyright infringement or trademark violation. No authorization for the
use GALINA VALEEVA AND EVELINA OKOUNEVA is implied, granted or admitted.

Sincerely,

*Galina Vale*

GALINA VALEEVA
Authorized Representative for EVELINA OKOUNEVA
*her Power of Attorney in fact*

GALINA VALEEVA
c/o EVELINA OKOUNEVA
24837 PORTOFINO DRIVE
LUTZ, FL 33559
DATE __September 1, 2010_

TO: GMAC MORTGAGE , LLC
    1100 VIRGINIA DRIVE
    FORT WASHINGTON, PA 19034

09CA8312 E

    RE: My request for inspection of
    **MY WET INK ORIGINAL Promissory Note**
    Name: GALINA VALEEVA
           EVELINA OKOUNEVA
    Property Address:  24837 PORTOFINO DRIVE
                LUTZ, FL 33559
      Loan Number:  ▮▮▮▮▮▮

8475550

CC: LAW OFFICES of DAVID J. STERN, P.A.
    ATTORNEY FOR PLANTIFF
    900 SOUTH PINE ISLAND ROAD SUITE 400
    PLANTATION, FL 3324-3920
    TELE: (954)233-8000
    FLORIDA BAR # 52874

**SUB: REPLY TO YOUR DEMAND OR NOTICE – FIRST NOTICE**

Dear GMAC MORTGAGE LLC,

    I am in receipt of your Notice that DAVID J. STERN, P.A. (as trustee) represents GMAC
MORTGAGE LLC (hereinafter LENDER/AGENTS), the alleged holder of the above referenced loan. As
acceptor of your offer to FORECLOSURE, I have the right to dictate terms (especially those protections I
have under the law).

This letter will serve as notice as my acceptance of your offer/claim upon presentment of the original
unaltered note ADDITIONALLY we require copies of all required MORTGAGE document assignments
and required public recordings LISTED BELOW, proving you are the damaged party, the true creditor,
and/or the true party in interest.

These documents should also include all of these evidentiary documents:
1) Form S3 registration statement
2) Form 424(b)(5) prospectus (for the SEC)
3) Form FR 2046 balance sheets
4) Form FR 2049 balance sheets
5) Form FR 2099s balance sheets

**This is the first requirement under the terms of this self executing agreement. As you know, upon
payment, I am entitled to the original unaltered note and the above mentioned documents, so that it
may not be re-presented by another alleged "debt collector."**

In recent cases brought by various banks, the courts have thrown out the complaints for failure by
said banks to bring forward the Notes to prove up their claims and proof standing as the damaged
party, and the original creditor and true party in interest. Consider the article by Bob Ivry of
Bloomburg.com from which this short quote is taken:

FILED FOR RECORD
PASCO COUNTY, FLORIDA
2010 OCT ...
Pasco ... CLERK ...
... OKOUNEVA ...

*U.S. District Judge David D. Dowd Jr. in Ohio's northern district chastised Deutsche Bank National Trust Co. and Argent Mortgage Securities Inc. in October for what he called their ``cavalier approach'' and ``take my word for it'' attitude toward proving ownership of the mortgage note in a foreclosure case.*

*John Gallagher, a spokesman for Frankfurt-based Deutsche Bank AG said the bank had no comment.*

*Federal District Judge Christopher Boyko dismissed 14 foreclosure cases in Cleveland in November due to the inability of the trustee and the servicer to prove ownership of the mortgages.*

*Similar cases were dismissed during the past year by judges in various states including, Massachusetts, Kansas and New York.*

The judges in these cases know that to convene a court or award judgment *without any basis whatsoever* is not only a breach of their oath to be impartial, but conspiracy to defraud.

If you fail to claim (the full payment tendered), or fail to respond to this document with an affidavit, or if you provide a "non-response" letter, the consequences are that you are contractually agreeing to an ex-parte hearing, waiving all legal remedies or rights or litigation, and agree to the terms set forth below.

By failure to produce your standing that you are the holder in due course, you would necessarily agree that LENDER/AGENTS's claims were frauds, without any basis whatsoever. That would make your payoff demand letter a **Counterfeit Security, backed by little or no evidence to the contrary. It would also mean you were engaged in a commercial trespass and fraud; therefore injuring me.**

Therefore: I will conditionally accept your offer if in return you will agree to have your client LENDER/AGENTS immediately produce the original unaltered note AND all other documents listed above.

As a result of damages incurred for this fraud, you also agree to immediately pay me triple damages. That would be three times the original alleged note amount tendered. So, if you attempt to collect but fail to produce the **original unaltered note of $227,495.00 CHANGED AT CLOSING TO $241,633.00 or contract and above mentioned MORTGAGE related documents,** you agree to immediately pay me $724,899.00. Should you fail to immediately pay me $724,899.00you agree to grant me Power of Attorney to handle this business on behalf of the beneficiary including all LENDER and AGENTS's, and its senior officers as well as granting me a lien against all property held by you and the senior officers of all LENDER and AGENTS's. You agree that I may collect by selling off your property without your protest and without further notice to you.

**To insure that this agreement is fully binding:** upon receipt of this agreement, (realizing that LENDER/AGENTS may not have the original unaltered note) **you have (3) THREE days after receiving this notice to withdraw your claim by noticing GALINA VALEEVA AND EVELINA OKOUNEVA,** at the above mailing location, that the claim of LENDER/AGENTS is null and void and that LENDER/AGENTS's claim is withdrawn. Should you fail to withdraw the claim, having had notice and opportunity, you agree to be bound by the terms of this **self executing agreement;** agree not to proceed with any late payment claims or negative credit reporting, foreclosure, or court case, as I have made known my intent to tender full payment or else will have already tendered payment, and you agree to accept said terms as explained above.

You and the senior partners of GMAC MORTGAGE LLC, as well as the CEO of ALL LENDER/AGENTS agree to be appointed fiduciaries with the **mandatory duty** to settle the claim upon receipt of this agreement, and immediately produce **your public hazard bonds,** so that I may enforce my

claim upon your failure to produce the original note and proof of claim documents as required under the law.

The notified LENDER/AGENT agrees that a non-response or incomplete response with specific evidence of standing, which shall be deemed a non-response, would grant the original Grantor/Trustor of this TRUST AGREEMENT; GALINA VALEEVA AND EVELINA OKOUNEVA the right to act as or to appoint an agent of the beneficiary for removal of current power of attorney and subsequent appointment of successor trustee for the specific purposes of filing an Amendment of the Deed of Trust, and a Full Reconveyance of the original Deed of Trust, or filing a Satisfaction of Mortgage/ Release of Lien of the original Mortgage instrument, and modification of credit status of GALINA VALEEVA AND EVELINA OKOUNEVA on their credit. These actions will thus finalize the lender's claim as satisfied in full.

**AUTHORIZATION TO RELEASE LOAN INFORMATION:** I hereby authorize you to release and all loan information requested to SUZETTE A. MAYLOR a third party NOTARY PUBLIC.

I am the owner of certain real property located at the above address which is security for an alleged loan made by GMAC MORTGAGE LLC to me. I am doing a verification of claim on this loan as I am entitled by law.

**This response is due no later than 14 days after your verified receipt of this letter.**

Again, failure to respond to this letter will be taken as an <u>administrative default</u> as per commonly accepted Administrative Procedures. Failure to produce these required documents will be taken as an <u>administrative default</u>.

Please be advised. **An altered or unaltered copy of the Note nor an Affidavit of Loss or any other forms will not be acceptable.**

Please contact me in writing to arrange for an appropriate point of inspection in LUTZ, PASCO County, FLORIDA.

Sincerely,

GALINA VALEEVA

EVELINA OKOUNEVA

**Exhibit B to Declaration**

IN THE CIRTCUIT COURT OF THE 6TH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

TO GMAC MORTGAGE, LLC  C/O  CEO
VIA CERTIFIED MAIL: Article #: 7011 1570 0002 4745 3580

From:   Galina Valeeva
        Evelina Okouneva
        24837 Portofino Drive
        Lutz, FL 33559

To:     GMAC MORTGAGE, LLC
        c/o CEO
        34 HAMMOND AVENUE
        WATERLOO, IA 50704

CC:     JUDGE LYNN TAPPER
        38053 LIVE OAK AVENUE
        DADE CITY, FL 33523

        NATHAN GRYGLEWICZ, ESQ
        ALBERTELLI LAW
        P.O.BOX 23028
        TAMPA, FL 33623

Date:   September 15, 2011

RE:     YOUR MOTION FOR FINAL SUMMARY JUDGMENT OF FORECLOSURE AND
        TAXATION OF ATTORNEY'S FEES AND COSTS  DATED August 4, 2010
        GMAC MORTGAGE, LLC Loan/Account Number: ████████
        SUBJECT PROPERTY ADDRESS: 24837 Portofino Drive, Lutz, Florida 33559

---

## AFFIDAVIT OF NOTICE OF CONDITIONAL ACCEPTANCE
### PENDING PROOF OF CLAIM AND VERIFICATION
### AND VALIDATION OF ALLEGED DEBT

### TENDER OF PAYMENT
### TO PAY PURPORTED OBLIGATION IN FULL
### TO RESTORE – TO MAKE WHOLE

### NOTICE TO AGENT IS NOTICE TO PRINCIPAL – NOTICE TO PRINCIPAL IS NOTICE TO AGENT

---

Florida State          )
                       ) affirmed and subscribed:
Pasco County   )

