**Hearing Date and Time: September 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: September 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ------------------------------------------------------- ) | |
| In re:                                      ) | Case No. 12-12020 (MG) |
|                                             ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,    ) | Chapter 11 |
|                                             ) | |
| Debtors.                    ) | Jointly Administered |
|                                             ) | |
| ------------------------------------------------------- ) | |

**NOTICE OF DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION**
**TO CLAIMS (AMENDED AND SUPERSEDED BORROWER CLAIMS)**

　　　　**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*

*Twenty-Fifth Omnibus Objection to Claims (Amended and Superseded Borrower Claims)*

(the "<u>Omnibus Objection</u>"), which seeks to alter your rights by disallowing your claim

against the above-captioned Debtors.

　　　　**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection

will take place on **September 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before

the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern

District of New York, Alexander Hamilton Custom House, One Bowling Green, New

York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY  10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention:

Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attention: Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); (k) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center, Suite 400, New York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l) and special counsel to the Committee, SilvermanAcampora LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY 11753 (Attention: Ronald J. Friedman).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: August 15, 2013
      New York, New York

      Respectfully submitted,

      /s/ Norman S. Rosenbaum
      Gary S. Lee
      Norman S. Rosenbaum
      Jordan A. Wishnew
      MORRISON & FOERSTER LLP
      1290 Avenue of the Americas
      New York, New York 10104
      Telephone: (212) 468-8000
      Facsimile: (212) 468-7900

      *Counsel for the Debtors and*
      *Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
|  |
|---|
In re:                 )   Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,   )   Chapter 11

           Debtors.   )   Jointly Administered
---------------------------------------------------------------

**DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION**
**TO CLAIMS (AMENDED AND SUPERSEDED BORROWER CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

   Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

## RELIEF REQUESTED

   1.  The Debtors file this twenty-fifth omnibus objection to claims (the "Twenty-Fifth Omnibus Claims Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2, disallowing and expunging the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of the Twenty-Fifth Omnibus Claims Objection, the Debtors submit the Declaration of Deanna Horst in Support of the Debtors' Twenty-Fifth Omnibus Claims Objection (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

   2.  The Debtors have examined the proofs of claim identified on Exhibit A to the Proposed Order and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Borrower Claims") have been amended and superseded by at least one subsequently-filed, corresponding claim identified under the heading "*Surviving Claims*" (collectively, the "Surviving Borrower

---

[1] Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

Claims"). The Debtors seek the disallowance and expungement from the official claims register maintained for the Debtors in the Chapter 11 Cases of the Amended and Superseded Borrower Claims and preservation of the Debtors' right to later object to any Surviving Borrower Claim on any other basis.

3.     This Twenty-Fifth Omnibus Claims Objection does not affect any of the Surviving Borrower Claims and does not constitute any admission or finding with respect to any of the Surviving Borrower Claims. Further, the Debtors expressly reserve all rights to object on any other basis to any Surviving Borrower Claim and to any Amended and Superseded Borrower Claim as to which the Court does not grant the relief requested herein.

4.     The proofs of claim identified on <u>Exhibit A</u> annexed to the Proposed Order relate solely to claims filed by current or former borrowers (collectively, the "<u>Borrower Claims</u>" and each a "<u>Borrower Claim</u>"). As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

## JURISDICTION

5.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.     On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a)

---

[2]     The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors (the "Creditors' Committee") [Docket No. 102].

8.      On June 20, 2012, the Court directed that an examiner be appointed (the "Examiner"), and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674].  On May 13, 2013, the Examiner filed his report under seal [Docket Nos. 3677, 3697].  On June 26, 2013, the report was unsealed and made available to the public [Docket No. 4099].

9.      On July 3, 2013, the Debtors filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157].  The hearing on the Disclosure Statement is scheduled for August 21, 2013.

10.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors.

