**Hearing Date and Time:  September 11, 2013 at 10:00 a.m. (ET)**
**Objection Deadline:  August 26, 2013 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Alexandra Steinberg Barrage
Jonathan Petts

*Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------)
In re:                                                            )    Case No. 12-12020 (MG)
                                                                  )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                          )    Chapter 11
                                                                  )
                                                Debtors.          )    Jointly Administered
                                                                  )
-----------------------------------------------------------------)

**NOTICE OF DEBTORS' MOTION UNDER SECTION 365 OF THE**
**BANKRUPTCY CODE TO ASSUME AND ASSIGN SERVICING-RELATED**
**AGREEMENTS FOR TRUSTS INSURED BY SYNCORA GUARANTEE INC. TO**
<u>**OCWEN LOAN SERVICING, LLC**</u>

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Motion*

*Under Section 365 of the Bankruptcy Code to Assume and Assign Servicing-Related*

*Agreements for Trusts Insured by Syncora Guarantee Inc. to Ocwen Loan Servicing, LLC*

(the "<u>Motion</u>").

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion will take

place on **September 11, 2013 at 10:00 a.m. (prevailing Eastern Time)** before the

Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New

York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion

must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic

case filing system, and be served, so as to be received no later than **August 26, 2013 at**

**4:00 p.m. (Prevailing Eastern Time)**, upon (a) counsel to the Debtors, Morrison &

Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Norman

S. Rosenbaum, Alexandra Steinberg Barrage and Jonathan M. Petts); (b) counsel for

Syncora Guarantee Inc., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York,

NY 10153 (Attention: Gary T. Holtzer and Ronit J. Berkovich); (c) co-counsel for

Syncora Guarantee Inc., Wollmuth Maher & Deutsch LLP, 500 Fifth Avenue, New York,

NY 10110 (Attention: Paul R. DeFilippo and Randall R. Rainer); (d) the Office of the

United States Trustee for the Southern District of New York, U.S. Federal Office

Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Tracy Hope

Davis, Linda A. Riffkin, and Brian S. Masumoto); (e) the Office of the United States

Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW,

Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.);

(f)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-

0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (g) Office of the U.S.

Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY

10007 (Attention: Joseph N. Cordaro, Esq.); (h) counsel for Ally Financial Inc., Kirkland

& Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri

and Ray Schrock); (i) counsel for the committee of unsecured creditors, Kramer Levin

Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention:

Kenneth Eckstein and Douglas Mannal); (j) counsel for Ocwen Loan Servicing, LLC,

Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019 (Attention:

Jennifer C. DeMarco and Adam Lesman); (k) counsel for Berkshire Hathaway Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071

(Attention:  Thomas Walper and Seth Goldman); (l) Internal Revenue Service, P.O. Box

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail

Stop 5-Q30.133, Philadelphia, PA 19104-5016); and (m) Securities and Exchange

Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attention: George S. Canellos, Regional Director).

    **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written objection to the relief requested in the Motion, the Bankruptcy Court may deem

any opposition waived, treat the Motion as conceded, and enter an order granting the

relief requested in the Motion without further notice or hearing.

Dated:  August 15, 2013
        New York, New York

Respectfully submitted,

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Alexandra Steinberg Barrage
Jonathan Petts
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the Debtors and
Debtors in Possession*

Hearing Date: September 11, 2013 at 10:00 a.m. (ET)
Objection Deadline: August 26, 2013 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Alexandra Steinberg Barrage
Jonathan M. Petts

*Counsel for the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | |
| | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | |
| Debtors. | Chapter 11 |
| | Jointly Administered |

---

**DEBTORS' MOTION UNDER SECTION 365 OF THE BANKRUPTCY CODE TO**
**ASSUME AND ASSIGN SERVICING-RELATED AGREEMENTS FOR TRUSTS**
<u>**INSURED BY SYNCORA GUARANTEE INC. TO OCWEN LOAN SERVICING, LLC**</u>

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession in the above-captioned cases (collectively, the

"<u>Debtors</u>") file this motion (the "<u>Motion</u>") for entry of an order, substantially in the form

attached as <u>Exhibit 1</u> (the "<u>Proposed Order</u>"), authorizing the assumption and assignment of

certain servicing-related agreements for trusts insured by Syncora Guarantee Inc. ("<u>Syncora</u>"),

pursuant to section 365 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule

6006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 6006-

1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). In support of the Motion, the Debtors respectfully state as follows:

