HEARING DATE: AUGUST 21, 2013 AT 10:00 A.M. EST
RESPONSE DEADLINE: 16, 2013 AT 12:00 P.M. EST

LOEB & LOEB LLP
Walter H. Curchack
Vadim J. Rubinstein
345 Park Avenue
New York, NY 10154
Telephone: (212) 407-4000
Facsimile: (212) 407-4990

*Counsel for Wilmington Trust, National Association,
as Indenture Trustee for the Senior Unsecured Notes
Issued by Residential Capital, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re                                                       :
                                                            :    Chapter 11 Case No.
RESIDENTIAL CAPITAL, LLC, et al.,                           :
                                                            :    12-12020 (MG)
                        Debtors.                            :
                                                            :    (Jointly Administered)
                                                            :
------------------------------------------------------------X

**REPLY OF WILMINGTON TRUST, N.A, SOLELY IN ITS CAPACITY
AS INDENTURE TRUSTEE, TO THE OBJECTION OF THE UNITED STATES
TRUSTEE TO PLAN PROPONENTS' DISCLOSURE STATEMENT**

**TO THE HONORABLE JUDGE GLENN,
UNITED STATES BANKRUPTCY JUDGE:**

Wilmington Trust, National Association (the "Wilmington Trust"), solely in its capacity as indenture trustee for various series of senior unsecured notes in the outstanding aggregate principal amount of approximately $1 billion (the "Notes") issued by Residential Capital, LLC ("Residential Capital," and with its debtor-affiliates, the "Debtors"), under that certain indenture dated as of June 24, 2005, respectfully submits this reply (the "Reply") to the

*Objection of the United States Trustee to Plan Proponents Disclosure Statement* [Docket No. 4596] (the "Objection"). In support of this Reply, Wilmington Trust represents as follows:

## REPLY

1. Wilmington Trust files this Reply for the limited purpose of addressing the United States Trustee's (the "UST") misreading of certain provisions in the Plan[1] and Disclosure Statement[2] regarding the payment of fees and expenses of the Senior Unsecured Notes Indenture Trustee.[3] The UST's characterization of the Plan to require the Debtors to pay such fees and expenses from estate assets is incorrect because the Plan expressly provides that such fees will be paid through Wilmington Trust's charging lien on distributions to Senior Unsecured Noteholders.[4] Only Senior Unsecured Noteholders—and neither the Debtors themselves nor any of their other creditors—will be ratably responsible for paying the Senior Unsecured Notes Indenture Trustee's fees and expenses. *See* Plan art. VII.G, *id.* § 241.

2. This mechanic, which is consistent with the Senior Unsecured Notes Indenture, is fully disclosed in the proposed Disclosure Statement and detailed in the Plan. *See* Disclosure

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to those terms in that certain *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* dated July 3, 2013 [Docket No. 4153].

[2] *See Disclosure Statement for the Joint Chapter 11 Plan of Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* dated July 4, 2013 [Docket No. 4157].

[3] Such fees and expenses include the reasonable fees, costs, expenses and indemnity claims of the Senior Unsecured Notes Indenture Trustee, including, but not limited to, the fees, costs and expenses of the Senior Unsecured Notes Indenture Trustees' counsel and financial advisors. *See* Plan at 31, § 245.

[4] Article VII.G of the Plan provides that such fees and expenses will be satisfied by Wilmington Trust's exercise of its charging lien provided for in the Senior Unsecured Notes Indenture on distributions made to it from the liquidating trust (in accordance with the Indenture) for distribution to the Senior Unsecured Noteholders with respect to their Class R-4 ResCap Unsecured Claims. Wilmington Trust's compensation is wholly dependent on its contractual entitlement by reason of its charging lien under the Senior Unsecured Notes Indenture to be reimbursed from distributions made for the benefit of the Senior Unsecured Noteholders. The relevant provision of the Senior Unsecured Notes Indenture is attached as Exhibit A.

