UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------

In re:                                                                          Chapter 11

RESIDENTIAL CAPITAL, LLC *et al.*,                         Case No. 12-12020 (MG)

                           Debtors.                                   Jointly Administered

-------------------------------------------------------------

**PROTECTIVE ORDER WITH RESPECT TO THE APPLICATION OF REDWOOD
RECOVERY SERVICES, LLC AND ELEVENHOME LIMITED FOR AN ORDER
DIRECTING DEBTOR GMAC MORTGAGE, LLC TO PRODUCE DOCUMENTS AND
APPEAR FOR ORAL EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE**

**1.    PURPOSES AND LIMITATIONS**

1.1    On June 28, 2013, Redwood Recovery Services, LLC ("Redwood") and Elevenhome Limited ("Elevenhome", and together with Redwood, the "Applicants") filed a *Notice of Application by Redwood Recovery Services, LLC and Elevenhome Limited for an Order Directing Debtor GMAC Mortgage, LLC to Produce Documents and Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* (the "Application") [Docket No. 4111].

1.2    The Applicants assert that they hold judgments totaling over $17 million (the "Judgments") against American Residential Equities, LLC, plaintiff in *American Residential Equities, LLC v. GMAC Mortgage, LCC et al.,* Case No. 12-01934 (the "Adversary Proceeding"), and one of ARE's affiliates, American Residential Equities LIII, LLC (together, "ARE"). The Applicants assert that the Judgments give the Applicants a direct interest in all of ARE's assets subject to execution, including, without limitation, any recoveries against debtor GMAC Mortgage, LLC ("GMACM") in the Adversary Proceeding, the Florida Action (as defined in the Stipulation) and these bankruptcy cases generally . Accordingly, in the

Application, the Applicants request GMACM to produce certain documents relating to the Adversary Proceeding and the Florida Action.

1.3     GMACM has agreed to produce certain documents to the Applicants pursuant to the terms of a *Stipulation and Order with Respect to the Application of Redwood Recovery Services, LLC and Elevenhome Limited for an Order Directing Debtor GMAC Mortgage, LLC to Produce Documents and Appear for Oral Examination Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure* that is being entered into contemporaneously herewith (the "Stipulation").  GMACM will be producing Confidential Material (as defined below), including personally identifying Borrower Information (as defined below) subject to the protection of the Gramm-Leach-Bliley Act and equivalent federal and state laws and regulations, and other private or commercially sensitive information for which special protection from public disclosure and from use for any purpose other than enforcement and collection of the Judgments from ARE and its principals, affiliate judgment debtors and transferees is warranted.  Accordingly, the Applicants and GMACM hereby stipulate to and petition the Court to enter the following stipulated protective order (the "Order") pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence.

**2.     DEFINITIONS**

2.1     Borrower Information: any information relating to any non-party to the Order that constitutes "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, including, but not limited to, any portion of a mortgage loan file, spreadsheet or other document or data set that includes financial or credit information for any person together with personally identifiable information with

respect to such person, including, but not limited to, name, address, Social Security number, loan number, telephone number, or place or position of work.

    2.2    Confidential Material: all items and information produced or given by GMACM in response to the Application -- regardless of the medium or manner generated, stored, or maintained and regardless of whether such items and information are designated by GMACM as confidential -- except that documents that (i) have been publicly filed or recorded or (ii) are lawfully obtained by the Applicants from a source other than GMACM are not Confidential Material.

**3.    SCOPE**

    3.1    The protections conferred by this Order cover not only Confidential Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the Applicants or their counsel in settings that might reveal Confidential Material.

**4.    DURATION**

    4.1    The confidentiality obligations imposed by this Order shall remain in effect until GMACM agrees otherwise in writing or this Court orders otherwise.

**5.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

    5.1    The Applicants may access or use Confidential Material that is disclosed or produced by GMACM only in connection with the enforcement and collection of the Judgments from ARE and its principals, affiliate judgment debtors and transferees. Except as required by law (including court order or subpoena), Confidential Material may not be used for any other purpose.  Confidential Material may be disclosed only to the categories of persons and under the

conditions described in this Order. Following expiration of the Judgments, the Applicants must comply with the provisions of section 8 of this Order.

5.2    Confidential Material must be stored and maintained by the Applicants at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.3    <u>Disclosure of Confidential Material</u>: Unless otherwise permitted in writing by GMACM or ordered by the Court, Confidential Material may be disclosed only to the following persons:

    (a)    the Applicants and their members, officers, directors and employees;

    (b)    the Applicants' counsel;

    (c)    experts, independent contractors and/or consultants retained by the Applicants or their counsel to serve as an expert witness or consultant or to otherwise assist Applicants in connection with the enforcement and collection of the Judgments, <u>provided</u> that any part of a report created by such experts, independent contractors or consultants incorporating Confidential Material in whole or in part shall be designated appropriately as confidential; and <u>provided further</u> that such persons/entities agree to preserve the confidentiality of Confidential Material and to be bound by the terms of this Order and may not use Confidential Material to their competitive advantage or for any purpose that does not relate to the Applicants' enforcement and collection of the Judgments;

    (d)    a court and its personnel, court reporters and/or videographers and their staffs, to the extent that such disclosure is reasonably necessary for the collection of the Judgments from ARE;

    (e)    deponents or witnesses, and their counsel, to the extent that such disclosure is reasonably necessary for the collection of the Judgments ; <u>provided</u> that such parties and their counsel agree to preserve the confidentiality of Confidential Material and to be bound by the terms of this Order;

    (f)    any other person or entity agreed to by GMACM in writing.

