**Hearing Date and Time: September 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: September 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**

1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
|  | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
-------------------------------------------------------------------

**NOTICE OF DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO
CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *Debtors'*
*Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient*
*Documentation)* (the "Omnibus Objection"), which seeks to alter your rights by
disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **September 24, 2013 at 10:00 a.m. (Prevailing Eastern Time)** before
the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern

District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **September 16, 2013 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) counsel to the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, NY 10104 (Attention: Gary S. Lee, Norman S. Rosenbaum, and Jordan A. Wishnew); (b) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY  10014 (Attention: Tracy Hope Davis, Linda A. Riffkin, and Brian S. Masumoto); (c) the Office of the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attention: US Attorney General, Eric H. Holder, Jr.); (d)  Office of the New York State Attorney General, The Capitol, Albany, NY 12224-0341 (Attention: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (e) Office of the U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attention: Joseph N. Cordaro, Esq.); (f) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East 53rd Street, New York, NY 10022 (Attention: Richard M. Cieri and Ray Schrock); (g) counsel for the Official Committee of Unsecured Creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY

10036 (Attention: Kenneth Eckstein and Douglas Mannal); (h) counsel for Ocwen Loan

Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY 10019

(Attention: Jennifer C. DeMarco and Adam Lesman); (i) counsel for Berkshire Hathaway

Inc., Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071

(Attention:  Thomas Walper and Seth Goldman); (j) Internal Revenue Service, P.O. Box

7346, Philadelphia, PA 19101-7346 (if by overnight mail, to 2970 Market Street, Mail

Stop  5-Q30.133,  Philadelphia,  PA  19104-5016);  (k) Securities  and  Exchange

Commission, New York Regional Office, 3 World Financial Center, Suite 400, New

York, NY 10281-1022 (Attention: George S. Canellos, Regional Director); and (l)

Special Counsel to the Official Committee of Unsecured Creditors, SilvermanAcampora

LLP, 100 Jericho Quadrangle, Suite 300, Jericho, NY  11753 (Attention:  Ronald J.

Friedman and Robert D. Nosek).

    **PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a

written response to the relief requested in the Omnibus Objection, the Bankruptcy Court

may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an

order granting the relief requested in the Omnibus Objection without further notice or

hearing.

Dated:  August 16, 2013
        New York, New York

Respectfully submitted,


/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
-------------------------------------------------------------------

**DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**
**(BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON
<u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT
DEBTORS' COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

Residential Capital, LLC and its affiliated debtors, in the above-captioned chapter

11 cases (the "<u>Chapter 11 Cases</u>"), as debtors and debtors in possession (collectively, the

"<u>Debtors</u>"), respectfully represent:

## **RELIEF REQUESTED**

1.      The Debtors file this twenty-sixth omnibus claims objection (the

"Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry

of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as

Exhibit 5, disallowing and expunging the claims listed on Exhibit A[1] annexed to the Proposed

Order.  In support of the Objection, the Debtors submit the declaration of Deanna Horst, Senior

Director of Claims Management for Residential Capital, LLC (the "Horst Declaration", attached

hereto as Exhibit 1), the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP,

counsel to the Debtors (the "Rosenbaum Declaration", attached hereto as Exhibit 2), and the

declaration of Robert D. Nosek of SilvermanAcampora LLP as Special Counsel ("Special

Counsel") to the Creditors' Committee for Borrower Issues (the "Nosek Declaration", attached

hereto as Exhibit 3).

2.      The Debtors, in consultation with Special Counsel, have determined that

the proofs of claim identified on Exhibit A to the Proposed Order (collectively, the "Insufficient

Documentation Claims") lack sufficient supporting documentation as to their validity and

amount and have no basis in the Debtors' books and records.  Such determination was made after

the respective holders of the Insufficient Documentation Claims were given an opportunity under

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained
by KCC (defined herein).

the Procedures Order to supply supporting documentation.  Accordingly, the Debtors request that the Insufficient Documentation Claims be disallowed and expunged in their entirety.

3.　　　The Insufficient Documentation Claims only include claims filed by current or former borrowers (collectively, the "Borrower Claims" and each a "Borrower Claim"). As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

4.　　　The Debtors expressly reserve all rights to object on any other basis to any Insufficient Documentation Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

5.　　　This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

6.　　　On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.　　　On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

---

[2]　　The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

8.      On June 20, 2012, the Court directed that an examiner be appointed, and on July 3, 2012, the Court approved Arthur J. Gonzalez as the Examiner [Docket Nos. 454, 674]. The Examiner's report was filed under seal on May 13, 2013 [Docket No. 3698]. The report was subsequently unsealed on June 26, 2013 [Docket No. 4099].

9.      On July 3, 2013, the Debtors and the Creditors' Committee filed the *Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4153] and the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 4157]. The hearing to consider approval of the Disclosure Statement is scheduled for August 21, 2013.

10.     On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain an official claims register for the Debtors.

11.     To date, over 6,870 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Debtors' claims register.

12.     On March 21, 2013, the Court entered the Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various grounds, including that "the Claims do not include sufficient documentation to ascertain the validity of the Claims[.]" See Procedures Order at 2, 3.

13.     Based on substantial input from counsel to the Creditors' Committee and Special Counsel, the Procedures Order includes specific protections for Borrowers and sets forth

a process for the Debtors to follow before objecting to certain categories of Borrower Claims

(the "Borrower Claim Procedures").

14.     The Borrower Claim Procedures generally provide, *inter alia*, that prior to

objecting to Borrower Claims, the Debtors must (i) consult with Special Counsel and provide

Special Counsel with a list of the claims at issue, and (ii) review their books and records to

determine if any amounts are owed to such Borrowers.  For Borrower Claims filed with no or

insufficient documentation, prior to filing an objection, the Debtors, in cooperation with Special

Counsel, must also send each Borrower claimant a letter, with notice to Special Counsel,

requesting additional documentation in support of the purported claim (the "Request Letter").

See Procedures Order at 4.

15.     In connection with the claims reconciliation process, the Debtors

identified the Insufficient Documentation Claims as claims filed by Borrowers that either (i) fail

to identify the amount of the claim and the basis for the claim or (ii) identify the claim amount

but do not provide any explanation or attach any supporting documentation to substantiate the

claim amount.

