KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Official Committee*
*of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Residential Capital, LLC, et al., | : | Case No. 12-12020 (MG) |
| | : | |
| Debtors. | : | Jointly Administered |
| | : | |
| | | Related Docket No. 4152 |

---------------------------------------------------------- x

**NOTICE OF FILING EXHIBIT D TO**
**THE DISCLOSURE STATEMENT APPROVAL ORDER**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On July 3, 2013 the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtors and debtors-in-possession (the "**Debtors**," and together with the Committee, the "**Plan Proponents**") and the Debtors filed the Plan Proponents' *Motion for an Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V) Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 4152] ("the "**Disclosure Statement Approval Motion**"). Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Disclosure Statement Approval Motion.

2. The Disclosure Statement Approval Motion seeks entry of an order (the "**Disclosure Statement Approval Order**") that approves, *inter alia*, contents of the Solicitation Packages to be distributed to creditors entitled to vote on the Plan, including letters explaining Committee's recommendation that all unsecured creditors vote in favor of the Plan (collectively, the "**Recommendation Letters**"). The Recommendation Letters are to be attached to the Disclosure Statement Approval Order as Exhibit D.

3. Attached hereto as <u>Annex 1</u> is the Committee's Recommendation Letter to holders of General Unsecured Claims (the "**GUC Letter**").

4. Attached hereto as <u>Annex 2</u> is the Committee's Recommendation Letter to holders of Borrower Claims (the "**Borrower Letter**").

5. The Committee reserves all rights to modify or withdraw the GUC Letter and the Borrower Letter. Additional copies of this Notice, the GUC Letter, and the Borrower Letter are available at the Committee's website at www.rescapcommittee.com.

Dated: August 16, 2013
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

 /s/ Stephen D. Zide
Kenneth H. Eckstein
Douglas H. Mannal
Stephen D. Zide
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*Counsel for the Official Committee
of Unsecured Creditors*

# **Annex 1**

**GUC Letter**

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
RESIDENTIAL CAPITAL, LLC, <u>ET</u> <u>AL.</u>**

TO:    Unsecured Creditors of Residential Capital, LLC and its subsidiaries (the "***Debtors***")

FROM:    The Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "***Creditors' Committee***")

---

You are receiving this letter because you are an unsecured creditor of the Debtors and are entitled to vote on the Joint Chapter 11 Plan proposed by the Debtors and the Creditors' Committee (the "***Plan***"). As further described in the Disclosure Statement accompanying the Plan (the "***Disclosure Statement***"), the Creditors' Committee believes the Plan provides the best possible recovery for unsecured creditors. Accordingly, the Creditors' Committee, which represents the interests of all unsecured creditors in the Debtors' chapter 11 bankruptcy cases, recommends that you vote ***FOR*** the Plan by checking the box on your official Ballot that says:

☐ **ACCEPT the Plan**

and returning your Ballot in accordance with the voting instructions described in the Ballot. **All ballots must be received by [_____] to be counted**.[1] You should carefully read all materials that accompany this letter, including the instructions for completing and mailing your ballot. A short summary of the Plan and certain key deadlines is set forth below.

I.    **The Plan Is Based on a Global Settlement which Maximizes Unsecured Creditor Recovery**

The Plan incorporates a global compromise of numerous disputed issues among the Debtors, the Creditors' Committee, Ally Financial, Inc. ("***AFI***"), and the Debtors' major creditor constituencies. The lynchpin of the global settlement is the agreement of AFI to contribute **$2.1 billion** (the "***AFI Contribution***") to fund distributions to creditors in exchange for a release of estate and third-party claims against AFI. AFI's agreement to fund the AFI Contribution is conditioned upon confirmation of the Plan. ***Without the AFI Contribution, creditors will likely receive a fraction of the distributions projected below.***