*NOTICE AND DECLARATION OF CONDITIONAL ACCEPTANCE*                    Page    1
*PENDING PROOF OF CLAIM*

**COMES NOW**, Galina Valeeva and Evelina Okouneva, living souls, *sui juris,* in correct public capacity as beneficiary to the Original Jurisdiction, being of majority in age, competent to testify, a self-realized entities, free people upon the land and creations by the God of Abraham, Isaac and Jacob, American Citizens of the American Republic, with clean hands, Authorized Representatives with personal knowledge of this matter, GRANTORS, SETTLORS, and BENEFICIARIES of the *Cestui Que* Trusts known as Galina A. Valeeva and Evelina R. Okouneva or GALINA A. VALEEVA AND EVELINA R. OKOUNEVA, puts all relevant parties on NOTICE of the following:

1.      **PLAIN STATEMENT OF THE FACTS: (a)** For Resolving a Matter it must be expressed; **(b)** In Commerce Truth is Sovereign; **(c)** Truth is expressed in the form of an Affidavit; **(d)** An Unrebutted Affidavit stands as Truth in Commerce, i.e., *"He who does not deny, admits"* and *"Silence is agreement"*; **(e)** An Unrebutted Affidavit becomes the judgment in Commerce [*Any proceeding in court, tribunal, or arbitration forum consists of a contest, or "duel," of commercial affidavits wherein the points remaining unrebutted in the end stand as the truth and the matters to which the judgment of the law is applied*]; **(f)** A Lien or a Claim, under Commercial Law, can only be satisfied by one of the following actions: A rebuttal Affidavit of Truth, supported by evidence, point-by-point; Payment; Agreement or Resolution by a jury according to the rules of Common Law. *"If the plaintiff does not prove his case, the defendant is absolved"*; **(g)** He who leaves the field of battle first [i.e., he that does not respond to the Affidavit of Truth] loses by default. *"He who does not repel a wrong when he can occasions it"*; **(h)** The Agreement of the parties makes the Law of Contract; **(i)** The proof lies on him who affirms, not on him who denies; **(j)** A man's word is his bond **(k)** When a party has a duty to speak, his silence equates with fraud **(l)** An accessory follows the nature of his Principal; **(m)** A contract founded on a base or unlawful consideration, or against good morals, is null.

2.      The essential elements of the Commercial Law are based upon: Good faith action, Clean hands doctrine, Fair business practices, Full disclosure, Duty of care, Just compensation, Equal protection of the law, Mercy and Grace.

3.      **A LAWFUL CONTRACT** has **(a)** Offer, **(b)** Consideration, **(c)** Acceptance by all Parties for the Contract and **(d)** The Signatures by all Parties involved with the Contract. Only the parties signing the Contract can participate in the discussion of the Contract. **FULL DISCLOSURE REGARDING THE CONTRACT IS MANDATORY.**

4.      The undersigned (hereinafter "Affiants"), does herewith assert and declare on Affiants' unlimited commercial liability that Affiants issues this AFFIDAVIT with sincere intent that Affiants are competent to testify and state the matters set forth herein and is willing to testify with first hand knowledge, all contents herein are true, correct, and complete in accordance with Affiants' knowledge, understanding, and intent. Affiants are of sound mind, and over the age of twenty-one. Affiants reserve all rights without prejudice. Affiants state that Affiants expressively disavows all waivers of any rights that were not made unmistakably clear upon previous actual notice in the matters at hand.

5.      THIS IS AN OFFER TO PAY / DISCHARGE / SETTLE THE CLAIM OF ALLEGE DEBT ON THE CONDITION THAT **GMAC MORTGAGE, LLC** (hereinafter "**GMAC**") PROVE ITS CLAIM VIA THE **CONDITIONS PRECEDENT** HEREIN WITHIN 14 DAYS OF RECEIPT

OF THIS AFFIDAVIT/NOTICE[1] AND SUBMIT SAME TO THE GRANTORS, SETTLORS AND BENEFICIARIES NOTED ABOVE. FAILURE TO ANSWER WITHIN 14 DAYS WILL CEMENT GMAC'S DISHONOR AND AFFIANTS CLAIMS, AND GMAC WILL TACITLY CONSENT TO AFFIANTS' FULL POWER OF ATTORNEY OVER GMAC AND ALL ASPECTS OF THIS CASE/ACCOUNT AS OUTLINED IN THE SELF-EXECUTING AGREEMENTS BELOW.

6.    THIS AFFIDAVIT/NOTICE CONSTITUTES AN **OFFICIAL NOTICE** IN ACCORDANCE WITH THE FAIR DEBT COLLECTION PRACTICES ACT, THE TRUTH IN LENDING ACT, THE UNIFORM COMMERCIAL CODE AND THE MAXIMS OF COMMERCIAL LAW.

7.    UNDER THE FAIR DEBT PRACTICES COLLECTIONS ACT, YOU MUST CEASE AND DESIST ALL COLLECTION ATTEMPTS (**INCLUDING FORECLOSURE**) UNTIL PROOF OF CLAIM AND VERIFICATION AND VALIDATION OF ALLEGED DEBT ARE PROVIDED OR BE CHARGED $100,000.00 PER INFRACTION.

8.    WITHOUT WAIVING ANY RIGHTS, REMEDIES, OR DEFENSES, WHEREAS AFFIANTS, WITH INTENT AND PURPOSE AS GRANTOR / SETTLOR[2] OF THE EXPRESSED REVOCABLE, MODIFIABLE TRUSTS ESTABLISHED FOR **BUILDERS AFFILIATE MORTGAGE SERVICES, A FL GEN PTNRSHIP ("BAMS")** LOAN NUMBER: #▮▮▮▮ MIN ▮▮▮▮▮▮▮▮▮ AND GMAC MORTGAGE, LLC LOAN #▮▮▮▮ ARE NOW COMING FORTH IN GOOD FAITH AND FURTHER STATES:

9.    Affiants are in receipt of your offer/presentment dated August 4, 2010, from your office (see attached copy of same).

10.    Affiants, as living souls, are acting as the Authorized Representatives for the *ens legis* (legal fiction persons (trusts)) entitled Galina A. Valeeva and Evelina R. Okouneva or GALINA A. VALEEVA and EVELINA R. OKOUNEVA (and/or any and all derivations thereof, excluding the living souls), regarding GMAC's alleged loan/account number ▮▮▮▮▮ under the same trusts.

11.    **Affiants are conditionally accepting, with tender of payment, your offer/presentment in that letter of an [$219,941.30] balance (plus costs and fees) allegedly remaining on the above-referenced "loan" upon proof of claim AND upon presentment of the original, unaltered promissory note.[3] This is the first requirement under the terms of the below self-executing agreement.**

---

[1] Under UCC § 3-603, "Tender of Payment," it states: "If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge to the extent of the amount of the tender."

[2] Unlawful or illegal purpose: In construing trust, unlawful purpose should not be imputed to settlor. *Hawthorne v. Smith*, 7 N.E. 2d 139, 273 N.Y. 291. Purposes for which trusts may be created "The intent and purpose of the settlor of the truth is the law of the trust" *Edmonson v. First Nat. Bank of Birmingham*, 55 So. 2d 338, 352, 256, Ala. 449; *Ingalls v. Ingalls*, 54 So. 2d 296, 301, 256 Ala. 321; *Thurlow v. Berry*, 32 So. 2d 526, 532, 249 Ala. 597.

[3] This acceptance of your offer **is not** based on our admittance that there is a valid debt or that a "creditor" in this matter has given a valid loan.

Identifier:0601307040    Doc Type:CORR

12.    Upon payment, Affiants are entitled to receive the original note so that it may not be re-presented by another alleged "debt collector." Cf., *Perry v. Fairbanks Capital Corp.*, 888 So.2d 725, 727 (Fl. 2004) ("Because it is negotiable, the promissory note must be surrendered in a foreclosure proceeding so that it does not remain in the stream of commerce.").

13.    If GMAC was to prove its claim and accept Affiants' payment of $219,941.30 plus costs and fees and GMAC should fail to produce the original, unaltered promissory note, then GMAC would necessarily agree that GMAC's claim is a criminal fraud and without any basis in fact or law. That would make your demand letter (attached) a counterfeit security. It would also mean you and GMAC are engaged in a commercial trespass; hence, injuring Affiants commercially.

14.    Therefore, **Affiants will accept your offer**, SUBJECT TO GMAC'S PROOF OF CLAIM BASED ON THE TERMS AND CONDITIONS BELOW TO PROVE SAID CLAIM, and Affiants' tender of full payment is to be held in an escrow account by Notary, the third party Private Escrow Agent / Notary Public & Acceptor noted above.

15.    In return, you will agree to have your client GMAC to *immediately* produce the original, unaltered note that it claims to be holding, and to which Affiants are entitled to receive upon payment.

16.    This offer is a tender of payment pursuant to UCC 3-603, which simply codified the known common law significance of this type of offer. *See also* UCC 3-603(b).

## OPPORTUNITY TO WITHDRAW CLAIM

17.    Upon receipt of this self-executing agreement, (realizing that GMAC may not have the original, unaltered promissory note or other required documents and cannot prove its claim) **GMAC HAS TEN (10) DAYS TO WITHDRAW ITS CLAIM**, without damage to Affiants, by noticing Affiants [other people and entities] that GMAC's claim is null and void and that GMAC's claim is forthwith withdrawn, with prejudice.