11.     On August 29, 2012, this Court entered an order approving the Debtors' motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No. 1309] (the "Bar Date Order").  The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

3

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

12.    On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

13.    The Procedures Order also approved certain procedures to be applied in connection with objections to Borrower Claims (the "Borrower Claim Procedures").  Based on substantial input from the Creditors' Committee and Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel"), the Procedures Order includes specific protections for Borrowers and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.  For example, the Borrower Claim Procedures require that prior to objecting to certain categories of Borrower Claims, the Debtors must furnish the individual Borrower with a letter, with notice to Special Counsel, requesting additional documentation in support of the purported claim (the "Request Letter").  (See Procedures Order at 4).

14.    However, if the Debtors' objection to a Borrower Claim is premised on certain non-substantive grounds, including that the Borrower's proof of claim was amended and superseded by a subsequently filed proof of claim, then the Debtors are not required to send a Request Letter to such Borrower before filing an objection to such Borrower's Claim.  (See

4

Procedures Order at 3). Accordingly, the Debtors submit that they are in compliance with the Borrower Claim Procedures set forth in the Procedures Order. (See Horst Declaration ¶ 5).

15.    To date, approximately 6,870 proofs of claim have been filed in the Chapter 11 Cases as reflected on the Debtors' claims registers.

## THE AMENDED AND SUPERSEDED BORROWER CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

16.    Based upon their review of the claims filed on the claims register in these Chapter 11 Cases maintained by KCC, the Debtors have determined that each Amended and Superseded Borrower Claim identified on Exhibit A annexed to the Proposed Order has been amended and superseded by the corresponding Surviving Borrower Claim that was subsequently filed by or on behalf of the same creditor. (See Horst Declaration ¶¶ 3, 4).

17.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

18.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Claims that are amended and superseded by subsequent proofs of claim filed by the same creditor are routinely disallowed and expunged. See, e.g., In re Enron Corp., Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and

5

expunged . . . ."); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11

(Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

19.     The Debtors are not required to pay on the same claim more than once.

See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160

B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical

injury are generally disallowed."). Elimination of the Amended and Superseded Borrower

Claims will also enable the Debtors to maintain a claims register that more accurately reflects the

claims asserted against the Debtors.

20.     Upon reviewing the proofs of claim that are the subject of this Twenty-

Fifth Omnibus Claims Objection, the Debtors seek to disallow and expunge the Amended and

Superseded Borrower Claims on the basis that such claims have been amended and superseded

by at least one subsequently-filed, corresponding claim filed by the same creditor. (See Horst

Declaration

¶¶ 3, 4).

21.     Accordingly, to avoid the possibility of multiple recoveries by the same

creditor, the Debtors request that the Court disallow and expunge in their entirety the Amended

and Superseded Borrower Claims listed on Exhibit A to the Proposed Order.[3] The Surviving

Borrower Claims will remain on the claims register subject to further objections on any other

basis.

## NOTICE

22.     The Debtors have served notice of this Twenty-Fifth Omnibus Claims

Objection in accordance with the Case Management Procedures entered on May 23, 2012

---

[3]     Where a creditor has filed different documentation in support of the Amended and Superseded Borrower Claim
and the Surviving Borrower Claim, the Debtors will treat all documentation filed with the claims as having been
filed in support of the Surviving Borrower Claim.

[Docket No. 141] and the Procedures Order.  The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

23.      No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.


Dated:  August 15, 2013
             New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

## **Exhibit 1**

**Horst Declaration**

ny-1103792

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------- )
In re:                                                                )    Case No. 12-12020 (MG)
                                                                      )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                              )    Chapter 11
                                                                      )
                                                Debtors.              )    Jointly Administered
--------------------------------------------------------------------- )

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS**
**(AMENDED AND SUPERSEDED BORROWER CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.      I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").[1]  I have been employed by affiliates of

ResCap since August of 2001, and in my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.   I am authorized to submit this declaration (the

---

[1]      The names of the Debtors in these cases and their respective tax identification numbers are identified on
<u>Exhibit 1</u> to the *Affidavit of James Whitlinger, Chief Financial Officer of Residential Capital, LLC, in Support
of Chapter 11 Petitions and First Day Pleadings* [Docket No. 6], dated May 14, 2012.