## PRELIMINARY STATEMENT

1. Syncora insured payment of principal and interest for the benefit of the holders of certain securities in three trusts that own loans previously serviced by the Debtor GMAC Mortgage, LLC ("GMACM"). Since the closing of the Debtors' servicing platform assets to Ocwen Loan Servicing LLC ("Ocwen") on February 15, 2013 (the "Closing Date"), the relevant loans subject of these three trusts have been subserviced by Ocwen on behalf of GMACM in accordance with the terms and conditions of the Subservicing Agreement by and among certain of the Debtors and Ocwen, as subservicer, effective as of the Closing Date (the "Subservicing Agreement"). The Debtors now seek to assume and assign to Ocwen, as permitted by the asset purchase agreement between certain of the Debtors and Ocwen, as amended, certain servicing-related agreements (listed on Schedule A to the Proposed Order)[1] relating to such subserviced loans.

2. By assuming and assigning these additional agreements to Ocwen, the Debtors will receive valuable consideration and will maximize the value of their estates for the benefit of creditors. Ocwen's subservicing of the loans underlying the agreements for the prior five months and its promise to perform the obligations under the agreements at issue, along with its demonstrated industry experience, financial credibility, and ample working capital, together constitute adequate assurance of its future performance to Syncora. For these

---

[1]    All contracts listed on Schedule A to the Proposed Order include all amendments, extensions, supplements and/or restatements by reference.

ny-1098116

reasons, the Debtors respectfully request that the assumption and assignment of the agreements with Syncora be approved as set forth herein and in the Proposed Order.

3.      The Debtors believe that no cure amount is owed to Syncora in connection with the relevant agreements.  As discussed below, Syncora had notice of the September 28, 2012 deadline for filing cure claims but did not file any cure claim by that date. Subsequently, in its October 29, 2012 supplemental sale objection, Syncora purported to assert a cure claim of up to $457 million, but it did so in a footnote, with no supporting detail or documentation.   In light of Syncora's belated assertion of a cure claim, the Debtors request that the order approving this Motion fix Syncora's cure claim at zero, on the ground that it is untimely and/or that it lacks merit.  Alternatively, in the event the Court were to grant Syncora an allowed cure claim, the Debtors reserve the right to elect not to proceed with the assumption and assignment of the agreements addressed herein, if they determine that this would not be in the estates' best interests given the size of the cure claim.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are section 365 of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 6006-1.

## BACKGROUND

### A. General Background

5.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On the Petition Date, this Court entered an order jointly administering the Chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  Since the Petition Date, the Debtors have operated and managed their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee has been appointed in these Chapter 11 cases.

6.      On May 14, 2012, the Debtors filed their *Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f), and (m), 365 and 1123, and Fed. R. Bankr. P. 2002, 6004, 6006, and 9014 For Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee and Expense Reimbursement; (II) Scheduling Bid Deadline and Sale Hearing; (III) Approving Form and Manner of Notice Thereof; and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief* [Docket No. 61] (the "Sale Motion").

7.      On June 28, 2012, the Court entered an *Order Under 11 U.S.C. §§ 105, 363(b) and 365 (I) Authorizing and Approving Sale Procedures, Including Payment of Break-Up Fees; (II) Scheduling Bid Deadline, Auction (If Necessary) and Sale Hearing; (III) Establishing Assumption and Assignment Procedures, Including Procedures for Fixing Cure Amounts; and (IV) Establishing Notice Procedures and Approving Forms of Notice* (the "Sale Procedures Order") [Docket No. 538].

4

8.      On July 26, 2012, the Debtors filed a *Notice of (I) Debtors' Intent to Assume and Assign Certain Executory Contracts, Unexpired Leases of Personal Property, and Unexpired Leases of Nonresidential Real Property and (II) Cure Amounts Related Thereto* (the "Assumption Notice") [Docket No. 924], which was amended and restated on September 18, 2012 [Docket No. 1484], and which, in accordance with the Sale Procedures Order, established September 28, 2012 as the deadline for filing cure claims.