2

Statement art. V.E; Plan art. VII.G. In fact, the Disclosure Statement was drafted in a way to provide sufficient and adequate information regarding the Senior Unsecured Notes Indenture Trustee's fees and expenses to enable the Senior Unsecured Noteholders to factor such amounts into their decision to vote for the Plan. *See id.*

3. As originally filed in July 2013, the proposed Disclosure Statement included a placeholder for the estimated amount of the Senior Unsecured Notes Indenture Trustee's fees and expenses through the Effective Date of the Plan. *See See* Disclosure Statement art. V.E ("Wilmington Trust has incurred, and estimates that it will incur through the Effective Date, Indenture Trustee Fees and Expenses on account of its own fees and those of all the SUN Professionals in the amount of approximately $__ . . . ."). This placeholder will be populated prior to solicitation so that the Disclosure Statement will estimate that amount with the most accurate information then available.

4. Because the Senior Unsecured Notes Indenture Trustee's fees and expenses are not being paid by the estates, there is simply no need to amend the Plan or to require Wilmington Trust to file an application as a condition to receiving payment. Nonetheless, to satisfy any latent concerns the UST has, Wilmington Trust has agreed to the inclusion of language regarding its fees and expenses in the fee chart that Wilmington Trust understands the Plan Proponents to be including in the revised Disclosure Statement.

5. In light of the foregoing, Wilmington Trust respectfully requests that the Court overrule the UST Objection as it relates to the Senior Unsecured Notes Indenture Trustee's fees and expenses.

NY1218287.1
208515-10011

Dated: New York, New York
      August 16, 2013

                                       Respectfully submitted,

                                       LOEB & LOEB LLP

                                       By:  /s/ Walter H. Curchack
                                       Walter H. Curchack
                                       Vadim J. Rubinstein
                                       345 Park Avenue
                                       New York, NY 10154
                                       (212) 407-4000

                                       *Counsel for Wilmington Trust, National Association,*
                                       *as Indenture Trustee for the Senior Unsecured Notes*
                                       *Issued by Residential Capital, LLC*

# EXHIBIT A

# RESIDENTIAL CAPITAL CORPORATION,

# ANY GUARANTORS PARTY HERETO,

and

# DEUTSCHE BANK TRUST COMPANY AMERICAS,

as Trustee

# INDENTURE

Dated as of June 24, 2005

**Debt Securities**

## TABLE OF CONTENTS

PAGE

| | | |
|---|---|---|
| ARTICLE ONE. | DEFINITIONS | 1 |
| Section 1.01. | Definitions | 1 |
| Section 1.02. | Notice to Securityholders | 10 |
| ARTICLE TWO. | ISSUE, EXECUTION, REGISTRATION AND EXCHANGE OF SECURITIES | 11 |
| Section 2.01. | Amount Unlimited; Issuable in Series | 11 |
| Section 2.02. | Form of Trustee's Certificate of Authentication | 13 |
| Section 2.03. | Form, Execution, Authentication, Delivery and Dating of Securities | 13 |
| Section 2.04. | Denominations; Record Date | 15 |
| Section 2.05. | Exchange and Registration of Transfer of Securities | 16 |
| Section 2.06. | Temporary Securities | 17 |
| Section 2.07. | Mutilated, Destroyed, Lost or Stolen Securities | 18 |
| Section 2.08. | Cancellation | 19 |
| Section 2.09. | Computation of Interest | 19 |
| Section 2.10. | Securities in Global Form | 19 |
| Section 2.11. | Medium-Term Securities | 20 |
| ARTICLE THREE. | REDEMPTION OF SECURITIES | 20 |
| Section 3.01. | Redemption of Securities; Applicability of Article | 20 |
| Section 3.02. | Notice of Redemption; Selection of Securities | 20 |
| Section 3.03. | Payment of Securities Called for Redemption | 22 |
| ARTICLE FOUR. | PARTICULAR COVENANTS OF THE COMPANY | 22 |
| Section 4.01. | Payment of Principal, Premium, Interest and Additional Amounts | 22 |
| Section 4.02. | Offices for Notices and Payments, etc. | 23 |
| Section 4.03. | Provisions as to Paying Agent | 24 |
| Section 4.04. | Luxembourg Publications | 24 |
| Section 4.05. | Statement by Officers as to Default | 25 |
| Section 4.06. | Existence | 25 |
| Section 4.07. | Limitation on Liens | 25 |
| Section 4.08. | Guarantees of Significant Subsidiaries | 25 |
| ARTICLE FIVE. | SECURITYHOLDER LISTS AND REPORTS BY THE COMPANY AND THE TRUSTEE | 26 |
| Section 5.01. | Securityholder Lists | 26 |
| Section 5.02. | Preservation and Disclosure of Lists | 26 |
| Section 5.03. | Reports by the Company | 28 |
| Section 5.04. | Reports by the Trustee | 28 |