    5.4    <u>Retention of Confidential Material:</u> Unless otherwise agreed to by GMACM in writing or ordered by the Court, no persons or entities who have been shown Confidential Material shall retain copies thereof.

**6.**    **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

    6.1    If the Applicants learn that, by inadvertence or otherwise, they have disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the Applicants must, as soon as practicable, but in any event, not longer than two (2) weeks after discovery by counsel of record of the disclosure, (a) notify in writing GMACM of the unauthorized disclosures, (b) make reasonable efforts to retrieve all copies of the Confidential Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order. The Applicants agree that irreparable harm would occur in the event of unauthorized disclosure of Confidential Material. Accordingly, GMACM shall be entitled to seek equitable relief, including specific performance, in the event of any unauthorized disclosure of Confidential Material.

**7.     FILING CONFIDENTIAL MATERIAL**

7.1    In the event that in connection with any hearing or motion filed in the collection of the Judgments, counsel for the Applicants determines to file or submit in writing to the Clerk of Court's office any Confidential Material, or any papers containing or making reference to the substance of such material or information, unless GMACM agrees in writing otherwise, such documents or portions thereof containing or making reference to such material or information shall be filed with a request that the documents be filed under seal in accordance with the rules of the Court or administrative tribunal, and kept under seal until further order of the Court or tribunal. In the event that the Court or administrative tribunal denies the request for filing under seal, the Applicants shall promptly notify counsel to GMACM of such denial and unless required to file earlier pursuant to Court or administrative order, the Applicants shall not file such Confidential Material with the Court until at least five business days after notice to counsel to GMACM, in order to provide GMACM with an opportunity to object to the filing.

**8.     FINAL DISPOSITION**

8.1    Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by GMACM, within sixty (60) calendar days after the expiration of the Judgments, the Applicants shall undertake reasonable efforts to return to GMACM all Confidential Material or, at the option of GMACM, to destroy all Confidential Material.  In either case, the Applicants shall provide GMACM with a certification stating that it has taken reasonable efforts to destroy or return the Confidential Material.

8.2    If the Applicants take the position that they cannot comply with the return or destruction provisions of this section within the 60-day destruction period, and that they must instead retain documents for a longer period of time pursuant to the "[e]xcept as provided by law

6

or other regulatory authority" provision of this section, then they must, in their certification, (i) state the law or other regulatory authority they believe requires them to retain those documents, and (ii) describe the documents they intend to retain pursuant to that law or regulatory authority. Any such archival copies that are subject to this Order shall remain subject to this Order until GMACM agrees otherwise in writing or this Court orders otherwise.

8.3    This Order shall survive the expiration of the Judgments, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of the Adversary Proceeding. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by counsel of record for GMACM or by an Order of the Court.

**9.    PRODUCTION OF BORROWER INFORMATION BY GMACM**

9.1    To the extent any federal or state law or other legal authority governing the disclosure or use of Borrower Information (hereinafter, "<u>Borrower Information Law</u>") conditions disclosure of such information on obtaining an order of a court, this Order shall constitute compliance with such requirement.

9.2    To the extent any Borrower Information Law requires a producing party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Borrower Information, the Court finds that, in view of the protections provided for in this Order and the volume of documents to be produced, there is good cause to excuse such requirement and this Order shall constitute an express direction that GMACM is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Borrower Information.

9.3    To the extent that any Borrower Information Law requires that any person or entity be notified prior to disclosure of Borrower Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for in this Order and the volume of documents to be produced, GMACM is explicitly prohibited from providing such notice prior to the production described in this Order.

## 10.    SUBPOENA BY OTHER COURTS OR AGENCIES

10.1    If another court or an administrative agency subpoenas or orders production of Confidential Material produced in response to the Application and subject to this Order, the Applicants shall promptly notify GMACM of the pendency of such subpoenas or order and provide GMACM with an opportunity to object to the production.  If, in the absence of a protective order or the receipt of a waiver hereunder, Applicants are, nonetheless, compelled to disclose Confidential Information or else stand liable for contempt or suffer other censure or penalty, Applicants may disclose such information pursuant to such request or requirement without liability hereunder.

## 11.    RESPONSIBILITY OF ATTORNEYS

11.1    The Applicants' primary counsel of record, Levine Kellogg Lehman Schneider + Grossman LLP, shall notify the Applicants of their obligations hereunder and provide the Applicants with a copy of this Order.

## 12.    MISCELLANEOUS

12.1    <u>Right to Assert Other Objections</u>: By stipulating to the entry of this Order, GMACM does not waive any rights it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, GMACM does not

8

waive any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Order.

12.2 <u>Governing Law</u>: Except to the extent that federal law may be applicable, this Order is governed by, interpreted under, and construed and enforced in accordance with the laws of the State of New York without regard to conflict of law principles. Any dispute between the parties regarding this Order shall be resolved by making an appropriate application to this Court in accordance with the Rules of the Court and other applicable rules.

**SO ORDERED.**

Dated: August 16, 2013
       New York, New York

                                          **_/s/Martin Glenn_**
                                        MARTIN GLENN
                             United States Bankruptcy Judge