16.     Beginning in May 2013, after consulting with Special Counsel, the

Debtors sent Request Letters, substantially in the form as those attached as Exhibit 4, to the

Borrowers who filed the Insufficient Documentation Claims requesting additional documentation

in support of such claims.  The Request Letters state that the claimant must respond within 30

days (the "Response Deadline") with an explanation that states the legal and factual reasons why

the claimant believes it is owed money or is entitled to other relief from the Debtors and the

claimant must provide copies of any and all documentation that the claimant believes supports

the basis for its claim.  See Request Letters at 1.  The Request Letters further state that if the

claimant does not provide the requested explanation and supporting documentation within 30

days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim

disallowed and permanently expunged.  Id.

17.     The Response Deadline passed, and the Debtors have not received any

response to the Request Letters from the holders of the Insufficient Documentation Claims.  (See

Horst Declaration ¶ 4; Nosek Declaration ¶¶ 5, 8).  Accordingly, the Debtors file this Objection

seeking to disallow the Insufficient Documentation Claims.

## THE INSUFFICIENT DOCUMENTATION CLAIMS
## SHOULD BE DISALLOWED AND EXPUNGED

18.     After consulting with Special Counsel and complying with the Borrower

Claim Procedures, the Debtors determined that the Insufficient Documentation Claims listed on

Exhibit A to the Proposed Order are claims that should be disallowed and expunged because they

lack sufficient documentation to substantiate the asserted claim amount and are unsupported by

the Debtors' books and records.  (See Horst Declaration ¶¶ 4, 5).

19.     A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See

In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp.,

Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In

re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion

is on the holder of a proof of claim to establish a valid claim against a debtor.  In re Allegheny

Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re

Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden

of persuasion as to the allowance of [its] claim.").

20.     Bankruptcy Rule 3001(c)(1) instructs that:

> [w]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

21.     If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity.  See Ashford v.  Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (J. Glenn).

22.     Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed.  See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim."); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg, 442 B.R. at 220-22 (applying Minbatiwalla to analysis).

23.     In this case, the claimants who filed the Insufficient Documentation Claims failed to attach any or adequate supporting documentation to demonstrate the validity of their claims, see Horst Declaration ¶ 4, and the claimants fail to provide any explanation as to why such documentation is unavailable.  Id.  The Debtors diligently evaluated the information provided by the claimants in their proofs of claim and proceeded to contact each of the claimants to request additional information so that the Debtors could reconcile the filed claims with their

books and records.  Id.  The claimants failed to respond to the Debtors' requests, id., and the

Debtors' books and records do not reflect any present liability due and owing to the claimants

identified in Exhibit A to the Proposed Order.

24.    Therefore, to avoid the possibility that the claimants at issue receive

improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not

prejudiced by such improper recoveries, the Debtors request that the Court disallow and expunge

in their entirety each of the Insufficient Documentation Claims.

## NOTICE

25.    The Debtors have served notice of the Objection in accordance with the

Case Management Procedures [Docket No. 141] and the Procedures Order.  The Debtors submit

that no other or further notice need be provided.

## NO PRIOR REQUEST

26.    No previous request for the relief sought herein as against the holders of

the Insufficient Documentation Claims has been made by the Debtors to this or any other court.

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court enter an order

substantially in the form of the Proposed Order granting the relief requested herein and granting

such other relief as is just and proper.

Dated:  August 16, 2013
        New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

## **Exhibit 1**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

                              Debtors.

-------------------------------------------------------------------

)
)
)
)
)
)
)
)
)

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**DECLARATION OF DEANNA HORST IN SUPPORT OF DEBTORS'**
**TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**
**(BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)**

I, Deanna Horst, hereby declare as follows:

        1.        I am the Senior Director of Claims Management for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors and debtors in possession in the above-

captioned Chapter 11 Cases (collectively, the "Debtors").  I have been employed by affiliates of

ResCap since August of 2001, and have held my current position since June of 2012.  I began my

association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with

managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the

Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and

Compliance—a position I held until 2006, at which time I became the Vice President of the

Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I

became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC

and Ally Bank in this role.  In my current position, I am responsible for Claims Management and

Reconciliation and Client Recovery.  I am authorized to submit this declaration (the

"Declaration") in support of the *Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "Objection").[1]

2.        Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.        In my capacity as Senior Director of Claims Management, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records, the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.  In connection with such review and analysis, where applicable, the Debtors have reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[1]        Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  In this case, the claimants who filed the Insufficient Documentation Claims, listed on Exhibit A to the Proposed Order, failed to attach any or adequate supporting documentation to demonstrate the validity of these claims.  The Debtors diligently evaluated any information provided by the claimants in their proofs of claim and, in accordance with the Borrower Claim Procedures, the Debtors proceeded to contact each of the claimants and request that they provide additional information so that the Debtors could reconcile the filed claims with the Debtors' books and records.  Beginning in May 2013, the Debtors sent Request Letters, substantially in the form as those attached at Exhibit 4 to the Objection, to the claimants requesting additional documentation in support of the Insufficient Documentation Claims.  The claimants failed to respond to the Debtors' requests and have not provided the Debtors with an explanation as to why such documentation is unavailable.  To the extent the claimants provided information in their proofs of claim that allowed the Debtors to identify the claimants in the Debtors' books and records, the Debtors confirmed that their books and records do not reflect any present liability due and owing to such claimants.

5.      Before filing this Objection, the Debtors fully complied with the Borrower Claim Procedures set forth in the Procedures Order, including consulting with Special Counsel as to the scope of the Objection.

6.      Accordingly, based upon this review, and for the reasons set forth in the Objection, I have determined that each Insufficient Documentation Claim that is the subject of the Objection should be afforded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated:  August 16, 2013

/s/ Deanna Horst
Deanna Horst
Senior Director of Claims Management for
Residential Capital, LLC

## Exhibit 2

**Rosenbaum Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

|                          | ) |                          |
|--------------------------|---|--------------------------|
| In re:                   | ) | Case No. 12-12020 (MG)   |
|                          | ) |                          |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|                          | ) |                          |
| Debtors.                 | ) | Jointly Administered     |
|                          | ) |                          |

---------------------------------------------------------------------

**DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF**
**DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**
<u>**(BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)**</u>

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.       I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").  M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 1290 Avenue of the Americas, New York, New York 10104.  I am an attorney duly admitted to practice before this Court and the courts of the State of New York.  By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital, LLC and its affiliated debtors (the "<u>Debtors</u>").

2.       I submit this declaration (the "<u>Declaration</u>") in support of the Debtors' Twenty-sixth Omnibus Objection to Claims (the "<u>Objection</u>") and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "<u>Bankruptcy Code</u>") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "<u>Claims Objection Procedures Order</u>").