The global settlement incorporated into the Plan was achieved after months of extensive, good faith negotiations conducted pursuant to a court-ordered mediation led by the Honorable James M. Peck of the United States Bankruptcy Court for the Southern District of New York. The Creditors' Committee played an integral role in the outcome of these chapter 11 bankruptcy cases, and participated in all significant case matters to obtain the best possible recovery for unsecured creditors. Among other things, the Creditors' Committee conducted an extensive investigation of the estates' claims against the Debtors' parent, AFI. The Creditors' Committee has concluded that these claims, as well as certain additional claims against AFI identified by the

---

[1] Please note that bondholders may have an earlier deadline by which to return their ballot to their broker/nominee.

court-appointed Examiner, could produce material recoveries for the estates. As in any litigation, however, the claims will be costly to prosecute, subject to various defenses, and success cannot be assured.[2] As such, the Creditors' Committee believes the Plan provides the greatest recovery to all unsecured creditors in the fastest possible time. The Plan also provides for extensive releases of the Debtors and AFI, including the release of claims you may have against AFI that relate to the Debtors. Please refer to section [__] of the Plan and section [__] of the Disclosure Statement for more information regarding the releases.

Absent unsecured creditors' support and votes in favor of the Plan, there may not be any meaningful opportunity for a recovery. ***Accordingly, the Creditors' Committee believes it is in the best interests of all unsecured creditors to vote in favor of the Plan.***

## II.    Distributions Under the Plan

On the effective date of the Plan, all of the Debtors' assets, including the AFI Contribution, will be transferred to a trust responsible for liquidating any non-cash assets and making distributions to creditors. This trust is called the "***Liquidating Trust***." Certain allowed claims, such as administrative expense claims, priority claims, and secured claims will be paid in cash from the Liquidating Trust. The Liquidating Trust will issue units ("***Trust Units***") that entitle the holder to a share of the distributions from the Liquidating Trust. Shortly after the effective date of the Plan, the Liquidating Trust will make an initial distribution of cash to the holders of Trust Units, and additional distributions from time to time thereafter as its non-cash assets are monetized.

The Trust Units will be distributed to the holders of allowed unsecured claims (and to a reserve for disputed claims) against the Debtors in the following manner. The Plan consolidates the Debtors into the following three groups for purposes of making distributions to creditors: (i) the ResCap Debtors, (ii) the GMACM Debtors, and (iii) the RFC Debtors. The Debtors estimate that total assets available for distribution to unsecured creditors will total approximately $[ ] billion. Please consult page [] of the Disclosure Statement for a listing of each of the Debtors and their corresponding Debtor group.

Based on the Debtors' estimate of the ultimate value of each Debtor group, the Disclosure Statement projects that:

- Unsecured creditors of the ResCap Debtors will recover [__]% of their claims in Trust Units based on estimated allowed unsecured claims at the ResCap Debtors of approximately $[__].

- Unsecured creditors of the GMACM Debtors will recover [__]% of their claims in Trust Units based on estimated allowed unsecured claims at the GMACM Debtors of approximately $[__].

- Unsecured creditors of the RFC Debtors will recover [__]% of their claims in Trust Units based on estimated allowed unsecured claims at the RFC Debtors of approximately $[__]

---

[2] A complete description of the potential claims against AFI may be found in Article [_] of the Disclosure Statement.

2

In addition to making distributions of Trust Units directly to certain unsecured creditors, the Liquidating Trust will also distribute a certain number of Trust Units, estimated to be worth $235 million, to a trust, called the "***Private Securities Claims Trust***." The Private Securities Claims Trust will make distributions to certain holders of securities litigation claims against the Debtors.