## OFFER TO DISCHARGE THE ALLEGED DEBT

18.    This is a *bona fide* Tender of Payment to discharge any alleged "debt". GMAC may accept this offer, reject this offer or object to the mode of this offer.

# CONDITIONS PRECEDENT

19.    In reviewing the above-referenced account, it has come to Affiants' attention that fraud and/or other violations of Public Policy *may* have occurred in the operation of said account. Accordingly, these terms/conditions for GMAC to prove its claim are employed to secure the truth regarding this account. Hence, this document has been served under Notary Seal establishing your *mandatory obligation* to timely respond and/or rebut the following, point by point and line by line, verified true, correct and complete, signed, sworn to and notarized in affidavit form and to provide *certified copies* of the requested documents.

20.    This Tender of Payment is made dependant upon strict performance of conditions precedent, to which Affiants are entitled by fundamental principles of American Jurisprudence and Law "clean hands" doctrine, namely **the presentation of competent documentary evidence and answers showing the factual grounds for the alleged debt claimed**, to wit:

21. *Provide the requisite proof, under seal, that you and your office is in a valid agency relationship with GMAC, i.e., via a valid, certified contract, power of attorney, etc.* Failure to present such proof shall be deemed that your office is not a *bona fide* agent for GMAC and that your office is committing fraud, mail fraud, among other felony crimes.

22. Provide certified copies of yours and GMAC's public hazard bonds so that Affiants may enforce their claims upon GMAC's failure to prove its claim and produce the original, unaltered promissory note as required under the law upon payment.

23. Provide a certified copy of the bond(s) that GMAC purchased to insure the alleged "loan," and copies of all payments made to date.

24. *Is the claim of debt against Galina Valeeva and Evelina Okouneva or GALINA A. VALEEVA and EVELINA R. OKOUNEVA?* Failure to answer this question shall be deemed that your answer is "GALINA A. VALEEVA and EVELINA R. OKOUNEVA," the legal persons (trusts). If your answer is "Galina Valeeva and Evelina Okouneva," you are hereby noticed that you are to provide the facts and law that supports your answer.

25. *Is it true that banks and mortgage companies cannot lend its own money?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

26. *Is it true that banks and mortgage companies cannot lend the money of its depositors?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

27. *Provide the name and address of the organization or other governmental unit alleging a valid, legal debt.* Failure to answer this demand shall be deemed that there is no valid, legal debt in this matter.

28. *Provide the name and address of the person or persons in that organization or other governmental unit alleging a claim of a valid, legal debt.* Failure to answer this demand shall be deemed that there is no valid, legal debt in this matter.

29. *Provide the name(s) of the actual, initial creditor(s) and current creditor regarding the alleged loan.* Failure to answer this demand shall be deemed that GMAC is not a lawful creditor in this matter.

30. *Provide the origin of the funds, with account number, used to create this alleged claim of a valid, legal debt.* Failure to answer this demand shall be deemed that there is no valid, legal debt in this matter.

31. *Provide the actual records of the organization or other governmental unit showing the time and place of the deposit and distribution of the funds used to create this alleged claim of debt.* Failure to answer this demand shall be deemed that there is no valid, legal debt in this matter.

32. *Provide the actual records of the organization or other governmental unit showing that an actual loan was made from the organization or other governmental unit's own funds that resulted in the enclosed alleged claim of a debt.* Failure to answer this demand shall be deemed that there is no valid, legal debt in this matter.

33.    *Provide the actual records of the organization or other governmental unit with a live signature
on any and all document/instrument(s) used to allege the existence of a real loan of legal tender
or debt from the organization or other governmental unit to Affiants or anyone else by a similar
name.* Failure to answer this demand shall be deemed that there is no valid, legal debt in this
matter.

34.    *Provide the actual records of the organization or other governmental unit showing that any and all
document/instrument(s) containing our signatures or the likeness of Affiants' signatures were not
negotiated by the organization or other governmental unit against Affiants' credit to create the funds
used for the appearance of a loan and resulting in this alleged claim of debt.* Failure to answer this
demand shall be deemed that there is no valid, legal debt in this matter.

35.    *Provide the actual records of the organization or other governmental unit showing that an honest
disclosure of facts relating to the alleged loan was made by the organization or other governmental
unit in compliance with the truth in lending laws of the United States Code, Title 15, § 1601 et. seq.
and Regulation Z.* Failure to answer this demand shall be deemed that there is no valid, legal debt
in this matter.

36.    *Provide the actual records of the organization or other governmental unit showing that any and all
document/instrument(s) containing our signatures of the likeness of Affiants' signatures were not
negotiated or pledged by the organization or other governmental unit against Affiants' credit to
create the funds used for the appearance of a debt: and resulting in this alleged claim of debt.* Failure
to answer this demand shall be deemed that there is no valid, legal debt in this matter.

37.    Affiants observed the following language in the promissory note in this matter: "**1. ... In return
for a loan that I have received ...**" *Is it true that the promissory note unequivocally asserts
that Affiants had already received an alleged "loan" as of the date the note was signed, that the
referenced "loan" had occurred before the promissory note was signed?* Failure to answer this
question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby
noticed that you are to provide the facts and certified documents that support your answer.

38.    Affiants are not the recipient of any loan proceeds or loan disbursement in any form from
BUILDERS AFFILIATED MORTGAGE SERVICES, A FL GEN PTNRSHIP, 4102 WEST
LINEBAUGH AVE, # 100, TAMPA, FL 33624 (hereinafter "the alleged ORIGINAL
LENDER") prior to the signing of the promissory note, and in spite of a search of all pertinent
records in this matter, Affiants are unable to find loan disbursement instructions, loan
disbursement confirmation or a receipt of said loan in any form. **Provide the loan disbursement
instructions, loan disbursement confirmation or receipt of said loan prior to Affiants
signing the promissory note**. Failure to answer this demand shall be deemed that there is no
valid, legal debt in this matter.

39.    *Is it true that the referenced loan in the promissory note was an event that allegedly had occurred
at some unspecified date prior to July 20, 2005, the date the promissory note was signed by
Affiants, and that said note cannot be relied upon as evidence that "a loan" was, in fact,
received, particularly since the note merely asserts that a loan "was received" by Affiants
heretofore July 20, 2005, but provides no evidence that a loan disbursement ever occurred?*
Failure to answer this question shall be deemed that your answer is "YES." If your answer is
"NO," you are hereby noticed that you are to provide the facts and certified documents that
support your answer.

40.    *Is it true that a loan had not been provided to Affiants and that Affiants had not received a loan as of the date the promissory note was signed?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and certified documents that support your answer.

41.    *Is it true that the author of the promissory note falsely, fraudulently and deceptively stated that Affiants had received a loan prior to them signing said note when, in fact, no loan had been given to Affiants by the alleged ORIGINAL LENDER?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and certified documents that support your answer.

42.    *Is it true that banks are required to adhere to Generally Accepted Accounting Principles ("GAAP"), and that GAAP follows an accounting rule that lies at the heart of the double-entry bookkeeping system called the Matching Principle?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

43.    *Is it true that when a bank accepts bullion, coin, currency, checks, drafts, promissory notes, credit card applications or any other similar instruments from customers, and then deposits or records the instruments as assets, it must record offsetting liabilities that match the newly deposited assets?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

44.    *Is it true that the liabilities (demand deposits account) represent the amounts that the bank owes the depositors or customers (i.e., the funds accepted from customers)?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

45.    *Is it true that funds advanced to "borrowers" are created by banks based upon the monetizing of negotiable instruments (i.e., promissory notes, mortgage notes, credit card applications, bonds or any type of negotiable instrument), and this is done by debiting the amount into the banks' asset account and crediting a liability (a demand deposit account) merely for the face value of the executed negotiable instrument, and that the bank never transferred any money from its own account or of depositors' accounts to fund the transaction?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

46.    *Is it true that Affiants signed and executed a negotiable instrument and literally gave it to the alleged ORIGINAL LENDER without consideration who simply monetized the promissory note by crediting bank liability (demand deposit account) in Affiants' name and the alleged ORIGINAL LENDER did not disclose this fact to Affiants that the bank was only using the value of the Affiants' own deposit (demand deposit account) to give their account liquidity?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

47.    *Is it true that Affiants' undisclosed demand deposit account is nothing more than a checking account and/or debit card transaction where Affiants are actually the depositor and is entitled to have access to withdrawal or usage just like any depositor would if depositing money into their own checking account?* Failure to answer this question shall be deemed that your answer is

"YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

48.    *Is it true that if the alleged ORIGINAL LENDER had lent Affiants their assets that said alleged lender would have had to debit one of their net worth accounts and credit one of their assets accounts?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

49.    *Is it true that the alleged ORIGINAL LENDER deposited Affiants' promissory note as a cash item and recorded said note as a liability (Demand Deposit Account) in the bank's payables account and identified Affiants as the Creditors of the account?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

50.    *Is it true that the alleged ORIGINAL LENDER deposited Affiants' mortgage note as a cash item and recorded said note as a liability (Demand Deposit Account) in the bank's payables account and identified Affiants as the Creditors of the account?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

51.    *Is it true that the mortgage note has been registered, but the alleged ORIGINAL LENDER did not register the promissory note, hence, the promissory note is an unregistered security in accordance with the Uniform Commercial Code and State, Federal and International Banking Law?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

52.    *Is it true that the Truth in Lending Disclosure Statement given to Affiants at closing regarding the alleged loan in question states that "credit" was provided to Affiants for the loan, not lawful money or legal tender?* [4] Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

53.    *Can interest be lawfully or legally charged on credit?* Failure to answer this question shall be deemed that your answer is "NO." If your answer is "YES," you are hereby noticed that you are to provide the facts and law that supports your answer.