ny-1103784

"Declaration") in support of the *Debtors' Twenty-Fifth Omnibus Objection to Claims (Amended and Superseded Borrower Claims)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A to the Proposed Order.  In connection with this analysis, where applicable, the Debtors and their professional advisors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

filed in these Chapter 11 Cases.  Based on a thorough review of the Amended and Superseded Borrower Claims at issue, whether or not the Surviving Borrower Claims specifically state on their face that they are amendments of the corresponding Amending and Superseded Borrower Claims, the Debtors have determined that each claim listed in the rows below the column entitled "Claim to be Disallowed" on Exhibit A annexed to the Proposed Order has been amended and superseded by a later-filed claim or claims by the same claimant that the Debtors have determined relate to the same subject matter.  The Debtors' examination of those claims revealed that the Surviving Borrower Claims were filed by the same claimant, and on account of the same obligations, as that creditor's corresponding claim previously filed with the Court and/or KCC. If the Amended and Superseded Borrower Claims are not disallowed and expunged, the claimants who filed these claims may potentially receive a wholly improper recovery to the detriment of other creditors.

5.      The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order.  The Debtors have sought to comply with these procedures.  In this case, given the basis of the Objection, the Debtors have determined that they may object to these Amended and Superseded Borrower Claims without first having to send a Request Letter to such Borrowers requesting additional information.

6.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Amended and Superseded Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

ny-1103784

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  August 15, 2013

/s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

4

## Exhibit 2

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- )
                                                                )
In re:                                                          )    Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, et al.,                               )    Chapter 11
                                                                )
                                          Debtors.              )    Jointly Administered
                                                                )
--------------------------------------------------------------- )

### ORDER GRANTING DEBTORS' TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED BORROWER CLAIMS)

Upon the twenty-fifth omnibus objection to claims, dated August 15, 2013 (the "Twenty-Fifth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Amended and Superseded Borrower Claims on the basis that such claims have been amended and superseded by at least one subsequently-filed, corresponding claim, all as more fully described in the Twenty-Fifth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Twenty-Fifth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Twenty-Fifth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Twenty-Fifth Omnibus Claims Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Twenty-Fifth Omnibus Claims Objection.

Twenty-Fifth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of the

Debtors' Twenty-Fifth Omnibus Objection to Claims (Amended and Superseded Borrower Claims),

annexed to the Twenty-Fifth Omnibus Claims Objection as <u>Exhibit 1</u>; and the Court having found

and determined that the relief sought in the Twenty-Fifth Omnibus Claims Objection is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the Twenty-Fifth Omnibus Claims Objection establish just cause for the relief

granted herein; and the Court having determined that the Twenty-Fifth Omnibus Claims Objection

complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Twenty-Fifth Omnibus Claims Objection

is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed

on <u>Exhibit A</u> annexed hereto under the heading "*Claims to be Disallowed and Expunged*" are

disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Amended and Superseded Borrower Claims

identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained

on the Debtors' claims register; and it is further

ORDERED that the claims listed on <u>Exhibit A</u> annexed hereto under the heading

"Surviving Claims" (collectively, the "<u>Surviving Borrower Claims</u>") will remain on the claims

register, and such claims are neither allowed nor disallowed at this time; and is further

ORDERED that the disallowance and expungement of the Amended and Superseded

Borrower Claims does not constitute any admission or finding with respect to any of the Surviving

Borrower Claims; and it is further

ny-1103782

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Twenty-Fifth Omnibus Claims Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Surviving Borrower Claims, and the Debtors' and all parties in interests' rights to object on any basis are expressly reserved with respect to any Surviving Borrower Claim listed on Exhibit A annexed hereto or any other claim not listed on Exhibit A; and it is further

ORDERED that this Order shall be a final order with respect to each of the Amended and Superseded Borrower Claims identified on Exhibit A, annexed hereto, as if each such Amended and Superseded Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
     New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3