9.      On October 23, 2012 and October 24, 2012, the Debtors successfully conducted an auction for the sale of their servicing platform assets to Ocwen for approximately $3 billion.  At a hearing held on November 19, 2012, this Court approved the Sale Motion on the record.  On November 21, 2012, the Court entered orders approving the sale of the servicing platform assets to Ocwen (the "Sale Order") [Docket No. 2246] and the related Asset Purchase Agreement dated November 2, 2012 among Ocwen and certain of the Debtors (the "Ocwen APA").

10.      On January 31, 2013, the Debtors and Ocwen entered into Amendment No. 3 to the Ocwen APA, which provided that the complete resolution of the servicing agreements to be assigned to Ocwen was unlikely to occur by the Closing Date and that servicing agreements which could not be assumed by Ocwen by the Closing Date would be subserviced by Ocwen pending resolution of such issues post-closing.  Amendment No. 3 further provides that the purchase price of the servicing agreements assigned to Ocwen post-closing shall generally be consistent with the terms of the Asset Purchase Agreement.

## B.  The Syncora Agreements

11.      Pursuant to several pre-petition financial guarantee policies, Syncora insured payment of principal and interest for the benefit of the holders of certain securities in three

ny-1098116

trusts, whose loans were serviced by GMACM: (1) Bear Stearns Second Lien Trust 2007-SV1, (2) Greenpoint Mortgage Funding Trust 2006-HE1, and (3) SunTrust Acquisition Closed-End Seconds Trust, Series 2007-1.  The relevant agreements pertaining to these trusts (collectively, the "Syncora Agreements") are listed on <u>Schedule A</u> to the Proposed Order.

12.    In connection with the Sale Procedures Order, the Debtors provided Syncora with notice of their intent to assume and assign the Syncora Agreements.[2]  On September 28, 2012, the deadline for filing cure claims, Syncora filed a limited objection to the Sale Motion [Docket No. 1657], which made no mention of any cure claim.  It was not until October 29, 2012 that Syncora first asserted a putative cure claim, in a footnote contained in its Supplement to its limited objection to the Sale Motion [Docket No. 1996, n. 6].  But that belated, passing reference to a purported cure claim contained no supporting detail whatsoever.  Moreover, the cure claim amount asserted in that footnote – approximately $457 million – was acknowledged by Syncora to be nothing more than a placeholder, namely, "the total amount outstanding on Syncora's policies in relation to the trusts serviced pursuant to the Syncora-Related Servicing Agreements."  *Id.*

13.    On November 7, 2012, Syncora filed a proof of claim against the Debtors (Claim No. 2781) in an unliquidated amount.  However, that proof of claim fails to detail any cure amount owed with respect to the Syncora Agreements, nor do the Debtors believe that any cure amount exists in connection with the proposed assumption and assignment of the Syncora Agreements.[3]

---

[2]    On July 26, 2012, the Debtors filed the Assumption Notice [Docket No. 924], which lists the trusts to which the Syncora Agreements pertain, and which was amended and restated on September 18, 2012 [Docket No. 1484].

[3]    Prior to the filing of this Motion, the Debtors filed an objection to Syncora's proof of claim no. 2781.  In that objection, the Debtors seek to disallow Syncora's claim in its entirety on the ground that it is

*(cont'd)*

ny-1098116

14.     For months, the Debtors have attempted to resolve Syncora's concerns relating to the sale of the Debtors' servicing platform, including agreeing to a reservation of rights in the Sale Order[4] and identifying alternative third party servicers (other than Ocwen) amenable to Syncora. Given the importance to the Debtors' estates of resolving Syncora's concerns, counsel for the Creditors' Committee has also been an active participant in negotiations with Syncora.

15.     Despite these efforts, the Debtors and the Creditors' Committee have been unable to resolve Syncora's concerns while at the same time fulfilling their duty to maximize creditor recoveries.  Thus, since the Closing Date, the underlying mortgage loans that are the subject of the Syncora Agreements have been subserviced by Ocwen in accordance with the Subservicing Agreement.  The Debtors now seek to promptly assume and assign the Syncora Agreements to Ocwen consistent with the terms of the Sale Order, the Ocwen APA, and Amendment No. 3.  The Debtors have determined that assuming and assigning these agreements is in the best interests of the Debtors, their estates, the Debtors' creditors, and other parties-in-interest.