## TABLE OF CONTENTS
(cont)

PAGE

| | | |
|---|---|---|
| ARTICLE SIX. | REMEDIES ON DEFAULT | 29 |
| Section 6.01. | Events of Default | 29 |
| Section 6.02. | Payment of Securities on Default; Suit Therefor | 31 |
| Section 6.03. | Application of Moneys Collected by Trustee | 33 |
| Section 6.04. | Proceedings by Securityholders | 33 |
| Section 6.05. | Remedies Cumulative and Continuing | 34 |
| Section 6.06. | Direction of Proceedings | 35 |
| Section 6.07. | Notice of Defaults | 35 |
| Section 6.08. | Undertaking to Pay Costs | 36 |
| ARTICLE SEVEN. | CONCERNING THE TRUSTEE | 36 |
| Section 7.01. | Duties and Responsibilities of Trustee | 36 |
| Section 7.02. | Reliance on Documents, Opinions, etc | 37 |
| Section 7.03. | No Responsibility for Recitals, etc | 38 |
| Section 7.04. | Ownership of Securities or Coupons | 38 |
| Section 7.05. | Moneys to be Held in Trust | 38 |
| Section 7.06. | Compensation and Expenses of Trustee | 38 |
| Section 7.07. | Officers' Certificate as Evidence | 39 |
| Section 7.08. | Conflicting Interest of Trustee | 39 |
| Section 7.09. | Eligibility of Trustee | 39 |
| Section 7.10. | Resignation or Removal of Trustee | 40 |
| Section 7.11. | Acceptance by Successor Trustee | 41 |
| Section 7.12. | Successor by Merger, etc | 42 |
| Section 7.13. | Limitations on Rights of Trustee as Creditor | 42 |
| ARTICLE EIGHT. | CONCERNING THE SECURITYHOLDERS | 42 |
| Section 8.01. | Action by Securityholders | 42 |
| Section 8.02. | Proof of Execution by Securityholders | 43 |
| Section 8.03. | Who Are Deemed Absolute Owners | 43 |
| Section 8.04. | Company-Owned Securities Disregarded | 44 |
| Section 8.05. | Revocation of Consents; Future Securityholders Bound | 44 |
| Section 8.06. | Securities in a Foreign Currency | 44 |
| ARTICLE NINE. | SECURITYHOLDERS' MEETINGS | 45 |
| Section 9.01. | Purposes of Meetings | 45 |
| Section 9.02. | Call of Meetings by Trustee | 45 |
| Section 9.03. | Call of Meetings by Company or Securityholders | 46 |
| Section 9.04. | Qualification for Voting | 46 |
| Section 9.05. | Regulations | 46 |