3.       It is my understanding that in connection with the filing of the Objection, the

Debtors have complied with the Claim Objection Procedures.  I have been advised by M&F

attorneys under my supervision that in accordance with the Claims Objection Procedures Order,

prior to filing the Objection, the Debtors' personnel: (i) provided SilvermanAcampora LLP as

Special Counsel to the Creditors' Committee for Borrower Issues ("Special Counsel") with a

preliminary Borrower Claim List[1] that included each proof of claim that the Debtors intended to

include in the Objection (the "Objection Claim List"); and (ii) conferred with Special Counsel to

ensure the accuracy of that list, and agreed with Special Counsel on a final Objection Claim List.

In arriving at the final Objection Claim List, I am further advised that the Debtors first reviewed

that list and the corresponding proofs of claim to determine if such claims were actually filed

with no supporting documentation, or documentation insufficient to determine the amount,

priority, and/or validity of such claims, and thereafter, the Debtors conferred with Special

Counsel and agreed that each claimant on the Objection Claim List should receive a request

letter.

4.      I am further advised that the Debtors also conferred with Special Counsel in

drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to

those Borrowers that the Debtors and Special Counsel agreed should receive a Request Letter,

with the Debtors providing copies of such letters to Special Counsel.

5.      To the best of my knowledge, prior to the filing of the Objection, both the Debtors

and Special Counsel have fully complied with all other relevant terms of the Claims Objection

Procedures Order.

---

[1]      Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims
Objection Procedures Order.

ny-1104084

I declare under penalty of perjury that the foregoing is true and correct.

Executed in New York, New York on August 16, 2013

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

## Exhibit 3

**Nosek Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

In re:

RESIDENTIAL CAPITAL, LLC, et al.

                                   Debtors.

-------------------------------------------------------------------x

Chapter 11
Case No. 12-12020 (MG)

(Jointly Administered)

### DECLARATION OF ROBERT D. NOSEK IN SUPPORT OF THE DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

Robert D. Nosek, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am counsel to the firm SilvermanAcampora LLP ("SilvermanAcampora"), with offices located at 100 Jericho Quadrangle, Suite 300, Jericho, New York 11753. I am duly admitted to practice law before this Court and the courts of the State of New York. By this Court's Order entered November 30, 2012, SilvermanAcampora was retained as special counsel to the Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "Debtors") for borrower issues.

2.      I submit this declaration (the "Declaration") in support of the Debtors' Twenty-sixth Omnibus Objection to Claims (the "Objection") and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rules 1009, 3007 and 9019(b) of the Federal Rules of Bankruptcy Procedure approving: (i) Claim Objection Procedures; (ii) Borrower Claim Procedures; (iii) Settlement Procedures; and (iv) Schedule Amendment Procedures [Docket No. 3294] (the "Claims Objections Procedures Order").

3.      Unless otherwise stated in this Declaration, I have personal knowledge of the facts hereinafter set forth and, if called as a witness, I could and would testify competently

thereto.

4.      Pursuant to the Claims Objections Procedures Order, prior to filing the Objection, the Debtors provided SilvermanAcampora with a preliminary Borrower Claim List[1] which included each proof of claim that the Debtors intended to include in the Objection (the "Objection Claim List").

5.      I or my designee at my direction reviewed the Objection Claim List, conferred with the Debtors to ensure the accuracy of that list, with SilvermanAcampora agreeing with the Debtors on a final Objection Claim List.

6.      In arriving at the final Objection Claim List with the Debtors, I or my designee at my direction first reviewed that list and the corresponding proofs of claim to determine if such claims were actually filed with no supporting documentation, or documentation insufficient to determine the amount, priority, and/or validity of such claims.  Thereafter, I or my designee at my direction conferred with the Debtors and agreed that each claimant on the Objection Claim List should receive a Request Letter.

7.      I or my designee at my direction also conferred with the Debtors in drafting the Request Letter.  To the best of my knowledge, the Debtors sent a Request Letter to those borrowers that the Debtors and SilvermanAcampora agreed should receive a Request Letter, with the Debtors providing copies of such letters to SilvermanAcampora.

8.      For the borrowers whose claims are subject to the Objection, both the Debtors and SilvermanAcampora have reviewed the basis of each borrower claim and the additional documents provided by such borrower in response to the Request Letters, if any, and

---

[1]      Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the Claims Objections Procedures Order.

SilvermanAcampora does not object to the Debtors' determination and reasoning for filing the Objection.

9.        To the best of my knowledge, prior to the filing of the Objection, both the Debtors and SilvermanAcampora have fully complied with all other relevant terms of the Claims Objections Procedures Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Jericho, New York on August 16, 2013

 /s/ Robert D. Nosek   
Robert D. Nosek

**<u>Exhibit 4</u>**

**Request Letters**

                    M O R R I S O N | F O E R S T E R

June 21, 2013

**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**<u>The Information we Need From You Regarding Your Proof of Claim</u>:**
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed. In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

**<u>You Must Respond to this Letter by no Later Than July 22, 2013</u>:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**<u>Consequences of Failing to Respond</u>:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      (i)    **Claims.Management@gmacrescap.com; or**
      (ii)   **Residential Capital, LLC**
            **P.O. Box 385220**
            **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

                    MORRISON | FOERSTER

July 21, 2013

**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information regarding the claim amount.  In order to evaluate your claim, we need you to reply using the attached form and provide a specific explanation of how you calculated the amount of your claim and also provide sufficient documentation to support the amount you have claimed.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases).  You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim.   A form is included with this letter to assist you in responding to our request.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors:**

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either:**

   (i)      **Claims.Management@gmacrescap.com; or**
   (ii)     **Residential Capital, LLC**
            **P.O. Box 385220**
            **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

                    MORRISON | FOERSTER

Claim Number: XXXX

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, and other affiliated debtors and debtors in possession (collectively, the "Debtors"), pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claim(s) you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form filed on your behalf, and noticed that it did not have any supporting documents attached to it.  In order to evaluate your claim, we need to specifically understand why you believe you are owed money or are entitled to other relief from one or more of the Debtors.  Although you may have stated the factual or legal basis for your claim on the first page of the Proof of Claim form, you have not provided any documentation to support this claim.  Therefore, we need you to provide us with documents that support the basis for your asserted claim.  A copy of your Proof of Claim form is enclosed for your reference.

**You Must Respond to this Letter by no Later Than June 24, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 24, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases), and you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the supporting documentation by June 24, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim(s).