The Liquidating Trust will also make distributions of cash (i) of $100 million to members of a class action entitled *New Jersey Carpenters Health Fund, et al. v. Residential Capital, LLC, et al.*, Civ. No. 08-8781 (HB), pending in the United States District Court for the Southern District of New York, and (ii) to a trust, called the "***Borrower Claims Trust***," that is specifically responsible for providing distributions to holders of allowed borrower claims, in an amount estimated to be $57.6 million.[3] ***If you are a borrower and have received this letter, please refer to the Creditors' Committee's website at www.rescapcommittee.com for a letter specifically addressed to borrowers, or contact the Creditors' Committee's special borrower counsel at 866-259-5217.***

Please read the Disclosure Statement for a more detailed summary of the mechanics for distributions to unsecured creditors from the Liquidating Trust, the establishment of the Private Securities Claims Trust and the Borrower Claims Trust, the facts and assumptions behind these predictions and projections, and for information relating to the Debtors' chapter 11 bankruptcy cases. Each estimate and projection in this letter is taken from the Disclosure Statement and qualified by all of the information in the Disclosure Statement.

### III.    Important Deadlines

The Disclosure Statement also contains a number of important ***record dates*** and ***deadlines***, including (but not limited to) the following:

- *[_____]* is the ***record date for voting***. You can only vote claims you held on [__].

- *[_____]* is the ***deadline*** for the Debtors' balloting agent to receive ballots from all creditors.[4]

- *[_____]* is the date for the ***hearing on the confirmation*** of the Plan.[5]

Please review the Disclosure Statement for other dates and deadlines that may be important to you.

---

[3] In the event that the estimated $57.6 million distribution to the Borrower Claims Trust is insufficient to provide borrowers with the same recovery percentage as other unsecured creditors at the same Debtor group, the Liquidating Trust will disclose no later than ten days prior to the voting deadline any additional distribution of cash to be made to the Borrower Claims Trust.

[4] Bondholders may have an earlier deadline by which to return their ballot to their broker/nominee. Please consult any materials sent by your broker/nominee.

[5] The date of the confirmation hearing may be adjourned by the Debtors and the Creditors' Committee.

3

**IV.    Conclusion**

The Creditors' Committee urges each holder of a claim receiving this letter to vote to accept the Plan and return your ballot indicating your acceptance in accordance with the voting instructions described in the Disclosure Statement and ballot. However, you must make your own decision whether to accept or reject the Plan and consult with your own legal and/or financial advisor(s). The Creditors' Committee's recommendation that unsecured creditors vote for the Plan should not serve as a substitute for each unsecured creditor's own careful reading and consideration of the Disclosure Statement, the Plan and related documents disseminated therewith, and consultation with counsel or other professional advisors.

If you have questions, please contact us at the Creditors' Committee's website, ***www.rescapcommittee.com*** or the Creditors' Committee hotline at (212) 715-3280.

> Very truly yours,
>
> The Official Committee of
> Unsecured Creditors of
> Residential Capital, LLC, et al.

---

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Creditors' Committee and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital, LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

Pg 8 of 12

# **Annex 2**

**Borrower Letter**

12-12020-mg    Doc 4737    Filed 08/16/13    Entered 08/16/13 17:45:28    Main Document
Pg 8 of 12

# THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF RESIDENTIAL CAPITAL, LLC, ET AL.

TO: All holders of Borrower Claims against Residential Capital, LLC and its subsidiaries (the "***Debtors***")

FROM: The Official Committee of Unsecured Creditors of Residential Capital, LLC, et al. (the "***Creditors' Committee***")

---

You are receiving this letter because you have filed a claim against the Debtors relating to a loan that was originated, sold, consolidated, purchased, and/or serviced by the Debtors, and therefore are entitled to vote on the Joint Chapter 11 Plan proposed by the Debtors and the Creditors' Committee (the "***Plan***").

The Creditors' Committee represents the interests of all unsecured creditors of the Debtors, including current and former borrowers of the Debtors that asserted claims. The United States Trustee appointed various creditors to sit on the Creditors' Committee, including a former borrower. The Creditors' Committee retained SilvermanAcampora LLP as its special counsel for borrower-related matters.