54.    *Did the "borrowers" receive lawful money or legal tender from the lender?* Failure to answer this question shall be deemed that your answer is "NO." If your answer is "YES," you are hereby noticed that you are to provide a certified copy of the document(s)/accounting ledger that supports your answer.

55.    *Is it true that a check is not money or legal tender?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

---

[4] Under the headings **Annual Percentage Rate**: "The cost of you **credit** as a yearly rate"; **Finance Charge**: The dollar amount the **credit** will cost you"; and **Amount Financed**: "The amount of **credit** provided to you or on your behalf" shows that **credit** was issued, not legal tender (emphasis added).

56.   *Is it true that the promise of a loan from the alleged ORIGINAL LENDER to Affiants was an illusory promise?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

57.   *Is it true that if the promise of either party in contract is illusory, the contract is, by law, unenforceable?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts and law that supports your answer.

58.   *Provide certified copies of the front and back of each page of the original, unaltered promissory and mortgage notes and their present physical location so that Affiants may personally view them, to establish that GMAC is the real party of interest in this matter and is the holder-in-due-course of the alleged loan by possession of the original, unaltered promissory and mortgage notes.* Failure to answer this demand shall be deemed that GMAC is not in possession of the original, unaltered promissory and mortgage notes.

59.   *In the mortgage note, did Affiants stipulate that they would obligate themselves to GMAC?* Failure to answer this question shall be deemed that your answer is "NO." If your answer is "YES," you are hereby noticed that you are to provide a certified copy of the document that supports your answer.

60.   *How much did the alleged original lender pay for Affiants' promissory note?* Provide certified proof of payment for Affiants' promissory note. Failure to answer this demand shall be deemed that the alleged original lender did not pay any consideration for Affiants' promissory note.

61.   *How much did GMAC pay for Affiants' promissory note?* Provide certified proof of payment for the promissory note. Failure to answer this demand shall be deemed that GMAC did not pay any consideration for Affiants' promissory note.

62.   *How much did GMAC pay for Affiants' mortgage note?* Provide certified proof of payment for the mortgage note. Failure to answer this demand shall be deemed that GMAC did not pay any consideration for Affiants' mortgage note.

63.   *How much did GMAC pay for the loan in question?* Provide certified proof of payment for the loan. Failure to answer this demand shall be deemed that GMAC did not pay full amount of the alleged loan for Affiants' note.

64.   *Provide certified proof of the alleged assignment of promissory and mortgage notes.* Failure to answer this demand shall be deemed that GMAC did not obtain a lawful assignment of promissory and mortgage notes.

65.   *Provide a certified copy of the receipt with the account number for the promissory note, since it is an asset that was/should have been deposited in the name of GALINA A. VALEEVA and EVELINA R. OKOUNEVA.* [5] Failure to answer this demand shall be deemed that the receipt does not exist and that the alleged original lender failed to provide full disclosure of the transaction in violation of the Truth in Lending Act, etc.

---

[5] Affiants attempted to secure a copy of the receipt for the Promissory Note at the Closing on July 20, 2005, but it was not available.

66.   *Is it true that the promissory note is deemed a cash item for deposit pursuant to 12 U.S.C §
      1813(l)(1)?* Failure to answer this question shall be deemed that your answer is "YES." If your
      answer is "NO," you are hereby noticed that you are to provide the facts and law that supports
      your answer.

67.   *Is it true that the mortgage note is deemed a cash item for deposit pursuant to 12 U.S.C §
      1813(l)(1)?* Failure to answer this question shall be deemed that your answer is "YES." If your
      answer is "NO," you are hereby noticed that you are to provide the facts and law that supports
      your answer.

68.   *Provide certified copies of the actual bank ledgers (showing the "Assets" "DDA/ Liabilities" and
      "Net Worth" for the loan entry on this account) necessary to establish that the alleged original
      lender loaned Affiants money/legal tender (not credit) from any of said lender's account thus
      proving the alleged debt.* Failure to answer this demand shall be deemed that there is no valid,
      legal debt in this matter.

69.   *Will GMAC be damaged if the alleged "loan" is not repaid?* Failure to answer this question shall
      be deemed that your answer is "NO." If "YES," explain how GMAC will be damaged.

70.   Provide proof of the existence of an account or contract in the actual flesh and blood names of
      GALINA A. VALEEVA and EVELINA R. OKOUNEVA, duly signed and witnessed by both
      parties, not a unilateral or adhesion agreement and upon which the signed page there is reference
      to the entire agreement.

71.   *Provide a certified copy of the actual accounting whereby the alleged original lender or GMAC
      has incurred a loss of the alleged debt.* Failure to answer this demand shall be deemed that
      neither the alleged original lender nor GMAC incurred a loss in this matter.

72.   To avoid violations under Title 15 USC *et seq*, provide GMAC's Bond/Policy Number, the
      underwriter of said Bond/Policy, and the agency in which it is registered with in order to facilitate
      a claim against it, if necessary.

73.   *Provide an invoice signed under your full commercial liability, not a statement, for any amount of
      money allegedly owing or owed to by GALINA A. VALEEVA and EVELINA R. OKOUNEVA.*
      Failure to answer this demand shall be deemed that there is no valid, legal debt in this matter.

74.   *Provide certified proof that escrow has been closed on the promissory note and mortgage note
      accounts.* Failure to answer this demand shall be deemed that escrow has not been closed on the
      promissory note and mortgage note accounts.

75.   Provide a certified copy of a duly signed and executed Power of Attorney or other authority that
      specifically transfers authority and gives GMAC standing in this case. Failure to answer this
      demand shall be deemed that GMAC does not have lawful power of attorney in this matter

76.   *Provide the details on exactly how GMAC has the Right of Subrogation, which doctrine states
      that a "stranger to the contract has no standing," unless GMAC paid 100% for the alleged
      "debt."[6] If GMAC paid 100% for the alleged debt, provide a certified copy of your receipt for*

---

[6] ***Aetna L. Ins. Co. v. Middleport***, 124 US 534, 551 ("*Subrogation in equity is confined to the relation of principal
and surety and guarantors; to cases where a person, to protect his own junior lien, is compelled to remove one
which is superior; and to cases of insurance. ... Anyone who is under no legal obligation or liability to pay the debt
is a stranger, and, if he pays the debt, a mere volunteer ...*"). GMAC is not the principal, surety or a guarantor, who

*the payment of the debt.* Failure to answer this demand shall be deemed that GMAC does not have the Right of Subrogation in this matter.

77.   *Was GMAC a co-signer to the Promissory Note?* Failure to answer this question shall be deemed that your answer is "NO." If your answer is "YES," you are hereby noticed that you are to provide a certified copy of the document that supports your answer.

78.   Provide copies of the Federal Tax Forms 1096, 1099-A, 1099-B, 1099-C, 1099-CAP, 1099-R, 1099-OID, and 1099-INT from BAMS Loan # ███████ MIN ███████ and GMAC Loan Number ███████ accounts from the date the accounts were opened to cover eligible issues and interest returned to principal. If said forms have not been filed, please prepare and file the same forthwith and send certified copies to Affiants.

79.   Provide the name(s) the grantor(s) of the trust created for the owner of the promissory note and mortgage note, and for the accounts of the alleged original lender Loan Number ███████ and GMAC Loan Number ███████.

80.   Provide the name(s) the beneficiary(ies) of the trust created for the owner of the promissory note and mortgage note, and for the accounts of the alleged original lender Loan Number ███████ and GMAC Loan Number ███████.

81.   *Is it true that the promissory note was converted into a tradable security as it was the subject of transmittal or reference, in exchange for which the alleged "lender," whose name appears on the said note and mortgage (or the trustee/nominee named as the nominal title holder, taking legal title pursuant to the trust agreement with the alleged "lender"), received full payment of the entire "principal" of the promissory note?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

82.   *It is true that (A) the promissory note has been satisfied in full by third-party payment, i.e., via GMAC or some other corporate entity in association with GMAC (B) no assignment or sale of the actual instruments occurred on record, nor was the same disclosed to Affiants, and (C) the transfer of certain rights prior to, or contemporaneous with the alleged "closing" of this alleged "loan" transaction, negated any interest in the transaction by the "lender" and thus voided any authority of the "lender" to enter into any agreement with GMAC or some other corporate entity in association with GMAC, who therefore holds title solely in constructive trust for Affiants, the Grantors and true beneficiaries of said trust?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

83.   *Is it true that a transfer of rights has occurred, without proper notice to Affiants, that involved the guarantee of revenue and payments that were not provided in the promissory note or the mortgage note?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

84.   *Is it true that since the promissory note is a negotiable instrument under the Uniform Commercial Code and represents a source of passive income, it constitutes the issuance of security without*

was under no legal obligation or liability to pay the alleged debt, and has no contract with us; hence, a complete stranger to the transaction without any rights or standing.