**Exhibit A**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-FIFTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (BORROWER CLAIMS)

| | | Claims to be Disallowed and Expunged | | | | | Surviving Claims | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 1 | Joseph J. Cozzolino and/ or JO JO Asset. Mgmt LLC<br>Joseph J Cozzolino<br>PO Box 317<br>Sweet Valley, PA 18656 | 448 | 08/31/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$42,919.62 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Joseph J. Cozzolino and/or JoJo Asset Mgmt LLC<br>PO Box 317<br>Sweet Valley, PA 18656 | 1372 | 10/17/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$193,274.41 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 2 | Karen Mobley Gunn Estate<br>C/O 2095 Exeter Road, Suite 80<br>Germantown, TN 38138 | 1378 | 10/18/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$137,900.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Karen Mobley Gunn Estate<br>C/O 2095 Exeter Road, Suite 80<br>Germantown, TN 38138 | 2372 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$245,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 3 | Lilia Medrano<br>2402 Ave A Terrace N.W.<br>Winter Haven, FL 33880 | 1981 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | Lilia B. Medrano<br>2402 Ave Terrace NW<br>Winter Haven, FL 33880 | 3466 | 11/05/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$128,000.00 Secured<br>$0.00 Priority<br>$183,111.11 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | Mark L. Matchynski Jr.<br>5402 Balboa Arms Dr Unit 324<br>San Diego, CA 92117 | 207 | 06/25/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$168,750.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Mark L Matchynski Jr<br>5402 Balboa Arms Dr<br>Unit 324<br>San Diego, CA 92117 | 3797 | 11/08/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$162,771.74 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 5 | Richard D Rode<br>238 Westcott<br>Houston, TX 77007 | 2571 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,262,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Richard D Rode<br>2301 W Lawther Drive<br>Deer Park, TX 77536 | 5610 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$339,000.00 Secured<br>$0.00 Priority<br>$923,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 6 | Uzick & Oncken, P.C.<br>Richard D. Rode V. Homecomings Financial, L.L.C., and GMAC Mortgage, L.L.C.<br>238 Westcott<br>Houston , TX 77007 | 1914 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$277,000.00 Secured<br>$62,000.00 Priority<br>$923,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Richard D Rode<br>2301 W Lawther Drive<br>Deer Park, TX 77536 | 5610 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$339,000.00 Secured<br>$0.00 Priority<br>$923,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |
| 7 | Richard D Rode<br>238 Westcott<br>Houston, TX 77007 | 2678 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$1,262,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Richard D Rode<br>2301 W Lawther Drive<br>Deer Park, TX 77536 | 5612 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$339,000.00 Secured<br>$0.00 Priority<br>$923,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 8 | Uzick & Oncken, P.C.<br>Richard D. Rode V. Homecomings Financial, L.L.C., and GMAC Mortgage, L.L.C.<br>238 Westcott<br>Houston , TX 77007 | 1908 | 10/29/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$277,000.00 Secured<br>$62,000.00 Priority<br>$923,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Richard D Rode<br>2301 W Lawther Drive<br>Deer Park, TX 77536 | 5612 | 11/16/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$339,000.00 Secured<br>$0.00 Priority<br>$923,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 9 | Steven H. Poulos<br>9070 E. Desert Cove, Suite 105<br>Scottsdale, AZ 85260 | 1157 | 10/09/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$20,441,000.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 | Steven Harry Poulos<br>9070 E. Desert Cove, Suite 105<br>Scottsdale, AZ 85260 | 1719 | 10/26/2012 | $0.00 Administrative Priority<br>$20,441,000.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$0.00 General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-FIFTH OMNIBUS OBJECTION - AMENDED AND SUPERSEDED CLAIMS (BORROWER CLAIMS)

| | Claims to be Disallowed and Expunged | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number |
| 10 | Susie J Moore, Frank J Moore<br>PO Box 598<br>Bethel, NC 27812 | 2770 | 11/06/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | Susie J. Moore & Frank J. Moore<br>P.O. Box 598<br>Bethel, NC 27812 | 4673 | 11/13/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$0.00 Priority<br>$121,000.00 General Unsecured | Residential Capital, LLC | 12-12020 |