16.     In addition, in light of Syncora's belated assertion of a cure claim, the Debtors request that the Order granting this Motion disallow Syncora's purported cure claim in its entirety, on the grounds that it is untimely and (if the Court reaches the merits despite the claim's untimeliness) that it lacks merit.  In the event the Court were to determine that

_____
*(cont'd from previous page)*
        unsubstantiated and fails to state a claim; the objection also reserves the Debtors' rights to estimate
        Syncora's claim at zero for reserve and/or distribution purposes.

4       The Sale Order provides that none of its findings of fact or conclusions of law are binding on Syncora (Sale
        Order at ¶ 61), and the Debtors agreed to adjourn Syncora's objections while attempting to reach a
        consensual resolution of Syncora's concerns.

Syncora has a valid cure claim, the Debtors' reserve the right to elect not to assume and

assign the Syncora Agreements if they determine that assumption and assignment would no

longer be in the estates' best interests.  Proceeding in this fashion is consistent with the Sale

Procedures Order.

## RELIEF REQUESTED

17.     By this Motion, the Debtors seek entry of an order substantially in the form of

that in Exhibit 1 (a) authorizing the Debtors to assume and assign the Syncora Agreements to

Ocwen and (b) granting such other relief as this Court deems just and proper.

## BASIS FOR RELIEF

18.     Section 365 of the Bankruptcy Code allows a debtor to maximize the value of

its estate by assuming executory contracts or unexpired leases that benefit the estate and by

rejecting those that do not.  11 U.S.C. § 365(a); *see COR Route 5 Co., v. Penn Traffic Co. (In

re The Penn Traffic Co.)*, 524 F.3d 373, 382 (2d Cir. 2008).  Courts defer to a debtor's

business judgment in assuming an executory contract or unexpired lease, and upon finding

that a debtor has exercised sound business judgment, approve assumption or rejection under

section 365(a) of the Bankruptcy Code.  *In re Child World, Inc.*, 142 B.R. 87, 89 (Bankr.

S.D.N.Y. 1992) (stating that a debtor may assume or reject an unexpired lease under section

365(a) in the exercise of its "business judgment").  Courts generally will not second guess a

debtor's business judgment concerning the assumption of an executory contract.  *See In re

Gucci*, 193 B.R. 411, 414-15 (S.D.N.Y. 1996); *see also Sharon Steel Corp. v. Nat'l Fuel Gas

Distrib. Corp.*, 872 F.2d 36, 40 (3d Cir. 1989).

19.     Further, section 365 of the Bankruptcy Code authorizes the assumption and

assignment of contracts, provided that the defaults under such contracts are cured and

8

adequate assurance of future performance is provided. *See* 11 U.S.C. §§ 365(b)(1), 365(f)(2).

The words "adequate assurance of future performance" must be given a "practical, pragmatic

construction" in light of the proposed assumption. *In re Fleming Cos.*, 499 F.3d 300, 307 (3d

Cir. 2007); *In re Natco Indus.,* 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (adequate assurance

of future performance does not mean absolute insurance). Among other things, adequate

assurance may be given by demonstrating the assignee's financial health and experience in

managing the type of enterprise or property assigned. *See In re Bygaph, Inc.*, 56 B.R. 596,

605-06 (Bankr. S.D.N.Y. 1986) (adequate assurance of future performance is present when

prospective assignee has financial resources and devotes sufficient funding to support

success).

20.     The Debtors' intent to assume and assign the Syncora Agreements satisfies the

requirements of the Bankruptcy Code and is supported by the Debtors' reasonable business

judgment. Assignment of the Syncora Agreements to Ocwen will bring valuable

consideration into the estate in accordance with the terms of the Ocwen APA and the Sale

Order. Thus, assuming and assigning the Syncora Agreements maximizes the value of the

Debtors' estates and is a sound exercise of the Debtors' business judgment.

21.     Moreover, there are no existing defaults with respect to the Syncora

Agreements which must be cured as a condition to assumption and assignment and Syncora

has adequate assurance of future performance by Ocwen. Ocwen has the industry experience,

financial credibility, and sufficient working capital to service the Syncora Agreements. *See*

Declaration of Ronald M. Faris of Ocwen Loan Servicing, LLC in Support of the Debtors'

Sale Motion at ¶¶ 4-14 [Docket No. 2141]; Sale Order at ¶ T (finding Ocwen's promise to

perform constituted adequate assurance of future performance with respect to servicing

agreements assigned on the Closing Date). Indeed, Ocwen has evidenced both its intent and ability to satisfy all obligations required under the Syncora Agreements by effectively sub-servicing the underlying loans after the Closing Date pursuant to the Subservicing Agreement and Amendment No. 3. Thus, Ocwen's continuing performance of the obligations under the Syncora Agreements constitutes adequate assurance of its future performance under section 365(f)(2) of the Bankruptcy Code. Accordingly, the Debtors respectfully ask that the assumption and assignment of the Syncora Agreements be approved as set forth herein.