## TABLE OF CONTENTS
(cont)

| | | PAGE |
|---|---|---|
| Section 9.06. | Voting | 47 |
| ARTICLE TEN. | SUPPLEMENTAL INDENTURES | 47 |
| Section 10.01. | Supplemental Indentures Without Consent of Securityholders | 47 |
| Section 10.02. | Supplemental Indentures with Consent of Securityholders | 48 |
| Section 10.03. | Compliance with Trust Indenture Act; Effect of Supplemental Indentures | 50 |
| Section 10.04. | Notation on Securities | 50 |
| ARTICLE ELEVEN. | CONSOLIDATION, MERGER, SALE OR CONVEYANCE | 50 |
| Section 11.01. | Corporation May Consolidate, etc., on Certain Terms | 50 |
| Section 11.02. | Successor Corporation Substituted | 51 |
| Section 11.03. | Reliance by Trustee on Officers' Certificate and Opinion of Counsel | 51 |
| ARTICLE TWELVE. | SATISFACTION AND DISCHARGE OF INDENTURE; UNCLAIMED MONEYS | 51 |
| Section 12.01. | Discharge of Indenture | 51 |
| Section 12.02. | Satisfaction, Discharge and Defeasance of Securities of any Series | 52 |
| Section 12.03. | Deposited Moneys to be Held in Trust by Trustee | 54 |
| Section 12.04. | Paying Agent to Repay Moneys Held | 54 |
| Section 12.05. | Return of Unclaimed Moneys | 54 |
| ARTICLE THIRTEEN. | IMMUNITY OF INCORPORATORS, STOCKHOLDERS, OFFICERS AND DIRECTORS | 54 |
| Section 13.01. | Indenture and Securities Solely Corporate Obligations | 54 |
| ARTICLE FOURTEEN. | GUARANTEE | 55 |
| Section 14.01. | Unconditional Guarantee | 55 |
| Section 14.02. | Severability | 56 |
| Section 14.03. | Limitation of Guarantor's Liability | 56 |
| Section 14.04. | Release of Guarantor | 56 |
| Section 14.05. | Contribution | 56 |
| Section 14.06. | Waiver of Subrogation | 57 |
| Section 14.07. | Execution of Guarantee | 57 |
| Section 14.08. | Waiver of Stay, Extension or Usury Laws | 58 |
| ARTICLE FIFTEEN. | MISCELLANEOUS PROVISIONS | 58 |
| Section 15.01. | Benefits of Indenture Restricted to Parties and Securityholders | 58 |
| Section 15.02. | Provisions Binding on Company's Successors | 58 |
| Section 15.03. | Addresses for Notices, etc. | 58 |

## TABLE OF CONTENTS
### (cont)

|  |  | PAGE |
|---|---|---|
| Section 15.04. | Evidence of Compliance with Conditions Precedent | 59 |
| Section 15.05. | Legal Holidays | 59 |
| Section 15.06. | Trust Indenture Act to Control | 59 |
| Section 15.07. | Execution in Counterparts | 59 |
| Section 15.08. | New York Contract | 59 |
| Section 15.09. | Judgment Currency | 59 |
| Section 15.10. | Severability of Provisions | 60 |
| Section 15.11. | Company Released From Indenture Requirements Under Certain Circumstances | 60 |

DOCSNY1:1097587.18
11474-43

that payment of such interest is enforceable under applicable law, on overdue installments of interest and Additional Amounts, if any, at the same rate as the rate of interest specified in the Securities of such series, as the case may be (or, with respect to Original Issue Discount Securities at the rate specified in the terms of such Securities for interest on overdue principal thereof upon maturity, redemption or acceleration of such series, as the case may be), to the date of such payment or deposit), and such amount as shall be payable to the Trustee pursuant to Section 7.06, and any and all defaults under the Indenture shall have been remedied, then and in every such case the Holders of a majority in aggregate principal amount of the Securities of such series (or of all the Securities, as the case may be) then outstanding, by written notice to the Company and to the Trustee, may waive all defaults with respect to that series or with respect to all Securities, as the case may be and rescind and annul such declaration and its consequences; but no such waiver or rescission and annulment shall extend to or shall affect any subsequent default or shall impair any right consequent thereon. If the principal of all Securities shall have been declared to be payable pursuant to this Section 6.01, in determining whether the Holders of a majority in aggregate principal amount thereof have waived all defaults and rescinded and annulled such declaration, all series of Securities shall be treated as a single class and the principal amount of Original Issue Discount Securities shall be deemed to be the amount declared payable under the terms applicable to such Original Issue Discount Securities.

In case the Trustee shall have proceeded to enforce any right under this Indenture and such proceedings shall have been discontinued or abandoned because of such recession and annulment or for any other reason or shall have been determined adversely to the Trustee, then and in every such case the Company, Trustee and the Holders of Securities, as the case may be, shall be restored respectively to their former positions and rights hereunder, and all rights, remedies and powers of the Company, the Trustee and the Holders of Securities, as the case may be, shall continue as though no such proceedings had been taken.