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim(s) on or before the date provided in this letter to either:**

      (i)      **Claims.Management@gmacrescap.com; or**
      (ii)      **Residential Capital, LLC**
            **P.O. Box 385220**
            **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually, and therefore, cannot provide you with legal advice.

                    MORRISON | FOERSTER

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  In the process of reviewing the Proof of Claim form and the document(s), if any, you submitted, we noticed that you left the "Basis for Claim" field on the Proof of Claim form blank, or indicated that the basis for your claim is "unknown".  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the basis for your claim and the supporting documentation by June 17, 2013, the Debtors may file a formal objection to your Proof of Claim on, among others, the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      **(i)**     **Claims.Management@gmacrescap.com, or**
      **(ii)**    **Residential Capital, LLC**
              **P.O. Box 385220**
              **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.



**MORRISON** | **FOERSTER**

Claim Number:

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. We are unable to determine from the Proof of Claim form and the document(s), if any, you submitted why you believe you are owed money or other relief from one of the Debtors. In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you must respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe that one of the Debtors owed you money as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim. Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond:**
If you do not provide the requested explanation and supporting documentation by no later than June 17, 2013, the Debtors may file a formal objection to your Proof of Claim, and your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Note**: The Debtors previously provided notices about their bankruptcy filings and the claim process to current customers and mortgage loan applicants.  You may have received one or more of those notices. Nothing in those notices and nothing in this letter changes your obligations under your mortgage loan agreement (i.e. if you were obligated to make, or were making, mortgage loan payments before the ResCap bankruptcy case commenced, you should continue to make mortgage loan payments). However, if the only reason you filed a Proof of Claim was because you received a notice from the Debtors <u>and</u> you do not believe that ResCap, GMAC Mortgage or any of the other Debtors owes you money or other relief, please reply to us via email or letter stating so.  This information is necessary to evaluate your claim.

**<u>Questions:</u>**

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**<u>You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;</u>**

     **(i)**     **<u>Claims.Management@gmacrescap.com</u>, or**
     **(ii)**    **Residential Capital, LLC**
             **P.O. Box 385220**
             **Bloomington, Minnesota 55438**

**<u>Please mark each piece of correspondence with the Claim Number referenced above.</u>**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**<u>Exhibit 5</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------- )
                                         )

In re:                            )       Case No. 12-12020 (MG)
                                           )

RESIDENTIAL CAPITAL, LLC, et al.,   )       Chapter 11
                                           )

                         Debtors.    )       Jointly Administered
-------------------------------------------------------------------------- )

### ORDER GRANTING DEBTORS' TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

Upon the twenty-sixth omnibus claims objection, dated July 3, 2013 (the "Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Insufficient Documentation Claims on the grounds that each Insufficient Documentation Claim lacks sufficient supporting documentation as to its validity and amount and has no basis in the Debtors' books and records, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum, and the Declaration of Robert D. Nosek, annexed to the Objection as <u>Exhibits 1-3</u>, respectively; the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that each Insufficient Documentation Claim listed on <u>Exhibit A</u> annexed hereto is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to expunge from the claims register the Insufficient Documentation Claims identified on the schedule annexed as <u>Exhibit A</u> hereto pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Rules are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order, and the Debtors' and any party in interest's rights to object on any basis are expressly reserved with respect to any such claim that is not listed on Exhibit A annexed hereto, and any claim that is listed on Exhibit A to the extent this Court grants any claimant leave to amend its Insufficient Documentation Claim under section 502(d) of the Bankruptcy Code; and it is further

ORDERED that this Order shall be a final order with respect to each of the Insufficient Documentation Claims identified on Exhibit A, annexed hereto, as if each such Insufficient Documentation Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2013
     New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A to Proposed Order