Based on the facts and circumstances summarized below and more fully described in the Disclosure Statement, *the Creditors' Committee believes the Plan provides the best possible recovery for all unsecured creditors, including borrowers*. Accordingly, the Creditors' Committee, which represents the interests of all unsecured creditors in the Debtors' chapter 11 bankruptcy cases, recommends that you vote ***FOR*** the Plan by checking the box on your official Ballot (enclosed with this letter) that says:

☐ **ACCEPT the Plan**

and returning your Ballot in accordance with the voting instructions described in the Ballot. **All ballots must be signed and received by [_____] to be counted.**

You should carefully read all of the materials accompanying this letter, including the Disclosure Statement and the Plan, and the instructions for completing and mailing your ballot. The Disclosure Statement contains critical information regarding the Plan and the Debtors' bankruptcy cases that should inform your decision whether to vote in favor of the Plan. Information specific to borrowers can be found in [section] of the Disclosure Statement and [section] of the Plan. A short summary of the Plan and certain key deadlines is set forth below.

I.  **The Plan Is Based on a Global Settlement That Maximizes Unsecured Creditor Recovery**

The Plan incorporates a global compromise of numerous disputed issues among the Debtors, the Creditors' Committee, Ally Financial, Inc. ("**AFI**"), and the Debtors' major creditor constituencies.  The lynchpin of the global settlement is the agreement of AFI, the Debtors' parent company, to contribute **$2.1 billion** (the "**AFI Contribution**") to fund distributions to creditors in exchange for a release estate and third-party claims against AFI.  AFI's agreement to fund the AFI Contribution is conditioned upon confirmation of the Plan.  *Without the AFI Contribution, creditors, including borrowers will likely receive a fraction of the distributions projected below.*

The global settlement incorporated into the Plan was achieved after months of extensive, good faith negotiations conducted pursuant to a court-ordered mediation led by the Honorable James M. Peck  of the United States Bankruptcy Court for the Southern District of New York.  The Creditors' Committee played an integral role in the outcome of these chapter 11 bankruptcy cases, and participated in all significant case matters to obtain the best possible recovery for unsecured creditors.  Among other things, the Creditors' Committee conducted an extensive investigation of the estates' claims against the Debtors' parent, AFI.  The Creditors' Committee has concluded that these claims, as well as certain additional claims against AFI identified by the court-appointed Examiner, could produce material recoveries for the estates.  As in any litigation, however, the claims will be costly to prosecute, subject to various defenses, and success cannot be assured.[1]  As such, the Creditors' Committee believes the Plan provides the greatest recovery to all unsecured creditors in the fastest possible time. The Plan also provides for extensive releases of the Debtors and AFI, including the release of claims you may have against AFI that relate to the Debtors.  Please refer to section [__] of the Plan and section [__] of the Disclosure Statement for more information regarding the releases.

Absent unsecured creditors' support and votes in favor of the Plan, there may not be any meaningful opportunity for a recovery.  *Accordingly, the Creditors' Committee believes it is in the best interests of all unsecured creditors, including borrowers, to vote in favor of the Plan.*

II.  **Distributions to Borrowers Under the Plan**

On the effective date of the Plan, all of the Debtors' assets, including the Ally Contribution, will be transferred to a trust responsible for liquidating any non-cash assets and making distributions to creditors.  This trust is called the "**Liquidating Trust**."  Certain allowed claims, such as administrative expense claims, priority claims, and secured claims will be paid in cash from the Liquidating Trust.  The Liquidating Trust will transfer cash in the amount of at least $57.6 million to a trust called the "**Borrower Claims Trust**," that is specifically responsible for providing distributions to borrower claims.  The Borrower Claims Trust will provide distributions of cash to borrowers with allowed claims pursuant to the Plan.

---

[1] A complete description of the potential claims against AFI may be found in Article [__] of the Disclosure Statement.

The Plan consolidates the Debtors into the following three groups for purposes of making distributions to creditors (including borrowers): (i) the ResCap Debtors, (ii) the GMACM Debtors, and (iii) the RFC Debtors. Please consult page [] of the Disclosure Statement for a listing of each of the Debtors and their corresponding Debtor group.