*compliance with the applicable State and Federal securities laws?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

85.    *Is it true that since Affiants were not given proper notice or disclosure that Affiants were deceived into issuing a security?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

86.    *Is it true that the alleged ORIGINAL LENDER violated The National Bank Act of 1864 § 27 when it countersigned the original promissory note, without Affiants' knowledge or consent, and transferred it to GMAC or some corporate entity in association with GMAC, which act is punishable by a fine of double the amount of the note and up to 15 years in prison?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

87.    *Is it true that the alleged ORIGINAL LENDER committed common law and commercial law fraud when it altered the character of the Note with the endorsements without Affiants' knowledge and consent?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

88.    *Is it true that Affiants were coerced into signing documents without any knowledge that a fraud and other felony crimes had been perpetrated upon them due to the alleged ORIGINAL LENDER failure to provide full disclosure in the alleged loan transaction?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

89.    *Is it true that based on the alleged ORIGINAL LENDER'S conduct, it is guilty of Actual Fraud, Constructive Fraud, Intentional Fraud, Fraud in the Factum, Fraud in the Inducement, Fraud in the Execution, Breach of Contract, Material Misrepresentation, Deceit, Mail Fraud, Unconscionable Contract, Non-Disclosure, Lack of Contract Consideration, Grand Larceny, Unjust Enrichment, Breach of Fiduciary Duty, Bank Embezzlement, Unlawful Conversion, and Racketeering?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

90.    *Is it true that due to the alleged ORIGINAL LENDER'S criminal conduct in the first instance, that the original mortgage note is void ab initio; hence, GMAC never had a valid claim of debt against Affiants in the first instance?* Failure to answer this question shall be deemed that your answer is "YES." If your answer is "NO," you are hereby noticed that you are to provide the facts, certified documents and law that support your answer.

## NEGATIVE AVERMENTS

91.    Affiants do not see any evidence in the record establishing that counsel is an agent for GMAC. Affiants have no knowledge, record or belief of any evidence in the record establishing that counsel is an agent for Affiants, and Affiants believes that no evidence to the contrary exists.

92.    Affiants are <u>not</u> in receipt of, nor in possession of, nor have first hand knowledge of any certified document or other reliable information that verifies the valid transfer or assignment of mortgage to GMAC, and Affiants believes that no evidence to the contrary exists.

93.    Affiants are <u>not</u> in receipt of, not in possession of, nor have first hand knowledge of any certified interest GMAC has over Affiants or Account Number ███████ and Affiants believes that no evidence to the contrary exists.

94.    Affiants are <u>not</u> in receipt of, not in possession of, nor have first hand knowledge of any instrument controlling or entitling or transferring right(s) GMAC has over any asset that created or funded account number ███████, and Affiants believes that no evidence to the contrary exists.

95.    Affiants are <u>not</u> in receipt of, nor in possession of, nor has first hand knowledge of a bill of sale or other evidence of sale showing that the promissory note and the mortgage note were sold to GMAC, and Affiants believes that no evidence to the contrary exists.

96.    Affiants are <u>not</u> in receipt of, nor in possession of, nor have first hand knowledge of any certified document(s) or other reliable information that verifies the source of funding of the alleged loan to Affiants from the alleged ORIGINAL LENDER, and Affiants believes that no evidence to the contrary exists.

97.    Affiants are <u>not</u> in receipt of, nor in possession of, nor has first hand knowledge of any certified document(s) or other reliable information, agreement, law or statute that verifies that the alleged ORIGINAL LENDER is the creditor that "loaned" Affiants lawful money or legal tender, and Affiants believes that no evidence to the contrary exists.

98.    Affiants are <u>not</u> in receipt of, nor in possession of, nor have first hand knowledge of any certified document(s) or other reliable information that verifies that alleged ORIGINAL LENDER has proof of shares that the alleged ORIGINAL LENDER used of its own to fund BUMS LOAN NUMBER ███████ and Affiants believes that no evidence to the contrary exists.

99.    Affiants are <u>not</u> in receipt of, nor in possession of, nor have first hand knowledge of any certified document(s) or other reliable information that certifies that there is agreement that provided the alleged ORIGINAL LENDER or any other "lender" the legal or lawful right to use Affiants' promissory and mortgage notes/securities for said holder's financial gain without compensating Affiants, and Affiants believes that no evidence to the contrary exists.

100.    Affiants are <u>not</u> in receipt of, nor in possession of, nor have first hand knowledge of any certified document(s) or other reliable information that verifies that alleged ORIGINAL LENDER is the creditor regarding account, loan or transaction number ███████ and Affiants believes that no evidence to the contrary exists.

101.    Affiants are <u>not</u> in receipt of, nor in possession of, nor have first hand knowledge of any certified document(s) or other reliable information that identifies of the source of the funds that created the accounts by the alleged ORIGINAL LENDER, and Affiants believes that no evidence to the contrary exists.

102.    Affiants are <u>not</u> in receipt of, nor in possession of, nor have first hand knowledge of any certified document(s) or other reliable information that verifies that the alleged ORIGINAL LENDER did not sell the promissory note signed by Affiants as an un-registered security in violation of The

Securities Act of 1933 and other State and Federal authorities, and Affiants believes that no evidence to the contrary exists.

103.   Affiants are <u>not</u> in receipt of, nor in possession of, nor have first hand knowledge of any certified document(s) or other reliable information that certifies the bookkeeping entries (i.e., the bill of accounting under GAAP accounting principals from inception of the alleged loan transaction to present) showing that a loan was made to Affiant from the alleged ORIGINAL LENDER's or financial institution's assets thereby proving the purported lender took a risk in the alleged loan transaction, and Affiants believes that no evidence to the contrary exists.

104.   Affiants are <u>not</u> in receipt of, nor in possession of, nor have first hand knowledge of any certified document(s) or other reliable information establishing that Affiants are not the true Lender and that the alleged ORIGINAL LENDER is not the Borrower regarding the alleged "loan," and Affiants believes that no evidence to the contrary exists.

105.   Affiants are <u>not</u> in receipt of, nor in possession of, nor has first hand knowledge of any certified document(s) or other reliable information, agreement, law or statute that verifies that the alleged ORIGINAL LENDER did not engage in Actual Fraud, Constructive Fraud, Intentional Fraud, Fraud in the Factum, Fraud in the Inducement, Fraud in the Execution, Breach of Contract, Material Misrepresentation, Deceit, Mail Fraud, Unconscionable Contract, Non-Disclosure, Lack of Contract Consideration, Grand Larceny, Unjust Enrichment, Breach of Fiduciary Duty, Bank Embezzlement, Unlawful Conversion, and Racketeering, and Affiants believes that no evidence to the contrary exists.

106.   **PLEASE TAKE NOTICE:**  In the absence of ***full and complete disclosure*** of each and every element/point contained in items 1 through 104 above, it will be deemed, tacitly agreed and stipulated by GMAC that GMAC cannot provide the all certified documents and all the answers, and that there was never an actual, valid or legal "loan" made to Affiants and that Affiants are under no contractual obligation to GMAC whatsoever.

107.   **PLEASE TAKE FURTHER NOTICE:** In addition to the self-executing agreements mentioned herein, should any man or woman, as a representative or an agent of GMAC, disagree with any of the herein, said man or woman MUST answer or rebut the same by notarized affidavit **each and every point separately**, with facts and applicable law in support, with the rebutting party's **own signature and endorsement**, under the penalty of perjury and under their own commercial liability with positive proof attached, using their Given Name at Birth and Married Name, if different, for autograph **within 14 days** of receipt of this document and send the rebutting response to Affiants noted above. <u>**ANY ANSWER/RESPONSE NOT IN AFFIDAVIT FORM SHALL BE DEEMED A NON-ANSWER AND A DEFAULT.**</u>

108.   **OPPORTUNITY TO WITHDRAW CLAIM:** Upon receipt of this self-executing agreement, (realizing that GMAC may not have the original, unaltered promissory note or other required documents and cannot prove its claim) **GMAC HAS TEN (10) DAYS TO WITHDRAW ITS CLAIM,** without damage to Affiants, by noticing Affiants' Notary Acceptor that GMAC's claim is null and void and that GMAC's claim is forthwith withdrawn, with prejudice.

109.   Should GMAC fail to withdraw its claim, after having had notice and opportunity to prove its alleged claim and fails to do so, GMAC agrees to be bound by the terms of this self-executing agreement and the COUNTERCLAIM below.

## PRESUMPTION OF GOOD FAITH AND FAIR DEALING

The law presumes that men act fairly and honestly, that their dealings are in good faith, without intent to cheat, wrong, defraud, hinder, delay or obfuscate. If any transaction called into question is capable of two constructions, one that is fair and honest, one that is dishonest and unfair, the law presumes the transaction to be fair and honest until proven otherwise.

Therefore Affiants hereby and herewith make this "good faith" Tender of Payment with express and explicit intent to extinguish any obligation alleged against us by GMAC.

## OBJECTION MUST BE IMMEDIATELY ASSERTED

It is a well established principle of business and law that if GMAC has any objection to our offer, the terms and conditions precedent thereto or the mode of the offer, tender or presentment, GMAC has a "good faith" duty to express any and all objections timely, within thirty (14) days of the receipt by GMAC of this registered communication and not to withhold, suppress, misrepresent or hide any such objections with the intent to "surprise" us at a later date.

If no objection is timely made, GMAC waives its right to any objections to this Tender of Payment at any time in the future, privately or publicly.

## INTENT TO EXTINGUISH THE OBLIGATION

By these presents be it known that Affiants are making this Tender of Payment with the express and explicit intent of extinguishing any alleged obligation Affiants may have with GMAC. It is well established by both *stare decisis* and *res judicata* that a Tender of Payment extinguishes an obligation. *See also* UCC 3-603.