## **NOTICE**

22.     Notice of this Motion has been served in accordance with the *Order Under Bankruptcy Code Sections 102(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 141]. Because of the nature of the relief requested, the Debtors submit that such notice is sufficient and that no further notice of the relief requested in the Motion need be provided.

[The remainder of this page is intentionally left blank]

## **CONCLUSION**

23.    WHEREFORE, the Debtors respectfully request that this Court enter an order

substantially in the form attached hereto as <u>Exhibit 1</u>, granting the relief requested in the

Motion, and granting such other and further relief to the Debtors as this Court may deem just

and proper.

Dated:  August 15, 2013
　　　　New York, New York

<div style="margin-left:45%">

**MORRISON & FOERSTER LLP**

By: /s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Alexandra Steinberg Barrage
Jonathan M. Petts

1290 Avenue of the Americas
New York, New York 10104
Tel: (212) 468-8000
Fax: (212) 468- 7900

*Counsel for Residential Capital, LLC, et
al., Debtors and Debtors-in-Possession*

</div>

ny-1098116

# EXHIBIT 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
                                                )
In re:                                          )
                                                )        Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.,               )
                                                )        Chapter 11
                        Debtors.                )
                                                )        Jointly Administered
                                                )
                                                )
-------------------------------------------------------------------  )

### ORDER GRANTING DEBTORS' MOTION UNDER SECTION 365 OF THE BANKRUPTCY CODE TO ASSUME AND ASSIGN SYNCORA GUARANTEE INC. SERVICING-RELATED AGREEMENTS TO OCWEN LOAN SERVICING, LLC

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in

possession for entry of an order (the "Order"), pursuant to section 365 of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 6006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6006-1 of the Local

Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of

New York (the "Local Rules"), authorizing the assumption and assignment of the

contracts identified on Schedule A annexed hereto (the "Syncora Agreements") as more

fully described in the Motion; and the Court having jurisdiction to consider the Motion

and grant the requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and

consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and

venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Court having determined that the relief requested in the Motion is in the best interests of

the Debtors, their estates, their creditors, and all parties in interest; and it appearing that

proper and adequate notice of the Motion has been given and that no other or further

notice is necessary; and the legal and factual bases set forth in the Motion establish just

and sufficient cause to grant the requested relief herein; and upon the record herein; and

after due deliberation thereon; and good and sufficient cause appearing therefor,

IT IS HEREBY FOUND, DETERMINED, AND ORDERED THAT:

The Motion is GRANTED.

1.      Pursuant to section 365 of the Bankruptcy Code, Bankruptcy Rule 6006,

and Local Rule 6006-1, (a) the Debtors' assumption and assignment of the Syncora

Agreements identified on <u>Schedule A</u> annexed hereto is approved, and (b) any and all

cure claims asserted by Syncora are disallowed in their entirety.

2.      The assumption and assignment of the Syncora Agreements shall be

subject to and governed by the terms of the *Order Under 11 U.S.C. §§ 105, 363, and 365*

*and Fed. Bankr. P. 2002, 6004, 6006, and 9014 (I) Approving (A) Sale of Debtors' Assets*

*Pursuant to Asset Purchase Agreement with Ocwen Loan Servicing, LLC;(B) Sale of*

*Purchased Assets Free and Clear of Liens, Claims, Encumbrances, and Other Interests;*

*(C) Assumption and Assignment of Certain Executory Contracts and Unexpired Leases*

*Thereto; (D) Related Agreements; and (II) Granting Related Relief* [Docket No. 2246].

3.      The Debtors are hereby authorized to execute and deliver all instruments

and documents, and take all other actions, as may be necessary or appropriate to

implement and effectuate the relief granted in this Order.

3

4.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing in the Motion or this Order shall constitute, nor is it intended to constitute: (i) an admission as to the validity or priority of any claim against the Debtors; or (ii) a waiver of the Debtors' rights to dispute any claim brought by Syncora.