Section 6.02. *Payment of Securities on Default; Suit Therefor*. The Company covenants that (1) in case default shall be made in the payment of any installment of interest, if any, on any of the Securities of any series or any Additional Amounts payable in respect of any of the Securities of any series, as and when the same shall become due and payable, and such default shall have continued for a period of thirty days or (2) in case default shall be made in the payment of the principal of (or premium, if any, on) any of the Securities of any series, as and when the same shall have become due and payable, whether upon maturity of such series or upon redemption or upon declaration or otherwise, then upon demand of the Trustee, the Company will pay to the Trustee, for the benefit of the Holders of the Securities of such series, and the Coupons, if any, appertaining to such Securities, the whole amount that then shall have become due and payable on all such Securities of such series and such Coupons, for principal (and premium, if any) or interest, if any, or Additional Amounts, if any, as the case may be, with interest upon the overdue principal (and premium, if any) and (to the extent that payment of such interest is enforceable under applicable law) upon overdue installments of interest, if any, and Additional Amounts, if any, at the same rate as the rate of interest specified in the Securities of such series (or, with respect to Original Issue Discount Securities, at the rate specified in the terms of such Securities for interest on overdue principal thereof upon maturity, redemption or acceleration); and, in addition thereto, such further amounts as shall be payable pursuant to Section 7.06.

In case the Company shall fail forthwith to pay such amounts upon such demand, the Trustee, in its own name and as trustee of an express trust, shall be entitled and empowered to institute any action or proceedings at law or in equity for the collection of the sums so due and unpaid, and may prosecute any such action or proceedings to judgment or final decree, and may enforce any such judgment or final decree against the Company or other obligor upon such Securities and collect in the manner provided by law out of the property of the Company or other obligor upon such Securities wherever situated the moneys adjudged or decreed to be payable.

In case there shall be pending proceedings for the bankruptcy or for the reorganization of the Company or any other obligor upon Securities of any series under Title 11 of the United States Code or any other applicable law, or in case a receiver or trustee shall have been appointed for the property of the Company or such other obligor, or in case of any other judicial proceedings relative to the Company or such other obligor, or to the creditors or property of the Company or such other obligor, the Trustee, irrespective of whether the principal of the Securities of such series shall then be due and payable as therein expressed or by declaration or otherwise and irrespective of whether the Trustee shall have made any demand pursuant to the provisions of this Section, shall be entitled and empowered, by intervention in such proceedings or otherwise, to file and prove a claim or claims for the whole amount of principal (or, with respect to Original Issue Discount Securities, such portion of the principal amount as may be specified in the terms of that series), and premium, if any, interest, if any, and Additional Amounts, if any, owing and unpaid in respect of the Securities of such series, and to file such other papers or documents as may be necessary or advisable in order to have the claims of the Trustee under Section 7.06 and of the Holders of the Securities and Coupons of such series allowed in any such judicial proceedings relative to the Company or other obligor upon the Securities of such series, or to the creditors or property of the Company or such other obligor, and to collect and receive any moneys or other property payable or deliverable on any such claims, and to distribute all amounts received with respect to the claims of the Securityholders of such series and of the Trustee on their behalf; and any receiver, assignee or trustee in bankruptcy or reorganization is hereby authorized by each of the Holders of the Securities and Coupons of such series to make payments to the Trustee and, in the event that the Trustee shall consent to the making of payments directly to the Securityholders of such series, to pay to the Trustee such amount as shall be sufficient to cover reasonable compensation to the Trustee, its agents, attorneys and counsel, and all other reasonable expenses and liabilities incurred, and all advances made, by the Trustee except as a result of its negligence or bad faith.

Nothing herein contained shall be deemed to authorize the Trustee to authorize or consent to or accept or adopt on behalf of any Holder any plan of reorganization, arrangement, adjustment or composition affecting the Securities or the rights of any Holder thereof, or to authorize the Trustee to vote in respect of the claim of any Holder in any such proceeding.

All rights of action and of asserting claims under this Indenture, or under any of the Securities, may be enforced by the Trustee without the possession of any of the Securities or Coupons appertaining to such Securities, or the production thereof on any trial or other proceedings relative thereto, and any such action or proceedings instituted by the Trustee shall be brought in its own name and as trustee of an express trust, and any recovery of judgment shall be for the ratable benefit of the Holders of the Securities or Coupons appertaining thereto.

In case of a default hereunder the Trustee may in its discretion proceed to protect and enforce the rights vested in it by this Indenture by such appropriate judicial proceedings as the Trustee shall deem most effectual to protect and enforce any of such rights, either at law or in equity or in bankruptcy or otherwise, whether for the specific enforcement of any covenant or agreement contained in this Indenture or in aid of the exercise of any power granted in this Indenture, or to enforce any other legal or equitable right vested in the Trustee by this Indenture or by law.