**Insufficient Documentation Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 1 | Alissa de Jongh fka Alissa Brackin<br>13141 FM 1960 West<br>Suite 300<br>Houston, TX 77065 | 4410 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 2 | Andy and Christine Wilkins<br>1984 Hadley Road<br>Lapeer, MI 48446 | 4249 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$886,074.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | Annamma and George Phillip<br>Annamma Philip<br>24140 County Road 332 Unit 13<br>Sweeny, TX 77480-8501 | 3833 | 11/09/2012 | $32,412.00<br>$0.00<br>$86,400.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 4 | Bernard Wasmer<br>c/o The Tracy Firm, Ltd.<br>800 W. Fifth Ave.<br>Suite 201A<br>Naperville, IL 60563 | 63 | 06/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$250,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 5 | Bert & Melissa Terranova<br>3410 Montrose Ave.<br>Richmond, VA 23222 | 1673 | 10/25/2012 | $0.00<br>$0.00<br>$250,000.00<br>$0.00<br>$50,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 6 | Bertha M. Luzquinos<br>24-43 Gillmore St<br>East Elmhurst, NY 11369 | 2548 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$7,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 7 | Beth A. Shuba<br>7900 Owasco Avenue<br>Cicero, NY 13039 | 3746 | 11/08/2012 | $0.00<br>$0.00<br>$46,544.58<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 8 | Billie Kay Patton<br>2209 Abbott Martin Rd. Apt 7 -10<br>Nashville, TN 37215 | 4629 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$3,476.93<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 9 | BONNIE D KUMIEGA AND ASSOCIATES<br>48 S RD, UNIT 4<br>PO BOX 507<br>SOMERS, CT 06071 | 4486 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 10 | BRYAN K TAYLOR<br>2703 LAKECREST FOREST DR<br>KATY, TX 77493-2574 | 3701 | 11/08/2012 | $0.00<br>$0.00<br>$186,972.41<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 11 | Bryce Berkowitz<br>10 Racetrack Road<br>East Brunswick, NJ 08816 | 1404 | 10/18/2012 | $142,000.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 12 | CARLA BUTTROM<br>33228 W 12 MILE RD #188<br>FARMINGTON HILLS, MI 48334 | 4622 | 11/13/2012 | $198,000.00<br>$0.00<br>$167,084.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 13 | Carolyn P. and Joseph M Powell<br>Carolyn P. Powell<br>6030 Old Coach Road<br>Charlotte, NC 28215 | 4087 | 11/09/2012 | $0.00<br>$0.00<br>$46,578.53<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 14 | CASSANDRA RAWLS AND DOWN UNDER STUMP GRINDING MAINTENANCE RPR SVC<br>1370 PLUM ST<br>BEAUMONT, TX 77703 | 1291 | 10/16/2012 | $0.00<br>$0.00<br>$35,000.00<br>$0.00<br>$39,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 15 | CHARLES L HELIN AND JENNIFER HELIN<br>4718 SIERRA DR<br>MAIDEN, NC 28650 | 3340 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$113,177.64 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 16 | Charles Martin Polanski<br>855 Victor Ave #102<br>Inglewood, CA 90302 | 4779 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$172,800.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 17 | CHOW, MICHELLE<br>4115 N CENTRAL EXPY<br>DALLAS, TX 75204-2126 | 1191 | 10/12/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$56,288.22 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Funding Company, LLC | 12-12019 |
| 18 | Colleen O. Bigsby<br>12702 US Hwy 301<br>Thonotosassa, FL 33592 | 6397 | 12/24/2012 | $0.00<br>$0.00<br>$5,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 19 | Dana L. Peterson<br>Karl J. Yeager<br>Meagher & Geer, PLLP<br>33 South Sixth Street, Suite 4400<br>Minneapolis, MN 55402 | 5715 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$24,569.64 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 20 | Dave R. Boyt and Kimberly K. Boyt<br>15709 Tradition Court<br>Bakersfield, CA 93314 | 1203 | 10/12/2012 | $0.00<br>$0.00<br>$250,000.00<br>$0.00<br>$200,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 21 | David Offen<br>RE GEORGE R. LEWIS AND J. CHRISTINE LEWIS<br>600 Beverly Blvd<br>Upper Darby, PA 19082 | 3971 | 11/09/2012 | $0.00<br>$0.00<br>$13,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 22 | Deborah Gottfried<br>PO Box 271<br>Moriches, NY 11955 | 3899 | 11/09/2012 | $0.00<br>$0.00<br>$5,067.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 23 | Deborah J Turner & Mid Missouri Roofing<br>PO Box 1018<br>1107 Highway WW<br>Sullivan, MO 63080 | 2051 | 10/31/2012 | $13,142.99<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 24 | Deborah Y. Herrera<br>26113 Columbia St<br>Hemet, CA 92544 | 4449 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$60,672.24 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 25 | Debra A. Carter<br>38742 Golfview<br>Clinton Township, MI 48038 | 461 | 09/04/2012 | $0.00<br>$0.00<br>$80,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 26 | DG AND DEBORAH MCMILLION 3612 JULIA CIR MOSS POINT, MS 39563 | 1898 | 10/29/2012 | $0.00 $0.00 $0.00 $0.00 $93,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 27 | Diane M. Walker 5405 3rd Court East Tuscaloosa, AL 35405 | 4556 | 11/13/2012 | $147,290.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 28 | Dianne B. Boyter 5909 Four Wood Drive Matthews, NC 28104 | 3482 | 11/07/2012 | $0.00 $0.00 $0.00 $0.00 $530,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 29 | Dianne L. Sagehorn 68 Kings Highway Shelton, CT 06484 | 2046 | 10/31/2012 | $0.00 $0.00 $29,421.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 30 | Donna Alexander and Coty Alexander PO Box 4553 Durango, CO 81301 | 4748 | 11/14/2012 | $260,000.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 31 | Dwayne Toney & Linda Toney<br>512 Orchards Walk<br>Stone Mountain, GA 30087 | 4409 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$4,122.39 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 32 | EARLEAN HIGHTOWER AND JOE ANN ALLEN AND ROSEMARY HAULING AND EXCAVATING<br>10166 GREEN VALLEY DR<br>SAINT LOUIS, MO 63136-4221 | 1472 | 10/22/2012 | $0.00<br>$0.00<br>$14,000.00<br>$18,000.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 33 | Eldorado Canyon Properties, LLC<br>c/o Attorney Israel M. Sanchez, Jr.<br>Sanchez & Associates<br>90 Homestead Circle<br>Milford, NH 03055-4250 | 4148 | 11/09/2012 | $0.00<br>$0.00<br>$30,450.08<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 34 | Elizabeth V. Griffith-Tate<br>3093 Central Avenue<br>San Diego, CA 92105 | 1526 | 10/22/2012 | $0.00<br>$0.00<br>$116,700.00<br>$0.00<br>$215,421.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 35 | Elizabeth Williams<br>2648 SW 7th Street<br>Fort Lauderdale, FL 33312 | 1536 | 10/22/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$1,900.