Borrowers with allowed claims will receive the same recovery percentage as other unsecured creditors against each Debtor group. Based on the Debtors' estimate of the claims and assets of each Debtor group, the Disclosure Statement projects that:

- Borrowers and other unsecured creditors of the ResCap Debtors will recover [__]% of their claims.

- Borrowers and other unsecured creditors of the GMACM Debtors will recover [__]% of their claims.

- Borrowers and other unsecured creditors of the RFC Debtors will recover [__]% of their claims.

The following chart illustrates the projected recovery of unsecured creditors at each Debtor group based on a hypothetical claim of $1,000:

| Claim Amount | Debtor Group | Recovery Percentage | Recovery |
|---|---|---|---|
| $1,000 | ResCap Debtors | [__]% | $[__] |
| $1,000 | GMACM Debtors | [__]% | $[__] |
| $1,000 | RFC Debtors | [__]% | $[__] |

It is important to note that only "allowed claims" (*i.e.*, claims that are determined to be valid) will receive any recovery. The trustee of the Borrower Claims Trust is responsible for reviewing all borrower claims and, if necessary, contesting their validity. In addition, pursuant to an agreement between the Debtors and the Board of Governors of the Federal Reserve System (the "***FRB***") to modify the Debtors' obligations under a consent order with the FRB relating to the Debtors' foreclosure practices, the Debtors have agreed to fund approximately $230 million that will be paid directly certain borrowers. To the extent the holder of a borrower claim receives such a payment, its allowed claim will be reduced by a corresponding amount.

In the event that the estimated $57.6 million distribution from the Liquidating Trust to the Borrower Claims Trust is insufficient to provide borrowers with the same recovery percentage as other unsecured creditors at the same Debtor group, the Liquidating Trust will disclose no later than ten days prior to the voting deadline any additional distribution of cash to be made to the Borrower Claims Trust.

Please read the Disclosure Statement for a more detailed summary of the mechanics for distributions to unsecured creditors from the Liquidating Trust, the establishment of the Borrower Claims Trust, the facts and assumptions behind these estimates and projections, and for information relating to the Debtors' chapter 11 bankruptcy cases. Each estimate and projection in this letter is taken from the Disclosure Statement and qualified by all of the information in the Disclosure Statement.

### III.  Important Deadlines

The Disclosure Statement also contains a number of important ***record dates*** and ***deadlines***, including (but not limited to) the following:

- *[_____]* is the ***record date for voting***.  You can only vote claims you held on [August 16, 2013].

- *[_____]* is the ***deadline*** for the Debtors' balloting agent to receive ballots from all creditors.

- *[_____]* is the date for the ***hearing on the confirmation*** of the Plan.[2]

Please review the Disclosure Statement for other dates and deadlines that may be important to you.

### IV.  Conclusion

**The Creditors' Committee urges each holder of a claim receiving this letter to accept the Plan and return your Ballot indicating your acceptance in accordance with the voting instructions described in the Disclosure Statement and Ballot.  However, you must make your own decision whether to accept or reject the Plan and consult with your own legal and/or financial advisor(s).  The Creditors' Committee's recommendation that unsecured creditors vote for the Plan should not serve as a substitute for each unsecured creditor's own careful reading and consideration of the Disclosure Statement, the Plan and related documents disseminated therewith, and consultation with counsel or other professional advisors.**

If you have questions, please contact us at the Creditors' Committee's website, ***www.rescapcommittee.com*** or contact SilvermanAcampora LLP, the Creditors' Committee's special counsel for borrower-related matters, at 866-259-5217.

    Very truly yours,

    The Official Committee of
    Unsecured Creditors of
    Residential Capital, LLC, et al.

---

[2] The date of the confirmation hearing may be adjourned by the Debtors and the Creditors' Committee.