**Definition** – *Extinguishment* – The destruction or cancellation of a right or contract, of estate. The annihilation of a collateral thing or subject in the subject itself out of which it is derived. **Black's Law Dictionary, 4th edition, page 696.**

## OFFER STOPS THE RUNNING OF INTEREST

It should be noted that this Tender of Payment has the effect of stopping the running of any alleged interest and all other incidentals of any alleged obligation.

It should be possible in the normal course of business for GMAC to immediately produce and display for our view, review and consideration the foundational documents, grounds, upon which it alleges, asserts, a claim regarding the above listed items if such evidence truly exists.

If Affiants' Notary Acceptor does not receive a timely response, it shall be deemed a rejection of offer by GMAC of Affiants' *bona fide* "good faith" Tender of Payment.

In the absence of a *bona fide* "good faith" timely response, it will be deemed that there is, in fact and in law, no *bona fide* competent evidence upon which GMAC has grounds to assert a claim against Affiants.

In the absence of acceptance of or objection to this Tender of Payment by GMAC, any further attempt by GMAC, its employees, officers, officials, contractors, sub-contractors, agents or assigns to collect the alleged debt will obviously be nothing else than malicious harassment in "bad faith" with "unclean hands," negligence, misfeasance, malfeasance, nonfeasance of office, with will and intent to defraud by GMAC.

If there are any questions or more time is needed in which to have GMAC respond regarding this tender, presentment, offer to perform, please put them in writing to Affiants for Affiants' review and contemplation.

**PLEASE TAKE FURTHER NOTICE**: The alleged debt in question must be verified and validated pursuant to the *Fair Debt Collections Practices Act*, applicable portions of *Truth in Lending* (Regulation Z), 12 CFR 226, and the applicable portions of *Uniform Commercial Code* and Commercial Law, and, as noted above, it demands an Offer of Performance. If the alleged debt is sold to another party before alleged debt is validated, per the statute, such action will constitute Willful Fraud, Foreknowledge of Federal Withholding, and may be reported to the CID of the IRS. Failure to answer will be deemed, tacitly agreed and stipulated by GMAC that GMAC cannot provide the all certified documents and all the answers; that there was never an actual, valid or legal "loan" made to Affiants; and that Affiants are under no contractual obligation to GMAC whatsoever; and that GMAC has no standing in this matter. Your silence is acquiescence.

### ADDITIONAL DEFAULT PROVISIONS WITH SELF-EXECUTING
### AGREEMENT IF REBUTTAL AFFIDAVIT IS NOT FORTHCOMING

The response to this Affidavit/Notice must be mailed to the Affiants **within thirty (14) days** of your receipt of this Affidavit/Notice.

If the **required** response is not received by the Affiants **within thirty (14) days,** or GMAC fails to answer this Affidavit/Notice, GMAC agrees **and** consents to the below self-executing agreement that shall be deemed legally binding upon GMAC:

1    Absent a certified rebuttal of **all** points herein by GMAC or any agents or assigns, GMAC accepts all possible liability for the below acts and deeds, not limited by, claims and damages unto Affiants in:

    a.    a set off of account # █████████
    b.    violation of Securities Exchange Act of 1934
    c.    an adverse claim found at UCC 8-105(b)
    d.    violation of 31 CFR 103.35 FINANCIAL RECORD KEEPING AND REPORTING
    e.    violation of 17 CFR 240.15c1-2 Fraud and misrepresentation
    f.    violation of 18 USC § 1956 Laundering of monetary instruments
    g.    violation of 18 USC § 1957 Engaging in monetary transactions in property derived from specified unlawful activity
    h.    violation of 31 USC § 5324 Structuring transactions to evade reporting requirements
    i.    violation of Truth and Lending Act Section 1640(h)
    j.    violations is Anti-trust laws
    k.    violation of the Uniform Deceptive Trade Practices Act
    l.    violations in bank fraud
    m.    violations in wire fraud
    n.    violation of the Consumer Credit Cost Disclosure Act

o.    violation of False Advertising
p.    violation of the Unfair Sales Act
q.    violation of the Unfair Competition
r.    violation of 12 USCA § 1831n(a)(2)(A) or 12 CFR 741.6(b) (GAAP);
s.    violation of 18 USC §§ 513 and 514 Counterfeiting and Forgery
t.    violation of Pro-Offering of Affiant's Investment Securities
u.    violation of 12 USC CHAPTER 2 SUBCHAPTER 4 SECTION 83 (a)
v.    violation of law by Acts of Privateering by Breech of contract or takings
w.    violation of law by Acts of collusion by BAMS and GMAC of Acts of collusion
x.    violation of paper terrorism
y.    violation of Freedom of Information or Privacy Act at 5 USC § 552 and/or 552(a)
z.    misrepresentation of agreement
aa.    violation of FDCPA 15 USC § 1692e(g)(A) false representation of character amount or
       legal status of debt;
bb.    violation of 15 USC § 1692d; conduct the natural consequence of which is to harass,
       oppress, or abuse any person in connection with the collection of a debt; and
cc.    violation of state consumer protection laws; breach of good faith and fair dealings, unfair
       and unlawful conduct and unfair trade practice upon the consumer

2    GMAC agrees that although it did not originate the alleged loan in this matter, it is not without
     fault in this matter. GMAC agrees that is well aware of how "loans" are originated. GMAC
     agrees that it known or should have known that the Promissory Note and the Mortgage Note it
     allegedly purchased were invalid on the face since banks and other financial institutions that
     interact with the Federal Reserve System do not lend money in residential transactions, yet
     GMAC proceeded with the transaction of fraud thereby rending GMAC an accessory to the
     crimes committed by the alleged ORIGINAL LENDER.

3    Affiants' entitlement in filing and executing any instruments, as power of attorney for and by
     GMAC, including but not limited by a new certificated security or any security agreement
     perfected by filing a UCC Financing Statement with the Secretary of State in the State where the
     GMAC is located.

4    Affiants' right to damages because of GMAC's wrongful registration, breach of intermediary
     responsibility with regard to Affiants' asset by GMAC issuing to Affiants a certified check for the
     original value of their monetary instruments (promissory and mortgage notes).

5    GMAC agrees to an immediate release of alleged mortgage and lien on subject property.

6    GMAC agrees to set aside the mortgage because said mortgage is an unconscionable mortgage
     contract and is void *ab initio*.

7    GMAC agrees to return forthwith Affiants' original, wet-ink signed promissory note/security
     instrument to Affiants.

8    GMAC hereby obligates and guarantees GMAC's bond(s) to secure the performance of non-
     rebuttal of this Affidavit/Notice to Affiants' for any unfaithful performance of fiduciary duties,
     financial loss, or damages sustained by Affiants in connection to any breach of contract or this
     Affidavit/Notice. Any amount is not limited by the value of any property or costs incurred by us
     in seeking remedy for the alleged ORIGINAL LENDER's and GMAC's breach.

Identifier:0601307040    Doc Type:CORR

9       GMAC shall further agree that once or if GMAC's bond(s) expire, terminate or do not equal the total amount due to Affiants, GMAC's President, Directors, and any of GMAC's agents and representatives shall become individually liable for any difference due Affiants.

10      GMAC obligates and guarantees GMAC's current or future bond(s) to discharge any allegations against Affiants.

11      GMAC immediately grants to Affiants the unconditional right of rescission regarding alleged account number 601307040 and any security interest attached thereto.

12      GMAC agrees to the filing of a UCC-3 or a release of mortgage filing deleting the alleged mortgage in any public record.

13      GMAC agrees to the filing of a UCC-5 Correction in any public registry to correct the inaccurate, unlawful or illegal mortgage in any public record.

14      GMAC agrees this Notice/Request shall be used as first party evidence or positive proof in any remedy sought by Affiants.

15      GMAC shall return any money or property of ours including but not limited to the liability account created as a result of our Promissory Note/security, any original documentation, including but not limited by, any notes, securities, assets, applications, transfers, blotters, book entries, assignments, and security interests to our mailing location noted herein above.

16      GMAC waives all rights to adjudicate the alleged agreement referenced herein.

17      GMAC's president and any directors waive all immunities regarding any future actions sought by Affiants.

18      GMAC is barred from any alleged right, title, or interest in any alleged account, note, monetary instrument, asset, or mortgage note regarding Affiants.

19      Any alleged trustee, or successor of GMAC is hereinafter completely removed and disqualified as trustee, agent, or successor by Affiants.

20      GMAC and any of GMAC's assigns or nominees are estopped henceforth from any action against any of our rights or property.

21      GMAC forthwith abandons all right of entry, possession, judgment, assignment or notice regarding Affiants or their property.

22      GMAC forthwith abandons the right of any alleged waiver or estoppel.

23      GMAC hereinafter immediately discharges any alleged mortgage or any alleged debt.

24      GMAC agrees that the alleged ORIGINAL LENDER and GMAC was/is in violation of the Statute of Frauds.

25      GMAC agrees that all relationships between GMAC and Affiants are null and void.

26      GMAC hereby admits to the alleged ORIGINAL LENDER causing Affiants to enter an alleged agreement under mistake and/or intentional error.

27      The alleged mortgage recorded and filed in any public record is a result of the aforementioned mistake and/or intentional error and therefore is null and void.

28      GMAC agrees that Affiants are the absolute legal and lawful titleholder of record of their property referenced herein.