5.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: August __, 2013
New York, New York

_____
The Honorable Martin Glenn
U.S. Bankruptcy Judge

4

## Schedule A

### The Syncora Agreements

Bear Stearns Second Lien Trust 2007-SV1
- Servicing Agreement, dated as of May 1, 2001, as amended by Amendment No. 1, dated as of October 1, 2001, Amendment No. 2, dated as of July 31, 2002 and Amendment No. 3, dated as of December 20, 2005, between EMC Mortgage Corporation and GMAC Mortgage, LLC
- Insurance and Indemnity Agreement, dated as of March 30, 2007, among XL Capital Assurance Inc., EMC Mortgage Corporation, SACO I Inc., GMAC Mortgage, LLC and Citibank, N.A.
- Side Letter Agreement, dated as of March 30, 2007, between GMAC Mortgage, LLC and XL Capital Assurance Inc.
- Assignment, Assumption and Recognition Agreement, dated as of March 30, 2007, among EMC Mortgage Corporation, Citibank, N.A. and GMAC Mortgage, LLC


Greenpoint Mortgage Funding Trust 2006-HE1
- Transfer and Servicing Agreement, dated as of August 1, 2006, as amended by Amendment No. 1, dated as of September 1, 2006, among GreenPoint Mortgage Funding Trust 2006-HE1, as issuer, Structured Asset Securities Corporation, as depositor, GMAC Mortgage Corporation, as servicer and U.S. Bank National Association, as indenture trustee
- Insurance and Indemnity Agreement, dated as of August 28, 2006, among XL Capital Assurance Inc., Lehman Brothers Holdings Inc., Structured Asset Securities Corporation, Greenpoint Mortgage Funding Trust 2006-HEl, GMAC Mortgage Corporation and U.S. Bank National Association
- Side Letter Agreement, dated as of September 12, 2006, between GMAC Mortgage Corporation and XL Capital Assurance Inc.
- Flow Revolving Credit Loan Purchase and Warranties Agreement, dated as of September 26, 2005, between GMAC Mortgage Corporation, as Purchaser and Greenpoint Mortgage Funding, Inc., as Seller
- Flow Mortgage Loan Purchase and Warranties Agreement, dated as of July 26, 2006, between GMAC Mortgage Corporation, as Purchaser and Greenpoint Mortgage Funding, Inc., as Seller
- Assignment, Assumption and Recognition Agreement, dated as of July 28, 2006, among GMAC Mortgage Corporation, Lehman Brothers Bank, FSB, and Greenpoint Mortgage Funding, Inc.

5

SunTrust Acquisition Closed-End Second Trust, Series 2007-1

- Pooling and Servicing Agreement, dated as of April 1, 2007, among ACE Securities Corp., as depositor, GMAC Mortgage, LLC, as servicer, Wells Fargo Bank, National Association, as master servicer and securities administrator and HSBC Bank USA, National Association, as trustee
- Insurance and Indemnity Agreement, dated as of May 15, 2007, among XL Capital Assurance Inc., Suntrust Asset Funding, LLC, Suntrust Bank, ACE Securities Corp., GMAC Mortgage, LLC and Wells Fargo Bank, National Association
- GMACM Side Letter Agreement, dated as of May 15, 2007, between GMAC Mortgage, LLC and XL Capital Assurance Inc.
- Credit Risk Management Agreement, dated as of May 14, 2007, between GMAC Mortgage, LLC and Clayton Fixed Income Services Inc.
- Premium Letter, dated as of May 15, 2007, among XL Capital Assurance Inc., HSBC Bank USA, National Association, Wells Fargo Bank, National Association, Suntrust Asset Funding, LLC, GMAC Mortgage, LLC and ACE Securities Corp.
- Custodial Agreement, dated as of April 1, 2007, among HSBC Bank USA, National Association, as trustee, GMAC Mortgage, LLC, as servicer and Deutsche Bank National Trust Company, as custodian
- Mortgage Loan Purchase and Sale Agreement, dated as of May 15, 2007, between GMAC Mortgage, LLC as purchaser and SunTrust Asset Funding, LLC
- Assignment, Assumption and Recognition Agreement, dated May 15, 2007 among GMAC Mortgage, LLC, ACE Securities Corp., SunTrust Asset Funding, LLC, and Wells Fargo Bank, N.A.

6