Section 6.03. *Application of Moneys Collected by Trustee.* Any moneys collected by the Trustee pursuant to Section 6.02 shall be applied in the order following, at the date or dates fixed by the Trustee and, in case of the distribution of such moneys on account of principal (or premium, if any) or interest, if any, upon presentation of the several Securities and Coupons in respect of which moneys have been collected, and stamping thereon the payment, if only partially paid, and upon surrender thereof, if fully paid:

FIRST: To the payment of the amounts payable to the Trustee pursuant to Section 7.06;

SECOND: In case the principal of the Securities in respect of which moneys have been collected shall not have become due, to the payment of interest, if any, and Additional Amounts, if any, on the Securities of such series in the order of the maturity of the installments of such interest, with interest (to the extent that such interest has been collected by the Trustee) upon the overdue installments of interest at the same rate as the rate of interest, if any, and Additional Amounts, if any, specified in the Securities of such series (or, with respect to Original Issue Discount Securities, at the rate specified in the terms of such Securities for interest on overdue principal thereof upon maturity, redemption or acceleration), such payments to be made ratably to the Persons entitled thereto, without discrimination or preference; and

THIRD: In case the principal of the Securities in respect of which moneys have been collected shall have become due, by declaration or otherwise, to the payment of the whole amount then owing and unpaid upon the Securities of such series for principal (and premium, if any), interest, if any, and Additional Amounts, if any, and (to the extent that such interest has been collected by the Trustee) upon overdue installments of interest, if any, and Additional Amounts, if any, at the same rate as the rate of interest specified in the Securities of such series (or, with respect to Original Issue Discount Securities, at the rate specified in the terms of such Securities for interest on overdue principal thereof upon maturity, redemption or acceleration); and in case such moneys shall be insufficient to pay in full the whole amount so due and unpaid upon the Securities of such series, then to the payment of such principal (and premium, if any), interest, if any, and Additional Amounts, if any, without preference or priority of principal (and premium, if any), over interest, if any, and Additional Amounts, if any, or of interest, if any, and Additional Amounts, if any, over principal (and premium, if any), or of any installment of interest, if any, or Additional Amounts, if any, over any other installment of interest, if any, or Additional Amounts, if any, or of any Security of such series over any other Security of such series, ratably to the aggregate of such principal (and premium, if any), and accrued and unpaid interest, if any, and Additional Amounts, if any.

Section 6.04. *Proceedings by Securityholders.* No Holder of any Security of any series or of any Coupon appertaining thereto shall have any right by virtue or by availing of any

Trustee reasonable security or indemnity against the costs, expenses, and liabilities which might be incurred therein or thereby;

(e) the Trustee shall not be bound to make any investigation into the facts or matters stated in any resolution, certificate, statement, instrument, opinion, report, notice, request, direction, consent, order, bond, debenture, note, coupon or other paper or document, but the Trustee, in its discretion, may make such further inquiry or investigation into such facts or matters as it may see fit, and, if the Trustee shall determine to make such further inquiry or investigation, it shall be entitled to examine the books, records and premises of the Company, personally or by agent or attorney;

(f) the Trustee may execute any of the trusts or powers hereunder or perform any duties hereunder either directly or by or through agents or attorneys, provided, however, that the Trustee shall be responsible for any misconduct or negligence on the part of any agent or attorney appointed by it hereunder; and

(g) the Trustee shall not be liable for any action taken by it in good faith and believed by it to be authorized or within the discretion or rights or powers conferred upon it by this Indenture.

Section 7.03. *No Responsibility for Recitals, etc.* The recitals contained herein and in the Securities, other than the Trustee's certificate of authentication, shall be taken as the statements of the Company, and the Trustee assumes no responsibility for the correctness of the same. The Trustee makes no representations as to the validity or sufficiency of this Indenture, the Guarantees or of the Securities, provided that the Trustee shall not be relieved of its duty to authenticate Securities only as authorized by this Indenture. The Trustee shall not be accountable for the use or application by the Company of Securities or the proceeds thereof.