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 36 | ENDO FAMILY TRUST<br>8832 CRESCENT DRIVE<br>HUNTINGTON BEACH, CA 92646 | 2147 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 37 | Eric P. Turner<br>49831 Courtyard Lane<br>Canton , MI 48188 | 2244 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 38 | Estate of Felecia Victoria Mitchell<br>a/k/a Phyllis Victoria Mitchell<br>c/o Karen A. Mitchell-Smith, Temporary Administratrix<br>41 Rosedale Trace<br>Hampton, GA 30228-2782 | 5724 | 11/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$62,313.77 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 39 | Esteban Losoya and Maria Minerva Losoya<br>1321 Brazos St.<br>Rosenberg, TX 77471 | 2109 | 11/02/2012 | $0.00<br>$0.00<br>$46,000.00<br>$0.00<br>$308.28 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 40 | Fannie Kendrick Dietrich<br>1902 Marjorie Lane<br>Kokomo, IN 46902 | 1385 | 10/18/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 41 | Florine Matthews<br>2173 Laurel Avenue<br>Hanover Park, IL 60133-3202 | 1306 | 10/16/2012 | $0.00<br>$0.00<br>$102,000.00<br>$0.00<br>$123,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 42 | Franklin Delano Mitchell and Melinda Ardell Mitchell<br>Nadine R. King-Mays, Esq.<br>The King-Mays Firm<br>1122 North Bishop Avenue<br>Suite E<br>Dallas, TX 75208 | 5453 | 11/16/2012 | $0.00<br>$0.00<br>$189,838.63<br>$0.00<br>$569,515.89 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 43 | FRED AND DEANNA WILLIAMS<br>173 WHEELER DRIVE<br>PISGAH, AL 35765 | 1690 | 10/26/2012 | $0.00<br>$0.00<br>$65,000.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 44 | George Mackey<br>9 Foster Street<br>Woburn, MA 01801 | 3905 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$300,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 45 | Gregory J. Knapp<br>17528 Sunstone Court<br>Reno, NV 89508 | 4379 | 11/09/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 46 | HELEN L GLAVEY<br>HELENE KRESS<br>2013 ROME DRIVE<br>LOS ANGELES, CA 90065 | 2070 | 10/31/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$10,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 47 | JAMES AND BARBARA PRATT<br>1 CHERRY DR CT<br>UNITED ROOFING MARLIN AIR HEAT & APPLIANCE REPAIR<br>OCALA, FL 34472 | 2481 | 11/06/2012 | $0.00<br>$0.00<br>BLANK<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 48 | James E Farmer & Lori R Farmer<br>1286 Macintosh Dr.<br>Falling Waters, WV 25419 | 4766 | 11/14/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$258,750.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 49 | Jeffrey and Jessica Mason<br>Jeff Mason<br>3110 W. Monroe Rd.<br>Spokane, WA 99208 | 2241 | 11/05/2012 | $0.00<br>$0.00<br>$139,234.00<br>$0.00<br>$27,101.84 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 50 | Jeffrey Lowe & Nancy Lowe<br>457 Kottinger Drive<br>Pleasanton, CA 94566 | 2165 | 11/05/2012 | $0.00<br>$0.00<br>$1,165,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 51 | Jhun Gorospe and Luciana Gorospe<br>1921 Campus Drive<br>Delano, CA 93215 | 2773 | 11/07/2012 | $0.00<br>$0.00<br>BLANK<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 52 | Joel M. Richardson<br>5700 Hemlock Rd<br>Galivants Ferry, SC 29544 | 4533 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 53 | John Arvanitis<br>7753 Juan Way<br>Fair Oaks, CA 95628 | 1300 | 10/16/2012 | $0.00<br>$0.00<br>$451,588.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 54 | John C. Milch<br>205 Central Street<br>South Weymouth, MA 02190 | 5430 | 11/16/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$2,600.00<br>$25,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 55 | John C. Rogers IV<br>7262 Stanford Ave.<br>La Mesa, CA 91942 | 3531 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$123,800.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 56 | JOHN KUPRIS ATT AT LAW<br>47 WINTER ST<br>BOSTON, MA 02108 | 621 | 09/21/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$9,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 57 | JOHN M MANFREDI<br>2866 OTSEGO ST<br>WATERFORD, MI 48328 | 1077 | 10/09/2012 | $0.00<br>$0.00<br>$100,000.00<br>$0.00<br>$13,934.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 58 | John Wolfe and Lori Wolfe<br>555 S. Center<br>Santaquin, UT 84655-8162 | 2423 | 11/05/2012 | $0.00<br>$0.00<br>$8,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 59 | Joseph Russell Irion<br>3525 Del Mar Heights Road #436<br>San Diego , CA 92130 | 3681 | 11/08/2012 | $0.00<br>$0.00<br>$404,000.00<br>$0.00<br>$1,483,600.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 60 | Joshua Gillispie and Brenna Gillispie<br>19590 Serenity Ln<br>Bristol, VA 24201 | 1513 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 61 | Juana Cerna 14455 San Ardo Drive La Mirada, CA 90638 | 3816 | 11/09/2012 | $0.00 $0.00 $25,606.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 62 | Julie Skromme 1241 Amesti Road Watsonville, CA 95076 | 4571 | 11/13/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 63 | June and Donald Kinsella 4132 Maider Road Clay , NY 13041 | 5335 | 11/16/2012 | $0.00 $0.00 $3,500.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 64 | Katherine Twigg 346 Watkins Field Rd Clayton, GA 30525 | 1316 | 10/16/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 65 | Keith A. Thompson 21197 Cimarron Way Santa Clarita, CA 91390 | 2144 | 11/05/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 66 | KEITH AND LAURETTA MILES 10521 CATALINA PL AND CERTIFIED REMODELING WHITE PLAINS, MD 20695 | 1184 | 10/12/2012 | $1,313.52 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 67 | Kevin C Gleason and Patricia E Gleason Kevin C Gleason Esq ATT at Law 4121 N 31st Ave Hollywood, FL 33021 | 1532 | 10/22/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 68 | Kristine Wilson c/o Judson A. Aaron, Esquire Conrad OBrien PC 1500 Market Street, Centre Square, West Tower, Suite 3900 Philadelphia, PA 19102 | 4876 | 11/15/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 69 | Krystal Upshaw 28843 Ranchwood Drive Southfield, MI 48076 | 1941 | 10/29/2012 | $0.00 $0.00 $140,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 70 | LaQuinthia Coleman 19411 Rum River Ct Katy , TX 77449 | 3666 | 11/08/2012 | $32,982.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 71 | LAW OFFICE OF ALICE VACEK ARANDA<br>1031 N 48TH ST APT 109<br>PHOENIX, AZ 85008 | 1985 | 10/30/2012 | $0.00<br>$0.00<br>$114,016.84<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 72 | LAW OFFICES OF DANIEL R BINA<br>1639 MAIN ST N STE 1<br>PINE CITY, MN 55063 | 5793 | 11/19/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$50,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 73 | Leslie Jamison<br>66 Howard Avenue<br>Ansonia, CT 06401-2210 | 2478 | 11/06/2012 | $0.00<br>$0.00<br>$40,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 74 | Linda A. Clark<br>Attn Marc E. Dann<br>Dann, Doberdruk & Harshman, LLC<br>4600 Prospect Ave<br>Cleveland, OH 44103 | 4262 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 75 | Linda and Dwayne Toney<br>512 Orchards Walk<br>Stone Mountain, GA 30087 | 4403 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$135,891.59 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 76 | Linda Rouleau and Renee Bakarian<br>1500 Bay Rd, #438<br>Miami Beach, FL 33139 | 2877 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 77 | Loretta A. Morello<br>16 Pennsylvania Ave.