29      GMAC agrees that Affiants are victims of Larceny and Unlawful Conversion by the alleged ORIGINAL LENDER.

30      GMAC agrees that the alleged ORIGINAL LENDER breached Trust of Realty regarding Affiants.

31      GMAC agrees and consents that GMAC has no power of sale regarding alleged mortgage or property of Affiants.

32      GMAC agrees and consents to Injunctive Relief for Affiants.

33      GMAC agrees that the alleged ORIGINAL LENDER has breached express trust by disloyalty.

34      GMAC agrees that the alleged ORIGINAL LENDER has breached the oral trust relationship with Affiants.

35      GMAC agrees that the alleged ORIGINAL LENDER has employed the extortionate extension of alleged credit with regard to Affiants.

36      **GMAC agrees that all adhesion contracts and any and all powers of attorney whether expressed, implied or otherwise are hereby revoked, terminated, cancelled *nunc pro tunc* to July 20, 2005.**

37      GMAC agrees to Affiants revoking, rescinding and canceling their signatures on the mortgage note and related mortgage documents, including but not limited to the loan application and power of attorney(s) Affiants signed at or before closing.

38      Affiants waives and rejects any and all alleged benefits and/or privileges expressed, implied or otherwise arising from any such signatures, all resulting contracts, agreements or trust(s) resulting from force under threat of being denied access to their own credit, among other involuntary servitude and peonage by adhesion contract(s) committed against Affiants.

39      GMAC or any transfers, agents or assigns offering a rebuttal of this Affidavit/Notice must do so in the manner of this Notice in accordance of and in compliance with current statutes and/or laws by signing in the capacity of a fully liable man or woman being responsible and liable under the penalty of perjury while offering direct testimony with the official capacity as an appointed agent for GMAC in accordance with GMAC's Articles of Incorporation, Article of Incorporation, Bylaws duly signed by a current and duly sworn under oath director(s) of such corporation/Holding Corporation/National Association.

40    When no verified rebuttal of this Notice is made in a timely manner, a "Certificate of Non-Response" or similar document will serve as a final, private judgment against GMAC via its tacit agreement by means of silence or its failure to fully address each point in this Notice.

41    Absent a complete forensic accounting and a rebuttal of this Notice under oath by an officer of GMAC or living man or woman from the alleged ORIGINAL LENDER with first hand knowledge, GMAC agrees that the alleged ORIGINAL LENDER has defrauded Affiants and agrees to return to Affiants the original wet-ink signed Promissory Note/security, or if the original Promissory Note/security is not available, GMAC agrees to pay Affiants three times the face value of said note/security ($652,350.00) within ten (10) days of its default under this self-executing agreement.

42    Again, for emphasis, should you or GMAC disagree with this Affidavit/Notice, you or GMAC must to respond, answer, rebut, deny, refute, object by notarized affidavit each and every point separately, with facts and applicable law in support, with the rebutting party's **own original signature and endorsement**, under the penalty of perjury and under their own commercial liability with positive proof attached, using their Given Name at Birth and Married Name, if different, for autograph within 14 days of receipt of this Affidavit/Notice and send the rebutting response to Affiants postal location: Galina Valeeva 24837 Portofino Drive, Lutz FL 33559.

43    **ESTOPPEL BY ACQUIESCENCE**:  GMAC's default will constitute its confession to securities fraud, tax fraud, breach of fiduciary duty  and will constitute its agreement that all issues pertaining to this contract/agreement are deemed settled and closed *res judicata, stare decisis* and *collateral estoppel*, and as a result, *judgment by estoppel*. Further, if Affiants do not receive a rebutting response from you or GMAC, within 14 days from the posting of this Affidavit/Notice shall be deemed GMAC's failure to timely respond, by the terms of this presentment, and it will be deemed that GMAC tacitly accepts by confession, admission, knowledgeable consent, intent, and tacit procuration the truth and correctness of the declarations made herein, in their entirety, as lawfully and legally binding on all parties as ultimate facts; and that your irrevocable agreement shall be fully binding in any court in the UNITED STATES without future protest or objection by you or by any other representative or agent who represents your concern.

44    **WAIVER OF RIGHTS; CONFESSION OF JUDGMENT**: GMAC's default will further constitute its consent, agreement and confession to **waive any and all rights** to raise a controversy, appeal, object to, or controvert administratively or judicially any of the terms and provisions in this presentment/agreement or the estoppel, as well as GMAC's consent to serving as a successor surety for all obligations, commercial and corporeal, attributed to the account. Upon Default, GMAC and its agents may not argue, controvert, or protest the finality of the administrative findings to which GMAC has agreed.  Any such argument or controversy will constitute GMAC's confession to Perjury, Enticement to Slavery and various crimes against humanity. GMAC further agrees to Affiants closing of the account on the public side of the ledger, via a motion to dismiss or an *ex parte* application in the appropriate court for a public summary or declaratory judgment.

45    **CERTIFICATION AND RECORDING OF NON-PERFORMANCE FOR EVIDENTIARY PURPOSES:**  For GMAC's protection, non-performance will be certified and recorded in the public record as evidence that Affiants have exhausted their administrative remedy and that GMAC has elected to waive all rights to raise a controversy or claim immunity from collection proceedings, having declined the opportunity to plead.

* * * * * * *

46      If GMAC responds affirmatively and completely to the CONDITIONS PRECEDENTS herein
and actually possesses the original, unaltered promissory note (the basis of their claim), then
Affiants' tender of payment through the above-named escrow agent charged with accepting said
note and authenticating GMAC's claim should not pose a problem for you or GMAC.

47      Further, GMAC agrees not to proceed with any foreclosure action as Affiants have made known
their intent to tender full payment, and GMAC agrees to accept said settlement as explained
above. Affiants will then make arrangements to deliver full settlement in the amount of
$219,941.30 plus costs and fees to the Escrow Agent as described above, under notary seal,
immediately upon your default/failure to withdraw GMAC's claim or your claim.

48      Therefore, GMAC agrees that once the Notary/Escrow Agent is in receipt of my tender of
payment in the amount of $219,941.30 plus costs and fees, if you and GMAC should fail to
immediately produce the original, unaltered promissory and mortgage notes, GMAC agrees to
immediately release its claim for $219,941.30 plus costs and fees due to fraud and other felony
crimes. Moreover, GMAC also agrees to immediately pay Affiants damages for commercial
injuries in accordance to the COUNTERCLAIM below. So, when I tender $219,941.30 and
GMAC fails to produce the original, unaltered note and/or fail to collect said tender of payment
within 14 days of your receipt of notice from the Escrow Agent, or if you attempt to collect but
fail to produce the original, unaltered promissory note, GMAC agrees to immediately pay
Affiants in accordance to the COUNTERCLAIM below. Should GMAC fail to immediately pay
Affiants, GMAC agrees to grant Affiant Power of Attorney as noted below, and to handle this
business for GMAC and its senior officers as well as granting Affiants a lien against all property
held by GMAC and the senior officers of GMAC. GMAC agrees that Affiants may collect by
selling off GMAC property without GMAC's protest and without further notice to GMAC.

## POWER OF ATTORNEY

49      Upon default, GMAC grants Affiants and any subsequent agent for Affiants Power of Attorney to
settle all business with regard to said property and to sign such papers on behalf of GMAC
including but not limited to endorsing GMAC's name upon any deed, checks, drafts, money
orders, exchanges or any other form of payment in satisfaction of any obligation of this
agreement or any agreement arising from this agreement. GMAC further grants Affiants and any
subsequent agent for Affiants Power of Attorney Authorization for signing any other instrument
necessary for satisfying this matter for GMAC under this self-executing agreement. GMAC
agrees that bankruptcy cannot discharge any obligations of this agreement. Consent and
agreement with this Power of Attorney by GMAC waives all defenses and remains in effect until
satisfaction of all obligations by GMAC.

## COUNTERCLAIM

THE FOLLOWING DAMAGES WILL BE ASSESSED AGAINST GMAC SHOULD GMAC FAIL TO
MEET ITS REQUIREMENTS TO PROVE ITS CLAIM AS PROVIDED IN THE **CONDITIONS
PRECEDENTS** CONTAINED HEREINABOVE:

1.  Failure to state a claim upon which relief can be granted $300,000.00 (Three Hundred Thousand US
Dollars or the equivalent in the current currency).

2. Failure to respond as outlined herein $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency).

3. Default by non-response or **incomplete response** $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency).

4. Dishonor In Commerce - $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency).

5. Fraud - $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency).

6. Racketeering - $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency).

7. Theft of Public Funds - $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency).

8. Violation of TILA Regulations - $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency).

9. Failure to deposit monies - $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency).

10. Failure to pay Counterclaim in full within (30) Thirty Calendar Days of Default as contained herein. $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency), per month, and interest of 1.5 % per month compounded daily for the first (30) Thirty Days from the date of default. After (30) Thirty Days beginning on the (31st) Thirty first Day after Default, the penalties for Failure to pay will increase by $100,000.00 (One Hundred Thousand Us Dollars Per Day or the equivalent in the current currency) for each calendar day that this counterclaim is not paid in full, plus interest. After (90) calendar days of the date of Default, the penalties for Failure to Pay Counterclaim will increase by $300,000.00 (Three Hundred Thousand US Dollars or the equivalent in the current currency) per calendar day, that the Counterclaim is not paid in full, plus interest as indicated herein.