Section 7.04. *Ownership of Securities or Coupons.* The Trustee or any agent of the Company or of the Trustee, in its individual or any other capacity, may become the owner or pledgee of Securities or Coupons with the same rights it would have if it were not Trustee, or an agent of the Company or of the Trustee.

Section 7.05. *Moneys to be Held in Trust.* Subject to the provisions of Section 12.04 hereof, all moneys received by the Trustee or any paying agent shall, until used or applied as herein provided, be held in trust for the purposes for which they were received but need not be segregated from other funds except to the extent required by law. Neither the Trustee nor any paying agent shall be under any liability for interest on any moneys received by it hereunder except such as it may agree with the Company to pay thereon. So long as no Event of Default shall have occurred and be continuing, all interest allowed on any such moneys shall be paid from time to time upon the written order of the Company, signed by its Chairman of the Board of Directors or any Vice Chairman of the Board of Directors or its President or any Executive Vice President or any Senior Vice President or any Vice President or any Managing Director or its Treasurer or any Assistant Treasurer.

Section 7.06. *Compensation and Expenses of Trustee.* The Company covenants and agrees to pay to the Trustee from time to time, and the Trustee shall be entitled to, reasonable

compensation, and, except as otherwise expressly provided the Company will pay or reimburse the Trustee upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any of the provisions of this Indenture (including the reasonable compensation, expenses and disbursements of its counsel and of all Persons not regularly in its employ) except any such expense, disbursement or advance as may arise from its negligence or bad faith. If any property other than cash shall at any time be subject to the lien of this Indenture, the Trustee, if and to the extent authorized by a receivership or bankruptcy court of competent jurisdiction or by the supplemental instrument subjecting such property to such lien, shall be entitled to make advances for the purpose of preserving such property or of discharging tax liens or other prior liens or encumbrances hereon. The Company also covenants to indemnify the Trustee for, and to hold it harmless against, any loss, liability or reasonable expense incurred without negligence or bad faith on the part of the Trustee, arising out of or in connection with the acceptance or administration of this trust, including the reasonable costs and expenses of defending itself against any claim of liability in the premises. The obligations of the Company under this Section to compensate the Trustee and to pay or reimburse the Trustee for reasonable expenses, disbursements and advances shall constitute additional indebtedness hereunder, and shall survive discharge of the Indenture, payment in full at maturity of the Notes, and resignation or removal of the Trustee. Such additional indebtedness shall be secured by a lien prior to that of the Securities upon all property and funds held or collected by the Trustee as such, except funds held in trust for the benefit of the Holders of particular Securities or Coupons.

Section 7.07. *Officers' Certificate as Evidence*. Subject to the provisions of Section 7.01, whenever in the administration of the provisions of this Indenture the Trustee shall deem it necessary or desirable that a matter be proved or established prior to taking or suffering any action to be taken hereunder, such matter (unless other evidence in respect thereof be herein specifically prescribed) may, in the absence of negligence or bad faith on the part of the Trustee, be deemed to be conclusively proved and established by an Officers' Certificate delivered to the Trustee, and such Certificate, in the absence of negligence or bad faith on the part of the Trustee, shall be full warrant to the Trustee for any action taken, suffered or omitted by it under the provisions of this Indenture upon the faith thereof.

Section 7.08. *Conflicting Interest of Trustee*. The Trustee shall comply with Section 310(b) of the Trust Indenture Act.

Section 7.09. *Eligibility of Trustee*. There shall at all times be a trustee hereunder which shall be a corporation organized and doing business under the laws of the United States or of any State or Territory thereof or of the District of Columbia, which (a) is authorized under such laws to exercise corporate trust powers and (b) is subject to supervision or examination by Federal, State, Territorial or District of Columbia authority and (c) shall have at all times a combined capital and surplus of not less than twenty-five million dollars. If such corporation publishes reports of condition at least annually, pursuant to law, or to the requirements of the aforesaid supervising or examining authority, then for the purposes of this Section, the combined capital and surplus of such corporation at any time shall be deemed to be its combined capital and surplus as set forth in its most recent report of condition so published. In case at any time the Trustee shall cease to be eligible in accordance with the provisions of this Section, the Trustee shall resign immediately in the manner and with the effect specified in Section 7.10.