<br>Stratford, NJ 08084 | 1259 | 10/15/2012 | $0.00<br>$0.00<br>BLANK<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 78 | Lynda Withell<br>36120 Pourroy Rd<br>Winchester, CA 92596 | 5301 | 11/16/2012 | $0.00<br>$0.00<br>$240,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 79 | Lynda Withell<br>36120 Pourroy Rd<br>Winchester, CA 92596 | 5303 | 11/16/2012 | $0.00<br>$0.00<br>$73,980.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 80 | Mable Louise Reyonlds<br>c/o Pakis Giotes Page & Burleson<br>P.O. Box 58<br>Waco, TX 76703-0058 | 4083 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>BLANK | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 81 | Maria Calderon<br>20221 Gilmore St.<br>Winnetka, CA 91306 | 3580 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$13,532.33 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 82 | Maria Lubczanska<br>6720 NW 9th Street<br>Margate, FL 33063 | 3578 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 83 | Mariano X. Solorzano & Jeanny L. Solorzano<br>2817 West Orange Avenue<br>Anaheim, CA 92804 | 4382 | 11/09/2012 | $0.00<br>$0.00<br>$391,032.52<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 84 | Marie S. McKenzie and Warren McKenzie<br>The Law Office of Brett A. Mearkle, P.A.<br>8777 San Jose Boulevard, Suite 801<br>Jacksonville, FL 32217 | 3857 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 85 | Mark L Matchynski Jr<br>5402 Balboa Arms Dr<br>Unit 324<br>San Diego, CA 92117 | 3797 | 11/08/2012 | $0.00<br>$0.00<br>$162,771.74<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 86 | Martinica Fortaleza Caniadido<br>74-5096 Hooloa Street<br>Kailua-Kona, HI 96740 | 1470 | 10/22/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 87 | Mary E. Stevens and Mark E. Stevens<br>955 Clover Lane<br>Pueblo, CO 81006 | 1086 | 10/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 88 | Mary Lynn Weber<br>84 Chapman Heights Street<br>Las Vegas, NV 89138 | 3474 | 11/07/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$99,619.60 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 89 | MATTHEW J DAHL AND JANNA DAHL - HUSBAND & WIFE<br>MATTHEW J DAHL<br>2804 N 3RD STREET<br>FLAGSTAFF, AZ 86004 | 4143 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$57,169.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 90 | Maurice C Patton & Daneen D Patton<br>526 Safari Circle<br>Stone Mountain, GA 30083 | 1655 | 10/23/2012 | $70,000.00<br>$0.00<br>$70,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 91 | Melody Morar<br>179 Emerald Ridge<br>Santa Rosa Beach, FL 32459 | 3717 | 11/08/2012 | $0.00<br>$0.00<br>$162,678.21<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 92 | MELVIN COLLINS AND JONES<br>6724 BURBAGE LANDING CIR<br>AND JONES PAINTING AND CONTRACTING<br>SUFFOLK, VA 23435 | 2517 | 11/06/2012 | $4,901.98<br>UNLIQUIDATED<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 93 | MERLYN H WEBSTER AND<br>LINDA J WEBSTER<br>5200 SW JOSHUA ST<br>TUALATIN, OR 97062 | 1218 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$12,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 94 | Michael D Wittig<br>5617 S Shepherd Rd<br>Shepherd, MI 48883-9333 | 2561 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 95 | Michael Thomas Krikorian<br>2751 Crystal Springs Rd<br>Camino, CA 95709 | 2551 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$300,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 96 | Mike Stilp & Julie Flach-Stilp 320 Prospect Ave. Hartland, WI 53029 | 5521 | 11/16/2012 | $180,000.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 97 | Mike Varciag 11832 South Circle Drive Whittier, CA 90601 | 2565 | 11/07/2012 | $0.00 $0.00 $34,524.29 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 98 | Moises Gelista 78 Chester Ave, Unit 1 Chelsea , MA 02150 | 5489 | 11/16/2012 | $0.00 $0.00 $15,000.00 $2,600.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 99 | Mr. & Mrs. Xavier & Susie Gonzalez Jr. 11346 Mentmore Helotes, TX 78023 | 3762 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 100 | Nancy Lasselle 2033 N. 72nd Ct Elmwood Park, IL 60707 | 3805 | 11/08/2012 | UNLIQUIDATED $0.00 $0.00 UNLIQUIDATED $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 101 | Naomi & Irad Helligar<br>2361 N Smith St<br>Kissimmee, FL 34744 | 1314 | 10/16/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capi | 12-12020 |
| 102 | NELSON, DAVID<br>1172 LENORE AVE<br>LINDA NELSON AND OCEAN 2 SERVICES ETC<br>COLUMBUS, OH 43224 | 1417 | 10/19/2012 | $0.00<br>$0.00<br>$0.00<br>$50,000.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 103 | Patricia Francis Hoffman<br>6731 Stanley Ave.<br>Carmichael, CA 95608 | 2402 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$650,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 104 | Paul C Mathis & Ruthie J Mathis<br>17320 W 13 Mile Rd<br>Franklin, MI 48025 | 1935 | 10/29/2012 | UNLIQUIDATED<br>$0.00<br>$65,000.00<br>$2,600.00<br>$65,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 105 | Paul Charles Bird Sr.<br>3416 Hopkins Ave<br>Halethorpe, MD 21227 | 2878 | 11/07/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 106 | Phenon Walker Edgewater Trust 13880 Edgewater Drive Lakewood, OH 44107 | 5429 | 11/16/2012 | $0.00 $0.00 $0.00 $0.00 $143,931.01 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 107 | Ralph Mikels, Jr. 227 Humphrey Dr. Seymour, TN 37865 | 4623 | 11/13/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 108 | RANDAL QUINTANA  COCKETT PO BOX 5638 HILO, HI 96720 | 1079 | 10/09/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 109 | Rekyll Barrett 580 Peppergrass Run Royal Palm Beach, FL 33411 | 1726 | 10/26/2012 | $0.00 $0.00 $0.00 $5,000.00 $7,620.25 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 110 | Revamae S Lannaman 125 Evergreen Drive Lake Park , FL 33403-3525 | 2560 | 11/06/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 111 | Richard D Rode<br>238 Westcott<br>Houston, TX 77007 | 2758 | 11/06/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,262,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 112 | RICHARD ROWBACK AND PEGASUS GATE CONSTRUCTION SERVICES LLC<br>1814 FM 1462<br>ROSHARON, TX 77583 | 1295 | 10/16/2012 | $11,229.40<br>$0.00<br>$81,058.60<br>$0.00<br>Created for Objection | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 113 | Ricky Allen VanDyke<br>407 XY Ave Lot # 6<br>Vicksburg, MI 49097 | 458 | 08/31/2012 | $0.00<br>$0.00<br>$0.00<br>$1,167,000.