11. All Claims **are** stated in US Dollars, which means that a US Dollar will be defined, for the purposes of this counterclaim as, a One Ounce Silver coin of 99.999% pure silver, or the equivalent par value as established by law or the exchange rate as set by the US Mint, whichever is the higher amount, for a certified One Ounce Silver Coin (US Silver Dollar) at the time of the first day of default as outlined herein; and if the claim is to be paid in Federal Reserve Notes or the equivalent in the current currency, Federal Reserve or the equivalent in the current currency notes will only be accepted at Par Value as indicated above.

12. Total Damages will be assessed as the total amount of the damages as outlined herein for Punitive and other additional damages.

## DEMAND FOR GMAC TO RETURN ORIGINAL, UNALTERED MORTGAGE NOTE AND MORTGAGE DEED WITH ESCROW AND EQUITY IF FORECLOSURE SALE PROCEEDED IN BREACH OF TRUST AND WITHOUT REGARD TO NOTICES HEREIN

In the unlikely event that GMAC (or its assign) unlawfully proceed with the foreclosure sale in light of this NOTICE, then Affiant **DEMANDS** under equity that GMAC produce and present/forward the following to Affiant **before or at the foreclosure sale** since GMAC CANNOT, by common law or statutory law, foreclose on the Account, Note, Mortgage and take sale proceeds or take possession of the

subject property AND keep the Note (Affiant's asset) and the escrowed and other monies associated with the Note and derivative securities:

1. Return the Original, Unaltered Wet-Inked Signature Promissory Note (Affiant's asset via her signature); it was not Affiant's intent that GMAC should keep the Note after full payment or foreclosure, but for it to be returned in its original condition as presented/issued; because the Promissory Note is negotiable, the Note must be surrendered in a foreclosure proceeding so that it does not remain in the stream of commerce. See, e.g., ***Perry v. Fairbanks Capital Corp.***, 888 So. 2d 725, 727 (Fla. 5th DCA 2004);

2. Return the Original, Unaltered Wet-Inked Signature Mortgage;

3. Return: **(1)** the face value of the Promissory Note with interest[7]; **(2)** all escrowed monies with interest; **(3)** all derivatives and interest created from all bonds and security instruments created off of the Promissory Note/Security, including but not limited to the profits of the 24, 25 and 25A bonds (Bid Bond, Payment Bond, Performance Bond, respectively) created and sold for this cause and are currently located in private equity mutual funds; and **(4)**, if applicable, the profits generated by the Real Estate Mortgage Investment Conduit (REMIC) or the Collateralized Mortgage Obligation (CMO) or the Mortgage Backed Security (MBS) in which the security deed has been pooled;

4. Return the equity, etc., that GMAC put into the subject property for a preliminary value of and in sum set certain of **$775,500.00**[8], together with interest thereon at the rate of seven percent (7%) per annum from date of purchase of subject property, which constitutes labor, services, and materials furnished by GMAC and/or others, since date of purchase of subject property, on and for the homestead, land, improvements therein and thereon, for labor, materials, and services for the upkeep and maintenance, payments, interest, taxes, fees, assessments, new construction, all repairs and replacements, and any and all improvements thereon and therein, for said land and homestead.

5. The foregoing Items in "1" through "4" herein this section MUST be provided to Affiant in order for GMAC to legally finalize the foreclosure sale and obtain clear title. GMAC is to forward Affiant the foregoing Items in "1" through "4" herein this section before the auction sale of the subject property.

6. GMAC's possession of clear title can legally take place only after GMAC provides Affiant with Items in "1" through "4" herein this section.

7. If GMAC fails to oppose/answer the demand in paragraphs "1" through "4" herein this section within the prescribed time period to answer this NOTICE, with lawful/legal authority in support, shall be GMAC's tacit agreement that together (A) IT IS NOT ENTITLED to foreclose on the Note unless it **first** return Items in "1" through "4" herein this section to Affiant; (B) that IT IS NOT ENTITLED to retain the original, unaltered Note and all monies noted in herein; and (C) that GMAC must return Items in "1" through "4" herein this section to Affiant IF PLAINTIFF IS TO ACQUIRE CLEAR

---

[7] This money, which Trustor recently learned about, comes from the liability side of the account that was created by the alleged original "lender" in Trustor's name (without her knowledge or consent) to deposit the note, which is a cash item pursuant to 12 USC § 1813 (I)(1).

[8] All demands herein this document are stated in US Dollars (lawful money, not legal tender), which means that a US Dollar will be defined, for the purposes of this demand as a One Ounce Silver coin of 99.999% pure silver, or the equivalent par value as established by law or the exchange rate as set by the US Mint, whichever is the higher amount, for a certified One Ounce Silver Coin (US Silver Dollar). The amount demanded is based only on sweat equity and monies paid on mortgages; due to time constraints, Trustor was not able to gather all items together to present a final amount; this amount will therefore be amended, if necessary.

*NOTICE AND DECLARATION OF CONDITIONAL ACCEPTANCE*    Page    23
*PENDING PROOF OF CLAIM*

TITLE IN THIS MATTER since GMAC cannot keep the money (the Note, the bond/security derivatives of the Note and Affiant's equity) and the subject property or the sale proceeds; GMAC must chose either the money or the subject property/sale proceeds, but not both. Affiant is entitled to just compensation for her equity expended in or on the subject property since 2005.

8. If GMAC is unable to return Items in "1" through "4" herein this section to Affiant, GMAC agrees that it must forever release its claim and lien, WITH PREJUDICE, to the subject property.

**SPECIAL NOTICE TO ALL PARTIES:** UNDER TRUST LAW, TRUSTOR IS THE CAPTAIN AND FINAL AUTHORITY OF THE [MORTGAGE] TRUSTS IN THIS MATTER. **THE TRUSTS ARE NOW TERMINATED** VIA THE REVOCATION/RESCISSION OF SIGNATURES OF THE MORTGAGE NOTE AND MORTGAGE DEED DUE TO FELONY FRAUD. **THE POWER OF ATTORNEYS ARE REVOKED.** IF TRUSTOR'S ACTIONS ARE ADHERED TO, THERE WILL NOT BE A FORECLOSURE SALE ON THE SUBJECT PROPERTY. HOWEVER, IF YOU FAIL TO ACKNOWLEDGE TRUSTOR'S REORGANIZATION OF THE TRUSTS AND DEMANDS, AND YOU PROCEED WITH THE FORECLOSURE SALE, YOU WILL BE PROCEEDING WITHOUT LAWFUL AUTHORITY AND YOU ARE SUBJECT TO BREACH OF TRUST, TORT AND CRIMINAL ACTIONS IF YOU SELL THE SUBJECT PROPERTY WITHOUT GMAC **FIRST** RETURNING THE ORIGINAL, WET-INK SIGNATURE PROMISSORY NOTE AND THE OTHER ITEMS DEMANDED IN ITEMS "1" THROUGH "4" HEREIN THIS SECTION.

**TRESPASSERS PROCEED AT YOUR OWN PERIL. YOU HAVE BEEN WARNED. GOVERN YOURSELVES ACCORDINGLY.**

\* \* \* \* \* \* \*

THIS DOCUMENT IS NOT INTENDED TO THREATEN, HARASS, INTIMIDATE, OFFEND, CONSPIRE, BLACKMAIL, COERCE, CAUSE ANXIETY, ALARM, CONTEMPT OR DISTRESS, OR IMPEDE ANY PUBLIC DUTIES. IT IS PRESENTED WITH HONORABLE AND PEACEFUL INTENTIONS. ANY AFFIRMATION CONTRARY TO THESE VERIFIED DECLARATIONS OF FACTS WILL COMPRISE YOUR STIPULATION TO COMMITTING A FRAUD.

VOID WHERE PROHIBITED BY LAW. IF DEEMED VOID, YOU MUST SHOW BY WHAT LAW, STATUTE, CODE, ETC., THAT MAKES THIS PRESENTMENT UNLAWFUL OR ILLEGAL.

**PLEASE TAKE FURTHER NOTICE:** Any and all inquiries and responses **MUST** to be forwarded to Galina Valeeva until further notice. **ALL OTHER DELIVERY ADDRESSES WILL BE CERTIFIED AS DEFECTIVE**.

Without Recourse
All Rights Reserved Without Prejudice
Autograph Under Penalty of Perjury
Pursuant to 28 U.S.C. § 1746(1)
Respectfully Submitted,

By: Galina Valeeva
Galina Valeeva, ® 2011, Living Soul, Trustor
and Beneficiary

*NOTICE AND DECLARATION OF CONDITIONAL ACCEPTANCE*
*PENDING PROOF OF CLAIM*                                  Page 24

By: _____

Evelina Okouneva, ® 2011, Living Soul, Trustor
And Beneficiary


Pennsylvania State        )
                          ) ss.
Bucks County              )            **ACKNOWLEDGEMENT**


*Use of a Notary Public on this document does not constitute an adhesion contract or waiver of sovereign*
*rights retained by Galina Valeeva and Evelina Okouneva and nor does it alter Galina Valeeva's and*
*Evelina Okouneva's Neutral standing in intinere in original Common Law Jurisdiction.*

Galina Valeeva and Evelina Okouneva acknowledged the foregoing, under the penalty of perjury, before

me this 16th day of September _____ 2011, known to me to be the private, living man and

woman who executed the foregoing Affidavit/Notice.


_____
Notary Public

My Commission Expires: April 3, 2012            Seal:

```
NOTARIAL SEAL
JENNIFER ELLMAN
Notary Public
LANGHORNE BORO, BUCKS CNTY
My Commission Expires Apr 3, 2012
```