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 114 | Ricky Allen VanDyke<br>407 XY Ave Lot #6<br>Vicksburg, MI 49097 | 481 | 08/31/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 115 | Ricky Allen VanDyke<br>407 XY Ave Lot #6<br>Vicksburg, MI 49097 | 4742 | 11/13/2012 | $0.00<br>$0.00<br>UNLIQUIDATED<br>UNLIQUIDATED<br>$272,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 116 | Robert A. Nolin<br>24 Barney Ave<br>Rehoboth, MA 02769 | 3707 | 11/08/2012 | $0.00<br>$0.00<br>$220,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 117 | Robert Alan Egan v Deutsche Bank National Trust Company as Indenture Trustee of IMPAC secured Assets Corporation et al<br>5425 S KING ST<br>LITTLETON, CO 80123 | 1887 | 10/26/2012 | $205,000.00<br>$0.00<br>$0.00<br>$0.00<br>$811,114.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 118 | Robert and Beth A. Stigliano<br>516 Grove St.<br>Hermitage, PA 16148 | 3540 | 11/07/2012 | UNLIQUIDATED<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 119 | Rosemary Petit-Papa<br>Trent Kenneth<br>831 East Oakland Park Blvd<br>Fort Lauderdale, FL 33334 | 3944 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$39,190.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 120 | ROY FAZALARE<br>711 CALLE AMAPOLA<br>THOUSAND OAKS, CA 91360 | 3882 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$252,378.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 121 | Rufus W. Wimberly 9712 Golf Course Rd Albuquerque, NM 87114 | 1193 | 10/12/2012 | $0.00 $0.00 $36,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 122 | Russ Durr aka Russell W. Durr and Laura Durr aka Laura A. Durr 4214 W 21st st Cleveland, OH 44109-3436 | 4426 | 11/09/2012 | $0.00 $0.00 $0.00 $0.00 $108,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 123 | SHARON M. ORVIS DANA E. ORVIS 5417 N ELGIN ST SPOKANE, WA 99205 | 4659 | 11/13/2012 | $0.00 $0.00 $0.00 $0.00 BLANK | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 124 | Sherry H. Maxey 11207 Hixson Ct. Richmond, VA 23236 | 1004 | 10/05/2012 | $0.00 $0.00 $0.00 $0.00 $160,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 125 | Sherryl M Barze 9912 S. Wentworth Avenue Chicago, IL 60628 | 2554 | 11/06/2012 | $0.00 $0.00 $119,039.43 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 126 | Stanley A. West III & Melissa C. West 1482 Battle Street Webster, NH 03303 | 2462 | 11/06/2012 | $3,410.64 $0.00 $154,365.39 $3,410.64 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 127 | Stanley J. Lewandowski Thompson Law Group, LLC PO Box 53484 Atlanta, GA 30355-1484 | 5683 | 11/16/2012 | $0.00 $0.00 $144,397.25 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 128 | STEPHEN THOMPSON 11154 E VERBENA LANE SCOTTSDALE, AZ 85255 | 3767 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 $975,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 129 | Steven Becker W 8928 430th Ave Ellsworth, WI 54011 | 2596 | 11/06/2012 | $8,002.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 130 | Terry Busicnki 3419 W. 58th St Cleveland, OH 44102 | 3864 | 11/08/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 131 | Terry Mendez Bhakta<br>15611 N Peak Lane<br>Fontana, CA 92336 | 216 | 06/28/2012 | $0.00<br>$0.00<br>$0.00<br>$1,332,000.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 132 | The Bank of America Dolores Lennon & Robert E Lennon<br>125 James Ave<br>Solvay, NY 13209 | 4593 | 11/13/2012 | $0.00<br>$0.00<br>$0.00<br>$10,000.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 133 | Thomas Hennessy Betty Hennessy John Haslbauer Barbara Haslbauer Nicholas Garofalo Rosemary Garofalo Dwayne Wood et al<br>Zamansky and Associates LLC<br>50 Broadway 32nd Fl<br>New York, NY 10004 | 4122 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,256,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 |
| 134 | Thomas Johnston and Amy Johnston<br>Attn Marc E Dann<br>Dann, Doberdruk & Harshman, LLC<br>4600 Prospect Ave<br>Cleveland, OH 44103 | 4367 | 11/09/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 135 | Tim & Jodie Whittington<br>Jodie Lynn Whittington<br>2327 SW Cornell Ave.<br>Lawton, OK 73505-7113 | 2007 | 10/30/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$5,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 136 | TIMOTHY L BRENNAN ATT AT LAW 9011 N MERIDIAN ST STE 250 INDIANAPOLIS, IN 46260 | 4655 | 11/13/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 137 | TOMMY E FOREE 402 ELMWOOD ST GAINESVILLE, TX 76240-4432 | 3901 | 11/09/2012 | $2,338.55 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 138 | Toni A. Wilson 7075 Harrion Ferry Rd McMinnville, TN 37110 | 1977 | 10/29/2012 | $0.00 $0.00 $0.00 $0.00 UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 139 | Troy R. Williams 79 Irving Place Brooklyn, NY 11238 | 1534 | 10/29/2012 | $33,000.00 $0.00 $33,000.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 140 | Tyrone Williams 829 Elm Street Birmingham, AL 35206 | 4892 | 11/15/2012 | $0.00 $0.00 UNLIQUIDATED $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 141 | Uzick & Oncken, P.C.<br>Richard D. Rode V. Homecomings Financial, L.L.C., and GMAC Mortgage, L.L.C.<br>238 Westcott<br>Houston , TX 77007 | 1903 | 10/29/2012 | $0.00<br>$0.00<br>$277,000.00<br>$62,000.00<br>$923,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 |
| 142 | Vacneur Alternor<br>7708 Riffle Lane<br>Orlando, FL 32818 | 3739 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$242,437.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 143 | Vicki & Gustavo Zamora<br>12015 Running Fox Circle<br>Riverview, FL 33569 | 1509 | 10/22/2012 | $0.00<br>$1,876.87<br>$0.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 144 | Victoria L Helvey<br>33728 N 26th Ave<br>Phoenix, AZ 85085 | 2192 | 11/05/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$5,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 145 | Vivian Bethea<br>1142 N.W. 2 Ave. #219<br>Miami, FL 33136 | 2145 | 11/05/2012 | $0.00<br>$0.00<br>$2,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| 146 | Wayne Flemington<br>36120 Pourroy Rd<br>Winchester, CA 92596 | 5302 | 11/16/2012 | $0.00<br>$0.00<br>$35,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC-RFC Holding Company, LLC | 12-12029 |
| 147 | William R. Fix<br>P.O. Box 297<br>Jackson, WY 83001 | 3722 | 11/08/2012 | $0.00<br>$0.00<br>$1,860,000.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 148 | WILLIAM R. RILEY<br>111 Sweetgum Dr.<br>Batesville, MS 38606 | 4697 | 11/13/2012 | $10,000.00<br>$0.00<br>UNLIQUIDATED<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 149 | Willie L Boykin<br>250 Sterling Ridge Dr<br>Atoka, TN 38004 | 1401 | 10/18/2012 | $0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |
| 150 | ZUZOLO LAW FIRM LLC<br>on Behalf of Gary & Yvette Thornton<br>700 YOUNGSTOWN WARREN ROAD<br>NILES, OH 44446 | 3736 | 11/08/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 |